JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 8 2001

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FILED

FEB 2 2 2001

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | | |
|---|---|---|
| Betty J. Gainey, Individually and as Personal Representative of the Estate of Andrew B. Gainey, Deceased, | ) ) ) ) | C/A No.: 2:01-0101-24 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Owens-Corning Fiberglas Corp., et al., | ) ) | |
| Defendants. | ) ) | |
| Esther S. Walker, Individually and as Personal Representative of the Estate of Francis C. Walker, Deceased, | ) ) ) ) | C/A No.: 2:01-0102-24 |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Owens-Corning Fiberglas Corp., et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

This action is brought by Plaintiffs seeking compensation for injuries allegedly resulting from exposure to products containing asbestos. On December 13, 2000, Plaintiffs filed summonses and complaints in the Circuit Court for the County of Charleston, South Carolina as follows:

Betty J. Gainey, Individually and as
Personal Representative of the Estate
of Andrew B. Gainey, Deceased

Case No. 00-CP-10-5581

Esther S. Walker, Individually and as
Personal Representative of the Estate
of Francis C. Walker, Deceased

Case No. 00-CP-10-5580

MDL- 875
RECOMMENDED ACTION
Vacate CTO-191 - 2 actions
Approved/Date: ___ 3/8

AO 72A
(Rev.8/82)

IMAGED MAR 9 '01

On January 11, 2001, counsel for Defendant ACandS, Inc. and Viacom, Inc., successor by merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, "acting for themselves and the other proper defendants," filed Notices of Removal to this court on the basis of diversity jurisdiction with respect to the Gainey and Walker actions. The Notices of Removal also indicated that "[a]ll other proper defendants consent to the removal of the case."

On February 6, 2001, Plaintiffs filed a joint motion to remand these cases to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant has filed a response to the motion.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that this court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective in each of these cases.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

(a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the



2

grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent notice of consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979); McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs contend that Defendant A.P. Green Industries, Inc. failed to timely consent to removal in the captioned cases. The court's review of Plaintiffs' exhibits and the files reveals that service of the summonses and complaints in the Gainey and Walker matters was made on Defendant A.P. Green Industries, Inc. via certified mail, restricted delivery on December 18, 2000. However, the affidavit



3

attesting that this Defendant consented to and joined in the removal was not filed until January 24, 2001, outside the time period.

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. After the thirty day period has elapsed, amendments are improper other than to cure purely technical defects or to allege specific removal grounds imperfectly stated in the original petition, and are not proper to allege new substantive allegations. Id.; cf. Nutter v. Rents, Inc., 945 F.2d 398 (4th Cir. 1991) (unpublished disposition). When defendants do not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700. Plaintiffs' joint motion to remand the above cases is **granted**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

February 22, 2001

C:\WPDOCS\Asbestos\Remands\01-0101.rem.wpd

4