MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2001

FILED
CLERK'S OFFICE

PLEADING NO. 3089

### BEFORE THE JUDICIAL PANEL ON
### MULTIDISTRICT LITIGATION

| | |
|---|---|
| MOORE C. LINKENHOKER, et al., | * |
| Plaintiffs | * MDL Docket No. 875 |
| | * |
| | * In Re: Asbestos Products |
| | *         Liability Litigation (No. VI) |
| v. | *         CTO 188 |
| | * |
| ACandS, Inc., et al. | * D. Maryland, Northern Division |
| | * C. A. No. AMD-00-3717 |
| Defendants | * Judge Andre M. Davis |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### OPPOSITION OF HOPEMAN BROTHERS, INC.
### TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant, Hopeman Brothers, Inc. ("Hopeman"), by its undersigned counsel, pursuant to Panel Rule 7.2(c), opposes Plaintiffs' Motion to Vacate Conditional Transfer Order in the above-captioned action.

### INTRODUCTION

Plaintiffs, Moore C. Linkenhoker and Virginia Linkenhoker, his wife, allege that Mr. Linkenhoker suffers from mesothelioma as a result of exposure to asbestos while employed by the Coast Guard in the construction and repair of ships at the United States Coast Guard Yard in Baltimore, Maryland. He alleges further that his illness was also caused by exposure to asbestos



OFFICIAL FILE COPY    IMAGED MAR 16 '01

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
'01 MAR 14 P 2:01
RECEIVED
CLERK'S OFFICE

while serving on U.S. Navy vessels. Hopeman is a joinery contractor in the business of building out the interior of ships' residential quarters, and is often alleged to have used asbestos-containing materials in the course of that work. Discovery to clarify the extent of Mr. Linkenhoker's exposure to various defendants' products or work has not been concluded.

Plaintiffs initially filed this action in the Circuit Court for Baltimore City, Maryland. Hopeman, pursuant to 28 U.S.C. § 1441, filed a Notice of Removal of the case to the United States District Court for the District of Maryland, Northern Division, because the cause of action arose at the Coast Guard Yard, which is an exclusive federal enclave as defined by Art. I, § 8, cl. 17 of the United States Constitution. On such an enclave, state common law becomes law of the United States. Stokes v. Adair, 265 F.2d 662, 665 (4th Cir. 1959); Mater v. Holley, 200 F.2d 123, 125 (5th Cir. 1952); Charles A. Wright, et al., Federal Practice and Procedure: Jurisdiction 2d, § 3721 at 186-187, § 3729 at 495. Accordingly, under 28 U.S.C. § 1331 and § 1441, Hopeman had the right to remove this action. Plaintiffs, nevertheless, filed a motion to remand the action to the Circuit Court for Baltimore City claiming, in part, that because a portion of Mr. Linkenhoker's asbestos exposure occurred outside of the Coast Guard enclave, i.e., on Navy vessels, Hopeman had no right to remove the action to federal court. Hopeman has opposed that motion, and the United States District Court for Maryland has not yet ruled on it.

In the meantime, on January 18, 2001, the Judicial Panel on Multidistrict Litigation ("the Panel") issued a Conditional Transfer Order (CTO-188), conditionally transferring the action to the Eastern District of Pennsylvania. Thereafter, on February 26, 2001, Plaintiffs filed a Motion to Vacate Conditional Transfer Order and a brief in support thereof. Hopeman hereby opposes that motion.

## ARGUMENT

### 1. Transfer of This Case Provides Commonality and Convenience.

Plaintiffs wrongly contend that this case poses no issues that have commonality with other asbestos personal injury cases pending in the Eastern District of Pennsylvania. Plaintiffs contend further that the transfer of this case will not serve the convenience of the parties because the Circuit Court for Baltimore City, where the case began, offers experienced and expeditious treatment for Plaintiffs' claims. Plaintiffs disregard the fact that, if the case is not transferred, it will remain in the U.S. District Court for the District of Maryland in accordance with Hopeman's right to a federal trial rather than returning to the state court, unless Plaintiffs' motion to remand is granted. Plaintiffs disregard further that the multidistrict forum offers the broadly practical benefit of resolving common issues of wide impact posed not only by their claims against Hopeman but also by Plaintiffs' Motion to Remand, which raises the threshold issue of whether, where an injury is caused in part by exposure to asbestos on a federal enclave and in part by exposure elsewhere, federal enclave jurisdiction will not lie.

When civil actions involving one or more common questions of fact are pending in different districts, 28 U.S.C. § 1407(a) provides that the Panel may transfer the actions to any district for consolidated trial proceedings. The Panel has authority to determine that a transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the actions. When the Panel issues a Conditional Transfer Order pursuant to Panel Rule 7.4, the transferred action is deemed to be "tag-along" action to the group of actions previously transferred under § 1407. Panel Rule No. 1. ("A 'tag-along' action refers to a civil

action pending in a district court and involving common issues of fact with actions previously transferred under Section 1407").

This Panel determined that the asbestos litigation should be consolidated in order to serve the objectives set forth in the Multidistrict Litigation statutory scheme. See In re Asbestos Products Liability Litigation, 771 F.Supp. 415 (J.P.M.L. 1991). Because of the number and complexity of cases alleging personal injury and/or wrongful death as a result of exposure to asbestos, the centralization of these actions under § 1407 streamlines the pretrial proceedings and avoids the most objectionable aspects of asbestos litigation: growing dockets in both federal and state courts, delays, lengthy trials, repetition of litigation and higher costs than recoveries, to name just a few. See id. at 419; see also Report of The Judicial Conference Ad Hoc Committee on Asbestos Litigation, 1-3 (1991).

The Plaintiffs' claims share common questions of fact and procedure and thus meet requirements to tag-along to MDL 875. As with the cases already transferred for pretrial proceedings as part of MDL 875, the Plaintiffs' action will involve questions of products liability (including the role of a defendant's provision of services as opposed to the sale of goods[1]), negligence, state of the art, and current perspectives of asbestos and pulmonary medicine, among others. Also, as discussed further below, Plaintiffs' argument regarding the applicability of enclave jurisdiction raises an additional issue that warrants review in the consolidated format provided by MDL 875. Plaintiffs seek, in effect, an exception to the general pattern of transfer of asbestos litigation. However, as reviewed here and below, many issues raised by Plaintiffs' case are intertwined with issues posed in other asbestos in other cases. The Panel has previously

---

[1] Contractors, including Hopeman, contend that strict products liability applies only to the sale of goods, not to the use of materials in the course of performing services, as has been argued in cases such as ACandS, Inc. v. Abate, 710 A.2d 944, 999-1002 (Md. App. 1998), and Scordino v. Hopeman Brothers, Inc., 662 So. 2d 640, 645 (Miss. 1995).

4

declined to carve out exceptions to the principles reviewed in In re Asbestos Products Liability-Litigation, 771 F.Supp. at 422:

> ... [B]ecause many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer. We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how the affect the whole proceedings.

Thus, the Plaintiffs' action is an appropriate tag-along to MDL 875 as specified by the multidistrict statutory scheme.

### 2. Transfer of This Case is Justified.

Plaintiffs contend there is no justification for transfer of this case to the consolidated proceeding in the Eastern District of Pennsylvania, given the history of Maryland asbestos litigation in which certain common issue trials were conducted in the Circuit Court for Baltimore City ("the Baltimore litigation") and then reviewed on appeal in that state. Plaintiffs disregard the fact, however, that Hopeman, whose alleged liability is based on performance of shipyard work using certain asbestos-containing materials, has not yet had a final judgment entered against it in the Baltimore litigation. As a result, there has been no appellate review of the service-based claims against Hopeman in that litigation.[2]

Plaintiffs also disregard the common benefits that can accrue from the transferee court's resolution of the federal enclave issue that Plaintiffs have raised in their Motion to Remand in this case. This common enclave issue is beyond the scope of the Baltimore litigation, but it has been, and is likely to continue to be, raised in other cases where a plaintiff's illness is based on

---

[2]     See Footnote 1, supra.

asbestos exposure alleged to have occurred both on and off federal enclaves. Consistent with the principles of tag-along review narrated above, the Panel, in the interest of convenience and efficiency, should transfer this action and allow the transferee court to resolve any "questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990), citing In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813, n.1 (J.P.M.L. 1973). The Ivy court noted that the jurisdictional issue in question there, involving common issues of law and fact, was capable of arising in hundreds or thousands of cases in district courts throughout the nation, and thus there were "real economies" in transferring the cases to be resolved by a single court – the transferee court. Thus, the court decided that a single decision by the transferee court would serve consistency as well as economy. Id. at 9.

Similarly, in the instant case, the transferee court is best suited to make determinations as to the substantive jurisdictional questions that Plaintiffs have raised, including whether exposure to asbestos at both an exclusive federal enclave and elsewhere, as separate causes of a single disease, renders federal jurisdiction inappropriate.[3] If Plaintiffs' case is transferred as a tag-along, not only will economy and convenience be served in regard to the merits of this particular action, but the substantive jurisdictional issues can be resolved in a single court with a decision carrying precedential authority for all federal asbestos cases.

On the other hand, if the Panel were to defer its action and permit the United States District Court for the District of Maryland to decide Plaintiff's Motion to Remand, neither consistency nor economy will be served. Instead, the United States District Court for the District

---

[3] This issue has arisen in multiple asbestos exposure cases. See, e.g., Howard B. Wheeler v. ACandS, Inc., J.P.M.L. Docket No. 875, (N.D. Maryland, CA No. 1-97-3349); Charles Black, Jr. v. ACandS, Inc., J.P.M.L. Docket No. 875, (N.D. Maryland, CA No. 99CV2135).

of Maryland would render its decision on the substantive jurisdictional issues based on its interpretation of the applicable law. The substantive jurisdictional issues that Plaintiffs have raised would not be finally resolved as to the other cases pending in district courts involving exactly the same questions.

## CONCLUSION

Plaintiffs' Motion to Vacate the Conditional Transfer Order should be denied, and the Panel should issue a Transfer Order transferring the action to the Eastern District of Pennsylvania as a tag-along action to MDL-875. There, Judge Weiner can decide the merits of the substantive and jurisdictional issues that Plaintiffs' case raises.

Respectfully submitted,

Robert J. Lynott, Federal Bar No. 03577
Peter W. Taliaferro, Federal Bar No. 00396
Thomas C. Swiss, Federal Bar No. 02836
THOMAS & LIBOWITZ, P.A.
100 Light Street, Suite 1100
Baltimore, Maryland 21202-1053
(410) 752-2468

Attorneys for Defendant
Hopeman Brothers, Inc.

Case MDL No. 875   Document 3089   Filed 03/14/01   Page 8 of 10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 14 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of March, 2001, a copy of the foregoing Opposition of Hopeman Brothers, Inc. to Plaintiffs' Motion to Vacate Conditional Transfer Order was mailed, first-class postage prepaid to:

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Edward J. Lilly
Law Offices of Peter G. Angelos
100 North Charles Street
22nd Floor
Baltimore, MD 21201

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
   & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2001 MAR 14 P 2: 01
RECEIVED CLERK'S OFFICE

David C. Landlin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
One Penn Center, Suite 1400
1617 JFK Boulevard
Philadelphia, PA 19103

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Richard D. Schuster
Vorys, Sater Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Andrew J. Trevelise
Reed, Smith Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clerk's Office
United States District Court
 for the District of Maryland
U.S. Court House
101 W. Lombard Street
Baltimore, Maryland 21201

In addition, I further certify that, on the same date, a copy of the foregoing Opposition of Hopeman Brothers, Inc. to Plaintiffs' Motion to Vacate Conditional Transfer Order was mailed, first-class postage, prepaid to the following counsel involved in the proceedings before the United States District Court for the District of Maryland that are the subject of the conditional transfer addressed in said motion:

    B. Ford Davis Esq.
    WHITEFORD TAYLOR & PRESTON
    7 St. Paul Street, Suite 1400
    Baltimore, Maryland 21202
    Attorneys for Porter-Hayden Company

    Steven J. Parrott, Esquire
    KRAMON & GRAHAM, P.A.
    One South Street, Suite 2600
    Baltimore, MD 21202-3201
    Attorneys for Garlock, Inc.

R. Thomas Radcliffe, Esquire
CHURCH & HOUFF
B&O Building – Suite 600
2 North Charles Street
Baltimore, Maryland 21201
Attorneys for Foster Wheeler Corp,
Viacom, f/k/a Westinghouse Electric Corporation,
T&N, Inc., and United States Gypsum Company

Donald S. Meringer, Esquire
Theodore F. Roberts, Esquire
DANAHER, TEDFORD, LAGNESE
201 North Charles Street, Suite 2402
Baltimore, Maryland 21201
Attorneys for ACandS, Inc.

Geoffrey S. Gavett, Esquire
Katherine S. Duyer, Esquire
GAVETT and DATT, P.C.
15850 Crabbs Branch Way, Suite 180
Rockville, Maryland 20855
Attorneys for Selby, Battersby & Co.

Peter A. Woolson, Esquire
Melodie M. Mabanta, Esquire
ROBINSON WOOLSON O'CONNELL, LLP
217 Redwood St., Ste. 1500
Baltimore, MD 21202
Attorneys for John Crane, Inc. and
The Flintkote Company

Sidney G. Leech, Esquire
Thomas M. Goss, Esquire
GOODELL, DEVRIES, LEECH & GRAY
One South St., 20th Fl.
Baltimore, MD 21202
Attorneys for Metropolitan Life
Insurance Company

Gerry H. Tostanoski, Esquire
Scott Patrick Burns, Esquire
TYDINGS & ROSENBERG LLP
100 East Pratt Street, 26th Floor
Baltimore, MD 21202
Attorneys for Owens-Illinois, Inc.

_____
Peter W. Taliaferro

F:\GROUPS\Asbestos\HOPEMAN\USDC Cases\Linkenhoker\Pleadings\Opp of Hopeman to Plain Mot to Vacate.doc