1  Gary L. Graham, Esq.
   Dean A. Hoistad, Esq.
2  Terry J. MacDonald, Esq.
   David C. Berkoff, Esq.
3  GARLINGTON, LOHN & ROBINSON, PLLP
   199 W. Pine • P.O. Box 7909
4  Missoula, Montana 59807-7909
   Phone: (406) 523-2500
5  Attorneys for Defendants

6

7

8                    **DOCKET NO. 875**
   **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
9  **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10 **MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER**

11

12 Re:   MDL-875, In re Asbestos Products Liability Litigation (NO. VI)
        William Johnston, et al., v. W.R. Grace & Co.–Conn., Case No. CV-99-127.
13      United States District Court, District of Montana, Missoula Division.

14                      MOTION

15       Defendants W.R. Grace & Co. - Conn. and W.R. Grace & Co., a Delaware

16 corporation, ("Grace"), by and through their counsel of record, move the Panel for an

17 Order Granting Transfer of the above-named claims to the Eastern District of

18 Pennsylvania, MDL-875.  Because the above-named Plaintiffs have asserted similar

19 claims against a common defendant, Grace, the following argument shall apply to all

20 Plaintiffs.  Grace now moves the Panel to grant an Order of Transfer for the following

21 reasons:

22       (A)    The Federal Court has jurisdiction in these cases.

23       (B)    Plaintiffs' claims involve issues of fact common to those cases already

24              transferred under the Panel's 1991 Transfer Order and those cases subject to

25              conditional transfer.

26       (C)    Transfer is appropriate because the 1991 Panel's Transfer Order pertains to

27 all asbestos-related personal injury and wrongful death caused by asbestos or asbestos-

OFFICIAL FILE COPY IMAGED MAR 21'01

1  containing products regardless of the legal theory asserted by Plaintiffs.

2      (D)    Transfer is appropriate because the Panel has determined transfer of

3  asbestos-caused injury and wrongful death claims to be in the best interests of

4  convenience and justice.

5      (E)    Transfer is appropriate because the Eastern District of Pennsylvania Court

6  can decide Plaintiffs' pending motion to remand and the Montana District Court has

7  previously stayed its decision in similar matters until after the Panel rules on conditional

8  transfer.

9  BRIEF

10  I. BACKGROUND FACTS

11      W.R. Grace is the successor of Zonolite Company which operated a vermiculite

12  mine and mill near Libby, Montana from the 1930s until 1990.  Grace acquired the

13  facility in 1963.  Within the vermiculite ore deposit was an asbestos form of amphibole

14  mineral, until recently believed to be tremolite.  Some of the employees who were

15  directly exposed to asbestos at the facility developed asbestos-related disease and brought

16  personal injury actions against W.R. Grace.  In one of the early cases, the Montana

17  Supreme Court determined that the exclusivity provided under the Montana Occupational

18  Disease Act does not act as a complete bar to recovery by those persons who were

19  employed by Zonolite.  Additionally, there have been claims presented by family

20  members of employees based upon secondary exposures to dust brought home on the

21  workers' clothing.

22      There is no question that the claims being made in these actions are asbestos-

23  related personal injury claims.  That is admitted in each of the Complaints.  The theories

24  of recovery include negligence, concealment, fraud and safe place to work.  There are no

25  theories other than those related to personal injuries.

26      In many of the asbestos-related claims arising from the operation of the Libby

27  facility, a resident manager working at the same time as the plaintiffs, had been named as

MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER - Page 2

1   a Defendant. Removal in some of those cases has been precluded because of lack of

2   diversity. Other claims, where the resident manager was not joined have been transferred

3   to MDL in accordance with the standard procedures. The case currently before this Panel

4   involves removal where the manager was again joined but could not be liable because he

5   had not been employed as a manager at the same time as the Plaintiffs' exposure to

6   asbestos, and where a corporation that was dissolved over 35 years ago was also added to

7   attempt to defeat diversity. Grace removed these actions based upon strong legal

8   arguments that these Defendants were joined fraudulently.

## II. LEGAL ARGUMENT

10       28 U.S.C. § 1407(a) permits the Judicial Panel on Multidistrict Litigation to

11   consolidate claims if three criteria are met: (1) claims must involve one or more common

12   questions of fact, (2) claims must be pending in more than one district, and (3) pretrial

13   consolidation must promote the just and efficient conduct of the actions. In re Ivy, 901

14   F.2d 7, 9 (2nd Cir. 1990). In 1991, the Panel transferred all federal asbestos-related cases

15   to the Eastern District of Pennsylvania because all three of these criteria had been met.

16       Plaintiffs assert that conditional transfer of their claims is inappropriate because:

17   (1) the federal court has no authority over their claims, (2) their claims have no similar

18   factual link to those cases subject to transfer, (3) transfer would be inconvenient, and

19   (4) they have a motion pending in the Montana District. Each of these arguments lacks

20   merit in light of precedent, the Panel's purpose of granting transfer of asbestos-related

21   claims to the Eastern District of Pennsylvania, and the rulings of the Montana District

22   Court.

23   A.     The Federal Court Has Jurisdiction.

24       Plaintiffs contend that the federal courts, including this Panel, do not have

25   jurisdiction over their claims based upon constitutional principles of state's rights.

26   Plaintiffs' assertion is a question of law that cannot be addressed in this forum because it

27   calls into question the power of the federal government to make laws affecting the states.

MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER - Page 3

1    For that reason, this argument must be put before the appropriate Court of Appeals.

2        Clearly, however, Plaintiffs' argument is frivolous.  While Plaintiffs' argument

3    holds true for non-diverse cases pending in state courts, it is perfectly clear that the

4    federal courts have jurisdiction in cases removed because of diversity of the parties, or

5    where parties are fraudulently joined, even if the claim involves state tort claims.  28

6    U.S.C. § 1446(c); <u>Moore v. Interstate Fire Ins. Co.</u>, 717 F. Supp. 1193 (S.D. Miss. 1989);

7    <u>In re Sugar Indus. Antitrust Litig. (East Coast)</u>, 471 F. Supp. 1089 (J.P.M.L. 1979).

8        The problem with Plaintiffs' argument is that it assumes that Grace has improperly

9    removed these and other similar actions previously transferred by this Panel to the

10   Eastern District of Pennsylvania.  However, no court has ruled upon Plaintiffs' remand

11   contentions and therefore the federal courts have subject matter jurisdiction over

12   Plaintiffs' claims until and if these claims are remanded.  Even assuming that Plaintiffs

13   could prove that Grace has inappropriately removed these cases, the federal courts still

14   retain jurisdiction over the removed cases until remand, <u>even if the removal was</u>

15   <u>improper</u>.  <u>Maseda v. Honda Motor Co.</u>, 861 F.2d 1248 (11th Cir. 1988).  Pursuant to the

16   MDL rules and 28 U.S.C § 1446, this Panel therefore has the power to order transfer of

17   these cases prior to a remand decision.

18   B.   <u>Transfer Is Appropriate Because Plaintiffs' Claims Involve Common Issues Of</u>
19        <u>Fact</u>.

20       The Panel has recognized since at least 1977 that asbestos plaintiffs have

21   consistently asserted common issues of fact:  <u>personal injury or death as a result of</u>

22   <u>exposure to asbestos</u>.  <u>In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.</u>,

23   431 F. Supp. 906, 910 (J.P.M.L. 1977).

24           In denying transfer in the 1977 decision, the Panel <u>recognized</u>
              <u>the existence of some common questions of fact</u> among the
25           actions.  For in that docket, as in the matter currently before
              the Panel, <u>all actions contained allegations of personal injury</u>
26           <u>or death as a result of exposure to asbestos or asbestos</u>
              <u>containing products</u>.
27
     <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, 771 F. Supp. 415, 418 (J.P.M.L. 1991) (citing

MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER - Page 4

1    In re Asbestos & Asbestos Insulation Materials, 431 F. Supp. at 910 (emphasis added)).

2         However, the Panel rejected transfer in 1977 because other criteria had not been

3    met. In re Asbestos Prods., 771 F. Supp. at 417-18. With the addition of more than

4    26,000 asbestos-related cases to the federal docket by 1991, the Panel found that all

5    criteria, including "common facts," had sufficiently developed to justify an order of

6    transfer. In re Asbestos Prods., 771 F. Supp. at 418.

7         Cases transferred to the Eastern District of Pennsylvania have involved a host of

8    factual variances including persons who worked as sailors for the Navy, mechanics and

9    steam fitters who worked with pipe insulation, masons working at construction sites,

10   insulation and building product manufacturers at large single plants, and citizens exposed

11   inadvertently as a result of living near a single manufacturer. See In re Asbestos Litig.,

12   963 F. Supp. 247 (S.D.N.Y. 1997); Boudreaux v. Metropolitan Life Ins. Co., No. CIV.A.

13   95-138, 1995 WL 83788 (E.D. La. Feb. 24, 1995). Of the more than 26,000 cases

14   transferred to the Eastern District of Pennsylvania in 1991, 87 federal districts in 48 states

15   were subject to the transfer of federal asbestos-related cases, including 79 cases from the

16   District of Montana. In re Asbestos Prods., 771 F. Supp. at 425. All of these cases are

17   linked by the common issue of fact of personal injury or death caused by asbestos or

18   asbestos-containing products.

19        Plaintiffs assert that because their claims arise from exposure caused by a lone

20   facility in Montana, their cases do not fit the transfer criteria. They argue strenuously that

21   "[n]one of these cases is a products liability case." (Pls.' Br., p. 2.) Such an argument

22   ignores the entire reasoning and discussion of the Panel and the facts and precedent cited

23   in that 1991 decision. Plaintiffs in these cases assert injury or death as a result of indirect

24   exposure to asbestos-containing dust from the Zonolite mine and mill in Libby, Montana.

25   The facility produced vermiculite concentrate which was processed into insulation and

26   related products. The facts in these cases clearly fit within the elemental common facts

27   crucial to the Panel's decision to transfer all federal asbestos cases to the Eastern District

1  of Pennsylvania.  Because Plaintiffs claim <u>personal injury caused by exposure to asbestos</u>

2  <u>or asbestos-containing products</u> at the Grace facility, conditional transfer is appropriate.

3  C.    <u>The Legal Theory Behind Plaintiffs' Asbestos-Caused Personal Injury And</u>
        <u>Wrongful Death Claims Does Not Preclude Conditional Transfer.</u>

4

5         The legal theory behind a cause of action will not generally serve to defeat

6  conditional transfer.  <u>In re Oil Spill By "Amoco Cadiz"</u>, 471 F. Supp. 473 (J.P.M.L. 1979)

7  (Transfer granted despite diverging legal theories because all related around ship's

8  steering mechanism); <u>In re Air Crash Disaster in Ionian Sea on Sept. 8, 1974</u>, 438 F.

9  Supp. 932 (J.P.M.L. 1977) (Transfer granted because common questions of fact existed

10  despite plaintiffs' diverging legal theories as to plane manufacturer's liability); <u>In re Air</u>

11  <u>West, Inc. Sec. Litig.</u>, 384 F. Supp. 609, 611 (J.P.M.L. 1974) (Limited common facts and

12  three diverging theories between plaintiffs did not serve to defeat transfer order); <u>see also</u>

13  <u>In re Holiday Magic Sec. & Antitrust Litig.</u>, 375 F. Supp. 1400 (J.P.M.L. 1974) and <u>In re</u>

14  <u>Westec Corp.</u>, 307 F. Supp. 559 (J.P.M.L. 1969).

15         Asbestos cases also often embrace diverging legal theories guiding the specific

16  litigation; however, such theoretical divergence has never served to prevent transfer of an

17  asbestos case.  For example, in <u>Boudreaux</u>, a claim transferred to the Eastern District of

18  Pennsylvania, the plaintiffs, both workers at a Johns Manville plant and citizens living

19  near the Manville facility, brought claims for injury due to asbestos exposure under the

20  theories of negligence and intentional concealment.  Even though no products liability

21  theory was raised, transfer was still appropriate.  <u>Boudreaux</u>, 1995 WL 83788, at *1.

22         Plaintiffs argue these instant actions should not be transferred because their claims

23  are based upon Montana's Safe Place to Work Act and common-law concealment, among

24  other theories, and not products liability theory.  The argument lacks merit.  As was seen

25  in <u>Boudreaux</u> and the other precedent cited above, transfer is appropriate where claimants

26  bring suit based on any number of legal theories, including concealment and state law tort

27  actions, if common issues of fact exist.  The Panel's decision did not preclude transfer of

cases basing their cause of action on theories other than products liability.  Rather, as the decision of the Panel suggests, conditional transfer is appropriate for all cases involving <u>personal injury or death</u> caused by alleged exposure to asbestos.  Because these claims involve injury or death caused by asbestos-containing dust, transfer is appropriate, regardless of Plaintiffs' legal theory.

D.   <u>Transfer Is Appropriate Because Inconvenience And Undue Delay Do Not Bar Conditional Transfer.</u>

Undue delay and inconvenience of attorneys has rarely served to defeat transfer of cases to one district.  <u>In re Caesar's Palace Sec. Litig.</u>, 385 F. Supp. 1256 (J.P.M.L. 1974) (Litigation was not exempt from transfer based on undue delay);  <u>In re Career Academy Antitrust Litig.</u>, 342 F. Supp. 753 (J.P.M.L. 1972) (Convenience of travel was not a factor considered in deciding which district all cases should be transferred); <u>In re Anthracite Coal Antitrust Litig.</u>, 436 F. Supp. 402 (J.P.M.L. 1977) (Transfer to a specific federal court was not subject to consideration that transfer to another federal court would be more convenient to the attorneys involved.)  Even where the parties to a suit subject to transfer voluntarily cooperate in discovery proceedings, transfer for coordinated and streamlined pretrial disposition cannot be avoided.  <u>In re Sugar Indus. Antitrust Litig. (East Coast)</u>, 471 F. Supp. at 1089.

The Panel's 1991 decision clearly had convenience and efficiency in mind when it transferred asbestos cases to the Eastern District of Pennsylvania.

> [M]ore than 30,000 pending federal actions now [exist], as opposed to the 103 actions subject to the Panel's 1977 decision.  In our view, it is precisely this change that now leads us to conclude that centralization of all federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."

<u>In re Asbestos Prods.</u>, 771 F. Supp. at 418.

Plaintiffs argue that transfer of their cases will not serve the convenience of the parties and thus transfer should not occur.  Plaintiffs note similar pending and previously

1  tried Zonolite cases as one reason pretrial conditional transfer would be inappropriate.

2  What Plaintiffs have not mentioned, however, is the overwhelming backlog the Zonolite

3  claims have created in Montana state court.  At present over 130 claims have been filed

4  against W.R. Grace in the Montana Nineteenth Judicial District.  The Nineteenth Judicial

5  District Court has scheduled only four two week terms per year, and at the rate of four

6  cases tried per year, it will take at least thirty years to conclude all of the cases presently

7  filed against Grace.  This is precisely the type of backlog that the Panel was attempting to

8  eliminate in its decision to transfer all federal asbestos cases to the Eastern District of

9  Pennsylvania.

10      With respect to the two instant cases, even if the Montana federal district was, by

11  chance, extremely efficient in disposing of the Zonolite cases, the Panel has concluded

12  that centralization of asbestos cases to one district is necessary to serve the convenience

13  of all parties involved in asbestos litigation and exceptions to transfer are disfavored.

14  
15  
16  
17  
18  
19  

> [O]ur decision to order transfer is not unmindful of the fact
> that the impact of asbestos litigation varies from district to
> district, and that in some courts asbestos personal injury
> actions are being resolved in a fashion indistinguishable from
> other civil actions.  It is not surprising, therefore, that parties
> and courts involved in such actions might urge that inclusion
> of their actions in multidistrict proceedings is inappropriate.
> The Panel, however, must weigh the interests of all the
> plaintiffs and all the defendants, and must consider multiple
> litigation as a whole in the light of the purposes of the law.

20      . . . .

21  
22  
23  

> [W]e are unwilling, on the basis of the record presently before
> us, to carve out exceptions to transfer.  We prefer instead to
> give the transferee court the opportunity to conduct a
> substantive review of such contentions and how they affect
> the whole proceedings.

24  In re Asbestos Prods., 771 F. Supp. at 420, 422.

25      Because the Panel clearly believes transfer of asbestos cases best serves the overall

26  efficiency and conduct of all parties involved in this type of litigation, conditional transfer

27  of Plaintiffs' immediate claims is appropriate.

MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER - Page 8

E.   Conditional Transfer Is Appropriate Because The Transferee Court Is The Preferable Venue For Deciding Issues Of Diversity.

An MDL transferee court has the power to hear and decide various pretrial motions, including remand to state court. In re Professional Hockey Antitrust Litig., 369 F. Supp. 1117 (J.P.M.L. 1974); In re Ivy, 901 F.2d at 7. Likewise the transferee court may hear motions already pending in the transferor court, and is the favored venue if the expertise of the transferee court would best serve the parties to the action. Boudreaux, 1995 WL 83788, at *1-2.

Their constitutional arguments aside, Plaintiffs in the present cases basically assert that because no court has decided its remand motion, conditional transfer should not be permitted. The Plaintiffs' argument is flawed for two simple reasons. First, the Montana District Court has previously stayed its decision on remand until after the Panel has decided whether to order transfer of these cases to the Eastern District of Pennsylvania, and will likely do so again in these cases. Second, in cases such as these, the transferor courts have clearly preferred stay decisions regarding remand until the Panel orders or rejects conditional transfer. (Exs. A and B.)

Plaintiffs cite In re Ivy, to support their argument that the Panel has no authority to decide issues of jurisdiction and diversity, and therefore must deny transfer. (Pls.' Br., p. 8.) However, Plaintiffs use of In re Ivy is a complete misstatement of the case.

In the case of In re Ivy, plaintiffs in an Agent Orange trial sought a writ of mandamus under 28 U.S.C. § 1407(e) asking the Panel to vacate its conditional transfer order of plaintiffs' claims to the Eastern District of New York. In re Ivy, 901 F.2d at 7. Defendants successfully had removed the original case from Texas State Court to the Texas Federal District Court. Plaintiffs had asked the federal court to remand back to state court, but the federal court declined to rule on the remand motion, stating that it would defer to the decision of the MDL Panel. After oral argument, the Panel removed the case to the Eastern District of New York, and noted that the plaintiffs' motion to

1    remand could be correctly heard by the transferee judge, Judge Weinstein. Plaintiffs then

2    immediately petitioned the Second Circuit Court of Appeals claiming that the Panel had

3    no authority to decide issues of jurisdiction. In re Ivy, 901 F.2d at 8-9. While the Court

4    of Appeals agreed that the Panel had no authority to decide issues of jurisdiction, it held

5    that this transfer was "entirely unobjectionable," and that "consistency and economy"

6    permit the Panel to transfer a case where a jurisdiction objection is pending.

> Agent Orange cases are particularly well-suited for
> multidistrict transfer, even where their presence in federal
> court is subject to a pending jurisdictional objection. The
> jurisdictional issue in question is easily capable of arising in
> hundreds or even thousands of cases in district courts
> throughout the nation. That issue, however, involves
> common questions of law and fact, some or all of which relate
> to the Agent Orange class action and settlement, and there are
> real economies in transferring such cases to Judge Weinstein,
> who has been handling the Agent Orange litigation for several
> years.

In re Ivy, 901 F.2d at 9 (citations omitted).

      The Louisiana Federal District Court has also dealt precisely with this issue in

Boudreaux. In that action, plaintiffs seeking compensation for injuries due to asbestos

exposure added an in-state physician as a defendant to avoid diversity. Metropolitan Life

claimed that defendant was joined fraudulently to avoid diversity and moved the state

court to grant a motion to move the proceedings to the federal court system. After that

motion was granted, defendant Metropolitan Life asked the Eastern District of Louisiana

Federal Court to stay any decision regarding the plaintiffs' subsequent motion for remand

to Louisiana state court until after the Panel had granted or vacated a conditional transfer

order. Boudreaux, 1995 WL 83788, at *1. The Louisiana Federal District Court held that

because the Eastern District of Pennsylvania was better equipped to decide the issue of

remand in asbestos cases, the more prudent action was to stay the remand issue until after

the Panel's decision.

> Because the issue involved in this remand motion is likely to
> be common to other transferred cases, the policies of
> efficiency and consistency of pre-trial rulings are furthered by

> a stay of the proceedings in this Court pending a decision on
> the conditional transfer order. The Pennsylvania district court
> should determine the timeliness of claims for injury from
> exposure to asbestos, regardless of whether the issue arises on
> a motion to remand or on the merits of the claim.

Boudreaux, 1995 WL 83788, at *2.

The instant case now presents the Panel with the precise issues seen in In re Ivy and Boudreaux. Plaintiffs had originally filed their claims in the Montana Nineteenth Judicial District. Grace removed these actions to the Montana Federal District Court on the basis that Plaintiffs had fraudulently joined Mr. Earl D. Lovick, the plant manager at the Zonolite facility who recently died, or the Montana Vermiculite Company, a corporation dissolved thirty-five years ago, or both, as defendants to avoid diversity. Plaintiffs then moved to remand the cases to state court before the conditional transfer order was issued by the Panel.

In both Boudreaux and In re Ivy, the district courts deferred to the knowledge and abilities of the transferee court. These courts saw that the transferee court had dealt with issue of fraudulent joinder and diversity, had the power to remand back to state court if appropriate, and that the policies of efficiency and consistency of pretrial rulings would be furthered by permitting the transferee court to decide any pending motions. Boudreaux, 1995 WL 83788, at *2; In re Ivy, 901 F.2d at 9.

This was precisely the finding of the Montana federal court when on December 28, 1998, Judge Donald Molloy followed the reasoning of the Boudreaux court and stayed its decision on the issue of remand in the Murray and Carvey cases until after the Panel had decided its order of transfer. (Exs. A and B.) Judge Molloy has ruled similarly in all of the removed asbestos cases since that time.

### III. CONCLUSION

WHEREFORE, Grace respectfully asks the Panel to reject the Plaintiffs' contentions and Order Conditional Transfer of this case to the Eastern District of

MOTION AND BRIEF IN SUPPORT OF CONDITIONAL TRANSFER - Page 11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 19 2001

FILED
CLERK'S OFFICE

1 | Pennsylvania for appropriate pretrial disposition under MDL-875 and 28 U.S.C. § 1407.

2 |   DATED this 16th day of March, 2000.

3 |                         GARLINGTON, LOHN & ROBINSON, PLLP
                          199 West Pine, P.O. Box 7909
4 |                         Missoula, Montana 59807-7909
                          (406) 523-2500
5 |                         Attorneys for Defendants

6 |

7 |                         By ___David C. Berkoff___
                             David C. Berkoff

8 |

9 |                     CERTIFICATE OF SERVICE

10 |      Pursuant to Rule 8(a) of the Rules of Procedure of the Judicial Panel on
11 | Multidistrict Litigation under 28 U.S.C. § 1407, I hereby certify that a copy of the
     foregoing has been served upon counsel of record as set forth in the attached service list
12 | by placing a copy of same in the United States mail, postage prepaid and properly
     addressed, this 16th day of March, 2001.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2001 MAR 19 A 9: 59

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from  CTO – 191)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square, Suite 3900
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton et al.
Bulkley Building
1501 Euclid Avenue, 7th Floor
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno, & Hannon
Philadelphia Boruse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19102

Gary L. Graham
Garlington, Lohn &
   Robinson, PLLP
199 West Pine - P.O. Box 7909
Missoula, MT  59807

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Allan M. McGarvey
McGarvey, Heberling, Sullivan
   & McGarvey
745 South Main Street
Kalispell, MT  59901

Ronald L. Motley
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
PO Box 1792
Mt. Pleasant, SC 29402

Donald A. Powell
Buckingham, Doolittle et al.
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Sharlock, Repcheck & Mahler
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breiman & Burgess
11766 Whilshire Blvd
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire
   & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Ave. N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**FILED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

DEC 2 8 1998

LOU ALEKSICH, JR. CLERK
By _Mary Nubler_
DEPUTY CLERK

THOMAS F. MURRAY and          )
HELEN MURRAY, husband         )
and wife,                     )
                              )
              Plaintiffs,     )    Cause No. CV-98-141-M
                              )
         v.                   )
                              )
W.R. GRACE & CO.- Conn.,      )          ORDER
a Connecticut corporation,    )
EARL E. LOVICK, and DOES I-IV,)
                              )
                              )
              Defendants.     )
_____

Plaintiffs originally filed this action in the Montana Nineteenth Judicial District in Lincoln County, Montana. Defendants removed the action to this Court, from which it was conditionally transferred by the Judicial Panel on Multidistrict Litigation ("Panel") to the Eastern District of Pennsylvania in accordance with Panel Rule 12(a) and the Panel's Order governing transfer of all asbestos-related cases. In re Asbestos Prods., 771 F. Supp. 415 (1991).

Now pending is plaintiffs' Motion to Remand the action, which has been fully briefed by both parties. The conditional transfer order becomes final within fifteen days of plaintiffs receiving notice of the order if no opposition is filed. This Court is not aware of plaintiffs' intentions with respect to the transfer, but expects that they likely will oppose it. Until transfer is final, this Court's jurisdiction to decide pretrial motions is not

**EXHIBIT A**

limited.  Panel Rule 18, 147 F.R.D. 589, 601 (1993).  However, it
is wise to consider that the issue involved in the remand motion -
joinder of a non-diverse supervisory employee - may arise in other
transferred cases.  One of the chief purposes of consolidating
asbestosis cases is to prevent inconsistent decisions by District
courts.

Defendants urged that Motions to Remand in similar cases be
stayed until after the issue of transfer is resolved.  They
referred this Court to a similar situation faced by the Eastern
District of Louisiana.  Boudraux v. Metropolitan Life Ins. Co.,
1995 WL 83788 (E.D. La. 1995).  The Louisiana court ruled that:

> "Because this issue involved in this remand motion is likely
> to be common to other transferred cases, the policies of
> efficiency and consistency of pretrial rulings are furthered
> by a stay of the proceedings in this Court pending a decision
> on the conditional transfer order." Id., at *2.

This Court finds the reasoning in Boudraux persuasive, and in
keeping with the overall purposes of multidistrict consolidation.

Wherefore, IT IS HEREBY ORDERED that the plaintiffs' Motion
to Remand is STAYED pending a final disposition on the conditional
transfer order.

DATED this 25 day of December, 1998

_____
Donald W. Molloy
United States District Judge

**FILED**

DEC 2 8 1998

IN THE UNITED STATES DISTRICT COURT

LOU ALEKSICH, JR. CLERK

By _____

DEPUTY CLERK

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

EDWARD "NICK" CARVEY and )
ESTHER M. CARVEY, husband )
and wife, )
 )
Plaintiffs, )   Cause No. CV-98-142-M
 )
v. )
 )
W.R. GRACE & CO.— Conn., )   **ORDER**
a Connecticut corporation, )
EARL E. LOVICK, and DOES I-IV, )
 )
Defendants. )
_____ )

Plaintiffs originally filed this action in the Montana
Nineteenth Judicial District in Lincoln County, Montana.
Defendants removed the action to this Court, from which it was
conditionally transferred by the Judicial Panel on Multidistrict
Litigation ("Panel") to the Eastern District of Pennsylvania in
accordance with Panel Rule 12(a) and the Panel's Order governing
transfer of all asbestos-related cases.  In re Asbestos Prods.,
771 F. Supp. 415 (1991).

Now pending is plaintiffs' Motion to Remand the action, which
has been fully briefed by both parties.  The conditional transfer
order becomes final within fifteen days of plaintiffs receiving
notice of the order if no opposition is filed.  This Court is not
aware of plaintiffs' intentions with respect to the transfer, but
expects that they likely will oppose it.  Until transfer is final,

**EXHIBIT B**

limited.  Panel Rule 18, 147 F.R.D. 589, 601 (1993).  However, it is wise to consider that the issue involved in the remand motion - joinder of a non-diverse supervisory employee - may arise in other transferred cases.  One of the chief purposes of consolidating asbestosis cases is to prevent inconsistent decisions by District courts.

Defendants urged that Motions to Remand in similar cases be stayed until after the issue of transfer is resolved.  They referred this Court to a similar situation faced by the Eastern District of Louisiana.  Boudraux v. Metropolitan Life Ins. Co., 1995 WL 83788 (E.D. La. 1995).  The Louisiana court ruled that:

> "Because this issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pretrial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order." Id., at *2.

This Court finds the reasoning in Boudraux persuasive, and in keeping with the overall purposes of multidistrict consolidation.

Wherefore, IT IS HEREBY ORDERED that the plaintiffs' Motion to Remand is STAYED pending a final disposition on the conditional transfer order.

DATED this 28 day of December, 1998

Donald W. Molloy
United States District Judge