JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 20 2001

FILED
CLERK'S OFFICE

1    Jeffrey S. Mutnick, P.C., OSB #72178
     jmutnick@landye-bennett.com
2    LANDYE BENNETT BLUMSTEIN LLP
     Attorneys at Law
3    3500 Wells Fargo Center
     1300 S.W. Fifth Avenue, Suite 3500
4    Portland, Oregon 97201
     503.224.4100
5    503.224.4133 (Facsimile)

6      Of Attorneys for Plaintiff(s)

7                **BEFORE THE**

8    **JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9                **DOCKET NO. 875**

10   **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.. VI)**

11     **PLAINTIFFS' MOTION TO REMAND CERTAIN OREGON**
      **MDL 875 ASBESTOS CASES TO TRANSFEROR COURTS**
12           **ORAL ARGUMENT REQUESTED**

13

14       COME NOW plaintiffs Eugene Hill, Tilford Aanderud, and other plaintiffs similarly

15   situated, listed on Exhibits "A" and "B" hereto, and pursuant to Rule 7.6(c)(i) of the Rules of

16   Procedure of the Judicial Panel on Multidistrict Litigation, move this Panel for an order

17   transferring from the District Court for the Eastern District of Pennsylvania their asbestos cases

18   pending in that court under MDL No. 875 to the transferor court (the United States District Court

19   for the District of Oregon), on the grounds that the MDL proceeding no longer serves the

20   convenience of the parties or the witnesses, no longer promotes the just and efficient conduct of

21   such actions, and does not serve the purpose of expediting settlement.  The transferee court has

22   refused to grant plaintiffs' motions for suggestion of remand, all common discovery and other

23   pretrial proceedings have been completed, and all orders of the transferee court have been

24   satisfactorily complied with.

25       This motion is supported by the accompanying Affidavit of Jeffery S. Mutnick, Plaintiffs'

26   Memorandum, and the Exhibits thereto.

Page 1 - MOTION TO REMAND

*P:\Clients\MDL\jsc\Pleadings\MotionRemand 02-22-01.doc*

OFFICIAL FILE COPY IMAGED MAR 21 '01

1

2

3       DATED this _____ day of February, 2001.

4
                                    LANDYE BENNETT BLUMSTEIN LLP
5

6
                                    By: _____
7                                        Jeffrey S. Mutnick, P.C., OSB #72178
                                         Of Attorneys for Plaintiff(s)
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page  2 - MOTION TO REMAND

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

Exhibit "A"
Oregon Malignancy Cases Represented by
Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| 3-94-438 | Tilford Aanderud | Mesothelioma |
| 3-96-1742 | Maxine Bex | Mesothelioma |
| 3-95-1337 | Charles Dykstra | Mesothelioma |
| 3-96-586 | Leonard Ehman | Mesothelioma |
| 3-92-549 | Laura Gabelman | Mesothelioma |
| 3-90-1037 | Robert Gorman | Mesothelioma |
| 3-96-116 | Timothy Graham | Mesothelioma |
| 3-93-1593 | Edward Hansen | Lung Cancer |
| 3-96-617 | Roger Hein | Mesothelioma |
| 3-90-758 | Lowell Hembree | Mesothelioma |
| 3-94-20 | Lucia Holt | Mesothelioma |
| 3-92-1227 | Joseph Hoski | Mesothelioma |
| 3-97-372 | Jack Houx | Lung Cancer |
| 3-91-365 | Viola Jones | Mesothelioma |
| 3-95-1028 | William Klock | Mesothelioma |
| 3-93-377 | Emmett Leach | Mesothelioma |
| 3-97-1236 | Evelynne Mathis | Mesothelioma |
| 3-96-59 | Kenneth McClinton | Mesothelioma |
| 3-94-147 | Donald Mehlhorn | Lung Cancer |
|  | Gerald Meyers | Mesothelioma |
| 3-91-234 | Richard Morecroft | Mesothelioma |
| 3-93-1595 | Thomas Price | Mesothelioma |
| 3-95-1289 | George Probasco | Mesothelioma |
| 3-93-1014 | Frank Quinlan | Mesothelioma |
| 3-95-55 | Donald Smith | Mesothelioma |
| 3-95-1628 | Arvid Swanson | Mesothelioma |
| 3-94-568 | Jean Tapp | Mesothelioma |
| 3-95-1233 | Dale Vandenburgh | Lung Cancer |
| 3-90-760 | William Wallace | Mesothelioma |
| 3-95-1630 | Opal Williams | Mesothelioma |
| 3-95-1627 & 3-95-953 | Harold Wilson | Mesothelioma |
| 3-90-1201 | Kenneth Zemlicka | Mesothelioma |

Exhibit _____ A _____
Page _____ 1 _____ of _____ 1 _____

## Exhibit "A"
### Oregon Non-Malignancy Cases Represented by
### Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| 3-99-799 | Eugene Anderson | Asbestosis |
| 3-94-391 | Will Hill Carter | Asbestosis |
| 3-89-1060 | George Cote | Asbestosis |
| 3-92-1582 | Elmer Downing | Asbestosis |
| 3-90-1145 | Robert Ellis | Asbestosis |
| 3-89-1407 | Frank Foley | Asbestosis |
| 3-91-120 | Lawrence Garside | Asbestosis |
| 3-91-484 | Leonard Harlin | Asbestosis |
| 3-95-921 | Robert Hartney | Asbestosis |
| 3-95-1543 | Joseph Headley | Asbestosis |
| 3-94-131 | Everal Housely | Asbestosis |
| 3-99-146 | Earl Johnson | Asbestosis |
| 3-92-839 | Kenneth LaMear | Asbestosis |
| 3-90-132 | Frank Larsen | Asbestosis |
| 3-94-19 | Garry Lynch | Asbestosis |
| 3-90-839 | Robert Maley | Asbestosis |
| 3-98-295 | Thomas Norberg | Asbestosis |
| 3-89-1104 | Donald Orton | Asbestosis |
| 3-96-256 | Leonard Pardue | Asbestosis |
| 3-92-1202 | John Roberts | Asbestosis |
| 3-90-131 | George Wood | Asbestosis |

Exhibit   B
Page   l   of   l

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2001

FILED
CLERK'S OFFICE

1  Jeffrey S. Mutnick, P.C., OSB #72178
   jmutnick@landye-bennett.com
2  LANDYE BENNETT BLUMSTEIN LLP
   Attorneys at Law
3  3500 Wells Fargo Center
   1300 S.W. Fifth Avenue, Suite 3500
4  Portland, Oregon 97201
   503.224.4100
5  503.224.4133 (Facsimile)

6      Of Attorneys for Plaintiff(s)

7                    **BEFORE THE**

8      **JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9                    **DOCKET NO. 875**

10   **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.. VI)**

11              **MEMORANDUM IN SUPPORT OF**
     **PLAINTIFFS' MOTION TO REMAND CERTAIN OREGON**
12   **MDL 875 ASBESTOS CASES TO TRANSFEROR COURTS**

13        The Panel should remand the MDL 875 cases shown on Exhibits A and B on the grounds

14   that (1) the MDL court lacks authority when no further pretrial proceedings are necessary or

15   productive, and (2) the convenience of the parties and witnesses and the just and efficient

16   conduct of actions are no longer accomplished by continuing involvement in the MDL

17   proceeding.

18                         **FACTS**

19        On July 19, 1991, the Judicial Panel on Multidistrict Litigation (the "Panel") issued an

20   order transferring over 20,000 asbestos-related personal injury actions to the Eastern District of

21   Pennsylvania.  The Panel assigned the Honorable Charles Weiner, United States District court

22   Judge, to oversee the coordinated pretrial proceedings and settlement negotiations for these

23   cases.

24        The plaintiffs listed on the attached Exhibits A and B were all diagnosed with asbestos-

25   related diseases according to the strict guidelines promulgated by the American Thoracic Society

26

Page  1 - **MEMORANDUM SUPPORTING MOTION TO REMAND**

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

for the diagnoses of asbestos-related diseases. The plaintiffs shown on Exhibit A have been diagnosed with malignant asbestos-related disease, such as mesothelioma. The plaintiffs shown on Exhibit B have been diagnosed with nonmalignant asbestos-related diseases, including least asbestosis, calcifications of the lung, pleural plaques, and the like. Affidavit of Jeffrey S. Mutnick ("Mutnick Aff") ¶ 2.

Many of the plaintiffs who were diagnosed with malignancies have died since these cases were originally filed their survivors have not received compensation and, at least in some instances, have encountered difficulties in supporting themselves. Mutnick Aff ¶¶ 20 and 21.

A.   The Transferee Court has refused to grant plaintiff's motions for suggestion of remand. On or about October 26, 2000, plaintiffs' counsel filed a Motion for Suggestion of remand to Transferor Court for Certain Oregon Malignancy Cases, which concerned the Exhibit A plaintiffs, and a Motion for Suggestion of Remand to Transferor Court for Certain Oregon Cases, which concerned the Exhibit B plaintiffs, with the transferee court. Mutnick Aff ¶ 3. The defendants did not oppose either motion. Mutnick Aff ¶ 8.

However, the transferee court did not rule on the motions. Instead, by order dated November 8, 2000, it ordered a settlement conference in Philadelphia for December 15, 2000. Unfortunately, plaintiffs' counsel had a longstanding commitment to mediate another case on that day, which could not be rescheduled. On November 21, 2000, plaintiffs' counsel wrote the court about the conflict and asked the court to reschedule the settlement conference to any time in January 2001. When the transferee court did not respond, plaintiffs' counsel wrote again on December 5, 13, and 26, 2000, but received no reply and never ruled on the pending motions for suggestion of remand, which must be considered denied. Mutnick Aff ¶¶ 5, 6, 7, and 8.

B.   Discovery has long been completed in these cases. All discovery in these cases was completed years ago. Defendants have long been in possession of all the pertinent medical information, product information, and all other discovery they requested. Plaintiffs' discovery has also been completed. Mutnick Aff ¶¶ 18 and 15.

Page 2 - **MEMORANDUM SUPPORTING MOTION TO REMAND**

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (Facsimile)

1        C.     <u>Settlement negotiations ceased years ago in these cases</u>. Settlement conferences

2 were last held in these cases in December 1995 and November 1996. Mutnick Aff ¶ 10. In

3 1999, a conference call concerning the scheduling of another settlement conference was held

4 among plaintiffs' counsel and the more significant defendants. Mutnick Aff ¶ 14. Following the

5 conference call, plaintiffs' counsel offered to provide any additional information to any

6 defendant that would promote evaluation of the cases involving the plaintiffs. Plaintiffs' counsel

7 offered to sit down with any defendant's counsel and go through a plaintiff's file. Plaintiffs'

8 counsel offered additional medical releases to any defendant who requested one. Very few

9 defendants availed themselves of these opportunities. No settlement conference ensued.

10 Mutnick Aff ¶¶ 12, 13, 14, and 15.

11        D.     <u>No pretrial matters whatever remain with respect to these plaintiffs, and all orders</u>

12 <u>of the transferee court have been complied with</u>. As far as plaintiffs' counsel is aware, no

13 pretrial matters remain, and plaintiffs have complied with all orders of the transferee court.

14 Mutnick Aff ¶¶ 17 and 19.

15                                           **ARGUMENT**

16        Pursuant to Rule 7(c) of the Panel's Rules of Procedure, any party can move the Panel for

17 remand of transferred actions, which have not been terminated in the transferee court. The

18 Panel's authority to remand cases in circumstances where pretrial proceedings have been

19 completed, and/or the convenience of parties and witnesses, as well as the interests of justice, are

20 no longer served by continuing involvement in a MDL proceeding, is derived not only from rule

21 7(c), but also implicitly from the provisions of 28 U.S.C. 1470(a). That subsection clearly limits

22 the Panel's transfer authority to "pretrial proceedings," and provides that transfer is authorized

23 where it "will be for the convenience of parties and witnesses, and will promote the just and

24 efficient conduct of such actions." It follows that where no further pretrial proceedings are

25 necessary, where consolidation no longer serves the convenience of parties and witnesses, and

26 does not promote the just and efficient conduct of the transferred actions, the statutory

Page 3 - **MEMORANDUM SUPPORTING MOTION TO REMAND**

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

authorization for consolidation ceases to exist, and remand is in order.  such a construction is

also consistent with (i) the provisions of Rule 7(b) and avoids its redundancy, and (ii) the Panel's

decisions denying transfer of cues that are ready, or nearly ready, for trial.  <u>Amchem Products,</u>

<u>Inc. et al v. Windsor</u>, 521 U.S. 591 (1997); *see e.g.*, <u>In re Reply Tampon Products Liability</u>

<u>Litigation</u>, 533 F.Supp 1346, 1347 (JPML 1982).

Rule 7(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation

governs wheat must be shown for a motion for remand to prevail:

> The Panel is reluctant to order remain absent a suggestion of remand from the transferee district court.  If remand is sought by motion of a party, the motions shall be accompanied by:
>
> (i) an affidavit reciting
>
> (A)  whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if not such request was made, why;
>
> (B)  whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and
>
> (C)  whether all orders of the transferee district have been satisfactorily complied with, and if not, what remains to be done; and
>
> (ii) a copy of the transferee district court's final pretrial order, where such order has been entered.

Here, plaintiffs have made the necessary showings for remand.  Plaintiffs made motions

for suggestions of remand, which the transferee court has denied *de facto* by ignoring them.

Further, plaintiffs have shown that all pretrial proceedings have been completed, including

discovery.  Finally, plaintiffs have shown that all pretrial orders of the court have been complied

with.

Moreover, prospects for settlement have disappeared as these cases have languished in

the transferee court.  Previously, these plaintiffs (and others not involved in the present motions)

sought remand of their MDL cases.  A major reason cited by the Third Circuit in its denial of

plaintiff's Petition for Writ of Mandamus was that "individual settlement negotiations and

Page 4 - **MEMORANDUM SUPPORTING MOTION TO REMAND**

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

1     conferences [were] ongoing." <u>In re Joanne Patenaude</u>, 210 F3d 135, 146 (3rd Cir 2000). that is

2     no longer the case. Despite plaintiffs' efforts, the defendants have not responded to settlement

3     efforts and appear to have abandoned them. The last attempts by plaintiffs' counsel to establish a

4     dialogue with defense counsel regarding settlement made clear that the defendants were not

5     willing to settle these cases for the historical values established for similarly-situated plaintiffs.

6     Now, even the transferee court appears disinclined to schedule settlement conferences.

7         Finally, plaintiffs' counsel is extremely concerned that, far from achieving the just and

8     efficient disposition of the cases, the MDL proceeding will now act as a barrier to this end.

9     Cases will be delayed if they are not remanded, to the detriment of plaintiffs and their witnesses.

10     Many plaintiffs are elderly and dying, or are the widows of deceased workers. None of these

11     plaintiffs have seen fair compensation, many are in dire financial condition, and any further

12     delay will cause significant hardship to these people.

13         Further, defendants have no pecuniary incentive at all to settle these cases because of the

14     appearance that no trial will be forthcoming on these cases in the foreseeable future. Unless and

15     until these cases are remanded back to the United States District Court for the District of Oregon

16     and then placed back on a trial schedule, these cases will remain unresolved.

17                              **CONCLUSION**

18         Notwithstanding any reservation arising from the fact that the transferee court has not

19     formally denied the plaintiffs' motions for suggestion of remand, the Panel should not be

20     reluctant to order remand of these cases to the District of Oregon in the interest of the parties and

21     of justice.

22     /////

23     /////

24     /////

25     /////

26     /////

Page 5 - **MEMORANDUM SUPPORTING MOTION TO REMAND**

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

1      DATED this _____ day of February, 2001.

2

3                                  LANDYE BENNETT BLUMSTEIN LLP

4

5                          By: _____

                               Jeffrey S. Mutnick, P.C., OSB #72178

6                               Of Attorneys for Plaintiff(s)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 6 – **MEMORANDUM SUPPORTING MOTION TO REMAND**

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

# Exhibit "A"
## Oregon Malignancy Cases Represented by Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| | | |
| 3-94-438 | Tilford Aanerud | Mesothelioma |
| 3-96-1742 | Maxine Bex | Mesothelioma |
| 3-95-1337 | Charles Dykstra | Mesothelioma |
| 3-96-586 | Leonard Ehman | Mesothelioma |
| 3-92-549 | Laura Gabelman | Mesothelioma |
| 3-90-1037 | Robert Gorman | Mesothelioma |
| 3-96-116 | Timothy Graham | Mesothelioma |
| 3-93-1593 | Edward Hansen | Lung Cancer |
| 3-96-617 | Roger Hein | Mesothelioma |
| 3-90-758 | Lowell Hembree | Mesothelioma |
| 3-94-20 | Lucia Holt | Mesothelioma |
| 3-92-1227 | Joseph Hoski | Mesothelioma |
| 3-97-372 | Jack Houx | Lung Cancer |
| 3-91-365 | Viola Jones | Mesothelioma |
| 3-95-1028 | William Klock | Mesothelioma |
| 3-93-377 | Emmett Leach | Mesothelioma |
| 3-97-1236 | Evelynne Mathis | Mesothelioma |
| 3-96-59 | Kenneth McClinton | Mesothelioma |
| 3-94-147 | Donald Mehlhorn | Lung Cancer |
| | Gerald Meyers | Mesothelioma |
| 3-91-234 | Richard Morecroft | Mesothelioma |
| 3-93-1595 | Thomas Price | Mesothelioma |
| 3-95-1289 | George Probasco | Mesothelioma |
| 3-93-1014 | Frank Quinlan | Mesothelioma |
| 3-95-55 | Donald Smith | Mesothelioma |
| 3-95-1628 | Arvid Swanson | Mesothelioma |
| 3-94-568 | Jean Tapp | Mesothelioma |
| 3-95-1233 | Dale Vandenburgh | Lung Cancer |
| 3-90-760 | William Wallace | Mesothelioma |
| 3-95-1630 | Opal Williams | Mesothelioma |
| 3-95-1627 & 3-95-953 | Harold Wilson | Mesothelioma |
| 3-90-1201 | Kenneth Zemlicka | Mesothelioma |

Exhibit ___A___
Page ___1___ of ___1___

# Exhibit "A"
## Oregon Non-Malignancy Cases Represented by
## Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| | | |
| 3-99-799 | Eugene Anderson | Asbestosis |
| 3-94-391 | Will Hill Carter | Asbestosis |
| 3-89-1060 | George Cote | Asbestosis |
| 3-92-1582 | Elmer Downing | Asbestosis |
| 3-90-1145 | Robert Ellis | Asbestosis |
| 3-89-1407 | Frank Foley | Asbestosis |
| 3-91-120 | Lawrence Garside | Asbestosis |
| 3-91-484 | Leonard Harlin | Asbestosis |
| 3-95-921 | Robert Hartney | Asbestosis |
| 3-95-1543 | Joseph Headley | Asbestosis |
| 3-94-131 | Everal Housely | Asbestosis |
| 3-99-146 | Earl Johnson | Asbestosis |
| 3-92-839 | Kenneth LaMear | Asbestosis |
| 3-90-132 | Frank Larsen | Asbestosis |
| 3-94-19 | Garry Lynch | Asbestosis |
| 3-90-839 | Robert Maley | Asbestosis |
| 3-98-295 | Thomas Norberg | Asbestosis |
| 3-89-1104 | Donald Orton | Asbestosis |
| 3-96-256 | Leonard Pardue | Asbestosis |
| 3-92-1202 | John Roberts | Asbestosis |
| 3-90-131 | George Wood | Asbestosis |

Exhibit ___B___

Page ___l___ of ___l___

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2001

FILED
CLERK'S OFFICE

1  Jeffrey S. Mutnick, P.C., OSB #72178
   jmutnick@landye-bennett.com
2  LANDYE BENNETT BLUMSTEIN LLP
   Attorneys at Law
3  3500 Wells Fargo Center
   1300 S.W. Fifth Avenue, Suite 3500
4  Portland, Oregon 97201
   503.224.4100
5  503.224.4133 (Facsimile)

6       Of Attorneys for Plaintiff(s)

7                    **BEFORE THE**

8    **JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9                  **DOCKET NO. 875**

10  **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.. VI)**

11  **AFFIDAVIT OF JEFFREY S. MUTNICK IN SUPPORT OF
    PLAINTIFFS' MOTION TO REMAND CERTAIN OREGON
12  MDL 875 ASBESTOS CASES TO TRANSFEROR COURTS**

13  STATE OF OREGON            )
                              ) ss.
14  COUNTY OF MULTNOMAH        )

15

16      JEFFERY S. MUTNICK, being first duly sworn, states as follows:

17      1.    I am an attorney with Landye Bennett Blumstein LLP, counsel for the plaintiffs

18  shown on Exhibits A and B to this motion. My firm and I have our offices in Portland, Oregon.

19  I submit this affidavit in support of Plaintiffs' Motion for Remand Certain Oregon Cases to

20  Transferor Court.

21      2.    As shown on Exhibits A and B, the plaintiffs are divided into two groups for the

22  purposes of this motion. Each case for a plaintiff on Exhibit A involves a malignancy, such as

23  mesothelioma. Each case for a plaintiff on Exhibit B involves a severe but nonmalignant

24  asbestos-related disease, such as asbestosis, calcification of the lung, pleural plaques, and the

25  like.

26  /////

Page 1 - AFFIDAVIT OF JEFFREY S. MUTNICK

P:\Clients\MDL\jsc\Pleadings\Mutnick Affidavit 02-22-01.doc

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

1   3.   On or about October 26, 2000, I filed two motions for suggestion of remand with the
2   United States District Court for the Eastern District of Pennsylvania, the transferee court, one
3   motion for each of the groups of plaintiffs shown on Exhibits A and B.  Copies of the motions
4   and the supporting memoranda and affidavits are attached as Exhibits C and D, and are
5   incorporated herein by reference.

6   4.   The motions for suggestion of remand were made on the grounds that settlement
7   negotiations had not taken place for a number of years and that no pretrial matters remained to be
8   performed.  In addition, for the cases involving malignancies, the motion was further grounded
9   on the fact that such plaintiffs and their families require immediate resolution of their cases.

10   5.   On November 8, 2000, in response to the motions for suggestions of remand, the
11   transferee court scheduled a settlement conference for December 15, 2000.  A copy of the
12   transferee court's scheduling order is attached as Exhibit E.

13   6.   On November 21, 2000, I sent a letter by facsimile and regular mail to the transferee
14   court, advising the court that I could not attend a settlement conference in Philadelphia on
15   December 15 because of a long-standing commitment to attend mediation in a maritime injury
16   case involving a number of lawyers, a commitment I could not reschedule.  I told the transferee
17   court that I was willing to make myself available for a settlement conference any time beginning
18   the first week of January 21, 2001.  A copy of my November 21, 2000 letter is attached as
19   Exhibit F.

20   7.   I received no reply from the transferee court to my November 21, 2000 letter.  On
21   December 5, 13, and 26 2000, I sent more letters to the transferee court, again requesting the
22   court to reschedule the settlement conference for January, 2001.  These letters are attached as
23   Exhibits G, H, and I.

24   8.   I have received no reply from the transferee court to any of my letters, nor have I
25   received a ruling on my motions, which were not opposed by defendants.  I therefore consider
26   the motions to have been denied.

Page 2 - AFFIDAVIT OF JEFFREY S. MUTNICK

**LANDYE BENNETT BLUMSTEIN** LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

9.     No settlement negotiations have taken place between these plaintiffs and these defendants in years.

10.    Settlement conferences were held in December of 1995 and November of 1996 in Philadelphia. After the November 1996 conference, I was directed to exchange information with defendants Owens Corning Fiberglas and E.J. Bartells. I also attempted to contact all defendants to negotiate independently, but to little avail.

11.    On May 30, 1997, I filed a Motion to Remand in the transferee court, but I received no response.

12.    In May of 1998, I appeared before the Multidistrict Litigation Panel and requested, for the reasons stated herein, that the cases listed on Exhibits A and B be returned to the transferor court.

13.    I received an order from the Panel noting the success of the Multidistrict Litigation in settling a number of cases and declining to return the cases noted on Exhibits A and B to the transferor court.

14.    After a delay of one year, I received an order from the transferee court again scheduling settlement conferences. I was given one week within which to schedule a conference call. Ultimately a conference call was held between the more significant defendants and plaintiffs' counsel.

15.    I requested that all defendants request any information necessary in order to fully and completely evaluate the cases set forth in Exhibits A and B. I received limited responses. I offered on two occasions to set aside two complete days of office time, during which I have offered to go through these files in detail with any defendant who believes that information is lacking or there is any discovery remaining. I had no takers. I offered to provide releases for both medical and employment information to any defendant. Our jurisdiction has a service, "MedRecs," which is a regular participant in our discovery process. I offered to make a

/////

Page 3 - AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

1   MedRecs release available to any defendant who had not previously requested such a release.

2   Very few defendants availed themselves of these opportunities.

3   16.   No defendant opposed remand this matter was previously before the Multidistrict

4   Litigation Panel.   None have indicated any opposition since.   I believe that none of the

5   defendants oppose my request to return these cases to the transferor court because the defendants

6   have routinely received fair and equitable treatment from the local court, and the cases have been

7   resolved with a minimum of transaction costs, promptly and efficiently by the transferor court.

8   Prior to the establishment of MDL 875, the average length of time for a resolution of an Oregon

9   case was less than one year, which is also true for Oregon state courts.

10   17.   No pretrial matters exist that require the continued oversight of the transferee court.

11   18.   All discovery in these cases was completed years ago.   Defendants have all pertinent

12   medical information, product identification, and other discovery requested from plaintiffs.

13   Plaintiffs have their discovery from defendants.

14   19.   All orders of the transferee court have been complied with.   The transferee court has

15   not issued a final pretrial order.

16   20.   In the case of the plaintiffs shown on Exhibit A, many of them have died from

17   mesothelioma since these cases were originally filed.   One example is plaintiff Timothy Graham.

18   Mr. Graham was a 49-year-old person with a wife and small children.   He worked during one

19   summer of college with asbestos-containing materials in construction and developed malignant

20   mesothelioma at age 49.   Mrs. Graham has been without funds since his death, relying upon a

21   variety of sources, primarily her church, to support her family.

22   21.   Since these cases were originally filed, several defendants, including Owens Corning,

23   Fibreboard, and (on October 20, 2000) E.J. Bartells have sought Chapter 11 protection.   Had Mr.

24   Graham, the other plaintiffs, and I had the prescience to appreciate the fact that the transferee

25   court would retain jurisdiction over these cases without any activity occurring in them for years,

26   /////

Page 4 - AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

1    they would have been able to file their case in state court and they and their families would have

2    received the substantial compensation to which they are entitled.

3

4        DATED this _____ day of February, 2001.

5                                            LANDYE BENNETT BLUMSTEIN LLP

6

7                                            By: _____

8                                                Jeffrey S. Mutnick, P.C., OSB #72178
                                                 Of Attorneys for Plaintiff(s)

9

10       SUBSCRIBED AND SWORN to before me this *23rd* day of February, 2001.

11

12       ┌─────────────────────────────────────┐
         │            OFFICIAL SEAL             │       *Jennifer R. Sokol Blosser*
13       │   JENNIFER R SOKOL BLOSSER           │       Notary Public for Oregon
         │    NOTARY PUBLIC—OREGON              │
         │    COMMISSION NO. 304840             │
14       │  MY COMMISSION EXPIRES SEP 15, 2001  │
         └─────────────────────────────────────┘

15

16

17

18

19

20

21

22

23

24

25

26

Page  5 - AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2001

FILED
CLERK'S OFFICE

# Exhibit "A"
## Oregon Malignancy Cases Represented by
## Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| | | |
| 3-94-438 | Tilford Aanderud | Mesothelioma |
| 3-96-1742 | Maxine Bex | Mesothelioma |
| 3-95-1337 | Charles Dykstra | Mesothelioma |
| 3-96-586 | Leonard Ehman | Mesothelioma |
| 3-92-549 | Laura Gabelman | Mesothelioma |
| 3-90-1037 | Robert Gorman | Mesothelioma |
| 3-96-116 | Timothy Graham | Mesothelioma |
| 3-93-1593 | Edward Hansen | Lung Cancer |
| 3-96-617 | Roger Hein | Mesothelioma |
| 3-90-758 | Lowell Hembree | Mesothelioma |
| 3-94-20 | Lucia Holt | Mesothelioma |
| 3-92-1227 | Joseph Hoski | Mesothelioma |
| 3-97-372 | Jack Houx | Lung Cancer |
| 3-91-365 | Viola Jones | Mesothelioma |
| 3-95-1028 | William Klock | Mesothelioma |
| 3-93-377 | Emmett Leach | Mesothelioma |
| 3-97-1236 | Evelynne Mathis | Mesothelioma |
| 3-96-59 | Kenneth McClinton | Mesothelioma |
| 3-94-147 | Donald Mehlhorn | Lung Cancer |
| | Gerald Meyers | Mesothelioma |
| 3-91-234 | Richard Morecroft | Mesothelioma |
| 3-93-1595 | Thomas Price | Mesothelioma |
| 3-95-1289 | George Probasco | Mesothelioma |
| 3-93-1014 | Frank Quinlan | Mesothelioma |
| 3-95-55 | Donald Smith | Mesothelioma |
| 3-95-1628 | Arvid Swanson | Mesothelioma |
| 3-94-568 | Jean Tapp | Mesothelioma |
| 3-95-1233 | Dale Vandenburgh | Lung Cancer |
| 3-90-760 | William Wallace | Mesothelioma |
| 3-95-1630 | Opal Williams | Mesothelioma |
| 3-95-1627 & 3-95-953 | Harold Wilson | Mesothelioma |
| 3-90-1201 | Kenneth Zemlicka | Mesothelioma |

Exhibit _____ A _____
Page _____ 1 ____ of __ 1 __

## Exhibit "A"
### Oregon Non-Malignancy Cases Represented by Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
| --- | --- | --- |
| | | |
| 3-99-799 | Eugene Anderson | Asbestosis |
| 3-94-391 | Will Hill Carter | Asbestosis |
| 3-89-1060 | George Cote | Asbestosis |
| 3-92-1582 | Elmer Downing | Asbestosis |
| 3-90-1145 | Robert Ellis | Asbestosis |
| 3-89-1407 | Frank Foley | Asbestosis |
| 3-91-120 | Lawrence Garside | Asbestosis |
| 3-91-484 | Leonard Harlin | Asbestosis |
| 3-95-921 | Robert Hartney | Asbestosis |
| 3-95-1543 | Joseph Headley | Asbestosis |
| 3-94-131 | Everal Housely | Asbestosis |
| 3-99-146 | Earl Johnson | Asbestosis |
| 3-92-839 | Kenneth LaMear | Asbestosis |
| 3-90-132 | Frank Larsen | Asbestosis |
| 3-94-19 | Garry Lynch | Asbestosis |
| 3-90-839 | Robert Maley | Asbestosis |
| 3-98-295 | Thomas Norberg | Asbestosis |
| 3-89-1104 | Donald Orton | Asbestosis |
| 3-96-256 | Leonard Pardue | Asbestosis |
| 3-92-1202 | John Roberts | Asbestosis |
| 3-90-131 | George Wood | Asbestosis |

Exhibit ___B___
Page ___l___ of ___l___

1    JEFFREY S. MUTNICK
     LANDYE BENNETT BLUMSTEIN LLP
2    3500 WELLS FARGO CENTER
     1300 SW FIFTH AVENUE
3    PORTLAND, OREGON 97201
     Telephone: (503) 224-4100
4    Facsimile: (503) 224-4133

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT
9              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

10   IN RE:  ASBESTOS PRODUCTS          )
     LIABILITY LITIGATION (NO. VI),     )    CIVIL ACTION NO. MDL 875
11                                      )
     This Document Relates to:          )
12                                      )
     UNITED   STATES   DISTRICT   COURT )    PLAINTIFF'S SUGGESTION OF
13   FOR DISTRICT OF OREGON             )    REMAND TO TRANSFEROR COURT
                                        )    OF CERTAIN OREGON MALIGNANCY
14                                      )    CASES AND SUPPORTING
     _____  )    MEMORANDUM
15

16

17

18          Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the

19   plaintiffs set forth on the attached Exhibit "A" respectfully suggest that the transferee court remand

20   from the District Court for the Eastern District of Pennsylvania their asbestos cases pending in that

21   court under MDL No. 875 to the transferor court (United States District Court for the District of

22   Oregon), on the grounds that these plaintiffs and their families especially require immediate

23   resolution of their cases given that all of these cases are malignancies.  Further, there are no pretrial

24   matters left to be performed and settlement negotiations have not taken place for a number of years.

25

26

PAGE 1 - PLAINTIFF'S SUGGESTION OF REMAND TO
          TRANSFEROR COURT OF CERTAIN OREGON          LANDYE BENNETT BLUMSTEIN LLP
          MESOTHELIOMA CASES                                Attorneys at Law
                                                      1300 SW Fifth Avenue, Suite 3500
                                                           Portland, Oregon 97201
                                   Exhibit _____C_____    Telephone (503) 224-4100

                                   Page ____1____ of ___11___

1    This MDL proceeding no longer serves the convenience of the parties or the witnesses,

2    promotes the just and efficient conduct of such actions, nor does this proceeding serve the purpose of

3    expediting settlement, and upon the further grounds set forth in the plaintiffs' brief filed herewith.

4    See Amchem Products, Inc. et al. v. Windsor, 521 U.S. 591, 138 L.Ed 2d 689, 117 S.Ct 2231 (1997).

5

6    ("Sprawling" asbestos class does not satisfy requirements of FRCP 23 (a) and 23(b)(3)).  This

7    motion is further supported by the affidavit of Jeffrey S. Mutnick, counsel for plaintiffs (attached as

8    Exhibit "B").

9    While the plaintiffs here seeking remand were part of the plaintiff group in the recent

10   Patenaude decision, their claims involve facts not before the Third Circuit Court of Appeals.  All of

11   the plaintiffs on the attached Exhibit "A" suffer or suffered from malignancies related to their

12   exposure to asbestos.  In most cases, the plaintiffs are now deceased and their grieving families have

13   awaited compensation far too long.  As further described below, there are no pretrial matters left to

14   be performed and remand is appropriate for these malignancy plaintiffs.

15

16                                          MEMORANDUM

17

18   I. INTRODUCTION

19   On July 29, 1991, the Judicial Panel on Multi-District Litigation ("Panel") issued an Order

20   transferring over 20,000 asbestos-related personal injury actions to the Eastern District of

21   Pennsylvania.  The Panel assigned the Honorable Charles Weiner to oversee the coordinated pretrial

22   proceedings and settlement negotiations for these cases.  In an accompanying motion, the Oregon

23   plaintiffs represented by Jeffrey S. Mutnick have requested remand of all of their cases back to the

24

25

26

PAGE 2 - PLAINTIFF'S SUGGESTION OF REMAND TO
         TRANSFEROR COURT OF CERTAIN OREGON
         MESOTHELIOMA CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ C _____

Page _____ 2 of ____ 11

1   transferor court.  This motion only relates to Mr. Mutnick's Oregon clients who were diagnosed with

2   asbestos-related malignancies.

3   II. FACTS

4       A.  The Plaintiffs Suggesting Remand Herein Were all Diagnosed with
5           Malignancies Related to Asbestos Exposure

6       All of the plaintiffs listed on the attached Exhibit "A" were diagnosed with malignancies

7   related to their exposure to asbestos.  Many suffered from malignant mesothelioma.  As the Court

8   knows, this aggressive and invariably-fatal cancer of the lung is only attributable to asbestos

9
10  exposure.

11      B.  This Court has Long Held a Policy of Remanding Malignancy Cases

12      On at least one prior occasion, this Court has remanded a group of Oregon malignancy cases

13  so that they could move forward expeditiously.  In fact, in Patenaude, the Third Circuit recognized

14  that it has been one of the "overriding objectives" of the transferee court to ensure that the "sick and

15
16  dying, their widows and survivors should have their claims addressed first."  In Re:  Joann

17  Patenaude, et al., 210 F.3d 135 (3d Cir. 2000), quoting Carlough v. Amchem, 93-215, at 8 (E.D. Pa.

18  Apr. 15, 1993) (Mem. Op.).  In the spirit of that policy and all legitimate ends of justice, these

19
20  plaintiffs respectfully implore this court to remand their cases back to the transferee court so that a

21  final resolution to their cases may finally be achieved.

22      C.  Discovery Has Long Been Completed in these Cases

23      All discovery in these cases was completed years ago.  Defendants have long been in

24  possession of all of the pertinent medical information, product identification, and all other discovery

25  ever requested from the plaintiffs.  As for plaintiff's discovery, that too was completed years ago.
26

PAGE 3 - PLAINTIFF'S SUGGESTION OF REMAND TO
    TRANSFEROR COURT OF CERTAIN OREGON
    MESOTHELIOMA CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
Telephone (503) 224-4100

Exhibit _____ C

Page ____ 3 of 11

1    Therefore, discovery is no longer at issue in any of these cases and is no longer a reason which

2    justifies their continuation in the transferee court.

3        D.  Settlement Negotiations Ceased Years Ago on These Cases

4        A major reason cited by the Third Circuit court of Appeals in its denial of plaintiffs' Petition

5

6    for Writ of Mandamus in Patenaude was their conclusion that "individual settlement negotiations

7    and conferences [were] ongoing."  In Re:  Joann Patenaude, et al., 210 F.3d 135 (3d Cir. 2000).  That

8    is simply not the case with the plaintiffs now before the court.  No pretrial matters whatever remain

9    with respect to these plaintiffs.  In fact, the retention of these cases in the transferee court has been

10   the prime reason why these cases have not settled.

11

12       The defendants in these cases have fully exploited the Multidistrict Litigation process to

13   abandon settlement negotiations.  The last attempts by plaintiffs' counsel to establish a dialogue with

14   defense counsel regarding settlement made clear that the defendants were not willing to settle these

15   cases for the historical values established for similarly-situated plaintiffs.  Secure in their assurance

16   that no trial will be forthcoming on these cases in the foreseeable future, the defendants have no

17

18   pecuniary incentive at all to settle these cases.  Unless and until the transferee court remands these

19   cases to the United States District Court for the District of Oregon and the cases are placed back into

20   a trial posture, these cases will remain unresolved and the defendants will continue to earn interest

21   on monies that rightfully belong to these dying or deceased malignancy victims and their grieving

22   families.

23

24   ///  ///  ///

25   ///  ///  ///

26

PAGE 4 - PLAINTIFF'S SUGGESTION OF REMAND TO
         TRANSFEROR COURT OF CERTAIN OREGON
         MESOTHELIOMA CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ C _____

Page ____ 4 ____ of ____ 11 ____

1   III.  CONCLUSION

2         For all of the foregoing reasons, plaintiffs respectfully request that the court remand their

3   cases to the United States Court for the District of Oregon so that they may finally be resolved.

4         DATED:  October _26_ , 2000.

5
                                              Respectfully submitted,

6
                                              LANDYE BENNETT BLUMSTEIN LLP

7

8

9   By:_____
                                              Jeffrey S. Mutnick
10                                             OSB No. 72178

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PAGE 5 - PLAINTIFF'S SUGGESTION OF REMAND TO
            TRANSFEROR COURT OF CERTAIN OREGON
            MESOTHELIOMA CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____C_____
Page _____5___ of __11__

# Exhibit "A"
## Oregon Malignancy Cases Represented by
## Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| | | |
| 3-94-438 | Tilford Aanderud | Mesothelioma |
| 3-96-1742 | Maxine Bex | Mesothelioma |
| 3-95-1337 | Charles Dykstra | Mesothelioma |
| 3-96-586 | Leonard Ehman | Mesothelioma |
| 3-92-549 | Laura Gabelman | Mesothelioma |
| 3-90-1037 | Robert Gorman | Mesothelioma |
| 3-96-116 | Timothy Graham | Mesothelioma |
| 3-93-1593 | Edward Hansen | Lung Cancer |
| 3-96-617 | Roger Hein | Mesothelioma |
| 3-90-758 | Lowell Hembree | Mesothelioma |
| 3-94-20 | Lucia Holt | Mesothelioma |
| 3-92-1227 | Joseph Hoski | Mesothelioma |
| 3-97-372 | Jack Houx | Lung Cancer |
| 3-91-365 | Viola Jones | Mesothelioma |
| 3-95-1028 | William Klock | Mesothelioma |
| 3-93-377 | Emmett Leach | Mesothelioma |
| 3-97-1236 | Evelynne Mathis | Mesothelioma |
| 3-96-59 | Kenneth McClinton | Mesothelioma |
| 3-94-147 | Donald Mehlhorn | Lung Cancer |
| | Gerald Meyers | Mesothelioma |
| 3-91-234 | Richard Morecroft | Mesothelioma |
| 3-93-1595 | Thomas Price | Mesothelioma |
| 3-95-1289 | George Probasco | Mesothelioma |
| 3-93-1014 | Frank Quinlan | Mesothelioma |
| 3-95-55 | Donald Smith | Mesothelioma |
| 3-95-1628 | Arvid Swanson | Mesothelioma |
| 3-94-568 | Jean Tapp | Mesothelioma |
| 3-95-1233 | Dale Vandenburgh | Lung Cancer |
| 3-90-760 | William Wallace | Mesothelioma |
| 3-95-1630 | Opal Williams | Mesothelioma |
| 3-95-1627 & 3-95-953 | Harold Wilson | Mesothelioma |
| 3-90-1201 | Kenneth Zemlicka | Mesothelioma |

1   JEFFREY S. MUTNICK
    LANDYE BENNETT BLUMSTEIN LLP
2   3500 WELLS FARGO CENTER
    1300 SW FIFTH AVENUE
3   PORTLAND, OREGON 97201
    Telephone: (503) 224-4100
4   Facsimile: (503) 224-4133

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF PENNSYLVANIA

10  IN RE: ASBESTOS PRODUCTS          )   CIVIL ACTION NO. MDL 875
    LIABILITY LITIGATION (NO. VI),    )
11                                    )   AFFIDAVIT OF JEFFREY S. MUTNICK
    This Document Relates to:         )   IN SUPPORT OF PLAINTIFF'S
12                                    )   SUGGESTION OF REMAND TO
    UNITED   STATES   DISTRICT  COURT )   TRANSFEROR COURT OF CERTAIN
13  FOR DISTRICT OF OREGON            )   OREGON MALIGNANCY CASES AND
                                      )   CERTAIN OREGON CASES AND
14                                    )   SUPPORTING MEMORANDUM
    _____    )

15

16  STATE OF OREGON          )
                             ) ss
17  County of Multnomah       )

18          I, Jeffrey S. Mutnick, having been duly sworn, do hereby depose and say:

19          I represent the plaintiffs set forth on Exhibits "A."

20          (A)    Over a period of approximately seven years, I have filed at least six Motions for

21  Remand to Judge Weiner. Movant has repeatedly suggested remand from the transferee court in

22  accordance with Multidistrict Litigation Panel Rule 14(d).

23          (B)    All common discovery and pretrial proceedings are complete in these cases.

24
            (C)    There are no orders of the transferee court with which plaintiffs have not fully
25
26  complied.

PAGE 1 – AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ C _____
Page _____ 7 of 11 _____

1    Counsel for plaintiffs have repeatedly noted for the court's benefit that, had these cases been

2    remanded to the local district, they would have long been resolved.  The average length of time, prior

3    to the establishment of MDL 875, for a resolution of an Oregon case was less than one year.  Since

4    MDL 875, the average undoubtedly exceeds five years.

5    The remaining cases consist of malignancies and non-malignancies.  These cases have been

6    identified in the current motions by the nature of the plaintiff's disease.  The court in the Eastern

7

8    District of Pennsylvania has continually refused to remand these cases despite the fact that the

9    jurisdiction granted the court pursuant to the Multidistrict Litigation Order has long since lapsed.

10    Settlement conferences were held in December of 1995 and November of 1996 in

11    Philadelphia.

12    After the November 1996 conference, counsel for plaintiffs was directed to exchange

13    information with defendants Owens Corning Fiberglas and E.J. Bartells.  Plaintiff's counsel also

14    attempted to contact all defendants to negotiate independently to little avail.

15

16    On May 30, 1997, I filed a Motion to Remand in the United Sates District Court for the

17    Eastern District of Pennsylvania.  I received no response.

18    In May of 1998, plaintiff's counsel appeared before the Multidistrict Litigation Panel.

19    Plaintiff's counsel requested, for the reasons noted above, that the cases listed on Exhibits "A" be

20    returned to the transferor court.

21

22    After some delay, plaintiff's counsel received an order from the Multidistrict Litigation Panel

23    noting the success of the Multidistrict Litigation in settling a number of cases and declining to return

24    the cases noted on Exhibits "A" to the transferor court.

25

26

PAGE 2 – AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
Telephone (503) 224-4100

Exhibit _____C_____

Page _____8_____ of __11__

1       After a delay of approximately one year, plaintiff's counsel received an order from the

2   Eastern District of Pennsylvania again scheduling settlement conferences.  Counsel was granted one

3   week within which to schedule a conference call.  Ultimately a conference call was held between the

4   more significant defendants and plaintiff's counsel.

5

6       I have requested that all defendants request any information necessary in order to fully and

7   completely evaluate the cases set forth in Exhibits "A".  I have received limited responses.  I have

8   offered on two occasions to set aside two complete days of office time, during which I have offered

9   to go through these files in detail with any defendant who believes that information is lacking or that

10  there is any discovery remaining.  I have offered to provide releases for both medical and

11  employment information to any defendant.  Our jurisdiction has a service "MedRecs" which is a

12  regular participant in our discovery process.  I have offered to make a MedRecs release available to

13  any defendant who has not previously requested such a release.  See Exhibit Two.  Very few

14  defendants have availed themselves of these opportunities.

15

16      It is significant to note that no opposition to remand was raised before the Multidistrict

17  Litigation Panel by any defendant in this litigation.  None of the defendants contacted in the recent

18  conference call opposed remand.  If the goal is to have the cases settled, as noted both by the

19  transferee court and the Multidistrict Litigation Panel, settlement will undoubtedly be accomplished

20  in a just and appropriate manner if these cases are returned to the court of origination.  It is counsel's

21  belief that none of the defendants oppose plaintiff's counsel's request to return these cases to the

22  transferor court because the defendants have routinely received fair and equitable treatment from the

23  local court and the cases have been resolved with the minimum of transaction costs, promptly and

24  efficiently by the transferor court.  Plaintiff is unaware of any defendant in this litigation who

25

26

PAGE 3 – AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ C _____

Page ____ 9 ____ of ___ 11 ___

1   opposes plaintiff's repeated requests to return these cases to the transferor court. In fact, any

2   defendant who is legitimately interested in resolving the cases promptly would favor plaintiff's

3   request to return the cases to the transferor court as the cases would then be promptly resolved.

4          Plaintiff's counsel, in conjunction with other counsel, sought an order from the Third Circuit

5   on a Writ of Mandamus directing this court to remand these cases to the transferor court. The court

6   
7   is familiar with the Third Circuit's opinion in <u>In Re Paatenude</u> which addressed the cases

8   encompassed within this motion. It is plaintiff's counsel's interpretation of the court's ruling that the

9   court believes that some action will be taken in regards to these cases. Malignancies are to receive

10  priority. As noted by the above, there has been absolutely no activity in regards to these cases for

11  several years. As a result of the court's unwillingness to remand these cases, widowers, widows, and

12  
13  children, whose spouses or parents were the victim of a malignant mesothelioma as well as other

14  individuals victimized by asbestos-related diseases, have lost their ability to secure compensation

15  equal to those of other plaintiffs who filed there cases in state court. These plaintiffs will now be

16  relegated to lesser status in regards to Owens Corning, Fibreboard, Pittsburgh Corning, Babcock &

17  Wilcox, and most recently, E.J. Bartells.

18         For example, plaintiff's counsel has repeatedly requested the transfer by this court to the

19  local federal district of the case of Timothy Graham. Mr. Graham was a 49-year old individual who

20  had a wife and small children and had recently returned from his mission in Africa where he was

21  
22  serving as a missionary for the Adventist church. Mr. Graham worked during one summer of college

23  with asbestos-containing materials in construction and developed malignant mesothelioma at age 49.

24  Mrs. Graham has been without funds since his death, relying upon a variety of sources to support her

25  family. Fortunately, most of Mrs. Graham's support has been from her church.

26  

PAGE 4 – AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ C _____
Page ____ 10 ____ of ____ 11 ____

1       As a result of this court's refusal to return Mr. Graham's case to the local district, the primary

2   defendant involved in the litigation, E.J. Bartells, has, effective October 20, 2000, sought Chapter 11

3   protection.  Owens Corning and Fibreboard, two other of the limited number of defendants in

4   Mr. Graham's litigation, have also sought Chapter 11 protection.  Had Mr. Graham and his counsel

5   had the prescience to appreciate that this court would retain jurisdiction over Mr. Graham's case

6   without any activity occurring in it whatsoever, despite an undisputed diagnosis of malignant

7   mesothelioma in a 49-year old man, he would have been able to file his case in state court and his

8    

9   family would have received the substantial compensation to which they are entitled.

10       It is unfair and unjust to these plaintiffs to continue to force them to languish in Philadelphia

11   when their cases could be promptly and equitably resolved in Oregon.  A process exists for trying

12   these cases which was proven to be expeditious and just.  The settlement and pretrial purposes of this

13   court have long since been exhausted.

14       DATED:  October _26_ , 2000.

15    

16                           Respectfully submitted,

17                           LANDYE BENNETT BLUMSTEIN LLP

18

19                           By:

20                               Jeffrey S. Mutnick, P.C., OSB #72178
                            Of Attorneys for Plaintiffs

21

22       SUBSCRIBED AND SWORN to before me this _26_ day of October, 2000.

23

24             OFFICIAL SEAL

25             JENNIFER DOYLE
          NOTARY PUBLIC-OREGON
          COMMISSION NO. 301020
          MY COMMISSION EXPIRES MAY 08, 2001

26                               Notary Public for Oregon
                            My Commission Expires: _05/08/61_

PAGE 5 – AFFIDAVIT OF JEFFREY S. MUTNICK

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon  97201
Telephone (503) 224-4100

Exhibit ____C____
Page ____11____ of ____11____

1 JEFFREY S. MUTNICK
  LANDYE BENNETT BLUMSTEIN LLP
2 3500 WELLS FARGO CENTER
  1300 SW FIFTH AVENUE
3 PORTLAND, OREGON 97201
  Telephone:  (503) 224-4100
4 Facsimile:  (503) 224-4133

5

6

7

8

9     IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA

10

11 IN RE:  ASBESTOS PRODUCTS  )
  LIABILITY LITIGATION (NO. VI), )
               )
12 This Document Relates to:   )  CIVIL ACTION NO. MDL 875
               )
13 UNITED STATES DISTRICT COURT ) PLAINTIFFS' SUGGESTION OF
  FOR DISTRICT OF OREGON   ) REMAND TO TRANSFEROR COURT
14               ) OF CERTAIN OREGON CASES AND
               ) SUPPORTING MEMORANDUM
15 _____ )

16

17

18    Pursuant to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the

19 plaintiffs listed on the attached Exhibit "A" respectfully suggest that the transferee court remand

20 from the District Court for the Eastern District of Pennsylvania their asbestos cases pending in that

21 court under MDL No. 875 to the transferor court (United States District Court for the District of

22 Oregon), on the grounds that there are no pretrial matters to be accomplished and settlement

23 negotiations have not taken place for a number of years.

24

25

26

PAGE 1 - PLAINTIFFS' SUGGESTION OF REMAND TO
    TRANSFEROR COURT  OF CERTAIN OREGON
    CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ D _____

Page _____ 1 _____ of _ 5 _

1       This MDL proceeding no longer serves the convenience of the parties or the witnesses,

2   promotes the just and efficient conduct of such actions, nor does this proceeding serve the purpose of

3   expediting settlement, and upon the further grounds set forth in the plaintiffs' brief filed herewith.

4
5   See Amchem Products, Inc. et al. v. Windsor, 521 U.S. 591, 138 L.Ed 2d 689, 117 S.Ct 2231 (1997).

6   ("Sprawling" asbestos class does not satisfy requirements of FRCP 23 (a) and 23(b)(3)).  This

7   motion is further supported by the affidavit of Jeffrey S. Mutnick, counsel for plaintiffs (attached as

8   Exhibit "B").

9       While the plaintiffs here seeking remand were part of the plaintiff group in the recent

10
11  Patenaude decision, their claims involve facts not before the Third Circuit Court of Appeals.

12  Because **no settlement negotiation whatever** has taken place between these plaintiffs and these

13  defendants in approximately two years, there are **no** pretrial matters necessitating the continued

14  oversight of the transferee court, these cases should be remanded for trial.

15      These plaintiffs have been forced to endure without full compensation for over eight years

16
17  while their cases have languished in the transferee court.  In many cases, the injured parties have

18  died and the widows and heirs deserve to be compensated for the profound losses they have suffered.

19  The only just and equitable course of action is for the transferee court to remand these cases back to

20  the United States District Court for the District of Oregon.

21                              MEMORANDUM

22
23  I. INTRODUCTION

24      On July 29, 1991, the Judicial Panel on Multi-District Litigation ("Panel") issued an Order

25  transferring over 20,000 asbestos-related personal injury actions to the Eastern District of

26

PAGE 2 - PLAINTIFFS' SUGGESTION OF REMAND TO
        TRANSFEROR COURT  OF CERTAIN OREGON
        CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____D_____
Page ____2__ of __5____

1    Pennsylvania.  The Panel assigned the Honorable Charles Weiner to oversee the coordinated pretrial

2    proceedings and settlement negotiations for these cases.

3    II.  FACTS

4
        A.  <u>The Plaintiffs that are Suggesting Remand Herein Were all Diagnosed with Significant</u>
5            <u>Asbestos-Related Diseases</u>

6        The plaintiffs listed on the attached exhibit "A" were all diagnosed with asbestos-related

7    diseases according to the strict guidelines promulgated by the American Thoracic Society for the
8
9    diagnosis of nonmalignant asbestos-related disease.  Of these plaintiffs, the least significant disease

10   afflicting any of them was asbestosis.  There are no less severe diseases represented among these

11   plaintiffs such as mere calcifications of the lung, pleural plaques, and the like.

12
        B.  <u>Discovery Has Long Been Completed in these Cases</u>
13
14       All discovery in these cases was completed years ago.  Defendants have long been in

15   possession of all of the pertinent medical information, product identification, and all other discovery

16   ever requested from the plaintiffs.  As for plaintiff's discovery, that too was completed years ago.

17   Therefore, discovery is no longer at issue in any of these cases and is no longer a reason which

18   justifies their continuation in the transferee court.
19
        C.  <u>Settlement Negotiations Ceased Years Ago on These Cases</u>
20
21       A major reason cited by the Third Circuit court of Appeals in its denial of plaintiffs' Petition

22   for Writ of Mandamus in <u>Patenaude</u> was their conclusion that "individual settlement negotiations

23   and conferences [were] ongoing."  <u>In Re:  Joann Patenaude, et al.,</u> 210 F.3d 135 (3d Cir. 2000).  That

24   is simply not the case with the plaintiffs now before the court.  <u>No pretrial matters whatever remain</u>
25

26

**PAGE 3 - PLAINTIFFS' SUGGESTION OF REMAND TO
TRANSFEROR COURT  OF CERTAIN OREGON
CASES**

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ D _____

Page ____ 3 ____ of ____ 5 ____

1   with respect to these plaintiffs.  In fact, the retention of these cases in the transferee court has been

2   the prime reason why these cases have not settled.

3       The defendants in these cases have fully exploited the Multidistrict Litigation process to

4

5   abandon settlement negotiations.  The last attempts by plaintiffs' counsel to establish a dialogue with

6   defense counsel regarding settlement made clear that the defendants were not willing to settle these

7   cases for the historical values established for similarly-situated plaintiffs.  Secure in their assurance

8   that no trial will be forthcoming on these cases in the foreseeable future, the defendants have no

9   pecuniary incentive at all to settle these cases.  Unless and until the transferee court remands these

10

11  cases back to the United States District Court for the District of Oregon and the cases are placed

12  back on a trial schedule, these cases will remain unresolved and the defendants will continue to earn

13  interest on monies that rightfully belong to the injured parties and their grieving families.

14  III.  CONCLUSION

15      For all of the foregoing reasons, plaintiffs respectfully request that the Court remand their

16

17  cases back to the United States Court for the District of Oregon so that their cases may finally be

18  resolved.

19      DATED: October 26, 2000.

20

21                                          Respectfully submitted,

22                                          LANDYE BENNETT BLUMSTEIN LLP

23                                          By:

24                                              Jeffrey S. Mutnick
                                                OSB No. 72178
25

26

PAGE 4 - PLAINTIFFS' SUGGESTION OF REMAND TO
        TRANSFEROR COURT  OF CERTAIN OREGON
        CASES

LANDYE BENNETT BLUMSTEIN LLP
Attorneys at Law
1300 SW Fifth Avenue, Suite 3500
Portland, Oregon 97201
Telephone (503) 224-4100

Exhibit _____ D
Page ___4___ of ___5___

# Exhibit "A"
## Oregon Non-Malignancy Cases Represented by
## Jeffrey S. Mutnick

| CASE NUMBER | PLAINTIFF | DISEASE |
|---|---|---|
| | | |
| 3-99-799 | Eugene Anderson | Asbestosis |
| 3-94-391 | Will Hill Carter | Asbestosis |
| 3-89-1060 | George Cote | Asbestosis |
| 3-92-1582 | Elmer Downing | Asbestosis |
| 3-90-1145 | Robert Ellis | Asbestosis |
| 3-89-1407 | Frank Foley | Asbestosis |
| 3-91-120 | Lawrence Garside | Asbestosis |
| 3-91-484 | Leonard Harlin | Asbestosis |
| 3-95-921 | Robert Hartney | Asbestosis |
| 3-95-1543 | Joseph Headley | Asbestosis |
| 3-94-131 | Everal Housely | Asbestosis |
| 3-99-146 | Earl Johnson | Asbestosis |
| 3-92-839 | Kenneth LaMear | Asbestosis |
| 3-90-132 | Frank Larsen | Asbestosis |
| 3-94-19 | Garry Lynch | Asbestosis |
| 3-90-839 | Robert Maley | Asbestosis |
| 3-98-295 | Thomas Norberg | Asbestosis |
| 3-89-1104 | Donald Orton | Asbestosis |
| 3-96-256 | Leonard Pardue | Asbestosis |
| 3-92-1202 | John Roberts | Asbestosis |
| 3-90-131 | George Wood | Asbestosis |

Exhibit _____ D _____

Page ___ 5 ___ of ___ 5 ___

LANDYE BENNETT
BLUMSTEIN LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

NOV 2 0 2000

IN RE:  ASBESTOS PRODUCTS          :
LIABILITY LITIGATION (No. VI)      :
                                   x
---------------------------------
    This Document Relates To:      :        CIVIL ACTION NO. MDL 875
                                   :
Law Firm of Landye,                :
Bennett, Blumstein                 :
                                   :    DOCKETED
United States District Court,      :    DATE: 11/20/00 - jag
District of Oregon                 :
(see attached list of cases)       :
---------------------------------x

## N O T I C E   O F   S E T T L E M E N T   C O N F E R E N C E

The Court, having received the request of the plaintiffs to remand the attached list of cases and having determined that further settlement discussions would be appropriate for these cases, hereby sets these matters down for a settlement conference to be held in Courtroom 6B, U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania  19106, on Friday, December 15, 2000, at 10:30 o'clock, AM.  All remaining parties shall immediately exchange any remaining requested information and **shall appear with necessary authority to settle the cases**.  **Plaintiff is directed to make, if not already done, reasonable demands upon the defendants**, and the parties should seek to negotiate these actions prior to the conference date.  **Plaintiff's counsel shall send notice of this settlement conference to all remaining defense counsel.**

**THE COURT NOTES THAT IN MANY RECENT CONFERENCES, BOTH PLAINTIFF AND DEFENSE COUNSEL HAVE APPEARED UNFAMILIAR WITH THEIR CASES AND NOT PREPARED TO MAKE REASONABLE EFFORTS TO NEGOTIATE SETTLEMENTS.**

Date: 11/8/00

BY THE COURT:

CHARLES R. WEINER, J.

Exhibit _____E_____

Page _____1_____ of __2__

# Exhibit "A"

| CASE NUMBER | PLAINTIFF |
|---|---|
|  |  |
| 3-94-438 | Tilford Aanderud |
| 3-96-1742 | Maxine Bex |
| 3-95-1337 | Charles Dykstra |
| 3-96-586 | Leonard Ehman |
| 3-92-549 | Laura Gabelman |
| 3-90-1037 | Robert Gorman |
| 3-96-116 | Timothy Graham |
| 3-93-1593 | Edward Hansen |
| 3-96-617 | Roger Hein |
| 3-90-758 | Lowell Hembree |
| 3-94-20 | Lucia Holt |
| 3-92-1227 | Joseph Hoski |
| 3-97-372 | Jack Houx |
| 3-91-365 | Viola Jones |
| 3-95-1028 | William Klock |
| 3-93-377 | Emmett Leach |
| 3-97-1236 | Evelynne Mathis |
| 3-96-59 | Kenneth McClinton |
| 3-94-147 | Donald Mehlhorn |
|  | Gerald Meyers |
| 3-91-234 | Richard Morecroft |
| 3-93-1595 | Thomas Price |
| 3-95-1289 | George Probasco |
| 3-93-1014 | Frank Quinlan |
| 3-95-55 | Donald Smith |
| 3-95-1628 | Arvid Swanson |
| 3-94-568 | Jean Tapp |
| 3-95-1233 | Dale Vandenburgh |
| 3-90-760 | William Wallace |
| 3-95-1630 | Opal Williams |
| 3-95-1627 & 3-95-953 | Harold Wilson |
| 3-90-1201 | Kenneth Zemlicka |

Exhibit ___E___

Page ___2___ of ___2___

JEFFREY S. MUTNICK, P.C.
*jmutnick@landye-bennett.com*
Admitted in Oregon

November 21, 2000

**VIA FACSIMILE & U.S. MAIL**
**(215) 597-6390**
The Honorable Charles R. Weiner
601 Market Street, Room 6613
Philadelphia, PA  19106

    **Re:**    <u>**Asbestos Products Liability Litigation (No. VI) – MDL 875**</u>\*

Dear Judge Weiner:

    I received your order dated November 8, 2000.  I have had scheduled for several months, a mediation involving a number of lawyers in a maritime case for December 15, 2000.  My client has sustained a significant injury to his leg which will ultimately require amputation and we are attempting to resolve this case without the necessity of litigation.  The statute of limitations runs in February and this is our last opportunity to settle this matter without filing.  It is impossible for me to reschedule that matter.

    I will make myself available at any time the court directs beginning the first week of January 2001.

    Unfortunately, the significant delay that has occurred as noted in my previous motions, has resulted in the loss of the two primary defendants in my clients' litigation.  Those defendants are E.J. Bartells, which went into Chapter 11 on October 20, 2000, and Owens Corning which, as you know, went into Chapter 11 in September 2000, taking with them the Fibreboard Corporation, also a substantial participant in my clients' cases.

    The number of participants in my cases will be substantially fewer than previously due to the above.  Conversely, our state supreme court has resolved issues with ACandS, Inc., in a manner favorable to the plaintiffs and they will have a different discussion with ACandS than they had several years ago at our last settlement conference.  It will take at least 7 to 10 days to determine which defendants remain in the litigation.  I will await your advice as to an alternate date at the court's convenience during the month of January 2001.

              Very truly yours,

              Jeffrey S. Mutnick, P.C.

/jag

*P:\Clients\Asbestos\MDL Litigation\Cor\Weiner ltr re hrg_11-21-00.doc*

Exhibit _____F_____

Page ___1___ of __1__

JEFFREY S. MUTNICK, P.C.
*jmutnick@landye-bennett.com*
Admitted in Oregon

December 5, 2000

**VIA FACSIMILE & U.S. MAIL**
**(215) 597-6390**
The Honorable Charles R. Weiner
601 Market Street, Room 6613
Philadelphia, PA 19106

**Re:**   **Asbestos Products Liability Litigation (No. VI) – MDL 875\***

Dear Judge Weiner:

I wrote the enclosed letter to you on November 21, 2000. As I indicated, I am not available on December 15, 2000 and will need some additional time in any event to provide the information which you request.

In addition, it is my understanding that some of the defendants may be seeking Chapter 11 protection in the next 30 days.

My clients would like to have a settlement conference and if that fails, would like to have their cases remanded as I have noted in my many previous pleadings.

I am concerned that I have not had a response from the court. I want to assure that I am in full compliance with the court's order.

Is there something additional I can do at the court's direction to have this matter rescheduled in January 2001? Thank you for your attention.

Very truly yours,

Jeffrey S. Mutnick, P.C.

/jag
Enclosure
cc:   Bruce Lassman, Clerk

*P:\Clients\Asbestos\MDL Litigation\Cor\Weiner ltr re hrg_2ND_12-5-00.doc*

Exhibit _____ 6
Page _____ 1 of _1_

**LANDYE BENNETT BLUMSTEIN** LLP
A T T O R N E Y S

JEFFREY S. MUTNICK, P.C.
jmutnick@landye-bennett.com
Admitted in Oregon

December 13, 2000

**FILE COPY**

**VIA FACSIMILE & U.S. MAIL**
**(215) 597-6390**
The Honorable Charles R. Weiner
601 Market Street, Room 6613
Philadelphia, PA 19106

Re:     **Asbestos Products Liability Litigation (No. VI) – MDL 875**

Dear Judge Weiner:

I have written twice to advise you that I have a conflict on the 15th of December 2000 and will not be able to attend the settlement conference which you previously noted.

I have asked you in both of my previous letters to advise me as to an alternative date in order to allow me to prepare the necessary information for the defendants and communicate with the defendants consistent with your previous direction.

I have not received a response and I am extremely concerned. I do not want to offend the court by failing to appear on Friday, December 15, 2000, but as I have previously noted, I am unable to appear on that date.

I would appreciate some acknowledgement from your office as to the above.

Thank you for your courtesy.

Very truly yours,

*Jeffrey Mutnick /jag*

Jeffrey S. Mutnick, P.C.

/jag
cc:     Bruce Lassman, Clerk

P:\Clients\Asbestos\MDL Litigation\Cor\Weiner ltr re hrg_3RD_12-13-00.doc

Oregon:  3500 Wells Fargo Center • 1300 S.W. Fifth Ave. • Portland, Oregon 97201 • Tel: 503.224-4100 • Fax: 503.224-4133
Alaska:  701 West Eighth Ave., Suite 1200 • Anchorage, Alaska 99501 • Tel: 907.276-5152 • Fax: 907.276-8433

Exhibit ___H___

Page _____1_____ of _____1_____



JEFFREY S. MUTNICK, P.C.
*pmutnick@landye-bennett.com*
Admitted in Oregon

December 26, 2000



The Honorable Charles R. Weiner
601 Market Street, Room 6613
Philadelphia, PA 19106

        Re:    <u>Asbestos Products Liability Litigation (No. VI) – MDL 875</u>

Dear Judge Weiner:

        I have written on three occasions asking for a date for settlement conference consistent with my most recent motion.

        I have received no response from your office.

        I have advised my clients that a settlement conference was scheduled and that I requested that it be rescheduled due to the limited time available to prepare and a pre-existing conflict.  I have also advised my clients that I have written you three additional letters requesting that the matter be rescheduled.

        As I have indicated in my motion, many of my clients are family of mesothelioma victims.

        You have consistently indicated to counsel and the various courts considering these matters that mesothelioma victims will receive attention.

        Would you please respond to my correspondence and schedule a date granting me sufficient time to notify all of the defendants of the date and provide them with demands.

        Thank you for your attention.

                                        Very truly yours,

                                        Jeffrey S. Mutnick, P.C.

/jag
cc:    All Clients

Oregon:  3500 Wells Fargo Center • 1300 S.W. Fifth Ave. • Portland, Oregon 97201 • Tel: 503.224-4100 • Fax: 503.224-4133
Alaska:   701 West Eighth Ave., Suite 1200 • Anchorage, Alaska 99501 • Tel: 907.276-5152 • Fax: 907.276-8433

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2001

FILED
CLERK'S OFFICE

**SUPPLEMENTAL CERTIFICATE OF SERVICE**

I hereby certify that on March 13, 2001, I served the foregoing **PLAINTIFFS' MOTION TO REMAND CERTAIN OREGON MDL 875 ASBESTOS CASES TO TRANSFEROR COURTS, TOGETHER WITH SUPPORTING MEMORANDUM AND AFFIDAVIT OF JEFFREY S. MUTNICK** on the following individual(s):

Steven K. Blackhust
Ater, Wynne, Hewitt, Dodson & Skerritt
222 S.W. Columbia Ste. 1600
Portland, OR  97201

Duane A. Bosworth II
Davis, Write, Tremain
1300 SW 5th Ave. Ste. 2300
Portland, OR  97201

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Peggy N. Lum
Betts, Paterson & Mines
1215 4th Ave.
600 Financial Center
Seattle, WA  98161

Christopher W. Wood
Clapp, Moroney, Bellagama, et al.
4400 Sohannon Drive Ste. 100
Menlo Park, CA  94025

by regular first class mail.

LANDYE BENNETT BLUMSTEIN LLP

*Carrie Richter*
Carrie Richter, Assistant to James S. Coon, P.C.
Of Attorneys for Plaintiffs

RECEIVED
CLERK'S OFFICE
2001 MAR 14  A 10: 37
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

P:\Clients\MDL\jsc\Service\supp Service.3-13-01.doc

**LANDYE BENNETT BLUMSTEIN LLP**
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon  97201
503.224.4100
503.224.4133 (facsimile)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 2 0 2001

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

1

2   I hereby certify that on February 26, 2001, I served the foregoing **PLAINTIFFS'**

3   **MOTION TO REMAND CERTAIN OREGON MDL 875 ASBESTOS CASES TO**

4   **TRANSFEROR COURTS, TOGETHER WITH SUPPORTING MEMORANDUM AND**

5   **AFFIDAVIT OF JEFFREY S. MUTNICK** on the following individual(s):

6
                        All Counsel on Attached Schedule of Service
7

8   by regular first class mail.

9                        LANDYE BENNETT BLUMSTEIN LLP

10

11   _____
         Linda Wagner, Assistant to James S. Crane, P.C.
12       Of Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page  1 - CERTIFICATE OF SERVICE

LANDYE BENNETT BLUMSTEIN LLP
*Attorneys at Law*
1300 S.W. Fifth Avenue, Suite 3500
Portland, Oregon 97201
503.224.4100
503.224.4133 (facsimile)

*P:\Clients\MDL\jsc\Service\Service.001.doc*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2001 MAR -1  P 4: 34

RECEIVED
CLERK'S OFFICE

The Honorable Charles R. Weiner
601 Market Street, Room 6613
Philadelphia, PA  19106

The Honorable Owen M. Panner
United States Courthouse
1000 SW Third Avenue, Suite 1207
Portland, OR  97204-2902

**James H. Gidley**
Perkins Coie, LLP
1211 SW 5th Avenue, Suite 1500
Portland, OR  97204

Of Attorneys for Asbestos Corporation, Ltd., Rose City
Building Materials. CCR Defendants, Bell Asbestos
Mines, Ltd., Atlas Turner, CE Thurston, Dana
Corporation

**Diane J. Kero**
Gordon, Thomas, Honeywell, et al.
One Union Square
600 University, Suite 2100
Seattle, WA  98101-4185

CCR Defendants
Armstrong World
Asbestos Claims Management Corp.
Certain-Teed Corp.
National Gypsum Company
Turner & Newall, PLC
United States Gypsum Company
Union Carbide Chemicals

**John DeVoe**
Dunn Carney Allen Higgins & Tongue
851 SW 6th Avenue, Suite 1500
Portland, OR  97204-1357

Of Attorneys for AW Chesterton

**Barry L. Groce**
McEwen, Gisvold, Rankin, et al.
1100 SW Sixth Avenue, Suite 1600
Portland, OR  97204

Of Attorneys for ACandS, Inc., A.P. Green Refractories

**Howard I. Hall**
Wolfstone, Panchot & Bloch, P.S.
801 Second Avenue, Suite 1500
Seattle, WA  98104-1577

Of Attorneys for A.P. Green Refractories, ACandS, Inc.,
Dresser Industries, Harbison-Walker

**James Hopkins**
Law Offices of Skellenger Bender
1301 Fifth Avenue, Suite 3401
Seattle, WA  98101-2605

Of Attorneys for Babcock & Wilcox

**James L. Hiller**
Hitt, Hiller & Monfils, LLP
510 SW Third Avenue, Suite 309
Portland, OR  97204

Of Attorneys for W.R. Grace

**James D. Case**
Case & Dusterhoff, LLP
9800 SW Bvtn-Hillsdale Hwy., Suite 200
Beaverton, OR  97005

Of Attorneys for E.J. Bartells Company; U.S. Mineral
Products, Pittsburgh Corning Corporation

**Steven V. Rizzo**
**J. Michael Mattingly**
Seidl & Rizzo
1620 SW Taylor, Suite 350
Portland, OR  97205

Of Attorneys for Paramount Supply, Riley Stoker,
Beadex Manufacturing Co., Congoleum Corp., Brandon
Drying Fabrics, Inc.

**Roger K. Stroup**
Bodyfelt, Mount, Stroup, et al.
65 SW Yamhill Street, Suite 300
Portland, OR 97204

Of Attorneys for Georgia-Pacific, DaimlerChrysler
Corporation

**John M. Silk**
Wilson, Smith, Cochran & Dickerson
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161-1007

Of Attorneys for Metropolitan Life Insurance Company

**Leslie Darby**
Lindsay, Hart, Neil & Weigler
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201

Of Attorneys for Owens Corning (Corp.), Garlock, Inc.

**Bruce M. White**
Mitchell, Lang & Smith
101 SW Main Street, Suite 2000
Portland, OR  97204

Of Attorneys for CH Murphy/Clark-Ullman, Inc.,
Mar-Dustrial Sales, Boise Cascade

**Elizabeth Lampson**
**Rudy R. Lachenmeier**
Lachenmeier Enloe & Rall
9600 SW Capitol Highway
Portland, OR  97219

Of Attorneys for Quimby Welding Supplies, Inc.

**Stephen G. Leatham**
Heurlin Potter Jahn Leatham, et al.
PO Box 611
Vancouver, WA  98666

Of Attorneys for Kaiser Gypsum Co., Inc.

**Kenneth E. Petty**
Williams, Kastner & Gibbs, PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380

Of Attorneys for CBS Corp. (fka Westinghouse Electric
and Viacom), Parker Hannifin, Synkoloid Company

**Heidi L. Mandt**
Schwabe Williamson & Wyatt PC
1211 SW 5th Avenue, Suites 1600-1800
Portland, OR  97204

Of Attorneys for Crown, Cork & Seal; Ford Motor
Company; Allied Signal, Inc.; General Refractories,
Kaiser Aluminum & Chemical Corporation (Kaiser
Refractories), Rapid-American Corporation

**Paul Fortino**
Perkins Coie, LLP
1211 SW 5th Avenue, Suite 1500
Portland, OR  97204

Of Attorneys for General Electric Company

PAGE 2 – SCHEDULE OF SERVICE

Randy J. Aliment
Williams, Kastner & Gibbs, PLLC
601 Union Street, Suite 4100
Seattle, WA  98101-2380

Of Attorneys for North American Refractories, Fraser Boiler Service

Peter Coleman
Brobeck, Phleger & Harrison, LLP
Spear Street Tower
One Market
San Francisco, CA  94105

Of Attorneys for Fiberboard, Owens Corning (Corp.)

George S. Pitcher
Tooze Duden Creamer Frank & Hutchison
333 SW Taylor Street
Portland, OR  97204-2496

Of Attorneys for GAF Corporation, Linnton Plywood Association, Scapa Holdings Georgia, Inc.

Kelly P. Corr
Corr Cronin LLP
1001 Fourth Avenue, Suite 3700
Seattle, WA  98154-1127

Of Attorneys for Asbestos Corporation Ltd., Bell Asbestos Mines, Atlas Turner

Marilyn Litzenberger
Bullivant Houser Bailey, PC
888 SW 5th Avenue, Suite 300
Portland, OR  97204

Of Attorneys for Mannington Mills, Inc.

David P. Morrison
Cosgrave, Vergeer & Kester, LLP
121 SW Morrison, Suite 1300
Portland, OR  97204

Of Attorneys for Burlington Northern & Santa Fe Railway Co.

Ronald E. Bailey
Bullivant Houser Bailey
888 SW 5th Avenue, Suite 300
Portland, OR  97204

Of Attorneys for Cronin Company, B.F. Goodrich Co.

Richard Clinton
David M. Jacobson
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA  98101

Of Attorneys for GTS Drywall Supply Co.

Mark J. Fucile
Stoel Rives Boley Jones & Grey
Standard Insurance Center
900 SW Fifth Avenue, Suite 2300
Portland, OR  97204-1268

Of Attorneys for Owens-Illinois, Inc., General Motors

Alan D. Judy
Karr Tuttle Campbell
1100 SW 6th Avenue, Suite 1212
Portland, OR  97204

Of Attorneys for The Flintkote Company, Flintkote Mines, Ltd.

PAGE 3 – SCHEDULE OF SERVICE

| | |
|---|---|
| **Lori Dedobbelaere**<br>Lachenmeier, Enloe & Rall<br>9600 SW Capitol Highway<br>Portland, OR  97219 | Of Attorneys for Linnton Plywood Association |
| **Frantz Ward**<br>Frantz Ward LLP<br>55 Public Square Building, 19th Floor<br>Cleveland, OH  44113-1999 | Of Attorneys for The Flintkote Company |
| **William B. Crow**<br>Miller Nash LLP<br>111 SW 5th Ave., Suite 3500<br>Portland, OR  97204-3699 | Of Attorneys for 3M (aka Minnesota Mining &<br>Manufacturing Company) |
| **Paul Silver**<br>Lindsay, Hart, Neil & Weigler, LLP<br>1300 SW 5th Avenue, Suite 3400<br>Portland, OR  97201-5696 | Of Attorneys for Carlisle Companies Incorporated, N.I.<br>West |
| **Richard Whittemore**<br>Bullivant Houser Bailey<br>888 SW 5th Avenue, Suite 300<br>Portland, OR  97204 | Of Attorneys for Black Clawson Company |
| **Stewart M. Whipple**<br>Attorney at Law<br>6501 SW Macadam Avenue<br>Portland, OR  97201 | Of Attorneys for Metal Clad Insulation |
| **Katherine Steele**<br>Steele & Sales, P.S.<br>700 5th Avenue, Suite 5511<br>Seattle, WA  98104-5000 | Of Attorneys for Metal Clad Insulation |
| **John Tré Kennedy**<br>Preston Gates & Ellis<br>222 SW Columbia Street, Suite 1400<br>Portland, OR  97201 | Of Attorneys for Asten, Inc. |
| **John R. Dudrey**<br>Williams, Fredrickson, Stark & Littlefield, PC<br>1515 SW 5th Avenue, Suite 844<br>Portland, OR  97201-5447 | Of Attorneys for Hamilton Materials, Inc., American<br>Biltrite Co., Inc. |
| **Kenneth L. Schubert, III**<br>Garvey, Schubert & Barer<br>121 SW Morrison Street, 11th Floor<br>Portland, OR  97204 | Of Attorneys for Goulds Pumps |
| **Christine Dinsdale**<br>Soha & Lang<br>801 Second Avenue, Suite 1210<br>Seattle, WA  98104 | Of Attorneys for Goulds Pumps (National Counsel) |

PAGE 4 – SCHEDULE OF SERVICE

**David J.Ryan**
Tooze Duden Creamer Frank & Hutchison
333 SW Taylor Street
Portland, OR  97204

Of Attorneys for Combustion Engineering

**Ronald W. Atwood**
Attorney at Law
333 SW Fifth Avenue, Suite 200
Portland, OR  97204

Of Attorneys for Anchor Packing Company

**Stephen P. McCarthy**
Lane Powell Spears Lubersky, LLP
601 SW 2nd Avenue, Suite 2100
Portland, OR  97204

Of Attorneys for Crown, Cork & Seal (Local Counsel)

**Barry N. Mesher**
Lane Powell Spears Lubersky, LLP
US Bank Center
1420 5th Ave., Suite 4100
Seattle, WA  98101

Of Attorneys for Crown, Cork & Seal

PAGE 5 – SCHEDULE OF SERVICE

**PANEL SERVICE LIST**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

Richard C. Binzley
Thompson, Hine & Flory, LLP
127 Public Square, Ste. 3900
Cleveland, OH  44114-1216

Edward J. Cass
Gallagher, Sharp, Fulton, et al.
1501 Euclid Avenue, 7th Floor
Cleveland, OH  44115

David A. Damico
burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg.
Independ. Mall East, Ste. 100
Philadelphia, PA  19106

Susan M. Hanson
Stich, Angell, Kreidler, et al.
The Crossings, Ste. 120
250 2nd Avenue South
Minneapolis, MN  55401

Leonard C. Jaques
Jaques Admiralty Law Firm, PC
1370 Penobscot Bldg.
Detroit, MI  48226

David C. Landin
Huton & Williams
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, et al.
PO Box 1792
Mt. Pleasant, SC  29465

Donald A. Powell
Buckingham, Doolittle, et al.
PO Box 1500
Akron, OH  44309

John J. Repcheck
Sharlock, Repcheck & Mahler
3280 USX Tower
600 Grant Bldg.
Pittsburgh, PA  15219

John D. Roven
2190 North Loop W Suite 410
Houston, TX  77018-8008

Richard D. Schuster
Vorys, Sater, Seymour & Pease
PO Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Fl.
Los Angeles, CA  90025

Robert Spinelli
Kelley, Jasons, McGuire, et al.
One Penn Center
1617 JFK Blvd., Suite 1400
Philadelphia, PA  19103

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
PO Box 998
Cedar Rapids, IA  52406

John D. Wilson, Jr.
Wilson, Smith, Cochran, et al.
1215 4th Avenue, 17th Floor
Seattle, WA  98161

PAGE 6 – SCHEDULE OF SERVICE