MDL 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR - 9 2001
FILED
CLERK'S OFFICE

| | |
|---|---|
| EVELYNNE MATHIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3-97-1236 (D. Or.) |
| ) | |
| ASBESTOS CORPORATION, LTD., ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

PLEADING NO. 3112

## OPPOSITION OF DEFENDANT REPRESENTED BY THE CENTER FOR CLAIMS RESOLUTION – T&N LTD. – TO PLAINTIFF'S MOTION TO REMAND

Plaintiff has moved this Panel to remand this case to the United States District Court for the District of Oregon. Plaintiff's motion was filed with the Panel on March 20, 2001, and docketed as pleading number 3092. Defendant T&N Ltd. respectfully submits this Opposition to plaintiff's motion.[1]

Plaintiff's motion asks the Panel to grant extraordinary relief. Plaintiff contends that the Panel should remand her claims to the District of Oregon absent any suggestion from the transferee court that such remand is appropriate. Plaintiff asks the Panel to determine for itself that the pretrial proceedings in this case are complete, despite the fact that the district judge who has overseen this litigation for more than nine years has made no such determination.

---

[1] Although plaintiffs have moved to remand many cases to the District of Oregon, T&N Ltd. is a defendant in only Ms. Mathis' case. Hence, this opposition applies only to that case.

OFFICIAL FILE COPY IMAGED APR 10 '01

As we demonstrate below, the Panel should reject plaintiff's request, and adhere to its general policy of ordering remand only upon a suggestion of the transferee court. See Panel Rule 7.6(d) ("The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court."). The transferee court has implemented a fair and efficient plan for the management of this litigation, which gives priority to plaintiffs with the most serious conditions and which seeks to resolve cases wherever possible through negotiation and settlement. The transferee court has not determined that further settlement efforts in this case would be fruitless. Indeed, the transferee court scheduled a settlement conference in this case for December 15, 2000 – which did not take place because plaintiff's counsel could not attend. Pl. Mem. at 2. Moreover, the MDL-875 docket sheet indicates that on March 23, 2001, Judge Charles R. Weiner scheduled a settlement conference for a group of Oregon cases (that presumably includes this case) for May 3, 2001. As the Third Circuit recently confirmed, these efforts are plainly the sort of "coordinated or consolidated pretrial proceedings" authorized under 28 U.S.C. § 1407, and contemplated by this Panel when it initiated this multidistrict proceeding in 1991. See In re Patenaude, 210 F.3d 134, 144 (3d Cir. 2000). Until plaintiff can convince the transferee court that settlement efforts are futile and that this case is ready for trial – as, apparently, she has not – intervention by the Panel is unwarranted.

## STATEMENT OF FACTS

A.   **Proceedings in MDL No. 875**

The Panel initiated this multidistrict proceeding in 1991 after finding that the more than 30,000 asbestos-related personal injury or wrongful death actions then pending in the federal courts had "reached a magnitude * * * that threatens the administration of justice and that

requires a new, streamlined approach." In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415, 418 (J.P.M.L. 1991). The Panel was heavily influenced by the recommendations of the Judicial Conference Ad Hoc Committee on Asbestos Litigation, whose members were appointed by the Chief Justice, which described the growing number of asbestos claims as a "disaster of major proportions to both the victims and the producers of asbestos products." Id. at 418 (quoting Report of the Judicial Conference Ad Hoc Committee on Asbestos Litigation 1-3 (1991)).

The Panel sought to address these problems by centralizing asbestos-related personal injury and wrongful death claims in the Eastern District of Pennsylvania before the Honorable Charles R. Weiner, an experienced district court judge whom the Panel praised for his "familiar[ity] with the issues in asbestos litigation" and his "track record of accomplishment and successful innovation." Id. at 423. The Panel noted that the transferee court would have the authority to review transferred cases and suggest remand to the Panel as appropriate, and it reminded the parties of its reluctance to order remand absent such a suggestion from the transferee court. Id. at 422 n.8.

By almost any measure, Judge Weiner's efforts have met with great success. The Third Circuit has recognized Judge Weiner's successes in resolving large numbers of cases in MDL No. 875. For example, as of 1996, Judge Weiner had resolved approximately 40,000 cases in MDL No. 875. See In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000). And, Judge Weiner closed almost 20,000 additional cases in MDL No. 875 in 1997 and 1998. See id. This Panel has also consistently noted Judge Weiner's successes. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Jan. 26, 2001) (transfer order), at 2 (Judge Weiner has

closed over 64,000 actions in MDL No. 875).[2]

Despite his successes in facilitating settlements in MDL No. 875, Judge Weiner has not hesitated to suggest that the Panel remand cases for trial when avenues for settlement have been exhausted. The Panel's January 26 Order notes that, as of January 19, 2001, over 1,100 actions or claims had been remanded from MDL No. 875 to the transferor courts. The Panel added that it is "confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed." Id.[3]

**B.    Plaintiff's Motion**

This case was transferred to Judge Weiner for coordinated or consolidated pretrial proceedings from the United States District Court for the District of Oregon. On or about October 26, 2000, plaintiff filed a motion seeking a suggestion of remand in this case. Pl. Mem. at 2. Judge Weiner has apparently not yet ruled on that motion. However, Judge Weiner scheduled a settlement conference for this case on December 15, 2000. That meeting did not take place because plaintiff's counsel had a scheduling conflict. Id.[4] In addition, the MDL-875

---

[2]   See also In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Nov. 22, 2000) (transfer order), at 2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Sept. 28, 2000) (transfer order), at 2.

[3]   See also In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Nov. 22, 2000) (transfer order), at 2 (same); In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Sept. 28, 2000) (transfer order), at 2 (same).

[4]   Although plaintiff asserts that no defendant opposed her motion for remand (Pl. Opp. at 2), that is incorrect. T&N and Armstrong World Industries, Inc. filed a brief opposing remand on

docket sheet (entry 3221) indicates that on March 23, 2001, Judge Weiner scheduled a settlement conference in a group of Oregon cases for May 3, 2001. See Exhibit A hereto. Although counsel has been unable to obtain a copy of the list of cases to be discussed at that conference, that conference presumably involves this case, which was transferred from the District of Oregon.

Plaintiff now asks the Panel to remand this case to the transferor court despite the fact that Judge Weiner has not suggested that this case be remanded. Plaintiff argues that "no further pretrial proceedings are necessary" and that "prospects for settlement have disappeared." Pl. Mem. at 3-4. Therefore, plaintiff contends that the continued inclusion of this case in MDL No. 875 will preclude "the just and efficient disposition of [this case]." Id. at 5.

## ARGUMENT

### THE PANEL SHOULD NOT REMAND THIS CASE ABSENT A SUGGESTION OF REMAND FROM THE TRANSFEREE COURT

This Panel has consistently held that a party seeking remand absent a suggestion of remand from the transferee court faces "a strong burden of persuasion." In re Holiday Magic Sec. & Antitrust Litig., 433 F. Supp. 1125, 1126 (J.P.M.L. 1977). The Panel's reluctance to second-guess the transferee judge as to when remand is appropriate is expressly codified in Panel Rule 7.6(d) and numerous other decisions. E.g., In re Richardson-Merrell, Inc. 606 F. Supp. 715, 716 (J.P.M.L. 1985); In re King Res. Co. Sec. Litig., 458 F. Supp. 220, 222 (J.P.M.L. 1978).

---

the ground that plaintiff had not supplied the discovery materials and engaged in the settlement discussions required under Judge Weiner's Administrative Order No. 3 and Pretrial Order No. 3. See Response of Defendants Represented by the Center for Claims Resolution – Armstrong World Industries, Inc. and T&N plc – to Plaintiff's Motion for a Suggestion of Immediate Remand (C.A. No. MDL 875, filed Nov. 21, 2000) (attached hereto as Exhibit B).

Indeed, in initiating this multidistrict proceeding nine years ago, the Panel expressly reminded parties who might seek remand of their cases of "Rule 14(d)'s expression of the Panel's reluctance to order remand absent a suggestion of remand from the transferee judge." In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. at 422 n.8.[5]

This policy is well-founded. As the Panel has previously stated, "[t]he transferee judge has a special vantage point with respect to the conduct of coordinated or consolidated pretrial proceedings under Section 1407, and his suggestion of remand to the Panel demonstrates that he perceives his role under Section 1407 to have ended." In re King Res. Co. Sec. Litig., 458 F. Supp. at 222. Input from the transferee judge is particularly important here, given the sheer scale of the proceedings in MDL No. 875. The transferee court has an obligation under § 1407 to administer pretrial proceedings in a manner that will be fair to all of the parties before it, and it may have good reasons for delaying remand in this case.

The Panel has consistently followed this policy in MDL No. 875. For example, in a decision dated September 30, 1996, the Panel denied remand of the more than 20,000 cases then pending in MDL No. 875 in the absence of a suggestion of remand from Judge Weiner. The Panel quoted its earlier decision in Holiday Magic to the effect that it gives "great weight" to the transferee judge's determination whether remand is warranted, since that judge "supervises the day-to-day pretrial proceedings," and is best able to determine whether "his role under Section 1407 * * * [has] ended." In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Sept. 30, 1996), at 1-2. The Panel concluded:

---

[5]   Rule 14(d) was amended effective November 2, 1998 and renumbered as Rule 7.6(d). However, the Rule remains, for all relevant purposes, unchanged.

> "We reiterate that Judge Weiner has become thoroughly familiar with the issues in MDL-875 and, especially in light of the unprecedented scale of this docket, is in the best position to determine the further course of the actions before him. We find that the moving parties have failed both (i) to persuade Judge Weiner of the desirability of remand, and (ii) to offer the Panel a valid reason why it should order remand in the absence of a suggestion from Judge Weiner. Accordingly, we will deny remand." Id. at 2.

As noted, plaintiff does not have a suggestion of remand from the trial court. She asserts, however, that she meets the "strong burden of persuasion" to justify remand without a suggestion from the transferor court because pretrial proceedings in this case are complete,[6] and "prospects for settlement have disappeared."

Neither argument is persuasive. First, settlement negotiations are ongoing. Judge Weiner ordered a settlement conference for this case on December 15, 2000 – which did not take place merely because plaintiff's counsel could not attend. And Judge Weiner will presumably attempt to facilitate the settlement of this case during his May 3, 2001 settlement conference for cases transferred from the District of Oregon. Therefore, Judge Weiner is obviously actively attempting to facilitate the settlement of this case.

Second, one year ago, in In re Patenaude, the Third Circuit concluded that the "individual settlement negotiations and conferences" that take place in MDL No. 875 are "coordinated" pretrial proceedings within the meaning of 28 U.S.C. § 1407(a). 210 F.3d at 144. Since those settlement negotiations have not yet been completed with respect to this case,

---

[6]   Plaintiff supports this argument by noting (at 4) that she has complied with Panel Rule 7(d). However, plaintiff's filing of an affidavit pursuant to Rule 7(d) is the minimum required before the Panel will consider plaintiff's motion. The provision of such an affidavit in no way speaks to the merits of the motion itself.

plaintiff's assertion that all "pretrial proceedings" under § 1407 have concluded is plainly incorrect.

The real point is that Judge Weiner is obviously still trying to arrange a settlement in this case – an effort he has not yet concluded. When and if Judge Weiner concludes that negotiations are over, he will suggest remand to this Panel, as he has done many times in the past. Until that time, however, this Panel should allow Judge Weiner's efforts to proceed, and should not order remand without a suggestion from Judge Weiner.

## CONCLUSION

Plaintiff's motion to remand should be denied.

Respectfully submitted,

*/s/*

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud

Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1872
(202) 828-2000

John G. Gaul

Center for Claims Resolution
504 Carnegie Center – 2nd Floor
Princeton, NJ 08540
(609) 951-6000

Attorneys for Defendant Represented by the Center for Claims Resolution – T&N Ltd.

April 9, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2001

FILED
CLERK'S OFFICE

# Exhibit A

```
District Web PACER (v2.3)


[ SELECT EVENTS FROM THE DOCKET REPORT FOR CASE:  2:01md00875
  FOR THE PERIOD 03/16/2001 to 03/28/2001 ]


3/16/01   3218    Certified copy of Conditional Transfer Order (CTO-191) from
                  the Judicial Panel On Multidistrict Litigation Transferring
                  the Cases Listed on the Attached Schedule to the MDL 875
                  for Coordinating or Consolidating Pretrial Proceedings as
                  Assigned to the Honorable Charles R. Weiner. (np)
                  [Entry date 03/16/01]



Docket as of March 26, 2001 8:21 pm                    Page 506

Proceedings include all events.
2:01md875 ASBESTOS PROD LIAB v. , et al                           APPEAL

3/22/01   3219    NOTICE OF SETTLEMENT CONFERENCE RE: JOHNSON SD-MS TO BE
                  HELD AT 10:30 ON 05/03/01; PLAINTIFF'S COUNSEL SHALL SEND
                  NOTICE OF THIS SETTLEMENT CONFERENCE TO ALL REMAINING
                  DEFENSE COUNSEL (SIGNED BY JUDGE CHARLES R. WEINER)
                  03/22/01 ENTERED AND COPIES MAILED. (np)
                  [Entry date 03/22/01]

3/22/01   3220    SHOW CAUSE ORDER RE: BROCK ED-MO THAT A HEARING WILL BE
                  HELD BY TELEPHONE ON PLAINTIFFS' MOTION FOR DISMISSAL AT
                  10:30 ON 03/29/01; PLAINTIFFS' COUNSEL IS DIRECTED TO GIVE
                  NOTICE OF THIS HEARING TO ALL PARTIES REMAINING IN THE
                  CASES BY FAX AND/OR BY TELEPHONE NO LATER THAN 5:00 PM
                  03/22/01, ETC. (SIGNED BY JUDGE CHARLES R. WEINER) 03/22/01
                  ENTERED AND COPIES MAILED; AND FAXED BY CHAMBERS. (np)
                  [Entry date 03/22/01]

3/23/01   3221    NOTICE OF SETTLEMENT CONFERENCE RE: DISTRICT OF OREGON
                  CASES LISTED ON THE ATTACHED SCHEDULE, TO BE HELD AT 10:30
                  ON 05/03/01; PLAINTIFF'S COUNSEL SHALL SEND NOTICE OF THIS
                  SETTLEMENT CONFERENCE TO ALL REMAINING DEFENSE COUNSEL,
                  ETC. (SIGNED BY JUDGE CHARLES R. WEINER) 03/26/01 ENTERED
                  AND COPIES MAILED. (np) [Entry date 03/26/01]

3/26/01   3222    Certified copy of Conditional Transfer Order (CTO-192) from
                  the Judicial Panel On Multidistrict Litigation Transferring
                  the Cases Listed on the Attached Schedule to the MDL 875
                  for Coordinating or Consolidating Pretrial Proceedings as
                  Assigned to the Honorable Charles R. Weiner. (np)
                  [Entry date 03/26/01]

3/26/01   3223    Certified copy of Order Vacating Transfer Order from the
                  Judicial Panel on Multidistrict Litigation hereby Vacates
                  its Transfer Order Filed on 07/29/91 as it Relates to
                  (CANADA) ED-NC 5:89-424. (np) [Entry date 03/26/01]

3/26/01   3224    MOTION BY PLAINTIFF'S CORBIN DC-SC TO REMAND, MEMORANDUM,
                  CERTIFICATE OF SERVICE. (np) [Entry date 03/26/01]

[END OF DOCKET: 2:01md875]
-----------------------------------------------------------------------
                         PACER Service Center
                          Transaction Receipt
```

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |
| EVELYNNE MATHIS, | No. 3-97-1236 (D. Or.) |
| Plaintiff, | |
| v. | |
| ASBESTOS CORPORATION, LTD., | FILED NOV 2 2 2000 |
| Defendants. | |

**RESPONSE OF DEFENDANTS REPRESENTED BY THE
CENTER FOR CLAIMS RESOLUTION –
ARMSTRONG WORLD INDUSTRIES, INC. AND T&N PLC –
TO PLAINTIFF'S MOTION FOR A SUGGESTION OF IMMEDIATE REMAND**

Plaintiff has moved this Court for a suggestion of immediate remand in this case. The above-named defendants oppose plaintiff's motion.

Administrative Order No. 3 and Pretrial Order No. 3 provide that this Court should only suggest remand of a case after the plaintiff has supplied the defendants with the necessary fact information for defense counsel to process the case for settlement, and the parties have exhausted all avenues for settlement. See Administrative Order No. 3, Parts II-IV, VI; Pretrial Order No. 3, §§ 4-5.

This case does not meet the criteria for remand set forth in these orders. Plaintiff has not responded to defendants' interrogatory requests. Thus, plaintiff has not, to date, provided defendants with the information needed to evaluate this case for settlement.

- 2 -

Furthermore, plaintiff has not engaged in any settlement discussions with these defendants concerning this case, either under the auspices of this Court or otherwise. Both Administrative Order No. 3 and Pretrial Order No. 3, however, contemplate that this Court will only suggest cases for remand after the parties and the Court have made extensive settlement efforts.

In short, this case does not meet several of the criteria for remand in Administrative Order No. 3 and Pretrial Order No. 3. Accordingly, this Court should deny plaintiff's motion for a suggestion of immediate remand.

Respectfully submitted,

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud

Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1872
(202) 828-2000

John G. Gaul

Center for Claims Resolution
504 Carnegie Center - 2nd Floor
Princeton, New Jersey 08540
609/951-6000

Attorneys for Defendants Represented by the Center for Claims Resolution – Armstrong World Industries, Inc. and T&N plc

November 21, 2000

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR - 9 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2000, I served a copy of the foregoing Response of Defendants Represented by the Center for Claims Resolution – Armstrong World Industries, Inc. and T&N plc – to plaintiff's Motion for a Suggestion of Immediate Remand by first-class mail, postage prepaid, on:

>Jeffrey S. Mutnick
>Landye, Bennett, & Blumstein, LLP
>3500 Wells Fargo Center
>1300 SW Fifth Avenue
>Portland, Oregon 97201

_____
Adam M. Chud

Case MDL No. 875 Document 3112 Filed 04/09/01 Page 15 of 20

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 9 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of April, 2001, I caused an original, eleven (11) copies, and a computer readable disk copy of the foregoing Opposition of Defendant Represented by the Center for Claims Resolution -- T&N Ltd. -- to Plaintiff's Motion To Remand to be served by hand on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C. 20002-8004

I further certify that, on this 9th day of April, 2001, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on counsel on the attached service list.

I finally certify that, on this 9th day of April, 2001, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA 19106-1797

_____
Adam M. Chud

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2001 APR -9 P 12:41
RECEIVED CLERK'S OFFICE

## SERVICE LIST

The Honorable Charles R. Weiner  
601 Market Street, Room 6613  
Philadelphia, PA 19106

The Honorable Owen M. Panner  
United States Courthouse  
1000 SW Third Avenue, Suite 1207  
Portland, OR 97204-2902

Richard C. Binzley  
Thompson, Hine & Flory, LLP  
127 Public Square, Suite 3900  
Cleveland, OH 44114-1216

Edward J. Cass  
Gallagher, Sharp, Fulton, et al.  
1501 Euclid Avenue, 7th Floor  
Cleveland, OH 44115

David A. Damico  
Burns, White & Hickton  
2400 Fifth Avenue Place  
120 Fifth Avenue  
Pittsburgh, PA 15222

Raymond P. Forceno  
Forceno & Hannon  
Philadelphia Bourse Bldg.  
Independ. Mall East, Suite 100  
Philadelphia, PA 19106

Ellen B. Furman  
Goldfein & Joseph  
Packard Bldg., 17th Floor  
15th & Chestnut Streets  
Philadelphia, PA 19102

Susan M. Hanson  
Stich, Angell, Kreidler, et al.  
The Crossings, Suite 120  
250 2nd Avenue South  
Minneapolis, MN 55401

Leonard C. Jaques  
Jaques Admiralty Law Firm, PC  
1370 Penobscot Bldg.  
Detroit, MI 48226

David C. Landin  
Huton & Williams  
Riverfront Plaza, East Tower  
951 E. Byrd Street  
Richmond, VA 23219

Gene Locks  
Greitzer & Locks  
1500 Walnut Street  
Philadelphia, PA 19102

Ronald L. Motley  
Ness, Motley, Loadholt, et al.  
P.O. Box 1792  
Mt. Pleasant, SC 29465

Donald A. Powell  
Buckingham, Doolittle, et al.  
P.O. Box 1500  
Akron, OH 44309

John J. Repcheck  
Sharlock, Repcheck & Mahler  
3280 USX Tower  
600 Grant Bldg.  
Pittsburgh, PA 15219

John D. Roven  
9575 Katy Freeway, No. 400  
Houston, TX 77024

Richard D. Schuster  
Vorys, Sater, Seymour & Pease  
P.O. Box 1008  
Columbus, OH 43216

- 2 -

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Fl.
Los Angeles, CA 90025

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
Philadelphia, PA 19103

Robert Spinelli
Kelley, Jasons, McGuire, et al.
One Penn Center
1617 JFK Blvd., Suite 1400
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
P.O. Box 998
Cedar Rapids, IA 52406

John D. Wilson, Jr.
Wilson, Smith, Cochran, et al.
1215 4th Avenue, 17th Floor
Seattle, WA 98161

James H. Gidley
Perkins Coie, LLP
1211 SW 5th Avenue, Suite 1500
Portland, OR 97204

Diane J. Kero
Gordon, Thomas, Honeywell, et al.
One Union Square
600 University, Suite 2100
Seattle, WA 98101-4185

John DeVoe
Dunn Carney Allen Higgins & Tongue
851 SW 6th Avenue, Suite 1500
Portland, OR 97204-1357

Barry L. Groce
McEwen, Gisvold, Rankin, et al.
1100 SW Sixth Avenue, Suite 1600
Portland, OR 97204

Howard I. Hall
Wolfstone, Panchot & Bloch, P.S.
801 Second Avenue, Suite 1500
Seattle, WA 98104-1577

James Hopkins
Law Offices of Skellenger Bender
1301 Fifth Avenue, Suite 3401
Seattle, WA 98101-2605

James L. Hiller
Hitt, Hiller & Monfils, LLP
510 SW Third Avenue, Suite 309
Portland, OR 97204

James D. Case
Case & Dusterhoff, LLP
9800 SW Bvtn-Hillsdale Hwy., Suite 200
Beaverton, OR 97005

Jeffrey S. Mutnick
Landye, Bennett, Blumstein, LLP
1300 S.W. Fifth Avenue, Suite 3500
Portland, OR 97201

Steven V. Rizzo
J. Michael Mattingly
Seidl & Rizzo
1620 SW Taylor, Suite 350
Portland, OR 97205

Roger K. Stroup
Bodyfelt, Mount, Stroup, et al.
65 SW Yamhill Street, Suite 300
Portland, OR 97204

John M. Silk
Wilson, Smith, Cochran & Dickerson
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161-1007

Bruce M. White
Mitchell, Lang & Smith
101 SW Main Street, Suite 2000
Portland, OR 97204

Stephen G. Leatham
Heurlin Potter Jahn Leatham, et al.
P.O. Box 611
Vancouver, WA 98666

Heidi L. Mandt
Schwabe Williamson & Wyatt PC
1211 SW 5th Avenue, Suites 1600-1800
Portland, OR 97204

Randy J. Aliment
Williams, Kastner & Gibbs, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380

George S. Pitcher
Tooze Duden Creamer Frank & Hutchison
333 SW Taylor Street
Portland, OR 97204-2496

Marilyn Litzenberger
Bullivant Houser Bailey, PC
888 SW 5th Avenue, Suite 300
Portland, OR 97204

Ronald E. Bailey
Bullivant Houser Bailey
888 SW 5th Avenue, Suite 300
Portland, OR 97204

Leslie Darby
Lindsay, Hart, Neil & Weigler
1300 S.W. Fifth Avenue, Suite 3400
Portland, OR 97201

Elizabeth Lampson
Rudy R. Lachenmeier
Lachenmeier Enloe & Rall
9600 SW Capitol Highway
Portland, OR 97219

Kenneth E. Petty
Williams, Kastner & Gibbs, PLLC
601 Union Street, Suite 4100
Seattle, WA 98101-2380

Paul Fortino
Perkins Coie, LLP
1211 SW 5th Avenue, Suite 1500
Portland, OR 97204

Peter Coleman
Brobeck, Phleger & Harrison, LLP
Spear Street Tower, One Market
San Francisco, CA 94105

Kelly P. Corr
Corr Cronin LLP
1001 Fourth Avenue, Suite 3700
Seattle, WA 98154-1127

David P. Morrison
Cosgrave, Vergeer & Kester, LLP
121 SW Morrison, Suite 1300
Portland, OR 97204

Richard Clinton
David M. Jacobson
Dorsey & Whitney LLP
1420 Fifth Avenue, Suite 3400
Seattle, WA 98101

- 4 -

Mark J. Fucile  
Stoel Rives Boley Jones & Grey  
Standard Insurance Center  
900 SW Fifth Avenue, Suite 2300  
Portland, OR 97204-1268

Lori Dedobbelaere  
Lachenmeier, Enloe & Rall  
9600 SW Capitol Highway  
Portland, OR 97219

William B. Crow  
Miller Nash LLP  
111 SW 5th Avenue, Suite 3500  
Portland, OR 97204-3699

Richard Whittemore  
Bullivant Houser Bailey  
888 SW 5th Avenue, Suite 300  
Portland, OR 97204

Katherine Steele  
Steele & Sales, P.S.  
700 5th Avenue, Suite 5511  
Seattle, WA 98104-5000

John R. Dudrey  
Williams Fredrickson Stark & Littlefield PC  
1515 SW 5th Avenue, Suite 844  
Portland, OR 97201-5447

Christine Dinsdale  
Soha & Lang  
801 Second Avenue, Suite 1210  
Seattle, WA 98104

Ronald W. Atwood  
Attorney at Law  
333 SW Fifth Avenue, Suite 200  
Portland, OR 97204

Alan D. Judy  
Karr Tuttle Campbell  
1100 SW 6th Avenue, Suite 1212  
Portland, OR 97204

Frantz Ward  
Frantz Ward LLP  
55 Public Square Building, 19th Floor  
Cleveland, OH 44113-1999

Paul Silver  
Lindsay, Hart, Neil & Weigler, LLP  
1300 SW 5th Avenue, Suite 3400  
Portland, OR 97201-5696

Stewart M. Whipple  
Attorney at Law  
6501 SW Macadam Avenue  
Portland, OR 97201

John TréKennedy  
Preston Gates & Ellis  
222 SW Columbia Street, Suite 1400  
Portland, OR 97201

Kenneth L. Schubert, III  
Garvey, Schubert & Barer  
121 SW Morrison Street, 11th Floor  
Portland, OR 97204

David J. Ryan  
Tooze Duden Creamer Frank & Hutchison  
333 SW Taylor Street  
Portland, OR 97204

Stephen P. McCarthy  
Lane Powell Spears Lubersky, LLP  
601 SW 2nd Avenue, Suite 2100  
Portland, OR 97204

Barry N. Mesher
Lane Powell Spears Lubersky, LLP
US Bank Center
1420 5th Avenue, Suite 4100
Seattle, WA 98101