FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2001 APR -4 PM 3: 15
APR 11 2001
LORETTA G. WHYTE
CLERK
FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL RODRIGUEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 01-0586 |
| ACANDS, INC., ET AL. | SECTION: "R"(4) |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this action to state court pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants plaintiffs' motion.

I. **Background**

This case arises from plaintiff's alleged exposure to asbestos. He filed this action in Civil District Court for the Parish of Orleans, Louisiana, on November 24, 1999, alleging that he had contracted mesothelioma, a type of cancer, from asbestos exposure. The complaint in this matter named numerous defendants involved in the mining, distribution, sales, production, manufacturing, installation, and use of asbestos. The complaint also alleged a conspiracy among the defendants to cover up the

MDL- 075
RECOMMENDED ACTION
Approved/Date: MR 4/10

DATE OF ENTRY
APR 5 2001

Fee
Process
X Dktd
CtRmDep
Doc.No

IMAGED APR 12 '01

health risks of exposure to asbestos. At the time of the filing of the original complaint, the parties in this matter were not diverse for purposes of removal and federal jurisdiction. On March 2, 2000, plaintiff died. As a result, the complaint was amended to substitute his children as parties and to add wrongful death causes of action. On February 5, 2001, the parties appeared in state court to begin trial. On the morning of trial, the state court allowed plaintiffs a 60-day continuance in order to amend the complaint in response to defendants' motion in limine, which asserted that plaintiffs had not sufficiently pled fraud and conspiracy. In addition, plaintiffs voluntarily dismissed the final non-diverse defendant pursuant to a settlement agreement, thereby leaving only Kaiser Aluminum and Chemical Corporation ("Kaiser") and T&N, PLC ("T&N") as defendants. On March 7, 2001, defendants removed the matter to this Court. The following day, T&N filed for summary judgment in state court. Trial is scheduled in state court for May 1, 2001.

## II. Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal. De Aguilar v. Boeing Co., 47

2

F.3d 1404, 1408 (5th Cir. 1995)(*De Aguilar II*). *See also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)("[T]he jurisdictional facts that support removal must be judged at the time of removal ...."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over the subject matter of all actions in which (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs and (2) complete diversity of citizenship exists between the plaintiffs and the defendants. Plaintiffs now move to remand the case to state court arguing that defendants' removal was untimely under 28 U.S.C. § 1446(b) and that the notice of removal is defective because T&N did not submit its consent to removal.

### A. Timeliness of Removal

Plaintiffs argue that removal was untimely. The timeliness of a petition for removal is governed by 28 U.S.C. § 1446(b). Section 1446(b) provides in pertinent part that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

3

> removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added). Section 1332 provides for diversity jurisdiction.

The Fifth Circuit interprets section 1446(b) to provide a two-step test to determine whether a defendant has timely removed. *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992). The first paragraph of section 1446(b) applies to cases that are removable as initially filed. The second paragraph of section 1446(b) applies to cases that are not removable at the time they are originally filed, but become removable at a later time. *See Johnson, et al. v. Heublein Inc.*, 227 F.3d 236, 241 (5th Cir. 2000) (*citing New York Life Ins. Co. v. Deshotel, et al.*, 142 F.3d 873, 866 (5th Cir. 1998)). Therefore, if the case is not originally removable, a defendant may remove a case within thirty days upon discovery that the case is removable; however, no case may be removed from state to federal court based on diversity of citizenship more than one year after the commencement of the action. *See* 28 U.S.C. § 1446(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69, 117 S. Ct. 467, 473 (1996).

The parties do not dispute that the case was not removable

4

initially; however, they do dispute whether defendants' removal was timely under § 1446(b). The original complaint was filed on November 24, 1999. Defendants removed on March 7, 2001, over fifteen months later. Plaintiffs argue that the removal was untimely under § 1446(b) based on the one-year limitation in the second sentence of that section. Defendants argue that the Court should take cognizance of equitable considerations to avoid applying the one-year limitation of § 1446(b).

The Court finds that the one-year limitation of § 1446(b) precludes removal under the plain meaning of the statute. Courts look to state law to determine when an action commences under § 1446(b). *See Deshotel*, 142 F.3d at 885; *Howell v. St. Paul Fire and Marine Ins. Co.*, 955 F. Supp. 660, 663 (M.D. La. 1997); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998). In Louisiana, an action commences when it is filed. *See* LA. CODE CIV. PROC. art. 421; *Deshotel*, 142 F.3d at 885. In addition, removal statutes are to be construed narrowly and in favor of remand. *See Willy v. Coastal Corp.*, 885 F.2d 1160, 1164 (5th Cir. 1988). Section 1446(b) does not contain a provision allowing for a new party or claim to reset the one-year time period. Nor does the statutory language indicate that the one-year time period is party or claim specific. *See Sasser v. Ford Motor Co.*, 126 F. Supp.2d 1333, 1336 (M.D. Ala. Jan. 21,

5

2001) (granting a motion to remand under § 1446(b) for untimely removal based on the one-year limit, holding that, for purposes of removal statute, "commencement of the action" refers to commencement of the action as originally filed, not when a party or claim is added); see also Lytle v. Lytle, 982 F. Supp. 671, 674 (E.D. Mo. 1997) (holding failure to remove within one year of commencement of action required remand despite the addition of defendant by amended complaint); Price v. Messer, 872 F. Supp. 317, 320-21 (S.D. W. Va. 1995) (same). The Court finds that the statutory language is clear, and its plain meaning requires remand.

Further, even if the statutory language were not clear, it is obvious from the legislative history of this provision that its purpose was to reduce the opportunity for removal late in the proceedings, because this can result in disruption or delay of the action. See H.R. Rep. No. 889, 100th Cong., 2d Sess. (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032-33. The House Report states, "[s]ubsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of *reducing the opportunity for removal after substantial progress has been made in state court.*" See id. (emphasis added). Thus, Congress was concerned with allowing parties to remove a case after the case has made substantial

6

progress in state court.

Defendants argue that a "revival" exception should apply in this case, claiming that the amended complaint was essentially a new action. Defendants rely on the revival rule invoked in *Johnson v. Heublein, Inc.*, 227 F.3d 236, 242. In *Heublein*, the court dealt with the first paragraph of § 1446(b) and found that the one-year limitation only applied to cases falling under the second paragraph of that section. *See id.* at 243. The clear implication of this holding is that if the one-year time limit had applied, the court would not have invoked revival. Accordingly, *Heublein* provides no support for applying the revival rule here. Further, the Court finds that revival would not apply in any event because the amended complaint did not create a new case that would warrant invoking the revival exception. Both defendants were originally parties to the case and all of the claims arise out of the asbestos exposure and subsequent injury and death of Daniel Rodriguez. Accordingly, because defendants did not remove within one-year of the commencement of the action and the action has made substantial progress in state court, the Court grants plaintiffs' motion to remand.

7

### B. Improper Removal Procedure

Plaintiffs also allege that T&N did not maintain its consent to removal because it filed a summary judgment motion in state court after it consented to removal. Because the Court grants the motion to remand for failure to comply with § 1446(b), it need not address this issue.

### III. Conclusion

For the reasons stated above, the Court grants plaintiffs' motion to remand to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana this ___ day of April, 2001.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT