MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 16 2001

FILED
CLERK'S OFFICE

PLEADING NO. 3128

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | *  MDL DOCKET NO. 875 |
| CONDITIONAL TRANSFER ORDER (CTO-192) TAG ALONG CASES FILED MARCH 6, 2001 | * * * |
| *Turner, et al. v. Mine Safety Appliances Co. et al.*, E.D. La, C.A. No. 01-0325 | * * |

**MEMORANDUM OF AMERICAN OPTICAL CORPORATION
IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO IN
<u>TURNER, ET AL. V. MINE SAFETY APPLIANCES CO., ET AL., E.D. LA, NO. 01-0325</u>**

**MAY IT PLEASE THE COURT:**

This case arises out of the death of David Turner, a former employee of Johns-Mansville, who allegedly died of asbestos-induced lung cancer caused by occupational exposure to asbestos at a Johns-Mansville plant located in Marrero, Louisiana. Plaintiffs seek to vacate the Conditional Transfer Order ("CTO") transferring this suit to the asbestos MDL on the grounds that this case is not an "asbestos case," but instead is a "respirator case," and the original order transferring all federal asbestos cases to the MDL was never intended to cover

OFFICIAL FILE COPY
IMAGED APR 17 '01

"respirator cases." American Optical Corporation ("American Optical") opposes plaintiffs' motion to vacate because plaintiffs are seeking survival action and wrongful death damages under Louisiana law arising out of Mr. Turner's alleged exposure to asbestos; therefore, this is an "asbestos case" which is properly the subject of the MDL.

In In re: Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 416 (Jd. Pan. Mult. Lit. 1991), Judge Nangle established the MDL after "the Panel issued an order to show cause why all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum under 28 U.S.C. §1407." Judge Nangle noted that parties in such actions might urge that inclusion of their actions in the MDL is inappropriate, but weighing the interest of all plaintiffs and all defendants, the Panel concluded "that centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary." Id., at 420.

The common link among all of the cases transferred to the MDL is that they consist of asbestos personal injury actions and/or wrongful death or survival actions arising out of injuries and death caused by asbestos exposure. Consequently, plaintiffs' argument that this case, which is a wrongful death and survival action arising out of an alleged asbestos-induced lung cancer, is not a proper "tag-along action" is unpersuasive, especially in light of the fact

that American Optical is a party to other tag-along actions in the MDL. See Rules 1.1, 7.4, & 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459 ("MDL Rules")

Plaintiffs' arguments are particularly weak in light of the fact that the decedent's injuries and death were allegedly caused by asbestos exposure at a Johns-Mansville plant. This court is keenly aware of Johns-Mansville's involvement in asbestos litigation, and the MDL is clearly the proper forum to perform discovery relating to Johns-Mansville. This case raises issues of whether the executive officers of Johns-Mansville were negligent in causing or contributing to Mr. Turner's death, the identities of asbestos products to which Mr. Turner was exposed, the identities of the persons or entities which supplied asbestos to Johns-Mansville, the identities of the persons or entities which manufactured asbestos products used at the Johns-Mansville Marrero plant, and the respiratory protection afforded Mr. Turner during his employment with Johns-Mansville. See e.g., Davis v. Johns-Mansville Products, 766 F. Supp. 505 (E.D. La 1991); Asbestosis v. Bordelin, Inc., 96-0525 (La. App. 4th Cir. 10/21/98); 726 So. 2d. 926; Cole v. Celotex Corp., 599 So. 2d. 1058 (La. 1992).

Accordingly, plaintiffs' argument that this is merely a "respirator case" rings hollow because all of the issues relating to Mr. Turner's exposure to asbestos are pertinent to the

resolution of this case. The mere fact that plaintiffs only sued American Optical does not change this fact because American Optical's alleged liability cannot be adjudged in a vacuum, but must be assessed against all parties who may have caused or contributed to Mr. Turner's death.

Finally, in their memorandum, plaintiffs site two cases, <u>Sansonni v. Mine Safety Appliances Co.</u> and <u>Russell v. Mine Safety Appliances Co.</u>, which they claim were remanded from the MDL on the grounds that they were "respirator cases." While it is true that Judge Weiner issued a "Suggestion of Remand" in those cases, undersigned counsel was advised by the Clerk of the Panel that a Conditional Remand Order was never issued in those cases pursuant to Rule 7.6(f) of the <u>MDL Rules</u>. A copy of the "Suggestion of Remand" is attached hereto as Exhibit "A." In addition, nowhere in the "Suggestion of Remand" does it state that the cases should be remanded because they are "respirator cases." Instead, Judge Weiner suggested that the cases should be remanded because "few defendants remain for trial." Exhibit "A," at page 1. However, the suggested remands were limited because Judge Weiner severed the punitive or exemplary damage claims so that the MDL retained jurisdiction over those claims. <u>Id.</u>, at page 1 & 2. Accordingly, the cases of <u>Sansonni v. Mine Safety Appliances Co.</u> and <u>Russell v. Mine Safety Appliances Co.</u> do not support plaintiffs' arguments that the CTO should be vacated.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 16 2001

FILED
CLERK'S OFFICE

**WHEREFORE**, for the foregoing reasons of fact and law, American Optical respectfully suggests that the motion to vacate of plaintiffs should be denied.

Respectfully submitted,

_____
Thomas R. Blum, No. 03170
Christina H. Belew, No. 01244
Douglas W. Redfearn, No. 21042
**SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.**
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
(504) 569-2030

Attorneys for American Optical Corporation

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following counsel by facsimile, by hand delivery or by placing a copy of same in the United States mail, postage prepaid and properly addressed, this 9th day of April, 2001.

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square, 3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Rodney P. Vincent
Gertler, Gertler, Vincent & Plotkin
Gertler Building, 3rd Floor
127 Carondelet Street
New Orleans, LA 70130

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Loretta G. Whyte, Clerk of Court
500 Camp Street, Room C-151
New Orleans, LA 70130

K:\DATA\K\01830720\Pleadings\ResponseMDL.wpd

LAE-2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

1999 OCT 12 P 2:56

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY  :
LITIGATION (NO. VI)                 :
                                    :
_____ x

This Document Relates to:           :   CIVIL ACTION NO. MDL 875

Law Firm of Gertler, Gertler,       :
Vincent & Plotkin                   :
                                    :   LAE-2
United States District Court        :
Eastern District of Louisiana       :

SANSONNI, C.A.No. 96-2922  N
RUSSELL, C.A.No. 96-3785   C

[In the event the above-listed case :
is a multiple plaintiff (victim)    :
action, this transfer is for the    :
above-named party only, or said     :
party's representative, and any     :
spousal or dependent actions.]      :
_____ x

### SUGGESTION OF REMAND

THESE MATTERS being reviewed this date upon Plaintiff's Motion To Remand to the United States District Court for the Eastern District of Louisiana, and the Court having reviewed these cases and having had settlement conferences with the parties, and now believing that such motion is appropriate since few defendants remain for trial;

THE COURT FINDS that the issue of punitive damages must be resolved at a further date with regard to the entire MDL action,



Fee _____
Process _____
X Dktd _____
✓ CtRmDep _____
Doc.No. _____

and therefore any claims for punitive or exemplary damages are hereby ORDERED severed from these cases and retained by the Court within its jurisdiction over MDL 875 in the Eastern District of Pennsylvania.

THE COURT SUGGESTS that the cases listed upon the attachment should now be REMANDED to the United States District Court for the Eastern District of Louisiana for such further action as may be deemed proper by that Court.

BY THE COURT:

Date: 10/4/99

Charles R. Weiner            J.

2

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF PENNSYLVANIA
US COURTHOUSE
401 MARKET STREET
PHILADELPHIA PA 19106-1797

MICHAEL E. KUNZ
CLERK OF COURT

CLERK'S OFFICE
ROOM 2409
TELEPHONE
(215) 597-6645

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (VI) MDL 875

Dear Clerk:

Enclosed please find executed orders pertaining to the referenced litigation. Since our clerk's office is not maintaining the court records on the involved 70,000 actions, we are forwarding these orders to you for summary entry on the individual dockets, distribution to counsel of record and other appropriate action.

Thank you in advance for your time and attention. If you have any questions, please call me at the number listed above.

Sincerely,

MICHAEL E. KUNZ
CLERK OF COURT

Aida Ayala
MDL Coordinator

aa

enclosure: order(s)