JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2001

FILED
CLERK'S OFFICE

DOCKET NO. 875

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Weldon R. Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226

*BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-69 (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesting that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the action is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 192 F.R.D. at 461, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is

(continued...)

IMAGED APR 20 '01

- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of *Moake* in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Weldon R. Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

[2]Plaintiffs in *Moake* have argued that, by virtue of a summary judgment previously entered in favor of the sole defendant in the action, *Moake* falls outside the scope of Section 1407, which authorizes the Panel to transfer only for pretrial proceedings. We note that all parties to *Moake* agree that the Texas Supreme Court's ruling in another Texas asbestos personal injury case necessitates vacatur of the *Moake* court's order dismissing the action's sole defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including discovery and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the *Moake* court's previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer under Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersuasive in light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the *Moake* court to vacate its dismissal order.