MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 6 2001

FILED
CLERK'S OFFICE

1   DAVID R. DONADIO, ESQ., S.B. #154436
    OREN P. NOAH, ESQ., S.B. #136310
2   BRAYTON ❖ PURCELL
    ATTORNEYS AT LAW
3   222 Rush Landing Road
    Novato, California  94945
4   (415) 898-1555

5   Attorneys for Plaintiff

6

7

8                 **JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9

10  RICKY OXFORD,                    )   Case No. N.D. California, C.A. No.3:01-869
                                     )
11              Plaintiff,           )   PLAINTIFF'S MOTION TO VACATE
                                     )   CONDITIONAL TRANSFER ORDER;
12  vs.                              )   BRIEF IN SUPPORT OF MOTION
                                     )
13  A.H. VOSS CO., et. al.,          )
                                     )
14              Defendants.          )
                                     )
15  _____/

16

17          Plaintiff, RICKY OXFORD, hereby files this Motion to Vacate the Judicial Panel's

18  order transferring this case to the Eastern District of Pennsylvania for consolidation with

19  Multidistrict Litigation Panel (MDL) #875.  Plaintiff bases this motion on the ground that

20  transfer to the MDL is inappropriate because this is not properly a federal case.

21          This case was improperly removed from the State Court of California in and for the

22  County of San Francisco, California. The notice of removal is deficient on its face.  Plaintiff has

23  filed a motion for remand in the federal district court for the Northern District of California

24  which is scheduled to be heard on May 10, 2001.  This case should not be transferred to the

25  MDL until that district court has had an opportunity to rule on plaintiff's motion.  When it does

26  ///

27  ///

28  ///

K:\CLIENTS\24361\VACATE.DOC

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN
SUPPORT OF MOTION

**OFFICIAL FILE COPY**
IMAGED APR 27'01

PLEADING NO. 3137

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 6 2001

FILED
CLERK'S OFFICE

1   so, remand to the State Court will be appropriate.  For all these reasons transfer to the MDL at

2   this time is inappropriate.

3   Dated: _April 23, 2001_                          BRAYTON ❖ PURCELL

4

5

6                                                   By _____

7                                                      OREN P. NOAH
                                                       Attorney for Plaintiff
8

9                    **PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO VACATE**

10                                   I. <u>STATEMENT OF FACTS</u>

11          Plaintiff filed this action on December 13, 2000, in the Superior Court of California in

12   and for San Francisco County.  The complaint seeks damages for asbestos-caused personal

13   injury and disease stemming from his occupational exposure to asbestos-containing products.

14   Among many others, plaintiff alleged injury occurring on premises owned or operated by the

15   defendant CONTINENTAL MARITIME INDUSTRIES, INC. or its predecessor-in-interest,

16   SERVICE ENGINEERING COMPANY.

17          Defendant CONTINENTAL removed the case to the United States District Court for the

18   Northern District of California.  CONTINENTAL based its removal on 28 U.S.C. §1442

19   alleging that it was acting under the direction of a federal officer when it performed contract

20   work on the aircraft carrier U.S.S. Coral Sea and that the exercise of Federal Jurisdiction was

21   therefore appropriate in this case.  Plaintiff filed a timely motion for remand in the district court

22   for the Northern District of California.  That motion is currently scheduled to be heard on May

23   10, 2001.

24

25                                           II. <u>BRIEF</u>

26          Transfer to the MDL is inappropriate because the Federal Courts are without jurisdiction

27   in this case.

28   ///

1    Removal statutes are to be strictly construed, and any doubts as to removal are to be
2    resolved in favor of remanding the case to State Court.[1]  (There is a strong presumption against
3    removal jurisdiction and Federal jurisdiction should be rejected "if there is any doubt as to the
4    right of removal in the first instance.").  Moreover, the defendant seeking a removal of an action
5    to Federal Court has the burden of establishing Federal jurisdiction.[2]  As the courts have
6    interpreted 28 U.S.C. §1442, the defendant claiming its protection must demonstrate (1) that it
7    acted under the direction of a Federal Officer, (2) that it can raise a colorable Federal defense,
8    and (3) that there is a causal nexus between plaintiffs claims and the acts the defendant
9    performed under the direction of the Federal Officer.[3]  CONTINENTAL's removal to a Federal
10   Court in this case was improper because it is unable to demonstrate that any of the three
11   essential elements exist.

12   A.    CONTINENTAL did not act under the direction of a Federal Officer.

13   To support its argument for removal under 28 U.S.C. §1442, CONTINENTAL attempts
14   to demonstrate that it was acting under the direction of a Federal Officer.  This argument is,
15   however, unsupported by the evidence.

16   CONTINENTAL's removal included no evidence that a contract ever existed between it
17   and the United States Navy concerning the work site alleged in plaintiff's complaint.  It
18   submitted declarations from two individuals who lack personal knowledge concerning any
19   specifications involving asbestos or its use or removal during the reported contract work.  More
20   importantly, CONTINENTAL is unable to demonstrate that any Federal Officer or any agency
21   of the Federal government directed it to act in such a manner as to expose plaintiff to asbestos
22   containing materials.  For removal to be proper, CONTINENTAL must show that the acts
23   forming the very basis of this State tort-law case were performed under a specific Federal

24

25   [1] See, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Gaus v. Miles, Inc.*,
26   980 F.2d 564, 566 (9th Circuit 1992)

27   [2] See *Gaus supra*, 980 F.2d. 566.

28   [3] *Mesa v. California* 489 U.S. 121, 124, 125; *Fung v. Abex* 816 F.Supp. 569, 572 (N.D.
     Cal 1992).

K:\CLIENTS\24361\VACATE.DOC

3

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN
SUPPORT OF MOTION

1  Officer's direct orders or that same Officer's comprehensive and detailed regulations.[4]  It is not

2  enough for CONTINENTAL to merely allege that the relevant acts occurred under the general

3  auspices of an alleged government contract.  Because CONTINENTAL failed to demonstrate

4  that it was acting under the direction of a Federal Officer, its removal was improper.

5      B.    CONTINENTAL Did Not Raise a Colorable Federal Defense.

6      CONTINENTAL alleges that it is relaying on the government contractor defense in this

7  matter.  That defense, however, applies in only extremely limited circumstances.  The Ninth

8  Circuit has observed that the military contractor's defense recognized in *Boyle v. United*

9  *Technologies Corp.*[5] amounts to a claim that "the government made me do it."[6]  In *Butler v.*

10  *Ingalls Shipbuilding*[7], the 9th Circuit reaffirmed that the military contractor defense does not

11  "trump" a state claim in the absence of evidence that the contractor complied with "precise

12  specifications" imposed on it by a specific officer of the United States Government.[8]  Here

13  CONTINENTAL has not even demonstrated that a contract existed, much less that it included

14  precise specifications to expose the plaintiff to asbestos containing materials.

15      C.    Continental Has Failed To Demonstrate A Causal
        Relationship Or Nexus Between The Work It Performed
16        For The Navy And The Injury Complained Of Here.

17      CONTINENTAL has attempted to remove this case based on contract work it allegedly

18  did for the U.S. Navy aboard the U.S.S. Coral Sea at the U.S. Navy Station, Alameda.  The

19  injury plaintiff complains of here, however, does not arise from work at Alameda Naval Station.

20      The complaint filed by plaintiff in this case reveals that CONTINENTAL is sued as a

21  premises owner.  CONTINENTAL obviously did not own the premises at the Alameda Navy

22

---

23    [4] *Pack v. AC&S, Inc.*, 838 F.Supp. 1099, 1103 (D.Md 1993); *Ryan v. Dow Chem. Co.*,
    781 F.Supp. 934, 939 (E. D. N. Y 1992).
24

25    [5] *Boyle v. United Technologies Corp.* 487 U.S. 500 (1998).

26    [6] In Re: Hawaii Federal Asbestos Cases, 960 F.2d 806, 813 (9th Cir 1992) citing, In Re:
    Joint E.S. Dist. N.Y. Asbestos Litig., 897 F.2d 626, 632 (2nd Circuit 1990).

27    [7] *Butler v. Ingalls Shipbuilding* 89 F.3rd 582, 586 (9th Circuit 1996).

28    [8] *Id.* at 586.

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN
SUPPORT OF MOTION

1  Station. Thus, it cannot be a premise owner for any work conducted at that location. If there

2  was a contract upon which CONTINENTAL relies, that work is not at issue in this case.

3  Plaintiff's cause of action against CONTINENTAL arises from work he performed at

4  SERVICE ENGINEERING's facility at Pier 38 in San Francisco. This location is clearly

5  identified in plaintiff's complaint, and the defendant acknowledges that its predecessor-in-

6  interest operated at this location.

7       Even if CONTINENTAL did perform work aboard the U.S.S. Coral Sea as a contractor

8  with the United States Navy, that is not the action for which this plaintiff makes his claim

9  against CONTINENTAL. Thus, CONTINENTAL has failed to meet the requirement of

10  demonstrating that the claim arises out of the work that it performed at the direction of a

11  Federal Officer.

12       Because CONTINENTAL cannot prove that it was acting under the direction of a

13  Federal Officer, and because the complaint does not arise out of such work, even if it occurred,

14  there is no basis for removal in this case. Accordingly, this case is not properly in the United

15  States District Court for the Northern District of California, and it properly should not be

16  consolidated with other cases in Multidistrict Litigation.

17

18                              III. CONCLUSION

19       This case cannot be properly transferred to the Eastern District of Pennsylvania under

20  28 U.S.C. §1407 because it is not properly before the Federal Court. Defendant

21  CONTINENTAL MARITIME INDUSTRIES, INC. improperly removed this case to the

22  Federal District Court from the State Court of California. That removal was improper because

23  no federal jurisdiction exists. CONTINENTAL was not acting under the direction of a Federal

24  Officer when plaintiff suffered the injuries complained of here. Transfer of this case to the

25  MDL would be a waste of judicial resources. The threshold issue of federal jurisdiction would

26  have to be resolved in the Eastern District of Pennsylvania. The case would then be remanded

27  to the District Court for the Northern District of California for remand to the State Court of

28  California. The threshold issue of federal jurisdiction should be determined by the District

1   Court for the Northern District of California prior to any transfer action by the Judicial Panel

2   On Multidistrict Litigation.  Accordingly, Plaintiff objects to the conditional transfer order and

3   requests that the order be stayed pending adjudication of the motion to remand by the Federal

4   District Court for the Northern District of California.

5   Dated _April 23, 2001_         Respectfully submitted,

6                                   BRAYTON ❖ PURCELL

7

8

9                               By _____

10                                    OREN P. NOAH
                                   Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN
SUPPORT OF MOTION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 6 2001

FILED
S OFFICE

## PROOF OF SERVICE

I am employed in the County of Marin, State of California. I am over the age of 18 years and am not a party to the within action. My business address is 222 Rush Landing Road, Novato, California 94945.

On April 23, 2001, I served the attached:

**Plaintiff's Motion to Vacate Conditional Transfer Order; Brief in Support of Motion**
**Ricky Oxford v. A.H. Voss Co., et al**
**Judicial Panel On Multidistrict Litigation, N.D. California, C.A. No. 3:01-869**

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

Clerk
United States District Court - Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**AND**

**ALL PARTIES ON ATTACHED SERVICE LIST**

XXX     (BY MAIL) I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

_____     (BY PERSONAL SERVICE) On this date, I gave a copy of the above document(s) to a BRAYTON ❖ PURCELL Courier to deliver by hand to the offices of the following:

_____     (BY TELECOPIER) I caused each of the above document(s) to be telecopied this date to the office of the following.

The above document was transmitted by facsimile transmission and the transmission was reported as complete and without error. The attached transmission report confirming receipt was properly issued by the transmitting facsimile machine.

Executed this **April 23, 2001**, at Novato, California.

I declare under penalty of perjury that the foregoing is true and correct.

JANE A. EHNI

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

RECEIVED
CLERK'S OFFICE
2001 APR 26 A 10: 11

K:\CLIENTS\24361\POSMD

1

Plaintiff's Motion to Vacate Conditional Transfer Order; Brief in Support of Motion
Multidistrict Lit. Case No. N.D. California, C.A. No. 3:01-869

**PANEL SERVICE LIST (Excerpted from CTO-194)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH  44114

Lawrence E. Butler
Seyfarth, Shaw, Fairweather, et al.
101 California Street
Suite 2900
San Francisco, CA  94111

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Oren P. Noah
Brayton Purcell
222 Rush Landing Road
Novato, CA  94945

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406