JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| VICKY FRANZ, )<br><br>Plaintiff, )<br><br>v. )<br><br>ARMSTRONG WORLD INDUSTRIES, INC.,<br>ET AL., )<br><br>Defendants. ) | C.A. No. 2:00-1460 (D. Nev.) |

**OPPOSITION OF DEFENDANTS REPRESENTED BY THE CENTER
FOR CLAIMS RESOLUTION – CERTAINTEED CORPORATION, DANA
CORPORATION, MAREMONT CORPORATION, T&N PLC, UNION CARBIDE
CORPORATION, AND UNITED STATES GYPSUM COMPANY – TO
PLAINTIFF'S MOTION TO VACATE CTO-193**

The above-named defendants, each of which is a member of the Center for Claims

Resolution, respectfully submit this Opposition to plaintiff's Motion To Vacate Conditional

Transfer Order ("CTO") 193, which was filed on April 10, 2001, and docketed as Pleading No.

3115.  Plaintiff asks the Panel to vacate CTO-193 as it pertains to the action transferred from the

United States District Court for the District of Nevada that is listed above.

Defendants oppose plaintiff's motion.  As discussed below, plaintiff's motion contradicts

well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal

competence of federal courts.  For these reasons, the Panel should deny plaintiff's motion.

Plaintiff does not dispute that this case falls within the category of cases that should be

transferred to MDL No. 875.  Nor could plaintiff legitimately make such an argument, since the

OFFICIAL FILE COPY IMAGED MAY 4 '01

PLEADING NO.   3143

action is clearly an asbestos personal injury case within the scope of the Panel's 1991 decision. See In re Asbestos Prods. Liab. Litig., 771 F. Supp. 415 (J.P.M.L. 1991). Instead, plaintiff argues that removal from state court was improper. Pl. Br. at 3-5. Thus, plaintiff argues that because she has moved the transferor court to remand this action, "this case should not be transferred to the MDL until that court has had an opportunity to rule on plaintiff's motion." Pl. Mot. at 1.[1]

Plaintiff's arguments against transfer have been rejected by this Panel over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Jan. 26, 2001) (transfer order), at 2 (citing In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991)). The Panel has repeatedly reaffirmed this position,[2] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. June 5, 1996) (transfer order), at 2 n.2.

Plaintiff's motion also ignores the legal and functional equivalence of two co-equal

---

[1]   Despite plaintiff's assertion that removal was improper, it is clear that because defendant ArvinMeritor's Nevada subsidiary was fraudulently joined solely to defeat diversity jurisdiction, this case was properly removed to federal court. See Opposition of Defendant Ford Motor Company to Plaintiff's Motion To Vacate Conditional Transfer Order, and brief in support thereof.

[2]   E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Nov. 22, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Sept. 28, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. July 20, 2000) (transfer order), at 2.

federal courts.  The transferee court, the United States District Court for the Eastern District of

Pennsylvania, is just as competent as the transferor court to determine whether removal from

state court was proper.  Therefore, in keeping with Panel precedent, plaintiff should avail herself

of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiff has presented no basis on which the Panel should vacate CTO-193 with

respect to this case.  For these reasons, the Panel should deny plaintiff's motion.

Respectfully submitted,

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud

SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
(202) 828-2000

John G. Gaul

Center for Claims Resolution
504 Carnegie Center
Second Floor
Princeton, N.J. 28543

Attorneys for Defendants Represented by the
Center for Claims Resolution – CertainTeed
Corporation, Dana Corporation, Maremont
Corporation, T&N plc, Union Carbide Corporation,
and United States Gypsum Company

April 30, 2001

- 3 -

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2001

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that, on this 30th day of April, 2001, I caused an original, eleven (11)

copies, and a computer readable disk copy of the foregoing Opposition of Defendants

Represented by the Center for Claims Resolution – CertainTeed Corporation, Dana Corporation,

Maremont Corporation, T&N plc, Union Carbide Corporation, and United States Gypsum

Company – to Plaintiff's Motion To Vacate CTO-193 to be served by hand on the Clerk of the

Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 30th day of April, 2001, I caused copies of the foregoing

Opposition to be served by first-class mail, postage prepaid, on counsel on the attached service

list.

I finally certify that, on this 30th day of April, 2001, I caused a copy of the foregoing

Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA  19106-1797

_____
Adam M. Chud

- 4 -

## SERVICE LIST

Jack Angaran
Georgeson, Thompson & Angaran
100 West Grove Street
Suite 500
Reno, NV 89509

David B. Beers
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036-1872

Janice J. Brown
Barker, Brown, Busby, et al.
800 Bank of America Plaza
300 South 4th Street
Las Vegas, NV 89101

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Stephanie C. Christens
Cooper, Christensen Law Firm, LLP
4411 South Pecos Road
Las Vegas, NV 89121

William Cooper
Cooper Law Offices
601 E. Bridger
Las Vegas, NV 89101

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Curtis Busby
Bowman & Brooke, LLP
2929 North Central Avenue
Suite 1700
Phoenix, AZ 85012

Jack C. Cherry
Alverson, Taylor, Mortensen, et al.
7401 West Charleston Blvd.
Las Vegas, NV 89117

Douglas Cohen
Jones, Vargas
3773 Howard Hughes Parkway
3rd Floor South
Las Vegas, NV 89101

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

- 2 -

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Greg Marsh
Greg W. Marsh Chartered
P.O. Box 1780
Las Vegas, NV  89125

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29464

Oren P. Noah
Brayton & Purcell
222 Rush Landing Road
P.O. Box 2109
Novato, CA  94945

Troy Peyton
Rumph & Peyton
300 South 4th Street, Suite 800
Las Vegas, NV  89101

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

William Pruitt
Barron, Vivone, Holland, Pruitt, Chtd.
1404 S. Jones Blvd.
Las Vegas, NV  89146

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

- 3 -

Robert E. Swickle
Jacques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

David R. Donadio
Oren P. Noah
Brayton Purcell
222 Rush Landing Road
Novato, CA  94945

Edmund J. Towle, III
Kinsella, Boesch, Fujikawa & Towle
1901 Avenue of the Stars
7th Floor
Los Angeles, CA  90067

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406