```
                JUDICIAL PANEL ON
              MULTIDISTRICT LITIGATION                      FILED
                                                      U.S. DISTRICT COURT
                   MAY - 2 2001                     EASTERN DISTRICT OF LA

                       FILED                         2001 APR 27 AM 11: 20
                   CLERK'S OFFICE
                                                      LORETTA G. WHYTE
MDL- 875                                                    CLERK
      RECOMMENDED ACTION

VACATE CTO-192 + H.O. --- / ACTION
Approved/Date:   NK  5/1
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID TURNER                                    CIVIL ACTION

VERSUS                                          NO. 01-0325

MINE SAFETY APPLIANCES COMPANY                  SECTION: "R"(5)

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana pursuant to 28 U.S.C. § 1447(c). For the following reasons, the Court grants plaintiffs' motion.

### I. Background

David Turner was employed as a laborer at the Johns-Manville plant in Marrero, Louisiana from 1946 through 1979. While performing his routine duties he was exposed to asbestos. Recognizing the asbestos hazard, Mr. Turner's employer provided him with two types of respirators to wear while working--one manufactured by Mine Safety Appliances Company and the other by

DATE OF ENTRY
APR 3 0 2001

IMAGED MAY 4 '01

American Optical Corporation. The respirators, however, apparently allowed excessive amounts of asbestos fibers to penetrate into the breathing zone. Subsequent to this alleged exposure, Mr. Turner was diagnosed with asbestosis and asbestos-induced lung cancer.

On September 7, 1999, Mr. Turner filed a petition for damages arising from his lung cancer against Mine Safety in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana. Mr. Turner died of lung cancer on December 9, 1999. In September 2000, Mine Safety entered into a compromise agreement with Mr. Turner's wife and his four major children, who filed a first supplemental and amending petition on December 8, 2000, substituting themselves as party plaintiffs in Mr. Turner's stead. Plaintiffs also added American Optical as a defendant in the amended petition and asserted claims for survival and wrongful death damages. American Optical was served with the amended petition on January 8, 2001. On February 5, 2001, American Optical removed the matter to this Court on the basis of diversity jurisdiction.

Plaintiffs now move to remand the matter to state court. They argue that the removal is untimely and does not merit the equitable revival exception.

## II. Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of establishing that federal jurisdiction exists at the time of removal. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The procedure for removal is set forth in 28 U.S.C. § 1446. Section 1446(b) addresses the timeliness of removal and provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). These provisions are strictly construed because the exercise of removal jurisdiction raises significant federalism concerns. *See Shamrock Oil & Gas Corp. v. Sheets*, 313

U.S. 100, 108-09, 61 S. Ct. 868, 872 (1941); *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996).

Here, it is undisputed that the case stated by Mr. Turner in the original petition for damages filed on September 7, 1999 was removable and that Mine Safety elected to remain in state court. On December 8, 2000, plaintiffs amended the petition to add American Optical as a defendant. American Optical then removed the case on February 5, 2001, twenty-eight days after it was served with the amended petition.

### A. Multiple Defendants

The first issue the Court must address is whether this matter involves multiple defendants because, "[i]n cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988). Although American Optical acknowledges in its petition and notice of removal that plaintiffs had not formally dismissed their claims against Mine Safety at the time of removal (Pet. & Notice Removal at 2), it argues that it is the sole defendant because plaintiffs' settlement with Mine Safety extinguished their claims and prevented further action against Mine Safety. *See St. Charles Parish Sch. Bd. v. GAF Corp.*, 512 So. 2d 1165, 1172 (La. 1987).

4

The Court rejects this argument. Merely asserting that it is the sole <u>remaining</u> defendant does not alter the historical fact that American Optical is the <u>second</u> defendant to be served in this matter. Furthermore, American Optical was not the sole defendant at the time of removal because the state court had not entered a final judgment dismissing Mine Safety as a defendant yet. *See Hebert v. Doctors Mem'l Hosp.*, 486 So. 2d 717, 720-21 (La. 1986)("[A] suit is still pending until a final judgment dismissing it has been filed."). Accordingly, the Court finds that American Optical is subject to the Fifth Circuit jurisprudence regarding timely removal in the case of multiple defendants.

### B. Subsequently Served Defendants

In *Brown v. Demco, Inc.*, the Fifth Circuit cited the general rule that subsequently served defendants cannot remove a state civil suit if the first-served defendant abstained from seeking removal or did not timely effect removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). The Fifth Circuit explained that "[t]he rule follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court." *Id.* at 482. It further explained that "by restricting removal to instances in which the statute clearly permits it, the rule is

5

consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." *Id.* As it is undisputed that Mine Safety, the first-served defendant, did not remove this matter and that the thirty-day removal period has expired, American Optical cannot remove this case under the general rule.

Notwithstanding the general rule, a subsequent defendant may remove a state civil suit after the thirty days have expired in "exceptional circumstances." *Id.* Although the Fifth Circuit has never specified what circumstances are "exceptional," district courts have rarely found exceptional circumstances that are significant enough to prevent remand. *See Prescott v. Memorial Med. Ctr.-Livingston*, 2000 WL 532035, at *5 & n.7 (E.D. Tex. Mar. 25, 2000)(citing cases). Those few district courts that have found exceptional circumstances confronted situations of bad faith, forum manipulation, and lost filings. *See id.* at *5 & n.8 (citing cases). As there is no evidence in the record before the Court that plaintiffs attempted to manipulate the forum or delayed suing American Optical in bad faith, the Court declines American Optical's invitation to recognize the facts arising in this case as "exceptional circumstances."

C.   **Revival Exception**

American also contends that the lapsed right to remove was

6

restored when plaintiffs amended the state petition. Under the revival exception, "a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein, Inc.*, 227 F.3d 236, 241 (5th Cir. 2000). *See also Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956)("[U]nder settled law, when plaintiffs filed an entirely new and different suit, defendants' right to remove revived.").

Here, the amendments to the original petition did not alter the character of the action. Although Mrs. Turner and the four major children were substituted in Mr. Turner's stead, American Optical was added as a defendant, and new claims for survival and wrongful death damages were included in the amended petition, the core of the lawsuit still arises from Mr. Turner's exposure to asbestos. Moreover, the cause of action and the theory of liability remain unaltered. *Cf. Johnson*, 227 F.3d at 242 (new and more complex allegations in amended complaint bore "no resemblance whatsoever" to allegations in original complaint; original parties realigned in completely different manner). Furthermore, the substitution of parties and the new claims were foreseeable consequences in the event of Mr. Turner's death, and the mere addition of a new defendant does not in and of itself

7

transform the character of the action. *See, e.g., Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992). The Court therefore finds that the amendments to the petition did not alter the character of the action and grants plaintiffs' motion to remand.

III. Conclusion

For the foregoing reasons, the Court grants plaintiffs' motion and remands this matter to the Twenty-Fourth Judicial District Court for the Parish of Jefferson, Louisiana.

New Orleans, Louisiana, this 27 day of April, 2001.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE