JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAY - 2 2001

FILED CLERK'S OFFICE

MB FTK EM CRO

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) * Civil Action No. MDL 875

This Document Relates To:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: ASBESTOS LITIGATION

MDL- 875 RECOMMENDED ACTION

CRO -- 1 ACTION

Approved/Date: MK 4/26

DALINDA C. BADENHOOP, et al

Plaintiffs

vs.

LORILLARD TOBACCO CO.

Defendants

Civil Action No. JFM 01-152

********************************************************************

## ORDER

Having considered the Plaintiffs' Motion for Immediate Remand, it having been set forth in the Motion that Defendant Lorillard has no opposition to remove this case from the MDL consolidation, it is this 16th day of April, 2001,

ORDERED that this case is hereby remanded to the U.S. District Court for

GOODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

RECEIVED CLERK'S OFFICE
2001 APR 19 P 2:09
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IMAGED MAY 4 '01

the District of Maryland for further proceedings. except the severed claims for punitive or exemplary damages

Charles R. Weiner

JUDGE

GOODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

FILED
DISTRICT COURT
DISTRICT OF MARYLAND
2001 APR -9 A 11: 35
CLERK'S OFFICE
AT BALTIMORE
BY_________DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) * Civil Action No. MDL 875

This Document Relates To:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:
ASBESTOS LITIGATION

RECEIVED
APR 16 2001

DALINDA C. BADENHOOP, et al

Plaintiffs

vs. Civil Action No. JFM 01-152

LORILLARD TOBACCO CO.

Defendants

**********************************************************************

**PLAINTIFFS' MOTION FOR IMMEDIATE REMAND**

In the above-captioned case, plaintiffs respectfully move this Court to recommend to the Judicial Panel on Multi-District Litigation immediate remand of this case so that it may be set for trial in their District in the United States District Court for the District of Maryland.

GOODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

Filed herewith is a Memorandum in support of this Motion.

John Amato, IV
**GOODMAN, MEAGHER & ENOCH, LLP**
111 N. Charles Street
Baltimore, MD 21201
410-752-3666
Attorneys for Plaintiff(s)

**I HEREBY CERTIFY** that on this 9th day of April, 2001, a copy of the foregoing was mailed to:

James E. Gray, Esquire
Andrew Gendron, Esquire
**Venable, Baetjer & Howard, LLP**
2 Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978

Roger C. Geary, Esquire
**Shook, Hardy & Bacon, LLP**
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105

John Amato, IV

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2001 APR -9 A 11:35
CLERK'S OFFICE
AT BALTIMORE
BY______DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) * Civil Action No. MDL 875

This Document Relates To:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:
ASBESTOS LITIGATION

DALINDA C. BADENHOOP, et al

Plaintiffs

vs. Civil Action No. JFM 01-152

LORILLARD TOBACCO CO.

Defendants

*****************************************************************

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR IMMEDIATE REMAND**

On July 29, 1991, the Judicial Panel on Multi-District Litigation ("Panel") issued an Order and Opinion in the case captioned: **In Re: Asbestos Products Liability Litigation (No. VI)**. By that Order, the Panel transferred en mass some 20,000 asbestos personal injury cases to the Eastern District of Pennsylvania. In

GOODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

recognition of this Court's vast experience in asbestos litigation and willingness to take on such a monumental and important task, the Panel assigned the Honorable Charles R. Weiner to oversee the coordinated or consolidated pretrial proceedings with regard to these actions.

The defendant in this case has been provided with all the necessary information, which will allow the defendants to assess the settlement value of these cases. Further, plaintiffs' counsel has forwarded a formal demand letter to the defendant and has made himself available for settlement discussions. Defendant Lorillard has indicated that no offer will be made and futher has authorized the undersigned to state that it does not object to this motion to remove the case from the MDL.

Plaintiffs are fully cognizant of the exigencies of the situation that occasioned this decision by the Panel and respect the effort of the Panel's members to deal with the tremendous delays now being experienced by thousands of asbestos personal injury plaintiffs. Further, the plaintiffs are very supportive of the Panel's goal to streamline and thereby speed up pretrial proceedings in cases now in the pretrial stage. However, this case has matured beyond the stage wherein it will benefit from the type of pretrial coordination envisioned by the Panel and appropriate under 28 U.S.C. 1407. Any remaining pretrial matters to be

ODMAN, MEAGHER
& ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
ALTIMORE, MD. 21201

resolved are case specific and should not be treated in a consolidated setting. As a result, the failure to remand this case will only serve to further delay its resolution.

In view of the situation, it is appropriate, and well within the spirit and purpose of 28 U.S.C. 1407, that this case be immediately remanded so that this case may not be set for trial. Plaintiffs respectfully request that this Court recommend such a remand to the Panel.

## ARGUMENT

The stated purpose of transfers pursuant to 28 U.S.C. 1407 is to coordinate or consolidate pretrial proceedings regarding common issues of law and fact for the convenience of the parties and to promote the just and efficient conduct of such actions, 28 U.S.C. 1407. Section 1407(a) specifically states that each action so transferred shall be remanded by the panel at or before the conclusion of each pre-trial proceedings. Except in limited circumstances, such remand is to be to the transferor court.

The Panel sought by its action transferring these cases to, inter alia, "effect an overall savings of cost and a reduction of inconvenience to all concerned." Because this is not an insulation case and because the defendant is in possession of all necessary plaintiff specific information to assess the settlement

OODMAN, MEAGHER & ENOCH, LLP
ATTORNEYS AT LAW
111 N. CHARLES STREET
BALTIMORE, MD. 21201

value of the case, no further savings will accrue to either party; however, the costs occasioned by further delay to these plaintiffs in terms of anxiety and a denial of justice are enormous.

## CONCLUSION

In view of the above, the plaintiffs respectfully request that this Court recommend the immediate remand of this case.

John Amato, IV
**GOODMAN, MEAGHER & ENOCH, LLP**
111 N. Charles Street
Baltimore, MD 21201
410-752-3666
Attorneys for Plaintiff(s)

**I HEREBY CERTIFY** that on this 9 day of April, 2001, a copy of the foregoing was mailed to:

James E. Gray, Esquire
Andrew Gendron, Esquire
**Venable, Baetjer & Howard, LLP**
2 Hopkins Plaza, Suite 1800
Baltimore, MD 21201-2978

Roger C. Geary, Esquire
**Shook, Hardy & Bacon, LLP**
One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105

John Amato, IV

OMAN, MEAGHER
ENOCH, LLP
ATTORNEYS AT LAW
N. CHARLES STREET
IMORE, MD. 21201