MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 14 2001

FILED
CLERK'S OFFICE

1  SEYFARTH SHAW
   LAWRENCE E. BUTLER (Bar No. 111043)
2  MICHAEL T. McKEEMAN (Bar No. 173662)
   101 California Street, Suite 2900
3  San Francisco, CA 94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   CONTINENTAL MARITIME INDUSTRIES, INC.

6

7

8              JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9

10

11 RICKY OXFORD,                          ) Case No. N.D. California
                                          ) C.A. No. 3:01-869
12              Plaintiff,                 )
                                          ) **CONTINENTAL MARITIME**
13      vs.                                ) **INDUSTRIES, INC.'S OPPOSITION**
                                          ) **TO PLAINTIFF'S MOTION TO**
14                                         ) **VACATE CONDITIONAL**
   A. H. VOSS CO., et al.                 ) **TRANSFER ORDER**
15                                         )
                Defendants.               )
16 ─────────────────────────────────────  )

17

18      I.      **INTRODUCTION**

19           No valid reason exists to stay the transfer of this action to the Eastern District of

20 Pennsylvania for consolidation with the Multidistrict Litigation Panel #875 ("MDL").

21 Continental Maritime Industries, Inc. ("Continental") properly removed this action to District

22 Court under 28 U.S.C. § 1442 and requested the transfer of this action to the MDL on February

23 27, 2001.  A Motion to Remand is currently pending (and stayed - *see* Exhibit B to the attached

24 Declaration) before the District Court for the Northern District of California.  When the District

25 Court rules on that motion, the MDL will know whether to keep this action or send it back to the

26 District Court.  In the interim, there is no reason to delay the transfer of this action to the MDL.

27      IMAGED MAY 14 '01

28

OFFICIAL FILE COPY

PLEADING NO. 3158
SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1

## II.    REMOVAL WAS PROPER UNDER 28 U.S.C. §1442

2    28 U.S.C. § 1442 permits removal of an action by "[a]ny officer of the United States or

3  any agency thereof or person acting under him, for any act under color of such office."  This

4  standard is satisfied if  the removing party can: (1) demonstrate it acted under the direction of a

5  federal officer; (2) raise  a colorable federal defense; and (3) demonstrate a causal nexus between

6  plaintiff's claims and the acts it performed under the direction of the federal officer.[1]  Continental,

7  as set forth in detail in Exhibit A, Continental's Opposition to Plaintiff's Motion to Remand,

8  easily meets these requirements.

9    Continental has asserted a colorable federal defense based on the direct control and

10  supervision of its work by federal officers on U.S. Navy ships pursuant to government contracts.

11  Further, a causal nexus exists because Plaintiff's alleged injuries arise, in part, from this work.

12  These facts are supported by sworn declarations and the allegations of Plaintiff's complaint.  For

13  these reasons, removal was proper and transfer of this action to the MDL should not be delayed.

14

## III.    PLAINTIFF'S MOTION TO VACATE FAILS TO RAISE A VALID REASON TO STAY THE TRANSFER OF THIS ACTION TO THE MDL

15

16    Plaintiff asks that the MDL's Conditional Transfer Order be stayed pending  adjudication

17  of Plaintiff's  Motion to Remand by the District Court.  (Motion to Vacate, p. 6, lns. 2-4).

18  Continental disagrees with this request.  As stated above, no reason exists to delay the transfer of

19  this action to the MDL.  If the District Court grants Plaintiff's Motion to Remand, which is

20  unlikely as removal was proper, the MDL can simply transfer this action back to the District

21  Court.  In the interim, this action should be before the MDL for coordination with other asbestos

22  product liability cases.

23  / / /

24  / / /

25  / / /

26

27

28    [1] Fung v. Abex 816 F.Supp. 569, 572 (N.D. Cal. 1992)

CONTINENTAL'S OPPOSITION TO  MOTION TO VACATE/CASE NO.  C.A. No. 3:01-00869

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858



## IV.   CONCLUSION

This case should be transferred to the MDL now.  No valid reason exists to delay that transfer.  Removal was proper and will likely be enforced by the District Court.  This action should be coordinated with other asbestos product liability cases before the MDL.

DATED: May 10 , 2001                    SEYFARTH SHAW

By_____
        Michael T. McKeeman, Esq.
        Attorneys for Defendant
        CONTINENTAL MARITIME
        INDUSTRIES, INC.

28074147

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

CONTINENTAL'S OPPOSITION TO  MOTION TO VACATE/CASE NO.  C.A. No. 3:01-00869

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 4 2001

**PROOF OF SERVICE**

FILED
CLERK'S OFFICE

1

2    I am employed in San Francisco County.  My business address is SEYFARTH SHAW,
101 California Street, Suite 2900, San Francisco, California 94111-5858, where this mailing
3    occurred.  I am over the age of 18 years and am not a party to this cause.

4
    On May 10, 2001, I served the attached:
5
6    1.    **CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION
           TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL
           TRANSFER ORDER; AND**
7
8    2.    **DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF
           CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO
           PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
9          ORDER**

10   on the party(ies) in this action, whose names are listed below, by the service method indicated
     herein, as follows:
11

12   [ ]    (BY FACSIMILE) from facsimile machine number (415) 397-8549 and that the attached
            report confirms the completion of the transmission(s) and that all page(s) were received.
13

14   [X]    (BY MAIL -COLLECTION AND PROCESSING)  I placed such envelope(s) for
            collection and mailing on this date following ordinary business practices.
15

16          **PLEASE SEE ATTACHED SERVICE LIST**

17   [ ]    (BY PERSONAL SERVICE)  I caused to be delivered by hand such envelope(s) to the
            office of the addressee(s).
18

19   [X]    (BY FEDERAL EXPRESS - OVERNIGHT DELIVERY)  I prepared Federal Express
            shipping label(s) and packaging and placed said package(s) for delivery to an authorized
            Federal Express service for shipping to the addressee(s) shown below:.
20

21          **DAVID R. DONADIO, ESQ.
            OREN P. NOAH, ESQ.
22          BRAYTON PURCELL
            222 RUSH LANDING ROAD
23          NOVATO, CA 94948**

24          I am readily familiar with the practices of Seyfarth Shaw for collection and processing of
     correspondence for mailing with the United States Postal Service and for processing packages for
25   shipment by Federal Express or other shippers.  Such correspondence is deposited with the
     United States Postal Service or delivered to the office of the shipper on the same day and n the
     ordinary course of business practice.
26

27   [X]    (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
            court at whose direction the service was made.

28

i

1

Executed on May 10, 2001, at San Francisco, California.

2

3

ANGELA PETERSON

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PANEL SERVICE LIST (Excerpted from CTO-194)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH  44114

Lawrence E. Butler
Seyfarth, Shaw, Fairweather, et al.
101 California Street
Suite 2900
San Francisco, CA  94111

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Oren P. Noah
Brayton Purcell
222 Rush Landing Road
Novato, CA  94945

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406

1  SEYFARTH SHAW
   LAWRENCE E. BUTLER (Bar No. 111043)
2  MICHAEL T. McKEEMAN (Bar No. 173662)
   101 California Street, Suite 2900
3  San Francisco, CA  94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   CONTINENTAL MARITIME INDUSTRIES, INC.

6

7

8                JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9

10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 1 4 2001**

FILED
CLERK'S OFFICE

| | |
|---|---|
| 11  RICKY OXFORD, | ) Case No. N.D. California |
| | ) C.A. No. 3:01-869 |
| 12              Plaintiff, | ) |
|     vs. | ) **DECLARATION OF MICHAEL T.** |
| 13 | ) **McKEEMAN IN SUPPORT OF** |
|     A. H. VOSS CO., et al. | ) **CONTINENTAL MARITIME** |
| 14 | ) **INDUSTRIES, INC.'S OPPOSITION** |
|              Defendants. | ) **TO PLAINTIFF'S MOTION TO** |
| 15 | ) **VACATE CONDITIONAL** |
| | ) **TRANSFER ORDER** |
| 16 | |

17          I, Michael T. McKeeman, declare as follows:

18          1.     I am an attorney duly licensed to practice law in the State of California and an

19  associate with the law firm of Seyfarth Shaw, attorneys of record for Defendant Continental

20  Maritime Industries, Inc. ("Continental"). I have personal knowledge of the matters set forth in this

21  declaration, and if called to testify to them, could and would do so competently.

22          2.     Attached hereto as Exhibit A is a true and correct copy of Continental's Opposition

23  to Plaintiff's Motion for Remand.

24          3.     Attached hereto as Exhibit B is a true and correct copy of the United States District

25  Court for the Northern District of California's Order Staying Plaintiff's Motion to Remand Pending

26  Ruling of Multidistrict Litigation Panel.

27

28                                               1
    DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO
    PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER/Case No. N.D. California C.A. No. 3:01-869

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1      I declare under penalty of perjury under the laws of the State of California that the foregoing

2 is true and correct.

3      Executed on May 10, 2001, at San Francisco, California.

4

5                       MICHAEL T. McKEEMAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S E Y F A R T H  S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 4 2001

FILED
CLERK'S OFFICE

**EXHIBIT A**

5/27

SEYFARTH SHAW
LAWRENCE E. BUTLER (Bar No. 111043)
MICHAEL T. McKEEMAN (Bar No. 173662)
101 California Street, Suite 2900
San Francisco, CA 94111-5858
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
CONTINENTAL MARITIME INDUSTRIES, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY OXFORD, | Case No. C01-00869 EDL |
| Plaintiff, | **OPPOSITION OF CONTINENTAL MARITIME INDUSTRIES, INC. TO PLAINTIFF'S MOTION FOR REMAND** |
| vs. | |
| ASBESTOS DEFENDANTS (BHC), | **Date:** April 17, 2001 |
| Defendants. | **Time:** 9:30 a.m. |
| | **Ctrm:** E |
| | **Judge: Hon. Elizabeth D. Laporte** |

## I.   INTRODUCTION

Plaintiff contends that removal is improper because Continental's work on the U.S.S. CORAL SEA was not performed pursuant to a government contract or under the direction and control of a federal officer. These contentions are false. Continental has filed in conjunction with this opposition sworn declarations that Continental's work on the U.S.S. CORAL SEA was performed pursuant to a government contract with the Department of the Navy. Further, these sworn declarations state that Continental's work on the U.S.S. CORAL SEA was directed and controlled by federal officers of the United States Navy.

Plaintiff also contends a rigorous standard of review must be applied to Continental's Notice of Removal and any doubts must be resolved in favor of remand. These contentions are similarly false. The standard of review for removal under 28 U.S.C. § 1442 is lenient. A lenient standard allows the purpose of 28 U.S.C. 1442 to be fulfilled, that is, to provide a federal forum for

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1  the resolution of claims against those acting pursuant to federal officers.

2  Further, Continental has provided a short and plain statement of the grounds for removal as

3  required under 28 U.S.C. 1446. Continental has demonstrated that it acted under the direction of a

4  federal officer (its work was directed, controlled, and accepted by a federal officer), Continental

5  raised a colorable federal defense (the government contractor defense), and Continental

6  demonstrated a causal nexus between plaintiff's claims and the acts it performed under the direction

7  of a federal officer (plaintiff was exposed to asbestos while performing work directed and controlled

8  by a federal officer under a federal contract).

9  These facts establish that Continental's Notice of Removal was proper under 28 U.S.C. §§

10  1441, 1442, and 1446 and that Plaintiff's Motion for Remand must be denied.

11  **II.   STATEMENT OF FACTS**

12  Service Engineering[1] was in business of repairing and performing maintenance on private

13  ships and Navy ships until approximately 1995. Decl. of Cocchi, ¶ 3. Service Engineering's main

14  facilities were located at Piers 38 and 50 in San Francisco, California. Id. at ¶ 4. Service

15  Engineering's work on larger ships, such as aircraft carriers, was performed at various Naval

16  shipyards in the Bay Area such as the Alameda Naval Air Station. Id. at ¶ 4. Western MacArthur

17  was a subcontractor to Service Engineering and performed work under various subcontracts with

18  Service Engineering at Piers 38 and 50 and on larger ships at various Naval shipyards in the Bay

19  Area. Id. ¶ 4.

20  In or about 1978, Service Engineering entered into a Contract with the Department of the

21  Navy to perform maintenance on the U.S.S. CORAL SEA. Decl. of Cocchi, ¶ 5. In or about 1978,

22  the U.S.S. CORAL SEA was docked at the Alameda Naval Air Station in order for such maintenance

23  to be performed. Id. A portion of the maintenance was subcontracted to Western MacArthur. Id.

24  This work included removal and replacement of asbestos-containing products. Id.

25  The removal and replacement work performed on the U.S.S. CORAL SEA was performed

26  pursuant to specifications issued by the Department of the Navy. Decl. of Cocchi ¶ 6. These

27  _____

28  [1]Service Engineering was purchased by Continental in 1995 and Plaintiff contends Service Engineering is an alternate entity to Continental in its Complaint. Based on this fact and Plaintiff's allegation, for purposes of this brief, Service Engineering and Continental are one in the same.

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; CASE NO. C01-00869 EDL                    2

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1   specifications detailed  asbestos-containing products that were to be removed and replaced by

2   Continental. Id. The removal and replacement  work performed under the Navy contract for the

3   U.S.S. CORAL SEA was supervised and controlled by Navy officers to ensure compliance with the

4   specifications. Id. at ¶ 7. Specifically, SUPSHIP 12 of the Office of Supervisor of Shipbuilding,

5   Conversion, and Repair, located at Hunters Point in San Francisco, California, supervised and

6   approved/accepted the removal and replacement work performed on the U.S.S. CORAL SEA,

7   including asbestos abatement work, at all times. Id. at ¶ 7. If the work failed to conform to the

8   detailed Navy specifications, Navy officers could and would stop Continental's maintenance work.

9   Id. at ¶ 7. Further, any deviations from the detailed Navy specifications had to be approved by an

10  United States Navy officer from SUPSHIP 12. Id. at ¶ 7. Lastly, after the work was completed, sea

11  trials were conducted to ensure operational compliance with the detailed Navy specifications. Id.

12  at ¶ 7.

13          After completion of the work on the U.S.S. CORAL SEA, Service Engineering was

14  purchased by Continental. Decl. of Cocchi, ¶2.

15          On December 20, 2001, Plaintiff filed a Complaint for Personal Injury-Asbestos in San

16  Francisco Superior Court, Case Number 317387. The Complaint (in conjunction with Plaintiff's

17  answers to the Standard Asbestos Case Interrogatories [see Exhibit B, pg. 9:16-25, to Decl. of

18  McKeeman]) named Continental Maritime Industries, Inc. as a defendant based on Plaintiff's alleged

19  exposure to asbestos and asbestos containing products while working as a subcontractor to Service

20  Engineering allegedly at Pier 38 on the U.S.S. CORAL SEA in 1978 and 1979. See Exhibit A,

21  Complaint, pg. 4:13-16, to Decl. of McKeeman. Shortly after the receipt of Plaintiff's Complaint,

22  Continental prepared and timely filed a Notice of Removal. See Exhibit C to Decl. of McKeeman.

23  III.   **LEGAL STANDARD**

24          When considering the propriety of a removal based on 28 U.S.C. § 1442, the Court *must*

25  apply a lenient standard of review.[2] While ordinarily all doubts must be resolved in favor of remand,

26  removal based on Section 1442 must be given a more lenient interpretation, one which will

27  effectuate the purposes of Section 1442 by providing a federal forum for actions against the United

28

_____

[2]*National Audubon Soc. v. Dept. of Water*, 496 F.Supp. 499, 507-508 (E.D. Cal. 1980).

1   States, it officers, or those acting under its officers.[3]  As stated in *Swett v. Schenk*, "[The Supreme

2   Court] has held that the right of removal is absolute for conduct performed under color of federal

3   office, and has insisted that the policy favoring remand 'should not be frustrated by a narrow,

4   grudging interpretation of Section 1442(a)(1).'"[4]

5           Plaintiff's position that any doubts as to removal are to be resolved in favor of remanding this

6   action to state court is based on case law which is inapplicable because Continental's removal is

7   based on 28 U.S.C. § 1442(a)(1).  See Plaintiff's MPA at 3:9-11.  In line with the reasoning of the

8   Supreme Court in *Swett v. Schenk*, because a colorable defense exists under 28 U.S.C. § 1442(a)(1),

9   Continental is entitled to federal forum to resolve Plaintiff's claims and any consideration of remand

10  must be carefully weighed against Continental's right to that federal forum.[5]

11  **IV.    LEGAL ANALYSIS**

12          **A.    Continental's Notice of Removal Provided A "Short And Plain Statement Of
               The Grounds For Removal" As Required Under 28 U.S.C. § 1446(a).**

13

14          Plaintiff appears to believe that to effect a removal a party must file not only a Notice of

15  Removal which sets forth the basis for federal jurisdiction, but also provide extensive supporting

16  evidence.  Plaintiff's MPA at pgs. 3:3-15 and 7:9-8:9.  This simply is not so.  All that is required is

17  a "short and plain statement" of the grounds for removal.[6]  As discussed in detail below, Continental

18  unequivocally met this requirement by providing the factual and statutory basis for its removal in its

19  Notice of Removal.  See Exhibit C, Notice of Removal, pgs. 2:5-3:22, to Decl. of McKeeman.

20  Consequently, Plaintiff's argument that the Notice of Removal is insufficient is without merit.

21          **B.    Continental's Removal Was Proper Under Section 1442(a)(1).**

22          Section 1442(a)(1) permits removal of an action by "[a]ny officer of the United States or any

23

24

25          [3] Id.;  See also *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S. Ct. 1813, 1816 (1969) (Section 1442(a)(1)
            must not be given a narrow, grudging interpretation).

26          [4]*Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986), quoting *Arizona v. Manypenny*, 451 U.S. 232, 241,
            101 S. Ct. 1657, 1664 (1981).

27
            [5] Id.
28
            [6]28 U.S.C. § 1446(a).

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; CASE NO. C01-00869 EDL                                        4

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1  agency thereof, or person acting under him, for any act under color of such office." This provision

2  is satisfied if the removing party can: (1) demonstrate that it acted under the direction of a federal

3  officer; (2) raise a colorable federal defense; and (3) demonstrate a causal nexus between plaintiff's

4  claims and the acts it performed under the direction of the federal officer.[7]

5          **1.**     **Continental Acted Under The Direction Of A Federal Officer.**

6         To show that a party was "acting under" a federal officer, a party must show that the federal

7  officer had direct and detailed control over the defendant.[8] The "acting under" requirement can be

8  satisfied by "strong government intervention and the threat that a defendant will be sued in state

9  court 'based upon actions taken pursuant to federal direction.'"[9] For instance, in *Fung v. Abex*, the

10  defendant was sued for alleged asbestos exposure of plaintiff while working on submarines

11  constructed by defendant for the United States Navy.[10] The submarines were built "in accordance

12  with the applicable and approved (U.S. Navy) specifications" and the government performed

13  extensive dock and seas trials on the submarines.[11] The Court found that because the defendant built

14  the submarines pursuant to detailed U.S. Naval supervision and specifications, the defendant had

15  satisfied the "acting under" requirement of Section 1442(a)(1).[12]

16         Likewise, in *Pack v. AC & S, Inc.*, the Court found the "acting under" element was satisfied

17  where the defendant manufactured turbine generators under government specifications during World

18  War II and Navy officers had control over the construction, design, and testing of the turbines.[13] The

19  Court found "detailed" control from the fact that the "government would specify and approve the

20

21  _____

22      [7]*Mesa v. California*, 489 U.S. 121, 124-125, 134-135, 109 S.Ct. 959, 962, 967 (1989); *Fung v. Abex*, 816 F.Supp. 569, 572 (N.D. Cal. 1992).

23      [8]*Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 947 (E.D. N.Y. 1992); *Fung*, 816 F.Supp. at 571-572.

24      [9] *Fung*, 816 F.Supp. at 572, quoting *Gulati v. Zuckerman*, 723 F.Supp. 353 (E.D.Pa. 1989); see also *Pack*

25  *v. AC & S, Inc.*, 838 F.Supp. 1099, 1103 (D. Md. 1993).

26      [10]*Fung*, 816 F.Supp. at 571.

27      [11]Id. at 572-73.

28      [12]Id.

    [13]Pack, 838 F.Supp. at 1103.

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1   type of asbestos cloth to be used when insulating valves and flanges."[14]

2       In the present case, Continental was "acting under" the direction and control of officers of

3   the United States Navy when performing maintenance on the U.S.S. CORAL SEA. Decl. of Cocchi,

4   ¶ 7, and Decl. of Porter, ¶ 4.  The Navy and its officers were involved in every aspect of the U.S.S.

5   CORAL SEA maintenance from the initiation of the contract through completion.  Decl. of Cocchi,

6   ¶¶ 6 & 7, and Decl. of Porter, ¶¶ 3 & 4.  Service Engineering was required to remove and replace

7   asbestos-containing products on the U.S.S. CORAL SEA pursuant to detailed U.S. Navy

8   specifications.  Decl. of Cocchi, ¶ 6.

9       Further, as stated, the maintenance performed on the U.S.S. CORAL SEA was supervised

10  and controlled by Navy officers to ensure compliance with the specifications.  Decl. of Cocchi, ¶ 7.

11  Specifically, SUPSHIP 12 of the Office of Supervisor of Shipbuilding, Conversion & Repair

12  supervised and approved/accepted the maintenance work, including the removal and replacement

13  of asbestos containing products, on the U.S.S. CORAL SEA.  Id.  Additionally, Navy officers

14  exercised direct control over Continental's work.  Id.  If Continental's work failed to conform to the

15  detailed U.S. Navy specifications, the Navy officers could stop Continental's work.  Id.  Following

16  completion of the work, sea trials were performed to ensure operational compliance with the Navy's

17  detailed specifications.  Id.  Lastly, any deviations from the detailed U.S. Navy specifications had

18  to be approved by an United States Navy officer from SUPSHIP 12.  Id.

19      These facts exhibit the type of direct and detailed control required under the Section

20  1442(a)(1) and under federal case law.  Similar to the facts in *Pack v. AC & S, Inc.,* the government

21  specified to Continental what asbestos was to be removed and replaced and then either accepted or

22  rejected the work.  Because Continental was "acting under" the direction and control of a federal

23  officer in performing its work, removal was proper.

24              **2.      A Colorable Federal Defense Exists.**

25      To satisfy this element of Section 1442(a)(1), a defendant must merely *raise* a colorable

26  federal defense.  "The question is not whether [the] claimed defense is meritorious, but only whether

27

28  _____
    [14] Id.

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; CASE NO. C01-00869 EDL                6

1 │ a colorable claim to such a defense has been made."[15]

2 │     The showing necessary to "raise" a colorable federal defense is minimal.  Indeed, the *Fung*

3 │ Court found that the mere stated intent of the defendant to raise the government contractor defense

4 │ is sufficient to demonstrate a *colorable* defense.[16]  In *Akin v. Big Three Industries, Inc.*, the District

5 │ Court found that an affidavit stating that the defendant manufactured jet engines under a contract

6 │ with the Secretary of the Air Force was sufficient to raise a colorable government contractor

7 │ defense.[17]  As stated therein, "All that is required under Section 1442(a)(1) . . . is that [the defendant]

8 │ assert a colorable claim to the defense.  Any determination as to the merits is collateral to the

9 │ jurisdictional questions here presented."[18]

10 │     Continental has raised the colorable federal defense of government contractor immunity by

11 │ stating in its Notice of Removal that the work giving rise to Plaintiff's claims was performed on a

12 │ Navy ship pursuant to a government contract.  See Exhibit C, Notice of Removal, pgs. 3:3-4:4, to

13 │ Decl. of McKeeman.  Under federal law, this showing is sufficient to raise a colorable federal

14 │ defense and support removal.

15 │     Plaintiff makes much ado over the ability of Continental to *succeed* on a government

16 │ contractor defense.  However, as stated, Plaintiff fails to recognize that Continental does not need

17 │ to succeed on the defense at this early stage, but merely must "raise" a colorable federal defense. In

18 │ fact, the cases relied upon by Plaintiff are inapposite because they review the merits of the

19 │ government contractor defense based on the evidence presented at trial or on motion for summary

20 │ judgment, not on Notice of Removal.  Simply stated, they do not address the simple question of

21 │ whether a colorable federal defense has been raised, but rather whether a colorable federal defense

22 │

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

---

23 │    [15] *Fung*, 816 F. Supp. at 573, <u>citing</u> *Mesa v. California*, 489 U.S. at 128, 109 S. Ct. at 964; <u>see</u> <u>also</u> *Swett*,
24 │ 792 F.2d at 1450 (defendant "need not win" federal defense to have it removed); *Akin v. Big Three Industries, Inc.*,
      851 F. Supp. 819, 823 (E.D. Tex. 1994) (whether or not a party will prevail on a federal defense is not the issue,
25 │ only a colorable defense must be raised); *Pack*, 838 F. Supp. at 1103 (question is not whether defense is meritorious
      but only whether it is colorable).

26 │    [16]*Fung,* 816 F.Supp. at 573.

27 │    [17]*Akin*, 851 F.Supp. 819.

28 │    [18]<u>Id</u>.; <u>see</u> <u>also</u> *Swett*, 792 F.2d at 1450 ("One of the most important reasons for removal is to have the
      validity of the defense of official immunity tried in federal court.")

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; CASE NO. C01-00869 EDL      7

1   exists, a standard not applicable at the present time in the case at bar.[19]

2        Plaintiff's reliance on *In re: Hawaii Federal Asbestos Cases*[20] is also misplaced. Plaintiff

3   has mischaracterized *Hawaii's* holding by stating that the court found that "asbestos-containing

4   products" are not considered military equipment. Plaintiffs' MPA, pg. 7:18-23. This statement is

5   not supported by any language in the case. Rather, *Hawaii* holds that "asbestos-containing products"

6   that are "readily available on the commercial market" do not constitute military equipment.[21] The

7   holding in *Hawaii* is not applicable in the case at bar for the simple reason that Continental never

8   provided any "asbestos-containing products" to the military. Continental provided asbestos removal

9   services on military equipment, i.e., a ship, and as such the government contractor defense is

10   available.[22]

11              **3.**     **Continental Has Established A Nexus or Causal**
                           **Connection Between Acts Under A Federal Officer**

12                            **And The Basis For This Lawsuit.**

13        The causal nexus requirement is satisfied when a government contractor performs its work

14   pursuant to U.S. specifications and is later sued because compliance with those specifications

15   allegedly caused personal injuries.[23] In the present case, Plaintiff sues Continental under a premises

16   liability cause of action, alleging, essentially, that Continental's work exposed Plaintiff to asbestos

17   on Continental's premises causing or contributing to his injuries. See Exhibit A, Complaint, pgs.

18   1:20-2:10 and 4:13-16, to Decl. Of McKeeman. As demonstrated above, Continental was acting

19   under the direction and control of the U.S. Navy and its officers pursuant to detailed Navy

20   specifications in removing asbestos from the U.S.S. CORAL SEA. Plaintiff currently is suing

21

22        [19]*In re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 807 (9th Cir. 1992) (appeal from judgment in lower court); *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S. Ct. 2510 (1988) (appeal of court of appeals

23   decision).

24        [20] *In re: Hawaii Federal Asbestos Cases*, 960 F.2d at 810.

25        [21]Id. at 811.

26        [22]This rational is consistent with *Fung*, 816 F.Supp. at 571-573, which upheld removal based on alleged injuries from asbestos exposure onboard a Navy submarine; see also *Niemann v. McDonnell Douglas Corp.*, 721 F.

27   Supp. 1019, 1023 (S.D. Ill. 1989)(when suing a manufacturer of aircraft for personal injuries, applicable product is aircraft, not asbestos).

28

       [23]*Akin*, 851 F.Supp. at 823-824.

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

Continental for injuries stemming from this work.  Accordingly, a causal connection exists.

**C.    Where One Claim Satisfies the Elements of The Federal Officer Removal Statute, the Entire Action is Removable.**

The existence of a single removable claim under Section 1442(a)(1) permits removal of the entire action.[24]  Because Continental has raised a proper claim of having acted under color of a federal officer in the maintenance performed on the U.S.S. CORAL SEA, removal of the entire action is proper.[25]

**D.    No Harm Inures To Plaintiff by Having A Federal Court Adjudicate Issues Of Federal Law.**

Furthermore, Continental has a right to have a federal court adjudicate this issue of federal law. Indeed, the Legislature created an entirely separate and distinct legislative provision, 28 U.S.C. § 1442, to ensure that defendants such as Continental would have access to the federal courts. Further, as stated by the United States Supreme Court, the importance of having a federal forum adjudicate claims involving the government contractor defense cannot be eviscerated by giving Section 1442(a)(1) a narrow, grudging interpretation.[26]  Because there is a strong policy in favor of removal of claims under Section 1442(a)(1), the Court should deny Plaintiff's Motion for Remand.[27]

**E.    Plaintiff's Request For Sanctions Is Entirely Unwarranted.**

Under Section 1447(c), a federal court has the discretion to award "just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal."[28]  The decision to award attorneys' fees is within the Court's discretion, however, there must be more than lack of jurisdiction

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

---

[24]28 U.S.C. §1441(c); *National Audubon Soc.*, 496 F.Supp. at 509.

[25]28 U.S.C. § 1442(a)(1); *Williams v. Brooks*, 945 F.2d. 1322, 1325 n.2 (5th Cir. 1991).

[26]*Willingham v. Morgan*,  395 U.S. 402, 407, 89 S. Ct. 1813, 1816 (1969).

[27]*Swett*, 792 F.2d at 1450, quoting *Arizona v. Manypenny*, 451 U.S. 232, 241, 101 S. Ct. 1657, 1664 (1981).

[28] 28 U.S.C. § 1447(c).

OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; CASE NO. C01-00869 EDL

9

1  justifying the award, such as bad faith.[29]

2      For the reasons stated above, the removal of this action was proper under the law, and as

3  such, the Court should deny Plaintiff's request for sanctions. Furthermore, even assuming arguendo

4  that the removal was improper, sufficient grounds do not exist to sanction Continental. Continental

5  has established through the evidence attached hereto that the U.S. Navy and its officers required

6  Continental to remove asbestos from Navy ships, under government contracts, pursuant to detailed

7  specifications, and under the direct supervision of Navy personnel. These facts unequivocally

8  establish that Continental's removal was warranted and was anything but "meritless" or otherwise

9  unwarranted as Plaintiff contends. For these reasons, sanctions are not warranted.

10      **F.**    **This Case Should Be Transferred To The Eastern District Of Pennsylvania**

11      Pursuant to the Order of the judicial panel on multi-district litigation, Docket No. 875, all

12  federal court asbestos personal injury actions have been centralized in a single forum in the Eastern

13  District of Pennsylvania, pursuant to 28 U.S.C. § 1407. Because this matter is an asbestos personal

14  injury action, it should be transferred to the Eastern District of Pennsylvania.

15  **V.**    **CONCLUSION**

16      Continental's Notice of Removal was proper. Continental has asserted a colorable federal

17  defense based on the direct control and supervision of its work by federal officers under a

18  government contract. For these reasons and others set forth above, Continental respectfully requests

19  that Plaintiff's Motion to Remand be denied.

20  DATED: March 27, 2001       SEYFARTH SHAW

21

22                  By _____

23                          Michael T. McKeeman

24                  Attorneys for Defendant
                CONTINENTAL MARITIME INDUSTRIES INC.

25

26

27

28      [29]*Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 972 (N.D. Cal. 1989) (award of costs appropriate if removal based on knowingly deficient grounds); *Teitelbaum v. Soloski*, 843 F. Supp. 614, 616 (C.D. Cal. 1994) (bare fact of remand not sufficient for award of sanctions).

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

**PROOF OF SERVICE**

I am employed in San Francisco County.  My business address is SEYFARTH, SHAW, FAIRWEATHER & GERALDSON, 101 California Street, Suite 2900, San Francisco, California 94111-5858, where this mailing occurred.  I am over the age of 18 years and am not a party to this cause.

On March 27, 2001, I served the attached:

**OPPOSITION OF CONTINENTAL MARITIME INDUSTRIES, INC. TO PLAINTIFF'S MOTION FOR REMAND;**

**DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND;**

**DECLARATION OF HARVEY PORTER IN SUPPORT OF CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND; and**

**DECLARATION OF RAY COCCHI IN SUPPORT OF CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND.**

on the party(ies) in this action, whose names are listed below, by the service method indicated herein, as follows:

[  ]   (BY FACSIMILE) from facsimile machine number (415) 397-8549 and that the attached report confirms the completion of the transmission(s) and that all page(s) were received.

[  ]   (BY MAIL -COLLECTION AND PROCESSING)  I placed such envelope(s) for collection and mailing on this date following ordinary business practices.

[  ]   (BY PERSONAL SERVICE)  I caused to be delivered by hand such envelope(s) to the office of the addressee(s).

[X]   (BY FEDERAL EXPRESS - OVERNIGHT DELIVERY)  I prepared Federal Express shipping label(s) and packaging and placed said package(s) for delivery to an authorized Federal Express service for shipping to the addressee(s).

**DAVID R. DONADIO, ESQ.**
**OREN P. NOAH, ESQ.**
**BRAYTON PURCELL**
**222 RUSH LANDING ROAD**
**NOVATO, CA 94948**

//////

//////

i

1   I am readily familiar with the practices of Seyfarth, Shaw, Fairweather & Geraldson for
    collection and processing of correspondence for mailing with the United States Postal Service
2   and for processing packages for shipment by Federal Express or other shippers.  Such
    correspondence is deposited with the United States Postal Service or delivered to the office of the
3   shipper on the same day and n the ordinary course of business practice.

4

    [X]     (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
5           court at whose direction the service was made.

6
            Executed on March 27, 2001, at San Francisco, California.
7

8                                                     _____
                                                              PAT THOMPSON
9

10

11

12

13

14
    #28070383
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

1

## PROOF OF SERVICE

2    I am employed in San Francisco County.  My business address is SEYFARTH, SHAW,
FAIRWEATHER & GERALDSON, 101 California Street, Suite 2900, San Francisco, California
3    94111-5858, where this mailing occurred.  I am over the age of 18 years and am not a party to
this cause.

4

5    On March 27, 2001, I served the attached:

6    **OPPOSITION OF CONTINENTAL MARITIME INDUSTRIES, INC. TO
PLAINTIFF'S MOTION FOR REMAND;**

7
**DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF
8    CONTINENTAL MARITIME INDUSTRIES, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND;**

9
**DECLARATION OF HARVEY PORTER IN SUPPORT OF CONTINENTAL
10   MARITIME INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND; and**

11
**DECLARATION OF RAY COCCHI IN SUPPORT OF CONTINENTAL
12   MARITIME INDUSTRIES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION
FOR REMAND.**

13

14
on the party(ies) in this action, whose names are listed below, by the service method indicated
15   herein, as follows:

16
[ ]   (BY FACSIMILE) from facsimile machine number (415) 397-8549 and that the attached
17        report confirms the completion of the transmission(s) and that all page(s) were received.

18
[X]   (BY MAIL -COLLECTION AND PROCESSING)  I placed such envelope(s) for
19        collection and mailing on this date following ordinary business practices.

20
[ ]   (BY PERSONAL SERVICE)  I caused to be delivered by hand such envelope(s) to the
21        office of the addressee(s).

22
[ ]   (BY FEDERAL EXPRESS - OVERNIGHT DELIVERY)  I prepared Federal Express
23        shipping label(s) and packaging and placed said package(s) for delivery to an authorized
Federal Express service for shipping to the addressee(s).

24
**PLEASE SEE ATTACHED SERVICE LIST**

25

26   I am readily familiar with the practices of Seyfarth, Shaw, Fairweather & Geraldson for
collection and processing of correspondence for mailing with the United States Postal Service
27   and for processing packages for shipment by Federal Express or other shippers.  Such
correspondence is deposited with the United States Postal Service or delivered to the office of the
28   shipper on the same day and n the ordinary course of business practice.

i

[X]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 27, 2001, at San Francisco, California.

_____
PAT THOMPSON

## CONTINENTAL MARITIME INDUSTRIES (Ricky Oxford vs.)
### United States District Court, Northern District, Case No. C01-0869 EDL

## SERVICE LIST

| | | |
|---|---|---|
| **ABB LUMMUS GLOBAL, INC.**<br>Knox Ricksen LLP<br>2101 Webster Street<br>Suite 650<br>Oakland, CA 94612-3069<br>Tel: (510) 285-2500<br>Fax: (510) 285-250 | **A.H. VOSS COMPANY**<br>Wilson, Elser, et al.<br>650 California Street<br>Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370 | **A.P. GREEN SERVICES, INC.**<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 |
| **ACANDS, INC.**<br>The St. Peter Law Group<br>20 California Street<br>7th Floor<br>San Francisco, CA 94111<br>Tel: (415) 955-0700<br>Fax: (415) 955-0711 | **ALTA BUILDING MATERIALS COMPANY**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 | **AQUA-CHEM, INC.**<br>Clapp, Moroney, et al.<br>1001 Bayhill Drive, Suite 200<br>San Bruno, CA 94066<br>Tel: (650) 616-4050<br>Fax: (650) 616-4258 |
| **ASTRA FLOORING COMPANY**<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 | **BERRY & BERRY**<br>Berry & Berry<br>P.O. Box 16070<br>2930 Lakeshore Avenue<br>Oakland, CA 94610<br>Tel: (510) 835-8330<br>Fax: (510) 835-5117 | **BRAGG INVESTMENT COMPANY, INC.**<br>Pray, Price, Williams, et al.<br>555 E. Ocean Blvd., Ste. 810<br>Long Beach, CA 90802-5055<br>Tel: (562) 436-1231<br>Fax: (562) 435-6384 |
| **CAPCO PIPE COMPANY, INC.**<br>Dryden, Margoles, et al<br>One California Street<br>Suite 2600<br>San Francisco, CA 94111<br>Tel: (415) 362-6715<br>Fax: (415) 362-0638 | **CERTAINTEED CORPORATION**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | **CONGOLEUM CORPORATION**<br>Glaspy & Glaspy (W.C.)<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, CA 94596<br>Tel: (925) 947-1300<br>Fax: (925) 947-1594 |
| **CONSOLIDATED INSULATION COMPANY**<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 | **DB RILEY, INC.**<br>McNamera, Dodge, Ney et al.<br>P.O. Box 5288<br>1211 Newell avenue, 2nd Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 939-5330<br>Fax: (925) 939-0203 | **DANA CORPORATION**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 |
| **ERICKSON, OSCAR E.**<br>**(INCORPORATED)**<br>Adams, Nye, Sinunu & Walker<br>One Jackson Place,<br>633 Battery Street, 5th Floor<br>San Francisco, CA 94111<br>Tel: (415) 982-8955<br>Fax: (415) 982-2042 | **FRASER-EDWARDS, CO.**<br>Gordon & Rees<br>275 Battery Street<br>20th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | **FAMILIAN CORPORATION**<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 |

| | | |
|---|---|---|
| **GATKE CORPORATION**<br>Sedgwick, Detert, et al.<br>3 Park Plaza<br>17th Floor<br>Irvine, CA 92714-8505<br>Tel: (949) 852-8200<br>Fax: (949) 852-8282 | **GATKE CORPORATION**<br>Bennett, Samuelsen, et al.<br>1951 Webster Street<br>Suite 200<br>Oakland, CA 94612-2940<br>Tel: (510) 444-7688<br>Fax: (510) 444-5849 | **GATKE CORPORATION**<br>Sedgwick, Detert, et al.<br>One Embarcadero Center<br>16th Floor<br>San Francisco, CA 94111<br>Tel: (415) 781-7900<br>Fax: (415) 781-2635 |
| **HILL BROTHERS CHEMICAL COMPANY**<br>Vasquez & Estrada<br>914 Mission Avenue, 2nd Flr.<br>San Rafael, CA 94901<br>Tel: (415) 453-0555<br>Fax: (415) 453-0549 | **KAISER ALUMINUM & CHEMICAL CORPORATION**<br>Thelen Reid & Priest, LLP<br>101 Second St., Ste. 1800<br>San Francisco, CA 94105-3601<br>Tel: (415) 371-1200<br>Fax: (415) 371-1211 | **KAISER GYPSUM COMPANY, INC.**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 |
| **KUBOTA CORPORATION**<br>Wilson, Elser, et al.<br>650 California Street<br>Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370 | **METALCLAD INSULATION CORPORATION**<br>Misciagna & Colombatto<br>27 Maiden Lane<br>Fourth Floor<br>San Francisco, CA 94108<br>Tel: (415) 391-6182<br>Fax: (415) 391-2904 | **OXFORD, RICKY**<br>Brayton Purcell<br>David R. Donadio, Esq.<br>Oren P. Noah, Esq.<br>222 Rush Landing Road<br>P. O. Box 2109<br>Novato, CA 94948<br>Tel: (415) 898-1555<br>Fax: (415) 898-1247 |
| **PARKER-HANNIFIN CORPORATION**<br>Law Offices of Peter J. Nova<br>P.O. Box 1328<br>456 Patten Street<br>Sonoma, CA 95476<br>Tel: (707) 938-9610<br>Fax: (707) 938-9612 | **PLANT INSULATION COMPANY**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 | **QUIGLEY COMPANY, INC.**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 |
| **QUINTEC INDUSTRIES, INC.**<br>Walsworth, Franklin, et al.<br>550 Montgomery Street<br>Eighth Floor<br>San Francisco, CA 94111-2534<br>Tel: (415) 781-7072<br>Fax: (415) 391-6258 | **RAPID-AMERICAN CORPORATION**<br>Thelen Reid & Priest, LLP<br>101 Second St., Ste. 1800<br>San Francisco, CA 94105-3601<br>Tel: (415) 371-1200<br>Fax: (415) 371-1211 | **REPUBLIC SUPPLY COMPANY**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 |
| **SARGENT CONTROLS & AEROSPACE**<br>Scadden, Hamilton & Ryan<br>220 Montgomery Street<br>13th Floor<br>San Francisco, CA 94104-3419<br>Tel: (415) 362-5116<br>Fax: (415) 362-4241 | **T & N PLC**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | **THOMAS DEE ENGINEERING CO., INC.**<br>Walsworth, Franklin, et al.<br>550 Montgomery Street<br>Eighth Floor<br>San Francisco, CA 94111-2534<br>Tel: (415) 781-7072<br>Fax: (415) 391-6258 |
| **THORPE INSULATION COMPANY**<br>Fox, Shjeflo, et al.<br>1730 South El Camino Real<br>6th Floor<br>San Mateo, CA 94402<br>Tel: (650) 341-2901<br>Fax: (650) 341-2258 | **THORPE INSULATION COMPANY**<br>Hildebrandt & Lucky<br>757 West 9th Street<br>San Pedro, CA 90731-3601<br>Tel: (310) 548-7882<br>Fax: (310) 548-4148 | **TOSCO CORPORATION**<br>Filice, Brown, Eassa & McLeod<br>1999 Harrison Street<br>18th Floor<br>Oakland, CA 94612<br>Tel: (510) 444-3131<br>Fax: (510) 839-7940 |

| UNITED STATES GYPSUM COMPANY<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | UNION CARBIDE CORPORATION<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | VIACOM, INC.<br>Morgenstein & Jubelirer<br>One Market Plaza<br>Spear Street Tower, 32nd Floor<br>San Francisco, CA 94105<br>Tel: (415) 896-0666<br>Fax: (415) 896-5592 |
|---|---|---|
| W. R. GRACE & CO.<br>Gordon & Rees<br>275 Battery Street<br>20th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | WALDRON, DUFFY, INC.<br>Archer Norris<br>P.O. Box 8035<br>2033 N. Main Street, Suite 800<br>Walnut Creek, CA 94596-3728<br>Tel: (925) 930-6600<br>Fax: (925) 930-6620 | WESTBURNE SUPPLY, INC.<br>Steefel, Levitt & Weiss<br>One Embarcadero Center<br>30th Floor<br>San Francisco, CA 94111<br>Tel: (415) 788-0900<br>Fax: (415) 788-2019 |
| ZURN INDUSTRIES, INC.<br>McNamera, Dodge, Ney et al.<br>P.O. Box 5288<br>1211 Newell Avenue, 2nd Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 939-5330<br>Fax: (925) 939-0203 | | |

28067141.1

1 SEYFARTH SHAW
LAWRENCE E. BUTLER (Bar No. 111043)
2 MICHAEL T. McKEEMAN (Bar No. 173662)
101 California Street, Suite 2900
3 San Francisco, CA 94111-5858
Telephone: (415) 397-2823
4 Facsimile: (415) 397-8549

5 Attorneys for Defendant
CONTINENTAL MARITIME INDUSTRIES, INC.

6

7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11 RICKY OXFORD,                          ) Case No. C01-00869 EDL
                                          )
12                     Plaintiff,          ) **DECLARATION OF MICHAEL T.**
                                          ) **McKEEMAN IN SUPPORT OF**
13        vs.                              ) **CONTINENTAL MARITIME**
                                          ) **INDUSTRIES, INC.'S OPPOSITION**
14 ASBESTOS DEFENDANTS (BHC),             ) **TO PLAINTIFF'S MOTION FOR**
                                          ) **REMAND**
15                     Defendants.         )
                                          ) **Date:   April 17, 2001**
16                                        ) **Time:   9:30 a.m.**
                                          ) **Ctrm:   E**
17 _____ ) **Judge:  Hon. Elizabeth D. Laporte**

18        I, Michael T. McKeeman, declare as follows:

19        1.    I am an attorney duly licensed to practice law in the State of California and an

20 associate with the law firm of Seyfarth Shaw, attorneys of record for defendant, Continental

21 Maritime Industries, Inc. ("Continental"). I have personal knowledge of the matters set forth in this

22 declaration and if called to testify to them, could do so competently.

23        2.    Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Complaint For

24 Personal Injury-Asbestos in this action.

25        3.    Attached as Exhibit B is a true and correct copy of Plaintiff's Answers to Standard

26 Asbestos Case Interrogatories in this action.

27        4.    Attached as Exhibit C is a true and correct coy of Continental's Notice of Removal.

28 //////

DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF OPPOSITION TO MOTION FOR
REMAND; CASE NO. C01-00869 EDL

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1   I declare under penalty of perjury and the laws of the State of California that the foregoing

2   is true and correct.

3   Executed on March 27, 2001, at San Francisco, California.

4

5

6   _____
    MICHAEL T. McKEEMAN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21   28069945.1

22

23

24

25

26

27

28

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

DECLARATION OF MICHAEL T. McKEEMAN IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND; CASE NO. C01-00869 EDL

2

EXHIBIT A

# SUMMONS
# (CITATION JUDICIAL)

**NOTICE TO DEFENDANT:**(Aviso a Acusado)

SEE ATTACHED LIST.

**YOU ARE BEING SUED BY PLAINTIFF:**
(A Ud. le está demandando)

RICKY OXFORD

| | |
|---|---|
| You have *30 CALENDAR DAYS* after this Summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de *30 DIAS CALENDARIOS* para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónic no le ofrecera protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and pro-perty may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

CASE NUMBER (Número del Caso)

The name and address of the court is: (El nombre y dirección de la corte es)
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA  94102

**317337**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)

DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✦PURCELL
222 Rush Landing Road, P.O. Box 2109
Novato, CA  94948          (415) 898-1555

| DATE<br>(Fecha) | DEC 1 3 2000 | Clerk, by | | Deputy<br>(Delegado) |
|---|---|---|---|---|
| | GORDON PARK-LI | | JUN P. PANELO | |

**NOTICE TO PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  Continental Industrial Industries
   under:☒ CCP 416.10 (corporation)        ☐ CCP 416.60(minor)
        ☐ CCP 416.20 (defunct corporation)   ☐CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association of partnership) ☐ CCP 416.90 (individual)
        ☐ other:
4. ☒ by personal delivery on (date):

| | |
|---|---|
| Form Adopted by Rule 982<br>Judicial Council of California<br>982(a)(9)(Rev January 1 1984) | **(See reverse for proof of Service)**<br>**SUMMONS** | CCP 412.20<br>CEB |

1   A.H. VOSS COMPANY
    A.P. GREEN SERVICES, INC.
2   ACandS, INC.
    ATLAS TURNER, INC.
3   ALTA BUILDING MATERIALS COMPANY
    AQUA-CHEM, INC.
4   ARMSTRONG WORLD INDUSTRIES, INC.
    ASBESTOS CLAIMS MANAGEMENT CORPORATION
5   ASBESTOS CORPORATION LIMITED
    BELL ASBESTOS MINES LTD.
6   CERTAINTEED CORPORATION
7   CONGOLEUM CORPORATION
    THOMAS DEE ENGINEERING CO., INC.
8   DANA CORPORATION
    THE FLINTKOTE COMPANY
9   FRASER-EDWARDS CO.
    GAF CORPORATION
10  GARLOCK, INC.
    HILL BROTHERS CHEMICAL COMPANY
11  KAISER ALUMINUM & CHEMICAL CORPORATION
    KAISER GYPSUM COMPANY, INC.
12  KUBOTA CORPORATION
    L.H. BUTCHER COMPANY
13  MacARTHUR COMPANY
    METALCLAD INSULATION CORPORATION
14  PARKER-HANNIFIN CORPORATION
    PLANT INSULATION COMPANY
15  QUIGLEY COMPANY, INC.
    QUINTEC INDUSTRIES, INC.
16  RAPID-AMERICAN CORPORATION
    REPUBLIC SUPPLY COMPANY
17  DB RILEY, INC.
18  T&N PLC
    THORPE INSULATION COMPANY
19  UNION CARBIDE CORPORATION
    UNITED STATES GYPSUM COMPANY
20  VIACOM, INC.
    W.R. GRACE & CO.--CONN.
21  WALDRON, DUFFY, INC.
    WESTBURNE SUPPLY, INC.
22  WESTERN MacARTHUR COMPANY
    WESTERN ASBESTOS COMPANY
23  ASTRA FLOORING COMPANY
24  CAPCO PIPE COMPANY, INC.
    FAMILIAN CORPORATION
25  BRAGG INVESTMENT COMPANY, INC.
    ZURN INDUSTRIES, INC.
26  CONSOLIDATED INSULATION COMPANY, INC.
    ABB LUMMUS GLOBAL, INC.
27  OSCAR E. ERICKSON, INCORPORATED
    ROSENDAHL CORPORATION
28

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 2109
NOVATO, CALIFORNIA 94948
(415) 898 1555

1   SARGENT CONTROLS & AEROSPACE
    CONTINENTAL MARITIME INDUSTRIES, INC.
2   TOSCO CORPORATION
    METROPOLITAN LIFE INSURANCE COMPANY
3   GATKE CORPORATION
    PNEUMO ABEX CORPORATION
4   and DOES 1-800,

5        Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Ricky Oxford vs. Asbestos Defendants (BHC)
     San Francisco Superior Court

1    DAVID R. DONADIO, ESQ., S.B. #154436
     HUGH C. COOK, ESQ., S.B. #203562
2    BRAYTON❖PURCELL
     Attorneys at Law
3    222 Rush Landing Road
     P.O. Box 2109
4    Novato, California 94948
     (415) 898-1555
5    FAX: 899-1247
     Attorneys for Plaintiff

ENDORSED
F I L E D
San Francisco County Superior Court

DEC 1 3 2000

GORDON PARK-LI, Clerk
BY: _____ JUN P. PANELO
               Deputy Clerk

1:30 P.M.
STATUS CONFERENCE DATE   DEC 2 0 2001

6

7

8           **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF SAN FRANCISCO**

10

11    RICKY OXFORD,                )    No. **317387**

12            Plaintiff,        )    COMPLAINT FOR PERSONAL INJURY
                               )    - ASBESTOS

13    vs.                        )

14    ASBESTOS DEFENDANTS (BHC)   )
     As Reflected on Exhibits B, B-1, C,   )
15    and H; and DOES 1-800.       )

16

17         1.      Plaintiff RICKY OXFORD was born February 11, 1953.

18         2.      Plaintiff's asbestos-related injury, date of diagnosis, employment status, and

19    history of exposure to asbestos are as stated on Exhibit A.

20         3.      The Brayton Harley Curtis Master Complaint for Personal Injury [and Loss of

21    Consortium] was filed April 9, 1996, the First Amendment to said Master Complaint was filed

22    April 30, 1996, the Second Amendment to said Master Complaint was filed July 22, 1997, the

23    Third Amendment to said Master Complaint was filed on October 27, 1997, the Fourth

24    Amendment to said Master Complaint was filed on March 10, 1998, and the Fifth Amendment to

25    said Master Complaint was filed on August 24, 1998, in San Francisco Superior Court. A copy

26    of the Master Complaint and General Order No. 55 may be obtained upon request from

27    Brayton❖Purcell, and designated portions of the Master Complaint are incorporated by reference

28    ///

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 2109
NOVATO, CALIFORNIA 94945
(415) 898-1555

herein pursuant to the authority conferred by General Order No. 55.  Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

<u>Defendants* on Exhibit:</u>

| Cause of Action | B | B-1 | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☒ | | | | | ☐ | |
| Second (Strict Liability) | ☒ | ☒ | | | | | ☐ | |
| Third (False Representation) | ☒ | ☒ | | | | | ☐ | |
| Fourth (Intentional Tort) | ☒ | | | | | | ☐ | |
| Fifth (Premises Owner/ Contractor Liability) | | ☒ | ☒ | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) | | | | ☐ | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | |
| Fourteenth (Fraud and Deceit/Concealment) | | | | | | | | ☒ |
| Fifteenth (Fraud and Deceit/Negligent Misrepresentation) | | | | | | | | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

4.    Paragraph 61 of the Fifth Cause of Action of the Master Complaint (Premises Owner/Contractor Liability) is hereby amended as follows:

"61.    At all times mentioned herein, said Premises Owner/Contractor Liability Defendants, and each of them:

a. Should have recognized that the work of said contractors would create during the progress of the work, dangerous, hazardous, and unsafe conditions which could or would harm plaintiff and others unless special precautions were taken;

///

///

1        b. Knew or had reason to know, that the contractors it had selected and hired to

2  install, remove, abate or otherwise handle asbestos-containing materials were unfit or unqualified

3  to do so;

4        c. Failed to use reasonable care to discover whether the contractors it selected and

5  hired to install, remove, abate or otherwise handle asbestos-containing materials were competent

6  or qualified to do so."

7      5.    Paragraph 64 of the Fifth Cause of Action of the Master Complaint (Premises

8  Owner/Contractor Liability) is hereby amended by adding subpart g. as follows:

9        "g. Failure to select and hire a careful and competent contractor or

10  subcontractor."

11      6.    Plaintiff's claims against defendant VIACOM, INC. (successor by merger to CBS

12  CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC

13  CORPORATION) exclude military and federal government jobsites.

14      7.    In the prefatory paragraphs to the Fourteenth and Fifteenth Causes of Action,

15  following "METROPOLITAN LIFE INSURANCE COMPANY" insert as a named defendant "GATKE

16  CORPORATION."

17      8.    In the Fourteenth Cause of Action, Paragraph 121(c) and (d), wherever the name

18  "Gatke Corporation" appears, insert before this defendant's name the word "defendant" and

19  change defendant's name to all capital letters -- "defendant GATKE CORPORATION."

20      9.    In the Fourteenth Cause of Action, Paragraph 118, Line 15, change "this Fifth

21  Cause of Action" to "this Fourteenth Cause of Action."

22  Dated:  12/12/00          BRAYTON✧PURCELL

23

24               By: _____

25                   David R. Donadio
                      Attorneys for Plaintiff

26

27

28

1

## EXHIBIT A

2

3    Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

4    locations inside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oil Chemical and Atomic Workers, Local 1-5, P.O. Box 268, Martinez, CA, including but not limited to the following employer: | Various jobsites through the Oil Chemical and Atomic Workers, Local 1-5, P.O. Box 268, Martinez, CA, including but not limited to the following: | Pipefitter | 1975-1983 |
| Plant Maintenance, Martinez, CA | Union Oil, Rodeo/Oelum, CA | Pipefitter | 1975, 1978, 1979-1983 |
| Plant Maintenance, Martinez, CA | Tosco Oil, Avon, CA | Pipefitter | 1975, 1978, 1979-1983 |
| Western MacArthur San Francisco, CA | Service Engineering Co-Pier 38, San Francisco, CA; Hunter's Point Naval Shipyard, San Francisco, CA; Naval Air Station, Alameda, CA  CORAL SEA (CVA-43) | Pipefitter | 1978-1979 |
| Central Plumbing Fairfield. CA | Central Plumbing Fairfield, CA | Plumber | Summer 1976 |
| Ernies Plumbing Martinez, CA | Ernies Plumbing Martinez, CA | Plumber | 1985 |
| Inland Plumbing Stockton. CA | Inland Plumbing Stockton, CA | Plumber | 1986 |
| Goldenstate Plumbing, RG Oxford Plumbing, Oakley, CA | Goldenstate Plumbing, RG Oxford Plumbing, Oakley, CA | Plumber | 1987-present |
| Various employers through the International Plumbers and Pipefitters Union Local 342. Concord, CA, including but not limited to the following: | Various jobsites through the International Plumbers and Pipefitters Union Local 342, Concord, CA, including but not limited to the following: | Pipefitter | 1995-present |
| Jacob's Construction Baton Rouge, LA | Standard Oil, Richmond, CA | Pipefitter | 1995 |

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

K: CLIENTS:24161:CMP-PIP.WPD
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (cont'd.)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Swinerton & Walburg, S&W Industries, Pleasant Hill, CA | Shell Oil, Martinez, CA | Pipefitter | 1996 |
| Babcock & Wilcox Marberton, OH | Tosco Oil, Avon, CA | Pipefitter | 1997 |
| Gibbs & Son Incorporated San Francisco, CA | Tosco Oil, Avon, CA | Pipefitter | 1998 |
| Markensen Plumbing Incorporated, Inc., Castro Valley, CA | Markensen Plumbing Incorporated, Inc., Castro Valley, CA | Plumber | 1997 |
| Nooter Construction St. Louis, MO | Tosco, Avon, CA | Pipefitter | 1997 |

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers.  Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about June 2000.

Plaintiff is still employed and therefore has suffered no disability due to his asbestos-related disease as "disability" is defined in California Code of Civil Procedure § 340.2.

EXHIBIT A

K:\CLIENTS\24361\C\IP PIP WPD
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B

DEFENDANTS

| | |
|---|---|
| A.H. VOSS COMPANY | L.H. BUTCHER COMPANY |
| A.P. GREEN SERVICES, INC. | MacARTHUR COMPANY |
| ACandS, INC. | METALCLAD INSULATION CORPORATION |
| ATLAS TURNER, INC. | PARKER-HANNIFIN CORPORATION |
| ALTA BUILDING MATERIALS COMPANY | PLANT INSULATION COMPANY |
| AQUA-CHEM, INC. | QUIGLEY COMPANY, INC. |
| ARMSTRONG WORLD INDUSTRIES, INC. | QUINTEC INDUSTRIES, INC. |
| ASBESTOS CLAIMS MANAGEMENT | RAPID-AMERICAN CORPORATION |
|   CORPORATION | REPUBLIC SUPPLY COMPANY |
| ASBESTOS CORPORATION LIMITED | DB RILEY, INC. |
| BELL ASBESTOS MINES LTD. | T&N PLC |
| CERTAINTEED CORPORATION | THORPE INSULATION COMPANY |
| CONGOLEUM CORPORATION | UNION CARBIDE CORPORATION |
| THOMAS DEE ENGINEERING CO., INC. | UNITED STATES GYPSUM COMPANY |
| DANA CORPORATION | VIACOM, INC. |
| THE FLINTKOTE COMPANY | W.R. GRACE & CO.--CONN. |
| FRASER-EDWARDS CO. | WALDRON, DUFFY, INC. |
| GAF CORPORATION | WESTBURNE SUPPLY, INC. |
| GARLOCK, INC. | WESTERN MacARTHUR COMPANY |
| HILL BROTHERS CHEMICAL COMPANY | WESTERN ASBESTOS COMPANY |
| KAISER ALUMINUM & CHEMICAL | ASTRA FLOORING COMPANY |
|   CORPORATION | CAPCO PIPE COMPANY, INC. |
| KAISER GYPSUM COMPANY, INC. | FAMILIAN CORPORATION |
| KUBOTA CORPORATION | BRAGG INVESTMENT COMPANY, INC. |

ALTERNATE ENTITY

| | |
|---|---|
| ARMSTRONG WORLD INDUSTRIES, INC. | ARMSTRONG CORK COMPANY |
|   | ARMSTRONG BROTHER & COMPANY, INC. |
|   | ARMSTRONG CONTRACTING & SUPPLY CORP. |
|   | ASBESTOS SUPPLY CO. |
|   | ASBESTOS SUPPLY COMPANY OF PORTLAND |
| ASBESTOS CLAIMS MANAGEMENT CORPORATION | NATIONAL GYPSUM COMPANY |
|   | GOLDBOND BUILDING PRODUCTS |
|   | PACIFIC PAPERBOARD PRODUCTS, INC. |
| CERTAINTEED CORPORATION | CERTAIN-TEED CORPORATION |
|   | KEASBEY & MATTISON |
|   | GUSTIN BACON MANUFACTURING CO. |
|   | PARKSON PIPELINE MATERIALS |
|   | PARKSON, INC. |
|   | WATER CO. |
|   | TELFORD SMITH SUPPLY CO. |

///

///

///

EXHIBIT B

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| THE FLINTKOTE COMPANY | FLINTKOTE MINES, LTD. - QUEBEC<br>CALAVERAS CEMENT COMPANY<br>BLUE DIAMOND CORPORATION<br>GENSTAR COMPANY<br>BOTSWANA FIBERS, LTD.<br>CAPASCO, LTD.<br>ORANGEBURG MANUFACTURING CO.<br>PIONEER-FLINTKOTE<br>PIONEER CORP.<br>TILE TEX<br>ATLAS ADHESIVES<br>PACIFIC ASBESTOS COMPANY<br>VAN PACKER CHIMNEY CO. |
| GAF CORPORATION | RUBEROID CO.<br>H.F. WATSON CO.<br>VERMONT ASBESTOS<br>AMERICAN I.G. CORPORATION<br>GENERAL ANILINE & FILM CORPORATION<br>STANDARD PAINT COMPANY |
| KAISER ALUMINUM &<br>CHEMICAL CORPORATION | MEXICO REFRACTORIES<br>KAISER REFRACTORIES<br>NATIONAL REFRACTORIES & MINERALS CORPORATION<br>KAISER CENTER, INC.<br>HENDY INTERNATIONAL COMPANY<br>MAXXAM, INC.<br>MAXXAM HOLDINGS, INC. |
| KUBOTA CORPORATION | KUBOTA, LTD.<br>KUBOTA IRON & MACHINERY WORKS, LTD. |
| L.H. BUTCHER COMPANY | CENTRAL SOLVENTS AND CHEMICAL COMPANY, INC.<br>CHEMCENTRAL CORPORATION COMPANY, INC.<br>HOOKER CHEMICAL CORPORATION (NY)<br>OCCIDENTAL CHEMICAL CORPORATION<br>UDYLITE CORPORATION (DE)<br>UDYLITE, CALIFORNIA<br>WILBEL, INC.<br>WILBUR-ELLIS COMPANY |
| METALCLAD INSULATION<br>CORPORATION | NORTHERN CALIFORNIA INSULATION, INC.<br>SWEETSER ENTERPRISES<br>PACIFIC ASBESTOS & SUPPLY<br>PACIFIC INSULATION SERVICES, INC. |
| QUIGLEY COMPANY, INC. | QUIGLEY, INC.<br>QUIGLEY CORPORATION |

///

///

EXHIBIT B

K:CLIENTS:24361:CMP.PID:WPD
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

<u>EXHIBIT B (cont'd.)</u>

2

<u>ALTERNATE ENTITY</u>

3

QUINTEC INDUSTRIES, INC.

WESTERN FIBERGLAS SUPPLY COMPANY
MULDOON INSULATION

4

RAPID-AMERICAN CORPORATION

5

THE PHILIP CAREY MANUFACTURING COMPANY
PANACON CORPORATION
PHILIP CAREY CORPORATION

6

CAREY CANADA, INC.
CELOTEX CORPORATION

7

RAPID AMERICAN CORP. (DE)
RAPID AMERICAN CORP. (OH)

8

RAPID ELECTROTYPE CO.
FAMILY BARGAIN CENTERS, INC.

9

GLEN ALDEN COAL CO.
GLEN ALDEN CORPORATION

10

KENTON CORPORATION
McCORY CORPORATION

11

McGREGOR CORPORATION
WORLD-WIDE FINANCIAL PARTNERSHIP, L.P.

12

RIKLIS FAMILY CORPORATION
EII HOLDINGS, INC.

13

DB RILEY, INC.

RILEY STOKER CORPORATION

14

THORPE INSULATION COMPANY

15

J. T. THORPE & SON
THE THORPE COMPANY
ASBESTOS PRODUCTS CORPORATION

16

ASBESTOS PRODUCTS COMPANY OF SAN DIEGO
PLANT INSULATION CO.

17

PLANT MANUFACTURING CO.
THORPE PRODUCTS CO.

18

UNION CARBIDE CORPORATION

19

UNION CARBIDE CHEMICALS AND PLASTICS
    COMPANY, INC.
UNION CARBIDE AND CARBON PRODUCTS

20

LINDE AIR PRODUCTS COMPANY

21

UNITED STATES GYPSUM
    COMPANY

SPRAYON RESEARCH CORP.
SMITH AND KANZLER CO., INC.

22

SMITH AND KANZLER CORPORATION
SPRAYED INSULATION, INC.

23

S.K. INSULROCK CORPORATION
SPRAYON RESEARCH CORPORATION

24

SPRAYON INSULATION AND ACOUSTICS. INC.
SPRAYED INSULATION INC.

25

DURABOND
DENEK ETERNIT FABRIK

26

///

27

///

28

///

EXHIBIT B

| | |
|---|---|
| | EXHIBIT B (cont'd.) |
| | ALTERNATE ENTITY |
| VIACOM, INC. | CBS CORPORATION<br>WESTINGHOUSE ELECTRIC CORPORATION<br>WESTINGHOUSE ELECTRIC AND<br> MANUFACTURING COMPANY |
| W.R. GRACE & CO.--CONN. | HANDY DAN HOME IMPROVEMENT CENTERS, INC.<br>S & B SUPPLY CO.<br>AEROLINE, INC.<br>ANGELS HOME IMPROVEMENT CENTER, INC.<br>SANDY K CO. POMONA<br>DAYLIN, INC.<br>BONANZA<br>THRIFT BUILDER SUPPLY |
| WALDRON, DUFFY, INC. | WALDRON, DUFFY & SMITH, INC. |
| WESTBURNE SUPPLY, INC. | P. E. O'HAIR & CO.<br>AIR COLD SUPPLY, INC.<br>OAKLAND PLUMBING SUPPLY |
| FAMILIAN CORPORATION | FAMILIAN PIPE & SUPPLY<br>INDUSTRIES SUPPLY CO. |
| BRAGG INVESTMENT<br>COMPANY, INC. | BRAGG CRANE & RIGGING NORTHERN<br> OPERATIONS, INC.<br>BAY WESTERN INDUSTRIAL MAINTENANCE |

EXHIBIT B-1

ZURN INDUSTRIES, INC.
CONSOLIDATED INSULATION COMPANY, INC.
ABB LUMMUS GLOBAL, INC.
OSCAR E. ERICKSON, INCORPORATED
ROSENDAHL CORPORATION
SARGENT CONTROLS & AEROSPACE

| | ALTERNATE ENTITY |
|---|---|
| ZURN INDUSTRIES, INC. | BUMSTEAD-WOOLFORD COMPANY |
| ABB LUMMUS GLOBAL, INC. | LUMMUS CORPORATION |
| OSCAR E. ERICKSON,<br> INCORPORATED | ASSOCIATED INSULATION OF CALIFORNIA<br>OSCAR E. ERICKSON COMPANY |
| ROSENDAHL CORPORATION | ROSENDAHL INDUSTRIAL MAINTENANCE CO., INC.<br>HUMISTON-ROSENDAHL, INC. |

EXHIBITS B, B-1

///

K:\CLIENTS\2330\CMP.PIP.WPD
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1    EXHIBIT B-1 (cont'd.)

2    ALTERNATE ENTITY

3    SARGENT CONTROLS & AEROSPACE    SARGENT INDUSTRIES, INC.
                                     KAHR BEARING CORPORATION
4                                    AETNA STEEL PRODUCTS CORPORATION
                                     ARNOT MARINE CORPORATION
5

6                              EXHIBIT C

7    DEFENDANTS

8    TOSCO CORPORATION                      ACandS, INC.
     CONTINENTAL MARITIME INDUSTRIES, INC.  METALCLAD INSULATION CORPORATION
9    ZURN INDUSTRIES, INC.                  PLANT INSULATION COMPANY
     CONSOLIDATED INSULATION COMPANY, INC.  THORPE INSULATION COMPANY
10   ABB LUMMUS GLOBAL, INC.                WESTERN MacARTHUR COMPANY
     OSCAR E. ERICKSON, INCORPORATED        MacARTHUR COMPANY
11   ROSENDAHL CORPORATION                  WESTERN ASBESTOS COMPANY
     SARGENT CONTROLS & AEROSPACE
12

13                                ALTERNATE ENTITY

14   TOSCO CORPORATION                 THE OIL SHALE CORPORATION
                                       TOSCO REFINING COMPANY
15
     CONTINENTAL MARITIME              SERVICE ENGINEERING CO.
16      INDUSTRIES, INC.              NQ DE NNS MERGER CORP.

17
     PREMISES OWNER
18   DEFENDANTS                        LOCATION                    TIME PERIOD

19   TOSCO CORPORATION                 Tosco Oil, Avon, CA         1997

20   CONTINENTAL MARITIME              Service Engineering Co., Pier 38,   1978-1979
     INDUSTRIES, INC.                  San Francisco, CA
21

22
     CONTRACTOR
23   DEFENDANTS                        LOCATION                    TIME PERIOD

24   ZURN INDUSTRIES, INC.             Union Oil, Rodeo/Oleum, CA  1975; 1978;
                                                                   1979-1983
25
                                       Long Beach Naval Shipyard,  1978-1979
26                                     Long Beach, CA; Naval Air
                                       Station North Island, San Diego,
27                                     CA; Naval Air Station, Alameda,
                                       CA
28   /ll                                                    EXHIBITS B-1, C

     COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| CONSOLIDATED INSULATION COMPANY, INC. | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| | Hunters Point Naval Shipyard, San Francisco, CA; Naval Air Station, Alameda, CA | 1978-1979 |
| ABB LUMMUS GLOBAL, INC. | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| OSCAR E. ERICKSON, INCORPORATED | Standard Oil Bldg., Richmond, CA | 1972-1973 |
| | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| | Hunters Point Naval Shipyard, San Francisco, CA | 1978-1979 |
| ROSENDAHL CORPORATION | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| SARGENT CONTROLS & AEROSPACE | Bethlehem Steel Shipyard, Sparrows Point | 1978-1979 |
| ACandS, INC. | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| | Bethlehem Steel Shipyard, Sparrows Point; Hunters Point Naval Shipyard, San Francisco, CA; Long Beach Naval Shipyard, Long Beach, CA; Naval Air Station North Island, San Diego, CA; Naval Air Station, Alameda, CA; Puget Sound Naval Shipyard, Bremerton, WA; Todd Shipyard, Alameda, CA; Triple A Machine, San Francisco, CA (Pier 64) | 1978-1979 |
| METALCLAD INSULATION CORPORATION | Union Oil, Rodeo/Oleum, CA | 1975; 1978; 1979-1983 |
| | Hunters Point Naval Shipyard, San Francisco, CA; Long Beach Naval Shipyard, Long Beach, CA; Naval Air Station North Island, San Diego, CA; | 1978-1979 |

///

EXHIBIT C

K:\CLIENTS\24361\CMP-PIP.WPD

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT C (cont'd.)

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| PLANT INSULATION COMPANY | Various | Various |
| THORPE INSULATION COMPANY | Various | Various |
| WESTERN MacARTHUR COMPANY/MacARTHUR COMPANY/WESTERN ASBESTOS COMPANY | Various | Various |

EXHIBIT H

DEFENDANTS

METROPOLITAN LIFE INSURANCE COMPANY
GATKE CORPORATION
UNITED STATES GYPSUM COMPANY
PNEUMO ABEX CORPORATION
T&N PLC

| | ALTERNATE ENTITY |
|---|---|
| PNEUMO ABEX CORPORATION | ABEX CORPORATION
AMERICAN BRAKE SHOE COMPANY
AMERICAN BRAKE SHOE AND FOUNDRY COMPANY
AMERICAN BRAKEBLOK. DIVISION OF AMERICAN BRAKE SHOE AND FOUNDRY CO.
AMERICAN BRAKEBLOK CORPORATION
AMERICAN BRAKE MATERIALS CORPORATION
AMERICAN BRAKE SHOE AND FOUNDRY (DE) |
| GATKE CORPORATION | ASBESTOS TEXTILE COMPANY, INC. |

EXHIBITS C, H

K CLIENTS 24361 CMP.PIP WPD
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

12

EXHIBIT B

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   HUGH C.  COOK, ESQ., S.B. #203562
2  BRAYTON✜PURCELL
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 2109
4  Novato, California  94948
   (415) 898-1555
5
   Attorneys for Plaintiff
6

7

8              SUPERIOR COURT OF CALIFORNIA

9                COUNTY OF SAN FRANCISCO

10

11  RICKY GENE OXFORD,                    )    No. 317387
                                          )
12          Plaintiff,                    )    ANSWERS TO INTERROGATORIES
                                          )
13  vs.                                   )
                                          )
14  ASBESTOS DEFENDANTS (BHC)             )
                                          )
15

16  PROPOUNDING PARTY:   STANDARD ASBESTOS CASE INTERROGATORIES

17  RESPONDING PARTY:    Plaintiff RICKY GENE OXFORD

18  SET NO:              ONE

19

20                          ANSWERS

21      1.   a.   RICKY GENE OXFORD.

22           b.   2/11/1953.

23           c.   Age 47.

24           d.   Altus, Oklahoma.

25           e.   4995 Sandmound Blvd., Oakley, California  94561.

26           f.   Height: 6'  Weight: 210 lbs.

27           g.   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

28           h.   01899279



K:\CLIENTS\2416\AISACSF.AI                1

b.      Father.

c.      Plaintiff is currently unable to recall.

d.      1986.

e.      Contra Costa County, Martinez, California.

f.      Lung cancer.

5.      Plaintiff is currently able to recall the following addresses:

1953-1966:      Altus, Oklahoma;

1966-1967:      Tulare, California;

1967-1969:      Ironwood, Pacheco, California;

1969-1971:      307 C. Street, Monterey, California;

1972-1974:      112 DeNormondie, Monterey , California;

1975-1976:      Dorms, SF State University;

1976-1979:      Davis, California;

1980-1987:      112 DeNormondie, Monterey, California;

1986:           Port Townsend, California;

1987:           Martinez, California;

1987-1988:      Antioch, California;

1988-1990:      Martinez, California;

1990-present:   Oakley, California.

6.      1972: El Hambra High School, Martinez, California;

1974: SF State University, San Francisco, California;

1976-1979:   UC Davis, Davis, California;

1972-1974:   Diablo Valley College, Pleasant Hill, California.

7.      January 12, 2001.

8.      No.

9.      Not applicable.

10.     Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

a.      Dr. Michael M'melewicz

1          b.     Father.

2          c.     Plaintiff is currently unable to recall.

3          d.     1986.

4          e.     Contra Costa County, Martinez, California.

5          f.     Lung cancer.

6     5.     Plaintiff is currently able to recall the following addresses:

7          1953-1966:    Altus, Oklahoma;

8          1966-1967:    Tulare, California;

9          1967-1969:    Ironwood, Pacheco, California;

10         1969-1971:    307 C. Street, Monterey, California;

11         1972-1974:    112 DeNormondie, Monterey , California;

12         1975-1976:    Dorms, SF State University;

13         1976-1979:    Davis, California;

14         1980-1987:    112 DeNormondie, Monterey, California;

15         1986:         Port Townsend, California;

16         1987:         Martinez, California;

17         1987-1988:    Antioch, California;

18         1988-1990:    Martinez, California;

19         1990-present: Oakley, California.

20    6.     1972: El Hambra High School, Martinez, California;

21         1974: SF State University, San Francisco, California;

22         1976-1979:    UC Davis, Davis, California;

23         1972-1974:    Diablo Valley College, Pleasant Hill, California.

24    7.

25    8.     No.

26    9.     Not applicable.

27    10.    Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

28          a.     Dr. Michael M'melewicz

1      b.    Kaiser, Martinez, California.

2      c.    Removal of cancerous material from jaw, radiation and in the Spring of

3  1983 removal of the spleen.

4      d.    1983-present.

5      e.    Lymphoma.

6      f.    Plaintiff's investigation and discovery are continuing.

7      a.    Dr. Wong.

8      b.    Kaiser, Martinez, California.

9      c.    Antibiotics.

10     d.    Spring of 1983.

11     e.    Found lump on throat and jaw.

12     f.    Plaintiff's investigation and discovery are continuing.

13     a.    Dr. Levine

14     b.    Mt. Diablo Hospital, Concord, California.

15     c.    Radiation.

16     d.    1983-1984.

17     e.    Lymphoma.

18     f.    Plaintiff's investigation and discovery are continuing.

19     11.    Excluding those used by plaintiff's expert consultants, plaintiff recalls the

20  following hospitals:

21     a.    Kaiser, Martinez, California.

22     b.    Martinez, California.

23     c.    Exams every 3-6 months.

24     d.    1983- present.

25     e.    Lump in throat, follow-up.

26     f.    Plaintiff's investigation and discovery are continuing.

27     a.    Mt. Diablo Hospital.

28     b.    Concord, California.

K:\CLIENTS\24361\AISACSF.AI

1       c.     Radiation treatment.

2       d.     1983-1984.

3       e.     Lump in throat.

4       f.     Plaintiff's investigation and discovery are continuing.

5    12.    Excluding any taken by plaintiff's expert consultants, plaintiff recalls the

6 following x-rays:

7       a.     Dr. Michael M'melewicz, Kaiser, Martinez, California.

8       b.     1983-present.

9       c.     x-rays once a year.

10       d.     Plaintiff is currently unable to recall.

11       e.     Plaintiff's investigation and discovery are continuing.

12       a.     John Muir, Walnut Creek, California.

13       b.     1983-1984.

14       c.     Chest scans.

15       d.     No results.

16       e.     Plaintiff's investigation and discovery are continuing.

17    13.    Yes.

18       a.     TASCO.

19       b.     Since 1995-1999 through Local 342.

20       c.     Different doctor each time.

21       d.     Necessary to be approved to perform job duties.

22       e.     Failed once, passed the second time.  Passed all other times.

23       f.     Yes.

24       g.     Either the employer or the contractor.

25       h.     Plaintiff's investigation and discovery are continuing.

26    14.    Please see response to Interrogatory Nos. 10 and 11, above.  Plaintiff defers to his

27 medical records as the best source of information for medications prescribed.

28    15.    Not at this time.  Plaintiff's medical records are equally available to defendants

1  through Berry & Berry, designated defense counsel.

2      16.   Shortness of breath.

3        a.   Plaintiff recalls becoming aware in approximately 1979.

4        b.   No cessation.

5        c.   Plaintiff contends that he has gained a little weight.

6        d.   Plaintiff contends that his lungs have primarily been affected.  However,

7  as lung function affects the rest of the body, plaintiff also contends that all parts of his body have

8  been affected.

9        e-f.   Not applicable.

10        g.   Plaintiff does not at this time contend that he has lost time from work as

11  a result of his asbestos-related condition.  Plaintiff's investigation and discovery are continuing.

12      17.   Excluding information protected by either the attorney work-product doctrine or

13  the  attorney-client privilege. no.

14      18.   No.

15      19.   Shortness of breath and colds.

16      20.   No.

17      21.   No.

18      22.   Yes.

19        a.   1988:  Highway 4 and 18th Street, Oakley , California:  car accident.

20        b.   Neck injury.

21        c.   Kaiser, Martinez, California and Oakley Chiropractic.  Michael Painter:

22  3478 Main ST., Oakley, California.

23        d.   None.

24        e.   Plaintiff's investigation and discovery are continuing.

25        a.   1986: Highway 4 between Railroad.

26        b.   Neck injury.

27        c.   Kaiser, Martinez, California and Oakley Chiropractic.

28        d.   Plaintiff recalls receiving approximately $4,000-$5,000.

6

1          e.      Plaintiff's investigation and discovery are continuing.

2     23.     No.

3     24.     Yes.

4          a.      Claude Clifton Oxford Sr. and Jr., Father and brother.

5          b.      1953-1974.

6          c.      Camel non-filter.

7          d.      Plaintiff recalls his father and brother smoking a total of 1 pack in his

8 presence per day.

9     25.     Plaintiff recalls drinking from 1970-1983.  Plaintiff recalls drinking a 6-pack of

10 beer per week.

11    26.     Plaintiff is currently able to identify the following employment information:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Farm Winters, California | Farm Winters, California | Laborer | 1967-1968 |

Job Duties:   Plaintiff recalls working on a farm.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Coast Counties, Richmond, California | Standard Oil, Richmond, California | Laborer | 1972-1973 |

Job Duties:    Plaintiff recalls transporting insulated pipes from one area of the refinery to another.  Plaintiff recalls stripping insulation off of pipes.  Plaintiff recalls removing loose insulating material from the pipes and throwing the insulation into dumpsters.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Standard Service Station Concord, California | Standard Service Station Concord, California | Attendant | 1972-1973 |

Job Duties:  Plaintiff recalls pumping gas and performing oil changes.  Plaintiff currently does not recall performing any brake or clutch jobs during this employment.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

K:\CLIENTS\24361\AISACSF AI

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Beacon Service Station Martinez, California | Beacon Service Station Martinez, California | Laborer | 1974 |

Job Duties:   Plaintiff recalls pumping gas and performing oil changes.  Plaintiff currently does not recall performing any brake or clutch jobs during this employment.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Silver Crest Davis, California | Silver Crest Davis, California | Laborer Maintenance | 1974-1975 |

Job Duties: Plaintiff recalls performing maintenance on trailer modules.   Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Western Dynamics Pacheco, California | Western Dynamics Pacheco, California | Laborer | 1974 |

Job Duties:   Plaintiff recalls working on an assembly line stapling camper shells together.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Oil Chemical and Atomic Workers Local 1-5 P.O. Box 268, Martinez, California, including but not limited to the following employer: | Various jobsites through the Oil Chemical and Atomic Workers, Local 1-5, P.O. Box 268, Martinez, CA, including but not limited to the following: | Pipefitter | 1975-1983 |
| Plant Maintenance Martinez, California | Union Oil, Rodeo/Oelum, California | Pipefitter | 1975, 1978, 1979-1983 |

Job Duties:   Plaintiff recalls performing asbestos steampipe repair.  Plaintiff recalls working in unit 236 and 231.  Plaintiff recalls working in and around the coker, cracker, tank farm and wharf.  Plaintiff recalls tearing insulation off with his bare hands or whatever tool was available.  Plaintiff recalls changing flanges and plumbs.  Plaintiff recalls performing routine maintenance, major pipe, gasket and valve repair during plant shutdown.  Plaintiff recalls working side by side with welders, electricians and insulators.  Plaintiff recalls the insulators mixing asbestos mud while working.  Plaintiff recalls the electricians using WESTINGHOUSE.  Plaintiff recalls helping the welders on several occasions.  Plaintiff recalls using THERMEX gaskets.   Plaintiff recalls the following products: asbestos cloth.  Plaintiff recalls performing the e following duties: applying and removing steam line insulation, cutting and fitting asbestos tubing pipe and sheets.  Plaintiff recalls the following manufacturers and suppliers: OWENS CORNING, AC&S, FLEXITALLIC GASKET CO., GARLOCK, PABCO, VICTOR GASKET CO., WESTERN

1  MacARTHUR, UNITED STATES GYPSUM, ALBAY CONSTRUCTION CO., BAY
2  WESTERN, OSCAR E. ERICKSON and KAYLO.   Plaintiff recalls the following supervisors:
   Ed Dyes, 1736 Trakwood Dr., Martinez, California, telephone number (925) 228-3692; and Ron
3  Hayes, Vallejo, California.  Plaintiff is currently unable to recall the names of any co-workers.
   Plaintiff currently contends that he may have been exposed to asbestos during this employment.

4

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plant Maintenance Martinez, California | Tosco Oil, Rodeo, California | Pipefitter | 1975, 1978, 1979-1983 |

7  Job Duties:   Plaintiff recalls performing asbestos steampipe repair.  Plaintiff recalls working in
   the coker unit, light oil unit and tank arm.  Plaintiff recalls tearing insulation off with his bare
8  hands or whatever tool was available.  Plaintiff recalls changing flanges and plumbs.  Plaintiff
   recalls performing routine maintenance, major pipe, gasket and valve repair during plant
9  shutdown.  Plaintiff recalls working side by side with welders, electricians and insulators.
   Plaintiff recalls insulators mixing asbestos mud while working.  Plaintiff recalls electricians
10 using WESTINGHOUSE.  Plaintiff recalls helping the welders on several occasions.  Plaintiff
   recalls using THERMEX gaskets.  Plaintiff recalls the following products: asbestos cloth.
11 Plaintiff recalls the following manufacturers and suppliers: OWENS CORNING, AC&S,
   FLEXITALLIC GASKET CO., GARLOCK, PABCO, VICTOR GASKET CO., WESTERN
12 MacARTHUR, ALBAY CONSTRUCTION CO., BAY WESTERN, OSCAR E. ERICKSON,
   WESTINGHOUSE, UNITED STATES GYPSUM and KAYLO.  Plaintiff recalls the following
13 supervisor: Jerry Williams, address currently unknown.  Plaintiff is currently unable to recall the
   names of any co-workers.  Plaintiff currently contends that he may have been exposed to
14 asbestos during this employment.

15

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Western MacArthur San Francisco, California | Service Engineering Co-Pier 38, San Francisco, California; Hunter's Point Naval Shipyard, San Francisco, California; Naval Air Station, Alameda, California CORAL SEA (CVA-43) | Pipefitter | 1978-1979 |

21 Job Duties:  Plaintiff recalls stripping asbestos insulation off pipes and boilers while on the
22 CORAL SEA aircraft carrier.   Plaintiff recalls working on two other ships.  Plaintiff is currently
   unable to recall the names of the ships.  Plaintiff recalls using an axe to break the asbestos
23 blocks.  Plaintiff recalls the asbestos blocks were covered with asbestos cloth.  Plaintiff recalls
   performing tear-out, demolition and clean-up duties.  Plaintiff recalls hosing the site down due to
24 the amount of dust created during demolition.  Plaintiff recalls wearing a paper suit and a dust
   mask daily until they ran out.  Plaintiff recalls being involved with setting up the job on the
25 CORAL SEA.  Plaintiff recalls using the following products:  Asbestos fiber, mud, cloth,
   lagging, pads, paper and sheets.  Plaintiff recalls performing the following duties: Removing
26 fireproofing for stanchions and bulkheads and removing pre-cut asbestos block.  Plaintiff recalls
   the following manufacturers and suppliers: AC&S, PABCO and KAYLO.  Plaintiff recalls the
27 following supervisor: Ed Hopper, Sacramento, California.  Plaintiff is currently unable to recall
   the names of any co-workers.  Plaintiff currently contends that he  was exposed to asbestos
28 during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Central Plumbing Fairfield, California | Central Plumbing Fairfield, California | Plumber | Summer 1976 |

Job Duties:  Plaintiff recalls working on installation of asbestos transite pipe and the main water line for a shopping center in downtown Fairfield, California. Plaintiff recalls working on household plumbing.  Plaintiff recalls one person was responsible for purchasing supplies for the company.  Plaintiff is currently unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Ernies Plumbing Martinez, California | Ernies Plumbing Martinez, California | Plumber | 1985 |

Job Duties:  Plaintiff recalls working at various residential sites in and around central and eastern  Contra Costa County, California.  Plaintiff recalls performing service and repair. Plaintiff recalls working  underneath and within ducts. Plaintiff recalls ducts were covered with insulation. Plaintiff recalls crawling around and try to maneuver around the ducting. Plaintiff recalls having to cut through plaster and stucco walls to perform repairs. Plaintiff is currently unable to recall the names of any supervisors or co-workers. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Inland Plumbing Stockton, California | Inland Plumbing Stockton, California | Plumber | 1986 |

Job Duties:  Plaintiff recalls working at various residential sites in and around Antioch, California Plaintiff recalls working on new construction. Plaintiff is currently unable to recall the names of any supervisors or co-workers. Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Goldenstate Plumbing, RG Oxford Plumbing, Oakley, California | Goldenstate Plumbing, RG Oxford Plumbing, Oakley, California | Plumber | 1987-present |

Job Duties:  Plaintiff recalls working at various residential and light commercial sites in Oakley, California Plaintiff recalls performing plumbing duties.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Various employers through the International Plumbers and Pipefitters Union Local 342, Concord, California, including but not limited to | Various jobsites through the International Plumbers and Pipefitters Union Local 342, Concord, CA, including but not limited to | Pipefitter | 1995-present |

10

| the following: | the following: | | |
|---|---|---|---|
| Jacob's Construction 4949 Essen Lane Baton Rouge, Louisiana | Standard Oil, Richmond, California | Pipefitter | 1995 |

Job Duties:  Plaintiff recalls working on new construction.  Plaintiff recalls stripping some old asbestos insulated pipe.    Plaintiff is currently unable to recall the names of any supervisors or co-workers.  Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Swinerton & Walburg, S&W Industries 2300 Contra Costa Blvd.  Pleasant Hill, California 94523 | Shell Oil, Martinez, California | Pipefitter | 1996 |

Job Duties:  Plaintiff recalls working in new construction.  Plaintiff does not currently recall the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Babcock & Wilcox Marberton, Ohio | Tosco Oil, Rodeo, California | Pipefitter | 1997 |

Job Duties:  Plaintiff recalls performing the same duties as described for Swinerton & Walberg, S&W Industries, above.  Plaintiff recalls having to tear down old piping.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.    Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Gibbs & Son Incorporated San Francisco, California | Tosco Oil, Rodeo, California | Pipefitter | 1998 |

Job Duties:  Plaintiff recalls performing the same duties as described for Swinerton & Walberg, S&W Industries, above.  Plaintiff recalls having to tear down old piping.  Plaintiff is currently unable to recall the names of any supervisors or co-workers.    Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Markensen Plumbing Incorporated, Inc., Castro Valley, California | Markensen Plumbing Incorporated, Inc., Castro Valley, California | Plumber | 1997 |

Job Duties: Plaintiff recalls working at various residential sites in and around Castro Valley Plaintiff recalls performing repairs and remodeling.  Plaintiff does not recall working with an insulation.  Plaintiff recalls working around other plumbers.  Plaintiff is currently unable to recall

1  the names of any supervisors or co-workers.  Plaintiff is currently unaware if he may have been
   exposed to asbestos during this employment.

2

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Nooter Construction St. Louis, Missouri | Tosco, Rodeo, California | Pipefitter | 1997 |

5

6  Job Duties:  Plaintiff recalls performing the same duties as described for Swinerton & Walberg,
   S&W Industries, above.  Plaintiff recalls having to tear down old piping.  Plaintiff is currently
   unable to recall the names of any supervisors or co-workers.   Plaintiff currently contends that he

7  may have been exposed to asbestos during this employment.

8  Plaintiff recalls using the following products at the refineries: Asbestos packings, lagging,
   gaskets, and manhole gaskets.  Plaintiff recalls the following products were used around him

9  while working at the refineries: Asbestos rope, packings, lagging, pads and paper.   Plaintiff
   recalls performing the following duties while working at the refineries: Applying and removing

10 insulation pads, pipefitting, lagging, valve packing, boiler lagging and  boiler feed pumps.
   Plaintiff recalls using these products while working at the refineries: "350" Mud, PABCO Pipe

11 Covering & Block, KAYLO Insulation Products, RUBEROID 7-M Cement,
   SUPERPOWERHOUSE Cement, MONOBLOCK Insulation.

12

13 The following shipyards represent construction and\or repair yards for the above listed ship on
   which plaintiff worked: Hunters Point Naval Shipyard, San Francisco, CA; Long Beach Naval
   Shipyard, Long Beach, CA; Naval Air Station, Alameda, CA; Naval Air Station, North Island,

14 San Diego, CA; Newport News Shipbuilding & Drydock, Newport News, VA; Norfolk Naval
   Shipyard, Portsmouth, VA; Puget Sound Naval Shipyard, Bremerton, WA; Service Engineering,

15 San Francisco, CA; Todd Shipyard, Alameda, CA; Triple A Machine Shop, San Francisco, CA.
                  Plaintiff's investigation and discovery are continuing.

16

17      27.    Yes.

18             a.    Atomic Oil Workers of America, Local 1-5:  1975-1983.

19             b.    Martinez, California.  (Plant Maintenance of Martinez).

20             a.    International Plumbers and Pipefitters, Local 342: 1995-present.

21             b.    Concord, California.

22      28.    Plaintiff recalls first becoming aware that asbestos was a potential health hazard in

23 the mid 1980's.

24      29.    Plaintiff recalls first learning that exposure to asbestos was a potential health

25 hazard through his local union, friends and the news.

26      30.    Plaintiff recalls the first seeing use of safety precautions in 1989 at Unocal, Union

27 76, Rodeo, California.

28      31.    Plaintiff currently does not recall using any safety precautions around asbestos or

   asbestos-containing materials.

12

1   32.   No.

2   33.   Plaintiff is currently employed.

3   34.   No.

4   35.   No.

5   36.   No.

6   37.   No.

7   38.   The total hospital expenses are unknown at this time and plaintiff has provided

8   authorizations for release of this information.  Plaintiff's investigation and discovery are

9   continuing.

10   39.   The total medical expenses are unknown at this time and plaintiff has provided

11   authorizations for release of this information.  Plaintiff's investigation and discovery are

12   continuing.

13   40.   No.

14   41.   No.

15   42.   No.

16   43.   No.

17   44.   No.

18   45.   Yes.

19       a.   Early to mid 1980's.

20       b.   Concord, California.

21       c.   Plaintiff is currently unable to recall.

22       d.   No.

23       e.   Plaintiff's investigation and discovery are continuing.

24   46.   Yes.

25       a.   1986.

26       b.   1986.

27       c.   Health and life insurance.

28       d.   State Farm (Life), Farmers (Life) and Kaiser (Health).

1       e.    Plaintiff recalls being told by Kaiser he was rejects due to his cancer in the

2 recent past.  Plaintiff recalls never being told why from State Farm and Farmers Insurance.

3       f.    Plaintiff's investigation and discovery are continuing.

4    47.    Yes.

5       a.    Plaintiff is currently unable to recall.

6       b.    Plaintiff is currently unable to recall.

7       c.    Plaintiff sustained a neck injury.

8       d.    Settled.

9       e.    Plaintiff's investigation and discovery are continuing.

10    48.    No.

11    49.    No.

12    50.    No.

13 Dated:   _01_ /_24_/_01_       BRAYTON❖PURCELL

14

15       By: _____

16       Hugh C. Cook
       Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Tony Bueno, do hereby declare and state:

I am employed in the city of Novato, County of Marin, California. I am over the age of 18 and not a party to the within action. My business address is 100 Rush Landing Road Suite 103, Novato, CA 94945. On, _Jan. 26_ ,2001, I served the within:

### Answers to Interrogatories;

RE: _Oxford_

on the parties in this action by placing a true copy thereof in a sealed envelope , and envelope addressed as follows:

By mail service:

### SEE ATTACHED LIST

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 26 day of _January_ 2001 at Novato, California.

_Tony Bueno_
Tony Bueno

PRINTED: 01/25/2001 BY TJY

SORT BY: Attorney

CLIENTS: Ricky G. Oxford

BRAYTON PURCELL

SERVICE LIST

PAGE    1

CONTINENTAL MARITIME INDUSTRIES,
Continental Maritime Ind., Inc
David H. McQueary. Pres.
1995 Bay Front St.
San Diego. CA 92113-2122

OSCAR E. ERICKSON, INCORPORATED
Adams, Nye, Sinunu & Walker
One Jackson Place
633 Battery Street, 5th Floor
San Francisco, CA 94111
(415)982-8955    (415)982-2042

WALDRON, DUFFY, INC.
Archer Norris
P.O. Box 8035
2033 N. Main Street, Suite 800
Walnut Creek, CA 94596-3728
(925)930-6600    (925)930-6620

GATKE CORPORATION
Bennett, Samuelsen, et al.
1951 Webster Street
Suite 200
Oakland, CA 94612-2940
(510)444-7688    (510)444-5949

BERRY & BERRY
Berry & Berry
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
(510)835-8330    (510)835-5117

AQUA-CHEM, INC.
Clapp, Moroney. et al.
1001 Bayhill Drive. Suite 200
San Bruno, CA 94066
(650)616-4050    (650)616-4258

CAPCO PIPE COMPANY, INC.
Dryden, Margoles, et al.
One California Street
Suite 2600
San Francisco, CA 94111
(415)362-6715    *415*362-0638

TOSCO CORPORATION
Filice, Brown, Eassa & Mcleod
1999 Harrison Street
18th Floor
Oakland, CA 94612
(510)444-3131    (510)834-7940

THORPE INSULATION COMPANY
Fox, Shyeflo, et al.
1730 South El Camino Real
6th Floor
San Mateo. CA 94402
(650)341-2900    *650*341-2258

CONGOLEUM CORPORATION
Glaspy & Glaspy (W.C.)
One Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596
(925)947-1300    (925)947-1594

FRASER-EDWARDS CO.
Gordon, & Rees
275 Battery Street
20th Floor
San Francisco, CA 94111
(415)986-5900    (415)986-8054

W.R. GRACE & CO.--CONN.
Gordon & Rees
275 Battery Street
20th Floor
San Francisco. CA 94111
(415)986-5900    (415)986-8054

CERTAINTEED CORPORATION
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

DANA CORPORATION
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

QUIGLEY COMPANY, INC.
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

T & N PLC
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

UNION CARBIDE CORPORATION
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

UNITED STATES GYPSUM COMPANY
Haight, Brown & Bonesteel (SF)
100 Bush Street
27th Floor
San Francisco, CA 94104-3902
(415)986-7700    (415)986-6945

THORPE INSULATION COMPANY
Hildebrandt & Lucky
757 West 9th Street
San Pedro, CA 90731-3601
(310)548-7882    (310)548-4148

ALTA BUILDING MATERIALS COMPANY
Jackson & Wallace
580 California Street
15th Floor
San Francisco, CA 94104
(415)982-6300    (415)982-6700

KAISER GYPSUM COMPANY, INC.
Jackson & Wallace
580 California Street
15th Floor
San Francisco, CA 94104
(415)982-6300    (415)982-6700

PLANT INSULATION COMPANY
Jackson & Wallace
580 California Street
15th Floor
San Francisco, CA 94104
(415)982-6300    (415)982-6700

REPUBLIC SUPPLY COMPANY
Jackson & Wallace
580 California Street
15th Floor
San Francisco, CA 94104
(415)982-6300    (415)982-6700

ABB LUMMUS GLOBAL, INC
Knox Ricksen LLP
2101 Webster Street
Suite 650
Oakland, CA 94612-3069
(510)285-2500    *510*285-2501

DB RILEY, INC
McNamara, Dodge, Ney et al.
P.O. Box 5288
1211 Newell Avenue, 2nd Floor
Walnut Creek. CA 94596
(925)939-5330    *925*939-0203

ZURN INDUSTRIES, INC.
McNamara, Dodge, Ney et al
P.O. Box 5288
1211 Newell Avenue, 2nd Floor
Walnut Creek, CA 94596
(925)939-5330    *925*939-0203

METALCLAD INSULATION CORPORATION
Misciagna & Colombatto
27 Maiden Lane
Fourth Floor
San Francisco, CA 94108
(415)391-6182    *415*391-2904

VIACOM, INC.
Morgenstein & Jubelirer
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
(415)896-0666    *415*896-5593

PARKER-HANNIFIN CORPORATION
Law Offices of Peter J  Nova
P.O  Box 1328
456 Patten Street
Sonoma, CA 95476
727-939-9610    727-939-9612

BRAGG INVESTMENT COMPANY, INC.
Pray, Price, Williams. et al.
555 E Ocean Blvd., Ste. 810
Long Beach, CA 90802-5055
(562)436-1231    *562*435-6384

A.P. GREEN SERVICES, INC.
Prindle, Decker & Amaro (SF)
369 Pine Street
Suite 800
San Francisco, CA  94104
(415)788-8354    (415)788-3625

ASTRA FLOORING COMPANY
Prindle, Decker & Amaro (SF)
369 Pine Street
Suite 800
San Francisco, CA  94104
(415)788-8354    (415)788-3625

BRAYTON PURCELL
SERVICE LIST

PAGE:   2

CONSOLIDATED INSULATION COMPANY.
  Prindle, Decker & Amaro (SF)
  369 Pine Street
  Suite 800
  San Francisco, CA  94104
  (415)788-8354    (415)788-3625

FAMILIAN CORPORATION
  Prindle, Decker & Amaro (SF)
  369 Pine Street
  Suite 800
  San Francisco, CA  94104
  (415)788-8354    (415)788-3625

SARGENT CONTROLS & AEROSPACE
  Scadden, Hamilton & Ryan
  220 Montgomery Street
  13th Floor
  San Francisco, CA 94104-3419
  (415)362-5116    (415)362-4214

GATKE CORPORATION
  Sedgwick, Detert, et al.
  3 Park Plaza
  17th Floor
  Irvine, CA   92714-8505
  (949)852-8200    (949)852-8282

GATKE CORPORATION
  Sedgwick, Detert, et al.
  One Embarcadero Center
  16th Floor
  San Francisco, CA 94111
  (415)781-7900    (415)781-2635

WESTBURNE SUPPLY, INC.
  Steefel, Levitt & Weiss
  One Embarcadero Center
  30th Floor
  San Francisco, CA 94111
  (415)788-0900   *415*788-2019

ACANDS, INC.
  The St. Peter Law Group
  20 California St.
  7th Floor
  San Francisco, CA 94111
  (415)955-0700   *415*955-0711

KAISER ALUMINUM & CHEMICAL CORPO
  Thelen Reid & Priest, LLP
  101 Second St., Ste 1800
  San Francisco, CA 94105-3601
  (415)371-1200   *415*371-1211

RAPID-AMERICAN CORPORATION
  Thelen Reid & Priest, LLP
  101 Second St., Ste 1800
  San Francisco, CA 94105-3601
  (415)371-1200   *415*371-1211

HILL BROTHERS CHEMICAL COMPANY
  Vasquez & Estrada
  914 Mission Avenue, 2nd Floor
  San Rafael, CA 94901
  (415)453-0555    (415)453-0549

THOMAS DEE ENGINEERING CO., INC.
  Walsworth, Franklin, et al.
  550 Montgomery Street
  Eighth Floor
  San Francisco, CA 94111-2534
  (415)781-7072    (415)391-6258

QUINTEC INDUSTRIES, INC.
  Walsworth, Franklin, et al.
  550 Montgomery Street
  Eighth Floor
  San Francisco, CA 94111-2534
  (415)781-7072    (415)391-6258

A.H. VOSS COMPANY
  Wilson, Elser, et al.
  650 California Street
  Suite 1400
  San Francisco, CA 94108
  (415)433-0990   *415*434-1370

KUBOTA CORPORATION
  Wilson, Elser, et al.
  650 California Street
  Suite 1400
  San Francisco, CA 94108
  (415)433-0990   *415*434-1370

<<END OF REPORT>>

EXHIBIT C

1  SEYFARTH SHAW
   Lawrence E. Butler (Bar No. 111043)
2  Michael T. McKeeman (Bar No. 173662)
   101 California Street, Suite 2900
3  San Francisco, CA 94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   CONTINENTAL MARITIME INDUSTRIES, INC.
6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9  RICKY GENE OXFORD,                    )  Case No.
                                         )
10                   Plaintiff,          )  NOTICE OF REMOVAL OF CIVIL
                                         )  ACTION TO THE UNITED STATES
11         vs.                           )  DISTRICT COURT [28 U.S.C. §§ 1331,
                                         )  1441, 1442, and 1446]
12  ASBESTOS DEFENDANTS (BHC),           )
                                         )
13                   Defendants.         )
                                         )
14  ─────────────────────────────────── )

15         TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN

16  DISTRICT OF CALIFORNIA:

17         PLEASE TAKE NOTICE that defendant Continental Maritime Industries, Inc.

18  ("Continental"), by its counsel, hereby petitions for removal of the above-entitled action.

19                          **JURISDICTION**

20         1.    Defendant Continental hereby removes the above-entitled action from San Francisco

21  County Superior Court to the United States District Court for the Northern District of California

22  pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1), and 1446.  This action is a civil action over which

23  this Court has subject matter jurisdiction because this action arises under the Constitution, laws, or

24  treaties of the United States within the meaning of 28 U.S.C § 1331 by virtue of Plaintiff Ricky Gene

25  Oxford's ("Plaintiff's") attempt to adjudicate claims with respect to a person, Continental, acting

26  under an officer of the United States pursuant to 28 U.S.C. § 1442(a)(1).  In order to remove an

27  action pursuant to 28 U.S.C. § 1442(a)(1), Continental  must show that: (1) it acted under the

28  direction of a federal officer; (2) it can raise a colorable federal defense to Plaintiff's claims; and

Notice of Removal of Civil Action to the United States District Court
Oxford v. Asbestos Defendants (BHC)

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1   (3) it can demonstrate a causal nexus between Plaintiff's claims and the acts it performed under the
2   direction of the federal officer. *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D.Cal. 1993).  As
3   set forth below, these requirements are met by Continental.

### FACTUAL AND LEGAL ANALYSIS SUPPORTING REMOVAL

5       2.      Plaintiff filed the complaint in this action in San Francisco County Superior Court
6   on December 13, 2000, case number 317387.  Pursuant to 28 U.S.C. § 1446(a), true and correct
7   copies of all state court pleadings received by Continental to date are attached hereto as Exhibit A.

8       3.      Continental was served with the complaint on January 30, 2001.  Plaintiff alleges a
9   cause of action against Continental for premise owner/contractor liability.  This cause of action is
10  primarily based on the allegation that Continental, through its subsidiary Service Engineering
11  Company, performed asbestos abatement work which caused or contributed to Plaintiff's injuries.

12      4.      Service Engineering performed asbestos abatement on numerous ships in the Bay
13  Area from 1974 to 1990.  These ships included privately owned ships and U.S. Navy ships.
14  Plaintiff's complaint failed to specify the ships on which he alleges to have been exposed to asbestos
15  due to Service Engineering's asbestos abatement work.

16      5.      Plaintiff also served Continental with his answers to the Standard Asbestos Case
17  Interrogatories.  Plaintiff identified the U.S.S. Coral Sea, an aircraft carrier, as a ship on which he
18  worked while employed by Western MacArthur Co., a subcontractor of Service Engineering
19  Company.  Plaintiff states in his answers to the Standard Asbestos Case Interrogatories that he was
20  exposed to asbestos while working for Western MacArthur Co. on the U.S.S. Coral Sea between
21  1978 and 1979.  Continental performed asbestos abatement work on the U.S.S. Coral Sea during this
22  time frame under a government contract.  Service Engineering hired Western MacArthur in or about
23  1978 to perform asbestos abatement on the U.S.S. Coral Sea pursuant to Service Engineering's
24  government contract with the U.S. Navy.  The work was performed in accordance with the United
25  States government's specifications provided to Service Engineering under its government contract
26  with the U.S. Navy.  The work was performed at the direction of the U.S. Navy and its officers.

27      7.      Upon receipt of the information set forth in Plaintiff's answers to the Standard
28  Asbestos Case Interrogatories, Continental was able to determine that this action was removable.

Notice of Removal of Civil Action to the United States District Court
Oxford v. Asbestos Defendants (BHC)                                    2

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

8.     This Notice of Removal is timely as thirty days have not expired since Continental was served with Plaintiff's Complaint.

9.     Continental is entitled to remove this action under 28 U.S.C. §1442(a)(1) for the following reasons:

   a.     Continental was acting under the direction of officers of the United States or an agency thereof, i.e., under the direction of the U.S. Navy and its officers, within the meaning of 28 U.S.C. §1442(a)(1) when repairing the U.S.S. Coral Sea on which Plaintiff allegedly worked. *See Mesa v. California*, 489 U.S. 121 (1989); *Pack v. AC & S, Inc.*, 838 F.Supp. 1099, 1101 (D.C. Md. 1993). The U.S. Navy and its officers directed and controlled the design, construction, and repair of all U.S. Navy ships worked on by Continental, including the U.S.S. Coral Sea, and required the use of asbestos or its removal. *Fung v. Abex Corporation*, 816 F. Supp. 569 (N.D. Cal. 1992).

   b.     Continental raises a colorable federal defense to this action under the government contractor immunity doctrine, which provides immunity to Continental from liability for injuries arising from any exposure to asbestos on vessels repaired pursuant to government contracts and specifications. *Boyle v. United Technologies Corp*, 487 U.S. 500 (1988).

   c.     A causal nexus exists between Plaintiff's claims in this litigation and the acts which Continental took under the direction of a federal officer. Specifically, Plaintiff alleges that he was exposed to asbestos containing materials during Continental's repair of the U.S.S. Coral Sea.

10.     Removal under 28 U.S.C. §1442 does not require the consent of any other served defendants. *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981); *National Audubon Society v. Department of Water & Power of Los Angeles*, 496 F.Supp. 499, 509 (E.D.Cal. 1980); *Akin v. Ashland Chem. Co.*, 156 F.3d 1030 (C.A. 10 Okla. 1998).

11.     The existence of a single removable claim allows removal of the entire action. 28 U.S.C. 1441(c); *National Audubon Society v. Dept. of Water*, 496 F. Supp. 499, 509 (E.D. Cal.

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1  1980). Because Continental has raised a proper claim of having acted under color of a federal officer

2  or agency in its repair of the U.S.S. Coral Sea on which Plaintiff's claims are based, removal of this

3  civil action pursuant to 28 U.S.C. § 1442(a)(1) is proper. *See Williams v. Brooks*, 945 F.2d 1322,

4  1325 n.2 (5th Cir. 1991).

5      12.    Notice of this removal has been filed with the state court and provided to all adverse

6  parties pursuant to 28 U.S.C. §1446(d). A Notice of Tag-Along Action, identifying the coordinated

7  pre-trial proceedings in the Eastern District of Pennsylvania (In re Asbestos Products Liability

8  Litigation, MDL Docket No. 875), to which this case may be transferred, will be filed with this

9  Court.

10     13.    This removal is based on this Notice of Removal to the United States District Court,

11  the Certificate of Service of Notice to Adverse Party of Removal, filed and served herewith, the

12  Notice to Adverse Party of Removal, filed in the state court action and served herewith, the Notice

13  of Removal, filed in the state court action and served herewith, the complete file in the state court

14  action, and any other matters which this Court deems applicable.

15                    **INTRA-DISTRICT ASSIGNMENT**

16     14.    Venue in this Court is proper under 28 U.S.C. §1391(a) because Plaintiff resides in

17  this district and a substantial part of the events and omissions giving rise to the state court complaint

18  occurred in this district.

19     WHEREFORE, Continental prays that this action be removed from the San Francisco County

20  Superior Court to the United States District Court for the Northern District of California.

21  DATED: February 27, 2001      SEYFARTH SHAW

22                                Lawrence E. Butler
                                  Michael T. McKeeman

23

24                                By _____

25                                    Michael T. McKeeman

26                                Attorneys for Defendant
                                  CONTINENTAL MARITIME INDUSTRIES, INC.

27  28067110.1

28

Notice of Removal of Civil Action to the United States District Court
Oxford v. Asbestos Defendants (BHC)                                    4

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1
## PROOF OF SERVICE

2          I am a resident of the State of California, over the age of eighteen years, and not
a party to the within action.  My business address is Seyfarth Shaw, 101 California Street, Suite
3   2900, San Francisco, CA 94111-5858.  On February 27, 2001, I served the within documents:

4             NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

5   ☐    I sent such document from facsimile machine Facsimile: (415) 397-8549 on February
           27, 2001.  I certify that said transmission was completed and that all pages were
6           received and that a report was generated by facsimile machine Facsimile: (415) 397-
           8549 which confirms said transmission and receipt.  I, thereafter, mailed a copy to the
7           interested party(ies) in this action by placing a true copy thereof enclosed in sealed
           envelop(s) addressed to the parties listed below.
8
9   ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully
           prepaid, in the United States mail at San Francsico, addressed as set forth below.

10  ☐    by personally delivering the document(s) listed above to the person(s) at the address(es)
           set forth below.
11
           See Attached Service List
12
13          I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal
14  Service on that same day with postage thereon fully prepaid in the ordinary course of business.
I am aware that on motion of the party served, service is presumed invalid if postal cancellation
15  date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

16          I declare under penalty of perjury under the laws of the State of California that
the above is true and correct.

17          Executed on February 27, 2001, at San Francsico, California.

18

19                                              _____

20  28067715.1                                        Doreen M. Prieto

21

22

23

24

25

26

27

28

Notice to Adverse Party of Removal to Federal Court
Oxford v. Asbestos Defendants (BHC)

**CONTINENTAL MARITIME INDUSTRIES (Ricky Oxford vs.)**
San Francisco Superior Court, Case No. 317387

<u>SERVICE LIST</u>

| | | |
|---|---|---|
| ABB LUMMUS GLOBAL, INC.<br>Knox Ricksen LLP<br>2101 Webster Street<br>Suite 650<br>Oakland, CA 94612-3069<br>Tel: (510) 285-2500<br>Fax: (510) 285-250 | A.H. VOSS COMPANY<br>Wilson, Elser, et al.<br>650 California Street<br>Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370 | A.P. GREEN SERVICES, INC.<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 |
| ACANDS, INC.<br>The St. Peter Law Group<br>20 California Street<br>7th Floor<br>San Francisco, CA 94111<br>Tel: (415) 955-0700<br>Fax: (415) 955-0711 | ALTA BUILDING MATERIALS<br>COMPANY<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 | AQUA-CHEM, INC.<br>Clapp, Moroney, et al.<br>1001 Bayhill Drive, Suite 200<br>San Bruno, CA 94066<br>Tel: (650) 616-4050<br>Fax: (650) 616-4258 |
| ASTRA FLOORING COMPANY<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 | BERRY & BERRY<br>Berry & Berry<br>P.O. Box 16070<br>2930 Lakeshore Avenue<br>Oakland, CA 94610<br>Tel: (510) 835-8330<br>Fax: (510) 835-5117 | BRAGG INVESTMENT COMPANY,<br>INC.<br>Pray, Price, Williams, et al.<br>555 E. Ocean Blvd., Ste. 810<br>Long Beach, CA 90802-5055<br>Tel: (562) 436-1231<br>Fax: (562) 435-6384 |
| CAPCO PIPE COMPANY, INC.<br>Dryden, Margoles, et al<br>One California Street<br>Suite 2600<br>San Francisco, CA 94111<br>Tel: (415) 362-6715<br>Fax: (415) 362-0638 | CERTAINTEED CORPORATION<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | CONGOLEUM CORPORATION<br>Glaspy & Glaspy (W.C.)<br>One Walnut Creek Center<br>100 Pringle Avenue, Suite 750<br>Walnut Creek, CA 94596<br>Tel: (925) 947-1300<br>Fax: (925) 947-1594 |
| CONSOLIDATED INSULATION<br>COMPANY<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 | DB RILEY, INC.<br>McNamera, Dodge, Ney et al.<br>P.O. Box 5288<br>1211 Newell avenue, 2nd Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 939-5330<br>Fax: (925) 939-0203 | DANA CORPORATION<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 |
| ERICKSON, OSCAR E.<br>(INCORPORATED)<br>Adams, Nye, Sinunu & Walker<br>One Jackson Place,<br>633 Battery Street, 5th Floor<br>San Francisco, CA 94111<br>Tel: (415) 982-8955<br>Fax: (415) 982-2042 | FRASER-EDWARDS, CO.<br>Gordon & Rees<br>275 Battery Street<br>20th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | FAMILIAN CORPORATION<br>Prindle, Decker & Amaro (SF)<br>369 Pine Street, Suite 800<br>San Francisco, CA 94104<br>Tel: (415) 788-8354<br>Fax: (415) 788-3625 |

| | | |
|---|---|---|
| **GATKE CORPORATION**<br>Sedgwick, Detert, et al.<br>3 Park Plaza<br>17th Floor<br>Irvine, CA 92714-8505<br>Tel: (949) 852-8200<br>Fax: (949) 852-8282 | **GATKE CORPORATION**<br>Bennett, Samuelsen, et al.<br>1951 Webster Street<br>Suite 200<br>Oakland, CA 94612-2940<br>Tel: (510) 444-7688<br>Fax: (510) 444-5849 | **GATKE CORPORATION**<br>Sedgwick, Detert, et al.<br>One Embarcadero Center<br>16th Floor<br>San Francisco, CA 94111<br>Tel: (415) 781-7900<br>Fax: (415) 781-2635 |
| **HILL BROTHERS CHEMICAL COMPANY**<br>Vasquez & Estrada<br>914 Mission Avenue, 2nd Flr.<br>San Rafael, CA 94901<br>Tel: (415) 453-0555<br>Fax: (415) 453-0549 | **KAISER ALUMINUM & CHEMICAL CORPORATION**<br>Thelen Reid & Priest, LLP<br>101 Second St., Ste. 1800<br>San Francisco, CA 94105-3601<br>Tel: (415) 371-1200<br>Fax: (415) 371-1211 | **KAISER GYPSUM COMPANY, INC.**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 |
| **KUBOTA CORPORATION**<br>Wilson, Elser, et al.<br>650 California Street<br>Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 433-0990<br>Fax: (415) 434-1370 | **METALCLAD INSULATION CORPORATION**<br>Misciagna & Colombatto<br>27 Maiden Lane<br>Fourth Floor<br>San Francisco, CA 94108<br>Tel: (415) 391-6182<br>Fax: (415) 391-2904 | **OXFORD, RICKY**<br>Brayton Purcell<br>David R. Donadio, Esq.<br>Hugh C. Cook, Esq.<br>222 Rush Landing Road<br>P. O. Box 2109<br>Novato, CA 94948<br>Tel: (415) 898-1555<br>Fax: (415) 898-1247 |
| **PARKER-HANNIFIN CORPORATION**<br>Law Offices of Peter J. Nova<br>P.O. Box 1328<br>456 Patten Street<br>Sonoma, CA 95476<br>Tel: (707) 938-9610<br>Fax: (707) 938-9612 | **PLANT INSULATION COMPANY**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 | **QUIGLEY COMPANY, INC.**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 |
| **QUINTEC INDUSTRIES, INC.**<br>Walsworth, Franklin, et al.<br>550 Montgomery Street<br>Eighth Floor<br>San Francisco, CA 94111-2534<br>Tel: (415) 781-7072<br>Fax: (415) 391-6258 | **RAPID-AMERICAN CORPORATION**<br>Thelen Reid & Priest, LLP<br>101 Second St., Ste. 1800<br>San Francisco, CA 94105-3601<br>Tel: (415) 371-1200<br>Fax: (415) 371-1211 | **REPUBLIC SUPPLY COMPANY**<br>Jackson & Wallace<br>580 California Street<br>15th Floor<br>San Francisco, CA 94104<br>Tel: (415) 982-6300<br>Fax: (415) 982-6700 |
| **SARGENT CONTROLS & AEROSPACE**<br>Scadden, Hamilton & Ryan<br>220 Montgomery Street<br>13th Floor<br>San Francisco, CA 94104-3419<br>Tel: (415) 362-5116<br>Fax: (415) 362-4241 | **T & N PLC**<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | **THOMAS DEE ENGINEERING CO., INC.**<br>Walsworth, Franklin, et al.<br>550 Montgomery Street<br>Eighth Floor<br>San Francisco, CA 94111-2534<br>Tel: (415) 781-7072<br>Fax: (415) 391-6258 |

| | | |
|---|---|---|
| THORPE INSULATION COMPANY<br>Fox, Shjeflo, et al.<br>1730 South El Camino Real<br>6th Floor<br>San Mateo, CA 94402<br>Tel: (650) 341-2901<br>Fax: (650) 341-2258 | THORPE INSULATION COMPANY<br>Hildebrandt & Lucky<br>757 West 9th Street<br>San Pedro, CA 90731-3601<br>Tel: (310) 548-7882<br>Fax: (310) 548-4148 | TOSCO CORPORATION<br>Filice, Brown, Eassa & McLeod<br>1999 Harrison Street<br>18th Floor<br>Oakland, CA 94612<br>Tel: (510) 444-3131<br>Fax: (510) 839-7940 |
| UNITED STATES GYPSUM<br>COMPANY<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | UNION CARBIDE CORPORATION<br>Haight, Brown & Bonesteel (SF)<br>100 Bush Street<br>27th Floor<br>San Francisco, CA 94104-3902<br>Tel: (415) 986-7700<br>Fax: (415) 986-6945 | VIACOM, INC.<br>Morgenstein & Jubelirer<br>One Market Plaza<br>Spear Street Tower, 32nd Floor<br>San Francisco, CA 94105<br>Tel: (415) 896-0666<br>Fax: (415) 896-5592 |
| W. R. GRACE & CO.<br>Gordon & Rees<br>275 Battery Street<br>20th Floor<br>San Francisco, CA 94111<br>Tel: (415) 986-5900<br>Fax: (415) 986-8054 | WALDRON, DUFFY, INC.<br>Archer Norris<br>P.O. Box 8035<br>2033 N. Main Street, Suite 800<br>Walnut Creek, CA 94596-3728<br>Tel: (925) 930-6600<br>Fax: (925) 930-6620 | WESTBURNE SUPPLY, INC.<br>Steefel, Levitt & Weiss<br>One Embarcadero Center<br>30th Floor<br>San Francisco, CA 94111<br>Tel: (415) 788-0900<br>Fax: (415) 788-2019 |
| ZURN INDUSTRIES, INC.<br>McNamera, Dodge, Ney et al.<br>P.O. Box 5288<br>1211 Newell Avenue, 2nd Floor<br>Walnut Creek, CA 94596<br>Tel: (925) 939-5330<br>Fax: (925) 939-0203 | | |

28067141.1

1  SEYFARTH SHAW
   LAWRENCE E. BUTLER (Bar No. 111043)
2  MICHAEL T. McKEEMAN (Bar No. 173662)
   101 California Street, Suite 2900
3  San Francisco, CA  94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   CONTINENTAL MARITIME INDUSTRIES, INC.

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

| 10 | RICKY OXFORD, | ) | Case No. C01-00869 EDL |
|----|--------------|---|------------------------|
| 11 | Plaintiff, | ) | **DECLARATION OF HARVEY** |
| 12 | vs. | ) | **PORTER IN SUPPORT OF** |
|    |    | ) | **CONTINENTAL MARITIME** |
|    |    | ) | **INDUSTRIES, INC.'S OPPOSITION** |
| 13 | ASBESTOS DEFENDANTS (BHC), | ) | **TO PLAINTIFF'S MOTION FOR** |
|    |    | ) | **REMAND** |
| 14 | Defendants. | ) | |
| 15 |    | ) | **Date:   April 17, 2001** |
|    |    | ) | **Time:  9:30 a.m.** |
| 16 |    | ) | **Ctrm:  E** |
|    |    | ) | **Judge:  Hon. Elizabeth D. Laporte** |

17     I, Harvey D. Porter, declare as follows:

18          1.     I am an employee of Continental Maritime of San Diego ("Continental").  I make

19  this declaration of my own personal knowledge.

20          2.     I have been employed by Continental since December 1997.  I am an

21  Environmental Inspector for Continental.  As an Environmental Inspector,  I ensure

22  environmental compliance with local, state, and federal environmental rules and regulations

23  applicable to Continental's contracts.

24          3.     Asbestos abatement work was performed on Navy ships in or about 1978 under

25  Navy Standard Item Nos. 009-09 and 009-10.  Standard Item Nos. 009-09 and 009-10 are

26  Category 1 items and as such are included in all Navy contracts.  These Standard Item Numbers

27  are detailed specifications which address asbestos removal.

28  //////

DECLARATION OF HARVEY D. PORTER IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND;
CASE NO. C01-00869 EDL

S E Y F A R T H   S H A W
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1    4.    Under all Navy contracts, including on the contract for the U.S.S. CORAL SEA,

2  the work is supervised by Navy personnel to ensure compliance with the Navy's specifications,

3  which include Standard Item Nos. 009 and 009-10.  Specifically, SUPSHIP 12 of the Office of

4  Supervisor of Shipbuilding, Conversion & Repair, located at Hunter's Point in San Francisco,

5  California, supervises and approves/accepts the work performed on Navy ships in San Francisco.

6        I have read the foregoing and declare under penalty of perjury that it is true and correct

7  and if called upon to testify, I could and would competently testify thereto.

8        Executed this 26th day of March, 2001, at San Diego, California.

9

10

11                                                    HARVEY D. PORTER

12

13

14

15

16

17

18

19

20

21

22  28069946.1

23

24

25

26

27

28

DECLARATION OF HARVEY D. PORTER IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND;
CASE NO. C01-00869 EDL                                                                    2

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1  SEYFARTH SHAW
   LAWRENCE E. BUTLER  (Bar No. 111043)
2  MICHAEL T. McKEEMAN  (Bar No. 173662)
   101 California Street, Suite 2900
3  San Francisco, CA  94111-5858
   Telephone: (415) 397-2823
4  Facsimile: (415) 397-8549

5  Attorneys for Defendant
   CONTINENTAL MARITIME INDUSTRIES, INC.

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  RICKY OXFORD,                          )  Case No. C01-00869 EDL
                                           )
12              Plaintiff,                 )  **DECLARATION OF RAY COCCHI**
                                           )  **IN SUPPORT OF CONTINENTAL**
13      vs.                                )  **MARITIME INDUSTRIES, INC.'S**
                                           )  **OPPOSITION TO PLAINTIFF'S**
14  ASBESTOS DEFENDANTS (BHC),             )  **MOTION FOR REMAND**
                                           )
15              Defendants.                )  **Date:    April 17, 2001**
                                           )  **Time:    9:30 a.m.**
16                                         )  **Ctrm:    E**
                                           )  **Judge:   Hon. Elizabeth D. Laporte**
17  _____)

18         I, Ray Cocchi, declare as follows:

19         1.      I am a former employee of and part owner in Service Engineering Co.  I make this

20  declaration of my own personal knowledge.

21         2.      Service Engineering was sold to Continental Maritime Industries, Inc.

22  ("Continental") in 1995.

23         3.      I was employed by Service Engineering from approximately 1974 through 1995.

24  While employed by Service Engineering from 1974 through 1981, I was a Ship Superintendent.

25  While employed by Service Engineering from 1981 through 1995, I was the Vice President of

26  Production.  In both positions,  I assisted in the coordination and submittal of proposals for new

27  contracts, assisted in the administration of contracts after award, interfaced with the United

28  States Navy on Service Engineering's contracts with the Navy, performed contract interpretation

DECLARATION OF RAY COCCHI IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND;
CASE NO. C01-00869 EDL

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

1  and supervision, and ensured Service Engineering's work complied with the Navy's detailed

2  specifications. Service Engineering was primarily employed as a ship repair/maintenance

3  contractor and performed work on private ships and Navy ships.

4      4.   Service Engineering's main facility was located at Pier 38 in San Francisco,

5  California and Pier 50 in San Francisco, California after 1990. In addition to performing work

6  on ships docked at Pier 38 and Pier 50, work was also performed in the yards at Pier 38 and Pier

7  50 by various subcontractors. On larger ships, such as aircraft carriers, work was performed by

8  Service Engineering at various Naval shipyards in the Bay Area, such as the Alameda Naval Air

9  Station and Mare Island. Western MacArthur was a subcontractor to Service Engineering from

10  time to time from approximately 1974 through 1990 and performed work under various

11  subcontracts with Service Engineering at the yards at Piers 38 and 50, on ships docked at Piers

12  38 and 50, and at various Naval shipyards in the Bay Area.

13      5.   In or about 1978, Service Engineering entered into a contract with the Department

14  of the Navy to perform maintenance on the U.S.S. CORAL SEA, an aircraft carrier. In or about

15  1978 the U.S.S. CORAL SEA was docked at the Alameda Naval Air Station in order for such

16  maintenance to be performed. The maintenance work included work in the U.S.S. CORAL

17  SEA's boiler rooms, machine spaces (engine rooms), and auxiliary machine spaces. A portion of

18  the maintenance, including insulation removal, involved asbestos containing products and was

19  subcontracted to Western MacArthur.

20      6.   Based on over 20 years of employment by Service Engineering, I am familiar with

21  the Department of the Navy's specifications with respect to maintenance work on Navy ships. In

22  or about 1978, when Service Engineering performed maintenance work on the U.S.S. CORAL

23  SEA, Service Engineering and its subcontractor were required to comply with specifications for

24  the removal and replacement of insulation and other asbestos containing products. These

25  specifications included Standard Item Numbers which were included in all Navy contracts

26  (including the contract for the U.S.S. CORAL SEA). These specifications detailed what items

27  were to be removed and replaced and/or referenced an interference standard item which may

28  have identified insulation or other asbestos containing products for removal and replacement.

DECLARATION OF RAY COCCHI IN SUPPORT OF OPPOSITION TO MOTION FOR REMAND;
CASE NO. C01-00869 EDL                                2

SEYFARTH SHAW
101 California Street, Suite 2900
San Francisco, CA 94111-5858

**EXHIBIT  B**

FILED

MAY -9 2001

2001 MAY -8  PM 12: 37

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICKY OXFORD,

        Plaintiff,

v.

ASBESTOS DEFENDANTS (BHC),

        Defendants.

No. C 01-00869 WHA

**ORDER STAYING PLAINTIFF'S MOTION TO REMAND PENDING RULING OF MULTIDISTRICT LITIGATION PANEL**

Plaintiff has noticed a motion to remand this action to state court. The Multidistrict Litigation Panel, however, is in the process of ruling on whether plaintiff's action should be transferred to another court as part of a multidistrict litigation. Since plaintiff's motion to remand raises identical issues to the ones that may be considered by the transferee court, his motion to remand shall be stayed until after the Panel makes its ruling.

      **IT IS SO ORDERED.**

Dated: May 7, 2001.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

dt

United States District Court
for the
Northern District of California
May 8, 2001

* * CERTIFICATE OF SERVICE * *


Case Number:3:01-cv-00869


Oxford

  vs

A.H. Voss Company

---

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  May 8, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


    Judicial Panel on Multidistrict Litigation
    Michael J. Beck
    Clerk of the Panel
    One Columbus Circle, NE
    Thurgood marshall Federal
    Judiciary Building
    Room G-255, North Lobby
    Washington, DC  20022

    David R. Donadio,
    Brayton Purcell Curtis & Geagan
    222 Rush Landing Rd
    Novato, CA  94948

    Lawrence E. Butler, Esq.
    Seyfarth Shaw
    101 California St
    Ste 2900
    San Francisco, CA  94111-5858

    Michael T. McKeeman, Esq.
    Seyfarth Shaw
    101 California St
    Ste 2900
    San Francisco, CA  94111-5858

DAWN K. TOLAND