MDL 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION MAY 14 2001

FILED
CLERK'S OFFICE

|  |  |  |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | ) ) ) ) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | ) ) ) | |
| DOVAL ET AL., | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. C-01-0540 JL (N.D. Cal.) |
| MAREMONT CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## REPLY BRIEF IN SUPPORT OF THE MOTION OF DEFENDANT MAREMONT CORPORATION TO TRANSFER AND CONSOLIDATE WITH MDL 875

### INTRODUCTION AND SUMMARY

Our opening brief showed that, under the standards this Panel has consistently applied since establishment of MDL 875 in 1991, the above-captioned action should be transferred to Judge Weiner for consolidated and coordinated pretrial proceedings.  Specifically, we showed that:

(1)  The Panel has consistently ruled that all claims that relate to personal injuries caused by asbestos should be transferred to MDL 875, regardless of "the presence of unique claims or additional claims not relating to asbestos injury or death."[1]  It therefore makes no difference that

---

[1] E.g., Order filed February 4, 2000, transferring Givens v. Witco Corp., Inc., C.A. No. 2:99-2283 (E.D. La.), et al.; Order filed September 29, 1998, transferring Raymark Indus., Inc. v. Baron, C.A. No. 3:98-673 (N.D. Tex.); Order filed October 1, 1993, transferring Keene Corp. v. Fiorelli, C.A. No. 1:93-2129 (E.D.N.Y.).  All unpublished Panel materials cited in this reply brief are attached as exhibits to our opening brief.



OFFICIAL FILE COPY   IMAGED MAY 16 '01

- 2 -

Doval does not simply present a garden-variety asbestos personal injury claim; the Panel has

frequently transferred non-tort satellite claims surrounding asbestos personal injury litigation.

(2)  In the course of managing MDL 875, Judge Weiner has already repeatedly addressed

precisely the same issue raised in the case at bar – namely, whether the members of the Center

for Claims Resolution, Inc. ("CCR") are jointly liable under multi-defendant settlement agree-

ments negotiated by the CCR.  Those rulings demonstrate that this issue is appropriate for inclu-

sion within MDL 875, both because Judge Weiner proceeded to rule on those motions and

because the substance of the rulings reflects that the issues are particularly appropriate for Judge

Weiner's expert consideration.

(3)  The present case is merely one part of a nationwide wave of settlement enforcement

litigation.  Indeed, transfer motions are now pending before this Panel in four such cases.[2]  More-

over, given that the combined litigation involves thousands of claimants and well over $100

million in nonpayments, there can be no genuine dispute that these cases should be transferred to

Judge Weiner because they will "affect the overall management of this litigation."  In re Asbestos

Prods. Liab. Litig., 771 F. Supp. 415, 421-22 (J.P.M.L. 1991).

Plaintiffs' opposition hinges on three contentions:  (1) that this case raises issues of Cali-

fornia state law, (2) that some of the cases on which we rely arose in a slightly different proce-

dural posture, and (3) that two federal district courts declined to transfer similar cases to bank-

ruptcy courts.  As we now show, those arguments are meritless.

---

[2]  The others are Lowry et al. v. CCR et al., No. 00-1454 (C.D. Ill.); Perez et al. v. CCR et al., No. C-01-1627 JCS (N.D. Cal.); and Young et al. v. CCR et al., No. 4:00-CV-225-P-A (N.D. Miss.).

- 3 -

## ARGUMENT

### I.      The Source of the Governing Law Is Irrelevant

Plaintiffs stress at length that their case arises under California state law.  That fact, they argue, proves both that the present case lacks common fact issues with the MDL 875 docket and that transfer will not further the convenience of the parties or the just resolution of the matter.  See Pls. Mem. at 5-8.  They add that transfer will cause delay and injustice because the transferor court allegedly "is far more familiar" with California law than is Judge Weiner.  Pls. Resp. at 2.  They also suggest that the source of the underlying law distinguishes the cases cited in our opening brief.  See Pls. Mem. at 8, 11.

The source of the applicable substantive law is absolutely irrelevant to the question of whether this case belongs before Judge Weiner.  Virtually every asbestos personal injury case arises under state law, and yet this Panel has wisely transferred all such cases to Judge Weiner for coordinated pretrial proceedings (just as it has transferred, under § 1407, many other kinds of cases that involve state law claims).  The point that is relevant to the transfer issue is that the factual issues raised here -- as to the history and practice of negotiating settlements of asbestos personal injury cases, and knowledge of plaintiff and defense counsel in such negotiations, and the relationships among asbestos defendants -- are all matters that are closely intertwined with the asbestos personal injury litigation that Judge Weiner has been handling for the last decade.  Finally, if any further proof of this point were needed, one need only look at Judge Weiner's three prior rulings on this issue, which make it clear that the applicable legal rules do not vary appreciably in these matters.  In short, plaintiffs' reliance on the state law nature of their claims is totally misplaced here.

- 4 -

## II.   Plaintiffs Fail to Distinguish Maremont's Authority

Plaintiffs try to avoid the large body of caselaw decided by Judge Weiner and this Panel,

cited in our opening brief, by drawing two factual distinctions, both of which are irrelevant.

First, plaintiffs try to distinguish those cases in which Judge Weiner has already ruled on exactly

the issue raised here by arguing that those cases had been transferred to Judge Weiner prior to the

settlement.  But that is completely irrelevant to the fact that, as those prior rulings show, Judge

Weiner is intimately familiar with the factual and legal issues raised here and with the impact of

these issues on his management of the overall asbestos litigation.  Moreover, if Judge Weiner had

felt that the settlement enforcement aspects of those prior cases were not appropriate for his reso-

lution, he was free to suggest their remand back to the transferor districts.  See Panel Rule 7.6(c).

His decision not to do so was his ruling that such matters properly should be resolved within

MDL 875.  That point is particularly significant because, as we explained in our opening brief,

this Panel has repeatedly held that Judge Weiner is the appropriate initial arbiter of what does

and does not belong in MDL 875.  See Maremont Mem. at 2, 8-9 & n.7.

Second, plaintiffs argue that the cases in which the Panel has transferred asbestos-related

(but not personal injury) cases to Judge Weiner differ from the present case because they were

"originally brought in federal court."  Pls. Mem. at 10. This claim is factually incorrect -- several

of the cases we cited in our opening brief in fact did originate in state court[3] -- but, even more

important, irrelevant.  The fact that this case began in state court and then was properly removed

---

[3] See Order filed February 4, 2000, transferring Givens v. Witco Corp., Inc., C.A. No. 2:99-2283 (E.D. La.) (removed from Civil District Court, Orleans Parish, C.A. No. 99-1395 B), and Cosey v. Bullard, C.A. No. 1:99-164 (S.D. Miss.) (removed from Jefferson County Circuit Court, C.A. No. 95-0069); Order filed January 29, 1998, transferring Raymark Corp. v. Baron, C.A. No. 1:97-109 (D. Utah) (removed from Second District Court, C.A. No. 970700328-PI).

- 5 -

to federal court obviously has nothing to do with the question of how the case should be handled

by the federal courts, now that it is here.  Moreover, contrary to plaintiffs' assertion, the present

case and the other settlement enforcement matters plainly do "relate[] to matters already on Judge

Weiner's docket."  Not only has Judge Weiner repeatedly ruled on those issues in the cases

before him, but these cases unquestionably will impact on his overall management of the asbes-

tos litigation.  In sum, the present issues clearly belong before Judge Weiner -- and, at the very

least, they should be transferred to Judge Weiner in order to let him decide, in the first instance,

whether they are appropriately handled as part of the overall MDL proceeding.

### III.      Plaintiffs' Case Authority is Inapt

Finally, plaintiffs cite two cases that did not transfer settlement enforcement matters to a

bankruptcy court, but instead remanded to state court.  Those decisions are immaterial here

because the present case, and the other cases in which motions to the Panel are pending, are

properly in federal court, and the question here is which federal court should conduct pretrial

proceedings in these matters (not whether the cases should be sent back to state court).  Indeed,

this is merely a mirror of the larger asbestos personal injury litigation -- some cases may belong

in state court (and this Panel has no role in that decision), but the cases that are in federal court

should all be transferred to Judge Weiner for coordinated management.

- 6 -

## CONCLUSION

The motion to transfer should be granted.

Respectfully submitted,



Richard M. Wyner
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC  20036
(202) 828-2000

Counsel for Defendant Maremont
Corporation

May 14, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 1 4 2001**

## PROOF OF SERVICE

FILED
CLERK'S OFFICE

     I hereby certify that copies of the foregoing Reply Brief in Support of the Motion of Defendant Maremont Corporation to Transfer and Consolidate With MDL 875 were served on May 14, 2001 by first-class mail on all counsel listed on the attached Panel Service List, as well as the following counsel of record:

           Harry F. Wartnick
           Wartnick, Chaber, Harowitz & Tigerman
           101 California St., Ste. 2200
           San Francisco, CA  94111
                 Counsel for Plaintiffs.

Christopher L. Sagers

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION                                April 06, 2001

DOCKET: 875 - In re Asbestos Products Liability Litigation (No. VI)
STATUS: Transferred

TRANSFEREE INFORMATION
    Dist: PAE
    Judge: Weiner, Charles R.
    Date: 07/29/91

Page:      1

| COUNSEL | PHONE FAX | DESCRIPTION |
|---|---|---|
| Locks, Gene<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA  19102 | (215) 893-0100 | Pltfs. Liaison Counsel |
| Binzley, Richard C.<br>Thompson, Hine & Flory<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH  44114 | (216) 566-5579<br>(216) 566-5583 | Lead Counsel for Defcs. in the Seamen Cases |
| Cass, Edward J.<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building<br>7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH  44115 | (216) 241-5310 | Counsel for the Goodall Defendants. |
| Damico, David A.<br>Burns, White & Hickton<br>2400 Fifth Avenue Place<br>120 Fifth Avenue<br>Pittsburgh, PA  15222 | (412) 394-2500 | Fela Deft. |
| Forceno, Raymond P.<br>Forceno & Hannon<br>Philadelphia Bourse Building<br>Suite 1000<br>Independence Mall East<br>Philadelphia, PA  19106 | (215) 732-1630 | Fela Pltfs. |
| Furman, Ellen B.<br>Goldfein & Joseph<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA  19103 | (215) 979-8200<br>(215) 979-8201 | National Counsel |
| Hanson, Susan M.<br>Stich, Angell, Kreidler & Muth, P.A.<br>The Crossings, Suite 120<br>250 2nd Avenue South<br>Minneapolis, MN  55401 | (612) 333-6251 | National Counsel |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION                    April 06, 2001

(0 Liaison Counsel Continued)

Page:    2

| COUNSEL | PHONE FAX | DESCRIPTION |
|---|---|---|
| Landin, David C.<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | (804) 788-8200<br>(804) 877-8218 | Peripheral Deft. |
| Motley, Ronald L.<br>Ness, Motley, Loadholt, Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 | (843) 216-9000 | Pltfs. Liaison Counsel |
| Powell, Donald A.<br>Buckingham, Doolittle & Burroughs<br>50 South Main Street<br>P.O. Box 1500<br>Akron, OH 44309 | (216) 376-5300 | National Counsel |
| Repcheck, John J.<br>Marks, O'Neill<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 | (412) 391-6171 | Peripheral Deft. |
| Roven, John D.<br>John Roven & Associates<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | (713) 465-8522<br>(713) 465-3658 | Fela pltfs. |
| Schuster, Richard D.<br>Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 | (614) 464-6438 | National Coordinating Counsel for BFGoodrich Co. |
| Spinelli, Robert N.<br>Kelley, Jasons, McGuire & Spinelli, L.L.P.<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 | (215) 854-0658<br>(215) 854-8434 | Defts. Liaison Counsel |
| Swickle, Robert E.<br>Jaques Admiralty Law Firm, P.C.<br>1370 Penobscot Building<br>Detroit, MI 48226 | (313) 961-1080 | National Counsel |
| Trevelise, Andrew J. | (215) 851-8250 | Defts. Liaison Counsel |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION                              April 06, 2001

(0 Liaison Counsel Continued)

Page:    3

| COUNSEL | PHONE<br>FAX | DESCRIPTION |
|---|---|---|
| Reed, Smith, Shaw & McClay<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | | |
| Selman, Neil<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 | | National Counsel |
| Weston II., James K.<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | (319) 363-4040 | National counsel for Raymark Industries, Inc. per letter dated 4/16/97 |

NOTE: Liaison Counsel Are NOT Listed In Alphabetical Order