MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MAY 14 2001

FILED CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| JOHN LINDFORS and BERTHA LINDFORS, Plaintiffs, v. AC&S, INC., ET AL., Defendants. | No. 2:01-571 (D.S.C.) |
| HENRY WOOD and JANE WOOD, Plaintiffs, v. AC&S, INC., ET AL., Defendants. | No. 2:01-572 (D.S.C.) |

PLEADING NO. 3165

**OPPOSITION OF DEFENDANTS REPRESENTED BY THE CENTER FOR CLAIMS RESOLUTION – AMCHEM PRODUCTS, INC., DANA CORPORATION, NATIONAL SERVICE INDUSTRIES, INC., T&N PLC, AND UNITED STATES GYPSUM COMPANY – TO PLAINTIFFS' MOTION TO VACATE CTO-194**

The above-named defendants respectfully submit this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 194, which was filed on April 24, 2001, and docketed as Pleading No. 3132. Plaintiffs ask the Panel to vacate CTO-194 as it pertains to the two actions transferred from the United States District Court for the District of South Carolina that are listed above.

OFFICIAL FILE COPY

IMAGED MAY 16 '01

Defendants oppose plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

Plaintiffs do not dispute that these cases fall within the category of cases that should be transferred to MDL No. 875. Nor could the plaintiffs legitimately make such an argument, since the actions are clearly asbestos personal injury cases within the scope of the Panel's 1991 decision. See In re Asbestos Prods. Liab. Litig., 771 F. Supp. 415 (J.P.M.L. 1991). Instead, plaintiffs argue that the cases were not properly removed to federal court. Thus, plaintiffs contend that this Panel should vacate the CTO until the federal district court in South Carolina addresses plaintiffs' pending motion to remand. Pl. Mot. at 2. According to plaintiffs, the United States District Court for the District of South Carolina "is in the best position to rule on the issue of whether the Defendants complied with the procedural requirements of 28 U.S.C. § 1446." Pl. Br. at 2.

Plaintiffs' arguments against transfer have been rejected by this Panel over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Jan. 26, 2001) (transfer order), at 2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has

repeatedly reaffirmed this position,[1/] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. June 5, 1996) (transfer order), at 2 n.2.

In support of their motion, plaintiffs cite Viala v. Owens-Corning Fiberglas Corp., No. C-94-0399-EFL, 1994 WL 139287 (N.D. Cal. Apr. 13, 1994), for the proposition that the transferor court is in a better position than the transferee court to decide a pending motion to remand. Pl. Br. at 1-2. The court in Viala, however, merely concluded that a transferor court may rule on a pending motion to remand before a case has been finally transferred by this Panel. 1994 WL 139287, at *1. Thus, the court said nothing about the issue raised in these cases – whether the Panel should transfer cases to Judge Weiner when a motion to remand is pending in the transferor court, but has not been ruled upon by that court. As explained above, this Panel has repeatedly held that final transfer should go forward in those circumstances.

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-194 with respect to these cases. For these reasons, the Panel should deny plaintiffs' motion.

---

[1/] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Nov. 22, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Sept. 28, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. July 20, 2000) (transfer order), at 2.

Respectfully submitted,

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 828-2000

John G. Gaul
Center for Claims Resolution
504 Carnegie Center
Second Floor
Princeton, N.J. 08540
(609) 951-6000

Attorneys for Defendants Represented by the Center for Claims Resolution – Amchem Products, Inc., Dana Corporation, National Service Industries, Inc., T&N plc, and United States Gypsum Company

May 14, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 14 2001

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of May 2001, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition of Defendants Represented by the Center for Claims Resolution – Amchem Products, Inc., Dana Corporation, National Service Industries, Inc., T&N plc, and United States Gypsum Company – to plaintiffs' Motion To Vacate CTO-194, along with the requisite Rule 5.3 Corporate Disclosure Statements, to be served by hand on the Clerk of the Panel:

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 14th day of May, 2001, I caused copies of the foregoing Opposition and Corporate Disclosure Statements to be served by first-class mail, postage prepaid, on counsel on the attached service list.

I finally certify that, on this 14th day of May, 2001, I caused a copy of the foregoing Opposition and Corporate Disclosure Statements to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

Adam M. Chud

**SERVICE LIST**

V. Brian Bevon
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 74th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 13390
Charleston, SC 29422

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Trudy Hartzog Robertson
Moore & Van Allen, PLLC
P.O. Box 22828
Charleston, SC 29413

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Charles H. Gibbs, Jr.
Haynsworth Sinkler Boyd
P.O. Box 340
Charleston, SC 29402

Ronald B. Cox
Bowers, Orr & Dougall, LLP
P.O. Box 25389
Columbia, SC 29224

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

C. Lucas Drake
Hood Law Firm
P.O. Box 1508
Charleston, SC 29402

Michael S. Seekings
Mullen Wylie & Seekings
134 Meeting Street, Suite 500
Charleston, SC 29401