JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 16 2001

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|                          |     |                                |
|--------------------------|-----|--------------------------------|
| HOWARD VAN PELT          | :   |                                |
| Plaintiff,               | :   | Docket No. 875                 |
|                          |     | CTO-196                        |
| v.                       | :   |                                |
|                          |     | D. Maryland C.A.No. 01-CV-949  |
| ACandS, Inc., et al.     | :   | (Smalkin)                      |
| Defendants.              | :   |                                |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Howard Van Pelt, Plaintiff herein pursuant to Rule 12C of the Rules of Procedure of the Judicial Panel of the Multi-District Litigation, moves the Panel to vacate its order conditionally transferring the above captioned case to the United States District Order for the Eastern District of Pennsylvania. This motion is based on the attached brief in support of Motion to Vacate the Conditional Transfer Order and such other materials as may be presented to the panel at time of hearing on the motion.

Pursuant to Rule 12C, movants request the Court to set this motion for a hearing on the next session of panel.

Date: May 10, 2001

Respectfully submitted,

Edward J. Lilly
Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street
Baltimore, MD 21201-3812

OFFICIAL FILE COPY IMAGED MAY 16 '01



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 16 2001

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

HOWARD A. VAN PELT                    :

       Plaintiffs,                    :          Docket No. 875

          v.                         :

                                            D. Maryland C.A.No. 01-CV-949
ACandS, Inc., et al.                  :                  (Smalkin)

       Defendants.                   :

## BRIEF IN SUPPORT OF MOTION TO
## VACATE CONDITIONAL TRANSFER ORDER

### INTRODUCTION

This brief is filed pursuant to Rule 12C of the Rules of Procedure of the Judicial Panel on

Multi-District Litigation, in support of plaintiffs' Motion to Vacate the Conditional Transfer

Order of the Panel ordering transferring of this case to the Eastern District of Pennsylvania in

accordance with 28 U.S.C.A. 1407. This case was originally filed in the Circuit Court for

Baltimore City and sought damages from the defendants who are manufacturers, distributors or

installers of asbestos containing products. It is alleged that the plaintiff developed mesothelioma,

a cancer caused by exposure to asbestos, which resulted from his occupational exposure to

asbestos products for which the Defendants are responsible. The defendants removed this case to

the United States District Court for the Northern District of Maryland on grounds that federal

jurisdiction existed because a portion of the plaintiff's exposure to asbestos occurred at several

buildings at which he was employed as an operator engineer and during several years when he

served aboard U.S. Navy Ships, which the defendants claim are federal enclaves. The notice of

removal alleges that there is exclusive federal jurisdiction pursuant to Article I, Section 8, Clause 17 of the U.S. Constitution. The plaintiffs have filed a motion to remand these proceedings to Circuit Court in Baltimore City and have submitted legal authority to the District Court for the Northern District of Maryland that jurisdiction is proper in the Maryland State Courts. (A copy of the Plaintiff's Motion for Remand is attached hereto as Exhibit #1). That motion is currently pending in the Baltimore Federal Court and, at this time, no hearing has been set.

## ARGUMENT

### THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.

An action may be transferred for coordinated or consolidated pretrial proceedings only when there are common issues of fact and when the transfer will "serve the convenience of the parties and witnesses" and "promote the just and efficient conduct" of the action. 28 U.S. C. § 1407. The fact that a case has been designated a "tagalong case" does not preclude the necessity of that determination. InRe: Grain Shipments 319 at Supp. 533 (JPML 1970).

It is the position of the plaintiff, that transfer by this panel is not appropriate because there are no issues to be resolved in this proceeding which have commonality with the asbestos personal injury cases pending in the Eastern District of Pennsylvania, and that neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

Even though the claim presented in this proceeding and the issues involved are similar to

2

those presented in the pending MDL cases in the Eastern District of Pennsylvania, the common

issues have been resolved by the Maryland State Courts, and the only pretrial proceedings which

are required are those which are plaintiff specific.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues

which are common to all of the consolidated cases.   28 U.S. C. S. § 1407(a) provides:

> When civil actions involving one or more common questions of fact are
> pending in different districts, such actions may be transferred to any district
> for coordinated or consolidated pretrial proceedings.  Such transfers shall
> be made by the Judicial Panel on Multi-District Litigation authorized by
> this section upon its determination that transfers for such proceedings will
> be for the convenience of parties and witnesses and will promote the just
> and efficient conduct of such actions.  Each action so transferred shall be
> remanded by the panel at or before the conclusion of such pretrial
> proceedings to the district from which it was transferred unless it shall have
> been previously terminated: Provided, however, That the panel may
> separate any claim, cross-claim, counter-claim, or third-party claim and
> remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the

purposes of the Multi-District Litigation Statute, since that transfer will not serve the convenience

of the parties and witnesses and will not promote just and efficient conduct of this action.

Over the years that asbestos personal injury cases have been tried in the State Courts of

Maryland, repeated discovery has been conducted on the issues common to those cases to such an

extent that, in the Circuit Court for Baltimore City, these common issues are subject to uniform

decisions which are made applicable in each case.  In the mesothelioma cases, which are now

being tried on an expedited basis in Baltimore City, discovery concerning these common issues is

rarely if ever conducted because these issues have been the subject of repeated discovery and

further proceedings simply are not justified.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding.   These two consolidated actions, ACandS, Inc. v. Godwin, 340 Md, 334; 667 A2d. 116 (1995) and ACandS v. Abate 121 Md App. 590, 710 A2d 944 (1998) were held for the purpose of resolving common issues found in all asbestos personal injury cases.   The Maryland Court of Appeals found in Godwin that asbestos cases were particularly suitable for consolidation, because the evidence required to prove the common issues took an inordinate amount of trial time and had to be presented in each individual case.   In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case.   Also, the common issue findings in Godwin and Abate have been made applicable to other cases which were not part of the consolidation under the doctrine of collateral estoppel.   The pre-trial common issues  resolved in those large consolidations involve the same issues which MDL will address.   The resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case.   When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited trial plan, the only issues which are subject to pretrial discovery are those, such as causation, damages, medical evidence, etc. which are specific to a particular plaintiff's case.   The plaintiff specific issues are not considered by the MDL Court and will be  resolved by the transferee court at some later date.   This will mean that  the resolution of this case would be delayed until the MDL Court has resolved these common issues. Only at that time will this case be remanded to this Court where a resolution of the plaintiff specific issues and discovery will begin.   See InRe: Radiation Incident at Washington, DC, April 5, 1974, 400 Fed.Supp. 1404

(1975). Under the circumstances of this case, the Multi-District Litigation Plan does not promote efficiency or serve justice. The plaintiff specific discovery, which is all that is necessary to prepare this action for trial, will be delayed while the Multi-District Litigation Court resolves common issues which have been resolved by the Maryland State Courts during decades of asbestos litigation.

## CONCLUSION

Before the Panel may transfer cases pursuant to 28 U.S.C.A. §1407, it must make an affirmative finding that 1) transfer will be for the convenience of the parties and witnesses, and 2) will promote the just and efficient conduct of the cases. For the reasons stated herein, movants submit that neither of the required findings can be made and thus respectfully asks that the Panel vacate the conditional transfer order.

Respectfully submitted,

Edward J. Lilly

Armand J. Volta
Federal Bar #07982
Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street
Baltimore, MD 21201-3812

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

### CERTIFICATE OF SERVICE

MAY 16 2001

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that on this ___15th___ day of May, 2001, a copy of the Plaintiffs'
Motion to Vacate Conditional Transfer Order was mailed, first class, postage prepaid, to:

Peter G. Angelos
Law Offices of Peter
G.Angelos, P.C.
One Charles Center, 22nd Fl.
100 N. Charles Street
Baltimore, Maryland 21202

Richard C. Binzley, Esquire
Thompson, Hine & Flory
127 Public Square
Cleveland, Ohio 44114

Edward J. Cass, Esquier
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115

David A. Damico, Esquire
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, Pennsylvania
15222

Raymond P. Forceno,
Esquire
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, Pennsylvania
19106

Ellen B. Furman, Esquire
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, Pennsylvania
19103

Susan M. Hanson, Esquire
Strich, Angell, Kreidler &
Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esquire
Ness, Motley, Loadhold,
Richardson & Poole
28 Bridgeside Boulevard
P.O. Box1792
Mt. Pleasant, South Carolina
29464

Donald A. Powell, Esquire
Buckingham, Doolittle &
Burroughs
50 South Main Street
P.O. Box 1500
Akron, Ohio 44309

John J. Repcheck, Esquire
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania
15219

John D. Roven, Esquire
John Roven & Associates
2190 North Loop West
Suite 410
Houston, Texas 77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymour &
Pease
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219

David J. Quigg, Esquire
Robinson, Woolson &
O'Donnell
217 E. Redwood Street
Suite 1500
Baltimore, Maryland 21202

Andrew J. Trevelise, Esquire
Reed, Smith, Shaw & McClay
2500 One Liberty Street
1650 Market Street
Philadelphia, Pennsylvania
19103

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California
90025

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire &
Spinelli
One Penn Center, Suite 1400
1617 JFK Boulevard
Philadelphia, Pennsylvania
19103

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm,
P.C.
1370 Penobscot Building
Detroit, MI 48226

_____
Attorney for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 6 2001

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

HOWARD A. VAN PELT                              :

       Plaintiff,                              :

           v.                              :      Civil Action No.

ACandS, Inc., et al.                              :

                           (State Case No. X01000098)
       Defendants.                              :      01-CV-949 (Smalkin)

### MOTION FOR REMAND

      Plaintiffs by their undersigned attorneys, pursuant to 28 U.S.C.A., Section 1447

(c), hereby moves this Court to remand the above-captioned case to the Circuit court

for Baltimore City and to award Plaintiffs' attorneys fees and costs stemming from the

Defendant's improper remand and in support thereof states as follows:

      1.     The Defendants' basis for the filing of a Notice of Removal of Civil action

in this case is that during the Plaintiff's employment history, he was employed by the

General Services Administration at the Census Bureau, and also the Naval Ordinance

Laboratory as an operating engineer.  Defendants attempt to invoke Federal jurisdiction

by claiming that these locations are federal enclaves and that the Federal Court has

exclusive jurisdiction of this State-based claim.  The Defendants also argue that

between the years of 1959 and 1963, that Plaintiff was exposed to asbestos while he

was in the United States Navy in which he served as a machinist mate on naval ships.

It is contended that these naval ships were also federal enclaves, which, according to

the Defendants, would foreclose State Court jurisdiction.

      2.     This personal injury action is transitory in nature and may be maintained

wherever the Plaintiff can secure jurisdiction over the Defendants.  The instant case was properly filed in the State Court and that jurisdiction cannot be defeated on the basis that the Plaintiff's exposure to asbestos occurred in Federal buildings or on U.S. Naval ships.

3.    The purpose of Federal Enclave jurisdiction, which involves the protection of the Government's unencumbered use of land for Federal purposes, will not be served by removal of this action.  It is not possible that this action could, in any way, impact on the U.S. Government since this action is between the Plaintiff, a civilian tradesman, and civilian manufacturers, distributors and installers of asbestos products.

4.    The complaint filed on behalf of the Plaintiff depends exclusively on State law and does not even hint of a Federal question.  Decedent's complaint is identical to those of thousands of other asbestos victims whose cases have been resolved in the State Courts, including: the naming of the same Defendants, alleging the same negligent conduct of those Defendants, and depending upon the same legal theories to support the causes of action.  The required analysis by this Court of the contents of the Plaintiff's complaint for the determination as to whether the Plaintiff's allegations raises a Federal question to support removal, reveals that no Federal question is implicated and that remand to the State Court is required.

5.    The Defendant's allegation that a Federal question is presented in this case will not support removal jurisdiction.  In order for a cause of action to be removed under Section 1331, the Federal question created by the Constitution must be essential element of the Plaintiff's cause of action.  The cause of action alleged in the instant case does not arise under the Constitution of the United States nor does the

2

Constitution have any bearing on the Decedent's cause of action or entitlement to relief.

6.      The exclusive Federal jurisdiction of cases arising on Federal Enclaves claimed by the Defendants is, in fact, far from exclusive, because State jurisdiction does exist for causes of actions arising on a Federal enclave.  Since this action is transitory, it may be brought wherever personal jurisdiction over the Defendant can be effectuated, and since there is specific authority by the Supreme Court of the United States that a case arising on a Federal Enclave may be tried in State Court, remand of these proceedings is justified.  The proper jurisdiction over this cause of action is in the Circuit Court for Baltimore City where it was originally filed.  Remand of these proceedings is proper because this action does not arise under the Constitutional or laws of the United States and removal jurisdiction does not exist.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court to hold a hearing on this Motion and remand this action to the Circuit Court for Baltimore City.

Respectfully Submitted,


Edward J. Lilly


Armand J. Volta
Federal Bar #07982
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street
One Charles Center, 22nd Floor
Baltimore, Maryland 21201
(410) 649-2000

Attorneys for Plaintiffs

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

HOWARD A. VAN PELT                              :

      Plaintiff,                                :

        v.                                    :       Civil Action No.

ACandS, Inc., et al.                            :
                                   (State Case No. X01000098)
      Defendants.                               :       01-CV-949 (Smalkin)

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S  MOTION FOR REMAND
## APPLICABLE STANDARD FOR CONSIDERATION

When a party attempts to remove a case from State Court pursuant to 28

U.S.C., §1441, he incurs the burden of establishing proper jurisdiction within the

Federal system. See Mulcahey v. Columbia Organic Chems, Co., Inc., 29 F.3d. 148,

151 (4th Cir. 1994). As stated by the 4th Circuit, "[t]he burden of establishing Federal

jurisdiction is placed upon the party seeking removal" Id. (citing Wilson v. Republic Iron

& Steel Company, 257 U.S. 92 (1921).  And "because removal raises significant

Federal concerns, a Court must strictly construe removal jurisdiction.  Id. (Citing

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  Finally, "if Federal

jurisdiction is doubtful, a remand is necessary."  Id. (Citing In Re Business Men's Assur.

Co. of America, 992 F.2d. 181, 183 (8th Cir. 1993).

## STATE COURTS HAVE JURISDICTION OVER CAUSES OF ACTIONS
## FOR PERSONAL INJURY ARISING
## ON A FEDERAL ENCLAVE

This action, being transitory in nature, can be brought in any jurisdiction where in

personam jurisdiction can be effectuated against the Defendant.

-1-

> ". . . To provide in personam relief, the Court
> need only have personal jurisdiction over the
> Defendant, and thus a transitory action may be
> brought in any jurisdiction in which the
> Defendant can be found."

Raphael J. Musicus, Inc. v. Safeway Stores, Inc., 743 F.2d. 503, 506 (7th Cir. 1984).

This rule applies when the personal injury transitory action occurs on a federal enclave, since, for the same reason, the Plaintiff can maintain that action in whatever court personal jurisdiction exists.[1]  The Supreme Court of the United States has addressed the issue as to whether exclusive federal jurisdiction exists over a personal injury action which occurred on federal enclave.  In Ohio River Contract Co. v. Gordon, 244 U.S. 68, 37 S. Ct. 599 (1917), the Supreme Court held that a State Court may maintain a personal injury cause of action when the injury occurred on a federal enclave.  As in this case, it was argued that Art. 1, ¶8, Cl. 17, of the Constitution of the United States divested the State Court of jurisdiction to hear the case.  The Supreme Court held:

> "And finally, an action for personal injuries
> being in its nature transitory and susceptible of
> being brought in any jurisdiction in which the
> Defendant may be impleaded, there is no
> foundation for contention that the Court had no
> jurisdiction over the subject matter. . ."

Id at 72, 37 S. Ct. 599, 601, 61 L. Ed. 997, 1000 (1917).

Even in cases, unlike here, where Congress has statutorily granted to the district court exclusive federal jurisdiction over territory which is particularly important to the

---

[1]  See, Generally, Capt. Richard T. Altieri, Federal Enclaves: The Impact of Exclusive Legislative Jurisdiction Upon Civil Litigation, 72 Mil. Rev. 55, 79-80 (1976).

federal interest. state courts continue to have jurisdiction over personal injury actions

which occurred in those territories.  The case of <u>Gulfshore Company v. Mobile Oil Corp,</u>

453 U.S. 473 (1981) involved a personal injury cause of action filed by a workmen who

was injured while employed on the continental shelf of the United States.  The issue

presented was whether the <u>Outer Continental Shelf Lands Act</u> ("OCSCA"), the purpose

of which was to assert exclusive jurisdiction of the federal government over the

continental shelf, would divest state court jurisdiction over personal injury actions which

occurred there.  The Supreme Court of the United States held that such an exclusive

jurisdictional statute had no effect upon state jurisdiction over personal injury cases

which arose on the continental shelf.

> The operation of OCSLA will not be frustrated
> by state-court jurisdiction over personal injury
> actions.  The factors generally recommending
> exclusive federal-court jurisdiction over an area
> of federal law include the desirability of uniform
> interpretation, the expertise of federal judges in
> federal law, and the assumed greater
> hospitality of federal courts to peculiarly federal
> claims.  These factors cannot support
> exclusive federal jurisdiction over claims whose
> governing rules are borrowed from state law.
> There is no need for uniform interpretation of
> laws that vary from State to State.  State
> judges have greater expertise in applying these
> laws and certainly cannot be thought
> unsympathetic to a claim only because it is
> labeled federal rather than state law.

<u>Id</u> at 483.

In this case, there is proper jurisdiction for the trial of this matter in state court,

and that jurisdiction should not be disturbed simply because the Plaintiff's exposure to

-3-

asbestos occurred in buildings owned by the U.S. Government[2].  Under the

circumstances of this case, there is no reason for the federal court to divest the state

court of its jurisdiction over a case which in all respects is a State action.

### REMOVAL IS PRECLUDED BY THE
### WELL-PLEADED COMPLAINT RULE

A plaintiff, as master of his complaint, may select a state forum by choosing to

rely on state law.  The Complaint in this case is one that has been standardized by the

Maryland state courts and has been utilized in literally thousands of such cases.  That

complaint alleges claims which are founded solely on state law, and there is not even a

hint of a federal cause of action.

Removal is only sanctioned when the right or immunity created by the

Constitution or laws of the United States are essential elements of the plaintiff's cause

of action.

> "How and when a case arises 'under the
> Constitution or laws of the United States' has
> been much considered in the books.  Some
> tests are well established.  To bring a case
> within the statute, a right or immunity created
> by the Constitution or laws of the United States
> must be an element, and an essential one, of
> the Plaintiff's cause of action.  Starion v. New
> York, 115, U.S. 248, 257; First National Bank
> v. Williams, 252 U.S. 504, 512.  The right or
> immunity must be such that it will be supported
> if the Constitution or laws of the United States
> are given one construction or effect, and
> defeated if they receive another.  Ibid; King
> County v. Seattle School District, 263 U.S.

---

[2]

Plaintiff does not concede that the buildings in question are even federal enclaves, since the
required proof is not present in the notice of removal as to either building

-4-

361, 363, 364. [*113] A genuine and present controversy, [**98] not merely a possible conjectural one, must exist with reference thereto (New Orleans v. Benjamin, 153 U.S. 411, 424; Defiance Water Co. v. Defiance, 191 U.S. 184, 191; Joy v. St. Louis, 201 U.S. 332; Denver v. New York Trust Co., 229 U.S. 123, 133), and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Tennessee v. Union and Planters Bank, 152 U.S. 454; Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149; The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25; Taylor v. Anderson, 234 U.S. 74. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. Devine v. Los Angeles, 202 U.S. 313, 334; The Fair v. Kohler Die & Specialty Co., supra.

Gully v. First Nation Bank in Meridian, 299 U.S. 109, 112 (1936).

The fact that the Constitution of the United States intended to give the United States government unencumbered use of federal enclaves does not make the fact that the cause of action arose upon federal land an element of the plaintiff's cause of action, much less an essential one, Gully v. First National Bank, 299 U.S. 109, 112 (1936), nor does it create a cause of action or cause the plaintiff's right to relief to depend upon the resolution of a substantial question of federal law. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. at 1 (1983).

The "well-pleaded complaint" rule, discussed in Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 2935 S. Ct. at 2429, 6 L. Ed. 2d. 318 (1987), provides that Federal jurisdiction exists only when a Federal question is presented on the face of the Plaintiff's properly pleaded complaint. As such, Plaintiff, as master of his complaint,

-5-

may select a state forum by choosing to rely on state law claims only, even if the facts alleged also support a claim under federal law. See Franchise Tax Bd. Of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 22, 103 S. Ct. 2841, 2853, 77 L. Ed. 2d. 420 (1977); Chessire v. Coca Cola Bottling Affiliated, Inc., 758 F. Supp. 1098, 1100 (Greenville Div. - S.C. 1990).

Even in cases where a potential federal question is presented, removal jurisdiction is far from assured. In Merrill Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 106 S. Ct. 3228, 92 L. Ed. 2d. 650 (1986), the U.S. Supreme Court stressed that the jurisdictional inquiry under §1331 be made with restraint and requires sensitive judgements about Congressional intent, judicial power and the federal system. Id, 478 U.S. at 810, 106 S. Ct. 3229, 92 L. Ed. 2d. 650, 659. Merrill Dow also requires that the district court evaluate the nature of the federal interest at stake. Id at 814 (fn. 12), 106 S. Ct. 3229, 3235, 92 L. Ed. 2d. 650, 662 (1986).

In this case that inquiry requires remand of this case to the Circuit Court for Baltimore City because no federal interest is involved and the intent behind federal enclave "exclusive jurisdiction" is completely lacking. The federal interest involves the government's right to unencumbered use of its facilities.  The allegations contained in the instant complaint could not in any way impact upon the possessory rights of the United States Government.  No government official or contractor is named in the Complaint or is there any possible liability as a result of this cause of action to the federal government or its agents.  The plaintiff seeks damages from civilian manufacturers, distributors and installers of asbestos products, and there is no possibility of infringement of any control the federal government has over the Federal

-6-

Buildings at which the Plaintiff worked.

The purpose of federal enclave jurisdiction is to assure that the federal government shall have unrestricted use of the land for the governmental purposes for which the land was acquired,[3] but does not extend to areas outside of those Federal responsibilities.

> It appears to be settled law that the cession or purchase of territory does not create an absolute exclusive sovereignty within the Federal Enclave - as contradictory as that term may appear.
>
> The modern view is that the term "exclusive" as used in the U.S. Const. Art. 1, §8, Cl. 17, relates to protection of the Federal Government against conflicting regulations (citations omitted).
>
> The fact that the United States acquires exclusive jurisdiction over property purchased with the consent of a State does not necessarily divest the State of all power with respect to it; on the contrary, so long as [the State's jurisdiction] in no way interferes] with the jurisdiction asserted by the Federal Government, the State may continue to exercise its power.

The Board of Chosen Freeholders of the Country of Burlington, et al. v. McCorkle, 98 N.J. Super, 451, 460, 237 A.2d. 640, 645 (1968) (citation omitted)

> "Even though the Federal Government may own and for certain purposes exercise a relatively high degree of control over a military reservation within the State, that control is for the purposes of its military operations and the

---

[3]   See, Generally, Capt. Richard T. Altieri, Federal Enclaves: The Impact of Exclusive Legislative Jurisdiction Upon Civil Litigation, 72 Mil. L. Rev. 55, 57-61 (1976).

> only legitimate command or restraint it may
> exercise over civilian employees is that which
> is consistent with and necessary for such
> military purposes."

Rothfels v. Southworth, 11 Utah 2d. 169, 172, 356 P.2d. 612, 614 (1960).

In the absence of any federal interest in this case, retention of this action by the

federal court is not justified and does not serve the purposes of the constitutional

provision.

### THE UNITED STATES NAVY EXPOSURE TO ASBESTOS

Article 1, Section 8, Clause 17 of the United States Constitution provides:

> "To exercise exclusive legislation in all cases
> whatsoever, over such district (not exceeding
> 10 miles square) as may, be cession of
> particular states, the acceptance of congress,
> become the seat of the government of the
> United States, to exercise like authority over all
> places purchased by the consent of the
> legislature of the state in which the same shall
> be, for the erection of forts, magazines,
> arsenals, dockyards, and other needful
> buildings."

Under this clause, a federal enclave is created when the federal government

acquires exclusive jurisdiction over land with the consent of the State within which the

land is located.  United States v. Johnson, 994 F.2d. 980, 984-85 (2d Cir. 1993).

This language defining "places" upon which "forts" and "needful buildings" can be

constructed is a clear indication that Federal Enclave clause pertains only to land

acquired by the United States government.  The federal courts have consistently held

that federal enclaves are situated on real property.  United States v. Johnson, 994 F.2d.

980, 984 (2d Cir. 1993) (applying the clause to land); Dekalb Co. v. Henry C. Beck

-8-

Company, 382 F.2d 992, 994, 995 (5th Cir. 1967) (same); Maiter v. Holley, 200 F.2d

123, 125 (5th Circ. 1952) (same).  Congressional legislation authorized the creation of

federal enclaves only from federal land. 40 USCA, Sec. 255 (recognizing that only

"lands or interest therefrom", can form federal enclaves); United States v. Johnson, 994

F.2d, 980, 984 (2d Cir. 1993).

The case of U.B. McCormick, III, et al. v. C.E. Thurston & Sons, Inc., in the

United States District Court for the Eastern District of Virginia, Newport News Division,

977 F. Supp. 400 (1997) presented the question as to whether the USS Nimitz, a

United States Aircraft Carrier, could be considered a federal enclave.  In that case, the

plaintiff, an officer on the Nimitz claimed injurious exposure to asbestos resulting from

that service.  The defendant in that case attempted to secure federal jurisdiction by

claiming that the Nimitz was a federal enclave.  In remanding proceedings back to state

court, the trial court there held the federal enclave provision of the Constitution applies

only to lands owned by the United States and that a naval vessel cannot be considered

a federal enclave.

## THE AUTHORITY CITED BY DEFENDANTS DOES NOT SUPPORT REMOVAL

The Defendants cite two district court cases for the proposition that removal in

this case is justified: Aiken v. Big Three Industries, Inc., 851 F. Supp. 819 (E.D. Tex

1994) and Fung v. Apex Corporation, 816 F. Supp. 569 (N.D. Cal. 1992).  The facts

presented in those two cases are worlds away from those presented here.  In both of

the cited cases, the plaintiff's employment was directly related to the weapons systems

of the United States Government.  Their employment and work on the weapons

systems was the direct cause of their exposure to hazardous substances, and that work

-9-

was conducted exclusively on federal enclaves.  Further, the Government contractors.

who were responsible for the construction and maintenance of the weapons systems.

were party defendants.  The federal government's supervision and specifications were

in integral part of the litigation.  The court's reasoning in Aiken, supra, confirms that the

facts of that case compelled removal of the cause of action to the federal court because

of the vital government interest involved and because of the relationship of the claimed

injury to the operation of the Federal enclave.

> "The present conflict presents a
> compelling argument for a holding that federal
> enclave jurisdiction exists over the tort claims.
> The United States Air Force is entrusted with
> this nation's defense.  The Air Force entreated
> plaintiffs to perform important maintenance
> tasks on jet engines.  All plaintiffs performed all
> duties on Tinker Air Force Base.  And the
> plaintiffs now claim that these very duties
> –repairing jet engines–resulted in personal
> injuries.  As a result, this court holds that in a
> toxic exposure case such as this, when the
> plaintiffs' claims arise out of exposure to
> chemicals on base in furtherance of their
> employment duties, enclave jurisdiction is
> properly invoked."

Id. at 822.

The Defendant's reliance on Fung v. Abex Corporation, 816 F. Supp. 569

(1992), and Akin v. Big Three Indus., Inc., 851 F. Supp. 819 (1994), does not support

the assertion that remand of this case to the state court is precluded.  Fung supported

its holding that a state court action should not be remanded on the basis of holdings in

Willis v. Craig, 555 F.2d 724 (9th Cir. 1977), and Mater v. Holley, 200 F.2d 123 (5th Cir.

1952).  Both of the cited cases involved complaints which were originally filed in the

-10-

federal court. The question before those courts was whether there was federal jurisdiction, since the injuries occurred on a federal facility. Both cases held there was federal jurisdiction, but neither of those cases held that concurrent federal jurisdiction was superior to that of the state. The Fung case also involved a direct implication of federal involvement, since General Dynamics, a government contractor, was a defendant in the suit, while in Akin, the manufacturer of the jet engines, was sued by the Plaintiff. In both cases, the suits were directly related to Weapon Systems of the United States, and it was specifically found that federal jurisdiction was proper under Federal Officer Jurisdiction. (28 U.S.C. 1442(a)(1)).

In Fong and Akin, the Plaintiff's injurious exposures solely involved the plaintiffs' duties on the federal enclave. In Akin, the Court recognized that the activities on the air force base involved serious matters of national defense, and the Court also considered the intent fo the constitutional provision in citing Mater for the proposition that there should be a federal forum in which to litigate controversies arising on such lands to prevent state judicial interferences in matters likely to involve substantial federal interest. It is also significant that in both Fung and Akin, the fact that the injurious exposures occurred on a federal reservation was apparent on the face of the complaint.

The case of Mellendez v. Glastic Corp., U.S. District Court for the Eastern District of Virginia, 1996 U.S. Dist. Lexis 4537, involved circumstances comparable to that found here. In that case, the Plaintiff was injured on the Norfolk Naval Base and subsequently filed a complaint in state court seeking damages under state law theories of liability. The Defendants removed the case to the federal district court. In deciding the Motion for Remand to the state court, the district court criticized the holding in Akin.

-11-

The court stated:

> "This Court disagrees with the <u>Akin</u> analysis. The Plaintiff in the present case has alleged state law theories of liability.  The fact that the injuries occurred to a federal employee on the Norfolk Naval Base is insufficient to raise a federal question."

<u>See also, Misner v. Cleveland Wrecking Company of Cincinnati</u>, 25 F.Supp. 763 (W.D. Miss. 1938) (District Court held that a motion for remand should be granted in circumstances as found here, since it is the obligation of state courts to interpret state law and not the federal courts).

## CONCLUSION

1.    Jurisdiction is proper in the Circuit Court for Baltimore City, and the trial of this action in State Court is required.

2.    The removal of this action, does not serve the Constitutional purpose of "exclusive" federal enclave jurisdiction.

3.    Plaintiff's cause of action is exclusively based on state law and a "federal question" does not have any relevance to the cause of action, removal is not proper.

4.    Since neither federal law nor the Constitution of the United States forms any part of the cause of action or Plaintiff's entitlement to relief, federal jurisdiction does not arise.

Respectfully Submitted,


Edward J. Lilly


Armand J. Volta
Federal Bar #07982
Law Offices of Peter G. Angelos, P.C.
100 N. Charles Street
One Charles Center, 22nd Floor
Baltimore, Maryland 21201
(410) 649-2000

Attorneys for Plaintiffs

-13-

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2001, a copy of the foregoing was mailed to the following:

Patrick C. Smith, Esquire
Church & Houff, P.A.
2 North Charles Street
Suite 600-B & O Building
Baltimore, Maryland 21201
*Attorneys for United States Gypsum Company, T&N plc, Viacom, Inc. and Foster Wheeler Corp.*

Steven A. Luxton, Esquire
Whiteford, Taylor & Preston, L.L.P.
7 St. Paul Street
Baltimore, Maryland 21202
*Attorneys for Porter Hayden*

Neil J. MacDonald, Esquire
Hartel, Kane, DeSantis, MacDonald & Howie, LLP
Capital Office Park
6301 Ivy Lane, Ste. 800
Greenbelt, Maryland 20770
*Attorneys for Krafft-Murphy Company*

Thoedore F. Roberts, Esquire
Danaher, Tedford, Lagnese & Neal, P.C.
201 North Charles Street, Ste. 2402
Baltimore, Maryland 21201
*Attorneys for AcandS, Inc.*

Katherine S. Duyer, Esquire
Gavett and Datt, P.C.
15850 Crabbs Branch Way, Ste. 180
Rockville, Maryland 20855
*Attorneys for AC&R Insulation Co., Inc., and SB Decking, Inc., f/k/a Selby, Battersby & Co., Inc.*

George C. Doub, Esquire
George C. Doub,, P.C. & Assoc.
12 West Madison Street
Baltimore, Maryland 21201
*Attorneys for W.R. Grace & Co.-Conn.*

Michael L. Lisak, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorneys for Hampshire Industries, Inc. and Hopeman Brothers, Inc.*

Jeremy North, Esquire
North & Cobb
7313 York Road
Towson, Maryland 21204
*Attorneys for General Refractories*

Deborah L. Robinson, Esquire
David J. Quigg, Esquire
Robinson Woolson, P.A.
217 E. Redwood Street, Ste. 1500
Baltimore, Maryland 21202
*Attorneys for John Crane, Inc.*

Mildred Keith, Asbestos Clerk
Circuit Court for Baltimore City
Room 451, Courthouse East
11 North Calvert Street
Baltimore, Maryland 21202

Edward J. Lilly
Armand J. Volta
Federal Bar #07982
Law Offices of Peter G. Angelos, P.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

HOWARD A. VAN PELT                    :

       Plaintiff,                   :

          v.                       :        Civil Action No.

ACandS, Inc., et al.                  :
                                               (State Case No. X01000098)
       Defendants.                  :        01-CV-949 (Smalkin)

## **ORDER**

Upon the aforegoing Motion for Remand, it is thereupon on this _____ day of

_____, 2001, ORDERED that these proceedings be and are hereby

forwarded to the Circuit Court for Baltimore City.


                                        _____

                                        JUDGE