MDL **8 7 5 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 7 2001

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
--------------------------------------------------------------------X
JULITA SZEWCZYK, as Administratrix of the Estate of
JAN SZEWCZYK,

        Plaintiff,

   - against -

METRO-NORTH RAILROAD COMPANY,

       Defendant.
--------------------------------------------------------------------X

Conditional Transfer Order (CTO-194)

Civil Action
No. 01 Civ. 0199 (WK)

PLEADING NO. 3171

---

## DEFENDANT METRO-NORTH'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

Of Counsel
    Philip J. DiBerardino

LANDMAN CORSI BALLAINE & FORD P.C.
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

IMAGED MAY 2 1 '01

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 17 2001**

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

-------------------------------------------------------------------X

JULITA SZEWCZYK, as Administratrix of the Estate of
JAN SZEWCZYK,

Plaintiff,

- against -

METRO-NORTH RAILROAD COMPANY,

Defendant.

-------------------------------------------------------------------X

**DEFENDANT METRO-
NORTH'S MEMORANDUM
OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO
VACATE CONDITIONAL
TRANSFER ORDER**

Conditional Transfer Order (CTO-
194)

Civil Action
No. 01 Civ. 0199 (WK)

Defendant METRO-NORTH COMMUTER RAILROAD s/h/a METRO-NORTH RAILROAD COMPANY ("Metro-North"), by its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully submits this memorandum of law in opposition to plaintiff's motion to vacate Conditional Transfer Order 194 as it relates to the above-captioned case.

**Procedural History**

Plaintiff, as the Administratrix of the Estate of Jan Szewczyk, brings this action against defendant Metro-North for plaintiff's decedent alleged exposure to asbestos, lead paint and diesel fumes while employed as a painter and an iron worker for defendant from 1983 to 2000 under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, et seq. Plaintiff alleges that the alleged exposure resulted in plaintiff decedent's kidney cancer which caused his death. See Amended Complaint dated, February 15, 2001, attached as Exhibit "A" to the Declaration of Philip J. DiBerardino, filed herewith.[1]

_____

[1] All Exhibits referred to herein are attached to the Declaration of Philip J. DiBerardino, filed herewith.

Defendant Metro-North interposed their Answer to the Amended Complaint on February 28, 2001 (Exhibit "B"). Defendant Metro-North, pursuant to Rule 13(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation served Notice of this Potential Tag-Along Action to MDL Number 875 on March 7, 2001 (Exhibit "C"). On March 27, 2001, the Clerk of the Panel filed the Conditional Transfer Order (CTO-194) designating this matter as a Tag-Along case to Docket Number 875, In Re: Asbestos Products Liability Litigation (No. VI) (Exhibit "D"). On April 19, 2001, plaintiff served the Notice of Opposition to Conditional Transfer Order (Exhibit "E").

## Preliminary Statement

Plaintiff alleges that the decedent and Michael Buckley both were employed by Metro-North and worked in Grand Central Terminal in New York City. In 1995, Mr. Buckley was a plaintiff for a test case for a novel FELA claim, the alleged negligent infliction of emotional distress caused by his alleged exposure to asbestos. Mr. Buckley claimed exposure to asbestos while in the employ of the defendant from June 1985 to early September 1987 in the matter of Michael Buckley v. Metro-North Railroad, 1995 WL 110380 (S.D.N.Y. 1995), vacated, 79 F.3d 1337 (2d Cir. 1996), cert. granted, 519 U.S. 958 (1996), rev'd, 521 U.S. 424 (1997). In Buckley, defendant Metro-North asserted that the plaintiff's claim for emotional distress did not amount to a "physical impact" to allow recovery for emotional distress under the FELA. Litigation as to the issue of negligence was not necessary to support a valid and final judgment on the merits, therefore defendant Metro-North stipulated as to liability, asserting that the plaintiff could not prove that he had a sufficient injury due to his alleged exposure in order to state a claim under the FELA. At the close of plaintiff's case, defendant's motion for a directed verdict on this issue was granted. Id. Upon plaintiff's appeal, the Second Circuit vacated and remanded. Buckley, 79 F.3d 1337 (2d Cir. 1996). On certiorari, the

Supreme Court reversed the Court of Appeals, finding that plaintiff failed to state a claim under the

FELA for negligent infliction of emotional distress. Buckley, 521 U.S. 424, 117 S.Ct. 2113 (1997).

In the case at bar, plaintiff's motion is based on a fundamentally incomplete and incorrect

factual recital of the Buckley case. In Buckley, defendant Metro-North conceded negligence because

the plaintiff failed to state a claim under the FELA because he had no cognizable injury.[2] In fact,

because Metro-North had conceded negligence, only the issues of causation and damages were

placed before the jury. At the close of plaintiff's evidence, the Court granted Metro-North's motion

for a directed verdict and dismissed the case.

Plaintiff herein has set forth no admissible evidence to support the application of the

collateral estoppel doctrine. Plaintiff's arguments for the offensive application of the doctrine are

both misguided and meritless since the defendant stipulated to liability. Further, Metro-North never

put its liability case before the Court and therefore, it did not have a "full and fair" opportunity to

litigate its claims. In addition, a finding of negligence was not necessary to support a valid and final

judgement on the merits since the Supreme Court held the plaintiff failed to state an injury under the

FELA.

## ARGUMENT

### I.     There Is No Basis To Carve Out An Exception
### To The MDL Order For This Asbestos Litigation

#### Standard for Transfer

On July 29, 1991, the Judicial Panel on Multidistrict Litigation held that pursuant to 28

---

[2] In particular, defendant Metro-North conceded negligence for the discrete period June of 1985 to early September of 1987. However, in the case at bar, plaintiff asserts that the decedent developed kidney cancer from his alleged negligent exposure to asbestos, lead and diesel fumes  while in the employ of the defendant from 1984 to 2000.

U.S.C. § 1407 (governing the transfer of multidistrict cases), actions involving allegations of personal injury or wrongful death caused by asbestos would be transferred to the Eastern District of Pennsylvania for pretrial proceedings, considering that common questions of fact would best serve convenience of the parties and witnesses and promote the just and efficient conduct of asbestos litigation. In re: Asbestos Products Liability Litigation, 771 F.Supp. 415 (MDL No. 875, 1991). The presence of unique or additional claims not relating to an asbestos injury and/or the opposition by the parties to the transfer of an action are not the basis for denial of a transfer to the MDL Panel. In re: Asbestos Products Liability litigation (No. VI), 1996 WL 143826, *1 (MDL No. 875, 1996).

### A. The Doctrine of Collateral Estoppel Is Inapplicable in the Present Action

An issue may not be precluded by collateral estoppel unless the plaintiff satisfies the following four-part test:

(1) the issues in both proceedings are identical;

(2) the issue in the prior proceeding was actually litigated and actually decided;

(3) there was full and fair opportunity to litigate in the prior proceeding; and

(4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

Raytech Corporation v. Official Committee of Unsecured Creditors of Raytech Corporation, 217 B.R. 679 (D.Conn. 1998), citing, Liona Corporation, Inc. v. PCH Associates (In re PCH Associates), 949 F.2d 585, 593 (2d Cir.1991); Hirschfeld v. Spanakos, 104 F.3d 16, 19 (2d Cir.1997). The party seeking the benefit of collateral estoppel bears the burden of establishing the necessary elements. Dowling v. United States, 493 U.S. 342, 350, 110 S.Ct. 668, 673 (1990).

Plaintiff in the case at bar fails to set forth any admissible evidence that would satisfy the

necessary elements of the standard. In fact, in <u>Buckley v. Metro-North</u> no judgment was entered against the defendant. Therefore, plaintiff's assertions for the application of the doctrine are both misguided and baseless. In addition, reliance on <u>In Re: Air Crash Disaster at Pago, American Samoa</u>, 394 F. Supp. 799 (MDL 176, 1975), and <u>In Re: Air Crash Disaster at Tenerife, Canary Islands</u>, 461 F. Supp. 671 (MDL 306, 1978) is inappropriate since neither case dealt with the issue of collateral estoppel. Further, in <u>In Re: Air Crash Disaster at Pago Pago, American Samoa</u>, both parties had participated in discovery in the District Court and entered into a stipulation conceding liability so that the court could retain jurisdiction of the action. Clearly, that is not the case here.

### 1. The Issues in the Present Case Are Not Identical to <u>Buckley v. Metro-North</u>

Plaintiff's argument fails to satisfy the first part of the test to the extent that the issues relating to negligence in <u>Buckley v. Metro-North</u> are clearly distinguishable from the present case. A primary distinction is that plaintiff asserts that decedent was exposed to asbestos, diesel fumes and lead from **1983 to 2000** while employed by Metro-North as both a painter and an ironworker which allegedly resulted in his developing kidney cancer, first diagnosed in 1999. However, Mr. Buckley only asserted a claim for negligent infliction of emotional distress under the FELA for his alleged exposure to asbestos while working as a pipefitter. In <u>Buckley</u>, Metro-North stipulated to negligence for only the period of **June of 1985 to early September of 1987**, solely because Mr. Buckley failed to allege a cognizable injury under the FELA. No determination was made by the Court as to defendant Metro-North's negligence, and the different time period of alleged exposure and pertinent facts relating to the alleged claims in Buckley and Szewczyk sufficiently distinguish the issues and renders the doctrine inapplicable in the present case.

2.    **Issues Relating to Defendant Metro-north's Alleged Negligence Were Never Actually Litigated or Actually Decided Nor Was There a Full and Fair Opportunity to Litigate in the Prior Proceeding.**

"One general limitation the Court has repeatedly recognized is that the concept of collateral estoppel cannot apply when the party against whom it is asserted did not have  a full and fair opportunity to litigate that issue in the earlier case". Allen v. McCurry, 449 U.S. 90, 95, 1010 S.Ct. 411 (1980).  In cases where the defendant agrees not to contest liability, as in the Buckley case, "there was no determination by the jury or the judge on the issue of liability" and defendant did not have a "full and fair" opportunity to litigate its claims.  Bonner v.  National Railroad Passenger Corporation, 1987 WL 9041 (D.D.C. 1987).  In Buckley, Metro-North stipulated to negligence for a discrete period of time with the understanding that plaintiff had no cognizable claim under the FELA for the negligent infliction of emotional distress.  No determination was ever made by either the judge or the jury in Buckley as to negligence since it was ancillary to the primary issue of plaintiff's claim for negligent infliction of emotional distress.  Therefore, the issue of negligence was never fully litigated or decided in Buckley.

3.    **The Issue of Negligence Was Not Necessary to Support a Valid and Final Judgment on the Merits.**

Assuming, arguendo, that defendant had fully litigated the issue of negligence and that issue was conclusively decided by the judge or the jury, the issue of negligence was not necessary to support a valid final judgment on the merits of plaintiff's claim for negligent infliction of emotional distress in Buckley.  Collateral estoppel bars a party from raising an issue of law or fact in a second suit that the party had a "full and fair opportunity to litigate ... in [a] prior proceeding" and where "the decision of the issue was necessary to support a valid and final judgment on the merits" in the first

action.  National Labor Relations Board v. Thalbo Corporation, 171 F.3d 102, 109 (2nd Cir. 1999);

Metromedia Co. v. Fugazy, 983 F.2d 350, 365 (2d Cir.1992).  In the present case, the issue of

negligence was not necessary in the Supreme Court's determination in Buckley since the plaintiff

failed to state a claim under the FELA.  Findings of negligence would have been superfluous because

Mr.  Buckley did not set forth a sufficient physical impact to recover under the FELA.

### 4. The Offensive Application of the Collateral Estoppel Doctrine Would Be Inequitable in the Present Case.

"Even if all of the elements of collateral estoppel are satisfied, the Court may exercise its

discretion not to apply the doctrine offensively if that result is supported by equitable

considerations".  Raytech, 217 B.R.at 692.  The doctrine is primarily designed to enhance judicial

efficiency by preventing relitigation of issues already decided.  See, Parklane Hosiery v. Shore, 439

U.S. 322, 326, 99 S.Ct. 645, 650 (1979).  However, where countervailing considerations outweigh

judicial efficiency, collateral estoppel does not apply.  See, Lytle v. Household Mfg. Inc., 494 U.S.

545, 553-54, 110 S.Ct. 1331, 1337 (1990) (concern about judicial economy is insufficient to

circumvent the right to trial by jury).  The offensive use of the doctrine has often been criticized for

its potential unfairness to defendants and courts are cautioned to take into account "whether other

special circumstances warrant an exception to the normal rules of preclusion".  Raytech, 217 B.R.

686, citing Parklane Hosiery v. Shore, 439 U.S. at 326; Montana v.  United States, 440 U.S. 147,

99 S.Ct.  970 (1979).

Assuming that plaintiff could satisfy each of the elements for the application of collateral

estoppel, the application of the doctrine would yield an inequitable result for the defendant.  Plaintiff

asserts the decedent was exposed to asbestos throughout the course of his employment rather than

the discrete period in which defendant conceded negligence in <u>Buckley</u>, June 1985 to early September 1987.  In addition, plaintiff claims that the alleged exposure resulted in his developing kidney cancer which was diagnosed in late December 1999, whereas Mr. Buckley served only as a test plaintiff for workers alleging negligent infliction of emotional distress.  Plaintiff's assertion that the doctrine of collateral estoppel would eliminate the need for pre-trial discovery would yield an inequitable result and be highly prejudicial to Metro-North.

**B.      Defendants Must Be Afforded the Opportunity to Engage in Discovery Related to the Decedents Alleged Asbestos Exposure.**

In <u>Buckley</u>, defendant Metro-North participated in discovery and prepared its defense based upon Mr. Buckley's injury claims.  However, Metro-North's defense relating to Mr Szewczyk's exposure involves different periods of exposure, different products, job responsibilities and different injuries.  In addition, plaintiff cannot seriously assert that discovery is already complete at the commencement of this litigation because the discovery that needs to be conducted in the present case varies greatly from that in <u>Buckley</u>.

**C.      Regardless of Plaintiff's Additional Allegations of Exposure to Substances Other than Asbestos, This Case Is Appropriate for MDL-875.**

The presence of unique or additional claims not relating to an asbestos injury and/or the opposition by the parties to the transfer should be rejected as a basis to deny transfer. <u>In re: Asbestos Products Liability Litigation (No. VI)</u>, 1996 WL 143826, *1 (MDL No. 875, 1996).  Plaintiff's attempts to carve out an exception to the transfer by asserting that the exposure to other toxic substances in conjunction with asbestos are unpersuasive.  The cases in this extraordinary docket frequently deal with claims of exposure to toxic substances other than asbestos.

**D.      <u>Transfer of this Action Would Not Result in Any Inconvenience of the Parties.</u>**

As noted by the Judicial Panel on Multidistrict Litigation <u>In re: Asbestos Products Liability</u>

<u>Litigation</u>, 771 F.Supp. 415 (MDL-875, July 29, 1991), "since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate need for most counsel to ever travel to the transferee district." <u>Id.</u> at 421. The Panel further noted that the use of Multidistrict Litigation for asbestos cases is necessary to effectuate an overall savings of cost and a reduction of inconvenience to all concerned while reducing attorney's fees. <u>Id.</u> Plaintiff's assertions that the transfer of this matter would result in an inconvenience is unfounded. In addition, plaintiff's reliance on <u>In Re: Richardson-Merrell</u> <u>"Bendectin" Products Liability Litigation</u>, 582 F.Supp. 890 (MDL-486, 1984), is clearly distinguishable from the present case since not only had discovery had been completed in the transferee district, but the trial judge had scheduled a trial on liability issues. In the present case, no discovery has taken place and plaintiff only recently commenced the action.

**WHEREFORE**, defendant Metro-North respectfully requests that the Panel deny plaintiff's motion and leave in place the conditional transfer order of this asbestos case.


Dated: New York, New York
      May 16, 2001

                              Respectfully submitted,

                              LANDMAN CORSI BALLAINE & FORD P.C.


                              By: _Philip J. DiBerardino_____
                                  Philip J. DiBerardino (PD-9274)
                                  Attorneys for Defendant
                                  Metro-North Commuter Railroad
                                  120 Broadway, 27th Floor
                                  New York, New York 10271-0079
                                  (212) 238-4800

TO:    Charles C. Goetsch, Esq.
          CAHILL & GOETSCH, P.C.
          Attorneys for Plaintiff
          43 Trumbull Street
          New Haven, Connecticut 06511
          (203) 777-1000

          Attached Panel Service List

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 1 7 2001

FILED
CLERK'S OFFICE

## <u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK  )

     **EUGENIA CARLISLE**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Bronx, NEW YORK.

     That on the 16th day of May 2001, deponent served the within **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

upon

## SEE SERVICE LIST

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Eugenia Carlisle

Sworn to before me this
16th  day of May 2001

_____
Notary

**CARLOS MONTILLA**
**Notary Public, State of New York**
**No. 01MO6032291**
**Qualified in Nassau County**
**Commission Expires October 25, 2001**

# DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Charles C. Goetsch
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 17 2001

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)
-------------------------------------------------------------------X
JULITA SZEWCZYK, as Administratrix of the Estate of
JAN SZEWCZYK,

                Plaintiff,

      - against -

METRO-NORTH RAILROAD COMPANY,

                Defendant.
-------------------------------------------------------------------X

**DECLARATION OF**
**PHILIP J. DIBERARDINO**

Conditional Transfer Order (CTO-
194)

Civil Action
No. 01 Civ. 0199 (WK)

      **Philip J. DiBerardino** hereby declares, pursuant to 28 U.S.C. § 1746, the following:

      1.      I am associated with the firm of Landman Corsi Ballaine & Ford P.C., attorneys

defendants in the above-captioned action, as such, and from a review of my file, I am familiar with

the facts and circumstances of this action.

      2.      This declaration and accompanying Memorandum of Law are respectfully submitted

in support of opposition to plaintiff's motion to vacate the Panel's conditional transfer order.

      3      Annexed hereto as exhibits in support of the defendant's opposition are true copies

of the following documents:

| | | |
|---|---|---|
| Exhibit "A" | - | Plaintiffs' Amended Summons and Complaint, dated February 15, 2001; |
| Exhibit "B" | - | Defendant's Answer, dated February 28, 2001; |
| Exhibit "C" | - | Notice of Potential Tag-Along Action to MDL-875, dated March 7, 2001; |
| Exhibit "D" | - | Conditional Transfer Order (CTO-194), filed March 27, 2001; |
| Exhibit "E" | - | Notice of Opposition to Conditional Transfer Order. |

297373.1 DocsNY

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 16, 2001.

_Philip J. DiBerardino_
Philip J. DiBerardino (PD-9274)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY   7 2001

FILED
CLERK'S OFFICE

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X

Julita Szewczyk, as Administratrix of the
Estate of Jan Szewczyk                                    Civil Action
                                                         No. 01 Civ. 0199 (WK)
    Plaintiff


VS.

Metro-North Railroad Company

    Defendant
_____X


## AMENDED COMPLAINT

## NATURE OF THE ACTION

1.  The plaintiff brings this action against the defendant Railroads under the Federal Employers' Liability Act, 45 U.S.C. Section 51 (FELA), for personal injuries suffered by her decedent while in the course of his railroad employment.


## JURISDICTION

2.  This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. Section 56. Venue properly lies in this Court pursuant to 45 U.S.C. Section 56 and 28 U.S.C. Section 1391.

## PARTIES

3.  The plaintiff Julita Szewczyk is of Flushing, New York.  She is the wife of the late Jan Szewczyk and the administratrix of his Estate.

4.  The defendant Metro-North Railroad Company, also or formerly known as Metro-North Commuter Railroad (hereafter "Metro-North" or "Railroad"), is a railroad corporation duly established by law, having a usual place of business in New York, New York.  During the relevant time period the defendant Metro-North was a common carrier engaged in the business of interstate commerce, and as such, operated a railroad in such business between, *inter alia*,  New York, New York, and New Haven, Connecticut.

## FACTS

5.  At the times the plaintiff's decedent received the injuries complained of, he was employed by the defendant Railroad as a painter and ironworker.

6.  At the times the plaintiff's decedent received the exposures and injuries complained of, the defendant Railroad was engaged in interstate commerce and the plaintiff was employed in furtherance of said commerce.

7.  The plaintiff's decedent Jan Szewczyk was employed as a painter by Metro-North from 1983 to 1984 and as an ironworker by Metro-North from 1984 to 2000.  During that time, he was assigned to work on or about the facilities of the Railroad, including but not limited to Grand Central Terminal and the 125th Street Station in New York, New York.  The buildings, tunnels, pipes, wires, rooms, ceilings, walls, plants, and all other structures and materials appurtenant to such facilities were owned or operated or controlled or maintained by the defendant Railroad.

2

8.  By no later than the mid-1980s the defendant Railroad had actual or constructive notice of the risk that exposure to hazardous substances or chemicals such as asbestos, diesel exhaust fumes, and lead posed to the health and welfare of its employees such as the plaintiff's decedent.

## AS AND FOR A FIRST CAUSE OF ACTION UNDER THE FELA

9.  The plaintiff adopts by reference and realleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint with the same force and effect as if set forth under this cause of action.

10.  The defendant Metro-North owed a duty to the plaintiff's decedent under the FELA to provide him with a reasonably safe place to work and to furnish him with suitable tools, appliances, equipment, premises, assistance, training, and procedures.

11.  The defendant Metro-North owed a duty to the plaintiff's decedent to provide him with a workplace reasonably safe from exposure to foreseeable conditions that it knew or should have known pose a risk of occupational injury or disease, and Metro-North had a duty to take steps to eliminate or minimize such risks of occupational injury or disease in the plaintiff's workplace.

12.  The injuries of the plaintiff's decedent were caused in whole or in part by the negligence of the employees, agents, officers, and/or representatives of the defendant Metro-North in failing to provide him with a reasonably safe place to work---including suitable tools, appliances, equipment, premises, assistance, training, and procedures---and in failing to eliminate or minimize foreseeable conditions that pose a risk of occupational injury or disease. The defendant railroad negligently: failed to warn or instruct the plaintiff's decedent regarding

3

the dangers involved in exposure to hazardous substances or chemicals such as asbestos, diesel exhaust fumes, and lead; failed to protect the plaintiff's decedent from exposure to the hazards of such substances while working on or about Metro-North facilities; failed to provide the plaintiff's decedent with adequate protective equipment for such substances or training as to how to use such equipment; failed to discontinue the exposure of the plaintiff's decedent to such substances despite the fact the defendant knew or should have known that exposure to such substances present a scientifically recognized causal connection to cancer.

13. The injuries of the plaintiff's decedent were caused in whole or in part by the defendant Metro-North's  failure to comply with its statutory duty under New York's Right To Know Law, NY Labor Law Section 875 *et seq*, to disclose to the plaintiff's decedent the nature of the hazardous substances and chemicals he was being exposed to on the job and to give him notice of the known and suspected health hazards associated with such exposure.

14. As a result of the negligence of the defendant Metro-North, the plaintiff's decedent developed kidney cancer that spread to various parts of his body, requiring extensive procedures, surgeries, and treatments.

15. The decedent Jan Szewczyk died on January 13, 2001 as a result of the cancer caused by the defendant Railroad's negligence and failure to provide him with a reasonably safe place to work. That cancer was first diagnosed in late 1999.

16. As a result of his injuries, the plaintiff's decedent suffered: lost earnings; expenses for medical services; physical pain and suffering; and mental anguish, including loss of normal function, enjoyment of life, and life expectancy.  Also as a result of the defendant Railroad's negligence, the plaintiff decedent's wife has suffered and will suffer the loss of: the financial contributions and support which the decedent would reasonably be expected to have given her

4

had he lived, and the pecuniary value of the services which the decedent would reasonably be expected to have provided for her had he lived.

WHEREFORE, in order to fairly and justly compensate the negligently injured plaintiff and thereby promote safe operating conditions on the defendant Railroad, the plaintiff demands a jury verdict and judgment against the defendant Railroad in the amount of Ten Million Dollars ($10,000,000), in addition to any further relief which the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Date: 2/15/01                                        FOR THE PLAINTIFF,

BY _____
                                                    Charles C. Goetsch
                                                    CAHILL & GOETSCH, P.C.
                                                    43 Trumbull Street
                                                    New Haven, Connecticut  06511
                                                    (203) 777-1000
                                                    [CG9082]

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
JULITA SZEWCZYK, as Administratrix of
the Estate of JAN SZEWCZYK,

          Plaintiff,

   - against -

METRO-NORTH RAILROAD COMPANY,

          Defendant.
------------------------------------X

ANSWER TO
AMENDED COMPLAINT

Civil Action
No. 01 Civ. 0199 (WK)

     Defendant METRO-NORTH COMMUTER RAILROAD s/h/a METRO-NORTH RAILROAD COMPANY ("Metro-North"), by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Amended Complaint herein as follows:

<u>**NATURE OF THE ACTION**</u>

     FIRST:  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Amended Complaint.

<u>**JURISDICTION**</u>

     SECOND:  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Amended Complaint and refers all matters of law to the Court.

<u>**PARTIES**</u>

     THIRD:    Defendant denies knowledge or information sufficient

290418.1 DocsNY

to form a belief as to the truth of the allegations contained in paragraph "3" of the Amended Complaint.

FOURTH:  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint, except admits that defendant Metro-North Commuter Railroad is a public authority corporation duly established by law, having a usual place of business in New York, New York. During the relevant time period the defendant was a common carrier operating a railroad between New York, New York and New Haven, Connecticut.

### FACTS

FIFTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint.

SIXTH:    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint.

SEVENTH:  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint.

EIGHTH:   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

## FIRST CAUSE OF ACTION UNDER THE FELA

NINTH: With respect to the allegations contained in paragraph "9" of the Amended Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "FIRST" through "EIGHTH" of this Answer with the same force and effect as if fully set forth at length herein.

TENTH:   Defendant denies knowledge or information sufficient to form a belief as to the truth the allegations contained in paragraph "10" of the Amended Complaint and refers all matters of law to the Court.

ELEVENTH: Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Amended Complaint and refers all matters of law to the Court.

TWELFTH: Defendant denies the truth of each and every allegation contained in paragraph "12" of the Amended Complaint.

THIRTEENTH:   Defendant denies the truth of each and every allegation contained in paragraph "13" of the Amended Complaint.

FOURTEENTH:   Defendant denies the truth of each and every allegation contained in paragraph "14" of the Amended Complaint.

FIFTEENTH:   Defendant denies the truth of each and every allegation contained in paragraph "15" of the Amended Complaint.

SIXTEENTH:   Defendant denies the truth of each and every

allegation contained in paragraph "16" of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

SEVENTEENTH:  Any injuries suffered by decedent were caused solely by his own negligence and not by any negligence cf the defendant Metro-North Commuter Railroad.

## SECOND AFFIRMATIVE DEFENSE

EIGHTEENTH:  Any injuries suffered by decedent were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of decedent's injuries attributable to his own negligence.

## THIRD AFFIRMATIVE DEFENSE

NINETEENTH: Any injuries suffered by decedent were not caused by a negligent act or omission of defendant Metro-North Commuter Railroad or any individual acting under its direction or control.

## FOURTH AFFIRMATIVE DEFENSE

TWENTIETH: The Amended Complaint and each and every allegation considered separately fail to state a cause of action against defendant Metro-North Commuter Railroad upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: Plaintiff's action is barred by the BOILER INSPECTION ACT, the LOCOMOTIVE INSPECTION ACT and/or the FEDERAL SAFETY APPLIANCE ACT, aka "The Doctrine of Federal Pre-emption".

## SIXTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: Plaintiff's action is barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: Decedent failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH: If plaintiff should prove that decedent sustained injuries and damages as alleged, such injuries and damages resulted from acts and/or omissions on the part of third parties over whom defendant Metro-North Commuter Railroad had neither control nor right of control.

## NINTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH: Plaintiff's claims are barred because of plaintiff's failure to join necessary and indispensable parties.

## TENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH: Upon information and belief, defendant Metro-North Commuter Railroad complied with all safety rules and regulations in effect at the relevant times and acted reasonably in all of its activities.

## ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH: Decedent contributed to his illness and/or injuries, in whole or in part, by the use of other substances,

products, drugs or medications.

## TWELFTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: This action has not been maintained in a timely fashion, and plaintiff has neglected the same and should be barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH: While defendant Metro-North Commuter Railroad denies the allegations of plaintiff with respect to liability, injury and damages, to the extent to which plaintiff may be able to prove the same, they were the result of intervening and/or interceding acts of superseding negligence on the part of third parties over whom defendant Metro-North Commuter Railroad had neither control nor right of control.

## FOURTEENTH AFFIRMATIVE DEFENSE

THIRTIETH:    While denying plaintiff's allegations with respect to liability, to the extent that negligence or improper conduct maybe proved, the acts of defendant Metro-North Commuter Railroad are not a legal cause of any injuries to plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:    At all times during the conduct of their corporate operations, the agents, servants and/or employees of Metro-North Commuter Railroad complied with all applicable law, regulations, standards and the available knowledge and technology

of the medical, scientific and industrial communities.

## SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: Metro-North Commuter Railroad reserves the right to amend this pleading to assert additional defenses upon discovery of the specific facts upon which plaintiff bases her claims for relief, and upon completion of further discovery.

**WHEREFORE**, defendant Metro-North Commuter Railroad demands judgment dismissing the Amended Complaint herein, together with its costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated:     New York, New York
           February 28, 2001

                         Respectfully submitted,

                         LANDMAN CORSI BALLAINE & FORD P.C.

                         By: *Philip D. Berardino*
                         _____
                             Philip J. DiBerardino (PD-9274)
                             Attorneys for Defendant
                             Metro-North Commuter Railroad
                             120 Broadway, 27th Floor
                             New York, New York 10271-0079
                             (212) 238-4800

TO:   Charles C. Goetsch, Esq.
      CAHILL & GOETSCH, P.C.
      Attorneys for Plaintiff
      43 Trumbull Street
      New Haven, Connecticut 06511
      (203) 777-1000

290418.1 DocsNY                    7

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                          ) ss.:
COUNTY OF NEW YORK  )

      Eugenia Carlisle being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Bronx, NEW YORK.

      That on the 1ST day of March 2001, deponent served the within **ANSWER TO AMENDED COMPLAINT**
upon

> Charles C. Goetsch, Esq.
> CAHILL & GOETSCH, P.C.
> Attorneys for Plaintiff
> 43 Trumbull Street
> New Haven, Connecticut 06511
> (203) 777-1000

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                      _____
                                      Eugenia Carlisle

Sworn to before me this
1ST day of March 2001

_____
        Notary

CARLOS MONTILLA
Notary Public, State of New York
No. 01MO6032291
Qualified in Nassau County
Commission Expires October 25, 2001

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JULITA SZEWCZYK, as Administratrix of the Estate
of JAN SZEWCZYK,

**NOTICE OF POTENTIAL
"TAG-ALONG" ACTION**

             Plaintiff,

01 Civ. 0199 (WK)

  - against -

METRO-NORTH RAILROAD COMPANY,

            Defendant.
--------------------------------------------------------------------X


      Pursuant to Rule 13(a) of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, defendant Metro-North Commuter Railroad, through its attorneys

Landman Corsi Ballaine & Ford P.C., hereby notifies you that the pending above-

referenced case from the United States District Court for the Southern District of New York,

listed above, is a potential "tag-along" action to the cases transferred by the Panel's Order

and Opinion of July 29, 1991 to the Eastern District of Pennsylvania and assigned to the

Hon. Charles R. Weiner, as MDL No. 875.

      A copy of the United States District Court for the Southern District of New York's

docket sheet in this matter is attached hereto.


                  Respectfully submitted,

                  LANDMAN CORSI BALLAINE & FORD P.C.

        By: _____
                  Philip J. DiBerardino (PD-9274)
                  Attorneys for Defendant
                  Metro-North Commuter Railroad
                  120 Broadway, 27th Floor
                  New York, New York 10271-0079
                  (212) 238-4800

TO:    Mr. Michael J. Beck
        Clerk of the Panel
        Judicial Panel of Multidistrict Litigation
        Federal Judiciary Building
        One Columbus Circle, N.E.
        Room G255
        Washington, D.C.  20002

        Charles C. Goetsch, Esq.
        CAHILL & GOETSCH, P.C.
        Attorneys for Plaintiff
        43 Trumbull Street
        New Haven, Connecticut 06511
        (203) 777-1000

```
                    U.S. District Court
    Southern District of New York - Civil Database (Foley Square)

              CIVIL DOCKET FOR CASE #: 01-CV-199
```

Szewczyk, et al v. Metro-North Railroad            Filed: 01/10/01
Assigned to: Judge Whitman Knapp        Jury demand: Plaintiff
Demand: $10,000,000                     Nature of Suit:  330
Lead Docket: None                       Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 45:51 Railways: Fed. Employer's Liability Act


JAN SZEWCZYK                        Charles C. Goetsch
      plaintiff                      [term  02/22/01]
  [term  02/22/01]                  [COR LD NTC]
                                    Cahill & Goetsch, P.C.
                                    43 Trumbull Street
                                    New Haven, CT 06511
                                    (203) 777-1000



    v.


METRO-NORTH RAILROAD COMPANY
      defendant


========================

JULITA SZEWCZYK, as                 Charles C. Goetsch
Administratrix of the Estate        [COR LD NTC]
of Jan Szewczyk                     Cahill & Goetsch, P.C.
      plaintiff                     43 Trumbull Street
                                    New Haven, CT 06511
                                    (203) 777-1000


Docket as of March 6, 2001 2:51 pm              Page 1

Proceedings include all events.
1:01cv199 Szewczyk, et al v. Metro-North Railroad

| | | |
|---|---|---|
| 1/10/01 | 1 | COMPLAINT filed. Summons issued and Notice pursuant to 28 U.S.C. 636(c).  FILING FEE $ 150.00  RECEIPT # 393967. (bm) |
| 1/10/01 | -- | Magistrate Judge Frank Maas is so Designated. (bm) |
| 1/17/01 | 2 | RETURN OF SERVICE executed as to Metro-North Railroad by Linda Montanino on 1/10/01. Answer due on 1/30/01 for Metro-North Railroad. (kw) [Entry date 01/18/01] |
| 2/22/01 | 3 | AMENDED COMPLAINT (Answer due 3/7/01 for Metro-North Railroad ) amending [1-1] complaint to add Julita Szewczyk as plaintiff. (kw) [Entry date 02/23/01] |

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                      ) ss.:
COUNTY OF NEW YORK    )

Eugenia Carlisle being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Bronx, NEW YORK.

That on the 7th day of March 2001, deponent served the within **NOTICE OF POTENTIAL "TAG-ALONG" ACTION** upon

> Mr. Michael J. Beck
> Clerk of the Panel
> Judicial Panel of Multi district
> Litigation
> Federal Judiciary Bldg.
> One Columbus Circle, N.E.
> Room G255
> Washington, D.C. 20002
>
> Charles C. Goetsch, Esq.
> CAHILL & GOETSCH, P.C.
> Attorneys for Plaintiff
> 43 Trumbull Street
> New Haven, Connecticut 06511
> (203) 777-1000

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

Eugenia Carlisle

Sworn to before me this
7th day of March 2001

Notary

CARLOS MONTILLA
Notary Public, State of New York
No. 01MO6032291
Qualified in Nassau County
Commission Expires October 25, 2001

Index No. 01 Civ. 0199/WK        Year

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULITA SZEWCZYK, as Administratrix of the Estate of
JAN SZEWCZYK,

Plaintiff,

v.

METRO-NORTH RAILROAD COMPANY,

Defendant.

NOTICE OF POTENTIAL "TAG-ALONG" ACTION

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for   Defendant
Office and Post Office Address, Telephone
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

.........................................................

Attorney(s) for

1500 - Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for
Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on
at          M.

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.
Attorneys for
Office and Post Office Address
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

> JUDICIAL PANEL ON
> MULTIDISTRICT LITIGATION
> FILED
>
> Mar. 27, 2001
>
> MICHAEL J. BECK
> CLERK OF THE PANEL

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-194)

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 67,634 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459, 468-69 (2000), the actions on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415, as corrected on October 1, 1991, October 18, 1991, November 22, 1991, December 9, 1991, January 16, 1992, and March 5, 1992, and with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

IMAGED  MAR 28 '01

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

Mar. 27, 2001

MICHAEL J. BECK
CLERK OF THE PANEL

# SCHEDULE CTO--194 — TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT DIV CIVIL ACTION# | | | DISTRICT DIV CIVIL ACTION# | | | DISTRICT DIV CIVIL ACTION# | | |
|---|---|---|---|---|---|---|---|---|
| **ARIZONA** | | | VAE | 2 | 01-4240 | VAE | 2 | 01-4296 |
| AZ | 4 | 01-99 | VAE | 2 | 01-4241 | VAE | 2 | 01-4297 |
| | | | VAE | 2 | 01-4242 | VAE | 2 | 01-4298 |
| **CALIFORNIA NORTHERN** | | | VAE | 2 | 01-4243 | VAE | 2 | 01-4299 |
| CAN | 3 | 01-869 | VAE | 2 | 01-4244 | VAE | 2 | 01-4300 |
| | | | VAE | 2 | 01-4245 | VAE | 2 | 01-4301 |
| **IOWA SOUTHERN** | | | VAE | 2 | 01-4246 | VAE | 2 | 01-4302 |
| IAS | 3 | 00-80235 | VAE | 2 | 01-4247 | VAE | 2 | 01-4303 |
| | | | VAE | 2 | 01-4248 | VAE | 2 | 01-4304 |
| **LOUISIANA EASTERN** | | | VAE | 2 | 01-4249 | VAE | 2 | 01-4305 |
| LAE | 2 | 01-557 | VAE | 2 | 01-4250 | VAE | 2 | 01-4306 |
| LAE | 2 | 01-586 | VAE | 2 | 01-4251 | VAE | 2 | 01-4307 |
| | | | VAE | 2 | 01-4252 | VAE | 2 | 01-4308 |
| **MINNESOTA** | | | VAE | 2 | 01-4253 | VAE | 2 | 01-4309 |
| MN | 0 | 01-204 | VAE | 2 | 01-4254 | VAE | 2 | 01-4310 |
| MN | 0 | 01-205 | VAE | 2 | 01-4255 | VAE | 2 | 01-4311 |
| | | | VAE | 2 | 01-4256 | VAE | 2 | 01-4312 |
| **MISSISSIPPI SOUTHERN** | | | VAE | 2 | 01-4257 | VAE | 2 | 01-4313 |
| MSS | 1 | 82-290 | VAE | 2 | 01-4258 | VAE | 2 | 01-4314 |
| | | | VAE | 2 | 01-4259 | VAE | 2 | 01-4315 |
| **NORTH CAROLINA MIDDLE** | | | VAE | 2 | 01-4260 | VAE | 2 | 01-4316 |
| NCM | 1 | 01-249 | VAE | 2 | 01-4261 | VAE | 2 | 01-4317 |
| NCM | 1 | 01-260 | VAE | 2 | 01-4262 | VAE | 2 | 01-4318 |
| | | | VAE | 2 | 01-4263 | VAE | 2 | 01-4319 |
| **NORTH CAROLINA WESTERN** | | | VAE | 2 | 01-4264 | VAE | 2 | 01-4320 |
| NCW | 1 | 01-44 | VAE | 2 | 01-4265 | VAE | 2 | 01-4321 |
| NCW | 5 | 01-38 | VAE | 2 | 01-4266 | VAE | 2 | 01-4322 |
| | | | VAE | 2 | 01-4267 | VAE | 2 | 01-4323 |
| **NEW YORK SOUTHERN** | | | VAE | 2 | 01-4268 | VAE | 2 | 01-4324 |
| NYS | 1 | 01-199 | VAE | 2 | 01-4269 | VAE | 2 | 01-4325 |
| | | | VAE | 2 | 01-4270 | VAE | 2 | 01-4326 |
| **SOUTH CAROLINA** | | | VAE | 2 | 01-4271 | VAE | 2 | 01-4327 |
| SC | 2 | 01-571 | VAE | 2 | 01-4272 | VAE | 2 | 01-4328 |
| SC | 2 | 01-572 | VAE | 2 | 01-4273 | VAE | 2 | 01-4329 |
| | | | VAE | 2 | 01-4274 | VAE | 2 | 01-4330 |
| **TEXAS SOUTHERN** | | | VAE | 2 | 01-4275 | VAE | 2 | 01-4331 |
| TXS | 4 | 01-788 | VAE | 2 | 01-4276 | VAE | 2 | 01-4332 |
| | | | VAE | 2 | 01-4277 | VAE | 2 | 01-4333 |
| **VIRGINIA EASTERN** | | | VAE | 2 | 01-4278 | VAE | 2 | 01-4334 |
| VAE | 2 | 01-4223 | VAE | 2 | 01-4279 | VAE | 2 | 01-4335 |
| VAE | 2 | 01-4224 | VAE | 2 | 01-4280 | VAE | 2 | 01-4336 |
| VAE | 2 | 01-4225 | VAE | 2 | 01-4281 | VAE | 2 | 01-4337 |
| VAE | 2 | 01-4226 | VAE | 2 | 01-4282 | VAE | 2 | 01-4338 |
| VAE | 2 | 01-4227 | VAE | 2 | 01-4283 | VAE | 2 | 01-4339 |
| VAE | 2 | 01-4228 | VAE | 2 | 01-4284 | VAE | 2 | 01-4340 |
| VAE | 2 | 01-4229 | VAE | 2 | 01-4285 | VAE | 2 | 01-4341 |
| VAE | 2 | 01-4230 | VAE | 2 | 01-4286 | VAE | 2 | 01-4342 |
| VAE | 2 | 01-4231 | VAE | 2 | 01-4287 | VAE | 2 | 01-4343 |
| VAE | 2 | 01-4232 | VAE | 2 | 01-4288 | VAE | 2 | 01-4344 |
| VAE | 2 | 01-4233 | VAE | 2 | 01-4289 | VAE | 2 | 01-4345 |
| VAE | 2 | 01-4234 | VAE | 2 | 01-4290 | VAE | 2 | 01-4346 |
| VAE | 2 | 01-4235 | VAE | 2 | 01-4291 | VAE | 2 | 01-4347 |
| VAE | 2 | 01-4236 | VAE | 2 | 01-4292 | VAE | 2 | 01-4348 |
| VAE | 2 | 01-4237 | VAE | 2 | 01-4293 | VAE | 2 | 01-4349 |
| VAE | 2 | 01-4238 | VAE | 2 | 01-4294 | VAE | 2 | 01-4350 |
| VAE | 2 | 01-4239 | VAE | 2 | 01-4295 | VAE | 2 | 01-4351 |

SCHEDULE CTO-194 TAG-ALONG CASES (Cont.) MDL-875

## DISTRICT DIV CIVIL ACTION#

| | | |
|---|---|---|
| VAE | 2 | 01-4352 |
| VAE | 2 | 01-4353 |
| VAE | 2 | 01-4354 |
| VAE | 2 | 01-4355 |
| VAE | 2 | 01-4356 |
| VAE | 2 | 01-4357 |
| VAE | 2 | 01-4358 |
| VAE | 2 | 01-4359 |
| VAE | 2 | 01-4360 |
| VAE | 2 | 01-4361 |
| VAE | 2 | 01-4362 |

WISCONSIN EASTERN

| | | |
|---|---|---|
| WIE | 2 | 00-1566 |
| WIE | 2 | 00-1627 |
| WIE | 2 | 00-1628 |
| WIE | 2 | 00-1629 |
| WIE | 2 | 00-1630 |
| WIE | 2 | 00-1631 |
| WIE | 2 | 00-1632 |
| WIE | 2 | 00-1633 |
| WIE | 2 | 01-68 |
| WIE | 2 | 01-69 |
| WIE | 2 | 01-70 |
| WIE | 2 | 01-71 |
| WIE | 2 | 01-72 |
| WIE | 2 | 01-73 |
| WIE | 2 | 01-74 |
| WIE | 2 | 01-75 |
| WIE | 2 | 01-76 |
| WIE | 2 | 01-77 |
| WIE | 2 | 01-78 |
| WIE | 2 | 01-79 |
| WIE | 2 | 01-101 |
| WIE | 2 | 01-102 |
| WIE | 2 | 01-103 |

*Pleadings*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————X

Julita Szewczyk, as Administratrix of the
Estate of Jan Szewczyk                               Civil Action
                                                     No. 01 Civ. 0199 (WK)
    Plaintiff                                        MDL- 875


VS.

Metro-North Railroad Company

    Defendant
————————————————X


### Notice Of Opposition To Conditional Transfer Order

Pursuant to Rule 7.4 of the Rules of the Judicial Panel On Multi-District Litigation, the

plaintiff, Julita Szewczyk, hereby gives notice that she opposes the Court's March 27, 2001 dated

Conditional Transfer Order (CTO-194).   The plaintiff intends to file a Motion to Vacate The

Conditional Transfer Order and Memorandum In Support Thereof pursuant to Rule 7.4(d).

Date: 4/10/01                              FOR THE PLAINTIFF,

                                   BY _____
                                        Charles C. Goetsch
                                        CAHILL & GOETSCH, P.C.
                                        43 Trumbull Street
                                        New Haven, Connecticut  06511
                                        (203) 777-1000
                                        [CG9082]

## Certificate of Service

This is to certify that a copy of the foregoing was sent via facsimile and mailed, first class mail, postage prepaid to:

Philip DiBerardino, Esq.
Landman Corsi Ballaine & Ford
120 Broadway - 27th Floor
NY, NY 10271

on this _10th_ day of April, 2001.

Charles C. Goetsch

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                             ) ss.:
COUNTY OF NEW YORK   )

 

**EUGENIA CARLISLE**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Bronx, NEW YORK.

That on the 16th day of May 2001, deponent served the within
**DECLARATION OF PHILIP J. DIBERARDINO**

upon

## SEE SERVICE LIST

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                        Eugenia Carlisle

Sworn to before me this
16th day of May 2001

_____
     Notary

               CARLOS MONTILLA
         Notary Public, State of New York
            No. 01MO6032291
          Qualified in Nassau County
      Commission Expires October 25, 2001

Case MDL No. 875   Document 3171   Filed 05/17/01   Page 46 of 46

# DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Charles C. Goetsch
Cahill & Goetsch, P.C.
43 Trumbull Street
New Haven, CT 06511

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406