JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 18 2001

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAY 15 2001

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD A. VAN PELT | * | |
| | * | |
| v. | * | Civil No. S 01-949 |
| | * | |
| AC and S, Inc., et al. | * | |

## ORDER OF REMAND

For the reasons stated in a Memorandum Opinion issued this date, it is, by the Court, this 15th day of May, 2001, ORDERED:

1. That plaintiffs' motion to remand BE, and it hereby IS, GRANTED;

2. That this case BE, and it hereby IS, REMANDED to the Circuit Court of Maryland for Baltimore City, with each party to pay its own attorney's fees associated with removal and remand, but with costs of removal and remand to be assessed against the removing defendants; and

3. That the Clerk send copies hereof and of the said Opinion to counsel, and a certified copy hereof to the Clerk of the said Circuit Court of Maryland for Baltimore City, and to the Clerk of the Judicial Panel on Multidistrict Litigation.

MDL- 875
RECOMMENDED ACTION
Vacate CTO-196- one action
Approved/Date: MK 5/18

Frederic N. Smalkin
U.S. District Judge

IMAGED MAY 21 '01

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 18 2001

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD A. VAN PELT      *

       v.      *   Civil No. S 01-949

AC and S, Inc., et al.      *

## MEMORANDUM OPINION

This is an asbestos product liability case originally filed in the Circuit Court for Baltimore City, Maryland, and removed to this Court on the basis of federal question jurisdiction after answers to interrogatories allegedly showed that the plaintiff's exposure to asbestos was exclusively on naval vessels of the United States and in buildings located on lands within the exclusive legislative jurisdiction of the United States. There is no complete diversity of citizenship. The plaintiff has moved to remand the case. The removing defendant has opposed remand. No further briefing or oral argument is needed. Local Rule 105.6, D.Md.

The removing defendant, first, argues that this Court may not, or, if it may, then it should not, exercise jurisdiction over the pending motion, because the case has been conditionally transferred to another district for pretrial proceedings under the rules of the Judicial Panel on Multidistrict Litigation. There is, however, an opposition to the conditional transfer order pending. Under Panel Rule 1.5, *see* 192 F.R.D. 459, 461 (2000), the transfer proceedings, in their present state, do "not in any way limit the pretrial jurisdiction of [this] court." Thus, because it is clearly in the best interests of judicial economy that the present issue be resolved in the least complex way possible, this Court will proceed to resolve the remand issue.

There is vintage Fourth Circuit authority for the proposition that the District Courts have original, concurrent jurisdiction over tort actions arising on lands within the exclusive legislative jurisdiction of the United States. *Stokes v. Adair,* 265 F.2d 662 (4th Cir. 1959). (Stokes was a case originally filed in the federal system, so there was no question of removal presented.)

In this case, it is said that the plaintiff's exposure to asbestos was of two distinct kinds. One was while he was working on a federal enclave in Suitland, Maryland. Clearly, this Court has original jurisdiction over claims arising from such exposure under *Stokes, supra.* The other exposure plaintiff is said to have received occurred while he was on United States naval vessels "either while under construction or at sea."

Although there is conflicting authority, it seems to the Court that the better rule in the case of exposure aboard naval vessels was that adopted by a district court within this Circuit, holding that there is no "federal enclave" original jurisdiction over such cases. *McCormick v. C.E. Thurston & Sons, Inc.,* 977 F.Supp. 400 (E.D.Va. 1997). This Court will follow *McCormick,* which emanates from a respected admiralty court. This Court also notes that, while under construction and before it is put in commission, a nascent naval vessel is located on land of the shipbuilder, which may or may not be within a federal enclave, but is not said in this case to have been within a federal enclave.

Because it is impossible to tell whether the plaintiff's exposure to asbestos on land at Suitland or while associated with naval vessels caused his condition, and keeping in mind that, in dubious removal cases, remand is appropriate, *see McCormick, supra,* 977 F.Supp. at 401, the Court concludes that this case should be remanded, as it is not solely a case setting forth a federal claim within this Court's section 1331 jurisdiction. Rather, this is a case under section 1441(c), where, even though there is a federal claim under *Stokes,* it is not "separate and independent," given the concurrence of

a number of alleged acts of negligence by a number of defendants, and, even if there were, there is no issue of federal decisional law presented, all substantive issues being governed by substantive state law. Thus, even assuming the propriety of removal under section 1441(c), it is perfectly obvious that "State law predominates" as to **all** issues in suit between all the parties, thus making remand appropriate, in the exercise of the Court's discretion, under section 1441(c). Of course, remand will not deprive either party of an appropriate forum, because, as the Fourth Circuit noted in *Adair, supra,* 265 F.2d at 666, any state court having personal jurisdiction over the defendant may exercise jurisdiction over a non-diversity tort claim arising on a federal enclave.

A separate order will be entered, granting the plaintiff's motion for remand, and remanding this case to the Circuit Court of Maryland for Baltimore City, with the removing defendants to pay the costs of removal, but with each party to bear its own attorney's fees in connection with removal and remand.

Dated: May 15th, 2001

Frederic N. Smalkin
U.S. District Judge

I hereby attest and certify on 5/15/01 that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By_____ Deputy

3