**MDL 875**

**JUN - 4 2001**

FILED
CLERK'S OFFICE

# LEWIS & LEWIS
## ATTORNEYS AT LAW
519 FIRST STREET
POST OFFICE DRAWER 1600
CLARKSDALE, MISSISSIPPI 38614-1600
TELEPHONE (662) 627-4477

MICHAEL T. LEWIS
PAULINE SHULER LEWIS
CHRISTOPHER E. KITTELL

TELECOPIER (662) 627-2267
INTERNET: LEWISLAW@GML.NET

June 4, 2001

REQUEST OF PLTFS. WILLIAM YOUNG, ET AL.
FOR EXTENSION OF TIME TO FILE RESPONSE
-- Granted to Pltfs. William Young, et al. TO AND
INCLUDING JUNE 11, 2001

(6/4/01 - cdm)

FACSIMILE NO. 202-502-2888
Hon. Michael J. Beck
Clerk of the Panel
Judicial Panel Multi-District Litigation
Thurgood Marshall Federal Judiciary Building
1 Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002-8004

Dear Mr. Beck:

I am one of the attorneys representing Plaintiffs in the case styled *William Young, et al. v. CCR, Inc., et al.*, Cause No. 4:00CV224⁵-P-D, in the United States District Court for the Northern District of Mississippi. On May 10, 2001, your office received the Center for Claims Resolution, Inc.'s motion to transfer and consolidate our case with MDL 875. According to the certificate of service attached to this motion, the motion was mailed to an incorrect address for our law firm. I have attached a copy of the motion to transfer for your convenience.

Because of the incorrect address, I did not receive the motion to transfer until May 21, 2001 when Defendant CCR filed a motion to stay with the United States District Court for the Northern District of Mississippi and attached as an exhibit the motion to transfer. On May 21, I called your office and spoke with Mr. Mitchell, the clerk assigned to this MDL. I explained to Mr. Mitchell that I had just received the motion and he informed me that the deadline to respond to the motion was June 6. He also stated that I could fax you a letter asking for an extension of time because of the mailing error.

However, the next day, on May 22, 2001, the Plaintiffs and Defendant CCR and other asbestos company Defendants reached a settlement agreement which is scheduled to be consummated on or before July 6, 2001.

PLEADING NO. 3185

IMAGED JUN 5 '01

**OFFICIAL FILE**

Hon. Michael J. Beck
June 4, 2001
Page 2

Last week, CCR moved the judicial panel to stay any decision on CCR's motion to transfer because of the settlement. According to Adam Chud, one of CCR's defense counsel, someone from your office contacted him and informed him that the panel would neither grant nor deny CCR's motion to stay because the panel would not rule on the motion to transfer until late July, after the settlement should be consummated. I received a telephone call from Mr. Chud this morning informing me of this conversation. After talking with Mr. Chud, I called your office and spoke with Glenda who informed me that I could fax this letter asking for additional time to respond to CCR's motion to transfer.

Considering the settlement agreement, which should be consummated by July 6, 2001, and your office's indication that the panel would not rule on the motion to transfer until late July, I would appreciate you extending me the courtesy of extending the Plaintiffs' deadline to respond to CCR's motion to transfer until July 20. This will possibly avoid the Plaintiffs having to respond to a motion which is most likely moot because of the settlement and will also protect the Plaintiffs' right to respond in the unfortunate event that the settlement is not consummated.

I appreciate your consideration of this matter and look forward to hearing from you.

                Very truly yours,

                LEWIS & LEWIS, ATTORNEYS

                CHRISTOPHER E. KITTELL

CEK/ec
Enclosure
cc:  Hon. Adam Chud
      Hon. Marcy Bryant

m:\jj\ccr\asbestos\ltr\addtional time resp.beck fax

RECEIVED
CLERK'S OFFICE

2001 MAY 10 P 4:53

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | |
| PEREZ ET AL., | |
| Plaintiffs, | |
| v. | No. C-01-1627 JCS (N.D. Cal.) |
| THE CENTER FOR CLAIMS RESOLUTION ET AL., | |
| Defendants. | |
| YOUNG ET AL., | |
| Plaintiffs, | |
| v. | No. 4:00-CV-225-P-A (N.D. Miss.) |
| THE CENTER FOR CLAIMS RESOLUTION ET AL., | |
| Defendants. | |

## MOTION OF DEFENDANT
## CENTER FOR CLAIMS RESOLUTION, INC. TO
## TRANSFER AND CONSOLIDATE WITH MDL 875

- 2 -

Pursuant to 28 U.S.C. §1407, defendant Center for Claims Resolution, Inc. ("CCR") moves the Panel to transfer the above-captioned actions, presently pending in the United States District Court for the Northern District of California and the United States District Court for the Northern District of Mississippi, to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings as part of MDL 875. The grounds for this motion are as follows:

1. These cases involve yet additional lawsuits arising from the failure of certain asbestos defendants that were members of the CCR to pay their shares under settlement agreements that the CCR negotiated on their behalf. Motions to transfer similar cases to Judge Weiner are already pending before the Panel with respect to Doval et al. v. Maremont Corp., No. C-01-0540 JL (N.D. Cal.) (transfer motion filed April 5, 2001), and Lowry et al. v. Center for Claims Resolution, Inc. et al., No. 00-1454 (C.D. Ill.) (transfer motion filed April 12, 2001). The transfer issue here is essentially identical to the transfer issue raised in those other motions. For completeness, we reiterate the basic points below.

2. These cases involve issues arising from a series of settlement agreements resolving the various plaintiffs' asbestos personal injury claims against certain companies that were members of the CCR. The CCR negotiated the settlements on behalf of those member companies and duly forwarded the payments owed by the members thereunder, except that former CCR members Armstrong World Industries, Inc. ("Armstrong") and GAF Corporation ("GAF") have defaulted on all of their obligations under thousands of settlement agreements negotiated by the CCR and thus has failed to pay their shares of the settlements here. Plaintiffs

- 3 -

have now initiated these new lawsuits against the CCR, alleging that the CCR itself is liable for Armstrong's and GAF's unpaid settlement shares.

3. As part of his responsibilities in managing MDL No. 875, <u>Judge Weiner has already repeatedly addressed the exact same issue raised in the cases at bar</u>, namely, whether the many thousands of asbestos personal injury settlement agreements negotiated by the CCR, acting as the agent for its members, impose liability on the CCR in its personal capacity. Copies of such rulings are attached to the accompanying memorandum. Those rulings also make clear that the disputes here, as in those cases, raise issues concerning the nature of the CCR, the CCR membership agreement, the course of conduct with the plaintiffs' lawyers, the well-known agency relationship between the CCR and its member companies, and the sophistication of the plaintiffs' counsel who negotiated these settlement agreements -- all of which are precisely the kinds of matters that are properly within Judge Weiner's expertise and jurisdiction.

4. In short, precisely these issues have already arisen in other MDL 875 matters and Judge Weiner -- on whom the Panel relies to determine, at least in the first instance, whether matters should be adjudicated within the MDL docket -- has found it proper to resolve them within MDL 875.

5. It makes no difference that the present cases do not simply present garden-variety asbestos personal injury claims. As part of MDL 875, the Panel not only has transferred cases alleging individual personal injuries from exposure to asbestos, but also has repeatedly transferred (or refused to remand) lawsuits that were related to such personal injury claims, as long as it made sense for Judge Weiner to handle such matters. Such satellite litigation has included suits between traditional asbestos defendants for indemnification or contribution of

- 4 -

monies paid in personal injury actions, claims against attorneys involved in asbestos litigation, suits involving workers' compensation issues, and even more exotic claims such as antitrust, racketeering, and fraud.

WHEREFORE, and for the reasons more fully stated in the accompanying memorandum, defendant CCR respectfully moves the Panel to transfer the above-captioned cases to the Eastern District of Pennsylvania as part of MDL 875.

Respectfully submitted,

Richard M. Wyner
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036
(202) 828-2000

Counsel for Defendant Center for Claims Resolution, Inc.

May 10, 2001

## PROOF OF SERVICE

I hereby certify that copies of the foregoing Motion of Defendant the Center for Claims Resolution to Transfer and Consolidate with MDL 875 and supporting documents were served on May 10, 2001 by first-class mail on all counsel listed on the attached Panel Service List, as well as upon the following persons:

Clerk of the Court
United States District Court
Northern District of California
U.S. Courthouse
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, CA 94102-3489

Clerk of the Court
United States District Court
Northern District of Mississippi
Post Office Drawer 726
Aberdeen, MS 39730

Dean A. Hanley
Paul & Hanley, LLP
4905 Central Ave., Ste. 200
Richmond, CA 94804

Joel J. Henderson
Henderson & Dantone
P.O. Box 778
Greenville, MS 38702-0778

Michael T. Lewis
Pauline S. Lewis
P.O. Box 1209
Cleveland, MS 38614-1600

Gerald H. Jacks
Jacks, Adams, & Westerfield
P.O. Box 1209
Cleveland, MS 38743-1209

Thomas E. Vaughn
Allen, Vaughn, Cobb, & Hood, P.A.
P.O. Drawer 240
Gulfport, MS 39502-0240

Jeffrey P. Hubbard
Wells, Moore, Simmons, &
  Hubbard, PLLC
P.O. Box 1970
Jackson, MS 39215-1970

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205-0033

_____
Richard M. Wyner