MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) ) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | ) ) | N.D. CALIFORNIA, |
| JOSEPH PEREZ, et al., | ) ) | |
|      Plaintiffs, | ) ) | C.A. No. 3:01-1627 |
| v. | ) ) | **PLAINTIFFS' RESPONSE TO** |
| THE CENTER FOR CLAIMS RESOLUTION, INC. | ) ) ) | **MOTION OF DEFENDANT CENTER FOR CLAIMS RESOLUTION TO TRANSFER** |
|     Defendant | ) ) ) | **AND CONSOLIDATE WITH MDL 875** |

PLEADING NO. 3187

Pursuant to Rule 7.2(c) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, plaintiffs file their response opposing the motion of defendant The Center for Claims

Resolution to transfer this action and consolidate this action with MDL 875. Plaintiffs oppose

the transfer of this action to MDL 875 because this action does not involve allegations of

personal injury or wrongful death caused by asbestos or asbestos-containing products.

     This action is a straightforward breach of contract action in which plaintiffs allege that

under California law defendant The Center for Claims Resolution ("CCR") is liable for breach of

contract by not honoring the terms of the settlement agreements it entered into with plaintiffs.

Plaintiffs rely on California law regarding joint and several liability to show that the terms of the

settlement agreements with CCR did not include any implication that CCR would not pay the full

settlement amounts should one of its subscribers go bankrupt. Furthermore, defendant CCR is

itself relying on California law in its attempt to get plaintiffs' complaint dismissed. CCR claims

IMAGED JUN 8 '01     OFFICIAL FILE COPY

-2-

that it was merely an agent of Armstrong World Industries, Inc. and therefore, under California law of agency, not liable for any debts incurred by Armstrong.

Plaintiffs filed their lawsuit against CCR in federal district court only because of diversity jurisdiction. They anticipated that if they filed their case in state court it would be removed by the defendant to federal district court, so plaintiffs filed their suit in federal court in order to avoid prolonging the litigation unnecessarily. At any rate, the Northern District of California is well prepared to deal with California law, since that is the law of the forum state. The local federal court is far more familiar with California law than the proposed transferee court, the Eastern District of Pennsylvania. As indicated in the previous paragraph, this case involves California law regarding contracts, joint and several liability and agency. The motion by defendant CCR to transfer and consolidate with MDL 875 does not offer any examples of the Honorable Judge Charles Weiner having decided a case involving such issues under California law.

The defendant's motion and accompanying memorandum does offer examples of Judge Weiner's having decided "satellite" claims in cases transferred to it by the Panel; however, those transfers of non-traditional claims all arose in connection with matters already a part of MDL 875. It made sense to have Judge Weiner handle the satellite claims because they dealt with matters already assigned to MDL 875. Since Judge Weiner was overseeing the matters at the time of those settlements, the motions to enforce the settlement agreements had to be heard by him.

In the instant case, the lawsuits that led to the breached settlement agreements were all filed and litigated in state court, in the Superior Court of San Francisco County. They were never part of the MDL 875 docket even when they involved the precise issues MDL 875 was created to

-3-

decide–claims of asbestos-related personal injury.  Those cases should not become part of MDL

875 now, when they involve specific issues of California contract law that MDL 875 has never

before decided nor was created to decide.

Defendant seeks this transfer and consolidation as a means to inconvenience plaintiffs

and to delay resolution of this action for as long as possible.  The United States district court in

the Northern District of California, where the case is pending, is perfectly capable of deciding

this action.   To transfer this case to MDL 875 would not only be unnecessary, but also unfair.

Time for the plaintiffs is of the essence as several of them are sick or dying. There is no

compelling reason to transfer this action out of the court in which it has been filed.

///

///

///

-4-

WHEREFORE, for the reasons more fully stated in the accompanying Memorandum of

Points and Authorities, plaintiffs respectfully request that the Panel deny defendant CCR's

motion to transfer this action to the Eastern District of Pennsylvania as part of MDL 875.


DATED:       June 4, 2001                          Respectfully submitted,


                                                   Dean A. Hanley
                                                   PAUL & HANLEY, LLP
                                                   4905 Central Avenue, Suite 200
                                                   Richmond, California 94804
                                                   (510) 559-9980

                                                   Counsel for Plaintiffs
                                                   JOSEPH PEREZ, individually and as
                                                   successor-in-interest to CHRISTINE
                                                   PEREZ, LAWRENCE CAHILL as
                                                   successor-in-interest to GEORGE G.
                                                   CAHILL, MABEL GLOSENGER,
                                                   individually and as successor-in-interest to
                                                   ROBERT L. GLOSENGER, LOUIS
                                                   HAMILTON AND OLGA HAMILTON,
                                                   JAMES D. JESTES AND MARJORIE
                                                   JESTES, CURTIS JOYNER, CONNY A.
                                                   LLOYD AND CHARITY E. LLOYD,
                                                   EVERETT FAY MURRAY AND ONETA
                                                   MURRAY, LORY L. PAYNE as successor
                                                   in-interest to EARL K. PALMER, JAMES
                                                   E. PICKLE AND RUBY A. PICKLE,
                                                   SUSAN P. POPE, individually and as
                                                   successor-in-interest to RICHARD R.
                                                   POPE, JANICE R. QUIGLEY, individually
                                                   and as successor-in-interest to ARLEN D.
                                                   QUIGLEY, MARJORIE SMITH,
                                                   individually and as successor-in-interest to
                                                   BOBBY R. SMITH,  MARLOWE G.
                                                   TOLBERTSON AND SHIRLEY A.
                                                   TOLBERTSON

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | ) ) | N.D. CALIFORNIA, |
| JOSEPH PEREZ, et al., | ) ) | |
| Plaintiffs, v. | ) ) ) | C.A. No. 3:01-1627 |
| THE CENTER FOR CLAIMS RESOLUTION, INC. | ) ) ) ) | **PLAINTIFFS' MEMORANDUM IN RESPONSE TO MOTION BY DEFENDANT CENTER CLAIMS RESOLUTION TO** |
| Defendant | ) ) | **TRANSFER AND CONSOLIDATE WITH MDL 875** |

## I.    INTRODUCTION

Plaintiffs oppose the motion by defendant The Center for Claims Resolution to transfer this matter to the Eastern District of Pennsylvania as part of MDL 875. This case is a simply a straightforward breach of contract action involving California law regarding joint and several liability as well as California law of agency.   It does not involve claims of asbestos-related personal injury, wrongful death or loss of consortium.   Plaintiffs had indeed at one time filed asbestos-related personal injury, wrongful death or loss of consortium actions, but each of those cases either has been resolved or is being resolved in state court. This instant case, too, is capable of being resolved in state court, but plaintiffs anticipated defendant The Center for Claims Resolution would have it removed to federal court because of diversity jurisdiction. Thus, not wishing unnecessary delay in resolution of the case, plaintiffs filed their complaint in the United States District Court for the Northern District of California, a court well versed in

-2-

California law as that is the law of the forum state.  This action should be allowed to remain there.

This case does not require the special expertise of MDL 875.  Plaintiffs are merely seeking to enforce settlement agreements they entered into with CCR, as under California law, settlement agreements can be enforced as any other contracts.  The settlement agreements in this case required plaintiffs to execute compromise and release forms for each and every CCR member, and dismiss with prejudice their lawsuits against any CCR member, all in exchange for a lump sump payment from CCR.  Plaintiffs fulfilled their part of the bargain, but when the time came for CCR to render payment, it tendered checks to each plaintiff in amounts substantially less than the previously agreed to amount.  CCR blamed the shortfall on the bankruptcy of one of its members, Armstrong World Industries.

Plaintiffs rely on California law regarding joint and several liability to show that the terms of their settlement agreements with CCR did not include any implication that CCR would not pay the full settlement amounts should one of its subscribers go bankrupt.  California Civil Code section 1659 provides that where all parties who unite in a promise receive some benefit from the consideration, their promise is presumed to be joint and several.  CCR, on its part, is relying on California law in its claim that it was merely an agent of Armstrong World Industries, and thus should not be held liable for debts it claims were incurred by Armstrong.

This action does not meet the criteria for inclusion in MDL 875 because first, it does not involve a common issue of fact with the matters already consolidated as part of MDL 875, and second, because transfer of this action will not be for the convenience of the parties and witnesses and will not promote the just and efficient conduct of the action.

-3-

## II.    ARGUMENT

### A.    This Action Does Not Meet the Standards For Transfer Under Section 1407

The statute that authorizes the Panel to transfer an action for consolidation and coordinated pre-trial proceedings requires a finding that the action involves one or more common questions of fact and that the transfer will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions. **28 U.S.C. 1407 (a)**. This action meets none of the requirements for transfer and the Panel should deny CCR's motion.

Defendant CCR fails to present any case where this Panel has transferred lawsuits involving non-tort claims and California law. And while Judge Weiner has ruled on the issue of joint and several liability of CCR members, those rulings arose in the context of motions to enforce settlements by plaintiffs in actions that were already transferred to his docket by the Panel. Since those matters settled while they were on Judge Weiner's docket, motions to enforce settlements had to be heard by him. None of those actions involved Judge Weiner deciding the issue of joint and several liability under California law. Indeed, the particular case with which CCR seeks to consolidate the instant action, **William Young, et al. v. Center for Claims Resolution, Inc., et al.,** N.D. Mississippi, C.A. No. 4:00-225, involves Mississippi law.

Because this case is in federal court on the basis of diversity jurisdiction, the substantive law of the forum state applies, and it would follow the transfer of this action to MDL 875. **Erie R.R. v. Tomkins**, 304 U.S. 64 (1938); **Van Dusen v. Barrack**, 376 U.S. 612 (1964); **In Re Dow Co. "Sarabond" Products Liability Litigation**, 666 F. Supp. 1466, 1468 (D. Colo.1987). The requirement that this breach of contract action against CCR be decided under California law means that it has no common issue of fact with any other case already a part of MDL 875.

-4-

It is only happenstance that this breach of contract action involves asbestos-related issues. There mere fact that the underlying litigation involved claims related to asbestos-exposure does not require the Panel to send this case to MDL 875.

Further, the transfer of this action to MDL 875 would not be for the convenience of the parties or witnesses and would not promote the just and efficient conduct of this action. This case is ready to be heard by the United States District Court in the Northern District of California. Unlike the traditional tort action transferred to Judge Weiner, this case does not need extensive pre-trial discovery. The facts in the case are not in dispute. The only thing in dispute is whether California law requires enforcement of plaintiffs' settlements with CCR. This is a decision that the United States District Court for the Northern District of California can make quickly, without burdening the crowded MDL 875 docket.

CCR is engaging in forum shopping because it believes Judge Weiner may be predisposed to ruling in its favor. Under the guise of requesting transfer of this action to MDL 875 for pre-trial proceedings, CCR is hoping to get this matter before a Court where it believes it will prevail. The Panel should not reward such blatant forum shopping by granting CCR's motion.

### B. That This Panel Has Previously Transferred Non-Personal Injury Claims Relating to Asbestos Personal Injury Litigation Does Not Justify Transferring This Action to MDL 875

CCR argues that because the Panel has previously transferred to MDL 875 non-personal injury claims arising in asbestos litigation the Panel should likewise transfer this action. **Memorandum in Support of Motion of Defendant Center for Claims Resolution, Inc. to Transfer and Consolidate With MDL 875**, pp. 6-9, Exhibits E-M. This argument is

-5-

without merit.  While it is true that the Panel has transferred actions containing unique claims to MDL 875, CCR offers no example where the Panel has sent a breach of contract action involving the settlement of state court litigation.

Each of the examples cited by CCR involves matters originally brought in federal court and related to matters directly on Judge Weiner's docket.  For instance, in transferring **American President Companies v. Babcock & Wilcox**, **Id.**, Exhibit F, an indemnification action between asbestos defendants, the Panel found that resolution of the indemnification issue would involve the same questions of fault and liability found not only in the MDL 875 actions in general, but in particular in the cross claims filed or anticipated to be filed by ship owners in the MDL 875 maritime asbestos actions. **Id.**, Exhibit F, p.1

Likewise, the transfer order involving **Owens-Illinois v. T&N, Id.**, Exhibit I, the Panel found that the factual allegations of that complaint overlapped with those in many cases on the MDL 875 docket where both the plaintiffs' and defendants' knowledge of and conduct concerning the health hazards of asbestos were at issue.  **Id.**, Exhibit I, p.1.  In **Raymark Industries v. Baron, et al.**, Exhibits J, K & L, the Panel found that an action challenging attorneys' professional conduct in asbestos cases was expected to raise issues concerning the viability of the underlying asbestos products liability claims and also raise questions of judicial management and discovery that were already subject to the jurisdiction of Judge Weiner. **Id.**, Exhibit J, p. 1.

The present action, unlike the above cases, is not related to an action already on Judge Weiner's docket.  Even though Judge Weiner has decided "satellite" claims in cases transferred to it by the Panel, those transfers of non-traditional claims all arose in connection with matters

-6-

already a part of MDL 875. The underlying asbestos-related personal injury actions in the instant

case were all resolved in state court–not in MDL 875.

## III.   CONCLUSION

By filing this motion to transfer to MDL 875 it is clear that CCR is attempting to delay

resolution of the matter and at the same time is engaging in forum shopping because it believes

that Judge Weiner is predisposed to its position based on his prior rulings. This Court should not

allow CCR to avoid its obligation to pay the settlement amounts these plaintiffs accepted in

return for releasing, defending and indemnifying CCR members.

This action does not belong in MDL 875. The action does not meet the requirements for

transfer under U.S.C. section 1407 and the Panel should deny CCR's motion to transfer.


DATED:        June 4, 2001                       Respectfully submitted,


                                                 Dean A. Hanley
                                                 PAUL & HANLEY, LLP
                                                 4905 Central Avenue, Suite 200
                                                 Richmond, California 94804


                                                 Counsel for Plaintiffs
                                                 JOSEPH PEREZ, individually and as
                                                 successor-in-interest to CHRISTINE
                                                 PEREZ, LAWRENCE CAHILL as
                                                 successor-in-interest to GEORGE G.
                                                 CAHILL, MABEL GLOSENGER,
                                                 individually and as successor-in-interest to
                                                 ROBERT L. GLOSENGER, LOUIS
                                                 HAMILTON AND OLGA HAMILTON,
                                                 JAMES D. JESTES AND MARJORIE
                                                 JESTES, CURTIS JOYNER, CONNY A.

-7-

LLOYD AND CHARITY E. LLOYD,
EVERETT FAY MURRAY AND ONETA
MURRAY, LORY L. PAYNE as successor
in-interest to EARL K. PALMER, JAMES
E. PICKLE AND RUBY A. PICKLE,
SUSAN P. POPE, individually and as
successor-in-interest to RICHARD R.
POPE, JANICE R. QUIGLEY, individually
and as successor-in-interest to ARLEN D.
QUIGLEY, MARJORIE SMITH,
individually and as successor-in-interest to
BOBBY R. SMITH,  MARLOWE G.
TOLBERTSON AND SHIRLEY A.
TOLBERTSON

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2001

**PROOF OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that copies of the foregoing Plaintiffs' Response to Motion of Defendant the Center for Claims Resolution to Transfer and Consolidate with MDL 875 and supporting documents were served on June 4, 2001 by first-class mail on all counsel listed on the attached Panel Service List, as well as upon the following persons:

> Clerk of the Court
> United States District Court
> Northern District of California
> 450 Golden Gate Avenue
> P.O. Box 36060
> San Francisco, CA 94102-3489

> Richard M. Wyner
> Shea & Gardner
> 1800 Massachusetts Ave., N.W.
> Washington, D.C. 20036

DATED: June 4, 2001

Dean A. Hanley

RECEIVED
CLERK'S OFFICE
2001 JUN -5 A 11: 12
MULTIDISTRICT LITIGATION
JUDICIAL PANEL ON

## INVOLVED COUNSEL LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH  44114

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS  39201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Benjamin E. Griffith
Griffith & Griffith
123 South Court Street
P.O. Box 1680
Cleveland, MS  38732

Dean A. Hanley
Paul & Hanley, LLP
4905 Central Avenue
Suite 200
Richmond, CA  94804

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

Joel J. Henderson
Henderson & Dantone
P.O. Box 778
Greenville, MS  38702

Edward Houff
Church & Houff, P.A.
The B&O Building, Suite 600
2 North Charles Street
Baltimore, MD 21201

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS  39215

Gerald H. Jacks
Jacks, Adams & Norquist
P.O. Box 1209
Cleveland, MS  38732

William B. Kirksey
Kirksey & Associates
P. O. Box 33
Jackson, MS  39205

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Michael T. Lewis
P.O. Box 1209
Cleveland, MS  38614

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

INVOLVED COUNSEL LIST (Cont.) MDL-875                                    PAGE 2

Frank S. Thackston, Jr.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS  38702

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Box 240
1528 East Beach Boulevard
Gulfport, MS  39502

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406