MAY.31'2001 14:43 2148210877    KAESKE REEVES    #6709 P.003/011
Case MDL No. 875   Document 3188   Filed 06/06/01   Page 1 of 9
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2001

United States District Court
Southern District of Texas
CLERK'S OFFICE
ENTERED
MAY 2 1 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| FERAIDOON ASHNA, et al., § | |
| § | |
| Plaintiffs, § | 29. |
| § | |
| vs. § | CIVIL ACTION NO. C-01-051 |
| § | |
| AC&S, INC., et al. § | |
| § | |
| Defendants. § | |

### ORDER GRANTING MOTION TO REMAND

Pending before the Court is Plaintiffs' motion for expedited remand. For the reasons set forth below, the Court grants the motion.

### I. JURISDICTION

Certain defendants assert that the Court has federal question jurisdiction under 28 U.S.C. § 1331. As explained below, this case does not raise a federal question.

### II. FACTS

This is an asbestos case. Plaintiffs filed this case on February 1, 2001 in the 148th Judicial District Court of Nueces County, Texas. Plaintiffs, who include the estate of Khadijeh Zamani, deceased, and her heirs, named several dozen entities as defendants. The Defendants included Shell Oil Company, Texaco, Inc., Conoco, Inc., Gulf Oil Corporation, Chevron U.S.A., Inc., and ExxonMobil Corporation (collectively, the "Removing

MDL-_____
RECOMMENDED ACTION

IMAGED JUN 8 '01

Approved/Date: _____

Defendants"), who jointly filed the notice of removal on April 2, 2001. Another of the Defendants, who did not join in the notice of removal, was "Abadan Refinery."

The Removing Defendants assert that the Abadan Refinery was, at times relevant to Plaintiffs' claims, "controlled by the government of a foreign country, Iran." Notice of Removal at 3. The Removing Defendants argue, "Because the incidents which give rise to plaintiffs' case occurred in Iran there will be issues of international law involved which may ultimately affect international relations between the United States and Iran. When relationships with other members of the international community are involved, the issues are treated exclusively as an aspect of federal law." Id. Accordingly, the Removing Defendants contend that the Court has federal question jurisdiction.

Plaintiffs have moved to remand. Plaintiffs allege both procedural and jurisdictional defects. First, they argue that not all defendants joined in the removal. Secondly, they argue that the Court does not, in fact, have subject matter jurisdiction over the suit because it does not raise issues of international law. As Plaintiffs point out, their complaint alleges solely state-law causes of action.

2

## III. DISCUSSION

### Procedural Defect

As a general rule, all served defendants must join in the petition for removal no later than 30 days from the day on which the first defendant was served. Getty Oil Corp. v. Insurance Co. of North Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988). A joinder filed after expiration of the 30 day period for removal is not effective, even if the delay was caused by mistake. Doe v. Kerwood, 969 F.2d 165, 168 (5th Cir. 1992). Each defendant need not sign the original notice of removal, but there must be some timely written indication from each served defendant, or from some representative purporting to have authority to act on the defendant's behalf in this respect, that the defendant has actually consented to removal. Getty Oil Corp v. Insurance Co. of North Am., 841 F.2d 1254, 1262 n. 11 (5th Cir. 1988). Without this requirement there would be nothing in the record to bind the allegedly consenting defendant. Id.

It is insufficient, however, to merely state in the notice of removal that the co-defendants do not object to removal or that the co-defendants consent to removal. See, e.g., Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994); Samuel v. Langham, 780 F. Supp. 424, 427 (N.D. Tex. 1992); Luckett v.

3

Harris Hosp. - Fort Worth, 764 F. Supp. 436, 440 (N.D. Tex. 1991); Moody v. Commercial Ins. Co. of Newark, N.J., 753 F. Supp. 198 (N.D. Tex. 1991). Where all defendants do not sign the removal petition, the petition must set forth a reason for not including the defendants. Marshall v. Skydive Am. South, 903 F. Supp. 1067, 1070 (E.D. Tex. 1995). The notice of removal must explain why any co-defendant has not joined (e.g., the defendant is a nominal party or was not served at the time of filing the petition). P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546, 548 (7th Cir. 1968); Home Owners Funding Corp. of Am. v. Allison, 756 F. Supp. 290, 291 (N.D. Tex. 1991); Coogan v. Deboer Properties Corp., 354 F. Supp. 1058, 1059 (S.D. Tex. 1973).

The Removing Defendants submitted with their notice of removal the State court file. The State court's records include answers or special appearances by numerous defendants who did not join in the notice of removal. The Removing Defendants have failed to explain the reason these defendants did not join in the notice of removal. The Removing Defendants have not sustained their burden of demonstrating that removal is proper.

### Subject Matter Jurisdiction

Even if removal were not procedurally defective, the Removing Defendants have failed to demonstrate that the Court has federal question jurisdiction. This Court analyzes a removal action on the basis of federal question jurisdiction under the well-pleaded complaint rule, which requires disclosure of the federal question on the face of the complaint. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). The complaint must state a cause of action created by federal law, or it must assert a state-law cause of action requiring the resolution of a substantial question of federal law. Id. Although the court may have to examine pleadings filed by the defendant in order to determine whether the plaintiff's complaint is in fact "well pleaded," the Court's focus is on the plaintiff's pleadings. Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d 806, 808 (5th Cir.), cert. denied, 506 U.S. 955, 113 S.Ct. 413 (1992). Nevertheless, even though a plaintiff has not characterized her claims as federal claims, if the complaint would be governed by federal law because of the complete preemption of state law, federal jurisdiction will attach. Id. Where a state law action has as a substantial element an issue involving foreign relations or foreign policy matters, federal

5

jurisdiction is present. <u>Republic of Philippines v. Marcos</u>, 806 F.2d 344, 353 (2d Cir.1986); see also <u>Pacheco de Perez v. AT & T Co.</u>, 139 F.3d 1368, 1377 (11th Cir. 1998). On the other hand, a defense that raises a federal question is inadequate, by itself, to confer federal jurisdiction. <u>Aquafaith</u>, 963 F.2d at 808.

As noted above, the Removing Defendants assert that the inclusion of the Abadan Refinery as a defendant asserts a state-law cause of action requiring the resolution of a substantial question of federal law. They argue that the "control" over the Abadan Refinery exercised by the Government of Iran implicates issues of international law and the foreign relations of the United States. Defendants do not indicate whether the refinery is "controlled" by the government of Iran now, nor do they indicate the manner in which it was "controlled." The Government of Iran has not expressed any apparent interest in this lawsuit, much less any objection to the prosecution of this suit. The Government of Iran has not been named a defendant, nor have the Removing Defendants demonstrated that the Government of Iran may suffer any liability arising from its "control" over the Abadan Refinery.

The Removing Defendants cite <u>Sequihua v. Texaco, Inc.</u>, 847 F. Supp. 61 (S.D. Tex. 1994) as authority for their removal. In

Sequihua, the plaintiffs were residents of Ecuador, who sought, in addition to damages, injunctive relief requiring the defendant oil company to "return . . . to its former condition" an area encompassing approximately 1/3 of the country of Ecuador. Id. at 62. The plaintiffs' claims required them, as part of their *prima facie* case, to "challenge the policies and regulations of Ecuador, as well as the approvals from Ecuador that Defendants received, in order to show that the conduct was improper on land owned by Ecuador." Id., at 62-63. This relief related to the control by a foreign country over its own resources. Id. Finally, the plaintiffs in Sequihua sought the establishment of a trust fund for health monitoring, that effectively would require the court "to step into the shoes of the Ecuadoran Health Ministry." Id. The Republic of Ecuador officially protested the litigation. Id., at 62. In short, the lawsuit, brought in state court, "threaten[ed] to create an international incident." Id.

As the Sequihua court observed, issues of international relations are incorporated into federal common law. See Banco Nacional de Cuba v. Sabbatino, 376 U.S. 398, 84 S. Ct. 923 (1964). In a damages suit based on state-law causes of action, however, the plaintiffs' complaint must strike at "vital economic

7

and sovereign interests" of a foreign nation or seek damages for activities and policies in which the foreign government actively has been engaged. See Torres v. Southern Peru Copper Corp., 113 F.3d at 543. Thus, where a defendant notes that a claim will require a court "to pass on the validity of official acts of a foreign sovereign taken within its own territory", this, without more, will not sustain federal jurisdiction. Aquafaith Shipping, Ltd. v. Jarillas, 963 F.2d at 808-809. Nor does a defense that the acts of a foreign state negate some element of a claim create federal question jurisdiction. Id.; see also Grynberg Production Corp. v. British Gas, P.L.C., 817 F. Supp. 1338, 1357-1358 (E.D. Tex. 1993) ("act of state" doctrine formed defense to certain state-law claims and did not confer federal question jurisdiction as to those claims).

As in Aquafaith, this is a run-of-the-mill personal injury case. The foreign sovereign whose interests allegedly may be implicated has not taken a position on the suit. See Pacheco de Perez v. AT & T Co., 139 F.3d at 1377. Plaintiffs are not asking for reform of economic activities engaged in by a foreign nation; they are not challenging the policies or regulations of a foreign sovereign; and there is no showing that they have sued a foreign

sovereign. The claims do not implicate the control over natural resources of a foreign nation, see <u>Grynberg Production Corp. v. British Gas, P.L.C.</u>, 817 F. Supp. at 1359. The issues of international relations are speculative at best. See <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d at 1377. The Removing Defendants simply have not sustained their burden of demonstrating that the Court has subject matter jurisdiction over this lawsuit.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that this case be remanded to the 148th Judicial District Court of Nueces County, Texas.

Signed this 16th day of May, 2001.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE