MDL 875

PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS
LIAB. LITIG. (NO. VI)                    MDL 875 (Hon. Charles Weiner)

WILLIAM YOUNG, ET AL.,                                    PLAINTIFFS

vs.                                      4:00CV224-P-D (N.D. Miss.)

THE CENTER FOR CLAIMS
RESOLUTION, INC., ET AL.,                                 DEFENDANTS

### PLAINTIFFS' RESPONSE TO CCR'S MOTION TO TRANSFER AND CONSOLIDATE THIS CASE WITH MDL 875

COMES NOW, Plaintiffs, by counsel, and respond to Defendant CCR's motion to transfer and consolidate this case with MDL 875 as follows:

1) The Judicial Panel on Multidistrict Litigation (the "Panel") should not transfer this case to MDL 875 because the asbestos company defendants who sought the transfer and upon whom the transfer motion is based have settled with the Plaintiffs. Further, transfer is not proper because federal jurisdiction does not exist.

2) On May 10, 2001, Defendant CCR moved the Panel to transfer the above captioned case to the MDL 875 proceeding.

3) On May 22, 2001, CCR and the other asbestos company Defendants in this case entered into an agreement with Plaintiffs to settle all the claims brought against these Defendants in this action. This agreement will be effective and final upon payment of the agreed settlement amount on or before July 6, 2001.

PLEADING NO. 3191

OFFICIAL FILE COPY
IMAGED JUN 13 '01

4) Defendant CCR based its motion to transfer merely on the tangential fact that the wrongs committed by the Defendants were committed in part by companies who at one time manufactured asbestos products. The actions complained of by Plaintiffs, namely the Defendants' fraud, tortious breach of contract, intentional infliction of emotional distress, and conspiracy, have nothing to do with asbestos.

5) However, even if the slight relation this case has to asbestos is sufficient to transfer and consolidate this case with MDL 875, the Plaintiffs' settlement with the asbestos company Defendants removes any basis for Defendant CCR's motion to transfer. CCR has even moved the Panel to stay its motion to transfer because of the settlement and has indicated that it will withdraw its motion when the settlement is consummated.

6) Further, transfer of a case pursuant to 28 U.S.C. § 1407 is proper only if the United States District Court possesses subject matter jurisdiction. In the present case, there is no federal jurisdiction because complete diversity of citizenship does not exist and because the amount in controversy requirement is not met.

7) Defendant Wells, Moore and 168 of the 183 Plaintiffs are citizens of Mississippi. Plaintiff Oliver Ford and Defendants Heyman, Union Carbide, and Pfizer are citizens of New York. Plaintiff Thomas Jenkins, Sr. and Defendant United States Gypsum Company are citizens of Illinois. The citizenship of these

Plaintiffs and Defendants completely destroys diversity.

8)  Plaintiffs' Complaint specifically limits the damages sought by each of its Plaintiffs to $75,000.00 per plaintiff. Therefore, the amount in controversy requirement is also not met. Federal jurisdiction simply does not exist regarding this case.

9)  Plaintiffs filed a motion to remand this case on September 7, 2000 with the United States District Court for the Northern District of Mississippi. The parties have fully briefed the motion to remand, which is still pending.

WHEREFORE PREMISES CONSIDERED, Plaintiffs respectfully request that the Panel deny as moot Defendant CCR's motion to transfer because of the settlement between the Plaintiffs and Defendant CCR and other Defendants. In the alternative, Plaintiffs respectfully request that the Panel deny CCR's motion to transfer because federal jurisdiction is lacking and because the settlement with the asbestos company defendants removes any relation this case may have had to the MDL 875 proceedings. In the alternative, if the settlement with the settling asbestos company defendants and Wells, Moore is not consummated as agreed, Plaintiffs further request that the Panel allow the Plaintiffs to file an additional brief in opposition to Defendant CCR's motion to transfer.

Respectfully submitted,

_____
CHRISTOPHER E. KITTELL, MSB # 99615

LEWIS & LEWIS, ATTORNEYS
P. O. Box 1600

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 1 2001

FILED
CLERK'S OFFICE

Clarksdale, MS   38614
(662) 627-4477
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Christopher E. Kittell, attorney for Plaintiffs, do hereby certify that I have this day caused to be mailed, postage prepaid, a true and correct copy of the foregoing PLAINTIFFS' RESPONSE TO CCR'S MOTION TO TRANSFER AND CONSOLIDATE THIS CASE WITH MDL 875 to all counsel listed on the attached Panel Service List as well as to the following:

Hon. Marcy L. Bryan
FORMAN, PERRY, WATKINS
  KRUTZ & TARDY, PLLC
P. O. Box 22608
Jackson, MS   39225-2608

Hon. Adam Chud
Hon. William Sheehan
Shea & Gardner
1800 Massachusetts Avenue NW
Washington, DC   36000

Hon. Benjamin E. Griffith
GRIFFITH & GRIFFITH
P. O. Box 1680
Cleveland, MS   38732-1680

Hon. Thomas E. Vaughn
ALLEN, VAUGHN, COBB
  & HOOD, P. A.
P. O. Drawer 240
Gulfport, MS   39502-0240

Hon. Frank S. Thackston, Jr.
LAKE TINDALL, LLP
P. O. Box 918
Greenville, MS   38702-0918

This the 6th day of June, 2001.

_____
CHRISTOPHER E. KITTELL

m:\ll\ccr\asbestos\pld\Ptf Resp Motion to Transfer

RECEIVED
CLERK'S OFFICE
2001 JUN -8 P 2:31
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 1 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | MDL 875 (Hon. Charles Weiner) |
| WILLIAM YOUNG, ET AL., | PLAINTIFFS |
| vs. | 4:00CV224-P-D (N.D. Miss.) |
| THE CENTER FOR CLAIMS RESOLUTION, INC., ET AL., | DEFENDANTS |

**PLAINTIFFS' BRIEF IN OPPOSITION TO
CCR'S MOTION TO TRANSFER AND
<u>CONSOLIDATE THIS CASE WITH MDL 875</u>**

Plaintiffs are 183 in number, most of whom are retired elderly Mississippi citizens living on a fixed income. Defendants defrauded the Plaintiffs by entering into a settlement agreement with Plaintiffs despite the Defendants' knowledge that they never intended to fulfill the settlement agreement. Defendants tortiously breached their contract with the Plaintiffs, thereby furthering their scheme to promote their own financial gain by praying upon the elderly nature and poor financial condition of these Plaintiffs.

Defendant CCR has asked this Panel to transfer and consolidate this case with MDL 875, the multidistrict litigation proceedings regarding asbestos litigation. Defendants seek this transfer based on the mere fact that some of the Defendants who maliciously injured the Plaintiffs happen to be former asbestos manufacturers. This coincidence alone is not sufficient to warrant transfer of this case away from the forum of the Plaintiffs' choosing to a

forum half a nation away.

Further, the Plaintiffs have settled with the asbestos company Defendants, removing any potential link this case has to asbestos litigation. Also, there is no federal jurisdiction over this case because complete diversity does not exist and the amount in controversy requirement is not met. Therefore, transfer is not proper.

## **FACTS**

On September 15, 1999, Plaintiffs entered into a settlement agreement with the majority of the Defendants in this action for the claims against these Defendants arising from the Plaintiffs' exposure to asbestos. The settlement agreement provided for payment to be made to the Plaintiffs in three yearly installments with the first group being paid their entire settlement amount in March, 2000 and the second and third groups being paid their entire settlement amounts in March, 2001 and March, 2002, respectively.

However, unknown to the Plaintiffs but intimately known to all of the Defendants, Defendant GAF had established a pattern of not paying other settlements entered into on its behalf by the CCR across the nation. Despite the Defendants' knowledge that GAF did not intend to pay the Plaintiffs as agreed, the Defendants did not inform the Plaintiffs of this fact. Further, Defendant CCR continued to represent in writing to the Plaintiffs that the settlement would be paid as agreed.

When GAF did not pay its "portion" of the settlement, the

other Defendants merely omitted the GAF "portion" from the settlement payment, short changing the Plaintiffs in a total amount of over $300,000.00. The other Defendants did not pay GAF's shortfall despite the joint and several nature of the settlement agreement.

In July, 2000, Plaintiffs commenced this lawsuit to recover the portion of the promised amount which was not paid to them and to recover other damages caused by the Defendants' egregious actions. On May 10, 2001, Defendant CCR moved this Panel to transfer this case to the MDL 875 proceeding. However, on May 22, 2001, CCR and the other asbestos company Defendants entered into a settlement agreement with the Plaintiffs to settle all the claims brought against these Defendants in the current lawsuit. CCR and the other settling Defendants agreed to send the settlement payment within 45 days of the settlement, thereby making the settlement effective by payment on or before July 6, 2001.

## ARGUMENT

The Plaintiffs contend that the tenuous connection between the present litigation and the nationwide asbestos litigation is not sufficient to justify transfer of this case to the MDL 875 proceeding. However, even if the slight relation to asbestos litigation is sufficient, the May 22 settlement with the asbestos company Defendants completely removed even this questionable basis for CCR's motion to transfer. CCR itself concedes this point in its motion to stay its motion to transfer, which states that CCR

3

would have no interest in transferring this case to the MDL 875 if the settlement is consummated as planned. See CCR's Motion to Stay at page 2.

This case simply no longer has anything to do with asbestos, if it ever did. This lawsuit is based on the Defendants' fraud, conspiracy, intentional infliction of emotional distress and tortious breach of contract. It is not based on the asbestos company Defendants' manufacture of asbestos products. Further, the asbestos company Defendants have settled with the Plaintiffs. Thus, the only remaining solvent Defendant is Samuel J. Heyman. The claims against Mr. Heyman have no relation to asbestos. Mr. Heyman's actions and inactions defrauded the Plaintiffs of hundreds of thousands of dollars and caused the Plaintiffs other damage as well. None of the Plaintiffs' damages are in any way related to asbestos. Thus, transfer of this case to the MDL 875 is not proper.

Further, Defendant CCR's motion to transfer this case is mooted by CCR and the other asbestos company Defendants' settlement with the Plaintiffs.

Because this lawsuit has no relation to the subject matter of MDL 875, transfer will not promote the just and efficient conduct of this case, which is one of the primary considerations of a transfer pursuant to 28 U.S.C. § 1407. See, e.g., *In re Library Editions of Children's Books,* 299 F.Supp. 1139 (Jud. Pan. Mult. Lit. 1969). Transfer would be counter-productive because of the lack of relation this case has to the subject matter of MDL 875.

4

Further, transfer is not in the interests of convenience of the parties and witnesses, which is the other consideration listed in § 1407. *Id.* The primary witnesses to this case are located in Mississippi, as are the vast majority of the parties. Transfer of this case to Pennsylvania will greatly inconvenience the Plaintiffs who cannot afford to travel either physically or financially to Pennsylvania to prosecute this action. Transfer is in the best interests of no one, especially given the settlement with CCR, the party seeking transfer in the first place.

## **FEDERAL JURISDICTION DOES NOT EXIST**

A transfer of a case pursuant to 28 U.S.C. § 1407 cannot be made "unless the district court properly has jurisdiction of the subject matter of the case." *Bancohio Corporation v. Fox,* 516 F.2d 32 (6th Cir. 1975). There is no federal question involved in this case. Thus, for the district court to possess subject matter jurisdiction, the district court must possess diversity jurisdiction pursuant to 28 U.S.C § 1332. 28 U.S.C. § 1332 requires both complete diversity of citizenship of the parties and that the amount in controversy exceeds $75,000.00 per plaintiff, exclusive of interest and costs.

"It has long been the general rule that complete diversity of parties is required in order that diversity jurisdiction obtain; that is, *no party on one side may be a citizen of the same state as any party on the other side*." *Mas v. Perry,* 489 F.2d 1396, 1398-1399 (5th Cir. 1974) (citing *Strawbridge v. Curtiss,* 7 U.S. 267, 2

5

L.Ed. 435 (1806)) (emphasis added). See also, *Harrison v. Prather,* 404 F.2d 267 (5th Cir. 1968) and *L.P. Commercial v. Caudill,* 870 F.Supp. 743 (S.D. Tex. 1994), among others.

The citizenship of the parties in this case destroys diversity several times over. 168 of the 183 Plaintiffs are citizens of Mississippi as is Defendant Wells, Moore. Further, Oliver Ford is a citizen of New York, as is Defendants Heyman, Pfizer and Union Carbide. Also, Plaintiff Thomas E. Jenkins, Sr. is a citizen of Illinois as is Defendant United States Gypsum. Therefore complete diversity is lacking and federal jurisdiction does not exist.

The facts of *Glover v. McFadden,* 99 F.Supp. 385 (E.D. Tex. 1951) are similar to the present case. In *Glover,* several hundred plaintiffs sued twenty individual and corporate defendants. *Glover,* 99 F.Supp. at 388. The court in *Glover* held that, among several hundred original plaintiffs, there were many citizens of California and Pennsylvania and one of the individual defendants was a citizen of California and one of the corporate defendants was a citizen of Pennsylvania. The court held that complete diversity of citizenship, and therefore federal jurisdiction, was lacking. *Id.* at 389.

In the present case, diversity jurisdiction is lacking because the majority of the Plaintiffs and Defendant Wells, Moore are citizens of Mississippi. Also, Plaintiff Oliver Ford and Defendants Heyman, Pfizer and Union Carbide are citizens of New York and Plaintiff Thomas E. Jenkins, Sr. is a citizen of Illinois

6

as is Defendant United States Gypsum. Therefore, the removal of this case to federal court is improper, regardless of whether the amount in controversy exceeds $75,000.00. Plaintiffs timely filed a motion to remand this case to the Circuit Court of Washington County, Mississippi, the proper forum for this non-federal jurisdiction case. Plaintiffs' motion to remand is currently pending before the United States District Court for the Northern District of Mississippi, Greenville Division.

The amount in controversy requirement is also not met, further demonstrating the lack of federal jurisdiction. Plaintiffs specifically limited their damages to $75,000.00 each, exclusive of interest and costs.

"Under well settled principals, the Plaintiff is the master of his or her claim; if the Plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3702. "The sum claimed by the Plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). No claim of bad faith has been made by the Defendants regarding Plaintiffs' ad damnum clause. Thus, the amount claimed as damages by the Plaintiffs controls. The amount in controversy is not met and federal jurisdiction does not exist.

Because federal jurisdiction does not exist, this case cannot be transferred to the MDL 875 proceedings. Bancohio Corporation v.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

*Fox,* 516 F.2d 29 (6th Cir. 1975). Thus, Defendants' motion to transfer must fail.

### PLAINTIFFS' MOTION IN THE ALTERNATIVE
### FOR ADDITIONAL TIME TO RESPOND

Plaintiffs' response to Defendant CCR's motion to transfer is based primarily on the settlement reached between Defendant CCR and other Defendants and the Plaintiffs. This settlement moots Defendant CCR's motion to transfer. However, should the parties not consummate the settlement as agreed, the Plaintiffs respectfully request that the Court allow the Plaintiffs an additional ten days from July 6, 2001, to file an additional response to Defendants' motion to transfer.

Respectfully submitted,

_____
CHRISTOPHER E. KITTELL, MSB # 99615
LEWIS & LEWIS, ATTORNEYS
P. O. Box 1600
Clarksdale, MS  38614
(662) 627-4477
ATTORNEYS FOR PLAINTIFF

### CERTIFICATE OF SERVICE

I, Christopher E. Kittell, attorney for Plaintiffs, do hereby certify that I have this day caused to be mailed, postage prepaid, a true and correct copy of the foregoing PLAINTIFFS' BRIEF IN OPPOSITION TO CCR'S MOTION TO TRANSFER AND CONSOLIDATE THIS CASE WITH MDL 875 to all counsel listed on the attached Panel Service List as well as to the following:

Hon. Marcy L. Bryan
FORMAN, PERRY, WATKINS
   KRUTZ & TARDY, PLLC
P. O. Box 22608
Jackson, MS  39225-2608

Hon. Adam Chud
Hon. William Sheehan
Shea & Gardner
1800 Massachusetts Avenue NW
Washington, DC  36000

8

Hon. Benjamin E. Griffith
GRIFFITH & GRIFFITH
P. O. Box 1680
Cleveland, MS  38732-1680

Hon. Thomas E. Vaughn
ALLEN, VAUGHN, COBB
   & HOOD, P. A.
P. O. Drawer 240
Gulfport, MS  39502-0240

Hon. Frank S. Thackston, Jr.
LAKE TINDALL, LLP
P. O. Box 918
Greenville, MS  38702-0918

This the 6th day of June, 2001.

_____
CHRISTOPHER E. KITTELL

m:\ll\ccr\asbestos\pld\Brief Opposition Motion to Transfer

9

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

April 06, 2

DOCKET: 875 - In re Asbestos Products Liability Litigation (No. VI)
STATUS: Transferred

TRANSFEREE INFORMATION
   Dist: PAE
   Judge: Weiner, Charles R.
   Date: 07/29/91

| COUNSEL | PHONE / FAX | DESCRIPTION | Page |
|---|---|---|---|
| Locks, Gene<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 | (215) 893-0100 | Pltfs Liaison Counsel | |
| Binzley, Richard C.<br>Thompson, Hine & Flory<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | (216) 566-5579<br>(216) 566-5583 | Lead Counsel for Defts. in the Seamen Cases | |
| Cass, Edward J.<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building<br>7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 | (216) 241-5310 | Counsel for the Goodall Defendants. | |
| Damico, David A<br>Burns, White & Hickton<br>2400 Fifth Avenue Place<br>120 Fifth Avenue<br>Pittsburgh, PA 15222 | (412) 394-2500 | Fela Deft. | |
| Forceno, Raymond P<br>Forceno & Hannon<br>Philadelphia Bourse Building<br>Suite 1000<br>Independence Mall East<br>Philadelphia, PA 19106 | (215) 732-1630 | Fela Pltfs. | |
| Furman, Ellen B<br>Goldfein & Joseph<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 | (215) 979-0200<br>(215) 979-0201 | National Counsel | |
| Hanson, Susan M.<br>Stich, Angell, Kreidler & Muth, P.A.<br>The Crossings, Suite 120<br>250 2nd Avenue South<br>Minneapolis, MN 55401 | (612) 333-6251 | National Counsel | |

(0 Liaison Counsel continued)

| COUNSEL | PHONE<br>FAX | DESCRIPTION | Page: |
|---|---|---|---|
| Landin, David C.<br>Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | (804) 788-8200<br>(804) 877-8218 | Peripheral Deft. | |
| Motley, Ronald L.<br>Ness, Motley, Loadholt, Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 | (843) 216-9000 | Pltfs Liaison Counsel | |
| Powell, Donald A.<br>Buckingham, Doolittle & Burroughs<br>50 South Main Street<br>P.O. Box 1500<br>Akron, OH 44309 | (216) 376-5300 | National Counsel | |
| Repcheck, John J.<br>Marks, O'Neill<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 | (412) 391-6171 | Peripheral Deft. | |
| Roven, John D.<br>John Roven & Associates<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | (713) 465-8522<br>(713) 465-3658 | rels pltfs | |
| Schuster, Richard D.<br>Verys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P O Box 1008<br>Columbus, OH 43216 | (614) 464-6430 | National Coordinating Counsel for BFGoodrich Co. | |
| Spinelli, Robert N.<br>Kelley, Jasons, McGuire & Spinelli, L.L.P.<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 | (215) 854-0658<br>(215) 854-0434 | Defts. Liaison Counsel | |
| Swickle, Robert E.<br>Jaques Admiralty Law Firm, P.C.<br>1370 Penobscot Building<br>Detroit, MI 48226 | (313) 961-1080 | National Counsel | |
| Trevelise, Andrew J. | (215) 851-8250 | Defts. Liaison Counsel | |

| COUNSEL | PHONE<br>FAX | DESCRIPTION | Page |
|---|---|---|---|
| Reed, Smith, Shaw & McClay<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | | | |
| Selman, Neil<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 | | National Counsel | |
| Weston II., James K.<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | (319) 363-4040 | National counsel for Raymark Industries, Inc per letter dated 4/16/97 | |

NOTE. Liaison Counsel Are NOT Listed In Alphabetical Order