**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|   |   |
|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | |
| PEREZ ET AL., Plaintiffs, | |
| v. | No. C-01-1627 JCS (N.D. Cal.) |
| THE CENTER FOR CLAIMS RESOLUTION ET AL., Defendants. | |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF DEFENDANT CENTER FOR CLAIMS RESOLUTION, INC. TO TRANSFER AND CONSOLIDATE WITH MDL 875**

INTRODUCTION AND SUMMARY

Our opening memorandum showed that, under the standards this Panel has consistently applied since establishment of MDL 875 in 1991, the above-captioned action should be transferred to Judge Weiner for consolidated and coordinated pretrial proceedings. Specifically, we showed that:

(1) The Panel has consistently ruled that <u>all</u> claims that relate to personal injuries caused by asbestos should be transferred to MDL 875, regardless of "the presence of unique claims or additional claims not relating to asbestos injury or death."[1] It therefore makes no difference that

---

[1] E.g., Order filed Feb. 4, 2000, transferring <u>Givens</u> v. <u>Witco Corp., Inc.</u>, C.A. No. 2:99-2283 (E.D. La.) (Exhibit E to our opening memorandum); Order filed Sept. 29, 1998, transferring <u>Raymark Indus., Inc.</u> v. <u>Baron</u>, C.A. No. 3:98-673 (N.D. Tex.) (Exhibit J); Order filed Oct. 1, 1993, transferring <u>Keene Corp.</u> v. <u>Fiorelli</u>, C.A. No. 1:93-2129 (E.D.N.Y.) (Exhibit M).

OFFICIAL FILE COPY   IMAGED JUN 13 '01

- 2 -

Perez does not simply present a garden-variety asbestos personal injury claim; the Panel has frequently transferred non-tort claims intertwined with the asbestos personal injury litigation.

(2) In the course of managing MDL 875, Judge Weiner has already repeatedly addressed the same issue raised in the case at bar – namely, whether the members of the Center for Claims Resolution, Inc. ("CCR") are jointly liable under multi-defendant asbestos personal injury settlement agreements negotiated by the CCR. Exhibits B-D. Those rulings confirm that this case is appropriate for inclusion within MDL 875, because it shows that any necessary discovery or other pretrial proceedings overlap with cases already before Judge Weiner, that these matters are within Judge Weiner's particular expertise, and that Judge Weiner believes the matters to be appropriately within the issues he is resolving as the asbestos MDL judge.

(3) The present case is merely one part of a nationwide wave of settlement enforcement litigation. Indeed, transfer motions are now pending before this Panel in four such cases.[2] Given that the combined litigation involves thousands of claimants and well over $100 million in non-payments, there can be no genuine dispute that these cases should be transferred to Judge Weiner because they will "affect the overall management of this litigation." In re Asbestos Prods. Liab. Litig., 771 F. Supp. 415, 421-22 (J.P.M.L. 1991).

Plaintiffs make two arguments in their response: (1) that this case does not meet the standards for transfer because it arises under California state law and supposedly needs little discovery, and (2) that the many other non-tort cases that the Panel has transferred to Judge

---

[2] The others are Lowry et al. v. CCR et al., No. 00-1454 (C.D. Ill.); Doval et al. v. Maremont Corp., No. C-01-0540 JL (N.D. Cal.); and Young et al. v. CCR et al., No. 4:00-CV-225-P-A (N.D. Miss.).

- 3 -

Weiner are distinguishable because they did not involve breach of contract claims. As we now show, those arguments are meritless.

## ARGUMENT

I. **This Case Meets The Standards for Transfer Under § 1407**

Plaintiffs argue that transfer is not appropriate because this case is in federal court under diversity jurisdiction and the case will turn on California state law. But the source of the applicable substantive law is absolutely irrelevant to the question of whether this case belongs before Judge Weiner. Virtually every asbestos personal injury case arises under state law, and yet this Panel has wisely transferred all such cases to Judge Weiner for coordinated pretrial proceedings (just as it has transferred, under § 1407, many other kinds of cases that involve state law claims).

The relevant point is that the factual issues raised here -- as to the history and practice of negotiating settlements of asbestos personal injury cases, and knowledge of plaintiff and defense counsel in such negotiations, and the relationships among asbestos defendants -- are all matters that are closely intertwined with the asbestos personal injury litigation that Judge Weiner has been handling for the last decade. Indeed that point is confirmed by Judge Weiner's three prior rulings on this issue, which make it clear that the applicable legal rules do not vary appreciably in these matters and that those factual issues are relevant to the outcome of these cases. In short, plaintiffs' reliance on the state law nature of their claims is totally misplaced here.

Likewise, plaintiffs' unsupported assertions that "[t]his case is ready to be heard," that "this case does not require extensive pre-trial discovery," and "[t]he facts in this case are not in dispute" are both irrelevant and, in any event, wrong. The Panel's original 1991 decision required the transfer of every case that was not actually in trial (771 F. Supp. at 421), and since

- 4 -

then the Panel has consistently reiterated that "in the Panel's original decision distinctions based on such matters as . . . the stage of pretrial proceedings . . . were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket."[3] Instead, the Panel has required such arguments to be made to Judge Weiner, who, if he agrees, can suggest that the Panel remand the case for trial. In any event, as Judge Weiner's prior rulings on similar prior nonpayment cases show, these cases do raise disputed factual issues with respect to settlement practices within the asbestos bar and the knowledge and understanding of counsel during the course of settlement negotiations. Finally, as the Panel has repeatedly held, transfer is appropriate not only for coordinated discovery, but also for coordination as to numerous other pretrial matters, including scheduling, settlement, and so forth. See, e.g., 771 F. Supp. at 422 (Judge Weiner must take into account how matters will "affect the overall management of the litigation"). As such, plaintiffs' argument that transfer should be denied because the case supposedly requires only limited discovery is meritless.

II.     **Plaintiffs Fail to Distinguish this Panel's Prior Precedent**

Our opening memorandum showed that the Panel has treated MDL 875 as an "extraordinary docket" and has transferred to Judge Weiner numerous matters that are related to asbestos personal injury cases but that are not themselves asbestos personal injury claims. These include such matters as indemnification, contribution, antitrust, fraud, and ethics claims. As the Panel has recognized, the appropriate course is to transfer the matter to Judge Weiner in order to enable

---

[3] See, e.g., Order filed Feb. 4, 2000, transferring Givens v. Witco Corp., Inc., C.A. No. 2:99-2283 (E.D. La.) (Exhibit E to our opening memorandum); In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. July 20, 2000) (transfer order), at 2 ("the stage of pretrial proceedings" is not an exception to transfer).

him to determine in the first instance, in light of his enormous expertise, whether coordinated handling will promote the purposes of § 1407.

Plaintiffs argue that the prior cases that the Panel transferred to Judge Weiner are different because none of them was a breach of contract case. That is, of course, a distinction without a difference. As we have shown above, the present lawsuit overlaps with the issues already before Judge Weiner as part of MDL 875, both because it overlaps with similar settlement-related cases pending before him and because, as his prior rulings in similar cases show, it raises factual issues concerning the course of practice in settling asbestos personal injury cases over the past decade and the relationships among various asbestos defendants. Moreover, the Panel's decision to transfer other non-tort cases was also informed by the effect that those cases were going to have on Judge Weiner's management of the overall asbestos docket. Given that these settlement matters, taken together, involve claims in excess of $100 million, there can be no question that these matters should be transferred to Judge Weiner for that further reason as well.

## CONCLUSION

The motion to transfer should be granted.

Respectfully submitted,

Richard M. Wyner
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC  20036
(202) 828-2000

Counsel for Defendant Center for Claims Resolution, Inc.

June 8, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 1 2001

FILED
CLERK'S OFFICE

**PROOF OF SERVICE**

    I hereby certify that copies of the foregoing Reply Memorandum in Support of the Motion of Defendant Center for Claims Resolution, Inc. were served on June 8, 2001 by first-class mail on all counsel listed on the attached Panel Service List, as well as the following counsel of record:

>Dean A. Hanley
>Paul & Hanley, LLP
>4905 Central Avenue, Suite 200
>Richmond, California  94804
>    Counsel for Plaintiffs
>
>Clerk of the Court
>U.S. District Court
>Northern District of California
>450 Golden Gate Avenue
>P.O. Box 36060
>San Francisco, California  94102-3489

Richard M. Wyner

...

## INVOLVED COUNSEL LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS 39201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Benjamin E. Griffith
Griffith & Griffith
123 South Court Street
P.O. Box 1680
Cleveland, MS 38732

Dean A. Hanley
Paul & Hanley, LLP
4905 Central Avenue
Suite 200
Richmond, CA 94804

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Joel J. Henderson
Henderson & Dantone
P.O. Box 778
Greenville, MS 38702

Edward Houff
Church & Houff, P.A.
The B&O Building, Suite 600
2 North Charles Street
Baltimore, MD 21201

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Gerald H. Jacks
Jacks, Adams & Norquist
P.O. Box 1209
Cleveland, MS 38732

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Michael T. Lewis
P.O. Box 1209
Cleveland, MS 38614

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

INVOLVED COUNSEL LIST (Cont.) MDL-875

Frank S. Thackston, Jr.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS 38702

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Box 240
1528 East Beach Boulevard
Gulfport, MS 39502

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406