JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE,* JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, AND D. LOWELL JENSEN, JUDGES OF THE PANEL

### ORDER DENYING REMAND

Before the Panel is a motion for remand brought, pursuant to Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), by plaintiffs in the 52 actions listed on Schedule A and previously transferred from the District of Oregon. Plaintiffs seek remand of those actions from the Eastern District of Pennsylvania to the District of Oregon.

On the basis of the papers filed,[1] the Panel finds that remand of the actions is not appropriate at this time. The following quotation from an earlier Panel opinion is very instructive for situations such as this, where no recommendation of remand has been made to the Panel by the transferee judge:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975). Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion. We rule that movants have not met this burden here and that the motion for remand is premature.

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

We reiterate that Judge Weiner has become thoroughly familiar with the issues in MDL-875 and, especially in light of the unprecedented scale of this docket, is in the best position to determine the future

---

*Judges Bechtle, Sear and Selya took no part in the decision of this matter.

[1] The parties waived oral argument and, accordingly, the question of Section 1407 remand of the actions was submitted on the briefs. Rule 16.1, R.P.J.P.M.L., 199 F.R.D. at 438-40.

IMAGED JUN 13 '01

course of the actions before him. We note that under Judge Weiner's stewardship, as of May 31, 2001, i) over 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein (including 21 from the District of Oregon) have been returned to their originating transferor districts. The wisdom of relying on Judge Weiner's determination that pretrial proceedings have run their course is particularly evidenced by the circumstances of the motion now before the Panel. Subsequent to the March 20, 2001 filing of plaintiffs' Section 1407 remand motion, Judge Weiner has continued his settlement efforts, as evidenced by a settlement conference held as recently as May 3, 2001. This illustrates why the Panel is reluctant to rely solely on the conclusions of parties to an action when determining whether remand is appropriate. We find that the moving parties have failed both i) to persuade Judge Weiner of the desirability of remand, and ii) to offer the Panel a valid reason why it should order remand in the absence of a suggestion from Judge Weiner. Accordingly, we will deny remand.

IT IS THEREFORE ORDERED that the motion for Section 1407 remand of the actions on the attached Schedule A is hereby DENIED.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

### Eastern District of Pennsylvania

*George Cote v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:89-1060)
*Donald Orton v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:89-1104)
*Frank W. Foley et al. v. Armstrong Cork Co. et al.* (D. Oregon, C.A. No. 3:89-1407)
*George Wood v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:90-131)
*Frank Larsen v. The Celotex Corp., et al.* (D. Oregon, C.A. No. 3:90-132)
*Lowell Hembree v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:90-758)
*William Wallace v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:90-760)
*Robert Maley v. Asbestos Corp., Ltd. et al.* (D. Oregon, C.A. No. 3:90-839)
*Robin M. Counsell v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:90-1037)
*Robert Ellis v. Armstrong Cork Co. et al.* D. Oregon, C.A. No. 3:90-1145)
*Kenneth Zemlicka v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:90-1201)
*Lawrence Garside v. Asbestos Corp., Ltd.* (D. Oregon, C.A. No. 3:91-120)
*Viola Jones v. Asbestos Corp., Ltd.* (D. Oregon, C.A. No. 3:91-365)
*Leonard Harlin v. Armstrong World Industries, Inc.* (D. Oregon, C.A. No. 3:91-484)
*Laura Gabelman v. Columbia I & S, Inc., et al.* (D. Oregon, C.A. No. 3:92-549)
*Kenneth T. Lamear v. Armstrong World Industries, Inc., et al.* (D. Oregon, C.A. No. 3:92-839)
*John Roberts v. Acands, Inc., et al.* (D. Oregon, C.A. No. 3:92-1202)
*Joseph Hoski v. Armstrong World Industries, Inc., et al.* (D. Oregon, C.A. No. 3:92-1227)
*Elmer E. Downing, Jr. v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:92-1582)
*Esther L. Leach v. Certain-Teed Products Corp., et al.* (D. Oregon, C.A. No. 3:93-377)
*Ella M. Quinlan v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:93-1014)
*Edward T. Hansen v. Armstrong World Industries, Inc., et al.* (D. Oregon, C.A. No. 3:93-1181
*Karen L. Price v. Armstrong World Industries, Inc., et al.* (D. Oregon, C.A. No. 3:93-1595)
*Garry D. Lynch v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:94-19)
*Lucia C. Holt v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:94-20)
*Everal A. Housley v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:94-131)
*Donna Lee Melhorn, etc. v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:94-147)
*Will Hill Carter v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:94-391)
*Tilford Aanderud v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:94-438)
*Jean V. Tapp v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:94-568)
*Loretta M. Smith, etc. v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:95-55)

**MDL-875 Schedule A (Continued)**

Eastern District of Pennsylvania (Continued)

*Robert L. Hartney v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:95-921)
*Harold R. Wilson v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:95-953)
*William G. Klock, etc. v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1028)
*Michael Vandenburgh v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1233)
*George Weller Probasco, etc. v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1289)
*Faye Y. Carlson, etc. v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1337)
*Joseph R. Headley v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1543)
*Harold Wilson, Jr., etc. v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:95-1627)
*Gerald Swanson, etc. v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1628)
*Opal Williams v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:95-1630)
*Patricia Ann McClinton, etc. v. A.W. Chesterton Co., et al.* (D. Oregon, C.A. No. 3:96-59)
*Timothy Graham v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:96-116)
*Leonard Pardue v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:96-256)
*June Z. Ehman, etc. v. Anchor Packing Co., et al.* (D. Oregon, C.A. No. 3:96-586)
*Richard D. Hein, etc. v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:96-617)
*Maxine Bex v. Asbsetos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:96-1742)
*Jack E. Houx, Jr., etc. v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:97-372)
*Evelynne J. Mathis v. Asbestos Corp., Ltd., et al.* (D. Oregon, C.A. No. 3:97-1236)
*Thomas F. Norberg v. W.R. Grace & Co.* (D. Oregon, C.A. No. 3:98-295)
*Earl Johnson v. ACandS, Inc., et al.* (D. Oregon, C.A. No. 3:99-146)
*Eugene Anderson v. ACands Inc., et al.* (D. Oregon, C.A. No. 3:99-799)