JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

------------------------------------------------x
IN RE ASBESTOS PRODUCTS LIAB. LITIG. :
(NO. VI)                                         :    MDL 875 (Hon. Charles Weiner)
------------------------------------------------ :

This document relates to:                        :

YOUNG ET AL.,                                    :
                                                 :    No. 4:00-CV-225-P-A (N.D. Miss.)
                    Plaintiffs,                  :

           vs.                                   :

THE CENTER FOR CLAIMS RESOLUTION,                :
INC., ET AL.,                                    :

                    Defendants.                  :
------------------------------------------------x

### DEFENDANT SAMUEL J. HEYMAN'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANT CENTER FOR CLAIMS RESOLUTION, INC. TO TRANSFER AND CONSOLIDATE THIS PROCEEDING WITH MDL 875

Defendant Samuel J. Heyman submits this memorandum of law in opposition to the Center for Claims Resolution's ("CCR") May 10, 2001 motion to transfer and consolidate these proceedings with MDL 875.

**PRELIMINARY STATEMENT**

The CCR's motion to transfer the *Young* case to MDL 875 is misguided and premature. The CCR's motion glosses over the details of the cases it seeks to transfer, seeking instead to emphasize that the MDL Panel has previously transferred and consolidated with MDL 875 cases not directly concerned with asbestos exposure. An examination of the *Young* case, however, demonstrates that transfer is not legally justified under the transfer statute, and does not comport with common sense.

OFFICIAL FILE COPY
IMAGED JUN 13 '01

MDL 875 is indeed an "extraordinary docket." It has served as a coordinating device for pre-trial management and disposition of a substantial volume of asbestos personal injury claims, and related indemnity and contribution claims. The docket is not boundless, however, nor should it be. Just because a case involves "traditional asbestos defendants," does not necessarily mean that transfer of the case to MDL 875 is always appropriate. Some cases, such as the present one, will not be resolved more efficiently in that forum. Accordingly, the CCR's motion to transfer should be denied.

The *Young* case is not an asbestos personal injury case. It is, at bottom, a contract case. On July 7, 2000, Plaintiffs commenced the *Young* action by filing a complaint in the Circuit Court of Washington County, Mississippi, alleging breach of contract, conspiracy, negligence, fraud and a variety of other torts in connection with a September 1999 Settlement Agreement entered into by counsel for over seven hundred asbestos plaintiffs and the CCR. In addition to the CCR, Plaintiffs named as Defendants the nineteen members and former members of the CCR, including GAF Corporation ("GAF")[1], the law firm Wells, Moore, Simmons & Hubbard, and Samuel J. Heyman, the former Chairman and CEO of GAF. According to Plaintiffs, the CCR and other Defendants are liable, based on various theories, for a shortfall in the CCR's settlement payments to Plaintiffs' counsel.

While naming Mr. Heyman, the Complaint is devoid of any allegation that Mr. Heyman had anything to do with the Settlement Agreement at issue or any action in connection therewith. The Complaint also fails to establish any basis for the exercise of personal jurisdiction over Mr. Heyman and, in fact, none exists. Accordingly, on October 11, 2000, Mr. Heyman filed a motion to dismiss for lack of personal jurisdiction in the District Court for the

---

[1] GAF Corporation has since been renamed G-I Holdings, Inc.

Northern District of Mississippi, where the case had been removed by Defendant GAF on August 16, 2000.[2] That motion has been fully briefed for the District Court. Thus, even if transfer were appropriate, fairness and efficiency dictates that Mr. Heyman's pending dismissal motion be decided before any transfer takes place.

## ARGUMENT

### I. Legal Test For Transfer Under Section 1407

The purpose of the MDL is to facilitate pre-trial coordination of cases pending in different districts if (1) they share one or more common questions of fact, (2) transfer will be for the convenience of parties and witnesses, and (3) transfer will promote the just and efficient conduct of such actions. If these conditions are met, transfer is within the Panel's discretion. If they are not met, transfer is improper. 28 U.S.C. § 1407(a) (2001).

The statute provides that transfer of a case to the MDL is appropriate when the case involves "one or more common questions of fact" with those currently before the MDL Court. *Id.* The Panel has consistently held that where "actions involve a common question of law and share few, if any, questions of fact, transfer under Section 1407 is inappropriate." *In re Am. Home Prods. Corp. "Released Value" Claims Litig.*, 448 F. Supp. 276, 278 (J.P.M.L. 1978).[3]

The Panel has previously held that when resolution of allegedly "related" cases will depend upon the interpretation of unique contracts, the criteria for transfer under Section

---

[2] Subsequently, Plaintiffs filed a motion to remand the case back to state court. Thereafter both Defendants Armstrong World Industries, Inc. and GAF filed for bankruptcy protection, and Defendant CCR and certain other Defendants filed motions to transfer the matter to the District of Delaware where the Armstrong Bankruptcy is now pending.

1407 are not satisfied. *See In re Airline "Age of Employee" Employment Practices Litig.*, 483 F. Supp. 814, 816-17 (J.P.M.L. 1980).[4] Furthermore, the Panel has held that when a complaint focuses on allegedly fraudulent actions undertaken in a particular state, transfer is inappropriate. *See In re Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979) (finding that because one of the complaints focused "on unique issues involving Heritage's allegedly fraudulent underreporting of its gross receipts concerning particular films exhibited in the Oklahoma City, Oklahoma area," the case raised "fundamentally different factual questions" from those cases already transferred).

The order establishing MDL 875 expressly ruled that the cases subject to transfer "involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products..." *In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875*, 771 F.Supp. 415, 417 (J.P.M.L. 1991). Cases falling outside this sphere deserve careful consideration before transfer is ordered — the more distant a case is from asbestos exposure allegations, the less likely its transfer to MDL 875 is warranted.

The CCR acknowledges that *Young* is not an asbestos personal injury case but argues that the Panel has previously transferred non-personal injury cases to MDL 875. *See* CCR Memorandum of Law, pp 6-9. For example, claims for indemnity and contribution between asbestos defendants have been transferred, as have claims challenging the professional conduct of asbestos plaintiffs' counsel. *See* CCR Memorandum of Law, pp 7-8. The propriety of those transfers is irrelevant and is not questioned here. However, it should be noted that the

---

[3] S*ee also In re Okla. Ins. Holding Co. Act Litig.*, 464 F. Supp. 961, 965 (J.P.M.L. 1979) (denying motion to transfer under Section 1407 as common legal issues, rather than common factual issues predominated); *In re U.S. Navy Variable Reenlistment Bonus Litig.*, 407 F. Supp. 1405, 1407 (J.P.M.L. 1976) ("we are of the view that questions of law rather than common questions of fact are significantly pre-ponderant and, hence, Section 1407 treatment would in any event be unwarranted.").

[4] *See also In re Westinghouse Elec. Corp. Uranium Contract Litig.*, 436 F. Supp. 990, 995 (J.P.M.L. 1977).

CCR, while selectively citing orders in which transfer has been granted, has failed to cite relevant orders remanding similar cases that have been deemed unsuitable for determination within MDL 875. For example, in *Raymark Corp. v. Baron*, No. 1:97-109 (D. Utah) (J.P.M.L. May 26, 1998), the Panel remanded a proceeding involving allegations of asbestos plaintiff counsel's impropriety, based on an order from Judge Weiner stating that remand was appropriate because:

> (a)...The gravamen of the complaint does not relate to the recovery of damages in behalf of an asbestos victim as is the case with most other MDL 875 actions, and (b) motions were pending in the trial court in the District of Utah which would be more appropriately handled by that court.

Order of Judge Weiner filed March 9, 1998, and Order of J.P.M.L. filed May 26, 1998, remanding *Raymark Corp. v. Baron*, No. 1:97-109 (D. Utah), Exhibit A, attached hereto.

Regardless of prior transfer orders, each proceeding subject to transfer must be decided on its own facts. The transfer statute requires the Panel to consider whether a specific proceeding meets the statutory requirements and, if so, to consider whether it should exercise its discretion in favor of transfer. *See* 28 U.S.C. § 1407 (2001).

The CCR seeks to circumvent the requirements of 28 U.S.C. § 1407(a) by suggesting that any argument about the appropriateness of transfer should be directed to Judge Weiner *after* transfer has been ordered, rather than addressing those arguments to this Panel. *See* CCR Memorandum of Law, pp 6-7, 9. Although, in the past, this Panel has followed the suggestions of Judge Weiner with respect to whether certain cases should be remanded, that does not mean that this Panel should transfer any and every case that a party seeks to transfer to MDL 875, without first conducting an examination of whether transfer meets the statutory test. The Panel retains a gatekeeper role and, in a case such as this, the gate should be left closed.

II.   **Application Of The Transfer Statute To This Case**

This proceeding should not be transferred, because the statutory criteria for transfer are not met. Even if they are met, the Panel should exercise its discretion against transfer.

*First*, this proceeding does not involve common questions of fact to those that are pending in other actions on the MDL 875 docket. In its Motion to Transfer, the CCR concedes that the *Young* case does "not simply present garden-variety asbestos personal injury claims." CCR Motion to Transfer at ¶ 5. The allegations in this proceeding concern the circumstances of formation of a settlement agreement between the CCR and Plaintiffs. The Plaintiffs allege, *inter alia*, that one or more of the Defendants acted fraudulently, negligently, or in conspiracy when the settlement agreement was being negotiated. These allegations are unique to the circumstances of this particular "non-payment" case. There are no common questions of fact that the MDL 875 Court can resolve with the asbestos personal injury cases on its docket. The factual inquiry in this case is simply whether one or more Defendants participated in a fraud. This case does not require the specialized expertise of the MDL 875 Court.

*Second*, transfer will not promote the just and efficient conduct of this action and will not improve the conduct of any other proceeding currently on the MDL 875 docket. As discussed above, on October 11, 2000, Mr. Heyman filed a Motion to Dismiss for lack of personal jurisdiction. The motion has been fully briefed, and Mr. Heyman has asked the Northern District of Mississippi to resolve the motion expeditiously. It is abundantly clear that Plaintiffs have not established any basis for the exercise of personal jurisdiction over Mr. Heyman, and it would be inefficient and unfair to require this motion to be presented again in another forum. Moreover, the issue of personal jurisdiction involves the interpretation of

Mississippi's Long-Arm statute. At a minimum, any transfer should take place after Mr. Heyman's dismissal motion has been decided.

In addition, a motion by Plaintiffs is pending before the Northern District of Mississippi to remand the *Young* proceeding back to the Mississippi Circuit Court in response to Defendant GAF's removal of the proceeding to federal court. Defendants, including Mr. Heyman, have vigorously opposed the remand motion which has been fully and extensively briefed. Accordingly, it is premature to transfer this proceeding from the Northern District of Mississippi to the Eastern District of Pennsylvania when the Plaintiffs are trying to have the proceeding returned to state court. At the very least, the Panel should defer its decision on the CCR's transfer motion until the Mississippi District Court has ruled on the remand motion.

The CCR's motion to transfer is inappropriate and, at best, premature in view of these pending motions, which were filed long before the CCR sought transfer to the MDL. Transfer will not promote the just and efficient conduct of this action; if anything, it will hinder its expeditious and efficient resolution.

## CONCLUSION

For the reasons set out above, the MDL Panel should dismiss the CCR's motion to transfer and consolidate this proceeding, or at least defer any decision on this motion until the Mississippi District Court has ruled on the motions pending before it, which may make this transfer motion redundant.

Dated: June 8, 2001

Respectfully submitted,

By _____
David J. Wolf
SIMPSON THACHER & BARTLETT
425 Lexington Avenue
New York, NY 10017-3964
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Counsel for Defendant Samuel J. Heyman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

Exhibit A

CRW



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS : MAR 09 1998
LIABILITY LITIGATION (No. VI) :
——————————————————x MARKUS B. ZIMMER, Clerk
                              : By _____
This Document Relates To: :
                              : CIVIL ACTION NO. MDL 875
RAYMARK CORPORATION and :
RAYMARK INDUSTRIES, :
    Plaintiffs, :
                              : FILED MAR 09 1998
        v.                    : MICHAEL E. KUNZ, Clerk
FRED M. BARON, : By _____ Dep. Clerk
    Defendant. :
    1:97-109 :
United States District Court :
District of Utah :
——————————————————x

A TRUE COPY CERTIFIED TO FROM THE RECORD
DATED: 3/6/98
ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED CLERK
1:97CV109J

## TRANSFER

THIS MATTER being reviewed this date by the Court *sua sponte*, and the Court having examined the matter;

THE COURT FINDS the following conditions present:

a) This is an action between a traditional asbestos defendant in the asbestos personal injury litigation and one of the major asbestos plaintiffs' attorneys. The gravamen of the complaint does not relate to the recovery of damages in behalf of an asbestos victim as is the case with most other MDL 875 actions, and

b) Motions were pending in the trial court in the District of Utah which would be more appropriately handled by that court.

THE COURT FINDS that since the United States District Court for the District of Utah is the district wherein this action

was originally brought, and that for the convenience of the parties and in the interest of justice this action should be returned there for further proceedings.

THE COURT THEREFORE ORDERS, pursuant to Section 1404(a), Title 28, United States Code, that the above-entitled action be TRANSFERRED to the United States District Court for the District of Utah for further proceedings.

BY THE COURT:

Date: 3/5/98

*Charles R Weiner*
CHARLES R. WEINER, J.

ENTERED: 3/6/98

CLERK OF COURT

A CERTIFIED TRUE COPY

MAY 22 1998

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

FILED
MICHAEL E. KUNZ, Clerk
DOCKET NO. 875
By_____ Dep. Clerk
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

FILED
CLERK'S OFFICE

FILED MAY 26 1998

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Raymark Corp., et al. v. Frederick M. Baron, et al.*, E.D. Pennsylvania (D. Utah, C.A. No. 1:97-109)

**BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,\* WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS\* AND LOUIS C. BECHTLE, JUDGES OF THE PANEL**

### REMAND ORDER

Before the Panel is a motion, pursuant to Rule 14(f), R.P.J.P.M.L., 147 F.R.D. 589, 598-99 (1993), brought by the defendants in the above-captioned action (*Raymark*) to vacate the Panel's order conditionally remanding the action to the District of Utah. Plaintiffs in *Raymark* support remand.

On the basis of the papers filed,[1] the Panel finds that remand of *Raymark* is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [14(c)], R.P.J.P.M.L., [147] F.R.D. [589, 597-98 (1993)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977). In the matter now before us, the transferee judge has entered an order reflecting his determination that he has completed his task under Section 1407 as transferee judge with respect to *Raymark*. We respect and adopt that conclusion and therefore will order remand of the action.

---

\*Judges Merhige and Sanders took no part in the decision of this matter.

[1] The parties to *Raymark* waived oral argument and, accordingly, the question of Section 1407 remand of the action was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Raymark Corp., et al. v. Frederick M. Baron, et al.*, E.D. Pennsylvania (D. Utah, C.A. No. 1:97-109), be, and the same hereby is, remanded from the Eastern District of Pennsylvania to the District of Utah.

FOR THE PANEL:

John F. Nangle
Chairman

A TRUE COPY CERTIFIED TO FROM THIS RECORD
DATED: 5/27/98
ATTEST:
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

xc 5/27/98: Liaison Counsel
Certified Copies: USDC UTAH

ENTERED: 5/27/98

CLERK OF COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 11 2001

FILED
CLERK'S OFFICE

## Certificate of Service

I hereby certify that I caused copies of the foregoing Memorandum of Law of Defendant Samuel J. Heyman in Opposition to Motion of Defendant Center for Claims Resolution, Inc., to Transfer and Consolidate this Proceeding with MDL 875, to be served this 8th day of June, 2001, by first-class mail on the attached service list, as well as on the following persons:

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, D.C. 20036

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

Arlen B. Coyle
Clerk of the Court
United States District Court for the
Northern District of Mississippi
P.O. Box 727
369 Federal Building
911 Jackson Avenue
Oxford, Mississippi 38655

David J. Woll

**SERVICE LIST**

DOCKET NO. 875

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Benjamin E. Griffith
Griffith & Griffith
123 South Court Street
P.O. Box 1680
Cleveland, MS 38732

Gerald H. Jacks
Jacks, Adams & Norquist
P.O. Box 1209
Cleveland, MS 38732

Marcy L. Bryan
Forman, Perry,
Watkins, & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS 39201

Dean A. Hanley
Paul & Hanley, LLP
4905 Central Avenue
Suite 200
Richmond, CA 94804

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Susan M. Hanson
Stich, Angell, Kreidler,
Brownson & Ballou, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Joel J. Henderson
Henderson & Dantone
P.O. Box 778
Greenville, MS 38702

Michael T. Lewis
P.O. Box 1209
Cleveland, MS 38614

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse
Building Suite 1000
Independence Mall East
Philadelphia, PA 19106

Edward Houff
Church & Houff, P.A.
The B&O Building, Suite 600
2 North Charles Street
Baltimore, MD 21201

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Ronald L. Motley
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

## SERVICE LIST

## DOCKET NO. 875

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Donald A. Powell
Buckingham, Doolittle &
Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney, P.C.
Suite 3200, Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour, & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm,
P.C.
1370 Penobscot Building
Detroit, MI 48226

Frank S. Thackston, Jr.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS 38702

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Box 240
1528 East Beach Boulevard
Gulfport, MS 39502

James K. Weston
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406