MDL-875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

|  |  |  |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | ) ) ) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | ) ) ) |  |
| YOUNG ET AL., | ) ) |  |
| Plaintiffs, | ) ) |  |
| v. | ) ) | No. 4:00-CV-225-P-A (N.D. Miss.) |
| THE CENTER FOR CLAIMS RESOLUTION ET AL., | ) ) ) |  |
| Defendants. | ) ) |  |

**REPLY MEMORANDUM IN SUPPORT OF MOTION BY
DEFENDANT CENTER FOR CLAIMS RESOLUTION TO
TRANSFER AND CONSOLIDATE WITH MDL 875**

**INTRODUCTION AND SUMMARY**

Our opening memorandum showed that, under the standards this Panel has consistently applied since the establishment of MDL 875 in 1991, the above-captioned action should be transferred to Judge Weiner for consolidated and coordinated pretrial proceedings. Specifically, we showed that:

(1) The Panel has consistently ruled that <u>all</u> claims that relate to personal injuries caused by asbestos should be transferred to MDL 875, regardless of "the presence of



OFFICIAL FILE COPY   IMAGED JUN 26 '01

unique claims or additional claims not relating to asbestos injury or death."[1] It therefore makes no difference that Young does not simply present a garden-variety asbestos personal injury claim; the Panel has frequently transferred non-tort claims intertwined with the asbestos personal injury litigation.

(2) In the course of managing MDL 875, Judge Weiner has already repeatedly addressed the central issue raised in this case – namely, whether the members of the Center For Claims Resolution, Inc. ("CCR") are jointly liable under multi-defendant asbestos personal injury settlement agreements negotiated by the CCR. See Exhibits B-D to our opening memorandum. Those rulings confirm that this case is appropriate for inclusion within MDL 875, because (a) any necessary discovery or other pretrial proceedings herein will overlap with cases already before Judge Weiner, (b) these matters are within Judge Weiner's expertise, and (c) Judge Weiner believes that these matters are within the scope of his duties as the asbestos MDL judge.

(3) This case is part of a nationwide wave of settlement enforcement litigation. Indeed, transfer motions are now pending before this Panel in four similar cases.[2] Given that the combined litigation involves thousands of claimants and well over $100 million

---

[1] E.g., Order filed Feb. 4, 2000, transferring Givens v. Witco Corp., Inc., C.A. No. 2:99-2283 (E.D. La.) (Exhibit E to our opening memorandum); Order filed Sept. 29, 1998, transferring Raymark Indus., Inc. v. Baron, C.A. No. 3:98-673 (N.D. Tex.) (Exhibit J); Order filed Oct. 1, 1993, transferring Keene Corp. v. Fiorelli, C.A. No. 1:93-2129 (E.D.N.Y.) (Exhibit M).

[2] The others are Lowry, et al. v. CCR, et al., No. 00-1454 (C.D. Ill.); Doval, et al. v. Maremont Corp., No. C-01-0540 JL (N.D. Cal.); and Perez, et al. v. CCR, et al., No. C-01-1627 JCS (N.D. Cal.).

in controversy, there can be no genuine dispute that these cases should be transferred to Judge Weiner because they will "affect the overall management of this litigation." In re Asbestos Prods. Liab. Litig., 771 F. Supp. 415, 421-22 (J.P.M.L. 1991).

Plaintiffs and defendant Samuel J. Heyman make several arguments to the contrary, none of which provide any basis for denial of transfer.[3]

## ARGUMENT

### 1. This case has not been finally resolved.

Plaintiffs argue that this case should not be transferred to MDL 875 because on May 22, 2001, plaintiffs' counsel (on behalf of plaintiffs) and the CCR (on behalf of certain defendants herein[4]) entered into an agreement to settle plaintiffs' claims against those defendants. A copy of that settlement agreement is attached as Exhibit O hereto. However, that agreement explicitly states that, if full payment is made by July 6, 2001, plaintiffs will release their claims against these defendants, but that "[i]f full payment is not made [by July 6, 2001], Plaintiffs have the right to revoke this settlement and to proceed with this case against all the defendants." Because these defendants have not yet

---

[3] Pursuant to Panel Rule 7.2(d), this memorandum replies to both of those oppositions.

[4] Those defendants include Amchem Products, Inc., CertainTeed Corp., C.E. Thurston & Sons, Inc., Dana Corp., Ferodo America, Inc., Flexitallic, Inc., I.U. North America, Inc., Maremont Corp., National Service Industries, Inc., Nosroc Corp., Pfizer, Inc., Quigley Company, Inc., Shook & Fletcher Insulation Co., T&N plc, Union Carbide Corp., United States Gypsum Company, CCR, and Wells, Moore, Simmons, & Hubbard, PLLC.

been dismissed from this action, this case has not yet been finally resolved as to them, and the motion to transfer is not moot.[5]

### 2. This case satisfies the requirements for transfer.

Our opening brief established that this case (along with the three similar cases for which transfer is also pending) satisfies the requirements for transfer because it involves hundreds of millions of dollars of asbestos settlement litigation, impacting the core issues of the MDL 875 docket concerning asbestos settlement obligations, settlement funding, and proper claim sequencing. Moreover, Judge Weiner has considered the exact issues involved in this case – *i.e.*, the liability of CCR members for settlement obligations incurred by defaulting former CCR members – in three MDL 875 cases. Finally, the Panel has not hesitated to transfer non-personal injury cases impacting the asbestos litigation to Judge Weiner (including indemnification or contribution claims, claims against asbestos plaintiffs' attorneys, workers' compensation claims, and antitrust, racketeering, and fraud claims), and has allowed Judge Weiner to suggest remand of any claims that he determines would not benefit from coordinated or consolidated pretrial consideration.

Plaintiffs argue that the connection between this case and other cases pending in MDL 875 is mere "coincidence." Plaintiffs' Opposition, at 1. This case arose, however,

---

[5] On May 30, 2001, the CCR moved the Panel to stay this transfer motion. Michael J. Beck, Clerk of the Panel, advised us that a stay would not be granted since the July 6 contingency will be resolved by the time the Panel considers the transfer motion at its July 26 hearing.

from the settlement of the asbestos personal injury claims of 183 plaintiffs, and the default on that settlement by a traditional asbestos defendant, GAF Corporation. The settlement was negotiated by experienced plaintiffs' asbestos counsel and the CCR, which was formed by a group of companies to negotiate and settle asbestos personal injury claims against them. Moreover, this case is part of a nationwide litigation involving settlements of asbestos personal injury claims. Therefore, the connection between this case and MDL 875 is a natural one.

Defendant Heyman adds that transfer is inappropriate because this case involves contract and fraud claims. But the factual issues raised by the contract claim in this case are identical to those that Judge Weiner has already considered in three MDL 875 cases. Moreover, the Panel has consistently held that Judge Weiner has the authority to remand any claims that he determines will not benefit from MDL treatment. In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. June 11, 2001) (transfer order), at 2. Therefore, if Judge Weiner determines that this case presents unique factual issues not common to other MDL 875 cases (which it does not), he will suggest that the Panel remand those claims to the transferee court. See id. ("To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.").

Defendant Heyman also urges that the Panel's disposition of <u>Raymark Corp.</u> v. <u>Baron</u>, No. 1:97-109 (D. Utah), justifies denial of transfer. In fact, however, that case is precedent in favor of transfer. There the Panel <u>transferred</u> an action between a traditional asbestos defendant and a major asbestos plaintiffs' attorney to MDL 875. See Exhibit L to our opening memorandum. After Judge Weiner suggested that the Panel remand the action to the transferor court, the Panel remanded the case. See Exhibit A to defendant Heyman's memorandum. In this case, the Panel should similarly transfer this action to Judge Weiner, whereupon he can suggest remand of any claims that he determines will not benefit from inclusion in MDL 875.

3. **Pending motions in the transferor court do not preclude transfer.**

Both plaintiffs and defendant Heyman argue that transfer is inappropriate because there are currently motions pending before the transferor court, including plaintiffs' motion to remand[6] and defendant Heyman's motion to dismiss. Plaintiffs' Response, at 1, 3; Heyman Opposition, at 3, 6-7.

The Panel has consistently rejected this argument against transfer. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not

---

[6] Plaintiffs argue (at 5-8) that transfer is inappropriate because federal diversity jurisdiction does not exist herein. But federal jurisdiction unquestionably exists under 28 U.S.C. § 1452, due to the bankruptcy filing of Armstrong World Industries, Inc., a defendant in this case. In any event, those jurisdictional issues have been briefed, remain pending, and will be for Judge Weiner to evaluate following transfer.

present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. June 11, 2001) (transfer order), at 1-2 (citing In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991)). The Panel has repeatedly reaffirmed this position,[7] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. June 11, 2001) (transfer order), at 1 n.2 ("Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").

Moreover, the argument that the pendency of motions in the transferor court precludes transfer also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to determine whether removal from state court was proper, and whether particular defendants should be dismissed. Therefore, in keeping with Panel precedent, plaintiffs and defendant Heyman

---

[7] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Jan. 26, 2001) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Nov. 22, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Sept. 28, 2000) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. July 20, 2000) (transfer order), at 2.

should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

4. **Plaintiffs' motion for additional time should be denied.**

Plaintiffs seek an extension of time until July 16 to file an additional opposition to the CCR's motion to transfer. Plaintiffs' motion should be denied. Plaintiffs have fully briefed their substantive arguments against transfer, and had ample time under the Panel's Rules to make additional substantive arguments, if they so chose. Their request for additional time is both unnecessary and threatens to delay the Panel's consideration of the CCR's motion to transfer. It should be rejected.

## CONCLUSION

The CCR's motion to transfer should be granted.

Respectfully submitted,

/s/

William F. Sheehan
Richard M. Wyner
Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC 20036
(202) 828-2000

Counsel for Defendant Center For Claims Resolution, Inc.

June 21, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 2 2001

FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE
2001 JUN 21  P 4: 20
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

ANDREWS OFFICE PRODUCTS CAPITOL HEIGHTS, MD (K)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

WILLIAM YOUNG, ET AL.                                           PLAINTIFFS

VS.                                                   CAUSE NO. 4:00CV224-P-D
                                                              4:00CV225-P-D

CCR, INC., SAMUEL J. HEYMAN, ET AL.                           DEFENDANTTS

## SETTLEMENT MEMO

1. The CCR, Inc. as agent for Amchem Products, Inc., CertainTeed Corp., C.E. Thurston and Sons, Inc., Dana Corp., Ferodo America, Inc. (formerly Nuturn Corp.), Flexitallic, Inc., I.U. North America, Inc., Maremont Corp., National Services Industries, Inc., Nosroc Corp., Pfizer, Inc., Quigley Company, Inc., Shook & Fletcher Insulation Co., T&N plc, Union Carbide Corp., United States Gypsum Co., hereby agrees and obligates the said principals, severally, to pay to the Lewis & Lewis, Attorneys, on behalf of Group I Plaintiffs identified in attached Exhibit A and Group II Claimants, identified in attached Exhibit B, previously identified and known to the parties hereto, subject to approval of Plaintiffs and Claimants, the aggregate sum of $899,000 to be apportioned among said Plaintiffs and Claimants as previously set forth in the Settlement Agreement of September 15, 1999.

2. In consideration of such payment, subject to the approval of its clients, Lewis & Lewis, Attorneys for and on behalf of its Group I and Group II clients do hereby agree to release and discharge all claims in the above captioned case and to dismiss this case against the CCR, the named principals, and defendant Wells,

Moore, Simmons and Hubbard, PLLC, reserving only claims for enhanced or unknown upgrade diseases as provided in the earlier agreement of September 15, 1999, and also reserving all claims against the remaining Defendants GAF, Armstrong, ACMC, and Sam Heyman, in the above captioned case.

3. As additional consideration, upon the dismissal of the case as referred to in paragraph 2, above, Wells, Moore, and the CCR, Inc., for its principals and their counsel to cooperate with counsel for the Plaintiffs to secure the remand of the pending lawsuit to the Circuit Court of Washington County, Mississippi, including but not limited to the withdrawal of a pending Motion to Transfer said cause to Multi-District Adjudication. The CCR further agrees on its own behalf and on behalf of its principals immediately to move the Multi-District Panel to stay the pending motion pending final settlement.

4. The agreed sum shall be payable to Lewis & Lewis, Attorneys within 45 days from the date hereof. If full payment is not made within 45 days, Plaintiffs have the right to revoke this settlement and to proceed with this case against all the defendants.

This, the 22nd day of May, 2001.

APPROVED AND AGREED:

                                Lewis & Lewis, Attorneys

                                By: _____

                                Shea & Gardner

                                _____
For CCR, Inc. and its named principals herein, and Wells, Moore, Simmons & Hubbard PLLC, as Attorney-in-Fact, as if being authorized to do so

                                Witness/Mediator

                                _____
Jack F. Dunbar

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 21st day of June, 2001, I caused an original, eleven (11) copies, and a computer readable disk copy of the foregoing to be served by hand on the Clerk of the Panel:

>Michael J. Beck
>Clerk of the Panel
>Judicial Panel on Multidistrict Litigation
>Thurgood Marshall Federal Judiciary Building
>One Columbus Circle, N.E.
>Room G-225, North Lobby
>Washington, D.C. 20002-8004

I further certify that, on this 21st day of June, 2001, I caused copies of the foregoing to be served by first-class mail, postage prepaid, on counsel on the attached service list.

I finally certify that, on this 21st day of June, 2001, I caused a copy of the foregoing to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

>Michael E. Kunz
>Clerk of the Court
>United States District Court for the
>Eastern District of Pennsylvania
>601 Market Street
>Philadelphia, PA 19106-1797

_____
Adam M. Chud

## INVOLVED COUNSEL LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS 39201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Benjamin E. Griffith
Griffith & Griffith
123 South Court Street
P.O. Box 1680
Cleveland, MS 38732

Dean A. Hanley
Paul & Hanley, LLP
4905 Central Avenue
Suite 200
Richmond, CA 94804

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Joel J. Henderson
Henderson & Dantone
P.O. Box 778
Greenville, MS 38702

Edward Houff
Church & Houff, P.A.
The B&O Building, Suite 600
2 North Charles Street
Baltimore, MD 21201

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Gerald H. Jacks
Jacks, Adams & Norquist
P.O. Box 1209
Cleveland, MS 38732

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Michael T. Lewis
P.O. Box 1209
Cleveland, MS 38614

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

INVOLVED COUNSEL LIST (Cont.) MDL-875                    PAGE 2

Frank S. Thackston, Jr.
Lake Tindall, LLP
P.O. Box 918
Greenville, MS 38702

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Box 240
1528 East Beach Boulevard
Gulfport, MS 39502

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406