MDL-875

# DOUG WADE
*ATTORNEY AT LAW*

RECEIVED
CLERK'S OFFICE

2001 JUL 11 P 12: 20

405 TOMBIGBEE STREET
JACKSON, MS 39201

OFFICE: 601-354-8930
FAX: 601-354-5548

July 11, 2001

Judicial Panel on Multidistrict Litigation
Attn: Michael J. Beck, Clerk of Panel
One Columbus Cr., NE
Thurgood Marshall Fed. Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

**VIA FAX TRANSMITTAL TO (202) 502-2888**

PLEADING NO. 3267

RE: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)
Justin Shane Wooley vs. International Paper Company and F. Brad Biggers, Individually
U. S. District Court for the Southern District of MS
No.: 1:01CV237GR
Circuit Court of Warren County, MS
No.: 01,0085-CI

Dear Mr. Beck:

The purpose of this communication is to serve as Plaintiff's Notice of Opposition to Conditional Transfer Order (CTO-200), Docket No. 875.

The reasons for Plaintiff's opposition to the CTO in this case are:

1. The action filed by Plaintiff in the Circuit Court of Warren County, MS is **NOT** a products liability action.

2. The manufacturer of the product in this case is not named as a defendant. This case is a premises liability case **only**.

3. The matters and issues involved in this case are basically confined to the plant location of the Defendant at Redwood, Warren County, Mississippi. Most of the discovery involved with the trial of this case relates to the location of asbestos at the plant in Redwood, MS. All witnesses, except for pulmonologist, known at this time will be local. There will be an issue which will involve records belonging to Defendant required to be kept at this facility.

Judicial Panel on Multidistrict Litigation
Attn: Michael J. Beck, Clerk of Panel
July 11, 2001
Page 2

4. The central issue involved will be the acts of the Defendants in maintaining the asbestos product on the premises.

5. The further issue will be how long the Defendants maintained this product on its premises and the exposure of the product to authorized personal; and the duty imposed upon the owner and/or lessee of the building in regard to asbestos being on the premises.

6. There is no real common issue in this case with the other cases to be removed by the CTO, except that it involves asbestos.

7. Plaintiff intends to file a Motion to Remand this cause to the Circuit Court of Warren County, Vicksburg, Mississippi. Due to the complexity of this matter, Plaintiff needed additional time within which to file his Motion to Remand. A copy of the Minute Entry Order entered in the United States District Court, Southern District of Mississippi granting additional time within which to allow Plaintiff to file his Motion to Remand, is attached. Plaintiff will file his Motion to Remand within the time allotted. It is Plaintiff's belief that his Motion to Remand will be sustained by the appropriate Federal Judge.

Sincerely yours,

Doug Wade

LDW/mww
attachment

cc: United State District Court
Southern District of Mississippi
J. T. Noblin, Clerk
725 Dr. Martin Luther King, Jr., Blvd. Suite 243
Biloxi, MS 39530

Hon. Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205
(Attorney for Defendants)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 11 2001

## MINUTE ENTRY ORDER

FILED
**FORM #3** CLERK'S OFFICE

DOCKET # 1:01cv237GR          DATE: 07-05-01

SHORT TITLE:   Wooley v. International Paper Co.

JUDGE:   Roper

DOCUMENT NO.:

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL -5 2001
BY _____ DOBLIN, CLERK
                                    DEPUTY

### TYPE ACTIVITY

PRETRIAL MOTION __X__     IN LIMINE MOTION ____     POST TRIAL MOTION ____

### ACTION TAKEN

(1) **Motion:** Ore Tenus ____   Written __X__   by Pltf __X__   Deft ____   Ct ____

   Motion:     To extend the deadline for plaintiff to file for a Motion to Remand [9-1].

   Decision:   The Court grants plaintiff's motion for good cause shown. Deadline for the plaintiff to file a Motion to Remand is hereby extended to August 1, 2001, for good cause shown.

ORDERED THIS THE __5th__ DAY OF ____July____, 2001.

_____
UNITED STATES MAGISTRATE JUDGE