JUL-16-01 MON 12:30 PM   Case MDL No. 875   Document 3210   Filed 07/18/01   Page 1 of 92   FAX   PAGE 2
MB
TH
RH
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUL 18 2001
FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| WILLIAM YOUNG, et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 4:00CV224-P-D |
| CCR, INC., SAMUEL J. HEYMAN, et al | DEFENDANTS |

and

| | |
|---|---|
| WILLIAM YOUNG, et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 4:00CV225-P-D |
| CCR, INC., SAMUEL J. HEYMAN, et al | DEFENDANTS |

## ORDER

This day this cause came on for hearing on the plaintiffs' Motion to Remand [13-1] and Motion for Abstention and Renewal of Motion to Remand (docketed as [25-1] in cause number 4:00CV224-P-D). The Court, having duly considered the motion, finds as follows, to-wit:

In accordance with the findings and analysis set forth in this Court's Memorandum Opinion, the plaintiffs' motions are well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand and Motion for Abstention and Renewal of Motion to Remand (docketed as [25-1] in cause number 4:00CV224-P-D) are well-taken and should be, and hereby are, GRANTED. This cause is hereby remanded to the Circuit Court of Washington County.

SO ORDERED, this the 12th day of July, 2001.

W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

MDL- 875
RECOMMENDED ACTION
MOTION MOOT + VAC. HSO -- 1 ACTION
Approved/Date: MK  7/17

IMAGED JUL 19 '01

**FILED**
**JUL 13 2001**
ARLEN B. COYLE, CLERK
BY _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| WILLIAM YOUNG, et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 4:00CV224-P-D |
| CCR, INC., SAMUEL J. HEYMAN, et al | DEFENDANTS |

and

| | |
|---|---|
| WILLIAM YOUNG, et al | PLAINTIFFS |
| VERSUS | CIVIL ACTION NO. 4:00CV225-P-D |
| CCR, INC., SAMUEL J. HEYMAN, et al | DEFENDANTS |

## MEMORANDUM OPINION

This cause is before the Court on the plaintiffs' Motion to Remand [13-1] and Motion for Abstention and Renewal of Motion to Remand (docketed as [25-1] in cause number 4:00CV224-P-D). The Court, having reviewed the motions, the responses thereto, the briefs of the parties and the authorities cited, finds as follows, to-wit:

### FACTS AND PROCEDURAL BACKGROUND

This case originated in the Circuit Court of Washington County by way of a complaint filed on July 7, 2000. Filed on behalf of some 183 plaintiffs, the complaint sought relief against numerous asbestos suppliers based on their purported failure to adhere to the terms of a settlement agreement between plaintiffs and the asbestos defendants.[1] The complaint states only state law

---

[1] The facts giving rise to the suit are much more complex, but for purposes of ruling on the instant motion, the above synopsis is adequate.

theories and includes an ad damnum clause which limits the damages sought for each plaintiff to no more than $75,000.

On August 16, 2000, defendants removed the state court action to this Court. The Notice of Removal relied upon diversity jurisdiction to support the removal. Plaintiffs countered with a Motion to Remand in which they pointed out the lack of complete diversity between the plaintiffs and defendants. Their motion highlighted their position that both plaintiff Thomas E. Jenkins, Sr. and defendant United States Gypsum Company are citizens of Illinois and that plaintiff Oliver Ford shares New York citizenship with defendants Samuel Heyman, Union Carbide Corporation and Pfizer, Inc.[2]

Thereafter, on December 6, 2000, defendant Armstrong World Industries (Armstrong) sought protection under chapter 11 of the bankruptcy code. In response thereto, the defendants advised the Court of their reliance upon this Court's bankruptcy jurisdiction as an additional ground for the exercise of jurisdiction over the subject matter of the controversy.[3] Plaintiffs responded with a motion for abstention pursuant to 28 U.S.C. § 1334(c). These motions have been fully briefed and the Court is ready to rule.

---

[2] Jenkins and Ford submitted affidavits attesting to their status as citizens of Illinois and New York respectively; in response to defendants' challenge based on the dearth of detail in the affidavits, they submitted additional affidavits detailing the nature and longevity of their contacts with their home states.

[3] More recently, two other defendants, GAF (or more accurately, its successor corporation G-I Holdings, Inc.) and United States Gypsum, sought protection under the bankruptcy code as well.

2

## LEGAL ANALYSIS

I.   Motion to Remand

   A.   Jurisdiction Predicated on 28 U.S.C. § 1332

Plaintiffs urge this Court to take note of defendants' failure to meet either of the requirements for jurisdiction under 28 U.S.C. § 1332–i.e., diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. While their later filings concede a jurisdictional basis for removal grounded on 28 U.S.C. § 1334(b) and § 1452, plaintiffs adamantly maintain a right to remand premised on the abstention provisions of § 1334(c). Because the existence of additional jurisdictional grounds affects the abstention analysis, it is still necessary to consider whether the requirements for diversity jurisdiction are met.

   1.   Lack of Complete Diversity

Title 28, section 1332, commonly referred to as the "diversity statute," requires that there be _complete_ diversity between the each plaintiff and each defendant in a suit. That is, subject matter jurisdiction is lacking if any defendant is a citizen of the same state as any party plaintiff. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992).

It is axiomatic that the party seeking removal bears the burden of proving the jurisdictional prerequisites. Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Defendants do not contest the status of co-defendant United States Gypsum Company as a citizen of Illinois, or of Samuel Heyman, Union Carbide Corporation and Pfizer, Inc. as citizens of New York. Review of the affidavits submitted by plaintiffs Jenkins and Ford reveals a more than adequate basis for a

finding of citizenship in Illinois and New York.[4] Defendants failed to submit any evidentiary materials tending to rebut the facts attested to, a failure which proves fatal to their ability to carry the burden of proof on the jurisdictional issue.[5] In view of the defendants' failure to satisfy their burden of establishing the predicates to this Court's exercise of subject matter jurisdiction, the Court is constrained to find that the removal was not supported by the diversity statute.[6][7]

B.   Jurisdiction Predicated on 28 U.S.C. § 1334

Defendants also claim a right to removal based on this Court's bankruptcy jurisdiction. Title 28, section 1452(a) provides for removal jurisdiction of cases as follows: "A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Review of § 1334(b) reveals a broad jurisdictional grant over bankruptcy cases

---

[4] Appropriate factors for consideration include: the person's current residence; the person's registration and place of voting; where the person receives his mail; the location of the person's real and personal property; the state issuing the person's drivers' license; the state where the person's bank accounts are maintained; club or church memberships; the person's place of employment, if any; and where the person pays taxes. 13B Charles Alan Wrgith, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3612 n. 17, 18 (2d ed. 1984).

[5] While the Court is cognizant of the defendants' statements averring to the need for a hearing, the lapse of time between the plaintiffs' filing of the Motion to Remand and the Court's ruling provided an adequate window of opportunity for defendants to develop their proof regarding Jenkins and Ford's citizenship status by means of depositions and written discovery.

[6] Because the failure of diversity is evident based on an analysis of Jenkins and Ford's citizenship, it is unnecessary for the Court to devote any consideration to whether Wells Moore Simmons & Hubbard PLLC is properly joined as a party defendant.

[7] Based on this Court's finding that complete diversity is lacking, it is unnecessary for the Court to analyze § 1332's amount in controversy requirement as applied to the facts of this case. However, the Court would simply note its earlier ruling in Smith v. Associates Capital Bank, Civil Action No. 1:99CV301-P-A (N.D. Miss. Dec. 3, 1999) would likely apply to the present case.

and those cases having some relation to a case in bankruptcy: "Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Id. For purposes of determining whether a matter falls within bankruptcy jurisdiction, it is only necessary to decide whether the matter is at least "related to" the bankruptcy. In re Wood, 825 F.2d 90, 93 (5th Cir. 1987). In most cases, the "usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could <u>conceivably</u> have any effect on the estate being administered in bankruptcy." In re Pacor, Inc., 743 F.2d 984, 994 (3rd Cir. 1984). Moreover, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Id. See also Matter of Zale Corp., 62 F.3d 746, 752 (5th Cir. 1995); In re Wood, 825 F.2d 90, 93 (5th Cir. 1987)(referencing the same test for purposes of "related to" jurisdiction).

The Court finds that this case "relates to" a case under Title 11. At least three of the defendants are in bankruptcy; plaintiffs seek to recover unpaid sums allegedly due under the settlement agreement--from either GAF as the reneging party (and a debtor defendant) or the other releasees (two of whom are also in bankruptcy) under the theory that the settlement imposed a joint obligation of payment on the defendants, thereby requiring them to make up any deficiency resulting from GAF's failure to pay.[8] It is evident that this action does have an effect on the debtors' rights

---

[8] In so summarizing plaintiffs' claims, the Court makes no intimation regarding the viability of the theories advanced by plaintiffs.

5

and liabilities and it most definitely impacts upon the handling and administration of the bankrupt estates. The Court thus concludes that this Court has removal jurisdiction pursuant to 28 U.S.C. §§ 1334 and 1452(a). That is not the end of the matter, however, the ultimate decision regarding remand is dependent on the application of abstention principles to the facts of this case.

II.     Motion to Abstain

The Court's jurisdiction over matters, both core and non-core, pursuant to § 1334(b) is not exclusive. And subsections (c)(1) and (2) of the statute makes it abundantly clear that principles of abstention may apply in an appropriate case. Those provisions read as follows:

> (c)(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
>
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c).

The courts have developed an extensive list of criteria to consider in determining whether abstention is appropriate under § 1334(c)(1). Those factors include:

1. The effect of abstention on the efficient administration of the bankruptcy estate;

2. The extent to which state law issues predominate over bankruptcy issues;

3. The difficulty or unsettled nature of the applicable law;

4. The presence of a related proceeding commenced in state court or other non-

      bankruptcy court;

5. The basis for jurisdiction, if any, other than 28 U.S.C. § 1334;

6. The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

7. The substance rather than form of an asserted "core" proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

9. The burden of the bankruptcy court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial;

12. The presence in the proceeding of non-debtor parties;

13. Comity; and

14. The possibility of prejudice to other parties in the action.

Searcy v. Knostman, 155 B.R. 699, 710 (S.D. Miss. 1993). Review of the foregoing factors militates in favor of this Court's exercising its discretion to abstain. This case is one based solely on state law and the Court's findings in section I.A. supra makes it clear that without the fortuitous bankruptcy filings by the defendants, this case is not one which could have been brought in federal court. The relationship between the case at bar and the bankruptcy cases is remote–the parties have identified no bankruptcy issues which require consideration- obviously, state law issues are predominant in this case. The plaintiffs' claims against the defendants antedated the bankruptcy filings and involve claims against numerous non-debtor defendants by non-debtor parties. There has been no suggestion

JUL-16-01 MON 12:30 PM  FAX  PAGE 11
Case MDL No. 875   Document 3210   Filed 07/18/01   Page 9 of 9

by the parties on either side that the state court would be incapable of affording timely adjudication on the merits nor that the defendants would be prejudiced by a state court adjudication. Under the circumstances, the plaintiffs' choice of forum is entitled to some deference. Principles of comity and respect for state law make abstention appropriate in this case.

## CONCLUSION

For the above and foregoing reasons, the Court finds that the plaintiffs' Motion to Remand and Motion for Abstention and Renewal of Motion to Remand are well-taken and should be granted. An order will issue accordingly.

This, the 12th day of July, 2001.

W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE