Case MDL No. 875   Document 3219   Filed 07/23/01   Page 1 of 8

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 23 2001

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  LLOYD F. LEROY, ESQ., S.B. #203502
   BRAYTON ❖ PURCELL
3  ATTORNEYS AT LAW
   222 Rush Landing Road
4  Novato, California 94945
   (415) 898-1555
5  (415) 898-1247 fax

6  Attorneys for Plaintiffs

7

8                **JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

9

| | |
|---|---|
| 10  PAUL WESTBROOK and MARLENE WESTBROOK, | Case :N.D. California, C.A. No.3:01-1661 |
| 11 | PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-199; BRIEF IN SUPPORT OF MOTION |
| 12           Plaintiff, | |
| 13  vs. | |
| 14  ASBESTOS DEFENDANTS (BHC), et al., | |
| 15           Defendants. | |

16

17

18       Plaintiffs, PAUL WESTBROOK ane MARLENE WESTBROOK hereby file this

19  Motion to Vacate the Judicial Panel's order transferring this case to the Eastern District of

20  Pennsylvania for consolidation with Multidistrict Litigation Panel (MDL) #875 (No. VI).

21  Plaintiff bases this motion on the ground that transfer to the MDL is inappropriate because this

22  is not properly a federal case.

23       This case was improperly removed from the State Court of California in and for the

24  County of San Francisco, California. The notice of removal is deficient on its face. Plaintiff has

25  filed a motion for remand in the federal district court for the Northern District of California

26  which is scheduled to be heard on July 26, 2001 at 10:00 a.m. This case should not be

27  transferred to the MDL until that district court has had an opportunity to rule on plaintiffs'

28  ///

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945
(415) 898-1555

IMAGED JUL 25 '01

K:\CLIENTS\25642\app-vac.wpd                    1
PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION

**OFFICIAL FILE COPY**

Case MDL No. 875   Document 3219   Filed 07/23/01   Page 2 of 8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 23 2001

FILED
CLERK'S OFFICE

motion. When it does so, remand to the State Court will be appropriate. For all these reasons transfer to the MDL at this time is inappropriate.

Dated: July 19, 2001

BRAYTON ❖ PURCELL

By _____
Lloyd F. LeRoy
Attorney for Plaintiffs

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE**

I. <u>STATEMENT OF FACTS</u>

Plaintiffs filed this action on March 14, 2001, in the Superior Court of California in and for San Francisco County. The complaint seeks damages for asbestos-caused personal injury and disease stemming from his occupational exposure to asbestos-containing products. Among many others, plaintiffs alleged injury occurring on premises owned or operated by the defendant TODD SHIPYARDS CORPORATION ("TODD") or its alternate entity, TODD PACIFIC SHIPYARDS CORPORATION.

Defendant TODD removed the case to the United States District Court for the Northern District of California. TODD based its removal on 28 U.S.C. §1442(a)(1), alleging that it was acting under the direction of a federal officer when it performed contract work on the following U.S. Navy ships: USS RANGER, USS HANCOCK, USS ORISKANY, USS MIDWAY, USS CORAL SEA, USS WABASH, USS WICHITA, USS KANSAS CITY, USS AMERICAN RACER, USS AMERICAN TRADER and USS SILAS BENT, and that the exercise of Federal Jurisdiction was therefore appropriate in this case. Plaintiffs filed a timely motion for remand in the district court for the Northern District of California. That motion is currently scheduled to be heard on July 26, 2001.

///

## II. BRIEF

Transfer to the MDL is inappropriate because the Federal Courts are without jurisdiction in this case.

Removal statutes are to be strictly construed, and any doubts as to removal are to be resolved in favor of remanding the case to State Court.[1] (There is a strong presumption against removal jurisdiction and Federal jurisdiction should be rejected "if there is any doubt as to the right of removal in the first instance."). Moreover, the defendant seeking a removal of an action to Federal Court has the burden of establishing Federal jurisdiction.[2] As the courts have interpreted 28 U.S.C. §1442, the defendant claiming its protection must demonstrate (1) that it acted under the direction of a Federal Officer, (2) that it can raise a colorable Federal defense, and (3) that there is a causal nexus between plaintiffs claims and the acts the defendant performed under the direction of the Federal Officer.[3] TODD's removal to a Federal Court in this case was improper because it is unable to demonstrate that any of the three essential elements exist.

### A. TODD did not act under the direction of a Federal Officer.

To support its argument for removal under 28 U.S.C. §1442, TODD attempts to demonstrate that it was acting under the direction of a Federal Officer. This argument is, however, unsupported by the evidence.

TODD's removal included no evidence that a contract ever existed between it and the United States Navy concerning the work alleged in plaintiff's complaint. It submitted a declaration about how the Navy did business, and copies of some Navy specifications involving asbestos. But TODD produced no evidence of any contract governing the work, or making the specifications applicable to the work.. More importantly, TODD is unable to demonstrate that

---

[1] See, *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Circuit 1992)

[2] See *Gaus supra*, 980 F.2d. 566.

[3] *Mesa v. California* 489 U.S. 121, 124, 125; *Fung v. Abex* 816 F.Supp. 569, 572 (N.D. Cal 1992).

any Federal Officer or any agency of the Federal government directed it to act in such a manner as to expose plaintiff to asbestos containing materials. For removal to be proper, TODD must show that the acts forming the very basis of this State tort-law case were performed under a specific Federal Officer's direct orders or that same Officer's comprehensive and detailed regulations.[4] It is not enough for TODD to merely allege that the relevant acts occurred under the general auspices of an alleged government contract. Because TODD failed to demonstrate that it was acting under the direction of a Federal Officer, its removal was improper.

### B. TODD Did Not Raise a Colorable Federal Defense.

TODD alleges that it is relying on the government contractor defense in this matter. That defense, however, applies in only extremely limited circumstances. The Ninth Circuit has observed that the military contractor's defense recognized in *Boyle v. United Technologies Corp.*[5] amounts to a claim that "the government made me do it."[6] In *Butler v. Ingalls Shipbuilding*[7], the 9th Circuit reaffirmed that the military contractor defense does not "trump" a state claim in the absence of evidence that the contractor complied with "precise specifications" imposed on it by a specific officer of the United States Government.[8] Here TODD has not even demonstrated that a contract existed, much less that it included precise specifications to expose the plaintiff to asbestos containing materials.

///

///

///

---

[4] *Pack v. AC&S, Inc.*, 838 F.Supp. 1099, 1103 (D.Md 1993); *Ryan v. Dow Chem. Co.*, 781 F.Supp. 934, 939 (E. D. N. Y 1992).

[5] *Boyle v. United Technologies Corp.* 487 U.S. 500 (1998).

[6] *In Re: Hawaii Federal Asbestos Cases*, 960 F.2d 806, 813 (9th Cir 1992) citing, *In Re: Joint E.S. Dist. N.Y. Asbestos Litig.*, 897 F.2d 626, 632 (2nd Circuit 1990).

[7] *Butler v. Ingalls Shipbuilding* 89 F.3rd 582, 586 (9th Circuit 1996).

[8] *Id.* at 586.

### C. TODD Has Failed To Demonstrate A Causal Relationship Or Nexus Between The Work It Performed For The Navy And The Injury Complained Of Here.

TODD has attempted to remove this case based on contract work it allegedly did for the U.S. Navy aboard various vessels. The injury plaintiffs complain of here, however, does not arise from that work. Plaintiffs filed a stipulation in the State Court action, prior to TODD's removal, clearly noting that their claims against TODD "<u>exclude</u> ...exposure at military and federal government job sites and aboard U.S. Navy vessels."

Even if TODD did perform work aboard various vessels as a contractor with the United States Navy, that is not the action for which these plaintiffs make their claims against TODD. Thus, TODD has failed to meet the requirement of demonstrating that the claim arises out of the work that it performed at the direction of a Federal Officer.

Because TODD cannot prove that it was acting under the direction of a Federal Officer, and because the complaint does not arise out of such work, even if it occurred, there is no basis for removal in this case. Accordingly, this case is not properly in the United States District Court for the Northern District of California, and it properly should not be consolidated with other cases in Multidistrict Litigation.

### III. CONCLUSION

This case cannot be properly transferred to the Eastern District of Pennsylvania under 28 U.S.C. §1407 because it is not properly before the Federal Court. Defendant TODD improperly removed this case to the Federal District Court from the State Court of California. That removal was improper because no federal jurisdiction exists. TODD was not acting under the direction of a Federal Officer when plaintiff suffered the injuries complained of here. Transfer of this case to the MDL would be a waste of judicial resources. The threshold issue of federal jurisdiction would have to be resolved in the Eastern District of Pennsylvania. The case would then be remanded to the District Court for the Northern District of California for remand to the State Court of California. The threshold issue of federal jurisdiction should be determined by the District Court for the Northern District of California prior to any transfer

1 | action by the Judicial Panel On Multidistrict Litigation. Accordingly, Plaintiffs objects to the
2 | conditional transfer order and requests that the order be stayed pending adjudication of the
3 | motion to remand by the Federal District Court for the Northern District of California.
4 | Dated  7-19-2001            Respectfully submitted,
5 |                             BRAYTON ❖ PURCELL
6 |
7 |
8 |                             By _____
9 |                               Lloyd F. LeRoy
                                  Attorney for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 23 2001

FILED
CLERK'S OFFICE

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  LLOYD F. LEROY, ESQ., S.B. #203502
   BRAYTON ❖ PURCELL
3  ATTORNEYS AT LAW
   222 Rush Landing Road
4  Novato, California 94945
   (415) 898-1555
5  (415) 898-1247 fax

6  Attorneys for Plaintiffs

| | |
|---|---|
| PAUL WESTBROOK and MARLENE WESTBROOK, | Case :N.D. California, C.A. No.3:01-1661 |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| vs. | |
| ASBESTOS DEFENDANTS (BHC), et al., | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee of Brayton ❖Purcell, 222 Rush Land Rd., Novato, California.

That on July 19, 2001, I served a true and correct copy of **PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER-199; BRIEF IN SUPPORT OF MOTION**, by placing said copies in a postage paid envelope addressed to the person hereinafter listed on the PANEL SERVICE SHEET attached hereto, by depositing said envelopes in the U.S. MAIL, or by placing said copies into an inter-office delivery receptacle located in this office.

Executed this July 19, 2001, at Novato, California. I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Jane Ehni*
Jane Ehni

**PANEL SERVICE LIST (Excerpted from CTO-199)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Lloyd F. LeRoy
Brayton & Purcell
222 Rush Landing Road
Novato, CA  94945

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Donald A. Powell
Buckingham, Doolittle &
Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

D. David Steele
Yaron & Associates
111 Pine Street
12th Floor
San Francisco, CA  94111

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406