MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| JOHN R. POYNTER, SR., ARNULFO PULIDO, THOMAS ARGUST, EDUARDO CABRERA, CESAR MADRID, ELIAZAR DEL HIERRO, CLEMENTE ORTEGA, RUFINO NIETO, BONAFACIO NIETO, ANTONIO GOMEZ, MARIO LARA, JOSE LUIS BARRIENTES, CARLOS H. PUERTO, MARIO A. PEREZ, ERNESTO GONZALES, ULDIS SILOT, JOSE G. GONZALEZ, OSUALDO MONTEMAYOR, JUAN J. DOLMO, PAULO DE LEON, JUAN MORTER, MARIO T. ROJAS, JULIO E. LABORIEL, CLAUDIO PEREZ, GUADELUPE DE LEON, FEDERICO MONTEMAYOR, LUIS A. HERNANDEZ, VICTOR SAGASTUME, JOHN R. POYNTER, JR., DAROLYN WILLIAMS, VINCENTE LAINEZ, GUSTAVO FUENTES AND CLARENCE JACKSON | MDL DOCKET NO. 875<br><br>THIS PLEADING APPLIES TO:<br><br>LAE   2   01-1824 |
| VERSUS | |
| KAISER ALUMINUM & CHEMICAL CORPORATION, DB RILEY, INC., BABCOCK BORSIG POWER, INC., SOUTHEAST TEXAS INDUSTRIES, INC. AND AIR ENVIRONMENTAL SERVICES, INC. | |

PLEADING NO. 3227

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>

NOW INTO COURT come PLAINTIFFS, through undersigned counsel, who hereby move this Court to vacate the Conditional Transfer Order regarding the civil action numbered: LAE   2   01-1824, as this Court has no jurisdiction over this matter because jurisdiction in the Federal Court of the United States District Court for the Eastern District of Louisiana has not been established.

OFFICIAL FILE COPY
IMAGED JUL 27 '01

If there exists no jurisdiction in any federal court pursuant to diversity jurisdiction under 28 U.S.C. 1332, then this Honorable Court has no jurisdiction over this matter to order a transfer from the Eastern District of Louisiana. Further, and without waiving the exception to the jurisdiction of this Court, this matter should not be transferred as the allegations of the original Petition filed in this matter are not encompassed in the original Order of the Judicial Panel on Multidistrict Litigation, because this matter does not involve common questions of fact, and centralization of this action with others pending before this Court would not best serve convenience of the parties and witnesses, nor would consolidation promote the just and efficient conduct of litigation, all as more fully set forth in the accompanying memorandum.

Wherefore, Plaintiffs respectfully move this Court to Vacate the Conditional Transfer Order (CTO-200).

Respectfully Submitted:

*Mary Clare Hartman*

Mary Clare Hartman, Esq.  (La #1941)
614 Tchoupitoulas Street
New Orleans, Louisiana   70130
Attorney for Plaintiffs
(504) 524-0080

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| JOHN R. POYNTER, SR., ARNULFO PULIDO, THOMAS ARGUST, EDUARDO CABRERA, CESAR MADRID, ELIAZAR DEL HIERRO, CLEMENTE ORTEGA, RUFINO NIETO, BONAFACIO NIETO, ANTONIO GOMEZ, MARIO LARA, JOSE LUIS BARRIENTES, CARLOS H. PUERTO, MARIO A. PEREZ, ERNESTO GONZALES, ULDIS SILOT, JOSE G. GONZALEZ, OSUALDO MONTEMAYOR, JUAN J. DOLMO, PAULO DE LEON, JUAN MORTER, MARIO T. ROJAS, JULIO E. LABORIEL, CLAUDIO PEREZ, GUADELUPE DE LEON, FEDERICO MONTEMAYOR, LUIS A. HERNANDEZ, VICTOR SAGASTUME, JOHN R. POYNTER, JR., DAROLYN WILLIAMS, VINCENTE LAINEZ, GUSTAVO FUENTES AND CLARENCE JACKSON | MDL DOCKET NO. 875<br><br>THIS PLEADING APPLIES TO:<br><br>LAE   2   01-1824 |
| VERSUS | |
| KAISER ALUMINUM & CHEMICAL CORPORATION, DB RILEY, INC., BABCOCK BORSIG POWER, INC., SOUTHEAST TEXAS INDUSTRIES, INC. AND AIR ENVIRONMENTAL SERVICES, INC. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MEMORANDUM IN SUPPORT OF
<u>MOTION TO VACATE CONDITIONAL TRANSFER ORDER</u>

MAY IT PLEASE THE COURT:

PLAINTIFFS, through undersigned counsel, have moved this Court to vacate the Conditional Transfer Order herein. This Court has no jurisdiction to Order a Conditional Transfer, as there is a Motion to Remand the matter pending before the United States District Court for the Eastern District of Louisiana,

which is set for hearing on August 15, 2001. Plaintiffs maintain there is no federal jurisdiction pursuant to 28 U.S.C. 1332, which was the basis of removal to the United States District Court for the Eastern District of Louisiana. Because jurisdiction in the United States District Court was not established at the time this matter was conditionally transferred by the Judicial Panel on Multidistrict Litigation, the Order of Conditional Transfer must be immediately vacated.

The Order of the Panel authorizes transfer and centralization of all "pending" federal district court actions in a single forum under 28 U.S.C. 1407. However, the Order of the Panel is not applicable to matters "pending" before state courts. See, In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991).

In the instant matter, defendant, Kaiser Aluminum & Chemical Corporation, filed a Notice of Removal from the Twenty-Third Judicial District Court for the Parish of St. James, State of Louisiana, Number 27,517, Section A, to the United States District Court for the Eastern District of Louisiana in Civil Action no. 01-1824, Section C, Mag. 4. The basis of the removal by Kaiser is diversity jurisdiction pursuant to 28 U.S.C. 1332. However, complete diversity does not exist. Defendant, Kaiser, has alleged "fraudulent joinder" of another defendant, Air Environmental Services, Inc, in order to attempt removal. Plaintiffs timely filed a Motion to Remand this matter based on lack of diversity jurisdiction. Plaintiffs' Motion to Remand is set for hearing on August 15, 2001. (See, attached Exhibit A). It is clear that this matter is not a "pending" federal

district court action under 28 U.S.C. 1407 subject to conditional transfer as federal jurisdiction has not been established. Therefore, the Order of Conditional Transfer must be vacated.

Without waiving the jurisdictional exception herein, Plaintiffs maintain that this action involves issues which are not contemplated within the Order of Conditional Transfer and that the Order should be vacated on this basis.

First, Plaintiffs' original petition states a cause of action for <u>battery</u>, which said cause of action is not contemplated within the rationale for the Panel's original Order herein. Specifically, the Petition alleges at Paragraph 21:

> " The acts and omissions of each defendant constitute battery upon plaintiffs, as plaintiffs neither consented to, nor were plaintiffs made aware of, the presence of asbestos which was inhaled by plaintiffs and the acts and omissions of each defendant constitute negligence, want of care, gross negligence, strict liability and/or intentional acts upon plaintiffs by contact with this hazardous toxicant."

Second, Plaintiffs have named as defendants the owner of the facility where the exposure occurred (Kaiser) and various third parties who were either charged with the responsibility to monitor and test insulation for asbestos or would were working at the Kaiser facility. Plaintiffs have <u>not</u> named as defendants <u>any</u> manufacturer or distributor of asbestos containing insulation products. There is no commonality among plaintiffs and defendants between this lawsuit and those consolidated actions pending before this Court.

Finally, there exist no common questions of fact relating to injuries caused by exposure to asbestos or asbestos containing products. Centralization under

section 1407 in the Eastern District of Pennsylvania will not best serve the convenience of the parties and the witnesses. None of the plaintiffs in the instant action are known to have developed to date any of the incurable diseases caused directly by asbestos inhalation, including but not limited to mesothelioma, asbestosis and lung or other cancers. Plaintiffs' exposure occurred between April 27 and April 30, 2000. The development of the aforesaid diseases may occur over several years as a result of the exposure. Nothing would preclude any of the Plaintiffs from filing a separate action, which may be subject to a Conditional Transfer Order, in the event that plaintiffs actually are diagnosed in the future with such incurable diseases.

For all of the foregoing reasons, the Motion to Vacate the Conditional Transfer Order filed herein by Plaintiffs must be granted.

                                                      Respectfully Submitted:

*Mary Clare Hartman*
Mary Clare Hartman, Esq. (La #1941)
614 Tchoupitoulas Street
New Orleans, Louisiana 70130
Attorney for Plaintiffs
(504) 524-0080

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 6 2001

FILED
CLERK'S OFFICE

## Certificate of Service

I hereby certify that a copy of the MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MEMORANDUM IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER have been served via first class mail on all counsel listed in the attached PANEL SERVICE LIST provided to undersigned counsel on this 25th day of July, 2001.

_Mary Clare Hartman_
Mary Clare Hartman

RECEIVED CLERK'S OFFICE 2001 JUL 26 A 10: 37 JUDICIAL PANEL MULTIDISTRICT LITIGATION

PANEL SERVICE LIST (Excerpted from CTO-200)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Mary Clare Hartman
614 Tchoupitoulas Street
New Orleans, LA 70130

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Dwight C. Paulsen, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2001

FILED
CLERK'S OFFICE

LAW OFFICES
# LEMLE & KELLEHER, L.L.P.
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

21ST FLOOR, PAN-AMERICAN LIFE CENTER

601 POYDRAS STREET · NEW ORLEANS, LOUISIANA 70130-6097

TELEPHONE: (504) 586-1241   FAX: (504) 584-9142

BATON ROUGE OFFICE
ONE AMERICAN PLACE
301 MAIN STREET
SUITE 1800
BATON ROUGE, LOUISIANA 70825
TELEPHONE: (225) 387-5068
FAX: (225) 387-4995

(504) 584-9135

July 24, 2001

Ms. Mary Clare Hartman
VIA FACSIMILE TO 566-7185

re:   John R. Poynter et al. v. Kaiser Aluminum & Chemical Corp. et al.
      continuance of hearing on motion to remand
      our file no. 12-010490

Dear Mary Clare:

Thank you for agreeing not to oppose my motion to continue the "hearing" on plaintiffs' motion to remand. I spoke with the court, and there is no problem. At the court's direction, I got the next hearing date, August 15, from the web site. A copy of the motion and proposed order are attached. Thanks again, and I look forward to working with you.

Sincerely,

Dave

David E. Redmann, Jr.

cc:   all known counsel

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN R. POYNTER ET AL. | CIVIL ACTION NO. 01-1,824-C-4 |
| VERSUS | JUDGE BERRIGAN |
| KAISER ALUMINUM & CHEMICAL CORP. ET AL. | MAG. JUDGE ROBY |

### UNOPPOSED MOTION TO CONTINUE HEARING ON MOTION TO REMAND

Kaiser Aluminum & Chemical Corporation ("Kaiser") respectfully requests that the Court continue the hearing on plaintiffs' Motion to Remand, which is presently set for August 1, 2001, until August 15, 2001. Undersigned counsel has spoken with plaintiffs' counsel, who do not oppose this motion.

Respectfully submitted,

Lemle & Kelleher, L.L.P.

*David C. M*

Dwight C. Paulsen III (LSBA #19,729)
Lawrence J. Hand, Jr. (LSBA #23,770)
David E. Redmann, Jr. (LSBA #23,267)
Terrence A. Prout (LSBA #27,043)
601 Poydras St., Suite 2100
New Orleans, LA 70130
(504) 586-1241

Attorneys for
Kaiser Aluminum & Chemical Corporation

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Local Rule 5.3 on all parties or their attorneys of record by sending a copy to them by facsimile this ___24th___ day of ___July___ 2001.

*David C. M*

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN R. POYNTER ET AL. | CIVIL ACTION NO. 01-1,824-C-4 |
| VERSUS | JUDGE BERRIGAN |
| KAISER ALUMINUM & CHEMICAL CORP. ET AL. | MAG. JUDGE ROBY |

## ORDER

Kaiser Aluminum & Chemical Corporation's Unopposed Motion to Continue Hearing on Motion to Remand is GRANTED. Plaintiffs' Motion to Remand, previously set for August 1, 2001, is hereby RESET to August 15, 2001

New Orleans, Louisiana, this _____ day of _____ 2001.

_____
United States District/Magistrate Judge