# MDL 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PLEADING NO. 3236

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) | JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |
| ) | AUG - 7 2001 |
| THIS DOCUMENT RELATES TO: ) | FILED CLERK'S OFFICE |
| ) | MDL CIVIL ACTION NO. 875 |
| VIRGINIA R. VANDERBILT, as ) PERSONAL REPRESENTATIVE OF THE ) ESTATE AND SURVIVORS OF ) CHESTER J. VANDERBILT, Deceased ) ) Plaintiff, ) ) v. ) ) OWENS-CORNING, et al., ) ) Defendants. ) ) UNITED STATES DISTRICT COURT ) DISTRICT OF ALASKA ) ) CIVIL ACTION NO.: FA-96-0062-CV ) ) | |

### NOTICE OF OPPOSITION TO CONDITIONAL REMAND ORDER

Defendant, D. B. Riley, Inc. ("D.B. Riley"), by and through its counsel, hereby submits its notice of opposition to the Conditional Remand Order (Docket No. 875) entered on July 23, 2001,[1] on the grounds that no discovery has been conducted in this case and that the parties are deep into ongoing global settlement negotiations with plaintiff's counsel,

DELANEY, WILES, HAYES, GERETY, ELLIS & YOUNG, INC.
SUITE 400
1007 WEST 3rd AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

---

[1] A copy of the Conditional Remand Order is attached hereto as Ex. A.

OFFICIAL FILE COPY IMAGED AUG 8 '01

and that those negotiations should have an opportunity to complete prior to remand. For these reasons, remand is premature and should not be granted.

**A.      D.B. Riley Has Never Received Any Notice or Request for Remand.**

D.B. Riley has not been served with any notice or request for remand by plaintiff's counsel or from the transferee district court. Accordingly, remand is not appropriate under Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Additionally, plaintiff has never provided evidence that plaintiff, Chester Vanderbilt, has an asbestos related personal injury compensable under the law. Nor has plaintiff provided probative evidence of exposure to products connected to or supplied, manufactured or installed by D.B. Riley. Remand is premature until plaintiff is able to demonstrate product identification and exposure evidence against D.B. Riley. Plaintiff's failure to provide product exposure evidence as to D.B. Riley should prohibit remand of this case as against D.B. Riley.

**B.      No Discovery Has Been Conducted in This Case.**

Remand for trial of the above-referenced case is premature for the additional reason that there has been no discovery or pretrial proceedings in this case, and therefore remand is not appropriate under 28 U.S.C. § 1407(a). Not only has plaintiff failed to provide product exposure evidence as to D.B. Riley, D.B. Riley has not been provided an opportunity to conduct discovery or conduct motion practice in development of its defense. For this additional reason, remand of the case against D.B. Riley is premature.

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

2

**C.     Remand is Premature Because of Ongoing Global Settlement Negotiations.**

In light of the ongoing global settlement negotiations with plaintiff's counsel encompassing not only the above-referenced case, but all cases prosecuted by plaintiff's counsel against D.B. Riley remand is premature. The parties should have an opportunity to complete their ongoing global settlement negotiations before remand of any case for trial.

### CONCLUSION

D.B. Riley respectfully requests the court to not remand the above-referenced case against D.B. Riley for the foregoing reasons.

DATED at Anchorage, Alaska this 6th day of August, 2001.

DELANEY, WILES, HAYES,
GERETY, ELLIS & YOUNG, INC.
Attorneys for Defendant D.B. Riley, Inc.

_____
William E. Moseley
ABA No. 7811121

DELANEY, WILES,
HAYES, GERETY,
LLIS & YOUNG, INC.
SUITE 400
1007 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

3

## CERTIFICATE OF SERVICE

This certifies that in am an authorized agent of Delaney, Wiles, Hayes, Gerety & Ellis & Young, Inc., for service of papers pursuant to Civil Rule 5, and that on this 6th day of August, 2001, a copy of the foregoing document was served by U.S. Mail upon:

Arthur Lyle Robson, Esq.
Robson Law Office
483 McKinley View Drive
Fairbanks, Alaska 99712

Juan P. Bauta, II, Esq.
Louis S. Robles, P.A.
One Bayfront Plaza
100 South Biscayne Blvd., Suite 900
Miami, FL 33131-2026

Dale W. House, Esq.
Lane Powell Spears Lubersky
420 L Street, Suite 300
Anchorage, Alaska 99501-1937

Joan E. Rohlf, Esq.
Guess & Rudd
510 L Street, Suite 700
Anchorage, AK 99501

Barnaby W. Horton, Esq.
Danaher Tedford, et al.
700 Capitol Place
21 Oak Street
Hartford, CT 06106-8000

*[signature]*

DELANEY, WILES,
HAYES, GERETY,
ELLIS & YOUNG, INC.
SUITE 400
807 WEST 3RD AVENUE
ANCHORAGE, ALASKA
(907) 279-3581

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 23 2001

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

(SEE ATTACHED SCHEDULE OF ACTIONS)

CONDITIONAL REMAND ORDER

The transferee court in this litigation has: 1) severed all claims for punitive or exemplary damages in the actions listed on the attached schedule assigned to the court; and 2) advised the Panel that coordinated or consolidated pretrial proceedings with respect to the remaining claims in the actions have been completed, and that remand of those claims to the transferor court, as provided in 28 U.S.C. §1407(a), is appropriate.

IT IS THEREFORE ORDERED that all claims in the actions listed on the attached schedule except the severed claims for punitive or exemplary damages be remanded to their respective transferor courts.

IT IS ALSO ORDERED that pursuant to Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 436-38 (2001), the transmittal of this order to the transferee clerk for filing shall be stayed fifteen days from the date of this order and if any party files a Notice of Opposition with the Clerk of the Panel within this fifteen-day period, the stay will be continued until further order of the Panel. This order does not become effective until it is filed in the office of the Clerk for the United States District Court for the Eastern District of Pennsylvania.

IT IS FURTHER ORDERED that, pursuant to Rule 7.6(g), R.P.J.P.M.L., and coinciding with the effective date of this order, the parties shall furnish the Clerk for the Eastern District of Pennsylvania with a stipulation or designation of the contents of the record to be remanded and furnish said Clerk all necessary copies of any pleadings or other matter filed so as to enable said Clerk to comply with the order of remand.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

Exhibit __A__
__1__ of __4__

# SCHEDULE OF ACTIONS FOR CRO
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Patrick Mitchell, et al. v. Crown Cork & Seal Co., et al.*, E.D. Pennsylvania (D. Alaska, C.A. No. 4:95-70)
*Chester Vanderbilt, et al. v. Owens-Corning Fiberglas Corp., et al.*, E.D. Pennsylvania (D. Alaska, C.A. No. 4:96-62)
*Mack Noble, et al. v. Crown Cork & Seal Co., et al.*, E.D. Pennsylvania (W.D. Arkansas, C.A. No. 1:94-1001)
*Rita K. Murray, etc. v. Crown Cork & Seal Co., et al.*, E.D. Pennsylvania (D. Colorado, C.A. No. 1:96-2871)
*Mary Patterson, etc. v. Crown Cork & Seal Co., et al.*, E.D. Pennsylvania (S.D. Georgia, C.A. No. 2:97-1)
*Peggy Easley, etc. v. A.P. Green Industries, Inc., et al.*, E.D. Pennsylvania (N.D. Indiana, C.A. No. 3:98-60)
*James W. White, Jr., etc. v. Owens-Corning Corp., et al.*, E.D. Pennsylvania (N.D. Indiana, C.A. No. 3:98-335)
*Esther S. Montoney, etc. v. A.P. Green Industries, Inc., et al.*, E.D. Pennsylvania (S.D. Ohio, C.A. No. 2:99-827)
*Judith Shaffer, etc. v. Crown Cork & Seal Co., et al.*, E.D. Pennsylvania (D. Oregon, C.A. No. 3:97-6012)
*Mary Barber, etc. v. Owens-Corning Fiberglas Corp., et al.*, E.D. Pennsylvania (D. Utah, C.A. No. 2:97-28)

Exhibit A
2 of 4

RULE 7.6:  TERMINATION AND REMAND

In the absence of unusual circumstances—

(a) Actions terminated in the transferee district court by valid judgment, including but not limited to summary judgment, judgment of dismissal and judgment upon stipulation, shall not be remanded by the Panel and shall be dismissed by the transferee district court. The clerk of the transferee district court shall send a copy of the order terminating the action to the Clerk of the Panel but shall retain the original files and records unless otherwise directed by the transferee judge or by the Panel.

(b) Each action transferred only for coordinated or consolidated pretrial proceedings that has not been terminated in the transferee district court shall be remanded by the Panel to the transferor district for trial. Actions that were originally filed in the transferee district require no action by the Panel to be reassigned to another judge in the transferee district at the conclusion of the coordinated or consolidated pretrial proceedings affecting those actions.

(c) The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on
    (i) motion of any party,
    (ii) suggestion of the transferee district court, or
    (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

(d) The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court. If remand is sought by motion of a party, the motion shall be accompanied by:
    (i) an affidavit reciting
        (A) whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why;
        (B) whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and
        (C) whether all orders of the transferee district court have been satisfactorily complied with, and if not, what remains to be done; and
    (ii) a copy of the transferee district court's final pretrial order, where such order has been entered.

Motions to remand and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

(e) When an order to show cause why an action or actions should not be remanded is entered pursuant to subsection (c), paragraph (iii) of this Rule, any party may file a response

Exhibit A
3 of 4

within twenty days of the filing of said order unless otherwise provided for in the order. Within five days of filing of a party's response, any party may file a reply brief limited to new matters. Failure of a party to respond to a show cause order regarding remand shall be treated as that party's acquiescence to the remand. Responses and replies shall be filed and served in conformity with Rules 5.12, 5.2 and 7.1 of these Rules.

 (f) Conditional Remand Orders
  (i) When the Panel has been advised by the transferee district judge, or otherwise has reason to believe, that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate, an order may be entered by the Clerk of the Panel remanding the action or actions to the transferor district court. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose remand, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.
  (ii) Any party opposing the remand shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.
  (iii) Within fifteen days of the filing of its notice of opposition, the party opposing remand shall file a motion to vacate the conditional remand order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as a withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.
  (iv) Conditional remand orders do not become effective unless and until they are filed with the clerk of the transferee district court.
  (v) Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

 (g) Upon receipt of an order to remand from the Clerk of the Panel, the parties shall furnish forthwith to the transferee district clerk a stipulation or designation of the contents of the record or part thereof to be remanded and furnish the transferee district clerk all necessary copies of any pleading or other matter filed so as to enable the transferee district clerk to comply with the order of remand.

Exhibit  A
4 of 4