MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 10 2001

FILED
CLERK'S OFFICE

PLEADING NO. 3241

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875 (ASBESTOS)

PENDING IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN R. POYNTER ET AL. | CIVIL ACTION NO. 01-1,824-C-4 |
| VERSUS | JUDGE BERRIGAN |
| KAISER ALUMINUM & CHEMICAL CORP. ET AL. | MAGISTRATE JUDGE ROBY |

## KAISER ALUMINUM & CHEMICAL CORPORATION'S MEMORANDUM IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Kaiser Aluminum & Chemical Corporation ("Kaiser") submits that the Panel should deny plaintiffs' motion to vacate Conditional Transfer Order No. 200 insofar as it applies to this suit.[1] Kaiser will respond in order to plaintiffs' two basic

---

[1] As an initial matter of form, contrary to Rule 7.1(a), plaintiffs' motion and memorandum in support do not set forth averments in numbered paragraphs, so Kaiser cannot respond in a similar manner, as Rule 7.1(b) directs.

OFFICIAL FILE COPY

IMAGED AUG 15 '01

arguments, i.e., (1) that there is no federal subject-matter jurisdiction and (2) that this suit's claims are not within the purview of MDL No. 875.

(1)   Kaiser submits that, contrary to plaintiffs' argument, there is indeed federal subject-matter jurisdiction,[2] and Kaiser has opposed plaintiffs' motion to remand.[3] If the putative transferor court denies plaintiffs' motion to remand, then it will have rejected plaintiffs' argument. If the putative transferor court grants the motion to remand, then the motion to vacate will be moot. The Panel should either wait for the putative transferor court's ruling on the motion to remand or finally transfer this suit now so that the transferee court can decide that motion.

(2)   Contrary to plaintiffs' three arguments, this suit does indeed involve claims within the scope of MDL No. 875.

(a)   Plaintiffs argue that, because they allege battery, their claims are somehow not within the scope of MDL No. 875. Initially, the Panel is probably aware that battery claims are a regular part of asbestos personal injury litigation. More importantly, plaintiffs' claims clearly fall within the scope of this MDL. This docket originated upon consideration of "all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos".[4] Clearly that encompasses plaintiffs' allegations of "injury and damage

---

[2] See 28 U.S.C. §§ 1332 & 1367(a).

[3] On August 7, 2001, Kaiser filed its opposition memorandum in the putative transferor court.

[4] *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415, 416 (J.P.M.L. 1991).

to the person of each, . . . battery . . . past, present and future physical injury . . . [and that they] also may have permanent disabilities".[5]

Moreover, the Panel found that "the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos-containing products".[6] In many respects this suit is like so many other asbestos suits: plaintiffs sued product/equipment manufacturers and a premises owner over injuries allegedly caused by asbestos exposure.

Suits in MDL No. 875 regularly include premises liability claims. Plaintiffs allege, "The subject power boiler units which contained the hazardous asbestos were owned by KACC and in its garde," and "KACC knew or should have reasonably known of the presence of asbestos in the subject power boiler units."[7]

(b)     Plaintiffs' also argue that their claims are not within the scope of this MDL because they "have not named as defendants any manufacturer or distributor of asbestos containing insulation products".[8] Even if plaintiffs were correct on that assertion, the MDL's scope, as set forth above, renders the assertion legally irrelevant. The question is "personal injury . . . caused by asbestos" or not. Clearly plaintiffs have alleged that.

---

[5] See plaintiffs' state-court Petition for Damages (hereafter "Plaintiffs' Petition"), p. 6, ¶ 22. Kaiser attached Plaintiffs' Petition to the Notice of Removal, a copy of which Kaiser previously provided to the Panel.

[6] *Asbestos Products Liability Litigation*, 771 F. Supp. at 417.

[7] *Id.*, p. 4, ¶¶ 12 & 13. "*Garde*" is a French term meaning "custody" and is a term of art under the Louisiana law of strict liability.

[8] Plaintiffs' Memorandum in Support of Motion to Vacate Conditional Transfer Order (hereafter "Plaintiffs' Memorandum"), p. 3 (emphasis in original).

Moreover, Kaiser submits that plaintiffs do make products liability claims. Defendant Babcock Borsig Power, Inc., formerly known as D. B. Riley, Inc., manufactured the well-known Riley Stoker boilers that are frequently a subject of MDL No. 875 suits. Here plaintiffs allege, "RILEY and/or BABCOCK manufactured and/or installed the subject power boiler units at [Kaiser] including the installation of the defective and hazardous toxicant asbestos."[9] This is a standard products liability allegation. In light of this (admittedly somewhat ambiguous) allegation, plaintiffs' assertion that they did not sue any insulation manufacturers is marginal at best.

(c)    Finally, plaintiffs argue that transfer is inappropriate because there are no common questions, in part because "[n]one of the plaintiffs in the instant action are [sic] known to have developed to date any of the incurable diseases caused directly by asbestos inhalation".[10] Of course, MDL No. 875 involves "personal injury . . . caused by asbestos", and is not limited to "incurable diseases". Undoubtedly thousands of claims in this MDL involve only pleural plaques and similar conditions that are arguably not even diseases. Moreover, if plaintiffs' argument is correct, why did they allege that they "**have sustained** . . . injury and damage to the person of each [and] past [and] present . . . physical injury"?[11] And if plaintiffs are unaware of any present injuries or diseases, then the appropriate

---

[9] Plaintiffs' Petition, p. 4, ¶ 14.
[10] Plaintiffs' Memorandum, p. 4.
[11] Plaintiffs' Petition, p. 6, ¶ 22 (emphasis added).

course of action would be for the Panel to transfer this suit and the transferee court to administratively dismiss it but retain jurisdiction, pending submission of proof that one or more plaintiffs are sick. The transferee court has already done exactly that in MDL No. 875.

Accordingly, Kaiser submits that the Panel ought to deny plaintiffs' motion to vacate the conditional transfer order.

Respectfully submitted,

Lemle & Kelleher, L.L.P.

Dwight C. Paulsen III (LSBA #19,729)
Lawrence J. Hand, Jr. (LSBA #23,770)
David E. Redmann, Jr. (LSBA #23,267)
Terrence A. Prout (LSBA #27,043)
601 Poydras St., Suite 2100
New Orleans, LA 70130
(504) 586-1241

Attorneys for
Kaiser Aluminum & Chemical Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 0 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record by mailing a copy to them postage prepaid and properly addressed this _9th_ day of _August_ 2001. The parties so served include all parties on the attached panel service list and the following, who represent parties to this action:

Air Environmental Services, Inc. through
Mr. Douglas K. Williams
Breazeale, Sachse & Wilson, L.L.P.
P. O. Box 3197
Baton Rouge, LA  70821-3197

Babcock Borsig Power, Inc. f/k/a DB Riley, Inc. through
Mr. James F. d'Entremont
Deutsch, Kerrigan & Stiles, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130-3672

Southeast Texas Industries, Inc. through
Mr. James E. Wimberley
McPherson, Monk, Hughes, Bradley & Wimberley, L.L.P.
3120 Central Mall Dr.
Port Arthur, Texas  77642

_David E. M___

6

## PANEL SERVICE LIST (Excerpted from CTO-200)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

Mary Clare Hartman
614 Tchoupitoulas Street
New Orleans, LA  70130

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Dwight C. Paulsen, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA  70130

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406