JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Rolando Doval, et al. v. Maremont Corp.*, N.D. California, C.A. No. 3:01-540
*Joseph Perez, et al. v. Center for Claims Resolution, Inc.*, N.D. California, C.A. No. 3:01-1627
*Thomas F. Lowry, III, et al. v. Center for Claims Resolution, Inc., et al.*, C.D. Illinois, C.A. No. 1:00-1454

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

### TRANSFER ORDER

Now before the Panel are three Northern District of California and Central District of Illinois actions in which defendants (Maremont Corp., Inc., Center for Claims Resolution, Inc. (CCR), Amchem Products, Inc., C.E. Thurston & Sons, Inc., CertainTeed Corp., Dana Corp., Pfizer, Inc., Quigley Co., Inc., Shook & Fletcher Insulation Co., T&N plc, and/or Union Carbide Corp.) seek transfer of the actions, pursuant to 28 U.S.C. §1407, to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. Plaintiffs in the three actions all oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). Plaintiffs seek to exclude the three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district:

---

*Judge Selya took no part in the decision of this matter.

IMAGED AUG 16 '01

- 2 -

whether asbestos personal injury settlement agreements negotiated by CCR create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing. To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman