Case MDL No. 875   Document 3246   Filed 08/14/01   Page 1 of 18

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUSTIN SHANE WOOLEY                                              PLAINTIFF

VS.                                                              MDL NO.: 875

INTERNATIONAL PAPER COMPANY and
F. BRADLEY BIGGAR, INDIVIDUALLY                                  DEFENDANTS

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

JUSTIN SHANE WOOLEY                                              PLAINTIFF

VS.                                                              NO.: 1:01CV237GR

INTERNATIONAL PAPER COMPANY and
F. BRADLEY BIGGAR, INDIVIDUALLY                                  DEFENDANTS

PLEADING NO. 3246

MOTION TO VACATE CONDITIONAL TRANSFER ORDER

NOW COMES the Plaintiff Justin Shane Wooley and moves the Judicial Panel on Multidistrict Litigation to vacate the Conditional Transfer Order which has been filed herein and to remand this case to the United States District Court for the Southern District of Mississippi. Plaintiff further moves the United States District Court for the Southern District of Mississippi to remand this action to the state court from which it has been removed. In support of this Motion, Plaintiff would show the following:

1.   This action was originally filed in the Circuit Court of Warren County, Mississippi and was removed by the Defendants to the U. S. District Court for the Southern District of



OFFICIAL FILE COPY
IMAGED AUG 16 '01

Mississippi. The original Notice of Removal from state to federal court was based upon a claim of diversity of citizenship and fraudulent joinder. The Plaintiff has now filed a Motion to Remand and Affidavits supporting said Motion in the United States District Court for the Southern District of Mississippi and has submitted briefs supporting his Motion to Remand to the United States District Judge to whom this case was originally assigned. The basis of Plaintiff's Motion to Remand is Plaintiff's contention that the federal court lacks jurisdiction based upon the Defendant's claim of fraudulent joinder, in that Plaintiff alleges and believes that he has a valid cause of action against the resident Mississippi defendant.

2.  On June 26, 2001, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order in the above styled cause transferring this action to the U. S. District Court for the Eastern District of Pennsylvania. Subsequently, Plaintiff gave notice of opposition to this transfer and obtained additional time to file a Motion and Brief to Vacate the Conditional Transfer Order. On August 1, the due date of the Motion and Brief, Plaintiff's counsel faxed and mailed a Motion for Additional Time to File a Motion and Brief to Vacate the Conditional Transfer Order, and it is hoped that the panel will have granted the Plaintiff more time and will have delayed filing the Conditional Transfer Order as to this Plaintiff's case in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.

3.  Plaintiff alleges and believes that this case has not properly been ordered transferred to the United States District Court for the Eastern District of Pennsylvania, because the cases which have been consolidated for pretrial proceedings in said court are product liability actions in which plaintiffs have sued manufacturers or sellers of asbestos products on a product liability or similar theory. The Plaintiff in this case has sued International Paper Company as a result of the injuries

he sustained while a business invitee on the premises of an International Paper Company mill at Vicksburg, Mississippi, which mill premises Plaintiff claims were unsafe because of the presence of asbestos which was negligently and improperly allowed by International Paper Company to constitute a hazard for invitees on the Company premises. Plaintiff would show that the pleadings he has filed herein state a cause of action on a negligence and premises liability theory against only International Paper Company and its mill manager and only seek to recover damages which they, as the owner and person controlling premises made unsafe by asbestos products, negligently allowed to cause harm to the Plaintiff.

4. Under the circumstances set forth above and alleged in Plaintiff's Complaint, there are the following reasons why this Plaintiff's action should not be transferred to another district court for coordinated or consolidated pretrial proceedings under the provisions of 28 U.S.C. § 1407:

a. This particular civil action, being a premises liability suit to be determined under Mississippi law, does not involve questions of law or fact in common with the asbestos product liability litigation in question.

b. Transfer of this proceeding to another district court would not promote the convenience of parties and witnesses or just and efficient conduct of the action, but would in fact cause serious inconvenience to the parties and witnesses, all of whom as far as the Plaintiff knows are located in the state of Mississippi, as is the property which Plaintiff alleges was unsafe for use by invitees.

c. The discovery which Plaintiff and the Defendant in this action will be conducting will be related to premises liability issues, safety and premises conditions at the International Paper Company mill at Redwood, Mississippi.

3

d. Any issues relating to questions of negligence or liability must be determined under Mississippi substantive law.

e. It is not believed that the action in question was of the sort contemplated when this panel issued its original order transferring asbestos product liability litigations to the U. S. District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407.

5. Plaintiff has filed, and there is now pending before the United States District Court for the Southern District of Mississippi, a Motion to Remand this action to state court. This Motion, based upon Plaintiff's claim that he has stated a cause of action against the individual resident defendant and may possibly recover against the said resident defendant will require the determination of Mississippi law; and in fact issues yet to be decided which relate to whether or not the federal courts have jurisdiction of this case based upon a claim of diversity of citizenship and fraudulent joinder necessarily involve questions of Mississippi law and would best be determined by a district judge within the state of Mississippi.

6. Alternatively, if the Panel should deny Plaintiff's Motion to Vacate the Conditional Transfer Order entered in this litigation, and if this action is transferred to the U. S. District Court for the Eastern District of Pennsylvania, the Plaintiff moves said Court to order it remanded to the District Court from which it has been transferred for disposition therein or, alternatively, to order it remanded to the state court from which Plaintiff believes it has been improvidently removed.

7. If Plaintiff has requested any improper or inadequate relief, then Plaintiff requests that the Panel and/or the Transferee Court grant him such relief as to which he may be entitled in the premises.

8.  Plaintiff attaches hereto an Affidavit relating to remand issues as required by Rule 7.6, General Rules for Multidistrict Litigation under 28 U.S.C. § 1407.

>Respectfully submitted,
>
>JUSTIN SHANE WOOLEY
>
>BY: /s/ John H. Downey
>JOHN H. DOWNEY
>DOUG WADE
>ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

Doug Wade, Esq., MSB# 6852
**ATTORNEY AT LAW**
405 Tombigbee Street
Jackson, MS 39201-4704
Telephone: (601) 354-8930
Facsimile: (601) 354-5548

John H. Downey, MSB #6178
**RHODEN, LACY, DOWNEY & COLBERT**
111 Park Circle Drive
Post Office Box 13762
Jackson, Mississippi 39236-3762
Telephone: (601) 932-1155
Facsimile: (601) 936-2515

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

**THIS WILL CERTIFY** that I, John H. Downey, one of the attorneys for the plaintiff Justin Shane Wooley, have this day served the original and eleven copies of the above and foregoing Motion to Vacate Conditional Transfer Order as well as a computer readable disk of said pleading in WordPerfect for Windows format to Michael J. Beck, Clerk of the Panel on Multidistrict Litigation by Federal Express Overnight Delivery, as follows:

>   Michael J. Beck
>   **CLERK OF THE PANEL ON MULTIDISTRICT LITIGATION**
>   One Columbus Circle, NE
>   Thurgood Marshall Federal Judiciary Building
>   Room G-255, North Lobby
>   Washington, D.C. 20002

and have also served a copy of said pleading upon members of the attached Panel Service List by placing same in the United States Mail, postage fully prepaid, at their respective mailing addresses as noted on the attached Panel Service List, as well as serving a copy upon counsel for the Defendants by placing same in the United States Mail, postage fully prepaid, addressed as follows:

>   Michael O. Gwin, Esq.
>   **WATKINS & EAGER**
>   Post Office Box 650
>   Jackson, MS 39205-0650

**SO CERTIFIED** this 13th day of August, 2001.

_/s/ John H. Downey_
**JOHN H. DOWNEY**

C:\1-JHD\WOOLEY.SHA\PLEADING\MORTIME.REQ\MOT2VACA.CON

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2001 AUG 14 A 10: 52
RECEIVED CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-200)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michael O'Mara Gwin
Watkins & Eager
The Emporium Building, Suite 300
P.O. Box 650
400 East Capitol Street
Jackson, MS 39205

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Doug Wade
405 Tombigbee Street
Jackson, MS 39201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Case MDL No. 875   Document 3246   Filed 08/14/01   Page 8 of 18

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | MDL NO.: 875 |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | NO.: 1:01CV237GR |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

BRIEF SUPPORTING PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER

INTRODUCTORY STATEMENT

This is a premises liability action in which the Plaintiff Wooley alleges that he was an employee of an independent contractor working on premises owned by International Paper Company, located in the state of Mississippi, and controlled by local mill manager Biggar. Wooley has sued only the above named defendants and has not sued any manufacturer, seller or supplier of asbestos material. Plaintiff's Complaint alleges that as a result of his work on the IP premises, he has been injured by asbestos to which he alleges he was exposed because of the negligent failure to exercise proper control of asbestos by Biggar and other IP employees at the Redwood or Vicksburg,

Mississippi mill. Biggar and IP removed the action to federal court claiming diversity of citizenship and fraudulent joinder of Mississippi resident citizen Biggar. The case was originally removed to the U. S. District Court for the Southern District of Mississippi, Western Division, but because all "asbestos" cases are filed in the Southern Division of the United States District Court for the Southern District of Mississippi, the action was transferred to the Southern Division which, in turn, transferred it to the Judicial Panel on Multidistrict Litigation, resulting in the conditional transfer order which Plaintiff Wooley opposes. This brief explains Wooley's reasons for believing the further transfer to the U. S. District Court for the Eastern District of Pennsylvania to be inadvisable.

If the Conditional Transfer Order is vacated, this action obviously should be remanded to the U. S. District Court for the Southern District of Mississippi, Southern Division. Since this is so, we have attached to our Motion to Vacate an Affidavit reciting the facts regarding our suggestion that this case should be remanded to state court.

Point One.    Apologies and Explanations for Being Untimely

The undersigned counsel was associated by Wooley's primary attorney who is visually impaired and who relied upon the undersigned to take care of pleadings, briefs, etc. After this action was removed from state court, the undersigned had prepared a Motion to Remand and brief supporting same which had to be completed by co-counsel in the absence of the undersigned, who was leaving the country on a pre-scheduled trip and who upon his return faced a heavy trial schedule and discovered that this action had been transferred to the Panel on Multidistrict Litigation, the rules and procedures of which undersigned counsel, frankly, knew nothing about. We have now filed a Motion to Remand to state court in the United States District Court for the Southern District of Mississippi, Southern Division. If the Conditional Transfer Order is vacated and this cause

remanded to the Southern District of Mississippi, then opposing counsel will undoubtedly respond to our Motion to Remand in accordance with local requirements. If the Conditional Transfer Order is not vacated, then counsel for both parties will be required to conform Motions to Remand and responses thereto to the rules regulating Multidistrict Litigation.

We point these things out partly to beg the panel's indulgence if our Motion to Vacate is considered to be untimely and partly simply to ask the panel's guidance if our Motion is overruled.

**Point Two.    This Action Should Not Be Consolidated with Others. It Would Serve No Purpose and Would in Fact Cause Inconvenience to All Parties and to the Court.**

This action has been transferred to the panel as a "tag-along action" as defined in Rule 1.1, General Rules / Rules for Multidistrict Litigation. A tag-along action is transferred if it involves "common questions of fact with actions previously transferred" under the provisions of 28 U.S.C. § 1407.

Obviously, the purpose of consolidating multidistrict litigation has to be to conserve judicial resources and operate for the convenience of the Court system and the parties involved. It is impossible that this purpose will be fulfilled by the consolidation of this particular premises liability case with others involving asbestos litigation in general.

To an extent, undersigned counsel is operating in the dark and has to rely on the Panel to recognize whether there are sufficient similarities between this litigation and the other litigation to which this has been "tagged-along" to justify consolidation. For example, we do not know whether International Paper Company has been named a defendant in any other asbestos litigation, and if it has, we do not know whether any of the other litigation involves premises liability issues. Simply because the Plaintiff in this case claims to have been injured by the product asbestos and people in

3

other cases claim to have been injured by asbestos products, cannot in itself justify the consolidation of cases which proceed on different theories. As stated, undersigned counsel does not know at this time what defendants and theories of liability are involved in all the other asbestos cases which have been ordered consolidated, but the Panel's 1991 order certainly indicates that the cases which it anticipated consolidating were of a product liability nature.[1] The Order, for example, speaks of the depletion of defendants' limited insurance coverage by multiple litigation, the problem of overwhelming "currently solvent defendants' cash flow, resulting in possible bankruptcy," the exploration of "opportunities for global settlements or alternative dispute resolution mechanisms" and "currently stayed claims against bankrupt defendants". (p. 10). In the instant case, we are dealing with one defendant who is not broke and who certainly could pay a single premises liability claim even if it for some reason lacked insurance coverage.

The fact that an action is based on a theory of liability different from those which have been consolidated is sufficient to justify the refusal to consolidate. See, for example, *In Re: Air Crash Disaster Near Silver Plume, Colorado*, 368 F. Supp. 810 (1973), in which the Panel refused to consolidate an action for damages arising out of an air crash with others arising out of the same occurrence because the one involved a claim of breach of warranty, whereas the plaintiffs in the other actions alleged liability based upon the certification and operation of the aircraft. Therefore, the Panel pointed out that the two actions had only limited questions of fact in common with each other. In that particular case, the Panel also considered the fact that the action which was sought to be consolidated had already proceeded far in discovery so that consolidation would not save

---

[1] Docket No. 875, Judicial Panel on Multidistrict Litigation, Opinion and Order filed July 29, 1991.

4

significant judicial energy. In the case now before the Panel, we would point out that since Wooley's case proceeds on a premises liability theory and since the premises and parties are situated in the state of Mississippi, there could be almost no questions of law in common with asbestos product liability litigation and could not possibly be any discovery issues in common.

Even if there were significant common questions of fact and law involved in this litigation and that which has been consolidated in the U. S. District Court for the Eastern District of Pennsylvania, that fact alone would not justify consolidation of this tag-along case because of the minimal number of parties and witnesses involved. *In Re: Scotch Whiskey*, 299 F. Supp. 543 (1969) involved an attempt to consolidate actions which claimed violations of The Sherman Act. The complaints in the actions sought to be consolidated apparently charged virtually identical violations, and all parties agreed that the essential common question of fact between the two cases was the effect of the acquisition by one corporation of another on the national liquor market. Despite what apparently were virtually identical issues of fact and law, the Panel refused to consolidate because of the small number of parties, since it was doubtful that the transfer would enhance the convenience of parties and witnesses or promote judicial efficiency. The Panel reasoned that if the litigation had involved a large number of cases, the common questions of fact might be sufficient to invoke 28 U.S.C. § 1407, but held that in view of the minimal number of cases, the consolidation of discovery would not save enough effort to overcome the inconvenience to the party whose action was being transferred and its witnesses.

We repeat: it is our belief that the cases which have been consolidated involve product liability claims, similar defendants, and similar legal and factual issues. Wooley's suit involves only simple questions of premises liability which need to be determined by Mississippi law. Any

5

discovery will relate solely to the parties sued -- such things as premises conditions, facts of Wooley's employment and other facts purely local in nature as well as uncomplicated and inexpensive to explore. There is an almost non-existent possibility of any discovery dispute.

**Point Three. The Motion to Remand to State Court Involves Issues Best Determined by the Mississippi District Court.**

We will not belabor the Panel with a lengthy discussion of this point. This case was removed to federal court on a claim of fraudulent joinder. Wooley has filed a Motion to Remand and submitted briefs to the U. S. District Court for the Southern District of Mississippi, Southern Division. The legal issues involve questions of Mississippi law relating to premises liability, claims on the part of the removing defendants that the duty to maintain the premises safely had been delegated to the Plaintiff's employer, legal issues as to whether or not this would constitute such notice or other defense as to mean that the Plaintiff could not possibly have a claim or cause of action against the resident defendant, and similar issues. Since there are significant and substantial issues of state law which must be determined in connection with Plaintiff's Motion to Remand to state court, it certainly would be more logical and convenient to the Court for these issues to be decided by a district court located within the state of Mississippi.

## CONCLUSION

This premises liability case should not be consolidated with product liability or other "asbestos" litigation. Nothing will be served by such consolidation. The parties and witnesses will be inconvenienced; the Court will be inconvenienced. This action should be remanded to the United States District Court for the Southern District of Mississippi, Southern Division, for further proceedings including, but not limited to, determination of the Plaintiff's pending Motion to Remand

to state court. If the Plaintiff's Motion to Remand to state court is overruled by the U. S. District Court for the Southern District of Mississippi, then that Court is still best qualified to determine issues involving questions of premises liability which must be determined under Mississippi state law.

          Respectfully submitted,

          **JUSTIN SHANE WOOLEY**

          BY: _____
          JOHN H. DOWNEY
          DOUG WADE
          **ATTORNEYS FOR PLAINTIFF**

**OF COUNSEL:**

Doug Wade, Esq., MSB# 6852
**ATTORNEY AT LAW**
405 Tombigbee Street
Jackson, MS 39201-4704
Telephone: (601) 354-8930
Facsimile: (601) 354-5548

John H. Downey, MSB #6178
**RHODEN, LACY, DOWNEY & COLBERT**
111 Park Circle Drive
Post Office Box 13762
Jackson, Mississippi 39236-3762
Telephone: (601) 932-1155
Facsimile: (601) 936-2515

C:\1-JHD\WOOLEY.SHA\PLEADING\MORTIME.REQ\BRIEFSUP.MOT

Case MDL No. 875   Document 3246   Filed 08/14/01   Page 15 of 18

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | MDL NO.: 875 |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | NO.: 1:01CV237GR |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

**AFFIDAVIT**

STATE OF MISSISSIPPI

COUNTY OF Rankin

**THIS DAY PERSONALLY APPEARED BEFORE ME,** the undersigned authority in and for the aforesaid jurisdiction, **JOHN H. DOWNEY,** who stated on oath that he is one of the attorneys of record for Justin Shane Wooley, Plaintiff in the above styled action, and that on August 2, 2001, counsel for Justin Shane Wooley, Plaintiff in the above styled cause, filed a Motion to Remand this action to state court in the United States District Court for the Southern District of

Mississippi, Southern Division and served a copy upon opposing counsel; that this motion has not yet been determined, and that in fact opposing counsel has not yet been required to respond to same.

**AFFIANT FURTHER STATES ON OATH** that no discovery or pretrial proceedings have been completed or commenced in the action sought to be remanded, these being delayed until the Court determines whether this action shall be remanded to state court, and that no orders of the transferee district court have been issued.

**THIS AFFIDAVIT IS MADE** in accordance with Rule 7.6, General Rules for Multidistrict Litigation under 28 U.S.C. § 1407.

JOHN H. DOWNEY

**SWORN TO AND SUBSCRIBED BEFORE ME** this 13th day of August, 2001.

NOTARY PUBLIC

My Commission Expires:
MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES OCT. 14, 2002
BONDED THRU STEGALL NOTARY SERVICE



C:\I-JHD\WOOLEY.SHA\PLEADING\MORTIME.REQ\AFFIDAVI.BRF

2

## CERTIFICATE OF SERVICE

**THIS WILL CERTIFY** that I, John H. Downey, one of the attorneys for the plaintiff Justin Shane Wooley, have this day served the original and eleven copies of the above and foregoing Brief Supporting Plaintiff's Motion to Vacate Conditional Transfer Order as well as a computer readable disk of said pleading in WordPerfect for Windows format to Michael J. Beck, Clerk of the Panel on Multidistrict Litigation by Federal Express Overnight Delivery, as follows:

>  Michael J. Beck
>  **CLERK OF THE PANEL ON MULTIDISTRICT LITIGATION**
>  One Columbus Circle, NE
>  Thurgood Marshall Federal Judiciary Building
>  Room G-255, North Lobby
>  Washington, D.C.  20002

and have also served a copy of said pleading upon members of the attached Panel Service List by placing same in the United States Mail, postage fully prepaid, at their respective mailing addresses as noted on the attached Panel Service List, as well as serving a copy upon counsel for the Defendants by placing same in the United States Mail, postage fully prepaid, addressed as follows:

>  Michael O. Gwin, Esq.
>  **WATKINS & EAGER**
>  Post Office Box 650
>  Jackson, MS 39205-0650

**SO CERTIFIED** this 13th day of August, 2001.

_____
JOHN H. DOWNEY

C:\-JHD\WOOLEY.SHA\PLEADING\MORTIME.REQ\BRIEFSUP.MOT

## PANEL SERVICE LIST (Excerpted from CTO-200)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Michael O'Mara Gwin
Watkins & Eager
The Emporium Building, Suite 300
P.O. Box 650
400 East Capitol Street
Jackson, MS  39205

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH  44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

Doug Wade
405 Tombigbee Street
Jackson, MS  39201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406