**MDL 875**



ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2001

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

| | | |
|---|---|---|
| SYLVIA ANN BADEN, Individually and as Personal Representative of the Heirs and Estate of **ALEJANDRO ESPINOSA**, Deceased; ALEX ERIC ESPINOSA; CYNTHIA ELAINE ESPINOSA; RICHARD EDWARD ESPINOSA; ERIC DANIEL ESPINOSA; LISA LINDA SOLIZ; NORA LYNN ESPINOSA; and DAVID THOMAS ESPINOSA,<br>　　　　　　Plaintiffs,<br>vs.<br><br>BPU REYNOLDS, INC. d/b/a Sherwin Alumina Co., Individually, and as successor-in-interest to Reynolds Metals Company; ALCOA INC., Individually, and as successor-by-merger to Reynolds Metals Company and Sherwin Alumina Co.; REYNOLDS METALS COMPANY, Individually, and as predecessor of Sherwin Alumina Co.; BASIC INDUSTRIES OF SOUTH TEXAS LIMITED d/b/a Basic Industries of Texas, Inc. d/b/a Basic Industries f/k/a Gilman Insulation Company, Inc.; SPECIALTY PRODUCTS and INSULATION COMPANY; GUARD-LINE, INC.; and CORPUS CHRISTI | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS CORPUS CHRISTI DIVISION<br><br>CIVIL ACTION NO. C-01-288 |

FILING NO. 3 2 4 7

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2001 AUG 14 A 10: 43

RECEIVED
CLERK'S OFFICE

1

**OFFICIAL FILE COPY**   IMAGED AUG 1 6 '01

GASKET AND FASTENER, INC. f/k/a/ §
Corpus Christi Gasket and Packing, §
Inc., §
              Defendants. §

## PLAINTIFFS' MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

COME NOW, PLAINTIFFS, and file this, their Motion to Vacate the Conditional Transfer Order, and brief in support.

1.     This asbestos personal injury case, filed in state court on April 25, 2001, was improperly removed to the United States District Court for the Southern District of Texas, Corpus Christi Division on or about June 28, 2001.  Because the absence of federal subject matter jurisdiction is apparent from the face of the pleadings, Plaintiffs have submitted a Motion to Remand. That Motion for Remand argues that remand is required for three reasons: 1)  the pleadings reveal that no federal question exists, 2) complete diversity amongst the parties is lacking, and 3)  moving defendants failed to obtain the unanimous consent of all Defendants.  Significantly, one of the Defendants that was alleged to have been fraudulently joined–a Defendant that is a local Corpus Christi, Texas, business-- has joined in support of all portions of Plaintiffs' Motion to Remand the case.   Plaintiffs' Motion for Remand is currently set for hearing on August 28, 2001.

2.     The United States Supreme Court strongly endorses the importance of a court

deciding - for itself - jurisdictional issues.[1]  Thus, a jurisdictional issue must be resolved

**before** deciding whether to stay or transfer the case to the MDL panel.[2]  In this case,

the jurisdictional issue has not been resolved.  Plaintiffs' Motion to Remand is currently

pending before the district court.  The Panel should await the trial court's decision on its

Motion to Remand before transferring this case to the MDL.[3]


3.    This case should not be transferred to MDL-875 because issues it may have in

common with other cases pending in the MDL-875 do not predominate, and do not

outweigh the inconvenience and delay imposed on the parties.  This case involves

Texas defendants; indeed, most of the Defendants sued in this case are thought to

have conducted operations in Nueces County, Texas and the immediately contiguous

areas only.  Plaintiffs do not believe that any coordinated discovery on the  Defendants

sued in this case–Corpus Christi Gasket and Fastener, Basic Industries of South

Texas, Ltd., BPU Reynolds, Guardline, Specialty Products, Inc., or Reynolds Metals–

has been conducted during the ten years that MDL-875 has been pending, nor would it

appear that centralizing discovery about these defendants would benefit other

---

[1] *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998).

[2] *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft, Inc.* 48 F.Supp.2d 37, 39 (D.D.C., 1999) (deciding whether removal was proper before deciding whether to stay pending ruling by Judicial Panel on Multidistrict Litigation);  *Good v. Prudential Ins.* 5 F.Supp.2d 804, 809 (N.D.Cal., 1998) (Discussing motion to remand before motion to stay and finding stay proper after finding remand improper).

[3] 28 U.S.C. §§ 1447(c) states that "[i]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." (emphasis added); Rule 1.5, Rules of Procedure of the Judicial Panel on Multidistrict Litigation, (the pendency of a conditional transfer order alone does not affect putative transferor court's ability to rule on pending pretrial motions).

claimants with cases pending in MDL-875.   Further, while the Panel is confronted with cases in which the Plaintiffs' exposure and damages issues are local as a matter of course, in this case, even the liability issues are predominantly local.  They deal with the workplace environment of the Decedent, who was employed by Reynolds Metals in Nueces County and San Patricio County, Texas, the conduct of that employer, and the conduct of contractors and suppliers brought into that workplace by Reynolds Metals. These local issues are of the sort that would be remanded to the transferor court for discovery anyway.[4]  Because local discovery heavily predominates in this case involves the conduct and decisions made by a Nueces County, Texas employer and the contractors and suppliers that employer brought in its Nueces and San Patricio County, facilities, most of which operated almost exclusively in the Nueces County area, transferring this case to MDL-875 would be counterproductive to the policies underlying 28 U.S.C. 1407.  Therefore, the case does not meet the standards established in 28 U.S.C. Section 1407, and should not be transferred.

4.    This case should not be transferred because the manner in which MDL-875 has been administered constitutes a denial of the Plaintiffs' right to a jury trial in two different ways.  First, extreme delay of a trial date–a delay of years and years–occurs as a matter of course in MDL-875.  More than 82,000 cases have been transferred to

---

[4]  *In re Patenaude*, 210 F.3d 135, 145 (3rd Cir. 2000)(discussing legislative history indicating the desirability of remanding cases for local discovery); *In re Concrete Pipe*, 302 F.Supp. 244 (Jud.Pan.Mult.Lit. 1969)( pretrial discovery and proceedings that concern local witnesses, local records and local aspects of the case best handled by the local United States District Courts);  H.R.Rep. No. 1130, 1968 U.S.C.C.A.N. at 1898, 1901-02 (1968)(recounting testimony offered at hearings conducted prior to the enactment of 28 U.S.C. 1407 revealing Congress's intention that local discovery would be dealt with by remanding cases back from the MDL to the transferor court).

4

MDL-875.  Fewer than six cases were remanded in both 1998 and 1999.  The extreme delays inherent in any transfer into MDL-875 are so significant that they constitute a denial of the right to trial by jury guaranteed by both the Texas Constitution, Art. 1, Section 15, and by the Seventh Amendment.  This Court should decline to exercise its jurisdiction to transfer this case to the MDL because such a transfer will impair Plaintiffs' constitutional rights.

5.    Second, the administration of MDL-875 impairs the right to trial by jury because Judge Weiner's policy of retaining jurisdiction over all punitive damages claims–transferred claims he is statutorily unable to try himself--effectively extinguishes any right to punitive damages.  Of the almost 100,000 asbestos claims that have been transferred to MDL-875 over the past 10 years, Plaintiffs are aware of only *one* case in which Judge Weiner has agreed to remand the punitive claim back to the transferor court for trial.

6.  Judge Weiner's policies with respect to punitive damages will effectively extinguish this family's claim against one of the Defendants in this case–Reynolds Metals.  Plaintiffs have no compensatory damages claim against that company.  Reynolds Metals is the former employer of Decedent, Alejandro Espinosa.  As in most states, employees in Texas are generally barred from suing their employers for workplace injuries.  However, the Texas Constitution guarantees the families of workers the right to sue if the gross negligence of an employer causes the worker's death; in this type of

5

claim, however, only punitive damages are recoverable. [5]   Thus, Judge Weiner's policy of retaining jurisdiction over all punitive damages claims–claims he cannot try and cannot resolve "globally,"[6]–acts as a complete denial of these claimants' constitutionally guaranteed right to proceed against Reynolds Metals, as well as a denial of the "inviolate" right to a jury trial guaranteed to them by the Texas Constitution and the Seventh Amendment.   In this case, with these facts and the state of Texas law on this issue, this Court should decline to exercise its jurisdiction to transfer the case to MDL-875 because it would effectively extinguish this family's claim against Reynolds Metals, the Decedent's former employer.   The inability to ever secure a remand of the punitive damages claim–the only claim this family can state against Reynolds Metals–is a complete denial of their right to trial on that claim, a right that is *inviolate* under two provisions of the Texas Constitution, and one which is similarly guaranteed by the Seventh Amendment to the U.S. Constitution.

7.    The federal court has no jurisdiction over this case, and this court should wait to make a final decision transferring it to MDL-875 until the district court in the Southern District of Texas makes its remand decision.   It is expected that a decision on that issue will be made on August 28, 2001 or shortly thereafter.   Further, this case is not substantially similar to those currently pending in MDL-875, so transfer does not work to enhance the convenience of either the parties or the witnesses.   Finally, because a

---

[5]  Art. XVI, Section 26.

[6]  *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 611, 117 S.Ct. 2231, 2244 (1997)(nationwide class of asbestos victims too large and complex "to ever be tried.").

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 14 2001

FILED
CLERK'S OFFICE

transfer of this case contravenes the clear mandates of Texas law and its Constitution,

and of the Seventh Amendment to the U.S. Constitution, this Panel should decline to

exercise its jurisdiction to transfer this case.


Respectfully submitted,

By: _____

Kay Gunderson Reeves
State Bar No. 08620470
Judy Bradshaw
State Bar No. 02837100

KAESKE • REEVES, LLP

6301 Gaston Avenue, Suite 735
Dallas, Texas 75214
Telephone: 214-821-1221
Facsimile: 214-821-0977

**ATTORNEYS FOR PLAINTIFFS**


## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on all known Counsel of Record via certified mail, return receipt requested, on this 13th day of August, 2001.

_____
Judy Bradshaw

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2001 AUG 14 A 10: 43

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-201)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Judy D. Bradshaw
Kaeske-Reeves, L.L.P.
6301 Gaston Avenue
Suite 735
Dallas, TX 75214

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Daniel T. Fitch
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Robin C. Hoblit
Chaves, Gonzales & Hoblit
2000 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470

John C. Holmgreen, Jr.
Gary Thomasson, et al.
P.O. Box 2888
Corpus Christi, TX 78403

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2001

FILED
CLERK'S OFFICE

GASKET AND FASTENER, INC. f/k/a/   §
Corpus Christi Gasket and Packing,   §
Inc.,   §
         Defendants.   §

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE
## THE CONDITIONAL TRANSFER ORDER

COME NOW, PLAINTIFFS, and file this, their Brief in Support of their Motion to

Vacate the Conditional Transfer Order, and in support state the following:

### A.  Because federal court jurisdiction is lacking, this Court should refrain from transferring this case to MDL-875.

Plaintiffs filed this asbestos personal injury case on April 25, 2001.  Their

complaint stated claims arising under Texas law exclusively.  There is no dispute about

this fact.  They sued a group of Defendants that includes at least three resident Texas

corporations, another fact that is not disputed.    Removing Defendants failed to satisfy

the mandatory procedural requirements of 28 U.S.C. 1446 by failing to procure the

unanimous consent of all other Defendants within the 30-day window provided by the

statute. Indeed, one of the other Defendants has joined Plaintiffs' Motion to Remand.

None of this is disputed.

Plaintiffs' motion to remand this case to state court where it belongs is currently

pending in the U.S. District Court for the Southern District of Texas, with a hearing set

for August 28, 2001.  Plaintiffs expect to prevail on this motion for three reasons.  First,

removing Defendants argue that because a prior, parallel, case filed by these Plaintiffs

was removed and transferred to MDL-875, the All Writs Act provides the Southern

District of Texas with removal jurisdiction over the instant case. This argument is

without merit.  Removal under the All Writs Act is proper *only* if the Court taking

2

jurisdiction has an independent basis for the exercise of its jurisdiction.[1]   The Southern

District of Texas, having relinquished the first case, clearly has no independent basis for

the exercise of its jurisdiction.   Further, the "exceptional circumstances" that are a

prerequisite to the exercise of removal jurisdiction do not exist in our case.   Even in

those districts that agree that the All Writs Act provides removal jurisdiction in some

circumstances–a group that does not clearly include the Fifth Circuit and excludes the

Tenth–movants must typically demonstrate that the case for which removal is sought

impedes a federal court's ability to protect or administer a settlement or consent decree

over which it has retained jurisdiction.[2]   The existence of parallel actions, without more,

has never been found to be sufficient to support removal under the All Writs Act.   Thus,

---

[1]  *United States v. Tel. Co.*, 434 U.S. 159, 172 (1977)( holding merely that the All Writs Act provided federal court with authority to issue writs to prevent the frustration of orders it had previously issued in its exercise of jurisdiction it had otherwise obtained).

[2]  *In re Agent Orange*, 996 F.2d 1425, 1431 (2nd Cir. 1993)(order under the All Writs necessary to prevent the frustration of prior settlement of nationwide personal injury class action over which district court had retained jurisdiction); *United States v. City of New York*, 972 F.2d 464, 469 (2nd Cir. 1992)(court issues order to protect the integrity of a federal consent decree); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2nd Cir. 1988)(same);*In re VMS Limited Partnership Securities Litigation*, 103 F.3d 1317, 1324 (7th Cir. 1996) (same); *Xiong v. State*, 195 F.3d 424 (8th Cir. 1999)(same); *N.A.A.C.P. v. Metropolitan Council*, 144 F.3d 1168 (8th Cir. 1998)(same); *Davis v. Glanton*, 107 F.3d 1046 (3rd Cir. 1997)(same); *Sable v. GM*, 90 F.3d 171 (6th Cir. 1996)(same); *In re County Collector*, 96 F.3d 890 (7th Cir. 1996)(same); *NAACP v. Metropolitan Council,* 125 F.3d 1171 (8th Cir. 1997)(same);  *NAACP v. Metropolitan Council*, 144 F.3d 1168 (8th Cir. 1998)(same); *Chance v. Sullivan*, 993 F.Supp. 565, 567-69 (S.D. Tex. 1998)(same); *In re Baldwin United Corp*, 770 F2.d 328 (2nd Cir. 1985)(same);  *In Re Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir. 1981), cert den'd 456 U.S. 936, 102 S.Ct. 1993 (1982)(same); *Battle v. Liberty National Life Ins.*, 877 F.2d 877, 882 (11th Cir. 1989)(injunction issued to protect prior federal judgment); *James v. Bellotti*, 733 F2d 989, 994 (1st Cir. 1984)(injunction issued to protect settlement); *Mayfield-George v. Texas Rehabilitation Commission,* 197 F.R.D. 280 (N.D. Tex. 2000)(All Writs Act removal not available where no federal court order or settlement agreement could be undermined by the state action.); *In re Painewebber Ltd. Partnerships Litigation*, 1996 W.L. 374162 (S.D.N.Y. 1996)(parallel in personam actions typically do not cause interference with federal jurisdiction; exception is where the federal court is "on the verge of settling a complex matter", citing *Standard Microsystems,* 916 F.2d at 60; *In re Johns-Manville Corp.*, 27 F.3d 48, 49 (2d Cir.1994); *United States v. International Bhd. of Teamsters*, 907 F.2d 277, 281 (2d Cir.1990); *Baldwin-United*, 770 F.2d at 338; *Joint E. & S. Dist. Asbestos Litigation,* 134 F.R.D. at 37)).

Defendants' All Writs Act argument is unavailing in this situation.

Defendants further argue that joinder of the resident Texas defendants was fraudulent.  The burden of establishing this claim is heavy in the Fifth Circuit, which imposes significant pleading and proof burdens on the movant.[3]  In order to prevail, the movant must plead the facts underlying the fraudulent joinder claim with particularity, and must provide evidence that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.[4]  These Defendants, however, did neither.  Their removal motion contains no factual allegations to support their bald claim of fraudulent joinder, and no evidence was provided to support that claim.  Thus, Defendants motion must fail as a matter of law.

Finally, Defendants failed to obtain the written consent of all Defendants; indeed, one Defendant–Corpus Christi Gasket and Fastener-- has joined Plaintiffs' motion to remand in all respects. Because the right of removal is jointly held by all defendants, the failure of even one defendant to join in the notice precludes removal.[5]   This procedural defect is fatal, and mandates remand.   No basis for the exercise of federal jurisdiction appears on the face of Plaintiffs' pleading; his Panel should decline to finally transfer this case until the remand motion is decided by the U.S. District Court for the

---

[3] *Rogers v. All American Life Ins. Co.*, 1998 WL 401599, *5 (N.D. Tex. 1998) (citing *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992); *Laughlin v. Prudential Insurance Co.* ., 882 F.2d 187, 190 (5th Cir. 1989); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

[4] *In re Rodriquez*, 79 F.3d 467 (5th Cir. 1996); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981).

[5] *Lloyd v. Cabell Huntington Hospital, Inc.*, 58 F.Supp. 2d at 697.

Southern District of Texas.[6]

## B.  This Court should refrain from transferring the case because the manner in which MDL-875 is administered effectively denies these Texas Plaintiffs their constitutional rights.

Both the Texas Constitution and the Seventh Amendment to the U.S. Constitution guarantee these Plaintiffs the right to a trial by jury.[7]  The right guaranteed by the Texas Constitution is arguably broader than the Seventh Amendment, and clearly states that this right to a jury trial shall be *inviolate*.[8]  The U.S. Supreme Court has clearly held that there can be no justification in denying a litigant his or her constitutional right to a jury trial in a civil action.[9]

There is no realistic possibility that the Plaintiffs will ever be permitted to try their case if it is transferred to MDL-875. There have been more than 82,000 cases

---

[6] Rule of Procedure 1.5, Judicial Panel on Multidistrict Litigation; *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir.  1975)(a transfer under 28 U.S.C. 1407 cannot be made unless the district court properly has jurisdiction of the subject matter of the case);*In re Showa Denko K.K. L-Tryptophan Products Liability Litig.-II,* 953 F.2d 162, 165 (4th Cir.1992) ("The authority for consolidating cases on the order of the judicial panel of multi-district litigation, however, is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred.... [N]owhere does it expand the jurisdiction of either the transferor or the transferee court."); *United States v. Brandt Constr. Co.,* 826 F.2d 643, 647 (7th Cir.1987)(28 U.S.C. 1407  "requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion"); *Dorsey v. Manufacturers Life Ins. Co.*1997 WL 703354 (E.D.La.,1997)(same, following *Brandt*); *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1115 n. 8 (W.D.Ky.2000) (holding that "the jurisdictional issue *must* be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Meyers v. Bayer AG,* 143 F.Supp.2d 1044, 1048-49 (E.D.Wis.2001)(a court should attend to a motion to remand prior to transferring a case under 28 U.S.C. 1407); *In re L. E. Lay & Co. Antitrust Litigation,* 391 F.Supp. 1054. (Jud.Pan.Mult.Lit.1975)(principles of comity dictate that the Panel will be reluctant to transfer a case while an important motion is pending before the transferee court).

[7] Tex. Const. Art. I, Section 15; U.S. Const. Amend. VII.

[8]  Tex. Const. Art. I, Section 15.

[9] *Curtis v.  Raytheon Mfg. Co. v. Radio Corp. of America*, C.C.A.1 (Mass.) 76 F.2d 943 (1st Cir. 1935),  certiorari granted 56 S.Ct. 99, 296 U.S. 557, 80 L.Ed. 393, affirmed 56 S.Ct. 297, 296 U.S. 459, 80 L.Ed. 327 (1935) (Neither Congress nor courts may deprive litigant of right to jury trial guaranteed by this amendment). See, also, *Berning v. Louisville & N.R. Co.*, 92 F.2d 997 (6th Cir. 1938).

transferred to MDL-875. Only four cases were remanded between October 1, 1997 and September 30, 1998; only six were remanded between October 1, 1998 and September 30, 1999.[10]   Judge Weiner has a stated preference for remanding cases involving Plaintiffs who are near death;[11] Alejandro Espinosa has aleady died, so his family has no realistic expectation that their case would be among the lucky handful of cases remanded on an annual basis. There are cases that have been pending in MDL-875 for years, awaiting remand back to the transferor court for trial. Such an extreme delay in the trial date constitutes a denial of the claimants' right to jury trial.[12]

While there is at least a *theoretical* possibility that Plaintiffs' compensatory damages claims could be remanded from MDL-875, albeit after years of delay, there appears to be no such possibility with respect to their punitive damages claims. Judge Weiner has adopted a policy of retaining jurisdiction over these cases, cases which his court cannot try.[13]

Judge Weiner's policy with respect to punitive damages–claims he cannot try,

---

[10]  These statistics were provided to Kay Gunderson Reeves, counsel for Plaintiffs, by staff at the Judicial Panel on Multidistrict Litigation on August 9, 2001.

[11]  MDL-875 Administrative Order No. 3;  *In re Patenaude*, 210 F.3d 135, 140,  note 3 (3rd Cir. 2000)(MDL-875 has adopted Administrative Order No. 3, which prioritizes the claims of the seriously ill and dying).

[12]  *Armster v. U.S. Dist. Court for the Cent. Dist. of California*, 792 F.2d 1423  (9th Cir. C.A.9,1986)(holding that a 3.5 month suspension of jury trials caused by budget constraints was an impermissible denial of the right to a jury trial); *Hobson v. Brennan*, 637 F.Supp. 173, 174+ (D.D.C. Jun 24, 1986)(following *Armster); Folsom v. Wynn*, 631 So.2d 890, 898+ (Ala. Dec 22, 1993)(follows *Armster); Odden v. O'Keefe*, 450 N.W.2d 707, 708+, 58 USLW 2435, 2435+ (N.D. Jan 17, 1990)(18 month delay in civil trial an impermissible denial of the right to jury trial; follows *Armster*).

[13]  28 U.S.C. 1407 (transfer under this section is for pretrial proceedings only); *Milberg Weiss Bershad Hynes & Lerach v. Lexecon Inc.*, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998); *In re Patenaude*, 210 F.3d at 140,  note 3 (noting that Judge Weiner has adopted a policy of retaining jurisdiction over punitive damages claims).

and claims he cannot resolve "globally" in light of recent Supreme Court cases disapproving of global settlements in the asbestos context[14] –effectively extinguishes one of the most central claims in this lawsuit–this family's claim against Alejandro Espinosa's former employer, Reynolds Metals (and its successors).  As in most states, employees are barred from suing employers for work place injuries or illnesses due to the exclusive remedy provisions of the workers' compensation statutes.  In Texas, however, the Constitution preserves for the families of workers who die from work place injuries or illnesses the right to proceed against the employer on a gross negligence theory, and permits them to recover punitive damages for that gross negligence.[15] The only claim that this family has against Reynolds Metals, then, is a claim for punitive damages.  Judge Weiner does not remand these for trial as a matter of policy, a policy that extinguishes this family's constitutionally-guaranteed right to recover damages from Reynolds Metals.  This claim will be left in ostensible "pretrial proceeding" limbo indefinitely, even though it is now beyond peradventure that the claims cannot be resolved in any type of global settlement.  The refusal to ever remand punitive damages claims constitutes a complete denial of these Plaintiffs' right to proceed under Article XVI, Section 26 of the Texas Constitution, and it also denies them the right to a jury trial guaranteed by Article I, Section 15 of the Texas Constitution and the Seventh Amendment to the U.S. Constitution.

---

[14] *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S.Ct. 2231 (1997)(nationwide class action of asbestos personal injury claimants could not be resolved under Rule 23; hope for such global resolution lies with Congress).

[15] Tex. Const. Art. XVI, Section 26.

## C.  This court should not transfer this case because common issues do not predominate, and virtually all discovery is local

This Panel should exercise its discretion by declining to transfer the instant case to MDL-875 because a Section 1407 transfer would not serve the convenience of the parties or witnesses, nor would it further the just and efficient conduct of the litigation. Indeed, transfer would significantly prejudice Plaintiffs to the sole benefit of Defendants.

This case involves Defendants whose conduct was centered in Nueces County, Texas and the contiguous counties.   These are not Defendants about which coordinated discovery has occurred, nor would such discovery benefit many of the other parties with cases currently pending in MDL-875.  Weighing against the transfer are the delays inherent in the MDL process, the unnecessary expense to be incurred by having to litigate any contested matter in a distant jurisdiction, and the extreme prejudice Plaintiffs would suffer not only from the lengthy delays, but by the virtual elimination of one of the primary claims in this case–their Constitutionally-guaranteed gross negligence claim against Reynolds Metals.

While Section 1407 does not mandate that common issues of law or fact "predominate" in order for this Panel to transfer the case, this Panel has declined to transfer asbestos cases in the past where common issues did not predominate and there were significant disadvantages to transfer.  In *In re Asbestos School Products Liability Litigation,* for example, this Panel refused a request for a Section 1407 transfer, declining to transfer because common questions of fact would not predominate over the individual questions *and* because the common questions that did exist had been

8

extensively litigated over the previous decade.[16]  This case involves a similar situation.

Local issues predominate in this case involving asbestos exposure the Decedent

received at the hands of his former employer, Reynolds Metals, and the contractors and

suppliers Reynolds brought into his workplace. This is not a typical asbestos case

involving the dozens of asbestos product manufacturers typically sued in asbestos

product liability cases.  Further, the common issues that *do* exist–issues having to do

with Alejandro Espinosa's disease, its diagnosis and consequences, and what was

known and knowable about that disease–are matters that have now been litigated for

almost thirty years.  Because so much is known about these issues, centralization of

discovery is not necessary, and will not increase the efficiency with which this case can

be resolved.  Indeed, were the case to stay in Texas, it is certain to be resolved far

sooner than it would be if the case is transferred to MDL-875.

Local issues predominate in this case, not common ones.  Transfer of this case

will not serve the convenience of any party–indeed, Defendant Corpus Christi Gasket

and Fastener has expressed its clear preference to litigate this case in Texas by joining

in Plaintiffs' Motion to Remand this case to state court.  Just as it would be expensive

and inconvenient for these Plaintiffs to have to litigate this case in Pennsylvania, it

---

[16] *In Re Asbestos School Products Liability Litigation,* 606 F.Supp. 713 (Jud. Pan. Mult. Lit. 1985).  See also *In re Eli Lilly & Co. Oraflex Products Liability Litigation,* 578 F.Supp. 422 (Jud. Pan. Mult. Lit. 1984)(transfer denied; common issues would not predominate so transfer would not serve the convenience of the parties or witnesses nor further the just and efficient conduct of the litigation); *In re Rely Tampon Products Liability Litigation,* 533 F.Supp. 1346 (Jud. Pan. Mult. Lit. 1982)(same); *In re Repetitive Stress Injury Products Liability Litigation,* 1992 W.L. 403023 (Jud. Pan. Mult. Lit. 1992)(common questions did not rise to the level that would permit a transfer to serve the convenience of the parties or promote the just and efficient conduct of the litigation); *In re Luminex Intern., Inc. Products Liability Litigation,* 434 F.Supp. 668 (Jud. Pan. Mult. Lit. 1977)(common fact questions not complex enough to justify transfer under Section 1407);*In re A.H. Robins Co., Inc.,* 505 F.Sup. 221 (Jud. Pan. Mult. Lit. 1981)(transfer denied; would not serve the convenience of the parties or promote the just and efficient conduct of the litigation).

9

would be inconvenient for the local defendants to do so. Further, transfer will not promote the just and efficient resolution of this case, it will impair those interests. The delays will increase dramatically, and one of the Plaintiffs' primary claims will be effectively extinguished due to Judge Weiner's policy of retaining jurisdiction over punitive damages claims he cannot resolve. That this causes extreme prejudice to Plaintiffs to the sole benefit of Defendants cannot be denied. This case does not meet the standard for transfer set in Section 1407, and this Panel should decline to transfer it.

### D. Conclusion

This Panel should refrain from finally transferring this case to MDL-875 until Plaintiffs' Motion to Remand this case has been ruled upon by the U.S. District Court in the Southern District of Texas, a matter that is currently scheduled for hearing on August 28, 2001. The federal court simply has no jurisdiction over this case, so transfer at this juncture would be improper.[17] In the event the Motion for Remand is denied, this Court should still refrain from transferring the case to MDL-875 because transfer of this case contravenes the clear mandates of Texas law and its Constitution, and of the Seventh Amendment to the U.S. Constitution. It does so by imposing such draconian delays on all actions that the Plaintiffs' inviolate right to a jury trial is denied. Transfer works to impair the Plaintiffs' right to a jury trial and their right to prosecute claims guaranteed in the Texas Constitution because Judge Weiner will not transfer punitive damages claims back for trial. Plaintiffs have a Constitutionally guaranteed

---

[17] See note 6.

10

right to proceed against Alejandro Espinosa's former employer, but they may only

proceed on a gross negligence theory, and may only recover punitive damages.  Judge

Weiner's policy of retaining jurisdiction over all punitive damages claims–claims he

cannot try and cannot resolve globally–effectively denies Plaintiffs' rights to proceed on

this theory.  Finally this Panel should refrain from transferring the case because

this case is not substantially similar to those currently pending in MDL-875, so transfer

does not work to enhance the convenience of either the parties or the witnesses.

Instead, transfer significantly prejudices Plaintiffs and significantly benefits Defendants,

who can rest assured that any day of reckoning lies in the distant future, if it exists at all.

Under such circumstances, Section1407 transfer is inappropriate.

WHEREFORE, premises considered, Plaintiffs respectfully request that this

Panel deny the request for a Section 1407 transfer.

Respectfully submitted,

By: _____

Kay Gunderson Reeves
State Bar No. 08620470
Judy Bradshaw
State Bar No. 02837100

KAESKE • REEVES, LLP
6301 Gaston Avenue, Suite 735
Dallas, Texas 75214
Telephone: 214-821-1221
Facsimile: 214-821-0977

**ATTORNEYS FOR PLAINTIFFS**

11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2001

FILED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

In the 28th Judicial District Court of Nueces County, Texas;  Cause No.: 01-2173-A; Judge
Nanette Hasette

Sylvia Ann Baden, Individually and as Personal Representative of the Heirs and Estate of
Alejandro Espinosa, Deceased; Alex Eric Espinosa; Cynthia Elaine Espinosa; Richard Edward
Espinosa; Eric Daniel Espinosa; Lisa Linda Soliz; Nora Lynn Espinosa; and David Thomas
Espinosa, Plaintiffs

vs.

BPU Reynolds, Inc. d/b/a Sherwin Alumina Co., Individually, and as Successor-in-interest to
Reynolds Metals Company; Alcoa Inc., Individually, and as Successor-by-merger to Reynolds
Metals Company and Sherwin Alumina Co.;  Reynolds Metals Company, Individually, and as
Predecessor of Sherwin Alumina Co.; Basic Industries of South Texas Limited d/b/a Basic
Industries of Texas, Inc. d/b/a Basic Industries f/k/a Gilman Insulation Company, Inc.; Specialty
Products and Insulation Company; Guard-line, Inc.; and Corpus Christi Gasket and Fastener, Inc.
f/k/a/ Corpus Christi Gasket and Packing, Inc., Defendants

---

In the United States District Court For the Southern District of Texas, Corpus Christi Division;
Civil Action No.:   C-01-288; Judge Hayden Head

Sylvia Ann Baden, Individually and as Personal Representative of the Heirs and Estate of
Alejandro Espinosa, Deceased; Alex Eric Espinosa; Cynthia Elaine Espinosa; Richard Edward
Espinosa; Eric Daniel Espinosa; Lisa Linda Soliz; Nora Lynn Espinosa; and David Thomas
Espinosa, Plaintiffs

vs.

BPU Reynolds, Inc. d/b/a Sherwin Alumina Co., Individually, and as Successor-in-interest to
Reynolds Metals Company; Alcoa Inc., Individually, and as Successor-by-merger to Reynolds
Metals Company and Sherwin Alumina Co.;  Reynolds Metals Company, Individually, and as
Predecessor of Sherwin Alumina Co.; Basic Industries of South Texas Limited d/b/a Basic
Industries of Texas, Inc. d/b/a Basic Industries f/k/a Gilman Insulation Company, Inc.; Specialty
Products and Insulation Company; Guard-line, Inc.; and Corpus Christi Gasket and Fastener, Inc.
f/k/a/ Corpus Christi Gasket and Packing, Inc., Defendants

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 4 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of the foregoing was
served on all known Counsel of Record via certified mail, return receipt requested, on
this 13th day of August, 2001.

_____
Judy Bradshaw

RECEIVED
CLERK'S OFFICE
2001 AUG 14  A 10: 43
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

12

**PANEL SERVICE LIST (Excerpted from CTO-201)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Judy D. Bradshaw
Kaeske-Reeves, L.L.P.
6301 Gaston Avenue
Suite 735
Dallas, TX 75214

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Daniel T. Fitch
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Robin C. Hoblit
Chaves, Gonzales & Hoblit
2000 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470

John C. Holmgreen, Jr.
Gary Thomasson, et al.
P.O. Box 2888
Corpus Christi, TX 78403

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568