AUG 2 2 2001

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

JUL 17 2001

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | | |
|---|---|---|
| John Lindfors and Bertha Lindfors, | ) | |
| Plaintiffs, | ) ) ) | C/A No.: 2:01-0571-24 |
| vs. | ) ) | |
| ACandS Inc., et al., | ) ) | ORDER |
| Defendants. | ) ) ) | |

| | | |
|---|---|---|
| Henry Wood and Jane Wood, | ) ) | |
| Plaintiffs, | ) ) | C/A No.: 2:01-0572-24 |
| vs. | ) ) | |
| ACandS Inc., et al., | ) ) | ORDER |
| Defendants. | ) ) ) | |

These actions are brought by Plaintiffs John Lindfors and Bertha Lindfors and Henry Wood and Jane Wood, respectively, seeking compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs John Lindfors and Bertha Lindfors filed a summons and complaint on February 2, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-433. Plaintiffs Henry Wood and Jane Wood also filed a summons and complaint on February 2, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-434.

In the <u>Lindfors</u> case, counsel for Defendant ACandS, Inc., "acting for itself the other proper defendants," filed a Notice of Removal to this court on February 28, 2001, on the basis of diversity jurisdiction. On March 6, 2001, counsel for Defendant Gasket Holdings, Inc., f/k/a Flexitallic



AO 72A
(Rev 8/82)

IMAGED AUG 24 '01

Gasket Company, Inc., filed an affidavit in which he averred that this Defendant consented to and joined in the removal. Also on March 6, 2001, counsel for Defendant Industrial Holdings Corporation filed an affidavit in which he affirmed that this Defendant consented to and joined in the removal. On March 14, 2001, counsel for Defendant A.P. Green Industries, Inc. filed an affidavit in which he also averred that this Defendant consented to and joined in the removal of the case. In addition, on this date counsel for Amchem Products, Inc.; Armstrong World Industries, Inc.; C.E. Thurston & Sons, Inc.; National Service Industries, Inc.; T&N, plc; and United States Gypsum Company filed an affidavit indicating that these Defendants consented to and joined in the removal. Counsel for Defendant John Crane, Inc. filed an affidavit of consent on March 23, 2001.

In the Wood case, counsel for Defendant ACandS, Inc., "acting for itself the other proper defendants," filed a Notice of Removal to this court on February 28, 2001, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case." On March 2, 2001, counsel for Defendant Ferodo America, Inc. filed an affidavit attesting that this Defendant consented to and joined in the removal. On March 14, 2001, counsel for Defendant A.P. Green Industries, Inc. filed an affidavit indicating that this Defendant consented to and joined in the removal.

On March 21, 2001, Plaintiffs filed a joint motion to remand these cases to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). Defendant John Crane, Inc. filed a memorandum in opposition to Plaintiffs' motion in the Lindfors case. No Defendant filed a response to the motion in the Wood case.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F.

AO 72A
(Rev.8/82)

Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective in each of these cases.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent

3

notice or consent, or other otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

### Lindfors

Plaintiffs allege that Defendant A.P. Green Industries, Inc.; National Service Industries, Inc.; United States Gypsum Company; C.E. Thurston & Sons, Inc.; Amchem Products, Inc.; T&N, plc; and Dana Corporation failed to timely file their consents to removal within the thirty (30) day time period. The record demonstrates that summonses and complaints in the Lindfors action were served upon Defendants National Service Industries, Inc.; Amchem Products, Inc.; and Dana Corporation on February 7, 2001, upon Defendants A.P. Green Industries, Inc. and United States Gypsum Company on February 9, 2001; and upon T&N, plc on February 16, 2001. Plaintiffs' Motion to Remand to State Court, Exs. 1-3, 5, 7. Plaintiff has provided no proof of service as to Defendant C.E. Thurston & Sons, Inc.[1]

Of these consents to removal, only the affidavit of T&N, plc was timely. However, Defendant John Crane, Inc. asserts that Plaintiffs submitted themselves to federal jurisdiction by

---

[1] Plaintiffs' Exhibit 6 references a certificate of service in the Wood action.

filing a motion to amend in federal court subsequent to the filing of the notice of removal, and thus have waived their right to seek a remand. The court disagrees. A plaintiff may waive his right to have a case remanded even after a wrongful removal if he fails to object promptly to removal and participates in the conduct of that action. See Johnson v. Odeco Oil & Gas Co., 864 F.2d 40, 42 (5th Cir. 1989). In this case, Plaintiffs timely filed a motion to remand. There is no evidence that they participated in discovery or other pretrial litigation matters, or gave any other indication that they were satisfied with the federal forum. Plaintiffs merely moved to amend their complaint to add a defendant. In the court's view, Plaintiffs' actions are insufficient to support a finding that they waived their right to seek a remand of this case. Accordingly, Plaintiffs' motion to remand the above case is **granted**.

### Wood

Plaintiffs allege that Defendant A.P. Green Industries, Inc.; National Service Industries, Inc.; United States Gypsum Company; Amchem Products, Inc.; T&N, plc; and Maremont Corporation failed to timely file their consents to removal within the thirty (30) day time period. The record demonstrates that summonses and complaints in the Wood action were served upon Defendants National Service Industries, Inc. and Amchem Products, Inc. on February 7, 2001; and upon Defendants A.P. Green Industries, Inc.; United States Gypsum Company; and Maremont Corporation on February 9, 2001. Plaintiffs' Motion to Remand to State Court, Exs. 1-3. Plaintiff has provided no proof of service as to Defendant T&N, plc.[2]

Only Defendant A.P. Green Industries, Inc. has filed a consent to removal in this case, and it was untimely. No other Defendant has consented to and joined in the removal of this action.

---

[2] Plaintiffs' Exhibit 7 references a certificate of service in the Lindfors action

Accordingly, Plaintiffs' motion to remand is **granted** as to this case.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

July 17, 2001.