JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 22 2001

FILED
CLERK'S OFFICE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2001 AUG 21 A 10 54
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN R. POYNTER, ET AL | CIVIL ACTION |
| VERSUS | NO. 01-1824 |
| KAISER ALUMINUM & CHEMICAL CORP., ET AL | SECTION "C" |

ORDER AND REASONS

This matter comes before the Court on plaintiffs motion to remand based on the lack of complete diversity.[1] Kaiser Aluminum & Chemical Corporation ("Kaiser") argues that the non-diverse state defendant, Air Environmental Services, Inc. ("AES") has been fraudulently joined in order to prevent removal, while the plaintiffs maintain that they have pled viable claims against AES. Having considered the record, the memoranda of counsel and the law, the Court has determined that this matter should be remanded for the following reasons.

The plaintiffs are suing the defendants for alleged asbestos

---

[1] The motion also argues that the jurisdictional minimum is not present. However, the Court need not and does not address that argument.

DATE OF ENTRY
AUG 21 2001

IMAGED AUG 24 '01

exposure sustained during the plaintiffs employment at Kaiser's facility in Gramercy. AES had contracted with Kaiser to perform environmental monitoring and testing with regard to the asbestos and its removal from boilers at the plant.

Kaiser argues in opposition that AES did not owe a duty to the plaintiffs but only to Kaiser. It provides an affidavit to the effect that AES satisfactorily tested the samples and reported the results of those tests. The plaintiffs argue in response that the testing procedures failed because asbestos existed in the boiler insulation to which they were exposed.

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). The removing party must establish the existence of federal jurisdiction. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th cir. 1992). The removing party must demonstrate that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court. Ford v. Elsbury, 32 F.3d 931, 935 (5th Cir. 1994).

A claim of fraudulent joinder is akin to a motion for summary judgment. Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir.), op. after certified question declined, 236 F.2d 282 (5th Cir. 2000). Disputed questions of fact are resolved in

favor of the nonremoving party; if no proof of contradictory facts is submitted, the court does not assume that the nonmoving party could or would prove the necessary facts. Id. All disputed questions of fact and all ambiguities in controlling state law are resolved in favor of the nonremoving plaintiffs. Ford, supra. The Court should not pre-try the case, but can pierce the pleadings and consider summary judgment-type evidence to determine fraudulent joinder. Carriere v. Sears, Roebuck & Co., 893 F.2d 98 (5th Cir. 1990), cert. denied, 498 U.S. 817 (1990).

The Court determines whether there is any possibility of recovery against the non-diverse party. Id. If the court determines that recovery is possible, "then a good faith assertion of such an expectancy in state court is not a sham ... and is not fraudulent in fact or in law." Dodson, 951 F.2d at 43. "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged." Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 949 (1964).

The Court finds that the petition adequately sets forth a claim against the AES. AES was the entity that tested and monitored samples to detect the subject asbestos contamination. Despite Kaiser's self-nonserving satisfaction with its

performance, the plaintiffs' claim is based upon the intended or unintended release of asbestos during the removal process despite AES's testing and monitoring. One possible cause for that exposure is AES's faulty performance. Remand is appropriate.

Accordingly,

IT IS ORDERED that the plaintiff's motion to remand is hereby GRANTED due to the lack of subject matter jurisdiction under 28 U.S.C. 1447(c).

New Orleans, Louisiana, this 20 day of August, 2001.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE