**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 0 2001

FILED
CLERK'S OFFICE

# BEFORE THE JOINT PANEL ON MULTIDISTRICT LITIGATION

This document relates to:  )
)
1.  *Steven J. Lukac v. GATX Corp.*  )
N.D. Ohio Case No. 1:01CV20000  ) Conditional Transfer Order No. 203
)
2.  *Paula A. Kubik v. GATX Corp.*  )
N.D. Ohio Case No. 1:01CV20001  )

## PLAINTIFFS' MOTION TO VACATE

COME NOW Plaintiffs Steven J. Lukac and Paula A. Kubik, pursuant to

J.P.M.L. Rule 7.4(d) and respectfully move to vacate that portion of Conditional

Transfer Order No. 203 entered August 27, 2001, that transfers their cases to

MDL 875.  The reasons for this Motion are set forth in the accompanying Brief.

(Plaintiffs' Notice of Opposition pursuant to Rule 7.4(c) is filed concurrently with

this Motion.)

Respectfully,

DEAN E. SWARTZ, ESQ.
SWARTZ & REED
1825 Jefferson Place, N.W.
Washington, D.C.  20036
Phone:  (202) 429-0429
[Ohio State Bar No. 0043469]

AND

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2001 AUG 27 P 1: 51

RECEIVED
CLERK'S OFFICE

**OFFICIAL FILE COPY**

IMAGED SEP 6 '01

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 0 2001

FILED
CLERK'S OFFICE

RONALD A. MARKS, ESQ.
258 Seneca N.E.
Warren, Ohio 44481
Phone: (330) 373-1028
[Ohio Bar No. 0000977]
*Co-Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiffs' Motion to Vacate

with accompanying Brief was mailed, first class postage prepaid, to counsel for

Defendant GATX Corp./GATC Stephen H. Daniels, Esq., and Byron J. Horn, Esq.,

THOMPSON HINE, LLP, 3900 Key Center, 127 Public Square, Cleveland, OH

44114-1216, this 27th day of August 2001.  In addition to counsel for Defendant

GATX Corp., the "involved counsel" on the attached list (incorporated herein by

reference) were also served with the Motion and Brief this day.  (Any counsel

desiring copies of the Exhibits should request them from undersigned Plaintiff's

attorney.)

DEAN E. SWARTZ, ESQ.

2

# INVOLVED COUNSEL FOR SCHEDULE CTO-203
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

Robert M. Arentson, Jr.
Watkins, Ludlam, Winter & Stennis
P.O. Box 427
Jackson, MS 39205

J. William Ashbaugh
Stafford, Frey, Cooper & Stewart
2500 Rainier Tower
1301 Fifth Avenue
Seattle, WA 98101

David A. Barfield
Barfield & Associates
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Robert E. Beyler
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 E Main Street
Norfolk, VA 23510

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

David E. Boelzner
Wright, Robinson, Osthimer & Tatum
411 East Franklin Street
Suite 400
Richmond, VA 23219

Sheila M. Bossier
Forman, Perry, Watkins, Krutz
& Tardy
P.O. Box 22608
Jackson, MS 39225

Stefan G. Bourn
Forman, Perry, Watkins, Krutz
& Tardy
P.O. Box 22608
Jackson, MS 39225

Craig E. Brasfield
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, MS 39225

Donald E. Britt, Jr.
Law Firm of Donald E. Britt
20 South Fifth Avenue
Wilmington, NC 28401

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS 39201

Patrick R. Buchanan
Brown, Watt & Buchanan
P.O. Box 2220
3112 Canty Street
Pascagoula, MS 39569

Alexander M. Bullock
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Michael P. Cascino
Cascino Vaughan Law Offices. Ltd.
403 West North Avenue
Chicago, IL 60610

James Case
Case & Dusterhoff, L.L.P.
9800 SW Beaverton Hillsdale Highway
Suite 200
Beaverton, OR 97005

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Paul V. Cassisa, Sr.
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

J. P. Coleman
Baker, Donelson, Bearman & Caldwell
P. O. Box 14167
Jackson, MS 39236

Robert H. Cooper
Blue & William, L.L.P.
3421 N. Causeway Blvd.
Ninth Floor
Metairie, LA 70002

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Stephen H. Daniels
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Leslie F. Darby
Lindsay, Hart, Neil & Weigler
1300 SW 5th Avenue
Suite 3400
Portland, OR 97201

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Box 20039
Winston-Salem, NC 27120

John C. DeVoe, Jr.
Dunn, Carney, Allen, Higgins
& Tongue
851 S.W. 6th Avenue, Suite 1500
Portland, OR 97204

INVOLVED COUNSEL FOR SCHEDULE CTO-203 (Cont.) MDL-875                    PAGE 2

Rodney A. Dean
Dean & Gibson, L.L.P.
Cameron Brown Building, Suite 900
301 S. McDowell Street
Charlotte, NC 28204

Lori K. Dedobbelaere
Dunn, Carney, Allen, Higgins
& Tongue
851 SW 6th Avenue, Suite 1500
Portland, OR 97204

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

S.L. Dumville
Cascino Vaughan Law Offices, Ltd.
4356 Bonney Road
Suite 2-102
Virginia Beach, VA 23452

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place
Suite 100
Baltimore, MD 21202

Timothy S. Feehan
Cook, Ware, Lonnes & Heyward
4451 Cox Road, Suite 210
P.O. Box 29629
Richmond, VA 23242

John M. Fitzpatrick
LeClair, Ryan, P.C.
707 East Main Street
Eleventh Floor
Richmond, VA 23219

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Reed N. Fountain
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Leon Gary, Jr.
Jones, Walker, Waechter, et al.
8555 United Plaza Boulevard
5th Floor
Baton Rouge, LA 70809

Frank H. Gassler
Fowler, White, Gillen, Boggs, et al.
501 East Kennedy, Suite 1700
P.O. Box 1438
Tampa, FL 33601

James H. Gidley
Perkins Coie
1211 S.W. Fifth Avenue
1500 PACWest Bldg.
Portland, OR 97204

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

James A. Gorry, III
Hofheimer Nusbaum, P.C.
P.O. Box 3460
Norfolk, VA 23514

Marc C. Greco
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

William S. Guy
Law Offices of William S. Guy
P.O. Box 509
McComb, MS 39648

Howard Hall
Wolfstone, Panchot & Bloch
801 Second Avenue
1500 Norton Building
Seattle, WA 98104

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Sheila J. Hendricks
Campbell, Harrison, Dove, Cherry
& Davis
P.O. Box 24328
Jackson, MS 39225

James L. Hiller
Hitt, Hiller & Monfils, LLP
510 S.W. 3rd Avenue
Suite 309
Portland, OR 97204

Tina Lloyd Hiabse
Young, Moore & Henderson, P.A.
P.O. Box 31627
Raleigh, NC 27622

Byron J. Horn
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Steven M. Jupiter
LeBlanc & Waddell, LLC
201 St. Charles Avenue
Suite 3204
New Orleans, LA 70170

Alan Kellman
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Leland I. Kellner
Lavin, Coleman, Finarelli & Gray
Penn Mutual Tower, 10th Floor
510 Walnut Street
Philadelphia, PA 19106

# INVOLVED COUNSEL FOR SCHEDULE  CTO-203  (Cont.) MDL-875

Christopher M. Kelly
Gallivan, White & Boyd, P.A.
P.O. Box 10589
Greenville, SC 29603

Diane J. Kero
Gordon, Thomas, Honeywell,
Malanca, et al.
One Union Square, Suite 2100
600 University
Seattle, WA 98101

Carter T. Lambeth
Johnson & Lambeth
P.O. Box 660
Wilmington, NC 28402

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mickey P. Landry
Landry & Swarr
330 Camp Street
New Orleans, LA 70130

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Richard J. Lutzel
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Ronald A. Marks
Swartz & Reed
258 Seneca Avenue, N.E.
Warren, OH 44481

Christopher D. Mauriello
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, NC 28144

Stephen P. McCarthy
Lane Powell Spears & Lubersky
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204

John B. McLeod
Haynsworth, Sinkler & Boyd
75 Beattie Place
11th Floor
Greenville, SC 29601

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211

James W. Morris, III
Morris & Morris
P.O. Box 30
Richmond, VA 23218

Philip B. Morris
Morris & Morris
P.O. Box 30
Richmond, VA 23218

Ralph Larry Morris
Levin, Papatonio, et al.
P.O. Box 12308
Pensacola, FL 32581

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Jean D. Mumm
Huff, Poole & Mahoney, P.C.
The Huff, Poole & Mahoney Building
Suite 100
4705 Columbus Street
Virginia Beach, VA 23462

Jeffrey S. Mutnick
Landye, Benett & Blumstein
3500 Wells Fargo Center
1300 SW Fifth Ave.
Portland, OR 97201

Peter T. Paladino, Jr.
Ketchum Center, 3rd Floor
1030 Fifth Avenue
Pittsburgh, PA 15219

E. Spencer Parris
Jones, Martin, Parris & Tessener Law
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Timothy Peck
Smith, Helms, Mulliss & Moore, LLP
P.O. Box 21927
Greensboro, NC 27420

George S. Pitcher
Tooze, Duden, Creamer, Frank
& Hutchison
333 SW Taylor Street
Portland, OR 97204

Richard T. Pledger
Sands, Anderson, Marks & Miller
801 East Main Street
P.O. Box 1998
Richmond, VA 23218

Donald A. Powell
Hanna, Campbell & Powell
3737 Embassy Parkway
P.O. Box 5521
Akron, OH 44334

William C. Reeves
Markow, Walker, Reeves & Anderson
805 South Wheatley, Suite 475
P.O. Box 13669
Jackson, MS 39236

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Louis S. Robles
Louis S. Robles, P.A.
100 South Biscayne Blvd.
One Bayfront Plaza, Suite 900
Miami, FL 33131

Dawn Smith Rodrigue
LeBlanc & Waddell, LLC
The Essen Centre, Suite 420
5353 Essen Lane
Baton Rouge, LA 70809

# INVOLVED COUNSEL FOR SCHEDULE CTO-203 (Cont.) MDL-875

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Richard J. Serpe
Glasser & Glasser, P.L.C.
600 Dominion Tower
999 Waterside Drive
Norfolk, VA 23510

Dan Shaked
Shaked & Posner
225 West 34th Street
New York, NY 10122

Dan Shaken
Shaked & Posner
225 West 34th Street
New York, NY 10122

John M. Silk
Wilson, Smith, Cochran & Dickerson
1700 Financial Center
1215 4th Avenue
Seattle, WA 98161

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Morris Stern
Sterns, Dubrow & Marcus
111 Dunnell Road
Maplewood, NJ 07040

James P. Streetman, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236

Roger K. Stroup
Bodyfelt, Mount, Stroup
& Chamberlain
65 S.W. Yamhill Street
300 Powers Building
Portland, OR 97204

Dean E. Swartz
Swartz & Reed
1825 Jefferson Place, N.W.
Washington, DC 20036

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Thomas W. Tardy, III
Forman, Perry, Watkins & Krutz
1200 One Jackson Place
188 East Capitol Street
Jackson, MS 39225

Mark S. Thomas
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson
125 S. Congress Street
Capitol Towers, 15th Floor
Jackson, MS 39225

Hugh J. Turner, Jr.
English, McCaughan & O'Bryan, P.A.
100 Northeast Third Avenue
1100 Post Office Box 14098
Fort Lauderdale, FL 33302

Lee G. Tyndall
Burr & Forman
P.O. Box 330719
Birmingham, AL 35283

Thomas W. Tyner
Aultman, Tyner, McNeese & Ruffin
315 Hemphill Street
P.O. Drawer 750

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403

Charlotte E. Vaughn
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Bruce M. White
Mitchell, Lang & Smith
101 Southwest Main Place
2000 One Main Place
Portland, OR 97204

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Christopher B. Wiggins
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis
P.O. Box 7376
Ashville, NC 28802

Joseph M. Young
Hall, Fox & Atlee, P.C.
One Manhattan Square
Hampton, VA 23666

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 0 2001

FILED
CLERK'S OFFICE

# BEFORE THE JOINT PANEL ON MULTIDISTRICT LITIGATION

This document relates to:                          )
                                                   )
1.   *Steven J. Lukac v. GATX Corp.*               )
     N.D. Ohio Case No. 1:01CV20000    )  Conditional Transfer Order No. 203
                                                   )
2.   *Paula A. Kubik v. GATX Corp.*               )
     N.D. Ohio Case No. 1:01CV20001   )

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE

The Northern District of Ohio ordered these two asbestos-related cases

transferred to MDL 875.  Although the transferor court did not plainly state the

grounds for its action, it apparently did this because it believed these cases to be

"tag-along" actions as defined in Multidistrict Litigation Rule 1.1.  In accordance

with Multidistrict Litigation Rule 7.4(c), Plaintiffs oppose the proposed transfer

and ask the Panel to remand these cases because they are not tag-along actions, do

not otherwise qualify for transfer to MDL 875, and as a practical matter do not

belong there.

## BACKGROUND

**The facts.**  The Plaintiffs in these two cases represent their respective

deceased fathers, Joseph Lukac and Paul Kubik.  These two men were long-time

employees at GATX's railroad tank car manufacturing facility in Masury, Ohio.[1]

---

[1] Mr. Lukac worked at GATX's Masury facility from approximately 1946 until 1977; he died of mesothelioma on December 2, 1998.  Mr. Kubik worked there from approximately 1951 until 1971, and died of mesothelioma on July 23, 1999.  Neither man had a significant work history at any other worksite or for any other employer.  GATX closed its Masury plant in 1984.

Both men were repeatedly and extensively exposed to asbestos dust in the

workplace there.  Their exposure came from such activities as: cutting asbestos

millboard on shop bandsaws, mixing powdered asbestos cement with water to

make an insulating paste, removing dried asbestos cement from finished metal

surfaces with power grinders, and frequent sweeping of un-wetted asbestos dust

and residue.  This exposure to asbestos dust caused both men to die from pleural

mesothelioma.

**Procedural history.**  Plaintiffs initially brought separate state court actions

against GATX and various manufacturer/distributor defendants.[2]  Those actions

were consolidated for discovery.  Each Plaintiff eventually voluntarily dismissed

GATX without prejudice under the Ohio Civil Rules.  When the Plaintiffs later

brought new actions solely against GATX as permitted by Ohio law, GATX

removed them to federal court in the Northern District of Ohio on diversity

grounds.  (Copies of the complaints and answers in each state court action are at

Exhibits 1 & 2.)  The district court apparently believed it was obliged to transfer

these cases because they both involved wrongful death from asbestos exposure,

and so it *sua sponte* ordered them transferred to MDL 875.  (Orders from Judge

Dowd (*Lukac*) and Judge Polster (*Kubik*) (Exhibit 3).)  Plaintiffs filed motions to

---

[2] *Lukac v. GATX, et al.,* No. 98CV1642 (C.P. Trumbull County, Ohio); *Kubik v. GATX, et al.,*
No. 99CV1252, (C.P. Trumbull County, Ohio).

withdraw those orders; their motions were denied on the grounds that, having

transferred them, the district court no longer had jurisdiction. (Exhibit 4.)

The Lukac and Kubik cases are among those covered by the Panel's Conditional

Transfer Order No. 203 dated August 27, 2001.

**Other asbestos litigation involving GATX.** Aside from these two cases,

only one other asbestos-related suit has ever been brought against GATX. Like

these two cases, that was a mesothelioma action[3] for employer intentional tort

under Ohio law; it settled for a confidential amount in April 1999 on the day trial

was to begin in state court. GATX is not a defendant in any MDL 875 case, nor in

any asbestos-related litigation in any jurisdiction outside the Northern District of

Ohio. There are no "tag-along" cases related to the Lukac and Kubik actions.

## ARGUMENT

1. **These two cases do not qualify for transfer because they share no
common facts with asbestos suits from any other district.**

**No common facts.** These two cases are not product liability actions.

Instead, both are *employer intentional tort* actions uniquely governed by Ohio law.

Employer intentional tort is an exception to Ohio's workers' compensation laws,

which otherwise bar employees from suing their employers for workplace injuries.

---

[3] *Missik v. GATX,* No. 97CV303 (C.P. Trumbull County, Ohio).

3

Ohio removes that bar when the employer knowingly exposes an employee to such a high degree of risk that it amounts to an intentional tort. *See Fyffe v. Jeno's, Inc.*, 570 N.E.2d 1108 (Oh. 1991).

The factual matters at issue in an employer intentional tort action narrowly focus on the circumstances of the work environment – here, the presence of hazardous asbestos dust in GATX's Masury, Ohio, facility where Mr. Lukac and Mr. Kubik were employed, and GATX's culpability in requiring them to work under conditions that were substantially certain to cause serious injury or death. Brand-name product identification – the central issue in the asbestos product liability actions in MDL 875 – is not required to prove employer intentional tort, and is not even an issue in these cases. These cases share no common fact with any MDL 875 action, and the critical issues in the Lukac and Kubik actions (the work conditions in GATX's Masury plant) are unique to them alone.

**Because they share no common facts with any other action, these cases cannot be transferred.** The statute governing multidistrict litigation allows transfer only when actions "involving one or more common questions of fact are pending in different districts . . . ." 28 U.S.C. § 1407(a). Actions satisfying these criteria may be transferred in their own right, or as "tag-along" actions to other, previously-transferred suits with which they share common questions of facts. Conversely, where a case's factual issues are so unique that they do not overlap

4

with any others, or where the only factual overlap is between cases from the same district, there is no statutory basis for transfer to multidistrict litigation.

That is the situation here. These two cases involve a unique set of facts concerning the work environment at GATX's railroad tank car manufacturing facility in Masury, Ohio. There is, therefore, no other case or group of cases within MDL 875 with which these two actions can reasonably be grouped. Furthermore, there is no "multidistrict" dimension here. While these two cases have mutual facts in common, that creates no basis for inclusion in MDL 875 because the Lukac and Kubik cases both come from the same district.

These two cases do not meet the statutory requirement for transfer to MDL 875 in that they do not share common questions of fact with any suit pending in any other district. Plaintiffs therefore respectfully ask the Panel to remand their cases to the Northern District of Ohio for disposition on that court's normal civil litigation docket.

**2.     As a practical matter, these cases cannot be consolidated with others in MDL 875.**

Plaintiffs do not oppose transfer of their cases to MDL 875 solely on the basis of the statutory language; more broadly, they oppose their transfer because, as a practical matter, transfer to MDL 875 makes no sense.

Consolidation of multidistrict asbestos suits under MDL 875 is done to save time and resources by bundling together cases, drawn from multiple districts and

5

having overlapping factual issues against common defendants, for discovery and other pretrial proceedings. ***But no such benefit can accrue here, as there are no other cases having common facts with which these two can be consolidated or coordinated.*** If these actions are consigned to MDL 875, the likely disposition would be to group these two cases with each other for discovery, separate from any other MDL 875 actions. But if they are to be handled separately anyway, there is no need to include them in MDL 875 at all. Instead, discovery and all other pretrial activities can be more swiftly and efficiently carried out in the same "home district" where these two cases originated.

Furthermore, as even the caption of the establishing document suggests (*In re Asbestos Product Liability Litigation (No. VI), 771* F.Supp. 415, 422 (J.P.M.L. 1991)), MDL 875 was created to deal with asbestos *product liability* claims. Where defendants other than manufacturers have been included in MDL 875 proceedings (*i.e.*, shipbuilders), their inclusion made sense for two reasons: (1) because those suits also involved asbestos-product manufacturers as co-defendants, there were common factual issues with other suits against those manufacturer-defendants; and (2) the shipbuilders themselves had such a large number of asbestos-related claims against them that consolidation was desirable from the standpoint of judicial economy.

That reasoning does not fit this situation.  GATX was not a manufacturer or distributor of asbestos products, and no product liability matters are even at issue in these cases.  In addition, transfer to MDL 875 cannot be justified on the basis of scale: these two cases – both from the Northern District of Ohio – are the only asbestos claims pending against GATX, and there are no other defendants. Consequently, transfer of these cases to MDL 875 is inappropriate and should not be done; instead, they should be remanded to their district of origin for disposition on that court's civil docket.

### 3.    No discovery benefits will accrue from transfer to MDL 875.

Plaintiffs' attorneys have represented the claimants in the only three asbestos suits ever brought against GATX.  Similarly, the same defense counsel has represented GATX in all three of these actions.  The common facts forming the basis for these employer intentional tort claims have already been thoroughly explored by counsel for both sides and are well known to them.  Additionally, GATX was a co-defendant in Plaintiffs' earlier state court actions, and substantial consolidated discovery took place in those cases before GATX's dismissal.[4]

---

[4] Plaintiffs' counsel voluntarily provided GATX with additional materials, including the transcripts of co-worker depositions and the report of the defendants' joint medical expert, *after GATX was dismissed from those cases* in the hope that this evidence would encourage GATX to engage in settlement negotiations without renewed litigation.  Furthermore, GATX's counsel was present as an "observer" during much of the state court trial in *Missik v. John Crane, Inc., et al.*, No. 99-CV-1105 (C.P. Trumbull County, Ohio), in which the jury found that the plaintiff's husband had died from mesothelioma caused by exposure to the defendants' asbestos products in GATX's Masury plant.  The jury awarded $3.5 million in damages, plus attorneys' fees.

Therefore, while some discovery needs to take place, that will likely focus on such case-unique issues as Mr. Lukac's and Mr. Kubik's medical history, their day-to-day job responsibilities at GATX, and the damages each Plaintiff has suffered. None of those issues is amenable to consolidated discovery with any MDL 875 case. Indeed, if these cases were to be transferred to MDL 875, it is likely that the obligation to coordinate with lawyers and parties whose actions share no common factual basis would simply produce delay and aggravation without any tangible benefit.

**4.   Defendant GATX is the subject of few asbestos suits, and requires no protection under MDL 875.**

The Panel established MDL 875, in part, out of concern that unless some centralized litigation management system were created, the first plaintiffs to recover against a particular defendant might so deplete its assets that later deserving plaintiffs would find nothing left. *Asbestos Product Liability Litigation,* 771 F.Supp. at 422. This reasoning was particularly apt given the actual or threatened bankruptcy of major manufacturers of asbestos products, and the prospective flood of claims likely to arise against them from victims whose asbestos injuries had not yet manifested themselves. However, the Panel's concern does not apply to GATX.

Only three asbestos-related lawsuits have ever been brought against GATX; the Lukac and Kubik actions are the only ones remaining. These two cases pose

8

no risk of "breaking the bank." Therefore, case management under MDL 875 is not necessary to safeguard the rights of future litigants who might someday bring asbestos-related claims against GATX.

## CONCLUSION

The Lukac and Kubik cases are not suitable for MDL 875. They share no common facts with any actions in MDL 875, and no benefit would be realized by transferring them to it. On the contrary, because of their unique and clear-cut facts, transfer to MDL 875 will almost certainly impede the prompt and efficient resolution of these cases. Therefore, Plaintiffs Lukac and Kubik ask the Panel to remand their actions to the Northern District of Ohio for disposition on that court's regular civil docket.

Respectfully,

DEAN E. SWARTZ, ESQ.
1825 Jefferson Place, N.W.
Washington, D.C. 20036
Phone: (202) 429-0429
[Ohio State Bar No. 0043469]

AND

RONALD A. MARKS, ESQ.
258 Seneca N.E.
Warren, Ohio 44481
Phone: (330) 373-1028
[Ohio Bar No. 0000977]
*Co-Counsel for Plaintiffs*

9

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 0 2001

FILED
CLERK'S OFFICE

1

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

| | |
|---|---|
| **STEVEN J. LUKAC,** ) <br> Executer of the Estate of ) <br> JOSEPH G. LUKAC, Deceased ) <br> 2279 East Arms Drive ) <br> Hubbard, Ohio 44425, ) <br> ) <br> *Plaintiff,* ) <br> *v.* ) <br> ) <br> **GATX CORPORATION** ) <br> **GENERAL AMERICAN** ) <br> **TRANSPORTATION CORP.** ) <br> 500 West Monroe Street ) <br> Chicago, Illinois 60661 ) <br> ) <br> *Defendant.* ) <br> _____ ) | Case No. _____01CV 707____ <br><br> *Judge Logan* <br><br> **COMPLAINT FOR** <br> **WRONGFUL DEATH** <br> (Employer Intentional Tort) <br><br><br> **JURY DEMAND ENDORSED** <br> **HEREON** |

COMES NOW Plaintiff, Steven J. Lukac, by and through his lawyers, and states:

### FIRST CLAIM:  COMMON LAW LIABILITY

1.  The Plaintiff, Steven J. Lukac, is the duly appointed and acting Executor of

the Estate of Joseph G. Lukac, his deceased father, being so appointed by the Register

of Wills for the County of Mercer, Pennsylvania, on April 21, 1999.  The Plaintiff, as

the personal representative of the decedent, brings this action for wrongful death for

the exclusive benefit of the decedent's surviving wife, Julianne Lukac, their children,

Kathleen Meiss and Mary Ann Stigliano, as well as for himself as surviving son, and

other next of kin.

## EXHIBIT 1

**Lukac v. GATX (NDOhio 1:01CV20000)**
**Kubik v. GATX (NDOhio 1:01CV20001)**

2. Prior to commencing this action, the Plaintiff filed a timely action against the Defendant, styled *Steven J. Lukac v. GATX, et al.*, Trumbull County Common Pleas Case No. 98-CV-1643 (Judge McKay). Plaintiff voluntarily dismissed Defendant from that action pursuant to Ohio Civil Rule 41(A)(1)(a) on August 4, 2000. The instant action is filed within the time permitted by Ohio Revised Code § 2305.19.

3. The decedent, a resident of Mercer County, Pennsylvania, died on December 2, 1998, from pleural mesothelioma caused by his exposure to asbestos.

4. From approximately 1946 to 1977 (except for an absence in 1950 to 1952 during which decedent served on active duty in the Army), the decedent was regularly and extensively exposed to asbestos at the railroad tank car facility of his employer, Defendant GATX/General American Transportation Corporation in Masury, Trumbull County, Ohio.

5. During all periods of time relevant to this action, Defendant GATX/GATC was a corporation doing business in the State of Ohio. Upon information and belief, this Defendant was engaged in the business of designing, selling, distributing, building, and/or supplying railroad tank cars with asbestos-containing components.

6. During all periods of time relevant to this action, Joseph G. Lukac, in the course of his employment at GATX/GATC, was in the proximity of others who used

2

and handled asbestos-containing products, and was thereby regularly and extensively exposed to asbestos dust.

7.  At all times complained of, Defendant knew or should have known of the dangerous propensities of the said asbestos-containing products, and that exposure to the asbestos contained in those products was substantially certain to cause injury, disease, and death.

8.  As a direct and proximate result of the intentional conduct of the Defendant, Joseph G. Lukac was regularly and extensively exposed to asbestos dust from the asbestos-containing products used at GATX/GATC, from which he developed the mesothelioma that caused his death on December 2, 1998.

9.  As a direct and proximate result of Defendant's intentional conduct, Joseph G. Lukac endured conscious pain and suffering, and emotional distress, before his death.

10.  As a direct and proximate result of the Defendant's intentional conduct, the surviving spouse, children, and/or next of kin of the Joseph G. Lukac have suffered a loss of support from the decedent; a loss of services of the decedent; and a loss of the decedent's society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.  As a further direct and proximate result of the Defendant's intentional conduct, the surviving spouse, children, and next of kin have incurred mental anguish.

11. As a further direct and proximate result of the Defendant's intentional conduct, the Plaintiff has incurred reasonable medical, funeral, and burial expenses for the Joseph G. Lukac.

12. The actions or omissions of the Defendant manifested a flagrant disregard for the safety of persons who might be exposed to and/or harmed by the asbestos-containing products in question. The actions or omissions of the Defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult; or the Defendant as principal or master authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.

13. This First Claim is brought pursuant to the provisions of Ohio Revised Code § 2307.72.

## SECOND CLAIM:  EMPLOYER INTENTIONAL TORT

14. The Plaintiff incorporates all the allegations of the First Claim into this Second Claim.

15. During all periods of time relevant to this action, Joseph G. Lukac, in the course of his employment at GATX/GATC's facility in Masury, Ohio, worked in the proximity of others who used and handled asbestos-containing products, and was thereby regularly and extensively exposed to asbestos dust.

16. Defendant knew of the existence of a dangerous process, procedure, instrumentality and/or condition within its business operation, specifically, the above

4

described use, handling, and/or exposure of employees such as Joseph G. Lukac to asbestos-containing products and asbestos dust.

17.  Defendant knew that if the Joseph G. Lukac was subjected by his employment to this dangerous process, procedure, instrumentality and/or condition, then harm to the decedent would be a substantial certainty.

18.  Defendant, under such circumstances, and with such knowledge, did act to require the Joseph G. Lukac to continue to perform the dangerous task.

19.  As a direct and proximate result of the Defendant's intentional tort, Joseph G. Lukac developed mesothelioma and suffered the injuries, death, and damages described in the First Claim.

WHEREFORE, Plaintiff Steven J. Lukac, Executor of the Estate of Joseph G. Lukac, deceased, for the First and Second Claims demands judgment against the Defendant for more than $25,000.00 in compensatory and punitive damages, the costs of this action, and any other relief that this Honorable Court finds reasonable and appropriate.

Respectfully submitted,


_____
DEAN E. SWARTZ , ESQ.
(Ohio Bar No. 0043469)
Swartz & Reed
1825 Jefferson Place, NW
Washington, D.C. 20036
Phone:  (202) 429-0429
Fax:      (202) 429-0109

AND


RONALD A. MARKS, ESQ.
(Ohio Bar No. 0000977)
258 Seneca N.E.
Warren, Ohio 44481
Phone: (330) 373-1028
Fax:      (330) 373-1029

*Co-Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Ohio Civil Rule 38(B), the Plaintiff demands a trial by jury for all

issues so triable, including all aspects of any claim for punitive damages.


_____
Dean E. Swartz, Esq.
*Co-Counsel for Plaintiff*

6

## REQUEST FOR IMMEDIATE SERVICE

Please make immediate service by certified mail, return receipt requested, upon

the Defendant at the following addresses:

GATX Corporation
Attn:  Ronald H. Zech
         Chairman, President, and CEO
500 West Monroe Street
Chicago, Illinois 60661

Dean E. Swartz, Esq.
*Co-Counsel for Plaintiff*

7



RECEIVED
MAY 2 5 2001

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STEVEN J. LUKAC, Executor of the Estate of Joseph G. Lukac, Deceased )<br><br>Plaintiff, )<br><br>v. )<br><br>GATX CORP. and GENERAL AMERICAN TRANSPORTATION CORPORATION )<br><br>Defendants. ) | CASE NO. 4:01 CV1148<br><br>JUDGE DAVID D. DOWD, JR.<br><br>MAGISTRATE GALLUS<br><br>**ANSWER** |

For their answer to plaintiff's Complaint, Defendants GATX Corp.("GATX") and General American Transportation Corporation, (n\k\a GATX Rail Corporation) ("GATC") ( sometimes collectively referred to as "Defendants") admit, deny and affirmatively allege as follows:

### **FIRST DEFENSE**

### **ANSWER TO FIRST CLAIM:  COMMON LAW LIABILITY**

1.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.    Defendants admit the allegations of paragraph 2 of the Complaint.

3.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.   Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5.   GATX admits that it operated as a corporation doing business in the State of Ohio before , during and after  the period from 1946 to 1977, and further admits that it engaged in the business of designing selling and building railroad tank cars.  GATX admits that a small percentage of the tank cars manufactured at the Masury Plant contained a minimal amount of asbestos-containing components.  GATC admits that it operated as a corporation doing business in the state of Ohio after 1975.  Defendants deny the balance of the allegations set forth in Paragraph 5 of the Complaint.

6.   Defendants deny the allegations set forth in paragraphs 6 through 13 of the Complaint.

## SECOND DEFENSE

## ANSWER TO SECOND CLAIM:  EMPLOYER INTENTIONAL TORT

7.   As to paragraph 14 of the Complaint, Defendants adopt and incorporate by reference the admissions, denials and averments contained in paragraphs 1 through 6 of this Answer  as if fully rewritten herein.

8.   Defendants deny the allegations set forth in paragraphs 15-19 of the Complaint.

## AFFIRMATIVE DEFENSES
## THIRD DEFENSE

9.   Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted to be true.

## FOURTH DEFENSE

10.   Defendants deny that plaintiff is entitled to the relief requested or any relief.

## FIFTH DEFENSE

11.   The Complaint fails, in whole or part, to state a claim upon which relief can be granted.

## SIXTH DEFENSE

12.   Plaintiff's claims are barred in whole or in part because Defendants lacked notice of the exact risks which allegedly caused the alleged injuries.

## SEVENTH DEFENSE

13.   Plaintiff's claims are barred by the Ohio Constitution and the Ohio Workers' Compensation statutes, including Section 4123.74 of the Ohio Revised Code.

## EIGHTH DEFENSE

14.   The injuries and/or damages allegedly suffered by plaintiff were caused, in whole or in part, by the intervening superseding and independent acts of others over which Defendants had no control.

### NINTH DEFENSE

15.   To the extent that plaintiff suffered any injuries or damages, he knowingly and voluntarily assumed the risk of such injuries or damages.

### TENTH DEFENSE

16.   Plaintiff's injuries and/or damages were caused, in whole or in part, or were contributed to, by his own negligence, fault or want of care.

### ELEVENTH DEFENSE

17.   Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### TWELFTH DEFENSE

18.   Plaintiff's claims are barred in whole or in part by the doctrine of set-off.

WHEREFORE, having fully answered, defendants GATX Corp. and General American Transportation Corporation n/k/a GATX Rail Corporation pray that the Complaint be dismissed in its entirety and that they be awarded costs and attorneys' fees in this action, together with such other relief as the Court may deem proper.

Respectfully submitted,

Stephen H. Daniels (0019198)
Byron J. Horn (0043656)
**THOMPSON HINE** LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114-1216
(216) 566-5500

*Attorneys for Defendants GATX Corp.*
*and General American Transportation*
*Corporation*

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer of GATX Corp. and General American Transportation Corporation  was served by regular U.S. mail, postage prepaid, upon Dean E. Swartz, Swartz & Reed,  1825 Jefferson Place, N.W., Washington D.C. 20036, Attorney for Plaintiff, on  this 18th day of May, 2001.


_____
One of the Attorneys for Defendants

**2**

## IN THE COURT OF COMMON PLEAS
## TRUMBULL COUNTY, OHIO

PAULA A. KUBIK, Executrix of ⟩ Case No. 2001CV706
  the Estate of Paul G. Kubik ⟩ *Judge McKay*
214 Maple Grove Road ⟩
West Middlesex, Pennsylvania 16159, ⟩ **COMPLAINT FOR**
                               ⟩ **WRONGFUL DEATH**
          *Plaintiff,* ⟩ (Employer Intentional Tort)
*v.* ⟩
                               ⟩
GATX CORPORATION ⟩ **JURY DEMAND ENDORSED**
GENERAL AMERICAN ⟩ **HEREON**
  TRANSPORTATION CORP. ⟩
500 West Monroe Street ⟩
Chicago, Illinois 60661 ⟩
                               ⟩
          *Defendant.* ⟩
_____ ⟩

     COMES NOW the Plaintiff, Paula A. Kubik, by and through her lawyers, and states:

### FIRST CLAIM: COMMON LAW LIABILITY

     1. Plaintiff, Paula A. Kubik, is the duly appointed and acting Executrix of

the Estate of Paul G. Kubik, her deceased father, being so appointed by the

Register of Wills for the County of Mercer, Pennsylvania, on October 22, 1999.

Plaintiff, as the personal representative of the decedent, brings this action for

wrongful death for the benefit of herself, Lorena S. Knott, and Mary K. Urbina,

decedent's three surviving daughters, as well as other next of kin.

## EXHIBIT 2

Lukac v. GATX (NDOhio 1:01CV20000)
Kubik v. GATX (NDOhio 1:01CV20001)

2. Prior to commencing this action, the Plaintiff filed a timely action against the Defendant, styled *Paula A. Kubik v. GATX, et al.*, Trumbull County Common Pleas Case No. 99-CV-1252 (Judge Logan). Plaintiff voluntarily dismissed Defendant from that action pursuant to Ohio Civil Rule 41(A)(1)(a) on August 29, 2000. The instant action is filed within the time permitted by Ohio Revised Code § 2305.19.

3. On or about April 22, 1999, Paul G. Kubik was diagnosed as suffering from multiple abnormalities of his right lung, including but not limited to pleural thickening, caused by mesothelioma. On July 23, 1999, Mr. Kubik died from metastatic pleural mesothelioma caused by his exposure to asbestos.

4. From approximately 1951 to 1971, Paul G. Kubik was regularly and extensively exposed to asbestos during his employment at the railroad tank car facility of Defendant GATX/General American Transportation Corporation in Masury, Trumbull County, Ohio. His duties at the plant included, but were not limited to, work as a laborer, chipper, insulator, and welder.

5. During all periods of time relevant to this action, Defendant GATX/GATC was a corporation doing business in the State of Ohio. Upon information and belief, Defendant was engaged in the business of designing, selling, distributing, building, and/or supplying railroad tank cars with asbestos-containing components.

2

6. During all periods of time relevant to this action, Paul G. Kubik, in the course of his employment at GATX/GATC, used, handled, and/or was in the proximity of others who used and handled asbestos-containing materials, and was thereby regularly and extensively exposed to asbestos dust.

7. At all times complained of, Defendant knew or should have known of the dangerous propensities of the said asbestos-containing products, and that exposure to the asbestos contained in those products was substantially certain to cause injury, disease, and death.

8. As a direct and proximate result of the intentional conduct of the Defendant, Paul G. Kubik was regularly and extensively exposed to asbestos dust from the asbestos-containing products used at GATX/GATC, from which he developed the mesothelioma that caused his death.

9. As a further direct and proximate result of the Defendant's intentional conduct, Paul G. Kubik endured conscious pain and suffering, and emotional distress, as well as medical expenses before his death.

10. As a further direct and proximate result of the Defendant's intentional conduct, the surviving children and/or next of kin of Paul G. Kubik have suffered a loss of support from the decedent; a loss of services of the decedent; and a loss of the decedent's society, companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education.  As a

3

further direct and proximate result of the Defendant's intentional conduct, his children and next of kin have incurred mental anguish.

11. As a further direct and proximate result of the Defendant's intentional conduct, the Plaintiff has incurred reasonable medical, funeral, and burial expenses for Paul G. Kubik.

12. The actions or omissions of the Defendant manifested a flagrant disregard for the safety of persons who might be exposed to and/or harmed by the asbestos-containing products in question. The actions or omissions of the Defendant demonstrate malice, aggravated or egregious fraud, oppression, or insult; or the Defendant as principal or master authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate.

13. This First Claim is brought pursuant to the provisions of Ohio Revised Code § 2307.72.

### SECOND CLAIM: EMPLOYER INTENTIONAL TORT

14. Plaintiff incorporates all the allegations of the First Claim into this Second Claim.

15. During all periods of time relevant to this action, Paul G. Kubik, in the course of his employment at GATX/GATC's facility in Masury, Ohio, used, handled, and/or was in the proximity of others who used and handled asbestos-

4

containing products, and was thereby regularly and extensively exposed to asbestos dust.

16. Defendant knew of the existence of a dangerous process, procedure, instrumentality and/or condition within its business operation, specifically, the above described use, handling, and/or exposure of employees such as Paul G. Kubik to asbestos-containing products and asbestos dust.

17. Defendant knew that if Paul G. Kubik was subjected by his employment to this dangerous process, procedure, instrumentality and/or condition, then harm to Mr. Kubik would be a substantial certainty.

18. Defendant, under such circumstances, and with such knowledge, did act to require Paul G. Kubik to continue to perform the dangerous task.

19. As a direct and proximate result of the Defendant's intentional tort, Paul G. Kubik developed mesothelioma and suffered the injuries, death, and damages described in the First Claim.

WHEREFORE, the Plaintiff, Paula A. Kubik, for the First and Second Claims, demands judgment against the Defendant for more than $25,000.00 in compensatory and punitive damages, the costs of this action, and any other relief that this Honorable Court finds reasonable and appropriate.

5

Respectfully submitted,

_____
DEAN E. SWARTZ , ESQ.
(Ohio Bar No. 0043469)
Swartz & Reed
1825 Jefferson Place, NW
Washington, D.C. 20036
Phone:  (202) 429-0429
Fax:      (202) 429-0109

AND

_____
RONALD A. MARKS, ESQ.
(Ohio Bar No. 0000977)
258 Seneca N.E.
Warren, Ohio 44481
Phone: (330) 373-1028
Fax:     (330) 373-1029

*Co-Counsel for Plaintiff*

## JURY DEMAND

Pursuant to Ohio Civil Rule 38(B), the Plaintiff demands a trial by jury for

all issues so triable, including all aspects of any claim for punitive damages.

_____
Dean E. Swartz, Esq.
*Co-Counsel for Plaintiff*

6

## REQUEST FOR IMMEDIATE SERVICE

Please make immediate service by certified mail, return receipt requested,

upon the Defendant at the following addresses:

GATX Corporation
Attn: Ronald H. Zech
      Chairman, President, and CEO
500 West Monroe Street
Chicago, Illinois 60661

 

Dean E. Swartz, Esq.
*Co-Counsel for Plaintiff*



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAULA A. KUBIK, Executrix of the Estate of Paul G. Kubik, Deceased | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 4:01 CV1149 |
| v. | ) ) | JUDGE DAN A. POLSTER |
| | ) ) | MAGISTRATE LIMBERT |
| GATX CORP. and GENERAL AMERICAN TRANSPORTATION CORPORATION | ) ) ) | **ANSWER** |
| Defendants. | ) ) | |

For their answer to plaintiff's Complaint, Defendants GATX Corp.("GATX") and General American Transportation Corporation, (n\k\a GATX Rail Corporation) ("GATC") ( sometimes collectively referred to as "Defendants") admit, deny and affirmatively allege as follows:

## FIRST DEFENSE

### ANSWER TO FIRST CLAIM:  COMMON LAW LIABILITY

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 1.

2.      Defendants admit the allegations of paragraph 2 of the Complaint.

3.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations set forth in paragraph 3.

4.    Defendants deny the allegations set forth in paragraph 4 of the Complaint.

5.    GATX admits that it operated as a corporation doing business in the State of Ohio before , during and after  the period from 1951 to 1971, and further admits that it engaged in the business of designing, selling and building railroad tank cars.  GATX admits that a small percentage of the tank cars manufactured at the Masury Plant contained a minimal amount of asbestos-containing components .  Defendants deny the balance of the allegations set forth in Paragraph 5 of the Complaint.

6.    Defendants deny the allegations set forth in paragraphs 6 through 13 of the Complaint.

## SECOND DEFENSE

## ANSWER TO SECOND CLAIM:  EMPLOYER INTENTIONAL TORT

7.    As to paragraph 14 of the Complaint, Defendants adopt and incorporate by reference the admissions, denials and averments contained in paragraphs 1 through 6 of this Answer  as if fully rewritten herein.

8.    Defendants deny the allegations set forth in paragraphs 15-19 of the Complaint.

## AFFIRMATIVE DEFENSES
## THIRD DEFENSE

9.    Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Complaint that has not been expressly admitted to be true.

## FOURTH DEFENSE

10.    Defendants deny that plaintiff is entitled to the relief requested or any relief.

## FIFTH DEFENSE

11.    The Complaint fails, in whole or part, to state a claim upon which relief can be granted.

## SIXTH DEFENSE

12.    Plaintiff's claims are barred in whole or in part because Defendants lacked notice of the exact risks which allegedly caused the alleged injuries.

## SEVENTH DEFENSE

13.    Plaintiff's claims are barred by the Ohio Constitution and the Ohio Workers' Compensation statutes, including Section 4123.74 of the Ohio Revised Code.

### EIGHTH DEFENSE

14.     The injuries and/or damages allegedly suffered by plaintiff were caused, in whole or in part, by the intervening superseding and independent acts of others over which Defendants had no control.

### NINTH DEFENSE

15.     To the extent that plaintiff suffered any injuries or damages, he knowingly and voluntarily assumed the risk of such injuries or damages.

### TENTH DEFENSE

16.     Plaintiff's injuries and/or damages were caused, in whole or in part, or were contributed to, by his own  negligence, fault or want of care.

### ELEVENTH DEFENSE

17.     Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### TWELFTH DEFENSE

18.     Plaintiff's claims are barred in whole or in part by the doctrine of set-off.

**WHEREFORE**, having fully answered, defendants GATX Corp. and General American Transportation Corporation n/k/a GATX Rail Road Corporation. pray that the Complaint be dismissed in its entirety and that they be awarded costs and attorneys' fees in this action, together with such other relief as the Court may deem proper.

Respectfully submitted,

Stephen H. Daniels (0019198)
Byron J. Horn (0043656)
**THOMPSON HINE** LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114-1216
(216) 566-5500

*Attorneys for Defendants GATX Corp.*
*and General American Transportation*
*Corporation*

## CERTIFICATE OF SERVICE

A copy of the foregoing Answer of GATX Corp. and General American Transportation Corporation was served by regular U.S. mail, postage prepaid, upon Dean E. Swartz, Swartz & Reed, 1825 Jefferson Place, N.W., Washington D.C. 20036, Attorney for Plaintiff, on this 18th day of May, 2001.

_____
One of the Attorneys for Defendants

3

FILED

01 MAY 22 PM 3: 36

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Steve J. Lukac, Executor of    )    Case No. 4:01cv1148
The Estate of Joseph G.        )
Lukac, deceased                )
                               )
          Plaintiff,           )
                               )    ORDER
                               )
     -vs-                      )
                               )
GATX Corporation               )
                               )
          Defendant.           )

     Upon review of the above-captioned case, the Court finds this

action was inappropriately assigned to the civil docket.

Accordingly, the Court hereby closed this case and directs that

this action be returned to the Office of the Clerk for

reassignment to the asbestos docket.

_____
David D. Dowd, Jr.
United States District Judge

**EXHIBIT 3**

Lukac v. GATX (NDOhio 1:01CV20000)
Kubik v. GATX (NDOhio 1:01CV20001)

RECEIVED
MAY 24 2001

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

1:01 CV 20001

PAULA A. KUBIK,                    :      Case No.  4:01CV1149
                                   :
            Plaintiff(s),          :      JUDGE POLSTER
                                   :
                                   :      O R D E R
                                   :
      v.                           :
                                   :
                                   :
GATX CORPORATION,                  :
                                   :
            Defendant(s).          :


Upon review of the above-captioned case, the Court finds this action was inappropriately assigned to the civil docket. Accordingly, the Court hereby closes this case and directs that this action shall be returned to the Office of the Clerk for reassignment to the asbestos docket.


**IT IS SO ORDERED.**


　　　　　　　　　　　　　　　 _S/Dan Aaron Polster 5/21/01_

**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**



RECEIVED
MAY 2 4 2001

DOWD, J.

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Stephen J. Lukac,                           )
                                            )        CASE NO. 4:01 CV 1148
         Plaintiff(s),               )
                                            )
      v.                          )        <u>ORDER</u>
                                            )        (Resolving Doc. No. 7)
GATX Corporation,                           )
                                            )
         Defendant(s).               )
                                            )

This matter is before the Court on Plaintiff's motion to have case removed from the asbestos product liability docket (Doc. No. 7). Plaintiff states that this case is not an asbestos product liability case, that the facts and issues of law are unique to this case and are not amenable to consolidation with asbestos product liability suits, and that no judicial economy is realized by consignment to the asbestos product liability docket.

Multidistrict Litigation Rule 7.6 governs termination and remand of cases assigned to the asbestos product liability docket and provides as follows:

> The [Multidistrict Litigation] Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim, or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on . . . motion of any party . . . suggestion of the transferee district court, or . . . the Panel's own initiative, by entry of an order to show cause, a conditional remand or other appropriate order. . . .

# EXHIBIT 4

**Lukac v. GATX (NDOhio 1:01CV20000)**
**Kubik v. GATX (NDOhio 1:01CV20001)**

(4:01CV1148)

Rule 7.6, 28 U.S.C. § 1407. The rule also states that the Panel is reluctant to order remand absent a

suggestion of remand from the transferee district court and indicates what items should accompany a

party's motion to remand.

This case was reassigned to the asbestos docket in May of 2001, thereby stripping this Court

of any jurisdiction to consider Plaintiff's motion to remove. As indicated by Rule 7.6 and *In re*

*Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000), the Judicial Panel on Multidistrict Litigation has

jurisdiction to consider a motion to remand an action to the transferor court under 28 U.S.C. §

1407(a)—not the transferor court itself.

Accordingly, Plaintiff's motion is DENIED.

IT IS SO ORDERED.


  July 13, 2001                          /s/ David D. Dowd, Jr.
Date                                    David D. Dowd, Jr.
                                        U.S. District Judge

2

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

PAULA A. KUBIK,           )
           *Plaintiff,*    )
                     )
*v.*                      )    Case No. 1:01CV20001
                     )    (Previously 4:01CV1149)
GATX CORPORATION    )    (Chief Judge Paul R. Matia)
           *Defendant.*   )
_____ )

## PLAINTIFF'S MOTION TO HAVE CASE REMOVED FROM THE ASBESTOS PRODUCT LIABILITY DOCKET

Plaintiff Paula A. Kubik respectfully moves for reconsideration of the Order assigning this case to the asbestos product liability docket (MDL 875), and requests that it be returned to the Court's normal civil litigation docket. This case is not an asbestos product liability case, the facts and issues of law are unique to this case and not amenable to consolidation with asbestos product liability suits, and no judicial economy is realized by consignment to the asbestos product liability docket. The grounds are further explained in the attached Memorandum.

Respectfully,

DEAN E. SWARTZ, ESQ. (0043469)
SWARTZ & REED
1825 Jefferson Place, N.W.
Washington, D.C. 20036
Phone:  (202) 429-0429
Fax:     (202) 429-0109
E-mail: swartzreed@earthlink.net

AND

RECEIVED JUL 2 7 2001

MOTION DENIED IT IS SO ORDERED

JUDGE _____ Paul R. Matia

4