# MDL 875 1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 3 1 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the
following case:

---

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SYLVIA ANN BADEN, et al. | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. C-01-288 |
| | § | |
| vs. | § | |
| | § | |
| BPU REYNOLDS, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## REYNOLDS METALS COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 201

Reynolds Metals Company, Inc. ("Reynolds"), by counsel, respectfully submits its memorandum in opposition to Plaintiffs' motion to vacate Conditional Transfer Order No. 201, stating as follows:

### I.    PRELIMINARY STATEMENT

This is a complex asbestos case that is duplicative of a case that these same eight plaintiffs currently have pending in the Eastern District of Pennsylvania on the Multidistrict Asbestos Products Liability Litigation (No. VI) docket ("MDL 875"). It has been removed properly to the Southern District of Texas as a duplicative case on the grounds of the All Writs Act and fraudulent joinder. As an asbestos personal injury case, it shares common questions of fact with other asbestos-related personal injury claims pending on the docket of MDL 875, thus

# OFFICIAL FILE COPY
## IMAGED SEP 6 '01

RECEIVED CLERK'S OFFICE

lending itself to coordinated pretrial proceedings in the MDL. Consequently, Plaintiffs' case is not isolated and should not be analyzed in a vacuum. Rather, it will require numerous pretrial proceedings that will involve the same issues as other asbestos cases on MDL 875, including coordination of discovery, and the hearing of discovery and dispositive motions. Therefore, this case should be transferred to the Eastern District of Pennsylvania for pretrial proceedings in the context of the numerous similarly situated cases pending on MDL 875, *including those of these same Plaintiffs.*

Plaintiffs' motion to vacate Conditional Transfer Order Number 201 ("CTO 201") is only their latest attempt to frustrate and avoid federal jurisdiction. Approximately one year ago, these same eight plaintiffs filed a nearly identical action in Texas state court against Reynolds, which was properly removed to the Southern District of Texas on the grounds of diversity of citizenship. After removal, Plaintiffs made numerous attempts to get their case returned to state court. Each of their attempts proved futile as the Southern District of Texas denied all of Plaintiffs' machinations aimed to avoid federal jurisdiction. Because Plaintiffs' original action involved asbestos-related personal injury claims, it was later transferred to Judge Charles Weiner in the Eastern District of Pennsylvania for consolidated pretrial proceedings in MDL 875, where it remains pending today.

In 2001, in flagrant disregard for the jurisdiction of the MDL Panel and the transferee district court, Plaintiffs unilaterally attempted to escape the already established jurisdiction of MDL 875 by re-filing a carbon copy of their 1999 action in Texas state court. The new action, which is now before the Panel as a result of Reynolds' proper removal and filing of a Notice of Tag-Along Action, involves the same eight plaintiffs, the same facts and the same claims as those in the 1999 action. As such, it should be transferred to the docket of MDL 875 where it

2

may be properly consolidated with Plaintiffs' 1999 action to facilitate coordinated and consistent pretrial proceedings.

In moving to vacate Conditional Transfer Order Number 201 ("CTO 201"), Plaintiffs fail to offer a single valid basis for denying the transfer of this case. Plaintiffs' primary argument -- that Reynolds' removal of this action was improper -- is meritless. Moreover, although Reynolds asserts that its removal based on the All Writs Act and fraudulent joinder was proper, Reynolds' removal is not at all relevant to this proceeding. The Southern District of Texas has deferred ruling on Plaintiffs' motion to remand until after the Panel has ruled on the transfer of this case to MDL 875. Consequently, should this case be transferred to MDL 875, Judge Weiner can properly decide Plaintiffs' motion to remand in the context of the duplicative action they currently have pending before him.

Plaintiffs other arguments in support of vacating CTO 201 also fail. Plaintiffs openly criticize Judge Weiner's management of MDL 875 and essentially argue that this Panel should not transfer their case because the operation of MDL 875 is unconstitutional under the Texas and United States Constitutions. Plaintiffs' criticism of Judge Weiner is unfounded and their constitutional arguments unsupported. Plaintiffs further assert that transfer is inappropriate because "this case is not substantially similar to those currently pending in MDL 875." Significantly, Plaintiffs completely ignore the fact that they currently have a case for the same claims pending on MDL 875.

Transfer of this case to MDL 875 is appropriate for three reasons. First, common questions of fact exist between Plaintiffs' case and the other asbestos personal injury cases currently pending on MDL 875, including their own identical case. Second, the benefits of consolidated pretrial proceedings in this case substantially outweigh any inconvenience to the

parties and witnesses that the transfer may cause.  Finally, transfer of this case to MDL 875 will best result in the "just and efficient conduct" of this action.  Consequently, Plaintiffs' motion to vacate CTO 201 should be denied, and Plaintiffs' case should be transferred to the docket of MDL 875.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs' Original Action

These same eight Plaintiffs currently have a case pending on the docket of MDL 875 in the Eastern District of Pennsylvania for the same claims and injuries asserted in this action.  In November 1999, Plaintiffs filed suit in the District Court of Nueces County, State of Texas, 148th Judicial District, against numerous defendants seeking damages for the allegedly asbestos-related disease and death of Alejandro Espinosa.  Plaintiffs alleged generally that Mr. Espinosa died of asbestos-related disease which resulted from his alleged exposure to asbestos-containing products while he was employed by Reynolds.  On or about July 26, 2000, Plaintiffs' amended their Petition to add Reynolds as a defendant.  By that time, Plaintiffs had amended their Petition five times and had dismissed *all* the defendants named in the Original Petition and the four amended Petitions.

Reynolds removed the case to the United States District Court for the Southern District of Texas, Corpus Christi Division, Civil Action No. C-00-358, pursuant to 28 U.S.C. § 1332, because the parties were completely diverse and the amount in controversy exceeded $75,000.  Following Reynolds' removal of the case, Plaintiffs moved to remand their action to Texas state court on the ground that Reynolds' Notice of Removal was not timely filed.  In the alternative, Plaintiffs sought leave to amend their Complaint to add Guard-Line as a defendant, a Texas corporation, thus destroying federal diversity jurisdiction.  By Order dated October 13, 2000, the

Southern District of Texas denied Plaintiffs' motions.[1]  In denying Plaintiffs' Motion for Leave

to Amend, the Court found that:  (1) Plaintiffs' primary reason for adding Guard-Line was to

destroy federal diversity jurisdiction; (2) Plaintiffs were not diligent in requesting the

amendment; (3) Plaintiffs were not prejudiced by the Court's denial because they were free to

assert their claims against Guard Line in a separate state court action; and (4) there were no

equities justifying remand.[2]

Immediately after Plaintiffs' Motion to Remand and/or Leave to Amend was denied,

Plaintiffs again tried unsuccessfully to escape the jurisdiction of the federal courts.  Plaintiffs

moved for permission to dismiss their case in federal court "without prejudice," so that they

could re-file their case in Texas state court.   The Southern District of Texas summarily denied

Plaintiffs' request by order dated October 18, 2000.[3]

Because Plaintiffs' original case involved personal injury claims related to asbestos

exposure, Reynolds filed a Notice of Tag-Along Action to transfer the case to MDL 875 to

facilitate coordinated, consolidated and consistent pretrial matters.  On October 31, 2000, the

Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order 183 ("CTO 183"),

conditionally transferring Plaintiffs' original case to MDL 875.[4]  Plaintiffs opted not to oppose

---

[1] *See* Order of Judge Janis Graham Jack, dated October 11, 2000 ("Judge Jack Order I"), attached hereto as Exhibit A.  Judge Jack denied Plaintiffs' Motion for Leave to Amend pursuant to 28 U.S.C. § 1447(e). *Id.*

[2] *See id.* (applying the factors set forth in *Hensgen v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

[3] *See* Order of Judge Janis Graham Jack, dated October 18, 2000 ("Judge Jack Order II"), attached hereto as Exhibit B.

[4]  *See* CTO 183, dated October 31, 2000, attached hereto as Exhibit C.

CTO 183.  Consequently, CTO 183 became a final order and Plaintiffs' case was transferred to Judge Weiner in the Eastern District of Pennsylvania, where it remains pending today.

**B.      Plaintiffs' 2001 Texas Action**

Less than one year after the transfer of Plaintiffs' 1999 case to MDL 875, these same eight Plaintiffs filed an "Original Petition" on April 25, 2001, in the District Court of Nueces County, Texas, 28th Judicial District against Reynolds for the same claims and injuries, based on the same legal theories.  To avoid diversity jurisdiction, however, Plaintiffs added additional defendants (four of which are Texas corporate citizens) to their action, including BPU Reynolds, Inc. ("BPU"), ALCOA, Inc. ("Alcoa"), Basic Industries of South Texas Limited ("Basic Industries"), Specialty Products and Insulation Company ("Specialty Products"), and Guard-Line, Inc. ("Guard-Line").  Plaintiffs amended their Petition on or about June 21, 2001 to add Corpus Christi Gasket and Fastener, Inc. ("CCGF"), a Texas corporate citizen, as a defendant.

On June 29, 2001, Reynolds properly removed the "new" case to the United States District Court for the Southern District of Texas based on the All Writs Act and fraudulent joinder.[5]  Furthermore, because the case involved claims related to asbestos exposure and, in fact, is duplicative of Plaintiffs' Original Action currently pending in MDL 875, Reynolds also filed a Notice of Tag-Along Action to transfer the case to MDL 875 so that it may be consolidated with Plaintiffs' original action to facilitate coordinated and consistent pretrial proceedings.[6]

---

[5] *See* Reynolds' Notice of Removal, dated June 29, 2001, attached hereto (without attachments) as Exhibit D.

[6] *See* Reynolds' Notice of Tag Along Action, attached hereto as Exhibit E.

6

On July 19, 2001, the Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order 201 ("CTO 201") conditionally transferring the case to MDL 875.[7]  On or about July 30, 2001, Plaintiffs' filed their Notice of Opposition to the transfer of this case to the MDL.[8] Plaintiffs filed their Motion and Brief to Vacate the Conditional Transfer Order on August 13, 2001.

Although Plaintiffs have filed in the Southern District of Texas a motion to remand their case to Texas state court, the Court has deferred ruling on that motion until the Panel has ruled on the final transfer of this case.[9]  Should the Panel transfer this case to MDL 875, Judge Weiner may properly decide Plaintiff's motion to remand.

### III.    ARGUMENT AND AUTHORITIES

#### A.    Plaintiffs' Claims are Subject to the Jurisdiction of MDL 875.

The Judicial Panel on Multidistrict Litigation has centralized in a single district all pending federal personal injury and wrongful death asbestos actions for consolidated and coordinated pretrial proceedings.  *In re Asbestos Products Liability Litig.*, 771 F. Supp. 415, 425 (J.P.M.D.L. 1991), *aff'd without opinion, Prekler v. Owens-Corning Fiberglas Corp.*, 60 F.3d 824 (4th Cir. 1995).  In its opinion, the Panel expressed concern over the duplication of effort, economy, potential for inconsistent decisions and the inconsistent treatment of plaintiffs in and among the districts.  *Id.* at 420-22.  In response to this crisis, the Panel directed that all pending

---

[7] *See* Conditional Transfer Order 201, attached hereto as Exhibit F.

[8] Reynolds has never received a copy of Plaintiffs' Notice of Opposition, and in fact, only learned of the filing of Plaintiffs' notice from correspondence from the MDL Panel.

[9] A hearing was scheduled on Plaintiffs' Motion for Remand for August 28, 2001.  The day before the hearing, the Court contacted the parties and informed them that Reynolds' Motion to Continue had been granted, continuing the case until sometime in November.  Reynolds does not yet have a copy of Judge Jack's order granting its motion.  A copy of Reynolds' Motion to Continue is attached hereto as Exhibit G.

federal district court actions, including subsequently filed tag-along actions, be centralized in the Eastern District of Pennsylvania before Judge Charles R. Weiner. *Id.* at 422.

The Panel generally considers three factors in determining whether to transfer a case to an MDL docket pursuant to 28 U.S.C. § 1407: (1) whether common questions of fact are present; (2) whether transfer will serve the convenience of the parties and witnesses; and (3) whether transfer will promote the "just and efficient conduct of actions". *See* 28 U.S.C. § 1407; *see also In re Motion Picture "Standard Accessories and Pre-Vues" Antitrust Litig.*, 339 F. Supp. 1278 (J.P.M.D.L. 1972) (expressing reluctance to consider matters other than these three factors in making transfer decision); *In re "East of the Rockies" Concrete Pipe Antitrust Litig.*, 302 F. Supp. 244 (J.P.M.D.L. 1969). All three factors are met in this case.

The instant case is a personal injury asbestos action with questions of fact common to those in cases currently pending on MDL 875. More importantly, there is no dispute that these same Plaintiffs have identical claims for these same injuries already pending on MDL 875. Plaintiffs argue incredulously, however, that their case is not appropriate for transfer to MDL 875 because it is not "substantially similar" to other cases pending on MDL 875 and that common issues of fact do not exist between their case and others pending on MDL 875 -- including, presumably, their own identical case. Plaintiffs arguments fail as a matter of law and common sense.

Plaintiffs' case, despite their attempts to characterize it as otherwise, is substantially similar to and has common questions of fact with the numerous other asbestos personal injury cases currently pending before Judge Weiner on MDL 875. Contrary to Plaintiffs' assertions, Section 1407 does not require strict identity of issues or even a predominance of common issues

8

to justify transfer.[10]   *See, e.g., In re Fotomat Franchisee Litig.*, 394 F. Supp. 798 (J.P.M.D.L. 1975); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271.  All of the cases on MDL 875 or any other MDL docket have some individual issues.  Plaintiffs' case is no different.  Nevertheless, the Panel has determined that the common issues that exist in asbestos personal injury and wrongful death actions are sufficient to merit consolidation for pretrial proceedings in MDL 875.  *In re Asbestos Prods. Liab. Litig.* (No. VI), 771 F. Supp. 415 (J.P.M.D.L. 1991).

The convenience of the parties and witnesses will also be served by the transfer of this case to MDL 875.  The Panel has repeatedly recognized that while certain inconveniences and costs may arise as a result of transfer because attorneys and witnesses may have to travel to the transferee court, ultimately there will be a savings in time and cost because of the consolidation. *See, e.g., In re Cuisinart Food Processor Litig.*, 506 F. Supp. 651; *In re Swine Flu Immunization Prods. Liab. Litig.*, 464 F. Supp. 837, 842 (J.P.M.D.L. 1979); *In re Sugar Indus. Antitrust Litig.*, 471 F. Supp. 1089 (J.P.M.D.L. 1979).   Plaintiffs erroneously assert that Reynolds is not the subject of other actions pending in MDL 875, and thus, there would not be any actual coordinated or consolidated discovery to take place.  In fact, Reynolds is a defendant in numerous actions pending before Judge Weiner in MDL 875, ***including Plaintiffs' own previous action***.[11]    Furthermore, it is well established that the other defendants need not participate in pretrial proceedings that are unrelated to the claims against them.  *See, e.g., In re Cuisinart Food Processor Litig.*, 506 F. Supp. 651 (J.P.M.D.L. 1981).  As such, the inconvenience to the parties

---

[10] The plain language of 28 U.S.C. § 1407 itself requires only that there be "one or more" common questions of fact to transfer cases for multidistrict litigation.

[11] *See, e.g., Amason v. BPU Reynolds, Inc.*, Southern District of Texas, Civil Action No. C-01-224;  *Moake v. Reynolds Metals Company*, Southern District of Texas, Civil Action No. C-00-4226 ; *Baden v. Reynolds Metals Company*, Southern District of Texas, Civil Action No. C-00-358.

and witnesses will be substantially limited, and "the economies of transfer outweigh the resulting

inconvenience to the parties." *See In re Data Gen. Corp. Antitrust Litig.*, 510 F. Supp. 1220

(J.P.M.D.L. 1979); *In re Air Crash at Schenley Golf Course*, 509 F. Supp. 252 (J.P.M.D.L.

1979).

      Finally, transferring this case to MDL 875 will promote the just and efficient conduct of

this action. Transferring this case to MDL 875 will allow it to be consolidated with Plaintiffs'

original action, thus removing the burden of having two identical cases pending on two different

federal court dockets.  Plaintiffs counter this factor by attacking the efficiency of MDL 875 as a

whole.  Plaintiffs argue that "the extreme delays inherent in any transfer into MDL-875 are so

significant that they constitute a denial of the right to trial by jury guaranteed" by the Texas and

United States Constitutions.  These arguments are meritless and irrelevant.  The Constitutionality

of the MDL process is well established.  Furthermore, contrary to Plaintiffs' criticisms of Judge

Weiner's handling of the MDL 875 docket, as of 1999, Judge Weiner had closed roughly 40,000

of the 62,000 asbestos personal injury cases consolidated before him.  See *Faulk v. Owens-*

*Corning Fiberglas Corp.*, 48 F. Supp.2d 653, 659 n.6 (E.D. Tex. 1999).[12]

      Plaintiffs' constitutional arguments regarding Judge Weiner's handling of punitive

damages also fail. The prospect of unfavorable treatment by the transferee court is not a factor

considered by the Panel in determining whether transfer is appropriate. *See In re Beef Industry*

*Antitrust Litig.*, 419 F. Supp. 720 (J.P.M.D.L. 1976); *In re Air Crash Disaster Toronto*

*International Airport*, 346 F. Supp. 1278 (J.P.M.D.L. 1972).

      As such, transfer to MDL 875 is proper because the parties in this case would benefit

from coordinated pretrial proceedings.  Such a course would allow the consolidation of

---

[12] Reynolds has been unable to locate a more recent statistic.

Plaintiffs' two actions and would prevent inconsistent rulings on the similar issues that pervade asbestos cases.  It would also prevent the waste of judicial resources dealing with issues that have previously been resolved by Judge Weiner.  Consequently, Reynolds urges the Panel to deny Plaintiffs' motion to vacate CTO 201 and enter a final order transferring this personal injury asbestos action to the Eastern District of Pennsylvania.  As in all cases pending before Judge Weiner, Plaintiffs can move to remand their case upon completion of the pretrial proceedings.

**B.**     **Reynolds' Removal of This Case Was Proper.**

The bulk of Plaintiffs' motion and brief to vacate CTO 201 is dedicated to arguing that Reynolds' removal of this action was improper.  Ignoring the fact that the Panel is not deciding their motion to remand, Plaintiffs argue that the All Writs Act and fraudulent joinder did not provide valid bases for Reynolds to remove this case.  Plaintiffs' arguments are not only irrelevant to this proceeding, but are also unsupported by the applicable facts and law.  Reynolds' addresses those arguments, although they are not relevant to this proceeding.

**1.**     **The All Writs Act Authorizes Removal of this Case.**

The All Writs Act confers "extraordinary powers upon federal courts."  *See In re Lease Oil Antitrust Litigation No. II*, 48 F. Supp.2d 699 (S.D. Tex. 1998) (internal quotations omitted)(citing *ITT Community Development Corp. v. Barton*, 569 F.2d 1351 (5th Cir. 1978)).  It gives federal courts the power to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.  28 U.S.C. § 1651(a).  It has served as a "legislatively approved source of procedural instruments designed to achieve the rational ends of law."  *See United State v. New York Tel. Co.*, 434 U.S. 158, 172 (1977)(internal quotations omitted).

11

The Supreme Court has interpreted the power provided by the All Writs Act broadly, allowing the federal courts to prevent a state court from interfering with a federal court's consideration or disposition of a case. *See Atlantic Coast R.R. Co. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 281, 295 (1970); *In re Asbestos Sch. Litig.*, No. 83-0268, 1991 U.S. Dist. LEXIS 5142, at \*3 (E.D. Pa. Apr. 16, 1991), *aff'd without op.*, 950 F.2d 723 (3d Cir. 1991). It has held that the Act authorizes a federal court to "issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *See New York Tel. Co.*, 434 U.S. at 172. "Necessary" in this context, does not mean "that the court could not otherwise discharge" its duties. *See id.* (citations and internal quotations omitted).

Plaintiffs essentially argue that Reynolds removal based on the All Writs Act was improper for two reasons. First, Plaintiffs argue that the Southern District of Texas does not have the independent basis of jurisdiction necessary to remove this case under the All Writs Act because Plaintiffs' original action is now pending before Judge Weiner in the Eastern District of Pennsylvania. While Reynolds' disputes Plaintiffs' assertion that the Southern District of Texas lacks a basis for exercise of jurisdiction in this case,[13] Plaintiffs' argument has been rendered moot by that Court's decision to defer ruling on Plaintiffs' motion to remand until after the Panel has ruled on the final transfer of this case to MDL 875.[14] Should this case be transferred to MDL

---

[13] Under federal law, Reynolds could not have removed this case to any federal court other than the Southern District of Texas. The removal statute clearly provides that a defendant may only remove a case to the "district court of the United States for the District and Division embracing the place where such action is pending." 28 U.S.C. § 1441. Had Reynolds attempted to remove this action directly to the Eastern District of Pennsylvania, Plaintiffs would certainly now be asserting that the Eastern District of Pennsylvania had no jurisdiction over this action because Reynolds' had removed to the wrong federal court.

[14] District courts routinely defer ruling on plaintiffs' motions to remand until the Panel has ruled on the final transfer of a case to the MDL docket. *See, e.g., Meyers v. Bayer A.G.*, 143

875, Plaintiffs' motion to remand can be decided by Judge Weiner, who currently has jurisdiction over their original case.

Plaintiffs' second argument -- that their own disregard for the jurisdiction of MDL 875 and the Orders of the Southern District of Texas in their original action is not at all "exceptional" -- likewise fails. The weight of federal authority holds that a district court may use the authority provided in the All Writs Act to sustain the removal of an otherwise non-removable action. *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2d Cir. 1993) (quoting *United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977)). The majority of Circuits that have considered this issue have held that the All Writs Act may be used to remove an otherwise non-removable case when necessary to effectuate and prevent the frustration of orders previously issued. *See N.A.A.C.P. v. Metropolitan Council*, 144 F.3d 1168 (8th Cir. 1998); *Davis v. Glanton*, 107 F.3d 1044 (3d Cir. 1997); *Sable v. General Motors Corp.,* 90 F.3d 171, 175 (6th Cir. 1996); *In re VMS Ltd. Partnership Sec. Litig.*, 103 F.3d 1317 (7th Cir. 1996); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 864 (2d Cir. 1988).[15] Thus, when exceptional circumstances exist, such as the potential frustration of a court's order or jurisdiction over a case, a federal court may remove a state court action pursuant to the All Writs Act.

Plaintiffs' insistence that exceptional circumstances do not exist in this case is without merit. This Panel has centralized in a single district all pending federal personal injury and wrongful death asbestos actions -- including Plaintiffs' previously filed, duplicative action. *In re*

---

F. Supp.2d 1044 (E.D. Wis. 2001); *Weinke v. Microsoft Corp.*, 84 F. Supp.2d 989, 990 (E.D. Wis. 2000); *Selico v. Waterman Steamship Co.*, 1999 WL 172958 (E.D. La. March 25, 1999) (postponing ruling on motion to remand until MDL Panel had ruled on transfer of case); *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923 (N.D. Ill. 1999).

[15] In fact, only one Circuit to consider the issue has affirmatively held that the All Writs Act does not permit removal of claims that are otherwise outside of federal subject matter jurisdiction. *See Hillman v. Webley*, 115 F.3d 1461 (10th Cir. 1997).

*Asbestos Products Liability Litig.*, 771 F. Supp. 415, 425 (J.P.M.D.L. 1991), *aff'd without opinion, Prekler v. Owens-Corning Fiberglas Corp.*, 60 F.3d 824 (4th Cir. 1995). In its opinion, the Panel noted that a critical situation has arisen because nearly two new asbestos actions are being filed for every action terminated. *See id.* at 419. The Panel expressed concern over the duplication of effort, economy, potential for inconsistent decisions and the inconsistent treatment of plaintiffs in and among the districts. *Id.* In response to the crisis, the Panel directed that all pending federal district court actions be centralized in the Eastern District of Pennsylvania before Judge Weiner. *Id.* at 422.

Allowing Plaintiffs to pursue a separate asbestos cause of action in state court, when they already have claims for the same injuries pending in MDL 875 before Judge Weiner, will frustrate Judge Weiner's jurisdiction over MDL 875, waste judicial resources, encourage forum shopping, and create the potential for inconsistent rulings in federal and state courts. This is not a case where Plaintiffs have simply asserted claims in a state court that are similar to those currently pending in federal court. These exact same Plaintiffs have these exact same claims pending in federal court. Thus, extraordinary circumstances are present that justified Reynolds' removal of this case pursuant to the All Writs Act.

**2.    Plaintiffs Have Joined Other Defendants in this Action Solely for the Purpose of Defeating Diversity Jurisdiction.**

Although the All Writs Act alone provides a sufficient basis for removal in this case, an additional independent basis of subject matter jurisdiction exists. Plaintiffs blatantly joined other defendants in this action solely to defeat federal diversity jurisdiction. The only proper defendant to this action, Reynolds, is completely diverse from all Plaintiffs.

The citizenship of a party fraudulently joined to an action is disregarded for the purposes of establishing diversity jurisdiction. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812

14

(citizenship of non-diverse defendants disregarded and removal proper where non-diverse defendants were improperly joined). To prove that a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction a moving party must show that "(1) there has been an outright fraud in the recitation of jurisdictional facts, or (2) there is no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendants in state court." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 260 (5th Cir. 1995). It is clear that a district court may look outside the pleadings in determining a fraudulent joinder claim. *Id.* In fact, "a court is to pierce the pleadings to determine whether under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *Lejeune v. Shell Oil Co.,* 950 F.2d 267, 271 (5th Cir. 1992).

Plaintiffs cannot reasonably establish a claim under Texas law against any of the non-diverse defendants. Despite six previous Petitions for Mr. Espinosa's asbestos-related disease and death, two years of pending litigation, and three failed attempts to get their original case back in state court, only now do Plaintiffs seek to assert claims against these additional defendants. In fact, the Southern District of Texas has previously denied Plaintiffs' attempt to add one of these same defendants, Guard-Line, in its previous action precisely because Plaintiff was doing so solely to avoid the jurisdiction of the federal courts. In doing so, the Court found relevant the timing of Plaintiffs' addition and the fact that Plaintiff had failed to assert a claim against Guard-Line in the six previous Petitions they had filed. Plaintiffs' motives are transparent and their action in filing this case is in direct disregard for the jurisdiction of MDL 875 and the Orders of the Southern District of Texas.

### 3.   Reynolds' Removal Was Procedurally Proper.

Finally, Plaintiffs argue that Reynolds' Notice of Removal was procedurally defective because Reynolds failed to obtain the unanimous written consent of all defendants to this action, and one defendant has objected to the removal. Plaintiffs' procedural argument is misplaced. Moreover, the fact that a defendant has objected to Reynolds' removal does not effect the transfer of this case to MDL 875.[16]

The consent of the other defendants to this action is not mandated to support removal on either the All Writs Act or fraudulent joinder, nor would such a requirement make sense. Removal under the All Writs Act is premised solely on the power of the federal court to effectuate and prevent the frustration of their orders and to protect the exercise of their jurisdiction. 28 U.S.C. § 1651(a); *see also United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977). To suggest that Congress intended that federal courts were only meant to be able to exercise their power provided under the All Writs Act if the parties to an action consented is inconceivable. Furthermore, it is well established that in cases involving fraudulent joinder, a removing defendant is not required to notify and obtain the consent of those parties that it alleges were fraudulently joined. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (application of notice and consent requirement would be nonsensical in cases involving fraudulent joinder). Plaintiffs procedural arguments, therefore, do not provide a basis for remand in this case.

---

[16] Even if all of the parties to a cause of action oppose transfer to an MDL docket, the Panel may still transfer the action. *See In re Asbestos and Asbestos Insulation Materials Prods. Liab. Litig.*, 431 F. Supp. 906 (J.P.M.D.L. 1977); *In re Natural Gas Liquids Regulation Litig.*, 434 F. Supp. 665 (J.P.M.D.L. 1977).

## IV.    CONCLUSION

For the foregoing reasons, Reynolds respectfully requests that the Panel deny Plaintiffs'

motion to vacate Conditional Transfer Order 201 and effect the final transfer of the case to MDL

875 for coordinated pretrial proceedings before Judge Weiner.

Respectfully submitted this _30_ day of August, 2001.

<div align="center">

**REYNOLDS METALS COMPANY, INC.**

</div>

**Robert R. Merhige, Jr.**
**David C. Landin**
**Lori M. Elliott**
**HUNTON & WILLIAMS**
**Riverfront Plaza, East Tower**
**951 East Byrd Street**
**Richmond, Virginia  23219**
**(804) 788-8200**
**(804) 788-8218  (facsimile)**

**R. Clay Hoblit**
**CHAVES, GONZALES & HOBLIT, L.L.P.**
**2000 Frost Bank Plaza**
**802 N. Carancahua**
**Corpus Christi, TX 78470**
**(361) 888-9392**
**(361) 888-9187 (facsimile)**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

AUG 3 1 2001

FILED

I hereby certify that on the _30_ day of August, 2001, a true and correct copy of the above CLERK'S OFFICE

and foregoing instrument has been served by certified main, return receipt requested, on the

following Plaintiffs' counsel:

> Judy D. Bradshaw, Esq.
> Kaeske-Reeves, LLP
> 6301 Gaston Avenue, Suite 735
> Dallas, Texas 75219

> All other known defense counsel and those individuals included on the Panel's Service

List (attached hereto as Exhibit H) are being served by regular U.S. mail.

RECEIVED
CLERK'S OFFICE
2001 AUG 31   A 11: 14
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

18

## PANEL SERVICE LIST (Excerpted from CTO-201)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Judy D. Bradshaw
Kaeske-Reeves, L.L.P.
6301 Gaston Avenue
Suite 735
Dallas, TX 75214

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Daniel T. Fitch
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Robin C. Hoblit
Chaves, Gonzales & Hoblit
2000 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470

John C. Holmgreen, Jr.
Gary Thomasson, et al.
P.O. Box 2888
Corpus Christi, TX 78403

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A

AUG 3 1 2001

FILED
CLERK'S OFFICE

10-13

United States District Court
Southern District of Texas
ENTERED

OCT 1 3 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

SYLVIA ANN BADEN, Individually §
and as Personal Representative §
of the Heirs and Estate of §
ALEJANDRO ESPINOSA, §
Deceased; §
ALEX ERIC ESPINOSA; §
CYNTHIA ELAINE ESPINOSA; §
RICHARD EDWARD ESPINOSA; §
ERIC DANIEL ESPINOSA; §
LISA LINDA SOLIZ; §
NORA LYNN ESPINOSA; and §
DAVID THOMAS ESPINOSA; §
§
    Plaintiffs, §                13.
§
v. § CIVIL ACTION NO. C-00-358 .
§
REYNOLDS METALS COMPANY; §
§
    Defendant. §

## ORDER DENYING MOTION FOR REMAND
## AND DENYING LEAVE TO AMEND COMPLAINT

On this day came on to be considered Plaintiffs' Motion to
Remand or in the Alternative, Leave to File an Amended Complaint.
For the reasons stated herein, the Court DENIES the Motion to
Remand.  Additionally, the Court DENIES Plaintiffs' Request for
Leave to Amend the Complaint.

## I.   JURISDICTION

Defendant Reynolds Metal Company removed this action to
federal court pursuant to 28 U.S.C. §§ 1332 and 1441.

10/13/2000 FRI 10:00  [TX/RX NO 7898]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the alleged wrongful death of
Decedent Alejandro Espinosa from asbestos related diseases.
Decedent Espinosa worked at Reynold's facility in Corpus Christi
as a laborer, pipe fitter and insulator for many years.
(Plaintiffs' Fifth Amended Petition at 3).  On May 2000, Espinosa
died of lung cancer allegedly caused by his exposure to asbestos
dust at the facility. (Id.).

The Plaintiffs initially filed suit in Texas state court in
November, 1999 against several parties including Owens-Corning.
(Motion at 2).  Reynolds was not named as a party in the original
complaint. (Notice of Removal at 2).  By the fifth amended
complaint, the Plaintiffs had dismissed the other Defendants and
named Reynolds as the sole Defendant.  The fifth amended
complaint, filed on July 26, 2000, named Reynolds as a Defendant
for the first time. (Motion at 2-3).  Reynolds received formal
service on August 15, 2000.

On August 28, 2000, Reynolds filed a "Notice of Filing of
Notice of Removal" without including or attaching an actual
notice of removal.  On September 1, 2000, the Court struck the
pleading as procedurally deficient.

On September 5, 2000, Reynolds attempted to remove the
action a second time, but the Court again struck the pleading
because it failed to include proper signatures in violation of

2

Local Rule 11.3.

Reynolds finally filed a Notice of Removal on September 14,
2000, alleging the Court has federal diversity jurisdiction under
28 U.S.C. § 1332.

Plaintiffs now move this court to remand this action back to
state court, arguing that Reynolds filed an untimely notice of
removal.   In the alternative, Plaintiffs seek permission to amend
their fifth amended complaint in order to join a non-diverse
party.

## III. DISCUSSION

### A. GENERAL PRINCIPLES

Removal to federal court is controlled by 28 U.S.C. § 1441,
which provides, in relevant part, that "any civil action brought
in a State court of which the district courts of the United
States have original jurisdiction, may be removed by the
defendant or defendants to the district court of the United
States... ."  28 U.S.C. § 1441(a). When an action is removed to
federal court, the defendant bears the burden of establishing
federal jurisdiction. Carpenter v. Wichita Falls Ind. School
Dist., 44 F.3d 362, 365 (5th Cir. 1995).  The removal statutes
are strictly construed against removal, and generally all doubts
about removal must be resolved in favor of remand.   Butler v.
Polk, 592 F.2d 1293, 1294 (5th Cir. 1979). A district court must

3

remand a case over which it has no subject matter jurisdiction.
28 U.S.C. § 1447(c); Buchner v. FDIC, 981 F.2d 816, 819 (5th Cir.
1993).

### B. TIMELINESS OF REMOVAL

Plaintiffs argue removal of this action was untimely because
it occurred more than thirty days after the Defendant had
received a copy of the fifth amended complaint. The Plaintiffs
faxed an unfiled copy of the complaint on July 25, 2000 and
subsequently filed the complaint in state court on July 26, 2000.
Defendant responds that the time for removal began only when it
received formal service of process.  Defendant argues removal·was
timely.because formal service occurred on August 15, 2000 and the
action was removed on September 14, 2000.

28 U.S.C. § 1446 sets forth the time requirements for
removal of cases to federal court.  Section 1446(b) states in
relevant part:

> "If the case stated by the initial pleading is not
> removable, a notice of removal may be filed within
> thirty days after receipt by the defendant, *through
> service or otherwise*, of a copy of an amended pleading,
> motion, order or other paper from which it may first be
> ascertained that the case is one which is or has become
> removable, except that a case may not be removed on the
> basis of jurisdiction conferred by section 1332 of this
> title more than 1 year after commencement of the
> action." (Emphasis added.)

28 U.S.C. 1446(b).  The thirty-day period for removal is
mandatory and, absent any waiver, remand is required if removal
is not timely.  Royal v. State Farm Fire and Casualty Co., 685

4

F.2d 124, 127 (5th Cir. 1982).  The U.S. Supreme has held that
when the complaint is filed prior to service of process, the time
for removal begins only when the defendant is formally served
with process. <u>Murphy Brothers, Inc. v. Michetti Pipe Stringing,
Inc.</u>, 119 S.Ct. 1322, 1329 (1999).  In the present case,
Plaintiffs filed their amended complaint on July 26, 2000, and
Defendant received formal service of process on August 15, 2000.
Accordingly, Defendant timely filed its notice of removal within
30 days on September 14, 2000.

> ## C. REQUEST FOR LEAVE TO AMEND COMPLAINT TO JOIN NON-DIVERSE
> PARTY

Alternatively, Plaintiffs request leave to amend their
complaint a sixth time in order to join Guard-Line, Inc., a Texas
corporation as a co-defendant.[1]  Plaintiffs allege Guard-Line
manufactured asbestos containing gloves used by Decedent Espinosa
while he worked at Defendant Reynold's metal facility. (Motion to
Remand at 11).  Since Guard-Line is a non-diverse party, its
addition to the present suit would destroy this court's diversity

---

[1] On September 15, 2000, Plaintiffs filed a Sixth Amended
Petition in state court, naming Guard-Line as a co-defendant.
However, the Sixth Amended Petition was filed in state court only
after the action had been removed to federal court.  The
attempted amendment in state court was ineffective because the
filing of a notice of removal ends state court jurisdiction. <u>E.D.
Systems Corp. v. Southwestern Bell Telephone</u>, 674 F.2d 453, 457
(5th Cir. 1982)(citing <u>Lowe v. Jacobs</u>, 243 F.2d 432, 433 (5th Cir.
1957)).  Plaintiffs now seek leave to file the same sixth amended
complaint with this court.

5

jurisdiction. <u>Hensgens v. Deere</u>, 833 F.2d 1179, 1181 (5th Cir. 1987)(citing <u>Owen Equipment v. Kroger</u>, 437 U.S. 365 (1978)).

28 U.S.C. § 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). By enacting this section, Congress gave courts two options: either deny joinder, or grant it and remand the case to state court. <u>Alcantara v. Prudential Life Insurance Co.</u>, 75 F.Supp. 2d 563, 565 (E.D.Tx. 1999). Because Guard-Line's addition to this suit would destroy this court's jurisdiction, this court has the discretion to allow its joinder. See <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987).

The Fifth Circuit has outlined four factors which guide this court's discretion. First, the court should consider whether the purpose of the amendment is to defeat federal jurisdiction. <u>Hensgens</u>, 833 F.2d at 1182. In the present case, the Plaintiffs attempted to join Guard-Line only one day after the Defendant filed its notice of removal. The timing of the joinder creates an inference that the primary purpose is to defeat federal jurisdiction. <u>See</u>, <u>Bevels v. American State Ins.</u>, 100 F.Supp.2d 1309, 1313 (E.D.Al. 2000)(seeking joinder of non-diverse party within thirty days of removal suggests purpose is to defeat jurisdiction).

6

Second, this Court should evaluate whether the Plaintiffs have been diligent in requesting the amendment. (Id.). The Plaintiffs initially filed their complaint in state court in November 1999. The Plaintiffs then amended their petition five times in state court without naming Guard-Line as a party. The Plaintiffs have presented no explanation for this delay. The Court therefore can not find diligence on the part of the Plaintiffs. See Bevels, 100 F.Supp.2d at 1313 (waiting, for no apparent reason, until after removal to seek joinder was dilatory).

Third, the Court should consider whether the Plaintiffs will be prejudiced if the amendment is denied. (Id.). The Plaintiffs have made no claim nor presented any evidence that they will suffer prejudice if their request for joinder is denied. The Plaintiffs are free to assert their claims against Guard-Line in a separate action.

Fourth, the Court may consider any other factors that bear on the equities of the matter. (Id.). Generally, when an amendment destroys jurisdiction, leave should be denied unless strong equities exist in its favor. Alcantara 75 F.Supp. at 565. The Plaintiffs presented no equitable arguments in support of their leave to join a non-diverse party, nor does the Court find any strong equities justifying joinder.

7

## IV.  CONCLUSION

For these reasons, the Court DENIES the Motion to Remand, and the Court DENIES Plaintiffs' request for leave to amend the complaint.

ENTERED on this the ___11th___ day of October, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

8

B

*adam* 10-13

United States District Court
Southern District of Texas
ENTERED

OCT 23 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA ANN BADEN, | § | |
| Individually and as Personal | § | |
| Representative of the Heirs | § | |
| and Estate of ALEJANDRO | § | |
| ESPINOSA, Deceased; ALEX ERIC | § | |
| ESPINOSA; CYNTHIA ELAINE | § | |
| ESPINOSA; RICHARD EDWARD | § | |
| ESPINOSA; ERIC DANIEL | § | |
| ESPINOSA; LISA LINDA SOLIZ; | § | |
| NORA LYNN ESPINOSA; and | § | |
| DAVID THOMAS ESPINOSA | § | |
| | § | |
| V. | § | C.A. NO. C-00-358 |
| | § | |
| REYNOLDS METALS COMPANY | § | |

## ORDER

On this day came on to be considered Defendant's Motion
for Stay of Initial Case Management and Initial Disclosure
Deadlines.  The Court hereby grants a stay of thirty (30)
days.  The Court hereby sets this cause for a status
conference on November 21, 2000, at 1:15 p.m.

Plaintiffs' Motion to Dismiss Without Prejudice is
hereby DENIED.

ORDERED the 15th day of October, 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

C

**FILE COPY**

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | | |
|---|---|---|---|
| **CHAIRMAN:** | **MEMBERS:** | | **DIRECT REPLY TO:** |
| Judge John F. Nangle | Judge Louis C. Bechtle | Judge Morey L. Sear | |
| United States District Court | United States District Court | United States District Court | Michael J. Beck |
| Southern District of Georgia | Eastern District of Pennsylvania | Eastern District of Louisiana | Clerk of the Panel |
| | | | One Columbus Circle, NE |
| | Judge John F. Keenan | Judge Bruce M. Selya | Thurgood Marshall Federal |
| | United States District Court | United States Court of Appeals | Judiciary Building |
| | Southern District of New York | First Circuit | Room G-255, North Lobby |
| | | | Washington, D.C. 20002 |
| | Judge Wm. Terrell Hodges | Judge Julia Smith Gibbons | |
| | United States District Court | United States District Court | Telephone: [202] 502-2800 |
| | Middle District of Florida | Western District of Tennessee | Fax:        [202] 502-2888 |

October 31, 2000

TO INVOLVED COUNSEL

Re:  MDL-875 – In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-183)

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litiga[...] involving the actions listed on the attached schedule. The actions are transferred pursuant to Rule 7.4 of the Rul[...] of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459, 468-69 (2000). Copies of Rule 5 dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office BY FACSIMILE, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes co[...] involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an o[...] filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:   November 15, 2000        (4 p.m. ES[...]**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5, of the P[...] Rules, before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule c[...] actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief[...] Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _Randolph [signature]_
Deputy Clerk

Attachments

JPML Form

```
┌─────────────────────────────┐
│     JUDICIAL PANEL ON       │
│  MULTIDISTRICT LITIGATION   │
│           FILED             │
│  ┌───────────────────────┐  │
│  │      Oct. 31, 2000     │  │
│  └───────────────────────┘  │
│      MICHAEL J. BECK        │
│    CLERK OF THE PANEL       │
└─────────────────────────────┘
```

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-183)

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.( §1407. Since that time, more than 66,626 additional actions have been transferred to the Eastern District Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charl R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to t actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 192 F.R.D. 459, 468-69 (2000), the actions on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415, as corrected on October 1, 1991, October 18, 1991, November 22, 1991, December 9, 199 January 16, 1992, and March 5, 1992, and with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States Distric Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

Oct. 31, 2000

MICHAEL J. BECK
CLERK OF THE PANEL

# SCHEDULE CTO—183 — TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT DIV CIVIL ACTION# | DISTRICT DIV CIVIL ACTION# | DISTRICT DIV CIVIL ACTION# |
|---|---|---|
| **ARIZONA** | SC 2 00-3061 | TXN 4 00-1609 |
| AZ 4 00-595 | SC 2 00-3062 | TXN 4 00-1610 |
| | SC 2 00-3063 | TXN 4 00-1611 |
| **CALIFORNIA EASTERN** | SC 2 00-3082 | TXN 4 00-1612 |
| CAE 2 00-1943 | SC 2 00-3084 | TXN 4 00-1613 |
| | SC 2 00-3085 | TXN 4 00-1614 |
| **ILLINOIS NORTHERN** | SC 2 00-3252 | TXN 4 00-1615 |
| ILN 1 00-6295 | SC 2 00-3272 | TXN 4 00-1619 |
| | SC 2 00-3294 | |
| **INDIANA NORTHERN** | SC 2 00-3295 | **TEXAS SOUTHERN** |
| INN 2 99-566 | SC 9 00-3042 | TXS 2 00-358 |
| | | TXS 4 00-3506 |
| **KANSAS** | **TEXAS NORTHERN** | TXS 4 00-3507 |
| KS 2 00-2446 | TXN 4 00-1570 | TXS 4 00-3630 |
| | TXN 4 00-1571 | TXS 4 00-3644 |
| **MARYLAND** | TXN 4 00-1572 | TXS 4 00-3645 |
| MD 1 00-2990 | TXN 4 00-1573 | TXS 4 00-3646 |
| | TXN 4 00-1574 | TXS 4 00-3647 |
| **MISSOURI WESTERN** | TXN 4 00-1575 | TXS 4 00-3648 |
| MOW 4 00-986 | TXN 4 00-1576 | TXS 4 00-3649 |
| | TXN 4 00-1577 | TXS 4 00-3668 |
| **MONTANA** | TXN 4 00-1578 | TXS 4 00-3684 |
| MT 9 00-184 | TXN 4 00-1579 | |
| | TXN 4 00-1580 | **VIRGINIA EASTERN** |
| **NORTH CAROLINA MIDDLE** | TXN 4 00-1581 | VAE 2 00-3826 |
| NCM 1 00-1006 | TXN 4 00-1582 | VAE 2 00-3827 |
| NCM 1 00-1020 | TXN 4 00-1583 | VAE 2 00-3828 |
| | TXN 4 00-1584 | VAE 2 00-3829 |
| **NORTH CAROLINA WESTERN** | TXN 4 00-1585 | VAE 2 00-3830 |
| NCW 3 00-507 | TXN 4 00-1586 | VAE 2 00-3831 |
| NCW 3 00-511 | TXN 4 00-1587 | VAE 2 00-3832 |
| | TXN 4 00-1588 | VAE 2 00-3833 |
| **NEW YORK EASTERN** | TXN 4 00-1589 | VAE 2 00-3834 |
| NYE 1 00-5434 | TXN 4 00-1590 | VAE 2 00-3835 |
| NYE 1 00-5518 | TXN 4 00-1591 | VAE 2 00-3836 |
| NYE 1 00-5520 | TXN 4 00-1592 | VAE 2 00-3837 |
| NYE 1 00-5522 | TXN 4 00-1593 | VAE 2 00-3838 |
| NYE 1 00-5523 | TXN 4 00-1594 | VAE 2 00-3839 |
| NYE 1 00-5524 | TXN 4 00-1595 | VAE 2 00-3840 |
| NYE 1 00-5664 | TXN 4 00-1596 | VAE 2 00-3841 |
| NYE 1 00-5666 | TXN 4 00-1597 | VAE 2 00-3842 |
| NYE 1 00-5845 | TXN 4 00-1598 | VAE 2 00-3843 |
| NYE 1 00-5846 | TXN 4 00-1599 | VAE 2 00-3844 |
| NYE 1 00-5847 | TXN 4 00-1600 | VAE 2 00-3845 |
| NYE 1 00-5848 | TXN 4 00-1601 | VAE 2 00-3846 |
| | TXN 4 00-1602 | VAE 2 00-3847 |
| | TXN 4 00-1603 | VAE 2 00-3848 |
| **SOUTH CAROLINA** | TXN 4 00-1604 | VAE 2 00-3849 |
| SC 2 00-3051 | TXN 4 00-1605 | VAE 2 00-3850 |
| SC 2 00-3052 | TXN 4 00-1606 | VAE 2 00-3851 |
| SC 2 00-3056 | TXN 4 00-1607 | VAE 2 00-3852 |
| SC 2 00-3057 | TXN 4 00-1608 | VAE 2 00-3853 |
| SC 2 00-3058 | | |

SCHEDULE CTO-183 TAG-ALONG CASES (Cont.) MDL-875

DISTRICT DIV CIVIL ACTION#

| DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|
| VAE | 2 | 00-3854 |
| VAE | 2 | 00-3855 |
| VAE | 2 | 00-3856 |
| VAE | 2 | 00-3857 |
| VAE | 2 | 00-3858 |
| VAE | 2 | 00-3859 |
| VAE | 2 | 00-3860 |
| VAE | 2 | 00-3861 |
| VAE | 2 | 00-3862 |
| VAE | 2 | 00-3863 |
| VAE | 2 | 00-3864 |
| VAE | 2 | 00-3865 |
| VAE | 2 | 00-3866 |
| VAE | 2 | 00-3867 |
| VAE | 2 | 00-3868 |
| VAE | 2 | 00-3869 |
| VAE | 2 | 00-3870 |
| VAE | 2 | 00-3871 |
| VAE | 2 | 00-3872 |
| VAE | 2 | 00-3873 |
| VAE | 2 | 00-3874 |
| VAE | 2 | 00-3875 |
| VAE | 2 | 00-3876 |
| VAE | 2 | 00-3877 |
| VAE | 2 | 00-3878 |
| VAE | 2 | 00-3879 |
| VAE | 2 | 00-3880 |
| VAE | 2 | 00-3881 |
| VAE | 2 | 00-3882 |
| VAE | 2 | 00-3883 |
| VAE | 2 | 00-3884 |
| VAE | 2 | 00-3885 |
| VAE | 2 | 00-3886 |
| VAE | 2 | 00-3887 |
| VAE | 2 | 00-3888 |
| VAE | 2 | 00-3889 |
| VAE | 2 | 00-3890 |
| VAE | 2 | 00-3891 |

D

ALL-STATE LEGAL  800-222-0510   EG511   RECYCLED

United States District Court
Southern District of Texas
FILED

JUN 29 2001

Michael N. Milby, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| SYLVIA ANN BADEN, Individually and | § | **C-01-288** |
| as Personal Representative of the Heirs of | § | |
| and Estate of ALEJANDRO ESPINOSA, | § | CIVIL ACTION NO. _____ |
| Deceased; ALEX ERIC ESPINOSA; | § | |
| CYNTHIA ELAINE ESPINOSA; RICHARD | § | |
| EDWARD ESPINOSA; ERIC DANIEL | § | |
| ESPINOSA; LISA LINDA SOLIZ; NORA | § | |
| LYNN ESPINOSA; and DAVID THOMAS | § | |
| ESPINOSA, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| BPU REYNOLDS, INC.; ALCOA, INC.; | § | |
| REYNOLDS METALS COMPANY, INC.; | § | |
| BASIC INDUSTRIES OF SOUTH TEXAS | § | |
| LIMITED; SPECIALTY PRODUCTS AND | § | |
| INSULATION COMPANY; and | § | |
| GUARD-LINE, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT REYNOLDS METALS COMPANY'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Reynolds Metals Company, Inc. ("Reynolds"), Defendant,

by counsel, hereby removes this civil action to the United States District Court for the Southern

District of Texas from the District Court of Nueces County, State of Texas, 28th Judicial District,

pursuant to 28 U.S.C. §§ 1441(a) and 1446, and pursuant to this Court's authority under the All

Writs Act, 28 U.S.C. § 1641, to grant removal where exceptional circumstances exist.

Furthermore, this Court has jurisdiction to adjudicate claims with respect to parties with

complete diversity and amounts in controversy in excess of $75,000 pursuant to 28 U.S.C. §

1332. The specific grounds for removal are as follows:

1.      This Notice of Removal is timely filed because it is filed within 30 days from when Reynolds was served and from which "it [was] first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(a).

2.      Upon information and belief, Plaintiffs Sylvia Ann Baden, Alejandro Espinosa, Alex Eric Espinosa, Cynthia Elaine Espinosa, Richard Edward Espinosa, Eric Daniel Espinosa, Lisa Linda Soliz, Nora Lynn Espinosa, and David Thomas Espinosa (collectively "Plaintiffs") are all residents and citizens of Texas.

4.      On or about, April 25, 2001, Plaintiffs filed their Original Petition in the District Court for Nueces County, State of Texas, 28th Judicial District ("2001 Texas Petition"), against Reynolds, BPU Reynolds, Inc., ALCOA, Inc., Basic Industries of South Texas, Ltd., Specialty Products and Insulation Company, Guard-Line, Inc., and Corpus Christi Gasket and Fastener, Inc.[1] (collectively "Defendants").  *See* 2001 Texas Petition (attached hereto as Exhibit A). Reynolds received a copy of the 2001 Texas Petition on May 31, 2001.

5.      Plaintiffs' 2001 Texas Petition seeks, *inter alia*, to recover compensatory and punitive damages from the Defendants for the allegedly asbestos-related disease and death of Alejandro Espinosa.   Plaintiffs claim in the 2001 Texas Petition that Alejandro Espinosa was injured as a result of his alleged exposure to asbestos-containing products while employed by Reynolds.

---

[1] Plaintiffs' amended their Petition on June 21, 2001, adding Corpus Christi Gasket and Fastener, Inc. as an additional defendant.  *See* Plaintiffs' First Amended Petition (attached hereto as Exhibit B).

6.      Prior to filing the 2001 Texas Petition, on or about July 26, 2000, the Plaintiffs

filed a Petition[2] in the District Court for Nueces County, State of Texas, 149th Judicial District,

against Reynolds ("2000 Texas Petition"), Cause No. 99-6100-E, captioned *Sylvia Ann Baden, et

al. v. Reynolds Metals Company, Inc.  See* 2000 Texas Petition (attached hereto as Exhibit C).


7.      Plaintiffs' 2000 Texas Petition also sought, *inter alia*, to recover compensatory

and punitive damages from Reynolds for the allegedly asbestos-related disease and death of

Alejandro Espinosa.   Plaintiffs claim in the 2000 Texas Petition that Alejandro Espinosa was

injured as a result of his alleged exposure to asbestos-containing products while employed by

Reynolds.


8.      Reynolds removed the case resulting from the 2000 Texas Petition to the United

States District Court for the Southern District of Texas, Corpus Christi Division, Civil Action

No. C-00-358, pursuant to 28 U.S.C. § 1332, because the parties thereto were completely diverse

and the amount in controversy was in excess of $75,000.00.  *See* Notice of Removal (attached

hereto as Exhibit D).


9.      Following Reynolds removal of the action to this Court, Plaintiffs moved to

remand their action to Texas state court on the ground that Reynolds' Notice of Removal was not

timely filed.  *See* Plaintiffs' Motion to Remand and/or Leave to Amend (attached hereto as

Exhibit E).  In the alternative, Plaintiffs sought leave to amend their Complaint to add Guard-

---

[2] The Plaintiffs filed their Original Petition in November 1999.  Reynolds was not named
as a defendant in the Original Petition.  By July 2000, Plaintiffs had amended their Petition five
times and had dismissed all of the defendants named in the Original Petition.

Line, Inc. ("Guard-Line"), a Texas corporation, as a defendant, thus destroying federal diversity jurisdiction. By Order dated October 13, 2000, this Court denied both of these motions. The Court inferred from the fact that Plaintiffs sought to add Guard-Line one day after Reynolds filed its Notice of Removal and the fact that Plaintiffs had failed to assert claims against Guard-Line in the five Petitions it had previously filed, that Plaintiffs' primary reason for adding Guard-Line as was to destroy federal diversity jurisdiction. *See* Order of Judge Janis Graham Jack, dated October 11, 2000 ("Judge Jack Order I"), at 7 (attached hereto as Exhibit F).

10. Immediately after Plaintiffs' Motion to Remand and/or Leave to Amend was denied and in another attempt to escape the jurisdiction of this Court, Plaintiffs moved for permission to dismiss their case "without prejudice" so that they could re-file in Texas State court. *See* Plaintiffs' Motion to Dismiss Without Prejudice (attached hereto as Exhibit G). This Court denied Plaintiffs' request by Order dated October 18, 2000. *See* Order of Judge Janis Graham, dated October 18, 2000 ("Judge Jack Order II") (attached hereto as Exhibit H).

11. On July 29 ,1991, the Judicial Panel on Multidistrict Litigation ("MDL Panel") ordered the transfer, pursuant to 28 U.S.C. § 1407, of 26,639 federal asbestos actions to the United States District Court for the Eastern District of Pennsylvania for consolidated pretrial proceedings under the authority of Judge Charles R. Weiner. *In re Asbestos Prod. Liability Litig.*, 771 F. Supp. 415, 425 (J.P.M.D.L. 1991), *aff'd without op.*, *sub nom*, *Prekler v. Owens-Corning Fiberglas Corp.* (60 F.3d 824 (4th Cir. 1995)). The MDL Panel noted that the federal asbestos actions involved common questions of fact and determined that centralization in the Eastern District of Pennsylvania would "best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Asbestos Prod. Liability*

*Litig.*, 771 F. Supp. at 417. Pursuant to this decision, the MDL Panel transferred Plaintiffs' action pending in the Southern District of Texas to the Eastern District of Pennsylvania by Order dated October 31, 2000. *See* MDL Order (attached hereto as Exhibit I). Thus, the action initiated by the 2000 Texas Petition is currently pending before Judge Weiner in the Eastern District of Pennsylvania.

12.     As discussed above, Plaintiffs' 2001 Texas Petition asserts claims for the same injuries alleged in Plaintiffs' federal case currently pending in the Eastern District of Pennsylvania. The 2001 Texas Petition names Reynolds and Guard-Line as defendants, just as Plaintiffs did or attempted to do in the pending federal action.

13.     This Court explicitly denied Plaintiffs' previous attempt to remand this action to Texas state court. *See* Judge Jack Order I. This Court also denied Plaintiffs' attempt to dismiss their federal action without prejudice so that they could re-file in state court. *See* Judge Jack Order II. Rather than seek to amend their federal action to add the additional claims and defendants set forth in the 2001 Texas Petition as they should, Plaintiffs blatantly ignore the federal court's jurisdiction and Orders, and attempt to file a new action in state court arising out of the same injuries alleged in Plaintiffs' pending federal case. In Plaintiffs' 2001 Texas Petition, however, Plaintiffs fraudulently seek to avoid the federal court's diversity jurisdiction by joining additional defendants (BPU Reynolds, Inc., Guard-Line, Inc., Basic Industries of South Texas, Ltd., and Corpus Christi Gasket and Fastener, Inc.) that are Texas citizens.

14.     Because Plaintiffs' claims in the 2001 Texas Petition are derivative of the claims pending in the federal action, which are subject to Judge Weiner's Orders and the Orders of this

5

Court, Plaintiffs' action in Texas state court constitutes a direct violation of those Orders. Plaintiffs' 2001 Texas Petition is a blatant attempt to forum shop in order to circumvent the federal courts' jurisdiction and Orders, and to frustrate the policy goals of the multidistrict litigation. Such a flagrant disregard for the jurisdiction of the MDL Panel and the Orders of the federal courts gives rise to exceptional circumstances that provide sufficient grounds for this Court to remove the instant action pursuant to the All Writs Act.

15.    Should Plaintiffs file a Motion to Remand this case, Reynolds respectfully requests the opportunity to respond more fully in writing. At this time, Reynolds offers the following authorities, however, in support of its removal based on the All Writs Act.

16.    The All Writs Act permits federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has interpreted this language broadly, holding that a federal court may "prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *See In re Asbestos Sch. Litig.*, No. 83-0268, 1991 U.S. Dist. LEXIS 5142, at *3 (E.D. Pa. Apr. 16, 1991), *aff'd without op.*, 950 F.2d 723 (3d Cir. 1991) (quoting *Atlantic Coast R.R. Co. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 281, 295 (1970)). Additionally, it is well settled that "[a] district court, in exceptional circumstances may use its All Writs authority to remove an otherwise unremovable state court case in order to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *In re Agent Orange Prod. Liab. Litig.*, 996 F.2d 1425, 1431 (2d Cir. 1993)(quoting *United States v. New York Telephone Co.*, 434 U.S. 159, 172 (1977)), *cert.*

6

denied sub. nom., *Ivy v. Diamond Shamrock Chem. Co.*, 510 U.S. 1140 (1994); *see also United States v. City of New York*, 972 F.2d 464, 469 (2d Cir. 1992) (a federal district court may properly remove a state court proceeding pursuant to the All Writs Act); *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir. 1988) (removal of a state court action is appropriate pursuant to the All Writs Act), *cert. denied*, 489 U.S. 1077 (1989); *Neuman v. Goldberg*, 159 B.R. 681, 685 (S.D.N.Y. 1993) (removal of state court action under the All Writs Act is appropriate even in absence of specific statutory removal authority).

    17.    Thus, when exceptional circumstances exist, a federal court may remove a state court action pursuant to the All Writs Act. Such exceptional circumstances exist when a state court action presents a risk of interfering with a federal court's exercise of jurisdiction over complex multidistrict litigation. *See In re Agent Orange*, 996 F.2d at 1431; *Neuman*, 159 B.R. at 685. Allowing Plaintiffs' asbestos related claims' to proceed in Texas state court, while the same claims are pending in the Eastern District of Pennsylvania, is in direct contravention to this Court's Order denying Plaintiffs' Motion to Remand, and will frustrate Judge Weiner's Order of Consolidation and interfere with Judge Weiner's ability to exercise his jurisdiction over the federal asbestos litigation transferred to him by the MDL Panel under 28 U.S.C. § 1407. Moreover, Plaintiffs' duplicative state court action constitutes a waste of judicial resources, encourages forum shopping, and creates the potential for inconsistent rulings in the federal and state courts. Accordingly, exceptional circumstances exist and removal is appropriate under the All Writs Act.

18.     In the alternative and in addition to the All Writs Act, removal is appropriate because complete diversity exists between Plaintiffs, and the Defendants that are properly joined in this action.

19.     Reynolds is a corporation  organized and existing under the laws of the State of Delaware, with its principal place of business located at 6601 West Broad Street, Richmond, Virginia 23230-1701.

20.     Defendant Alcoa, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located in Pittsburgh, Pennsylvania.

21.     Defendant Specialty Products and Insulation Company is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business located in Pennsylvania.

22.     As more fully discussed above, BPU Reynolds, Guard-Line, Basic Industries of South Texas, Ltd., and Corpus Christi Gasket and Fastener, Inc., although Texas Citizens for diversity purposes, were fraudulently joined by Plaintiffs solely to avoid federal diversity jurisdiction and/or the previous Orders of the federal courts.[3]  The citizenship of a party fraudulently joined to an action is disregarded for the purposes of establishing diversity jurisdiction.  *See Jernigan v. Ashland Oil , Inc.*, 989 F.2d 812 (5th Cir. 1993) (citizenship of non-

---

[3] Although Specialty Products and Insulation Company and Alcoa are diverse from Plaintiffs, these Defendants were joined in this action in direct violation to and/or in avoidance of the previous Orders of this Court and the Eastern District of Pennsylvania.

8

diverse defendants disregarded and removal appropriate where non-diverse defendants were improperly joined). There is complete diversity between Plaintiffs Reynolds and Alcoa, and the amount in controversy exceeds $75,000. Consequently, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

23. A district court may look to evidence outside the pleadings in determining a fraudulent joinder claim. *Id.* "A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *Lejeune v. Shell Oil Co.*, 950 F.2d at 271. Consequently, the Court must consider the exhibits filed in support of this Notice and Petition which demonstrate that the above-listed Defendants have been fraudulently joined in this action solely to defeat diversity.

24. Reynolds is not required to notify and obtain the consent of the fraudulently joined defendants, in this action in order to remove Plaintiffs' action under 28 U.S.C. § 1441(a). *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d at 815 (in cases involving alleged fraudulent joinder of parties, application of the notice and consent requirement would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists).

25. Alcoa and Specialty Products and Insulation Company consent to the removal of this action based on diversity of jurisdiction. *See* Alcoa's and Specialty Products and Insulation Company's Consents (attached hereto as Exhibit J).

26.    As discussed above, once Plaintiffs' 2001 Texas action is removed, the MDL Panel will transfer the action to the Eastern District of Pennsylvania for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.  Therefore, Reynolds is filing, in conjunction with this Notice of Removal, a request for the Panel to transfer this action to the docket of MDL 875.

27.    As required by 28 U.S.C. § 1441, attached as Exhibit K is a true and correct copy of all papers on file in the state court proceeding.

28.    As required by Local Rule LR 81, a list of all counsel of record, including addresses, telephone numbers and parties represented is attached to this Notice and Petition for Removal as Exhibit L.  Additionally, a copy of the docket sheet is attached hereto as Exhibit M.

WHEREFORE, Reynolds respectfully requests that Cause No. 01-02173-A, pending in the District Court for Nueces County, State of Texas, 28th Division, be removed to this Court.

Respectfully submitted this _28_ day of June, 2001.

REYNOLDS METALS COMPANY

R. Clay Hoblit  (Texas Bar No. 09743100)
Southern District of Texas Bar No. 19625
CHAVES, GONZALES & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
(361) 888-9392
(361) 888-9187 (facsimile)

Attorney in Charge

10

David Craig Landin (Texas Bar No. 11863720)
John D. Epps (Texas Bar No. 00796079)
Harry M. Johnson, III (Texas Bar No. 00797740)
Lori M. Elliott (Texas Bar No. 24011471)
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
(804) 788-8200
(804) 788-8218  (facsimile)

Of Counsel

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the _2 8_ day of June, 2001, a true and correct copy of the above

and foregoing instrument has been served by certified mail, return receipt requested, on the

following Plaintiffs' counsel:

    Judy D. Bradshaw, Esq,
    6301 Gaston Avenue, Suite 735
    Dallas, Texas 75214

    All other known defense counsel are being served by U.S. mail.

13

E

ALL-STATE® LEGAL 800-222-0510 EG511 RECYCLED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SYLVIA ANN BADEN, Individually and<br>as Personal Representative of the Heirs of<br>and Estate of ALEJANDRO ESPINOSA,<br>Deceased; ALEX ERIC ESPINOSA;<br>CYNTHIA ELAINE ESPINOSA; RICHARD<br>EDWARD ESPINOSA; ERIC DANIEL<br>ESPINOSA; LISA LINDA SOLIZ; NORA<br>LYNN ESPINOSA; and DAVID THOMAS<br>ESPINOSA,<br><br>       Plaintiffs,<br><br>vs.<br><br>BPU REYNOLDS, INC.; ALCOA, INC.;<br>REYNOLDS METALS COMPANY, INC.;<br>BASIC INDUSTRIES OF SOUTH TEXAS<br>LIMITED; SPECIALTY PRODUCTS AND<br>INSULATION COMPANY; and<br>GUARD-LINE, INC.,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## REYNOLDS METALS COMPANY'S NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court for the Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 ("MDL Transfer Order"). That order also applies to "tag-along actions", or actions involving common questions of fact filed after the January 17, 1991 filings of the Panel's Order to Show Cause. MDL Rule 13(e) provides:

> Any party or counsel in actions previously transferred under section 1407 or under consideration by the Panel for transfer under section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the United States District Court for the Eastern District of Pennsylvania. The Clerk of the Panel may either (1) enter a conditional transfer order pursuant to MDL Rule 12(a), or (2) file an order to show cause why the action should not be transferred pursuant to MDL Rule 13(b).

Dated: June 28, 2001

REYNOLDS METALS COMPANY, INC.

R. Clay Hoblit  by Harfack with permission

R. Clay Hoblit  (Texas Bar No. 09743100)
Southern District of Texas Bar No. 19625
CHAVES, GONZALES & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
(361) 888-9392
(361) 888-9187 (facsimile)
Attorney in Charge

David Craig Landin (Texas Bar No. 11863720)
John D. Epps (Texas Bar No. 00796079)
Harry M. Johnson, III (Texas Bar No. 00797740)
Lori M. Elliott (Texas Bar No. 24011471)
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
(804) 788-8200
(804) 788-8218  (facsimile)
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on the _28_ day of June, 2001, a true and correct copy of the above

and foregoing instrument has been served by certified mail, return receipt requested, on the

following Plaintiffs' counsel:

> Judy D. Bradshaw, Esq,
> 6301 Gaston Avenue, Suite 735
> Dallas, Texas 75214

All other known defense counsel are being served by U.S. mail.

ALL-STATE® LEGAL   800-222-0510   E0511   RECYCLED

F

FILE COPY 

# *JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States District Court
Western District of Tennessee

Judge D. Lowell Jensen
United States District Court
Northern District of California

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

July 19, 2001

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-201)

Dear Counsel:

     Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the actions listed on the attached schedule. The actions are transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

     Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office BY FACSIMILE, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

       **NOTICE OF OPPOSITION DUE ON OR BEFORE:**   **August 3, 2001**   (4 p.m. EST)
       (Facsimile transmission is suggested.)

     If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5, of the Panel Rules, before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

     A list of involved counsel is attached.

           Very truly,

           Michael J. Beck
           Clerk of the Panel

           By
             Deputy Clerk

Attachments                         JPML Form 39A

**JUL 2 3 2001**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 9 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-201)

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 68,064 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415, as corrected on October 1, 1991, October 18, 1991, November 22, 1991, December 9, 1991, January 16, 1992, and March 5, 1992, and with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO—201 — TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

DISTRICT DIV CIVIL ACTION#

CALIFORNIA NORTHERN
   CAN   3  01-2422

GEORGIA NORTHERN
   GAN   1  00-1672

HAWAII
   HI   1  01-357

IDAHO
   ID   4  89-4041

INDIANA SOUTHERN
   INS   1  01-110

MISSOURI WESTERN
   MOW   4  01-587

MISSISSIPPI SOUTHERN
   MSS   1  01-251

NORTH CAROLINA EASTERN
   NCE   4  01-64
   NCE   4  01-76
   NCE   4  01-84
   NCE   4  01-85
   NCE   4  01-86
   NCE   4  01-90
   NCE   5  01-351
   NCE   5  01-392
   NCE   5  01-415
   NCE   7  01-101
   NCE   7  01-102
   NCE   7  01-103
   NCE   7  01-104
   NCE   7  01-105
   NCE   7  01-106
   NCE   7  01-107

NORTH CAROLINA MIDDLE
   NCM   1  01-579
   NCM   1  01-625

NORTH CAROLINA WESTERN
   NCW   1  01-133
   NCW   3  01-346
   NCW   5  01-108

NEW MEXICO
   NM   1  01-750

SOUTH CAROLINA
   SC   2  01-2464
   SC   2  01-2465
   SC   2  01-2668
   SC   6  01-2472
   SC   8  01-2575
   SC   8  01-2724
   SC   8  01-2741
   SC   8  01-2742

DISTRICT DIV CIVIL ACTION#

TEXAS SOUTHERN
   TXS   2  01-288

WEST VIRGINIA SOUTHERN
   WVS   2  01-578

G

ALL STATE LEGAL  800 222 00 G   E0AI   RECYCLED



COPY

United States Courts
Southern District of Texas   PR
FILED

AUG 27 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

Michael N. Milby, Clerk of Court

SYLVIA ANN BADEN, et al., §
§
Plaintiffs, §
§
vs. § Civil Action No. C-01-288
§
BPU REYNOLDS, INC., et al., §
§
Defendants. §

## DEFENDANT REYNOLDS METALS COMPANY'S MOTION TO CONTINUE HEARING ON PLAINTIFFS' MOTION TO REMAND

Defendant Reynolds Metals Company, Inc. ("Reynolds"), by counsel, moves this Court to continue the hearing on Plaintiffs' Motion to Remand scheduled for Tuesday, October 28, 2001, until after the Multidistrict Litigation ("MDL") Panel has ruled on the final transfer of this case to the docket of MDL 875. As grounds for its Motion, Reynolds states the following:

1. On June 29, 2001, Reynolds removed this case based on the All Writs Act and fraudulent joinder.

2. On July 26, 2001, Plaintiffs moved to remand this case to Texas State court. Reynolds' timely responded to Plaintiffs' motion. Consequently, Plaintiffs' Motion to Remand is scheduled to be heard by this Court on Tuesday, August 28, 2001.

3. This case involves claims related to asbestos exposure and in fact, Plaintiffs have a duplicative action for the same claims and injuries currently pending in MDL 875 in the United States District Court for the Eastern District of Pennsylvania. As a result, Reynolds filed a Notice of Tag-Along Action on June 29, 2001, to transfer this case to the docket of MDL 875.

4. The MDL issued an Order conditionally transferring this case to the docket of MDL 875 (Conditional Transfer Order No. 201). Plaintiffs have objected to the transfer of this

case to the docket of MDL 875. Plaintiffs' motion to vacate Conditional Transfer Order No. 201 is scheduled to be decided by the MDL Panel on or about October 4, 2001. *See* Notice of Hearing, dated August 15, 2001, attached hereto as Exhibit A.

5.    A final transfer order by the MDL Panel would result in this case being removed from this Court's docket.   Plaintiffs' Motion to Remand would then be decided by the United States District Court for the Eastern District of Pennsylvania, where Plaintiffs' other duplicative action remains pending.     If, in the alternative, the MDL Panel vacates Conditional Transfer Order No. 201, this Court could then decide Plaintiffs' Motion to Remand in late October 2001.

6.    It is appropriate for transferor courts, such as this Court, to defer ruling on a plaintiff's motion to remand until the MDL Panel has determined whether to finally transfer a case. *See, e.g., Rotolo v. Abex Corp.*, No. C95-03595 (N.D. Cal. Jan. 9, 1996); *Stark v. Alaska Steamship Co.*, No. 97-2843 (E.D. La. October 15, 1997); *Selico v. Waterman Steamship Co.*, 1999 WL 172958 (E.D. La. March 25, 1999). In making such a deferral, courts have recognized that the MDL docket is situated appropriately to conserve judicial resources and to serve the interests of judicial economy in complex asbestos cases, such as this one. This is particularly prudent here where the Plaintiffs already have the same or related claims pending on the MDL 875 docket.

7.    Continuing this hearing until the MDL Panel has decided Plaintiffs' motion to vacate Conditional Transfer Order No. 201 will not result in substantial delay or prejudice to Plaintiffs or the other defendants.

8.    For these reasons, Reynolds moves this Court to continue the hearing on Plaintiffs' Motion to Remand scheduled for Tuesday, August 28, 2001, until the MDL Panel has ruled on the transfer of this case.

2

**WHEREFORE**, Reynolds moves this Court to (i) continue the hearing scheduled for August 28, 2001 until after a decision has been made regarding the transfer of this case to MDL 875; and (ii) to grant any other relief that this Court should deem appropriate.

Respectfully submitted this 27th day of August, 2001.

REYNOLDS METALS COMPANY, INC.

R. Clay Hoblit, Attorney in Charge
Texas Bar No. 09743100
Southern District of Texas Bar No. 7591
CHAVES, GONZALES & HOBLIT, L.L.P.
2000 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX 78470
(361) 888-9392
(361) 888-9187 (facsimile)

David Craig Landin (Texas Bar No. 11863720)
Southern District of Texas Bar No. 19625
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
(804) 788-8200
(804) 788-8218 (facsimile)
Of Counsel

3

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August, 2001, a true and correct copy of the above and foregoing instrument has been served by facsimile, on the following Plaintiffs' counsel:

> Judy D. Bradshaw, Esq.
> Kaeske-Reeves, LLP
> 6301 Gaston Avenue, Suite 735
> Dallas, Texas 75219

All other known defense counsel are being served by facsimile.

_____
R. Clay Hoblit

## CERTIFICATE OF CONFERENCE

I certify that on August 27, 2001, I conferred with Judy Bradshaw and she opposes Defendant Reynolds Metals Company's Motion to Continue Hearing on Plaintiffs' Motion to Remand.

_____
R. Clay Hoblit

4

H

ALL-STATE LEGAL  800-222-0510   EZ631   RECYCLED