**MDL 875**

ORIGINAL 
MULTIDISTRICT LITIGATION

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

SEP - 4 2001

FILED
CLERK'S OFFICE

IN RE: §
    ASBESTOS PRODUCTS §       **DOCKET NO. 875**
    LIABILITY LITIGATION (NO. VI) §

AVA LEE COLLINS, §       Civil Action No. 4:01-CV-2339
§
v. §       In the United States District Court
§
BLUE TEE CORP., et al. §       for the Southern District of Texas

### PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER
### ORDER NO. 202 AND BRIEF IN SUPPORT THEREOF

Plaintiff in Civil Action No. 4:01-CV-2339, *Ava Lee Collins vs. Blue Tee Corporation, successor by merger to Gold Fields American Industries, Inc. f/k/a Azcon Corporation f/k/a American Zinc Company of Illinois, et al.* (hereinafter referred to as "Blue Tee"), pending in the United States District Court for the Southern District of Texas, Houston Division, requests that this Panel vacate Conditional Transfer Order No. 202 as it applies to this case, and in support thereof states as follows:

1.     An order transferring this action to MDL-875 would cause tremendous prejudice to Plaintiff while furthering none of the policies and justifications underlying a section 1407 transfer.

### I. FACTS

2.     Movant here is a plaintiff with Texas state law tort claims seeking recovery for personal injury damages caused by Defendant's negligence which resulted in her husband's death. Originally filed in Dallas County Court at Law, Defendant removed this case claiming federal officer and federal enclave jurisdiction. No federal jurisdiction exists. A motion to remand is pending.

3.     The claims at issue here are state law negligence claims stemming from the Defendant's failure to warn Plaintiff's decedent of the hazards created by asbestos on its premises.

**OFFICIAL FILE COPY**

IMAGED SEP 6 '01

## II. ARGUMENT AND AUTHORITIES

**This Court should not transfer this action to MDL-875. CTO-202 should be vacated and the Southern District of Texas should be allowed to decide the pending motion to remand.**

**A.    The Southern District of Texas -- Not the MDL Transferee Court -- Is the Proper Forum to Determine the Pending Remand Issue.**

4.    Defendant Blue Tee removed this action originally claiming federal officer and federal enclave jurisdiction.[1] Defendant has since abandoned its federal enclave argument and now only asserts federal officer jurisdiction.  As the motion to remand demonstrates, the record surrounding this claim certainly justifies its remand to Texas state court.

5.    This Court holds the power to allow the Southern District of Texas to decide whether or not to remand these cases to Texas state court. *Cf. Kahn v. Salomon Brothers*, 813 F.Supp. 191, 193 (E.D.N.Y. 1993).

6.    Vacating CTO-202 to allow the Southern District of Texas to rule on the pending motion to remand would actually promote the efficiencies designed to be achieved by section 1407. The touchstone consideration for multidistrict transfer is the concern for judicial and party economy. *Cf. In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 796 F.Supp. 538, 539 (J.P.M.L. 1992) The considerations behind section 1407 transfer dictate that this action should not be transferred to MDL-875, and instead should be remanded to Texas state court, since the proposed transfer will not promote judicial or party economy and will greatly prejudice Plaintiff.

7.    First, there will be no resources conserved by this transfer.  To the best of Plaintiff's knowledge, no similar case involving Texas defendants and Texas state premises and employer liability law are pending before the MDL-875 court. **This case is not a products liability action.**

---

1    Only Blue Tee has filed for removal.  The remaining Defendant in this action, J. T. Thorpe, has neither joined in nor consented to removal of this cause.  As such, the term "Defendant," for purposes of this brief, refers to Blue Tee only.

Rather, it is an action for damages which occurred at a specific site on Texas soil due to hazards on the premises. The common issues of fact contained in the multitude of cases pending in MDL-875 are not present here. This case involves the responsibility of Blue Tee to protect Plaintiff's decedent from specific hazards on its premises; the liability of the manufacturers of the asbestos-containing products is not the central issue to be litigated.

8.      In addition, in the language of section 1407(a), the transfer of this case **cannot** promote the **just** resolution of the action when it virtually guarantees Plaintiff will face untold delays in prosecuting her claims.[2]

**B.      Vacating CTO-202 for this Case and Allowing the Southern District of Texas to Determine the Pending Remand and Dismissal Issues Is Not a Futile Act.  The Record Here Shows That this Action Should Be Remanded to State Court.**

9.      This case was originally removed based on improper claims of federal officer and federal enclave jurisdiction.  Because diversity does not exist, and no federal question is presented by Plaintiff's state court petition, the customarily strict standard applied to scrutinize removal jurisdiction should be particularly sharp here, especially since this is an area -- common law torts -- which traditionally belongs to the state for adjudication under the constitution.  *Cf. Smith*, 549 F.Supp. at 766; *Dixon v. Georgia Indigent Legal Services, Inc.*, 388 F.Supp. 1156, 1162 (S.D. Ga. 1974), *aff'd.* 532 F.2d 1373 (5th Cir. 1976).  As was explained by the Fifth Circuit in a related context, personal injury tort claims based solely on state law are not a proper area for adjudications

---

2      *Cf. Crocker v. Borden, Inc.*, 852 F.Supp. 1322, 1330 (E.D. La. 1994) (emphasis added):

> If these cases are not remanded, they must be transferred to the United States District Court for the Southern District of Pennsylvania, where literally many thousands of asbestos cases filed in federal court are presently pending in MDL-875.  **If history is any indicator, these cases most assuredly will not be tried for several years.**  There is no reason to believe that, in terms of expediency and efficiency, these cases ought to be in federal court where they would be tried with all due haste.  Unfortunately, quite the opposite appears to be the truth.

by a federal court since those judgments are then unreviewable by the state appellate process, giving the clear potential for inconsistent rulings and results.

> The federal courts are courts of limited jurisdiction, and often are not as well equipped for determinations of state law as are state courts. Aside from the state courts' superior familiarity with their respective jurisdictions' law, the federal courts' construction of state law can be "uncertain and ephemeral." "Federal courts are not the authorized expositors of state law; there is no mechanism by which their errors in such matters can be corrected on appeal by state courts."

*Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 588-89 (5th Cir. 1992), citing and quoting *inter alia Aldinger v. Howard*, 427 U.S. 1, 14-15 (1976); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 122 (1984), and Herbert Wechsler, <u>Federal Jurisdiction and the Revision of the Judicial Code</u>, 13 LAW & CONTEMP. PROB. 216, 232 (1948).  Because the same concerns apply here, if **any** doubt exists regarding the existence of federal officer or enclave jurisdiction, this case should be remanded. *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992); *Roche v. American Red Cross*, 680 F.Supp. 449, 451 (D. Mass. 1988) (noting that the trend to strictly construe removal statutes and to resolve any doubt in favor of remand is based on two considerations: [1] a plaintiff's choice of forum should not be denied lightly, and [2] major inefficiencies result where a district court's decision that removal was proper is ultimately overturned on appeal).

     1.    <u>**Removal under Section 1442 is not proper on these facts.**</u>

     10.    Under federal officer jurisdiction, 28 U.S.C. § 1442, to keep this case in federal court, the removing defendant must show:

     (1)    it was acting at the direction of an officer of the United States;

     (2)    it is a "person" as envisioned by the statute;

     (3)    the challenged conduct occurred as a direct result of the actions it took under the direction of the United States officer; and

(4)     it has a colorable federal defense to the claims brought against it.

*See* 28 U.S.C. § 1442(a)(1); *Mesa v. California*, 489 U.S. 121 (1989); *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 968 (D.Ariz. 1992); *Ryan*, 781 F.Supp. at 939. Because defendant has not, and cannot, carry its burden of proof on all elements, this case must be remanded.

**(a)     *The Removing Parties have failed to establish that they were "acting under" a federal officer.***

11.     The removing party must be (i) an *officer of the United States* or (ii) an *officer* of an agency of the United States or a person "acting under" such an officer. Defendant was not an officer of the United States nor was it a person acting under such an officer. Here the Defendant has made wholly unsubstantiated assertions regarding federal oversight of its manufacturing operations, but nowhere is there given any legitimate proof by Defendant sufficient to carry burden under this element. *Cf. Anderson v. Avondale Industries, Inc.*, 1994 U.S. Dist. LEXIS 17598 at 9 (E.D. La. 1994).

12.     As the proof submitted to the Texas federal court shows, Defendant was never under the control of any federal officer -- only various federal agencies. Thus, section 1442 does not apply. *International Primate Protection League v. Administrators of Tulane Educational Fund*, 500 U.S. 72. 111 S.Ct. 1700 (1991). A mass of factual evidence is filed and pending before the Southern District Court. Judicial economy urges that it be allowed to finish its review of that information and issue a ruling on the remand question before this action is sent (if it is to be sent) to MDL-875, where Judge Weiner will just have to review it again.

**(b)     *Defendant has failed to establish the required causal nexus between the conduct allegedly undertaken under color of office at the direction of a federal officer and the acts and omissions complained of by Plaintiff.***

13.     This is a state law premises and employer liability action, alleging Defendant was negligent and grossly negligent for failing to warn Plaintiff's decedent of the dangerous condition

on Defendant's premises.  None of the acts Defendant allegedly performed *at the direction of a federal officer* constitute the acts which Plaintiff has alleged to be negligent.  **Thus, the nexus required for section 1442 removal is not present.**  *Bahrs v. Hughes Aircraft Co.*, 795 F.Supp. 965, 969-70 (D. Ariz. 1992); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 939 (E.D.N.Y. 1992); *Illinois v. Zidek*, 691 F.Supp. 1177, 1178 (N.D. Ill. 1988), *citing Willingham v. Morgan*, 395 U.S. 402, 409 (1969), and *Maryland v. Soper (No. 1)*, 270 U.S. 9, 33 (1926).

14.     **Here, Defendant has not and cannot show that the action of any federal official precluded its compliance with the state tort duty sued upon; no federal officer directed that Defendant not inform Plaintiff's decedent of the hazards on its premises caused by asbestos.**  *Cf. Turner*, 863 F.Supp. at 1203-04.  Therefore, the required nexus under section 1442 is not present, and the case must be remanded.  *Cf. Home Savings & Loan Ass'n of Joliet v. Samuel T. Isaac & Associates, Inc.*, 496 F.Supp. 831, 834-35 (N.D. Ill. 1980).

*(c)*     ***Defendant has failed to show an applicable federal defense.***

15.     Finally, defendant has not raised a colorable federal defense to the claims brought by plaintiff here.

16.     The government contractor defense is not a colorable defense to the claims made by plaintiff.  *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988).  *Boyle* only applies to cases in which its three parts have direct application.  *See Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 801-02 (5th Cir. 1993).  Here, the *Boyle* requirements that for the product at issue (1) the United States approved reasonably precise specifications, (2) the equipment conformed to those specifications, and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States, have nothing to do with

Plaintiff's claim that Defendant did not warn decedent of the dangers inherent in his exposure to the asbestos containing products used on Defendant's premises.

17.     Indeed, this distinction has been previously recognized, and the *Boyle* defense rejected, in an even **more direct** setting -- that in which the asbestos insulation manufacturers *themselves* argued *Boyle* was a defense to claims arising from injuries caused by asbestos products supplied *directly* to the government. In *Dorse v. Eagle-Picher Industries*, 898 F.2d 1487 (11th Cir. 1990), the plaintiff claimed injury from exposure to asbestos while in the Navy. In response to Plaintiff's failure to warn claims, defendants attempted to assert the government contractor defense. In rejecting the application of *Boyle* and the government contractor defense, the Eleventh Circuit directly relied on the district court's reasoning that:

> The Court in *Boyle* faced a situation where the duty under the government contract required an escape-hatch mechanism opening outward. The "precisely contrary" duty, an inward-opening hatch, existed under the state-imposed duty of care that was the asserted basis of the contractor's liability. The contractor could not possibly comply with both its contractual obligations and the state-prescribed duty of care, so state law was necessarily displaced.

> The present case, however, presents an entirely different situation. Specifically, the state-imposed duty of care that is the asserted basis of the contractor's liability (warning of the danger) is not "precisely contrary" to the duty imposed by the government contract (the duty of manufacture and deliver cement containing asbestos). In fact, the evidence suggests that no conflict exists between the state tort duty and the federal contractual duty.

*Dorse*, 898 F.2d at 1489. And in *Dorse*, the removing defendant's evidence was much stronger than that presented here since it introduced the Navy specifications regarding the packaging, packing and marking of the asbestos containers themselves. Still, because the contractor could both comply with its government-imposed obligations (to provide asbestos cement), and the state-prescribed duty of care (to warn Plaintiff), *Boyle* did not apply. *Id.* at 1490.

18.     Likewise in *In re Joint Eastern and Southern District New York Asbestos Litigation,* 897 F.2d 626 (2d Cir. 1990), the Court of Appeals rejected the argument that the *Boyle* government contractor defense applied to a plaintiff's claim based on a failure to warn of the hazards of asbestos. As the Second Circuit noted:

> [I]t seems clear to us that *Boyle*'s requirement of government approval of "reasonably precise specifications" mandates that the federal duties be imposed upon the contractor. The contractor must show that whatever warnings accompanied a product resulted from the determination of a government official, . . . and thus that the Government itself "dictated" the content of the warnings meant to accompany the product. . . .
>
> . . .
>
> . . . To us, a plaintiff's ability to pursue a failure-to-warn claim when *Boyle* may foreclose a design defect claim is not indicative of some loophole inadvertently left open by *Boyle*, but rather demonstrates a crucial lack of the necessary conflict between state and federal warning requirements. . . . In these instances, state law design requirements are displaced, although state law warning requirements are not. In a failure-to-warn action, where no conflict exists between requirements imposed under a federal contract and a state law duty to warn, regardless of any conflict which may exist between the contract and state law design requirements, *Boyle* commands that we defer to the operation of state law.

*Id.* at 630-31 (citations omitted). So too here, nothing defendant has alleged supports a claim that any governmental directive precluded it from complying with the state-law duty to warn plaintiff's decedent of the hazardous conditions on its premises. *Boyle* and the government contractor defense patently do not apply; therefore, remand is required. *See In re Smith*, 549 F.Supp. 761, 766-67 (W.D. Tex. 1982).

## 2.     Federal Enclave Removal Is Likewise Invalid.

19.     Although Defendant Blue Tee originally asserted a federal enclave jurisdiction as a basis for removal, it has since abandoned that argument (*see* Defendant Blue Tee Corp's Response to Plaintiff's Motion to Remand, p. 7).

### III. CONCLUSION

20.     Plaintiff urges this Court to vacate CTO-202 as it applies to the *Collins* case and to

allow the Southern District of Texas to complete its review of the remand question and issue a

ruling.  No prejudice to defendant can be had since (if remand is denied) transfer could then be

sought.  Otherwise, plaintiff faces the distinct possibility that her claims will be lost in MDL-875.

*Cf. Crocker v. Borden, Inc.*, 852 F.Supp. 1322, 1330 (E.D. La. 1994) (emphasis added).

Respectfully submitted,

**SILBER PEARLMAN, L.L.P.**

By: _____
Michael J. Hanners, Attorney in Charge
Texas Bar No. 00796702
Southern District Bar No. _____

2711 North Haskell Avenue
Cityplace—Fifth Floor, L.B. 32
Dallas, TX  75204
214/874-7000
214/824-8100 FAX

COUNSEL FOR PLAINTIFF

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on August 31, 2001, true and correct copies of

Plaintiff's Motion to Vacate Conditional Transfer Order No. 202 and Brief in Support Thereof have

been served on all parties listed on the following Panel Service List (Excerpted from CTO-202) by

depositing same in the United States Mail, first class postage prepaid:

Hubert A. Crouch, III, *counsel*
*for BLUE TEE CORP.*
Crouch & Inabnett
2300 Fountain Place
1445 Ross Ave.
Dallas, TX 75202

W. Miller Thomas, *counsel*
*for J. T. THORPE COMPANY*
Fairchild, Price, Thomas & Haley
413 Shelbyville St.
P. O. Drawer 1719
Center, TX 75935

Richard C. Binzley
Thompson Hine, LLP
127 Public Sq., Ste. 3900
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 5th Avenue Place
120 5th Ave.
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Independence Mall E, #1000
Philadelphia Bourse Building
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market St., 33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
250 2nd Ave. S., Ste. 120
Minneapolis, MN 55401

Reginald S. Kramer
Oldham & Dowling
195 S Main St.
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Hanna, Campbell & Powell
3737 Embassy Parkway
P. O. Box 5521
Akron, OH 44334

John J. Repcheck
Marks, O'Neill
707 Grant St., Ste. 3200
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 N. Loop W., Ste. 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 E. Gay St.
P. O. Box 1008
Colombus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Fl.
Los Angeles, CA 90025

Robert N. Spinelli
Kelly, Jasons, McGuire & Spinelli
Centre Square W., 15th Fl.
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admirality Law Firm
1370 Penobscot Building
Detriot, MI 48226

RECEIVED CLERK'S OFFICE
2001 SEP -4 A 10: 35
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Andrew J. Trevelise
Reed, Smith, Shaw, et al.
1650 Market St., Ste. 2500
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Ave., N.E.
P. O. Box 998
Cedar Rapids, IA  52405

Dated:  August 31, 2001          Respectfully submitted,

**SILBER PEARLMAN, L.L.P.**

By:

Michael L. Hanners, Attorney in Charge
Texas Bar No. 00796702
Southern District Bar No. _____

2711 North Haskell Avenue
Cityplace—Fifth Floor, L.B. 32
Dallas, TX  75204
214/874-7000
214/824-8100 FAX

COUNSEL FOR PLAINTIFF

## PANEL SERVICE LIST (Excerpted from CTO-202)
## DOCKET NO. MDL-875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Sq., Ste. 3900
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

Hubert A. Crouch, III
Crouch & Inabnett
2300 Fountain Place
1445 Ross Ave.
Dallas, TX 75202

David A. Damico
Burns, White & Hickton
2400 5th Avenue Place
120 5th Ave.
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Independence Mall E, #1000
Philadelphia Bourse Building
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market St., 33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth
250 2nd Ave. S., Ste. 120
Minneapolis, MN 55401

Reginald S. Kramer
Oldham & Dowling
195 S Main St.
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Hanna, Campbell & Powell
3737 Embassy Parkway
P. O. Box 5521
Akron, OH 44334

John J. Repcheck
Marks, O'Neill
707 Grant St., Ste. 3200
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 N. Loop W., Ste. 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 E. Gay St.
P. O. Box 1008
Colombus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Fl.
Los Angeles, CA 90025

Robert N. Spinelli
Kelly, Jasons, McGuire & Spinelli
Centre Square W., 15th Fl.
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admirality Law Firm
1370 Penobscot Building
Detriot, MI 48226

W. Miller Thomas
Fairchild, Price, Thomas & Haley
413 Shelbyville St.
P. O. Drawer 1719
Center, TX 75935

Andrew J. Trevelise
Reed, Smith, Shaw, et al.
1650 Market St., Ste. 2500
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Ave., N.E.
P. O. Box 998
Cedar Rapids, IA 52405