MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | MDL NO. 875 |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | NO. 1:01CV237GR |
| INTERNATIONAL PAPER COMPANY and F. BRAD BIGGAR, INDIVIDUALLY | DEFENDANTS |

PLEADING NO. 3269

RESPONSE TO MOTION TO VACATE
CONDITIONAL TRANSFER ORDER

COME NOW the defendants, International Paper Company and F. Bradley Biggar, and respond to the plaintiff's motion to vacate the conditional transfer order; to remand this case to the U.S. District Court for the Southern District of Mississippi; and to remand this action to the state court from which it was removed and in support thereof would show as follows:

OFFICIAL FILE COPY
IMAGED SEP 6 '01

1.

The Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of all federal actions "involving allegations of personal injury and wrongful death caused by asbestos".

2.

The plaintiff here solely makes allegations of personal injury caused by asbestos at International Paper Company's mill located near Vicksburg, Mississippi. (See complaint attached hereto as Exhibit "A".) This suit is a "tag-along action" as defined in Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation involving common questions of fact with the over 90,000 asbestos personal injury cases previously transferred in MDL No. 875 pursuant to 28 U.S.C. §1407.

3.

The plaintiff's complaint alleges IP failed: 1) to warn of the danger of asbestos; 2) to comply with OSHA rules and regulations regarding the handling of asbestos and 3) to follow its own safety rules and regulations regarding asbestos exposure. As a result, the plaintiff alleges he has developed asbestosis. Plainly discovery on both liability and damages will be focused on the handling, dangers and alleged personal injury caused by asbestos.

4.

The plaintiff creates an artificial distinction between a "products liability" asbestos case and a "premises liability" asbestos case. Nevertheless, the JPML ordered the

consolidation of <u>all</u> cases <u>alleging personal injury caused by asbestos</u>. Besides, the plaintiff's "theory of liability" is <u>negligence</u> in the handling of asbestos – the same "theory" in both "products liability" and "premises liability" cases.

5.

The defendant understands, upon information and belief, that there are numerous other premises liability cases consolidated in MDL - 875. Further, MDL - 875 even has premises liability subgroups.

6.

As to the plaintiff's "remand" request, the United States District Court for the Southern District of Mississippi currently has jurisdiction of the plaintiff's pending motion to remand this matter to state court. It is anticipated that the United States District Court for the Southern District of Mississippi will stay this matter pending a decision by the JPML on transfer to the United States District Court for the Eastern District of Pennsylvania. At that point the United States District for the Eastern District of Pennsylvania, as the transferee court, will consolidate and coordinate pretrial proceedings and handle all pretrial matters it deems necessary, consistent with the very purposes of centralizing cases of this type.

WHEREFORE, PREMISES CONSIDERED, the defendants request the JPML to transfer this matter to the United States District Court for the Eastern District of

Pennsylvania pursuant to 28 U.S.C. §1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP - 4 2001

FILED
CLERK'S OFFICE

Respectfully submitted,

INTERNATIONAL PAPER COMPANY AND
F. BRAD BIGGAR, INDIVIDUALLY

BY: _____
MICHAEL O. GWIN

OF COUNSEL:

MICHAEL O. GWIN (MSB # 5086)
WATKINS & EAGER PLLC
400 East Capitol Street
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Tel:   (601)948-6470

CERTIFICATE OF SERVICE

I, Michael O. Gwin, do hereby certify that I have this date forwarded a true and correct copy of the above and foregoing document, via United States Mail, postage fully prepaid, to members of the attached Panel Service List, as well as hand-delivery to counsel for the plaintiff, as follows:

> Doug Wade
> 405 Tombigbee Street
> Jackson, Mississippi 39201-7404

-5-

>John H. Downey
>Rhoden, Lacy, Downey & Colbert
>111 Park Circle Drive
>Post Office Box 13762
>Jackson, Mississippi 39236-3762

This the 31 day of August, 2001.

_____
MICHAEL O. GWIN

## PANEL SERVICE LIST (Excerpted from CTO - 200)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. IV)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michael O'Mara Gwin
Watkins & Eager PLLC
The Emporium Building,
400 E. Capital Street, Suite 300
Post Office Box 650
Jackson, MS 39205

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
Post Office Box 1792
Mt. Pleasant, SC 29465

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
Post Office Box 1500
Akron, OH 44309

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jacques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Doug Wade
Tombigbee Street
Jackson, Mississippi 39201

James K. Weston, II
Tom Riley law Firm
4040 First Avenue, N.E.
Post Office Box 998
Cedar Rapids, IA 52406

IN THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI

JUSTIN SHANE WOOLEY                                                     PLAINTIFF

VS.                                              CIVIL ACTION NO. 01,0085-CI

INTERNATIONAL PAPER COMPANY and
F. BRAD BIGGERS, INDIVIDUALLY                                           DEFENDANTS

## COMPLAINT

NOW COMES Justin Shane Wooley and files this suit against International Paper Company and F. Brad Biggers, and for cause of action would show:

1. Plaintiff Justin Shane Wooley is an adult resident citizen of Vicksburg, Warren County, Mississippi, residing at 1660 Timberlane Drive, Vicksburg, Mississippi 39180.

2. International Paper Company is a foreign corporation qualified to do business in the State of Mississippi and is doing business in Redwood, Warren County, Mississippi, and said corporation may be served by service upon its registered agent for process, which is CT Corporation System, 631 Lakeland Drive East, Flowood, Mississippi 39208.

3. F. Brad Biggers is an adult resident citizen of Warren County, Mississippi, and he may be served with process at his residence address, which is 124 Westwood Drive, Vicksburg, Mississippi 39180.

4. At all times relevant hereto, and for many years, the Defendant International Paper Company has owned and operated a paper mill located at Redwood, Mississippi, and at all times from 1993 until the present, said mill has been managed by the Defendant F. Brad Biggers, who is and has been the mill manager of said facility and as such has had the direct total control of the entire mill facility.

5. Plaintiff Justin Shane Wooley has been employed by an independent contractor working at the International Paper Company mill located at Redwood, in Warren County,

A

1

FILED
MAY 8 - 2001
LARRY ASHLEY, CIRCUIT CLERK

Mississippi, from 1993 to 1995 and from 1999 until the present time; and his jobs while working for independent contractors at said mill were that of a union carpenter and union insulator. As a result of such work, Plaintiff has been in regular daily direct contact with exposed, unregulated asbestos located at the said paper mill owned by the Defendant International Paper Company and managed by F. Brad Biggers as mill manager. The said asbestos was exposed, unregulated and uncontrolled negligently, carelessly and intentionally in violation of all OSHA regulations and rules and in violation of International Paper Company's own safety regulations and rules pertaining to the furnishing of proper respirators and safety equipment to persons exposed to said asbestos and in violation of OSHA and International Paper Company's own rules and regulations for proper methods of control, proper methods of keeping asbestos out of the air, proper methods of setting up work areas, proper removal of asbestos by employees and independent contractors, decontamination of persons exposed to said asbestos, rules regulating the proper cleaning of work areas, maintenance of deteriorated asbestos sites, and medical surveillance for persons exposed to asbestos. The failure to follow said rules and regulations was grossly negligent, intentional and wilful on the part of the corporate defendant International Paper Company and on the part of its mill manager F. Brad Biggers, as well as on the part of other International Paper Company managerial and safety employees, all of whom were fully aware of the said rules and regulations which were being violated and the dangers and hazards which the failure to control asbestos exposure would pose to the safety and health of the Plaintiff and others.

6.   F. Brad Biggers and other International Paper Company representatives and employees, acting in the course and scope of their employment by the said corporate defendant, made and decided upon a course of conduct to consciously ignore and fail to follow known safety standards relating to asbestos and to not warn the Plaintiff and others similarly situated of the health hazards involved in exposing them to asbestos for the sole purpose of increasing the profitability of

2

the said mill. The said negligent, intentional and wrongful actions and inactions of F. Brad Biggers and other International Paper Company employees resulted from and constituted a conscious decision to ignore the hazardous and dangerous adverse consequences to the health of the Plaintiff and others similarly situated rather than to expend the money and effort necessary to maintain the safety of the Plaintiff and others similarly situated while working on International Paper Company premises. This was done despite the fact that F. Brad Biggers and other employees of International Paper Company knew of harmful, permanent and probable deadly effects which unregulated and uncontrolled asbestos would have and did have upon the Plaintiff and others similarly situated when taken into their bodies because of exposure on the International Paper Company Redwood paper mill premises.

7. As a direct and proximate result of the aforesaid wilful, intentional and grossly negligent actions on the part of the Defendants, the Plaintiff has been exposed to unregulated and uncontrolled asbestos while working on the Defendants' premises.

8. Prior to the death of Plaintiff's father, who died as a result of repeated exposure to asbestos and the consequent development of asbestosis, Plaintiff's father had been employed by the Defendant at its Redwood paper mill since 1967, and during the time he was so employed, he was exposed continuously to unregulated and uncontrolled asbestos found on the premises at said mill. Because of the failure of the two Defendants and the failure of other International Paper Company employees to institute proper safety procedures, Plaintiff's father brought home particles of asbestos on his clothing, skin, hair and shoes, which were also taken into the body of the Plaintiff from the date of his birth.

9. As a direct and proximate result of the aforesaid negligence of the Defendants, the Plaintiff has developed asbestosis, and his health has been seriously and permanently adversely affected so that he will be required to undergo medical treatment, will incur great expenses, will

have a decreased life expectancy and a loss of enjoyment of good health and life as well as past, present and future mental pain and suffering due to an increased likelihood of incurring a terminal disease and an untimely death. Plaintiff has also, as a result of said wrongful conduct, been forced to undergo past, present and future physical pain, disability and a diminished quality of life.

10. Defendant, International Paper Company, should be ordered to remove all asbestos from its facility at Redwood, Warren County, Mississippi because of its failure to abide by the proper laws and regulations relating to its safe use of asbestos.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff sues and demands judgement of and from the Defendants for such sum of actual and punitive damages as may be awarded by a jury within the jurisdictional limits of this Court. Plaintiff further prays that the Defendant International Paper Company should be ordered to remove all asbestos from its said facility at Redwood, Mississippi because of its failure to abide by the proper laws, rules and regulations relating to the safe use of asbestos.

Respectfully submitted,

JUSTIN SHANE WOOLEY

BY: _____
DOUG WADE
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Doug Wade, Esq., MSB# 6852
405 Tombigbee Street
Jackson, MS 39201-4704
Telephone: (601) 354-8930
Facsimile: (601) 354-5548

John H. Downey, MSB #6178
RHODEN, LACY, DOWNEY & COLBERT
111 Park Circle Drive
Post Office Box 13762
Jackson, Mississippi 39236-3762
Telephone: (601) 932-1155
Facsimile: (601) 936-2515
**ATTORNEYS FOR PLAINTIFF**

4

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | MDL NO. 875 |
| INTERNATIONAL PAPER COMPANY and F. BRADLEY BIGGAR, INDIVIDUALLY | DEFENDANTS |

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN SHANE WOOLEY | PLAINTIFF |
| VS. | NO. 1:01CV237GR |
| INTERNATIONAL PAPER COMPANY and F. BRAD BIGGAR, INDIVIDUALLY | DEFENDANTS |

---

MEMORANDUM OPPOSING PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML") centralized all pending federal district court actions "involving allegations of personal injury or wrongful death caused by asbestos" in a single forum – the Eastern District of Pennsylvania – for coordinated pretrial proceedings. See In Re: Asbestos Product Liability Litigation (No. VI), 771 F.Supp. 415, 416 (JPML 1991). Since the initial transfer of over 22,000 cases, an additional 68,000 cases have been transferred by the

JPML to the Eastern District of Pennsylvania. (See Conditional Transfer Order (CTO-200), attached hereto as Exhibit "1".)

In ordering the "centralization in a single district of all pending federal personal injury and wrongful death asbestos actions", (771 F.Supp. at 420) the JPML found that the 22,000 initial cases "involved common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos-containing products". 771 F.Supp. at 417. This suit alleges personal injury caused by asbestos and, accordingly, involves "common questions of fact with actions previously transferred under §1407," as required for "tag-along" actions pursuant to Rule 1.1 of the Rules of Procedure of the JPML.

Specifically, the plaintiff is a 27 year-old employee of M-CO, Inc. M-Co. is an independent contractor providing asbestos abatement services at an International Paper Mill near Vicksburg, Mississippi. The plaintiff claims to have developed asbestosis as a result of his exposure to asbestos or asbestos-containing products while at the International Paper Company mill. The plaintiff's complaint alleges IP failed 1) to warn of the danger of asbestos; 2) to comply with OSHA rules and regulations regarding the handling of asbestos and 3) to follow its own safety rules and regulations regarding asbestos exposure.

The plaintiff creates an artificial distinction between a "products liability" case involving asbestos and a "premises liability" case involving asbestos. The JPML made no such distinction in ordering the pre-trial consolidation of <u>all</u> federal actions "involving

allegations of personal injury or wrongful death caused by asbestos". 771 F.Supp. at 416. Further, despite the plaintiff's labels of "products liability" and "premises liability", the plaintiff's "theory of liability" is negligence in the handling of asbestos – exactly the same theory in both a "products liability" case and a "premises liability" case. Undoubtedly, the other 90,000 consolidated cases have varying "theories of liability".

In In re Aircrash Disaster Near Silver Plume, Colorado, 368 F.Supp. 810 (JPML 1973), cited by the plaintiff, pretrial discovery was virtually complete in the case sought to be consolidated. By contrast here, this case has only recently been filed with no discovery accomplished. Further, unlike In re Aircrash Disaster, this case falls squarely within the scope of cases this court wished consolidated for purposes of pretrial matters.

In re Scotch Whiskey, 299 F.Supp. 543 (JPML 1969), cited by the plaintiff, involved only two cases sought to be consolidated in a single forum pursuant to 28 U.S.C. §1407. The Court specifically noted that if that litigation involved the number of cases generally associated with multidistrict litigation, it might well have consolidated the cases. Here, of course, entirely different considerations govern consolidation of over 90,000 personal injury asbestos cases.

As to the plaintiff's motion to remand, U.S. District Judge Walter J. Gex, III (S.D. Miss.), before whom this case is currently pending, was 1 of the 8 federal district judges in the country signing the letter which was the impetus for the JPML's consolidation of all asbestos personal injury cases in 1991. The defendants have requested Judge Gex to stay pretrial proceedings pending the JPML's decision on transfer. It is anticipated that

Judge Gex will not consider the motion to remand, awaiting a decision by the JPML on whether to uphold the conditional transfer order.

## CONCLUSION

For these reasons, the defendants request the JPML to transfer this action for consolidated and coordinated pretrial proceedings before the U.S. District Court for the Eastern District of Pennsylvania.

                Respectfully submitted,

                INTERNATIONAL PAPER COMPANY AND
                F. BRAD BIGGAR, INDIVIDUALLY

      BY: _____
            MICHAEL O. GWIN

OF COUNSEL:

MICHAEL O. GWIN (MSB # 5086)
WATKINS & EAGER PLLC
400 East Capitol Street
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Tel:   (601)948-6470

## CERTIFICATE OF SERVICE

I, Michael O. Gwin, do hereby certify that I have this date forwarded a true and correct copy of the above and foregoing document, via United States Mail, postage fully prepaid, to members of the attached Panel Service List, as well as hand-delivery to counsel for the plaintiff, as follows:

Doug Wade
405 Tombigbee Street
Jackson, Mississippi 39201-7404

John H. Downey
Rhoden, Lacy, Downey & Colbert
111 Park Circle Drive
Post Office Box 13762
Jackson, Mississippi 39236-3762

This the 31 day of Aug., 2001.

_____
MICHAEL O. GWIN

## PANEL SERVICE LIST (Excerpted from CTO - 200)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. IV)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle
Jacques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
Post Office Box 1792
Mt. Pleasant, SC 29465

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
Post Office Box 1500
Akron, OH 44309

Doug Wade
Tombigbee Street
Jackson, Mississippi 39201

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia PA 19106

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James K. Weston, II
Tom Riley law Firm
4040 First Avenue, N.E.
Post Office Box 998
Cedar Rapids, IA 52406

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Michael O'Mara Gwin
Watkins & Eager PLLC
The Emporium Building,
400 E. Capital Street, Suite 300
Post Office Box 650
Jackson, MS 39205

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216

Susan M. Hanson
Stich, Angell, Kreidler & Muth
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

-6-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

June 26, 2001

MICHAEL J. BECK
CLERK OF THE PANEL

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(SEE ATTACHED SCHEDULE)

CONDITIONAL TRANSFER ORDER (CTO-200)

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 68,064 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415, as corrected on October 1, 1991, October 18, 1991, November 22, 1991, December 9, 1991, January 16, 1992, and March 5, 1992, and with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel