MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 19 2001

FILED
CLERK'S OFFICE

BEFORE THE JOINT PANEL ON MULTIDISTRICT LITIGATION
MDL 875 – IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

This document relates to:

| | | |
|---|---|---|
| 1. | *Steven J. Lukac v. GATX Corp.* <br> N.D. Ohio Case No. 1:01CV20000 ) <br> ) <br> ) <br> ) <br> ) | MDL 875 <br><br> Conditional Transfer Order No. 203 |
| 2. | *Paula Kubik v. GATX Corp.* <br> N.D. Ohio Case No. 1:01CV20001 ) ) | |

### BRIEF IN SUPPORT OF TRANSFER TO MDL 875

Now come Defendants GATX Corp. and General American Transportation Corporation (n/k/a GATX Rail Corporation) (hereinafter collectively referred to as "GATX") and in response to the Motion to Vacate the transfer of the *Kubik* and *Lukac*[1] cases filed by counsel for the respective estates (hereinafter "Plaintiffs" or "Movants") respectfully request the Panel deny plaintiffs' motion and maintain the actions on MDL 875 for the reasons set forth below.

The present actions are wrongful death claims brought by the representatives of the estates of Paul Kubik and Joseph Lukac, deceased, alleging exposure to asbestos dust in manufacturing plants owned by GATX in Masury, Ohio. Plaintiffs originally filed these actions in Trumbull County, Ohio asserting an intentional tort under Ohio law against GATX, decedent's former employer. GATX removed both cases to the Northern District of Ohio on diversity grounds, and Judges Polster and Dowd ordered that the cases be reassigned to the asbestos docket. Both cases were transferred to MDL 875 pursuant to Conditional Transfer Order No. 203, dated August 27, 2001.

PLEADING NO. 3280

OFFICIAL FILE COPY
IMAGED SEP 20 '01

Plaintiffs set forth four reasons why these cases should not be maintained in MDL 875 for pre-trial purposes; 1) the cases are not products liability cases, the facts are unique and the cases have no common issues with other cases in MDL 875; 2.)there is no backlog of cases against GATX; 3.) discovery is almost completed; and 4.) there is no need to protect GATX against future claimants. None of plaintiffs' arguments are persuasive, and the two cases should remain on the MDL 875 docket for pre-trial handling.

Plaintiffs' claims are explicitly for damages resulting from exposure to asbestos or asbestos-containing products. These type of actions are precisely what the Multi-District Panel contemplated when the MDL 875 docket was created. *See In re Asbestos Product Liability Litigation,* 771 F. Supp. 415 (J.P.M.L. 1991). Plaintiffs' argument that the fact patterns of the present actions render them unique and distinguishable from other asbestos lawsuits is misguided. The same argument has been presented to the Panel on behalf of shipowners in the thousands of maritime asbestos cases currently pending in the MDL and has been specifically rejected by the Panel; maritime cases continue to be transferred to the MDL on an on-going basis. Common issues regarding the dates of the association of asbestos exposure with various diseases, corporate knowledge of the potential harms associated with exposure to certain asbestos fibers, the causal connection between certain respiratory illnesses and exposure to certain environmental conditions, the quality and quantity of the exposure, and the use of certain industrial hygienists, medical and state of art experts are some of the issues common to most, if not all, asbestos exposure cases. The present cases are no exception. Indeed, one of the central themes of plaintiffs' cases is that GATX knew or should have known that decedents' exposure to

---

[1] 2 MDL 875

asbestos was hazardous and that GATX should have taken precautions to protect its workers. This issue is common to virtually all of the cases in the MDL and certainly is not unique to *Lukac* and *Kubik*.

Movants are correct in that GATX was not a manufacturer, seller, or distributor of asbestos products. This point has no relevance to the issue at hand, however, because the allegation of damages caused as a result of exposure to asbestos or asbestos products is the basis for inclusion in the asbestos docket or transfer to MDL 875, not whether a defendant is or is not a manufacturer, seller, distributor of asbestos products. GATX joins hundreds of other defendants named in the thousands of asbestos cases originally filed in the Northern District of Ohio and transferred to MDL who are not manufacturers, sellers, or distributors of asbestos products. Like the hundreds of shipowner defendants, GATX is an employer being sued by its employees for alleged occupational exposure to asbestos.[2] Moreover, GATX also will have claims against the product manufacturers for indemnity and contribution, another common issue GATX shares with the maritime lawsuits. Common issues clearly exist between the Kubik and Lukac matters and other asbestos related suits already transferred to MDL 875.

Movants further argue that there is no backlog of cases against GATX *at the present time*. The panel will recall that in 1985, less than 10 maritime asbestos lawsuits were filed in the Northern District of Ohio; at present, over 35,000 lawsuits pend on 2 MDL 875 docket. GATX employed thousands of individuals at its Ohio facility over the course of forty

---

[2] The 2 MDL 875 docket consists of over 35,000 cases involving over 200 shipowners who are not manufacturers, sellers, or distributors of asbestos products. Seamen enjoy the benefit of bringing an action against their employer under 46 U S C § 688, commonly known as Jones Act.

years. Significantly, movant has made no comment regarding *future* claims which, undeniably, could be numerous.

Plaintiffs assert that discovery is nearly complete. Discovery in these cases is far from complete. Although written discovery has been exchanged by the parties, no depositions have been taken by GATX of co-workers or experts. Because of the complexity of asbestos cases and the importance of expert testimony in these cases, depositions of experts must be conducted around the country. It is further contemplated that the representatives of companies which manufactured the asbestos-containing products used at GATX's manufacturing facility (but not named as defendants) may have to be deposed pursuant to subpoena. The nature and type of the discovery remaining clearly falls within the pre-trial purview of the MDL docket. Moreover, the experts expected to be identified in these cases have all testified in numerous other asbestos cases in the MDL, thus further underscoring the similarity between these two actions and the thousands of cases pending in the MDL.

Finally, plaintiffs contend that there is no need to protect GATX from future claimants. While it is true that only two asbestos-related cases currently pend in federal court against GATX (a third was settled), the Panel should again be aware that GATX employed thousands of individuals over a forty-year history of operating the manufacturing plant in Masury, Ohio. Thousands of potential claims on behalf of former employees of the Masury, Ohio plant therefore exist.

For the reasons set forth above, GATX respectively requests that plaintiffs' motion to vacate be denied and that these matters remain on the MDL 875 asbestos docket.

Respectfully submitted,

_____
Richard C. Binzley (0006969)
Stephen H. Daniels (0019198)
Byron J. Horn (0043656)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio  44114-1216
(216) 566-5500

Attorneys for Defendants GATX Corporation
and General American Transportation Corp.

## CERTIFICATE OF SERVICE

A copy of the foregoing Brief in Support of Transfer to MDL 875 was sent by regular mail to Dean E. Swartz, Swartz & Reed, 1825 Jefferson Place, N.W., Washington D.C. 20036 and Ronald Marks, 258 Seneca N.E., Warren, OH 44481, Attorneys for Plaintiff on this 18th day of September, 2001.

_____
Thompson Hine LLP

# PANEL SERVICE LIST (Excerpted from CTO-203)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Stephen H. Daniels
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

Byron J. Horn
Thompson Hine, LLP
3900 Key Center
127 Public Square
Cleveland, OH  44114

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
 & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Dean E. Swartz
Swartz & Reed
1825 Jefferson Place, N.W.
Washington, DC  20036

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406