MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCT LIABILITY   MDL DOCKET NO. 875
LITIGATION (NO. VI)

DON MOSLEY, AS WRONGFUL DEATH
BENEFICIARY OF JANIS MOSLEY, ET AL
    PLAINTIFFS

VS.   CIVIL DOCKET NO: 1:01CV251GR

ACANDS, INC., ET AL
    DEFENDANTS

### DEFENDANT ACANDS, INC.'S JOINDER IN DEFENDANTS FORD MOTOR COMPANY AND DIAMLER CHRYSLER CORP.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 201 AND MEMORANDUM BRIEF IN SUPPORT THEREOF

COMES NOW ACandS, Inc., by and through its counsel of record, and pursuant to the Federal Rules of Civil Procedure, and files this Joinder in Defendants Ford Motor Company and Diamler Chrysler Corp.'s Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201 and Memorandum Brief in Support Thereof filed on or about September 10, 2001. Copies of which are attached hereto as Exhibits "A" and "B", respectively and incorporated herein by reference as if set forth in full herein.

Respectfully submitted, this the 12 day of October, 2001.

          ACANDS, INC.
          Defendant

    By: Kimberly P. Wallace
        Kimberly P. Wallace

PLEADING NO. 3296

IMAGED OCT 24 '01

OFFICIAL FILE COPY

2001 OCT 15 P 4:40
RECEIVED CLERK'S OFFICE
PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 17 2001

FILED
CLERK'S OFFICE

OF COUNSEL:

David A. Barfield, MSB #1994
Kimberly P. Wallace, MSB #99260
BARFIELD & ASSOCIATES
Attorneys at Law, P.A.
233 East Capitol Street
Post Office Box 3979
Jackson, Mississippi  39207-3979
Telephone (601) 968-9420
Facsimile (601) 968-9425

## CERTIFICATE OF SERVICE

I, Kimberly P. Wallace, counsel for the above named Defendant, do hereby certify that I have this date delivered, via United States Mail, postage prepaid, a true and correct copy of the foregoing document to counsel for plaintiff.

Written notice of the filing of the foregoing document is being submitted to all known counsel for defendants.

SO CERTIFIED, this the 12 day of October, 2001.

Kimberly P. Wallace/lac
Kimberly P. Wallace

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 1 7 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCT LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |
| DON MOSLEY AS WRONGFUL DEATH BENEFICIARY OF JANIS MOSLEY, ET AL. | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:01CV251GR |
| ACANDS, ET AL. | |
| Defendants. | |

**DEFENDANTS FORD MOTOR COMPANY AND
DAIMLER CHRYSLER CORPORATIONS' OPPOSITION
TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 201**

TO THE HONORABLE COURT:

1. The Panel should deny Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201, transferring the captioned case for coordinated proceedings in the Eastern District of Pennsylvania. This case shares questions of fact in common with other actions that already have been transferred to the Panel, including, without limitation, Odom, et al. v. Abex Corp., et al,

J S_B 131552 v1
139217-00008 9/7/2001

EXHIBIT "A"

from the United States District Court for the Southern District of Mississippi, Southern Division, Cause No. 1:01CV125GR. Also, the transfer will promote the just and efficient conduct of this and the other coordinated actions.

2. This case shares questions in common with other cases that have been transferred for coordinated proceedings to the Eastern District of Pennsylvania, and transfer will promote the just and efficient conduct of this litigation. Also, Plaintiffs' Motion to Vacate fails to provide any basis for vacating the Conditional Transfer Order. Accordingly, Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201 as to <u>Mosley</u> should be denied, and this case should be transferred to the Eastern District of Pennsylvania for coordinated proceedings. Also, Plaintiffs' request for attorney fees and costs should be denied.

Respectfully submitted,

FORD MOTOR COMPANY,
DAIMLER CHRYSLER CORPORATION

By Their Attorneys,
BAKER, DONELSON, BEARMAN &
CALDWELL, A Professional Corporation

By: *(signature)*
SCOTT W. BATES

J. Price Coleman (MSB No. 6359)
Robert M. Arentson, Jr. (MSB No. 1612)
Scott W. Bates (MSB No. 9715)
M. Scott Minyard (MSB No. 10047)
BAKER, DONELSON, BEARMAN & CALDWELL
4268 I-55 North, Meadowbrook Office Park (39211)
Post Office Box 14167
Jackson, Mississippi 39236
Phone: 601-351-2400
Fax: 601-351-2424

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201 was served via U.S. Mail to all counsel of record in the attached counsel list.

This the 10th day of September, 2001.

_____
SCOTT W. BATES

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCT LIABILITY LITIGATION (NO. VI) | ) ) ) | MDL DOCKET NO. 875 |
| DON MOSLEY AS WRONGFUL DEATH BENEFICIARY OF JANIS MOSLEY, ET AL. | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 1:01CV251GR |
| ACANDS, ET AL. | ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS FORD MOTOR COMPANY AND
DAIMLER CHRYSLER CORPORATIONS' MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 201**

The Panel should deny Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201, transferring the captioned case for coordinated proceedings in the Eastern District of Pennsylvania. This case shares questions of fact in common with other actions that already have been transferred to the Panel, including, without limitation, Odom, et al. v. Abex Corp., et al, from the United States District Court for the Southern District of Mississippi, Southern Division,

J S_B 131219 v1
139217-00007 9/5/2001

EXHIBIT "B"

Cause No. 1:01CV125GR. Also, the transfer will promote the just and efficient conduct of this and the other coordinated actions.

In the Motion to Vacate, the only asserted ground for objection to the transfer was Plaintiffs' Motion to Remand the action pending before the transferor court. This objection to the transfer has no merit and has been previously rejected by the Panel many times. In the Panel's October 24, 2000 Transfer Order, for instance, the Panel wrote (at p. 3):

> Various plaintiffs' principal objection to Section 1407 transfer at this time is rooted in their contention that the Panel's decision should carve out any action that is subject to a motion to remand to state court. We note, however, that jurisdictional and remand motions can be presented to and decided by the transferor judge.

The Panel reinforced this holding in its January 30, 2001 Transfer Order, when the Panel rejected the identical argument in eight separate actions for the same reason as before, the transferee judge can resolve all motions to remand. (Jan. 30, 2001 Transfer Order at p. 2).

This Panel as well as other courts have routinely held that pending challenges to remand should not stand in the way of a decision to transfer. See In re Amino Acid Lysine Antitrust Litigation, 910 F. Supp. 699 (J.P.M.L. 1995); In re Ivy, 901 F.2d 7 (2nd 1990); In re Air Crash Disaster at Florida Everglades on December 29, 2972, 368 F. Supp. 812, 813 (J.P.M.L. 1973).

The issues raised in the Motion to Vacate the Conditional Transfer Order with regard to remand are identical to those previously raised in the Plaintiffs' Motion to Remand. Because all of these issues have been fully briefed and replied to in our Opposition to the Motion to Remand, they will not set them out here. However, Defendants believe that this case was properly removed.

This case shares questions in common with other cases that have been transferred for coordinated proceedings to the Eastern District of Pennsylvania, and transfer will promote the

just and efficient conduct of this litigation. Also, Plaintiffs' Motion to Vacate fails to provide any basis for vacating the Conditional Transfer Order. Accordingly, Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201 as to <u>Mosley</u> should be denied, and this case should be transferred to the Eastern District of Pennsylvania for coordinated proceedings.

Respectfully submitted,

FORD MOTOR COMPANY,
DAIMLER CHRYSLER CORPORATION

By Their Attorneys,
BAKER, DONELSON, BEARMAN &
CALDWELL, A Professional Corporation

By: _____
SCOTT W. BATES

J. Price Coleman (MSB No. 6359)
Robert M. Arentson, Jr. (MSB No. 1612)
Scott W. Bates (MSB No. 9715)
M. Scott Minyard (MSB No. 10047)
BAKER, DONELSON, BEARMAN & CALDWELL
4268 I-55 North, Meadowbrook Office Park (39211)
Post Office Box 14167
Jackson, Mississippi 39236
Phone: 601-351-2400
Fax: 601-351-2424

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 201 was served via U.S. Mail to all counsel of record in the attached counsel list.

This the 10th day of September, 2001.

_____
SCOTT W. BATES

J S_B 131219 v1
139217-00007 9/5/2001

## AMENDED CERTIFICATE OF SERVICE

I, Kimberly P. Wallace, counsel for Defendant The McCarty Corporation, do hereby certify that I have this date delivered, via United States Mail, postage prepaid, a true and correct copy of the foregoing document to counsel for plaintiff and to all counsel on the Panel Service List attached.

Written notice of the filing of the foregoing document is being submitted to all known counsel for defendants.

SO CERTIFIED, this the 23rd day of October, 2001.

_Kimberly P. Wallace/lac_
Kimberly P. Wallace

## MDC Panel Service List

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

J. Christopher Klotz
Coxwell & Associates, PLLC
213 S. Lamar St.
Jackson, MS 39201

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
P.O. Box 1008
Columbus, OH 43216

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Bldg., 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 23219

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA 90025

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

Gene Locks
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

J. Price Coleman
Baker, Donelson, Bearman & Caldwell
4268 I-55 S.
Jackson, MS 39211

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
P.O. Box 1792
Mt. Pleasant, SC 29465

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1370 Penobscot Bldg.
Detroit, MI 48226

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines & Myers
P.O. Box 750
Jackson, MS 39205

Donald A. Powell
Buckingham, Doolittle & Burroughs
P.O. Box 1500
Akron, OH 44309

Andrew J. Trevelise
Reed, Smith, Shaw & McClay
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

David A. Damico
Burns, White & Hickton
2400 5th Ave. Place
120 5th Ave.
Pittsburgh, PA 15222

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA 15219

Thomas W. Tyner
Aultman, Tyner, McNeese & Ruffin
P.O. Drawer 750
Hattiesburg, MS 39402

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg. Ste. 1000
Independence Mall East
Philadelphia, PA 19106

John D. Roven
John Roven & Associates
2190 N. Loop West, Ste. 410
Houston, TX 77018

James K. Weston, II
Tom Riley Law Firm
P.O. Box 998
Cedar Rapids, IA 52406