MDL 875



BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: Asbestos Products
Liability Litigation (No. VI)
(CTO – 205)                                MDL No. 875
N.Y. Western District Division 1
Salmon v. Amchem Products, et al.          01-604

NOTICE OF OPPOSITION TO CONDITIONAL
TRANSFER ORDER

PLEASE TAKE NOTICE that pursuant to Rule 7.4 (c) of the <u>Rules of Procedure of Judicial Panel on Multidistrict Litigation, 199 N.R.D. 425, 435-36 (2001);</u> Plaintiffs in above-referenced matter hereby oppose Conditional Transfer Order (CTO- 205) for the following reasons:

1.  Lipsitz, Green, represents the plaintiffs in the above-referenced state law claim for breach of contact. We oppose transfer of this matter from the Western District of New York to the MDL No. 875 docket in the Eastern District of Pennsylvania because pre-trial proceedings coordinated or consolidated with unrelated actions for personal injury or wrongful death would hinder rather than promote the just and efficient conduct of this litigation.

2.  This action for the defendants' breach of six separate settlement agreements negotiated by defendant, Center for Claims Resolution (hereinafter "CCR"), as sole agent for the other defendants. Each of the six agreements involved several of the 96 individual plaintiffs.

**OFFICIAL FILE COPY**

IMAGED OCT 24 '01

PLEADING NO 3298

Each plaintiff was diagnosed with asbestos-related disease and filed one or more lawsuits in New York State. The six agreements collectively settled plaintiffs' claims for personal injuries and wrongful death alleging exposure to the asbestos-containing products of one or more members of the CCR.

3. In exchange for defendants' joint and several promise to pay at he settlements in full, each plaintiff executed a release prepared by defendant CCR and delivered those releases to the CCR in accordance with the timetable prescribed by the CCR. Each plaintiff has endured hardship, personal grief, economic loss, and unending Court procedures. They legitimately believed their endless wait for justice in these matters was over via the settlement agreements.

4. Plaintiffs commenced this action in New York State Supreme Court by the filing of a motion for summary judgment in lieu of complaint on July 26, 2001. This expeditious civil procedure is available in New Your Supreme Court only on a claim, such as the present one, that is based on "an instrument for the payment of money only" or on a judgment. NY.Civ.Prac. L.&R. 3213. The plaintiffs' motion papers required the defendants to appear and argue the motion for summary judgment in New York Supreme Court on October 4, 2001.

5. The plaintiffs have not yet had the opportunity to argue their motion for summary judgment because on August 26, 2001 some of the defendants removed the present action to United States District Court, Western District of New York on their assertion that the action could have an effect on the bankruptcy of Armstrong World Industries, Inc. Armstrong is not even a party to this action. Plaintiffs have fully briefed a motion for dismissal and remand or abstention and remand already scheduled for oral argument in the Western District of New York on November 28, 2001.

6. The only legal issue is whether given the language in the release prepared by CCR the defendants are jointly and severally liable under New York State law. It is respectfully submitted this issue shou7ld be decided expeditiously by a judge sitting in New York State.

7. Please note this is a companion case to <u>Antonio, et al. vs. Amchem Products, Inc., et al.</u>, NYWD 01-0605

Dated:   Buffalo, New York
         October 16, 2001

                                            Yours, etc.

                                            [signature]
                                            Joseph T. Kremer, Esq.

TO:  Michael J. Beck                        LIPSITZ, GREEN, ROLL, SALISBURY,
     Clerk of the Panel                     & CAMBRIA, LLP
     Judicial Panel of                      42 Delaware Avenue, Suite 300
     Multidistrict Litigation               Buffalo, NY 14202
     One Columbus Circle N.E.               Tel. No.: (716) 849-1333 Ex. 391
     Federal Judiciary Building
     Suite G-255 North Lobby
     Washington, DC 20002-8004

## Certificate of Service

This is to certify that a copy of the foregoing Notice of Opposition to Conditional Transfer Order has been served by Fax and ordinary U.S. Mail, postage prepaid upon Bonnie T. O'Connor, Bonnie T. O'Connor, Esq., Smith, Murphy & Schoepperle, 786 Ellicott square Building, Buffalo, NY 14203; Judith Yavitz, Esql, Anderson, Kill & Olick, P.C., 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; John C. Canoni, Esq., Kasowitz, Benson, Torres & Friedman, 1633 Broadway, New York, NY 10019; John P. Hooper, Esq., Edwards and Angell, 750 Lexington Avenue, New York, NY 10022; Clinton Fisher, Esq., Coblence & Warner, 415 Madison Avenue, New York, NY 10017; Matthew Lemke, Esq., Bradley, Arant, rose & White, 2001 Park Place, Suite 1400, Birmingham, AL 35283 and Gary Casimir, Esq., Anderson, Kill and Olick, P.C., 1251 Avenue of the Americas, New York, NY 10020, attorneys for Defendants on this 16th day of October, 2001.

LIPSITZ, GREEN, FAHRINGER,
ROLL, SALISBURY & CAMBRIA, LLP

By: _____
Joseph T. Kremer
Attorney for Plaintiffs