MDL 875

LAW OFFICES
# NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE
PROFESSIONAL ASSOCIATION

1555 POYDRAS STREET
SUITE 1700
NEW ORLEANS, LOUISIANA 70112

SCOTT M. GALANTE
DIRECT DIAL: 504-636-3480
FAX: 504-636-3499

October 18, 2001

OTHER OFFICES:
MOUNT PLEASANT, SOUTH CAROLINA
CHARLESTON, SOUTH CAROLINA
BARNWELL, SOUTH CAROLINA
PROVIDENCE, RHODE ISLAND
RALEIGH, NORTH CAROLINA

*Via Facsimile:* 1-202-502-2888

Mr. Michael J. Beck
Clerk of The Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E., Rm. G-255, North Lobby
Washington, D.C. 20002

Re:   M.D.L. No. 875 - In re Asbestos Products Liability Litigation (No. VI)
      James C. Turner et al. v. Anchor Packing Co., et al.
      U.S.D.C., E.D. La., C.A. No. C01-2767, Sect. S.
      **MDL Rule 7.4**        Formal Notice of Opposition to Conditional
                              Transfer Order No. CTO-205

PLEADING NO. 3302

Dear Mr. Beck,

    This letter is being sent to comply with MDL Rule 7.4 - <u>Conditional Transfer Orders for "Tag-Along Actions"</u>, as undersigned counsel wishes to formally notice the Panel on Multidistrict Litigation, M.D.L. No. 875 - In re Asbestos Products Liability Litigation (No. VI) (hereinafter "The Panel") that they oppose the transfer of the above-styled matter to MDL No. 875. Pursuant to Rule 7.4(c), it is my understanding that with this timely notice, as the CTO was issued on October 4, 2001, the Panel will notify undersigned counsel of the briefing schedule associated with the formal opposition process.

    First and foremost, Plaintiffs oppose the issuance of a Transfer Order in the above-captioned matter as they have timely filed a Motion to Remand, with a supporting Memorandum, in the Federal District Court for the Eastern District of Louisiana, the court retaining proper jurisdiction for hearing that motion. That motion is currently pending with a hearing date set for November 7, 2001. Plaintiffs request that The Panel take no action in the instant matter until the Eastern District has had the opportunity to hear and decide Plaintiffs' Motion to Remand.

    Additionally, Plaintiffs wish to inform the Panel the grounds supporting their Motion to Remand and upon which they oppose the CTO. This case represents a situation in which Plaintiffs intend on demonstrating that the Removal Notice filed in the Federal District Court for the Eastern District for Louisiana is deficient in several aspects regarding the defendant's compliance with the proper removal procedure.

    Specifically, the procedural defects are: (1) the Notice of Removal violated both the timely provisions of 28 U.S.C. §1446(b), as it was filed more than 30 days following the removing defendant's notice by 'other paper' that the case was potentially removable; and (2) the removing defendant did not properly serve the Notice of Removal to opposing counsel as required by 28 U.S.C. §1446(b). In fact, Plaintiffs were served by mail with a copy of the Notice of Removal (originally filed by the removing defendant on September 10, 2001) on October 16, 2001 via regular mail. That service, five weeks after the notice was filed in the Eastern District, was in response to

IMAGED OCT 24 '01       OFFICIAL FILE COPY

October 18, 2001
Page 2

Plaintiffs' Motion to Remand. (See cover letter dated 10/12/01 attached hereto as attachment "2"). Plaintiffs additionally allege that any notice given to undersigned was also in violation of Federal case law regarding the 'promptness' of notification under 28 U.S.C. §1446(b).

Furthermore, Plaintiffs aver that the substantive argument asserted by the removing defendant herein is deficient on numerous grounds and not supported by law or evidence. The removing defendant's sole basis of removal relates to asserting a federal contractor defense under 28 U.S.C. §1442.

Plaintiffs intend on more fully expressing an opposition to the CTO on all issues in a memorandum accompanying their Motion to Vacate the Conditional Transfer Order which they intend to file pursuant to the briefing schedule set by The Panel in the instant matter. Out of an abundance of caution, I have attached a copy of Plaintiffs' Memorandum in Support of Motion to Remand (attached hereto as attachment "2") to this letter to give The Panel a greater understanding of the issues in question. Plaintiffs would nevertheless request the full benefit of the time-delays of the appropriate briefing schedule to formally oppose the CTO through motion and a supporting memorandum.

If I have been mistaken in my interpretation of the time-delays allowed, or the proper procedure pursuant to, MDL Rule 7.4, please contact me immediately so I may properly protect the interest of my client, a military veteran diagnosed with terminal asbestos-related lung cancer with underlying asbestosis. I understand that the MDL wishes each matter to have representation limited to a single attorney, so I therefore request myself to be the counsel on behalf of Plaintiffs to whom notice is given.

Thank you for your consideration in this matter. If there is anything my office can assist you with, please do not hesitate to contact me at (800) 427-0959.

Sincerely,

Scott M. Galante

encl.
SMG
cc: All Counsel of Record (w/o enclosures).