Case MDL No. 875   Document 3322   Filed 11/01/01   Page 1 of 15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

Before the Judicial panel on Multidistrict Litigation

In re Asbestos Products Liability Litigation (No. VI)

MDL Docket No. 875

*Schamerhorn, etc.*

*v.*

*United States Department of the Army*

*W.D. Louisiana, C.A. No. 2:01-914*

## Motion to Vacate Conditional Transfer Order

NOW INTO COURT, through their undersigned counsel, comes Rodney W. Schamerhorn, dba Schamerhorn Backhoe & Trucking (hereinafter referred to as Schamerhorn), who move this Honorable Court to vacate its Conditional Transfer Order issued on the 20th day of September, 2001, for the following reasons, to wit:

I.

The matter now pending before this Court is an action for breach of contract against the United States asserting legal and, alternatively, equitable claims. Jurisdiction in the district court was alleged to be pursuant to 28 USCA 1346, or alternatively, exclusively with the Federal Court of Claims pursuant to 28 USCA 1491.

II.

All claims asserted to exist in favor of plaintiffs and movers in the district court action arise directly from the breach of a contract by the Government, and, as such, do not constitute the type of individual action for asbestos exposure which is found in other consolidated cases now pending in this Court.

III.

Any common allegations of law and fact which exist between the transferred action and the consolidated actions now pending before this Panel are incidental and not germane to the overriding question of whether the Government breached its contract with plaintiffs and movers herein. Therefore, since a sufficient nexus between the transferred case and the consolidated cases now pending in this Panel does not exist, this Court should vacate its Order of Conditional Transfer and remand this matter to the district court for further disposition.

WHEREFORE, Movers pray that this Honorable Court vacate its conditional transfer order and remand this case to the United States District Court for the Western District of Louisiana, Lake Charles Division, for further disposition.

Respectfully submitted,

WOODLEY, WILLIAMS, BOUDREAU, NORMAN, BROWN & DOYLE, L.L.C.

By: _____
JAMES B. DOYLE (#5061)
JAMES R. MITCHELL
500 Kirby Street
Post Office Box 3731
Lake Charles, Louisiana, 70602-3731
Telephone: (337) 433-6328
Facsimile: (337) 433-7513
*Attorneys for Rodney W. Schamerhorn, dba Schamerhorn Backhoe & Trucking*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Motion to Vacate Conditional Transfer Order has been served via facsimile on Henry T. Miller, facsimile number (202) 616-4473 and via United States Mail, postage pre-paid and properly addressed as indicated on the attached Panel Service List. Lake Charles, Louisiana, this 31 day of October, 2001.

_____
JAMES B. DOYLE

# PANEL SERVICE LIST (Excerpted from CTO-204)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

James B. Doyle
Woodley, Williams, et al.
500 Kirby Street
P.O. Box 3731
Lake Charles, LA  70601

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

Janice E. Hebert
U.S. Department of Justice
800 Lafayette Street
Suite 2200
Lafayette, LA  70501

Gertrude M. Kelly
Environmental Defense Section
P.O. Box 23986
Washington, DC  20026

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

Before the Judicial panel on Multidistrict Litigation

In re Asbestos Products Liability Litigation (No. VI)

MDL Docket No. 875

*Schamerhorn, etc.*

*v.*

*United States Department of the Army*

W.D. Louisiana, C.A. No. 2:01-914

### Brief in Support of Motion to Vacate Conditional Transfer Order

Rodney W. Schamerhorn, dba Schamerhorn Backhoe & Trucking (hereinafter referred to as "**SCHAMERHORN**"), plaintiff in this cause, through his counsel of record, does hereby respectfully present to the court this, its Brief in Support of its Motion to Vacate Conditional Transfer Order.

Schamerhorn's action in the district court arises exclusively from the Government's breach of a requirements contract it signed with Schamerhorn to demolish World War II-era buildings at Fort Polk in Vernon Parish, Louisiana. One of the obligations undertaken by the Government in that contract was to abate any asbestos existing in the buildings prior to Schamerhorn's involvement. Through its representatives, the suit alleges, the Government breached that obligation to Schamerhorn in two instances: First, by failing to abate the asbestos prior to his undertaking the work; and second, after he detected the existence of asbestos in the materials to be removed, by

stopping his work and later informing him that the abatement had been carried out. As a result of the Government's violation of its contract and false representations to Schamerhorn, he continued the demolition activity and deposited materials containing asbestos on his property. In addition to the damages arising directly from this breach of contract, which include an allegation that the Government is responsible for clean up and abatement cost at Schamerhorn's landfill, he has filed incidental claims for his own personal injuries. He has additionally filed claims against the Government based on its CERCLA responsibilities to remove the materials it wrongfully caused him to deposit in the landfill.

The position of Schamerhorn is that any claims brought by him are, in the first instance, within the exclusive jurisdiction of the Federal Court of Claims. As an alternative plea, Schamerhorn has asserted "legal and equitable claims" which arise out of the Federal Tort Claims Act, 28 USCA 1346. Even if those claims arise under that statute, though, it is clear from the jurisprudence that the proper venue for this case is the Federal Court of Claims. That further transfer can only be accomplished in the case's current procedural posture by remanding the matter to the transferor court for further action. This could include either a motion by Schamerhorn to then transfer the case to the Federal Court of Claims pursuant to the provisions of 28 USCA 1631, or as an alternative defense by Schamerhorn against any motion to dismiss the Government may file. As a matter of record, the Government has taken the position in its response to Schamerhorn's Complaint that the district court is without jurisdiction to hear these claims, and that they belong in the Federal Court of Claims. If that is true, as a matter of fact and law, then the equitable transfer of the action under 28 USCA 1631 is the appropriate course. That decision, however, is not for this Court to make. *In Re Independent Service Organizations Anti-trust Litigation*, 1998 WL 919125 (DC Kansas 1998).

### If any "Common Questions of Law or Fact" Exist in Schamerhorn's Action, They are Insufficient to Justify Transfer of His Entire Case to this Court for Disposition.

Because the suit now under consideration raises Schamerhorn's individual entitlement to personal injury damages only as an incidental part of the Government's breach of contract, his case does not contain a sufficient nexus with the "common questions of law and fact" of other matters now pending before this Court, and the Government cannot, therefore, demonstrate that transfer to this Court was appropriate in the first instance.

28 USCA § 1407 burdens a moving party to demonstrate that a transfer to the Judicial Panel on Multidistrict Litigation is a potential "tag-along" action that raises questions of fact common to previously transferred suits and that its transfer to the transferee district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

In determining its decision regarding each transfer under § 1407, the Judicial Panel on Multidistrict Litigation has looked, historically, to distinction of the litigation considered for transfer, including such matters as the pendency of matters present before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any federal district and whether there is a presence of unique or additional claims, unrelated injury or death, among others. *See In Re Asbestos Products Liability Litigation (No. VI)*, 1996 WL 143826 (Jud.Pan.Mult.Lit).

As such, it is these factors and their careful consideration that should lead this Panel to a decision to vacate the Conditional Transfer Order sought by defendant in this matter, so as to further the Court's policy of convenience to the parties and witnesses and the promotion of just and efficient conduct of litigation.

### Presence of Unique or Additional Claims Not Sounding in Tort

Defendant, the United States Department of the Army (hereinafter referred to as "The **UNITED STATES**" or "The Government"), seeks to transfer this contract case to the Judicial Panel on Multidistrict Litigation (JPML) because of the presence of incidental personal injury claims. (see plaintiff's Motion to Transfer Venue, Paragraph 3). One of those incidental damages claims is for bodily injury from his exposure to ACM. (See Paragraph 22 of Plaintiff's Amended and Restated Complaint.) However, giving undue weight to this small aspect of Schamerhorn's suit unjustly elevates the residual damages claim to one of overriding importance, while making the predominant claim, the breach of contract, subservient to it. No fair reading of the pleadings can reach this conclusion.

Furthermore, where a claim against the United States Government for more than $10,000 arises primarily from a breach of contract, proper jurisdiction lies in the Court of Federal Claims. *McAbee Const., Inc. v. U.S.*, 22 F.3d 1106 (Fed. Cir. (Ala.)). Moreover, ". . .claims which are founded upon a failure to perform contractual obligations are not tort claims that can be litigated under the Federal Torts Claims Act." *Blanchard v. St. Paul Fire and Marine Ins. Co.*, 341 F.2d 351 (5th Cir.), *cert. denied*, 382 U.S. 829 (1965).

Both the Federal Torts Claim Act and 28 U.S.C. § 1407 are intended to deal with tortious conduct rather than with contractual breaches. Such is the case presently before the Court. As was the case in *Blanchard*, so should the case be here, due to the fact that plaintiff's claims are contractual in nature and the residual claim related to asbestos exposure is a secondary claim that would never have been brought but for the defendants' breach of contract.

Jurisdictional jurisprudence dictates that "a breach of contract may also be asserted as a tort, but if the action arises primarily from a contractual obligation, jurisdiction lies *exclusively* (emphasis

added) in the Court of Federal Claims as a breach of contract suit. . .If it can be assumed in the instant case that the defendant was guilty of the tortious acts alleged by plaintiff, the tort was committed in breaching the contract, and plaintiff's claim arises from and was based on the breach and not on the tort." *McAbee Const., Inc. v. U.S.*, 22 F.3d 1106 (Fed. Cir. (Ala.)). *See Also, Olin Jones Sand Co. v. U.S.*, 225 Ct. Cl. 741 (Ct. Cl. 1980).

Thus, plaintiff's suit is for breach of contract and not a tort action, and as such, the Government's action seeking transfer of this matter should be vacated and the case remanded to the transferor court.

### Uniqueness of a Party's Status and Convenience of Parties and Witnesses

As this Panel has previously recognized, a change of venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." *In re The Dow Company "Sarabond Products" Liability Litigation*, 664 F.Supp. 1403, 1404. Further, a transfer of venue is to be considered by taking in the overall convenience of all of the parties and witnesses involved in the action. *Id.* The *"Sarabond Products"* litigation involved at least 17 cases where plaintiffs hailing from five different states filed suits, involving common questions, against Dow. *Id.* Similarly, as this Panel is aware, many asbestos exposure cases that are moved to the Judicial Panel on Multidistrict Litigation, involve multiple plaintiffs and multiple defendants where the impetus of the claims is these plaintiff's contraction of asbestos-related diseases from long-term exposure to asbestos. Thus, the Judicial Panel on Multidistrict Litigation is well placed to handle these issues due to the commonality of those claims and due to the fact that the defendants sued in those actions will be convenienced by not having to hop from one federal district to the next in order to defend these cases and thereby find themselves with inconsistent dispositions that may disrupt any uniformity in judgments.

The case of Schamerhorn is much different. This case involves one plaintiff who has filed suit against the United States Army. The suit arises from the Army's breach of contract provisions that it agreed to in hiring the plaintiff to perform demolition work of Army structures at Fort Polk.

As such, the parties involved are the plaintiff, a native resident of Vernon Parish, Louisiana, and the United States Army. Upon information and belief, the majority of the United States Army parties involved in contracting with the plaintiff also reside in Vernon Parish, Louisiana. Additionally, the materials demolished pursuant to the contract were deposited upon plaintiff's property in Vernon Parish, Louisiana.

Because the demolition contract was entered into by Army personnel at Fort Polk, Vernon Parish, Louisiana, because the plaintiff and his employees reside in or near Vernon Parish, Louisiana, and because the situs of the demolition and the situs of the landfill are all in Vernon Parish, Louisiana, it is in the greater interest of justice to vacate this Court's Conditional Order to Transfer Venue because of the inconvenience that would arise by requiring all parties and witnesses in this litigation to pack up their respective legal shields and swords for a transfer, ultimately, to a foreign court in Pennsylvania whose only connection with the merits of his claim is secondary to the primary injury he received, namely, property damage.

### Type of Defendant

As stated in the argument immediately above, the defendant is the United States Army and, while it is certain that the Fort Polk contingent of the United States Army ultimately answers to a higher authority in Washington, D.C., the facts of this case are local with a local contractor dealing with Fort Polk, Louisiana Army personnel who, by their authority, contracted with plaintiff in Vernon Parish, Louisiana. Defendant's Fort Polk based employees should be disallowed to transfer

this contract matter to the Judicial Panel on Multidistrict Litigation just because there is an ancillary tort claim that has arisen as a result of defendant's breach of contract.

### The Court of Federal Claims is the Proper Venue for this Action and This Court should Remand to the Transferor Court for Proceedings Consistent with that End.

The law is clear, at least in the Fifth and Ninth Circuits, that claims incidental to a breach of contract by the Government are properly reposited within the Federal Court of Claims. *See, e.g., Blanchard, supra; Olin Jones Sand Co. v. United States*, 225 Ct. Cl. 741 (Ct. Cl. 1980); and *Woodbury v. United States*, 313 F.2d 291 (9th Cir. 1963).

In *Woodbury*, the plaintiff contractor asserted an action under the Federal Tort Claims Act to recover damages which allegedly arose from a governmental agency's breach of its fiduciary responsibilities in connection with the performance of a construction contract. The Ninth Circuit, in reviewing the procedural foundation of that claim, which is indistinguishable from Schamerhorn's current claims that the Government violated its duties under the contract and that its agents misrepresented the status of the demolished buildings, said the following:

> Appellant argues persuasively and at length that breach of fiduciary duty is a tort, even though the duty may be created by contract, and that nowhere in the Federal Tort Claims Act is such a tort expressly excepted from its coverage. . . . a number of cases are cited in support of the proposition that the coverage of the Federal Tort Claims Act is not limited to the "ordinary common-law type of tort." We have no quarrel with them, but we are still of the view that appellant does not have a case under the Act.
>
> Under the federal statutes, jurisdiction of the courts over contract claims against the Government is different from jurisdiction over tort claims. Contract claims are covered by the Tucker Act. . . 28 USCA 1491. . . which confers upon the Court of Claims jurisdiction over "any claim against the United States. . . founded. . . upon any express or implied contract with the United States. . . in cases not sounding in tort."
>
> After extensive review of prior jurisprudence, the court then concluded:

> Many breaches of contract can also be treated as torts. But in cases such as this, where the "tort" is based entirely upon breach by the Government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Tort Claims Act...."

Schamerhorn's case, if anything, presents a stronger factual and legal circumstance than *Woodbury*, since Schamerhorn never asserted that he had any claim arising against the Government other than one flowing from its breach of its contractual responsibilities.

In 1887, the United States Congress enacted the Tucker Act, 24 State. 505, now amended and codified as 28 U.S.C. § 1491. The Act "constitutes the sole basis for a suit against the United States sounding in contract and *exclusive* (emphasis added jurisdiction in the Court of Claims if, as here, the amount in issue exceeds $10,000.00."" *Blanchard v. St. Paul Fire & Marine Ins. Co.*, 341 F.2d 351, 358 (5th Cir. 1965).

The instant case is, in fact, a Tucker Act case. Plaintiff has sued the United States Department of the Army for its breach of a contract with plaintiff. Arising from the breach of contract is an ancillary, or secondary, claim for damages suffered by the plaintiff as a result of his, again, ancillary, exposure to asbestos.

Where a contractual relationship exists, "the fact that an alleged breach is tortious does not foreclose Tucker Act jurisdiction." *Olin Jones Sand Co. v. United States*, 225 Ct.Cl 741 (Ct.Cl 1980). Moreover, a breach of contract may give rise to a tort claim if the tort was committed in defendant's breach of the contract. *McAbee* at 3. Additionally, when a claim against the Government arises primarily from a contractual relationship, proper jurisdiction is in the Court of Federal Claims. *Wood v. United States*, 961 F.2d 195 (Fed. Cir. 1992).

Such is the case at hand. Plaintiff's claim arose from the breach of contract and just happens to include the secondary tort claim for the plaintiff's exposure to asbestos which the Government contracted would be abated prior to the plaintiff's demolition of the Government property. The primary issue here is that the defendant breached its contract with plaintiff, not that plaintiff was subsequently exposed to asbestos.

Proper jurisdiction of this case is with the Court of Federal Claims. Thus, this Court should vacate its conditional transfer order.

## Conclusion

As the facts of this case and the statutory and case law briefed herein reveal, vacating this Panel's order of conditional transfer will serve to take into account the convenience of all parties involved in this action because it will allow for the litigation to go forward under the controls of the Tucker Act without interfering with the Panel's administration of justice in the handling of true tort claims arising from asbestos exposure claims.

Vacating the transfer is further proper because it will serve to provide for a just resolution of plaintiff's primary breach of contract claim without the diversions that would surely be attendant were this case was not vacated by the Panel.

Furthermore, and perhaps most importantly, the law is clear that tort damages caused by the Government must be litigated by the Court of Federal Claims when those damages are greater than $10,000 and are based upon the breach of a Government contract. As such, plaintiff moves this Honorable Court to vacate its conditional transfer order and remand this case to the transferor court for further disposition.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2001

FILED
CLERK'S OFFICE

Respectfully submitted,

**WOODLEY, WILLIAMS, BOUDREAU, NORMAN, BROWN & DOYLE, L.L.C.**

By: _____
JAMES B. DOYLE (#5061)
JAMES R. MITCHELL
500 Kirby Street
Post Office Box 3731
Lake Charles, Louisiana, 70602-3731
Telephone: (337) 433-6328
Facsimile: (337) 433-7513

*Attorneys for Rodney W. Schamerhorn, dba Schamerhorn Backhoe & Trucking*

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Brief in Support of Motion to Vacate Conditional Transfer Order has been served via facsimile on Henry T. Miller, facsimile number (202) 616-4473 and via United States Mail, postage pre-paid and properly addressed as indicated on the attached Panel Service List.

Lake Charles, Louisiana, this 31 day of October, 2001.

_____
JAMES B. DOYLE

**PANEL SERVICE LIST (Excerpted from CTO-204)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

James B. Doyle
Woodley, Williams, et al.
500 Kirby Street
P.O. Box 3731
Lake Charles, LA  70601

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN  55401

Janice E. Hebert
U.S. Department of Justice
800 Lafayette Street
Suite 2200
Lafayette, LA  70501

Gertrude M. Kelly
Environmental Defense Section
P.O. Box 23986
Washington, DC  20026

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406