MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 5 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION - 875
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

LOWELL ABBOTT, JR., et al.,

    Plaintiffs,

vs.

    Case No. 4:01CV1299 (CEJ)

METROPOLITAN LIFE INSURANCE
CO., et al.,

    Defendants.

## PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND SUPPORTING MEMORANDUM OF LAW

COME NOW the Plaintiffs, by and through their undersigned counsel and file this Motion to Vacate Conditional Transfer Order and as grounds therefore state as follows:

This case was originally filed in the Circuit Court of the City of St. Louis on or about July 5, 2001 against the defendants, Metropolitan Life Insurance Company ("Metropolitan Life"), Minnesota Mining and Manufacturing Company ("3M"), Dresser Industries, Inc. ("Dresser"), and Worthington Corporation ("Worthington"), a division of Dresser Industries.

Defendants Dresser, Worthington, and 3M were served on July 17, 2001. Defendant Metropolitan Life was served on August 9, 2001. Thereafter, on August 15, 2001 Defendant Dresser, individually and on behalf of its division Worthington, removed the state court action to federal court, including a Consent to Removal submitted by Defendant 3M, but without the consent of Defendant Metropolitan Life, contrary to 28 U.S.C. § 1446(b). Subsequently, Metropolitan Life filed a Consent to Removal on or about August 31, 2001, approximately fifteen (15) days outside Defendant Dresser's time frame in which to submit such consent.

OFFICIAL FILE COPY
IMAGED NOV 9 '01

CASE NO: 4:01CV1299 (CEJ)

Thereafter, Plaintiffs moved to remand this case to state court on the basis that Defendant Dresser, through its counsel, failed to exercise due diligence in determining the service status of Defendant, Metropolitan Life and failed to timely file the necessary consent.

On October 4, 2001, the Judicial Panel on Multidistrict Litigation entered Conditional Transfer Order Number 205. On October 18, 2001, prior to the expiration of the fifteen (15) day time period for filing opposition to transfer, Plaintiffs filed a Notice of Opposition to Conditional Transfer with the Panel. Accordingly, the transfer of this case was stayed pending the filing of the instant Motion to Vacate the Conditional Transfer Order.

Case law requires strict compliance with the statutory procedures for removal. Title 28 U.S.C. § 1446(a) requires that all Defendants who are eligible to join the removal petition must do so. Unanimity among all Defendants substantively entitled to remove is required for removal. The consent of all Defendants to the removal must be made by way of an official unambiguous filing or voicing of consent.

The present Notice of Removal attaches a Consent to Removal for Defendant 3M Company a/k/a Minnesota Mining and Manufacturing Company. However, the subsequent Consent to Removal for Defendant Metropolitan Life Insurance Company is not timely in that it was filed on August 31, 2001. Defendant Petitioners' assertion that Defendant Metropolitan Life Insurance Company had not been served as of August 15, 2001 is patently false. In fact, Defendant Metropolitan Life Insurance Company had been served on August 9, 2001, which would have allowed for a timely Consent to Removal to be obtained by Defendant Petitioners.

While joinder is not required of non-served defendants, it is well recognized that all



served defendants are required to consent to a co-defendant's petition for removal. Furthermore, the removing defendant must exercise reasonable diligence in determining whether other named defendants were served. Defendant Petitioners failed to exercise the necessary reasonable diligence to determine whether Defendant Metropolitan Life Insurance Company had been served, thus ensuring a timely Consent to Removal.

Pursuant to 28 U.S.C. § 1446(b) Petitioners had 30 days or until August 16, 2001 to obtain and FILE with the Court Consents to Removal for all Defendants substantively entitled to removal. This statutory time limitation is mandatory and must be strictly complied with and noncompliance renders removal improper and requires remand. In the present case it is clear that this requirement was not complied with since the remaining Defendant, Metropolitan Life Insurance Company, having been served on August 9, 2001, did not consent to removal until August 31, 2001.

Defendant Petitioners' lack of ability to obtain Defendant Metropolitan Life Insurance Company's Consent to Removal and file the same in a timely manner fails to meet the statutory time limitation and subsequent unanimity requirement. Therefore this case should be remanded.

Plaintiffs are aware that the Panel is able to rule on Motions to Remand. However, since this issue has already been briefed by both sides, Plaintiffs assert that in the interests of judicial economy and in an effort to minimize the prejudice to the Plaintiffs occasioned by the Defendants' defective removal, Plaintiffs respectfully request the Panel to Vacate the Conditional Transfer Order previously entered to allow the District Court to rule on Plaintiffs' Remand Motion.

**WHEREFORE, Plaintiffs** pray that the Panel enter an Order Vacating the Conditional Transfer Order previously entered to allow sufficient time for the District Court to rule on Plaintiffs' Motion to Remand.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV - 5 2001

FILED
CLERK'S OFFICE

## MEMORANDUM OF LAW

The United States Supreme court has stated that a Federal Court's jurisdiction under the removal statute constitutes an infringement upon state sovereignty. Shamrock Oil Corp. v. Sheets, 313 U.S. 100 (1941) "Consequently, the statutory provisions regulating removal must be strictly applied. A Federal Court should not extend its jurisdiction beyond the boundaries drawn by these provisions." Mason v. IBM, 543 F. Supp. 444 (M.D.N.C. 1982).

When presented with a Motion to Remand, the burden of proof is on the Defendant, as the removing party, to establish that the action was properly removed. Williams v. Tri County Community Center, 323 F. Supp. 286 (S.D. Miss. 1971), affirmed 452 F. 2d 221 (5th Cir. 1971). Where there is ANY substantial doubt concerning jurisdiction of the Federal Court on removal, the case should be remanded and jurisdiction should be retained only where it is clear. Shamrock Oil & Gas Co., v. Sheets, 313 U.S. 100 (1941). This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute. Albonetti v. GAF Corporation, 520 F. Supp. 825 (S.D. Tex. 1981).

Case law requires strict compliance with the statutory procedures for removal. Shadley v. Miller, 733 F. Supp. 54 (E.D. Mich. 1990). Title 28 U.S.C. § 1446(a) requires that all Defendants who are eligible to join the removal petition must do so. In re Federal Savings and Loan Ins. Corp., 837 F. 2d 432 (11th Cir. 1988); Leonard v. Kern, 651 F. Supp. 263 (S.D. Fla. 1986);

Woods v. Firestone Tire & Rubber Co., 560 F. Supp. 588 (S.D. Fla. 1983) (each and every defendant ... must join in a petition for removal in order for the petition to be valid ... failure of all of the state defendants to join in the petition for removal compels the District Court to remand the action to state court.); Intercostal Refining Co., Inc. v. Jalil, 487 F. Supp. 606 (S.D. Tex. 1980); McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978); see also Grant County Savings & Loan Association v. Arkansas Custom Homes, 698 F. Supp. 169 (E.D. Ark. 1988). Unanimity among all Defendants substantively entitled to remove is required for removal. The consent of all Defendants to the removal must be made by way of an official unambiguous filing or voicing of consent. Wilkins v. Correctional Medical Sys., No. 90-7155 1991 WL 68791 (4th Cir. 1991); Creekmore v. Food Lion Inc., 797 F. Supp. 505 (E.D. Va. 1992); Mason v. IBM, 543 F. Supp. 444 (M.D.N.C. 1982).

The present Notice of Removal attaches a Consent to Removal for certain Defendants. However, Defendant Metropolitan Life Insurance Company's Consent to Removal was not submitted until August 31, 2001. Defendant Petitioners assert that as of August 15, 2001, Defendant Metropolitan Life Insurance Company had not been served. However, Defendant Metropolitan Life Insurance Company was in fact served on August 9, 2001, some six days prior to the Defendant Petitioners Notice of Removal and the statutory time limitation of August 16, 2001.

Case law requires that a removing defendant must exercise reasonable diligence in determining whether other named defendants were served, and a failure to do so defeats removal. See Pianovski v. Laurel Motors, Inc., 924 F.Supp. 86 (N.D. Il 1996). In Pianovski, the Court

held that a phone call to the clerk's office <u>and</u> a physical examination of the court file were insufficient to demonstrate diligence, and further stated that the defendant should have taken further action to determine whether the co-defendant had been served, such as directly contacting the co-defendant. Because of the time lag between the time of service and the length of time it takes to place the service document in the court file, simply checking the court file did not demonstrate "reasonable diligence."

Likewise, in <u>Davis v. Rollins Leasing Corporation</u>, 1994 WL 285056 (E.D. La), defense counsel's secretary had contacted the Court on two occasions and was told that a defendant had not been served. Despite the phone calls to the clerk, the Court held that the removing defendant's counsel should have contacted the process server (in that case the Sheriff's office) to determine if, in fact, the co-defendant had been served.

In addition, courts have acknowledged a "constructive notice" with regard to service. In <u>Thompson v. Louisville Ladder</u>, 835 F.Supp 336 (E.D. Texas 1993), the Court held that where a removing defendant was not actually aware that a co-defendant had been served, <u>the removing defendant was on constructive notice that the co-defendant had been served prior to seeking the removal</u>. (Citing <u>Milstead Supply Co. v. Casualty Insurance Co.</u>, 797 F.Supp. 569 (W.D.Tex. 1992). According to <u>Milstead</u>, "the constructive notice element should be applied to removing defendants who had a reasonable time to become aware of the filing of such service and had a reasonable time in which to obtain the consent or joinder of such defendants." <u>Id</u>.

Even where there were numerous defendants (i.e., 185), Courts have held that the high number of defendants did not obviate the need for unanimous consent to removal. Rather, the

CASE NO: 4:01CV1299 (CEJ)

Court recognized the "reasonable diligence" standard in attempting to ascertain whether co-defendants had been served and thus joined to the lawsuit, to the point where the Court calculated the amount of time it would have taken to contact each defendant or the defendant's counsel. See Faulk v. Owens-Corning, 48 F.Supp.2d 653 (E.D. Texas 1999).

Pursuant to 28 U.S.C. § 1446(b) Petitioners had 30 days or until August 16, 2001 to determine whether Metropolitan Life Insurance Company had been served, and obtain and FILE with the Court Consents to Removal for all Defendants substantively entitled to removal. This statutory time limitation is mandatory and must be strictly complied with and noncompliance renders removal improper and requires remand. Creekmore v. Food Lion Inc., 797 F. Supp. 505 (E.D. Va. 1992); Jetstar Inc. v. Monarch Sales & Services Co., 652 F. Supp. 310 (D. Nev. 1987). In the present case it is clear that this requirement was not complied with since the remaining Defendant Metropolitan Life Insurance Company did not consent to removal until August 31, 2001.

Federal jurisdiction over cases removed from State Court should be rejected where the propriety of removal is doubtful. Mason v. IBM, 543 F. Supp. 444 (M.D.N.C. 1982). Here it is clear that removal is improper, accordingly this case should be remanded to State Court. Defendants rely upon McKinney v. Board of Trustees of Maryland Community College, 955 F.2d 955 (4th Cir. 1992), which the Eighth Circuit adopted in Marano Enterprises v. Z-Teca Restaurants, L.P., 254 F.3d 753 (8th Cir. 2001). Specifically, Defendants point out that McKinney "gives individual defendants...thirty days from the time they are served with process or with a complaint to join in an *otherwise valid* removal petition." Id. at 755 (emphasis

original). Defendants ascertain that their removal petition was valid. Plaintiffs disagree.

While Plaintiffs do not dispute the Eighth Circuit's adoption of the <u>McKinney</u> reasoning, attention must be paid specifically to the "otherwise valid" language contained therein. While a later-served defendant is afforded thirty days from the time it is served to either remove or <u>join</u> in an otherwise valid petition, neither <u>Marano</u> or <u>McKinney</u> address the critical distinction between formal <u>joinder</u> and written consent. In filing a Petition for Removal or in joining an otherwise valid Petition for Removal, a party subjects themselves to possible Rule 11 sanctions for an improper removal. A party who merely <u>consents</u> to a removal petition, whether valid or not, filed by another party does not. While the "McKinney rule" is meant to protect the removal rights of later-served defendants, it should not be misconstrued to allow an earlier-served defendant an enlarged amount of time to comply with Rule 1446(b).

In this regard, Plaintiffs maintain that Defendants' removal petition was defective, in that Defendant Dresser failed to exercise due diligence in their efforts to determine whether Defendant Metropolitan Life had in fact been served in order to obtain the necessary consent. Notwithstanding the fact that later-served defendants are allowed an opportunity to remove <u>or</u> <u>join</u> in an otherwise valid removal petition within thirty days from date of service, the majority of courts construe that 28 U.S.C. § 1446 (b) mandates unanimity among all defendants, which includes due diligence on the part of the removing defendant to determine service status and obtain the requisite consent to removal within certain time frames. <u>McKinney</u> certainly does not alleviate the first-served defendant from exercising the requisite due diligence in determining the service status of the remaining co-defendants in order to obtain that defendant's consent.

Plaintiffs are not disputing that Metropolitan Life had standing to effect its own notice of removal or joinder within its own thirty days from service, but rather reiterate that the removing Defendant Dresser's Petition for Removal was defective because it did not have the required <u>consent</u> of <u>all</u> served defendants within its own thirty day time frame as required by Rule 1446(b). The later-served defendant rule is meant to afford protection to later served defendants, and is not meant to provide additional rights or expanded time frames to earlier-served defendants.

Defendant Petitioners assert that as of August 15, 2001, it was their understanding that Defendant Metropolitan Life Insurance Company had not been served. However, Defendant Metropolitan Life Insurance Company was in fact served on August 9, 2001, some six days prior to the Defendant Petitioner's Notice of Removal. While the Defendants allege that they were in continuous contact with local counsel for Metropolitan Life in order to ascertain service status, they do not indicate that the home office of Defendant Metropolitan Life was contacted in order to determine same. Had the Defendants contacted Metropolitan Life's in-house legal counsel, they would have discovered that service was obtained upon Shelia Murphy, Assistant General Counsel for Metropolitan Life, and the agent authorized to accept service on Metropolitan Life's behalf. (See Exhibit "A" attached hereto and incorporated herein by reference.)

As indicated in Plaintiffs' initial motion, a removing defendant must exercise reasonable diligence in determining whether other named defendants were served, and a failure to do so defeats removal. See <u>Pianovski v. Laurel Motors, Inc.</u>, 924 F.Supp. 86 (N.D. Il 1996), and also <u>Davis v. Rollins Leasing Corporation</u>, 1994 WL 285056 (E.D. La).

CASE NO: 4:01CV1299 (CEJ)

Again, even where there were numerous defendants (i.e., 185), courts have held that the high number of defendants did not obviate the need for unanimous consent to removal. Rather, the Court recognized the "reasonable diligence" standard in attempting to ascertain whether co-defendants had been served and thus joined to the lawsuit, to the point where the Court calculated the amount of time it would have taken to contact each defendant or the defendant's counsel. See Faulk v. Owens-Corning, 48 F.Supp.2d 653 (E.D. Texas 1999).

Thus, though the minority view expressed in McKinney "gives individual defendants...thirty days from the time they are served with process or with a complaint to **join** in an *otherwise valid* removal petition" McKinney. at 755 (emphasis original), Plaintiffs respectfully assert that this is not the case before this Court. Defendants' removal petition was defective because they failed to obtain the necessary consent within the appropriate time frame due to a lack of exercise reasonable diligence in determining whether Defendant Metropolitan Life had in fact been served.

**WHEREFORE, Plaintiffs** pray that the Panel enter an Order Vacating the Conditional Transfer Order previously entered to allow sufficient time for the District Court to rule on Plaintiffs' Motion to Remand.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to all counsel of record on this 2nd day of November, 2001.

Respectfully Submitted,

RATINER, REYES & O'SHEA, P.A.

CASE NO: 4:01CV1299 (CEJ)

1101 Brickell Avenue
Suite 1601
Miami, Florida 33131-3104
305-374-8110

By: Daniel F. O'Shea, Esq, #825999

and

RATHMANN & FRANCIS, L.L.C.
1031 Lami
St. Louis, MO  63104
314-773-3456

## SERVICE LIST

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 5 2001

FILED
CLERK'S OFFICE

Richard E. Boyle, Esq.
Gundlach, Lee, Eggman, Boyle & Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL   62223-0560
**Attorneys for Minnesota Mining & Manufacturing Company (3M)**

Reed W. Sugg, Esq.
Sandberg, Phoenix & vonGontard, P.C.
One City Centre, 15th Floor
St. Louis, MO            63101
**Attorneys for Dresser Industries and Worthington Corporation**

Ken Nussbaumer, Esq.
Donovan, Rose, Nester & Joley
8 E. Washington Street
Belleville, IL   62220
**Attorneys for Metropolitan Life Insurance Company**

RECEIVED CLERK'S OFFICE
2001 NOV -5 A 10: 24
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# PANEL SERVICE LIST (Excerpted from CTO-205)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Richard E. Boyle
Gundlach, Lee, Eggman, Boyle
& Roessler
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Anthony L. Martin
Sandberg & Phoenix
One City Centre, 15th Floor
515 N. 6th Street
St. Louis, MO 63101

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Daniel F. O'Shea
Ratiner, Reyes & O'Shea, P.C.
1101 Brickel Avenue
Suite 1601
Miami, FL 33131

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406