JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 19 2001

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Justin Shane Wooley v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-237
*Sylvia Ann Baden, et al. v. BPU Reynolds, Inc., et al.*, S.D. Texas, C.A. No. 2:01-288

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL**

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two Southern District of Mississippi and Southern District of Texas actions to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

[1] Plaintiffs in these actions have argued in essence that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial
(continued...)

IMAGED OCT 24 '01

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel. Plaintiffs in the Southern District of Texas action have suggested that transfer should be denied because the way in which MDL-875 is being administered effectively denies them their constitutional right to a jury trial. We reject this argument. Although the number of Section 1407 remands in this docket is proportionately small, this is only because under Judge Weiner's stewardship the vast majority of transferred actions have been able to be concluded in the transferee district during the course of pretrial proceedings (as of October 9, 2001, nearly 70,000 such actions have been closed in the transferee district). The fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. Accordingly, as of October 9, 2001, over 1,100 actions or claims therein have been returned to their originating transferor districts. The transferee court, when suggesting remand of claims, has differentiated between claims for compensatory damages and claims for punitive damages, choosing to retain jurisdiction over punitive damage claims for continuing pretrial effort. The Panel has deferred to this suggested approach, recognizing that the recommendations of the transferee judge regarding the timing of remand should be given great weight, because that judge, after all, is the one who supervises day-to-day pretrial proceedings. When challenged by MDL-875 parties, the appellate court with authority over Panel transfers and remands in this docket has endorsed the Panel's treatment of remand of punitive damage claims:

> The resources available to persons injured by asbestos are steadily being depleted. The continuing filings of bankruptcy by asbestos defendants disclose that the process is accelerating. It is responsible public policy to give priority to compensatory claims over exemplary punitive damage windfalls; this prudent conservation more than vindicates the Panel's decision to withhold punitive damage claims on remand. It is discouraging that while the Panel and transferee court follow this enlightened practice, some state courts allow punitive damages in asbestos cases. The continued hemorrhaging of available funds deprives current and future victims of rightful compensation.

*In re Collins*, 233 F.3d 809, 812 (3rd Cir. 2000), *cert. denied*, 121 S.Ct. 2216 (2001). Finally, with respect to any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we are confident that Judge Weiner will

---

(...continued)
jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2001

FILED
CLERK'S OFFICE

DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-207)

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 71,576 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

IMAGED NOV 9 '01

# SCHEDULE CTO-207 — TAG ALONG CASES
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

District Div Civil Action #

**DELAWARE**
- DE  1  01-538    Aaron, et al. v. Armstrong World, et al.
- DE  1  01-656    Adams, et al. v. Center for Claims Resolution, et al.

**GEORGIA SOUTHERN**
- GAS  2  01-186    Lightsey v. Garlock, Inc., et al.

**ILLINOIS SOUTHERN**
- ILS  3  01-633    Lockhart v. Burlington Northern & Santa Fe Railway Co.

**KANSAS**
- KS  2  01-2466    Dicicco v. Burlington Northern & Santa Fe Railway Co.
- KS  2  01-2467    Tustin v. Burlington Northern & Santa Fe Railway Co.
- KS  2  01-2468    Hefner v. Burlington Northern & Santa Fe Railway Co.
- KS  2  01-2469    Gleason v. Burlington Northern & Santa Fe Railway Co.
- KS  2  01-2470    Lolley v. Burlington Northern & Santa Fe Railway Co.
- KS  2  01-2471    Michaelson v. Burlington Northern & Santa Fe Railway Co
- KS  2  01-2472    Stadler v. Burlington Northern & Santa Fe Railway Co.

**MISSISSIPPI NORTHERN**
- MSN  4  01-227    Dixon, et al. v. CCR, Inc., et al.

**NEBRASKA**
- NE  4  01-528    Jacobs v. Burlington Northern & Santa Fe Railway Co.
- NE  4  01-530    Kucera v. Burlington Northern & Santa Fe Railway Co.
- NE  4  01-531    Lamphear v. Burlington Northern & Santa Fe Railway Co.
- NE  4  01-534    Neitzel v. Burlington Northern & Santa Fe Railway Co.
- NE  8  01-532    Samson v. Burlington Northern & Santa Fe Railway Co.
- NE  8  01-533    Oxentenko v. Burlington Northern & Santa Fe Railway Co.

**NEW YORK EASTERN**
- NYE  1  01-307    Evans, et al. v. ACandS, Inc., et al.
- NYE  1  01-308    Wyrick v. ACandS, Inc., et al.

**NEW YORK SOUTHERN**
- NYS  1  01-7269    Miller, etc. v. United States Lines, Inc. Reorganization

**SOUTH CAROLINA**
- SC  2  01-3942    Ratcliff, et al. v. Owens-Illinois, Inc., et al.

**TEXAS SOUTHERN**
- TXS  3  01-532    Berg, et al. v. Todd Shipyards Corp.
- TXS  4  01-3341   Folger, et al. v. Phillips Petroleum Co.