```
                    JUDICIAL PANEL ON
                  MULTIDISTRICT LITIGATION

                     NOV 13 2001

                        FILED
                    CLERK'S OFFICE        2001 OCT 12 P 3:18

                                         CLERK, U.S. DISTRICT COURT
                                            DISTRICT OF OREGON
                                              PORTLAND, OREGON
                                         BY_____
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| WILLIAM YORATH, | ) | |
| | ) | |
| Plaintiff, | ) | CV 01-1176-PA |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| A.P. GREEN REFRACTORIES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff William Yorath brought this products liability action in state court against manufacturers and suppliers of asbestos-containing materials. Defendants removed the action.

Plaintiff moves to remand. I grant the motion.

### BACKGROUND

Plaintiff's initial complaint in state court was not removable because plaintiff brought claims against non-diverse defendants. More than a year after plaintiff commenced his action in state court, defendants sought removal, asserting that plaintiff had undisclosed agreements to dismiss the non-diverse

1 - ORDER

diverse defendants before trial.

## STANDARDS

The court should construe the removal statute strictly against removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of showing that removal is proper. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

(Emphasis added.) In construing § 1446(b), Oregon law determines when an action commences. See <u>Coman v. International Playtex, Inc.</u>, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989). Oregon Rules of Civil Procedure provide that "[o]ther than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." Or. R. Civ. P. 3; <u>see</u> <u>Webb v. Underhill</u>, 174 Or. App. 592, 596 & n.5, 27 P.3d 148 (2001). This action commenced when plaintiff initially filed the complaint in state court, not when defendants were first served with the

2 - ORDER

complaint or first received notice of the action.

The Oregon rule on commencement of an action does include an exception for statutes of limitations, but that exception does not apply to § 1446(b)'s one-year limit on removal. Section 1446(b) establishes a deadline for removing an action, not for bringing a claim. See Black's Law Dictionary 1422 (7th ed. 1999) (a statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered")). Defendants' motion for removal is untimely because this case was not removable initially, and defendants filed the motion to remove more than one year after the case had commenced.

Defendants argue that they sought removal as soon as they received information leading them to believe that plaintiff had fraudulently joined non-diverse defendants. Defendants contend that under such facts, courts should create an equitable exception to the one-year rule. See, e.g., Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288-89 (E.D. Va. 1991).

Even assuming, for purposes of this motion only, that plaintiff did fraudulently join non-diverse defendants, I conclude that § 1446(b)'s one-year limit bars removal because the case was not removable when it was commenced. Given the plain meaning of the statute, and the policy of construing the

3 - ORDER

statute against removal, courts should not create an exception to the one-year limit. Cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal court based on diversity of citizenship 'more than 1 year after commencement of the action.'") (quoting § 1446(b)). As one district court noted:

> Obviously, the one year time bar may lend itself to delaying tactics by a plaintiff determined to avoid federal court. Nevertheless, "[t]he statutory language is crystal-clear, and federal judges do not sit as superlegislatures to amend or repeal the work of Congress." Perhats Associates, Inc. v. Fasco Industries, Inc., 843 F. Supp. 424, 426 (N.D. Ill. 1994) (Shadur, J.). As noted by Judge Shadur, Perhats, 843 F. Supp. at 426 (quoting professor David Siegel's commentary on the 1988 revision to the statute), Congress fully recognized the risks built into such an unconditional time limitation, but nonetheless chose to enact the legislation in the current form . . . .

Rubino v. Keller Ladders, Inc., Civ. No. 98-262, 2000 WL 220510, at *1 (N.D. Ill. Feb. 18, 2000).

Defendants cite Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998), for the proposition that "[t]he one-year limitation for the removal under 28 U.S.C. 1446(b) does not apply when the plaintiff fraudulently joins nondiverse defendants." In Ritchey, however, the case was removable at its commencement, and the court held that the statute's one-year limit did not apply to such cases. Here, because this case was not removable when plaintiff commenced it in state court, Ritchey does not apply. Ritchey expressly

4 - ORDER

1  declined to address whether courts should create an equitable
2  exception to the one-year rule.  See Ritchey, 139 F.3d at
3  1317-18.
4  / / /
5  / / /

## CONCLUSION

Plaintiff's motion to remand (#4) is granted.  All other pending motions are denied as moot.

DATED this 12th day of October, 2001.


/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 13 2001

FILED
CLERK'S OFFICE   2001 OCT 12 P 3:18

CLERK, U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON

BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW HAGGERTY, )
)
  Plaintiff, )   CV 01-1177-PA
)
  v. )
) **ORDER**
A.P. GREEN REFRACTORIES, )
et al., )
)
  Defendants. )

Plaintiff Matthew Haggerty brought this products liability action in state court against manufacturers and suppliers of asbestos-containing materials. Defendants removed the action.

Plaintiff moves to remand. I grant the motion.

### BACKGROUND

Plaintiff's initial complaint in state court was not removable because plaintiff brought claims against non-diverse defendants. More than a year after plaintiff commenced his action in state court, defendants sought removal, asserting that plaintiff had undisclosed agreements to dismiss the non-diverse

1 - ORDER

defendants before trial.

## STANDARDS

The court should construe the removal statute strictly against removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of showing that removal is proper. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

(Emphasis added.) In construing § 1446(b), Oregon law determines when an action commences. See <u>Coman v. International Playtex, Inc.</u>, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989). Oregon Rules of Civil Procedure provide that "[o]ther than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." Or. R. Civ. P. 3; see <u>Webb v. Underhill</u>, 174 Or. App. 592, 596 & n.5, 27 P.3d 148 (2001). This action commenced when plaintiff initially filed the complaint in state court, not when defendants were first served with the complaint or first received notice of the action.

2 - ORDER

The Oregon rule on commencement of an action does include an exception for statutes of limitations, but that exception does not apply to § 1446(b)'s one-year limit on removal. Section 1446(b) establishes a deadline for removing an action, not for bringing a claim. See Black's Law Dictionary 1422 (7th ed. 1999) (a statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered")). Defendants' motion for removal is untimely because this case was not removable initially, and defendants filed the motion to remove more than one year after the case had commenced.

Defendants argue that they sought removal as soon as they received information leading them to believe that plaintiff had fraudulently joined non-diverse defendants. Defendants contend that under such facts, courts should create an equitable exception to the one-year rule. See, e.g., Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288-89 (E.D. Va. 1991).

Even assuming, for purposes of this motion only, that plaintiff did fraudulently join non-diverse defendants, I conclude that § 1446(b)'s one-year limit bars removal because the case was not removable when it was commenced. Given the plain meaning of the statute, and the policy of construing the statute against removal, courts should not create an exception to the one-year limit. Cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal

3 - ORDER

court based on diversity of citizenship 'more than 1 year after commencement of the action.'") (quoting § 1446(b)). As one district court noted:

> Obviously, the one year time bar may lend itself to delaying tactics by a plaintiff determined to avoid federal court. Nevertheless, "[t]he statutory language is crystal-clear, and federal judges do not sit as superlegislatures to amend or repeal the work of Congress." Perhats Associates, Inc. v. Fasco Industries, Inc., 843 F. Supp. 424, 426 (N.D. Ill. 1994) (Shadur, J.). As noted by Judge Shadur, Perhats, 843 F. Supp. at 426 (quoting professor David Siegel's commentary on the 1988 revision to the statute), Congress fully recognized the risks built into such an unconditional time limitation, but nonetheless chose to enact the legislation in the current form . . . .

Rubino v. Keller Ladders, Inc., Civ. No. 98-262, 2000 WL 220510, at *1 (N.D. Ill. Feb. 18, 2000).

Defendants cite Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998), for the proposition that "[t]he one-year limitation for the removal under 28 U.S.C. 1446(b) does not apply when the plaintiff fraudulently joins nondiverse defendants." In Ritchey, however, the case was removable at its commencement, and the court held that the statute's one-year limit did not apply to such cases. Here, because this case was not removable when plaintiff commenced it in state court, Ritchey does not apply. Ritchey expressly declined to address whether courts should create an equitable exception to the one-year rule. See Ritchey, 139 F.3d at 1317-18.

/ / /

/ / /

4 - ORDER

## CONCLUSION

Plaintiff's motion to remand (#4) is granted. All other pending motions are denied as moot.

DATED this __17__ day of October, 2001.

_____
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 13 2001

FILED
CLERK'S OFFICE

FILED
2001 OCT 12 P 3:18
CLERK, U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID STEINER, | ) |
| Plaintiff, | ) CV 01-1178-PA |
| v. | ) |
| | ) ORDER |
| A.P. GREEN REFRACTORIES, et al., | ) |
| Defendants. | ) |

Plaintiff David Steiner brought this products liability action in state court against manufacturers and suppliers of asbestos-containing materials. Defendants removed the action.

Plaintiff moves to remand. I grant the motion.

**BACKGROUND**

Plaintiff's initial complaint in state court was not removable because plaintiff brought claims against non-diverse defendants. More than a year after plaintiff commenced his action in state court, defendants sought removal, asserting that plaintiff had undisclosed agreements to dismiss the non-diverse

1 - ORDER

defendants before trial.

## STANDARDS

The court should construe the removal statute strictly against removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of showing that removal is proper. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>.

(Emphasis added.) In construing § 1446(b), Oregon law determines when an action commences. See <u>Coman v. International Playtex, Inc.</u>, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989). Oregon Rules of Civil Procedure provide that "[o]ther than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." Or. R. Civ. P. 3; <u>see Webb v. Underhill</u>, 174 Or. App. 592, 596 & n.5, 27 P.3d 148 (2001). This action commenced when plaintiff initially filed the complaint in state court, not when defendants were first served with the complaint or first received notice of the action.

2 - ORDER

The Oregon rule on commencement of an action does include an exception for statutes of limitations, but that exception does not apply to § 1446(b)'s one-year limit on removal. Section 1446(b) establishes a deadline for removing an action, not for bringing a claim. See Black's Law Dictionary 1422 (7th ed. 1999) (a statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered")). Defendants' motion for removal is untimely because this case was not removable initially, and defendants filed the motion to remove more than one year after the case had commenced.

Defendants argue that they sought removal as soon as they received information leading them to believe that plaintiff had fraudulently joined non-diverse defendants. Defendants contend that under such facts, courts should create an equitable exception to the one-year rule. See, e.g., Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288-89 (E.D. Va. 1991).

Even assuming, for purposes of this motion only, that plaintiff did fraudulently join non-diverse defendants, I conclude that § 1446(b)'s one-year limit bars removal because the case was not removable when it was commenced. Given the plain meaning of the statute, and the policy of construing the statute against removal, courts should not create an exception to the one-year limit. Cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal

3 - ORDER

1 court based on diversity of citizenship 'more than 1 year after
2 commencement of the action.'") (quoting § 1446(b)). As one
3 district court noted:

> Obviously, the one year time bar may lend itself to
> delaying tactics by a plaintiff determined to avoid
> federal court. Nevertheless, "[t]he statutory language
> is crystal-clear, and federal judges do not sit as
> superlegislatures to amend or repeal the work of
> Congress." Perhats Associates, Inc. v. Fasco
> Industries, Inc., 843 F. Supp. 424, 426 (N.D. Ill.
> 1994) (Shadur, J.). As noted by Judge Shadur, Perhats,
> 843 F. Supp. at 426 (quoting professor David Siegel's
> commentary on the 1988 revision to the statute),
> Congress fully recognized the risks built into such an
> unconditional time limitation, but nonetheless chose to
> enact the legislation in the current form . . . .

Rubino v. Keller Ladders, Inc., Civ. No. 98-262, 2000 WL 220510, at *1 (N.D. Ill. Feb. 18, 2000).

Defendants cite Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316-18 (9th Cir. 1998), for the proposition that "[t]he one-year limitation for the removal under 28 U.S.C. 1446(b) does not apply when the plaintiff fraudulently joins nondiverse defendants." In Ritchey, however, the case was removable at its commencement, and the court held that the statute's one-year limit did not apply to such cases. Here, because this case was not removable when plaintiff commenced it in state court, Ritchey does not apply. Ritchey expressly declined to address whether courts should create an equitable exception to the one-year rule. See Ritchey, 139 F.3d at 1317-18.

/ / /
/ / /

4 - ORDER

## CONCLUSION

Plaintiff's motion to remand (#3) is granted. All other pending motions are denied as moot.

DATED this _IV_ day of October, 2001.

*[signature]*
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
NOV 13 2001
FILED
CLERK'S OFFICE

2001 OCT 12 P 3:18
CLERK, U.S. DISTRICT COURT
DISTRICT OF OREGON
PORTLAND, OREGON
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ORVIL KEELING, | ) | |
| | ) | |
| Plaintiff, | ) | CV 01-1179-PA |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| A.P. GREEN REFRACTORIES, et al., | ) ) ) | |
| Defendants. | ) | |

Plaintiff Orvil Keeling brought this products liability action in state court against manufacturers and suppliers of asbestos-containing materials. Defendants removed the action.

Plaintiff moves to remand. I grant the motion.

### BACKGROUND

Plaintiff's initial complaint in state court was not removable because plaintiff brought claims against non-diverse defendants. More than a year after plaintiff commenced his action in state court, defendants sought removal, asserting that plaintiff had undisclosed agreements to dismiss the non-diverse

1 - ORDER

1  defendants before trial.

## STANDARDS

The court should construe the removal statute strictly against removal. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). The defendant has the burden of showing that removal is proper. <u>Duncan v. Stuetzle</u>, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

Under 28 U.S.C. § 1446(b),

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, <u>except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.</u>

(Emphasis added.) In construing § 1446(b), Oregon law determines when an action commences. See <u>Coman v. International Playtex, Inc.</u>, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989). Oregon Rules of Civil Procedure provide that "[o]ther than for purposes of statutes of limitations, an action shall be commenced by filing a complaint with the clerk of the court." Or. R. Civ. P. 3; <u>see</u> <u>Webb v. Underhill</u>, 174 Or. App. 592, 596 & n.5, 27 P.3d 148 (2001). This action commenced when plaintiff initially filed the complaint in state court, not when defendants were first served with the complaint or first received notice of the action.

2 - ORDER

The Oregon rule on commencement of an action does include an exception for statutes of limitations, but that exception does not apply to § 1446(b)'s one-year limit on removal. Section 1446(b) establishes a deadline for removing an action, not for bringing a claim. See Black's Law Dictionary 1422 (7th ed. 1999) (a statute of limitations "establish[es] a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered")). Defendants' motion for removal is untimely because this case was not removable initially, and defendants filed the motion to remove more than one year after the case had commenced.

Defendants argue that they sought removal as soon as they received information leading them to believe that plaintiff had fraudulently joined non-diverse defendants. Defendants contend that under such facts, courts should create an equitable exception to the one-year rule. See, e.g., Sheppard v. Wire Rope Corp., 777 F. Supp. 1285, 1288-89 (E.D. Va. 1991).

Even assuming, for purposes of this motion only, that plaintiff did fraudulently join non-diverse defendants, I conclude that § 1446(b)'s one-year limit bars removal because the case was not removable when it was commenced. Given the plain meaning of the statute, and the policy of construing the statute against removal, courts should not create an exception to the one-year limit. Cf. Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996) ("No case, however, may be removed from state to federal

3 - ORDER

1  court based on diversity of citizenship 'more than 1 year after
2  commencement of the action.'") (quoting § 1446(b)).  As one
3  district court noted:

> Obviously, the one year time bar may lend itself to
> delaying tactics by a plaintiff determined to avoid
> federal court.  Nevertheless, "[t]he statutory language
> is crystal-clear, and federal judges do not sit as
> superlegislatures to amend or repeal the work of
> Congress."  <u>Perhats Associates, Inc. v. Fasco
> Industries, Inc.</u>, 843 F. Supp. 424, 426 (N.D. Ill.
> 1994) (Shadur, J.).  As noted by Judge Shadur, <u>Perhats</u>,
> 843 F. Supp. at 426 (quoting professor David Siegel's
> commentary on the 1988 revision to the statute),
> Congress fully recognized the risks built into such an
> unconditional time limitation, but nonetheless chose to
> enact the legislation in the current form . . . .

11 <u>Rubino v. Keller Ladders, Inc.</u>, Civ. No. 98-262, 2000 WL 220510,
12 at *1 (N.D. Ill. Feb. 18, 2000).

13      Defendants cite <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313,
14 1316-18 (9th Cir. 1998), for the proposition that "[t]he one-year
15 limitation for the removal under 28 U.S.C. 1446(b) does not apply
16 when the plaintiff fraudulently joins nondiverse defendants."  In
17 <u>Ritchey</u>, however, the case was removable at its commencement, and
18 the court held that the statute's one-year limit did not apply to
19 such cases.  Here, because this case was not removable when
20 plaintiff commenced it in state court, <u>Ritchey</u> does not apply.
21 <u>Ritchey</u> expressly declined to address whether courts should
22 create an equitable exception to the one-year rule.  See <u>Ritchey</u>,
23 139 F.3d at 1317-18.
24 / / /
25 / / /
26 4 - ORDER

## CONCLUSION

Plaintiff's motion to remand (#4) is granted. All other pending motions are denied as moot.

DATED this ___ day of October, 2001.

*/s/ Owen M. Panner*
OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER