JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

In re Asbestos Products Liability Litigation (No. VI)      MDL No. 875

Rodney W. Schamerhorn, d/b/a
Schamerhorn Backhoe and Trucking,

    Plaintiffs,

vs.

United States Department of Army,

    Defendant.

LAW 2 01-914

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant United States of America hereby responds to Plaintiff Rodney W. Schamerhorn, d/b/a Schamerhorn Backhoe and Trucking's (hereinafter referred to as "Plaintiffs ") Motion to Vacate Conditional Transfer Order. This Court should retain jurisdiction over this action and reject Plaintiffs' Motion to Vacate the Conditional Transfer Order because: (1) contrary to Plaintiffs' suggestion, the instant explicitly asserts tort claims for personal injuries resulting from alleged exposure to asbestos, see Amended and Restated Complaint ¶¶1, 17, 21-26, 39, and (2) the alleged uniqueness of Plaintiffs' alleged tort claims for personal injuries and presence of other claims for property damage is not grounds for vacating this Court's conditional

OFFICIAL FILE COPY    IMAGED NOV 20 '01

transfer order.

Plaintiffs assert that this Court should vacate its conditional transfer order because this "is an action for breach of contract against the United States." See Motion to Vacate ¶1[1]. Contrary to Plaintiffs' assertion, the instant action as pled by Plaintiffs clearly asserts tort claims for personal injury and property damage arising out of exposure or release of asbestos. See Amended and Restated Complaint ¶¶1, 17, 21-26, 39. Moreover, this is further shown by the

---

[1] Plaintiffs incorrectly state that tort damages caused by the Government must be litigated by the Court of Federal Claims when those damages are greater than $10,000. Plaintiffs' Brief in Support of Motion To Vacate Conditional Transfer Order at 7-9. In enacting the FTCA, Congress vested federal district courts with exclusive jurisdiction over all tort claims for personal injury or property damage arising from alleged negligent or wrongful acts or omissions, see 28 U.S.C. § 1346(b)(1), and the Court of Federal Claims with exclusive jurisdiction over "express or implied contract(s) with the United States . . . in cases <u>not sounding in tort</u>" and in excess of $10,000. See 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . in cases not sounding in tort"); 28 U.S.C. § 1346(a)(2) (the district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims of . . . civil action or claim against the United States, not exceeding $10,000 in amount founded . . . upon any express or implied contract . . . in cases not sounding in tort"). Contrary to Plaintiffs assertion, the United States District Court, not the Court of Federal Claims, has exclusive jurisdiction over Plaintiffs' FTCA claims for personal injury and property damage caused by alleged exposure to asbestos. The Court of Federal Claims only has exclusive jurisdiction over contract claims in excess of $10,000 that do not sound in tort. Accordingly, the United States District Court, not the Court of Federal Claims, has exclusive jurisdiction over Plaintiffs' FTCA claims for personal injury and property damage arising from alleged negligent or wrongful acts causing alleged exposure or release of asbestos. See Amended and Restated Complaint ¶¶1, 17, 21-26, 39.

Plaintiffs also erroneously state that "the Government has taken the position in its response to Schamerhorn's Complaint that the district court is without jurisdiction to hear these claims, and that they belong in the Federal Court of Claims." See Plaintiffs' Brief in Support of Motion To Vacate Conditional Transfer Order at 2. It is the United States' position, for the reasons stated in the previous paragraph, that the United States District Courts have exclusive jurisdiction over Plaintiffs' FTCA claims for personal injury and property damage arising out of alleged exposure or release of asbestos, and that because Plaintiffs seek in excess of $10,000 in damages for alleged breach of contract, the District Court lacks subject matter jurisdiction over their claims for alleged breach of contract.

fact that Plaintiffs have invoked and seek to recover damages for personal injury caused by exposure to asbestos from the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), 2671-80. See Amended and Restated Complaint ¶¶1, 17, 21-26, 39. The FTCA, pursuant to which Plaintiffs seeks to recover damages for personal injuries caused by exposure to asbestos, provides in pertinent part that:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Although Plaintiffs have also pled claims for breach of contract, through the instant action filed in Federal District Court they have brought claims against the United States under the Federal Tort Claims Act and seek to recover damages for personal injuries arising from alleged tortious exposure to asbestos. See Amended and Restated Complaint ¶¶1, 17, 21-26, 39. Accordingly, because this suit involves tort claims for personal injury arising from alleged exposure to asbestos, this Court must reject Plaintiffs' motion to vacate the conditional transfer order.

Second, the Court must reject Plaintiffs' argument that the conditional transfer motion should be vacated because claims against the United States for personal injury resulting from exposure to asbestos are unique and Plaintiffs through this lawsuit also seek to recover damages for claims not sounding in tort. See Plaintiffs' Brief in Support of Motion To Vacate Conditional Transfer Order at 3. The United States acknowledges that Plaintiffs through this action also seeks to recover damages for breach of contract and "response costs' under the Comprehensive

3

Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601, et. seq. See Amended and Restated Complaint at ¶¶3-16, 33-36, 39. However, this Court in In re Asbestos Products Liability Litigation (No. VI), 775 F. Supp. 415, 420-21 (J.P.M.L. 1991), and In Re: MDL-875 – In re Asbestos Products Liability Litigation (No. VI) (J.P.M.L., February 7, 1992) (Attachment 1), considered and expressly rejected this argument as a basis for vacating a condition transfer order. At issue in In Re: MDL-875 – In re Asbestos Products Liability Litigation (No. VI) (J.P.M.L., February 7, 1992) (Attachment 1), was whether this Court, as in the instant action, should vacate a conditional transfer order because of the uniqueness of a party, and the fact that the complaints alleged, in addition to claims for personal injury, claims for property damage. Id. at 2. Rejecting that argument, this Court explained that "in the Panel's original decision distinctions based on such matters as the uniqueness of a party's status, the pendency of motions before the transferor court, the docket conditions of any specific federal district, the presence of additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket." Id. at 2 (emphasis added). Plaintiffs arguments in the instant case are identical to those previously raised and rejected by this Panel.

Accordingly because Plaintiffs have failed set forth any acceptable reasons in support of their motion to vacate the conditional transfer order the Court should reject that motion and finalize the transfer of this action to the Multi-District Litigation Panel.

Respectfully submitted,

DATED: November 14, 2001.

| | |
|---|---|
| WILLIAM J. FLANNAGAN<br>United States Attorney | ROBERT MCCALLUM, JR.<br>Assistant Attorney General<br>Civil Division |
| JANICE HEBERT<br>Assistant United States Attorney | J. PATRICK GLYNN<br>Director |
| JOHN C. CRUDEN<br>Acting Assistant Attorney General<br>Environment & Natural Resources Div. | JOANN J. BORDEAUX<br>Deputy Director |
| GERTRUDE M. KELLY<br>Trial Attorney<br>Environmental Defense Section<br>Environment and Natural Resources Div.<br>U.S. Department of Justice<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>(202) 514-2983 | HENRY T. MILLER<br>Trial Attorney<br>Torts Branch, Civil Division<br>U.S. Department of Justice<br>P.O. Box 340<br>Ben Franklin Station<br>Washington, D.C. 20044<br>(202) 616-4223 |

Of Counsel

Major Gregory Woods, Esq.
U.S. Army Legal Services Activity
Suite 713
901 N. Stewart Street
Arlington, VA 22203
(703) 696-1563

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2001

FILED
CLERK'S OFFICE

# Attachment No. 1

# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**AIRMAN:**
John F. Nangle
United States District Court
Eastern District of Missouri

**MEMBERS:**
Judge S. Hugh Dillin
United States District Court
Southern District of Indiana

Judge Milton Pollack
United States District Court
Southern District of New York

Judge Louis H. Pollak
United States District Court
Eastern District of Pennsylvania

Judge Halbert O. Woodward
United States District Court
Northern District of Texas

Judge Robert R. Merhige, Jr.
United States District Court
Eastern District of Virginia

Judge William B. Enright
United States District Court
Southern District of California

**DIRECT REPLY TO:**
Patricia D. Howard
Clerk of the Panel
1120 Vermont Ave., N.W.
Suite 1002
Washington, D.C. 20005-3545

Telephone: [202] 653-6090
FTS: 653-6090

February 7, 1992

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(SEE ATTACHED TRANSFER ORDER)

TO INVOLVED COUNSEL

For your information, I am enclosing a copy of an order filed

today by the Judicial Panel on Multidistrict Litigation involving

the above-captioned matter.

Very truly,

Patricia D. Howard
Clerk of the Panel

By _____
Deputy Clerk

Enclosure

JPML Form 34b

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Bradley Kane, et al. v. United States of America, et al.*, Eastern District of Arkansas, C.A. No. 91-355

*Arnold Hubbs, et al. v. United States of America*, Eastern District of California, C.A. No. CIVS-91-9321

*Calvin A. Gore v. Grumman Aerospace Corp., et al.*, Middle District of Florida, C.A. No. 91-376

*Daws E. Black, et al. v. The Boeing Co., et al.*, Middle District of Florida, C.A. No. 91-380

*Robert J. Johnson, et al. v. Raymark Industries, et al.*, Eastern District of Wisconsin, C.A. No. 88-0009

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN,* MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

TRANSFER ORDER

Presently before the Panel are motions, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by parties to the above-captioned actions to vacate that portion of the Panel's order entered on October 17, 1991 conditionally transferring the five actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the hearing held and/or the papers filed,[1] the Panel finds that these five actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these five actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for

---

*Judge Dillin recused himself and took no part in the decision of this matter insofar as it pertains to the Wisconsin action. Judge Woodward also took no part in the decision of this matter.

[1] Parties to the two Florida actions presented oral argument in this matter at the Panel's hearing on January 31, 1992. The parties in the remaining three actions waived oral argument and, accordingly, the question of transfer of these three actions under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the uniqueness of a party's status, the pendency of motions before the transferor court, the docket condition of any specific federal district, the presence of additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We find no reason to depart from this approach in dealing with the question of transfer of the five actions now before the Panel.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the five above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing Defendant United States of America's Response To Plaintiffs Motion to Vacate Conditional Transfer Order has been served via United States Mail, postage pre-paid, on Plaintiffs' counsel James B. Doyle, and properly addressed as indicated on the attached Panel Service List.

Washington, D.C., this 14th day of November, 2001.

HENRY T. MILLER

6

PANEL SERVICE LIST (Excerpted from CTO-204)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

James B. Doyle
Woodley, Williams, et al.
500 Kirby Street
P.O. Box 3731
Lake Charles, LA 70601

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Janice E. Hebert
U.S. Department of Justice
800 Lafayette Street
Suite 2200
Lafayette, LA 70501

Gertrude M. Kelly
Environmental Defense Section
P.O. Box 23986
Washington, DC 20026

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
 & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406