MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 27 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| CAM L. ATKINS, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) No. 2:01-781 (S.D. W. Va.) |
| A.P. GREEN SERVICES, INC., ET AL., | ) |
| Defendants. | ) |
| CLYDE BOWMAN, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) No. 01-CV-0318 (D. Del.) |
| GAF CORPORATION, ET AL., | ) |
| Defendants. | ) |
| JOHN TODD, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) No. 01-CV-0234 (D. Del.) |
| ACandS, INC., ET AL., | ) |
| Defendants. | ) |

**OPPOSITION OF DEFENDANTS C.E. THURSTON & SONS, INC.,
CERTAINTEED CORPORATION, DANA CORPORATION, I.U.
NORTH AMERICA, INC., MAREMONT CORPORATION, NATIONAL
SERVICE INDUSTRIES, INC., NOSROC CORPORATION,
PFIZER CORPORATION, AND QUIGLEY COMPANY, INC.
<u>TO PLAINTIFFS' MOTIONS TO VACATE CTO-205</u>**

OFFICIAL FILE COPY    IMAGED NOV 28 '01

## INTRODUCTION

The above-named defendants respectfully submit this Opposition to plaintiffs' motions to vacate Conditional Transfer Order ("CTO") 205. The plaintiffs in Atkins ask the Panel to vacate CTO-205 as it pertains to the action conditionally transferred from the United States District Court for the Southern District of West Virginia that is listed above. The plaintiffs in Todd and Bowman ask the Panel to vacate CTO-205 as it pertains to the actions conditionally transferred from the United States District Court for the District of Delaware that are listed above.

Defendants oppose plaintiffs' motions.[1] In these actions, plaintiffs seek to recover unpaid portions of settlement agreements negotiated between plaintiffs' counsel (as agent for plaintiffs) and the Center For Claims Resolution, Inc. (as agent for its member companies named as defendants in plaintiffs' asbestos personal injury cases). Atkins Mem. at 1; Todd/Bowman Br. at 3. The Panel recently held that such actions concerning "whether asbestos personal injury settlement agreements negotiated by CCR create joint or separate liability for defendant companies that are CCR members" in fact "present the same key issue which is now also present in actions in the transferee district," and ordered several essentially identical cases transferred to Judge Weiner. In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2.

Despite this on-point precedent to the contrary, plaintiffs nonetheless argue that transfer should be denied because plaintiffs have filed motions to remand the cases to state court, Atkins Mem. at 7, and because these actions supposedly will not benefit from coordinated or

---

[1] Defendant Quigley Company, Inc. is a defendant in Atkins, Todd, and Bowman. The remainder of the above-named defendants are only parties in Atkins.

consolidated treatment in MDL-875. Id. at 7-10; Todd/Bowman Br. at 4-6.

As we show below, those arguments are refuted by Panel precedent. First, the Panel has repeatedly held that the pendency of a remand motion is not a reason to deny transfer. Second, as just noted, the Panel recently transferred three similar settlement enforcement actions to MDL-875, thereby conclusively establishing that such pretrial consolidation is appropriate for these cases as well. For these reasons, plaintiffs' motions should be denied.

## ARGUMENT

1. **The Pendency of a Motion To Remand in <u>Atkins</u> is Not a Reason to Deny Transfer.**

The plaintiffs in Atkins argue that transfer should be denied because "there are no grounds for federal jurisdiction" herein and they have moved the transferor court to remand this case to state court. Atkins Mot. at 1.

Although defendants vigorously deny that federal jurisdiction is lacking, the pending remand motion is irrelevant to the transfer of this action to MDL-875. The Panel has repeatedly held that the pendency of a motion to remand before the transferor court is not a reason to deny transfer. See In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1 n.1 (citing In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991)).[2] Indeed, even plaintiffs acknowledge this rule. See Atkins Mem. at 7.

Moreover, plaintiffs' argument is premised on a fundamental misunderstanding of the co-equal competence of federal courts. The transferee court, the United States District Court for the

---

[2] See also In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1 n.1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. June 1, 2001) (transfer order), at 1 n.2.

Eastern District of Pennsylvania, is fully competent to determine whether federal court jurisdiction exists herein. Indeed, as the MDL-875 transferee judge, Judge Weiner is particularly well-placed to address the jurisdictional argument, which turns on the potential effects of these settlement-related and ancillary proceedings on various asbestos defendant companies.

2. **These Cases Will Benefit From Coordinated or Consolidated Pretrial Proceedings Before the Transferee Court.**

Plaintiffs also argue that these cases will not benefit from coordinated or consolidated proceedings because the actions supposedly present issues unique to these cases. Atkins Mem. at 7-8; Todd/Bowman Br. at 4-6.[3/] The plaintiffs in Atkins also argue that Atkins will not benefit from coordinated or consolidated proceedings in MDL-875 because the case will require only "limited discovery" and will "be resolved more quickly with the availability of local courts." Atkins Mem. at 9. The plaintiffs in Todd and Bowman add that the actions should not be transferred because MDL-875 should be limited to "the liability portions of personal injury or wrongful death asbestos cases." Todd/Bowman Br. at 4.[4/]

These arguments are refuted by the Panel's precedent concerning MDL-875 in general and settlement-related cases in particular. As to the former, the Panel has time and again held

---

[3/] The plaintiffs in Atkins also argue (at 7-8) that "the present action is the only action pending in West Virginia" and is therefore the only case that presents similar issues under West Virginia law. This argument is not only irrelevant, but it is incorrect as a factual matter. CTO-205 conditionally transferred to MDL-875 two similar settlement enforcement actions brought under West Virginia law. See Jones v. Armstrong World Industries, Inc., No. 01-CV-0166 (JJF) (D. Del.); Ruggles v. Armstrong World Industries, Inc., No. 01-CV-0167 (JJF) (D. Del.).

[4/] The plaintiffs in Todd and Bowman also argue (at 6-7) that those actions should not be transferred because they were previously transferred to the District of Delaware. This argument ignores that transfer under 28 U.S.C. § 1407 is for pretrial purposes only. See In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1-2.

that "with respect to any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1-2.

Moreover, plaintiffs' argument that their settlement-related claims do not belong within MDL-875 has previously been considered and rejected by the Panel. On August 14, 2001, the Panel transferred to Judge Weiner three cases that involved the precise question at issue here: "whether asbestos personal injury settlement agreements negotiated by CCR create joint or separate liability for defendant companies that are CCR members." In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2. In that Transfer Order, the Panel made clear that settlement enforcement actions such as these fall within the scope of the Panel's 1991 decision creating MDL-875. Id. at 1. The Panel also noted that the transfer of such actions to MDL-875 will (1) "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation" (id. at 1); (2) "prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise" (id. at 2); and (3) "enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing" (id.). Plaintiffs' assertions to the contrary should therefore be rejected.[5]

---

[5]   The Atkins plaintiffs assert that transfer is improper because the case will require only "limited discovery." Atkins Mem. at 9. That argument, however, ignores Judge Weiner's

(continued...)

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-205 with respect to these cases.

## CONCLUSION

Plaintiffs' motions to vacate CTO-205 should be denied.

Respectfully submitted,

Ronald B. Rubin
Rubin & Rubin, Chtd.
One Church Street, Suite 301
Rockville, MD 20850
(301) 610-9700

Richard M. Wyner
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000

J. Tyler Dinsmore
Flaherty Sensabaugh & Bonasso
P.O. Box 3843
Charleston, WV 25338-3843
(304) 345-0200

Counsel for Defendants Pfizer Corporation and Quigley Company, Inc.

Counsel for Defendants C.E. Thurston & Sons, Inc., CertainTeed Corporation, Dana Corporation, I.U. North America, Inc., Maremont Corporation, National Service Industries, Inc., and Nosroc Corporation

November 26, 2001

---

5/ (...continued)
authority to suggest that the case be expeditiously remanded to the transferor court when pretrial proceedings – no matter how expansive – are complete. See In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 2 ("whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay").

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 27 2001

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that, on this 26th day of November, 2001, I caused an original, eleven (11) copies, and a computer readable disk copy of the foregoing Opposition of defendants C.E. Thurston & Sons, Inc., CertainTeed Corporation, Dana Corporation, I.U. North America, Inc., Maremont Corporation, National Service Industries, Inc., Nosroc Corporation, Pfizer Corporation, and Quigley Company, Inc. to plaintiffs' Motions To Vacate CTO-205 to be served by hand on the Clerk of the Panel:

>   Michael J. Beck
>   Clerk of the Panel
>   Judicial Panel on Multidistrict Litigation
>   Thurgood Marshall Federal Judiciary Building
>   One Columbus Circle, N.E.
>   Room G-225, North Lobby
>   Washington, D.C. 20002-8004

I further certify that, on this 26th day of November, 2001, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on counsel on the attached service list.

I finally certify that, on this 26th day of November, 2001, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

>   Michael E. Kunz
>   Clerk of the Court
>   United States District Court for the
>   Eastern District of Pennsylvania
>   601 Market Street
>   Philadelphia, PA 19106-1797

_____
Adam M. Chud

## SERVICE LIST

| | | |
|---|---|---|
| Charles R. Bailey<br>Bailey & Wyant, PLLC<br>P.O. Box 3710<br>Charleston, WV 25337 | Susan M. Hanson<br>Stich, Angell, Kreidler & Muth, P.A.<br>The Crossings, Suite 120<br>250 2nd Avenue South<br>Minneapolis, MN 55401 | Neil Selman<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 |
| Richard C. Binzley<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308 | John H. Skaggs<br>Law Offices of Stuart Calwell, PLLC<br>405 Capitol Street, Suite 607<br>P.O. Box 113<br>Charleston, WV 25321 |
| Thomas E. Buck<br>Bailey & Wyant, PLLC<br>1233 Main Street<br>Suite 3002<br>Wheeling, WV 26003 | David C. Landin<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Robert N. Spinelli<br>Kelley, Jasons, McGuire & Spinelli<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 |
| Edward J. Cass<br>Gallagher, Sharp, Fulton & Norman<br>Bulkley Building, 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 | Gene Locks<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 | Robert E. Swickle<br>Jaques Admiralty Law Firm, P.C.<br>1370 Penobscot Building<br>Detroit, MI 48226 |
| Ronald L. Motley<br>Ness, Motley, Loadholt,<br>Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 | Andrew J. Trevelise<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | David A. Damico<br>Burns, White & Hickton<br>2400 Fifth Avenue Place<br>120 Fifth Avenue<br>Pittsburgh, PA 15222 |
| John J. Repcheck<br>Marks, O'Neill<br>3200 Gulf Tower<br>707 Grant Tower<br>Pittsburgh, PA 15219 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | J. Tyler Dinsmore<br>Flaherty, Sensabaugh & Bonasso<br>P.O. Box 3843<br>Charleston, WV 25338 |
| John D. Roven<br>John Roven & Associates<br>2190 North Loop West, Ste 410<br>Houston, TX 77018 | Raymond P. Forceno<br>Forceno & Hannon<br>Philadelphia Bourse Building<br>Suite 1000<br>Independence Mall East<br>Philadelphia, PA 19106 | Ronald B. Rubin<br>Rubin & Rubin<br>One Church Street, Suite 301<br>Rockville, MD 20850 |

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Beth A. Valocchi
Valocchi & Sasso, P.A.
1200 Pennsylvania Avenue
Suite 303
Wilmington, DE 19806

Edward J. Lilly
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street, 22nd Fl
Baltimore, MD 21201