JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 0 2001

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIAB. LITIG.
(NO. VI)                                        **MDL 875 (Hon. Charles Weiner)**

This document relates to:

**JIMMIE DIXON, ET AL,**

                                        **No. 4:01-CV-277-M-B (N.D. Miss.)**

                    **Plaintiffs**

        vs.

**THE CENTER FOR CLAIMS RESOLUTION,
INC., ET AL,**

                    **Defendants**

## MOTION OF PLAINTIFFS TO VACATE
## THE CONDITIONAL TRANSFER ORDER

Pursuant to Rule 7.4(d), the ten (10)Plaintiffs, Jimmie Dixon, et al[1], (hereinafter

"***Dixon***") move the Panel to vacate the Conditional Transfer Order transferring the instant case

from the United States District Court for the Northern District of Mississippi, to the United

States District Court for the Eastern District of Pennsylvania for coordinated or consolidated

pre-trial proceedings as part of MDL 875.  The grounds for this Motion is as follows:

1.

The ***Dixon*** case is a companion case to the case of ***William Young, et al v. CCR,***

***Inc., Samuel J. Heyman, et al,*** Civil Action No. CI20-0164, which was likewise originally filed

---

[1] Specifically, Plaintiffs are: Jimmie Dixon, an adult resident citizen of Washington County, Mississippi; Bernice Dolley, an adult resident citizen of Washington County, Mississippi; Anthony Dumas, an adult resident citizen of Washington County, Mississippi; P.B. Griffin, III, an adult resident citizen of Washington County, Mississippi; Norman Hall, an adult resident citizen of Washington County, Mississippi; Garland Hargrove, an adult resident citizen of Washington County, Mississippi; Helen Harris, as personal representative of the Estate of Jessie Harris, Sr., who is an adult resident citizen of Louisiana; John Huggins, an adult resident citizen of Washington County, Mississippi; Vivien Freeman, as personal representative of the Estate of Jessie Mason, who is an adult resident citizen of Illinois; and Jimmy McGee, an adult resident citizen of Washington County, Mississippi.

**OFFICIAL FILE COPY**
**IMAGED DEC 13 '01**

in the Circuit Court of Washington County, Mississippi and removed to the United States District Court for the Northern District of Mississippi. The ten (10) *Dixon* Plaintiffs are merely stragglers to the *Young* case which was remanded on July 12, 2001 to the Circuit Court of Washington County, Mississippi. As noted above the *Dixon* Plaintiffs are stragglers and should have been included in the case of *William Young, et al v. CCR, Inc., Samuel J. Heyman, et al.* The reason the *Dixon* Plaintiffs were not included in the *Young* case is due to the fact that the medical releases were not turned around in enough time to include the *Dixon* Plaintiffs with the *Young* Plaintiffs.

2.

The case pending before this Panel was originally filed in the Circuit Court of Washington County, Mississippi, and was improperly removed by the Defendants to the United States District Court for the Northern District of Mississippi wherein they claimed fraudulent joinder and complete diversity of citizenship between all parties.

3.

It was further improperly removed due to the fact that each individual claim of the ten (10) Plaintiffs did not meet the jurisdictional limit of federal courts. This removal is the subject matter of Plaintiffs' Motion For Abstention and Motion to Remand since one of the Defendants is a Mississippi law firm which destroys complete diversity of citizenship and due to the fact that the individual claims of the Plaintiffs are each less than the jurisdictional limit of the Court.

4.

The Motion for Abstention and the Motion to Remand have been fully briefed, and Plaintiffs have asked the Northern District of Mississippi to resolve the motions expeditiously.

5.

The **Dixon** case is not an asbestos personal injury case. The original asbestos products liability action, which was related to the deaths and injuries caused by asbestosis, was filed in 1997 in the Circuit Court of Washington County, Mississippi. The **Dixon** case involves a breach of contract, bad faith, and fraud, conspiracy and a variety of other torts in connection with a September, 1999 settlement agreement entered into by counsel for over 700 asbestos Plaintiffs and CCR. The terms of the settlement agreement are purportedly confidential. However, the agreement explicitly excepts from the confidentiality provision "action to enforce the terms and conditions of the agreement itself".

6.

On August 8, 2000, CCR tendered to Plaintiffs partial payments which did not include the GAF contribution to the settlement which GAF and the other CCR members had internally agreed would be payable by GAF. The total shortfall in the amount which Defendants tendered to those ten (10) Plaintiffs is $13,088.20.

7.

In addition to the CCR, **Dixon** named as Defendants, sixteen (16) of its nineteen (19) member companies as well as A.P. Green, Inc., Wells, Moore, Simmons & Hubbard, PLLC, and Samuel Heyman. The **Dixon** Plaintiffs allege that CCR and the other Defendants are liable, based upon various theories, for a shortfall in the CCR settlement payments to Plaintiffs' counsel, and therefore, in reality, do not relate to the scope of the original multidistrict litigation.

8.

Additionally, not all of the Defendants in this action, specifically the Mississippi law firm (Wells, Moore, Simmons & Hubbard, PLLC), A.P. Green, Inc., and Samuel J. Heyman, are asbestos companies and therefore, it is submitted that this Panel lacks jurisdiction over these Defendants under the original asbestos litigation.

9.

There are not common facts related to any other alleged tag-along case. Each of these cases is unique in that it involves CCR members who have refused in certain instances to pay their share of the negotiated settlement.

10.

There are allegations of fraud and fraudulent inducement in each case which is unique and specific to that case. Of paramount importance to each of these causes of action, but which are unique to each of them, is the date or dates on which certain settlement agreements were entered into with CCR and its members; dates upon which correspondence was received from CCR and its members; and the content of the communication received from CCR and its members. Due to the differences in each of these cases, very little benefit would be achieved through multidistrict litigation due to the fact that any discovery taken in these cases would essentially be useless in other cases.

11.

Eight (8) of the ten (10) Plaintiffs are Mississippi residents. All of the events giving rise to this lawsuit occurred in Mississippi. The majority of witnesses who will be called at trial also

-4-

reside in Mississippi. Transfer of this case to MDL is not in the interest of justice, nor is it for the convenience of the parties.

12.

Having this case involved in the multidistrict litigation would only act to further an injustice already committed by these Defendants and would further delay compensating the victims, some of which have already died since the original settlement agreement was reached.

13.

Furthermore, the total amount of the money which the Defendants failed to pay these Plaintiffs is $13,088.20, excluding punitive and extra contractual damages. Under the circumstances, it would not be economically feasible for Plaintiffs' counsel, or their clients, to be involved in multidistrict litigation in Pennsylvania under these set of circumstances.

14.

In the interest of judicial economy and also to prevent any potential conflict in rulings on the identical issues, this Panel should grant Plaintiffs' Motion to Vacate the Conditional Transfer Order.

15.

If this case is remanded, as was done in the *Young* case from the United States District Court for the Northern District of Mississippi to the Circuit Court of Washington County, Mississippi, Plaintiffs intend to file a Motion for Consolidation in the Circuit Court of Washington County, Mississippi.

16.

The procedure advocated by the Plaintiffs would result in judicial economy both in the Multidistrict Litigation Panel, the District Court, as well as in the Circuit Court of Washington County, Mississippi.

17.

Otherwise, in the event of a contrary ruling, it would require that all parties proceed in two different courts on identical issues arising from the same set of facts.

18.

As the *Dixon* Plaintiffs are companion Plaintiffs to the *Young* Plaintiffs, inclusion of their action in MDL 875 is unnecessary and inadvisable.

19.

*Dixon* does not present garden-variety asbestos personal injury claims. Just because a case involves traditional asbestos defendants does not necessarily mean that transfer of the case to MDL 875 is always appropriate. The *Dixon* case will not be resolved more efficiently in the MDL forum.

**WHEREFORE**, and for the reasons more fully stated in the accompanying Memorandum, Plaintiffs, Jimmie Dixon, et al, respectfully move the Panel to grant their Motion to Vacate the Conditional Transfer Order.

Respectfully submitted this the ___7th___ day of December, 2001.

JIMMIE DIXON, ET AL

BY: _____

**FRANK J. DANTONE, MSB #5792**

-6-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 10 2001

FILED
CLERK'S OFFICE

**OF COUNSEL**

**HENDERSON DANTONE, P.A.**
241 Main Street
P.O. Box 778
Greenville, MS 38702-0778
Telephone: 662/378-3400
Facsimile: 662/378-3413

**MERKEL & COCKE**
Walter Stephens Cox, Esquire
30 Delta Avenue
P.O. Box 1388
Clarksdale, MS 38614-1388
Telephone:   662-627-9641
Facsimile:   662-627-3592

**PERKINS LAW OFFICE**
Stanley Simmons Perkins, Esquire
608-A Fairview
P.O. Box 291
Greenville, MS 38701
Telephone:   662-335-2667
Facsimile:   662-335-1662

**LEWIS and LEWIS**
Michael T. Lewis, Esquire
Lewis & Lewis
Post Office Drawer 1600
Clarksdale, MS 38614-1600
Telephone:   662-627-4477
Facsimile:   662-627-2267

## CERTIFICATE OF SERVICE

I, Frank J. Dantone, Jr., one of the Attorneys for Plaintiffs, do hereby certify that

I have, this date, mailed, via United States Mail, postage pre-paid, a true and correct

copy of the foregoing document to the following:

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esquire
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico, Esquire
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno, Esquire
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman, Esquire
Goldfien & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Benjamin E. Griffith, Esquire
Griffith & Griffith
123 South Court Street
Post Office 1680
Cleveland, MS 38732

Susan M. Hanson, Esquire
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street
Suite 300 Akron, OH 44308

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esquire
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465

John D. Roven, Esquire
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymor & Pease, LLP
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216

-8-

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Walter G. Watkins, Jr., Esquire
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Honorable Michael P. Mills
United States District Court Judge
911 Jackson Avenue, Suite 335
Oxford, MS 38655

This the _____7th_____ day of December, 2001.

FRANK J. DANTONE, JR., MSB #5792

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 10 2001

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS LIAB. LITIG.
(NO. VI)                                                   **MDL 875 (Hon. Charles Weiner)**

**This document relates to:**

**JIMMIE DIXON, ET AL,**

                                                          **No. 4:01-CV-277-M-B (N.D. Miss.)**

                                   **Plaintiffs**

            **vs.**

**THE CENTER FOR CLAIMS RESOLUTION,
INC., ET AL,**

                            **Defendants**

### JIMMIE DIXON, ET AL'S MEMORANDUM OF LAW
### IN SUPPORT OF THEIR MOTION TO VACATE
### <u>THE CONDITIONAL TRANSFER ORDER</u>

Plaintiffs, Jimmie Dixon, et al, (hereinafter "***Dixon***")[1], submit this memorandum of law

in support of their motion to vacate the conditional transfer order with MDL 875.

### <u>PRELIMINARY STATEMENT</u>

The ***Dixon*** case is a companion case to the case of ***William Young, et al v.***

***CCR, Inc., Samuel J. Heyman, et al,*** Civil Action No. CI20-0164, which was likewise

originally filed in the Circuit Court of Washington County, Mississippi and removed to the

---

[1] Specifically, Plaintiffs are: Jimmie Dixon, an adult resident citizen of Washington County, Mississippi; Bernice Dolley, an adult resident citizen of Washington County, Mississippi; Anthony Dumas, an adult resident citizen of Washington County, Mississippi; P.B. Griffin, III, an adult resident citizen of Washington County, Mississippi; Norman Hall, an adult resident citizen of Washington County, Mississippi; Garland Hargrove, an adult resident citizen of Washington County, Mississippi; Helen Harris, as personal representative of the Estate of Jessie Harris, Sr., who is an adult resident citizen of Louisiana; John Huggins, an adult resident citizen of Washington county, Mississippi; Vivien Freeman, as personal representative of the Estate of Jessie Mason, who is an adult resident citizen of Illinois; and Jimmy McGee, an adult resident citizen of Washington County, Mississippi.

United States District Court for the Northern District of Mississippi. The ten (10) **Dixon** Plaintiffs are merely stragglers to the **Young** case which was remanded on July 12, 2001 to the Circuit Court of Washington County, Mississippi. As noted above the **Dixon** Plaintiffs are stragglers and should have been included in the case of **William Young, et al v. CCR, Inc., Samuel J. Heyman, et al.** The reason the **Dixon** Plaintiffs were not included in the **Young** case is due to the fact that the medical releases were not turned around in enough time to include the **Dixon** Plaintiffs with the **Young** Plaintiffs.

The case pending before this panel was originally filed in the Circuit Court of Washington County, Mississippi and was improperly removed by the Defendants to the United States District Court for the Northern District of Mississippi wherein they claimed fraudulent joinder and complete diversity of citizenship between all parties. It was further improperly removed due to the fact that each individual claim of the Plaintiffs did not meet the jurisdictional limit of federal courts. This removal is the subject matter of a Motion for Abstention and a Motion to Remand since one of the Defendants is a Mississippi law firm which destroys complete diversity of citizenship and due to the fact that the individual claims of the Plaintiffs are each less than the jurisdictional limit of the Court.

As noted above, not all of the Defendants in this action, specifically the Mississippi law firm, Wells, Moore, Simmons & Hubbard, PLLC, A.P. Green, Inc., and Samuel J. Heyman, are asbestos companies and therefore, this Panel lacks jurisdiction over those Defendants under the original asbestos litigation. An examination of the **Dixon** case demonstrates that transfer is not legally justified under the transfer statute, and does not comport with common sense. The Judicial Panel on Multidistrict Litigation ( hereinafter "MDL") is an extraordinary

-2-

docket. The MDL has been instrumental in correlating pre-trial management and disposition of an abundant number of asbestos personal injury claims and related indemnity and contribution claims. However, the docket is not limitless. The transfer of a case to MDL 875 is not always appropriate. The *Dixon* case will not be resolved more efficiently in this forum. Hence, the Motion to Vacate the Conditional Transfer Order should be granted.

The *Dixon* case, currently before the Panel, is not an asbestos personal injury case. The original *Dixon* asbestos products liability action was filed in the Circuit Court of Washington County, Mississippi in 1997. The original asbestos products liability action was related to the deaths and injuries caused by asbestosis, whereas the case presently before the Panel involves a breach of contract, bad faith and fraud, and therefore, in reality, does not relate to the scope of the original multidistrict litigation. Pursuant to the CCR settlement agreement and in reliance on Defendant's fraudulent misrepresentations, the Plaintiffs filed their claim documentation with CCR, and signed releases which expunged the Defendants of any and all liability for the Plaintiffs asbestos injuries.

The *Dixon* Plaintiffs complied with each and every one of their obligations under the settlement agreement. On September 15, 1999, the Plaintiffs lawyer, Michael T. Lewis agreed with CCR to settle Plaintiffs asbestos-related claims against CCR members and A.P. Green, Inc. The *Dixon* Plaintiffs are primary parties to and/or third party beneficiaries to this contract. Although A.P. Green, Inc. was not a member of CCR on September 15, 1999, it was a member of CCR during the negotiation and consummation of the settlement agreement. The terms of the settlement agreement are purportedly confidential. However, the agreement specifically excepts from the confidentiality provision "action to enforce the terms and

-3-

conditions of the agreement itself". On August 8, 2000, CCR tendered to the ten (10) **Dixon** Plaintiffs partial payment which did not include the GAF contribution to the settlement which GAF and the other CCR members had internally agreed would be payable by GAF. The total shortfall in the amount which Defendants tendered to Plaintiffs is $13,088.20. There are not common facts related to any other alleged tagalong case other than the simple fact that CCR and some of its members breached other settlement agreements with other Plaintiffs. Each of these cases is unique in that it involves different CCR members who have refused, in certain instances, to pay their share of the negotiated settlement. Furthermore, there are allegations of fraud and fraudulent inducement in each case which is unique and specific to that case.

Of paramount importance to each of these causes of action, but which are unique to each of them, is the date or dates on which certain settlement agreements were entered into with CCR and its members; dates upon which correspondence was received from CCR and its members, and the content of the communication received from CCR and its members. Due to the difference in each of these cases, very little benefit would be achieved through multidistrict litigation due to the fact that any discovery taken in these cases would essentially be useless in other cases.

Moreover, in the interest of judicial economy, and also to prevent any potential conflict in rulings on identical issues, the **Dixon** Plaintiffs submit that this Panel should vacate the conditional transfer order. Eight of the ten (10) **Dixon** Plaintiffs live in Mississippi. The majority of acts giving rise to the lawsuit occurred in Mississippi. For instance, the Defendants' conspiracy to deceive the Plaintiffs into releasing their claims for settlement

-4-

promises, which the Defendants had no intention of fulfilling, came to fruition in Mississippi

after Defendants, Mississippi lawyers, orchestrated and implemented the plan through a

Mississippi Circuit Court. The vast majority of the witnesses which will testify at trial reside

in Mississippi. Further, it is the law of the State of Mississippi which the Panel must apply to

the Mississippi State law causes of action which are the basis of Plaintiffs' complaint.

On September 4, 2001, the *Dixon* case was improperly removed by Defendant

Samuel J. Heyman. Subsequently on September 17, 2001, the *Dixon* Plaintiffs filed a Motion

for Abstention in the District Court for the Northern District of Mississippi and on October 4,

2001, the *Dixon* Plaintiffs filed a Motion for Remand. These motions have been fully briefed

for the District Court. Fairness and efficiency dictate that the pending motions be decided

before any transfer takes place. Having this case involved in the Multidistrict Litigation would

only act to further an injustice already committed by these Defendants and would further delay

compensating the victims, some of which have already died since the original settlement

agreement was reached. Furthermore, the total amount of the money that the Defendants

have failed to pay these Plaintiffs is $13,088.20, excluding punitive and extra contractual

damages. Under the circumstances, it would not be economically feasible for the Plaintiffs'

counsel, or their clients, to be involved in multidistrict litigation in Pennsylvania under these set

of circumstances.

## **ARGUMENT**

### *1.  Standard for Transfer Under Section 1407*

The MDL acts as a facilitator to coordinate cases pending in the different districts if (1)

they share one or more common questions of fact, (2) transfer will be for the convenience for

-5-

parties or witnesses, and (3) transfer will promote the just and efficient conduct of such actions. If these conditions are met, transfer is within the Panel's discretion. If they are not met, transfer is improper. 28 U.S.C. §1407(a)(2001).

28 U.S.C. §1407(a) provides that transfer of a case to the MDL is appropriate when the case involves "one or more common questions of fact" with those currently before the MDL Court. *Id.* The Panel has consistently held that where "actions involve a common question of law and share few, if any, questions of fact, transfer under Section 1407 is inappropriate." *In Re Am.Home Prods. Corp. "Released Value" Claims Litig.*, 448 F.Supp. 276, 278 (J.P.M.L. 1978).[2]

In the case of *In Re Airline "Age of Employee" Employment Practices Litig.*, 483 F.Supp. 814, 186-17 (J.P.M.L. 1980), the Panel previously held that when resolution of allegedly "related" cases would depend upon the interpretation of unique contracts, the criteria for transfer under Section 1407 are not satisfied. More importantly, this Panel held that transfer is inappropriate when a complaint focuses on allegedly fraudulent actions undertaken in a particular state. *In re Motion Picture Licensing Antitrust Litig.*, 479 F. Supp. 581, 591 (J.P.M.L. 1979) ("The Complaint in the Oklahoma action focuses on "unique issues involving Heritage's allegedly fraudulent under reporting of its gross receipts concerning particular films exhibited in the Oklahoma City, Oklahoma area,"... the case raised " fundamentally different factual questions" from those cases already transferred). In the case now before the Panel,

---

[2]See also, *In Re Okla. Ins. Holding Co. Act Litig.*, 464 F. Supp. 961, 965 (J.P.M.L. 1979) (denying motion to transfer under Section 1407 as common legal issues, rather than common factual issues predominated); *In Re U.S. Navy Variable Re-enlistment Bonus Litig.*, 407 F.Supp. 1405, 1407 (J.P.M.L. 1976)("we are of the view that questions of law rather than common questions of fact are significantly pre-ponderant and, hence, Section 1407 treatment would in any event be unwarranted").

the Defendants' conspiracy to deceive the *Dixon* Plaintiffs into releasing their claims for settlement promises which the Defendants had no intention of fulfilling came to fruition in Mississippi after Defendants, Mississippi lawyers, orchestrated and implemented the plan through a Mississippi Circuit Court. Thus, it is the law of the State of Mississippi, which the Panel must apply to the Mississippi State law causes of action, which are the basis of Plaintiffs' Complaint. Morever, in Mississippi, the omission of material facts can constitute a misrepresentation. Each state has a separate set of criteria in which to determine fraud and negligent misrepresentation. Additionally, under Mississippi law an agent for a disclosed principal may be held liable personally where it can be shown that the agent engaged in fraud or similar conduct.

CCR made written misrepresentations to the *Dixon* Plaintiffs' counsel that the CCR members would pay the full settlement to Plaintiffs, despite CCR's knowledge to the contrary. Relying on CCR's silence and misrepresentations of March 30, 2000, and April 4, 2000, the ten (10) *Dixon* Plaintiffs executed the releases on April 12, 2000, thereby expunging the CCR members liability for injuries to the Plaintiffs resulting from Plaintiffs asbestos exposure caused by the CCR members.

The Panel has previously held that cases subject to transfer "involved common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products not the issue in the case at bar. The *Dixon* case is not an asbestos personal injury case. *In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875,* 771 F. Supp. 415, 417 (J.P.M.L. 1991). The *Dixon* case involves a breach of contract, bad faith, fraud and falls out of the scope of asbestos exposure allegations, thus

careful consideration should be done before a transfer is ordered. **Raymark Corp. v. Baron**,

No. 1:97-109 (D.Utah) (J.P.M.L. May 26, 1998), is directly on point in that  the Panel

remanded that case which dealt with allegations of asbestos plaintiff counsel's impropriety,

based on an order from Judge Weiner who held that remand was appropriate because:

> (a)...The gravamen of the complaint does not relate to the recovery of damages
> in behalf of an asbestos victim as is the case with most other MDL 875 actions,
> and
> (b) motions were pending in the trial court in the District of Utah which would be
> more appropriately handled by that court.

Order of Judge Weiner filed March 9, 1998, and Order of J.P.M.L. filed May 26, 1998,

remanding Raymark Corp. v. Baron, No. 1:97-109 (D.Utah), attached hereto as Exhibit A.

Regardless of prior transfer orders, each proceeding subject to transfer must be

decided on its own facts.  The transfer statute requires the Panel to consider whether a

specific proceeding meets the statutory requirements and, if so, to consider whether it should

exercise its discretion in favor of transfer.  28 U.S.C. §1407 (2001).

## 2. Application of the Transfer Statute to the Dixon Plaintiffs

### A. The Dixon Plaintiffs Cause of Action Does Not Involve
### Common Questions of Fact

**Dixon** does not warrant transfer, because the statutory criteria for transfer have not

been met.  Conversely, even if the Panel finds the statutory criteria has been met, the Panel

should exercise its discretion against transfer.  Transfer of this case to the MDL is not in the

interest of justice, nor is it for the convenience of the parties.  Eight of the ten (10) Plaintiffs

reside in Mississippi.  All the events giving rise to this lawsuit occurred in Mississippi.  The

majority of the witnesses who will be called at trial also reside in Mississippi.  The ten (10)

**Dixon** case does not involve common questions of fact to those that are pending in other

-8-

actions on the MDL 875 docket. Common facts related to any other alleged tagalong case do not exist. The **Dixon** Plaintiffs alleged in their case, which was originally filed in the Circuit Court of Washington County, Mississippi, that one or more of the Defendants acted fraudulently, negligently, or in conspiracy when the settlement agreement was being negotiated. The **Dixon** allegations are unique to the circumstances of this particular "non-payment" case; and more importantly, the **Dixon** Plaintiffs are merely stragglers to **William Young, et al v. CCR, Inc., Samuel J. Heyman, et al,** Civil Action No. CI20-0164, which is currently pending in the Circuit Court of Washington County, Mississippi..

Further, there are allegations of fraud and fraudulent inducement in each case which is unique and specific to that case. The factual inquiry in the **Dixon** case will be whether one or more Defendants participated in a fraud; and thus does not require the specialized expertise of the MDL 875 Court.

### B. Transfer Will Not Promote Just and Efficient Conduct of This Action

Having this case involved in the Multidistrict Litigation would only act to further an injustice already committed by these Defendants and would further delay compensating the victims, some of which have already died since the original settlement was reached. The total amount of money that the Defendants failed to pay the ten ( 10) **Dixon** Plaintiffs is $13,088.20, excluding punitive and extra contractual damages. Under the circumstances, it would not be economically feasible for Plaintiffs' counsel, or their ten (10) clients, to be involved in Multidistrict Litigation in Pennsylvania under these set of circumstances. Additionally, pending before the United States District Court for the Northern District of Mississippi is Plaintiffs' Motion for Abstention and Motion to Remand. These motions have been fully briefed for the

-9-

District Court. Fairness and efficiency dictate that the pending motions be decided before any transfer takes place.

If the *Dixon* case is remanded to the Circuit Court of Washington County, Mississippi, Plaintiffs intend to file a Motion for Consolidation in the Circuit Court of Washington County, Mississippi. This procedure advocated by the *Dixon* Plaintiffs would result in judicial economy both in the MDL, the District Court, as well as in the Circuit Court of Washington County, Mississippi. Otherwise, in the event of a contrary ruling, it would require that all parties proceed in two different courts on identical issues arising from the same set of facts. Plaintiffs have asked the Northern District of Mississippi to resolve the Motions expeditiously. Accordingly, it is premature to transfer this proceeding from the Northern District of Mississippi to the Eastern District of Pennsylvania when the *Dixon* Plaintiffs are trying to have the proceedings returned to State Court as was in *Young, et al v. The Center for Claims Resolutions, Inc., et al,* Civil Action No. 4:00-CV-225-B-A (N.D. Miss.). Transferring this case will not promote the just and efficient conduct of this action; if anything, it will hinder its expeditious and efficient resolution.

## CONCLUSION

For the reasons set forth above, the MDL Panel should grant the *Dixon* Plaintiffs' Motion to Vacate the Conditional Order.

Respectfully submitted this the ⟋7th⟍ day of December, 2001.

JIMMIE DIXON, ET AL

BY: _Frank J. Dantone_

**FRANK J. DANTONE, MSB #5792**

-10-

**OF COUNSEL**

**HENDERSON DANTONE, P.A.**
241 Main Street
P.O. Box 778
Greenville, MS 38702-0778
Telephone: 662/378-3400
Facsimile: 662/378-3413

**MERKEL & COCKE**
Walter Stephens Cox, Esquire
30 Delta Avenue
P.O. Box 1388
Clarksdale, MS 38614-1388
Telephone:   662-627-9641
Facsimile:   662-627-3592

**PERKINS LAW OFFICE**
Stanley Simmons Perkins, Esquire
608-A Fairview
P.O. Box 291
Greenville, MS 38701
Telephone:   662-335-2667
Facsimile:   662-335-1662

**LEWIS and LEWIS**
Michael T. Lewis, Esquire
Lewis & Lewis
Post Office Drawer 1600
Clarksdale, MS 38614-1600
Telephone:   662-627-4477
Facsimile:   662-627-2267

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## CERTIFICATE OF SERVICE

DEC 1 0 2001

FILED
CLERK'S OFFICE

I, Frank J. Dantone, Jr., one of the Attorneys for Plaintiffs, do hereby certify that

I have, this date, mailed, via United States Mail, postage pre-paid, a true and correct

copy of the foregoing document to the following:

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esquire
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico, Esquire
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno, Esquire
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman, Esquire
Goldfien & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Benjamin E. Griffith, Esquire
Griffith & Griffith
123 South Court Street
Post Office 1680
Cleveland, MS 38732

Susan M. Hanson, Esquire
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street
Suite 300 Akron, OH 44308

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

RECEIVED
CLERK'S OFFICE

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esquire
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465

John D. Roven, Esquire
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymor & Pease, LLP
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216

Neil Selman, Esquire
Selman, Breitman & burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Walter G. Watkins, Jr., Esquire
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Honorable Michael P. Mills
United States District Court Judge
911 Jackson Avenue, Suite 335
Oxford, MS 38655

This the ____ day of December, 2001.

FRANK J. DANTONE, JR., MSB 5792

-13-