MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC 1 2 2001

FILED
CLERK'S OFFICE

MDL DOCKET NO. 875

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| JIMMIE DIXON, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  No. 4:01-CV-277-M-B |
| | )  (N.D. Miss.) |
| | ) |
| CENTER FOR CLAIMS RESOLUTION, INC., | ) |
| SAMUEL HEYMAN, ET AL., | ) |
| | ) |
| Defendants. | ) |

**OPPOSITION OF DEFENDANTS AMCHEM PRODUCTS, INC.,
CERTAINTEED CORPORATION, C.E. THURSTON & SONS, INC., DANA
CORPORATION, I.U. NORTH AMERICA, INC., MAREMONT
CORPORATION, NOSROC CORPORATION, CENTER FOR CLAIMS
RESOLUTION, INC., AND WELLS, MOORE, SIMMONS & HUBBARD, PLLC
TO PLAINTIFFS' MOTION TO VACATE CTO-207**

## INTRODUCTION

Plaintiffs have asked the Panel to vacate Conditional Transfer Order ("CTO") 207

as it pertains to this action, in which plaintiffs seek to recover unpaid portions of

settlement agreements negotiated between plaintiffs' counsel, as agent for plaintiffs, and

the Center For Claims Resolution, Inc. ("CCR"), as agent for its member companies

named as defendants in plaintiffs' asbestos personal injury cases.  Pl. Mot. at 3.  The

Panel has previously transferred <u>twelve</u> similar actions to MDL-875,[1] and held that such

---

[1]    See <u>In re Asbestos Prods. Liab. Litig. (No. VI)</u>, MDL No. 875 (J.P.M.L. Aug. 14, 2001)

(continued...)

**OFFICIAL FILE COPY**

**IMAGED DEC 13 '01**

actions, which concern "whether asbestos personal injury settlement agreements negotiated by CCR create joint or separate liability for defendant companies that are CCR members," in fact "present the same key issue which is now also present in actions in the transferee district." In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2.

Despite this on-point precedent to the contrary, plaintiffs argue that transfer should be denied because (1) plaintiffs have moved the transferor court to remand this action to state court; (2) this action is supposedly beyond the scope of the Panel's 1991 order creating MDL-875; and (3) this action allegedly will not benefit from pretrial proceedings before Judge Weiner. As we show below, those arguments are untenable. The Panel has repeatedly held that the pendency of a motion to remand is not a basis to deny transfer. Moreover, because the Panel recently transferred twelve similar actions to

---

1/      (...continued)
(transfer order); In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Oct. 22, 2001) (CTO-205 final); In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Nov. 7, 2001) (order lifting stay of conditional transfer order); In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Nov. 26, 2001) (CTO-207 final). Those actions are: Doval, et al. v. Maremont Corp., No. 3:01-540 (N.D. Cal.); Perez, et al. v. Center for Claims Resolution, Inc., No. 3:01-1627 (N.D. Cal.); Lowry, et al. v. Center for Claims Resolution, Inc., et al., No. 1:00-1454 (C.D. Ill.); Alcook v. Armstrong World Industries, Inc., et al., No. 01-CV-534 (D. Del.); Kuhn v. Center for Claims Resolution, Inc., et al., No. 01-CV-536 (D. Del.); Hart v. Armstrong World Industries, Inc., et al., No. 01-CV-535 (D. Del.); Jones v. Armstrong World Industries, Inc., et al., No. 01-CV-0166 (D. Del.); Ruggles v. Armstrong World Industries, Inc., et al., No. 01-CV-0167 (D. Del.); Aaron, et al. v. Armstrong World Industries, Inc., et al., No. 01-538 (D. Del.); Adams, et al. v. Center for Claims Resolution, et al., No. 01-CV-656 (D. Del.); Salmon v. Amchem Products, Inc., et al., No. 01-CV-0604 (W.D.N.Y.); and Antonio v. Amchem Products, Inc., et al., No. 01-CV-0605 (W.D.N.Y.).

MDL-875, there is no basis to argue that this action is not within the scope of MDL-875.

Finally, as the Panel previously recognized, transfer will "serve the convenience of the

parties and witnesses," "promote the just and efficient conduct of the litigation," "prevent

duplication of pretrial efforts," and "enhance Judge Weiner's continuing efforts to

manage the MDL-875 docket." In re Asbestos Prods. Liab. Litig. (No. VI), MDL

No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2.  Therefore, plaintiffs' motion

should be denied.

## ARGUMENT

### 1. The Pendency of a Motion To Remand is Not a Reason to Deny Transfer.

The Panel has repeatedly held that the pendency of a motion to remand before the

transferor court is not a reason to deny transfer.  E.g., In re Asbestos Prods. Liab. Litig.

(No. VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1 n.1.[2] Moreover,

the transferee court, the United States District Court for the Eastern District of

Pennsylvania, is fully competent to determine whether federal court jurisdiction exists

herein.  Therefore, in keeping with Panel precedent, plaintiffs should avail themselves of

Panel Rule 7.6 before the transferee court rather than seeking to avoid transfer.

---

[2]      See also, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 14,
2001) (transfer order), at 1 n.1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L.
June 1, 2001) (transfer order), at 1 n.2.

2.      **This Case Is Within the Scope of MDL-875.**

Plaintiffs' assertion that this case should not be included in MDL-875 (Pl. Mot. at

3) is contrary to Panel precedent.  The Panel has previously held that actions such as this,

which seek to recover unpaid amounts due under settlements of asbestos personal injury

claims negotiated by the CCR, "involve common questions of fact with actions in this

litigation previously transferred to" Judge Weiner.  In re Asbestos Prods. Liab. Litig.

(No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1.[3/]  The Panel

made clear that such actions belong in MDL-875 because:

> "Regardless of how plaintiffs seek to characterize the nature of their
> complaints, the actions all present the same key issue which is now also
> present in actions in the transferee district: whether asbestos personal injury
> settlement agreements negotiated by CCR create joint or separate liability
> for defendant companies that are CCR members."  In re Asbestos Prods.
> Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer
> order), at 1-2.

The Panel affirmed these conclusions when it transferred nine other enforcement actions

---

[3/]      Plaintiffs' cite three cases for their argument to the contrary.  Neither In re Airline "Age
of Employee" Employment Practices Litigation, 483 F. Supp. 814 (J.P.M.L. 1980), nor In re
Motion Picture Licensing Antitrust Litigation, 479 F. Supp. 581 (J.P.M.L. 1979), concerned
transfer to MDL-875.  In Airline, the Panel refused to create an MDL docket concerning airline
employment practices.  That decision did not, however, consider the standards for transfer to a
previously-pending MDL.  In Motion Picture, the Panel denied transfer of an action which
"focuse[d]" on the fraud issues therein.  By contrast, this action arises out of and centers on an
alleged breach of a settlement agreement (like the other similar actions previously transferred to
MDL-875), to which plaintiffs have added a fraud claim.  Plaintiffs finally cite Raymark Corp. v.
Baron, No. 1:97-109 (D. Utah) J.P.M.L. May 26, 1998), wherein the Panel transferred an action
alleging attorney misconduct to MDL-875.  See In re Asbestos Prods. Liab. Litig. (No. VI), MDL
No. 875 (J.P.M.L. Jan. 29, 1998) (transfer order).  Although Judge Weiner subsequently
remanded the action, the Panel permitted Judge Weiner to determine which claims would benefit
from coordinated or consolidated pretrial proceedings.

to MDL-875 in three subsequent orders.  See supra note 1.  Hence, plaintiffs' argument to the contrary should be rejected.[4]

### 3.    This Case Will Benefit From Pretrial Proceedings in MDL-875.

The Panel previously transferred other settlement enforcement actions to MDL-875 because transfer "is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise," would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation," and would "enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing."  In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2.

Plaintiffs contend that this action includes claims that will not benefit from inclusion in MDL-875, including plaintiffs' fraud claims, which are allegedly "unique and specific to th[is] case."  Pl. Mot. at 4.  But the Panel's practice is to transfer cases

---

[4]    Plaintiffs also argue (without authority) that the Panel "lacks jurisdiction" to transfer this action to MDL-875 because two defendants are not asbestos companies, but are an individual and a law firm.  Pl. Mot. at 4.  This argument is unsupportable.  There is no requirement that every (or any) defendant in an action transferred to MDL-875 be an asbestos company, and the Panel has in fact transferred actions involving defendants which were not asbestos companies.  E.g., Raymark v. Baron, No. 1:97-109 (D. Utah) (defendant was an attorney).  In addition, such a requirement would allow plaintiffs to frustrate the purpose of MDL-875 by naming a single defendant that is not an asbestos company, which would inundate the federal courts with asbestos-related cases and undermine MDL-875.

relating to asbestos personal injuries to Judge Weiner regardless of the presence of

allegedly unique claims,[5] and to allow Judge Weiner to determine which claims, if any,

should be remanded in advance of the remainder of the action.[6] If Judge Weiner

concludes that some of plaintiffs' claims will not benefit from consolidated treatment, he

can suggest that the Panel remand those claims to the transferor court.[7]

Plaintiffs also contend that transfer would be inconvenient because the case

involves Mississippi residents and the amount in controversy is not large. Pl. Mot. at 4-

5. The Panel's 1991 order creating MDL-875 noted, however, that such alleged

inconvenience provides no exception to transfer, as "since § 1407 transfer is primarily

for pretrial, there is usually no need for the parties and witnesses to travel to the

transferee district for depositions or otherwise." In re Asbestos Prods. Liab. Litig. (No.

VI), 771 F. Supp. 415, 422 (J.P.M.L. 1991). See also In re Asbestos Prods. Liab. Litig.

---

[5]     See In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001)
(transfer order), at 1-2 ("distinctions based on such matters as * * * the presence of unique claims
or additional claims not relating to asbestos injury or death * * * were considered and rejected by
the Panel as grounds for carving out exceptions to transfer in this extraordinary docket").

[6]     See In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415, 422 (J.P.M.L. 1991)
("[B]ecause many of the arguments of parties seeking exclusion from transfer are intertwined
with the merits of their claims or defense and affect the overall management of this litigation, we
are unwilling * * * to carve out exceptions to transfer. We prefer instead to give the transferee
court the opportunity to conduct a substantive review of such contentions and how they affect the
whole proceedings.").

[7]     See In re Asbestos Prods. Liab. Litig. (No. VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001)
(transfer order), at 2-3 ("with respect to any parties that believe the uniqueness of their particular
situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we are
confident that Judge Weiner will continue to promptly review arguments for returning transferred
actions or claims to their transferor courts").

(No. VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1 (transfer of

settlement enforcement actions will "serve the convenience of the parties and

witnesses"). Moreover, there is no amount in controversy requirement for § 1407

transfer.[8]

Plaintiffs finally assert that this action is a "companion case" to Young, et al. v.

CCR, Inc., et al., No. CI20-0164 (Cir. Ct. Washington County, Mississippi), and that

transfer risks inconsistent outcomes between the actions. Pl. Mot. at 1, 5. But transfer

does not increase the risk of inconsistent outcomes, because Judge Weiner has the same

authority as the transferor court to consider any overlap between the actions and take

appropriate steps to reduce inconsistencies therein. Moreover, this case is not a

companion action to Young, for it will turn on defenses not present in Young (e.g., at

relevant times these plaintiffs already possessed the very information that the complaint

alleges was withheld, which defeats plaintiffs' tort and contract claims).[9] Thus, a single

court need not resolve this action and Young.[10]

_____

[8]     Although plaintiffs seek $13,088.20 in compensatory damages, they also seek punitive damages which could substantially increase the amount in controversy.

[9]     Plaintiffs argue that the Young plaintiffs and these plaintiffs did not join in a single action because these plaintiffs' "medical releases were not turned around in enough time to include to Dixon plaintiffs with the Young plaintiffs." Pl. Mot. at 2. That factual difference forms the basis of the different defense herein.

[10]     In addition, the facts underlying the removal of the two actions differ. In Young, two plaintiffs were residents of states in which two defendants resided, which defeated diversity jurisdiction. In this action, plaintiffs are residents of Mississippi, Illinois, or Louisiana, where none of the defendants reside, except a Mississippi law firm that was improperly joined.

In sum, plaintiffs have presented no basis on which the Panel should vacate CTO-207 with respect to this case.

## CONCLUSION

Plaintiffs' motion to vacate CTO-207 should be denied.

Respectfully submitted,

William F. Sheehan
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036
(202) 828-2000

Counsel for defendants Amchem Products, Inc.,
CertainTeed Corp., C.E. Thurston & Sons, Inc.,
Dana Corp., I.U. North America, Inc.,
Maremont Corp., Nosroc Corp., Center For
Claims Resolution, Inc., and Wells, Moore,
Simmons & Hubbard, PLLC

December 12, 2001

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 2 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of December, 2001, I caused an original, eleven (11)

copies, and a computer readable disk copy of the foregoing Opposition of defendants Amchem

Products, Inc., CertainTeed Corp., C.E. Thurston & Sons, Inc., Dana Corp., I.U. North America,

Inc., Maremont Corp., Nosroc Corp., Center For Claims Resolution, Inc., and Wells, Moore,

Simmons & Hubbard, PLLC to plaintiffs' Motion To Vacate CTO-207 to be served by hand on

the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 12th day of December, 2001, I caused copies of the foregoing

Opposition to be served by first-class mail, postage prepaid, on counsel on the attached service

list.

I finally certify that, on this 12th day of December, 2001, I caused a copy of the foregoing

Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA  19106-1797

Adam M. Chud

- 9 -

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 2 2001

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this _12th_ day of December, 2001, I served a copy of the foregoing

document by depositing same in the United States mail, first class, postage prepaid to the following:

Frank J. Dantone
Fritzie T. Youngman
Henderson Dantone, P.A.
241 Main Street
P.O. Box 778
Greenville, MS 38702-0778

Walter Stephens Cox
Merkel & Cocke
30 Delta Avenue
P.O. Box 1388
Clarksdale, MS 38614-1388

Stanley Simmons Perkins
608-A Fairview
P.O. Box 291
Greenville, MS 38701

Michael T. Lewis
Lewis & Lewis
P.O. Drawer 1600
Clarksdale, MS 38614-1600

William B. Kirksey
Kirksey & Associates
P.O. Box 33
Jackson, MS 39205

David L. Trewolla
Dogan & Wilkinson, PLLC
15th Floor Capital Towers
P.O. Box 23062
Jackson, MS 39225

Barry W. Ford
4268 I-55 N., Meadowbrook Office Park
Jackson, MS 39211

Frank S. Thackston, Jr.
Lake Tindall, LLP
127 South Poplar
P.O. Box 918
Greenville, MS 38702

Benjamin E. Griffith
Griffith and Griffith
123 South Court Street
P.O. Box 1680
Cleveland, MS 38732

Robert A. Barnaby, II
Carter & Ansley
Peachtree Tower, Suite 1000
191 Peachtree Street, N.E.
Atlanta, GA 30303

V. Brian Bevon
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211

Daniel J. Cheely
Bellande, Chelly, O'Flaherty, Sargis & Ayres
19 South LaSalle Street, Suite 1203
Chicago, IL 60603

Ian P. Cloud
Robins, Cloud, Greenwood & Lubel
910 Travis, Suite 2020
Houston, TX 77002

Lina Coloca
Ratiner, Reyes & O'Shea, P.C.
1101 Brickell Avenue, Suite 1601
Miami, FL 33131

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mass East
Philadelphia, PA 19106

Scott J. Frank
Butler Burnette Pappas
Alfred I. du Pont Building
169 E. Flagler Street, Suite 1300
Miami, FL 33129

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Street
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

William P. Gavin
Gavin Law Firm
17 Park Place
Professional Centre
Belleville, IL 62226

Charles Darrell Gossett
Lane & Gossett, P.C.
1601 Reynolds Street
Brunswick, GA 31520

Susan M. Hanson
Stich, Angell, Kreidler & Muth, P.A.
The Crossings, Suite 120
250 2nd Avenue South
Minneapolis, MN 55401

Edward F. Houff
Church & Houff, P.A.
2 North Charles Street
B&O Building, Suite 600
Baltimore, MD 21201

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Willard J. Moody, Jr.
Moody, Strople & Kloeppel, Ltd.
500 Crawford Street
Commerce Bank Building, Suite 300
P.O. Box 1138
Portsmouth, VA 23705

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

Michael D. Mulvihill
Cooney & Conway
120 North LaSalle, 30th Floor
Chicago, IL 60602

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210

James B. Pressly, Jr.
Haynsworth, Marion, McKay & Guerard
C&S Tower, 11th Floor
75 Beattie Place
P.O. Box 2048
Greenville, SC 29602

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Burtis Stephen Rice
Hayes, McConn, Price & Pickering
1200 Smith Street
400 Two Allen Center
Houston, TX 77002

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Stephanie Ann Scharf
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Dan Shaked
Shaked & Posner
225 West 34th Street
New York, NY 10122

Richard A. Sheehy
Sheehy, Serpe & Ware, P.C.
909 Fannin Street
Suite 2500
Houston, TX 77010

E. Terry Sibbernsen
P.O. Box 24268
Omaha, NE 68124

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Morris Stern
Sterns, Dubrow & Marcus
111 Dunnell Road
Maplewood, NJ 07040

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough
315 Hemphill Street
P.O. Box 750
Hattiesburg, MS 39403

Beth E Valocchi
Valocchi & Sasso, P.A.
1200 Pennsylvania Avenue
Suite 303
Wilmington, DE 19806

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Douglas P. Wilson
Wilson Law Offices
5775 N.W. 64th Terrace
Suite 202
Kansas City, MO 64151

Bright Kinnett Wright
Smith, Helms, Mulliss & Moore, LLP
1355 Peachtree Street, N.E.
Suite 750
Atlanta, GA 30309

_____
Adam M. Chud