MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 8 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | § § § § | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY JOE HYDER and<br>CAROL HYDER; KIM RIXSE<br>ALVARADO and DONNA RIXSE,<br>Individually and as Personal Representative<br>of the Heirs and Estate of FRANK RIXSE,<br>Deceased; and JULIA TOWLER,<br>Individually and as Personal Representative<br>of the Heirs and Estate of JESSE TOWLER,<br>Deceased<br>　　　*Plaintiffs*<br><br>v.<br><br>ACandS, INC., et al<br>　　　*Defendants* | § § § § § § § § § § § § § § § § | CIVIL ACTION<br>NO. H-01-3602 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD COY and LOIS COY;<br>ROY BARTLETT and EDNA BARTLETT<br>JERRELL KNIGHT and VIRDINE | § § § | CIVIL ACTION<br>NO. H-01-3603 |

**IMAGED** JAN 2 '02 **OFFICIAL FILE COPY**

KNIGHT   §
    *Plaintiffs*   §
     §
v.   §
     §
ABLE SUPPLY CO., et al   §
    *Defendants*   §

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARTIN LABOUNTY and   §   CIVIL ACTION
ELIZABETH LABOUNTY; DELMER   §   NO. H-01-3604
BUSSELL and BEATRICE BUSSELL;   §
RONALD LEFF and CAROL LEFF;   §
BEVERLY MITCHELL, Individually and   §
as Personal Representative of the Heirs and   §
Estate of JESSIE MITCHELL, Deceased;   §
HAROLD SECOR and JANET SECOR   §
    *Plaintiffs*   §
     §
v.   §
     §
ACandS, INC., et al   §
    *Defendants*   §

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GLEN MILLER, Individually and as   §   CIVIL ACTION
Personal Representative of the Heirs and   §   NO. H-01-3605
Estate of CAROLYN MILLER,   §
Deceased   §
     *Plaintiffs*   §
     §
v.   §
     §
ACandS, Inc.,   §
     *Defendants.*   §

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA ANDERSON and | § | CIVIL ACTION |
| MAYDELL ROY, Individually and as | § | NO. H-01-3606 |
| Personal Representative of the Heirs and | § | |
| Estate of MILTON BABINEAUX, | § | |
| Deceased; CHARLES FAGG and NORMA | § | |
| JEAN FAGG; CAROL KOTARA, | § | |
| Individually and as Personal Representative | § | |
| of the Heirs and Estate ob BARTLEY | § | |
| MCLEAN, Deceased; MELISSA | § | |
| WILLIAMS, Individually and as Personal | § | |
| Representative of the Heirs and Estate of | § | |
| HUEY SONNIER, Deceased; MORGAN | § | |
| CHRISTINE WARD, Individually and as | § | |
| Personal Representative of the Heirs and | § | |
| Estate of JIMMY WARD, Deceased | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| ABLE SUPPLY CO., et al | § | |
| *Defendants* | § | |

MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, move the Panel to vacate its order of November 28, 2001

conditionally transferring the above-captioned cases to the United States District Court

for the Eastern District of Pennsylvania. This motion is based on the attached Brief in

Support of Motion to Vacate Conditional Transfer Order and such other materials as may

be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 12(c), movants request the Clerk to set this motion for hearing at

**DEC 2 8 2001**

FILED
CLERK'S OFFICE

the next session of the Panel.

1 2 / 2 7 / 0 1
(Date)

Respectfully Submitted,

**WATERS & KRAUS, LLP**

Charles S. Siegel
Attorney In Charge
State Bar No.  18341875
Federal Bar No.  15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 facsimile

Michelle B. Norton
State Bar No.  24032914
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2001, a true and correct copy of the foregoing Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

Charles S. Siegel

**PANEL SERVICE LIST (Excerpted from CTO-208)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Hyder, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3602
*Coy, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3603
*LaBounty, et al. v. ACandS, Inc., et al.*, S.D. Texas, C.A. No. 4:01-3604
*Miller, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3605
*Anderson, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3606

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney
400 West 15th Street
Suite 700
Austin, TX 78701

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 28 2001

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY JOE HYDER and | § | CIVIL ACTION |
| CAROL HYDER; KIM RIXSE | § | NO. H-01-3602 |
| ALVARADO and DONNA RIXSE, | § | |
| Individually and as Personal Representative | § | |
| of the Heirs and Estate of FRANK RIXSE, | § | |
| Deceased; and JULIA TOWLER, | § | |
| Individually and as Personal Representative | § | |
| of the Heirs and Estate of JESSE TOWLER, | § | |
| Deceased | § | |
|     *Plaintiffs* | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| ACandS, INC., et al | § | |
|     *Defendants* | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD COY and LOIS COY; | § | CIVIL ACTION |
| ROY BARTLETT and EDNA BARTLETT | § | NO. H-01-3603 |
| JERRELL KNIGHT and VIRDINE | § | |

1

KNIGHT                                        §
    *Plaintiffs*                         §
                                          §
v.                                            §
                                          §
ABLE SUPPLY CO., et al                        §
    *Defendants*                        §

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARTIN LABOUNTY and                           §     CIVIL ACTION
ELIZABETH LABOUNTY; DELMER                     §     NO. H-01-3604
BUSSELL and BEATRICE BUSSELL;                  §
RONALD LEFF and CAROL LEFF;                    §
BEVERLY MITCHELL, Individually and             §
as Personal Representative of the Heirs and    §
Estate of JESSIE MITCHELL, Deceased;           §
HAROLD SECOR and JANET SECOR                   §
    *Plaintiffs*                        §
                                          §
v.                                            §
                                          §
ACandS, INC., et al                           §
    *Defendants*                        §

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

GLEN MILLER, Individually and as              §     CIVIL ACTION
Personal Representative of the Heirs and       §     NO. H-01-3605
Estate of CAROLYN MILLER,                      §
Deceased                                       §
        Plaintiffs              §
                                          §
v.                                            §
                                          §
ACandS, Inc.,                                  §
        Defendants.             §

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA ANDERSON and MAYDELL ROY, Individually and as Personal Representative of the Heirs and Estate of MILTON BABINEAUX, Deceased; CHARLES FAGG and NORMA JEAN FAGG; CAROL KOTARA, Individually and as Personal Representative of the Heirs and Estate ob BARTLEY MCLEAN, Deceased; MELISSA WILLIAMS, Individually and as Personal Representative of the Heirs and Estate of HUEY SONNIER, Deceased; MORGAN CHRISTINE WARD, Individually and as Personal Representative of the Heirs and Estate of JIMMY WARD, Deceased *Plaintiffs*<br><br>v.<br><br>ABLE SUPPLY CO., et al *Defendants* | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. H-01-3606 |

**BRIEF TO VACATE THE
CONDITIONAL TRANSFER ORDER**

## I.   PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-208) entered by the Judicial Panel on Multidistrict Litigation on November 28, 2001. Pursuant to Panel Rule 7.4(d), this Motion and Brief to Vacate the Conditional Transfer Order are being filed in support of plaintiffs' Notice of Opposition which was filed on December 13, 2001 (*See* notices attached as Exhibit A1-A5).

3

## II. STATEMENT OF FACTS

Seventeen plaintiffs, represented in five separate and distinct cases, brought claims against various manufacturers and distributors of asbestos products for asbestos-related injuries and deaths incurred from their exposure to these products. Despite the fact that all five cases were filed in state court against *multiple* defendants, *one* defendant, Garlock Inc. filed a notice of removal in the cases on or about October 19, 2001, alleging bankruptcy jurisdiction pursuant to 28 U.S.C. §1334. Since that time, not only has Mr. Babineaux, one of the plaintiffs, already lost his trial setting of November 5, 2001, but the Panel has issued a Conditional Transfer Order (CTO-208), further delaying, and possibly fatally jeopardizing, Mr. Babineaux's and the other plaintiffs' opportunity—and right—to have their day in court. (*See* affidavit of Barry Bobbitt, attached as Exhibit B)

Pursuant to Panel Rule 7.4(b), plaintiffs filed their Notice of Opposition to the Conditional Transfer Order on December 13, 2001. Now, pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), plaintiffs file this Motion and Brief to Vacate the Conditional Transfer Order. This submission is being filed within 15 days of the filing of the Notice of Opposition. For the reasons stated below, the Conditional Transfer Order should be vacated so that the seventeen claimants represented in the five cases originally removed by defendant Garlock Inc. can proceed in the timely resolution of their claims in *state* court.

## III.   ARGUMENT

A. Even If This Case Should Be Transferred From State Court, Which We Do Not Believe It Should, It Should Be Transferred To The Bankruptcy Court In Delaware.

4

Plaintiffs maintain that Garlock's removal of over 80 of its asbestos-related claims was unwarranted and, therefore, federal court is an inappropriate forum. Rather, these cases should have remained where they were filed—in state court. However, if it is to be ultimately determined that these cases do not belong in state court but, instead, in federal court, these cases should be transferred to the bankruptcy court in Delaware—*not* MDL. After all, Garlock's sole basis for removing over 80 asbestos-related cases in the first place was the alleged relationship with the October 1, 2001, Federal-Mogul Global, Inc. bankruptcy. Garlock Inc. claims that the presence of a Federal-Mogul entity in the same case in which Garlock Inc. is named as a defendant—one of many defendants named—confers bankruptcy jurisdiction over the case. Specifically, despite the fact that, in most cases, Federal-Mogul Global, Inc. was not even a party to the case, Garlock Inc. asserts that, by virtue of any cross-claims against the debtor, Federal-Mogul, that it may have or claim to have, that it too should be able to claim the "safe harbor" that a bankrupt entity is able to enjoy.

It is important to note that Garlock, the removing party itself has moved, pursuant to 28 U.S.C. §157(b)(5), for transfer of all claims against it to the Delaware District Court. A hearing on this motion is currently set for February 4, 2002. Plaintiffs respectfully request that the Panel defer any action on final transfer of this case until the Delaware court decides if (1) bankruptcy jurisdiction does, in fact, exist and should be exercised; and (2) whether transfer to Delaware is appropriate. Again, if federal jurisdiction is to exist at all in these cases, it can only be because of the Federal-Mogul bankruptcy proceeding in Delaware—and that court is about to determine whether there is, in fact, federal jurisdiction and, if so, where claims such as those of the present

plaintiffs should be tried.  Clearly, any and all issues that underlie whether or not the removal of these cases by Garlock Inc. was proper are issues related to Federal-Mogul's bankruptcy filing.  Thus, plaintiffs strongly assert that *if* these asbestos-related cases, which were originally filed in state court, should be anywhere but state court, they should be in the bankruptcy court in Delaware.

Plaintiffs have argued successfully in Motions for Remand filed in numerous district courts throughout Texas, with most districts ultimately entering Orders of Remand, that Garlock's asserted basis for bankruptcy jurisdiction is baseless (See orders attached as Exhibits C1-C7).  In fact, in ruling on whether or not "related to" jurisdiction existed, which would invoke federal jurisdiction, Judge Jack stated:

> The only possible claim at issue which *might* be "related to" the Debtor's bankruptcy is Garlock's cross-action against "all Co-Defendants" for indemnification and/or contribution.   In fact, at the hearing held on October 30, 2001, Garlock conceded that, after Plaintiffs' dismissal with prejudice of the Debtor, the only remaining claim relevant to the removal is Garlock's cross-claim against the Debtor for contribution.  Arguably, claims such as the instant claim for contribution are not even ripe for adjudication. . .Though this Court declines to find that Defendant lacks standing to remove, it should be noted that Garlock's contribution claims are, at best, tangentially and speculatively "related to" the bankruptcy (*See* order attached as Exhibit C1)

Further, not only has Garlock never pursued any cross-claims it alleges to have against various Federal-Mogul entities but, further, Garlock has never even deposed or served interrogatories upon a Federal-Mogul witness.  (*See* affidavit of Jeffrey Simon, attached as Exhibit D).

Again, plaintiffs assert—and have been successful in so asserting thus far—that there is no bankruptcy jurisdiction present in any of these asbestos-related cases, or in any of the other cases removed for that matter.  Ultimately, that is the determination that

needs to be made—whether Garlock Inc.'s alleged relationship to the Federal-Mogul bankruptcy is a viable argument.  Federal district court judges across Texas have, thus far, found Garlock's claims to be meritless and, in turn, have entered their Orders of Remand (*See* orders attached as Exhibits C1-C7).

> B.  This Panel Should Vacate Its Conditional Transfer Order Because These Cases No More Belong In Federal Court Than They Do at MDL.

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and inexpensive determination of every action."  Fed. R. Civ. P. 1.  In essence, every plaintiff is entitled to a speedy and efficient determination of his claim—that is, every plaintiff is entitled to his day in court.  However, the transferee court's power does not allow it to actually *try* asbestos cases which have been transferred to MDL-875 but, rather, it merely presides over pretrial matters.  Therefore, should these cases be transferred, the seventeen plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure, their opportunity—and their *right*—to have a timely jury trial.  Plaintiffs such as Mr. Fagg and Mr. Hyder, who currently are suffering from terminal advanced asbestos-related cancer, will be denied an opportunity to their day in court while they are still alive and Mrs. Towler and Mrs. Babineaux will lose their chance to vindicate their deceased husband's rights in a timely fashion.

As this MDL Panel is well aware, 28 U.S.C. §1407(a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. §1407(a).  The statute authorizes the transfers of such cases to the judicial panel on multidistrict litigation upon a determination that transfers would be

"for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Id. Although the Panel may, sua sponte, consider and order transfer, the absence of any of the elements outlined in §1407 would make the Panel's application of the statute inappropriate.

It must be kept in mind that the main crux of the transfer statute, §1407, concerns pre-trial discovery. Thus, a case that is trial ready and in its "eleventh hour," as opposed to newly filed cases, may not be appropriate for Panel action. Here, Mr. Babineaux, a plaintiff in the Anderson case, was set to go to trial on November 5, 2001, when his case was removed to federal court by Garlock Inc. His case was on the eve of trial when it was removed to federal court—Motions for Continuance had already been heard and denied, his case was number one on the docket and, had it not been for Garlock's removal, Mr. Babineaux's trial would have already commenced—and been resolved—by now. In fact, since this case truly was in its "eleventh hour" when removed and was, indeed, "trial ready," the judge has noted that, when remanded, Mr. Babineaux's case will be reset within thirty days (See affidavit of Barry Bobbit, attached as Exhibit B, and court update, attached as Exhibit E). His case was "trial ready"—clearly not a case that is appropriate for action by the Panel. Most, if not all, of the remaining cases would also have been ready to go to trial within six months or less had they not been removed in October by Garlock Inc. In fact, some of these cases had been on file since as early as September, 2000, almost eighteen months ago, and discovery had already been ongoing in most of these cases, with depositions having already been taken in a number of them.

| Plaintiff | Deposition |
|---|---|
| Charles Fagg | January 13, 2001 |
| Bartley McLean | August 4, 2000 |
| Jimmy Ward | December 10, 1999 |
| Harry Joe Hyder | September 22, 2000 |
| Frank Rixse | January 17, 2000 |
| Donald Coy | January 18-19, 2000 |
| Martin LaBounty | December 19, 2000 |

Again, clearly these cases are not "newly filed" and, thus, are not appropriate for Panel action, whose main concern is pre-trial discovery.

> C. Despite the Conditional Transfer Order, The District Court Judge Still Can Remand These Removed Cases To State Court.

On or about October 31, 2001, plaintiffs filed their Motions for Remand in the five asbestos-related cases removed by defendant Garlock Inc. Despite the fact that the Judicial Panel on Multidistrict Litigation entered its Conditional Transfer Order *before* the district court judge was able to rule on the motion, that judge has not lost jurisdiction over these cases and, therefore, *can* make a determination as to plaintiffs' Motion for Remand. See Faulk, et al. v. Owens-Corning Fiberglass Corp., et al., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* Bartley, et al. v. Borden, Inc., et al., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in

9

any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

In fact, the facts of the Faulk case strongly resemble the five cases before us now. In that case, defendants removed two separate asbestos cases from the 172nd Judicial District for Jefferson County, Texas. Faulk, supra at 656. Plaintiffs filed motions to remand in both cases but, as was the case here, the Panel conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania. Id. at 657. In a footnote, the court cited the Panel Rules in pointing out that, despite the Conditional Transfer Order, the U.S. District Court judge retained jurisdiction since the order did not become effective until filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. Id. Further, "transmittal of this conditional order to said Clerk shall be stayed fifteen days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen day period, the stay will be continued until further order of the Panel." Id.

In the cases presented before us now, plaintiffs filed their notices of opposition on December 13, 2001, within the prescribed fifteen period. Therefore, transmittal of CTO-208 was stayed and continues to be stayed until further action by this Panel. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motions for Remand before him, but he may promptly do so and preserve the plaintiffs' right to a timely resolution of their claims.

## IV. CONCLUSION

The Conditional Transfer Order entered by the Judicial Panel on

November 28, 2001, should be vacated.  Garlock Inc.'s basis for removal, its alleged

relationship to Federal-Mogul's bankruptcy, is meritless.  Ten district courts across Texas

have ruled accordingly, finding no "related to" jurisdiction.  Not only was there no basis

warranting removal of these five asbestos-related cases to federal court in the first place,

equity and our Federal Rules demand that the seventeen plaintiffs represented in these

lawsuits be afforded their right to a timely resolution of their claims in court—*state* court.

Plaintiffs respectfully request that the Panel vacate CTO-208, its order

conditionally transferring these cases to MDL, so that these cases can proceed to trial in a

timely fashion.

Respectfully Submitted,

**WATERS & KRAUS, LLP**
**Counsel for Plaintiffs**

Charles S. Siegel
Attorney In Charge
State Bar No.  18341875
Federal Bar No.  15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 facsimile

Michelle B. Norton
Waters & Kraus, LLP
State Bar No.  24032914
3219 McKinney Avenue
Suite 3000

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dallas, Texas 75204
(214) 357-6244
(214) 357-7252

DEC 2 8 2001

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2001, a true and correct copy of the foregoing Brief to Vacate the Conditional Transfer Order was faxed and mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

Charles S. Siegel

**PANEL SERVICE LIST (Excerpted from CTO-208)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Hyder, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3602
*Coy, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3603
*LaBounty, et al. v. ACandS, Inc., et al.*, S.D. Texas, C.A. No. 4:01-3604
*Miller, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3605
*Anderson, et al. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 4:01-3606

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney
400 West 15th Street
Suite 700
Austin, TX 78701

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 28 2001

FILED
CLERK'S OFFICE

A

1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§     MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HARRY JOE HYDER and<br>CAROL HYDER; KIM RIXSE<br>ALVARADO and DONNA RIXSE,<br>Individually and as Personal Representative<br>of the Heirs and Estate of FRANK RIXSE,<br>Deceased; and JULIA TOWLER,<br>Individually and as Personal Representative<br>of the Heirs and Estate of JESSE TOWLER,<br>Deceased<br>     *Plaintiffs*<br><br>v.<br><br>ACandS, INC., et al<br>     *Defendants* | § § § § § § § § § § § § § § §    CIVIL ACTION<br>NO. H-01-3602 |

## NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs and file this Notice of Opposition to the Conditional Transfer Order

(CTO-208) entered by the Panel on November 28, 2001.

HARRY JOE HYDER and CAROL HYDER; KIM RIXSE ALVARADO and DONNA

RIXSE, Individually and as Personal Representative of the Heirs and Estate of FRANK RIXSE,

Deceased; and JULIA TOWLER, Individually and as Personal Representative of the Heirs and Estate

of JESSE TOWLER, Deceased, are plaintiffs in an action styled HARRY JOE HYDER and CAROL

1



HYDER; KIM RIXSE ALVARADO and DONNA RIXSE, Individually and as Personal

Representative of the Heirs and Estate of FRANK RIXSE, Deceased; and JULIA TOWLER,

Individually and as Personal Representative of the Heirs and Estate of JESSE TOWLER, Deceased

v. ACandS, Inc., et al; No. H-01-3602, pending in the United States District Court Southern District

of Texas, Houston Division.   Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of

opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice,

their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

Mark Haas
State Bar No. 08660330
W. Scott Golemon
State Bar No. 08108080
Haas & Golemon, L.L.P.
P.O. Box 3007
729 North Frazier
Conroe, Texas 77305
(936) 756-0106
(936) 441-0106 Fax

Henry Simon
State Bar No. 18394000
Simon, Warner & Doby, LLP
1700 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102
(817) 810-5250
(817) 810-5255 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 13th day of December, 2001.

_____
Charles S. Siegel

2

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§   MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONALD COY and LOIS COY;<br>ROY BARTLETT and EDNA BARTLETT<br>JERRELL KNIGHT and VIRDINE<br>KNIGHT<br> *Plaintiffs*<br><br>v.<br><br>ABLE SUPPLY CO., et al<br> *Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION<br>NO. H-01-3603 |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs in the above-referenced cause of action and file this Notice of
Opposition to the Conditional Transfer Order (CTO-208) entered by the Panel on November 28,
2001.

DONALD COY and LOIS COY; ROY BARTLETT and EDNA BARTLETT; and JERRELL
KNIGHT and VIRDINE KNIGHT are plaintiffs in an action styled DONALD COY and LOIS COY;
ROY BARTLETT and EDNA BARTLETT; and JERRELL KNIGHT and VIRDINE KNIGHT vs.
ABLE SUPPLY CO., et al, No. H-01-3603; pending in the United States District Court Southern
District of Texas, Houston Division.  Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of
opposition to apprise the Panel of their opposition to transfer.

1



Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice, their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

W. Scott Goleman
State Bar No. 08108080
Mark D. Haas
State Bar No. 08660330
Haas & Goleman, LLP
729 North Frazier
Conroe, Texas 77305
(936) 756-0106
(936) 441-0106 Fax

Henry Simon
Simon, Warner & Doby, LLP
State Bar No. 18394000
1700 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102
(817) 810-5250
(817) 810-5255 Fax

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 13th day of December, 2001.

_____
Charles S. Siegel

3

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARTIN LABOUNTY and | § | CIVIL ACTION |
| ELIZABETH LABOUNTY; DELMER | § | NO. H-01-3604 |
| BUSSELL and BEATRICE BUSSELL; | § | |
| RONALD LEFF and CAROL LEFF; | § | |
| BEVERLY MITCHELL, Individually and | § | |
| as Personal Representative of the Heirs and | § | |
| Estate of JESSIE MITCHELL, Deceased; | § | |
| HAROLD SECOR and JANET SECOR | § | |
|     *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| ACandS, INC., et al | § | |
|     *Defendants* | § | |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs and file this Notice of Opposition to the Conditional Transfer Order

(CTO-208) entered by the Panel on November 28, 2001.

MARTIN LABOUNTY and ELIZABETH LABOUNTY; DELMER BUSSELL and

BEATRICE BUSSELL; RONALD LEFF and CAROL LEFF; BEVERLY MITCHELL, Individually

and as Personal Representative of the Heirs and Estate of JESSIE MITCHELL, Deceased; and

HAROLD SECOR and JANET SECOR are plaintiffs in an action styled MARTIN LABOUNTY and

ELIZABETH LABOUNTY; DELMER BUSSELL and BEATRICE BUSSELL; RONALD LEFF



and CAROL LEFF; BEVERLY MITCHELL, Individually and as Personal Representative of the

Heirs and Estate of JESSIE MITCHELL, Deceased; and HAROLD SECOR and JANET SECOR v.

ACandS, INC., et al; No. H-01-3604, pending in the United States District Court Southern District of

Texas, Houston Division.  Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of opposition

to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice,

their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

Mark Haas
State Bar No. 08660330
W. Scott Golemon
State Bar No. 08108080
Haas & Golemon, L.L.P.
P.O. Box 3007
729 North Frazier
Conroe, Texas 77305
(936) 756-0106
(936) 441-0106 Fax

Henry Simon
State Bar No. 18394000
Simon, Warner & Doby, LLP
1700 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102
(817) 810-5250
(817) 810-5255 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 13th day of December, 2001.

_____
Charles S. Siegel

4

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL MILLER and SHERRY | § | CIVIL ACTION |
| MILLER; FRANCES SCOTT and | § | NO. H-01-3605 |
| RALPH SCOTT; LARRY WHEELER | § | |
| and LOU WHEELER; and GORDON | § | |
| WICKER and PATRICIA WICKER | § | |
| *Plaintiffs* | § | |
| | § | |
| v. | § | |
| | § | |
| ACandS, Inc., et al | § | |
| *Defendants.* | § | |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs in the above-referenced cause of action and file this Notice of

Opposition to the Conditional Transfer Order (CTO-208) entered by the Panel on November 28,

2001.

MICHAEL MILLER and SHERRY MILLER; FRANCES SCOTT and RALPH SCOTT;

LARRY WHEELER and LOU WHEELER; and GORDON WICKER and PATRICIA WICKER are

plaintiffs in an action styled MICHAEL MILLER and SHERRY MILLER; FRANCES SCOTT and

RALPH SCOTT;  LARRY WHEELER and LOU WHEELER; and GORDON WICKER and

PATRICIA WICKER v. ACandS, Inc., et al, No. H-01-3605; pending in the United States District

1



Court Southern District of Texas, Houston Division.  Pursuant to Panel Rule 7.4(c), the plaintiffs file

this notice of opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice,

their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

Mark Haas
State Bar No. 0866030
W. Scott Golemon
State Bar No. 08108080
HAAS & GOLEMON, LLP
P.O. Box 3007
729 North Frazier
Conroe, Texas 77305
(936) 756-0106
(936) 441-0106 Fax

Henry Simon
State Bar No. 18394000
Simon, Warner & Doby, LLP
1700 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102
(817) 810-5250
(817) 810-5255 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 13th day of December, 2001.

_____
Charles S. Siegel

5

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELISSA ANDERSON and | § | CIVIL ACTION |
| MAYDELL ROY, Individually and as | § | NO. H-01-3606 |
| Personal Representative of the Heirs and | § | |
| Estate of MILTON BABINEAUX, | § | |
| Deceased; CHARLES FAGG and NORMA | § | |
| JEAN FAGG; CAROL KOTARA, | § | |
| Individually and as Personal Representative | § | |
| of the Heirs and Estate ob BARTLEY | § | |
| MCLEAN, Deceased; MELISSA | § | |
| WILLIAMS, Individually and as Personal | § | |
| Representative of the Heirs and Estate of | § | |
| HUEY SONNIER, Deceased; MORGAN | § | |
| CHRISTINE WARD, Individually and as | § | |
| Personal Representative of the Heirs and | § | |
| Estate of JIMMY WARD, Deceased | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| ABLE SUPPLY CO., et al | § | |
| Defendants | § | |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs in the above-referenced cause of action and file this Notice of

Opposition to the Conditional Transfer Order (CTO-208) entered by the Panel on November 28,

2001.

1



MELISSA ANDERSON and MAYDELL ROY, Individually and as Personal Representative of the Heirs and Estate of MILTON BABINEAUX, Deceased; CHARLES FAGG and NORMA JEAN FAGG; CAROL KOTARA, Individually and as Personal Representative of the Heirs and Estate of BARTLEY MCLEAN, Deceased; MELISSA WILLIAMS, Individually and as Personal Representative of the Heirs and Estate of HUEY SONNIER, Deceased; and MORGAN CHRISTINE WARD, Individually and as Personal Representative of the Heirs and Estate of JIMMY WARD, Deceased are plaintiffs in an action styled MELISSA ANDERSON and MAYDELL ROY, Individually and as Personal Representative of the Heirs and Estate of MILTON BABINEAUX, Deceased; CHARLES FAGG and NORMA JEAN FAGG; CAROL KOTARA, Individually and as Personal Representative of the Heirs and Estate of BARTLEY MCLEAN, Deceased; MELISSA WILLIAMS, Individually and as Personal Representative of the Heirs and Estate of HUEY SONNIER, Deceased; and MORGAN CHRISTINE WARD, Individually and as Personal Representative of the Heirs and Estate of JIMMY WARD, Deceased v. Able Supply Co., et al, No. H-01-3606; pending in the United States District Court Southern District of Texas, Houston Division. Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice, their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

Mark Haas
State Bar No. 08660330
W. Scott Golemon
State Bar No. 08108080
Haas & Golemon, L.L.P.
P.O. Box 3007
729 North Frazier
Conroe, Texas 77305
(936) 756-0106
(936) 441-0106 Fax

Henry Simon
State Bar No. 18394000
Simon, Warner & Doby, LLP
1700 City Center Tower II
301 Commerce Street
Fort Worth, Texas 76102
(817) 810-5250
(817) 810-5255 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served by facsimile on all counsel of record on this 13th day of December, 2001.

Charles S. Siegel

B

## AFFIDAVIT OF BARRY L. BOBBITT

STATE OF <u>TEXAS</u>                              §
                                                  §
COUNTY OF <u>DALLAS</u>                           §


**BEFORE ME**, the undersigned authority, on this day personally appeared BARRY L. BOBBITT, known to me or through his drivers' license and who, upon his oath, deposes and states as follows:

"My name is BARRY L. BOBBITT. I am over the age of 18 years and fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I was attorney of record for Cause No. 00-10-06613-CV; <u>Maydell Roy, Individually and as Personal Representative of the Heirs and Estate of Milton Babineaux, Deceased, et al v. Able Supply Company, et al;</u> 9th Judicial District; Montgomery County, Texas, which was set for trial on November 5, 2001. Various defendants in the state court action filed Motions to Transfer Venue and Motions for Forum Non Conveniens. All of these motions were resolved in favor of the plaintiffs. Additionally, various defendants filed Motions for Continuance in which were heard at a pre-trial hearing on October 5, 2001. The Judge denied all Motions for Continuance in this matter and stated the case of plaintiff Milton Babineaux, only, would proceed to trial on November 5, 2001 (the Judge indicated the other plaintiffs within this matter would proceed to trial in a fairly quick manner shortly thereafter, specifically stating the case of plaintiff Huey Sonnier would proceed to trial in January, although a date was not given).

On October 19, 2001, defendant Garlock filed a removal of this case to federal court. On October 31, 2001, Judge Fred Edwards of the 9th District Court in Montgomery County, Texas sent a written statement to all parties stating, if and when the case was remanded back to his court, he would give 30 days notice of a new trial setting.

The judge in the state court action has denied all motions for continuance filed by defendants and has given every indication the case of plaintiff Milton Babineaux would have been tried on November 5, 2001, with the trial of the other plaintiffs quickly following. Therefore, had this case not been removed to federal court by defendant Garlock, the case of plaintiff Milton Babineaux would have already been resolved. Further, the judge has given every indication to the parties that if this case is remanded, the case of Milton Babineaux will proceed to trial on an expedited basis, after the parties receive 30 days notice of a new trial setting.

Further affiant sayeth not.

BARRY L. BOBBITT


**SUBSCRIBED AND SWORN TO BEFORE ME** by BARRY L. BOBBITT on this ____ day of _____, 2001.

Notary Public



MONICA RIOS McHANEY
Notary Public
STATE OF TEXAS
My Comm. Expires 11-12-2003

EXHIBIT
B

C

1

United States District Court
Southern District of Texas
ENTERED

NOV 0 9 2001

Michael N. Milby, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| BILLY ARNOLD AND SYBIL ARNOLD; RICHARD BOYLE AND BARBARA BOYLE; ROBERT McCULLOUCH AND ANNETE McCULLOUGH, | § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO. C-01-478 |
| AC&S, INC., et al., | § § | |
| Defendants. | § | |

50

## ORDER

On this day came on to be considered Defendant Garlock Inc.'s ("Garlock") Application and Notice of Removal[1] and Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination as well as Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand and Plaintiffs' Motion to Sever all Claims against Bankrupt Defendants in the above-styled action. For reasons stated herein, the Court ORDERS that all claims against the Debtor[2] in this action be SEVERED and

---

[1] As an initial matter, Garlock has moved to supplement its Application and Notice of Removal with "inadvertently omitted pleadings." The Court grants Garlock's motion without expressing an opinion on the *reasons* for Garlock's incomplete removal of the instant case.

[2] Garlock removed nine cases at the same time to this Court based on alleged "related to" jurisdiction. The bankruptcy referred to throughout this Order (and in the other eight cases) is Case Number 01-10578, pending in the United States Bankruptcy Court

1



TRANSFERRED to the District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5).  The Court also ORDERS that all remaining claims be REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th Judicial District Court of Nueces County, Texas, where they were originally filed and assigned Cause Number 00-5582-C.

## I.   JURISDICTION

Garlock contends that this Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. §§ 1334(a)-(b) and that this case is removable pursuant to 28 U.S.C. § 1452(a).[3]

## II.   FACTS AND PROCEEDINGS

Billy Arnold and Sybil Arnold, Richard Boyle and Barbara Boyle, Robert McCullough and Annette McCullough (collectively,

---

for the District of Delaware.  Initially, Garlock failed to explain which entities were involved in that bankruptcy (styled "In Re Federal-Mogul Global, Inc.").  Thus, in many of the nine cases, Federal-Mogul was not a party and it appeared to this Court that the bankruptcy had nothing to do with the removed case.  At the hearing held on October 30, 2001, Garlock explained, and Plaintiff concurred, that the following entities were also a part of that bankruptcy, as subsidiaries and/or affiliates to Federal-Mogul: Gasket Holding, Inc., Flexitallic, Inc., T&N PLC, and T&N Ltd.  In this Order, these entities are collectively referred to as the "Debtor," and at least one of them was sued by the Plaintiff in this action at one time or another.  In this case, the relevant parties in bankruptcy are Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Co.); T&N PLC, f/k/a Turner & Newell PLC; T&N PLC (successor in interest to Keasbey & Mattison); Turner & Newell Industries, Inc., d/b/a United Gasket Corp.; and Turner & Newell, Ltd., d/b/a United Fabricated.

[3]      As a threshold matter, the other named defendants do not need to consent to removal in the bankruptcy context.  See Creasy v. Coleman Furniture Corp., 763 F.2d 656 (4th Cir. 1985); Sommers v. Abshire, 186 B.R. 407, 409 (E.D. Tex. 1995);  Plowman v. Bedford Financial Corp., 218 B.R. 607, 616 (N.D. Ala. 1998).

"Plaintiffs") brought an asbestos personal injury suit in the 94th Judicial District Court of Nueces County, Texas, against numerous Defendants, including Garlock, on October 12, 2000.  On December 22, 2000, Garlock filed a Cross-Action against "all Co-Defendants" for indemnification and/or contribution.  The Debtor filed for Chapter 11 bankruptcy within 90 days of Garlock's filing of the Notice and Application for Removal. Garlock removed the state court action to this Court on October 19, 2001, asserting the existence of federal question jurisdiction.  Garlock alleges this Court has original jurisdiction of the removed case pursuant to 28 U.S.C. §§ 1334(a) & (b) and that removal is proper pursuant to 28 U.S.C. § 1452(a). Plaintiffs filed, among other things, (1) a Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand; and (2) a Motion to Sever all Claims against Bankrupt Defendants on October 30, 2001.  This case is one of nine asbestos personal injury cases removed by Garlock to this Court.[4] At a hearing held to consider both Garlock's Emergency Motion to Transfer and Plaintiffs' Motion to Remand, counsel for Plaintiffs represented that it had either dismissed or attempted to dismiss the Debtor and all entities related to the Debtor (all involved in the bankruptcy) from the nine lawsuits.  However, some of those dismissals occurred

---

[4]Those cases are as follows: (1) C-01-477; (2) C-01-478; (3) C-01-479; (4) C-01-480; (5) C-01-481; (6) C-01-482; (7) C-01-483; (8) C-01-484; and (9) C-01-485.

after removal, and so the Debtor remained a party in some of the nine cases.   Plaintiffs' counsel agreed to dismiss all claims against the Debtor or its subsidiaries (also in bankruptcy) with prejudice in all nine cases.[5] Defendants filed a Response to Plaintiffs' Motion to Remand on November 1, 2001.   The Court now conducts an examination of its jurisdiction over the instant action.

## III. DISCUSSION

### A.   REMOVAL BASED ON FEDERAL QUESTION JURISDICTION GENERALLY

It is well-settled that the removing party bears the burden of showing that removal was proper.  Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  This burden extends to demonstrating the jurisdictional basis for removal.  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Delgado v. Shell Oil Co., 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); Albonetti v. GAF Corp. - Chem. Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Butler v. Polk, 592 F.2d 1293, 1296

---

[5]As is indicated, infra, the Court grants Plaintiffs' Motion to Dismiss.

4

(5th Cir. 1979); Walters v. Grow Group, Inc., 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

In general, an action is removable to a federal court only if it might have been brought there originally.  See 28 U.S.C. § 1441(a); Avitts v. Amoco Production Co., 53 F.3d 690, 693 (5th Cir. 1995).  The venue for removed actions is the district and division in which the state court action is pending.  28 U.S.C. § 1441(a); Polizzi v. Cowles Magazines, Inc., 345 U.S. 663, 73 S. Ct. 900, 902 (1953); Bacik v. Peek, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993). District courts have original, federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-2856 (1983).   Further, allegations which raise substantial questions of federal common law by implicating important foreign policy concerns confer federal question jurisdiction.  Torres v. Southern Peru Copper Corp., 113 F.3d 543 & n.8 (5th Cir. 1997).

The presence of federal question jurisdiction is governed by the well pleaded complaint rule.  Gully v. First Nat. Bank, 299

5

U.S. 109, 112-113, 57 S. Ct. 96, 97-98 (1936); <u>Powers v. South Central United Food & Commercial Workers Unions</u>, 719 F.2d 760, 764 (5th Cir. 1983).  The well pleaded complaint rule establishes that a "plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." <u>Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 876 F.2d 1157, 1160-61 (5th Cir. 1989)(citing <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846 (1983)). "Absent extraordinary circumstances, the well-pleaded complaint rule governs." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 367 (5th Cir. 1995).

### B.   REMOVAL AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1452 AND 1334

Section 1452(a) provides that a party may remove a claim or cause of action to *the district court where the civil action is pending* when that district court has jurisdiction over the claim under Section 1334.  <u>See</u> 28 U.S.C. § 1452(a). The majority of courts find that Bankruptcy Rule 9027, which provides for a 90 day time limit to remove matters, governs the removal procedure. <u>See, e.g.</u>, <u>In re TrafficWatch</u>, 138 B.R. 841 (Bankr. E.D. Texas 1992); <u>In re Donington, Karcher, Ronan & Rainone, P.A.</u>, 194 B.R. 750, 756 (D.N.J. 1996). Defendant has asserted that, pursuant to Rule 9027 of the Rules of Bankruptcy Procedure, the Application and Notice of Removal were filed properly within 90 days after the order for

relief in the Debtor's bankruptcy case.  Plaintiffs do not disagree
with this contention.

Section 1334(b) provides that the district courts have
jurisdiction over all civil proceedings arising under Title 11, or
arising in or related to cases under Title 11.  See 28 U.S.C. §
1334(b).  Garlock claims that the state court action is "related
to" the Debtor's Title 11 case, and thus this Court has removal
jurisdiction.  Though the "related to" cases are not limitless, a
claim is "related to" a case under Title 11 within the meaning of
28 U.S.C. § 1334(b) if the outcome of the proceeding could
conceivably have any effect on the estate being administered in
bankruptcy.  See, e.g., Celotex Corp. v. Edwards, 514 U.S. 300, 308
n.6 (1995)(surveying cases);  In re Bass, 171 F.3d 1016 (5th Cir.
1999)(quoting In re Walker v. Cadle Co., 51 F.3d 562, 569 (5th Cir.
1995)( a claim or cause of action is "related to" the bankruptcy
if the "outcome could alter the debtor's rights, liabilities,
options, or freedom of action (either positively or negatively) and
which in any way impacts upon the handling and administration of
the bankruptcy estate.");  In re Wood, 825 F.2d 90, 93 (5th Cir.
1987);  Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984)(an
action is related to bankruptcy if its outcome might alter the
rights, options, liabilities, or freedom of action of the debtor in
either a positive or negative way), impliedly overruled on other
grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116

7

S.Ct. 494, 133 L.Ed.2d 461 (1995). Normally, the question would be whether the monetary recovery sought by Plaintiffs and by Cross-Plaintiffs in the state court action would have an effect on the Debtor's estate being administered in bankruptcy. The only possible claim at issue which might be "related to" the Debtor's bankruptcy is Garlock's cross-action against "all Co-Defendants" for indemnification and/or contribution. In fact, at the hearing held on October 30, 2001, Garlock conceded that, after Plaintiffs' dismissal with prejudice of the Debtor, the only remaining claim relevant to the removal is Garlock's cross-claim against the Debtor for contribution. Arguably, claims such as the instant claim for contribution are not even ripe for adjudication. See, e.g., Pacor, 743 F.2d at 995 (discussing indemnification claims in the context of "related to" jurisdiction). Though this Court declines to find that Defendant lacks standing to remove, it should be noted that Garlock's contribution claims are, at best, tangentially and speculatively "related to" the bankruptcy. Compare, for example, Pacor, 743 F.2d at 995)("indemnity action not "related to" the bankruptcy); Matter of Walker, 51 F.3d 562 (5ᵗʰ Cir. 1995) with In Re Dow Corning, 86 F.3d 482, 486 (6ᵗʰ Cir. 1996); In re Harrah's Entertainment, Inc. Securities Litigation, 1996 WL 684463 (E.D. La., Nov. 26, 1996). Assuming, *arguendo*, that Garlock's claim for contribution is still viable after Plaintiffs' dismissal with

8

prejudice of the Debtor,[6] the Court finds removal proper based on Section 1452(a) and Section 1334, at least for those claims brought against the Debtor. In the end, it is clear that "related to" jurisdiction is treated very broadly under the <u>Pacor</u> test adopted by the Fifth Circuit in <u>Wood</u>. As such, the Court finds that the contribution claims are arguably "related to" the bankruptcy, as they could conceivably have an effect on the estate being administered in bankruptcy.

### C.   SEVERANCE OF CLAIMS AGAINST THE DEBTOR AND TRANSFER PURSUANT TO 28 U.S.C. § 157(b)(5)

Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." FED.R.CIV.P. 21. "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." <u>United States v. O'Neil</u>, 709 F.2d 361, 368 (5th Cir. 1983). The Court has broad discretion to sever claims. <u>See</u> <u>Brunet v. United Gas Pipeline Co.</u>, 15 F.3d 500, 505 (5th Cir. 1994).

---

[6] Texas law provides that "[e]ach liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code Ann. §33.016(b).

9

Because Plaintiffs no longer have claims against the Debtor in this case and because Plaintiffs' state court personal injury action has already proceeded so far in the state court system, severance of all claims against the Debtor appears warranted. Accordingly, the Court SEVERS out all claims against the Debtor (the "severed claims")[7] from the above-styled cause number. These severed claims shall retain the same cause number, however, as this Court determines all *other* claims are to be remanded for equitable reasons. See *infra* Section III.D.

In addition to removing this case, Garlock moved to transfer the case for venue determinations pursuant to 28 U.S.C. § 157(b)(5) to the District Court in which Debtor's bankruptcy is pending in Delaware. Title 28 U.S.C. § 157(b)(5) provides that

> [t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy is pending.*

28 U.S.C. § 157(b)(5)(emphasis added); <u>Baumgart v. Fairchild Aircraft Corp.</u>, 981 F.2d 824, 829 (5th Cir. 1993). One purpose of Section 157(b)(5) is "to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of a bankruptcy case." <u>A.H. Robins Co. v.</u>

---

[7]It is likely that Garlock's Co-Defendants also have claims against the Debtor. The Court reiterates that <u>all</u> claims against the Debtor are severed, whether asserted by Garlock or by other Defendants.

<u>Piccinin</u>, 788 F.2d 994, 1011 (4th Cir.1986), *cert. denied,* 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). The Fifth Circuit has noted that (1) the language of § 157(b)(5) delineates venue between the *bankruptcy courts* and the *district courts* ("non-core proceedings such as personal injury tort and wrongful death claims shall not be adjudicated in bankruptcy court, but in the Article III district court"); and (2) the district court in which the bankruptcy is pending shall have power to order tried in its own venue personal injury tort and wrongful death claims filed elsewhere, or to order such cases tried in the districts where the claims arose. <u>Baumgart v. Fairchild Aircraft Corp</u>., 981 F.2d 824, 833 (5th Cir. 1993).[8] The Court FINDS that transfer of the severed claims against the Debtor for venue determinations is warranted

---

[8] Garlock would have this Court simply transfer the entire action pursuant to 28 U.S.C. § 157(b)(5) while declining to first determine whether the Court has jurisdiction over the case at all. Though such a course of action would certainly yield the preferred result *for Garlock,* the Court declines to ignore settled principles regarding the limits of the jurisdictional authority of federal courts by simply skipping over an analysis of the propriety of removal in this case and becoming a legal way-station under Section 157(b)(5). 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added). A district court should constantly examine the controversies before it in order to determine the presence of subject matter jurisdiction and, if such jurisdiction is found lacking, the district court *must* remand to state court if appropriate, or otherwise dismiss. <u>See</u> <u>Coleman v. Alcolac, Inc.</u>, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995). In sum, the Court refuses to entertain a motion to transfer under 28 U.S.C. § 157(b)(5) *prior to* an examination of its jurisdiction.

under 28 U.S.C. § 157(b)(5).  Accordingly, the severed claims[9] are TRANSFERRED to the District Court in Delaware for a determination of venue.

**D.    AS A RESULT OF THE SEVERANCE AND TRANSFER UNDER SECTION 157(b)(5) OF CLAIMS AGAINST THE DEBTOR, ALL OTHER CLAIMS SHOULD BE REMANDED**

As this Court has severed out all claims against the Debtor and transferred them to the federal District Court in Delaware, the main claims remaining before this court are state law personal injury claims having nothing to do with Debtor's bankruptcy.  As such, remand of all such claims is proper under 28 U.S.C. § 1447(c)("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Moreover, even if the Court were to determine that it still had "related to" jurisdiction over the remaining claims by Plaintiff against *non-Debtor defendants*,[10] the Court would find equitable remand warranted under 28 U.S.C. §1452(b).    Garlock

_____

[9]Again, the Court reiterates that the "severed claims" include *all* claims against the Debtor whether asserted by Garlock or by other Defendants.

[10]Garlock notes that some Courts have held Section 157(b)(5) allows for the transfer of personal injury and wrongful death claims pending against non-debtor defendants who have been sued with a debtor under claims of joint and several liability.  See, e.g., In re Dow Corning Corp., 86 F.3d 496 (6th Cir. 1996); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). However, in this case, Plaintiff has claims against non-debtor defendants *and no claims against the debtor*. Such important issues were not adequately addressed by Garlock in its filings.

specifically removed pursuant to 28 U.S.C. § 1452(a). Removals accomplished pursuant to 28 U.S.C. § 1452(a) are subject to motions to remand pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides that the "court to which... claim[s] or cause[s] of action [are] removed may remand...on any equitable ground." Such equitable grounds include:

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

Seale v. Owens & O-M Mgmt Group, Inc., 134 B.R. 181, 184 (Bankr. E.D. La. 1991)(quoting Browning v. Navarro, 743 F.2d 1069, 1076 n.21)(5th Cir. 1984)). Having severed out all claims against the Debtor, this Court finds no reason to retain jurisdiction over the remaining claims and parties. Venue determinations regarding any claims (if there are any such claims truly remaining) against the Debtor by its former Co-Defendants may be dealt with in the District Court in Delaware. Equity counsels that other claims should be swiftly remanded and allowed to continue to proceed in state court.

An analysis of the facts of this case indicate numerous factors favoring equitable remand are present. First, after severance, all that remains is an asbestos personal injury case

governed by state law and brought by Plaintiffs against a group of
non-debtor Defendants.  The state court from which this action was
removed is certainly better able to respond to questions involving
state law; moreover, that court has already extensively dealt with
this case and is well-suited to continue trial on the merits of the
state claims.  Principles of comity likewise support swift remand.
Additionally, Garlock's artfully-crafted tale of exponentially
increasing litigation caused by duplicative trials of Plaintiffs'
personal injury claims both in state court and in the  Bankruptcy
Court is inapplicable and misleading.  Garlock conveniently forgets
in its Response to Plaintiffs' Motion to Remand that not only did
Counsel for Plaintiffs move in open court to dismiss all claims
against the Debtor with prejudice, but Plaintiffs additionally
asserted that *they would not file any proofs of claim in the
Debtor's Bankruptcy case.*  This Court acknowledges Plaintiffs'
assertions, and hereby GRANTS Plaintiffs' Oral Motion to Dismiss
all Claims against the Debtor with Prejudice.  Moreover, Garlock's
claims for contribution are tenuous and remote, at best.[11]  Finally,

_____

[11]Even if Garlock is entitled to continue with its claim
against the Debtor, it is unclear whether Garlock's claim is
anything more than mere boilerplate language inserted in its
Answer.  Garlock has never attempted to do any discovery of the
Debtor in this case, nor has Garlock ever attempted to get
contribution from Debtor in the myriad of prior cases in which
Garlock has "asserted" cross-claims for contribution against
Debtor.  Though Garlock devotes much of its Response to Plaintiffs'
Motion to Remand explaining to this Court why lack of historical
collection and/or prosecution of its contribution claims should not
have any effect on this Court's analysis, Garlock utterly fails to

and perhaps most importantly, it is prejudicial and inherently
unfair to the numerous parties who did not join in removal to
interrupt a case already well-rooted in the state court. In fact,
even when given the opportunity to speak at the hearing, not one of
the involuntarily-removed defendants stood in support of Garlock's
removal. An evaluation of the relevant factors convinces the Court
that remand of the remaining claims, after severance of those
claims against the Debtor, is the proper course of action.

### E.   MANDATORY AND PERMISSIVE ABSTENTION

Section 1334 provides for two types of abstention:
discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory
abstention under 28 U.S.C. § 1334(c)(2). Section 1334(c)(1)
provides that:

> Nothing in this section prevents a district court in the
> interest of justice, or in the interest of comity with
> State courts or respect for State law, from abstaining
> from hearing a particular proceeding arising under title
> 11 or arising in or related to a case under title 11.

Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon
> a State law claim or State law cause of action, related
> to a case under title 11 but not arising under title 11
> or arising in a case under title 11, with respect to
> which an action could not have been commenced in a court
> of the United States absent jurisdiction under this
> section, the district court shall abstain from hearing

---

explain the lack of prosecution and development of *this*
contribution claim. Finally, even if Garlock is entitled to
contribution, such a claim is arguably not ripe unless and until
Plaintiffs succeed in their claim against Garlock in the state
court action.

such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Any abstention issues (whether mandatory or permissive) as they pertain to the contribution claims may, however, be decided by the District Court in Delaware.

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS that all claims against the Debtor in this action be SEVERED and TRANSFERRED to the District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5).  The Court also ORDERS that all remaining claims and causes of action be REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th Judicial District Court of Nueces County, Texas, where the case was originally filed and assigned Cause Number 00-5582-C.

SIGNED and ENTERED on this the _____ 7th of November, 2001.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

FILED

NOV 2 8 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| IN RE:<br>FEDERAL-MOGUL GLOBAL, INC., | )<br>)<br>)<br>)<br>)<br>) | **Case No. 01-10578**<br>**Chapter 11**<br>**(Pending in the United States Bankruptcy**<br>**Court for the District of Delaware)** |
| ROSE COATS, Individually and as<br>Personal Representative of the Heirs and<br>Estate of Frank Coats,<br><br>      Plaintiff,<br><br>vs.<br><br>ACANDS, INC., et al.,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **CIVIL ACTION NO. SA-01-CA-971-FB** |

**ORDER OF REMAND FOR LACK OF**
**SUBJECT MATTER JURISDICTION**

Before the Court are the Application and Notice of Removal (docket no. 1) and Emergency

Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination (docket

no. 3) filed by defendant Garlock, Inc. ("Garlock"), as well as Plaintiffs' Motion for Remand for

Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or

Equitable Remand (attached to docket no. 10 and marked "Received" by the District Clerk on

October 31, 2001) and plaintiff's Motion to Sever all Claims Against Bankrupt Defendants (docket

no. 9), along with plaintiff's Notice of Dismissal with Prejudice (docket no. 12) of any and all claims

as to the debtor Federal-Mogal Corporation. Supplements, responses and replies (docket nos. 8, 13,

14, 17, 18, 19, attached to docket no. 20 and marked "Received" by the District Clerk on November

16, 2001, & 21) have been filed. Also pending are motions to appear pro hac vice (docket nos. 2,

24-



7 & 16), to exceed the page limit (docket nos. 10 & 20) and for expedited hearing (docket nos. 4 & 11), which are GRANTED.

For the reasons stated in Allphin v. Acand S, Inc., Civil Action No. G-01-660 (S.D. Tex. Nov. 19, 2001), Wayne v. AC&S, Inc., Case Number 1:01-CV-724 (TH) (E.D. Tex. Nov. 16, 2001), and Gill v. ACANDS, Inc., Civil Action No. 3:01-CV-2110-G (N.D. Tex. Nov. 15, 2001), and based upon the analysis set forth in Arnold v. AC&S, Inc., Civil Action No. C-01-478 (S.D. Tex. Nov. 9, 2001), this Court is of the opinion that bankruptcy subject matter jurisdiction does not exist and this case should be remanded to the state court from which it was removed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand (attached to docket no. 10 and marked "Received" by the District Clerk on October 31, 2001) is GRANTED such that the above-styled and numbered cause is REMANDED to the 131st Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction. The District Clerk is directed to send a certified copy of this order to the clerk of the state court. Plaintiff's Motion to Sever all Claims Against Bankrupt Defendants (docket no. 9) is DISMISSED as MOOT. Remaining motions pending with the Court, if any, are dismissed.

It is so ORDERED.

SIGNED this ____28____ day of November, 2001.

FRED BIERY
UNITED STATES DISTRICT JUDGE

2

**3**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 1 5 2001

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| HELEN McWHORTER, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) |
| | ) |
| ACANDS, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.

7:01-CV-0211-G

ENTERED
NOV 16 2001
U.S.D.C.

## ORDER

Before the court are the following motions: (1) the motion of the plaintiffs,
Helen and Leon McWhorter (collectively, "McWhorter") to sever all claims against
bankrupt defendants in this action, (2) the motion of McWhorter to remand this
case to the state court from which it was previously removed, and (3) the emergency
motion of defendant Garlock, Inc. to transfer this case pursuant to 28 U.S.C.
§ 157(b)(5). The motions are granted in part and denied in part.

In *Arnold, et al. v. AC&S, Inc., et al.*, No. C:01-CV-478 (S.D. Tex, Nov. 9,
2001), the U.S. District Court for the Southern District of Texas, Corpus Christi
Division, Janice Graham Jack presiding, severed all claims against the debtor in

Certified a true copy of an instrument
on file in my office on _____
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

31

EXHIBIT
C3

that action, transferred those claims to the district court in Delaware, and remanded

the remainder of the claims to the state court in which they were originally filed. The

reasoning of *Arnold* is unassailable, and this case is indistinguishable from it. For the

reasons stated in *Arnold*, all claims in this action against debtors Federal Mogul

Corporation; T&N PLC f/k/a Turner & Newell PLC; T&N as successor in interest to

Keasby & Mattison; and Turner & Newell Ltd. d/b/a United Fabricated are

**SEVERED** and **TRANSFERRED**, pursuant to 28 U.S.C. § 157(b)(5),[*] to the

**United States District Court for the District of Delaware**. All remaining claims

are **REMANDED**, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the **30th**

**Judicial District Court of Wichita County, Texas**, where they were originally filed.

The clerk shall mail a certified copy of this order to the district clerk of

Wichita County, Texas. 28 U.S.C. § 1447(c).

**SO ORDERED.**

November __15__, 2001.

_A. Joe Fish_
A. JOE FISH
United States District Judge

---

[*]     Garlock simultaneously removed seven cases to this court based on alleged "related to" jurisdiction. The bankruptcy referred to in this order (and in the three remaining cases) is Case Number 01-10578, pending in the United States Bankruptcy Court for the District of Delaware.

- 2 -

**4**

EOD 11-20-01



FILED CLERK

01 NOV 19 PM 1:43

TX EASTERN BEAUMONT

BY B. Carter

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

CHARLES COMBS et al., §
    Plaintiffs, §
                §
v. §   **CASE NUMBER 3:01-CV-046 (TH)**
                §
ABLE SUPPLY CO. et al., §
    Defendants. §

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

Before the Court is *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc. No. 10]. After considering the motion, removing-defendant Garlock Inc.'s ("Garlock's") *Application and Notice of Removal Filed by Defendant Garlock Inc.* [Doc. No. 1], its supplement thereto [Doc. No. 9], its response to plaintiffs' motion for remand [Doc. No. 29], its *Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination* [Doc. No. 2], plaintiffs' response thereto [Doc. No. 14], plaintiffs' *Motion to Sever All Claims against Bankrupt Defendants* [Doc. No. 13], and Garlock's response thereto [Doc. No. 20], the Court is of the opinion that the above-captioned case should be remanded.

### Background

This case presents the question of whether one defendant's bare-bones assertion of cross-claims against bankrupt co-defendants gives this Court subject matter jurisdiction over an asbestos case otherwise lacking a federal question and without diversity of citizenship. Garlock, one of forty-two defendants, removed plaintiffs' asbestos case arguing that the boilerplate cross-claims against all co-defendants in its state court answer gives this Court subject matter jurisdiction by virtue of a few co-defendants' filing bankruptcy.



32

## Legal Standard

The removing party, Garlock, has the burden of establishing federal jurisdiction over this case. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). It removed the case pursuant to Title 28, United States Code, Section 1452(a), arguing that this Court has subject matter jurisdiction because this case is "related to" a Chapter 11 bankruptcy case involving some of Garlock's co-defendants as required by Section 1334(b). See 28 USC § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."); 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, arising in or *related to* a case under title 11." (emphasis added)). A case is related to a bankruptcy case if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" In re Walker, 51 F.3d 562, 569 (5th Cir. 1995) (quoting In re Wood, 825 F.2d 90, 92 (5th Cir. 1987)).

If the Court finds that this case is not related to the bankruptcy case, the Court lacks subject matter jurisdiction and should remand the case pursuant to Title 28, United States Code, Section 1447(c). 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Even if this Court finds that this case is related to the bankruptcy case, the Court has broad discretion to abstain from hearing the case "in the interest of justice, or in the interest of comity with State courts or respect for State law" under Section 1334(c)(1). 28 U.S.C. § 1334(c)(1); In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996)) (noting the district court's "broad discretion" to abstain under Section 1334(c)(1)). The Court can also remand the case "on any equitable ground" under Section 1452(b). 28 U.S.C. § 1452(b).

## Analysis

Garlock argues that this case is related to its co-defendants' bankruptcy case by virtue of its cross-claims against those co-defendants; however, Garlock has provided no facts to support these scantily asserted cross-claims. Instead of meeting its burden of establishing federal jurisdiction by providing a factual basis, Garlock has asked the Court to simply assume that its cross-claims against the bankrupt co-defendants exist. Assuming that Garlock's claims are real, the Court **FINDS** that Garlock's claims are so tenuously related to the bankruptcy case involving Garlock's co-defendants as to be virtually immaterial at this time.

Accordingly, the Court **FINDS** that the Court lacks subject matter jurisdiction over this case. Therefore, the case must be remanded pursuant to Title 28, United States Code, Section 1447(c). If this case were related to the bankruptcy case, in the interest of justice and in the interest of comity with Texas courts and out of respect for Texas law, the Court would **ABSTAIN** from hearing the case under Title 28, United States Code, Section 1334(c)(1). Additionally or alternatively, the Court **REMANDS** the case out of concern for the same interests pursuant to Title 28, United States Code, Section 1452(b).

## ORDER

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc. No. 10] is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to send a certified copy of this order of remand to the 62nd district court of Hopkins County, Texas.

**IT IS FURTHER ORDERED** that the Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Signed this 19th day of November, 2001.

Thad Heartfield
United States District Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| GLENDA ALLPHIN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-01-660 |
| | § | |
| ACandS, INC., et al. | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

This case is one of sixteen lawsuits recently removed to this Court from various state district

courts throughout Texas. In each of these cases, Plaintiffs filed state court actions asserting various

asbestos-related personal injury and/or wrongful death claims against nearly fifty defendants,

including Gasket Holding, Inc., a subsidiary of Federal Mogul Corporation (""Federal Mogul""). On

October 1, 2000, Federal Mogul filed a Chapter 11 bankruptcy petition in the United States

Bankruptcy Court for the District of Delaware. Shortly thereafter, on October 22, 2001, Defendant

Garlock, Inc. (""Garlock"") filed an Application and Notice of Removal in this Court, seeking to

remove the instant cause of action on the basis of 28 U.S.C. §§ 1452(a), along with an Emergency

Motion to Transfer Civil Action Pursuant to 28 U.S.C. §§ 157(b)(5) for Venue Determination. In

response, Plaintiffs filed a Motion for Remand for Lack of Subject Matter Jurisdiction, for

Mandatory Abstention, or for Discretionary Abstention or Equitable Remand, as well as a Motion

to Sever All Claims Against Bankrupt Defendants.

After careful consideration of all of the pleadings and evidence submitted by both parties

herein to date, the Court has determined that bankruptcy subject matter jurisdiction does not exist



in this case under § 1334(a) and (b), as averred by Defendant Garlock, and therefore was improperly removed under § 1452(a). As such, the Court hereby **REMANDS** this case to the 23rd Judicial District Court of Brazoria County, Texas for **LACK OF SUBJECT MATTER JURISDICTION.** The Court further notes that pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is "not reviewable on appeal or otherwise." See also, e.g., In re Rayburn Enterprises, 781 F.2d 501, 502-03 (5th Cir. 1986); Compton v. Compton, 711 F.2d 626, 627 (5th Cir. 1983) (both holding in the context of bankrupty-related cases that "[w]hether the remand order be viewed as one of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review it").

**IT IS SO ORDERED.**

**DONE** this _16_ day of November, 2001 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NOV 1 5 2001

CLERK, U.S. DISTRICT COURT

By _____

DENNIS GILL, Individually and as )
Personal Representative of the Heirs and )
Estate of ROBERT GILL, Deceased, )
ET AL., )
    )
            Plaintiffs, )
    )
VS. )
    )
ACANDS, INC., ET AL., )
    )
            Defendants. )

CIVIL ACTION NO.

3:01-CV-2110-G

ENTERED
NOV 16 2001
USDC

## ORDER

Before the court are the following motions:  (1) the motion of the plaintiffs,

Dennis Gill, individually and as personal representative of the heirs and estate of

Robert Gill, and Ann Smith, individually and as personal representative of the heirs

and estate of Stephen Smith (collectively, "the plaintiffs"), to sever all claims against

bankrupt defendants in this action, (2) the motion of the plaintiffs to remand this

case to the state court from which it was previously removed, and (3) the emergency

motion of defendant Garlock, Inc. to transfer this case pursuant to 28 U.S.C.

§ 157(b)(5).  The motions are granted in part and denied in part.



EXHIBIT

C6

Certified a true copy of an instrument
on file in my office on _1/16/01_
Clerk, U.S. District Court,
Northern District of Texas
By _____ Deputy

In *Arnold, et al. v. AC&S, Inc., et al.*, No. C:01-CV-478 (S.D. Tex, Nov. 9,

2001), the U.S. District Court for the Southern District of Texas, Corpus Christi

Division, Judge Janice Graham Jack presiding, severed all claims against the debtor in

that action, transferred those claims to the district court in Delaware, and remanded

the remainder of the claims to the state court in which they were originally filed.  The

reasoning of *Arnold* is unassailable, and this case is indistinguishable from it.  For the

reasons stated in *Arnold*, all claims in this action against debtors Federal Mogul

Corporation (sued individually and as successor in interest to T&N PLC, T&N Ltd.,

and/or T&N, Inc. and as successor in interest to Cooper Automotive Division of

Cooper Industries, Inc.); Wagner Electric Corporation and Abex Corporation f/k/a

American Brake Shoe Company and American Brake Shoe and Foundry Company

(successor-by-merger to the American Brake Shoe and Foundry Company f/k/a the

American Brake Block Corporation); and Gasket Holding, Inc. (sued individually and

as successor in interest to Flexitallic Gasket Company) are **SEVERED** and

**TRANSFERRED**, pursuant to 28 U.S.C. § 157(b)(5),[*] to the **United States**

**District Court for the District of Delaware**.  All remaining claims are

---

[*]     Garlock simultaneously removed seven cases to this court based on
alleged "related to" jurisdiction.  The bankruptcy referred to in this order (and in the
three remaining cases) is Case Number 01-10578, pending in the United States
Bankruptcy Court for the District of Delaware.

**REMANDED**, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the **40th**

**Judicial District Court of Ellis County, Texas**, where they were originally filed.

The clerk shall mail a certified copy of this order to the district clerk of Ellis

County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

November **15**, 2001.

_____

A. JOE FISH
United States District Judge

- 3 -

**7**

**FILED**

**NOV 1 5 2001**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Alvin Conley Gober and Fannie Mae Gober; | § | |
| Linda Burnett, Individually and as Personal .. | § | |
| Representative of the Heir and Estate of | § | |
| Bobby Turpen, Deceased; Louie Halcombe; | § | |
| Gene Harris; Derwin Anderson and Evelyn | § | |
| Anderson; Glynn McCoy and Henley | § | Civil No.  A: 01 CV 714 JRN |
| "Robbie" Robinson and Mildred Jean | § | |
| Robinson | § | |
|        Plaintiffs | § | |
| | § | |
| v. | § | |
| | § | |
| Able Supply Co. | § | |
|        Defendants | § | |

---

| | | |
|---|---|---|
| IN RE: | § | |
| UNITED STATES MINERAL PRODUCTS | § | Case No. 01-02471 -ijf |
| COMPANY | § | Chapter 11 |
|        Debtor | § | (Pending in U.S. Bankruptcy Court for |
| | § | District of Delaware) |

### ORDER

Before the Court is Plaintiffs' Motion For Remand For Lack of Subject Matter

Jurisdiction, For Mandatory Abstention, or For Discretionary Abstention or Equitable Remand

(Clerk's Doc. No. 10) and Defendant Garlock's Unopposed Motion to Withdraw Notice and

Application of Removal and Remand Proceeding to State Court.  The Plaintiffs argue that

Defendant Garlock lacks standing to remove this case because it settled this action 18 months

ago.  Furthermore, the debtor U.S. Mineral Company was nonsuited on July 30, 2001.  Defendant

Garlock acknowledges that removal of this action was in error and has moved to remand the

case.

Neither the removing defendant nor the debtor are parties to this lawsuit. "Federal courts

19



are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114

S. Ct. 1673, 1675 (1994).  The Court finds that it lacks subject matter jurisdiction in this matter.

IT IS ORDERED that this case be REMANDED to the 261ˢᵗ District Court in Travis

County.

IT IS FURTHER ORDERED that all pending motions are DENIED.

FINALLY, IT IS ORDERED that this case be CLOSED.

SIGNED and ENTERED this the 15ᵗʰ day of November 2001.


JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE

**D**

AFFIDAVIT OF JEFFREY B. SIMON

STATE OF TEXAS                          §
                                        §
COUNTY OF DALLAS                        §

     **BEFORE ME**, the undersigned authority, on this day personally appeared JEFFREY B. SIMON known to me or through his drivers' license and who, upon his oath, deposes and states as follows:

     "My name is JEFFREY B. SIMON. I am over the age of 18 years and I am of sound mind and am in all ways competent to make this affidavit. All the statements contained herein are true and correct, and are based upon my personal knowledge.

     I am counsel for Plaintiffs in the cases of Douglas Kwasnik and Arliene Pearson vs. ACandS, Inc., et al, Cause No. EP-01-CA-0379, in the United States District Court for the Western District of Texas, El Paso Division. I am counsel for Plaintiffs in the matter of Debra Kulaw, Individually and as Personal Representative of the Heirs and Estate of LeVaughn Darnold, Plaintiffs, vs. ACandS, Inc., et al, in the United States District Court for the Southern District of Texas, Brownsville Division, Cause No. B01CV178.

     On Wednesday, October 24, 2001, and Thursday, October 25, 2001, I spoke on the telephone with Paul Hanly, Jr. Mr. Hanly explained the following items to me that are within his personal knowledge and are true and correct and that, subject to subpoena, he would verify the following by deposition:

1. Mr. Hanly has served as Chief National Trial and Coordinating Counsel in asbestos-related injury and wrongful death claims for Federal Mogul Corporation, Gasket Holding, Inc., Flexitallic, Inc., T&N PLC, T&N LTD., Wagner Electric Corporation, Ferodo Corporation, and related companies since March of 1998.
2. Mr. Hanly has served as trial counsel for T&N entities, Flexitallic, Inc., and Ferodo Corporation since 1981. He has been Chief National Trial and Coordinating Counsel for those companies since 1985.
3. No one alive has more knowledge regarding the history and trial strategy of asbestos-related injury and wrongful death cases of those above-mentioned entities than does Mr. Hanly.
4. During the time in which Mr. Hanly has represented T&N, T&N has resolved approximately 500,000 lawsuits filed in claims for asbestos-related personal injury and/or wrongful death. During that period of time, Garlock, Inc., has been a co-defendant in several hundred thousand of those lawsuits.
5. While Mr. Hanly has represented Federal Mogul Corporation, Federal Mogul Corporation has resolved approximately 250,000 lawsuits filed in claims for asbestos-related personal injury and/or wrongful death. Garlock, Inc., was a co-defendant in most of those claims.
6. None of the corporations that Mr. Hanly represents have ever paid Garlock any money through either settlement or judgment for any cross claim, claim for contribution, or claim for indemnity. Similarly, Garlock has never paid any money to Mr. Hanly's clients for any cross claim, claim for contribution, or claim for indemnity.
7. To his knowledge, Garlock has never demanded any payment or affirmatively made any claim for payment as a cross claim, claim for contribution, or claim for indemnity of any

of the corporations represented by Mr. Hanly.

8. Garlock does not and historically has not filed formal or affirmative pleadings seeking cross claim, contribution, or indemnity from any of the corporations represented by Mr. Hanly, other than those cross claims that are deemed to have been filed by Garlock's having filed an Answer to a Plaintiff's claim, as exists in the provisions of certain Standing Orders in Texas and similar orders of certain courts in some other states.

9. Garlock has never conducted formal discovery against any of those corporations represented by Mr. Hanly, including, but not limited to, never having deposed a Federal Mogul or T&N witness.

10. Garlock has never attempted to prove liability against Federal Mogul or T&N in any case in which they remained with Garlock as trial defendants.

11. Federal Mogul Corporation and T&N and Gasket Holding, Inc., have been sued by hundreds of clients represented by Waters and Kraus, and in a professional context, the interest of Federal Mogul Corporation and T&N and other companies represented by Mr. Hanly are adverse to those of the claimants represented by Waters and Kraus.

12. Mr. Hanly has not received any guarantees or promises in exchange for his testimony; he will tell the truth in response to a subpoena.

13. Garlock has never exercised any cross claim, claim for contribution, or a claim for indemnity against Federal Mogul Corporation or T&N or any related company. Such claims, if any, have been a non-event for Garlock and for the companies represented by Mr. Hanly in the resolution of hundreds of thousands of claims in which Garlock and Mr. Hanly's clients were co-defendants. Similarly, Mr. Hanly's clients' rights, if any, to levy cross-claims, claims for contribution, or claims for indemnity against Garlock, Inc. have never been exercised in the resolution of hundreds of thousands of claims over many years.

14. Paul Hanly Jr. was served with a subpoena to testify regarding these matters by telephonic deposition scheduled for Friday October 26, 2001, at 2:00 p.m. EST. A notice of deposition was served upon more than one counsel for Garlock, Inc. Upon objection to the deposition by attorney Mitchell Chaney, counsel of Garlock, Inc., the deposition scheduled for October 26, 2001, was canceled. The deposition has been rescheduled to occur on Friday November 2, 2001, 11:00 a.m., at attorney Hanly's offices. Copies of the subpoena issued upon Mr. Hanly, the notice of deposition for October 26, 2001, Garlock Inc. attorney Chaney's letter objecting to the deposition scheduled for October 26, 2001, and Plaintiff's First Amended Notice of Intent to take the Oral Deposition of Mr. Hanly, subject to Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand, are attached to this Affidavit respectively as Exhibits 1, 2, 3, and 4.

Further affiant sayeth not.

_____
JEFFREY B. SIMON

**SUBSCRIBED AND SWORN TO BEFORE ME** by JEFFREY B. SIMON on this 26th day of October, 2001.

_____
Notary Public

[ S E A L ]

CORRINE M KUZMA
NOTARY PUBLIC
State of Texas
Comm. Exp.07-30-2002

E

## UPDATE REGARDING *Maydell Roy v. Able Supply Company*

*Maydell Roy v. Able Supply Company* is currently on hold, due to an action of removal to Federal Court.  Should the case be remanded to state court, the 9th District Court will give 30 days notice of a new trial setting for *Babineaux* via E file.

