**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 09 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | MDL Docket No. 875 |

MARILYN TRIPLETT, Executrix of the Estate of )
JAMES K. TRIPLETT deceased, and )
MARILYN E. TRIPLETT, individually )
)
    Plaintiff )   Case No: 3:01-CV-11-S
)    W.D. Kentucky
v. )   Judge Charles R. Simpson, III
)
MINNESOTA MINING AND )
MANUFACTURING CO. )
)
    Defendant )

**MINNESOTA MINING AND MANUFACTURING COMPANY'S
REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR TRANSFER OF CASE TO THE
EASTERN DISTRICT OF PENNSYLVANIA
FOR INCLUSION IN THE MDL-875 DOCKET
AS A TAG-ALONG ACTION**

\* \* \* \* \*

Comes now the Defendant, Minnesota Mining and Manufacturing Company ("3M"), by

counsel, pursuant to 28 U.S.C. § 1407 and R.P.J.P.M.L. 7.5(e), for its reply brief in support of its

IMAGED JAN 11 '02      OFFICIAL FILE COPY

motion to transfer this case to the Eastern District of Pennsylvania for inclusion in the MDL-875 Docket as a "tag-along action" states as follows:

## ARGUMENT

Plaintiff offers two erroneous arguments for opposing the transfer of this case to the MDL-875 docket. They are:

- The MDL-875 Docket is purportedly restricted only to defendants that are *asbestos-containing product manufacturers*.

- Plaintiff claims to have been exposed not only to *asbestos*, but to *silica* as well, and therefore *this case* does not contain common questions of law or fact to those cases on the MDL-875 docket.

Both arguments illustrate a fundamental misunderstanding of the types of cases intended to be handled within the MDL-875 docket. The *Triplett* case belongs in the Eastern District of Pennsylvania because (1) The MDL-875 docket applies to all allegations of personal injury or wrongful death caused by asbestos, and (2) Concurrent exposure to silica does not negate the common questions of fact between the Plaintiff's claims and the other cases in the MDL-875 docket.

**1.   The MDL-875 Docket Applies to All Allegations of Personal Injury or Wrongful Death Caused by Asbestos; Transfer of this Case is Therefore Clearly Appropriate.**

In this case, Plaintiff alleges that 3M is liable for the lung cancer of Plaintiff's decedent because at times he allegedly wore a 3M 8500 nuisance dust mask.[1] In her response brief, Plaintiff admits that asbestos is one of the primary carcinogenic dusts to which she claims Mr. Triplett, Plaintiff's decedent, was exposed and which caused him injury:

> As a pipefitter, James K. Triplett performed repair work throughout the plant and was exposed to silica from its use as a raw material in the plant. ***He also had***

---

[1] Plaintiff's counsel in his Response Brief alleges numerous "facts" involving what Mr. Triplett knew and his motives for taking certain actions. Mr. Triplett died one and one-half years before this lawsuit was filed and there is simply no evidence in the record to support most, if not all, of these alleged facts.

2

> *exposure to asbestos, in the form of insulation, which he had to remove from pipes and vessels.*
>
> ...
>
> [Mr. Triplett's] chest x-rays evidence changes that are consistent with *inhalation* of both *asbestos* and silica.

(Plaintiff's Response to 3M's Motion to Transfer to MDL-875 Docket, p. 3) (emphasis added). Of course, the Plaintiff's counsel admitted in writing to 3M that *"Mr. Triplett's lung cancer was caused in part by his exposure to asbestos..."* (See Tab 4, 3M's Motion and Brief for Transfer of Case to the Eastern District of Pennsylvania).

On January 17, 1991, the Judicial Panel of Multidistrict Litigation ("Judicial Panel") issued an order to show cause why all federal district court actions *"involving allegations of personal injury or wrongful death caused by asbestos"* should not be centralized in a single forum. *In Re Asbestos Products Liability Litigation,* 771 F.Supp. 415, 416 (J.P.M.L. 1991). On July 29, 1991, the Judicial Panel determined that centralization of such cases was appropriate, creating what is now known as the MDL-875 docket. Id.

Plaintiff claims that 3M 8500 disposable nuisance dust masks were allegedly defective with respect to Mr. Triplett's usage. Plaintiff further claims that as a result, Mr. Triplett suffered personal injuries and wrongful death caused by asbestos exposure. As such, this case falls squarely within the category of cases intended for transfer to the MDL-875 docket.

This is not a novel question for the Judicial Panel. Obviously, the Judicial Panel has implicitly agreed that asbestos personal injury cases against 3M for alleged defective masks are intended for transfer to the MDL-875 docket. How do we know that? Because hundreds of asbestos personal injury suits in which 3M is a defendant are currently pending in the MDL-875 docket. Most of these cases involve product liability complaints regarding 3M masks or respirators. The

MDL-875 docket is open to all cases involving "personal injury or wrongful death caused by asbestos." Plaintiff admits in her Response that this is such a case.

In short, the Plaintiff's argument that the MDL-875 docket is restricted only to cases with claims against asbestos-containing product manufacturers is simply wrong. The Plaintiff's contention that asbestos cases involving 3M should not be transferred is wrong.

2. **Concurrent Exposure to Silica Does Not Negate the Common Questions of Fact between Triplett's Asbestos Exposure and the Other Cases in the MDL-875 Docket.**

In 1991, the Judicial Panel determined as a matter of law that asbestos personal injury claims *involve one or more common questions of fact* as required by 28 U.S.C. § 1407(a). *In Re Asbestos Products Liability Litigation,* 771 F.Supp. 415 (J.P.M.L. 1991). On that basis, the Judicial Panel centralized all federal cases with "allegations of personal injury and wrongful death caused by asbestos." Id. at 416. Plaintiff would prefer that this Court re-conduct the 1991 analysis each time a motion to transfer to the MDL-875 docket is received. Certainly, it is appropriate for the Judicial Panel to examine whether the case involves "allegations of personal injury or wrongful death caused by asbestos." But Plaintiff's insinuation that the Judicial Panel must re-conduct the common questions of fact analysis in each case moved for transfer is wrong. This case is an asbestos personal injury action, regardless of the alleged additional exposure to silica, and that ends the inquiry.

It is apparent that Plaintiff is desperately attempting to avoid a transfer to the MDL-875 docket for strategic reasons. But Mr. Triplett's alleged additional exposure to silica dust is a classic red herring. It is simply immaterial to the sole issue in a motion to transfer to the MDL-875 docket, which is: Is this a case "involving allegations of personal injury or wrongful death caused by asbestos?"

Nearly every Plaintiff on the MDL-875 docket has been exposed to other respirable substances other than asbestos that may have affected their ultimate medical condition. That does not negate the claimed exposure to asbestos or the claimed injury from asbestos. Moreover, it does not negate the common fact questions associated with similar asbestos exposures in other cases on the MDL-875 docket.

Even on a case-level examination, the asbestos personal injury claims in this case involve innumerable common questions of fact with the other MDL-875 cases. Plaintiff's decedent, Mr. Triplett, was a pipefitter in a large factory where his job allegedly included the removal and installation of asbestos-containing insulation on pipes. (Plaintiff's Response to 3M's Motion to Transfer to MDL-875 Docket, p. 3). Plaintiff alleges that Mr. Triplett wore 3M 8500 nuisance dust masks on many occasions while at work. Plaintiff claims that the dust masks were defectively designed by virtue of the failure -- starting some 30 years ago -- to place a warning label on the masks. This failure allegedly caused Mr. Triplett's asbestos exposure and injuries.

This is a defective design case involving a failure to warn claim and clearly -- whether additional exposure to silica is alleged or not -- common questions of fact exist with the hundreds of other MDL-875 cases currently pending against 3M. The core issues in all such cases include, *inter alia*, the design of masks or respirators, the state-of-the-art with respect to masks or respirators, the medical and scientific literature regarding asbestos exposure and lung cancer, calculations regarding air concentrations of asbestos, the role of an employer to select the proper mask or respirator for the workplace environment, and the sufficiency of Plaintiff's asbestos causation proof. In sum, common issues of fact are apparent on the face of this case and exist throughout it.

In her response brief, Plaintiff forfeits credibility by repeating again and again a ***conclusion*** that this case has no common fact questions with MDL-875 cases, a dauntingly broad statement.

("The instant case has nothing in common with the tens of thousands of [other] asbestos product liability claims ...") (Response, p. 4-5); ("There is no factual overlap") (Response, p. 5); ("This claim is unique and has nothing in common with the cases pending in the MDL-Docket No. 875") (Response, p. 2). But Plaintiff does not bother to explain how she reaches that conclusion. That is because she cannot do so. No matter how Plaintiff attempts to dress it up, this is a standard MDL-875 case in which Plaintiff claims personal injury caused by asbestos exposure to a pipefitter over decades of time in an industrial setting.

The only unique aspect of this case is that Plaintiff chose to sue only one defendant -- not the scores of asbestos product manufacturers, as is typically done. It would defy logic for this distinction-without-a-difference to be determinative, much less relevant, to the analysis of a motion to transfer to the MDL-875 docket. It must be noted too that this is the distinction that 3M's counsel noted in a telephone call with Plaintiff's counsel, despite Plaintiff's false assertion in the Response Brief that 3M's counsel "repeatedly stated" that this case has "nothing in common with other dust mask cases which 3M is defending." (See Tab 1, Affidavit of Byron N. Miller). A simple review of Plaintiff's counsel's Certification will reveal that this statement was never made.

Just as important, Plaintiff also speciously argues that transferring this self-designated "unique" case to the MDL-875 docket will open the floodgates to the transfer of medical malpractice claims of misdiagnosis of asbestos-related injuries and legal malpractice claims for failing to file an asbestos personal injury action before the statute of limitations runs. This argument is intellectually insulting beyond description. A failure to diagnose case involves alleged medical negligence in the ***diagnosing of an existing medical condition.*** The relevant facts are those relevant to diagnosis. An attorney's failure to timely file a personal injury action involves the filing of legal documents and an understanding of the limitations statutes. Professional negligence cases are not claims of personal

injury or wrongful death caused by asbestos. Again, this is a standard MDL-875 case in which it is claimed that a deceased pipefitter sustained personal injuries caused by asbestos exposure over decades of time in an industrial workplace.

## CONCLUSION

The decision that asbestos-related personal injury and wrongful death cases should be coordinated and consolidated into one district for pretrial proceedings has been decided. It is not necessary for a case to have a majority of common factual issues with previously transferred cases to be considered a tag-along action. It is also not fatal to the transfer of a tag-along action that there exists additional or differing legal theories as long as the underlying action arises from a common factual nexus. Therefore, it is only necessary for the Panel to determine if a case filed after *In Re Asbestos Products Liability Litigation*, 771 F.Supp. 415 (J.P.M.L. 1991) -- like the *Triplett* case -- has the same common nexus with the cases previously transferred to the MDL-875 docket. The threshold question then becomes whether the case in which a transfer is being sought involves a claim for personal injury or wrongful death associated with exposure to asbestos. In this case, the answer is a clear and resounding yes.

3M respectfully requests that the Panel transfer this case to the Eastern District of Pennsylvania for inclusion in the MDL-875 Docket as a tag-along action.

Respectfully submitted,

THOMPSON MILLER & SIMPSON PLC

_____
Byron N. Miller
The LG&E Building, Suite 1700
220 W. Main Street
Louisville, Kentucky 40202
(502) 585-9900
COUNSEL FOR DEFENDANT
MINNESOTA MINING AND
MANUFACTURING COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was served via U.S. Mail this 8th day of January, 2002 upon the following:

| Counsel | Phone / Fax | Description |
| --- | --- | --- |
| Wodka, Steven H.<br>577 Little Silver Point Road<br>P.O. Box 66<br>Little Silver, New Jersey 07739-0066 | (732) 530-2815<br>(732) 530-3627 | Co-Counsel for Plaintiff |
| Scott, David V.<br>Scott & Forrest<br>409 Bank Street<br>P. O. Box 785<br>New Albany, Indiana 47151-0785 | (812) 945-9151<br>(812) 945-6131 | Co-Counsel for Plaintiff |
| Priddy, Alton D.<br>Priddy, Isenberg, Miller & Meade P.S.C.<br>Suite 800<br>429 W. Muhammad Ali Blvd.<br>Louisville, Kentucky 40202 | (502) 587-8600<br>(502) 569-2744 | Co-Counsel for Plaintiff |
| United States District Court<br>Western District of Kentucky<br>106 Gene Snyder, U. S. Courthouse<br>601 W. Broadway<br>Louisville, KY 40202-2249 | (502) 625-3500<br>(502) 625-3880 | |

| Counsel | Phone<br>Fax | Description |
|---|---|---|
| Locks, Gene<br>Greitzer & Locke<br>1500 Walnut Street<br>Philadelphia, PA 19102 | (215) 893-0100 | Plfs. Liaison Counsel |
| Binzley, Richard C.<br>Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | (215) 566-5579<br>(216) 566-5583 | Lead Counsel for Defts. in the Seamen Cases |
| Case, Edward J.<br>Gallagher, Sharp, Fulton & Norman<br>Bulkey Building<br>7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 | (216) 241-5310 | Counsel for the Goodall Defts. |
| Damico, David A.<br>Burns, White & Hickton<br>2400 Fifth Avenue Place<br>120 Fifth Avenue<br>Pittsburgh, PA 15222 | (412) 394-2500 | FELA Defts. |
| Forceno, Raymond P.<br>Forceno & Hannon<br>Philadelphia Bourse Building<br>Suite 1000<br>Independence Mall East<br>Philadelphia, PA 19106 | (215) 732-1630 | FELA Pltfs. |
| Furman, Ellen E.<br>Goldfein & Joseph<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 | (215) 979-8200<br>(215) 979-8201 | National Counsel |
| Hanson, Susan M.<br>Stitch, Angell, Kridler & Muth, P.A.<br>The Crossings, Suite 120<br>250 2nd Avenue South<br>Minneapolis, MN 55401 | (612) 333-6251 | National Counsel |
| Landin, David C.<br>Hunton & Williams<br>Riverfront Plaza | (804) 788-8200<br>(804) 877-8218 | Peripheral Deft. |

| Counsel | Phone<br>Fax | Description |
|---|---|---|
| East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | | |
| Motley, Ronald L.<br>Ness, Motley, Loadholt, Richardson & Poole<br>28 Bridgeside Blvd.<br>P.O. Box 1792<br>Mt. Pleasant, SC 29465 | (843) 216-9000 | Pltfs. Liaison Counsel |
| Kramer, Reginald S.<br>Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308 | (330) 762-7377<br>(330) 762-7390 | National Counsel |
| Repcheck, John J.<br>Marke O'Neill<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 | (412) 391-6171 | Peripheral Deft. |
| Roven, John D.<br>John Roven & Associates<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | (713) 465-8522<br>(713) 465-3658 | FELA Pltfs. |
| Schuster, Richard D.<br>Vorys, Jasons, McGuire & Spinelli, L.L.P.<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 | (614) 464-6438 | National Coordinating Counsel for BF Goodrich Co. |
| Spinelli, Robert N.<br>Kelley, Jasons, McGuire & Spinelli, L.L.P.<br>Centre Square West<br>19th Floor<br>Philadelphia, PA 19102 | (215) 854-0658<br>(215) 854-8434 | Defts. Liaison Counsel |
| Swickle, Robert E.<br>Jaques Admiralty Law Firm, P.C.<br>1370 Penobscot Building<br>Detroit, MI 48226 | (313) 961-1080 | National Counsel |

| Counsel | Phone<br>Fax | Description |
|---|---|---|
| Trevelise, Andrew J.<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | (215) 851-8250 | Defts. Liaison Counsel |
| Selman, Neil<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 | | National Counsel |
| Weston, II., James K.<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | (319) 363-4040 | National Counsel for Raymark Industries, Inc. per letter dated 4/16/97 |
| Chud, Adam.<br>Shea & Gardner<br>1800 Massachusetts Avenue, N.W.<br>Washington, DC 20036 | (202) 828-3005<br>(202) 828-2195 | JPML Service Counsel for Center for Claims Resolution |

Byron N. Miller
COUNSEL FOR DEFENDANT

1

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS       MDL Docket No. 875
LIABILITY LITIGATION

MARILYN TRIPLETT, Executrix of the Estate of )
JAMES K. TRIPLETT deceased, and )
MARILYN E. TRIPLETT, individually )
)
    Plaintiff ) Case No: 3:01-CV-11-S
) W.D. Kentucky
v. ) Judge Charles R. Simpson, III
)
MINNESOTA MINING AND )
MANUFACTURING CO. )
)
    Defendant )

## AFFIDAVIT OF BYRON N. MILLER

\* \* \* \* \*

Affiant, Byron N. Miller, being first duly sworn, does hereby solemnly state as follows:

1.    I am a licensed attorney in the Commonwealth of Kentucky and am counsel for Minnesota Mining and Manufacturing Company ("3M") in this case.

2.    Several statements made by Mr. Wodka in his December 18, 2001 Certification are inaccurate or misleading. Specifically, I did not tell Plaintiff's counsel that 3M has never had a claim against it for the 8500 nuisance dust mask where 3M was the only defendant. I represent 3M in the Commonwealth of Kentucky. I simply informed Mr. Wodka that there were no other asbestos personal injury dust mask cases against 3M in Kentucky where 3M was the only defendant. Why Mr. Wodka chose not to sue asbestos product manufacturers -- which is done routinely in this jurisdiction in asbestos personal injury actions -- is unknown. If there is anything "unique" about

this case, it is not the claim for personal injury caused by asbestos while allegedly wearing a 3M mask, but the fact that Plaintiff's counsel has chosen not to sue any of the numerous asbestos product manufacturers that are typically made defendants in these actions.

3. To my knowledge, Mr. Wodka does not represent any of the plaintiffs in the hundreds of asbestos personal injury actions filed against 3M that are currently pending in the Eastern District of Pennsylvania (MDL-875 Docket).

Further Affiant sayeth naught.

_____
BYRON N. MILLER

COMMONWEALTH OF KENTUCKY   )
                           ) SS.
COUNTY OF JEFFERSON        )

Subscribed and sworn to before me by Byron N. Miller, who is known personally by me, this 8th day of January, 2002.

My commission expires: November 6, 2004

_____
NOTARY PUBLIC