MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY (No. VI) | : | MDL Docket No. 875 |

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| HARRY JOE HYDER and CAROL HYDER *et al.*, | : | C.A. No. H-01-3602 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ACandS, INC., *et al.*, | : | |
| Defendants. | : | |
| DONALD COY and LOIS COY, *et al.*, | : | C.A. No. H-01-3603 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ACandS, INC., *et al.*, | : | |
| Defendants. | : | |
| MARTIN LABOUNTY and ELIZABETH LABOUNTY, *et al.*, | : | C.A. No. H-01-3604 |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| ABLE SUPPLY CO., *et al.*, | : | |
| Defendants. | : | |
| GLEN MILLER, Individually and as Personal Representative of the Heirs and Estate of CAROLYN MILLER, Deceased, | : | C.A. No. H-01-3605 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ACandS, INC., *et al.*, | : | |
| Defendants. | : | |
| MELISSA ANDERSON and MAYDEL ROY, Individually and as Personal Representative of the Heirs and Estate of MILTON BABINEAUX, Deceased, *et al.*, | : | C.A. No. H-01-3606 |
| Plaintiffs, | : | |
| v. | : | |

IMAGED JAN 22 '02   OFFICIAL FILE COPY

PLEADING NO. 3393

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2002

FILED
CLERK'S OFFICE

ABLE SUPPLY CO., *et al.*,                          :
                 Defendants.       :

---

## BRIEF OF DEFENDANT GARLOCK, INC. IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant Garlock, Inc. opposes plaintiffs' motion to vacate the conditional transfer order entered in these cases. When Garlock removed these actions to the United States District Court for the Southern District of Texas, the assigned judge, Hon. Vanessa D. Gilmore, properly had subject matter jurisdiction. Therefore she had the discretion to choose among several options in handling these cases, including transfer under 28 U.S.C. §1407. That is all this Panel need decide. Plaintiffs may raise their merits arguments before the transferee court.

## I.      FACTS AND PROCEDURAL HISTORY

In each of these asbestos personal injury actions, Garlock, a maker of asbestos-containing gaskets, is a co-defendant along with another maker of asbestos-containing gaskets, Gasket Holdings, Inc., a subsidiary of Federal-Mogul, Inc. On October 1, 2001, Federal Mogul and many of its subsidiaries, including Gasket Holdings, Inc., declared bankruptcy. In re Federal-Mogul, No. 01-10578 (Bankr. D. Del) (the "Bankruptcy Case"). As a co-defendant manufacturer of the same types of asbestos Garlock has cross-claims against Gasket Holdings, Inc. (the "Debtor"). Therefore, on October 19, 2001, Garlock, removed these asbestos personal injury actions to federal court pursuant to broad federal jurisdiction over litigation "related to" bankruptcy actions conferred in 28 U.S.C. §1334(b). These cases were assigned to Judge Gilmore.

Garlock also moved to transfer these cases to the District of Delaware – the "Home" court where the Bankruptcy Case is pending.[1] Plaintiffs responded to Garlock's transfer motion by moving to sever and to dismiss their claims against the Debtor, for abstention, and for remand of the what was left of the cases to state court. Judge Gilmore chose not to grant plaintiffs' motions and instead ordered these cases transferred to MDL-875.

On November 28, 2001, this Panel entered CTO-208, conditionally transferring these "tag along" cases (and several dozen others) to MDL-875 pursuant to 28 U.S.C. §1407. See Order ("Exhibit A"). On December 13, 2001, plaintiffs filed a notice of opposition to conditional transfer, and on December 27, 2001 filed their brief seeking to vacate CTO-208.

## II.   ARGUMENT

### A.   Judge Gilmore Properly Exercised Her Discretion To Transfer These Cases.

Plaintiffs appear to be claiming that there is no federal bankruptcy jurisdiction in these cases. Pl. br. at 7. They are wrong. While they have induced a number of other federal judges to act in ways that destroy jurisdiction, Judge Gilmore did not so act. Thus jurisdiction remains in these cases. Under 28 U.S.C. § §1334(b) "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [relating to bankruptcy], or arising in or related to cases under title 11." "Related to" federal bankruptcy jurisdiction under §1334(b) extends to any litigation whose "outcome. . .could conceivably have any effect on the estate being administered in the bankruptcy." Celotex Corp. v. Edwards, 514 U.S. 300, 308 (1995) (citation omitted).

---

[1]The Third Circuit Judicial Council subsequently assigned the Bankruptcy Case to Hon. Alfred D. Wolin for joint case management together with four other asbestos-related Chapter 11 cases pending in the District of Delaware.

> A key word in this test is <u>conceivable</u>. Certainty, or even likelihood, is not a require-
> ment. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding
> may impact on the debtor's rights, liabilities, options, or freedom of action or the
> handling and administration of the bankrupt estate.

<u>In re Marcus Hook Development Park, Inc.</u>, 943 F.2d 261, 264 (3d Cir. 1991) (emphasis original).

The case law establishes that a contribution claim against a debtor in a federal bankruptcy case is sufficient grounds for the exercise of "related to" federal jurisdiction. <u>Arnold v. Garlock, Inc.</u>, 2001 WL 1669714, at*5 (5th Cir. Dec. 28, 2000), <u>pet. for en banc review pending</u>; <u>In re Celotex Corp.</u>, 124 F.3d 619, 626 (4th Cir. 1997); <u>In re Dow Corning</u>, 86 F.3d 482, 493-94 (6th Cir. 1996); <u>In re Wolverine Radio Co.</u>, 930 F.2d 1132, 1148 n.25 (6th Cir. 1991), <u>cert. dismissed</u>, 503 U.S. 978 (1992). The power to remove "related to" jurisdiction claims is conferred by 28 U.S.C. §1452(a):

> A party may remove any claim or cause of action in a civil action. . .to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim under section 1334 of this title.

Thus this civil action was properly removed to the United States District Court for the Southern District of Texas, and that court properly exercised jurisdiction.

Once Judge Gilmore had jurisdiction over these cases, her decision to sever and remand, or to keep the case and transfer it (either to the bankruptcy court or to MDL-875 pursuant to 28 U.S.C. §1407 as an asbestos "civil action") was committed to the sound jurisdiction of the court. The discretionary nature of severance decisions is well-established. <u>E.g.</u>, <u>Zafiro v. United States</u>, 506 U.S. 534, 541 (1993); <u>Delgado v. Shell Oil Co.</u>, 231 F.3d 165, 181 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1603 (2001); <u>Alexander v. Fulton County</u>, 207 F.3d 1303, 1322 (11th Cir. 2000); <u>Davis v. Mason County</u>, 927 F.2d 1473, 1479 (9th Cir.), <u>cert. denied</u>, 502 U.S. 899 (1991).

Thus, while the Fifth Circuit has held that district courts have discretion to grant the sort of severance and remand motions that plaintiffs filed in these cases, Arnold, 2001 WL 1669714, at *10,[2] there is no precedent that required Judge Gilmore to do so. She remained free instead to use her discretion to transfer these asbestos personal injury cases either to the Bankruptcy Case or to MDL-875. She chose to transfer them to MDL-875. That plaintiffs wish Judge Gilmore had exercised her discretion in some other way is no basis to vacate this Panel's conditional transfer order.

### B.   None Of Plaintiffs' Other Arguments Is A Basis To Vacate The Conditional Transfer Order.

Plaintiffs make a variety of other arguments in opposition to CTO-208, none of which has merit. They argue that this Panel should stay transfer until after a hearing in the Bankruptcy Case on February 4, 2002. Pl. br. at 5. While Garlock agrees that transfer to the Bankruptcy Case would perhaps be more appropriate, given the jurisdictional basis of these cases,[3] and would consent to such a modification of CTO-208, the fact remains that the Bankruptcy Case was not created by this Panel, and thus this Panel's power to amend CTO-208 to effect such a transfer is questionable. These cases are not in the Bankruptcy Case and may never get there, but they are unquestionably "pending federal personal injury or wrongful death asbestos actions not yet in trial" that this Panel has ruled "must be included in §1407 proceedings." In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 421 (J.P.M.D.L. 1991).

---

[2]Garlock disagrees with the Fifth Circuit's disposition of its cross-claims under Texas law and has filed a pending petition for en banc review in Arnold. However, since no severance was granted in these cases, that issue is irrelevant here.

[3]Cases that involve bankrupt parties may be the subject of MDL transfer. In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 420 n.5 (J.P.M.D.L. 1991).

Plaintiffs state that Garlock did not vigorously pursued its cross-claims until recently. Pl. br. at 6. Until the latest wave of asbestos bankruptcies, plaintiffs only made minimal settlement demands upon Garlock, thus making cross-claim litigation uneconomic. See Arnold, 2001 WL 1669714, at *11. That has now changed, and the Fifth Circuit declined to rule that Garlock's cross-claims were "frivolous" or "dilatory" as plaintiffs there had argued. Id. If these plaintiffs wish to challenge the merits of Garlock's cross-claims, they may do so in the context of MDL-875.

Plaintiffs make a variety of arguments regarding the allegedly advanced nature of their cases and the hardships that MDL transfer would entail. Pl. br. at 7-9. This Panel has held repeatedly that such case-specific arguments are not grounds to vacate a conditional MDL transfer order:

> [I]n the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

In re Asbestos Products Liability Litigation (No. VI) (Wooley), 170 F. Supp.2d 1348, 1349 (J.P.M.D.L. 2001).

> To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.

In re Asbestos Products Liability Litigation (No. VI) (Doval), 2001 WL 1042562, at *1 (J.P.M.D.L. Aug. 29, 2001). Rather than deal with individual claims of hardship or prejudice, this Panel has "prefer[red] instead to give the transferee court the opportunity to conduct a substantive review of such contentions." In re Asbestos, 771 F. Supp. at 422.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 16 2002

FILED
CLERK'S OFFICE

Finally to the extent plaintiffs argue that either this Panel or Judge Gilmore should simply refuse to proceed with these actions, Pl. br. at 9-10, plaintiffs are, in effect, arguing abstention. As the Fifth Circuit recently ruled, abstention under 21 U.S.C. §1334(c) is a matter that can properly be decided by the court to which these actions are transferred. Arnold, 2001 WL 1669714, at *14 (holding, for cases being transferred to the Bankruptcy Case, that abstention issues may be decided there). Plaintiffs have not come forward with any proper basis for vacating the conditional transfer of these cases to MDL-875.

## III.   CONCLUSION

For all of the above reasons plaintiffs' motion to vacate CTO-208 should be denied.

By: _____
James M. Beck, Esquire
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799
(215) 981-4000 phone
(215) 981-4750 fax

Counsel for Garlock, Inc.

Dated:  January 16, 2002

### CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2002, a true and correct copy of the foregoing Brief of Defendant Garlock, Inc. in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was faxed and mailed, postage prepaid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

_____
James M. Beck, Esquire

-6-

PANEL SERVICE LIST (Excerpted from CTO-206)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Hyder, et al. v. Able Supply Co., et al., S.D. Texas, C.A. No. 4:01-3602
Coy, et al. v. Able Supply Co., et al., S.D. Texas, C.A. No. 4:01-3603
LaBounty, et al. v. ACandS, Inc., et al., S.D. Texas, C.A. No. 4:01-3604
Miller, et al. v. Able Supply Co., et al., S.D. Texas, C.A. No. 4:01-3605
Anderson, et al. v. Able Supply Co., et al., S.D. Texas, C.A. No. 4:01-3606

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney
400 West 15th Street
Suite 700
Austin, TX 78701

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus, LLP
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 6 2002

FILED
CLERK'S OFFICE

# EXHIBIT A



A CERTIFIED TRUE COPY

DEC 14 2001

ATTEST
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT    LITIGATION

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED:        12-19-01

ATTEST:

DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

**DOCKET NO. 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 8 2001

FILED
CLERK'S OFFICE

H01-3607

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

United States Courts
Southern District of Texas
ENTERED

JAN 0 8 2002

Michael N. Milby, Clerk

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-208)*

On July 29, 1991, the Panel transferred 22,003 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 71,576 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Eastern District of Pennsylvania for the reasons stated in the opinion and order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Inasmuch as no objection is
pending at this time, the
stay is lifted.

DEC 14 2001

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

## SCHEDULE CTO-208 — TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

District Div Civil Action #

**CALIFORNIA NORTHERN**
CAN    3  01-3685   Vacated 12/11/01

**IDAHO**
ID    1  01-31

**ILLINOIS NORTHERN**
ILN    1  01-7101
ILN    1  01-7103
ILN    1  01-7104
ILN    1  01-7106
ILN    1  01-7107
ILN    1  01-7159

**ILLINOIS SOUTHERN**
ILS    3  01-712

**INDIANA NORTHERN**
INN    2  01-530
INN    2  01-531
INN    2  01-532

**KANSAS**
KS    2  01-2486
KS    2  01-2487

**KENTUCKY WESTERN**
KYW    5  01-249   Opposed 12/13/01
KYW    5  01-254   Opposed 12/13/01
KYW    5  01-260   Opposed 12/13/01

**MASSACHUSETTS**
MA    1  01-11764

**MISSOURI WESTERN**
MOW    6  01-3435

**MISSISSIPPI SOUTHERN**
MSS    1  01-162

**NORTH CAROLINA EASTERN**
NCE    4  01-122
NCE    5  01-691
NCE    7  01-170
NCE    7  01-171
NCE    7  01-191

**NORTH CAROLINA MIDDLE**
NCM    1  00-55

**NORTH CAROLINA WESTERN**
NCW    3  01-604

**SOUTH CAROLINA**
SC    2  01-4202

**TEXAS SOUTHERN**
TXS    4  01-3254
TXS    4  01-3255
TXS    4  01-3256
TXS    4  01-3602   Opposed 12/14/01
TXS    4  01-3603   Opposed 12/14/01
TXS    4  01-3604   Opposed 12/14/01
TXS    4  01-3605   Opposed 12/14/01
TXS    4  01-3606   Opposed 12/14/01
TXS    4  01-3607
TXS    4  01-3664

District Div Civil Action #

**VIRGINIA EASTERN**
VAE    2  01-5822
VAE    2  01-5823
VAE    2  01-5824
VAE    2  01-5825
VAE    2  01-5826
VAE    2  01-5827
VAE    2  01-5828
VAE    2  01-5829
VAE    2  01-5830
VAE    2  01-5831
VAE    2  01-5832
VAE    2  01-5833
VAE    2  01-5834

**VIRGIN ISLANDS**
VI    1  01-126
VI    1  01-127

**WEST VIRGINIA SOUTHERN.**
WVS    3  01-437
WVS    3  01-438

FAX . FROM: 713-250-5434 USDC-SDTX      TO: 8-361-984-5616     PAGE: 1 OF 3      CONTROL: #019962-CV

## UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
P.O. BOX 61010
HOUSTON, TEXAS 77208

www.txs.uscourts.gov

01/08/02

To:    Shelby A Jordan (aty)

Re:    Notice of Entry of Order or Judgment

_____

Enclosed Order or Judgment entered in:

          case number:          4:01-cv-03607

          instrument number:    7

If after three attempts this fax fails, then we will print this notice and mail it to you.  For questions, please call (713) 250-5768.

Number of pages including cover sheet:    3