JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 25 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDITRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | | |

This Document Relates To:

| | | |
|---|---|---|
| Tracy Burns, Elizabeth Powell,<br>Kelly Wyatt, and Lesley Wright | § § § | *from the*<br>UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF TEXAS |
| *Plaintiffs* | § § | |
| vs. | § § § | CIVIL ACTION NO. V-01-119 |
| E.I. DuPont de Nemours & Co. | § § § | |
| *Defendant* | § | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER - 209
## AND BRIEF IN SUPPORT

Plaintiffs, Tracy Burns, Elizabeth Powell, Kelly Wyatt, and Lesley Wright file their Motion to Vacate Conditional Transfer Order 209, entered December 28, 2001, and would show as follows:

## I.
## INTRODUCTION

This is a case about a Texas man, Joe Bob Burns, who worked at a Texas chemical plant and died because of his exposure to asbestos at that plant. This wrongful death action, based on gross negligence, against E.I. DuPont de Nemours & Co., ("DuPont") was filed by Joe Bob Burns' surviving daughters. Plaintiffs allege that their father was exposed to asbestos and asbestos containing products while he was employed at the DuPont plant in Victoria, Texas.[1]

---

[1] A true and correct copy of Plaintiffs' Original Petition, which is the active complaint in this case, is attached as Exhibit "A".

*Motion to Vacate CTO-209 and Brief In Support – Page 1*

OFFICIAL FILE COPY    IMAGED JAN 29 '02

On December 29, 2001, Plaintiffs were notified that this case was being transferred pursuant to 28 U.S.C. § 1407 and Conditional Transfer Order 209 to the United States District Court for the Eastern District of Pennsylvania to be consolidated with the asbestos products multidistrict litigation, *In re Asbestos Products Liability Litigation* MDL 875 ("MDL 875"), being conducted there. On January 9, 2002, Plaintiffs gave notice to the Judicial Panel on Multidistrict Litigation of their intent to oppose the transfer, and now file their Motion to Vacate Conditional Transfer Order 209 and Brief in Support.

## II.
## ARGUMENT AND AUTHORITIES

It is well-settled that cases will be consolidated into a MDL proceeding based upon three considerations: (1) whether the action raises common questions of fact; (2) whether consolidation would best serve the convenience of the parties; and (3) whether consolidation would promote the just and efficient conduct of the litigation. *See In re Tobacco/Gov. Health Care Costs Litigation*, 76 F. Supp.2d 5, 8 (D.D.C. 1999); *see also In re Stirling Homex Corp. Sec. Litigation*, 442 F. Supp. 547, 549 (J.P.M.L. 1977). None of these considerations support the transfer and consolidation of this case.

This case has few, if any, common questions of fact with the other cases currently pending in MDL 875. Plaintiffs' case is not based on any theory of product liability. Moreover, Plaintiffs have not sued a single asbestos distributor or manufacturer; rather, the only defendant in this case is DuPont. The case against DuPont is based on the condition of its premises in Victoria, Texas, not on any theory of product liability. Thus, the issues central to an asbestos products liability action, such as product identification and distribution, will not be involved in Plaintiffs' case. The issues in Plaintiffs' case are: (1) Did DuPont have asbestos or asbestos-

containing materials at its Victoria plant?[2]; (2) Was the decedent exposed to these materials?; and (3) Does this exposure constitute gross negligence on the part of DuPont?

The second criterion for transfer under § 1407 also does not support transfer of this case. It would not be at all convenient for the parties and witnesses to have this case transferred. This fact is underscored by the localized nature of this case. Plaintiffs are not seeking recovery against DuPont for its national or global corporate actions.[3] Due to the nature of this action, discovery will necessarily focus upon DuPont's activities at the Victoria, Texas facility. Plaintiffs anticipate that the overwhelming majority of the witnesses will be located in Texas. DuPont's counsel has informed Plaintiffs' counsel that DuPont has already established a document repository for the documents DuPont anticipates will be relevant to this case. Plaintiffs assume that relevant documents not specific to the Victoria Plant will also be in this repository. Accordingly, transfer and consolidation does not serve the convenience of the parties, and if anything, will severely inconvenience Plaintiffs by forcing them to participate in consolidated proceedings and discovery not relevant to their case and at a considerable distance from their homes.

Finally, the "most important" criterion for transfer and consolidation is whether consolidation would "promote the just and efficient conduct of the litigation." *See In re Stirling Homex Corp. Sec. Litigation*, 442 F. Supp. at 549. The efficiency aspect of this litigation clearly favors allowing the case to remain in the District Court for the Southern District of Texas,

---

[2] Plaintiffs do not believe that it will be necessary to identify specific brand name products in order to establish this fact. If it does become necessary, proof would come primarily from the records of DuPont's Victoria facility and the testimony of Mr. Burns' co-workers still residing for the most part in the Victoria area.

because of the overwhelming predominance of discovery issues relate to the DuPont facility in Victoria, Texas and a single defendant, DuPont. It would be markedly inefficient to require Plaintiffs to participate in consolidated proceedings and discovery involving issues and defendants that have no relevance to Plaintiffs' claims. This is so even without considering the substantial increase in litigation costs Plaintiffs would incur if the case is transferred.

The duplicative discovery, inconsistent pretrial rulings, and other such efficiency issues that undergird § 1407 are not present in this case due to its localized nature, its unrelatedness to previously transferred cases, and its cast of a limited number of plaintiffs and a single defendant. Based on these facts, it would be more just and efficient to leave this case in the District Court for the Southern District of Texas rather than consolidating Plaintiffs in MDL 875 to conduct discovery and other pretrial matters.

Plaintiffs filed a Motion for Issuance of a Suggestion of Remand with the District Court for the Southern District of Texas, Corpus Christi Division, on January 24, 2002.

### III.
### CONCLUSION

Plaintiffs move under Rule 7.4(d) that the conditional transfer order be vacated as to their suit against DuPont, that transfer be denied, that this case remain in the District Court for the Southern District of Texas, and for such other relief to which they are entitled.

---

[3] The only national issue that Plaintiffs foresee is what DuPont knew about the dangers of asbestos during Burns' employment. However, the issue is limited to DuPont and does not implicate the other MDL 875 defendants.

*Motion to Vacate CTO-209 and Brief In Support – Page 4*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 5 2002

FILED
CLERK'S OFFICE

Respectfully submitted,

*[signature]*

ERNEST J. BLANSFIELD, JR.
TSB# 02458050
Federal ID: 11727
1177 West Loop South, Suite 700
Houston, Texas 77027
(713) 759-6455
(713) 759-9650 (Fax)

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS

OF COUNSEL:

G. P. HARDY, III
TSB# 08992000
Federal ID: 6494
1177 West Loop South, Suite 700
Houston, Texas 77027
(713) 222-0381
(713) 759-9650 (Fax)

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been sent via:

_____  Facsimile

_____  Certified Mail, Return Receipt Requested

\_\_\_X\_\_\_\_  Regular Mail

on January 24, 2002, to all counsel of record.

*[signature]*

ERNEST J. BLANSFIELD, JR.

*Motion to Vacate CTO-209 and Brief In Support – Page 5*

**PANEL SERVICE LIST (Excerpted from CTO-209)**
**DOCKET NO.875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Burns, et al v. E.I, Dupont De Nemours & Co., S.D. Texas, C.A. No. 6:01-119

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

AdaniM. Chud
Shea & Gardner
1800 Massachusetts Avenue,
N.W.
Washington, DC 20036

Larry E. Cotten
Kirkley, Schmidt & Cotten,
L.L.P.
City Center II
Suite 2700
301. Commerce Street
Fort Worth, TX 76102

David A. Damico
Burns, Wliite & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

G.P. Hardy, III
Hardy & Johns
1177 West Loop South
Suite 700
Houston, TX 77027

Reginald S Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

JohnJ. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease,
LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm,
P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

CAUSE NO. 01-10-57,135-A

01 OCT 15 PM 2:54

| | | |
|---|---|---|
| TRACY BURNS,<br>ELIZABETH POWELL,<br>KELLY WYATT, and<br>LESLEY WRIGHT | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§ | VICTORIA COUNTY, TEXAS |
| E.I. DU PONT de NEMOURS<br>and COMPANY | §<br>§ | 24th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW Plaintiffs, Tracy Burns, Elizabeth Powell, Kelly Wyatt, and Lesley Wright, complaining of E.I. Du Pont de Nemours and Company and for cause of action would show the Court as follows:

### I.

Plaintiffs intend that discovery be conducted under Level III of Texas Rule of Civil Procedure 190.

### II.
### JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

Venue is proper in Victoria County Texas, specifically, venue is allowed in this county because all or a substantial part of the events or omissions occurred in this county. Texas Civil Practice and Remedies Code § 15.002(a)(1).

EXHIBIT "A"

## III.
## PARTIES

Plaintiffs are all of the beneficiaries entitled to bring this action pursuant to Article XVI, § 26 of the Texas Constitution and Section 408.001 of the Texas Labor Code. There names and relationships to Joe Bob Burns, deceased, (referred to in this Petition as "Decedant") are:

| NAME | RELATIONSHIP TO DECEADANT |
|---|---|
| Tracy Burns | Daughter |
| Elizabeth Powell | Daughter |
| Kelly Wyatt | Daughter |
| Lesley Wright | Daughter |

Plaintiffs are all residents of Victoria County, Texas.

Defendant E.I. Du Pont de Nemours and Company ("DUPONT"), is a foreign corporation licensed to do business in the State of Texas and may be served with citation by service upon its registered agent, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## IV.
## FACTS

Decedent was employed at DUPONT's Victoria plant from 1968 to 1985, when he retired. Throughout the term of his employment, Decedent was repeatedly exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos at DUPONT's Victoria facility. DUPONT was at all times aware of the dangers associated with exposure to asbestos and products or machinery containing or utilizing asbestos.

DUPONT nevertheless, failed to warn Decedent of the dangers of exposure to asbestos, and failed to take any steps to protect Decedent from bodily harm. DUPONT failed to follow established OSHA guidelines with respect to air quality and the monitoring of air quality in its Victoria plant. DUPONT also failed to properly supervise contractors in the removal of asbestos

or to insure that even the minimal OSHA guidelines were complied with in the removal of asbestos. Such removal further exposed Decedent to asbestos.

In the Summer of 1998, Decedent was diagnosed with mesothelioma. This mesothelioma was caused by Decedent's exposure to asbestos within the DUPONT Victoria plant. On April 22, 2001 Decedent died as a result of the progression of the mesothelioma.

## V.
## GROSS NEGLIGENCE

DUPONT is guilty of gross negligence in the following particulars:

1. In knowingly failing to provide Decedent with a safe work place in which he could perform his assigned duties;

2. In knowingly failing to provide and/or maintain a safety program which would have effectively informed agents, servants, employees, and representatives of DUPONT as to proper and correct safety measures to utilize in order to provide a safe place in which Decedent could perform his assigned duties: and

3. In knowingly failing to properly train and/or supervise safety personnel employed by DUPONT so as to prevent the dangerous conditions which proximately caused Decedent's injuries and death.

The negligence of DUPONT described above was of such a character as to make DUPONT guilty of gross negligence. The conduct of DUPONT viewed objectively from the standpoint of DUPONT at the time of its acts and omissions involved an extreme degree of risks, considering the probability and the magnitude of potential harm to others. Moreover, DUPONT engaged in the conduct with conscious indifference to the rights, safety, or wellfare of others, despite DUPONT's actual, subjective awareness of the risk involved. Plaintiffs are entitled to recover exemplary damages in an amount that may be found to be proper under the facts and circumstances of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer herein, and that on final trial hereof have:

1. punitive damages in an amount to be determined by the jury;

2. costs of court; and

3. such other and further relief to which they may be justly entitled.

Respectfully submitted,

G. P. HARDY, III
TSB# 08992000
909 Fannin, Suite 500
Houston, Texas 77010
(713) 222-0381
(713) 759-9650 (Fax)

_____
ERNEST J. BLANSFIELD, JR.
TSB# 02458050
909 Fannin, Suite 500
Houston, Texas 77010
(713) 759-6455
(713) 759-9650 (Fax)

ATTORNEYS FOR PLAINTIFFS