MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

| | | |
|---|---|---|
| *This Document Relates To:* | § | *From the* |
| | § | |
| VARIOUS PLAINTIFFS (see attached | § | UNITED STATES DISTRICT |
| schedule (Exhibit A)), | § | COURT FOR THE NORTHERN |
| Plaintiffs, | § | DISTRICT OF TEXAS |
| vs. | § | DALLAS DIVISION |
| | § | |
| DAIMLERCHRYSLER, FORD MOTOR | § | |
| COMPANY and GENERAL MOTORS | § | |
| CORPORATION, | § | CIVIL ACTION NUMBERS (see |
| Defendants. | § | attached schedule (Exhibit A)) |
| | § | |

**PLAINTIFFS' MOTION AND BRIEF TO VACATE**
**CONDITIONAL TRANSFER ORDER - 209**

COME NOW, PLAINTIFFS, and file this, their Motion to Vacate Conditional

Transfer Order - 209, and Brief in support.

1.      These asbestos personal injury cases, filed in state court between May and

November 2000 were improperly removed to the United States District Court for the

Northern District of Texas, Dallas Division on or about November 21, 2001 by the Big

Three Automobile Manufacturers (DaimlerChrysler, Ford Motor Company, and General

Motors Corporation).  Plaintiffs' Complaints state claims arising under Texas law

1

OFFICIAL FILE COPY IMAGED FEB 1 '02

exclusively.  There is no dispute about this fact.  They sued a group of Defendants that includes several resident Texas corporations, another fact that is not disputed. Despite the facts, these three solvent co-defendants removed these cases citing alleged bankruptcy "related to" jurisdiction under 28 U.S.C. § 1334, based upon the bankruptcy proceeding of Federal Mogul Global, Inc. and related entities.  Because the absence of federal subject matter jurisdiction is apparent from the face of the pleadings filed by the Big Three and due to various other defects in the Notices of Removal, Plaintiffs have submitted Motions for Remand in the Northern District of Texas.

2.     Plaintiffs expect to prevail on these Motions for <u>numerous</u> reasons.  All of these arguments are set forth in Plaintiffs' Expedited Motions for Remand, but the obvious and most compelling reasons are these:  the District Courts lack any basis for subject matter jurisdiction because the type of direct claims that Plaintiffs assert here against these three solvent co-defendants have been repeatedly found to be too far removed from the bankrupt estate to support the exercise of jurisdiction;[1] and even if jurisdiction existed, the doctrine of mandatory abstention would require the Courts to decline to exercise it.  All of the criteria set out in the mandatory abstention doctrine have been met here.[2]  Because that provision bars the District Courts from considering these cases even if they have jurisdiction, the Courts should use their equitable power to remand these cases.  Despite the favorable rulings of various district courts on similar

---

[1] See e.g., *Pacor, Inc. v. Higgins* (In Re Pacor), 743 F.2d 984 (3rd Cir. 1984).

[2] 28 U.S.C. §1334(c)(2).

motions to remand[3] and the lack of factual support for removal in these cases, the

Dallas District Courts have refused to set for hearing or rule upon Plaintiffs' Motions for

Remand to date, and have instead referred these cases - sua sponte - to the MDL

Panel for review.

3.      After the removals took place, these actions were - over strenuous objection -

"provisionally transferred" to the venue of the Federal Mogul bankruptcy by the

Honorable Alfred Wolin - presiding over this bankruptcy by assignment of the Third

Circuit.[4]   Judge Wolin has set a briefing schedule in these cases as well as in the

thousands of other similarly situated Plaintiffs' cases, and pursuant to this schedule -

the matter will be submitted on February 4, 2002.

4.      While Plaintiffs object to Judge Wolin's provisional transfer and do not concede

to the jurisdiction of the District Court in Delaware or the jurisdiction of the bankruptcy

court - the  MDL cannot have jurisdiction in these cases if the bankruptcy court is found

to have jurisdiction.[5]  The MDL traditionally has not taken jurisdiction when there is a

bankruptcy involved.  A multi-district transfer at this point would create a jurisdictional

tug-of-war between the panel (under 28 USC §1407) and Judge Wolin (under 28 USC

§157 (b)(5)) and create even more confusion than already exists in these cases.  And

further, would immeasurably delay the prosecution of these cases currently set for trial

---

[3]  See attached Orders, Exhibit B.

[4]  See Provisional Transfer Order and Order assigning Judge Wolin to these transferred cases, attached hereto as Exhibits C and D, respectively.

[5]  28 U.S.C. §157, and Provisional Transfer Order, Exhibit C.

3

in state court in the year 2002.[6]  Finally, if there is any doubt as to what Judge Weiner

would do should the case be transferred to the MDL, the Panel need only to look to the

State of Hawaii where Judge Weiner himself issued a general order remanding all

Hawaii federal asbestos cases back to the district of Hawaii for pretrial rulings.[7]  This

Order was issued in response to Plaintiffs' request(s) that their Motions for Remand be

heard prior to the case(s) being transferred to the Eastern District of Pennsylvania.  As

it has done in previous instances of this sort, the Panel should decline to finally transfer

this case until Judge Wolin makes his determination [and if said determination is

favorable to Plaintiffs] and until Plaintiffs' Remand Motions are decided by the U.S.

District Courts.[8]  It is well settled, that in MDL conditional transfers, the original district

---

[6]  The *Salter* claimants' case is set for trial in Dallas County on February 4, 2002.

[7]  *See* Order of Judge Weiner, attached as Exh 7 to Plaintiffs' Ex Parte Application to Shorten Time for Hearing on Plaintiffs' Motion to Remand, filed January 10, 2002 in the United States District Court for the District of Hawaii, *Chang, et al., vs. Owens-Illinois*, et al., Civil No. CV-01-00842 HG BMK; Civil Action No. 98-66666 - Asbestos Matter.

[8]  Rule of Procedure 1.5, Judicial Panel on Multidistrict Litigation; *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975)(a transfer under 28 U.S.C. 1407 cannot be made unless the district court properly has jurisdiction of the subject matter of the case);*In re Showa Denko K.K. L-Tryptophan Products Liability Litig.-II*, 953 F.2d 162, 165 (4th Cir.1992) ("The authority for consolidating cases on the order of the judicial panel of multi-district litigation, however, is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred.... [N]owhere does it expand the jurisdiction of either the transferor or the transferee court."); *United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir.1987)(28 U.S.C. 1407 "requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion"); *Dorsey v. Manufacturers Life Ins. Co.*1997 WL 703354 (E.D.La.,1997)(same, following *Brandt*); *Farkas v. Bridgestone/Firestone, Inc.*, 113 F.Supp.2d 1107, 1115 n. 8 (W.D.Ky.2000) (holding that "the jurisdictional issue *must* be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D.Wis.2001)(a court should attend to a motion to remand prior to transferring a case under 28 U.S.C. 1407); *In re L. E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054. (Jud.Pan.Mult.Lit.1975)(principles of comity dictate that the Panel will be reluctant to transfer a case while an important motion is pending before the transferee court).

court retains jurisdiction to rule on remand motions.[9]

5.      The United States Supreme Court strongly endorses the importance of a court deciding - for itself - jurisdictional issues.[10] Thus, a jurisdictional issue must be resolved *before* deciding whether to stay or transfer the case to the MDL panel.[11] In these cases, the jurisdictional issue(s) have not been resolved.  Plaintiffs' Motions for Remand are currently pending before the District Courts in Dallas and Judge Wolin has - over strenuous objections - [allegedly] provisionally transferred these cases to the United States District Court of Delaware for determination of status on February 4, 2002.

6.      Finally, these cases should not be transferred because the manner in which MDL-875 has been administered constitutes a denial of the Plaintiffs' right to a jury trial. Both the Texas Constitution and the Seventh Amendment to the U.S. Constitution guarantee these Plaintiffs the right to trial by jury.[12] The right guaranteed by the Texas Constitution is arguably broader than the Seventh Amendment, and clearly states that this right to a jury trial shall be *inviolate*.[13] The U.S. Supreme Court has clearly held that there

---

[9] *In Re Asbestos Product Liability Litigation (No. IV)*, 1996 WL 14826 (Jud. Panel. Mult. Lit.) at fn. 2 (Since "there is a lag time of at least three or four months" . . . "those courts wishing to address such [remand] motions have adequate time to do so"); *Faulk v. Owens-Corning*, 48 F. Supp. 2d 653, 657 n. 2 (E.D. Tex. 1999) ("This court has jurisdiction to determine plaintiffs' motion to remand. *See* Panel Rule 1.5, 818 F.R.D. 1, 3 (1998).").

[10] *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998).

[11] *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft, Inc.* 48 F.Supp.2d 37, 39 (D.D.C., 1999) (deciding whether removal was proper before deciding whether to stay pending ruling by Judicial Panel on Multidistrict Litigation); *Good v. Prudential Ins.* 5 F.Supp.2d 804, 809 (N.D.Cal., 1998) (Discussing motion to remand before motion to stay and finding stay proper after finding remand improper).

[12] Tex. Const. Art. I, Section 15; U.S. Const. Amend. VII.

[13] Tex. Const. Art. I, Section 15.

5

can be no justification in denying a litigant his or her constitutional right to a jury trial in a civil action.[14]

There is no realistic possibility that the Plaintiffs will ever be permitted to try this case if it is transferred to MDL-875. First, extreme delay of a trial date–a delay of years and years–occurs as a matter of course in MDL-875. More than 82,000 cases have been transferred to MDL-875. Fewer than six cases were remanded in both 1998 and 1999.[15] Judge Weiner has a stated preference for remanding cases involving Plaintiffs who are near death;[16] Willard Beaty, James Salter, and Robert Sturdevant have already died, so their families have no realistic expectation that their cases would be among the lucky handful of cases remanded on an annual basis. The extreme delays inherent in any transfer into MDL-875 are so significant that they constitute a denial of the right to trial by jury guaranteed by both the Texas Constitution, Art. 1, Section 15, and by the Seventh Amendment. This Court should decline to exercise its jurisdiction to transfer this case to the MDL because such a transfer will impair Plaintiffs' constitutional rights.

Second, the administration of MDL-875 impairs the right to trial by jury because Judge Weiner's policy of retaining jurisdiction over all punitive damages claims – transferred claims he is statutorily unable to try himself - effectively extinguishes any right

---

[14] *Curtis vs. Raytheon Mfg. Co. vs. Radio Corp. of America,* C.C.A.1 (Mass.) 76 F.2d 943 (1st Cir. 1935), certiorari granted 56 S.Ct. 99, 296 U.S. 557, 80 L.Ed. 393, affirmed 56 S.Ct. 297, 296 U.S. 459, 80 L.Ed.327 (1935)(Neither Congress nor courts may deprive litigant of right to jury trial guaranteed by this amendment). See, also, *Berning vs. Louisville & N.R. Co.,* 92 F.2d 997 (6th Cir. 1938).

[15] These statistics were provided to Kay Gunderson Reeves, counsel for Plaintiffs, by staff at the Judicial Panel on Multidistrict Litigation on August 9, 2001.

[16] MDL-875 Administrative Order No. 3; *In re Patenaude,* 210 F.3d 135, 140, note 3 (3rd Cir. 2000)(MDL-875 has adopted Administrative Order No. 3, which prioritizes claims of the seriously ill and dying).

6

to punitive damages.  Of the almost 100,000 asbestos claims that have been transferred to MDL-875 over the past 10 years, Plaintiffs are aware of only *one* case in which Judge Weiner has agreed to remand the punitive claim back to the transferor court for trial.

7.      Further, this Panel should exercise its discretion by declining to transfer the instant case to MDL-875 because a Section 1407 transfer would not serve the convenience of the parties or witnesses, nor would it further the just and efficient conduct of the litigation. While 1407 does not mandate that common issues of law or fact "predominate" in order for this Panel to transfer the case, this Panel has declined to transfer asbestos cases in the past where common issues did not predominate and there were significant disadvantages to transfer.  In *In re Asbestos School Products Liability Litigation,* for example, this Panel refused a request for a Section 1407 transfer, declining to transfer because common questions of fact would not predominate over the individual questions *and* because the common questions that did exist had been extensively litigated over the previous decade.[17] This case is not substantially similar to those currently pending in MDL-875, so transfer does not work to enhance the convenience of either the parties or the witnesses.  The common issues that do exist - issues having to do with the Decedents' diseases, the diagnoses and consequences, and what was known or knowable about the diseases - are

---

[17]  *In Re Asbestos School Products Liability Litigation,* 606 F.Supp. 713 (Jud. Pan. Mult. Lit. 1985).  See also *In re Eli Lilly & Co. Oraflex Products Liability Litigation,* 578 F.Supp. 422 (Jud. Pan. Mult. Lit. 1984)(transfer denied; common issues would not predominate so transfer would not serve the convenience of the parties or witnesses nor further the just and efficient conduct of the litigation); *In re Rely Tampon Products Liability Litigation,* 533 F.Supp. 1346 (Jud. Pan. Mult. Lit. 1982)(same); *In re Repetitive Stress Injury Products Liability Litigation,* 1992 W.L. 403023 (Jud. Pan. Mult. Lit. 1992)(common questions did not rise to the level that would permit a transfer to serve the convenience of the parties or promote the just and efficient conduct of the litigation); *In re Luminex Intern., Inc. Products Liability Litigation,* 434 F.Supp. 668 (Jud. Pan. Mult. Lit. 1977)(common fact questions not complex enough to justify transfer under Section 1407); *In re A.H. Robins Co., Inc.,* 505 F.Sup. 221 (Jud. Pan. Mult. Lit. 1981)(transfer denied; would not serve the convenience of the parties or promote the just and efficient conduct of the litigation).

matters that have now been litigated for almost thirty years. Because so much is known about these issues, centralization of discovery is not necessary, and will not increase the efficiency with which these cases can be resolved. Indeed, were the cases to stay in Texas, they are certain to be resolved far sooner than they would be if the cases are transferred to MDL-875.

8.      This Panel should refrain from finally transferring this case to MDL-875 until Judge Wolin has made his determination [and should that determination be favorable to Plaintiffs] until Plaintiffs' Motions for Remand in these cases have been ruled upon by the U.S. District Courts in the Northern District of Texas. The federal courts simply have no jurisdiction over these cases, so transfer at this juncture would be improper.[18] In the event the Motions for Remand are denied, this Court should still refrain from transferring these cases to MDL-875 because transfer of these cases contravenes the clear mandates of Texas law and its Constitution, and of the Seventh Amendment to the U.S. Constitution. It does so by imposing such draconian delays on all actions that the Plaintiffs' inviolate right to a jury trial is denied. Finally this Panel should refrain from transferring the case because this case is not substantially similar to those currently pending in MDL-875, so transfer does not work to enhance the convenience of either the parties or the witnesses. Instead, transfer significantly prejudices Plaintiffs and significantly benefits Defendants, who can rest assured that any day of reckoning lies in the distant future, if it exists at all. Under such circumstances, Section 1407 transfer is inappropriate.

---

[18] See note 8.

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2002

FILED
CLERK'S OFFICE

9.    Plaintiffs move under Rule 7.4(d) that Conditional Transfer Order-209 be

vacated, the transfer be denied, and that these cases remain in the Transferee Court.

And that thereafter the cases be remanded back to State District Court to receive all other

relief to which they are justly entitled.

Respectfully submitted,

By: _____

Kay Gunderson Reeves
State Bar No. 08620470
**Judy Bradshaw**
State Bar No. 02837100

KAESKE • REEVES, LLP

6301 Gaston Avenue, Suite 735
Dallas, Texas 75214
Telephone: 214-821-1221
Facsimile: 214-821-0977

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served on counsel for DaimlerChrysler, Ford and GM via hand delivery and on all Counsel of Record on the attached Panel Service List via Certified Mail RRR, on this 25th day of January, 2002.

_____
Judy Bradshaw

## SERVICE LIST

RICHARD C. BINZLEY
THOMPSON HINE, LLP
127 PUBLIC SQUARE , 3900 KEY CENTER
CLEVELAND, OH 44114

EDWARD J. CASS
GALLAGHER, SHARP, FULTON & NORMAN
BULKLEY BLDG., 7TH FLOOR, 1501 EUCLID AVE.
CLEVELAND, OH 44115

ADAM CHUD
SHEA& GARDNER
1800 MASSACHUSETTS AVE., N.W.
WASHINGTON, DC 20036

DAVID A. DAMICO
BURNS, WHITE & HICKTON
2400 FIFTH AVENUE PLACE, 120 FIFTH AVE.
PITTSBURGH, PA 15222

MIKE DESAUTELS
DELANEY & DESAUTELS
80 WOLF RD., 6TH FLOOR
ALBANY, NY 12205

RAYMOND P. FORCENO
FORCENO & HANNON
PHILADELPHIA BOURSE BLDG., SUITE 1000
PHILADELPHIA, PA 19106

ELLEN B. FURMAN
GOLDFEIN & JOSEPH
1600 MARKET STREET, 33RD FLOOR
PHILADELPHIA, PA 19103

SUSAN M. HANSON
STICH, ANGELL, KREIDLER & MUTH
THE CROSSINGS, SUITE 120, 250 2ND AVE. SOUTH
MINNEAPOLIS, MN 55401

JOHN R. HENDERSON
BROWN, MCCARROLL
2000 TRAMMEL CROW CENTER, 2001 ROSS AVE.
DALLAS, TX 75201

REGINALD KRAMER
OLDHAM & DOWLING
195 S. MAIN STREET, SUITE 300
AKRON, OH 44308

DAVID C. LANDIN
RIVERFORNT PLAZA, EAST TOWER
951 EAST BYRD STREET
RICHMOND, VA 23219

GENE LOCKS
GREITZER & LOCKS
1500 WALNUT STREET
PHILADELPHIA, PA 19102

RONALD L. MOTLEY
NESS, MOTLEY, LOADHOLT, RICHARDSON
28 BRIDGESIDE BLVD., P.O. BOX 1792
MT. PLEASANT, SC 29465

JOSEPH PEVSNER
THOMPSON & KNIGHT
3300 FIRST CITY CENTER, 1700 PACIFIC AVE.
DALLAS, TX 75201

JOHN J. REPCHECK
MARKS, O'NEILL
3200 GULF TOWER, 707 GRANT STREET
PITTSBURGH, PA 15219

JOHN D. ROVEN
JOHN ROVEN & ASSOCIATES
2190 NORTH LOOP WEST, SUITE 410
HOUSTON, TX 77018

RICHARD D. SCHUSTER
VORYS, SATER, SEYMOUR & PEASE
52 EAST GAY STREET, P.O. BOX 1008
COLUMBUS, OH 43216

NEIL SELMAN
SELMAN, BREITMAN & BURGESS
11766 WILSHIRE BOULEVARD, SIXTH FLOOR
LOS ANGELES, CA 90025

ROBERT N. SPINELLI
KELLEY, JASONS, MCGUIRE & SPINELLI
CENTRE SQUARE WEST, 15TH FLOOR
PHILADELPHIA, PA 19102

ROBERT E. SWICKLE
JAQUES ADMIRALTY LAW FIRM, P.C.
 1370 PENOBSCOT BLDG.
DETROIT, MI 48226

ANDREW J. TREVELISE
REED, SMITH, SHAW & MCCLAY
2500 ONE LIBERTY PLACE, 1650 MARKET STREET
PHILADELPHIA, PA 19103

JAMES K. WESTON, II
TOM RILEY LAW FIRM
4040 FIRST AVENUE, N.E. , P.O. BOX 998
CEDAR RAPIDS, IA 52406

ROBERT THACKSTON
JENKENS & GILCHRIST
3200 ALLIED BANK TOWER, 1445 ROSS AVE.
DALLAS, TX 75202

## EXHIBIT A

This document relates to the following cases:[1]

1.  Lois Salter, Individually, as Wrongful Death Beneficiary, and as Personal Representative of the Heirs and Estate of James B. Salter, Deceased - 3 01-CV2470-R -The Honorable Judge Buchmeyer;

2.  Sharon Sturdevant, Individually, as Wrongful Death Beneficiary, and as Personal Representative of the Heirs and Estate of Robert Sturdevant, Deceased - 3 01-CV2350-P - The Honorable Judge Solis; and

3.  Dolores Laverne Beaty, Individually, as Wrongful Death Beneficiary, and as Personal Representative of the Heirs and Estate of Willard Eason Beaty, Deceased - 3 01-CV-2419-D, The Honorable Judge Fitzwater.

---

[1] Because the Removing Defendants failed to serve complete pleadings on counsel for Plaintiffs and those papers that were served failed in some cases to identify federal cause numbers assigned, we have done our best to assure that this pleading covers all cases filed by our clients which are subject to CTO-209. We reserve the right to supplement if additional cases are discovered to be subject to this Conditional Transfer Order.

**PLAINTIFF'S EXHIBIT**

A

United States District Court
Southern District of Texas
ENTERED

NOV 09 2001

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BILLY ARNOLD AND SYBIL ARNOLD; RICHARD BOYLE AND BARBARA BOYLE; ROBERT McCULLOUCH AND ANNETE McCULLOUGH, | § § § § § |
| Plaintiffs, | § § |
| vs. | § § CIVIL ACTION NO. C-01-478 |
| AC&S, INC., et al., | § § |
| Defendants. | § § |

50

ORDER

On this day came on to be considered Defendant Garlock Inc.'s ("Garlock") Application and Notice of Removal[1] and Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination as well as Plaintiffs' Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand and Plaintiffs' Motion to Sever all Claims against Bankrupt Defendants in the above-styled action. For reasons stated herein, the Court ORDERS that all claims against the Debtor in this action be SEVERED and

---

[1] As an initial matter, Garlock has moved to supplement its Application and Notice of Removal with "inadvertently omitted pleadings." The Court grants Garlock's motion without expressing an opinion on the *reasons* for Garlock's incomplete removal of the instant case.

[2] Garlock removed nine cases at the same time to this Court based on alleged "related to" jurisdiction. The bankruptcy referred to throughout this Order (and in the other eight cases) is Case Number 01-10578, pending in the United States Bankruptcy Court

1

PLAINTIFF'S
EXHIBIT
B

TRANSFERRED to the District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5).   The Court also ORDERS that all remaining claims be REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th Judicial District Court of Nueces County, Texas, where they were originally filed and assigned Cause Number 00-5582-C.

I.   **JURISDICTION**

Garlock contends that this Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. §§ 1334(a)-(b) and that this case is removable pursuant to 28 U.S.C. § 1452(a).[3]

II.   **FACTS AND PROCEEDINGS**

Billy Arnold and Sybil Arnold, Richard Boyle and Barbara Boyle, Robert McCullough and Annette McCullough (collectively,

---

for the District of Delaware.  Initially, Garlock failed to explain which entities were involved in that bankruptcy (styled "In Re Federal-Mogul Global, Inc.").  Thus, in many of the nine cases, Federal-Mogul was not a party and it appeared to this Court that the bankruptcy had nothing to do with the removed case.  At the hearing held on October 30, 2001, Garlock explained, and Plaintiff concurred, that the following entities were also a part of that bankruptcy, as subsidiaries and/or affiliates to Federal-Mogul: Gasket Holding, Inc., Flexitallic, Inc., T&N PLC, and T&N Ltd.  In this Order, these entities are collectively referred to as the "Debtor," and at least one of them was sued by the Plaintiff in this action at one time or another.  In this case, the relevant parties in bankruptcy are Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Co.); T&N PLC, f/k/a Turner & Newell PLC; T&N PLC (successor in interest to Keasbey & Mattison); Turner & Newell Industries, Inc., d/b/a United Gasket Corp.; and Turner & Newell, Ltd., d/b/a United Fabricated.

[3]   As a threshold matter, the other named defendants do not need to consent to removal in the bankruptcy context.  See Creasy v. Coleman Furniture Corp., 763 F.2d 656 (4th Cir. 1985,; Sommers v. Abshire, 186 B.R. 407, 409 (E.D. Tex. 1995; Plowman v. Bedford Financial Corp., 218 B.R. 607, 616 (N.D. Ala. 1998).

2

"Plaintiffs") brought an asbestos personal injury suit in the 94th Judicial District Court of Nueces County, Texas, against numerous Defendants, including Garlock, on October 12, 2000.   On December 22, 2000, Garlock filed a Cross-Action against "all Co-Defendants" for indemnification and/or contribution.   The Debtor filed for Chapter 11 bankruptcy within 90 days of Garlock's filing of the Notice and Application for Removal. Garlock removed the state court action to this Court on October 19, 2001, asserting the existence of federal question jurisdiction.   Garlock alleges this Court has original jurisdiction of the removed case pursuant to 28 U.S.C. §§ 1334(a) & (b) and that removal is proper pursuant to 28 U.S.C. § 1452(a). Plaintiffs filed, among other things, (1) a Motion to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand; and (2) a Motion to Sever all Claims against Bankrupt Defendants on October 30, 2001.   This case is one of nine asbestos personal injury cases removed by Garlock to this Court.[4] At a hearing held to consider both Garlock's Emergency Motion to Transfer and Plaintiffs' Motion to Remand, counsel for Plaintiffs represented that it had either dismissed or attempted to dismiss the Debtor and all entities related to the Debtor (all involved in the bankruptcy) from the nine lawsuits.  However, some of those dismissals occurred

---

[4]Those cases are as follows: (1) C-01-477; (2) C-01-478; (3) C-01-479; (4) C-01-480; (5) C-01-481; (6) C-01-482; (7) C-01-483; (8) C-01-484; and (9) C-01-485.

3

after removal, and so the Debtor remained a party in some of the nine cases.   Plaintiffs' counsel agreed to dismiss all claims against the Debtor or its subsidiaries (also in bankruptcy) with prejudice in all nine cases.[5] Defendants filed a Response to Plaintiffs' Motion to Remand on November 1, 2001.   The Court now conducts an examination of its jurisdiction over the instant action.

## III. DISCUSSION

### A. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION GENERALLY

It is well-settled that the removing party bears the burden of showing that removal was proper.   Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).   This burden extends to demonstrating the jurisdictional basis for removal.   Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Delgado v. Shell Oil Co., 890 F.Supp. 1324, 1341 (S.D. Tex. 1995); Albonetti v. GAF Corp. - Chem. Group, 520 F.Supp. 825, 827 (S.D. Tex. 1981). The removal statutes are to be strictly construed against removal; doubts as to removability are resolved in favor of remanding the case to state court.   Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868 (1941); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Butler v. Polk, 592 F.2d 1293, 1296

---

[5]As is indicated, infra, the Court grants Plaintiffs' Motion to Dismiss.

(5th Cir. 1979); <u>Walters v. Grow Group, Inc.</u>, 907 F.Supp. 1030, 1032 (S.D. Tex. 1995).

In general, an action is removable to a federal court only if it might have been brought there originally. <u>See</u> 28 U.S.C. § 1441(a); <u>Aviras v. Amoco Production Co.</u>, 53 F.3d 690, 693 (5th Cir. 1995). The venue for removed actions is the district and division in which the state court action is pending. 28 U.S.C. § 1441(a); <u>Polizzi v. Cowles Magazines, Inc.</u>, 345 U.S. 663, 73 S. Ct. 900, 902 (1953); <u>Bacik v. Peek</u>, 888 F. Supp. 1405, 1413 (N.D. Ohio 1993). District courts have original, federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd. v. Construction Laborers Vacation Trust</u>, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-2856 (1983). Further, allegations which raise substantial questions of federal common law by implicating important foreign policy concerns confer federal question jurisdiction. <u>Torres v. Southern Peru Copper Corp.</u>, 113 F.3d 543 & n.8 (5th Cir. 1997).

The presence of federal question jurisdiction is governed by the well pleaded complaint rule. <u>Gully v. First Nat. Bank</u>, 299

U.S. 109, 112-113, 57 S. Ct. 96, 97-98 (1936); <u>Powers v. South Central United Food & Commercial Workers Unions</u>, 719 F.2d 760, 764 (5th Cir. 1983). The well pleaded complaint rule establishes that a "plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." <u>Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh</u>, 876 F.2d 1157, 1160-61 (5th Cir. 1989)(citing <u>Franchise Tax Bd. v. Laborers Vacation Trust</u>, 463 U.S. 1, 10, 103 S. Ct. 2841, 2846 (1983)). "Absent extraordinary circumstances, the well-pleaded complaint rule governs." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 367 (5th Cir. 1995).

    **B. REMOVAL AND FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. §§ 1452 AND 1334**

Section 1452(a) provides that a party may remove a claim or cause of action to *the district court where the civil action is pending* when that district court has jurisdiction over the claim under Section 1334. See 28 U.S.C. § 1452(a). The majority of courts find that Bankruptcy Rule 9027, which provides for a 90 day time limit to remove matters, governs the removal procedure. <u>See, e.g., In re TrafficWatch</u>, 138 B.R. 841 (Bankr. E.D. Texas 1992); <u>In re Donington, Karcher, Ronan & Rainone, P.A.</u>, 194 B.R. 750, 756 (D.N.J. 1996). Defendant has asserted that, pursuant to Rule 9027 of the Rules of Bankruptcy Procedure, the Application and Notice of Removal were filed properly within 90 days after the order for

6

relief in the Debtor's bankruptcy case.  Plaintiffs do not disagree with this contention.

Section 1334(b) provides that the district courts have jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11.  See 28 U.S.C. § 1334(b).  Garlock claims that the state court action is "related to" the Debtor's Title 11 case, and thus this Court has removal jurisdiction.  Though the "related to" cases are not limitless, a claim is "related to" a case under Title 11 within the meaning of 28 U.S.C. § 1334(b) if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.  See, e.g., Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995)(surveying cases);  In re Bass, 171 F.3d 1016 (5ᵗʰ Cir. 1999)(quoting  In re Walker v. Cadle Co., 51 F.3d 562, 569 (5ᵗʰ Cir. 1995) ( a claim or cause of action is "related to" the bankruptcy if the "outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate.";  In re Wood, 825 F.2d 90, 93 (5th Cir. 1987);  Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984)(an action is related to bankruptcy if its outcome might alter the rights, options, liabilities, or freedom of action of the debtor in either a positive or negative way, impliedly overruled on other grounds by Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116

7

S.Ct. 494, 133 L.Ed.2d 461 (1995). Normally, the question would be whether the monetary recovery sought by Plaintiffs and by Cross-Plaintiffs in the state court action would have an effect on the Debtor's estate being administered in bankruptcy. The only possible claim at issue which might be "related to" the Debtor's bankruptcy is Garlock's cross-action against "all Co-Defendants" for indemnification and/or contribution. In fact, at the hearing held on October 30, 2001, Garlock conceded that, after Plaintiffs' dismissal with prejudice of the Debtor, the only remaining claim relevant to the removal is Garlock's cross-claim against the Debtor for contribution. Arguably, claims such as the instant claim for contribution are not even ripe for adjudication. See, e.g., Pacor, 743 F.2d at 995 (discussing indemnification claims in the context of "related to" jurisdiction). Though this Court declines to find that Defendant lacks standing to remove, it should be noted that Garlock's contribution claims are, at best, tangentially and speculatively "related to" the bankruptcy. Compare, for example, Pacor, 743 F.2d at 995 ("indemnity action not "related to" the bankruptcy); Matter of Walker, 51 F.3d 562 (5th Cir. 1995) with In Re Dow Corning, 86 F.3d 482, 486 (6th Cir. 1996); In re Harrah's Entertainment, Inc. Securities Litigation, 1996 WL 684463 (E.D. La., Nov. 26, 1996). Assuming, arguendo, that Garlock's claim for contribution is still viable after Plaintiffs' dismissal with

8

prejudice of the Debtor,[6] the Court finds removal proper based on Section 1452(a) and Section 1334, at least for those claims brought against the Debtor. In the end, it is clear that "related to" jurisdiction is treated very broadly under the <u>Pacor</u> test adopted by the Fifth Circuit in <u>Wood</u>. As such, the Court finds that the contribution claims are arguably "related to" the bankruptcy, as they could conceivably have an effect on the estate being administered in bankruptcy.

### C. SEVERANCE OF CLAIMS AGAINST THE DEBTOR AND TRANSFER PURSUANT TO 28 U.S.C. § 157(b)(5)

Rule 21 of the Federal Rules of Civil Procedure provides that "[a]ny claim against a party may be severed and proceeded with separately." FED.R.CIV.P. 21. "Severance under Rule 21 creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." <u>United States v. O'Neil</u>, 709 F.2d 361, 368 (5th Cir. 1983). The Court has broad discretion to sever claims. <u>See Brunet v. United Gas Pipeline Co.</u>, 15 F.3d 500, 505 (5th Cir. 1994).

---

[6]Texas law provides that "[e]ach liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code Ann. §33.016(b).

9

Because Plaintiffs no longer have claims against the Debtor in this
case and because Plaintiffs' state court personal injury action has
already proceeded so far in the state court system, severance of
all claims against the Debtor appears warranted. Accordingly, the
Court SEVERS out all claims against the Debtor (the "severed
claims")[7] from the above-styled cause number. These severed claims
shall retain the same cause number, however, as this Court
determines all *other* claims are to be remanded for equitable
reasons. See *infra* Section III.D.

In addition to removing this case, Garlock moved to transfer
the case for venue determinations pursuant to 28 U.S.C. § 157(b)(5)
to the District Court in which Debtor's bankruptcy is pending in
Delaware. Title 28 U.S.C. § 157(b)(5) provides that

> [t]he district court shall order that personal injury
> tort and wrongful death claims shall be tried in the
> district court in which the bankruptcy case is pending,
> or in the district court in the district in which the
> claim arose, *as determined by the district court in which
> the bankruptcy is pending.*

28 U.S.C. § 157(b)(5)(emphasis added); Baumgart v. Fairchild
Aircraft Corp., 981 F.2d 824, 829 (5th Cir. 1993). One purpose of
Section 157(b)(5) is "to centralize the administration of the
estate and to eliminate the multiplicity of forums for the
adjudication of parts of a bankruptcy case." A.H. Robins Co. v.

---

[7]It is likely that Garlock's Co-Defendants also have claims
against the Debtor. The Court reiterates that *all* claims against
the Debtor are severed, whether asserted by Garlock or by other
Defendants.

Piccinin, 788 F.2d 994, 1011 (4th Cir.1986), cert. denied, 479 U.S.
876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). The Fifth Circuit has
noted that (1) the language of § 157(b)(5) delineates venue between
the *bankruptcy courts* and the *district courts* ("non-core
proceedings such as personal injury tort and wrongful death claims
shall not be adjudicated in bankruptcy court, but in the Article
III district court"); and (2) the district court in which the
bankruptcy is pending shall have power to order tried in its own
venue personal injury tort and wrongful death claims filed
elsewhere, or to order such cases tried in the districts where the
claims arose. Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824,
833 (5ᵗʰ Cir. 1993)." The Court FINDS that transfer of the severed
claims against the Debtor for venue determinations is warranted

---

"Garlock would have this Court simply transfer the entire
action pursuant to 28 U.S.C. § 157(b)(5) while declining to first
determine whether the Court has jurisdiction over the case at all.
Though such a course of action would certainly yield the preferred
result for *Garlock*, the Court declines to ignore settled principles
regarding the limits of the jurisdictional authority of federal
courts by simply skipping over an analysis of the propriety of
removal in this case and becoming a legal way-station under Section
157(b)(5).   28 U.S.C. § 1447(c) provides that "[i]f at any time
before final judgment it appears that the district court lacks
subject matter jurisdiction, the case *shall* be remanded."   28
U.S.C. § 1447(c) (emphasis added).   A district court should
constantly examine the controversies before it in order to
determine the presence of subject matter jurisdiction and, if such
jurisdiction is found lacking, the district court *must* remand to
state court if appropriate, or otherwise dismiss. See Coleman v.
Alcolac, Inc., 888 F. Supp. 1388, 1394 (S.D. Tex. 1995).   In sum,
the Court refuses to entertain a motion to transfer under 28 U.S.C.
§ 157(b)(5) prior to an examination of its jurisdiction.

11

under 28 U.S.C. § 157(b)(5). Accordingly, the severed claims[9] are TRANSFERRED to the District Court in Delaware for a determination of venue.

### D.   AS A RESULT OF THE SEVERANCE AND TRANSFER UNDER SECTION 157(b)(5) OF CLAIMS AGAINST THE DEBTOR, ALL OTHER CLAIMS SHOULD BE REMANDED

As this Court has severed out all claims against the Debtor and transferred them to the federal District Court in Delaware, the main claims remaining before this court are state law personal injury claims having nothing to do with Debtor's bankruptcy. As such, remand of all such claims is proper under 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") Moreover, even if the Court were to determine that it still had "related to" jurisdiction over the remaining claims by Plaintiff against non-Debtor defendants,[10] the Court would find equitable remand warranted under 28 U.S.C. §1452(b). Garlock

---

[9]Again, the Court reiterates that the "severed claims" include all claims against the Debtor whether asserted by Garlock or by other Defendants.

[10]Garlock notes that some Courts have held Section 157(b)(5) allows for the transfer of personal injury and wrongful death claims pending against non-debtor defendants who have been sued with a debtor under claims of joint and several liability. See, e.g., In re Dow Corning Corp., 86 F.3d 496 (6th Cir. 1996); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 1009 (4th Cir.1986), cert. denied, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986). However, in this case, Plaintiff has claims against non-debtor defendants and no claims against the debtor. Such important issues were not adequately addressed by Garlock in its filings.

12

specifically removed pursuant to 28 U.S.C. § 1452(a). Removals accomplished pursuant to 28 U.S.C. § 1452(a) are subject to motions to remand pursuant to 28 U.S.C. § 1452(b).   Section 1452(b) provides that the "court to which... claim[s] or cause[s] of action [are] removed may remand...on any equitable ground."   Such equitable grounds include:

> (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

Seale v. Owens & O-M Mgmt Group, Inc., 134 B.R. 181, 184 (Bankr. E.D. La. 1991)(quoting Browning v. Navarro, 743 F.2d 1069, 1076 n.21)(5th Cir. 1984)).   Having severed out all claims against the Debtor, this Court finds no reason to retain jurisdiction over the remaining claims and parties.   Venue determinations regarding any claims (if there are any such claims truly remaining) against the Debtor by its former Co-Defendants may be dealt with in the District Court in Delaware.   Equity counsels that other claims should be swiftly remanded and allowed to continue to proceed in state court.

An analysis of the facts of this case indicate numerous factors favoring equitable remand are present.   First, after severance, all that remains is an asbestos personal injury case

13

governed by state law and brought by Plaintiffs against a group of non-debtor Defendants.  The state court from which this action was removed is certainly better able to respond to questions involving state law; moreover, that court has already extensively dealt with this case and is well-suited to continue trial on the merits of the state claims.  Principles of comity likewise support swift remand. Additionally, Garlock's artfully-crafted tale of exponentially increasing litigation caused by duplicative trials of Plaintiffs' personal injury claims both in state court and in the  Bankruptcy Court is inapplicable and misleading.  Garlock conveniently forgets in its Response to Plaintiffs' Motion to Remand that not only did Counsel for Plaintiffs move in open court to dismiss all claims against the Debtor with prejudice, but Plaintiffs additionally asserted that *they would not file any proofs of claim in the Debtor's Bankruptcy case*.  This Court acknowledges Plaintiffs' assertions, and hereby GRANTS Plaintiffs' Oral Motion to Dismiss all Claims against the Debtor with Prejudice.  Moreover, Garlock's claims for contribution are tenuous and remote, at best.[11]  Finally,

_____

[11]Even if Garlock is entitled to continue with its claim against the Debtor, it is unclear whether Garlock's claim is anything more than mere boilerplate language inserted in its Answer.  Garlock has never attempted to do any discovery of the Debtor in this case, nor has Garlock ever attempted to get contribution from Debtor in the myriad of prior cases in which Garlock has "asserted" cross-claims for contribution against Debtor.  Though Garlock devotes much of its Response to Plaintiffs' Motion to Remand explaining to this Court why lack of historical collection and/or prosecution of its contribution claims should not have any effect on this Court's analysis, Garlock utterly fails to

14

40

and perhaps most importantly, it is prejudicial and inherently unfair to the numerous parties who did not join in removal to interrupt a case already well-rooted in the state court. In fact, even when given the opportunity to speak at the hearing, not one of the involuntarily-removed defendants stood in support of Garlock's removal. An evaluation of the relevant factors convinces the Court that remand of the remaining claims, after severance of those claims against the Debtor, is the proper course of action.

### E.   MANDATORY AND PERMISSIVE ABSTENTION

Section 1334 provides for two types of abstention: discretionary abstention under 28 U.S.C. § 1334(c)(1) and mandatory abstention under 28 U.S.C. § 1334(c)(2). Section 1334(c)(1) provides that:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Section 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing

---

explain the lack of prosecution and development of this contribution claim. Finally, even if Garlock is entitled to contribution, such a claim is arguably not ripe unless and until Plaintiffs succeed in their claim against Garlock in the state court action.

such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Any abstention issues (whether mandatory or permissive) as they pertain to the contribution claims may, however, be decided by the District Court in Delaware.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS that all claims against the Debtor in this action be SEVERED and TRANSFERRED to the District Court in Delaware pursuant to 28 U.S.C. § 157(b)(5). The Court also ORDERS that all remaining claims and causes of action be REMANDED pursuant to 28 U.S.C. § 1447(c) and/or §1452(b) to the 94th Judicial District Court of Nueces County, Texas, where the case was originally filed and assigned Cause Number 00-5582-C.

SIGNED and ENTERED on this the _____ 7th _____ of November, 2001.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

16

42

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ALEJANDRO LUPERCIO, et al., **Plaintiffs** | §<br>§<br>§<br>§ | |
| v. | §<br>§ | EP-01-CA-228-DB |
| GAF CORPORATION (successor to RUBEROID CORPORATION), et al., **Defendants** | §<br>§<br>§<br>§ | |

### MEMORANDUM OPINION AND ORDER

On this day, the Court considered "Plaintiffs' and Intervenor's Motion to Remand

and Abstain, and Brief in Support" ("Motion to Remand"), filed in the above-captioned cause on

July 2, 2001. On July 16, 2001, Defendants filed their "Opposition of Defendants to Plaintiffs'

Motion to Remand or Abstain." Plaintiffs filed their "Reply Brief in Support of Motion to

Remand or Abstain" on July 24, 2001.

### BACKGROUND

Plaintiffs Alejandro Lupercio, et al., commenced this cause in County Court at

Law Number Three in El Paso County, Texas, on November 17, 2000. Plaintiffs allege breach of

settlement agreements with the Center for Claims Resolution ("CCR"), a Delaware corporation

organized to represent Defendants and others in resolving asbestos-related claims. Plaintiffs seek

payment from Defendants of settlement claims owed but not paid by CCR. Defendants filed

Notice of Removal on June 25, 2001, pursuant to 28 U.S.C. § 1452(a). The instant motions soon

followed and on August 27, 2001, the Court heard oral arguments.

EXHIBIT
E

39

## AUTHORITIES

Under 28 U.S.C. § 1452(a), a party may remove a case to the federal district court if that court has jurisdiction under 28 U.S.C. § 1334. Title 28 U.S.C. § 1334(b) confers jurisdiction on the district court over cases "arising under title 11, or arising in or related to cases under title 11." Title 11 regulates the administration of bankruptcy proceedings. "Related to" jurisdiction over a case arises under § 1334(b) when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (adopting the standard as stated by the United States Court of Appeals for the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)); *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995). Alterations of the bankruptcy debtor's rights, liabilities, options, or freedom of action all qualify as effects that support "related to" jurisdiction. *In re Zale Corp.*, 62 F.3d at 752. Upon a timely motion by a party, however, a district court must abstain from presiding over a case "related to a case under title 11 but not arising under title 11 or arising in a case under title 11," where the action could not have been commenced in federal court absent jurisdiction under § 1334, and the case can be timely adjudicated in state court. 28 U.S.C.A. § 1334(c)(2) (West Supp. 2001).

## DISCUSSION

Defendants assert that the Court may properly exercise jurisdiction in this case because two members of CCR, United States Gypsum Company ("U.S. Gypsum"), at one time a defendant in this case, and Armstrong World Industries, Inc. ("Armstrong"), have filed bankruptcy petitions. Defendants argue that the instant case is "related to" those bankruptcy proceedings, within the meaning of 28 U.S.C. § 1334(b). Defendants also aver that the instant

2

11/27/01   19:03 FAX 2148712          SIEGEL LAW OFFICE                              ☒004

case is a core matter, as that term is described in 28 U.S.C. § 157, with respect to the bankruptcy proceedings and, therefore, it is not proper for the Court to abstain. Finally, Defendants suggest that the Court transfer the case to the United States District Court for the District of Delaware if there are any doubts as to whether abstention is appropriate.

Plaintiffs, on the other hand, argue that the Court may not properly exercise jurisdiction because the case is not sufficiently related to a Title 11 case, as required by 28 U.S.C. § 1334(b). In support of this argument, Plaintiffs point out that, at the time of removal, U.S. Gypsum was not a defendant in the case and no other defendant had filed for bankruptcy.[1] Specifically, U.S. Gypsum filed for bankruptcy and was non-suited by Plaintiffs on the same day the case was removed. Plaintiffs contend that, because Defendants in this case are not parties to the bankruptcy proceedings, there is no basis for "related to" jurisdiction. In response, Defendants point out that it is likely that U.S. Gypsum and Armstrong will be liable, based on their contractual obligations with the CCR, to indemnify Defendants should Plaintiffs prevail in this case. Defendants emphasize that the potential resulting obligations will be satisfied, to the extent possible, from the assets that currently comprise the bankruptcy estates.

The Court agrees with Defendants that the outcome of the instant case could conceivably effect the administration of the bankruptcy estates. Because neither U.S. Gypsum nor Armstrong are parties in this case, they are relegated to third party status. Most courts,

---

[1] The Court notes that, subsequent to removal, four Defendants filed for bankruptcy. Three filed in the United States District Court for the District of Delaware, and one in the United Kingdom. Defendants, however, must prove jurisdiction at the time of removal. *Howery v. Allstate Ins. Co.*, No. 99-20878, 2001 WL 203072, *2 (5th Cir. 2001); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). The post-removal petitions, therefore, have no hearing on the Court's remand analysis.

3

however, consider "related to" jurisdiction proper where the subject of a third-party dispute is property of a bankruptcy estate. *In re Zale*, 62 F.3d at 753 (citations omitted). Here, the third-party dispute rests squarely on the disposition of the property that comprises the bankruptcy estates. Accordingly, the Court finds that "related to" jurisdiction, pursuant to 28 U.S.C. 1334(b), is proper in this case.

Plaintiffs next argue that, even if the Court finds "related to" jurisdiction proper in this situation, the Court must abstain from the case and remand it, pursuant to 28 U.S.C. 1334(c)(2), because it is not a case under Title 11 nor does it arise in a case under Title 11. Title 28 U.S.C. 157(b)(2) provides a non-exclusive list of those proceedings that are deemed to be core proceedings under Title 11. Defendants assert that the instant case is a core proceeding, arguing that it falls into two of the listed categories:  1) matters pertaining to the administration of the estate and 2) other proceedings, not including personal injury tort and wrongful death claims, that affect the liquidation of bankruptcy estate assets. 28 U.S.C.A. § 157(b)(2)(A), (b)(2)(O) (West 1993). Defendants support their position with essentially the same argument they use to support "related to" jurisdiction. That is, because of the possibility that U.S. Gypsum and Armstrong may incur liabilities from this litigation that may ultimately be satisfied from the bankruptcy estate, the mandatory abstention provision of 28 U.S.C. 1334(c)(2) does not apply.[2]

The Fifth Circuit, in *In re Wood*, held that "a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." 825 F.2d at 97. The Court is of the

---

[2] Defendants do not claim that jurisdiction is proper under any provision other than 28 U.S.C. § 1334, nor do they argue that failure to meet any other element of 28 U.S.C. 1334(c)(2) renders abstention not mandatory.

4

opinion that, unlike the conceivable effect standard required to confer "related to" jurisdiction under 28 U.S.C. 1334(b), the core proceeding standard requires a direct and certain tie between bankruptcy law and the removed cause of action. In *In re Wood*, the court considered a case involving wrongful appropriation of corporate assets by two defendants, one of whom had filed a voluntary bankruptcy petition. *Id.* at 91. The court found that "[t]he essential issue in the proceeding is whether the defendants are liable to the plaintiff under state law." *Id.* at 98. The court reasoned that, although it was possible that the defendants' liabilities, if found, may have lead to a claim against the bankruptcy estate at issue, "[a]t this juncture . . . these concerns are speculative and insubstantial issues in the proceeding." *Id.* In the instant case, the essential issue is whether Defendants are liable to Plaintiffs under Texas law for unpaid settlement claims, with all other issues remaining speculative. The Court is of the opinion that, although the possible effect on the administration of the U.S. Gypsum and Armstrong bankruptcy estates is enough to confer "related to" jurisdiction, it does not raise the removed cause of action to the level of a core proceeding.

The Court is similarly unpersuaded by Defendants' attempt to characterize the instant case as a *non*-core proceeding that is exempt from mandatory exemption in order to shoe-horn it into 28 U.S.C. § 157(b)(4). Title 28 U.S.C. § 157(b)(2)(B) states that core proceedings do not include "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." Section 157(b)(4) provides an exception to mandatory abstention for these non-core proceedings. The Court finds, however, that the instant case is not a case under Title 11 at all, but is, instead, a state law breach of contract complaint and, therefore, does not meet the characterization of a non-

5

core proceeding provided in 28 U.S.C. § 157(b)(2)(B)  The Court is, therefore, of the opinion that the exception to mandatory abstention provided in 28 U.S.C. § 157(b)(4) does not apply.

For the foregoing reasons, the Court is of the opinion that it must abstain in accordance with the mandatory provisions of 28 U.S.C. 1334(c)(2) and remand the case.

Having determined that abstention is mandatory and that the case should be remanded, the Court need not reach Plaintiffs' and Defendants' remaining arguments concerning permissive abstention and equitable remand.  Similarly, the Court declines Defendants' invitation to pass these issues to another court if there is "any remaining doubt."  Much like the court in the Eastern District of Virginia, transfer to Delaware strikes this Court as "an unnecessarily dilatory approach."  Besides, in the Fifth Circuit, "doubts regarding whether removal jurisdiction is proper should be resolved *against* federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335 (5th Cir. 2000) (emphasis added).

Finally, Plaintiffs ask the Court to order Defendants to pay their attorney fees incurred as a result of this removal.  Title 28 U.S.C. 1447(c) provides that "an order remanding a case may require payment of just costs . . . including attorney fees."  There is no automatic award of attorney fees once it is determined that a case was improperly removed. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).  In deciding this matter, the Court must objectively consider the merits of Defendants' case and must not consider Defendants' motive for removal. *Id.*  In this case, the Court is of the opinion that mandatory abstention was not obvious, as Plaintiffs claim, and that Defendants' case for removal was not without merit.  For that reason, the Court is of the opinion that no attorney fees should be awarded to Plaintiff.

Accordingly, **IT IS HEREBY ORDERED** that the above-captioned cause is

**REMANDED** to the County Court at Law Number Three of El Paso County, Texas.

**IT IS FURTHER ORDERED** that all other pending motions before this Court,

if any, are **DENIED AS MOOT**.

**SIGNED** this 19th day of October, 2001.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS

NOV 1 5 2001

CLERK, U.S. DISTRICT COURT

By _____

DENNIS GILL, Individually and as       )
Personal Representative of the Heirs and   )
Estate of ROBERT GILL, Deceased,       )
ET AL.,                      )
                          )      CIVIL ACTION NO.
          Plaintiffs,          )
                          )      3:01-CV-2110-G
                          )
VS.                       )
                          )
ACANDS, INC., ET AL.,            )
                          )
          Defendants.          )



## <u>ORDER</u>

Before the court are the following motions:  (1) the motion of the plaintiffs,

Dennis Gill, individually and as personal representative of the heirs and estate of

Robert Gill, and Ann Smith, individually and as personal representative of the heirs

and estate of Stephen Smith (collectively, "the plaintiffs"), to sever all claims against

bankrupt defendants in this action, (2) the motion of the plaintiffs to remand this

case to the state court from which it was previously removed, and (3) the emergency

motion of defendant Garlock, Inc. to transfer this case pursuant to 28 U.S.C.

§ 157(b)(5).  The motions are granted in part and denied in part.

Certified a true copy of an instrument
on file in my office on ___1/16/01___
Clerk, U.S. District Court,
Northern District of T
By _____

50

In *Arnold, et al. v. AC&S, Inc., et al.*, No. C:01-CV-478 (S.D. Tex, Nov. 9, 2001), the U.S. District Court for the Southern District of Texas, Corpus Christi Division, Judge Janice Graham Jack presiding, severed all claims against the debtor in that action, transferred those claims to the district court in Delaware, and remanded the remainder of the claims to the state court in which they were originally filed.  The reasoning of *Arnold* is unassailable, and this case is indistinguishable from it.  For the reasons stated in *Arnold*, all claims in this action against debtors Federal Mogul Corporation (sued individually and as successor in interest to T&N PLC, T&N Ltd., and/or T&N, Inc. and as successor in interest to Cooper Automotive Division of Cooper Industries, Inc.); Wagner Electric Corporation and Abex Corporation f/k/a American Brake Shoe Company and American Brake Shoe and Foundry Company (successor-by-merger to the American Brake Shoe and Foundry Company f/k/a the American Brake Block Corporation); and Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Company) are **SEVERED** and **TRANSFERRED**, pursuant to 28 U.S.C. § 157(b)(5), to the United States District Court for the District of Delaware.  All remaining claims are

---

Garlock simultaneously removed seven cases to this court based on alleged "related to" jurisdiction.  The bankruptcy referred to in this order (and in the three remaining cases) is Case Number 01-10578, pending in the United States Bankruptcy Court for the District of Delaware.

- 2 -

51

REMANDED, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the 40th

Judicial District Court of Ellis County, Texas, where they were originally filed.

The clerk shall mail a certified copy of this order to the district clerk of Ellis

County, Texas.  28 U.S.C. § 1447(c).

SO ORDERED.

November 15, 2001.

A. JOE FISH
United States District Judge

- 3 -

FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **IN RE:** | ) | **Case No. 01-10578** |
| **FEDERAL-MOGUL GLOBAL, INC.,** | ) | **Chapter 11** |
| | ) | **(Pending in the United States Bankruptcy** |
| | ) | **Court for the District of Delaware)** |
| | ) | |
| | ) | |
| | ) | |
| **HERBERT SANDEN, and** | ) | |
| **SHARON SANDEN,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION NO. SA-01-CA-970-FB** |
| | ) | |
| **ACANDS, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF REMAND FOR LACK OF
## SUBJECT MATTER JURISDICTION

Before the Court are the Application and Notice of Removal (docket no. 1) and Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination (docket no. 3) filed by defendant Garlock, Inc. ("Garlock"), as well as Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand (docket no. 8) and plaintiffs' Motion to Sever all Claims Against Bankrupt Defendants (docket no. 9), along with plaintiff's Notice of Dismissal with Prejudice (docket no. 13) of any and all claims as to the debtor Federal-Mogal Corporation.  Supplements, responses and replies (docket nos. 11, 14, 18, 19, 20, attached to docket no. 21 and marked "Received" by the District Clerk on November 16, 2001, & 22) have been filed.  Also pending are motions to appear

pro hac vice (docket nos 2, 7 & 13), to exceed the page limit (docket nos. 12 & 21) and for expedited hearing (docket nos. 4 & 10), which are GRANTED

For the reasons stated in Allphin v. Acand S. inc., Civil Action No G-01-660 (S D. Tex. Nov. 19, 2001), Wayne v. AC&S, Inc., Case Number 1:01-CV-724 (TH) (E.D. Tex. Nov. 16, 2001), and Gill v ACANDS, Inc., Civil Action No. 3:01-CV-2110-G (N.D Tex. Nov. 15, 2001), and based upon the analysis set forth in Arnold v. AC&S, Inc., Civil Action No C-01-478 (S D Tex. Nov. 9, 2001), this Court is of the opinion that bankruptcy subject matter jurisdiction does not exist and this case should be remanded to the state court from which it was removed for lack of subject matter jurisdiction

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand (docket no. 8) is GRANTED such that the above-styled and numbered cause is REMANDED to the 45th Judicial District Court of Bexar County, Texas, for lack of subject matter jurisdiction. The District Clerk is directed to send a certified copy of this order to the clerk of the state court. Plaintiffs' Motion to Sever all Claims Against Bankrupt Defendants (docket no. 9) is DISMISSED as MOOT. Remaining motions pending with the Court, if any, are dismissed

It is so ORDERED

SIGNED this _____28_____ day of November, 2001

FRED BIERY
UNITED STATES DISTRICT JUDGE

2

54

**EOD** 11-20-01



FILED CLERK

01 NOV 19 PM 1:43

TX EASTERN OF TEXAS

BY B. Carter

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES COMBS et al., | § | |
| Plaintiffs. | § | |
| | § | |
| v. | § | **CASE NUMBER 3:01-CV-046 (TH)** |
| | § | |
| ABLE SUPPLY CO. et al., | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO REMAND

Before the Court is *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc No 10]. After considering the motion, removing-defendant Garlock Inc.'s ("Garlock's") *Application and Notice of Removal Filed by Defendant Garlock Inc.* [Doc. No. 1], its supplement thereto [Doc. No. 9], its response to plaintiffs' motion for remand [Doc No. 29], its *Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) for Venue Determination* [Doc. No. 2], plaintiffs' response thereto [Doc. No. 14], plaintiffs' *Motion to Sever All Claims against Bankrupt Defendants* [Doc. No. 13], and Garlock's response thereto [Doc. No. 20], the Court is of the opinion that the above-captioned case should be remanded.

### Background

This case presents the question of whether one defendant's bare-bones assertion of cross-claims against bankrupt co-defendants gives this Court subject matter jurisdiction over an asbestos case otherwise lacking a federal question and without diversity of citizenship. Garlock, one of forty-two defendants, removed plaintiffs' asbestos case arguing that the boilerplate cross-claims against all co-defendants in its state court answer gives this Court subject matter jurisdiction by virtue of a few co-defendants' filing bankruptcy.

32

## Legal Standard

The removing party, Garlock, has the burden of establishing federal jurisdiction over this case. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). It removed the case pursuant to Title 28, United States Code, Section 1452(a), arguing that this Court has subject matter jurisdiction because this case is "related to" a Chapter 11 bankruptcy case involving some of Garlock's co-defendants as required by Section 1334(b). See 28 USC § 1452(a) ("A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."); 28 U.S.C. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, arising in or *related to* a case under title 11." (emphasis added)). A case is related to a bankruptcy case if "'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" In re Walker, 51 F.3d 562, 569 (5th Cir. 1995) (quoting In re Wood, 825 F.2d 90, 92 (5th Cir. 1987)).

If the Court finds that this case is not related to the bankruptcy case, the Court lacks subject matter jurisdiction and should remand the case pursuant to Title 28, United States Code, Section 1447(c). 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded "). Even if this Court finds that this case is related to the bankruptcy case, the Court has broad discretion to abstain from hearing the case "in the interest of justice, or in the interest of comity with State courts or respect for State law" under Section 1334(c)(1). 28 U.S.C. § 1334(c)(1); In re Gober, 100 F.3d 1195, 1206 (5th Cir. 1996)) (noting the district court's "broad discretion" to abstain under Section 1334(c)(1)). The Court can also remand the case "on any equitable ground" under Section 1452(b). 28 U.S C  § 1452(b)

## Analysis

Garlock argues that this case is related to its co-defendants' bankruptcy case by virtue of its cross-claims against those co-defendants; however, Garlock has provided no facts to support these scantily asserted cross-claims. Instead of meeting its burden of establishing federal jurisdiction by providing a factual basis, Garlock has asked the Court to simply assume that its cross-claims against the bankrupt co-defendants exist. Assuming that Garlock's claims are real, the Court FINDS that Garlock's claims are so tenuously related to the bankruptcy case involving Garlock's co-defendants as to be virtually immaterial at this time.

Accordingly, the Court FINDS that the Court lacks subject matter jurisdiction over this case. Therefore, the case must be remanded pursuant to Title 28, United States Code, Section 1447(c). If this case were related to the bankruptcy case, in the interest of justice and in the interest of comity with Texas courts and out of respect for Texas law, the Court would ABSTAIN from hearing the case under Title 28, United States Code, Section 1334(c)(1) Additionally or alternatively, the Court REMANDS the case out of concern for the same interests pursuant to Title 28, United States Code, Section 1452(b).

## ORDER

IT IS THEREFORE ORDERED that *Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand* [Doc. No. 10] is **GRANTED.**

IT IS FURTHER ORDERED that all pending motions are **DENIED AS MOOT.**

IT IS FURTHER ORDERED that the Clerk is **DIRECTED** to send a certified copy of this order of remand to the 62nd district court of Hopkins County, Texas.

IT IS FURTHER ORDERED that the Clerk is **DIRECTED** to close this case.

**SO ORDERED.**

Signed this 19th day of November, 2001.

Thad Heartfield
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 1 9 2001

Michael N. Milby, Clerk

GLENDA ALLPHIN, et al.,

     Plaintiffs,

V.

ACandS, INC., et al.,

     Defendants.

§
§
§
§
§
§
§
§
§
§
§

CIVIL ACTION NO. G-01-660

## ORDER OF REMAND

This case is one of sixteen lawsuits recently removed to this Court from various state district courts throughout Texas. In each of these cases, Plaintiffs filed state court actions asserting various asbestos-related personal injury and/or wrongful death claims against nearly fifty defendants, including Gasket Holding, Inc., a subsidiary of Federal Mogul Corporation (""Federal Mogul""). On October 1, 2000, Federal Mogul filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. Shortly thereafter, on October 22, 2001, Defendant Garlock, Inc. (""Garlock"") filed an Application and Notice of Removal in this Court, seeking to remove the instant cause of action on the basis of 28 U.S.C. §§ 1452(a), along with an Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. §§ 157(b)(5) for Venue Determination. In response, Plaintiffs filed a Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand, as well as a Motion to Sever All Claims Against Bankrupt Defendants.

After careful consideration of all of the pleadings and evidence submitted by both parties herein to date, the Court has determined that bankruptcy subject matter jurisdiction does not exist

58

in this case under § 1334(a) and (b), as averred by Defendant Garlock, and therefore was improperly removed under § 1452(a). As such, the Court hereby REMANDS this case to the 23rd Judicial District Court of Brazoria County, Texas for LACK OF SUBJECT MATTER JURISDICTION. The Court further notes that pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is "not reviewable on appeal or otherwise." See also, e.g., In re Rayburn Enterprises, 781 F.2d 501, 502-03 (5th Cir. 1986); Compton v. Compton, 711 F.2d 626, 627 (5th Cir. 1983) (both holding in the context of bankruptcy-related cases that "[w]hether the remand order be viewed as one of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review it").

IT IS SO ORDERED.

DONE this _16_ day of November, 2001 at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

2

59

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

NOV 19 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| GLENDA ALLPHIN, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-01-660 |
| | § | |
| ACandS, INC., et al. | § | |
| Defendants. | § | |

## ORDER OF REMAND

This case is one of sixteen lawsuits recently removed to this Court from various state district courts throughout Texas. In each of these cases, Plaintiffs filed state court actions asserting various asbestos-related personal injury and/or wrongful death claims against nearly fifty defendants, including Gasket Holding, Inc., a subsidiary of Federal Mogul Corporation (""Federal Mogul""). On October 1, 2000, *Federal Mogul filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware.* Shortly thereafter, on October 22, 2001, Defendant Garlock, Inc. (""Garlock"") filed an Application and Notice of Removal in this Court, seeking to remove the instant cause of action on the basis of 28 U.S.C. §§ 1452(a), along with an Emergency Motion to Transfer Civil Action Pursuant to 28 U.S.C. §§ 157(b)(5) for Venue Determination. In response, Plaintiffs filed a Motion for Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand, as well as a Motion to Sever All Claims Against Bankrupt Defendants.

After careful consideration of all of the pleadings and evidence submitted by both parties herein to date, the Court has determined that bankruptcy subject matter jurisdiction does not exist

60

in this case under § 1334(a) and (b), as averred by Defendant Garlock, and therefore was improperly

removed under § 1452(a). As such, the Court hereby REMANDS this case to the 23rd Judicial

District Court of Brazoria County, Texas for LACK OF SUBJECT MATTER JURISDICTION.

The Court further notes that pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of

Remand is "not reviewable on appeal or otherwise." See also, e.g., In re Rayburn Enterprises, 781

F.2d 501, 502-03 (5th Cir. 1986); Compton v. Compton, 711 F.2d 626, 627 (5th Cir. 1983) (both

holding in the context of bankruptcy-related cases that "[w]hether the remand order be viewed as one

of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review

it").

IT IS SO ORDERED.

DONE this _____ day of November, 2001 at Galveston, Texas.


SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

2

I2/10/01  18:49 FAX 4046147500          Hawkins & Parnell                    ☒003/012
DEC 10 2001  6:27 PM FR CLARK HILL        313 965 8252 TO 914046147500        P.03/12



COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL      :     Chapter 11
GLOBAL, INC., T&N         :     Case Nos. 01-10578, et al.[1]
LIMITED, et al..         :
         Debtors.         :
------------------------  :

ORDER: (1) PARTIALLY WITHDRAWING THE REFERENCE, and
       (2) PROVISIONALLY TRANSFERRING CERTAIN FRICTION
           PRODUCT CLAIMS

This matter having been opened upon the motion of General
Motors Corporation, Ford Motor Company and Daimler Chrysler
Corporation for a motion to transfer (the "Transfer Motion")
certain lawsuits against them arising out of so-called "friction
products" as to which the movants contend they have a right of
indemnification against the debtors in these administratively
consolidated Chapter 11 proceedings (the "Friction Product
Claims"); and it appearing that movants have removed these cases
from the several state courts to the United States District
Courts for the Districts in which these cases were pending; and
the movants having also moved for a provisional order of transfer
to preserve the status quo pending a plenary hearing and
determination by the Court of the Transfer Motion; and the Court
having reviewed the several briefs and letters of counsel in
support and in opposition to the provisional transfer motion; and
good cause appearing

[1] See attached list.



PLAINTIFF'S
EXHIBIT

_C_

tabbies

TI0/200☒                    IN  ELLIS  &  KIRKLAND              9 00ZZ  T98 ZTE  XAA  ZE:9T  T00Z/0T/ZT
                     312 861 8200 8 -> CLARK HILL F.C/I:              Received:  12/10/01  5:54PM;

It is this 10th day of December, 2001

ORDERED that, pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of this case to the Bankruptcy Court, Judge Randall K. Newsome presiding, is hereby withdrawn with respect to the Transfer Motion and the provisional transfer motion, and with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims, and it is further

ORDERED that the application for a provisional transfer Order is granted and the Friction Product Claims are hereby provisionally transferred to this Court subject to further Order of the Court, and it is further

ORDERED that all parties shall refrain from submitting papers in support of or in opposition to the Transfer Motion pending further Order of the Court providing for notice, a briefing schedule and a hearing date for the Transfer Motion.

/s/
ALFRED M. WOLIN, U.S.D.J.

2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10620 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

3

## DESIGNATION OF A DISTRICT JUDGE
### FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgment the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial Council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

PLAINTIFF'S
EXHIBIT

P

12/05/01  WED 20:29 FAX 312 861 2200          KIRKLAND & ELLIS                          ☑004

NOV. 28. 2001  3:58PM                                          NO. 6342   P. 4

significant portion of the asbestos cases in this country are proceeding under the aegis of this

litigation, I deem this assignment and consolidation critically important to the administration of

justice.

_____
Edward R. Becker
Chief Judge of the Third Judicial Circuit


Dated: 11-27-01

TOTAL P.04