MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JAN 29 2002

FILED CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

***Alexander McLeod, et al vs. A. M. Lockett & Co., et al*; United States District Court for the Southern District of Mississippi, Southern Division No. 1:01-473GR**

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

PLEADING NO. 3407

Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on December 28, 2002, transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos-related personal injury.

Plaintiffs aver as follows in support of this motion.

1. Plaintiffs in these actions consist of Plaintiffs claiming injuries from asbestos.

2. This action was originally pending in the Circuit Court for George County, Mississippi, but was removed to Federal District Court when Hopeman Brothers Inc. (hereinafter Hopeman) removed this case to federal court, claiming Federal Jurisdiction based on "federal

RECEIVED CLERK'S OFFICE 02 JAN 29 A 10:56 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION



OFFICIAL FILE COPY

IMAGED FEB 4 '02

enclave." Additionally, GAF claimed that removal would be proper under 28 U.S.C. § 1441 Federal Question Jurisdiction.

3. While Hopeman claims "federal enclave" based upon one plaintiff's testimony, the testimony upon which removal was based does not exist. Therefore, the Panel should vacate the conditional transfer order and await a ruling from the transferor Court on the issue of remand currently pending.

4. A number of Plaintiffs' claims (identified in the Brief in Support of this Motion) were being prepared for trial, in that, discovery had been initiated, depositions were scheduled, a trial date set and no common or nationwide discovery or pretrial proceedings were necessary in these cases. Therefore, these cases should not be transferred to MDL No. 875 as such transfer would be a violation of 28 U.S.C. §1407.

5. None of the claims in *McLeod* or any of the Plaintiffs should be transferred to MDL No. 875 because no ruling from the transferor Court has been entered on the issue of Federal Jurisdiction and Remand. No coordinated or consolidated pretrial proceedings are necessary in this case. The only discovery which needs to be conducted would be local and individual in nature, and the transfer of these cases would delay their resolution. Thus, the transfer of these cases would not support the purposes of 28 U.S.C. §1407 because the transfer would not be for the convenience of the parties and witnesses and will not promote the just and efficient conduct of the actions.

6. The Plaintiffs submit the accompanying Brief in support of this Motion.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully move the Panel to vacate the conditional transfer order previously entered by the Clerk of the Panel on December

28, 2001 or, in the alternative:

a. Refuse to transfer to MDL No. 875 the Plaintiffs listed in Appendix 3 to the Brief because in support of this Motion, the claims were in the process of being prepared for trial with no nationwide or consolidated pretrial proceedings necessary.

**Respectfully submitted,**

**ROBERT A. PRITCHARD**
**One of the Attorneys for Plaintiffs**

**By:** Christopher Fitzgerald
**Christopher E. Fitzgerald**

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile: 228/762-6005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2002

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

***Alexander McLeod, et al vs. A. M. Lockett & Co., et al*; United States District Court for the Southern District of Mississippi, Southern Division No. 1:01-473GR**

# BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile: 228/762-6005

RECEIVED
CLERK'S OFFICE
2002 JAN 29 A 10: 55
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## TABLE OF CONTENTS

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Contentions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Contentions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

This Panel Should Act Rather Than Merely Deferring to the Transferee Judge of MDL No. 875 for Further Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Authority to Sever Certain Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

The Plaintiffs Whose Claims Were Being Prepared for Trial Should be Severed and Retained in the Transferor Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

None of the Claims Should be Transferred to the MDL . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## TABLE OF AUTHORITIES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) . . . . 4

*In re A.H. Robins Co.*, *"Dalkon Shield"*, 570 F. Supp. 1480, (Jud.Pan.Mult.Lit. 1983) . . . . 6

*In re Antibiotic Drugs*, 309 F. Supp. 155, (Jud.Pan.Mult.Lit. 1970) . . . . 5

*In re Equity Funding Corp. of America Securities L.T.*, 385 F. Supp. 1262 (Jud.Pan.Mult.Lit. 1974) . . . . 5

*In re Motion Picture Licensing Anti-trust Lit.*, 479 F. Supp. 581, (Jud.Pan.Mult.Lit. 1979) . . . . 6

*In re Uranium Industry Anti-trust Litigation*, 466 F. Supp. 958, (Jud.Pan.Mult.Lit. 1979) . . . . 5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998) . . . . 3, 4, 6

*Ortiz v. Fiberboard Corporation*, 67 U.S. L.W. 3681, 119 S. Ct. 2295 (1999) . . . . 4

28 U.S.C. §1331 . . . . 2

28 U.S.C. §1407 . . . . 1, 2, 3

28 U.S.C. §1441 . . . . 2

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

***Alexander McLeod, et al vs. A. M. Lockett & Co., et al*; United States District Court for the Southern District of Mississippi, Southern Division No. 1:01-473GR**

**BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

The Plaintiffs submit the instant brief in support of their Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on December 28, 2001. The Plaintiffs contend that transfer of the case to the MDL would be improper, would not be for the convenience of the parties and witnesses nor would it promote the just and efficient conduct of such action pursuant to 28 U.S.C. §1407.

**I.**
**Background**

On August 20, 1992, the Plaintiffs' Original Complaint was filed in the Circuit Court of George, Mississippi. Appendix 1. The State court entered an order on Hopeman Brothers Inc., (hereinafter "Hopeman") filed a Notice of Removal on November 15, 2001. Appendix 2. Hopeman's sole ground for removal was their unsupported assertion that federal question

jurisdiction, as contemplated under 28 U.S.C. §1331, existed because of "federal enclave" jurisdiction. Plaintiffs' timely filed their Motion to Remand on December 13, 2001. Appendix 3.

The linchpin for the claim of federal jurisdiction, and thus removal under 28 U.S.C. §1441, is Hopeman's inaccurate assertion that "federal enclave"jurisdiction exists due to a solitary plaintiff's testimony. However, the testimony alleged by Hopeman does not exist.

## II.
## Legal Contentions

A. The Panel has a duty to protect the substantive rights of the Plaintiffs by refusing to transfer any of the claims to MDL No. 875 or by severing certain Plaintiffs' claims before transfer.

B. The Panel should refuse to transfer until the District Court determines whether Federal Question Jurisdiction exists and whether this matter has been properly Removed.

C. The Panel should refuse to transfer to MDL No. 875 the Plaintiffs whose claims were being prepared for trial.

D. None of the Plaintiffs' claims should be transferred to MDL No. 875 because the transfer will not meet the standards of 28 U.S.C. §1407. The transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of such actions.

## III.
## Factual Contentions

A. Plaintiffs in *McLeod* consist of Plaintiffs claiming injuries from asbestos.

B. A number of the Plaintiffs' claims were being prepared for a scheduled trial date and no common or nationwide discovery or pretrial proceedings were or and is necessary in this case.

C. None of the claims should be transferred to MDL No. 875 because no coordinated or consolidated pretrial proceedings are necessary in this case, the only discovery would be local and individual, and the transfer of the cases would delay their resolution.

**IV.**

**Factual Background**

The Plaintiffs in the Original and Fifth Amended Complaint allege damages resulting from asbestos-related injuries.

**V.**

**Argument and Authorities**

**A. This Panel Should Act Rather Than Merely Deferring to the Transferee Judge of MDL No. 875 for Further Action.**

The United States Supreme Court has recognized that although the asbestos litigation is perhaps unique in the judicial history of the United States, the statutes and rules governing federal courts cannot be bent, expanded or ignored in a well-meaning attempt to solve the problem. Thus, language in the Multidistrict Litigation statute, 28 U.S.C. §1407, which uses the word "shall"... "creates an obligation impervious to judicial discretion" and clearly requires the Panel to remand to the transferor court matters in which pretrial proceedings have been concluded. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956, 962, 140 L. Ed. 2d 62 (1998). Courts cannot use "blinders"nor indulge in an "exercise in rule making" to ignore the statutory requirement "that transferred cases be remanded to the originating district at the close of coordinated pretrial proceedings." 118 S. Ct. 956, 962, 964. Furthermore, the

statute creates substantial rights and a substantially protected interest where no discretion is left to a court to ignore statutory requirements to remand the case to the transferor court at the close of coordinated pretrial proceedings. 118 S. Ct. 956, 965.

Even when faced with arguments, by two justices in dissent, that a settlement class action should be allowed to help solve the problem of "an 'elephatine mass of asbestos cases which defies customary judicial administration,'" [dissent *Ortiz v. Fiberboard Corporation*, 67 U.S. L.W. 3681, 119 S. Ct. 2295, 2324 (1999)], the Supreme Court refused to allow an "adventurous application" of the rules of civil procedure. 119 S. Ct. 2295, 2314.

Similarly, the Supreme Court has struck down, again over the objections of dissenting justices, a class action which could promote "an nationwide administrative claims process and regime [which could] provide the most secure, fair and efficient means of compensating victims of asbestos exposure." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 628-29, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

*Amchem*, along with *Lexecon* and *Ortiz* clearly teach the lessons that the MDL is only for pretrial proceedings, that the Panel has the absolute obligation to remand to state court matters in which the consolidated pretrial is concluded, and that no perceived problem of the size, complexity or any other matter concerning the asbestos docket would allow the Panel to defer to the transferee judge decisions which the Panel is charged with making. Whether or not a claim should be in MDL No. 875 is such a decision. The Panel should exercise its duties at this time. If the Panel merely sends these claims to the MDL for consideration by the transferee judge, the Panel will have failed in its statutory duties and shirked its responsibility.

**B. <u>Authority to Sever Certain Claims</u>.**

The Panel has authority to separate "any claim, crossaction, counterclaim or third party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. §1407(a). Also, the Panel has the power to sever certain claims and to transfer only those claims to the MDL, to sever counterclaims, or to sever third party claims. *In re Uranium Industry Anti-trust Litigation*, 466 F. Supp. 958, 962 (Jud.Pan.Mult.Lit. 1979); *In re Equity Funding Corp. of America Securities L.T.*, 385 F. Supp. 1262 (Jud.Pan.Mult.Lit. 1974); and *In re Antibiotic Drugs*, 309 F. Supp. 155, 156 (Jud.Pan.Mult.Lit. 1970).

**C. The Plaintiffs Whose Claims were Being Prepared for Trial Should be Severed and Retained in the Transfer Court.**

Prior to removal of this action to Federal Court, these claims were proceeding in an orderly fashion. The State court entered an order setting a group of plaintiffs claims for trial on March 25, 2002 in the Circuit Court of George County, Mississippi. *See* Appendix 3. The initial trial group was designated pursuant to the Case Management Order. *See* Appendix 4. Additionally, discovery had been propounded by the Defendants and Plaintiffs and was in the process of being answered. However, the taking of the depositions of the Plaintiffs, as well as their answers to discovery, would not constitute common discovery and would only be individualized, localized discovery concerning these individual Plaintiffs. Thus, all of the Plaintiffs' cases listed on Appendices 3 and 3a were well under way to being prepared for trial.

No common discovery is necessary, and there are no coordinated or consolidated pretrial proceedings which need to be accomplished. Even if there were a necessity for some common discovery, which there is not, that common discovery is near an end. The transfer to the MDL "would neither serve the convenience of the parties and witnesses nor further the just and efficient

conduct of the litigation." *In re A.H. Robins Co., "Dalkon Shield"*, 570 F. Supp. 1480, 1481-82 (Jud.Pan.Mult.Lit. 1983). Where discovery is complete, or almost complete, or where discovery, even though not complete, is only of a local nature and not "national" or "common" discovery, the cases should not be transferred to the MDL. *In re Motion Picture Licensing Anti-trust Lit.*, 479 F. Supp. 581, 590 (Jud.Pan.Mult.Lit. 1979).

**D. <u>None of the Claims Should be Transferred to the MDL</u>.**

As this Panel has stated "the Panel has neither the power nor the disposition to direct the transferee judge in exercise of its powers and discretion in pretrial proceedings." 771 F. Supp. at 421. Therefore, the Panel must take responsibility for cases which are transferred to the Eastern District of Pennsylvania by ensuring that cases being considered for transfer and consolidation in the MDL, especially cases that were removed from state court to the transferor court, are properly within the Federal system. The Panel need only await a ruling from the Transferor Court on the issue of Remand pending in the transferor court prior to entering a transfer order.

Further, there are no "coordinated or consolidated pretrial proceedings" to be conducted in any of these cases. The discovery remaining to be conducted as to any of these Plaintiffs is purely local discovery concerning the individual Plaintiffs' claims. If, as stated by the United States Supreme Court in *Lexecon*, there is "an obligation impervious to judicial discretion" to remand such a case, it is even more obvious that there would be a statutory obligation not to send these claims to the MDL No. 875 in the first place. *See Lexecon*, 118 S. Ct. at 962.

**<u>Conclusion</u>**

If the Panel merely passes these cases on to Judge Weiner with essentially a form order, plaintiffs would submit that such action is contrary to this Panel's duties. The panel should feel obligated to ensure that an action being considered for transfer is properly within the federal system, meaning the transferor court has proper jurisdiction over the action.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray as follows:

A. That none of these claims be transferred to MDL No. 875; and

B. In the alternative, that the Plaintiffs listed in Appendix 3 whose claims were being prepared for trial be severed and their claims retained in the transferor court.

**Respectfully submitted,**

**ROBERT A. PRITCHARD**
**One of the Attorneys for Plaintiffs**

**By:** [signature]
**Christopher E. Fitzgerald**

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile: 228/762-6005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2002

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I, Christopher E. Fitzgerald, hereby certify that I have this date, mailed by United States Mail, postage prepaid, a true and correct copy of the above and forgoing Motion and Brief to Vacate the Conditional Transfer Order on behalf of the Plaintiffs to the All Counsel of Record:

**THIS** the 28 day of January, 2002.

ROBERT A. PRITCHARD

BY: [signature]
CHRISTOPHER E. FITZGERALD

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS Bar No. 10668
934 Jackson Avenue
Post Office Drawer 1707
Pascagoula, MS 39568-1707
Telephone: (228) 762-8877
Facsimile: (228) 762-6005

RECEIVED
CLERK'S OFFICE
2002 JAN 29 A 10: 56
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-209)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Berry, et al. v. GAF Corp., et al.*, S.D. Mississippi, C.A. No. 1:01-470
*McLeod, et al. v. A.M. Lockett & Co., et al.*, S.D. Mississippi, C.A. No. 1:01-473

James L. Fletcher, Jr.
Duncan & Courington
322 Lafayette Street
New Orleans, LA 70130

Robert A. Pritchard
Pritchard Law Firm
P.O. Drawer 1707
Pascagoula, MS 39568

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406