MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2002

FILED
CLERK'S OFFICE

### DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Vera D. Berry, et al vs. GAF Corporation, et al*; **United States District Court for the Southern District of Mississippi, Southern Division No. 1:01CV470GR**

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER
### PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES
### OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on December 28, 2002, transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos-related personal injury.

Plaintiffs aver as follows in support of this motion.

1.      Plaintiffs in these actions consist of Plaintiffs claiming injuries from asbestos.

2.      This action was originally pending in the Circuit Court for Jefferson County, Mississippi, but was removed to Federal District Court when Hopeman Brothers Inc. (hereinafter Hopeman) removed this case to federal court, claiming Federal Jurisdiction based on "federal

1

**OFFICIAL FILE COPY**   IMAGED FEB 4 '02

enclave." Additionally, GAF claimed that removal would be proper under 28 U.S.C. § 1441 Federal Question Jurisdiction.

     3.     While Hopeman claims "federal enclave" based upon one plaintiff's testimony, the testimony upon which removal was based does not exist. Therefore, the Panel should vacate the conditional transfer order and await a ruling from the transferor Court on the issue of remand currently pending.

     4.     A number of Plaintiffs' claims (identified in the Brief in Support of this Motion) were being prepared for trial, in that, discovery had been initiated, depositions were scheduled, a trial date set and no common or nationwide discovery or pretrial proceedings were necessary in these cases. Therefore, these cases should not be transferred to MDL No. 875 as such transfer would be a violation of 28 U.S.C. §1407.

     5.     None of the claims in *Berry* or any of the Plaintiffs should be transferred to MDL No. 875 because no ruling from the transferor Court has been entered on the issue of Federal Jurisdiction and Remand. No coordinated or consolidated pretrial proceedings are necessary in this case. The only discovery which needs to be conducted would be local and individual in nature, and the transfer of these cases would delay their resolution. Thus, the transfer of these cases would not support the purposes of 28 U.S.C. §1407 because the transfer would not be for the convenience of the parties and witnesses and will not promote the just and efficient conduct of the actions.

     6.     The Plaintiffs submit the accompanying Brief in support of this Motion.

     **WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully move the Panel to vacate the conditional transfer order previously entered by the Clerk of the Panel on December

28, 2001 or, in the alternative:

    a.    Refuse to transfer to MDL No. 875 the Plaintiffs listed in Appendix 3 to the Brief

because in support of this Motion, the claims were in the process of being prepared

for trial with no nationwide or consolidated pretrial proceedings necessary.

**Respectfully submitted,**

**ROBERT A. PRITCHARD**
**One of the Attorneys for Plaintiffs**

**By:**    *Christopher E. Fitzgerald*
    **Christopher E. Fitzgerald**

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile:  228/762-6005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2002

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I, Christopher E. Fitzgerald, hereby certify that I have this date, mailed by United States

Mail, postage prepaid, a true and correct copy of the above and forgoing Motion and Brief to

Vacate the Conditional Transfer Order on behalf of the Plaintiffs to the All Counsel of Record:

THIS the 28 day of January, 2002.

ROBERT A. PRITCHARD

BY: _Christopher E. Fitzgerald_
CHRISTOPHER E. FITZGERALD

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS Bar No. 10668
934 Jackson Avenue
Post Office Drawer 1707
Pascagoula, MS 39568-1707
Telephone: (228) 762-8877
Facsimile:   (228) 762-6005

-1-

**PANEL SERVICE LIST (Excerpted from CTO-209)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Berry, et al. v. GAF Corp., et al.*, S.D. Mississippi, C.A. No. 1:01-470
*McLeod, et al. v. A.M. Lockett & Co., et al.*, S.D. Mississippi, C.A. No. 1:01-473

James L. Fletcher, Jr.
Duncan & Courington
322 Lafayette Street
New Orleans, LA 70130

Robert A. Pritchard
Pritchard Law Firm
P.O. Drawer 1707
Pascagoula, MS 39568

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 9 2002

FILED
CLERK'S OFFICE

# DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Vera D. Berry, et al vs. GAF Corporation, et al*; **United States District Court for the Southern District of Mississippi, Southern Division No. 1:01CV470GR**

## BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile:  228/762-6005

# TABLE OF CONTENTS

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Contentions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Contentions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    This Panel Should Act Rather Than Merely Deferring to the Transferee Judge of MDL
        No. 875 for Further Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Authority to Sever Certain Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    The Plaintiffs Whose Claims Were Being Prepared for Trial Should be Severed and
        Retained in the Transferor Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    None of the Claims Should be Transferred to the MDL . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

i

# TABLE OF AUTHORITIES

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591,
    117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In re A.H. Robins Co., "Dalkon Shield"*, 570 F. Supp. 1480, (Jud.Pan.Mult.Lit. 1983) . . . . . . . 6

*In re Antibiotic Drugs*, 309 F. Supp. 155, (Jud.Pan.Mult.Lit. 1970) . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Equity Funding Corp. of America Securities L.T.*,
    385 F. Supp. 1262 (Jud.Pan.Mult.Lit. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Motion Picture Licensing Anti-trust Lit.*,
    479 F. Supp. 581, (Jud.Pan.Mult.Lit. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Uranium Industry Anti-trust Litigation*, 466 F. Supp. 958, (Jud.Pan.Mult.Lit. 1979) . . . . . 5

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*,
    523 U.S. 26, 118 S. Ct. 956, 140 L. Ed. 2d 62 (1998) . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 6

*Ortiz v. Fiberboard Corporation*, 67 U.S. L.W. 3681, 119 S. Ct. 2295 (1999) . . . . . . . . . . . . . 4

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

28 U.S.C. §1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 1, 2, 3

28 U.S.C. §1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. 2

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Vera D. Berry, et al vs. GAF Corporation, et al*; United States District Court for the
Southern District of Mississippi, Southern Division No. 1:01CV470GR

BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL
TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES
OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

The Plaintiffs submit the instant brief in support of their Motion to Vacate the Conditional

Transfer Order entered by the Clerk of the Panel on December 28, 2001.  The Plaintiffs contend

that transfer of the case to the MDL would be improper, would not be for the convenience of the

parties and witnesses nor would it promote the just and efficient conduct of such action pursuant

to 28 U.S.C. §1407.

## I.
## Background

On June 30, 2000, the Plaintiffs' Original Complaint was filed in the Circuit Court of

Jefferson County, Mississippi.  Appendix 1.  Hopeman Brothers Inc., (hereinafter "Hopeman")

filed a Notice of Removal on November 14, 2001.  Appendix 2.  Hopeman's sole ground for

removal was their unsupported assertion that federal question jurisdiction, as contemplated under

1

28 U.S.C. §1331, existed because of "federal enclave" jurisdiction. Plaintiffs' timely filed their Motion to Remand on December 13, 2001. Appendix 3.

The linchpin for the claim of federal jurisdiction, and thus removal under 28 U.S.C. §1441, is Hopeman's inaccurate assertion that "federal enclave"jurisdiction exists due to a solitary plaintiff's testimony. However, the testimony alleged by Hopeman does not exist.

## II.
## Legal Contentions

A.    The Panel has a duty to protect the substantive rights of the Plaintiffs by refusing to transfer any of the claims to MDL No. 875 or by severing certain Plaintiffs' claims before transfer.

B.    The Panel should refuse to transfer until the District Court determines whether Federal question jurisdiction exists and whether this matter has been properly Removed.

C.    The Panel should refuse to transfer to MDL No. 875 the  Plaintiffs whose claims were being prepared for trial.

D.    None of the Plaintiffs' claims should be transferred to MDL No. 875 because the transfer will not meet the standards of 28 U.S.C. §1407.   The transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of such actions.

## III.
## Factual Contentions

A.    Plaintiffs in *Berry* consist of Plaintiffs claiming injuries from asbestos.

B.    A number of the Plaintiffs' claims were being prepared for a scheduled trial date and no common or nationwide discovery or pretrial proceedings were or are necessary in this case.

C.      None of the claims should be transferred to MDL No. 875 because no coordinated or

consolidated pretrial proceedings are necessary in this case, the only discovery would be local and

individual, and the transfer of the cases would delay their resolution.

### IV.

### **Factual Background**

The Plaintiffs in the Original Complaint alleged damages resulting from asbestos-related

injuries.

### V.

### **Argument and Authorities**

A.      **This Panel Should Act Rather Than Merely Deferring to the Transferee Judge of
MDL No. 875 for Further Action.**

The United States Supreme Court has recognized that although the asbestos litigation is

perhaps unique in the judicial history of the United States, the statutes and rules governing federal

courts cannot be bent, expanded or ignored in a well-meaning attempt to solve the problem.

Thus, language in the Multidistrict Litigation statute, 28 U.S.C. §1407, which uses the word

"shall"... "creates an obligation impervious to judicial discretion" and clearly requires the Panel to

remand to the transferor court matters in which pretrial proceedings have been concluded.

*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S. Ct. 956, 962, 140

L. Ed. 2d 62 (1998).  Courts cannot use "blinders"nor indulge in an "exercise in rule making" to

ignore the statutory requirement "that transferred cases be remanded to the originating district at

the close of coordinated pretrial proceedings."  118 S. Ct. 956, 962, 964.  Furthermore, the

3

statute creates substantial rights and a substantially protected interest where no discretion is left to a court to ignore statutory requirements to remand the case to the transferor court at the close of coordinated pretrial proceedings. 118 S. Ct. 956, 965.

Even when faced with arguments, by two justices in dissent, that a settlement class action should be allowed to help solve the problem of "an 'elephantine mass of asbestos cases which defies customary judicial administration,'" [dissent *Ortiz v. Fiberboard Corporation*, 67 U.S. L.W. 3681, 119 S. Ct. 2295, 2324 (1999)], the Supreme Court refused to allow an "adventurous application" of the rules of civil procedure. 119 S. Ct. 2295, 2314.

Similarly, the Supreme Court has struck down, again over the objections of dissenting justices, a class action which could promote "an nationwide administrative claims process and regime [which could] provide the most secure, fair and efficient means of compensating victims of asbestos exposure." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 628-29, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).

*Amchem*, along with *Lexecon* and *Ortiz* clearly teach the lessons that the MDL is only for pretrial proceedings, that the Panel has the absolute obligation to remand to state court matters in which the consolidated pretrial is concluded, and that no perceived problem of the size, complexity or any other matter concerning the asbestos docket would allow the Panel to defer to the transferee judge decisions which the Panel is charged with making. Whether or not a claim should be in MDL No. 875 is such a decision. The Panel should exercise its duties at this time. If the Panel merely sends these claims to the MDL for consideration by the transferee judge, the Panel will have failed in its statutory duties and shirked its responsibility.

4

**B.**     <u>Authority to Sever Certain Claims</u>.

The Panel has authority to separate "any claim, crossaction, counterclaim or third party claim and remand any of such claims before the remainder of the action is remanded." 28 U.S.C. §1407(a). Also, the Panel has the power to sever certain claims and to transfer only those claims to the MDL, to sever counterclaims, or to sever third party claims. *In re Uranium Industry Anti-trust Litigation*, 466 F. Supp. 958, 962 (Jud.Pan.Mult.Lit. 1979); *In re Equity Funding Corp. of America Securities L.T.*, 385 F. Supp. 1262 (Jud.Pan.Mult.Lit. 1974); and *In re Antibiotic Drugs*, 309 F. Supp. 155, 156 (Jud.Pan.Mult.Lit. 1970).

**C.**     <u>The Plaintiffs Whose Claims were Being Prepared for Trial Should be Severed and Retained in the Transfer Court.</u>

Prior to removal of this action to Federal Court, these claims were proceeding in an orderly fashion. The State court entered an order setting a group of plaintiffs claims for trial on February 19, 2002 in the Circuit Court of Jefferson County, Mississippi. *See* Appendix 4. The initial trial group was designated on October 31, 2001, pursuant to the Case Management Order dated October 12, 2001. *See* Appendix 5. The depositions of all Plaintiffs were scheduled to begin the second week of November 2001, the week after this matter was removed and were to continue until completed. Additionally, discovery had been propounded by the Defendants and Plaintiffs and was in the process of being answered. However, the taking of the depositions of the Plaintiffs, as well as their answers to discovery, would not constitute common discovery and would only be individualized, localized discovery concerning these individual Plaintiffs. Thus, all of the Plaintiffs' cases listed on Appendices 4 were well under way to being prepared for trial.

No common discovery is necessary, and there are no coordinated or consolidated pretrial proceedings which need to be accomplished. Even if there were a necessity for some common discovery, which there is not, that common discovery is near an end. The transfer to the MDL "would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation." *In re A.H. Robins Co.*, *"Dalkon Shield"*, 570 F. Supp. 1480, 1481-82 (Jud.Pan.Mult.Lit. 1983). Where discovery is complete, or almost complete, or where discovery, even though not complete, is only of a local nature and not "national" or "common" discovery, the cases should not be transferred to the MDL. *In re Motion Picture Licensing Anti-trust Lit.*, 479 F. Supp. 581, 590 (Jud.Pan.Mult.Lit. 1979).

**D.     None of the Claims Should be Transferred to the MDL.**

As this Panel has stated "the Panel has neither the power nor the disposition to direct the transferee judge in exercise of its powers and discretion in pretrial proceedings." 771 F. Supp. at 421. Therefore, the Panel must take responsibility for cases which are transferred to the Eastern District of Pennsylvania by ensuring that cases being considered for transfer and consolidation in the MDL, especially cases that were removed from state court to the transferor court, are properly within the Federal system. The Panel need only await a ruling from the Transferor Court on the issue of Remand pending in the transferor court prior to entering a transfer order.

Further, there are no "coordinated or consolidated pretrial proceedings" to be conducted in any of these cases. The discovery remaining to be conducted as to any of these Plaintiffs is purely local discovery concerning the individual Plaintiffs' claims. If, as stated by the United States Supreme Court in *Lexecon*, there is "an obligation impervious to judicial discretion" to

6

remand such a case, it is even more obvious that there would be a statutory obligation not to send

these claims to the MDL No. 875 in the first place. *See Lexecon*, 118 S. Ct. at 962.

### Conclusion

If the Panel merely passes these cases on to Judge Weiner with essentially a form order,

plaintiffs would submit that such action is contrary to this Panel's duties. The panel should feel

obligated to ensure that an action being considered for transfer is properly within the federal

system, meaning the transferor court has proper jurisdiction over the action.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray as follows:

A.    That none of these claims be transferred to MDL No. 875; and

B.    In the alternative, that the Plaintiffs listed in Appendix 4 whose claims were being

prepared for trial be severed and their claims retained in the transferor court.

**Respectfully submitted,**

**ROBERT A. PRITCHARD**
**One of the Attorneys for Plaintiffs**

By:    *Christopher E. Fitzgerald*
       **Christopher E. Fitzgerald**

Law Offices of Robert A. Pritchard
Christopher E. Fitzgerald, MS BAR #10668
934 Jackson Avenue
P.O. Drawer 1707
Pascagoula, Ms 39568-1707
Telephone: 228/762-8877
Facsimile:  228/762-6005

7

JUDICIAL PANEL
MULTIDISTRICT LITIGATION

*2*

JAN 2 9 2002

FILED
CLERK'S OFFICE


EXHIBIT **A**

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

VERA D. BERRY, ET AL.,                                                    **PLAINTIFFS**

**RECEIVED & FILED**

JUN 3 0 2000

CAUSE NO.: *2000-107*

**VERSUS**

BURNELL HARRIS, Circuit Clerk

By_____ D.C.

GAF CORPORATION, ET AL.,                                             **DEFENDANTS**
AND JOHN DOE DEFENDANTS 1 - 50

## COMPLAINT

### JURY TRIAL REQUESTED

COME NOW the Plaintiffs, by and through their attorney of record, and file their

Complaint, and in support thereof, would show unto this Honorable Court the following, to-wit:

1.

### JURISDICTION AND VENUE

A.    This Honorable Court has subject matter jurisdiction. See e.g.: Article 6, Sec. 156,

Mississippi Constitution 1890 and/or Section 9-7-81 Mississippi Code 1972.

B.    This Honorable Court has jurisdiction of the parties.

C.    Venue is well and truly laid in this Honorable Court. See e.g.: Sec. 11-11-3

Mississippi Code 1972.

2.

### PLAINTIFFS

A.    The Plaintiffs are adult resident citizens of the State of Mississippi and various

locations and are identified as follows:

1.    Plaintiff. Vera D. Berry, (Social Security number 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), is an adult

resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi.  As a result of asbestos exposure in the workplace, Vera D. Berry has developed a debilitating asbestos related disease while working as a teacher and from being secondarily exposed through her husband, Booker T. Berry and seeks judgment against the Asbestos Defendants.

2.  Plaintiff, W. B. Adams, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Vicksburg, Mississippi.  As a result of asbestos exposure in the workplace, W. B. Adams has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

3.  Plaintiff, Nolan G. Bass (Social Security number 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), is an adult resident citizen of Franklin County, Mississippi, who resides in Roxie, Mississippi.  As a result of asbestos exposure in the workplace, Nolan G. Bass has developed a debilitating asbestos related disease while working as an operator/boiler worker and seeks judgment against the Asbestos Defendants.

4.  Plaintiff, Delma Bridges, (Social Security number 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), is an adult resident citizen of Yazoo County, Mississippi, who resides in Bentonia, Mississippi.  As a result of asbestos exposure in the workplace, Delma Bridges has developed a debilitating asbestos related disease while working as a mechanic/machinist and seeks judgment against the Asbestos Defendants.

5.  Plaintiff, Samuel J. Brinkley, Sr., (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Lorman, Mississippi.  As a result of asbestos exposure in the workplace, Samuel J. Brinkley, Sr. has developed a debilitating asbestos related disease while working as a sandblaster and seeks judgment against the Asbestos Defendants.

6.   Plaintiff, William Burt, (Social Security number 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), is an adult resident citizen of Jackson County, Mississippi, who resides in Pascagoula, Mississippi. As a result of asbestos exposure in the workplace, William Burt has developed Mesothelioma while working as a carpenter and seeks judgment against the Asbestos Defendants.

7.   Plaintiff, Cammie Burnette, Jr., (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi. As a result of asbestos exposure in the workplace, Cammie Burnette, Jr. has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

8.   Plaintiff, Sam Cadney, Sr., (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Lorman, Mississippi. As a result of asbestos exposure in the workplace, Sam Cadney, Sr. has developed a debilitating asbestos related disease while working as an electrician and seeks judgment against the Asbestos Defendants.

9.   Plaintiff, Percy Chambers, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Lorman, Mississippi. As a result of asbestos exposure in the workplace, Percy Chambers has developed a debilitating asbestos related disease while working as a laborer/sandblaster and seeks judgment against the Asbestos Defendants.

10.  Plaintiff, Jessie T. Clark, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Union Church, Mississippi. As a result of asbestos exposure in the workplace, Jessie T. Clark has developed a debilitating asbestos related disease while working as a laborer/maintenance and seeks judgment against the

Asbestos Defendants.

11. Plaintiff, Clarence R. Coleman, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi. As a result of asbestos exposure in the workplace, Clarence R. Coleman has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

12. Plaintiff, Johnny Coleman, Jr., (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Hermanville, Mississippi. As a result of asbestos exposure in the workplace, Johnny Coleman, Jr. has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

13. Plaintiff, F. W. Costley, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi. As a result of asbestos exposure in the workplace, F. W. Costly has developed a debilitating asbestos related disease while working as a brakeman and seeks judgment against the Asbestos Defendants.

14. Plaintiff, Katie L. Daniels, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi. As a result of asbestos exposure in the workplace, Katie L. Daniels has developed a debilitating asbestos related disease while working as a laborer/sandblaster and seeks judgment against the Asbestos Defendants.

15. Plaintiff, Willie A. Ellis, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi. As a result of asbestos exposure in the workplace, Willie A. Ellis has developed a debilitating asbestos

related disease while working as a sandblaster and seeks judgment against the Asbestos

Defendants.

16.  Plaintiff, Richard J. Fife, (Social Security number 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), is an adult

resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi.  As a

result of asbestos exposure in the workplace, Richard J. Fife has developed a debilitating

asbestos related disease while working as a laborer/sandblaster and seeks judgment against the

Asbestos Defendants.

17.  Plaintiff, Aaron Fulton, (Social Security number 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), is an adult

resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi.  As a result

of asbestos exposure in the workplace, Aaron Fulton has developed a debilitating asbestos

related disease while working as an operator and seeks judgment against the Asbestos

Defendants.

18.  Plaintiff, Edwin F. Harvey, Jr., (Social Security number 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), is an

adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi.  As a

result of asbestos exposure in the workplace, Edwin F. Harvey, Jr. has developed a debilitating

asbestos related disease while working as a laborer and seeks judgment against the Asbestos

Defendants.

19.  Plaintiff, George Herrington (Social Security number 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), is an

adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi.  As a

result of asbestos exposure in the workplace, George Herrington has developed a debilitating

asbestos related disease while working as a carpenter and seeks judgment against the Asbestos

Defendants.

20.  Plaintiff, William Hulsey (Social Security number 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), is an adult

resident citizen of Harrison County, Mississippi, who resides in Gulfport, Mississippi. As a result of asbestos exposure in the workplace, William Hulsey has developed lung cancer while working as commissioned officer in the U. S. Navy and seeks judgment against the Asbestos Defendants.

21. Plaintiff, Larry E. Hunter, (Social Security number 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), is an adult resident citizen of Hinds County, Mississippi, who resides in Utica, Mississippi. As a result of asbestos exposure in the workplace, Larry E. Hunter has developed a debilitating asbestos related disease while working as a laborer and operator and seeks judgment against the Asbestos Defendants.

22. Plaintiff, Johnny R. Jackson, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi. As a result of asbestos exposure in the workplace, Johnny R. Jackson has developed a debilitating asbestos related disease as a result of being secondarily exposed to asbestos through his father and seeks judgment against the Asbestos Defendants.

23. Plaintiff, Willie D. Johnson, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi. As a result of asbestos exposure in the workplace, Willie D. Johnson has developed a debilitating asbestos related disease while working as a laborer/operator and seeks judgment against the Asbestos Defendants.

24. Plaintiff, Elizabeth Jones, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi. As a result of asbestos exposure in the workplace, Elizabeth Jones has developed a debilitating asbestos related disease while working as a laborer/sandblaster and seeks judgment against the

Asbestos Defendants.

25.  Plaintiff, Joe E. Kelly, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi.  As a result of asbestos exposure in the workplace, Joe E. Kelly has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

26.  Plaintiff, John D. Kyzar, (Social Security number 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), is an adult resident citizen of Simpson County, Mississippi, who resides in Braxton, Mississippi.  As a result of asbestos exposure in the workplace, John D. Kyzar has developed a debilitating asbestos related disease while working as a plumber and pipe fitter and seeks judgment against the Asbestos Defendants.

27.  Plaintiff, James Martin, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Washington, Mississippi.  As a result of asbestos exposure in the workplace, James Martin has developed a debilitating asbestos related disease while working as a laborer/machine operator and seeks judgment against the Asbestos Defendants.

28.  Plaintiff, Henry L. McKnight, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi.  As a result of asbestos exposure in the workplace, Henry L. McKnight has developed a debilitating asbestos related disease while working as a laborer/welder and seeks judgment against the Asbestos Defendants.

29.  Plaintiff, Robert Mobley, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Vicksburg, Mississippi.  As a result of asbestos exposure in the workplace, Robert Mobley has developed a debilitating

asbestos related disease while working as a laborer, mechanic, sandblaster and welder and seeks judgment against the Asbestos Defendants.

30. Plaintiff, Kenny R. Moore, (Social Security number 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), is an adult resident citizen of Harrison County, Mississippi, who resides in Biloxi, Mississippi. As a result of asbestos exposure in the workplace, Kenny R. Moore has developed a debilitating asbestos related disease while working as a sandblaster and seeks judgment against the Asbestos Defendants.

31. Plaintiff, Ivory L. Myles, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi. As a result of asbestos exposure in the workplace, Ivory L. Myles has developed a debilitating asbestos related disease while working as a laborer and welder and seeks judgment against the Asbestos Defendants.

32. Plaintiff, James P. Neal, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Hermanville, Mississippi. As a result of asbestos exposure in the workplace, James P. Neal has developed a debilitating asbestos related disease while working as a laborer/operator and seeks judgment against the Asbestos Defendants.

33. Plaintiff, Gloria Noble, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi. As a result of asbestos exposure in the workplace, Gloria Noble has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

34. Plaintiff, Johnny Rayford, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Vicksburg, Mississippi. As a

result of asbestos exposure in the workplace, Johnny Rayford has developed a debilitating asbestos related disease while working as a laborer, sandblaster and painter and seeks judgment against the Asbestos Defendants.

35.  Plaintiff, Mary A. Rogers, (Social Security number 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), is an adult resident citizen of Madison Parish, Louisiana, who resides in Tallulah, Louisiana.  As a result of asbestos exposure in the workplace, Mary A. Rogers has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

36.  Plaintiff, Johnny B. Simmons, (Social Security number 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), is an adult resident citizen of Hinds County, Mississippi, who resides in Utica, Mississippi.  As a result of asbestos exposure in the workplace, Johnny B. Simmons has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

37.  Plaintiff, Rex Smithey, Jr., (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Vicksburg, Mississippi.  As a result of asbestos exposure in the workplace, Rex Smithey, Jr. has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

38.  Plaintiff, Bunice Tillman, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi.  As a result of asbestos exposure in the workplace, Bunice Tillman has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

39.  Plaintiff, James Tolliver, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Lorman, Mississippi.  As a

result of asbestos exposure in the workplace, James Tolliver has developed lung cancer while working as a laborer and seeks judgment against the Asbestos Defendants.

40. Plaintiff, Nadine Ward, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Port Gibson, Mississippi. As a result of asbestos exposure in the workplace, Nadine Ward has developed a debilitating asbestos related disease after being secondarily exposed through her father and her mother, who worked as a laborer and sandblaster and seeks judgment against the Asbestos Defendants.

41. Plaintiff, Wilbour Washington, (Social Security number 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), is an adult resident citizen of Claiborne County, Mississippi, who resides in Vicksburg, Mississippi. As a result of asbestos exposure in the workplace, Wilbour Washington has developed a debilitating asbestos related disease while working as a machinist and in maintenance and seeks judgment against the Asbestos Defendants

42. Plaintiff, Charles L. White, (Social Security number 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), is an adult resident citizen of Adams County, Mississippi, who resides in Natchez, Mississippi. As a result of asbestos exposure in the workplace, Charles L. White has developed a debilitating asbestos related disease while working as a laborer/foreman and seeks judgment against the Asbestos Defendants.

43. Plaintiff, Robert S. Byrd, (Social Security number 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), is an adult resident citizen of Jackson County, Mississippi, who resides in Escatawpa, Mississippi. As a result of asbestos exposure in the workplace, Robert S. Byrd has developed a debilitating asbestos related disease while working as a laborer/operator and seeks judgment against the Asbestos Defendants.

44. Plaintiff, Ila K. Herndon, (Social Security number 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), is an adult

10

resident citizen of Jackson County, Mississippi, who resides in Moss Point, Mississippi. As a result of asbestos exposure in the workplace, Ila K. Herndon has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

45. Plaintiff, Edward L. Trammell, (Social Security number 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), is an adult resident citizen of Jackson County, Mississippi, who resides in Moss Point, Mississippi. As a result of asbestos exposure in the workplace, Edward L. Trammell has developed a debilitating asbestos related disease while working as a tacker and seeks judgment against the Asbestos Defendants.

46. Plaintiff, Carl Johnson, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi. As a result of asbestos exposure in the workplace, Carl Johnson has developed a debilitating asbestos related disease while working as a draftsman, building inspector and teacher and seeks judgment against the Asbestos Defendants.

47. Plaintiff, Bonnie S. Moffett, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Fayette, Mississippi. As a result of asbestos exposure in the workplace, Bonnie S. Moffett has developed a debilitating asbestos related disease while working as a secretary and seeks judgment against the Asbestos Defendants.

48. Plaintiff, Clynell G. Moses, (Social Security number 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), is an adult resident citizen of Jefferson County, Mississippi, who resides in Lorman, Mississippi. A result of asbestos exposure in the workplace, Clynell G. Moses has developed a debilitating asbestos related disease while working as a teacher and seeks judgment against the Asbestos

Defendants.

49.  Plaintiff, Curtis Allen, (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama.  As a result of asbestos exposure in the workplace, Curtis Allen has developed a debilitating asbestos related disease while working as a pipe fitter and seeks judgment against the Asbestos Defendants.

50.  Plaintiff, Henry Aaron Allen, Jr., (Social Security number 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), is an adult resident citizen of Harrison County, Long Beach, Mississippi.  As a result of asbestos exposure in the workplace, Henry Aaron Allen, Jr., has developed lung cancer while working as a Painter and seeks judgment against the Asbestos Defendants.

51.  Plaintiff, David Blunt, (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama.  As a result of asbestos exposure in the workplace, David Blunt has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

52.  Plaintiff, Casey W. Gordon, (Social Security number 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), is an adult resident citizen of George County, Lucedale, Mississippi.  As a result of asbestos exposure in the workplace, Casey W. Gordon has developed a debilitating asbestos related disease while working as an O/S Machinist and seeks judgment against the Asbestos Defendants.

53.  Plaintiff, Junius James Criddell, (Social Security number 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), is a adult resident citizen of Harrison County, Biloxi, Mississippi.  As a result of asbestos exposure in the workplace, Junius James Criddell has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

54.  Plaintiff, Clifton Doyle Dixon, (Social Security number 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), is a adult resident citizen of Marion County, Foxworth, Mississippi.  As a result of asbestos expo:

in the workplace, Clifton Doyle Dixon has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

55.  Plaintiff, Carlos Nyle Entrekin, (Social Security number 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), is an adult resident citizen of Jackson County, Ocean Springs, Mississippi.  As a result of asbestos exposure in the workplace, Carlos Nyle Entrekin has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

56.  Plaintiff, Mary Etha Lawrence-Fairley, (Social Security number 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), is an adult resident citizen of Jackson County, Moss Point, Mississippi.  As a result of asbestos exposure in the workplace, Mary Etha Lawrence-Fairley has developed a debilitating asbestos related disease while working as a painter and seeks judgment against the Asbestos Defendants.

57.  Plaintiff, Walter Arnold Farmer, (Social Security number 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), is an adult resident citizen of Hancock County, Picayune, Mississippi.  As a result of asbestos exposure in the workplace, Walter Arnold Farmer has developed a debilitating asbestos related disease while working as a technician laborer/sandblaster and seeks judgment against the Asbestos Defendants.

58.  Plaintiff, Ellis Lavell Fortenberry, (Social Security number 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), is an adult resident citizen of George County, Lucedale, Mississippi.  As a result of asbestos exposure in the workplace, Ellis Lavell Fortenberry has developed a debilitating asbestos rela disease while working as a rigger and crane operator and seeks judgment against the Asbesto Defendants.

59.  Plaintiff, Robert Earl Hathorne, (Social Security number 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), i adult resident citizen of Harrison County, Gulfport, Mississippi.  As a result of asbestos exp

in the workplace, Robert Earl Hathorne has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

60.  Plaintiff, Alcide Michael Jeffries, (Social Security number 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), is an adult resident citizen of Harrison County, Pass Christian, Mississippi.  As a result of asbestos exposure in the workplace, Alcide Michael Jeffries, has developed a debilitating asbestos related disease while working as a insulator and seeks judgment against the Asbestos Defendants.

61.  Plaintiff, Milford G. Johnson, (Social Security number 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), is an adult resident citizen of Mobile County, Grand Bay, Alabama.  As a result of asbestos exposure in the workplace, Milford G. Johnson, has developed a debilitating asbestos related disease while working as a shipfitter and seeks judgment against the Asbestos Defendants.

62.  Plaintiff, Milton Earl Johnson, (Social Security number 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), is an adult resident citizen of Jackson County, Moss Point, Mississippi.  As a result of asbestos exposure in the workplace, Milton Earl Johnson, has developed a debilitating asbestos related disease while working as a insulator and seeks judgment against the Asbestos Defendants.

63.  Plaintiff, Rickey Earl Liddell, (Social Security number 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), is an adult resident citizen of Jackson County, Moss Point, Mississippi.  As a result of asbestos exposure in the workplace, Rickey Earl Liddell, has developed a debilitating asbestos related disease while working as a painter and seeks judgment against the Asbestos Defendants.

64.  Plaintiff, Curtis Logan, (Social Security number 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), is an adult resident citizen of Carroll County, Sidon, Mississippi.  As a result of asbestos exposure in the workplace, Curtis Logan, has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

65.  Plaintiff, Homer Lee Marquis, (Social Security number 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), is an adult resident citizen of Panola County, Batesville, Mississippi.  As a result of asbestos exposure in the workplace, Homer Lee Marquis has developed a debilitating asbestos related disease while working as a machinist and seeks judgment against the Asbestos Defendants.

66.  Plaintiff, Thomas Nathaniel McLure, (Social Security number 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), is an adult resident citizen of Stone County, Perkinston, Mississippi.  As a result of asbestos exposure in the workplace, Thomas Nathaniel McLure has developed a debilitating asbestos related disease while working as a laborer/welder and seeks judgment against the Asbestos Defendants.

67.  Plaintiff, Eugene Markham Moran, (Social Security number 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), is an adult resident citizen of Harrison County, Biloxi, Mississippi.  As a result of asbestos exposure in the workplace, Eugene Markham Moran has developed a debilitating asbestos related disease while working as a pipe fitter and seeks judgment against the Asbestos Defendants.

68.  Plaintiff, Teddie Lamar Mullins, (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama.  As a result of asbestos exposure in the workplace, Teddie Lamar Mullins has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

69.  Plaintiff, Donnie Willie Murray, (Social Security number 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), is an adult resident citizen of Jackson County, Moss Point, Mississippi.  As a result of asbestos exposure in the workplace, Donnie Willie Murray has developed a debilitating asbestos related disease while working as a operator and seeks judgment against the Asbestos Defendants.

70.  Plaintiff, Sidney Wayne Parker, (Social Security number 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), is an

adult resident citizen of Stone County, Perkinston, Mississippi.  As a result of asbestos exposure in the workplace, Sidney Wayne Parker has developed a debilitating asbestos related disease while working as a welder/supervisor and seeks judgment against the Asbestos Defendants.

71.  Plaintiff, Donald Albert Penny, Sr., (Social Security number 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), is an adult resident citizen of Jackson County, Ocean Springs, Mississippi.  As a result of asbestos exposure in the workplace, Donald Albert Penny, Sr., has developed a debilitating asbestos related disease while working as a shipfitter/lead man and seeks judgment against the Asbestos Defendants.

72.  Plaintiff, Robert Lee Phifer (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama.  As a result of asbestos exposure in the workplace, Robert Lee Phifer has developed a debilitating asbestos related disease while working as a machinist and seeks judgment against the Asbestos Defendants.

73.  Plaintiff, Bobby Lewis Ritchey (Social Security number 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), is an adult resident citizen of Livingston Parish, Denham Springs, Louisiana.  As a result of asbestos exposure in the workplace, Bobby Lewis Ritchey has developed a debilitating asbestos related disease while working as a finisher/painter and seeks judgment against the Asbestos Defendants.

74.  Plaintiff, Robert Lee Rose (Social Security number 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), is an adult resident citizen of Houston County, Dothan, Alabama.  As a result of asbestos exposure in the workplace, Robert Lee Rose has developed a debilitating asbestos related disease while working as a welder and seeks judgment against the Asbestos Defendants.

75.  Plaintiff, John Herbert Ross (Social Security number 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), is an adult resident citizen of Jackson County, Ocean Springs, Mississippi.  As a result of asbestos exposure in the workplace, John Herbert Ross has developed a debilitating asbestos related

disease while working as a pipe fitter and seeks judgment against the Asbestos Defendants.

76. Plaintiff, James Lester Sellers (Social Security number 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), is an adult resident citizen of Jackson County, Moss Point, Mississippi. As a result of asbestos exposure in the workplace, James Lester Sellers has developed a debilitating asbestos related disease while working as a welder/laborer and seeks judgment against the Asbestos Defendants.

77. Plaintiff, Charles Robertson Smith (Social Security number 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), is an adult resident citizen of Jackson County, Pascagoula, Mississippi. As a result of asbestos exposure in the workplace, Charles Robertson Smith has developed a debilitating asbestos related disease while working as a laborer/painter helper and seeks judgment against the Asbestos Defendants.

78. Plaintiff, Tyrone Powell Thomas (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama. As a result of asbestos exposure in the workplace, Tyrone Powell Thomas has developed a debilitating asbestos related disease while working as a shipfitter and seeks judgment against the Asbestos Defendants.

79. Plaintiff, Michael Wayne Todd (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama. As a result of asbestos exposure in the workplace, Michael Wayne Todd has developed a debilitating asbestos related disease while working as a sheet metal mechanic and seeks judgment against the Asbestos Defendants.

80. Plaintiff, Thomas Watson (Social Security number 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), is an adult resident citizen of Mobile County, Mobile, Alabama. As a result of asbestos exposure in the workplace, Thomas Watson has developed a debilitating asbestos related disease while working as a burner/laborer and seeks judgment against the Asbestos Defendants.

81. Plaintiff, Bracey Jo White (Social Security number 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), is an adult

resident citizen of Jackson County, Moss Point, Mississippi. As a result of asbestos exposure in the workplace, Bracey Jo White has developed a debilitating asbestos related disease while working as a welder/burner and seeks judgment against the Asbestos Defendants.

82. Plaintiff, Lealon Delane White (Social Security number 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), is an adult resident citizen of Panola County, Courtland, Mississippi. As a result of asbestos exposure in the workplace, Lealon Delane White has developed a debilitating asbestos related disease while working as a laborer and seeks judgment against the Asbestos Defendants.

B.   The Plaintiffs complain of asbestos-related injuries and damages. Paragraph "A" sets forth the Plaintiffs' State of residence and the type of claim asserted by the individual Plaintiff. The plaintiffs listed above are adult resident citizens of Jefferson County, Mississippi, as well as residents of various other Mississippi Counties and states.

3.

This civil action is brought pursuant to, among other things, the laws of the State of Mississippi including, but not limited to

A.   Sec. 11-7-13 Mississippi Code 1972 [wrongful death];

B.   Sec. 91-7-231 Mississippi Code 1972 [actions accruing in administration]; and/or

C.   Sec. 91-7-233 Mississippi Code 1972 [what actions survive to administrator].

4.

## DEFENDANTS

A.   The Defendants, which are identified more completely in Exhibit "A" attached hereto and incorporated herein by reference as though copied in full in words and in figures, are proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations which are:

1.    Domestic proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations existing under, and by virtue of, the laws of the State of Mississippi; or

2.    Foreign proprietorships, partnerships, limited partnerships, limited liability partnerships, or corporations existing under, and by virtue of, the laws of States other than the State of Mississippi, which obtained certificates of authority to transact business in Mississippi[1]; or

3.    Foreign proprietorships, limited partnerships, limited liability partnerships, or corporations existing under, and by virtue of, the laws of States other than the State of Mississippi which have:

(1)    Transacted business in Mississippi without a certificate of authority; and/or

(2)    Committed a tort in whole or in part within the State of Mississippi within the intention and/or meaning of Sec. 13-3-57 as amended Mississippi Code 1972 [effective July 1, 1991]; or

(3)    Have conducted business in Mississippi and committed torts in Mississippi.

B.    All plaintiffs listed above claiming asbestos-related injuries, in whole or in part, bring suit against the defendants listed in attached Exhibit "A."

5.

## FICTITIOUS PARTIES

A.    In addition to the Defendants named herein, there are defendants whose identities are presently unknown to plaintiffs.

B.    These defendants designed, tested, evaluated, manufactured, mined, milled,

---

[1]    See e.g.: Sec. 79-3-221 et seq., Mississippi Code 1972, Sec. 63-21-1 et seq., Mississippi Code 1972.

packaged, supplied and/or sold asbestos-containing products, protective gear and equipment.

C.    Because many asbestos-containing products were not conspicuously marked by content, name, manufacturer, or otherwise, the precise identity of these products are unknown to Plaintiffs.

D.    Plaintiffs name these unidentified defendants as "John Doe" Defendants 1-50. Rule 9(h) M.R.C.P. [Fictitious Parties].

E.    Every allegation in this complaint is an allegation and a filing as of this date against each "John Doe" defendant.

6.

## GENERAL CLAIMS

A.    At all relevant times the defendants knew of the serious health risks associated with exposure to asbestos-containing products and the asbestos fibers which emanate from said products. The defendants named in this complaint, who manufactured products which were ostensibly intended to protect the user of the product from exposure to asbestos fibers knew that their products were not capable of protecting against such exposures. These defendants made fraudulent representations as to the effectiveness of their products with regard to protecting the user from exposure to asbestos fibers and/or toxic dust and fumes.

B.    The defendants named in this complaint are liable to the plaintiffs for all injuries and/or damages they have suffered and/or will suffer as a result of the defendant's conduct which was negligent, grossly negligent, intentional, wanton, and/or reckless. The defendants are liable under the legal theories of strict liability and/or strict products liability, negligence, gross negligence, fraud, failure to warn and/or to adequately warn, and/or battery. The conduct of the defendants was a proximate and/or producing cause of the plaintiffs' injuries and/or damages.

The conduct of the defendants was a proximate and/or producing cause of the occurrences giving rise to the plaintiffs' personal injuries and/or damages complained of herein.

C.   As a result of the exposures to asbestos and the resulting personal injuries and/or damages, the plaintiffs seek recovery for physical pain and suffering, mental anguish and emotional distress, medical and related expenses, loss of household services, loss of consortium, physical impairment and disfigurement in the past and in the future.

D.   The conduct of the defendants named in this complaint was intentional, reckless, grossly negligent, negligent, malicious, wanton, and/or consciously indifferent to the rights of the plaintiffs and to those similarly situated.  The plaintiffs are entitled to recover punitive and/or exemplary damages in an amount to be determined by the jury.

7.

A.   Plaintiffs were exposed to and/or used products, leased, designed, manufactured, distributed or sold by defendants sued herein.

B.   During all or part of the periods of exposure, the plaintiffs worked in, or were otherwise exposed to, asbestos in various locations in Mississippi and/or other states.

8.

A.   At no time prior to plaintiffs' diagnosis did plaintiffs know, nor should they have known, the nature of their injury and/or the cause of their injury.

B.   Plaintiffs discovered their disease and/or injury and filed this suit within the applicable period of limitations.

C.   Plaintiffs timely bring this suit.

D.   Plaintiffs' injuries resulting in plaintiffs' disability and/or death are directly and proximately caused by the negligence, gross negligence, omission, conscious indifference, and

utter disregard for plaintiffs' welfare, by the defendants and/or defendants' agents, servants, employees, managers, superintendents, supervisors, and officers.

E.   Defendants' employees' acts were those of principals and vice-principals or were ratified by defendants.

F.   If each of the acts of negligence alleged by the plaintiffs did not independently constitute gross negligence, then all of said acts of negligence combined and in the aggregate constitute gross negligence and were the proximate cause of the plaintiffs' injuries and resulting damages.

G.   Plaintiffs believe that Defendants fraudulently concealed, fraudulently misrepresented and/or intentionally misrepresented the dangers involved in the use of their products.

H.   Defendants' acts and omissions amount to a total disregard of the plaintiffs' rights and gross negligence as defined in law.

I.   Such acts justify recovery of exemplary or punitive damages as a deterrent to such further acts of carelessness by these Defendants and/or others who may be similarly situated and as a warning that such attacks upon the public will not be tolerated.

J.   Plaintiffs sue for punitive (exemplary) damages against each Defendant in an amount to be determined by a jury.

9.

A.   The asbestos defendants during all times mentioned herein, and for a long time prior thereto, have been engaged in the design, testing, evaluating, manufacturing, mining, packaging, marketing, and sale of asbestos-containing materials, and/or products which incorporate asbestos containing materials into its design, or withheld information about the

dangerous nature of asbestos containing material from consumers.

B.   These acts had as their purpose the intentional misrepresentation of the true dangers of exposure to asbestos-containing product, such as the danger of developing cancer.

C.   The products manufactured, compounded, prepared, supplied, packaged, mined milled and/or sold by defendants, who were at all times acting through their servants, employees, representatives and agents, were and are placed in the market to be purchased and used by the public.

10.

A.   Plaintiffs were required to handle or were exposed to large quantities of the products manufactured, sold and/or distributed by the defendants.

B.   Plaintiffs breathed in dust containing asbestos fibers and these asbestos fibers have caused one or more of the following diseases in the plaintiffs: (i) asbestosis; (ii) pulmonary or bronchogenic cancer; (iii) malignant mesothelioma of the pleura, peritoneum or pericardia; (iv) pleural plaques or pleural thickening; (v) interstitial lung fibrosis or scarring of the lung; (vi) cardiac and circulatory disease; (vii) various neoplasia including gastrointestinal cancer and laryngeal cancer; (viii) various systemic diseases; (ix) and the increased risk and susceptibility to one or more of the foregoing diseases and other illnesses; and (x) mental anguish.

C.   These diseases have caused or will cause severe, permanent and disabling injuries and/or death to Plaintiffs.

11.

## NEGLIGENCE

A.   The injuries and damages complained of herein were directly and proximately caused by the negligent acts and omissions of the defendants.

B.   Defendants knew, or in the exercise of ordinary or reasonable care ought to have known, that the products they sold were poisonous and highly harmful to the plaintiffs' health, notwithstanding which:

(1)   Defendants negligently failed to take any reasonable precautions or exercise reasonable care to warn the plaintiffs of the danger and harm to which they were exposed while handling and working around defendants' products;

(2)   Defendants failed to provide plaintiffs with knowledge of reasonable, safe, sufficient apparel and/or proper protective equipment and appliances, if any existed, to protect plaintiffs from being poisoned and disabled by defendants' products;

(3)   Defendants negligently and carelessly packaged said products so that in the ordinary handling of the installations, plaintiffs came in contact with the asbestos dust and fibers contained in defendants' products;

(4)   Defendants negligently failed to take reasonable care to warn plaintiffs of said danger and to instruct plaintiffs in the proper handling of the products, or to take any reasonable precautions or exercise any reasonable care to protect plaintiffs from harm;

(5)   Defendants negligently failed to adopt and enforce a reasonable and safe plan or method of handling and installing their products;

(6)   Alternatively, defendants failed to test the products to determine the dangerous nature of the products or to review the available literature to determine the products dangerous nature;

(7)   Those defendants, if any, who conducted tests or studies to determine the dangerous nature of their product negligently, willfully, intentionally, and in utter disregard for the well being of third parties including, but not limited to, plaintiffs and various defendants

named herein, disregarded, hid, ignored, and/or failed to disclose the negative results of said

tests and studies which indicated the dangerous nature of their product, in that said product was

unreasonably dangerous and/or defective in design.

    a.    Specifically, Defendants conducted tests and studies (or knew or should have known

of tests) which clearly showed the dangerous nature of their product, and that said product was

unreasonably dangerous and/or defective in design, yet continued to market said product without

warning and/or without adequate warning.

    (8)    Defendants failed to develop asbestos free products or to halt selling asbestos-

containing products.

    C.    Defendants' acts and omissions were more than common negligence and rose to the

level of such conscious disregard of plaintiffs' rights as to constitute gross negligence.

12.

## BREACH OF WARRANTY

Defendants breached their warranties to plaintiffs in the following respects:

    A.    Defendants knew or in the exercise of reasonable care ought to have known that

defendants' asbestos containing products were defective and that such products were not suitable

for the purposes for which it was intended;

    B.    Defendants should have tested their products, especially those containing asbestos,

to ascertain the safe or dangerous nature of such products before offering them for sale, or in the

alternative, should have removed such products from the market upon ascertaining that such

products would cause asbestosis, cancer and other diseases;

    C.    Defendants should have devised a method of application for their products,

especially those containing asbestos, that would have kept those using such products from

contracting asbestosis and other diseases if defendants would not remove such products from sale to the public;

D.   Defendants' products, especially those containing asbestos, were warranted, either expressly or impliedly to be merchantable, when, in truth, they were not, and defendants breached the warranty of merchantability; and

E.   Defendants' products, especially those containing asbestos, were warranted, either expressly or impliedly, to be fit for a particular purpose when, in truth, they were not, and defendants breached the warranty of fitness for a particular purpose.

13.

## RES IPSA LOQUITUR

A.   At all times material hereto, the manufacture, sale and distribution of asbestos materials with which plaintiffs came in contact, were under exclusive control of the defendants, their agents, servants and employees, and, had defendants not been negligent, then plaintiffs would not have sustained their injuries.

B.   Plaintiffs are entitled to recover from defendants under the Doctrine of *Res Ipsa Loquitur.*

14.

## STRICT LIABILITY

A.   In addition to negligence, Plaintiffs plead the Doctrine of Strict Liability as well as breach and violations of the Uniform Commercial Code and the Law of Sales.

B.   The defendants manufactured, assembled, supplied, sold or otherwise placed asbestos products into the stream of commerce. As designed and marketed, these products were defective. The product defects existed at the time the product left the defendants' possession,

and the products reached the users or consumers without substantial change in their condition. Theses asbestos product defects rendered them unreasonably dangerous. The defendants knew, or in the exercise of reasonable care, should have known of the risk of harm inherent in their products.

C.    The plaintiffs used the defendants' products in a manner that was reasonably foreseeable and, in fact anticipated by these defendants, and they were thereby exposed to the harmful and deleterious effects of the asbestos contained within said products.

D.    Defendants' acts and the defective nature of their products were a producing and/or proximate cause of Plaintiffs' severe and permanent injuries to Plaintiffs' lungs and respiratory systems, which affected other parts of Plaintiffs' bodies. The defendants are thus strictly liable to the plaintiffs.

15.

<u>PRODUCT LIABILITY</u>

A.    The defendants' asbestos containing products were in a defective condition unreasonably dangerous to plaintiffs who were intended and foreseeable users and/or bystanders.

B.    These defects included, without limitation, the following:

(1)    Inherent and known properties common to the asbestos sold, mined, milled, used, applied, packaged, and/or manufactured by defendants that gave the asbestos unreasonably high potential for causing respiratory diseases, cancer and other health problems to workers or members of such workers' households who would be exposed to asbestos.

(2)    Lack of warnings or lack of sufficient warnings by defendants of the inherently dangerous properties of the products when used for the purpose for which they were manufactured and sold.

(3)   Lack of instructions and/or lack of sufficient instructions by defendants for eliminating or minimizing the health risks inherent in the use of the products.

(4)   Lack of reasonable inspections by defendants of defendants' products to ensure that such products contained sufficient warnings of the dangerous properties of the products.

(5)   Lack of reasonable inspections by defendants of defendants' products to ensure that such products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products.

(6)   Lack of tests or lack of sufficient tests by defendants to determine the harmful effects of asbestos on intended users and bystanders, such as plaintiffs.

(7)   Defective designs by defendants calling for the inclusion of asbestos in products that did not require asbestos, and where alternate, equally suitable substances were available.

(8)   Lack of warnings or lack of sufficient warnings by defendants when defendants discovered the full extent of the dangers presented by asbestos containing materials and products.

16.

A.   Defendants at all times material hereto manufactured, distributed, mined, milled, packaged, supplied and/or sold asbestos-containing products, and/or respiratory protective devices which were in a defective condition and unreasonably dangerous to the user or consumer at the time of their manufacture, distribution and/or sale.

B.   The products were unreasonably dangerous and in a defective condition as it is known in Sec. 402A Restatement (Second) Torts and the laws of the state where exposure occurred.

C.   These products contained manufacturing, design, and marketing defects which

rendered them unreasonably dangerous and were the producing causes of the Plaintiffs' injuries.

17.

A.   The Defendants' negligence, as described in part above, included the sale of unreasonably dangerous products, the failure to warn of the dangers in the use of the products, and the failure to test the products or provide a substitute, safe product.

B.   Defendants negligently packaged and sold the products, knowing that such products would be used in a manner which would create the highly dangerous toxic respirable dusts.

C.   Defendants failed to give reasonable warnings and instructions on the proper handling of the products and the proper use of the products to prevent harm to the Plaintiffs who were unaware of the dangers involved.

D.   Defendants negligently failed to adopt and to enforce a reasonable and safe plan or method of handling the products and using the products.

E.   Defendants failed to test the products to determine their dangerous nature or to review the available literature to determine the dangerous nature of the products and then to warn and instruct the Plaintiffs and others in their safe use.

F.   Defendants failed to develop an asbestos-free product and/or adequate equipment to be used to protect the Plaintiffs and those similarly situated.

G.   Defendants failed to give adequate instructions for safe and appropriate use of the products, together with instructions concerning their maintenance and storage which were necessary to prevent harm to the Plaintiffs.

18.

Defendants breached their duties to the Plaintiffs in at least the following respects:

A.   Defendants knew or in the exercise of reasonable care ought to have known that

their products were defective and that such products were not suitable for the purposes for which they were intended;

B.    Defendants should have tested their products, especially those containing asbestos, to ascertain the dangerous nature of such products before offering them for sale, or in the alternative, should have removed such products from the market upon ascertaining that the products would cause various life threatening diseases;

C.    Defendants should have investigated and tested their products to determine how the products were being used and to discover the dangerous way in which the products were being used or, in the alternative, should have removed such products from the market;

D.    Defendants should have devised a method of application for their products that would have kept those using such products from contracting the life threatening diseases, if the Defendants did not remove such products from sale to the public;

E.    These products were not merchantable as that term is known at law; and

F.    The products were not fit for their particular purpose when used in the foreseeable manner in which the products were used.

G.    Defendants knew, or in the exercise of ordinary or reasonable care ought to have known, that the products they sold were poisonous and highly harmful to Plaintiffs' health, notwithstanding which:

(1)    Defendants negligently failed to take any reasonable precautions or exercise reasonable care to warn Plaintiffs of the danger and harm to which Plaintiffs were exposed while handling and working around Defendants' products; and/or,

(2)    Defendants failed to provide Plaintiffs with the knowledge as to what would be reasonable, safe and sufficient wearing apparel and proper protective equipment and appliances,

if in truth there were any, to protect Plaintiffs from being poisoned and disabled by Defendants' products.

19.

A.   In addition to the causes of action set out above, the manufactures, suppliers, and/or sellers of respiratory protective equipment not only failed to adequately instruct and warn users as to the proper use of their products, but also affirmatively misrepresented the uses and benefits of such products.

20.

A.   In undertaking testing and/or studies of asbestos workers and their dissemination of information, defendants undertook duties to the plaintiffs.

B.   Defendants failed to act reasonably in discharging these duties.

C.   As a direct and proximate result of defendants' failures, plaintiffs were injured.

D.   Such failures, in addition to being the negligent performance of an undertaking, also constituted gross negligence.

E.   Defendants' acts and omissions amount to a total disregard of plaintiffs' rights and gross negligence as defined in law.

F.   Plaintiffs plead the Doctrine of Strict Liability as well as breach and violations of the Uniform Commercial Code.

G.   Defendants' acts were a direct and/or proximate cause of plaintiffs' injuries.

H.   Plaintiffs suffered serious, permanent injuries to Plaintiffs' lungs and respiratory systems, which, in turn, affected other parts of plaintiffs' bodies.

I.   Plaintiffs are suffering asbestos-related diseases and plaintiffs' prognosis is poor.

J.   Plaintiffs have sought or will seek physicians' services in an effort to monitor, cure

or arrest plaintiffs' conditions.

    K.   Plaintiffs have lost or will lose plaintiffs' good heath, disabling plaintiffs.

21.

    A.   Various defendants were guilty of other torts including, negligent testing, liability

to third persons for negligent performance of an undertaking, misrepresentation and false

advertising, and violation of Restatement of Torts Sec. 324A.

    B.   These torts were the direct and proximate causes of injuries and damages to

plaintiffs.

22.

    Each of the defendants are responsible for the acts and omissions of their employees and

agents, including without limitation, under the doctrines of respondent superior, agency and non-

delegable duty.

23.

**DAMAGES**

    Plaintiffs sustained injuries and damages as a proximate result of defendants' acts and

plaintiffs respectfully request the Court and Jury to determine the amount of plaintiffs' past,

present, and future losses, not only actual, economic losses such as lost wages and/or wage

earning capacity and expenses of medical care, but also compensatory losses, such as loss of

health, physical pain, emotional upset, mental anguish, disfigurement, disability, loss of

consortium, and loss of enjoyment of life, so as to determine the sum of money for each element

that will fairly and reasonably compensate plaintiffs.

    **WHEREFORE, PREMISES CONSIDERED**, plaintiffs demand judgment of, from,

and against defendants for actual and compensatory damages and for punitive (exemplary)

damages in an amount exceeding the jurisdictional amount of this Honorable Court to be determined by this Honorable court and its Jury, together with lawful pre-judgment and post-judgment interest thereon, together with all costs which have accrued and which will accrue in this civil action and such other and further relief, general or special, at law or in equity, to which the plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By: _____

ROBERT A. PRITCHARD
Mississippi State Bar No. 4518
ATTORNEY FOR PLAINTIFFS

ROBERT A. PRITCHARD
934 Jackson Avenue
P. O. Drawer 1707
Pascagoula, MS 39567
Telephone:    (228) 762-8877
Facsimile:    (228) 762-0605

# EXHIBIT "A" ASBESTOS DEFENDANTS

Defendant ACand S, INC., formerly known as Armstrong Contracting & Supply Company, Inc., is a Delaware corporation and may be served with process and summons by serving its agent at <u>C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.</u>

Defendant, AEARO COMPANY I, formerly known as CABOT SAFETY CORPORATION, is a Deleware Corporation and may be served with process and summons by serving its registered agent, <u>Prentice Hall Corporation, 251 E. Ohio Street, Suite 500, Indianapolis, IN 46204</u>

Defendant, ALLIED GLOVE CORPORATION is a foreign corporation and may be served with process and summons by serving its home office at <u>P.O. Box 2126, Milwaukee, WI 53201.</u>

Defendant, ALLIED EQUIPMENT, INC., is a Mississippi corporation and may be served with process and summons by serving its registered agent, <u>James W. Sercy, 3233 Highway 80 West, Jackson, MS 30204-2229.</u>

Defendant, ALLIED-SIGNAL, INC.,and as successor in interest to BENDIX FOUNDATION BRAKE CORPORATION, is a foreign corporation and may be served with process and summons by serving its agent, <u>C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39201-2684.</u>

AMERICAN OPTICAL CORPORATION is a corporation organized and existing under and by virtue of the laws of the State of Delaware, and may be served with process and summons by serving its agent at <u>C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39201-2684.</u>

ANCHOR PACKING COMPANY is a Delaware corporation and may be served with process and summons by serving its agent at <u>The Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.</u>

Defendant, A.P. GREEN INDUSTRIES, INC., f/k/a  A. P. GREEN REFRACTORIES, INC., is a Delaware corporation and may be served with process and summons by serving its agent, <u>Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.</u>

Defendant, AQUA-CHEM, INC., is a Mississippi corporation and may be served with process and summons by serving its agent, <u>C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi, 39205</u>

Defendant A. W. CHESTERTON  is a Massachusetts corporation and may be served with process and summons by serving its agent at <u>Route 93, Middlesex Industrial Park, 225 Fallon Road, Stoneham, MA 02182.</u>

Defendant, CARBORUNDUM COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at <u>345 3rd Street, Niagra Falls, New-York-14302.</u>

Defendant, CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORPORATION, is a Pennsylvania corporation and may be served with process and summons by serving its agent at <u>C. T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.</u>

Defendant, CHAMPION INTERNATIONAL, is a New York corporation and may be served with process and summons by serving its agent <u>United States Corporation, 80 State Street, Albany, New York, 12207.</u>

Defendant, COASTAL ELECTRIC SUPPLY COMPANY, INC. is a Mississippi corporation and may  be served with process and summons by serving its agent <u>Greg Hebert, 715 McDowell Road, Jackson, Mississippi, 39204</u>

Defendant, COMBUSTION ENGINEERING, INC. is a Delaware corporation and may be served with process and summons by serving its agent at <u>C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39208.</u>

Defendant, CONGOLEUM CORPORATION, is a Delaware corporation and may be served with process and summons by serving its agent at United States Company, 1013 Centre Road, Wilmington, Delaware, 19805 or its home office located at 100 W. 10th Street, Niagra Falls, New York, 14302.

Defendant, CROSSFIELD PRODUCTS CORPORATION, is a California corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

Defendant, CROWN CORK & SEAL USA, CO., INC., is a Mississippi corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 631 Lakeland East Drive, Flowood, Mississippi 39208.

Defendant DB RILEY f/k/a RILEY-STOKER CORPORATION, may be served with process and summons by serving its agent for service, C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant DRESSER INDUSTRIES, INC., individually and as successor in interest to Harbison Walker Refractories, is a Delaware corporation and may be served with process and summons by serving its agent at Corporation Service Company, Inc., 506 South President Street, Jackson, Mississippi 39201.

Defendant EASTERN SAFETY EQUIPMENT CO., AEARO CORPORATION, is a foreign corporation and may be served with process and summons by serving its home office, located at 90 Mechanic Street, Southbridge, MA 01550.

Defendant, E.H. O'NEIL CO., INC., is a Maryland corporation and may be served with process and summons by serving 1405 Chippendale Road, Lutherville, Maryland 21093.

Defendant ERICSSON, INC., and its operating unity Continental Wire & Cable Company and Anaconda Power Cable is a foreign corporation and may be served with process and summons by serving its home office located at 730 International Parkway, Richardson, TX 75081.

Defendant, FEDERAL-MOGUL CORPORATION individually and as successor in interest to Vellumoid Company and the Vellumoid Division of Federal Mogul Inc., and may be served with process and summons by serving its agent located at 26555 Northwestern Highway, Southfield, Michigan, 48034.

Defendant, FLINTKOTE COMPANY is a Delaware corporation and may be served with process and summons by serving its agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware.

Defendant, GAF CORPORATION, individually and as successor in interest to Ruberiod Company is a Delaware corporation, and may be served with process and summons by serving its agent at The Prentice-Hall Corporation Systems, Inc., 1013 Centre Road, Wilmington, Delaware 19805.

Defendant, GARLOCK INCORPORATED, is a Ohio corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, Superior Avenue, N.E., Cleveland, OH 44114.

Defendant, GENERAL CABLE INDUSTRIES, INC., formerly GENERAL CABLE CORP., is a Delaware corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant, GENERAL ELECTRIC COMPANY, is a New York corporation and may be served with process and summons by serving its agent C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant GENERAL REFRACTORIES COMPANY, is a foreign corporation and may be served with process

and summons by serving its home office located at 225 East City Lane Ave., Suite 114, Balla Cynwyd, PA 19004.

Defendant, GEORGIA-PACIFIC CORPORATION, is a Georgia corporation and may be served with process and summons by serving its registered agent, C. T. Corporation System, 1633 Broadway, New York, NY 10019.

Defendant GOODYEAR TIRE AND RUBBER COMPANY, is a foreign corporation and may be served with process and summons by serving its home office located at 1144 E. Market Street, Akron, OH 44316 or by serving its registered agent, C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208..

GREFCO, Inc., is a Delaware corporation and may be served with process and summons by serving its registered agent, C. T. Corporation System, 1633 Broadway, New York, NY 10019.

Defendant, GULF BELTING & GASKET CO., INC., is a Louisiana corporation, and may be served with process and summons by serving its agent, Theodore J. Bouregois, 4612 Jeannette Dr., Metairie, LA 70003.

Defendant GULF COAST MARINE SUPPLY CO., is a Mississippi corporation and may be served with process and summons by serving its registered agent, Paul W. Bean, Bayou Cassotte Road, P. O. Box 1117, Pascagoula, MS 39567.

Defendant HARBISON-WALKER REFRACTORIES, individually and f/k/a/ INDRESCO, INC.,is a foreign corporation and may be served with process and summons by serving its registered agent, CVCS, INC., 525 Brook Street, Rocky Hill, CT 06067.

Defendant HOPEMAN BROTHERS, INC., may be served with process and summons by serving its registered agent, C. T. Corporation, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant, HONEYWELL INTERNATIONAL, INC., f/k/a/ ALLIED-SIGNAL, INC., f/k/a and successor in interest to BENDIX FOUNDATION BRAKE CORPORATION is a Delaware corporation and may be served with process and summons by serving its agent, C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39201-2684.

Defendant INDRESCO, Inc., individually and as successor in interest to Harbison Walker Refractories and Worthington Corporation, is a Delaware corporation and may be served with process and summons by serving its agent at Prentice-Hall Corporation System, 506 S. President Street, Jackson, MS 39201.

Defendant, INDUSTRIAL RUBBER AND SPECIALTY COMPANY, formerly COASTAL RUBBER & GASKET CO., is a Mississippi corporation and may be served with process and summons by serving its agent, Greg Hubert, 715 McDowell Road, Jackson, MS 39204.

Defendant JOHN CRANE COMPANY, INCORPORATED, formerly JOHN CRANE PACKING COMPANY, is a Delaware corporation and may be served with process and summons by serving its agent at The Corporation Trust Center, 1201 Orange Street, Wilmington, DE 19801.

Defendant, KAISER ALUMINUM & CHEMICAL CORPORATION, is a Mississippi corporation and may be served with process and summons by serving its agent, C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi, 39208 or its home office located at 6177 Sunol Blvd., Peasanton, California.

Defendant KELLY-MOORE PAINT COMPANY, INC., may be served with process and summons by serving its registered agent, Kenneth Wall, 2727 Allen Parkway, Suite 1300, Houston, TX 77019.

Defendant KOMP EQUIPMENT CO., INC., may be served with process and summons by serving its registered agent, George B. Komp, III, 319 Pine Street, Hattiesburg, MS 39401.

Defendant LAUREL MACHINERY & FOUNDRY CO., may be served with process and summons by serving its registered agent, P. E. Mulloy, 810 Front Street, Laurel, MS 39440.

Defendant, MARINE SPECIALTY COMPANY, INC., is an Alabama corporation, and may be served with process and summons by serving its registered agent, Andy Henderson, 1536 Gardner Blvd., Suite 707, Columbus, MS 39702.

Defendant, METROPOLITAN LIFE INSURANCE COMPANY, is a New York corporation and may be served with process and summons by serving its agent at Erskine W. Wells, 400 Lamar Building, 317 East Capitol Street, Jackson, MS 39205 and/or Donald Harmen, c/o Metropolitan Life Insurance Company, 1 Madison Avenue, Area 7-DE, New York, NY 10010.

Defendant, MINNESOTA MINING & MANUFACTURING COMPANY, is a Delaware corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant, MOBILE WELDING SUPPLY CO., INC., formerly MAGNOLIA WELDING SUPPLY, is a Alabama corporation and may be served with process and summons by serving its agent at C. T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

Defendant, NORTH AMERICAN REFRACTORY COMPANY f/k/a DIEDIER-TAYLOR REFRACTORIES CORPORATION, a Ohio Corporation and may be served with process and summons by serving it agent C.T. Corporation Systems, 1300 East 9th Street, Cleveland, OH 44114.

Defendant NORTON COMPANY, is a foreign corporation and may be served with process and summons by servings its registered agent, Corporation Trust System, 101 Federal Street, Boston, MA 02109.

Defendant, OGLEBAY NORTON COMPANY is a foreign corporation and may be served with process and summons by serving its home office located at 633 Battery Street, San Francisco, California 94111.

Defendant OKONITE COMPANY, is a foreign corporation and may be served with process and summons by serving Al Coppola, President, 102 Hilltop, Ramsey, NJ 07446.

OKONITE INCORPORATED, is a Delaware corporation and may be served with process and summons by serving its registered agent for service, Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

Defendant, OWENS-ILLINOIS, INC., is a Delaware corporation and may be served with process and summons by serving its registered agent for service The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware, 19801.

Defendant, PEERLESS SUPPLY COMPANY OF MISSISSIPPI, INC., is a foreign corporation and may be served with process and summons by serving its agent, W. E. Doerchester, P. O. Box 516, Pascagoula, MS 39561.

Defendant PHELPS DODGE INDUSTRIES, INC., is a foreign corporation and may be served with process and summons by serving its registered agent, Robert C. Swan, Law Department, Phelps Dodge, 2600 N. Central Avenue, Phoenix, AZ 85004-3014.

Defendant, PNEUMO ABEX CORPORATION, is a foreign corporation and as a successor in interest to A-BEX CORPORATION, may be served with process and summons by serving its agent at Prentiss Hall, 1013 Centre Road, Wilmington, Delaware, 19805

Defendant, PROKO INDUSTRIES, INC., may be served with process and summons by serving its agent, Robert C. Waite, at its corporate headquarters, 501 S. Foote Street, Cambridge City, Indiana 47327.

Defendant RAPID AMERICAN CORPORATION, individually and as successor in interest to the liability of Philip Carey Manufacturing Corporation as the result of an express assumption of all liabilities in the Glen Allen Corporation's 1967 merger with Philip Carey Manufacturing Corporation and the Glen Allen Corporation is the predecessor in interest to Rapid American Corporation, is a foreign corporation and may be served with process and summons by serving its agent at <u>Stuart H. Aarons, 1700 Broadway, New York, NY 10019</u>.

Defendant, REILLY-BENTON COMPANY, INC., is a Louisiana corporation and may be served with process and summons by serving its agent at <u>C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi, 39208</u>.

Defendant, RILEY-STUART SUPPLY CO., INC., is a Alabama corporation and may be served with process and summons by serving its agent at <u>Thomas W. Casey, 601 Western Drive, Mobile, AL 36607</u>.

Defendant, SAFETY SUPPLY AMERICAN CORPORATION, a/k/a STANDARD GLOVE & SAFETY EQUIPMENT, formerly SE & SC, Inc., formerly Safety Engineering & Supply, is a Alabama corporation and may be served with process and summons by serving its agent <u>Ball, Ball, Matthews & Novak, 2000 Interstate Park Dr., Suite 204, Montgomery, AL 36109-5414</u>.

Defendant SCOTT AVIATION, INC., a division of FIGGIE INTERNATIONAL, is a foreign corporation and may be served with process and summons by servings its registered agent, <u>The Corporation Company, 2000 Interstate Park Dr., Ste. 204, Montgomery, AL 36109-5414</u>.

Defendant, SELBY, BATTERSBY & CO., d/b/a S B DECKING, INC., is a Delaware corporation and may be served with process and summons by serving its agent at <u>5220 Whitby Avenue, Philadelphia, PA 19143</u> and/or <u>Corporation Trust Company, The Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801</u>.

Defendant, STANDARD EQUIPMENT COMPANY, INC., is a Delaware corporation and may be served with process and summons by serving its agent <u>Burnley Davis, 75 Beauregard St., P. O. Drawer G, Mobile, AL 36601</u>.

Defendant, SYNKOLOID, A DIVISION OF MURALO CO., INC., may be served with process and summons by serving its <u>corporate headquarters at 148 E. 5th Street, Bayonne, New Jersey 07002</u>.

Defendant, TAYLOR-SEIDENBACH, INC., is a Louisiana corporation and may be served with process and summons by serving its agent at <u>C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39208</u>.

Defendant TURNER SUPPLY COMPANY may be served with process and summons by serving its registered agent, <u>John R. Jones, 1457 West Drive, Laurel, MS 39440</u>.

Defendant, U.C. REALTY CORP., formerly MHC HOLDING AND LAND CORPORATION, formerly Homecrafters Centers, Inc., formerly Moore-Handley, Inc., is a Delaware corporation and may be served with process and summons by serving its agent at <u>Prentice-Hall Corporation Systems, Inc., 1013 Center Road, Wilmington, DE 19805</u>.

Defendant UNIROYAL, INC., a/k/a UNIROYAL GOODRICH TIRE CO., f/k/a UNITED STATES RUBBER COMPANY is a Delaware corporation and may be served with process and summons by serving its agent, <u>The Prentice Hall Corporation System, 1013 Centre Road, Wilmington, DE 19805</u>.

Defendant UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC., a division of UNIROYAL, INC., is a New Jersey corporation and may be served with process and summons by serving its agent at <u>Prentice Hall Corporation Systems, 830 Bear Tavern Road, Suite 305, West Trenton, NJ 08628</u>.

Defendant, UNITED STATES MINERAL PRODUCTS COMPANY is a New Jersey corporation and may be served with process and summons by serving its registered agent for service, <u>Dalen Corporation, 41 Furnace Street, Stanhope, New Jersey 07874</u>

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

VERA D. BERRY, ET AL                                                **PLAINTIFFS**

VERSUS                                           CIVIL ACTION NO. : _____

GAF CORPORATION, ET AL                                             **DEFENDANTS**
AND JOHN DOE DEFENDANTS 1 - 50

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, et seq., the Defendant, Hopeman Brothers, Inc.,

individually and as alleged successor in interest to its former wholly-owned subsidiary, Wayne

Manufacturing Co., ("Hopeman"), hereby remove from the Circuit Court of Jefferson County,

Mississippi, to the United States District Court for the Southern District of Mississippi, Southern

Division, the state court action entitled *Very Berry, et al v. GAF Corporation, et al and John Doe

Defendants 1 - 50*, Civil Action No. 2000-107 ("*Berry* action").   As grounds for removal,

Hopeman states the following:

1.      On June 30, 2000 plaintiffs commenced this action.  The *Berry* Complaint was

initiated by eighty-two (82) plaintiffs, alleging bodily injury resulting from exposure to asbestos

and asbestos-containing material.  A copy of the original *Berry* Complaint is included in the

process, pleadings and orders filed with the Court pursuant to 28 U.S.C. § 1446 (a) and attached

hereto as composite Exhibit A.

2.      The plaintiffs in *Berry* allege that they worked at various sites and as a result of

working at such sites, "has developed a debilitating asbestos-related disease..."  See Complaint at

¶ 1 - 18.

3.     This action is within the Court's original federal question jurisdiction, 28 U.S.C. § 1331, by virtue of the admission of plaintiff, Robert Phifer, Social Security No. 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, that his exposure to asbestos-containing products occurred at a federal enclave.

4.     The deposition of *Berry* plaintiff, Robert Phifer, commenced on November 13, 2001. During the November 13, 2001 deposition, Robert Phifer testified that from 1965 to 1968 he was a member of the U.S. Navy stationed in San Diego, California. Mr. Phifer testified that while stationed in San Diego, California and aboard the U.S.S. John A. Bole, he was exposed to asbestos-containing products.

5.     A copy of the transcript of the November 13, 2001 deposition of plaintiff, Robert Phifer, has been requested for expedited transcription from State-Wide Court Reporters. As soon as such transcript is transcribed, it will be supplemented as an Exhibit to this Notice of Removal.

6.     In addition, Robert Phifer's Answer to Defendant's Master Set of Interrogatories and Request for Production of Documents to Plaintiffs, which were served on approximately September 21, 2001, did state that Mr. Phifer was in the U.S. Navy, however, it did not identify that Mr. Phifer had alleged exposure to asbestos-containing products during his military service. A copy of the Plaintiff, Robert Phifer's Answer to Defendant's Master Set of Interrogatories and Request for Production of Documents to Plaintiffs is attached hereto as Exhibit B.

7.     Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over the claims of all plaintiffs in the *Berry* action, because that action asserts claims arising under the "Federal Enclave" Clause of the U.S. Constitution, Art. I, Sec. 8, cl. 17, thereby giving rise to federal question jurisdiction. Accordingly, removal is appropriate pursuant to 28 U.S.C. § 1441(a)(b) and (c). *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 n. 1(10th Cir. 1998), *Akin v. Big Three Industries, Inc.*, 851 F. Supp. 819, 822 (E.D. Tex. 1994), *Reed v. Fina Oil &*

*Chem Co.*, 995 F. Supp. 705, 713 (E.D. Tex. 1998) and *Hines v. ACandS, Inc.*, 128 F. Supp. 2d 1003 (N.D. Tex. 2001).

8.      Removal of this action is timely under the provisions of 28 U.S.C. § 1446(b) because it was filed within thirty (30) days of receipt of information from which it first could be ascertained that the case was removable. *See Hines v. ACandS, Inc.*, 128 F. Supp.2d 1003 (N.D. Tex. 2001).

9.      The remaining claims in this action are so related to the federal claims that they form part of the same transaction or controversy.  Indeed, the remaining claims are so related to the federal claims that the plaintiffs joined them in the same action pursuant to Rule 20(a) of the Mississippi Rules of Civil Procedure.  Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. §1367(a).

10.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon defendants are attached hereto as composite Exhibit A.

11.      Pursuant to 28 U.S.C. § 1446(d), all adverse parties are being provided with written notice of removal and a copy of this Notice of removal is being filed with the Clerk of the Circuit Court of Jefferson County, Mississippi.

This, the 14th day of November, 2001.

Respectfully submitted,

DUNCAN, COURINGTON & RYDBERG, L.L.C.

JAMES L. FLETCHER, JR. (MS Bar #99965)
322 Lafayette Street
New Orleans, Louisiana 70130
Telephone:  (504) 524-5566

3

**Attorney for Defendant, Hopeman Brothers, Inc., individually and as alleged successor in interest to its former wholly-owned subsidiary, Wayne Manufacturing Co.**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on behalf of Hopeman Brothers, Inc., do hereby certify that I have this date faxed and mailed, postage prepaid, by United States mail, a true and correct copy of the above and foregoing pleading to Robert A. Pritchard, Esq., P.O. Drawer 1707, Pascagoula, MS 39567. I have also notified all potentially known defense counsel of record of the foregoing document and will provide a true and correct copy of such document on request.

This, the 14th day of November, 2001.

JAMES L. FLETCHER, JR.

4

3



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

VERA D. BERRY, ET AL.                                    **PLAINTIFFS**

**VERSUS**                               **CIVIL ACTION NO. 1:01CV470GR**

GAF CORPORATION, ET AL.                                  **DEFENDANTS**

### PLAINTIFFS' EMERGENCY MOTION TO REMAND
### AND REQUEST FOR EMERGENCY HEARING
### UNDER RULE 7.2(G) AND 7.2(H) OF THE
### UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

### ORAL ARGUMENT REQUESTED

**COME NOW** the Plaintiffs, by and through counsel, and file this their Emergency Motion

to Remand and Request for Emergency Hearing and in support would show the following, to-wit:

Plaintiffs respond to the Defendant, Hopeman Brothers, Inc. ("Hopeman"), Notice of

Removal as follows:

**A.**

Plaintiffs deny that this action is a removable action under 28 U.S.C. § 1441 and

deny that federal jurisdiction exists under 28 U.S.C § 1331 or any other applicable statute giving

this Honorable Court original jurisdiction.

**B.**

Plaintiffs further deny that Defendant Hopeman's Notice of Removal is timely under 28

U.S.C. § 1446 and assert that Defendant Hopeman's Notice of Removal is defective and

insufficient.

-1-

**NOW** having responded to Hopeman's Notice of Removal, Plaintiffs move this Honorable Court to remand this action to back to state court and would show the following:

**I.**

Plaintiffs, who are residents and non-residents of Mississippi, filed their Original Complaint on June 30, 2001, claiming that they have developed a debilitating asbestos related disease due to their exposure to asbestos containing products manufactured and/or supplied by the named resident and non-resident defendants.

**II.**

As stated in Defendant Hopeman's Notice of Removal, Mr. Phifer is also a plaintiff filed in *Alex McLeod, et al v. A. M. Lockett & Co., et al and John Doe Defendants 1-50*, Civil Action No. 92-7655, in the Circuit Court of George County, Mississippi (*McLeod*). A Case Management Order was entered in this matter and, pursuant to said Order, written discovery to Mr. Phifer was answered. Mr. Phifer provided Answers to Written Interrogatories propounded by Defendant Hopeman which were filed September 21, 2001. Exhibit "A", <u>Plaintiff, Robert Phifer's, Response to Defendant's Master Set of Interrogatories and Requests for Production of Documents</u> (*Phifer Written Discovery.*) Further, in this matter, Mr. Phifer provided oral testimony in his deposition taken November 13, 2001. Exhibit "D", <u>Deposition of Robert Lee Phifer taken November 13, 2001</u> (*Phifer Deposition*)

**III.**

At the time Defendants' Notice of Removal was filed in this Case, trial was scheduled for this matter in the Circuit Court of Jefferson County, Mississippi on February 19, 2002.

**IV.**

On November 14, 2001, Hopeman filed its Notice of Removal in this case and on November 15, 2001, Hopeman filed its Notice of Removal in the *McLeod* case. In both removal actions, Defendant Hopeman alleged that this Court has original jurisdiction under 28 U.S.C. § 1331 ("federal enclave") and supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendant Hopeman further alleged that this action is properly removable pursuant to 28 U.S.C. § 1441, et seq. *See* Exhibit "B", Notice of Removal in *McLeod* and Exhibit "C", Notice of Removal. In both removal actions, Defendant Hopeman relied solely upon the deposition of Mr. Robert Lee Phifer taken on November 13, 2001. Exhibit "D", Phifer deposition. Defendant Hopeman did not attach a copy of the deposition transcript with their Notice of Removal , and as of this filing, has not offered a copy of said deposition transcript in support of their Notice of Removal. Defendant Hopeman has, therefore, offered no evidence to support this removal action.

**V.**

This Motion to Remand is timely filed pursuant to 28 U.S.C. §1447(c) which allows thirty (30) days to file a Motion to Remand after receiving Notice of Removal.

**VI.**

The Notice of Removal is defective, necessitating immediate remand, due to the  fact that all defendants have not consented to or joined Defendant Hopeman's removal petition within thirty (30) days of the first defendant being served. *See* 28 U.S.C. § 1446; *Getty Oil Corp., a Div. of Texaco, Inc. v Insurance Co. of North America* 841 F.2d 1254, 1262-63 ( 5th Cir. 1988); *Spillers v. Tillman*, 959 F.Supp. 364, 369 (S.D. Miss. 1997).  Consent of all Defendants in removal under federal question matters is required within thirty (30) days of Notice of Removal.

-3-

*See* 28 U.S.C. §1446(a); *Farias v Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir.

1991); *Faulk v. Owens-Corning Fiberglass*, 48 F.Supp.2d 653 (E.D.Tex, 1999) and

*Vanouwerker v. Owens-Corning Fiberglass*, 1999WL335960 (E.D.Tex, 1999). Failure of all

Defendants to join in the removal renders the removal defective. *Farias, supra at* 871.  In the

case at bar, all defendants have not joined in or consented to Hopeman's Notice of Removal of

this matter.

## VII.

Defendant Hopeman's Notice of Removal is further defective due to the failure of

Defendant Hopeman to plead that all Defendants have joined in or agreed to the Removal of this

action.

## VIII.

Hopeman's Notice of Removal of this action is untimely.  28 U.S.C. §1446(b)

provides:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Mr. Phifer provided  responses to Written Interrogatories to Defendant on September 21, 2001. As stated in Defendant Hopeman's Notice of Removal, Plaintiff indicated that he served in the United States Navy, but never alleged exposure to any asbestos-containing product while in his service with the United States Navy. Exhibit "C", <u>Notice of Removal,</u> and Exhibit "A", <u>Phifer Written Discovery</u> *(Please see written Interrogatories 5 and 10.)*  Further, in Answer to Written Interrogatory number 5, Mr. Phifer indicated that his asbestos exposure occurred at Ingall's Shipbuilding after 1970; and therefore, after his service with the United States Navy and indicating no asbestos exposure during his naval service.  In Answer to Written Interrogatory number 10, Mr. Phifer  indicated service in the United States Navy, but indicated that he was not exposed to asbestos-containing products. Exhibit "A",  <u>Phifer Written Discovery</u> . As to his employment at Ingall's Shipbuilding in Written Interrogatory number 10,  Mr. Phifer indicated his exposure to asbestos-containing products at Ingalls Shipbuilding by referring to Written Interrogatory number 5.  Exhibit "A", <u>Phifer Written Discovery</u> . Further, Defendant Hopeman alleges that Mr. Phifer testified that he was exposed to asbestos during his naval career.  Exhibit "B" <u>Notice of Removal in *McLeod*,</u> at Paragraph 4, Exhibit "C", <u>Notice of Removal</u> at Paragraph 4.  Defendant Hopeman's allegation is wrong.

In the referenced deposition, no affirmative statement was made by Mr. Phifer that indicated he believes or is making a claim that he was exposed to asbestos during his service with the United States Navy. Exhibit "D",  <u>Phifer Deposition</u>.   In fact, Mr. Phifer testified that he <u>*was not exposed*</u> to asbestos during his training periods in the Navy and he was not sure whether or not he had been exposed to asbestos-containing products while aboard the ***U.S.S. JOHN A.***

*BOLE*, the vessel to which he was assigned.  Defendant Hopeman claims the deposition

testimony to be the notice of the alleged grounds for removal; however, Mr. Phifer provided the

exact same answers in his Answers to Written Interrogatories as in his deposition.  It is apparent

that, Defendant Hopeman had the same alleged notice of the grounds for removal on September

21, 2001 as it claimed to discover on November 13, 2001.  Accordingly, The time period for

Defendant Hopeman to request  removal of this matter expired October 21, 2001. *See* 28 U.S.C.

§1446(b)

## IX.

Removal is improper as Defendant Hopeman has failed to allege a federal question.

Defendant Hopeman has not proven that Mr. Phifer was exposed in any manner to asbestos while

serving in the United States Navy.  No discovery response from Mr. Phifer indicated asbestos

exposure during that time period.   No deposition testimony was elicited from Mr. Phifer which

indicated that he was exposed to any asbestos-containing product while in the United States

Navy.  Neither plaintiffs nor Mr. Phifer have a made claim against any Defendant for asbestos

exposure occurring while Mr. Phifer served in the United States Navy.  Defendant has the burden

of proof to establish that removal is proper, with any issue in doubt to be weighed against

removal. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Dodson v. Spiliada Corp.*,

951 F.2d 40, 43 (5th Cir. 1992).

## X.

"Federal Enclave" does not exist on land in this case.  This Honorable Court has recently

reviewed a similar case alleging federal enclave jurisdiction and, in a memorandum opinion, has

succinctly stated the standard for federal enclave jurisdiction as follows:

-6-

"Federal Enclave jurisdiction for injuries occurring on military bases generally involves land

which has been sold to the federal government, along with the explicit consent of the state in

which the land was located to the federal governmental control and authority over the land. *See*

*Akin*, 851 F.Supp at 822; *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977); *Fung v. Abex Corp.*,

816 F.Supp 569, 571 (N.D.Cal. 1992).

> Whether federal enclave jurisdiction, a form of federal question
> jurisdiction, exists is a complex question, resting on such factors as
> whether the federal government exercises exclusive, concurrent or
> proprietarial jurisdiction over the property, when the property
> became a federal enclave and what the state law was at that time,
> whether that law is consistent with federal policy, and whether it
> has been altered by national legislation.

*Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994)." Exhibit "E", <u>Memorandum Opinion and</u>

<u>Order, Mosely v. ACandS f/k/a Armstrong Contracting and Supply Co., Civil Action Number</u>

<u>1:10cv251GR; United States District Court, Southern District of Mississippi, Southern Division</u>

<u>(November 14, 2001)</u> (*Memorandum Opinion*). Defendant Hopeman has failed to state the

location of a federal enclave on land in San Diego, California where Mr. Phifer was allegedly

exposed to asbestos-containing products while serving in the United States Navy. While it is true

that "Federal District Courts have exclusive jurisdiction in areas over which the United States has

exclusive sovereignty, *Mater v. Holley*, 200 F.2d 123, 124 (5th Cir. 1952)" Exhibit "E",

<u>Memorandum Opinion,</u> without doubt, the entire city of San Diego, California is not under the

exclusive jurisdiction of the government of the United States of America and does not fall under

the definitions of a federal enclave stated in *Celli*. Defendant Hopeman has not alleged any other

location on land as the alleged federal enclave made basis of its removal action. Defendant

Hopeman cannot base this removal action on federal enclave jurisdiction, when, in fact, no

-7-

specific federal enclave or location exists and none has been alleged.

## XI.

"Federal Enclave" does not exist aboard the *U.S.S. JOHN A. BOLE*, as it is a naval vessel.

Naval Vessels have been held not to be federal enclaves. *McCormick v. C.E.Thurston and Sons,*

*Inc.*, 977 F.Supp 400(E.D.Va.1997)(Holding that the *U.S.S. NIMITZ* was not a federal enclave.)

and *Anderson v. Crown Cork & Seal*, 93 F.Supp.2d 697 (E.D.Va.2000)(Holding that the *U.S.S.*

*LAFFEY* was not a federal enclave.)

## XII.

No exposure to asbestos-containing materials during his service in the United States Navy was

alleged by Mr. Phifer.  Mr Phifer's testimony affirmatively stated  that he believed he had *no*

*exposure to asbestos* while in the United States Navy at any facility based on land prior to being

assigned aboard the *U.S.S. JOHN A. BOLE*.  Exhibit "D " ,Phifer Deposition (*p.27, ll.15-25;*

*p.28, ll. 1-3; p.35, ll.6-9; p35, ll.25; p.36, ll.1-13*).  Further, Mr. Phifer's testimony indicated that

he "did not know" whether or not he had of any exposure to asbestos while aboard the *U.S.S.*

*JOHN A. BOLE*, the only vessel he was assigned.  Exhibit "D ", Phifer Deposition (*p.36, ll.2-13;*

*p.46, ll.2-25; p.47, ll. 1-22*).

## XIII.

Defendants lack standing for removal under "federal enclave".  No evidence has  been provided

by Defendants indicating that an asbestos-containing product manufactured by any defendant in

either *Berry* or *McLeod* was present at any location where Plaintiff was stationed with the United

States Navy.  Nor has Plaintiff alleged that any asbestos-containing product was present during

his service with the United States Navy.

## XIV.

In support of this motion, Plaintiffs rely on the pleadings and the Brief in support of the Motion to Remand with Exhibits.

      **RESPECTFULLY SUBMITTED**, this the 13th day of December, 2001.


                                 **ROBERT A. PRITCHARD**
                                 **ATTORNEY FOR THE PLAINTIFFS**

**BY:** _____

                                 **CHRISTOPHER E. FITZGERALD**


**LAW OFFICE OF ROBERT A. PRITCHARD**
**ROBERT A. PRITCHARD (MSB 4518)**
**CHRISTOPHER E. FITZGERALD (MSB 10668)**
**934 JACKSON AVENUE**
**P.O. DRAWER 1707**
**PASCAGOULA, MISSISSIPPI 39567-1707**
**TELEPHONE:     228-762-8877**
**FACSIMILE:     228-762-6005**

4

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

VERA D. BERRY, ET AL.,                                                          **PLAINTIFFS**

RECEIVED & FILED

**VERSUS**                                   OCT 3 1 2001          **CAUSE NO.: 2000-107**

GAF CORPORATION, ET AL.,          BURNELL HARRIS, Circuit Clerk
AND JOHN DOE DEFENDANTS 1 - 50    By_____ /ⁿ̸0̸ _____ D.C.          **DEFENDANTS**

## DESIGNATION OF TRIAL GROUP I

COME NOW the Plaintiffs, by and through their attorney of Record, Robert A.

Pritchard, and files this their Designation of Trial Group I in accordance with the Case

Management Order entered in the above referenced cause and hereby designates the following

Trial Plaintiffs:

### I.

## TRIAL GROUP I

1. Robert S. Byrd, Jr.; 6220 Elder Ferry Rd., Escatawpa, MS 39552; 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; Asbestos-Related Pleural Disease; Work Site: International Paper Co., Moss Point, MS; 1954-1997.

2. Willie D. Johnson; 16 Ann Rd., Natchez, MS 39120; 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; Asbestosis; Work Site: Natchez Veneer Lumber Company, 1961-1964, Natchez Pecan Factory, 1964-1966, Feltus Brothers, 1966-1969 and Diamond International, 1969-1983.

3. Aaron Fulton; 330 Southmoor Dr., Natchez, MS 39120; 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; Pleural Disease; Work Site: Diamond International, 1969-1983

4. Edwin F. Harvey, Jr.; 103 Tanglewood Rd., Natchez, MS 39120; Pleural Disease; Work Site: Diamond International, 1967-1981

5. Johnny B. Simmons; 2565 Dixon Rd., Utica, MS 39175; 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; Asbestosis; Work Site: Magna Aim, 1969-1970; Ingalls Shipbuilding, 1970-1972; LeTourneau, 1972-1983.

6. Robert Lee Phifer; 1053 Chiquepin Street, Mobile, AL; 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; Asbestosis; Work Site: Ingalls, 1970 - present.

7.  Alcide Michael Jeffries; 445 Clarence Ave.; Pass Christian, MS 39571; 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; Work Site:  Asbestosis; Ingalls, 1968-1970.

8.  Donnie Willie Murray; 5519 Bay Ave., Moss Point, MS 39563; 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; Work Site:  Asbestosis; Ingalls, 1960-1970.

9.  Sidney W. Parker; 26221 Choctaw Rd., Perkinston, MS 39573; 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; Work Site:  Asbestosis; Ingalls, 1968-present.

10. John H. Ross; 2502 Englewood Rd., Ocean Springs, MS 39564; 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; Work Site:  Asbestosis; Ingalls, 1965-1966 and 1973-1976.


**RESPECTFULLY SUBMITTED** this the 29 day of October, 2001.

**ROBERT A. PRITCHARD**
**ATTORNEY FOR THE PLAINTIFFS**


BY: *Christopher E. Fitzgerald*

**Christopher E. Fitzgerald**


Robert A. Pritchard, MS Bar #4518
Christopher E. Fitzgerald, MS Bar #10668
Law Offices of Robert A. Pritchard
934 Jackson Avenue
P. O. Drawer 1707
Pascagoula, MS 39568-1707
Telephone:    (228) 762-8877
Facsimile:     (228) 762-6005

## CERTIFICATE OF SERVICE

I, Christopher E. Fitzgerald, hereby certify that I have this date, mailed by United States

Mail, postage prepaid, a true and correct copy of the above and forgoing Designation of Trial

Group I to the Plaintiffs' Liaison Counsel, Defense Liaison Counsel, and Choice Copy Service.

THIS the 29 day of October , 2001.

**ROBERT A. PRITCHARD**
**ATTORNEY FOR THE PLAINTIFFS**


**BY:**  *Christopher E. Fitzgerald*
       **Christopher E. Fitzgerald**

**Robert A. Pritchard, MS Bar #4518**
**Christopher E. Fitzgerald, MS Bar #10668**
**Law Offices of Robert A. Pritchard**
**934 Jackson Avenue**
**P. O. Drawer 1707**
**Pascagoula, MS 39568-1707**
**Telephone:    (228) 762-8877**
**Facsimile:    (228) 762-6005**

5

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, MISSISSIPPI

VERA D. BERRY, ET AL. **RECEIVED & FILED** PLAINTIFFS

OCT 17 2001

VS. BURNELL HARRIS, Circuit Clerk CIVIL ACTION NUMBER: 2000-107

BY _____ D.C.

GAF CORPORATION, ET AL. DEFENDANTS

## CASE MANAGEMENT ORDER

## I. INTRODUCTION

IN ORDER TO FACILITATE the orderly, efficient and expeditious disposition of those asbestos personal injury cases, heretofore filed or to be filed, in the above styled cause of action, the parties, Plaintiffs and Defendants, with the exception of Defendant Phelps Dodge Industries, Inc., have prepared and presented this Case Management Order ("CMO"), the provisions of which are represented to the Court as agreed to and not subject to objection by any party, and moved for its entry. Any reference to Defendants in this document includes all Defendants who have appeared in this action with the exception of Defendant Phelps Dodge Industries, Inc., who is opposed to entry of this Order and is not in agreement with the provisions stated herein and does not wish to be bound by any provisions contained in this Case Management Order.

Plaintiffs and Defendants agree that no party waives its rights and/or defenses with respect to issues relating to jurisdiction, venue, joinder and/or consolidation by submitting this Order to the Court. The Court is of the opinion that good cause exists for the entry of an order to manage administration and discovery matters relating to such claims.

## II. LIAISON COUNSEL

A. Defendants hereby designate the following liaison counsel:

Jeffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, PLLC;

Thomas W. Tardy, Forman, Perry, Watkins, Krutz & Tardy, PLLC;

Ronald G. Peresich, Page, Mannino, Peresich & McDermott, PLLC;

Thomas W. Tyner, Aultman, Tyner, Ruffin & Yarborough, Ltd.

Defense liaison counsel shall not have the authority to bind any party other than their own client(s), but shall only serve as a conduit for communication with the Court. Plaintiffs' counsel shall copy all defense counsel on any and all correspondence. Plaintiffs' counsel need only copy pleadings only to the defendant or defendants to whom the respective pleading is addressed, but shall copy all defense counsel on any transmittal letter of any pleading, no matter to whom the pleading is directed.

B.    Plaintiffs' Liaison Counsel are:

Law Offices of Robert A. Pritchard (Plaintiffs' Lead Counsel);

All correspondence, pleadings or other communications should be directed to Plaintiffs' Lead Counsel, specifically, Chris Fitzgerald, Law Offices of Robert A. Pritchard, 700 Watts Avenue, Post Office Drawer 1707, Pascagoula, Mississippi 39568-1707.

### III. DISCOVERY REPOSITORY

By agreement of the parties, Choice Copy Service, (125 South Congress Street, Suite L-150, Jackson, Mississippi 39201, telephone number 601-355-5555 and facsimile number 601-355-3914) shall serve as the document repository for this case. All complaints, answers and other pleadings shall be served in accordance with the *Mississippi Rules of Civil Procedure*. A party serving any other motion, or response to any other writing, to any other party need only serve that paper upon Plaintiffs' Liaison Counsel, Defendants' Liaison Counsel, the Circuit Court of Jefferson County,

Choice Copy Service, and the party or parties to whom that particular motion, discovery request, response or other writing is directed. All other parties shall be informed that the paper was filed and served and such other parties will be entitled to receive a copy of the paper from Choice Copy Service or from Plaintiffs' Liaison Counsel or Defendants' Liaison Counsel at the expense of the party making the request for such copy.

## IV. TRIAL PLAN

### A. Trial Date

The trial of this matter has been set by the Court for ___February 19, 2002___ in Jefferson County, Mississippi.

### B. Plaintiffs' Selection

Only ten (10) Plaintiffs, who are all residents of the state of Mississippi will be designated for trial by Plaintiffs' Counsel no later than September 24, 2001. These Plaintiffs will comprise Trial Group 1 (TG1). Simultaneously with this designation, Plaintiffs shall furnish to the Defendants' Liaison Counsel the releases set forth in Section X of this Order for each TG1 Plaintiff, as well as a current list of medical providers. Plaintiffs may furnish the releases and current list of medical providers in the form of answers and responses to Interrogatories and requests for Production of Documents as covered in Section X of this CMO. The releases shall be executed in blank and individual Defendant's attorneys may request the releases from any Plaintiffs' Liaison Counsel or Choice Copy Service.

All Plaintiffs designate their state of residence and the alleged locations of their asbestos exposure by September 24, 2001. This information may be provided in the form of Answers to Interrogatories as covered in section X of this CMO.

- 3 -

The remaining Plaintiffs in this case do not comprise a trial group. Additionally, the remaining Plaintiffs in the Complaint will allow the Defendants at least one-hundred twenty (120) days for discovery prior to any trial date.

## C. Miscellaneous

All objections and defenses as to venue, personal jurisdiction, joinder, consolidation, and all other relevant objections with respect to a trial in this cause of action are hereby preserved to the extent they have been raised in each Defendant's Answer or other responsive pleading or Motion.

## V. NON-WAIVER OF OBJECTIONS

A. Nothing in this Order shall be construed to prevent any party from filing or arguing any motion otherwise proper under the *Mississippi Rules of Civil Procedure* or the *Uniform Circuit and County Court Rules* (collectively called the "Rules"). No party waives any right under the Rules by virtue of this Order or any party thereof. To the extent that this Order differs from the Rules as those Rules relate to discovery periods, sequencing, timing and/or occurrence of specific discovery, this Order shall govern the conduct of the parties and shall be considered an exercise of the Court's discretion in those affected matters.

B. Upon receipt of any and all medical records, the Defendants or their representatives will forward to Plaintiffs' Liaison Counsel a full and complete set of all such documents. Any party receiving pathology, original chest x-rays, paraffin blocks, tissue samples or any other one-of-a-kind medical record shall provide written notice of such receipt to Plaintiffs' Liaison Counsel and all Defendants' Counsel. Plaintiffs' Liaison Counsel will have three (3) working days after the receipt of notice to object to the dissemination of any material contained therein. Notice is deemed complete upon mailing and/or faxing. If Plaintiffs' Liaison Counsel lodges an objection, the parties

must attempt an amicable resolution. All unresolved disputes shall be submitted to the Court, but no disputed documents will be released without leave of Court.

C.    The joint defense privilege and joint Plaintiffs' privilege is preserved, and by continuing to confer or meet and exchange documents and to work together and confer, the Court holds that the parties have not waived and will not waive any attorney/client, joint defense, joint Plaintiffs or work product privilege.

## VI.  PROCEDURES

A.    Any counsel, may, after making a good faith attempt to resolve this matter with opposing counsel, set a contested motion in these cases for hearing by filing such motion and giving notice of the request for hearing to all counsel in accordance with the *Mississippi Rules of Civil Procedure* at least seven (7) days prior to the requested hearing date unless the *Mississippi Rules of Civil Procedure* require a longer time period. Any response shall be filed and served upon all counsel in accordance with the *Mississippi Rules of Civil Procedure* at least two (2) days before the scheduled hearing date. Responses must be filed at least two (2) days prior to any hearing. Service of such responses shall be made by facsimile between 9:00 a.m. and 5:00 p.m. (CST), overnight mail, or hand delivery, rather than service by mail. No party shall file any writing or document the day of the hearing. The Court may entertain emergency motions otherwise, at its discretion, and after notice to all parties.

B.    Plaintiffs' Liaison Counsel and Defendants' Liaison Counsel shall compile a master service list of all law firms/attorneys of record and shall provide same to the Court Administrator. Thereafter, the Court Administrator shall maintain a master service list of all law firms/attorneys of record representing parties in this case. The Court Administrator shall provide notice to all counsel the Liaison Counsel for the Plaintiff and the Liaison Counsel for the Defendant as designated by the Court of all settings before the Court.

~~xof settings initiated by the Court~~

## VII. PLEADINGS

### A. Notice Prior to Default

No party shall attempt to default any other party with regard to failure to respond to any pleadings without first contacting the opposing party in writing and giving that party ten (10) days after mailing of written notice within which to respond.

### B. Cross-Claims

Cross-claims for indemnity and/or contribution must be filed in accordance with the *Mississippi Rules of Civil Procedure*. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal or on the morning of pre-trial, whichever comes first, and will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

### C. Amended Answers

Where a Defendant has filed an answer to Plaintiffs' complaint, it is unnecessary for the Defendant to file an answer to any amended complaint. New allegations in the amended complaint shall be deemed denied; however, no Defendant is precluded from filing an amended answer. All amended complaints must be served in accordance with Rule 4 of the *Mississippi Rules of Civil Procedure*.

### D. *Pro Hac Vice* Motions

All motions for *pro hac vice* admittance to participate in this litigation shall be made in accordance with governing Mississippi rules and authorities.

### E. Amendments to Complaint

Plaintiffs may amend to bring in additional Defendants for any trial group and/or add additional Plaintiffs to the complaint at any time without leave of court by giving the appropriate notice. However, no Plaintiff or Defendant added by any amendment may be added to any trial group within 120 days of the trial date set for that trial group. All amended complaints must be served in accordance with Rule 4 of the *Mississippi Rules of Civil Procedure.*

## VIII. ADOPTION BY REFERENCE

### A. Motions

Any motion, except motions relating to venue or personal jurisdiction, summary judgment, motions *in limine* or any objection or response to a motion or any despositive motion, filed by any Defendant or made *ore tenus* will be deemed automatically adopted by all other Defendants without the necessity of the other Defendants filing an adoption pleading or orally joining the motion, objection or response. However, if a Defendant wishes to opt out of said adoption, said Defendant shall notify the Court or state on the record that it desires not to adopt said motion, objection or response. An order disposing of said motion shall bind all parties deemed to have automatically adopted unless they have previously opted out. Resolution by agreement between counsel for movant(s) and counsel for respondent(s) shall be binding on all parties except that any party (who has been deemed to have adopted the resolved motion or response) who objects or excepts to any such resolution by agreement may proceed with a hearing on the motion. Under this procedure, parties shall not file joinders or adoptions of motions or responses to motions, but shall only file a simple pleading stating that party's desire to "opt out" of any motions or responses. In the event of resolution by agreement between counsel for movant(s) and counsel for respondent(s), those counsel

who have reached an agreement shall give reasonable notice of such agreement to all other counsel. However, failure to appear for a hearing set on a motion, which is the subject of resolution by agreement, shall constitute a waiver of any and all objections to such proposed or actual resolution by agreement. Finally, absent a showing of good cause, any and all objections or exceptions to actual or proposed resolutions of motions by agreement will not constitute the basis for a continuance of a hearing on that motion.

### B. Objections During Depositions

Any objection made by a Defendant during a deposition will be deemed automatically adopted by all other Defendants without the necessity of all other Defendants joining the objection. However, if a Defendant does not wish to join in the objection, said Defendant shall state on the record its desire not to join in the objection.

### IX. JURY TRIAL

Jury demands are deemed to be asserted in all of these cases. Should a party not wish to assert a jury demand, a specific motion to that effect must be filed with the Court.

### X. DISCOVERY

### A. Scheduling

Claims brought by particular Plaintiffs shall be discovered in the order they will be set for trial and in advance of any trial setting. Nothing in this order shall be construed to limit or prevent discovery of any non-trial plaintiffs. The non-trial plaintiffs' depositions may be scheduled by the parties after the depositions of the TG1 plaintiffs have been concluded. To the extent that the provisions of Uniform Circuit Court Rule 4.04(A) requiring discovery to be completed within 90-days from service of an answer conflicts with the provisions of this CMO, this Order controls.

## B. Master Discovery

1.  Discovery shall be in accordance with the *Mississippi Rules of Civil Procedure* except as to master discovery discussed in the subsequent paragraphs. However, nothing in this Order limits the rights of any party to enter into one or more agreements limiting or expanding the scope and nature of discovery as to individual parties.

2.  The parties agree that the same Plaintiffs' Master Discovery to Asbestos Defendants and propounded in *David Cosey, et al. vs. E.D. Bullard, et al.*, filed in the Circuit Court of Jefferson County, Mississippi, on December 12, 1997, Civil Action No. 95-0069, or a set similar in substance and agreed to by the parties shall be deemed to be filed and served as the "Plaintiffs' Master Discovery" herein. In response, Defendants may simply adopt the responses to the *Cosey* or the *Maxwell Noble* discovery by delivering responses to the Plaintiffs and shall supplement the responses where necessary. Such responses and supplementation shall be served on the Plaintiffs no later than October 8, 2001. If a defendant in this action has not yet responded to discovery in the *Cosey* or the *Maxwell Noble* matter, or does not respond by October 8, 2001, then such defendant will be required to answer a full set of *Cosey* Master discovery within thirty (30) days of the entry of this Case Management Order, except by agreement.

3.  All Plaintiffs must separately answer the Master Interrogatories and Master Requests for Production of Documents served on behalf of all the Defendants upon the Plaintiffs. Such responses shall be served by Plaintiffs no later than September 24, 2001.

4.  Upon request, all counsel shall furnish a computer disk in Word or WordPerfect, or other format to be agreed upon by the parties to counsel for the party to whom the discovery is directed with the Master Set of Discovery at the time such discovery is served. All responses shall

be furnished in the same manner, that is on a computer disk in Word, WordPerfect 8.0 or other agreed format.

5.      No later than September 24, 2001, Plaintiffs shall furnish to Choice Copy Service copies of all medical reports including pulmonary function tests, original x-rays, x-ray reports, pathology and pathology reports, tissue samples, autopsy reports, etc., in Plaintiffs' counsel's possession for all TG1 Plaintiffs. All original x-rays and pathology materials shall be returned to Choice Copy Service no later than November 26, 2001. However, in no event shall the defendants as a whole be denied possession of these materials for at least 60 days. Additionally, a "chain of custody" log shall be maintained with respect to the above items. No law firm, or group of law firms, shall be allowed to remove more than 5 sets of x-rays for 5 individual TG1 Plaintiffs at one time, and shall return all sets of original x-rays to Choice Copy Service prior to removing any additional sets of original x-rays.

6.      Plaintiffs' counsel may submit a Master Set of Requests for Admissions, not to exceed thirty (30) in number, to all of the Defendants, and the Defendants collectively may submit a Master Set of Requests for Admissions to all Plaintiffs. Additional Requests for Admissions, absent agreement of the parties or leave of Court, shall only be used to establish the authenticity of documents, recordings, writings, etc. Each Defendant and/or Plaintiff will respond separately to those Requests for Admissions.

7.      Medical, Social Security, employment/personnel, and IRS records shall be obtained pursuant to the *Mississippi Rules of Civil Procedure*. Plaintiffs agree to provide all Social Security printouts in their possession for the TG1 Plaintiffs to Choice Copy Service by September 24, 2001. To the extent it is necessary to obtain all relevant records, trial group Plaintiffs shall execute and

- 10 -

produce to each liaison counsel multiple authorizations to release their records no later than thirty (30) days from the date of this Order; and shall from time to time, upon written request of Defendants' counsel, furnish such additional authorizations as may be requested. All medical authorizations shall be for documents and things (records, bills, pathology, x-rays, etc.) only and will not allow *ex parte* contact with physicians or health care providers except for the purpose of obtaining records and scheduling depositions. Unless Plaintiffs drop their claims for emotional distress and mental anguish, psychiatric records and other mental health records shall be discoverable only to the extent they are relevant to the injury placed at issue as required by the Supreme Court in *Scott vs. Flynt*, 704, So.2d, 998. Plaintiffs may object to any specific requests for additional authorizations.

8.    Plaintiffs shall designate no later than sixty (60) days prior to trial the co-workers and other fact witnesses whom they intend to call at the trial of this matter.

## C. Supplemental Discovery

Absent agreement of the parties, upon motion for good cause shown, after a Plaintiff's deposition has been taken, Defendants individually may serve non-repetitious, supplemental interrogatories not to exceed a total of twenty (20) in number, and requests for production not to exceed a total of twenty (20) in number to a particular Plaintiff, which if ordered by the Court shall be answered within thirty (30) days. Absent agreement of the parties, upon motion for good cause shown, trial group Plaintiffs may serve an additional, non-repetitious twenty (20) interrogatories and twenty (20) requests for production to each defendant at any time after the Defendants have answered the initial written interrogatories propounded to them. Defendants' responses and/or objections to these supplemental interrogatories and requests for production shall be made within the time

constraints established by the *Mississippi Rules of Civil Procedure*. Plaintiffs and Defendants are allowed at least thirty (30) days to respond to any supplemental discovery requested by any other party to this action.

## D. Supplementation of Fact Witness Discovery

Both Plaintiffs and Defendants shall supplement discovery pursuant to the *Mississippi Rules of Civil Procedure*, but both sides agree that all discovery shall be completed no later than thirty (30) days prior to trial.

## XI. WITNESS LISTS

Plaintiffs will file and serve on all Defendants an expert witness list, with opinions, no later than seventy five days (75) days before trial. Defendants will file an expert witness list, with opinions, no later than sixty (60) days before trial, except that defense medical expert opinions shall in no event be due: (1) sooner than thirty (30) days after receipt of Plaintiffs' expert witness list with opinions; and (2) sooner than sixty (60) days after a Plaintiff's original x-rays and/or pathology samples, if any, have been made available to the Defendants. No supplemental expert witness lists will be allowed except where good cause is shown.

## XII. DEPOSITIONS

### A. Location and Allotted Time

Absent agreement, all depositions of the Plaintiffs and their co-workers shall be taken at either an agreed upon location in Jackson County, Mississippi, in Adams County, Mississippi, or at some other location upon agreement of the parties.

### B. Expert Witnesses

1.  Any party may, without further order of the Court, depose any witness designated

by another party as an expert witness with at least 10 days notice to the designating party, and copies of such notice to all counsel.

2.     Unless the equivalent information has previously been disclosed in response to an interrogatory, the parties will furnish all information specified in Rule 26(b)(4) of the *Mississippi Rules of Civil Procedure* at least five (5) days prior to the deposition of any expert witness. The statement shall have the effect of an answer to an interrogatory. At the same time, the party retaining the expert witness shall also provide a copy of a current curriculum vitae for the expert witness which includes the witness' education background, employment history, memberships in professional organizations, honors, and publications of said expert witness.

3.     Any reasonable hourly charges by an expert witness in connection with the time spent in discovery deposition and travel time and expenses incurred in connection therewith shall be paid by the party noticing the deposition. Charges by the expert witness for preparation will be paid by the party retaining the witness unless otherwise agreed to by the parties.

## C. Videotaped Depositions

Any party may, without further leave of Court, notice the taking of depositions by videotape (in addition to stenographic recording) of a party or any other witness, and the deposition shall be conducted pursuant to the procedure in Rule 30.1 of the Uniform District Court Rules of the Northern and Southern Districts.

## D. *De bene esse* Depositions

1.     Without further leave of Court, counsel may take a *de bene esse* videotaped deposition of a witness or party if, according to a certification by medical doctor filed with the Court and served on all other counsel of record, the witness' or party's medical condition is deteriorating

- 13 -

such that it is unlikely the deponent will be available or competent to testify at trial.

2.    Unless previously provided, not less than five (5) days prior to Plaintiff's *de bene esse* deposition, Plaintiffs' counsel will provide the following documents and/or records to Defendants for inspection and copying to the extent said documents are in the possession of the Plaintiff or Plaintiff's attorneys: answers to Master Discovery including work history information and relevant medical records in as complete a form as practical.

3.    At the conclusion of the direct examination, the Defendants may at their option cause a discovery deposition that is non-repetitive to be taken, prior to Defendants' cross-examination in the *de bene esse* deposition.

## XIII. MOTIONS TO COMPEL, MOTIONS FOR SANCTIONS, AND MOTIONS FOR PROTECTIVE ORDERS

A.    Except for the hearing established by this Order, no party shall move to compel or for sanctions against any other party with regard to failure to respond to any written discovery interrogatory or request without first contacting the opposing party in writing and giving that party ten (10) days after receipt of written notice within which to respond.

B.    All motions to compel discovery, all motions for sanctions, and all motions for protective orders shall contain a statement by the moving party that the parties have conferred in good faith on the specific issue or issues in dispute, and the parties are unable to resolve their disagreements without the intervention of the Court.

## XIV. SCHEDULING ORDER

By order of the Court, the following deadlines are hereby imposed upon the parties for trial of this matter.

- 14 -

1.      Any and all motions, other than motions *in limine*, must be filed not later than fifteen (15) days before the pretrial conference.  The pretrial conference is set for ___1-28-2002___ at the Jefferson County Courthouse in Fayette, Mississippi at 9:00 a.m.  A Joint Pre-Trial Order shall be prepared and submitted on the day of the Pre-Trial Conference.

2.      Proposed jury instructions shall be submitted to the Court twenty-four (24) hours before the first day of trial.  To the extent possible, Defendants shall submit one (1) joint set of proposed jury instructions addressing matters common to all Defendants.

3.      Trial exhibit lists and lists of depositions shall be exchanged twenty-one (21) days prior to the pre-trial conference.

## XV. MISCELLANEOUS

1.      Subsequent to entry of any order by the Court, the Court shall provide a copy of the signed order to Plaintiffs' counsel and to each Defendants' counsel, and same shall be deemed as good and sufficient notice of said order to all parties.

2.      Notwithstanding the provisions of this Order, the Court may issue Orders varying or amending the provisions of this Case Management Order at any time the Court deems such are necessary for the administration of justice.

3.      Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the *Mississippi Rules of Civil Procedure,* unless specific objection is made thereto at least ten (10) days prior to the pre-trial conference.  These records are not to be filed with the Court.  This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records.

- 15 -

Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence.*

4.      No party shall attempt to obtain the records of another party's expert witnesses using depositions upon written questions, subpoena, or by other means not previously agreed upon by counsel. Defendants may obtain medical records only through the use of the medical authorizations described above. Said materials are determined by the Court to be authentic and "business records" under the *Mississippi Rules of Evidence,* unless specific objections are made thereto at least ten (10) days prior to the pre-trial conference. Nothing contained in this paragraph shall prevent the parties from subpoenaing documents for an expert witness deposition.

5.      In the interest of reducing needless waste of paper and duplicate effort, all objections made during depositions by one Defendant shall be deemed to be adopted on behalf of all Defendants, unless the Defendant specifically indicates that it does not desire to join or adopt. In an effort to economize the gathering and utilization of medical records and do away with the requirements of filing medical records and affidavits in all Jefferson County asbestos related personal injury cases, it is hereby ordered that the self-authentication requirements of the *Mississippi Rules of Evidence* 902 and prerequisites of *Mississippi Rules of Evidence* 803(6) for business records are deemed to have been fulfilled by the ordering of medical records from any commercial records gathering service with contemporary notice to all parties. This Order allows the obtaining of medical records without the necessity of any authenticating affidavit or depositions or affidavit establishing the document as business records, and the filing requirement contained in Rule 902 and Rule 803(6).

6.      All such medical records of which opposing counsel has received notice are deemed by the Court to be authentic and to qualify as business records unless specific objection is made

- 16 -

thereto at least ten (10) days prior to the pre-trial. If such objection is made, the party seeking admission of the records may proffer proof that the records are authentic at any time prior to their admission into evidence at trial.

7.  At least twenty-four (24) hours before presentation at trial, counsel will exchange papers and lines of any deposition they intend to offer as a part of their case-in-chief at trial (*i.e.*, other than for impeachment purposes) and try to resolve any objections. Those objections that cannot be resolved will be presented to the Court.

8.  Counsel shall confer on case-specific motions *in limine* not previously ruled upon by the judge, and at the pre-trial conference just prior to trial, be in a position to let the Court know what is agreed and what the Court needs to rule on.

SO ORDERED AND ADJUDGED, this the ___16th___ day of October, 2001.

**CIRCUIT COURT JUDGE**

**AGREED:**

Agreement via e-mail on 10/15/01 to Circuit Court Administrator

**Christopher E. Fitzgerald, Attorney For Plaintiffs**

**Thomas W. Tyner, Liaison Counsel for Defendants
other than Phelps Dodge Industries, Inc.**

N:\cases\25782\Herry-V\P\CMO2.wpd

- 17 -