MDL 875

ORIGINALS
FILE WITH COURT

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § § § | JUDICIAL PANEL ON MULTIDISTRICT LITIGATION<br>JAN 2 9 2002<br>MDL 875<br>FILED<br>CLERK'S OFFICE |
| **Asbestos Product**<br>**Liability Litigation (No. VI)** | | |

This Document Relates to:

In the United States District Court
for the Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| **Rebecca Johnson**, | § § | |
| Plaintiff, | § § | |
| vs. | § § § | Civil Action No. 01-CV-2511D |
| **DAIMLERCHRYSLER, FORD**<br>**MOTOR COMPANY** and<br>**GENERAL MOTORS**<br>**CORPORATION**, | § § § § § | |
| Defendants. | § | |

## MOTION TO VACATE CTO-209 AND BRIEF IN SUPPORT

The Plaintiff files her Motion to Vacate Conditional Transfer Order 209, entered December 28, 2001, and would show as follows:

I.

### PROCEDURAL BACKGROUND

OFFICIAL FILE COPY

IMAGED FEB 4 '02

Plaintiff has previously filed a timely Notice of Opposition to Conditional Transfer Order 209, and now moves to vacate the order.

These actions were recently removed from various Texas state district courts by the Big Three Automobile Manufacturers (Ford, General Motors and DaimlerChrysler) citing alleged bankruptcy "related to" jurisdiction 28 U.S.C. § 1334, based upon the bankruptcy proceeding of Federal Mogul Global, Inc. and related entities.

The Big Three allege that all claims made against them based upon the sale of brake products are related to the Federal Mogul bankruptcy because, allegedly, the Big Three purchased brake products from a Federal Mogul debtor and therefore the Big Three have contribution or indemnity claims against a debtor. This basis for federal bankruptcy jurisdiction is, however, wholly devoid of merit. See, e.g., Pacor, Inc. v. Higgins (In re Pacor), 743 F.2d 984 (3rd Cir. 1984). Consequently, the Plaintiffs in these cases filed motions to remand in the Northern District of Texas which motions have not yet been ruled upon.[1] After the removals, these actions were "provisionally transferred" to the venue of the Federal Mogul Bankruptcy by Judge Alfred

---

[1] Two courts (Southern District of Texas and Southern District of West Virginia) have already remanded 179 other identical cases. No court has denied such remand motions.

**2**

Wolin,[2] presiding over said bankruptcy by assignment of the Third Circuit. Judge Wolin has set a briefing schedule on the thousands of remand motions in these and other similarly situated cases, and the matter will be submitted on February 4, 2002.

## II.

## ARGUMENT

The Plaintiff opposes the transfer in this case because:

(1) the motions to remand are pending, and will likely to be decided in favor of returning the cases to state court;

(2) Judge Wolin has signed a "provisional" transfer order in these cases, and further transfer would neither aid in the resolution of the cases nor fulfill any of the purposes of the Multidistrict Litigation statute in general or the Order establishing MDL 875 in particular;

(3) a Multidistrict Litigation transfer would be an unnecessary interference with the Order of Chief Judge Becker of the Third Circuit assigning Judge Wolin to preside over the Federal Mogul (and four other asbestos-related) bankruptcies;

(4) a Multidistrict Litigation transfer would create a jurisdictional tug-of-war between the Panel (under 28 U.S.C. § 1407) and Judge Wolin (under 28 U.S.C. § 157(b)(5));

(5) no purpose would be served by Multidistrict consolidation here since all "common" asbestos discovery has been completed in

---

[2] Nothing in this Notice should be taken as acquiescence in or agreement that the provisions of 28 U.S.C. §157(b)(5) can be or was properly used in relation to these cases to transfer claims against *non-debtors* to the bankruptcy court venue. Indeed, that section can be used only to transfer claims against debtors.

3

> MDL 875 as a whole, even before these particular cases were filed; and

(6) the transfer would cause immeasurable delay in the prosecution and trial of these cases.

In the interests of comity, the Panel ought to delay ruling on the transfer until either the local federal courts or Judge Wolin have had an opportunity to rule on the motions to remand, currently set for submission (before Judge Wolin) on February 4, 2002. See In Re Plumbing Fixture Cases, 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transfer court . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel.")

Judge Wolin has already signed an order purportedly transferring these cases (and thousands of others) to himself as the District Judge assigned to preside over the Federal Mogul bankruptcy, i.e. to a single forum, and yet another transfer to the Eastern District of Pennsylvania is not necessary, and would not fulfill any of the purposes of Section 1407.

The Chief Judge of the Third Circuit has specially assigned Judge Wolin to preside over the Federal Mogul bankruptcy, as well as over four other

asbestos company bankruptcies pending in the District of Delaware. Transferring the causes to the Eastern District of Pennsylvania would facially interfere with the Chief Judge's Order.

While the Plaintiff certainly is not advocating the correctness of the position, one can easily see how a putative transfer under section 157(b)(5), followed by yet another transfer under section 1407, could create jurisdictional havoc - as even thereafter, a further section 157(b)(5) transfer could be entered (by Judge Wolin under section 157, transferring the cases from the Eastern District of Pennsylvania, to the District of Delaware) followed by yet another section 1407 transfer (by the Panel, transferring the cases to the Eastern District of Pennsylvania from the District of Delaware). The Panel's assumption of jurisdiction over this matter could, therefore, create this kind of unnecessary jurisdictional tug-of-war between the district court sitting in bankruptcy, and the Panel acting for the Multidistrict Litigation court.

III.

## CONCLUSION

Plaintiff moves under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied, and that these cases remain in the Transferee Court, until they are remanded to the state district court, and that

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 29 2002

FILED
CLERK'S OFFICE

they receive all other relief to which they are entitled.

Respectfully Submitted,

*M. Michael Meyer* (MMM)-*
M. Michael Meyer
State Bar No. 13993850

Attorney-in-Charge for Plaintiff

Of Counsel:

O'QUINN, LAMINACK & PIRTLE
2300 Lyric Centre
440 Louisiana Street
Houston, Texas 77002
Telephone: (713) 223-1000
Facsimile:  (713) 222-6903

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served *via* United States mail to all counsel of record on the 28th day of January, 2002.

*M. Michael Meyer*
M. Michael Meyer

(MMM)-*

*Signed by Allison Jackson with permission of M. Michael Meyer

6

**PANEL SERVICE LIST (Excerpted from CTO-209)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Johnson v. Daimlerchrysler Corp.*, N.D. Texas, C.A. No. 3:01-2511

John R. Henderson
Brown McCarroll & Oaks Hartline
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

M. Michael Meyer
O'Quinn, Laminack & Pirtle
2300 Lyric Centre Building
440 Louisiana Street
Houston, TX 77002

Joseph S. Pevsner
Thompson & Knight, P.C.
3300 First City Center
1700 Pacific Avenue
Dallas, TX 75201

Robert E. Thackston
Jenkens & Gilchrist
3200 Allied Bank Tower
1445 Ross Avenue
Dallas, TX 75202

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406