MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 0 2002

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

| | | |
|---|---|---|
| In re: | § | **MDL 875** |
| | § | |
| **Asbestos Product Liability Litigation (No. VI)** | § | |

---

**This Document Relates To:**

| | | |
|---|---|---|
| **VARIOUS PLAINTIFFS** (*see attached* | § | |
| schedule (**Exhibit A**)). | § | *from the* |
| | § | UNITED STATES DISTRICT COURT |
| *Plaintiffs,* | § | FOR THE NORTHERN DISTRICT OF |
| | § | TEXAS |
| vs. | § | |
| | § | |
| DAIMLER CHRYSLER, FORD MOTOR | § | Case Numbers: *See Attached Schedule* |
| COMPANY and GENERAL MOTORS | § | (Exhibit A) |
| CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

## RESPONSE OF DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY, AND GENERAL MOTORS CORPORATION TO PLAINTIFFS' MOTION TO VACATE CTO-209

DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation request that the Panel deny plaintiffs' motion and conditionally transfer the brake friction claims against the automobile manufacturers that are the subject of CTO-209 (as well as all other brake friction claims removed by the automobile manufacturers) to the Honorable Alfred M. Wolin to assist in enforcing the Provisional Transfer Order entered by Judge Wolin on December 10, 2001.   Under Judge Wolin's order, these and all other brake friction claims against the automobile manufacturers have been provisionally transferred to the United States District Court for the District of Delaware.   Nonetheless, because plaintiffs refuse to accept that order and have taken affirmative steps to circumvent and undermine that order, conditional transfer to Judge Wolin by this Panel is necessary to assist in enforcing Judge Wolin's provisional transfer order.

**OFFICIAL FILE COPY** IMAGED FEB 4 '02

I.      **The Automobile Manufacturers' Transfer Motion and Judge Wolin's Provisional Transfer Order.**

On November 20, 2001, the automobile manufacturers filed a motion to transfer these and all other brake friction claims asserted against them to the United States District Court for the District of Delaware for consolidated resolution within the Chapter 11 proceedings involving Federal-Mogul, a supplier of brake friction products to the automobile manufacturers. Following the model established in the *Dow Corning* breast implant litigation, at the same time, the automobile manufacturers removed the brake friction claims against them to various federal courts pursuant to 28 U.S.C. § 1452 in order to facilitate transfer to the District of Delaware. *See, e.g., In re Dow Corning Corp.*, No. 95-20512, 1995 WL 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (discussing procedures followed in *Dow Corning* breast implant litigation).

On November 27, 2001, Chief Judge Edward Becker of the United States Court of Appeals for the Third Circuit designated Judge Alfred Wolin of the United States District Court for the District of New Jersey to rule upon the motions being filed in Delaware. Chief Judge Becker stated that it was his "considered judgment that these bankruptcy cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented." (*See* Order Concerning Specific Bankruptcy Cases with Asbestos Claims at 2 (11/27/01) (Ex.B).)

Soon thereafter, Judge Wolin granted the automobile manufacturers' request for a provisional transfer order to "preserve the *status quo*" pending a final ruling on the automobile manufacturers' transfer motion. ( Provisional Transfer Order at 1 (12/10/01) (Ex.C).) A similar provisional transfer order was entered in the *Dow Corning* litigation. *See In re Dow Corning Corp.*,

2

1995 WL 495978, at *2 (observing that court had entered an order provisionally transferring claims brought against the "implant co-defendants").

In subsequent rulings (which plaintiffs fail to cite in their motion), Judge Wolin made clear that plaintiffs should raise all issues relating to remand in briefing on the transfer motion currently pending in Delaware. For example, in his December 21 Case Management Order, Judge Wolin stated that plaintiffs may "in the course of briefing their opposition to the Transfer Motions, raise arguments directed to the subject matter jurisdiction of this Court and/or the propriety of remand to the several state courts in which the Friction Product Claims were originally pending." (Case Management Order at 3-4 (12/21/01) (Ex.D).) Indeed, pursuant to the briefing schedule established by Judge Wolin, on January 7 plaintiffs (including those represented by the Baron & Budd firm) submitted lengthy briefs in opposition to the transfer motion, which argued that all of the brake friction claims that were subject to Judge Wolin's provisional transfer order should be remanded to state court.

## II.     Plaintiffs' Coordinated Remand Campaign in Response to Judge Wolin's Provisional Transfer Order.

Nonetheless, since Judge Wolin entered the provisional transfer order, and as they acknowledge in their motion, plaintiffs have engaged in a coordinated and unrelenting campaign asking federal courts across the country to remand brake friction claims. Plaintiffs' campaign began immediately and in earnest after Judge Wolin entered the December 10 order – as is evidenced by correspondence among various plaintiffs' counsel, which was circulated on December 11:

> As I predicted several weeks ago, we are in *imminent peril* in the Third Circuit Court of Appeals. Some people called me Chicken Little a month ago and I take no joy in being correct that *the federalization of asbestos claims has begun.*

3

For those of you who care to participate in ***trying to prevent this disaster*** we will have a meeting at 4:00 p.m. Eastern Standard Time in Newark, New Jersey, at the Short Hills Hilton Hotel on Thursday, December 13, 2001.

I enclose Judge Wolin's Order and for reference an Order by Chief Judge Haden which we obtained thankfully prior to Judge Wolin's Order.

(Letter from Ronald L. Motley to various asbestos counsel (12/11/01) (attached as Ex. B to Pls.' Em.

Mot. to Stay Transfer, *In re Asbestos Brake Litig.*, No. 01-794-GPM (S.D. Ill. 12/17/01)) (Ex.E)

(emphasis added).) Immediately following this communication (and, indeed, before), the federal

courts were flooded with ***hundreds*** of remand motions, many of which failed to mention Judge

Wolin's provisional transfer order at all.[1] Those that did maintained that Judge Wolin's order should

be "disregarded" and "ignored":

[Section 157(b)(5) does not] permit a Federal District Court in Delaware to ***run roughshod*** over sister district courts, including this Court, throughout the United States that are even now entertaining remand and abstention motions in the many cases the Big Three have removed from the state courts as a step in their transfer campaign. . . .

Asbestos claimants are responding as required by the rules, and ***district judges throughout the land are thus receiving and entertaining remand motions. This is as it should be,*** for the exercise of discretion to remand is vested by statute in the removal districts, and not in a Delaware District Court. . . . The Big Three's suggestion that a Delaware District Court can ignore the statutory scheme and claim for itself the exclusive jurisdiction of other federal district courts, all with the aim of leap-frogging over removal and remand proceedings altogether, is simply contrary to law.

\* \* \*

***This*** Court, not a Federal District Court in Delaware, maintains ***sole*** jurisdiction to make the decision to either remand part or all of this case back to state court or to transfer part or all of this case [to the Delaware Court]. The Big Three erroneously claim that the Honorable Alfred M. Wolin now has sole jurisdiction of this case pursuant to his order allegedly provisionally transferring this case to the

---

[1] (*See, e.g.,* Plaintiffs' Memorandum in Support of Motion to Remand, *Pipes v. Mobile Oil Co.*, No. CV01-2560-M (W.D. La. 12/20/01) (filed by the Ness, Motley firm) (Ex.F); Memorandum in Support of Plaintiff's Motion to Remand, *Jackson v. General Motors Corp.*, No. 01-CV-1793-PA (D. Or. 12/26/01) (Ex.G).)

Delaware Court. The Big Three's assertion that a Federal District Judge in Delaware has the authority to *usurp* this Court's authority and unilaterally transfer cases pending in this Court is not supported by the relevant statutory or case law. Accordingly, the Big Three's claim that this Court is without jurisdiction over this case is incorrect, and should therefore be *ignored* by this Court in its disposition of this case.

\* \* \*

Plaintiffs urge this Court to *disregard* the Notice, continue to exercise its exclusive authority and jurisdiction over the removal and remand proceedings of this case and make a determination of the merits of Plaintiffs' Supplemental Motion to Remand which has been on this day filed by Plaintiffs with this Court.

(Pls.' Response to Notice of Order Provisionally Transferring Friction Product Claims, *Noble v. E.H. O'Neil Co.*, No. 1:01CCV391GR, at 2-7 (S.D. Miss. Dec. 28, 2001) (filed by Baron & Budd firm) (Ex.H) (emphasis added); *see also* Pls.' Resp. to Notice of Order Provisionally Transferring Friction Product Claims, *Ward v. DaimlerChrylser Corp.*, No. W01CA336 (W.D. Tex. Dec. 18, 2001) (Ex.I), at 3, 6-7 (same).)

The vast majority of courts have ruled that remand would be inappropriate in light of Judge Wolin's provisional transfer order. Indeed, MDL Judge Charles R. Weiner recently ruled that cases that had been removed to federal court in Pennsylvania could not be remanded given Judge Wolin's order. (1/15/02 Order (Ex.J).) Nonetheless, some courts have remanded claims in clear violation of that order. Indeed, Judge Kendall in Texas, one of the judges presiding over claims that are the subject of the conditional transfer order, remanded five other cases that the automobile manufacturers had removed to his court. Judge Kendall did so before the automobile manufacturers could even file a response (and indeed, in certain of the cases plaintiffs had not even filed a remand motion). As a result, the automobile manufacturers have had to seek a writ of mandamus from the United States Court of Appeals for the Fifth Circuit. (*See, e.g., Dunn v. DaimlerChrysler*, Nos. 02-10029 and 02-10034 through 02-10037 (filed Jan. 8, 2002).) As is clear from the history of the

5

proceedings thus far, the inevitable result should plaintiffs' remand campaign continue unabated is an increasing and unnecessary expenditure of judicial resources as both federal district and appellate courts are asked to address issues that can only be resolved by Judge Wolin. Granting the conditional transfer order and transferring these and all other brake friction claims against the automobile manufacturers would prevent this unnecessary expenditure of resources and would assist in enforcing Judge Wolin's provisional transfer order.

## III.   The Inconsistent and Contradictory Position Plaintiffs Adopt Before the Panel to Avoid Conditional Transfer.

Moreover, in the various remand motions they have filed in federal courts across the country, plaintiffs take a very different position than the one they have adopted here. Plaintiffs assert before this Panel that conditional transfer is inappropriate because "Judge Wolin has signed a 'provisional' transfer order in these cases, and further transfer would neither aid in the resolution of the cases nor fulfill any of the purposes of the Multidistrict Litigation statute in general or the Order establishing MDL 875 in particular." (Motion at 3.) Indeed, plaintiffs go so far as to argue that "a Multidistrict Litigation transfer would be an unnecessary interference with the Order of Chief Judge Becker of the Third Circuit assigning Judge Wolin to preside over the Federal Mogul (and four other asbestos-related) bankruptcies." (*Id.*)

Yet, as is clear from the remand pleadings filed by plaintiffs and quoted above, at the same time, plaintiffs are asking other federal courts to "ignore" and "disregard" Judge Wolin's order. In fact, this is the *first time* plaintiffs have shown any concern about "interference" with Judge Wolin and Judge Becker's orders. Rather, they have engaged in a massive campaign for the express purpose of *undermining* and *circumventing* those orders. (*See, e.g.*, Combined Response to Petitions for Writs of Mandamus 3 (1/22/02) (Ex.K) (filed by Baron & Budd) (claiming that Judge

6

Wolin's provisional transfer was "entered without jurisdiction"). Accordingly, while the automobile manufacturers believe that Judge Wolin's provisional transfer order transferred these and all other brake friction claims to his court, because plaintiffs are continuing their efforts to undermine and circumvent that order and refuse to accept it, conditional transfer by this Panel to Judge Wolin is warranted to aid in enforcing Judge Wolin's provisional transfer order.

IV.  **Conditional Transfer is Necessary to Assist in Enforcing Judge Wolin's Provisional Transfer Order.**

Accordingly, the automobile manufacturers request that the Panel assist in putting an end to this coordinated remand campaign and conditionally transfer these and all other brake friction claims to Judge Wolin to help preserve the *status quo* as Judge Wolin intended.  While plaintiffs argue that conditional transfer would create "jurisdictional havoc," in fact it would end the "jurisdictional havoc" that has been wrought by plaintiffs' campaign, as numerous federal courts are now being asked by plaintiffs to decide whether they – or Judge Wolin – should determine whether the brake friction claims against the automobile manufacturers should be remanded.  Moreover, there will be no "conflict" if this Panel agrees that under Judge Wolin's order, these and all other brake friction claims are properly before Judge Wolin.

A similar circumstance was faced in the *Dow Corning* breast implant litigation where this Panel ordered consolidation of breast implant claims pending in federal court before they were transferred to the district court presiding over Dow Corning's bankruptcy proceedings.  *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098 (J.P.M.L.1992).  The history of those proceedings was recounted in the Sixth Circuit's decision regarding the transfer of breast implant claims to the district court presiding over the Dow Corning bankruptcy proceedings:

7

On June 25, 1992, prior to Dow Corning's filing of its Chapter 11 petition, the Federal Judicial Panel on Multidistrict Litigation ordered the consolidation of all breast implant actions pending in federal courts for coordinated pretrial proceedings, and transferred those actions to Chief Judge Pointer of the Northern District of Alabama. . . . On June 12, 1995, Dow Corning filed a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer to the Eastern District of Michigan opt-out breast implant claims pending against it and its shareholders, Dow Chemical and Corning Incorporated. Dow Corning's motion covered claims that had been removed to federal court and were pending in the multidistrict forum, as well as claims pending in state courts which were in the process of being removed to federal courts pursuant to 28 U.S.C. § 1452(a). Dow Corning envisioned its transfer motion as the first step in ensuring a feasible plan of reorganization, and indicated that it would seek to have the transferred actions consolidated for a threshold jury trial on the issue of whether silicone gel breast implants cause the diseases claimed.

*In re Dow Corning Corp.*, 86 F.3d 482, 485-86 (6th Cir. 1996).

As in *Dow Corning*, the brake friction claims at issue here "involve common questions of fact," and conditional transfer "will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *See In re Silicone Gel Breast Implants Prods. Liab. Litig.* 793 F. Supp. at 1099-100. Moreover, here conditional transfer is even more appropriate given that it will assist in enforcing Judge Wolin's provisional transfer order by putting an end to plaintiffs' coordinated remand campaign, which is designed to circumvent and undermine that order.

8

## CONCLUSION

For the foregoing reasons, the automobile manufacturers respectfully request that the

Panel conditionally transfer these and all other brake friction claims asserted against them to Judge

Wolin in order to assist in enforcing Judge Wolin's provisional transfer order.

Dated: January 29, 2002                          Respectfully submitted,


KIRKLAND & ELLIS
David M. Bernick
John Donley
Douglas G. Smith
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Attorneys for DaimlerChrysler Corp., Ford
Motor Company, and General Motors Corp.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 3 0 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response of DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation to Plaintiffs' Motion to Vacate CTO-209 was served via United States mail to all counsel of record on the attached service list on the 29th day of January, 2002

_____
Douglas G. Smith

INVOLVED COUNSEL FOR SCHEDULE CTO-209
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

John E. Ansbach
Heygood Orr & Reyes
4245 North Central Expressway
6th Floor
Dallas, TX 75205

Mel Bailey
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

David A. Barfield
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207

David B. Barlow
Sidley, Austin, Brown & Wood
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603

Steven T. Baron
Silber & Pearlman
2711 North Haskell Ave.
Suite 32
Dallas, TX 75204

Thomas P. Bernier
Goldfein & Hosmer
217 E. Redwood Street
21st Floor
Baltimore, MD 21202

V. Brian Bevon
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Paula H. Blazek
Bernsen, Jamail & Goodson, LLP
550 Fannin Street
P.O. Box 4915
Beaumont, TX 77004

Jack L. Block
Sachnoff & Weaver, Ltd.
30 South Wacker Drive
29th Floor
Chicago, IL 60606

Leslie J. Bobo
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

John J. Boyd, Jr.
Lord & Whip, P.A.
120 West Layette Street
800 One Center Plaza
Baltimore, MD 21201

Michael J. Brickman
Ness, Motley, Loadholt, Richardson &
Poole
P.O. Box 1137
Charleston, SC 29401

Pamela T. Broache
Lord & Whip, P.A.
800 Once Center Plaza
120 West Layette Street
Baltimore, MD 21201

W. Scott Brown
Forman, Perry, Watkins, Krutz &
Tardy
1515 Poydras Street
Suite 1420
New Orleans, LA 70112

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 2220
3112 Canty Street
Pascagoula, MS 39569

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Isaac K. Byrd, Jr.
Byrd & Associates
P.O. Box 19
Jackson, MS 39205

Larry G. Canada
Galloway, Johnson, Tompkins, Burr &
Smith
One Shell Square, Suite 4040
701 Poydras Street
New Orleans, LA 70139

James R. Carter
Carter Law Offices
Commerce Bank Building, Suite 529
416 Main Street
Peoria, IL 61602

Michael P. Cascino
Cascino Vaughan Law Offices
403 West North Avenue
Chicago, IL 60610

Michael P. Casey
Lewis, Rice & Fingersh
500 North Broadway, Suite 200
St. Louis, MO 63102

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Paul V. Cassisa, Jr.
Bernard, Cassisa, Elliott & Davis
P.O. Box 1138
Oxford, MS 38655

William T. Causby
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211

Page 2

Damon J. Chargois
Foster & Sear
1201 N. Watson
Suite 145
Arlington, TX 76006

Daniel J. Cheeley
Bellande Cheeley, O'Flaherty, Sargis
& Ayres
19 S. LaSalle Street, Suite 1203
Chicago, IL 60603

Stanley M. Chow
Char, Hamilton, Campbell & Thom
Mauka Tower, Suite 2100
737 Bishop Street
Honolulu, HI 93813

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC 20036

David W. Clark
Bradley, Arant, Rose & White
188 E. Capitol Street, Suite 450
P.O. Box 1789
Jackson, MS 39215

Gregory L. Cochran
McKenna, Storer, Rowe, White &
Farrug
200 N. LaSalle Street, Suite 3000
Chicago, IL 60601

J.P. Coleman
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

P.J. Cone
Ness, Motley, Loadholt, Richardson &
Poole
2202 Jackson Street
P.O. Box 365
Barnwell, SC 29812

P.J. Cone, II
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 E. Main Street
Norfolk, VA 23510

Larry E. Cotten
Kirkley, Schmidt & Cotten
City Center II, Suite 2700
301 Commerce Street
Fort Worth, TX 76102

Kaye N. Courington
Duncan & Courington, LLC
322 Lafayette Street
New Orleans, LA 70130

Ronald B. Cox
Bowers, Orr & Dougall
P.O. Box 25389
Columbia, SC 29224

Edward M. Crane
Skadden, Arps, Slate, Meagher &
Flom
333 W. Wacker Drive
Suite 2100
Chicago, IL 60606

Andrew J. Cross
Polsinelli, Shalton & Welte
100 S. Fourth Street
Suite 1100
St. Louis, MO 63102

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Charles P. Dargo
Bruce P. Clark & Associates
Harrison Ridge Square
419 Ridge Road
Munster, IN 46321

William S. Davies, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Maxon R. Davis
Davis, Hatley, Haffeman & Tighe
100 River Drive North, 3rd Floor
Box 2103
Great Falls, MT 59401

L. Richard DeRobertis
Galiher, DeRobertis, Nakamura, Ono
& Takitani
610 Ward Avenue, Suite 200
Honolulu, HI 96814

Mike Desautels
Delaney & Desautels
80 Wolf Road
6th Floor
Albany, NY 12205

Dennis J. Dobbels
Polsinelli, Shalton & Welte
700 W. 47th Street
Suite 1000
Kansas City, MO 64112

David W. Dogan, III
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225

Thomas F. Dougall
Bowers, Orr & Dougall, LLP
P.O. Box 25389
Columbia, SC 29224

Jerome J. Duchowicz
O'Hagan, Smith & Amundsen, LLC
150 N. Michigan Avenue
Suite 3300
Chicago, IL 60601

David Duke
Duke Law Firm
201 E. Abram
Suite 760
Arlington, TX 76010

Maja C. Eaton
Sidley, Austin, Brown & Wood
Bank One Plaza
10 S. Dearborn Street
Chicago, IL 60603

Gary D. Elliston
DeHay & Elliston
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

James T. Estes, Jr.
Burke, Sakai, McPheeters, et al.
Grosvenor Center, Mauka Tower
737 Bishop Street
Honolulu, HI 96813

C. Michael Evert, Jr.
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place
Suite 100
Baltimore, MD 21202

Mark J. Fellman
Fellman Law Office
213 4th Street, East
Suite 200
St. Paul, MN 55101

Richard Young Ferguson
Johnson, Ferguson, Pipkin & Phillips
4900 Woodway
Suite 1100
Houston, TX 77056

Matthew J. Fischer
Schiff, Hardin & Waite
233 S. Wacker Drive
6600 Sears Tower
Chicago, IL 60606

James L. Fletcher, Jr.
Duncan & Dourington
322 Lafayette Street
New Orleans, LA 70130

James T. Foley
Foley & Boyd
First City Place
Suite 404
Tyler, TX 75702

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard L. Forman
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

Laura A. Frase
Forman, Perry, Watkins, Krutz &
Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Ellen B. Fursman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

William Allen Galerston
Kleberg Law Firm
1800 Bering
Suite 400
Houston, TX 77057

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Beverly D. Garner
11720 Borman Drive
P.O. Box 28500
St. Louis, MO 63146

Mark W. Garriga
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

William P. Gavin
Gavin Law Firm
17 Park Place
Professional Centre
Belleville, IL 62226

Charles H. Gibbs, Jr.
Sinkler & Boyd
P.O. Box 340
Charleston, SC 29402

Robert L. Gibbs
Brunini, Grantham, Grower & Hewes
248 E. Capitol Street
P.O. Box 119
Jackson, MS 39205

Donald E. Godwin
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202

William F. Goodman, III
Watkins & Eager
P.O. Box 650
Jackson, MS 39205

Demarcus J. Gordon
Johnson & Bell
55 E. Monroe Street
Suite 4100
Chicago, IL 60603

Kenneth M. Gorenberg
Wilman, Harrold, Allen & Dixon
225 W. Wacker Drive
Suite 2800
Chicago, IL 60606

Leonard R. Gouveia, Jr.
888 Mililani Street
8th Floor
Honolulu, HI 96813

Dennis J. Graber
Hinshaw & Culbertson
521 W. Main Street
Suite 300
Belleville, IL 62222

Robert M. Greenberg
Law Office of Robert Greenberg
1201 N. Watson Road
Suite 117
Arlington, TX 76006

Susan Gunty
Gunty & McCarthy
150 S. Wacker Drive
Suite 1025
Chicago, IL 60606

Patrick N. Haines
Lanier Parker & Sullivan
1331 Lamar
Suite 1550
Houston, TX 77010

Robert E. Haley
Wildman, Harrold, Allen & Dixon
225 W. Wacker Drive
Suite 3000
Chicago, IL 60606

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC 29402

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Ave. South
Minneapolis, MN 55402

G.P. Hardy, III
Hardy & Johns
500 Two Houston Center
909 Fannin
Houston, TX 77010

James M. Harris, Jr.
Harris, Lively & Duesler
550 Fannin Street
Houston, TX 77701

Sherman S. Hee
1164 Bishop Street
Suite 1415
Honolulu, HI 96813

John R. Henderson
Brown, McCarroll, Oaks, Hartline
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

John L. Hill, Jr.
Locke Liddell & Sapp
3400 Texas Commerce Tower
600 Travis Street
Houston, TX 77002

M. King Hill, III
Venable, Baetjer & Howard
210 Allegheny Ave
P.O. Box 5517
Towson, MD 21285

Timothy J. Hogan
Bierne, Maynard & Parsons
1300 Post Oak Blvd.
25th Floor
Houston, TX 77056

John H. Holloman III
Watkins, Ludlam, Winter & Stennis
P.O. Box 427
Jackson MS 39205

Russell J. Hoover
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611

H. Forest Horne, Jr.
Jones, Martin, Parris & Tessener Law
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

D.L. Jackson
Baron & Budd
3102 Oak Law Ave
Suite 1100
Dallas, TX 75219

Barry D. Jenkins
Jenkins & Parron
801 Cherry, Suite 2000
P.O. Box 1287
Forth Worth, TX 76102

William V. Johnson
Johnson & Bell, Ltd.
55 E. Monroe Street
Suite 4100
Chicago, IL 60603

Steven M. Jupiter
LeBlanc & Waddell
201 St. Charles Ave
Suite 3204
New Orleans, LA 70170

George J. Kacal, Jr.
Dunn, Kacal, Adams, Pappas & Law
One Riverway
Suite 1200
Houston, TX 77056

Jeffery T. Kale
Enserch Corporation
300 S. St. Paul
Suite 1200
Dallas, TX 75201

Jennifer A. Kinder
Baron & Budd
3102 Oak Law Avenue
Suite 1100
Dallas, TX 75219

Reginald S. Kramer
Oldham & Dowling
195 S. Main Street
Suite 300
Akron, OH 44308

Peter A. Kraus
Waters & Kraus
3219 McKinney
Suite 3000
Dallas, TX 75204

Robert Kropp, Jr.
Geffner & Bush
3500 W. Olive Street
Suite 1100
Burbank, CA 91505

Craig T. Kugisaki
Pacific Tower
1001 Bishop Street, Suite 2727
Honolulu, HI 96813

John J. Kurowski
Kurowski & Bailey
24 Bronze Pointe
Belleville, IL 62226

Patrick J. Lamb
Butler, Rubin, Saltarelli & Boyd
1800 Three First National Plaza
70 W. Madison Street
Chicago, IL 60602

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mickey P. Landry
Landry & Swarr
330 Camp Street
New Orleans, LA 70130

W.M. Lanier
Lanier Parker & Sullivan
1331 Lamar
Suite 1550
Houston, TX 77010

Bruce Earl Larson
Karr, Tuttle & Campbell
1201 3rd Avenue
Suite 2900
Seattle, WA 98101

Christopher P. Larson
Heyl & Royster
600 Bank One Building
124 Southwest Adams
Peoria, IL 61602

H. Seward Lawlor
Glasser & Glasser
580 E. Main Street
600 Crown Center
Norfolk, VA 23510

Sidney G. Leech
Goodell, DeVries, Leech & Dann
Commerce Plaza, 20th Floor
One South Street
Baltimore, MD 21202

Tom L. Lewis
Lewis, Huppert & Slovak
725 Third Avenue North
P.O. Box 2325
Freat Falls, MT 59403

Craig T. Liljestrand
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, IL 60601

Caren K. Lock
Kern & Wooley
5215 North O'Connor Blvd.
Suite 1700
Irving, TX 75039

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Richard P. Long
Warner & Meihofer, LLC
218 N. Jefferson
Suite 300
Chicago, IL 60661

Melodie M. Mabanta
Robinson, Woolson & O'Donnell
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

Leslie MacLean
Waters & Kraus
3219 McKinney
Suite 3000
Dallas, TX 75204

Donald C. Machado
Central Pacific Plaza
220 S. King Street, Suite 2100
Honolulu, HI 96813

Eric Manchin
Kacske Reeves
6301 Gaston Ave
Suite 735
Dallas, TX 75214

Jerold T. Matayoshi
Fukunaga, Matayoshi, Hershey &
Ching
Davies Pacific Center, Suite 1200
841 Bishop Street
Honolulu, HI 96813

Christopher D. Mauriello
Wallace & Graham
525 N. Main Street
Salisbury, NC 28144

Edward J. McCambridge
Segal, McCambridge, Singer &
Mahoney
One IBM Plaza, Suite 200
330 North Wabash Avenue
Chicago, IL 60611

Silas W. McCharen
Daniel, Coker, Horton & Bell
P.O. Box 1084
111 E. Capitol Street, Suite 600
Jackson, MS 39215

Charles S. McCowan, Jr.
Kean, Miller, Hawthorne, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

Daneil W. McGrath
Hinshaw & Culbertson
222 N. Lasalle Street
Suite 300
Chicago, IL 60601

Kim M. Meaders
Crouch & Inabnett
2300 Fountain Place
1445 Ross Avenue
Dallas, TX 75202

Lewis Charles Miltenberger
Cordray, Goodrich & Miltenberger
108 W. 8th Street, Suite 500
Ft. Worth, TX 76102

Willard J. Moody, Jr.
Moody, Strople, Kloeppel & Basilone
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 27305

Marty A. Morris
Baron & Budd
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard I. Nemeroff
Baron & Budd
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

John Nishimoto
Ayabe, Chong, Nishimoto, Sia &
Nakamura
Pauahi Tower
1001 Bishop Street
Suite 2500
Honolulu, HI 96813

Robert L. Norton
Jones & Granger
10000 Memorail Drive, Suite 888
P.O. Box 4340
Houston, TX 77210

E.R. Nunnally
Bell, Nunnally & Martin
3232 McKinney Avenue
Suite 1400
Dallas, TX 75204

Michael F. O'Connor
Oliver, Lau, Lawhn, Ogawa &
Nakamura
Ocean View Center, Suite 600
707 Richards Street
Honolulu, HI 96813

John M. O'Quinn
O'Quinn & Laminack
2300 Lyric Centre Building
440 Louisiana Street
Houston, TX 77002

James R. Old, Jr.
Germer & Gertz
805 Park Street
Beaumont, TX 77701

Aimee H. Oyasato
White & Tom
820 Mililani Street, Suite 701
Honolulu, HI 96813

Peter T. Paladino, Jr.
Ketchum Center, 3rd Floor
1030 Fifth Avenue
Pittsburgh, Pa 15219

Trevor L. Pearlman
Silber & Pearlman
2711 N. Haskell Ave
Suite 32
Dallas, TX 75204

Ronald G. Peresich
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
759 Vieux Marche Mall
Biloxi, MS 39533

Joseph S. Pevsner
Thompson & Knight
3300 First City Center
1700 Pacific Avenue
Dallas, TX 75201

Joseph Stuart Pevsner
Thompson & Knight
1700 Pacific Avenue
Suite 3300
Dallas, TX 75201

Kent L. Plotner
Heyl & Royster
Mark Twain Plaza II, Suite 100
103 N. Main Street
P.O. Box 467
Edwardsville, IL 62025

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place
11th Floor
Greenville, SC 29601

Robert A. Pritchard
Pritchard Law Firm
P.O. Drawer 1707
Pascagoula, MS 39568

Christopher J. Raistrick
Bellande, Cheely, O'Flaherty, Sargis
& Ayers
19 S. LaSalle Street, Suite 1203
Chicago, IL 60603

Mark E. Rakoczy
Skadden, Arps, Slate, Meagher &
Flom
333 W. Wacker Drive
Suite 2100
Chicago, IL 60606

William C. Reeves
Markow, Walker, Reeves & Anderson
805 S. Wheatley, Suite 475
P.O. Box 13669
Jackson, MS 39236

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Robert H. Riley
Schiff, Hardin & Waite
6600 Sears Tower
233 S. Wacker Drive
Chicago, IL 60606

Trudy Hartzog Robertson
Moore & Van Allen
P.O. Box 22828
Charleston, SC 29413

Dawn Smith Rodrigue
LeBlanc & Waddell
The Essen Centre
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Arthur F. Roeca
Roeca, Louie & Hiraoka
Davies Pacific Center, Suite 900
841 Bishop Street
Honolulu, HI 96813

John D. Roven
John Roven & Associates
2190 N. Loop West, Suite 410
Houston, TX 77018

Paul L. Sadler
Wellborn, Houston, Adkison Mann &
Sadler
P.O. Box 1109
Henderson, TX 75653

Page 7

Stephanie Ann Scharf
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Mark Steven Scudder
Strasburger & Price, L.L.P.
901 Main Street
Suite 4300
Dallas, TX 75202

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert L. Shuftan
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Cicago, IL 60606

Donald L. Sime
Hinshaw & Culbertson
110 North West Street
Waukegan, IL 60085

Melissa Skilken
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive
Suite 3000
Chicago, Il 60606

Andrew C. Skinner
Skadden, Arps, Slate, Meagher
& Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Edward M. Slaughter
Foster & Sear
1201 North Watson
Suite 145
Arlington, TX 76006

Patrick C. Smith
Church & Houff, PA
2 North Charles Street, Suite 600
Baltimore, MD 21201

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert Spitkovsky
Johnson & Bell, Ltd.
222 North LaSalle Street
Suite 2200
Chicago, IL 60601

Joseph Stalmack
Joseph Stalmack & Associates, P.C.
5253 Hohman Avenue
Hammond, IN 45210

Minor C. Sumners, Jr.
1907 Dunbarton Drive
Suite F
Jackson, MS 39216

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Thomas R. Sylvester
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813

William K. Tapscott
Baron & Budd
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Thomas W. Taylor
Andrews & Kurth
600 Travis
Suite 4200
Houston, TX 77002

William M. Thomas
Fairchild, Price, Thomas & Haley
413 Shelbyville Street
P.O. Drawer 1719
Center, TX 75935

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Willis R. Tribler
Tribler, Orpett & Crone
30 North LaSalle Street
Suite 2200
Chicago, IL 60602

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin
& Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

Robert T. Varney
Robert T. Varney & Associates
121 N. Main Street
4th Floor
Bloomington, IL 61701

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502

Lawrence D. Wade
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702

Michael R. Walzel
Stevens, Baldo & Freeman, L.L.P.
550 Fannin Street, Suite 400
P.O. Box 4950
Beaumont, TX 77704

Frank J. Wathen
Foster & Sear
1201 N. Watson
Suite 145
Arlington, TX 76006

Scott W. Wert
Foster & Sear
360 Place Office Park
1201 N. Watson, Suite 145
Arlington, TX 76006

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Eric D. Wewers
DeHay & Elliston, L.L.P.
3500 NationsBank Plaza
901 Main Street
Dallas, TX 75202

Kenneth Charles Whalen
Moody, Strople, Kloeppel & Basilone
9280 Bay Plaza Blvd.
Bay Plaza II, Suite 714
Tampa, FL 33619

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

Daniel B. White
Gallivan, White & Boyd, P.A.
P.O. Box 10589
Greenville, SC 29603

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568

Gene M. Williams
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77002

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

Douglas P. Wilson
Wilson Law Offices
200 Firstar Bank Building
6405 North Cosby Avenue
Kansas City, MO 64151

Troyce G. Wolf
Waters & Kraus
3219 McKinney
Suite 3000
Dallas, TX 75204

Dawn M. Wright
Thompson & Knight
1700 Pacific Ave.
Suite 3300
Dallas, TX 75201

Jamshyd M. Zadeh
Bourland Kirkman Seidler & Evans
201 Main Street
Suite 1400
Fort Worth, TX 76102

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

A

**JAN 3 0 2002**

FILED
CLERK'S OFFICE

# OPPOSITIONS RECEIVED (CTO-209)
## DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

<u>Northern District of Texas</u>

| | |
|---|---|
| *Carraway v. Daimlerchrysler Corp.*, C.A. No. 3:01-2341 | (Hon. Jorge A. Solis) |
| *Holmes v. Daimlerchrysler Corp.*, C.A. No. 3:01-2343 | (Hon. Barbara M.G. Lynn) |
| *Coffman v. Daimlerchrysler Corp.*, C.A. No. 3:01-2344 | (Hon. Sidney A. Fitzwater) |
| *Dorn v. Daimlerchrysler Corp.*, C.A. No. 3:01-2348 | (Hon. Barefoot Sanders) |
| *Goeyns v. Daimlerchrysler Corp.*, C.A. No. 3:01-2352 | (Hon. Sam A. Lindsay) |
| *Killen v. Daimlerchrysler Corp.*, C.A. No. 3:01-2357 | (Hon. Sidney A. Fitzwater) |
| *Cressionnie v. Daimlerchrysler Corp.*, C.A. No. 3:01-2359 | (Hon. Jorge A. Solis) |
| *Mantooth v. Daimlerchrysler Corp.*, C.A. No. 3:01-2361 | (Hon. Sam A. Lindsay) |
| *Batson v. General Motors Corp.*, C.A. No. 3:01-2365 | (Hon. Sidney A. Fitzwater) |
| *Culwell v. Daimlerchrysler Corp.*, C.A. No. 3:01-2368 | (Hon. Jerry Buchmeyer) |
| *Bowers v. Daimlerchrysler Corp.*, C.A. No. 3:01-2380 | (Hon. Barefoot Sanders) |
| *McReynolds v. Daimlerchrysler Corp.*, C.A. No. 3:01-2383 | (Hon. A.J. Fish) |
| *Grebe v. Daimlerchrysler Corp.*, C.A. No. 3:01-2386 | (Hon. Joe Kendall) |
| *Cotton v. Daimlerchrysler Corp.*, C.A. No. 3:01-2388 | (Hon. Barefoot Sanders) |
| *Conn v. Daimlerchrysler Corp.*, C.A. No. 3:01-2389 | (Hon. Barbara M.G. Lynn) |
| *Foster v. Daimlerchrysler Corp.*, C.A. No. 3:01-2391 | (Hon. Sam A. Lindsay) |
| *Bowser v. Daimlerchrysler Corp.*, C.A. No. 3:01-2393 | (Hon. Barbara M.G. Lynn) |
| *Burke v. Daimlerchrysler Corp.*, C.A. No. 3:01-2399 | (Hon. Barbara M.G. Lynn) |
| *Snyder v. Daimlerchrysler Corp.*, C.A. No. 3:01-2411 | (Hon. Sidney A. Fitzwater) |
| *McClain v. Daimlerchrysler Corp.*, C.A. No. 3:01-2413 | (Hon. Joe Kendall) |
| *Degnan v. Daimlerchrysler Corp.*, C.A. No. 3:01-2414 | (Hon. Jorge A. Solis) |
| *Andries v. Daimlerchrysler Corp.*, C.A. No. 3:01-2418 | (Hon. Sam A. Lindsay) |
| *Neff v. Daimlerchrysler Corp.*, C.A. No. 3:01-2426 | (Hon. Jerry Buchmeyer) |
| *Beshears v. Daimlerchrysler Corp.*, C.A. No. 3:01-2431 | (Hon. Sidney A. Fitzwater) |
| *Dishongh v. Daimlerchrysler Corp.*, C.A. No. 3:01-2432 | (Hon. Sidney A. Fitzwater) |
| *Bass v. Daimlerchrysler Corp.*, C.A. No. 3:01-2440 | (Hon. Joe Kendall) |
| *Berrymam v. Daimlerchrysler Corp.*, C.A. No. 3:01-2441 | (Hon. Jorge A. Solis) |
| *Carroll v. Daimlerchrysler Corp.*, C.A. No. 3:01-2443 | (Hon. Jerry Buchmeyer) |
| *Clark v. Daimlerchrysler Corp.*, C.A. No. 3:01-2446 | (Hon. Barbara M.G. Lynn) |
| *Culbertson v. Daimlerchrysler Corp.*, C.A. No. 3:2001-2448 | (Hon. Sidney A. Fitzwater) |
| *Gray v. Daimlerchrysler Corp.*, C.A. No. 3:01-2450 | (Hon. Jerry Buchmeyer) |
| *Stringer v. Daimlerchrysler Corp.*, C.A. No. 3:01-2452 | (Hon. Jerry Buchmeyer) |
| *Abbott v. Daimlerchrysler Corp.*, C.A. No. 3:01-2454 | (Hon. Barbara M.G. Lynn) |
| *Meek v. Daimlerchrysler Corp.*, C.A. No. 3:01-2460 | (Hon. Jorge A. Solis) |
| *Hackney v. Daimlerchrysler Corp.*, C.A. No. 3:01-2461 | (Hon. Barefoot Sanders) |
| *Kitchens v. Daimlerchrysler Corp.*, C.A. No. 3:01-2464 | (Hon. Sam A. Lindsay) |
| *Holloway v. Daimlerchrysler Corp.*, C.A. No. 3:01-2465 | (Hon. Barbara M.G. Lynn) |
| *Clark v. Daimlerchrysler Corp.*, C.A. No. 3:01-2467 | (Hon. Sam A. Lindsay) |
| *Alexander v. Daimlerchrysler Corp.*, C.A. No. 3:01-2468 | (Hon. Jorge A. Solis) |
| *Burleson v. Daimlerchrysler Corp.*, C.A. No. 3:01-2469 | (Hon. A.J. Fish) |
| *Gant v. Daimlerchrysler Corp.*, C.A. No. 3:01-2473 | (Hon. Sam A. Lindsay) |
| *McMannis v. Daimlerchrysler Corp.*, C.A. No. 3:01-2474 | (Hon. Sidney A. Fitzwater) |
| *Graning v. Daimlerchrysler Corp.*, C.A. No. 3:01-2478 | (Hon. Joe Kendall) |
| *Groom v. Daimlerchrysler Corp.*, C.A. No. 3:01-2479 | (Hon. A.J. Fish) |
| *Cooley v. Daimlerchrysler Corp.*, C.A. No. 3:01-2498 | (Hon. A.J. Fish) |
| *Garner v. Daimlerchrysler Corp.*, C.A. No. 3:01-2499 | (Hon. A.J. Fish) |
| *Gore v. Daimlerchrysler Corp.*, C.A. No. 3:01-2506 | (Hon. Jorge A. Solis) |
| *Martin v. Daimlerchrysler Corp.*, C.A. No. 3:01-2513 | (Hon. A.J. Fish) |
| *Dirks v. Daimlerchrysler Corp.*, C.A. No. 3:01-2514 | (Hon. Jorge A. Solis) |
| *Arnic v. Daimlerchrysler Corp.*, C.A. No. 4:01-947 | (Hon. Terry R. Means) |

B

DESIGNATION OF A DISTRICT JUDGE
FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgement the public interest so requires NOW, THEREFORE,

pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the

Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to

hold court in the District of Delaware during the period beginning November 27, 2001 and

ending November 27, 2002, and for such additional time thereafter as may be required to

complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue

L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M.

Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer

of the Judicial council of the Third Circuit, it is my considered judgment that these bankruptcy

cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a

single judge so that a coordinated plan for management can be developed and implemented. It is

contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges

sitting in the District of Delaware so they may assist in moving these matters forward. As a

significant portion of the asbestos cases in this country are proceeding under the aegis of this

litigation, I deem this assignment and consolidation critically important to the administration of

justice.

_____

Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In the matter of | ) Chapter 11 |
| | ) |
| OWENS CORNING, et al., | ) Case No. 00-03837(JKF) |
| | ) |
| Debtors. | ) Jointly Administered |

Bankruptcy Courtroom
Room No. 1 - Sixth Floor
Marine Midland Plaza
824 Market Street Mall
Wilmington, Delaware

Tuesday, November 27, 2001
3:07 p.m.

Telephonic Conference

BEFORE:    THE HONORABLE EDWARD R. BECKER (Telephonically)
Chief Judge, Third Circuit Court of Appeals
Presiding Officer Third Circuit Judicial Council

THE HONORABLE JUDITH K. FITZGERALD
United States Bankruptcy Judge

WILCOX & FETZER
1330 King Street - Wilmington, Delaware 19801
(302) 655-0477

2

1          JUDGE FITZGERALD:  All the various

2    constituencies are represented by counsel and I will

3    provide you with a list of who was here after this

4    hearing.

5          CHIEF JUDGE BECKER:  All right, can they

6    hear me?

7          JUDGE FITZGERALD:  Yes, they're saying yes.

8          CHIEF JUDGE BECKER:  Okay, this is Judge Ed

9    Becker.  I am the Chief Judge of the Third Circuit Court

10   of Appeals and also the Presiding Officer of the Third

11   Circuit Judicial Council.  That entity is really not

12   known to most lawyers, but it is the body comprised of

13   the six most senior here, the six most senior Circuit

14   judges and the five chief District judges and presided

15   over by the chief Circuit judge which is responsible for

16   the administration of justice within the Circuit.

17          I have been aware of the tremendous burden

18   on the Delaware Bankruptcy Court in handling not just

19   Owens Corning, but also Armstrong, Federal Mogul, U.S.A.,

20   and W.R. Grace, and the tremendous opportunity which is

21   afforded because tens of thousands of asbestos claims,

22   probably the lions' share of the asbestos claims all over

23   the country, in here in this one district in that 1407,

24   talking about 28 U.S.C. Section 1407.  They're all there,

3

1   and it is a situation which cries out for a management

2   plan to try to make a quantum leap forward in the

3   interest of the sound administration of justice in

4   connection with these cases.

5         Let me read you an order that I have just

6   entered.  A designation of a district judge, is the

7   caption, for service in another district within the

8   circuit.  Whereas, in my judgment, the public interest so

9   requires, now therefore pursuant to provisions of 28

10  U.S.C. Section 292(b), I do hereby designate and assign

11  the honorable Alfred M. Wolin of the United States

12  District Court for the District of New Jersey to hold

13  court in the District of Delaware during the period

14  beginning November 27, 2001 and ending November 27, 2002.

15  I'm editorializing now, you have to put a time frame on

16  it.

17        And for such additional time thereafter as

18  may be required to complete unfinished business in the

19  following cases:  Armstrong Work Industries, No. 00-4471;

20  Federal Mogul, No. 01-2578; U.S.A., No. 01-2094; W.R.

21  Grace, No. 01-1139; and Owens Corning, No. 00-3837.  If I

22  missed any, someone will let me know and we'll add it to

23  the list.

24        This order is entered after consultation

4

1  with, and with the assent of, Chief Judge Sue Robinson,

2  Sue L. Robinson, Judge Joseph J. Farnan, Jr., Judge

3  Roderick R. McKelvie, and Judge Gregory M. Sleet of the

4  District of Delaware, editorializing that, that is the

5  entire complement of the District Court in Delaware.

6         As Chief Judge the Court of Appeals, and

7  Presiding Officer of the Judicial Council Third Circuit,

8  it is my considered judgment that these bankruptcy cases

9  that carry with them tens of thousands of asbestos claims

10  need to be consolidated before a single judge so that a

11  coordinated plan for management can be developed and

12  implemented.

13         It is contemplated that Judge Wolin will

14  assign a portion of these cases to various Bankruptcy

15  judges sitting in the District of Delaware so that they

16  may assist in moving these matters forward.  As you know,

17  the reference didn't have to be withdrawn, the case is in

18  here in the District Court and the District Court is

19  parcelling out portions of the bankruptcy case.

20         As a significant portion of the asbestos

21  cases in this country are proceeding under the aegis of

22  this litigation, I deem this assignment and consolidation

23  critically important to the administration of justice,

24  signed Edward R. Becker, Chief Judge of the Third

5

1   Judicial Circuit.

2         Judge Wolin, with the assent of his chief

3   judge, Judge Bissell, has agreed to take on this

4   challenge.  Judge Wolin may or may not be known to you.

5   He is an enormously able District judge.  He is a senior

6   judge, but he has incredible energy.  He handled

7   brilliantly the Prudential class action litigation which

8   was inordinately complex.  And it is my belief that with

9   all of these judges, with the cases consolidated before

10  Judge Wolin, who is able to do this, they have been

11  parcelled out among, as you know, a number of different

12  judges and Bankruptcy judges in Delaware, with the

13  assistance of the Bankruptcy judges, that a sound

14  management plan can be developed really to move these

15  cases forward.

16         It is my hope and expectation that counsel,

17  and since the word of this apparently has filtered out

18  through the grapevine, I thought it important to enter

19  this order promptly.  And you men and women there are

20  surrogates for your colleagues in the Armstrong, Federal

21  Mogul, U.S.A., and Grace cases, some of you I know are in

22  those cases as well.

23         But in all events, all of you are invited

24  to help come up with a management plan apportioning work

6

1   among Judge Wolin and the Bankruptcy judges that will

2   move these cases forward. I've got some ideas which I've

3   shared with Judge Wolin, but he is going to be the

4   captain of the ship, the admiral of the fleet, but he

5   will be assisted by Judge Fitzgerald. And I have also

6   conferred with present day Chief Bankruptcy Judge Walsh

7   and Judge Walrath of the District of Delaware, and they

8   are going to cooperate. We all know that there are some

9   other visiting judges other than Judge Fitzgerald, Judge

10  Wismer, Judge Newsome who have been sitting in Delaware,

11  Judge Katz, and also Judge Akard, I think Judge Katz is

12  retiring soon. But in any event, there are ample

13  resources. But there are great opportunities here, and I

14  trust that all of you will take advantage of them.

15          Judge Wolin will be conferring with Chief

16  Judge Robinson and Judge Fitzgerald this week. He will

17  be away at a Federal judicial seminar but he will be

18  returning on the 15th and he is contemplating coming to

19  Delaware. He's contemplating a status conference on all

20  of these cases, I believe on the 17th, about noon on

21  Monday, December 17, but I will leave that to Judge

22  Wolin.

23          In due course, Judge Robinson, or in short

24  course will be entering an order reassigning all of the

7

1   Delaware cases to Judge Wolin, but he will then reassign

2   things back to the, some things back to the Bankruptcy

3   judges.  I have conferred with Judge Wolin and Judge

4   Fitzgerald, as well as Judge Walsh and Judge Walrath and

5   Chief Judge Robinson, present day Chief Judge Walsh and

6   Chief Judge Robinson, and there is no stay.  Judge

7   Fitzgerald is going ahead with her hearing, such trials,

8   any proceedings that she's scheduled we want to keep this

9   thing on track.  So nobody has stayed anything.  Whether

10  Judge Farnan decides to stay or anybody else to whom

11  these things are assigned, that will be up to them.  But

12  as far as -- but right now there's no stay in effect and

13  Judge Wolin will call the shots.  He will be receiving

14  memos and be familiarizing himself with these cases, and

15  to repeat, I think will communicate with all of you about

16  a status conference.

17          If there is a court reporter, Judge

18  Fitzgerald, you might have my remarks transcribed and

19  sent to counsel in the other cases.  Mr. Dalleo, the

20  clerk of the District Court, or the Bankruptcy Court

21  clerk could, I assume, assist in that.  I've just been

22  talking extemporaneously and not from any script.  The

23  copy of the order that I've entered has been faxed to

24  Mr. Dalleo and I believe the Bankruptcy clerk, so it can

8

1  be made available before the end of your proceedings

2  today to all counsel.

3          Judge Fitzgerald, have I missed anything?

4          JUDGE FITZGERALD:  I don't think so.  The

5  attorneys are here.  I think it's pretty clear what you

6  expect and that we're going forward with the cases.  I

7  will be here on December 17, as you know, so I'm

8  expecting to be in attendance at the status conference.

9  And I will certainly, as I offered to do earlier, try to

10  get a memo together for Judge Wolin, and I'll be asking

11  the assistance of counsel in that respect too.

12          And there is a court reporter.  She is

13  making a note to transcribe these remarks, and I'll make

14  sure that all counsel in all of the five asbestos cases

15  receive copies.

16          CHIEF JUDGE BECKER:  Okay.  Is there

17  anything else that needs to be done or said at this time?

18          JUDGE FITZGERALD:  I don't think so.  I'm

19  looking around to see if anyone has any questions.

20  Anyone?  No one's volunteering to come forward right now.

21          CHIEF JUDGE BECKER:  Okay, well very good.

22  You may go forward with your hearing, and I look forward

23  to making real progress on these cases.

24          JUDGE FITZGERALD:  All right, thank you.

9

1          CHIEF JUDGE BECKER:  Thanks very much.

2   Appreciate everybody's cooperation.

3          JUDGE FITZGERALD:  I'm still in the middle

4   of my preceding case, so when we're finished, we'll talk.

5          (The hearing was adjourned at 3:16 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

10

1             CERTIFICATE

2             STATE OF DELAWARE  )

3                           )

             NEW CASTLE COUNTY  )
4

5          I, Julie H. Parrack, Registered Professional

6  Reporter and Notary Public, do hereby certify that the

7  foregoing record, pages 1 to 10 inclusive, is a true and

8  accurate transcript of my stenographic notes taken on

9  November 27, 2001, in the above-captioned matter.

10       IN WITNESS WHEREOF, I have hereunto set my

11  hand and seal this    day of November, 2001.

12

13

14

15

16                  _____
                    Julie H. Parrack

17

18

19

20

21

22

23

24

C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL          :    Chapter 11
GLOBAL, INC., T&N             :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,              :
                              :
          Debtors.            :
------------------------------

## ORDER: (1) PARTIALLY WITHDRAWING THE REFERENCE, and
## (2) PROVISIONALLY TRANSFERRING CERTAIN FRICTION
## PRODUCT CLAIMS

This matter having been opened upon the motion of General
Motors Corporation, Ford Motor Company and Daimler Chrysler
Corporation for a motion to transfer (the "Transfer Motion")
certain lawsuits against them arising out of so-called "friction
products" as to which the movants contend they have a right of
indemnification against the debtors in these administratively
consolidated Chapter 11 proceedings (the "Friction Product
Claims"); and it appearing that movants have removed these cases
from the several state courts to the United States District
Courts for the Districts in which these cases were pending; and
the movants having also moved for a provisional order of transfer
to preserve the status quo pending a plenary hearing and
determination by the Court of the Transfer Motion; and the Court
having reviewed the several briefs and letters of counsel in
support and in opposition to the provisional transfer motion; and
good cause appearing

---

[1]See attached list.

It is this 10th day of December, 2001

ORDERED that, pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of this case to the Bankruptcy Court, Judge Randall K. Newsome presiding, is hereby withdrawn with respect to the Transfer Motion and the provisional transfer motion, and with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims, and it is further

ORDERED that the application for a provisional transfer Order is granted and the Friction Product Claims are hereby provisionally transferred to this Court subject to further Order of the Court, and it is further

ORDERED that all parties shall refrain from submitting papers in support of or in opposition to the Transfer Motion pending further Order of the Court providing for notice, a briefing schedule and a hearing date for the Transfer Motion.


/s/_____
ALFRED M. WOLIN, U.S.D.J.


2

IN RE: FEDERAL-MOGUL GLOBAL, INC.
Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

3

D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., et al., | : : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: OWENS CORNING, et al., | : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

---

## FIRST CASE MANAGEMENT ORDER

The Court having held a case management conference in each of the above-captioned Chapter 11 cases; and counsel having requested certain case management relief including clarification and relaxation of deadlines in certain scheduling provisions made in those conferences and in the prior Orders of the Court; and good cause appearing

---

[1]See attached list.

782

It is on this 21st day of December, 2001

ORDERED that this Order governs each of the above-captioned administratively consolidated Chapter 11 proceedings and that, except as provided to the contrary in this Order, reference to "debtors" in this Order is deemed to refer to every debtor in each of the proceedings, and it is further

ORDERED that the terms Transfer Motion, Friction Products, Friction Products Claims, and Transferred Plaintiffs shall have the same meaning as defined in previous Orders of this Court, and it is further

ORDERED that the debtors shall preserve all documents and other records containing information potentially relevant to asbestos-related claims against them, provided however that it shall not be a violation of this Order if a debtor shall erase computerized data pursuant to an established electronic data erasure policy and the debtor reasonably lacks knowledge that such electronic data is relevant to asbestos-related claims against it and provided the debtor preserves any printouts of erased electronic data, and it is further

ORDERED the debtors shall establish a written policy for its employees to implement the debtors' documents preservation obligations pursuant to this Order and deliver a hard copy of that policy to each of their employees within twenty-one (21) days of the date of this Order, and it is further

2

ORDERED that the written document retention policy shall be preserved and made available for inspection or filing with the Court as may in future be required, and it is further

ORDERED that within twenty-one (21) days of the date of this Order, counsel for each of the lead debtors in the above-captioned Chapter 11 proceedings and each of the official committees shall send to this Court a letter, ex parte, of five single-spaced pages, setting forth their opinion of what substantive, merits-based issues must be resolved with respect to asbestos-related claims against the debtors and whether they anticipate resolution of those issues shall be by consent of the interested parties or by the Court, and it is further

ORDERED that the deadlines for Transferred Plaintiffs to file briefs in opposition to the several Transfer Motions as set forth in the Orders of this Court dated December 18, 2001 and December 19, 2001, is hereby extended to January 7, 2002, and it is further

ORDERED that the time for each Transferred Plaintiff to file a motion for remand is hereby tolled until this Court's resolution of the several Transfer Motions, and it is further

ORDERED that all parties are on notice that the Transferred Plaintiffs may, in the course of briefing their opposition to the Transfer Motions, raise arguments directed to the subject matter jurisdiction of this Court and/or the propriety of remand to the

3

several state courts in which the Friction Product Claims were originally pending and/or whether this Court should abstain from hearing these claims and this Court may, on consideration of those arguments, make such disposition of the Friction Product claims as shall seem appropriate in law or equity, including without limitation, vacation of the Provisional Transfer Order, abstention or remand to the state courts, and it is further

ORDERED that the Court's case management plan and the commentary as set forth before counsel at the case management conference on December 20, 2001, is hereby incorporated by reference.

/s/_____
ALFRED M. WOLIN, U.S.D.J.

4

**IN RE: FEDERAL-MOGUL GLOBAL, INC.**
**Case Numbers**

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| | | |
|---|---|---|
| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

E

# RONALD L. MOTLEY

DIRECT: 843-216-9111 • DIRECT FAX: 843-216-9539

28 BRIDGESIDE BOULEVARD • MOUNT PLEASANT, SOUTH CAROLINA 29464
POST OFFICE BOX 1792 • MOUNT PLEASANT, SOUTH CAROLINA 29465-1792
843-216-9000 • FAX 843-216-9450

OTHER OFFICES:
BARNWELL, SOUTH CAROLINA • CHARLESTON, SOUTH CAROLINA
PROVIDENCE, RHODE ISLAND • NEW ORLEANS, LOUISIANA
RALEIGH, NORTH CAROLINA



NESS MOTLEY
LOADHOLT
RICHARDSON
POOLE

**COPY**

December 11, 2001

**Via Fax**

Mike Thornton, Esq.
John Barrett, Esq.
Perry Weitz, Esq.
Gene Locks, Esq.
Bob Jacobs, Esq.
Chris Placitella, Esq.
Russell Budd, Esq.
Greg Thompson, Esq.
Wayne Hogan, Esq.
Mike Papantonio, Esq.
John Cooney, Esq.
Randy Bono, Esq.

Ted Goldberg, Esq.
Paul Gillenwater, Esq.
Mark Iola, Esq.
Gary Kendall, Esq.
Bobby Hatten, Esq.
Richard Glasser, Esq.
Peter Angelos, Esq.
James Ferraro, Esq.
Ted Willhite, Esq.
Shep Hoffman, Esq.
Elihi Inselbach, Esq.

cc RAB
ong Sue

Dear Colleagues and Friends:

As I predicted several weeks ago, we are in imminent peril in the Third Circuit Court of Appeals. Some people called me Chicken Little a month ago and I take no joy in being correct that the federalization of asbestos claims has begun.

For those of you who care to participate in trying to prevent this disaster we will have a meeting at 4:00 p.m. Eastern Standard Time in Newark, New Jersey, at the Short Hills Hilton Hotel on Thursday, December 13, 2001.

I enclose Judge Wolin's Order and for reference an Order by Chief Judge Haden which we obtained thankfully prior to Judge Wolin's Order.

Yours truly,

Ron Motley

Ronald L. Motley

RLM/ds/002
encl

p.s.   Anyone with judicial decisions or brake lining exposure/causation issues or with summaries of liability as to same or medical literature, please E-mail same to me as soon as possible at rmotley@nmlrp.com.

F

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

DAVID PIPES & SANDRA PIPES　　　　*
　　　　　　Plaintiffs　　　　　　　*　　　　No.  CV01-2560 -M
　　　　　　　　　　　　　　　　　*　　　　Division
VERSUS　　　　　　　　　　　　　*　　　　Section
　　　　　　　　　　　　　　　　　*　　　　Honorable Judge James
MOBIL OIL COMPANY, ET AL.　　　　*　　　　Magistrate Judge Kirk
　　　　　　Defendants　　　　　　　*
　　　　　　　　　　　　　　　　　*

***********************************

*****************************************************************************

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REMAND

*****************************************************************************

　　　　　　　　　　　　　　　　NESS, MOTLEY, LOADHOLT
　　　　　　　　　　　　　　　　RICHARDSON & POOLE, PA
　　　　　　　　　T.A.　　　　Donni E. Young (LSB# 19843)
　　　　　　　　　　　　　　　　1555 Poydras Street
　　　　　　　　　　　　　　　　Suite 1700
　　　　　　　　　　　　　　　　New Orleans, LA 70112
　　　　　　　　　　　　　　　　504-636-3480

　　　　　　　　　　　　　　　　And

　　　　　　　　　　　　　　　　JOHN F. DILLON, PLC
　　　　　　　　　　　　　　　　John F. Dillon (LSB#18586)
　　　　　　　　　　　　　　　　1555 Poydras Street
　　　　　　　　　　　　　　　　Suite 1700
　　　　　　　　　　　　　　　　New Orleans, LA 70112
　　　　　　　　　　　　　　　　504-636-3480

　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY.......................................................3

ARGUMENT...........................................................................................................................4

POINT ONE.............................................................................................................................4

    THESE MATTERS SHOULD BE REMANDED BECAUSE THE
    DISTRICT COURT DOES NOT HAVE SUBJECT MATTER
    JURISDICTION UNDER 28 U.S.C. § 1334 ..............................................................4

POINT TWO...........................................................................................................................10

    MANDATORY ABSTENTION - THE DISTRICT COURT MUST
    EXERCISE MANDATORY ABSTENTION AND REMAND THESE
    CASES, BECAUSE THEY ARE BASED UPON STATE LAW CLAIMS
    OR CAUSES OF ACTION, DO NOT ARISE UNDER TITLE 11 OR
    ARISE IN A CASE UNDER TITLE 11, AND THE STATE COURT
    ACTIONS MAY BE TIMELY ADJUDICATED...............................................10

POINT THREE.........................................................................................................................12

    PERMISSIVE ABSTENTION AND EQUITABLE REMAND -- DUE
    TO INTERESTS OF JUSTICE, COMITY AND RESPECT FOR STATE
    LAW, AND PURSUANT TO 28 U.S.C. § 1452 (B), BASED ON OTHER
    EQUITABLE GROUNDS, THE DISTRICT COURT SHOULD
    EXERCISE PERMISSIVE ABSTENTION AND REMAND THESE
    CASES .........................................................................................................12

POINT FOUR...........................................................................................................................18

    PLAINTIFFS ARE ENTITLED TO RECOVER THEIR REASONABLE
    ATTORNEYS FEES AND COSTS PURSUANT TO 28 U.S.C. § 1447(c)......................18

CONCLUSION.........................................................................................................................19

# TABLE OF AUTHORITIES

PAGE

## CASES

Balcor/Morristown Ltd Partnership v. Vector Whippany Assoc., 181 B.R.
781 (D.N.J. 1995) ............................................................................................................... passim

Borne v. New Orleans Health Care, Inc.,
116 B.R. 487, 493 n. 25 (E.D.La. 1990) ............................................................................... 10,12

Brown v. Francis,
75 F.3d 860 (3d Cir. 1996) ............................................................................................................ 5

Browning v. Navarro,
743 F.2d 1069 (5th Cir.1984) ...................................................................................................... 13

Broyles v. U.S. Gypsum Co.,
266 B.R. 778 (E.D.Tex. 2001) ...................................................................................................... 10

Chafin v. Crown, Cork & Seal, Inc.,
Civil Action G-01-758 (S.D.TX, Galveston Div.
December 6, 2001) ............................................................................................................................ 2

Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.,
130 B.R. 405 (S.D.N.Y. 1991) (citations omitted) ...................................................................... 15

In re Allen County Bank & Trust Co. v. Valvmatic Intern. Corp.,
51 B.R. 578 (N.D. Ind. 1985) ........................................................................................................ 16

In re Asbestos Litigation,
Civ. Actions. 2:01-1055 to 2:01-1074, 2:01-1085 to 2:01-1224 (S.D.W.V.
December 7, 2001) ............................................................................................................................ 2

In re Branded Products, Inc.,
154 B.R. 936 (W.D. Tex. 1993) .................................................................................................... 14

In re Continental Holdings, Inc.,
158 B.R. 442 (Bankr. N.D. Ohio 1993) ........................................................................................ 16

In re Donington, Karcher, Salmond, Ronan & Rainone,
P.A. 194 B.R. 750 (D.N.J. 1996) .......................................................................................... 14,15,16

In re Epi-Scan, Inc.,
71 B.R. 975 (Bankr. D.N.J. 1987) ................................................................................................ 14

In re Federal Mogul Global, Inc.,
  No. 01-10578 (SLR) (D. Del.)..................................................................................... 3

In re Futura Indus., Inc.,
  69 B.R. 831 (Bankr. E.D. Pa. 1987) ........................................................................... 14

In re Majestic Energy Corp.,
  835 F. 2d 87 (5th Cir. 1988) ........................................................................................ 7

In re Oliver's Stores, Inc.,
  107 B.R. 40 n.4 (D.N.J. 1989) ..................................................................................... 14

In re Olympia Holding Corp.,
  215 B.R. 254 (Bankr. M.D. Fla. 1997) ...................................................................... 16

In re Pacor,
  743 F.2d 984 (3d Cir. 1984) ................................................................................. passim

In re Riverside Nursing Home,
  144 B.R. 951 (S.D.N.Y. 1992) ............................................................................ 14,18

In re United States Brass Corp.,
  173 B.R. 1000, (E.D.Tex.1994) ................................................................................... 10

In re VideOcart,
  165 B.R. 740 (Bankr. D. Mass. 1994) .................................................................... 8,19

In re Warren,
  125 B.R. 128 (E.D. Pa. 1991) ............................................................................... 12,18

In re Walker,
  51 F.3d 562 (5th Cir. 1995) .......................................................................................... 7

In re Wood,
  825 F.2d 90 (5th Cir. 1987) .......................................................................................... 7

Kolinsky v. Russ (In re Kolinsky),
  100 B.R. 695 (Bankr. S.D.N.Y. 1989) ....................................................................... 15

KSJ Developent Co. of Louisiana v. Lambert,
  223 B.R. 677, 680 (E.D.La. 1998) ......................................................................... 13,14

Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc.,
  2000 WL 1251945 (E.D.La. 8/31/2000) ....................................................................... 4

Landry v. Exxon Pipeline Co.
  260 B.R. 769 (Bkrtcy.M.D.La., 2001) ....................................................................... 19

Lone Star Industries, Inc. v. Liberty Mut. Ins.,
   131 B.R. 269 (D. Del. 1991)...................................................................................................... 17

McCratic v. Bristol-Myers Squibb and Co.,
   183 B.R. 113 (N.D. Tex. 1995) ........................................................................................... 8,19

Mints v. Educational Testing Service,
   99 F.3d 1253 (3d Cir. 1996) ................................................................................................... 19

Nickum v. Brakegate, LTD.,
   128 B.R. 648 (C.D. Ill. 1991) ........................................................................................ 5,8,9,19

O'Rourke v. Cairns,
   129 B.R. 87 (E.D. La. 1991)................................................................................................... 17

Port Authority v. CCI-Bowers Co.,
   1992 WL 164441  (D.N.J. 1992)..................................................................................... passim

Stallworth v. Greater Cleveland Regional Transit Authority,
   105 F.3d 252 (6th Cir.1997)................................................................................................... 19

Things Remembered v. Petrarca,
   516 U.S. 124 (1995) ................................................................................................................. 4

Tyner v. Wilson,
   1995 WL 542481 (E.D.La.1995)............................................................................................ 13

Western Helicopters, Inc. v. Hiller Aviation, Inc.,
   97 B.R. 1 (E.D. Cal. 1988) ..................................................................................................... 14

## STATUTES

28 U.S.C. § 1334.............................................................................................................. passim

28 U.S.C. § 1334(c) .......................................................................................................... 2,12

28 U.S.C. § 1334(c)(1)................................................................................................... 13,14,18

28 U.S.C. § 1334(c)(2) ...................................................................................................... 10,12

28 U.S.C. § 1447 ..................................................................................................................... 1

28 U.S.C. § 1447(c) ..................................................................................................... 1,3,18,19

28 U.S.C. § 1452 .............................................................................................................. passim

28 U.S.C. § 1452(b) ..................................................................................................... 2,12,13,14

28 U.S.C. § 1471(b) ................................................................................................................ 6

## <u>OTHER AUTHORITIES</u>

1 COLLIER ON BANKRUPTCY, ¶ 3.07 [5] (Matthew Bender 15th Ed. Revised 2000)................................................................................................................................................... 13

Benjamin Weintraub & Alan N. Resnick, BANKRUPTCY LAW MANUAL ¶ 6.05[5] (3d ed. 1992)............................................................................................................................. 12

# PRELIMINARY STATEMENT

Undersigned counsel represents Plaintiffs David Pipes and Sandra Pipes in the underlying state court litigation that defendants DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation ("the Brake Defendants") have removed to this Court. Plaintiffs submit this brief in support of their motion to remand these actions to the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, pursuant to 28 U.S.C. § 1334 and § 1452, and for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). These actions are state court actions brought for asbestos-related personal injuries, pursuant to state law claims and do not belong in federal court.

The Brake defendants' petition for removal is, if not frivolous, at best insubstantial. Their removal is premised entirely on the fact that an entity that has never been and is not currently a party in this case, Federal-Mogul Global, Inc. ("Federal-Mogul"), has filed for bankruptcy. The Brake Defendants' removal of these cases, under the guise that the cases are somehow related to the Federal-Mogul bankruptcy, was improper for multiple reasons.

One reason for remand involves a fact not appropriately underscored in the Brake Defendants' notice of removal - namely, that Federal-Mogul was not named as a defendant in this litigation and is not currently a party to this case. These state law actions do not seek any relief against the debtor, Federal-Mogul. Accordingly, this action has no connection whatsoever with the bankruptcy case pending in the District of Delaware. Despite the absence of any real nexus, the Brake Defendants' have nonetheless disclosed their ultimate intention include this action in seeking a wholesale transfer of this and numerous other plaintiffs' actions to the bankruptcy court in the District of Delaware.

As explained in further detail below, the Brake Defendants' far-fetched plan cannot succeed as a matter of law. Indeed, courts both in this jurisdiction and in other

jurisdictions have dealt with defendants' attempts to ride another party's coattails into federal court by way of the bankruptcy court and have universally rejected such attempts by remanding the cases to state court. Indeed, one need look no further than binding precedent accepted and recognized in this Circuit, In re Pacor, 743 F.2d 984 (3d Cir. 1984), to determine that a district court does not have bankruptcy jurisdiction in cases such as this, and that such cases should be remanded.

Given the state court's particularized and extensive experience and expertise with litigating as well as settling matters such as the ones at issue here, which are critical to the state court's ability to manage and control its docket of asbestos cases -- as well as the fact that this is a state law tort action with no independent federal jurisdictional basis — this is clearly the type of case that bankruptcy jurisdiction was never intended to encompass. As explained in further detail below, in recognition of the potentially overly expansive grasp of bankruptcy jurisdiction under § 1334, that statute itself provides that courts must abstain from hearing certain actions, or may do so in other situations where equities so warrant. Plaintiffs respectfully submit that even if this Court were to find that it has subject matter jurisdiction under § 1334 - which plaintiffs contend it does not -- this Court should nonetheless abstain from hearing these actions under § 1334(c), and equitably remand them pursuant to 28 U.S.C. § 1452(b).

In several very recent decisions concerning this precise issue, other courts have already remanded numerous cases from federal courts back to the respective state courts. In re Asbestos Litigation, Civ. Actions. 2:01-1055 to 2:01-1074, 2:01-1085 to 2:01-1224 (S.D.W.V. December 7, 2001); Chafin v. Crown, Cork & Seal, Inc., Civil Action G-01-758 (S.D.TX, Galveston Div. December 6, 2001). Accordingly, any notion that all of these matters may be addressed in a single grand forum cannot come to fruition, inasmuch as hundreds of case have

already be remanded to the state courts in West Virginia and Texas. Those cases were remanded for many of the same, indeed many identical, reasons stated herein.

Given the undisputed facts of this case, together with the clear-cut decisional and statutory law both inside and outside this Circuit demonstrating, as a matter of law, that these cases should be remanded, the Court should also award attorneys' fees and costs under 28 U.S.C. § 1447(c) for having been required to file this application.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On behalf of themselves, the plaintiffs instituted these actions in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, to recover damages incurred by Mr. Pipes' development of an asbestos-related disease, contracted as a result of his occupational exposure to asbestos and/or asbestos-containing materials mined, manufactured, processed, imported, converted, compounded and/or sold by the defendants; including defendants DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation ("the Brake Defendants").

In each of the individual Complaints, the plaintiffs have asserted only state law causes of action and no diversity of citizenship exists because some of the defendants have citizenship that is the same as the plaintiffs'. In this case, plaintiffs have alleged asbestos exposure from asbestos friction products (e.g., asbestos-containing brakes and/or clutch materials) made, sold or supplied by the Brake Defendants.

On October 1, 2001, Federal-Mogul filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware. See In re Federal Mogul Global, Inc., No. 01-10578 (SLR) (D. Del.). Some of the Federal Mogul subsidiaries have allegedly manufactured and sold brake linings and other friction products that contained asbestos.

3

On December 5, 2001, the Brake Defendants filed a Notice of Removal in this matter, and removed the matter to this court.

On December 6, 2001, the Honorable Samuel B. Kent, U.S.D.J., addressed this same issue on behalf of the United States District Court for the Southern District of Texas, Galveston Division.  On these very issues, the court determined to remand all the case to the Texas state court.

On December 7, 2001, the Honorable Charles H. Haden II, Chief Judge, also addressed this same issue on behalf of the United States District Court for the Southern District of West Virginia, Charleston Division.  (Order attached hereto as Exhibit "A").  And again on these same issues, the court determined to remand the case to the West Virginia state court.

This application is filed in support of each of the plaintiffs' request to remand the cases back to state court.

## ARGUMENT

## POINT ONE

## THESE MATTERS SHOULD BE REMANDED BECAUSE THE DISTRICT COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1334

A case may be removed to federal court only if the case falls within the district court's subject matter jurisdiction. Landry v. Exxon Pipeline Co., 260 B.R. 769 (B.R. M.D.La., 2001).  This jurisdictional prerequisite is absolute and cannot be waived.  Id.; see In re Pacor, 743 F.2d 984, 996 (3d Cir. 1984) (remanding where court did not have bankruptcy "related to" jurisdiction); overruled on other grounds, Things Remembered v. Petrarca, 516 U.S. 124 (1995). If a case is removed to federal court without a supporting jurisdictional basis, the case must be remanded, and the removing party bears the burden of demonstrating that removal is proper.  Id.; see, Landry v. Exxon Pipeline Co., 260 B.R. 769 (B.R. M.D.La., 2001) (explaining that removal

4

should be strictly construed and all doubt construed in favor of remand); <u>Brown</u>, 75 F.3d at 865 ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court.") (Citations omitted).

Thus, where, as here, the removing parties cannot demonstrate that the Court has subject matter jurisdiction under § 1334, then the case must be remanded.

Similarly, where, as here, the case is removed pursuant to 28 U.S.C. § 1452, bankruptcy subject matter jurisdiction under 28 U.S.C. § 1334 is an absolute jurisdictional prerequisite. <u>In re Pacor</u>, 743 F.2d at 995. Whether such jurisdiction exists depends upon whether the state court proceeding "could conceivably have any effect on the estate being administered in bankruptcy" (here, Federal-Mogul's bankruptcy estate). <u>Id.</u> at 994. Where, however, as in this case, the state court proceeding will have <u>no effect</u> on the bankruptcy estate, the district court does not have subject matter jurisdiction under § 1334, and the matter must be remanded to the state court. <u>See id.</u> at 995 (remanding asbestos lawsuit where bankruptcy filing by non-party Johns-Manville did not provide bankruptcy jurisdiction); <u>see also</u> <u>Nickum v. Brakegate, LTD.</u>, 128 B.R. 648 (C.D. Ill. 1991) (remanding asbestos lawsuit where bankruptcy filing by non-party Johns-Manville did not provide bankruptcy jurisdiction).

The facts here demonstrate that the underlying state court asbestos personal injury and death proceedings will have <u>absolutely</u> <u>no effect</u> on Federal-Mogul's bankruptcy estate. Federal-Mogul ceased to be a party to these proceedings when the plaintiffs filed notices of dismissal. Plaintiffs therefore seek no relief from Federal-Mogul. Moreover, the state court proceeding is entirely by non-debtors, against non-debtors, and is based entirely on state tort law. Consequently, the plaintiffs' state court personal injury and death actions have nothing to do with Federal-Mogul's bankruptcy case. The parties involved, issues raised, and relief sought do

not involve Federal-Mogul.  Given this, the individual state law asbestos personal injury and death actions will have no effect on the administration of Federal-Mogul's bankruptcy estate. The case law is clear that any potential claim for contribution or indemnification the non-debtor defendants may acquire against the debtor Federal-Mogul does not alter this conclusion.

On similar facts, the Court of Appeals in In re Pacor found that the state court proceeding would have no effect on the administration of the bankruptcy estate at issue and remanded the matter to state court.  743 F.2d at 995.  In that case, after John and Louise Higgins filed suit against Pacor in the Pennsylvania Court of Common Pleas, seeking damages for workplace exposure to asbestos, Pacor filed a third-party complaint seeking indemnification from the asbestos manufacturer, Johns-Manville Corporation ("Manville").  When Manville thereafter filed a petition in bankruptcy, Pacor - identical to the Brake Defendants in these cases - - attempted to remove the case to federal court pursuant to § 1452.

The district court remanded the Higgins-Pacor proceeding and the Court of Appeals affirmed.  The Court reasoned that jurisdiction under § 1334 was not present because the Higgins-Pacor state court proceeding was between non-debtors and would have no effect on the administration of Manville's bankruptcy estate.  Id. at 995.  In particular, the Court explained that the Higgins-Pacor action would "at best" be a "mere precursor" to a potential third party claim for indemnification by Pacor against Manville, which was insufficient to confer jurisdiction under § 1334:

> Our examination of the Higgins-Pacor-Manville controversy leads
> us to conclude that the primary action between Higgins and Pacor
> would have no effect on the Manville bankruptcy estate, and is
> therefore not "related to' bankruptcy within the meaning of section
> § 1471(b) [§ 1334's predecessor].  At best it is a mere precursor to
> the potential third party claim for indemnification by Pacor against
> Manville.  Yet the outcome of the Higgins-Pacor action would in

6

no way bind Manville, in that it could not determine any rights, liabilities, or course of action of the debtor.

Id. Moreover, the Court stressed the fact that there could be no effect whatsoever on the Manville bankruptcy unless and until Pacor was found liable in the Higgins action and Pacor actually brought and tried a third-party action against Manville. Id. Consequently, the Court found that the state court proceeding was not "related to" the Manville bankruptcy, and remanded the Higgins-Pacor case to the Pennsylvania state court. Id. at 996.

The Fifth Circuit has adopted the Pacor test requiring that the matter "could conceivably have any effect on the estate being administered in bankruptcy." See, In re Walker 51 F.3d 562 (5th Cir. 1995) (Recognizing the Fifth Circuit's adoption of Pacor[1]); and In re Wood, 825 F. 2d 90 (5th Cir. 1987) (Adopting the analysis in Pacor for the "related-to" rationale of the Third Circuit in Pacor.

Similarly, in Walker and here, as in the Third Circuit in Pacor, plaintiffs' state court actions are between non-debtors and, given plaintiffs' dismissal of Federal-Mogul, plaintiff seeks no relief from the debtor, Federal-Mogul. Furthermore, as in Pacor, plaintiffs' state court action here constitutes "at most" a precursor to potential third-party actions for indemnification and/or contribution by the non-debtor defendants against Federal-Mogul. Therefore, as in Pacor, this Court should find that plaintiffs' state court actions will not affect the administration of

---

[1] The Walker court analyzed this in the context of the Pacor decision and discussed that "[a]lthough the Bankruptcy Code does not define "related matters," in In re Wood, we adopted the Third Circuit's formulation, and we determined that a matter is related for § 1334 purposes when " 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " Id. (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir.1984)). As we later more specifically stated, " '[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.' " In re Majestic Energy Corp., 835 F.2d at 90 (quoting Pacor, 743 F.2d at 994) (alteration in original). Conversely, "bankruptcy courts have no jurisdiction over proceedings that have no effect on the debtor." Celotex, 514 U.S. at ----n. 6, 115 S.Ct. at 1499 n. 6." Walker, at 569.

7

Federal-Mogul's bankruptcy estate and remand these matters to the Superior Court of New Jersey.

On similar facts, courts in other jurisdictions have remanded cases to state court. The court in <u>Nickum v. Brakegate, LTD.</u>, 128 B.R. 648 (C.D. Ill. 1991), for example, entered an order of remand where defendant asbestos manufacturers attempted to remove a series of state court actions in Illinois State Court to federal court pursuant to §1452 based on their contribution claims against non-party asbestos manufacturer Manville, which had filed for bankruptcy. Relying upon <u>Pacor</u>, the Court reasoned that the state court actions would have no effect on the Manville bankruptcy estate unless and until third party actions for contribution were tried:

> The primary action between plaintiffs and Grefco involve numerous parties - none of whom are in bankruptcy. Depending on the outcome of these actions, Grefco may have a contingent, unliquidated claim against Manville for contribution. However, Manville will not be bound by the primary actions nor would the bankruptcy estate be affected until the third-party action is tried.

<u>Nickum</u>, 128 B.R. at 651. Consequently, the Court remanded the action to state court.

Similarly, the Court in <u>McCratic v. Bristol-Myers Squibb and Co.</u>, 183 B.R. 113 (N.D. Tex. 1995) remanded a matter where defendants (manufacturers and providers of silicone gel breast implants) attempted to remove a state court action pursuant to § 1452 based on the bankruptcy filing of their co-defendant, Dow Corning Corporation. <u>Id.</u> at 114. The Court reasoned that the state law claims did not present a federal question and emphasized that the outcome of the state court claims would not have any effect on Dow Corning's bankruptcy estate. <u>Id.</u> at 115. Consequently, the Court remanded the case. <u>Id.</u>

The Court in <u>In re VideOcart, Inc.</u>, 165 B.R. 740 (Bankr. D. Mass. 1994) also remanded a state law action with similar reasoning. In that case, involving fraudulent sales of securities claims against individual defendants, removal was based upon the bankruptcy filing of

8

non-party VideOcart (the company in which the securities had been issued).  The Court reasoned that the state court action did not involve the debtor and that the state court action was, at most, a "precursor" to a potential contribution claim against the debtor.  Holding that such a potential claim was "too tenuous" and speculative to confer "related to" jurisdiction, the Court remanded the action:

> The present action is by a non-debtor against non-debtors.  A recovery by the plaintiff against the defendants will not directly affect the Debtor's bankruptcy estate.  The defendants might have contribution claims against the Debtor in the future if the plaintiff is successful.  However, this is only a precursor to the potential contribution claim, and is too tenuous and speculative an event at this point in time to confer "related to" jurisdiction.

Id. at 744 (citations omitted).

These decisions demonstrate that courts will not permit defendants to "bootstrap state court actions into federal cases by way of the bankruptcy court" through use of § 1452.  Nickum, 128 B.R. at 649.  These cases also demonstrate, like Pacor, that "related to" jurisdiction is not limitless, and that unless there is some "nexus" between the purportedly "related" civil proceeding and the bankruptcy case, the district court does not have jurisdiction under § 1334 -- and removal can not be made on that basis.  Pacor, 743 F.2d at 994.

Federal-Mogul's bankruptcy is no more "related to" the balance of plaintiff's claims than the preceding bankruptcies of other asbestos manufacturers or suppliers.  Under the Brake Defendants' theory, virtually every one of the many thousands of state court asbestos cases throughout the country could be removed to a federal court because of a theoretical possibility that one or more non-debtor defendant's might have a contribution or indemnification claim against a bankrupt one.  The cited cases plainly demonstrate that the statute unquestionably does not intend such a result.

9

In accordance with all of the foregoing, plaintiffs respectfully submit that the district court does not have jurisdiction over these matters pursuant to § 1334 and that they should be summarily remanded.

### POINT TWO

**MANDATORY ABSTENTION - THE DISTRICT COURT MUST EXERCISE MANDATORY ABSTENTION AND REMAND THESE CASES, BECAUSE THEY ARE BASED UPON STATE LAW CLAIMS OR CAUSES OF ACTION, DO NOT ARISE UNDER TITLE 11 OR ARISE IN A CASE UNDER TITLE 11, AND THE STATE COURT ACTIONS MAY BE TIMELY ADJUDICATED.**

Even if this Court determines that it has jurisdiction under § 1334 -- which plaintiffs dispute -- the Court would be required to abstain from hearing these actions under the mandatory abstention provision of § 1334(c)(2).  Section 1334(c)(2) states the standard for mandatory abstention:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 USC § 1334(c)(2) (emphasis added); Broyles v. U.S. Gypsum Co., 266 B.R. 778 (E.D.Tex. 2001); See also, In re United States Brass Corp., 173 B.R. 1000, (E.D.Tex.1994) (citing cases holding that mandatory abstention applies to cases removed under section 1452); Borne v. New Orleans Health Care, Inc., 116 B.R. 487, 493 n. 25 (E.D.La.1990) (noting the split, but applying the mandatory abstention doctrine).

The circumstances presented in these cases clearly dictate that this Court must abstain from considering the claims in deference to the state court.

In summary, the statute mandates abstention where the following circumstances exist: (1) when a timely motion is made, (2) the proceeding is based on state law, (3) the proceeding is "related to" a title 11 case, (4) but not "arising under title 11 or arising in a case under title 11," (5) the action could not have been commenced in federal court absent the bankruptcy jurisdiction, and (6) an action has already been commenced and timely adjudication is possible in state court. Balcor/Morristown Ltd Partnership v. Vector Whippany Assoc., 181 B.R. 781, 788 (D.N.J. 1995).

The necessary criteria are surely met here. This motion for abstention was plainly brought in a timely fashion. The individual Complaints make clear that the causes of action are predicated on Louisiana state law only. The matters are concededly not "core" proceedings, but are rather, *at best*, "related to" a case under Title 11.

Absent the attempt to bootstrap this case into federal court using bankruptcy jurisdiction, no federal jurisdiction exists and the plaintiffs would not have been able to commence these suits in federal court. Without the tenuous connection to a bankruptcy case pending in a foreign jurisdiction (that is assuming, arguendo, that the matter is even "related to" a Title 11 case), plaintiff could not have commenced this action in a federal court. There is no conceivable federal question to be determined here, as the issues concerning the breach of state tort turn on state law only. Finally, the requirements for diversity jurisdiction are not met.

An action based on the individual Complaints already has been commenced in a state forum of appropriate jurisdiction that could timely adjudicate the matter. The matter was originally venued in state court and upon remand, timely adjudication is likely. The non-debtor

defendant should not be heard to complain about the speed of adjudication in the state court action, inasmuch as the Louisiana Court action has just commenced.

Where grounds for abstention exist, remand to state court is appropriate. Balcor/Morristown, 181 B.R. at 788, citing In re Warren, 125 B.R. 128, 130-131 (E.D. Pa. 1991); In re Pacor, Inc., 72 B.R. 927, 931 (Bankr. E.D. Pa. 1987), *adopted*, 86 B.R. 808, *appeal dismissed*, 1988 WL 235479 (3d Cir. 1988). Some authorities have even commented that most actions removed from state court will be subject to mandatory abstention. Balcor/Morristown, 181 B.R. at 788, citing Benjamin Weintraub & Alan N. Resnick, BANKRUPTCY LAW MANUAL ¶ 6.05[5] at 6-39 (3d ed. 1992).

For all these reasons, the requirements for mandatory abstention are clearly met, and therefore, this Court must, pursuant to § 1334 (c)(2), abstain from hearing this action and remand the matter to the state court.

### POINT THREE

**PERMISSIVE ABSTENTION AND EQUITABLE REMAND —
DUE TO INTERESTS OF JUSTICE, COMITY AND
RESPECT FOR STATE LAW, AND PURSUANT TO 28 U.S.C.
§ 1452(b), BASED ON OTHER EQUITABLE GROUNDS,
THE DISTRICT COURT SHOULD EXERCISE
PERMISSIVE ABSTENTION AND REMAND THESE CASES**

Although plaintiffs contend that mandatory abstention is wholly appropriate, plaintiffs nonetheless address the doctrines of permissive abstention (28 U.S.C. § 1334(c)) and equitable remand (28 U.S.C. § 1452(b)), which both require the same conclusion - namely, that remand is appropriate. Essentially, the equitable considerations relevant to determine the propriety of permissive abstention and equitable remand are the same. The analysis, therefore, is substantially the same for both types of relief. The result - that is, remand - is also the same. Borne v. New Orleans Health Care, Inc., 116 B.R. 487, 494 (E.D.La. 1990) (finding that the

12

considerations underlying discretionary abstention and remand are the same.)   28 U.S.C. § 1452(b) provides that "[t]he court to which [a bankruptcy-related claim] is removed may remand such claim ... on any equitable ground." Louisiana courts have much more discretion when ordering remand in bankruptcy situations than under the general removal statute.   Tyner v. Wilson, 1995 WL 542481 at *3 (E.D.La.1995), (citing, Browning v. Navarro, 743 F.2d 1069, 1076 n. 21 (5th Cir.1984)).   "The Fifth Circuit has fleshed out equity's contours by use of the following factors: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resources; (6) prejudice to involuntarily removed parties; (7) comity issues; and (8) a diminished likelihood of inconsistent results."   KSJ Developent Co. of Louisiana v. Lambert, 223 B.R. 677, 680 (E.D.La. 1998).

Section 1334(c)(1) states the standard for permissive abstention:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

Section 1452(b) gives broad discretion to the district court to which a claim or cause of action has been removed to remand such claim or cause of action back to the court from whence it came.  The remand may be made on "any equitable ground."  28 U.S.C. § 1452(b); 1 COLLIER ON BANKRUPTCY, ¶ 3.07 [5] (Matthew Bender 15th Ed. Revised 2000).  Many of the equitable grounds present in this matter demonstrate compelling reasons to remand this case back to the state court from which it was removed.

Even if this Court finds that mandatory abstention is not required due to the absence of one or more criteria for mandatory abstention, where most of the criteria are met, the

13

Court must give careful consideration to whether it would be appropriate to exercise its discretion to abstain under 28 U.S.C. § 1334(c)(1) or remand for equitable grounds under § 1452(b). In re Oliver's Stores, 107 B.R. at 43 n.4; In re Futura, 69 B.R. at 834.

The equitable grounds courts are called to consider in making decisions whether to abstain and remand are manifold. In general, the Court must consider whether abstention is in the interest of justice, or in the interest of comity with state courts or respect for state laws. In re Epi-Scan, 71 B.R. at 980. In addition, some of the other grounds courts have considered have included the following:

- The effect on efficient administration of bankruptcy estate.
- The extent to which state law issues predominate over bankruptcy law
- The degree of relatedness or remoteness of the proceeding to the bankruptcy case
- The prejudice to the involuntarily removed parties
- Whether the state court is better able to respond to questions involving state law;
- The expertise of the particular court from which the case was removed

In re Donington, 194 B.R. at 760; Balcor/Morristown, 181 B.R. at 793; Port Authority v. CCI-Bowers Co., 1992 WL 164441, *4 (D.N.J. 1992); see, e.g., In re Branded Products, Inc., 154 B.R. 936, 947 (W.D. Tex. 1993) (listing considerations); In re Riverside Nursing Home, 144 B.R. 951, 957 (S.D.N.Y. 1992) (listing considerations); Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1 (E.D. Cal. 1988) (including among other considerations "comity and respect for the state court's decision-making capabilities"), see also, KSJ Development Co. of Louisiana v. Lambert, 223 B.R. 677, 680 (E.D.La. 1998).

The "interests of justice" and comity will be served only if the Court abstains from hearing the Complaint and remands the matter. The factual issues to be determined were already under consideration in the state court action. Not only was the state court already managing and preparing each of the matters for trial, but the state court was also familiar with

14

each of the parties, including their counsel and their settlement histories, because it has overseen similar asbestos settlements and resolved similar disputes over years of asbestos litigation.

As expressed throughout this brief, this is a state law action and the state court is better able to respond to a suit involving state law. Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *5 (citations omitted). "Congress has made it plain that, in respect to non-core proceedings such as this (i.e., cases which assert purely state law causes of action), the federal court should not rush to usurp the traditional precincts of the state court." Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y. 1991) (citations omitted), quoted in, Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *5.

Abstention will undoubtedly advance judicial economy and the administration of this matter. Kolinsky v. Russ (In re Kolinsky), 100 B.R. 695, 705 (Bankr. S.D.N.Y. 1989). It wastes judicial resources for the same matter to be heard twice. The state court has already extended resources to manage its asbestos docket and was prepared to move these cases along with the rest of that docket. Failure to abstain and remove will lead to the same matters being considered at least twice.

Remanding this matter and having it resolved in state court will have essentially no impact on the efficient administration of the unrelated bankruptcy estate. The state law contract claims involved herein arose long before the non-party debtor's bankruptcy filing and the resolution of the bankruptcy will "neither significantly hinder nor materially advance the efficient administration of the bankruptcy estate." Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *4; see also, In re Donington, 194 B.R. at 760.

If there is any tangential relationship with the bankruptcy proceeding at all, the bankruptcy proceeding will benefit from the state court's timely adjudication of the state law

15

contract claims among the non-parties to the bankruptcy. The state court is already familiar with this and similar matters, in as much as it has had many years of experience overseeing asbestos litigation and settlements in the cases on its docket. The state court is thus familiar, not only the applicable state law, but also with the underlying facts.

Even assuming that the Brake Defendants could develop indemnity claims against the non-defendant debtor, Federal-Mogul, such a claim is not a certainty. That claim could arise only if plaintiffs are successful in their state law asbestos personal injury and death claims against the other parties it contends are liable. The more expeditiously plaintiff's claims are resolved versus the non-debtor defendants, the more expeditiously the non-debtor defendants' indemnity claims, if any, may be addressed in the bankruptcy proceeding. Moreover, any such claims will arise whether plaintiff's claims are successful in either the state or federal forum. Accordingly, the administration of the bankruptcy estate will be helped by the state court's speedy adjudication of these state law claims. See In re Allen County Bank & Trust Co. v. Valvmatic Intern. Corp., 51 B.R. 578 (N.D. Ind. 1985).

State law issues predominate entirely over bankruptcy issues here where all of the claims among the parties to these actions relate exclusively to state law. None of the claims turn on the determination of any issues arising under the Bankruptcy Code. See In re Donington, 194 B.R. at 760; see also In re Continental Holdings, Inc., 158 B.R. 442 (Bankr. N.D. Ohio 1993) (state court was better able to respond to lawsuit strictly involving issues of state law). Because all of the issues in these actions involve only state law claims, if the matter is related to a bankruptcy action at all, the relation is only tangential. Where any possible relation is so thoroughly remote, remand is appropriate. In re Donington, 194 B.R. at 760; Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *5; see, e.g., In re Olympia Holding Corp., 215 B.R. 254

(Bankr. M.D. Fla. 1997) (among other considerations warranting remand, the proceeding involved a private matter between parties and did not involve either debtor or the estate).

Remand is favored also because the remaining parties will suffer prejudice if remand is not ordered.  If the court does not remand this matter and the movant obtains its ultimate stated goal of transferring this matter to the bankruptcy court in Delaware, all of the remaining parties to the action, originally subject to the state court's jurisdiction here in New Jersey, will be involuntarily dragged to Delaware to litigate this action premised entirely on state law.  The plaintiff will be particularly prejudiced by being deprived of its choice of forum. Remand is favored under those circumstances.  Port Authority v. CCI-Bowers Co., 1992 WL 164441 at *6 (plaintiff is prejudiced by being deprived of its choice of forum); see also Lone Star Industries, Inc. v. Liberty Mut. Ins., 131 B.R. 269 (D. Del. 1991) (involuntarily removed defendants would be prejudiced if matter was transferred to out-of-state venue where debtor's bankruptcy case was pending); O'Rourke v. Cairns, 129 B.R. 87 (E.D. La. 1991) (remand was appropriate where prejudice would inure to involuntarily removed party).

The particular state court involved herein is deserving of a high level of respect for its degree of experience in handling matters associated with asbestos litigation.  The non-debtor Brake Defendant have expressed their intention to remove these actions, premised on principles of Louisiana state tort law, to the federal bankruptcy court in Delaware.  With no disrespect intended toward this Court or the Delaware federal court, the Louisiana state court is undoubtedly in a better position to interpret Louisiana law than a court from a foreign jurisdiction.

This is particularly true in these asbestos personal injury and death cases, because the state court from which this case was removed has had tremendous experience in the area of

asbestos litigation, and has overseen hundreds of similar asbestos settlement agreements in the past. Louisiana Courts have been intimately involved with litigation and the settlement processes employed by both the asbestos plaintiffs' counsel and the asbestos defendants' counsel for many years now.

For the same reasons stated *supra*, when grounds for abstention exist, remand to state court is appropriate. Balcor/Morristown, 181 B.R. at 788, citing In re Warren, 125 B.R. at 130-131; In re Pacor, Inc., 72 B.R. at 931.

In summary, remand is especially appropriate here. The state law personal injury and death actions were unrelated proceedings. Any tangential relationship might cause the bankruptcy to benefit from a speedy resolution of this matter in the state court, which has superior experience both with this matter and with matters of similar nature. The actions, grounded entirely in state law, do not involve areas peculiar to federal court. The Louisiana state court parties, who are not parties to the Delaware bankruptcy proceeding, should not be prejudiced by being forced to litigate in a foreign forum.

For all these reasons, the requirements for permissive abstention and equitable remand are clearly met, and therefore, this Court should exercise its discretion and abstain from hearing these actions pursuant to § 1334(c)(1), and remand the matters to the state court pursuant to § 1452.

**POINT FOUR**

**PLAINTIFFS ARE ENTITLED TO RECOVER THEIR
REASONABLE ATTORNEYS FEES AND COSTS
PURSUANT TO 28 U.S.C. § 1447(c)**

Under 28 U.S.C. 1447(c), when the district court remands a matter to state court, the court may "require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal" by the party that sought remand. Under this standard, an

award of fees and costs is entrusted to the district court's discretion, and may be awarded "even though the party removing the case did not act in bad faith." Mints v. Educational Testing Service, 99 F.3d 1253, 1260 (3d Cir. 1996) (citations omitted). Moreover, "In Stallworth v. Greater Cleveland Regional Transit Authority, 105 F.3d 252 (6th Cir.1997), the court held that an award of attorney fees pursuant to § 1447(c) is collateral to the decision to remand; accordingly, a district court, after issuing an order of remand, may make an award of attorney fees and costs in a separate order." Lakeland Anesthesia, Inc. v. Aetna U.S. Healthcare, Inc., 2000 WL 1251945, 25 Employee Benefits Cas. 1823, at *2 (E.D.La. 8/31/2000) (citing Mints).

Here, the Brake Defendant's petition and its assertions of bankruptcy court jurisdiction are "frivolous and at best insubstantial." Id. Indeed, one need look no further than the Pacor decision -- binding authority in this circuit - (not to mention Nickum, McCratic and VideOcart) to determine that state court proceedings with as tenuous ties to a bankruptcy proceeding as plaintiffs' cases do not fall within the district court's bankruptcy jurisdiction. Moreover, all of the criteria for abstention - whether mandatory or permissive -- are clearly met on the facts of these cases. Indeed, given that this case should -- without question -- be remanded to the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, plaintiffs respectfully submit that the Court should include in its Order of remand an award of attorney's fees and costs to plaintiffs.

## CONCLUSION

For the foregoing reasons, plaintiffs in these asbestos personal injury and death claims respectfully request the Court to remand these matters to the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, and award them attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

19

Respectfully submitted,

NESS, MOTLEY, LOADHOLT
RICHARDSON & POOLE, PA
T.A.  Donni E. Young (LSB# 19843)
1555 Poydras Street
Suite 1700
New Orleans, LA 70112
504-636-3480

And

JOHN F. DILLON, PLC
John F. Dillon (LSB#18586)
1555 Poydras Street
Suite 1700
New Orleans, LA 70112
504-636-3480

Attorneys for Plaintiffs

20

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

DAVID PIPES & SANDRA PIPES      \*  
         Plaintiffs          \*  
                     \*  
VERSUS                   \*  
                     \*  
MOBIL OIL COMPANY, ET AL.     \*  
         Defendants        \*  
                     \*

No.  CV01-2560 -M  
Division  
Section  
Honorable Judge James  
Magistrate Judge Kirk

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

T.A.

NESS, MOTLEY, LOADHOLT  
RICHARDSON & POOLE, PA  
Donni E. Young (LSB# 19843)  
1555 Poydras Street  
Suite 1700  
New Orleans, LA 70112  
504-636-3480

And

JOHN F. DILLON, PLC  
John F. Dillon (LSB#18586)  
1555 Poydras Street  
Suite 1700  
New Orleans, LA 70112  
504-636-3480

Attorneys for Plaintiffs

Undersigned counsel hereby certifies that promptly after filing the Motion to Remand and Memorandum in Support of Remand in this Honorable Court, copies of both pleadings, together with this Certificate of Service, were promptly served on all counsel of record by placing same in the United States Mail, properly addressed and postage pre-paid, on this __14th__ day of __December__, 2001.

Respectfully submitted,

NESS, MOTLEY, LOADHOLT
RICHARDSON & POOLE, PA
T.A.   Donni E. Young (LSB#/19843)
1555 Poydras Street
Suite 1700
New Orleans, LA 70112
504-636-3480

And

JOHN F. DILLON, PLC
John F. Dillon (LSB#18586)
1555 Poydras Street
Suite 1700
New Orleans, LA 70112
504-636-3480

Attorneys for Plaintiffs

G

1  Robyn L. Stein, OSB No. 99368
   Elaine Brown, OSB No. 93036
2  David A. Stewart, OSB No. 98108
   BRAYTON❖PURCELL
3  ATTORNEYS AT LAW
   American Bank Building
4  Suite 950
   621 S.W. Morrison Street
5  Portland, OR 97205
   (503)295-4931
6  (503)241-2573 (fax)
   rstein@braytonlaw.com
7  ebrown@braytonlaw.com
   dstewart@braytonlaw.com
8
       Attorneys for Plaintiff
9

10
                    UNITED STATES DISTRICT COURT
11
                         DISTRICT OF OREGON
12
   REMUS JACKSON,                    )   Civil No. 01-CV-1793-PA
13                                    )
            Plaintiff,               )
14                                    )   MOTION TO REMAND CASE TO
   vs.                               )   THE CIRCUIT COURT FOR THE
15                                    )   STATE OF OREGON FOR THE
                                      )   COUNTY OF MULTNOMAH AND
16  GENERAL MOTORS                   )   FOR PAYMENT OF FEES AND
    CORPORATION,                      )   COSTS [28 U.S.C. §§ 1446, 1447(c)];
17                                    )   MEMORANDUM OF POINTS AND
            Defendant.               )   AUTHORITIES; AFFIDAVIT OF
18                                    )   DAVID A. STEWART
                                      )
19  _____ )   ORAL ARGUMENT REQUESTED
                                      )
20

21                    CERTIFICATE OF COMPLIANCE

22        Pursuant to LR 7.1, plaintiff's counsel certifies that they have conferred with counsel for

23  defendant regarding Plaintiff's Motion To Remand in the above-captioned case.  The parties

24  made a good faith effort through telephone conferences to resolve the dispute and have been

25  unable to do so.

26  \\\

Page 1 -   MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446,
           1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF DAVID A.
           STEWART
           J:\Oregon\25570\Remand\Notice of Motion.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
(503) 295-4931

1                                    **MOTION TO REMAND CASE**

2          TO DEFENDANT GENERAL MOTORS CORPORATION AND IT'S ATTORNEYS

3    OF RECORD:

4          PLEASE TAKE NOTICE that on December 26, 2001, or as soon thereafter as this matter

5    may be heard, in the above-entitled Court, plaintiff will move the Court for an Order remanding

6    this case (Cause No. 0107-07839) to the Circuit Court for the State of Oregon for the County of

7    Multnomah. The motion will be, and is, based on the supporting Memorandum of Points and

8    Authorities, Affidavit of David A. Stewart, such argument of counsel as may be presented at the

9    hearing thereof, and all papers and records on file herein.

10         By this motion, plaintiff seeks the immediate remand of this action to the Circuit Court

11    for the State of Oregon for the County of Multnomah on the grounds that this case cannot be

12    removed to this Court because:

13          1.     Removal is untimely (28 U.S.C. § 1446(b));

14          2.     This court lacks jurisdiction (28 U.S.C. § 157);

15          3.     Even if jurisdiction exists, this Court must refrain from hearing this case due to

16                    mandatory abstention (28 U.S.C. § 1334(c)(2)) or equitable abstention (28

17                    U.S.C. § 1452); and

18          4.     Removing defendant's reason for requesting transfer to the Bankruptcy Court is

19                    based on an incorrect and misleading premise which should not be the basis for

20                    removal or transfer.

21    \\\

22    \\\

23    \\\

24    \\\

25    \\\

26    \\\

Page 2 -      MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446,
               1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES: AFFIDAVIT OF DAVID A.
               STEWART

BRAYTON ❖ PURCELL
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR 97205
(503) 295-4931

1    Plaintiff, therefore, requests payment of fees and costs in accordance with 28 U.S.C. §

2    1447(c).

3

4    Dated this 26ᵗʰ day of December, 2001.

5

6                                          BRAYTON ❖ PURCELL

7

8                                          By: _____
                                           Robyn L. Stein, OSB No. 99368
9                                          Elaine Brown, OSB No. 93036
                                           David A. Stewart, OSB No. 98108
10                                         Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -    MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446,
            1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF DAVID A.
            STEWART
            J:\Oregon\25570\Remand\Notice of Motion.wpd          BRAYTON ❖ PURCELL
                                                                 American Bank Building
                                                                 621 S.W. Morrison Street, Suite 950
                                                                 Portland OR  97205
                                                                 (503) 295-4931

1   Robyn L. Stein, OSB No. 99368
    Elaine Brown, OSB No. 93036
2   David A. Stewart, OSB No. 98108
    BRAYTON❖PURCELL
3   ATTORNEYS AT LAW
    American Bank Building
4   Suite 950
    621 S.W. Morrison Street
5   Portland, OR 97205
    (503)295-4931
6   (503)241-2573 (fax)
    rstein@braytonlaw.com
7   ebrown@braytonlaw.com
    dstewart@braytonlaw.com
8
9       Attorneys for Plaintiff

10

11              UNITED STATES DISTRICT COURT

12                  DISTRICT OF OREGON

13   REMUS JACKSON,                    )   Civil No. 01-CV-1793-PA
                                       )
14          Plaintiff,                 )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN SUPPORT OF
15   vs.                               )   PLAINTIFF'S MOTION TO REMAND
                                       )   CASE TO THE CIRCUIT COURT FOR
16   GENERAL MOTORS CORPORATION,       )   THE STATE OF OREGON FOR THE
                                       )   COUNTY OF MULTNOMAH AND FOR
17          Defendant.                 )   PAYMENT OF FEES AND COSTS [28
                                       )   U.S.C. § § 1446 and 1447(c)]
18                                     )

19

20                  TABLE OF CONTENTS

21   I.    INTRODUCTION ................................................... 1

22   II.   STATEMENT OF FACTS ............................................. 1

23   III.  SUMMARY OF ARGUMENT ........................................... 2

24   IV.   LEGAL ARGUMENT ................................................ 3

25         A.   The Defendant's Removal is Improper Because it is Untimely ............. 3

26         B.   This Court Does Not Have Jurisdiction to Hear This Case
                Because It is not "Related To" the Bankruptcy Case. .................... 5

27         C.   This Court Must Remand This Case to the Circuit Court Because
28              it is Required to Abstain From Hearing the Matter Under 28
                U.S.C. § 1334(c)(2). ........................................... 7

i    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

1    D.   Even If this Court Has Subject Matter Jurisdiction, it Should
          Exercise Equitable Abstention and Remand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

2
     E.   The Defendant's Reason for Requesting Removal to This Court
3         and Transfer to the Bankruptcy Court is based on an Incorrect and
          Misleading Premise Which Does Not Support Removal and
4         Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5    F.   The Plaintiff is Entitled to, and Requests, Costs and Attorney
          Fees . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

6
IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS
                                                    BRAYTON ✦ PURCELL
                                                    American Bank Building
     J:\Oregon\25570\Remand\Memo P&A.wpd     621 SW Morrison Street, Suite 950
                                                    Portland, Oregon 97205
                                                    (503) 295-4931

## TABLE OF AUTHORITIES

*Baddie v. Berkeley Farms, Inc.* 64 F.3d 487, 490 (9th Cir. 1995).. . . . . . . . . . . . . . . . . . .  14

*Celotex Corporation v. Edwards, 514 U.S. 300 (1995) 131 L. Ed. 2d 403,*
  *115 S.Ct. 1493 (1995)..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir. 1985). . . . . . . . . . . . . . . . . .  3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).. . . . . . . . . . . . . .  13, 14

*Fibreboard Corporation and Owens Corning v. R.J. Reynolds Tobacco Co.*
  (N.D. CA 2000) 2000 U. S. Dist. Lexis 15931... . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566. . . . . . . . . . . . . . . . . . . . . . . . . .  2

*Gray v New York Life Ins. Co.* (1995, ND Ala) 906 F Supp 628.. . . . . . . . . . . . . . . . . . .  14

*In re VIII South Michigan Associates,*
  1994 U.S.Dist.LEXIS 17718, (N.D.Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*In re ACI-HDT Supply Co.*(1997) 205 B.R. at 237... . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7

*In re Conejo Enterprises, Inc.*, 96 F.3rd 346 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . .  8

*In re Donington, Karcher, Salmond, Ronam & Rainone, P.A.,*
  194 B.R.750 (D.N.J. 1996).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*In re Fietz* (9th Cir. 1988) 852 F.2d 455.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*In re Kingsley Bankruptcy* 181 B.R. 225 (W.D.P.A. 1995).. . . . . . . . . . . . . . . . . . . . . . . .  8

*In re TIG Insurance Company v. Gary Smolker*, 264 B.R. 661. . . . . . . . . . . . . . . . . . . . .  9

*In re Unanue-Casal* 164 B.R..216 (D.Puerto Rico 1993).. . . . . . . . . . . . . . . . . . . . . . . .  8

*Intra Muros Trust v. Truck Stop Scale Company*, 163 B.R. 344,
  345 (N.D.Ind.1994).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4

*Johnson v. Michael Timothy Lemons, Bay Medical Clinic,*
  1998 U.S.Dist.LEXIS 18118, (S.D.Ala. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*Kim Susan, Inc. v. Service Marine Industries, Inc.,* ]
  1999 U.S. Dist. LEXIS 13801, (Bkrcy.E.D.La. 1999) . . . . . . . . . . . . . . . . . . . . . .  5

*Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993) . . . . . . . . . . . . . .  14

*Pacor, Inc. v. Higgins* (3rd Cir. 1984) 743 F.2d 984. . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

iii    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

I:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
1-80-805-1001

1 | *Plowman v. Bedford Financial Corporation*, 218 B.R. 607, 612 (Bkrtcy.N.D.Ala. 1998). . . . 3

2 | *Wheeler v. Raybestos-Manhattan* (1992) 8 Cal.App.4th 1152 . . . . . . . . . . . . . . . . . . . . . . . . 13

3 | <u>STATUTES</u>

4 | 28 U.S.C. Section 157. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

5 | 28 U.S.C. Section157(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

6 | 28 U.S.C. Section 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 9, 10, 15

7 | 28 U.S.C. Section 1334(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 9

8 | 28 U.S.C. Section1446(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

9 | 28 U.S.C. Section1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14, 15

10 | 28 U.S.C. Section 1452. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 7, 9

11 | 28 U.S.C. Section 2075. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

12 | Federal Rule of Bankruptcy Procedure 9027. . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5

13 | Federal Rule of Bankruptcy Procedure 9027(a). . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

14 | Restatement (Second) of Torts Section 388(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15 | <u>MISCELLANEOUS</u>

16 | 27 Cumberland Law Review 1037 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

17
18
19
20
21
22
23
24
25
26
27
28

iv      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
        REMAND AND FOR PAYMENT OF FEES AND COSTS
                                                    BRAYTON ❖ PURCELL
J:\Oregon\25570\Remand\Memo P&A.wpd                     American Bank Building
                                                621 SW Morrison Street, Suite 950
                                                    Portland, Oregon 97205
                                                        (503) 295-4931

I.

## INTRODUCTION

On July 31, 2001, plaintiff, Remus Jackson, filed a complaint for personal injury in the Circuit Court for the State of Oregon for the County of Multnomah (Circuit Court), Case No. 0107-07839. Plaintiff's complaint seeks damages for asbestosis, resulting from occupational exposure to asbestos. At all times material herein, General Motors Corporation was a named defendant in the state court case giving rise to this motion. On November 20, 2001, General Motors Corporation, Ford Motor Company, and DaimlerChrysler Corporation filed a Joint Motion to Transfer Related Claims and Causes of Action in the United States District Court for the District of Delaware (Bankruptcy Court). The Bankruptcy Court is presiding over the Chapter 11 bankruptcy of debtor Federal-Mogul Global, Inc. (Federal-Mogul). On December 12, 2001, defendant General Motors Corporation filed a Notice of Removal in this court advising that plaintiff's causes of action related to defendant were removed to this court. The authority for the removal is asserted to be 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027. The defendant alleges that this court has jurisdiction under 28 U.S.C. § 1334. Because this removal is improper, plaintiff now moves to remand the case to the Circuit Court.

II.

## STATEMENT OF FACTS

Plaintiff's complaint alleged the following causes of action against defendant:

- Product Liability
- Negligence
- Negligent Misrepresentation
- Fraudulent Misrepresentation/Deceit.

All of these causes of action are based on state law. No federal question is raised in the complaint and there is no diversity of citizenship. Trial is set for February 17, 2003. Defendant filed it's Notice of Removal on December 12, 2001.

\\\

\\\

---

1   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205

## III.

## SUMMARY OF ARGUMENT

Defendant's removal of this action is improper. A removing defendant has the burden to establish federal jurisdiction. (*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566.). 28 U.S.C. § 1441 requires that all defendants in the state court cause of action consent to removal. All doubts as to removability of a matter are resolved in favor of remanding the case to state court. (*Gaus, supra,* 980 F.2d 564 at 566).

Here, remand is required because the defendant's removal is untimely. Even if it were timely, this court does not have jurisdiction. The defendant's removal, based on a claim of jurisdiction under 28 U.S.C. § 1334, is defective because the causes of action removed are not "related to" the bankruptcy of Federal-Mogul as that term is interpreted by the courts. Even if jurisdiction is found, it can only be as a result of the bankruptcy. This case could not have been filed in federal district court. Therefore, this court must abstain from hearing the matter under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). Alternatively, if this court finds that it has jurisdiction and that mandatory abstention is not required, compelling notions of comity and equity require the court to voluntarily abstain from hearing this matter. Finally, the defendant argues that all cases against it must be decided by only one court, the Bankruptcy Court, because that court needs to address the "threshold scientific issue" of whether "brakes and other auto parts cause disease." (Notice of Removal, page 2, Paragraph 6.) This argument is based on an incorrect and misleading premise which does not support removal to this court or transfer to the Bankruptcy Court.

Plaintiff now moves to remand this action to the Circuit Court based on the following:

1. Defendant's removal is untimely;

2. This court lacks jurisdiction to hear this case;

3. This court is required by statute to refrain from hearing the case even if jurisdiction exists; and

4. Defendant's reason for requesting removal and transfer to the Bankruptcy Court is based on an incorrect and misleading premise which does not support removal

---

2   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205

1    or transfer.

2        In conjunction with an order of remand, plaintiff respectfully requests that the court

3    assess costs and fees in favor of plaintiff for the expense of opposing this removal.

4                                    IV.

5                            LEGAL ARGUMENT

6    A.    The Defendant's Removal is Improper Because it is Untimely

7        This case must be remanded because the defendant's removal is untimely.  The petition

8    of the debtor Federal-Mogul was filed on October 1, 2001.  Defendant admits that the triggering

9    time event for removal in this case is the October 1, 2001 commencement of the Federal-Mogul

10   bankruptcy case (Notice of Removal, page 2, Paragraphs 3 and 4). Despite defendant's reliance

11   on Federal Rule of Bankruptcy Procedure 9027, the proper time limit in this case is that set forth

12   in 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b) requires that a notice of removal be filed within

13   30- days of receipt of the first paper which provides a basis for removal.  In this case, the

14   petition of Federal-Mogul gave the first notice of the alleged "related to" bankruptcy

15   jurisdiction.  However, the removal was not filed until December 12, 2001, far more than 30

16   days after the filing of the petition.

17       The following cases hold that it is the 30-day removal period set forth in 28 U.S.C.

18   Section 1446(b) which governs, rather than the 90-day period in the bankruptcy procedure rule:

19   *Plowman v. Bedford Financial Corporation*, 218 B.R. 607, 612 (Bkrtcy.N.D.Ala. 1998) ["First

20   Associates' notice of removal was, if nothing else, filed within the thirty (30) day period

21   specified in 28 U.S.C. Section 1446(b) and Fed.R.Bankr.P. 9027(a)(3)."]; *Intra Muros Trust v.*

22   *Truck Stop Scale Company*, 163 B.R. 344, 345 (N.D.Ind.1994) ["Rule 9027 does not apply,

23   because it only related to the superceded removal statute which was replaced by 28 U.S.C.

24   Section 1452 . . . the thirty day time limitation of the general federal removal statute (28 U.S.C.

25   Section 1446) applies to the bankruptcy removal statute 28 U.S.C. Section 1452."]; *Johnson v.*

26   *Michael Timothy Lemons, Bay Medical Clinic*, 1998 U.S.Dist.LEXIS 18118, **2-3 (S.D.Ala.

27   1998) ["The thirty-day time limit under Section 1446 is applicable to the bankruptcy removal

28   statute Section 1452", citing *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir. 1985).

3    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS
J:\Oregon\25570\Remand\Memo P&A.wpd
BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205

1   and *Plowman, supra.*]; and *In re VIII South Michigan Associates*, 1994 U.S.Dist.LEXIS 17718,

2   **9-10 (N.D.Ill. 1994) ["In any event, section 1452 permits removal only 30 days after suit is

3   commenced."].

4        The interplay between the 30-day removal period prescribed by 28 U.S.C. §1446(b), and

5   Rule 9027(a) of the bankruptcy rules, is addressed by the Honorable Thomas B. Bennett, the

6   United States Bankruptcy Judge for the Northern District of Alabama, in the scholarly law

7   review article, "Removal, Remand, and Abstention Related to Bankruptcies: Yet Another

8   Litigation Quagmire!" (27 Cumberland Law Review 1037 (1997)).  Noting that the time limits

9   in Rule 9027 conflict with those established in 28 U.S.C. 1446, Judge Bennett explained:

10            [A] minority group of courts ... have determined that *28 U.S.C. 1446*,
11       rather than Fed. R. Bankr. P. 9027, establishes the time periods for removal.
         *State Bank of Lombard v. Chart House, Inc.*, 46 B.R. 468, 473 (N.D. Ill. 1985);
12       *Intra Muros Trust v. Truck Stop Scale Co.*, 163 B.R. 344, 345 (N.D. Ind. 1994).
         These courts conclude that 1446's time frame applies to actions removed under
13       1452 for the three following reasons: (i)The absence of time limits in 1452
         indicates that 1446, which generally covers procedure for removals to federal
14       court, should control, (ii)the legislative history is silent regarding whether 1452
         was enacted to avoid 1446's time limitations, and (iii)the automatic stay
15       provision protects the property of debtors who file bankruptcy more than thirty
         days after being served in a state court proceeding. *Chart House, Inc.*, 46 B.R. at
16       *473*. This minority position (that 28 U.S.C. 1446, not Fed. R. Bankr. P. 9027,
         controls removal procedure for bankruptcy-predicated removals) is supported by
17       the Supreme Court's holding in *Things Remembered, Inc. v. Petrarca*, 116 S. Ct.
         494 (1995).
18            The viability of those portions of Fed. R. Bankr. P. 9027 that conflict
         with or expand removal time periods beyond those of 28 U.S.C. 1446 is
19       questionable after the *Things Remembered, Inc.* opinion. In *Things Remembered*,
         *Inc.*, the Supreme Court concluded that a provision of the federal removal statute,
20       28 U.S.C. 1447(d), applied to preclude the review of remand orders entered
         under the bankruptcy removal section. Section 1446, like 1447(d), is a portion of
21       the federal removal statute, sets forth removal procedure, and should apply to
         dictate procedure in matters removed under the bankruptcy removal section. See
22       *Things Remembered, Inc.*, 116 S. Ct. at 497.  As with the interrelationship of 28
         U.S.C. 1447(d) with 28 U.S.C. 1452, which the Supreme Court addressed in
23       *Things Remembered, Inc.*, an examination of 1446 and 1452 imparts no reason to
         infer that Congress intended to limit the application of 1446 to removals under
24       the other sections of the federal removal statute and exclude those under the
         bankruptcy section. See *Things Remembered*, 116 S. Ct. at 497.
25            Although Fed. R. Bankr. P. 9027 provides certain procedures for
         bankruptcy removal, when the rule and statute are complementary, no difficulty
26       exists over which one governs. Where they conflict, the federal removal statute
         controls over a bankruptcy rule of procedure. Unlike the legislative authorization
27       for rules of bankruptcy procedure that governed such rules adopted for use under
         the Bankruptcy Act, 28 U.S.C. 2075, a 1978 amendment to this section deleted
28       that portion of 2075 that set forth that all laws in conflict with bankruptcy
         [*1061]  rules would be of no further force or effect after such rules have taken

---

4   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
    REMAND AND FOR PAYMENT OF FEES AND COSTS

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

effect. Pub. L. No. 95-598, 247, 92 Stat. 2672. 28 U.S.C. 2075 now reads in pertinent part:

> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.
>
> Such rules shall not abridge, enlarge, or modify any substantive right.

28 U.S.C. 2075.

. . .

> *Those who rely on portions of Fed. R. Bankr. P. 9027(a) that provide for a longer removal period than 28 U.S.C. 1446(b) to remove a civil action under 28 U.S.C. 1452 should be aware that those provisions of Fed. R. Bankr. P. 9027(a) in conflict with or that provide for removal periods beyond the thirty days specified in 28 U.S.C. 1446(b) may not support timely removal if challenged.* (emphasis added).

27 Cumberland Law Review at 1057-1062.

Judge Bennett's analysis, the comprehensive authorities contained in it, and the cases noted, are compelling and conclusively favor the application in this case of the 30-day time limit prescribed by 28 U.S.C. §1446(b).[1]  Given the defendant's admission that the triggering time event for removal in this case is October 1, 2001 (approximately 70-days prior to the filing of the Notice of Removal), plaintiff hereby moves that this court remand this action to the Circuit Court based on jurisdictional grounds as it is the product of an untimely removal.

**B.      This Court Does Not Have Jurisdiction to Hear This Case Because It is not "Related To" the Bankruptcy Case.**

The defendant claims that subject matter jurisdiction stems from unaccrued, future claims for indemnity against a bankruptcy debtor, Federal-Mogul and its subsidiaries. (Notice of Removal, page 1 and 2, Paragraph 2.) Jurisdiction of federal bankruptcy over state law claims can arise either if the state law claims are part of the "core" bankruptcy case or if they are non-

---

[1] In a recent decision, the bankruptcy court held in *Kim Susan, Inc. v. Service Marine Industries, Inc.*, 1999 U.S. Dist. LEXIS 13801, *13 (Bkrcy.E.D.La. 1999), as follows: While the defendant contends that Federal Rules of Bankruptcy Procedure, Rule 9027 is the applicable provision, this Court's appreciation of the law is that this rule is used when a case is removed to the Bankruptcy Court itself.  In this case, the case has been moved to the federal district court and thus the general provisions on removal and remand would apply.  As such, the first question to be answered is whether the notice of removal was timely under  28 U.S.C. § 1446.

1999 U.S. Dist. LEXIS 13801 at *13

5     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503)795-4631

I:\Oregon\25570\Remand\Memo P&A.wpd

1 core but sufficiently "related" to the bankruptcy case. (28 U.S.C. § 157.) Defendant concedes

2 that these claims are not "core proceedings" pursuant to 28 U.S.C. §157(b)(2). (Notice of

3 Removal, page 2, Paragraph 5.) This court does not have jurisdiction because defendant's

4 unaccrued, future claims for indemnity are not sufficiently "related to" the bankruptcy case to

5 confer subject matter jurisdiction.

6      The Ninth Circuit, in *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457, adopted a working

7 definition of "related to" jurisdiction first formulated by the Third Circuit in *Pacor, Inc. v.*

8 *Higgins* (3rd Cir. 1984) 743 F.2d 984, 994. This same definition was adopted by the U.S.

9 Supreme Court in *Celotex Corporation v. Edwards*, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S.Ct.

10 1493, 1499 (1995) (See, *In re ACI-HDT Supply Co.*,(1997) 205 B.R. at 237.)

11      In *Pacor*, plaintiff Higgins brought a state court products liability suit. Defendant *Pacor*

12 then filed a third party complaint for indemnification from asbestos fiber supplier and products

13 manufacturer Johns Manville Corporation (JM). After JM declared bankruptcy, the state court

14 severed *Pacor*'s action from the Plaintiff's action due to the JM bankruptcy stay. *Pacor* then

15 removed the state case to bankruptcy court on the assertion that it was "related to" the JM

16 bankruptcy. The Third Circuit court disagreed, concluding that such claims fell beyond the

17 scope of the bankruptcy court's jurisdiction. The court there found that the underlying state

18 action, (Higgins' products liability suit against Pacor), was "at best, a mere precursor to the

19 potential third party claim for indemnification by Pacor against Johns-Manville," as the

20 outcome of the products liability action would "in no way bind Manville, in that it could not

21 determine any rights, liabilities, or course of action of the debtor." As JM was not even a party

22 to that action, the court reasoned, "it could not be bound by res judicata or collateral estoppel.

23 (*Pacor, supra*, 743 F.2d at 995.) The *Pacor* matter was, therefore, remanded to state court.

24      The Bankruptcy Appellate Panel of the Ninth Circuit (BAP-9th) considered substantially

25 the same issues in the case of *In re ACI-HDT Supply Co., supra*, 205 B.R. 231. The BAP-9th

26 there articulated the difference between core and non-core proceedings in 28 U.S.C.§157(b)(2).

27 Core proceedings are those matters arising under Title 11 or in a Title 11 case. Those matters

28 arising *under* Title 11 are bedrock bankruptcy concerns including the administration of the

6   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 241-4931

1   estate, allowance or disallowance of claims against the estate, proceedings to determine, avoid,

2   or recover fraudulent conveyances, or other proceedings affecting the liquidation of the assets of

3   the debtor estate.  Matters arising *in* a Title 11 case engender administrative matters that are not

4   based on any right expressly created by Title 11 but would nonetheless have no existence

5   outside of the bankruptcy case.  (*Id.* at p. 234-235.)

6         The bankruptcy court in *ACI-HDT* originally found that the state court causes of action

7   in the underlying class action suit were core proceedings because there existed a strong

8   possibility of inconsistent results between determinations necessary in the bankruptcy case and

9   those essential to the state court action.  In overturning this decision, the BAP-9th distinguished

10  this case from those cases where there is "post-petition" conduct which affects the estate, such

11  as an action to usurp causes of action that a bankruptcy trustee would have.  The BAP-9th

12  pointed out that the *ACC-HDT* state class action suit was "based solely in state law and seeks

13  redress for conduct of the defendants for which they are jointly and severally liable," something

14  over which the bankruptcy court, and by extension any Article III federal court, had no

15  jurisdiction.  The BAP-9th concluded that the state law claims "do not fall within the non-core

16  or 'related to' jurisdiction of the bankruptcy court." (*ACI-HDT, supra,* 205 B.R. 231, 237.)

17        The claims at issue against the defendant here are the same type of claims asserted in

18  *Pacor* and *ACI-HDT.*  They involve purely state law claims resulting from pre-petition conduct

19  of non debtors.  Defendant's unaccrued future indemnity claims are not core proceedings arising

20  under Title 11.  Since there is no "related to" jurisdiction, plaintiff hereby moves that this court

21  remand this action to the Circuit Court.

22  C.    **This Court Must Remand This Case to the Circuit Court Because it is Required to Abstain From Hearing the Matter Under 28 U.S.C. § 1334(c)(2).**

23
24        This court, or any other federal district court, is required to abstain from hearing this
    action by the mandatory abstention provision of 28 U.S.C. § 1334(c)(2).
25
26        In the notice of removal, defendant claims removal is proper under 28 U.S.C. §1452(a)
    because this court has jurisdiction over the action under 28 U.S.C. §1334.[2]  That section confers
27
28  _____

    [2] Notice of Removal, page 2, Paragraph 4.

7   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205

1 | jurisdiction as follows:

2 |       (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

3

4 |       (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or

5 |       arising in or related to cases under title 11.

6 | Relying on this grant of jurisdiction, defendant ignores the provisions of 28 U.S.C.

7 | §1334(c)(2), which provides:

8 |       ...in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case

9 |       under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district

10 |       court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. (emphasis

11 |       added.)

12

13 | Known as "the mandatory abstention provision," this section prevents this court or any other

14 | federal district court from hearing this action.[3]

15 |       Several federal courts have determined that the following criteria must be met for the

16 | mandatory abstention provision to apply: (1) a timely motion for abstention is made; (2) the

17 | proceeding is based upon a state law claim or state law cause of action; (3) the proceeding does

18 | not arise under Title 11; (4) the proceeding is "related to" a bankruptcy case under Title 11; (5)

19 | the proceeding could not have been commenced in federal court but for the bankruptcy filing;

20 | and (6) the action has been commenced and can be timely adjudicated in a state forum of

21 | appropriate jurisdiction. (*See, e.g.: In re Donington, Karcher, Salmond, Ronam & Rainone,*

22 | *P.A.,* 194 B.R.750 (D.N.J. 1996); *In re Kingsley Bankruptcy* 181 B.R. 225 (W.D.P.A. 1995);

23 | and *In re Unanue-Casal* 164 B.R..216 (D.Puerto Rico 1993).) When the non-removing party

24 | meets all of these requirements, the federal district court must abstain from hearing the case and

25 | must, therefore, remand it to the state court.

26 |       The present case meets all of these criteria as follows:

27

28 | [3]While there was previously some question whether this section applied to cases removed from state court, that question has now been answered in the affirmative. *In re Conejo Enterprises, Inc.*, 96 F.3rd 346 (9th Cir.1996).

8   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\C5570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 75-4531

1.  This motion for abstention is timely made.

2.  This case is based on state law causes of action because it is a tort claim alleging personal injury resulting from exposure to asbestos. The causes of action alleged against the defendant are based solely on state law. No question of federal law is involved in that action.

3.  This case does not arise under Title 11 of the Bankruptcy Code. The defendant admits in the Notice of Removal that this is not a core matter.

4.  Plaintiff has demonstrated above that this case is not "related to" the bankruptcy of Federal-Mogul. If, however, this court finds it has any jurisdiction, it can only be found because the case is "related to" a bankruptcy case under Title 11.

5.  This case could not have been commenced in federal court but for the bankruptcy filing. There is not complete diversity of citizenship in this action, and there is no federal question raised. The only possible basis for the exercise of federal jurisdiction is the allegation of the defendant that this case is somehow related to a bankruptcy proceeding under Title 11. It was on that sole basis that the case was removed, and it is on that sole basis that the defendant has sought transfer of the matter to the Bankruptcy Court.

6.  This case was initiated in the state court of proper jurisdiction, and can be, and would have been timely completed in that tribunal but for the action of the defendant removing it to this court. That action is still ongoing in the Circuit Court which remains a viable forum for adjudication of the matter.

Because all of these criteria have been met, plaintiff hereby moves that this court remand this action to the Circuit Court based on the mandatory abstention provisions of 28 U.S.C. §1334(c)(2).

## D.   Even If this Court Has Subject Matter Jurisdiction, it Should Exercise Equitable Abstention and Remand

Under 28 U.S.C. § 1452, the section upon which the defendant relied to remove this action, "[t]he Court to which such claim or cause of action is removed *may* remand such claim or cause of action on any equitable ground." (28 U.S.C. § 1452(b)) (emphasis added). This

---

9      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
       REMAND AND FOR PAYMENT OF FEES AND COSTS

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1  principle was recognized recently in *In re TIG Insurance Company v. Gary Smolker*, 264 B.R.

2  661. The *TIG* court applied the principles articulated by the *Pacor* court, adopted by the Ninth

3  Circuit, and found there was absolutely no basis for federal jurisdiction over any portion of the

4  state court action outside the provisions of 28 U.S.C. §1334. The court further noted that, as is

5  the case here, none of the parties suddenly claiming equitable indemnification as to the debtor

6  defendants had any contractual right to it, and would be able to assert a claim for

7  indemnification only if liability were to be imposed on them. The bankruptcy court found it

8  had, at most, jurisdiction over the indemnity claims which would be "related to" the bankruptcy.

9  "A bankruptcy court cannot retain jurisdiction that it does not have. Claims that fall beyond the

10  scope of the bankruptcy court's subject matter jurisdiction must be remanded to state court." *Id.*

11  at p. 666. The Court further pointed out:

12    "...even if it had subject matter jurisdiction over the Remaining Claims under
      section 1334, equity and the interests of justice would compel it to remand the
13    Remaining Claims to state court. These claims are based entirely on state law.
      There are numerous parties in interest, only one of which appears to be a debtor
14    in possession. The resolution of the [state court action] with regard to the
      nondebtor parties will have no impact whatsoever on the Grace bankruptcy cases.
15    The Los Angeles Superior Court has devoted a significant quantity of time to this
      matter and has developed a significant body of knowledge concerning the matter.
16    The parties to the Action (other than Grace) would be significantly prejudiced if
      they were required to begin the education process anew with a new judge in a
17    new court. The Los Angeles Superior Court is a convenient forum for all of the
      parties and is a forum in which the Action may proceed to trial before a jury with
18    a minimum of delay. For all of these reasons, it is the judgment of this Court
      that the Remaining Claims should be remanded. . . ."
19

20  *Id.* at p. 667. So it is in the present matter.

21    The court in a recent Northern District of California case also exercised equitable

22  remand in a case asserting "related to" jurisdiction. In *Fibreboard Corporation and Owens*

23  *Corning v. R.J. Reynolds Tobacco Co.* (N.D. CA 2000) 2000 U. S. Dist. Lexis 15931, the

24  asbestos-company plaintiffs originally filed a state court action seeking indemnification from

25  six defendant tobacco companies for money paid out to resolve combination cigarette-asbestos

26  caused lung cancer cases. The company plaintiffs then filed Chapter 11 bankruptcy petitions

27  and the defendants removed the case, contending that the state case was a "core proceeding."

28  The court disagreed, finding that the action was only "related to" the bankruptcy, and that there

was no requirement that it be adjudicated in conjunction with the pending bankruptcy case. The

---

10    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
      REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1   court found equitable grounds for remanding the case: the case raised no bankruptcy issues and

2   involved claims brought entirely under state law. Moreover, the court specifically found that

3

4    "plaintiffs' right to a jury trial favors remand, as bankruptcy judges are not authorized to

5   preside over jury trials." (*Id.* at p. 3.)

6          This state court action was set for jury trial when it was removed. Plaintiff's right to a

7   jury trial, which cannot be heard by a bankruptcy judge, is a strong ground for equitable remand.

8   All bases for liability and recovery sound in state law. Of the many different asbestos

9   defendants, only a handful have any connection whatsoever to Delaware, and the removing

10  entity here is not connected to Delaware. (Affidavit of David A. Stewart.) The Circuit Court is

11  a convenient forum for everyone, most of whom have been litigating similar matters there for

12  over 15 years. (Affidavit of David A. Stewart.) The Circuit Court has administered this action

13  since its filing. The Circuit Court has developed a significant body of knowledge concerning

14  asbestos cases like this one. The plaintiff, while not terminally ill, suffers from asbestosis, a

15  progressively more debilitating disease, and deserves to have his case proceed to trial by jury

16  with a minimum of delay. For all of these reasons, plaintiff hereby moves this court to exercise

17  its authority to equitably abstain from hearing this matter and remand it to the Circuit Court to

18  proceed to trial.

19          **E.    The Defendant's Reason for Requesting Removal to This Court and
                     Transfer to the Bankruptcy Court is based on an Incorrect and Misleading**

20                  **Premise Which Does Not Support Removal and Transfer**

21          The defendant attempts to support removal by claiming this case needs to join all other

22  cases against it arising out of exposure to automobile friction products.. Defendant further

23  claims that those cases must be heard in the bankruptcy case of Federal-Mogul because they

24  flow from exposure to Federal-Mogul products and that the defendant has some inchoate

25  indemnification right against Federal-Mogul. Defendant also claims that all of these cases can

26  be disposed of summarily when the Bankruptcy Court decides, as defendant suggests, that

27  automobile brakes and parts do not cause disease. These claims are incorrect and misleading.

28          The defendant's essential premise that it's asbestos liability is merely "derivative" of

---

11   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd
                                                        BRAYTON ✦ PURCELL
                                                          American Bank Building
                                                    621 SW Morrison Street, Suite 950
                                                          Portland, Oregon 97205
                                                            (503) 295-4931

1  Federal-Mogul, is erroneous in law and in fact. Asbestos claimants, as in this case, typically sue

2  these companies for breach of their duty to warn of the hazards associated with the asbestos that

3  is incorporated into their own products. As a matter of law, failure to warn is a theory of direct

4  tort sounding both in state product liability and negligence law, and, as such, is not a derivative

5  claim. This is because the manufacturer of complex products such as automobiles, which

6  incorporate components and raw materials furnished by others, has its own duty independent of

7  its suppliers' duties and is subject to strict products liability as being in the chain of commerce

8  and distribution of the defective product.[3]

9       The defendant's argument regarding Abex Corporation (Abex) illustrates how attenuated

10  the indemnification and contribution "claims" really are. Defendant says that Abex "is now part

11  of the Debtor," (Motion to Transfer Memorandum (MT Mem.) at 21), but, according to the

12  Debtor itself, this assertion is false. Federal-Mogul's Informational Brief states that Abex "does

13  not have a corporate relationship with any of the Debtors," and explains that the Federal-Mogul

14  group is several steps removed from Abex. (Debtor's Informational Brief at 5-6.) More

15  specifically, (a) Abex sold its friction products assets to Moog Automotive, Inc. ("Moog"), a

16  subsidiary of Cooper Industries, Inc. ("Cooper"); (b) Cooper assumed liability under certain

17  circumstances for asbestos personal injury claims alleging exposure to certain Abex friction

18  materials; and (c) a Federal-Mogul subsidiary purchased Moog's stock from Cooper and

19  assumed Cooper's indemnity obligations for claims brought after August 1998. (Id.) The

20  defendant makes no showing that the indemnity obligations of Federal-Mogul's subsidiary have

21  actually been triggered, or ever will be, much less that the defendant has a substantial claim

22  against Abex that comes within the scope of the limited obligation assumed by Federal-Mogul's

23  subsidiary. In these circumstances, any connection between the Federal-Mogul bankruptcy and

24  whatever rights the defendant may have against Abex is too attenuated to create "related to"

25  jurisdiction under *Pacor*.

26       Defendant's removal papers do not indicate what portion of it's overall purchases of

27

28  [3] See generally Restatement (Second) of Torts § 388(c) (standards governing liability of direct or indirect supplier for failure to warn); id. § 399 (principles of § 388 apply to the seller of a chattel manufactured by a third party if he sells it with knowledge of likely dangerousness).

12  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1   asbestos-containing friction products came from Abex, Ferodo America, Inc. (Ferodo) or

2   Wagner Electric Corporation (Wagner), nor does defendant claim that Federal-Mogul entities

3   were the only suppliers of friction products.  There is no suggestion that Abex, Ferodo or

4   Wagner were among the defendant's major suppliers and there is no mention of friction

5   products the defendant manufactured itself.  The defendant has made no effort to quantify on the

6   record what portion of the asbestos personal injury cases against it actually involves a brake

7   component or other products purchased from Abex, Ferodo or Wagner.  Defendant does not

8   claim in the removal papers ever to have filed *any* indemnification or contribution suit *anywhere*

9   pertaining to asbestos against any Federal-Mogul affiliate, much less collected any money from

10  Abex, Ferodo or Wagner based on asbestos liability.

11      On the issue of causation, the defendant alleges that the asbestos in automobile brakes

12  somehow is rendered harmless by the high temperatures created in braking. (MT Mem. at 23.)

13  Even assuming this were true, which it is not, the defendant does not address the question of

14  exposure to asbestos resulting from the process of arcing and grinding or sanding of *new* brakes

15  routinely necessary in order to fit them to the brake drum.  This procedure is a regular and

16  integral part of the installation and use of defendant's products. (Affidavit of David A. Stewart.)

17  The question is not whether brakes cause disease, but whether the asbestos in the brakes, which

18  comprises as much as 60 per cent of the brake pad, (*See, Wheeler v. Raybestos-Manhattan*

19  (1992) 8 Cal.App.4th 1152,1156.) causes disease.  And it does.

20      Once the rhetoric of derivative liability and indemnification has been stripped away,

21  what remains of the defendant's jurisdictional theory is simply this:

22      The claims against the automobile manufacturers are based in part on the *same*
        *products* as claims asserted against the Debtor. Accordingly, the liability of the
23      automobile manufacturers turns on the same threshold question governing the
        claims against the Debtor -- whether the friction products manufactured by the
24      Debtor are capable of causing disease -- making the case for centralized
        adjudication before [the bankruptcy] Court ever more compelling.
25
    (MT Mem. at 50 (emphasis in the original).)[4]  This theory is indeed just that.
26
27      The defendant bases much of it's argument on the proposition that there is insufficient

28      [4]The words, "in part," which qualify the first sentence of the passage quoted above, are
    worthy of an emphasis they did not receive in the Movant's brief.

13   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
        REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd                                   BRAYTON ❖ PURCELL
                                                                        American Bank Building
                                                                    621 SW Morrison Street, Suite 950
                                                                         Portland, Oregon 97205
                                                                          (503) 795-4051

1 evidence to support liability for asbestos exposure from friction products under the standard of

2 *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (MT Mem. at 26.)

3 Defendant's arguments would lead the court to believe that either the question of causation by

4 friction products is one of first impression, or that the state and federal trial courts are ignoring

5 their responsibilities to determine causation in individual cases. Neither position is accurate.

6 *Daubert* has nothing to do with this motion. The defendant did not suddenly become a

7 defendant upon the bankruptcy of Federal-Mogul, (Affidavit of David A. Stewart.) nor are state

8 and federal trial courts unwilling to require plaintiffs to meet causation standards with proper

9 admissible evidence. In fact the defendant's own Motion to Transfer cites numerous cases in

10 which the federal and state courts have denied recovery to plaintiffs who have failed to

11 demonstrate causation. (*See*, MT Mem at 34-35 and the cases cited.) To allege that these courts

12 are somehow unable or unwilling to perform their "gatekeeping" responsibilities under *Daubert*

13 is absurd.

14      The question to be answered, in each and every individual case, is not whether

15 automobile friction products cause disease. The question is whether asbestos indiscriminately

16 released from the defendant's product in their foreseeable and intended use was a substantial

17 factor in causing the individual plaintiff's asbestos related disease. This question can and must

18 be answered only in an individual action which considers all the factors of exposure and the

19 facts of each case itself. Therefore, plaintiff hereby moves that this court remand this action to

20 the Circuit Court.

21 **F.    The Plaintiff is Entitled to, and Requests, Costs and Attorney Fees**

22      When a Federal District Court grants remand, that order may "require payment of just

23 costs and any actual expenses, including attorney fees, incurred as a result of the removal." (28

24 U.S.C. 1447(c). *See, Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993)).

25 "When defendants remove a case improperly, for example, they cause the plaintiffs to incur the

26 expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c)

27 permits the plaintiffs to recoup that expense." (*Baddie v. Berkeley Farms. Inc.* 64 F.3d 487, 490

28 (9th Cir. 1995)). Such is the case here.

14   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205

1       Moreover, plaintiffs can recover their expenses in securing remand even when, unlike

2  here, the removal is done in good faith. In *Gray v New York Life Ins. Co.* (1995, ND Ala) 906 F

3  Supp 628, the plaintiffs, who successfully obtained remand of an insurance misrepresentation

4  action to state court, were awarded attorney's fees. The court there concluded that even if the

5  insurer who had removed the action acted in good faith and with an arguable, albeit tenuous,

6  basis in law or fact, the removal still carried the risk that attorney's fees would be rewarded if

7  removal was deemed improvident.

8       Here, the defendant ignored independent causes of action unrelated to Federal-Mogul

9  and disregarded the status of individual cases and individual defendants. This abuse of the

10  removal process should result in the award of fees and costs to plaintiff.

11       As a result of the defendant's improvident removal, plaintiff has incurred fees and

12  expenses. Pursuant to 28 U.S.C. §1447(c) Plaintiff requests that the court's remand order

13  include an award of these costs.

14  V.

15  CONCLUSION

16       The defendant's removal is not timely. Plaintiff's complaint raises no federal question or

17  diversity issues on which to base federal jurisdiction. The defendant's allegation that this court

18  has removal jurisdiction based on 28 U.S.C. § 1334 is without merit. The defendant admits the

19  matter is not a core matter under 28 U.S.C. § 157 and the law is clear that the causes of action

20  are not "related to" the bankruptcy of Federal-Mogul as that term is interpreted by the courts.

21  Further, the justification for removal to the federal courts and transfer to the Bankruptcy Court

22  in Delaware is based on an incorrect and misleading premise. This case is a state court case

23  based on state law causes of action. There is no federal bankruptcy jurisdiction for this or any

24  other federal court to hear this case. Even if there were, well-settled principles of both

25  mandatory and equitable abstention dictate that this court abstain from hearing the matter.

26  ///

27  ///

28  ///

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1    Accordingly, plaintiff requests that this court promptly remand the case to the Circuit Court and

2    award plaintiff his fees and costs.

3

4    Dated this 26th day of December, 2001.          Respectfully submitted,

5                                                    BRAYTON ❖ PURCELL

6

7                                          By: _____

8                                                    Robyn L. Stein, OSB No. 99368
                                                     Elaine Brown, OSB No. 93036
                                                     David A. Stewart, OSB No. 98108

9

10                                                   Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
            REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd                              BRAYTON ❖ PURCELL
                                                                  American Bank Building
                                                          621 SW Morrison Street, Suite 950
                                                                Portland, Oregon 97205
                                                                    (503) 295-4931

H

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAXWELL NOBLE, ET. AL.                                    PLAINTIFFS

V.                                       CIVIL ACTION NO. 1:01CV391GR

E.H. O'NEIL COMPANY, ET. AL.                             DEFENDANTS

<u>PLAINTIFFS' RESPONSE TO NOTICE OF ORDER PROVISIONALLY
TRANSFERRING FRICTION PRODUCT CLAIMS AGAINST DAIMLERCHRYSLER
CORPORATION, FORD MOTOR COMPANY AND GENERAL MOTORS
CORPORATION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF DELAWARE</u>

Plaintiffs file this Response to Notice of Order Provisionally Transferring Friction

Product Claims against DaimlerChrysler Corporation, Ford Motor Company and General

Motors Corporation (collectively the "Big Three") to the United States District Court for the

District of Delaware ("Notice") and would respectfully show the Court as follows:

**I.      INTRODUCTION**

On November 30, 2001, non-debtor Defendants DaimlerChrysler Corporation

("Chrysler") and Ford Motor Company ("Ford") filed their Supplemental Notice of Removal in

this case. At or about the same time, the Big Three filed their Motion to Stay Action Pending

Resolution of Motion to Transfer Pursuant to 28 U.S.C. § 157(b)(5) that was filed on November

20, 2001 in the United States District Court for the District of Delaware ("Delaware Court")

claiming "related to" jurisdiction with the Federal Mogul bankruptcy proceedings. On this day,

Plaintiffs are also filing their Supplemental Motion to Remand urging this Court to remand this

case to state court based on various grounds, including without limitation, that the Big Three's

Supplemental Removal was late and is therefore fatally defective. On or about December 10, 2001, the Delaware Court, without notice to Plaintiffs, issued its Order provisionally transferring to itself "Friction Product Claims" affecting the Big Three. Then, on or about December 12, 2001, the Big Three filed with this Court the Notice wherein it advised this Court, erroneously, that it was the Big Three's position that the Delaware Court's Order affected this case, and that jurisdiction of this case was vested in the Delaware Court. All of the above action was taken: in complete disregard of this Court's authority and obligation to, itself, determine jurisdictional issues; prior to any action by this Court; without notice to Plaintiffs; and prior to the expiration of the time allowed by law for Plaintiffs to seek remand in this Court.

## II.   THE STATUTE ALLOWING A UNITED STATES DISTRICT JUDGE TO FIX THE VENUE OF PERSONAL INJURY CLAIMS AGAINST THE DEBTOR DOES NOT APPLY TO CLAIMS AGAINST INDEPENDENT THIRD-PARTIES

The transfer statute that the Big Three relies on, 28 U.S.C. § 157(b)(5), does not apply to personal injury cases against solvent asbestos defendants who are not closely affiliated with the Debtor. Correctly understood, section 157(b)(5) means nothing more than that the District Court presiding over a bankruptcy should determine whether personal injury claims *against the debtor* should be tried in that district or in the respective districts where the claims arose. This narrow statute does not override the removal and remand statutes that properly govern the allocation of judicial authority between federal and state courts in personal injury cases against *non-bankrupt third parties who are independent of the debtor*. See 28 U.S.C. § 1452. *See also* Rule 9027, Fed.R. Bankr.P. Still less does it permit a Federal District Court in Delaware to run roughshod over sister district courts, including this Court, throughout the United States that are even now entertaining remand and abstention motions in the many cases that the Big Three have

PLAINTIFFS' RESPONSE TO NOTICE 2

removed from the state courts as a step in their transfer campaign. This analysis is borne out by *A. H. Robins v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986).

In *Robins*, the Fourth Circuit had occasion to consider the scope of section 157(b)(5) and its relationship to 28 U.S.C. § 1412, the general transfer statute. The debtor in that case was the manufacturer of the Dalkon Shield intrauterine device and filed for bankruptcy under the press of overwhelming numbers of product liability suits based on that product. It moved to transfer venue of the tort suits to the Eastern District of Virginia under section 157(b)(5), but respondents countered that this provision should be deemed preempted by section 1412, which assigned the venue-fixing prerogative to those district courts where the tort suits were pending, rather than to the district court having jurisdiction of the bankruptcy. The Fourth Circuit resolved the conflict between the two transfer provisions by construing section 157(b) as applying to suits against the debtor and section 1412 as holding sway in "all other cases related to the bankruptcy proceedings." 788 F.2d at 1011. Referring to the statutory purpose articulated by Congressman Kastenmeier, as quoted above, the Court opined:

> That purpose would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue *for tort claims against a debtor* was to be preempted by the provisions of section 1412. We do not believe this to have been the intention of Congress in enacting the two statutes. *Section 157(b)(5) was drafted to cover the procedure in connection with a special group of cases, to wit, personal injury tort claims against a debtor in Chapter 11 proceedings* wherever pending and in that connection the section is supreme. *In all other cases related to the bankruptcy proceedings, however, the general statute (i.e., section 1412) would govern.* This, we think, is the proper construction to be given the two statutes. It is a construction that harmonizes the two sections. It conforms to the established canon of statutory construction that "[w]e must read the statutes [in those instances where there is any possible

> conflict] to give effect to each if we can do so while preserving their
> sense and purpose."

788 F.2d at 1011, *quoting Watts v. Alaska*, 451 U.S. 259, 267 (1981) (emphasis added) (other

citations omitted).

The *Robins* court thus drew a sharp distinction between personal injury suits against the

debtor and other suits related to the bankruptcy. As to personal injury suits against *the debtor*

*only*, the venue-fixing power lies in the district court where the bankruptcy pends, as spelled out

in section 157(b)(5). For all other cases, even those "related to" the bankruptcy, transfer of

venue is determined under section 1412, which assigns that question to the district court where

the particular suit is pending. The Big Three's argument in this case depends on reading section

157(b)(5) as though its scope were coextensive with "related to" jurisdiction. Yet, the *Robins*

decision explicitly rejects this approach.

The line drawn in *Robins* between tort suits against the debtor and all other "related to"

litigation is not blurred to any significant degree by the presence of related-party co-defendants in

the Dalkon Shield tort suits. Those co-defendants were not unaffiliated persons linked to Robins

only by some improbable claim to implied indemnity, but officers and employees of Robins who

had been joined in the litigation as surrogates for Robins itself in an effort to circumvent the

automatic stay and tap into Robins' insurance. *See* 788 F.2d at 1007.[1]  Another point of

contrast between *Robins* and the instant case is that the transfer order in *Robins* affected only

---

[1]Aetna, Robins' insurer, was also a co-defendant in some cases, and the named individuals were co-insureds under the policies, as well as beneficiaries of undisputed contractual rights of indemnification. *See* 788 F.2d at 1007. As the insurance was property of the Robins estate, all of the defendants were held to be protected by the automatic stay. *Id.* at 1001-02. By contrast, as shown above, independent third parties like the Big Three are not so intertwined with the

tort suits that actually involved the Dalkon Shield, Robins' product, whereas the Big Three here are attempting to force all asbestos-related friction products tort suits into the Federal-Mogul forum, even as to cases that do not touch on a product attributable to Federal-Mogul.

It must not be overlooked that the Big Three are seeking to bar state tribunals (where most asbestos litigation takes place) from proceeding with any asbestos-related friction products claims against them. This drastic proposal cannot be squared with the statutes Congress has carefully crafted to balance federal jurisdiction against the authority of the state courts. Just as 28 U.S.C. § 157(b)(5) bows to section 1412 in the allocation of responsibility among the district courts for claims against the Big Three in the federal system, section 1452 of the same title governs removal from the state courts of cases that are subject to bankruptcy jurisdiction. Under section 1452,

> (a) A party may remove any claim or cause of action in any civil action ... *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452 (emphasis added).

This statute dictates that removal is the normal route into the federal system for cases that are legitimately related to a bankruptcy. This statute would become largely superfluous if, as the Big Three would have it, every personal injury case that could be argued to be "related to" a bankruptcy under a virtually limitless conception of section 1334(b) were eligible to be transferred under section 157(b)(5) without having been validly removed under section 1452(a). Just as *Robins* refused to give section 157(b)(5) precedence over the general venue statute as

---

debtor and its property that a suit against them can plausibly be considered tantamount to a suit

regards personal injury actions against entities that are not debtors and are not closely affiliated with a debtor, so the statutory scheme must not be distorted by allowing section 157(b)(5) to preempt removal proceedings in such cases.

Anticipating, perhaps, the futility of their effort to scuttle the removal statute, the Big Three are now engaged in the wholesale filing of removal notices in state court asbestos litigation across the nation. Asbestos claimants are responding as required by the rules, and district judges throughout the land are thus receiving and entertaining remand motions. This is as it should be, for the exercise of discretion to remand is vested by statute in the removal districts, and not in a Delaware District Court. Congress made plain that such discretion resides *exclusively* in the remand courts when it provided that their decisions remanding or declining to remand are not "reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States." 28 U.S.C. § 1452(b). It stands to reason that if the Supreme Court cannot second-guess the rulings of a remand court, there can be no warrant for a Delaware Court to prevent the this Court from exercising its exclusive decision-making powers at all. The Big Three's suggestion that a Delaware District Court can ignore the statutory scheme and claim for itself the exclusive jurisdiction of other federal district courts, all with the aim of leap-frogging over removal and remand proceedings altogether, is simply contrary to law.

III.    CONCLUSION

This Court, not a Federal District Court in Delaware, maintains sole jurisdiction to make the decision to either remand part or all of this case back to state court or to transfer part or all of

---

against the debtor.

PLAINTIFFS' RESPONSE TO NOTICE 6

this case to the Delaware Court. The Big Three erroneously claim that the Honorable Alfred M. Wolin now has sole jurisdiction of this case pursuant to his order allegedly provisionally transferring this case to the Delaware Court. The Big Three's assertion that a Federal District Judge in Delaware has the authority to usurp this Court's authority and unilaterally transfer cases pending in this Court is not supported by the relevant statutory or case law. Accordingly, the Big Three's claim that this Court is without jurisdiction over this case is incorrect, and should therefore be ignored by this Court in its disposition of this case.

## IV.   RELIEF REQUESTED

Plaintiffs urge this Court to disregard the Notice, continue to exercise its exclusive authority and jurisdiction over the removal and remand proceedings of this case and make a determination of the merits of Plaintiffs' Supplemental Motion to Remand which has been on this day filed by Plaintiffs with this Court, as well as the original Plaintiffs' Motion to Remand filed with this Court on October 19, 2001.

Respectfully Submitted,

Stephen E. Harrison, II, Esq.
Sheila J. Hendricks, Esq. MSB # 9969

CAMPBELL~CHERRY~HARRISON~
DAVIS~DOVE
P.O. Box 24328
Jackson, MS 39225-4328
Phone:  (601) 355-6444
Fax:     (601) 355-2163

PLAINTIFFS' RESPONSE TO NOTICE 7

Lisa Blue, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181

## CERTIFICATE OF SERVICE

I certify that I have this twenty-eighth day of December, 2001 forwarded by U.S. mail, postage prepaid, a true and correct copy of the foregoing Plaintiffs' Response to Notice of Order Provisionally Transferring Friction Product Claims against DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation to the United States District Court for the District of Delaware to all counsel of record on the attached Service List.

_____
Stephen E. Harrison, II, Esq.

PLAINTIFFS' RESPONSE TO NOTICE 9

I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ADELINE P. WARD, INDIVIDUALLY | § | |
| AND AS INDEPENDENT EXECUTIRX | § | |
| OF THE ESTATE OF FRANCES C. WARD, | § | |
| DECEASED AND JOHN WARD | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIV. ACTION NO. W01CA336 |
| | § | |
| DAIMLER CHRYSLER CORPORATION | § | |
| FORD MOTOR COMPANY, GENERAL | § | |
| MOTORS CORPORATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFFS' RESPONSE TO DAIMLERCHRYSLER CORPORATION'S NOTICE OF
ORDER PROVISIONALLY TRANSFERRING FRICTION PRODUCT CLAIMS
AGAINST DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY AND
GENERAL MOTORS CORPORATION TO THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

Plaintiffs file this Response to DaimlerChrysler's Notice of Order Provisionally

Transferring Friction Product Claims against DaimlerChrysler Corporation, Ford Motor

Company and General Motors Corporation to the United States District Court for the District of

Delaware ("Notice") and would respectfully show the Court as follows:

I.    INTRODUCTION

On November 20, 2001, non-debtor Defendants DaimlerChrysler Corporation

("Chrysler"), Ford Motor Company ("Ford") and General Motors Corporation ("GM")

(collectively "the Big Three") filed their Joint Notice of Removal in this case. At or about the

same time, the Big Three filed their Motion to Stay Action Pending Resolution of Motion to

Transfer Pursuant to 28 U.S.C. § 157(b)(5) that was filed on November 20, 2001 in the United

States District Court for the District of Delaware ("Delaware Court") claiming "related to"

jurisdiction with the Federal Mogul bankruptcy proceedings.   On this day, Plaintiffs are also

filing their Motion to Remand urging this Court to remand this case to state court based on

various grounds, including without limitation, that the Big Three's removal was late and is

therefore fatally defective. On or about December 10, 2001, the Delaware Court, without notice

to Plaintiffs, issued its Order provisionally transferring to itself "Friction Product Claims"

affecting the Big Three.  Then, on or about December 11, 2001, Chrysler filed with this Court the

Notice wherein it advised this Court that it was the Big Three's position that the Delaware

Court's Order affected this case, and that jurisdiction of this case was vested in the Delaware

Court.  All of the above action was taken: in complete disregard of this Court's authority and

obligation to, itself, determine jurisdictional issues; prior to any action by this Court; without

notice to Plaintiffs; and prior to the expiration of the time allowed by law for Plaintiffs to seek

remand in this Court.

## II.   THE STATUTE ALLOWING A UNITED STATES DISTRICT JUDGE TO FIX THE VENUE OF PERSONAL INJURY CLAIMS AGAINST THE DEBTOR DOES NOT APPLY TO CLAIMS AGAINST INDEPENDENT THIRD-PARTIES

The transfer statute that the Big Three relies on, 28 U.S.C. § 157(b)(5), does not apply  to

personal injury cases against solvent asbestos defendants who are not closely affiliated with the

Debtor.   Correctly understood, section 157(b)(5) means nothing more than that the District

Court presiding over a bankruptcy should determine whether personal injury claims *against the*

*debtor* should be tried in that district or in the respective districts where the claims arose.   This

PLAINTIFFS' RESPONSE TO DAIMLERCHRYSLER'S NOTICE 2

narrow statute does not override the removal and remand statutes that properly govern the allocation of judicial authority between federal and state courts in personal injury cases against *non-bankrupt third parties who are independent of the debtor*. *See* 28 U.S.C. § 1452. *See also* Rule 9027, Fed.R. Bankr.P. Still less does it permit a Federal District Court in Delaware to run roughshod over sister district courts, including this Court, throughout the United States that are even now entertaining remand and abstention motions in the many cases that the Big Three have removed from the state courts as a step in their transfer campaign. This analysis is borne out by *A. H. Robins v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986).

In *Robins*, the Fourth Circuit had occasion to consider the scope of section 157(b)(5) and its relationship to 28 U.S.C. § 1412, the general transfer statute. The debtor in that case was the manufacturer of the Dalkon Shield intrauterine device and filed for bankruptcy under the press of overwhelming numbers of product liability suits based on that product. It moved to transfer venue of the tort suits to the Eastern District of Virginia under section 157(b)(5), but respondents countered that this provision should be deemed preempted by section 1412, which assigned the venue-fixing prerogative to those district courts where the tort suits were pending, rather than to the district court having jurisdiction of the bankruptcy. The Fourth Circuit resolved the conflict between the two transfer provisions by construing section 157(b) as applying to suits against the debtor and section 1412 as holding sway in "all other cases related to the bankruptcy proceedings." 788 F.2d at 1011. Referring to the statutory purpose articulated by Congressman Kastenmeier, as quoted above, the Court opined:

> That purpose would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue *for tort claims against a debtor* was to

be preempted by the provisions of section 1412. We do not
believe this to have been the intention of Congress in enacting the
two statutes. *Section 157(b)(5) was drafted to cover the procedure
in connection with a special group of cases, to wit, personal injury
tort claims against a debtor in Chapter 11 proceedings* wherever
pending and in that connection the section is supreme. *In all other
cases related to the bankruptcy proceedings, however, the general
statute (i.e., section 1412) would govern.* This, we think, is the
proper construction to be given the two statutes. It is a
construction that harmonizes the two sections. It conforms to the
established canon of statutory construction that "[w]e must read
the statutes [in those instances where there is any possible
conflict] to give effect to each if we can do so while preserving their
sense and purpose."

788 F.2d at 1011, *quoting Watts v. Alaska*, 451 U.S. 259, 267 (1981) (emphasis added) (other

citations omitted).

The *Robins* court thus drew a sharp distinction between personal injury suits against the

debtor and other suits related to the bankruptcy. As to personal injury suits against *the debtor

only*, the venue-fixing power lies in the district court where the bankruptcy pends, as spelled out

in section 157(b)(5). For all other cases, even those "related to" the bankruptcy, transfer of

venue is determined under section 1412, which assigns that question to the district court where

the particular suit is pending. The Big Three's argument in this case depends on reading section

157(b)(5) as though its scope were coextensive with "related to" jurisdiction. Yet, the *Robins*

decision explicitly rejects this approach.

The line drawn in *Robins* between tort suits against the debtor and all other "related to"

litigation is not blurred to any significant degree by the presence of related-party co-defendants in

the Dalkon Shield tort suits. Those co-defendants were not unaffiliated persons linked to Robins

only by some improbable claim to implied indemnity, but officers and employees of Robins who

PLAINTIFFS' RESPONSE TO DAIMLERCHRYSLER'S NOTICE 4

had been joined in the litigation as surrogates for Robins itself in an effort to circumvent the automatic stay and tap into Robins' insurance. *See* 788 F.2d at 1007.[1]   Another point of contrast between *Robins* and the instant case is that the transfer order in *Robins* affected only tort suits that actually involved the Dalkon Shield, Robins' product, whereas the Big Three here are attempting to force all asbestos-related friction products tort suits into the Federal-Mogul forum, even as to cases that do not touch on a product attributable to Federal-Mogul.

It must not be overlooked that the Big Three are seeking to bar state tribunals (where most asbestos litigation takes place) from proceeding with any asbestos-related friction products claims against them.   This drastic proposal cannot be squared with the statutes Congress has carefully crafted to balance federal jurisdiction against the authority of the state courts.   Just as 28 U.S.C. § 157(b)(5) bows to section 1412 in the allocation of responsibility among the district courts for claims against the Big Three in the federal system, section 1452 of the same title governs removal from the state courts of cases that are subject to bankruptcy jurisdiction.   Under section 1452,

> (a) A party may remove any claim or cause of action in any civil action . . . *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452 (emphasis added).

---

[1]Aetna, Robins' insurer, was also a co-defendant in some cases, and the named individuals were co-insureds under the policies, as well as beneficiaries of undisputed contractual rights of indemnification. *See* 788 F.2d at 1007.   As the insurance was property of the Robins estate, all of the defendants were held to be protected by the automatic stay. *Id.* at 1001-02.   By contrast, as shown above, independent third parties like the Big Three are not so intertwined with the debtor and its property that a suit against them can plausibly be considered tantamount to a suit against the debtor.

This statute dictates that removal is the normal route into the federal system for cases that are legitimately related to a bankruptcy. This statute would become largely superfluous if, as the Big Three would have it, every personal injury case that could be argued to be "related to" a bankruptcy under a virtually limitless conception of section 1334(b) were eligible to be transferred under section 157(b)(5) without having been validly removed under section 1452(a). Just as *Robins* refused to give section 157(b)(5) precedence over the general venue statute as regards personal injury actions against entities that are not debtors and are not closely affiliated with a debtor, so the statutory scheme must not be distorted by allowing section 157(b)(5) to preempt removal proceedings in such cases.

Anticipating, perhaps, the futility of their effort to scuttle the removal statute, the Big Three are now engaged in the wholesale filing of removal notices in state court asbestos litigation across the nation. Asbestos claimants are responding as required by the rules, and district judges throughout the land are thus receiving and entertaining remand motions. This is as it should be, for the exercise of discretion to remand is vested by statute in the removal districts, and not in a Delaware District Court. Congress made plain that such discretion resides *exclusively* in the remand courts when it provided that their decisions remanding or declining to remand are not "reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States." 28 U.S.C. § 1452(b). It stands to reason that if the Supreme Court cannot second-guess the rulings of a remand court, there can be no warrant for a Delaware Court to prevent the this Court from exercising its exclusive decision-making powers at all. The Big Three's suggestion that a Delaware District Court can ignore the statutory scheme and claim for

itself the exclusive jurisdiction of other federal district courts, all with the aim of leap-frogging over removal and remand proceedings altogether, is simply contrary to law.

## III.   CONCLUSION

This Court, not a Federal District Court in Delaware, maintains sole jurisdiction to make the decision to either remand part or all of this case back to state court or to transfer part or all of this case to the Delaware Court. The Big Three erroneously claim that the Honorable Alfred M. Wolin now has sole jurisdiction of this case pursuant to his order allegedly provisionally transferring this case to the Delaware Court. The Big Three's assertion that a Federal District Judge in Delaware has the authority to usurp this Court's authority and unilaterally transfer cases pending in this Court is not supported by the relevant statutory or case law. Accordingly, the Big Three's claim that this Court is without jurisdiction over this case is incorrect, and should therefore be ignored by this Court in its disposition of this case.

## IV.   RELIEF REQUESTED

Plaintiffs urge this Court to disregard the Notice, continue to exercise its exclusive authority and jurisdiction over the removal and remand proceedings of this case and make a determination of the merits of Plaintiffs' Motion to Remand which has been on this day filed by Plaintiffs with this Court.

Respectfully Submitted,

Robert M. Campbell
Bar Card No. 00000028

PLAINTIFFS' RESPONSE TO DAIMLERCHRYSLER'S NOTICE 7

David E. Cherry
 Bar Card No. 04176000

CAMPBELL~CHERRY~HARRISON~
DAVIS~DOVE
P.O. Drawer 21387
Waco; Texas 76702-1387
5 Ritchie Road
Waco, Texas 76712
Phone: (254) 761-3300
Fax:     (254) 761-3301

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that I have this eighteenth day of December, 2001 forwarded by U.S. mail, postage prepaid, a true and correct copy of the foregoing Plaintiffs' Response to DaimlerChrysler's Notice of Order Provisionally Transferring Friction Product Claims against DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation to the United States District Court for the District of Delaware to all counsel of record on the attached Service List.

David E. Cherry

# SERVICE LIST

**DaimlerChrysler Corp.**
Robert E. Thackston
Jenkins & Gilchrist, P.C.
1445 Ross Avenue, Suite 3200
Dallas, TX 75202
*Certified Mail No. 7000 1670 0000 9399 4995*
*Return Receipt Requested*

**Ford Motor Co.**
John Henderson
Brown McCarroll, L.L.P.
2001 Ross Avenue
Dallas, TX 75201-6929
*Certified Mail No. 7000 1670 0000 9399 5008*
*Return Receipt Requested*

**General Motors Corp.**
Stephen C. Schoettmer
Thompson & Knight, L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, TX 75202
*Certified Mail No. 7000 1670 0000 9399 5015*
*Return Receipt Requested*

**Allied Signal, Inc.**
Dawn M. Wright
Thompson & Knight
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201-4693
*Certified Mail No. 7000 1670 0000 9399 5114*
*Return Receipt Requested*

**Metropolitan Life Insurance Company**
John L. Hill, Jr.
Liddell, Sapp, Zivley, Hill and LaBoon, LLP
3400 Chase Tower, 600 Travis
Houston, Texas 77002-3095
*Certified Mail No. 7000 1670 0000 9399 5107*
*Return Receipt Requested*

**Borg Warner Corporation**
Elizabeth L. Phifer
Godwin, White & Gruber
901 Main Street, Suite 2500
Dallas, Texas 75202-3725
*Certified Mail No. 7000 1670 0000 9399 5091*
*Return Receipt Requested*

**Cooper Industries**
J. D. Head
Ford, Ferraro, Frizt, Byrne, Rhea & Head, L.L.P.
2000 San Jacinto Center
98 San Jacinto Boulevard
Austin, Texas 78701
*Certified Mail No. 7000 1670 0000 9399 5084*
*Return Receipt Requested*

**The Standard Oil Company; BP America Inc.**
Marsha L. Montgomery
Squire, Sanders & Dempsey, LLP
6250 Texas Commerce Tower
600 Travis
Houston, Texas 77002
*Certified Mail No. 7000 1670 0000 9399 5077*
*Return Receipt Requested*

**Carlisle Companies, Inc.**
Arthur R. Almquist
Mehaffy & Weber
500 Dallas Street, Suite 1200
Houston, Texas 77002
*Certified Mail No. 7000 1670 0000 9399 5060*
*Return Receipt Requested*

**Moog Automotive, Inc., successor to Wagner
Electric Corporation;
Pneumo Abex Corporation**
Jamshyd (Jim) Zadeh
Bourland, Kirkman, Seidler & Evans
201 Main Street, Suite 1400
Fort Worth, Texas 76102
*Certified Mail No. 7000 1670 0000 9399 5053*
*Return Receipt Requested*

**Friendly Chevrolet Co.**
Stephen A. Khoury
Kelsoe, Anderson & Khoury
5830 Alpha Road
Dallas, Texas 75240
*Certified Mail No. 7000 1670 0000 9399 5046*
*Return Receipt Requested*

**Hudiburg Chevrolet, Ltd. f/k/a Hudiburg
Chevrolet**
Mark W. Gilbert
Touchstone, Bernays, Johnston, Beall & Smith
4700 Renaissance Tower
1201 Elm Street
Dallas, Texas 75270-2196
*Certified Mail No. 7000 1670 0000 9399 5039*
*Return Receipt Requested*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ADELINE P. WARD, INDIVIDUALLY | § | |
| AND AS INDEPENDENT EXECUTIRX | § | |
| OF THE ESTATE OF FRANCES C. WARD, | § | |
| DECEASED AND JOHN WARD | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIV. ACTION NO. W01CA336 |
| | § | |
| DAIMLER CHRYSLER CORPORATION | § | |
| FORD MOTOR COMPANY, GENERAL | § | |
| MOTORS CORPORATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

## ORDER ON PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE
## TO FILE BRIEF IN EXCESS OF TEN PAGES

Came now to be considered Plaintiffs' unopposed motion for leave to file brief in excess

of the ten (10) page limit prescribed by the local rules.  The Court finds that the motion has

merit, and Plaintiffs are hereby granted leave to file their motion for remand, for untimely filing of

the notice of removal, for lack of subject matter jurisdiction, for mandatory abstention, for

discretionary abstention, or in the alternative for severance of any and all claims against the

debtor in bankruptcy and remand of all other claims back to state court, in excess of the page

limit set by the local rules of this Court.

Signed this _____ day of _____.

_____
United States District Judge

J

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# FILED

In Re Asbestos Products
Liability Litigation (No. VI)

JAN 1 6 2002     MDL 875

See Attached List of Cases

MICHAEL E. KUNZ, Clerk

X

By_____ Dep. Clerk

## ORDER

The Court having been advised that the issues raised in each of these actions are also presently pending before the Honorable District Court Judge Alfred Wolin.  Judge Wolin has been specially designated to sit in the District of Delaware and preside over these matters.  Further, the Judge has set a schedule and will proceed appropriately.  In the interest of judicial economy and for a prompt resolution of all outstanding issues this Court will hold its action in abeyance and await the ruling by the Bankruptcy Court.

IT IS THEREFORE THE ORDER OF THIS COURT that all pending motions for abstention and remand are denied without prejudice at this time with leave to renew at a later date.  The cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issues by Judge Wolin.

DONE this 15th day of January, 2002.

BY THE COURT

Charles R. Weiner          S.J.

THOMAS A. ANAPOL, ESQ.
PETER G. ANGELOS, ESQ.
LEE R. BALEFSKY, ESQ.
MARGARET A. BARRY, ESQ.
ALAN S. BATTISTI, ESQ.
EDWIN H. BEACHLER, ESQ.
BRUCE H. BIKIN, ESQ.
BARRY H. BOISE, ESQ.
LAURENCE H. BROWN, ESQ.
BARBARA J. BUBA, ESQ.
GREGORY N. BUNITSKY, ESQ.
SHARON L. CAFFREY, ESQ.
GERALD CEDRONE, ESQ.
LAWRENCE R. COHAN, ESQ.
JOHN W. DORNBERGER, ESQ.
EDWARD T. FINCH, ESQ.
FRANK FINCH, III, ESQ.
JAMES T. FITZGERALD, ESQ.
EDWARD M. GARRIGAN-NASS, ESQ.
FREDRIC L. GOLDFEIN, ESQ.
DENNIS J. GRUENKE, ESQ.
RICHARD P. HACKMAN, ESQ.
ROBERT J. HAFNER, ESQ.
LARRY HAFT, ESQ.
EUGENE HAMILL, ESQ.
GEORGE W. HOWARD, ESQ.
LELAND I. KELLNER, ESQ.
MARK A. KOWIT, ESQ.
MICHAEL B. LEH, ESQ.
HEATHER J. LIPSON, ESQ.
LAMONT G. MCCLURE, JR., ESQ.
JOHN C. MCMEEKIN, II, ESQ.
MARLA A. MACEY, ESQ.
EDWARD P. MONAGHAN, ESQ.
PETER J. NEESON, ESQ.
THOMAS P. NOVAK, ESQ.
ROBERT E. PAUL, ESQ.
ALLEN L. ROTHENBERG, ESQ.
ROBERT W. ROWAN, ESQ.
SUSAN B. SATKOWSKI, ESQ.
STEWART R. SINGER, ESQ.
MARK G. STRAUSS, ESQ.
WILLIAM C. SULLIVAN, ESQ.
GEORGE A. WEBER, ESQ.
STEPHEN W. WILSON, ESQ.

| | | CV | Case# | Date | Name | Company | Ref# | Ref Name |
|---|---|---|---|---|---|---|---|---|
| 2 | 1 | CV | 5901 | 11/29/01 | HAMILL | PNEUMO ABEX CORPORAT | 132 | FATZ |
| 2 | 1 | CV | 5902 | 11/29/01 | BROWN | CRF CORPORATION | 109 | BRODY |
| 2 | 1 | CV | 5903 | 11/29/01 | GRIMES | A C & S, INC. | 222 | SCHILLER |
| 2 | 1 | CV | 5905 | 11/29/01 | COADY | A C & S, INC. | 123 | MANCHESTER |
| 2 | 1 | CV | 6042 | 12/03/01 | BULLEN | APARSTRONG WORLD | 123 | GRABEN |
| 2 | 1 | CV | 6095 | 12/05/01 | BUTCHER | PNEUMO ABEX | 222 | SCHILLER |
| 2 | 1 | CV | 6096 | 12/05/01 | DENT | AC&S, INC. | 115 | HEINER |
| 2 | 1 | CV | 6097 | 12/05/01 | HAPPENAU | AC&S, INC. | 134 | KELLY |
| 2 | 1 | CV | 6098 | 12/05/01 | LANITS | AC&S, INC. | 222 | SOURICK |
| 2 | 1 | CV | 6099 | 12/05/01 | HARVEY | AC&S, INC. | 223 | TUCKER |
| 2 | 1 | CV | 6100 | 12/05/01 | BAILEY | A.P. GREEN INDUSTRIES | 221 | TUCKER |
| 2 | 1 | CV | 6111 | 12/06/01 | MCCLANAHAN | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 2 | 2 | CV | 6165 | 12/11/01 | ABBOTT | DAIMLERCHRYSLER CORP | 222 | SCHILLER |
| 2 | 2 | CV | 6166 | 12/11/01 | ALBRIGHT | GENERAL MOTORS CORP | 205 | PADOVA |
| 2 | 2 | CV | 6167 | 12/11/01 | ALBRIGHT | DAIMLERCHRYSLER CORP. | 131 | HUTTON |
| 2 | 2 | CV | 6168 | 12/11/01 | ALEXANDER | DAIMLERCHRYSLER CORP | 222 | SCHILLER |
| 2 | 2 | CV | 6169 | 12/11/01 | ALLEN | DAIMLERCHRYSLER | 222 | SCHILLER |
| 2 | 2 | CV | 6170 | 12/11/01 | ARNDT | DAIMLERCHRYSLER | 135 | VAN ANTWERPEN |
| 2 | 2 | CV | 6171 | 12/11/01 | UANCH | DAIMLERCHRYSLER CORP | 204 | DALGEIL |
| 2 | 2 | CV | 6172 | 12/11/01 | DAMASTINO | FORD MOTOR COMPANY | 205 | PADOVA |
| 2 | 2 | CV | 6173 | 12/11/01 | BANT | GENERAL MOTORS CORP. | 209 | BRODY |
| 2 | 2 | CV | 6174 | 12/11/01 | BENSON | GENERAL MOTORS CORP | 205 | PADOVA |
| 2 | 2 | CV | 6175 | 12/11/01 | BERRY | DAIMLERCHRYSLER CORP | 134 | KELLY |
| 2 | 2 | CV | 6176 | 12/11/01 | BERRY | DAIMLERCHRYSLER CORP | 208 | RUBREZZO |
| 2 | 2 | CV | 6177 | 12/11/01 | BHATA | DAIMLERCHRYSLER CORP. | 204 | DALGEIL |
| 2 | 2 | CV | 6178 | 12/11/01 | BERTHEL | DAIMLERCHRYSLER | 135 | VAN ANTWERPEN |
| 2 | 2 | CV | 6179 | 12/11/01 | BORUAN | DAIMLERCHRYSLER CORP | 203 | YOUN |
| 2 | 2 | CV | 6181 | 12/11/01 | BONUAN | DAIMLERCHRYSLER CORP | 203 | YOUN |
| 2 | 2 | CV | 6182 | 12/11/01 | BOYD | GENERAL MOTORS CORP. | 206 | JOYNER |
| 2 | 2 | CV | 6183 | 12/11/01 | BOYLE | DAIMLERCHRYSLER CORP | 203 | YOUN |
| 2 | 2 | CV | 6184 | 12/11/01 | BROOKER | DAIMLERCHRYSLER CORP | 117 | BUCKWALTER |
| 2 | 2 | CV | 6185 | 12/11/01 | BROOM | GENERAL MOTORS CORP | 209 | BRODY |
| 2 | 2 | CV | 6186 | 12/11/01 | BROWN | DAIMLERCHRYSLER CORP | 221 | BRODY |
| 2 | 2 | CV | 6188 | 12/11/01 | BROWN | DAIMLERCHRYSLER CORP | 134 | KELLY |
| 2 | 2 | CV | 6189 | 12/11/01 | BROWN | GENERAL MOTORS CORP. | 206 | JOYNER |
| 2 | 2 | CV | 6190 | 12/11/01 | BROWN | DAIMLERCHRYSLER CORP | 119 | HUTTON |
| 2 | 2 | CV | 6191 | 12/11/01 | BRYSON | DAIMLERCHRYSLER CORP | 115 | HEINER |
| 2 | 2 | CV | 6192 | 12/11/01 | BURROWS | GENERAL MOTORS | 223 | SOURICK |
| 2 | 2 | CV | 6193 | 12/11/01 | CANNON | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 2 | 2 | CV | 6194 | 12/11/01 | CAPONE | DAIMLERCHRYSLER CORP. | 264 | KAUFMAN |
| 2 | 2 | CV | 6195 | 12/11/01 | CAROSELLI | FORD MOTOR COMPANY | 139 | HUTTON |
| 2 | 2 | CV | 6196 | 12/11/01 | CASSIDY | DAIMLERCHRYSLER | 147 | BUCKWALTER |
| 2 | 2 | CV | 6197 | 12/11/01 | CHRISTOPHER | FORD MOTOR COMPANY | 204 | DALGEIL |
| 2 | 2 | CV | 6198 | 12/11/01 | COTTRELL | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 2 | 2 | CV | 6199 | 12/11/01 | COMELL | DAIMLERCHRYSLER CORP | 139 | GINES |
| 2 | 2 | CV | 6202 | 12/11/01 | CRAMMER | DAIMLERCHRYSLER CORP | 223 | SOURICK |
| 2 | 2 | CV | 6203 | 12/11/01 | DAY | FORD MOTOR COMPANY | 203 | YOUN |
| 2 | 2 | CV | 6204 | 12/11/01 | DEIL | DODGECIT | 147 | BUCKWALTER |
| 2 | 2 | CV | 6205 | 12/11/01 | DHOGST | FORD MOTOR COMPANY | 209 | BRODY |
| 2 | 2 | CV | 6206 | 12/11/01 | DIEGORA | DAIMLERCHRYSLER CORP | 214 | KAUFMAN |
| 2 | 2 | CV | 6208 | 12/11/01 | DISTEFANO | DAIMLERCHRYSLER CORP | 216 | KAUFMAN |
| 2 | 2 | CV | 6209 | 12/11/01 | COLEMAN | DAIMLERCHRYSLER CORP | 134 | KELLY |
| 2 | 2 | CV | 6210 | 12/11/01 | DONOPRIO | SAIMLERCHRYSLER CORP | 135 | HEINER |
| 2 | 2 | CV | 6211 | 12/11/01 | DYER | DAIMLERCHRYSLER CORP | 221 | TUCKER |
| 2 | 2 | CV | 6212 | 12/11/01 | DUNHAM | FORD MOTOR COMPANY | 201 | BRODY |
| 2 | 2 | CV | 6213 | 12/11/01 | DANNER | GENERAL MOTORS CORP | 115 | HEINHA |
| 2 | 2 | CV | 6214 | 12/11/01 | WARD | DAIMLERCHRYSLER CORP | 203 | YOUN |
| 2 | 2 | CV | 6215 | 12/11/01 | KEIL | DAIMLERCHRYSLER CORP. | 221 | TUCKER |
| 2 | 2 | CV | 6216 | 12/11/01 | KILDING | GENERAL MOTORS CORP. | 135 | VAN ANTWERPEN |
| 2 | 2 | CV | 6218 | 12/11/01 | KEENS | DAIMLERCHRYSLER CORP | 214 | KAUFMAN |
| 2 | 2 | CV | 6219 | 12/11/01 | LANTER | GENERAL MOTORS CORP. | 135 | HEINER |
| 2 | 2 | CV | 6220 | 12/11/01 | LIGA | GENERAL MOTORS CORP. | 209 | ROBBEND |
| 2 | 2 | CV | 6221 | 12/11/01 | LUCAS | DAIMLERCHRYSLER CORP | 221 | TUCKER |
| 2 | 2 | CV | 6222 | 12/11/01 | LYONS | DAIMLERCHRYSLER CORP | 131 | KELLY |
| 2 | 1 | CV | 6223 | 12/11/01 | MAGUIRE | DAIMLERCHRYSLER CORP | 134 | KELLY |

| | | | Plaintiff | Defendant | Judge |
|---|---|---|---|---|---|
| 1 | cv | 422 | 12/11/01 MORGAN | GENERAL MOTORS CORP | 134 KELLY |
| 1 | cv | 425 | 12/11/01 MORRIS | GENERAL MOTORS CORP | 135 PADOVA |
| 1 | cv | 426 | 12/11/01 ORLOSKI | DAIMLERCHRYSLER CORP | 205 VAN ANTWERPEN |
| 1 | cv | 427 | 12/11/01 PERDICARO | DAIMLERCHRYSLER | 269 BRODY |
| 1 | cv | 429 | 12/11/01 PRESSEY | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 1 | cv | 430 | 12/11/01 REHMER | FORD MOTOR COMPANY | 135 VAN ANTWERPEN |
| 1 | cv | 431 | 12/11/01 SMOLSKIS | GENERAL MOTORS CORP | 216 KAUFFMAN |
| 1 | cv | 432 | 12/11/01 SWARICART | DAIMLERCHRYSLER CORP | 272 SCHILLER |
| 1 | cv | 433 | 12/11/01 TILLETT | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 1 | cv | 434 | 12/11/01 TUCK | DAIMLERCHRYSLER CORP | 203 YOHN |
| 1 | cv | 435 | 12/11/01 YODER | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 1 | cv | 454 | 12/12/01 LOMBARDO | GENERAL MOTORS CORP | 135 VAN ANTWERPEN |
| 1 | cv | 455 | 12/12/01 NOVAK | GENERAL MOTORS CORP | 136 VAN ANTWERPEN |
| 1 | cv | 456 | 12/12/01 MATUSKOWITZ | DAIMLERCHRYSLER CORP | 139 O'NEILL |
| 1 | cv | 457 | 12/12/01 MORELLO | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 1 | cv | 458 | 12/12/01 CULLIS | DAIMLERCHRYSLER CORP | 209 BRODY |
| 1 | cv | 459 | 12/12/01 PALERMO | GENERAL MOTORS CORP | 203 YOHN |
| 1 | cv | 485 | 12/13/01 ADELER | GENERAL MOTORS CORP | 221 TUCKER |
| 1 | cv | 486 | 12/13/01 ELLIS | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 1 | cv | 488 | 12/13/01 ELWELL | FORD MOTOR COMPANY | 208 DALZELL |
| 1 | cv | 489 | 12/13/01 PACNANO | GENERAL MOTORS CORP | 232 SCHILLER |
| 1 | cv | 490 | 12/13/01 FEUSTEL | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 1 | cv | 491 | 12/13/01 FIGIELEINNODD | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 1 | cv | 492 | 12/13/01 FINN | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 1 | cv | 493 | 12/13/01 GOTZ | DAIMLERCHRYSLER CORP | 204 DALZELL |
| 1 | cv | 494 | 12/13/01 GLICK | DAIMLERCHRYSLER CORP | 209 BRODY |
| 1 | cv | 495 | 12/13/01 HALL | GENERAL MOTORS CORP | 206 ROBRENO |
| 1 | cv | 496 | 12/13/01 HEDDRICKS | FORD MOTOR COMPANY | 134 KELLY |
| 1 | cv | 498 | 12/13/01 GREGORY | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 1 | cv | 499 | 12/13/01 HERSHMONTES | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 1 | cv | 500 | 12/13/01 JOVROGAL | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 1 | cv | 502 | 12/13/01 KAROINA | DAIMLERCHRYSLER CORP | 115 WEINER |
| 1 | cv | 503 | 12/13/01 KLATNSCHREITER | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 1 | cv | 504 | 12/13/01 LUTTER | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 1 | cv | 505 | 12/13/01 MCCARDEN | DAIMLERCHRYSLER CORP | 209 PADOVA |
| 1 | cv | 506 | 12/13/01 MCCLURE | GENERAL MOTORS CORP | 135 VAN ANTWERPEN |
| 1 | cv | 507 | 12/13/01 MCFADDEN | DAIMLERCHRYSLER CORP | 115 WEINER |
| 1 | cv | 508 | 12/13/01 DODSON | GENERAL MOTORS | 209 BRODY |
| 1 | cv | 509 | 12/13/01 DOUGHERTY | GENERAL MOTORS | 206 JOYNER |
| 1 | cv | 510 | 12/13/01 DUGAN | DAIMLERCHRYSLER CORP | 203 YOHN |
| 1 | cv | 511 | 12/13/01 DASH | DAIMLERCHRYSLER CORP | 209 BRODY |
| 1 | cv | 512 | 12/13/01 DICAGLANTONIO | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 1 | cv | 513 | 12/13/01 DIMININA | DAIMLERCHRYSLER | 115 WEINER |
| 1 | cv | 514 | 12/13/01 DOUBRIDGE | GENERAL MOTORS CORP | 208 ROBRENO |
| 1 | cv | 515 | 12/13/01 COVERLY | DAIMLERCHRYSLER CORP | 139 GILES |
| 1 | cv | 516 | 12/13/01 CUBBI | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 1 | cv | 517 | 12/13/01 CALDERWOOD | DAIMLERCHRYSLER CORP | 203 YOHN |
| 1 | cv | 518 | 12/13/01 CARRIGAN | GENERAL MOTORS | 134 KELLY |
| 1 | cv | 519 | 12/13/01 CARUSO | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 1 | cv | 530 | 12/13/01 CASTALDI | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 1 | cv | 531 | 12/13/01 COPPOLA | GENERAL MOTORS CORP | 209 PADOVA |
| 1 | cv | 532 | 12/13/01 CORRON | GENERAL MOTORS CORP | 208 DALZELL |
| 1 | cv | 533 | 12/13/01 COAY | GENERAL MOTORS CORP | 147 BUCKWALTER |
| 1 | cv | 524 | 12/13/01 BRADLEY | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 1 | cv | 525 | 12/13/01 BRAY | GENERAL MOTORS CORP | 208 DALZELL |
| 1 | cv | 526 | 12/13/01 BROWI | DAIMLERCHRYSLER CORP | 129 GILES |
| 1 | cv | 527 | 12/13/01 BYSSEK | GENERAL MOTORS CORP | 223 SURRICK |
| 1 | cv | 528 | 12/13/01 ABRAHAM | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 1 | cv | 529 | 12/13/01 ACE | DAIMLERCHRYSLER | 208 ROBRENO |
| 1 | cv | 530 | 12/13/01 ALESTO | DAIMLERCHRYSLER CORP | 223 SCHILLER |
| 1 | cv | 531 | 12/13/01 ALAXI | DAIMLERCHRYSLER | 203 YOHN |
| 1 | cv | 532 | 12/13/01 ALSTON | GENERAL MOTORS CORP | 216 KAUFFMAN |
| 1 | cv | 533 | 12/13/01 AYOLA | DAIMLERCHRYSLER CORP | 223 SURRICK |

| | Case | Date | Plaintiff | Defendant | Judge |
|---|---|---|---|---|---|
| 2 CV | 6439 | 12/14/01 | SILLAS | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 2 CV | 6440 | 12/14/01 | BOISSY | DAIMLERCHRYSLER CORP | 214 KAUFFMAN |
| 2 CV | 6441 | 12/14/01 | BORGMANN | DAIMLERCHRYSLER CORP | 222 SCHILLER |
| 2 CV | 6442 | 12/14/01 | BUSH | DAIMLERCHRYSLER CORP | 221 HUTTON |
| 2 CV | 6443 | 12/14/01 | BUTLER | DAIMLERCHRYSLER CORP | 204 DALZELL |
| 2 CV | 6447 | 12/14/01 | CICHOLOWSKI | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 2 CV | 6448 | 12/14/01 | COLLINS | DAIMLERCHRYSLER CORP | 209 BRODY |
| 2 CV | 6449 | 12/14/01 | DIEMAVIA | DAIMLERCHRYSLER CORP | 135 VAN ANTWERPEN |
| 2 CV | 6450 | 12/14/01 | DOANART | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 2 CV | 6451 | 12/14/01 | DODICK | DAIMLERCHRYSLER CORP | 134 KELLY |
| 2 CV | 6452 | 12/14/01 | BAIL | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 2 CV | 6453 | 12/14/01 | EVANS | DAIMLERCHRYSLER CORP | 227 TUCKER |
| 2 CV | 6454 | 12/14/01 | FALZONE | DAIMLERCHRYSLER CORP | 209 BRODY |
| 2 CV | 6456 | 12/14/01 | FARAS | DAIMLERCHRYSLER CORP | 201 DALZELL |
| 2 CV | 6457 | 12/14/01 | FOSTER | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 2 CV | 6458 | 12/14/01 | GATTONE | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 2 CV | 6459 | 12/14/01 | KNEEHAMALT | DAIMLERCHRYSLER CORP | 201 YOHN |
| 2 CV | 6440 | 12/14/01 | GEIGER | DAIMLERCHRYSLER CORP | 134 KELLY |
| 2 CV | 6441 | 12/14/01 | GUOMACK | DAIMLERCHRYSLER CORP | 115 WEINER |
| 2 CV | 6462 | 12/14/01 | GRHAN | GREEN | 115 WEINER |
| 2 CV | 6463 | 12/14/01 | GUINNI | DAIMLERCHRYSLER CORP | 209 ROBRENO |
| 2 CV | 6465 | 12/14/01 | HECKEY | DAIMLERCHRYSLER CORP | 230 MCLAUGHLIN |
| 2 CV | 6466 | 12/14/01 | JONES | DAIMLERCHRYSLER CORP | 223 SCHILLER |
| 2 CV | 6468 | 12/14/01 | KANDIVAL | KARDOVAL | 134 KELLY |
| 2 CV | 6470 | 12/14/01 | KAS | DAIMLERCHRYSLER CORP | 201 YOHN |
| 2 CV | 6471 | 12/14/01 | KNAPP | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 2 CV | 6472 | 12/14/01 | KRAUSE | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 2 CV | 6473 | 12/14/01 | LASSITER | DAIMLERCHRYSLER CORP | 208 ROBRENO |
| 2 CV | 6475 | 12/14/01 | LAGAN | DAIMLERCHRYSLER CORP | 201 YOHN |
| 2 CV | 6476 | 12/14/01 | LOMBARDO | DAIMLERCHRYSLER CORP | 222 SCHILLER |
| 2 CV | 6437 | 12/14/01 | HAUTZ | DAIMLERCHRYSLER CORP | 201 DALZELL |
| 2 CV | 6484 | 12/14/01 | MCGEE | DAIMLERCHRYSLER CORP | 209 BRODY |
| 2 CV | 6485 | 12/14/01 | MILLER | DAIMLERCHRYSLER CORP | 230 MCLAUGHLIN |
| 2 CV | 6486 | 12/14/01 | HINKS | DAIMLERCHRYSLER CORP | 241 KAUFFMAN |
| 2 CV | 6487 | 12/14/01 | MONTOYA | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 2 CV | 6488 | 12/14/01 | HULL | DAIMLERCHRYSLER CORP | 209 BRODY |
| 2 CV | 6491 | 12/14/01 | NAPOLI | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 2 CV | 6492 | 12/14/01 | SHANDOO | DAIMLERCHRYSLER CONV | 221 TUCKER |
| 2 CV | 6493 | 12/14/01 | PAPPAS | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 2 CV | 6494 | 12/14/01 | PARENTI | DAIMLERCHRYSLER CORP | 246 JOYNER |
| 2 CV | 6496 | 12/14/01 | PERKINS | DAIMLERCHRYSLER CORP | 135 VAN ANTWERPEN |
| 2 CV | 6495 | 12/14/01 | NESIVIK | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 2 CV | 6496 | 12/14/01 | RUSH | DAIMLERCHRYSLER CORP | 220 MCLAUGHLIN |
| 2 CV | 6497 | 12/14/01 | HUGHAS | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 2 CV | 6498 | 12/14/01 | VAGDAS | DAIMLERCHRYSLER CONV | 135 VAN ANTWERPEN |
| 2 CV | 6598 | 12/14/01 | GILL | DAIMLERCHRYSLER CORP | 201 YOHN |
| 2 CV | 6503 | 12/14/01 | TACCARD | DAIMLERCHRYSLER CORP | 201 PADOVA |
| 2 CV | 6506 | 12/14/01 | STIMPIES | FORD MOTOR COMPANY | 125 GILES |
| 2 CV | 6507 | 12/14/01 | SMITH | DAIMLERCHRYSLER | 208 ROBRENO |
| 2 CV | 6598 | 12/14/01 | STRICKHOUSER | FORD MOTOR COMPANY | 135 VAN ANTWERPEN |
| 2 CV | 6509 | 12/14/01 | TRIPPERMAN | DAIMLERCHRYSLER CORP | 145 WEINER |
| 2 CV | 6510 | 12/14/01 | VAIL | DAIMLERCHRYSLER | 220 MCLAUGHLIN |
| 2 CV | 6514 | 12/14/01 | MAGUIER | DAIMLERCHRYSLER | 204 DALZELL |
| 2 CV | 6514 | 12/14/01 | PRANGE | DAIMLERCHRYSLER | 115 WEINER |
| 2 CV | 6516 | 12/14/01 | MEYERS | DAIMLERCHRYSLER | 115 MCINEA |
| 2 CV | 6518 | 12/14/01 | SIEGLMONT | ZIELINSKI | 206 JOYNER |
| 2 CV | 6519 | 12/14/01 | TORGGY | DAIMLERCHRYSLER CORP | 201 YOHN |
| 2 CV | 6520 | 12/14/01 | TORRESN | DAIMLERCHRYSLER | 205 PADOVA |
| 2 CV | 6521 | 12/14/01 | VESNER | FORD MOTOR COMPANY | 221 SURRICK |
| 2 CV | 6552 | 12/19/01 | BELINSKY | DAIMLERCHRYSLER | 208 ROBRENO |
| 2 CV | 6553 | 12/19/01 | EGBERIOG | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 2 CV | 6556 | 12/19/01 | BUTLER | HONEYWELL INT'L, INC | 139 HUTTON |
| 2 CV | 6557 | 12/19/01 | BUTLER | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 2 CV | 6558 | 12/19/01 | BOYD | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 2 CV | 6559 | 12/19/01 | BOYD | HONEYWELL INT'L, INC | 201 DALZELL |

| | No. | Date | Plaintiff | Defendant | Judge |
|---|---|---|---|---|---|
| 1 cv | 6560 | 12/19/01 | BORGA | HONEYWELL INT'L, INC | 221 TUCKER |
| 1 cv | 6561 | 12/19/01 | BUSBY | HONEYWELL INT. | 204 DALZELL |
| 1 cv | 6562 | 12/19/01 | BROWN | HONEYWELL INT. | 139 HUTTON |
| 1 cv | 6563 | 12/19/01 | BENGSON | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 cv | 6564 | 12/19/01 | FAUST | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 1 cv | 6565 | 12/19/01 | CAPONE | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 6566 | 12/19/01 | BYRNE | HONEYWELL INT'L, INC | 204 JOYNER |
| 1 cv | 6569 | 12/19/01 | VAIL | HONEYWELL INT'L, INC | 135 MEIER |
| 1 cv | 6570 | 12/19/01 | THOMPSON-SOUDERS | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 1 cv | 6571 | 12/19/01 | KRAUS | HONEYWELL INTERNATIO | 134 KELLY |
| 1 cv | 6572 | 12/19/01 | JARVOT | HONEYWELL INTERNATIO | 204 ROBRENO |
| 1 cv | 6573 | 12/19/01 | CHAPMAN | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 1 cv | 6574 | 12/19/01 | ALEXANDER | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 cv | 6575 | 12/19/01 | HAHN | HONEYWELL INTERNATIO | 202 YOHN |
| 1 cv | 6577 | 12/19/01 | FOSTER | HONEYWELL INT'L, INC | 203 PADOVA |
| 1 cv | 6578 | 12/19/01 | BROWN | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 cv | 6579 | 12/19/01 | DODSON | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 6580 | 12/19/01 | BERRY | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 cv | 6581 | 12/19/01 | NATALE | HONEYWELL INTERNATIO | 134 KELLY |
| 1 cv | 6582 | 12/19/01 | ALBRIGHT | HONEYWELL INT'L, INC | 129 GILES |
| 1 cv | 6583 | 12/19/01 | PRESLEY | HONEYWELL INT'L, INC | 204 JOYNER |
| 1 cv | 6584 | 12/19/01 | DYER | HONEYWELL INT'L, INC | 208 ROBRENO |
| 1 cv | 6585 | 12/19/01 | BRYSON | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 6586 | 12/19/01 | MAND | HONEYWELL INT'L, INC | 221 TUCKER |
| 1 cv | 6589 | 12/19/01 | BARNES | HONEYWELL INTERNATIO | 204 DALZELL |
| 1 cv | 6600 | 12/19/01 | BURGESS | ON HOLDCHRYSLER CORP | 203 YOHN |
| 1 cv | 6601 | 12/19/01 | BURGESS | DAIMLERCHRYSLER CORP | 135 MEIER |
| 1 cv | 6627 | 12/20/01 | PALMER | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 1 cv | 6628 | 12/20/01 | RUNDLE | HONEYWELL INC. | 221 TUCKER |
| 1 cv | 6629 | 12/20/01 | IANNELLO | OWENS CORNING FIBER | 134 KELLY |
| 1 cv | 6630 | 12/20/01 | STRICKHOUSE | RAPID AMERICAN CORP. | 209 BRODY |
| 1 cv | 6631 | 12/20/01 | TORRENCE | RAPID AMERICAN CORP. | 119 HUTTON |
| 1 cv | 6632 | 12/20/01 | JOHNSON | HONEYWELL INT'L, INC | 135 MEIER |
| 1 cv | 6633 | 12/20/01 | DISTEFANO | HONEYWELL INT'L, INC | 204 ROBRENO |
| 1 cv | 6634 | 12/20/01 | PHELAN | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 1 cv | 6635 | 12/20/01 | DENT | HONEYWELL INTERNATIO | 203 YOHN |
| 1 cv | 6636 | 12/20/01 | PLETZ | HONEYWELL INTERNATIO | 205 PADOVA |
| 1 cv | 6637 | 12/20/01 | PANUCCIO | HONEYWELL INTERNATIO | 223 SURRICK |
| 1 cv | 6638 | 12/20/01 | UMFOLI | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 cv | 6639 | 12/20/01 | SMITH | HONEYWELL INT'L, INC | 206 JOYNER |
| 1 cv | 6640 | 12/20/01 | BOMER | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 cv | 6641 | 12/20/01 | GREGORY | HONEYWELL INT'L, INC | 134 KELLY |
| 1 cv | 6642 | 12/20/01 | STUDNI | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 1 cv | 6643 | 12/20/01 | PANUCIVT | HONEYWELL INT'L, INC | 223 SURRICK |
| 1 cv | 6645 | 12/20/01 | WORCHY | HONEYWELL INTERNATIO | 149 MCLAREN |
| 1 cv | 6646 | 12/20/01 | ADDISON | HONEYWELL INTERNATIO | 222 SCHILLER |
| 1 cv | 6647 | 12/20/01 | CARNIVAL | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 cv | 6649 | 12/20/01 | KASE | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 cv | 6649 | 12/20/01 | HULL | HONEYWELL INT'L, INC | 121 GILES |
| 1 cv | 6650 | 12/20/01 | CHESSMONI | HONEYWELL INT'L, INC | 208 ROBRENO |
| 1 cv | 6651 | 12/20/01 | CHURCH | HONEYWELL INT'L, INC | 155 WEINER |
| 1 cv | 6652 | 12/20/01 | HANEK | HONEYWELL INT'L, INC | 134 KELLY |
| 1 cv | 6653 | 12/20/01 | CRAPHER | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 cv | 6654 | 12/20/01 | WIELDOWSKI | HONEYWELL INTERNATIO | 221 SURRICK |
| 1 cv | 6655 | 12/20/01 | WEILMANN | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 cv | 6656 | 12/20/01 | LUTTER | HONEYWELL INT'L, INC | 134 KELLY |
| 1 cv | 6657 | 12/20/01 | RAGGOWSKI | HONEYWELL INT'L, INC | 221 TUCKER |
| 1 cv | 6658 | 12/20/01 | BRAY | HONEYWELL INTERNAT. | 147 BUCKWALTER |
| 1 cv | 6659 | 12/20/01 | SMITH | HONEYWELL INTERNAT. | 203 YOHN |
| 8 cv | 6640 | 12/20/01 | LECULN | HONEYWELL INC. | 139 HUTTON |
| 1 cv | 6661 | 12/20/01 | STRASSWADE | HONEYWELL INC. | 216 KAUFFMAN |
| 1 cv | 6662 | 12/20/01 | McCLAPRO | HONEYWELL INC. | 104 DALZELL |
| 1 cv | 6663 | 12/20/01 | TRANSUN | HONEYWELL INT'L, INC | 204 JOYNER |
| 1 cv | 6664 | 12/20/01 | SIEGENPUS | HONEYWELL INT'L, INC | 206 JOYNER |
| 1 cv | 6665 | 12/20/01 | DORMANT | HONEYWELL INTERNATIO | 129 GILES |
| 1 cv | 6666 | 12/20/01 | GILFINS | HONEYWELL INTERNATIO | 223 SURRICK |

| | | Date | Name | Company | Defendant |
|---|---|---|---|---|---|
| 1 cv | 2? | 6667 | 12/20/01 | WENTZELL | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 1 cv | 2? | 6668 | 12/20/01 | HAUSER | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 1 cv | 2? | 6669 | 12/20/01 | STOREY | HONEYWELL INT'L, INC. | 222 SCHILLER |
| 1 cv | 2? | 6670 | 12/20/01 | ZEPPERMAN | HONEYWELL INTERANT | 222 SCHILLER |
| 1 cv | 2? | 6671 | 12/20/01 | MILLER | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 2? | 6672 | 12/20/01 | GRADAMAUT | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 2? | 6673 | 12/20/01 | WYBADO | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 cv | 2? | 6675 | 12/20/01 | BACKMAN | HONEYWELL INTERNATIO | 201 YODI |
| 1 cv | 2? | 6676 | 12/20/01 | MCGEE | HONEYWELL INTERNATIO | 223 SURRICK |
| 1 cv | 2? | 6677 | 12/20/01 | YOUGEY | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 cv | 2? | 6678 | 12/20/01 | BOLEN | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 2? | 6679 | 12/20/01 | COWLEY | HONEYWELL INT'L INC. | 209 BRODY |
| 1 cv | 2? | 6680 | 12/20/01 | ZELINSKY | HONEYWELL INT'L INC | 137 HOTTON |
| 1 cv | 2? | 6681 | 12/20/01 | ACE | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 cv | 2? | 6682 | 12/20/01 | NICKEL | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 cv | 2? | 6683 | 12/20/01 | BACHMAN | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 2? | 6684 | 12/20/01 | GREEN | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 1 cv | 2? | 6685 | 12/20/01 | HOSMAN | HONEYWELL INTERNATIO | 115 HEINER |
| 1 cv | 2? | 6686 | 12/20/01 | COXELL | HONEYWELL INT'L, INC | 129 GILAS |
| 1 cv | 2? | 6687 | 12/20/01 | IANNUHILLO | HONEYWELL INT'L, INC | 208 ROBBENO |
| 1 cv | 2? | 6688 | 12/20/01 | HOOGER | HONEYWELL INT'L, INC | 115 HEINER |
| 1 cv | 2? | 6689 | 12/20/01 | ROTH | HONEYWELL INTERNAT. | 208 ROBBENO |
| 1 cv | 2? | 6690 | 12/20/01 | PIERKING | HONEYWELL INTERNAT. | 205 JOTIER |
| 1 cv | 2? | 6691 | 12/20/01 | CASSIDY | HONEYWELL INC. | 115 HEINER |
| 1 cv | 2? | 6692 | 12/20/01 | CARDAZOH | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 cv | 2? | 6693 | 12/20/01 | CANCELLAMICH | HONEYWELL INT'L, INC | 134 KELLY |
| 1 cv | 2? | 6694 | 12/20/01 | ESHIONAL | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 cv | 2? | 6695 | 12/20/01 | REESE | HONEYWELL INTERNATIO | 205 PADOVA |
| 1 cv | 2? | 6698 | 12/20/01 | SMITH | HONEYWELL INTERNATIO | 134 KELLY |
| 1 cv | 2? | 6699 | 12/20/01 | TILLEIT | HONEYWELL INTERNAT. | 214 KAMPFION |
| 1 cv | 2? | 6700 | 12/20/01 | LASSITER | HONEYWELL INTERNAT. | 135 VAN ANTWERPEN |
| 1 cv | 2? | 6701 | 12/20/01 | TACCIARD | HONEYWELL INTERNATIO | 205 PADOVA |
| 1 cv | 2? | 6702 | 12/20/01 | HALL | HONEYWELL INC. | 206 JOTIER |
| 1 cv | 2? | 6703 | 12/20/01 | SPHARD | HONEYWELL INT'L, INC | 209 BRODY |
| 1 cv | 2? | 6704 | 12/20/01 | MILLER | HONEYWELL INT'L, INC | 200 DALSELL |
| 1 cv | 2? | 6705 | 12/20/01 | SMITH | HONEYWELL INT'L, INC | 223 SURRICK |
| 1 cv | 2? | 6706 | 12/20/01 | MORAN | HONEYWELL INTERNATIO | 147 BUCKWALTER |
| 1 cv | 2? | 6708 | 12/20/01 | CARUSO | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 cv | 2? | 6709 | 12/20/01 | VAUDAIH | HONEYWELL INT'L, INC | 201 YODI |
| 1 cv | 2? | 6710 | 12/20/01 | ORRIGAN | HONEYWELL INTERNATIO | 208 ROSSBRG |
| 1 cv | 2? | 6711 | 12/20/01 | MARIRLA | HONEYWELL INTERNATIO | 204 GARZELL |
| 1 cv | 2? | 6712 | 12/20/01 | RACHABUK | HONEYWELL INT'L, INC | 137 HOTTON |
| 1 cv | 2? | 6713 | 12/20/01 | DONOHFIO | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 cv | 2? | 6715 | 12/20/01 | VOLOVAIF | HONEYWELL INTERNATIO | 223 SURRICK |
| 1 cv | 2? | 6716 | 12/20/01 | KAIHAL | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 cv | 2? | 6717 | 12/20/01 | HAUACA | VOLOVNIK | 204 PALZELL |
| 1 cv | 2? | 6718 | 12/20/01 | HUOLASTRON | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 cv | 2? | 6719 | 12/20/01 | BUSLAFAH | HONEYWELL INTERNATIO | 208 JOYDEN |
| 1 cv | 2? | 6720 | 12/20/01 | BADLOW | HONEYWELL INTERNATIO | 200 DALSELL |
| 1 cv | 2? | 6721 | 12/20/01 | ALLER | HONEYWELL INTERNATIO | 223 SURRICK |
| 1 cv | 2? | 6722 | 12/20/01 | CUOA | HONEYWELL INTERNATIO | 147 BUCKWALTER |
| 1 cv | 2? | 6723 | 12/20/01 | VEAUETT | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 cv | 2? | 6724 | 12/20/01 | SMITH | HONEYWELL INT'L, INC | 131 KELLY |
| 1 cv | 2? | 6725 | 12/20/01 | STICHMAR | HONEYWELL INT'L, INC | 135 HEINER |
| 1 cv | 2? | 6726 | 12/20/01 | STOREY | HONEYWELL INTERNATIO | 222 SCHILLER |
| 1 cv | 2? | 6727 | 12/20/01 | TODASUCE | DAIMLERCHRYSLER CORP | 201 YODI |
| 1 cv | 2? | 6728 | 12/20/01 | WEST | CENTRAL MOTORS | 201 YOUH |
| 1 cv | 2? | 6729 | 12/20/01 | RICHAUDSON | DAIMLERCHRYSLER CORP | 139 HOTTON |
| 1 cv | 2? | 6730 | 12/20/01 | RANHOESS | FORD MOTOR COMPANY | 216 KAMPFENN |
| 1 cv | 2? | 6731 | 12/20/01 | MILLER | DAIMLERCHRYSLER | 206 JOTIER |
| 1 cv | 2? | 6732 | 12/20/01 | HOOAE | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 1 cv | 2? | 6733 | 12/20/01 | PLATT | DAIMLERCHRYSLER CORP | 209 BRODY |
| 1 cv | 2? | 6734 | 12/20/01 | QUALTIERI | DAIMLERCHRYSLER CORP | 135 VAN ANTWERPEN |
| 1 cv | 2? | 6735 | 12/20/01 | RACCOHGHI | DAIMLERCHRYSLER CORP | 137 HOTTON |
| 1 cv | 2? | 6736 | 12/20/01 | | FORD MOTOR COMPANY | 205 PADOVA |
| 1 cv | 2? | 6737 | 12/20/01 | | DAIMLERCHRYSLER CORP | 201 YODI |
| 1 cv | 2? | | | | DAIMLERCHRYSLER CORP | 201 ROBBENO |
| 1 cv | 2? | | | | DAIMLERCHRYSLER CORP | 139 KELLY |

| | | Plaintiff | Defendant | Judge |
|---|---|---|---|---|
| 1 CV | 21 | 6378 12/20/01 SANTUCCI | DAIMLERCHRYSLER CORP | 204 DALZELL |
| 1 CV | 21 | 6379 12/20/01 SHAPER | FORD MOTOR COMPANY | 209 BRODY |
| 1 CV | 21 | 6376 12/20/01 SHERRY | GENERAL MOTORS CORP. | 204 DALZELL |
| 1 CV | 21 | 6371 12/20/01 KIRLOW | DAIMLERCHRYSLER CORP | 204 DALZELL |
| 1 CV | 21 | 6372 12/20/01 LEE | DAIMLERCHRYSLER CORP | 147 BUCHWALTER |
| 1 CV | 21 | 6373 12/20/01 PACE | DAIMLERCHRYSLER CORP | 115 MATHER |
| 1 CV | 21 | 6374 12/20/01 LONGHAM | FORD MOTOR COMPANY | 206 JOYNER |
| 1 CV | 21 | 6375 12/20/01 KUHL | DAIMLERCHRYSLER CORP | 222 SCHILLER |
| 1 CV | 21 | 6376 12/20/01 ROWER | GENERAL MOTORS | 221 TUCKER |
| 1 CV | 21 | 6979 12/30/01 BRUMFIELD | DAIMLERCHRYSLER CORP | 147 BUCHWALTER |
| 1 CV | 21 | 6976 12/20/01 DICRISTOFANO | GENERAL MOTORS CORP | 216 KAUFFMAN |
| 1 CV | 21 | 6980 12/20/01 CHRISTOFARO | FORD MOTOR COMPANY | 139 GILES |
| 1 CV | 21 | 6350 12/30/01 FLACK | FORD MOTOR COMPANY | 223 SURRICK |
| 1 CV | 21 | 6351 12/20/01 HOUGHAN | DAIMLERCHRYSLER CORP | 208 ROBREDO |
| 1 CV | 21 | 6376 12/31/01 CASTAGNA | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 1 CV | 21 | 6377 12/31/01 HANLON | HONEYWELL INT'L, INC. | 135 VAN ANTWERPEN |
| 1 CV | 21 | 6380 12/21/01 SALVARO | HONEYWELL INT'L, INC. | 115 MATHER |
| 1 CV | 21 | 6380 12/21/01 JONES | HONEYWELL INT'L INC | 223 SURRICK |
| 1 CV | 21 | 6380 12/21/01 SCHLOSSBERG | HONEYWELL INT'L INC | 139 HUTTON |
| 1 CV | 21 | 6380 12/21/01 DiCASIO | HONEYWELL INT'L, INC. | 115 WEINER |
| 1 CV | 21 | 6811 12/21/01 SCHAFFER | HONEYWELL INT'L, INC. | 139 HUTTON |
| 1 CV | 21 | 6812 12/21/01 SMALL | HONEYWELL INT'L, INC. | 222 SCHILLER |
| 1 CV | 21 | 6813 2/21/01 BISTEK | HONEYWELL INT'L, INC. | 216 KAUFFMAN |
| 1 CV | 21 | 6814 12/31/01 KUAPFENBERGER | HONEYWELL INT'L, INC. | 214 KAUFFMAN |
| 1 CV | 21 | 6816 12/31/01 WOODINGTON | HONEYWELL INT'L, INC. | 223 SURRICK |
| 1 CV | 21 | 6817 12/31/01 LEE | HONEYWELL INC. | 209 BRODY |
| 1 CV | 21 | 6818 12/31/01 COUSHAM | HONEYWELL INC. | 206 JOYNER |
| 1 CV | 21 | 6819 12/21/01 DOTSON | HONEYWELL INT'L, INC. | 209 BRODY |
| 1 CV | 21 | 6820 12/31/01 CAREY | HONEYWELL INT'L, INC. | 135 VAN ANTWERPEN |
| 1 CV | 21 | 6821 12/31/01 MAGGAS | HONEYWELL INT'L, INC. | 201 YOHN |
| 1 CV | 21 | 6822 12/31/01 SNYDER | HONEYWELL INT'L, INC. | 222 SCHILLER |
| 1 CV | 21 | 6823 12/31/01 BENISH | HONEYWELL INC. | 205 PADOVA |
| 1 CV | 21 | 6823 12/31/01 FACITTI | HONEYWELL INC. | 208 ROBREDO |
| 1 CV | 21 | 6424 12/31/01 JONES | HONEYWELL INT'L, INC. | 221 TUCKER |
| 1 CV | 21 | 6425 12/31/01 PARRISH | HONEYWELL INT'L, INC. | 221 TUCKER |
| 1 CV | 21 | 6426 12/31/01 NODINI | HONEYWELL INT'L, INC. | 208 ROBREDO |
| 1 CV | 21 | 6827 12/31/01 GLAVANIO | HONEYWELL INT'L, INC. | 139 GILES |
| 1 CV | 21 | 6428 12/31/01 PENSANT | HONEYWELL INTERNATIO | 201 YOHN |
| 1 CV | 21 | 6422 12/31/01 MARSHALL | HONEYWELL INT'L, INC. | 205 PADOVA |
| 1 CV | 21 | 6424 12/31/01 BALLARD | HONEYWELL INT'L, INC. | 209 BRODY |
| 1 CV | 21 | 6435 12/31/01 BROWN | HONEYWELL INT'L, INC. | 221 TUCKER |
| 1 CV | 21 | 6436 12/31/01 LIGGI | HONEYWELL INT'L, INC. | 147 BUCHWALTER |
| 1 CV | 21 | 6438 12/31/01 LANNIS | HONEYWELL INT'L, INC. | 147 BUCHWALTER |
| 1 CV | 21 | 6439 12/21/01 WITHINSPOOH | HONEYWELL INT'L, INC. | 221 TUCKER |
| 1 CV | 21 | 6440 12/21/01 VIOLA | HONEYWELL INT'L, INC. | 205 PADOVA |
| 1 CV | 21 | 6441 12/21/01 BELLACE | HONEYWELL INT'L, INC. | 223 SURRICK |
| 1 CV | 21 | 6442 12/21/01 BISSINGER | HONEYWELL INTERNATIO | 208 ROBREDO |
| 1 CV | 21 | 6443 12/21/01 GRANE | HONEYWELL INTERNATIO | 216 KAUFFMAN |
| 1 CV | 21 | 6445 12/21/01 COUNCIL | HONEYWELL INT'L, INC. | 201 YOHN |
| 1 CV | 21 | 6446 12/21/01 SMITH | ANCHOR PACKING CO | 135 VAN ANTWERPEN |
| 1 CV | 21 | 6447 12/21/01 GREGG | HONEYWELL INT'L, INC. | 208 ROBREDO |
| 1 CV | 21 | 6448 12/21/01 BARBIERI | HONEYWELL INC. | 139 HUTTON |
| 1 CV | 21 | 6449 12/21/01 HAHILS | HONEYWELL INT'L, INC. | 134 KELLY |
| 1 CV | 21 | 6450 12/21/01 BURWELL | HONEYWELL INT'L, INC. | 147 BUCHWALTER |
| 1 CV | 21 | 6451 12/21/01 HAUTE | HONEYWELL INT'L, INC. | 223 SURRICK |
| 1 CV | 21 | 6452 2/21/01 CODAY | HONEYWELL INT'L, INC. | 139 HUTTON |
| 1 CV | 21 | 6453 12/21/01 DIHAILA | HONEYWELL INT'L, INC. | 206 JOYNER |
| 1 CV | 21 | 6454 12/21/01 GRIMES | HONEYWELL INT'L, INC. | 204 JOYNER |
| 1 CV | 21 | 6455 12/21/01 BROWN | HONEYWELL INT'L, INC. | 221 TUCKER |
| 1 CV | 21 | 6456 12/21/01 DAY | HONEYWELL INT'L, INC. | 208 HUAREGNO |
| 1 CV | 21 | 6457 12/21/01 BUTCHER | HONEYWELL INT'L, INC. | 205 PADOVA |
| 1 CV | 21 | 6460 12/21/01 OKLOSKI | HONEYWELL INT'L, INC. | 134 REALA |
| 1 CV | 21 | 6462 12/21/01 KUSHCHENNA | HONEYWELL INT'L, INC. | 139 HUTTON |
| 1 CV | 21 | 6462 12/21/01 ROWLAND | HONEYWELL INT'L, INC. | |

| | Case No. | Date | Plaintiff | Defendant | Judge |
|---|---|---|---|---|---|
| 1 CV | 663 | 12/21/01 | BREOLAN | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 CV | 664 | 12/21/01 | SMALEC | HONEYWELL INT'L, INC | 206 JOYNER |
| 1 CV | 665 | 12/21/01 | KAHLL | HONEYWELL INTERNATIO | 228 GILES |
| 1 CV | 666 | 12/21/01 | LYONS | HONEYWELL INTERNATIO | 227 SURRICK |
| 1 CV | 667 | 12/21/01 | PARENTI | HONEYWELL INT'L, INC | 209 BRODY |
| 1 CV | 668 | 12/21/01 | PALERMO | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 670 | 12/21/01 | BOZZELLI | HONEYWELL INT'L, INC | 209 JOYNER |
| 1 CV | 671 | 12/21/01 | MCNEAL | HONEYWELL INT'L, INC | 203 YOON |
| 1 CV | 672 | 12/21/01 | KOCH | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 1 CV | 673 | 12/21/01 | TREFRY | HONEYWELL INT'L, INC | 204 DALZELL |
| 1 CV | 674 | 12/21/01 | SHIELDS | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 675 | 12/21/01 | BRUNSON | HONEYWELL INTERNATIO | 214 KAUFFMAN |
| 1 CV | 676 | 12/21/01 | HAGGAS | HONEYWELL INTERNATIO | 222 SCHILLER |
| 1 CV | 677 | 12/21/01 | HINDAY | HONEYWELL INT'L, INC | 134 KELLY |
| 1 CV | 678 | 12/21/01 | AFIDRA | HONEYWELL INT'L, INC | 203 YOON |
| 1 CV | 679 | 12/21/01 | FIGGIEROO | HONEYWELL INTERNATIO | 222 SCHILLER |
| 1 CV | 680 | 12/21/01 | MOORE | HONEYWELL INT'L, INC | 209 BRODY |
| 1 CV | 681 | 12/21/01 | GLICK | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 682 | 12/21/01 | WOLPACH | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 CV | 683 | 12/21/01 | HAMLON | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 1 CV | 684 | 12/21/01 | BORGMANN | HONEYWELL INTERNATIO | 222 SCHILLER |
| 1 CV | 685 | 12/21/01 | GENTILE | HONEYWELL INTERNATIO | 223 SURRICK |
| 1 CV | 686 | 12/21/01 | MAGNAR | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 CV | 687 | 12/21/01 | CURZI | HONEYWELL INTERNATIO | 134 KELLY |
| 1 CV | 688 | 12/21/01 | BALAK | HONEYWELL INTERNATIO | 134 KELLY |
| 1 CV | 689 | 12/21/01 | KLEINSCHUSTER | HONEYWELL INT'L, INC | 214 KAUFFMAN |
| 1 CV | 690 | 12/21/01 | SANADUCE | HONEYWELL INT'L, INC | 222 DALZELL |
| 1 CV | 691 | 12/21/01 | PHILCE | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 CV | 692 | 12/21/01 | MAKASAR | HONEYWELL INT'L, INC | 135 WEINER |
| 1 CV | 694 | 12/21/01 | REINIK | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 CV | 695 | 12/21/01 | SIMMERMAN | HONEYWELL INT'L, INC | 204 DALZELL |
| 1 CV | 696 | 12/21/01 | ALMGIBA | HONEYWELL INTERNATIO | 129 GILES |
| 1 CV | 698 | 12/21/01 | EAGAN | HONEYWELL INTERNATIO | 208 ROBRENO |
| 1 CV | 699 | 12/21/01 | LALOK | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 700 | 12/21/01 | CRANDY | HONEYWELL INT'L, INC | 131 KELLY |
| 1 CV | 701 | 12/21/01 | BAILEY | HONEYWELL INT'L, INC | 201 DALZELL |
| 1 CV | 702 | 12/21/01 | DAY | HONEYWELL INT'L, INC | 203 YOON |
| 1 CV | 703 | 12/21/01 | DONNELLY | HONEYWELL INT'L, INC | 204 DALZELL |
| 1 CV | 704 | 12/21/01 | ROSS | HONEYWELL INT'L, INC | 221 TUCKER |
| 1 CV | 705 | 12/21/01 | DOLIMAN | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 706 | 12/21/01 | BRION | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 CV | 707 | 12/21/01 | ORLANDO | HONEYWELL INT'L, INC | 204 JOYNER |
| 1 CV | 708 | 12/21/01 | MAGUIRE | HONEYWELL INT'L, INC | 223 SURRICK |
| 1 CV | 709 | 12/21/01 | FRIEDICARD | HONEYWELL INTERNAT. | 201 DALZELL |
| 1 CV | 710 | 12/21/01 | BUCKNERO | HONEYWELL INTERNAT. | 123 NEWCOMER |
| 1 CV | 711 | 12/21/01 | STAHL | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 CV | 712 | 12/21/01 | ADAMS | HONEYWELL INT'L, INC | 131 KELLY |
| 1 CV | 713 | 12/21/01 | RAPPA | HONEYWELL INT'L, INC | 223 SURRICK |
| 1 CV | 714 | 12/21/01 | NANGO | HONEYWELL INTERNAT. | 147 BUCKWALTER |
| 1 CV | 715 | 12/21/01 | SCHROMP | HONEYWELL INTERNAT. | 130 O'NEILL |
| 1 CV | 716 | 12/21/01 | ODESSY | HONEYWELL INT'L, INC | 205 WEINER |
| 1 CV | 717 | 12/21/01 | SWEIGART | HONEYWELL INT'L, INC | 205 PADOVA |
| 1 CV | 718 | 12/21/01 | VOSA | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 CV | 719 | 12/21/01 | ANDREWS | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 CV | 720 | 12/21/01 | BOX | HONEYWELL INT'L, INC | 214 KAUFFMAN |
| 1 CV | 721 | 12/21/01 | GLOWACKI | HONEYWELL INT'L, INC | 208 ROBREDO |
| 1 CV | 722 | 12/21/01 | FULLAM | HONEYWELL INT'L, INC | 227 FULLAM |
| 1 CV | 723 | 12/21/01 | HATZAKIS | HONEYWELL INT'L, INC | 114 PULLAM |
| 1 CV | 724 | 12/21/01 | GREACE | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 CV | 725 | 12/21/01 | ABEL | HONEYWELL INT'L, INC | 114 PULLAM |
| 1 CV | 726 | 12/21/01 | MORLER | HONEYWELL INT'L, INC | 123 GREEN |
| 1 CV | 727 | 12/21/01 | DAVIS | HONEYWELL INT'L, INC | 204 DALZELL |
| 1 CV | 728 | 12/21/01 | ADAMS | HONEYWELL INT'L, INC | 139 GILES |
| 1 CV | 729 | 12/21/01 | MILLER | HONEYWELL INT'L, INC | 223 SURRICK |
| 1 CV | | | | HONEYWELL INT'L, INC | 209 BRODY |

| | | Case No. | Date | Plaintiff | Defendant | Judge |
|---|---|---|---|---|---|---|
| 3 | cv | 6916 | 12/21/01 | AMSON | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 3 | cv | 6917 | 12/21/01 | RUDOLPH | HONEYWELL INT'L, INC | 222 SCHILLER |
| 3 | cv | 6918 | 12/21/01 | TODD | HONEYWELL INTERNAT. | 221 TUCKER |
| 3 | cv | 6949 | 12/21/01 | SCHMITT | HONEYWELL INTERNAT. | 140 HALDMAN |
| 3 | cv | 6950 | 12/21/01 | SWIECKI | HONEYWELL INT'L, INC | 206 JOYNER |
| 3 | cv | 6951 | 12/21/01 | LELKO | HONEYWELL INT'L, INC | 206 BRODY |
| 3 | cv | 6952 | 12/21/01 | BETHUL | HONEYWELL INT'L, INC | 122 KOWCOWSKI |
| 3 | cv | 6953 | 12/21/01 | DENIS | HONEYWELL INT'L, INC | 206 JOYNER |
| 3 | cv | 6954 | 12/21/01 | BRESSMANI | HONEYWELL INT'L, INC | 222 SCHILLER |
| 3 | cv | 6955 | 12/25/01 | RUNDLE | VOLVO OF NORTH AMER. | 147 BUCKWALTER |
| 3 | cv | 6956 | 12/21/01 | REDWINE | HONEYWELL INT'L, INC | 222 SCHILLER |
| 3 | cv | 6957 | 12/21/01 | SCHULTZ | HONEYWELL INTERNATIO | 205 PADOVA |
| 3 | cv | 6958 | 12/21/01 | BLANCHARD | A.M. CHESTERTON COMPA | 216 KAUFFMAN |
| 3 | cv | 6959 | 12/21/01 | HERKEN | HONEYWELL INTERNAT. | 203 YOHN |
| 3 | cv | 6960 | 12/21/01 | LEE | HONEYWELL INTERNAT. | 135 VAN ANTWERPEN |
| 3 | cv | 6991 | 12/21/01 | MARINO | HONEYWELL INT'L, INC | 139 HUTTON |
| 3 | cv | 6992 | 12/21/01 | FICARA | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 3 | cv | 6993 | 12/21/01 | TILLIA | HONEYWELL INT'L, INC | 139 HUTTON |
| 3 | cv | 6994 | 12/21/01 | KUGLER | A.M. CHESTERTON, INC | 205 PADOVA |
| 3 | cv | 6995 | 12/21/01 | GIREDERATH | A.M. CHESTERTON, INC | 208 JOYNER |
| 3 | cv | 6996 | 12/20/01 | DAVIS | ANCHOR PACKING CO. | 204 DALZELL |
| 3 | cv | 6997 | 12/21/01 | MORTS | A.M. CHESTERTON | 147 BUCKWALTER |
| 3 | cv | 6998 | 12/21/01 | LYNSKEY | THE ANCHOR PACKING | 135 MEIHER |
| 3 | cv | 6995 | 12/21/01 | DAWSON | HONEYWELL INTERNAT. | 135 KELLY |
| 3 | cv | 6996 | 12/21/01 | SMITH | HONEYWELL INTERNAT. | 209 BRODY |
| 3 | cv | 6991 | 12/21/01 | HOVERMAKT | HONEYWELL INC. | 216 KAUFFMAN |
| 3 | cv | 6992 | 12/21/01 | CANNON | HONEYWELL INT'L, INC | 206 JOYNER |
| 3 | cv | 6991 | 12/21/01 | DIIRNNA | HONEYWELL INT'L, INC | 129 GILES |
| 3 | cv | 6995 | 12/21/01 | ELLIS | HONEYWELL INT'L, INC | 209 ROBRENO |
| 3 | cv | 6996 | 12/21/01 | CAROSELLI | HONEYWELL INT'L, INC | 205 PADOVA |
| 3 | cv | 6997 | 12/21/01 | MOORE | HONEYWELL INT'L, INC | 206 ONASILL |
| 3 | cv | 6998 | 12/21/01 | DUNGHRETT | HONEYWELL INTERNATIO | 206 JOYNER |
| 3 | cv | 6999 | 12/21/01 | COLAIS | HONEYWELL INTERNATIO | 209 BRODY |
| 3 | cv | 7006 | 12/21/01 | DAVOSI | HONEYWELL INTERNAT. | 222 SCHILLER |
| 3 | cv | 7001 | 12/21/01 | PIERCE | HONEYWELL INTERNAT. | 231 TUCKER |
| 3 | cv | 7002 | 12/21/01 | SOMMERS | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 3 | cv | 7001 | 12/21/01 | STRICKHOUSER | HONEYWELL INTERNAT. | 203 YOHN |
| 3 | cv | 7004 | 12/21/01 | VASQUEZ | HONEYWELL INT'L, INC | 209 BRODY |
| 3 | cv | 7005 | 12/21/01 | GILES | HONEYWELL INT'L, INC | 121 SURRICK |
| 3 | cv | 7006 | 12/21/01 | MARTMAN | HONEYWELL INT'L, INC | 222 SCHILLER |
| 3 | cv | 7007 | 12/21/01 | MELETZKI | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 3 | cv | 7008 | 12/21/01 | BONDZI | HONEYWELL INTERNAT. | 205 PADOVA |
| 3 | cv | 7009 | 12/21/01 | BAHAT | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 3 | cv | 7010 | 12/21/01 | BALEY | HONEYWELL INTERNAT. | 208 ROBRENO |
| 3 | cv | 7011 | 12/21/01 | STEPHANI | HONEYWELL INTERNAT. | 209 BRODY |
| 3 | cv | 7012 | 12/21/01 | RUCKER | HONEYWELL INT'L, INC | 223 SURRICK |
| 3 | cv | 7013 | 12/21/01 | COOLEY | HONEYWELL INT'L, INC | 135 VAN ANTWERPEN |
| 3 | cv | 7014 | 12/21/01 | GUSCHER | HONEYWELL INT'L, INC | 203 YOHN |
| 3 | cv | 7015 | 12/21/01 | CREMY | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 3 | cv | 7016 | 12/21/01 | DYDO | HONEYWELL INT'L, INC | 206 JOYNER |
| 3 | cv | 7017 | 12/21/01 | RICKER | HONEYWELL INT'L, INC | 139 HUTTON |
| 3 | cv | 7020 | 12/24/01 | LOODRIDGE | HONEYWELL INTERNATIO | 221 TUCKER |
| 3 | cv | 7021 | 12/24/01 | KNIESE | HONEYWELL INTERNAT. | 114 KELLY |
| 3 | cv | 7022 | 12/24/01 | COOLEY | HONEYWELL PALZONE | 147 BUCKWALTER |
| 3 | cv | 7023 | 12/24/01 | RICHARDSON | HONEYWELL INT'L, INC | 223 SURRICK |
| 3 | cv | 7024 | 12/24/01 | NEHL | HONEYWELL INT'L, INC | 114 KELLY |
| 3 | cv | 7025 | 12/24/01 | VONHILL | HONEYWELL INT'L, INC | 139 HUTTON |
| 3 | cv | 7024 | 12/24/01 | MCCABE | HONEYWELL INT'L, INC | 129 GILES |
| 3 | cv | 7027 | 12/26/01 | ANES | HONEYWELL INTERNAT. | 135 MEIHER |
| 3 | cv | 7028 | 12/26/01 | VIOLA | HONEYWELL INTERNATIO | 221 TUCKER |
| 3 | cv | 7029 | 12/21/01 | DISGROFC | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 3 | cv | 7030 | 12/24/01 | JAIRDNU | HONEYWELL INTERNATIO | 204 DALZELL |
| 3 | cv | 7031 | 12/24/01 | ANDERSON | HONEYWELL INTERNATIO | 134 KELLY |
| 3 | cv | 7032 | 12/24/01 | ALBRIGHT | HONEYWELL INTERNATIO | 209 BRODY |

| | | | | | |
|---|---|---|---|---|---|
| 1 CV | 7031 | 1/24/01 | LAUGHLIN | HONEYWELL INT'L, INC | 704 DALRELL |
| 1 CV | 7015 | 12/24/01 | LOUES | HONEYWELL INT'L, INC | 203 YOON |
| 1 CV | 7037 | 12/24/01 | BRADLEY | HONEYWELL INTERNATIO | 139 HUTTON |
| 1 CV | 7044 | 12/24/01 | MACY | HONEYWELL INTERNATIO | 134 KELLY |
| 1 CV | 7046 | 12/26/01 | CANCHOLARICH | HONEYWELL INT'L, INC | 115 WEINER |
| 1 CV | 7047 | 12/26/01 | SPEED | HONEYWELL INTERNATIO | 216 KAUFFMAN |
| 1 CV | 7049 | 12/24/01 | LARSON | HONEYWELL INT'L, INC | 132 SCHILLER |
| 1 CV | 7050 | 12/24/01 | DYER | HONEYWELL INTERNAT. | 209 BRODY |
| 1 CV | 7052 | 12/26/01 | KLOPP | HONEYWELL INTERNAT. | 129 GILES |
| 1 CV | 7053 | 12/24/01 | KOUONAS | HONEYWELL INT'L, INC | 203 YOON |
| 1 CV | 7054 | 12/24/01 | DESANCTIS | HONEYWELL INT'L, INC | 704 DALRELL |
| 1 CV | 7055 | 12/24/01 | SWNDS | HONEYWELL INT'L, INC | 208 ROBBIO |
| 1 CV | 7056 | 12/24/01 | MILLER | ANCHOR PACKING | 216 KAUFFMAN |
| 1 CV | 7057 | 12/26/01 | STEINMETZ | ACCURATE FRUT & GASK | 205 PADOVA |
| 1 CV | 7058 | 12/24/01 | RODGERS | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 1 CV | 7059 | 12/26/01 | NATICHAK | HONEYWELL INTERNATIO | 209 BRODY |
| 1 CV | 7060 | 12/26/01 | HALL | THE ANCHOR PACKING | 208 ROBBIO |
| 1 CV | 7061 | 12/26/01 | BOYD | THE ANCHOR PACKING | 147 BUCKWALTER |
| 1 CV | 7062 | 12/24/01 | POPP | A-BEST PROD. COMPANY | 231 SURRICK |
| 1 CV | 7064 | 12/26/01 | DAVIS | THE ANCHOR PACKING | 135 VAN ANTWERPEN |
| 1 CV | 7065 | 12/26/01 | MCKENZIE | THE ANCHOR PACKING | 205 PADOVA |
| 1 CV | 7066 | 12/24/01 | SPIELBERGER | THE ANCHOR PACKING | 231 SURRICK |
| 1 CV | 7067 | 12/24/01 | KELLY | A.H. CHESTERTON | 115 WEINER |
| 1 CV | 7068 | 12/24/01 | BOSCH | THE ANCHOR PACKING C | 221 TUCKER |
| 1 CV | 7069 | 12/26/01 | DIFRANCIS | THE ANCHOR PACKING | 203 YOON |
| 1 CV | 7070 | 12/26/01 | BECK | HONEYWELL INT'L, INC | 206 JOYNER |
| 1 CV | 7071 | 12/26/01 | GRINGROSS | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 CV | 7072 | 12/26/01 | MICGLOCHICK | HONEYWELL INTERNAT. | 139 HUTTON |
| 1 CV | 7074 | 12/26/01 | CASTAGRA | HONEYWELL INTERNATIO | 204 DALZELL |
| 1 CV | 7075 | 12/26/01 | GIORRONTTI | THE ANCHOR PACKING | 221 TUCKER |
| 1 CV | 7076 | 12/26/01 | RICCI | HONEYWELL INTERNAT. | 222 SCHILLER |
| 1 CV | 7077 | 12/26/01 | SILLAS | ABEX CORPORATION | 205 PADOVA |
| 1 CV | 7078 | 12/26/01 | RUSHER | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 CV | 7079 | 12/24/01 | CLARK | KENIN CORP   INC | 204 DALZELL |
| 1 CV | 7080 | 12/24/01 | BURTON | HONEYWELL INTERNATIO | 216 KAUFFMAN |
| 1 CV | 7081 | 12/24/01 | LENNIS | HONEYWELL INT'L, INC | 208 ROBBIO |
| 1 CV | 7082 | 12/26/01 | DESPUT | HONEYWELL INTERNATIO | 205 PADOVA |
| 1 CV | 7083 | 12/26/01 | PLANS | HONEYWELL INTERNAT. | 135 VAN ANTWERPEN |
| 1 CV | 7084 | 12/24/01 | FUECO | HONEYWELL INT'L, INC | 129 GILES |
| 1 CV | 7085 | 12/24/01 | BAUER | HONEYWELL INT'L, INC | 222 SCHILLER |
| 1 CV | 7086 | 12/24/01 | CANDLER | HONEYWELL INTERNATIO | 221 TUCKER |
| 1 CV | 7089 | 12/24/01 | FUHR | HONEYWELL INTERNATIO | 139 HUTTON |
| 1 CV | 7090 | 12/24/01 | BYERS | HONEYWELL INTERNATIO | 209 BRODY |
| 1 CV | 7091 | 12/24/01 | DECKER | HONEYWELL INT'L, INC | 147 BUCKWALTER |
| 1 CV | 7093 | 12/24/01 | GORDON | HONEYWELL INTERNATIO | 231 SURRICK |
| 1 CV | 7094 | 12/24/01 | RUYAK | A.O. SMITH CORP, INC | 134 KELLY |
| 1 CV | 7095 | 12/24/01 | REED | A.P. GREEN SERVICES | 206 JOYNER |
| 1 CV | 7096 | 12/17/01 | CONROY | A.W. CHESTERTON, INC | 135 VAN ANTWERPEN |
| 1 CV | 7096 | 12/26/01 | GUBBSTOCK | A.M. CHESTERTON, INC | 208 ROBBIO |
| 1 CV | 7097 | 12/26/01 | CLIFFORD | A.P. GREEN SERVICES, | 221 TUCKER |
| 1 CV | 7098 | 12/24/01 | KELLY | HONEYWELL INT'L, INC | 139 HUTTON |
| 1 CV | 7099 | 12/24/01 | SMITH | HONEYWELL INTERNATIO | 209 BRODY |
| 1 CV | 7100 | 12/26/01 | SLOAN | ABEX CORPORATION | 147 BUCKWALTER |
| 1 CV | 7101 | 12/24/01 | SULLY | A.W. CHESTERTON, INC | 231 SURRICK |
| 1 CV | 7102 | 12/24/01 | DESANTO | A.O. SMITH CORP. | 134 KELLY |
| 1 CV | 7103 | 12/26/01 | CORTSTINGID | A.P. GREEN SERVICES, | 206 JOYNER |
| 1 CV | 7104 | 12/26/01 | MILOSY | A.W. CHESTERTON, INC | 135 VAN ANTWERPEN |
| 1 CV | 7105 | 12/26/01 | MC CAIN | A.M. CHESTERTON, INC | 208 ROBBIO |
| 1 CV | 7106 | 12/24/01 | BROWN | A.P. GREEN SERVICES, | 139 HUTTON |
| 1 CV | 7107 | 12/24/01 | BRANDT | HONEYWELL INT'L, INC | 134 KELLY |
| 1 CV | 7108 | 12/24/01 | SHEARIN | HONEYWELL INTERNATIO | 205 PADOVA |
| 1 CV | 7109 | 12/24/01 | BROWN | HONEYWELL INT'L, INC | 205 PADOVA |

| | | Case No. | Date | Plaintiff | Defendant | Ref | Name |
|---|---|---|---|---|---|---|---|
| 1 | cv | 7110 | 12/26/01 | BUTLER | HONEYWELL INT'L, INC | 227 | SURRICK |
| 2 | cv | 7112 | 12/26/01 | BOYLL | HONEYWELL INTERNATIO | 139 | GILES |
| 1 | cv | 7113 | 12/26/01 | ACCOBI | HONEYWELL INT'L, INC | 221 | TUCKER |
| 1 | cv | 7114 | 12/26/01 | MOXGA | HONEYWELL INT'L, INC | 205 | PADOVA |
| 1 | cv | 7115 | 12/26/01 | MORELLO | HONEYWELL INT'L, INC | 209 | BRODY |
| 1 | cv | 7116 | 12/26/01 | ABBOTT | HONEYWELL INT'L, INC | 201 | YOHN |
| 1 | cv | 7117 | 12/26/01 | DUNCAN | HONEYWELL INTERNATIO | 135 | HUTTON |
| 1 | cv | 7118 | 12/26/01 | KELLY | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | cv | 7119 | 12/26/01 | DEANICIS | HONEYWELL INTERNAT'L | 209 | ROBRENO |
| 1 | cv | 7119 | 12/26/01 | CHECCHIO | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 1 | cv | 7130 | 12/26/01 | ROSS | HONEYWELL INTERNATIO | 104 | JOYNER |
| 1 | cv | 7131 | 12/26/01 | ROBERTSON | HONEYWELL INT'L, INC | 208 | ROBRENO |
| 1 | cv | 7132 | 12/26/01 | BUZZI | HONEYWELL INTERNATIO | 115 | WEINER |
| 1 | cv | 7133 | 12/26/01 | TULL | HONEYWELL INTERNATIO | 223 | SURRICK |
| 1 | cv | 7135 | 12/27/01 | HILLMANA | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 1 | cv | 7137 | 12/27/01 | HARTMAN | HONEYWELL INTERNATIO | 139 | GILES |
| 1 | cv | 7138 | 12/27/01 | FREED | HONEYWELL INTERNATIO | 201 | YOHN |
| 1 | cv | 7139 | 12/27/01 | CONWAY | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | cv | 7134 | 12/27/01 | PANTHER | HONEYWELL INTERNATIO | 214 | KAUFFMAN |
| 1 | cv | 7135 | 12/27/01 | SQUIBB | A.C. & S., INC. | 147 | BUCKWALTER |
| 1 | cv | 7136 | 12/27/01 | VOSTAR | HONEYWELL INT'L, INC | 135 | WEINER |
| 1 | cv | 7137 | 12/27/01 | RODNER | HONEYWELL INTERNATIO | 139 | HUTTON |
| 1 | cv | 7138 | 12/27/01 | SEIBERA | HONEYWELL INTERNATIO | 204 | JOYNER |
| 1 | cv | 7139 | 12/27/01 | LONDACRE | HONEYWELL INTERNATIO | 139 | HUTTON |
| 1 | cv | 7140 | 12/27/01 | HUMS | ACCURATE FELT & GSK | 227 | SCHILLER |
| 1 | cv | 7141 | 12/27/01 | DAVIS | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | cv | 7142 | 12/27/01 | CASEY | HONEYWELL INTERNAT. | 206 | DALZELL |
| 1 | cv | 7159 | 12/27/01 | TRAGADOVA | HONEYWELL INTERNATIO | 135 | WEINER |
| 1 | cv | 7161 | 12/27/01 | COOPER | HONEYWELL INTERNATIO | 209 | BRODY |
| 1 | cv | 7142 | 12/27/01 | DOVER | HONEYWELL INTERNAT. | 131 | KELLY |
| 1 | cv | 7143 | 12/27/01 | ATWELL | HONEYWELL INTERNATIO | 201 | YOHN |
| 1 | cv | 7149 | 12/27/01 | MORGAN | HONEYWELL INTERNATIO | 223 | SURRICK |
| 1 | cv | 7150 | 12/27/01 | KOHL | HONEYWELL INTERNATIO | 135 | WEINER |
| 1 | cv | 7151 | 12/27/01 | PAVLICK | HONEYWELL INTERNATIO | 221 | TUCKER |
| 1 | cv | 7152 | 12/27/01 | LONDACRE | HONEYWELL INTERNATIO | 204 | JOYNER |
| 1 | cv | 7154 | 12/27/01 | HOMS | HONEYWELL INTERNATIO | 139 | HUTTON |
| 1 | cv | 7155 | 12/27/01 | DAVIS | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 1 | cv | 7157 | 12/27/01 | KASSINSKI | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | cv | 7159 | 12/27/01 | TRAGADOVA | HONEYWELL INTERNATIO | 135 | WEINER |
| 1 | cv | 7161 | 12/27/01 | OLSEN | HONEYWELL INTERNATIO | 222 | SCHILLER |
| 1 | cv | 7162 | 12/27/01 | WILLIAMS | HONEYWELL INTERNATIO | 135 | VAN ANTWERPEN |
| 1 | cv | 7163 | 12/27/01 | KAPA | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | cv | 7165 | 12/27/01 | SPINOLLE | HONEYWELL INTERNATIO | 206 | DALZELL |
| 1 | cv | 7166 | 12/27/01 | HARRIS | HONEYWELL INTERNATIO | 204 | JOYNER |
| 1 | cv | 7166 | 12/27/01 | ABRITZ | HONEYWELL INTERNATIO | 147 | BUCKWALTER |
| 1 | cv | 7167 | 12/27/01 | DIFRODIMANDO | HONEYWELL INT'L, INC | 209 | BRODY |
| 1 | cv | 7168 | 12/27/01 | ORADOUSKY | HONEYWELL INTERNATIO | 205 | PADOVA |
| 1 | cv | 7169 | 12/27/01 | NORDERBIACH | HONEYWELL INTERNATIO | 221 | TUCKER |
| 1 | cv | 7170 | 12/27/01 | HEILER | HONEYWELL INTERNAT. | 208 | ROBRENO |
| 1 | cv | 7172 | 12/27/01 | NOLAND | HONEYWELL INTERNAT. | 222 | SCHILLER |
| 1 | cv | 7173 | 12/27/01 | HENRY | HONEYWELL INTERNATIO | 208 | DALZELL |
| 1 | cv | 7175 | 12/27/01 | CASKER | HONEYWELL INTERNATIO | 206 | DALZELL |
| 1 | cv | 7176 | 12/27/01 | LEWIS | HONEYWELL INTERNATIO | 135 | VAN ANTWERPEN |
| 1 | cv | 7178 | 12/27/01 | BORZA | HONEYWELL INT'L, INC | 209 | BRODY |
| 1 | cv | 7179 | 12/27/01 | VITELLI | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 1 | cv | 7196 | 12/27/01 | SPROUSE | HONEYWELL INTERNATIO | 204 | DALZELL |
| 1 | cv | 7197 | 12/27/01 | FALZONE | HONEYWELL INT'L, INC | 223 | SURRICK |
| 1 | cv | 7199 | 12/27/01 | SPANOLLE | HONEYWELL INT'L, INC | 135 | HUTTON |
| 1 | cv | 7200 | 12/27/01 | BEAUSLEY | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 1 | cv | 7199 | 1/27/01 | THOMAS | ARMSTRONG WORLD IND | 221 | TUCKER |
| 1 | cv | 7201 | 12/27/01 | HARNER | A.C. & S., INC | 135 | VAN ANTWERPEN |
| 1 | cv | 7202 | 12/27/01 | MITYCYAK | A.C. & S., INC. | 227 | SURRICK |
| 1 | cv | 7203 | 12/27/01 | GRAY | A.C. & S., INC. | 135 | VAN ANTWERPEN |
| 1 | cv | 7205 | 12/27/01 | DAUSDICK | RAPID AMERICAN CORP | 208 | ROBRENO |
| 1 | cv | 7206 | 12/27/01 | BUCKWALTER | RAPID AMERICAN CORP. | 139 | HUTTON |
| 1 | cv | | | ADOMANIS | | | |

| No. | Date | Plaintiff | Defendant | # | Judge |
|---|---|---|---|---|---|
| 7207 | 12/27/01 | BAILEY | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 7208 | 12/27/01 | PETTERS | A.C. & S., INC. | 205 | PADOVA |
| 7209 | 12/27/01 | LEININGER | A.C.&S., INC. | 206 | JOOYEN |
| 7211 | 12/27/01 | MAZZUCA | OWENS-CORNING FIBR. | 115 | WEIMER |
| 7212 | 12/27/01 | KING | HONEYWELL INT'L, INC | 205 | PADOVA |
| 7213 | 12/27/01 | ROHT | A.P. GREEN INDUSTRIE | 129 | GILES |
| 7214 | 12/27/01 | CARTH | HONEYWELL INT'L, INC | 131 | KELLY |
| 7215 | 12/27/01 | GOORADE | OWENS-CORNING FIBER. | 209 | BRODY |
| 7216 | 12/27/01 | BONNER | ABEX CORPORATION | 135 | VAN ANTWERPEN |
| 7217 | 12/27/01 | MCCORMICK | HONEYWELL INT'L, INC | 221 | TUCKER |
| 7218 | 12/27/01 | LONG | HONEYWELL INT'L, INC | 135 | VAN ANTWERPEN |
| 7219 | 12/27/01 | COTTRELL | PROVAD ABEX CORP | 223 | SURRICK |
| 7220 | 12/27/01 | WALKO | THE ANCHOR PACKING | 222 | SCHILLER |
| 7221 | 12/27/01 | MARRIOS | HONEYWELL INT'L, INC | 209 | BRODY |
| 7222 | 12/27/01 | HANVER | 3B PRODUCTS CO. | 221 | TUCKER |
| 7223 | 12/27/01 | BANA | A.P. GREEN INDUSTRIE | 216 | KAUFMAN |
| 7224 | 12/27/01 | BUNT | OWENS-CORNING FIBER | 209 | RUBERNO |
| 7225 | 12/27/01 | CIOCCO | A.P. GREEN SERVICES | 216 | KAUFMAN |
| 7226 | 12/27/01 | KRAJERSKI | A.N. CHESTERTON | 201 | YOUN |
| 7228 | 12/28/01 | MILLER | HONEYWELL INTERNATIO | 201 | YOGI |
| 7229 | 12/27/01 | MEHRA | HONEYWELL INTERNATIO | 147 | BUCKWALTER |
| 7230 | 12/28/01 | SHELTON | HONEYWELL INTERNATIO | 129 | GILES |
| 7232 | 12/28/01 | ESTERLAY | HONEYWELL INTERNATIO | 139 | HUTTON |
| 7233 | 12/28/01 | PETRIELLO | HONEYWELL INT'L, INC | 206 | DALZELL |
| 7231 | 12/28/01 | MCANDREW | HONEYWELL INT'L, INC | 115 | WEIMER |
| 7234 | 12/28/01 | HEPFORD | HONEYWELL INT'L, INC | 206 | JOYNER |
| 7235 | 12/28/01 | MEDIGAL | HONEYWELL INT'L, INC | 216 | KAUFMAN |
| 7236 | 12/28/01 | FONTANA | HONEYWELL INT'L, INC | 201 | YOUN |
| 7238 | 12/28/01 | FRESHMAN | HONEYWELL INT'L, INC | 201 | YOUN |
| 7239 | 12/28/01 | ROSSI | HONEYWELL INT'L, INC | 223 | SURRICK |
| 7240 | 12/28/01 | NORMAN | HONEYWELL INTERNATIO | 134 | KELLY |
| 7241 | 12/28/01 | GREGORY | HONEYWELL INTERNATIO | 115 | WEIMER |
| 7242 | 12/28/01 | MALACES | HONEYWELL INTERNATIO | 205 | PADOVA |
| 7244 | 12/28/01 | DEBUSK | HONEYWELL INTERNATIO | 222 | SCHILLER |
| 7244 | 12/28/01 | STANISLAW | HONEYWELL INTERNATIO | 147 | BUCKWALTER |
| 7245 | 12/28/01 | KRAUSE | HONEYWELL INT'L, INC | 206 | DALZELL |
| 7246 | 12/28/01 | BAGGHA | HONEYWELL INT'L, INC | 134 | KELLY |
| 7247 | 12/28/01 | BUZZATO | HONEYWELL INT'L, INC | 206 | JOYNER |
| 7248 | 12/27/01 | OUWAACKER | HONEYWELL INT'L, INC | 209 | BRODY |
| 7249 | 12/28/01 | BRYATT | HONEYWELL INTERNATIO | 236 | KAUFMAN |
| 7250 | 12/28/01 | KELLY | HONEYWELL INTERNATIO | 208 | RUBERNO |
| 7251 | 12/28/01 | JACOBY | HONEYWELL INTERNATIO | 206 | JOYNER |
| 7252 | 12/28/01 | MICHAELS | HONEYWELL INT'L, INC | 115 | WEIMER |
| 7253 | 12/28/01 | MACDONALD | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 7254 | 12/28/01 | HALAS | HONEYWELL INT'L, INC | 221 | TUCKER |
| 7255 | 12/27/01 | HAMPSON | HONEYWELL INT'L, INC | 204 | DALZELL |
| 7256 | 12/27/01 | GEIGER | NAVISTAR INTERNATION | 205 | PADOVA |
| 7260 | 12/24/01 | ELLIS | NAVISTAR INT TRANS | 201 | YOUN |
| 7261 | 12/28/01 | SIONNAS | NAVISTAR INT TRANS | 201 | RUCCIAN |
| 7262 | 12/24/01 | RUCCIAN | NAVISTAR INTER. TRAN | 206 | DALZELL |
| 7263 | 12/24/01 | PALSA | NAVISTAR INTER. TRAN | 165 | PADOVA |
| 7264 | 12/24/01 | OHRBACEK | NAVISTAR INT'L CORP. | 147 | BUCKWALTER |
| 7265 | 12/21/01 | HOGAN | NAVISTAR INT'L CORP. | 135 | VAN ANTWERPEN |
| 7266 | 12/21/01 | BORN | NAVISTAR CORP | 139 | GILES |
| 7271 | 12/21/01 | HALL | FORD MOTOR COMPANY | 129 | GILES |
| 7272 | 12/24/01 | CALLAWAY | INT. HARVESTER CO. | 206 | JOYNER |
| 7273 | 12/24/01 | DICTARIO | NAVISTAR INTER. TRAM | 139 | HUTTON |
| 7215 | 12/24/01 | BERTA | NAVISTAR INTER. TRAN | 206 | JOYNER |
| 7215 | 12/24/01 | GREGORY | NAVISTAR INTERNAT. | 201 | BRODY |
| 7276 | 12/21/01 | VARGAS | NAVISTAR INTERNAT. | 222 | SCHILLER |
| 7278 | 12/21/01 | FANNANH | FORD MOTOR COMPANY | 134 | KELLY |
| 7279 | 12/24/01 | FARELLO | DAIMLERCHRYSLER CORP | 216 | KAUFMAN |
| 7280 | 12/24/01 | KENNEDY | DAIMLERCHRYSLER CORP | 209 | YOUN |
| 7281 | 12/24/01 | HAGGAS | GENERAL MOTORS CORP | 139 | HUTTON |

| | | | | | |
|---|---|---|---|---|---|
| 7262 | 12/28/01 | SENHAN | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 7241 | 12/10/01 | PANICH | DAIMLERCHRYSLER CORP | 214 | KAUFMAN |
| 7264 | 11/28/01 | STRASSAVAGE | DAIMLERCHRYSLER CORP | 232 | SCHILLER |
| 7265 | 12/25/01 | FOX | DAIMLERCHRYSLER | 204 | DALZELL |
| 7267 | 12/21/01 | PALMER | DAIMLERCHRYSLER CORP | 135 | VAN ARTHURPEH |
| 7268 | 12/29/01 | OUDBACEK | DAIMLERCHRYSLER CORP | 209 | BRODY |
| 7269 | 11/29/01 | MURRAY | GENERAL MOTORS CORP | 221 | TUTKER |
| 7251 | 11/29/01 | LYNCH | GENERAL MOTORS CORP | 223 | SURRICK |
| 7251 | 12/29/01 | RIPPEY | GENERAL MOTORS CORP. | 147 | BUCKWALTER |
| 7252 | 12/21/01 | HOFFMAN | GENERAL MOTORS CORP. | 131 | KELLY |
| 7299 | 12/21/01 | GRISSAT | DAIMLERCHRYSLER CORP | 223 | SURRICK |
| 7298 | 12/28/01 | HAUTMAN | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 7295 | 12/28/01 | FAUST | DAIMLERCHRYSLER | 216 | KAUFMAN |
| 7296 | 12/28/01 | EGAN | DAIMLERCHRYSLER | 704 | ROBRENO |
| 7257 | 12/28/01 | BREDONTE | GENERAL MOTORS CORP | 204 | DALZELL |
| 7298 | 12/28/01 | DEST | DAIMLERCHRYSLER CORP | 115 | WEINER |
| 7299 | 12/28/01 | CLIFFORD | DAIMLERCHRYSLER | 223 | SURRICK |
| 7302 | 12/31/01 | KIRKUS | TOYOTA MOTOR SALES | 209 | BRODY |

K

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Nos. 02-10029 and 02-10036

### In Re

## DAIMLERCHRYSLER CORPORATION,
## FORD MOTOR COMPANY, and
## GENERAL MOTORS CORPORATION,

*Petitioners.*

(Two Petitions)

On Petitions for Writs of Mandamus from the
United States District Court for the Northern District of Texas,
Dallas Division, Hon. Joe Kendall, J.
Trial Court Nos. 3:01-CV-2870-X & 3:01-CV-2865-X

## COMBINED RESPONSE TO
## PETITIONS FOR WRITS OF MANDAMUS

Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3505
(214) 599-1164 (fax)

ATTORNEYS FOR RESPONDENTS

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    This Court Lacks Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    The Court Below Was Never Divested of Jurisdiction . . . . . . . . . . . . . . . . . . . . 4

        1.    *The Provisional Transfer Order Does Not Apply To This Case* . . . . . . . . 5

        2.    *A Transfer Order Does Not Divest a Transferor Court of Jurisdiction Until the Physical File is Transferred and The Case is Docketed in the Transferee Court* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        3.    *A Transfer Order Which Exceeds The Jurisdiction of the Issuing Court Cannot Pretermit a "Transferor" Court's Power to Act, Nor Relieve the "Transferor" Court of its Obligation To Dismiss or Remand a Case Over Which it Lacks Subject Matter Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . 8

        4.    *Subject Matter Jurisdiction and Abstention Must Be Decided Prior To A Section 157(b)(5) Transfer Decision; Therefore, the "Provisional Transfer Order," Which Did Not Undertake such Analyses, could Not Deprive The Court Below of Jurisdiction, Nor Relieve It From Its Own Obligation To Remand This Case For Lack of Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . 11

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

ii

## TABLE OF AUTHORITIES

<u>CASES</u>

*A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Abraham v. Henkel Surface Tech* No. EP 01-CA 227 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . 2

*Abshire v. Henkel Surface Tech.*, No. EP 01-CA-226 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . 2

*Aerojet General Corp., v. Askew*, 511 F.2d 710, (5th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Allphin v. ACandS, Inc.*, No. G-01-660 (S.D. Tex., Nov. 19, 2001) . . . . . . . . . . . . . . . . . . . . . . 1

*Arnold v. ACandS, Inc.*, No. C-01-478 (S.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . . . . . . 1

*Arnold v. Garlock, Inc.*, __ F.3d __, 2001 WL 1669714 (5th Cir., Dec. 28, 2001) . . . . . . 1,4,11

*In Re Asbestos Cases*, ___F. Supp.3d ___, 2001 WL 1561793 (S.D. W. Va., Dec. 7, 2001) . . . 2

*Baird v. Armstrong World Indus., Inc.*, G-01-769 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . 2

*Berry v. GAF Corp.*, No. G-01-761 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Booker v. US. Gypsum Co.*, No. G-01-785 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . 1

*Bowers v. Armstrong World Indus., Inc.*, G-01-746 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . 2

*Chafin v. Crown Cork & Seal Co.*, No. G-01-758 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . 1

*Chrysler Credit Corporation v. Country Chrysler, Inc.*, 928 F.2d 1509,
    (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Clamon v. Armstrong World Indus., Inc.* G-01-784 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . 2

*Collard v. U.S. Gypsum Co.*, No. G-01-760 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . 2

*Coleman v. Owens Corning*, G-01-776 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . 2

*Combs v. Able Supply, Inc.*, No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001) . . . . . . . . . . . 1

*Dotson v. Owens Corning Fiberglas Corp.*, G-01-779 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . 2

*In Re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duke v. ACandS, Inc.*, No. 01-CA-751-SS (W.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . 1

*In re Galiardi*, 745 F.2d 335, (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gill v. ACandS, Inc.*, No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001) . . . . . . . . . . . . . . . . . 1

*Higgins v. Garlock, Inc.*, No. G-01-747 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . 2

*Jammer v. Kellogg-Brown & Root, Inc.* G-01-782 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . 2

*Johnson v. ACandS, Inc.*, No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001) . . . . . . . . . . . . . . . . . 2

*Kmart Corp. v. Aronds*, 123 F.3d 297, (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Loman v. Falsetti*, 335 F.2d 632, (5th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lupercio v. GAF Corp.*, No. EP 01-CA 228 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . . . . . . . 2

*Madden v. ACandS, Inc.*, No. G-01-674 (S.D. Tex., Nov. 19, 2001) . . . . . . . . . . . . . . . . . . . . 1

*Miller v. GAF Corp.*, No. G-01-763 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mott v. US. Gypsum Co.*, No. G-01-783 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . 1

*Orise v. Kellogg-Brown & Root, Inc.*, G-01-777 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . 2

*Painter v. Certainteed Corp.*, No. 3:00-CV-2714-M (N.D. Tex., Dec. 19, 2000) . . . . . . . . . . . 2

*In re Pan Am Corp.*, 950 F.2d 839 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*In re Pan Am Corp.*, 16 F.3d 513 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pugh v. Pittsburgh Corning*, No. G-01-762 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . 2

*Ripple v. Pittsburgh Corning*, No. G-01-757 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . 2

*Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999) . . . . . . . . . . . . . . 10, 11

iv

*In re Southwestern Mobile Homes* 317 F.2d 65, (5th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sterling v. AC&S, Inc.*, No. C-01-581 (S.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*United Steelworkers of America v. Marshall*, 592, F.2d 693, (10th Cir. 1979) . . . . . . . . . . . . . . . 6

*Veasey v. Owens-Corning*, No. G-01-775 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . 2

*Ward v. Owens Corning*, No. G-01-745 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES

28 U.S.C. § 157(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10

28 U.S.C. § 157(b)(2)(B) & (O) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1334(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

v

## CERTIFICATE OF INTERESTED PERSONS

To the best of the Respondents' knowledge, the Certificates of Interested Persons are accurate.

# I.

## INTRODUCTION

The Petitioners, DaimlerChrysler, Ford and GM (hereinafter the "Auto Makers") are defendants in several thousand state law asbestos personal injury or death cases, as they manufactured and/or distributed products containing asbestos, products which killer or injured thousands of people – among whom are the Respondents. While being a defendant in a multitude of state court tort cases is obviously not an ideal situation from Auto Makers' perspective, it comes with the territory when you kill, maim and injure thousands of people.

With the October, 2000 filing of the Federal Mogul bankruptcy, the Auto Makers (and Garlock, Inc., Honeywell, and a dozen or more other defendants) saw the opportunity to throw a "hail-Mary pass" in an attempt to derail the ongoing tort litigation against them and to federalize asbestos litigation by misuse of "related to" bankruptcy jurisdiction and a bankruptcy statute the purpose of which is to fix venue in personal injury claims against bankrupt parties.

Contrary to the Auto Makers' plan, the court below remanded these cases – as did many courts before it which have remanded removed cases which were supposedly "related to" the bankruptcy of an asbestos company. *See, e.g., Arnold v. Garlock, Inc.,* \_\_ F.3d \_\_, 2001 WL 1669714 (5th Cir., Dec. 28, 2001), *affirming, Allphin v. ACandS, Inc.,* No. G-01-660 (S.D. Tex., Nov. 19, 2001), *Madden v. ACandS, Inc.,* No. G-01-674 (S.D. Tex., Nov. 19, 2001); *Combs v. Able Supply, Inc.,* No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001), *Gill v. ACandS, Inc.,* No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001), *Sterling v. AC&S, Inc.,* No. C-01-581 (S.D. Tex., Nov. 9, 2001), *Arnold v. AC&S, Inc.,* No. C-01-478 (S.D. Tex., Nov. 9, 2001), *Duke v. ACandS, Inc.,* No. 01-CA-751-SS (W.D. Tex., Nov. 9,

1

2001); *Chafin v. Crown Cork & Seal Co.*, No. G-01-758 (S.D. Tex., Dec. 6, 2001);
*Booker v. US. Gypsum Co.*, No. G-01-785 (S.D. Tex., Dec. 6, 2001); *Mott v. US. Gypsum
Co.*, No. G-01-783 (S.D. Tex., Dec. 6, 2001); *Magana v. US. Gypsum Co.*, No. G-01-781
(S.D. Tex., Dec. 6, 2001); *Berry v. GAF Corp.*, No. G-01-761 (S.D. Tex., Dec. 6, 2001);
*Ripple v. Pittsburgh Corning*, No. G-01-757 (S.D. Tex., Dec. 6, 2001); *Ward v. Owens
Corning*, No. G-01-745 (S.D. Tex., Dec. 6, 2001); *Higgins v. Garlock, Inc.*, No. G-01-747
(S.D. Tex., Dec. 6, 2001); *Pugh v. Pittsburgh Corning*, No. G-01-762 (S.D. Tex., Dec. 6,
2001); *Bowers v. Armstrong World Indus., Inc.*, G-01-746 (S.D. Tex., Dec. 6, 2001);
*Collard v. U.S. Gypsum Co.*, No. G-01-760 (S.D. Tex., Dec. 6, 2001); *Veasey v. Owens-
Corning*, No. G-01-775 (S.D. Tex., Dec. 6, 2001); *Clamon v. Armstrong World Indus.,
Inc.* G-01-784 (S.D. Tex., Dec. 6, 2001); *Jammer v. Kellogg-Brown & Root, Inc.* G-01-
782 (S.D. Tex., Dec. 6, 2001); *Baird v. Armstrong World Indus., Inc.*, G-01-769 (S.D.
Tex., Dec. 6, 2001); *Dotson v. Owens Corning Fiberglas Corp.*, G-01-779 (S.D. Tex.,
Dec. 6, 2001); *Orise v. Kellogg-Brown & Root, Inc.*, G-01-777 (S.D. Tex., Dec. 6, 2001);
*Coleman v. Owens Corning*, G-01-776 (S.D. Tex., Dec. 6, 2001); *Miller v. GAF Corp.*,
No. G-01-763 (S.D. Tex., Dec. 6, 2001); *In Re Asbestos Cases*, ___ F.Supp.3d ___, 2001
WL 1561793 (S.D.W. Va., Dec. 7, 2001); *Abshire v. Henkel Surface Tech.*, No. EP 01 CA
226 (W.D. Tex., Oct. 22, 2001); *Abraham v. Henkel Surface Tech.*, No. EP 01 CA 227
(W.D. Tex., Oct. 22, 2001); *Lupercio v. GAF Corp.*, No. EP 01 CA 228 (W.D. Tex., Oct.
22, 2001); *Johnson v. ACandS, Inc.*, No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001); *Painter
v. Certainteed Corp.*, No. 3:00-CV-2714 M (N.D. Tex., Dec. 19, 2000).

Here, however, the Auto Makers attempt to distinguish this unbroken line of
authority on two bases. The Auto Makers claim that the court below lacked subject matter
jurisdiction to remand the cases because of a "provisional" transfer order of the District of

2

Delaware. The Auto Makers also claim that the nominal respondent, Judge Joe Kendall, acted dishonestly, issuing these orders as some kind of sop to the plaintiffs' bar given that upon leaving the bench, he is joining the Provost & Umphrey law firm, a firm which practices plaintiffs' personal injury and consumer litigation.

The Petitions must be denied for several reasons. As for the Auto Makers' first basis for the Petitions (lack of subject matter to issue the remand order): First, this Court lacks jurisdiction to grant the petitions, since the cases have already been remanded for lack of subject matter jurisdiction. Second, the remand orders below were entered *prior* to the "provisional transfer order"; therefore, even accepting for the sake of argument that a provisional transfer order could, under the circumstances here, divest the court of jurisdiction, the remand orders were entered prior to the alleged "transfer." Third, the Auto Makers fail to cite to this Court its own controlling authority, holding, like other courts which have considered the issue, that a "transfer" does *not* deprive a transferor court of jurisdiction *unless and until* the files of the cases are themselves physically transferred to and the files docketed in the transferee court. Consequently, even if the provisional transfer order had been entered prior to the remands (which it was not), jurisdiction over the cases remained in the court below and that court had ample jurisdiction to remand the cases. Fourth, a "provisional transfer order," which itself was entered without jurisdiction, can hardly trump the jurisdiction of the court below, nor relieve the court below from complying with the command of Congress to address its own jurisdiction, *sua sponte* if necessary, and remand a case over which there is no subject matter jurisdiction. Fifth, although the respondents do not concede that Section 157(b)(5) can properly be employed by a non-bankrupt party to transfer claims made against it by other non-debtors, assuming that such a transfer were permitted, the court below still had the power to examine and

3

determine its jurisdiction and whether or not abstention was required or merited, as these inquiries must precede any transfer.

As for the Auto Maker's second "basis" for mandamus, their vicious *ad hominem* on Judge Kendall, that will be addressed in a separately filed Motion for Rule 38 and Section 1927 Sanctions.

## II.

## ARGUMENT

### A.   This Court Lacks Jurisdiction

It is of course necessary to examine this Court's jurisdiction before proceeding further. As the Petitioners state in their petition, the remand orders about which the Petitioners complain have been signed by the court, entered on the docket and transmitted to the state court clerk. A remand order which has these attributes in unquestionably beyond review. *Arnold v. Garlock, Inc.,* __ F.3d __, 2001 WL 1669714, *8 (5th Cir., Dec. 28, 2001).

The Petitioners will argue, however, that the bar to reviewability does not apply here, since they seek review of orders which were signed, etc. following an event which had terminated the district court's subject matter jurisdiction over the cases, citing as support *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984). While that case is easily distinguished, and in any event contains only *dicta* on the point for which it is cited, it is instead clear that if Petitioners' jurisdictional argument is accepted, and the "provisional" transfer order did indeed divest the court below of jurisdiction, *this* Court would *also* lack jurisdiction. *See Chrysler Credit Corporation v. Country Chrysler, Inc.,* 928 F.2d 1509, 1517 (10th Cir. 1991) (the date the transfer order becomes effective "also forms the effective date that appellate jurisdiction in the transferor circuit is terminated."); *see also infra*, Section B.2.

4

**B.**    <u>The Court Below Was Never Divested of Jurisdiction</u>

The linchpin of the Petitioners' argument is that the remand orders of the court below were signed after its jurisdiction had been divested by a "provisional transfer order" issued by the Federal Mogul bankruptcy court, the District of Delaware; therefore, the remand orders were invalid.  The Petitioners' argument is wrong for several reasons.  <u>First</u>, the "provisional transfer order" at issue was not entered until after the entry of the remand orders below.  <u>Second,</u> a transferor court is not divested of jurisdiction over a case which is the subject of a transfer order unless and until the physical file is itself transferred and the record is docketed in the transferee court.  <u>Third</u>, a "provisional transfer order" which itself exceeds the jurisdiction of the issuing court cannot divest another court of its power to act, especially since every court has an unflagging obligation to dismiss or remand a case over which subject matter jurisdiction is lacking.  <u>Fifth</u>, assuming for the sake of argument only, that a Section 157(b)(5) transfer order could validly be entered involving only non-debtors, the court below still had the power to examine and determine its own jurisdiction and whether or not abstention was required or merited, as these inquiries must precede any transfer.

1.    *The Provisional Transfer Order Does Not Apply To This Case*

Regardless of the outcome of any of the other legal arguments herein, mandamus cannot issue because the December 10, 2001 "provisional" transfer order of the District of Delaware did not even purport to transfer cases like these that, as of December 10, 2001, had not yet been removed.[1]  The sole basis for the Petitions is that the provisional transfer order deprived the court below of its power to act; yet, since the order did not even purport

---

[1] December 10, 2001 Order at 1 (Exhibit 2 to the Petition) ("and it appearing that movants *have removed* these cases....."); *see also* January 3, 2002 Letter Opinion at 2 (Exhibit 6 to the Petition) ("the only claims transferred to this Court are those that had already been removed to federal court on the date the relevant Provisional Transfer Order was entered.")

5

to transfer cases such as these which had not yet been removed on December 10, the December 10 Order is inapplicable and of no effect, and therefore the Petitions must be denied.

To the extent that the Auto Makers wish to rely upon the January 3, 2002 Letter Opinion "clarifying" the "provisional transfer order,"[2] that reliance would also be misplaced, since the remand orders below were entered on the docket on January 3, 2002, the day *before* the "January 3, 2002" Letter Opinion – which was in fact not filed and entered on the Delaware docket until the next day, January 4, 2002.[3]  Since on the face of the record, the remand orders were first in time, the transfer order could not possibly have divested the court below of jurisdiction to remand these cases.

---

[2] Exhibit 6 to the Petition. That "clarification" was in reality an order that cases which had been removed from December 11, 2001 to January 3, 2002 would now be included among the purportedly provisionally transferred cases.

[3] *See* Electronic Filing Stamp, United States Bankruptcy Court for the District of Delaware, attached as Exhibit A hereto.

Respondents note that even if the Delaware order had been entered on the docket on January 3, 2002, there is certainly no presumption that Delaware order came first, in fact the opposite is true. It is incumbent upon the Auto Makers, as the parties bearing the burden of proof, and the parties with the burden to overcome the presumption of validity which accompanies Judge Kendall's remand order, to provide *proof* that the Delaware order was first in time, and no such proof has been provided. *See KMart Corp. v. Aronds*, 123 F.3d 297, 300 (5th Cir. 1997) ("The party requesting mandamus has the burden of proving a 'clear and indisputable' right to the writ."); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 720 (5th Cir. 1975) (judgments are entitled to a presumption of regularity and verity); *Lowman v. Falsetti*, 335 F.2d 632, 639 (5th Cir. 1964) (same).  Further, in an analogous situation, (which existed prior to a statute and MDL Rule which addressed the situation by having a random selection between petitions for review, where multiple petitions for review of agency orders were filed simultaneously in different courts of appeals), courts have left it to "the interests of justice" to decide which petition should govern when petitions for review are filed at the same time. *See United Steelworkers of America v. Marshall*, 592 F.2d 693, 696 (10th Cir. 1979). Here, given (1) the strong statutory bars and public policies against review of remand orders, (2) the presumption against federal jurisdiction, (3) the fact that the Petitioners have not proven that the provisional transfer order was first in time, (4) the fact the the "provisional" transfer order is just that – provisional, not a final order, (5) the fact that the provisional transfer order was entered prior to any jurisdictional or abstention analysis – both of which are prerequisites to a proper transfer, and (6) the urging of the Supreme Court that subject matter jurisdiction be addressed prior to non-subject-matter jurisdictional matters, leads to the inescapable conclusion that equity and fairness requires that the remand order should control over the transfer order.

6

## 2.   *A Transfer Order Does Not Divest a Transferor Court of Jurisdiction Until the Physical File is Transferred and The Case is Docketed in the Transferee Court*

Regardless of the sequence of relevant orders, transfer orders are not self-executing.  Significantly, in another order, this one dated December 18, 2001,[4] the Delaware court expressly directed the district clerk to *retain the files* of the removed cases.  *Id.* at 4.  This means that, as a matter of law, the court below *retained jurisdiction* over these cases.  *See, e.g., In re Southwestern Mobile Homes,* 317 F.2d 65, 66 (5th Cir.1963).  A cogent summary of the law in this area is found in *Chrysler Credit Corporation v. Country Chrysler, Inc.,* 928 F.2d 1509, 1517 (10th Cir. 1991):[5]

> *Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.* Roofing & Sheet Metal Serv., 689 F.2d at 988-89 n. 10; *In Re Nine Mile Limited,* 673 F.2d 242, 243 (8th Cir.1982); *In re Southwestern Mobile Homes,* 317 F.2d 65, 66 (5th Cir.1963). *See Hyde Constr. v. Koehring Co.,* 348 F.2d 643, 648 (10th Cir.1965), *rev'd on other grounds,* 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966). *The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently forms the effective date that jurisdiction in the transferor court is terminated.* Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir.1987), *cert. denied,* 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); 15 Federal Practice and Procedure Sec. 3846 at 357. *Cf. Robbins v. Pocket Beverage Co.,* 779 F.2d 351, 355 (7th Cir.1985) (district court retained jurisdiction to vacate its transfer order where motion for reconsideration was granted before files were received by transferee court). *The date the papers in the transferred case are docketed in the transferee court also forms the effective date that appellate jurisdiction in the transferor circuit is terminated.*

Since the December 18, 2001 Order of the Delaware court mandates that there be no physical transfer of the files of these cases, none of the transfer orders at issue, for whatever else they might do, have ever divested the court below of its jurisdiction or power to act in these cases, nor of its obligation to remand them.

---

[4] Exhibit B hereto.  This Order was not provided by the Petitioners as part of their appendix.

[5] Footnote omitted.  Unless noted otherwise, all emphases in this Response are added.

3.     . *A Transfer Order Which Exceeds The Jurisdiction
of the Issuing Court Cannot Pretermit a "Transferor"
Court's Power to Act, Nor Relieve the "Transferor"
Court of its Obligation To Dismiss or Remand a
Case Over Which it Lacks Subject Matter Jurisdiction.*

A transfer order which is itself jurisdictionally deficient cannot trump another court

of its power to act in a case, nor allow that court to ignore Congress's express instruction

to dismiss or remand cases when it becomes apparent that subject matter jurisdiction is

lacking.

The "provisional transfer order" is based solely on 28 U.S.C. § 157(b)(5). The

purpose of that section is very specific and was the subject of a thorough analysis in *A. H*

*Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986). In *Robins*, the Fourth

Circuit correctly held that section 157(b)(5) applies only to suits *against the debtor*, while

Section 1412, the general transfer statute, holds sway in "all other cases related to the

bankruptcy proceedings." *Id.* at 1011. The court opined that Legislative intent:

> would be thwarted and the plain language of section 157(b)(5) nullified if the
> power of the district court sitting in bankruptcy to fix the venue *for tort
> claims against a debtor* was to be preempted by the provisions of section
> 1412. ... *Section 157(b)(5) was drafted to cover the procedure in
> connection with a special group of cases, to wit, personal injury tort
> claims against a debtor in Chapter 11 proceedings* wherever pending and in
> that connection the section is supreme. *In all other cases related to the
> bankruptcy proceedings, however, the general statute (i.e., section 1412)
> would govern.* This, we think, is the proper construction to be given the two
> statutes. It is a construction which harmonizes the two sections. It conforms
> to the established canon of statutory construction that "[w]e must read the
> statutes [in those instances where there is any possible conflict] to give
> effect to each if we can do so while preserving their sense and purpose.

*Id.* at 1011, *quoting Watts v. Alaska*, 451 U.S. 259, 267 (1981) (other citations omitted).

*Robins* emphasizes that section 157(b)(5) controls the fixing of venue only for

personal injury tort and wrongful death claims against a debtor and does not reach claims

against independent non-debtors. This distinction is highlighted by the *Robins* court's

8

description of the lower court's order ("a ruling bringing for the time being all the pending suits *against the debtor* before the district court sitting in bankruptcy"), and by the Fourth Circuit's summary of its own holdings ("[W]e affirm the district court's order *staying* the suits of the plaintiffs *against the debtor and all co-defendants*, but remand with directions the order *fixing venue* for all pending suits *against the debtor*.") *Id.*, at 1015-16. In addition, the Second Circuit in *In Re Pan Am Corp.*, 950 F.2d 839, 844 (2d Cir 1991) characterized Section 157(b)(5) as a devise for use in transferring and centralizing claims *against debtors*: "A motion under section 157(b)(5), therefore, requires an abstention analysis. This analysis, however, is colored by the Bankruptcy Code's treatment of *personal injury claims against debtors*." *In Re Pan Am*, 950 F.2d at 844-45. *See also In re Pan Am Corp.*, 16 F.3d 513, 516 (2d Cir. 1994) ("*A bankrupt debtor* who is a defendant in a personal injury action may move under section 157(b)(5) to transfer the case.")

The holdings above were informed by, and are certainly consistent with the Legislative History of Section 157(b)(5). As to personal injury tort or wrongful death claims asserted against a debtor's estate, the compromise crafted by Congress ensured that, when abstention does not occur, parties may try their cases to juries in Article III courts, rather than to bankruptcy judges. 28 U.S.C. § 157(b)(2)(B) &(O). As Congressman Fish put it in summarizing these aspects of the work of the Conference Committee:

> The compromise provides that the district court shall abstain from hearing a State law case related to a bankruptcy proceeding if that proceeding is commenced and can be timely adjudicated in State court. This would cover the Marathon-type fact situation. . . .
>
> A personal injury or wrongful death claim *against a bankrupt estate* can be tried in Federal district court with a jury. These claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in which the claim arose, as determined by the district court where the bankruptcy case is pending.

9

130 Cong. Record, H7490 (June 29, 1984).

The Automobile Manufacturers cite in support of the jurisdictional soundness of the Delaware "provisional" transfer order, *Robins, supra,* and *In Re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996), *cert. denied,* 519 U.S. 1071 (1997). Yet, neither case is persuasive support for their position. Indeed, as seen above, *Robins* rejects the notion that Section 157 can be used to fix venue in personal injury cases against independent non-debtors. As for *Dow Corning,* the case is easily distinguished on its peculiar facts, and its interpretation of Section 157(d)(5) is wrong. *Dow Corning* is an aberration, both jurisdictionally and regarding Section 157(b)(5), because of the nature of the particular non-debtors who were seeking the extraordinary relief. Primarily at issue in *Dow Corning* were the two non-debtor co-venturers who held all of the equity of the debtor – Dow and Corning, or were insurers of the debtor, or co-insurers of the debtor and others. The non-debtors in *Dow Corning,* who collectively owned, operated and controlled the debtor, and the insurers of the debtor, bear absolutely no similarity whatsoever to the non-debtors seeking the extraordinary relief here – non-debtors who are completely at arms-length from the debtor, and which do not own, control, operate or insure the debtor, Federal Mogul.

Thus, the orders of the District of Delaware, specifically based upon Section 157(b)(5), cannot strip the court below of its power to decide the remand questions, since Section 157(b)(5) simply does not authorize the transfer of cases against independent non-bankrupt parties. Juxtaposed against an unauthorized employment of Section 157(b)(5), which the Auto Makers allege stripped the court below of its power to act, is Congress's express injunction to the court below: "If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C.

10

§ 1447(c). Because the court below had the obligation to remand this case, the "provisional transfer order" at issue could not prevent the remand order from being effective.

     **5.**     *Subject Matter Jurisdiction and Abstention Must Be Decided Prior To A Section 157(b)(5) Transfer Decision; Therefore, the "Provisional Transfer Order," Which Did Not Undertake Such Analyses, Could Not Deprive The Court Below of Jurisdiction, Nor Relieve It From Its Own Obligation To Remand This Case For Lack of Jurisdiction*

     As a matter of both the statutory interpretation of Section 157(b)(5), as well as federal common law, or perhaps more accurately termed as the "supervisory authority" of the Supreme Court of the United States over inferior federal courts, the determination of federal court subject matter and removal jurisdiction must be made prior to a valid transfer under Section 157(b)(5).

     First, as a matter of statutory interpretation, a prerequisite to a valid order under Section 157(b)(5) is an analysis of and decision whether there should be abstention in the case. *In Re Pan Am Corp.*, 950 F.2d 839, 844-5 (2d Cir 1991) ("A motion under section 157(b)(5), therefore, *requires* an abstention analysis"). And, of course, an analysis of whether there is federal jurisdiction over the case in the first place is always required. 28 U.S.C. § 1447(c) ("If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded."). None of the transfer orders at issue even purport to undertake an analysis of mandatory or permissive abstention under 28 U.S.C. § 1334(c), nor of federal jurisdiction. Consequently, the District of Delaware could not, and given the provisional nature of the orders, certainly never intended to, deprive the court below of the power to act – especially since the court below simply undertook the very analysis required under Section 157(b)(5) anyway.

     Second, while a federal court certainly has discretion to hear issues in the order that

11

equity and good conscience dictate is most appropriate, the Supreme Court has clearly

spoken about that discretion should be exercised. *Ruhrgas, AG v. Marathon Oil Co.*, 526

U.S. 574, 119 S. Ct. 1563 (1999). The issue presented in *Ruhrgas* was whether a court

must, under *all* circumstances, rule on subject matter jurisdiction prior to ruling on other,

"waivable," non-subject matter jurisdictional issues.[6] This Court, sitting *en banc*, had held

that subject matter jurisdiction must, in all removed cases, be addressed first, period. The

Supreme Court reversed, allowing lower courts discretion regarding the order in which the

issues are decided. The Supreme Court held, however, that absent unusual circumstances

making the non-subject-matter jurisdiction issues considerably easier to decide, district

courts must address their own removal jurisdiction first because of comity concerns, and

out of respect for coordinate state courts. As the Supreme Court stated:

> Most essentially, federal and state courts are complementary systems for
> administering justice in our Nation. Cooperation and comity, not
> competition and conflict, are essential to the federal design. A State's
> dignitary interest bears consideration when a district court exercises
> discretion in a case of this order. If personal jurisdiction raises "difficult
> issues of [state] law," and subject matter jurisdiction is resolved "as eas[ily]"
> as personal jurisdiction, a district court will ordinarily conclude that
> "federalism concerns tip the scales in favor of initially ruling on the motion
> to remand."

> [W]e recognize that in most instances subject-matter jurisdiction will involve
> no arduous inquiry.... In such cases, both expedition and sensitivity to state
> courts' coequal stature should impel the federal court to dispose of that issue
> first.

*Ruhrgas*, 526 U.S. at 586-7, 119 S.Ct. at 1571-72.

The court below merely applied these principals, and did so appropriately. As the

Supreme Court held, where, as here, the subject matter jurisdiction inquiry was not

---

[6] In *Ruhrgas*, the non-subject matter jurisdictional issue was personal jurisdiction.

12

"arduous,"[7] respect for the state courts and Our Federalism dictate that removal jurisdiction be addressed prior to even addressing a motion to transfer. Again, the "provisional" transfer orders, which lack any analysis of the jurisdictional issues, placed the cart before the horse, and such an Order could not, therefore, invalidate the remand order of the court below.

Because the court below acted with complete propriety in remanding this case, the Writ of Mandamus must be denied.

## III.

## CONCLUSION

This Court should deny the Petitions for Writ of Mandamus.

---

[7] And this Court agrees on that score. *See Arnold v. Garlock, Inc.*, __ F.3d __, 2001 WL 1669714 (5th Cir., Dec. 28, 2001) (finding no "related to" jurisdiction over contribution and indemnity claims of an independent non-debtor)

13

Respectfully submitted,

BARON & BUDD, P.C.

3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219-4281
214/521-3605
FAX:  214/520-1181

BY:

ALAN B. RICH
Texas State Bar No. 16842350

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the Petitioners' lead counsel of record, Christopher Landau, Kirkland & Ellis, 655 Fifteenth Street, NW, Washington, DC 20005, by Federal Express on the ___11___ day of January, 2002.

ALAN B. RICH