ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 6 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | | |

**This Document Relates To:**

| | | |
|---|---|---|
| **VARIOUS PLAINTIFFS** *(see attached schedule (**Exhibit A**))*, | § § § § § | *from the* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS |
| *Plaintiffs*, | § § | |
| vs. | § § | |
| DAIMLERCHRYSLER, FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION, | § § § § § | Case Numbers: *See Attached Schedule* **(Exhibit A)** |
| *Defendants.* | § | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CTO-209

The Plaintiffs file their Reply Brief in Support of Motion to Vacate Conditional Transfer Order 209, entered December 28, 2001, and would show as follows:

### I.

### INTRODUCTION

These actions were recently removed from various Texas state district courts by the Big Three Automobile Manufacturers (Ford, General Motors and DaimlerChrysler) citing alleged bankruptcy "related to" jurisdiction under 28 U.S.C. § 1334, based upon the bankruptcy proceeding of Federal Mogul Global, Inc. and related entities. The Big Three

REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CTO-209 – Page 1

OFFICIAL FILE COPY IMAGED FEB 7 '02

allege that all claims made against them based upon the sale of brake products are related to the Federal Mogul bankruptcy because, allegedly, the Big Three purchased brake products from a Federal Mogul debtor and therefore the Big Three have contribution or indemnity claims against a debtor. This basis for federal bankruptcy jurisdiction is, however, wholly devoid of merit. *See, e.g., Pacor, Inc. v. Higgins (In re Pacor)*, 743 F.2d 984 (3rd Cir. 1984). Consequently, the Plaintiffs in these cases filed motions to remand in the Northern District of Texas, some of which have, since the filing of the Motion to Vacate, been ruled upon, and most of which have not.[1]

As the Big 3 Auto Makers point out in their Response, after the removals, these actions were "provisionally transferred" to the venue of the Federal Mogul bankruptcy by Judge Alfred Wolin,[2] presiding over said bankruptcy by assignment of the Third Circuit.

## II.

## ARGUMENT

Finally, the Plaintiffs and the Big 3 Auto Makers have agreed on something: That regardless of what ever else happens, this Panel should *not* transfer the subject cases to *MDL 875*. Of course, the Plaintiffs, for the reasons stated in their Motion to Vacate oppose this transfer. The Big 3 argue not that the cases should be transferred to MDL 875,

---

[1] *Dunn v. DaimlerChrysler*, 3:01-CV-2865-X (Jan. 3, 2002); *Malliot v. DaimlerChrysler*, 3:01-CV-2870-X (Jan. 3, 2002). No court has denied such remand motions.

[2] Nothing in this Notice should be taken as acquiescence in or agreement that the provisions of 28 U.S.C. § 157(b)(5) can be or was properly used in relation to these cases to transfer claims against *non-debtors* to the bankruptcy court venue. Indeed, that section can be used only to transfer claims against debtors.

REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CTO-209 – Page 2

but instead "to Judge Alfred Wolin to assist in the enforcement of the Provisional Transfer Order [to the Federal Mogul Global bankruptcy in the District of Delaware]."

In support of this request, the Big 3 disparage the motives of Plaintiffs' counsel in doing what the Plaintiffs are legally entitled to do – file Motions to Remand in the local federal courts – and also posit that local federal judges lack the wherewithal to defer to Judge Wolin, *if they want to*. The Big 3 also accuse Plaintiffs' counsel of being inconsistent regarding Judge Wolin's orders, before this Panel and before the Fifth Circuit Court of Appeals. This is certainly not true. In the Fifth Circuit, as seen in the exhibit to the Big 3's Response, the *Dunn* and *Malliot* plaintiffs took the position that the mere existence of competing transfer orders between this Panel and Judge Wolin would cause unnecessary confusion and collateral litigation. At the same time, it is also true that the Provisional Transfer Order, for whatever else it might do, or whatever powers it might bestow upon Judge Wolin, did not divest the local federal courts of their own jurisdiction and power to remand cases.[3] The Big 3 are simply trying to divert the Panel's attention from the crucial legal reality here: The Panel does not have the power to transfer these cases to Judge Wolin and the Federal Mogul bankruptcy in the District of Delaware.

The Rules of the Panel do now allow the transfer sought by the Big 3. Rule 7.4(a) clearly states that with regard to tag-along actions: "an order may be entered by the Clerk of the Panel transferring that action *to the previously designated transferee district*

---

[3] Much like a CTO of the Panel, which at the same time gives this Panel jurisdiction to act in a case, but does not divest a local federal court of its jurisdiction.

REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CTO-209 – Page 3

Case MDL No. 875 Document 3417 Filed 02/06/02 Page 4 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 6 2002

FILED
CLERK'S OFFICE

*court....*" (emphasis added). MDL 875, Judge Weiner presiding in the Eastern District of Pennsylvania, is the previously designated transferee district court; therefore, the Panel is not authorized to transfer these cases to Judge Wolin in the District of Delaware.[4]

### III.

### CONCLUSION

The conditional transfer order should be vacated, transfer denied, and these cases remain in the Transferee Courts, and thereafter be remanded to the state district courts, and the Plaintiffs should receive all other relief to which they are entitled.

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: _____
ALAN B. RICH
Texas Bar No. 16842350

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2002, the foregoing Reply Brief was served via United States mail to all counsel of record on the attached service list.

_____

---

[4] Nor should the Panel do so, regardless. This is true for the reasons set forth in the mandamus response of the Dunn and Malliot plaintiffs, attached to the Big 3's Response as Exhibit K, and which is incorporated herein by reference.

REPLY BRIEF IN SUPPORT OF MOTION TO VACATE CTO-209 – Page 4

## PANEL SERVICE LIST (Excerpted from CTO -209)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
1800 Massachusetts Ave.,
N.W.
Washington, DC 20036

David A. Damico
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Philadelphia Bourse Bldg.
Suite 1000
Independence Mall East
Philadellphia, PA 19106

Ellen B. Furman
1600 Market St., 33rd Fl.
Philadellphia, PA 19103

Susan M. Hansen
4800 U.S. Bank Place
601 Second Ave., South
Minneapolis, MN 55402

David M. Bernick
200 East Randolph Dr.
Chicago, IL 60601

John R. Henderson
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

Reginld S. Kramer
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Riverfront Plaza
East Tower
951 East Byrd St.
Richmond, VA 23219

Gene Locks
1500 Walnut St.
Philadelphia, PA 19102

Ronald L. Motley
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Joseph S. Pevsner
3300 First City Center
1700 Pacific Avenue
Dallas, TX. 75201

John J. Repcheck
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA 15219

John D. Roven
2190 North Loop West
Suite 410
Houston, TX. 77018

Richard D. Schuster
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
11766 Wilshire Blvd.
Sixth Fl.
Los Angeles, CA 90025

Robert N. Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
1370 Penobscot Bldg.
Detroit, MI 48226

Robert E. Thackston
3200 Allied Bank Tower
1445 Ross Ave.
Dallas, TX 75202

Andrew J. Trevelise
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

James K. Weston, II
4040 First Ave., N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Dawn M. Wright
1700 Pacific Ave.
Suite 3300
Dallas, TX 75201

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 6 2002

FILED
CLERK'S OFFICE

**EXHIBIT A**

This Document Relates to the Following Cases:[1]

| | |
|---|---|
| 1 | Carraway, et al., 3:01-CV-2341 |
| 2 | Holmes, et al., 3:01-CV-2343 |
| 3 | Coffman, et al., 3:01-CV-2344 |
| 4 | Dorn, et al., 3:01-CV-2348 |
| 5 | Goeyns, et al., 3:01-CV-2352 |
| 6 | Killen, et al., 3:01-CV-2357 |
| 7 | Cressionnie, et al., 3:01-CV-2359 |
| 8 | Mantooth, et al., 3:01-CV-2361 |
| 9 | Batson, et al., 3:01-CV-2365 |
| 10 | Culwell, et al., 3:01-CV-2368 |
| 11 | Bowers, et al., 3:01-CV-2380 |
| 12 | McReynolds, et al., 3:01-CV-2383 |
| 13 | Grebe, et al., 3:01-CV-2386 |
| 14 | Cotton, et al., 3:01-CV-2388 |
| 15 | Conn, et al., 3:01-CV-2389 |
| 16 | Foster, et al., 3:01-CV-2391 |
| 17 | Bowser, et al., 3:01-CV-2393 |
| 18 | Burke, et al., 3:01-CV-2399 |
| 19 | Snyder, et al., 3:01-CV-2411 |
| 20 | McClain, et al., 3:01-CV-2413 |
| 21 | Degnan, et al., 3:01-CV-2414 |
| 22 | Andries, et al., 3:01-CV-2418 |
| 23 | Neff, et al., 3:01-CV-2426 |
| 24 | Beshears, et al., 3:01-CV-2431 |
| 25 | Dishongh, Jr., et al., 3:01-CV-2432 |
| 26 | Bass, et al., 3:01-CV-2440 |
| 27 | Berryman, et al., 3:01-CV-2441 |
| 28 | Carroll, Jr., et al., 3:01-CV-2443 |
| 29 | Clark, et al., 3:01-CV-2446 |
| 30 | Culbertson, et al., 3:01-CV-2448 |
| 31 | Gray, et al., 3:01-CV-2450 |
| 32 | Stringer, et al., 3:01-CV-2452 |
| 33 | Abbott, et al., 3:01-CV-2454 |

---

[1] Because the removing defendants failed in the majority of cases to serve pleadings on plaintiffs' counsel that identify the federal cause number assigned, et al., we have done our best to assure that this pleading covers all cases filed by our clients which are subject to CTO-209. We reserve the right to supplement if additional cases are discovered to be subject to CTO-209.

## **EXHIBIT A**

| | |
|---|---|
| 1 | Meek, et al., 3:01-CV-2460 |
| 2 | Hackney, et al., 3:01-CV-2461 |
| 3 | Kitchens, et al., 3:01-CV-2464 |
| 37 | Holloway, et al., 3:01-CV-2465 |
| 38 | Clark, et al., 3:01-CV-2467 |
| 39 | Alexander, Sr., 3:01-CV-2468 |
| 40 | Burleson, et al., 3:01-CV-2469 |
| 41 | Gant, et al., 3:01-CV-2473 |
| 42 | McMannis, et al., 3:01-CV-2474 |
| 43 | Graning, et al., 3:01-CV-2478 |
| 44 | Groom, et al., 3:01-CV-2479 |
| 45 | Cooley, et al., 3:01-CV-2498 |
| 46 | Garner, et al., 3:01-CV-2499 |
| 47 | Gore, et al., 3:01-CV-2506 |
| 48 | Martin, et al., 3:01-CV-2513 |
| 49 | Dirks, et al., 3:01-CV-2514 |
| 50 | Jones, et al., Praus, et al., Carr, et al., Day, et al., Kirkley et al. and Burke, et al., 4:01-947 |