JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 6 2002

FILED
CLERK'S OFFICE

MDL 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| JERRY R. FULMER, ET AL.,  )<br>     )<br>     Plaintiffs,    )<br>     )<br>v.    )<br>     )<br>ACandS, INC., ET AL.,   )<br>     )<br>     Defendants.   )<br>_____) | No. 2:01-4523 (D.S.C.) |
| RONALD P. JAHN, ET AL.,   )<br>     )<br>     Plaintiffs,    )<br>     )<br>v.    )<br>     )<br>ACandS, INC., ET AL.,   )<br>     )<br>     Defendants.   )<br>_____) | No. 2:01-4555 (D.S.C.) |

**OPPOSITION OF DEFENDANTS CERTAINTEED
CORPORATION AND DANA CORPORATION TO
PLAINTIFFS' MOTION TO VACATE CTO-209**

Defendants CertainTeed Corporation and Dana Corporation respectfully submit this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 209, which was filed on January 17, 2002, and docketed as Pleading No. 3394. Plaintiffs ask the Panel to vacate CTO-209 as it pertains to the actions transferred from the United States District Court for the District of South Carolina that are listed above.

Defendants oppose plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

OFFICIAL FILE COPY

IMAGED FEB 7 '02

- 2 -

Plaintiffs acknowledge that these cases fall within the category of cases that should be transferred to MDL No. 875. See Pl. Mot. at 1 ("[t]he plaintiffs bring claims for asbestos-related injuries"). Plaintiffs nonetheless argue that the cases should not be transferred to MDL No. 875 because they were not properly removed to federal court. Thus, plaintiffs contend, this Panel should vacate the CTO until the federal district court in South Carolina addresses plaintiffs' pending motion to remand. Id. at 2. According to plaintiffs, the United States District Court for the District of South Carolina "is in the best position to rule on the issue of whether the Defendants complied with the procedural requirements of 28 U.S.C. § 1446." Pl. Br. at 2.

Plaintiffs' arguments against transfer have been rejected by this Panel over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2001) (transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued in essence that transfer should be denied or deferred in order to permit the

---

[1]   E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 18, 2001) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 14, 2001) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. June 11, 2001) (transfer order), at 1-2.

resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").

In support of their motion, plaintiffs cite Viala v. Owens-Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. Apr. 13, 1994), for the proposition that the transferor court is in a better position than the transferee court to decide a pending motion to remand. Pl. Br. at 1-2. The court in Viala, however, merely concluded that a transferor court may rule on a pending motion to remand before a case has been finally transferred by this Panel. Id. at *1. Thus, the court said nothing about the issue raised in these cases - whether the Panel should transfer cases to Judge Weiner when motions to remand are pending in the transferor court but have not been ruled upon. And, as explained above, this Panel has repeatedly held that final transfer should go forward in those circumstances.

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-209 with respect to these cases. For these reasons, the Panel should deny plaintiffs' motion.

Respectfully submitted,

*[signature]*

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 828-2000

Attorneys for defendants CertainTeed
Corporation and Dana Corporation

February 6, 2002

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of February, 2002, an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition of defendants CertainTeed Corporation and Dana Corporation to plaintiffs' Motion To Vacate CTO-209 were served by hand on the Clerk of the Panel:

>Michael J. Beck
>Clerk of the Panel
>Judicial Panel on Multidistrict Litigation
>Thurgood Marshall Federal Judiciary Building
>One Columbus Circle, N.E.
>Room G-225, North Lobby
>Washington, D.C.  20002-8004

I further certify that, on this 6th day of February, 2002, copies of the foregoing Opposition were served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 6th day of February, 2002, a copy of the foregoing Opposition was served by first-class mail, postage prepaid, on the Clerk of the transferee court:

>Michael E. Kunz
>Clerk of the Court
>United States District Court for the
>Eastern District of Pennsylvania
>601 Market Street
>Philadelphia, PA  19106-1797

_____
Adam M. Chud

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 6 2002

FILED
CLERK'S OFFICE

## SERVICE LIST

V. Brian Bevon
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC  29465

Trudy Y. Hartzog-Robertson
Moore & Van Allen
40 Calhoun Street
Charleston, SC  29413-2828

James D. Gandy, III
James G. Kennedy
Carl E. Pierce, II
Pierce, Herns, Sloan & Mcleod
P.O. Box 22437
Charleston, SC  29413-2437

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC  29402

W. Thomas Causby
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC  29211

William S. Davies, Jr.
Nelson Mullins Riley & Scarborough
P.O. Box 11070
Columbia, SC  29211

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC  29602

C. Michael Evert, Jr.
Roger C. Wilson
Evert & Weathersby
3405 Piedmont Road, Suite 225
Atlanta, GA  30305

H. Lee Davis, Jr.
Chad Bomar
Davis & Hamrick, LLP
P.O. Box 20039
Winston-Salem, NC  27120-0039

Rolf M. Martin
Charles J. Cole
Owen, Gleason, et al.
230 Peachtree Street, NW
Suite 1900
Atlanta, GA  30303-1514

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC 29402

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John D. Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

_____
Adam M. Chud