JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ) | MDL DOCKET NO. 875 |
| ASBESTOS PRODUCTS ) | |
| LIABILITY LITIGATION (NO. VI) ) | |
| ) | |
| Tracy Burns, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. V-01-119 |
| ) | In the United States District |
| E. I. du Pont de Nemours and ) | Court for the Southern |
| Company, ) | District of Texas |
| Defendant. ) | |
| ) | |

### DEFENDANT DUPONT'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209

Defendant E. I. du Pont de Nemours and Company ("DuPont") submits this brief in opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 209 ("CTO 209"). This brief addresses the issue raised by the Motion to Vacate: whether this asbestos action should be treated as an exception to MDL No. 875. As explained below, there is no reason that this "tag-along" action should not be treated like the many other asbestos actions transferred to MDL No. 875.

### INTRODUCTION

Plaintiffs filed this action on October 15, 2001, in the 24th District Court for Victoria County, Texas, alleging that the death of Joe Bob Burns was caused by exposure to asbestos while he worked for DuPont. Plaintiffs Tracy Burns, Elizabeth Powell, Kelly Wyatt, and Lesley Wright, are all citizens of the State of Texas, and Defendant DuPont is a citizen of the State of Delaware.

**DEFENDANT DUPONT'S BRIEF IN OPPOSITION TO PLAINTIFFS'**  
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209**  
*In re: Asbestos Product Liability Litigation (No. VI), MDL 875*        *Burns v. DuPont,* CTO 209

Page 1

**OFFICIAL FILE COPY**



IMAGED FEB 13 '02

DuPont removed this action to federal court on November 7, 2001, under 28 U.S.C. § 1332 (governing "diversity of citizenship" removal). Plaintiffs did not seek remand to the state court.

## ARGUMENT
### There Is No Legitimate Reason For Treating This Action As An Exception To MDL No. 875

In 1991, the Panel on Multidistrict Litigation transferred 26,639 asbestos-related cases to the Eastern District of Pennsylvania for consolidated pretrial proceedings. In so doing, it stated:

> the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and . . . centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

*In re Asbestos Products Liability Litig. (No. VI)*, MDL 875, 771 F. Supp. 415, 417 (J.P.M.L. 1991). The Panel found this action warranted because asbestos litigation in this country "has reached a magnitude . . . that threatens the administration of justice and that requires a new, streamlined approach." *Id.* at 418. Since 1991, this Panel has transferred numerous "tag-along" actions such as this action to MDL No. 875, thus showing its continued belief that pretrial consolidation presents the best opportunity to manage the federal courts' substantial asbestos docket.

This action plainly meets the criteria for transfer to MDL No. 875. Plaintiffs' claims by their very nature share common questions of fact with the cases currently pending in MDL No. 875. Plaintiffs do not suggest that their claims involve something other than "injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products." 771 F. Supp. at 417. Rather, it is undisputed that Plaintiffs claim the death of Joe Bob Burns was caused by his exposure to asbestos fibers at a DuPont work site. *See* Petition ¶¶ IV-V.

Plaintiffs attempt to distinguish this case by arguing that it is brought against only one defendant and involves the condition of that defendant's premises, not any claims of product liability. But Plaintiffs construe the scope of MDL No. 875 too narrowly. They apparently are unaware or overlook that MDL No. 875 is not limited to asbestos cases based on products-liability theories; numerous asbestos cases involving premises-liability theories are currently pending in MDL No. 875. Indeed, over a thousand claims involving premises-liability theories have been transferred to MDL No. 875 from federal courts in Texas alone. Some examples are: *King, et al. v. E. I. du Pont de Nemours & Co. et al.*, Civil Action No. 1:95CV311 (E. D. Tex.); *Evans, et al. v. E. I. du Pont de Nemours & Co., et al.*, Civil Action No. 3-95-CV-2080-R (N. D. Tex.); *Flores, et al. v. E. I. du Pont de Nemours & Co., et at.*, Civil Action No. 3:96-CV-0593-H (N. D. Tex.); *Laffoon, et al. v. Texas City Refining, et al.*, Civil Action No. H-96-2739 (S.D. Tex.).

Plaintiffs suggest that there is something unique about their case because they sued only one defendant for the conditions on one facility. Again, Plaintiffs take too narrow a view of MDL No. 875. This Panel has previously rejected attempts by Plaintiffs to characterize their cases as unique, and thus somehow inappropriate for MDL No. 875, for a variety of reasons. In its Transfer Order filed June 5, 1996, in MDL No. 875, for example, the Panel made the following pertinent observation:

> We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. See *In re Asbestos Products Liability Litigation (No. VI)*. 771 F. Supp. 415 (J.P.M.L. 1991). *In particular, we note that in the Panels' original decision **distinctions***

**DEFENDANT DUPONT'S BRIEF IN OPPOSITION TO PLAINTIFFS'**  
**MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209**  
In re: Asbestos Product Liability Litigation (No. VI), MDL 875

Page 3

Burns v. DuPont, CTO 209

> ***based on such matters as** the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, **the presence of unique claims** or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, **were considered and rejected by the Panel** as grounds for carving out exceptions to transfer in this extraordinary docket. We find no reason to depart from this approach in dealing with the question of transfer of the actions now before the Panel.* We also note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 14, R.P.J.M.L., 147 F.R.D. 589, 597-99 (1993). (footnotes omitted, emphasis added)

Plainly, the same reasoning and conclusion apply here. Plaintiffs' claims unquestionably allege "injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products" and, thus, are unquestionably the type of claims MDL No. 875 was created to address. If plaintiffs could remove their asbestos-injury claims from the scope of MDL No. 875 simply by choosing to limit the number of defendants they sue and choosing not to assert product-liability claims, then the policies underlying the creation of MDL No. 875 could be too easily circumvented, and the burdens on the federal court system that MDL No. 875 was designed to alleviate would too quickly reappear.

## CONCLUSION

For the above stated reasons, DuPont respectfully requests that the Panel deny plaintiffs' Motion to Vacate.

Case MDL No. 875   Document 3421   Filed 02/11/02   Page 5 of 6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2002

FILED
CLERK'S OFFICE

Respectfully submitted,

Larry E. Cotten, Attorney in Charge
State Bar No. 04861600
Southern District No. 16496
Robert D. Martinez
State Bar No. 13144080
Southern District No. 17956
**KIRKLEY SCHMIDT & COTTEN, L.L.P.**
2700 City Center II
301 Commerce Street
Fort Worth, Texas 76102-4127
Telephone: (817) 338-4500
Facsimile: (817) 338-4599
**ATTORNEYS FOR DEFENDANT
E. I. DU PONT DE NEMOURS AND COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served by certified mail, return receipt requested, upon the below named counsel on this the 8th day of February, 2002:

G.P. Hardy, III
909 Fannin, Suite 500
Houston, Texas 77010

Ernest J. Blansfield, Jr.,
1177 West Loop South, Suite 700
Houston, Texas 77027
Attorneys for Plaintiffs

**Counsel for DuPont**

**DEFENDANT DUPONT'S BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209**
*In re: Asbestos Product Liability Litigation (No. VI), MDL 875*

Page 5

*Burns v. DuPont, CTO 209*

*Burns, et al. v. E.I. Dupont De Nemours & Co.*, S.D. Texas, C.A. No. 6:01-119

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Larry E. Cotten
Kirkley, Schmidt & Cotten, L.L.P.
City Center II
Suite 2700
301 Commerce Street
Fort Worth, TX 76102

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

G.P. Hardy, III
Hardy & Johns
1177 West Loop South
Suite 700
Houston, TX 77027

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406