JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB 13 2002

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), ) CASE NO. MDL DOCKET NO. 875

**WESTINGHOUSE'S RESPONSE TO THE LEES' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209 AND BRIEF IN SUPPORT; CERTIFCATE OF SERVICE**

*Clement Lee, et al. v. Owens-Corning, et al.*
CASE NO. CV O1-797 DAE/BMK
U.S. DISTRICT COURT FOR THE DISTRICT OF HAWAII

Filed on behalf of:

Viacom Inc., successor by reason of merger to CBS Corp., formerly known as Westinghouse Electric Corporation

Robert P. Morgan, Esq.
Pa. I.D. No. 36481
William B. Pentecost, Jr., Esq.
Pa. I.D. No. 78054

Eckert Seamans Cherin & Mellott, LLC
Pa. Firm I.D. No. 075
USX Tower, 600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.6000

Michael F. O'Connor, Esq.
Ann C. Kemp, Esq.

Oliver, Lau, Lawhn, Ogawa & Nakamura
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
808.533.3999

PLEADING NO. 3423

IMAGED FEB 14 '02

OFFICIAL FILE COPY

**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI), | ) | CASE NO. MDL DOCKET NO. 875 |
|---|---|---|

*Clement Lee, et al. v. Owens-Corning, et al.*
CASE NO. CV 01-797 DAE/BMK
U.S. DISTRICT COURT FOR THE DISTRICT OF HAWAII

**WESTINGHOUSE'S RESPONSE TO THE LEES' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 209 AND BRIEF IN SUPPORT**

AND NOW COMES Westinghouse,[1] by and through its undersigned counsel, and responds to the Motion to Vacate Conditional Transfer Order [No. 209] ("Motion") filed by Plaintiffs and Movants herein, Clement S. Lee and Wai Sim Lee (the "Lees"), and, in support thereof, respectfully avers as follows:

1. Westinghouse admits that, on or about July 24, 2002, the Lees filed their Motion[2] to vacate Conditional Transfer Order ("CTO") No. 209 entered by the Clerk of the Panel, which transferred the above-captioned action to the U.S. District for the Eastern District of Pennsylvania (MDL Docket No. 875), pursuant to 28 U.S.C. § 1407.

RECEIVED CLERK'S OFFICE 02 FEB 13 AM 10:37 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

[1] Viacom, Inc., successor by Reason of Merger to CBS Corporation, formerly known as Westinghouse Electric Corporation, Defendant and Respondent herein ("Westinghouse").

[2] In their Motion, the Lees cite to former Rule 12(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("JMPL Rules"), dealing with Conditional Transfer Orders for "Tag-Along Actions." The 1998 amendments to the JMPL Rules recodified former Rule 12(d) to current Rule 7.4(d).

2. Westinghouse admits that the Lees brought claims for Mr. Lee's allegedly asbestos-related lung cancer. The remainder of the allegations contained in Paragraph 2 of the Lees' Motion are denied.

3. Admitted.

4. Westinghouse admits that, on or about December 6, 2001, the Lees filed a motion with the U.S. District Court for the District of Hawaii to remand this case to state court. The remainder of the allegations contained in Paragraph 4 of the Lees' Motion are denied. In particular, as more fully described in Westinghouse's Notice of Removal and Westinghouse's opposition to the Lees' Motion for Remand,[3] Westinghouse contends that it timely filed its Notice of Removal and that Westinghouse properly alleged federal officer jurisdiction in its removal papers. In any case, the allegations raised in paragraph 4 do not state any valid grounds for vacating CTO 209. The Lees merely repeat the arguments made in support of their motion to remand, arguments which are not properly raised before this Panel.

5. The allegations contained in paragraph 5 of the Lees' Motion are denied. Westinghouse denies that the District of Hawaii is best suited to decide the Lees' Motion to Remand. To the contrary, MDL-875 is the best-suited court to entertain such a motion, particularly because of Judge Weiner's intimate familiarity with federal officer removal jurisdiction pursuant to 28 U.S.C. §§ 1442 & 1446.

By way of further response, Westinghouse disagrees with the Lees' reliance on two decisions issued by this Panel, In re L.E. Lay & Co. Antitrust Litigation, 391 F.Supp. 1054, 1056 (Jud.Pan.Mult.Lit. 1975); In re Resource Exploration, Inc., Securities Litigation, 483

---

[3] Westinghouse has previously filed its motion for stay of argument on the Lees' motion for remand pending transfer of this case to MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.) in accordance with CTO No. 209.

F.Supp. 817, 822 (Jud.Pan.Mult.Lit. 1980), which hold that this Panel has allowed transferor courts to decide dispositive motions before the cases are transferred to the transferee court.[4] Unlike the L. E. Lay & Co. and Resource Exploration cases, the instant case is not pending any dispositive motion;[5] rather, the motion pending is merely one for remand to state court. Routine motions for remand to state court have not caused this Panel to delay transfer of cases, much less vacate one of its Conditional Transfer Orders.[6] Again, the Lees have failed to state any valid grounds for vacating CTO 209.

---

[4] In L.E. Lay, the principle of comity controlled where (not if) the Panel transferred the case. In Resource Exploration, the Panel deferred its decision concerning transfer the case because of the defendants' pending dispositive motion. L.E. Lay, 392 F.Supp. at 1056 (citing In re Plumbing Fixture Cases, 298 F.Supp. 484, 496 (Jud.Pan.Mult.Lit. 1968)(observing that comity should be considered by the Panel when "important pretrial motions" are under submission, including "motions for dismissal, for summary judgment or for determination of the class action questions, among others")).

Even the cases relied on by this Panel in the Resource Exploration decision show that transfer should only be deferred for dispositive motions or preliminary injunctions, not for routine issues, like remand motions. In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, 435 F.Supp. 927 (Jud.Pan.Mult.Lit. 1977)(where Panel received a request from the transferor court); In re Professional Hockey Antitrust Litigation, 352 F.Supp. 1405 (Jud.Pan.Mult.Lit. 1973) (where the plaintiffs' motions for preliminary injunction had been briefed, argued and reargued before the transferor court); In re Kaehni Patent Litigation, 311 F.Supp. 1342 (Jud.Pan.Mult.Lit. 1970) (where defendant's motion to dismiss was pending before the transferor court).

[5] This Panel does not always defer transferring cases because "important motions" are pending before the transferor court. *See, e.g.*, In re Cement & Concrete Antitrust Litigation, 465 F. Supp. 1299, 1300-01 (Jud. Pan. Mult. Lit. 1979) ("we see no reason to defer decision on the question of transfer because of the pendency of certain motions for dismissal in these actions. These motions can be presented to and decided by the transferee court following transfer"); Accord In re New Mexico Natural Gas Antitrust Litigation, 482 F. Supp. 333, 336 (Jud. Pan. Mult. Lit. 1979); In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 225, 229-230 (Jud. Pan. Mult. Lit. 1978). Similarly, it has been held that this Panel may transfer a case for coordinated or consolidated proceedings, even when there is a jurisdictional objection pending in the transferor court. In re Shirley Ivy, 901 F.2d 7, 9 (2nd Cir. 1990)(holding that even jurisdictional objections should be resolved by the transferee court).

[6] This Panel has refused to delay its decision to transfer an action until plaintiffs' motions for remand to state court are decided by the transferor district court. In re Air Crash Disaster at Juneau, Alaska on September 4, 1971, 360 F. Supp. 1406 (Jud. Pan. Mult. Lit. 1973)(noting that the transferee court can rule on pretrial motions, like motions for remand); In re Franklin Nat'l Bank Securities Litigation, 393 F. Supp. 1093 (Jud.Pan.Mult.Lit. 1975) ("We see no reason for delaying transfer ... and the transferee judge can easily resolve the remand issue"); In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs, 299 F.Supp. 1403, 1405 & n.4 (Jud. Pan. Mult. Lit. 1969)("we can perceive no reason why the transferee court will not be able to make a just and speedy determination of [the pending motion for remand to state court] once the case has been transferred to it").

**Conclusion**

The Lees' objection to the transfer of this case to MDL-875 pursuant to this Panel's Conditional Transfer Order 209 lacks merit. The Lees' motion to remand their case may properly be decided by Judge Weiner in MDL-875 and the Lees will not suffer any prejudice thereby. The Lees' arguments that this case was improperly removed should be raised in their motion to remand, and not before this Panel. No valid objection to CTO 209 has been raised. The transfer order therefore should be given immediate effect.

For these reasons, Westinghouse respectfully requests that this Panel deny the Lees' motion to vacate CTO 209 and that this case be transferred, pursuant to CTO 209, to MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.).

DATED: February 11, 2002.

Respectfully submitted,

Robert P. Morgan, Esq.
PA I.D. No. 36481
William B. Pentecost, Jr., Esq.
PA I.D. No. 78054

Eckert Seamans Cherin & Mellott, LLC
Firm No. 075
USX Tower, 600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Michael F. O'Connor, Esq.
Ann C. Kemp, Esq.

Oliver, Lau, Lawhn, Ogawa & Nakamura
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
808.533.3999

Attorneys for Defendant
VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUSE ELECTRIC CORPORATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FEB 13 2002

FILED CLERK'S OFFICE

**WESTINGHOUSE'S BRIEF IN SUPPORT OF ITS RESPONSE TO THE LEES' MOTION TO VACATE**
**<u>CONDITIONAL TRANSFER ORDER NO. 209</u>**

AND NOW COMES Westinghouse, by and through its undersigned counsel, and files its brief in support of its opposition to the Lees' Motion to vacate this Panel's Conditional Transfer Order 209 ("CTO 209"), and, in support thereof, avers as follows.

On or about July 24, 2002, the Lees filed their Motion to vacate CTO 209 entered by the Clerk of the Panel, which transferred the above-captioned action to the U.S. District for the Eastern District of Pennsylvania (MDL Docket No. 875), pursuant to 28 U.S.C. § 1407. Previously, on or about December 6, 2001, the Lees filed a motion with the U.S. District Court for the District of Hawaii to remand this case to state court. As will be highlighted below, most of the issues that the Lees raise before this Panel should be asserted in their motion for remand,[1] which should be entertained as part of MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.).

Contrary to the Lees' claims, Westinghouse does not believe that the District of Hawaii is best suited to decide the Lees' Motion to Remand. Rather, MDL-875 is the best-suited court to entertain such a motion, particularly because of Judge Weiner's intimate familiarity with federal officer removal jurisdiction pursuant to 28 U.S.C.§§ 1442 & 1446.

RECEIVED CLERK'S OFFICE '02 FEB 13 A10:10

---

[1] As more fully described in Westinghouse's Notice of Removal and Westinghouse's opposition to the Lees' Motion for Remand, Westinghouse contends that it timely filed its Notice of Removal and that Westinghouse properly alleged federal officer jurisdiction in its removal papers.

In their Brief in support of their Motion, the Lees cite to <u>In re Hawaii Federal Asbestos Cases</u>, 960 F.2d 806 (9th Cir. 1992) and <u>Snell v. Bell Helicopter</u>, 107 F.3d 744 (9th Cir. 1992). Clearly, these cases are cited to substantively challenge the propriety of Westinghouse's removal of this case on federal officer grounds. Just as clearly, this challenge should be raised in the Lees' remand motion, which should be decided as part of MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.). The Lees' complaints about the efficacy and purpose of coordinated discovery in MDL litigation are irrelevant as to both their motion to vacate CTO 209 and their motion for remand.

Westinghouse disagrees with the Lees' reliance on two decisions issued by this Panel, In re L.E. Lay & Co. Antitrust Litigation, 391 F.Supp. 1054, 1056 (Jud.Pan.Mult.Lit. 1975); In re Resource Exploration, Inc., Securities Litigation, 483 F.Supp. 817, 822 (Jud.Pan.Mult.Lit. 1980), which hold that this Panel has allowed transferor courts to decide dispositive motions before the cases are transferred to the transferee court.[2]

In L.E. Lay, the principle of comity controlled where (not if) the Panel transferred the case. In Resource Exploration, the Panel deferred its decision concerning transfer the case because of the defendants' pending dispositive motion. L.E. Lay, 392 F.Supp. at 1056 (citing In re Plumbing Fixture Cases, 298 F.Supp. 484, 496 (Jud.Pan.Mult.Lit. 1968)(observing that comity should be considered by the Panel when "important pretrial motions" are under submission, including "motions for dismissal, for summary judgment or for determination of the class action questions, among others")).

Even the cases relied on by this Panel in the Resource Exploration decision show that transfer should only be deferred for dispositive motions or preliminary injunctions, not for routine issues, like remand motions. In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, 435 F.Supp. 927 (Jud.Pan.Mult.Lit. 1977)(where Panel received a request from the transferor court); In re Professional Hockey Antitrust Litigation, 352 F.Supp. 1405 (Jud.Pan.Mult.Lit. 1973) (where the plaintiffs' motions for preliminary injunction had been briefed, argued and reargued before the transferor court); In re Kaehni Patent Litigation, 311

---

[2] This Panel does not always defer transferring cases because "important motions" are pending before the transferor court. *See, e.g.*, In re Cement & Concrete Antitrust Litigation, 465 F. Supp. 1299, 1300-01 (Jud. Pan. Mult. Lit. 1979) ("we see no reason to defer decision on the question of transfer because of the pendency of certain motions for dismissal in these actions. These motions can be presented to and decided by the transferee court following transfer"); Accord In re New Mexico Natural Gas Antitrust Litigation, 482 F. Supp. 333, 336 (Jud. Pan. Mult. Lit. 1979); In re Commonwealth Oil/Tesoro Petroleum Securities Litigation, 458 F. Supp. 225, 229-230 (Jud. Pan. Mult. Lit. 1978).

F.Supp. 1342 (Jud.Pan.Mult.Lit. 1970) (where defendant had motion to dismiss pending in transferor court).

Unlike the L. E. Lay & Co. and Resource Exploration cases, the instant case is not pending any dispositive motion; rather, the motion pending is merely one for remand to state court. Routine motions for remand to state court have not caused this Panel to delay transfer of cases, much less vacate one of its Conditional Transfer Orders. This Panel has refused to delay its decision to transfer an action until plaintiffs' motions for remand to state court are decided by the transferor district court. In re Air Crash Disaster at Juneau, Alaska on September 4, 1971, 360 F.Supp. 1406 (Jud. Pan. Mult. Lit. 1973)(noting that the transferee court can rule on pretrial motions, like motions for remand); In re Franklin Nat'l Bank Securities Litigation, 393 F. Supp. 1093 (Jud.Pan.Mult.Lit. 1975) ("We see no reason for delaying transfer ... and the transferee judge can easily resolve the remand issue"); In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs, 299 F.Supp. 1403, 1405 & n.4 (Jud.Pan.Mult.Lit. 1969)("We can perceive no reason why the transferee court will not be able to make a just and speedy determination of [the pending motion for remand to state court] once the case has been transferred to it"). Hence, this case should be transferred to MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.) for pretrial proceedings, including the Lees' motion for remand.

## Conclusion

The Lees' objection to the transfer of this case to MDL-875 pursuant to this Panel's Conditional Transfer Order 209 lacks merit. The Lees' motion to remand their case may properly be decided by Judge Weiner in MDL-875 and the Lees will not suffer any prejudice thereby. The Lees' arguments that this case was improperly removed should be raised in their motion to remand, and not before this Panel. No valid objection to CTO 209 has been raised. The transfer order therefore should be given immediate effect.

For these reasons, Westinghouse respectfully requests that this Panel deny the Lees' motion to vacate CTO 209 and that this case be transferred, pursuant to CTO 209, to MDL-875 in the Eastern District of Pennsylvania (Weiner, S.J.).

DATED: February 11, 2002.

Respectfully submitted,

Robert P. Morgan, Esq.
PA I.D. No. 36481
William B. Pentecost, Jr., Esq.
PA I.D. No. 78054
Eckert Seamans Cherin & Mellott, LLC
Firm No. 075
USX Tower, 600 Grant Street, 44th Floor
Pittsburgh, PA 15219

Michael F. O'Connor, Esq.
Ann C. Kemp, Esq.
Oliver, Lau, Lawhn, Ogawa & Nakamura
600 Ocean View Center
707 Richards Street
Honolulu, Hawaii 96813
808.533.3999

Attorneys for Defendant
VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUSE ELECTRIC CORPORATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 13 2002

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing Response and Brief in Support to be filed and served in the manner described on this 11th day of February, 2002:

**Original + 11 copies**
**Via Federal Express**

Mr. Michael J. Beck
Clerk of the Panel
One Columbus Circle, N.E.
Thurgood Marshall Federal Judicial Bldg.
Room G-255, North Lobby
Washington, DC 20002-8004

**One true & Correct copy**
**Via Federal Express**

L. Richard DeRobertis, Esq.
Counsel for Plaintiffs
Galiher DeRobertis Nakamura
Ono Takitani
610 Ward Avenue, Suite 200
Honolulu, Hawaii 96814-3308

I further certify that true and correct copies of the foregoing Response and Brief in Support were also mailed to all known defense counsel of record (see attached list) and to all counsel on the Panel Service List (attached hereto) on this 11th day of February, 2002, by U.S. first class mail, postage prepaid:

William B. Pentecost, Jr., Esq.

RECEIVED
CLERK'S OFFICE
2002 FEB 13 A 10: 39
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**ALL KNOWN DEFENSE COUNSEL**
*Clement Lee, et al. v. Owens-Corning, et al.*
CASE NO. CV 01-797 DAE/BMK
U.S. DISTRICT COURT FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Peter C.P. Char, Esq.<br>Char Hamilton Campbell & Thom<br>Suite 2100, Pacific Guardian Center<br>737 Bishop Street<br>Honolulu, HI 96813<br>Attorney for COMBUSTION ENGINEERING, INC. | Steven K. Hisaka, Esq.<br>Hisaka Stone Goto Yoshida Cosgrove & Ching<br>Suite 3000, Pacific Guardian Center<br>737 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for CENTER FOR CLAIMS RESOLUTION DEFENDANTS |
| Craig T. Kugisaki, Esq.<br>Law Offices of Craig Kugisaki<br>Suite 2727, Pacific Tower<br>1001 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for METROPOLITAN LIFE INSURANCE COMPANY | Donald C. Machado, Jr., Esq.<br>Suite 2100, Central Pacific Plaza<br>220 South King Street<br>Honolulu, HI 96813<br>Attorneys for FOSTER WHEELER CORPORATION |
| Jerold T. Matayoshi, Esq.<br>Fukunaga Matayoshi Hershey & Ching<br>Suite 1200, Davies Pacific Center<br>841 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for OWENS-ILLINOIS, INC. | Michael F. O'Connor, Esq.<br>Oliver Lau Lawhn Ogawa Nakamura<br>Suite 600, Ocean View Center<br>707 Richards Street<br>Honolulu, HI 96813<br>Attorneys for GARLOCK, INC.; VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUS ELECTRIC CORPORATION |
| Arthur F. Roeca, Esq.<br>Roeca Louie & Hiraoka<br>Suite 900, Davies Pacific Center<br>841 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for THE LYNCH CO., INC. | Stephen D. Tom, Esq.<br>Aimee H. Oyasato, Esq.<br>White & Tom<br>Suite 711, Haseko Center<br>820 Mililani Street<br>Honolulu, HI 96813-2972<br>Attorneys for THE LYNCH CO., INC.; and JOHN CRANE, INC. |
| John S. Nishimoto, Esq.<br>Patricia T. Fujii, Esq.<br>Ayabe Chong Nishimoto Sia Nakamura<br>Suite 2500, Pauahi Tower<br>1000 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for RAPID-AMERICAN CORPORATION | Sherman S. Hee, Esq.<br>1164 Bishop Street, Suite 1415<br>Honolulu, HI 96813<br>Attorneys for DRESSER INDUSTRIES, INC.; HARBISON-WALKER REFRACTORIES COMPANY; A.P. GREEN INDUSTRIES, INC. |

| | |
|---|---|
| Wayne S. Sakamoto, Esq.<br>Kendall Building, 8th Floor<br>888 Mililani Street<br>Honolulu, HI 96813<br>Attorneys for A.P. GREEN SERVICES INC., formerly known as BIGELOW-LIPTAK CORPORATION | James T. Estes, Jr., Esq.<br>Burke Sakai McPheeters Bordner Iwanaga Estes<br>Suite 3100, Pacific Guardian Center<br>737 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for A.W. CHESTERTON COMPANY |
| Thomas R. Sylvester, Esq.<br>Carlsmith Ball<br>Suite 2200, Pacific Tower<br>1001 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for GENERAL ELECTRIC COMPANY | |

# PANEL SERVICE LIST (Excerpted from CTO-209)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Lee, et al. v. Owens-Illinois, Inc., et al.*, D. Hawaii, C.A. No. 1:01-797

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Stanley M. Chow
Char, Hamilton, Campbell & Thom
Mauka Tower, Suite 2100
737 Bishop Street
Honolulu, HI 93813

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

L. Richard DeRobertis
Galiher, DeRobertis, Nakamura, Ono & Takitani
610 Ward Avenue
Suite 200
Honolulu, HI 96814

James T. Estes, Jr.
Burke, Sakai, McPheeters, Bordner, et al.
Grosvenor Center, Mauka Tower, Suite
737 Bishop Street
Honolulu, HI 96813

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Leonard R. Gouveia, Jr.
888 Mililani Street
8th Floor
Honolulu, HI 96813

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Sherman S. Hee
1164 Bishop Street
Suite 1415
Honolulu, HI 96813

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

Craig T. Kugisaki
Pacific Tower
1001 Bishop Street, Suite 2727
Honolulu, HI 96813

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Donald C. Machado
Central Pacific Plaza
220 S. King Street, Suite 2100
Honolulu, HI 96813

ANEL SERVICE LIST (Cont.) MDL-875

erold T. Matayoshi
ukunaga, Matayoshi, Hershey & Ching
Davies Pacific Center, Suite 1200
41 Bishop Street
Honolulu, HI 96813

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John Nishimoto
Ayabe, Chong, Nishimoto, Sia & Nakamura
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, HI 96813

Michael F. O'Connor
Oliver, Lau, Lawhn, Ogawa & Nakamura
Ocean View Center, Suite 600
707 Richards Street
Honolulu, HI 96813

Aimee H. Oyasato
White & Tom
820 Mililani Street
Suite 701
Honolulu, HI 96813

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Arthur F. Roeca
Roeca, Louie & Hiraoka
Davies Pacific Center, Suite 900
841 Bishop Street
Honolulu, HI 96813

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Thomas R. Sylvester
Pacific Tower, Suite 2200
1001 Bishop Street
Honolulu, HI 96813

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406