JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 14 2002

FILED
CLERK'S OFFICE

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

CIVIL ACTION NUMBER: 4:01CV-191-M

FRANCES DEE HALL, Individually and as
Executrix of the Estate of Burl R. Hall                          PLAINTIFF

V.

OWENS-CORNING FIBERGLAS, ET AL.                                   DEFENDANTS

TRIANGLE ENTERPRISES, INC.              DEFENDANT/THIRD PARTY PLAINTIFF

V.

TENNESSEE VALLEY AUTHORITY                          THIRD PARTY DEFENDANT

### ORDER

The Third Party Defendant, TVA, properly removed this case from the Daviess Circuit Court after the Defendant/Third Party Plaintiff, Triangle Enterprises, Inc., filed its Third Party Complaint. This matter is now before the Court upon TVA's motion to dismiss for failure to state a claim [DN 3, 9]. The Third Party Complaint was filed for purposes of apportionment, and in addition, Triangle asserts a claim against TVA for common law indemnity, claiming that its negligence is passive compared to the active negligence of TVA.

A claim has been asserted against TVA, therefore, if there is proof of fault on the part of TVA an apportionment instruction is proper under Kentucky law. The only claim, however, that would preclude dismissal is the indemnity claim. Triangle cites the Kentucky



IMAGED FEB 19 '02

Supreme Court case of Degener v. Hall Contracting Corp., 27 S.W.3d 775 (2000), which held that common law indemnity was not abrogated by the adoption of comparative fault. While this is true, the facts of this case as alleged in the Third Party Complaint do not support a claim of common law indemnity.

This area of the law has generated much confusion but the simple answer in this case is that the allegations of the Third Party Complaint do not state an indemnity claim. Burl Hall was allegedly exposed to asbestos while working at TVA. Even accepting as true Triangle's assertion that it was not a supplier or manufacturer of asbestos material, but only an installer, its fault, if any, in this case, will be limited by comparative fault to that which the jury decides it directly caused through its own conduct.

An indemnity claim "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." Id. at 780. Unlike the facts of the seminal case of Brown Hotel Co. v. Pittsburgh Fuel Co., 311 Ky. 396, 224 S.W.2d 165 (1949), and the facts of Degener, and the cases cited therein, the wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability. Therefore, TVA's motions to dismiss are granted, and this case is remanded to the Daviess Circuit Court.

THIS the 11th day of December, 2001.

ENTERED

DEC 1 2 2001

JEFFREY A. PEHLSON, CLERK
BY [signature] DEPUTY CLERK

JOSEPH H. MCKINLEY, JR., JUDGE
UNITED STATES DISTRICT COURT

Copies to: Counsel of record