FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 13 2002

at 2 o'clock and 34 min. P.M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| Clement S. Lee, et al., | ) | CV 01-00797 |
| Plaintiff(s), | ) | |
| | ) | Order Granting Plaintiffs' Motion to |
| vs. | ) | Remand and Denying Westinghouse's |
| | ) | Motion to Stay |
| Owens-Illinois, Inc., an Ohio Corporation, | ) | |
| Defendant(s) | ) | |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2002

FILED
CLERK'S OFFICE

<u>Order Granting Plaintiffs' Motion to Remand and Denying Westinghouse's Motion to Stay</u>

In this case, plaintiffs Clement S. Lee ("Mr. Lee") and Wai Sim Lee allege that Mr. Lee developed mesothelioma and other asbestos-related illnesses after being exposed to asbestos-containing products designed and/or manufactured by defendants, including Westinghouse, while working aboard naval vessels. Plaintiffs filed their complaint in Hawaii state court on October 4, 2001. On December 3, 2001, defendant Viacom, Inc., formerly known as Westinghouse ("Westinghouse"), filed a Notice of and Petition for Removal pursuant to 28 U.S.C. §§ 1442 and 1446, claiming federal jurisdiction on the basis of federal officer jurisdiction. Before me now are plaintiffs' motion to remand (# 5) and Westinghouse's motion to stay (# 477). For the reasons that follow, plaintiffs' motion to remand is granted, and Westinghouse's motion to stay denied.

## BACKGROUND

From 1950 to 1980, Clement S. Lee worked as an electrician and laborer aboard naval vessels, where he was allegedly exposed to asbestos-containing products designed and/or manufactured by defendants. During that time, Mr. Lee worked on and around marine turbines

MDL- 875
RECOMMENDED ACTION

VACATE CTO-209 + HSO -- 1 ACTION
Approved/Date: MK 2/9

IMAGED FEB 22 '02

on several vessels, including Navy ships <u>USS Davidson</u>, <u>USS Forrestal</u> and <u>USS Narwhal</u>

In approximately April of 2001, Mr. Lee discovered that he suffered from mesothelioma and other asbestos-related illnesses. Mr. Lee claims that his illnesses were proximately caused by defendants' negligent design and/or manufacture of asbestos-containing products and their failure to warn employees and others who were exposed. He filed his complaint against Westinghouse and others on October 4, 2001, and Westinghouse received notice on October 26, 2001

Westinghouse filed its Notice of Removal on December 3, 2001, asserting federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). On December 6, 2001, plaintiffs filed a motion to remand on two grounds. First, they claimed that the removal was untimely, as it was filed more than 30 days from the date that Westinghouse received notice of the complaint. Second, they contended that federal officer jurisdiction does not apply to the facts of this case.

## DISCUSSION

I     <u>Plaintiffs' Motion to Remand</u>

In plaintiffs' remand motion, they first contend that Westinghouse's December 3, 2001 removal was not timely, as it was filed more than 30 days after Westinghouse received notice of the complaint on October 24, 2001. Because this is a preliminary matter and the court finds that remand is proper on this basis, it saves for another day the remaining issues surrounding the presence of federal officer jurisdiction under the facts alleged.

Pursuant to 28 U S C § 1446(b), a notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "[i]f

the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Defendants argue that the complaint and the attached sworn Summary Sheet containing "mini-interrogatories" did not provide a basis for removal, because they did not make clear that marine turbines, apparently the only products over which the Navy exercised strict control, were the basis for Mr Lee's action. According to Westinghouse, it was not until November 2, 2001, at Mr Lee's deposition, that Westinghouse was presented with "paper from which it [could] first be ascertained that the case" was removable. Specifically, at that deposition, Mr Lee stated that he worked on "thousands" of marine turbines that had been furnished by defendants to the United States Navy. Because Mr Lee's deposition was, according to Westinghouse, the first notice it received that marine turbines were a key issue in this action, Westinghouse argues that its December 3, 2001 removal was timely.[1]

In plaintiffs' complaint, filed on October 4, 2001, plaintiffs state that the defendants supplied asbestos-containing products to the Pearl Harbor Naval Shipyard and that Lee worked on ships where the products were being used

> 4. Defendants manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard
>
> 5. ... [Lee] was also engaged in his employment at Pearl Harbor Naval Shipyard

---

[1] Mr. Lee's deposition was taken on Friday, November 2, 2001 Thirty days from that date would have been Sunday, December 2, 2001 Thus, assuming that the thirty day period began on November 2, 2001, Westinghouse's removal on Monday, December 3, 2001 was timely

> and worked in and on ships floating on navigable waters of the United States where the said asbestos products were being used [Lee] inhaled asbestos dust and fibers from said asbestos products and said exposures and inhalation directly and proximately caused [Lee] to develop lung cancer

Further, in Plaintiffs' Answers to the Master Set of Interrogatories Propounded by Defendants, which Westinghouse admits to receiving "on or about October 30, 2001," in response to questions asking for specific descriptions of the manner in which Lee was exposed to each product, Lee wrote:

> Pearl Harbor Naval Shipyard (1950 - 1980)
>
>> As an electrician in Shop 51, I worked on board surface vessels doing overhauls and repairs, except for battleships. I also worked on board submarines. When I worked in the areas of welders, I needed to use asbestos cloth to cover the electrical cables/wires I was working with. I also worked around boilers. The name Westinghouse is a familiar name associated with electrical generators, turbines, and other machinery

Ex 4 at 17, attached to Westinghouse's Notice of Removal of and Petition for Removal Under 28 U.S.C. §§ 1442 and 1446 ("Notice of Removal") (emphasis added))

The State of Hawaii's pleading rules mirror the notice requirements of the Federal Rules of Civil Procedure. While plaintiffs' complaint lacked specificity, it contained the essential requirements of notice pleading. Specifically, plaintiffs alleged that defendants, including Westinghouse, designed and/or manufactured asbestos-containing products for use at the Pearl Harbor Naval Shipyard, and that Mr Lee was exposed to those products while employed at that location. Further, if any doubt remained upon the filing of the complaint, Mr Lee stated on

October 30, 2001 that he was exposed to asbestos while working "on board surface vessels," and that Westinghouse was "a familiar name associated with electrical generators, *turbines*, and other machinery." Plaintiff's Answers to the Master Set of Interrogatories, at 17 (emphasis added)

While plaintiffs' complaint was no model of clarity, the court finds that Westinghouse, an experienced litigant in asbestos cases, had sufficient notice no later than October 30, 2001 of the alleged grounds for removal. As 30 days from October 30, 2001 would lead to a November 29, 2001 deadline, and Westinghouse removed on December 03, 2001, Westinghouse failed to timely remove. Accordingly, plaintiffs' motion to remand must be GRANTED

## II  Westinghouse's Motion to Stay

Because the court finds that this action must be remanded to state court as not timely filed, Westinghouse's motion to stay is DENIED.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand is GRANTED and Westinghouse's motion to stay is DENIED.

DATED at Honolulu, Hawaii on _____Feb 13, 2002_____

Robert E Jones
Senior United States District Judge