MDL 875

# GEORGE E. CIRE, JR.
ATTORNEY AT LAW

6363 Woodway, Ste. 610 • Houston, Texas 77057
Telephone: (713) 532-6206 • Facsimile: (713) 532-6400
gcire@schl-law.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

February 21, 2002

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on MDL
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, DC 20002

**Attention:** Cathy Maida

Re: MDL-875 - C.A. No. H-01-4121; *Bob Stephenson v. Bendix Foundation Brake Corporation, et al.*; In the United States District Court for the Southern District of Texas, Houston Division; *Notice of Remand and opposition to conditional transfer order*

Dear Mr. Beck:

Plaintiff Bob Stephenson now files his amended opposition to the conditional transfer order filed by the Judicial Panel on Multidistrict Litigation. In support of plaintiff's opposition please find attached as Exhibit "A" the transcript of a hearing held before the Honorable Vanessa D. Gilmore, United States District Judge.

Further, please find attached as Exhibit "B" the Order 1) Denying the Motions to Transfer the "Friction Products Claims" and 2) Remanding the Friction Products Claims signed by Judge Alfred M. Wolin, United States District Judge.

The attached exhibits are forwarded to your attention and attached hereto in an abundance of caution. Being that Judge Gilmore has not signed an order remanding the above referenced case to state court, I have attached the only documents available to evidence said Remand.

IMAGED FEB 28 '02     OFFICIAL FILE COPY

February 21, 2002
Page -2-

If there is anything further required of this court to support Mr. Stephenson's opposition, please inform the undersigned immediately.

Sincerely yours,

George E. Cire, Jr.

GEC:mcr
Encl.

FEB-21-2002 16:57    SINGLETON COOKSEY ET AL         713 532 6200   P.04/15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                           HOUSTON DIVISION


 HARRY JOE HYDER, et al          *    Civil No. H-01-3602
                                 *
 VERSUS                          *    Houston, Texas
                                 *    February 8, 2002
 ABLE SUPPLY COMPANY, et al      *    2:10 p.m.


                BEFORE THE HONORABLE VANESSA D. GILMORE
                     UNITED STATES DISTRICT JUDGE
                   (STATUS HEARING/COURT'S RULING)


 For the Plaintiffs:

            Mr. Henry Simon
            Simon  Warner
            301 Commerce Street
            Suite 1700
            Fort Worth, Texas 76102


 For the Garlock, Inc. Defendants:

            Mr. Shelby A. Jordan
            Jordan  Hyden
            500 N. Shoreline
            Suite 900 N.
            Corpus, Christi, Texas 78471


 Court Reporter:

            Fred Warner
            515 Rusk Avenue
            Houston, Texas 77002

 Proceedings recorded by mechanical stenography, produced by
 computer-aided transcription.
```



EXHIBIT A

1  THE COURT: Lawyers, we were going to be here this
2  afternoon on the motion related to all of your cases, but I
3  have just literally been on the phone with Judge Wolin's
4  office in Delaware to try to get some confirmation on what
5  he did with all of the friction cases; and he has just
6  signed, not less than 15 minutes ago, an order remanding all
7  of the cases to state court. So the only thing --
8            (Applause)
9  THE COURT: Hey, no noise in the courtroom.
10           The only question that I have is, is there
11 anybody here who had a case that was on my docket that was
12 removed here on some other basis other than a removal based
13 on the Federal-Mogul Bankruptcy. Did anybody have a
14 different basis for removal besides that?
15           Sir.
16 MR. JORDAN: Your Honor, I was afraid you would ask
17 that question. I am Shelby Jordan representing the Garlock
18 removal defendant, and those cases are not --
19 THE COURT: Can you tell me by any chance the lead
20 plaintiff on your case?
21 MR. JORDAN: Yes. There are five. The lead
22 plaintiff would be Hyder.
23 THE COURT: Hyder, okay, great.
24 MR. JORDAN: And there is four more.
25 THE COURT: I was just trying to figure out which

1  of the cases it was.

2  What was your basis for removal?

3  MR. JORDAN: Your Honor, our basis for removal was
4  very similar; it was "related to" jurisdiction.

5  And just a very quick background. We removed
6  about 87 of these cases. Those five that occurred before
7  your court were also in a number of other district courts.
8  The majority of courts have ruled as you did. In a
9  conditional transfer, you can dismiss, remand the cases.

10  We appealed that to the Fifth Circuit; we had
11  a stay of that appeal for about seven weeks, then Judge
12  Parker rendered an opinion that found that jurisdiction
13  existed on contribution claims but found that because of
14  dismissals which did not occur in your case -- I believe
15  there is motions in your case for these dismissals -- but
16  that those orders had not been entered; that the
17  contribution claims no longer would support "related to"
18  jurisdiction.

19  That matter was rendered, I think, the 29th of
20  December. We promptly filed an en banc motion for
21  rehearing, and I am not experienced in that very much. I
22  have done one before, and it didn't take them long to tell
23  me the answer.

24  THE COURT: So is it still pending right now?
25  MR. JORDAN: It's been now pending 31 days.

1       THE COURT: Okay.

2       MR. JORDAN: And so the Fifth Circuit, as to our
3  cases, what I would request the Court to do is maybe extend
4  this hearing for two weeks, let the Fifth Circuit -- you
5  know they're going to rule promptly. They may also have
6  just heard about the Judge Wolin issue.

7       And so, as to my cases, I would ask the Court
8  maybe to continue a ruling.

9       THE COURT: Is the only case you have then just the
10 one, the Hyder case?

11      MR. JORDAN: It's Hyder, which is the 02; Coy, 03;
12 Miller, 05, and Anderson, 06.

13      THE COURT: 02, 03, 05.

14      MR. JORDAN: And 06.

15      THE COURT: And 06.

16      MR. JORDAN: There is one 04 I think is not mine.

17      THE COURT: So there is four cases then?

18      MR. JORDAN: Yes, Your Honor.

19      THE COURT: Okay. Tell me your name again, please,
20 sir.

21      MR. JORDAN: First name is Shelby, S-h-e-l-b-y;
22 last name is Jordan, J-o-r-d-a-n.

23      THE COURT: Let me figure out what's going on with
24 your cases since your case is the only one.

25      Anybody else have something that's other

1  than --

2  MR. SIMON: Your Honor, my name is Henry Simon, and
3  we're on the other --

4  THE COURT: Again, please, sir. I just didn't hear
5  you. I just didn't hear your last name, sir.

6  MR. SIMON: It's Simon, S-i-m-o-n.

7  THE COURT: Yes, sir.

8  MR. SIMON: We are on the other side of Mr. Jordan,
9  and I am a little surprised to hear him say what he said
10 because, so far as I know, there is no distinction between
11 the cases in which he represents the parties who caused the
12 removal. I mean, there are Garlock cases, and they are, so
13 far as I know, indistinguishable from the other cases in
14 which we have contested with Mr. Jordan, most significantly
15 the case that was decided by Judge Jack which form a basis
16 for the Fifth Circuit opinion.

17 THE COURT: Right.

18 MR. SIMON: Before getting into much of the merits,
19 I did want the Court to understand that we disagree that
20 there is any distinction between those cases and believe
21 they are precisely the same as all the other cases.

22 THE COURT: As the other ones?

23 MR. SIMON: Yes, ma'am.

24 THE COURT: All right.

25 MR. JORDAN: If I might just clarify.

1     What I really meant, to be sure the Court
2 heard from me, was that we weren't in front of Judge Wolin
3 on a transfer order.
4     THE COURT: No, no, no, no. That wasn't really my
5 question.
6     MR. JORDAN: I may have misunderstood.
7     THE COURT: My only question was, was the basis for
8 removal something other than a relation to on the
9 Federal-Mogul?
10     MR. JORDAN: No. Let me reanswer the question.
11     No. That was our exclusive basis was "related
12 to" contribution claims.
13     THE COURT: Okay. That was my only question.
14     MR. JORDAN: I'm sorry.
15     MR. SIMON: That is my understanding, Judge.
16     THE COURT: Oh, okay.
17     MR. JORDAN: I apologize.
18     THE COURT: That was my only question. In which
19 case, all of your cases, like the cases of everybody else
20 here, would be covered by Judge Wolin's order that he just
21 signed. And he is happily in his car driving back to New
22 Jersey as we speak. He said he is done. Stick a fork in
23 him.
24     MR. JORDAN: The only observation I would make is
25 that Judge Wolin, I don't know what he found, but I heard --

1  I haven't even talked to counsel --

2       THE COURT: If you hang out another 10 minutes, the
3  order will be sitting on my fax machine.

4       MR. JORDAN: Okay. But I heard you found there is
5  no subject matter jurisdiction. That's a Third Circuit rule
6  that may be applicable to those cases.

7       The Fifth Circuit in this case in this circuit
8  says there is subject matter jurisdiction unless dismissals
9  occur. Of course, the Sixth Circuit says something else.

10       So I would just simply say, as to our cases,
11  since we weren't docketed before Judge Wolin, that the Third
12  Circuit's order on jurisdiction first of all might not be
13  binding on you.

14       THE COURT: Well, I am going to make it easy for
15  you. Just in case that anybody is confused, I am still
16  going to go ahead and rule on everything that I have got
17  here, but here's my ruling: Everything is getting remanded.

18       I am not doing anything different than what
19  Judge Wolin did. I guess you all might think that there is
20  some different basis for remanding them here; but to the
21  extent that Judge Wolin has really already entered an order
22  with respect to all of the cases on which a conditional
23  transfer order have already been done; to the extent that
24  somebody says, well, I am not in that group of cases because
25  no conditional transfer order was done on my case, the Court

1  enters the following order: All of the cases that are on my
2  docket that were removed based on "related to," as "related
3  to" cases based on the Federal-Mogul Bankruptcy, the Court
4  finds that the cross claims against Federal-Mogul are not
5  sufficient to invoke "related to" jurisdiction and that this
6  Court lacks subject matter jurisdiction, and that there is
7  no contribution claim at this point that could provide a
8  basis for "related to" jurisdiction.
9          All of the motions to remand filed by the
10 plaintiffs are granted. I have nine cases in which the
11 plaintiffs have not filed motions to remand. The Court
12 enters a sua sponte order of remand on those cases.
13         The Court finds that there is no need to reach
14 the abstention issue because it's not relevant since the
15 Court has found that the removed cases don't arise under or
16 are "related to" federal law.
17         The defendants filed a number of motions to
18 stay. Because the Court's determined that it does not have
19 subject matter jurisdiction, the Court declines to grant the
20 motions to stay and denies those motions as moot.
21         The defendants had a number of transfer
22 motions. Those motions are also denied as moot.
23         Any other motions that are pending on the
24 Court's docket in any of the remaining cases are also denied
25 as moot. And that's going to be it.

1  I understand that they haven't even docketed
2 the order in Judge Wolin's case yet. They're in the process
3 of trying to get it docketed right now. I am supposed to
4 have it in about 10 minutes or however long it takes them to
5 finish docketing it; but I am sure that you can call to the
6 bankruptcy clerk's office in Delaware -- they're the ones
7 who have a copy of that order -- and get a copy of that
8 order faxed out to you if you happen to be looking for the
9 order in Judge Wolin's case.
10        All right. Thank you all. Have a good
11 weekend.
12
13
14             (Conclusion of Proceedings)
15
16
17
18
19
20
21
22
23
24
25

## CERTIFICATION

I, Fred Warner, Official Court Reporter for the United States District Court for the Southern District of Texas, Houston Division, do hereby certify that the foregoing pages 1 through 9 are a true and correct transcript of the proceedings had in the above-styled and numbered cause before the Honorable VANESSA D. GILMORE, United States District Judge, on the 8th day of February, 2002.

WITNESS MY OFFICIAL HAND at my office in Houston, Harris County, Texas on this the 12th day of February, A.D., 2002.

*Fred Warner*
Fred Warner, CSR
Official Court Reporter

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re: : CHAPTER 11
:
FEDERAL-MOGUL GLOBAL, INC., : BANKRUPTCY NO. 01-10587 DvG
: (jointly administered)
Debtor. :

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

**EXHIBIT B**

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

Alfred M. Wolin, U.S.D.J.

2