JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:      MDL-875 -In re Asbestos Products Liability Litigation (No. VI)

DOCKET NO. 875
(CONDITIONAL TRANSFER ORDER: CTO-210)
TX 01-CV-4153

### NOTICE OF OPPOSITION

Notice is hereby given, pursuant to the Panel's February 8, 2002 Conditional Transfer Order, that Plaintiff oppose submission and/or assignment and/or transfer of Civil Action Number 01-CV-4153 from the U.S. District Court for the Southern District of Texas, Houston Division, to the U.S. District Court for the Eastern District of Pennsylvania. This case was remanded to state district court by Judge Vanessa Gilmore on February 8, 2002. A copy of the hearing transcript is attached hereto.

Respectfully submitted this the 21st day of February, 2002.

TAYLOR & ERNSTER, P.C.

By: _____
Cletus P. Ernster, III
State Bar No. 00793698
3400 Penthouse
One Allen Center
Houston, Texas 77002
(713) 654-7799
(713) 654-7814 Fax

IMAGED FEB 28 '02        OFFICIAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                         HOUSTON DIVISION


HARRY JOE HYDER, et al        *    Civil No. H-01-3602
                              *
VERSUS                        *    Houston, Texas
                              *    February 8, 2002
ABLE SUPPLY COMPANY, et al    *    2:10 p.m.


              BEFORE THE HONORABLE VANESSA D. GILMORE
                    UNITED STATES DISTRICT JUDGE
                   (STATUS HEARING/COURT'S RULING)


For the Plaintiffs:

          Mr. Henry Simon
          Simon  Warner
          301 Commerce Street
          Suite 1700
          Fort Worth, Texas 76102



For the Garlock, Inc. Defendants:

          Mr. Shelby A. Jordan
          Jordan  Hyden
          500 N. Shoreline
          Suite 900 N.
          Corpus, Christi, Texas 78471



Court Reporter:

          Fred Warner
          515 Rusk Avenue
          Houston, Texas 77002

Proceedings recorded by mechanical stenography, produced by
computer-aided transcription.
```

TRUE COPY I CERTIFY
ATTEST: 2-14-02
MICHAEL N. MILBY, Clerk of Court
By _Carmen Peebles_
                Deputy Clerk

```
 1        THE COURT:  Lawyers, we were going to be here this
 2   afternoon on the motion related to all of your cases, but I
 3   have just literally been on the phone with Judge Wolin's
 4   office in Delaware to try to get some confirmation on what
 5   he did with all of the friction cases; and he has just
 6   signed, not less than 15 minutes ago, an order remanding all
 7   of the cases to state court.  So the only thing --
 8             (Applause)
 9        THE COURT:  Hey, no noise in the courtroom.
10             The only question that I have is, is there
11   anybody here who had a case that was on my docket that was
12   removed here on some other basis other than a removal based
13   on the Federal-Mogul Bankruptcy.  Did anybody have a
14   different basis for removal besides that?
15             Sir.
16        MR. JORDAN:  Your Honor, I was afraid you would ask
17   that question.  I am Shelby Jordan representing the Garlock
18   removal defendant, and those cases are not --
19        THE COURT:  Can you tell me by any chance the lead
20   plaintiff on your case?
21        MR. JORDAN:  Yes.  There are five.  The lead
22   plaintiff would be Hyder.
23        THE COURT:  Hyder, okay, great.
24        MR. JORDAN:  And there is four more.
25        THE COURT:  I was just trying to figure out which
```

1 of the cases it was.
2          What was your basis for removal?
3          MR. JORDAN: Your Honor, our basis for removal was
4 very similar; it was "related to" jurisdiction.
5          And just a very quick background. We removed
6 about 87 of these cases. Those five that occurred before
7 your court were also in a number of other district courts.
8 The majority of courts have ruled as you did. In a
9 conditional transfer, you can dismiss, remand the cases.
10         We appealed that to the Fifth Circuit; we had
11 a stay of that appeal for about seven weeks, then Judge
12 Parker rendered an opinion that found that jurisdiction
13 existed on contribution claims but found that because of
14 dismissals which did not occur in your case -- I believe
15 there is motions in your case for these dismissals -- but
16 that those orders had not been entered; that the
17 contribution claims no longer would support "related to"
18 jurisdiction.
19         That matter was rendered, I think, the 29th of
20 December. We promptly filed an en banc motion for
21 rehearing, and I am not experienced in that very much. I
22 have done one before, and it didn't take them long to tell
23 me the answer.
24         THE COURT: So is it still pending right now?
25         MR. JORDAN: It's been now pending 31 days.

```
 1                THE COURT:  Okay.
 2                MR. JORDAN:  And so the Fifth Circuit, as to our
 3   cases, what I would request the Court to do is maybe extend
 4   this hearing for two weeks, let the Fifth Circuit -- you
 5   know they're going to rule promptly.  They may also have
 6   just heard about the Judge Wolin issue.
 7                And so, as to my cases, I would ask the Court
 8   maybe to continue a ruling.
 9                THE COURT:  Is the only case you have then just the
10   one, the Hyder case?
11                MR. JORDAN:  It's Hyder, which is the 02; Coy, 03;
12   Miller, 05, and Anderson, 06.
13                THE COURT:  02, 03, 05.
14                MR. JORDAN:  And 06.
15                THE COURT:  And 06.
16                MR. JORDAN:  There is one 04 I think is not mine.
17                THE COURT:  So there is four cases then?
18                MR. JORDAN:  Yes, Your Honor.
19                THE COURT:  Okay.  Tell me your name again, please,
20   sir.
21                MR. JORDAN:  First name is Shelby, S-h-e-l-b-y;
22   last name is Jordan, J-o-r-d-a-n.
23                THE COURT:  Let me figure out what's going on with
24   your cases since your case is the only one.
25                Anybody else have something that's other
```

```
 1  than --
 2          MR. SIMON:  Your Honor, my name is Henry Simon, and
 3  we're on the other --
 4          THE COURT:  Again, please, sir.  I just didn't hear
 5  you.  I just didn't hear your last name, sir.
 6          MR. SIMON:  It's Simon, S-i-m-o-n.
 7          THE COURT:  Yes, sir.
 8          MR. SIMON:  We are on the other side of Mr. Jordan,
 9  and I am a little surprised to hear him say what he said
10  because, so far as I know, there is no distinction between
11  the cases in which he represents the parties who caused the
12  removal.  I mean, there are Garlock cases, and they are, so
13  far as I know, indistinguishable from the other cases in
14  which we have contested with Mr. Jordan, most significantly
15  the case that was decided by Judge Jack which form a basis
16  for the Fifth Circuit opinion.
17          THE COURT:  Right.
18          MR. SIMON:  Before getting into much of the merits,
19  I did want the Court to understand that we disagree that
20  there is any distinction between those cases and believe
21  they are precisely the same as all the other cases.
22          THE COURT:  As the other ones?
23          MR. SIMON:  Yes, ma'am.
24          THE COURT:  All right.
25          MR. JORDAN:  If I might just clarify.
```

1    What I really meant, to be sure the Court
2 heard from me, was that we weren't in front of Judge Wolin
3 on a transfer order.
4    THE COURT: No, no, no, no. That wasn't really my
5 question.
6    MR. JORDAN: I may have misunderstood.
7    THE COURT: My only question was, was the basis for
8 removal something other than a relation to on the
9 Federal-Mogul?
10   MR. JORDAN: No. Let me reanswer the question.
11       No. That was our exclusive basis was "related
12 to" contribution claims.
13   THE COURT: Okay. That was my only question.
14   MR. JORDAN: I'm sorry.
15   MR. SIMON: That is my understanding, Judge.
16   THE COURT: Oh, okay.
17   MR. JORDAN: I apologize.
18   THE COURT: That was my only question. In which
19 case, all of your cases, like the cases of everybody else
20 here, would be covered by Judge Wolin's order that he just
21 signed. And he is happily in his car driving back to New
22 Jersey as we speak. He said he is done. Stick a fork in
23 him.
24   MR. JORDAN: The only observation I would make is
25 that Judge Wolin, I don't know what he found, but I heard --

1  I haven't even talked to counsel --

2          THE COURT: If you hang out another 10 minutes, the
3  order will be sitting on my fax machine.

4          MR. JORDAN: Okay. But I heard you found there is
5  no subject matter jurisdiction. That's a Third Circuit rule
6  that may be applicable to those cases.

7                  The Fifth Circuit in this case in this circuit
8  says there is subject matter jurisdiction unless dismissals
9  occur. Of course, the Sixth Circuit says something else.

10                 So I would just simply say, as to our cases,
11 since we weren't docketed before Judge Wolin, that the Third
12 Circuit's order on jurisdiction first of all might not be
13 binding on you.

14         THE COURT: Well, I am going to make it easy for
15 you. Just in case that anybody is confused, I am still
16 going to go ahead and rule on everything that I have got
17 here, but here's my ruling: Everything is getting remanded.

18                 I am not doing anything different than what
19 Judge Wolin did. I guess you all might think that there is
20 some different basis for remanding them here; but to the
21 extent that Judge Wolin has really already entered an order
22 with respect to all of the cases on which a conditional
23 transfer order have already been done; to the extent that
24 somebody says, well, I am not in that group of cases because
25 no conditional transfer order was done on my case, the Court

1  enters the following order: All of the cases that are on my
2  docket that were removed based on "related to," as "related
3  to" cases based on the Federal-Mogul Bankruptcy, the Court
4  finds that the cross claims against Federal-Mogul are not
5  sufficient to invoke "related to" jurisdiction and that this
6  Court lacks subject matter jurisdiction, and that there is
7  no contribution claim at this point that could provide a
8  basis for "related to" jurisdiction.
9              All of the motions to remand filed by the
10 plaintiffs are granted. I have nine cases in which the
11 plaintiffs have not filed motions to remand. The Court
12 enters a sua sponte order of remand on those cases.
13             The Court finds that there is no need to reach
14 the abstention issue because it's not relevant since the
15 Court has found that the removed cases don't arise under or
16 are "related to" federal law.
17             The defendants filed a number of motions to
18 stay. Because the Court's determined that it does not have
19 subject matter jurisdiction, the Court declines to grant the
20 motions to stay and denies those motions as moot.
21             The defendants had a number of transfer
22 motions. Those motions are also denied as moot.
23             Any other motions that are pending on the
24 Court's docket in any of the remaining cases are also denied
25 as moot. And that's going to be it.

```
 1            I understand that they haven't even docketed
 2   the order in Judge Wolin's case yet.  They're in the process
 3   of trying to get it docketed right now.  I am supposed to
 4   have it in about 10 minutes or however long it takes them to
 5   finish docketing it; but I am sure that you can call to the
 6   bankruptcy clerk's office in Delaware -- they're the ones
 7   who have a copy of that order -- and get a copy of that
 8   order faxed out to you if you happen to be looking for the
 9   order in Judge Wolin's case.
10            All right.  Thank you all.  Have a good
11   weekend.
12
13
14              (Conclusion of Proceedings)
15
16
17
18
19
20
21
22
23
24
25
```

CERTIFICATION

I, Fred Warner, Official Court Reporter for the United States District Court for the Southern District of Texas, Houston Division, do hereby certify that the foregoing pages 1 through 9 are a true and correct transcript of the proceedings had in the above-styled and numbered cause before the Honorable VANESSA D. GILMORE, United States District Judge, on the 8th day of February, 2002.

WITNESS MY OFFICIAL HAND at my office in Houston, Harris County, Texas on this the 12th day of February, A.D., 2002.

*Fred Warner*
Fred Warner, CSR
Official Court Reporter