BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| In re: | § | |
|---|---|---|
| | § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | § | |

*This Document Relates To:*

**VARIOUS PLAINTIFFS** (see attached schedule (**Exhibit A**)),

    *Plaintiffs,*

vs.

DAIMLERCHRYSLER, FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION, and HONEYWELL INTERNATIONAL, INC.,

    *Defendants.*

*from the* UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

Case Numbers: *See Attached Schedule* (**Exhibit A**)

## NOTICE OF OPPOSITION TO CTO-210

The Plaintiffs file their Notice of Opposition to Conditional Transfer Order 210, entered February 8, 2002, and would show as follows:

1. These actions were recently removed from various Texas state district courts by Honeywell International and the Big Three Automobile Manufacturers (Ford, General Motors and DaimlerChrysler) citing alleged bankruptcy "related to" jurisdiction (28 U.S.C. § 1334), based upon the bankruptcy proceeding of Federal Mogul Global, Inc. and related entities. The Big Three and Honeywell allege that all claims made against them based upon the sale of brake products are related to the Federal Mogul bankruptcy because, allegedly,

NOTICE OF OPPOSITION TO CTO-210 -- Page 1

the Big Three purchased brake products from a Federal Mogul debtor and therefore the Big Three have contribution or indemnity claims. This basis for federal bankruptcy jurisdiction is, however, wholly devoid of merit.

2. Consequently, the Plaintiffs in these cases filed motions to remand in the local district courts, which motions have not yet been ruled upon. However, on February 8, 2002, the same day as the CTO, Judge Alfred Wolin, the federal district judge presiding over the Federal Mogul bankruptcy, entered an order remanding all of the cases which are the subject of this CTO to the state courts.

3. The Plaintiffs oppose the transfer of these cases because (a) the cases have already been remanded to the state courts by Judge Wolin; (b) Judge Wiener, the putative transferee judge, has indicated that Judge Wolin (and now the Third Circuit), should decide the federal fate of these cases; therefore, the Panel should defer ruling on this CTO pending a ruling by the Third Circuit on whether to grant a stay pending appeal, and if such a stay is granted, then pending the Third Circuit's decision on the merits; (c) a transfer by the Panel would neither aid in the resolution of the cases nor fulfill any of the purposes of the Multidistrict Litigation statute in general or the Order establishing MDL 875 in particular; (d) a Multidistrict Litigation transfer would be an unnecessary interference with the Order of Chief Judge Becker of the Third Circuit assigning Judge Wolin to preside over the Federal Mogul (and four other asbestos-related) bankruptcies; (e) a Multidistrict Litigation transfer could create a jurisdictional tug-of-war between the Panel (under 28 U.S.C. § 1407) and Judge Wolin (under 28 U.S.C. § 157(b)(5)); (f) no purpose would be served by

NOTICE OF OPPOSITION TO CTO-210 -- Page 2

Case MDL No. 875   Document 3445   Filed 02/22/02   Page 3 of 5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

Multidistrict consolidation here since all "common" asbestos discovery has been completed in MDL 875 as a whole, even before these particular cases were filed; and (f) the transfer would cause immeasurable delay in the prosecution and trial of these cases.

WHEREFORE, Plaintiffs hereby give notice under Rule 7.4(c) that they oppose the Conditional Transfer Order, pray that their case not be transferred to MDL 875, and that they receive all other relief to which they are entitled.

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: _____
ALAN B. RICH
Texas Bar No. 16842350

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Opposition was served via United States mail to all counsel of record on the attached service list on the 21 day of February, 2002.

_____
Alan B. Rich

NOTICE OF OPPOSITION TO CTO-210 -- Page 3

# PANEL SERVICE LIST
## DOCKET NO. 875
### IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
127 Public Square
3900 Key Center
Cleveland, OH 44114

David A. Damico
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Susan M. Hansen
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
195 S. Main Street, Suite 300
Akron, OH 44308

Ronald L. Motley
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC 29465

John D. Roven
2190 North Loop West, Suite 410
Houston, TX 77018

Robert N. Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Andrew J. Trevelise
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Edward J. Cass
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Raymond P. Forceno
Philadelphia Bourse Bldg.,
Suite 1000
Independence Mall East
Philadelphia, PA 19106

David M. Bernick
200 East Randolph Drive
Chicago, IL 60601

David C. Landin
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Joseph S. Pevsner
3300 First City Center
1700 Pacific Avenue
Dallas, TX 75201

Richard D. Schuster
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Robert E. Swickle
1370 Penobscot Building
Detroit, MI 48226

James K. Weston, II
4040 First Avenue, N.E.
P. O. Box 998
Cedar Rapids, IA 52406

Adam M. Chud
1800 Massachusetts Ave., N.W.
Washington, DC 20036

Ellen B. Furman
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

John R. Henderson
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

Gene Locks
1500 Walnut Street
Philadelphia, PA 19102

John J. Repcheck
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Neil Selman
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert E. Thackston
3200 Allied Bank Tower
1445 Ross Avenue
Dallas, TX 75202

Dawn M. Wright
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201

David M. Bernick
200 East Randolph Dr.
Chicago, IL 60601

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

# EXHIBIT A

This Document Relates to the Following Cases:[1]

1. Avery, et al, 3:01-CV-849 - (W.D. N.Y.)
2. Bailey, et al, 3:01-CV-859 - (W.D. N.Y.)
3. DiSanto, et al, 3:01-CV-852 - (W.D. N.Y.)
4. Gittens, Jr., et al, 3:01-CV-847 - (W.D. N.Y.)
5. Laribee, et al, 3:01-CV-848 - (W.D. N.Y.)
6. Schiess, et al, 3:01-CV-872 - (W.D. N.Y.)
7. Smith, et al, 3:01-CV-850 - (W.D. N.Y.)
8. Urwin, et al, 3:01-CV-860 - (W.D. N.Y.)
9. Hoyt, et al, 3:01-CV-1058 - (M.D. La.)
10. Jeanpierre, et al, 3:01-CV-1059 - (M.D. La.)
11. Piper, III, et al, 3:01-CV-1061 - (M.D. La.)
12. Burge, et al, 3:01-CV-1062 - (M.D. La.)

---

[1] Because the removing defendants failed in many cases to serve pleadings on plaintiffs' counsel that identify the federal cause number assigned, we have done our best to assure that this pleading covers all cases filed by our clients which are subject to CTO-210. We reserve the right to supplement if additional cases are discovered to be subject to CTO-210.