JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

FILED
GREAT FALLS DIV.
'02 JAN 15 PM 2 19
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## GREAT FALLS DIVISION

| | |
|---|---|
| THOMAS J. KELLY,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL PAPER COMPANY, a New York for Profit Corporation; CHAMPION INTERNATIONAL CORPORATION, a New York for Profit Corporation; ST. REGIS CORPORATION, a New York for Profit Corporation; J. NEILS LUMBER COMPANY, a Minnesota for Profit Corporation; ROBINSON INSULATION COMPANY, a Montana Corporation for Profit; and DOES A-Z, Inclusive;<br><br>Defendants. | No. CV-01-159-GF-SEH<br><br>**ORDER**<br><br>MDL- 875<br>RECOMMENDED ACTION<br><br>VACATE CTO-209 -- 1 ACTION<br>Approved/Date: MK 1/22 |

Plaintiff has moved for remand to the Eighth Judicial District Court, Cascade County, Montana, on the grounds that this Court lacks subject matter jurisdiction. Defendant International Paper Co. opposes the motion.

-1-

IMAGED FEB 28 '02

Removal is governed by 28 U.S.C. §1446. Section 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The removal statute is to be strictly construed against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The "strong presumption" against removal jurisdiction requires the defendant carry the burden of establishing that removal is proper. Id. Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. Id.

The thirty-day time period for filing a notice of removal is mandatory and may not be extended by the court. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980); Liebig v. Dejoy, 814 F. Supp. 1074 (M.D. Fla. 1993). A timely objection to a late filed notice of removal defeats removal and requires remand. Fristoe, 615 F.2d at 1212.

The summons and complaint were served on August 3, 2001. International Paper filed its notice of removal on November 21, 2001, approximately 80 days after the deadline for removal expired.

ORDERED: Plaintiff's motion for remand[1] is *GRANTED*. The matter is hereby remanded to the Eighth Judicial District Court, Cascade County, Montana.

DATED this 15th day of January, 2002.

SAM E. HADDON
United States District Judge

---

[1] Docket # 2