JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 22 2002

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

2002 FEB 20 P 1: 18

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

HARLAND D. TRIMBLE,

    Plaintiff,

V.                                                                  CASE NO. 3:01-cv-1445-J-21TJC

ACandS, INC., a Delaware Corporation;
RAPID AMERICAN CORPORATION,
a Delaware Corporation; CROWN
CORK AND SEAL CO., INC., a
Delaware corporation' OWENS-
ILLINOIS, INC., a Delaware
corporation; GARLOCK, INC., an Ohio
corporation; A.W. CHESTERTON                   MDL- 875
COMPANY, a Massachusetts                       RECOMMENDED ACTION
corporation; NATIONAL SERVICE                  VACATE CTO-210 -- 1 ACTION
INDUSTRIES, INC., a Georgia                    Approved/Date: _nk_ 1/22
corporation, f/k/a North
Brothers, Inc.; A.P. GREEN
INDUSTRIES, INC., a Delaware
corporation;
BRIDGESTONE/FIRESTONE, INC.,
an Ohio corporation, f/k/a The Firestone
Tire & Rubber Company;
METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation,

    Defendants.
_____/

## ORDER

IMAGED FEB 28 '02

AO 72A
(Rev.8/82)

Filed herein are Plaintiff's Motion to Remand and Request for Emergency Hearing (Dkt. 18) and Defendant's Response (Dkt. 20) in opposition thereto. A hearing was held in open court on February 4, 2002.

## I. Background

Prior to December 21, 2001, Plaintiff filed suit in the Circuit Court, Fourth Judicial Circuit, Duval County, asserting claims for negligence, strict liability, civil conspiracy, and fraudulent concealment or misrepresentation relating to Plaintiff having contracted an asbestos-related disease. The claims against Defendant Bridgestone/Firestone, Inc. (Firestone), arose from Plaintiff's alleged exposure to asbestos while Plaintiff was working at the United States Army/White Sands Missile Range in Las Cruces, New Mexico. Firestone asserts that it was producing corporal missiles under the authority of the United States Army, that "the United States approved reasonably precise specifications" for the corporal missiles, that the missiles conformed to those specifications, and that Firestone warned the United States about possible dangers that might arise from the use of the missiles. In addition, Firestone alleges that "the material aspects of the design and production of the corporal missiles were reviewed, approved and subject to the specifications and control of the government."

On December 21, 2001, Firestone filed a Notice of Removal in this Court from the Circuit Court. Within the next thirty days, Defendants ACandS, Inc., Owens-Illinois, Inc., A. W. Chesterton Company, National Service Industries, Inc., and Metropolitan Life Insurance Company filed notices of consent to the removal of the case from state court. Defendants

AO 72A
(Rev.8/82)

Rapid American Corporation (Rapid American), Crown Cork and Seal Co., Inc. (Crown), Garlock, Inc. (Garlock), and A. P. Green Industries, Inc. (A.P.), have not filed notices of consent to the removal.

Plaintiff and Firestone appear to agree that Rapid American and A.P. had not been served prior to the filing of the Notice of Removal and that Garlock had been served prior to the filing of such notice. As to Crown, Plaintiff's counsel stated at the February 4 hearing that Crown was served prior to the filing of the Notice of Removal and that a return of service was filed in state court evidencing said service of process. However, Firestone's attorney asserted that Crown was not served prior to the filing of the Notice of Removal or at least that the state court record does not reflect that a return of service has been filed. More about this conflict, <u>infra</u>.

On January 16, 2002, Plaintiff filed a Motion to Remand the case to state court. Plaintiff argues that the case was improperly removed from state court by Firestone. To the extent Firestone removed the case pursuant to 28 U.S.C. § 1441, Plaintiff asserts that the case should be remanded to state court because Firestone failed to obtain, pursuant to 28 U.S.C. § 1446, consent for removal from all defendants whose consent was required. To the extent Firestone removed the case pursuant to 28 U.S.C. § 1442, Plaintiff asserts that the case should be remanded because Firestone failed to adequately establish the applicability of federal officer jurisdiction pursuant to Section 1442(a)(1).

AO 72A
(Rev.8/82)

## II. Discussion

Firestone asserts two bases for removal: (1) pursuant to 28 U.S.C. § 1441; and (2) pursuant to 28 U.S.C. § 1442. Section 1441 permits the removal of actions in which federal district courts have original jurisdiction premised upon diversity or upon a federal question being raised. See 28 U.S.C. § 1441. Firestone asserts that this Court has original jurisdiction: (1) pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the matter in controversy exceeds $75,000, and (2) pursuant to 28 U.S.C. § 1331 because the alleged injury occurred on a federal enclave. Section 1442 permits removal when, *inter alia*, the state court action is commenced against an officer of the United States or someone acting under an officer of the United States.

States' rights embodied in the U.S. Constitution and the concept of Federalism require that removal statutes be strictly construed against removal. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Miles v. Kilgore, 928 F. Supp. 1071, 1075 (N.D. Ala. 1996). "The burden of proof is on the removing party to present facts establishing its right to removal." Miles, 928 F. Supp. at 1075.

While Sections 1441 and 1442 are the "substantive" provisions governing removal, 28 U.S.C. § 1446 provides the procedures for removal. Generally, when multiple defendants are involved, Section 1446 requires that all defendants consent to the removal. See Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, 427 F.2d 325,

AO 72A
(Rev.8/82)

326-27 (5th Cir. 1970)[1]; Miles, 928 F. Supp. at 1075. There are, however, several exceptions to the rule requiring consent of all defendants. See Miles, 928 F. Supp. at 1075 n.2. Three such exceptions are potentially relevant to this case: (1) nominal or formal defendants need not consent to removal, see Tri-Cities Newspapers, Inc., 427 F.2d at 327; (2) defendants not served at the time of removal need not consent to removal, see Nathe v. Pottenberg, 931 F. Supp. 822, 824 n.3 (M.D. Fla. 1995); and (3) when removal is based on 28 U.S.C. § 1442(a), only the defendant federal officer need consent to the removal, see Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1376 (5th Cir. 1980).

### A. Defendants Not Served at the Time of Removal and Nominal or Fraudulently Joined Defendants

Defendants Rapid American, Crown, Garlock, and A.P. did not file consents to the removal of this case. As to Garlock, Firestone asserts that its consent was not required because it is a nominal party or it was fraudulently joined as a defendant to this action. As to Rapid American, Crown, and A.P., Firestone asserted in its Memorandum of Law in Opposition to Plaintiffs Motion to Remand (Dkt. 20) that summonses had never been issued as to these Defendants and, consequently, their consent was not required. At the hearing held on February 4, 2002, Firestone asserted that Rapid American, Crown, and A.P. did not need to consent to the removal because they were not served at the time the Notice of Removal was filed. On February 12, 2002, however, Firestone filed a Notice of Scrivener's Error (Dkt. 31), in which

---

[1] Fifth Circuit decisions handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

it stated that it erred by asserting that summonses had not been issued as to these Defendants. Firestone stated that their opposition memorandum should have stated that the state court record did not reflect that a return of service had been filed as to these Defendants.

It is not clear whether Firestone is altering its argument presented at the February 4 hearing. Firestone may be conceding, through its Notice of Scrivener's Error, that these Defendants were served before its Notice of Removal was filed but their consent to removal was not required because a return of service as to these Defendants was not reflected in the state court record. An alternative interpretation is that Firestone is asserting that these Defendants were not served prior to its filing of the Notice of Removal, but that summonses were issued as to these Defendants at some point.[2]

Because of the significance—as discussed herein, infra—of Defendant Crown's post-removal appearance per its answer filed December 31, 2001, it does not matter whether Rapid American, Crown, and A.P. were served before the filing of the Notice of Removal. Because Defendant Crown filed an answer in the case, albeit ten days after Firestone's filing of its Notice of Removal on December 21, 2001, the question arises as to what, if any, responsibility Firestone had to procure the consent of later-served or later-appearing defendants.

---

[2] The court notes the following as an illustration of how the remand issues have become unnecessarily confused: During the hearing held on February 4, 2002, Firestone relied on the absence of a return of service in the state court record to support its contention that Crown had not been served prior to the filing of the Notice of Removal. To the contrary, Plaintiff ardently represented to the Court that a return of service as to Crown was filed in the state court case before Firestone filed its Notice of Removal. The Court gave Plaintiff leave to file documents from the state court docket verifying his assertion. The documents Plaintiff subsequently filed herein (Dkt. 29), however, clearly do not show any return of service as to Defendant Crown. Consequently, there does not appear to be anything in the record to support Plaintiff's contention that Crown was served prior to the time Firestone filed its Notice of Removal.

AO 72A
(Rev.8/82)

In <u>Jasper v. Wal-Mart Stores, Inc.</u>, 732 F. Supp. 104, 105 (M.D. Fla. 1990), the Court considered a motion to remand the case to the state court. The non-removing defendant was served two days before the case was removed. <u>See id.</u> The Court held that the removal petition was deficient because it failed to allege an amount in controversy that exceeded the jurisdictional minimum set forth in 28 U.S.C. § 1332, and all defendants did not consent to the removal. <u>See id.</u> As to the latter reason, the Court said that, even if the non-removing defendant had not been served at the time the case was removed, the non-removing defendant would have had to join in the removal within thirty days of receiving the complaint. <u>See id.</u> at 105-06.

Requiring the consent of defendants served after the filing of the removal notice is a logical extension of the general rule–i.e. that all defendants served at the time of removal must consent to removal–to later-served or later-appearing defendants. The consent of all defendants served prior to the filing of a notice of removal is required because "(1) it eliminates the risk of inconsistent adjudications in federal and state courts; (2) it prevents one defendant from choosing the forum for all of the defendants; and (3) it preserves the ability of state courts to entertain federal claims that Congress has not committed exclusively to federal jurisdiction." <u>Fellhauer v. City of Geneva</u>, 673 F. Supp. 1445, 1447 n.5 (N.D. Ill. 1987).

The salutary purposes behind requiring the consent of all served defendants are furthered by also requiring the consent of later-served or later-appearing defendants. This seems especially so with respect to defendants named in the complaint from the inception of the case.

7

To hold otherwise would provide for an arbitrary rule where the determination of whether a defendant is to have a voice in the removal process is based on fortuity: a named defendant served or appearing the day after the filing of the notice of removal would have no voice in the removal process, while another defendant served or appearing on the day before the filing of the notice of removal would have the right to defeat removal by the simple expedient of withholding consent. To avoid this arbitrary result, it is reasonable to expect a removing defendant to be vigilant of its obligation to obtain the consent of all defendants, including later-served or later-appearing defendants, especially when such defendants have been named in the complaint from the inception of the case.

The consent of Crown, the later-appearing defendant who filed its answer/appearance ten days after Firestone's removal notice, should have been secured within thirty days of such appearance. The record indicates that, while Firestone did solicit Crown's consent, such consent was not forthcoming. See Affidavit of Anita Pryor (Dkt. 25). Consequently, Firestone has failed to carry its burden of establishing its right to removal under Section 1441 because of its failure to obtain all of the necessary consents to removal.

Accordingly, the Court need not determine whether Garlock was a nominal party or was fraudulently joined. Similarly, the Court need not determine whether the Plaintiff's injuries were sustained while on a federal enclave. Federal enclave jurisdiction is a form of a federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998); Mater v. Holley, 200 F.2d 123, 125 (5th Cir. 1952). As discussed

above, to remove a case pursuant 28 U.S.C. § 1441, which permits removal when federal district courts have federal question jurisdiction, all defendants must consent unless specifically excepted. Thus, as Plaintiff and Firestone concede, a defendant removing a case pursuant to Section 1331 federal question jurisdiction based upon an injury occurring on a "federal enclave," must obtain consents from the defendants to the same extent required regarding diversity. Since Firestone failed to do so, the Court need not further examine the applicability of federal enclave jurisdiction.

### B. Removal Based on 28 U.S.C. § 1442(a)

Section 1442(a)(1) provides:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or <u>any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office</u> or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442 (emphasis added). Section 1442 is "an incident of federal supremacy, and . . . one of its purposes [is] to provide a federal forum for cases where federal officials must raise defenses arising from official duties." <u>Magnin v. Teledyne Cont'l Motors</u>, 91 F.3d 1424, 1427 (11th Cir. 1996).

9

To remove an action under Section 1442(a)(1), a removing party must establish that: (1) there is a colorable defense arising out of his duty to enforce federal law, and (2) there is a causal connection between what the officer has done under asserted official authority and the action against him. Magnin, 91 F.3d at 1427.

As to the first element, a removing defendant need only establish that the asserted defense is plausible. See id. The ultimate validity of the defense need not be "determined at the time of removal." Id. To satisfy the second element, the removing defendant must establish that the "acts being sued upon were taken by a federal officer" or someone acting thereunder and "that those acts were under color of the relevant federal office." Ryan v. Dow Chem. Co., 781 F. Supp. 934, 938 (E.D.N.Y. 1992). For a person to be considered acting under an officer, it must be established that he is acting "pursuant to an officer's direct orders or to comprehensive and detailed regulations." Id. at 947. Merely acting "under the general auspices of a federal" officer is not sufficient. Id.

Section 1442 is not to be read too narrowly. See Willingham v. Morgan, 395 U.S. 402, 406-07 (1969). Section 1442 is at least broad enough to ensure a federal forum for federal officers, or those acting thereunder, who are "'entitled to raise a defense arising out of his official duties.'" Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 398 (5th Cir. 1998) (quoting Arizona v. Manypenny, 451 U.S. 232, 241 (1981)).

In Winters, the court considered whether the district court properly denied the plaintiff's motion to remand. There, the defendants had supplied the federal government with Agent

Orange. The government contracted for a specific chemical mixture, inspected the labeling, and the defendants were compelled to provide the Agent Orange or face criminal sanctions. The court held that the case was properly removed pursuant to 28 U.S.C. § 1442, reasoning that the "government maintained strict control over the development and subsequent production of Agent Orange." Winters, 149 F.3d at 399.

In the instant case, Firestone alleges that it acted under the authority of the United States Army, that "the United States approved reasonably precise specifications" for the corporal missiles, that the missiles conformed to those specifications, and that Firestone warned the United States about possible dangers that might arise from the use of the missiles. In addition, Firestone alleges that "the material aspects of the design and production of the corporal missiles were reviewed, approved and subject to the specifications and control of the government." Notwithstanding these allegations, Firestone has made no effort to demonstrate any particulars indicating the nature of the missiles' specifications. Indeed, there is not even a conclusory allegation that the use of asbestos insulation was required or approved by the United States Army.

Firestone's assertions merely track the generic standard for the government contractor defense, see Boyle v. United Techs. Corp., 487 U.S. 500, 512 (1988), and fall short of adequately establishing the applicability of federal officer jurisdiction. While a removing defendant need not prove the proffered federal defense in response to a motion to remand, see Willingham v. Morgan, 395 U.S. 402, 407 (1969), more is required than the mere regurgitation

AO 72A
(Rev.8/82)

of the generic standard for the government contractor defense as set forth in Boyle.[3] To hold otherwise would open the Section 1442 removal door to manufacturers and vendors of military and other equipment systems who merely recite generically the criteria/elements of the government contractor defense. Firestone has thus failed to adequately establish that this Court has subject matter jurisdiction pursuant to federal officer jurisdiction.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Plaintiff's Motion to Remand (Dkt. 18) is **GRANTED**.

2. The Clerk is **DIRECTED** to remand this case to the Circuit Court, Fourth Judicial Circuit of Florida in and for Duval County.

**DONE AND ORDERED**, at Jacksonville, Florida, this 20th day of February, 2002.

_____
RALPH W. NIMMONS, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of record
           Pro se party, if any

---

[1] Firestone cites Bentzlin v. Hughes Aircraft Co., 833 F. Supp. 1486, 1487 (C.D. Cal. 1993), in which the plaintiffs claimed that manufacturing defects caused a missile fired during the Gulf War to deviate from its intended target and strike a group of Marines. The court granted the defendants' motion to dismiss, relying upon: (1) the government contractor defense; (2) the government contract defense for combatant activities; (3) the government's assertion of the state secrets privilege; and (4) the political question doctrine. See id. at 1488, 1492, 1495, 1497. In applying the government contractor defense, the court held that such defense "necessarily extends to manufacturing defect claims" against manufacturers of equipment designed to be used exclusively in combat and "which have no civilian analog." Id. at 1489. The court appears to have assumed that the government is inevitably intimately involved in the design of any equipment meeting this standard. This Court, however, is not prepared to take judicial notice of intimate government involvement in the design of the corporal missile. In Boyle, the Supreme Court recognized that state law, which holds manufacturers liable for design defects, will not always be displaced by the government contractor defense. See Boyle, 487 U.S. at 512. The Court held that the government contractor defense will only displace state law where, *inter alia*, "the design feature in question was considered by a Government officer, and not merely by the contractor." Id. Firestone has not asserted that the Army specified the use of asbestos insulation; it has only generically recapitulated the government contractor defense standard.

Courtroom Deputy Clerk
Judicial Assistant
Law Clerk

F:\DOCS\JAX\CIVIL\01-1443.remands.wpd