FILED
JAN 1 1 2002
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Albert V. Ewan and Frances Ewan, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Owens-Illinois, Inc., et al., ) <br> ) <br> Defendants. ) | C/A No.: 2:01-4388-24 |
| James E. Bass and Helen A. Bass, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Owens-Illinois, Inc., et al., ) <br> ) <br> Defendants. ) | C/A No.: 2:01-4455-24  32 <br> MDL- 875 <br> RECOMMENDED ACTION <br> VACATE CTO-209 + HSO - 2 ACTIONS <br> Approved/Date: ___ |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
FEB 27 2002
FILED
CLERK'S OFFICE

**ORDER**

These actions are brought by Plaintiffs Albert V. Ewan and Frances Ewan and James E. Bass and Helen A. Bass, respectively, seeking compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs Albert V. Ewan and Frances Ewan filed a summons and complaint on October 17, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4014. Plaintiffs James E. Bass and Helen a. Bass filed a summons and complaint on October 24, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4112.

In the Ewan case, counsel for Defendants ACandS, Inc.; Owens-Illinois, Inc.; Kaiser Refractories, Inc.; and Kaiser Aluminum & Chemical Corp., "acting for themselves and the other

IMAGED MAR 5 '02

proper defendants," filed a Notice of Removal to this court on November 13, 2001, on the basis of diversity jurisdiction. In the <u>Bass</u> case, counsel for Defendant ACandS, Inc.; Owens-Illinois, Inc.; and Minnesota Mining and Manufacturing Company, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on November 19, 2001, on the basis of diversity jurisdiction. Both Notices of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On December 13, 2001, Plaintiffs filed a joint motion to remand these cases to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). Defendant Dresser Industries, Inc. filed a response to Plaintiffs' motion in the <u>Ewan</u> case. No Defendant filed a response to the motion in the <u>Bass</u> case.

Counsel for Plaintiffs informed the court by letter dated January 3, 2002 that he wished to withdraw the motion to remand with respect to the <u>Ewan</u> case. Therefore, the motion to remand is **moot** as to these Plaintiffs. The court therefore turns to the merits of the motion to remand with respect to the <u>Bass</u> case.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. <u>Richardson v. Phillip Morris, Inc.</u>, 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. <u>Freeman v. Bechtel</u>, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of

2

the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective in each of these cases.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent notice or consent, or other otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex.



3

AO 72A
(Rev. 8/82)

1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendants Amchem Products, Inc., CertainTeed Corporation, Dana Corporation, Union Carbide Corporation, and Ingersoll-Rand Company failed to timely file their consents to removal within the thirty (30) day time period. The record demonstrates that summonses and complaints in the Bass action were served upon Defendants Amchem Products, Inc.; Dana Corporation; and Ingersoll-Rand Company on October 29, 2001. Summonses and complaints were served upon Defendant CertainTeed Corporation on October 30, 2001, and upon Defendant Union Carbide Corporation on October 31, 2001. Plaintiffs' Motion to Remand to State Court, Exs. 2-4. On November 20, 2001, counsel for Defendants Amchem Products, Inc.; CertainTeed Corporation; Dana Corporation; and Union Carbide Corporation filed an affidavit indicating that these defendants consented to and joined in the removal of this case. (Doc. 2.) However, it does not appear that Defendant Ingersoll-Rand Company has filed any statement affirming that it consents to and joins in the removal of the Bass action. Accordingly, Plaintiffs' motion to remand is **granted** as to this case.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

January 10th, 2002.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FILED
JAN 11 2002
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

Jerry R. Fulmer and Yvonne Fulmer, )
) C/A No.: 2:01-4523-24
Plaintiffs, )
)
vs. )
) **ORDER**
ACandS, Inc., et al., )
)
Defendants. )
_____)

This action is brought by Plaintiffs Jerry R. Fulmer and Yvonne Fulmer, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on October 30, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4199.

Counsel for Defendants Amchem Products, Inc., CertainTeed Corporation; Dana Corporation, and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on November 27, 2001, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On December 13, 2001, Plaintiffs filed a motion to remand this cases to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F.

Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent

2

notice or consent, or other otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendant Harbison-Walker Refractories Company failed to timely file its consents to removal within the thirty (30) day time period. The record demonstrates that a summons and complaint was served upon Defendant Harbison-Walker Refractories Company on October 31, 2001. Plaintiffs' Motion to Remand to State Court, Ex. 1. On December 7, 2001, thirty-seven days after service, counsel for Defendant Harbison-Walker Refractories Company filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 34.) The affidavit was not filed timely. Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

January 10th, 2002.

3