JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2002

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:01-249-J

RONNIE D. BEAN,                           Plaintiff

v.

OWENS-CORNING FIBERGLASS CORP., et. al.       Defendants

TRIANGLE INSULATION AND
SHEETMETAL CO., INC.                 Defendant / Third-Party Plaintiff

v.

TENNESSEE VALLEY AUTHORITY, et. al.       Third-Party Defendants

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Third Party Defendant, the Tennessee Valley Authority ("TVA"), to dismiss for failure to state a claim. TVA properly removed this case from the McCracken Circuit Court after the Defendant / Third-Party Plaintiff, Triangle Insulation and Sheetmetal Co., Inc. ("Triangle") filed its third-party complaint. The third-party complaint was filed for purposes of apportionment and to state a claim of common law indemnity. TVA now seeks a dismissal of the complaint against them. The question before this court is whether Kentucky law prohibits Triangle from stating a common law claim against TVA.

### STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff. *See Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which

OFFICIAL FILE COPY IMAGED MAR 5 '02

would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

## DISCUSSION

In a parallel proceeding[1], Judge McKinley recently addressed this question. This Court has reviewed the opinion and adopts the reasoning it set forth.

> A claim has been asserted against TVA; therefore, if there is proof of fault on the part of TVA, an apportionment instruction is proper under Kentucky law. The only claim, however, that would preclude dismissal is the indemnity claim. Triangle cites the Kentucky Supreme Court case of *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d. 775 (2000), which held that common law indemnity was not abrogated by the adoption of comparative fault. While this is true, the facts of this case alleged in the Third Party Complaint do not support a claim of common law indemnity.
> 
> This area of the law has generated much confusion but the simple answer in this case is that the allegations of the Third Party Complaint do not state an indemnity claim. [Ronnie D. Bean] was allegedly exposed to asbestos while working at TVA. Even accepting as true Triangle's assertion that it was not a supplier or manufacturer of asbestos material, but only an installer, its fault, if any, in this case will be limited by comparative fault to that which the jury decides it directly caused through its own conduct.
> 
> An indemnity claim "is available to one exposed to liability because of the wrongful act of another wit who he/she is not in pari delicto." *Id.* at 780. Unlike the facts of the seminal case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), and the facts of *Degener* and the cases cited therein, the wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability.

**IT IS SO ORDERED** that:

1) TVA motion to dismiss is **GRANTED**
2) This case is remanded back to the McCracken Circuit Court.

This is the 17th day of December, 2001

Edward H. Johnston, Senior Judge
United States District Court

**ENTERED**
DEC 18 2001
JEFFREY A. PERSON, CLERK
BY _____ DEPUTY CLERK

---

[1] *Hall v. Owens- Corning Fiberglass*, No. 4:01CV-191-M, slip op. at 1-2.