UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:01CV-260-R

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2002

FILED
CLERK'S OFFICE

| | |
|---|---|
| HORACE GARLAND, et al. | PLAINTIFFS |
| v. | |
| TRIANGLE ENTERPRISES, INC., et al. | DEFENDANTS |
| TRIANGLE ENTERPRISES, INC. | DEFENDANT/ THIRD PARTY PLAINTIFF |
| v. | |
| TENNESSEE VALLEY AUTHORITY | THIRD PARTY DEFENDANT |

### ORDER

This matter having come before the Court on the motion of the Third Party Defendant to dismiss (dkt # 3), the Third Party Plaintiff having responded thereto (dkt # 14), a timely reply having been filed (dkt # 16), and the Court otherwise being sufficiently advised,

**IT IS ORDERED:**

The motion to dismiss (dkt # 3) is **GRANTED**. This matter is hereby **REMANDED** to McCracken County Circuit Court.

Entered this 12 day of December, 2001.

_____
Thomas B. Russell, Judge
United States District Court

cc: Counsel of record

OFFICIAL FILE COPY
IMAGED MAR 5 '02

ENTERED
DEC 18 2001
JEFFREY A. APPERSON, CLERK
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:01CV-260-R

HORACE GARLAND, et al.                                           PLAINTIFFS

v.

TRIANGLE ENTERPRISES, INC., et al.                               DEFENDANTS

                                    DEC 2 1 2001

TRIANGLE ENTERPRISES, INC.                                       DEFENDANT/
                                                        THIRD PARTY PLAINTIFF

v.

TENNESSEE VALLEY AUTHORITY                        THIRD PARTY DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Third Party Defendant, the Tennessee Valley Authority ("TVA"), to dismiss for failure to state a claim (dkt # 3). TVA properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) as an "agency" of the United States. *See Edwards v. TVA*, 255 F.3d 318, 322 (6th Cir. 2001)("TVA is a wholly-owned corporate agency and instrumentality of the United States.")(quotation and citation omitted). TVA removed after it was added as a third party defendant by Defendant/Third Party Plaintiff Triangle Enterprises, Inc. ("Triangle") for purposes of apportionment and to assert a claim of common law indemnity. TVA now seeks dismissal of the complaint against it, arguing that Triangle cannot state a claim for common law indemnity under Kentucky law.

## STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "there is no set of facts that would allow plaintiff to recover." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*,

1



38 F.3d 253, 258 (6th Cir. 1994). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999)(citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). However, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993)).

## DISCUSSION

Judge McKinley recently addressed this question in a parallel proceeding, and the Court adopts his reasoning in this case as well:

> A claim has been asserted against TVA; therefore, if there is proof of fault on the part of TVA, an apportionment instruction is proper under Kentucky law. The only claim, however, that would preclude dismissal is the indemnity claim. Triangle cites the Kentucky Supreme Court case of *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d 775 (2000), which held that common law indemnity was not abrogated by the adoption of comparative fault. While this is true, the facts of this case as alleged in the Third Party Complaint do not support a claim of common law indemnity.
>
> This area of the law has generated much confusion but the simple answer in this case is that the allegations of the Third Party Complaint do not state an indemnity claim. [Horace Garland] was allegedly exposed to asbestos while working at TVA [and other worksites in McCracken County]. Even accepting as true Triangle's assertion that it was not a supplier or manufacturer of asbestos material, but only an installer, its fault, if any, in this case will be limited by comparative fault to that which the jury decides it directly caused through its own conduct.
>
> An indemnity claim "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener*, 27 S.W.3d, at 780. Unlike the facts of the seminal case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), and the facts of *Degener*

2

and the cases cited therein, the wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability.

*Frances Dee Hall v. Owens-Corning Fiberglas, et al.*, 4:01CV-191-M, slip op. at 1-2.

Since the dismissal of TVA removes this Court's jurisdiction over this case, this matter will be remanded to McCracken Circuit Court.

This is the 17 day of December, 2001.

Thomas B. Russell, Judge
United States District Court

ENTERED
DEC 18 2001
JEFF ... PERSON, CLERK
BY
DEPUTY CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 28 2002

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:01CV-254-R

J. PAUL CARNEAL, et-al.                                             PLAINTIFFS

v.

OWENS-CORNING FIBERGLAS CORP., et al.                               DEFENDANTS

TRIANGLE INSULATION AND SHEETMETAL CO., INC.                        DEFENDANT/
                                                                    THIRD PARTY PLAINTIFF

v.

TENNESSEE VALLEY AUTHORITY, et al.                                  THIRD PARTY DEFENDANTS

## ORDER

This matter having come before the Court on the motion of the Third Party Defendant to dismiss (dkt # 3), the Third Party Plaintiff having responded thereto (dkt # 13), a timely reply having been filed (dkt # 14), and the Court otherwise being sufficiently advised,

**IT IS ORDERED:**

The motion to dismiss (dkt # 3) is **GRANTED**. This matter is hereby **REMANDED** to McCracken County Circuit Court.

Entered this 17 day of December, 2001.

                                                    _____
                                                    Thomas B. Russell, Judge
                                                    United States District Court

cc: Counsel of record

ENTERED
DEC 18 2001
JEFFREY A. APPERSON, CLERK
BY _____ DEPUTY CLERK

1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:01CV-254-R

J. PAUL CARNEAL, et al.                                         PLAINTIFFS

v.

OWENS-CORNING FIBERGLAS CORP., et al.                           DEFENDANTS

TRIANGLE INSULATION AND SHEETMETAL CO., INC.          DEFENDANT/
                                                      THIRD PARTY PLAINTIFF

v.

TENNESSEE VALLEY AUTHORITY, et al.          THIRD PARTY DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Third Party Defendant, the Tennessee Valley Authority ("TVA"), to dismiss for failure to state a claim (dkt # 3). TVA properly removed to this Court pursuant to 28 U.S.C. § 1442(a)(1) as an "agency" of the United States. *See Edwards v. TVA*, 255 F.3d 318, 322 (6th Cir. 2001)("TVA is a wholly-owned corporate agency and instrumentality of the United States.")(quotation and citation omitted). TVA removed after it was added as a third party defendant by Defendant/Third Party Plaintiff Triangle Insulation and Sheetmetal Co., Inc. a/k/a Triangle Enterprises, Inc. ("Triangle") for purposes of apportionment and to assert a claim of common law indemnity. TVA now seeks dismissal of the complaint against it, arguing that Triangle cannot state a claim for common law indemnity under Kentucky law.

### STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "there is no set of facts that would allow plaintiff to recover." *Persian Galleries, Inc. v. Transcontinental Ins. Co.*,

1

38 F.3d 253, 258 (6th Cir. 1994). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 691 (6th Cir. 1999)(citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). However, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993)).

## DISCUSSION

Judge McKinley recently addressed this question in a parallel proceeding, and the Court adopts his reasoning in this case as well:

> A claim has been asserted against TVA; therefore, if there is proof of fault on the part of TVA, an apportionment instruction is proper under Kentucky law. The only claim, however, that would preclude dismissal is the indemnity claim. Triangle cites the Kentucky Supreme Court case of *Degener v. Hall Contracting Corp.*, Ky., 27 S.W.3d 775 (2000), which held that common law indemnity was not abrogated by the adoption of comparative fault. While this is true, the facts of this case as alleged in the Third Party Complaint do not support a claim of common law indemnity.
>
> This area of the law has generated much confusion but the simple answer in this case is that the allegations of the Third Party Complaint do not state an indemnity claim. [J. Paul Carneal] was allegedly exposed to asbestos while working at TVA. Even accepting as true Triangle's assertion that it was not a supplier or manufacturer of asbestos material, but only an installer, its fault, if any, in this case will be limited by comparative fault to that which the jury decides it directly caused through its own conduct.
>
> An indemnity claim "is available to one exposed to liability because of the wrongful act of another with whom he/she is not in pari delicto." *Degener*, 27 S.W.3d, at 780. Unlike the facts of the seminal case of *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 224 S.W.2d 165 (1949), and the facts of *Degener*

and the cases cited therein, the wrongful acts of TVA, if any, will not expose Triangle to liability. It is only the wrongful acts of Triangle which will expose it to liability.

*Frances Dee Hall v. Owens-Corning Fiberglas, et al.*, 4:01CV-191-M, slip op. at 1-2.

Since the dismissal of TVA removes this Court's jurisdiction over this case, this matter will be remanded to McCracken Circuit Court.

This is the 17 day of December, 2001.

Thomas B. Russell, Judge
United States District Court

ENTERED
DEC 1 8 2001
JEFFREY A. PERSON, CLERK
BY
DEPUTY CLERK