JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER
## AND BRIEF IN SUPPORT THEREOF

Pursuant to Rule 12(d) of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, the plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on February 8, 2002, transferring these actions to the U.S. District Court of the Eastern District of Pennsylvania (MDL Docket No. 987) previously designated as the transferee district court for actions alleging asbestos related personal injury.  Plaintiffs aver as follows in support of this motion.

1.      These actions allege asbestos-related personal injuries and were originally filed in a Florida State Court against a number of defendants previously engaged in the manufacture and distribution of asbestos-containing products.

2.      Honeywell International, Inc. filed  notices of removal in seven of  these cases, *Holdiness*, *Curry*, *Lewis*, *Slaten*, *Blackburn*, *Williams*, and *Crumbley*  alleging bankruptcy jurisdiction pursuant to 28 U.S.C. §1452 (a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure.  General Motors Corporation and Ford Motor Company filed a notice of removal in the *Collins* case with near identical allegations. Contemporaneously with the Notices of Removal, Honeywell, General Motors, and Ford (hereinafter collectively referred to as "Removing Defendants") filed a Motion to Transfer pursuant to 28 U.S.C. §157 (b)(5) with the United States Bankruptcy Court for the District of Delaware.

IMAGED MAR  6 '02          OFFICIAL FILE COPY

3.      The plaintiffs have filed motions with the United States District Court for the Middle District of Florida, Jacksonville Division to remand the actions to the State Court based upon the belief that the Motions for Removal are procedurally defective under 28 U.S.C. § 1446. These motions are currently pending.

4.      After the removals took place, these actions were "provisionally transferred" to the venue of the Federal Mogul bankruptcy by the Honorable Alfred Wolin - presiding over this bankruptcy by assignment of the Third Circuit.  Judge Wolin set a briefing schedule in these cases as well as in the thousands of other similarly situated Plaintiffs' cases which were likewise removed by the Removing Defendants.

5.      Subsequently, Judge Wolin entered an Order, dated February 8, 2002, denying the Motions to Transfer the "Friction Products Claims" and remanding the Friction Products Claims to the state courts from which they were removed (see attached Exhibit A).

6.      On February 11, 2002, the United States Court of Appeals for the Third Circuit issued an Order temporarily granting Removing Defendants' Emergency Motion for Stay Pending Appeal (see attached Exhibit B).  These cases are stayed by the Third Circuit.

7.      The plaintiffs further submit the accompanying brief in support of this Motion.

UNITED STATES DISTRICT COURT
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
DOCKET NO. 875

**IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER CTO-210**

RE:     Edmond J. Collins v. General Motors Corporation, et al.,
        Docket No.: 3:01-cv-1370-J-21HTS
        United States District Court for the Middle District of Florida Jacksonville Division

        Tony Holdiness v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
        interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1461-J-16TEM
        United States District Court for the Middle District of Florida Jacksonville Division

        Johnny E. Curry v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
        interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1462-J-16TJC
        United States District Court for the Middle District of Florida Jacksonville Division

        James T. Lewis v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
        interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1463-J-16TJC
        United States District Court for the Middle District of Florida Jacksonville Division

        Robert P. Slaten, v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
        interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1464-J-16TEM
        United States District Court for the Middle District of Florida Jacksonville Division

        Benjamin C. Blackburn, deceased, v. Honeywell International, Inc., f/k/a AlliedSignal,
        Inc., successor-in-interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1465-J-16TJC
        United States District Court for the Middle District of Florida Jacksonville Division

        Archie B. Williams, jr., deceased, v. Honeywell International, Inc., f/k/a AlliedSignal,
        Inc., successor-in-interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1469-J-16TJC
        United States District Court for the Middle District of Florida Jacksonville Division

        Chandler J. Crumbley, deceased,  v. Honeywell International, Inc., f/k/a AlliedSignal,
        Inc., successor-in-interest to Bendix Corp. et al.,
        Docket No.: 3:01-cv-1470-J-16TJC
        United States District Court for the Middle District of Florida Jacksonville Division

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

THEREFORE, for the foregoing reasons, the plaintiffs respectfully move the Panel to

FILED
CLERK'S OFFICE

vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on February 8,

2002.

Respectfully submitted,

BROWN, TERRELL, HOGAN, ELLIS,
McCLAMMA & YEGELWEL, P.A.

_Anita Pryor_

WAYNE HOGAN, #142460
ANITA C. PRYOR, #0798916
8th Floor Blackstone Building
233 East Bay Street
Jacksonville, FL 32202
(904)632-2424
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Federal Express
to Mr. Michael J. Beck, Clerk of the Panel, One Columbus Circle, NE, Thurgood Marshall
Federal Judiciary Building, Room G-255, North Lobby, Washington, DC 20002-8004 and the
attached panel service list by U.S. Mail this 1st day of March, 2002.

_Anita Pryor_

ANITA C. PRYOR

PANEL SERVICE LIST (Excerpted from CTO-210)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Edmond J. Collins, et al. v. Rapid-American Corp., et al.*, M.D. Florida, C.A. No. 3:01-1370
*Harland D. Trimble v. ACandS, Inc., et al.*, M.D. Florida, C.A. No. 3:01-1445
*Jenny Holdiness, etc. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1461
*Johnny E. Curry, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1462
*James T. Lewis, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1463
*Robert P. Slaten, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1464
*Joyce Blackburn, etc. v. ACandS, Inc., et al.*, M.D. Florida, C.A. No. 3:01-1465
*Yvonne Williams, etc. v. Rapid-American Corp., et al.*, M.D. Florida, C.A. No. 3:01-1469
*Esther K. Crumbley, etc. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1470

Jean A. Bice
Bice, Cole, Glenny, Sanders &
Reichert
1333 S.E. 25th Loop, Suite 101
Ocala, FL 34471

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Sheila L. Birnbaum
Skadden, Arps, Slate, Meagher &
Flom
Four Times Square
New York, NY 10036

Michael R. Borasky
Eckert, Seamans, Cherin & Mellot
450 E. Las Olas Blvd.
Suite 800
Ft. Lauderdale, FL 33301

Steven R. Browning
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice, Cole, Glenny, Sanders &
Reichert
1333 S.E. 25th Loop, Suite 101
Ocala, FL 34471

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Holly K. Ennis
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Brickell Bayview Centre, Suite 3000
Miami, FL 33130

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Kayce L. Gisinger
Abowitz, Rhodes & Dahnke, P.C.
15 North Robinson, 10th Floor
P.O. Box 1937
Oklahoma City, OK 73101

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

William D. Harvard
Blasingame, Burch, Garrard, Bryant
& Ashley
P.O. Box 832
Athens, GA 30603

Donna L. Harvey
Law Office of Donna L. Harvey
640 Dearborn Street, West
Englewood, FL 34223

Jonathan C. Hollingshead
P.O. Box 712
Orlando, FL 32802

Caroline M. Iovino
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137

James G. Kennedy
Hood Law Firm
P.O. Box 1508
Charleston, SC 29402

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

PANEL SERVICE LIST (Cont.) MDL-875                    PAGE 2

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Eric L. Leach
Milton, Leach, Whitman, et al.
815 S. Main Street
Suite 200
Jacksonville, FL 32207

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

H. Roger Lutz
Lutz, Webb, Partridge, Bobo & Baitty
Two North Tamiami Trail
1 Sarasota Tower, Suite 500
Sarasota, FL 34236

Floyd L. Matthews, Jr.
Matthews & Hession
6 E. Bay Street
Suite 210
Jacksonville, FL 32202

Floyd L. Matthews, Jr.
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Gregory H. Maxwell
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Douglas H. Morford
Morford & Whitfield, P.A.
4040 Woodcock Drive, Suite 202
Jacksonville, FL 32207

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

H. F. Perritt, Jr.
P.O. Box 447
Jacksonville, FL 32201

G. M. Phillips
Robert H. Hood & Associates
172 Meeting Street
P.O. Box 1508
Charleston, SC 29402

Anita C. Pryor
Brown, Terrell, Hogan, Ellis, et al.
8th Floor Blackstone Building
233 East Bay Street
Jacksonville, FL 32202

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Scott A. Richman
Carlton Fields
450 S. Orange Avenue, Suite 500
P.O. Box 1171
Orlando, FL 32802

Roger W. Rizk
Roger W. Rizk, P.A.
6047 Nations Ford Road
Charlotte, NC 28217

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert B. Shaw
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11079
Columbia, SC 29211

Patricia Ryan Sher
Holland & Knight, LLP
50 N. Laura Street
Suite 3900
Jacksonville, FL 32202

Allan P. Sloan
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Larry D. Smith
Cabaniss, Smith, Toole & Wiggins
485 North Keller Road, Suite 401
P.O. Box 945401
Maitland, FL 32751

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Patricia M. Stanford
Patricia M. Stanford, P.A.
211 N. Liberty Street
Suite 3
Jacksonville, FL 32202

William T. Stone
Cole, Stone, Stoudemire, Morgan &
Dore
201 N. Hogan Street
Suite 200
Jacksonville, FL 32202

Gregory D. Swartwood
Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

H. Keith Thomerson
Hinshaw & Culbertson
50 North Laura Street
Suite 1800
Jacksonville, FL 32202

Michael T. Tomlin
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137

David G. Traylor, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

David W. Trench
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod
200 S. Biscanyne Boulevard
2500 First Union Financial Center
Miami, FL 33131

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Martin B. Unger
Unger, Acree, Weinstein, et al.
701 Peachtree Road
P.O. Box 4909
Orlando, FL 32802

J. B. Welch
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gil Whitaker
Law Office of Gil Whitaker
2929 Plummer Cove Road
Suite 1
Jacksonville, FL 32223

Norwood S. Wilner
Spohrer, Wilner, Maxwell &
Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Joseph C. Wilson, IV
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

M. Stephen Smith
Brickell,Bayview Center, Suite 3000
80 S.W. 8th Street
Miami, FL   33131

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                        :
                              :    CHAPTER 11
                              :
FEDERAL-MOGUL GLOBAL, INC.,   :
                              :    BANKRUPTCY NO. 01-10587
                              :
            Debtor.           :    (jointly administered)

## ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

EXHIBIT A

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

Alfred M. Wolin, U.S.D.J.

2

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No: 01-10578 (AMW))

Present:     Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ORDER_____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

_Signature_

Clerk

Dated: FEB 1 1 2002

PSC/cc: CL, EW, EI
        RM, AR, PK
        ME, JK, WW
        RP, JSG

A TRUE COPY,

_Signature_

ACTING CLERK

TOTAL P.00

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## PLAINTIFFS' BRIEF TO VACATE THE
## CONDITIONAL TRANSFER ORDER

### I.  PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional

Transfer Order (CTO-210) entered by the Judicial Panel on Multidistrict Litigation on February

8, 2002.  Pursuant to Panel Rule 7.4(d), this Motion and Brief to Vacate the Conditional Transfer

Order are being filed in support of plaintiffs' Notice of Opposition which was filed on February

14, 2002.

### II.  STATEMENT OF FACTS

Eight plaintiffs brought claims against various manufacturers and distributors of asbestos

products for asbestos-related injuries and deaths due to their exposure to these products.  Despite

the fact that all eight cases were filed in state court against *multiple* defendants, Defendant,

Honeywell International, Inc.  filed notices of removal, without consent of its co-defendants, in

seven[1] of the cases, alleging bankruptcy jurisdiction pursuant to 28 U.S.C. §1452(a) and Rule

9027 of the Federal Rules of Bankruptcy Procedure.   Likewise in identical fashion, General

Motors Corporation and Ford Motor Company filed a notice of removal, without consent of their

co-defendants, in one case[2]. Contemporaneously with the Notices of Removal, Honeywell

International, Inc., General Motors Corporation, and Ford Motor Company (hereinafter

collectively referred to as "Removing Defendants") filed Motions to Transfer in each case

pursuant to 28 U.S.C. §157 (b)(5) with the United States Bankruptcy Court for the District of

Delaware.  On February 8, 2002, Judge Alfred M. Wolin issued an Order in the United States

---

[1]  The seven cases are *Holdiness, Curry, Lewis, Slaten, Blackburn, Williams*, and *Crumbley*.

[2]  The one case is *Collins*.

District Court for the District of Delaware denying the Motions to Transfer the friction product

claims and remanding the claims to the State Courts from which they were removed (see Exhibit

A). On February 11, 2001, the United States Court of Appeals for the Third Circuit issued an

Order temporarily granting Removing Defendants' Emergency Motion for Stay Pending Appeal.

(see Exhibit B). On February 8, 2002, the Panel issued a Conditional Transfer Order (CTO-210)

and pursuant to Panel Rule 7.4(b), plaintiffs filed their Notice of Opposition to the Conditional

Transfer Order on February 14, 2002. Now, pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d),

plaintiffs file this Motion and Brief to Vacate the Conditional Transfer Order. This submission is

being filed within 15 days of the filing of the Notice of Opposition. For the reasons stated below,

the Conditional Transfer Order should be vacated because these eight cases which were removed

by Removing Defendants, provisionally transferred to the bankruptcy court of the United States

District Court for the District of Delaware, then remanded to state court by Judge Wolin, are

now stayed by the Third Circuit Court of Appeal.

### III. ARGUMENT

All eight of these asbestos personal injury cases, filed in state court, were improperly

removed to the United States District Court for the Middle District of Florida, Jacksonville

Division by the Removing Defendants. Plaintiffs' complaints allege claims arising under Florida

law exclusively. There is no dispute about this fact. The Removing Defendants, without the

consent of their co-defendants, allegedly removed only part of each case, the friction claims,

citing bankruptcy "related to" jurisdiction under 28 U.S.C. §1452(a) and Rule 9027 of the

Federal Rules of Bankruptcy Procedure, based upon the bankruptcy proceeding of Federal Mogul

Global, Inc. Because the absence of federal subject matter jurisdiction is apparent from the face

of the pleadings filed by the Removing Defendants and due to various other defects in the

Notices of Removal, Plaintiffs submitted Motions for Remand in the United States District Court for the Middle District of Florida, Jacksonville Division.[3]

After the removals took place, these actions were "provisionally transferred" to the venue of the Federal Mogul bankruptcy by the Honorable Alfred Wolin, presiding over this bankruptcy by assignment of the Third Circuit.

Subsequently, Judge Wolin entered an Order, dated February 8, 2002, 1) Denying the Motions to Transfer the "Friction Products Claims" and 2) Remanding the Friction Products Claims to the State Courts from which they were removed (see Exhibit A).

On February 11, 2002, the United States Court of Appeals for the Third Circuit temporarily granted Removing Defendants' Emergency Motion for Stay of Judge Wolin's Order Pending Appeal (see Exhibit B). While Plaintiffs do not concede to the jurisdiction of the District Court in Delaware or the jurisdiction of the bankruptcy court , the Third Circuit has stayed these cases. If by some reason the Third Circuit reviews and reverses Judge Wolin's remand order, the MDL cannot have jurisdiction in these cases if the bankruptcy court is found to have jurisdiction. The MDL traditionally has not taken jurisdiction when there is a bankruptcy involved. A multi-district transfer at this point would create a jurisdictional tug-of-war between the panel (under 28 USC §§1407) and the United States District Court for the District of

---

[3] Aside from the fact that Judge Wolin remanded these cases back to state court, Plaintiffs expect to prevail on the merits of their Remand Motions for numerous reasons. All of these arguments are set forth in Plaintiffs' Motions for Remand, but the obvious and most compelling reasons are these: the District Courts lack any basis for subject matter jurisdiction because the type of direct claims that Plaintiffs assert here against these solvent co-defendants have been repeatedly found to be too far removed from the bankrupt estate to support the exercise of jurisdiction; and even if jurisdiction existed, the doctrine of mandatory abstention would require the Courts to decline to exercise it. All of the criteria set out in the mandatory abstention doctrine have been met here. Because that provision bars the District Courts from considering these cases even if they have jurisdiction, the Courts should use their equitable power to remand these cases.

Delaware under 28 USC §§157 (b)(5)) and create even more confusion than already exists in these cases. And further, it would immeasurably delay the prosecution of these cases. As it has done in previous instances of this sort, the Panel should decline to transfer these cases in light the stay issued by the Third Circuit, the remand Order issued by Judge Wolin and the pending Remand Motions to be decided by the United States District Court for the Middle District of Florida, Jacksonville Division.[4] It is well settled, that in MDL conditional transfers, the original district court retains jurisdiction to rule on remand motions.[5]

The United States Supreme Court strongly endorses the importance of a court deciding - for itself - jurisdictional issues.[6] Thus, a jurisdictional issue must be resolved *before* deciding

---

[4] Rule of Procedure 1.5, Judicial Panel on Multidistrict Litigation; *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975)(a transfer under 28 U.S.C. 1407 cannot be made unless the district court properly has jurisdiction of the subject matter of the case);*In re Showa Denko K.K. L-Tryptophan Products Liability Litig.-II,* 953 F.2d 162, 165 (4th Cir.1992) ("The authority for consolidating cases on the order of the judicial panel of multi-district litigation, however, is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred.... [N]owhere does it expand the jurisdiction of either the transferor or the transferee court."); *United States v. Brandt Constr. Co.,* 826 F.2d 643, 647 (7th Cir.1987)(28 U.S.C. 1407 "requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion'"); *Dorsey v. Manufacturers Life Ins. Co.*1997 WL 703354 (E.D.La.,1997)(same, following *Brandt*); *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1115 n. 8 (W.D.Ky.2000) (holding that "the jurisdictional issue *must* be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Meyers v. Bayer AG,* 143 F.Supp.2d 1044, 1048-49 (E.D.Wis.2001)(a court should attend to a motion to remand prior to transferring a case under 28 U.S.C. 1407); *In re L. E. Lay & Co. Antitrust Litigation,* 391 F.Supp. 1054. (Jud.Pan.Mult.Lit.1975)(principles of comity dictate that the Panel will be reluctant to transfer a case while an important motion is pending before the transferee court).

[5] *In Re Asbestos Product Liability Litigation (No. IV)*, 1996 WL 14826 (Jud. Panel. Mult. Lit.) at fn. 2 (Since "there is a lag time of at least three or four months" . . . "those courts wishing to address such [remand] motions have adequate time to do so"); *Faulk v. Owens-Corning*, 48 F. Supp. 2d 653, 657 n. 2 (E.D. Tex. 1999) ("This court has jurisdiction to determine plaintiffs' motion to remand. *See* Panel Rule 1.5, 818 F.R.D. 1, 3 (1998).").

[6] *Steel Company v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998)

whether to stay or transfer the case to the MDL panel.[7] In these cases, the jurisdictional issue(s) have not been resolved. Plaintiffs' Motions for Remand are currently pending before the United States District Court for the Middle District of Florida, Jacksonville Division.

This Panel should refrain from finally transferring these cases to MDL-875 until the Third Circuit has lifted its Stay and until Plaintiffs' Motions for Remand in these cases have been ruled upon by District Court. The federal courts have no jurisdiction over these cases, so transfer at this juncture would be improper.

THEREFORE, for the foregoing reasons, Plaintiffs move under Rule 7.4(d) that Conditional Transfer Order-210 be vacated, the transfer be denied, and that these cases remain in the Transferee Court.

Respectfully submitted,

BROWN, TERRELL, HOGAN, ELLIS, McCLAMMA & YEGELWEL, P.A.

WAYNE HOGAN, #142460
ANITA C. PRYOR, #0798916
8th Floor Blackstone Building
233 East Bay Street
Jacksonville, FL 32202
(904)632-2424
Attorneys for Plaintiffs

---

[7] *Aetna U.S. Healthcare, Inc. v. Aktiengesellschaft, Inc.* 48 F.Supp.2d 37, 39 (D.D.C., 1999) (deciding whether removal was proper before deciding whether to stay pending ruling by Judicial Panel on Multidistrict Litigation); *Good v. Prudential Ins.* 5 F.Supp.2d 804, 809 (N.D.Cal., 1998) (Discussing motion to remand before motion to stay and finding stay proper after finding remand improper).

UNITED STATES DISTRICT COURT
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
DOCKET NO. 875

**IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER CTO-210**

RE:   Edmond J. Collins v. General Motors Corporation, et al.,
       Docket No.: 3:01-cv-1370-J-21HTS
       United States District Court for the Middle District of Florida Jacksonville Division

       Tony Holdiness v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
       interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1461-J-16TEM
       United States District Court for the Middle District of Florida Jacksonville Division

       Johnny E. Curry v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
       interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1462-J-16TJC
       United States District Court for the Middle District of Florida Jacksonville Division

       James T. Lewis v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
       interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1463-J-16TJC
       United States District Court for the Middle District of Florida Jacksonville Division

       Robert P. Slaten, v. Honeywell International, Inc., f/k/a AlliedSignal, Inc., successor-in-
       interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1464-J-16TEM
       United States District Court for the Middle District of Florida Jacksonville Division

       Benjamin C. Blackburn, deceased, v. Honeywell International, Inc., f/k/a AlliedSignal,
       Inc., successor-in-interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1465-J-16TJC
       United States District Court for the Middle District of Florida Jacksonville Division

       Archie B. Williams, jr., deceased, v. Honeywell International, Inc., f/k/a AlliedSignal,
       Inc., successor-in-interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1469-J-16TJC
       United States District Court for the Middle District of Florida Jacksonville Division

       Chandler J. Crumbley, deceased,  v. Honeywell International, Inc., f/k/a AlliedSignal,
       Inc., successor-in-interest to Bendix Corp. et al.,
       Docket No.: 3:01-cv-1470-J-16TJC
       United States District Court for the Middle District of Florida Jacksonville Division

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| FEDERAL-MOGUL GLOBAL, INC., | : | BANKRUPTCY NO. 01-10587 |
| | : | (jointly administered) |
| Debtor. | : | |

### ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.

2

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No: 01-10578 (AMW))

Present:    Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

## ORDER

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

_signature_
Clerk

Dated: FEB 1 1 2002
cc/cc: CL, EW, EI
        RM, AR, PK
        ME, JK, WW
        RP, JSG

A TRUE COPY
_signature_
ACTING CLERK

TOTAL P.03

EXHIBIT B

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by Federal Express to Mr. Michael J. Beck, Clerk of the Panel, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington, DC 20002-8004 and the attached panel service list by U.S. Mail this 1st day of March, 2002.

ANITA C. PRYOR

**PANEL SERVICE LIST (Excerpted from CTO-210)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Edmond J. Collins, et al. v. Rapid-American Corp., et al.*, M.D. Florida, C.A. No. 3:01-1370
*Harland D. Trimble v. ACandS, Inc., et al.*, M.D. Florida, C.A. No. 3:01-1445
*Jenny Holdiness, etc. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1461
*Johnny E. Curry, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1462
*James T. Lewis, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1463
*Robert P. Slaten, et al. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1464
*Joyce Blackburn, etc. v. ACandS, Inc., et al.*, M.D. Florida, C.A. No. 3:01-1465
*Yvonne Williams, etc. v. Rapid-American Corp., et al.*, M.D. Florida, C.A. No. 3:01-1469
*Esther K. Crumbley, etc. v. Owens-Corning Fiberglas Corp., et al.*, M.D. Florida, C.A. No. 3:01-1470

Jean A. Bice
Bice, Cole, Glenny, Sanders &
Reichert
1333 S.E. 25th Loop, Suite 101
Ocala, FL 34471

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Sheila L. Birnbaum
Skadden, Arps, Slate, Meagher &
Flom
Four Times Square
New York, NY 10036

Michael R. Borasky
Eckert, Seamans, Cherin & Mellot
450 E. Las Olas Blvd.
Suite 800
Ft. Lauderdale, FL 33301

Steven R. Browning
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice, Cole, Glenny, Sanders &
Reichert
1333 S.E. 25th Loop, Suite 101
Ocala, FL 34471

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Holly K. Ennis
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Brickell Bayview Centre, Suite 3000
Miami, FL 33130

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Kayce L. Gisinger
Abowitz, Rhodes & Dahnke, P.C.
15 North Robinson, 10th Floor
P.O. Box 1937
Oklahoma City, OK 73101

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

William D. Harvard
Blasingame, Burch, Garrard, Bryant
& Ashley
P.O. Box 832
Athens, GA 30603

Donna L. Harvey
Law Office of Donna L. Harvey
640 Dearborn Street, West
Englewood, FL 34223

Jonathan C. Hollingshead
P.O. Box 712
Orlando, FL 32802

Caroline M. Iovino
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137

James G. Kennedy
Hood Law Firm
P.O. Box 1508
Charleston, SC 29402

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

PANEL SERVICE LIST (Cont.) MDL-875                                          PAGE 2

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Eric L. Leach
Milton, Leach, Whitman, et al.
815 S. Main Street
Suite 200
Jacksonville, FL 32207

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

H. Roger Lutz
Lutz, Webb, Partridge, Bobo & Baitty
Two North Tamiami Trail
1 Sarasota Tower, Suite 500
Sarasota, FL 34236

Floyd L. Matthews, Jr.
Matthews & Hession
6 E. Bay Street
Suite 210
Jacksonville, FL 32202

Floyd L. Matthews, Jr.
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Gregory H. Maxwell
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Douglas H. Morford
Morford & Whitfield, P.A.
4040 Woodcock Drive, Suite 202
Jacksonville, FL 32207

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

H. F. Perritt, Jr.
P.O. Box 447
Jacksonville, FL 32201

G. M. Phillips
Robert H. Hood & Associates
172 Meeting Street
P.O. Box 1508
Charleston, SC 29402

Anita C. Pryor
Brown, Terrell, Hogan, Ellis, et al.
8th Floor Blackstone Building
233 East Bay Street
Jacksonville, FL 32202

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Scott A. Richman
Carlton Fields
450 S. Orange Avenue, Suite 500
P.O. Box 1171
Orlando, FL 32802

Roger W. Rizk
Roger W. Rizk, P.A.
6047 Nations Ford Road
Charlotte, NC 28217

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert B. Shaw
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11079
Columbia, SC 29211

Patricia Ryan Sher
Holland & Knight, LLP
50 N. Laura Street
Suite 3900
Jacksonville, FL 32202

Allan P. Sloan
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Larry D. Smith
Cabaniss, Smith, Toole & Wiggins
485 North Keller Road, Suite 401
P.O. Box 945401
Maitland, FL 32751

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Patricia M. Stanford
Patricia M. Stanford, P.A.
211 N. Liberty Street
Suite 3
Jacksonville, FL 32202

William T. Stone
Cole, Stone, Stoudemire, Morgan &
Dore
201 N. Hogan Street
Suite 200
Jacksonville, FL 32202

Gregory D. Swartwood
Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750

PANEL SERVICE LIST (Cont.) MDL-875                                   PAGE 3

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

H. Keith Thomerson
Hinshaw & Culbertson
50 North Laura Street
Suite 1800
Jacksonville, FL 32202

Michael T. Tomlin
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137

David G. Traylor, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

David W. Trench
Bilzin, Sumberg, Dunn, Baena, Price
& Axelrod
200 S. Biscanyne Boulevard
2500 First Union Financial Center
Miami, FL 33131

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Martin B. Unger
Unger, Acree, Weinstein, et al.
701 Peachtree Road
P.O. Box 4909
Orlando, FL 32802

J. B. Welch
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gil Whitaker
Law Office of Gil Whitaker
2929 Plummer Cove Road
Suite 1
Jacksonville, FL 32223

Norwood S. Wilner
Spohrer, Wilner, Maxwell &
Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Joseph C. Wilson, IV
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

M. Stephen Smith
Brickell Bayview Center, Suite 3000
80 S.W. 8th Street
Miami, FL 33131