**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

FILED
CLERK'S OFFICE

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### EL DORADO DIVISION

LARRY RUSSELL;  RAYE ANDERSON;
LARRY ARNOLD;  LEONARD BENTON;
PRADIS BENTON;  J.J. BLACK;
GORDON BLAKESLEY;  CHARLIE CHEATHAM;
MARY COKE;  GLADYS DANIELS;
JACKIE DAVIS;  KEN DAVIS;
ANNA DICKENSON;  RAYMOND FLOW;
FREDDEY FOSTER;  JESSE GEORGE;
MARK GIBSON;  DONALD GOODWIN, SR.;
FRANKLIN GREEN;  JOHN GREEN;
VIOLA HILYARD;  WARREN HOOKS;
DONETTA HULL;  JOHN JOHNSON;
BILL KALDEM; RONNIE LANG;
MARVIN MCCALL;  LARRY MCCURRY;
MICHAEL MEEKS;  MELVA MILES;
LINDA MODICA;  TRUMAN ORR;
ROBERT RUFF;  JIMMY SANDERS;
RICHARD SANDERS;  ROGER SELMON;
JOE THOMPSON; and LINDA YARBROUGH;

**PLAINTIFFS**

         v.           Civil No. 01-1162

A.W. CHESTERTON CO.; AC&S, INC.;
ALLIED SIGNAL, INC.; ANCHOR PACKING
COMPANY, INC.; ARMSTRONG WORLD INDUSTRIES,
INC.; ASBESTOS CLAIMS MANAGEMENT FACILITY
(NATIONAL GYPSUM COMPANY); CERTAINTEED CORP.;
COMBUSTION ENGINEERING; CROWN CORK &
SEAL COMPANY, INC.; DANA CORPORATION; DARRAGH
COMPANY; DRESSER INDUSTRIES, INC.;
FLEXITALLIC, INC.; THE FLINTKOTE
COMPANY; GAF CORPORATION; GARLOCK, INC.;
GENERAL REFRACTORIES COMPANY; INGERSOLL-RAND
COMPANY; KAISER ALUMINUM AND CHEMICAL COMPANY;
MINNESOTA MINING & MANUFACTURING CORPORATION
(3M CORPORATION); MONSANTO CO.; NATIONAL
REFRACTORIES & MINERALS CORPORATION
(successor in interest to Kaiser Refractories);
NORTH AMERICAN REFRACTORY CO.; OWENS-ILLINOIS,
INC.; PNEUMO ABEX CORPORATION; RAPID
AMERICAN CORPORATION (successor by merger
to Philip Carey Manufacturing Co.); RILEY-STOKER,

MDL-875 RECOMMENDED ACTION

VACATE CTO-210 -- 4 ACTIONS (3 ORDERS)
Approved/Date: MK 3/4

This document entered on docket in
compliance with Rule 58 and/or

**OFFICIAL FILE COPY**

IMAGED MAR 6 '02    on 2-12-02 by CC

**9**

INC.; SEPCO CORPORATION; UNIROYAL, INC.; UNITED
STATES GYPSUM CORPORATION; U.S. MINERAL PRODUCT
COMPANY; W.R. GRACE & CO.--CONN; and
WESTINGHOUSE ELECTRIC CORPORATION                    **DEFENDANTS**

## O R D E R

Now on this ____*12*____ day of February, 2002, comes on for

consideration the **Plaintiffs' Motion To Remand Or Abstain**

(document #3), and the Court, finding that the issue of subject

matter jurisdiction over the claims of the removing defendant has

been resolved adversely to the removing defendant by the United

States District Court for the District of Delaware (Order

attached), hereby remands this matter to the Circuit Court of

Union County, Arkansas.

IT IS SO ORDERED.


**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**FEB 1 2 2002**

CHRIS R. JOHNSON, CLERK

BY
DEPUTY CLERK

-2-

AO 72A
(Rev.8/82)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK'S OFFICE

In re:                          :
                                :   CHAPTER 11
                                :                        78
FEDERAL-MOGUL GLOBAL, INC.,     :   BANKRUPTCY NO. 01-10597 Dv
                                :   (jointly administered)
               Debtor.          :

## ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products
Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction
over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to
the state courts from which they were removed pursuant to 28
U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products
Claims are remanded to the state courts from which they were
removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.

2

MAR-01-2002 12:09    US DISTRICT COURT OFFICE                    P.06/13

Case MDL No. 875   Document 3478   Filed 03/04/02   Page 5 of 12   JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

FILED
CLERK'S OFFICE

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

GERALD DUNCAN; BUDDY GABBARD;
JAMES HILL; ROSA LEE LAYNE,
Personal Representative of the
Estate of Alton Layne, Deceased;
ARLEN BILBREY; and KAREN NORVELL,
Personal Representative of the
Estate of John Edgar Norvell,
Deceased                                                    **PLAINTIFFS**

v.   Civil No. 01-5255 & Civil No. 01-5257

A.W. CHESTERTON CO.; AC&S, INC.;
ALLIED SIGNAL, INC.; ANCHOR PACKING
COMPANY, INC.; CERTAINTEED CORP.;
CHRYSLER MOTORS CORPORATION; COMBUSTION
ENGINEERING; DANA CORPORATION; DARRAGH
COMPANY; FLEXITALLIC, INC.; THE
FLINTKOTE COMPANY; GARLOCK, INC.;
GENERAL MOTORS CORPORATION; INGERSOLL-
RAND COMPANY; KELLY-MOORE PAINT COMPANY,
INC.; MINNESOTA MINING & MANUFACTURING
CORPORATION (3M CORPORATION); MONSANTO
CO.; NORTH AMERICAN REFRACTORY CO.;
OWENS-ILLINOIS, INC.; PNEUMO ABEX
CORPORATION; RAPID AMERICAN CORPORATION
(successor by merger to Philip Carey
Manufacturing Co.); UNIROYAL, INC.;
UNITED STATES GYPSUM CORPORATION; and
WESTINGHOUSE ELECTRIC CORPORATION                          **DEFENDANTS**

## O R D E R

Now on this ___*12*___ day of February, 2002, comes on for

consideration the **Plaintiffs' Motion To Remand Or Abstain,** and the

Court, finding that the issue of subject matter jurisdiction over

the claims of the removing defendants has been resolved adversely

to the removing defendants by the United States District Court for

the District of Delaware (Order attached), hereby remands this

matter to the Circuit Court of Washington County, Arkansas.

IT IS SO ORDERED.

JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 1 2 2002

CHRIS R. JOHNSON, CLERK

BY _____
DEPUTY CLERK

This document entered on docket in
compliance with Rule 58 and 79 (a)
FRCP.

on 2-12-02 by _____

-2-

AO 72A
(Rev.8/82)

MAR-01-2002 12:09    US DISTRICT COURT OFFICE                              P.08/13

FEB 11 2002 23  Case MDL No. 875  Document 3478    Filed 03/04/02   Page 7 of 12
                                                                    JUDICIAL PANEL ON
                                                                 MULTIDISTRICT LITIGATION

                                                                   MAR - 4 2002

                                                                       FILED
                                                                   CLERK'S OFFICE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                          :
                                :       CHAPTER 11
FEDERAL-MOGUL GLOBAL, INC.,     :
                                :       BANKRUPTCY NO. 01-10597 _78_ JKF
            Debtor.             :       (jointly administered)

## ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

Alfred M. Wolin, U.S.D.J.

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT       MAR - 4 2002
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION                         FILED
                                           CLERK'S OFFICE

FRANK RAY COLE                                           PLAINTIFF

        v.              Civil No. 01-5258

A.W. CHESTERTON CO.; AC&S, INC.;
ALLIED SIGNAL, INC.; ANCHOR PACKING
COMPANY, INC.; ARMSTRONG WORLD INDUSTRIES,
INC.; ASBESTOS CLAIMS MANAGEMENT FACILITY
(NATIONAL GYPSUM COMPANY); CERTAINTEED CORP.;
COMBUSTION ENGINEERING; CROWN CORK & SEAL
COMPANY, INC.; DANA CORPORATION; DARRAGH
COMPANY; DRESSER INDUSTRIES, INC.; FOSTER
WHEELER CORP.; FLEXITALLIC, INC.; THE
FLINTKOTE COMPANY; GAF CORPORATION; GARLOCK,
INC.; GENERAL REFRACTORIES COMPANY; INGERSOLL-
RAND COMPANY; KAISER ALUMINUM AND CHEMICAL
COMPANY; MINNESOTA MINING & MANUFACTURING
CORPORATION (3M CORPORATION); MONSANTO
CO.; NATIONAL REFRACTORIES & MINERALS
CORPORATION (successor in interest to
Kaiser Refractories); NORTH AMERICAN
REFRACTORY CO.; OWENS-ILLINOIS, INC.;
PNEUMO ABEX CORPORATION; RAPID AMERICAN
CORPORATION (successor by merger to Philip Carey
Manufacturing Co.); RILEY STOKER, INC.;
SEPCO CORPORATION; UNITED STATES GYPSUM
CORPORATION; U.S. MINERAL PRODUCT CO.; W.R.
GRACE & CO.--CONN.; and
WESTINGHOUSE ELECTRIC CORPORATION                       DEFENDANTS

                        O R D E R

    Now on this ___/2___ day of February, 2002, comes on for

consideration the Plaintiffs' Motion To Remand Or Abstain

(document #2), and the Court, finding that the issue of subject

matter jurisdiction over the claims of the removing defendant has

been resolved adversely to the removing defendant by the United

AO 72A
(Rev.8/82)

7

States District Court for the District of Delaware (Order attached), hereby remands this matter to the Circuit Court of Benton County, Arkansas.

**IT IS SO ORDERED.**

**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

FEB 1 2 2002

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

This document entered on docket in compliance with Rule 58 and 79 (a), FRCP.

on _2-12-02_ by _____

-2-

AO 72A
(Rev.8/82)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 4 2002

FILED
CLERK'S OFFICE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:                          :

                                :     **CHAPTER 11**

FEDERAL-MOGUL GLOBAL, INC.,     :

                                :     **BANKRUPTCY NO. 01-10597 DvG**

          Debtor.              :     **(jointly administered)**

## ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products Claims are remanded to the state courts from which they were removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.