JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

| | | |
|---|---|---|
| In re: | § | MDL 875 |
| | § | |
| Asbestos Product Liability Litigation (No. VI) | § | |

---

*This Document Relates To:*

| | | |
|---|---|---|
| VARIOUS PLAINTIFFS (*see attached* | § | |
| schedule (*Ex. A)).* | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | |
| DAIMLER CHRYSLER, FORD MOTOR | § | Case Numbers: *See Attached Schedule* |
| COMPANY and GENERAL MOTORS | § | (Ex. A) |
| CORPORATION, | § | |
| | § | |
| *Defendants.* | § | |

## RESPONSE OF DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY, AND GENERAL MOTORS CORPORATION TO PLAINTIFFS' MOTIONS TO VACATE CTO-210

DaimlerChrysler Corporation, Ford Motor Company, and General Motors

Corporation request that the Panel deny Plaintiffs' Motions to Vacate CTO-210 and transfer the

friction product claims against the automobile manufacturers that are the subject of CTO-210 (as

well as all other friction product claims removed by the automobile manufacturers) to the Honorable

Alfred M. Wolin to assist in enforcing the Provisional Transfer Order entered by Judge Wolin on

December 10, 2001.[1]  Under Judge Wolin's order, these and all other friction product claims against

---

[1] On February 22, 2002, certain plaintiffs represented by the Paul, Reich & Myers firm filed a motion to vacate CTO-210 based on Judge Wolin's February 8 remand order even though that order has been stayed
(continued...)

**OFFICIAL FILE COPY** IMAGED MAR 1 3 '02

the automobile manufacturers have been provisionally transferred to the United States District Court

for the District of Delaware and are now before the United States Court of Appeals for the Third

Circuit on appeal.   Nonetheless, because plaintiffs refuse to accept that order and have taken

affirmative steps to circumvent and undermine that order, conditional transfer to Judge Wolin by this

Panel is necessary to assist in enforcing Judge Wolin's provisional transfer order.   Accordingly, the

automobile manufacturers request that the Panel enter an order transferring these and all other

friction product claims against them to the District of Delaware pending a final ruling by the Third

Circuit.

I.      **The Automobile Manufacturers' Transfer Motion and Judge Wolin's Provisional
        Transfer Order.**

On November 20, 2001, the automobile manufacturers filed with the United States

District Court for the District of Delaware a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer all

friction product claims pending against the automobile manufacturers to the Delaware federal court

for consolidated resolution within the Chapter 11 proceedings involving Federal-Mogul, a supplier

of friction products to the automobile manufacturers.   Following the model established in the *Dow*

*Corning* breast implant litigation, at the same time, the automobile manufacturers removed the

friction product claims against them to various federal courts pursuant to 28 U.S.C. § 1452 in order

---

[1] (...continued)
by the Third Circuit.  (2/22/02 Motion to Vacate.)  On February 25, 2002, certain plaintiffs represented by
the Baron & Budd firm filed a Motion to Vacate CTO-210.  Certain parties have also filed notices of
opposition to transfer.  On February 18, 2002, Brent Coon & Associates filed a notice of opposition to
transfer of *Jones v. AcandS et al.*, No. H-01-4061 (S.D. Tex.).  On February 25, 2002, Roussel & Roussel
filed a notice of opposition to transfer of *Douglas et al. v. Allied-Signal, Inc. et al.*, Nos. 01-3657 and 01-
3849 (E.D. La.).  There may be other notices of opposition or motions to vacate that may have been filed
concerning which the automobile manufacturers are unaware.  This Response is intended to respond to all
motions to vacate CTO-210.

to facilitate transfer to the District of Delaware. *See, e.g., In re Dow Corning Corp.*, No. 95-20512, 1995 WL 495978, at *2 (Bankr. E.D. Mich. Aug. 1995) (discussing procedures followed in *Dow Corning* breast implant litigation).

On November 27, 2001, Chief Judge Edward Becker of the United States Court of Appeals for the Third Circuit designated Judge Alfred M. Wolin of the United States District Court for the District of New Jersey as a judge of the United States District Court for the District of Delaware for the specific purpose of ruling on the motions being filed in Delaware. Chief Judge Becker stated it was his "considered judgment that these bankruptcy cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented." (11/27/01 Order (Ex. B).)

Soon thereafter, Judge Wolin granted the automobile manufacturers' request for a provisional transfer order to "preserve the *status quo*" pending a final ruling on the automobile manufacturers' transfer motion. (12/10/01 Provisional Transfer Order at 1 (Ex. C).) A similar provisional transfer order was entered in the *Dow Corning* litigation. *See In re Dow Corning Corp.*, 1995 WL 495978, at *2 (observing that court had entered an order provisionally transferring claims brought against the "implant co-defendants").

In subsequent rulings, Judge Wolin made clear that plaintiffs should raise issues relating to remand in briefing on the transfer motion pending in Delaware. For example, in his December 21 Case Management Order, Judge Wolin stated that plaintiffs may "in the course of briefing their opposition to the Transfer Motions, raise arguments directed to the subject matter jurisdiction of this Court and/or the propriety of remand to the several state courts in which the Friction Product Claims were originally pending." (12/21/01 Case Management Order at 3-4 (Ex.

D).) Indeed, pursuant to the briefing schedule established by Judge Wolin, on January 7 plaintiffs submitted lengthy briefs in opposition to the transfer motion, which argued that all of the friction product claims that were subject to Judge Wolin's provisional transfer order should be remanded to state court.

On February 8, 2002, Judge Wolin entered an order purporting to "remand" the claims directly to state courts all around the country. (2/8/02 Order (Ex. E).) However, on February 11, 2002, before the District of Delaware carried out any such "remands," its order was stayed by the U.S. Court of Appeals for the Third Circuit so that the matter could be considered by a three-judge panel of that court. (2/11/02 Order (Ex. F).).

## II.    Plaintiffs' Coordinated Remand Campaign in Response to Judge Wolin's Provisional Transfer Order.

Since Judge Wolin entered the provisional transfer order, plaintiffs have engaged in a coordinated and unrelenting campaign asking federal courts across the country to remand friction product claims, which continues to this day. Plaintiffs' campaign began immediately and in earnest after Judge Wolin entered the December 10 order – as is evidenced by correspondence among various plaintiffs' counsel, which was circulated on December 11:

> As I predicted several weeks ago, we are in *imminent peril* in the Third Circuit Court of Appeals. Some people called me Chicken Little a month ago and I take no joy in being correct that *the federalization of asbestos claims has begun.*

> For those of you who care to participate in *trying to prevent this disaster* we will have a meeting at 4:00 p.m. Eastern Standard Time in Newark, New Jersey, at the Short Hills Hilton Hotel on Thursday, December 13, 2001.

> I enclose Judge Wolin's Order and for reference an Order by Chief Judge Haden which we obtained thankfully prior to Judge Wolin's Order.

4

(Letter from Ronald L. Motley to various asbestos counsel (12/11/01) (attached as Ex. B to Pls.' Em.

Mot. to Stay Transfer, *In re Asbestos Brake Litig.*, No. 01-794-GPM (S.D. Ill. 12/17/01)) (Ex.G)

(emphasis added).)  Immediately following this communication (and, indeed, before), the federal

courts were flooded with *hundreds* of remand motions, many of which failed to mention Judge

Wolin's provisional transfer order at all.[2]  Those that did maintained that Judge Wolin's order should

be "disregarded" and "ignored":

> [Section 157(b)(5) does not] permit a Federal District Court in Delaware to
> *run roughshod* over sister district courts, including this Court, throughout the United
> States that are even now entertaining remand and abstention motions in the many
> cases the Big Three have removed from the state courts as a step in their transfer
> campaign. . . .
>
> Asbestos claimants are responding as required by the rules, and *district
> judges throughout the land are thus receiving and entertaining remand motions.
> This is as it should be,* for the exercise of discretion to remand is vested by statute
> in the removal districts, and not in a Delaware District Court. . . . The Big Three's
> suggestion that a Delaware District Court can ignore the statutory scheme and claim
> for itself the exclusive jurisdiction of other federal district courts, all with the aim of
> leap-frogging over removal and remand proceedings altogether, is simply contrary
> to law.
>
> * * *
>
> *This* Court, not a Federal District Court in Delaware, maintains *sole*
> jurisdiction to make the decision to either remand part or all of this case back to state
> court or to transfer part or all of this case [to the Delaware Court]. The Big Three
> erroneously claim that the Honorable Alfred M. Wolin now has sole jurisdiction of
> this case pursuant to his order allegedly provisionally transferring this case to the
> Delaware Court. The Big Three's assertion that a Federal District Judge in Delaware
> has the authority to *usurp* this Court's authority and unilaterally transfer cases
> pending in this Court is not supported by the relevant statutory or case law.
> Accordingly, the Big Three's claim that this Court is without jurisdiction over this
> case is incorrect, and should therefore be *ignored* by this Court in its disposition of
> this case.
>
> * * *

---

[2] (*See, e.g.,* Plaintiffs' Memorandum in Support of Motion to Remand, *Jackson v. General Motors Corp.*,
No. 01-CV-1793-PA (D. Or. 12/26/01) (Ex.H).)

Plaintiffs urge this Court to *disregard* the Notice, continue to exercise its exclusive authority and jurisdiction over the removal and remand proceedings of this case and make a determination of the merits of Plaintiffs' Supplemental Motion to Remand which has been on this day filed by Plaintiffs with this Court.

(Pls.' Response to Notice of Order Provisionally Transferring Friction Product Claims, *Noble v. E.H. O'Neil Co.*, No. 1:01CCV391GR, at 2-7 (S.D. Miss. Dec. 28, 2001) (filed by Baron & Budd firm) (Ex.I) (emphasis added).)

The vast majority of courts have ruled that remand would be inappropriate in light of Judge Wolin's provisional transfer order. Indeed, MDL Judge Charles R. Weiner ruled that cases that had been removed to federal court in Pennsylvania could not be remanded given Judge Wolin's order. (1/15/02 Order (Ex.J).) Nonetheless, some courts have remanded claims in clear violation of that order. As is clear from the history of the proceedings thus far, the inevitable result should plaintiffs' remand campaign continue unabated is an increasing and unnecessary expenditure of judicial resources as both federal district and appellate courts are asked to address issues that can only be resolved by the Third Circuit. Granting the conditional transfer order and transferring these and all other friction product claims against the automobile manufacturers would prevent this unnecessary expenditure of resources and would assist in enforcing Judge Wolin's provisional transfer order.

## III.    The Inconsistent and Contradictory Position Plaintiffs Adopt Before the Panel to Avoid Conditional Transfer.

Moreover, in the various remand motions they have filed in federal courts across the country, plaintiffs take a very different position than the one they have adopted here. Plaintiffs assert before this Panel that conditional transfer is inappropriate because it would "be an unnecessary interference with the Order of Chief Judge Becker of the Third Circuit assigning Judge Wolin to

preside over the Federal Mogul (and four other asbestos-related) bankruptcies." (2/25/02 Baron & Budd Motion at 3.)

Yet, as is clear from the remand pleadings filed by plaintiffs and quoted above, at the same time, plaintiffs are asking other federal courts to "ignore" and "disregard" Judge Wolin's order. In fact, this is the *first time* plaintiffs have shown any concern about "interference" with Judge Wolin and Judge Becker's orders. Rather, they have engaged in a massive campaign for the express purpose of *undermining* and *circumventing* those orders. (*See, e.g.,* Combined Response to Petitions for Writs of Mandamus 3 (1/22/02) (Ex.K) (filed by Baron & Budd) (claiming that Judge Wolin's provisional transfer was "entered without jurisdiction").) Accordingly, while the automobile manufacturers believe that Judge Wolin's provisional transfer order transferred these and all other friction product claims to his court, because plaintiffs are continuing their efforts to undermine and circumvent that order and refuse to accept it, transfer by this Panel is warranted to aid in enforcing Judge Wolin's provisional transfer order.

## IV.    Conditional Transfer is Necessary to Assist in Enforcing Judge Wolin's Provisional Transfer Order.

Accordingly, the automobile manufacturers request that the Panel transfer these and all other friction product claims to the United States District Court for the District of Delaware pending a final ruling by the Third Circuit on the automobile manufacturers' transfer motion. The reasons such a transfer is warranted have been fully briefed by the automobile manufacturers in response to plaintiffs' motion to vacate CTO-209. While plaintiffs argue that transfer would create "jurisdictional havoc," in fact it would end the "jurisdictional havoc" that has been wrought by plaintiffs' attempts to have various federal courts decide whether they – or Judge Wolin and the

Third Circuit – should determine whether the friction product claims against the automobile manufacturers should be remanded. Moreover, there will be no "conflict" if this Panel agrees that under Judge Wolin's provisional transfer order, these and all other friction product claims are now before the Third Circuit on appeal.

Contrary to plaintiffs' suggestion, parallel proceedings before the MDL Panel and the bankruptcy court are nothing new. A similar circumstance was faced in the *Dow Corning* breast implant litigation where this Panel ordered consolidation of breast implant claims pending in federal court before they were transferred to the district court presiding over Dow Corning's bankruptcy proceedings. *In re Silicone Gel Breast Implants Prods. Liab. Litig.*, 793 F. Supp. 1098 (J.P.M.L. 1992). The history of those proceedings was recounted in the Sixth Circuit's decision regarding the transfer of breast implant claims to the district court presiding over the Dow Corning bankruptcy proceedings:

> On June 25, 1992, prior to Dow Corning's filing of its Chapter 11 petition, the Federal Judicial Panel on Multidistrict Litigation ordered the consolidation of all breast implant actions pending in federal courts for coordinated pretrial proceedings, and transferred those actions to Chief Judge Pointer of the Northern District of Alabama. . . . On June 12, 1995, Dow Corning filed a motion pursuant to 28 U.S.C. § 157(b)(5) to transfer to the Eastern District of Michigan opt-out breast implant claims pending against it and its shareholders, Dow Chemical and Corning Incorporated. Dow Corning's motion covered claims that had been removed to federal court and were pending in the multidistrict forum, as well as claims pending in state courts which were in the process of being removed to federal courts pursuant to 28 U.S.C. § 1452(a). Dow Corning envisioned its transfer motion as the first step in ensuring a feasible plan of reorganization, and indicated that it would seek to have the transferred actions consolidated for a threshold jury trial on the issue of whether silicone gel breast implants cause the diseases claimed.

*In re Dow Corning Corp.*, 86 F.3d 482, 485-86 (6th Cir. 1996).

As in *Dow Corning*, the friction product claims at issue here "involve common questions of fact," and transfer "will best serve the convenience of the parties and witnesses and

promote the just and efficient conduct of this litigation." *See In re Silicone Gel Breast Implants Prods. Liab. Litig.* 793 F. Supp. at 1099-100. Moreover, here transfer is even more appropriate given that it will assist in enforcing Judge Wolin's provisional transfer order by putting an end to plaintiffs' coordinated remand campaign, which is designed to circumvent and undermine that order.

Should the Third Circuit issue a final ruling granting the automobile manufacturers' transfer motion, the claims would remain before Judge Wolin. However, should the Third Circuit issue a final ruling denying the transfer motion, the claims should reside with Judge Charles Weiner as part of MDL 875. To that end, the automobile manufacturers attach a proposed order, which would transfer these and all other friction product claims to the United States District Court for the District of Delaware pending a final ruling by the Third Circuit on the automobile manufacturers' transfer motion and which would automatically transfer the friction product claims to Judge Weiner should the Third Circuit issue a final order denying the automobile manufacturers' transfer motion. By making clear that these and all other friction product claims against the automobile manufacturers shall be automatically transferred to Judge Weiner as part of MDL 875 in the event that the Third Circuit issues a final ruling denying the pending transfer motion, the Panel will obviate the need for any further proceedings before this Panel regarding its transfer order.

### Conclusion

For the foregoing reasons, the automobile manufacturers respectfully request that the Panel modify its transfer order and transfer these and all other friction product claims asserted against them to the Honorable Alfred M. Wolin pending a final ruling by the Third Circuit on the automobile manufacturers' transfer motion. The automobile manufacturers also request that the Panel make clear that, should the Third Circuit deny the automobile manufacturers' transfer motion,

all friction product claims asserted against the automobile manufacturers would then automatically

be returned to Judge Weiner for further proceedings as part of MDL 875.

Dated: March 8, 2002                    Respectfully submitted,

KIRKLAND & ELLIS
David M. Bernick
John Donley
Douglas G. Smith
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
(312) 861-2200 (fax)

Attorneys for DaimlerChrysler Corp., Ford
Motor Company, and General Motors Corp.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE

## EXHIBIT A

*Avery, et al.*, 3:01-CV-849 (W.D.N.Y.)
*Bailey, et al.*, 3:01-CV-859 (W.D.N.Y.)
*Disanto, et al.*, 3:01-CV-852 (W.D.N.Y.)
*Gittens, Jr., et al.*, 3:01-CV-847 (W.D.N.Y.)
*Laribee, et al.*, 3:01-CV-848 (W.D.N.Y.)
*Schiess, et al.*, 3:01-CV-850 (W.D.N.Y.)
*Smith, et al.*, 3:01-CV-850 (W.D.N.Y.)
*Urwin, et al.*, 3:01-CV-860 (W.D.N.Y.)
*Hoyt, et al.*, 3:01-CV-1058 (M.D. La.)
*Jeanpierre, et al.*, 3:01-CV-1059 (M.D. La.)
*Piper, III, et al.*, 3:01-CV-1061 (M.D. La.)
*Burge, et al.*, 3:01-CV-1062 (M.D. La.)
*Jones*, No. H-01-3606 (S.D. Tex.)
*Douglas et al. v. Allied-Signal, Inc. et al.*, Nos. 01-3657 and 01-3849 (E.D. La.).
*Hampton v. GM,* No. 01-3654 (E.D. La.)
*Russell et al v. A.W. Chesterton Co. et al.*, No. 1:01-1162 (W.D. Ark)
*Johnston v. AcandS, Inc.*, No. 2:01-2316 (W.D. Ark.)
*Duncan v. DaimlerChrysler Corp.*, No. 5:01-5255 (W.D. Ark.)
*Duncan v. Allied Signal*, No. 5:01-5257 (W.D. Ark.)
*Cole v. Allied Signal, Inc.*, No. 5:01-5258 (W.D. Ark.)

B

## DESIGNATION OF A DISTRICT JUDGE
## FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

WHEREAS, in my judgement the public interest so requires NOW, THEREFORE, pursuant to the provisions of Title 28 U.S.C. § 292(b), I do hereby designate and assign the Honorable Alfred M. Wolin of the United States District Court for the District of New Jersey to hold court in the District of Delaware during the period beginning November 27, 2001 and ending November 27, 2002, and for such additional time thereafter as may be required to complete unfinished business in the following cases:

| | |
|---|---|
| Armstrong Work Industries | No. 00-4471 |
| Federal-Mogul | No. 01-10578 |
| USA | No. 01-2094 |
| W.R. Grace | No. 01-1139 |
| Owens Corning | No. 00-3837 |

This order is entered after consultation with and with and the assent of Chief Judge Sue L. Robinson, Judge Joseph J. Farnan, Jr., Judge Roderick R. McKelvie and Judge Gregory M. Sleet of the District of Delaware. As Chief Judge of the Court of Appeals and presiding officer of the Judicial council of the Third Circuit, it is my considered judgment that these bankruptcy cases, which carry with them tens of thousands asbestos claims, need to be consolidated before a single judge so that a coordinated plan for management can be developed and implemented. It is contemplated that Judge Wolin will assign a portion of these cases to various bankruptcy judges sitting in the District of Delaware so they may assist in moving these matters forward. As a

significant portion of the asbestos cases in this country are proceeding under the aegis of this
litigation, I deem this assignment and consolidation critically important to the administration of
justice.

_____

Edward R. Becker
Chief Judge of the Third Judicial Circuit

Dated: 11-27-01

C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE: FEDERAL-MOGUL       :    Chapter 11
GLOBAL, INC., T&N          :    Case Nos. 01-10578, et al.[1]
LIMITED, et al.,           :
                           :
          Debtors.         :
------------------------

## ORDER: (1) PARTIALLY WITHDRAWING THE REFERENCE, and (2) PROVISIONALLY TRANSFERRING CERTAIN FRICTION PRODUCT CLAIMS

This matter having been opened upon the motion of General

Motors Corporation, Ford Motor Company and Daimler Chrysler

Corporation for a motion to transfer (the "Transfer Motion")

certain lawsuits against them arising out of so-called "friction

products" as to which the movants contend they have a right of

indemnification against the debtors in these administratively

consolidated Chapter 11 proceedings (the "Friction Product

Claims"); and it appearing that movants have removed these cases

from the several state courts to the United States District

Courts for the Districts in which these cases were pending; and

the movants having also moved for a provisional order of transfer

to preserve the status quo pending a plenary hearing and

determination by the Court of the Transfer Motion; and the Court

having reviewed the several briefs and letters of counsel in

support and in opposition to the provisional transfer motion; and

good cause appearing

---

[1]See attached list.

It is this 10th day of December, 2001

ORDERED that, pursuant to 28 U.S.C. § 157 and the Order of this Court issued December 10, 2001, the reference of this case to the Bankruptcy Court, Judge Randall K. Newsome presiding, is hereby withdrawn with respect to the Transfer Motion and the provisional transfer motion, and with respect to matters involving subject matter jurisdiction, abstention and remand regarding the Friction Product Claims, and it is further

ORDERED that the application for a provisional transfer Order is granted and the Friction Product Claims are hereby provisionally transferred to this Court subject to further Order of the Court, and it is further

ORDERED that all parties shall refrain from submitting papers in support of or in opposition to the Transfer Motion pending further Order of the Court providing for notice, a briefing schedule and a hearing date for the Transfer Motion.


/s/_____
ALFRED M. WOLIN, U.S.D.J.

2

**IN RE: FEDERAL-MOGUL GLOBAL, INC.**
**Case Numbers**

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |
| 01-10637 | 01-10696 | 01-10746 | |
| 01-10638 | 01-10697 | 01-10747 | |
| 01-10640 | 01-10698 | 01-10748 | |
| 01-10641 | 01-10699 | 01-10749 | |

3

D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: ARMSTRONG WORLD INDUSTRIES, INC., et al., | : : : | Chapter 11 Case Nos. 00-4471, 00-4469, 00-4470 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: W.R. GRACE & CO., et al., | : : | Chapter 11 Case Nos. 01-1139 through 0-1200 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: FEDERAL-MOGUL GLOBAL, INC., T&N LIMITED, et al., | : : : : | Chapter 11 Case Nos. 01-10578, et al.[1] |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: USG CORPORATION, a Delaware Corporation, et al., | : : : : | Chapter 11 Case Nos. 01-2094 through 01-2104 |
| Debtors. | : | |

---

| | | |
|---|---|---|
| IN RE: OWENS CORNING, et al., | : : : | Chapter 11 Case Nos. 00-3837 through 00-3854 |
| Debtors. | : | |

---

**FIRST CASE MANAGEMENT ORDER**

The Court having held a case management conference in each of the above-captioned Chapter 11 cases; and counsel having requested certain case management relief including clarification and relaxation of deadlines in certain scheduling provisions made in those conferences and in the prior Orders of the Court; and good cause appearing

---

[1]See attached list.

782

It is on this 21st day of December, 2001

ORDERED that this Order governs each of the above-captioned administratively consolidated Chapter 11 proceedings and that, except as provided to the contrary in this Order, reference to "debtors" in this Order is deemed to refer to every debtor in each of the proceedings, and it is further

ORDERED that the terms Transfer Motion, Friction Products, Friction Products Claims, and Transferred Plaintiffs shall have the same meaning as defined in previous Orders of this Court, and it is further

ORDERED that the debtors shall preserve all documents and other records containing information potentially relevant to asbestos-related claims against them, provided however that it shall not be a violation of this Order if a debtor shall erase computerized data pursuant to an established electronic data erasure policy and the debtor reasonably lacks knowledge that such electronic data is relevant to asbestos-related claims against it and provided the debtor preserves any printouts of erased electronic data, and it is further

ORDERED the debtors shall establish a written policy for its employees to implement the debtors' documents preservation obligations pursuant to this Order and deliver a hard copy of that policy to each of their employees within twenty-one (21) days of the date of this Order, and it is further

2

ORDERED that the written document retention policy shall be preserved and made available for inspection or filing with the Court as may in future be required, and it is further

ORDERED that within twenty-one (21) days of the date of this Order, counsel for each of the lead debtors in the above-captioned Chapter 11 proceedings and each of the official committees shall send to this Court a letter, ex parte, of five single-spaced pages, setting forth their opinion of what substantive, merits-based issues must be resolved with respect to asbestos-related claims against the debtors and whether they anticipate resolution of those issues shall be by consent of the interested parties or by the Court, and it is further

ORDERED that the deadlines for Transferred Plaintiffs to file briefs in opposition to the several Transfer Motions as set forth in the Orders of this Court dated December 18, 2001 and December 19, 2001, is hereby extended to January 7, 2002, and it is further

ORDERED that the time for each Transferred Plaintiff to file a motion for remand is hereby tolled until this Court's resolution of the several Transfer Motions, and it is further

ORDERED that all parties are on notice that the Transferred Plaintiffs may, in the course of briefing their opposition to the Transfer Motions, raise arguments directed to the subject matter jurisdiction of this Court and/or the propriety of remand to the

3

several state courts in which the Friction Product Claims were originally pending and/or whether this Court should abstain from hearing these claims and this Court may, on consideration of those arguments, make such disposition of the Friction Product claims as shall seem appropriate in law or equity, including without limitation, vacation of the Provisional Transfer Order, abstention or remand to the state courts, and it is further

ORDERED that the Court's case management plan and the commentary as set forth before counsel at the case management conference on December 20, 2001, is hereby incorporated by reference.


/s/_____
ALFRED M. WOLIN, U.S.D.J.

4

IN RE: FEDERAL-MOGUL GLOBAL, INC.
     Case Numbers

| | | | |
|---|---|---|---|
| 01-10578 | 01-10643 | 01-10700 | 01-10750 |
| 01-10580 | 01-10644 | 01-10701 | 01-10751 |
| 01-10582 | 01-10646 | 01-10702 | 01-10752 |
| 01-10585 | 01-10647 | 01-10703 | 01-10753 |
| 01-10586 | 01-10649 | 01-10704 | 01-10754 |
| 01-10587 | 01-10650 | 01-10705 | 01-10755 |
| 01-10589 | 01-10651 | 01-10706 | 01-10756 |
| 01-10591 | 01-10652 | 01-10707 | 01-10757 |
| 01-10593 | 01-10653 | 01-10708 | 01-10758 |
| 01-10594 | 01-10654 | 01-10710 | 01-10759 |
| 01-10596 | 01-10655 | 01-10711 | 01-10760 |
| 01-10598 | 01-10656 | 01-10712 | 01-10761 |
| 01-10599 | 01-10657 | 01-10713 | 01-10762 |
| 01-10600 | 01-10658 | 01-10714 | 01-10763 |
| 01-10601 | 01-10659 | 01-10715 | 01-10764 |
| 01-10603 | 01-10660 | 01-10716 | 01-10765 |
| 01-10604 | 01-10661 | 01-10717 | 01-10766 |
| 01-10605 | 01-10662 | 01-10718 | 01-10767 |
| 01-10606 | 01-10664 | 01-10719 | 01-10768 |
| 01-10608 | 01-10665 | 01-10721 | 01-10769 |
| 01-10610 | 01-10666 | 01-10722 | 01-10770 |
| 01-10611 | 01-10668 | 01-10723 | 01-10771 |
| 01-10613 | 01-10669 | 01-01724 | 01-10772 |
| 01-10614 | 01-10672 | 01-10726 | 01-10773 |
| 01-10615 | 01-10673 | 01-10727 | 01-10774 |
| 01-10617 | 01-10675 | 01-10728 | |
| 01-10618 | 01-10682 | 01-10729 | |
| 01-10619 | 01-10683 | 01-10730 | |
| 01-10620 | 01-10684 | 01-10731 | |
| 01-10621 | 01-10685 | 01-10732 | |
| 01-10622 | 01-10686 | 01-10733 | |
| 01-10623 | 01-10687 | 01-10734 | |
| 01-10625 | 01-10688 | 01-10736 | |
| 01-10626 | 01-10689 | 01-10737 | |
| 01-10627 | 01-10690 | 01-10739 | |
| 01-10629 | 01-10691 | 01-10741 | |
| 01-10630 | 01-10692 | 01-10742 | |
| 01-10632 | 01-10693 | 01-10743 | |
| 01-10633 | 01-10694 | 01-10744 | |
| 01-10634 | 01-10695 | 01-10745 | |

| 01-10637 | 01-10696 | 01-10746 |
| 01-10638 | 01-10697 | 01-10747 |
| 01-10640 | 01-10698 | 01-10748 |
| 01-10641 | 01-10699 | 01-10749 |

E

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

In re:                          :
                                :       **CHAPTER 11**
**FEDERAL-MOGUL GLOBAL, INC.,** :
                                :       **BANKRUPTCY NO. 01-10587**
              Debtor.           :       **(jointly administered)**

**ORDER 1) DENYING THE MOTIONS TO TRANSFER THE "FRICTION PRODUCTS CLAIMS" AND 2) REMANDING THE FRICTION PRODUCTS CLAIMS**

This matter having been opened before the Court upon the several motions of parties, denominated in the prior Orders of the Court as the "Friction Products Defendants," to transfer to this District into the above-captioned proceedings the claims against the movants previously denominated "Friction Products Claims"; and the Court having previously granted this motion on a provisional basis and the Friction Products Claims having already been provisionally transferred to this Court subject to a plenary hearing on the motion to transfer; and the Court having previously given notice to the parties that it would consider arguments directed to subject matter jurisdiction, abstention and remand in ruling upon the movants' applications; and the Court having reviewed the submissions of counsel and heard oral argument; and for the reasons set forth on the record at the hearing on those motions today, as supplemented by a written Opinion to follow; and for good cause shown

It is this 8th day of February 2002

1

ORDERED that the motions to transfer the Friction Products
Claims are denied, and it is further

ORDERED that this Court lacks subject matter jurisdiction
over the Friction Products Claims, and it is further

ORDERED that the Friction Products Claims are remanded to
the state courts from which they were removed pursuant to 28
U.S.C. § 1447, and it is further

ORDERED that, in the alternative, the Friction Products
Claims are remanded to the state courts from which they were
removed pursuant to 28 U.S.C. § 1452.

_____
Alfred M. Wolin, U.S.D.J.

2

F

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## No. 02-1426

In Re: Federal-Mogul Global, Inc., et al.

Daimler Chrysler Corporation, Ford Motor
Company and General Motors Corporation,
Appellants

(DC No. 01-10578 (AMW))

Present:       Scirica, Circuit Judge

1) Emergency Motion for Stay Pending Appeal by Appellants

_____ O R D E R _____

The forgoing Motion for stay is granted temporarily in order for the Court to receive responses to
the motion from opposing counsel and for full consideration of the matter by a three judge panel.
Appellees' shall file written responses to the motion for stay on or before 10:00 am, Friday,
February 15, 2002.

For the Court,

_____
Clerk

Dated: FEB 1 1 2002
Psc/cc: CL, EW, EI
RM, AR, PK
ME UK, WW
RP, JSG

**A TRUE COPY**
**ACTING CLERK**

G

# RONALD L. MOTLEY

DIRECT: 843-216-9111 • DIRECT FAX: 843-216-9539

28 BRIDGESIDE BOULEVARD • MOUNT PLEASANT, SOUTH CAROLINA 29464
POST OFFICE BOX 1792 • MOUNT PLEASANT, SOUTH CAROLINA 29465-1792
843-216-9000 • FAX 843-216-9450

OTHER OFFICES:
BARNWELL, SOUTH CAROLINA  •  CHARLESTON, SOUTH CAROLINA
PROVIDENCE, RHODE ISLAND  •  NEW ORLEANS, LOUISIANA
RALEIGH, NORTH CAROLINA



NESS MOTLEY
LOADHOLT
RICHARDSON
POOLE

**COPY**

December 11, 2001

**Via Fax**

Mike Thornton, Esq.
John Barrett, Esq.
Perry Weitz, Esq.
Gene Locks, Esq.
Bob Jacobs, Esq.
Chris Placitella, Esq.
Russell Budd, Esq.
Greg Thompson, Esq.
Wayne Hogan, Esq.
Mike Papantonio, Esq.
John Cooney, Esq.
Randy Bono, Esq.

Ted Goldberg, Esq.
Paul Gillenwater, Esq.
Mark Iola, Esq.
Gary Kendall, Esq.
Bobby Hatten, Esq.
Richard Glasser, Esq.
Peter Angelos, Esq.
James Ferraro, Esq.
Ted Willhite, Esq.
Shep Hoffman, Esq.
Elihi Inselbach, Esq.

cc RAB
ong Sue

Dear Colleagues and Friends:

As I predicted several weeks ago, we are in imminent peril in the Third Circuit Court of Appeals. Some people called me Chicken Little a month ago and I take no joy in being correct that the federalization of asbestos claims has begun.

For those of you who care to participate in trying to prevent this disaster we will have a meeting at 4:00 p.m. Eastern Standard Time in Newark, New Jersey, at the Short Hills Hilton Hotel on Thursday, December 13, 2001.

I enclose Judge Wolin's Order and for reference an Order by Chief Judge Haden which we obtained thankfully prior to Judge Wolin's Order.

Yours truly,

Ron Motley

Ronald L. Motley

RLM/ds/002
encl

p.s.   Anyone with judicial decisions or brake lining exposure/causation issues or with summaries of liability as to same or medical literature, please E-mail same to me as soon as possible at rmotley@nmlrp.com.

H

1   Robyn L. Stein, OSB No. 99368
    Elaine Brown, OSB No. 93036
2   David A. Stewart, OSB No. 98108
    BRAYTON❖PURCELL
3   ATTORNEYS AT LAW
    American Bank Building
4   Suite 950
    621 S.W. Morrison Street
5   Portland, OR 97205
    (503)295-4931
6   (503)241-2573 (fax)
    rstein@braytonlaw.com
7   ebrown@braytonlaw.com
    dstewart@braytonlaw.com
8
        Attorneys for Plaintiff
9

10

                UNITED STATES DISTRICT COURT
11
                    DISTRICT OF OREGON
12

REMUS JACKSON,                    )    Civil No. 01-CV-1793-PA
13
            Plaintiff,            )
14                                )    MOTION TO REMAND CASE TO
vs.                              )    THE CIRCUIT COURT FOR THE
15                                )    STATE OF OREGON FOR THE
GENERAL MOTORS                   )    COUNTY OF MULTNOMAH AND
16  CORPORATION,                  )    FOR PAYMENT OF FEES AND
                                 )    COSTS [28 U.S.C. §§ 1446, 1447(c)];
17          Defendant.            )    MEMORANDUM OF POINTS AND
                                 )    AUTHORITIES; AFFIDAVIT OF
18                                )    DAVID A. STEWART
                                 )
19  _____)    ORAL ARGUMENT REQUESTED

20

21              CERTIFICATE OF COMPLIANCE

22        Pursuant to LR 7.1, plaintiff's counsel certifies that they have conferred with counsel for

23   defendant regarding Plaintiff's Motion To Remand in the above-captioned case.  The parties

24   made a good faith effort through telephone conferences to resolve the dispute and have been

25   unable to do so.

26   \\\

Page 1 -    MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446,
            1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF DAVID A.
            STEWART
            J:\Oregon\25570\Remand\Notice of Motion.wpd
                                                            BRAYTON ❖ PURCELL
                                                            American Bank Building
                                                            621 S.W. Morrison Street, Suite 950
                                                            Portland OR  97205
                                                            (503) 295-4931

1   **MOTION TO REMAND CASE**

2   TO DEFENDANT GENERAL MOTORS CORPORATION AND IT'S ATTORNEYS

3   OF RECORD:

4   PLEASE TAKE NOTICE that on December 26, 2001, or as soon thereafter as this matter

5   may be heard, in the above-entitled Court, plaintiff will move the Court for an Order remanding

6   this case (Cause No. 0107-07839) to the Circuit Court for the State of Oregon for the County of

7   Multnomah. The motion will be, and is, based on the supporting Memorandum of Points and

8   Authorities, Affidavit of David A. Stewart, such argument of counsel as may be presented at the

9   hearing thereof, and all papers and records on file herein.

10   By this motion, plaintiff seeks the immediate remand of this action to the Circuit Court

11   for the State of Oregon for the County of Multnomah on the grounds that this case cannot be

12   removed to this Court because:

13       1.     Removal is untimely (28 U.S.C. § 1446(b));

14       2.     This court lacks jurisdiction (28 U.S.C. § 157);

15       3.     Even if jurisdiction exists, this Court must refrain from hearing this case due to

16               mandatory abstention (28 U.S.C. § 1334(c)(2)) or equitable abstention (28

17               U.S.C. § 1452); and

18       4.     Removing defendant's reason for requesting transfer to the Bankruptcy Court is

19               based on an incorrect and misleading premise which should not be the basis for

20               removal or transfer.

21   \\\

22   \\\

23   \\\

24   \\\

25   \\\

26   \\\

Page 2 -   MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446, 1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES: AFFIDAVIT OF DAVID A. STEWART

J:\Oregon\25570\Remand\Notice of Motion.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
(503) 295-4931

1       Plaintiff, therefore, requests payment of fees and costs in accordance with 28 U.S.C. §

2   1447(c).

3

4  Dated this 26th day of December, 2001.

5

6                          BRAYTON ❖ PURCELL

7

8                   By:

                          Robyn L. Stein, OSB No. 99368

9                          Elaine Brown, OSB No. 93036

                          David A. Stewart, OSB No. 98108

10                        Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3 -     MOTION TO REMAND CASE AND FOR PAYMENT OF FEES AND COSTS [28 U.S.C. §§ 1446,
             1447(c)]; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF DAVID A.
             STEWART

J:\Oregon\25570\Remand\Notice of Motion.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
(503) 295-4931

1 | Robyn L. Stein, OSB No. 99368
Elaine Brown, OSB No. 93036
2 | David A. Stewart, OSB No. 98108
BRAYTON❖PURCELL
3 | ATTORNEYS AT LAW
American Bank Building
4 | Suite 950
621 S.W. Morrison Street
5 | Portland, OR 97205
(503)295-4931
6 | (503)241-2573 (fax)
rstein@braytonlaw.com
7 | ebrown@braytonlaw.com
dstewart@braytonlaw.com
8 |
9 |     Attorneys for Plaintiff

10 |

11 |                    UNITED STATES DISTRICT COURT

12 |                         DISTRICT OF OREGON

13 | REMUS JACKSON,                    )   Civil No. 01-CV-1793-PA
                                      )
14 |              Plaintiff,           )   MEMORANDUM OF POINTS AND
                                      )   AUTHORITIES IN SUPPORT OF
15 | vs.                              )   PLAINTIFF'S MOTION TO REMAND
                                      )   CASE TO THE CIRCUIT COURT FOR
16 | GENERAL MOTORS CORPORATION,      )   THE STATE OF OREGON FOR THE
                                      )   COUNTY OF MULTNOMAH AND FOR
17 |              Defendant.          )   PAYMENT OF FEES AND COSTS [28
                                      )   U.S.C. § § 1446 and 1447(c)]
18 |                                   )

19 |

20 |                         TABLE OF CONTENTS

21 | I.    INTRODUCTION ........................................................ 1

22 | II.   STATEMENT OF FACTS ............................................. 1

23 | III.  SUMMARY OF ARGUMENT ....................................... 2

24 | IV.   LEGAL ARGUMENT ................................................. 3

25 |       A.   The Defendant's Removal is Improper Because it is Untimely ............. 3

26 |       B.   This Court Does Not Have Jurisdiction to Hear This Case
              Because It is not "Related To" the Bankruptcy Case. .................. 5

27 |       C.   This Court Must Remand This Case to the Circuit Court Because
              it is Required to Abstain From Hearing the Matter Under 28
28 |           U.S.C. § 1334(c)(2). ......................................... 7

i    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS
                                              BRAYTON ❖ PURCELL
J:\Oregon\25570\Remand\Memo P&A.wpd          American Bank Building
                                          621 SW Morrison Street, Suite 950
                                              Portland, Oregon 97205

D.  Even If this Court Has Subject Matter Jurisdiction, it Should
Exercise Equitable Abstention and Remand .......................... 9

E.  The Defendant's Reason for Requesting Removal to This Court
and Transfer to the Bankruptcy Court is based on an Incorrect and
Misleading Premise Which Does Not Support Removal and
Transfer .............................................................. 11

F.  The Plaintiff is Entitled to, and Requests, Costs and Attorney
Fees ................................................................. 14

IV.  CONCLUSION ...................................................... 15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

<u>**TABLE OF AUTHORITIES**</u>

*Baddie v. Berkeley Farms, Inc.* 64 F.3d 487, 490 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . 14

*Celotex Corporation v. Edwards, 514 U.S. 300 (1995) 131 L. Ed. 2d 403,
115 S.Ct. 1493 (1995)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . 3

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) . . . . . . . . . . . . . . 13, 14

*Fibreboard Corporation and Owens Corning v. R.J. Reynolds Tobacco Co.*
(N.D. CA 2000) 2000 U. S. Dist. Lexis 15931 . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gaus v. Miles, Inc.* (9th Cir. 1992) 980 F.2d 564, 566. . . . . . . . . . . . . . . . . . . . . . . . . 2

*Gray v New York Life Ins. Co.* (1995, ND Ala) 906 F Supp 628 . . . . . . . . . . . . . . . . . . . 14

*In re VIII South Michigan Associates,*
1994 U.S.Dist.LEXIS 17718, (N.D.Ill. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re ACI-HDT Supply Co.*(1997) 205 B.R. at 237 . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*In re Conejo Enterprises, Inc.*, 96 F.3rd 346 (9th Cir.1996) . . . . . . . . . . . . . . . . . . . . . 8

*In re Donington, Karcher, Salmond, Ronam & Rainone, P.A.*,
194 B.R.750 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Fietz* (9th Cir. 1988) 852 F.2d 455 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Kingsley Bankruptcy* 181 B.R. 225 (W.D.P.A. 1995) . . . . . . . . . . . . . . . . . . . . . . 8

*In re TIG Insurance Company v. Gary Smolker*, 264 B.R. 661. . . . . . . . . . . . . . . . . . . . 9

*In re Unanue-Casal* 164 B.R..216 (D.Puerto Rico 1993) . . . . . . . . . . . . . . . . . . . . . . . 8

*Intra Muros Trust v. Truck Stop Scale Company*, 163 B.R. 344,
345 (N.D.Ind.1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Johnson v. Michael Timothy Lemons, Bay Medical Clinic,*
1998 U.S.Dist.LEXIS 18118, (S.D.Ala. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Kim Susan, Inc. v. Service Marine Industries, Inc.,* ]
1999 U.S. Dist. LEXIS 13801, (Bkrcy.E.D.La. 1999) . . . . . . . . . . . . . . . . . . . . . 5

*Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993) . . . . . . . . . . . . 14

*Pacor, Inc. v. Higgins* (3rd Cir. 1984) 743 F.2d 984. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

iii     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
        REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd
                                                    BRAYTON ✧ PURCELL
                                                    American Bank Building
                                          621 SW Morrison Street, Suite 950
                                                    Portland, Oregon 97205

1   *Plowman v. Bedford Financial Corporation*, 218 B.R. 607, 612 (Bkrtcy.N.D.Ala. 1998) . . . .   3

2   *Wheeler v. Raybestos-Manhattan* (1992) 8 Cal.App.4th 1152 . . . . . . . . . . . . . . . . . . . . . . .   13

3   <u>STATUTES</u>

4   28 U.S.C. Section 157. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 15

5   28 U.S.C. Section157(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

6   28 U.S.C. Section 1334 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 7, 9, 10, 15

7   28 U.S.C. Section 1334(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7, 8, 9

8   28 U.S.C. Section1446(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

9   28 U.S.C. Section1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14, 15

10   28 U.S.C. Section 1452. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 7, 9

11   28 U.S.C. Section 2075. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

12   Federal Rule of Bankruptcy Procedure 9027. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5

13   Federal Rule of Bankruptcy Procedure 9027(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

14   Restatement (Second) of Torts Section 388(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

15   <u>MISCELLANEOUS</u>

16   27 Cumberland Law Review 1037 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

17

18

19

20

21

22

23

24

25

26

27

28

J:\Oregon\25570\Remand Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

## I.

## INTRODUCTION

On July 31, 2001, plaintiff, Remus Jackson, filed a complaint for personal injury in the Circuit Court for the State of Oregon for the County of Multnomah (Circuit Court), Case No. 0107-07839.  Plaintiff's complaint seeks damages for asbestosis, resulting from occupational exposure to asbestos.  At all times material herein, General Motors Corporation was a named defendant in the state court case giving rise to this motion.  On November 20, 2001, General Motors Corporation, Ford Motor Company, and DaimlerChrysler Corporation filed a Joint Motion to Transfer Related Claims and Causes of Action in the United States District Court for the District of Delaware (Bankruptcy Court).  The Bankruptcy Court is presiding over the Chapter 11 bankruptcy of debtor Federal-Mogul Global, Inc.  (Federal-Mogul).  On December 12, 2001, defendant General Motors Corporation filed a Notice of Removal in this court advising that plaintiff's causes of action related to defendant were removed to this court.  The authority for the removal is asserted to be 28 U.S.C. § 1452 and Federal Rule of Bankruptcy Procedure 9027.  The defendant alleges that this court has jurisdiction under 28 U.S.C. § 1334. Because this removal is improper, plaintiff now moves to remand the case to the Circuit Court.

## II.

## STATEMENT OF FACTS

Plaintiff's complaint alleged the following causes of action against defendant:

- Product Liability
- Negligence
- Negligent Misrepresentation
- Fraudulent Misrepresentation/Deceit.

All of these causes of action are based on state law.  No federal question is raised in the complaint and there is no diversity of citizenship.  Trial is set for February 17, 2003. Defendant filed it's Notice of Removal on December 12, 2001.

\\\

\\\

---

1   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-1651

## III.

## SUMMARY OF ARGUMENT

Defendant's removal of this action is improper. A removing defendant has the burden to establish federal jurisdiction. (*Gaus v. Miles, Inc.* (9ᵗʰ Cir. 1992) 980 F.2d 564, 566.). 28 U.S.C. § 1441 requires that all defendants in the state court cause of action consent to removal. All doubts as to removability of a matter are resolved in favor of remanding the case to state court. (*Gaus, supra*, 980 F.2d 564 at 566).

Here, remand is required because the defendant's removal is untimely. Even if it were timely, this court does not have jurisdiction. The defendant's removal, based on a claim of jurisdiction under 28 U.S.C. § 1334, is defective because the causes of action removed are not "related to" the bankruptcy of Federal-Mogul as that term is interpreted by the courts. Even if jurisdiction is found, it can only be as a result of the bankruptcy. This case could not have been filed in federal district court. Therefore, this court must abstain from hearing the matter under the mandatory abstention provision of 28 U.S.C. § 1334(c)(2). Alternatively, if this court finds that it has jurisdiction and that mandatory abstention is not required, compelling notions of comity and equity require the court to voluntarily abstain from hearing this matter. Finally, the defendant argues that all cases against it must be decided by only one court, the Bankruptcy Court, because that court needs to address the "threshold scientific issue" of whether "brakes and other auto parts cause disease." (Notice of Removal, page 2, Paragraph 6.) This argument is based on an incorrect and misleading premise which does not support removal to this court or transfer to the Bankruptcy Court.

Plaintiff now moves to remand this action to the Circuit Court based on the following:

1.   Defendant's removal is untimely;

2.   This court lacks jurisdiction to hear this case;

3.   This court is required by statute to refrain from hearing the case even if jurisdiction exists; and

4.   Defendant's reason for requesting removal and transfer to the Bankruptcy Court is based on an incorrect and misleading premise which does not support removal

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\fdt:emo P&A.wpd

BRAYTON ✢ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(570) 474-4242

1     or transfer.

2         In conjunction with an order of remand, plaintiff respectfully requests that the court

3     assess costs and fees in favor of plaintiff for the expense of opposing this removal.

4                                                 IV.

5                                    __LEGAL ARGUMENT__

6     A.      **The Defendant's Removal is Improper Because it is Untimely**

7         This case must be remanded because the defendant's removal is untimely.  The petition

8     of the debtor Federal-Mogul was filed on October 1, 2001.  Defendant admits that the triggering

9     time event for removal in this case is the October 1, 2001 commencement of the Federal-Mogul

10    bankruptcy case (Notice of Removal, page 2, Paragraphs 3 and 4). Despite defendant's reliance

11    on Federal Rule of Bankruptcy Procedure 9027, the proper time limit in this case is that set forth

12    in 28 U.S.C. § 1446(b).  28 U.S.C. § 1446(b) requires that a notice of removal be filed within

13    30- days of receipt of the first paper which provides a basis for removal.  In this case, the

14    petition of Federal-Mogul gave the first notice of the alleged "related to" bankruptcy

15    jurisdiction.  However, the removal was not filed until December 12, 2001, far more than 30

16    days after the filing of the petition.

17        The following cases hold that it is the 30-day removal period set forth in 28 U.S.C.

18    Section 1446(b) which governs, rather than the 90-day period in the bankruptcy procedure rule:

19    *Plowman v. Bedford Financial Corporation*, 218 B.R. 607, 612 (Bkrtcy.N.D.Ala. 1998) ["First

20    Associates' notice of removal was, if nothing else, filed within the thirty (30) day period

21    specified in 28 U.S.C. Section 1446(b) and Fed.R.Bankr.P. 9027(a)(3)."]; *Intra Muros Trust v.*

22    *Truck Stop Scale Company*, 163 B.R. 344, 345 (N.D.Ind.1994) ["Rule 9027 does not apply,

23    because it only related to the superceded removal statute which was replaced by 28 U.S.C.

24    Section 1452 . . . the thirty day time limitation of the general federal removal statute (28 U.S.C.

25    Section 1446) applies to the bankruptcy removal statute 28 U.S.C. Section 1452."]; *Johnson v.*

26    *Michael Timothy Lemons, Bay Medical Clinic*, 1998 U.S.Dist.LEXIS 18118, **2-3 (S.D.Ala.

27    1998) ["The thirty-day time limit under Section 1446 is applicable to the bankruptcy removal

28    statute Section 1452", citing *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656 (4th Cir. 1985).

3     MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
      REMAND AND FOR PAYMENT OF FEES AND COSTS
                                                        BRAYTON ❖ PURCELL
J:\Oregon\25570\Remand\Memo P&A.wpd                     American Bank Building
                                                   621 SW Morrison Street, Suite 950
                                                        Portland, Oregon 97205
                                                        (503) 705-4053

1    and *Plowman, supra.*]; and  *In re VIII South Michigan Associates*, 1994 U.S.Dist.LEXIS 17718,

2    **9-10 (N.D.Ill. 1994) ["In any event, section 1452 permits removal only 30 days after suit is

3    commenced."].

4         The interplay between the 30-day removal period prescribed by 28 U.S.C. §1446(b), and

5    Rule 9027(a) of the bankruptcy rules, is addressed by the Honorable Thomas B. Bennett, the

6    United States Bankruptcy Judge for the Northern District of Alabama, in the scholarly law

7    review article, "Removal, Remand, and Abstention Related to Bankruptcies: Yet Another

8    Litigation Quagmire!" (27 Cumberland Law Review 1037 (1997)).  Noting that the time limits

9    in Rule 9027 conflict with those established in 28 U.S.C. 1446, Judge Bennett explained:

10             [A] minority group of courts ... have determined that *28 U.S.C. 1446*,
      rather than Fed. R. Bankr. P. 9027, establishes the time periods for removal.
11    *State Bank of Lombard v. Chart House, Inc., 46 B.R. 468, 473 (N.D. Ill. 1985);
      Intra Muros Trust v. Truck Stop Scale Co., 163 B.R. 344, 345 (N.D. Ind. 1994).*
12    These courts conclude that 1446's time frame applies to actions removed under
      1452 for the three following reasons: (i)The absence of time limits in 1452
13    indicates that 1446, which generally covers procedure for removals to federal
      court, should control, (ii)the legislative history is silent regarding whether 1452
14    was enacted to avoid 1446's time limitations, and (iii)the automatic stay
      provision protects the property of debtors who file bankruptcy more than thirty
15    days after being served in a state court proceeding. *Chart House, Inc., 46 B.R. at
      473.* This minority position (that 28 U.S.C. 1446, not Fed. R. Bankr. P. 9027,
16    controls removal procedure for bankruptcy-predicated removals) is supported by
      the Supreme Court's holding in *Things Remembered, Inc. v. Petrarca*, 116 S. Ct.
17    494 (1995).
             The viability of those portions of Fed. R. Bankr. P. 9027 that conflict
18    with or expand removal time periods beyond those of 28 U.S.C. 1446 is
      questionable after the *Things Remembered, Inc.* opinion. In *Things Remembered,
19    Inc.,* the Supreme Court concluded that a provision of the federal removal statute,
      28 U.S.C. 1447(d), applied to preclude the review of remand orders entered
20    under the bankruptcy removal section. Section 1446, like 1447(d), is a portion of
      the federal removal statute, sets forth removal procedure, and should apply to
21    dictate procedure in matters removed under the bankruptcy removal section. See
      *Things Remembered, Inc.,* 116 S. Ct. at 497.  As with the interrelationship of 28
22    U.S.C. 1447(d) with 28 U.S.C. 1452, which the Supreme Court addressed in
      *Things Remembered, Inc.,* an examination of 1446 and 1452 imparts no reason to
23    infer that Congress intended to limit the application of 1446 to removals under
      the other sections of the federal removal statute and exclude those under the
24    bankruptcy section. See *Things Remembered, Inc.,* 116 S. Ct. at 497.
             Although Fed. R. Bankr. P. 9027 provides certain procedures for
25    bankruptcy removal, when the rule and statute are complementary, no difficulty
      exists over which one governs. Where they conflict, the federal removal statute
26    controls over a bankruptcy rule of procedure. Unlike the legislative authorization
      for rules of bankruptcy procedure that governed such rules adopted for use under
27    the Bankruptcy Act, 28 U.S.C. 2075, a 1978 amendment to this section deleted
      that portion of 2075 that set forth that all laws in conflict with bankruptcy
28    [*1061] rules would be of no further force or effect after such rules have taken

---

effect. Pub. L. No. 95-598, 247, 92 Stat. 2672. 28 U.S.C. 2075 now reads in pertinent part:

> The Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under title 11.

> Such rules shall not abridge, enlarge, or modify any substantive right.

28 U.S.C. 2075.

. . .

*Those who rely on portions of Fed. R. Bankr. P. 9027(a) that provide for a longer removal period than 28 U.S.C. 1446(b) to remove a civil action under 28 U.S.C. 1452 should be aware that those provisions of Fed. R. Bankr. P. 9027(a) in conflict with or that provide for removal periods beyond the thirty days specified in 28 U.S.C. 1446(b) may not support timely removal if challenged.* (emphasis added).

27 Cumberland Law Review at 1057-1062.

Judge Bennett's analysis, the comprehensive authorities contained in it, and the cases noted, are compelling and conclusively favor the application in this case of the 30-day time limit prescribed by 28 U.S.C. §1446(b).[1]  Given the defendant's admission that the triggering time event for removal in this case is October 1, 2001 (approximately 70-days prior to the filing of the Notice of Removal), plaintiff hereby moves that this court remand this action to the Circuit Court based on jurisdictional grounds as it is the product of an untimely removal.

**B.    This Court Does Not Have Jurisdiction to Hear This Case Because It is not "Related To" the Bankruptcy Case.**

The defendant claims that subject matter jurisdiction stems from unaccrued, future claims for indemnity against a bankruptcy debtor, Federal-Mogul and its subsidiaries. (Notice of Removal, page 1 and 2, Paragraph 2.) Jurisdiction of federal bankruptcy over state law claims can arise either if the state law claims are part of the "core" bankruptcy case or if they are non-

---

[1] In a recent decision, the bankruptcy court held in *Kim Susan, Inc. v. Service Marine Industries, Inc.*, 1999 U.S. Dist. LEXIS 13801, *13 (Bkrcy.E.D.La. 1999), as follows: While the defendant contends that Federal Rules of Bankruptcy Procedure, Rule 9027 is the applicable provision, this Court's appreciation of the law is that this rule is used when a case is removed to the Bankruptcy Court itself.  In this case, the case has been moved to the federal district court and thus the general provisions on removal and remand would apply.  As such, the first question to be answered is whether the notice of removal was timely under 28 U.S.C. § 1446.

1999 U.S. Dist. LEXIS 13801 at *13

---

5    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

J:\Oregon\25570\Remand\Memo P&A.wpd

1  core but sufficiently "related" to the bankruptcy case. (28 U.S.C. § 157.) Defendant concedes

2  that these claims are not "core proceedings" pursuant to 28 U.S.C. §157(b)(2). (Notice of

3  Removal, page 2, Paragraph 5.)  This court does not have jurisdiction because defendant's

4  unaccrued, future claims for indemnity are not sufficiently "related to" the bankruptcy case to

5  confer subject matter jurisdiction.

6       The Ninth Circuit, in *In re Fietz* (9th Cir. 1988) 852 F.2d 455, 457, adopted a working

7  definition of "related to" jurisdiction first formulated by the Third Circuit in *Pacor, Inc. v.*

8  *Higgins* (3rd Cir. 1984) 743 F.2d 984, 994.   This same definition was adopted by the U.S.

9  Supreme Court in *Celotex Corporation v. Edwards, 514 U.S. 300, 131 L. Ed. 2d 403, 115 S.Ct.*

10  *1493, 1499 (1995)* (*See, In re ACI-HDT Supply Co.,*(1997) 205 B.R. at 237.)

11      In *Pacor*, plaintiff Higgins brought a state court products liability suit.  Defendant *Pacor*

12  then filed a third party complaint for indemnification from asbestos fiber supplier and products

13  manufacturer Johns Manville Corporation (JM).  After JM declared bankruptcy, the state court

14  severed *Pacor*'s action from the Plaintiff's action due to the JM bankruptcy stay.  *Pacor* then

15  removed the state case to bankruptcy court on the assertion that it was "related to" the JM

16  bankruptcy.  The Third Circuit court disagreed, concluding that such claims fell beyond the

17  scope of the bankruptcy court's jurisdiction.  The court there found that the underlying state

18  action, (Higgins' products liability suit against Pacor), was "at best, a mere precursor to the

19  potential third party claim for indemnification by Pacor against Johns-Manville," as the

20  outcome of the products liability action would "in no way bind Manville, in that it could not

21  determine any rights, liabilities, or course of action of the debtor."  As JM was not even a party

22  to that action, the court reasoned, "it could not be bound by res judicata or collateral estoppel.

23  (*Pacor, supra*, 743 F.2d at 995.)  The *Pacor* matter was, therefore, remanded to state court.

24      The Bankruptcy Appellate Panel of the Ninth Circuit (BAP-9th) considered substantially

25  the same issues in the case of *In re ACI-HDT Supply Co., supra*, 205 B.R. 231.  The BAP-9th

26  there articulated the difference between core and non-core proceedings in 28 U.S.C.§157(b)(2).

27  Core proceedings are those matters arising under Title 11 or in a Title 11 case.  Those matters

28  arising *under* Title 11 are bedrock bankruptcy concerns including the administration of the

6      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
       REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570.Remand.Memo P&A.wpd                                   BRAYTON ❖ PURCELL
                                                                       American Bank Building
                                                                  621 SW Morrison Street, Suite 950
                                                                       Portland, Oregon 97205

1    estate, allowance or disallowance of claims against the estate, proceedings to determine, avoid,

2    or recover fraudulent conveyances, or other proceedings affecting the liquidation of the assets of

3    the debtor estate.  Matters arising *in* a Title 11 case engender administrative matters that are not

4    based on any right expressly created by Title 11 but would nonetheless have no existence

5    outside of the bankruptcy case.  (*Id.* at p. 234-235.)

6        The bankruptcy court in *ACI-HDT* originally found that the state court causes of action

7    in the underlying class action suit were core proceedings because there existed a strong

8    possibility of inconsistent results between determinations necessary in the bankruptcy case and

9    those essential to the state court action.  In overturning this decision, the BAP-9th distinguished

10   this case from those cases where there is "post-petition" conduct which affects the estate, such

11   as an action to usurp causes of action that a bankruptcy trustee would have.  The BAP-9th

12   pointed out that the *ACC-HDT* state class action suit was "based solely in state law and seeks

13   redress for conduct of the defendants for which they are jointly and severally liable," something

14   over which the bankruptcy court, and by extension any Article III federal court, had no

15   jurisdiction.  The BAP-9th concluded that the state law claims "do not fall within the non-core

16   or 'related to' jurisdiction of the bankruptcy court." (*ACI-HDT, supra,* 205 B.R. 231, 237.)

17       The claims at issue against the defendant here are the same type of claims asserted in

18   *Pacor* and *ACI-HDT*.  They involve purely state law claims resulting from pre-petition conduct

19   of non debtors.  Defendant's unaccrued future indemnity claims are not core proceedings arising

20   under Title 11.  Since there is no "related to" jurisdiction, plaintiff hereby moves that this court

21   remand this action to the Circuit Court.

22   C.    **This Court Must Remand This Case to the Circuit Court Because it is Required to Abstain From Hearing the Matter Under 28 U.S.C. § 1334(c)(2).**

23

24       This court, or any other federal district court, is required to abstain from hearing this

25   action by the mandatory abstention provision of 28 U.S.C. § 1334(c)(2).

26       In the notice of removal, defendant claims removal is proper under 28 U.S.C. §1452(a)

27   because this court has jurisdiction over the action under 28 U.S.C. §1334.[2]  That section confers

28

---

[2] Notice of Removal, page 2, Paragraph 4.

7    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570-Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
75031795 AD31

jurisdiction as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

Relying on this grant of jurisdiction, defendant ignores the provisions of 28 U.S.C. §1334(c)(2), which provides:

> ...in a proceeding based upon a state law claim or state law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. (emphasis added.)

Known as "the mandatory abstention provision," this section prevents this court or any other federal district court from hearing this action.[3]

Several federal courts have determined that the following criteria must be met for the mandatory abstention provision to apply: (1) a timely motion for abstention is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding does not arise under Title 11; (4) the proceeding is "related to" a bankruptcy case under Title 11; (5) the proceeding could not have been commenced in federal court but for the bankruptcy filing; and (6) the action has been commenced and can be timely adjudicated in a state forum of appropriate jurisdiction. (See, e.g.: In re Donington, Karcher, Salmond, Ronam & Rainone, P.A., 194 B.R. 750 (D.N.J. 1996); In re Kingsley Bankruptcy 181 B.R. 225 (W.D.P.A. 1995); and In re Unanue-Casal 164 B.R. 216 (D.Puerto Rico 1993).) When the non-removing party meets all of these requirements, the federal district court must abstain from hearing the case and must, therefore, remand it to the state court.

The present case meets all of these criteria as follows:

---

[3]While there was previously some question whether this section applied to cases removed from state court, that question has now been answered in the affirmative. *In re Conejo Enterprises, Inc.*, 96 F.3rd 346 (9th Cir.1996).

J:\Oregon\25570.Remand\Memo P&A.wpd

BRAYTON ✦ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1.    This motion for abstention is timely made.

2.    This case is based on state law causes of action because it is a tort claim alleging personal injury resulting from exposure to asbestos. The causes of action alleged against the defendant are based solely on state law. No question of federal law is involved in that action.

3.    This case does not arise under Title 11 of the Bankruptcy Code. The defendant admits in the Notice of Removal that this is not a core matter.

4.    Plaintiff has demonstrated above that this case is not "related to" the bankruptcy of Federal-Mogul. If, however, this court finds it has any jurisdiction, it can only be found because the case is "related to" a bankruptcy case under Title 11.

5.    This case could not have been commenced in federal court but for the bankruptcy filing. There is not complete diversity of citizenship in this action, and there is no federal question raised. The only possible basis for the exercise of federal jurisdiction is the allegation of the defendant that this case is somehow related to a bankruptcy proceeding under Title 11. It was on that sole basis that the case was removed, and it is on that sole basis that the defendant has sought transfer of the matter to the Bankruptcy Court.

6.    This case was initiated in the state court of proper jurisdiction, and can be, and would have been timely completed in that tribunal but for the action of the defendant removing it to this court. That action is still ongoing in the Circuit Court which remains a viable forum for adjudication of the matter.

Because all of these criteria have been met, plaintiff hereby moves that this court remand this action to the Circuit Court based on the mandatory abstention provisions of 28 U.S.C. §1334(c)(2).

**D.    Even If this Court Has Subject Matter Jurisdiction, it Should Exercise Equitable Abstention and Remand**

Under 28 U.S.C. § 1452, the section upon which the defendant relied to remove this action, "[t]he Court to which such claim or cause of action is removed *may* remand such claim or cause of action on any equitable ground." (28 U.S.C. § 1452(b)) (emphasis added). This

9      MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand.Memo P&A.wpd

BRAYTON ✛ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1    principle was recognized recently in *In re TIG Insurance Company v. Gary Smolker*, 264 B.R.

2    661. The *TIG* court applied the principles articulated by the *Pacor* court, adopted by the Ninth

3    Circuit, and found there was absolutely no basis for federal jurisdiction over any portion of the

4    state court action outside the provisions of 28 U.S.C. §1334. The court further noted that, as is

5    the case here, none of the parties suddenly claiming equitable indemnification as to the debtor

6    defendants had any contractual right to it, and would be able to assert a claim for

7    indemnification only if liability were to be imposed on them. The bankruptcy court found it

8    had, at most, jurisdiction over the indemnity claims which would be "related to" the bankruptcy.

9    "A bankruptcy court cannot retain jurisdiction that it does not have. Claims that fall beyond the

10    scope of the bankruptcy court's subject matter jurisdiction must be remanded to state court." *Id.*

11    at p. 666. The Court further pointed out:

12      "...even if it had subject matter jurisdiction over the Remaining Claims under
section 1334, equity and the interests of justice would compel it to remand the

13      Remaining Claims to state court. These claims are based entirely on state law.
There are numerous parties in interest, only one of which appears to be a debtor

14      in possession. The resolution of the [state court action] with regard to the
nondebtor parties will have no impact whatsoever on the Grace bankruptcy cases.

15      The Los Angeles Superior Court has devoted a significant quantity of time to this
matter and has developed a significant body of knowledge concerning the matter.

16      The parties to the Action (other than Grace) would be significantly prejudiced if
they were required to begin the education process anew with a new judge in a

17      new court. The Los Angeles Superior Court is a convenient forum for all of the
parties and is a forum in which the Action may proceed to trial before a jury with

18      a minimum of delay. For all of these reasons, it is the judgment of this Court
that the Remaining Claims should be remanded. . . ."

19

20    *Id.* at p. 667. So it is in the present matter.

21       The court in a recent Northern District of California case also exercised equitable

22    remand in a case asserting "related to" jurisdiction. In *Fibreboard Corporation and Owens*

23    *Corning v. R.J. Reynolds Tobacco Co.* (N.D. CA 2000) 2000 U. S. Dist. Lexis 15931, the

24    asbestos-company plaintiffs originally filed a state court action seeking indemnification from

25    six defendant tobacco companies for money paid out to resolve combination cigarette-asbestos

26    caused lung cancer cases. The company plaintiffs then filed Chapter 11 bankruptcy petitions

27    and the defendants removed the case, contending that the state case was a "core proceeding."

28    The court disagreed, finding that the action was only "related to" the bankruptcy, and that there

   was no requirement that it be adjudicated in conjunction with the pending bankruptcy case. The

10    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1    court found equitable grounds for remanding the case: the case raised no bankruptcy issues and

2    involved claims brought entirely under state law.  Moreover, the court specifically found that

3

4    "plaintiffs' right to a jury trial favors remand, as bankruptcy judges are not authorized to

5    preside over jury trials." (*Id.* at p. 3.)

6         This state court action was set for jury trial when it was removed.  Plaintiff's right to a

7    jury trial, which cannot be heard by a bankruptcy judge, is a strong ground for equitable remand.

8    All bases for liability and recovery sound in state law.  Of the many different asbestos

9    defendants, only a handful have any connection whatsoever to Delaware, and the removing

10   entity here is not connected to Delaware.  (Affidavit of David A. Stewart.) The Circuit Court is

11   a convenient forum for everyone, most of whom have been litigating similar matters there for

12   over 15 years. (Affidavit of David A. Stewart.) The Circuit Court has administered this action

13   since its filing. The Circuit Court has developed a significant body of knowledge concerning

14   asbestos cases like this one.  The plaintiff, while not terminally ill, suffers from asbestosis, a

15   progressively more debilitating disease, and deserves to have his case proceed to trial by jury

16   with a minimum of delay.  For all of these reasons, plaintiff hereby moves this court to exercise

17   its authority to equitably abstain from hearing this matter and remand it to the Circuit Court to

18   proceed to trial.

19   **E.    The Defendant's Reason for Requesting Removal to This Court and
          Transfer to the Bankruptcy Court is based on an Incorrect and Misleading**
20   **Premise Which Does Not Support Removal and Transfer**

21        The defendant attempts to support removal by claiming this case needs to join all other

22   cases against it arising out of exposure to automobile friction products.. Defendant further

23   claims that those cases must be heard in the bankruptcy case of Federal-Mogul because they

24   flow from exposure to Federal-Mogul products and that the defendant has some inchoate

25   indemnification right against Federal-Mogul.  Defendant also claims that all of these cases can

26   be disposed of summarily when the Bankruptcy Court decides, as defendant suggests, that

27   automobile brakes and parts do not cause disease.  These claims are incorrect and misleading.

28        The defendant's essential premise that it's asbestos liability is merely "derivative" of

11    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
       REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 950
Portland, Oregon 97205
(503) 295-4931

1   Federal-Mogul, is erroneous in law and in fact. Asbestos claimants, as in this case, typically sue

2   these companies for breach of their duty to warn of the hazards associated with the asbestos that

3   is incorporated into their own products. As a matter of law, failure to warn is a theory of direct

4   tort sounding both in state product liability and negligence law, and, as such, is not a derivative

5   claim. This is because the manufacturer of complex products such as automobiles, which

6   incorporate components and raw materials furnished by others, has its own duty independent of

7   its suppliers' duties and is subject to strict products liability as being in the chain of commerce

8   and distribution of the defective product.[3]

9          The defendant's argument regarding Abex Corporation (Abex) illustrates how attenuated

10   the indemnification and contribution "claims" really are. Defendant says that Abex "is now part

11   of the Debtor," (Motion to Transfer Memorandum (MT Mem.) at 21), but, according to the

12   Debtor itself, this assertion is false. Federal-Mogul's Informational Brief states that Abex "does

13   not have a corporate relationship with any of the Debtors," and explains that the Federal-Mogul

14   group is several steps removed from Abex. (Debtor's Informational Brief at 5-6.) More

15   specifically, (a) Abex sold its friction products assets to Moog Automotive, Inc. ("Moog"), a

16   subsidiary of Cooper Industries, Inc. ("Cooper"); (b) Cooper assumed liability under certain

17   circumstances for asbestos personal injury claims alleging exposure to certain Abex friction

18   materials; and (c) a Federal-Mogul subsidiary purchased Moog's stock from Cooper and

19   assumed Cooper's indemnity obligations for claims brought after August 1998. (Id.) The

20   defendant makes no showing that the indemnity obligations of Federal-Mogul's subsidiary have

21   actually been triggered, or ever will be, much less that the defendant has a substantial claim

22   against Abex that comes within the scope of the limited obligation assumed by Federal-Mogul's

23   subsidiary. In these circumstances, any connection between the Federal-Mogul bankruptcy and

24   whatever rights the defendant may have against Abex is too attenuated to create "related to"

25   jurisdiction under Pacor.

26          Defendant's removal papers do not indicate what portion of it's overall purchases of

27

28   _____
    [3]See generally Restatement (Second) of Torts § 388(c) (standards governing liability of
    direct or indirect supplier for failure to warn); id. § 399 (principles of § 388 apply to the seller
    of a chattel manufactured by a third party if he sells it with knowledge of likely dangerousness).

12   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
       REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd                                        BRAXTON ✣ PURCELL
                                                                              American Bank Building
                                                                      621 SW Morrison Street, Suite 950
                                                                              Portland, Oregon 97205
                                                                                  (503) 295-4931

1  asbestos-containing friction products came from Abex, Ferodo America, Inc. (Ferodo) or

2  Wagner Electric Corporation (Wagner), nor does defendant claim that Federal-Mogul entities

3  were the only suppliers of friction products.  There is no suggestion that Abex, Ferodo or

4  Wagner were among the defendant's major suppliers and there is no mention of friction

5  products the defendant manufactured itself.  The defendant has made no effort to quantify on the

6  record what portion of the asbestos personal injury cases against it actually involves a brake

7  component or other products purchased from Abex, Ferodo or Wagner.  Defendant does not

8  claim in the removal papers ever to have filed *any* indemnification or contribution suit *anywhere*

9  pertaining to asbestos against any Federal-Mogul affiliate, much less collected any money from

10  Abex, Ferodo or Wagner based on asbestos liability.

11      On the issue of causation, the defendant alleges that the asbestos in automobile brakes

12  somehow is rendered harmless by the high temperatures created in braking. (MT Mem. at 23.)

13  Even assuming this were true, which it is not, the defendant does not address the question of

14  exposure to asbestos resulting from the process of arcing and grinding or sanding of *new* brakes

15  routinely necessary in order to fit them to the brake drum.  This procedure is a regular and

16  integral part of the installation and use of defendant's products. (Affidavit of David A. Stewart.)

17  The question is not whether brakes cause disease, but whether the asbestos in the brakes, which

18  comprises as much as 60 per cent of the brake pad, (*See, Wheeler v. Raybestos-Manhattan*

19  (1992) 8 Cal.App.4th 1152,1156.) causes disease.  And it does.

20      Once the rhetoric of derivative liability and indemnification has been stripped away,

21  what remains of the defendant's jurisdictional theory is simply this:

22      The claims against the automobile manufacturers are based in part on the *same*
        *products* as claims asserted against the Debtor.  Accordingly, the liability of the
23      automobile manufacturers turns on the same threshold question governing the
        claims against the Debtor -- whether the friction products manufactured by the
24      Debtor are capable of causing disease -- making the case for centralized
        adjudication before [the bankruptcy] Court ever more compelling.
25
    (MT Mem. at 50 (emphasis in the original).)[4]   This theory is indeed just that.
26
27      The defendant bases much of it's argument on the proposition that there is insufficient

28  _____

    [4]The words, "in part," which qualify the first sentence of the passage quoted above, are
    worthy of an emphasis they did not receive in the Movant's brief.

    13   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
         REMAND AND FOR PAYMENT OF FEES AND COSTS

1  evidence to support liability for asbestos exposure from friction products under the standard of

2  *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). (MT Mem. at 26.)

3  Defendant's arguments would lead the court to believe that either the question of causation by

4  friction products is one of first impression, or that the state and federal trial courts are ignoring

5  their responsibilities to determine causation in individual cases. Neither position is accurate.

6  *Daubert* has nothing to do with this motion. The defendant did not suddenly become a

7  defendant upon the bankruptcy of Federal-Mogul, (Affidavit of David A. Stewart.) nor are state

8  and federal trial courts unwilling to require plaintiffs to meet causation standards with proper

9  admissible evidence. In fact the defendant's own Motion to Transfer cites numerous cases in

10 which the federal and state courts have denied recovery to plaintiffs who have failed to

11 demonstrate causation. (*See*, MT Mem at 34-35 and the cases cited.) To allege that these courts

12 are somehow unable or unwilling to perform their "gatekeeping" responsibilities under *Daubert*

13 is absurd.

14       The question to be answered, in each and every individual case, is not whether

15 automobile friction products cause disease. The question is whether asbestos indiscriminately

16 released from the defendant's product in their foreseeable and intended use was a substantial

17 factor in causing the individual plaintiff's asbestos related disease. This question can and must

18 be answered only in an individual action which considers all the factors of exposure and the

19 facts of each case itself. Therefore, plaintiff hereby moves that this court remand this action to

20 the Circuit Court.

21 F.     **The Plaintiff is Entitled to, and Requests, Costs and Attorney Fees**

22       When a Federal District Court grants remand, that order may "require payment of just

23 costs and any actual expenses, including attorney fees, incurred as a result of the removal." (28

24 U.S.C. 1447(c). *See, Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir. 1993)).

25 "When defendants remove a case improperly, for example, they cause the plaintiffs to incur the

26 expense of seeking a remand. That expense is a direct result of the removal, and section 1447(c)

27 permits the plaintiffs to recoup that expense." (*Baddie v. Berkeley Farms. Inc.* 64 F.3d 487, 490

28 (9th Cir. 1995)). Such is the case here.

---

14   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
     REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\21570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 930
Portland, Oregon 97205
(503) 765-4031

1   Moreover, plaintiffs can recover their expenses in securing remand even when, unlike

2   here, the removal is done in good faith.  In *Gray v New York Life Ins. Co.* (1995, ND Ala) 906 F

3   Supp 628, the plaintiffs, who successfully obtained remand of an insurance misrepresentation

4   action to state court, were awarded attorney's fees.  The court there concluded that even if the

5   insurer who had removed the action acted in good faith and with an arguable, albeit tenuous,

6   basis in law or fact, the removal still carried the risk that attorney's fees would be rewarded if

7   removal was deemed improvident.

8       Here, the defendant ignored independent causes of action unrelated to Federal-Mogul

9   and disregarded the status of individual cases and individual defendants.  This abuse of the

10  removal process should result in the award of fees and costs to plaintiff.

11      As a result of the defendant's improvident removal, plaintiff has incurred fees and

12  expenses.   Pursuant to 28 U.S.C. §1447(c) Plaintiff requests that the court's remand order

13  include an award of these costs.

14                          V.

15                       CONCLUSION

16      The defendant's removal is not timely.  Plaintiff's complaint raises no federal question or

17  diversity issues on which to base federal jurisdiction.  The defendant's allegation that this court

18  has removal jurisdiction based on 28 U.S.C. § 1334 is without merit.  The defendant admits the

19  matter is not a core matter under 28 U.S.C. § 157 and the law is clear that the causes of action

20  are not "related to" the bankruptcy of Federal-Mogul as that term is interpreted by the courts.

21  Further, the justification for removal to the federal courts and transfer to the Bankruptcy Court

22  in Delaware is based on an incorrect and misleading premise.  This case is a state court case

23  based on state law causes of action.  There is no federal bankruptcy jurisdiction for this or any

24  other federal court to hear this case.  Even if there were, well-settled principles of both

25  mandatory and equitable abstention dictate that this court abstain from hearing the matter.

26  ///

27  ///

28  ///

15   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\Remand\Memo P&A.wpd

BRAYTON ❖ PURCELL
American Bank Building
621 SW Morrison Street, Suite 975
Portland, Oregon 97205
(503) 295-4931

1   Accordingly, plaintiff requests that this court promptly remand the case to the Circuit Court and

2   award plaintiff his fees and costs.

3

4   Dated this 26th day of December, 2001.     Respectfully submitted,

5                              BRAYTON ❖ PURCELL

6

7                         By: _____

8                             Robyn L. Stein, OSB No. 99368
                                  Elaine Brown, OSB No. 93036

9                             David A.  Stewart, OSB No.  98108

10                         Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO
REMAND AND FOR PAYMENT OF FEES AND COSTS

J:\Oregon\25570\RemandMemo P&A.wpd                       BRAYTON ❖ PURCELL
                                      American Bank Building
                     621 SW Morrison Street, Suite 950
                          Portland, Oregon 97205
                          (503) 295-4931

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

MAXWELL NOBLE, ET. AL.                                  PLAINTIFFS

V.

CIVIL ACTION NO. 1:01CV391GR

E.H. O'NEIL COMPANY, ET. AL.                           DEFENDANTS

## PLAINTIFFS' RESPONSE TO NOTICE OF ORDER PROVISIONALLY TRANSFERRING FRICTION PRODUCT CLAIMS AGAINST DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY AND GENERAL MOTORS CORPORATION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Plaintiffs file this Response to Notice of Order Provisionally Transferring Friction Product Claims against DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (collectively the "Big Three") to the United States District Court for the District of Delaware ("Notice") and would respectfully show the Court as follows:

## I.    INTRODUCTION

On November 30, 2001, non-debtor Defendants DaimlerChrysler Corporation ("Chrysler") and Ford Motor Company ("Ford") filed their Supplemental Notice of Removal in this case. At or about the same time, the Big Three filed their Motion to Stay Action Pending Resolution of Motion to Transfer Pursuant to 28 U.S.C. § 157(b)(5) that was filed on November 20, 2001 in the United States District Court for the District of Delaware ("Delaware Court") claiming "related to" jurisdiction with the Federal Mogul bankruptcy proceedings. On this day, Plaintiffs are also filing their Supplemental Motion to Remand urging this Court to remand this case to state court based on various grounds, including without limitation, that the Big Three's

Supplemental Removal was late and is therefore fatally defective. On or about December 10, 2001, the Delaware Court, without notice to Plaintiffs, issued its Order provisionally transferring to itself "Friction Product Claims" affecting the Big Three. Then, on or about December 12, 2001, the Big Three filed with this Court the Notice wherein it advised this Court, erroneously, that it was the Big Three's position that the Delaware Court's Order affected this case, and that jurisdiction of this case was vested in the Delaware Court. All of the above action was taken: in complete disregard of this Court's authority and obligation to, itself, determine jurisdictional issues; prior to any action by this Court; without notice to Plaintiffs; and prior to the expiration of the time allowed by law for Plaintiffs to seek remand in this Court.

## II.   THE STATUTE ALLOWING A UNITED STATES DISTRICT JUDGE TO FIX THE VENUE OF PERSONAL INJURY CLAIMS AGAINST THE DEBTOR DOES NOT APPLY TO CLAIMS AGAINST INDEPENDENT THIRD-PARTIES

The transfer statute that the Big Three relies on, 28 U.S.C. § 157(b)(5), does not apply to personal injury cases against solvent asbestos defendants who are not closely affiliated with the Debtor. Correctly understood, section 157(b)(5) means nothing more than that the District Court presiding over a bankruptcy should determine whether personal injury claims *against the debtor* should be tried in that district or in the respective districts where the claims arose. This narrow statute does not override the removal and remand statutes that properly govern the allocation of judicial authority between federal and state courts in personal injury cases against *non-bankrupt third parties who are independent of the debtor. See* 28 U.S.C. § 1452. *See also* Rule 9027, Fed.R. Bankr.P. Still less does it permit a Federal District Court in Delaware to run roughshod over sister district courts, including this Court, throughout the United States that are even now entertaining remand and abstention motions in the many cases that the Big Three have

PLAINTIFFS' RESPONSE TO NOTICE 2

removed from the state courts as a step in their transfer campaign.  This analysis is borne out by *A. H. Robins v. Piccinin*, 788 F.2d 994 (4th Cir.), *cert. denied*, 479 U.S. 876 (1986).

In *Robins*, the Fourth Circuit had occasion to consider the scope of section 157(b)(5) and its relationship to 28 U.S.C. § 1412, the general transfer statute.  The debtor in that case was the manufacturer of the Dalkon Shield intrauterine device and filed for bankruptcy under the press of overwhelming numbers of product liability suits based on that product.  It moved to transfer venue of the tort suits to the Eastern District of Virginia under section 157(b)(5), but respondents countered that this provision should be deemed preempted by section 1412, which assigned the venue-fixing prerogative to those district courts where the tort suits were pending, rather than to the district court having jurisdiction of the bankruptcy.  The Fourth Circuit resolved the conflict between the two transfer provisions by construing section 157(b) as applying to suits against the debtor and section 1412 as holding sway in "all other cases related to the bankruptcy proceedings." 788 F.2d at 1011.  Referring to the statutory purpose articulated by Congressman Kastenmeier, as quoted above, the Court opined:

> That purpose would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue *for tort claims against a debtor* was to be preempted by the provisions of section 1412.  We do not believe this to have been the intention of Congress in enacting the two statutes.  *Section 157(b)(5) was drafted to cover the procedure in connection with a special group of cases, to wit, personal injury tort claims against a debtor in Chapter 11 proceedings* wherever pending and in that connection the section is supreme.  *In all other cases related to the bankruptcy proceedings, however, the general statute (i.e., section 1412) would govern.*  This, we think, is the proper construction to be given the two statutes.  It is a construction that harmonizes the two sections.  It conforms to the established canon of statutory construction that "[w]e must read the statutes [in those instances where there is any possible

> conflict] to give effect to each if we can do so while preserving their
> sense and purpose."

788 F.2d at 1011, *quoting Watts v. Alaska*, 451 U.S. 259, 267 (1981) (emphasis added) (other

citations omitted).

The *Robins* court thus drew a sharp distinction between personal injury suits against the

debtor and other suits related to the bankruptcy. As to personal injury suits against *the debtor*

*only*, the venue-fixing power lies in the district court where the bankruptcy pends, as spelled out

in section 157(b)(5). For all other cases, even those "related to" the bankruptcy, transfer of

venue is determined under section 1412, which assigns that question to the district court where

the particular suit is pending. The Big Three's argument in this case depends on reading section

157(b)(5) as though its scope were coextensive with "related to" jurisdiction. Yet, the *Robins*

decision explicitly rejects this approach.

The line drawn in *Robins* between tort suits against the debtor and all other "related to"

litigation is not blurred to any significant degree by the presence of related-party co-defendants in

the Dalkon Shield tort suits. Those co-defendants were not unaffiliated persons linked to Robins

only by some improbable claim to implied indemnity, but officers and employees of Robins who

had been joined in the litigation as surrogates for Robins itself in an effort to circumvent the

automatic stay and tap into Robins' insurance. *See* 788 F.2d at 1007.[1] Another point of

contrast between *Robins* and the instant case is that the transfer order in *Robins* affected only

---

[1] Aetna, Robins' insurer, was also a co-defendant in some cases, and the named individuals were
co-insureds under the policies, as well as beneficiaries of undisputed contractual rights of
indemnification. *See* 788 F.2d at 1007. As the insurance was property of the Robins estate, all
of the defendants were held to be protected by the automatic stay. *Id.* at 1001-02. By contrast,
as shown above, independent third parties like the Big Three are not so intertwined with the

tort suits that actually involved the Dalkon Shield, Robins' product, whereas the Big Three here are attempting to force all asbestos-related friction products tort suits into the Federal-Mogul forum, even as to cases that do not touch on a product attributable to Federal-Mogul.

It must not be overlooked that the Big Three are seeking to bar state tribunals (where most asbestos litigation takes place) from proceeding with any asbestos-related friction products claims against them. This drastic proposal cannot be squared with the statutes Congress has carefully crafted to balance federal jurisdiction against the authority of the state courts. Just as 28 U.S.C. § 157(b)(5) bows to section 1412 in the allocation of responsibility among the district courts for claims against the Big Three in the federal system, section 1452 of the same title governs removal from the state courts of cases that are subject to bankruptcy jurisdiction. Under section 1452,

> (a) A party may remove any claim or cause of action in any civil action . . . *to the district court for the district where such civil action is pending*, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452 (emphasis added).

This statute dictates that removal is the normal route into the federal system for cases that are legitimately related to a bankruptcy. This statute would become largely superfluous if, as the Big Three would have it, every personal injury case that could be argued to be "related to" a bankruptcy under a virtually limitless conception of section 1334(b) were eligible to be transferred under section 157(b)(5) without having been validly removed under section 1452(a). Just as *Robins* refused to give section 157(b)(5) precedence over the general venue statute as

---

debtor and its property that a suit against them can plausibly be considered tantamount to a suit

regards personal injury actions against entities that are not debtors and are not closely affiliated with a debtor, so the statutory scheme must not be distorted by allowing section 157(b)(5) to preempt removal proceedings in such cases.

Anticipating, perhaps, the futility of their effort to scuttle the removal statute, the Big Three are now engaged in the wholesale filing of removal notices in state court asbestos litigation across the nation. Asbestos claimants are responding as required by the rules, and district judges throughout the land are thus receiving and entertaining remand motions. This is as it should be, for the exercise of discretion to remand is vested by statute in the removal districts, and not in a Delaware District Court. Congress made plain that such discretion resides *exclusively* in the remand courts when it provided that their decisions remanding or declining to remand are not "reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States." 28 U.S.C. § 1452(b). It stands to reason that if the Supreme Court cannot second-guess the rulings of a remand court, there can be no warrant for a Delaware Court to prevent the this Court from exercising its exclusive decision-making powers at all. The Big Three's suggestion that a Delaware District Court can ignore the statutory scheme and claim for itself the exclusive jurisdiction of other federal district courts, all with the aim of leap-frogging over removal and remand proceedings altogether, is simply contrary to law.

## III.   CONCLUSION

This Court, not a Federal District Court in Delaware, maintains sole jurisdiction to make the decision to either remand part or all of this case back to state court or to transfer part or all of

---

against the debtor.

this case to the Delaware Court. The Big Three erroneously claim that the Honorable Alfred M. Wolin now has sole jurisdiction of this case pursuant to his order allegedly provisionally transferring this case to the Delaware Court. The Big Three's assertion that a Federal District Judge in Delaware has the authority to usurp this Court's authority and unilaterally transfer cases pending in this Court is not supported by the relevant statutory or case law. Accordingly, the Big Three's claim that this Court is without jurisdiction over this case is incorrect, and should therefore be ignored by this Court in its disposition of this case.

## IV.    RELIEF REQUESTED

Plaintiffs urge this Court to disregard the Notice, continue to exercise its exclusive authority and jurisdiction over the removal and remand proceedings of this case and make a determination of the merits of Plaintiffs' Supplemental Motion to Remand which has been on this day filed by Plaintiffs with this Court, as well as the original Plaintiffs' Motion to Remand filed with this Court on October 19, 2001.

Respectfully Submitted,

Stephen E. Harrison, II, Esq.
Sheila J. Hendricks, Esq. MSB # 9969

CAMPBELL~CHERRY~HARRISON~
DAVIS~DOVE
P.O. Box 24328
Jackson, MS 39225-4328
Phone: (601) 355-6444
Fax:    (601) 355-2163

PLAINTIFFS' RESPONSE TO NOTICE 7

Lisa Blue, Esq.
Baron & Budd, P.C.
3102 Oak Lawn Ave., Ste. 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181

## CERTIFICATE OF SERVICE

I certify that I have this twenty-eighth day of December, 2001 forwarded by U.S. mail, postage prepaid, a true and correct copy of the foregoing Plaintiffs' Response to Notice of Order Provisionally Transferring Friction Product Claims against DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation to the United States District Court for the District of Delaware to all counsel of record on the attached Service List.

Stephen E. Harrison, II, Esq.

PLAINTIFFS' RESPONSE TO NOTICE 9

J

ALL-STATE® LEGAL   800-222-0510   EOS51   RECYCLED

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**F I L E D**

In Re Asbestos Products
Liability Litigation (No. VI)

JAN 1 6 2002      MDL 875

See Attached List of Cases

MICHAEL E. KUNZ, Clerk

X

By _____ Dep. Clerk

## O R D E R

The Court having been advised that the issues raised in each of these actions are also presently pending before the Honorable District Court Judge Alfred Wolin. Judge Wolin has been specially designated to sit in the District of Delaware and preside over these matters. Further, the Judge has set a schedule and will proceed appropriately. In the interest of judicial economy and for a prompt resolution of all outstanding issues this Court will hold its action in abeyance and await the ruling by the Bankruptcy Court.

IT IS THEREFORE THE ORDER OF THIS COURT that all pending motions for abstention and remand are denied without prejudice at this time with leave to renew at a later date. The cases are administratively dismissed, subject to reinstatement following the determination of the bankruptcy issues by Judge Wolin.

DONE this 15th day of January, 2002.

BY THE COURT

Charles R. Weiner        S.J.

THOMAS A. ANAPOL, ESQ.
PETER G. ANGELOS, ESQ.
LEE R. BALEFSKY, ESQ.
MARGARET A. BARRY, ESQ.
ALAN S. BATTISTI, ESQ.
EDWIN H. BEACHLER, ESQ.
BRUCE H. BIKIN, ESQ.
BARRY H. BOISE, ESQ.
LAURENCE H. BROWN, ESQ.
BARBARA J. BUBA, ESQ.
GREGORY N. BUNITSKY, ESQ.
SHARON L. CAFFREY, ESQ.
GERALD CEDRONE, ESQ.
LAWRENCE R. COHAN, ESQ.
JOHN W. DORNBERGER, ESQ.
EDWARD T. FINCH, ESQ.
FRANK FINCH, III, ESQ.
JAMES T. FITZGERALD, ESQ.
EDWARD M. GARRIGAN-NASS, ESQ.
FREDRIC L. GOLDFEIN, ESQ.
DENNIS J. GRUENKE, ESQ.
RICHARD P. HACKMAN, ESQ.
ROBERT J. HAFNER, ESQ.
LARRY HAFT, ESQ.
EUGENE HAMILL, ESQ.
GEORGE W. HOWARD, ESQ.
LELAND I. KELLNER, ESQ.
MARK A. KOWIT, ESQ.
MICHAEL B. LEH, ESQ.
HEATHER J. LIPSON, ESQ.
LAMONT G. MCCLURE, JR., ESQ.
JOHN C. MCMEEKIN, II, ESQ.
MARLA A. MACEY, ESQ.
EDWARD P. MONAGHAN, ESQ.
PETER J. NEESON, ESQ.
THOMAS P. NOVAK, ESQ.
ROBERT E. PAUL, ESQ.
ALLEN L. ROTHENBERG, ESQ.
ROBERT W. ROWAN, ESQ.
SUSAN B. SATKOWSKI, ESQ.
STEWART R. SINGER, ESQ.
MARK G. STRAUSS, ESQ.
WILLIAM C. SULLIVAN, ESQ.
GEORGE A. WEBER, ESQ.
STEPHEN W. WILSON, ESQ.

| | | | Plaintiff | Defendant | No. | Attorney |
|---|---|---|---|---|---|---|
| 1 | CV | 5791 | 11/29/01 | HAMILL | PNEUMO ABEX CORPORAT | 132 | KATZ |
| 1 | CV | 5901 | 11/29/01 | BROWN | CSX CORPORATION | 109 | BRODY |
| 1 | CV | 5991 | 11/29/01 | GRIMES | A C & S, INC. | 132 | NEWCOMER |
| 1 | CV | 5995 | 11/28/01 | COADY | A C & S, INC. | 132 | SCHILLER |
| 1 | CV | 6021 | 12/03/01 | BULLEN | ARMSTRONG WORLD | 223 | GREEN |
| 1 | CV | 6035 | 12/05/01 | BUTCHER | PNEUMO ABEX | 223 | SCHILLER |
| 1 | CV | 6051 | 12/05/01 | CREVY | ACES, INC. | 115 | NEWMYER |
| 1 | CV | 6091 | 12/05/01 | DANFMANI | ACES, INC. | 136 | KELLY |
| 1 | CV | 6091 | 12/05/01 | LAWITS | ACES, INC. | 223 | SWANICK |
| 1 | CV | 6097 | 12/05/01 | HARVEY | ACES, INC. | 21 | TUCKER |
| 1 | CV | 6100 | 12/05/01 | BAILEY | A.P. GREEN INDUSTRIE | 139 | HUTTON |
| 1 | CV | 6111 | 12/06/01 | MCILWAIN | DAIMLERCHRYSLER CORP | 222 | SCHILLER |
| 1 | CV | 6145 | 12/11/01 | ABBOTT | DAIMLERCHRYSLER CORP. | 205 | PADOVA |
| 1 | CV | 6146 | 12/11/01 | ALBRIGHT | GENERAL MOTORS CORP. | 139 | HUTTON |
| 1 | CV | 6147 | 12/11/01 | ALBRIGHT | DAIMLERCHRYSLER CORP. | 222 | SCHILLER |
| 1 | CV | 6151 | 12/11/01 | ALEXANDER | DAIMLERCHRYSLER CORP | 222 | SCHILLER |
| 1 | CV | 6159 | 12/11/01 | ALLEN | DAIMLERCHRYSLER | 133 | VAN ARTSDALPEN |
| 1 | CV | 6170 | 12/11/01 | ARNDT | FORD MOTOR COMPANY | 204 | DALZELL |
| 1 | CV | 6171 | 12/11/01 | BAKER | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 1 | CV | 6172 | 12/11/01 | BALESTINO | GENERAL MOTORS CORP. | 209 | BRODY |
| 1 | CV | 6174 | 12/11/01 | BANT | DAIMLERCHRYSLER | 134 | KELLY |
| 1 | CV | 6175 | 12/11/01 | BERISOU | GENERAL MOTORS CORP | 205 | PADOVA |
| 1 | CV | 6176 | 12/11/01 | BERRY | DAIMLERCHRYSLER | 208 | ROBRENO |
| 1 | CV | 6177 | 12/11/01 | BERRY | DAIMLERCHRYSLER CORP | 204 | DALZELL |
| 1 | CV | 6178 | 12/11/01 | BERTEL | GENERAL MOTORS CORP. | 135 | VAN ARTSDALPEN |
| 1 | CV | 6180 | 12/11/01 | BORGIA | DAIMLERCHRYSLER CORP. | 202 | YOHN |
| 1 | CV | 6181 | 12/11/01 | BONIGLI | GENERAL MOTORS CORP. | 202 | YOHN |
| 1 | CV | 6182 | 12/11/01 | BOYD | DAIMLERCHRYSLER CORP. | 204 | JOYNER |
| 1 | CV | 6183 | 12/11/01 | DOYLE | GENERAL MOTORS CORP. | 216 | KAUFFMAN |
| 1 | CV | 6184 | 12/11/01 | BROKER | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 1 | CV | 6185 | 12/11/01 | BROWN | DAIMLERCHRYSLER | 209 | BRODY |
| 1 | CV | 6189 | 12/11/01 | BRUHN | DAIMLERCHRYSLER | 134 | KELLY |
| 1 | CV | 6190 | 12/11/01 | BROHM | DAIMLERCHRYSLER CORP. | 206 | JOYNER |
| 1 | CV | 6191 | 12/11/01 | BUYEON | GENERAL MOTORS CORP. | 117 | BUCKWALTER |
| 1 | CV | 6192 | 12/11/01 | BURROWS | DAIMLERCHRYSLER CORP | 119 | HUTTON |
| 1 | CV | 6193 | 12/11/01 | CANNON | GENERAL MOTORS | 135 | NEWMYER |
| 1 | CV | 6194 | 12/11/01 | CAPONE | GENERAL MOTORS CORP | 23 | SURRICK |
| 1 | CV | 6195 | 12/11/01 | CARDOSELLI | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 1 | CV | 6196 | 12/11/01 | CASSIDY | FORD MOTOR COMPANY | 214 | KAUFFMAN |
| 1 | CV | 6197 | 12/11/01 | CHRISTOPHER | DAIMLERCHRYSLER CORP | 139 | GILES |
| 1 | CV | 6199 | 12/11/01 | BIVITO | FORD MOTOR COMPANY | 117 | BUCKWALTER |
| 1 | CV | 6201 | 12/11/01 | COWELL | DAIMLERCHRYSLER CORP. | 204 | DALZELL |
| 1 | CV | 6202 | 12/11/01 | CRAMER | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 1 | CV | 6203 | 12/11/01 | DAY | DAIMLERCHRYSLER CORP. | 139 | GILES |
| 1 | CV | 6204 | 12/11/01 | DELL | DAIMLERCHRYSLER CORP | 223 | SURRICK |
| 1 | CV | 6205 | 12/11/01 | DEWOLT | FORD MOTOR COMPANY | 202 | YOHN |
| 1 | CV | 6206 | 12/11/01 | DEROSA | BREGUET | 147 | BUCKWALTER |
| 1 | CV | 6208 | 12/11/01 | DISTEFANO | FORD MOTOR COMPANY | 209 | BRODY |
| 1 | CV | 6209 | 12/11/01 | COLEMAN | DAIMLERCHRYSLER CORP | 216 | KAUFFMAN |
| 1 | CV | 6210 | 12/11/01 | DONOPRIO | DAIMLERCHRYSLER CORP | 174 | KELLY |
| 1 | CV | 6211 | 12/11/01 | DYER | DAIMLERCHRYSLER CORP | 135 | MEIMER |
| 1 | CV | 6212 | 12/11/01 | DORHAM | FORD MOTOR COMPANY | 222 | TUCKER |
| 1 | CV | 6213 | 12/11/01 | FARMER | GENERAL MOTORS CORP | 208 | BRODY |
| 1 | CV | 6214 | 12/11/01 | WARD | DAIMLERCHRYSLER CORP. | 115 | HESTHE |
| 1 | CV | 6215 | 12/11/01 | KEIL | DAIMLERCHRYSLER CORP. | 202 | YOHN |
| 1 | CV | 6216 | 12/11/01 | KILDING | GENERAL MOTORS CORP. | 221 | TUCKER |
| 1 | CV | 6218 | 12/11/01 | KERNS | DAIMLERCHRYSLER CORP | 135 | VAN ARTSDALPEN |
| 1 | CV | 6219 | 12/11/01 | LATTIN | GENERAL MOTORS CORP. | 216 | KAUFFMAN |
| 1 | CV | 6220 | 12/11/01 | LEKA | DAIMLERCHRYSLER CORP. | 135 | MEIMER |
| 1 | CV | 6221 | 12/11/01 | LUCAS | GENERAL MOTORS CORP. | 208 | ROBRENO |
| 1 | CV | 6222 | 12/11/01 | LYONS | DAIMLERCHRYSLER CORP | 221 | TUCKER |
| 1 | CV | 6223 | 12/11/01 | MAGUIRE | DAIMLERCHRYSLER CORP. | 131 | KELLY |
| 1 | CV | | | | | 221 | TUCKER |
| 1 | CV | | | | | 134 | KELLY |

| | Date | Name | Defendant | | Name |
|---|---|---|---|---|---|
| C | 12/11/01 | MORGAN | GENERAL MOTORS CORP | 134 | KELLY |
| C | 12/11/01 | MORRIS | GENERAL MOTORS CORP | 135 | PADOVA |
| C | 12/11/01 | ORLOSKI | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| C | 12/11/01 | FERDICANO | DAIMLERCHRYSLER | 205 | PADOVA |
| C | 12/11/01 | PRESLEY | DAIMLERCHRYSLER CORP. | 209 | BRODY |
| C | 12/11/01 | RENNER | FORD MOTOR COMPANY | 216 | KAUFMAN |
| C | 12/11/01 | BROUKLIS | GENERAL MOTORS CORP. | 135 | VAN ANTWERPEN |
| C | 12/11/01 | BARICANT | DAIMLERCHRYSLER CORP. | 216 | KAUFMAN |
| C | 12/11/01 | TILLETT | GENERAL MOTORS CORP | 208 | JOYNER |
| C | 12/11/01 | TUCK | DAIMLERCHRYSLER CORP | 203 | TUCK |
| C | 12/11/01 | VORA | DAIMLERCHRYSLER CORP | 221 | TUCKER |
| C | 12/12/01 | LOMBARDO | GENERAL MOTORS CORP | 135 | VAN ANTWERPEN |
| C | 12/12/01 | IMPAX | DAIMLERCHRYSLER CORP. | 135 | VAN ANTWERPEN |
| C | 12/12/01 | PAPUSHORITES | DAIMLERCHRYSLER CORP | 130 | O'NEILL |
| C | 12/12/01 | MORELLO | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| C | 12/12/01 | CULLIS | FORD MOTOR COMPANY | 209 | BRODY |
| C | 12/12/01 | FALGIANO | DAIMLERCHRYSLER CORP. | 20 | YOHN |
| C | 12/13/01 | AGOLER | GENERAL MOTORS CORP. | 221 | TUCKER |
| C | 12/13/01 | ELLIS | GENERAL MOTORS | 281 | TUCKER |
| C | 12/13/01 | SENECAL | DAIMLERCHRYSLER CORP | 209 | DALZELL |
| C | 12/13/01 | PAGNANO | FORD MOTOR COMPANY | 222 | SCHILLER |
| C | 12/13/01 | FELSTEN | GENERAL MOTORS CORP. | 206 | JOYNER |
| C | 12/13/01 | FIGUEIREDO | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| C | 12/13/01 | FINN | DAIMLERCHRYSLER CORP. | 139 | HUTTON |
| C | 12/13/01 | GETZ | DAIMLERCHRYSLER CORP. | 205 | PADOVA |
| C | 12/13/01 | CLICK | DAIMLERCHRYSLER CORP. | 135 | VAN ANTWERPEN |
| C | 12/13/01 | HALL | DAIMLERCHRYSLER CORP | 115 | MCNUNN |
| C | 12/13/01 | HENDRICKS | GENERAL MOTORS CORP. | 209 | BRODY |
| C | 12/13/01 | GREGORY | FORD MOTOR CORP. | 206 | ROBRENO |
| C | 12/13/01 | KERSHMONTIS | DAIMLERCHRYSLER CORP | 131 | KELLY |
| C | 12/13/01 | HOYWGAEL | GENERAL MOTORS | 221 | SURRICK |
| C | 12/13/01 | JONES | DAIMLERCHRYSLER CORP. | 204 | JOYNER |
| C | 12/13/01 | KANDING | GENERAL MOTORS CORP. | 214 | KAUFMAN |
| C | 12/13/01 | KLEINSCHMASTER | FORD MOTOR COMPANY | 115 | WEINER |
| C | 12/13/01 | LUTTER | DAIMLERCHRYSLER CORP. | 231 | SURRICK |
| C | 12/13/01 | MCMAHON | GENERAL MOTORS CORP | 139 | HUTTON |
| C | 12/13/01 | MCCLURE | GENERAL MOTORS CORP. | 205 | PADOVA |
| C | 12/13/01 | MCFADDEN | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| C | 12/13/01 | BOTGGH | GENERAL MOTORS | 115 | MCNUNN |
| C | 12/13/01 | DOUGHERTY | DAIMLERCHRYSLER CORP | 209 | BRODY |
| C | 12/13/01 | OZGUSO | DAIMLERCHRYSLER CORP | 20 | YOHN |
| C | 12/13/01 | DASH | DAIMLERCHRYSLER CORP | 209 | BRODY |
| C | 12/13/01 | DICANLANTONIO | GENERAL MOTORS CORP | 113 | BUCKWALTER |
| C | 12/13/01 | DIMARIA | DAIMLERCHRYSLER CORP. | 115 | WEINER |
| C | 12/13/01 | DINARDO | DAIMLERCHRYSLER CORP | 209 | ROBRENO |
| C | 12/13/01 | DOHERTY | GENERAL MOTORS CORP | 129 | GILES |
| C | 12/13/01 | COKOLA | DAIMLERCHRYSLER CORP. | 206 | JOYNER |
| C | 12/13/01 | CURRI | DAIMLERCHRYSLER CORP. | 20 | YOHN |
| C | 12/13/01 | CALDENWOOD | GENERAL MOTORS | 131 | KELLY |
| C | 12/13/01 | CARRIGAN | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| C | 12/13/01 | CARUSO | DAIMLERCHRYSLER CORP. | 139 | HUTTON |
| C | 12/13/01 | CASTALDO | GENERAL MOTORS CORP. | 205 | PADOVA |
| C | 12/13/01 | COPPOLA | DAIMLERCHRYSLER CORP | 209 | DALZELL |
| C | 12/13/01 | COUGH | DAIMLERCHRYSLER CORP. | 147 | BUCKWALTER |
| C | 12/13/01 | COAY | GENERAL MOTORS CORP | 221 | SURRICK |
| C | 12/13/01 | BRADLEY | GENERAL MOTORS CORP | 209 | DALZELL |
| C | 12/13/01 | BRAY | GENERAL MOTORS CORP | 129 | GILES |
| C | 12/13/01 | BROWN | GENERAL MOTORS CORP. | 22 | SURRICK |
| C | 12/13/01 | BITZER | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| C | 12/13/01 | ABRAHAM | DAIMLERCHRYSLER CORP | 201 | ROBRENO |
| C | 12/13/01 | AGILETTO | DAIMLERCHRYSLER CORP. | 222 | SCHILLER |
| C | 12/13/01 | NASH | DAIMLERCHRYSLER | 20 | YOHN |
| C | 12/13/01 | ALSTON | GENERAL MOTORS CORP. | 216 | KAUFMAN |
| C | 12/13/01 | ARDIA | DAIMLERCHRYSLER CORP | 222 | SCHILLER |

| | | |
|---|---|---|
| 4115 12/13/01 AUBEN | DAIMLERCHRYSLER CORP | 115 WEISER |
| 4116 12/13/01 BACKMAN | DAIMLERCHRYSLER CORP | 209 DALZELL |
| 4117 12/17/01 BAILEY | GENERAL MOTORS CORP | 139 HUTTON |
| 4118 12/17/01 BARLOW | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 4333 12/13/01 BARIN | DAIMLERCHRYSLER CORP | 221 SURBICK |
| 4313 12/13/01 MCKEEZIE | GENERAL MOTORS CORP | 205 PADOVA |
| 4314 12/13/01 MASCITTI | GENERAL MOTORS CORP | 205 DALZELL |
| 4315 12/13/01 MANILLIO | GENERAL MOTORS CORP | 201 BRODY |
| 4355 12/13/01 MATTI | DAIMLERCHRYSLER CORP | 209 ROBREHO |
| 4356 12/11/01 PECKOVICH | DAIMLERCHRYSLER CORP | 209 ROBREHO |
| 4356 12/13/01 MILLER | FORD MOTOR COMPANY | 147 BUCKWALTER |
| 4357 12/13/01 MOGAR | DAIMLERCHRYSLER CORP | 221 SURBICK |
| 4358 12/13/01 MORELLO | DAIMLERCHRYSLER CORP | 135 VAN ANTWERPEN |
| 4359 12/13/01 YOUNG | DAIMLERCHRYSLER CORP | 139 HUTTON |
| 4368 12/13/01 MORDAM | GENERAL MOTORS CORP. | 135 VAN ANTWERPEN |
| 4360 12/13/01 NATALE | DAIMLERCHRYSLER CORP | 201 YOHN |
| 4362 12/13/01 NEICC | DAIMLERCHRYSLER CORP. | 147 BUCKWALTER |
| 4363 12/13/01 ORTEL | DAIMLERCHRYSLER | 221 TUCKER |
| 4364 12/13/01 OTBECK | DAIMLERCHRYSLER | 223 SCHILLER |
| 4165 12/13/01 OLIVERI | GENERAL MOTORS CORP | 209 BRODY |
| 4366 12/13/01 PARMCUTT | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 4367 12/13/01 PHILOMENA | GENERAL MOTORS CORP | 201 YOHN |
| 4356 12/13/01 PHIZAM | GENERAL MOTORS CORP | 209 ROBREHO |
| 4366 12/13/01 PIERCE | GENERAL MOTORS CORP | 221 SURBICK |
| 4370 12/13/01 PIERCE | GENERAL MOTORS CORP. | 129 GLASS |
| 4371 12/17/01 PISANO | GENERAL MOTORS CORP. | 206 JOYNER |
| 4372 12/17/01 RANIUCIO | DAIMLERCHRYSLER CORP | 209 BRODY |
| 4373 12/17/01 RAY | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 4374 12/13/01 RICHAR | DAIMLERCHRYSLER | 222 SCHILLER |
| 4375 12/13/01 ROTH | DAIMLERCHRYSLER CORP | 115 WEINER |
| 4377 12/13/01 RUCNER | GENERAL MOTORS | 139 HUTTON |
| 4377 12/13/01 RUTH | GENERAL MOTORS | 221 TUCKER |
| 4378 12/13/01 SALVAGNO | DAIMLERCHRYSLER CORP | 131 KELLY |
| 4379 12/13/01 SAMBA | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 4390 12/13/01 SCHAFFER | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 4391 12/13/01 SCHLOSSBERG | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 4382 12/13/01 SWLAY | DAIMLERCHRYSLER CORP | 135 VAN ANTWERPEN |
| 4382 12/13/01 SWLAY | SHELBY | |
| 4385 12/13/01 SBLEMS | GENERAL MOTORS CORP | 201 DALZELL |
| 4385 12/13/01 OLIVENSKI | FORD MOTOR COMPANY | 204 DALZELL |
| 4386 12/13/01 SMALA | DAIMLERCHRYSLER CORP | 131 KELLY |
| 4387 12/13/01 SMITH | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 4388 12/13/01 STERLMANN | DAIMLERCHRYSLER CORP | 216 KAUFFMAN |
| 4388 12/13/01 STEIN | STRBLUAN | 221 TUCKER |
| 4389 12/13/01 STANISLAM | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 4390 12/13/01 STUSXI | GENERAL MOTORS CORP. | 139 HUTTON |
| 4391 12/13/01 SULAIVAN | DAIMLERCHRYSLER CORP | 131 KELLY |
| 4392 12/13/01 SUPOARS | DAIMLERCHRYSLER CORP | 209 ROBREHO |
| 4393 12/13/01 SZYNDORSKI | PAIMLERCHRYSLER CORP | 222 SCHILLER |
| 4395 12/13/01 THOMAS | DAIMLERCHRYSLER CORP | 201 YOHN |
| 4396 12/13/01 THOMAN | DAIMLERCHRYSLER CORP. | 209 BRODY |
| 4397 12/13/01 THOMPSON-ROGERS | DAIMLERCHRYSLER CORP | 206 JOYNER |
| 4398 12/13/01 TODO | GENERAL MOTORS CORP | 223 SURBICK |
| 4399 12/13/01 TRAUSUE | DAIMLERCHRYSLER CORP | 115 WEINER |
| 4600 12/13/01 VALENTINE | DAIMLERCHRYSLER CORP | 209 ROBREHO |
| 4601 12/13/01 VAZQUES | GENERAL MOTORS CORP. | 129 GLASS |
| 4603 12/13/01 VITELLI | DAIMLERCHRYSLER | 139 HUTTON |
| 4405 12/13/01 MATTERELI | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 4406 12/13/01 MILSOM | DAIMLERCHRYSLER CORP | 271 TUCKER |
| 4405 12/13/01 SIEGLER | DAIMLERCHRYSLER CORP | 223 SURBICK |
| 4407 12/13/01 YONCEL | DAIMLERCHRYSLER CORP | 115 WEINER |
| 4408 12/13/01 ZIPPOCHANI | DAIMLERCHRYSLER CORP | 147 BUCKWALTER |
| 4416 12/13/01 BACKDAY | DAIMLERCHRYSLER CORP | 205 PADOVA |
| 4418 12/13/01 BALAK | DAIMLERCHRYSLER CORP | 204 JOYNER |
| 4419 12/13/01 BRATRICE | DAIMLERCHRYSLER CORP | 223 SCHILLER |
| | | 131 KELLY |
| | | 135 VAN ANTWERPEN |

| | | | | | |
|---|---|---|---|---|---|
| 4437 | 12/14/01 | BILLAS | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 4440 | 12/14/01 | WOLEN | DAIMLERCHRYSLER CORP | 214 | KAUFMAN |
| 4441 | 12/14/01 | BORGMANN | DAIMLERCHRYSLER CORP | 223 | SCHILLER |
| 4442 | 12/14/01 | BURN | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 4446 | 12/14/01 | BUTLER | DAIMLERCHRYSLER CORP | 223 | SURRICK |
| 4447 | 12/14/01 | CHMIELEWSKI | DAIMLERCHRYSLER CORP | 201 | DALESSI |
| 4448 | 12/14/01 | COLLINS | DAIMLERCHRYSLER CORP | 216 | KAUFMAN |
| 4449 | 12/14/01 | DIFRANCA | DAIMLERCHRYSLER CORP | 209 | BRODY |
| 4450 | 12/14/01 | DONMANT | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| 4451 | 12/14/01 | DUDRICK | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 4452 | 12/14/01 | EARL | DAIMLERCHRYSLER CORP | 136 | KELLY |
| 4453 | 12/14/01 | FALZONE | DAIMLERCHRYSLER CORP | 216 | KAUFMAN |
| 4456 | 12/14/01 | FARAS | DAIMLERCHRYSLER CORP | 223 | TUCKER |
| 4457 | 12/14/01 | FOSTER | DAIMLERCHRYSLER CORP | 209 | BRODY |
| 4458 | 12/14/01 | GATTONE | DAIMLERCHRYSLER CORP | 201 | DALESSI |
| 4459 | 12/14/01 | GRZEGANLT | DAIMLERCHRYSLER CORP | 223 | TUCKER |
| 4460 | 12/14/01 | GEIGER | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 4461 | 12/14/01 | GLOWACKI | DAIMLERCHRYSLER CORP | 201 | TOHD |
| 4463 | 12/14/01 | GREEN | GREEN | 136 | KELLY |
| 4464 | 12/14/01 | GUINAO | DAIMLERCHRYSLER CORP | 115 | WEINER |
| 4465 | 12/14/01 | HICKEY | DAIMLERCHRYSLER CORP | 113 | WEINER |
| 4466 | 12/14/01 | JONES | DAIMLERCHRYSLER CORP | 209 | ROBREDO |
| 4467 | 12/14/01 | KANDOVAL | KANDOVAL | 220 | MCLAUGHLIN |
| 4468 | 12/14/01 | KASE | DAIMLERCHRYSLER CORP | 223 | SCHILLER |
| 4470 | 12/14/01 | KNAPPENBERGER | DAIMLERCHRYSLER CORP | 136 | KELLY |
| 4471 | 12/14/01 | KRAUSE | DAIMLERCHRYSLER CORP | 201 | YOHN |
| 4472 | 12/14/01 | LASSITER | DAIMLERCHRYSLER CORP | 223 | SURRICK |
| 4475 | 12/14/01 | LOGAN | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 4476 | 12/14/01 | LONGABUG | DAIMLERCHRYSLER CORP | 208 | ROBREDO |
| 4481 | 12/14/01 | LOUTZ | DAIMLERCHRYSLER CORP | 201 | TOHN |
| 4483 | 12/14/01 | MCGEE | DAIMLERCHRYSLER CORP | 223 | SCHILLER |
| 4484 | 12/14/01 | MILLER | DAIMLERCHRYSLER CORP | 201 | DALESSI |
| 4486 | 12/14/01 | MINKS | DAIMLERCHRYSLER CORP | 209 | BRODY |
| 4487 | 12/14/01 | MONTOYA | DAIMLERCHRYSLER CORP | 220 | MCLAUGHLIN |
| 4490 | 12/14/01 | MULL | DAIMLERCHRYSLER CORP | 216 | KAUFMAN |
| 4492 | 12/14/01 | NAPOLI | DAIMLERCHRYSLER CORP | 206 | JOYNER |
| 4493 | 12/14/01 | ORLANDO | DAIMLERCHRYSLER CORP | 209 | BRODY |
| 4494 | 12/14/01 | PAPAS | DAIMLERCHRYSLER CORP | 206 | JOYNER |
| 4495 | 12/14/01 | PARENTI | DAIMLERCHRYSLER CORP | 223 | TUCKER |
| 4496 | 12/14/01 | PERKINS | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 4498 | 12/14/01 | INCINIK | DAIMLERCHRYSLER CORP | 264 | JOYNER |
| 4499 | 12/14/01 | ROSS | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| 4500 | 12/14/01 | HAUGAS | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 4501 | 12/14/01 | GILL | DAIMLERCHRYSLER CORP | 220 | MCLAUGHLIN |
| 4502 | 12/14/01 | RUDDLE | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 4503 | 12/14/01 | SENARD | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| 4504 | 12/14/01 | SIKFIKE | DAINLERCHRYSLER CORP | 201 | TOHN |
| 4505 | 12/14/01 | SMITH | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 4506 | 12/14/01 | STRICKHOUSER | DAIMLERCHRYSLER CORP | 129 | GILES |
| 4507 | 12/14/01 | TACCASU | FORD MOTOR COMPANY | 206 | ROBREDO |
| 4508 | 12/14/01 | TRPPERMAN | FORD MOTOR COMPANY | 135 | VAN ANTWERPEN |
| 4509 | 12/14/01 | VAIL | DAIMLERCHRYSLER | 145 | WEINER |
| 4510 | 12/14/01 | WAGNER | DAIMLERCHRYSLER | 220 | MCLAUGHLIN |
| 4514 | 12/14/01 | WALKER | DAIMLERCHRYSLER CORP | 201 | DALESSI |
| 4515 | 12/14/01 | WRIGHT | DAIMLERCHRYSLER | 114 | WEINER |
| 4516 | 12/14/01 | ZIMMINKI | DAIMLERCHRYSLER CORP | 206 | JOYNER |
| 4517 | 12/14/01 | YORDSY | ZIELINSKI | 201 | TOHN |
| 4520 | 12/14/01 | YONDEN | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 4521 | 12/14/01 | WEMKER | DAIMLERCHRYSLER | 223 | SURRICK |
| 4522 | 12/14/01 | SELINSKY | FORD MOTOR COMPANY | 209 | ROBREDO |
| 4523 | 12/14/01 | SIEGRIPUS | DAIMLERCHRYSLER | 216 | KAUFMAN |
| 4552 | 12/14/01 | THOMPSON | DAIMLERCHRYSLER CORP | 139 | HUTTON |
| 4553 | 12/14/01 | BUTLER | HONEYWELL INT'L, INC | 206 | KAUFMAN |
| 4558 | 12/14/01 | BROWN | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 4555 | 12/14/01 | BOYD | HONEYWELL INT'L, INC | 115 | WEINER |
| | | | HONEYWELL INT'L, INC | 201 | DALESSI |

| No. | Date | Name | Defendant | Ref |
|---|---|---|---|---|
| 6550 | 12/19/01 | BOBUA | HONEYWELL INT'L, INC | 221 TUCKER |
| 6551 | 12/19/01 | RUSHY | HONEYWELL INT. | 205 DALZELL |
| 6662 | 12/19/01 | BROKH | HONEYWELL INT. | 139 HUTTON |
| 6656 | 12/19/01 | BOWSON | HONEYWELL INT'L, INC | 139 HUTTON |
| 6554 | 12/19/01 | FAUST | HONEYWELL INT'L, INC | 216 KAUFFMAN |
| 6555 | 12/19/01 | CAFORD | HONEYWELL INT'L, INC | 205 BRODY |
| 6556 | 12/19/01 | EVADE | HONEYWELL INT'L, INC | 205 BRODY |
| 6557 | 12/19/01 | VAIL | HONEYWELL INT'L, INC | 206 DALZELL |
| 6570 | 12/19/01 | THOMPSON-SOUDERS | HONEYWELL INT'L, INC | 135 WEINER |
| 6571 | 12/19/01 | KRAUS | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 6572 | 12/19/01 | ADAMS | HONEYWELL INTERNATIO | 134 KELLY |
| 6573 | 12/19/01 | CHAPMAN | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 6574 | 12/19/01 | ALBANOVA | HONEYWELL INT'L, INC | 206 ROBREDO |
| 6577 | 12/19/01 | HAUM | HONEYWELL INT'L, INC | 147 BUCHWALTER |
| 6578 | 12/19/01 | FOSTER | HONEYWELL INTERNATIO | 203 YORI |
| 6579 | 12/19/01 | BROWN | HONEYWELL INT'L, INC | 205 PADOVA |
| 6580 | 12/19/01 | BODSON | HONEYWELL INT'L, INC | 222 SCHILLER |
| 6581 | 12/19/01 | BERRY | HONEYWELL INT'L, INC | 209 BRODY |
| 6582 | 12/19/01 | NATALE | HONEYWELL INTERNATIO | 221 TUCKER |
| 6583 | 12/19/01 | ALBRIGHT | HONEYWELL INTERNATIO | 134 KELLY |
| 6584 | 12/19/01 | PRESLEY | HONEYWELL INTERNATIO | 139 GILES |
| 6585 | 12/19/01 | DYER | HONEYWELL INT'L, INC | 206 JOVNER |
| 6586 | 12/19/01 | BRYSON | HONEYWELL INT'L, INC | 206 ROBREDO |
| 6587 | 12/19/01 | HAND | HONEYWELL INT'L, INC | 209 BRODY |
| 6588 | 12/19/01 | BARNES | HONEYWELL INTERNATIO | 222 TUCKER |
| 6600 | 12/19/01 | BURGESS | OWENS CORNING FIBER | 204 DALZELL |
| 6602 | 12/20/01 | PALMER | RAPID AMERICAN CORP. | 203 YORI |
| 6603 | 12/20/01 | RUNDLE | RAPID AMERICAN CORP. | 135 WEINER |
| 6604 | 12/20/01 | IANNIELLO | DAIMLERCHRYSLER CORP | 223 SURRICK |
| 6605 | 12/20/01 | STRICKHOUSE | DAIMLERCHRYSLER CORP | 221 TUCKER |
| 6631 | 12/20/01 | TORRENCE | DAIMLERCHRYSLER CORP | 134 KELLY |
| 6608 | 12/20/01 | JOHNSON | HONEYWELL INT'L, INC | 209 BRODY |
| 6609 | 12/20/01 | DISTEFANO | HONEYWELL INT'L, INC | 139 HUTTON |
| 6610 | 12/20/01 | PHELAN | HONEYWELL INT'L, INC | 206 JOVNER |
| 6611 | 12/20/01 | DENT | HONEYWELL INTERNATIO | 206 ROBREDO |
| 6612 | 12/20/01 | FLEET | HONEYWELL INTERNATIO | 135 VAN ANTWERPEN |
| 6613 | 12/20/01 | PANUCCIO | HONEYWELL INT'L, INC | 203 YORI |
| 6614 | 12/20/01 | RAYOLI | HONEYWELL INT'L, INC | 205 PADOVA |
| 6615 | 12/20/01 | SMITH | HONEYWELL INT'L, INC | 223 SURRICK |
| 6630 | 12/20/01 | BONAR | HONEYWELL INT'L, INC | 206 JOVNER |
| 6631 | 12/20/01 | GREGORY | HONEYWELL INTERNATIO | 222 SCHILLER |
| 6632 | 12/20/01 | STUART | HONEYWELL INT'L, INC | 134 KELLY |
| 6633 | 12/20/01 | PANICUTT | HONEYWELL INT'L, INC | 216 TAUFFMAN |
| 6634 | 12/20/01 | WORCHY | HONEYWELL INTERNATIO | 223 SURRICK |
| 6635 | 12/20/01 | JOHNSON | HONEYWELL INTERNATIO | 140 WALDMAN |
| 6640 | 12/20/01 | RANGOVAL | HONEYWELL INT'L, INC | 222 SCHILLER |
| 6641 | 12/20/01 | RAASE | HONEYWELL INT'L, INC | 222 SCHILLER |
| 6642 | 12/20/01 | HILL | HONEYWELL INT'L, INC | 205 PADOVA |
| 6643 | 12/20/01 | CHESSMAN | HONEYWELL INT'L, INC | 139 GILES |
| 6644 | 12/20/01 | CHURCH | HONEYWELL INTERNATIO | 206 ROBREDO |
| 6645 | 12/20/01 | HANEN | HONEYWELL INT'L, INC | 135 WEINER |
| 6646 | 12/20/01 | CAWDER | HONEYWELL INT'L, INC | 134 KELLY |
| 6647 | 12/20/01 | CROILKOWSKI | HONEYWELL INT'L, INC | 139 HUTTON |
| 6648 | 12/20/01 | HEILMANN | HONEYWELL INTERNATIO | 221 SURRICK |
| 6650 | 12/20/01 | LUTTER | HONEYWELL INT'L, INC | 221 TUCKER |
| 6651 | 12/20/01 | BROCHBAKI | HONEYWELL INT'L, INC | 134 KELLY |
| 6652 | 12/20/01 | BRAY | HONEYWELL INTERNAT. | 221 TUCKER |
| 6653 | 12/20/01 | SMITH | HONEYWELL INTERNATIO | 147 BUCHWALTER |
| 6654 | 12/20/01 | SIGGLUN | HONEYWELL INTERNAT'L | 203 YORI |
| 6655 | 12/20/01 | STRASAVAGE | HONEYWELL INTL., INC | 139 HUTTON |
| 6656 | 12/20/01 | McCLAIN | HONEYWELL INC. | 216 KAUFFMAN |
| 6659 | 12/20/01 | FIEGENER | HONEYWELL INT'L, INC | 204 DALZELL |
| 6660 | 12/20/01 | FRANKEL | HONEYWELL INT'L, INC | 206 JOVNER |
| 6661 | 12/20/01 | DORNART | HONEYWELL INTERNATIO | 206 JOVNER |
| 6662 | 12/20/01 | SELFISS | HONEYWELL INTERNATIO | 223 SURRICK |

| | Defendant | Plaintiff | |
|---|---|---|---|
| | DAIMLERCHRYSLER CORP | SANTUCCI | 204 DALESSI |
| | FORD MOTOR COMPANY | SHARP | 203 BRODY |
| | GENERAL MOTORS CORP | HENRY | 204 DALESSI |
| | DAIMLERCHRYSLER CORP | KUHLOW | 204 DALESSI |
| | DAIMLERCHRYSLER CORP | LEE | 134 KELLJ |
| | DAIMLERCHRYSLER CORP | PACE | 147 BUCKWALTER |
| | FORD MOTOR COMPANY | KOHN | 135 MEINER |
| | DAIMLERCHRYSLER CORP | KRUL | 206 JOYNER |
| | GENERAL MOTORS | BOWER | 222 SCHILLER |
| | DAIMLERCHRYSLER CORP | BRUMFIELD | 221 TUCKER |
| | GENERAL MOTORS CORP | DUCELETOFANO | 147 BUCKWALTER |
| | GENERAL MOTORS CORP | OBSTBARD | 216 KAUFFMAN |
| | FORD MOTOR COMPANY | FLACK | 129 GILES |
| | FORD MOTOR COMPANY | HONMAN | 223 WARRICK |
| | DAIMLERCHRYSLER CORP | CONSTANN | 208 ROMANO |
| | DAIMLERCHRYSLER CORP | HANLON | 216 KAUFFMAN |
| | HONEYWELL INT'L, INC. | SALVANO | 135 MEINER |
| | HONEYWELL INT'L, INC. | JONES | 223 WARRICK |
| | HONEYWELL INT'L, INC. | SCHACHSBERG | 139 HUTTON |
| | HONEYWELL INT'L INC | DOCINO | 135 MEINER |
| | HONEYWELL INT'L, INC | EMAAS | 139 HUTTON |
| | HONEYWELL INT'L, INC. | BISTEK | 222 SCHILLER |
| | HONEYWELL INT'L, INC. | KNAPPENBERGER | 216 KAUFFMAN |
| | HONEYWELL INT'L, INC. | WOODINGTON | 223 WARRICK |
| | HONEYWELL INT'L, INC. | JUICE | 203 BRODY |
| | HONEYWELL INT'L, INC. | COLBRAN | 206 JOYNER |
| | HONEYWELL INT'L, INC | BOTSON | 209 BRODY |
| | HONEYWELL INT'L, INC. | CAREY | 135 VAN ANTWERPEN |
| | HONEYWELL INT'L, INC. | NAGOAJ | 201 YORN |
| | HONEYWELL INT'L, INC. | BOMISH | 222 SCHILLER |
| | HONEYWELL INT'L, INC. | FACITTI | 205 PADOVA |
| | HONEYWELL INT'L, INC. | ORNINER | 135 VAN ANTWERPEN |
| | HONEYWELL INT'L, INC. | PARRISH | 221 TUCKER |
| | HONEYWELL INTERNATIO | HOGAN | 221 TUCKER |
| | HONEYWELL INT'L, INC. | OLIVARIO | 208 ROMANO |
| | HONEYWELL INT'L, INC | PINNANI | 129 GILES |
| | HONEYWELL INT'L, INC. | HANSHALL | 201 YORN |
| | HONEYWELL INT'L, INC. | DRUM | 205 PADOVA |
| | HONEYWELL INT'L, INC. | LANNIS | 221 TUCKER |
| | HONEYWELL INT'L, INC. | BAUM | 147 BUCKWALTER |
| | HONEYWELL INT'L, INC. | WITHINSPOON | 147 BUCKWALTER |
| | HONEYWELL INT'L INC. | VIOLA | 221 TUCKER |
| | HONEYWELL INT'L, INC. | BELLACE | 205 PADOVA |
| | HONEYWELL INT'L, INC. | BISSINGER | 223 WARRICK |
| | HONEYWELL INTERNATIO | GLOVER | 208 ROMANO |
| | HONEYWELL INT'L, INC. | COUICIL | 216 KAUFFMAN |
| | HONEYWELL INT'L, INC | SMITH | 201 YORN |
| | HONEYWELL INT'L, INC | GINGO | 208 ROMANO |
| | HONEYWELL INT'L, INC | BARBIERI | 135 VAN ANTWERPEN |
| | HONEYWELL INT'L, INC | HARRIS | 208 ROMANO |
| | HONEYWELL INT'L, INC. | BRUNELL | 134 KELLI |
| | ANCHOR PACKING CO | HAUTZ | 216 KAUFFMAN |
| | HONEYWELL INT'L, INC | CONDY | 147 BUCKWALTER |
| | HONEYWELL INT'L, INC. | DIMAIIA | 223 WARRICK |
| | HONEYWELL INT'L, INC | GRIMKE | 139 HUTTON |
| | HONEYWELL INT'L, INC. | BROWN | 206 JOYNER |
| | HONEYWELL INT'L, INC | DAY | 206 JOYNER |
| | HONEYWELL INT'L, INC. | BUTCHER | 221 TUCKER |
| | HONEYWELL INT'L, INC. | ORLOSKI | 208 ROMANO |
| | HONEYWELL INT'L, INC | KUENSCHERR | 205 PADOVA |
| | HONEYWELL INT'L, INC | ROHLAND | 134 KELLI |
| | | | 139 HUTTON |

| | | | |
|---|---|---|---|
| 6661 | 12/21/01 | SMALEC | HONEYWELL INT'L, INC |
| 6662 | 12/21/01 | LYONS | HONEYWELL INT'L, INC |
| 6663 | 12/21/01 | HAHILL | HONEYWELL INTERNATIO |
| 6667 | 12/21/01 | CHRISTOPHER | HONEYWELL INT'L, INC |
| 6668 | 12/21/01 | PARENTI | HONEYWELL INT'L, INC |
| 6670 | 12/21/01 | PALERMO | HONEYWELL INT'L, INC |
| 6671 | 12/21/01 | BOZZELLI | HONEYWELL INT'L, INC |
| 6672 | 12/21/01 | KOCH | HONEYWELL INT'L, INC |
| 6673 | 12/21/01 | TRAUT | HONEYWELL INT'L, INC |
| 6674 | 12/21/01 | SHIELDS | HONEYWELL INT'L, INC |
| 6675 | 12/21/01 | BRUNDON | HONEYWELL INT'L, INC |
| 6676 | 12/21/01 | JACQAS | HONEYWELL INTERNATIO |
| 6677 | 12/21/01 | VRNDNY | HONEYWELL INT'L, INC |
| 6678 | 12/21/01 | AFDRA | HONEYWELL INT'L, INC |
| 6680 | 12/21/01 | FIGUEIREDO | HONEYWELL INTERNATIO |
| 6681 | 12/21/01 | KOSHE | HONEYWELL INT'L, INC |
| 6682 | 12/21/01 | HOLBACH | HONEYWELL INT'L, INC |
| 6683 | 12/21/01 | GLICK | HONEYWELL INT'L, INC |
| 6684 | 12/21/01 | HANLON | HONEYWELL INT'L, INC |
| 6685 | 12/21/01 | BORGMANN | HONEYWELL INT'L, INC |
| 6686 | 12/21/01 | ORRTEL | HONEYWELL INT'L, INC |
| 6687 | 12/21/01 | MAGNAR | HONEYWELL INTERNATIO |
| 6688 | 12/21/01 | COREI | HONEYWELL INTERNATIO |
| 6689 | 12/21/01 | AMAX | HONEYWELL INT'L, INC. |
| 6690 | 12/21/01 | KLEINSCHUSTER | HONEYWELL INT'L, INC |
| 6691 | 12/21/01 | SANADICE | HONEYWELL INTERNATIO |
| 6692 | 12/21/01 | HBICH | HONEYWELL INT'L, INC |
| 6693 | 12/21/01 | MALKR | HONEYWELL INT'L, INC |
| 6694 | 12/21/01 | RSTHIK | HONEYWELL INT'L, INC |
| 6695 | 12/21/01 | SIMEONANI | HONEYWELL INTERNATIO |
| 6696 | 12/21/01 | ALMEIDA | HONEYWELL INTERNATIO |
| 6698 | 12/21/01 | EAGAN | HONEYWELL INT'L, INC |
| 6699 | 12/21/01 | LBAGIN | HONEYWELL INT'L, INC |
| 6700 | 12/21/01 | GRABOW | HONEYWELL INT'L, INC |
| 6701 | 12/21/01 | BONNELLY | HONEYWELL INT'L, INC |
| 6704 | 12/21/01 | ROSS | HONEYWELL INT'L, INC |
| 6716 | 12/21/01 | COLUMANI | HONEYWELL INT'L, INC |
| 6717 | 12/21/01 | BROUM | HONEYWELL INT'L, INC |
| 6718 | 12/21/01 | ORLANDO | HONEYWELL INTERNATIO |
| 6719 | 12/21/01 | MAGUIRE | HONEYWELL INT'L, INC |
| 6720 | 12/21/01 | FARDICARD | HONEYWELL INTERNAT. |
| 6721 | 12/21/01 | HOCKENBG | HONEYWELL INT'L, INC |
| 6722 | 12/21/01 | STAHL | HONEYWELL INTERNAT. |
| 6724 | 12/21/01 | ADAMS | HONEYWELL INT'L, INC |
| 6725 | 12/21/01 | RAPPA | HONEYWELL INT'L, INC |
| 6727 | 12/21/01 | MARCO | HONEYWELL INT'L, INC |
| 6729 | 12/21/01 | GUEST | HONEYWELL INTERNAT. |
| 6910 | 12/21/01 | SCHRUMP | HONEYWELL INTERNAT. |
| 6931 | 12/21/01 | VOSA | HONEYWELL INT'L, INC |
| 6932 | 12/21/01 | ANDRICH | HONEYWELL INT'L, INC |
| 6933 | 12/21/01 | BOK | HONEYWELL INT'L, INC |
| 6936 | 12/21/01 | GLOMICKI | HONEYWELL INT'L, INC |
| 6937 | 12/21/01 | COY | HONEYWELL INT'L, INC |
| 6938 | 12/21/01 | HATZAKIS | HONEYWELL INT'L, INC |
| 6939 | 12/21/01 | GIRACE | HONEYWELL INT'L, INC |
| 6940 | 12/21/01 | ABEL | HONEYWELL INT'L, INC |
| 6941 | 12/21/01 | MOKLER | HONEYWELL INT'L, INC |
| 6942 | 12/21/01 | DAVIS | HONEYWELL INT'L, INC |
| 6943 | 12/21/01 | ADAME | HONEYWELL INT'L, INC |
| 6945 | 12/21/01 | MILLER | HONEYWELL INT'L, INC |

| | |
|---|---|
| 205 | PADOVA |
| 206 | LOPEZA |
| 139 | GILES |
| 221 | SURRICK |
| 209 | BRODY |
| 115 | WEINER |
| 209 | BRODY |
| 206 | JOYNER |
| 203 | YOIN |
| 135 | VAN ANTWERPEN |
| 201 | DALZELL |
| 115 | WEINER |
| 216 | KAUFFMAN |
| 222 | SCHILLER |
| 134 | KELLY |
| 222 | SCHILLER |
| 209 | BRODY |
| 116 | WEINER |
| 139 | HUTTON |
| 135 | VAN ANTWERPEN |
| 232 | SCHILLER |
| 233 | SURRICK |
| 221 | TUCKER |
| 134 | KELLY |
| 135 | VAN ANTWERPEN |
| 200 | DALZELL |
| 222 | SCHILLER |
| 115 | WEINER |
| 147 | BUCKWALTER |
| 200 | DALZELL |
| 139 | GILES |
| 209 | RODRIGO |
| 115 | WEINER |
| 134 | KELLY |
| 201 | DALZELL |
| 203 | YOIN |
| 201 | DALZELL |
| 221 | TUCKER |
| 115 | WEINER |
| 139 | HUTTON |
| 206 | JOYNER |
| 233 | SURRICK |
| 201 | DALZELL |
| 127 | NEWCOMER |
| 222 | SCHILLER |
| 134 | KELLY |
| 221 | SURRICK |
| 147 | BUCKWALTER |
| 130 | O'NEILL |
| 135 | WEINER |
| 205 | PADOVA |
| 139 | HUTTON |
| 222 | SCHILLER |
| 216 | KAUFFMAN |
| 208 | ROBRENO |
| 127 | FULLAM |
| 147 | FULLAM |
| 147 | BUCKWALTER |
| 221 | CREAN |
| 201 | DALZELL |
| 139 | GILES |
| 221 | SURRICK |
| 209 | BRODY |

| | | Case No. | Date | Plaintiff | Defendant | | Judge |
|---|---|---|---|---|---|---|---|
| 2 | CV | | 12/21/01 | KOBAN | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 2 | CV | | 12/21/01 | TODD | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 2 | CV | 6918 | 12/21/01 | SCHMITT | HONEYWELL INT'L, INC | 231 | TUCKER |
| 2 | CV | 6950 | 12/21/01 | SWIDERSKI | HONEYWELL INTERNAT. | 140 | WALDMAN |
| 2 | CV | 6951 | 12/21/01 | LELKO | HONEYWELL INT'L, INC | 206 | JOYNER |
| 2 | CV | 6952 | 12/21/01 | BETHEL | HONEYWELL INT'L, INC | 209 | BRODY |
| 2 | CV | 6953 | 12/21/01 | JERES | HONEYWELL INT'L, INC | 122 | LAWCOMB |
| 2 | CV | 6973 | 12/21/01 | BRENNAN | HONEYWELL INT'L, INC | 206 | JOYNER |
| 2 | CV | 6975 | 12/21/01 | BUNDLE | VOLVO OF NORTH AMER. | 206 | JOYNER |
| 2 | CV | 6976 | 12/21/01 | SCHWAB | HONEYWELL INT'L, INC | 227 | SCHILLER |
| 2 | CV | 6977 | 12/21/01 | REDWING | HONEYWELL INTERNATIO | 227 | SCHILLER |
| 2 | CV | 6978 | 12/21/01 | SCHULTZ | A.W. CHESTERTON INC. | 205 | PADOVA |
| 2 | CV | 6979 | 12/21/01 | HEARTH | ANCHOR PACKING COMPA | 223 | SURRICK |
| 2 | CV | 6910 | 12/21/01 | BLANCHARD | HONEYWELL INTERNAT. | 216 | KAUFMAN |
| 2 | CV | 6980 | 12/21/01 | LOHRE | HONEYWELL INTERNAT. | 201 | YOHN |
| 2 | CV | 6981 | 12/21/01 | LEE | HONEYWELL INT'L, INC | 135 | VAN ANTWERPEN |
| 2 | CV | 6982 | 12/21/01 | MARINO | HONEYWELL INT'L, INC | 197 | HUTTON |
| 2 | CV | 6983 | 12/21/01 | FICOSA | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 2 | CV | 6984 | 12/21/01 | TILLIA | A.W. CHESTERTON, INC | 139 | HUTTON |
| 2 | CV | 6985 | 12/21/01 | BUTLER | A.W. CHESTERTON, INC | 205 | PADOVA |
| 2 | CV | 6986 | 12/21/01 | CIRODERATH | ANCHOR PACKING CO. | 208 | JOYNER |
| 2 | CV | 6987 | 12/21/01 | DAVIS | A.W. CHESTERTON | 204 | DALZELL |
| 2 | CV | 6988 | 12/21/01 | WATTS | TAG ANCHOR PACKING | 147 | BUCKWALTER |
| 2 | CV | 6989 | 12/21/01 | LYNSKEY | HONEYWELL INTERNAT. | 135 | MCIVER |
| 2 | CV | 6990 | 12/21/01 | DAWSON | HONEYWELL INTERNAT. | 138 | KELLY |
| 2 | CV | 6991 | 12/21/01 | SMITH | HONEYWELL INC. | 209 | BRODY |
| 2 | CV | 6992 | 12/21/01 | HOTDORF | HONEYWELL INT'L, INC | 214 | KAUFFMAN |
| 2 | CV | 6993 | 12/21/01 | CONNOR | HONEYWELL INT'L, INC | 204 | JOYNER |
| 2 | CV | 6994 | 12/21/01 | ELLIS | HONEYWELL INT'L, INC | 129 | GILES |
| 2 | CV | 6995 | 12/21/01 | CARGUELLI | HONEYWELL INT'L, INC | 209 | RORERO |
| 2 | CV | 6997 | 12/21/01 | WOOD | HONEYWELL INTERNATIO | 205 | PADOVA |
| 2 | CV | 6998 | 12/21/01 | DOUGHERTY | HONEYWELL INTERNATIO | 201 | DALZELL |
| 2 | CV | 7000 | 12/21/01 | CULLEN | HONEYWELL INTERNAT. | 206 | JOYNER |
| 2 | CV | 7001 | 12/21/01 | DEVOREST | HONEYWELL INTERNAT. | 209 | BRODY |
| 2 | CV | 7002 | 12/21/01 | FISHER | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 2 | CV | 7003 | 12/21/01 | HUMPHRIES | HONEYWELL INT'L, INC | 231 | TUCKER |
| 2 | CV | 7004 | 12/21/01 | VASQUEZ | HONEYWELL INT'L, INC | 216 | KAUFFMAN |
| 2 | CV | 7005 | 12/21/01 | GILES | HONEYWELL INT'L, INC | 201 | YOHN |
| 2 | CV | 7006 | 12/21/01 | MARIMAN | HONEYWELL INT'L, INC | 209 | BRODY |
| 2 | CV | 7007 | 12/21/01 | PELECTSKI | HONEYWELL INT'L, INC | 221 | SURRICK |
| 2 | CV | 7008 | 12/21/01 | RONDDI | HONEYWELL INTERNATIO | 222 | SCHILLER |
| 2 | CV | 7009 | 12/21/01 | BEST | HONEYWELL INTERNATIO | 135 | VAN ANTWERPEN |
| 2 | CV | 7010 | 12/21/01 | HALEY | HONEYWELL INTERNAT. | 205 | PADOVA |
| 2 | CV | 7011 | 12/21/01 | STERLMAN | HONEYWELL INTERNAT. | 135 | VAN ANTWERPEN |
| 2 | CV | 7012 | 12/21/01 | RUCKER | HONEYWELL INT'L, INC | 208 | ROBRENO |
| 2 | CV | 7013 | 12/21/01 | COOLEY | HONEYWELL INT'L, INC | 201 | YOHN |
| 2 | CV | 7014 | 12/21/01 | OLSCHER | HONEYWELL INT'L, INC | 209 | BRODY |
| 2 | CV | 7015 | 12/21/01 | CERNY | HONEYWELL INT'L, INC | 221 | SURRICK |
| 2 | CV | 7017 | 12/21/01 | BOYD | HONEYWELL INTERNAT. | 135 | VAN ANTWERPEN |
| 2 | CV | 7018 | 12/21/01 | ALLCER | HONEYWELL INT'L, INC | 201 | YOHN |
| 2 | CV | 7020 | 12/26/01 | DOUDRIDGE | HONEYWELL INT'L, INC | 216 | KAUFFMAN |
| 2 | CV | 7021 | 12/26/01 | KNEESE | HONEYWELL INT'L, INC | 206 | JOYNER |
| 2 | CV | 7022 | 12/26/01 | PALZONE | HONEYWELL INT'L, INC | 131 | HUTTON |
| 2 | CV | 7023 | 12/26/01 | RICHARDSON | HONEYWELL INTERNATIO | 223 | SURRICK |
| 2 | CV | 7024 | 12/26/01 | KAHL | HONEYWELL INT'L, INC | 114 | KELLY |
| 2 | CV | 7025 | 12/26/01 | MCCABE | HONEYWELL INT'L, INC | 139 | HUTTON |
| 2 | CV | 7026 | 12/26/01 | YOUNELL | HONEYWELL INT'L, INC | 129 | GILES |
| 2 | CV | 7027 | 12/26/01 | DENESS | HONEYWELL INTERNATIO | 135 | WEISMAN |
| 2 | CV | 7028 | 12/26/01 | VIOLA | HONEYWELL INT'L, INC | 231 | TUCKER |
| 2 | CV | 7029 | 12/26/01 | DESOETE | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 2 | CV | 7030 | 12/26/01 | MARONI | HONEYWELL INT'L, INC | 208 | ROBRENO |
| 2 | CV | 7031 | 12/26/01 | ANDERSON | HONEYWELL INT'L, INC | 204 | DALZELL |
| 2 | CV | 7032 | 12/26/01 | ALBRIGHT | HONEYWELL INTERNATIO | 209 | BRODY |

| | | No. | Date | Plaintiff | Defendant | No. | Name |
|---|---|---|---|---|---|---|---|
| 1 | CV | 7031 | 1/24/01 | LAUGHLIN | HONEYWELL INT'L, INC | 201 | DALZELL |
| 1 | CV | 7014 | 1/24/01 | JONES | HONEYWELL INT'L, INC | 203 | YODA |
| 1 | CV | 7015 | 12/24/01 | BRADLEY | HONEYWELL INTERNATIO | 139 | HUTTON |
| 1 | CV | 7017 | 12/24/01 | MACY | HONEYWELL INTERNATIO | 134 | KELLY |
| 1 | CV | 7018 | 12/24/01 | CADET | HONEYWELL INT'L, INC | 115 | WEINER |
| 1 | CV | 7049 | 12/24/01 | CHENEVIALANICH | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 1 | CV | 7047 | 12/24/01 | SPEED | HONEYWELL INT'L, INC | 132 | SCHILLER |
| 1 | CV | 7050 | 12/24/01 | LARSON | HONEYWELL INTERNAT. | 209 | BRODY |
| 1 | CV | 7051 | 12/24/01 | DYE | HONEYWELL INTERNAT. | 129 | GILES |
| 1 | CV | 7052 | 12/24/01 | KLOPP | HONEYWELL INTERNAT. | 203 | YODA |
| 1 | CV | 7053 | 12/24/01 | KOUINAS | HONEYWELL INT'L, INC | 204 | DALZELL |
| 1 | CV | 7054 | 12/24/01 | DESANCTIS | HONEYWELL INT'L, INC | 208 | ROMAIDO |
| 1 | CV | 7055 | 12/24/01 | SAVIGA | ANCHOR PACKING | 216 | KAUFFMAN |
| 1 | CV | 7056 | 12/26/01 | MILLER | ACCURATE FELT & GASK | 205 | PADOVA |
| 1 | CV | 7057 | 12/26/01 | CATTERHWITZ | HONEYWELL INTERNATIO | 135 | VAN ANTWERPEN |
| 1 | CV | 7059 | 12/26/01 | ROGERS | HONEYWELL INTERNATIO | 209 | BRODY |
| 1 | CV | 7059 | 12/26/01 | NATICHAK | THE ANCHOR PACKING | 208 | ROMAIDO |
| 1 | CV | 7060 | 12/26/01 | HALL | THE ANCHOR PACKING | 147 | BUCKWALTER |
| 1 | CV | 7061 | 12/26/01 | NENLAU | THE ANCHOR PACKING | 147 | BUCKWALTER |
| 1 | CV | 7062 | 12/26/01 | BOYD | A-BEST PROD. COMPANY | 221 | SURRICK |
| 1 | CV | 7063 | 12/26/01 | POPP | THE ANCHOR PACKING | 135 | VAN ANTWERPEN |
| 1 | CV | 7064 | 12/26/01 | DAVIS | THE ANCHOR PACKING | 205 | PADOVA |
| 1 | CV | 7065 | 12/26/01 | MCKENZIE | THE ANCHOR PACKING | 221 | SURRICK |
| 1 | CV | 7066 | 12/26/01 | SPILLBERGER | THE ANCHOR PACKING | 115 | WEINER |
| 1 | CV | 7067 | 12/26/01 | KELLY | A.N. CHESTERTON | 221 | TUCKER |
| 1 | CV | 7068 | 12/26/01 | BOSCH | THE ANCHOR PACKING C | 203 | YODA |
| 1 | CV | 7069 | 12/26/01 | BRAWLEY | THE ANCHOR PACKING | 206 | JOYNER |
| 1 | CV | 7070 | 12/26/01 | BCK | HONEYWELL INT'L, INC | 187 | BUCKWALTER |
| 1 | CV | 7071 | 12/26/01 | GRIEROSE | HONEYWELL INT'L, INC | 139 | HUTTON |
| 1 | CV | 7072 | 12/26/01 | NICOLOGNICK | HONEYWELL INTERNATIO | 204 | DALZELL |
| 1 | CV | 7073 | 12/26/01 | CASTADRA | HONEYWELL INTERNATIO | 209 | BRODY |
| 1 | CV | 7074 | 12/26/01 | KEKKY | THE ANCHOR PACKING | 203 | YODA |
| 1 | CV | 7075 | 12/26/01 | RICE | HONEYWELL INT'L, INC | 221 | TUCKER |
| 1 | CV | 7076 | 12/26/01 | BILLAU | ABEX CORPORATION | 222 | SCHILLER |
| 1 | CV | 7077 | 12/26/01 | HUGHNER | HONEYWELL INT'L, INC | 205 | PADOVA |
| 1 | CV | 7078 | 12/24/01 | CLARK | HONEYWELL INTERNATIO | 139 | HUTTON |
| 1 | CV | 7080 | 12/24/01 | SAUER | HONEYWELL INTERUNT. | 135 | VAN ANTWERPEN |
| 1 | CV | 7086 | 12/24/01 | DAVOLOSA | HONEYWELL INT'L, INC | 206 | JOYNER |
| 1 | CV | 7089 | 12/24/01 | FUNK | KATUR CORP. INC. | 222 | SCHILLER |
| 1 | CV | 7090 | 12/26/01 | STEVENS | HONEYWELL INTERNATIO | 181 | JOYNER |
| 1 | CV | 7091 | 12/26/01 | DROCKER | HONEYWELL INTERNATIO | 135 | HEINCK |
| 1 | CV | 7092 | 12/26/01 | GORDON | HONEYWELL INTERNATIO | 221 | SURRICK |
| 1 | CV | 7093 | 12/26/01 | RUTAK | HONEYWELL INTERNAT. | 216 | KAUFFMAN |
| 1 | CV | 7093 | 12/26/01 | REED | HONEYWELL INTERNATIO | 208 | ROMAIDO |
| 1 | CV | 7094 | 12/24/01 | CONROY | HONEYWELL INTERNATIO | 205 | PADOVA |
| 1 | CV | 7095 | 12/26/01 | DORNSTOCK | HONEYWELL INT'L, INC | 135 | VAN ANTWERPEN |
| 1 | CV | 7096 | 12/26/01 | CLIFFORD | HONEYWELL INT'L, INC | 129 | GILES |
| 1 | CV | 7098 | 12/24/01 | KOHAN | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 1 | CV | 7099 | 12/24/01 | SMITH | HORBYWALL INTERNATIO | 135 | WEINER |
| 1 | CV | 7100 | 12/24/01 | ROAN | JB PRODUCTS COMPANY | 139 | HUTTON |
| 1 | CV | 7101 | 12/26/01 | SEELEY | ABEX CORPORATION | 209 | BRODY |
| 1 | CV | 7102 | 12/26/01 | DURANTO | A.N. CHESTERTON, INC | 147 | BUCKWALTER |
| 1 | CV | 7103 | 12/26/01 | CHRISTINSUID | A.O. SMITH CORP. | 221 | SURRICK |
| 1 | CV | 7105 | 12/26/01 | MILLER | A.P. GREEN SERVICES | 181 | KELLY |
| 1 | CV | 7105 | 12/26/01 | MC CAIN | A.N. CHESTERTON, INC | 206 | JOYNER |
| 1 | CV | 7106 | 12/26/01 | BROWN | A.N. CHESTERTON, INC | 135 | VAN ANTWERPEN |
| 1 | CV | 7107 | 12/26/01 | BRANDT | A.P. GREEN SERVICES, | 139 | HUTTON |
| 1 | CV | 7108 | 12/26/01 | SHEARIN | HONEYWELL INTERNATIO | 134 | KELLY |
| 1 | CV | 7109 | 12/24/01 | BROWN | HONEYWELL INT'L, INC | 205 | PADOVA |

| ID | Date | Name | Company | Code | Name |
|---|---|---|---|---|---|
| 720 | 12/27/01 | BAILEY | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 719 | 12/27/01 | PETTERS | A.C. & S. INC. | 205 | PADOVA |
| 718 | 12/27/01 | LEININGER | A.C.&S. INC. | 206 | JOYNER |
| 717 | 12/27/01 | MAZZUCA | OWENS-CORNING FIBER. | 115 | WEIDER |
| 716 | 12/27/01 | KING | HONEYWELL INT'L, INC | 106 | PADOVA |
| 715 | 12/27/01 | KNIT | A.P. GREEN INDUSTRIE | 129 | GILLES |
| 714 | 12/27/01 | CORETH | OWENS-CORNING FIBER. | 131 | KELLY |
| 713 | 12/27/01 | DOMAGOC | HONEYWELL INT'L, INC | 209 | BRODY |
| 712 | 12/27/01 | BONNER | ABEX CORPORATION | 135 | VAN ANTWERPEN |
| 711 | 12/27/01 | MCCORMICK | HONEYWELL INT'L, INC | 221 | TUCKER |
| 710 | 12/27/01 | LONG | PNEUMO ABEX CORP. | 135 | VAN ANTWERPEN |
| 709 | 12/27/01 | COTTRELL | THE ANCHOR PACKING | 221 | SURNICK |
| 708 | 12/27/01 | MILLAR | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 707 | 12/27/01 | BERRIOS | 3M PRODUCTS CO. | 201 | BRODY |
| 706 | 12/27/01 | HAYER | A.P. GREEN INDUSTRIE | 221 | TUCKER |
| 705 | 12/27/01 | BAUM | OWENS-CORNING FIBER | 214 | KAUFFMAN |
| 704 | 12/27/01 | DUNT | A.P. GREEN SERVICES | 139 | KELLY |
| 703 | 12/27/01 | CIOCCO | A.W. CHESTERTON | 209 | ROBBINO |
| 702 | 12/27/01 | KRAJEWSKI | HONEYWELL INTERNATIO | 216 | KAUFFMAN |
| 701 | 12/27/01 | MILLER | HONEYWELL INTERNATIO | 201 | YODN |
| 700 | 12/27/01 | HERRERA | HONEYWELL INTERNATIO | 101 | TORN |
| 699 | 12/28/01 | BRECKTON | HONEYWELL INTERNATIO | 101 | BUCKWALTER |
| 698 | 12/28/01 | STEARLEY | HONEYWELL INTERNATIO | 129 | GILLES |
| 697 | 12/28/01 | PETRIELLO | HONEYWELL INT'L, INC | 139 | HUTTON |
| 696 | 12/28/01 | RICARDSON | HONEYWELL INT'L, INC | 204 | DALZELL |
| 695 | 12/28/01 | HAFFORD | HONEYWELL INT'L, INC | 115 | NEIHER |
| 694 | 12/28/01 | MENGEL | HONEYWELL INT'L, INC | 106 | JOYNER |
| 693 | 12/28/01 | FONTANA | HONEYWELL INT'L, INC | 216 | KAUFFMAN |
| 692 | 12/28/01 | FREEMAN | HONEYWELL INT'L, INC | 201 | YODN |
| 691 | 12/28/01 | ROSSI | HONEYWELL INT'L, INC | 201 | YODN |
| 690 | 12/28/01 | NORMAN | HONEYWELL INTERNATIO | 221 | SURNICK |
| 689 | 12/28/01 | GREGORY | HONEYWELL INTERNATIO | 124 | KELLY |
| 688 | 12/28/01 | WALKER | HONEYWELL INTERNATIO | 115 | NEIHER |
| 687 | 12/28/01 | MANI | HONEYWELL INTERNATIO | 205 | PADOVA |
| 686 | 12/28/01 | STANISLAW | HONEYWELL INT'L, INC | 222 | SCHILLER |
| 685 | 12/28/01 | KRAUSE | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 684 | 12/28/01 | BROWN | HONEYWELL INT'L, INC | 204 | DALZELL |
| 683 | 12/28/01 | DESURIO | HONEYWELL INT'L, INC | 124 | KELLY |
| 682 | 12/28/01 | DUMRACEK | HONEYWELL INT'L, INC | 206 | JOYNER |
| 681 | 12/28/01 | BRYANT | HONEYWELL INT'L, INC | 209 | BRODY |
| 680 | 12/28/01 | KELLY | HONEYWELL INTERNATIO | 236 | KAUFFMAN |
| 679 | 12/28/01 | JACOBY | HONEYWELL INTERNATIO | 208 | ROMANO |
| 678 | 12/28/01 | MICHAELS | HONEYWELL INTERNATIO | 206 | JOVNSE |
| 677 | 12/28/01 | MACDONALD | HONEYWELL INTERNATIO | 115 | NEIHER |
| 676 | 12/28/01 | HULAS | HONEYWELL INT'L, INC | 147 | BUCKWALTER |
| 675 | 12/28/01 | HAMPSON | HONEYWELL INT'L, INC | 221 | TUCKER |
| 674 | 12/28/01 | GEIGER | NAVISTAR INTERNATION | 204 | DALZELL |
| 673 | 12/28/01 | ELLIS | NAVISTAR INT TRANS | 205 | PADOVA |
| 672 | 12/28/01 | RUCKUA | NAVISTAR INT TRANS | 201 | YODN |
| 671 | 12/28/01 | PALMER | NAVISTAR INT TRANS | 204 | DALZELL |
| 670 | 12/28/01 | DUMRACEK | NAVISTAR INTER. TRAN | 205 | PADOVA |
| 669 | 12/28/01 | EGAN | NAVISTAR INTER. TRAN | 117 | BUCKWALTER |
| 668 | 12/28/01 | BALL | NAVISTAR INT'L CORP. | 135 | VAN ANTWERPEN |
| 667 | 12/28/01 | DICIANO | NAVISTAR INT'L CORP. | 129 | GILLES |
| 666 | 12/28/01 | COLMIG | NAVISTAR CORP. | 159 | NEIHER |
| 665 | 12/28/01 | CALLOWAY | FORD MOTOR COMPANY | 129 | GILLES |
| 664 | 12/28/01 | BERTA | INT'L HARVESTER CO. | 206 | JOYNER |
| 663 | 12/28/01 | GREGORY | NAVISTAR INTER. TRAN | 139 | HUTTON |
| 662 | 12/28/01 | VAZQUEZ | NAVISTAR INTER. TRAN | 139 | HUTTON |
| 661 | 12/28/01 | PARNER | NAVISTAR INTERNATIONAL | 201 | JOYNER |
| 660 | 12/28/01 | KERNSHY | NAVISTAR INTERNAT. | 201 | BRODY |
| 659 | 12/28/01 | HAGGAS | FORD MOTOR COMPANY | 222 | SCHILLIAR |
|  |  |  | DAIMLERCHRYSLER CORP | 124 | KELLY |
|  |  |  | DAIMLERCHRYSLER CORP | 214 | KAUFFMAN |
|  |  |  | GENERAL MOTORS CORP. | 201 | YODN |
|  |  |  |  | 139 | HUTTON |

| | | | | |
|---|---|---|---|---|
| 7263 | 12/19/01 | BOMAN | DAIMLERCHRYSLER CORP | 205 | PADOVA |
| 7269 | 12/19/01 | FANNON | DAIMLERCHRYSLER CORP | 216 | KAUFFMAN |
| 7270 | 12/19/01 | STRASAVAGE | DAIMLERCHRYSLER CORP | 222 | SCHILLER |
| 7205 | 12/19/01 | FOX | DAIMLERCHRYSLER CORP | 206 | DALRILL |
| 7271 | 12/27/01 | PALMER | DAIMLERCHRYSLER CORP | 135 | VAN ANTWERPEN |
| 7208 | 12/28/01 | BUDACKER | GENERAL MOTORS CORP | 209 | BRODY |
| 7290 | 12/28/01 | MURRAY | GENERAL MOTORS CORP | 221 | TUCKER |
| 7231 | 12/28/01 | LYNCH | GENERAL MOTORS CORP. | 222 | SURRICK |
| 7291 | 12/28/01 | RIPLEY | GENERAL MOTORS CORP. | 147 | BUCKWALTER |
| 7232 | 12/28/01 | NOFFMAN | DAIMLERCHRYSLER CORP. | 131 | KELLY |
| 7293 | 12/28/01 | ORLEART | GENERAL MOTORS CORP | 223 | SURRICK |
| 7293 | 12/28/01 | HAUTMAN | DAIMLERCHRYSLER CORP | 147 | BUCKWALTER |
| 7295 | 12/28/01 | FAUST | DAIMLERCHRYSLER | 216 | KAUFFMAN |
| 7236 | 12/28/01 | ECKU | DAIMLERCHRYSLER | 208 | ROBRENO |
| 7237 | 12/28/01 | DESONTE | GENERAL MOTORS CORP | 204 | DALZELL |
| 7298 | 12/28/01 | DENT | DAIMLERCHRYSLER CORP | 135 | WEINER |
| 7239 | 12/28/01 | CLIFFORD | DAIMLERCHRYSLER CORP | 223 | SURRICK |
| 7102 | 12/11/01 | KUNDUS | TOYOTA MOTOR SALES | 209 | BRODY |

K

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Nos. 02-10029 and 02-10036

In Re

## DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY, and GENERAL MOTORS CORPORATION,

*Petitioners.*

(Two Petitions)

On Petitions for Writs of Mandamus from the
United States District Court for the Northern District of Texas,
Dallas Division, Hon. Joe Kendall, J.
Trial Court Nos. 3:01-CV-2870-X & 3:01-CV-2865-X

## COMBINED RESPONSE TO PETITIONS FOR WRITS OF MANDAMUS

Alan B. Rich
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3505
(214) 599-1164 (fax)

**ATTORNEYS FOR RESPONDENTS**

# TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.   This Court Lacks Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.   The Court Below Was Never Divested of Jurisdiction . . . . . . . . . . . . . . . . . 4

        1.   *The Provisional Transfer Order Does Not Apply To This Case* . . . . . . . . 5

        2.   *A Transfer Order Does Not Divest a Transferor Court of Jurisdiction Until the Physical File is Transferred and The Case is Docketed in the Transferee Court* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

        3.   *A Transfer Order Which Exceeds The Jurisdiction of the Issuing Court Cannot Pretermit a "Transferor" Court's Power to Act, Nor Relieve the "Transferor" Court of its Obligation To Dismiss or Remand a Case Over Which it Lacks Subject Matter Jurisdiction* . . . . . . . . . . . . . . . . . . . . . 8

        4.   *Subject Matter Jurisdiction and Abstention Must Be Decided Prior To A Section 157(b)(5) Transfer Decision; Therefore, the "Provisional Transfer Order," Which Did Not Undertake such Analyses, could Not Deprive The Court Below of Jurisdiction, Nor Relieve It From Its Own Obligation To Remand This Case For Lack of Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . 11

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

## CASES

*A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, (4th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Abraham v. Henkel Surface Tech* No. EP 01-CA 227 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . 2

*Abshire v. Henkel Surface Tech.*, No. EP 01-CA-226 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . 2

*Aerojet General Corp., v. Askew*, 511 F.2d 710, (5th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Allphin v. ACandS, Inc.*, No. G-01-660 (S.D. Tex., Nov. 19, 2001) . . . . . . . . . . . . . . . . . . . . . 1

*Arnold v. ACandS, Inc.*, No. C-01-478 (S.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . . . . . 1

*Arnold v. Garlock, Inc.*, __ F.3d __, 2001 WL 1669714 (5th Cir., Dec. 28, 2001) . . . . . . 1,4,11

*In Re Asbestos Cases*, ___F. Supp.3d ___, 2001 WL 1561793 (S.D. W. Va., Dec. 7, 2001) . . . 2

*Baird v. Armstrong World Indus., Inc.*, G-01-769 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . 2

*Berry v. GAF Corp.*, No. G-01-761 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Booker v. US. Gypsum Co.*, No. G-01-785 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . 1

*Bowers v. Armstrong World Indus., Inc.*, G-01-746 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . 2

*Chafin v. Crown Cork & Seal Co.*, No. G-01-758 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . 1

*Chrysler Credit Corporation v. Country Chrysler, Inc.*, 928 F.2d 1509,
     (10th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Clamon v. Armstrong World Indus., Inc.* G-01-784 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . 2

*Collard v. U.S. Gypsum Co.*, No. G-01-760 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . 2

*Coleman v. Owens Corning*, G-01-776 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . 2

*Combs v. Able Supply, Inc.*, No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001) . . . . . . . . . . . 1

*Dotson v. Owens Corning Fiberglas Corp.*, G-01-779 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . 2

*In Re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Duke v. ACandS, Inc.*, No. 01-CA-751-SS (W.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . 1

*In re Galiardi*, 745 F.2d 335, (5th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Gill v. ACandS, Inc.*, No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001) . . . . . . . . . . . . . . . . . . 1

*Higgins v. Garlock, Inc.*, No. G-01-747 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . 2

*Jammer v. Kellogg-Brown & Root, Inc.* G-01-782 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . 2

*Johnson v. ACandS, Inc.*, No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001) . . . . . . . . . . . . . . . . . . 2

*Kmart Corp. v. Aronds*, 123 F.3d 297, (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Loman v. Falsetti*, 335 F.2d 632, (5th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Lupercio v. GAF Corp.*, No. EP 01-CA 228 (W.D. Tex., Oct. 22, 2001) . . . . . . . . . . . . . . . . . . 2

*Madden v. ACandS, Inc.*, No. G-01-674 (S.D. Tex., Nov. 19, 2001) . . . . . . . . . . . . . . . . . . . . . 1

*Miller v. GAF Corp.*, No. G-01-763 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Mott v. US. Gypsum Co.*, No. G-01-783 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . 1

*Orise v. Kellogg-Brown & Root, Inc.*, G-01-777 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . 2

*Painter v. Certainteed Corp.*, No. 3:00-CV-2714-M (N.D. Tex., Dec. 19, 2000) . . . . . . . . . . . . 2

*In re Pan Am Corp.*, 950 F.2d 839 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

*In re Pan Am Corp.*, 16 F.3d 513 (2d Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pugh v. Pittsburgh Corning*, No. G-01-762 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . 2

*Ripple v. Pittsburgh Corning*, No. G-01-757 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . 2

*Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S.Ct. 1563 (1999) . . . . . . . . . . . . . . 10, 11

*In re Southwestern Mobile Homes* 317 F.2d 65, (5th Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sterling v. AC&S, Inc.*, No. C-01-581 (S.D. Tex., Nov. 9, 2001) . . . . . . . . . . . . . . . . . . . . . . . . 1

*United Steelworkers of America v. Marshall*, 592, F.2d 693, (10th Cir. 1979) . . . . . . . . . . . . . . . 6

*Veasey v. Owens-Corning*, No. G-01-775 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . 2

*Ward v. Owens Corning*, No. G-01-745 (S.D. Tex., Dec. 6, 2001) . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATUTES

28 U.S.C. § 157(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10
28 U.S.C. § 157(b)(2)(B) & (O) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
28 U.S.C. § 1334(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

To the best of the Respondents' knowledge, the Certificates of Interested Persons are accurate.

# I.

## INTRODUCTION

The Petitioners, DaimlerChrysler, Ford and GM (hereinafter the "Auto Makers") are defendants in several thousand state law asbestos personal injury or death cases, as they manufactured and/or distributed products containing asbestos, products which killed or injured thousands of people – among whom are the Respondents.  While being a defendant in a multitude of state court tort cases is obviously not an ideal situation from Auto Makers' perspective, it comes with the territory when you kill, maim and injure thousands of people.

With the October, 2000 filing of the Federal Mogul bankruptcy, the Auto Makers (and Garlock, Inc., Honeywell, and a dozen or more other defendants) saw the opportunity to throw a "hail-Mary pass" in an attempt to derail the ongoing tort litigation against them and to federalize asbestos litigation by misuse of "related to" bankruptcy jurisdiction and a bankruptcy statute the purpose of which is to fix venue in personal injury claims against bankrupt parties.

Contrary to the Auto Makers' plan, the court below remanded these cases – as did many courts before it which have remanded removed cases which were supposedly "related to" the bankruptcy of an asbestos company. *See, e.g., Arnold v. Garlock, Inc.*, __ F.3d __, 2001 WL 1669714 (5th Cir., Dec. 28, 2001), *affirming, Allphin v. ACandS, Inc.*, No. G-01-660 (S.D. Tex., Nov. 19, 2001), *Madden v. ACandS, Inc.*, No. G-01-674 (S.D. Tex., Nov. 19, 2001); *Combs v. Able Supply, Inc.*, No. 3:01-CV-046 (TH) (E.D. Tex., Nov. 19, 2001), *Gill v. ACandS, Inc.*, No. 3:01-CV-2110-G (N.D. Tex., Nov. 15, 2001), *Sterling v. AC&S, Inc.*, No. C-01-581 (S.D. Tex., Nov. 9, 2001), *Arnold v. AC&S, Inc.*, No. C-01-478 (S.D. Tex., Nov. 9, 2001), *Duke v. ACandS, Inc.*, No. 01-CA-751-SS (W.D. Tex., Nov. 9,

1

2001); *Chafin v. Crown Cork & Seal Co.*, No. G-01-758 (S.D. Tex., Dec. 6, 2001);
*Booker v. US. Gypsum Co.*, No. G-01-785 (S.D. Tex., Dec. 6, 2001); *Mott v. US. Gypsum
Co.*, No. G-01-783 (S.D. Tex., Dec. 6, 2001); *Magana v. US. Gypsum Co.*, No. G-01-781
(S.D. Tex., Dec. 6, 2001); *Berry v. GAF Corp.*, No. G-01-761 (S.D. Tex., Dec. 6, 2001);
*Ripple v. Pittsburgh Corning*, No. G-01-757 (S.D. Tex., Dec. 6, 2001); *Ward v. Owens
Corning*, No. G-01-745 (S.D. Tex., Dec. 6, 2001); *Higgins v. Garlock, Inc.*, No. G-01-747
(S.D. Tex., Dec. 6, 2001); *Pugh v. Pittsburgh Corning*, No. G-01-762 (S.D. Tex., Dec. 6,
2001); *Bowers v. Armstrong World Indus., Inc.*, G-01-746 (S.D. Tex., Dec. 6, 2001);
*Collard v. U.S. Gypsum Co.*, No. G-01-760 (S.D. Tex., Dec. 6, 2001); *Veasey v. Owens-
Corning*, No. G-01-775 (S.D. Tex., Dec. 6, 2001); *Clamon v. Armstrong World Indus.,
Inc.* G-01-784 (S.D. Tex., Dec. 6, 2001); *Jammer v. Kellogg-Brown & Root, Inc.* G-01-
782 (S.D. Tex., Dec. 6, 2001); *Baird v. Armstrong World Indus., Inc.*, G-01-769 (S.D.
Tex., Dec. 6, 2001); *Dotson v. Owens Corning Fiberglas Corp.*, G-01-779 (S.D. Tex.,
Dec. 6, 2001); *Orise v. Kellogg-Brown & Root, Inc.*, G-01-777 (S.D. Tex., Dec. 6, 2001);
*Coleman v. Owens Corning*, G-01-776 (S.D. Tex., Dec. 6, 2001); *Miller v. GAF Corp.*,
No. G-01-763 (S.D. Tex., Dec. 6, 2001); *In Re Asbestos Cases*, ___ F.Supp.3d ___, 2001
WL 1561793 (S.D.W. Va., Dec. 7, 2001); *Abshire v. Henkel Surface Tech.*, No. EP 01 CA
226 (W.D. Tex., Oct. 22, 2001); *Abraham v. Henkel Surface Tech.*, No. EP 01 CA 227
(W.D. Tex., Oct. 22, 2001); *Lupercio v. GAF Corp.*, No. EP 01 CA 228 (W.D. Tex., Oct.
22, 2001); *Johnson v. ACandS, Inc.*, No. 1:01cv408GR (S.D. Miss., Oct. 3, 2001); *Painter
v. Certainteed Corp.*, No. 3:00-CV-2714 M (N.D. Tex., Dec. 19, 2000).

Here, however, the Auto Makers attempt to distinguish this unbroken line of
authority on two bases. The Auto Makers claim that the court below lacked subject matter
jurisdiction to remand the cases because of a "provisional" transfer order of the District of

2

Delaware.  The Auto Makers also claim that the nominal respondent, Judge Joe Kendall, acted dishonestly, issuing these orders as some kind of sop to the plaintiffs' bar given that upon leaving the bench, he is joining the Provost & Umphrey law firm, a firm which practices plaintiffs' personal injury and consumer litigation.

The Petitions must be denied for several reasons.  As for the Auto Makers' first basis for the Petitions (lack of subject matter to issue the remand order):  First, this Court lacks jurisdiction to grant the petitions, since the cases have already been remanded for lack of subject matter jurisdiction.  Second, the remand orders below were entered *prior* to the "provisional transfer order"; therefore, even accepting for the sake of argument that a provisional transfer order could, under the circumstances here, divest the court of jurisdiction, the remand orders were entered prior to the alleged "transfer."  Third, the Auto Makers fail to cite to this Court its own controlling authority, holding, like other courts which have considered the issue, that a "transfer" does *not* deprive a transferor court of jurisdiction *unless and until* the files of the cases are themselves physically transferred to and the files docketed in the transferee court.  Consequently, even if the provisional transfer order had been entered prior to the remands (which it was not), jurisdiction over the cases remained in the court below and that court had ample jurisdiction to remand the cases.  Fourth, a "provisional transfer order," which itself was entered without jurisdiction, can hardly trump the jurisdiction of the court below, nor relieve the court below from complying with the command of Congress to address its own jurisdiction, *sua sponte* if necessary, and remand a case over which there is no subject matter jurisdiction.  Fifth, although the respondents do not concede that Section 157(b)(5) can properly be employed by a non-bankrupt party to transfer claims made against it by other non-debtors, assuming that such a transfer were permitted, the court below still had the power to examine and

3

determine its jurisdiction and whether or not abstention was required or merited, as these inquiries must precede any transfer.

As for the Auto Maker's second "basis" for mandamus, their vicious *ad hominem* on Judge Kendall, that will be addressed in a separately filed Motion for Rule 38 and Section 1927 Sanctions.

## II.

## ARGUMENT

### A.  This Court Lacks Jurisdiction

It is of course necessary to examine this Court's jurisdiction before proceeding further.  As the Petitioners state in their petition, the remand orders about which the Petitioners complain have been signed by the court, entered on the docket and transmitted to the state court clerk.  A remand order which has these attributes is unquestionably beyond review.  *Arnold v. Garlock, Inc.,* __ F.3d __, 2001 WL 1669714, *8 (5th Cir., Dec. 28, 2001).

The Petitioners will argue, however, that the bar to reviewability does not apply here, since they seek review of orders which were signed, etc. following an event which had terminated the district court's subject matter jurisdiction over the cases, citing as support *In re Galiardi*, 745 F.2d 335, 337 (5th Cir. 1984).  While that case is easily distinguished, and in any event contains only *dicta* on the point for which it is cited, it is instead clear that if Petitioners' jurisdictional argument is accepted, and the "provisional" transfer order did indeed divest the court below of jurisdiction, *this* Court would *also* lack jurisdiction.  *See Chrysler Credit Corporation v. Country Chrysler, Inc.,* 928 F.2d 1509, 1517 (10th Cir. 1991) (the date the transfer order becomes effective "also forms the effective date that appellate jurisdiction in the transferor circuit is terminated."); *see also infra*, Section B.2.

4

**B.**     The Court Below Was Never Divested of Jurisdiction

The linchpin of the Petitioners' argument is that the remand orders of the court below were signed after its jurisdiction had been divested by a "provisional transfer order" issued by the Federal Mogul bankruptcy court, the District of Delaware; therefore, the remand orders were invalid. The Petitioners' argument is wrong for several reasons. First, the "provisional transfer order" at issue was not entered until after the entry of the remand orders below. Second, a transferor court is not divested of jurisdiction over a case which is the subject of a transfer order unless and until the physical file is itself transferred and the record is docketed in the transferee court. Third, a "provisional transfer order" which itself exceeds the jurisdiction of the issuing court cannot divest another court of its power to act, especially since every court has an unflagging obligation to dismiss or remand a case over which subject matter jurisdiction is lacking. Fifth, assuming for the sake of argument only, that a Section 157(b)(5) transfer order could validly be entered involving only non-debtors, the court below still had the power to examine and determine its own jurisdiction and whether or not abstention was required or merited, as these inquiries must precede any transfer.

**1.**     *The Provisional Transfer Order Does Not Apply To This Case*

Regardless of the outcome of any of the other legal arguments herein, mandamus cannot issue because the December 10, 2001 "provisional" transfer order of the District of Delaware did not even purport to transfer cases like these that, as of December 10, 2001, had not yet been removed.[1] The sole basis for the Petitions is that the provisional transfer order deprived the court below of its power to act; yet, since the order did not even purport

---

[1] December 10, 2001 Order at 1 (Exhibit 2 to the Petition) ("and it appearing that movants *have removed* these cases....."); *see also* January 3, 2002 Letter Opinion at 2 (Exhibit 6 to the Petition) ("the only claims transferred to this Court are those that had already been removed to federal court on the date the relevant Provisional Transfer Order was entered.")

to transfer cases such as these which had not yet been removed on December 10, the December 10 Order is inapplicable and of no effect, and therefore the Petitions must be denied.

To the extent that the Auto Makers wish to rely upon the January 3, 2002 Letter Opinion "clarifying" the "provisional transfer order,"[2] that reliance would also be misplaced, since the remand orders below were entered on the docket on January 3, 2002, the day *before* the "January 3, 2002" Letter Opinion – which was in fact not filed and entered on the Delaware docket until the next day, January 4, 2002.[3] Since on the face of the record, the remand orders were first in time, the transfer order could not possibly have divested the court below of jurisdiction to remand these cases.

_____

[2] Exhibit 6 to the Petition. That "clarification" was in reality an order that cases which had been removed from December 11, 2001 to January 3, 2002 would now be included among the purportedly provisionally transferred cases.

[3] *See* Electronic Filing Stamp, United States Bankruptcy Court for the District of Delaware, attached as Exhibit A hereto.

Respondents note that even if the Delaware order had been entered on the docket on January 3, 2002, there is certainly no presumption that Delaware order came first, in fact the opposite is true. It is incumbent upon the Auto Makers, as the parties bearing the burden of proof, and the parties with the burden to overcome the presumption of validity which accompanies Judge Kendall's remand order, to provide *proof* that the Delaware order was first in time, and no such proof has been provided. *See KMart Corp. v. Aronds*, 123 F.3d 297, 300 (5th Cir. 1997) ("The party requesting mandamus has the burden of proving a 'clear and indisputable' right to the writ."); *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 720 (5th Cir. 1975) (judgments are entitled to a presumption of regularity and verity); *Lowman v. Falsetti*, 335 F.2d 632, 639 (5th Cir. 1964) (same). Further, in an analogous situation, (which existed prior to a statute and MDL Rule which addressed the situation by having a random selection between petitions for review, where multiple petitions for review of agency orders were filed simultaneously in different courts of appeals), courts have left it to "the interests of justice" to decide which petition should govern when petitions for review are filed at the same time. *See United Steelworkers of America v. Marshall*, 592 F.2d 693, 696 (10th Cir. 1979). Here, given (1) the strong statutory bars and public policies against review of remand orders, (2) the presumption against federal jurisdiction, (3) the fact that the Petitioners have not proven that the provisional transfer order was "first in time, (4) the fact the the "provisional" transfer order is just that – provisional, not a final order, (5) the fact that the provisional transfer order was entered prior to any jurisdictional or abstention analysis – both of which are prerequisites to a proper transfer, and (6) the urging of the Supreme Court that subject matter jurisdiction be addressed prior to non-subject-matter jurisdictional matters, leads to the inescapable conclusion that equity and fairness requires that the remand order should control over the transfer order.

2.   *A Transfer Order Does Not Divest a Transferor Court*
*of Jurisdiction Until the Physical File is Transferred*
*and The Case is Docketed in the Transferee Court*

Regardless of the sequence of relevant orders, transfer orders are not self-executing. Significantly, in another order, this one dated December 18, 2001,[4] the Delaware court expressly directed the district clerk to *retain the files* of the removed cases. *Id.* at 4. This means that, as a matter of law, the court below *retained jurisdiction* over these cases. *See, e.g., In re Southwestern Mobile Homes*, 317 F.2d 65, 66 (5th Cir.1963). A cogent summary of the law in this area is found in *Chrysler Credit Corporation v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991):[5]

> *Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case, including the power to review the transfer.* Roofing & Sheet Metal Serv., 689 F.2d at 988-89 n. 10; *In Re Nine Mile Limited*, 673 F.2d 242, 243 (8th Cir.1982); *In re Southwestern Mobile Homes*, 317 F.2d 65, 66 (5th Cir.1963). *See Hyde Constr. v. Koehring Co.*, 348 F.2d 643, 648 (10th Cir.1965), *rev'd on other grounds*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966). *The date the papers in the transferred case are docketed in the transferee court, not the date of the transfer order, consequently forms the effective date that jurisdiction in the transferor court is terminated.* Lou v. Belzberg, 834 F.2d 730, 733 (9th Cir.1987), *cert. denied*, 485 U.S. 993, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988); 15 Federal Practice and Procedure Sec. 3846 at 357. *Cf. Robbins v. Pocket Beverage Co.*, 779 F.2d 351, 355 (7th Cir.1985) (district court retained jurisdiction to vacate its transfer order where motion for reconsideration was granted before files were received by transferee court). *The date the papers in the transferred case are docketed in the transferee court also forms the effective date that appellate jurisdiction in the transferor circuit is terminated.*

Since the December 18, 2001 Order of the Delaware court mandates that there be no physical transfer of the files of these cases, none of the transfer orders at issue, for whatever else they might do, have ever divested the court below of its jurisdiction or power to act in these cases, nor of its obligation to remand them.

---

[4] Exhibit B hereto. This Order was not provided by the Petitioners as part of their appendix.

[5] Footnote omitted. Unless noted otherwise, all emphases in this Response are added.

7

3.    *A Transfer Order Which Exceeds The Jurisdiction of the Issuing Court Cannot Pretermit a "Transferor" Court's Power to Act, Nor Relieve the "Transferor" Court of its Obligation To Dismiss or Remand a Case Over Which it Lacks Subject Matter Jurisdiction.*

A transfer order which is itself jurisdictionally deficient cannot trump another court of its power to act in a case, nor allow that court to ignore Congress's express instruction to dismiss or remand cases when it becomes apparent that subject matter jurisdiction is lacking.

The "provisional transfer order" is based solely on 28 U.S.C. § 157(b)(5).  The purpose of that section is very specific and was the subject of a thorough analysis in *A. H Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir. 1986).  In *Robins*, the Fourth Circuit correctly held that section 157(b)(5) applies only to suits *against the debtor*, while Section 1412, the general transfer statute, holds sway in "all other cases related to the bankruptcy proceedings."  *Id.* at 1011.  The court opined that Legislative intent:

> would be thwarted and the plain language of section 157(b)(5) nullified if the power of the district court sitting in bankruptcy to fix the venue *for tort claims against a debtor* was to be preempted by the provisions of section 1412. ... *Section 157(b)(5) was drafted to cover the procedure in connection with a special group of cases, to wit, personal injury tort claims against a debtor in Chapter 11 proceedings* wherever pending and in that connection the section is supreme. *In all other cases related to the bankruptcy proceedings, however, the general statute (i.e., section 1412) would govern.*  This, we think, is the proper construction to be given the two statutes.  It is a construction which harmonizes the two sections.  It conforms to the established canon of statutory construction that "[w]e must read the statutes [in those instances where there is any possible conflict] to give effect to each if we can do so while preserving their sense and purpose.

*Id.* at 1011, *quoting Watts v. Alaska*, 451 U.S. 259, 267 (1981) (other citations omitted).

*Robins* emphasizes that section 157(b)(5) controls the fixing of venue only for personal injury tort and wrongful death claims against a debtor and does not reach claims against independent non-debtors.  This distinction is highlighted by the *Robins* court's

8

description of the lower court's order ("a ruling bringing for the time being all the pending suits *against the debtor* before the district court sitting in bankruptcy"), and by the Fourth Circuit's summary of its own holdings ("[W]e affirm the district court's order *staying* the suits of the plaintiffs *against the debtor and all co-defendants*, but remand with directions the order *fixing venue* for all pending suits *against the debtor*.") *Id.*, at 1015-16. In addition, the Second Circuit in *In Re Pan Am Corp.*, 950 F.2d 839, 844 (2d Cir 1991) characterized Section 157(b)(5) as a devise for use in transferring and centralizing claims *against debtors*: "A motion under section 157(b)(5), therefore, requires an abstention analysis. This analysis, however, is colored by the Bankruptcy Code's treatment of *personal injury claims against debtors*." *In Re Pan Am*, 950 F.2d at 844-45. *See also In re Pan Am Corp.*, 16 F.3d 513, 516 (2d Cir. 1994) ("*A bankrupt debtor* who is a defendant in a personal injury action may move under section 157(b)(5) to transfer the case.")

The holdings above were informed by, and are certainly consistent with the Legislative History of Section 157(b)(5). As to personal injury tort or wrongful death claims asserted against a debtor's estate, the compromise crafted by Congress ensured that, when abstention does not occur, parties may try their cases to juries in Article III courts, rather than to bankruptcy judges. 28 U.S.C. § 157(b)(2)(B) &(O). As Congressman Fish put it in summarizing these aspects of the work of the Conference Committee:

> The compromise provides that the district court shall abstain from hearing a State law case related to a bankruptcy proceeding if that proceeding is commenced and can be timely adjudicated in State court. This would cover the Marathon-type fact situation. . . .

> A personal injury or wrongful death claim *against a bankrupt estate* can be tried in Federal district court with a jury. These claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in which the claim arose, as determined by the district court where the bankruptcy case is pending.

9

130 Cong. Record, H7490 (June 29, 1984).

The Automobile Manufacturers cite in support of the jurisdictional soundness of the Delaware "provisional" transfer order, *Robins, supra*, and *In Re Dow Corning Corp.*, 86 F.3d 482 (6th Cir. 1996), *cert. denied*, 519 U.S. 1071 (1997). Yet, neither case is persuasive support for their position. Indeed, as seen above, *Robins* rejects the notion that Section 157 can be used to fix venue in personal injury cases against independent non-debtors. As for *Dow Corning*, the case is easily distinguished on its peculiar facts, and its interpretation of Section 157(d)(5) is wrong. *Dow Corning* is an aberration, both jurisdictionally and regarding Section 157(b)(5), because of the nature of the particular non-debtors who were seeking the extraordinary relief. Primarily at issue in *Dow Corning* were the two non-debtor co-venturers who held all of the equity of the debtor – Dow and Corning, or were insurers of the debtor, or co-insurers of the debtor and others. The non-debtors in *Dow Corning*, who collectively owned, operated and controlled the debtor, and the insurers of the debtor, bear absolutely no similarity whatsoever to the non-debtors seeking the extraordinary relief here – non-debtors who are completely at arms-length from the debtor, and which do not own, control, operate or insure the debtor, Federal Mogul.

Thus, the orders of the District of Delaware, specifically based upon Section 157(b)(5), cannot strip the court below of its power to decide the remand questions, since Section 157(b)(5) simply does not authorize the transfer of cases against independent non-bankrupt parties. Juxtaposed against an unauthorized employment of Section 157(b)(5), which the Auto Makers allege stripped the court below of its power to act, is Congress's express injunction to the court below: "If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C.

10

§ 1447(c).  Because the court below had the obligation to remand this case, the "provisional transfer order" at issue could not prevent the remand order from being effective.

     5.    ***Subject Matter Jurisdiction and Abstention Must Be Decided Prior To A Section 157(b)(5) Transfer Decision; Therefore, the "Provisional Transfer Order," Which Did Not Undertake Such Analyses, Could Not Deprive The Court Below of Jurisdiction, Nor Relieve It From Its Own Obligation To Remand This Case For Lack of Jurisdiction***

As a matter of both the statutory interpretation of Section 157(b)(5), as well as federal common law, or perhaps more accurately termed as the "supervisory authority" of the Supreme Court of the United States over inferior federal courts, the determination of federal court subject matter and removal jurisdiction must be made prior to a valid transfer under Section 157(b)(5).

First, as a matter of statutory interpretation, a prerequisite to a valid order under Section 157(b)(5) is an analysis of and decision whether there should be abstention in the case.  *In Re Pan Am Corp.*, 950 F.2d 839, 844-5 (2d Cir 1991) ("A motion under section 157(b)(5), therefore, *requires* an abstention analysis").  And, of course, an analysis of whether there is federal jurisdiction over the case in the first place is always required.  28 U.S.C. § 1447(c) ("If *at any time* before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded.").  None of the transfer orders at issue even purport to undertake an analysis of mandatory or permissive abstention under 28 U.S.C. § 1334(c), nor of federal jurisdiction.  Consequently, the District of Delaware could not, and given the provisional nature of the orders, certainly never intended to, deprive the court below of the power to act – especially since the court below simply undertook the very analysis required under Section 157(b)(5) anyway.

Second, while a federal court certainly has discretion to hear issues in the order that

11

equity and good conscience dictate is most appropriate, the Supreme Court has clearly spoken about that discretion should be exercised. *Ruhrgas, AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S. Ct. 1563 (1999). The issue presented in *Ruhrgas* was whether a court must, under *all* circumstances, rule on subject matter jurisdiction prior to ruling on other, "waivable," non-subject matter jurisdictional issues.[6] This Court, sitting *en banc*, had held that subject matter jurisdiction must, in all removed cases, be addressed first, period. The Supreme Court reversed, allowing lower courts discretion regarding the order in which the issues are decided. The Supreme Court held, however, that absent unusual circumstances making the non-subject-matter jurisdiction issues considerably easier to decide, district courts must address their own removal jurisdiction first because of comity concerns, and out of respect for coordinate state courts. As the Supreme Court stated:

> Most essentially, federal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design. A State's dignitary interest bears consideration when a district court exercises discretion in a case of this order. If personal jurisdiction raises "difficult issues of [state] law," and subject matter jurisdiction is resolved "as eas[ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand."

> [W]e recognize that in most instances subject-matter jurisdiction will involve no arduous inquiry.... In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first.

*Ruhrgas*, 526 U.S. at 586-7, 119 S.Ct. at 1571-72.

The court below merely applied these principals, and did so appropriately. As the Supreme Court held, where, as here, the subject matter jurisdiction inquiry was not

---

[6] In *Ruhrgas*, the non-subject matter jurisdictional issue was personal jurisdiction.

"arduous,"[7] respect for the state courts and Our Federalism dictate that removal jurisdiction be addressed prior to even addressing a motion to transfer.  Again, the "provisional" transfer orders, which lack any analysis of the jurisdictional issues, placed the cart before the horse, and such an Order could not, therefore, invalidate the remand order of the court below.

Because the court below acted with complete propriety in remanding this case, the Writ of Mandamus must be denied.

## III.

## CONCLUSION

This Court should deny the Petitions for Writ of Mandamus.

---

[7] And this Court agrees on that score. *See Arnold v. Garlock, Inc.,* __ F.3d __, 2001 WL 1669714 (5th Cir., Dec. 28, 2001) (finding no "related to" jurisdiction over contribution and indemnity claims of an independent non-debtor)

13

Respectfully submitted,

BARON & BUDD, P.C.

3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas  75219-4281
214/521-3605
FAX:  214/520-1181

BY:

ALAN B. RICH
Texas State Bar No. 16842350

*Attorneys for Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the Petitioners' lead counsel of record, Christopher Landau, Kirkland & Ellis, 655 Fifteenth Street, NW, Washington, DC 20005, by Federal Express on the ___11___ day of January, 2002.

ALAN B. RICH

14

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Response of DaimlerChrysler Corporation, Ford Motor Company, and General Motors Corporation to Plaintiffs' Motions to Vacate CTO-210 was served via United States mail to all counsel of record on the attached service list on the 8th day of March, 2002.

_____

Douglas G. Smith

**INVOLVED COUNSEL FOR SCHEDULE CTO-210**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Murray E. Abowitz
Abowitz, Rhodes & Dahnke, P.C.
105 North Hudson, 10th Floor
Hightower Bldg.
Oklahoma City, OK 73101

Dwight L. Acomb
Habans, Bologna & Carriere
1515 Poydras Street
Suite 2323
New Orleans, LA 70112

Robert L. Adams
Dunn, Kacal, Adams, Pappas & Law
One Riverway
Suite 1200
Houston, TX 77056

H. William Allen
Allen Law Firm
212 Center Street
Suite 950
Little Rock, AR 72201

Sherman Ames, III
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Cynthia W. Antonucci
Harris Beach, LLP
500 5th Avenue
42nd Floor
New York, NY 10110

Julie A. Ardoin
Murray Law Firm
909 Poydras Street
Suite 2550, LL&E Tower
New Orleans, LA 70112

Richard W. Babinecz
4 Irving Place
New York, NY 10003

Mel Bailey
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

James Randolph Baker
Holloway, Dobson, Hudson, et al.
211 North Robinson Avenue
Suite 900
Oklahoma City, OK 73102

Marissa Banez
Danaher, Tedford, Lagnese & Neal
700 Capitol Place
21 Oak Street, 7th Floor
Hartford, CT 06106

Craig R. Banford
Huddleston, Bolen, Beatty, Porter &
Copen
611 Third Avenue
P.O. Box 2185
Huntington, WV 25722

Charles M. Barkley
Barkley, Titus, Hillis & Reynolds
401 South Boston Avenue
Suite 2700
Tulsa, OK 74103

Robert A. Barrer
Hiscock & Barclay, LLP
500 Financial Plaza
P.O. Box 4878
Syracuse, NY 13221

Robert F. Barron, II
Kahn, Dees, Donovan & Kahn
305 Union Fe3deral Building
P.O. Box 3646
Evansville, IN 47735

Andrew Bart
Greenfield, Eisenberg, Stein & Senior
600 Third Avenue
New York, NY 10016

Sheila Beckman
Weitz & Luxenberg
180 Maiden Lane
17th Floor
New York, NY 10038

John C. Beisheim
Nixon Peabody LLP
P.O. Box 31051
Rochester, NY 14603

Joseph W. Belluck
Baron & Budd
660 Madison Avenue
Suite 1800
New York, NY 10021

Karen R. Bennett
Germer, Bernsen & Gertz
805 Park Street
Beaumont, TX 77701

George J. Bequette, Jr.
Skokos, Bequette & Billingsley
425 West Capitol
3200 TCBY Tower
Little Rock, AR 72201

V. Brian Bevon
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Jean A. Bice
Bice, Cole, Glenny, Sanders & Reichert
1333 S.E. 25th Loop
Suite 101
Ocala, FL 34471

Thomas A. Bickers
Paine, Tarwater, Bickers & Tillman
First Tennessee Plaza, Suite 1100
800 South Gay Street
Knoxville, TN 37929

Darin S. Billig
Rubin, Baum, Levin, Constant &
Friedman
30 Rockefeller Plaza
New York, NY 10112

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Sheila L. Birnbaum
Skadden, Arps, Slate, Meagher &
Flom
Four Times Square
New York, NY 10036

Bryan O. Blevins, Jr.
Provost, Umphrey, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Jeanette Boechler
Jeanette Boechler, P.C.
1120 28th Avenue, North
Suite A
Fargo, ND 58107

William F. Bologna
W. F. Bologna & Associates
1515 Poydras Street
Suite 2323
New Orleans, LA 70112

Keith Bond
Walsh, Roberts & Grace
400 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Michael R. Borasky
Eckert, Seamans, Cherin & Mellot
450 E. Las Olas Blvd.
Suite 800
Ft. Lauderdale, FL 33301

Karen M. Borg
Holland & Knight, LLP
55 West Monroe Street
Suite 800
Chicago, IL 60603

Diane F. Bosse
Volgenau & Bosse
750 Main Seneca Building
237 Main Street
Buffalo, NY 14203

Stephen M. Bowers
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

Christine Boyd
Lavin, Coleman, O'neil, Ricci, et al.
767 Third Avenue
7th Floor
New York, NY 10017

William Bradley, III
Akin, Gump, Strauss, Hauer & Feld
590 Madison Avenue
New York, NY 10022

Claire E. Breaux
Duplass, Zwain, Bourgeois & Morton
3838 North Causeway Blvd.
Suite 2900
Metairie, LA 70002

Arthur D. Bromberg
L'Abbate, Balkan, Colavita & Contini
Seven Recent Street
Suite 711
Livingston, NJ 07039

Arthur E. Brown
Coblence & Warner
415 Madison Avenue
New York, NY 10017

Phillip Samuel Brown
Wilison, Elser, Moskowitz, Edelman &
Dicker
5000 Renaissance Tower
1201 Elm Street
Dallas, TX 85270

Steven R. Browning
Spohrer, Wilner, Maxwell & Matthews
701 W. Adams Street
Suite 2
Jacksonville, FL 32204

Lorilea Buerkett
Brown Hay & Stephens
700 First National Bank Building
P.O. Box 2459
Springfield, IL 62705

Robert A. Bunda
Bunda, Stutz & De Witt
One Seagate, Suite 650
Toledo, OH 43604

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Carl A. Butler
LeBlanc, Tusa & Butler, LLC
2121 Airline Drive
Suite 405
Metairie, LA 70001

Jeffrey J. Calabrese
Harter, Secrest & Emery, LLP
1600 Bausch & Lomb Place
Rochester, NY 14604

Richard H. Caldwell
Mayor, Day, Caldwell & Keeton
NationsBank Center, Suite 1900
700 Louisiana Street
Houston, TX 77002

Phil W. Campbell
Hilburn, Calhoon, Harper, Pruniski &
Calhoun
Mercantile Bank Building
One Riverfront Place, Eighth Floor
N. Little Rock, AR 72119

Jeff Carruth
Winstead, McGuire, Sechrest & Minick
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Thomas G. Carruthers
O'Melveny & Myers, L.L.P.
Citicorp Center, 53rd Floor
153 East 53rd Street
New York, NY 10022

Susan A. Carstens
Law Offices of Susan A. Carstens
1601 Westheimer, Suite 201
Houston, TX 77006

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
403 West North Avenue
Chicago, IL 60610

Christian C. Casini
Osborn, Reed, Burke & Tobin, L.L.P.
1 Exchange Street, Suite 400
Rochester, NY 14614

14

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Paul V. Cassisa, Jr.
Bernard, Cassisa, Elliott & Davis
P.O. Box 1138
Oxford, MS 38655

Paul V. Cassisa, Sr.
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Bernadette Catalana
Morris & Morris
30 Corporate Woods, Suite 120
Rochester, NY 14623

William T. Causby
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211

Frank A. Cecere, Jr.
Ahmuty, Demers & McManus
200 I.U. Willets Road
Albertson, NY 11507

James D. Chambers
Atchley, Russell, Waldrop & Hlavinka
P.O. Box 5517
Texarkana, TX 75505

Mitchell C. Chaney
Rodriguez, Colvin & Chaney
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78520

Damon Chargois
Foster & Sear
1201 North Watson Road
Suite 145
Arlington, TX 76006

Michael F. Chelus
Gross, Chelus & Herdzik, P.C.
1560 Statler Towers
Buffalo, NY 14202

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Suey K. Chung
Barry, McTiernan & Moore
25 Broadway Street, 7th Floor
New York, NY 10006

George E. Cire, Jr.
6363 Woodway
Suite 610
Houston, TX 77057

Ian P. Cloud
Robins, Cloud, Greenwood & Lubel
910 Travis Street, Suite 2020
Houston, TX 77002

Dixie L. Coffey
McKinney & Stringer
Corporate Tower
101 N. Robinson, Suite 1300
Oklahoma City, OK 73102

Joseph G. Colao
Leader & Berkon
555 Madison Avenue
27th Floor
New York, NY 10022

Susan J. Cole
Bice, Cole, Glenny, Sanders & Reichert
1333 S.E. 25th Loop, Suite 101
Ocala, FL 34471

John P. Comerford
Lipsitz & Ponterio
135 Delaware Avenue
Suite 506
Buffalo, NY 14202

Kathy K. Condo
Reed Smith LLP
Mellon Square
435 Sixth Avenue
Pittsburgh, PA 15219

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Brent W. Coon
Umphrey, Swearingen, Eddins &
Carver
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Michael J. Cooper
Lipsitz, Green, Fahringer, Roll, et al.
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

John D. Cosmich
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, MS 39225

Frank Costilla
Costilla & Stapleton
5 East Elizabeth Street
Brownsville, TX 78520

George R. Covert
Law Office Of George R. Covert
9035 Bluebonnet Blvd.
Suite 2
Baton Rouge, LA 70810

Hubert A. Crouch, III
Crouch & Inabnett
2300 Fountain Place
1445 Ross Avenue
Dallas, TX 75202

Stephen L. Curry
Kemp, Duckett, Spradley, Curry &
Arnold
111 Center Street
Suite 1300
Little Rock, AR 72201

Jeanne M. Damgen
Nowell, Amoroso, Klein, Blerman,
P.A.
155 Polify Road
Hacksensack, NJ 07601

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Jennifer Darger
Coblence & Warner
415 Madison Avenue
New York, NY 10017

15

William S. Davies, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O.Box 11070
Columbia, SC 29211

Maxon R. Davis
Davis, Hatley, Haffeman, & Tighe
100 River Drive North, Third Floor
Box 2103
Great Falls, MT 59401

Anna A. DiLonardo
L'Abbate, Balkan, Colvita, & Contini
1050 Franklin Avenue
Garden City, NY 11530

Erik C. DiMarco
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017

Scott T. Dickens
Tachau, Maddox, Hovious & Dickens
200 South 5th Street
Suite 200 North
Louisville, KY 40202

Dennis J. Dobbels
Polsinelli, Shalton & Welte
700 West 47th Street
Suite 1000
Kansas City, MO 64112

Page Dobson
Holloway, Dobson, Hudson, et al.
211 North Robinson, Suite 900
Oklahoma City, OK 73102

Richard T. Donovan
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201

John L. Dotson
P.O. Box 6622
Louisville, KY 40206

B. Timothy Durick
Pearce & Durick
P.O. Box 400
314 East Thayer Avenue
Bismarck, ND 58502

Julianne T. Echols
Law Office of Vance E. Ellefson
3850 N. Causeway Blvd.
Suite 3000
Metairie, LA 70002

Richard W. Edwards
Boehl, Stopher & Graves
400 West Market Street
Suite 2300, Providian Center
Louisville, KY 40202

William H. Edwards, Jr.
Barber, McCaskill, Amsler, Jones &
Hale
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Lisa Emelo
Rubinbaum, LLP
30 Rockefeller Plaza
New York, NY 10112

Holly K. Ennis
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Brickell Bayview Centre
Suite 3000
Miami, FL 33130

Cletus P. Ernster, III
Taylor Davis, et al.
One Allen Center
Suite 3400
Houston, TX 77002

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017

Robert C. Ewald
Wyatt, Tarrant & Combs, LLP
500 West Jefferson Street
2600 Citizens Plaza
Louisville, KY 40202

John J. Fanning
Cullen & Dykman
177 Montague Street
Brooklyn, NY 11201

James Ferguson
Halliburton Company-Law Department
4100 Clinton Drive
Building 1, Room 631
Houston, TX 77020

Brian F. Fitzgerald
Napier, Fitzgerald & Kirby
509 Liberty Building
420 Main Street
Buffalo, NY 14202

John M. Fitzpatrick
LeClair, Ryan, P.C.
707 East Main Street
Eleventh Floor
Richmond, VA 23219

John Flennery
Fitch, Even, Tabin & Flannery
135 South LaSalle Street
Chicago, IL 60603

Terrance P. Flynn
Gibson, McAskill & Crosby
69 Delaware Avenue, Suite 900
Buffalo, NY 14202

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

William T. Forrester
493 3rd Avenue
Madison, WV 25130

16

Thomas F. Dougall
Bowers, Orr & Dougall, LLP
8910 Two Notch Road
Suite 400
Columbia, SC 29223

Robert A. Franden
Feldman, Franden, Woodard, Farris &
Taylor
525 South Main, Suite 1000
Tulsa, OK 74103

R. David Freeze
Hart, Shaw & Freeze
5505 Plaza Drive
Texarkana, TX 75503

Johanna Gibbon
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

Raymond S. Gurak
Mattson & Madden
33 Bleeker Street
Milburn, NJ 07041

Calvin R. Fulkerson
Lynn, Fulkerson & Nichols, P.L.L.C.
267 West Short Street
Lexington, KY 40507

Charles H. Gibbs, Jr.
Sinkler & Boyd, P.A.
P.O. Box 340
Charleston, SC 29402

Lori E. Guzman
Hunton & Williams
951 East Byrd Street
Richmond, VA 23219

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Virginia M. Giokaris
Polsinelli, Shalton & Welte
700 West 47th Street, Suite 1000
Kansas City, MO 64112

Ronald L. Hack
Gallop, Johnson & Newman
101 South Hanley Road
Suite 1600
St. Louis, MO 63105

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst &
Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Kayce L. Gisinger
Abowitz, Rhodes & Dahnke, P.C.
15 North Robinson, 10th Floor
P.O. Box 1937
Oklahoma City, OK 73101

Thomas Hagerty
Hagerty & Brady
1010 Chemical Bank Building
Buffalo, NY 14202

Gail Ponder Gaines
Barber, McCaskill, Jones & Hale
First Commercial Building, Suite 2700
400 West Capitol Avenue
Little Rock, AZ 72201

Robert E. Glanville
Phillips, Lytle, Hitchcock, Blaine &
Huber
3400 HSBC Center
Buffalo, NY 14203

Ann L. Haight
Kay, Casto, Chaney, Love & Wise
P.O. Box 2031
1600 Banke One Center
Charleston, WV 25327

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Donald E. Godwin
Godwin, White & Gruber, P.C.
901 Main Street, Suite 2500
Dallas, TX 75202

Michael E. Hale
Barber, McCaskill, Jones & Hale
Regions Center, Suite 2700
400 West Capitol Avenue
Little Rock, AZ 72201

William M. Gantz
Piper, Marbury, Rudnick & Wolfe
203 North LaSalle Street, Suite 1800
Chicago, IL 60601

Alexis J. Gomez
Andrews & Kurth LLP
600 Travis Street, Suite 4200
Houston, TX 77002

Bruce E. Halstead
Jones & Granger
10000 Memorial Drive, Suite 888
Houston, TX 77024

James M. Gary
Weber & Rose, P.S.C.
2400 Aegon Center
400 West Market Street
Louisville, KY 40202

John K. Gordinier
Pedley, Zielke, Gordinier, Olt & Pence
Starks Builidng, Suite 1150
455 South Fourth Avenue
Louisville, KY 40202

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Alexander Geiger
Geiger & Rothenberg
45 Exchange Street, Suite 800
Rochester, NY 14614

Albert F. Grasch, Jr.
Grasch, Walters & Cowen
302 West High Street
Lexington, KY 40507

Frank G. Harmon, III
Crain, Caton, James
3300 Two Houston Center
909 Fannin Street
Houston, TX 77010

Ryan L. Gellman
Block & Colucci, P.C.
2000 Liberty Building
424 Main Street
Buffalo, NY 14202

John M. Grimley, Jr.
Galloway, Johnson, Tompkins, Burr &
Smith
701 Poydras Street, Suite 4040
One Shell Square
New Orleans, LA 70139

Yvette Harmon
Ross & Hardies
65 East 55th Street
New York, NY 10022

James M. Harris, Jr.
Harris, Lively & Duesler
550 Fannin Street, Suite 650
Beaumont, TX 77704

Ann W. Herman
Feldman, Kieffer & Herman, LLP
The Dun Building, Suite 400
110 Pearl Street
Buffalo, NY 14202

Paul H. Hulsey
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Walter F. Harris, III
Ness, Motley, Loadholt, Richardson &
Poole
1730 Jackson Street
P.O. Box 365
Barnwell, SC 29812

Harry K. Herren, Jr.
Woodward, Hobson & Fulton, LLP
2500 National City Tower
101 S. Fifth Street
Louisville, KY 40202

Bruce S. Huttner
Donohue, Sabo, et al.
1 Winners Circle
Albany, NY 12212

Ronald D. Harrison
Ledbetter, Cogbill, Arnold & Harrison
P.O. Box 185
Fort Smith, AR 72902

Taylor M. Hicks
Hicks, Thomas & Lilienstern
700 Louisiana
Suite 1700
Houston, TX 77002

Vincent Ieraci
Maimone & Angel
170 Old Country Road
Mineola, NY 11501

William C. Harrison
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Sean M. Higgins
Brown McCarroll, LLP
2727 Allen Parkway
Suite 1300
Houston, TX 77019

Caroline M. Iovino
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130

William D. Harvard
Blasingame, Burch, Garrard, Bryant &
Ashley
P.O. Box 832
Athens, GA 30603

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
3400 Texas Commerce Tower
600 Travis Street
Houston, TX 77002

Meyers I. James
350 Essjay Road
Williamsville, NY 14221

Donna L. Harvey
Law Office of Donna L. Harvey
640 Dearborn Street, W.
Englewood, FL 34223

Frank P. Hilliard
Starks Building, Suite 380
455 S. Fourth Avenue
Louisville, KY 40202

Ashley Higgins Jeter
Baron & Budd
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Robin L. Harvey
Baker & Hostetler, L.L.P.
312 Walnut Street
Suite 2650
Cincinnati, OH 45202

Wayne Hogan
Brown, Terrell, Hogan, Ellis, et al.
Blackstone Building, Suite 804
233 East Bay Street
Jacksonville, FL 32202

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd., #1030
Miami, FL 33137

John R. Henderson
Brown McCarroll & Oaks Hartline
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

Jonathan C. Hollingshead
P.O. Box 712
Orlando, FL 32802

Randall A. Jordan
Jordan & O'Donnell
1528 Ellis Street
Brunswick, GA 31520

18

Robert L. Henry, III
Barber, McCaskill, Amsler, Jones & Hale
400 West Capitol Avenue
2700 First Commercial Building
Little Rock, AR 72201

John P. Hooper
Edwards & Angell
750 Lexington Avenue
New York, NY 10022

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

D. Douglas Howard, Jr.
Howard, Laudumiey, et al.
P.O. Box 50430
839 St. Charles Avenue, Suite 306
New Orleans, LA 70150

Keith Kaplan
Calinoff & Katz, LLP
750 Lexington Avenue
31st Floor
New York, NY 10022

William R. Kenealy
Sales, Tillman & Wallbaum
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

Peter A. Kraus
Waters & Kraus
3219 McKinney
Suite 3000
Dallas, TX 75204

Tori S. Levine
Brown McCarroll & Oaks Hartline
2000 Trammel Crow Center
2001 Ross Avenue
Dallas, TX 75201

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 2243
Charleston, SC 29413

Joseph Thomas Kremer
Lipsitz, Green, Fahringer, Roll, et al.
42 Delaware Avenue
Suite 300
Buffalo, NY 14202

Tom L. Lewis
Lewis, Huppert & Slovak
725 Third Avenue North
P.O. Box 2325
Great Falls, MT 59403

Steven J. Kherkher
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Richard L. Lancianese
Baker, Lancianese & Smith
Third Floor, River Tower
1108 Third Avenue, Suite 300
Huntington, WV 25701

John G. Lile, III
Wright, Lindsey & Jennings, L.L.P.
200 West Capitol Avenue
Suite 2200
Little Rock, AR 72201

Rebecca A. Kirch
300 State Street
6th Floor
Rochester, NY 14614

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Judith A. Lockhart
Carter, Ledyard & Milburn
Two Wall Street
New York, NY 10005

Stephen H. Kline
Kline Law Office
P.O. Box 1938
Cheyenne, WY 82003

Rose Langston
7450 North McCormick Boulevard
Skokie, IL 60067

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

W. M. Lanier
Lanier Parker & Sullivan
1331 Lamar
Suite 1550
Houston, Tx 77010

James C. Long, Jr.
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Richard D. Koljack, Jr.
Gable & Gotwals
100 West 5th Street, Suite 1100
Tulsa, OK 74103

H. Seward Lawlor
Glasser & Glasser, P.L.C.
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Edwin L. Lowther, Jr.
Wright, Lindsey & Jennings, L.L.P.
Worthen Bank Building, Suite 2200
200 West Capitol Avenue
Little Rock, AR 72201

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Eric L. Leach
Milton, Leach, Whitman, et al.
815 S. Main Street, Suite 200
Jacksonville, FL 32207

Lance Lubel
Robins, Cloud, Greenwood & Lubel
910 Travis Street, Suite 2020
Houston, TX 77002

Jonathan G. Kortmansky
Sulars, Hertzfeld, Helbion, et al.
620 5th Avenue
New York, NY 10020

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

Thomas E. Lenweaver
Trevett, Lenweaver & Vanstrydonck
700 Reynolds Arcade
Rochester, NY 14614

Barry Levenstam
Jenner & Block
One IBM Plaza
Suite 4400
Chicago, IL 60611

David N. Lutz
Bowman & Brooke
150 South 5th Street
Suite 2600
Minneapolis, MN 55402

H. Roger Lutz
Lutz, Webb, Partridge, Bobo & Baitty
Two North Tamiami Trail
1 Sarasota Tower, Suite 500
Sarasota, FL 34236

James Lynch
Flemming, Zulack & Williamson
One Liberty Plaza, 35th Floor
New York, NY 10006

Armer H. Mahan, Jr.
Lynch, Cox, Gilman & Mahan
2200 Aegon Center
400 West Market Street
Louisville, KY 40202

Robert C. Malaby
Malaby & Carlisle, L.L.C.
150 Broadway
20th Floor
New York, NY 10038

Patrick Cash Malouf
Porter & Malouf, P.A.
4670 McWillie Drive
P.O. Box 12768
Jackson, MS 39236

Dennis H. Markusson
Markusson Green & Jarvis
1050 17th Street
Suite 2300
Denver, CO 80265

James J. Maron
Maron, Marvel & Wilks, P.A.
P.O. Box 288
1300 North Broom Street
Wilmington, DE 19899

Mark L. Martin
Martin & Kieklak Law Firm
P.O. Box 3597
Fatetteville, AR 72702

Christopher D. Mauriello
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, NC 28144

Mary Mauro
Galloway Johnson Tompkins & Burr
3555 Timmons Lane
Suite 1225
Houston, TX 77027

Gregory H. Maxwell
Spohrer, Wilner, Maxwell & Matthews
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Timothy M. McCann
Coblence & Warner
415 Madison Avenue
New York, NY 10017

Nancy McDonald
McElroy, Deutsch & Mulvaney
P.O. Box 2075
1300 Mount Kemble Ave.
Morristown, NJ 07962

Dennis R. McEwen
Eckert, Seamans, Cherin & Mellot
600 Grant Street
44th Floor
Pittsburgh, PA 15219

Charles M. McGiveny
McGivney, Kluger & Gannon, P.C.
305 Broadway Street
Suite 800
New York, NY 10007

Mary McIvor
Mcmahon, Martine & Gallagher
90 Broad Street
14th Floor
New York, NY 10004

Michele K. McKellar
Boley & McKellar
P.O. Box 748
Cheyenne, WY 82003

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Joseph J. McKernan
McKernan Law Firm
8710 Jefferson Highway
Baton Rouge, LA 70809

Neil J. McKinnon
Lipsitz, Green, Fahringer, Roll, et al.
42 Delaware Avenue, Suite 300
Buffalo, NY 14202

Monica McLaughlin
Mcmahon, Martine & Gallagher
90 Broad Street, 14th Floor
New York, NY 10004

Stephen P. McLaughlin
Piper, Marbury, Rudnick & Wolfe
3400 Two Logan Square
18th & Arch Street
Philadelphia, PA 19103

20

Michael J. Masino
Harris Beach, LLP
99 Garnsey Road
Pittsford, NY 14534

Floyd L. Matthews, Jr.
Spohrer, Wilner, Maxwell & Matthews
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Gail O. Matthews
Matthews, Sanders & Sayes
825 West Third
Little Rock, AR 72201

John McGrath
Mcmahon, Martine & Gallagher
90 Broad Street
14th Floor
New York, NY 10004

Kevin M. McGuire
Jackson & Kelly
175 E. Main Street
P.O. Box 2150
Lexington, KY 40507

D. Ferguson McNiel
Vinson & Elkins
1001 Fannin Street
Suite 2300
Houston, TX 77002

William R. Meeks, III
Kilpatrick, Williams & Meeks
500 Broadway Place
Suite 404
Little Rock, AR 72201

William J. Mendrzycki
Drinker, Biddle & Shanley, L.L.P.
500 Campus Drive
Florham Park, NJ 07932

Henry Adam Meyer, III
Norman Edme Meyer Wallace, et al.
127 N.W. 10th Street
Oklahoma City, OK 73103

Louis J. Micca
Boylan, Brown Code, Fowler, et al.
2400 Chase Square
Rochester, NY 14604

Lewis Charles Miltenberger
Cordray, Goodrich & Miltenberger
108 West 8th Street, Suite 500
Ft. Worth, TX 76102

Peter A. Moir
Quilling, Selander, Cummiskey, Clutts
& Lownds
2001 Bryan Street, Suite 1800
Dallas, TX 75201

David R. Monohan
Woodward, Hobson & Fulton, LLP
2500 National City Tower
101 South Fifth Street
Louisville, KY 40202

John B. Moore
Phillips, Parker, Orberson & Moore
716 West Main Street, Suite 300
Louisville, KY 40202

Denette Ann Mouser
Locke Liddell & Sapp, LLP
2200 Ross Avenue
Suite 2200
Dallas, TX 75201

William F. Mueller
Clement, Mueller & Tobia, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

John J. Mundy
Brobeck, Phleger & Harrison, L.L.P.
4801 Plaza on the Lake
Austin, TX 78746

Stephen B. Murray
Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, LA 70112

James I. Myers
Renaldo, Myers, Regan & Palumbo
350 Essjay Road, Suite 200
Williamsville, NY 14221

Joseph B. Myers, Jr.
Frost, Brown & Todd, L.L.C.
400 West Market Street
3200 Aegon Center
Louisville, KY 40202

Colvin G. Norwood, Jr.
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130

Henry Joseph Nowak
Connors & Vilardo
1020 Liberty Building
420 Main Street
Buffalo, NY 14202

James Stephen Nowak
Kenney, Kanaley, Shelton & Liptak
Suite 510 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Matthew C. O'Connell
Reminger & Reminger
113 St. Clair Building, Suite 700
Cleveland, OH 44114

Bonnie T. O'Connor
Smith, Murphy & Schoepperle
786 Ellicott Square Building
Buffalo, NY 14203

Edward J. O'Connor
Bouvier, O'Conner, Cegielski & Levine
350 Main Street, Suite 1400
Buffalo, NY 14202

Douglas H. Morford
Morford & Whitfield, P.A.
4040 Woodcock Drive, Suite 202
Jacksonville, FL 32207

Kenneth M. Morris
Forman, Perry, Watkins, Krutz &
Tardy
1349 Empire Central, Suite 400
Dallas, TX 75427

James R. Morrison
Westervelt, Johnson, Nicoll & Keller
First Financial Plaza
411 Hamilton Blvd., 14th Floor
Peoria, IL 61602

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Curtis L. Nebben
Bassett Law Firm
221 North College Avenue
P.O. Box 3618
Fayetteville, AR 72702

Paula E. Newcomb
Volgenau & Bosse
750 Main Seneca Building
237 Main Street
Buffalo, NY 14203

Gerard D. Nolan
Ronca, McDonald & Hanley
5 Regent Street, Suite 517
Livingston, NJ 07039

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210

Gary J. O'Donnell
Saperston & Day, P.C.
2000 HSBC Plaza
100 Chestnut Street
Rochester, NY 14604

Richard O'Leary
McCarter & English, L.L.P.
300 Park Avenue, 18th Floor
New York, NY 10022

Bobby L. Odom
Odom & Elliott
1 East Mountain
P.O. Drawer 1868
Fayetteville, AR 72702

Alice Oliver-Parrott
Burrow & Parrott
1301 McKinney
Suite 3500
Houston, TX 77010

E. Spencer Parris
Jones, Martin, Parris & Tessener Law
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

Amalia Pena
Smith Abbott, LLP
100 Maiden Lane
New York, NY 10038

H. F. Perritt, Jr.
P.O. Box 447
Jacksonville, FL 32201

Glenn E. Pezzulo
Culley, Marks, Tanenbaum, Reifsteck
& Pezzulo
36 West Main Street, Suite 500
Rochester, NY 14614

G. M. Phillips
Robert H. Hood & Associates
172 Meeting Street
P.O. Box 1508
Charleston, SC 29402

Alan M. Pickert
Brown, Terrell, Hogan, Ellis, et al.
804 Blackstone Building
233 East Bay Street
Jacksonville, FL 32202

James H. Powers
Powers & Frost, L.L.P.
2600 Two Houston Center
909 Fannin
Houston, TX 77010

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
Greenville, SC 29601

Daniel P. Purcell
Two State Street
Suite 1000
Rochester, NY 14614

Francis F. Quinn
Lavin, Coleman, O'Neil, Ricci, et al.
767 Third Avenue, 7th Floor
New York, NY 10017

Mary Quinn-Cooper
Rhodes, Hieronymus, Jones, Tucker &
Gable
P.O. Box 21100
Tulsa, OK 74121

James Rahill
Carter, Ledyard & Milburn
Two Wall Street
New York, NY 10005

Thomas E. Reidy
Two State Street, Suite 1000
Rochester, NY 14614

Michele F. Renna
Lester, Schwab, Katz & Dwyer
120 Broadway
New York, NY 10271

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

William Reynolds
O'Shea, Reynolds & Cummings
237 Main Street, Suite 500
Buffalo, Ny 14203

Kenneth D. Rhodes
Dunn, Kacal, Adams, Pappas & Law
2600 America Tower
2929 Allen Parkway
Houston, TX 77019

Scott A. Richman
Carlton Fields
450 S. Orange Avenue, Suite 500
P.O. Box 1171
Orlando, FL 32802

22

Anthony E. Pletcher
White, Huseman, Pletcher, et al.
600 Leopard Street
Suite 2100
Corpus Christi, TX 78473

Franklin A. Poff
Crisp Jordan & Boyd
2301 Moores Lane
P.O. Box 6297
Texarkana, TX 75505

Jonathan E. Polonsky
Thelen Reid & Priest, LLP
40 West 57th Street
New York, NY 10019

Lisa A. Powell
Jackson Walker, L.L.P.
1100 Louisiana
Suite 4200
Houston, TX 77002

Stephen C. Roe
216 William Street
Elmira, NY 14901

Steven D. Roth
Stroock, Stroock & Lavan, L.L.P.
180 Maiden Lane
New York, NY 10038

Gerolyn Roussel
Roussell & Roussel
1710 Cannes Drive
Laplace, LA 70068

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

William Ryan
Tabner, Ryan Law Firm
18 Corporate Woods Blvd.
Albany, NY 12211

Mark E. Rakoczy
Skadden, Arps, Slate, Meagher &
 Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

William N. Rambin
Sedgwick Detert Moran & Arnold
1717 Main Street
Suite 5400
Dallas, TX  75201

James B. Reed
Ziff, Weiermiller & Hayden
303 William Street
P.O. Box 1338
Elmira, NY 14902

Shawn C. Reed
Howard & Reed
516 N. Columbia Street
Covington, LA 70433

Elizabeth R. Schick
Baron & Budd
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75219

Mark S. Scudder
Strasburger & Price, L.L.P.
P.O. Box 50100
Dallas, TX 75250

Rebecca F. Schupbach
Stites & Harbison
1800 Aegon Center
400 W. Market Street
Louisville, KY 40202

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Robert W. Scott
Swain, Hartshorn & Scott
Savings Center Tower, Suite 1806
411 Hamilton Boulevard
Peoria, IL 61602

James M. Riley Jr
Coats, Rose, Yale, Holm, Ryman &
Lee
1001 Fannin Street
800 First City Tower
Houston, TX 77002

Robert H. Riley
Schiff, Hardin & Waite
6600 Sears Tower
233 South Wacker Drive
Chicago, IL 60606

Roger W. Rizk
Roger W. Rizk, P.A.
6047 Nations Ford Road
Charlotte, NC 28217

Julie Robles
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie, LA 70001

Patricia Ryan Sher
Holland & Knight, LLP
50 N. Laura Street, Suite 3900
Jacksonville, FL 32202

George F. Short
Short, Barnes, Wiggins, Margo &
Adler
210 Park Avenue, Suite 3100
Oklahoma City, OK 73102

Steven T. Shults
Shults & Ray, LLP
Bank of America Plaza
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130

E. Terry Sibbernsen
P.O. Box 24268
Omaha, NE 68124

23

Kenneth L. Sales
Sales, Tillman & Wallbaum
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

Joseph L. Sallee, Jr.
Dinsmore & Shohl
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202

Steven P. Sanders
Armstrong Teasdale Schafly & Davis
One Metropolitan Square, Suite 2600
211 North Broadway
St. Louis, MO 63102

Mark F. Scarcello
Feldman, Kieffer & Herman, LLP
The Dun Building
110 Pearl Street
Buffalo, Ny 14202

Kurt A. Scharfenberger
Thompson, Miller & Simpson, PLC
220 West Main Street, Suite 1700
Louisville, KY 40202

Edwin W. Small
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902

Larry D. Smith
Cabaniss, Smith, Toole, & Wiggins
485 North Keller Road, Suite 401
P.O. Box 945401
Maitland, FL 32794

Lisa L. Smith
Phillips, Lytle, Hitchcock, Blaine &
Huber
3400 HSBC Center
Buffalo, NY 14203

Thomas C. Smith
Ziegler & Schneider, PSC
541 buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY 41017

Thomas F. Segalla
Goldberg Segalla, LLP
120 Delaware Avenue
Suite 500
Buffalo, NY 14202

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Leslie Mauro Senglaub
Harter, Secrest & Emery
1600 Bausch & Lomb Place
Rochester, NY 14604

Robert B. Shaw
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11079
Columbia, SC 29211

Thomas E. Steichen
Eldridge Cooper Steichen & Leach
P.O. Box 3566
Tulsa, OK 74101

Mitchell M. Stenger
Stenger & Finnerty
1800 Main Place Tower
Buffalo, NY 14202

David M. Stillwell
O'Shea, Reynolds & Cummings
237 Main Street
Suite 500
Buffalo, NY 14203

James Stokes
MacKenzie, Smith, Lewis, et al.
P.O. Box 4967
Syracuse, NY 13221

G. Byron Sims
Brown Sims, P.C.
1177 West Loop South
10th Floor
Houston, TX 77027

Vani Singhal
Segal, McCambridge, Singer &
Mahoney
330 North Wabash Street Avenue
Suite 200
Chicago, IL 60611

Paul F. Slater
McCarter & English, L.L.P.
300 Park Avenue
18th Floor
New York, NY 10022

Joel Slawotsky
Rubin, Baum, LLP
30 Rockefeller Plaza
29th Floor
New York, Ny 10122

Allan P. Sloan
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Robert E. Thackston
Jenkens & Gilchrist
3200 Allied Bank Tower
1445 Ross Avenue
Dallas, TX 75202

W. M. Thomas
Fairchild, Price, Thomas & Haley
413 Shelbyville Street
P.O. Drawer 1719
Center, TX 75935

H. Keith Thomerson
Hinshaw & Culbertson
50 North Laura Street
Suite 1800
Jacksonville, FL 32202

David C. Thompson
P.O. Box 5235
321 Kittson Avenue
Grand Forks, ND 58201

Carol G. Snider
Damon & Morey
1000 Cathedral Place
298 Main Street
Buffalo, NY 14202

Paul A. Soradato
150 East 52nd Street
Suite 2900
New York, NY 10022

Thomas W. Speckman
Speckman & Hoback
2330 Citizens Plaza
Louisville, KY 40202

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Thomas B. Staley
Robinson, Staley & Marshall
400 West Capitol Avenue
Suite 2891
Little Rock, AR 72201

Patricia M. Stanford
Patricia M. Stanford, P.A.
211 N. Liberty Street, Suite 3
Jacksonville, FL 32202

W. W. Townes
Ackerson, Mosley & Yann
1200 One Riverfront Plaza
Louisville, KY 40202

David G. Traylor, Jr.
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

David W. Trench
Bilzin, Sumberg, Dunn, et al.
200 S. Biscanyne Boulevard
2500 First Union Financial Center
Miami, FL 33131

William T. Stone
Cole, Stone, Stoudemire, Morgan &
Dore
201 N. Hogan Street
Suite 200
Jacksonville, FL 32202

Arthur W. Stout, III
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Richard T. Sullivan
Sullivan & Oliverio
600 Main Place Tower
Buffalo, NY 14202

John E. Sutter
Sutter Law Firm, PLLC
1598 Kanawha Boulevard, East
Charleston, WV 25311

Gregory D. Swartwood
Nation Law Firm
570 Crown Oak Centre Drive
Longwood, FL 32750

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Steven C. Ward
Heckenkamp, Simhauser, Ward &
Zerkle
P.O. Box 2378
Springfield, IL 62705

Charles J. Watts
Smith, Shew, Scrivner, Corbin & Watts
6520 North Western Avenue
Suite 300
Oklahoma City, Ok 73116

Richard N. Watts
Watts & Donovan, P.A.
Centre Place, Suite 1100
212 Center Street
Little Rock, AR 72201

Lou E. Thompson
Brent Coon & Associates
917 Franklin Street
Suite 210
Houston, TX 77002

Arthur H. Thorn
Thorn, Gershon Law Firm
5 Wembly Court
New Karner Road
P.O. Box 15054
Albany, NY 12212

C. W. Threlkeld
Fenton, Fenton, Smith, Reneau &
Moon
211 N. Robinson Avenue
Suite 800
Oklahoma City, OK 73102

Michael T. Tomlin
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137

Robert D. Tomlinson
McKinney & Stringer
Corporate Tower, Suite 1300
101 N. Robinson Avenue
Oklahoma City, OK 73102

Gil Whitaker
Law Office of Gil Whitaker
2929 Plummer Cove Road, Suite 1
Jacksonville, FL 32223

James W. Whitcomb
Phillips, Lytle, Hitchcock, Blaine &
Huber
3400 HSBC Center
Buffalo, NY 14203

Fred S. White
708 Hulman Building
P.O. Box 657
Evansville, IN 47704

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Martin B. Unger
Unger, Acree, Weinstein, et al.
701 Peachtree Road
P.O. Box 4909
Orlando, FL 32802

Michael P. Vanderford
Anderson, Murphy & Hopkins, L.L.P.
First Commercial Bldg., Suite 2640
400 West Capitol Avenue
Little Rock, AR 72201

Anne Vogt
Culley, Marks, Tanenbaum, Reifsteck
& Potter
36 West Main Street
Suite 500
Rochester, NY 14614

Kenneth S. Wall
Brown McCarroll & Oaks Hartline
2727 Allen Parkway
Suite 1300
Houston, TX 77019

David Walsh
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, TX 78404

James R. Webb
McAffee & Taft
211 North Robinson Avenue
Two Leadership Square, 10th Floor
Oklahoma City, OK 73102

Perry Weitz
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

J. B. Welch
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

Joseph J. Welter
Kavinoky & Cook
120 Delaware Avenue
Buffalo, NY 14202

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Eric D. Wewers
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Joseph A. Wilkins
Knudsen, Berkheimer Law Firm
1248 O Street, Suite 1000
Wells Fargo Center
Lincoln, NE 68508

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
726 Delmas Avenue
Pascagoula, MS 39568

Kenneth Williams, Jr.
1505 Carter Avenue
Suite 202
Ashland, KY 41105

Norwood S. Wilner
Spohrer, Wilner, Maxwell & Matthews
701 West Adams Street
Suite 2
Jacksonville, FL 32204

Joseph C. Wilson, IV
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

James Edward Wimberley
Provost Umphrey
490 Park Street
Beaumont, TX 77704

Thomas S. Wiswall
Phillips, Lytle, Hitchcock Blaine &
Huber
3400 HSBC Center
Buffalo, NY 14203

Christopher J. Wnuk
Pulaski, Gieger & Laborde
One Shell Square, Suite 4800
701 Poydras Street
New Orleans, LA 70139

John R. Woodard, III
Feldman, Hall, Franden, Woodard &
Farris
525 South Main, Suite 1400
Tulsa, Ok 74103

Dawn M. Wright
Thompson & Knight
1700 Pacific Avenue, Suite 3300
Dallas, TX 75201

Kevin T. Merriman
Hurwitz & Fine
1300 Liberty Building
Buffalo, NY 14202

Kenneth L. Weltz
Lathrop & Gage, L.C.
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210

Russell B. Winburn
Odom & Elliott
P.O. Box 1868
Fayetteville, AR 72702

James R. Wylder
Walker & Wylder, Ltd.
207 West Jefferson Street
Bloomington, IL 61701

Judith L. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas, #C31
New York, NY 10020

Evan J. Yegelwel
Brown, Terrell, Hogan, Ellis, et al.
804 Blackstone Building
233 E. Bay Street
Jacksonville, FL 32202

Jane Marie Yocum
Huckabay, Munson, Rowlett & Tilley
First Commercial Building
400 West Capitol, Suite 1900
Little Rock, AR 72201

Elizabeth M. Young
Ledy-Gurren & Blumenstock, L.L.P.
150 East 52nd Street, 30th Floor
New York, NY 10022

Mark G. Zellmet
Husch & Eppenberger
100 North Broadway Street
Suite 1300
St. Louis, MO 63102