MDL 875

JUDICIAL PANEL ON,
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL DOCKET NO. 875 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK**

ELLIOTT R. HOLMES, Executor of the Estate
of LILLIAN HOLMES, Deceased,

        Plaintiff

   -vs-

ACANDS, Inc., et al.

        Defendants

CIVIL ACTION NO:
1:01-858

---

DONALD SCHENDEL,

        Plaintiff

   -vs-

A.P. GREEN INDUSTRIES, INC., et al.

        Defendants

CIVIL ACTION NO:
1:01-892

OFFICIAL FILE COPY   IMAGED MAR 13 '02

## BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

### I. PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-210) entered by the Judicial Panel on Multidistrict Litigation on February 8, 2002.  Pursuant to Panel Rule 7.4(d), this Motion and Brief to Vacate the Conditional Transfer Order are being filed in support of plaintiffs' Notices of Opposition which were filed on February 22, 2002.

### II. STATEMENT OF FACTS

Two plaintiffs, (Holmes and Schendel) brought claims against various manufacturers and distributors of asbestos products for injuries and deaths incurred from their deceased spouses' exposure to these products.  Despite the fact that both cases were filed in state court against numerous defendants, only three defendants, in Holmes and only one defendant in Schendel, filed notices of removal in the cases on or about December 4, 2001, alleging bankruptcy jurisdiction pursuant to 28 U.S.C. §1334 (Holmes) and December 10, 2001 alleging jurisdiction based upon 28 U.S.C. 1442; the Federal Officer Removal Statute (Schendel) respectively.  (Exhibits "A" and "B".)

Since that time, specifically regarding Holmes, the Honorable Judge Alfred Wolin, who was appointed by the Third Circuit to supervise the asbestos-related bankruptcy cases pending in the District of Delaware, has denied transfer of these cases, including Holmes, to the Delaware Bankruptcy Court and remanded these matters to their original state court's for lack of federal subject matter jurisdiction.  This remand has been temporarily stayed by the Third Court, U.S. Court of Appeals, pending their review.

Pursuant to Panel Rule 7.4(b), plaintiffs filed their Notices of Opposition to the Conditional Transfer Order on February 22, 2002.   Now, pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), plaintiffs file this Motion and Brief to Vacate the Conditional Transfer Order.   This submission is being filed within 15 days of the filing of the Notice of Opposition.   For the reasons stated below, the Conditional Transfer Order should be vacated so that both claimants in the cases originally removed by Ford, General Motors, Honeywell (Holmes) and Todd Shipbuilders (Schendel) can proceed in the timely resolution of their claims in *state* court.

## III. ARGUMENT

A.   If The Holmes Case Is To Be In Federal Court At All,
It Should Be Transferred To The Bankruptcy
Court in Delaware.

Plaintiff in Holmes maintains that the removal of his asbestos-related claims by Ford Motor Company, General Motors and Honeywell is unwarranted.   Rather, these cases should have remained where they were filed – in state court.   If these cases are to remain in federal court, however, they should be transferred to the bankruptcy court in Delaware – *not* to MDL.   After all, the sole basis for removing thousands of asbestos related cases nationwide (Holmes included) by the "friction defendants" in the first place was the alleged relationship with the October 1, 2001, Federal-Mogul Global, Inc. bankruptcy.   The removing defendants claim that the presence of a Federal-Mogul entity in the same case in which they were named as a defendant – one of many defendants named – confers bankruptcy jurisdiction over the case.   Specifically, the removing defendants assert that, by virtue of any rights of indemnity or contribution

against the debtor, Federal-Mogul, that they may have or claim to have, that they too should be able to claim the "safe harbor" that a bankrupt entity is able to enjoy.

It is important to note that several courts have already ruled on Motions for Remand filed in similar cases removed by three of the present removing defendants – Ford, General Motors and Honeywell. Those courts that have reviewed the merits of this argument have consistently found for remand either as to lack of subject matter jurisdiction or mandatory/permissive federal abstention. For example, In re Asbestos Litigation No. 01-1790-PA (D.Or., Feb. 1, 2002), Judge Panner finds that "related to" subject matter jurisdiction does not exist, and that removal was governed by the 30-day limit, not the 90-day period, and was therefore untimely.    Higgins v. DaimlerChrysler Corp., no. G-01-853 (S.D. Tex. Jan. 28, 2002), Judge Kent grants a second motion for remand for lack of subject matter jurisdiction, following re-removal of the case by the Big Three, and describes defendants' "current tactics" as the "worst form of procedural machinations and a terrible waste of valuable resources for all Parties involved in this litigation." Skylark v. Honeywell Int'l, Inc., No. 01-5069-CIV-Graham/Turnoff (S.D. Fla. Jan. 25, 2002), Judge Graham finds subject matter jurisdiction lacking, and in the alternative holds that mandatory abstention would be required, and that discretionary abstention would be appropriate.

B.     This Panel Should Vacate Its Conditional Transfer Order Because
       These Cases No More Belong In Federal Court Than They
                            Do At MDL.

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P.1. In essence, every plaintiff is entitled to a speedy and efficient determination of his claim – that is, every plaintiff is

entitled to his day in court.  However, the transferee court's power does not allow it to actually *try* asbestos cases which have been transferred to MDL-875 but, rather, it merely presides over pretrial matters.  Therefore, should these cases be transferred, both plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure, their opportunity – and their *right* – to have a timely jury trial.  The family members of Mr. Holmes and Mrs. Schendel will lose their chance to vindicate their deceased relatives' rights in a timely fashion.

As this MDL Panel is well aware, 28 U.S.C. §1407(a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. §1407(a).  The statute authorizes the transfers of such cases to the Judicial Panel on Multidistrict Litigation upon a determination that transfers would be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."  Id.  Although the Panel may, sua sponte, consider and order transfer, the absence of any of the elements outlined in §1407 would make the Panel's application of the statute inappropriate.

C.   Since Judge Wolin Has Determined That No Subject Matter Jurisdiction Exists In These "Friction Cases" And That The Ruling Has Been Temporarily Stayed By The Third Court;  This Panel Should Refrain From Taking Any Action Regarding This Case (Holmes) To Avoid Confusion and Conflicting Decisions

As previously stated, on February 8, 2002, Judge Wolin, appointed by the Third Circuit to supervise the asbestos-related bankruptcy cases pending in the District of Delaware, denied a transfer order and remanded asbestos-related friction prduct cases to State Courts around the nation.

Plaintiffs thus submit that, although transfer from state court is not desired, should these cases be eventually transferred, Delaware is the appropriate forum. The matter is currently under review by the Third Circuit. It is anticipated that Judge Wolin's Order will stand and these matters will be returned to their original state court. Therefore, any action taken by this Panel regarding these cases would only cause conflicting decisions, cause inconsistencies and create confusion in all matters pertaining to this case (Holmes). Therefore, in an effort to avoid such pandemonium, this Panel should refrain from entertaining any matters relating to these cases.

> D.   Schendel Matter Lacks Subject Matter Jurisdiction
> For Failure To Meet The Requirements
> of 28 U.S.C. 1442.

Removing defendant, Todd, has specifically alleged that this matter is removable to Federal Court on the basis of 28 U.S.C. 1442(a) 1, the federal officer removal statute. In Good v. Armstrong World Industries, Inc., 914 F.Supp. 1125 (E.D.Pa. 1996), a matter strikingly similar to the present case, the Court failed to find an appropriate removal, based specifically on the defendants' failure to show a causal nexus between the plaintiff's claim and the conduct taken pursuant to direction from a federal officer.

Defendants' Notice of Removal only alleges a general supervision by the United States Navy, therefore the direction and control required of a specific federal officer to invoke this removal properly, is completely lacking. Defendants' reliance on the government contractor defense, while possibly applicable, becomes irrelevant for removal purposes as the threshold requirement of control by a specific federal officer is completely missing. Therefore, this matter must be remanded to State Court for lack of subject matter jurisdiction.

E.    Transfer Of The Schendel Matter For Pretrial Proceedings
Will Not Be For The Convenience Of The Parties;
Nor Will It Promote The Just And Efficient Conduct
Of the Action.

Removing Defendant, Todd Shipbuilders are the only defendant seeking removal

of this matter from the State Court of original jurisdiction.  Pretrial and discovery matters

must be arranged for Todd as well as 29 other defendants, currently represented by

local counsel in Western New York.  To remove or transfer this single case, along with

29 other defendants to the Eastern District of Pennsylvania for pretrial purposes does

not serve the interests of any of the parties presently in this action.

Removing Defendant (Todd) and plaintiffs are extremely close to finalizing

settlement arrangements on Todd's liability.  (See Exhibit "C".)  It is anticipated that this

will be concluded by the April 2, 2002 pretrial date scheduled before the Hon. H.

Kenneth Schroeder, Jr., Magistrate, in the U.S. District Court, Western District of New

York.  Upon reaching that settlement, it is fully anticipated that Removing Defendant

(Todd) will consent to a remand of the action to its state court if original jurisdiction.

Thereby negating any further need for federal intervention.   Plaintiff respectfully

requests that the parties be allowed to finalize these matters, rather than see the entire

matters transferred to the Eastern District of Pennsylvania.

## IV.  CONCLUSION

The Conditional Transfer Order entered by the Judicial Panel in February, 2002,

should be vacated.  The basis for removal, its alleged relationship to Federal-Mogul's

bankruptcy, is without merit.  Several district courts have already ruled accordingly,

finding no "related to" jurisdiction.  Not only was there no basis warranting the removal

of this asbestos-related case to federal court in the first place, equity and our Federal Rules demand that both plaintiffs represented in these lawsuits be afforded their right to a timely resolution of their claims in court – *state* court.

Plaintiffs respectfully request that the Panel vacate CTO-210, its order conditionally transferring these cases to MDL, so that these cases can proceed to trial in timely fashion.

Respectfully submitted,

**LIPSITZ, GREEN, FAHRINGER,
ROLL, SALISBURY & CAMBRIA, LLP
Counsel for Plaintiffs**

Joseph P. Kremer, Esq.
42 Delaware Avenue, Suite 300
Buffalo, NY 14202
(716) 849-1333

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE



Exhibit A

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
ELLIOTT R. HOLMES, Executor of the Estate of
LILLIAN A. HOLMES, Deceased, and Individually
as the Surviving Spouse of LILLIAN A. HOLMES
                                    Plaintiff,

            V.

AC AND S., INC.,
ALLIED CORPORATION, individually and as
successor in interest to BENDIX CORPORATION,
THE ANCHOR PACKING COMPANY, INC.,
ARMSTRONG WORLD INDUSTRIES,
INC.,successor in interest to ARMSTRONG CORK
COMPANY,
ASBESTOS CLAIMS MANAGEMENT
CORPORATION f/k/a NATIONAL GYPSUM
COMPANY,
BORG WARNER AUTOMOTIVE MORSE TEC
CORPORATION, Individually and as successor to
BORG-WARNER CORPORATION,
DAIMLERCHRYSLER CORPORATION,
Individually and as successor to CHRYSLER
CORPORATION, FAURECIA EXHAUST
SYSTEMS, INC., Individually and as successor to
AP AUTOMOTIVE SYSTEMS,
FEDERAL MOGUL CORPORATION, as successor
by merger to WAGNER ELECTRIC
CORPORATION,
FORD MOTOR COMPANY,
GAF CORPORATION,
GARLOCK, INC.,
GENERAL MOTORS CORPORATION,
GENUINE PARTS COMPANY,
MAREMONT CORPORATION,
OWENS-ILLINOIS, INC.,
RAPID-AMERICAN CORPORATION, a Delaware
Corporation, individually and as successor in interest
to PHILIP CAREY MANUFACTURING CO.,
GLEN ALDEN CORPORATION, and former
RAPID-AMERICAN CORPORATION, an Ohio
Corporation,                        Defendants.
------------------------------------------------------------x

CASE NO.

**01 CV 0858** A (F)



ORIGINAL WAS RECEIVED AND FILED
BY

DEC 0 4 2001

UNITED STATES DISTRICT COURT CLERK
WESTERN DISTRICT OF NEW YORK
CELEBRATING 100 YEARS OF SERVICE
TO WESTERN NEW YORK
1900-2000

REMOVAL
PETITION

## NOTICE OF REMOVAL

Defendants, DaimlerChrysler Corporation, Ford Motor Company and General Motors Corporation (the "automobile manufacturers") hereby give notice of the removal to the United States District Court for the Western District of New York of the claims which have been asserted against them in the action captioned Elliott R. Holmes, Executor of the Estate of Lillian A. Holmes, Deceased, and Individually as the Surviving Spouse of Lillian A. Holmes v. A.C.&S., Inc., et al. now pending in the Supreme Court of the State of New York, Cattaraugus County at Little Valley, New York, Index Number 64272. This Notice of Removal is filed pursuant to 28 U.S.C. § 1452(a), and as grounds for removal the automobile manufacturers state the following:

1.     The action of which the removed claims are a part was commenced prior to October 1, 2001 by the filing of a Summons and Complaint in the Supreme Court of the State of New York, Cattaraugus County.

2.     The removed claims are those for personal injury or wrongful death asserted against the automobile manufacturers on the basis of alleged exposure to certain of their asbestos-containing products, including brakes and other automotive parts, manufactured for the automobile manufacturers by Federal-Mogul Global, Inc., or companies that it purchased, one or more of which is a co-defendant of the automobile manufacturers.

3.     On October 1, 2001 Federal-Mogul Global, Inc. filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code, commencing bankruptcy case number 01-10578 (the "Federal-Mogul Bankruptcy Case") currently pending in the United States Bankruptcy Court for the District of Delaware.

4.     The removed claims may be removed to this Court pursuant to 28 U.S.C. § 1452(a): (i) the removed claims are asserted in a civil action not exempt from removal; and (ii) the Court has jurisdiction of the removed claims under 28 U.S.C. § 1334.

5.     Removal to this Court is timely pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(2) in that the claims in the civil action were pending before commencement of the Federal-Mogul Bankruptcy Case on October 1, 2001 and in that this notice has been filed within 90 days after October 1, 2001.

6.     Upon removal, the proceedings with respect to the removed claims are non-core. The automobile manufacturers do not consent to entry of a final order or judgment by the bankruptcy judge to the extent the bankruptcy court is authorized to hear or determine such claims consistent with 28 U.S.C. § 157(b)(5).

7.     The purpose of removal is to facilitate transfer of the removed claims to the United States District Court for the District of Delaware, the district court presiding over the Federal-Mogul Bankruptcy Case, to resolve on a consolidated basis the common threshold scientific issues concerning whether brakes and other automotive parts cause disease. *See, e.g., In re Dow Corning Corp.*, 1995 W.L. 495978, at *2 (Bankr. E.D. Mich. Aug. 9, 1995) (personal injury tort claims transferred to bankruptcy court pursuant to 28 U.S.C. § 157(b)(5) to resolve threshold scientific issues concerning whether silicone breast implants caused disease after removal to federal court pursuant to 28 U.S.C. § 1452(a)).

8.     On November 20, 2001, the automobile manufacturers filed a motion in the Federal-Mogul Bankruptcy Case pursuant to 28 U.S.C. § 157(b)(5) to transfer this and all other claims related to brakes and automotive parts for consolidated resolution of the threshold scientific issues concerning whether brakes and other automotive parts cause disease.

9.      Pursuant to Local Civil Rule 81.1 the automobile manufacturers shall file with the clerk a copy of all records and proceedings in the state court within twenty days of the filing of this notice, unless otherwise ordered by the Court.

10.      A copy of this Notice of Removal is being served upon counsel of record for all represented parties, and upon all unrepresented parties, to the action pending in the state court.

Respectfully submitted,

GIBSON, McASKILL & CROSBY

BY: _____
Terrance P. Flynn, Esquire
Attorney for Defendants
Ford Motor Company,
DaimlerChrysler Corporation, and
General Motors Corporation
69 Delaware Avenue
Suite 900
Buffalo, New York 14202-3866

Exhibit B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x

KEITH D. SCHENDEL, Executor of the Estate of
DONALD SCHENDEL, Deceased, and LINDA S.
SCHENDEL, Executrix of the Estate of DONALD
SCHENDEL, Deceased,

                              Plaintiffs,

     -against-

TODD SHIPYARDS CORPORATION, et al.

                              Defendant.

------------------------------------------------------------------ x

**01  CV  0892**E(SC)

**NOTICE OF REMOVAL
PURSUANT TO 28 U.S.C.
§ 1446**

TO THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:

    1.  TODD SHIPYARDS CORPORATION, incorrectly s/h/a TODD PACIFIC

SHIPYARDS, a subsidiary of TODD SHIPYARDS CORPORATION, is a defendant in the civil

action brought on or about January 8, 2000, in the Supreme Court of the State of New York.

Pursuant to the provisions of Sections 1441 and 1446 of Title 28 of the United States Code,

TODD SHIPYARDS CORPORATION removes this action to the United States District Court

for the Western District of New York, which is the judicial district in which the action is

pending.

    2.  The above-described action may be removed to this court by the defendant pursuant

to the provisions of Section 1442 of Title 28 of the United States Code because:

          a.  Plaintiff's complaint alleges that defendant, TODD SHIPYARDS

              CORPORATION was "in the business of constructing, repairing,

        manufacturing, selling and distributing" naval vessels under the auspices of the United States Navy.

b.     Defendant has been sued in its individual and official capacity.

c.     At all times mentioned in plaintiff's complaint, defendant was acting under the auspices of the United States Navy and all of the acts done by defendant in connection with the matters set forth in plaintiff's complaint are committed by defendant under supervision, direction and approval of the United States Navy and in performance of defendant's duties.

3.  Removal of this action is, therefore, proper under Section 1441 of Title 28 of the United States Code because this is a civil action brought in state court over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

4.  This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the removability of this action was not apparent until plaintiff's correspondence, dated November 16, 2001. In the correspondence, this action became removable to the federal district court because plaintiff is asserting a products liability claim against defendant, TODD SHIPYARDS CORPORATION. Defendant now has to its avail the Government Contractor Defense and, as such, this defense satisfies the tests of the Federal Officer Removal Statute under the provisions of Section 1442 of Title 28 of the United States Code. This Notice of Removal is filed within 30 days of receipt of the plaintiff's correspondence and is, therefore, timely filed under Section 1446(b) of the United States Code.

5.  All state court papers served on the defendant at the time of removal consisting of the

Summons and Complaint, Answers, plaintiff's correspondence, dated November 16, 2001, are

attached.


Dated:      New York, New York
            December 7, 2001


                              Yours, etc.

            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP


            By:
                  Erik C. DiMarco, Esq.
                  (ED1124)
                  Attorneys for TODD SHIPYARDS
                  CORPORATION, incorrectly s/h/a TODD
                  PACIFIC SHIPYARDS, a subsidiary of
                  TODD SHIPYARDS CORPORATION
                  150 East 42nd Street
                  New York, New York 10017-5639
                  (212) 490-3000
                  File No. 04693.00189

Exhibit C

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639   Tel: (212) 490-3000   Fax: (212) 490-3038

*New York• Los Angeles •San Francisco •Washington, DC •Newark •Philadelphia •Baltimore •Miami*
*Chicago •White Plains, NY •Dallas •Albany, NY •San Diego •Houston •London •Tokyo*
*Affiliate Offices: Paris •Berlin •Cologne •Frankfurt •Munich •Wiesbaden*

—

**www.wemed.com**

RECEIVED FEB 19 2002

February 14, 2001

**ADVANCE COPY VIA FACSIMILE**

Lipsitz, Green, Fahringer, Roll
     Salisbury & Cambria, LLP
42 Delaware Avenue
Suite 300
Buffalo, New York 14202-3857

Attn:   Joseph Kremer, Esq.

     Re:    Schendel v. A.P. Green, et al
            <u>Our File No. 04693.00189</u>

Dear Mr. Kremer:

     Our office is in receipt of an Order setting a Preliminary Pretrial Conference in the above-referenced matter from the U.S. District Court for the Western District of New York on April 2, 2002. We enclose a copy of this Order. As you are aware, we previously agreed to resolve this matter on behalf of Todd Shipyards Corporation for the sum of $18,000, with the condition that we would agree to have this matter remanded to the state court.

     To date, we have not received the settlement paperwork from your office, which we require in order to execute the Stipulation remanding this matter which you previously sent to us. Clearly, it would be a waste of time and expense to conduct the pre-conference meet and confer session required by the Western District and to appear before the Court on a Pretrial Conference in a matter that we have agreed to remand. As such, we would appreciate your forwarding the appropriate settlement paperwork to our attention as soon as possible.

     Please advise if there are any problems with this request, as it would be prudent to advise the Court of the status of this matter should we be unable to resolve same prior to the April 2, 2002 conference.

     Thank you for your attention to the foregoing. Should you have any questions, please contact us.

     Sincerely,

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

              Erik C. DiMarco

Enclosure

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 2 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on March ___11th___, 2002, a true and correct copy of the foregoing Motion and Brief to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

_____
Joseph T. Kremer

9

**PANEL SERVICE LIST (Excerpted from CTO-210)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Holmes, etc. v. ACandS, Inc., et al.*, W.D. New York, C.A. No. 1:01-858
*Schendel, et al. v. A.P. Green Industries, Inc., et al.*, W.D. New York, C.A. No. 1:01-892

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Erik C. DiMarco
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY  10017

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN  55402

Bruce S. Huttner
Donohue, Sabo, et al.
24 Aviation Road
Albany, NY  12212

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308

Joseph Thomas Kremer
Lipsitz, Green, Fahringer, Roll, et al.
42 Delaware Avenue
Suite 300
Buffalo, NY  14202

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
44th Floor
New York, NY  10020

*Printed  4/2/02*

## HOLMES,  SCHENDEL
## COUNSEL LIST FOR BIG 3 REMOVALS

Robert Malaby, Esq.
Malaby & Carlisle, LLC
150 Broadway, 20th Floor
New York, NY 10038

Richard P. O'Leary, Esq.
McCarter & English
300 Park Avenue
18th Floor
New York, NY 10022

Thomas S. Wiswall, Esq.
Phillips, Lytle, Hitchcock,
Blaine & Huber, LLP
3400 HSBC Center
Buffalo, NY 14203-2887

Thomas Liptak, Esq.
Kenney, Kanaley, Shelton
& Liptak, LLP
510 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Paulina M. Colon
CVCSC, Inc.
PO Box 950
525 Brook Street
Rocky Hill, CT 06067

Bonnie T. O'Connor, Esq.
Smith, Murphy & Schoepperle
786 Ellicott Square Building
Buffalo, NY 14203

Steve Davie, Esq.
Mackenzie, Smith, Lewis,
Mitchell & Hughes
PO Box 4967
Syracuse, NY 13221-4967

Bernadette Weaver-Catalana, Esq.
Morris and Morris
30 Corporate Woods
Suite 120
Rochester, NY 14623

Louis J. Micca, Esq.
Boylan, Brown, Code,
Vigdor & Wilson, LLP
2400 Chase Square
Rochester, NY 14604

Cynthia Weiss Antonucci, Esq.
Harris, Beach & Wilcox, LLP
Two World Trade Center, 85th Floor
New York, NY 10271-0048

Richard L. Woll, Esq.
University Corporate Centre
100 Corporate Way, Suite 430
Amherst, NY 14226

John M. Flannery, Esq.
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
925 Westchester Avenue
White Plains, NY 10604

Robert Bunda, Esq.
Bunda, Stutz & DeWitt
1 SeaGate, Suite 650
Toledo, OH 43604

Joel Slawotsky, Esq.
RubinBaum, LLP
30 Rockefeller Plaza, 29th Floor
New York, NY 10112

James R. Lynch, Esq.
Flemming, Zulack & Williamson, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006

Judith Yavitz, Esq.
Anderson, Kill & Olick, PC
1251 Avenue of the Americas
New York, NY 10020

Keith N. Bond, Esq.
Walsh, Roberts & Grace
14 Lafayette Square
Suite 400
Buffalo, NY 14203

James W. Whitcomb, Esq.
Phillips, Lytle, Hitchcock
Blaine & Huber, LLP
3400 HSBC Center
Buffalo, NY 14203

Jennifer Darger, Esq.
Coblence & Warner
415 Madison Avenue
New York, NY 10017

Joseph A. Venuti, Jr., Esq.
Swartz, Campbell & Detweiler
1300 Route 73
Bloom Court
Suite 101
Mt. Laurel, NJ 08054

Terrance P. Flynn, Esq.
Gibson, McAskill & Crosby
69 Delaware Avenue, Suite 900
Buffalo, NY 14202

Douglas Smith, Esq.
Kirkland & Ellis
200 East Randolph Drive
Chicago, IL 60601