# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

FILED
MAR - 1 2002
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2002

FILED
CLERK'S OFFICE

| | |
|---|---|
| Ronald E. Carroll and Jean H. Carroll, | ) |
| | ) C/A No.: 2:02-0050-24 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| General Refractories Company, et al., | ) |
| | ) |
| Defendants. | ) |

This action is brought by Plaintiffs Ronald E. Carroll and Jean H. Carroll, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on December 10, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4742.

Defendants Minnesota Mining and Manufacturing Company, "acting for itself and the other proper defendants," filed a Notice of Removal to this court on January 9, 2002, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On February 5, 2002, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is a

MDL- 875
RECOMMENDED ACTION

VACATE CTO-211 -- 1 ACTION
Approved/Date: _____

**OFFICIAL FILE COPY**
IMAGED APR 23 '02

PLEADING NO. 3518

AO 72A (Rev. 8/82)

infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the

2

removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendant Ingersoll Rand Company failed to timely file its consent to removal within the thirty (30) day time period. The record demonstrates that copies of the summons and complaint were served upon Defendant Ingersoll Rand Company on December 13, 2001. Plaintiffs' Motion to Remand Ex. 1. On January 29, 2002, forty-seven days after service, counsel for Defendant Ingersoll Rand Company filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 8.) The affidavit was not filed timely.

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When defendants do not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700. Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Spartanburg, South Carolina
February 27, 2002.

3