JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION          MDL DOCKET NO. 875

Flinn James, et al. v. International Paper Co., Inc., et al.,
S.D. Mississippi, C.A. No. 1:01-556GR

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiffs in the above referenced action, Flinn James, et al., through counsel, pursuant to Rule 7.4(d), Rules of Procedure of the Judicial Panel on Multidistrict Litigation move the Judicial Panel on Multidistrict Litigation (the "JPMDL") to vacate the conditional transfer order ("CTO") entered on April 3, 2002, and in support would show the JPMDL:

1.    This lawsuit was originally filed in the Circuit Court of Adams County, Mississippi on November 16, 2001, styled Flinn James, et al v. International Paper Company, Coating Services, Inc. and Will Nations, and being Cause No. 01-KV-0180-S on the docket of said Court.

2.    On December 21, 2001 this action was improperly removed to the U.S. District Court for the Southern District of Mississippi by the defendants, International Paper Co., Inc. ("International Paper"), Coating Services, Inc. ("Coating Services") and Will Nations ("Will Nations"). The case was assigned to Judge Walter J. Gex, III, being Cause No. 1:01cv556GR on the docket of said Court.

3.    On January 22, 2002, plaintiffs filed a motion to remand this action to the Mississippi Circuit Court from which they were improperly removed.

4.    On April 3, 2002, the JPMDL issued a CTO by which it transferred these actions from the Southern District of Mississippi to the Eastern District of Pennsylvania.

IMAGED MAY 5 '02          OFFICIAL FILE COPY

2002 MAY -2  A 10: 28
RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

5.      The CTO should be vacated for the following reasons:

A.  This case does not involve any multidistrict issues or facts;

B.      Transfer is not appropriate because the only common issue among the transferred actions, the involvement of asbestos, does not predominate over individual issues unique to this action;

C.      Transfer of this action will not further the convenience of the parties and the witnesses;

D.      Transfer will not further the just and efficient conduct of this action.  To the contrary, transfer will likely result in unwarranted delay in the disposition of this action.

E.      No federal court has subject matter jurisdiction over this action. Consequently, the JPMDL has no jurisdiction to transfer this action.

6.      For these reasons, plaintiffs submit that the CTO should be vacated and this action allowed to remain in the Southern District of Mississippi until it is remanded to the state circuit court from which it was improperly removed.

**THEREFORE**, plaintiffs move the JPMDL to vacate the conditional transfer order entered April 3, 2002 as to the above referenced cause.

**RESPECTFULLY SUBMITTED**, this ____ day of _____, 2002.

By:_____
        BRYAN H. CALLAWAY (MSB #8662)

2

Bryan H. Callaway
331 Market Street
Post Office Box 21
Natchez, Mississippi 39121-0021
Telephone:     (601) 445-8833
Facsimile:     (601) 445-5447

J. Barrett Martin
P.O. Box 1603
103 S. Pearl St.
Natchez, MS 39121
Telephone:     (601) 442-7954

John E. Mulhearn, Jr.
Mulhearn & Mulhearn
202 S. Wall Street
P.O. Box 967
Natchez, MS 39121
Telephone:     (601) 442-4808

Attorneys for the Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2002

FILED
CLERK'S OFFICE

### CERTIFICATE OF SERVICE

I, Bryan H. Callaway, hereby certify that I have this day mailed by U. S. Mail, postage

prepaid, a true and correct copy of the foregoing document unto:

> Michael O. Gwin, Esq.
> Watkins & Eager
> 400 East Capitol Street
> Suite 300, Emporium Building
> Post Office Box 650
> Jackson, Mississippi 39205
>
> Attorney for Defendants International Paper Company and Will Nations
>
> Michael W. Baxter, Esq.
> Copeland, Cook Taylor & Bush, P.A.
> 1062 Highland Colony Pkwy., Suite 200
> Post Office Box 6020
> Ridgeland, Mississippi 39158
>
> Attorney for Defendant Coating Services, Inc.
>
>
> Counsel of Record
> Panel Service List (Excerpted from CTO-211)
> Docket No. 875
> In Re: Asbestos Products Liability Litigation (No. VI)
> Attached hereto as Exhibit "A"

**SO CERTIFIED** this the ___ day of May, 2002.

BRYAN H. CALLAWAY

RECEIVED
CLERK'S OFFICE
2002 MAY -2  A 10: 28
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

4

**PANEL SERVICE LIST (Excerpted from CTO-211)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Flinn James, et al. v. International Paper Co., Inc., et al.*, S.D. Mississippi, C.A. No. 1:01-556

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Bryan H. Callaway
Bryan H. Callaway, Attorney
P. O. Box 21
Natchez, MS 39121

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walker R. Gibson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION          MDL DOCKET NO. 875

Flinn James, et al. v. International Paper Co., Inc., et al.,
S.D. Mississippi, C.A. No. 1:01-556GR

**BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiffs in the above referenced action, Flinn James, et al., through counsel, pursuant to Rule 7.4(d), Rules of Procedure of the Judicial Panel on Multidistrict Litigation move the Judicial Panel on Multidistrict Litigation (the "JPMDL") to vacate the conditional transfer order ("CTO") entered on April 3, 2002, and in support would show the JPMDL:

The CTO should be vacated for the following reasons:

A.      This case does not involve any multidistrict issues or facts;

B.      Transfer is not appropriate because the only common issue among the transferred actions, the involvement of asbestos, does not predominate over individual issues unique to this action;

C.      Transfer of this action will not further the convenience of the parties and the witnesses;

D.      Transfer will not further the just and efficient conduct of this action. To the contrary, transfer will likely result in unwarranted delay in the disposition of this action.

E.      No federal court has subject matter jurisdiction over this action. Consequently, the JPMDL has no jurisdiction to transfer this action;

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAY -2   A 10: 28

RECEIVED
CLERK'S OFFICE

For these reasons, plaintiffs submit that the CTO should be vacated and this action be allowed to remain in the Southern District of Mississippi until it is remanded to the state circuit court from which it was improperly removed. In support hereof, Plaintiffs submit the following:

As the JPMDL is well aware, actions should meet certain criteria to warrant transfer under 28 U.S.C. § 1407. First, there must be civil actions pending in different districts which involve one or more common questions of fact. Assuming the existence of this statutory predicate, the JPMDL must still determine that the transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. Nothing will be gained by combining this lawsuit with any other lawsuit in the Country. There is nothing even remotely "multidistrict" about this litigation. These Defendants are not being sued in any other jurisdiction for the torts described in the Complaint or this brief. As a matter of fact, no other Defendants, anywhere, are being sued for the torts described in the Complaint or this brief. No judicial efficiencies will be gained by combining this case with any other lawsuit. To the contrary, combining this case with others which have absolutely nothing in common other than the word "asbestos" would cause unnecessary delays and prevent justice from prevailing.

On November 16, 2001, the Plaintiffs sued the International Paper Company, Coating Services, Inc. and Will Nations for torts committed by the Defendants at the Natchez, Mississippi Paper Mill, solely. A copy of the Complaint filed in this action is attached hereto as Exhibit "1", and incorporated herein by reference. This lawsuit is about the tortuous treatment of workers at the Natchez, Mississippi International Paper Company, and the damages suffered

2

by the employees and their families.   The only thing this case may have in common with other cases pending in this multidistrict litigation is that the word "asbestos" is mentioned in the pleadings.

The instant lawsuit arises out of a blowout at the Natchez, Mississippi International Paper Company Mill on May 11, 2001.  On May 11, 2001, a steam line blew out at the Natchez, Mississippi International Paper Company Mill, and the resulting explosion blew a metal stairway through two asbestos steam lines and caused asbestos fibers to be released from asbestos insulation located in the plant.  Despite the obvious release of asbestos, workers were told the area was safe and no asbestos was present in the work area.  Subsequent test results showed asbestos was in fact present in the work area.  Plaintiffs contend that the Defendants knew asbestos was present in the area and sent workers into the area to work without regard for their safety, knowing exposure to asbestos would cause serious debilitating injuries, cancer and even death.  The specific torts alleged in the Complaint are intentional torts, fraud and misrepresentation, civil conspiracy, intentional infliction of emotional distress and outrageous conduct.

This is not a case involving multidistrict issues or litigation.  This is not a products liability action involving manufacturers and suppliers of asbestos which have been sued in multiple judicial districts for exposure to asbestos.  This case was filed in the Circuit Court of Adams County, Mississippi, because the incident occurred in Adams County, Mississippi.  All torts described in the complaint occurred in Adams County, Mississippi.  The Defendants are the company operating the Natchez, Mississippi Paper Mill, the asbestos coordinator for the Natchez, Mississippi Mill - Will Nations, and a contractor at the Natchez, Mississippi Mill – Coating Services, Inc.  All discovery related to this action will involve the Defendants' actions at

3

the Natchez, Mississippi Paper Mill located in Adams County, Mississippi. All witnesses material to this action work or reside in Adams County, Mississippi, or in the immediate geographical location.

The issue in this case is simple, did the Defendants intentionally mislead the Plaintiffs as to the condition of the Natchez, Mississippi Mill, and did the Plaintiffs incur damages as a result of their exposure at the Natchez, Mississippi Mill. Discovery will center around the actions of the Plaintiffs at the Natchez Mill. There is no discovery of which the Plaintiffs are aware that will involve any matters that occurred in any jurisdiction other than Adams County, Mississippi. The Plaintiffs will not benefit from any discovery that has been conducted in any jurisdiction other than Adams County, Mississippi. The Defendants will not benefit from any discovery that has been conducted in any jurisdiction other than Adams County, Mississippi, except for the necessary delays caused by combining this case with tens of thousands of other cases that have nothing in common with this case.

Finally, it should be mentioned that no federal court has jurisdiction over this case because there is not complete diversity of citizenship, and a Motion To Remand was filed in this action on January 22, 2002. The Motion To Remand is still pending before Judge Walter Gex in the Southern District of Mississippi. As a threshold matter, 28 U.S.C. § 1407 requires that before the JPMDL can act, there must be "civil actions involving one or more common questions of fact **pending** in different districts." An action that has been improperly removed from state court is not a "pending" action which meets the criteria of 28 U.S.C. § 1407(a). Dorsey v. The Manufacturers Life Insurance Company, 1997 WL 703354 (E.D. LA 1997). As there is a significant question about whether the JPMDL has any jurisdiction to act in connection with the

4

above-referenced actions at all, it seems clear that the CTO should be vacated to allow the Southern District of Mississippi time to remand these actions to the Mississippi circuit courts from which they were improperly removed.

**IN CONCLUSION**, no conveniences to the parties or witnesses will be gained by combining this case with any other case in the Country, much less any case pending in this multidistrict litigation.   This case has nothing in common with any other case, except the word "asbestos" is contained in the Complaint.  No discovery or pretrial procedures that have been conducted or will be conducted by parties to this multidistrict litigation will provide any benefit to these Plaintiffs or Defendants; likewise, no discovery or pretrial procedures that have been or will be conducted by the parties to this lawsuit will in any way benefit any of the parties to the multidistrict litigation.   This is not a case that belongs in multidistrict litigation, and transfer of this case will not promote the just and efficient conduct of this action.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs move the JPMDL to vacate the conditional transfer order entered April 3, 2002 as to the above referenced cause.


**RESPECTFULLY SUBMITTED**, this the _____ day of _____,
2002.


By:_____
BRYAN H. CALLAWAY (MSB #8662)

Bryan H. Callaway
331 Market Street
Post Office Box 21
Natchez, Mississippi 39121-0021
Telephone:     (601) 445-8833
Facsimile:     (601) 445-5447


J. Barrett Martin
P.O. Box 1603
103 S. Pearl St.
Natchez, MS 39121
Telephone:     (601) 442-7954

John E. Mulhearn, Jr.
Mulhearn & Mulhearn
202 S. Wall Street
P.O. Box 967
Natchez, MS 39121
Telephone:     (601) 442-4808

Attorneys for the Plaintiffs

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

FLINN JAMES, ET. AL.                                              PLAINTIFFS

VERSUS                                              CAUSE  NO. _01-KV-0180-S_

INTERNATIONAL PAPER COMPANY,
COATING SERVICES, INC, AND
WILL NATIONS                                                      DEFENDANTS

**JURY TRIAL DEMANDED**

**RECEIVED AND FILED**
**NOV 16 2001**
**M.L. VINES CIRCUIT CLERK**
**BY_____ D.C.**

**COMPLAINT**

      **COME NOW** the Plaintiffs and file this complaint seeking damages from the Defendants as follows:

      1.    The Plaintiffs are residents of the State of Mississippi and State of Louisiana and are fully listed and identified in Exhibit "1" which is attached hereto, and incorporated herein by reference.  The Plaintiffs are employees of Defendant International Paper Company, and their family members.

      2.    The Defendant International Paper Company ( hereinafter "International Paper") is a foreign corporation, organized under the laws of the State Of New York, with its principle place of business being in Memphis, Tennessee, authorized and doing business in the State of Mississippi at the time of the incidents described in this complaint at its Natchez Mill located at 61 Carthage Point Road, Natchez, Mississippi.  International Paper may be served with process by serving its registered agent for process  CT Corporation System, 631 Lakeland East Drive, Flowood, MS 39208-8815.



3.     The Defendant Coating Services, Inc. ( hereinafter "Coating Services") is a foreign corporation, organized under the laws of the State Of Louisiana, with its principal place of business being in Prairieville, Louisiana, authorized and doing business in the State of Mississippi at the time of the incidents described in this complaint at 61 Carthage Point Road, Natchez, Mississippi.  Coating Services may be served with process by serving its registered agent for process CT Corporation System, 631 Lakeland East Drive, Flowood, MS 39208-8815.

4.     Will Nations is an adult resident citizen of the State of Louisiana, and may be served with process at his place of employment, International Paper Company, 61 Carthage Point Road, Natchez, Mississippi, or at his residence 375 Terry Circle, Vidalia, Louisiana.

5.     The actions giving rise to this complaint occurred in Adams County, Mississippi, and this court is a proper venue and jurisdiction for this complaint.

6.     On or about May 11, 2001, the Defendant International Paper owned and operated a chemical cellulose business (hereinafter " The Mill") at 61 Carthage Point Road in Natchez, Mississippi.

7.     On or about May 11, 2001, a steam line ruptured at The Mill on the 4th floor between the #5 and #6 Recovery Boilers.

8.     The ruptured steam line at The Mill damaged asbestos lines in the immediate area of the rupture, and caused the release of asbestos fibers from asbestos insulation located in The Mill.

9.     At the time of the rupture of the steam line at The Mill, the Defendants were aware that exposure to asbestos would cause serious debilitating injuries, cancer and even death.

10.     Following the rupture, the Defendants knew that employees sent into the area of the rupture would be exposed to asbestos.

11.     At the time of the rupture, the Defendants knew that employees exposed to asbestos that were not decontaminated would carry the asbestos home to their families and expose family members to asbestos.

12.     Despite the Defendants' knowledge that the Plaintiffs would be exposed, and despite the debilitating injuries, cancer and even death facing the Plaintiffs, the Defendants intentionally and knowingly exposed the Plaintiffs to asbestos to keep The Mill running and the chances of selling The Mill to a third-party alive.

13.     At all times described herein, Will Nations and other International Paper employees were acting in the course and scope of their employment and in the furtherance of the business of Defendant International Paper.

14.     The Defendant International Paper was aware of all of the facts set forth in this Complaint and therefore ratified the acts of the Defendant Will Nations and other International Paper Company employees acting in the course of employment and in furtherance of the business of the defendant international Paper Company.

## I.

15.     The Defendants willfully, wantonly and intentionally exposed the Plaintiffs to asbestos.

## II.

16.     The Defendants intentionally, willfully and wantonly misrepresented to the Plaintiffs and employees of The Mill that the area of The Mill affected by the rupture was free and clear of asbestos, when it was not.

17.    The Defendants International Paper and Will Nations intentionally, willfully and wantonly misrepresented that test results showed the affected area to be free and clear of asbestos disturbed by the rupture, when it was not.

18.    The Defendants intentionally, willfully and wantonly misrepresented that the area affected had been cleaned up and was free of asbestos disturbed by the rupture, when it was not.

19.    As a result of the intentional, willful and wanton falsehoods and misrepresentations of the Defendants, the Plaintiffs who are employees of The Mill were exposed to asbestos.

20.    As a result of the intentional, willful and wanton falsehoods and misrepresentations of the Defendants, the Plaintiffs who are family members of the employees were exposed to asbestos brought home by the employees.

21.    The Defendants are jointly guilty of frauds, concealment and misrepresentations of material facts.

22.    The misrepresentations Defendants were relied upon by Plaintiff employees who continued working to the detriment of said Plaintiff employees.

### III.

23.    The Defendants, acting in concert with one another, intentionally, willfully and wantonly conspired to keep secret the fact that asbestos had been disturbed and was present at The Mill.

24.    The Defendants, acting in concert with one another, intentionally, willfully and wantonly conspired to keep secret the fact that the Plaintiffs and employees of The Mill had been exposed to asbestos.

25.     The Defendants, acting in concert with one another, misrepresented that The Mill was free of asbestos disturbed by the rupture, when it was not.

26.     The Defendants, acting in concert with one another, conspired to act as if no asbestos disturbed by the rupture was present, and continued to expose the Plaintiffs and employees of The Mill to asbestos during their veiled attempts at cleaning up the area.

27.     The Defendants, acting in concert with one another, misrepresented tests results and clean up efforts to make it look as though The Mill was free and clear of asbestos disturbed by the rupture, when it was not.

28.     The Defendants have committed and are guilty of the tort of civil conspiracy resulting in damages to the Plaintiffs.

## IV.

29.     Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly failed to follow the Asbestos Maintenance Plan and Procedures of The Mill, and have exposed the Plaintiffs and employees of The Mill to asbestos.

30.     Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly failed to take such steps as are necessary to protect workers from asbestos exposure from boilers, steam lines and other exposed asbestos insulation in The Mill; thereby exposing the Plaintiffs and workers at International Paper to asbestos.

31.     Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly exposed employees to asbestos during abatement procedures or repairs to damaged asbestos insulation at The Mill.

## V.

32.     International Paper has continuously engaged in a policy of covering up asbestos exposure at The Mill, and has even painted over signs marked as containing asbestos with new labeling identifying the insulation as being non-asbestos.

33.     As a result of the actions of International Paper, the Plaintiffs and employees of International Paper have been exposed to asbestos and damaged.

## DAMAGES

34.     As a result of the actions of the Defendants outlined herein, all of the Plaintiffs have been exposed to asbestos, and have been injured and damaged.

35.     Plaintiffs previously diagnosed with asbestosis have sustained an aggravation of their preexisting medical condition.

36.     As a result of the actions of the Defendants outlined herein, all of the Plaintiffs will continue to suffer emotional distress for the remainder of their lifetime over concern for their future health, and the possibility that they may become gravely ill and/or die as a result of their exposure.

37.     Plaintiffs are entitled to recover damages as a result of their pain and suffering (present, past and future); future hospital, drug, medical expenses and asbestos testing; mental and emotional distress (present, past and future); economic loss (past, present and future); disfigurement; the Defendants' intentional infliction of mental and emotional distress (past, present and future), as well as a future impairment of Plaintiffs' ability to enjoy life, all to their great hurt.

38.    The foregoing acts of the Defendants constitute intentional, willful, wanton and reckless disregard for the safety of Plaintiffs so as to entitle Plaintiffs to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages sustained by them, within the jurisdictional limits of this court, in an amount the jury deems appropriate, plus all costs, expenses, fees and interest allowable at law.

**RESPECTFULLY SUBMITTED** this the _16th_ day of _November_____, 2001.

_____
BRYAN H. CALLAWAY, MSB# 8662

_____
J. BARRETT MARTIN, MSB#1893

_____
JOHN E. MULHEARN, JR., MSB#3642


Bryan H. Callaway
Attorney At Law
331 Market Street
Post Office Box 21
Natchez, Mississippi 39121-0021
Telephone: (601)445-8833

J. Barrett Martin
Attorney At Law
103 S. Pearl Street
P.O. Box 1603
Natchez, MS 39121
Telephone: (601) 442-7954


John E. Mulhearn, Jr.
Attorney At Law
202 S. Wall Street
P.O. Box 967
Natchez, MS 39121
Telephone: (601) 442-4808

Attorneys for the Plaintiffs

EXHIBIT "1"

Jimmie Baker
4 Preston Ct.
Natchez, MS 39120

Linda Baker
4 Preston Ct.
Natchez, MS 39120

James Kevin Bandy
Rt. 1 Box 123C
Roxie, MS  39661

Jay Barron
Rt. 1 Box 92
Clayton, LA   71326

Samantha Barron
Rt. 1 Box 92
Clayton, LA   71326

Thomas  Barron, A Minor By and Through
His Mother And Next Friend, Samantha Barron
Rt. 1 Box 92
Clayton, LA   71326

Brenda M. Bell
14 King Circle
Natchez, MS 39120

L.J. Bell
14 King Circle
Natchez, MS

Michael Belton
#1 Pecan Dr.
Natchez, MS 39120

John W. Boyte,
94 Bryan Road
Natchez, MS  39120

Boyte, Carrie Ann
94 Bryan Road
Natchez, MS   39120

David  Breaux
52 Aberdeen Rd.
Natchez, MS  39120

Van Chaney
Rt. 1 Box 102
Fayete, MS  39069

Donny B. Chapman
2331 Hwy 129
Jonesville, LA

Carla Cheek
272 Terry Circle
Vidalia, LA

William Cheek
272 Terry Circle
Vidalia, LA

Ralph Daniel
106 Oriole Terrace
Natchez, MS  39120

Mark Davis
109 Hobo Fork Road
Natchez, MS  39120

Robert Dollar
111 Sgt. Prentiss Dr.
Natchez, MS   39120

Morgan Dollar
111 Sgt. Prentiss Dr.
Natchez, MS   39120

Ricky Lee Evans
1109 Lower Woodville Rd
Natchez, MS  39120

Evans, Linda
1109 Lower Woodville Rd
Natchez, MS 39120

Christian Fuqua, A Minor, By and Through
Her Mother and Next Friend, Terri Fuqua
2 White Apple Rd.
Natchez, MS 39120

Allen Edwards
55 Scheffel Rd.
Natchez, MS   39120

Becky Edwards
55 Scheffel Rd
Natchez, MS 39120

Paul Eidt
149 Kaiser Lake Rd.
Natchez, MS   39120

Gerald Frazier
408 Hwy 569
Ferriday, LA  71334

Shirley Frazier
408 Hwy 569
Ferriday, LA  71334

Richard L. French
8 Lillian Rd.
Vidalia, LA  71373

Shirley French
8 Lillian Rd.
Vidalia, LA  71373

Michael R. Garrett
5 Aldren Lane
Natchez, MS  39120

Glen Goldman
25 Daydreams Rd.
Natchez, MS 39120

Kathy Goldman
25 Daydreams Rd.
Natchez, MS 39120


David L. Germany
18 Jordan Road
Natchez, MS 39120

Willie S. Green
16 Goldenrod Lane
Natchez, MS 39120

John D. Hall
100 Lindberg
Natchez, MS 39120

Cynthia Hall
100 Lindberg
Natchez, MS

Paul Hargrave
315 Cherokee St
Natchez, MS 39120

Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Paul Cedric Hargrave, A Minor
By And Through His Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Kayla Hargrave, A Minor
By And Through Her Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Shareka Hargrave, A Minor
By And Through Her Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Kimberly Hargrave, A Minor
By And Through Her Mother And Next Friend,
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

John S. Havard, Jr.
P.O. Box 741
Vidalia, LA 71373

Persell Hawkins
1404 Sunset Blvd.
Natchez, MS 39120

Breana Holloway, A Minor
By And Through Her Father And Next Friend,
Travis Dustin Holloway
8 Lillian Rd.
Vidalia, LA    71373

Joe Howell
Rt. 1 Box 94
Fayette, MS 39069

Larry Hutchins
10 Ayres Road
Natchez, MS  39120

Amy James
91 Sandalwood Tr.
Brookhaven, MS 39601

Flinn James
91 Sandalwood Tr.
Brookhaven, MS 39601

Grant James, A Minor
By And Through His Mother And Next Friend,
Amy James
91 Sandawood Tr.
Brookhaven, MS 39601

Larry Jones
P.O. Box 2043
Vidalia, LA 71373

Debbie Jones
P.O. Box 2043
Vidalia, LA 71373

John G. Kennon
808 Morgan Ave.
Natchez, MS 39120

Jeff Laird
200 Brookfield Dr
Natchez, MS   39120

Lynda Laird
200 Brookfield Dr
Natchez, MS   39120

Edwin Lawrence
120 Cottonwood Dr
Ridgecrest, LA 71334

Mary Lawrence
120 Cottonwood Dr
Ridgecrest, LA  71334

Lester V. Leach, Jr.
311 Northview Dr.
Natchez, MS 39120

Bill Logan
400 Dogwood
Vidalia, LA 71373

Preston Logan
15 Hazlip St.
Natchez, MS   39120

Ruby Lucas
2031 Lotus Dr
Natchez, MS 39120

Clarence  McQuarters
15 Williams Street
Natchez, MS   39120

Frank Mason
222 Mason Road
Ferriday, LA   71334

Mary D. Mason
222 Mason Rd.
Ferriday, LA 71334

BettyMcDonald
109 Gayosa
Natchez, MS  39120

Vernell McDonald
109 Gayosa St
Natchez, MS  39120

Robert Myers
117 Sportsman Lane
Ferriday, LA   71334

Johnette Myles
500 Lower Woodville
Natchez, MS 39120

Lori Myles
500 Lower. Woodville
Natchez, MS   39120

Ricky  Newborne
P.O. Box 537
Natchez, MS  39120

Linda Newborne
P.O. Box 537
Natchez, MS  39120

Charles Palmer
#2 Hickory Street
Natchez, MS 39120

Charles Parker
10 Homewood Dr.
Natchez, MS 39120

Gary Parker
209 Cross Street
Vidalia, LA  71373

Charles E. Perkins
10 Pogo Street
Natchez, MS 39120

Alexander Profice
118 Gaile Ave
Natchez, MS 39120

Delores Profice
118 Gaile Ave
Natchez, MS  39120

Noel Raley
155 Lee Street
Ferriday, LA   71334

Charlie Reed
Rt. 4, Box 272
Natchez, MS 39120

Corine Reed
Rt. 4, Box 272
Natchez, MS 39120

Courtney Reed,  A Minor,
By And Through Her Mother And Next Friend,
Corine Reed
Rt. 4, Box 272
Natchez, MS 39120

James C. Rehms
3806 Englewood  Ln.
Natchez, MS

Frank Rhinehart
42 Morgantown Rd
Natchez, MS  39120

Cindy Roberts
263 Airport Rd.
Vidalia, LA 71373

Randy Roberts
263 Airport Rd.
Vidalia, LA 71373

Charles E. Rounds
21 Mazique
Natchez, MS   39120

Lee Edward Scott
84 East Franklin St.
Natchez, MS 39120

Allen W. Smith
1501 MLK Road
Natchez, MS 39120

Jerry Stowers
20 Concordia Ave.
Vidalia, LA   71373

David Sturdivant
Cross St.
Vidalia, LA   71373

Jeff Sturdivant
535 Kingston Rd
Natchez, MS   39120

Virgil Sturdivant
1177 Nebo Road
Gloster, MS  39638

Rober C. Verucchi
211 Hurricane Road
Natchez, MS

Kenneth Walker, Sr.
17 Elm Street
Natchez, MS 39120

Wayne Waller
39 Low Water Brdge
Natchez, MS 39120

J.C. Washington
P.O. Box 192
Natchez, MS  39121

Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Whitney Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Lakeisha Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Kimberly Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Larry Washington,
78 Cedar Lane
Natchez, MS 39120

Bobby A. White
Rt. 2, Box 200-A
Church Hill, MS 39120

John Wimberly
106 Tanglewood
Natchez, MS 39120

Steve Wulfkuhle
11248 Highway 129
Monterey, LA  71354

Sherry Wulfkuhle
11248 Highway 129
Monterey, LA  71354

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 2 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Bryan H. Callaway, hereby certify that I have this day mailed by U. S. Mail, postage

prepaid, a true and correct copy of the foregoing document unto:

> Michael O. Gwin, Esq.
> Watkins & Eager
> 400 East Capitol Street
> Suite 300, Emporium Building
> Post Office Box 650
> Jackson, Mississippi 39205
>
> Attorney for Defendants International Paper Company and Will Nations
>
> Michael W. Baxter, Esq.
> Copeland, Cook Taylor & Bush, P.A.
> 1062 Highland Colony Pkwy., Suite 200
> Post Office Box 6020
> Ridgeland, Mississippi 39158
>
> Attorney for Defendant Coating Services, Inc.
>
> Counsel of Record
> Panel Service List (Excerpted from CTO-211)
> Docket No. 875
> In Re: Asbestos Products Liability Litigation (No. VI)
> Attached hereto as Exhibit "A"

**SO CERTIFIED** this the _____ day of May, 2002.

BRYAN H. CALLAWAY

2002 MAY -2   A 10: 28

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-211)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Flinn James, et al. v. International Paper Co., Inc., et al.*, S.D. Mississippi, C.A. No. 1:01-556

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Bryan H. Callaway
Bryan H. Callaway, Attorney
P. O. Box 21
Natchez, MS 39121

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walker R. Gibson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

