**FILED**
**NOV 2 0 2001**
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BERNING and BERNADINE BERNING,

Plaintiffs,

v.

A.P. GREEN INDUSTRIES, INC., et al.,

Defendants.

Case No. C-01-04164 MEJ

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MAY - 7 2002
FILED
CLERK'S OFFICE

ENTERED IN CIVIL DOCKET 11/26/01

## I. INTRODUCTION

Before the Court is Plaintiffs' John and Bernadine Berning's Motion for Remand ("Plaintiffs' Motion") seeking to remand this case to San Francisco Superior Court on the grounds that: (1) removal by Defendant Alliedsignal, Inc. ("Allied") is untimely; (2) Allied did not procure consent of all co-defendants before removing this action to federal court; and (3) Allied's active participation in the state action constituted a waiver of Allied's right to remove the case. Plaintiffs' Motion also seeks attorney's fees and costs associated with Allied's allegedly improper removal of this action to federal court.

After careful consideration of the parties' papers, oral arguments presented at the hearing, relevant statutory and case law authority, and Good Cause appearing, the Court hereby GRANTS Plaintiffs Motion and REMANDS the case to the Superior Court of the State of California in and for the County of San Francisco, Department 318.

## II. PROCEDURAL BACKGROUND

On March 19, 2001, Plaintiffs filed a personal injury action in San Francisco Superior Court against numerous defendants based on Mr. Bernings asbestos-related mesothelioma.

MDL- 875
RECOMMENDED ACTION
Vacate CTO-213 - one case

OFFICIAL FILE COPY
IMAGED MAY 8 '02

On July 30, 2001, Plaintiffs filed a Motion for Preference in San Francisco Superior Court as well as the Declaration of Dr. Joseph Schlageck in support thereof. The Superior Court granted the Motion.

On July 5, 2001, the San Francisco Superior Court assigned the case to the Honorable Judge Alex Saldamando.

On November 7, 2001, Allied filed a Notice of Removal of the action under 28 U.S.C. § 1441(b).

On November 7, 2001, Defendant Ford Motor Company filed a Joinder in Notice of Removal of the action.

On November 13, 2001, Plaintiffs filed a Motion for Remand as well as the Declarations of J. Bruce Jackson, David Johnson, M.D., John Wallace, and David Glaspy in support thereof.

On November 19, 2001, Allied filed its Opposition to Plaintiffs' Motion as well as the Declarations of Joseph J. Kubancik and Jeremy W. Katz in support thereof.

On November 20, 2001, the Court held a hearing on the matter.

## III. DISCUSSION

Plaintiffs argue that Allied improperly removed this action to federal court because the removal was both untimely and without the consent of all remaining defendants.

Allied argues that it properly removed this action to federal court, as notice of removal was timely and all remaining viable defendants for trial consented. Allied further argues that Defendants Plant Insulation Company and Garlock, Inc. are sham defendants whose consent for removal is not required because these defendants are not proceeding toward trial.

A. Legal Standard

28 U.S.C. § 1441 provides, in pertinent part as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

2

where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1446 provides, in pertinent part as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1447(c) provides, in pertinent part: "[a]n order remanding the case may require the payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

B. Legal Analysis

On November 7, 2001 Allied issued its notice of removal of this case to federal court. At that time, four defendants remained: Allied, Ford Motor Company, Plant Insulation Co. ("Plant"), and Garlock, Inc.("Garlock"). Both Plant and Garlock are California corporations. (See Decl. of John Wallace in Supp. of Pls.' Mot. for Remand and Decl. of David Glaspy in Supp. of Pls.' Mot. for Remand, respectively). Neither Plant nor Garlock have settled with Plaintiffs, nor has the Superior Court dismissed them from the case. For these reasons, both

3

1 | Plant and Garlock remain defendants in this case.

2 | Section 1441 requires that in order for a case to be removed from state to federal court, the district court must have original jurisdiction. See 28 U.S.C. § 1441. Allied based removal in this case on diversity of citizenship, pursuant to 28 U.S.C. § 1332. Pursuant to § 1441, any case whose basis for removal is diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Here, both Plant and Garlock are California citizens who remain defendants in this case. For this reason, the Court finds that Allied improperly removed the present case.

Furthermore, neither Plant nor Garlock consented to removal. (See Decl. of John Wallace in Supp. of Pls.' Mot. for Remand and Decl. of David Glaspy in Supp. of Pls.' Mot. for Remand, respectively). Allied argues that consent from Plant and Garlock is not required because neither party is a "viable" defendant. Allied gives no authority for the contention that consent is only needed from defendants who are proceeding to trial, nor does the Court find such authority. Statutory authority makes no distinction between defendants proceeding to trial and defendants planning to settle. See 28 U.S.C. §§ 1441, 1446. Finding such a distinction would defeat the Court's interest in settling claims before trial.

While it appears that Plaintiffs do not plan to proceed against Plant and Garlock at trial, neither of these parties have been dismissed as of the time of removal. The Court finds that Plant and Garlock remain in the present case. Further, if all defendants do not consent, the action cannot be removed. See Hewitt v. City of Stanton, 789 F. 2d 1230, 1232 (9th Cir. 1986)(citing 28 U.S.C. § 1446(b)). Because Plant and Garlock remain defendants in this case and they did not consent to removal, the action cannot be removed.

Allied further argues that Plant is not a viable defendant because Plaintiffs did not name it on the Service List issued by Plaintiffs on October 5, 2001. While Plaintiffs' failure to name Plant on the most recent status list could be an inadvertent error, Allied's contention is belied by

4

its own statements at the November 20, 2001 hearing that defendants in asbestos litigation regularly go to trial without knowing which defendants are proceeding towards trial and which have entered into "agreements to agree to settlement." Alllied's counsel explained that these nameless defendants who have settled only become an issue at verdict when the Superior Court must determine offsets to an award.

Allied also argues that Garlock is not a California corporation and therefore not an obstacle for removal. However, the Court finds that Allied's argument is without grounds. For the purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state of its principal place of business. See 28 U.S.C. § 1332. Garlock's attorney of record states, under penalty of perjury, that Garlock is a California corporation. (See Decl. of David Glaspy in Supp. of Pls.' Mot. for Remand). Although Exhibit D of the Declaration of Jeremy W. Katz in Support of Allied's Opposition shows that Garlock is incorporated in Ohio, the Court finds this is not dispositive of Garlock's California citizenship.

Finally, Allied argues that Plant and Garlock are sham defendants served by Plaintiffs for the sole purpose of negating removal. The Court finds that Allied failed to proffer the necessary evidence that Plant and Garlock are sham defendants. Therefore, the Court finds Allied's argument unconvincing. Accordingly, the Court finds that Allied improperly removed this case.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs Motion for Remand and REMANDS the case to the Superior Court of the State of California in and for the County of San Francisco, Department 318. The Court declines to award attorney's fees in this matter.

IT IS SO ORDERED.

Date: November 20, 2001

Maria-Elena James
United States Magistrate Judge

5

May-06-02 10:45am From Case MDL No. 875 Document 3538 Filed 05/07/02 Page 6 of 6 007/007 F-641

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 7 2002

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
for the Northern District of California

\*\* CERTIFICATE OF SERVICE \*\*

I, the Undersigned, Hereby, Certify That I Am an Employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2001, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard W. Wieking, Clerk

By: Brenda Tolbert
Deputy, Clerk

Dean A. Hanley
Young S. Lee
Paul & Hanley, LLP
4905 Central Avenue, Suite 200
Richmond, CA 94804
(510) 559-9980

Jeremy W. Katz
Michael T. Lucey
Thomas A. Packer
Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
(415) 986-5900

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2002 MAY -6 P 1:59
RECEIVED CLERK'S OFFICE