IN THE UNTIED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DONNA MAE HERSHBERGER, ET AL | § | PLAINTIFFS |
| | § | |
| VERSUS | § | CIVIL ACTION: |
| | § | 1:01CV442GR |
| ACandS, INC., ET AL. | § | |
| | § | DEFENDANTS |

*SOUTHERN DISTRICT OF MISSISSIPPI FILED APR 25 2002 J.T. NOBLIN CLERK BY ___ DEPUTY*

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MAY 21 2002
FILED CLERK'S OFFICE

### ORDER OF DISMISSAL

CAME ON FOR CONSIDERATION, Plaintiff's Motion to Dismiss the claims of Dee Greer, Individually and as the personal representative of the heirs and estate of Donald Greer. After considering the briefs and argument of counsel, the Court concludes that Plaintiff's motion has merit and **GRANTS** the motion in all respects. Therefore, the claims of Dee Greer are hereby **DISMISSED.**

SO ORDERED THIS 24½ DAY OF APRIL, 2002.

_____
United States DISTRICT JUDGE

MDL- 875
RECOMMENDED ACTION
Vacate CTO-212 - one action
Approved/Date: MX 5/20

*JUDICIAL PANEL ON MULTIDISTRICT LITIGATION 2002 MAY 20 A 10:40 RECEIVED CLERK'S OFFICE*

PLAINTIFFS' MOTION TO DISMISS                                      Page 3

**IMAGED MAY 22 '02    OFFICIAL FILE COPY**



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONNA MAE HERSHBERGER, *ET AL.*          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:01cv442GR

ACandS f/k/a ARMSTRONG
CONTRACTING AND SUPPLY CO.; *ET AL.*      DEFENDANTS

## ORDER

This cause is before the Court on motion of the defendants, Crossfield Products Corp.; Gulf Coast Marine Supply Co.; Shook & Fletcher Insulation Co.; Zurn Industries, Inc.; Combustion Engineering, Inc.; Dana Corp.; General Electric Co.; Georgia Pacific Corp.; Ingersoll-Rand Co.; Owens Illinois Inc.; Union Carbide Corp., and Uniroyal Inc., to reconsider[1] [42-1] the order of remand [38-1] entered in this case on January 18, 2002. Also pending before the Court is the defendants' motion for oral argument [39-1] on the reconsideration motion.

"The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on January 28, 2002, falls within the time limits of Rule 59(e).

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) will only be granted if: (1) there has been an intervening change in the controlling law; (2) new evidence,

---

[1] Several other defendants filed a notice of joinder to this motion, which are enumerated in the court record.

which was not previously available, became available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *See Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992).

The defendants contend that certain defendants did not join the removal because these defendants were nominal based on their dismissal without prejudice prior to the removal of the suit. (Defs.' Mot. to Recons., p. 2; Exhs. A-C.) In addition, other defendants were either not served with process or were involved in bankruptcy proceedings at the time of the removal. (*Id.*, Exh. D.) The defendants provide no explanation why this information was not available at the time of the Court's initial consideration of these issues.

The defendants also provide further information regarding the federal enclave jurisdiction issue, by submitting a Massachusetts statute which grants the United States exclusive jurisdiction over the dry dock area of the Boston Naval Shipyard, which is the location of plaintiff Greer's alleged exposure to asbestos. (*Id.*, p. 3, Exh. E.) Notwithstanding any arguments concerning the issue of the failure of certain defendants to join in the removal, the Court finds that none of the factors set out in Rule 59 merit altering the Court's previous ruling on this issue.

The evidence presented in support of finding federal enclave jurisdiction over the Boston Naval Shipyard persuades the Court that the Massachusetts statute provides for federal enclave jurisdiction over the claims' presented by plaintiff Greer. Accordingly, the Court finds that Greer's claims should be severed from the claims of the remaining plaintiffs in this case.

For these reasons, the Court finds that the motion for reconsideration should be granted in part and denied in part. Greer's claims will be severed from the claims of the other plaintiffs, and the Court will retain jurisdiction over these claims. The remaining plaintiffs' claims shall be

2

immediately remanded in accordance with the Court's order filed on January 18, 2002. These findings renders the defendants' motion for oral argument on the motion to reconsider moot, and it will be denied as such. It is therefore,

ORDERED AND ADJUDGED that the defendants' motion for reconsideration [42-1] be, and is hereby, granted in part and denied in part. It is further,

ORDERED AND ADJUDGED that the claims of plaintiff Greer be, and are hereby, severed from those of the other plaintiffs in this case. The Court shall retain jurisdiction over those claims. It is further,

ORDERED AND ADJUDGED that the Court's order filed on January 18, 2002, in the above styled and numbered cause be, and is hereby, in all respects to remain in full force and effect regarding the remaining plaintiffs. Those claims shall be immediately remanded in accordance with that order. It is further,

ORDERED AND ADJUDGED that the defendants' motion for oral argument [39-1] be, and is hereby, denied as moot. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with these motions.

SO ORDERED AND ADJUDGED this the 25th day of March, A.D., 2002.

_____
UNITED STATES DISTRICT JUDGE