## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| FLINN JAMES, *ET AL.* | PLAINTIFFS |
| VS. | MDL NO. 875 |
| INTERNATIONAL PAPER COMPANY,<br>COATINGS SERVICES, INC. AND<br>WILL NATIONS | DEFENDANTS |

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| FLINN JAMES, *ET AL.* | PLAINTIFFS |
| VS. | CIVIL ACTION NO. 1:01CV556GR |
| INTERNATIONAL PAPER COMPANY,<br>COATINGS SERVICES, INC. AND<br>WILL NATIONS | DEFENDANTS |

---

### RESPONSE TO MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

COME NOW the defendants, International Paper Company and Will Nations, and respond to the plaintiffs' motion to vacate the conditional transfer order, to remand this case to the U.S. District Court for the Southern District of Mississippi and to remand this action to the state court from which it was removed and in support thereof would show as follows:

OFFICIAL FILE COPY IMAGED MAY 23 '02

1.

The Judicial Panel on Multidistrict Litigation ("JPML") ordered the centralization of all federal actions "involving allegations of personal injury and wrongful death caused by asbestos".

2.

The plaintiffs here solely make allegations of personal injury caused by asbestos at International Paper Company's mill located in Natchez, Mississippi. (See complaint attached hereto as Exhibit "A".) This suit is a "tag-along action" as defined in Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation involving common questions of fact with the over 90,000 asbestos personal injury cases previously transferred in MDL No. 875 pursuant to 28 U.S.C. §1407.

3.

The plaintiffs' complaint alleges IP and Will Nations: 1) "willfully, wantonly and intentionally exposed the Plaintiffs to asbestos"; 2) "intentionally, willfully and wantonly misrepresented to the Plaintiffs and employees of The Mill that the area of The Mill affected by the rupture was free and clear of asbestos, when it was not"; 3) "intentionally, willfully and wantonly misrepresented that test results showed the affected area to be free and clear of asbestos disturbed by the rupture, when it was not"; 4) "intentionally, willfully and wantonly misrepresented that the area affected had been cleaned up and was free of asbestos disturbed by the rupture, when it was not"; 5) "intentionally, willfully and wantonly conspired to keep secret the fact that asbestos had

-2-

been disturbed and was present at The Mill"; 6) "intentionally, willfully and wantonly conspired to keep secret the fact that the Plaintiffs and employees of The Mill had been exposed to asbestos"; 7) "misrepresented that The Mill was free of asbestos disturbed by the rupture, when it was not"; 8) "conspired to act as if no asbestos disturbed by the rupture was present, and continued to expose the Plaintiffs and employees of The Mill to asbestos during their veiled attempts at cleaning up the area"; 9) "misrepresented test results and clean up efforts to make it look as though The Mill was free and clear of asbestos disturbed by the rupture, when it was not".  As a result, the plaintiffs allege they have been exposed to asbestos, and have been injured and damaged and plaintiffs previously diagnosed with asbestos have sustained an aggravation of their pre-existing medical condition.  Plainly discovery on both liability and damages will be focused on the handling, dangers and alleged personal injury caused by asbestos.

4.

The plaintiffs attempt an artificial distinction between a "products liability" asbestos case and a "premises liability" asbestos case.  Nevertheless, the JPML ordered the consolidation of <u>all</u> cases <u>alleging personal injury caused by asbestos</u>.  Besides, the plaintiffs' "theory of liability" is <u>fault</u> in the handling of asbestos – the same "theory" in both "products liability" and "premises liability" cases.

5.

The defendant understands, upon information and belief, that there are numerous other premises liability cases consolidated in MDL - 875.  Further, MDL - 875 even has

-3-

premises liability subgroups.

6.

As to the plaintiffs' pending motion to remand, the United States District Court for the Southern District of Mississippi currently has jurisdiction of the plaintiffs' pending motion to remand this matter to state court.  It is anticipated that the United States District Court for the Southern District of Mississippi will stay this matter pending a decision by the JPML on transfer to the United States District Court for the Eastern District of Pennsylvania.  The defendants here have filed a motion to stay further proceedings pending transfer.  If transferred, the United States District for the Eastern District of Pennsylvania, as the transferee court, will consolidate and coordinate pretrial proceedings and handle all pretrial matters it deems necessary, consistent with the very purposes of centralizing cases of this type.

WHEREFORE, PREMISES CONSIDERED, the defendants request the JPML to transfer this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Respectfully submitted,

INTERNATIONAL PAPER COMPANY AND WILL NATIONS

BY: _____
MICHAEL O. GWIN

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 2 2 2002**

FILED
CLERK'S OFFICE

OF COUNSEL:

MICHAEL O. GWIN (MSB # 5086)
WATKINS & EAGER PLLC
400 East Capitol Street,
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi 39205
Telephone:  (601) 948-6470

## CERTIFICATE OF SERVICE

I, MICHAEL O. GWIN, do hereby certify that I have this date mailed by United

States Mail, postage fully prepaid a true and correct copy of the above pleading to:

> Bryan H. Callaway
> 331 Market Street
> Post Office Box 21
> Natchez, Mississippi 39121-0021
>
> J. Barrett Martin
> 103 S. Pearl Street
> Post Office Box 1603
> Natchez, Mississippi 39121
>
> John E. Mulhearn
> 202 S. Wall Street
> Post Office Box 967
> Natchez, Mississippi 39121
>
> Michael W. Baxter
> Copeland, Cook, Taylor & Bush, P.A.
> 1062 Highland Colony Pkwy., Suite 200
> Post Office Box 6020
> Ridgeland, Mississippi 39158

This the *26th* day of *May*, 2002.

*Michael O. Gwin*
MICHAEL O. GWIN

RECEIVED
CLERK'S OFFICE
2002 MAY 22  A 10: 40
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-211)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
*Flinn James, et al. v. International Paper Co., Inc., et al.,* S.D. Mississippi, C.A. No. 1:01-556

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland OH 44114

Bryan H. Callaway
Bryan H. Callaway, Attorney
P. O. Box 21
Natchez, MS 39121

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Bldg., 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave. N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue, N.W.
Washington, DC 20036

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walker R. Gibson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue S.
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt,
        Richardson & Poole
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien &
        Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
        Spinelli
Center Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jacques Admiralty Law Firm,
        P.C.
1370 Penobscot Bldg.
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P. O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 2 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FLINN JAMES, *ET AL*.                                                          PLAINTIFFS

VS.                                                                                    MDL NO. 875

INTERNATIONAL PAPER COMPANY,
COATINGS SERVICES, INC. AND
WILL NATIONS                                                                  DEFENDANTS

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FLINN JAMES, *ET AL*.                                                          PLAINTIFFS

VS.                                                            CIVIL ACTION NO. 1:01CV556GR

INTERNATIONAL PAPER COMPANY,
COATINGS SERVICES, INC. AND
WILL NATIONS                                                                  DEFENDANTS

---

MEMORANDUM OPPOSING PLAINTIFFS'
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("JPML")

centralized all pending federal district court actions "involving allegations of personal

injury or wrongful death caused by asbestos" in a single forum – the Eastern District of

Pennsylvania – for coordinated pretrial proceedings.  See In Re: Asbestos Product

Liability Litigation (No. VI), 771 F.Supp. 415, 416 (JPML 1991).  Since the initial

transfer of over 22,000 cases, an additional 72,000 cases have been transferred by the JPML to the Eastern District of Pennsylvania.

In ordering the "centralization in a single district of all pending federal personal injury and wrongful death asbestos actions",  (771 F.Supp. at 420) the JPML found that the 22,000 initial cases "involved common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos-containing products".  771 F.Supp. at 417.  This suit alleges personal injury caused by asbestos and, accordingly, involves "common questions of fact with actions previously transferred under §1407," as required for "tag-along" actions pursuant to Rule 1.1 of the Rules of Procedure of the JPML.

The plaintiffs are employees of International Paper Company and their family members.  The plaintiffs claim to have been exposed to asbestos and to have been injured and damaged.  Plaintiffs also claim that plaintiffs previously diagnosed with asbestosis have suffered an aggravation of their pre-existing medical condition as a result of their exposure to asbestos or asbestos-containing products while at the International Paper Company mill.  The plaintiffs' complaint alleges IP and Will Nations:  1) "willfully, wantonly and intentionally exposed the Plaintiffs to asbestos";  2) "intentionally, willfully and wantonly misrepresented to the Plaintiffs and employees of The Mill that the area of The Mill affected by the rupture was free and clear of asbestos, when it was not"; 3) "intentionally, willfully and wantonly misrepresented that test results showed the affected area to be free and clear of asbestos disturbed by the rupture, when it was not";

4) "intentionally, willfully and wantonly misrepresented that the area affected had been cleaned up and was free of asbestos disturbed by the rupture, when it was not"; 5) "intentionally, willfully and wantonly conspired to keep secret the fact that asbestos had been disturbed and was present at The Mill"; 6) "intentionally, willfully and wantonly conspired to keep secret the fact that the Plaintiffs and employees of The Mill had been exposed to asbestos"; 7) "misrepresented that The Mill was free of asbestos disturbed by the rupture, when it was not"; 8) "conspired to act as if no asbestos disturbed by the rupture was present, and continued to expose the Plaintiffs and employees of The Mill to asbestos during their veiled attempts at cleaning up the area"; 9) "misrepresented test results and clean up efforts to make it look as though The Mill was free and clear of asbestos disturbed by the rupture, when it was not".   See plaintiff's complaint attached to their motion to vacate conditional transfer order.

The plaintiffs attempt a distinction between a "products liability" case involving asbestos and a "premises liability" case involving asbestos.  The JPML made no such distinction in ordering the pre-trial consolidation of all federal actions "involving allegations of personal injury or wrongful death caused by asbestos".  771 F.Supp. at 416. Further, despite the plaintiffs' label of "products liability", the plaintiffs' "theory of liability" is fault in the handling of asbestos – exactly the same theory in a "products liability" case,  a "premises liability" case or other asbestos case.  Undoubtedly, the other 90,000 consolidated cases have varying "theories of liability" – including allegations of intentional conduct.

As to the plaintiffs' pending motion to remand, U.S. District Judge Walter J. Gex, III (S.D. Miss.), before whom this case is currently pending, was 1 of the 8 federal district judges in the country signing the letter which was the impetus for the JPML's consolidation of all asbestos personal injury cases in 1991. The defendants have requested Judge Gex to stay pretrial proceedings pending the JPML's decision on transfer. It is anticipated that Judge Gex will not consider the motion to remand, awaiting a decision by the JPML on whether to uphold the conditional transfer order.

The Dorsey case cited by the plaintiffs is inapplicable. The Dorsey Court remanded the case to state court finding no federal jurisdiction. The Court observed that consolidation doesn't create jurisdiction. Here, the transferee court is best equipped to consider the fact-intensive issues raised by the motion to remand. The removal was based on the plaintiffs' fraudulent joinder of an in-state defendant and was supported by affidavits and other evidence. Because of the fact-intensive issues, the Mississippi federal court has properly abstained from ruling on the pending motion to remand. Still Dorsey simply did not rule that the JPML has no jurisdiction to transfer a case while a motion to remand is pending, as suggested by the plaintiffs. On the contrary, the JPML can transfer the case and allow the transferee court to rule on any motion which is pending before that court.

## CONCLUSION

For these reasons, the defendants request the JPML to transfer this action for

-4-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 22 2002

FILED
CLERK'S OFFICE

consolidated and coordinated pretrial proceedings before the U.S. District Court for the

Eastern District of Pennsylvania.

Respectfully submitted,

INTERNATIONAL PAPER COMPANY AND
WILL NATIONS

BY:   _Michael O. Gwin_
      MICHAEL O. GWIN

OF COUNSEL:

MICHAEL O. GWIN (MSB # 5086)
WATKINS & EAGER PLLC
400 East Capitol Street,
Suite 300, Emporium Building
Post Office Box 650
Jackson, Mississippi  39205
Telephone:  (601) 948-6470

## CERTIFICATE OF SERVICE

I, MICHAEL O. GWIN, do hereby certify that I have this date mailed by United

States Mail, postage fully prepaid a true and correct copy of the above pleading to:

Bryan H. Callaway
331 Market Street
Post Office Box 21
Natchez, Mississippi 39121-0021

J. Barrett Martin
103 S. Pearl Street
Post Office Box 1603
Natchez, Mississippi 39121

RECEIVED
CLERK'S OFFICE
2002 MAY 22  A 10: 40

John E. Mulhearn
202 S. Wall Street
Post Office Box 967
Natchez, Mississippi 39121

Michael W. Baxter
Copeland, Cook, Taylor & Bush, P.A.
1062 Highland Colony Pkwy., Suite 200
Post Office Box 6020
Ridgeland, Mississippi 39158

This the 21st day of _May_ , 2002.

_Michael O. Gwin_
MICHAEL O. GWIN

**PANEL SERVICE LIST (Excerpted from CTO-211)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
*Flinn James, et al. v. International Paper Co., Inc., et al.,* S.D. Mississippi, C.A. No. 1:01-556

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland OH 44114

Bryan H. Callaway
Bryan H. Callaway, Attorney
P. O. Box 21
Natchez, MS 39121

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Bldg., 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave. N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue, N.W.
Washington, DC 20036

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Walker R. Gibson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue S.
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt,
        Richardson & Poole
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien &
        Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
        Spinelli
Center Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jacques Admiralty Law Firm,
        P.C.
1370 Penobscot Bldg.
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P. O. Box 998
Cedar Rapids, IA 52406

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

FLINN JAMES, ET. AL.                                          PLAINTIFFS

VERSUS                                                CAUSE  NO. 01-KV-0180-5

INTERNATIONAL PAPER COMPANY,
COATING SERVICES, INC, AND
WILL NATIONS                                                  DEFENDANTS

**JURY TRIAL DEMANDED**

RECEIVED AND FILED
NOV 16 2001
M.L. VINES CIRCUIT CLERK
D.C.
BY_____

**COMPLAINT**

**COME NOW** the Plaintiffs and file this complaint seeking damages from the Defendants

as follows:

1.      The Plaintiffs are residents of the State of Mississippi and State of Louisiana and

are fully listed and identified in Exhibit "1" which is attached hereto, and incorporated herein by

reference.  The Plaintiffs are employees of Defendant International Paper Company, and their

family members.

2.      The Defendant International Paper Company ( hereinafter "International Paper")

is a foreign corporation, organized under the laws of the State Of New York, with its principle

place of business being in Memphis, Tennessee, authorized and doing business in the State of

Mississippi at the time of the incidents described in this complaint at its Natchez Mill located at

61 Carthage Point Road, Natchez, Mississippi.  International Paper may be served with process

by serving its registered agent for process  CT Corporation System, 631 Lakeland East Drive,

Flowood, MS 39208-8815.



**EXHIBIT**
tabbies "A"

3.      The Defendant Coating Services, Inc. ( hereinafter "Coating Services") is a foreign corporation, organized under the laws of the State Of Louisiana, with its principal place of business being in Prairieville, Louisiana, authorized and doing business in the State of Mississippi at the time of the incidents described in this complaint at 61 Carthage Point Road, Natchez, Mississippi.  Coating Services may be served with process by serving its registered agent for process CT Corporation System, 631 Lakeland East Drive, Flowood, MS 39208-8815.

4.      Will Nations is an adult resident citizen of the State of Louisiana, and may be served with process at his place of employment, International Paper Company, 61 Carthage Point Road, Natchez, Mississippi, or at his residence 375 Terry Circle, Vidalia, Louisiana.

5.      The actions giving rise to this complaint occurred in Adams County, Mississippi, and this court is a proper venue and jurisdiction for this complaint.

6.      On or about May 11, 2001, the Defendant International Paper owned and operated a chemical cellulose business (hereinafter " The Mill") at 61 Carthage Point Road in Natchez, Mississippi.

7.      On or about May 11, 2001, a steam line ruptured at The Mill on the 4th floor between the #5 and #6 Recovery Boilers.

8.      The ruptured steam line at The Mill damaged asbestos lines in the immediate area of the rupture, and caused the release of asbestos fibers from asbestos insulation located in The Mill.

9.      At the time of the rupture of the steam line at The Mill, the Defendants were aware that exposure to asbestos would cause serious debilitating injuries, cancer and even death.

10.     Following the rupture, the Defendants knew that employees sent into the area of the rupture would be exposed to asbestos.

11.     At the time of the rupture, the Defendants knew that employees exposed to asbestos that were not decontaminated would carry the asbestos home to their families and expose family members to asbestos.

12.     Despite the Defendants' knowledge that the Plaintiffs would be exposed, and despite the debilitating injuries, cancer and even death facing the Plaintiffs, the Defendants intentionally and knowingly exposed the Plaintiffs to asbestos to keep The Mill running and the chances of selling The Mill to a third-party alive.

13.     At all times described herein, Will Nations and other International Paper employees were acting in the course and scope of their employment and in the furtherance of the business of Defendant International Paper.

14.     The Defendant International Paper was aware of all of the facts set forth in this Complaint and therefore ratified the acts of the Defendant Will Nations and other International Paper Company employees acting in the course of employment and in furtherance of the business of the defendant international Paper Company.

## I.

15.     The Defendants willfully, wantonly and intentionally exposed the Plaintiffs to asbestos.

## II.

16.     The Defendants intentionally, willfully and wantonly misrepresented to the Plaintiffs and employees of The Mill that the area of The Mill affected by the rupture was free and clear of asbestos, when it was not.

17.     The Defendants International Paper and Will Nations intentionally, willfully and wantonly misrepresented that test results showed the affected area to be free and clear of asbestos disturbed by the rupture, when it was not.

18.     The Defendants intentionally, willfully and wantonly misrepresented that the area affected had been cleaned up and was free of asbestos disturbed by the rupture, when it was not.

19.     As a result of the intentional, willful and wanton falsehoods and misrepresentations of the Defendants, the Plaintiffs who are employees of The Mill were exposed to asbestos.

20.     As a result of the intentional, willful and wanton falsehoods and misrepresentations of the Defendants, the Plaintiffs who are family members of the employees were exposed to asbestos brought home by the employees.

21.     The Defendants are jointly guilty of frauds, concealment and misrepresentations of material facts.

22.     The misrepresentations Defendants were relied upon by Plaintiff employees who continued working to the detriment of said Plaintiff employees.

### III.

23.     The Defendants. acting in concert with one another intentionally, willfully and wantonly conspired to keep secret the fact that asbestos had been disturbed and was present at The Mill.

24.     The Defendants, acting in concert with one another, intentionally, willfully and wantonly conspired to keep secret the fact that the Plaintiffs and employees of The Mill had been exposed to asbestos.

25.      The Defendants, acting in concert with one another, misrepresented that The Mill was free of asbestos disturbed by the rupture, when it was not.

26.      The Defendants, acting in concert with one another, conspired to act as if no asbestos disturbed by the rupture was present, and continued to expose the Plaintiffs and employees of The Mill to asbestos during their veiled attempts at cleaning up the area.

27.      The Defendants, acting in concert with one another, misrepresented tests results and clean up efforts to make it look as though The Mill was free and clear of asbestos disturbed by the rupture, when it was not.

28.      The Defendants have committed and are guilty of the tort of civil conspiracy resulting in damages to the Plaintiffs.

## IV.

29.      Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly failed to follow the Asbestos Maintenance Plan and Procedures of The Mill, and have exposed the Plaintiffs and employees of The Mill to asbestos.

30.      Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly failed to take such steps as are necessary to protect workers from asbestos exposure from boilers, steam lines and other exposed asbestos insulation in The Mill; thereby exposing the Plaintiffs and workers at International Paper to asbestos.

31.      Prior to and since the rupture of May 11, 2001, International Paper and Coating Services have intentionally, willfully and wantonly exposed employees to asbestos during abatement procedures or repairs to damaged asbestos insulation at The Mill.

## V.

32.     International Paper has continuously engaged in a policy of covering up asbestos exposure at The Mill, and has even painted over signs marked as containing asbestos with new labeling identifying the insulation as being non-asbestos.

33.     As a result of the actions of International Paper, the Plaintiffs and employees of International Paper have been exposed to asbestos and damaged.

## DAMAGES

34.     As a result of the actions of the Defendants outlined herein, all of the Plaintiffs have been exposed to asbestos, and have been injured and damaged.

35.     Plaintiffs previously diagnosed with asbestosis have sustained an aggravation of their preexisting medical condition.

36.     As a result of the actions of the Defendants outlined herein, all of the Plaintiffs will continue to suffer emotional distress for the remainder of their lifetime over concern for their future health, and the possibility that they may become gravely ill and/or die as a result of their exposure.

37.     Plaintiffs are entitled to recover damages as a result of their pain and suffering (present, past and future); future hospital, drug, medical expenses and asbestos testing; mental and emotional distress (present, past and future); economic loss (past, present and future); disfigurement; the Defendants' intentional infliction of mental and emotional distress (past, present and future), as well as a future impairment of Plaintiffs' ability to enjoy life, all to their great hurt.

38.     The foregoing acts of the Defendants constitute intentional, willful, wanton and reckless disregard for the safety of Plaintiffs so as to entitle Plaintiffs to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages sustained by them, within the jurisdictional limits of this court, in an amount the jury deems appropriate, plus all costs, expenses, fees and interest allowable at law.

**RESPECTFULLY SUBMITTED** this the _16th_ day of _November_, 2001.

BRYAN H. CALLAWAY, MSB# 8662

J. BARRETT MARTIN, MSB#1893

JOHN E. MULHEARN, JR., MSB#3642

Bryan H. Callaway
Attorney At Law
331 Market Street
Post Office Box 21
Natchez, Mississippi 39121-0021
Telephone: (601)445-8833

J. Barrett Martin
Attorney At Law
103 S. Pearl Street
P.O. Box 1603
Natchez, MS 39121
Telephone: (601) 442-7954


John E. Mulhearn, Jr.
Attorney At Law
202 S. Wall Street
P.O. Box 967
Natchez, MS 39121
Telephone: (601) 442-4808

**Attorneys for the Plaintiffs**

EXHIBIT "1"

Jimmie Baker
4 Preston Ct.
Natchez, MS 39120

Linda Baker
4 Preston Ct.
Natchez, MS 39120

James Kevin Bandy
Rt. 1 Box 123C
Roxie, MS 39661

Jay Barron
Rt. 1 Box 92
Clayton, LA   71326

Samantha Barron
Rt. 1 Box 92
Clayton, LA   71326

Thomas  Barron, A Minor By and Through
His Mother And Next Friend, Samantha Barron
Rt. 1 Box 92
Clayton, LA   71326

Brenda M. Bell
14 King Circle
Natchez, MS 39120

L.J. Bell
14 King Circle
Natchez, MS

Michael Belton
#1 Pecan Dr.
Natchez, MS 39120

John W. Boyte,
94 Bryan Road
Natchez, MS  39120

Boyte, Carrie Ann
94 Bryan Road
Natchez, MS  39120

David  Breaux
52 Aberdeen Rd.
Natchez, MS  39120

Van Chaney
Rt. 1 Box 102
Fayete, MS  39069

Donny B. Chapman
2331 Hwy 129
Jonesville, LA

Carla Cheek
272 Terry Circle
Vidalia, LA

William Cheek
272 Terry Circle
Vidalia, LA

Ralph Daniel
106 Oriole Terrace
Natchez, MS  39120

Mark Davis
109 Hobo Fork Road
Natchez, MS  39120

Robert Dollar
111 Sgt. Prentiss Dr.
Natchez, MS  39120

Morgan Dollar
111 Sgt. Prentiss Dr.
Natchez, MS  39120

Ricky Lee Evans
1109 Lower Woodville Rd
Natchez, MS  39120

Evans, Linda
1109 Lower Woodville Rd
Natchez, MS  39120


Christian Fuqua, A Minor, By and Through
Her Mother and Next Friend, Terri Fuqua
2 White Apple Rd.
Natchez, MS 39120

Allen Edwards
55 Scheffel Rd.
Natchez, MS   39120

Becky Edwards
55 Scheffel Rd
Natchez, MS 39120

Paul Eidt
149 Kaiser Lake Rd.
Natchez, MS   39120

Gerald Frazier
408 Hwy 569
Ferriday, LA  71334

Shirley Frazier
408 Hwy 569
Ferriday, LA  71334

Richard L. French
8 Lillian Rd.
Vidalia, LA  71373

Shirley French
8 Lillian Rd.
Vidalia, LA  71373

Michael R. Garrett
5 Aldren Lane
Natchez, MS  39120

Glen Goldman
25 Daydreams Rd.
Natchez, MS 39120

Kathy Goldman
25 Daydreams Rd.
Natchez, MS  39120


David L. Germany
18 Jordan Road
Natchez, MS   39120

Willie S. Green
16 Goldenrod Lane
Natchez, MS  39120

John D. Hall
100 Lindberg
Natchez, MS  39120

Cynthia Hall
100 Lindberg
Natchez, MS

Paul Hargrave
315 Cherokee St
Natchez, MS 39120

Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Paul Cedric Hargrave, A Minor
By And Through His Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Kayla Hargrave, A Minor
By And Through Her Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Shareka Hargrave, A Minor
By And Through Her Mother And Next Friend
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

Kimberly Hargrave, A Minor
By And Through Her Mother And Next Friend,
Jacqueline Hargrave
315 Cherokee St
Natchez, MS 39120

John S. Havard, Jr.
P.O. Box 741
Vidalia, LA 71373

Persell Hawkins
1404 Sunset Blvd.
Natchez, MS 39120

Breana Holloway, A Minor
By And Through Her Father And Next Friend,
Travis Dustin Holloway
8 Lillian Rd.
Vidalia, LA    71373

Joe Howell
Rt. 1 Box 94
Fayette, MS 39069

Larry Hutchins
10 Ayres Road
Natchez, MS  39120

Amy James
91 Sandalwood Tr.
Brookhaven, MS 39601

Flinn James
91 Sandalwood Tr.
Brookhaven, MS 39601

Grant James, A Minor
By And Through His Mother And Next Friend,
Amy James
91 Sandawood Tr.
Brookhaven, MS 39601

Larry Jones
P.O. Box 2043
Vidalia, LA 71373

Debbie Jones
P.O. Box 2043
Vidalia, LA 71373

John G. Kennon
808 Morgan Ave.
Natchez, MS 39120

Jeff Laird
200 Brookfield Dr
Natchez, MS   39120

Lynda Laird
200 Brookfield Dr
Natchez, MS   39120

**Edwin Lawrence**
**120 Cottonwood Dr**
**Ridgecrest, LA 71334**

Mary Lawrence
120 Cottonwood Dr
Ridgecrest, LA  71334

Lester V. Leach, Jr.
311 Northview Dr.
Natchez, MS 39120

Bill Logan
400 Dogwood
Vidalia, LA 71373

Preston Logan
15 Hazlip St.
Natchez, MS   39120

Ruby Lucas
2031 Lotus Dr
Natchez, MS 39120

Clarence  McQuarters
15 Williams Street
Natchez, MS   39120

Frank Mason
222 Mason Road
Ferriday, LA   71334

Mary D. Mason
222 Mason Rd.
Ferriday, LA 71334

BettyMcDonald
109 Gayosa
Natchez, MS  39120

Vernell McDonald
109 Gayosa St
Natchez, MS  39120

Robert Myers
117 Sportsman Lane
Ferriday, LA  71334

Johnette Myles
500 Lower Woodville
Natchez, MS 39120

Lori Myles
500 Lower. Woodville
Natchez, MS   39120

Ricky  Newborne
P.O. Box 537
Natchez, MS  39120

Linda Newborne
P.O. Box 537
Natchez, MS  39120

Charles Palmer
#2 Hickory Street
Natchez, MS 39120

Charles Parker
10 Homewood Dr.
Natchez, MS 39120

Gary Parker
209 Cross Street
Vidalia, LA 71373

Charles E. Perkins
10 Pogo Street
Natchez, MS 39120

Alexander Profice
118 Gaile Ave
Natchez, MS 39120

Delores Profice
118 Gaile Ave
Natchez, MS 39120

Noel Raley
155 Lee Street
Ferriday, LA 71334

Charlie Reed
Rt. 4, Box 272
Natchez, MS 39120

Corine Reed
Rt. 4, Box 272
Natchez, MS 39120

Courtney Reed, A Minor,
By And Through Her Mother And Next Friend,
Corine Reed
Rt. 4, Box 272
Natchez, MS 39120

James C. Rehms
3806 Englewood Ln.
Natchez, MS

Frank Rhinehart
42 Morgantown Rd
Natchez, MS 39120

Cindy Roberts
263 Airport Rd.
Vidalia, LA 71373

Randy Roberts
263 Airport Rd.
Vidalia, LA 71373

Charles E. Rounds
21 Mazique
Natchez, MS   39120

Lee Edward Scott
84 East Franklin St.
Natchez, MS 39120

Allen W. Smith
1501 MLK Road
Natchez, MS 39120

Jerry Stowers
20 Concordia Ave.
Vidalia, LA   71373

David Sturdivant
Cross St.
Vidalia, LA   71373

Jeff Sturdivant
535 Kingston Rd
Natchez, MS   39120

Virgil Sturdivant
1177 Nebo Road
Gloster, MS  39638

Rober C. Verucchi
211 Hurricane Road
Natchez, MS

Kenneth Walker, Sr.
17 Elm Street
Natchez, MS 39120

Wayne Waller
39 Low Water Brdge
Natchez, MS 39120

J.C. Washington
P.O. Box 192
Natchez, MS 39121

Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Whitney Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Lakeisha Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Kimberly Washington, A Minor,
By And Through Her Mother And Next Friend
Carolyn Washington
78 Cedar Lane
Natchez, MS 39120

Larry Washington,
78 Cedar Lane
Natchez, MS 39120

Bobby A. White
Rt. 2, Box 200-A
Church Hill, MS 39120

John Wimberly
106 Tanglewood
Natchez, MS 39120

Steve Wulfkuhle
11248 Highway 129
Monterey, LA 71354

Sherry Wulfkuhle
11248 Highway 129
Monterey, LA 71354