JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | : | **MDL DOCKET NO. 875** |
| | : | |
| LIABILITY LITIGATION (VI) | : | |

## MOTION TO VACATE CONDITIONAL TRANSFER
## ORDER 212 RELATED TO
## HUBER, ET AL. V. TAYLOR, ET AL. PAW 2-02-304

1.      Plaintiffs, by their undersigned counsel, hereby move pursuant to Rule 9 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the Judicial Panel on Multidistrict Litigation to vacate the conditional transfer order (CTO -212 - Tag Along Cases) to the extent that it orders the transfer of Ronald L. Huber, William J. Airgood, Anthony DeFabbo, John Dinio, Ernest Gishnock, John Bidlenscik, Hilma Mullins and William Deem, individually and on behalf of those similarly situated v. Robert G. Taylor, II, Robert G. Taylor, II P.C., Cletus P. Ernster III, George E. Cire, Jr., J. Robert Davis, Jr., Taylor & Cire, Taylor, Davis & Ernster P.C., Taylor & Ernster P.C., Robert A. Pritchard, Christopher Fitzgerald, Law

IMAGED MAY 30 '02      OFFICIAL FILE COPY

Offices of Robert A. Pritchard, Pritchard Law Firm, PLLC, Joseph B. Cox, Jr., Joseph B. Cox, Jr. P.C. and Cox and Cox, L.L.P.

2.      On February 7, 2002, Ronald Huber and four other residents of the Western District of Pennsylvania filed a class action complaint for breach of fiduciary duty, fraud, conversion and professional malpractice against the lawyers and law firms that represented them and approximately 2,600 other victims of asbestos exposure. *Ronald L. Huber, et al.* v. *Robert G. Taylor, II, et al.*, Civ. No. 02-0304 (W.D.Pa.).

3.      Under Conditional Transfer Order No. 212, dated April 25, 2002, *Huber* v. *Taylor* was one of 110 cases that were conditionally transferred to the Eastern District of Pennsylvania as "tag along" actions in MDL 875.

4.      *Huber* has nothing in common with the tens of thousands of asbestos personal injury cases currently consolidated in the Eastern District of Pennsylvania (the "MDL Asbestos Cases").

5.      *Huber* is a class action for breach of fiduciary duty, fraud, conversion and professional malpractice; it arises from the mishandling of hundreds of millions of dollars in settlement funds.

6.      The defendants in *Huber* are lawyers and law firms and the plaintiffs are the clients they victimized.

7.      In the tag-along notice and supporting papers they filed, the Cox Defendants have not cited a single question of fact that *Huber* has in common with the MDL Asbestos Cases and there is none. (The Amended Complaint in *Huber* is attached as Exhibit B to the Notice of Tag-Along Action/Motion of Defendants Joseph

2

B. Cox, Jr. and Joseph B. Cox, Jr., Ltd to Transfer Matter to Eastern District of Pennsylvania Pursuant to MDL Transfer Order.)

8.      The factual issues in *Huber* involve the extent of the disclosures and misrepresentations made by lawyers to their personal injury clients and the manner in which the lawyers disposed of their clients' funds.

9.      Because the facts of *Huber* bear no relation to the facts of the Consolidated Asbestos Personal Injury Actions, transfer is inappropriate.

10.     Indeed, because *Huber* is a unique case of attorney misconduct, involving unique issues of fiduciary duty and fraud, transferring it to the massive docket of MDL 875, which involves discovery and pretrial discovery on issues foreign to *Huber*, will delay rather than expedite the latter's adjudication.

11.     Without listing all the factual issues presented by the *Huber* case, here are some:

Whether Defendants intentionally concealed or failed to disclose material information to the Class Members in connection with their representation and in connection with the aggregate settlement agreements reached on their behalf;

Whether Defendants failed to disclose to Class Members the nature, terms, amounts and procedures for distributing funds received by Defendants in connection with aggregate settlement agreements made on behalf of the Class Members, the amount of legal fees and expenses that would be charged or the advantages and disadvantages of entering into the aggregate settlements.

Whether Defendants failed to disclose to Class members that under at least one undisclosed aggregate settlement executed by Defendants, the amount that

3

was to be received by groups of Defendants' clients *other* than the Class Members is between 2 ½ to 18 times as much as the amount to be received by each of the Class Members, and that this discrepancy is based solely on the location of the other clients' residences or the states in which they were exposed to asbestos;

Whether Defendants adequately informed the Class Members regarding the allocation of attorneys' fees and expenses in connection with their representation;

Whether Defendants improperly withheld settlement funds from the Class Members, without the knowledge, consent or authorization of the Class Members;

Whether the defendants falsely informed Class Members that a portion of the settlement funds that are the property of the Class Members is held in trust;

Whether the defendants failed to provide the Class Members with copies of all settlement agreements that concern the Class Members

12.     The relief sought in *Huber* is compensatory and punitive damages against the defendant lawyers, disgorgement of their legal fees, an accounting, and an injunction requiring them to furnish the plaintiffs with copies of the aggregate settlements and to desist from various deceptive practices.

13.     The relief is directed at and affects only the defendant lawyers.

14.     No Asbestos Corporations are involved in the action and their rights and obligations are unaffected by the action.

4

15.    The present case should not be designated as a "tag-along" case because it does not share common questions of fact with the asbestos personal injury cases.

16.    Transfer will not aid in the coordination of pretrial proceedings and will serve the convenience of the parties and witnesses.

17.    Transfer of *Huber* will not serve the goals stated in the multi-district litigation panel's order of January 29, 1991.

18.    It is respectfully asserted that this Panel should vacate the conditional transfer order with respect to *Huber v. Taylor*.

Respectfully submitted,

Dated:  May 28, 2002

Carol A. Mager
Marjory P. Albee
Mager White & Goldstein, LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, PA  19103
215-569-6924

Joseph D. Pope
Samantha L. Southall
Correne S. Kristiansen
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY  10036-7798
212-479-6000

Alisa Carr
Dornish & Scolieri
Suite 1100, Allegheny Building
425 Forbes Avenue
Pittsburgh, PA  15219
412-765-2726

Attorneys for Ronald L. Huber, William
J. Airgood, Anthony DeFabbo, John
Dinio, Ernest Gishnock, John
Bidlenscik, Hilma Mullins and William
Deem, individually and on behalf of
those similarly situated

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| **IN RE:  ASBESTOS PRODUCTS** | : | |
| | : | **MDL DOCKET NO. 875** |
| **LIABILITY LITIGATION (VI)** | : | |

### BRIEF IN SUPPORT OF MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER 212 RELATED TO
### <u>HUBER, ET AL. V. TAYLOR, ET AL.</u> PAW 2-02-304

On February 7, 2002, Ronald Huber and four other residents of the Western

District of Pennsylvania filed a class action complaint for breach of fiduciary duty, fraud,

conversion and professional malpractice against the lawyers and law firms that

represented them and approximately 2,600 other victims of asbestos exposure.  *Ronald*

*L. Huber, et al.* v. *Robert G. Taylor, II, Robert G. Taylor, II P.C., Cletus P. Ernster III,*

*George E. Cire, Jr., J. Robert Davis, Jr., Taylor & Cire, Taylor, Davis & Ernster P.C.,*

*Taylor & Ernster P.C., Robert A. Pritchard, Christopher Fitzgerald, Law Offices of*

*Robert A. Pritchard, Pritchard Law Firm, PLLC, Joseph B. Cox, Jr., Joseph B. Cox, Jr.*

*P.C. and Cox and Cox, L.L.P.*, Civ. No. 02-0304 (W.D.Pa.).  Under Conditional Transfer

Order No. 212, dated April 25, 2002, *Huber* v. *Taylor* was one of 110 cases that were

conditionally transferred to the Eastern District of Pennsylvania as "tag along" actions in

MDL 875.

*Huber* has nothing in common with the tens of thousands of asbestos personal injury cases currently consolidated in the Eastern District of Pennsylvania (the "MDL Asbestos Cases"). It is not an asbestos personal injury or wrongful death action. It does not arise from exposure to asbestos. The defendants are not producers, distributors or end-users of asbestos or asbestos-containing products. *Huber* is a class action for breach of fiduciary duty, fraud, conversion and professional malpractice; it arises from the mishandling of hundreds of millions of dollars in settlement funds. The defendants are lawyers and law firms and the plaintiffs are the clients they victimized. Amended Complaint ¶¶ 1 and 3. (The Amended Complaint in *Huber* is attached as Exhibit B to the Notice of Tag-Along Action/Motion of Defendants Joseph B. Cox, Jr. and Joseph B. Cox, Jr., Ltd to Transfer Matter to Eastern District of Pennsylvania Pursuant to MDL Transfer Order.)

Joseph B. Cox, Jr. and Joseph B. Cox, Jr., Ltd. (the "Cox Defendants") are among the lawyers and law firms who are defendants in the *Huber* case. (Am. Comp. ¶¶ 90, 91, 93). In the tag-along notice and supporting papers they filed, the Cox Defendants have not cited a single question of fact that *Huber* has in common with the MDL Asbestos Cases and there is none. *Huber* deals exclusively with violations of common law, statutory and professional duties owed by lawyers to their clients. The factual issues in *Huber* involve the extent of the disclosures and misrepresentations made by lawyers to their personal injury clients and the manner in which the lawyers disposed of their clients' funds. These are issues entirely unrelated to the those presented by the MDL Asbestos Cases: exposure, medical condition, causation, product identification and "state of the art."

Because the facts of *Huber* bear no relation to the facts of the Consolidated Asbestos Personal Injury Actions, transfer is inappropriate. Indeed, because *Huber* is a unique case of attorney misconduct, involving unique issues of fiduciary duty and fraud,

2

transferring it to the massive docket of MDL 875, which involves discovery and pretrial discovery on issues foreign to *Huber*, will delay rather than expedite the latter's adjudication.

*Huber* arises from serious and sustained misconduct by a group of corrupt lawyers representing asbestos personal injury victims. The complaint in the case alleges that without notice to or consent from their clients, the defendant lawyers negotiated and signed aggregate settlement agreements with various asbestos manufacturers, distributors or end-users ("Asbestos Corporations") who were defendants in two "mass actions" pending in Mississippi state court. (Am. Comp. ¶¶ 86, 88, 91, 92). (They are referred to as "mass actions" because thousands of personal injury victims were joined as parties plaintiffs in them.) In the aggregate settlements, the lawyers extracted a single agreed sum from each of the various Asbestos Corporations that were defendants in the state court mass actions. (Am. Comp. ¶¶ 92, 98).

Having obtained lump sums from the various Asbestos Corporations, the lawyers arrogated the power to determine, without any supervision or constraint, how the settlement sum would be divided among the thousands of clients they simultaneously represented. (Am. Comp. ¶¶ 94, 95). In at least one aggregate settlement, the defendant lawyers agreed in writing that they would pay less to their clients in Ohio, Pennsylvania and Indiana than to their other, similarly situated clients, merely because of the clients' place of residence or exposure. (Am. Comp. ¶ 95). In particular, the defendants agreed that each of the clients in the Ohio/Pennsylvania/ Indiana group would receive $14,000 while clients in a group residing in a different state would each receive *eighteen* times that amount. (Am. Comp. ¶ 96-97).

These same lawyers and law firms have unlawfully delayed or withheld payment of settlement funds belonging to their clients. (Am. Comp. ¶¶ 120-123). They have

3

charged their clients with inflated and fictitious "expenses." (Am. Comp. ¶¶ 124, 125). They have also concealed from their clients every material fact pertaining to the aggregate settlements and the state court lawsuits from which they arose. (Am. Comp. ¶¶ 108, 117).

The claims asserted in the *Huber* action are consistent with the misconduct described above: breach of fiduciary duty, fraud, conversion, conspiracy to defraud, professional malpractice, violation of deceptive trade practices laws, injunctive relief compelling disclosure of the aggregate settlements, disgorgement of attorneys' fees, and an accounting. (Am. Comp. ¶¶ 74, 75, 76, 77, 78, 94, 95, 108, 109, 117). Without listing all the factual issues presented by the *Huber* case, here are some:

Whether Defendants intentionally concealed or failed to disclose material information to the Class Members in connection with their representation and in connection with the aggregate settlement agreements reached on their behalf;

Whether Defendants failed to disclose to Class Members the nature, terms, amounts and procedures for distributing funds received by Defendants in connection with aggregate settlement agreements made on behalf of the Class Members, the amount of legal fees and expenses that would be charged or the advantages and disadvantages of entering into the aggregate settlements.

Whether Defendants failed to disclose to Class members that under at least one undisclosed aggregate settlement executed by Defendants, the amount that was to be received by groups of Defendants' clients *other* than the Class Members is between 2 ½ to 18 times as much as the amount to be received by each of the Class Members, and that this discrepancy is based solely on the location of the other clients' residences or the states in which they were exposed to asbestos;

4

Whether Defendants adequately informed the Class Members regarding the allocation of attorneys' fees and expenses in connection with their representation;

Whether Defendants improperly withheld settlement funds from the Class Members, without the knowledge, consent or authorization of the Class Members;

Whether the defendants falsely informed Class Members that a portion of the settlement funds that are the property of the Class Members is held in trust;

Whether the defendants failed to provide the Class Members with copies of all settlement agreements that concern the Class Members (Am. Comp. ¶¶ 132(g) - (m)).

The relief sought in *Huber* is compensatory and punitive damages against the defendant lawyers, disgorgement of their legal fees, an accounting, and an injunction requiring them to furnish the plaintiffs with copies of the aggregate settlements and to desist from various deceptive practices.  The relief is directed at and affects only the defendant lawyers.  No Asbestos Corporations are involved in the action and their rights and obligations are unaffected by the action.

## ARGUMENT - FACTUAL AND LEGAL CONTENTIONS

### POINT I

### *HUBER* SHOULD NOT BE TRANSFERRED BECAUSE IT IS NOT A PROPER "TAG-ALONG" CASE

*Huber* is a case of attorney misconduct, with no factual questions in common with.  Also the MDL Asbestos Cases, the discovery and pre-trial proceedings in *Huber* have nothing to do with the proceedings in the MDL Asbestos Cases.  Under these

5

circumstances, *Huber* is not, and cannot be characterized as, a "tag-along" case, so it should not be transferred.

### A. The Present Case Should Not Be Designated As A "Tag-Along" Case Because It Does Not Share Common Questions of Fact With The Asbestos Personal Injury Cases

Because *Huber* is a unique action involving misconduct by lawyers and has no factual issues in common with the MDL Asbestos Actions, it is not an appropriate case for "tag-along" treatment.

A "tag-along" case is defined as "a civil action pending in a district court and involving common questions of fact with the actions previously transferred under Section 1407." Rule 1.1, Rules of the Judicial Panel on Multidistrict Litigation. Accordingly, a party claiming has the burden of "demonstrating that transfer will further the purposes" of Section 1407, In re G.D. Searle & Co. "Copper 7" IUD Prods. Liab. Litig., 483 F.Supp. 1343, 1345 (J.P.M.L. 1980), and must therefore show that the potential "tag-along" action "raises questions of fact common to the actions previously transferred. . . and that its transfer to [the transferee] district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." In re Stirling Homex Corp. Secs. Litig., 442 F.Supp. 547, 549 (J.P.M.L. 1977).[1]

Transfer will be denied where the case designated as a potential "tag-along" has only a few facts in common with the consolidated proceeding; the commonality must be substantial. *See* In re Environmental Protection Agency Pesticide Listing Confidentiality Litig., 434 F.Supp. 1235, 1236 (J.P.M.L. 1977)(denying transfer where actions involved

---

[1]     "This criterion - whether consolidation would promote the just and efficient conduct of the litigation - is considered the "most important" of the three criteria. In re Stirling Homex Corp. Sec. Litig., 442 F.Supp. at 549; 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, federal practice and procedure §3863 at 535 (1986); In re Tobacco Gov't Health Care Costs Litig., 76 F.Supp.2d 5 (D.D.C. 1999).

common questions of law but shared "few, if any questions of fact")  *See, also.*, In re Repetitive Stress Injury Prods. Liab. Litig., MDL No. 955, 1992 WL 403023 (J.P.M.L. Nov. 27, 1992); In re Chiropractic Antitrust Litig., 483 F.Supp. 811 (J.P.M.L. 1980).

The Cox Defendants have not even addressed their burden with respect to transfer.  In the Consolidate Asbestos Injury Actions, the following are the crucial questions of fact: whether a person was exposed to asbestos and the conditions under which the exposure occurred, whether the person has a medical condition that was caused by the exposure, what entity is responsible for the exposure and what that entity knew at the time about the dangers of asbestos. One has only to read the complaint in *Huber* to see that there are no factual issues in it that are common with the questions of fact in the MDL Asbestos Cases. Indeed, the *Huber* complaint lists 22  factual questions, some of which are quoted above (*supra* at 4-5) (Am. Comp. ¶ 132(a) - (v)) that are central to its resolution.  Not one of those questions is present in the MDL Asbestos Cases.

Faced with the complete disparity between *Huber* and the MDL Asbestos Cases, the Cox Defendants contend that *Huber* should be transferred because it challenges the adequacy of settlements that were signed by Asbestos Corporations who are defendants in the MDL Asbestos Actions and familiar to Judge Weiner.  The contention is utterly wrong.  The plaintiffs in *Huber* do not claim that the settlements are inadequate.  They do not seek to revoke any of the settlements.  They do not seek to alter in any way the obligations, rights or duties of the Asbestos Corporations that signed the settlement agreements.  The demand in *Huber* is restricted to obtaining damages and related relief from corrupt lawyers who have mishandled and misallocated settlement funds.

Having said this, it is plain that that Judge Weiner's familiarity with some of the Asbsestos Corporations that signed the settlements is irrelevant.  Neither those, nor

7

any other, asbestos corporations are defendants in *Huber*.  The defendants in *Huber* are lawyers and law firms who have never been parties to the MDL Asbestos Actions.

The Cox Defendants also argue that some of the plaintiffs in *Huber* may have personal injury claims that are currently pending in cases before Judge Weiner. Although they have no record citation for this argument, it is irrelevant.  The *Huber* case does not involve claims of personal injury.  It involves claims of misconduct by lawyers in connection with past settlement agreements.  Nothing in the disposition of the claims asserted against the lawyers in *Huber* will have any impact on personal injury claims asserted against Asbestos Corporations in the MDL Consolidated Asbestos Actions.

Finally, the Cox Defendants contend that the result in *Huber* will have a significant effect on the manner in which Judge Weiner handles asbestos personal injury actions in the future.  They offer no support or explanation for this argument and there is none.  At issue in *Huber* is the misconduct of a group of lawyers in their handling of various state court settlements.  None of the settlements involved was approved by the state court or any other court.  The outcome of *Huber* will be a damage award and injunctive relief against corrupt lawyers.  That outcome will have no impact on the manner in which Judge Weiner disposes of his asbestos personal injury docket.

**B.      Transfer Will Not Aid In The Coordination Of Pretrial Proceedings And Will Serve The Convenience Of The Parties And Witnesses**

Because *Huber* is unique and involves none of the issues raised in the MDL Consolidated Asbestos Cases, it should not be transferred.

The objective of transferring cases is to "eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save time and effort on the part of the parties, the attorneys, the witnesses, and the courts."  Manual for Complex Litigation, § 31.131 (3d ed. 1995)("MCL3d").

None of the discovery taken in the MDL Asbestos Actions concerns the issues of attorney misconduct (or any other issues) that are involved in *Huber*.  None of the

8

defendant attorneys in *Huber* is a party to the MDL Asbestos Actions. None of the

rulings or pretrial proceedings in the MDL Asbestos Actions has any bearing on *Huber*.

None of the parties in *Huber* reside in the Eastern District of Pennsylvania.

The Cox Defendants have offered no explanation, and there is none, of how

transfer of *Huber* to the Eastern District of Pennsylvania would serve the interests of

any of the parties. Indeed, the magnitude of the docket in the MDL Asbestos Cases

and the lack of any commonality between that docket and *Huber* is likely to impede,

rather than facilitate the pretrial proceedings in *Huber*.

## POINT II

### Transfer Of *Huber* Will Not Serve The Goals Stated In The Multi-District Litigation Panel's Order Of January 29, 1991

Because there is no commonality, in fact or law, between *Huber* and the MDL

Asbestos Cases, transferring the former will not serve any of the purposes described by

the Panel in the order that gave rise to MDL 875.

In 1991, when the Judicial Panel on Multidistrict Litigation ordered the transfer to

the Eastern District of Pennsylvania of all asbestos personal injury and wrongful death

actions, its stated purpose for the consolidation and transfer was to: streamline the

common questions in the asbestos litigation; eliminate duplication and overlap;

encourage a uniform case management plan; allow for division of responsibility among

the judges; provide a mechanism for the transferee judges to explore uniform use of

dispositive techniques; avoid inconsistent rulings; facilitate settlement; focus the circuit

appellate process regarding centralized rulings; provide a method whereby repetition in

newly filed actions would be eliminated; provide a focal point to facilitate coordination

with the mammoth number of asbestos actions pending in state courts and secure a

just, speedy and inexpensive determination of federal litigation.  In Re:  Asbestos
Products Liability Litigation (VI), January 17, 1991 Order To Show Cause, page 2.

Huber is a class action for fraud, breach of fiduciary duty, conversion and related
misconduct.  It is prosecuted against lawyers and law firms.  The MDL Asbestos Cases
are personal injury actions, brought against Asbestos Corporations.  The factual and
legal issues in Huber concern the duties of lawyers to their clients.  In the MDL
Asbestos Cases, the issues concern the duties of those who manufacture, distribute or
deploy dangerous products.  In light of the complete dissimilarity between Huber and
the MDL Asbestos Cases, the goals of the Court that created the asbestos MDL are
inapplicable here.

## CONCLUSION

This Panel should vacate the conditional transfer order with respect to Huber v.
Taylor.

10

Respectfully submitted,

Dated:  May 28, 2002

Carol A. Mager
Marjory P. Albee
Mager White & Goldstein, LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, PA  19103
215-569-6924

Joseph D. Pope
Samantha L. Southall
Correne S. Kristiansen
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY  10036-7798
212-479-6000

Alisa Carr
Dornish & Scolieri
Suite 1100, Allegheny Building
425 Forbes Avenue
Pittsburgh, PA  15219
412-765-2726

Attorneys for Ronald L. Huber, William
J. Airgood, Anthony DeFabbo, John
Dinio, Ernest Gishnock, John
Bidlenscik, Hilma Mullins and William
Deem, individually and on behalf of
those similarly situated

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 9 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS          :
                                   :          **MDL DOCKET NO. 875**
LIABILITY LITIGATION (VI)          :

## REASONS WHY ORAL ARGUMENT
## SHOULD BE HEARD

It is respectfully suggested that the Panel should schedule oral argument

on Motion to Vacate Conditional Transfer Order 212 Related to <u>Huber, et al. v. Taylor,</u>

<u>et al.</u>, PAW 2-02-304.  This complaint, <u>Huber v. Taylor</u>, was part of a tag along order

which includes 109 other complaints (CTO-212).  <u>Huber v. Taylor</u> presents unique facts

distinct from those previously transferred as part of MDL 875, Asbestos Products

Liability Litigation (VI).

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAY 28  P 4: 20

RECEIVED
CLERK'S OFFICE

Respectfully submitted,

Dated:  May 28, 2002

Carol A. Mager
Marjory P. Albee
Mager White & Goldstein, LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, PA  19103
215-569-6924

Joseph D. Pope
Samantha L. Southall
Correne S. Kristiansen
Kronish Lieb Weiner & Hellman LLP
1114 Avenue of the Americas
New York, NY  10036-7798
212-479-6000

Alisa Carr
Dornish & Scolieri
Suite 1100, Allegheny Building
425 Forbes Avenue
Pittsburgh, PA  15219
412-765-2726

Attorneys for Ronald L. Huber, William
J. Airgood, Anthony DeFabbo, John
Dinio, Ernest Gishnock, John
Bidlenscik, Hilma Mullins and William
Deem, individually and on behalf of
those similarly situated

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 2 9 2002**

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | : | |
| | : | **MDL DOCKET NO. 875** |
| LIABILITY LITIGATION (VI) | : | |

### SCHEDULE ACCOMPANYING MOTION TO VACATE

**Name of the action involved:**

Ronald L. Huber, William J. Airgood, Anthony DeFabbo, John Dinio, Ernest Gishnock, John Bidlenscik, Hilma Mullins and William Deem, individually and on behalf of those similarly situated,
            Plaintiffs
v.
Robert G. Taylor, II, Robert G. Taylor, II P.C., Cletus P. Ernster III, George E. Cire, Jr., J. Robert Davis, Jr., Taylor & Cire, Taylor, Davis & Ernster P.C., Taylor & Ernster P.C., Robert A. Pritchard, Christopher Fitzgerald, Law Offices of Robert A. Pritchard, Pritchard Law Firm, PLLC, Joseph B. Cox, Jr., Joseph B. Cox, Jr. P.C. and Cox and Cox, L.L.P.,
            Defendants

**District Court and Division:**

United States District Court for the Western District of Pennsylvania

**Civil Action No:**

Civil Action No. 02-0304

**Judge Assigned:**

The Honorable Donald J. Lee

RECEIVED CLERK'S OFFICE 2002 MAY 28 P 4: 20 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE:  ASBESTOS PRODUCTS | : | |
| | : | **MDL DOCKET NO. 875** |
| LIABILITY LITIGATION (VI) | : | |

## PROOF OF SERVICE

I, Carol A. Mager, do hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Motion to Vacate Conditional Transfer Order 212 Related to <u>Huber v. Taylor, et al.</u>, PAW 2-02-304, Brief in Support of Motion, Reasons Why Oral Argument Should be Heard and Schedule Accompany Motion to Vacate to be served on the counsel listed on attached Panel Service List by U.S. mail, first class, postage prepaid.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 MAY 28  P 4: 20

RECEIVED
CLERK'S OFFICE

The foregoing documents were also served on Clerk, U.S. District Court for the Western District of Pennsylvania by U.S. mail, first class, postage prepaid, at the following address:

> 916 U.S. Courthouse
> 7th Avenue and Grant Street
> Pittsburgh, PA  15219

Dated:  May 28, 2002

Carol A. Mager

**PANEL SERVICE LIST (Excerpted from CTO-212)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.
W.D. Pennsylvania, C.A. No. 2:02-304

Joseph J. Bellew, Esquire
Cozen & O'Connor
The Atrium, 4th Floor
1900 Market Street
Philadelphia, PA  19103

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud, Esquire
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC  20036

David D. Damico, Esquire
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA  15222

Thomas C. DeLorenzo, Esquire
Marshall, Dennehey, Warner,
    Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA  19103

Ralph A. Finizio, Esquire
Houston & Harbaugh
Two Chatham Center, 12th Floor
Pittsburgh, PA  15219

Raymond P. Forceno, Esquire
Forceno & Hannon
Philadelphia Bourse Building, Suite 100
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman, Esquire
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA  19103

Susan M. Hansen, Esquire
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN  55402

Robert A. Klein, Esquire
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA  19102

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH  44308

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

James A. McGovern, Esquire
Marshall, Dennehey, Warner,
    Coleman & Goggin
USX Tower, Suite 2900
600 Grant Street
Pittsburgh, PA  15219

Ronald L. Motley, Esquire
Ness, Motley, Loadholt, Richardson
    & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29465

William J. O'Brien, Esquire
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA  19102

William J. O'Brien, Esquire
Delany & O'Brien
306 West Somerdale Road
Voorhees, NJ  08043

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven, Esquire
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX  77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA  90025

Samantha L. Southall, Esquire
Kronish Lieb Weiner & Hellman
1114 Avenue of the Americas
New York, NY  10036

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA  19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406