JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 29 2002

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDNA O. ROURKE, as Personal
Representative for the Estate
of FRANKLIN ADAMS, et al.

v.     CIVIL NO. S 02-1133

AMCHEM PRODUCTS, INC., et al.

### ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this 13th day of May, 2002, by the Court, ORDERED:

1. That the plaintiffs' Motion for Remand and/or Abstention BE, and it hereby IS, GRANTED;

2. That the Court hereby abstains from exercising its jurisdiction over this matter, pursuant to 28 U.S.C. § 1344(c);

3. That this case BE, and it hereby IS, REMANDED to the Circuit Court for Baltimore City, with costs and fees associated with removal and remand to be borne by the party incurring the same;

4. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel of record; and

5. That the Clerk of Court transmit the record herein with a certified copy of this Order to the Clerk of the Circuit Court for Baltimore City, forthwith.

MDL-875

RECOMMENDED ACTION

Vacate CTO-213-one case

Approved/Date: M.H. 5/21

Frederic N. Smalkin
Chief U.S. District Judge

IMAGED MAY 30 '02    OFFICIAL FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDNA O. ROURKE, as Personal
Representative for the Estate
of FRANKLIN ADAMS, et al.

v.                                    CIVIL NO. S 02-1133

AMCHEM PRODUCTS, INC., et al.

## MEMORANDUM OPINION

This case, in which many hundreds of plaintiffs seek enforcement of asbestos case settlement agreements with the Center for Claims Resolution (CCR) and its current members, was removed to this Court by current members of the CCR (all of the current members of which are not debtors in bankruptcy), on the ground that this case is "related to" the bankruptcy cases of a number of former members of the CCR, which are debtors in voluntary bankruptcy proceedings in the District of Delaware. The matter is before the Court on the plaintiffs' motion for remand and/or abstention, as well as the Court's *sua sponte* statement of intention to transfer the case to the United States District Court for the District of Delaware. The issues have been fully briefed. No oral hearing is needed. Local Rule 105.6, D.Md.

The present removals were effected pursuant to 28 U.S.C. §§ 1334(b) and 1452(a). There is little question that, under the Fourth Circuit's broad test for "related to" jurisdiction, this Court has original and removal jurisdiction over the present case, as it is "related to" the Delaware bankruptcy case, in the sense

that there is at least a possibility that some sort of indemnification might be sought and/or obtained by the current CCR members from the bankruptcy estates of the bankrupt former members. *See Owens-Illinois, Inc. v. Rapid Corp.*, 124 F.3d 619, 625-27 (4th Cir. 1997). In this case, there is no need for a definitive ruling on the merits of any question of indemnification running from the bankrupt former CCR members to its present members, an issue extensively belabored by the parties. It is sufficient to note that there is a significant possibility that there is such a right, exercisable in the event the present members lose this case on the merits, and the case, thus, falls within the "related to" original and removal jurisdiction of this Court, under the Fourth Circuit's very broad interpretation of the scope of that jurisdiction. *See Adams, et al. v. C.E. Thurston*, No. 2:01 CV321 and consolidated cases (E.D. Va. July 16, 2001 (plaintiffs' memo. Ex. 2).

This conclusion does not, however, end the inquiry into the remand issue.

In his excellent opinion in *Adams*, Judge Friedman, finding original and removal jurisdiction over a case virtually identical to the present one, went on to further analysis, in which he determined that the removed case was a "non-core" proceeding relative to the bankruptcy case, as is this one. That is, this is not a case which the bankruptcy judge is constitutionally empowered to hear and determine under Title 11. This case, as does *Adams*,

2

involves matters of state contract law, best determined by a state court, and, if plaintiffs are successful, current CCR members may submit claims for indemnification in the bankruptcy proceeding. Thus, this Court, as did Judge Friedman, concludes that mandatory abstention is appropriate under 28 U.S.C. § 1344(c)(2), because this case meets all six requirements therefor. That is, there is a timely motion for abstention, the proceeding is based on a state-law cause of action, the case is related to a Title 11 case but does not arise under Title 11, the case could not have been commenced in a federal court absent original bankruptcy jurisdiction, and, finally, it was commenced and can be timely adjudicated in a state court with jurisdiction.

Even if this were a "core" case, and thus not an appropriate one for mandatory abstention, the Court would order permissive abstention under 28 U.S.C. § 1334(c), taking into account the many factors related to such a determination, as set forth in, e.g., In re: RBGSC Inv. Corp., 253 B.R. 369, 381-82 (E.D. Pa. 2000). This was the result reached in the very similar case of In re: All Kelly & Ferraro Asbestos Cases v. G-1 Holdings, Inc., et al., No 1:00CV20010 (N.D. Ohio Feb. 20, 2001), slip op. at 12-13, the reasoning and decision in which are entirely apt and correct, and which are adopted herein.

The Court is aware that at least one other judge of this Court has determined that the best course is to transfer cases of this

3

sort to the District of Delaware, thereby allowing the decision on the remand issue to be made there. The undersigned disagrees, and is of the opinion that this matter should be remanded presently under the criteria discussed above.

Accordingly, an Order will be entered separately, abstaining from the exercise of jurisdiction in this case and remanding it to the state court from which it was removed

Frederic N. Smalkin
Chief U.S. District Judge

Dated: May 13th, 2002