JUN-20-2002 14:55   US DISTRICT COURT          JUDICIAL PANEL ON   P.08
Case MDL No. 875   Document 3579   Filed 06/24/02   Page 1 of 13 MULTIDISTRICT LITIGATION

MDL 875

JUN 24 2002

FILED
CLERK'S OFFICE
FEB 27 2002
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frank Huff, Jr. and Ida Huff, ) | |
| ) | C/A No.: 2:02-0016-24 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| ACandS, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

This action is brought by Plaintiffs Frank Huff, Jr. And Ida Huff, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on December 6, 2001 in the Circuit Court for the County of Charleston, South Carolina, C/A No. 01-CP-10-4695.

Counsel for Defendants Amchem Products, Inc., CertainTeed Corporation, Dana Corporation, and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on January 7, 2002, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On January 30, 2002, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. <u>Richardson v. Phillip Morris, Inc.</u>, 950 F.

Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. <u>Freeman v. Bechtel</u>, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." <u>Mason v. IBM</u>, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period—either by signing the same notice, filing an independent

2

AO 72A

notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendant A.P. Green Industries, Inc. failed to timely file its consent to removal within the thirty (30) day time period. The record demonstrates that copies of the summons and complaint were served upon Defendant A.P. Green Industries, Inc. on December 10, 2001. Plaintiffs' Motion to Remand to State Court, Ex. 1. On January 18, 2002, thirty-nine days after service, counsel for Defendant A.P. Green Industries, Inc. filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 23.) The affidavit was not filed timely. Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina
February 25, 2002.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FILED FEB 2 7 2002
LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

Leon J. Smith and Lana B. Smith,           )
                                           )   C/A No.: 2:02-0017-24
          Plaintiffs,                      )
                                           )
     vs.                                   )
                                           )   **ORDER**
ACandS, Inc., et al.,                      )
                                           )
          Defendants.                      )
                                           )

This action is brought by Plaintiffs Leon J. Smith and Lana B. Smith, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on November 30, 2001 in the Circuit Court for the County of Charleston, South Carolina, C/A No. 01-CP-10-4641.

Counsel for Defendants Amchem Products, Inc., CertainTeed Corporation, Dana Corporation, and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on January 7, 2002, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On January 30, 2002, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. <u>Richardson v. Phillip Morris, Inc.</u>, 950 F.

Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

> 28 U.S.C. § 1441 provides:
>
> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period—either by signing the same notice, filing an independent

AO 72A

notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendant A.P. Green Industries, Inc. failed to timely file its consent to removal within the thirty (30) day time period. The record demonstrates that copies of the summons and complaint were served upon Defendant A.P. Green Industries, Inc. on December 10, 2001. Plaintiffs' Motion to Remand to State Court, Ex. 1. On January 18, 2002, thirty-nine days after service, counsel for Defendant A.P. Green Industries, Inc. filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 24.) The affidavit was not filed timely. Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

February 25, 2002.

3

JUN 2 4 2002

FILED
CLERK'S OFFICE

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

FEB 2 7 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

| | | |
|---|---|---|
| Charles E. Davis and Kay P. Davis, ) | C/A No.: 2:02-0051-24 | |
| Plaintiffs, ) | | **ENTERED** |
| vs. ) | **ORDER** | JAN 2 7 2002 |
| ACandS, Inc., et al., ) | | |
| Defendants. ) | | |

This action is brought by Plaintiffs Charles E. Davis and Kay P. Davis, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on December 10, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4744.

Counsel for Defendants ACandS, Inc. and Kaiser Aluminum & Chemical Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on January 9, 2002, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On January 30, 2002, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an

AO 72A

22

infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. <u>Freeman v. Bechtel</u>, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

(a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." <u>Mason v. IBM</u>, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the

2

removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendant Harbison-Walker Refractories Company failed to timely file its consent to removal within the thirty (30) day time period. The record demonstrates that copies of the summons and complaint were served upon Defendant Harbison-Walker Refractories Company on December 13, 2001. Plaintiffs' Motion to Remand to State Court, Ex. 1. On January 18, 2002, thirty-six days after service, counsel for Defendant Harbison-Walker Refractories Company filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 20.) The affidavit was not filed timely. Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

February 25, 2002.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| James E. Snead and Matilda A. Snead, ) | C/A No. 2:02-0173-24 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ACandS, Inc., et al., ) | |
| ) | |
| Defendants. ) | |

This action is brought by Plaintiffs James E. Snead and Matilda A. Snead, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on December 18, 2001 in the Circuit Court for the County of Charleston, South Carolina, Case No. 01-CP-10-4848.

Defendants Amchem Products, Inc., CertainTeed Corporation, Dana Corporation, and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on January 17, 2002, on the basis of diversity jurisdiction. The Notice of Removal indicated that "[a]ll other proper defendants consent to the removal of the case."

On February 13, 2002, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because not all Defendants had filed timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No Defendant filed a response to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an

infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. <u>Freeman v. Bechtel</u>, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." <u>Mason v. IBM</u>, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period--either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the

2

AO 72A
(Rev. 8/82)

removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

Plaintiffs allege that Defendants Harbison-Walker Refractories Company and A.P. Green Industries failed to timely file consents to removal within the thirty (30) day time period. The record demonstrates that copies of the summons and complaint were served upon Defendant Harbison-Walker Refractories Company on December 20, 2001. Plaintiffs' Motion to Remand Ex. 1. On February 4, 2002, forty-six days after service, counsel for Defendant Harbison-Walker Refractories Company filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 31.) The affidavit was not filed timely.

The record further demonstrates the copies of the summons and complaint were served upon Defendant A.P. Green Industries, Inc. on December 27, 2001. Plaintiffs' Motion to Remand to State Court, Ex. 3. On February 4, 2002, thirty-nine days after service, counsel for Defendant A.P. Green Industries, Inc. filed an affidavit indicating that this Defendant consented to and joined in the removal of this case. (Doc. 29.) This affidavit also was not filed timely.

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When defendants do not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700.

3

Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Spartanburg, South Carolina

April 22, 2002.

AO 72A
(Rev. 8/82)