JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 25 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ABSESTOS PRODUCTS : | |
| : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION : | |

REPLY BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER 212 RELATED TO
HUBER, ET AL. V. TAYLOR, ET AL., PAW 2-02-304

*Huber v. Taylor* is a case of attorney misconduct, not product liability. The defendants are lawyers, not asbestos companies. The plaintiffs seek damages for fraud, breach of fiduciary duty, professional malpractice and conversion; not for personal or mortal injuries. The facts at issue are the omissions and misrepresentations made by the defendant-lawyers to their clients, how the lawyers disposed of settlement funds and whether they bilked their clients with fabricated and inflated expenses — facts entirely different from those at issue in asbestos personal injury and wrongful death actions. In every aspect, *Huber* is distinct from the personal injury cases that constitute the MDL Asbestos Docket, so transfer to that docket is entirely inappropriate.

KRONISHLIEB 404263v1 06/24/2002 01:58 PM

IMAGED JUN 27 '02   OFFICIAL FILE COPY

The Cox Movants do not dispute the statutory and decisional law (cited at pp. 6-7 of the plaintiffs' initial brief) that transfer is appropriate only when (i) there are substantial, questions of fact common to the proposed tag-along action and the previously transferred actions, and (ii) a transfer will be convenient to all concerned and promote judicial economy (for example by avoiding duplicative discovery and inconsistent rulings). They do not cite or quote a single claim for relief asserted in *Huber* that bears any relation to claims asserted in any of the MDL Asbestos Cases. They do not explain how the factual issues of attorney misconduct in *Huber* have anything in common with the product liability issues in the MDL Asbestos Cases. They do not specify a single item of discovery from the MDL Asbestos Cases that will have any bearing on or relevance to the *Huber* action.

Instead, they argue that the adjudication of *Huber* (i) may lead to relitigation (by the plaintiffs against various asbestos companies) of the claims that were resolved by the aggregate settlements that are mentioned in the *Huber* complaint; (ii) will require determination of causation, product identification and medical condition and (iii) may affect Judge Weiner's ability to settle actions that are part of the MDL Asbestos Docket.

None of these arguments has merits. First, relitigation is a non-issue, because the *Huber* plaintiffs do not seek to void or revoke the settlements that are alleged in the complaint, nor do they assert or ask to revive any claims against any asbestos companies. The *Huber* complaint is concerned strictly with obtaining damages and equitable relief from lawyers, who have defrauded and betrayed their clients by concealing material information, misrepresenting

2

important facts, mishandling settlement funds, engaging in conflicts of interest and charging fictitious costs and expenses to their clients. The limited focus of the *Huber* action is apparent from the identity of the defendants in the case -- lawyers and law firms, not asbestos producers -- and from the prayer for relief:

WHEREFORE, each of the plaintiffs demand judgment from the defendants [a term which is defined as the various lawyers and law firms who represented the plaintiffs], jointly and severally

(i)     certifying an appropriate class, appointing Plaintiffs as class …;

(ii)     for compensatory damages in an amount to be proved at trial, but in excess of $150,000;

(iii)     for forfeiture and disgorgement of all legal fees charged by the defendants;

(iv)     for punitive damages in an amount to be determined at trial, but in excess of $500,000;

(v)     for an accounting of all money collected and spent by the defendants on behalf of or for the benefit of the plaintiffs and other members of the Class;

(vi)     for an order compelling the defendants immediately to provide the plaintiffs with copies of all settlement agreements executed with Asbestos Corporations regarding the asbestos personal injury claims of the plaintiffs and the other members of the Class;

(vii)     for an order compelling the defendants to cease and desist from distributing to the plaintiffs and requiring them to sign false acknowledgements as a precondition to the plaintiffs' receiving settlement funds that belong to the plaintiffs…

(Am. Compl. at 45-46; copy of the amended complaint is attached as Exhibit B to the Cox Movants' Notice of tag-along motion.)

Second, nothing in *Huber* requires the court to determine issues of causation, product, identification or medical condition.[1] The factual issues in *Huber* concern failure to disclose material information to clients, failure to disclose the terms of aggregate settlements, failure to disclose the procedures by which the lawyer-defendants divided the aggregate amounts between their clients, failure to disclose conflicts of interest, unauthorized retention of settlement funds, misrepresentation and falsification of expenses:

> 149.   The defendants have breached their fiduciary duties to the plaintiffs by, among other things, failing to inform plaintiffs of the: identity and nature of lawsuit or lawsuits in which they had been made parties, the terms of the Miscellaneous settlements, the total amounts of the Miscellaneous settlements, the amounts that each client included in the Miscellaneous settlements would receive (or the procedures for deciding how the aggregate amount would be divided between the clients), the time at which the plaintiffs would receive the settlement amounts, the amount of legal fees and expenses that would be charged, whether those fees and expenses would be deducted from the aggregate amounts of the Miscellaneous settlements, and the advantages and disadvantages of entering into those settlements.
>
> 150.   The defendants have breached their fiduciary duties to the plaintiffs by, among other things, failing to inform them: of the nature of the asbestos personal injury claims asserted by the other clients included in the Miscellaneous settlements, and that the defendants' simultaneous representation of the plaintiffs and thousands of additional clients gave (or could give) rise to a conflict of interest.

---

[1] Those are issues that are typically present in personal injury actions against asbestos companies. In *Huber*, there are no claims against asbestos companies.

4

> 151. The defendants have breached their fiduciary duties to the plaintiffs by, among other things, retaining from the Miscellaneous settlements funds that are the property of the plaintiffs, without the plaintiffs' knowledge, consent or authorization; retaining portions of settlement funds in so-called "trust," without the plaintiffs' knowledge, consent and authorization, and charging inflated, inappropriate and fictitious fees to the plaintiffs.

(Am. Compl. ¶¶ 148-51). We re-emphasize that the plaintiffs in Huber do not allege that the aggregate amounts negotiated in the various settlements are inadequate. The complaint is that the lawyers *failed to disclose*, among other things, how the lawyers would divide those aggregate amounts among the plaintiffs (*see* Am. Compl. ¶ 149, *supra*). *Huber* also alleges that one such instance of non-disclosure concerned the failure to inform the plaintiffs that the lawyers were dividing one of the settlement funds *solely* on the basis of a client's residence.

Third, the outcome in *Huber* will neither affect nor constrain the manner in which Judge Weiner resolves the cases on the MDL Asbestos Docket. *Huber* is not some generalized challenge to "the manner in which asbestos litigation is handled" (Cox Brief at [6] – the pages in the brief are not numbered). It is a complaint seeking damages and equitable relief from a particular group of lawyers for specific acts of misconduct. The ultimate judgment in *Huber* will determine the rights of specific parties, in particular, a group of fifteen defendant lawyers and law firms and a plaintiff class of 2645 individuals who were defrauded by them. Also, to the extent the misconduct in Huber concerns the administration of settlement agreements, those agreements did not arise from claims that were pending in the MDL Asbestos Docket; indeed, as alleged in the *Huber* complaint, they arose from actions pending in

5

Mississippi state court.[2] The agreements were never presented to, reviewed by, or approved by Judge Weiner. They were never reviewed or approved by *any* judge.

The remaining arguments made by the Cox Movants can be dispatched summarily. The brief description of asbestos litigation presented as "Historical Background" in the *Huber* complaint serves merely as an introduction to the specific, serious claims of attorney misconduct that follow and that form the substantive basis of the complaint – the introductory remarks do not convert *Huber* into an asbestos personal injury action. The fact that Mr. Pope, co-counsel for Plaintiffs in the instant case, is speaking about the *Huber* case on a panel discussion of "Ethical Issues" underscores that *Huber* is a unique case of fraud and breach of fiduciary duty arising from misconduct by lawyers, and is unrelated to the personal injury and wrongful death actions against asbestos companies that are before Judge Weiner.

The Cox Movants persist in contending that the named plaintiffs in *Huber* are plaintiffs in personal injury actions currently pending before Judge Weiner, but they offer no record support for the contention and they make no similar claim for the others among of 2645 individuals who constitute the plaintiff class. Nor do they explain why this contention is relevant, when the subject of *Huber* is not pending personal injury claims, but attorney misconduct in connection with claims that have been settled. Similarly, there is no support for the argument that Judge Weiner's handling of the MDL Asbestos Cases makes him uniquely suited to supervise discovery in the *Huber* case. The defendants in *Huber* have never been parties to the cases before Judge Weiner, and the claims of attorney fraud, breach of fiduciary duty,

---

[2] "Without the knowledge or consent of their clients, the defendants... eventually concluded aggregate settlements with dozens of the [asbestos company] defendants in the Mississippi Actions" (Am. Compl. ¶ 91). "Mississippi Actions" is a defined term referring to actions in the Mississippi state courts. Am. Compl. ¶ 81.

professional malpractice and conversion have never been the subject of discovery in Judge Weiner's MDL Asbestos Cases.

Finally, there is a refrain in the Cox brief that the claims in the *Huber* case require an exercise in legal relativity. The Cox Movants say that the conduct of the defendant lawyers cannot be evaluated without comparing it to conduct in "asbestos cases nationwide" (Cox Brief at [6]) and that Judge Weiner is well situated to make such a comparison. Fraud, breach of fiduciary duty and conversion are not determined on a comparative basis. The conduct of the defendants in *Huber* can and will be determined on the facts peculiar to this case, and there is no one judge better suited than any other judge to adjudicate those facts.[3]

*           *           *

This is a case in which none of the defendants has any involvement with the manufacture, distribution or use of asbestos. The Cox Movants have cited no instance, and we are not aware of any, in which a case involving *no* asbestos companies has been transferred to the MDL Asbestos Docket. Indeed, from past rulings of Judge Weiner, it is apparent that such cases do not belong in the MDL. *See Suggestion of Remand in Mae Louise Hamilton*, C.A. No. 1:90CV980, E.D. Tex., entered on September 18, 1991; *Transfer Order in Hackett v. Bethlehem Steel*, C.A. 1:91-CV-10190, N.D. Ohio, entered on May 11, 1992. (Copies of these orders are attached as Exhibit A).

---

[3] In any event, the Cox Movants misunderstand the role of Judge Weiner. His mission is to preside over pretrial proceedings, not to resolve the merits of the actions that are transferred to him as part of the MDL Asbestos Docket.

7

*Huber* is a case of profound attorney misconduct. That the misconduct occurred while the defendant lawyers were handling asbestos litigation is incidental to the claims in *Huber*, the substance of which does not concern asbestos personal injury but rather fraud, breach of fiduciary duty, conversion and malpractice – claims entirely foreign to the MDL Asbestos cases.[4] The conditional transfer order should be vacated.

---

[4] Put another way, the fact that an *asbestos* personal injury lawyer is sued for breach of fiduciary duty, conversion and malpractice does bring the action within the scope of the JPML's order creating the Asbestos MDL Docket.

8

## CONCLUSION

For all of the foregoing reasons, the conditional transfer order should be vacated with respect to *Huber v. Taylor*.

Dated: June 24, 2002

Respectfully submitted,

By: *Samantha L. Southall /y*
Samantha L. Southall (Pa. Id. No. 80709)
Joseph D. Pope
Correne S. Kristiansen
KRONISH LIEB WEINER & HELLMAN LLP
1114 Avenue of the Americas
New York, New York  10036
(212) 479-6000

Carol A. Mager
Marjory P. Albee
MAGER WHITE & GOLDSTEIN LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, Pennsylvania  19103
(215) 569-6924

Alisa Carr
Dornish & Scolier
Suite 1100, Allegheny Building
425 Forbes Avenue
Pittsburgh, Pennsylvania  15219
(412) 765-2726

Attorneys for plaintiffs Ronald L. Huber, William J. Airgood, Anthony DeFabbo, John Dinio, Ernest Gishnock, John Bidlenscik, Hilma Mullins and William Deem, individually and on behalf of those similarly situated

9

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 25 2002

FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE
2002 JUN 25 A 10: 47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Exhibit A

CRW



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO. VI)                  :
                                      :
_____ x

This Document Relates to:   :   CIVIL ACTION NO. MDL 875

Mae Louise Hamilton

USDC - ED of Texas,
Beaumont Division,

C.A. No. 1:90CV980

FILED
SEP 1 8 1991
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## SUGGESTION OF REMAND

THIS MATTER being reviewed this 16th day of September, 1991, upon Plaintiff's Motion to Remand; and

THE COURT FINDS the following unusual circumstances are present:

a) The form of the action is dissimilar to traditional asbestos-related, personal injury actions, and

b) The defendant, Chevron, U.S.A., Inc., is named as an employer rather than a manufacturer or distributor of asbestos products. Furthermore, the defendant is not a "traditional" defendant in asbestos actions, and there are no other asbestos defendants.

THE COURT THEREFORE SUGGESTS to the Judicial Panel on Multidistrict Litigation that the above-entitled action be



REMANDED to the United States District Court, Eastern District of Texas, Beaumont Division, for further proceedings.

BY THE COURT:

Date: 9/16/91

_Charles R. W_____
CHARLES R. WEINER, J.

xc 9/19/91: USDC ED of TX, Beaumont
MDL Panel
Andrew Trevelise
Robt Spinelli
Ronald Motley
Gene Locks
STRONG, PIPKIN, NELSON, BISSELL
Greg Thompson



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY :
LITIGATION (NO. VI)                 :
                                    x

This Document Relates to:      F I L E D   CIVIL ACTION NO. MDL 875

HACKETT V. BETHLEHEM STEEL
USDC - ND of Ohio              MAY 1 1 1992
Civil Action No. 1:91-cv-10190
                               MICHAEL E. KUNZ, Clerk
                               By _____ Dep. Clerk

TRANSFER ORDER

THIS MATTER being reviewed this 6th day of May, 1992, upon a letter request from the Clerk of the Court of the Northern District of Ohio that the action be returned as a non-asbestos action; and

THE COURT DETERMINING that the MDL transfer has already taken effect but this may be reviewed as an administrative request for a venue transfer; and

THE COURT HAVING FOUND that this is not a traditional asbestos-related, personal injury lawsuit;

THE COURT THEREFORE TRANSFERS, pursuant to Title 28, U.S.C., §1404(a), this action back to the United States District Court for the Northern District of Ohio.

BY THE COURT:

xc: attached liaison counsel
certified copy: USDC ND OH
                MDL Panel

Date: 5/6/92

CHARLES R. WEINER, J.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 5 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ABSESTOS PRODUCTS | : | |
| | : | MDL DOCKET NO. 875 |
| **LIABILITY LITIGATION** | : | |

### PROOF OF SERVICE

I, Samantha L. Southall, do hereby certify that on June 24, 2002, I caused a true and correct copy of the foregoing Reply Brief in Support of Motion to Vacate Conditional Transfer Order 212 related to <u>Huber, et al. v. Taylor, et al.</u>, PAW 2-02-304, to be served on counsel listed on the attached Panel Service List by U.S. mail, first class, postage prepaid.

The foregoing documents were also served on Clerk, U.S. District Court for the Western District of Pennsylvania by U.S. mail, first class, postage prepaid, at the following address:

916 U.S. Courthouse
7th Avenue and Grant Street
Pittsburgh, Pennsylvania 15219

Samantha L. Southall
Samantha L. Southall

**PANEL SERVICE LIST (Excerpted from CTO-212)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.
W.D. Pennsylvania, C.A. No. 2:02-304

Joseph J. Bellew, Esquire
Cozen & O'Connor
The Atrium, 4th Floor
1900 Market Street
Philadelphia, PA 19103

Richard C. Binzley, Esquire
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass, Esquire
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esquire
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David D. Damico, Esquire
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Thomas C. DeLorenzo, Esquire
Marshall, Dennehey, Warner,
   Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA 19103

Ralph A. Finizio, Esquire
Houston & Harbaugh
Two Chatham Center, 12th Floor
Pittsburgh, PA 15219

Raymond P. Forceno, Esquire
Forceno & Hannon
Philadelphia Bourse Building, Suite 100
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman, Esquire
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen, Esquire
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Robert A. Klein, Esquire
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Reginald S. Kramer, Esquire
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308

David C. Landin, Esquire
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks, Esquire
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

James A. McGovern, Esquire
Marshall, Dennehey, Warner,
　Coleman & Goggin
USX Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219

Ronald L. Motley, Esquire
Ness, Motley, Loadholt, Richardson
　& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

William J. O'Brien, Esquire
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA 19102

William J. O'Brien, Esquire
Delany & O'Brien
306 West Somerdale Road
Voorhees, NJ 08043

John J. Repcheck, Esquire
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esquire
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster, Esquire
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman, Esquire
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Samantha L. Southall, Esquire
Kronish Lieb Weiner & Hellman
1114 Avenue of the Americas
New York, NY 10036

Robert N. Spinelli, Esquire
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esquire
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise, Esquire
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II, Esquire
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406