JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| PROCOPIO MARTINEZ, ET AL., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>A.P. GREEN INDUSTRIES, ET AL., )<br>)<br>Defendants. )<br>_____ ) | No. 1:02-398 (D.N.M.) |

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-213

Defendant CertainTeed Corporation respectfully submits this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 213, which was filed on June 13, 2002, and docketed as Pleading No. 3568. Plaintiffs ask the Panel to vacate CTO-213 as it pertains to the action transferred from the United States District Court for the District of New Mexico that is listed above.

Defendants oppose plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

Plaintiffs acknowledge that this case falls within the category of cases that should be transferred to MDL No. 875. See Pl. Mot. at 1 ("[t]he plaintiffs bring claims for asbestos-related injury"). Plaintiffs nonetheless argue that the case should not be transferred to MDL No. 875 because it was not properly removed to federal court. Thus, plaintiffs contend that this Panel should vacate the CTO until the federal district court in New Mexico addresses plaintiffs' pending motion to remand, see id. at 2, because that court is allegedly "best suited to decide" that motion. Pl. Br. at 2.

OFFICIAL FILE COPY IMAGED JUL 3 '02

- 2 -

Plaintiffs' arguments against transfer have been rejected by this Panel over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[2]

In support of their motion, plaintiffs argue at length that the New Mexico federal court retains the authority to rule on plaintiffs' motion to remand "during the pendency of a Conditional Transfer Order." Pl. Br. at 4. That argument, however, is irrelevant to question here: whether the Panel should transfer a case to Judge Weiner when a motion to remand is pending in the transferor court but has not

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2001) (transfer order), at 1-2.

[2] The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1.

been ruled upon. And, as explained above, this Panel has repeatedly held that final transfer should go forward in those circumstances.[3]

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-213 with respect to this case. For these reasons, the Panel should deny plaintiffs' motion.

Respectfully submitted,

/s/ signature

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 828-2000

Attorneys for defendant
CertainTeed Corporation

July 1, 2002

---

[3]   Plaintiffs' citation to <u>Viala</u> v. <u>Owens-Corning Fiberglas Corp.</u>, 1994 WL 139287 (N.D. Cal. Apr. 13, 1994) and <u>McQuilkin</u> v. <u>Ford Motor Co.</u>, 2001 WL 197840 (E.D. La. Feb. 23, 2001) does not change that conclusion. In both cases, transferor courts elected to rule on motions to remand before the cases were finally transferred by the Panel. Likewise, here, the District of New Mexico <u>may</u> rule on plaintiffs' motion to remand prior to final transfer; but such a ruling by the transferor court is not a precondition to final transfer.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2002

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that, on this 1st day of July, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition of Defendant CertainTeed Corporation to Plaintiffs' Motion To Vacate CTO-213 to be served by hand on the Clerk of the Panel:

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 1st day of July, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 1st day of July, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

_____
Adam M. Chud

## SERVICE LIST

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Ann Ritter
Ness, Motley, P.A.
P.O. Box 365
1730 Jackson Street
Barnwell, SC 29812

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza - East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

| | |
|---|---|
| John D. Roven<br>John D. Roven & Associates<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | John M. Brant<br>Rodey Dickason Sloan Akin & Robb<br>P.O. Box 1888<br>Albuquerque, NM 87103 |
| Richard D. Schuster<br>Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 | Tim L. Fields<br>Modrall Sperling Roehl Harris & Sisk<br>P.O. Box 2168<br>Albuquerque, NM 87103 |
| Neil Selman<br>Selman, Breitman & Burgess<br>11766 Wilshire Boulevard<br>Sixth Floor<br>Los Angeles, CA 90025 | Ronald L. Hellbusch<br>Monica C. Guardiola<br>Baker & Hostetler<br>303 East 17th Avenue, #1100<br>Denver, CO 80203 |
| Robert N. Spinelli<br>Kelley, Jasons, McGuire & Spinelli<br>Centre Square West - 15th Floor<br>Philadelphia, PA 19102 | Gregory V. Pelton<br>Pelton & Associates<br>4300 Carlisle, N.E. #4<br>Albuquerque, NM 87107 |
| Robert E. Swickle<br>Jaques Admiralty Law Firm, P.C.<br>1370 Penobscot Building<br>Detroit, MI 48226 | Thomas A. Sandenaw<br>Sandenaw & Piazza, PC<br>2951 A Roadrunner Parkway<br>Las Cruces, NM 88011 |
| Andrew J. Trevelise<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | Bruce H. Strotz<br>Fairfield Garrow & Strotz<br>P.O. Box 35400<br>Albuquerque, NM 87176 |
| James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 | Lori R. Wallerstein<br>Morgenstein & Jubelirer<br>One Market Spear Street<br>Spear Tower, 32nd Floor<br>One Market Plaza<br>San Francisco, CA 94105 |

_____
Adam M. Chud