Case MDL No. 875 Document 3599 Filed 07/02/02 Page 1 of 12

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*George Baca, et al. v. A.P. Green Industries, et al.*, D. New Mexico, CIV No. 02-0506MCA/WW
*Tony Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0515LH/RLP
*Leon Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0517LH/LFG
*Willis Hardy, et al. v. ACM Corp., et al*, D. New Mexico, CIV No. 02-0518LH/WWD
*Robert Biel, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0519JP/WWD
*William Amon, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0520JP/LPG
*Aurelio Saiz, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0521BB/KPM
*Richard Ortiz, et al. v. ACM Corp., et al.*, D. New Mexico, CIV No. 02-0522JP/RLP
*Jackie Litten v. AC&S, et al.*, D. New Mexico, CIV No. 02-0516MV/DJS

MOTION TO VACATE CONDITIONAL TRANSFER ORDER
AND BRIEF IN SUPPORT THEREOF

Pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the Plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on June 12, 2002 transferring this action to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos related personal injury. Plaintiffs aver as follows in support of this motion.

1. These actions allege asbestos-related personal injuries and were originally filed in a New Mexico State Court.

2. The plaintiffs bring claims for asbestos-related injury against a number of defendants including New Mexico corporations previously engaged in the distribution of asbestos-containing products.

3. The defendants contend that diversity jurisdiction (28 USC § 1332) exists, alleging that the non-diverse defendants were improperly joined and that the amount in controversy exceeds $75,000.

4. Plaintiffs deny that the amount in controversy exceeds $75,000.

5. The plaintiffs have timely filed a Motion with the U.S. District Court for the District of New Mexico to remand the action to State Court based upon the belief that federal diversity jurisdiction is lacking in this case.

6. The plaintiffs contend that the U.S. District Court for the District of New Mexico is best suited to decide the Motion to Remand and that, therefore, this case should remain in New Mexico until such time as the Motion has been resolved.

7. The plaintiffs further submit the accompanying brief in support of this Motion.

THEREFORE, for the foregoing reasons, the plaintiffs respectfully move the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on June 12, 2002.

Respectfully submitted,

WHITNEY BUCHANAN, P.C.

By: _____
Whitney Buchanan
3200 Monte Vista Blvd. N.E.
Albuquerque, NM 87106
(505) 265-6491

                    and

                    NESS MOTLEY
                    By:  Ann Kimmel Ritter
                    Post Office Box 365
                    Barnwell, South Carolina 29812
                    Telephone: (843) 216-9000

                    ATTORNEYS FOR PLAINTIFFS

June 28th, 2002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*George Baca, et al. v. A.P. Green Industries, et al.*, D. New Mexico, CIV No. 02-0506MCA/WW
*Tony Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0515LH/RLP
*Leon Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0517LH/LFG
*Willis Hardy, et al. v. ACM Corp., et al*, D. New Mexico, CIV No. 02-0518LH/WWD
*Robert Biel, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0519JP/WWD
*William Amon, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0520JP/LPG
*Aurelio Saiz, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0521BB/KPM
*Richard Ortiz, et al. v. ACM Corp., et al.*, D. New Mexico, CIV No. 02-0522JP/RLP
*Jackie Litten v. AC&S, et al.*, D. New Mexico, CIV No. 02-0516MV/DJS

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER**

Plaintiffs respectfully submit this Brief in Support of their Motion to Vacate Conditional Transfer Order entered June 12, 2002. The Conditional Transfer Order should be vacated because the transferor court, the U.S. District Court for the District of New Mexico has before it Plaintiffs' Motion to Remand to State Court. The putative transferor court should decide the Motion to Remand because it has all of the facts, briefs, and exhibits before it and is more familiar with the relevant cases than any transferee court would be. This action belongs in New Mexico. There is no federal jurisdiction in this case. A transfer of this action to a federal MDL court to decide the Motion to Remand to state court would be a waste of all parties' time, money and resources. Therefore, Plaintiffs' respectfully request this Panel to vacate the Conditional Transfer Order or otherwise stay the transfer so that the putative transferor court may decide on the merits of Plaintiffs' Motion to Remand.

1

## BACKGROUND

These actions involve alleged asbestos-related personal injuries and were originally filed in a New Mexico State Court. The plaintiffs bring claims for asbestos-related injury against a number of defendants including New Mexico corporations previously engaged in the distribution of asbestos-containing products. The defendants contend that diversity jurisdiction (28 USC § 1332) exists, alleging that the non-diverse defendants were improperly joined and that the amount in controversy exceeds $75,000. Plaintiffs deny that the amount in controversy exceeds $75,000. The plaintiffs have timely filed a Motion with the U.S. District Court for the District of New Mexico to remand the action to State Court based upon the belief that federal diversity jurisdiction is lacking in this case. The plaintiffs contend that the U.S. District Court for the District of New Mexico is best suited to decide the Motion to Remand and that, therefore, this case should remain in New Mexico until such time as the Motion has been resolved.

## ARGUMENT

### A. FEDERAL COURTS DO NOT HAVE JURISDICTION

Plaintiffs feel strongly that their Motion to Remand is well taken and that the U.S. District Court for the District of New Mexico does not have jurisdiction in this case. The party seeking that there is federal jurisdiction bears the burden of demonstrating that assertion. *Stockman v. Federal Elections Commission*, 138 F.2d 144, 151 (5th Cir. 1998). In a removed case, the party who removed the case has the burden of establishing subject matter jurisdiction. *Martineau v. Arco Chemical Company*, 203 F.3d 904, 910 (5th Cir. 2000). The federal courts should "consider and weigh, in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness and comity". *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173, 118 S.Ct. 523,

534, 139 L.Ed. 2nd 525 (1997) citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 619, 98 L.Ed. 2nd 720 (1988). The U.S. Supreme Court has held that:

> the requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception.

*Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The Supreme Court has also held that "subject matter delineations must be policed by the courts on their own initiative even at the highest level". *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 583; 119 S.Ct. 1563, 1570; 143 L.Ed.2d 760 (1999).

The instant case was originally brought in New Mexico State Court and federal subject matter jurisdiction is lacking. This case does not involve federal statutes. It is a state court case.

Plaintiffs' causes of action in this case are based on New Mexico law. Plaintiffs have not pled any federal causes of action and defendants have not shown any federal statutory schemes.

Just as there is no federal question jurisdiction, there is no diversity jurisdiction in this case. In order to establish diversity jurisdiction, defendants would have to prove both complete diversity of citizenship for the plaintiffs and all defendants and the amount in controversy. Defendants have not proven and cannot prove that the amount in controversy exceeds the threshold.

### B. THIS COURT SHOULD VACATE THE CONDITIONAL TRANSFER ORDER DUE TO THE PENDING REMAND MOTION

Plaintiffs have filed their Motion to Remand to State Court. However, a Conditional Transfer Order has recently been entered. Plaintiffs submit that a transfer to another Court before the putative transferor Court decides Plaintiffs' Motion for Remand would be a waste of all parties' time, money and resources. Therefore, Plaintiffs respectfully request this Panel to vacate the Conditional Transfer Order and allow the putative transferor court to decide Plaintiffs' remand motion on the merits.

The putative transferor court still has jurisdiction over this case even though a Conditional Transfer Order has been entered. Under Rule 105 of the Multidistrict Litigation Rules of Procedure, "[t]he pendency of a . . . conditional transfer order . . . before the Panel concerning transfer . . . of an action pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Rule 1.5, Rules of Procedure of the J.P.M.L.; see also In re Four Seasons Sec. Laws Litig., 362 F.Supp. 574, 575 n.2 (J.P.M.L. 1973).

The Manual for Complex Litigation, 3d §31.131 (1995) makes clear that a transfer court has the authority and jurisdiction to decide Plaintiffs' Motion for Remand while a Conditional Transfer Order is pending: "During the pendency of a motion . . . for transfer. . . the Court in which the action was filed retains jurisdiction over the case." Id. Indeed, the Manual specifically notes that the transferor court may (and often should) decide a motion for remand before any final transfer order is filed: "The transferor court should not automatically . . . postpone rulings on pending motions, or generally suspend further proceedings upon being notified of the filing of a motion for transfer. Matters such as motions to dismiss or remand, raising issues unique to the particular case, may be resolved before the panel acts on the motion to transfer." Id. (emphasis added).

The case law also encourages a transferor court to decide a motion for remand during the pendency of a Conditional Transfer Order. In *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186 (N.D. Cal. 1997) the Court noted that it, as the transferor court in a pending Conditional Transfer Order, "retains exclusive jurisdiction until the §1407 transfer becomes effect and as such, motions to remand [to state court] should be resolved before the panel acts on the motion to transfer." Id. At 1189 (emphasis added) (quoting *Spitzfaden v. Dow Corning Corp.*, No.

4

95-2578, 1995 WL 662663, *4 n.1 (E.D. La. Nov. 8 1995) (citing Manual for Complex Litigation, 3d §31.131)).

Recently a federal district court in Louisiana decided the same question. *McQuilkin v. Ford Motor Co.*, Nos. 01-91-02, 2001 WL 197840 (E.D. La. Feb. 23, 2001). In *McQuilkin* the defendants "suggested that the Court should refrain from ruling on the motions to remand because a Conditional Transfer Order transferring these matters to the MDL court is in place." Id. The Court refused Defendants' suggestion with reasoning equally applicable to this case, finding that "the motion to remand centers on questions of state law with which the transferor court is more likely to be familiar than the MDL transferee court." Id.

Likewise, a federal district court in California reached the same conclusion. *Viala v. Owens-Corning Fiberglas Corp.*, No. 94-0399, 1994 WL 139287 (N.D. Cal. Apr. 13, 1994). In *Viala* the court was faced with asbestos defendants, like the ones in these cases, arguing against remand on the grounds of the "federal officer" statute and the government contractor defense. Id. Also as in this case, a Conditional Transfer Order had been issued. Id. The court refused to defer ruling on the remand motion, noting that "[t]he purpose of the MDL panel's referring of asbestos cases to Judge Weiner was not to make one judge rule on the various difficult issues that might come up in different factual contexts." Id. The court then rejected defendants "federal officer" and government contractor arguments and remanded the case to State Court.

## CONCLUSION

Plaintiffs Motion for Remand has been filed with the Court. The transferor court retains jurisdiction over the cases, and is much more familiar with the facts necessary to decide the Motion for Remand than is any transferee court. The case law supports the transferor court deciding

Plaintiffs' Motion for Remand while the Conditional Transfer Order is pending. Therefore, Plaintiff respectfully requests that this Panel to vacate the Conditional Transfer Order and allow the transferor court to rule on Plaintiffs' pending Motion for Remand to spare all parties the time, expense, and resources that otherwise would be wasted on further motion practice in an MDL Court.

Respectfully submitted,

WHITNEY BUCHANAN, P.C.

By:_____
Whitney Buchanan
3200 Monte Vista Blvd. N.E.
Albuquerque, NM 87106
(505) 265-6491

and

NESS MOTLEY
By: Ann Kimmel Ritter
Post Office Box 365
Barnwell, South Carolina 29812
Telephone: (843) 216-9000

ATTORNEYS FOR PLAINTIFFS

June 28, 2002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

# DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*George Baca, et al. v. A.P. Green Industries, et al.*, D. New Mexico, CIV No. 02-0506MCA/WW
*Tony Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0515LH/RLP
*Leon Chavez, et al. v. AP Green Industries, et al.*, D. New Mexico, CIV No. 02-0517LH/LFG
*Willis Hardy, et al. v. ACM Corp., et al*, D. New Mexico, CIV No. 02-0518LH/WWD
*Robert Biel, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0519JP/WWD
*William Amon, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0520JP/LPG
*Aurelio Saiz, et al. v. AC&S, et al.*, D. New Mexico, CIV No. 02-0521BB/KPM
*Richard Ortiz, et al. v. ACM Corp., et al.*, D. New Mexico, CIV No. 02-0522JP/RLP
*Jackie Litten v. AC&S, et al.*, D. New Mexico, CIV No. 02-0516MV/DJS

## **CERTIFICATE OF SERVICE**

WHITNEY BUCHANAN, P.C., by Whitney Buchanan, Esq., hereby certifies that he mailed Plaintiffs' Motion to Vacate Conditional Transfer Order and Brief in Support Thereof, to all counsel of record on the 28 day of June, 2002.

Respectfully submitted,

WHITNEY BUCHANAN, P.C.

By: Whitney Buchanan
Attorneys for Plaintiffs
3200 Monte Vista Boulevard N.E.
Albuquerque, New Mexico 87106
Telephone: (505) 265-6491
and

NESS MOTLEY
By: Ann Kimmel Ritter
Post Office Box 365
Barnwell, South Carolina 29812
Telephone: (843) 216-9000

1

I hereby certify that a copy of the
foregoing pleading was faxed/mailed/
hand-delivered to all counsel of
record on this _26_ day of
_____June_____, 2002.

_____

## PANEL SERVICE LIST (Excerpted from CTO-214)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*George Baca, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-506
*Tony G. Chavez, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-515
*Leon Chavez, et al. v. A.P. Green Industries, Inc., et al.*, D. New Mexico, C.A. No. 1:02-517
*Willis D. Hardy, et al. v. Asbestos Claims Management Corp., et al.*, D. New Mexico, C.A. No. 1:02-518
*Robert A. Biel, et al. v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-519
*William P. Amon, et al. v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-520
*Aurelio A. Saiz v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 1:02-521
*Richard Ortiz, et al. v. Asbestos Claims Management Corp., et al.*, D. New Mexico, C.A. No. 1:02-522
*Jackie Litten v. ACandS, Inc., et al.*, D. New Mexico, C.A. No. 6:02-516

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Bruce H. Strotz
Fairfield, Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Lori R. Wallerstein
Morgenstein & Jubelirer
One Market Spear Street
Spear Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406