MDL 875

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*************************************************

THIS PLEADING APPLIES TO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARRELL DILLON, ET AL. | * | CIVIL ACTION NO. 02-1445 |
| | * | |
| VERSUS | * | SECTION "S" |
| | * | |
| KAISER ALUMINUM & CHEMICAL CORPORATION, ET AL. | * | MAGISTRATE 2 |

**************************************

## MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

NOW INTO COURT, through undersigned counsel, comes plaintiffs, DARRELL DILLON, who moves this Honorable Court to vacate the Conditional Transfer Order issued relative to this cause of action for reasons more fully set forth in the accompanying brief.

Accordingly, plaintiff respectfully requests that this Honorable Court vacate the Conditional Transfer Order of this cause of action and return it to its proper jurisdiction in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana. Alternatively, plaintiff's request that this Honorable Court Vacate the Conditional Transfer order to facilitate discovery and allow this matter to proceed to trial in a timely manner in the United States District Court for the Eastern District of Louisiana pending the ruling of said District Court of Plaintiff's Motion to Remand.

Page -1-

**OFFICIAL FILE COPY  IMAGED JUL 9 '02**

Respectfully Submitted,

**MARTZELL & BICKFORD**

_____
SCOTT R. BICKFORD (1165?)
JOHN R. MARTZELL (901?)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 - facsimile

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

THIS PLEADING APPLIES TO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRELL DILLON, ET AL.** | \* | **CIVIL ACTION NO. 02-1445** |
| | \* | |
| | \* | |
| **VERSUS** | \* | **SECTION "S"** |
| | \* | |
| | \* | |
| **KAISER ALUMINUM & CHEMICAL** | \* | **MAGISTRATE 2** |
| **CORPORATION, ET AL.** | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
TO VACATE CONDITIONAL TRANSFER ORDER**

MAY IT PLEASE THE COURT:

Plaintiffs, DARRELL DILLON, ET AL., move this Honorable Court to vacate the Conditional Transfer Order issued relative to this cause of action. Plaintiff's have filed a Motion to Remand in the United States District Court for the Eastern District of Louisiana with regard to the Notice of Removal filed by defendant, Century Indemnity Company (Century) in this cause of action. Said motion for remand is currently set for hearing before the Honorable Judge Mary Ann Vial Lemmon on July 10, 2002. This Honorable Court lacks jurisdiction in light of the fact that the bankrupt defendant is to be dismissed from this litigation and was in fact the subject of a Motion

to Dismiss filed in the state court prior to the filing of the Notice of Removal[1] and for other reasons more fully set forth in plaintiff's motion for remand. Unquestionably, Federal Court lacks jurisdiction, if the bankrupt defendant is allowed to be dismissed from this litigation to avoid undue delay. This would allow plaintiffs to proceed in State Court against the viable defendants who remain in this litigation. Alternatively, this case is currently in a posture such that, if it remains in Federal Court, transfer to MDL would only delay the trial of this matter. The discovery which needs to be done prior to a trial on the merits is that which is specific to this plaintiff and most logically should be conducted in Louisiana for the convenience of the parties, witnesses, medical providers and others involved in this discovery and litigation.

## ARGUMENT

MDL-875 was established in 1991 for the consolidation of pre-trial and settlement matters concerning federal court asbestos cases. The Panel transferred the pending asbestos cases in 1991 in an attempt to manage the enormous backlog of federal court asbestos cases through a consolidated proceeding with the goal of fairly concluding the pending cases. However, based on the facts specific to this case, the extant matter is not one that the Panel envisioned would be appropriate for transfer under 28 U.S.C. §1407(a) and the Panel's Order and Opinion establishing MDL-875.

The Judicial Panel on Multidistrict Litigation's ("Panel") authority to transfer cases to MDL is derived from 28 U.S.C. §1407(a) which states, in pertinent part, that cases "may be transferred to any district for coordinated or consolidated pretrial proceedings...... [T]ransfers for such proceedings

---

[1] Notably, the Dismissal was not signed by the presiding state court judge before the Notice of Removal was filed. Thus, jurisdiction of the state court to issue said dismissal was lacking.

will be for the <u>convenience of parties and witnesses and will promote the just and efficient conduct of such actions</u>..." (Emphasis added). The Panel has denied transfer of certain cases that are well advanced in the discovery stage and/or set for trial because the transfer of those cases would not "promote the just and efficient conduct of these actions." <u>In Re Multidistrict Private Civil Treble Damage Antitrust Litigation involving Concrete Pipe</u>, No. 12 Judicial Panel on Multidistrict Litigation, 297 F.Supp. 1125, 1126 (1968). In <u>In Re Concrete Pipe</u>, the Panel declined to transfer a pending case to multidistrict litigation for coordinated pretrial proceedings because "pretrial proceedings are nearly complete." <u>Id.</u> See also <u>In Re Celotex Corporation 'Techniform' Products Liability Litigation</u>, Judicial Panel on Multidistrict Litigation, 68 F.R.D. 502, 505 (1975)(The Panel did not include an Alabama case in the transfer to multidistrict litigation because "[s]ince discovery in that action has apparently been completed, nothing will be achieved by coupling it with the remainder of the actions."); <u>In Re Ortho Pharmaceutical "Lippes Loop" Products Liability Litigation</u>, No. 336 Judicial Panel on Multidistrict Litigation, 447 F.Supp. 1073, 1074 (1978)(The Panel vacated a show cause order finding that a transfer would not "serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation," in part, because two of the actions were so advanced that they should be excluded from transfer).

In the extant matter, the Plaintiff, DARRELL DILLON's claim for asbestos related injuries has been pending for nearly eight (8) years in State Court. In the Louisiana action, plaintiff's originally filed a Motion to Sever, Kaiser, the bankrupt defendant; however, this motion was objected to by Century which ultimately filed the Notice of Removal before plaintiff had time to set the motion to sever for contradictory hearing or obtain a judgment of dismissal with regard to the bankrupt defendant. This action by Century clearly evidences the fact that the Removal of this

matter to Federal Court was merely effected to cause delay.

Congress enacted the statute on Multidistrict Litigation to "promote just and efficient conduct of such actions" that are appropriate for MDL. Multidistrict Litigation, 28 U.S.C. §1407(a) (West 1998). Transferring this case will not serve the convenience of the parties and witnesses since the Plaintiff resides in Louisiana, the treating physicians are in Louisiana, most of the product identification witnesses are in Louisiana and a significant part of Plaintiff's exposure to asbestos occurred in Louisiana. As a result, the "convenience of the parties and witnesses" or the promotion of "the just and efficient conduct" of this case will not be accomplished by transferring this case to MDL-875. The transfer of this case to MDL-875 will not serve any purpose other than allowing Century to delay this proceeding avoid being held accountable for this claim in a timely manner..

The Panel stated in the July 29, 1991 Order and Opinion establishing MDL-875 that "[t]his order does offer a great opportunity to all participants who sincerely wish to resolve these asbestos matters fairly and with as little unnecessary expense as possible." (Opinion and Order of the Judicial Panel on Multidistrict Litigation, p. 16).

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that this Honorable Court vacate the Conditional Transfer Order of this cause of action and return it to its proper jurisdiction in the Civil District Court for the Parish of St. Bernard, State of Louisiana. Alternatively, plaintiff's request that this Honorable Court Vacate the Conditional Transfer order to facilitate discovery and allow this matter to proceed to trial in a timely manner in the United States District Court for the Eastern District of Louisiana pending the ruling of said District Court of Plaintiff's Motion to Remand.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

Respectfully Submitted,

**MARTZELL & BICKFORD**

_____
SCOTT R. BICKFORD (1165)
JOHN R. MARTZELL (9013)
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 - facsimile

### NOTICE

A copy of this Motion to Vacate the Conditional Transfer Order and brief in support there of and related documents have been served by regular mail on counsel of record for all represented parties and upon all unrepresented parties to the above captioned action this 27 day of June, 2002.

_____
SCOTT R. BICKFORD
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on the following attorneys by placing same in the United States Mail, properly addressed and postage prepaid on this the ____ day of June, 2002.

C. Wm. Bradley, Jr., Esq.
Lemle & Kelleher
21st Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130-3477

Keith A. Kornman, Esq.
Sher Garner Cahill Richeter Klein McAlister & Hilbert
909 Poydras Street, 28th Floor
New Orleans, LA 70112-1033

Lawrence Pugh, III, Esq.
Montgomery, Barnett, Brown, Read,
   Hammond & Mintz
1100 Poydras Street, Suite 3300
New Orleans, LA 70163

Stephen N. Elliott, Esq.
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
Metairie, LA 70005
P. O. Box 55490
Metairie, LA 70055-5490

Valerie Schexnayder, Esq.
Hailey, McNamara, Hall, Larmann
 & Papale
P.O. Box 8288
Metairie, LA 70011-8288

Troy N. Bell, Esq.
Aultman, Tyner, Ruffin & Yarborough
The Texaco Center
400 Poydras St., Ste. 1900
New Orleans, LA 70130

John D. Cosmich, Esq.
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 22608

Larry Canada, Esq.
Galloway, Johnson, Tompkins, Burr & Smith
4040 One Shell Square
401 Poydras Street
New Orleans, LA 70139-4003

Charles V. Giordano, Esq.
Miranda Warwick & Milazzo
2121 Airline Hwy., Ste. 601
Metairie, LA 70001

_____
SCOTT R. BICKFORD

F:\CLIENTS\DILLON.LEE\PLEADING\oppCTO.wpd

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THIS PLEADING APPLIES TO:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRELL DILLON, ET AL.** | * | **CIVIL ACTION NO. 02-1445** |
| | * | |
| | * | |
| **VERSUS** | * | **SECTION "S"** |
| | * | |
| | * | |
| **KAISER ALUMINUM & CHEMICAL** | * | **MAGISTRATE 2** |
| **CORPORATION, ET AL.** | * | |

*************************************

## ORDER

Considering the foregoing;

IT IS HEREBY ORDERED THAT, the Conditional Transfer Order (CTO-214) be vacated and this matter shall not be transferred to the Eastern District of Pennsylvania, MDL 875.

Signed this ____ day of _____ 2002 in _____, ____.

                                                                                                                                                                 _____
                                                                                                                                                                U.S. District Court Judge

F:\CLIENTS\DILLON.LEE\PLEADING\oppCTO.wpd

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 2 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

### DOCKET NO. 875

### IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### THIS PLEADING APPLIES TO:

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DARRELL DILLON, ET AL.** | \* | **CIVIL ACTION NO. 02-1445** |
| **VERSUS** | \* | **SECTION "S"** |
| **KAISER ALUMINUM & CHEMICAL CORPORATION, ET AL.** | \* | **MAGISTRATE 2** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading on the attorneys (named on the attached Panel Service List) by placing same in the United States Mail, properly addressed and postage prepaid on this the 2nd day of July, 2002.



SCOTT R. BICKFORD

2002 JUL -2 P 3:29
RECEIVED CLERK'S OFFICE
PANEL ON MULTIDISTRICT LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-214)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Darrell Dillon, et al. v. Kaiser Aluminum & Chemical Corp., et al.*, E.D. Louisiana, C.A. No. 2:02-1445

Jerald L. Album
Reich, Meeks & Treadway, L.L.C.
Two Lakeway Center, Suite 1000
3850 N. Causeway Blvd.
Metairie, LA 70002

Troy N. Bell
Aultman, Tyner, Ruffin
& Yarborough, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

C. W. Bradley
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Elwood F. Cahill, Jr.
Sher Garner Cahill Richter Klein
909 Poydras Street
28th Floor
New Orleans, LA 70112

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Stephen N. Elliott
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard L. Forman
Forman, Perry, Watkins, Krutz
& Tardy
P.O. Box 22608
Jackson, MS 39225

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Charles V. Giordano
Miranda, Warwick & Milazzo
2121 Airline Drive
Suite 601
Metairie, LA 70001

James R Guidry
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John M. Johnson
Galloway, Johnson, Tompkins, Burr
& Smith
One Shell Square, Suite 4040
701 Poydras Street
New Orleans, LA 70139

Robert E. Kerrigan, Jr.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Aimee Lonergan
New Orleans District Office
975 Pearl Street, Suite 600
Franklinton, LA 70438

Michael Mentz
Hailey, McNamara, Hall, Larmann
& Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

PANEL SERVICE LIST (Cont.) MDL-875                                    PAGE 2

Maria I. O'Byrne-Stephenson  
Stephenson, Matthews & Chavarri  
World Trade Center  
2 Canal Street, Suite 2305  
New Orleans, LA 70130  

Robert N. Spinelli  
Kelley, Jasons, McGuire & Spinelli  
Centre Square West  
15th Floor  
Philadelphia, PA 19102  

James L. Pate  
Laborde & Neuner  
One Petroleum Center  
1001 W. Pinhook Road, Suite 200  
P.O. Box 52828  
Lafayette, LA 70505  

Robert E. Swickle  
Jaques Admiralty Law Firm, P.C.  
1370 Penobscot Building  
Detroit, MI 48226  

David E. Redmann, Jr.  
Lemle & Kelleher, L.L.P.  
Pan American Life Center  
601 Poydras Street, 21st Floor  
New Orleans, LA 70130  

Andrew J. Trevelise  
Reed Smith LLP  
2500 One Liberty Place  
1650 Market Street  
Philadelphia, PA 19103  

John J. Repcheck  
Marks, O'Neill, O'Brien  
& Courtney  
3200 Gulf Tower  
707 Grant Street  
Pittsburgh, PA 15219  

Earl N. Vaughan  
8867 Highland Road  
Suite 392  
Baton Rouge, LA 70808  

James K. Weston, II  
Tom Riley Law Firm  
4040 First Avenue, N.E.  
P.O. Box 998  
Cedar Rapids, IA 52406  

Gary B. Roth  
Gainsburgh, Benjamin, David,  
Meunier & Warshauer  
2800 Energy Centre  
1100 Poydras Street  
Suite 2800  
New Orleans, LA 70163  

Forrest R. Wilkes  
Forman, Perry, Watkins & Krutz  
1515 Poydras Street  
Suite 1420  
New Orleans, MS 70112  

John D. Roven  
John Roven & Associates  
2190 North Loop West  
Suite 410  
Houston, TX 77018  

Richard D. Schuster  
Vorys, Sater, Seymour & Pease  
52 East Gay Street  
P.O. Box 1008  
Columbus, OH 43216  

Neil Selman  
Selman, Breitman & Burgess  
11766 Wilshire Boulevard  
Sixth Floor  
Los Angeles, CA 90025