MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Eugene Collins and Barbara Collins  v. Uniroyal, Inc., et al.,* D. South Carolina, C/A No. 2:02-1732

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER
AND BRIEF IN SUPPORT THEREOF**

Pursuant to Rule 12(d)  of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on June 12, 2002, transferring this action to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos related personal injury.  Plaintiffs aver as follows in support of this motion.

2.      The plaintiffs bring claims for asbestos-related injuries against a number of defendants including a South Carolina corporation previously engaged in the distribution of asbestos-containing products.

3.      The defendants contend that the U.S. District Court has jurisdiction over these cases pursuant to diversity jurisdiction (28 USC §1332).

4.      The plaintiffs have filed a Motion with the U.S. Court for the District of South Carolina to remand the action to State Court based upon the belief that the Motion for Removal is procedurally defective under 28 USC § 1446(a) and (b).

5.      The plaintiffs contend that the U.S. District Court for the District of South Carolina is best suited to decide the Motion to Remand and that, therefore, these cases should remain in South Carolina until such time as the Motion has been resolved.

IMAGED  JUL 1 1 '02

OFFICIAL FILE COPY

6.      The plaintiffs further submit the accompanying brief in support of this Motion.

THEREFORE, for the foregoing reasons, the plaintiffs respectfully move the Panel to vacate the

Conditional Transfer Order previously entered by the Clerk of the Panel on June 12, 2002.


Respectfully submitted,

NESS, MOTLEY, P. A.

By: _____
        V. Brian Bevon, Esquire
        Federal Court ID No. 6425
        28 Bridgeside Blvd.
        Post Office Box 1792
        Mt. Pleasant, SC 29465
        (843) 216-9000

ATTORNEYS FOR PLAINTIFF


July ____, 2002
Charleston, South Carolina

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER
PURSUANT TO RULE 10 OF THE RULES OF PROCEDURE
OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

*Eugene Collins and Barbara Collins v. Uniroyal, Inc., et al.,* D. South Carolina, C/A No. 2:02-1732

The plaintiff submits the instant brief in support of his Motion to Vacate the Conditional Transfer Order entered by the Clerk on the Panel on June 12, 2002. The Plaintiffs contend that removal is defective because the Defendants failed to comply with the procedural requirements of 28 USC §1446. In particular, not all of the Defendants filed pleadings consenting to the removal within the thirty (30) day period prescribed in 28 USC § 1446(b).

As the Panel is aware, asbestos personal injury actions in Federal Court are automatically transferred to the Eastern District of Pennsylvania, Judge Charles R. Weiner, for proceedings under the Rules of the Judicial Panel on Multidistrict Litigation. (MDL Docket-No.875).

In a previous case against Owens-Corning Fiberglas Corporation, one of the defendants to these actions, the Court held

> The purpose of the MDL Panels' referring of asbestos cases to Judge Weiner was not to make one Judge rule on the various difficult issues that might come up on different factual contexts. Rather, cases are supposed to be referred to Judge Weiner for determination of issues common to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one Court would impossibly overburden that Court and not serve the goal of efficiency that underlies the MDL Program.

Thus this Court refuses to defer on this motion to remand and elects to address the merits.

*Viala v. Owens-Corning Fiberglas Corp.*, 1994 WL 139287 (N.D. Cal.) at pp. 1-2.

Like *Viala*, the transferor court in South Carolina is in the best position to rule on the issue of whether the Defendants complied with the procedural requirements of 28 USC § 1446.

Respectfully submitted,

NESS, MOTLEY, P. A.

By: _V. B--B--_

V. Brian Bevon, Esquire
Federal Court ID No. 6425
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

ATTORNEYS FOR PLAINTIFF

July 8, 2002
Charleston, South Carolina

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

FILED
CLERK'S OFFICE

*Eugene Collins and Barbara Collins  v. Uniroyal, Inc., et al.,* D. South Carolina, C/A No. 2:02-1732

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was sent by Federal Express to Mr. Michael J. Beck, Clerk of the Panel, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington, DC 20002-8004 and mailed to all counsel of record as shown on the attached Panel Service List, this 8th day of July, 2002.

Polly McGillivray

RECEIVED
CLERK'S OFFICE
2002 JUL -9  A 10: 29

**PANEL SERVICE LIST (Excerpted from CTO-214)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Eugene Collins, et al. v. Uniroyal, Inc., et al.*, D. South Carolina, C.A. No. 2:02-1732

V. Brian Bevon
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

John J. Repcheck
Marks, O'Neill, O'Brien
& Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**ADDITIONS TO PANEL SERVICE LIST (Excerpted from CTO-214), DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**W. Thomas Causby, Esquire**
NELSON, MULLINS, RILEY & SCARBOROUGH
P.O. Box 11070
Columbia, SC 29211
*COUNSEL FOR DEFENDANTS, HONEYWELL INTERNATIONAL, INC.,
F/K/A ALLIED-SIGNAL, INC., F/K/A ALLIED CORPORATION,
FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION*

**Timothy W. Bouch, Esquire**
LEATH, BOUCH & CRAWFORD, LLP
P.O. Box 59
Charleston, SC 29402
*COUNSEL FOR DEFENDANT, THE ANCHOR PACKING COMPANY*

**James B. Pressly, Jr.,Esquire**
HAYNSWORTH SINKLER BOYD, P. A.
P.O. Box 2048
Greenville, SC 29602
*COUNSEL FOR DEFENDANT, DANA CORPORATION*

**James H. Elliott, Jr.,Esquire**
BARNWELL, WHALEY, PATTERSON & HELMS, LLC
P.O. Drawer H
Charleston, SC 29402
*COUNSEL FOR DEFENDANT, PNEUMO ABEX CORPORATION
F/K/A ABEX CORPORATION*

**Trudy Hartzog Robertson, Esquire**
MOORE & VAN ALLEN
P.O. Box 22828
Charleston, SC 29402
*COUNSEL FOR DEFENDANT, UNIROYAL, INC.*

**A. Timothy Jones, Esquire**
HAWKINS & PARNELL, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308-3243
*COUNSEL FOR DEFENDANT, DAIMLERCHRYSLER CORPORATION
F/K/A CHRYSLER MOTORS CORP.*

**Edward R. Paul, Esquire**
PAUL, MARDINLY, DURHAM, JAMES, SLANDREAU & ROGER
320 West Front Street
Media, PA 19063
*COUNSEL FOR DEFENDANT, LEAR SIEGLER, INC.*

Charleston, SC

Polly McGillivray