MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL DOCKET NO. 875

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (FILED IN LAM 3 02-368)

### originating from

### UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CATANIA, ET AL | CIVIL ACTION |
| | NUMBER  02-368 |
| VERSUS | SECTION   D |
| AcandS, INC., ET AL | MAGISTRATE 1 |

---

## OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER FILED ON BEHALF OF VIACOM, INC.

---

**May It Please this Court:**

Plaintiffs filed suit against numerous defendants contending that Barbara Catania

contracted mesothelioma from exposure to asbestos as a child. Unlike most asbestos cases,

1

IMAGED JUL 1 1 '02

OFFICIAL FILE COPY

plaintiffs do not contend that Mrs. Catania used any asbestos-containing products or was present at any work site where such products were used. Rather, plaintiffs claim that she was exposed to asbestos from the work clothes of her uncles who were union insulators. During discovery, Viacom, Inc., successor to CBS Corporation, formerly known as Westinghouse Electric Corporation ("Viacom"), learned that two of her uncles, Peter Giordano and Victor Reno, applied asbestos-containing insulation products at the DSM Copolymer plant. Because DSM was not a party to the suit, Viacom filed a third-party demand naming DSM as a third-party defendant and asserting a claim for tort contribution.

DSM removed the case to the United States District Court for the Middle District of Louisiana pursuant to 28 USC §1442 contending that at all relevant times it was under the direct supervision and control of federal officials. Plaintiffs filed a motion to remand to state court arguing 1) that Viacom's third-party demand was procedurally defective; 2) that no claim against DSM exists; 3) that DSM does not fall within the scope of 28 USC §1442; and 4) that the third-party demand should be severed and the remaining claims remanded to state court. These issues were briefed and argued before Magistrate Stephen Riedlinger of the United States District Court for the Middle District of Louisiana who issued a report on June 14, 2002, 15 days after the conditional transfer order, rejecting plaintiffs' arguments disputing the validity of the third party demand and Copolymer's right to remove. However, based on 28 USC §1367, Magistrate Riedlinger recommended that the third party demand be severed, and the remaining claims remanded to state court. With all respect due Magistrate Riedlinger, the discretion to decline supplemental jurisdiction provided by 28 USC §1367 is not applicable to the present case because, 1) the removal of a case pursuant to 28 USC §1442

2

creates its own unique form of ancillary jurisdiction distinct from the supplemental jurisdiction created by 28 USC §1367, 2) 28 USC §1367 is not applicable because the removal jurisdiction created by 28 USC §1442 is not part of the original jurisdiction of the federal district courts, and 3) there is no legal basis to sever the third party demand since it is not separate and distinct from the plaintiffs' cause of action.

Viacom anticipates that DSM will address issues concerning the propriety of the assertion of federal jurisdiction under 28 USC §1442, and Viacom adopts any arguments advanced by DSM. With regard to the remaining issues, there is no legal basis for severing the third-party demand to destroy or restrict the removal jurisdiction created by 28 USC §1442, and Magistrate Riedlinger's recommendations should be rejected.

## I.      Federal Jurisdiction Existed for the Issuance of the Conditional Transfer Order

Plaintiffs' initially suggest that the Conditional Transfer Order should be vacated because there is "no federal jurisdiction" based on Magistrate Riedlinger's recommendations. While Viacom disagrees with the Magistrate's erroneous conclusions that the third party demand should be severed and the remaining claims remanded for the reasons set forth below, plaintiffs' argument demonstrates a fundamental misunderstanding of his recommendations.

The basis for the Magistrate's recommendations was not the lack of federal jurisdiction. If that were the case, he would have been compelled to recommend a remand of the entire case for lack of federal jurisdiction. Rather the recommendations were based on

3

an erroneous determination that 28 USC §1367(c) allowed him to **decline** jurisdiction. As discussed below, application of 28 USC §1367(c) presupposes the existence of original federal jurisdiction. Moreover, the Federal Officer Removal Statute 28 USC §1442 creates its own unique forms of jurisdiction and ancillary jurisdiction. Therefore, federal jurisdiction existed at the time the Conditional Transfer Order was entered.

## II.     28 USC §1367 Is Not Applicable Because 28 USC §1442 Creates Its Own Unique Ancillary Jurisdiction

Magistrate Riedlinger's recommendations to sever the third party demand and remand the remainder of the case were based on the erroneous assumption that federal jurisdiction over the non-federal elements of the case existed by virtue of 28 USC §1367, and therefore, could be declined under the provisions of 28 USC §1367(c).  However, the supplemental jurisdiction provided by 28 USC §1367 is not applicable to cases removed pursuant to 28 USC §1442 which creates its own unique forms of federal jurisdiction and ancillary jurisdiction. Therefore, it was error for the Magistrate to rely on 28 USC §1367(c) as authority to decline federal jurisdiction in the present case.

More than any other species of federal jurisdiction, the federal officer removal jurisdiction currently codified in 28 USC §1442 protects the operation of the federal government by preventing the states from interfering with its officials. For this reason, federal officer removal has been given an expansive interpretation and the right of a federal official to remove has been deemed absolute. *Willingham v. Morgan*, 395 U.S. 402, 89 S. Ct. 1813, 29 L.Ed.2d 396 (1969).

4

In *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152 (5th Cir. 1982), the Fifth Circuit Court of Appeal extensively analyzed the nature of the jurisdiction and right of removal created by 28 USC §1442.  Several of the Court's holdings are controlling in the present case.  First, the Court held that 28 USC §1442 created an independent jurisdiction over claims involving federal officials that was different from other species of federal jurisdiction such as diversity and federal question jurisdiction.  Second, the Court held that 28 USC §1442 (a)(1) authorized removal of an entire case even though only one of its controversies involved a federal official creating its own unique form of ancillary jurisdiction over the non-federal elements of the case.  Third, the Court held that it did not matter whether the federal official was a direct defendant or a third-party defendant.  The jurisdictional basis and the federal official's absolute right to remove the entire case still existed.

Fourth, and most significant to the present issue, the Court considered the nature of the discretion possessed by the district courts to remand a case removed pursuant to 28 USC §1442.  Because §1442 creates a unique form of jurisdiction and ancillary jurisdiction, the Court held that the nature of the district court's discretion applicable to other types of jurisdiction was not authoritative in cases involving §1442.  After analyzing other ancillary jurisdiction situations, the Court held that §1442(a)(1) did confer some discretion to decline continued jurisdiction over the non-federal claims AFTER the federal official "dropped out of the case."[1]

---

[1]     In accord, see *Hubbard v. Blue Cross & Blue Shield Association*, 42 F.32 342 (5th Cir. 1995), *Giles v. N.Y.I. Health care Plans, Inc.*, 172 F.2d 332 (5th Cir. 1999) and *Goodman v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000).

The nature of the ancillary jurisdiction created by 28 USC §1442 was subsequently analyzed by the Eleventh Circuit Court of Appeal in *Williams v. City of Atlanta*, 794 F.2d 624 (11th Cir. 1986). Citing *IMFC*, the Court held that 28 USC §1442 created a "special ancillary jurisdiction" authorizing the district court to take the entire case even if it would not otherwise have jurisdiction over the other claims. It then described the discretion to decline this ancillary jurisdiction:

> If the federal defendants are dismissed, the district court has residual ancillary jurisdiction over the state law claims against the nonfederal defendant. The district court may in its discretion, decline to exercise this jurisdiction. *Id* at page 628.

Similarly, commentators recognize the unique nature of the ancillary jurisdiction associated with federal officer removal. Wright and Miller set for the general perspective on this jurisdiction:

> Since Section 1442(a)(1) authorizes removal of the entire case, even though only one of its controversies might involve a federal officer or agency, the section creates a species of statutorily mandated ancillary subject matter jurisdiction over the claims outside its ambit. Also, the district court can exercise its discretion and decline jurisdiction over the ancillary claims once the federal agency has dropped out of the case. Whether such ancillary claims must be remanded if the federal officer's "anchor" claim is dismissed or settled, depends on considerations of comity, federalism, judicial economy , and fairness to litigants. Wright & Miller, *Federal Practice & Procedure, 3rd*, §3727.

Finally, the District Court for the Middle District of Louisiana has previously accepted this interpretation. Citing *IMFC*, the Court stated regarding its discretion to decline jurisdiction and remand under 28 USC §1442,:

---

> [that] this court has the discretion to decline jurisdiction over the ancillary claims once the federal agency has been dismissed from the case, provided that the discretion is based on clearly articulated authority. *Ewell v. PetroProcessors of Louisiana, Inc.*, 655 F.Supp. 933 at 987 (M.D.La. 1987).

The Federal Officer Removal Statute 28 USC §1442, creates its own unique and independent subject matter jurisdiction, ancillary jurisdiction and discretion to decline jurisdiction. The supplemental jurisdiction and discretion to decline it created by 28 USC §1367 is inapplicable to cases removed pursuant to 28 USC §1442. Because public policies associated with federal supremacy mandate a broad interpretation of federal officer removal jurisdiction, the discretion to decline ancillary jurisdiction based on comity, judicial efficiency, and other considerations arises only AFTER the claims against the federal officer have been resolved by dismissal or settlement. The Magistrate's recommendations are legally erroneous in suggesting that such considerations warrant remand of the non-federal claims while the federal officer remains in the case. As long as the claims against the federal officer have not been dismissed or settled, the district court possesses no discretion to decline ancillary jurisdiction under 28 USC §1442.

## III.   28 USC §1367 Is Not Applicable Because 28 USC §1442 Is Not Part of the Original Jurisdiction of the Federal District Courts

Rather than apply the straightforward holdings in *IMFC* and *Ewall*, the Magistrate relied on 28 USC §1367 as the basis for his recommendations to sever and remand. However, he failed to recognize that by its own terms 28 USC §1367 is not applicable to cases removed pursuant to 28 USC §1442.

7

The supplemental jurisdiction and discretion to decline it provided by 28 USC §1367 are explicitly limited to those cases falling within the *original jurisdiction* of the federal district courts. The removal jurisdiction provided by 28 USC §1442 is not part of the district courts' original jurisdiction, and 28 USC §1367 is not applicable.

The supplemental jurisdiction created by 28 USC §1367 is specifically limited to civil actions ". . . of which the district courts have original jurisdiction . . . ."[2] The original jurisdiction of the federal district courts is set forth in 28 USC §1330 through §1368. *Martin v. Wyzanski*, 262 F.Supp. 925 (Mass. 1967) "Original jurisdiction" within the meaning of 28 USC §1367, refers to a petition that could have been validly filed in a federal district court without regard to parties subsequently joined. *ZB Holdings, Inc. v. White*, 144 F.R.D. 42 (S.D.N.Y. 1992). The present case is not within the original jurisdiction of the federal district courts. As originally filed, the petition stated only state law causes of action against a group of defendants that lacked complete diversity. The case became removable only when DSM, a federal officer, was added as a third party defendant.

While 28 USC §1442 grants a federal officer an absolute right to remove, it does not confer or enlarge the original jurisdiction of the district courts. *ZB Holdings*, supra. In fact, 28 USC §1442 was intended to provide federal officers a right to remove in cases that would otherwise not be removable because they do not fall within the original jurisdiction of the court. *American Policyholders Insurance Company v. Nyacol Products, Inc.*, 989 F.2d 1256 (1st Cir. 1993). The federal officer removal statue does not arise from the original jurisdiction of

---

[2]    28 USC §1367(a) and (b).

the district courts; rather, it is an incident of federal supremacy. *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996). 28 USC §1442 confers on a federal officer an independent right to remove that is not predicated on the original jurisdiction of the court. *Special Prosecutor of the State of New York v. United States Attorney for the Southern District of New York*, 373 F.Supp 797 (S.D.N.Y. 1974).     Moreover, as discussed previously, 28 USC §1442 confers its own unique and expansive form of ancillary jurisdiction. There is no need to rely on the supplemental jurisdiction provided by 28 USC §1367, and no basis to apply its limitations.

The supplemental jurisdiction and the discretion to decline it created by 28 USC §1367 are limited to cases falling within the original jurisdiction of the federal district courts. The present case is not within the original jurisdiction of this Court. The petition as originally filed disclosed no basis for federal jurisdiction. It was removed by a federal officer pursuant to 28 USC §1442 which confers its own unique form of removal jurisdiction but does not enlarge this Court's original jurisdiction. For this reason, 28 USC §1367(c) does not confer authority to decline jurisdiction in the present case.

## IV.   There Is No Legal Basis to Sever the Third Party Demand

The Magistrate's recommendations assume that the district court possesses authority to sever the non-federal claims in the present case. While such discretion is described for cases removed pursuant to the general removal statute, 28 USC §1441, there is no description of similar discretion for cases falling within the federal officer removal jurisdiction. Moreover, such discretion would be inconsistent with the expansive nature of this jurisdiction.

9

Based on the authorities cited previously, the district court lacks discretion to sever and remand because the federal officer is entitled to have the entire case presented to a federal court. The district court only has discretion to remand the non-federal claims after the claims against the federal officer have been dismissed or settled. It does not possess discretion to artificially separate the federal officer from the remainder of the case for the purpose of remanding the latter.

Even assuming that in cases arising under 28 USC §1442 the district court possesses discretion to sever incidental claims consistent with its discretion under 28 USC §1441, the Magistrate erred in recommending that the third party demand could be properly severed. The third party demand against DSM is a claim for tort contribution or indemnification. It inherently arises out of the same core facts and law as the non-federal claims, and is not separate and independent from them. For this reason, the district court lacks discretion to sever the third party demand.

In *Anderson v. Red River Waterway Commission*, 231 F.3d 211 (5th Cir. 2000), plaintiffs filed suit against the State of Louisiana which filed a third-party demand against the U.S. Corps of Engineers. After the case was removed by the Corps as a federal officer, plaintiffs requested that the district court sever the third-party demand and remand the state claims. The Fifth Circuit reviewed the district court's refusal to do so on appeal.

The Court held that where a district court has taken multiple claims under removal jurisdiction, it could sever and remand *separate and independent* claims in which state law predominates. However, the Court found that the State of Louisiana's third-party demand

10

against the Corps was a claim for tort contribution and not premised on a separate and independent obligation. Under these circumstances, the third-party demand did not constitute a separate and independent claim, and ". . . the district court correctly concluded that it was without discretion to sever and remand . . . ." *Id.* at pages 214 and 215.

Similarly, in *In re Wilson Industries, Inc.*, 886 F.2d 93 (5th Cir. 1989), the Court held that a claim for tort indemnification under Louisiana law was not a separate and independent claim from the principle demand.

Plaintiffs' and the Magistrate's sole support for the requested severance and remand is the opinion of Judge Livaudais in *Crocker v. Borden, Inc.*, 852 F.Supp.1322 (E.D. La. 1994). In that case, Judge Livaudais relied on the factors set forth in 28 USC §1367 to determine whether to sever a third-party demand for tort contribution against a party claiming federal official status and to remand the remaining claims to state court. With all due respect to Judge Livaudais, he confused the two separate issues of severing the third-party demand and declining supplemental jurisdiction, failed to consider the Fifth Circuit's controlling holdings in *IMFC*, and other applicable law regarding the nature of federal officer removal jurisdiction, and failed to recognize that 28 USC §1367 does not apply when jurisdiction is predicated on 28 USC §1442.. Moreover, it appears that his decision was driven by his pre-determination that the plaintiffs involved had no claims against the federal officer. Had Judge Livaudais correctly applied the holdings of *IMFC*, he would have realized that as long as the federal official remained in the case, the court was not exercising the supplemental jurisdiction

11

provided by 28 USC §1367. Like the Magistrate herein[3], he erred in using the factors set forth in 28 USC §1367 for declining supplemental jurisdiction to sever the third-party demand and remand the remainder of the case. As held by the Fifth Circuit in *Anderson,* this is the wrong test for determining whether a third-party demand can be severed, and Judge Livaudias' severance of a third-party demand for tort contribution conflicts with *Anderson* and cannot be considered as valid authority for severing Viacom's third-party demand herein.

It appears that the Magistrate believed that 28 USC §1367 provided the authority to sever the third party demand for the purpose of remanding the non-federal claims. However, no provision in 28 USC §1367 confers authority to sever incidental demands, and the Magistrate's reverse logic ignores the holding of the Fifth Circuit in *IMFC*, supra, that discretion to remand a case before the district court pursuant to 28 USC §1442 does not arise as long as the federal officer has not been dismissed from the case, and its holding in *Anderson* that there was no discretion to sever a third party demand for tort contribution against a federal officer for the purpose of remanding the non-federal claims. Under *Anderson*, Viacom's third-party demand is not a separate and independent claim, and there exists no discretion to sever it. Under *IMFC*, 28 USC §1442 grants jurisdiction over the entire case, and unless the federal officer is removed from the case by dismissal or settlement, the district court does not possess discretion to remand the non-federal claims.

---

[3]     The Magistrate's reliance on *Crocker* is particularly puzzling. During oral arguments, the Magistrate stated that he could not recommend that *Crocker* was good law supporting severance of the third party demand.

## V.    Viacom's Third-party Demand Was Procedurally Proper

Plaintiffs argue that Viacom's third-party demand was procedurally defective because it was filed untimely and without prior leave of court. Both of these arguments were rejected by Magistrate Riedlinger.

Plaintiffs' arguments are based on a Case Management Order imposed by Judge Michael Bagneris of the Civil District Court for the Parish of Orleans. Shortly after the suit was filed, plaintiffs filed a motion for an expedited trial on the grounds that Mrs. Catania would not live for more than six months. Judge Bagneris granted the request on January 8, 2002, and assigned the case for trial on June 10, 2002. At the same hearing, Judge Bagneris imposed his standard Scheduling Order that contained a January 28, 2002, deadline for filing and serving third-party demands. However, the scheduling order also provided that defendants whose exceptions were denied were required to file their answers by March 8, 2002.

Viacom's exceptions were denied by Judge Bagneris on February 28, 2002, and it filed its answer incorporating the third-party demand against Copolymer on March 8, 2002. Under Louisiana Code of Civil Procedure article 1032, a third-party demand may be incorporated into a defendant's answer. Moreover, when filed with or before the answer, NO LEAVE OF COURT is required.  La. Code Civ. Pro. Art. 1033.  Thus, under Louisiana statutory law, Viacom had the absolute right to incorporate a third-party demand in its answer.

Plaintiffs' argument that Viacom's third-party demand was untimely under the provisions of the scheduling order ignores the fact that Judge Bagneris did not possess the authority to abrogate rights granted to Viacom by the Louisiana legislature. This issue was specifically addressed in *Krueger v. Tabor*, 546 So.2d 1317 (La.App. 3 Cir. 1989) in which

the court held that a third-party demand incorporated in an answer could not be dismissed as untimely. Moreover, the Louisiana Supreme Court has recognized that local rules regulating legal proceedings that conflict with legislative enactments are null and void. *Rodrigue v. Rodrigue*, 591 So.2d 1171 (La. 1992). Accordingly, to the extent that Judge Bagneris' scheduling order conflicts with provisions of the Louisiana Code of Civil Procedure, it is unenforceable and without legal effect. Thus, Viacom's third-party demand was timely filed of right without leave of court pursuant to specific provisions of the Louisiana Code of Civil Procedure and it cannot be dismissed on the basis of the conflicting provisions of Judge Bagneris' scheduling order.

Plaintiffs also appear to contend that Viacom unduly delayed filing its third-party demand. While this does not constitute a legitimate reason for dismissing a third-party demand filed in compliance with the provisions of the Code of Civil Procedure, Viacom will address some of plaintiffs' erroneous assertions. After the January 8, 2002, hearing, discovery proceeded on an expedited basis; however, it was not until February 6, 2002, that Victor Reno testified by deposition in the present case that he and Peter Giordano had handled and applied various forms of asbestos-containing insulation and refractory materials at the Copolymer facility. While a prior deposition of Victor Reno from his own asbestos suit was made available to all parties on January 14, 2002, this deposition did not provide any information concerning Mrs. Catania's exposure to Reno's work clothes. This information was not obtained until after the depositions of Victor Reno and Barbara Catania.

## VI.   Viacom's Third-party Demand Was Filed In the Proper Court

Plaintiffs next argue that the Civil District Court for the Parish of Orleans did not have

jurisdiction over the case at the time Viacom filed its third-party demand because Judge Bagneris had already granted a motion to transfer venue on March 4, 2002. This argument ignores that both factually and legally a transfer of venue is not a self-operative event occurring at the moment of the judge's ruling.

Factually, the pleadings, orders of the court, correspondence and any evidentiary record must be collected, organized and physically transferred to the receiving court. Legally, Louisiana Revised Statute 13:3273[4] provides that all court costs must be paid before a case is transferred, and a failure to pay costs will result in an order vacating the transfer. La.R.S. 13:3274.[5] At the time Viacom filed its third-party demand on March 8, 2002, none of material relating to the suit had been collected and shipped to the 19th Judicial District Court for the parish of East Baton Rouge. Physically, the case was still located in Orleans Parish. More importantly, on March 8, 2002, none of the court costs had been paid.[6] Specifically, the letter from the Clerk of Court provides that "[u]pon receipt of your payment this record will be transferred."[7] Under Louisiana law, the case could not have been transferred at that time.

On March 8, 2002, the Civil District Court for the Parish of Orleans was the proper court for Viacom to file its third-party demand. No transfer had occurred either physically or legally as exemplified by the fact that the third-party demand became part of the pleadings file and was transferred to East Baton Rouge parish with the rest of the record.

---

[4]    See copy of Louisiana Revised Statute 13:3273 attached hereto.

[5]    See copy of Louisiana Revised Statute 13:3274 attached hereto.

[6]    See receipt from Civil District Court evidencing the payment of fees to transfer on March 20, 2002.

[7]    See letter dated March 8, 2002, from the Clerk of Court for the Parish of Orleans.

## VII.    Conclusion

Plaintiffs' opposition to the Conditional Transfer Order is based on their arguments that Viacom's third party demand was defective, that federal jurisdiction is lacking and that the district court should decline to exercise jurisdiction over the non-federal elements of the case. However, the Panel is certainly competent to deal with such issues, and plaintiffs have failed to describe any compelling reason why these issues preclude transfer.

Moreover, plaintiffs' arguments and the recommendations of the Magistrate are legally erroneous.  They are based on a fundamental failure to recognize that the jurisdiction and ancillary jurisdiction provided by 28 USC §1442 are unique and not governed by rules and considerations applicable to other forms of federal jurisdiction.  28 USC §1442 grants a federal officer the absolute right to remove an entire case for the purpose of presenting it to a federal tribunal. The district courts do not possess discretion to manipulate the claims within the case to defeat that absolute right.

For the foregoing reasons, the case was properly removed to federal court and is now properly transferred to the Panel. Plaintiffs' motion to vacate the Conditional Transfer Order should be denied.

**By Attorneys for Viacom, Inc.**
**JONES, WALKER, WAECHTER, POITEVENT,**
**CARRÉRE & DENÉGRE, L.L.P.**
LEON GARY, JR. (Bar Roll No. 5959)
WILLIAM L. SCHUETTE, JR. (Bar Roll No. 2098)
OLIVIA S. TOMLINSON (Bar Roll No. 27114)
Four United Plaza, Fifth Floor
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
Telephone (225) 248-2000
Facsimile (225) 248-3051

William L. Schuette

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**PROOF OF SERVICE**

JUL 1 0 2002

FILED
CLERK'S OFFICE

I certify that a copy of the foregoing pleading has been served upon all represented

parties by mailing a copy to their counsel of record at their last known address as listed below.

No unrepresented parties are involved in this matter. This __5__ day of July, 2002.

William L. Schuette

Gerolyn P. Roussel
ROUSSEL & ROUSSEL
1710 Cannes Drive
LaPlace, LA 70068
1-985-651-6591
Counsel for Plaintiffs, Barbara Catania and Michael Catania

Leon Gary, Jr.
William L. Schuette
Olivia S. Tomlinson
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
8555 United Plaza Boulevard
Four United Plaza, Fifth Floor
Baton Rouge, Louisiana 70809-7000
12-225-248-2000
Counsel for Viacom, Inc., successor in interest to CBS Corporation formerly known as
Westinghouse Electric Corporation

Gregory M. Anding
KEAN, MILLER, HAWTHORNE D"ARMOND, McCOWAN & JARMAN
One American Place, 22ND Floor
P. O. Box 3513
Baton Rouge, LA 70821
1-225-687-9845
Counsel for EXXON MobilCorporation

David A. Barfield
Kay Barnes Baxter
BARFIELD & ASSOCIATES
400 Poydras Street, Suite 1460
New Orleans, LA 70130
1-504-568-1562
Counsel for AcandS, Inc.



Troy N. Bell
AULTMAN, TYNER McNEESE RUFFIN & LAIRD
The Texaco Center
400 Poydras Street, Suite 1900
New Orleans, LA 70130
1-504-528-9616
Counsel for Garlock, Inc.

David M. Bienview, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS
451 Florida
Bank One Centre, 8th Floor
Baton Rouge, LA 70801
1-225-387-3221
Counsel for The Dow Chemical Company

Cory Cahn
SLATER LAW FIRM
650 Poydras Street, Suite 2600
New Orleans, LA 70130
1-504-523-7333
Counsel for General Electric Company

Larry G. Canada
GALLOWAY, JOHNSON, TOMPKINS & BURR
One Shell Square, Suite 4040
New Orleans, LA 70139
1-504-525-6802
Counsel for Combustion

Ashley Carter
John Childers
LYNN LUKER & ASSOCIATES
616 Girod Street, Suite 200
New Orleans, LA 70130
1-504-525-5000
Counsel for Foster Wheeler, L.L.C.

Lawrence G. Pugh, III
Edward McGowan
Tonya S. Johnson
MONTGOMERY, BARNETT, BROWN, READ,
 HAMMOND & MINTZ
3200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
1-504-585-3200
Counsel for Eagle, Inc.

Robert A. Knight
BERNARD, CASSISA, ELLIOT & DAVIS
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70055
1-504-834-2612
Counsel for Reilly-Benton Company, Inc.

Susan B. Kohn
SIMON, PERAGINE, SMITH & REDFEARN
1100 Poydras Street, 30th Floor
Energy Center
New Orleans, LA 70163
1-504-569-2030
Counsel for McCarty Corporation

Julie D. Robles
C. Kelly Lightfoot
Valerie Schexnayder
Serena C. Vaughan
HAILEY, McNAMARA, HALL, MARMANN AND PAPALE
One Garreria Boulevard
Suite 1400
P. O. Box 8288
Metairie, LA 70011
1-504-836-6500
Counsel for The Flintkote Company, Anco Insulations, Inc. and Taylor-Seidenbach, Inc.

James F. d'Entremont
Kevin J. Webb
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
1-504-581-5141
Counsel for AM Chem Products or Benjamin Foster, a Division of AM Chem and Babcock Borsig Power, Inc. f/k/a, D B Reilly, Inc.

David E. Redmann
Lemle & Kelleher
21st Floor
601 Poydras Street
New Orleans, LA 70130-6097
1-504-586-1241
Counsel for Kaiser Aluminum Company, Monsanto Company

W. Scott Brown
FOREMAN, PERRY, WATKINS, KRUTZ & TARDY
1515 Poydras Street, Suite 1420
New Orleans, LA 70112
1-504-799-4383
Counsel for Uni-Royal, Inc. and Owens Illinois, Inc.

§3273. Fees due clerk of court to which action is transferred

The party requesting the transfer shall pay to the clerk of the court to which the action is transferred all of the fees to which this clerk would have been entitled had the action been instituted initially, and all of the proceedings had, in such court.

Amended by Acts 1960, No. 32,§ 1, eff. Jan. 1, 1961.

§3274. Transfer vacated if party requesting fails to pay clerks' fees timely

If the party requesting the transfer fails to pay all of the fees due the clerks, as provided in R.S. 13:3272 and R.S. 13:3273, within ten days of the receipt of the written notice of the amount due, or written notice of the mailing of the certified copies, as the case may be, the transferring court, on motion of the adverse party or on its own motion, shall vacate its order transferring the action, and shall further:

(1) Dismiss the action without prejudice, if the transfer had been ordered under Article 121 or 932 of the Code of Civil Procedure; or

(2) Proceed with the action as if no request for its transfer had been made, if the transfer had been ordered under Article 122 of the Code of Civil Procedure.

Amended by Acts 1960, No. 32,§ 1, eff. Jan. 1, 1961.

RICHARD J. GANUCHEAU
YADA T. MAGEE
ROBIN M. GIARRUSSO
MICHAEL G. BAGNERIS
CAROLYN W. GILL-JEFFERSON
ETHEL S. JULIEN
NADINE M. RAMSEY
ROLAND L. BELSOME
LLOYD J. MEDLEY, JR.
ROSEMARY LEDET
C. HUNTER KING
PIPER D. GRIFFIN
KERN A. REESE
MADELEINE M. LANDRIEU

JUDGES

DALE N. ATKINS
CLERK OF COURT

# Civil District Court

### For the Parish of Orleans
### 402 Civil Courts Building
### 421 Loyola Ave.
### New Orleans, La. 70112

March 8, 2002

William L. Schuette, Jr.
**Attorney at Law**
8555 United Plaza Boulevard
Baton Rouge, LA 70809

      **RE:**  **BARBARA CATANIA AND MICHAEL CATANIA VS ACANDS, INC., ET
AL, CDC NO.: 2001-18122; TRANSFER FEE**

Dear Madame/Sir:

Please be advised that the above referenced case was ordered transferred to 19th Judicial District
Court, Parish of East Baton Rouge. The order was rendered March 4, 2001, by the Honorable
Michael Bagneris.

In order to complete the transfer process, all transfer fees must be paid. A certified copy will be
made at a charge of $1.50 per page, in addition to certified postage.

| | |
|---|---|
| **NUMBER OF PAGES** | **1379** |
| Certified copying | $2,068.50 |
| Certified postage | 49.90 |
| **TOTAL FEE DUE** | **$2,118.40** |

Upon receipt of your payment this record will be transferred. If I can be of further assistance,
please do not hesitate to contact me.

With kindest regards, I remain

Sincerely,

Gwendolyn Cameron-Allen
Records Supervisor

026636

**HAILEY, McNAMARA, HALL, LARMANN & PAPALE, LLP**
EXPENSE ACCOUNT

CLERK OF COURT                03/15/2002          $2,118.40
Inv.Date Inv.No.   File #     Invoice Description  Amount Paid

03-15-02 26636    1750-054874  CDC Transfer fee -- CATANIA,  2,118.40
                               BARBARA

                                                                26636         $2,118.40

CIVIL DISTRICT COURT
402 CIVIL COURTS BUILDING
421 LOYOLA AVENUE
NEW ORLEANS, LA 70112
504-592-9100

Reg. #1      Receipt # 145824
Cash In Chkr 2   03/20/02 at 11:51
Case #:      Cashier # 2

35    COPIES
  1 @ $ 2,118.40   $ 2,118.40
                   -----------
         Total Due $  2,118.40

      Check Amount $  2,118.40
                   -----------
       Change Due $     0.00
****** DUPLICATE RECEIPT ******

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

originating from

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CATANIA, ET AL | CIVIL ACTION |
| | NUMBER  02-368 |
| VERSUS | SECTION  D |
| AcandS, INC., ET AL | MAGISTRATE 1 |

NOTICE OF JOINDER PURSUANT TO MDL RULE 7.2(c) AND (g)

**NOW INTO COURT**, through undersigned counsel, comes Viacom, Inc. and

respectfully avers that presently pending before this Honorable Court is a Conditional Transfer

Order, along with the Report and Recommendations of the Honorable Stephen Riedlinger,

United States Magistrate for the Middle District of Louisiana pertaining to a Motion to Remand. Plaintiff herein, Barbara Catania, has opposed the Conditional Transfer Order and moved to remand.  Further, plaintiff, Barbara Catania, has partially opposed the Magistrate's Report and Recommendations.   In addition thereto, various defendants and third party defendants have filed Oppositions to the Motion to Remand, as well as the Magistrate's Report and Recommendations.

Pursuant to MDL Rule 7.2(c) and (g), Viacom, Inc. notifies this Honorable Court that it takes the following positions with regard to the pending Motions:

1. This matter was properly removed to Federal Court.

2. This matter should be transferred to the Judicial Panel on Multidistrict Litigation.

3. This matter should not be remanded to state court in whole or in part.

4. That plaintiffs' Motion to Vacate the Conditional Transfer Order should be denied for the reasons set forth in the opposition memoranda filed by Viacom, Inc. and other defendants.

5. That plaintiffs' Motion to Remand should be denied for the reasons set forth in the opposition memoranda filed by Viacom, Inc. and other defendants.

Viacom, Inc. hereby adopts and joins in the positions as set forth by DSM Copolymer, Inc., ExxonMobil Corporation, Dow Chemical Company and ANCO Insulations, Inc., and opposes those Motions and disputes the positions as set forth by plaintiffs, Barbara and Michael Catania for the reasons as set forth by the referenced parties.

**By Attorneys for Viacom, Inc.**
**JONES, WALKER, WAECHTER, POITEVENT,**
**CARRÉRE & DENÉGRE, L.L.P.**

LEON GARY, JR. (Bar Roll No. 5959)
WILLIAM L. SCHUETTE, JR. (Bar Roll No. 2098)
OLIVIA S. TOMLINSON (Bar Roll No. 27114)
Four United Plaza, Fifth Floor
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809-7000
Telephone (225) 248-2000
Facsimile (225) 248-3051

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 0 2002

William L. Schuette

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all represented

parties by mailing a copy to their counsel of record at their last known address as listed below.

No unrepresented parties are involved in this matter.  This _5_ day of July, 2002.

William L. Schuette

Gerolyn P. Roussel
ROUSSEL & ROUSSEL
1710 Cannes Drive
LaPlace, LA 70068
1-985-651-6591
Counsel for Plaintiffs, Barbara Catania and Michael Catania

Leon Gary, Jr.
William L. Schuette
Olivia S. Tomlinson
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
8555 United Plaza Boulevard
Four United Plaza, Fifth Floor
Baton Rouge, Louisiana 70809-7000
12-225-248-2000
Counsel for Viacom, Inc., successor in interest  to CBS Corporation formerly known as
Westinghouse Electric Corporation

Gregory M. Anding
KEAN, MILLER, HAWTHORNE D"ARMOND, McCOWAN & JARMAN
One American Place, 22ND Floor
P. O. Box 3513
Baton Rouge, LA 70821
1-225-687-9845
Counsel for EXXON MobilCorporation

David A. Barfield
Kay Barnes Baxter
BARFIELD & ASSOCIATES
400 Poydras Street, Suite 1460
New Orleans, LA 70130
1-504-568-1562
Counsel for AcandS, Inc.

Troy N. Bell
AULTMAN, TYNER McNEESE RUFFIN & LAIRD
The Texaco Center
400 Poydras Street, Suite 1900
New Orleans, LA 70130
1-504-528-9616
Counsel for Garlock, Inc.

David M. Bienview, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS
451 Florida
Bank One Centre, 8th Floor
Baton Rouge, LA 70801
1-225-387-3221
Counsel for The Dow Chemical Company

Cory Cahn
SLATER LAW FIRM
650 Poydras Street, Suite 2600
New Orleans, LA 70130
1-504-523-7333
Counsel for General Electric Company

Larry G. Canada
GALLOWAY, JOHNSON, TOMPKINS & BURR
One Shell Square, Suite 4040
New Orleans, LA 70139
1-504-525-6802
Counsel for Combustion

Ashley Carter
John Childers
LYNN LUKER & ASSOCIATES
616 Girod Street, Suite 200
New Orleans, LA 70130
1-504-525-5000
Counsel for Foster Wheeler, L.L.C.

Lawrence G. Pugh, III
Edward McGowan
Tonya S. Johnson
MONTGOMERY, BARNETT, BROWN, READ,
 HAMMOND & MINTZ
3200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163
1-504-585-3200
Counsel for Eagle, Inc.

Robert A. Knight
BERNARD, CASSISA, ELLIOT & DAVIS
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70055
1-504-834-2612
Counsel for Reilly-Benton Company, Inc.

Susan B. Kohn
SIMON, PERAGINE, SMITH & REDFEARN
1100 Poydras Street, 30th Floor
Energy Center
New Orleans, LA 70163
1-504-569-2030
Counsel for McCarty Corporation

Julie D. Robles
C. Kelly Lightfoot
Valerie Schexnayder
Serena C. Vaughan
HAILEY, McNAMARA, HALL, MARMANN AND PAPALE
One Garreria Boulevard, Suite 1400
P. O. Box 8288
Metairie, LA 70011
1-504-836-6500
Counsel for The Flintkote Company, Anco Insulations, Inc. and Taylor-Seidenbach, Inc.

James F. d'Entremont
Kevin J. Webb
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
1-504-581-5141
Counsel for AM Chem Products or Benjamin Foster, a Division of AM Chem and Babcock
Borsig Power, Inc. f/k/a, D B Reilly, Inc.

David E. Redmann
Lemle & Kelleher
21st Floor
601 Poydras Street
New Orleans, LA 70130-6097
1-504-586-1241
Counsel for Kaiser Aluminum Company, Monsanto Company

W. Scott Brown
FOREMAN, PERRY, WATKINS, KRUTZ & TARDY
1515 Poydras Street, Suite 1420
New Orleans, LA 70112
1-504-799-4383
Counsel for Uni-Royal, Inc. and Owens Illinois, Inc.