JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

875

JUL 11 2002

DOCKET NO. 875

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

ORIGINATING FROM

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA DISTRICT OF LOUISIANA

| BARBARA CATANIA, ET AL. | : CIVIL ACTION FILE NO. 02-0368-D-M1 |
|---|---|
| VERSUS | : |
| ACANDS, INC., ET AL | : |

**OPPOSITION OF THE DOW CHEMICAL COMPANY
TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER
AND NOTICE OF JOINDER**

The Dow Chemical Company ("**Dow**"), defendant herein, opposes plaintiffs' motion to vacate the panel's conditional transfer order for the following reasons:

• Plaintiffs in this case have brought a claim for personal injury related to Barbara Catania's alleged contraction of malignant mesothelioma. In the suit, plaintiff contends that her contraction of mesothelioma is the result of her household exposure to asbestos attributable to various asbestos containing products. The suit makes both product liability and premises liability allegations against various defendants, all of which are linked by plaintiffs' allegations of asbestos exposure.

• The transfer of the action is appropriate for reasons expressed by the Panel in its original decision directing centralization of all pending federal court actions

IMAGED JUL 12 '02
12 '02   OFFICIAL FILE COPY

involving allegations of personal injury caused by asbestos or asbestos containing products. See, ***In re Asbestos Products Liability Litigation (No VI)***, 771 F.Supp. 415 (Jud. Pan. Mult. Lit. 1991). Plaintiffs make no showing that this suit does not involve common questions of fact with actions previously transferred to the Eastern District of Pennsylvania, which precipitated the conditional transfer of this action.

- Plaintiffs' objection to the conditional transfer order is solely based on their contention that the case was improvidently removed from state court. A standing objection to removal and jurisdiction does not defeat a transfer. This Panel ruled originally in its decision and has reaffirmed the principle that the pendency of matters before the transferor court and the uniqueness of plaintiffs status are not sufficient reasons to prevent a transfer of an asbestos related suit to the Eastern District of Pennsylvania. ***In Re Asbestos Products Liability Litigation***, 170 F.Supp.2d 1348 (Jud. Panel. Mult. Lit. 2001)

- Plaintiffs' motion to remand has been pending since April of 2002, and the pendency of the motion should have no bearing on the direction taken by this Panel regarding transfer. As this Panel has noted within the past year, "those courts wishing to address such (remand) motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferree judge need not rule on them, and the process of 1407 transfer in MDL-875 continue without any unnecessary interruption or delay." 170 F.Supp.

at 1349.

- The transferor court located in the Middle District of Louisiana, through a report and recommendation of the magistrate judge, has found that jurisdiction exists over the removed action pursuant to the federal officer removal statute contained in 42 U.S.C. 1442(a)(1).

- Dow joins and adopts the argument of DSM Coplymer that demonstrate that DSM Copolymer has standing to remove this action under Section 1442(a)(1). DSM Copolymer's opposition to the motion to vacate addresses arguments enumerated (3) through (11) presented by plaintiffs in their motion to vacate.

- For reasons demonstrated herein, removal of a "civil action" under Section 1441(a)(1) removes the entire action and the district court has no discretion to sever and remand any portion of the removed "civil action".

(1) Plaintiffs' request for a severance and partial remand is not reconcilable with governing precedent from the Fifth Circuit Court of Appeals. In the Fifth Circuit, it is well settled that the filing of a third-party action or cross-claim that is subject to federal jurisdiction makes the entire action removable to federal court. *See, e.g., State of Tex. v. Walker,* 142 F.3d 813, 816 (5th Cir. 1998) (third party indemnity defendant may remove case); *Delgado v. Shell Oil Co.,* 231 F.3d 165 (impleaded third party defendant may remove case) (5th Cir. 2000); *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1066 (5th Cir. 1992) (third party indemnity defendant may remove case); *Nolan v.*

***Boeing Co.***, 919 F.2d 1058, 1065 (5th Cir. 1990) (basing removal of action on third-party claim). **See also *Acme Brick Co. v. Agrupacion Exportadora de Maquinaria Ceramica***, 855 F. Supp. 163 (N.D. Tex. 1994) (removal can be based on cross-claims).

(2) For example, in ***Delgado***, plaintiffs brought six cases in Texas state court alleging that they were exposed to certain toxic chemicals while working on banana farms in foreign countries. 231 F.3d at 169. In order to remove the cases to federal court, one defendant in each of the six cases filed a third-party petition impleading an Israeli company. *Id.* The other defendants filed cross-claims against the company as well. *Id.* The Fifth Circuit concluded that removal was proper under these circumstances (even though the third party in that case then entered into an agreement with the third party defendants assuming most of the financial responsibility in the event of a verdict against them). According to the court, unless defendants "manufactured" their claims or "manipulated" jurisdictional facts, removal of such third party actions was entirely appropriate. *Id.* at 178. The magistrate judge's report makes no finding of collusion, manufacturing or manipulation of jurisdictional facts by any of the parties.

(3) The Court's jurisdiction over the properly removed main demand does not exist merely by virtue of supplemental jurisdiction, but rather has an independent and original statutory basis in 28 U.S.C. 1442(a)(1). In ***Spencer v. New Orleans Levee Bd.***, 737 F.2d 435, 437 (5th Cir. 1987), the Fifth Circuit held that

28 U.S.C. 1442(a)(1) - which authorizes the removal of a "civil action" by a federal officer or agency sued in state court, permits the "entire case" to federal court even though the removing party was a third party defendant and only some of the claims were asserted against the federal officer or agency. Thus, under Section 1442, the court exercises original subject matter jurisdiction over the entire action in which the federal officer is a party, not merely supplemental jurisdiction over the additional claims raised against the remaining defendants.

(4) For removal of a "civil action" under the Federal Sovereign Immunities Act ("FSIA"), which is the identical language used in 28 U.S.C. 1442(a)(1), at least one circuit court has held that a district court has no discretion to remand a plaintiff's claim when an FSIA third party defendant has removed the third-party and primary claims to federal court. *See In Re Surinam Airways Holding Co.*, 974 F.2d 1255, 1260 (11th Cir. 1992). In *Delgado*, the Fifth Circuit declined to address the issue of whether a district court has jurisdiction to remand the primary demand but affirmed the district court's denial of plaintiff's motion to sever because "policy interests such as efficiency warranted the disposition of all those claims together." 231 F.3d at 182. Moreover, other circuits have held that the district court lacks discretionary authority to remand the case to state court even if the claim against the federal defendant is resolved. *Mangold v. Analytic Services, Inc.*, 77 F.3d 1442, 1453 (4th Cir. 1996).

(5) Fifth Circuit caselaw clearly prevents a severance and remand if the thirty

party demand relates to contribution for the claim made by plaintiff against the third party plaintiff. In ***Anderson v. Red River Waterway Com'n***, 231 F.3d. 211 (5th Cir. 2000), plaintiffs filed suit against the Red River Waterway Commission ("RRWC") alleging that the RRWC was responsible for flooding problems along the Red River. The RRWC then filed a third party petition against the United States Army Corp of Engineers claiming that the rise in the water level was caused by design and authority of the Corp. The case was removed to federal court by the Corps of Engineers as a federal instrumentality. The Fifth Circuit held that a district court lacks authority to sever and remand any third party demand that asserts a claim for contribution or indemnity. 231 F.3d at 214. The Fifth Circuit made no mention of the discretionary remand factors set forth in 28 U.S.C. 1367 relied upon by Magistrate Judge Reidlinger. All defendants are alleged by plaintiffs to be solidary obligors who are each liable for the same obligation. An allegation of solidary liability does not give rise to severable claim or demand.

(6) Assuming *arguendo* that 28 U.S.C. 1367(c) is applicable, the relative congestion of the federal court docket vis a vis the docket of the 19th Judicial District Court is not an "exceptional circumstance" that should deprive the defendants of their statutory right to a federal forum. No trial date for this matter was set by the 19th Judicial District Court state court and plaintiff has not even attempted to have a trial date set in federal court. Thus, any claim of

prejudice by plaintiff is premature and without merit. Moreover, the procedural advantage bestowed on a plaintiff by litigating in state court should not be construed as an "exceptional circumstance" warranting remand. If a procedural advantage to plaintiff constitutes an "exceptional circumstance", the standard is little more than a gutted shell because every plaintiff believes that they have a procedural advantage litigating in state court, rather than a federal forum. Plaintiffs' motion to vacate, based on their assertion of improvident removal, is without merit. The motion to vacate should be denied.

By Attorneys,

TAYLOR, PORTER, BROOKS, & PHILLIPS, L.L.P.

By _____
David M. Bienvenu, Jr, , T.A. 20700
Gregory E. Bodin, 18802
Todd S. Manuel, 25780
Jennifer M. Sigler 27083
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221

**Attorneys for The Dow Chemical Company**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 11 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

ORIGINATING FROM
THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARBARA CATANIA, ET AL.** | : CIVIL ACTION FILE NO. 02-0368-D-M1 |
| **VERSUS** | : |
| **ACANDS, INC., ET AL** | : |

### PROOF OF SERVICE

Now into court, through undersigned counsel comes, The Dow Chemical Company ("**Dow**"), which certifies that the following documents have been forwarded to the attached counsel list by United States mail on the 9th day of July, 2002:

1. Opposition of The Dow Chemical Company To Plaintiffs' Motion To Vacate Conditional Transfer Order and Notice of Joinder;

2. Corporate Disclosure Statement;

3. Notice of Appearance.

TAYLOR, PORTER, BROOKS, & PHILLIPS, L.L.P.

By _____
David M. Bienvenu, Jr, , T.A. 20700
Gregory E. Bodin, 18802
Todd S. Manuel, 25780
Jennifer M. Sigler 27083
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221

**Barbara Catania, Et Al.**
Gerolyn P. Roussel
ROUSSEL & ROUSSEL
1710 Cannes Drive
La Place, LA 70068

**ACANDS, INC.**
Kay Barnes Baxter
Barfield & Associates, P.A.
400 Poydras Street, Suite 1460
New Orleans, LA 70130

**ANCO INSULATIONS, INC.**
**(SUCCESSOR TO THE ABER COMPANY, INC.)**
Julie Difulco Robles
Hailey, McNamara, Hall, Larmann
    & Papale, L.L.P.
One Galleria Blvd., Suite 1400
P. O. Box 8288
Metairie, LA 70001-8288

**BABCOCK BORSIG POWER, INC.**
**(FORMERLY DB RILEY, INC.**
**FORMERLY RILEY STOKER CORPORATION**
James F. d'Entremont
Deutsch, Kerringan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

**COMBUSTION ENGINEERING, INC.**
Larry G. Canada
Galloway, Johnson, Tompkins, Burr & Smith

701 Poydras Street
One Shell Square
Suite 4040
New Orleans, LA 70139

**THE DOW CHEMICAL COMPANY**
Gregory E. Bodin/David M. Bienvenu, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
P. O. Box 2471
Baton Rouge, LA 70821


**EAGLE, INC.**
**(FORMERLY EAGLE ASBESTOS & PACKING COMPANY, INC.)**
Lawrence G. Pugh, III
Montgomery, Barnett, Brown
        Read, Hammond & Mintz
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200

**EXXON MOBIL CORPORATION (FORMERLY EXXON CORPORATION, FORMERLY HUMBLE OIL & REFINING COMPANY, FORMERLY ESSO STANDARD OIL COMPANY, FORMERLY STANDARD OIL AND DSM COPOLYMER, INC.**
Gregory M. Anding
Gary A. Bezet
KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P. O. Box 3513
Baton Rouge, LA 70821-3513

**THE FLINTKOTE COMPANY**
Valerie T. Schexnayder
Hailey, McNamara, Hall, Larmann,
        & Papale, L.L.P.
One Galleria Blvd., Suite 1400
P. O. Box 8288
Metairie, LA 70011-8288

**FOSTER-WHEELER CORPORATION**
Lynn N. Luker/Patrick D. McMurtray
Lynn Luker & Associates, L.L.C.
616 Girod Street
Suite 200
New Orleans, LA 70130

**GARLOCK, INC.**
Glenn L.M. Swetman/Troy Bell
Aultman, Tyner, Ruffin & Yarborough, Ltd.
400 Poydras Street
Suite 2250
New Orleans, LA 70130

**GENERAL ELECTRIC COMPANY**
Cory R. Cahn
Slater Law Firm
650 Poydras Street
Suite 2600
New Orleans, LA 70130-6101

**THE MCCARTY CORPORAITON**
**(SUCCESSOR TO MCCARTY BRANTON, INC., AND PREDECESSOR AND SUCCESSOR TO MCCARTY INSULATION SALES, INC.)**
Susan B. Kohn/Michael D. Harold
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000

**OWENS-ILLINOIS, INC.**
**and UNIROYAL, INC.**
W. Scott Brown
Forman, Perry, Watkins, Krutz & Tardy, PLLC
Suite 1200, One Jackson Place
188 East Capitol Street
Post Office Box 22608
Jackson, MS 39225-2608

**REILLY-BENTON COMPANY, INC.**
Stephen N. Elliott/William L. Brockman
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P. O. Box 55490
Metairie, LA 70055-5490

**RHONE-POULENC AG COMPANY**
**(FORMERLY BENJAMIN-FOSTER, DIVISION OF AMCHEM PRODUCTS, FORMERLY UCAR CORP., FORMERLY AM-CHEM PRODUCTS, INC.)**
A. Wendel Stout, III
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

**TAYLOR-SEIDENBACH, INC.**
C. Kelly Lightfoot
HAILEY, MCNAMARA, HALL,
    LARMANN & PAPALE, LLP
Suite 1400, One Galleria Blvd.
Post Office Box 8288
Metairie, LA 70001-8288

**VIACOM, INC.**
**(FORMERELY CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORPORATION)**
William L. Schuette, Jr./Leon Gary, Jr.
Jones, Walker, Waechter, Poitevent,
    Carre're & Dene'gre, L.L.P.
5th Floor, Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

164417