**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 5 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 01-10578 |
| | § | |
| | § | |
| FEDERAL-MOGUL GLOBAL, INC. | § | Chapter 11 |
| | § | (Pending in the United States |
| DEBTOR | § | Bankruptcy Court for the |
| | § | District of Delaware) |
| | § | |
| DIANE MATHIAS, Individually and as | § | |
| Personal Representative of the Heirs and | § | EP 01 CA 0380 DB |
| Estate of GEORGE MATHIAS, Deceased | § | |
| | § | |
| vs. | § | |
| | § | |
| ACandS, INC., et al. | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS  DIVISION

| | | |
|---|---|---|
| COLLEEN CARTER, Individually and | § | |
| as Personal Representative of the Heirs | § | |
| and Estate of MARVIN CARTER, | § | |
| Deceased; and SUZETTE OLSON, | § | |

PLEADING NO. 3633

OFFICIAL FILE COPY IMAGED JUL 1 7 '02

Individually and as Personal Representative §
of the Heirs and Estate of ORVILLE               §         3:02CV00009
OLSON, Deceased.                                          §
                                                                       §
vs.                                                                  §
                                                                       §
ACandS, INC., et al.                                        §

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

LAURA MADDEN, Individually and           §
as Personal Representative of the Heirs     §
and Estate of THOMAS MADDEN, JR.,       §
Deceased                                                     §         3:02CV00194
     Plaintiff                                           §
                                                                       §
vs.                                                                  §
                                                                       §
Able Supply Company., et al.                       §
Defendants.                                                  §

## MOTION TO VACATE THE
## CONDITIONAL TRANSFER ORDER

     Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel

on Multidistrict Litigation, move the Panel to vacate its order of June 12, 2002,

conditionally transferring the above-captioned cases to the United States District Court

for the Eastern District of Pennsylvania.  This motion is based on the attached Brief in

Support of Motion to Vacate Conditional Transfer Order and such other materials as may

be presented to the Panel at the time of the hearing on the motion.

     Pursuant to Rule 12(c), movants request the Clerk to set this motion for hearing at

the next session of the Panel.

_____
Date

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2002

Respectfully Submitted,

FILED
CLERK'S OFFICE

**WATERS & KRAUS, LLP**

Charles S. Siegel
Attorney In Charge
State Bar No.  18341875
Federal Bar No.  15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas  75204
(214) 357-6244
(214) 357-7252 facsmile

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2002, a true and correct copy of the foregoing Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

Charles S. Siegel

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | § § § § | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 01-10578 |
| FEDERAL-MOGUL GLOBAL, INC.          DEBTOR | § § § § § | Chapter 11 (Pending in the United States Bankruptcy Court for the District of Delaware) |
| DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of GEORGE MATHIAS, Deceased vs. ACandS, INC., et al. | § § § § § § § § | EP 01 CA 0380 DB |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

| | |
|---|---|
| COLLEEN CARTER, Individually and as Personal Representative of the Heirs and Estate of MARVIN CARTER, Deceased; and SUZETTE OLSON, | § § § § |

1

Individually and as Personal Representative §
of the Heirs and Estate of ORVILLE            §        3:02CV00009
OLSON, Deceased.                              §
                                             §
vs.                                          §
                                             §
ACandS, INC., et al.                         §

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

LAURA MADDEN, Individually and          §
as Personal Representative of the Heirs  §
and Estate of THOMAS MADDEN, JR.,       §
Deceased                                §        3:02CV00194
        Plaintiff                       §
                                        §
vs.                                     §
                                        §
Able Supply Company., et al.            §
        Defendants.                     §

## BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

### I.      PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the

Conditional Transfer Order (CTO-214) entered by the Judicial Panel on Multidistrict

Litigation on June 12, 2002.  Pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), this Brief

to Vacate the Conditional Transfer Order and the accompanying Motion are being filed in

support of plaintiffs' Notices of Opposition which were filed on June 27, 2002 in

accordance with Panel Rule 7.4(b)(*See* notices attached as Exhibits A1-A3).  This

submission is being filed within 15 days of the filing of the Notices of Opposition.  For

the reasons stated below, the Conditional Transfer Order should be vacated so that the

four claimants represented in these three cases can proceed in the timely resolution of

their claims in *state* court.

## II   STATEMENT OF FACTS

Four widows, represented in three separate and distinct cases, brought claims against various manufacturers and distributors of products and machinery that either contained asbestos or required the use of asbestos-containing products.  Despite the fact that all three cases were filed in state court against numerous defendants, only *one* defendant, Viacom, Inc., successor in interest to Westinghouse,[1] filed separate notices of removal in these cases, alleging that removal of these cases to federal court was proper under 28 U.S.C. §1442(a)(1), because plaintiffs' allegations arise out of actions it took under the direction of a federal officer and because it is entitled it to immunity under the government contractor defense.  *See* Boyle v. United Technologies  Corp., 487 U.S. 500 (1988).  Subsequent to the removals, not only have all proceedings been stayed in the state court actions, but the Panel has issued a Conditional Transfer Order (CTO-214), thereby further delaying these plaintiffs their opportunity—and right—to quickly proceed with the prosecution of their cases and have their day in court.

Most of the issues raised in the removal of these cases and addressed in plaintiffs' motions for remand have already been addressed by two of the federal district court judges to whom these cases were removed.  Carter v. ACandS, Inc., et al., No. 3:02-CV-00009 (E.D. Tex. 2002)(attached as Exhibit B); Madden v. Able Supply Company, et al., No. G-02-194 (S.D. Tex. 2002)(attached as Exhibit C).  Despite the fact that the third remaining judge, Judge Briones of the Western District of Texas, has not yet ruled on the issues of remand pending before him, he has issued an order dismissing certain claims

---

[1] Plaintiffs refer to Defendant Viacom, Inc. as Westinghouse throughout this brief to avoid confusion with respect to the evidence presented in their Motions for Remand indicating that Westinghouse manufactured and distributed the turbines at issue.

against Westinghouse with prejudice. <u>Mathias v. ACandS, Inc.</u>, EP 01 CA 0380 DB (see Order attached as Exhibit D). The significance of these orders will be discussed in more detail below.

## III.   ARGUMENT

A.   This Panel Should Vacate Its Conditional Transfer Order Because These Cases No More Belong In Federal Court Than They Do At MDL.

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. In essence, every plaintiff is entitled to a speedy and efficient determination of his claim—that is, every plaintiff is entitled to his day in court. However, the transferee court's power does not allow it to actually *try* asbestos cases which have been transferred to MDL-875 but, rather, it merely presides over pretrial matters. Therefore, should these cases be transferred to MDL, the present plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure, their opportunity—and their *right*—to have a timely jury trial. Ultimately, Mrs. Carter, Mrs. Madden[2] and Mrs. Mathias will lose their chance to vindicate their deceased husbands' rights in a timely fashion.

As this MDL Panel is well aware, 28 U.S.C. §1407(a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial

---

[2] At the time this case was removed to federal court by Westinghouse, Suzette Olson, Individually and as Personal Representative of the Estate of Orville Olson, was also a plaintiff in this case. However, on April 22, 2002, plaintiffs filed a motion, agreed to by Westinghouse, to sever the claims of Mrs. Olson and remand them back to state court. This agreed motion was granted by the Court on April 29, 2002. (see Order attached as Exhibit E). Therefore, the only remaining plaintiff in this case is Mrs. Carter.

proceedings." 28 U.S.C. §1407(a).  The statute authorizes the transfers of such cases to

the Judicial Panel on Multidistrict Litigation upon a determination that transfers would be

"for the convenience of parties and witnesses and will promote the just and efficient

conduct of such actions."  Id.  Although the Panel may, sua sponte, consider and order

transfer, the absence of any of the elements outlined in §1407 would make the Panel's

application of the statute inappropriate.

>    B.    This Panel Should Vacate Its Conditional Transfer Order Because
>          These Cases Should Be Remanded to State Court.

>         1.   Two Federal District Court Judges Have Already Ruled on
>              Plaintiffs' Motions for Remand.

As previously stated above, two federal district court judges have already ruled on

plaintiffs' motions for remand.  Despite denying plaintiffs' motions, both federal district

court judges severed all "Remaining Claims" from plaintiffs' claims against

Westinghouse and remanded them to their respective district courts.  Madden, No. G-02-

194 at 9; Carter, No. 3:02-CV-00009 at 9.  The only claims which are still pending in

federal court are those claims against Westinghouse which formed the basis of removal.

The remaining claims, which solely involve issues of *state* law, have all been remanded

to state court.  Furthermore, recognizing the urgency of remanding the remaining state

law claims so as to expeditiously resolve the pending case without needlessly wasting

additional federal resources, Judge Kent of the Southern District of Texas noted that

> …if the Remaining Claims are not remanded, they will surely be
> transferred to the MDL Court in the Eastern District of Pennsylvania.
> There are thousands of asbestos cases pending in that forum and, if history
> be any indicator, Plaintiff's claims against the Remaining Defendants will
> not be heard for many years.

Madden, No. G-02-194 at 9.  Therefore, as no claims other than those pending against

Westinghouse remain in a federal forum, this Panel should vacate its Conditional

Transfer Order and, as both Judge Kent and Judge Schell so desired, allow these cases to proceed to their ultimate resolution in state court.

C.    Despite the Conditional Transfer Order, The District Court Judge<br/>Still Can Remand These Removed Cases To State Court.

As noted above, only one of plaintiffs' motions for remand has yet to be ruled on. Although Judge Briones of the Western District of Texas has yet to rule on the merits of plaintiff's motion for remand, Judge Briones has recently entered an order dismissing with prejudice certain claims against Westinghouse. However, despite the fact that the Panel entered its Conditional Transfer Order *before* the district court judge was able to rule on the motion for remand, Judge Briones has not lost jurisdiction over these cases and, therefore, *can* make a determination as to plaintiffs' Motions for Remand—just as Judge Kent and Judge Schell have both already done. Faulk v. Owens-Corning Fiberglas Corp., et al., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* Bartley v. Borden, Inc. et al., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

In fact, the facts of the Faulk case strongly resemble the three cases before us now. In that case, the defendants removed two asbestos cases from the 172nd Judicial District for Jefferson County, Texas. Faulk, supra at 656. Plaintiffs filed motions to remand in both cases but, as was the case here, the Panel conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania. Id. at

657. In a footnote, the court cited the Panel Rules in pointing out that, despite the
Conditional Transfer Order, the U.S. District judge retained jurisdiction since the order
did not become effective until filed in the office of the Clerk of the United States District
Court for the Eastern District of Pennsylvania. Id. Further, "transmittal of this
conditional order to said Clerk shall be stayed fifteen days from the entry thereof and if
any party files a notice of opposition with the Clerk of the Panel within this fifteen day
period, the stay will be continued until further order of this Panel." Id.

In the cases before us now, plaintiffs filed their notices of opposition on June 27,
2002, within the prescribed fifteen-day period. Therefore, transmittal of CTO-214 was
stayed and continues to be stayed until further action by this Panel. Finally, since the
cases have not been finally transferred, but only "provisionally" transferred, pending a
final decision on transfer, they are still technically pending in the original district court to
which they were removed. Thus, not only does Judge Briones retain jurisdiction to rule
on the Motion for Remand before him, but he may promptly do so and preserve the
plaintiff's right to a timely resolution of her claims.


### III.   CONCLUSION

The Conditional Transfer Order entered by the Judicial Panel on June 12, 2002,
should be vacated. Equity and our Federal Rules demand that the plaintiffs represented
in these lawsuits be afforded their right to a timely resolution of their claims in court—
*state* court. Two federal district court judges have already ruled on plaintiffs' motions for
remand and, in doing so, have recognized the importance and urgency of remanding all
claims against the Remaining Defendants besides Westinghouse so as to facilitate the

7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2002

prosecution of these cases in state court.  Therefore, Plaintiffs respectfully request that

FILED
CLERK'S OFFICE

the Panel vacate CTO-214, its order conditionally transferring these cases to MDL, so

that these cases can proceed to trial in a timely fashion.

Respectfully Submitted,

                                        **WATERS & KRAUS, LLP**
                                        **Counsel for Plaintiffs**


                                        Charles S. Siegel
                                        Attorney in Charge
                                        State Bar No.  18341875
                                        Federal Bar No.  15736
                                        3219 McKinney Avenue
                                        Suite 3000
                                        Dallas, Texas  75204
                                        (214) 357-6244
                                        (214) 357-7252 (facsimile)


                    CERTIFICATE OF SERVICE

       I hereby certify that on July 12, 2002, a true and correct copy of the foregoing
Brief to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of
the attorneys listed on the attached Attorney Service List of the Judicial Panel on
Multidistrict Litigation.

                    Charles S. Siegel

**PANEL SERVICE LIST (Excerpted from CTO-214)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Colleen Carter, et al. v. ACandS, Inc., et al.*, E.D. Texas, C.A. No. 3:02-9
*Laura Madden, etc. v. Able Supply Co., et al.*, S.D. Texas, C.A. No. 3:02-194
*Diane Mathias, etc. v. ACandS, Inc., et al.*, W.D. Texas, C.A. No. 3:01-380

Mel D. Bailey
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Michael L. Baker
Strong, Pipkin, Nelson & Bissell
San Jacinto Building, 14th Floor
595 Orleans Street
Beaumont, TX 77701

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Nelson & Bissell
1111 Bagby
Suite 2300
Houston, TX 77002

Roy R. Brandys
Peticolas, Shapleigh, Brandys &
Kerns, P.L.L.C.
701 N. Vrain Street
El Paso, TX 79902

John W. Bridger
Strong, Pipkin, Nelson & Bissell
1400 San Jacinto Building
595 Orleans
Beaumont, TX 77013

Randolph L. Burns
Baker & Botts
2001 Ross Avenue
600 Trammell Crow Center
Dallas, TX 75201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Sonja Devin
Ray McChristian & Jeans
5822 Cromo Drive
El Paso, TX 79912

Thomas F. Dougall
Law Office Of Thomas E. Dougall
1713 Woodcreek Farms
Elgin, SC 29045

Josephine Downey
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Melissa K. Ferrell
Segal, McCambridge, Singer
& Mahoney, Ltd.
400 West 15th Street
Suite 700
Austin, TX 78701

David J. Fisher
Fairchild, Price, Thomas & Haley
413 Shelbyville Street
P.O. Drawer 1719
Center, TX 75935

James T. Foley
Foley & Boyd
First City Place
Suite 404
Tyler, TX 75702

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Laura A. Frase
Forman, Perry, Watkins, Krutz
& Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Rachelle H. Glazer
Thompson & Knight, P.C.
First City Center, Suite 3300
1700 Pacific Avenue
Dallas, TX 75201

Donald E. Godwin
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Frank G. Harmon, III
Crain, Caton, James
3300 Two Houston Center
909 Fannin
Houston, TX 77010

James A. Harris, Jr.
Harris & Brown, P.C.
2000A SouthBridge Parkway
Suite 520
P.O. Box 59329
Birmingham, AL 35209

James M. Harris, Jr.
Harris, Lively & Duesler
550 Fannin Street
Suite 650
Beaumont, TX 77704

Raymond P. Harris, Jr.
Whittenburg & Schachter, PC
Plaza of the Americas, Suite 2300
600 North Pearl Street, LB 133
Dallas, TX 75201

Kathryn Oakes Hermes
DeHay & Elliston, L.L.P.
901 Main Street
Suite 3500
Dallas, TX 75202

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
3400 J. P. Chase Tower
600 Travis
Houston, TX 77002

Josephine Jamison
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202-3721

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

George J. Kacal, Jr.
Dunn, Kacal, Adams, Pappas
& Law
One Riverway
Suite 1200
Houston, TX 77056

Jerry Kacal
Dunn, Kacal, Adams, Pappas
& Law
2600 America Tower
2929 Allen Parkway
Houston, TX 77019

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

Laura E. Kugler
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Lawrence A. Lynn
Coats, Rose, Yale, Holm, Ryman
& Lee
1001 Fannin
800 First City Tower
Houston, TX 77002

Raymond T. Matthew
Tekkell, Book, Matthews & Limmer
4200 One Houston Center
1221 McKinney
Houston, TX 77010

Mary Mauro
Galloway Johnson Tompkins & Burr
3555 Timmons Lane, Suite 1225
Houston, TX 77027

Mary L. Mauro
Galloway Johnson Tompkins Burr
& Smith
3555 Timmons Lane, Suite 1225
Houston, TX 77027

D. Ferguson McNiel
Vinson & Elkins
1001 Fannin Street
Suite 2300
Houston, TX 77002

Lewis C. Miltenberger
Cordray Goodrich & Miltenberger
108 West 8th Street
Suite 500
Fort Worth, TX 76102

Lewis Charles Miltenberger
Cordray, Goodrich & Miltenberger
108 West 8th Street
Suite 500
Ft. Worth, TX 76102

Peter A. Moir
Quilling,Selander,Cummiskey,Clutts
& Lownds
2001 Bryan Street
Suite 1800
Dallas, TX 75201

Kenneth D. Morris
Forman Perry Watkins Krutz
& Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Kenneth M. Morris
Forman, Perry, Watkins, Krutz
& Tardy
1349 Empire Central
Suite 400
Dallas, TX 75427

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Mundy
Brobeck, Phleger & Harrison
4801 Plaza on the Lake
Austin, TX 78746

Todd Odgen
Forman Perry Watkins Krutz
& Tardy
1349 Empire Central Drive
Suite 400
Dallas, TX 75247

Franklin A. Poff
Crisp Jordan & Boyd
2301 Moores Lane
P.O. Box 6297
Texarkana, TX 75505

Lisa A. Powell
Jackson Walker, L.L.P.
1100 Louisiana
Suite 4200
Houston, TX 77002

James E. Pranske
Godwin Gruber
901 Main Street
Suite 2500
Dallas, TX 75202

John J. Repcheck
Marks, O'Neill, O'Brien
& Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James M. Riley, Jr.
Coats, Rose, Yale, Holm, Ryman
& Lee, P.C.
1001 Fannin
800 First City Tower
Houston, TX 77002

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Joe A. Spencer
Attorney at Law
1112 Montana
El Paso, TX 79902

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Kyle C. Steele
Forman Perry Watkins Krutz
& Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Gregory M. Sullivan
Brown Sims, P.C.
2000 Post Oak Boulevard
21st Floor
Houston, TX 77056

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

David M. Taylor
Thompson, Coe, Cousins & Irons
Crescent Office Tower, Suite 1100
200 Crescent Court
Dallas, TX 75201

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Alan R. Vickery
Sedgwick, Detert, Moran & Arnold
1717 Main Street
Suite 5400
Dallas, TX 75201

Todd Wade
Brown McCarroll, LLP
111 Congress Avenue
Suite 1400
Austin, TX 78701

Ronald B. Walker
Walker Keeling & Carroll
901 Main
3500 Bank of America Plaza
Dallas, TX 75202

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

Robert Wilkinson
Dogan & Wilkinson
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568

Gene M. Williams
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2002

FILED
CLERK'S OFFICE

A

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS  DIVISION

| | | |
|---|---|---|
| COLLEEN CARTER, Individually and | § | |
| as Personal Representative of the Heirs | § | |
| and Estate of MARVIN CARTER, | § | |
| Deceased; and SUZETTE OLSON, | § | |
| Individually and as Personal Representative | § | |
| of the Heirs and Estate of ORVILLE | § | 3:02-CV-00009 |
| OLSON, Deceased. | § | |
| | § | |
| vs. | § | |
| | § | |
| ACandS, INC., et al. | § | |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs and file this Notice of Opposition to the Conditional Transfer Order

(CTO-214) entered by the Panel on June 12, 2002.

COLLEEN CARTER, Individually and as Personal Representative of the Heirs and Estate of

MARVIN  CARTER,  Deceased;  and  SUZETTE  OLSON,  Individually  and  as  Personal

1



Representative of the Heirs and Estate of ORVILLE OLSON, Deceased are plaintiffs in an action

styled COLLEEN CARTER, Individually and as Personal Representative of the Heirs and Estate of

MARVIN CARTER, Deceased; and SUZETTE OLSON, Individually and as Personal

Representative of the Heirs and Estate of ORVILLE OLSON, Deceased vs. ACandS, et al; No. 3-02-

CV-00009, pending in the United States District Court Eastern District of Texas, Paris Division.

Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of opposition to apprise the Panel of their

opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice,

their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 27th day of June, 2002.

Charles S. Siegel

2

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LAURA MADDEN, Individually and | § | |
| as Personal Representative of the Heirs | § | |
| and Estate of THOMAS MADDEN, JR., | § | |
| Deceased | § | 3:02CV00194 |
|     Plaintiff | § | |
| | § | |
| vs. | § | |
| | § | |
| Able Supply Company., et al. | § | |
|     Defendants. | § | |

## NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs and file this Notice of Opposition to the Conditional Transfer Order

(CTO-214) entered by the Panel on June 12, 2002.

LAURA MADDEN, Individually and as Personal Representative of the Heirs and Estate of

THOMAS MADDEN, JR., Deceased is a plaintiff in an action styled LAURA MADDEN,

1



Individually and as Personal Representative of the Heirs and Estate of THOMAS MADDEN, JR., vs.

Able Supply Company, et al; No. 3-02-CV-00194, pending in the United States District Court

Southern District of Texas, Galveston Division.  Pursuant to Panel Rule 7.4(c), the plaintiffs file this

notice of opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice,

their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record on this 27th day of June, 2002.

Charles S. Siegel

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§ | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | §<br>§<br>§ | Case No. 01-10578 |
| FEDERAL-MOGUL GLOBAL, INC.<br><br>DEBTOR | §<br>§<br>§<br>§ | Chapter 11<br>(Pending in the United States<br>Bankruptcy Court for the<br>District of Delaware) |
| DIANE MATHIAS, Individually and as<br>Personal Representative of the Heirs and<br>Estate of GEORGE MATHIAS, Deceased<br><br>vs.<br><br>ACandS, INC., et al. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP 01 CA 0380 DB |

NOTICE OF OPPOSITION TO TRANSFER

Come now Plaintiffs and file this Notice of Opposition to the Conditional Transfer Order

(CTO-214) entered by the Panel on June 12, 2002.

1



DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of GEORGE MATHIAS, Deceased is a plaintiff in an action styled DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of GEORGE MATHIAS, Deceased vs. ACandS, et al; No. EP-01-CA-0380-DB, pending in the United States District Court Western District of Texas, El Paso Division.  Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice, their motion to vacate conditional transfer order and supporting brief.

Respectfully submitted,

_____
Charles S. Siegel
Texas State Bar No. 18341875
Federal ID No. 15736
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served by facsimile on all counsel of record on this 27th day of June, 2002.

_____
Charles S. Siegel

2

**B**

EOD ___ JUN 2 8 2002

FILED-CLERK
U.S. DISTRICT COURT

02 JUN 27 AM 8: 36

TX EASTERN-BEAUMONT

BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

COLLEEN CARTER, Individually and §
as Personal Representative of the Heirs §
and Estate of MARVIN CARTER, §
Deceased; and SUZETTE OLSON, §
Individually and as Personal Representative §
of the Heirs and Estate of ORVILLE §
OLSON, Deceased. §
§
vs. §
§
AcandS, INC., et al. §
§

3:02CV00009

## ORDER DENYING PLAINTIFFS' MOTIONS TO REMAND, AND GRANTING PLAINTIFFS' MOTION FOR SEVERANCE

This matter is before the court on two separate motions for remand filed by Plaintiffs. The first motion is "Plaintiffs' Motion to Remand for a Defect in Removal Procedure and Brief in Support" [Dkt. #11], filed April 15, 2002, to which Defendant Viacom responded on April 30, 2002 [Dkt. #16], and Plaintiffs replied to Viacom's response on May 6, 2002 [Dkt. #18]. The second motion is "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance" [Dkt. #15], filed April 24, 2002, to which Defendant Viacom responded on May 9, 2002 [Dkt. #19], Plaintiffs replied on May 23, 2002 [Dkt. #24], Viacom filed a sur-reply on May 28, 2002 [Dkt. #27], and Plaintiff responded on June 17, 2002 [Dkt. #30]. Upon consideration of the motions, responses, replies, sur-reply, and relevant authority, the court is of the opinion that Plaintiffs' motions to remand should be DENIED, and Plaintiffs' motion for severance should be GRANTED.

## I. BACKGROUND

This case was originally filed by Plaintiffs in the District Court of Hopkins County,

1

31

EXHIBIT

Texas, 62nd Judicial District. The case involved two Plaintiffs, Colleen Carter, Individually and as Personal Representative of the Heirs and Estate of Marvin Carter, deceased, and Suzette Olson, Individually and as Personal Representative of the Heirs and Estate of Orville Olson, deceased. According to Plaintiffs' Fourth Amended Petition and Jury Demand, Plaintiffs sued at least twenty-four companies, alleging state law claims in relation to asbestos. On March 13, 2002, Defendant Viacom, Inc., successor to Westinghouse Electric Corporation (hereinafter "Westinghouse") filed a Notice of Removal under 28 U.S.C. § 1442(a)(1), federal officer removal. On April 15, 2002, Plaintiffs filed "Plaintiffs' Motion to Remand for a Defect in Removal Procedure and Brief in Support". On April 22, 2002, Plaintiff Olson filed a motion, agreed to by Westinghouse, to sever her claims and remand to state court. This agreed motion was granted by the court on April 29, 2002. On April 24, 2002, Plaintiffs [hereinafter "Plaintiff", as Carter is the sole remaining plaintiff in light of the court's order of April 29, 2002] filed "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance".

Decedent Marvin Carter died on April 12, 2001 at the age of 68 from terminal pleural mesothelioma, believed by Plaintiff to have been caused by exposure to asbestos dust. Plaintiff avers that Marvin Carter's primary exposure to asbestos occurred while serving in the U.S. Navy from 1951 to 1972 as a machinist's mate. Plaintiff asserts that at least one of the ships Mr. Carter served on was equipped with Westinghouse turbines that were insulated with asbestos-containing products. In footnote 2 of "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance", Plaintiff states that she waives and disavows all claims against Westinghouse, with the exception of failure to warn.

2

## II. TIMELINESS

Plaintiffs first motion to remand argues that Westinghouse's removal is untimely. Under 28 U.S.C. § 1446(b), a case must be removed,

> within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). Neither party argues that the case was removable based on initial pleadings. "Although 'other paper' is not defined by section 1446(b), the statute is clear that the thirty day removal period begins to run when defendant receives the requisite written notice of facts making the case removable." *Ford v. Shoney's Restaurants, Inc.*, 900 F.Supp. 57, 59 (E.D.Tex. 1995). This exception to the general rule of thirty days from the initial pleading "serves the laudable purpose of preventing the defendant from having to speculate whether a case is removable." *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819, 824 (E.D.Tex. 1994). The term "other paper" has been construed to include answers to interrogatories, responses to requests for admissions, deposition testimony, and product identification documents given in discovery. *See Hines v. AC and S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D.Tex. 2001) The parties do not dispute the meaning of "other paper". Instead, Plaintiff and Westinghouse disagree over the date upon which Westinghouse received "other paper" by which it could ascertain removal was proper.

Plaintiff contends that the thirty day removal period was triggered by service of Plaintiff's Original Answers to Master Discovery on February 7, 2002, and that therefore

3

removal on March 15, 2002 is untimely. Plaintiff's February 7, 2002 answers to discovery included information that Plaintiff Mr. Carter served in the U.S. Navy from 1951-1972, listed the ships on which Mr. Carter served, and indicated that he came into contact with asbestos containing products during the time of his service. Westinghouse was not mentioned in a list of asbestos materials used during Mr. Carter's employment. Plaintiff asserts that this information, combined with allegations of exposure to asbestos made against Westinghouse, among other defendants, in Plaintiff's fourth amended petition, was sufficient to give Westinghouse notice on February 7, 2002.

A case presenting a similar question regarding timeliness of removal is *Akin v. Big Three Industries*, 851 F.Supp. 819 (E.D.Tex. 1994). Although *Akin* dealt with federal enclave jurisdiction and not federal officer jurisdiction, the issue of ambiguity was present. In *Akin*, the court considered plaintiffs' motion to remand, as well as defendants' motion to transfer venue. Plaintiffs argued that the initial pleading stated a removable case, and thus the thirty day time limit for removal had not been tolled. *See Akin*, 851 F.Supp. at 824. The court found that although plaintiffs alleged exposure to hazardous chemicals while working for the United States Air Force at Tinker Air Force Base in Oklahoma City, Oklahoma, this pleading was sufficiently ambiguous to toll the thirty day removal period. *See Akin*, 851 F.Supp. at 824-25. The court held that plaintiffs' pleadings were subject to two reasonable constructions. One construction, supported by plaintiffs, was that the mention of the Air Force Base was a geographical modifier. The other construction, supported by defendants, was that mention of the Air Force Base was a durational modifier. *See id.*

Here, Westinghouse removed this case to federal court based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Westinghouse avers that it was put on notice of

4

removability once it learned that Plaintiff claimed Mr. Carter was exposed to asbestos from work around Westinghouse turbines while serving in the Navy. Westinghouse asserts that it was first made aware of this specific allegation on March 7, 2002, when it received Plaintiff's Third Supplemental Answers to Master Discovery Requests. This paper disclosed that Plaintiff would present a witness to testify that Mr. Carter had been exposed to asbestos through work around Westinghouse turbines aboard the U.S.S. Towers, a Navy ship. On March 13, 2002, Westinghouse filed a notice of removal.

Similar to the pleadings in *Akin*, the Plaintiff's February 7, 2002 answers to discovery are sufficiently ambiguous to toll the thirty day limitation. While these answers indicate that Mr. Carter was alleging exposure to asbestos while on the job during his service in the Navy and explicitly stated the asbestos materials used during his service, nowhere was Westinghouse mentioned. In addition, no indication was given for specifically when during Mr. Carter's twenty year service, nor aboard what ship, this asbestos exposure allegedly occurred. Also, the February 7, 2002 answers to discovery indicated that Plaintiff might possibly allege exposure to asbestos during Mr. Carter's employment with either a trucking station or a V.A. medical center. The February 7, 2002 answers to discovery were not specific enough to place Westinghouse on notice of removability. The March 7, 2002 answers to discovery, however, did provide sufficient notice to Westinghouse that Plaintiff alleged exposure to asbestos through work around Westinghouse turbines on the U.S.S. Towers while in the Navy. Therefore, Plaintiff's motion to remand is DENIED.

### III. FEDERAL OFFICER REMOVAL

Plaintiff's second motion to remand argues that subject matter jurisdiction is lacking. Westinghouse alleges that federal jurisdiction exists pursuant to the federal officer removal

5

statute, 28 U.S.C. § 1442(a)(1), which provides in part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). The federal officer removal statute is to be liberally applied.

*Willingham v. Morgan*, 395 U.S. 402, 406 (1969). Removal is appropriate under § 1442(a)(1)

whenever it is demonstrated that: (1) defendants were acting under the control and direction of

federal authority; (2) defendants assert a colorable federal defense to plaintiffs' claims; and (3)

defendants demonstrate a causal nexus between the plaintiffs' claims and the acts performed

under federal authority. *See Mesa v. California*, 489 U.S. 121, 128-29, 131-32, 139, 109 S.Ct.

959, 964-64, 966, 970, 103 L.Ed.2d 99 (1989).

  In order to determine whether Westinghouse meets the first criteria, it is necessary to

determine the scope of Westinghouse's liability as alleged by Plaintiff. Plaintiff, in "Plaintiffs'

Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative

Motion for Severance" filed April 24, 2002, claims to waive and disavow any claims against

Westinghouse other than for failure to warn. On June 17, 2002, Plaintiff submitted "Plaintiffs'

Motion to Dismiss Certain Claims With Prejudice", in which Plaintiff moved pursuant to Fed. R.

Civ. Proc. 41(a) for dismissal with prejudice of her non-failure to warn claims. Plaintiff avers

that the only claim it now asserts against Westinghouse is for failure to warn. Therefore, in

order to satisfy the first criteria, Westinghouse must have acted under the color of a federal

officer with respect to asbestos safety warnings.

6

The Fifth Circuit has made clear that the validity of removal is to be judged by the jurisdictional facts that existed at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "In a jurisdictional inquiry, we look at the complaint as it existed at the time the petition for removal was filed, regardless of any subsequent amendments to the complaint." *Hook v. Morrison Milling Company*, 38 F.3d 776, 780 (5th Cir. 1994). In support, the Fifth Circuit has stated that this rule "permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation." *Cavalinni v. State Farm Mutual Auto Insurance*, 44 F.3d 256, 264 (5th Cir. 1995). Applying this rule of law to the case at hand, Plaintiff's claims against Westinghouse include both failure to warn claims and non-failure to warn claims.

Westinghouse has presented evidence, in the form of the Affidavit of James M. Gate ("Exhibit A" of Dkt.# 19), to satisfy the first criteria of proper removal under § 1442(a)(1). The Gate affidavit discusses the extensive control the Navy had over all aspects of production and supply of the Westinghouse turbines used aboard the U.S.S. Towers. Navy control was present throughout the production of the turbines, from design to testing to installation. In addition, the U.S. Navy had ultimate control over warnings affixed to equipment on naval vessels, as well as written materials accompanying Westinghouse turbines used on board naval vessels. Therefore, the first prong of the three-part test has been satisfied.

Westinghouse has satisfied the second prong of the three-part test as well. Westinghouse asserts removal is proper under 28 U.S.C. § 1442(a)(1) because Plaintiff's claims cover actions taken by Westinghouse while under the control of federal authority, and Westinghouse is entitled to immunity under the government contractor defense announced in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Under this defense, a defendant who designs or

7

manufactures products under the direction and control of federal authorities is not liable when "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. The Fifth Circuit has applied the *Boyle* defense to failure to warn scenarios as well as design defects. *See Garner v. Santoro*, 865 F.2d 629, 635 (5th Cir. 1989). Westinghouse has raised a colorable federal defense to Plaintiff's claims.

Westinghouse also satisfies the third prong of the three-part test. The Gates affidavit is evidence of the causal nexus between Plaintiff's claims and acts performed by Westinghouse under the control and direction of federal authority. As stated earlier, Westinghouse has presented evidence of the U.S. Navy's control and supervision during the construction, testing, manufacturing, and installation of the turbines in question. Therefore, because Westinghouse has satisfied the three-part test articulated in <u>Mesa</u> for the applicability of removal under 28 U.S.C. § 1442(a)(1), Plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

## IV. SEVERANCE

Plaintiff has requested in the alternative that this court sever out the claims against Westinghouse so that the remainder of Plaintiff's case can proceed in state court. Title 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. There are four circumstances in which courts have the discretion to decline supplemental jurisdiction

8

over state law claims, "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367. Here, the second factor enumerated in § 1367 applies. "Plaintiffs' Fourth Amended Petition and Jury Demand" indicates that Plaintiff has asserted state law causes of action against a total of at least twenty four defendants. In addition, Plaintiff has made clear that the only claim she intends to pursue against Westinghouse is for failure to warn. Therefore, Plaintiff only has one cause of action against one defendant subject to original jurisdiction in federal court.  It is clear that the remaining claims "substantially predominate" over Plaintiff's failure to warn claim against Westinghouse.  Therefore, this court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims.  Accordingly, those claims are hereby SEVERED from Plaintiff's claims against Westinghouse, and REMANDED to the 62nd Judicial District Court for Hopkins County, Texas.

Signed this 26th day of June, 2002.

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

9

C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

MAY 2 8 2002

Michael N. Milby, Clerk

| | |
|---|---|
| LAURA MADDEN, Individually and as the §<br>Personal Representative of the heirs and estate §<br>of THOMAS MADDEN, JR. §<br>    Plaintiff, §<br>§<br>v.                        §<br>§<br>ABLE SUPPLY COMPANY, *et al.* §<br>    Defendants. §| CIVIL ACTION NO. G-02-194 |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND AND GRANTING PLAINTIFF'S MOTION FOR SEVERANCE

This is an asbestosis lawsuit brought by Plaintiff Laura Madden, individually and on behalf of the estate of her deceased husband, against over forty Defendants. Plaintiff's claims, which are derived solely from state law, arise out of asbestos-related personal injuries allegedly suffered by her husband, Thomas Madden, Jr. ("Madden"). Plaintiff originally filed her claims in Texas state court almost eighteen months ago. However, Defendant Viacom, Inc., successor to Westinghouse Electric Corporation ("Westinghouse"),[1] recently removed the entire action to this forum pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).[2] Plaintiff filed a timely Motion to Remand for Lack of Subject Matter Jurisdiction, or alternatively, a Motion for Severance. For the reasons

---

[1] At all times relevant to Plaintiff's claims, Defendant was known as Westinghouse. Thus, the Court will refer to Defendant as "Westinghouse" throughout this Order.

[2] Generally, parties removing an action pursuant to § 1442(a)(1) must file a notice of removal within thirty days after receipt of the plaintiff's initial pleading. If, however, the initial pleading does not articulate the details of the plaintiff's claims, the thirty day time period begins to run on the date that the defendant receives "other paper" specifically indicating the grounds for removal. See 28 U.S.C. § 1446(b). In this case, Westinghouse filed its Notice of Removal over four months after its receipt of Plaintiff's initial pleading. Nevertheless, because Westinghouse first discovered the potential for removal when it received a copy of Madden's Answers to Master Discovery Requests on February 22, 2002, Westinghouse's March 21, 2002 Notice of Removal was timely filed.


EXHIBIT
C

articulated below, Plaintiff's Motion to Remand is hereby **GRANTED IN PART** and **DENIED IN PART** and Plaintiff's Motion for Severance is hereby **GRANTED**.

## I.

The following facts are germane to this Order. Madden served in the U.S. Navy for over twenty years. During his military service, he worked on at least one vessel (the USS Wren) that carried turbine generators manufactured by Westinghouse. Plaintiff maintains that those turbines emitted asbestos particles into the surrounding air, causing significant health hazards to persons working nearby. Madden allegedly inhaled a large quantity of this asbestos-laden dust and consequently, contracted mesothelioma. This painful condition, a cancer of the lung lining linked to asbestos exposure, caused Madden's recent death.

Westinghouse does not challenge Plaintiff's assertion that Madden worked in close proximity to its turbines. In fact, Westinghouse candidly admits that it used asbestos-containing thermal insulation in the manufacture of the marine turbines for the USS Wren. However, Westinghouse maintains that the decision to manufacture the turbines using asbestos-laden material was not its own. On the contrary, Westinghouse contends that it designed, manufactured and supplied the turbines in accordance with precise specifications and detailed regulations promulgated by a U.S. Naval Officer.

## II.

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal is proper. See Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). When determining the propriety of subject matter

jurisdiction in the context of a motion to remand, a district court must consider the claims in the plaintiff's state court petition as they existed at the time of removal.[5] See Manguno, 276 F.3d at 723; Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

In this case, Westinghouse asserts that federal jurisdiction exists pursuant to the Federal Officer Removal Statute, which provides:

> A civil action . . . .commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office.

28 U.S.C. § 1442(a)(1).A moving party satisfies the statute if the party: (1) demonstrates that it acted under the direction of a federal officer, (2) raises a federal defense to the plaintiffs' claims, and (3) demonstrates a causal nexus between the plaintiffs' claims and acts the party performed under color of federal office. See Mesa v. California, 489 U.S. 121, 124-25, 134-35, 109 S. Ct. 959, 962, 967, 103 L.Ed.2d 99 (1989). If the moving party satisfies these requirements, that party gains access to a federal forum even if the plaintiff's complaint fails to raise a federal question. See Ryan v. Dow Chem.Co., 781 F. Supp. 934, 939 (E.D.N.Y. 1992).

### III.

Prior to ascertaining whether Westinghouse properly invoked federal officer removal jurisdiction, the Court queries whether Westinghouse qualifies as a "person" in the context of §

---

[5] In her Motion to Remand, Plaintiff states that "to the extent any claims against Westinghouse regarding exposure to marine turbines assert theories of liability other than failure to warn, [Plaintiff] hereby waives[s] and disavow[s] any such claims." The Court acknowledges this statement and accordingly, invites Plaintiff to file a Motion to Dismiss her non-failure to warn causes of action. As stated above, however, the Court accepts Plaintiff's claims as alleged in her state court Petition (as it existed at the time of removal) for purposes of determining whether remand is proper. Plaintiff's state court allegations include claims pertaining to the design, manufacture and installation of marine turbines, in addition to Westinghouse's alleged failure to warn.

1442(a)(1). The Court in Arnold By and Through Arnold v. Blue Cross & Blue Shield of Texas, 973 F. Supp. 726 (S.D. Tex. 1997) held that corporations, such as Westinghouse, are not "persons" acting under a federal officer for purposes of federal officer removal. See id. at 739. In that case, the Court relied on the Supreme Court's decision in Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund, 500 U.S. 72, 86, 111 S. Ct. 1700, 1709, 114 L.Ed.2d. 134 (1991), which explained that Congress enacted § 1442 to protect individual officers, not federal agencies. See Arnold, 973 F. Supp. at 739. In light of Int'l Primate, the Arnold Court reasoned that corporations, like agencies, do not qualify as "person[s] acting under" an officer for purposes of the statute. See id. The Fifth Circuit's holding in Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387 (5th Cir. 1998), cert. denied, 526 U.S. 1034, 119 S. Ct. 1286, 143 L.Ed.2d 378 (1999), however, overrules Arnold. In that case, the Fifth Circuit expressly clarified that "corporate entities qualify as 'persons' under § 1442(a)(1)." Id. at 398; see also Guillory v. Ree's Contract Serv., Inc., 872 F. Supp. 344, 346 (S.D. Miss. 1994); Faulk v. Owens-Corning Fibreglass Corp., 48 F. Supp. 2d 653 (E.D. Tex. 1999) (holding by implication that corporate defendants are § 1442(a)(1) defendants).  In reaching their conclusion, the Fifth Circuit noted that the Supreme Court's holding in Int'l Primate had been superseded by a 1996 amendment to the statute that expressly allows federal agencies to remove actions against them to federal court. See Winters, 149 F.3d at 397, n. 12. Thus, Westinghouse is indeed a "person" for purposes of the Federal Officer Removal Statute.

### The Mesa Test

The Court now turns to the issue of whether Westinghouse satisfies the requisite test for federal officer jurisdiction articulated by the Supreme Court in Mesa. In support of its position, Westinghouse submits the affidavit of James M. Gate, former Manager of Design Verification of the Marine Division of Westinghouse, and a marine engineer for Westinghouse since 1953. Gate avers

that the Navy, via its Naval Sea Systems Command ("NAVSEA"), "exclusively developed ship designs and plans, as well as comprehensive and detailed regulations and specifications for all shipboard equipment, and its officers supervised, enforced and approved [Westinghouse's] compliance with the plans, regulations and specifications." Gate also avows that "[w]ith respect to turbines supplied by Westinghouse to the Navy for use aboard the USS Wren, all aspects of the design performance requirements, and materials used for construction, including thermal insulation, were specified by NAVSEA, which acted under the authority of the Secretary of the Navy. . . NAVSEA specifications incorporated military specifications, and these documents require use of asbestos-containing insulation for the turbines." Finally, Gate avers that "[t]he U.S. Navy had precise specifications as to the nature of any communication affixed to machinery supplied by Westinghouse to the Navy. Westinghouse would not have been permitted, under the specifications, associated regulations and procedures, nor under the actual practice as it evolved in the field, to affix any type of warning or caution statement to equipment intended for installation onto a naval vessel, beyond those required by the Navy, without prior discussion and approval by the Navy." Gate's affidavit is not rebutted by Plaintiff.

1.   Did Westinghouse act under the direction of a federal officer?

The first prong of the Mesa inquiry asks if Westinghouse demonstrates that it acted under the direction of a federal officer with respect to the conduct at issue. See Mesa, 489 U.S. at 125, 109 S. Ct. at 962-63. The submission of the uncontested Gate affidavit plainly shows that Westinghouse was acting under the direction of a Naval officer in the design and manufacture of the marine turbines. The Gate affidavit also demonstrates that warnings (if any) furnished by Westinghouse in connection with the turbines were made pursuant to Navy directives.

2.    Has Westinghouse raised a colorable federal defense?

The second issue to address under Mesa is whether Westinghouse raises a federal defense to Plaintiff's claims. See id. at 129, 109 S. Ct. at 965. Under Willingham v. Morgan, 395 U.S. 402, 89 S. Ct. 1813, 23 L.Ed.2d 396 (1969), any party qualifying as a federal officer who can raise a colorable defense arising out of their duty to enforce federal law is entitled to remove. The party need not prove that it can sustain the defense, but only that it presents a colorable claim. See id. at 406, 89 S. Ct. at 1816. As explained by the Willingham Court, "one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court." Id. at 407, 89 S. Ct. at 1816. However, the removing party need not prove its case prior to removal, and courts should not frustrate the policy of protecting federal officers by adopting "a narrow, grudging interpretation of § 1442(a)(1)." Id.

Westinghouse invokes the federal "military contractor defense" articulated by the Supreme Court in Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L.Ed.2d 442 (1988). Pursuant to this defense, a defendant who designs or manufactures products under the direction of the federal government can evade liability under state law for injuries resulting from the use of those products by demonstrating that: (1) the United States approved reasonably precise specifications for the contracted-for equipment; (2) the equipment conformed to those specifications; and (3) the equipment supplier warned the United States about possible dangers in the use of the equipment known to the supplier but unknown to the United States. See id. at 512, 108 S. Ct. at 2518. The Boyle Court explained that without this protection, government contractors facing possible liability arising from their performance of government contracts would either decline to manufacture equipment according to government specifications or raise their prices. See id. at 507, 108 S. Ct. at 2515-16. Either way, the United States' interest in the procurement of equipment would

be directly affected. Thus, this rationale provides a sufficient condition for the displacement of state law. See id. While Boyle applied the enunciated test to a design defect case, the Fifth Circuit later established that Boyle likewise applies in failure to warn scenarios. See Garner v. Santoro, 865 F.2d 629, 635 (5th Cir. 1989); Bynum v. FMC Corp., 770 F.2d 556, 574 n. 24 (5th Cir. 1985).

In her Motion to Remand, Plaintiff vehemently argues that Westinghouse cannot successfully establish the military contractor defense. Under Willingham, however, whether Westinghouse will ultimately prevail on the defense is irrelevant. So long as Westinghouse has established a *colorable* claim to a federal defense, the second prong of the Mesa test is satisfied. And in light of the unrebutted facts averred by Gate, Westinghouse easily sustains that burden.

### 3.   Has Westinghouse demonstrated a causal nexus?

The third prong of the Mesa test requires Westinghouse to exhibit a causal nexus between the claims against it and the acts it performed under the color of federal office. See Mesa, 489 U.S. at 133, 109 S. Ct. at 967. Plaintiff's claims against Westinghouse pertain to the design, construction and installation of marine turbines on U.S. Navy vessels; and to the warnings (or the lack thereof) affixed to those turbines. These turbines were constructed pursuant to stringent Naval specifications. Moreover, any warnings promulgated (or not promulgated) with respect to the turbines were governed by Navy guidelines. Thus, the causal nexus is axiomatic. Accordingly, because all three prongs of the Mesa test are satisfied in this case, Plaintiff's Motion to Remand is hereby **DENIED** with respect to her claims against Westinghouse only.

### IV.

In her Motion for Severance, Plaintiff requests that if the Court exercises subject matter jurisdiction over her claims against Westinghouse, the Court sever those claims from her claims against the other Defendants ("Remaining Claims") and remand the Remaining Claims to state court.

In evaluating Plaintiff's request, the Court is guided by the supplemental jurisdiction statute, 28 U.S.C. § 1367. Section (a) of that statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section (c) of the statute refines the supplemental jurisdiction doctrine by enumerating four circumstances in which District Courts have discretion to decline supplemental jurisdiction over state law claims: (1) when the claims raise novel or complex issues of state law; (2) when the claims substantially predominate over the claims within the district court's original jurisdiction; (3) when the district court dismisses the claims over which it has original jurisdiction; and (4) in exceptional circumstances, if there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

In this case, the second and fourth factors enumerated in § 1367(c) are clearly present. As stated in her Motion to Remand, Plaintiff intends to pursue only one cause of action against Westinghouse–failure to warn. Thus, a single claim asserted against a sole Defendant falls within the scope of the Court's original jurisdiction. On the other hand, the lengthy list of additional causes of action asserted against the remaining Defendants (all forty of them) are supplemental state law claims. Plainly, the Remaining Claims, which are exclusively derived from state law, "substantially predominate" over Plaintiff's single failure to warn claim against the sole "federal officer" Defendant. Moreover, the Court concludes that compelling reasons counsel in favor of remanding the Remaining Claims to state court. First, the Remaining Claims have been pending in state court (Plaintiff's chosen forum) for nearly two years. Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial (as opposed to a trial in a federal forum), would cause unnecessary hardship to all involved. Next, Plaintiff's state

court trial setting is less than eight weeks away. At this late date, practically on the eve of trial, the Court finds delaying the resolution of the Remaining Claims senseless and unjustified. Finally, if the Remaining Claims are not remanded, they will surely be transferred to the MDL Court in the Eastern District of Pennsylvania. There are thousands of asbestos cases pending in that forum and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years. Keeping those claims in federal court will not increase efficiency and expediency. Rather, the opposite is true. Accordingly, the Court declines to exercise its supplemental jurisdiction over the Remaining Claims. As such, those claims are hereby SEVERED from Plaintiff's claims against Westinghouse and REMANDED to the 122nd Judicial District Court for Galveston County, Texas.

IT IS SO ORDERED.

DONE this 22 day of May, 2002, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

**D**



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

Case No. 01-10578

§
§
§
FEDERAL-MOGUL GLOBAL, INC.            §      Chapter 11
§      (Pending in the United States
      DEBTOR                          §      Bankruptcy Court for the
§      District of Delaware)

§
DIANE MATHIAS, Individually and as    §
Personal Representative of the Heirs and  §      EP 01 CA 0380 DB
Estate of GEORGE MATHIAS, Deceased    §
§
vs.                                   §
§
ACandS, INC., et al.                  §

## ORDER GRANTING PLAINTIFF'S MOTION TO
## DISMISS CERTAIN CLAIMS WITH PREJUDICE

Came on to be considered plaintiff's motion to dismiss certain claims with
prejudice. The Court believes the motion has merit and should be granted. It is therefore
ORDERED that all of plaintiffs claims against defendant Viacom, Inc., on any theory
other than failure to warn, are hereby dismissed with prejudice.

Dated: ~~June~~ July 8 7th, 2002.

Honorable Judge ~~Samuel Kent~~
United States District Judge



EXHIBIT
D

E

EOD __MAY -1 2002__

FILED-CLERK
U.S. DISTRICT COUR

02 APR 29 PM 3: 14

TX EASTERN-BEAUMON

BY _____

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| COLLEEN CARTER, Individually and as | § | |
| Personal Representative of the Heirs and | § | |
| Estate of MARVIN CARTER, Deceased, | § | |
| and SUZETTE OLSON, Individually and as | § | |
| Personal Representative of the Heirs and | § | |
| Estate of ORVILLE OLSON, Deceased | § | |
| | § | |
| v. | § | Case No. 3:02-cv9 |
| | § | |
| ACandS, INC., ET AL. | § | |

## ORDER ON PLAINTIFF'S AGREED MOTION TO SEVER AND REMAND

Came on to be considered Plaintiff Suzette Olson's motion to sever and remand. The court is advised in the motion that counsel for Westinghouse, the only removing party, does not oppose this motion.

It is, therefore, **ORDERED** that the claims of Suzette Olson are hereby **SEVERED** from the claims of Colleen Carter, and the claims of Suzette Olson in this case are **REMANDED** to the state court from which they were removed.

Signed this the 27ᵗʰ day of April, 2002.

*Richard A. Schell*

Richard A. Schell, United States District Judge





A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT, TEXAS
BY