JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 16 2002

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

ORIGINATING FROM
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CATANIA, ET AL<br>         Plaintiffs | CIVIL ACTION |
| | NO. 02-368 |
| VERSUS | |
| | SEC. "D" |
| ACANDS, INC., ET AL.<br>         Defendants | MAG. DIV. (1) |

<u>PLAINTIFFS' REPLY MEMORANDUM TO THE OPPOSITIONS TO MOTION TO
VACATE CONDITIONAL TRANSFER ORDER FILED ON BEHALF OF VIACOM, INC., DSM
COPOLYMER, INC., EXXONMOBIL CORPORATION, THE DOW CHEMICAL COMPANY,
GARLOCK INC., OWENS-ILLINOIS, INC., UNIROYAL, INC., AMCHEM PRODUCTS,
INC., BABCOCK BORSIG POWER, INC. (F/K/A DB RILEY, INC. F/K/A RILEY
STOKER CORPORATION), REILLY-BENTON COMPANY, INC.,
ANCO INSULATIONS, INC., TAYLOR-SEIDENBACH, INC., AND ACANDS, INC.</u>

MAY IT PLEASE THE COURT:

   I.   INTRODUCTION.

   Plaintiffs, Barbara and Michael Catania, submit this reply memorandum to the oppositions to motion to vacate conditional transfer order filed on behalf of Viacom, Inc., DSM Copolymer, Inc., ExxonMobil Corporation, The Dow Chemical Company, Garlock Inc., Owens-Illinois, Inc., Uniroyal, Inc., AmChem Products, Inc., Babcock Borsig Power, Inc. (f/k/a DB Riley, Inc. f/k/a Riley Stoker

OFFICIAL FILE COPY
IMAGED JUL 18 '02

Corporation), Reilly-Benton Company, Inc., Anco Insulations, Inc., Taylor-Seidenbach, Inc., and ACandS, Inc. (hereinafter collectively referred to as "Defendants").

Of first note, Defendants' representation that Magistrate Judge Riedlinger "rejected plaintiffs' arguments disputing the validity of the third party demand and Copolymer's right to remove" is incorrect. In Magistrate Judge Riedlinger's Written Recommendation, he clearly stated that "[o]ther issues raised by the motion to remand should be addressed only if the court determines that the case was properly removed and decides not to remand the main demand". The improperly filed third party demand of Viacom, Inc. against DSM Copolymer, Inc. in this matter is one such issue on which plaintiffs have requested a ruling from Judge James J. Brady, United States District Court Judge for the Middle District of Louisiana, in this matter.

Plaintiffs also submit that Magistrate Judge Riedlinger was correct in his recommendation to sever the third party demand of Viacom, Inc. against DSM Copolymer, Inc., and to remand the main demand pursuant to 28 U.S.C. §1367. Defendants argue that 28 U.S.C. §1442 creates a form of ancillary jurisdiction over the nonfederal elements of this matter and rely upon cases decided well prior to the 1990 enactment of 28 U.S.C. §1367, on cases that did not address the court's right to remand nonfederal elements pursuant to 28 U.S.C. §1367, and on distinguishable cases arising from removals premised on federal statutes other than 28 U.S.C. §1442.[1] 28 U.S.C. §1367 was enacted in 1990 and, thereafter, codified under the name of supplemental jurisdiction the common law doctrines of "pendant" and "ancillary" jurisdiction. The only two published cases similar to the matter at hand which addressed a party's right to remand

---

[1] Defendants cite various cases that are distinguishable and inapplicable to the present matter because those cited cases were removed pursuant to 28 U.S.C. §1441, etc., which set forth different standards in regards to the court's discretion to remand the additional state law claims. For example, see 28 U.S.C. §1441(c).

and/or sever claims pursuant to 28 U.S.C. §1367 where federal jurisdiction is derived from 28 U.S.C. §1442, have allowed severance and remand of the main demands in said actions. See *Crocker v. Borden, Inc.*, 852 F.Supp. 1322 (E.D. La. 1994), and *Madden v. Able Supply Company*, 2002 WL 1271680 (S.D. Tex May 27, 2002). Clearly, Magistrate Judge Riedlinger was correct in his application of 28 U.S.C §1367 to the facts of the instant case.

In the *Crocker* case, the court fully addressed the applicability of 28 U.S.C. §1367 to cases removed to federal court after 1990 pursuant to 28 U.S.C. §1442. In considering the applicability of 28 U.S.C. §1367 to such cases, the Court provided the following in pertinent part:

> The critical question then becomes whether the Court has supplemental jurisdiction over the main demand, and if so, does the Court have the discretion to decline jurisdiction over the main demand, sever it from the third-party claims, and remand it to state court. Even further, if that discretion does exist, the Court must consider whether that discretion should be so exercised. This discussion must therefore begin with an examination of the supplemental jurisdiction statute, <u>28 U.S.C. §1367</u>, which has overruled the pendent party jurisdiction doctrine of <u>Finley v. United States, 490 U.S. 545, 547, 109 S.Ct. 2003, 2005, 104 L.Ed.2d 593 (1989)</u>. See, <u>Rodriguez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1018 (5th Cir. 1993)</u>. This statute, which was enacted in 1990, is applicable to this action as it was commenced after December 1, 1990. See, <u>Rodriguez, 980 F.2d at 1018</u>, and <u>Whalen v. Carter, 954 F.2d 1087, 1097 n. 10 (5th Cir. 1992)</u>.
>
> . . .
>
> The *Practice Commentary*, by David D. Siegel, which follows the statute in the United States Code Annotated, illuminates the legislative intent and judicial underpinnings of the statute. **Supplemental jurisdiction codifies the caselaw doctrines of "pendent" and "ancillary" jurisdiction.** The Supreme Court in <u>United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)</u>, recognized the doctrine of pendent jurisdiction, wherein the federal court is *permitted* to entertain both federal claims and state claims of the plaintiff in the federal forum. *Practice Commentary*, 28 U.S.C. §1367, p. 829 (West 1994). [Emphasis added].
>
> "Pendent party" jurisdiction, which addressed the situation where a plaintiff asserted federal claims against one party and purely state claims against a different party, was rejected in <u>Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976)</u>, and again rejected in <u>Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989)</u>, even where the federal claim was within the exclusive jurisdiction of the federal courts, such that

there was no single forum where the plaintiff could bring both claims. Both <u>Aldinger</u> and <u>Finley</u> were legislatively overruled by the last sentence of subdivision (a) of §1367, which states that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." *Practice Commentary*, pp. 831-832.

After further analysis of relevant caselaw by the Court, the court then properly concluded that it could exercise supplemental jurisdiction over the main demands in that case. The court noted, however, that it was apparent that while allowing federal courts to take supplemental jurisdiction over state law claims, Congress intended for federal courts to have the discretion to decline such jurisdiction when circumstances so warrant. As such, the court then had to answer the difficult question of whether it should decline to exercise that jurisdiction. In considering this issue the Court stated:

> ...In reaching this decision pursuant to 28 U.S.C. §1367, the Court shall bear in mind the considerations of judicial economy, convenience, and fairness to the litigants embraced in <u>United Mine Workers</u> and so often repeated. Important to this inquiry is the fact that there are approximately 3,000 plaintiffs whose suits are pending in the state court, their chosen forum. Their claims against the defendants are exclusively derived from state law. The 10 plaintiffs in Flight 2 whose cases were removed have trial dates pending in state court in about one month. Their cases have been pending for almost three years.
>
> If these cases are not remanded, they must be transferred to the United States District Court for the Eastern District of Pennsylvania, where literally many thousands of asbestos cases filed in federal court are presently pending in MDL-875. If history is any indicator, these cases most assuredly will not be tried for several years, perhaps not until the turn of the century. There is no reason to believe that, in terms of expediency and efficiency, these cases ought to be in federal court where they would be tried with all due haste. Unfortunately, quite the opposite appears to be truth.

*Crocker*, 852 F.Supp. at 1330. After further discussion, the Court remanded the main demands to state court, and severed the third party claim which remained in federal court. In making its ruling, the Court provided:

> Upon due consideration of the policies of judicial economy, convenience, and fairness to the parties, as outlined herein, the Court finds that the main demand ought to be severed from OCF's third-party claims against Westinghouse for exposures to asbestos contained in marine turbines constructed for the Navy and that the

4


Court should decline supplemental jurisdiction over the main demands and the third-party claims unrelated to the Westinghouse marine turbines and remand them to state court. Clearly state claims substantially predominate over the lone federal claim. 28 U.S.C. §1367(c)(2). Further, the compelling reasons outlined above convince this Court that as a matter of fairness to the litigants, the main demands ought to be remanded for trial. 28 U.S.C. 1367(4).

*Id.*

Likewise, in a similar asbestos case, the United States District Court for the Southern District of Texas recently employed the same reasoning as Judge Rieldinger and the case of *Crocker v. Borden, Inc.*, 852 F.Supp. 1322 (E.D. La. 1994), in its decision to sever and remand the predominate state law claims back to state court. In *Madden v. Able Supply Company*, 2002 WL 1271680 (S.D. Tex May 27, 2002), the court supported this ruling by providing the following:

> In her Motion for Severance, Plaintiff requests that if the Court exercises subject matter jurisdiction over her claims against Westinghouse, the Court sever those claims from her claims against the other defendants ("Remaining Claims") and remand the remaining claims to state court. In evaluating Plaintiff's request, the Court is guided by the supplemental jurisdiction statute, 28 U.S.C. §1367. Section (a) of the statute provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Unites States Constitution." 28 U.S.C. §1367(a). Section (c) of the statute refines the supplemental jurisdiction doctrine by enumerating four circumstances in which District Courts have discretion to decline supplemental jurisdiction over state law claims: (1) when the claims raise novel or complex issues of state law; (2) when the claims substantially predominate over the claims within the district court's original jurisdiction; (3) when the district court dismisses the claims over which it has original jurisdiction; and (4) in exceptional circumstances, if there are other compelling reasons for declining jurisdiction. 28 U.S.C. §1367(c).
>
> In this case, the second and fourth factors enumerated in §1367(c) are clearly present. As stated in her Motion to Remand, Plaintiff intends to pursue only one cause of action against Westinghouse-failure to warn. Thus, a single claim asserted against a sole defendant falls within the scope of the Court's original jurisdiction. On the other hand, the lengthy list of additional causes of action asserted against the remaining defendants (all forty of them) are supplemental state law claims. Plainly, the Remaining Claims, which are exclusively derived from state law, "substantially predominate" over Plaintiff's single failure to warn claim against the sole "federal officer" defendant. Moreover, the Court concludes

that compelling reasons counsel in favor of remanding the Remaining Claims to state court. First, the Remaining Claims have been pending in state court (Plaintiff's chosen forum) for nearly two years. Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial (as opposed to a trial in a federal forum), would cause unnecessary hardship to all involved. Next, Plaintiff's state court trial setting is less than eight weeks away. At this late date, practically on the eve of trial, the Court finds delaying the resolution of the Remaining Claims senseless and unjustified. Finally, if the Remaining Claims are not remanded, they will surely be transferred to the MDL Court in the Eastern District of Pennsylvania. There are thousands of asbestos cases pending in that forum and, if history be any indicator, Plaintiff's claims against the remaining defendants will not be heard for many years. Keeping these claims in federal court will not increase efficiency and expediency. Rather, the opposite is true. Accordingly, the Court declines to exercise its supplemental jurisdiction over the Remaining Claims. As such, those claims are hereby SEVERED from Plaintiff's claims against Westinghouse and REMANDED to the 122nd Judicial District Court for Galveston County, Texas.

Clearly, *Crocker* and *Madden* are the correct interpretations of the applicability of 28 U.S.C. §1367 to cases removed under the guise of 28 U.S.C. §1442, and Magistrate Judge Riedlinger was correct in his recommendation to sever the third party demand of Viacom, Inc. against DSM Copolymer, Inc., and to remand the main demand solely based upon state law back to the state court.

Defendants also contend that "exceptional circumstances" do not exist to support remand of the main demand to state court. Barbara Catania is suffering from the terminal disease of mesothelioma, and she is not expected to live past six months. Louisiana gives such dying victims the right pursuant to La. Code of Civil Pro. art. 1573 to an expedited trial setting to ensure their right to have their claims heard in court prior to their death.[2] As recognized in *Crocker*

---

[2] Despite defendants' contentions otherwise, an expedited trial date had been set in this matter for June 10, 2002, by the Civil District Court for the Parish of Orleans. That trial date was never vacated, and a status conference was scheduled in regards to same for April 17, 2002, with Judge Jewel E. Welch of the 19th Judicial District Court for the Parish of East Baton Rouge to whom the case was allotted after the transfer from the Civil District Court for the Parish of Orleans. Not surprisingly, however, DSM Copolymer, Inc. filed its notice of removal with this court on April 9, 2002, a few days prior to the scheduled status conference with Judge Welch.

and *Madden*, if the main demand is not remanded back to state court in the instant case, transfer to the MDL will take place, ensuring that Barbara Catania will die before her case ever gets to trial. Undersigned counsel is at a loss at how defendants can claim that "exceptional circumstances" do not exist warranting remand of the main demand in this matter in light of Barbara Catania's terminal condition. Plaintiffs further show that DSM Copolymer, Inc. will likely be dismissed from the third party demand of Viacom, Inc. based on its assertions strenuously presented and argued in favor of removal of this matter to this federal court. Judicial efficiency and plaintiffs' right to an expedited trial date mandate that plaintiffs' state law claims be remanded to the state court for timely adjudication. Likewise, as DSM Copolymer, Inc. and ExxonMobil Corporation are represented by the same attorneys, there will be no prejudice to DSM Copolymer, Inc. regarding its ability to conduct efficient discovery in regards to this matter.

Plaintiffs show that defendants' reliance on the case of *Anderson v. Red River Waterway Com'n*, 231 F.3d 211 (5th Cir. 2000), is also misplaced, as that case dealt with a removal under 28 U.S.C. §1441 which is clearly distinguishable from the present matter which was removed pursuant to 28 U.S.C. §1442. As such, the holding and reasoning of the *Anderson* case is inapplicable to the facts of this matter and should not be considered by this Honorable Court. Furthermore, the *Anderson* case did not involve a plaintiff not expected to live past six (6) months entitled to an expedited trial setting under Louisiana law pursuant to La. Code of Civ. Pro. art. 1573.

In Viacom, Inc.'s opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order, Viacom makes many representations that are clearly incorrect, and unsupported in fact. First, Viacom incorrectly alleges that "plaintiffs do not contend that Mrs. Catania used any asbestos-containing products", when plaintiffs clearly have alleged exposure of Mrs. Catania from her use of

asbestos-containing materials brought home by her uncles. Viacom then represents that "Viacom's exceptions were denied by Judge Bagneris on February 28, 2002", which is also incorrect. As can be seen from reviewing Exhibit "C"-Exhibit "1" attached to Plaintiffs' Memorandum in Support of Motion to Vacate Conditional Transfer Order, Judge Bagneris specifically declined to rule on any exceptions/motions that were set for hearing on February 28, 2002, pending his decision on the Motion to Transfer Venue filed by certain defendants in this matter. Exhibit "1" attached to Exhibit "C" of Plaintiffs' Memorandum in Support of Motion to Vacate Conditional Transfer Order-Transcript from 2/28/02 hearing at pp. 4 and 48-51. On March 4, 2002, Judge Bagneris granted the Motion to Transfer Venue and transferred the case to the 19th Judicial District Court, Parish of East Baton Rouge. As Judge Bagneris decided to transfer this matter, he never ruled on any of the exceptions filed on behalf of Viacom in this matter, leaving same for the allotted Judge sitting in the transferee court. Surely if Judge Bagneris had made such a ruling or issued such an order, counsel for Viacom would have attached same to its opposition. As Judge Bagneris made no such ruling, this is something Viacom cannot do. Accordingly, Viacom's representation that Judge Bagneris made such a ruling is incorrect.

Viacom then argues that "the scheduling order ignores the fact that Judge Bagneris did not possess the authority to abrogate rights granted to Viacom by the Louisiana legislature", and that the "Louisiana Supreme Court has recognized that local rules regulating legal proceedings that conflict with legislative enactments are null and void", and then cites cases that are inapposite to the facts presented in this matter.[3] Viacom seems confused as to the Louisiana

---

[3] The case of *Krueger v. Tabor*, 546 So.2d 1317 (La. App. 3 Cir. 1989), cited by Viacom in its opposition, is clearly distinguishable from the facts presented in this matter. *Krueger* did not deal with a Scheduling Order entered in accordance with La. Code of Civil Procedure art. 1551, or with a defendant such as Viacom who had missed the deadline date for filing third party demands despite its active participation in the selection of the cutoff dates, including the

statutory authority that allowed Judge Bagneris to impose various deadlines, including deadlines for filing third party demands, which is Louisiana Code of Civil Procedure art. 1551. Judge Bagneris did not rely upon a local rule in imposing this deadline, and as such, Viacom's reliance on the case of *Rodrigue v. Rodrigue*, 591 So.2d 1171 (La. 1992), is also misplaced. Furthermore, as Viacom concedes that the Louisiana Code of Civil Procedure is controlling in these regards, Viacom cannot legitimately dispute that La. Code of Civil Procedure art. 1551 gave Judge Bagneris the authority to impose the third party demand deadline date, which thereafter controlled the subsequent course of action. Furthermore, counsel for plaintiffs and counsel for defendants, including, but not limited to, counsel for Viacom, all jointly agreed upon the dates entered on the Scheduling Order signed by Judge Bagneris in this matter. Viacom should not now be allowed to "turn tail" from its earlier agreements made in this matter. Likewise, from a quick review of plaintiffs' motion to vacate conditional transfer order filed in this matter, it is clear that Viacom was in a position to file its third party demand against DSM Copolymer, Inc. prior to the January 28, 2002, cutoff date for filing said third party demands.

Viacom next seeks to distort the legal effect of Judge Bagneris' March 4, 2002, Order, which transferred this case to the 19th Judicial District Court for the Parish of East Baton Rouge. Clearly, Judge Bagneris' March 4th Order vested sole jurisdiction over the *Catania* case in the 19th Judicial District Court as of March 4, 2002. Likewise, it is also equally apparent that Judge Bagneris never entered an order vacating the March 4, 2002, transfer order in this matter. As such, Viacom, Inc.'s late filed third party demand was filed in a

---

cutoff date for filing third party demands that was entered on the Scheduling Order pursuant to art. 1551. Likewise, *Krueger* did not deal with a case that had been set for trial on an expedited basis pursuant to La. Code of Civil Procedure art. 1573, due to the fact that Barbara Catania is not likely to survive beyond 6 months. Accordingly, *Krueger* is inapplicable to this matter.

court clearly without jurisdiction over the matter, and, accordingly, null, void, and without legal effect.

**WHEREFORE, FOR ALL OF THE REASONS SET FORTH ABOVE AND IN PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MEMORANDUM IN SUPPORT THEREOF,** it is respectfully submitted that Plaintiffs' Motion to Vacate Conditional Transfer should be granted and the action remanded to the state court from which it was improperly removed.

Respectfully submitted,

ROUSSEL AND ROUSSEL

GEROLYN P. ROUSSEL, TA- 1134
PERRY J. ROUSSEL, JR. - 20351
JULES K. BOUDREAUX - 24309
1710 Cannes Drive
LaPlace, LA 70068
Telephone: (985)651-6591
ATTORNEYS FOR PLAINTIFFS,
BARBARA AND MICHAEL CATANIA

### CERTIFICATE OF SERVICE

I hereby certify that a copy of **Plaintiffs' Reply Memorandum to the Oppositions to Motion to Vacate Conditional Transfer Order** has been served upon the parties listed below (as reflected on Attachment "A") by mailing same to each, properly addressed and postage prepaid, on this 15th day of July, 2002.

JULES K. BOUDREAUX

10

<u>COUNSEL LIST</u>

**ACANDS, INC.**
Kay Barnes Baxter
Barfield & Associates, P.A.
400 Poydras Street, Suite 1460
New Orleans, LA 70130

**ANCO INSULATIONS, INC.**
**(SUCCESSOR TO THE ABER COMPANY, INC.)**
Julie DiFulco Robles
Hailey, McNamara, Hall, Larmann
 & Papale, L.L.P.
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie LA 70001-8288

**BABCOCK BORSIG POWER, INC.**
**(FORMERLY DB RILEY, INC.**
**FORMERLY RILEY STOKER CORPORATION)**
James F. d'Entremont
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

**COMBUSTION ENGINEERING, INC.**
Larry G. Canada
Galloway, Johnson, Tompkins, Burr & Smith
701 Poydras Street
One Shell Square
Suite 4040
New Orleans LA 70139

**THE DOW CHEMICAL COMPANY**
Gregory E. Bodin/ David M. Bienvenu, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS, L.L.P.
P.O. Box 2471
Baton Rouge, LA 70821

**EAGLE, INC.**
**(FORMERLY EAGLE ASBESTOS & PACKING COMPANY, INC.)**
Lawrence G. Pugh, III
Montgomery, Barnett, Brown,
 Read, Hammond & Mintz
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200

ATTACHMENT "A"

**EXXON MOBIL CORPORATION (FORMERLY EXXON CORPORATION, FORMERLY HUMBLE OIL & REFINING COMPANY, FORMERLY ESSO STANDARD OIL COMPANY, FORMERLY STANDARD OIL COMPANY OF NEW JERSEY)**
**and DSM COPOLYMER, INC:**
Gregory M. Anding
Gary A. Bezet
KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

**THE FLINTKOTE COMPANY**
Valerie T. Schexnayder
Hailey, McNamara, Hall, Larmann,
   & Papale, L.L.P.
One Galleria Blvd., Suite 1400
P.O. Box 8288
Metairie LA 70011-8288

**FOSTER-WHEELER CORPORATION**
Lynn M. Luker/Patrick D. McMurtray
Lynn Luker & Associates, L.L.C.
616 Girod Street
Suite 200
New Orleans LA 70130

**GARLOCK, INC.**
Glenn L.M. Swetman/ Troy Bell
Aultman, Tyner, Ruffin & Yarborough, Ltd.
400 Poydras Street
Suite 2250
New Orleans LA 70130

**GENERAL ELECTRIC COMPANY**
Cory R. Cahn
Slater Law Firm
650 Poydras Street
Suite 2600
New Orleans LA 70130-6101

**THE MCCARTY CORPORATION**
**(SUCCESSOR TO MCCARTY BRANTON, INC., AND PREDECESSOR AND SUCCESSOR TO MCCARTY INSULATION SALES, INC.)**
Susan B. Kohn / Michael D. Harold
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000

OWENS - ILLINOIS, INC.
and UNIROYAL, INC.
W. Scott Brown
Forman, Perry, Watkins, Krutz & Tardy, PLLC
Suite 1200, One Jackson Place
188 East Capitol Street
Post Office Box 22608
Jackson, MS 39225-2608

REILLY-BENTON COMPANY, INC.
Stephen N. Elliott/ William L. Brockman
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie LA 70055-5490

RHONE-POULENC AG COMPANY
(FORMERLY BENJAMIN-FOSTER, DIVISION OF AMCHEM PRODUCTS, FORMERLY UCAR CORP., FORMERLY AM-CHEM PRODUCTS, INC.)
A. Wendel Stout, III
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130-3672

TAYLOR-SEIDENBACH, INC.
C. Kelly Lightfoot
HAILEY, MCNAMARA, HALL,
  LARMANN & PAPALE, LLP
Suite 1400, One Galleria Blvd.
Post Office Box 8288
Metairie, LA   70001-8288

VIACOM, INC.
(FORMERLY CBS CORPORATION, FORMERLY WESTINGHOUSE ELECTRIC CORPORATION)
William L. Schuette, Jr./ Leon Gary, Jr.
Jones, Walker, Waechter, Poitevent,
  Carre're & Dene'gre, L.L.P.
5th Floor, Four United Plaza
8555 United Plaza Blvd.
Baton Rouge, LA 70809-7000

## PANEL SERVICE LIST (Excerpted from CTO-213)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Barbara Catania, et al. v. ACandS, Inc., et al.*, M.D. Louisiana, C.A. No. 3:02-368

Kay B. Baxter
Duncan & Courington, L.L.C.
322 Lafayette Street
New Orleans, LA 70130

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough, Ltd.
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Gary A. Bezet
Kean, Miller, Hawthorne, D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

David M. Bienvenu, Jr.
P.O. Box 2471
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jules K. Boudreaux
Roussel & Roussel
1710 Cannes Drive
LaPlace, LA 70068

William L. Brockman
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

W. Scott Brown
Forman, Perry, Watkins, Krutz & Tardy
1515 Poydras Street
Suite 1420
New Orleans, LA 70112

Cory R. Cahn
Slater Law Firm
Poydras Center, Suite 2600
650 Poydras Street
New Orleans, LA 70130

Larry G. Canada
Galloway, Johnson, Tompkins, Burr & Smith
One Shell Square
701 Poydras Street, Suite 4040
New Orleans, LA 70139

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Leon Gary, Jr.
Jones, Walker, Waechter, et al.
8555 United Plaza Boulevard
5th Floor
Baton Rouge, LA 70809

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

PANEL SERVICE LIST (Cont.) MDL-875                                    PAGE 2

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Patrick D. McMurtray
Luker, Sibal & McMurtray, L.L.C.
616 Girod Street
Suite 200
New Orleans, LA 70130

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Dwight C. Paulsen, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Julie Robles
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70001

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Valerie T. Schexnayder
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70001

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406