JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 16 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET No. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*George Baca, et al., v. A.P. Green Industries, et al.*, D. New Mexico, C.A. No. 1:02-506
*Tony Chavez, et al., v. A.P. Green Industries, et al.*, D. New Mexico, C.A. No. 1:02-515
*Leon Chavez, et al., v. A.P. Green Industries, et al.*, D. New Mexico, C.A. No. 1:02-517
*Willis Hardy, et al., v. ACM Corp., et al.*, D. New Mexico, C.A. No. 1:02-518
*Robert Biel, et al., v. AC&S, et al.*, D. New Mexico, C.A. No. 1:02-519
*William Amon, et al., v. AC&S, et al.*, D. New Mexico, C.A. No. 1:02-520
*Aurelio Saiz, et al., v. AC&S, et al.*, D. New Mexico, C.A. No. 1:02-521
*Richard Ortiz, et al., v. ACM Corp., et al.*, D. New Mexico, C.A. No. 1:02-522
*Jackie Litten v. AC&S, et al.*, D. New Mexico, C.A. No. 1:02-516

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-214

### Introduction

Defendant Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 214 which was entered on June 12, 2002. This Panel ordered that the above-noted cases be conditionally transferred to the Eastern District of Pennsylvania for inclusion in the centralized proceedings occurring there in this docket before Judge Charles R. Weiner, involving allegations of personal injury caused by asbestos exposure. The nine actions herein similarly involve allegations of personal injury caused by asbestos exposure and were properly transferred. The present stay should be lifted and permanent transfer of these case to MDL-875-In Re Asbestos Products Liability Litigation (No. VI) should be ordered by this Panel.

Since 1991, the federal cases involving asbestos-related personal injury actions have been centralized in a single forum, the Eastern District of Pennsylvania. (See In re Asbestos Products Liability litigation (No. VI), Opinion and Order, Docket No. 875 (July 29, 1991). The Panel's issuance of the conditional transfer orders in these nine asbestos cases was proper, and plaintiffs have not provided any legal basis for disturbing these orders.

Specifically, plaintiffs' motion should be denied for the following reasons: <u>First</u>, the nine asbestos actions here involve common questions of fact and law with those asbestos-related personal injury actions previously transferred to the Eastern District of Pennsylvania. The

1

**OFFICIAL FILE COPY**

IMAGED JUL 18 '02

transfer of these actions for inclusion in the coordinated or consolidated pretrial proceedings occurring in the Eastern District of Pennsylvania will therefore serve the convenience of parties and witnesses, promoting the just and efficient conduct of the litigation.  Second, plaintiffs' sole argument that the pendency of motions for remand as a basis to vacate or stay these CTOs contradicts existing case law issued by this Panel, which has consistently ruled that the pendency of a motion for remand does not defeat transfer.

### These Cases Are "Tag-Along" Actions Of The Exact Type The Judicial Panel Has Designated For Transfer.

Beginning in July of 1991, federal cases involving allegations of personal injury or wrongful death caused by asbestos have been centralized in a single forum, the Eastern District of Pennsylvania.  See In re Asbestos Products Liability litigation (No. VI), Opinion and Order, Docket No. 875 (July 29, 1991).  This effort towards economizing federal judicial resources applies equally in "tag-along actions," like these 9 cases, where "common questions of fact" are involved in "a civil action pending in a district court."  See MDL Rules 1.1, 7.4.

Asbestos cases "are particularly well-suited for multidistrict transfer, even where their presence in federal court is subject to a pending jurisdictional objection.  The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases throughout the nation.  That issue, however, involves common questions of law and fact. . . ."  In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990) (emphasis added).

The nine virtually identical actions at issue all involve personal injury claims arising from alleged exposure to asbestos-containing products.  The complaints filed on behalf of these plaintiffs state facts and allege causes of action based on legal issues raised in most, if not all, asbestos cases.  Thus, the factual inquiries involving plaintiffs here will mirror those of the plaintiffs in cases already assigned to the MDL Court for pretrial proceedings.  Therefore, in the interest of efficiency, economy of the courts and the parties, and the ends of justice, transfer is appropriate.

### The Pendency of a Motion for Remand to State Court is Not a Proper Basis for Denial of Transfer.

Plaintiffs acknowledge that these cases fall within the category of cases that should be transferred to MDL No. 875. See Pl. Mot. at 1 ("[t]he plaintiffs bring claims for asbestos-related injury"). Plaintiffs nonetheless argue that these cases should not be transferred to MDL No. 875 because motions to remand are before the New Mexico court. See Pl. Br. at 1 ("The Conditional Transfer Order should be vacated because the transferor court, United States District Court for the District of New Mexico has before it Plaintiffs Motion to Remand to State Court"). Thus, plaintiffs improperly request that this Panel should vacate the CTO until the federal district court in New Mexico addresses plaintiffs' pending motion to remand, see id. at 2, because that court is allegedly "best suited to decide" that motion. Pl. Br. at 2.

Plaintiffs' identical arguments herein against transfer have been rejected by this Panel repeatedly. The Judicial Panel and the federal courts have clearly spoken regarding the propriety of multidistrict transfer and consolidation of asbestos cases. Indeed, the instant actions are exactly the kind of tag-along cases that this Panel has ordered transferred, having already decided the exact issue in a case that is directly on point:

> Before the MDL Panel, petitioners moved to vacate the Conditional Transfer Order. They also moved in the [District Court] to remand the action to the Texas state court, but the district court declined to rule on the remand motion, stating that it would defer to the decision of the MDL Panel. The MDL Panel thereafter ... issued a Transfer Order ....
>
> The MDL Panel based its decision to transfer on its findings "that Ivy involves common questions of fact with the actions in this litigation previously transferred ... and that transfer of Ivy ... for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."

Ivy, 901 F.2d at 8 (quoting In re "Agent Orange" Prod. Liab. Litig., No. 381, slip op. at 1 (Jud.Pan.Mult.Lit. Oct. 4, 1989)). Thus, in Ivy, the Panel found that transfer was proper despite, as with these cases, a pending motion to remand to state court. The situation is identical to that in the current litigation, and the Panel acknowledged "that the plaintiffs' motion to remand to Texas state court could be heard and decided by the transferee judge ...." Id.

3

Similarly, here, Judge Weiner should hear and rule upon any pretrial motions, including motions to remand to state court, due to his expertise and experience in handling these cases and the overriding need for uniformity of decision in similar actions. This is especially crucial where questions of federal jurisdiction arise, and inconsistent rulings in nearly identical cases could create great conflict and controversy. "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." Id. at 9.

It is precisely this potential for inconsistency and conflict that multidistrict consolidation is intended to prevent. The MDL Panel acknowledged this in finding that centralization best served all asbestos litigants and would "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). The Panel concluded that one of "[t]he most objectionable aspects of asbestos litigation [is that] . . . the same issues are litigated over and over." In re Asbestos Products Liability Litigation (No. VI), Opinion and Order, Docket #875, at 6.

The transferee MDL Court has a great wealth of knowledge and a special ability, born of experience, to analyze the issues presented, some of which may be relevant only in asbestos cases, and therefore not so obvious to other courts. This expertise is invaluable. See Ivy, 901 F.2d at 9 ("there are real economies in transferring such cases to" a judge who has been handling similar litigation for a significant time).

The existence of pending motions does not alter the interest of the Panel in transferring cases in order to achieve its goal of judicial economy. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[1] and has

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2001) (transfer order), at 1-2.

explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[2]

In support of their motion, plaintiffs argue at length that the New Mexico federal court retains the authority to rule on plaintiffs' motion to remand "during the pendency of a Conditional Transfer Order." Pl. Br. at 4. As explained above, this Panel has repeatedly held that final transfer should go forward in precisely those circumstances.[3]

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-214 with respect to this case. For these reasons, the Panel should deny plaintiffs' motion.

### Plaintiffs Inappropriately Address the Merits of the Remand Motion

Plaintiffs attempt to use this forum to argue the merits of remand of these cases to the New Mexico State Court. Pl. Br. at 2 and 3. But this Panel is not charged with authority to decide motions for remand. If it was, Owens-Illinois would argue (persuasively, we believe) that the cases properly belong in federal court. Rather than meet plaintiffs' inappropriately made

---

[2] The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1.

[3] Plaintiffs' citation to Viala v. Owens-Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. Apr. 13, 1994) and McQuilkin v. Ford Motor Co., 2001 WL 197840 (E.D. La. Feb. 23, 2001) does not change that conclusion. In both cases, transferor courts elected to rule on motions to remand before the cases were finally transferred by the Panel. Likewise, here, the District of New Mexico may rule on plaintiffs' motion to remand prior to final transfer; but such a ruling by the transferor court is not a precondition to final transfer.

arguments Owens-Illinois simply notes that since that issue is not part of this Panel's charge, plaintiffs' brief on that issue cannot, and should not, be considered in deciding to transfer these actions to the MDL Court.

## CONCLUSION

Based on the foregoing, Owens-Illinois urges the Panel to issue a final order transferring these tag-along actions to the Eastern District of Pennsylvania. Both the MDL Panel and the Second Circuit have held that the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." Ivy, 901 F.2d at 9. Here the MDL Court has the identical jurisdictional question already under submission. Since it is unquestionable that these are tag-along actions in federal court, the motion to vacate the Conditional Transfer Order should be denied.

Respectfully submitted,

Dated: July 14, 2002

MORGENSTEIN & JUBELIRER
By: _____
Lori R. Wallerstein
[Cal. State Bar No. 170894]
Morgenstein & Jubelirer LLP.
One Market Plaza
Spear Street Tower, 32nd FL.
San Francisco, CA 94105
(415) 901-8700

Attorneys for Defendant
Owens-Illinois, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 16 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of July, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing **DEFENDANT OWENS-ILLIONOIS INC'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER - 214** to be served via Federal Express on the Clerk of the :

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N>E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 15th day of July, 2002, I caused copies of the foregoing Joinder to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 15th day of July, 2002, I caused a copy of the foregoing Joinder to be served by first-class mail, postage prepaid, on the clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

25555.00031/387819.1
07/15/02

PANEL SERVICE LIST (Excerpted from CTO-214)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*George Baca, et al., v. A.P. Green Industries, et al.,* D. New Mexico, C.A. No. 1:02-506
*Tony Chavez, et al., v. A.P. Green Industries, et al.,* D. New Mexico, C.A. No. 1:02-515
*Leon Chavez, et al., v. A.P. Green Industries, et al.,* D. New Mexico, C.A. No. 1:02-517
*Willis Hardy, et al., v. ACM Corp., et al.,* D. New Mexico, C.A. No. 1:02-518
*Robert Biel, et al., v. AC&S, et al.,* D. New Mexico, C.A. No. 1:02-519
*William Amon, et al., v. AC&S, et al.,* D. New Mexico, C.A. No. 1:02-520
*Aurelio Saiz, et al., v. AC&S, et al.,* D. New Mexico, C.A. No. 1:02-521
*Richard Ortiz, et al., v. ACM Corp., et al.,* D. New Mexico, C.A. No. 1:02-522
*Jackie Litten v. AC&S, et al.,* D. New Mexico, C.A. No. 1:02-516

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland. OH 44114

John M. Brant
Rodey, Dickason, Sloan, Akin & Robb
P.O. Box 1888
Albuquerque, NM 87103

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Bums, While & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Tim L Fields
Modrall, Sperling, Roehl, Harris & Sisk
P.O. Box 2168
Albuquerque, NM 87103

Raymond P Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Monica C. Guardiola
Baker & Hostetler
303 East 17th Avenue, #1100
Denver, CO 80203

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street

Philadelphia, PA 19102

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Ronald L. Motley
Noss, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Gregory V. Pelton
Pelton & Associates
4300 Carlisle, N.E, #4
Albuquerque, NM 87107

John J. Rebcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Thomas A. Sandenaw
Sandenaw & Piazza, PC
2951 A Roadrunner Parkway
Las Cruces, NM 88011

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus. OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasoun, McGuire & Spinelli, L.L.P.
Centre Square West, 15th Floor
Philadelphia, PA 19102

Bruce H. Strotz
Fairfield, Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Robert E. Swickle
Jaques Admiralty Law Firm. P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406