MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUL 18 2002

MDL DOCKET No. 875

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| GEORGE BACA, ET AL., ) | No. 02-506 (D.N.M.) |
| TONY CHAVEZ, ET AL., ) | No. 02-515 (D.N.M.) |
| LEON CHAVEZ, ET AL., ) | No. 02-517 (D.N.M.) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| A.P. GREEN INDUSTRIES, ET AL., ) | |
| ) | |
| Defendants. ) | |
| WILLIS HARDY, ET AL., ) | No. 02-518 (D.N.M.) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| ACM CORP., ET AL., ) | |
| ) | |
| Defendants. ) | |
| ROBERT BIEL, ET AL., ) | No. 02-519 (D.N.M.) |
| WILLIAM AMON, ET AL., ) | No. 02-520 (D.N.M.) |
| AURELIO SAIZ, ET AL., ) | No. 02-521 (D.N.M.) |
| JACKIE LITTEN, ET AL., ) | No. 02-516 (D.N.M.) |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AC&S, ET AL., ) | |
| ) | |
| Defendants. ) | |

**OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-214**

**OFFICIAL FILE COPY**

IMAGED JUL 19 '02

- 2 -

Defendants CertainTeed Corporation and Dana Corporation respectfully submit this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") in the above-referenced cases,[1] which was docketed as Pleading No. 3573. Plaintiffs ask the Panel to vacate CTO-214 as it pertains to the actions transferred from the United States District Court for the District of New Mexico that are listed above.

Defendants oppose plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

Plaintiffs acknowledge that these cases fall within the category of cases that should be transferred to MDL No. 875. See Pl. Mot. at 1 ("plaintiffs bring claims for asbestos-related injury"). Plaintiffs nonetheless argue that the cases should not be transferred to MDL No. 875 because they were not properly removed to federal court. Thus, plaintiffs contend that this Panel should vacate the CTO until the federal district court in New Mexico addresses plaintiffs' pending motion to remand, see id. at 2, because that court is allegedly "best suited to decide" that motion. Pl. Br. at 2.

The Panel has rejected plaintiffs' arguments against transfer over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig.

---

[1] CertainTeed Corporation is a defendant in all of the above-referenced cases. Dana Corporation is a defendant in Saiz and Litten.

(VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[2] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[3]

In support of their motion, plaintiffs argue at length that the New Mexico federal court retains the authority to rule on plaintiffs' motion to remand "during the pendency of a Conditional Transfer Order." Pl. Br. at 4. That argument, however, is irrelevant to question here: whether the Panel should transfer a case to Judge Weiner when a motion to remand is pending in the transferor court but has not been ruled upon. And, as explained above, this Panel has repeatedly held that final transfer should go forward in those circumstances.[4]

---

[2] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2001) (transfer order), at 1-2.

[3] The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1.

[4] Plaintiffs' citation to Viala v. Owens-Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. Apr. 13, 1994) and McQuilkin v. Ford Motor Co., 2001 WL 197840 (E.D. La. Feb. 23, 2001) does not change that conclusion. In both cases, transferor courts elected to rule on motions to remand before the cases were finally transferred by the Panel. Likewise, here, the District of New Mexico may rule on plaintiffs' motion to remand prior to final transfer; but such a ruling by the transferor court is not a precondition to final transfer.

- 4 -

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-214 with respect to these cases. For these reasons, the Panel should deny plaintiffs' motion.

Respectfully submitted,

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
(202) 828-2000

Attorneys for defendants CertainTeed Corporation and Dana Corporation

July 18, 2002

Case MDL No. 875   Document 3640   Filed 07/18/02   Page 5 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 18 2002

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of July, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition of Defendants CertainTeed Corporation and Dana Corporation to Plaintiffs' Motion To Vacate CTO-214 to be served by hand on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C. 20002-8004

I further certify that, on this 18th day of July, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 18th day of July, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA 19106-1797

_____
Adam M. Chud

RECEIVED
CLERK'S OFFICE
2002 JUL 18 A 9:41

## SERVICE LIST

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Ann Ritter
Ness, Motley, P.A.
P.O. Box 365
1730 Jackson Street
Barnwell, SC 29812

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza - East Tower
951 East Byrd Street
Richmond, VA 23219

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John D. Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West - 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Ronald L. Hellbusch
Monica C. Guardiola
Baker & Hostetler
303 East 17th Avenue, #1100
Denver, CO 80203

Bruce H. Strotz
Fairfield Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Lori R. Wallerstein
Morgenstein & Jubelirer
One Market Spear Street
Spear Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

_____
Adam M. Chud