MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 2 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Karen Jesensky, et al. v. A-Best Products Co., et al.*, **E.D. Pennsylvania (W.D. Pennsylvania, C.A. No. 2:96-680)**

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

## SEPARATION OF CLAIMS AND REMAND ORDER

Before the Panel is a motion, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by defendant Duquesne Light Co. Movant seeks to vacate a Panel order pertaining to one MDL-875 action (*Jesensky*) in which the Panel conditionally remanded all claims except claims for punitive or exemplary damages that had previously been severed in *Jesensky* by the transferee court.

On the basis of the papers filed and hearing session held, the Panel finds that remand of the non-punitive/exemplary damage claims in *Jesensky* is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g.*, *In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977). In the matter now before us, the transferee judge has entered an order reflecting his determination that remand of the non-punitive/exemplary damage claims in *Jesensky* is now appropriate. The number of Section 1407 remands in this docket is proportionately small, because under Judge Weiner's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course

---

*Judges Sear, Selya and Motz took no part in the decision of this matter.

OFFICIAL FILE COPY IMAGED AUG 1 3 '02

- 2 -

of Section 1407 pretrial proceedings (as of July 24, 2002 over 73,000 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule Judge Weiner's advice when he determines, with respect to a given constituent action, that resolution in the transferee district is no longer likely and that remand of the action or claims therein has become the preferred course. We therefore will adopt Judge Weiner's suggestion and order remand of the *Jesensky* claims.

IT IS THEREFORE ORDERED that all claims in *Karen Jesensky, et al. v. A-Best Products Co., et al.*, E.D. Pennsylvania (W.D. Pennsylvania, C.A. No. 2:96-680) except the severed claims for punitive or exemplary damages are remanded to the Western District of Pennsylvania.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman