08/27/02 10:42 FAX 2148712263 SIEGEL LAW OFFICE ☒009
Case MDL No. 875 Document 3671 Filed 08/28/02 Page 1 of 9
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
AUG 28 2002
FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2002 AUG 26 AM 10: 25

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | | |
|---|---|---|
| DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of George Mathias, Deceased, Plaintiffs | § § § § § | |
| v. | § § | EP-01-CA-380-DB |
| AC and S, INC., et al., Defendants | § § § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered a "Motion for Remand and Brief in Support" ("Motion for Remand"), filed in the above-captioned cause on April 10, 2002, by Plaintiff Diane Mathias.[1] Defendant Viacom, Inc. ("Viacom") filed a Response on April 24, 2002. Plaintiff filed a Reply on May 8, 2002, and Viacom filed a Surreply on May 14, 2002. Subsequently, on May 31, 2002, Viacom filed a Notice of Additional Authority, to which Plaintiff filed a Response on June 17, 2002.

## BACKGROUND

Plaintiff commenced this wrongful death cause of action in County Court at Law Number Three in El Paso County, Texas ("state court"), on December 21, 2000, seeking both actual and exemplary damages.[2] Plaintiff alleges that George Mathias suffered personal injury,

---

[1] At the onset of this litigation in state court, the Plaintiffs were George and Diane Mathias. George Mathias later died, leaving Diane Mathias, in the capacities indicated in the style of the case, as the sole Plaintiff.

[2] On June 12, 2002, the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "Panel") entered an order under 28 U.S.C. § 1407, conditionally transferring the instant cause to the Eastern District of Pennsylvania pursuant to Rule 7.4 of the Rules of the Judicial Panel on Multidistrict Litigation. By letter dated June 28, 2002, MDL Panel Chairman William Terrell

(continued...)

and ultimately death, resulting from his exposure to asbestos contained in products with which Mr. Mathias worked while serving as a boiler technician in the United States Navy. Viacom is the successor-in-interest to Westinghouse Electric Company ("Westinghouse"), which manufactured marine turbines for the Navy that contained asbestos. Viacom removed the case to this Court on March 11, 2002, pursuant to 28 U.S.C. § 1442(a), which provides that a federal court may exercise subject matter jurisdiction over claims against persons acting under the direction of an officer or agency of the United States.[3] The instant Motion followed, in which Plaintiff argues first that Viacom cannot establish jurisdiction under § 1442(a) and second, that Viacom's Notice of Removal is untimely under 28 U.S.C. § 1446(b).

For the reasons stated below, the Court is of the opinion that Plaintiff's Motion should be granted and that the removed case should be remanded to County Court at Law Number Three in El Paso County, Texas.

## AUTHORITIES

Title 28 U.S.C. § 1442(a) provides, in pertinent part, that a civil action, commenced in state court against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official

---

[2](...continued)
Hodges informed the Court that a notice of opposition to the transfer had been filed with the Panel. Pursuant to Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation, the pendency of the conditional transfer order does not limit the pretrial jurisdiction of this Court. The Court, therefore, finds no related jurisdictional obstacle to the entry of the instant Order.

[3] Previously, on October 19, 2001, Defendant Federal Mogul Corporation removed the instant cause to this Court asserting that jurisdiction was proper because the case was related to its pending bankruptcy. By Order entered on January 14, 2002, the Court remanded the case to state court. The instant Order addresses Viacom's subsequent removal which is predicated on a distinct theory of jurisdiction.

or individual capacity for any act under color of such office," may be removed to the United States court in the district and division in which it is pending. 28 U.S.C.A. § 1442(a) (West Supp. 2002). The removing defendant bears the burden of establishing federal jurisdiction at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A notice of removal normally must be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty days of service of summons if state rules of civil procedure do not require that the defendant be served, whichever period is shorter. *Id.* § 1446(b) (West 1994). However, the second paragraph of § 1446(b) provides, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*Id.*

## DISCUSSION

In its Notice of Removal, Viacom asserts that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1442(a) because the marine turbines Westinghouse manufactured for the Navy were designed, produced, and ultimately accepted within the specifications and control of the Secretary of the United States Navy and United States Naval officers. Accordingly, Viacom argues that Westinghouse acted under the authority of an officer or agency of the United States. Viacom further argues that, although Plaintiff filed her Petition in state court on December 21, 2000,[4] the Notice of Removal was timely-filed more than fourteen months later. In support of

---

[4] In its Notice of Removal, Viacom incorrectly asserts that Plaintiff commenced this
(continued...)

this assertion, Viacom argues that Plaintiff's Supplemental Answers to Master Discovery Requests (the "Supplemental Discovery Answers"), received by Viacom on February 8, 2002, provided the first information from which Viacom could ascertain that the case was removable pursuant to § 1442(a). Specifically, the Supplemental Discovery Answers identify a particular witness who will testify that George Mathias, while serving aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965, was exposed to asbestos contained in marine turbines manufactured by Westinghouse for the Navy.

## A. REMOVAL JURISDICTION

In her Motion for Remand, Plaintiff first asserts that Viacom's alleged liability arises only from Westinghouse's failure to warn George Mathias of the dangers associated with asbestos products used in Westinghouse marine turbines. Plaintiff argues that Westinghouse was not acting on behalf of the Navy when it failed to warn Mr. Mathias of those dangers and, as such, cannot state a colorable claim to immunity.[5] Because the Court agrees with Plaintiff's

---

[4](...continued)
action on or about October 16, 2001, despite including as Exhibit 1 to the Notice of Removal, Plaintiff's state-court Petition, filed-stamped December 21, 2000. As indicated in Note 4 *supra*, the case was first *removed* by another Defendant on October 19, 2001, based on a distinct jurisdictional theory.

[5] In her Motion for Remand, Plaintiff concedes that Westinghouse may have acted under the direction of the Navy for purposes of § 1442(a) when it designed the marine turbines, but argues that her cause of action against Viacom is limited to Westinghouse's failure to warn Mr. Mathias of the dangers of asbestos. In reviewing Plaintiff's Original and Amended Petitions, however, the Court notes that Plaintiff's negligence claims against Viacom are also based on allegations that Westinghouse failed to properly design and manufacture the turbines, failed to properly test the turbines before releasing them to the consumer, and placed unreasonably dangerous products into the stream of commerce. It is true that, subsequent to the case being removed to this Court, by Order entered on July 8, 2002, the Court, upon motion by Plaintiff, dismissed all of Plaintiff's claims against Viacom that were based on any theory other than

(continued...)

4

second argument that Viacom's Notice of Removal was not timely filed, the Court need not decide the issue of § 1442(a) jurisdiction.

## B. TIMELINESS OF REMOVAL

To decide if Viacom's removal was timely, the Court must determine when Viacom first received an amended pleading, motion, order, or other paper that contained unequivocally clear and certain information from which Viacom could ascertain that the case was removable pursuant to § 1442(a). In *Bosky v. Kroger Texas, LP*, the Fifth Circuit recently announced the standard for determining when the thirty-day time limit for removal is triggered when the removing defendant invokes the provisions of the second paragraph of § 1446(b). 288 F.3d 208 (5th Cir. 2002) (adopting the standard long in use in the Tenth Circuit, as announced in *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979)). Specifically, the Fifth Circuit held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)." *Id.* at 211. The court pointed out that this standard does not conflict with the "long-standing canon of statutory interpretation that 'removal statutes are to be construed strictly against removal and for remand.'" *Id.* (quoting *United States v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998) and noting that "this reading of the second paragraph ought to reduce removals, consistent with the policy behind this canon."). In other words, by adopting this arguably high standard, the court is not signaling to district courts

---

⁵(...continued)
failure to warn. Defendants, however, need only prove jurisdiction at the time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). Accordingly, Plaintiff's post-removal Motion to Dismiss has no bearing on the Court's remand analysis.

that the statutory construction of the second paragraph of § 1446(b) now disfavors remand. To the contrary, the aforementioned canon remains in force.[6]

### 1. Viacom's State Court Answer

On February 28, 2001, Viacom filed its Answer to Plaintiff's Original Petition in state court. Therein, Viacom asserts the following defense: "Westinghouse is not liable to Plaintiffs because the products to which they were allegedly exposed were formulated and manufactured in accordance with specifications and/or regulations of the United States Government and Westinghouse claims the benefit of the 'Government Contractor Defense' announced in Yearly v. W.A. Ross Constr. Co., 304 Y.W. 18 (1940) and In Re Agent Orange Liab. Litig., 534 F.Supp. 1046 (E.D. N.Y. 1982)." In *In Re Agent Orange Liab. Litig.*, the court enumerated as follows the elements of the Government Contract Defense, as it pertained to the manufacture and sale of Agent Orange to the United States Government:

> 1. That the government established the specifications for "Agent Orange";
>
> 2. That the "Agent Orange" manufactured by the defendant met the government's specifications in all material respects; and
>
> 3. That the government knew as much as or more than the defendant about the hazards to people that accompanied use of "Agent Orange."
>
> These three elements, if established . . . will insulate a defendant from liability based on its having supplied the "Agent Orange" pursuant to the government contract.

*In Re Agent Orange Liab. Litig.* 534 F. Supp. 1046, 1055 (E.D.N.Y. 1982). It follows from Viacom's assertion of this defense that, no later than February 28, 2001, the day it filed its

---

[6] In fact, as a result of adopting the "unequivocally clear and certain" standard, the Fifth Circuit expects a reduction in unwarranted removals, furthering the policy of the canon. This, in turn, will reduce the number of remand motions district courts must ultimately consider.

Answer in state court, Viacom knew that it potentially had liability related to an item which it manufactured and supplied to a federal agency under government specifications. It seems incredulous to the Court that now, over one year later, Viacom asserts that, prior to February 8, 2002, it had no idea that Plaintiff's cause of action against Viacom related to a product that Westinghouse manufactured and supplied to a federal agency under government specifications. the facts which support the assertion of the government contractor defense are nearly identical to the facts which would support removal jurisdiction pursuant to 28 U.S.C. § 1442(a). Defendant's selective recollection of its own theories of the case are not grounds for removal over one year later.

2. *Plaintiff's Master Discovery Answers*

Even if Viacom had not asserted the government contractor defense theory in its February 28, 2001, Answer, the Court would still find remand proper because Viacom could have ascertained that the case is removable from Plaintiff's Original Answers to Master Discovery (the "Original Discovery Answers"). Although it asserts the government contractor defense discussed above, Viacom contends that it was first able to determine that the case is removable when it received Plaintiff's Supplemental Discovery Answers on February 8, 2002. On the other hand, Plaintiff argues that, at the latest, Viacom had sufficient information on November 21, 2000,[7] the day Plaintiff served on Viacom her Original Discovery Answers. Plaintiff points out that her Original Discovery Answers clearly indicate that George Mathias

---

[7] The Court notes that Plaintiff's Original Discovery Answers were filed in response to master discovery requests that related to all asbestos-related personal injury and death cases filed in El Paso County. The Original Discovery Answers were filed nearly one month prior to the date Plaintiff filed the Original state-court Petition, reportedly in order to preserve George Mathias's testimony prior to his impending death.

served in the Navy aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965. Plaintiff essentially argues that, from that information and some minor investigation, Viacom could have determined that Westinghouse turbines were installed on both Navy ships and were a potential source of asbestos exposure for George Mathias. Accordingly, Plaintiff concludes, Viacom could have ascertained, at that time, that the case was removable pursuant to § 1442(a). Viacom rebuts Plaintiff's assertion, arguing that such a deduction from the information contained in Plaintiff's Original Discovery Answers would amount to guesswork, which is not sufficient to give Viacom notice that the case is removable.

Applying the "unequivocally clear and certain" standard adopted in *Bosky*, the Court agrees with Plaintiff. In *DeBry v. Transamerica Corp.*, from which the Fifth Circuit draws the "unequivocally clear and certain" standard, the Tenth Circuit pointed out that the new information supporting removal "should not be an ambiguous statement that requires an *extensive* investigation to determine the truth." 601 F.2d at 490 (emphasis added). However, there is no requirement in *DeBry* or in *Bosky* that a plaintiff spoon-feed a defendant with the facts along with the theory of jurisdiction supporting removal. The determination that a case is removable must not require a defendant to conduct an *extensive* investigation. There is no indication that a defendant need not conduct *any* investigation. In this case, the Court is of the opinion that, with some minor effort to confirm Westinghouse's involvement in manufacturing marine turbines that were installed aboard the U.S.S. Beale and U.S.S. Conygham, Viacom could have ascertained from Plaintiff's Original Discovery Answers that the case was removable pursuant to § 1442(a).

08/27/02 10:45 FAX 2148712263    SIEGEL LAW OFFICE                    ☒017
Case MDL No. 875   Document 3671   Filed 08/28/02   Page 9 of 9

## CONCLUSION

After due consideration, the Court finds that, as early as November 21, 2000, when Plaintiff filed its Original Discovery Answers to Master Discovery, and no later than February 28, 2001, when Viacom filed its Answer to Plaintiff's Original Petition, Viacom had sufficient facts before it to ascertain that the above-captioned cause was removable pursuant to 28 U.S.C. § 1442(a). Viacom's Notice of Removal pursuant to 28 U.S.C. § 1446(b) was therefore due on or before March 26, 2001. Because it was not filed until March 11, 2002, the Court finds that Viacom's Notice of Removal was not timely filed. Having so determined, the Court is of the opinion that Plaintiff's Motion for Remand should be granted.

Accordingly, **IT IS HEREBY ORDERED** that the "Motion for Remand and Brief in Support," filed by Plaintiff Diane Mathias, is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to County Court at Law Number Three of El Paso County, Texas.

**IT IS FINALLY ORDERED** that all other pending motions before this Court are **DENIED AS MOOT.**

**SIGNED** this **26th** day of **August, 2002**.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE