JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2002

FILED
CLERK'S OFFICE

ORIGINAL

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## DOCKET NO. 875

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**CONDITIONAL TRANSFER ORDER CTO-215**

THIS DOCUMENT RELATES TO CTO-215 AS IT PERTAINS TO THE FOLLOWING ACTIONS WHICH WERE TRANSFERRED FROM THE FEDERAL DISTRICT COURT, WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

**USDC-WD-LOUISVILLE CASE. NO: 3:02CV-332-S**

Wilo Dean Rich, Kelly W. Prewitt and Patsy Prewitt,
Billy Vincent, Carl D. Stewart and Phyllis Stewart,
Sadie Moore-Cook, Joseph L. Schuler, Sr., Joann Schuler,
Ruby Cain, Judith Corn, Mary Haag, Bonnie W. Wines,
Adrian Van Bakel and Theresa Van Bakel, Jerome Duvall,
Emma Hall and James Hall, Wanda M. Morris,
Nora L. Woosley and Elza G. Woosley, Louise E. Goulder,
Mildred Needy, and William D. Sale,

PLAINTIFFS,

v.

Hollingsworth & Vose Co, et al.,

DEFENDANTS.

## PLAINTIFFS' MOTION TO VACATE THE
## CONDITIONAL TRANSFER ORDER

Plaintiffs, by counsel, respectfully move this Court to vacate the Conditional Transfer Order and remand these cases back to the United States District Court for the Western District of Kentucky at Louisville. In support, Plaintiffs offer the following:



IMAGED SEP 5 '02       OFFICIAL FILE COPY

## FACTS

The Plaintiffs are all former workers at the P. Lorillard Tobacco Plant in Louisville, Kentucky beginning in the 1950's. P. Lorillard put crocidolite asbestos in the cigarette filter of the Kent brand in the 1950's. Kent cigarettes with asbestos were made at the Louisville plant. The Plaintiffs have developed an asbestos-related disease as a result of their exposure to asbestos both while either smoking Kent cigarettes and/or working in the plant environment that caused them to be exposed to raw asbestos fibers in Louisville, Kentucky. These cases include both malignant and both non-malignant lung conditions.

Plaintiffs' counsel believes there are no other cases pending before the Judicial Panel for the Multi-District Litigation which are similar to these causes of action. These causes of action involve one plant in Louisville, Kentucky wherein exposure to asbestos occurred. All of the Plaintiffs are located in or near the Louisville, Kentucky area. All of the co-workers including many of the management personnel that worked at the P. Lorillard plant in Louisville, Kentucky reside in or near the Louisville, Kentucky area. All the Plaintiffs' treating physicians and other healthcare providers reside and work in or near the Louisville, Kentucky area.

This Panel has previously addressed a case pending in the Western District of Kentucky at Louisville under the same facts and determined that this type of case should not be a "tag along" case. In the matter of Neva L. Level, Individually and as Executrix of the Estate of James H. Level v. Lorillard, Inc., et al, Civil Action No. 92-0486, this Panel refused to transfer this case and allowed the case to remain on Judge Charles Simpson's Louisville docket. (See attached docket sheet Exhibit "1" and memorandum from Nadine Smith, Deputy Clerk dated April 9, 1993 to all counsel of record attached as Exhibit "2"). In the Level case, James Level developed an asbestos-related

cancer as a result of smoking Kent cigarettes and from his exposure to asbestos at the P. Lorillard Plant in Louisville, Kentucky. The filter material used in the Kent cigarettes were manufactured by Hollingsworth & Vose Co. (See attached Exhibit "3," Defendant's Joint Conference Statement dated March 14, 1993). On November 2, 1993, an agreed order dismissing the case was entered, which resolved the dispute between the parties in the Level action. (See docket sheet entry No. 21).

Here, each of the claims are identical to the claims in the Level case. Each has developed an asbestos-related disease as a result of exposure to asbestos at the P. Lorillard Plant in Louisville, Kentucky or as a result of smoking Kent cigarettes.

Plaintiffs believe consolidated discovery will not assist in resolving these claims. Plaintiffs have previously provided to counsel for the defendants executed medical authorizations which allow defense counsel to the medical records, x-rays and pathology materials. Plaintiffs' counsel and defense counsel have been involved in settlement negotiations regarding these individual cases for the past year. Allowing these claims to remain with Judge Charles Simpson's Louisville docket will allow discovery to be conducted in Louisville and will allow the claims to either be resolved or set for trial.

## ARGUMENT

### A.   THERE IS NO NEED TO CONSOLIDATE THESE CASES WITH THE MULTI-DISTRICT LITIGATION AS THESE CASES INVOLVE UNIQUE ISSUES OF FACTS.

The purpose of 28 U.S.C. §1407 is to consolidate civil actions involving one or more questions of fact that are pending in different districts to make it convenient for the parties, the witness and to promote the just and efficient conduct of such actions. See 28 U.S.C. §1407(a). Here, Plaintiffs are not aware of any cases involving common questions of fact pending in other

3

districts other than the United States District Court for the Eastern District of Kentucky at Louisville. The Louisville P. Lorillard Plant is the only plant that Plaintiffs are aware of wherein individuals were exposed to raw crocidolite asbestos while making the Kent filter in the 1950's. In addition, Plaintiffs are not aware of any pending cases before the Judicial Panel wherein individuals were exposed to raw crocidolite asbestos while manufacturing Kent cigarettes. As such, the purpose of §1407 would not be met by consolidating these cases with other asbestos personal injury cases that have no common questions of fact that relates to exposure to these asbestos products.

In addition, the transfer of these actions to the MDL will not be convenient for the parties or the witnesses. The transfer will not promote just and efficient conduct of such of actions. If there were other cases pending before the MDL wherein depositions and discovery were exchanged as it related to the P. Lorillard Plant in Louisville, Kentucky and exposures that occurred there, then maybe these cases would be ripe for a transfer. However, that has not been the situation with Lorillard and Hollingsworth & Vose.

Another purpose of 28 USC §1407 is to provide centralized management under court supervision of pretrial the proceedings of Multi-District Litigation. (See Re: New York City Municipal Secur. Litigation, 572 F.2d 49 (1978). However, there is no need to have centralized management of these cases in the MDL when there are no other cases filed in other district courts throughout the country involving exposure to the asbestos at the P. Lorillard Plant in Louisville, Kentucky. Another purpose of 28 U.S.C. §1407 is to eliminate the potential conflicting pretrial ruling. Utah v. American Pipe & Constr. Co., 316 F. Supp. 837 (1970). However, once again, there is no potential for conflicting pretrial rulings involving the P. Lorillard Plant and exposure to asbestos because there are no other cases pending in other district courts.

4

Also, one of the underlying purposes of the enactment of 28 U.S.C. §1407 was to secure just, speedy and inexpensive determination of every action. Re: National Student Marketing Litigation, 368 F. Supp. 1311 (Jud. Pan. Mult. Lit., 1973). Here, just, speedy and inexpensive determination will not result if these cases are simply lumped in with other asbestos cases that have no relationship at all to the P. Lorillard Plant in Louisville, Kentucky.

These cases are similar to the decision in United States v. Philip Morris, 76 F. Supp. 2d 5 (U.S.D.C. Dist. Col., 1997) wherein tobacco litigation filed by the United States was not consolidated with similar suits brought by foreign governments because the consolidation would not promote convenience of the parties and witnesses, nor would it promote just and efficient conduct of litigation. Here, just as the tobacco litigation filed the U.S. would not promote the purposes of 28 U.S.C.§1407, consolidation of Plaintiffs' claims against P. Lorillard and Hollingsworth & Vose with asbestos cases generally would not promote the convenience to the parties and witnesses and would not promote just and efficient conduct of litigation.

Accordingly, this Panel should vacate the Conditional Transfer Order and allow Judge Charles Simpson to retain jurisdiction regarding all pretrial pleadings.

## B.   THE PANEL HAS PREVIOUSLY DETERMINED THAT THIS TYPE OF CASE DOES NOT BELONG BEFORE THE MULTI-DISTRICT LITIGATION PANEL.

This Court has previously refused to consider an exposure at the P. Lorillard plant and exposure to asbestos while smoking cigarettes a "tag along" case that should be transferred to the MDL. In the matter of Neva L. Level v. Lorillard, et al, 92-0486, this Panel refused to transfer an action involving the same set of facts and circumstances, the same exposures to asbestos at the P. Lorillard Plant, the same exposures occurred while smoking Kent cigarettes and involving an

asbestos-related disease. The Level case is an example of just, speedy and inexpensive resolution of an action. The same result should occur with these Plaintiffs. Since this Panel refused to transfer the Level case to the MDL, this Panel should vacate the Conditional Transfer Order and allow these claims to be resolved by the District Court in Louisville, Kentucky.

C. **DEFENDANTS HAVE NOT MET THE BURDEN OF DEMONSTRATING THAT THE TRANSFER OF THIS "TAG ALONG" ACTION WILL FURTHER THE PURPOSE OF §1407.**

A "tag along" case is defined as "a civil action pending in a District Court" that involves "common questions of fact with actions previously transferred under §1407." See Rule 1.1, Rules of the Judicial Panel of Multi-District Litigation. In moving a "tag along" action, the moving party has the burden of demonstrating that the transfer will further the purposes of §1407. See In Re: G.D. Searle & Co. "Cooper 7" IUD Products Liability Litigation, 483 F. Supp. 1343, 1345 (J.P.M.L. 1980). Specifically, the moving party must demonstrate that the potential "tag along" action "raises questions of fact common to the actions previously transferred. . .and that its transfer to the transferee district will best serve the convenience of the parties and witnesses and promote just and efficient conduct of litigation." In Re: Stirling Homex Corp. Sec. Litigation, 442 F. Supp. 547, 549 (J.P.M.L. 1977). See also, 15 Charles Allen Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §3863 at 513 (1986).

Here, Defendants have not demonstrated that the transfer of these tag along actions will further the purpose of §1407 or that there are questions of facts common to the action previously transferred. Even if the first criterion of transfer of the tag along cases has been met that the action filed by the Plaintiffs raises questions of facts to the action previously transferred, i.e. asbestos-related disease cause of action, the second and third criteria have not been met. The second criterion

6

being whether the transfer of the case would be more convenient to the parties and witnesses.  The third criterion being whether the consolidation would promote just and efficient conduct of the litigation.  Once again, neither the second nor third criterion will be met by the transfer of these actions.  Accordingly, this Panel should refuse to transfer the action to consolidate these cases with other asbestos cases pending in the United States District Court for the Eastern District of Pennsylvania at Philadelphia.

Wherefore, Plaintiffs request this Court to vacate the Conditional Transfer Order (CTO-215) that pertains to the above actions and allow these cases to be transferred back to the United States District Court for the Western District of Kentucky in Louisville.

Respectfully submitted,

SALES, TILLMAN & WALLBAUM

Joseph D. Satterley / David Sanford  by permission

Joseph D. Satterley
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202
Telephone: (502) 589-5600
COUNSEL FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing was this _4th_ day of September, 2002, mailed to all counsel of record per the attached Service List.

_Joseph D. Satterley / Edward Saford_
by permission

**COUNSEL FOR PLAINTIFFS**

RECEIVED
CLERK'S OFFICE
2002 SEP -4  P 3: 47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

8

# PANEL SERVICE LIST (Excerpted from CTO-215)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Wilo Dean Rich, et al. v. Hollingsworth & Vose Co., et al.*, W.D. Kentucky, C.A. No. 3:02-332

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Joseph D. Satterley
Sales, Tillman & Wallbaum
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

David T. Schaefer
Woodward, Hobson & Fulton, LLP
2500 National City Tower
Louisville, KY 40202

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Edward H. Stopher
Boehl, Stopher & Graves
Aegon Center, Suite 2300
400 West Market Street
Louisville, KY 40202-3345

Robert E. Swickle
Jaques Admiralty Law Firm, P C.
1370 Penobscot Building
Detroit, MI 48226

David B. Thorne
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2002

FILED
CLERK'S OFFICE

1

TERMED

U.S. District Court
Western District of Kentucky (Louisville)

CIVIL DOCKET FOR CASE #: 92-CV-486

Level v. Lorillard, Inc., et al                                    Filed: 08/10/92
Assigned to: Judge Charles R. Simpson, III    Jury demand: Both
Demand: $0,000                                           Nature of Suit:   360
Lead Docket: None                                        Jurisdiction: Diversity
Dkt # in Jefferson Circuit Ct : is 92-CI-04556

Cause: 28:1332 Diversity-Personal Injury


NEVA L. LEVEL                              Marc P. Weingarten
        plaintiff                             [COR LD NTC]
                                              Greitzer & Locks
                                              1500 Walnut Street
                                              Philadelphia, PA 19102
                                              215-893-0100

                                              Kenneth L. Sales
                                              [COR LD NTC]
                                              Sales, Tillman & Wallbaum
                                              325 W. Main Street
                                              1900 Waterfront Plaza
                                              Louisville, KY 40202
                                              502-589-5600
                                              FTS 814-5500


    v.


LORILLARD, INC.                           Kenneth J. Tuggle
        defendant                             [COR LD NTC]
                                              Charles S. Cassis
                                              [COR LD NTC]
                                              Kirk C. Jenkins
                                              [COR LD NTC]
                                              Frost, Brown & Todd
                                              400 W. Market Street
                                              3200 Aegon Center
                                              Louisville, KY 40202-3363
                                              502-589-5400
                                              FTS 581-1087

                                              William S. Ohlemeyer
                                              [COR LD NTC]
                                              Shook, Hardy & Bacon
                                              1200 Main Street
                                              One Kansas City Place
                                              Kansas City, MO 64105-2118



Docket as of September 3, 2002 10:26 am                 Page 1    NON-PUBLIC

exhibit
"1"

INTERNAL USE ONLY: Proceedings include all events.        TERMED
3:92cv486 Level v. Lorillard, Inc., et al

816-474-6550

HOLLINGSWORTH & VOSE CO.         Peter N. Tassie
    defendant               [COR LD NTC]
                      William D. Grubbs
                      [COR LD NTC]
                      Woodward, Hobson & Fulton
                      2500 National City Tower
                      Louisville, KY 40202
                      502-581-8000
                      FTS 581-8123

                      Andrew J. McElaney, Jr.
                      [COR LD NTC]
                      Julie Trachten
                      [COR LD NTC]
                      Nutter, McClennen & Fish
                      One International Place
                      Boston, MA 02110-2699
                      617-439-2000

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
3:92cv486 Level v. Lorillard, Inc., et al

NEVA L. LEVEL

       plaintiff

  v.

LORILLARD, INC.; HOLLINGSWORTH & VOSE CO.

       defendant

INTERNAL USE ONLY: Proceedings include all events.                    TERMED
3:92cv486 Level v. Lorillard, Inc., et al

8/10/92   1     NOTICE OF REMOVAL  from Jefferson Circuit Court  Case
                Number: 92-CI-04556, receipt #40159.  With copy of org.
                cmp. and sums.  Notice letter mailed to all counsel. (tc)
                [Entry date 08/11/92]

8/10/92   2     ANSWER by defendant Lorillard, Inc. to [1-1]; jury demand
                (tc) [Entry date 08/11/92]

9/8/92    3     ANSWER by defendant Hollingsworth & Vose to [1-1]; jury
                demand (bc) [Entry date 09/09/92]

9/28/92   4     MOTION by plaintiff Neva L. Level to amend complaint resp.
                due 10/26/92 ; order  & amended complaint tendered (mh)
                [Entry date 09/30/92] [Edit date 10/21/92]

10/15/92  5     ANSWER TO FIRST SET OF INTERROGATORIES and RESPONSES to
                Request for Production of Docs. filed by plaintiff Neva L.
                Level (mh) [Entry date 10/16/92]

10/21/92  --    FILE SUBMITTED  to Judge Simpson  as to #4. No Objections.
                (mh)

10/21/92  6     STIPULATION  that time in which Hollinsworth & Vose Co. may
                file an opposit memo to plf's mo. to amend is extended to
                10/26/92. re [4-1] (mh)

10/23/92  7     ORDER  by Judge Charles R. Simpson III  granting  motion to
                amend complaint resp. due 10/26/92 [4-1] (cc:  all counsel)
                (mh)

10/23/92  8     AMENDED COMPLAINT by plaintiff Neva L. Level; jury demand
                (mh)

10/23/92  --    FILE RETURNED (mh)

11/2/92   9     ANSWER by defendant Hollingsworth & Vose to [8-1] (mh)
                [Entry date 11/05/92]

2/24/93   10    ORDER  by Judge Charles R. Simpson III ; Rule 16 conference
                March 24, 1993, at 3:00 PM EST (cc:  all counsel) (ns)
                [Edit date 03/02/93]

3/15/93   11    CONFERENCE STATEMENT  by plaintiff Neva L. Level pursuant
                to Ct's order of 2/28/93. [10-1] (mh) [Entry date 03/16/93]

3/17/93   12    JOINT CONFERENCE STATEMENT by defendant Lorillard, Inc.,
                defendant Hollingsworth & Vose pursuant to order of
                2/24/93. [10-1] (mh)

3/26/93   --    FILE RETURNED  to Central Records (ns)

3/29/93   --    REMARK:  Notice letter sent to MDL Panel for a possible
                tag-along case under MDL-875-Asbestos Litigation. (dcap)

INTERNAL USE ONLY: Proceedings include all events.            TERMED
3:92cv486 Level v. Lorillard, Inc., et al

| | | |
|---|---|---|
| 4/8/93 | -- | REMARK: Notice letter returned from MDL Panel notifying that case will not be transferred to MDL Litigation. (dcap) |
| 4/11/93 | 13 | SCHEDULING ORDER  Judge Charles R. Simpson III ; Rule 16 conf held 3/24/93. Within ten days of conf, pties to tender litigation plan with sched for prep of case for trial. Clerk to contact MDL panel re possibility this is "tag-along" case.  Memo to counsel saying MDL Panel says it is not tag-along attached to this order. (cc: all counsel) (ns) |
| 4/13/93 | 14 | ORDER  by Judge Charles R. Simpson III approving PROPOSED LITIGATION PLAN as follows; Amendments ddl 9/13/93. ; Discovery ddl 1/10/94 ; Dispositive mtn ddl 5/30/94 Interim PTC shall be scheduled at the Court's convenience on or about 1/10/94.(cc: all counsel) (mh) |
| 5/7/93 | 15 | NOTICE by defendant Lorillard, Inc. to take deposition  of NEVA L. LEVEL  on 5/18/93 at 10:00 a.m. (mh) [Entry date 05/10/93] |
| 6/11/93 | 16 | ANSWER TO INTERROGATORIES by defendant Hollingsworth & Vose (mh) [Entry date 06/14/93] |
| 6/25/93 | 17 | DEPOSITION of TRACY GLASSCOCK  taken on the following date(s): 6/16/93 (kn) |
| 6/25/93 | 18 | DEPOSITION of NEVA L. LEVEL  taken on the following date(s): 5/18/93 (kn) |
| 8/11/93 | 19 | NOTICE by defendant Lorillard, Inc.  of change of address as to the law firm of Brown, Todd & Heyburn (dcap) [Entry date 08/12/93] |
| 10/26/93 | 20 | MOTION by plaintiff Neva L. Level for leave to file second amended complaint ; Memorandum in Support; order tendered (kn) |
| 11/2/93 | 21 | STIPULATION and ORDER  by Judge Charles R. Simpson III ; dismissing case with prejudice, each party to bear own costs and attys fees. (cc: all counsel) (kn) |

**2**

DATE: April 9, 1993

REPLY TO
ATTN OF: Nadine C. Smith
Deputy Clerk

SUBJECT: Possible transfer of this case to MDL Panel

# memorandum

TO: All Counsel of record



APR 1 3 1993

Gentlemen:

      Pursuant to Judge Simpson's instructions during the recent conference in this case, I spoke with Andrea Grote, the Deputy Clerk in our Louisville office who handles correspondence with the MDL Panel, and the transfer of cases to that Panel. Andrea sent a notice to the panel of the filing of this case, together with a copy of the complaint as they request. Andrea tells me that the Panel has informed her that they do not consider this a "tag-along" case, so it will remain on Judge Simpson's Louisville docket. You should tender the proposed litigation plan which was discussed in Chambers.

      If you should need to talk with me further about this case, I can be reached in the Owensboro office at 502-683-0221.

Nadine C. Smith



Buy U.S. Savings Bonds Regularly on the Payroll Savings Plan



OPTIONAL FORM NO. 10
(REV. 7-76)
GSA FPMR (41 CFR) 101-11 0
5010-112



APR 1 3 1993

1
2

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

3
4   NEVA L. LEVEL

5   vs        Civil Action No. 92-0486-0 (CS)

6   LORRILLARD, INC.
    HOLLINGSWORTH & VOSE CO.

7

8   ## MEMORANDUM OF SCHEDULING CONFERENCE AND ORDER

9

10          A scheduling conference was held in this matter in

11   Louisville, Kentucky, before the undersigned on March 24, 1993,

12   with the following in attendance:

13                  FOR THE PLAINTIFF(S):   Joe Satterley
                                            Marc Weingarten
                                            Ken Sales

14
15                  FOR THE DEFENDANT(S):   Lorrillard, Inc.:
                                            Charles S. Cassis
16                                          Kenneth J. Tuggle
                                            Marc Evans
                                            William S. Ohlemeyer
17                                          Lucy E. Mason

18                                          Hollingsworth & Vose Co.:
                                            Andrew J. McElaney, Jr.
19                                          Peter N. TAssie

20

21          It is the intent of the court that attorneys who will

22   participate in the trial of this case appear in person.  Attorneys

23   who do not appear will be bound by dates agreed to by their

24   co-counsel, and the court shall require strict compliance with

25   this order.

26

After discussion with counsel, IT IS HEREBY ORDERED:

1.  The Courtroom Deputy Clerk will correspond with the Multidistrict Litigation Panel to see if this matter should be transferred to the MDL as a "tag-along" action, and will inform counsel of the outcome of that contact.

2.  Counsel shall, **within ten days of the date of this conference**, tender a litigation plan with a schedule for the preparation of this case for trial should it remain on this court's docket.

Dated this 6th day of April, 1993.

ENTERED BY ORDER OF COURT:
CHARLES R. SIMPSON III, JUDGE
UNITED STATES DISTRICT COURT
JESSE W. GRIDER, CLERK

By ___Nadine C Smith___
     Courtroom Deputy Clerk

Copies to counsel



ENTERED
APR 11 1993
JESSE W. GRIDER, CLERK
BY

**3**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

NEVA L. LEVEL, Individually and      :        Civil Action No.
as Executrix of the Estate of                 C92-0486
JAMES H. LEVEL                       :

     Plaintiff,       :

 v.                                  :        **MAR 17 1993**

LORILLARD, INC.                      :
HOLLINGSWORTH & VOSE CO.,
                                     :

    Defendants.          :

## DEFENDANTS' JOINT CONFERENCE STATEMENT

  Pursuant to the Court's February 24, 1993 Order Setting
Rule 16 Scheduling Conference, defendants, Lorillard, Inc. and
Hollingsworth & Vose Co., hereby submit the following Joint
Conference Statement.[1]

### JURISDICTION

  Pursuant to the July 29, 1991 Opinion and Order of the
Judicial Panel on Multi-District litigation this case may be a
potential "tag-along" action to MDL 875.  Pursuant to 28 U.S.C. §
1407, the Panel ordered that all pending federal district court
actions alleging personal injury or death caused by asbestos should
be conditionally transferred to a single forum, the Eastern

---

[1] For the convenience of the Court, and plaintiff's
counsel, defendants have agreed to submit a Joint Conference
Statement and will jointly submit to plaintiff's counsel a Proposed
Litigation Plan/Scheduling Order.  Defendants have been sued
separately, and are represented by separate counsel.  Although
there may be instances where coordination among the defendants and
the filing of joint pleadings may be appropriate, given the nature
of plaintiff's claims, for the most part defendants anticipate that
it will be necessary to separately file subsequent pleadings in
this matter.





District of Pennsylvania. The Panel stated that the § 1407 transfer to Pennsylvania is primarily for pretrial purposes only. This case appears to come within the scope of the Panel's Order, and accordingly, should be conditionally transferred to the Eastern District of Pennsylvania for proceedings consistent with Panel's Order.

### BRIEF SUMMARY OF THE CASE

Plaintiff, Neva Level, claims that her husband, James Level, developed mesothelioma and died as a result of occupational exposure to asbestos at the P. Lorillard plant and exposure to asbestos as a result of smoking Kent cigarettes. Plaintiff is suing individually and as a representative of her husband's estate.

Plaintiff's claims in this case relate to the manufacture, sale and alleged use of "Kent" brand cigarettes sold by Lorillard's corporate predecessor. The filter material used in these cigarette filters was manufactured by a subsidiary of the Hollingsworth & Vose Company. Defendants deny that decedent's alleged disease resulted from workplace exposure to asbestos, or from smoking Kent cigarettes.

### AGENDA ITEMS

The initial item that should be addressed at this conference is the effect of the previously described Opinion and Order of the Judicial Panel on Multi-District litigation. The parties are in the early stages of discovery. Counsel for all parties are currently discussing the scheduling of plaintiff's

deposition. The nine agenda items listed may, therefore, be premature to discuss. Counsel for defendants however, are willing and prepared to discuss the agenda items at the scheduling conference.

### CERTIFICATION RE CONFERENCE WITH OPPOSING COUNSEL

Defendants, Lorillard, Inc. and Hollingsworth & Vose Co., sought to confer with Plaintiff prior to submitting Defendants' Joint Conference Statement, but were unable to do so. Plaintiff's counsel, Mr. Sales, was commencing an extended trial, and Mr. Weingarten was on vacation until March 22. However, counsel for the parties did exchange their respective proposed litigation plans. Defendants' counsel will seek to confer with Mr. Weingarten after his return, to try to resolve the differences in the respective litigation plans before the March 24th scheduling conference.

Respectfully submitted,

BROWN, TODD & HEYBURN
Charles S. Cassis
Kenneth J. Tuggle
Kirk C. Jenkins

1600 Citizens Plaza
Louisville, Kentucky 40202-2873
(502) 589-5400

ATTORNEYS FOR LORILLARD

- 3 -

WOODWARD, HOBSON, & FULTON
William D. Grubbs
Peter N. Tassie

2500 First National Tower
Louisville, Kentucky 40202-3175
5023/581-8000

ATTORNEYS FOR HOLLINGSWORTH &
VOSE CO.

OF COUNSEL:

William S. Ohlemeyer
SHOOK, HARDY & BACON
One Kansas City Place
1200 Main Street
Kansas City, Missouri  64105
816\474-6550
FAX 816\421-5547

ATTORNEYS FOR LORILLARD, INC.

Andrew J. McElaney, Jr.
NUTTER, McCLENNEN & FISH
One International Place
Boston, MA  02110-2699

ATTORNEYS FOR HOLLINGSWORTH & VOSE COMPANY

## CERTIFICATE

A copy of the foregoing was mailed postage prepaid this
__19th__ day of March, 1993, to the persons at the addresses listed
below:

Kenneth L. Sales
Segal, Isenberg, Sales, Stewart,
  Cutler & Tillman
325 West Main Street
Louisville, Kentucky  40202

Marc Weingarten
Greitzer & Locks
1500 Walnut Street
Philadelphia, Pennsylvania  19102

Attorney for Defendant
Lorillard, Inc.

- 4 -