JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 5 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET No. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| KENNETH FRIEBERG, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:02-1272 (D. Colo.) |
| ) | |
| SWINERTON & WALBERG PROPERTY ) | |
| SERVICES, INC., ET AL. ) | |
| ) | |
| Defendants. ) | |

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-215

Defendant Union Carbide Corporation respectfully submits this Opposition to Plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 215, which was filed on August 21, 2002. Plaintiffs ask the Panel to vacate CTO-215 as it pertains to the action transferred from the United States District Court for the District of Colorado that is listed above.

This Defendant opposes Plaintiffs' motion. As we discuss below, Plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny Plaintiffs' motion.

Plaintiffs acknowledge that this case falls within the category of cases that should be transferred to MDL No. 875. See Pl. Mot. at 1 (alleging injury caused by exposure to asbestos). Plaintiffs nonetheless argue that the case should not be transferred to MDL No. 875 because it was not properly removed to federal court. Thus, Plaintiffs contend that this Panel should vacate the CTO until the federal district court in Colorado addresses Plaintiffs' pending motion to remand, see id. at 2.

Plaintiffs' arguments against transfer have been rejected by this Panel over and over

OFFICIAL FILE COPY IMAGED SEP 5 '02

again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. VI, MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.")[2]

In support of their motion, Plaintiffs state incomplete facts to demonstrate that the Colorado Federal Court should retain authority to allow it time to rule on Plaintiffs' Motion to Remand. As explained above, this Panel has repeatedly held that final transfer should go forward in those circumstances even if a motion to remand is pending in the transferor court but has not been ruled upon.

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2001) (transfer order), at 1-2.

[2] The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1 n.1.

removal from the state court was proper. In keeping with Panel precedent, Plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, Plaintiffs have presented no basis on which the Panel should vacate CTO-215 with respect to this case. For these reasons, the Panel should deny Plaintiffs' motion.

Respectfully submitted this 4th day of September, 2002.

BAKER & HOSTETLER LLP

By: _____
Mary Price Birk
Ronald L. Hellbusch
Monica C. Guardiola
370 17th Street, Suite 1100
Denver, Colorado 80203
Telephone: (303) 861-0600
Facsimile:   (303) 861-7805

ATTORNEYS FOR UNION CARBIDE
CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of September, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition of Defendant Union Carbide Corporation to Plaintiffs' Motion To Vacate CTO-213 to be served via Federal Express on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C. 20002-8004

I further certify that, on this 4th day of September, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 4th day of September, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA 19106-1797

*[signature]*

RECEIVED CLERK'S OFFICE
2002 SEP -5 A 10: 02
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-215)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Kenneth Freiberg, et al. v. Swinerton & Walberg Property Services, Inc., et al.*, D. Colorado, C.A. No. 1:02-1272

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Gary M. Clexton
King & Greisen, LLP
1670 York Street
Denver, CO 80202

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Daniel M. Fowler
Fowler, Schimberg & Flanagan, PC
1640 Grant Street
Suite 300
Denver, CO 80203

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Shauna L. Hilgers
Shauna Hilgers Law Offices
6508 Poppy Street
P.O. Box 1254
Avada, CO 80001

Steven M. Kaufman
Morrison & Foerster, LLP
5200 Republic Plaza
370 17th Street, Suite 5200
Denver, CO 80202

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Bradley Aaron Levin
Roberts, Levin & Patterson, P.C.
1660 Wynkoop Street
Suite 800
Denver, CO 80202

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

PANEL SERVICE LIST (Cont.) MDL-875                                                    PAGE 2

J. Conrad Metcalf
Trine & Metcalf, PC
1435 Arapahoe Avenue
Boulder, CO 80302-6390

James M. Miletich
McConnell, Siderius, Fleischner, et al.
The Root Building, Suite 300
2401 15th Street
Denver, CO 80202

Christopher K. Miller
Kennedy & Christopher
1050 Seventeenth Street
Suite 2500
Denver, CO 80265-1197

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

David M. Setter
Socha, Perczak & Anderson, PC
1775 Sherman Street
#1925
Denver, CO 80203

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

*Darlene S. Rowland* (signature)