JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Asbestos Products
Liability Litigation (No.VI)                    MDL No. ___875_____

## MEMORANDUM IN OPPOSITION TO TRANSFER

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, Plaintiff,

Marvin May, by and through his attorney, THE SIMMONS FIRM, L.L.C., hereby opposes the

transfer of the case captioned Marvin J. May vs. A.W. Chesterton, et. al., from the United States

District Court for the Southern District of Illinois, District 3, on the following grounds:

A. *Plaintiff has Moved for Remand, and the Issue has Not yet ben Decided by the District Court*

   *to which the Case was Removed*.

   1.   This case was removed by Monsanto Corporation n/k/a Pharmacia Corporation

("Monsanto") under 28 USC §1442(a)(1)(federal officer or agency removal), on or about July 1,

2002. Plaintiff filed a timely *Motion to Remand* and *Memorandum in Support* on or about July

31, 2002 (copies attached).

   2.   Monsanto's memorandum in opposition to remand was due on August 19, 2002.

   3.   On or about August 12, 2002, Monsanto filed a motion for additional time to

respond, asking for sixty (60) additional days, in which to gather evidence to support removal.

   4.   Said motion was granted over plaintiff's objection. Therefore, the issue of remand

will not be briefed, much less decided, for some time; however, plaintiff anticipates a quick

resolution by the Southern Illinois District Court, once the matter is briefed.

OFFICIAL FILE COPY   IMAGED SEP 9 '02

5.    Plaintiff anticipates that it would take more time and be more difficult to have the matter heard in the transferee court.

6.    It would be more fair, efficient and expedient to allow the Southern Illinois District Court to resolve the remand issue, before considering transfer to a distant jurisdiction.

B. *Plaintiff should Not be Penalized for Monsanto's Inability to Support its Notice of Removal.*

7.    Monsanto provided absolutely nothing in support of its notice of removal. The removing party must provide supporting evidence at the time of removal and establish federal jurisdiction; it is not plaintiff's burden to disprove it. *See e.g. Grzetich v. VLI Corp.*, 670 F.Supp. 793, 794 (N.D. Ill. 1987) (*citing Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

8.    At this point, removal rests upon an unverified notice. The fact, that the local district court has afforded Monsanto an opportunity to garner evidence should not subject plaintiff to having his case transferred away from the jurisdiction in which it was filed.

9.    The Panel can always reconsider transfer, if plaintiff's motion to remand is denied. Once the case is transferred, however, it will be difficult to retrieve if removal was, as plaintiff asserts, improvident.

C. *In the Absence of Federal Jurisdiction, the Federal Courts have No Power over this Case, Including the Power to Transfer it.*

9.    Jurisdiction is a threshold issue, which should be decided immediately by the court to which a case is removed.

10.    Without jurisdiction, the federal courts have no authority to do anything, other than remand a case.

11.   Where, as here, jurisdiction is contested (and in doubt, due to defendant's lack of supporting evidence), those issues should be resolved before transfer is considered.


Respectfully Submitted,


Charles Chapman
The Simmons Firm, L.L.C.
301 Evans Ave., Suite 300
Wood River, Illinois 62095
(618) 259-2222
FAX: (618) 259-2251

COPY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

*FILED*

*JUL 3 1 2002*

*CLERK, U.S. DISTRICT COURT*
*SOUTHERN DISTRICT OF ILLINOIS*
*EAST ST. LOUIS OFFICE*

| | | |
|---|---|---|
| MARVIN MAY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02-cv-0722-MJR |
| | ) | |
| vs. | ) | No. 02-cv-0655-MJR |
| | ) | |
| A. W. CHESTERTON, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO REMAND TO STATE COURT

Plaintiff hereby moves this Court to remand this case to state court, on the grounds that

the notice of removal was untimely and because there is no federal subject matter jurisdiction,

and in support thereof states:

1.   Decedent filed this asbestos personal-injury case in state court, the Circuit Court for

the Third Judicial Circuit, Madison County, Illinois, against approximately 85 defendants.

2.   The case was removed by Monsanto Corporation n/k/a Pharmacia Corporation

("Monsanto") under 28 USC §1442(a)(1)(federal officer or agency removal). Monsanto asserts

that the Mounds Laboratory, at which some of decedent's exposure to asbestos occurred, was a

federally owned facility operated by a Monsanto subsidiary.

3.   Monsanto's notice of removal was untimely, having been filed more than thirty days

from the date on which it was served.

4.   Additionally, as more fully set forth in the accompanying Memorandum in Support,

removal is improper because Monsanto has failed to allege or establish each necessary

element–specifically: a nexus between an explicit federal directive and decedent's asbestos-

related injury; and, that its alleged federal defense (government contractor) is at least colorable."



4.   Accordingly, and there being no other basis for removal, this case should be remanded to state court.

5.   Alternatively, this Court should remand plaintiff's state-law claims against other defendants.

WHEREFORE, Plaintiff prays this Court to enter its Order remanding this case to state court.

SIMMONS FIRM, LLC

_____

Nate Mudd - #6243538
707 Berkshire Blvd.
PO Box 521
East Alton, IL 62040
Telephone:     (618) 259-2222

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN MAY, )
)
        Plaintiff, )     No. 02-cv-0722-MJR
)
    vs. )     No. 02-cv-0655-MJR
)
A. W. CHESTERTON, et al. )
)
        Defendants. )

## PLAINTIFF'S MOTION TO FILE MEMORANDUM
## IN EXCESS OF TEN PAGES

Plaintiff hereby moves this Court for leave to file a Memorandum in excess of ten pages and in support thereof states:

1. Plaintiff has filed a Motion to Remand this case to state court.

2. Plaintiff's Memorandum in Support of that motion is in excess of ten pages (just over 18 pages).

3. Plaintiff has endeavored to remain within the court's ten-page limit, but the issues raised (federal officer/agency removal) are somewhat complex and require elaboration. A longer memorandum was necessary in order to fully advisee the court of these issues.

WHEREFORE, Plaintiff prays this Court for leave to file a Memorandum in Support of the Motion to remand in excess of ten pages.

SIMMONS FIRM, LLC

Nate Mudd - #6243538
707 Berkshire Blvd.
PO Box 521
East Alton, IL 62040
Telephone:   (618) 259-2222

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN MAY,                          )
                                     )
      Plaintiff,               )          No. 02-cv-0722-MJR
                                     )
      vs.                      )          No. 02-cv-0655-MJR
                                     )
A. W. CHESTERTON, et al.             )
                                     )
      Defendants.              )

### ORDER (proposed)

Plaintiff's Motion to File a Memorandum in Support of Motion to Remand in excess of

ten pages is hereby ALLOWED / DENIED.



SO ORDERED:


_____
Michael J. Reagan
United States District Judge



Date: _____



2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN MAY,          )
                       )
       Plaintiff,    )       No. 02-722-MJR
                       )
      vs.         )       No. 02-cv-0655-MJR
                       )
A. W. CHESTERTON, et al.   )
                       )
       Defendants.   )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## TO REMAND TO STATE COURT

### INTRODUCTION

This matter comes before the Court on *Plaintiff's Motion to Remand to State Court*. The case was removed by Monsanto Corporation n/k/a Pharmacia Corporation ("Monsanto") under 28 USC §1442(a)(1)(federal officer or agency removal).[1] Removal pursuant to this provision is improper because Monsanto has failed to allege or establish each necessary element–specifically: a nexus between an explicit federal directive and decedent's asbestos-related injury; and, that its alleged federal defense (government contractor) is at least "colorable." Accordingly, and there being no other basis for removal, this case should be remanded to state court. Alternatively, this Court should remand plaintiff's state-law claims against other defendants.[2]

### STATEMENT OF THE CASE

Prior to his death, Mr. May filed this asbestos personal-injury action in Illinois State Court (Third Judicial Circuit Court for Madison County) against a number of defendants,

---

[1] Mr. May was alive, when he filed his complaint, but he passed away on July 25, 2002. This motion is filed on behalf of Mr. May's estate, there having been insufficient time to appoint a formal representative.

[2] Honeywell has filed a separate notice of removal, only as to claims against it on the theory that those claims relate to the Federal Mogul bankruptcy. It may be necessary to deal with them separately.

including Monsanto. Monsanto removed the case to this Court, pursuant to 28 USC § 1442(a)(1). Monsanto asserts that removal is proper because it was acting under the control of certain federal agencies, when it exposed decedent to asbestos.

In his complaint, Mr. May alleged that he was exposed to asbestos, while working for an outside contractor at the Mounds Laboratory in Miamisburg, Ohio, and that Monsanto is liable for those exposures. Mounds is but one of several places, at which decedent was exposed to asbestos–and by no means the most prominent. Monsanto is but one of numerous defendants named in plaintiff's complaint. Plaintiff alleges that decedent's exposure at Mounds was to asbestos from building and maintenance materials used at the facility. The complaint asserts various theories of 'premise liability' against Monsanto, including, *inter alia*, failure to warn decedent of the hazards of asbestos. Plaintiff does not claim that decedent was exposed to asbestos that was used as a component material in any product being manufactured at Mounds, including any product designed by or for the federal government.

Mounds was operated by Monsanto Research Corporation ("MRC"), a subsidiary of Monsanto. Allegedly, the federal government actually owned the facility, which MRC operated pursuant to vaguely described and undisclosed agreements with the Atomic Energy Commission (now Department of Energy). Monsanto also asserts, in equally general terms, that the work at Mounds was subject to the "direction and control" of this agency, although it does not describe the nature of that work. It also declines to delineate the precise manner in which this "direction and control" was exercised. In particular, it does not expressly allege that the AEC required or specified the use of asbestos-containing maintenance materials. It does not identify any discretionary decision by the federal government, which caused decedent to be exposed to

2

asbestos. Moreover, Monsanto has not provided copies of all or any part of these agreements. It has provided no affidavit or other evidence to establish this alleged federal control, or to explain how it was exercised.

Additionally, Monsanto alleges that the federal government agreed to indemnify it for any and every potential liability relating to Mounds. Again, it offers no supporting evidence by way of documents or affidavits. To plaintiff's knowledge, Monsanto has not asserted any third-party indemnity claim against the United States government. It has simply made bare allegations of broad indemnity, in much the same way as it has made bare allegations of broad federal control.

Monsanto intimates that the work at Mounds was classified or confidential, but it stops short of actually asserting as much. Monsanto does state that the agreements contained confidentiality provisions, but it has not provided even those portion of the agreements. It has not produced any affidavit or other evidence establishing the existence or parameters of any confidentiality requirements.

In summary, Monsanto's *Notice of Removal* contains very general recitals concerning federal control, indemnity and confidentiality. Monsanto has not provided much detail nor anything supporting its bare allegations–such as copies of any agreement (or redacted excerpts), copies of other documents or affidavits. Its *Notice of Removal* is also unverified.

<u>ARGUMENT</u>

Removal, pursuant to §1442(a)(1)–the sole basis asserted by Monsanto–requires that the act or omission causing the injury was undertaken at the specific direction of a federal officer or agency and, that defendant has a colorable federal defense to plaintiff's claims. *See Mesa v. California*, 489 U.S. 121, 129, 109 S.Ct. 959, 965 (1989); *Feidt v. Owens Corning Fiberglas*

3

*Corp.*, 153 F.3d 124, 127 (3ʳᵈ Cir. 1998). Section 1442 is not an independent source of federal jurisdiction. It simply creates an exception to the "well pleaded" complaint rule and allows for removal based upon a federal defense (not just a federal claim). *See Mesa*, 489 U.S. at 136.

It is axiomatic that "the burden of showing that removal was proper is always on the removing party." *Grzetich v. VLI Corp.*, 670 F.Supp. 793, 794 (N.D. Ill. 1987). *See also Martin v. Granite City Steel Corp.*, 596 F.Supp. 293, 295 (S.D. Ill. 1984). Moreover, "any doubts as to the satisfaction of the statutory removal requirements should lead to remand." *Grzetich*, 670 F.Supp. at 794 (*citing Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7ᵗʰ Cir. 1976). Monsanto's removal is flawed because it has failed to provide the requisite detail and support. It has not sufficiently alleged, much less established, each necessary element. It has not shown a specific causal nexus between decedent's asbestos injury and the express directive of the AEC. It has not pleaded all of the elements of the federal contractor defense (the only asserted federal defense) nor otherwise shown this defense to be colorable. It is doubtful that Monsanto could meet its burden, even if did offer some evidence. Mr. May's disease was caused by exposure to asbestos from "off-the-shelf" building / maintenance materials, not by anything particularized to the government operations at Mounds. Accordingly, this case should be remanded to state court.

Alternatively, even if this Court concludes that Monsanto has met its burden (which it has not), this Court should decline to maintain jurisdiction over the entire controversy. *See Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 702 (S.D. Tex. 2002). None of the numerous other defendants has asserted any possible basis for removal (except Honeywell) and, consequently, there is no reason to try plaintiff's state-law claims against other defendants in federal court.

4

(A)

Defendant Has Failed To Establish

All Elements Necessary For Federal Officer Removal

Removal, pursuant to §1442(a)(1), requires establishing a nexus between plaintiff's

claims and specific federal directives and, that defendant has a colorable federal defense. *See*

*Mesa*, 489 U.S. at 129. Monsanto's has failed to establish either.

1. *Defendant has failed to establish that the acts/omissions giving rise to decedent's injury were*
*expressly directed by any federal officer or agency*.

Establishing the requisite nexus between decedent's injury and a specific federal directive

requires more than merely alleging that the operation in question was generally carried-out under

federal auspices. *See Ryan v. Dow Chemical Co.*, 781 F.Supp. 934, 947 (E.D. N.Y. 1992)("a

person or corporation establishing only that the relevant acts occurred under the general auspices

of a federal office or officer is not entitled to section 1442(a)(1) removal"). *See also Arness v.*

*Boeing North America, Inc.,* 997 F.Supp. 1268, 1273 (C.D. Ca. 1998)('if the corporation

establishes only that the relevant acts occurred under the general auspices of federal direction

then then it is not entitled to §1442(a)(1) removal"); *Guillory v. Ree's Contract Service, Inc*., 872

F.Supp. 344, 347 (S.D. Miss. 1994)(mere oversight and general supervision by federal authority

is insufficient); *Haller v. Kaiser Foundation Health Plan of the Northwest*, 184 F.Supp.2d 1040

(D. Ore. 2001)(case remanded, where defendant could show only conduct under auspices of

federal program). Rather, "removal must be predicated upon a showing that the acts that form the

basis for the state [civil suit] were performed pursuant to [a federal] officer's direct orders or to

comprehensive and detailed regulations." *Ryan*, 781 F.Supp. at 947. *See also Guillory*, 872

F.Supp. at 346 (defendant must establish "a nexus between acts they performed at the direction

5

of a federal officer or agency and the plaintiff's claims for relief"); *Haller*, 184 F.Supp.2d at 1044 (federal officer must have had "direct and detailed control"); *Faulk v. Owens Corning Fiberglas Corp.*, 48 F.Supp.2d 653, 660 (E.D. Tex. 1999)("no 'causal nexus' between the removing Defendant's actions under color of federal office and the Plaintiff's claims").

Basically, there must be a direct link between the decedent's injury and specific federal instructions. Unless a federal officer or agency expressly directed the defendant to perform the particular acts giving rise to the injury, removal is improper and the case must be remanded. In Arness, for example, the case was remanded because plaintiff had been injured by defendant's "*disposal* of TCE, not by its *use* of TCE"–and the government directives covered only use. 997 F.Supp. at 1273 *(emphasis by court)*. *See also Faulk*, 48 F.Supp.2d at 664 (defendant must literally assert that "the federal officer really did 'make them do it'"). Monsanto's *Notice of Removal*, in the case at bar, is clearly insufficient in this regard. It does not allege (much less establish) that the AEC expressly required it to use specific asbestos-containing materials at Mounds. *See Faulk,* 48 F.Supp.2d at 653 ("the federal government did not dictate any specifications regarding the warning about asbestos-containing products, let alone demand that Defendants insulate their facilities with asbestos-containing products"); *Good v. Armstrong World Industries, Inc.*, 914 F.Supp. 1125, 1129 (E.D. Pa. 1996)("[defendant] must set forth evidence showing that it did, in fact, act under a federal officer, a burden that [defendant] has not satisfied").

Here, moreover,  plaintiff has asserted premises liability claims against Monsanto–that decedent was exposed to asbestos from materials used to maintain the facility, not from products being made there. In this regard, *Faulk, supra* is directly in point. In *Faulk*, the plaintiff alleged

6

that he was exposed to asbestos, while working for a contractor at the defendants' facilities. *See* 48 F.Supp.2d at 657. Specifically, he alleged exposure to asbestos-containing maintenance materials, and not to asbestos is any products being manufactured at the facilities. *Id*. The defendants removed the case because the federal government had controlled the products being manufactured at the facilities. The court remanded the matter to state court, *See* 48 F.Supp.2d at 659 ("[t]his case no more belongs in federal court than it does at Multi-District Litigation ("MDL")...[r]ather, this case belongs in state court and that is where it is going"), stating:

> This is a premises liability case–not a products liability case; and Defendants' attempt to transmogrify their entire facilities (i.e. their premises) into "products" misapplies precedent and fails [this] prong of the *Mesa* test. Once again, in order to meet [this] prong of *Mesa*, the removing Defendants must show that they were acting at the direction of an officer of the United States *and* that a causal nexus exists between their actions under color of federal office and the Plaintiff's claims.

48 F.Supp.2d at 660. *See also* 48 F.Supp.2d at 662 ("[a] proper analogy would not permit the federal officer statute to shroud an entire facility from state-law claims simply because a federal officer dictates the specifications of the product manufactured there").

This, too, is a premises case. Just as the defendant in *Faulk*, Monsanto is trying to shield every aspect of its activity at Mounds from state-law claims behind broad assertions of generalized federal control. Yet, there are no specific allegations or evidence that the AEC directed Monsanto in the use of asbestos-containing maintenance materials. Thus, Monsanto cannot show that the federal government directed the particular activity causing decedent's injury, and cannot establish any nexus between that injury and any federal directive.

Accordingly, Monsanto cannot meet this element for federal officer removal and, this

7

case must be remanded to state court. *See Mesa* [cite]. Indeed, in addition to *Faulk*, several courts

have remanded asbestos cases, which were removed under §1442. *See e.g. McCormick v. C.E.*

*Thurston & Sons*, 977 F.Supp. 400, 403 (E.D. Va. 1997)("in thousands of asbestos cases that

have preceded, [this court] has determined that the governmental contractor defense is not

available"); *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124 (3rd Cir. 1998)( district court

order remanding case involving asbestos exposure at Navy shipyard was non-appealable); *Good*,

914 F.Supp. 1125 (E.D. Pa. 1996)(remanding asbestos case involving former member of Navy

because contractor failed to establish that it had acted under direct federal control).

2.

## Additionally, Defendant has not, and cannot, Establish
## That it has a Colorable Federal Defense to Plaintiff's Claims against it

Monsanto's failure to meet the nexus element is sufficient by itself for remand (because

the removing defendant must establish each and every element for removal). Additionally, and

even if Monsanto had demonstrated a sufficient nexus, remand is nevertheless proper because

Monsanto has not shown its asserted federal defense to be colorable. *See Mesa*, 489 U.S. at 129

("federal officer *must* be predicated on the allegation of a colorable federal defense")(*emphasis*

*added*). In this case, the only federal defense mentioned by Monsanto is the federal contractor

defense. To establish a federal contractor defense, the defendant must show that (1) the

government approved "reasonably precise specifications"; (2) that the contractor followed those

specifications; and (3) that the contractor warned the government about hazards that were known

to the contractor, but not to the government. *See Boyle v. United Technologies Corp.*, 487 U.S.

500, 512, 108 S.Ct. 2510, 2518 (1988). Defendant must also show that the injury-causing acts

were the product of a discretionary government decision and not merely the selection of "off-the-

8

shelf" items of a type generally available in the private sector. *See Boyle*, 487 U.S. at 2517.

Monsanto has not, and cannot, meet this burden.

*a. It is not enough for Monsanto to merely assert that it was a government contractor.*

Federal contractors do not enjoy any type of blanket immunity. *See Lamb v. Martin Marietta Energy Systems, Inc.*, 835 F.Supp. 959, 962-63 (W.D. Ky. 1993)(*citing United States v. Boyd*, 378 U.S. 39, 44, 84 S.Ct. 1518, 1522 (1964)). Rather, this defense applies only to specific situations, which the defendant must establish. This is so, even where the federal government "owns" the facility in question. *See Lamb* 835 F.Supp. 959 (federal contractor defense held inapplicable to property damage caused by the manner in which defendant operated federally-owned nuclear power plant). Therefore, showing that the government owned the Mounds facility (which Monsanto has merely asserted, but not proved) would not show that Monsanto has a viable federal defense.

It is true, of course, that a defendant need not "prove" its federal defense in order to remove a case, but it still must offer enough evidence to show that the defense is "colorable." This requires, at a minimum, pleading each necessary element and offering *some* supporting evidence. *See Lamb*, 835 F.Supp. at 966-67. Here, Monsanto has neither alleged nor offered one iota of evidence as to the existence of any specifications (precise or otherwise) relating to the use of asbestos at Mounds. It has neither alleged nor offered evidence that it warned to the federal government about the hazards of asbestos. Clearly, it has not met its burden for removal.

*b. Monsanto cannot establish that the injury-causing materials were the subject of precise government specifications*.

Monsanto's complete lack of specific allegations or evidence should be enough to remand

9

this case. Additionally, it is doubtful that Monsanto could show that there were "reasonably

precise specifications" relating to the maintenance materials at issue. Even if some federal

agency did design the facility and incorporate asbestos materials into that design, this case

involves nothing more than standard, stock items causing an injury/illness. *See Boyle*, 487 U.S. at

2517 (government contractor defense does not apply to injury caused by "stock" item or

"standard equipment"). The mere selection of such stock items by the government does not cloak

the supplier or contractor with immunity from suit. In such cases, the mere selection of stock

items does not involve any exercise of discretion on the part of the government. As the Court

explained in *Boyle*:

> If, for example, the United States contracts for the purchase and
> installation of an air conditioning- unit, specifying the cooling
> capacity but not the precise manner of construction, a state law
> imposing upon the manufacturer of such units a duty of care to
> include a certain safety feature would not be a duty identical to
> anything promised the Government, but neither would it be contrary.

487 U.S. at 509.

The asbestos materials that caused decedent's injury would have been the same "off-the-

shelf" asbestos products available on the regular private sector market. There was nothing special

or unique about them. If there was, Monsanto should have offered some evidence to that effect

(or at least alleged it). Moreover, there is no evidence of any conflict between the requirements

imposed by Monsanto's federal contracts and the state laws imposing the duty of care relied upon

by the plaintiff. Without such a conflict, Monsanto's defense is hardly "colorable." This is

because the defense rests upon the concept that the contractor should not be subject to suit, if

complying with state law would have put it in breach of its federal contract. Here, Monsanto has

10

not explained how protecting decedent from exposure to asbestos would have prevented it from fulfilling its obligations to the government at Mounds. In particular, it is difficult to understand how warning the decedent, providing protective equipment or taking other precautions would have interfered with whatever Monsanto was doing there.

It is noteworthy that Monsanto's attempt to establish a government contractor defense is belied by the allegations of its *Answer to Plaintiff's Complaint*, in which Monsanto asserts forty-one other affirmative defenses. Several of these contain allegations that are contradictory to the position it must take for removal. In ¶11 of its affirmative defenses, Monsanto alleges that the decedent and his co-workers had more "special knowledge and experience in the handling of [the] materials [at issue]," than Monsanto had. If that is true, how could those materials have been the subject of unique federal specifications? If those materials were unique to Mounds, how did plaintiff and his co-workers acquire their superior "knowledge and experience?" Essentially, Monsanto's eleventh affirmative defense admits that these were "stock, off-the-shelf" materials, of types with which trades people and maintenance contractors regularly worked.

There is more. In ¶14 of its affirmative defense, Monsanto expressly alleges that any dangers in these materials "were not beyond that which would have been contemplated by an ordinary industrial user of asbestos containing products." This is another admission that the materials were merely "off-the-shelf" items. This is further supported by Monsanto's allegation that any dangers, which it might have failed to disclose to the decedent, were "in the public domain." *See* ¶16 of affirmative defenses. *See also* ¶20, affirmative defenses("any asbestos products allegedly used on Defendant's premises were, and always were, consistent with the available technology, medical, scientific, and industrial state of the art").

11

Litigants are certainly permitted to plead in the alternative; however, allegations set out in current pleadings constitute binding judicial admissions. *See Help At Home, Inc. v. Medical Capital, L.L.C.*, 260 F.3d 748, 753 (7th Cir. 2001). These particular admissions establish that there was nothing special or unique about the asbestos-containing materials to which decedent was exposed at Mounds. They were nothing but off-the-shelf, stock items of types used throughout industry (private and public). In the absence of other evidence from Monsanto, the allegations in its affirmative defenses conclusively preclude it from establishing the government contractor defense and, therefore, conclusively establish that removal was improper.

### c. Monsanto has not alleged nor offered evidence that it warned the government.

The government contractor defense requires the defendant to show either that it warned the government as to the risks involved, or that the government already knew. *See Faulk*, 48 F.Supp. at 666. Basically, the government must have somehow been aware of the risks and, then, have made a deliberate, discretionary decision that such risks were acceptable (or, at least, tolerable). Unless the defendant can show that the government was warned or already knew the risks, it cannot be established that the government's decision was a deliberate, discretionary act. See Lamb, 835 F.Supp. at 966-67. Monsanto has failed to specifically allege that it warned the government that asbestos was hazardous or, that the government was already aware of these hazards. Thus, even if Monsanto had sufficiently alleged and established that it was acting pursuant to precise specifications, its failure to warn the government would still preclude it from establishing a colorable defense–without which it is not entitled to removal under §1442.

In summary, Monsanto has simply made a bare assertion that it was a government contractor acting pursuant to contracts with the federal government. That, however, is not

12

sufficient. Monsanto must specifically allege and offer evidence as to enough details to demonstrate that there is some substance to this defense. Its failure to do so is fatal to removal.

(B)

**Defendant's Other Points Do Not Support Removal**

Monsanto raises a few additional points, none of which support removing this case.

1.

**The Alleged Indemnity Provisions of the Agreement
Do not Entitle Defendant to Removal under section 1442.**

Monsanto alleges–again without support–that it is entitled to indemnity from the federal government for any liabilities arising out of the operations at Mounds. Not only has Monsanto failed to offer one shred of proof on this point (like a copy of an indemnity provision)–the point itself is wholly irrelevant. The existence of some third-party indemnity agreement is not a defense to primary liability to the injured plaintiff. Rather, such an agreement simply gives rise to a third-party claim by the liable defendant against the indemnitor. See e.g. Dalrymple v. Grand River Dam Authority, 145 F.3d 1180 (10th Cir. 1998)(case remanded notwithstanding assertion of indemnity against US). Monsanto has certainly not cited any authority holding that the inclusion of an indemnity provision in a federal contract somehow extends the scope of the contractor's immunity from suit. Indeed, such a proposition is rather counter-intuitive. If Monsanto cannot be sued for anything that happened at Mounds, why would it need to be indemnified from liability? In any event, the prospect of third-party indemnity "does not provide a basis for jurisdiction." Agre v. Rain & Hail, LLC, 196 F.Supp. 905, 913 (D. Minn. 2002).

13

2.
Monsanto cannot Hide behind Its Unsupported
And Vague Allegations of Confidentiality

Monsanto cites no authority holding that the mere assertion of some confidentiality

requirement relieves a removing defendant of its obligation to establish proper grounds for

removing a case to federal court. Yet, this is precisely what it is attempting to do–use

unsubstantiated assertions of confidentiality as a smoke screen for its failure to offer any

evidence in support of removal. This carries bootstrapping to an unprecedented level. Even if

some part of these agreements and/or the work at Mounds were confidential, it would make little

sense to preclude Monsanto from verifying such restrictions by prohibiting it from producing the

portions of the agreements containing these alleged "confidentiality provisions." Moreover, any

deficiencies in the record (even those resulting from confidentiality issues) should be resolved

against removal. *See Grzetich*, 670 F.Supp. at 794.

3.
The Cases Cited by Defendant are Distinguishable

Monsanto's legal support for removal is as thin as its factual support. The cases it cites

are either distinguishable or support plaintiff's position (sometimes both).

Monsanto relies primarily on *Winters v. Diamond Shamrock Chemical Co*, 149 F.3d 387

(5th Cir. 1998), a case involving Agent Orange claims against the manufacturers of that product.

One critical difference between *Winters* and the case at bar is that the defendants in *Winters*

offered actual evidence in support of their positions. That case contains very specific discussions

about the precise manner in which the government specified the formula for Agent Orange,

which was manufactured from a combination of herbicides already being sold on the civilian

market. However, the precise combination and potency were "unprecedented"–i.e. had been specifically dictated by the federal government.

This somewhat contradictory origin led the courts in *Winters* and *Ryan, supra* (cited by plaintiff) to reach opposite conclusions on essentially the same facts. In *Ryan*, the court emphasized the fact that the primary components were existing, off-the-shelf products. Thus, that court remanded the cases. In *Winters*, the court denied remand by emphasizing that the government had specified the precise combination of those elements used to create Agent Orange. What is most crucial here that the allegations made by Monsanto do not even come close to the situation presented in *Ryan* and *Winters*. In those cases, the degree of strict federal control over the injury-causing material was certainly debatable. Here, it is non-existent. There is not even a credible suggestion that any federal officer or agency specified the precise composition or combination of asbestos materials at Mounds, in the same manner that the government specified the formula for Agent Orange.

*Boyle,* 487 U.S. 500 involved a Marine, who was killed in a helicopter crash. Plaintiff sued the contractor, which built the helicopter, alleging that the escape hatch was defectively designed. Plaintiff, in this case, obviously agrees with the Supreme Court's explanation of the contractor defense in *Boyle*. That case, however, is distinguishable on the facts. First, Boyle was a design defect case, in which there was evidence that the government had made a deliberate, discretionary decision as to the design of the defective device. The case at bar does involve design defect, and there is no evidence of government specifications.

In *Boruski v. United States*, 803 F.2d 1421 (7th Cir. 1986), the plaintiff sued both the drug manufacturer and the United States for injuries caused by side effects from the swine flu vaccine.

15

In that case, there was a detailed warning, which: (a) was drafted by the government; and, (b) specifically addressed precisely the side effects that caused plaintiff's injury. There is no such evidence here. Moreover, the plaintiff had received the vaccine as part of a federal program, the very purpose of which was to administer the vaccine to the public. Here, Mr. May's exposure to asbestos was merely incidental to the purpose of Monsanto's work at Mounds. At most, *Boruski* shows that the Seventh Circuit has recognized the government contractor defense–a rather pointless point, given that the Supreme Court did so in *Boyle*.

*Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992 (7th Cir. 1996), the other Seventh Circuit case cited by defendant, involved injuries sustained in a convoy accident that was allegedly caused by a design defect in the transport vehicle in which the injured soldiers were riding. Again, there was evidence that the government had specifically and deliberately designed the allegedly defective portions of the transport vehicle. Again, there is no such evidence here. Moreover, as in *Boyle*, the injury occurred to soldiers during active duty. Although there is precedent for applying the government contractor defense to non-military situations, courts have been more willing to allow removal in cases involving active duty situations. *But see Good*, 914 F.Supp. 1125 (remanding case involving asbestos exposure occurring while plaintiff was on active duty with Navy). In any event, stretching military precedent to encompass injuries to civilians is a doubtful exercise. In this same regard, the upholding of the removal of a suit by a federal inmate against federal prison officials is questionable precedent for removing a suit by a civilian worker exposed to asbestos at a government-involved facility. *See Willingham v. Morgan* (1969).

Plaintiff has already mentioned *Lamb*, 835 F.Supp. 959 (contractor defense did not apply,

although government owned the facility in question). Moreover, *Lamb* did not involve removal (it was filed in federal court on the basis of diversity). The court held that the contractor defense did not apply because: there was no proof that the event in question was caused by the exercise of a discretionary government function; and, there was no proof that defendant had been following specific government rules or instructions. Both of these deficiencies exist here, which is exactly why Monsanto cannot show that it has a colorable government contractor defense. In *Guillroy*, 872 F.Supp. 344, the court granted plaintiff's motion to remand because the defendant had not sufficiently shown that it was acting pursuant to any federal directive. Basically, the government had not exercised any direct control over the injury-causing events.

In *Foderberg v. United States*, 157 F.Supp.2d 1077 (S.D. Iowa 2001), the plaintiff was injured by improperly maintained equipment at a facility, which was owned by the Department of Energy and operated by a state university. The court's holding, that the plaintiff ***could*** maintain a suit ***against the United States*** for its negligent routine maintenance involving off-the-shelf equipment, means that a contractor would be subject to suit for the same type of conduct in state court.

### (C)
#### Alternatively, If This Court Determines That Monsanto Can Remove This Case, The Court Should Remand Plaintiff's Claims Against Other Defendants To State Court

Monsanto is but one of about eighty-five defendants named in this case. Should this Court decide that Monsanto is entitled to removal, under §1442, (which it is not), this Court should nevertheless remand plaintiff's claims against the other defendants. This was what occurred in *Madden v. Able Supply Co.*, 205 F.Supp.2d 695 (S.D. Tex. 2002). There, the court held that a government contractor had properly removed the case on the basis of plaintiff's

17

exposure to asbestos, while on active duty in the Navy.[3] The court, in *Madden*, then declined to exercise supplemental jurisdiction over claims against other defendants and remanded those to state court. *See* 205 F.Supp.2d at 702.

The court noted that it had discretion to decline supplemental jurisdiction, where one or more of four factors were present: (1) the claims involved novel or complex state-law issues; (2) the state-law claims and issues predominated; (3) the federal court has dismissed the claims over which it had original jurisdiction; and, (4) there are exceptional circumstances or other compelling reasons. *See* 205 F.Supp.2d at 702. Here, as in *Madden*, the second and fourth factors apply and support the need to remand other claims. Other than Monsanto's weakly pleaded contractor defense, there are no issues of federal law at all. Plaintiff's claims against the other defendants involve only state-law issues. Moreover, plaintiff's work at Mounds was only a small part of his overall work history and, therefore, represnts only a portion of his exposure to asbestos. Additionally, under the fourth factor, if this case remains in federal court, it will likely be transferred to the MDL in Pennsylvania–where it will languish with all of the other asbestos cases filed in, or removed to, federal court. In this regard, the court in Madden specifically relied upon the prospect of having the case transferred to the MDL as a reason to decline supplemental jurisdiction. *See* 205 F.Supp.2d at 702. *See also Ariail Drug Co. v. Recomm Display, Inc.*, 122 F.3d 930, 934 (11th Cir. 1997)( the prospect that a case might be transferred to a distant forum because of a bankruptcy or an MDL qualifies as an equitable reason for remand).

Clearly, this is a situation in which this Court possesses the discretion to decline

---

[3] Plaintiff does not agree that removal is made proper simply because the plaintiff was exposed to asbestos during active military duty. *See e.g. Good*, 914 F.Supp. at 1129.

18

supplemental jurisdiction over plaintiff's state-law claims against the other defendants. Plaintiff respectfully requests that the Court do precisely that (on the chance that the Court might hold that Monsanto's removal is otherwise proper).

CONCLUSION

For the reasons stated herein, plaintiff respectfully submits that this matter should be remanded to state court.

THE SIMMONS FIRM, LLC

Nate Mudd - #6243538
707 Berkshire Blvd.
PO Box 521
East Alton, IL 62040
Telephone:     (618) 259-2222

19

## Simmons Firm Service List (Madison County, IL)

Updated: 7-30-02

This is to certify that a copy of the foregoing has been served upon the following attorneys of record by depositing same in a U.S. Mailbox on this _3/6_ day of _(July_____, 2002 by _Muii Att_ (Simmons Firm, LLC).

| | | |
|---|---|---|
| Amoco Oil<br>Atlantic Richfield (successor to Sinclair Oil)<br>Sinclair Oil<br>BP Corporation North America (fka BP Amoco)<br>BP Chemicals Inc. aka BP Chemicals International | - | Alan Zelkowitz/John V. Smith **11**<br>Pretzel & Stouffer<br>One South Wacker Drive, Suite 2500<br>Chicago, IL 60606-4673<br>Phone: 312/578-7456          FAX: 312-346-8242 |
| Foster Wheeler / Garlock<br>Anchor Packing / Albany International<br>Dravo Constuction / Weavexx<br>Great Lakes Carbon Corporation<br>Viking Pump, Inc.<br>Treesdale (Pittsburgh Metals)<br>Kennecott Utah Copper Corporation<br>Rio Tinto America | - | Wm. Mahoney / Cameron Turner / Lawrence Finn **06**<br>Segal, McCambridge<br>One IBM Plaza, 330 N. Wabash, Ste. 200<br>Chicago, IL 60611<br>Phone: 312-645-7800          FAX: 312-645-7711<br>Email: cturner@smsm.com |
| A. W. Chesterton<br>Congoleum / Riley Stoker<br>Durabla<br>Kewaunee Fabrications<br>Sears, Roebuck & Company | - | John Kurowski / William Shultz, Jr. **02**<br>Kurowski, Bailey & Shultz, P.C.<br>24 Bronze Pointe<br>Swansea, IL 62226<br>Phone: 277-5500          FAX: 277-6334<br>Email: kurow@aol.com |
| Abex Corporation | - | Robert Scott **03**<br>Swain, Hartshorn & Scott<br>411 Hamilton Blvd. #1806<br>Peoria, IL 61602<br>Phone: 309-637-1700          FAX: 309-637-1708 |
| ACandS<br>Insul-Coustic Contracting PTY Ltd<br>Allied-Signal/Honeywell/Bendix | - | Nicole Behnen / Andrew Cross **04**<br>Polsinelli Shalton & Welte<br>100 S. Fourth Street, Suite 1110<br>St. Louis, MO 63102<br>Phone: 314-231-1950          FAX: 314-231-1776<br>Email: across@pswlaw.com |
| Bowater<br>PACCAR | - | Kurtis Reeg **05**<br>Leritz, Plunkert & Bruning, P.C.<br>One City Centre, Suite 2001<br>St. Louis, MO 63101<br>Phone: 314-231-9600          FAX 314-231-9480 |
| Asten Group | - | Stacey Seneczko **07**<br>Hinshaw & Culbertson (Waukegan)<br>110 North West Street<br>Waukegan, IL 60085-4330<br>Phone: 847-244-0551          FAX: 847-249-4755 |

American Boiler Services                    -       Brian E. McGovern
                                                    McCarthy, Leonard, Kaemmerer, et al.
                                                    16141 N. Outer Forty Drive, #300
                                                    Chesterfield, MO 63017
                                                    Phone: 636-532-7100              FAX: 636-532-0857

Big River Zinc Corp.                        -       David A. Nester
                                                    Nester & Constance, P.C.
                                                    123 West Washington Street
                                                    Belleville, IL 62220-2021
                                                    Phone:  234-4440                 FAX: 234-6193

Borg-Warner /  Certain-Teed                 -       Kent L. Plotner / Jennifer Johnson          **12**
A.T. Callas  /  C.E. Thurston                       Heyl, Royster, Voelker & Allen  (Edwardsville office)
Maremont   /  National Gypsum                       P.O. Box 467
Dana Corp.  /   Cupples                             Edwardsville, IL 62025
Union Carbide / Amchem / Foseco, Inc.               Phone:  656-4646                 FAX: 656-7940
Sinclair Oil / Atlantic Richfield **(co-counsel)**
Amoco Oil    /   Bombardier                         Chris Larson
TH Agriculture    /   Harcros Chemicals             Heyl Royster Voelker & Allen    (Peoria office)
D&F Distributing   /  Parker-Hannifin Corp.         124 S.W. Adams, Suite 600
Ford Motor Company **(co-counsel)**                 Peoria, IL   61602-1352
Missouri Drywall Supply   /  Reynolds Metals        Phone: 309-676-0400              FAX: 309-676-3374
J.R. Simplot Company /  Riverwood International
Central Illinois Light Corporation (CILCO)
Johnson & Johnson Consumer Companies
PSI Energy Inc.
Westinghouse Air Brake Technologies Corp.

Beazer East, Successor to Koppers           -       Eric C. Young
                                                    Dunham Boman & Leskera
                                                    208 North High Street
                                                    Belleville, IL 62220
                                                    Phone: 235-7222                  FAX: 236-2800
                                                    Email:  dbl103@mvp.net

Pfizer                                      -       William Lucco
Quigley                                             Lucco Brown & Mudge
                                                    224 St. Louis Street
                                                    Edwardsville, IL 62025
                                                    Phone:  656-2321                 FAX: 656-2363

B.F. Goodrich Co.  / Goodrich Corp.         -       H. Patrick Morris / Kevin Owens / Frederick Mueller   **35**
Brandon Drying Fabrics                              Johnson & Bell, Ltd.
Inland Steel    /   Ispat Inland Inc.               55 E. Monroe Street, Suite 4100
Southern Illinois Power Coop (Kevin Owens)          Chicago, IL 60603
Bechtel Corporation / Bechtel Construction Co.      Phone: 312-372-0770       FAX: 312-372-9818
Case Corporation   /   Sequoia Venutes, Inc.        Web:  www.johnsonandbell.com

| | | | |
|---|---|---|---|
| Bondex / Georgia Pacific<br>Georgia Pacific (Hudson Pulp & Paper)<br>Carborundum / Lockport Dryer Felts<br>Illinois Power / Ameren UE / CIPS<br>Grays Harbor Paper / Dow Chemical<br>Hollingsworth & Vose / Marcal Paper / RPM<br>Armour and Company / Swift & Co. / Swift-Eckrich<br>Commonwealth Edison / Edison International<br>Southern California Edison Company<br>A.E. Staley Manufacturing Company<br>Marathon Oil Company, Marathon Petroleum Company,<br>Marathon Ashland Petroleum, LLC<br>Henry A. Petter Supply Company<br>Angus Chemical Company<br>Proko Industries, Inc. | - | Jeffrey S. Hebrank / Brenda Baum<br>Burroughs, Hepler<br>P.O. Box 510<br>Edwardsville, IL  62025<br>Phone:  656-0184<br>Email:  mkw@ilmolaw.com  (Mandi) | 64<br><br>FAX: 659-9277 |

Aerojet                              -        Francis Duda / Joel Monson                    **31**
                                              Anderson & Gilbert
                                              200 S. Hanley Rd., Suite 710
                                              St. Louis, MO 63105
                                              Phone:  314-721-2777          FAX: 314-721-3515

Sprinkmann Sons Corp.                -        Robert J. Brummond
Marley Cooling Tower Co.                      Foley & Mansfield
Brauer Supply                                POB 56580
                                              St. Louis, MO 63156
                                              Phone:  314-367-7060          FAX: 314-367-9945

Abex                                 -        Ray Fournie / Anita Kidd                       **48**
Carlisle Corporation                          Armstrong, Teasdale
General Dynamics  /  Weyerhaeuser             One Metropolitan Square, #2600
The Mead Corp. (Westvaco)                     St. Louis, MO 63102-2740
Longview Fibre   /   Wagner Electric          Phone:  314-621-5070          FAX:  314-621-5065
Nestle Purina Petcare  /  Nestle USA, Inc.
Montello  /   Fru-Con Construction Corp
Prestolite Electric, Inc.

Cerro Copper Products Company        -        Thomas Ducey
                                              Ducey & Associates, P.C.
                                              20 Bronze Point
                                              Swansea, IL 62226
                                              Phone:  233-1358              FAX: 234-9560

Combustion Engineering               -        Daniel G. Donahue/Ann Hatch                    **14**
Triangle Insulation                           Herzog, Crebs & McGhee
Westinghouse Electric                         1 City Centre, 24th Floor
Wise El Santo                                 515 North 6th Street
Mallinckrodt                                  St. Louis, MO  63101
The Stovey Company / Flexo                    Phone: 314-231-6700           FAX: 314-231-4656

Commonwealth Edison (ComEd)          -        Michael Freeborn / Michael Franz

Freeborn & Peters
311 S. Wacker Drive, Suite 3000
Chicago, IL 60606
Phone:  312-360-6000          FAX:  312-360-6520

| | | |
|---|---|---|
| Ingersoll-Rand /  Kentile Floors | - | Susan Gunty / Paul VanLysebettens          **28** |

Ingersoll-Rand /  Kentile Floors          -          Susan Gunty / Paul VanLysebettens          **28**
Halliburton Technical Services,                    Gunty & McCarthy
Electric Energy, George P, Reintjes               150 S. Wacker Drive, Suite 1025
Ferro Engineering/Ogelbay                         Chicago, IL 60606
Aurora/Hydromatic Pumps                           Phone: 312-541-0022          FAX: 312-541-0033
Scott Laboratories, Inc.  / Cooper Industries
Fluor Constructors International, Inc.
Central Steel & Wire Company  /  Sidener Supply
Fire King International

Crown, Cork & Seal          -          Stephen Maassen          **13**
Jefferson Smurfit                                Hoagland, Fitzgerald, Smith & Pranaitis
International Harvester n/k/a International Truck  401 Market St. - PO Box 130
United Refractories Inc.                          Alton, IL 62002
Fulton Boiler Works Inc.                          Email:  maassen@il-mo-lawfirm.com
                                                  Phone:  465-7745          FAX:  465-3744

CSR, Ltd.          -          David Coffman / Doug Nieder / Allen Boston          **15**
Nooter   /   Nooter Construction Co.             Lewis, Rice & Fingersh
J-M A/C Pipe Corporation                          500 N. Broadway, Ste. 2000
Consolidated Aluminum                             St. Louis, MO  63102
Cupples Products, Inc.                            Phone:  314 444-7600          FAX: 314- 241-6056
                                                  Email:  aboston@lewisrice.com

General Motors (Delco-Moraine)          -          John D. Warner, Jr.          **52**
                                                  Gault & Warner, LLC
                                                  222 S. Central #500
                                                  Clayton, MO 63105
                                                  Phone: 314-863-2230          FAX: 314-863-2348

                                                  Gregory Cerulo
                                                  Quinn Johnston Henderson & Pretorius
                                                  227 N.E. Jefferson Street
                                                  Peoria, IL 61602
                                                  Phone: 309-674-1133          FAX: 309-674-6503

                                                  Gary Wiseman          (co-counsel)
                                                  Law Offices of Thomas Noonan, P.C.
                                                  701 Market Street, Suite 425
                                                  St. Louis, MO 63101
                                                  Phone:  314-241-4747          FAX: 314-241-2039

Daimler Chrysler          -          Maureen McGlynn
Ford Motor Company                                McGlynn & McGlynn, L.L.C.
                                                  222 S. Central Avenue, Suite 1101
                                                  St. Louis, MO 63105

| | | |
|---|---|---|
| | Phone: 314-727-1000 | FAX:  314-727-2960 |

Doyle Equipment Company       -     David T. Butsch           **54**
Kimberly -Clark                           Green, Schaaf & Jacobson, P.C.
Scott Paper                               7733 Forsyth Blvd., Suite 700
   Clayton, MO 63105
   Phone: 314-862-6800         FAX: 314-862-1606

Dresser Industries     -     Bryan Skelton
Halliburton Company             Reed, Armstrong
Halliburton Energy Services        115 N. Buchanan, P.O. Box 368
Worthington Pump                   Edwardsville, IL 62025
Fisher Hamilton  /  Kewaunee Engineering   Phone: 656-0257         Fax: 692-4416
Baroid Drilling Fluids  / M.I. LLC.
Kellog Brown & Root, Inc.

Flintkote (Bart Sullivan)    -     Bart Sullivan            **01**
   Sandberg, Phoenix & von Gontard
   One City Centre, 15th Floor
   St. Louis, MO  63101
   Phone: 314-231-3332       FAX: 314-241-7604

General Electric    -     Ronald L. Hack          **17**
ASARCO, Inc.                  Gallop, Johnson & Neuman
   101 S. Hanley, Ste. 1600
   St. Louis, MO  63105
   Phone: 314-615-6000        FAX: 314-615-6001

General Gasket (Bronsky)    -     A.J. Bronsky /  John McMullin    **29**
Morton Salt Company (McMullin)      Brown & James. P.C. *(St. Louis)*
   1010 Market Street, 20th Floor
   St. Louis, MO  63101
   Phone: 314-421-3400       FAX:  314-421-3128

Azrock/Domco, Inc.    -     Beth Kamp Veath
Harwick Standard Distribution      Brown & James, P.C. *(Belleville)*
AlliedSignal/Bendix               120 W. Main, 2nd Floor
Honeywell International          Belleville, IL 62220-1502
   Phone:  235-5590          FAX: 235-5591
   Email: bveath@bjpc.com

General Refractories    -     Thomas Kernell          **09**
Young Insulation   /  Young Group Ltd.     Roberts, Perryman
Young Sales Corp.                 One USBank Plaza, Suite 2300
American Biltrite  /  LaSalle Steel       St. Louis, MO  63101
Sprinkmann Sons   / Boise Cascade Corp.   Phone: 314-421-1850     FAX: 314-421-4346

Dow Chemical    -     Gerard T. Noce / W. Allan Murray
Angus Chemical Company         NOCE & BUCKLEY, LLC
   515 Olive Street, Suite 800

| | | | |
|---|---|---|---|
| Ilinois Bell Telephone Company | - | St. Louis, MO 63101<br>Phone: 314-621-3434     FAX: 314-621-3485<br>Timothy Hayes & Associates<br>120 S. Central Avenue, #1880<br>St. Louis, MO 63105<br>Phone: 314-726-6767     FAX:  314-726-6765 | |
| IREX | - | Steven W. Celba<br>Celba & Des Rochers<br>4493 N. Prospect Ave.<br>Milwaukee, WI 53211<br>Phone: 414-906-0626     FAX: 414-906-0631 | |
| J.P. Bushnell Packing | - | Michael Noakes / Gregory Dioneda<br>Moser & Marsalek, P.C.<br>200 N. Broadway, Ste. 700<br>St. Louis, MO  63102-2730<br>Phone: 314-421-4364     FAX: 314-421-5640<br>Email: gdioneda@moser.com | 38 |
| John Crane, Inc. | - | Edward M. Burns<br>Law Office of William M. Koziol<br>One Kemper Drive<br>Long Grove, IL  60049-0001<br>FAX: 847-320-4347 | 10 |
| Kaiser<br>McDonnell Aircraft & Missile Systems<br>American Standard (of counsel)<br>McDonnell Douglas/Boeing<br>Gardner Denver<br>Sara Lee | - | Becky Jackson / Dennis O'Connell<br>Bryan, Cave<br>211 N. Broadway, Ste. 3600<br>St. Louis, MO  63102-2750<br>Phone: 314-259-2000     FAX: 314-259-2020 | 22 |
| Metropolitan Life | - | Charles L. Joley<br>Donovan, Rose, Nester<br>8 E. Washington Street<br>Belleville, IL  62220-2190<br>Phone:     FAX: 235-9632 | 23 |
| | | Ed Crane<br>Skadden, Arps, Slate, Meagher & Flom<br>333 West Wacker Drive<br>Chicago, IL  60606-1285<br>Phone:     FAX: 312-407-0411 | 24 |
| 3M (Minnesota Mining & Manufacturing) -<br>Norfolk Southern / Norfolk & Western<br>Illinois Central Railroad<br>A.O. Smith | | Richard Boyle / Tom Peters / Curtis Picou<br>Gundlach, Lee, Eggmann, Boyle & Roessler<br>5000 West Main, Box 23560<br>Belleville, IL  62223<br>Phone: 277-9000     FAX: 277-4594 | 60 |

AO. Smith
-
James R. Niquet
Crivello, Carlson, Mentkowski & Steeves, S.C.
710 North Plankinton Ave.
Milwaukee, WI 53203
FAX: 414-271-4438

Lorillard                                                    **16**
Sherwin-Williams (also see Ross & Hardies)
Bunge Corporation
The Stanley Works, Inc.
Union Pacific Railroad
-
Tracy Jonathan Cowan / Karen Volkman
Thompson Coburn        *(St. Louis)*
1 Firstar Plaza
St. Louis, MO 63101
Phone:  314-552-6040        FAX: 314-552-7000
Email: tcowan@thompsoncoburn.com
        or kvolkman@thompsoncoburn.com

Kurt Reitz / Thomas Alvey
Thompson Coburn        *(Belleville)_*
525 W. Main Street, POB 750
Belleville, IL 62222-0750
Phone:  277-4700        FAX: 236-3434

Mt. Vernon Mills, Inc.
-
Jerome Duchowicz
O'Hagan, Smith & Amundsen, LLC
150 N. Michigan Ave., #3300
Chicago, IL 60601
Phone: 312-894-3200        FAX: 312-894-3210

Monsanto                                                    **46**
Olin    /    PolyOne
Union Oil Company of California (Unocal)
Conoco
American Cyanamid
-
Mark Zellmer
Husch & Eppenberger
190 Carondelet Plaza, #600
St. Louis, MO 63105-3441
Phone: 314-480-1500        FAX: 314-480-1505

Occidental                                                   **40**
-
William Schopf
Schopf & Weiss
312 W. Randolph, Suite 300
Chicago, IL 60606
Phone: 312-701-9300        FAX: 312-701-9335
Email: swedenborg@sw.com  (Lisa Swedenborg)

PPG                                                         **26**
Rapid American
Barton Salt Co. *(Also see Mayer Brown)*
-
Dennis Graber / Jeffrey Glass / Mark Bauman
Hinshaw & Culbertson (Belleville)
521 W. Main, Suite 300, POB 509
Belleville, IL  62222
Phone:  277-2400        FAX: 277-1144
Email:  jglass@hinshawlaw.com

Craig Liljestrand / Daniel McGrath                          **56**
Hinshaw & Culbertson (Chicago)
222 N. Lasalle Street, Suite 300
Chicago IL  60601-1081
Phone:        Fax: 312-704-3001

| | | | |
|---|---|---|---|
| Sager Corporation | - | James Carter<br>Carter Law Offices<br>416 Main Street, Suite 529<br>Commerce Bank Bldg., 15th Floor<br>Peoria, IL  61602<br>Phone:  309/673-3517 | 33<br><br><br><br><br>FAX: 309-673-3318 |
| Anheuser-Busch<br>Caterpillar<br>Shell<br>Goodyear Tire  /  Goodyear Canada<br>Kraft Foods, Inc.<br>Valero Marketing and Supply Company | - | Thomas Orris<br>Williams, Venker & Sanders<br>10 South Broadway<br>St. Louis, MO 63102<br>Phone: 314-345-5000 | <br><br><br><br>FAX:  314-345-5055 |
| Simkins Industries, Inc. (d/b/a Beveridge) | - | Martin M. Ruken<br>Meltzer Purtill & Stelle, LLC<br>1515 East Woodfield Road, 2nd Floor<br>Schaumburg, IL 60173-5431<br>Phone: 847-330-2400<br>Email: Mruken@mpslaw.com | <br><br><br><br>FAX: 847-330-1231 |
| Surface Combustion | - | Richard R. Malone<br>Malone, Ault & Farell<br>405 Madison Avenue, Ste. 2300<br>Toledo, OH  43604<br>Phone:  419/242-6066 | 36<br><br><br><br>FAX: 419-242-1605 |
| Texaco | - | Michael Trucco<br>Stamos & Trucco<br>Ten North Dearborn, 5th Floor<br>Chicago, IL 60602<br>Phone:  312-630-7979 | 57<br><br><br><br>FAX: 312 630-1183 |
| Thermic Refractories, Inc. | - | Stephen J. Potter / James Corrigan<br>Behr, McCarter & Potter, PC<br>7777 Bonhomme Ave., #1810<br>St. Louis, MO 63105<br>Phone:  314 862 3800 | 37<br><br><br><br>FAX:  314 862-3953 |
| Uniroyal (O'Hara)<br>John Deere & Co.  (Fischer)<br>Mobil Corp/Socony (Fischer) | - | Joseph O'Hara, Jr. / Matthew Fischer<br>Schiff, Hardin & Waite<br>6600 Sears Tower<br>233 South Wacker Dr.<br>Chicago, IL 60606-6473<br>Phone: 312-258-5500<br>Email: mfischer@schiffhardin.com | <br><br><br><br><br>FAX: 312 258 5700 |
| Owens-Illinois | - | Robert Riley<br>Schiff, Hardin & Waite<br>7200 Sears Tower<br>Chicago, IL  60606<br>Phone: | 25<br><br><br><br>FAX: 312-258-5600 |

| | | | |
|---|---|---|---|
| Westinghouse Air Brake<br>American Standard, Inc. | - | James Toohey / Joseph Janatka<br>Ross & Hardies<br>150 North Michigan Avenue<br>Chicago, IL 60601-7567<br>Phone:  312-558-1000 | **41**<br><br><br><br>FAX: 312-750-8600 |
| Sherwin-Williams (also see Thompson Coburn) | - | Cara Houck / Wm. Serritella<br>Ross & Hardies<br>150 N. Michigan Avenue, Suite 2500<br>Chicago, IL 60601-7567<br>Phone: 312-558-1000 | **41**<br><br><br><br>FAX: 312-750-8600 |
| Wheeler Protective | - | Robert W. Wilkinson<br>Dogan & Wilkinson, P.L.L.C.<br>726 Delmas Avenue, P.O. Box 1618<br>Pascagoula, MS 39568-1618<br>Phone:  228-762-2272 | **32**<br><br><br><br>FAX:  228-762-8246 |
| CSX Transportation, Inc.<br>American Premier Underwriters<br>Consolidated Rail Corporation<br>Norfolk Southern Corporation | - | Richard F. Nash / James A. Bax<br>Brasher Law Firm, L.C.<br>211 N. Broadway, Ste. 2300<br>St. Louis, MO 63102<br>Phone:  314-621-7700 | **58**<br><br><br><br>FAX: 314-621-1088 |
| Consolidated Rail (also see Thompson Coburn)<br>Sheehan Pipeline | - | Donald J. Dahlman<br>Walker & Williams, P.C.<br>4343 West Main Street<br>Belleville, IL 62226<br>Phone: 618-277-2000 | **59**<br><br><br><br>FAX:  618-233-1637 |
| Consolidated Rail  (also see Walker & Williams) | - | Thomas W. Alvey, Jr.<br>Thompson Coburn *(Belleville)*<br>525 West Main Street, P.O. Box 750<br>Belleville, IL 62222-0750<br>Phone:  277-4700 | **61**<br><br><br><br>FAX: 236-3434 |
| United States Steel (USX)<br>   *(Also See Matushek & Assoc)* | - | Al Mohktari<br>Baughman & Associates<br>55 Public Square, Suite 2215<br>Cleveland, OH 44113<br>Phone:  216-687-1244 | **43**<br><br><br><br>FAX:  216-621-4066 |
| United States Steel (USX)<br>Airtex Products | - | Edward J. Matushek /  David A. Nilles<br>Matushek & Associates<br>One North LaSalle Street, #3210<br>Chicago, IL 60602<br>Phone: 312-750-1215<br>Email:  danilles@matushek.com | <br><br><br><br>FAX: 312-750-1273 |
| SCAPA | - | Dan O'Connell/John O'Sullivan/John Tammes<br>O'Connell & O'Sullivan<br>217 N. McLean Blvd., Suite 2-C<br>Elgin, IL 60123<br>Phone:  847-741-4603 | <br><br><br><br>Fax: 847-741-4692 |

Northern Indiana Public Service Co.  —  Robert J. Feldt
Eichhorn & Eichhorn
200 Russell Street, POB 6238
Hammond, IN 46325
Phone: 219-931-0560      FAX: 219-931-5370

Hammermill Paper Company  —  Michael J. Kanute / Michael L. Volin
International Paper Company/Champion  Holland & Knight, LLP
International Paper Company/Hammermill  55 West Monroe, Suite 800
International Paper Company/Nicolet  Chicago, IL 60614
Champion International Corporation  Phone: 312-263-3600      FAX: 312-578-6666
Bridgestone/Firestone, Inc.

International Harvester Company  —  Martin H. Katz
        (Also see Hoagland)  Katz Huntoon & Fieweger, P.C.
1705 Second Avenue, POB 3250
Rock Island, IL 61204-3250
Phone: 309-788-5661      FAX: 309-788-5688

Ashland, Inc.  —  Larry J. Chilton
Keystone Consolidated d/b/a Keystone Steel & Wire  Chilton, Yambert, Porter & Coghlan
150 S. Wacker Drive, Suite 2400
Chicago, IL 60606
Phone: 312-460-8000      FAX: 312-460-8299

Marcal Paper Mills, Inc.  —  Robert J. Luddy
Windels Marx Lane & Mittendorf
156 W. 56th Street
New York, NY  10019
Phone:  212-237-1000      FAX: 212-262-1215
Email: rluddy@windelsmarx.com

ACME Steel Company  —  James Dobeus
Cremer Kopon Shaughnessy & Spina LLC
180 North LaSalle, Suite 3300
Chicago, IL 60601
Phone: 312-726-3800      FAX  #312-726-3818

DuPont  —  Russell W. Baker, Jr.
Spencer Fane Britt & Brown  (Kansas City)
1000 Walnut Street, Suite 1400
Kansas City, MO 64106-2140
Phone: 816-474-8100      FAX: 816-474-3216
Email: rbaker@spencerfane.com

Engelhard Corporation (Erik Solverud)  —  Erik Solverud / Kathleen Daly
Draco Mechanical Supply (Kathleen Daly)  Spencer Fane Britt & Brown  (St. Louis Office)
120 S. Central Ave., 5th Floor
St. Louis, MO 63105
Phone: 314-863-7733      FAX:  314-862-4656
Email: esolverud@spencerfane.com

| | | |
|---|---|---|
| Technical Products, Inc. | - | Leo W. Nelson<br>Holtkamp Liese Childress & Schultz<br>217 N. 10th, Pennsylvania Bldg., #400<br>St. Louis, MO 63101-2003<br>Phone: 314-621-7773          FAX:  314-231-4384<br>Email:  lnelsen@holtkampliese.com |
| Lear Siegler (Thomas & Betts) | - | Erin L. Alexander<br>McBride Baker & Coles<br>500 W. Madison, 40th Floor<br>Chicago, IL 60661<br>Phone:  312-715-5700          FAX:  312-993-9350 |
| Air Products & Chemicals<br>Duke Energy Fossil-Hydro California Inc. | - | Stephen Rovak / David Stoeberl<br>Sonnenschein Nath & Rosenthal<br>One Metro Square, Suite 3000<br>St. Louis, MO 63102<br>Phone:  314-241-1800          FAX:  314-259-5959 |
| LTV Steel Co. | - | Ezio Listati<br>6801 Brecksville Road<br>Independence, OH  44131<br>Phone:  216-622-5701          FAX: 216-642-7062 |
| Lever Brothers Company | - | Cory D. Anderson<br>Connelly Roberts & McGivney LLC<br>One North Franklin, Suite 1200<br>Chicago, IL 60606-3401<br>Phone: 312-251-9600          FAX: 312-251-9601 |
| Emerson Electric | - | Daniel G. Nienhuis<br>von Briesen, Purtell & Roper<br>735 North Water Street<br>Milwaukee, WI 53202<br>Phone: 414-273-7000          FAX: 414-273-7897<br>Email: dnienhui@vonbriesen.com |
| Merck & Co., Inc. | - | Jennifer K. Fardy<br>Seyfarth Shaw<br>55 E. Monroe, Suite 4200<br>Chicago, IL 60603-5803<br>Phone: 312-346-8000          FAX: 312-269-8869<br>Email: jfardy@seyfarth.com |

| | | |
|---|---|---|
| Alberici<br>Benjamin Moore & Co.<br>AGCO Corporation<br>Dura Automotive Systems, Inc.<br>Eaton Corporation | - | Jerry Simon /  Jim Bentivoglio / Daniel Bennett<br>Rabbitt, Pitzer & Snodgrass, P.C.<br>800 Market Street,  Ste. 2300<br>St. Louis, MO  63101-2608<br>Phone:  (314)421-5545          FAX 314-421-3144<br>Email: bentivoglio@rabbittlaw.com or simon@rabbittlaw.com |
| Missouri Drywall Supply, Inc. | - | Sona Rewari / Alexandra Brisky<br>Hunton & Williams<br>1751 Pinnacle Drive, Suite 1700<br>McLean, VA 22102<br>Phone: 703-714-7000          FAX:  703-714-7410<br>Email:  abrisky@hunton.com<br><br>(Also See Heyl Royster for Missouri Drywall) |
| Joy Technologies<br>Kelsey-Hayes Company | - | Andrew Voss<br>Greensfelder, Hemker & Gale *(St. Louis office)*<br>10 S. Broadway, Suite 200<br>St. Louis, MO  63102<br>Phone:  314-241-9090          FAX:  314-241-8624<br>Email:  amv@greensfelder.com |
| Quaker Oats Company<br>Joe Titsworth Masonry, Inc.<br>Pepsico, Inc. | - | Russell K. Scott / William Schmitt<br>Greensfelder Hemker & Gale *(Belleville office)*<br>12 Wolf Creek Drive, Suite 100<br>Belleville (Swansea), IL 62226<br>Phone: 618-257-7308          FAX: 618-257-7353<br>Email:  rks@greensfelder.com |
| Morris Construction, Inc.<br>   *(Kibbler case only)* | - | Mark R. Weber<br>POB 696<br>Robinson, IL 62454<br>Phone: 618-544-9595          FAX: 618-544-9596 |
| Helmkamp Construction Company | - | Roger Pecha / Matthew Jacober<br>Jenkins & Kling, P.C.<br>10 S. Brentwood Blvd., Suite 200<br>St. Louis, MO 63105<br>Phone: 314-721-2525          FAX:  314-721-5525 |
| Chicago Bridge & Iron | - | James J. Berdelle<br>Bullaro & Carton<br>200 N. LaSalle, Suite 2500<br>Chicago, IL 60601<br>Phone: 312-831-1000          FAX: 312-831-0647 |

| | | |
|---|---|---|
| Birmingham Steel Corp. | - | Gary M. London<br>Burr & Forman LLP<br>POB 830719<br>Birmingham, Alabama 39283<br>Phone: 205-251-3000      FAX: 205-458-5100 |
| ADM Milling Co.<br>   (Garland case only) | - | Roger K. Rea<br>200 S. Hanley, Suite 1100<br>St. Louis, MO 63105<br>Phone: 314-434-2284      FAX: 314-205-9513 |
| Rockwell Automation (fka Rockwell International)<br>ArvinMeritor, Inc. | | Law Office of Francis H. Kennedy<br>319 North Fourth Street, Suite 503<br>St. Louis, MO 63102<br>314-436-0030      FAX:   314-436-0094 |
| Sargent & Lundy<br>J.R. Simplot (also see HRVA) | - | Benson Friedman / Steven Hoeft<br>McDermott, Will & Emery<br>227 West Monroe<br>Chicago, IL 60606-5096<br>Phone: 312-372-2000      FAX:   312-984-7700<br>Email: bfriedman@mwe.com |
| Bell & Howell Publishing Services<br>Bell & Howell Asset Three<br>Bell & Howell Asset Four | - | Christina Collins / Juli Wilson Marshall<br>LATHAM & WATKINS<br>233 S. Wacker Drive, Suite 5800<br>Chicago, IL 60606<br>Phone: 312-876-7700      FAX:   312-993-9767<br>Email: juli.marshall@lw.com |
| United Refractories<br>   (Garland case only) | - | *See Law Offices of John C. Meyer*<br>*See Hoagland Fitzgerald Smith & Pranaitis* |
| M.D. Magary Construction Company | - | David Waltrip<br>Jones, Korum, Waltrip & Jones<br>120 South Central Avenue, Suite 450<br>Clayton, MO 63105<br>Phone: 314-727-7755      FAX:   314-726-2771 |

| | | |
|---|---|---|
| Clark Oil n/k/a Premcor<br>Barton Salt Company | - | Susan Cowell (Clark Oil)<br>Hugh McCombs (Barton Salt)<br>Mayer Brown Rowe & Maw<br>190 S. LaSalle Street<br>Chicago, IL 60603<br>Phone: 312-782-0600      FAX: 312-706-8475<br>Email: scowell@mayerbrownrowe.com |
| Clark Oil n/k/a Premcor<br>*(Fabre case only)* | - | Christopher Swenson<br>Suelthaus & Walsh, P.C.<br>7733 Forsyth Blvd., 12th Floor<br>Clayton, MO 63105<br>Phone: 314-727-7676      FAX: 314-727-7166<br>Email: ccs@suelthauswalsh.com or rjs@suelthausewalsh.com |
| Miller Brewing Company | - | Monica Tynan<br>Quarles & Brady LLC<br>500 West Madison, Suite 3700<br>Chicago, IL 60661-2511<br>Phone: 312-715-5000      FAX: 312-715-5155 |
| Genuine Parts Company<br>National Automotive Parts Assoc. | - | Thomas Ksobiech<br>Rasmussen Willis Dickey & Moore LLC<br>9200 Ward Parkway, Suite 310<br>Kansas City, MO 64114<br>Phone: 816-960-1611      FAX: 816-960-1669<br><br>Kimberly Kuhlengel-Jones   (Co-Counsel)<br>238 E. Adams Street, POB 186<br>Nashville, IL 62263<br>Phone: 618-327-3093      FAX: 618-327-3905 |
| Peoria and Pekin Union Railway Co.<br>(Huey case only) | - | James R. Morrison<br>Westervelt, Johnson, Nicoll & Keller, LLC<br>Suite 1400, 411 Hamilton Blvd.<br>Peoria, IL 61602<br>Phone: 309-671-3550      FAX: 309-671-3588 |
| International Salt Company | - | Stephen M. Foxman<br>Eckert Seamans Cherin & Mellott LLC<br>1515 Market Street, 9th Floor<br>Philadelphia, PA 19102<br>Phone: 215-851-8400      FAX: 215-851-8383<br>Email: smf@escm.com |
| Motorola, Inc. | - | Jacob M. Mihm<br>Ungaretti & Harris<br>3500 Three First National Plaza<br>Chicago, IL 60602 |

|  |  |  |  |
|---|---|---|---|
|  |  | Phone: 312-977-4400 | FAX: 312-977-4405 |

Oil Field Construction  -  C. Lynn Lowder
Piper Rudnick
203 North LaSalle, Suite 1800
Chicago, IL 60601
Phone: 312-368-4000                    FAX: 312-236-7516

Fulton Boiler Works, Inc.  -  John C. Meyer
United Refractories, Inc.      Law Offices of John C. Meyer
120 S. LaSalle, Suite 1530
Chicago, IL 60603
Phone: 312-269-0020                    FAX: 312-269-0289

*(Also See Hoagland Fitzgerald Smith & Pranaitis)*

Roberts Motors, Inc.  -  Kevin Blaine
Schrempf, Blaine, Kelly & Darr, Ltd.
307 Henry Street, Suite 415, POB 725
Alton, IL 62002
Phone: 465-2311                    FAX: 465-2318
Email:   kblaine@sbkdlaw.com

CENTRAL RECORDS DEPOSITORY  -  Nanci Marti, 203 W. High Street, Edwardsville, IL 62025

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2002

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

This is to certify that a copy of the foregoing has been served upon the following attorneys of record by depositing same in a U.S. Mailbox on this __5TH__ day of __September__, 2002 by: _[signature]_ (Simmons Firm, LLC).

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29464

Joseph C. Orlet
Husch & Eppenberger
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2002 SEP -6  A 10: 29

RECEIVED
CLERK'S OFFICE

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Westonm, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

ATTORNEYS

John Simmons (IL, GA, FL)
Marcus E. Raichle, Jr. (IL, MO, OK, IN)
Ted N. Gianaris (IL, MO)
Jeffrey S. Cooper (IL)
Perry L. Browder (IL)
S. Martin Jansky (IL, MO)
James F. Kelly (MO, OK)
Michael J. Angelides (IL, MO)
Nathaniel D. Mudd (IL, MO)
John A. Barnerd (IL)
Myles L. Epperson (IL, MO)



**The Simmons Firm** L.L.C.
A t t o r n e y s   a t   L a w

*Lawyers for the American Worker*

OF COUNSEL

Randall A. Bono (IL)
Charles W. Chapman (IL)
William A. Kohlburn (MO)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2002

FILED
CLERK'S OFFICE

September 5, 2002

Mr. Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, DC 20002

**REQUEST BY PLTF. MARVIN MAY
FOR EXTENSION OF TIME TO
FILE MOTION TO VACATE CTO -- GRANTED
TO AND INCLUDING SEPTEMBER 6, 2002**
( mjb 9/6/02)

**Via fax: 202-502-2888**

Re: *Marvin May v. A.W. Chesterton et al., Southern Dist. of Illinois, MDL No. 875*

Dear Mr. Beck:

Plaintiff's opposition to transfer was due on September 5, 2002. Due to an oversight in calendaring, the due date was inadvertently missed. Additionally, plaintiff's counsel has been preparing for, and involved in trials in both St. Louis, Missouri and Edwardsville, Illinois. One commenced September 3 and the other is due to commence on September 9. This involvement contributed to a failure to catch the above error.

Plaintiff has prepared and is overnighting his opposition to transfer, which rests primarily on the fact that federal jurisdiction is disputed and the local court has yet to rule on plaintiff's remand motion. No party will be legitimately prejudiced by having the panel entertain plaintiff's opposition to transfer.

Plaintiff therefore ask that the panel and the clerk accept his late-filed opposition to transfer of this matter, and that the decision be made on the merits rather than by default.

Sincerely,

William A. Kohlburn