JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 0 2002

FILED
CLERK'S OFFICE

MOTION BY DEFT. VIACOM, INC., TO
STAY 8/28/02 VACATION OF CTO-214 IN
MATHIAS ACTION -- DENIED
( mjb 9/10/02)

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION (No. VI) | ) | MDL DOCKET NO. 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| DIANE MATHIAS, Individually and as Personal | ) | |
| Representative of the Heirs and Estate of | ) | |
| GEORGE MATHIAS, Deceased | ) | |
| | ) | |
| vs. | ) | EP 01 CA 0380 DB |
| | ) | |
| ACandS, INC., et al. | ) | |

RECEIVED
CLERK'S OFFICE
2002 SEP 10 A

## DEFENDANT VIACOM, INC.'S MOTION TO STAY VACATION OF CTO-214
## PENDING THE DISTRICT COURT'S RECONSIDERATION OF ITS ORDER
## REMANDING THIS CASE TO THE TEXAS STATE COURT AND BRIEF IN SUPPORT

COMES NOW Defendant Viacom, Inc., successor to Westinghouse Electric Corporation

(hereinafter "Westinghouse"), and tenders this, its motion to stay.  On August 28, 2002, this Panel

entered an Order[1] vacating its conditional transfer order as to the above-styled asbestos case (CTO-

---

[1]A copy of this Panel's August 28, 2002 Order is attached hereto as "Exhibit A."

1

OFFICIAL FILE COPY

IMAGED SEP 11 '02

*Faxed to atty. for
Viacom, Inc. and
plffs. counsel. ㏈

214) based upon an August 26, 2002 order by the United States District Court for the Western District of Texas (El Paso Division) (hereinafter "District Court") remanding this civil action to the Texas state court from which it was removed by Defendant.[2]  For the reasons set forth herein, Westinghouse respectfully requests that this Panel stay its vacation of CTO-214 as to the above-styled case pending the District Court's reconsideration of its remand order.

## **Averments of Fact**

1.

On or around June 12, 2002, this Panel issued a conditional transfer order (CTO-214) which, in relevant part, conditionally transferred the above-styled civil action from the District Court to MDL-875.

2.

While CTO-214 was pending, the District Court entered an order on August 26, 2002 remanding the above-styled civil action to the Texas state court from which it was originally removed based upon the District Court's conclusion that Westinghouse's notice of removal had been untimely for purposes of 28 U.S.C. § 1446(b).

3.

Based upon the District Court's remand order, this Panel entered an Order on August 28, 2002, vacating CTO-214 as it related to the above-styled civil action.

---

[2]A copy of the District Court's August 26, 2002 remand order is attached hereto as "Exhibit B."

4.

While Plaintiff has herself forwarded a copy of the remand order to the Texas state court, the remand has not been perfected as the District Court has not transmitted a copy of its order to the Texas state court and has not transmitted the file in this case back to the state court.

5.

On September 6, 2002, Westinghouse filed a motion for reconsideration in the District Court, asking that court to reconsider its August 26, 2002 remand order based upon irreconcilable inconsistencies between said order and prior binding decisions of the United States Court of Appeals for the Fifth Circuit including <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208 (5th Cir. 2002) and <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494 (5th Cir. 1996) and further asking that the ordered remand be stayed pending the District Court's ruling on the motion for reconsideration.[3]

6.

Westinghouse's motion for reconsideration and for a stay of remand remains pending in the District Court.

## <u>Argument</u>

As reflected above, the remand of this case to the Texas state court from which it was removed has been ordered by the District Court, but this removal has not yet been perfected and the District Court thus retains jurisdiction to reconsider its remand order. <u>See, e.g.</u>, <u>Trans Penn Wax Corp. v. McCandless</u>, 50 F.3d 217, 225 (3d Cir. 1995); <u>Bucy v. Nevada Constr. Co.</u>, 125 F.2d 213, 217-218 (9th Cir. 1942). A motion for reconsideration (and for a stay of remand) has been filed by

---

[3] A file-stamped copy of Westinghouse's motion for reconsideration and for a stay of remand is attached hereto as "Exhibit C."

Westinghouse and remains pending in the District Court. In the event that the District Court reconsiders and vacates its August 26, 2002 remand order, a vacation of CTO-214 as to this case will prove to be at the direct cost of judicial efficiency and economy as Westinghouse will be required to re-initiate the entire transfer process. Conversely, if the District Court denies the pending motion for reconsideration and instead perfects the remand of this case to the Texas state court, Plaintiff will not have been prejudiced by the continued pendency of CTO-214. Accordingly, Westinghouse respectfully requests that this Panel stay its vacation of CTO-214 as to the above-styled asbestos suit until the District Court has ruled upon the pending motion for reconsideration.

> Respectfully submitted,
>
> STRONG PIPKIN BISSELL & LEDYARD, L.L.P.
>
> John G. Bissell
> Federal ID No. 4562
> Michael Hendryx
> Federal ID No. 2956
> 1111 Bagby, Suite 2300
> Houston, Texas 77002-2546
> (713) 651-1900 - Telephone
> (713) 651-1920 - Facsimile
>
> ATTORNEYS FOR DEFENDANT VIACOM INC., SUCCESSOR TO WESTINGHOUSE ELECTRIC CORPORATION

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 0 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Viacom, Inc., Successor to Westinghouse Electric Corporation's Motion to Stay Vacation of CTO-214 Pending the District Court's Reconsideration of its Order Remanding this Case to the Texas State Court and Brief in Support has been served on Plaintiffs' counsel, via telefax transmission and U.S. Mail and all other known counsel of record, by U.S. Mail on this the 9th day of September, 2002.

Michael Hendryx

# INVOLVED COUNSEL FOR SCHEDULE CTO-214
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

SEP 10 2002

FILED
CLERK'S OFFICE

Jerald L. Album
Reich, Meeks & Treadway, L.L.C.
Two Lakeway Center, Suite 1000
3850 N. Causeway Blvd.
Metairie, LA 70002

Mel D. Bailey
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Michael L. Baker
Strong, Pipkin, Nelson & Bissell
San Jacinto Building, 14th Floor
595 Orleans Street
Beaumont, TX 77701

Angela C. Barmby
Lanier Law Firm
P.O. Box 691448
Houston, TX 77269-1448

Robert H. Bass
Tollison, Austin & Twiford
P.O. Box 1216
103 N. Lamar Avenue
Oxford, MS 38655

Charles F. Becker
Belin, Lamson, McCormick, Zumbach
& Flynn
Financial Center
666 Walnut Street, Suite 2000
Des Moines, IA 50309

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough
400 Poydras Street, Suite 1900
New Orleans, LA 70130

V. Brian Bevon
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Nelson & Bissell
1111 Bagby, Suite 2300
Houston, TX 77002

Janet W. Black
Donaldson & Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401

C.W. Bradley, Jr.
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130

Roy R. Brandys
Peticolas, Shapleigh, Brandys & Kerns
701 N. Street Vrain
El Paso, TX 79902

John W. Bridger
Strong, Pipkin, Nelson & Bissell
1400 San Jacinto Building
595 Orleans Street
Beaumont, TX 77013

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Randolph L. Burns
Baker & Botts
2001 Ross Avenue
Suite 800
Dallas, TX 75201

Lisa N. Busch
Weitz & Luxenberg, PC
180 Maiden Lane
New York, NY 10038

Elwood F. Cahill, Jr.
Sher Garner Cahill Richter Klein, et al.
909 Poydras Street
28th Floor
New Orleans, LA 70112

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Mark B. Chadick
Attorney at Law
225 West Barraque Street
Pine Bluff, AR 71601-4201

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Edward M. Crane
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Sonja Devin
Ray McChristian & Jeans
5822 Cromo Drive
El Paso, TX 79912

Thomas F. Dougall
Bowers Orr & Dougall
8910 Two Notch Road
Suite 400
Columbia, SC 29224

Josephine Downey
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202

Stephen N. Elliott
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

INVOLVED COUNSEL FOR SCHEDULE  CTO-214  (Cont.) MDL-875

Melissa K. Ferrell
Segal, McCambridge, Singer & Mahoney
100 Congress Avenue
Suite 700
Austin, TX 78701

Richard A. Filce
3005 Magnolia Place
Hattiesburg, MS 39402

David J. Fisher
Fairchild, Price, Thomas & Haley, L.L.P.
413 Shelbyville Street
P.O. Drawer 1719
Center, TX 75935

James T. Foley
Foley & Colley
404 First Place
Tyler, TX 75702

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard L. Forman
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225

Laura A. Frase
Forman, Perry, Watkins, Krutz & Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Charles V. Giordano
Miranda, Warwick & Milazzo
2121 Airline Drive
Suite 601
Metairie, LA 70001

Rachelle H. Glazer
Thompson & Knight, P.C.
First City Center, Suite 3300
1700 Pacific Avenue
Dallas, TX 75201

Donald E. Godwin
Godwin Law Firm
901 Main Street, Suite 2500
Dallas, TX 75202

Allan M. Goodloe, Jr.
Thompson & Coburn, L.L.P.
One Firstar Plaza
St. Louis, MO 63101

James R Guidry
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

Bruce E. Halstead
Jones & Granger
10000 Memorial Drive, Suite 888
Houston, TX 77024

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Frank G. Harmon, III
Crain, Caton, James
3300 Two Houston Center
909 Fannin Street
Houston, TX 77010

James A. Harris, Jr.
Harris & Brown, P.C.
2000A SouthBridge Pkwy., Suite 520
P.O. Box 59329
Birmingham, AL 35209

James M. Harris, Jr.
Harris, Lively & Duesler
550 Fannin Street, Suite 650
Beaumont, TX 77701

Raymond P. Harris, Jr.
Whittenburg & Schachter, PC
2300 Plaza of the Americas, South Tower
600 North Pearl Street, LB 133
Dallas, TX 75201

Walter F. Harris, III
Ness, Motley, Loadholt, Richardson
& Poole
1730 Jackson Street
P.O. Box 365
Barnwell, SC 29812

Kathryn Oakes Hermes
DeHay & Elliston, L.L.P.
901 Main Street
Suite 3500
Dallas, TX 75202

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
3400 Chase Tower
600 Travis
Houston, TX 77002

Robin C. Hoblit
Chaves, Gonzales & Hoblit
2000 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470

James R. Hopkinson
Cooney & Conway
120 North LaSalle Street
30th Floor
Chicago, IL 60602

William R. Hughes, Jr.
Stuart, Tinley, Peters, Thorn, et al.
P.O. Box 398
310 W. Kanesville Blvd., 2nd Floor
Council Bluffs, IA 51502

Josephine Jamison
Godwin, White & Gruber, P.C.
901 Main Street
Suite 2500
Dallas, TX 75202-3721

John M. Johnson
Galloway, Johnson, Tompkins, Burr
& Smith
One Shell Square, Suite 4040
701 Poydras Street
New Orleans, LA 70139

Shelby A. Jordan
Jordan Hyden, et al.
500 North Shoreline
Suite 900 North
Corpus Christi, TX 78471

Steven M. Jupiter
LeBlanc & Waddell, LLC
201 St. Charles Avenue
Suite 3204
New Orleans, LA 70170

INVOLVED COUNSEL FOR SCHEDULE CTO-214 (Cont.) MDL-875

George J. Kacal, Jr.
Dunn, Kacal, Adams, Pappas & Law
One Riverway, Suite 1200
Houston, TX 77056

Jerry Kacal
Dunn, Kacal, Adams, Pappas & Law
2600 America Tower
2929 Allen Parkway
Houston, TX 77019

Kym Keller
Milling, Benson, Woodward, LLP
909 Poydras Street, Suite 2300
New Orleans, LA 70112

Robert E. Kerrigan, Jr.
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

Peter A. Kraus
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Laura E. Kugler
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Aimee Lonergan
Louisiana Department of Labor
Office of Workers Compensation
New Orleans District Office
975 Pearl Street, Suite 600
Franklinton, LA 70438

Lawrence A. Lynn
Coats Rose Yale Holm Ryman & Lee
1001 Fannin Street
800 First City Tower
Houston, TX 77002

John R. Martzell
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Raymond T. Matthew
Tekkell, Book, Matthew & Limmer
4300 One Houston Center

1221 McKinney
Houston, TX 77010

Christopher D. Mauriello
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Mary L. Mauro
Galloway Johnson Tompkins Burr & Smith
3555 Timmons Lane
Suite 1225
Houston, TX 77027

Charles S. McCowan, Jr.
Kean, Miller, Hawthorne, D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

D. Ferguson McNiel, III
Vinson & Elkins
1001 Fannin Street
Suite 2300
Houston, TX 77002

Michael P. Mentz
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011

Lewis C. Miltenberger
Cordray Goodrich & Miltenberger
108 West 8th Street
Suite 500
Fort Worth, TX 76102

Peter A. Moir
Quilling, Selander, Cummiskey, Clutts & Lownds
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Kenneth M. Morris
Forman, Perry, Watkins, Krutz & Tardy
600 Jefferson
Suite 800
Houston, TX 77002

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Mundy
Brobeck, Phleger & Harrison, L.L.P.
4801 Plaza on the Lake
Austin, TX 78746

Maria I. O'Byrne Stephenson
Stephenson, Matthews & Chavarri, L.L.C.
World Trade Center
2 Canal Street, Suite 2305
New Orleans, LA 70130

Michael F. O'Connor
Oliver, Lau, Lawhn, Ogawa & Nakamura
Ocean View Center, Suite 600
707 Richards Street
Honolulu, HI 96813

Todd Odgen
Forman Perry Watkins Krutz & Tardy
1349 Empire Central Drive
Suite 400
Dallas, TX 75247

Jeffrey T. Ono
Galiher, DeRobertis, Nakamura, Ono & Takitani
610 Ward Avenue, Suite 200
Honolulu, HI 96814

James L. Pate
Laborde & Neuner
One Petroleum Center
1001 W. Pinhook Road, Suite 200
P.O. Box 52828
Lafayette, LA 70505

Case MDL No. 875   Document 3694   Filed 09/10/02   Page 9 of 55

INVOLVED COUNSEL FOR SCHEDULE CTO-214 (Cont.) MDL-875                                          PAGE 4

Franklin A. Poff, Jr.
Crisp Jordan & Boyd
2301 Moores Lane
P.O. Box 6297
Texarkana, TX 75505

Lisa A. Powell
Jackson Walker, L.L.P.
1100 Louisiana Street
Suite 4200
Houston, TX 77002

James E. Pranske
Godwin Law Firm
901 Main Street
Suite 2500
Dallas, TX 75202

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

David E. Redmann, Jr.
Lemle & Kelleher, L.L.P.
Pan American Life Center
601 Poydras Street, 21st Floor
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

G. Mark Rice
Whitfield & Eddy, PLC
317 6th Avenue
Suite 1200
Des Moines, IA 50309-4110

James M. Riley, Jr.
Coats, Rose, Yale, Holm, Ryman & Lee
1001 Fannin Street
800 First City Tower
Houston, TX 77002

Gary B. Roth
Gainsburgh, Benjamin, David, Meunier
& Warshauer
2800 Energy Centre
1100 Poydras Street, Suite 2800
New Orleans, LA 70163

John D. Roven
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Joe A. Spencer
1112 Montana
El Paso, TX 79902

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

James M. Stanton
Stanton & Sorensen
22 N. Third Street
P.O. Box 205
Clear Lake, IA 50428

Kyle C. Steele
Forman Perry Watkins Krutz & Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Bruce H. Strotz
Fairfield, Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Gregory M. Sullivan
Brown Sims, P.C.
2000 Post Oak Boulevard
21st Floor
Houston, TX 77056

William H. Sutton
Friday, Eldredge & Clark
2000 First Commercial Building
400 West Capitol Avenue
Little Rock, AR 72201

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

David M. Taylor
Thompson, Coe, Cousins & Irons
Crescent Office Tower, Suite 1100
200 Crescent Court
Dallas, TX 75201

Mark W. Thomas
Grefe & Sidney
2222 Grand Avenue
P.O. Box 10434
Des Moines, IA 50306

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Earl N. Vaughan
8867 Highland Road
Suite 392
Baton Rouge, LA 70808

Alan R. Vickery
Sedgwick, Detert, Moran & Arnold
1717 Main Street
Suite 5400
Dallas, TX 75201

Todd N. Wade
Brown McCarroll, LLP
111 Congress Avenue
Suite 1400
Austin, TX 78701

Ronald B. Walker
Walker Keeling & Carroll
210 East Constitution
Victoria, TX 77901

Lori R. Wallerstein
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

Forrest R. Wilkes
Forman, Perry, Watkins, Krutz & Tardy
1515 Poydras Street
Suite 1420
New Orleans, LA 70112

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568

Gene M. Williams
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77004

Kenneth J. Wilson
Ness, Motley, Loadholt, Richardson
& Poole
1730 Jackson Street
P.O. Box 365
Barnwell, SC 29812

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 0 2002

FILED
CLERK'S OFFICE

# EXHIBIT A

RECEIVED
CLERK'S OFFICE
2002 SEP 10 A 11: 24
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION



A CERTIFIED TRUE COPY

AUG 28 2002

ATTEST _____
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 28 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Diane Mathias, etc. v. ACandS, Inc., et al.*, W.D. Texas, C.A. No. 3:01-380

## ORDER VACATING CONDITIONAL TRANSFER ORDER
## AND VACATING THE SEPTEMBER 26, 2002 HEARING SESSION

A conditional transfer order was filed in this action (*Mathias*) on June 12, 2002. Prior to expiration of that order's fifteen-day stay of transmittal, plaintiff in *Mathias* filed a notice of opposition to the proposed transfer and the subsequent motion and brief to vacate the conditional transfer order. *Mathias* was then remanded to County Court at Law Number Three of El Paso County, Texas, by the Honorable David Briones in an order filed on August 26, 2002.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO-214" filed on June 12, 2002, is VACATED insofar as it relates to this action.

IT IS FURTHER ORDERED that the Hearing Session Order and the attached Schedule filed on August 14, 2002, are VACATED insofar as they relate to this action.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2002 AUG 26  AM 10: 25

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

| | | |
|---|---|---|
| DIANE MATHIAS, Individually and as | § | |
| Personal Representative of the Heirs and | § | |
| Estate of George Mathias, Deceased, | § | |
|     Plaintiffs | § | |
| | § | |
| v. | § | EP-01-CA-380-DB |
| | § | |
| AC and S, INC., et al., | § | |
|     Defendants | § | |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered a "Motion for Remand and Brief in Support"

("Motion for Remand"), filed in the above-captioned cause on April 10, 2002, by Plaintiff Diane

Mathias.[1]  Defendant Viacom, Inc. ("Viacom") filed a Response on April 24, 2002.  Plaintiff

filed a Reply on May 8, 2002, and Viacom filed a Surreply on May 14, 2002.  Subsequently, on

May 31, 2002, Viacom filed a Notice of Additional Authority, to which Plaintiff filed a

Response on June 17, 2002.

### BACKGROUND

Plaintiff commenced this wrongful death cause of action in County Court at Law

Number Three in El Paso County, Texas ("state court"), on December 21, 2000, seeking both

actual and exemplary damages.[2]  Plaintiff alleges that George Mathias suffered personal injury,

---

[1] At the onset of this litigation in state court, the Plaintiffs were George and Diane
Mathias.  George Mathias later died, leaving Diane Mathias, in the capacities indicated in the
style of the case, as the sole Plaintiff.

[2] On June 12, 2002, the Judicial Panel on Multidistrict Litigation ("MDL Panel" or
"Panel") entered an order under 28 U.S.C. § 1407, conditionally transferring the instant cause to
the Eastern District of Pennsylvania pursuant to Rule 7.4 of the Rules of the Judicial Panel on
Multidistrict Litigation.  By letter dated June 28, 2002, MDL Panel Chairman William Terrell

(continued...)



EXHIBIT
A

A true copy of the original, I certify.
WILLIAM G. PUTNICKE
Clerk, U. S. District Court

By:_____
Deputy

and ultimately death, resulting from his exposure to asbestos contained in products with which Mr. Mathias worked while serving as a boiler technician in the United States Navy. Viacom is the successor-in-interest to Westinghouse Electric Company ("Westinghouse"), which manufactured marine turbines for the Navy that contained asbestos. Viacom removed the case to this Court on March 11, 2002, pursuant to 28 U.S.C. § 1442(a), which provides that a federal court may exercise subject matter jurisdiction over claims against persons acting under the direction of an officer or agency of the United States.[3] The instant Motion followed, in which Plaintiff argues first that Viacom cannot establish jurisdiction under § 1442(a) and second, that Viacom's Notice of Removal is untimely under 28 U.S.C. § 1446(b).

For the reasons stated below, the Court is of the opinion that Plaintiff's Motion should be granted and that the removed case should be remanded to County Court at Law Number Three in El Paso County, Texas.

## AUTHORITIES

Title 28 U.S.C. § 1442(a) provides, in pertinent part, that a civil action, commenced in state court against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official

---

[2](...continued)
Hodges informed the Court that a notice of opposition to the transfer had been filed with the Panel. Pursuant to Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation, the pendency of the conditional transfer order does not limit the pretrial jurisdiction of this Court. The Court, therefore, finds no related jurisdictional obstacle to the entry of the instant Order.

[3] Previously, on October 19, 2001, Defendant Federal Mogul Corporation removed the instant cause to this Court asserting that jurisdiction was proper because the case was related to its pending bankruptcy. By Order entered on January 14, 2002, the Court remanded the case to state court. The instant Order addresses Viacom's subsequent removal which is predicated on a distinct theory of jurisdiction.

2

or individual capacity for any act under color of such office," may be removed to the United States court in the district and division in which it is pending.  28 U.S.C.A. § 1442(a) (West Supp. 2002).  The removing defendant bears the burden of establishing federal jurisdiction at the time of removal.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  A notice of removal normally must be filed within thirty days after the defendant receives the initial pleading setting forth the claim for relief upon which the action is based, or within thirty days of service of summons if state rules of civil procedure do not require that the defendant be served, whichever period is shorter.  *Id.* § 1446(b) (West 1994).  However, the second paragraph of § 1446(b) provides, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

*Id.*

## DISCUSSION

In its Notice of Removal, Viacom asserts that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1442(a) because the marine turbines Westinghouse manufactured for the Navy were designed, produced, and ultimately accepted within the specifications and control of the Secretary of the United States Navy and United States Naval officers.  Accordingly, Viacom argues that Westinghouse acted under the authority of an officer or agency of the United States. Viacom further argues that, although Plaintiff filed her Petition in state court on December 21, 2000,[4] the Notice of Removal was timely-filed more than fourteen months later.  In support of

---

[4] In its Notice of Removal, Viacom incorrectly asserts that Plaintiff commenced this

(continued...)

3

this assertion, Viacom argues that Plaintiff's Supplemental Answers to Master Discovery Requests (the "Supplemental Discovery Answers"), received by Viacom on February 8, 2002, provided the first information from which Viacom could ascertain that the case was removable pursuant to § 1442(a). Specifically, the Supplemental Discovery Answers identify a particular witness who will testify that George Mathias, while serving aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965, was exposed to asbestos contained in marine turbines manufactured by Westinghouse for the Navy.

## A. REMOVAL JURISDICTION

In her Motion for Remand, Plaintiff first asserts that Viacom's alleged liability arises only from Westinghouse's failure to warn George Mathias of the dangers associated with asbestos products used in Westinghouse marine turbines. Plaintiff argues that Westinghouse was not acting on behalf of the Navy when it failed to warn Mr. Mathias of those dangers and, as such, cannot state a colorable claim to immunity.[5] Because the Court agrees with Plaintiff's

---

[4](...continued)
action on or about October 16, 2001, despite including as Exhibit 1 to the Notice of Removal, Plaintiff's state-court Petition, filed-stamped December 21, 2000. As indicated in Note 4 *supra*, the case was first *removed* by another Defendant on October 19, 2001, based on a distinct jurisdictional theory.

[5] In her Motion for Remand, Plaintiff concedes that Westinghouse may have acted under the direction of the Navy for purposes of § 1442(a) when it designed the marine turbines, but argues that her cause of action against Viacom is limited to Westinghouse's failure to warn Mr. Mathias of the dangers of asbestos. In reviewing Plaintiff's Original and Amended Petitions, however, the Court notes that Plaintiff's negligence claims against Viacom are also based on allegations that Westinghouse failed to properly design and manufacture the turbines, failed to properly test the turbines before releasing them to the consumer, and placed unreasonably dangerous products into the stream of commerce. It is true that, subsequent to the case being removed to this Court, by Order entered on July 8, 2002, the Court, upon motion by Plaintiff, dismissed all of Plaintiff's claims against Viacom that were based on any theory other than

(continued...)

second argument that Viacom's Notice of Removal was not timely filed, the Court need not decide the issue of § 1442(a) jurisdiction.

## B. TIMELINESS OF REMOVAL

To decide if Viacom's removal was timely, the Court must determine when Viacom first received an amended pleading, motion, order, or other paper that contained unequivocally clear and certain information from which Viacom could ascertain that the case was removable pursuant to § 1442(a).  In *Bosky v. Kroger Texas, LP*, the Fifth Circuit recently announced the standard for determining when the thirty-day time limit for removal is triggered when the removing defendant invokes the provisions of the second paragraph of § 1446(b).  288 F.3d 208 (5th Cir. 2002) (adopting the standard long in use in the Tenth Circuit, as announced in *DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979)).  Specifically, the Fifth Circuit held that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b)."  *Id.* at 211.  The court pointed out that this standard does not conflict with the "long-standing canon of statutory interpretation that 'removal statutes are to be construed strictly against removal and for remand.'"  *Id.* (quoting *United States v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998) and noting that "this reading of the second paragraph ought to reduce removals, consistent with the policy behind this canon.").  In other words, by adopting this arguably high standard, the court is not signaling to district courts

---

[5](...continued)
failure to warn.  Defendants, however, need only prove jurisdiction at the time of removal.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000).  Accordingly, Plaintiff's post-removal Motion to Dismiss has no bearing on the Court's remand analysis.

that the statutory construction of the second paragraph of § 1446(b) now disfavors remand. To the contrary, the aforementioned canon remains in force.[6]

### 1. Viacom's State Court Answer

On February 28, 2001, Viacom filed its Answer to Plaintiff's Original Petition in state court. Therein, Viacom asserts the following defense: "Westinghouse is not liable to Plaintiffs because the products to which they were allegedly exposed were formulated and manufactured in accordance with specifications and/or regulations of the United States Government and Westinghouse claims the benefit of the 'Government Contractor Defense' announced in Yearly v. W.A. Ross Constr. Co., 304 Y.W. 18 (1940) and In Re Agent Orange Liab. Litig., 534 F.Supp. 1046 (E.D. N.Y. 1982)." In In Re Agent Orange Liab. Litig., the court enumerated as follows the elements of the Government Contract Defense, as it pertained to the manufacture and sale of Agent Orange to the United States Government:

1. That the government established the specifications for "Agent Orange";

2. That the "Agent Orange" manufactured by the defendant met the government's specifications in all material respects; and

3. That the government knew as much as or more than the defendant about the hazards to people that accompanied use of "Agent Orange."

These three elements, if established . . . will insulate a defendant from liability based on its having supplied the "Agent Orange" pursuant to the government contract.

In Re Agent Orange Liab. Litig. 534 F. Supp. 1046, 1055 (E.D.N.Y. 1982). It follows from Viacom's assertion of this defense that, no later than February 28, 2001, the day it filed its

---

[6] In fact, as a result of adopting the "unequivocally clear and certain" standard, the Fifth Circuit expects a reduction in unwarranted removals, furthering the policy of the canon. This, in turn, will reduce the number of remand motions district courts must ultimately consider.

Answer in state court, Viacom knew that it potentially had liability related to an item which it manufactured and supplied to a federal agency under government specifications. It seems incredulous to the Court that now, over one year later, Viacom asserts that, prior to February 8, 2002, it had no idea that Plaintiff's cause of action against Viacom related to a product that Westinghouse manufactured and supplied to a federal agency under government specifications. the facts which support the assertion of the government contractor defense are nearly identical to the facts which would support removal jurisdiction pursuant to 28 U.S.C. § 1442(a). Defendant's selective recollection of its own theories of the case are not grounds for removal over one year later.

### 2. Plaintiff's Master Discovery Answers

Even if Viacom had not asserted the government contractor defense theory in its February 28, 2001, Answer, the Court would still find remand proper because Viacom could have ascertained that the case is removable from Plaintiff's Original Answers to Master Discovery (the "Original Discovery Answers"). Although it asserts the government contractor defense discussed above, Viacom contends that it was first able to determine that the case is removable when it received Plaintiff's Supplemental Discovery Answers on February 8, 2002. On the other hand, Plaintiff argues that, at the latest, Viacom had sufficient information on November 21, 2000,[7] the day Plaintiff served on Viacom her Original Discovery Answers. Plaintiff points out that her Original Discovery Answers clearly indicate that George Mathias

---

[7] The Court notes that Plaintiff's Original Discovery Answers were filed in response to master discovery requests that related to all asbestos-related personal injury and death cases filed in El Paso County. The Original Discovery Answers were filed nearly one month prior to the date Plaintiff filed the Original state-court Petition, reportedly in order to preserve George Mathias's testimony prior to his impending death.

served in the Navy aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965. Plaintiff

essentially argues that, from that information and some minor investigation, Viacom could have

determined that Westinghouse turbines were installed on both Navy ships and were a potential

source of asbestos exposure for George Mathias. Accordingly, Plaintiff concludes, Viacom

could have ascertained, at that time, that the case was removable pursuant to § 1442(a). Viacom

rebuts Plaintiff's assertion, arguing that such a deduction from the information contained in

Plaintiff's Original Discovery Answers would amount to guesswork, which is not sufficient to

give Viacom notice that the case is removable.

Applying the "unequivocally clear and certain" standard adopted in *Bosky*, the

Court agrees with Plaintiff. In *DeBry v. Transamerica Corp.*, from which the Fifth Circuit draws

the "unequivocally clear and certain" standard, the Tenth Circuit pointed out that the new

information supporting removal "should not be an ambiguous statement that requires an

*extensive* investigation to determine the truth." 601 F.2d at 490 (emphasis added). However,

there is no requirement in *DeBry* or in *Bosky* that a plaintiff spoon-feed a defendant with the facts

along with the theory of jurisdiction supporting removal. The determination that a case is

removable must not require a defendant to conduct an *extensive* investigation. There is no

indication that a defendant need not conduct *any* investigation. In this case, the Court is of the

opinion that, with some minor effort to confirm Westinghouse's involvement in manufacturing

marine turbines that were installed aboard the U.S.S. Beale and U.S.S. Conygham, Viacom could

have ascertained from Plaintiff's Original Discovery Answers that the case was removable

pursuant to § 1442(a).

8

## CONCLUSION

After due consideration, the Court finds that, as early as November 21, 2000, when Plaintiff filed its Original Discovery Answers to Master Discovery, and no later than February 28, 2001, when Viacom filed its Answer to Plaintiff's Original Petition, Viacom had sufficient facts before it to ascertain that the above-captioned cause was removable pursuant to 28 U.S.C. § 1442(a). Viacom's Notice of Removal pursuant to 28 U.S.C. § 1446(b) was therefore due on or before March 26, 2001. Because it was not filed until March 11, 2002, the Court finds that Viacom's Notice of Removal was not timely filed. Having so determined, the Court is of the opinion that Plaintiff's Motion for Remand should be granted.

Accordingly, **IT IS HEREBY ORDERED** that the "Motion for Remand and Brief in Support," filed by Plaintiff Diane Mathias, is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned cause is **REMANDED** to County Court at Law Number Three of El Paso County, Texas.

**IT IS FINALLY ORDERED** that all other pending motions before this Court are **DENIED AS MOOT.**

SIGNED this 26th day of August, 2002.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE

9

IN THE COUNTY COURT AT LAW NO. 3

EL PASO COUNTY, TEXAS

FILED
EDIE RUBALCABA
DISTRICT CLERK

2002 JUN 20  AM 11: 33

EL PASO COUNTY, TEXAS

BY_____
DEPUTY

| | |
|---|---|
| DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of GEORGE MATHIAS, Deceased, Plaintiffs, | § § § § § |
| vs. | § § |
| AC&S, INC., et al Defendants. | § § |

CAUSE NUMBER: 2000-4218

## TRANSFER ORDER

On this the 20th day of June, 2002, pursuant to the Local Rules of the District and County Courts of El Paso County, Texas, the above styled and numbered cause has been assigned and transferred to County Court at Law No. 6.

Signed on this the 20th day of June, 2002.

JAVIER ALVAREZ, Judge
County Court at Law No. 3

## ORDER ACCEPTING TRANSFER

Signed on this the 20 day of June, 2002.

M. SUE KURITA, Judge
County Court at Law No. 6

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DIANE MATHIAS, Individually and as )
Personal Representative of the Heirs and )
Estate of GEORGE MATHIAS, Deceased )
                                       )
VS                                     )          EP 01 CA 0380 DB
                                       )
ACandS, INC., ET AL                    )

## ENTRY OF APPEARANCE

COMES NOW the law firm of Delgado, Acosta, Braden & Jones, P.C., and attorneys

Carlos Rincon and Rodolfo Mata, with the firm, and file this their Entry of Appearance in the

above-referenced cause.

**WHEREFORE, PREMISES CONSIDERED**, Counsel requests that all

correspondence, written or oral, including any further dates and times of hearings in this cause

also be directed to them.

Respectfully submitted,

**DELGADO, ACOSTA, BRADEN & JONES, P.C.**
221 N. Kansas, Suite 2000
El Paso, Texas 79901
Tel.: (915) 544-9997
Fax: (915) 544-8544

By: _____

**CARLOS RINCON**
State Bar No. 16932700

**RODOLFO MATA**
State Bar No. 24002542
**COUNSEL FOR DEFENDANT VIACOM., INC.**

F:\WDOX\CLIENTS\01078S\0000A\10020622.WPD /

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that true and correct copies of the foregoing motion have been served on counsel for Plaintiffs, Charles Siegel, Waters & Kraus, LLP, via certified mail, return receipt requested, and to all counsel listed below via regular mail, on this 6th day of September, 2002.

RODOLFO MATA

Brent Karren (AC&S)
Kenneth Morris (Alcoa)
Lew Miltenberger (AP/Indresco/HW)
David Jeans (Asarco)
Mark Willingham (Asten)
Gail Jenkins (Bondex/Proko
Frank Harmon (CC&S)
Mary Lou Mauro (CE)
Clay White (Congoleum)
Donald Godwin (Dresser)
James Harris (Flintkote)
Lew Miltenberger (FW)
Joe Spencer (Garlock)

Rachelle glazer (GE)
Mel Bailey (GP)
Robert Wilkinson (Guardline)
Laura Frase (Ingersoll Rand)
Gary Elliston (Kaiser/Certainteed))
Todd Wade (Kelly-Moore)
John Hill (Met Life)
Peter Moir (OI)
Gail Jenkens (Proko)
Paul Hamilton (Riley Stoker)
Todd Ogden (Uniroyal)
Misti Mosteller (Dana)

F:\WDOX\CLIENTS\010785\00002\10020622.WPD /

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DIANE MATHIAS, Individually and as       )
Personal Representative of the Heirs and )
Estate of GEORGE MATHIAS, Deceased       )
                                         )
VS                                       )       EP 01 CA 0380 DB
                                         )
ACandS, INC., ET AL                      )

### DEFENDANT VIACOM, INC.'S MOTION FOR RECONSIDERATION AND/OR FOR A STAY OF REMAND AND BRIEF IN SUPPORT THEREOF

COMES NOW Defendant Viacom, Inc., successor to Westinghouse Electric Corporation (hereinafter "Westinghouse"), and files this motion for reconsideration as to the Court's August 26, 2002 Order remanding this case to the state court.[1]  Westinghouse respectfully submits that some portions of this Order appear contrary to binding Fifth Circuit precedent.  It also appears that the Court inadvertently overlooked certain critical facts in reaching its conclusion that Westinghouse's notice of removal was untimely.  Thus, Westinghouse asks that this Court stay the pending remand and reconsider and vacate its Order in the specific regards discussed herein.

Further, regardless of the correctness of this Court's Order, its ruling that Westinghouse's notice of removal was untimely is inherently irreconcilable with the June 27, 2002 Order entered on practically identical facts by the United States District Court for the Eastern District of Texas in Colleen Carter v. ACandS, Inc., Civ. Action No. 3:02CV00009.[2]  Plaintiff's counsel have themselves recognized the inconsistency in these two interpretations of Fifth Circuit law, and have notified Westinghouse that they intend to file a motion for reconsideration in Carter.

---

[1] A copy of this Court's Order (hereinafter "Mathias Order") is attached hereto as "Exhibit A" for the Court's convenience.

[2] A copy of the Carter opinion (hereinafter "Carter Order") is attached hereto as "Exhibit B." This Order was executed on June 26, 2002 and filed on June 27, 2002.

As long as these two rulings remain in tension, radically different removal procedures will exist for the Eastern and Western Districts of Texas - giving rise to confusion on the part of litigants and impeding both the administration of justice and judicial economy. Thus, in the event that this Court is not inclined to reconsider and vacate outright its previously-entered Order, Westinghouse respectfully requests that this Court grant its motion for reconsideration; stay the pending remand; and postpone further ruling in this matter pending transfer of this case to MDL-875[3] so that this critical conflict of law can be resolved by that Court. As this Court's Order is non-appealable by statute (28 U.S.C. § 1447(d)), the relief requested in this motion presents the only viable means for reconciling the law of removal in the Eastern and Western Districts; thus accomplishing one of the primary goals of MDL-875 - namely, ensuring that frequently recurring legal issues in asbestos litigation are insulated, to the greatest extent possible, from conflicting and contradictory rulings by individual federal district courts.

In the further alternative, Westinghouse seeks clarification of this Court's Order so that it can effectively protect its interests as to potentially removable cases filed in state courts located within this District. Specifically, Westinghouse seeks clarification as to two crucial points.

First, as Westinghouse understands this Court's finding that Defendant's preservation of a government contractor defense in the face of Plaintiff's boilerplate complaint triggered the running of the removal period set by 28 U.S.C. § 1446(b), it seems to be this Court's position that § 1446(b) begins to run whenever a defendant has independent knowledge of a potentially removable claim regardless of whether the plaintiff has served a "paper" which would allow removal jurisdiction to be ascertained. As such, it appears to now be the law of this District that a notice of removal must be immediately filed in every case in which Westinghouse seeks in its

---

[3]On August 28, 2002, the Judicial Panel on Multidistrict Litigation vacated its conditional transfer of this case to MDL-875 based upon the entry of this Court's remand Order. Contemporaneously herewith, Westinghouse has asked the Panel to stay vacation of the transfer order pending this Court's ruling on the instant motion for reconsideration.

answer to preserve a potential government contractor defense for purposes of Fed. R. Civ. P. 8(c)[4], regardless of whether the plaintiff has specified the nature or location of his alleged exposure to an asbestos-containing product.

Second, this Court alternatively held that Plaintiff's original discovery responses (which stated that her decedent had served aboard Navy ships on which he was exposed to specifically listed *non-Westinghouse* products) was sufficient to trigger the running of § 1446(b) because Westinghouse could have undertaken an independent investigation and determined that certain asbestos-containing products at least arguably attributable to it may also have been located somewhere aboard these same ships.  It thus appears that Westinghouse must immediately remove all cases in this District in which a plaintiff served aboard a Navy ship which potentially contained an asbestos-containing product attributable to Westinghouse, regardless of whether the plaintiff has alleged that he was actually exposed to this specific product or even that he worked in the same compartment (or even on the same deck) in which the Westinghouse product was located.  Westinghouse seeks clarification as to this point as, if Westinghouse's understanding of this Court's holding is correct, the number of removals filed in this District may greatly proliferate contrary to the explicit goal expressed by the Fifth Circuit in <u>Bosky v. Kroger Texas, LP</u>, 288 F.3d 208 (5th Cir. 2002), and the previously-recognized concept of requiring proof of "actual exposure" in Texas asbestos-related personal injury cases may be seriously undermined.

### Statement of the Problem

In both this case and in <u>Carter</u>, the plaintiff's original discovery responses indicated that her decedent had been exposed to asbestos aboard specific Navy ships.  While Westinghouse could have independently determined (at least imperfectly and to some extent) whether any

---

[4]A direct corollary to Rule 8(c) exists under Texas state law – Tex. R. Civ. P. 94.  For purposes of simplicity and consistency, this rule requiring the pleading of all affirmative defenses in the defendant's initial responsive pleading is referred to herein as "Rule 8(c)."

asbestos-containing products arguably attributable to it were located somewhere aboard these massive vessels, it had no ability to determine the location or nature of the decedent's work aboard these ships or to otherwise determine whether the decedent arguably could have been exposed to asbestos from such Westinghouse-specific products.[5]  In both cases, the plaintiff subsequently offered supplemental responses which stated for the first time that her decedent had been exposed to a Westinghouse product aboard ship.  Within thirty days of receiving these supplemental responses, Westinghouse removed each case to federal court.  In both cases, the plaintiff sought a remand, alleging that the original discovery responses had been a sufficient "paper" to trigger the running of the removal period set by § 1446(b).

The Carter Plaintiff's timeliness argument was flatly rejected on these facts by the Eastern District, based largely upon the authority of Akin v. Big Three Indus., 851 F. Supp. 819 (E.D. Tex. 1994).  Specifically, the Carter Court held that the plaintiff's original discovery responses were too ambiguous to permit Westinghouse to ascertain, rather than guess at, grounds for removal.  (Carter Order, pp. 3-5).

Conversely, this Court held that the practically identical responses in this case were sufficient to allow Westinghouse to ascertain that grounds for removal existed and thus triggered the running of § 1446(b).  In fact, it was held that these responses, which did *not* list "Westinghouse" among the specifically-identified products to which Plaintiff's decedent had allegedly been exposed while serving in the Navy, were sufficient to meet the exacting

---

[5]In fact, Mathias' original responses, if anything, tended to indicate that she would *not* be asserting that her decedent had been exposed to an asbestos-containing product attributable to Westinghouse aboard the Navy ships in question.  These responses identified only the following as asbestos-containing products to which her decedent had been exposed while in the Navy: Armstrong, Mundet, Calsilite, Johns-Manville, Kaylo, Unibestos, A.P. Green, Super 711, H-W Lightweight Castable 10, Garlock, Victor, Babcock & Wilcox, Combustion Engineering, Foster-Wheeler, Guard-Line and Asbeston.  "Westinghouse" was not included in this list, and was thus required to speculate as to which of the decedent's Navy *or non-Navy* jobsites was the source of his alleged exposure to a Westinghouse product.

4

"unequivocally clear and certain" standard recently di........ by the Fifth Circuit in <u>Bosky</u>. This

Court held that the <u>Bosky</u> standard was satisfied as the fact that Plaintiff's decedent was

identified as serving aboard certain Navy ships enabled Westinghouse to independently

investigate whether Westinghouse turbines (or presumably other asbestos-containing products)

were located aboard these ships.  (<u>Mathias</u> Order, pp. 7-8).  The Court further held that

Westinghouse's mere preservation of a potential government contractor defense in answer to a

complaint in which Plaintiff avoided revealing the site of her decedent's alleged asbestos

exposure triggered the running of § 1446(b), even absent the receipt of a "paper" from Plaintiff

setting forth a factual basis for removal.

<u>Argument</u>

**I.     This Court's holding that Westinghouse's Answer triggered § 1446(b) is inconsistent with binding precedent and, coupled with the ambiguity of Plaintiff's complaint, will have the effect of forcing Westinghouse to either fail to assert its potential defenses consistent with Rule 8(c) or to immediately remove every asbestos case filed in this District despite the lack of a clear factual basis for removal.**

In this case, Westinghouse was required to respond to a boilerplate complaint alleging

asbestos-related injuries, but wholly failing to identify the site of the alleged asbestos exposure.

Perhaps out of an overabundance of caution, but in a good faith attempt to comply with Rule 8(c)

and to thereby give Plaintiff notice of all potential affirmative defenses to her claim as stated,

Westinghouse's Answer asserted the affirmative defense commonly known as the "government

contractor defense" - a defense which might apply depending upon the site and nature of

Plaintiff's decedent's alleged exposure.  As Westinghouse reads this Court's Order, this Court

sua sponte held that this Answer, standing alone, triggered the running of § 1446(b) despite the

fact that Plaintiff's Complaint plainly did not itself reveal a factual basis for removal.

To the extent Westinghouse has accurately interpreted this Court's Order, this ruling is

irreconcilable with binding precedent.  In <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 494

(5th Cir. 1996), the Fifth Circuit held that a defendant's subjective knowledge of grounds for

removal (or a defendant's own filings reflecting such knowledge) *cannot trigger* § 1446(b), as the running of this removal period instead turns on whether *the plaintiff* has filed a "paper" revealing a basis for removal. See also, Bosky, 288 F.3d at 210; Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992). As such, this Court's ruling that the running of § 1446 can be linked to an assertion contained in Westinghouse's own Answer is irreconcilable with Fifth Circuit precedent and should thus be reconsidered and vacated.

Even disregarding such binding authority, the practical effect of this Court's holding would be to force defendants who are required to respond to ambiguous asbestos-related injury complaints to choose either to potentially waive an affirmative defense by failing to raise it in its answer as required by Rule 8(c) or to immediately remove every such complaint filed in this District in order to avoid being found to have not timely sought removal.  Placing defendants into such an untenable position would be inconsistent with the Fifth Circuit's expressed desire for the promotion of both "certainty" and "judicial efficiency" and its goal of *decreasing* the filing of removals in unwarranted cases. Bosky, supra. Thus, if this Court declines to vacate this specific aspect of its Order as inconsistent with binding precedent, Westinghouse would respectfully request that the Court clarify the method by which defendants can simultaneously satisfy the requirements of Rule 8(c) and § 1446(b) when forced to respond to boilerplate asbestos-related injury complaints which fail to specify the site of alleged asbestos exposure.

II.   **This Court's holding that a case becomes removable upon notice that a plaintiff served on a Navy ship which may have contained an asbestos-containing product attributable to Westinghouse, with no requirement that the plaintiff allege actual exposure to that product, is irreconcilable with the Eastern District's ruling in Carter, is inconsistent with the standard adopted by the Fifth Circuit in Bosky, and can only increase the number of removals filed in this Court.**

As reflected by Plaintiff's counsel's request for reconsideration in Carter, this Court's Order is irreconcilably at odds with the holding reached under practically identical facts in that case. Because this Court's ruling is non-appealable under § 1447(d), consistency in the

SEP-09-2002  12:09        DELGADO ACOSTA BRADEN        915 544 8544        P.09/33

interpretation of Fifth Circuit law can only be achieved either by this Court reconsidering and vacating its Order for the reasons set forth herein or by this Court staying remand and allowing the disputed issue to be determined by MDL-875 following transfer of this case. By exercising its discretion consistent with this motion, this Court could allow MDL-875 to resolve this important and recurring issue and thereby realize one of the primary goals of the MDL approach to the asbestos litigation crisis - ensuring that recurring legal issues are met with consistent rulings so that confusion in the law can be avoided.

In this regard, Westinghouse respectfully submits that there is at least substantial grounds for disagreement as to the conclusions reached by this Court in its Order. The crux of the Court's ruling appears to be its conclusion, with regard to Plaintiff's mere revelation that her decedent had served aboard two specific Navy ships, that "from that information *and some minor investigation*, Viacom could have determined that Westinghouse turbines were installed on both Navy ships and were a *potential* source of asbestos exposure for George Mathias." (Mathias Order, p. 8) (emphasis added).[6] Westinghouse contends that this conclusion cannot support remand for two separate reasons.

First, the Fifth Circuit has emphatically stated that § 1446(b) is only triggered by a "paper" in which "the facts supporting removability [are] stated unequivocally" so that the grounds for removal may be ascertained rather than constituting a subject fit for speculation. Bosky, 288 F.3d at 211. A paper which merely "place[s] the [defendant] on inquiry" does *not* trigger the running of § 1446(b). Id. The purpose for adopting this rule, originally promulgated by the Tenth Circuit, is to "reduce 'protective' removals by defendants faced with an equivocal record." Id. Thus, under a proper application of Bosky, "a defendant will be less likely to act on

---

[6]It appears that, in making this finding, the Court overlooked the fact that Plaintiff specifically listed the asbestos-containing products to which her decedent was allegedly exposed aboard these Navy ships and did *not* include any Westinghouse product of any kind.

more equivocal information provided in [a "paper"] because such 'protective' removal is no longer necessary to avoid the risk of losing his right to removal by the lapse of time." Id., at 212.

One aspect of this Tenth Circuit standard which was adopted in Bosky is that a "paper" cannot be considered as having allowed a defendant to ascertain removability where the defendant must engage in an independent investigation to determine if grounds for removal exist. This Court acknowledged this aspect of the Bosky standard but, seizing upon certain language in the Tenth Circuit's opinion in DeBry v. Transamerica Corp., 601 F.2d 480 (10th Cir. 1979), held that Plaintiff's original responses were sufficient to trigger § 1446(b) because, while some investigation was demanded of Westinghouse, this investigation could (in the Court's estimation) be considered minor, rather than "extensive." (Mathias Order, p. 8). However, as clarified in Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035-36 (10th Cir. 1998) [7], the Tenth Circuit rule adopted in Bosky holds that there is no duty of investigation (minor or extensive) on the part of a removing defendant and that a "paper" which simply gives rise to a possibility of grounds for removal is insufficient to trigger § 1446(b) as a matter of law. Thus, to the extent that this Court's holding rests upon its conclusion that § 1446(b) may be triggered by a "paper" which still requires a defendant to engage in even minor investigation of the facts, this holding inherently conflicts with the Tenth Circuit rule adopted in Bosky. As such, Westinghouse respectfully submits that this portion of the Court's Order should likewise be vacated upon reconsideration.

Even ignoring this inconsistency with Bosky, no amount of investigation would have allowed Westinghouse to ascertain removability prior to Plaintiff's revelation in her supplemental responses that her decedent was allegedly exposed to asbestos from Westinghouse

---

[7] Interestingly, the Tenth Circuit was called to pass upon the correctness of the determination of timeliness made in Akin v. Big Three Indus., supra - the same authority which underlies Carter in opposition to this Court's August 26, 2002 Order.

Respectfully submitted,

**STRONG PIPKIN BISSELL & LEDYARD, L.L.P.**

111 Bagby, Suite 2300
Houston, Texas 77002-2546     By:   _Rodolfo Mata  For_
Tel.: (713) 651-1900                 **MICHAEL HENDRYX**
Fax: (713) 651-1920                  Federal I.D. 2956

**DELGADO, ACOSTA, BRADEN & JONES, P.C.**

221 N. Kansas, Suite 2000
El Paso, Texas 79901        By:   _Rodolfo Mata_
Tel.: (915) 544-9997                 **CARLOS RINCON**
Fax: (915) 544-8544                  State Bar No. 16932700

**RODOLFO MATA**
State Bar No. 24002542

**COUNSEL FOR DEFENDANT VIACOM., INC.,**

## CERTIFICATE OF CONFERENCE AND SERVICE

The undersigned hereby certifies that a conference has been had with Plaintiff's counsel as to the instant motion. Plaintiff does not concur with this motion as she agrees with the Court's August 26, 2002 Order as stated and does not seek a reconsideration. It is further hereby certified that true and correct copies of the foregoing motion have been served on counsel for Plaintiffs, Charles Siegel, Waters & Kraus, LLP, via certified mail, return receipt requested, and to all counsel listed below via regular mail, on this 6th day of September, 2002.

_Rodolfo Mata_
RODOLFO MATA

| | | |
|---|---|---|
| Brent Karren (AC&S) | Donald Godwin (Dresser) | Todd Wade (Kelly-Moore) |
| Kenneth Morris (Alcoa) | James Harris (Flintkote) | John Hill (Met Life) |
| Lew Miltenberger (AP/Indresco/HW) | Lew Miltenberger (FW) | Peter Moir (OI) |
| David Jeans (Asarco) | Joe Spencer (Garlock) | Gail Jenkens (Proko) |
| Mark Willingham (Asten) | Rachelle glazer (GE) | Paul Hamilton (Riley Stoker) |
| Gail Jenkins (Bondex/Proko) | Mel Bailey (GP) | Todd Ogden (Uniroyal) |
| Frank Harmon (CC&S) | Robert Wilkinson (Guardline) | Misti Mosteller (Dana) |
| Mary Lou Mauro (CE) | Laura Frase (Ingersoll Rand) | |
| Clay White (Congoleum) | Gary Elliston (Kaiser/Certainteed)) | |

F:\WDOX\CLIENTS\01078\00007\10020602.WPD /

10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2002 AUG 26   AM 10: 25

CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
                    DEPUTY

| | |
|---|---|
| DIANE MATHIAS, Individually and as Personal Representative of the Heirs and Estate of George Mathias, Deceased, Plaintiffs | § § § § § |
| v. | § § EP-01-CA-380-DB |
| AC and S, INC., et al., Defendants | § § § |

## MEMORANDUM OPINION AND ORDER

On this day, the Court considered a "Motion for Remand and Brief in Support" ("Motion for Remand"), filed in the above-captioned cause on April 10, 2002, by Plaintiff Diane Mathias.[1] Defendant Viacom, Inc. ("Viacom") filed a Response on April 24, 2002. Plaintiff filed a Reply on May 8, 2002, and Viacom filed a Surreply on May 14, 2002. Subsequently, on May 31, 2002, Viacom filed a Notice of Additional Authority, to which Plaintiff filed a Response on June 17, 2002.

## BACKGROUND

Plaintiff commenced this wrongful death cause of action in County Court at Law Number Three in El Paso County, Texas ("state court"), on December 21, 2000, seeking both actual and exemplary damages.[2] Plaintiff alleges that George Mathias suffered personal injury,

---

[1] At the onset of this litigation in state court, the Plaintiffs were George and Diane Mathias. George Mathias later died, leaving Diane Mathias, in the capacities indicated in the style of the case, as the sole Plaintiff.

[2] On June 12, 2002, the Judicial Panel on Multidistrict Litigation ("MDL Panel" or "Panel") entered an order under 28 U.S.C. § 1407, conditionally transferring the instant cause to the Eastern District of Pennsylvania pursuant to Rule 7.4 of the Rules of the Judicial Panel on Multidistrict Litigation. By letter dated June 28, 2002, MDL Panel Chairman William Terrell

EXHIBIT

RECEIVE
AUG 29 2002

and ultimately death, resulting from his exposure to asbestos contained in products with which

Mr. Mathias worked while serving as a boiler technician in the United States Navy. Viacom is

the successor-in-interest to Westinghouse Electric Company ("Westinghouse"), which

manufactured marine turbines for the Navy that contained asbestos. Viacom removed the case to

this Court on March 11, 2002, pursuant to 28 U.S.C. § 1442(a), which provides that a federal

court may exercise subject matter jurisdiction over claims against persons acting under the

direction of an officer or agency of the United States.[3] The instant Motion followed, in which

Plaintiff argues first that Viacom cannot establish jurisdiction under § 1442(a) and second, that

Viacom's Notice of Removal is untimely under 28 U.S.C. § 1446(b).

For the reasons stated below, the Court is of the opinion that Plaintiff's Motion

should be granted and that the removed case should be remanded to County Court at Law

Number Three in El Paso County, Texas.

### AUTHORITIES

Title 28 U.S.C. § 1442(a) provides, in pertinent part, that a civil action,

commenced in state court against "the United States or any agency thereof or any officer (or any

person acting under that officer) of the United States or of any agency thereof, sued in an official

---

[2] (...continued)
Hodges informed the Court that a notice of opposition to the transfer had been filed with the
Panel. Pursuant to Rule 1.5 of the Rules of the Judicial Panel on Multidistrict Litigation, the
pendency of the conditional transfer order does not limit the pretrial jurisdiction of this Court.
The Court, therefore, finds no related jurisdictional obstacle to the entry of the instant Order.

[3] Previously, on October 19, 2001, Defendant Federal Mogul Corporation removed the
instant cause to this Court asserting that jurisdiction was proper because the case was related to
its pending bankruptcy. By Order entered on January 14, 2002, the Court remanded the case to
state court. The instant Order addresses Viacom's subsequent removal which is predicated on a
distinct theory of jurisdiction.

2

or individual capacity for any act under color of such office," may be removed to the United

States court in the district and division in which it is pending. 28 U.S.C.A. § 1442(a) (West

Supp. 2002). The removing defendant bears the burden of establishing federal jurisdiction at the

time of removal. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A notice of

removal normally must be filed within thirty days after the defendant receives the initial pleading

setting forth the claim for relief upon which the action is based, or within thirty days of service of

summons if state rules of civil procedure do not require that the defendant be served, whichever

period is shorter. *Id.* § 1446(b) (West 1994). However, the second paragraph of § 1446(b)

provides, in pertinent part:

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the defendant, through service or
> otherwise, of an amended pleading, motion, order or other paper from which it may
> first be ascertained that the case is one which is or has become removable . . . .

*Id.*

## DISCUSSION

In its Notice of Removal, Viacom asserts that jurisdiction is proper in this Court

pursuant to 28 U.S.C. § 1442(a) because the marine turbines Westinghouse manufactured for the

Navy were designed, produced, and ultimately accepted within the specifications and control of

the Secretary of the United States Navy and United States Naval officers. Accordingly, Viacom

argues that Westinghouse acted under the authority of an officer or agency of the United States.

Viacom further argues that, although Plaintiff filed her Petition in state court on December 21,

2000,[4] the Notice of Removal was timely-filed more than fourteen months later. In support of

---

[4] In its Notice of Removal, Viacom incorrectly asserts that Plaintiff commenced this

(continued...)

3

this assertion, Viacom argues that Plaintiff's Supplemental Answers to Master Discovery Requests (the "Supplemental Discovery Answers"), received by Viacom on February 8, 2002, provided the first information from which Viacom could ascertain that the case was removable pursuant to § 1442(a). Specifically, the Supplemental Discovery Answers identify a particular witness who will testify that George Mathias, while serving aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965, was exposed to asbestos contained in marine turbines manufactured by Westinghouse for the Navy.

## A. REMOVAL JURISDICTION

In her Motion for Remand, Plaintiff first asserts that Viacom's alleged liability arises only from Westinghouse's failure to warn George Mathias of the dangers associated with asbestos products used in Westinghouse marine turbines. Plaintiff argues that Westinghouse was not acting on behalf of the Navy when it failed to warn Mr. Mathias of those dangers and, as such, cannot state a colorable claim to immunity.[5] Because the Court agrees with Plaintiff's

---

[4](...continued)
action on or about October 16, 2001, despite including as Exhibit 1 to the Notice of Removal, Plaintiff's state-court Petition, filed-stamped December 21, 2000. As indicated in Note 4 *supra*, the case was first *removed* by another Defendant on October 19, 2001, based on a distinct jurisdictional theory.

[5] In her Motion for Remand, Plaintiff concedes that Westinghouse may have acted under the direction of the Navy for purposes of § 1442(a) when it designed the marine turbines, but argues that her cause of action against Viacom is limited to Westinghouse's failure to warn Mr. Mathias of the dangers of asbestos. In reviewing Plaintiff's Original and Amended Petitions, however, the Court notes that Plaintiff's negligence claims against Viacom are also based on allegations that Westinghouse failed to properly design and manufacture the turbines, failed to properly test the turbines before releasing them to the consumer, and placed unreasonably dangerous products into the stream of commerce. It is true that, subsequent to the case being removed to this Court, by Order entered on July 8, 2002, the Court, upon motion by Plaintiff, dismissed all of Plaintiff's claims against Viacom that were based on any theory other than
(continued...)

second argument that Viacom's Notice of Removal was not timely filed, the Court need not

decide the issue of § 1442(a) jurisdiction.

## B. TIMELINESS OF REMOVAL

To decide if Viacom's removal was timely, the Court must determine when

Viacom first received an amended pleading, motion, order, or other paper that contained

unequivocally clear and certain information from which Viacom could ascertain that the case was

removable pursuant to § 1442(a). In *Bosky v. Kroger Texas, LP*, the Fifth Circuit recently

announced the standard for determining when the thirty-day time limit for removal is triggered

when the removing defendant invokes the provisions of the second paragraph of § 1446(b). 288

F.3d 208 (5th Cir. 2002) (adopting the standard long in use in the Tenth Circuit, as announced in

*DeBry v. Transamerica Corp.*, 601 F.2d 480 (10th Cir. 1979)). Specifically, the Fifth Circuit

held that "the information supporting removal in a copy of an amended pleading, motion, order

or other paper must be 'unequivocally clear and certain' to start the time limit running for a

notice of removal under the second paragraph of section 1446(b)." *Id.* at 211. The court pointed

out that this standard does not conflict with the "long-standing canon of statutory interpretation

that 'removal statutes are to be construed strictly against removal and for remand.'" *Id.* (quoting

*United States v. Fitch*, 137 F.3d 277, 282 (5th Cir. 1998) and noting that "this reading of the

second paragraph ought to reduce removals, consistent with the policy behind this canon."). In

other words, by adopting this arguably high standard, the court is not signaling to district courts

---

[5](...continued)
failure to warn. Defendants, however, need only prove jurisdiction at the time of removal.
*Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Texas Beef Group v. Winfrey*, 201
F.3d 680, 686 (5th Cir. 2000). Accordingly, Plaintiff's post-removal Motion to Dismiss has no
bearing on the Court's remand analysis.

that the statutory construction of the second paragraph of § 1446(b) now disfavors remand. To the contrary, the aforementioned canon remains in force.[6]

### 1. Viacom's State Court Answer

On February 28, 2001, Viacom filed its Answer to Plaintiff's Original Petition in state court. Therein, Viacom asserts the following defense: "Westinghouse is not liable to Plaintiffs because the products to which they were allegedly exposed were formulated and manufactured in accordance with specifications and/or regulations of the United States Government and Westinghouse claims the benefit of the 'Government Contractor Defense' announced in Yearly v. W.A. Ross Constr. Co., 304 Y.W. 18 (1940) and In Re Agent Orange Liab. Litig., 534 F.Supp. 1046 (E.D. N.Y. 1982)." In In Re Agent Orange Liab. Litig., the court enumerated as follows the elements of the Government Contract Defense, as it pertained to the manufacture and sale of Agent Orange to the United States Government:

> 1. That the government established the specifications for "Agent Orange";
>
> 2. That the "Agent Orange" manufactured by the defendant met the government's specifications in all material respects; and
>
> 3. That the government knew as much as or more than the defendant about the hazards to people that accompanied use of "Agent Orange."
>
> These three elements, if established . . . will insulate a defendant from liability based on its having supplied the "Agent Orange" pursuant to the government contract.

In Re Agent Orange Liab. Litig. 534 F. Supp. 1046, 1055 (E.D.N.Y. 1982). It follows from Viacom's assertion of this defense that, no later than February 28, 2001, the day it filed its

---

[6] In fact, as a result of adopting the "unequivocally clear and certain" standard, the Fifth Circuit expects a reduction in unwarranted removals, furthering the policy of the canon. This, in turn, will reduce the number of remand motions district courts must ultimately consider.

Answer in state court, Viacom knew that it potential        ility related to an item which it
manufactured and supplied to a federal agency under government specifications. It seems
incredulous to the Court that now, over one year later, Viacom asserts that, prior to February 8,
2002, it had no idea that Plaintiff's cause of action against Viacom related to a product that
Westinghouse manufactured and supplied to a federal agency under government specifications.
the facts which support the assertion of the government contractor defense are nearly identical
to the facts which would support removal jurisdiction pursuant to 28 U.S.C. § 1442(a).
Defendant's selective recollection of its own theories of the case are not grounds for removal
over one year later.

### 2. *Plaintiff's Master Discovery Answers*

Even if Viacom had not asserted the government contractor defense theory in
its February 28, 2001, Answer, the Court would still find remand proper because Viacom could
have ascertained that the case is removable from Plaintiff's Original Answers to Master
Discovery (the "Original Discovery Answers"). Although it asserts the government contractor
defense discussed above, Viacom contends that it was first able to determine that the case is
removable when it received Plaintiff's Supplemental Discovery Answers on February 8, 2002.
On the other hand, Plaintiff argues that, at the latest, Viacom had sufficient information on
November 21, 2000,[7] the day Plaintiff served on Viacom her Original Discovery Answers.
Plaintiff points out that her Original Discovery Answers clearly indicate that George Mathias

---

[7] The Court notes that Plaintiff's Original Discovery Answers were filed in response to
master discovery requests that related to all asbestos-related personal injury and death cases filed
in El Paso County. The Original Discovery Answers were filed nearly one month prior to the
date Plaintiff filed the Original state-court Petition, reportedly in order to preserve George
Mathias's testimony prior to his impending death.

served in the Navy aboard the U.S.S. Beale and U.S.S. Conygham from 1961 to 1965. Plaintiff essentially argues that, from that information and some minor investigation, Viacom could have determined that Westinghouse turbines were installed on both Navy ships and were a potential source of asbestos exposure for George Mathias. Accordingly, Plaintiff concludes, Viacom could have ascertained, at that time, that the case was removable pursuant to § 1442(a). Viacom rebuts Plaintiff's assertion, arguing that such a deduction from the information contained in Plaintiff's Original Discovery Answers would amount to guesswork, which is not sufficient to give Viacom notice that the case is removable.

Applying the "unequivocally clear and certain" standard adopted in *Bosky*, the Court agrees with Plaintiff. In *DeBry v. Transamerica Corp.*, from which the Fifth Circuit draws the "unequivocally clear and certain" standard, the Tenth Circuit pointed out that the new information supporting removal "should not be an ambiguous statement that requires an *extensive* investigation to determine the truth." 601 F.2d at 490 (emphasis added). However, there is no requirement in *DeBry* or in *Bosky* that a plaintiff spoon-feed a defendant with the facts along with the theory of jurisdiction supporting removal. The determination that a case is removable must not require a defendant to conduct an *extensive* investigation. There is no indication that a defendant need not conduct *any* investigation. In this case, the Court is of the opinion that, with some minor effort to confirm Westinghouse's involvement in manufacturing marine turbines that were installed aboard the U.S.S. Beale and U.S.S. Conygham, Viacom could have ascertained from Plaintiff's Original Discovery Answers that the case was removable pursuant to § 1442(a).

## CONCLUSION

After due consideration, the Court finds that, as early as November 21, 2000, when Plaintiff filed its Original Discovery Answers to Master Discovery, and no later than February 28, 2001, when Viacom filed its Answer to Plaintiff's Original Petition, Viacom had sufficient facts before it to ascertain that the above-captioned cause was removable pursuant to 28 U.S.C. § 1442(a).  Viacom's Notice of Removal pursuant to 28 U.S.C. § 1446(b) was therefore due on or before March 26, 2001.  Because it was not filed until March 11, 2002, the Court finds that Viacom's Notice of Removal was not timely filed.  Having so determined, the Court is of the opinion that Plaintiff's Motion for Remand should be granted.

Accordingly, IT IS HEREBY ORDERED that the "Motion for Remand and Brief in Support," filed by Plaintiff Diane Mathias, is GRANTED.

IT IS FURTHER ORDERED that the above-captioned cause is REMANDED to County Court at Law Number Three of El Paso County, Texas.

IT IS FINALLY ORDERED that all other pending motions before this Court are DENIED AS MOOT.

SIGNED this 26th day of August, 2002.

THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE

9

14:27 JUN 26. 2002

@002/010
#189655  PAGE: 2/10

EOD JUN 2 6 2002

FILED-CLERK
U.S. DISTRICT COURT

02 JUN 27  AM 8:36

TX EASTERN-BEAUMONT

BY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
PARIS DIVISION

COLLEEN CARTER, Individually and
as Personal Representative of the Heirs
and Estate of MARVIN CARTER,
Deceased; and SUZETTE OLSON,
Individually and as Personal Representative
of the Heirs and Estate of ORVILLE
OLSON, Deceased.

vs.

AcandS, INC., et al.

§
§
§
§
§
§
§
§
§
§
§
§

3:02CV00009

## ORDER DENYING PLAINTIFFS' MOTIONS TO REMAND, AND GRANTING PLAINTIFFS' MOTION FOR SEVERANCE

This matter is before the court on two separate motions for remand filed by Plaintiffs. The first motion is "Plaintiffs' Motion to Remand for a Defect in Removal Procedure and Brief in Support" [Dkt. #11], filed April 15, 2002, to which Defendant Viacom responded on April 30, 2002 [Dkt. #16], and Plaintiffs replied to Viacom's response on May 6, 2002 [Dkt. #18]. The second motion is "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance" [Dkt. #15], filed April 24, 2002, to which Defendant Viacom responded on May 9, 2002 [Dkt. #19], Plaintiffs replied on May 23, 2002 [Dkt. #24], Viacom filed a sur-reply on May 28, 2002 [Dkt. #27], and Plaintiff responded on June 17, 2002 [Dkt. #30]. Upon consideration of the motions, responses, replies, sur-reply, and relevant authority, the court is of the opinion that Plaintiffs' motions to remand should be DENIED, and Plaintiffs' motion for severance should be GRANTED.

### I. BACKGROUND

This case was originally filed by Plaintiffs in the District Court of Hopkins County,

1

31


EXHIBIT
"B"

14:29 JUN 28, 2002

#193655  PAGE: 2/18

Texas, 62nd Judicial District. The case involved two Plaintiffs, Colleen Carter, Individually and as Personal Representative of the Heirs and Estate of Marvin Carter, deceased, and Suzette Olson, Individually and as Personal Representative of the Heirs and Estate of Orville Olson, deceased. According to Plaintiffs' Fourth Amended Petition and Jury Demand, Plaintiffs sued at least twenty-four companies, alleging state law claims in relation to asbestos. On March 13, 2002, Defendant Viacom, Inc., successor to Westinghouse Electric Corporation (hereinafter "Westinghouse") filed a Notice of Removal under 28 U.S.C. § 1442(a)(1), federal officer removal. On April 15, 2002, Plaintiffs filed "Plaintiffs' Motion to Remand for a Defect in Removal Procedure and Brief in Support". On April 22, 2002, Plaintiff Olson filed a motion, agreed to by Westinghouse, to sever her claims and remand to state court. This agreed motion was granted by the court on April 29, 2002. On April 24, 2002, Plaintiffs [hereinafter "Plaintiff", as Carter is the sole remaining plaintiff in light of the court's order of April 29, 2002] filed "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance".

Decedent Marvin Carter died on April 12, 2001 at the age of 68 from terminal pleural mesothelioma, believed by Plaintiff to have been caused by exposure to asbestos dust. Plaintiff avers that Marvin Carter's primary exposure to asbestos occurred while serving in the U.S. Navy from 1951 to 1972 as a machinist's mate. Plaintiff asserts that at least one of the ships Mr. Carter served on was equipped with Westinghouse turbines that were insulated with asbestos-containing products. In footnote 2 of "Plaintiffs' Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative Motion for Severance", Plaintiff states that she waives and disavows all claims against Westinghouse, with the exception of failure to warn.

2

## II. TIMELINESS

Plaintiffs first motion to remand argues that Westinghouse's removal is untimely.  Under

28 U.S.C. § 1446(b), a case must be removed,

within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).  Neither party argues that the case was removable based on initial

pleadings.  "Although 'other paper' is not defined by section 1446(b), the statute is clear that the

thirty day removal period begins to run when defendant receives the requisite written notice of

facts making the case removable." *Ford v. Shoney's Restaurants, Inc.*, 900 F.Supp. 57, 59

(E.D.Tex. 1995).  This exception to the general rule of thirty days from the initial pleading

"serves the laudable purpose of preventing the defendant from having to speculate whether a

case is removable." *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819, 824 (E.D.Tex. 1994).

The term "other paper" has been construed to include answers to interrogatories, responses to

requests for admissions, deposition testimony, and product identification documents given in

discovery. *See Hines v. AC and S, Inc.*, 128 F.Supp.2d 1003, 1006 (N.D.Tex. 2001)  The parties

do not dispute the meaning of "other paper".  Instead, Plaintiff and Westinghouse disagree over

the date upon which Westinghouse received "other paper" by which it could ascertain removal

was proper.

Plaintiff contends that the thirty day removal period was triggered by service of

Plaintiff's Original Answers to Master Discovery on February 7, 2002, and that therefore

3

removability once it learned that Plaintiff claimed Mr. Carter was exposed to asbestos from work around Westinghouse turbines while serving in the Navy. Westinghouse asserts that it was first made aware of this specific allegation on March 7, 2002, when it received Plaintiff's Third Supplemental Answers to Master Discovery Requests. This paper disclosed that Plaintiff would present a witness to testify that Mr. Carter had been exposed to asbestos through work around Westinghouse turbines aboard the U.S.S. Towers, a Navy ship. On March 13, 2002, Westinghouse filed a notice of removal.

Similar to the pleadings in *Akin*, the Plaintiff's February 7, 2002 answers to discovery are sufficiently ambiguous to toll the thirty day limitation. While these answers indicate that Mr. Carter was alleging exposure to asbestos while on the job during his service in the Navy and explicitly stated the asbestos materials used during his service, nowhere was Westinghouse mentioned. In addition, no indication was given for specifically when during Mr. Carter's twenty year service, nor aboard what ship, this asbestos exposure allegedly occurred. Also, the February 7, 2002 answers to discovery indicated that Plaintiff might possibly allege exposure to asbestos during Mr. Carter's employment with either a trucking station or a V.A. medical center. The February 7, 2002 answers to discovery were not specific enough to place Westinghouse on notice of removability. The March 7, 2002 answers to discovery, however, did provide sufficient notice to Westinghouse that Plaintiff alleged exposure to asbestos through work around Westinghouse turbines on the U.S.S. Towers while in the Navy. Therefore, Plaintiff's motion to remand is DENIED.

### III. FEDERAL OFFICER REMOVAL

Plaintiff's second motion to remand argues that subject matter jurisdiction is lacking. Westinghouse alleges that federal jurisdiction exists pursuant to the federal officer removal

5

removal on March 15, 2002 is untimely. Plaintiff's February 7, 2002 answers to discovery included information that Plaintiff Mr. Carter served in the U.S. Navy from 1951-1972, listed the ships on which Mr. Carter served, and indicated that he came into contact with asbestos containing products during the time of his service. Westinghouse was not mentioned in a list of asbestos materials used during Mr. Carter's employment. Plaintiff asserts that this information, combined with allegations of exposure to asbestos made against Westinghouse, among other defendants, in Plaintiff's fourth amended petition, was sufficient to give Westinghouse notice on February 7, 2002.

A case presenting a similar question regarding timeliness of removal is *Akin v. Big Three Industries*, 851 F.Supp. 819 (E.D.Tex. 1994). Although *Akin* dealt with federal enclave jurisdiction and not federal officer jurisdiction, the issue of ambiguity was present. In *Akin*, the court considered plaintiffs' motion to remand, as well as defendants' motion to transfer venue. Plaintiffs argued that the initial pleading stated a removable case, and thus the thirty day time limit for removal had not been tolled. *See Akin*, 851 F.Supp. at 824. The court found that although plaintiffs alleged exposure to hazardous chemicals while working for the United States Air Force at Tinker Air Force Base in Oklahoma City, Oklahoma, this pleading was sufficiently ambiguous to toll the thirty day removal period. *See Akin*, 851 F.Supp. at 824-25. The court held that plaintiffs' pleadings were subject to two reasonable constructions. One construction, supported by plaintiffs, was that the mention of the Air Force Base was a geographical modifier. The other construction, supported by defendants, was that mention of the Air Force Base was a durational modifier. *See id*.

Here, Westinghouse removed this case to federal court based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Westinghouse avers that it was put on notice of

4

statute, 28 U.S.C. § 1442(a)(1), which provides in part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).  The federal officer removal statute is to be liberally applied.

*Willingham v. Morgan*, 395 U.S. 402, 406 (1969).  Removal is appropriate under § 1442(a)(1)

whenever it is demonstrated that: (1) defendants were acting under the control and direction of

federal authority; (2) defendants assert a colorable federal defense to plaintiffs' claims; and (3)

defendants demonstrate a causal nexus between the plaintiffs' claims and the acts performed

under federal authority. *See Mesa v. California*, 489 U.S. 121, 128-29, 131-32, 139, 109 S.Ct.

959, 964-64, 966, 970, 103 L.Ed.2d 99 (1989).

        In order to determine whether Westinghouse meets the first criteria, it is necessary to

determine the scope of Westinghouse's liability as alleged by Plaintiff.  Plaintiff, in "Plaintiffs'

Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative

Motion for Severance" filed April 24, 2002, claims to waive and disavow any claims against

Westinghouse other than for failure to warn.  On June 17, 2002, Plaintiff submitted "Plaintiffs'

Motion to Dismiss Certain Claims With Prejudice", in which Plaintiff moved pursuant to Fed. R.

Civ. Proc. 41(a) for dismissal with prejudice of her non-failure to warn claims.  Plaintiff avers

that the only claim it now asserts against Westinghouse is for failure to warn.  Therefore, in

order to satisfy the first criteria, Westinghouse must have acted under the color of a federal

officer with respect to asbestos safety warnings.

6

statute, 28 U.S.C. § 1442(a)(1), which provides in part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1).  The federal officer removal statute is to be liberally applied.

*Willingham v. Morgan,* 395 U.S. 402, 406 (1969).  Removal is appropriate under § 1442(a)(1)

whenever it is demonstrated that: (1) defendants were acting under the control and direction of

federal authority; (2) defendants assert a colorable federal defense to plaintiffs' claims; and (3)

defendants demonstrate a causal nexus between the plaintiffs' claims and the acts performed

under federal authority. *See Mesa v. California,* 489 U.S. 121, 128-29, 131-32, 139, 109 S.Ct.

959, 964-64, 966, 970, 103 L.Ed.2d 99 (1989).

     In order to determine whether Westinghouse meets the first criteria, it is necessary to

determine the scope of Westinghouse's liability as alleged by Plaintiff.  Plaintiff, in "Plaintiffs'

Motion for Remand for Lack of Subject Matter Jurisdiction and Brief in Support, and Alternative

Motion for Severance" filed April 24, 2002, claims to waive and disavow any claims against

Westinghouse other than for failure to warn.  On June 17, 2002, Plaintiff submitted "Plaintiffs'

Motion to Dismiss Certain Claims With Prejudice", in which Plaintiff moved pursuant to Fed. R.

Civ. Proc. 41(a) for dismissal with prejudice of her non-failure to warn claims.  Plaintiff avers

that the only claim it now asserts against Westinghouse is for failure to warn.  Therefore, in

order to satisfy the first criteria, Westinghouse must have acted under the color of a federal

officer with respect to asbestos safety warnings.

6

The Fifth Circuit has made clear that the validity of removal is to be judged by the jurisdictional facts that existed at the time of removal. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "In a jurisdictional inquiry, we look at the complaint as it existed at the time the petition for removal was filed, regardless of any subsequent amendments to the complaint." *Hook v. Morrison Milling Company*, 38 F.3d 776, 780 (5th Cir. 1994). In support, the Fifth Circuit has stated that this rule "permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation." *Cavalinni v. State Farm Mutual Auto Insurance*, 44 F.3d 256, 264 (5th Cir. 1995). Applying this rule of law to the case at hand, Plaintiff's claims against Westinghouse include both failure to warn claims and non-failure to warn claims.

Westinghouse has presented evidence, in the form of the Affidavit of James M. Gate ("Exhibit A" of Dkt.# 19), to satisfy the first criteria of proper removal under § 1442(a)(1). The Gate affidavit discusses the extensive control the Navy had over all aspects of production and supply of the Westinghouse turbines used aboard the U.S.S. Towers. Navy control was present throughout the production of the turbines, from design to testing to installation. In addition, the U.S. Navy had ultimate control over warnings affixed to equipment on naval vessels, as well as written materials accompanying Westinghouse turbines used on board naval vessels. Therefore, the first prong of the three-part test has been satisfied.

Westinghouse has satisfied the second prong of the three-part test as well. Westinghouse asserts removal is proper under 28 U.S.C. § 1442(a)(1) because Plaintiff's claims cover actions taken by Westinghouse while under the control of federal authority, and Westinghouse is entitled to immunity under the government contractor defense announced in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Under this defense, a defendant who designs or

7

manufactures products under the direction and control of federal authorities is not liable where "(1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States." *Boyle*, 487 U.S. at 512. The Fifth Circuit has applied the *Boyle* defense to failure to warn scenarios as well as design defects. *See Garner v. Santoro*, 865 F.2d 629, 635 (5th Cir. 1989). Westinghouse has raised a colorable federal defense to Plaintiff's claims. .

Westinghouse also satisfies the third prong of the three-part test. The Gates affidavit is evidence of the causal nexus between Plaintiff's claims and acts performed by Westinghouse under the control and direction of federal authority. As stated earlier, Westinghouse has presented evidence of the U.S. Navy's control and supervision during the construction, testing, manufacturing, and installation of the turbines in question. Therefore, because Westinghouse has satisfied the three-part test articulated in *Mesa* for the applicability of removal under 28 U.S.C. § 1442(a)(1), Plaintiff's motion to remand for lack of subject matter jurisdiction is DENIED.

### IV. SEVERANCE

Plaintiff has requested in the alternative that this court sever out the claims against Westinghouse so that the remainder of Plaintiff's case can proceed in state court. Title 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. There are four circumstances in which courts have the discretion to decline supplemental jurisdiction

8

over state law claims, "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367.  Here, the second factor enumerated in § 1367 applies. "Plaintiffs' Fourth Amended Petition and Jury Demand" indicates that Plaintiff has asserted state law causes of action against a total of at least twenty four defendants. In addition, Plaintiff has made clear that the only claim she intends to pursue against Westinghouse is for failure to warn. Therefore, Plaintiff only has one cause of action against one defendant subject to original jurisdiction in federal court.  It is clear that the remaining claims "substantially predominate" over Plaintiff's failure to warn claim against Westinghouse.  Therefore, this court declines to exercise its supplemental jurisdiction over Plaintiff's remaining claims.  Accordingly, those claims are hereby SEVERED from Plaintiff's claims against Westinghouse, and REMANDED to the 62nd Judicial District Court for Hopkins County, Texas.

Signed this 26th day of June, 2002.

*Richard A. Schell*

RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DIANE MATHIAS, Individually and as )
Personal Representative of the Heirs and )
Estate of GEORGE MATHIAS, Deceased )
                                )
VS                            )      EP 01 CA 0380 DB
                                )
ACandS, INC., ET AL          )

### ORDER ON DEFENDANT VIACOM, INC.'S MOTION FOR RECONSIDERATION AND/OR FOR A STAY OF REMAND AND BRIEF IN SUPPORT THEREOF

On this day the Court considered Defendant Viacom, Inc.'s Motion For Reconsideration and/or for a Stay of Remand and Brief in Support Thereof with respect to the Order granting plaintiff's motion to remand.

The Court believes the motion has merit and should be Granted.  It is therefore,

ORDERED that the referenced Order is vacated.

SIGNED this the ___ day of September, 2002.

                                      _____
                                      Honorable Judge David Briones
                                      United States District Judge