JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 3 2002

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. VI)

This Document Relates To:

United States District Court,
Western District of Pennsylvania

Ronald L. HUBER, et al. plaintiffs, vs.
Joseph B. COX, Jr., et al., C.A. No. 02-CV-304

CIVIL ACTION NO. MDL 875

FILED AUG 2 2 2002

### SUGGESTION OF REMAND

The Court, having received correspondence relating to this case from both the plaintiffs' and defendants' counsel, has taken the opportunity to review the file in this matter. This action was initially filed March 1, 2002 in the Western District of Pennsylvania. Thereafter, the Judicial Panel on Multidistrict Litigation conditionally ordered its transfer to this Court. There was an objection to the conditional order entered by the Panel and a subsequent hearing was held. On August 9, 2002, the Panel reaffirmed its position and entered an order of final transfer to the Eastern District of Pennsylvania consolidating this case into the pretrial MDL 875 proceedings. In the interim, this Court included the HUBER case in an order of administrative dismissal dated June 18, 2002, which had the effect of setting this action aside pending further discovery and a further determination of preparedness for settlement discussions and/or trial proceedings. This order was premature as to the HUBER case as it was not effectively transferred to this Court until August 13, 2002, when the certified Panel order was docketed with this Court. The Court therefore FINDS that Its order of June 18, 2002 is VOID as to the HUBER case.

MDL- 875
RECOMMENDED ACTION

CRO -- 1 ACTION
Approved/Date: NK  8/4

IMAGED SEP 13 '02     **OFFICIAL FILE COPY**

At the request of the parties, the Court has reviewed the pleadings in this action to determine whether this Court deems it appropriate for the action to remain a part of MDL 875. MDL 875 is a consolidation of all asbestos-related, personal injury lawsuits filed in the federal court system. To date, more than 105,000 such cases have been filed in the federal courts and joined into MDL 875. This does not include another 3-500,000 similar cases filed in the state courts. This Court is mindful of Its responsibility to fulfill the mandate of the Panel regarding the asbestos-related, personal injury litigation, and, on many occasions this Court has assisted state court judges in resolving asbestos actions pending before them. Nonetheless, the Court is hesitant to retain jurisdiction over the <u>HUBER</u> case. This action is not a direct tort claim for damages due to an asbestos injury, rather it is a claim for damages on behalf of a purported class of individuals who have suffered from the alleged malpractice of their counsel in the prosecution of an asbestos personal injury case filed in the state court of Mississippi. It is that underlying claim that brings this case to the attention of the Panel and the transfer to this Court. The underlying claim was filed in Mississippi and the settlement and distribution were accomplished within the purview of the Mississippi state court. The Court therefore FINDS that there exists no basis to consolidate this case with MDL 875 as the malpractice action concerns itself with the outcome of the settlement and distribution of a state court action which was never a part of MDL 875 and never within the jurisdiction of this Court..

THE COURT SUGGESTS that the within entitled matter be REMANDED to the United States District Court for the Western District of Pennsylvania for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

BY THE COURT:

ENTERED

AUG 2 2 2002

Date: 8/22/02

CLERK OF COURT

Charles R. Weiner   S. J.