JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP 17 2002

MDL DOCKET NO. 875

FILED
CLERK'S OFFICE

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| FLOWER MANGIALARDI, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:02CV121-B-B (N.D. Miss.) |
| ) | |
| HAROLD'S AUTO PARTS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-215

Certain defendants in the above-captioned action respectfully submit this

Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 215,

which was docketed as Pleading No. 3673.[1]  Plaintiffs ask the Panel to vacate CTO-215

as it pertains to the action transferred from the United States District Court for the

Northern District of Mississippi that is listed above.  The Panel should deny plaintiffs'

---

[1]     This Opposition is filed on behalf of defendants Amchem Products, Inc.; Asten, Inc; C.E.
Thurston & Sons, Inc.; CertainTeed Corporation; Combustion Engineering; Cooper Industries,
Inc.; Crossfield Products Corporation; Dana Corporation; Durametallic Company; Georgia
Pacific Corporation; Gulf Coast Marine Supply Company, Inc.; Ingersoll-Rand Company; J.T.
Thorpe Company; JC Penney Company; Komp Equipment Company, Inc.; Marine Specialty
Company, Inc.; National Service Industries, Inc.; Owens-Illinois, Inc.; Reynolds Metals Co.;
Standard Equipment Company, Inc.; Turner Supply Company; Union Carbide Corporation;
Weavexx Corporation; and Zurn Industries, Inc.

IMAGED SEP 20 '02        OFFICIAL FILE COPY

RECEIVED
CLERK'S OFFICE
2002 SEP 17  A 11: 23
PANEL ON
MULTIDISTRICT
LITIGATION

- 2 -

motion, because it contradicts well-settled Panel precedent and is premised on a

fundamental misunderstanding of the co-equal competence of federal courts.

Plaintiffs acknowledge that this case falls within the category of cases that should

be transferred to MDL 875. See Pl. Mot. at 1 (plaintiffs "alleged exposure to asbestos

and suffered asbestos related injuries and illnesses"). Plaintiffs nonetheless argue that

the Panel should not transfer this case to MDL 875 because it was not properly removed

to federal court. Thus, plaintiffs assert that the Panel should vacate the CTO until the

Northern District of Mississippi addresses plaintiffs' pending motion to remand. See id.

at 2-3.

The Panel has rejected plaintiffs' arguments against transfer over and over again.

In its initial opinion creating this MDL docket, the Panel made clear that "distinctions

based on such matters as the pendency of motions or other matters before the transferor

court" do not present a basis "for carving out exceptions to transfer in this extraordinary

docket." In re Asbestos Prods. Liab. Litig. (VI), MDL 875 (J.P.M.L. Aug. 9, 2002)

(transfer order), at 1-2, citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415

(J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[2] and has explicitly

held that the pendency of a motion for remand to state court is not a proper basis for

denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL 875 (J.P.M.L.

---

[2]     E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL 875 (J.P.M.L. Apr. 17, 2001) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1.

- 3 -

Aug. 9, 2002) (transfer order), at 1 n.1 ("Plaintiffs * * * have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest.").

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

Plaintiffs also assert that transfer "would result in a waste of judicial economy and efficiency." Pl. Mot. at 4. The Panel has, however, consistently recognized the efficiency of MDL consolidation of asbestos cases, to the point where that issue is not seriously subject to debate. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 9, 2002) (transfer order), at 1 (transfer to MDL 875 "will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). The benefits of consolidating all federal court asbestos cases in a single district that the Panel contemplated when it established MDL 875 have been validated by Judge Weiner's impressive record in resolving cases in MDL 875. See id. at 2 (Judge Weiner has closed over 73,000 asbestos actions since 1991).

- 4 -

Plaintiffs finally argue that the Panel should only transfer to MDL 875 the claims of those plaintiffs who have been allegedly exposed at federal enclaves and should, pursuant to 28 U.S.C. § 1441(c), remand the remaining plaintiffs' claims to state court. Pl. Mot. at 5. But plaintiffs misread that statute. Section 1441(c) only applies to remands by a "district court"; it does not apply to transfer decisions by the Panel. Moreover, after transfer, plaintiffs may ask Judge Weiner to suggest remand of particular claims pursuant to 28 U.S.C. § 1407(a), as he has done many times in his role as the MDL 875 transferee judge. That apportionment of responsibility is made clear by the Panel's original decision creating MDL 875, which held that "[i]t may well be that on further refinement of the issues and *close scrutiny by the transferee court*, some claims or actions can be remanded in advance of the other actions in the transferee district," and that "[s]hould the transferee court deem remand of any claims or actions appropriate, *the transferee court can communicate this to the Panel*, and the Panel will accomplish remand with a minimum of delay." In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415, 422 (J.P.M.L. 1991) (emphasis added).[3]

---

[3]     The plaintiffs' assertions that only two of the 245 plaintiffs in this case are possibly subject to federal jurisdiction is without merit. To date, defendants have only been able to depose two plaintiffs in this action, both of which alleged exposure in such a manner as to subject themselves to federal jurisdiction. Upon the completion of discovery, many more of the plaintiffs may allege that they have been exposed to asbestos while working in federal enclaves or may otherwise be subject to federal jurisdiction. That pre-trial factual development should take place under Judge Weiner's direction.

- 5 -

In short, plaintiffs have presented no basis on which the Panel should vacate

CTO-215 with respect to this case.  For these reasons, the Panel should deny plaintiffs'

motion.

Respectfully submitted,

*M. Goggins / by Ame with permission*

Thomas W. Tardy, III
Michael D. Goggans
Forman Perry Watkins Krutz
 & Tardy, PLLC
Suite 1200, One Jackson Place
188 East Capitol Street
P.O. Box 22608
Jackson, MS 39225-2608
(601) 960-8600

John D. Aldock
Elizabeth Runyan Geise
Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
(202) 828-2000

Attorney for defendants Amchem
Products, Inc.; Asten, Inc; C.E.
Thurston & Sons, Inc.; CertainTeed
Corporation; Combustion Engineering;
Cooper Industries, Inc.; Crossfield
Products Corporation; Dana Corporation;
Durametallic Company; Georgia Pacific
Corporation; Gulf Coast Marine Supply
Company, Inc.; Ingersoll-Rand Company;
J.T. Thorpe Company; JC Penney
Company; Komp Equipment Company,
Inc.; Marine Specialty Company, Inc.;
National Service Industries, Inc.;
Owens-Illinois, Inc.; Reynolds Metals Co.;
Standard Equipment Company, Inc.;
Turner Supply Company; Union Carbide
Corporation; Weavexx Corporation;
Zurn Industries, Inc.

Attorneys for defendants CertainTeed
Corporation and Dana Corporation

September 17, 2002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 17 2002

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that, on this 17th day of September, 2002, I caused an original,

eleven (11) copies, and one computer readable disk copy of the foregoing Opposition to

be served by hand on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 17th day of September, 2002, I caused copies of the

foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on

the attached service list.

I finally certify that, on this 17th day of September, 2002, I caused a copy of the

foregoing Opposition was served by first-class mail, postage prepaid, on the Clerk of the

transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA  19106-1797



Adam M. Chud

# SERVICE LIST

Dana J. Swan
Chapman, Lewis & Swan
P.O. Box 428
Clarksdale, MS 38614

G. Patterson Keahey
One Independence Plaza
Suite 814
Birmingham, AL 35209

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza - East Tower
951 East Byrd Street
Richmond, VA 23219

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John D. Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West - 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Patricia C. Gandy
Phillip B. Abernethy
Trey Bourn
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

Robert M. Arentson, Jr.
Watkins, Ludlam, Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205

Steven H. Begley
Wells Marble & Hurst, PLLC
P.O. Box 131
Jackson, MS 39205-0131

Nathaniel A. Boslo
Dogan, Wilkinson, Kinard, Smith &
Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568-1618

Brooks R. Buchanan
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

David W. Clark
Bradley, Arant, Rose & White
188 East Capitol Street, Suite 450
P.O. Box 1789
Jackson, MS 39215

Susan Coco
Laurie J. Hutchings
Jude & Coco, P.A.
P.O. Box 17499
Hattiesburg, MS 39404

J.Price Coleman
M. Scott Minyard
Scott W. Bates
Robert M. Arnteson, Jr.
Barry C. Campbell
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Andrea Edney
Robert L. Gibbs
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205

Chris H. Deaton
Deaton & Deaton, P.A.
113 Clark Street
Suite 5
Tupelo, MS 38804

David L. Trewolla
David W. Dogan, III
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225

Walter W. Dukes
Derek R. Cusick
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

W. Mark Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James L. Fletcher, Jr.
Duncan & Courington
322 Lafayette Street
New Orleans, LA 70130

William N. Graham
Cowles E. Symmes
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121

Alben N. Hopkins
Hopkins, Barnie & Hopkins, PLLC
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Daphne M. Lancaster
Aultman, Tyner, McNeese, Ruffin &
Yarborough
P.O. Box 750
Hattiesburg, MS 39403

Jonathan Masters
Holcomb Dunbar, P.A.
P.O. Box 368
152 Delat Avenue
Clarksdale, MS 38614-0368

Edward A. Moss
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502

Karl R. Steinberger
Bryant, Colingo, Williams & Clark
P.O. Drawer H
Pascagoula, MS 39568

James P. Streetman, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236

Joseph J. Stroble
William F. Goodman, III
Watkins & Enger
The Emporium Building
Suite 300, P.O. Box 650
400 East Capitol Street
Jackson, MS 39205-0650

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Box Drawer 4108
Gulfport, MS 39502

Lawrence D. Wade
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702

David A. Barfield
Kimberly P. Wallace
James H. Bolin
Barfield & Associates
233 East Capitol Street
P.O. Box 3979
Jackson, MS 39207-9425

Michael E. Whitehead
Ronald G. Peresich
W. Mark Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

C. Kent Haney
121 Yazoo Avenue
P.O. Box 206
Clarksdale, MS 38614

Tom Janoush
P.O. Box 1448
307 Cotton Row, Suite 1
Cleveland, MS 38732

Chris H. Deaton
Dana G. Deaton
113 Clark Street, Suite 5
Tupelo, MS 38804

Minor C. Sumners, Jr.
1907 Dunbarton Drive
Suite F
Jackson, MS 39216

Mark R. Smith
Michael N. Watts
1217 Jackson Avenue
P.O. Drawer 707
Oxford, MS 38655-0707

Gerald J. Jacks
P.O. Box 1209
Cleveland, MS 38732

C. Michael Evert, Jr.
Evert & Weathersby
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Kelly K. Simpkins
Wells Marble & Hurst
P.O. Box 131
Jackson, MS 39205-0131

Timothy E. Corriston
Connell Foley, LLP
85 Livingston Avenue
Roseland, NJ 07068

_____
Adam M. Chud