JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 17 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE ASBESTOS PRODUCTS              )
LIABILITY LITIGATION (No. VI)        )      MDL DOCKET NO. 875

---

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FLOWER MANGIALARDI, et al.,          )
                                     )
         Plaintiffs,                 )      Civil Action No. 2:02CV121-B-B
vs.                                  )
                                     )
HAROLD'S AUTO PARTS, INC., et al.,   )
                                     )
         Defendants.                 )

---

### DEFENDANT VIACOM, INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

COMES NOW Defendant Viacom, Inc., successor to Westinghouse Electric Corporation (hereinafter "Westinghouse"), and tenders this, its response to Plaintiffs' motion to vacate this Panel's Conditional Transfer Order regarding the above-styled civil action (CTO-215). For the reasons set forth below, Plaintiffs have failed to demonstrate any good or sufficient cause to vacate CTO-215 which is, instead, entirely consistent with this Panel's prior precedents and with the principles underlying the creation of MDL-875. Accordingly, Westinghouse respectfully requests that Plaintiffs' motion to vacate be denied.

### FACTUAL AVERMENTS[1]

---

[1] Due to Plaintiffs' failure to comply with Rule 7.1(a) in relation to the statements or averments of fact set forth in their motion to vacate - which are set forth in a narrative form

1

1.

Plaintiffs' motion to vacate relates to this Panel's conditional transfer of the above-styled civil action to MDL-875.

2.

As currently constituted (based upon Plaintiffs' Sixth Amended Complaint), this case involves asbestos-related personal injury and/or wrongful death claims brought by two hundred forty-five (245) Plaintiffs against one hundred thirty-six (136) Defendants, including Westinghouse.

3.

On or about June 5, 2002, several Defendants removed Plaintiffs' voluntarily consolidated claims from the Circuit Court of Bolivar County, Mississippi to the United States District Court for the Northern District of Mississippi (Delta Division) (hereinafter the "District Court"), asserting that the claims of at least two of the Plaintiffs - John Adamson and Greely Smith - were subject to "federal enclave" jurisdiction as provided for by Art. I, § 8, cl. 17 of the United States Constitution and Westinghouse consented to this removal.

4.

On June 7, 2002, and within the time period allowed by 28 U.S.C. § 1446 (b), Westinghouse amended its written consent to this removal with specific regard to Plaintiff John Adamson to additionally assert its entitlement to immunity under the government contractor

---

rather than as specifically numbered averments of fact - Westinghouse is unable to fully comply with Rule 7.1(b). Westinghouse has attempted to set forth the procedural facts relevant to Plaintiffs' motion as succinctly as possible and, in an effort to comply as fully as possible with the dictates of Rule 7.1(b), has set forth such facts as individually numbered averments.

defense as announced in Boyle v. United Techs. Corp., 487 U.S. 500 (1988) and alleging all other facts essential to jurisdiction under the "Federal Officer Removal Statute," 28 U.S.C. § 1442(a)(1), as Adamson is asserting asbestos-related injury claims against Westinghouse based (at least in part) upon his work on or about the *U.S.S. Enterprise* nuclear propulsion prototype at the Idaho National Engineering Laboratory (INEL) and the Westinghouse equipment incorporated within the prototype was manufactured and supplied by Westinghouse in compliance with detailed United States Navy specifications.

5.

On or about June 19, 2002, Plaintiffs filed a motion in the District Court in which they asserted a lack of subject matter jurisdiction and requested that the entire consolidated action be remanded to the Mississippi state court or, in the alternative, that the claims of all Plaintiffs except John Adamson and Greely Smith be severed and remanded.

6.

Westinghouse has filed a written response to Plaintiffs' June 19, 2002 motion and said motion remains pending before the District Court.

7.

On July 15, 2002, the District Court entered an Order granting the "federal enclave" Defendants' motion for a period of discovery as to the issues raised in Plaintiffs' motion for remand through and including October 23, 2002 and extending the period of time within which these Defendants can file a response to Plaintiffs' motion through and including December 5, 2002.

8.

On or about August 6, 2002, Plaintiffs filed a second motion in the District Court, seeking the expedited severance and remand of the claims brought by all Plaintiffs other than John Adamson and Greely Smith.

9.

Westinghouse has filed a written response to Plaintiffs' August 6, 2002 motion and said motion remains pending before the District Court.

## ARGUMENT

Distilled to its essence, Plaintiffs' argument against transfer in this case is three-fold. First, Plaintiffs argue that the pendency of their motions for remand in the District Court should preclude transfer to MDL-875, citing principles of judicial economy and efficiency. Second, Plaintiffs offer the conclusory observation that they are "confident" of the merits of their motion for remand, apparently suggesting that transfer to MDL-875 should not occur because they are (in their own estimation) likely to prevail on their motions for remand. Finally, Plaintiffs simply renew their argument that the claims of all Plaintiffs other than John Adamson and Greely Smith should be severed and not included in any transfer. As set forth herein, none of these objections to transfer should be sustained given the prior decisions of this Panel.

As to Plaintiffs argument in favor of their motion to vacate based upon the pendency of their motions for remand before the District Court, a practically identical argument was recently considered, and soundly rejected, in In re Asbestos Prods. Liability Litig. (No. VI), 170 F. Supp. 2d. 1348, 1349-50 (Jud. Pan. Mult. Lit. 2001) (hereinafter "Wooley/Baden"). As stated by this Panel:

> *Plaintiffs in these actions have argued in essence that transfer should be*

4

> *denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.* We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L. 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) *accordingly, those courts wishing to address such motions* [for remand] *have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer to MDL-875 can continue without any unnecessary interruption or delay.*

Wooley/Baden, 170 F. Supp. 2d at 1349, n. 1 (emphasis added).

The same analysis is applicable here. The pendency of CTO-215 has not deprived the District Court of jurisdiction to pass upon Plaintiffs' motions for remand. Thus, the pendency of these motions for remand does not provide good and sufficient grounds to vacate CTO-215. Instead, Plaintiffs' voluntarily consolidated claims should be transferred to MDL-875 "without any unnecessary interruption or delay" so that Judge Weiner can rule upon any and all pending motions, including Plaintiff' motions for remand. Id.

Without referencing this Panel's decision in <u>Wooley/Baden</u>, Plaintiffs offer the unsupported contention that "[t]he interest of judicial economy requires [that] the Judicial Panel stay any transfer of [this case] pending the transferor Court's ruling on the Plaintiffs' Motion to Remand." (Plaintiffs' Motion to Vacate Transfer, p. 3). In this regard, Plaintiffs urge:

> As all briefing relating to the remand issue is complete, it would be waste of judicial resources to transfer this action at this time without allowing the transferor Court to complete its consideration of the remand issues before it. Should the transferor Court rule in favor of remand, the complex and prolonged use of judicial resources and attorney involvement related to a transfer to Multidistrict Litigation will be avoided.
>
> There is no prejudice in staying the decision to transfer this action to Multidistrict Litigation. Allowing the transferor Court to rule upon a remand issue will avoid the need for consideration of this same issue by the Judicial Panel, and may avoid further federal proceedings altogether if the transferor Court rules in favor of remand.

(<u>Id</u>).

First and foremost, Plaintiffs have offered absolutely no argument which would take consideration of the present case outside the scope of this Panel's thoughtful and persuasive opinion in <u>Wooley/Baden</u>. This fact alone is fatal to Plaintiffs' position. Second, however, Plaintiffs' motion seems to rest upon the assumption that the District Court has already undertaken a detailed consideration of the substantive merits of their motions for remand so that consideration of these same issues by MDL-875 would constitute unnecessary duplication of effort. This assumption would not seem supported by the record. It instead appears that the District Court has not engaged in any substantive consideration of the issues raised by Plaintiffs' motion for remand whatsoever, and has instead, as noted above, extended the briefing deadline as

to this motion through and including December 5, 2002.² Thus, there is no immediate risk of any duplication of judicial effort in this case and Plaintiffs have offered no reason whatsoever why Judge Weiner would not be equally capable of considering the parties' briefs in this regard.

In short, Plaintiffs have failed to distinguish the present case from the circumstances considered at length by this panel in Wooley/Baden. As such, Plaintiffs' first argument in favor of their motion to vacate fails, and the transfer of this case to MDL-875 should be completed "without any unnecessary interruption or delay." Wooley/Baden, 170 F. Supp. 2d at 1349, n. 1.

As to Plaintiffs' second objection, to the extent that Plaintiffs ask this Court to vacate CTO-215 based upon the purported merits of their motions for remand (or their "confidence" in these arguments), Plaintiffs' request is entirely improper. As observed by the Second Circuit Court of Appeals in Ivy v. Diamond Shamrock Chem. Co., 901 F.2d 7, 9 (2d Cir. 1990), "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, *including issues relating to a motion to remand*." (emphasis added). An identical conclusion has, in fact, been reached by this Panel itself. See, In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F. Supp. 812, 813 n.1 (Jud. Pan. Mult. Lit. 1973) (holding that § 1407 does not empower this Panel to determine substantive issues relating to a pending motion for remand to state court).³

---

²Given this Order, Plaintiffs' assertion to this Court that "all briefing relating to the remand issue is complete" is baffling to say the least.

³Of course, and regardless of Plaintiffs' "confidence" in their motions for remand, it is Westinghouse's position that jurisdiction plainly exists in this case under 28 U.S.C. § 1442(a)(1) based upon the nature of the asbestos exposure alleged by Plaintiff Adamson. Westinghouse's position in this regard is set forth at length in its responses to Plaintiffs' motions for remand, and it would indeed be contrary to judicial efficiency for Westinghouse to exhaustively restate this position here despite this Panel's recognized lack of authority to pass upon its merits.

Finally, in a similar vein, Plaintiffs seem to ask this Panel to vacate CTO-215 (at least as to the vast majority of Plaintiffs) based upon the arguments previously made in their alternative motion before the District Court that the claims of all Plaintiffs other than John Adamson and Greely Smith be severed and remanded. Once again, Plaintiffs thus ask this Panel to pass upon the substantive merits of the arguments made in support of their pending motions for remand and/or for severance and thus improperly ask this Panel to exceed its authority under § 1407. Ivy, supra; In re Air Crash Disaster at Florida Everglades on December 29, 1972, supra.[4] However, and even to the extent that Plaintiffs' argument could be liberally construed as a contention that the pending transfer of the "other" Plaintiffs' claims would be "unjust" or "inefficient" for purposes of § 1407, this contention is patently meritless.

Initially, it should be noted that Plaintiffs' implicit representation to this Panel that none of the remaining two hundred forty-three (243) Plaintiffs' claims are subject to "federal enclave" and/or "federal officer" removal jurisdiction may be inadvertently misleading. Very little discovery has been provided to the Defendants thus far, effectively preventing Defendants from determining whether any Plaintiffs other than Smith and Adamson may also be stating claims which are independently subject to removal jurisdiction.[5] The briefs filed by Plaintiffs' counsel in the District Court in fact reveal that Plaintiffs' counsel have not even performed sufficient

---

[4]The merits of Plaintiffs' motion for severance are hotly contested by Westinghouse and have been fully responded to in Westinghouse's briefs filed with the District Court.

[5]Even such basic information as the site of alleged exposure has been withheld from Defendants as to the vast majority of Plaintiffs, rendering it impossible for Defendants to determine which, if any, of the remaining Plaintiffs are asserting exposure under circumstances which would support "federal enclave" or "federal officer" removal. Information regarding Plaintiffs Adamson and Smith only became available because Plaintiffs' counsel noticed "in extremis" videotaped depositions for purposes of preserving these Plaintiffs' testimony for trial.

investigation as to their own clients' claims to allow them to definitively state whether any additional Plaintiffs will be asserting claims which would arguably trigger "federal enclave" or "federal officer" jurisdiction.[6] In any event, and assuming arguendo that no other Plaintiff's claims would be subject to independent rather than pendent removal jurisdiction, this fact (which might arguably be relevant to a determination of Plaintiffs' motions for severance) has no bearing on whether consolidation of these asbestos-related personal injury claims within MDL-875 would promote justice and judicial efficiency for purposes of § 1407.

Instead, the extent of Plaintiffs' § 1407 argument against inclusion of all Plaintiffs' claims within a transfer to MDL-875 would seem to be revealed in the following statements set forth in the concluding paragraphs of their motion to vacate:

> Many of the Plaintiffs suffer from asbestos related diseases which will result in certain and perhaps immediate death. These Plaintiffs need and require a prompt resolution of their causes of action.

(Plaintiffs' Motion to Vacate Transfer, p. 6). This argument (which would be equally available to any asbestos-related personal injury or wrongful death plaintiff and is not associated with any peculiar aspect of these Plaintiffs' claims) is patently meritless.

This Panel has repeatedly, and consistently, rejected arguments against inclusion in MDL-875 by individual asbestos-related injury and/or wrongful death plaintiffs based upon an

---

[6] In this regard, Plaintiffs seem to acknowledge that some number of the "other" Plaintiffs may eventually allege asbestos exposure arising within a federal enclave or due to the direction and control of a federal officer, but assert that removal would nonetheless be unavailable because the only theory of recovery which would be pursued would relate to a "failure to warn." Plainly, however, both the "government contractor defense" and "federal officer removal" are available with specific regard to product liability "failure to warn" claims. See, e.g., Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 399-400 (5th Cir. 1998); Kerstetter v. Pacific Scientific Corp., 210 F.3d 431, 435 (5th Cir.), cert. denied, 531 U.S. 981 (2000).

allegation that such a transfer would deny the plaintiffs their right to speedy resolution of their claims. See, e.g., Wooley/Baden, 170 F. Supp. 2d. at 1349-50; In re Asbestos Prods. Liability Litig. (No. VI), 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991). In fact, this Panel has specifically held (contrary to Plaintiffs' conclusory arguments) that the "centralization of all federal asbestos personal injury/wrongful death actions . . . 'will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.'" In re Asbestos Prods. Liability Litig. (No. VI), 771 F. Supp. at 418 (quoting, 28 U.S.C. § 1407(a)).

The need for uniform transfer of all federally-pending asbestos-related personal injury and/or wrongful death claims to MDL-875 has increased, rather than diminished, in intensity with the passage of time since this Panel's discussion of the asbestos litigation crisis in 1991. As observed by this Panel just last year, the need for the type of uniform and responsible handling of asbestos litigation exhibited by MDL-875 - with its "'prudent conservation'" of the resources available to compensate injured parties which otherwise might be expended in exorbitant punitive damages windfalls to individual plaintiffs and their counsel - becomes increasingly apparent as such resources are being rapidly depleted and more and more of the entities who could provide such resources are being forced into bankruptcy. Wooley/Baden, 170 F. Supp. 2d at 1350 (quoting, In re Collins, 233 F.3d 809, 812 (3d Cir. 2000), cert. denied, 121 S. Ct. 2216 (2001)).

In short, Plaintiffs have fallen far short of demonstrating the type of compelling and extraordinary circumstances which might conceivably justify a deviation from the determined policy of centralizing all asbestos-related injury or death claims pending in federal courts within MDL-875. Certainly, if such unique circumstances were to develop, Judge Weiner can be

expected to act accordingly. See, Wooley/Baden, 170 F. Supp. 2d at 1350. As such, Plaintiffs have failed to suggest any basis within the parameters of § 1407 upon which this Panel should vacate its transfer of this voluntarily consolidated civil action to MDL-875.

## CONCLUSION

For the reasons set forth above, Plaintiffs have utterly failed to state any good and sufficient basis in support of their motion to vacate. As such, Westinghouse respectfully submits that the transfer of these cases to MDL-875 should be undertaken without further delay.

This 16th day of September 2002.

Respectfully submitted,

Roy C. Williams
MS Bar No. 7259
Counsel for Viacom, Inc.

OF COUNSEL:

COLINGO, WILLIAMS, HEIDELBERG,
STEINBERGER & McELHANEY, P.A.
P.O. BOX 1407
PASCAGOULA, MISSISSIPPI 39568
TEL: (228) 762-8021
FAX: (228) 762-7589

By: C. Michael Evert, Jr.
C. Michael Evert, Jr.

OF COUNSEL:

EVERT & WEATHERSBY, LLC
3405 PIEDMONT ROAD, SUITE 225
ATLANTA, GEORGIA 30305
TEL: (404) 233-8718
FAX: (404-233-8933

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 17 2002

FILED
CLERK'S OFFICE

CERTIFICATE OF SERVICE

I, C. Michael Evert, Jr., do hereby certify that I have this 16th day of September, 2002 mailed a true and correct copy of the above and foregoing Response to Plaintiffs' Motion to Vacate Conditional Transfer Order at the addresses on the Panel Service List attached hereto as Attachment "A".

C. MICHAEL EVERT, JR.

EVERT & WEATHERSBY, LLC
3405 Piedmont Road, Suite 225
Atlanta, Georgia  30305
(404) 233-8718



COLINGO, WILLIAMS, HEIDELBERG,
STEINBERGER & McELHANEY, P.A.
P.O. BOX 1407
711 DELMAS AVENUE
PASCAGOULA, MS  39568-1407
TEL: (228)762-8021
FAX: (228)762-7589
    (228)769-5238

## PANEL SERVICE LIST (Excerpted from CTO-215)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Flower Mangialardi, et al. v. Harold's Auto Parts, Inc., et al.*, N.D. Mississippi, C.A. No. 2:02-121

Phillip B. Abernethy
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Robert M. Arentson, Jr.
Watkins, Ludlam, Winter &
Stennis, P.A.
P.O. Box 427
Jackson, MS 39205

Steven H. Begley
Wells Marble & Hurst, PLLC
P.O. Box 131
Jackson, MS 39205-0131

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Nathaniel A. Bosio
Dogan, Wilkinson, Kinard, Smith &
Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568-1618

Brooks R. Buchanan
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David W. Clark
Bradley, Arant, Rose & White
188 East Capitol Street, Suite 450
P.O. Box 1789
Jackson, MS 39215

Susan Coco
Jude & Coco, P.A.
P.O. Box 17499
Hattiesburg, MS 39404

J. P. Coleman
Baker, Donelson, Bearman &
Caldwell
P.O. Box 14167
Jackson, MS 39236

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Chris H. Deaton
Deaton & Deaton, P.A.
113 Clark Street
Suite 5
Tupelo, MS 38804

David W. Dogan, III
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

Andrea Edney
Brunini, Grantham, Grower &
Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205

W. Mark Edwards
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James L. Fletcher, Jr.
Duncan & Courington
322 Lafayette Street
New Orleans, LA 70130

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard L. Forman
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

William N. Graham
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402



PANEL SERVICE LIST (Cont.) MDL-875							PAGE 2

Alben N. Hopkins
Hopkins, Barnie & Hopkins, PLLC
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

Daphne M. Lancaster
Aultman, Tyner, McNeese, Ruffin
& Yarborough
P.O. Box 750
Hattiesburg, MS 39403

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jonathan Masters
Holcomb Dunbar, P.A.
P.O. Box 368
152 Delat Avenue
Clarksdale, MS 38614-0368

Edward A. Moss
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Bryant, Colingo, Williams & Clark
P.O. Drawer H
Pascagoula, MS 39568

James P. Streetman, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236

Joseph J. Stroble
Watkins & Eager
The Emporium Building
Suite 300, P.O. Box 650
400 East Capitol Street
Jackson, MS 39205-0650

Dana J. Swan
Chapman, Lewis & Swan
501 First Street
P.O. Box 428
Clarksdale, MS 38614

Robert F. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502

Lawrence D. Wade
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-9425

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568