JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2002

FILED
CLERK'S OFFICE

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
Attorneys for Plaintiff

---

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## (SEE ATTACHED SCHEDULE OF CASES)
## RE:  CONDITIONAL TRANSFER ORDER (CTO-217)

---

|  |  |
|---|---|
| **GEORGE ABBOTT AND CAROLYN ABBOTT, et al. (all other Plaintiffs in cases subject to CTO-217),**<br><br>Plaintiffs,<br><br>vs.<br><br>**ASBESTOS DEFENDANTS,** | ) )<br>) **PLAINTIFFS' CONSOLIDATED MOTION**<br>) **TO VACATE CONDITIONAL TRANSFER**<br>) **ORDER (CTO-217)**<br>) )<br>) )<br>) )<br>) )<br>) Conditional Transfer Order (CTO-217)<br>) |

---

On August 28, 2002, the Judicial Panel on Multidistrict Ligtigation, *In re Asbestos*

*Products Liability Litigation (No. VI)* issued Conditional Transfer Order (CTO-217) (the "CTO")

conditionally transferring 148 cases currently pending in the United States District Court for the

District of Utah (the "Utah Asbestos Cases") to the Eastern District of Pennsylvania, assigned to

the Honorable Charles R. Weiner.  A copy of a schedule prepared by the United States of

America Judicial Panel on Multidistrict Litigation listing the cases to which this Consolidated

Motion to Vacate Conditional Transfer Order (CTO-217) is attached hereto as Exhibit "A."

OFFICIAL FILE COPY  IMAGED SEP 2 4 '02

Plaintiffs in the Utah Asbestos Cases hereby respectfully move the Judicial Panel on Multidistrict Litigation for an Order Vacating the CTO.  The basis for Plaintiffs' Motion is that the Utah Asbestos Cases that were conditionally removed to this Court were improperly removed in that the removal was untimely.  This Motion is supported by an accompanying Consolidated Brief to Vacate the CTO.

DATED this 11th day of September, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs in the Utah Asbestos Cases

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of September, 2002, a true and

correct copy of the foregoing was filed with the United States District Court for the District of

Utah and served on the following by U.S. Mail, first-class postage prepaid, as well as to those

individuals identified on the attached list of "Involved Counsel for Schedule CTO-217, Docket

No. 875, In Re Asbestos Products Liability Litigation (No. VI):

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
***Attorneys for Rapid American Corporation***

Paul H. Matthews, Esq.
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
***Attorneys for Metropolitan Life Insurance***

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
***Attorneys for Georgia Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW
Hobart Brothers Company***

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
***Attorneys for Honeywell International, Inc.; Allied Signal***

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
***Attorneys for Foster Wheeler Energy Corporation***

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
***Attorneys for Owens-Illinois, Inc.***

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
***Attorneys for Combustion Engineering***

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
***Attorneys for Lorillard Tobacco***

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
***Attorneys for Exxon Mobile***

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNWLL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
***Attorneys for Ford***

**INVOLVED COUNSEL FOR SCHEDULE CTO-217**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Eric Ames
Western Environmental Law Center
1807 Second Street, #8
Sante Fe, NM 87505

Sherman Ames, III
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brent O. Hatch
Hatch & James, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Neil C. Ludman
Morgenstein & Jubelirer
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105

Paul H. Matthews
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Peter McKenna
Skadden Arps Slate Meagher & Flom
Four Times Square
New York, NY 10036

Melinda A. Morgan
Richards Brandt Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# EXHIBIT "A"

| DISTRICT | DIV | CIVIL ACTION# | | DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|---|----------|-----|---------------|
| UTAH | | | | UT | 2 | 02-798 |
| UT | 2 | 02-715 | | UT | 2 | 02-799 |
| UT | 2 | 02-716 | | UT | 2 | 02-800 |
| UT | 2 | 02-717 | | UT | 2 | 02-801 |
| UT | 2 | 02-718 | | UT | 2 | 02-802 |
| UT | 2 | 02-719 | | UT | 2 | 02-803 |
| UT | 2 | 02-720 | | UT | 2 | 02-804 |
| UT | 2 | 02-721 | | UT | 2 | 02-805 |
| UT | 2 | 02-722 | | UT | 2 | 02-806 |
| UT | 2 | 02-723 | | UT | 2 | 02-807 |
| UT | 2 | 02-724 | | UT | 2 | 02-808 |
| UT | 2 | 02-725 | | UT | 2 | 02-809 |
| UT | 2 | 02-726 | | UT | 2 | 02-810 |
| UT | 2 | 02-727 | | UT | 2 | 02-811 |
| UT | 2 | 02-728 | | UT | 2 | 02-812 |
| UT | 2 | 02-729 | | UT | 2 | 02-813 |
| UT | 2 | 02-730 | | UT | 2 | 02-814 |
| UT | 2 | 02-731 | | UT | 2 | 02-815 |
| UT | 2 | 02-732 | | UT | 2 | 02-816 |
| UT | 2 | 02-733 | | UT | 2 | 02-817 |
| UT | 2 | 02-734 | | UT | 2 | 02-818 |
| UT | 2 | 02-735 | | UT | 2 | 02-819 |
| UT | 2 | 02-736 | | UT | 2 | 02-820 |
| UT | 2 | 02-737 | | UT | 2 | 02-821 |
| UT | 2 | 02-738 | | UT | 2 | 02-822 |
| UT | 2 | 02-739 | | UT | 2 | 02-823 |
| UT | 2 | 02-740 | | UT | 2 | 02-824 |
| UT | 2 | 02-741 | | UT | 2 | 02-825 |
| UT | 2 | 02-742 | | UT | 2 | 02-826 |
| UT | 2 | 02-743 | | UT | 2 | 02-827 |
| UT | 2 | 02-744 | | UT | 2 | 02-828 |
| UT | 2 | 02-745 | | UT | 2 | 02-829 |
| UT | 2 | 02-746 | | UT | 2 | 02-830 |
| UT | 2 | 02-747 | | UT | 2 | 02-831 |
| UT | 2 | 02-748 | | UT | 2 | 02-832 |
| UT | 2 | 02-749 | | UT | 2 | 02-833 |
| UT | 2 | 02-750 | | UT | 2 | 02-834 |
| UT | 2 | 02-752 | | UT | 2 | 02-835 |
| UT | 2 | 02-753 | | UT | 2 | 02-836 |
| UT | 2 | 02-754 | | UT | 2 | 02-837 |
| UT | 2 | 02-755 | | UT | 2 | 02-838 |
| UT | 2 | 02-756 | | UT | 2 | 02-839 |
| UT | 2 | 02-757 | | UT | 2 | 02-840 |
| UT | 2 | 02-758 | | UT | 2 | 02-841 |
| UT | 2 | 02-759 | | UT | 2 | 02-842 |
| UT | 2 | 02-760 | | UT | 2 | 02-843 |
| UT | 2 | 02-761 | | UT | 2 | 02-844 |
| UT | 2 | 02-762 | | UT | 2 | 02-845 |
| UT | 2 | 02-763 | | UT | 2 | 02-846 |
| UT | 2 | 02-764 | | UT | 2 | 02-847 |
| UT | 2 | 02-773 | | UT | 2 | 02-848 |
| UT | 2 | 02-774 | | UT | 2 | 02-849 |
| UT | 2 | 02-775 | | UT | 2 | 02-850 |
| UT | 2 | 02-776 | | UT | 2 | 02-851 |
| UT | 2 | 02-777 | | UT | 2 | 02-852 |
| UT | 2 | 02-778 | | UT | 2 | 02-853 |
| UT | 2 | 02-779 | | UT | 2 | 02-854 |
| UT | 2 | 02-780 | | UT | 2 | 02-855 |
| UT | 2 | 02-781 | | UT | 2 | 02-856 |
| UT | 2 | 02-782 | | UT | 2 | 02-857 |
| UT | 2 | 02-783 | | UT | 2 | 02-858 |
| UT | 2 | 02-784 | | UT | 2 | 02-859 |
| UT | 2 | 02-785 | | UT | 2 | 02-860 |
| UT | 2 | 02-786 | | UT | 2 | 02-861 |
| UT | 2 | 02-787 | | UT | 2 | 02-862 |
| UT | 2 | 02-788 | | UT | 2 | 02-863 |
| UT | 2 | 02-789 | | UT | 2 | 02-864 |
| UT | 2 | 02-790 | | UT | 2 | 02-865 |
| UT | 2 | 02-791 | | UT | 2 | 02-866 |
| UT | 2 | 02-792 | | UT | 2 | 02-867 |
| UT | 2 | 02-793 | | UT | 2 | 02-868 |
| UT | 2 | 02-794 | | UT | 2 | 02-869 |
| UT | 2 | 02-795 | | UT | 2 | 02-870 |
| UT | 2 | 02-796 | | UT | 2 | 02-871 |
| UT | 2 | 02-797 | | | | |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2002

FILED
CLERK'S OFFICE

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiff

---

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## (SEE ATTACHED SCHEDULE OF CASES)
## RE:  CONDITIONAL TRANSFER ORDER (CTO-217)

| | |
|---|---|
| **GEORGE ABBOTT AND CAROLYN ABBOTT, et al. (all other Plaintiffs in cases subject to CTO-217),**<br><br>Plaintiffs,<br><br>vs.<br><br>**ASBESTOS DEFENDANTS,** | **BRIEF IN SUPPORT OF PLAINTIFFS' CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-217)**<br><br><br><br>Conditional Transfer Order (CTO-217) |

Plaintiffs respectfully submit this Brief in support of their Consolidated Motion to Vacate Conditional Transfer Order (CTO-217).

### INTRODUCTION

On August 28, 2002, the Judicial Panel on Multidistrict Ligtigation, *In re Asbestos Products Liability Litigation (No. VI)* issued Conditional Transfer Order (CTO-217) (the "CTO") conditionally transferring 148 cases currently pending in the United States District Court for the District of Utah (the "Utah Asbestos Cases") to the Eastern District of Pennsylvania, assigned to

the Honorable Charles R. Weiner.  A copy of a schedule prepared by the United States of

America Judicial Panel on Multidistrict Litigation listing the cases to which this Brief in Support

of Plaintiffs' Consolidated Motion to Vacate Conditional Transfer Order (CTO-217) is attached

hereto as Exhibit "A."

The Utah Asbestos Cases were filed many months ago in state court in Utah.  Recently,

the cases were removed to Federal Court.  Various defendants in the cases subsequently joined in

the removal.  Plaintiffs in the Utah Asbestos Cases have filed a timely motion and supporting

memorandum seeking remand of the cases to State Court with the United States District Court

for the District of Utah in the lowest-numbered of the Utah Asbestos Cases.  Plaintiffs in all

other of the Utah Asbestos Cases have joined the Motion and supporting Memorandum.

Rather than restating the arguments made to the District Court in support of remand of

the Utah Asbestos Cases,  copies of the Motion to Remand and supporting Memorandum filed

with the District Court in Utah are attached to this Brief as Exhibits "B" and "C," respectively,

and incorporated herein by reference.  As indicated, the Motion and Memorandum are made on

behalf of and apply to all plaintiffs in the Utah Asbestos Cases.  For the sake of economy, the

approximately 147 separate joinders in the Motion to Remand and supporting Memorandum are

not attached to this Brief.

Because the cases that are the subject of the CTO were improperly removed in the first

instance from State Court to the United States District Court for the District of Utah, this Court

should vacate its CTO.  The Court also should instruct that all of the Utah Asbestos Cases be

remanded to state court and that the removing defendants in those cases pay Plaintiffs' costs and

attorneys' fees incurred in connection with the removal and remand proceedings.  At a minimum,

this Court should stay any transfer of the Utah Asbestos Cases to Multidistrict Litigation pending

a determination by the United States District Court for the District of Utah with respect to

Plaintiffs' Motion to Remand all of the Utah Asbestos Cases.

DATED this 11th day of September, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs in the Utah Asbestos Cases

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 11th day of September, 2002, a true and

correct copy of the foregoing was filed with the United States District Court for the District of

Utah and served on the following by U.S. Mail, first-class postage prepaid, as well as to those

individuals identified on the attached list of "Involved Counsel for Schedule CTO-217, Docket

No. 875, In Re Asbestos Products Liability Litigation (No. VI):

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
*Attorneys for Rapid American Corporation*

Paul H. Matthews, Esq.
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
*Attorneys for Metropolitan Life Insurance*

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
*Attorneys for Georgia Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW Hobart Brothers Company*

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
*Attorneys for Honeywell International, Inc.; Allied Signal*

4

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
**Attorneys for Foster Wheeler Energy Corporation**

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
**Attorneys for Owens-Illinois, Inc.**

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
**Attorneys for Combustion Engineering**

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
**Attorneys for Lorillard Tobacco**

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
**Attorneys for Exxon Mobile**

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNWLL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
**Attorneys for Ford**

## INVOLVED COUNSEL FOR SCHEDULE CTO-217
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Eric Ames
Western Environmental Law Center
1807 Second Street, #8
Sante Fe, NM 87505

Sherman Ames, III
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brent O. Hatch
Hatch & James, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Neil C. Ludman
Morgenstein & Jubelirer
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105

Paul H. Matthews
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Peter McKenna
Skadden Arps Slate Meagher & Flom
Four Times Square
New York, NY 10036

Melinda A. Morgan
Richards Brandt Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# EXHIBIT "A"

# SCHEDULE CTO-217 - TAG-ALONG CASES
## DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|
| UTAH | | |
| UT | 2 | 02-715 |
| UT | 2 | 02-716 |
| UT | 2 | 02-717 |
| UT | 2 | 02-718 |
| UT | 2 | 02-719 |
| UT | 2 | 02-720 |
| UT | 2 | 02-721 |
| UT | 2 | 02-722 |
| UT | 2 | 02-723 |
| UT | 2 | 02-724 |
| UT | 2 | 02-725 |
| UT | 2 | 02-726 |
| UT | 2 | 02-727 |
| UT | 2 | 02-728 |
| UT | 2 | 02-729 |
| UT | 2 | 02-730 |
| UT | 2 | 02-731 |
| UT | 2 | 02-732 |
| UT | 2 | 02-733 |
| UT | 2 | 02-734 |
| UT | 2 | 02-735 |
| UT | 2 | 02-736 |
| UT | 2 | 02-737 |
| UT | 2 | 02-738 |
| UT | 2 | 02-739 |
| UT | 2 | 02-740 |
| UT | 2 | 02-741 |
| UT | 2 | 02-742 |
| UT | 2 | 02-743 |
| UT | 2 | 02-744 |
| UT | 2 | 02-745 |
| UT | 2 | 02-746 |
| UT | 2 | 02-747 |
| UT | 2 | 02-748 |
| UT | 2 | 02-749 |
| UT | 2 | 02-750 |
| UT | 2 | 02-752 |
| UT | 2 | 02-753 |
| UT | 2 | 02-754 |
| UT | 2 | 02-755 |
| UT | 2 | 02-756 |
| UT | 2 | 02-757 |
| UT | 2 | 02-758 |
| UT | 2 | 02-759 |
| UT | 2 | 02-760 |
| UT | 2 | 02-761 |
| UT | 2 | 02-762 |
| UT | 2 | 02-763 |
| UT | 2 | 02-764 |
| UT | 2 | 02-773 |
| UT | 2 | 02-774 |
| UT | 2 | 02-775 |
| UT | 2 | 02-776 |
| UT | 2 | 02-777 |
| UT | 2 | 02-778 |
| UT | 2 | 02-779 |
| UT | 2 | 02-780 |
| UT | 2 | 02-781 |
| UT | 2 | 02-782 |
| UT | 2 | 02-783 |
| UT | 2 | 02-784 |
| UT | 2 | 02-785 |
| UT | 2 | 02-786 |
| UT | 2 | 02-787 |
| UT | 2 | 02-788 |
| UT | 2 | 02-789 |
| UT | 2 | 02-790 |
| UT | 2 | 02-791 |
| UT | 2 | 02-792 |
| UT | 2 | 02-793 |
| UT | 2 | 02-794 |
| UT | 2 | 02-795 |
| UT | 2 | 02-796 |
| UT | 2 | 02-797 |

| DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|
| UT | 2 | 02-798 |
| UT | 2 | 02-799 |
| UT | 2 | 02-800 |
| UT | 2 | 02-801 |
| UT | 2 | 02-802 |
| UT | 2 | 02-803 |
| UT | 2 | 02-804 |
| UT | 2 | 02-805 |
| UT | 2 | 02-806 |
| UT | 2 | 02-807 |
| UT | 2 | 02-808 |
| UT | 2 | 02-809 |
| UT | 2 | 02-810 |
| UT | 2 | 02-811 |
| UT | 2 | 02-812 |
| UT | 2 | 02-813 |
| UT | 2 | 02-814 |
| UT | 2 | 02-815 |
| UT | 2 | 02-816 |
| UT | 2 | 02-817 |
| UT | 2 | 02-818 |
| UT | 2 | 02-819 |
| UT | 2 | 02-820 |
| UT | 2 | 02-821 |
| UT | 2 | 02-822 |
| UT | 2 | 02-823 |
| UT | 2 | 02-824 |
| UT | 2 | 02-825 |
| UT | 2 | 02-826 |
| UT | 2 | 02-827 |
| UT | 2 | 02-828 |
| UT | 2 | 02-829 |
| UT | 2 | 02-830 |
| UT | 2 | 02-831 |
| UT | 2 | 02-832 |
| UT | 2 | 02-833 |
| UT | 2 | 02-834 |
| UT | 2 | 02-835 |
| UT | 2 | 02-836 |
| UT | 2 | 02-837 |
| UT | 2 | 02-838 |
| UT | 2 | 02-839 |
| UT | 2 | 02-840 |
| UT | 2 | 02-841 |
| UT | 2 | 02-842 |
| UT | 2 | 02-843 |
| UT | 2 | 02-844 |
| UT | 2 | 02-845 |
| UT | 2 | 02-846 |
| UT | 2 | 02-847 |
| UT | 2 | 02-848 |
| UT | 2 | 02-849 |
| UT | 2 | 02-850 |
| UT | 2 | 02-851 |
| UT | 2 | 02-852 |
| UT | 2 | 02-853 |
| UT | 2 | 02-854 |
| UT | 2 | 02-855 |
| UT | 2 | 02-856 |
| UT | 2 | 02-857 |
| UT | 2 | 02-858 |
| UT | 2 | 02-859 |
| UT | 2 | 02-860 |
| UT | 2 | 02-861 |
| UT | 2 | 02-862 |
| UT | 2 | 02-863 |
| UT | 2 | 02-864 |
| UT | 2 | 02-865 |
| UT | 2 | 02-866 |
| UT | 2 | 02-867 |
| UT | 2 | 02-868 |
| UT | 2 | 02-869 |
| UT | 2 | 02-870 |
| UT | 2 | 02-871 |

# EXHIBIT "B"

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 16 2002

MARKUS B. ZIMMER, CLERK
BY_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **GEORGE ABBOTT and CAROLYN ABBOTT,** | ) ) ) **PLAINTIFFS' CONSOLIDATED MOTION** |
| | ) **TO REMAND AND FOR COSTS AND** |
| Plaintiffs, | ) **ATTORNEYS' FEES BASED ON** |
| vs. | ) **IMPROPER REMOVAL**[1] |
| | ) |
| **ASBESTOS DEFENDANTS,** | ) Case No. 2:02CV715 DB |
| | ) |

Plaintiffs hereby move pursuant to 28 U.S.C. § 1447 for an order remanding the claims in

this action, which were filed in state court, and which Defendants have removed (and continue to

remove) to this Court.  Plaintiffs also request an award of costs and fees pursuant to 28 U.S.C. §

1447 (c) based on Defendants' improper removal.

---

[1] This case, which along with over 150 other cases against Owens-Illinois and other defendants was filed in State Court, where numerous asbestos cases have been consolidated under a Master File.  Upon the removal of those cases to this Court, each case was assigned a separate civil number.  The issue of the propriety of removal is identical or essentially identical in each of the removed cases.  Moreover, many previously removed asbestos cases previously were consolidated before Judge Benson.  Those case are in the process of being remanded to state court and involve several of the same state court cases at issue in this matter.  To prevent a flood of documents being filed with the Clerks' office; and out of ease of judicial administration and judicial efficiency, Plaintiffs intend to seek consolidation of the cases that Owens-Illinois and other Defendants have removed.  Plaintiffs therefore have filed their Motion to Remand and for Costs and Attorneys' Fees Based on Improper Removal in the lowest numbered of the cases recently removed to this Court.  To avoid the need to file the identical Motion and supporting Memorandum in the numerous other related cases that also have been removed, Plaintiffs also have filed in each of the related actions a Joinder in the Motion and supporting Memorandum addressing remand filed in this case and have incorporated by reference and adopted the Motion and Memorandum in each of those cases.

Defendant Owens-Illinois, Inc. ("Owens-Illinois") has removed this and numerous other related asbestos cases from state court to this Court purportedly under 28 U.S.C. § 1441(b) (diversity). Other defendants in the state court cases have followed suit by "joining" in Owens-Illinois' removal.[2] Because Defendant has not satisfied the express statutory requirements contained in 28 U.S.C. §1446 for removal of this action from state court to this Court, the removal is defective, and this case should be remanded. This Court should award Plaintiff their costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) as a result of Plaintiff's wrongful removal of this action.

Plaintiffs' Motion is supported by an accompany Memorandum.

DATED this 16th day of August, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

---

[2] On August 14, 2002, various defendants filed a pleading with this Court entitled "Defendants' Joinder and Consent to Notice of Removal of Action from State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. 1441(b). Counsel for Georgia-Pacific Corp., Minnesota Mining & Manufacturing, Rapid-American Corporation, Metropolitan Life Insurance, Honeywell International, Inc.; Allied Signal; the Flintkote Company, Foster Wheeler Energy Corporation, and Combustion Engineering signed the pleading.

2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of August, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid,

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
*Attorneys for Rapid American Corporation*

D. Matthew Moscon, Esq.
Stoel Rieves
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, Utah  84111
*Attorneys for Minnesota Mining & Manufacturing*

Paul H. Matthews, Esq.
Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, Utah  84111
*Attorneys for Metropolitan Life Insurance*

Elizabeth S. Conley, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
*Attorneys for Georgia Pacific Corporation*

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
*Attorneys for Honeywell International, Inc.; Allied Signal*

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
*Attorneys for Foster Wheeler Energy Corporation*

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
*Attorneys for Owens-Illinois, Inc.*

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
*Attorneys for Combustion Engineering*

JOSEPH J. JOYCE
STRONG & HANNI
9 Exchange Place, 6th Floor
Salt Lake City, UT 84111
*Attorneys for The Flintkote Company*

# EXHIBIT "C"

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 1 6 2002

BY MARKUS B. ZIMMER, CLERK
_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GEORGE ABBOTT and CAROLYN ABBOTT, | ) MEMORANDUM IN SUPPORT OF ) PLAINTIFFS' CONSOLIDATED MOTION ) TO REMAND AND FOR COSTS AND |
| Plaintiffs, | ) ATTORNEYS' FEES BASED ON ) IMPROPER REMOVAL[1] |
| vs. | ) |
| ASBESTOS DEFENDANTS, | ) Case No. 2:02CV715 DB ) |

Plaintiffs respectfully submit this Memorandum in support of their Consolidated Motion

made pursuant to 28 U.S.C. § 1447 for an order remanding the claims in this action, which were

filed in state court, and which Defendants have removed (and continue to remove) to this Court.

---

[1] This case, which along with over 150 other cases against Owens-Illinois and other defendants was filed in State Court, where numerous asbestos cases have been consolidated under a Master File. Upon the removal of those cases to this Court, each case was assigned a separate civil number. The issue of the propriety of removal is identical or essentially identical in each of the removed cases. Moreover, many previously removed asbestos cases previously were consolidated before Judge Benson. Those case are in the process of being remanded to state court and involve several of the same state court cases at issue in this matter. To prevent a flood of documents being filed with the Clerks' office; and out of ease of judicial administration and judicial efficiency, Plaintiffs intend to seek consolidation of the cases that Owens-Illinois and other Defendants have removed. Plaintiffs therefore have filed their Motion to Remand and for Costs and Attorneys' Fees Based on Improper Removal in the lowest numbered of the cases recently removed to this Court. To avoid the need to file the identical Motion and supporting Memorandum in the numerous other related cases that also have been removed, Plaintiffs also have filed in each of the related actions a Joinder in the Motion and supporting Memorandum addressing remand filed in this case and have incorporated by reference and adopted the Motion and Memorandum in each of those cases.

Plaintiffs also request an award of costs and fees pursuant to 28 U.S.C. § 1447 (c) based on Defendants' improper removal.

## INTRODUCTION

Defendant Owens-Illinois, Inc. ("Owens-Illinois") has removed this and numerous other related asbestos cases from state court to this Court purportedly under 28 U.S.C. § 1441(b) (diversity). Other defendants in the state court cases have followed suit by "joining" in Owens-Illinois' removal.[4] Because Defendant has not satisfied the express statutory requirements contained in 28 U.S.C. §1446 for removal of this action from state court to this Court, the removal is defective, and this case should be remanded. This Court should award Plaintiff their costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) as a result of Plaintiff's wrongful removal of this action.

## FACTUAL STATEMENT

The following factual allegations are taken from Owens-Illinois' Notice of Removal filed previously in this action. For purposes of Plaintiffs' Consolidated Motion to Remand only, Plaintiffs accept as true the following factual assertions contained in Owens-Illinois' Notice of Removal.

1.      Plaintiffs filed this action in State court (Salt Lake County) on August 28, 2001. [Owens-Illinois' Notice of Removal at ¶ 1.]

---

[4] On August 14, 2002, various defendants filed a pleading with this Court entitled "Defendants' Joinder and Consent to Notice of Removal of Action from State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. 1441(b). Counsel for Georgia-Pacific Corp., Minnesota Mining & Manufacturing, Rapid-American Corporation, Metropolitan Life Insurance, Honeywell International, Inc.; Allied Signal; the Flintkote Company, Foster Wheeler Energy Corporation, and Combustion Engineering signed the pleading.

2.      Defendant Owens-Illinois received the Complaint and Summons in this matter on March 15, 2002.  [Owens-Illinois' Notice of Removal at ¶ 2.]

3.      On June 18, 2002, Owens-Illinois asked counsel for Plaintiffs to sign a binding "Stipulations of Counsel to Limit Damages to Less Than the Jurisdictional Minimum Amount Pursuant to 28 U.S.C. § 1332(a)" in each of numerous asbestos cases.  [Owens-Illinois' Notice of Removal at ¶ 3.]

4.      On June 18, 2002, Owens-Illinois served on Plaintiffs' counsel admission requests, asking for an admission that the total amount sought by Plaintiffs in this case was an amount greater than $75,000, exclusive of interest and costs.  [Owens-Illinois' Notice of Removal at ¶ 5.]

5.      On July 17, 2002, counsel for Owens-Illinois received Plaintiffs' responses to the admission requests.  The response denied the admission request based on the objectionable nature of the admission request as phrased.  [Owens-Illinois' Notice of Removal at ¶ 6.]

6.      On July 26, 2002, over 120 days after it admittedly received Plaintiffs' Complaint and Summons in this action, Owens-Illinois removed this action to this Court.  [*See* Owens-Illinois' Notice of Removal, filed with this Court.]

7.      Since Owens-Illinois removal of this and numerous other asbestos actions to this Court, other Defendants have joined in Owens-Illinois' removal.  [*See* Defendants' Joinder and Consent to Notice of Removal of Action from State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. 1441(b), on file with the Court.]

8.      In their Notice of Removal, Owen-Illinois makes the following assertions:

(a)

Plaintiff(s) have filed their lawsuit against numerous defendants, so far.  As set
forth in the Complaint, [Plaintiffs] seek damages, upon all counts of the
Complaint which include negligence, strict liability, false representations, fraud
and deceit concealment, negligent misrepresentation and conspiracy for medical
expenses, lost income, wages and earning potential, mental and emotional
distress.  Further, Plaintiff(s) seeks damages alleging loss of consortium and
society.

[Owens-Illinois' Notice of Removal at ¶ 15.]

(b)      Owens-Illinois is informed and believes, "and based on the plethora of

jury verdicts reported nationwide in identical claims, the damages asserted in Plaintiff(s)'

Complaint, if accepted by the jury, will be well in excess of $75,000."  [Owens-Illinois' Notice of

Removal at ¶ 17.]

(c)

Asbestos litigation is prevalent nationwide.  Subsequently, jury verdict ranges are
easy to obtain in cases arising from the same allegations made by these plaintiffs,
assuming plaintiffs are successful at trial.  As a rule, reported jury verdicts in
favor of plaintiffs for mesothelioma cases with allegations similar to those in this
case exceed $75,000.00."

[Owens-Illinois' Notice of Removal at ¶ 20.]

(d)      Owens-Illinois attaches as Exhibit H to its Notice of Removal copies of

nine "verdicts obtained in differing jurisdictions.  As the Court will note, despite the various

jurisdictions, each verdict well exceeds the jurisdictional limit of $75,000.00.  Thus, should

Plaintiff(s) prevail on liability, they will more likely than not obtain an award in excess of

$75,000.00 from a jury."  [Owens-Illinois' Notice of Removal at ¶ 20.]

4

9.      Of the jury verdicts attached as Exhibit H to Owens-Illinois' Notice of Removal, information about the verdicts in all or virtually all of the cases were available to the public before Owens-Illinois was served with the Summons and Complaint in this action.  [*See* Reports of Jury Verdicts attached as Exhibit H to Owens-Illinois' Notice of Removal.]

10.     Owens-Illinois asserts in the context of its removal that it has received nothing from Plaintiffs to provide any substantive information pertaining to the amount of damages Plaintiffs seek from Defendants.  [Owens-Illinois' Notice of Removal at ¶ 22.]

11.     Owens-Illinois' notice of removal of this civil action was not filed within thirty days after the receipt by Owens-Illinois, through service or otherwise, of a copy of the initial pleading [*i.e.*. Plaintiffs' Complaint] setting forth the claim for relief upon which such action or proceeding is based.  [*See* ¶¶ 2, 6, above.]

## DISCUSSION

Owens-Illinois did not file a Notice of Removal within thirty days after it received Plaintiffs' Complaint, and all information on which Owens-Illinois bases its claim that the damages Plaintiffs seek in this and related actions exceed $75,000.00 was available to Defendants well before 30 days prior to Owens-Illinois' Notice of Removal.  Because the removal was untimely pursuant to the plain language of 28 U.S.C. § 1446(b), this action (and all related actions, which were removed at the same time or subsequent to the removal of this action) should be remanded to state court, where the cases originally were filed.

Plaintiffs have sustained substantial costs and attorneys' fees addressing and requesting remand of Defendants' improper removals. Due to the large number of cases at issue, the administrative issues created by Defendants' improper removals have been significant. Pursuant

5

to 28 U.S.C. § 1447(c), this Court should award Plaintiffs their costs and attorneys' fees incurred

in connection with this matter.

## I.    PROCEDURES FOR PROPER REMOVAL TO FEDERAL COURT:

Defendant Owens-Illinois (as well as the multiple other Defendants who have joined the

removal by Owens-Illinois) alleges to have removed this case pursuant to 28 U.S.C. §§ 1441

(diversity) and 1446(b) (procedure for removal).  Section 1444(b) provides in relevant part as

follows with respect to removal:

> (b)  The notice of removal of a civil action or proceeding **shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,** or within thirty days after service of summons upon the defendant if such initial pleading has been filed in the court and is not required to served on the defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper **from which it may first be ascertained** that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. sec. 1446 (emphasis added).

Addressing removal, the Tenth Circuit Court of Appeals has stated:

> "Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."

*Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (quoting *Burns*

*v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

A party's "'failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal "defective" and justify a remand.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

## II.   DEFENDANTS' DID NOT FOLLOW PROPER REMOVAL PROCEDURES; ITS REMOVALS WERE UNTIMELY.

In this case, Defendants allege that the amount in controversy exceeds the minimum jurisdictional requirement of $75,000. Defendants then claim that, because all of the plaintiffs and all defendants are diverse, jurisdiction based on diversity exists in this case, and the case therefore is properly removable. Even assuming, solely for the sake of argument, that all other requirements for removal were met in this case, Defendant's Notice of Removal was untimely pursuant to the requirements of 28 U.S.C. § 1446(b). The removed asbestos cases therefore should be remanded to state court.

### A.   The Notices of Removal Were Not Filed Within Thirty Days After Owens-Illinois (and the other Defendants) Received Plaintiffs' Complaint.

Owens-Illinois' Notice of Removal (as well as all other Defendants' subsequent purported joinder in and consent to Owens-Illinois' Notice of Removal) was not filed within thirty days after the receipt by Owens-Illinois (or by the other Defendants) of Plaintiffs' Complaint, as required by 28 U.S.C. § 1446(b). That fact is beyond good faith dispute. Owens-Illinois acknowledges it received Plaintiffs' Complaint on March 15, 2002. Factual Statement at ¶ 2. Owens-Illinois did not file its Notice of Removal until July 26, 2002, over 120 days later. *Id.* at ¶ 6.

7

**B.**     **The Notices of Removal Were Not Filed Within Thirty Days After Owens-Illinois (and the other Defendants) were Served with Plaintiffs' Complaint.**

Defendants attempt to avoid the application of § 1446(b) by arguing that their Notice of Removal "was filed less than thirty days after it was in receipt of 'other paper' from which it may first be ascertained that the case was removable." [Owens-Illinois Notice of Removal at ¶ 7.] This assertion is without merit. As set forth in the Factual Statement above, Defendants' own statements in support of Defendants' Notice of Removal acknowledge Defendants have received nothing from Plaintiffs since the receipt of Plaintiffs' Complaint that proves that the damages Plaintiffs seek exceed $75,000.00. In fact, Defendants accuse Plaintiffs of having "chosen to avoid this issue." [*Id.* at ¶ 6.] All of the information that Defendants allege demonstrate that the amount in controversy exceeds $75,000.00 existed and was available to Defendants much longer than thirty days before Owens-Illinois filed its Notices of Removal.

Owens-Illinois points to the number and nature of claims contained in Plaintiffs' Complaint as "evidence" that the value of Plaintiffs' claims exceed $75,000.00.[3] That information was ascertainable by Owens-Illinois immediately upon receipt of Plaintiffs' asbestos Complaints. Owens-Illinois claims that "based on the plethora of jury verdicts reported nationwide in identical claims, the damages asserted in Plaintiff(s)' Complaint, if accepted by the jury, will be well in excess of $75,000." [Owens-Illinois' Notice of Removal at ¶ 17.] That information was ascertainable by Owens-Illinois months, and, in some cases years, before Owens-Illinois removed this action. Owens-Illinois also claims that

---

[3] Owens-Illinois' Notice of Removal at ¶ 15 ("Plaintiff(s) have filed their lawsuit against numerous defendants, so far. As set forth in the Complaint, [Plaintiffs] seek damages, upon all counts of the Complaint which include negligence, strict liability, false representations, fraud and deceit concealment, negligent misrepresentation and conspiracy for medical expenses, lost income, wages and earning potential, mental and emotional distress. Further, Plaintiff(s) seeks damages alleging loss of consortium and society.")

> [a]sbestos litigation is prevalent nationwide.  Subsequently, jury verdict ranges
> are easy to obtain in cases arising from the same allegations made by these
> plaintiffs, assuming plaintiffs are successful at trial.  As a rule, reported jury
> verdicts in favor of plaintiffs for mesothelioma cases with allegations similar to
> those in this case exceed $75,000.00.

[Owens-Illinois' Notice of Removal at ¶ 20.]  The prevalence of nationwide asbestos litigation is

not a recent trend.  Indeed, it is common knowledge that asbestos cases have been prevalent for

years and, as Owens-Illinois acknowledges, "jury verdict ranges are easy to obtain in cases

arising from the same allegations made by these plaintiffs."  Finally, Owens-Illinois attaches to

its Notice of Removal multiple verdicts obtained in different jurisdictions that Owens-Illinois

claims establishes the value of Plaintiffs' claims in this case are in excess of $75,000.00.  The

information Owens-Illinois references with respect to all or virtually all of the verdicts

referenced was available to the public even before Owens-Illinois was served with the complaint

in this action.

Owens-Illinois' Notices of Removal, and the other Defendants joinder in those notices,

were not filed with 30 days of the date the information Defendants claim demonstrate Plaintiffs'

claim exceed $75,000.00 was first ascertainable by Defendants.  Because the Notices of Removal

were untimely, this case as well as all other related asbestos cases that Defendants have removed

to this Court should be remanded to state court.  *Huffman v. Saul Holdings Limited Partnership*,

194 F.3d 1072, 1077 (10th Cir. 1999) (failure to comply with express statutory requirements for

removal renders removal defective and justifies remand).

### III.   THIS COURT SHOULD AWARD PLAINTIFFS THEIR COSTS AND ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MATTER.

28 U.S.C. § 1447(c) provides that in connection with an order remanding a case from federal court to state court, the federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[4]  The district court, in its discretion, may award costs and fees for improper removal.  In order to be awarded costs and fees, it is not necessary that the plaintiff show that the removal was in bad faith.  Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 324 (10th Cir. 1994).  See Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997) (the only circumstances in which fees may not be assessed against the removing party is where the removal to federal court was proper in the first place).  In Suder, the Tenth Circuit addressed an appeal of a district court's assessment of costs and attorneys fees against a party, Blue Circle, based on the district court's finding that Blue Circle improperly had removed a case to federal court.  Blue Circle argued that because there was a "colorable basis" for its removal, it was error for the district court to have assessed fees.  Rejecting this argument, the Tenth Circuit Court of Appeals stated:

> The standard is not whether the basis for the removal was merely "colorable;"  the central inquiry is the "propriety" of the removal, see Daleske, 17 F.3d at 324, a standard much different than "colorable."  A removal is proper only if it is legitimate.

Suder, 116 F.3d at 1535.

In Dead Kennedys v. Biafra, 46 F. Supp. 2d 1028 (N.D. Cal. 1999), the court, addressing a request for costs and fees resulting from improper removal, observed that

---

[4] "An award of costs and fees pursuant to section 1447(c) is a 'collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.'"  Dead Kennedys v. Biafra, 46 F. Supp. 2d 1028, 1030 (N.D. Cal. 1999) (quoting Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992)).

> [i]n deciding whether or not to award costs and attorney's fees, the Court should consider whether removal was proper, looking both at the nature of the removal and of the remand.  The purpose of an award is not to punish the removing party but instead to reimburse the party who sought remand for litigation costs incurred as a result of removal.  The availability of costs and attorney fees replaces the former requirement of posting of a bond; however, it serves the same purpose to discourage improper removal.  *See* 28 U.S.C. § 1447, commentary.

Id. at 1030.  The Seventh Circuit Court of Appeals, in Tenner v. Zurek, 168 F.3d 328, 330 (7th Cir. 1999), affirmed the district court's award of fees for improper removal and stated: "[t]he plain wording of the statute [§ 1447(c)] manifests a Congressional determination that the district court ought to seek a fair allocation of all the costs of defending against an improper removal."

The district court in Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10 (E.D.N.Y. 1999), awarded costs and fees to a plaintiff who had successfully obtained remand of a case to state court.  The district court found that although the case was not removed in bad faith, "the removal greatly complicated the case [and] it would be unfair to require [plaintiffs] or their counsel to absorb the cost of litigating the remand motion, which in no way advanced their case."  Id. at 12.  Finding that removal was improper on three different grounds, the district court in Eyal Lior v. Sit, 913 F. Supp. 868, 878 (D.N.J. 1996), held that an award of fees and costs was appropriate.

In this case, Owens-Illinois' removal of this and related actions (and the other Defendants' joinder in the removal) was plainly untimely, as discussed above.  As a result, Plaintiffs has been forced to incur substantial fees and costs in requesting remand.  As in Greenidge, the defendants' removal in this case greatly complicated the case, resulted in significant and unwarranted delay, and the considerable time and money plaintiff was forced to expend in seeking remand in no way advanced the case.  Under the circumstances of this case, it is equitable and fair that Defendants

11

be required to reimburse Plaintiffs for the costs and fees it incurred, to be established by

affidavit, in seeking remand of Defendants' improper removal.[7]  Plaintiffs request that Owens-

Illinois be required to pay such costs and fees, and that Owens-Illinois then be allowed to seek

contribution from the other Defendants who joined in the removal.

## CONCLUSION

Defendants' Notice of Removal was untimely is thus is defective, mandating remand.  In

addition to remand, Plaintiffs are entitled to an award of costs and attorneys' fees Plaintiffs have

incurred in connection with Defendants' improper removal.

DATED this 16th day of  August, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

---

[7] Plaintiffs legal counsel have not submitted herewith an Affidavit of Attorneys' Fees and Costs but intend to submit such an affidavit, and any additional information required by the Court, to establish the amount of attorneys' fees and costs incurred.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of August, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid,

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
*Attorneys for Rapid American Corporation*

D. Matthew Moscon, Esq.
Stoel Rieves
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, Utah  84111
*Attorneys for Minnesota Mining & Manufacturing*

Paul H. Matthews, Esq.
Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, Utah  84111
*Attorneys for Metropolitan Life Insurance*

Elizabeth S. Conley, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
*Attorneys for Georgia Pacific Corporation*

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
*Attorneys for Honeywell International, Inc.; Allied Signal*

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
*Attorneys for Foster Wheeler Energy Corporation*

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
*Attorneys for Owens-Illinois, Inc.*

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
*Attorneys for Combustion Engineering*

JOSEPH J. JOYCE
STRONG & HANNI
9 Exchange Place, 6th Floor
Salt Lake City, UT 84111
*Attorneys for The Flintkote Company*