MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| MARVIN J. MAY,        )<br>                      )<br>    Plaintiff,      )<br>                      )<br>    v.                )    No. 3:02-655 (S.D.Ill.)<br>                      )<br>A.W. CHESTERTON, INC., et al.  )<br>                      )<br>    Defendants.       )<br>                      ) | |

## OPPOSITION TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO TRANSFER

Defendant Pharmacia Corporation f/k/a Monsanto Company ("Monsanto"), by and through its counsel, respectfully submits this Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order ("CTO") 215, which was docketed as Pleading No. 3850 on August 6, 2002. Plaintiff asks the Panel to vacate CTO-215 as it pertains to the action transferred from the United States District Court for the Southern District of Illinois, thereby allowing the Southern District of Illinois to determine pre-trial jurisdictional issues rather than the transferee court. The Panel should deny Plaintiff's request because the Motion and Supporting Memorandum contradict well-settled Panel precedent and are premised on a fundamental misunderstanding of the co-equal competence of federal courts.

Plaintiff filed his complaint against multiple defendants, including Monsanto, for asbestos-related injuries. Monsanto timely removed the action to the Southern District of Illinois. As this case is substantially similar to the thousands of asbestos-related claims pending in the United States District Court for the Eastern District of Pennsylvania and therefore presents

1285013

IMAGED SEP 24 '02

OFFICIAL FILE COPY

common questions of fact with those cases, the Panel conditionally ordered this case be transferred to the Eastern District of Pennsylvania and consolidated with those cases on August 6, 2002. Plaintiff nonetheless argues that the Panel should not transfer this case to MDL No. 875 because it was not properly removed to federal court. Thus, Plaintiff asserts that the Panel should vacate the CTO and disallow transfer of the case to the Eastern District of Pennsylvania until the federal district court in Illinois addresses Plaintiff's pending Motion to Remand. See Plaintiff's Memorandum in Opposition to Transfer ("Pl. Mem.").

According to Plaintiff, "it would take more time and be more difficult to have the matter heard in the transferee court." Pl. Mem. at ¶ 5. Thus, it would be "more fair, efficient and expedient to allow the Southern Illinois District Court to resolve the remand issue." Pl. Mem. at ¶ 6. Plaintiff further asserts that because jurisdiction is a threshold issue, where jurisdiction is contested, that issue should be resolved before the case is transferred. Pl. Mem. at ¶¶ 9-11.

Plaintiff fails to cite any support for these arguments, and indeed, the Panel has rejected these arguments against transfer over and over again. In its initial opinion creating this MDL docket and in several recent decisions since then, the Panel makes clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 9, 2002) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), 771 F.Supp. 415, 422 (J.P.M.L. 1991)). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Dec. 13, 2002) (transfer order), at 1-2.

1285013

2

remand to state court is not a proper basis for denial of transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 9, 2002) (transfer order), at 1, n.1. ("Plaintiffs***have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest."); In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1, n.1 (same).

Plaintiff's arguments fly in the face of what this Panel has previously and repeatedly determined, not only in MDL No. 875, but in other cases as well. See, In re Starlink Corn Prods. Liab. Litig., MDL No. 1403, 152 F.Supp.2d 1378, 1380 (J.P.M.L. June 20, 2001)(finding objection to transfer based upon the pendency of motions to remand actions back to state court unpersuasive and noting that the remand motions can be presented to and decided by the transferee judge); In re Bridgestone/Firestone, Inc., MDL No. 1373, 2000 WL 334165753 at *2 (J.P.M.L. Oct. 24, 2000)(same). Plaintiff's other argument, that Monsanto did not support its Notice of Removal, is also an insufficient basis for vacating CTO-215. This argument merely attacks the propriety of removal and federal jurisdiction in this case - an argument that should be raised, briefed and argued before the court determining the jurisdictional issue. It does not mandate that the court ultimately determining the issue be the transferor court rather than the transferee court. Rather, the Panel has previously held that the transferee court is the proper court for such decisions. If removal was improper or unsupported, the transferee court will make that determination and remand the case back to state court accordingly.

Importantly, Plaintiff acknowledges that "the issue of remand will not be briefed, much less decided, for some time" by the Southern District of Illinois. Pl. Mem. at ¶ 4. Thus, the issue is not even ripe for determination by the Southern District of Illinois. That court has continued

1285013                                                3

resolution of the matter until at least October 18, 2002, when it will be properly and fully briefed of the issue. Since the transferor court has not yet been briefed on the issue, having the matter transferred to and decided by the Eastern District of Pennsylvania, where the issue of remand will undoubtedly be expeditiously decided, will not unduly prejudice Plaintiff. Likewise, concerns of judicial efficiency and economy are not present or weigh in favor of arguing the issue before the transferee court where the transferor court has not yet been briefed on the issue.

Plaintiff's Memorandum ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is well equipped to make jurisdictional decisions. Indeed, the transferee court has been presented with and decided jurisdictional issues previously in this multidistrict asbestos litigation. The transferee court is just as competent as the transferor court to decide whether removal from the state court was proper, especially in the situation where, as here, the transferor court has not yet even be briefed of the issue. In keeping with Panel precedent, Plaintiff should avail himself of Panel Rule 7.6 before the transferee court rather than seeking relief here.

Finally, the Panel should consider Plaintiff's untimely submission of its Motion to Vacate CTO-215 and Memorandum in Opposition to Transfer as a withdrawal of his opposition, and the stay of the conditional transfer should therefore be lifted. In a letter dated August 20, 2002, the Panel advised Plaintiff that CTO-215 would be stayed until further order of the Panel but that Plaintiff's Motion and Brief to vacate CTO-215 were due "on or before **September 4, 2002.**" See August 20, 2002 Letter of the Panel ("Letter") (emphasis in original). The letter further stated that "[f]ailure to file and serve the required motion and brief within the allotted fifteen days will be considered a withdrawal of the opposition and the stay of the conditional transfer order will be lifted." Letter, ¶ 4 (emphasis in original). Plaintiff filed his

Motion and Memorandum in Opposition to Transfer on September 6, 2002. Such Motion and Memorandum were untimely, and as this Panel advised, Plaintiff's failure to timely file such Motion and Memorandum should be considered a withdrawal of his opposition to the transfer. The stay on CTO-215 should therefore be lifted and CTO-215 should be enforced.

In short, Plaintiff has presented no basis on which the Panel should vacate CTO-215 or otherwise refuse transfer of this case. For these reasons, the Panel should deny Plaintiff's Motion.

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By: *[signature]*

Joseph C. Orlet
Mark Zellmer
Mark Cicka
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-3441
(314) 480-1500
(314) 480-1505 fax

Attorneys for Defendant Pharmacia
Corporation f/k/a Monsanto Company

1285013

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of September, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition to be served by Federal Express Overnight Delivery, on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E., Room G-255, North Lobby
> Washington, D.C. 20002-8004

I further certify that, on this 19th day of September, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 19th day of September, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA 19106-1719

James Y. Miller

1285013

6

# PANEL SERVICE LIST (Excerpted from CTO-215)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin J. May v. A.W. Chesterton, Inc., et al.*, S.D. Illinois, C.A. No. 3:02-655

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

James F. Kelly
Simmons Firm
301 Evans Avenue
Suite 301
Wood River, IL 62095

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Joseph C. Orlet
Husch & Eppenberger
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Westonm, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406