JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2002

FILED
CLERK'S OFFICE

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
### DOCKET NO. 875

IN RE:     **ASBESTOS PRODUCTS LITIGATION (NO. VI)**
           **CONDITIONAL TRANSFER ORDER CTO-215**

THIS DOCUMENT RELATES TO CTO-215 AS IT PERTAINS TO THE FOLLOWING
ACTIONS WHICH WERE TRANSFERRED FROM THE FEDERAL DISTRICT COURT,
WESTERN DISTRICT OF KENTUCKY AT LOUISVILLE

**USDC-WD-LOUISVILLE CASE NO: 3:02CV-332-S**

Wilo Dean Rich, Kelly W. Prewitt and Patsy Prewitt,
Billy Vincent, Carl D. Stewart and Phyllis Stewart,
Sadie Moore-Cook, Joseph L. Schuler, Sr., Joann Schuler,
Ruby Cain, Judith Corn, Mary Haag, Bonnie W. Wines,
Adrian Van Bakel and Theresa Van Bakel, Jerome Duvall,
Emma Hall and James Hall, Wanda M. Morris,
Nora L. Woosley and Elza G. Woosley, Louise E. Goulder,
Mildred Needy, and William D. Sale                           PLAINTIFFS

v.

Hollingsworth & Vose Co., et al.                             DEFENDANTS

---

### JOINT RESPONSE OF LORILLARD TOBACCO COMPANY AND
### HOLLINGSWORTH & VOSE COMPANY TO PLAINTIFFS' MOTION
### TO VACATE THE CONDITIONAL TRANSFER ORDER

---

#### INTRODUCTION

Defendants Lorillard Tobacco Company ("Lorillard") and Hollingsworth & Vose

Company ("H&V") (collectively "Defendants") respectfully submit this Joint Response to

Plaintiffs' Motion to Vacate the Conditional Transfer Order.  The Panel should deny Plaintiffs'

motion because: (1) this case is plainly a "tag-along" action involving common questions of fact

with personal injury and wrongful death asbestos actions already transferred to the consolidated

asbestos liability litigation now pending in the United States District Court for the Eastern

IMAGED SEP 25 '02

OFFICIAL FILE COPY

District of Pennsylvania (Docket No. MDL-875) pursuant to 28 U.S.C. § 1407; and (2) no grounds exist for exempting this case from transfer to MDL-875.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 19, 2002, Plaintiffs filed a Complaint in the Circuit Court of Kentucky for Jefferson County, Case No. 02CI03903. A copy of the Complaint is attached hereto as Exhibit A. The twenty-four Plaintiffs claim to be former workers (and the spouses of those workers) at a plant in Louisville, Kentucky operated by P. Lorillard Company, a predecessor of defendant Lorillard. Plaintiffs each allege that they have developed, or are at an increased risk of developing, asbestos-related disease as a result of occupational exposure to asbestos-containing filter media manufactured by H&V and used by P. Lorillard in the manufacture of Kent cigarettes from 1952 to 1956. A small subgroup of the Plaintiffs also appears to claim exposure to asbestos from smoking Kent cigarettes with an asbestos-containing filter. On June 19, 2002, Defendants removed this action to the United States District Court for the Western District of Kentucky based on diversity jurisdiction, pursuant to 28 U.S.C. § 1441.

On August 6, 2002, the Clerk of the Judicial Panel on Multidistrict Litigation ("the Panel") issued Conditional Transfer Order (CTO-215) transferring this case, among others, to MDL-875 pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.") and 28 U.S.C. § 1407. A Copy of CTO-215 and the Clerk's transmittal letter are attached hereto as Exhibit B and Exhibit C, respectively. On August 19, 2002, Plaintiffs filed a Notice of Opposition to CTO-215.

## ARGUMENT

### A.  STANDARD FOR TRANSFER OF "TAG-ALONG" PERSONAL INJURY AND WRONGFUL DEATH ASBESTOS ACTIONS TO MDL-875.

Under 28 U.S.C. § 1407, this Panel is authorized to transfer civil actions pending in more than one district to a single district for consolidated pretrial proceedings.  Transfer is appropriate where: (1) the actions involve "one or more common questions of fact"; (2) transfer "will be for the convenience of parties and witnesses"; and (3) transfer "will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).

On July 29, 1991, the Panel issued an order transferring over 20,000 personal injury and wrongful death asbestos actions pending in the federal courts to the United States District Court for the Eastern District of Pennsylvania pursuant to § 1407, assigning them to Judge Charles R. Weiner for coordinated or consolidated pretrial proceedings.  See In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991) ("the 1991 Order").  A copy of the 1991 Order is attached hereto as Exhibit D.  Concerned by the increasing number of asbestos lawsuits pending nationwide which threatened to overwhelm the courts and frustrate the meaningful resolution of claims, the Panel sought, through consolidation in a single § 1407 proceeding, to relieve the courts of their burden, to provide for uniform case management and to reduce transaction costs.  See id. at 418-20.  The Panel concluded that the involved actions dealt with "common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witness and promote the just and efficient conduct of this litigation."  Id. at 417 (emphasis added).

The 1991 Order also addressed so-called "tag-along" actions, reminding parties and counsel of their continuing obligation to notify the Clerk of the Panel of any potential tag-along actions. See id. at 424. Rule 1.1 of the R.P.J.P.M.L. defines a tag-along action as a "a civil action pending in a district court and involving common questions of fact with actions previously transferred under Section 1407." Rule 7.4 of the R.P.J.P.M.L. authorizes the Panel to issue a conditional transfer order upon learning of the pendency of a potential tag-along action. As of August 6, 2002, over 74,000 additional actions had been transferred to the Eastern District of Pennsylvania. See Exhibit B.

The August 6, 2002 transmittal letter enclosing CTO-215 identified this case as a potential tag-along action. Transfer of a potential tag-along action is appropriate where the action raises questions of fact common to those in actions previously transferred under § 1407 and consolidation with the previously transferred actions will further the purposes of § 1407, that is, transfer will best serve the convenience of the parties and witnesses and promote the efficient conduct of the litigation. See In re Air Crash Disaster, 424 F. Supp. 1075, 1076 (J.P.M.L. 1977).[1]

### B. BECAUSE THIS "TAG-ALONG" ACTION MEETS THE STANDARD FOR TRANSFER TO MDL-875, THE PANEL SHOULD DENY PLAINTIFFS' MOTION TO VACATE CTO-215.

Plaintiffs contend that this case does not belong in MDL-875 because: (1) it involves unique issues of fact which distinguish it from cases pending there; (2) transfer would be

---

[1] The Panel has authority to issue a conditional transfer order either on its own initiative or upon motion by a party. See 28 U.S.C. § 1407(c)(i) & (ii). Plaintiffs mistakenly believe that Defendants have the burden of satisfying the standard for transfer of a tag-along action. Had Defendants moved for transfer, the burden would indeed be theirs. See In re G.D. Searle & Co. "Cooper 7" IUD Prods. Liab. Litig., 483 F. Supp. 1343, 1345 (J.P.M.L. 1980). Here, however, this Panel issued CTO-215 sua sponte pursuant to Rule 7.4 of the R.P.J.P.M.L. Defendants never moved for transfer or otherwise requested that the Panel issue a conditional transfer order. Accordingly, Plaintiffs, as the moving party should bear the burden of demonstrating that transfer of this case is inappropriate.

inconvenient and burdensome for the Plaintiffs and potential witnesses; and (3) transfer would not promote efficient conduct of the litigation. Contrary to the Plaintiffs' assertions, however, this action involves questions of fact in common with the cases in MDL-875 which far outweigh any ostensibly unique characteristics it may have. Moreover, in creating MDL-875, the Panel previously rejected each of these arguments for avoiding a § 1407 transfer. Accordingly, Plaintiffs' motion should be denied.

1.    **Because Plaintiffs Indisputably Claim Injuries Allegedly Caused By Exposure To Asbestos Or Asbestos Containing Products, This Action Involves Common Questions Of Fact With Actions Pending In MDL-875.**

Plaintiffs attempt to characterize this case as a unique outlier in the asbestos litigation because it involves allegations of occupational exposure to asbestos while manufacturing Kent cigarettes at P. Lorillard Company's plant in Louisville, Kentucky. They claim to be unaware of any similar cases pending in MDL-875 or any other federal courts. Whether true or not, this observation is irrelevant. The suitability of transferring a particular case to MDL-875 is not limited by the locus of the alleged exposure or the type of asbestos-containing product at issue. Cases involving alleged asbestos-related injuries resulting from occupational exposures to a variety of products sustained in a variety of locations have been transferred to MDL-875. Plaintiffs restrictive view of MDL-875 would frustrate the Panel's intention of consolidating all asbestos-related injury and wrongful death actions in a single district.

Section 1407 "does not require that there be strict identity of issues or a predominance of common questions or that they be central to or determinative of the controversy in order to justify transfer." 15 Charles Allen Wright, et al., Federal Practice and Procedure § 3863 at 523 (1986). Indeed, the Panel's 1991 Order broadly identified "common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing

products," In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. at 417, as the basis for

creating MDL-875.  In light of this general standard, neither "the uniqueness of a party's status"

nor "the presence of unique claims or additional claims not relating to injury or death" are

sufficient "grounds for carving out exceptions to transfer in this extraordinary docket." Wooley

v. International Paper Co. (In re Asbestos Prods. Liab. Litig. (No. VI)), 170 F. Supp.2d 1348,

1349 (J.P.M.L. 2001) (denying motion to vacate conditional transfer order) (emphasis added);

see also Chisholm v. United States (In re Asbestos Prods. Liab. Litig. (No. VI)), 1999 U.S. Dist.

LEXIS 12131, at *2 (J.P.M.L. July 27, 1999) (denying motion to vacate conditional transfer

order).[2]

Here, Plaintiffs allege that they suffer from, or are at increased risk of developing,

asbestos-related diseases as a proximate result of Defendants' conduct.  (Complaint, ¶¶ 12, 33,

34, 36, 38).  The instant case is thus, in essence, about whether occupational exposure at a

manufacturing plant to an asbestos-containing product caused Plaintiffs to suffer injuries.  In

resolving this case, the parties will inevitably address issues such as product identification,

product exposure, medical causation, state-of-the-art, and damages.  These very same questions

are at issue in the cases pending in MDL-875.[3]  Accordingly, this action is precisely the type of

case that belongs in MDL-875.

Contrary to Plaintiffs' assertion, United States v. Philip Morris (In re

Tobacco/Governmental Health Care Costs Litig.), 76 F. Supp.2d 5 (D. D.C. 1997) does not

warrant a different result.  In Philip Morris, the United States District Court for the District of

---

[2] A copy of the Chisholm decision is attached hereto as Exhibit E.

[3] Although the Complaint also summarily alleges that a few of the Plaintiffs were exposed to asbestos by smoking Kent cigarettes in the 1950s in addition to working with asbestos (Complaint, ¶ 11), the gravamen of the Complaint is occupational exposure.  Indeed, it would be preposterous to argue otherwise given that, as Defendants' experts will testify, Kent cigarettes with the asbestos-containing filter did not release enough asbestos (if any) to cause disease.  Accordingly, any attempt to distinguish this case from cases pending in MDL-875 by reference to smoking must fail.

Columbia declined to transfer a tobacco lawsuit filed by the Untied States to an MDL proceeding involving tobacco lawsuits brought by several foreign governments. The Court, even while acknowledging that the United States' lawsuit shared questions of fact in common with the foreign lawsuits, concluded that transfer would be neither convenient nor efficient. See id. at 8-10. First, because the United States' case was pending before a different judge in the same court as the foreign cases, transfer offered no more convenience in terms of location. Second, and more importantly, legal issues unique to the foreign sovereigns involved counseled against transfer. See id. at 9. Finally, the Panel's order originally consolidating the foreign cases was only intended to encompass foreign lawsuits. See id. at 10. None of these concerns is at issue here. MDL-875 is not venued in the same district as the instant action, no legal issues unique to foreign nations are involved, and, unlike the Panel's order in Philip Morris, the Panel's 1991 Order establishing MDL-875 sets forth a broad standard for inclusion, which encompasses all actions involving common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products.

### 2. The Convenience Of The Parties And Witnesses Will Not Be Negatively Impacted By Transfer Of This Case.

Plaintiffs argue that transfer will be inconvenient for the parties and witness, presumably because the Plaintiffs, potential unidentified witnesses, and Plaintiffs' treating physicians and other healthcare providers reside in or near Louisville, Kentucky. When creating MDL-875, however, the Panel rejected these very arguments as misplaced, noting that "since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise" and that "judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel to ever travel to the transferee district." In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. at 422; see also In re

Sugar Indus. Antitrust Litig. (East Coast), 471 F. Supp. 1089, 1094 (J.P.M.L 1979) (noting that

depositions of parties and witnesses can be taken in the district where they reside).  The Panel

further pointed out that the anticipated cost savings of consolidation would negate any

inconvenience.  See In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. at 422.  Moreover,

should this case ever go to trial, it will be tried in the Western District of Kentucky rather than

the Eastern District of Pennsylvania.  See Lexecon Inc. v. Milberg Weiss Bershad Hynes &

Lerach, 523 U.S. 26, 34 (1998).  Given that the parties will not have to travel to the Eastern

District of Pennsylvania if this case is transferred, Plaintiffs cannot reasonably argue that transfer

to that district is inconvenient for them.

### 3.        Transfer Of This Case Is Just And Efficient.

In creating MDL-875, this Panel recognized the benefits of consolidating personal

injury/wrongful death asbestos actions.  For example, the Panel chose Judge Weiner to preside

over MDL-875 on the basis of his "extensive experience in complex litigation in general and

asbestos litigation in particular."  In re Asbestos Prods. Liab. Litig. (No. VI), 771 F. Supp. at

423.  Since that time, Judge Weiner has gained another ten years of experience with the asbestos

litigation.  Additionally, transfer is likely to lower the transaction costs associated with this

multiple plaintiff case.  In 1996, Judge Weiner reported that MDL-875 had in fact lowered costs

in the asbestos litigation by reducing expensive discovery and repetitive proceedings and by

encouraging settlements.  See In re Asbestos Prods. Liab. Litig. (No. VI), 1996 WL 539589, at

*1 (E.D. Pa. Sept. 16, 1996).[4]

Contrary to Plaintiffs' assertion, any allegedly unique aspects of this case will not render

transfer inefficient by lumping it together with "unrelated" cases.  After transfer, parties who

---

[4] A copy of Judge Weiner's 1996 decision is attached hereto as Exhibit F.

believe that the uniqueness of their particular case warrants exclusion from MDL-875 may still

avail themselves of the remand procedures contained in Rule 7.6 of R.P.J.P.M.L.  See, e.g.,

Wooley, 170 F. Supp.2d at 1350; Chisholm, 1999 U.S. Dist. LEXIS 12131, at *2.  And, Judge

Weiner is equipped to integrate discovery proceedings in newly transferred cases into discovery

proceedings already pending in MDL-875.  See In re Pennsylvania Life Co. Sec. Litig., 436 F.

Supp. 406, 408 (J.P.M.L. 1977).

### C.   PLAINTIFFS' RELIANCE ON THE LEVEL CASE IS UNAVAILING.

Plaintiffs claim that CTO-215 should be vacated because this Panel previously declined

to transfer an earlier case from the Western District of Kentucky brought against Lorillard and

H&V entitled Neva L. Level v. Lorillard, Inc., et al., C92-0486.  Plaintiffs cite a letter, dated

April 9, 1993, from the Deputy Clerk of the Western District of Kentucky to counsel in Level

reporting that the Panel had informed the Clerk's Office that it did not consider Level a "tag-

along" case subject to transfer.  It is impossible, however, to determine the basis for the Panel's

decision, made almost ten years ago when MDL-875 was relatively young.  Lorillard and H&V

are not aware of any formal, written decision issued by the Panel in Level.  Neither of the parties

moved for, or opposed, transfer under § 1407 and the merits of such a transfer were never

briefed.  In this context, a deputy clerk's letter, written in 1993 and purporting to state the

Panel's position regarding another case, hardly qualifies as persuasive authority for vacating

CTO-215 here.  The fact remains that the obvious core of this case, Plaintiffs' allegations of

injuries as a result of occupational exposure to asbestos, is precisely the type of action for which

MDL-875 was designed.  The case thus should be sent to MDL-875 for further proceedings

there.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2002

FILED
CLERK'S OFFICE

## CONCLUSION

Defendants respectfully request that this Panel deny Plaintiffs Motion to Vacate the

Conditional Transfer Order and allow this case to proceed before Judge Weiner in the Eastern

District of Pennsylvania.  Because Plaintiffs allege injuries from exposure to asbestos and/or

asbestos-containing products, this "tag-along" action should be transferred to MDL-875 where

Judge Weiner's expertise will promote efficient resolution of the case.  Moreover, this Panel has

previously rejected Plaintiffs' arguments for exemption from MDL-875.

David T. Schaefer
WOODWARD, HOBSON & FULTON, LLP
2500 National City Tower
Louisville, KY  40202
(502) 581-8000
Counsel for Defendant,
  Hollingsworth & Vose Co.

Edward H. Stopher
Scott A. Davidson
BOEHL, STOPHER & GRAVES
2300 Aegon Center
400 West Market Street
Louisville, KY 40202
(502) 589-5980
Counsel for Defendant,
  Lorillard Tobacco Company

## CERTIFICATE OF SERVICE

It is hereby certified that a copy of the foregoing was, this **23** day of September 2002
mailed postage prepaid, first class mail to all counsel of record per the attached Service List, and
was the 24th day of September, 2002 filed with the clerk of the United States District Court,
Western District of Kentucky at Louisville.

David T. Schaefer

- 10 -

**PANEL SERVICE LIST (Excerpted from CTO-215)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Wilo Dean Rich, et al. v. Hollingsworth & Vose Co., et al,* W.D. Kentucky, C.A. No. 3:02-332

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton
 & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue,
 N.W.
Washington, D.C. 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt,
 Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien &
 Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Joseph D. Satterlee
Sales, Tillman & Wallbaum
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

David T. Schaefer
Woodward, Hobson
 & Fulton, L.L.P.
2500 National City Tower
Louisville, KY 40202

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
 Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Edward H. Stopher
Boehl, Stopher & Graves
Aegon Center, Suite 2300
400 West Market Street
Louisville, KY 40202-3345

Robert E. Swickle
Jaques Admiralty Law
 Firm, P.C.
1370 Penobscot Bldg.
Detroit, MI 48226

David B. Thorne
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Ave., N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2002

FILED
CLERK'S OFFICE

**A**



JEFFERSON CIRCUIT COURT
DIVISION NINE (9)

No.

**JEFFERSON CIRCUIT COURT
DIVISION _____**

## 02CI03903

WILO DEAN RICH, KELLY W. PREWITT and PATSY PREWITT,
BILLY VINCENT, CARL D. STEWART and PHYLLIS STEWART,
SADIE MOORE-COOK, JOSEPH L. SCHULER, SR., JOANN SCHULER,
RUBY CAIN, JUDITH CORN, MARY HAAG, BONNIE W. WINES,
ADRIAN VAN BAKEL and THERESA VAN BAKEL, JEROME DUVALL,
EMMA HALL AND JAMES HALL, WANDA M. MORRIS,
NORA L. WOOSLEY and ELZA G. WOOSLEY, LOUISE E. GOULDER,
MILDRED NEEDY, WILLIAM D. SALE                                    PLAINTIFFS

v.                              **COMPLAINT**

A COPY
ATTEST TONY MILLER, CLERK
JEFFERSON CIRCUIT COURT
LOUISVILLE, KENTUCKY
BY _____ D.C.

HOLLINGSWORTH & VOSE CO.
112 Washington Street
East Walpole, MA  02032

> SERVE:      SECRETARY OF STATE
>              State Capitol Building
>              Frankfort, KY  40601

LORILLARD, INC.
A wholly-owned subsidiary of Loews Corp.
One Park Avenue
New York, NY 10016-5896

> SERVE:      SECRETARY OF STATE
>              State Capitol Building
>              Frankfort, KY  40601

LOEWS CORPORATION
667 Madison Avenue
New York, NY 10021-8087

> SERVE:      SECRETARY OF STATE
>              State Capitol Building
>              Frankfort, KY  40601

**RECEIVED**

JUN 1 9 2002

**WOODWARD, HOBSON
& FULTON**

LORILLARD TOBACCO COMPANY
A wholly-owned subsidiary of Lorillard, Inc.
714 Green Valley Road
Greensboro, NC 27408

SERVE:    PRENTICE HALL CORPORATION
          421 West Main Street
          Frankfort, KY 40601                                    DEFENDANTS

**** **** **** ****

Comes the Plaintiffs, Wilo Dean Rich, Kelly Prewitt, Patsy Prewitt, Billy Vincent, Carl

Stewart, Phyllis Stewart, Sadie Moore-Cook, Joseph Schuler, JoAnn Schuler, Ruby Cain, Judith

Corn, Mary Haag, Adrian Van Bakel, Theresa Van Bakel, Bonnie Wines, Emma Hall, James Hall,

Jerome Duvall, Wanda Morris, Nora Woosley, Elza Woosley, Louise Goulder, Mildred Needy and

William Sale, by counsel, and for their Complaint, state as follows:

## PARTIES

1.      Plaintiffs, Wilo Dean Rich, Kelly Prewitt, Patsy Prewitt, Billy Vincent, Carl Stewart,

Phyllis Stewart, Sadie Moore-Cook, Joseph Schuler, JoAnn Schuler, Ruby Cain, Judith Corn, Mary

Haag, Adrian Van Bakel, Theresa Van Bakel, Bonnie Wines, Jerome Duvall, Wanda Morris, Louise

Goulder, Mildred Needy and William Sale are citizens and residents of the Commonwealth of

Kentucky. Plaintiffs, Emma Hall, James Hall, Nora L. Woosley and Elza G. Woosley are citizens

and residents of the state of Indiana.

2.      This cause of action arose in Jefferson County, Kentucky.

3.      Defendant, HOLLINGSWORTH & VOSE CO. is a Massachusetts corporation with

its principal place of business in the Commonwealth of Massachusetts. Defendant, Hollingsworth

& Vose Co. is a successor by merger to H&V Specialties Company, Inc.  At all times material

-2-

hereto, H&V Specialties Company, Inc. was a wholly-owned subsidiary of defendant Hollingsworth & Vose.

4.      Defendant, LORILLARD INC., is a New York corporation with its principle place of business in the State of New York. Lorillard, Inc. is a wholly-owned subsidiary of Loews Corp. and legal successor to P. Lorillard Company. In this Complaint, the term "Lorillard" shall refer to Lorillard Inc., Loews Corporation, Lorillard Tobacco Company and P. Lorillard Company.

5.      Defendant, LOEWS CORPORATION., is a Delaware corporation with its principle place of business in the State of New York. In this Complaint, the term "Lorillard" shall refer to Lorillard Inc., Loews Corporation, Lorillard Tobacco Company and P. Lorillard Company.

6.      Defendant, LORILLARD TOBACCO COMPANY, is a Delaware corporation with its principle place of business in the State of North Carolina. It is a wholly-owned subsidiary of Lorillard, Inc. and successor to P. Lorillard Company. In this Complaint, the term "Lorillard" shall refer to Lorillard Inc., Loews Corporation, Lorillard Tobacco Company and P. Lorillard Company.

## FACTUAL BASIS OF CLAIMS

7.      In the 1950's, Defendant HOLLINGSWORTH & VOSE and/or its wholly-owned subsidiary H&V SPECIALTIES CO. and/or a subcontractor known as Ralph McCard manufactured, sold, and/or distributed asbestos-containing filter material for the "Micronite Filter" which became an integral part of "Kent" cigarettes manufactured, distributed and sold by Lorillard.

8.      Hollingsworth & Vose and Lorillard entered into a contract which the two companies jointly owned the patent to the Micronite filter and agreed to share and exchange information about advances in the field. The companies shared equally in the development costs of the filter, creating the manufacturing facilities, and royalties earned from the licensing. Lorillard inspected

Hollingworth & Vose's manufacture, production and financial records concerning the filter material. Hollingsworth & Vose sold the asbestos filter material to only Lorillard for at least five years in the 1950's.

9.      In the 1950's, Lorillard manufactured, sold and/or distributed filter cigarettes known as "Kent" to the public, including the Plaintiffs, which contained crocidolite asbestos as one of the components in the filter.

10.     Wilo Dean Rich, Kelly Prewitt, Billy Vincent, Carl Stewart, Sadie Moore-Cook, Joseph Schuler, JoAnn Schuler, Ruby Cain, Judith Corn, Mary Haag, Adrian Van Bakel, Bonnie Wines, Emma Hall, Jerome Duvall, Wanda Morris, Nora Woosley, Louise Goulder, Mildred Needy and William Sale ("Plaintiffs") worked at the Lorillard Plant in Louisville, Kentucky where Hollingsworth & Vose shipped and supplied asbestos-containing filter medium to Lorillard for use in the manufacture of "Kent" cigarettes containing the "Micronite Filter."  The individuals were exposed to asbestos intended for the inclusive of the cigarette filters.

11.     Plaintiffs, Wilo Dean Rich, Kelly Prewitt, Billy Vincent, Carl Stewart, Sadie Moore-Cook, Joseph Schuler, JoAnn Schuler, Ruby Cain, Judith Corn, Mary Haag, Adrian Van Bakel, Bonnie Wines, and Emma Hall smoked "Kent" filtered cigarettes in the 1950's causing them to inhale asbestos into their lungs during the years that asbestos was incorporated as part of the cigarette filter.

12.     Plaintiffs were diagnosed as suffering from asbestos-related diseases.

13.     Defendants, knew that in the ordinary and foreseeable use of the asbestos-containing cigarette filters, asbestos dust and fibers would be inhaled.

14.     The Defendants knew that plaintiffs and other workers who worked with or around asbestos would inhale substantial amounts of the asbestos dust and fibers at the workplace.

15.     The asbestos products used during the manufacture of cigarette filters reached plaintiffs and other workers who worked with the asbestos without any substantial change or alteration from their original form.

16.     For many years the Defendants had in their possession medical and scientific information alerting it to the grave dangers inherent in asbestos dust and fibers, such dangers including the risks of asbestosis, mesothelioma, other forms of cancer, and other bodily harm.

17.     The asbestos products were sold, given and/or supplied by the Defendants in a defective condition, unreasonably dangerous to the Plaintiffs.

18.     The Defendants intentionally and willfully concealed from the public their knowledge of the hazardous nature of asbestos, and in particular intentionally and willfully failed to warn persons, such as the Plaintiffs, of the dangers inherent in the handling, exposure to, and inhalation of asbestos.

19.     The Defendants failed to place any warnings whatsoever on their asbestos products.

20.     The Defendants impliedly warranted that their asbestos products were reasonably fit for use and safe for their intended purpose.

21.     Defendant, Lorillard, has agreed to indemnify Hollingsworth & Vose for all injuries and harmful effects arising out exposure to asbestos.

22.     Several Lorillard and Hollingsworth & Vose employees and workers exposed to the asbestos have developed and died as a result of malignant mesothelioma, lung cancer and asbestosis.

Plaintiffs' risks of future complications is significantly increased because of their exposure to Defendants' asbestos products.

23.     Persons such as the Plaintiffs did not know of the nature and extent of the danger presented by the ordinary and foreseeable use of the Defendants' asbestos products.

## CLAIMS FOR RELIEF

### COUNT I

24     Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 23 as though restated and realleged herein in full.

25.     The aforesaid actions of the Defendants result in strict liability in tort for selling and placing into the stream of commerce asbestos products which reached the Plaintiffs in a defective condition, unreasonably dangerous.

### COUNT II

26.     Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 25 as though restated and realleged herein in full.

27.     The aforesaid actions of the Defendants constitute negligence in that there has been a failure to use reasonable and ordinary care under the circumstances and this failure has been the proximate cause of Plaintiffs' illnesses.

### COUNT III

28.     Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 27 as though restated and realleged herein in full.

29.     The aforesaid actions of the Defendants constitute a breach of implied warranty of merchantability in that Defendants sold their products and impliedly warranted to Plaintiffs that its

-6-

asbestos products were reasonably fit for use and safe for their intended purpose, and in fact the asbestos products were defective, dangerous, unfit for use, and unsafe for their intended purpose.

## COUNT IV

30.    Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 29 as though restated and realleged herein in full.

31.    The aforesaid actions of the Defendants constitute gross negligence, malicious, oppressive, and fraudulent conduct making them liable to the Plaintiffs for punitive damages.

## COUNT V

32.    Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 31 as though restated and realleged herein in full.

33.    As a direct and proximate result of the negligence, gross negligence, willful and oppressive conduct, breath of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation, willful omissions and failure to warn of the Defendants, Plaintiffs were caused to contract asbestos related diseases.

34.    As a direct and proximate result of the negligence, gross negligence, willful and oppressive conduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation, willful omissions and failure to warn of the Defendants, Plaintiffs have suffered great pain and mental anguish and shock to their nerves and nervous system and severe anxiety due to the knowledge that each Plaintiff has an increased medical risk of developing lung cancer, mesothelioma, other cancers related to exposure to asbestos and other future medical complications, and is required to have medical aid, monitoring and attention for the remainder of their life.

## COUNT VI

35.     Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 34 as though restated and realleged herein in full.

36.     As a direct and proximate result of the negligence, gross negligence, willful misconduct, breach of warranty, strict liability, fraudulent concealment, conspiracy, misrepresentation and willful omissions of the Defendants, Plaintiffs were caused to contract diseases and injuries to their body, lungs, and respiratory system, and develop a significantly increased risk of developing lung cancer, mesothelioma and other cancers and injuries causing each Plaintiff pain, suffering and mental anguish, some or all of which may be permanent and/or fatal, as a result of asbestos exposure.

## COUNT VII

37.     Plaintiffs restate and reallege each and every allegation contained in Paragraph 1 through 36 above, as though restated and realleged herein in full.

38.     As a direct and proximate result of the Defendants' actions and resulting injuries to the Plaintiffs, Kelly Prewitt, Carl Stewart, Adrian Van Bakel, Emma Hall and Nora Woosley Plaintiffs, Patsy Prewitt, Phyllis Stewart, Theresa Van Bakel, James Hall and Elza Woosley have been and are deprived of the societies and labors of their spouse to their damage in an amount in excess of Four Thousand Dollars ($4,000).

WHEREFORE, Plaintiffs, Wilo Dean Rich, Kelly Prewitt, Patsy Prewitt, Billy Vincent, Carl Stewart, Phyllis Stewart, Sadie Moore-Cook, Joseph Schuler, JoAnn Schuler, Ruby Cain, Judith Corn, Mary Haag, Adrian Van Bakel, Theresa Van Bakel, Bonnie Wines, Emma Hall and James Hall,  respectfully demand judgment against the Defendants individually and severally both for

compensatory and punitive damages in an amount in excess of Four Thousand Dollars ($4,000), the

jurisdictional limit of the Kentucky Circuit Court, plus court costs, such other relief as is just and

proper, and trial by jury on all issues so triable.

Respectfully submitted,

Joseph D. Satterley
SALES, TILLMAN & WALLBAUM
1900 Waterfront Plaza
325 West Main Street
Louisville, KY  40202
Phone: (502) 589-5600
**COUNSEL FOR PLAINTIFFS**

## VERIFICATION

I, Wilo Dean Rich, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.

_Wilo Dean Rich_

**WILO DEAN RICH**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Wilo Dean Rich, this 22 day of _APRIL_, 2002.

NOTARY PUBLIC, KY STATE AT LARGE

My commission expires: _MY COMMISSION EXPIRES SEPTEMBER 27, 2004_

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Kelly W. Prewitt , state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_____
**KELLY W. PREWITT**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Kelly W. Prewitt, this 19 day of _April_, 2002.

My commission expires: 7-15-04 .

_____
**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Billy L. Vincent, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_____
**BILLY L. VINCENT**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Billy L. Vincent, this 24th day of April, 2002.

My commission expires Notary Public of Kentucky at Large My Commission Expires June 28, 2003

_____
**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Carl D. Stewart, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_Carl D. Stewart_

**CARL D. STEWART**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Carl D. Stewart, this 25 day of April , 2002.

My commission expires: 2-4-2006 .

_Burnett Anderson_

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Sadie Moore-Cook, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_Sadie Moore - Cook_

**SADIE MOORE-COOK**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Sadie Moore-Cook, this 23 day of _April_, 2002.

My commission expires: _____

Schlonda Moore, Notary Public
State at Large, Kentucky
My Commission Expires 3/8/2004

_Schlonda Moore_

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Joseph L. Schuler, Sr., state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

*Joseph L Schuler Sr.*

**JOSEPH L. SCHULER, SR.**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Joseph L. Schuler, this 2 day of April, 2002.

My commission expires: 12/04/2005

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Joann M. Schuler, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.


**JOANN M. SCHULER**


STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Joann M. Schuler, this 24th day of April, 2002.

Notary Public, State at Large, KY

My commission expires: My commission expires Dec. 20, 2003


**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Ruby Cain, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_Ruby C Cain_
**RUBY CAIN**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Ruby Cain, this _19th_ day of _April_____, 2002.

My commission expires: _12-27-05_____.

_Ronald Wayne Miller_
**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Judith Corn, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.


_Judith E Corn_

**JUDITH CORN**


STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Judith Corn, this _22_ day of _April_ , 2002.

My commission expires: _12/15/2005_ .


_Brenda Jean Ross_

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Mary Haag state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

*[signature: Mary F Haag]*

_____

**MARY HAAG**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Mary Haag, this 30 day of April, 2002.

My commission expires: _____

TARA R. LACROIX
Notary Public, State at Large, KY
~~My Commission Expires Oct. 29, 2003~~

*[signature: Tara R. LaCroix]*

_____

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Bonnie Wines, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.


_Bonnie M. Wines_

**BONNIE WINES**


STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Bonnie Wines, this _19th_ day of _April_, 2002.

My commission expires: _Oct 21, 2002_.


_Ronald E. Reinstein_

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Adrian Van Bakel, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.

*Adrian Van Bakel*

**ADRIAN VAN BAKEL**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Adrian Van Bakel, this 2nd day of April , 2002.

My commission expires:

LINDA STEELE
Notary Public, State at Large, KY
My Commission Expires Oct. 4, 2005

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Jerome Duvall, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_Jerome Duvall_
**JEROME DUVALL**

STATE OF KENTUCKY

COUNTY OF ~~JEFFERSON~~ GRAYSON

Subscribed and sworn to before me by Jerome Duvall, this 9th day of April, 2002.

My commission expires: 08/26/05

_Gene Tripp_
**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Emma Hall, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.

*Emma Hall*

**EMMA HALL**


STATE OF INDIANA

COUNTY OF CLARK

Subscribed and sworn to before me by Emma Hall, this 15 day of April , 2002.

My commission expires: July 11, 2009 .

*Mary P. Diak*

**NOTARY PUBLIC**

## VERIFICATION

I, Wanda Morris, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

*Wanda Morris*

**WANDA MORRIS**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Wanda Morris, this __ day of _April_ , 2002.

My commission expires: _____

Robyn Parrino
Notary Public, State at Large, KY
My commission expires January 16, 2005

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Nora Woosley, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

*Nora Woosley*
**NORA WOOSLEY**

STATE OF ~~KENTUCKY~~ *Indiana*

COUNTY OF ~~JEFFERSON~~ *Harrison*

Subscribed and sworn to before me by Nora Woosley, this 22ND day of *April*, 2002.

My commission expires: *05·09·09*.

*Dona S. Rusk*
**NOTARY PUBLIC, ~~KENTUCKY STATE AT LARGE~~**

## VERIFICATION

I, Louise Goulder, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.

*Louise Goulder*

**LOUISE GOULDER**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

    Subscribed and sworn to before me by Louise Goulder, this 29th day of April , 2002.

My commission expires My Commission Expires March 30, 2005

TONYA C. HILLERICH
Notary Public, State at Large, KY

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, Mildred Needy, state that I am the Plaintiff in the foregoing Complaint and that the statements and allegations contained therein are true to the best of my knowledge and belief.

_Mildred Needy_

**MILDRED NEEDY**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by Mildred Needy, this 22nd day of April, 2002.

My commission expires: Notary Public, State at Large, KY
My commission expires Dec. 13, 2003

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

## VERIFICATION

I, William Sale, state that I am the Plaintiff in the foregoing Complaint and that the

statements and allegations contained therein are true to the best of my knowledge and belief.

*(signature)*

**WILLIAM SALE**

STATE OF KENTUCKY

COUNTY OF JEFFERSON

Subscribed and sworn to before me by William Sale, this 19ᵗʰ day of ___April___, 2002.

Notary Public, State at Large, KY

My commission expires: My commission expires May 12, 2002

*(signature)*

**NOTARY PUBLIC, KENTUCKY STATE AT LARGE**

**B**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 6 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-215)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 74,057 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

SCHEDULE CTO-215 - TAG-ALONG CASES
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|
| CALIFORNIA CENTRAL | | |
| CAC | 2 | 02-4405 |
| | | |
| CALIFORNIA NORTHERN | | |
| CAN | 3 | 02-2611 |
| CAN | 3 | 02-2612 |
| CAN | 3 | 02-2613 |
| | | |
| COLORADO | | |
| CO | 1 | 02-1272 |
| | | |
| ILLINOIS CENTRAL | | |
| ILC | 4 | 02-4055 |
| | | |
| ILLINOIS NORTHERN | | |
| ILN | 1 | 02-1687 |
| ILN | 1 | 02-2252 |
| ILN | 1 | 02-2254 |
| ILN | 1 | 02-2948 |
| ILN | 1 | 02-3910 |
| | | |
| ILLINOIS SOUTHERN | | |
| ILS | 3 | 02-655 |
| ILS | 4 | 02-4130 |
| ILS | 4 | 02-4131 |
| | | |
| INDIANA NORTHERN | | |
| INN | 2 | 02-129 |
| INN | 2 | 02-253 |
| | | |
| KANSAS | | |
| KS | 2 | 02-2253 |
| | | |
| KENTUCKY WESTERN | | |
| KYW | 3 | 02-332 ← |
| KYW | 5 | 02-169 |
| | | |
| LOUISIANA EASTERN | | |
| LAE | 2 | 02-1556 |
| LAE | 2 | 02-1557 |
| LAE | 2 | 02-1558 |
| LAE | 2 | 02-1561 |
| LAE | 2 | 02-1562 |
| LAE | 2 | 02-1563 |
| LAE | 2 | 02-1564 |
| LAE | 2 | 02-1565 |
| LAE | 2 | 02-1566 |
| LAE | 2 | 02-1567 |
| | | |
| MARYLAND | | |
| MD | 1 | 02-33 |
| MD | 1 | 02-2098 |
| | | |
| MAINE | | |
| ME | 1 | 02-70 |
| | | |
| MINNESOTA | | |
| MN | 0 | 02-1210 |
| MN | 0 | 02-1367 |
| MN | 0 | 02-1715 |
| MN | 0 | 02-1722 |
| MN | 0 | 02-1723 |
| MN | 0 | 02-1724 |
| MN | 0 | 02-1725 |
| MN | 0 | 02-1726 |
| MN | 0 | 02-1727 |
| MN | 0 | 02-1728 |
| MN | 0 | 02-1729 |
| MN | 0 | 02-1730 |
| MN | 0 | 02-1731 |
| MN | 0 | 02-1732 |
| MN | 0 | 02-1733 |
| MN | 0 | 02-1734 |
| MN | 0 | 02-1735 |

| DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|
| MISSISSIPPI NORTHERN | | |
| MSN | 2 | 02-121 |
| | | |
| MISSISSIPPI SOUTHERN | | |
| MSS | 1 | 01-489 |
| MSS | 1 | 02-414 |
| MSS | 1 | 02-415 |
| MSS | 1 | 02-416 |
| MSS | 1 | 02-417 |
| MSS | 1 | 02-418 |
| MSS | 1 | 02-419 |
| MSS | 1 | 02-422 |
| MSS | 1 | 02-423 |
| MSS | 1 | 02-424 |
| MSS | 1 | 02-425 |
| | | |
| NORTH CAROLINA EASTERN | | |
| NCE | 2 | 02-6 |
| NCE | 4 | 02-30 |
| NCE | 4 | 02-75 |
| NCE | 7 | 02-39 |
| NCE | 7 | 02-62 |
| | | |
| NORTH CAROLINA MIDDLE | | |
| NCM | 1 | 02-460 |
| | | |
| NORTH CAROLINA WESTERN | | |
| NCW | 1 | 02-172 |
| NCW | 3 | 02-207 |
| NCW | 3 | 02-252 |
| NCW | 3 | 02-253 |
| NCW | 5 | 02-78 |
| | | |
| NEBRASKA | | |
| NE | 4 | 01-601 |
| | | |
| NEW JERSEY | | |
| NJ | 1 | 02-320 |
| | | |
| NEW MEXICO | | |
| NM | 1 | 02-401 |
| NM | 1 | 02-782 |
| NM | 1 | 02-783 |
| NM | 1 | 02-784 |
| NM | 1 | 02-785 |
| NM | 1 | 02-786 |
| NM | 1 | 02-788 |
| NM | 1 | 02-789 |
| NM | 1 | 02-790 |
| NM | 1 | 02-792 |
| NM | 1 | 02-793 |
| NM | 1 | 02-794 |
| NM | 1 | 02-796 |
| NM | 6 | 02-791 |
| NM | 6 | 02-795 |
| | | |
| NEW YORK EASTERN | | |
| NYE | 1 | 01-1418 |
| NYE | 1 | 01-2136 |
| NYE | 1 | 01-8137 |
| NYE | 1 | 02-555 |
| NYE | 1 | 02-558 |
| NYE | 1 | 02-712 |
| NYE | 1 | 02-829 |
| | | |
| NEW YORK SOUTHERN | | |
| NYS | 1 | 02-3674 |
| | | |
| OHIO NORTHERN | | |
| OHN | 1 | 01-11087 |
| OHN | 1 | 01-11088 |
| OHN | 1 | 01-11089 |
| OHN | 1 | 01-11090 |

| DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|
| OHN | 1 | 01-11091 |
| OHN | 1 | 01-11092 |
| OHN | 1 | 01-11093 |
| OHN | 1 | 01-11094 |
| OHN | 1 | 01-11095 |
| OHN | 1 | 01-11096 |
| OHN | 1 | 01-11097 |
| OHN | 1 | 01-11098 |
| OHN | 1 | 01-11099 |
| OHN | 1 | 01-11100 |
| OHN | 1 | 01-11101 |
| OHN | 1 | 01-11102 |
| OHN | 1 | 01-11103 |
| OHN | 1 | 01-11104 |
| OHN | 1 | 01-11105 |
| OHN | 1 | 01-11106 |
| OHN | 1 | 01-11107 |
| OHN | 1 | 01-11108 |
| OHN | 1 | 01-11109 |
| OHN | 1 | 01-11110 |
| OHN | 1 | 01-11111 |
| OHN | 1 | 01-11112 |
| OHN | 1 | 01-11113 |
| OHN | 1 | 01-11114 |
| OHN | 1 | 01-11115 |
| OHN | 1 | 01-11116 |
| OHN | 1 | 01-11117 |
| OHN | 1 | 01-11118 |
| OHN | 1 | 01-11119 |
| OHN | 1 | 01-11120 |
| OHN | 1 | 01-11121 |
| OHN | 1 | 01-11122 |
| OHN | 1 | 01-11123 |
| OHN | 1 | 01-11124 |
| OHN | 1 | 01-11125 |
| OHN | 1 | 01-11126 |
| OHN | 1 | 01-11127 |
| OHN | 1 | 01-11128 |
| OHN | 1 | 01-11129 |
| OHN | 1 | 01-11130 |
| OHN | 1 | 01-11131 |
| OHN | 1 | 01-11132 |
| OHN | 1 | 01-11133 |
| OHN | 1 | 01-11134 |
| OHN | 1 | 01-11135 |
| OHN | 1 | 01-11136 |
| OHN | 1 | 01-11137 |
| OHN | 1 | 01-11138 |
| OHN | 1 | 01-11139 |
| OHN | 1 | 01-11140 |
| OHN | 1 | 01-11141 |
| OHN | 1 | 01-11142 |
| OHN | 1 | 01-11143 |
| OHN | 1 | 01-11144 |
| OHN | 1 | 01-11145 |
| OHN | 1 | 01-11146 |
| OHN | 1 | 01-11147 |
| OHN | 1 | 01-11148 |
| OHN | 1 | 01-11149 |
| OHN | 1 | 01-11150 |
| OHN | 1 | 01-11151 |
| OHN | 1 | 01-11152 |
| OHN | 1 | 01-11153 |
| OHN | 1 | 01-11154 |
| OHN | 1 | 01-11155 |
| OHN | 1 | 01-11156 |
| OHN | 1 | 01-11157 |
| OHN | 1 | 01-11158 |
| OHN | 1 | 01-11159 |
| OHN | 1 | 01-11160 |
| OHN | 1 | 01-11161 |
| OHN | 1 | 01-11162 |
| OHN | 1 | 01-11163 |

| DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|----------|-----|---------------|----------|-----|---------------|
| OHN | 1 | 01-11164 | OHN | 1 | 02-10075 | OHN | 1 | 02-10151 |
| OHN | 1 | 02-10000 | OHN | 1 | 02-10076 | OHN | 1 | 02-10152 |
| OHN | 1 | 02-10001 | OHN | 1 | 02-10077 | OHN | 1 | 02-10153 |
| OHN | 1 | 02-10002 | OHN | 1 | 02-10078 | OHN | 1 | 02-10154 |
| OHN | 1 | 02-10003 | OHN | 1 | 02-10079 | OHN | 1 | 02-10155 |
| OHN | 1 | 02-10004 | OHN | 1 | 02-10080 | OHN | 1 | 02-10156 |
| OHN | 1 | 02-10005 | OHN | 1 | 02-10081 | OHN | 1 | 02-10157 |
| OHN | 1 | 02-10006 | OHN | 1 | 02-10082 | OHN | 1 | 02-10158 |
| OHN | 1 | 02-10007 | OHN | 1 | 02-10083 | OHN | 1 | 02-10159 |
| OHN | 1 | 02-10008 | OHN | 1 | 02-10084 | OHN | 1 | 02-10160 |
| OHN | 1 | 02-10009 | OHN | 1 | 02-10085 | OHN | 1 | 02-10161 |
| OHN | 1 | 02-10010 | OHN | 1 | 02-10086 | OHN | 1 | 02-10162 |
| OHN | 1 | 02-10011 | OHN | 1 | 02-10087 | OHN | 1 | 02-10163 |
| OHN | 1 | 02-10012 | OHN | 1 | 02-10088 | OHN | 1 | 02-10164 |
| OHN | 1 | 02-10013 | OHN | 1 | 02-10089 | OHN | 1 | 02-10165 |
| OHN | 1 | 02-10014 | OHN | 1 | 02-10090 | OHN | 1 | 02-10166 |
| OHN | 1 | 02-10015 | OHN | 1 | 02-10091 | OHN | 1 | 02-10167 |
| OHN | 1 | 02-10016 | OHN | 1 | 02-10092 | OHN | 1 | 02-10168 |
| OHN | 1 | 02-10017 | OHN | 1 | 02-10093 | OHN | 1 | 02-10169 |
| CHN | 1 | 02-10018 | OHN | 1 | 02-10094 | OHN | 1 | 02-10170 |
| CHN | 1 | 02-10019 | OHN | 1 | 02-10095 | OHN | 1 | 02-10171 |
| CHN | 1 | 02-10020 | OHN | 1 | 02-10096 | OHN | 1 | 02-10172 |
| CHN | 1 | 02-10021 | OHN | 1 | 02-10097 | OHN | 1 | 02-10173 |
| CHN | 1 | 02-10022 | OHN | 1 | 02-10098 | OHN | 1 | 02-10174 |
| CHN | 1 | 02-10023 | OHN | 1 | 02-10099 | OHN | 1 | 02-10175 |
| OHN | 1 | 02-10024 | OHN | 1 | 02-10100 | OHN | 1 | 02-10176 |
| OHN | 1 | 02-10025 | OHN | 1 | 02-10101 | OHN | 1 | 02-10177 |
| OHN | 1 | 02-10026 | OHN | 1 | 02-10102 | OHN | 1 | 02-10178 |
| OHN | 1 | 02-10027 | OHN | 1 | 02-10103 | OHN | 1 | 02-10179 |
| OHN | 1 | 02-10028 | OHN | 1 | 02-10104 | OHN | 1 | 02-10180 |
| OHN | 1 | 02-10029 | OHN | 1 | 02-10105 | OHN | 1 | 02-10181 |
| OHN | 1 | 02-10030 | OHN | 1 | 02-10106 | OHN | 1 | 02-10182 |
| OHN | 1 | 02-10031 | OHN | 1 | 02-10107 | OHN | 1 | 02-10183 |
| OHN | 1 | 02-10032 | OHN | 1 | 02-10108 | OHN | 1 | 02-10184 |
| OHN | 1 | 02-10033 | OHN | 1 | 02-10109 | OHN | 1 | 02-10185 |
| OHN | 1 | 02-10034 | OHN | 1 | 02-10110 | OHN | 1 | 02-10186 |
| OHN | 1 | 02-10035 | OHN | 1 | 02-10111 | OHN | 1 | 02-10187 |
| OHN | 1 | 02-10036 | OHN | 1 | 02-10112 | OHN | 1 | 02-10188 |
| OHN | 1 | 02-10037 | OHN | 1 | 02-10113 | OHN | 1 | 02-10189 |
| OHN | 1 | 02-10038 | OHN | 1 | 02-10114 | OHN | 1 | 02-10190 |
| OHN | 1 | 02-10039 | OHN | 1 | 02-10115 | OHN | 1 | 02-10191 |
| OHN | 1 | 02-10040 | OHN | 1 | 02-10116 | OHN | 1 | 02-10192 |
| OHN | 1 | 02-10041 | OHN | 1 | 02-10117 | OHN | 1 | 02-10193 |
| OHN | 1 | 02-10042 | OHN | 1 | 02-10118 | OHN | 1 | 02-10194 |
| OHN | 1 | 02-10043 | OHN | 1 | 02-10119 | OHN | 1 | 02-10195 |
| OHN | 1 | 02-10044 | OHN | 1 | 02-10120 | OHN | 1 | 02-10196 |
| OHN | 1 | 02-10045 | OHN | 1 | 02-10121 | OHN | 1 | 02-10197 |
| OHN | 1 | 02-10046 | OHN | 1 | 02-10122 | OHN | 1 | 02-10198 |
| OHN | 1 | 02-10047 | OHN | 1 | 02-10123 | OHN | 1 | 02-10199 |
| OHN | 1 | 02-10048 | OHN | 1 | 02-10124 | OHN | 1 | 02-10200 |
| OHN | 1 | 02-10049 | OHN | 1 | 02-10125 | OHN | 1 | 02-10201 |
| OHN | 1 | 02-10050 | OHN | 1 | 02-10126 | OHN | 1 | 02-10202 |
| OHN | 1 | 02-10051 | OHN | 1 | 02-10127 | OHN | 1 | 02-10203 |
| OHN | 1 | 02-10052 | OHN | 1 | 02-10128 | OHN | 1 | 02-10204 |
| OHN | 1 | 02-10053 | OHN | 1 | 02-10129 | OHN | 1 | 02-10205 |
| OHN | 1 | 02-10054 | OHN | 1 | 02-10130 | OHN | 1 | 02-10206 |
| OHN | 1 | 02-10055 | OHN | 1 | 02-10131 | OHN | 1 | 02-10207 |
| OHN | 1 | 02-10056 | OHN | 1 | 02-10132 | OHN | 1 | 02-10208 |
| OHN | 1 | 02-10057 | OHN | 1 | 02-10133 | OHN | 1 | 02-10209 |
| OHN | 1 | 02-10058 | OHN | 1 | 02-10134 | OHN | 1 | 02-10210 |
| OHN | 1 | 02-10059 | OHN | 1 | 02-10135 | OHN | 1 | 02-10211 |
| OHN | 1 | 02-10060 | OHN | 1 | 02-10136 | OHN | 1 | 02-10212 |
| OHN | 1 | 02-10061 | OHN | 1 | 02-10137 | OHN | 1 | 02-10213 |
| OHN | 1 | 02-10062 | OHN | 1 | 02-10138 | OHN | 1 | 02-10214 |
| OHN | 1 | 02-10063 | CHN | 1 | 02-10139 | OHN | 1 | 02-10215 |
| OHN | 1 | 02-10064 | OHN | 1 | 02-10140 | OHN | 1 | 02-10216 |
| OHN | 1 | 02-10065 | OHN | 1 | 02-10141 | OHN | 1 | 02-10217 |
| OHN | 1 | 02-10066 | CHN | 1 | 02-10142 | OHN | 1 | 02-10218 |
| OHN | 1 | 02-10067 | CHN | 1 | 02-10143 | OHN | 1 | 02-10219 |
| OHN | 1 | 02-10068 | CHN | 1 | 02-10144 | OHN | 1 | 02-10220 |
| OHN | 1 | 02-10069 | OHN | 1 | 02-10145 | OHN | 1 | 02-10221 |
| OHN | 1 | 02-10070 | OHN | 1 | 02-10146 | OHN | 1 | 02-10222 |
| OHN | 1 | 02-10071 | CHN | 1 | 02-10147 | OHN | 1 | 02-10223 |
| OHN | 1 | 02-10072 | CHN | 1 | 02-10148 | OHN | 1 | 02-10224 |
| OHN | 1 | 02-10073 | CHN | 1 | 02-10149 | OHN | 1 | 02-10225 |
| OHN | 1 | 02-10074 | OHN | 1 | 02-10150 | OHN | 1 | 02-10226 |

| DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|---|---|---|---|---|---|
| OHN | 1 | 02-10227 | VAE | 2 | 02-6105 | VAE | 2 | 02-6181 |
| OHN | 1 | 02-10228 | VAE | 2 | 02-6106 | VAE | 2 | 02-6182 |
| OHN | 1 | 02-10229 | VAE | 2 | 02-6107 | VAE | 2 | 02-6183 |
| OHN | 1 | 02-10230 | VAE | 2 | 02-6108 | VAE | 2 | 02-6184 |
| OHN | 1 | 02-10231 | VAE | 2 | 02-6109 | VAE | 2 | 02-6185 |
| OHN | 1 | 02-10232 | VAE | 2 | 02-6110 | VAE | 2 | 02-6186 |
| OHN | 1 | 02-10233 | VAE | 2 | 02-6111 | VAE | 2 | 02-6187 |
| OHN | 1 | 02-10234 | VAE | 2 | 02-6112 | VAE | 2 | 02-6188 |
| OHN | 1 | 02-10235 | VAE | 2 | 02-6113 | VAE | 2 | 02-6189 |
| OHN | 1 | 02-10236 | VAE | 2 | 02-6114 | VAE | 2 | 02-6190 |
| OHN | 1 | 02-10237 | VAE | 2 | 02-6115 | VAE | 2 | 02-6191 |
| OHN | 1 | 02-10238 | VAE | 2 | 02-6116 | VAE | 2 | 02-6192 |
| OHN | 1 | 02-10239 | VAE | 2 | 02-6117 | VAE | 2 | 02-6193 |
| OHN | 1 | 02-10240 | VAE | 2 | 02-6118 | VAE | 2 | 02-6194 |
| OHN | 1 | 02-10241 | VAE | 2 | 02-6119 | VAE | 2 | 02-6195 |
| OHN | 1 | 02-10242 | VAE | 2 | 02-6120 | VAE | 2 | 02-6196 |
| OHN | 1 | 02-10243 | VAE | 2 | 02-6121 | VAE | 2 | 02-6197 |
| OHN | 1 | 02-10244 | VAE | 2 | 02-6122 | VAE | 2 | 02-6198 |
| | | | VAE | 2 | 02-6123 | VAE | 2 | 02-6199 |
| OKLAHOMA EASTERN | | | VAE | 2 | 02-6124 | VAE | 2 | 02-6200 |
| OKE | 6 | 02-295 | VAE | 2 | 02-6125 | VAE | 2 | 02-6201 |
| | | | VAE | 2 | 02-6126 | VAE | 2 | 02-6202 |
| OKLAHOMA NORTHERN | | | VAE | 2 | 02-6127 | VAE | 2 | 02-6203 |
| OKN | 4 | 02-447 | VAE | 2 | 02-6128 | VAE | 2 | 02-6204 |
| | | | VAE | 2 | 02-6129 | VAE | 2 | 02-6205 |
| RHODE ISLAND | | | VAE | 2 | 02-6130 | VAE | 2 | 02-6206 |
| RI | 1 | 02-272 | VAE | 2 | 02-6131 | VAE | 2 | 02-6207 |
| | | | VAE | 2 | 02-6132 | VAE | 2 | 02-6208 |
| SOUTH CAROLINA | | | VAE | 2 | 02-6133 | VAE | 2 | 02-6209 |
| SC | 2 | 01-2266 | VAE | 2 | 02-6134 | VAE | 2 | 02-6210 |
| | | | VAE | 2 | 02-6135 | VAE | 2 | 02-6211 |
| TEXAS EASTERN | | | VAE | 2 | 02-6136 | VAE | 2 | 02-6212 |
| TXE | 1 | 02-368 | VAE | 2 | 02-6137 | VAE | 2 | 02-6213 |
| | | | VAE | 2 | 02-6138 | VAE | 2 | 02-6214 |
| TEXAS NORTHERN | | | VAE | 2 | 02-6139 | VAE | 2 | 02-6215 |
| TXN | 3 | 02-1104 | VAE | 2 | 02-6140 | VAE | 2 | 02-6216 |
| | | | VAE | 2 | 02-6141 | VAE | 2 | 02-6217 |
| TEXAS SOUTHERN | | | VAE | 2 | 02-6142 | VAE | 2 | 02-6218 |
| TXS | 4 | 02-1627 | VAE | 2 | 02-6143 | VAE | 2 | 02-6219 |
| TXS | 4 | 02-1743 | VAE | 2 | 02-6144 | VAE | 2 | 02-6220 |
| TXS | 4 | 02-1744 | VAE | 2 | 02-6145 | VAE | 2 | 02-6221 |
| TXS | 4 | 02-1899 | VAE | 2 | 02-6146 | VAE | 2 | 02-6222 |
| | | | VAE | 2 | 02-6147 | VAE | 2 | 02-6223 |
| VIRGINIA EASTERN | | | VAE | 2 | 02-6148 | VAE | 2 | 02-6224 |
| VAE | 2 | 02-6073 | VAE | 2 | 02-6149 | VAE | 2 | 02-6225 |
| VAE | 2 | 02-6074 | VAE | 2 | 02-6150 | VAE | 2 | 02-6226 |
| VAE | 2 | 02-6075 | VAE | 2 | 02-6151 | VAE | 2 | 02-6227 |
| VAE | 2 | 02-6076 | VAE | 2 | 02-6152 | VAE | 2 | 02-6228 |
| VAE | 2 | 02-6077 | VAE | 2 | 02-6153 | VAE | 2 | 02-6229 |
| VAE | 2 | 02-6078 | VAE | 2 | 02-6154 | VAE | 2 | 02-6230 |
| VAE | 2 | 02-6079 | VAE | 2 | 02-6155 | VAE | 2 | 02-6231 |
| VAE | 2 | 02-6080 | VAE | 2 | 02-6156 | VAE | 2 | 02-6232 |
| VAE | 2 | 02-6081 | VAE | 2 | 02-6157 | VAE | 2 | 02-6233 |
| VAE | 2 | 02-6082 | VAE | 2 | 02-6158 | VAE | 2 | 02-6234 |
| VAE | 2 | 02-6083 | VAE | 2 | 02-6159 | VAE | 2 | 02-6235 |
| VAE | 2 | 02-6084 | VAE | 2 | 02-6160 | VAE | 2 | 02-6236 |
| VAE | 2 | 02-6085 | VAE | 2 | 02-6161 | VAE | 2 | 02-6237 |
| VAE | 2 | 02-6086 | VAE | 2 | 02-6162 | VAE | 2 | 02-6238 |
| VAE | 2 | 02-6087 | VAE | 2 | 02-6163 | VAE | 2 | 02-6239 |
| VAE | 2 | 02-6088 | VAE | 2 | 02-6164 | VAE | 2 | 02-6240 |
| VAE | 2 | 02-6089 | VAE | 2 | 02-6165 | VAE | 2 | 02-6241 |
| VAE | 2 | 02-6090 | VAE | 2 | 02-6166 | VAE | 2 | 02-6242 |
| VAE | 2 | 02-6091 | VAE | 2 | 02-6167 | VAE | 2 | 02-6243 |
| VAE | 2 | 02-6092 | VAE | 2 | 02-6168 | VAE | 2 | 02-6244 |
| VAE | 2 | 02-6093 | VAE | 2 | 02-6169 | VAE | 2 | 02-6245 |
| VAE | 2 | 02-6094 | VAE | 2 | 02-6170 | VAE | 2 | 02-6246 |
| VAE | 2 | 02-6095 | VAE | 2 | 02-6171 | VAE | 2 | 02-6247 |
| VAE | 2 | 02-6096 | VAE | 2 | 02-6172 | VAE | 2 | 02-6248 |
| VAE | 2 | 02-6097 | VAE | 2 | 02-6173 | VAE | 2 | 02-6249 |
| VAE | 2 | 02-6098 | VAE | 2 | 02-6174 | VAE | 2 | 02-6250 |
| VAE | 2 | 02-6099 | VAE | 2 | 02-6175 | VAE | 2 | 02-6251 |
| VAE | 2 | 02-6100 | VAE | 2 | 02-6176 | VAE | 2 | 02-6252 |
| VAE | 2 | 02-6101 | VAE | 2 | 02-6177 | VAE | 2 | 02-6253 |
| VAE | 2 | 02-6102 | VAE | 2 | 02-6178 | VAE | 2 | 02-6254 |
| VAE | 2 | 02-6103 | VAE | 2 | 02-6179 | VAE | 2 | 02-6255 |
| VAE | 2 | 02-6104 | VAE | 2 | 02-6180 | VAE | 2 | 02-6256 |

| DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|---|---|---|---|---|---|
| VAE | 2 | 02-6257 | VAE | 2 | 02-6333 | VAE | 2 | 02-6409 |
| VAE | 2 | 02-6258 | VAE | 2 | 02-6334 | VAE | 2 | 02-6410 |
| VAE | 2 | 02-6259 | VAE | 2 | 02-6335 | VAE | 2 | 02-6411 |
| VAE | 2 | 02-6260 | VAE | 2 | 02-6336 | VAE | 2 | 02-6412 |
| VAE | 2 | 02-6261 | VAE | 2 | 02-6337 | VAE | 2 | 02-6413 |
| VAE | 2 | 02-6262 | VAE | 2 | 02-6338 | VAE | 2 | 02-6414 |
| VAE | 2 | 02-6263 | VAE | 2 | 02-6339 | VAE | 2 | 02-6415 |
| VAE | 2 | 02-6264 | VAE | 2 | 02-6340 | VAE | 2 | 02-6416 |
| VAE | 2 | 02-6265 | VAE | 2 | 02-6341 | VAE | 2 | 02-6417 |
| VAE | 2 | 02-6266 | VAE | 2 | 02-6342 | VAE | 2 | 02-6418 |
| VAE | 2 | 02-6267 | VAE | 2 | 02-6343 | VAE | 2 | 02-6419 |
| VAE | 2 | 02-6268 | VAE | 2 | 02-6344 | VAE | 2 | 02-6420 |
| VAE | 2 | 02-6269 | VAE | 2 | 02-6345 | VAE | 2 | 02-6421 |
| VAE | 2 | 02-6270 | VAE | 2 | 02-6346 | VAE | 2 | 02-6422 |
| VAE | 2 | 02-6271 | VAE | 2 | 02-6347 | VAE | 2 | 02-6423 |
| VAE | 2 | 02-6272 | VAE | 2 | 02-6348 | VAE | 2 | 02-6424 |
| VAE | 2 | 02-6273 | VAE | 2 | 02-6349 | VAE | 2 | 02-6425 |
| VAE | 2 | 02-6274 | VAE | 2 | 02-6350 | VAE | 2 | 02-6426 |
| VAE | 2 | 02-6275 | VAE | 2 | 02-6351 | VAE | 2 | 02-6427 |
| VAE | 2 | 02-6276 | VAE | 2 | 02-6352 | VAE | 2 | 02-6428 |
| VAE | 2 | 02-6277 | VAE | 2 | 02-6353 | VAE | 2 | 02-6429 |
| VAE | 2 | 02-6278 | VAE | 2 | 02-6354 | VAE | 2 | 02-6430 |
| VAE | 2 | 02-6279 | VAE | 2 | 02-6355 | VAE | 2 | 02-6431 |
| VAE | 2 | 02-6280 | VAE | 2 | 02-6356 | VAE | 2 | 02-6432 |
| VAE | 2 | 02-6281 | VAE | 2 | 02-6357 | VAE | 2 | 02-6433 |
| VAE | 2 | 02-6282 | VAE | 2 | 02-6358 | VAE | 2 | 02-6434 |
| VAE | 2 | 02-6283 | VAE | 2 | 02-6359 | VAE | 2 | 02-6435 |
| VAE | 2 | 02-6284 | VAE | 2 | 02-6360 | VAE | 2 | 02-6436 |
| VAE | 2 | 02-6285 | VAE | 2 | 02-6361 | VAE | 2 | 02-6437 |
| VAE | 2 | 02-6286 | VAE | 2 | 02-6362 | VAE | 2 | 02-6438 |
| VAE | 2 | 02-6287 | VAE | 2 | 02-6363 | VAE | 2 | 02-6439 |
| VAE | 2 | 02-6288 | VAE | 2 | 02-6364 | VAE | 2 | 02-6440 |
| VAE | 2 | 02-6289 | VAE | 2 | 02-6365 | VAE | 2 | 02-6441 |
| VAE | 2 | 02-6290 | VAE | 2 | 02-6366 | VAE | 2 | 02-6442 |
| VAE | 2 | 02-6291 | VAE | 2 | 02-6367 | VAE | 2 | 02-6443 |
| VAE | 2 | 02-6292 | VAE | 2 | 02-6368 | VAE | 2 | 02-6444 |
| VAE | 2 | 02-6293 | VAE | 2 | 02-6369 | VAE | 2 | 02-6445 |
| VAE | 2 | 02-6294 | VAE | 2 | 02-6370 | VAE | 2 | 02-6446 |
| VAE | 2 | 02-6295 | VAE | 2 | 02-6371 | VAE | 2 | 02-6447 |
| VAE | 2 | 02-6296 | VAE | 2 | 02-6372 | VAE | 2 | 02-6448 |
| VAE | 2 | 02-6297 | VAE | 2 | 02-6373 | VAE | 2 | 02-6449 |
| VAE | 2 | 02-6298 | VAE | 2 | 02-6374 | VAE | 2 | 02-6450 |
| VAE | 2 | 02-6299 | VAE | 2 | 02-6375 | VAE | 2 | 02-6451 |
| VAE | 2 | 02-6300 | VAE | 2 | 02-6376 | VAE | 2 | 02-6452 |
| VAE | 2 | 02-6301 | VAE | 2 | 02-6377 | VAE | 2 | 02-6453 |
| VAE | 2 | 02-6302 | VAE | 2 | 02-6378 | VAE | 2 | 02-6454 |
| VAE | 2 | 02-6303 | VAE | 2 | 02-6379 | VAE | 2 | 02-6455 |
| VAE | 2 | 02-6304 | VAE | 2 | 02-6380 | VAE | 2 | 02-6456 |
| VAE | 2 | 02-6305 | VAE | 2 | 02-6381 | VAE | 2 | 02-6457 |
| VAE | 2 | 02-6306 | VAE | 2 | 02-6382 | VAE | 2 | 02-6458 |
| VAE | 2 | 02-6307 | VAE | 2 | 02-6383 | VAE | 2 | 02-6459 |
| VAE | 2 | 02-6308 | VAE | 2 | 02-6384 | VAE | 2 | 02-6460 |
| VAE | 2 | 02-6309 | VAE | 2 | 02-6385 | VAE | 2 | 02-6461 |
| VAE | 2 | 02-6310 | VAE | 2 | 02-6386 | VAE | 2 | 02-6462 |
| VAE | 2 | 02-6311 | VAE | 2 | 02-6387 | VAE | 2 | 02-6463 |
| VAE | 2 | 02-6312 | VAE | 2 | 02-6388 | VAE | 2 | 02-6464 |
| VAE | 2 | 02-6313 | VAE | 2 | 02-6389 | VAE | 2 | 02-6465 |
| VAE | 2 | 02-6314 | VAE | 2 | 02-6390 | VAE | 2 | 02-6466 |
| VAE | 2 | 02-6315 | VAE | 2 | 02-6391 | VAE | 2 | 02-6467 |
| VAE | 2 | 02-6316 | VAE | 2 | 02-6392 | VAE | 2 | 02-6468 |
| VAE | 2 | 02-6317 | VAE | 2 | 02-6393 | VAE | 2 | 02-6469 |
| VAE | 2 | 02-6318 | VAE | 2 | 02-6394 | VAE | 2 | 02-6470 |
| VAE | 2 | 02-6319 | VAE | 2 | 02-6395 | VAE | 2 | 02-6471 |
| VAE | 2 | 02-6320 | VAE | 2 | 02-6396 | VAE | 2 | 02-6472 |
| VAE | 2 | 02-6321 | VAE | 2 | 02-6397 | VAE | 2 | 02-6473 |
| VAE | 2 | 02-6322 | VAE | 2 | 02-6398 | VAE | 2 | 02-6474 |
| VAE | 2 | 02-6323 | VAE | 2 | 02-6399 | VAE | 2 | 02-6475 |
| VAE | 2 | 02-6324 | VAE | 2 | 02-6400 | VAE | 2 | 02-6476 |
| VAE | 2 | 02-6325 | VAE | 2 | 02-6401 | VAE | 2 | 02-6477 |
| VAE | 2 | 02-6326 | VAE | 2 | 02-6402 | VAE | 2 | 02-6478 |
| VAE | 2 | 02-6327 | VAE | 2 | 02-6403 | VAE | 2 | 02-6479 |
| VAE | 2 | 02-6328 | VAE | 2 | 02-6404 | VAE | 2 | 02-6480 |
| VAE | 2 | 02-6329 | VAE | 2 | 02-6405 | VAE | 2 | 02-6481 |
| VAE | 2 | 02-6330 | VAE | 2 | 02-6406 | VAE | 2 | 02-6482 |
| VAE | 2 | 02-6331 | VAE | 2 | 02-6407 | VAE | 2 | 02-6483 |
| VAE | 2 | 02-6332 | VAE | 2 | 02-6408 | VAE | 2 | 02-6484 |

| DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|---|---|---|---|---|---|
| VAE | 2 | 02-6485 | VAE | 2 | 02-6561 | VAE | 2 | 02-6637 |
| VAE | 2 | 02-6486 | VAE | 2 | 02-6562 | VAE | 2 | 02-6638 |
| VAE | 2 | 02-6487 | VAE | 2 | 02-6563 | VAE | 2 | 02-6639 |
| VAE | 2 | 02-6488 | VAE | 2 | 02-6564 | VAE | 2 | 02-6640 |
| VAE | 2 | 02-6489 | VAE | 2 | 02-6565 | VAE | 2 | 02-6641 |
| VAE | 2 | 02-6490 | VAE | 2 | 02-6566 | VAE | 2 | 02-6642 |
| VAE | 2 | 02-6491 | VAE | 2 | 02-6567 | VAE | 2 | 02-6643 |
| VAE | 2 | 02-6492 | VAE | 2 | 02-6568 | VAE | 2 | 02-6644 |
| VAE | 2 | 02-6493 | VAE | 2 | 02-6569 | VAE | 2 | 02-6645 |
| VAE | 2 | 02-6494 | VAE | 2 | 02-6570 | VAE | 2 | 02-6646 |
| VAE | 2 | 02-6495 | VAE | 2 | 02-6571 | VAE | 2 | 02-6647 |
| VAE | 2 | 02-6496 | VAE | 2 | 02-6572 | VAE | 2 | 02-6648 |
| VAE | 2 | 02-6497 | VAE | 2 | 02-6573 | VAE | 2 | 02-6649 |
| VAE | 2 | 02-6498 | VAE | 2 | 02-6574 | VAE | 2 | 02-6650 |
| VAE | 2 | 02-6499 | VAE | 2 | 02-6575 | VAE | 2 | 02-6651 |
| VAE | 2 | 02-6500 | VAE | 2 | 02-6576 | VAE | 2 | 02-6652 |
| VAE | 2 | 02-6501 | VAE | 2 | 02-6577 | VAE | 2 | 02-6653 |
| VAE | 2 | 02-6502 | VAE | 2 | 02-6578 | VAE | 2 | 02-6654 |
| VAE | 2 | 02-6503 | VAE | 2 | 02-6579 | VAE | 2 | 02-6655 |
| VAE | 2 | 02-6504 | VAE | 2 | 02-6580 | VAE | 2 | 02-6656 |
| VAE | 2 | 02-6505 | VAE | 2 | 02-6581 | VAE | 2 | 02-6657 |
| VAE | 2 | 02-6506 | VAE | 2 | 02-6582 | VAE | 2 | 02-6658 |
| VAE | 2 | 02-6507 | VAE | 2 | 02-6583 | VAE | 2 | 02-6659 |
| VAE | 2 | 02-6508 | VAE | 2 | 02-6584 | VAE | 2 | 02-6660 |
| VAE | 2 | 02-6509 | VAE | 2 | 02-6585 | VAE | 2 | 02-6661 |
| VAE | 2 | 02-6510 | VAE | 2 | 02-6586 | VAE | 2 | 02-6662 |
| VAE | 2 | 02-6511 | VAE | 2 | 02-6587 | VAE | 2 | 02-6663 |
| VAE | 2 | 02-6512 | VAE | 2 | 02-6588 | VAE | 2 | 02-6664 |
| VAE | 2 | 02-6513 | VAE | 2 | 02-6589 | VAE | 2 | 02-6665 |
| VAE | 2 | 02-6514 | VAE | 2 | 02-6590 | VAE | 2 | 02-6666 |
| VAE | 2 | 02-6515 | VAE | 2 | 02-6591 | VAE | 2 | 02-6667 |
| VAE | 2 | 02-6516 | VAE | 2 | 02-6592 | VAE | 2 | 02-6668 |
| VAE | 2 | 02-6517 | VAE | 2 | 02-6593 | VAE | 2 | 02-6669 |
| VAE | 2 | 02-6518 | VAE | 2 | 02-6594 | VAE | 2 | 02-6670 |
| VAE | 2 | 02-6519 | VAE | 2 | 02-6595 | VAE | 2 | 02-6671 |
| VAE | 2 | 02-6520 | VAE | 2 | 02-6596 | VAE | 2 | 02-6672 |
| VAE | 2 | 02-6521 | VAE | 2 | 02-6597 | VAE | 2 | 02-6673 |
| VAE | 2 | 02-6522 | VAE | 2 | 02-6598 | VAE | 2 | 02-6674 |
| VAE | 2 | 02-6523 | VAE | 2 | 02-6599 | VAE | 2 | 02-6675 |
| VAE | 2 | 02-6524 | VAE | 2 | 02-6600 | VAE | 2 | 02-6676 |
| VAE | 2 | 02-6525 | VAE | 2 | 02-6601 | VAE | 2 | 02-6677 |
| VAE | 2 | 02-6526 | VAE | 2 | 02-6602 | VAE | 2 | 02-6678 |
| VAE | 2 | 02-6527 | VAE | 2 | 02-6603 | VAE | 2 | 02-6679 |
| VAE | 2 | 02-6528 | VAE | 2 | 02-6604 | VAE | 2 | 02-6680 |
| VAE | 2 | 02-6529 | VAE | 2 | 02-6605 | VAE | 2 | 02-6681 |
| VAE | 2 | 02-6530 | VAE | 2 | 02-6606 | VAE | 2 | 02-6682 |
| VAE | 2 | 02-6531 | VAE | 2 | 02-6607 | VAE | 2 | 02-6683 |
| VAE | 2 | 02-6532 | VAE | 2 | 02-6608 | VAE | 2 | 02-6684 |
| VAE | 2 | 02-6533 | VAE | 2 | 02-6609 | VAE | 2 | 02-6685 |
| VAE | 2 | 02-6534 | VAE | 2 | 02-6610 | VAE | 2 | 02-6686 |
| VAE | 2 | 02-6535 | VAE | 2 | 02-6611 | VAE | 2 | 02-6687 |
| VAE | 2 | 02-6536 | VAE | 2 | 02-6612 | VAE | 2 | 02-6688 |
| VAE | 2 | 02-6537 | VAE | 2 | 02-6613 | VAE | 2 | 02-6689 |
| VAE | 2 | 02-6538 | VAE | 2 | 02-6614 | VAE | 2 | 02-6690 |
| VAE | 2 | 02-6539 | VAE | 2 | 02-6615 | VAE | 2 | 02-6691 |
| VAE | 2 | 02-6540 | VAE | 2 | 02-6616 | VAE | 2 | 02-6692 |
| VAE | 2 | 02-6541 | VAE | 2 | 02-6617 | VAE | 2 | 02-6693 |
| VAE | 2 | 02-6542 | VAE | 2 | 02-6618 | VAE | 2 | 02-6694 |
| VAE | 2 | 02-6543 | VAE | 2 | 02-6619 | VAE | 2 | 02-6695 |
| VAE | 2 | 02-6544 | VAE | 2 | 02-6620 | VAE | 2 | 02-6696 |
| VAE | 2 | 02-6545 | VAE | 2 | 02-6621 | VAE | 2 | 02-6697 |
| VAE | 2 | 02-6546 | VAE | 2 | 02-6622 | VAE | 2 | 02-6698 |
| VAE | 2 | 02-6547 | VAE | 2 | 02-6623 | VAE | 2 | 02-6699 |
| VAE | 2 | 02-6548 | VAE | 2 | 02-6624 | VAE | 2 | 02-6701 |
| VAE | 2 | 02-6549 | VAE | 2 | 02-6625 | VAE | 2 | 02-6702 |
| VAE | 2 | 02-6550 | VAE | 2 | 02-6626 | VAE | 2 | 02-6703 |
| VAE | 2 | 02-6551 | VAE | 2 | 02-6627 | VAE | 2 | 02-6704 |
| VAE | 2 | 02-6552 | VAE | 2 | 02-6628 | VAE | 2 | 02-6705 |
| VAE | 2 | 02-6553 | VAE | 2 | 02-6629 | VAE | 2 | 02-6706 |
| VAE | 2 | 02-6554 | VAE | 2 | 02-6630 | VAE | 2 | 02-6707 |
| VAE | 2 | 02-6555 | VAE | 2 | 02-6631 | VAE | 2 | 02-6708 |
| VAE | 2 | 02-6556 | VAE | 2 | 02-6632 | VAE | 2 | 02-6709 |
| VAE | 2 | 02-6557 | VAE | 2 | 02-6633 | VAE | 2 | 02-6710 |
| VAE | 2 | 02-6558 | VAE | 2 | 02-6634 | VAE | 2 | 02-6711 |
| VAE | 2 | 02-6559 | VAE | 2 | 02-6635 | VAE | 2 | 02-6712 |
| VAE | 2 | 02-6560 | VAE | 2 | 02-6636 | VAE | 2 | 02-6713 |

| DISTRICT | DIV | CIVIL ACTION# | DISTRICT | DIV | CIVIL ACTION# |
|----------|-----|---------------|----------|-----|---------------|
| VAE | 2 | 02-6714 | VAE | 2 | 02-6791 |
| VAE | 2 | 02-6715 | VAE | 2 | 02-6792 |
| VAE | 2 | 02-6716 | VAE | 2 | 02-6793 |
| VAE | 2 | 02-6717 | VAE | 2 | 02-6794 |
| VAE | 2 | 02-6718 | VAE | 2 | 02-6795 |
| VAE | 2 | 02-6719 | VAE | 2 | 02-6796 |
| VAE | 2 | 02-6720 | VAE | 2 | 02-6797 |
| VAE | 2 | 02-6721 | VAE | 2 | 02-6798 |
| VAE | 2 | 02-6722 | VAE | 2 | 02-6799 |
| VAE | 2 | 02-6723 | VAE | 2 | 02-6800 |
| VAE | 2 | 02-6724 | VAE | 2 | 02-6801 |
| VAE | 2 | 02-6725 | VAE | 2 | 02-6802 |
| VAE | 2 | 02-6726 | VAE | 2 | 02-6803 |
| VAE | 2 | 02-6727 | VAE | 2 | 02-6804 |
| VAE | 2 | 02-6728 | VAE | 2 | 02-6805 |
| VAE | 2 | 02-6729 | VAE | 2 | 02-6806 |
| VAE | 2 | 02-6730 | VAE | 2 | 02-6807 |
| VAE | 2 | 02-6731 | VAE | 2 | 02-6808 |
| VAE | 2 | 02-6732 | VAE | 2 | 02-6809 |
| VAE | 2 | 02-6733 | VAE | 2 | 02-6810 |
| VAE | 2 | 02-6734 | VAE | 2 | 02-6811 |
| VAE | 2 | 02-6735 | VAE | 2 | 02-6812 |
| VAE | 2 | 02-6736 | VAE | 2 | 02-6813 |
| VAE | 2 | 02-6737 | VAE | 2 | 02-6814 |
| VAE | 2 | 02-6738 | VAE | 2 | 02-6815 |
| VAE | 2 | 02-6739 | VAE | 2 | 02-6816 |
| VAE | 2 | 02-6740 | VAE | 2 | 02-6817 |
| VAE | 2 | 02-6741 | VAE | 2 | 02-6818 |
| VAE | 2 | 02-6742 | VAE | 2 | 02-6819 |
| VAE | 2 | 02-6743 | VAE | 2 | 02-6820 |
| VAE | 2 | 02-6744 | VAE | 2 | 02-6821 |
| VAE | 2 | 02-6745 | VAE | 2 | 02-6822 |
| VAE | 2 | 02-6746 | VAE | 2 | 02-6823 |
| VAE | 2 | 02-6747 | VAE | 2 | 02-6824 |
| VAE | 2 | 02-6748 | VAE | 2 | 02-6825 |
| VAE | 2 | 02-6749 | VAE | 2 | 02-6826 |
| VAE | 2 | 02-6750 | VAE | 2 | 02-6827 |
| VAE | 2 | 02-6751 | VAE | 2 | 02-6828 |
| VAE | 2 | 02-6752 | VAE | 2 | 02-6829 |
| VAE | 2 | 02-6753 | VAE | 2 | 02-6830 |
| VAE | 2 | 02-6755 | VAE | 2 | 02-6831 |
| VAE | 2 | 02-6756 | VAE | 2 | 02-6832 |
| VAE | 2 | 02-6757 | VAE | 2 | 02-6833 |
| VAE | 2 | 02-6758 | VAE | 2 | 02-6834 |
| VAE | 2 | 02-6759 | VAE | 2 | 02-6835 |
| VAE | 2 | 02-6760 | VAE | 2 | 02-6836 |
| VAE | 2 | 02-6761 | VAE | 2 | 02-6837 |
| VAE | 2 | 02-6762 | VAE | 2 | 02-6838 |
| VAE | 2 | 02-6763 | VAE | 2 | 02-6839 |
| VAE | 2 | 02-6764 | VAE | 2 | 02-6840 |
| VAE | 2 | 02-6765 | VAE | 2 | 02-6841 |
| VAE | 2 | 02-6766 | VAE | 2 | 02-6842 |
| VAE | 2 | 02-6767 | VAE | 2 | 02-6843 |
| VAE | 2 | 02-6768 | VAE | 2 | 02-6844 |
| VAE | 2 | 02-6769 | VAE | 2 | 02-6845 |
| VAE | 2 | 02-6770 | VAE | 2 | 02-6846 |
| VAE | 2 | 02-6771 | VAE | 2 | 02-6847 |
| VAE | 2 | 02-6772 | VAE | 2 | 02-6848 |
| VAE | 2 | 02-6773 | VAE | 2 | 02-6849 |
| VAE | 2 | 02-6774 | VAE | 2 | 02-6850 |
| VAE | 2 | 02-6775 | VAE | 2 | 02-6851 |
| VAE | 2 | 02-6776 | VAE | 2 | 02-6852 |
| VAE | 2 | 02-6777 | VAE | 2 | 02-6853 |
| VAE | 2 | 02-6778 | VAE | 2 | 02-6854 |
| VAE | 2 | 02-6779 | | | |
| VAE | 2 | 02-6780 | WISCONSIN EASTERN | | |
| VAE | 2 | 02-6781 | WIE | 2 | 02-515 |
| VAE | 2 | 02-6782 | | | |
| VAE | 2 | 02-6783 | | | |
| VAE | 2 | 02-6784 | | | |
| VAE | 2 | 02-6785 | | | |
| VAE | 2 | 02-6786 | | | |
| VAE | 2 | 02-6787 | | | |
| VAE | 2 | 02-6788 | | | |
| VAE | 2 | 02-6789 | | | |
| VAE | 2 | 02-6790 | | | |

# INVOLVED COUNSEL FOR SCHEDULE CTO-215
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Phillip B. Abernethy
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

Murray E. Abowitz
Abowitz, Rhodes & Dahnke, P.C.
105 North Hudson, 10th Floor
Hightower Bldg.
Oklahoma City, OK 73101

Knight S. Anderson
Hill, Fulwider, McDowell, Funk & Matthews
2000 INB Tower
One Indiana Square
Indianapolis, IN 46204

Cynthia W. Antonucci
Harris Beach, LLP
500 5th Avenue
42nd Floor
New York, NY 10110

Robert M. Arentson, Jr.
Watkins, Ludlam, Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205

James P. Arrigo
Stamos & Trucco
Ten North Dearborn Street
Fifth Floor
Chicago, IL 60602

James Randolph Baker
Holloway, Dobson, Hudson, et al.
211 N. Robinson Avenue
Suite 900
Oklahoma City, OK 73102

Jon Barooshian
Cooley, Manion & Jones, LLP
21 Custom House Street, 6th Floor
Boston, MA 02110

Robert H. Bass
Bradley, Arant, Rose & White
Suite 450, One Jackson Place
188 East Capitol Street
P.O. Box 1789
Jackson, MS 39215

Steven H. Begley
Wells Marble & Hurst, PLLC
P.O. Box 131
Jackson, MS 39205-0131

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Michael A. Bergin
Locke Reynolds LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN 46244

Thomas P. Bernier
Goldfein & Hosmer
217 E. Redwood Street
21st Floor
Baltimore, MD 21202

V. Brian Bevon
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue
Suite 1100
Denver, CO 80203

John G. Bissell
Strong, Pipkin, Nelson & Bissell
1111 Bagby Street
Suite 2300
Houston, TX 77002

Brian Francis Blackwell
LeBlanc & Waddell, LLC
The Essen Centre
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Roy B. Blackwell
Kaufman & Canoles
P.O. Box 3037
Norfolk, VA 23514

Nathaniel A. Bosio
Dogan, Wilkinson, Kinard, Smith & Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568-1618

Sheila M. Bossier
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402

Stephen M. Bowers
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

James M. Boyers
Wooden And McLaughlin
201 N. Illinois Street
Indianapolis, IN 46204

Elizabeth J. Bradford
King Law Firm
15 N. Robinson Avenue
Suite 1100
Oklahoma City, OK 73102

William J. Bradley, III
Malaby, Carlisle & Bradley
150 Broadway
Suite 1311
New York, NY 10038

Randall A. Breshears
Monnet, Hayes, Bullis, Thompson & Edwards
120 North Robinson Avenue
Suite 1719
Oklahoma City, OK 73102

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875                    PAGE 2

Heather L. Brown
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, NJ 07962-1997

Brooks R. Buchanan
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Alexander M. Bullock
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Lisa N. Busch
Weitz & Luxenberg, PC
180 Maiden Lane
New York, NY 10038

Dennis F. Cantrell
Bingham, Summers, Welsh & Spilman
2700 Market Tower
10 West Market Street
Indianapolis, IN 46204

K. K. Carey
Cassiday, Schade & Gloor
20 North Wacker Drive
Suite 1040
Chicago, IL 60606

George Read Carlton
Godwin & Carlton
901 Main
Suite 2500
Dallas, TX 75202

Dabney J. Carr, IV
Troutman, Sanders, Mays & Valentine
1111 East Main Street
P.O. Box 1122
Richmond, VA 23208

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
Keenan Building, 3rd Floor
1330 Lady Street
P.O. Box 11070
Columbia, SC 29211

Ralph E. Chapman
Chapman, Lewis & Swan
P.O. Box 428
Clarksdale, MS 38614

Daniel J. Cheely
Bellande Cheely, O'Flaherty, Sargis &
Ayres
19 South LaSalle Street, Suite 1203
Chicago, IL 60603

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Joseph A. Churgin
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

David W. Clark
Bradley, Arant, Rose & White
188 East Capitol Street, Suite 450
P.O. Box 1789
Jackson, MS 39215

Sandra F. Clark
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77704

Gary M. Clexton
King & Greisen, LLP
1670 York Street
Denver, CO 80202

Daniel G. Clodfelter
Moore & Van Allen
Nations Bank Corporate Court, Floor 47
100 North Tryon Street
Charlotte, NC 28202

Susan Coco
Jude & Coco, P.A.
P.O. Box 17499
Hattiesburg, MS 39404

Dixie L. Coffey
McKinney & Stringer
Corporate Tower
101 N. Robinson, Suite 1300
Oklahoma City, OK 73102

J. P. Coleman
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Keith E. Coltrain
Ogletree, Deakins, Nash, Smoak &
Stewart
P.O. Box 31608
Raleigh, NC 27622

John F. Conley, Sr.
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Robert H. Cooper
Blue Williams, L.L.P.
3421 N. Causeway Blvd.
Ninth Floor
Metairie, LA 70002

Robert H. Cooper
Blue Williams, L.L.P.
3421 N. Causeway Blvd.
Ninth Floor
Metairie, LA 70002

Edward M. Crane
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Steven M. Crawford
Frost, Brown & Todd, L.L.C.
400 West Market Street
32nd Floor
Louisville, KY 40202

INVOLVED COUNSEL FOR SCHEDULE CTO-215  (Cont.) MDL-875                    PAGE 3

Gene F. Creely, II
McGlinchey Stafford
1001 McKinney
Suite 1500
Houston, TX 77002

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

David G. Davies
Ray, Robinson, Hanninen & Carle
1650 East Ohio Building
1717 East Ninth Street
Cleveland, OH 44114

F. Barrett Davis, Jr.
Thompson & Knight
1700 Pacific Avenue
Suite 3300
Dallas, TX 75201-4693

H. Lee Davis, Jr.
Davis & Hamrick, L.L.P.
P.O. Box 20039
Winston-Salem, NC 27120

Harry Lee Davis, Jr.
Davis, Harry Lee
P.O. Drawer 20039
Winston-salem, NC 27120-0039

Mary Margaret De La Rosa
Provost, Umphrey, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

Chris H. Deaton
Deaton & Deaton, P.A.
113 Clark Street, Suite 5
Tupelo, MS 38804

Lisa M. Dillman
Lewis And Wagner
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

Anna M. Dilonardo
L'Abbate, Balkan, Colvita, & Contini
1050 Franklin Ave
Garden City, NY 11530

Dennis J. Dobbels
Polsinelli, Shalton & Welte
700 W. 47th Street
Suite 1000
Kansas City, MO 64112

David W. Dogan, III
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225

Thomas F. Dougall
Law Office Of Thomas E. Dougall
1713 Woodcreek Farms
Elgin, SC 29045

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

Robert Franklin Duncan
Jackson & Kelly
175 East Main Street
P.O. Box 2150
Lexington, KY 40588

Andrea Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205

W. Mark Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Margaret H. Estes
4850 Brookside Court
Norfolk, VA 23501

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017

C. Michael Evert, Jr.
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place
Suite 100
Baltimore, MD 21202

Donald J. Fay
Waters, McPherson, Mcneill, P.C.
233 Broadway, Suite 970
New York, NY 10279

Mark J. Fellman
Fellman Law Office
213 4th Street, East
Suite 200
St. Paul, MN 55101

Clinton B. Fisher
Hanly & Conroy, LLP
415 Madison Avenue
New York, NY 10017

John P. Fishwick
Lichtenstein, Fishwick & Johnson
101 S. Jefferson Street
Suite 400
Roanoke, VA 24011

James L. Fletcher, Jr.
Duncan & Courington
322 Lafayette Street
New Orleans, LA 70130

Terrance P. Flynn
Gibson, McAskill & Crosby
69 Delaware Avenue, Suite 900
Buffalo, NY 14202

James T. Foley
Foley & Boyd
First City Place, Suite 404
Tyler, TX 75702

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875                    PAGE 4

Barry W. Ford
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Richard L. Forman
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225

Daniel M Fowler
Fowler, Schimberg & Flanagan, PC
1640 Grant Street
Suite 300
Denver, CO 80203

Laura A. Frase
Forman, Perry, Watkins, Krutz & Tardy
1349 Empire Central
Suite 400
Dallas, TX 75247

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Patricia C. Gandy
Butler, Snow, O'mara, Stevens & Cannada
P. O. Box 22567
Jackson, MS 39225

J.A. Gardner, III
Hedrick, Eatman, Gardner & Kincheloe
P.O. Box 30397
Charlotte, NC 28230

Leon Gary, Jr.
Jones, Walker, Waechter, et al.
8555 United Plaza Blvd., 5th Floor
Baton Rouge, LA 70809

Raymond F. Geoffroy, III
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

David M. Glaspy
Glaspy & Glaspy
1 Walnut Creek Center
100 Pringle Avenue, Suite 750
Walnut Creek, CA 94596

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Erich Gleber
Ross & Hardies
65 East 55th Street
New York, NY 10022

Donald E. Godwin
Godwin & Gruber, P.C.
Renaissance Tower
1201 Elm Street, Suite 1700
Dallas, TX 75270

Nathan A. Goldberg
Salans, Hertzfeld, Heilbronn, Christy &
Viene
620 Fifth Avenue
New York, NY 10020

Nicole N. Goodman
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 2800
Chicago, IL 60606-1229

John K. Gordinier
Pedley, Zielke & Gordinier
Starks Building, Suite 1150
455 South Fourth Avenue
Louisville, KY 40202

Kenneth M. Gorenberg
Wildman, Harrold, Allen & Dixon
225 West Wacker Drive, Suite 2800
Chicago, IL 60606

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Drawer 750
Hattiesburg, MS 39403

Marc C. Greco
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121

Suzanne M. Halbardier
Barry, McTiernan & Moore
2 Rector Street
14th Floor
New York, NY 10006

Dean A. Hanley
Paul, Hanley & Harley
1608 Fourth Street
Suite 300
Berkeley, CA 94710

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Michael D. Harold
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

Raymond P. Harris, Jr.
Whittenburg & Schachter, PC
Plaza of the Americas, Suite 2300
600 North Pearl Street, LB 133
Dallas, TX 75201

Benjamin R. Hartman
Salans Hertzfeld Heilbronn Christy &
Viener
620 Fifth Avenue
New York, NY 10020

Robin L. Harvey
Baker & Hostetler, L.L.P.
312 Walnut Street, Suite 2650
Cincinnati, OH 45202

Michael J. Hennig
Cassiday, Schade & Gloor
20 North Wacker Drive
Suite 1040
Chicago, IL 60606

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875

Harry K. Herren, Jr.
Woodward, Hobson & Fulton, LLP
2500 National City Tower
101 S. Fifth Street
Louisville, KY 40202

John R. Henderson
Brown, McCarroll & Oaks Hartline
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201

John C. Heubeck
Davis & Heubeck
10100 Santa Monica Blvd.
Suite 910
Los Angeles, CA 90067-4100

Robert J. Higgins
Dickstein, Shapiro, Morin & Oshinsky
2101 L Street, N.W.
Washington, DC 20037

Sean M. Higgins
Brown McCarroll, LLP
1111 Bagby Street
47th Floor
Houston, TX 77002

Shauna L. Hilgers
Shauna Hilgers Law Offices
6508 Poppy Street
P.O. Box 1254
Avada, CO 80001

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
3400 J. P. Chase Tower
600 Travis
Houston, TX 77002

M. King Hill, III
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285

Jennifer J. Hodges
Kilpatrick Stockton, L.L.P.
3500 One First Union Center
301 South College Street
Charlotte, NC 28202-6001

Robert H. Hood
Hood Law Firm
172 Meeting Street
P.O. Box 1508
Charleston, SC 29402

Alben N. Hopkins
Hopkins, Barnie & Hopkins, PLLC
2701 24th Avenue
Gulfport, MS 39502

John S. Howarth
Wilbraham, Lawler & Buba
140 Broadway, 46th Floor
New York, NY 10005

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Nancy E. Hudgins
Law Offices Of Nancy E. Hudgins
1388 Sutter Street, Suite 505
San Francisco, CA 94109

Glen A. Huff
Huff, Poole & Mahoney
4705 Columbus Street, Suite 100
The Huff, Poole & Mahoney Building
Virginia Beach, VA 23462

Leonard T. Jernigan, Jr.
Jernigan & Maxfield
P.O. Box 847
Raleigh, NC 27602

J. Michael Jordan
Gardere Wynne Swell
Wells Fargo Bank Plaza
1000 Louisana Street, Suite 3400
Houston, TX 77002-5007

Steven M. Jupiter
LeBlanc & Waddell, LLC
201 St. Charles Avenue
Suite 3204
New Orleans, LA 70170

Charles J. Kalinoski
Kalinoski & Chaplinsky
100 Court Avenue
Suite 315
Des Moines, IA 50309

Brent Karren
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main Street, Suite 4600
Dallas, TX 75202

Kevin A. Kauer
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

Steven M. Kaufman
Morrison & Foerster, LLP
5200 Republic Plaza
370 17th Street, Suite 5200
Denver, CO 80202

John A. Kenney
McAfee & Taft
Two Leadership Square, 10th Floor
211 N. Robinson
Oklahoma City, OK 73102

Steven Joseph Kherkher
Williams & Bailey, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Ann Kimmel-Ritter
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Marlon Kimpson
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Douglas B. King
Wooden & McLaughlin
1600 Capital Center South
201 North Illinois Street
Indianapolis, IN 46204

William F. Kiniry, Jr.
Piper, Marbury, Rudnick & Wolfe, LLP
1251 Avenue of the Americas
New York, NY 10020

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875                    PAGE 6

Kevin R. Knight
Ice, Miller, Donadio & Ryan
One American Square
P.O. Box 82001
Indianapolis, IN 46282

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308

Donald A. Krispin
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
645 Griswold Street
Detroit, MI 48226

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown, P.L.L.C.
P.O. Box 4848
Greensboro, NC 27404

Carter T. Lambeth
Johnson & Lambeth
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner, McNeese, Ruffin &
Yarborough
P. O. Box 750
Hattiesburg, MS 39403

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mickey P. Landry
Landry & Swarr
1010 Common Street
Suite 2050
New Orleans, LA 70112

H. Seward Lawlor
Glasser & Glasser, P.L.C.
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Cori Leavitt
Malaby, Carlisle & Bradley
150 Broadway, Suite 1311
New York, NY 10038

Bradley Aaron Levin
Roberts, Levin & Patterson, P.C.
1660 Wynkoop Street, Suite 800
Denver, CO 80202

Craig T. Liljestrand
Hinshaw & Culbertson
222 N. LaSalle Street
Suite 300
Chicago, IL 60601

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Thomas W. Lyons, III
Strauss, Factor & Lopes
403 South Main Street
Providence, RI 02903

Patrick Cash Malouf
Porter & Malouf, P.A.
4670 McWillie Drive
P.O. Box 12768
Jackson, MS 39236

Francis X. Manning
Stradley, Ronon, Stevens & Young
Woodland Falls Corporate Park
210 Lake Drive East, Suite 102
Cherry Hill, NJ 08002

Jonathan Masters
Holcomb Dunbar, P.A.
152 Delat Avenue
P.O. Box 368
Clarksdale, MS 38614-0368

Christopher D. Mauriello
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Edward J. McCambridge
Segal, McCambridge, Singer & Mahoney
One IBM Plaza, Suite 200
330 North Wabash Avenue
Chicago, IL 60611

Daniel W. McGrath
Hinshaw & Culbertson
222 North Lasalle Street
Suite 300
Chicago, IL 60601

Timothy J. McHugh
Lavin, Coleman, O'neil, Ricci, et al.
767 Third Avenue, 7th Floor
New York, NY 10017

Jeffrey L. McKean
Wooden & McLaughlin
1600 Capital Center South
201 N. Illinois
Indianapolis, IN 46204

Susan E. Mehringer
Lewis & Wagner
501 Indiana Avenue
Suite 200
Indianapolis, IN 46202

Robert O. Meriwether
Nelson, Mullins, Riley & Scarborough
P.O. Box 11070
Columbia, SC 29211

Donald A. Migliori
Ness, Motely, Loadholt, Richardson &
Poole
321 South Main Street
P.O. Box 6067
Providence, RI 02940

James M. Miletich
McConnell, Siderius, Fleischner, et al.
The Root Building, Suite 300
2401 15th Street
Denver, CO 80202

Byron N. Miller
Thompson & Miller, PLC
220 West Main Street
Suite 1700
Louisville, KY 40202

Christopher K. Miller
Kennedy & Christopher
1050 Seventeenth Street
Suite 2500
Denver, CO 80265-1197

Lewis Charles Miltenberger
Cordray, Goodrich & Miltenberger
108 West 8th Street
Suite 500
Ft. Worth, TX 76102

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875

Peter A. Moir
Quilling,Selander,Cummiskey,Clutts &
Lownds
2001 Bryan Street, Suite 1800
Dallas, TX 75201

Willard J. Moody, Jr.
Moody, Strople, Kloeppel & Basilone, Inc.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

John B. Moore
Phillips, Parker, Orberson & Moore, PLC
716 West Main Street
Suite 300
Louisville, KY 40202

Edward A. Moss
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Michael D. Mulvihill
Cooney & Conway
120 North LaSalle
30th Floor
Chicago, IL 60602

J. Michael Myers
Ball & Weed
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, TX 78212

Paula Eade M. Newcomb
Volgenau & Bosse
750 Main Seneca Building
237 Main Street
Buffalo, NY 14203

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210

Robert L. O'Donnell
Vandeventer, Black, Meredith & Martin
500 World Trade Center
Norfolk, VA 23510

Paul B. O'Flaherty, Jr.
Bellande, Cheely, O'Flaherty, Sargis &
Ayers
19 South LaSalle Street
Suite 1203
Chicago, IL 60603

Richard O'Leary
McCarter & English, L.L.P.
300 Park Avenue
18th Floor
New York, NY 10022

Todd Odgen
DeHay & Elliston, L.L.P.
Bank of America Plaza
901 Main Street
Dallas, TX 75202

Joseph C. Orlet
Husch & Eppenberger
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105

James W. Owens
730 Clark Street
P.O. Box 2757
Paducah, KY 42002

Charles T. Ozier
Wise, Carter, Child & Caraway
P.O. Box 651
Jackson, MS 39205

Peter T. Paladino, Jr.
Ketchum Center, 3rd Floor
1030 Fifth Avenue
Pittsburgh, PA 15219

E. Spencer Parris
Martin & Jones
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

Monica F. Patterson
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

Timothy Peck
Smith, Helms, Mulliss & Moore, LLP
P.O. Box 21927
Greensboro, NC 27420

Erin M. Peradotto
Volgenau & Bsse
237 Main Street
Suite 750
Buffalo, NY 14203

James J. Pettit
Law Offices of Gene Locks, LLC
457 Haddonfield Road
Suite 500
Cherry Hill, NJ 08002

Martha J. Phillips
Atkinson, Haskins, et al.
525 S. Main Street
Suite 1500
Tulsa, OK 74103

Richard T. Pledger
Sands, Anderson, Marks & Miller
801 East Main Street
P.O. Box 1998
Richmond, VA 23218

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones & Hawn
999 Westview Drive
Hastings, MN 55033

Frank D. Pond
Burke, Williams & Sorensen, LLP
611 West Sixth Street, Suite 2500
Los Angeles, CA 90017

Albert H. Poole
Huff, Poole & Mahoney, P.C.
Huff, Poole & Mahoney Building
4705 Columbus Street, Suite 100
Virginia Beach, VA 23462

Matthew F. Powers
Samson & Powers, PLLC
P. O. Box 1417
Gulfport, MS 39502

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

Thomas A. Pritchard
P.O. Box 1060
Biloxi, MS 39533

Marcus E. Raichle, Jr.
Simmons Firm
301 Evans Avenue, Suite 301
P.O. Box 559
Wood River, IL 62095

Christopher J. Raistrick
Bellande, Cheely, O'Flaherty, Sargis &
Ayers
19 South Lasalle Street, Suite 1203
Chicago, IL 60603

Mark E. Rakoczy
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive, Suite 2100
Chicago, IL 60606

Audrey P. Raphael
Levy, Phillips & Konigsberg, LLP
520 Madison Avenue
New York, NY 10022

David L. Ream
Chevron Services Company
1301 McKinney Street, Room 2200
P.O. Box 3725
Houston, TX 77253

Michelle S. Regan
Lavin, Coleman, O'Neil, Ricci, et al.
767 Third Avenue
7th Floor
New York, NY 10017

Ronald Craig Reinhardt
Reinhardt & Associates
2355 Hugenard Drive
Suite 103
Lexington, KY 40503

John J. Repcheck
Marks, O'Neil, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas A. Rhatigan
Costello, Shea & Gaffney, LLP
44 Wall Street
New York, NY 10005

Karen M. Rheingans
Segal, McCambridge, Singer & Mahoney
330 North Wabash Avenue
Suite 200
Chicago, IL 60611-3514

Ronald N. Ricketts
Gable & Gotwals
100 West 5th Street
Suite 1100
Tulsa, OK 74103

William V. Riggenbach
Duane & Shannon, P.C.
10 East Franklin Street
Richmond, VA 23219

Trudy Hartzog Robertson
Moore & Van Allen, PLLC
P.O. Box 22828
Charleston, SC 29413

Deborah L. Robinson
Robinson, Woolson & O'Donnell
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

Dawn Smith Rodrigue
LeBlanc & Waddell, LLC
The Essen Centre
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Lola M. Rodriguez
Duane Hauck & Gnapp
10 E. Franklin Street
Richmond, VA 23219-2106

Steven J. Roman
Dickstein Shapiro Morin & Oshinsky, LLP
2101 I Street, N.W.
Washington, DC 20037

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard H. Rubenstein
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017

Joseph D. Satterley
Sales, Tillman & Wallbaum
1900 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

David T. Schaefer
Woodward, Hobson & Fulton, LLP
2500 National City Tower
Louisville, KY 40202

Todd L. Schleifstein
Hanly & Conroy, LLP
415 Madison Avenue
New York, NY 10017

Thomas Schulten
Perkins, Thompson, Hinckley & Keddy
One Canal Plaza
P.O. Box 426 DTS
Portland, ME 04112

Rebecca F. Schupbach
Stites & Harbison
1800 Aegon Center
400 W. Market Street
Louisville, KY 40202

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Carl R. Schwertz
Duane & Shannon, P.C.
10 East Franklin Street
Richmond, VA 23219

Robert G. Scumaci
Gibson, McAskill & Crosby
69 Delaware Avenue, Suite 900
Buffalo, NY 14202

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875

David M. Setter
Socha, Perczak & Anderson, PC
1775 Sherman Street, Suite 1925
Denver, CO 80203

George F. Short
Short, Barnes, Wiggins, Margo & Adler
210 Park Avenue
Suite 3100
Oklahoma City, OK 73102

E. Terry Sibbernsen
P.O. Box 24268
Omaha, NE 68124

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Andrew C. Skinner
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Joel Slawotsky
Rubin, Baum, LLP
30 Rockefeller Plaza
29th Floor
New York, NY 10122

Patrick C. Smith
Church, Loker, Radcliffe & Silver, P.A.
2 N. Charles Street
Suite 600
Baltimore, MD 21201

Thomas C. Smith
Ziegler & Schneider, PSC
541 Buttermilk Pike, Suite 500
P.O. Box 175710
Covington, KY 41017

Deborah G. Solmor
Skadden, Arps, Slate, Meagher & Flom
333 West Wacker Drive
Suite 2100
Chicago, IL 60606

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568

Edward H. Stopher
Boehl, Stopher & Graves
Aegon Center, Suite 2300
400 West Market Street
Louisville, KY 40202-3345

James P. Streetman, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236

Joseph J. Stroble
Watkins & Eager
The Emporium Building
Suite 300, P.O. Box 650
400 East Capitol Street
Jackson, MS 39205-0650

Bruce H. Strotz
Fairfield, Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Stephanie Donean Surratt
Orgain, Bell & Tucker
470 Orleans Street
P.O. Box 1751
Beaumont, TX 77701

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Deborah L. Taussig
Trine & Metcalf, PC
1435 Arapahoe Avenue
Boulder, CO 80302-6390

Robert E. Thackston
Jenkens & Gilchrist
1445 Ross Avenue
Suite 3200
Dallas, TX 75202

John S. Thal
Atkinson & Thal
201 Third Street, N.W.
Suite 1850
Albuquerque, NM 87102

Mark S. Thomas
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619

David B. Thorne
Shook, Hardy & Bacon, LLP
One Kansas City Place
1200 Main Street
Kansas City, MO 64105

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street
Suite 3350
Charlotte, NC 28202

Robert D. Tomlinson
McKinney & Stringer
Corporate Tower, Suite 1300
101 N. Robinson Avenue
Oklahoma City, OK 73102

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062

Michael T. Trucco
Stamos & Trucco
Ten North Dearborn Street
Fifth Floor
Chicago, IL 60602

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin &
Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

INVOLVED COUNSEL FOR SCHEDULE CTO-215 (Cont.) MDL-875

Pilar Vaile
Provost, Umphrey, Youngdahl & Sadin
9621 Fourth Street, N.W.
Albuquerque, NM 87114

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502

Lawrence D. Wade
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702

Archibald Wallace, III
Sands, Anderson, Marks & Miller
629 East Main Street
P.O. Box 1998
Richmond, VA 23216

Kimberly P. Wallace
Barfield & Associates
P. O. Drawer 3979
Jackson, MS 39207-9425

Lori R. Wallerstein
Morgenstein & Jubelirer
One Market Spear Street
Spear Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Charles J. Watts
Smith, Shew, Scrivner, Corbin & Watts
6520 North Western Avenue
Suite 300
Oklahoma City, OK 73116

Joe D. Wells
John Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Kenneth L. Weltz
Lathrop & Gage, L.C.
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Joseph A. Wilkins
Knudsen, Berkheimer Law Firm
Wells Fargo Center
1248 O Street, Suite 1000
Lincoln, NE 68508

Robert Wilkinson
Dogan, Wilkinson, Kinard, Smith &
Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes & Davis
P.O. Box 7376
Ashville, NC 28802

Douglas P. Wilson
Wilson Law Offices
200 Firstar Bank Building
6405 North Cosby Avenue
Kansas City, MO 64151

Kenneth J. Wilson
Ness, Motley, Loadholt, Richardson &
Poole
1730 Jackson Street
P.O. Box 365
Barnwell, SC 29812

Jenni L. Young
Stamos & Trucco
Ten North Dearborn Street
Fifth Floor
Chicago, IL 60602

RULE 5.2:    SERVICE : PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:  CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)  Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)  Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)  Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)  Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)  Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)  Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.


RULE 7.5:  MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)  Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)  Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)  Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure

does not preclude transfer of such action under Section 1407.  Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown.  The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)   A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)   Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

C

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States District Court
Western District of Tennessee

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

August 6, 2002

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-215)

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the actions listed on the attached schedule. The actions are transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**      **August 21, 2002**      **(4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5, of the Panel Rules, before filing your Notice of Opposition. Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action. A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Attachments

JPML Form 39A

**D**

from export subsidies, and are instead using only Korea." [29]

The other case cited in the Determination as evidence of a "general practice" does not use the "possibility" standard. *Porcelain-on-Steel Cooking Ware* first cites the established practice of excluding due to known subsidies,[30] and later states that "[i]n considering which countries' imports to use in calculating foreign market value, we generally disregard imports from countries that are also under investigation, nonmarket economy exporters and *countries believed to maintain export subsidies.*" [31] The *Porcelain-on-Steel Cooking Ware* determination originally uses the "known subsidies" standard, so the quoted language may be regarded as a reiteration of that standard. ITA cannot buttress the "mere possibility" standard by citing to the more pedestrian "known subsidies" standard case.

Commerce implies in the Determination that the "possibility of subsidies" standard is the equivalent of "countries believed to maintain export subsidies" used in the *Porcelain-on-Steel Cooking Ware* determination. There is a logical difference between a belief, which usually must have some basis in fact, and a possibility, which does not necessarily need any facts to back it up. Possibilities are not equivalent to beliefs, and it is not enough that a thing be possible for it to be believed. Therefore, two unjustified and unrelated prior statements do not a general practice make. ITA's statement that there is a "general practice" is unsupported.

## VII. Disqualification of Surrogates for Subsidies Found in Other Industries

ITA disqualified other countries because of subsidies applicable to areas other than shop towels, or even textiles. CNART argues that there is no reason to believe that a set of programs available to and utilized by one industry is *ipso facto* available to and being used by a totally different industry. Brief in Support, at 34. In light of

this Court's holding above, it is unnecessary to reach the merits of this argument. Comparable economies are qualified for surrogacy, and must be used in a redetermination of the dumping margin. Should the ITA disqualify Malaysia, the Philippines and Indonesia on other grounds, the Court may reach the merits of CNART's argument, but does not need to do so at this time.

## VIII.   Conclusion

ITA's selection of Hong Kong as surrogate was unsupported by substantial evidence. ITA's exclusion of Indonesia, the Philippines and Malaysia was also unsupported by substantial evidence on the record as a whole. The evidence suggests that either Indonesia or the Philippines are more economically comparable to the PRC than Malaysia. All three are more comparable than Hong Kong. As a result, this case is remanded to the International Trade Administration for recalculation of the dumping margin using import unit values from Indonesia, the Philippines or Malaysia. In addition, the recalculation must correct the clerical errors described at pages 53 and 54 of CNART's Brief in Support.



## In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI).

## MDL No. 875.

Judicial Panel on
Multidistrict Litigation.

July 29, 1991.

After issuing order to show cause why all pending federal district court actions

---

**29.**  *Steel Wire Nails,* 51 Fed.Reg., at 10,248.

**30.**  *Porcelain-on-Steel Cooking Ware,* 51 Fed. Reg., at 36,421.

**31.**  *Id.* 51 Fed.Reg., at 36,423 (emphasis added).

not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum, the Judicial Panel on Multidistrict Litigation, Nangle, J., held that pursuant to statute governing transfer in multidistrict cases, 26,639 actions involving allegations of personal injury or wrongful death caused by asbestos would be transferred to the Eastern District of Pennsylvania for pretrial proceedings, considering that actions involved common questions of fact, and that centralization of actions would best serve convenience of parties and witnesses and promote the just and efficient conduct of litigation.

So ordered.

**Federal Courts ⬤152**

Pursuant to statute governing transfer in multidistrict cases, 26,639 actions involving allegations of personal injury or wrongful death caused by asbestos would be transferred to the Eastern District of Pennsylvania for pretrial proceedings, considering that actions involved common questions of fact, and that centralization of actions would best serve convenience of parties and witnesses and promote the just and efficient conduct of litigation. 28 U.S.C.A. § 1407.

---

Before JOHN F. NANGLE, Chairman, S. HUGH DILLIN,* MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, Jr., and WILLIAM B. ENRIGHT, Judges of the Panel.

* Judges Dillin and Pollack did not participate in the decision of this matter.

1. It appears that the only districts with pending asbestos actions that did not effect service of the Panel's order are the Eastern District of Wisconsin and the District of Rhode Island. In view of the Panel's disposition of this docket, the actions pending there will be treated as potential tagalong actions in accordance with the Panel's Rules. *See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258–59 (1988).

## OPINION AND ORDER

Judge NANGLE, Chairman, Delivered the Opinion of the Panel, in Which Judges POLLAK, WOODWARD, MERHIGE and ENRIGHT joined.

On January 17, 1991, the Panel issued an order to show cause why all pending federal district court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos should not be centralized in a single forum under 28 U.S.C. § 1407. Because of the difficulty in serving this order on the enormous number of parties in this docket, the Panel relied on the clerks of all district courts to serve the parties to actions in their respective districts.[1]  As a result, the parties to the 26,639 actions pending in 87 federal districts and listed on the following Schedule A are subject to the Panel's order.[2] [Editor's Note: All but the Summary of Schedule A has been omitted from publication by the Court.]  More than 180 pleadings have been filed in response to the Panel's order, and a four hour hearing on the question of transfer was held on May 30, 1991 in New York City, at which time 37 counsel presented oral argument.  In many instances the attorneys filing these pleadings or participating in oral argument were representing the views of large groups of parties.

Supporting transfer are plaintiffs in approximately 17,000 actions (including a core group of more than 14,000 plaintiffs represented by over 50 law firms) and 30 defendants (24 of which are named in more than 20,000 actions).  Opposing transfer are plaintiffs in at least 5,200 actions and 454 defendants.  The positions of those parties that have expressed a preference with re-

2. The Statistical Division of the Administrative Office of the United States Courts reports that as of March 31, 1991, nearly 31,000 actions were pending in federal districts.  Based on Panel communications with courts throughout the country, the approximately 4,000 pending actions not embraced by the present order likely include actions that, as of January 17, 1991, were overlooked, in trial or already at least partially tried but not yet statistically closed because, *inter alia*, claims against one or more defendants were stayed under the Bankruptcy Code.

spect to transferee district are varied. Many parties suggest centralization in what amounts to their home forum. The Eastern District of Pennsylvania is the district either expressly favored or not objected to in the greatest number of pleadings. The Eastern District of Texas, which is the choice of the aforementioned core group of 14,000 plaintiffs, is also the district that has generated the most opposition from defendants. Other suggested districts that go beyond the home forum approach are the District of the District of Columbia, the Eastern District of Louisiana, the Northern District of Ohio, and the Eastern District of New York. Some parties' forum recommendations are expressed in the form of a suggested individual transferee judge or transferee judge structure.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

## DISCUSSION

Any discussion of § 1407 transfer in this docket must begin with the recognition that the question does not arise in a vacuum. Indeed, the impetus for the Panel's order to show cause was a November 21, 1990 letter signed by eight federal district judges responsible for many asbestos actions in their respective districts.[3] These judges, citing the serious problem that asbestos personal injury litigation continues to be for the federal judiciary, requested

that the Panel act on its own initiative to address the question of § 1407 transfer. Furthermore, as the title of this docket suggests, this is the sixth time that the Panel has considered transfer of asbestos litigation. On the five previous occasions (1977, 1980, 1985, 1986 and 1987) that the Panel considered the question, it denied transfer in each instance.[4]

The Panel's constancy is not as dramatic as a mere recitation of the denials might suggest, however. The 1986 and 1987 dockets considered by the Panel involved only five and two actions, respectively. The 1985 Panel decision pertained not to personal injury/wrongful death asbestos actions but rather to property damage claims of school districts that incurred significant costs in removing asbestos products from school buildings. The denial in the 1980 Panel docket was based almost exclusively on the movants' failure to offer any distinctions that would warrant a disposition different from the Panel's first asbestos decision in 1977.

It is only in the 1977 decision, pertaining to 103 actions in nineteen districts, that the Panel offered any detailed analysis of its asbestos litigation reasoning with respect to asbestos personal injury/wrongful death actions. In that decision, the Panel first listed the primary arguments of the responding parties that unanimously opposed transfer: advanced stage of proceedings in many of the actions; use of voluntary coordinating arrangements in several districts; lack of commonality among defendants and plaintiffs; circumstances of exposure predominantly unique to each action; individual questions of causation in each action; predominantly individual questions of the liability of each defendant in each action;

3. The signatories to this letter are Judges Walter J. Gex, III (S.D.Miss.), Thomas D. Lambros (N.D.Ohio), Alan H. Nevas (D.Conn.), Richard A. Schell (E.D.Tx.), Charles Schwartz, Jr. (E.D.La.), Charles R. Weiner (E.D.Pa.), Charles R. Wolle (S.D.Iowa) and Rya W. Zobel (D.Mass.). Additionally, Judge Jack B. Weinstein (E.D.N.Y.) has contacted the Panel staff and requested that he also be considered a signatory to the letter.

4. *In re Asbestos and Asbestos Insulation Material Products Liability Litigation,* 431 F.Supp. 906 (J.P.M.L.1977); *In re Asbestos Products Liability Litigation (No. II),* MDL–416 (J.P.M.L. March 13, 1980) (unpublished order); *In re Asbestos School Products Liability Litigation,* 606 F.Supp. 713 (J.P.M.L.1985); *In re Ship Asbestos Products Liability Litigation,* MDL–676 (J.P.M.L. Feb. 4, 1986) (unpublished order); and *In re Leon Blair Asbestos Products Liability Litigation,* MDL–702 (J.P.M.L. Feb. 6, 1987) (unpublished order).

local issues predominating in the discovery process; absence of possibility of inconsistent or overlapping class certifications; and the readily discernible nature of the principal area common to all actions, the state of medical and scientific knowledge at a particular time regarding the health hazards posed by exposure to asbestos.

In denying transfer in the 1977 decision, the Panel recognized the existence of some common questions of fact among the actions. For in that docket, as in the matter currently before the Panel, all actions contained allegations of personal injury or death as a result of exposure to asbestos or asbestos containing products. The Panel nevertheless held that the other criteria for § 1407 transfer were not satisfied. In relevant part, the Panel stated:

> Many factual questions unique to each action or to a group of actions already pending in a single district clearly predominate, and therefore transfer is unwarranted.... Furthermore, many of these actions already are well advanced. Some of the actions have been pending for up to four years, and trial dates or discovery cutoff dates have been set in several actions. Under these circumstances, transfer would not further the purposes of Section 1407.

*In re Asbestos and Asbestos Insulation Material Products Liability Litigation,* 431 F.Supp. 906, 910 (J.P.M.L.1977).

Many of the parties presently opposing transfer in this docket rely on the facts and reasoning of the Panel's 1977 transfer decision. They insist that the situation that warranted denial then not only still prevails but has been magnified by the greatly increased number of actions and parties in federal asbestos personal injury/wrongful death actions—more than 30,000 pending federal actions now, as opposed to the 103 actions subject to the Panel's 1977 decision. In our view, it is precisely this change that now leads us to conclude that centralization of all federal asbestos personal injury/wrongful death actions, in the words of 28 U.S.C. § 1407(a), "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of

such actions." In short, we are persuaded that this litigation has reached a magnitude, not contemplated in the record before us in 1977, that threatens the administration of justice and that requires a new, streamlined approach.

The Panel is not the first to reach such a conclusion. Just this past March 1991, the Judicial Conference Ad Hoc Committee on Asbestos Litigation, whose members were appointed by Chief Justice William H. Rehnquist, stated as follows:

> The committee has struggled with the problems confronting the courts of this nation arising from death and disease attributable to airborne asbestos industrial materials and products. The committee has concluded that the situation has reached critical dimensions and is getting worse. What has been a frustrating problem is becoming a disaster of major proportions to both the victims and the producers of asbestos products, which the courts are ill-equipped to meet effectively.

After extensive study, the Institute for Civil Justice of the Rand Corporation in 1985 observed, with respect to how the civil justice system handles asbestos claims, that—

> The picture is not a pretty one. Decisions concerning thousands of deaths, millions of injuries, and billions of dollars are entangled in a litigation system whose strengths have increasingly been overshadowed by its weaknesses.

The ensuing five years have seen the picture worsen: increased filings, larger backlogs, higher costs, more bankruptcies and poorer prospects that judgments—if ever obtained—can be collected.

It is a tale of danger known in the 1930s, exposure inflicted upon millions of Americans in the 1940s and 1950s, injuries that began to take their toll in the 1960s, and a flood of lawsuits beginning in the 1970s. On the basis of past and current filing data, and because of a latency period that may last as long as 40 years for some asbestos related dis-



eases, a continuing stream of claims can be expected. The final toll of asbestos related injuries is unknown. Predictions have been made of 200,000 asbestos disease deaths before the year 2000 and as many as 265,000 by the year 2015.

The most objectionable aspects of asbestos litigation can be briefly summarized: dockets in both federal and state courts continue to grow; long delays are routine; trials are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may lose altogether.

*Report of The Judicial Conference Ad Hoc Committee on Asbestos Litigation*, 1–3 (1991) (footnote omitted) (hereinafter *Asbestos Committee Report*). The Committee pointed out that presently in the federal system nearly two new asbestos actions are being filed for every action terminated, and that at the current rate, there will be more than 48,000 actions pending in the federal courts at the end of three years. *Asbestos Committee Report, supra,* at 8.

The Committee also discussed the ongoing change in the demographics of asbestos litigation in the federal courts:

In 1984, when the Federal Judicial Center held its first asbestos conference, asbestos litigation in the federal courts was largely concentrated in only four district courts. Since that time, however, asbestos cases have infiltrated virtually every federal district. Asbestos litigation must therefore be viewed as a national problem rather than merely a local or regional one, especially with the number of Americans affected.

*Asbestos Committee Report, supra,* at 9 (footnote omitted).

Conclusions similar to those of the Judicial Conference Asbestos Committee have also been reached by judges actively involved in asbestos litigation. In perhaps the most recent comprehensive review of asbestos litigation, Judge Jack B. Weinstein (E.D.N.Y.) observed:

The large number of asbestos lawsuits pending throughout the country threatens to overwhelm the courts and deprive all litigants, in asbestos suits as well as other civil cases, of meaningful resolution of their claims.... Several commentators have recounted the inefficiencies and inequities of case-by-case adjudication in the context of mass tort disasters. *See, e.g.,* Rosenberg, *Class Actions for Mass Torts: Doing Individual Justice by Collective Means,* 62 Ind.L.J. 561 (1987); *Trends in Asbestos Litigation* (Federal Judicial Center 1987); Rubin, *Mass Torts and Litigation Disasters,* 20 Ga.L.Rev. 429 (1986); Note, *Class Certification in Mass Accident Cases Under Rule 23(b)(1),* 96 Harv.L.Rev. 1143 (1983); Comment, *Federal Mass Tort Class Actions: A Step Toward Equity and Efficiency,* 47 Alb.L.Rev. 1180 (1983).

The heyday of individual adjudication of asbestos mass tort lawsuits has long passed. *See* [*Asbestos Committee Report*], *supra,* at 7 ("one point on which plaintiffs' counsel, defense counsel and the judiciary can agree is that the present way in which we have attempted to resolve asbestos cases has failed"). The reasons are obvious: the complexity of asbestos cases makes them expensive to litigate; costs are exacerbated when each individual has to prove his or her claim *de novo;* high transaction costs reduce the recovery available to successful plaintiffs; and the sheer number of asbestos cases pending nationwide threatens to deny justice and compensation to many deserving claimants if each claim is handled individually. The backlog is eroding a fundamental aspiration of our judicial system to provide equality of treatment for similarly situated persons. *Cf.* [*Asbestos in the Courts: The Challenge of Mass Toxic Torts* (RAND, Inst. of Social Justice 1985) ], *supra,* at 12 (recent wave of asbestos litigation marked by high concentration of claims, dominance of characteristics of individual asbestos cases, behavior of parties, lawyers and the attributes of judges "created a situation in which dispositions are

slow, costs are high, and outcomes are variable").

Overhanging this massive failure of the present system is the reality that there is not enough money available from traditional defendants to pay for current and future claims. Even the most conservative estimates of future claims, if realistically estimated on the books of many present defendants, would lead to a declaration of insolvency—as in the case of some dozen manufacturers already in bankruptcy.

*In re Johns–Manville Corporation, et al.,* No. 90–3973, slip op. at 61–63, 1991 WL 86304 (E.D.N.Y. May 16, 1991).

Given the dimensions of the perceived problem in federal asbestos litigation, it is not surprising that no ready solution has emerged. The Judicial Conference Asbestos Committee concluded that the only true solution lies in Congressional legislation. Nevertheless, it stressed that "[a]t the same time, or failing congressional action, the federal judiciary must itself act now to achieve the best performance possible from the system under current law." *Asbestos Committee Report, supra,* at 4. The Committee also noted that the Panel's order to show cause was pending at the time of the issuance of the Committee's report. The Committee observed that "this committee, by its recommendations, does not intend to affect or restrict in any way the actions of the Panel under 28 U.S.C. § 1407 or reduce the Panel's jurisdiction or authority." *Id.* at 22.[5]

It is against this backdrop that the Panel's decision and role in this litigation must be understood. First of all, our decision to order transfer is not unmindful of the fact that the impact of asbestos litigation varies from district to district, and that in some courts asbestos personal injury actions are being resolved in a fashion indistinguishable from other civil actions. It is not surprising, therefore, that parties and courts involved in such actions might urge that inclusion of their actions in multidis-

trict proceedings is inappropriate. The Panel, however, must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law. *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books,* 297 F.Supp. 385, 386 (J.P.M.L.1968). It is this perspective that leads us to conclude that centralization in a single district of all pending federal personal injury and wrongful death asbestos actions is necessary.

Much of the argument presented to the Panel in response to its order to show cause is devoted to parties' differing (and often inconsistent) visions of § 1407 proceedings: 1) some plaintiffs see centralized pretrial proceedings as a vehicle leading to a single national class action trial or other types of consolidated trials on product defect, state of the art and punitive damages, while many defendants staunchly oppose such a trial, favor a reverse bifurcation procedure where actual damages and individual causation are tried before liability, and hope to use § 1407 proceedings to effect the severance of claims for punitive damages through a transferee court order directing that, upon the return of any case to its transferor district, such claims not be tried until claims for compensatory damages have been resolved in all federal cases; 2) some parties hope to persuade the transferee court to establish case deferral programs for plaintiffs who are not critically ill, or who have been exposed to asbestos but do not presently show any signs of impairment (i.e., pleural registries), while many plaintiffs assert that such procedures are unfair or unconstitutional; 3) in response to the pressing concern about transaction costs in this litigation, some defendants consider § 1407 transfer necessary in order to provide a single federal forum in which limits on plaintiffs' contingent fees can be addressed, while some plaintiffs maintain that transfer is necessary to pre-

---

5. The Committee also observed that, in the interest of centralizing asbestos claims to the greatest extent possible, the Panel's authority "could be expanded to allow the Panel to trans-

fer actions for trial as well as for pretrial proceedings." *Asbestos Committee Report, supra,* at 31.

vent the depletion of defendants' limited insurance coverage by defense costs incurred in multiple districts; 4) some plaintiffs and defendants urge that transfer is necessary in order to develop through discovery proceedings nationwide product data bases on all asbestos products and corporate histories of all asbestos defendants, while other plaintiffs and defendants contend that such efforts would be of no utility and are simply designed to shift liability; 5) some plaintiffs are suggesting that defendants' finances are so fragile as to require limited fund class action determinations pursuant to Fed.R.Civ.P. 23(b)(1)(B), while other plaintiffs resist any attempt to restrict their right to pursue punitive damages; 6) some parties anticipate that a single transferee court would speed up case disposition and purge meritless claims, while others expect a system of spacing out claims so as not to overwhelm currently solvent defendants' cash flow and drive them into bankruptcy; and 7) some parties contend that a single transferee court is necessary for the purpose of exploring the opportunities for global settlements or alternative dispute resolution mechanisms, while other parties assert that such hopes are utopian at best as long as i)

more than twice as many asbestos cases remain pending in state courts as in federal courts, and ii) currently stayed claims against bankrupt defendants cannot be addressed by the transferee court.[6]

We enumerate these issues not for the purpose, as some parties seemingly misunderstand, of passing on their merits. The language of the first sentence of paragraph (b) of § 1407 is quite clear about the proper forum for resolution of such issues—"coordinated or consolidated pretrial proceedings shall be conducted by a judge or judges to whom such actions are assigned" by the Panel (emphasis added). The Panel has neither the power nor the disposition to direct the transferee court in the exercise of its powers and discretion in pretrial proceedings. *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 489 (J.P.M.L.1968).

We cite these issues only as illustrations of 1) the types of pretrial matters that need to be addressed by a single transferee court in order to avoid duplication of effort (with concomitant unnecessary expenses) by the parties and witnesses, their counsel, and the judiciary, and in order to prevent inconsistent decisions;[7] and 2) why, at

6. There appears to be some confusion among the parties concerning the interaction of the provisions of the Bankruptcy Code and § 1407. Transfer under § 1407 of an action containing claims against a defendant in bankruptcy has no effect on the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362). Claims that have been stayed in the transferor court remain stayed in the transferee court. The Panel, however, has never considered the pendency of such stayed claims in an action to be an impediment to transfer of the action. 28 U.S.C. § 1407(a) authorizes the Panel to transfer only "civil actions" and not claims. The complex multidistrict litigations before the Panel have often included actions brought against multiple defendants, the claims against one or more of which have been stayed as a result of bankruptcy. To have allowed the pendency of claims against a single bankrupt defendant to preclude the transfer of actions containing claims actively being litigated against common nonbankrupt defendants would have frustrated the essential purpose of § 1407.

Some parties have urged the Panel to treat the bankruptcy reorganizations themselves as "civil actions" appropriate for transfer under § 1407 to the transferee district. The reorganization

proceedings are not subject to our order to show cause, and this question is therefore not ripe for a Panel decision. We have not addressed this question before and would be reluctant to do so until: 1) the transferee court determines that other alternatives, such as coordination with the concerned bankruptcy courts, are insufficient to accomplish the goals of § 1407; and 2) other suggested means of transferring the bankruptcy reorganizations or relevant portions thereof have been fully explored by the transferee court and the concerned bankruptcy courts.

Finally, we note that to the extent that state court actions and bankruptcy proceedings are excluded from the ambit of the Panel's transfer decision, transfer will nonetheless have the salutary effect of creating one federal court with which such proceedings can be coordinated, to the extent deemed desirable by the concerned courts. Indeed, state court judges have communicated to the Panel that coordination among state courts and a single transferee court for the federal actions is an objective worthy of pursuit.

7. We note that to the extent any of these pretrial decisions are subject to appellate review pursuant to interlocutory appeal or writ of manda-

least initially, all pending federal personal injury or wrongful death asbestos actions not yet in trial must be included in § 1407 proceedings. For example, if, as some courts, parties and commentators have suggested, there are insufficient funds to fairly compensate all deserving claimants, this should be determined before plaintiffs in lightly impacted districts go to trial and secure recoveries (often including punitive damages) at the possible expense of deserving plaintiffs litigating in districts where speedy trial dates have not been available. Similarly, if there are economies to be achieved with respect to remaining national discovery, pretrial rulings or efforts at settlement, these should be secured before claims against distinct types or groups of defendants are separated out of the litigation. Finally, because many of the arguments of parties seeking exclusion from transfer are intertwined with the merits of their claims or defenses and affect the overall management of this litigation, we are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer. We prefer instead to give the transferee court the opportunity to conduct a substantive review of such contentions and how they affect the whole proceedings.

It may well be that on further refinement of the issues and close scrutiny by the transferee court, some claims or actions can be remanded in advance of the other actions in the transferee district. Should the transferee court deem remand of any claims or actions appropriate, the transferee court can communicate this to the Panel, and the Panel will accomplish remand with a minimum of delay. *See* Rule 14, R.P.J.P.M.L., 120 F.R.D. 251, 259–61 (1988).[8] We add that for those parties urging that resolution of this litigation lies primarily in the setting of firm, credible

mus, § 1407 transfer will also help to minimize the potential for inconsistent decisions from courts of appeals.

8. Those parties who may seek early remand of their actions or claims are reminded of i) Panel Rule 14(d)'s expression of the Panel's reluctance to order remand absent a suggestion of remand from the transferee judge, and ii) the special affidavit requirement of that Rule. 120 F.R.D.

trial dates, § 1407 transfer may serve as a mechanism enabling the transferee court to develop a nationwide roster of senior district and other judges available to follow actions remanded back to heavily impacted districts, for trials in advance of when such districts' overburdened judges may have otherwise been able to schedule them.

We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See, e.g.,* Fed.R.Civ.P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district. *See Manual for Complex Litigation, Second,* § 20.22 (1985).[9] And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline the efforts of the parties and witnesses, their counsel, and the judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F.Supp. 1253, 1255 (J.P.M.L.1974). Hopefully, combining such practices with a uniform case management approach will, in fact, lead to sizeable reductions in transaction costs (and especially in attorneys' fees).

In a docket of this size and scope, no district emerges as the clear nexus where centralized pretrial proceedings should be conducted. The Panel has decided to centralize this litigation in the Eastern District of Pennsylvania before Judge Charles R. Weiner. We note that: 1) more asbestos personal injury or wrongful death actions

at 260. *See also In re Holiday Magic Securities and Antitrust Litigation,* 433 F.Supp. 1125, 1126 (J.P.M.L.1977).

9. Liaison counsel would be called upon by the Panel to distribute future Panel orders regarding tag-along actions and any other matters to their liaison group as contemplated in Panel Rule 8(e). R.P.J.P.M.L., *supra,* 120 F.R.D. at 255.

are pending in that district than any other; 2) the court there has extensive experience in complex litigation in general and asbestos litigation in particular; and 3) that the court has graciously expressed its willingness to assume the responsibility for this massive undertaking. Furthermore, in the person of Judge Weiner the Panel finds a judge thoroughly familiar with the issues in asbestos litigation, a track record of accomplishment and successful innovation,[10] and, on the basis of the pleadings before the Panel in which an opinion was expressed, a selection to which the majority of responding plaintiffs and defendants either expressly agree or are not opposed.

Many parties have suggested that the dynamics of this litigation make it impractical, if not impossible, for one single judge to discharge the responsibilities of transferee judge, while other parties have emphasized that more than a single transferee judge would dilute the judicial control needed to effectively manage the litigation. Varying suggestions have been made that the Panel appoint additional transferee judges to handle specific issues (e.g., class or limited fund determinations, discovery, settlement, claims administration, etc.), to deal with separate types of claims or defendants (e.g., maritime asbestos actions, railroad worker actions, friction materials actions, tire workers actions, etc.), or to divide the litigation along regional or circuit lines (helping to insure uniformity of decisions within each circuit pertaining, *inter alia*, to state law questions involved in the actions). Each of these suggestions has merit, as long as one judge has the opportunity to maintain overall control.

Section 1407(b) contemplates that multidistrict litigation may be conducted by "a judge or judges." It further expressly provides that "upon request of the panel, a circuit judge or a district judge may be designated and assigned temporarily for service in the transferee district by the Chief Justice of the United States or the chief judge of the circuit, as may be required, in accordance with the provisions of chapter 13 of this title." And the Panel has long expressed its willingness to appoint additional transferee judges in litigations whose size and complexity make it difficult for the original transferee judge to handle § 1407 proceedings alone. *See In re Multidistrict Civil Antitrust Actions Involving Antibiotic Drugs,* 320 F.Supp. 586, 588 (J.P.M.L.1970). We emphasize our intention to do everything within our power to provide such assistance in this docket.

---

10. The *Asbestos Committee Report, supra,* noted at 15:

Judge Charles Weiner, the asbestos case manager in the Eastern District of Pennsylvania, is able to call upon over 20 active and senior judges in the district to handle asbestos cases on a priority basis. In addition to mandating standard, abbreviated pleadings, such as complaint, answer, and discovery requests, Judge Weiner meets regularly with counsel and handles on a regular basis all motions and discovery requests. Applying these sophisticated case management techniques, Judge Weiner and his colleagues have disposed of more than 2,000 cases through 1990.

Another testament to Judge Weiner's techniques comes from the Panel pleading of certain plaintiffs already before him in the Pennsylvania district:

The Eastern District of Pennsylvania may be unique in another respect, and that again is due to the involvement of the Court. Perhaps no other jurisdiction has had the mutual cooperation of liaison counsel who have been instrumental, together with the Court in attempting to resolve the asbestos problem.

The adversary system remains, but the Court has eliminated the usual posturing of the litigants and has encouraged them to come up with programs and solutions. The classic example is the unique program established by counsel with the Court of binding arbitration through stipulated percentage of defendants' liability. The arbitrators are experts in asbestos litigation, and the medical issues are tried by submission on report. The average disposition rate is four cases in one day without judicial time.

Pleading 87, Response of Greitzer and Locks at 15.

Our reference to these passages is not meant to be an endorsement of any pretrial techniques to the exclusion of others, and in no way should be viewed as limiting Judge Weiner in his assessment of the appropriate tools to be used now that all federal personal injury/wrongful death asbestos actions will be before him for pretrial proceedings. We do consider such passages to be helpful, however, in allaying the fears of parties not familiar with Judge Weiner that § 1407 transfer will result in their actions entering some black hole, never to be seen again.

Before making any specific appointments, however, we deem it advisable to allow the transferee judge to make his own assessment of the needs of this docket and communicate his preferences to us.

The Panel is under no illusion that centralization will, of itself, markedly relieve the critical asbestos situation. It offers no panacea. Only through the combined and determined efforts of the transferee judge and his judicial colleagues, of the many attorneys involved in asbestos matters, and of the parties, can true progress be made toward solving the "asbestos mess." This order does offer a great opportunity to all participants who sincerely wish to resolve these asbestos matters fairly and with as little unnecessary expense as possible.

Finally, in light of the Panel's disposition in this docket, it is necessary to remind parties and counsel of their continuing responsibility with respect to transfer of potential tag-along actions, including those either inadvertently overlooked at the time of the January 17, 1991 filing of the Panel's order to show cause or filed subsequent to the issuance of the Panel's order to show cause. We note that Panel Rule 13(e) provides as follows:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

R.P.J.M.L., *supra,* 120 F.R.D. at 259.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the following Schedule A that are pending as of the date of this order, are not in trial, and are pending outside the Eastern District of Pennsylvania, be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings with the actions on Schedule A that remain pending in that district and are not in trial.[11]

IT IS FURTHER ORDERED that Panel Rule 19(a) be, and the same hereby is, suspended for this docket.[12]

> With respect to any action that is the subject of Panel consideration, counsel shall notify the Clerk of the Panel of any development that would partially or completely moot the matter before the Panel.
>
> *Id.* at 257.

---

11. The Panel's authority under § 1407 is to transfer for "pretrial" proceedings; actions on Schedule A that have been resolved or are presently in trial are not intended to be within the scope of the Panel's transfer decision. Given the tremendous number of actions pending in almost every federal district, however, it is not possible for the Panel to know at any one time the current status of all actions on Schedule A. When, pursuant to § 1407(c), the clerks of the transferor district courts receive a certified copy of the MDL-875 transfer order from the clerk of the transferee district court, we request the transferor district clerks to notify the Clerk of the Panel of any actions on Schedule A in their districts that have been resolved or are in trial, so as to permit the Panel to issue a correction order excluding such actions from transfer. We also remind counsel in such actions of the requirements of Panel Rule 10(f):

12. Panel Rule 19(a), *id.* at 263, requires clerks of transferor district courts to forward to the clerk of the transferee district court the complete original file and docket sheet for each transferred action. Because of the voluminous files in this docket, we are suspending this rule. Instead, we will rely on the judgment of the transferee judge to request from the transferor district clerks or the parties whatever case files and docket sheets he needs.

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)   **425**

Cite as 771 F.Supp. 415 (Jud.Pan.Mult.Lit. 1991)

## SUMMARY OF SCHEDULE A
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT | # OF CASES | DISTRICT | # OF CASES |
|---|---|---|---|
| AK. | 6 | MS., S. | 997 |
| AL., N. | 58 | MT. | 79 |
| AL., S. | 64 | NC., E. | 83 |
| AR., E. | 75 | NC., M. | 27 |
| AR., W. | 18 | NC., W. | 126 |
| AZ. | 112 | ND. | 12 |
| CA., C. | 31 | NE. | 93 |
| CA., E. | 1 | NH. | 61 |
| CA., N. | 3 | NJ. | 147 |
| CA., S. | 4 | NM. | 63 |
| CO. | 4 | NV. | 22 |
| CT. | 345 | NY., E. | 425 |
| DC. | 32 | NY., N. | 589 |
| DE. | 16 | NY., S. | 1441 |
| FL., M. | 220 | NY., W. | 420 |
| FL., N. | 1 | OH., N. | 4022 |
| FL., S. | 135 | OH., S. | 84 |
| GA., M. | 39 | OK., E. | 2 |
| GA., N. | 180 | OK., N. | 538 |
| GA., S. | 673 | OK., W. | 17 |
| HI. | 105 | OR. | 75 |
| IA., N. | 19 | PA., E. | 5703 |
| IA., S. | 65 | PA., M. | 244 |
| ID. | 30 | PA., W. | 264 |
| IL., C. | 166 | SC. | 266 |
| IL., N. | 459 | SD. | 2 |
| IL., S. | 37 | TN., E. | 78 |
| IN., N. | 1 | TN., M. | 65 |
| IN., S. | 169 | TN., W. | 29 |
| KS. | 26 | TX., E. | 1165 |
| KY., E. | 48 | TX., N. | 34 |
| KY., W. | 64 | TX., S. | 477 |
| LA., E. | 163 | TX., W. | 24 |
| LA., M. | 89 | UT. | 21 |
| LA., W. | 48 | VA., E. | 618 |
| MA. | 2630 | VA., W. | 275 |
| MD. | 597 | VI. | 61 |
| ME. | 39 | WA., E. | 14 |
| MI., E. | 242 | WA., W. | 193 |
| MI., W. | 9 | WI., W. | 22 |
| MN. | 12 | WV., N. | 23 |
| MO., E. | 69 | WV., S. | 586 |
| MO., W. | 42 | WY. | 1 |
| MS., N. | 5 | | |

**TOTAL DISTRICTS:  87**          **TOTAL TRANSFERS:  26,639**



771 FEDERAL SUPPLEMENT

**Editor's Note:** The opinion of the United States District Court, District of Columbia, in *Benavides v. Bureau of Prisons,* published in the advance sheet at this citation, 771 F.Supp. 426–427, was withdrawn from the bound volume because it was superseded by an unpublished opinion.

E

LEXSEE 1999 us dist lexis 12131

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI); Janice Chisholm v. United States of America, et al., N.D. California, C.A. No. 3:99-224SC; Charles I. Harley v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-38; John L. Renfro, Sr. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-71; Amiel P. Amin, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-79; Lawrence D. Graves, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-80; Clarence F. Metsker, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-81; Charles R. Ernst, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-82; Louis E. Atzinger, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-87; Harold R. Allen, Sr., et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-109; Alpha Knight, etc. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-110; Jack B. Boston, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-143; Ronald C. Foree, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-179; Raymond Hall, et al. v. Owens-Corning Fiberglas Corp., et al., W.D. Kentucky, C.A. No. 3:99-229**

**DOCKET NO. 875, C.A. No. 3:99-224SC, C.A. No. 3:99-38, C.A. No. 3:99-71, C.A. No. 3:99-79, C.A. No. 3:99-80, C.A. No. 3:99-81, C.A. No. 3:99-82, C.A. No. 3:99-87, C.A. No. 3:99-109, C.A. No. 3:99-110, C.A. No. 3:99-143, C.A. No. 3:99-179, C.A. No. 3:99-229**

**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*1999 U.S. Dist. LEXIS 12131*

**July 27, 1999, Filed; August 2, 1999, Filed**

### CASE SUMMARY

**PROCEDURAL POSTURE:** Motions were brought, pursuant to *J. P. M. L. R. P. 7.4, 181 F. R. D. 1, 10 (1998)*, by certain plaintiffs and/or defendants in 12 Western District of Kentucky actions, and plaintiff in a remaining Northern District of California action, involving asbestos products liability.

**OVERVIEW:** Before the panel were motions brought, pursuant to *J. P. M. L. R. P. 7.4, 181 F. R. D. 1, 10 (1998)*, by certain plaintiffs and/or defendants in 12 Western District of Kentucky actions, involving asbestos products liability, and plaintiff in a remaining Northern District of California action. All movants requested that the panel vacate the portions of its orders conditionally transferring their respective action(s) to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in

the docket. The panel found that the actions involved common questions of fact with actions in the litigation previously transferred to the Eastern District of Pennsylvania and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district would serve the convenience of the parties and witnesses and promote the just and efficient conduct of the asbestos litigation.

**OUTCOME:** It was ordered that the 13 actions be transferred to the Eastern District of Pennsylvania because this promoted the just and efficient conduct of the litigation.

**COUNSEL:**

Page 2

1999 U.S. Dist. LEXIS 12131, *

[*1]  For JANICE CHISHOLM, Plaintiff (99-CV-224): James Geagan, Clayton Kent, Brayton Purcell Curtis & Geagan, Novato, CA.

For JANICE CHISHOLM, Plaintiff (99-CV-224): Patricia J. Kenney, U.S. Attorney's Office, San Francisco, CA.

For JANICE CHISHOLM, Plaintiff (99-CV-224): Ina L. Strichartz, U.S. Department of Justice, Washington, DC.

For UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, US FOREST SERVICE, defendants (99-CV-224): Patricia J. Kenney, U.S. Attorney's Office, San Francisco, CA.

For UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, US FOREST SERVICE, defendants (99-CV-224): Ina L. Strichartz, U.S. Department of Justice, Washington, DC.

**JUDGES:**
BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, * LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL.

&ast; Judge Sanders took no part in the decision of this matter.

**OPINION:**

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to *Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998),* [*2] by i) certain plaintiffs and/or defendant Cardinal Industrial Insulation, Inc., in the twelve above-captioned Western District of Kentucky actions, and ii) plaintiff in the remaining above-captioned Northern District of California action. All movants request that the Panel vacate the portions of its orders conditionally transferring their respective action(s) to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed, n1 the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions [*3] not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415 (J.P.M.L. 1991).* In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, n2 the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

> n1 The parties to these actions waived oral argument and, accordingly, the question of Section 1407 transfer of the actions was submitted on the briefs. *Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).*

We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the panel. We note that under Judge Weiner's stewardship, as of July 27, 1999, i) nearly 60,000 actions have been closed in the transferee district, and ii) nearly 1,000 actions or claims therein have been returned to their originating transferor districts. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See Rule 7.6 R.P.J.M.L., supra, 181 F.R.D. at 11-13.* We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that tetention in the MDL-875 proceedings is no longer needed.

> n2 Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned

1999 U.S. Dist. LEXIS 12131, *

the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 181 F.R.D. at 3, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay

IT IS THEREFORE ORDERED that, pursuant to *28 U.S.C. § 1407*, the thirteen above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL

/s/Signature

John F. Nangle

Chairman

ATTACHMENT

**INVOLVED COUNSEL LIST**

**DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Craig R. Banford
Huddleston, Bolen, Beatty, Porter & Copen
P.O. Box 2185
Huntington, WV 25722

Robert F. Barron
Kahn, Dees, Donovan & Kahn
305 Union Federal Building
P.O. Box 3646
Evansville, IN 47735

Richard C. Binzley
Thompson, Hine & Flory
127 Public Square
3900 Key Center
Cleveland, OH 44114

Sheila L. Birnbaum
Skadden, Arps, Slate, Meagher & Flom
919 Third Avenue
New York, NY 10022

Stephen M. Bowers
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

James [*4] E. Cleveland
Huddleston, Bolen, Beatty, Porter & Copen
1442 Winchester Avenue
P.O. Box 770
Ashland, KY 41105

Kathy K. Condo
Reed, Smith, Shaw & McClay
Mellon Square
435 Sixth Avenue
Pittsburgh, PA 15219

David A. Damico

Burns, White & Hickton

2400 Fifth Avenue Place

120 Fifth Avenue

Pittsburgh, PA 15222

Scott T. Dickens

Tachau, Maddox, Hovious & Dickens

200 South 5th Street

Suite 200 N.

Louisville, KY 40202

1999 U.S. Dist. LEXIS 12131, *

John L. Dotson

O'Bryan, Brown & Toner

1500 Starks Building

Louisville, KY 40202

Robert C. Ewald

Wyatt, Tarrant & Combs

500 West Jefferson Street

2600 Citizens Plaza

Louisville, KY 40202

Raymond P. Forceno

Forceno & Hannon

Philadelphia Bourse Building

Suite 1000

Independence Mall East

Philadelphia, PA 19106

Ellen B. Furman

Goldfein & Joseph

Packard Building, 17th Floor

15th & Chestnut Streets

Philadelphia, PA 19102

James M. Gary

Weber & Rose, P.S.C.

2700 Aegon Center

400 West Market Street

Louisville, KY 40202

John K. Gordinier

Pedley, Zielke, Gordinier, Olt & Pence

Starks Building, Suite 1150

455 South Fourth Avenue

Louisville, KY 40202

- UNDELIVERABLE - Gregory S. Gowen

City Law Department

601 W. Jefferson Street [*5]

Room 200, City Hall

Louisville, KY 40202

Albert F. Grasch

Grasch, Walters & Cowen

302 West High Street

Lexington, KY 40507

Susan M. Hanson

Stich, Angell, Kreidler & Muth, P.A.

The Crossings, Suite 120

250 2nd Avenue South

Minneapolis, MN 55401

Max S. Hartz

McCarroll, Nunley & Hartz

111 East Third Street

P.O. Box 925

Owensboro, KY 12302

Harry K. Herren

Woodward, Hobson & Fulton, LLP

2500 First National Tower

Louisville, KY 40202

Frank P. Hilliard

Starks Building, Suite 380

455 S. Fourth Avenue

Louisville, KY 40202

Joseph P. Hummel

Lynch, Cox, Gioman & Mahan

500 Meidinger Tower

Louisville, KY 40202

Clayton W. Kent

Brayton, Purcell, Curtis & Geagan

222 Rush Landing Road

Novato, CA 94948

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher D. Lee
Kahn, Dees, Donovan & Kahn
305 Union Federal Building

1999 U.S. Dist. LEXIS 12131, *

P.O. Box 3646
Evansville, IN 47735

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Armer H. Mahan
Lynch, Cox, Gioman & Mahan
500 Meidinger Tower
Louisville, KY 40202

Gregory L. Monge
Vanantwerp, Hughes, Monge, Jones & Edwards LLP
P. [*6] O. Box 1111
Ashland, KY 41105

John B. Moore
Boehl, Stopher & Graves
2300 Aegon Center
400 West Market Street
Louisville, KY 40202

M. D. Moretz
Woolf, McClane, Bright, Allen
900 Riverview Tower
900 South Gay Street
P.O. Box 900
Knoxville, TN 37902

R. K. Morton
Huddleston, Bolen, Beatty, Porter & Copen
P.O. Box 2185
Huntington, WV 25722

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
P.O. Box 1137
Charleston, SC 29402

Donald A. Powell
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

John J. Repcheck
Sharlock, Repcheck & Mahler
3280 USX Tower
600 Grant Building
Pittsburgh, PA 15219

John D. Roven
9575 Katy Freeway
# 400
Houston, TX 77024

Kenneth L. Sales
Segal, Sales, Stewart, Cutler & Tillman
325 W. Main Street
2100 Waterfront Plaza
Louisville, KY 40202

Joseph D. Satterley
Segal, Sales, Stewart, Cutler & Tillman
2100 Waterfront Plaza
325 West Main Street
Louisville, KY 40202

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Stephen F. Schuster
Ogden, Newell & Welch [*7]
500 West Jefferson Street
1700 Citizens Plaza
Louisville, KY 40202

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Thomas C. Smith
Ziegler & Schneider, PSC
541 Buttermilk Place
P.O. Box 175710
Covington, KY 41017

Thomas W. Speckman
Speckman & Hoback

1999 U.S. Dist. LEXIS 12131, *

2330 Citizens Plaza

Louisville, KY 40202

Robert N. Spinelli

Kelley, Jasons, McGuire & Spinelli,

One Penn Center

Suite 1400

1617 JFK Boulevard

Philadelphia, PA 19103

Ina L. Strichartz

U.S. Department Of Justice

Environmental Dept.

P.O. Box 340

Ben Franklin Station

Washington, DC 20044

Robert E. Swickle

Jaques Admiralty Law Firm, P.C.

1370 Penobscot Building

Detroit, MI 48226

Andrew J. Trevelise

Reed, Smith, Shaw & McClay

2500 One Liberty Place

Philadelphia, PA 19103

Henry A. Triplett

Bennett, Bowman, Triplett & Vittitow

200 South 5th Street

Suite 400

Louisville, KY 40202

James K. Weston

Tom Riley Law Firm

4040 First Avenue, N.E.

P.O. Box 998

Cedar Rapids, IA 52406

F

1996 WL 539589                                                      Page 1
(Cite as: 1996 WL 539589 (E.D.Pa.))

**H**

Only the Westlaw citation is currently available.


United States District Court, E.D. Pennsylvania.

In re ASBESTOS PRODUCTS LIABILITY
LITIGATION (NO. VI).
This Document Relates To Plaintiffs' Motion For
Suggestion Of Remand Of All MDL
Cases filed by the Law Firm of Robles & Gonzalez,
P.A. (the motion relates to
approximately 2,700 cases filed in 47 jurisdictions by
the law firm of Robles &
Gonzalez, P.A.)

**Civ. A. No. MDL 875.**

Sept. 16, 1996.

Francis E. McGovern, Tuscaloosa, AL, Special
Master.

Stephen B. Burbank, Philadelphia, Special Master.

A. Wendel Stout, III, Deutsch, Kerrigan & Stiles,
New Orleans, LA, Karl M. Koons, III, Locke,
Reynolds, Boyd & Weisell, Indianapolis, IN, for
movant Center for Claims Resolution.


*MEMORANDUM OPINION AND ORDER*

WEINER, District Judge.

*1 On June 28, 1996, Plaintiffs' counsel, Robles &
Gonzalez, P.A., of Miami, Florida, filed Plaintiffs'
Motion For Suggestion Of Remand Of All MDL 875
Cases [FN1]. At the same time, a similar motion for
remand was filed with the Judicial Panel For
Multidistrict Litigation. On July 10, 1996, this Court
issued a Show Cause Order relating to the motion for
suggestion of remand and scheduling a hearing on the
matter for August 22, 1996 following briefing. The
motion before the Judicial Panel is scheduled for
hearing on September 20, 1996. This Court's
hearing was held on August 22 and attended by Juan
Bauta, Esq., for the plaintiffs from the law firm of
Robles & Gonzalez, P.A., and by several defense
counsel. The Court has also received and reviewed
numerous briefs.

> FN1. The title of the motion was confusing
> in that plaintiff was referred to in the

singular, yet it purported to address *ALL* of
the MDL 875 cases. Further reading of the
motion reveals that the request is by the law
firm of Robles & Gonzalez, P.A., and seeks
a suggestion of remand as to only those
cases filed in federal court by the Robles
firm and transferred to MDL 875. The
attachments provided indicate
approximately 2700 cases in 47 district
venues.


BACKGROUND

On July 29, 1991, the Judicial Panel For Multidistrict
Litigation issued an order transferring all pending
asbestos-related, personal injury lawsuits to the
Eastern District of Pennsylvania for pre-trial
management by this Court. This promulgating order
for MDL 875 further provided a mechanism for the
transfer of future tag-along cases. As of this date,
approximately 62,000 cases had been assigned to
MDL 875 and, approximately 40,000 cases had been
closed [FN2]. The remaining 22,000 include
thousands of claims which are resolved but not yet
dismissed and removed statistically [FN3]. This
Court instituted procedures shortly after the MDL
assignment which created methods and procedures
which led to block settlements. Plaintiff and
defendant steering committees were appointed, test
areas were sampled and the sealed data was
examined by experts chosen by the attorneys.
Thereafter, the parties, by utilizing the same methods,
developed a model which resolved the cases in the
New England area. This became the vehicle that
was used by all the parties. For the most part, the
attorneys were able to achieve settlement of present
cases which incorporated a method for handling
future cases as claims. The defendants would waive
the statute of limitations and plaintiffs would process
the cases by providing medical and exposure data.
This settlement process is now in use in every
jurisdiction across the country and almost every
plaintiffs attorney has an agreement with one or more
of the defendants.

> FN2. Assignment to MDL 875 includes ED
> of PA cases which do not need to be
> transferred. Closure includes
> approximately 750 cases returned for trial or
> completion of settlement procedures. As a
> practical matter, these actions are seldom
> returned until all but one or two defendants
> remain, and then, they routinely settle in
> total without trial. Of the very few trials
> which have actually occurred following

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1996 WL 539589                                                    Page 2
(Cite as: 1996 WL 539589 (E.D.Pa.))

transfer, a number have resulted in defense
verdicts.

FN3. Many of the plaintiffs' counsel, and
certainly most of the defendants, are
engaged in thousands of cases.    When
settlement occurs, medical and exposure
details may still need to be provided,
releases must be signed, and frequently, the
payout period may extend for several years.
The last matter tended to by counsel is
usually the submission of a dismissal order.
As a result, the Court often finds that cases
which remain on the dockets with seemingly
large numbers of remaining defendants are
either settled completely or have only one or
two actual claims remaining.

During the early months of the MDL process, this
Court outlined to all of the parties that the Court
would continue to focus on certain priorities. These
priorities have guided much of the Court's activity.
Because transaction costs have been so high in this
litigation, the Court desired to reduce these costs,
allowing more funds to be available for payment to
those who were sick or injured.    Without staying
discovery, the Court has caused the parties to
substantially reduce costly discovery expenses by
avoiding repetitive proceedings.    By encouraging
case settlement in the manner of a claim, expensive
fees and additional costs have also been avoided or
curtailed.    The Court's concern over the continued
viability of the defendants, particularly with an
unknown quantity of future injuries brought about
due to the latency of asbestos-related diseases. The
loss of any defendant to bankruptcy  [FN4] shifts a
greater burden to the remaining defendants.    One
defendant sought bankruptcy protection shortly after
this Court received jurisdiction but there have been
none since because the parties now process their
claims through a time and cash flow schedule.
Finally, the Court has prioritized malignancies and
other serious disease cases.    Only a very small
percentage of the cases filed have serious asbestos-
related afflictions, but they are prone to be lost in the
shuffle with pleural and other non-malignancy cases.
At the request of plaintiffs' steering committee, the
Court implemented a procedure to move the serious
cases forward.    Because of this, there are now very
few remaining malignancy actions.

FN4. Approximately 15 defendants have
previously filed for protection under the

Bankruptcy Code, Manville Corp. being the
most notable.    Several of these companies
had been major players in the litigation, such
as    Celotex,    Eagle-Picher,    Forty-Eight
Insulation, UNR, Raymark, H.K. Porter and
National Gypsum.       Some of these
companies have provided some funds for
payment of continuing claims, but rarely
does it approach even a small percentage of
their former share in the litigation.    The
Court has been in touch with the bankruptcy
courts in regard to their progress.

*2 This Court's processing of MDL 875 has resulted
in the removal of 7- 8,000 cases per year from the
federal court dockets, while at the same time, these
courts have been freed of the morass caused by the
mass of asbestos case filings and able to transact
other important court business.    For the first time,
the case resolution numbers are exceeding new
filings.    Additionally, the Court has been able to
encourage, as well as participate in cooperation with
the state courts, the parties to settle state cases as part
of their settlement packaging in the federal court.
This has had a positive impact upon the state court
calendars as well.

                    PRESENT ACTION

Plaintiffs' counsel filed the present motion setting
forth their desire to have approximately 2,700 cases
remanded to 47 federal districts.    In their motion,
plaintiffs state that they have had "no movement
whatsoever" for over three and one half years, and
that, in light of the order issued on May 10, 1996, by
the Third Circuit Court of Appeals in Georgine v.
Amchem Products, Inc., (3rd Cir.1996) (full cite
omitted)  [FN5], the cases should be remanded at this
time.    Counsel further indicates that he does not
anticipate settlement under the MDL process and all
of his negotiations are at an impasse  [FN6].

FN5. The Georgine case, filed before this
Court in 1993 (USDC, ED- PA, C.A. No.
93-00215), involved a settlement class
action between two of the larger plaintiffs'
asbestos law firms and the Center for Claims
Resolution, a settlement consortium of
twenty of the asbestos defendants. The
plaintiff achieved settlement of their present
inventory of cases through the class
settlement and had negotiated an agreement
to handle future claims in behalf of the class
as claims, utilizing exposure and medical

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

criteria. While the Third Circuit rejected this as a class action, the Sixth Circuit was affirming a similar action involving Fibreboard, Inc. as the defendant in the case of *Ahearn v. Fibreboard, Corp.*

FN6. Plaintiffs' motion was accompanied by an affidavit executed by Louis S. Robles, Esq. setting forth many of these statements. A similar affidavit executed by Stuart D. Fried, Esq. was attached to the motion before the Panel. Oddly enough, neither Mr. Robles or Mr. Fried appeared before this Court for the hearing on the motion, nor did they request a continuance.

This Court is familiar with the undertakings of the Court and with counsel who have appeared before it. Early in this process, plaintiffs' counsel (Mr. Robles) did have an opportunity to seek this Court's assistance in a settlement with Owens Corning (one of the major defendants). Since that successful intervention by the Court, there have been few contacts made by plaintiffs' firm to the Court. Nonetheless, the Court has continued to encourage several of the defendants to work out settlements with the Robles & Gonzalez firm. In many instances, this has led to successful negotiations.

At the hearing, Mr. Bauta stated that his firm has in fact settled with some of the non-major defendants and that they have a long-term relationship with these settling parties. The Court is aware that a continuum of settlement orders have been filed in the Robles & Gonzalez cases whereby settlement has been achieved with defendants Foster Wheeler, Babcock & Wilcox, U.S. Mineral, Garlock, Crown Cork & Seal, Flintkote and Combustion Engineering.

Plaintiffs have settled with many of the defendants in the litigation considered to be majors [FN7] as well. The Court is unsure of the numbers, but knows that many settlements have passed through with Fibreboard as the settling party.

FN7. The major defendants are generally those which pay higher dollars in a vast multitude of jurisdictions and cases. They include Center for Claims Resolution, Owens Corning, Owens-Illinois, Pittsburgh Corning and Fibreboard Corporation. Johns-Manville Corporation was the first of the majors, but bankruptcy has substantially

lessened its role in the litigation.

Mr. Bauta also provided that his firm has settled more than 2,100 cases with Center for Claims Resolution which is a major defendant in the litigation representing a group of twenty manufacturers and suppliers. Although Mr. Bauta represented that his firm had only settled 496 cases with Owens-Illinois, counsel for Owens-Illinois submitted that their company had resolved 2,849 state and federal cases, of which more than 1,460 were federal actions in the MDL. Owens-Illinois' counsel further pointed out that more than 65% of these cases were dismissed without prejudice as to Owens-Illinois because they were pleural only [FN8]. Counsel for Owens-Illinois further advised the Court that, but for the MDL, these settlements would not have occurred.

FN8. Pleural disease is most often an asymptomatic scarring of the pleura--a tissue thin membrane surrounding the lung. Many states, including Pennsylvania, do not allow for a cause of action based upon this condition alone if it is asymptomatic. It can only be discovered through x-ray and, in and of itself, does not pose a health risk or impairment.

*3 Upon reviewing the motion and affidavits of plaintiffs' counsel, and after hearing the testimony and arguments presented to the Court, this Court is of the belief that the actual facts fail to give much support to the position of the plaintiffs. In fact, plaintiffs have made great strides toward settlement of their cases, including their non-serious claims, and this has been as a result of the efforts of the MDL. It is interesting to note that few plaintiffs' counsel have joined in this motion. All counsel who have cooperated with each other and have diligently pursued their cases and claims, and have sought the aid of the Court, have achieved a successful conclusion for their clients. We commend all counsel who have been cooperative with each other and the Court, and we urge others to continue to follow this same path so that we can continue to resolve the remaining cases without additional and needless expenditure of either time or money.

### ORDER

For the reasons set forth in this Court's Memorandum Opinion this date, Plaintiff's Motion

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

1996 WL 539589
(Cite as: 1996 WL 539589 (E.D.Pa.))

For Suggestion Of Remand Of All MDL 875 Cases
filed by the law firm of Robles & Gonzalez, P.A., on
June 28, 1996, IS DENIED.

1996 WL 539589, 1996 WL 539589 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works