JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 30 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET No. 875**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**SEE SCHEDULE CTO-217 CASES ATTACHED AS EXHIBIT 1**

**OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-217**

## I. INTRODUCTION

Defendant Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this Opposition to plaintiffs' motion to vacate Conditional Transfer Order ("CTO") 217.

Plaintiffs' motion should be denied for the following reasons: First, plaintiffs have not complied with the motion requirements set forth in Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. They have neither submitted a proper points and authorities in support of their motion nor have they submitted any factual or legal contentions. Second, plaintiffs state *no* reason that transfer is inappropriate. Instead, plaintiffs' motion simply references their pending remand motion in the transferor court. Plaintiffs seem to think that filing a remand motion precludes transfer -- but this Panel has directly addressed *and* denied that very same argument. This Panel has consistently ruled it would not postpone a transfer decision because remand (or other) motions were pending in the transferor court. See, *e.g.*, In *re New Mexico Natural Gas Antitrust Litigation*, 482 F. Supp. 333 (Jud.Pan.Mult.Litig. 1979) ("*NMNGAL*"). Third, plaintiffs improperly ask this Panel to rule on their motions to remand -- something this Panel has no jurisdiction to do. Finally, although plaintiffs attach exhibits

RECEIVED
CLERK'S OFFICE
2002 SEP 30 A 11:17
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

PLEADING NO. 3721

64333.00001
392181.1

OFFICIAL FILE COPY

IMAGED OCT 2 '02

referencing prior pleadings to their motion as "evidence" in support of their motion, plaintiffs have failed to request judicial notice under Rule 201 of the Federal Rules of Evidence and therefore plaintiffs' exhibits should be stricken.

Plaintiffs' motion to vacate should be denied and permanent transfer of these cases to MDL-875 *In Re Asbestos Products Liability Litigation (No. VI)*, should be ordered by this Panel.

## II. FACTUAL BACKGROUND

This Panel has ordered that the 148 cases designated by this Court as "Schedule CTO 217-Tag Along Cases" (see Exhibit 1) be conditionally transferred to the Eastern District of Pennsylvania for inclusion in the centralized proceedings before Judge Charles R. Weiner.

The present cases all involve common questions of fact and law with those asbestos-related personal injury actions in MDL 875. All 148 cases involve allegations of personal injury caused by asbestos exposure and therefore are indisputably tag-along actions to those cases already on Judge Weiner's docket. Transfer will therefore conserve judicial resources, promote judicial economy, serve the convenience of parties and witnesses, and ensure the just and efficient conduct of the litigation.

## III. DISCUSSION

### A. These Cases Are "Tag-Along" Actions Of The Exact Type The Judicial Panel Has Designated For Transfer.

Since July 1991, federal cases involving allegations of personal injury or wrongful death caused by asbestos have been centralized in a single forum, the Eastern District of Pennsylvania. See *In re Asbestos Products Liability litigation (No. VI)*, Opinion and Order, Docket No. 875 (July 29, 1991). This effort towards economizing federal judicial resources applies to all "tag-along actions," where "common questions of fact" are involved in "a civil action pending in a district court." *See* MDL Rules 1.1, 7.4.

Asbestos cases "are particularly well-suited for multidistrict transfer, *even where their presence in federal court is subject to a pending jurisdictional objection.* The jurisdictional issue

in question is easily capable of arising in hundreds or even thousands of cases throughout the nation. That issue, however, involves common questions of law and fact. . . ." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (emphasis added).

The 148 virtually identical actions at issue all involve personal injury claims arising from alleged exposure to asbestos-containing products. The boilerplate complaints filed on behalf of these plaintiffs state facts and allege causes of action based on legal issues raised in most, if not all, asbestos cases. Thus, the factual and legal inquiries involving plaintiffs here will mirror those of the plaintiffs in the tens of thousands of asbestos cases already assigned to the MDL Court for pretrial proceedings. In the interest of efficiency, the economy of the courts and the parties – all particularly pertinent in asbestos litigation -- transfer is appropriate.

**B. The Pendency of a Motion for Remand to State Court is Not a Proper Basis for Denial of Transfer.**

Plaintiffs raise no objection to the transfer procedure. They do not and cannot dispute the fact that these cases are tag-along actions under the MDL Rules. They cannot argue the MDL process was not set up specifically to handle just the type of cases they have brought. In fact, plaintiffs do not actually oppose the *transfer* here -- they simply note that they oppose the timely and appropriate *removal* of these cases; then they improperly ask this Panel to decide their remand motion. By their own admission, this is their *only* ground to vacate the CTO: "The basis for Plaintiffs' Motion is that the Utah Asbestos Cases that were conditionally removed to this Court were improperly removed . . ." *See* Plaintiffs' Consolidated Motion to Vacate Conditional Transfer Order (CTO-217) ("Plaintiffs' Brief") at 2. Plaintiffs' objections are a *non sequitur* in the context of the CTO and this Panel's jurisdiction. This Panel has expressly and consistently ruled that it would not postpone a decision to transfer because motions are pending. *See Ivy*, 901 F.2d at 8-9; *NMNGAL,* 482 F. Supp. 333, 336 ("We see no reason to delay transfer in this litigation because of the pendency (of a motion to dismiss) in the Texas action or because of the pendency of other motions in actions in the transferee district. All the motions can be presented to and decided by the transferee judge after transfer."). Nor does this Panel have jurisdiction

64333.00001
392181.1

over plaintiffs' motions; that authority rests in Judge Weiner's court, and Judge Weiner has already ruled on many such motions in cases on his docket.

The Judicial Panel and the federal courts have clearly spoken regarding the propriety of multidistrict transfer and consolidation of asbestos cases. Indeed, this Panel has ordered transfers in cases raising the exact same issue:

> Before the MDL Panel, petitioners moved to vacate the Conditional Transfer Order. They also moved in the (District Court) to remand the action to the Texas State court, but the district court declined to rule on the remand motion, stating that it would defer to the decision of the MDL Panel. The MDL Panel thereafter . . . issued a Transfer Order . . . .
>
> The MDL Panel based its decision to transfer on its findings "that *Ivy* involves common questions of fact with the actions in this litigation previously transferred . . . and that transfer of *Ivy* . . . for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."

*Ivy*, 901 F.2d at 8 (quoting *In re "Agent Orange" Prod. Liab. Litig.*, No. 381, slip op. at 1 (Jud.Pan.Mult.Litig. 1989)). Thus, in *Ivy*, the Panel found that transfer was proper despite a pending motion to remand to state court. As there, so here. The Panel acknowledged "that the plaintiffs' motion to remand to Texas state court could be heard and decided by the transferee judge . . . ." *Id.*

Judge Weiner can and should hear and rule upon any pretrial motions, including motions to remand to state court. His expertise and experience in handling tens of thousands of these cases and the overriding need for uniformity of decision in similar actions compels this conclusion. This is especially crucial where (like here) questions of federal jurisdiction arise, and inconsistent rulings in nearly identical cases could create great conflict and controversy. The *Ivy* court agreed: "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." *Id.* at 9.

It is precisely the potential for inconsistency and conflict that multidistrict consolidation will, and is, intended to prevent. Congress recognized this when it found centralization best

serves all asbestos litigants and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This Panel has recognized the exceptional need for consolidation here, when it held that one of "[t]he most objectionable aspects of asbestos litigation [is that] . . . the same issues are litigated over and over." *In re Asbestos Products Liability Litigation (No. VI)*, Opinion and Order, Docket #875, at 6.

The transferee MDL Court has a great wealth of knowledge and a special ability, born of experience, to analyze the issues presented, some of which may be relevant only in asbestos cases, and therefore not so obvious to other courts. This expertise is invaluable. *See Ivy*, 901 F.2d at 9 ("there are real economies in transferring such cases to" a judge who has been handling similar litigation for a significant time).

Nor does the existence of pending motions alter the virtues of transfer or compromise its goal of judicial economy. In its initial opinion creating the MDL docket, this Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Apr. 17, 2002) (transfer order), at 1-2, citing *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415 (Jud.Pan.Mult.Litig. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. *See, e.g., In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs . . . have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court is just as competent as the transferor court to decide

---

[1] *See, e.g., In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Feb. 19, 2002) (transfer order), at 1; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Dec. 13, 2001) (transfer order), at 1-2.

expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-217 with respect to this case. For these reasons, the Panel should deny plaintiffs' motion.

### C. Plaintiffs Inappropriately Address the Merits of the Remand Motion

Plaintiffs attempt to use this forum to argue the merits of remand of these cases to the Utah State Court and request this Panel to rule on their remand motion. Plaintiffs' Brief, at 2. There is no legal basis for such a request. This Panel is not charged with authority to decide motions for remand filed in a transferor court. If it was, Owens-Illinois would argue (as it has in opposition to the remand motion) that the cases properly belong in federal court. Rather than meet plaintiffs' inappropriate arguments, Owens-Illinois simply notes that since that issue is not part of this Panel's charge, plaintiffs' brief on that issue cannot, and should not, be considered in deciding to transfer these actions to the MDL Court.

Additionally, plaintiffs ask this Panel to review their remand motion, and attach ther motion and memorandum of points and authorities to their brief seeking to vacate the CTO. Plaintiffs' Exhibits "B" and "C" attached to Plaintiffs' Brief. Plaintiffs have failed, however, to properly request judicial notice of these documents, and thus the Court should not consider them.

## IV. CONCLUSION

Based on the foregoing, Owens-Illinois urges the Panel to issue a final order transferring these tag-along actions to the Eastern District of Pennsylvania. Both the MDL Panel and the Second Circuit have held that the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." *Ivy*, 901 F.2d at 9. Here the MDL Court has the identical jurisdictional question already under submission in other cases, and has already decided the issue multiple times. Since it is unquestionable that

these are tag-along actions in federal court, the Motion to Vacate the Conditional Transfer Order should be denied.

Respectfully submitted,

Dated: September 27, 2002

MORGENSTEIN & JUBELIRER LLP

By: ______________________

Bruce A. Wagman
[Cal . State Bar No. 159987]
Morgenstein & Jubelirer LLP.
One Market Plaza
Spear Street Tower, 32nd FL.
San Francisco, CA 94105
(415) 901-8700

Attorneys for Defendant
Owens-Illinois, Inc.

64333.00001
392181.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 30 2002

FILED
CLERK'S OFFICE

**EXHIBIT 1**

# SCHEDULE CTO-217 - TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DISTRICT | DIV | CIVIL ACTION# |
|---|---|---|
| UTAH | | |
| UT | 2 | 02-715 |
| UT | 2 | 02-716 |
| UT | 2 | 02-717 |
| UT | 2 | 02-718 |
| UT | 2 | 02-719 |
| UT | 2 | 02-720 |
| UT | 2 | 02-721 |
| UT | 2 | 02-722 |
| UT | 2 | 02-723 |
| UT | 2 | 02-724 |
| UT | 2 | 02-725 |
| UT | 2 | 02-726 |
| UT | 2 | 02-727 |
| UT | 2 | 02-728 |
| UT | 2 | 02-729 |
| UT | 2 | 02-730 |
| UT | 2 | 02-731 |
| UT | 2 | 02-732 |
| UT | 2 | 02-733 |
| UT | 2 | 02-734 |
| UT | 2 | 02-735 |
| UT | 2 | 02-736 |
| UT | 2 | 02-737 |
| UT | 2 | 02-738 |
| UT | 2 | 02-739 |
| UT | 2 | 02-740 |
| UT | 2 | 02-741 |
| UT | 2 | 02-742 |
| UT | 2 | 02-743 |
| UT | 2 | 02-744 |
| UT | 2 | 02-745 |
| UT | 2 | 02-746 |
| UT | 2 | 02-747 |
| UT | 2 | 02-748 |
| UT | 2 | 02-749 |
| UT | 2 | 02-750 |
| UT | 2 | 02-752 |
| UT | 2 | 02-753 |
| UT | 2 | 02-754 |
| UT | 2 | 02-755 |
| UT | 2 | 02-756 |
| UT | 2 | 02-757 |
| UT | 2 | 02-758 |
| UT | 2 | 02-759 |
| UT | 2 | 02-760 |
| UT | 2 | 02-761 |
| UT | 2 | 02-762 |
| UT | 2 | 02-763 |
| UT | 2 | 02-764 |
| UT | 2 | 02-773 |
| UT | 2 | 02-774 |
| UT | 2 | 02-775 |
| UT | 2 | 02-776 |
| UT | 2 | 02-777 |
| UT | 2 | 02-778 |
| UT | 2 | 02-779 |
| UT | 2 | 02-780 |
| UT | 2 | 02-781 |
| UT | 2 | 02-782 |
| UT | 2 | 02-783 |
| UT | 2 | 02-784 |
| UT | 2 | 02-785 |
| UT | 2 | 02-786 |
| UT | 2 | 02-787 |
| UT | 2 | 02-788 |
| UT | 2 | 02-789 |
| UT | 2 | 02-790 |
| UT | 2 | 02-791 |
| UT | 2 | 02-792 |
| UT | 2 | 02-793 |
| UT | 2 | 02-794 |
| UT | 2 | 02-795 |
| UT | 2 | 02-796 |
| UT | 2 | 02-797 |
| UT | 2 | 02-798 |
| UT | 2 | 02-799 |
| UT | 2 | 02-800 |
| UT | 2 | 02-801 |
| UT | 2 | 02-802 |
| UT | 2 | 02-803 |
| UT | 2 | 02-804 |
| UT | 2 | 02-805 |
| UT | 2 | 02-806 |
| UT | 2 | 02-807 |
| UT | 2 | 02-808 |
| UT | 2 | 02-809 |
| UT | 2 | 02-810 |
| UT | 2 | 02-811 |
| UT | 2 | 02-812 |
| UT | 2 | 02-813 |
| UT | 2 | 02-814 |
| UT | 2 | 02-815 |
| UT | 2 | 02-816 |
| UT | 2 | 02-817 |
| UT | 2 | 02-818 |
| UT | 2 | 02-819 |
| UT | 2 | 02-820 |
| UT | 2 | 02-821 |
| UT | 2 | 02-822 |
| UT | 2 | 02-823 |
| UT | 2 | 02-824 |
| UT | 2 | 02-825 |
| UT | 2 | 02-826 |
| UT | 2 | 02-827 |
| UT | 2 | 02-828 |
| UT | 2 | 02-829 |
| UT | 2 | 02-830 |
| UT | 2 | 02-831 |
| UT | 2 | 02-832 |
| UT | 2 | 02-833 |
| UT | 2 | 02-834 |
| UT | 2 | 02-835 |
| UT | 2 | 02-836 |
| UT | 2 | 02-837 |
| UT | 2 | 02-838 |
| UT | 2 | 02-839 |
| UT | 2 | 02-840 |
| UT | 2 | 02-841 |
| UT | 2 | 02-842 |
| UT | 2 | 02-843 |
| UT | 2 | 02-844 |
| UT | 2 | 02-845 |
| UT | 2 | 02-846 |
| UT | 2 | 02-847 |
| UT | 2 | 02-848 |
| UT | 2 | 02-849 |
| UT | 2 | 02-850 |
| UT | 2 | 02-851 |
| UT | 2 | 02-852 |
| UT | 2 | 02-853 |
| UT | 2 | 02-854 |
| UT | 2 | 02-855 |
| UT | 2 | 02-856 |
| UT | 2 | 02-857 |
| UT | 2 | 02-858 |
| UT | 2 | 02-859 |
| UT | 2 | 02-860 |
| UT | 2 | 02-861 |
| UT | 2 | 02-862 |
| UT | 2 | 02-863 |
| UT | 2 | 02-864 |
| UT | 2 | 02-865 |
| UT | 2 | 02-866 |
| UT | 2 | 02-867 |
| UT | 2 | 02-868 |
| UT | 2 | 02-869 |
| UT | 2 | 02-870 |
| UT | 2 | 02-871 |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 30 2002

FILED
CLERK'S OFFICE

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 27th day of September 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid, as well as to those individuals identified on the attached list of "Involved Counsel for Scheduled CTO-217, Docket No. 875, In Re Asbestos Products Liability Litigation (No. VI):

Brent O. Hatch, Esq.
Mark F. James, Esq.
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT 84101
[Attorneys for Plaintiff]

Todd S. Winegar, Esq.
201 South Main Street, Suite 900
Salt Lake City, UT 84110
[Attorneys for Rapid American Corp.]

D. Matthew Moscon, Esq.
Stoel Rieves
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
[Attorneys for Minnesota Mining & Manufac.]

Paul H. Matthews, Esq.
Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, UT 84111
[Attorneys for Metropolitan Life Ins.]

Elizabeth S. Conley, Esq.
Parsons Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
P. O. Box 45898
Salt Lake City, UT 84145
[Attorneys for Georgia Pacific Corp.]

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, UT 84111-3331
[Attorneys for Honeywell; Allied Signal]

Mark J. Williams, Esq.
Plant Wallace Christensen & Kanell
136 East South Temple, Suite 1700
Salt Lake City, UT 84111
[Attorneys for Wheeler Energy Corp.]

Andrew M. Morse, Esq.
Snow, Christensen & Martineau
10 Exchange Place, Suite 1100
P. O. Box 45000
Salt Lake City, UT 84145
[Attorneys for Combustion Eng.]

Joseph J. Joyce, Esq.
Strong & Hanni
9 Exchange Place, 6th Floor
Salt Lake City, UT 84111
[Attorneys for Flintkote Company]

RECEIVED
CLERK'S OFFICE
2002 SEP 30 A 11:17
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

I declare that the foregoing is true and correct.

Gloria Cheng

64333.00001
392181.1

# PANEL SERVICE LIST (CTO-217)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Eric Ames
Western Environmental Law Center
1807 Second Street, #8
Sante Fe, NM 87505

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brent O. Hatch
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Neil C. Ludman
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Paul H. Matthews
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Peter J. McKenna
Skadden, Arps, Slate, Meagher
& Flom
Four Times Square
New York, NY 10036

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406