JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 1 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION IN RE ASBESTOS

PRODUCTS LIABILITY LITIGATION (NO. VI) (SEE ATTACHED SCHEDULE OF CASES)

RE: CONDITIONAL TRANSFER ORDER (CTO-217)

| | |
|---|---|
| GEORGE ABBOTT AND CAROLYN ABBOTT, et al. (all other Plaintiffs in cases subject to CTO-217),, <br><br>Plaintiffs, <br><br>v. <br><br>ASBESTOS DEFENDANTS, | MEMORANDUM IN OPPOSITION TO PLAINTIFFS' CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-217) <br><br>Conditional Transfer Order (CTO-217) |

Defendant 3M Company, by and through counsel, hereby responds to and opposes plaintiffs George and Carolyn Abbott's Motion to Vacate Conditional Transfer Order (CTO-217) previously filed in this matter.

### BACKGROUND

1. On July 26, 2002, Defendant Owens-Illinois removed approximately 149 cases from the Third District Court for the State of Utah to the Federal Court for the District of Utah, ("the Cases"), on the basis of diversity jurisdiction. The remaining defendants joined in that removal.

OFFICIAL FILE COPY
IMAGED OCT 3 '02

2. The Cases were commenced by the filing of 149 nearly identical short form complaints which incorporate a single Master Complaint filed by Ness Motley Loadholt and Poole, and which differ only in the particular causes of action the various plaintiffs adopt and "opt into."

3. On August 2, 2002, Owen-Illinois filed a Notice of Potential Tag Along cases regarding the Cases with this Panel.

4. On August 28, 2002, the Panel issued Conditional Transfer Order No. 217 (the "CTO") conditionally transferring these Cases to the Ninth District Litigation for Asbestos cases pending before the Honorable Charles R. Weiner.

5. On August 16, 2002, plaintiffs filed a single motion to remand the Cases in the Utah Federal District Court in Abbott v. Asbestos Defendants, and joined the result of that motion in the remaining 148 Cases. Plaintiffs' concede the existence of diversity jurisdiction. The sole ground alleged for remand was timeliness of Defendants' removal papers. A copy of 3M's opposition to that motion to remand is attached as Exhibit A.

6. On September 11, 2002, plaintiffs filed the pending motion to vacate the conditional transfer order. The sole ground alleged for vacating the CTO is that plaintiffs have filed a motion to remand in the federal district court for Utah.

## ARGUMENT

### I. PLAINTIFFS HAVE STATED NO VALID REASON WHY THE CTO SHOULD BE VACATED; THE CASES SHOULD BE TRANSFERRED

Plaintiffs' have asked this Panel to vacate CTO No. 217 for the sole reason that they have filed or joined a motion to remand the Cases to state court. (Plaintiff Memo at 2). No analysis is provided as to why the Cases should not otherwise be transferred to the MDL. The Cases all incorporate a single Master Complaint which alleges injuries purportedly suffered as a result of exposure to asbestos. No argument is made that the Cases differ factually or legally from those

already consolidated in the MDL. Because plaintiffs' single argument for vacating the CTO is that a motion to remand has been filed, this Panel should summarily deny plaintiffs' motion and transfer these Cases to the MDL as more fully discussed below.

### A.  A PENDING MOTION TO REMAND DOES NOT PRECLUDE OR INTERFERE WITH TRANSFER

This Panel has ruled repeatedly that cases should be transferred even if remand or other jurisdictional motions are pending in the federal district court. *See, e.g., In re Asbestos Prods, Liab. Litig.,* 170 F. Supp. 2d 1348, 1349 & n. 1 (J.P.M.L. 2001) (ordering transfer and noting that pending remand motion can be presented to and resolved by transferee court). Likewise, the Panel has often ruled that although transferor courts may rule on a motion to remand, *see In re Asbestos Prods.,* 170 F. Supp. 2d at 1349 n.1, the transferee judge (i.e. Judge Weiner) should do so if the cases present common factual issues. *See, e.g., In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.,* 1999 U.S. Dist. LEXIS 20185, at *3 (J.P.M.L. Dec. 22, 1999) (noting that pending remand motion can be decided by transferee judge); *In re Albertson's, Inc., Employment Practices Litig.,* 1998 U.S. Dist. LEXIS 6377, at *2 (J.P.M.L. May 4, 1998) (same).

The questions of fact and law applicable to the motion for remand pending before this Court are the same in all of the cases subject to CTO-217. The only unresolved issue, which according to plaintiffs would preclude transfer to the MDL, is that motion to remand. The sole issue raised in the motion to remand is that the removal papers (which were filed simultaneously for all 149 cases) were untimely. Because of the uniform fact pattern for all of the Cases, in this scenario, the Panel should not vacate the conditional transfer, but rather, finalize the transfer of the Cases to the MDL and permit the transferee Judge to decide the removal issue. *E.g. Lutheran Bhd* 1999 U.S. Dist. LEXIS 20185 at 3.

Simply stated, plaintiffs' have stated no grounds for delaying the transfer of these Cases, and certainly have given no justification for vacating CTO No. 217. As this Panel has previously

explained, "distinctions [to avoid transfer] based upon such matters as the pending of motions or other matters before the transferor court" do not provide a basis "for carving out exceptions to transfer . . . ." *In re Asbestos Prods. Liab. Litig.* (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order at 1-2). As stated by the Second Circuit Court of Appeals, the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." *In re Ivy.* 901 F.2d 7, 9 (2d Cir. 1990). Accordingly, plaintiffs' motion should be denied.

## CONCLUSION

For all the foregoing reasons, and due to the absolute lack of authority or analysis provided by plaintiffs' to justify an order vacating the CTO, plaintiffs' motion should be denied and the Cases should be transferred to the MDL.

Respectfully submitted,

_____
Robert N. Sayler
Eric Hellerman
Kimberly K. Egan
COVINGTON & BURLING
1201 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel: 202-662-6000
Fax: 202-662-6391

Attorneys for Defendant 3M

D. Matthew Moscon (6947)
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

Attorneys for Defendant 3M



IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| GEORGE ABBOTT AND CAROLYN ABBOTT,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS DEFENDANTS. | OPPOSITION TO PLAINTIFFS' MOTION TO REMAND<br><br>Case No. 2:02CV715 DB |

### 3M COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Defendant 3M Company, formerly known, and sued here as, Minnesota Mining and Manufacturing Company ("3M"), respectfully submits its opposition to plaintiffs' motion to remand.[1]

Following the filing of 148 identical complaints in the Third District Court for the State of Utah, defendant Owens-Illinois removed these cases to federal court. There is no question that complete diversity exists among the parties to these suits, and plaintiffs' motion to

---

[1] As this Court is aware, plaintiffs filed approximately 148 identical short form complaints relating to alleged asbestos injuries, the lowest case number of which is this matter, George and Carolyn Abbott v. Asbestos defendants. Although plaintiffs' current motion was filed only in this matter, it was joined in the remaining cases. 3M has responded to this motion based upon its understanding that the other plaintiffs (i.e. the remaining 147 cases) have joined in the outcome of this motion

remand concedes that they allege their claims to be worth more than $75,000. Accordingly, it is not disputed that defendants' removal was proper, and that the only issue presented by this motion is whether it was timely. Plaintiffs' argument that these cases should be remanded on the ground that the removal was untimely is refuted by the undisputed fact that the removal was filed within 30 days of the plaintiffs' refusal of the defendants' request that they stipulate that the amount in controversy is less than $75,000 or that they admit that the amount exceeds $75,000. Therefore the removal was timely as well as proper, and the motion for remand should be denied.

## BACKGROUND

This is one of approximately 148 personal injury cases filed by plaintiffs between August 28, 2001 and September 12, 2001 in which plaintiffs filed identical complaints naming over twenty (20) defendants. 3M accepted service of these complaints on November 22, 2001. No defendant is alleged to be a Utah resident. The complaints contain no allegations about the amounts in controversy, damages sought, the plaintiffs' work histories, or alleged wages lost, medical expenses or actual disabilities. Indeed, the complaints contain no averments whatsoever concerning the amounts in controversy.

On June 14, 2002, defendant Owens-Illinois, Inc. asked plaintiffs to stipulate that the amount in controversy in theses cases was less than $75,000. See Exhibit A hereto. Plaintiffs refused to execute the stipulation. See Exhibit B hereto. On the same date, Owens-Illinois also asked plaintiffs to admit that they sought "damages which exceed the jurisdictional amount pursuant to 28 U.S.C. § 1332(a) or $75,000." See Exhibit C hereto. On July 16, 2002, plaintiffs refused this request as well, in a written response asserting the frivolous ground that the request was "vague and ambiguous." See Exhibit D hereto. On July 26, 2002, ten days after plaintiffs served their written refusal to stipulate to the amount in controversy and refused to

2

answer defendants' Requests for Admissions, Owens-Illinois filed its Notice of Removal. 3M and the other defendants joined in the removal. The removal papers noted that according to the complaints filed in these matters, all plaintiffs are Utah residents and none of the defendants is a Utah resident. Notice at ¶ 13. The removal notice also included records of jury verdicts in cases brought by persons other than plaintiffs with diseases similar to those alleged by plaintiffs as support for its assertion that the amount in controversy exceeded $75,000.

In their motion to remand, plaintiffs do not dispute that complete diversity exists. They do not dispute that the amount in controversy exceeds $75,000. Rather, plaintiffs' only basis for remand is their inaccurate argument that defendants missed the 30-day deadline provided for in the first paragraph of Section 28 U.S.C. § 1446(b) because (i) they did not remove the cases within 30 days after receiving the initial pleading, or (ii) the 30-day deadline provided for in the second paragraph of Section 1446(b) has not yet begun to run because there is no "other paper" indicating that the amount in controversy exceeds $75,000. Plaintiffs are wrong on both counts. The initial pleadings did not allege facts sufficient to trigger the removal period. Rather, the removal period was triggered by plaintiff's response to discovery and stipulation requests, only ten days before the removal notice was filed.[2]

## ARGUMENT

Plaintiffs' mutually exclusive arguments – (a) that defendants' removal is late because they did not remove within 30 days of receiving the initial pleadings and because

---

[2] Additionally, 3M agrees with Owens-Illinois and Georgia Pacific that the remand issue would be most efficiently decided by waiting for a final determination of the MDL status of these cases. The MDL panel can and will rule on propriety of removal, and that panel has already exercised concurrent jurisdiction over the matter with this Court by issuing the Conditional Transfer Order transferring this (and the remaining cases) to the MDL.

3

defendants should have known from the outset that the amount in controversy exceeded $75,000; and (b) that defendants' removal is premature because there has not been any "other paper" sufficient to show that diversity jurisdiction exists –are both wrong.

### A. Plaintiffs' Initial Pleadings Did Not Trigger the 30-Day Removal Period Because They Were Silent About the Amount in Controversy

Plaintiffs' claim that the removal is untimely because the time began to run as soon as the defendants received the initial pleading. This assertion is wrong. Plaintiffs' complaint did not state any amount in controversy nor did it provide any information from which defendants could ascertain the amount in controversy. The complaint contains no allegations about the amounts of damages sought, plaintiffs' work histories, wages lost, medical expenses, or disabilities.

A defendant cannot remove an action based on the initial pleading unless the initial pleading contains some indication that federal jurisdiction exists. Huffman v. Saul Holdings Ltd. Partnership, 194 F.3d 1072, 1077 (10th Cir. 1999) (holding that an initial pleading does not trigger removal deadline if allegations are such that defendants "could only guess as to whether [plaintiffs'] claim[s] exceeded $75,000."); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1035 (10th Cir. 1998); Debry v. Transamerica Corp., 601 F.2d 480, 490 (10th Cir. 1979). If, as here, there is no such indication, then the 30-day deadline provided for in the first paragraph of Section 1446(b) does not begin to run from service of the complaint. Huffman, 194 F.3d at 1077; Akin, 156 F.3d at 1035; Debry, 601 F.2d at 490. Because plaintiffs' complaint provided no indication that the amount of controversy exceeded $75,000, its service did not trigger the 30-day removal period.

4

**B. Defendants Had No Obligation to Investigate the Amount in Controversy at the Initial Pleading Stage**

Plaintiffs' assertion that defendants could have determined the amount in controversy just as easily a year ago as now, despite the complaint's silence on the subject, is refuted by the applicable law. A defendant is not obligated to "investigate and determine removability" where the initial pleadings are unclear. Akin 156 F.3d at 1036. Instead, the Tenth Circuit requires either "clear and unequivocal notice" from the pleading itself, or a subsequent "other paper" that contains "clear and unequivocal notice" to the defendants of the requisite jurisdictional facts. Id.; Huffman, 194 F.3d at 1077-78; see also Bosky v. Kroger Texas, L.P., 288 F.3d 208, 211 (5th Cir. 2002). The Bosky court explained that this rule reduces the risk that defendants faced with an ambiguous record will file "protective removals" and also reduces the risk that plaintiffs will deprive defendants of an opportunity to remove by purposefully keeping their pleadings ambiguous. 288 F.3d at 211. In other words, it is a plaintiff's duty to inform defendants of the amount in controversy, not the other way around.

That the defendants went beyond what the law required of them and cited historical jury verdict statistics to support their removal claims does not relieve plaintiffs from their burden. Federal courts have repeatedly held that what a defendant could have known, or knowledge of similar cases, does not trigger the removal period. "The relevant test is not what the defendant purportedly knew, but what the documents said .... [T]he value of other actions . . . is irrelevant." Sprague v. American Bar Ass'n, 166 F. Supp. 2d 206 (E.D. Pa. 2001); see also, e.g., Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993); Entrekin v. Fisher Scientific Co., 146 F. Supp. 2d 594 (D. N.J. 2001); Vartanian v. Terzian, 960 F. Supp. 58 (D. N.J. 1997). Plaintiffs' suggestion to the contrary amounts to no more than procedural legerdemain.

5

C.  **Plaintiffs' Objection to the Request to Admit and their Refusal To Stipulate with Respect to the Amount in Controversy Constituted the "Other Paper" that Triggered the Commencement of the 30-Day Removal Period**

Plaintiffs' belief that their refusal to stipulate or admit to the amount in controversy did not trigger the 30-day time period is also mistaken. Section 1446(b) of Title 28 allows a defendant to remove an action to federal court within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," provided such removal occurs within one year after the action was commenced. 28 U.S.C. § 1446(b). Plaintiffs' refusal to stipulate that their claims were worth less than $75,000 and their simultaneous written refusal to admit that the claims sought $75,000 commenced the 30-day removal period under Section 1446(b). See Huffman, 194 F.3d at 1077-78 ("the removal period does not begin until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts . . . ." (internal quotations omitted); DeBry v. Transamerica Corp., 601 F.2d 480, 489 (10th Cir. 1979) ("If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design.").

On June 14, 2002, defendants asked the plaintiffs to stipulate that the amount in controversy was less than $75,000. The plaintiffs refused that request. Notice at ¶ 13. On June 14, defendants duly served on plaintiffs a Request to Admit that amount in controversy was over $75,000. On July 16, 2002, plaintiffs served a written response which denied the clearly worded request as vague and ambiguous.[3] See Exhibit D hereto.

---

[3] Owens-Illinois' exact request was: "Admit that plaintiff(s) in the above-captioned action seek damages which exceed the jurisdictional amount pursuant to 29 U.S.C. § 1332(a) or $75,000." Plaintiffs written response was: "Plaintiffs object to the request as vague and ambiguous and incapable of an accurate response on that basis denies the same. In particular, the

A plaintiff's "refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount" is sufficient evidence of the jurisdictional amount to support removal. Hanna v. Miller, 163 F. Supp. 2d 1302 (D. N. Mex. 2001); cf. Akin, 156 F.3d at 1036 (stating that "unequivocal" notice could come from an answer to an interrogatory). As the Bosky court explained, plaintiffs should not be permitted to keep the record regarding the amount in controversy vague simply to defeat defendants' rights of removal. See Bosky, 288 F.3d at 211.

Plaintiffs' refusal to stipulate or to admit that the amount of damages sought was less than $75,000 was the first paper in this case that gave defendants' notice that plaintiffs contend that the jurisdictional amount required for diversity jurisdiction is satisfied in this case. Defendants filed their removal notice ten days later. The removal is timely.[4]

### D. The Defendants Should Not be Required to Bear Plaintiffs' Costs or Fees

Plaintiffs' contention that they are entitled to have all of their costs and fees associated with filing the present Motion to Remand taxed against Owens-Illinois is wrong. It is premised on the inaccurate assertion that in any situation where a case is remanded the removing party must bear the costs of the party seeking remand. That is no the law in this Circuit.

First and foremost, for the reasons set forth above, these cases should not be remanded because removal was proper and timely. The only objection to removal posited by plaintiffs was timeliness. That objection has no merit in light of the "other paper" provision of 28 U.S.C. § 1446 (b) and case law interpreting that provision to include discovery responses or refusals to stipulate to damage below the jurisdictional amount. See, e.g., Hanna, 163 F. Supp 2d

---

admission request does not state whether its seeks the total damages of all defendants or those sought only as to defendant Owen-Illinois".

[4] 3M also adopts the arguments of Owens-Illinois and Georgia Pacific on this point as set forth in their Memorandum in Opposition to Motion to Remand.

7

at 1304. Nevertheless, if this Court does remand these cases, an award of costs and fees still would not be justified. Contrary to plaintiffs' arguments, an award of fees is not automatic. Rather, it is a matter to be weighed and determined in the Court's *discretion*. Indeed, the statutory language providing the possibility for an award of fees states that a court "*may* require payment of *just* costs... incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). The very case plaintiffs cited for the proposition that costs should be awarded for any remand upheld the trial court's decision *not* to award costs and fees despite the fact that the case was being remanded. Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 324 (10th Cir. 1994).

Furthermore, any ambiguity as to the timing of removal or the amount in controversy in these cases was occasioned by plaintiffs' own attempts to conceal the true amount of damages they seek by making frivolous objections to plain discovery requests and refusing to stipulate to the amounts sought. Under these circumstances, an award of costs or fees against any defendant would not be just as contemplated by 28 U.S.C. § 1447. See also Alliance Financial v. Villa Del Rey-Roswell Ltd., 879 F. Supp 1140, 1142 (D. Utah 1995) (declining to award fees despite clear grounds for remand; decision to award fees is discretionary).

## CONCLUSION

The existence of diversity jurisdiction is undisputed. The only issue is timeliness, and it is a false issue. Defendants here did everything they could to protect their rights to a federal forum. Plaintiffs' pleadings were silent on the amount in controversy, so defendants asked them to either stipulate that their claims did not exceed $75,000 or to admit that they did. Plaintiffs refused to do either. Once plaintiffs refused to agree or stipulate, the 30-day removal period began to run. Defendants removed these cases ten days later. The removal filings are timely and plaintiffs' motion should be denied.

8

DATED: September 16, 2002.

STOEL RIVES LLP

D. Matthew Moseon
Attorneys for Defendant 3M

## ALSO JOINED BY

DATED: September 16, 2002.

BALLARD SPAHR ANDREWS &
INGERSOLL, LLP

David B. Watkiss
James E. Magleby
Paxton R. Guymon
Attorneys for Honeywell International, Inc.;
Allied Signal

DATED: September 16, 2002.

PLANT WALLACE CHRISTENSEN &
KANELL

per Mark J. Williams request

Mark J. Williams
Attorneys for Foster Wheeler Energy
Corporation

9

DATED: September 16, 2002.

                        SNOW, CHRISTENSEN & MARTINEAU

                        Andrew M. Morse
                        Attorneys for Combustion Engineering

DATED: September 16, 2002.

                        Todd S. Winegar
                        Attorneys for Rapid-American Corporation

DATED: September 16, 2002.

                        Paul H. Matthews
                        Attorneys for Metropolitan Life Insurance

10

## CERTIFICATE OF SERVICE

I hereby certify that on the ___ day of September, 2002, I caused to served by first class mail, postage prepaid, the foregoing OPPOSITION TO PLAINTIFFS' MOTION TO REMAND to the following:

Brent O. Hatch
HATCH, JAMES & DODGE, P.L.L.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

Sherman Ames
NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE
P.O. Box 1792
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Melinda A. Morgan
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street #700
Salt Lake City, Utah 84144
  Attorneys for Owens-Illinois

David B. Watkiss
James E. Magleby
Paxton R. Guymon
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, UT 84111-2221
  Attorneys for Honeywell International, Inc.; Allied Signal

Mark J. Williams
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suite 1700
Salt Lake City, UT 84111
  Attorneys for Foster Wheeler Energy Corporation

Andrew M. Morse
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145-5000
  Attorneys for Combustion Engineering



11

Todd S. Winegar
One Utah Center
201 South Main Street, Suite 900
Salt Lake City, UT 84111
  Attorneys for Rapid-American Corporation

Paul H. Matthews
10 West Broadway, Suite 700
Salt Lake City, UT 84101
  Attorneys for Metropolitan Life Insurance

Peter Billings
Douglas J. Payne
Fabian & Clendenin
215 South State Street, Suite 1200
Salt Lake City, Utah 84111
  Attorneys for Lorillard Tobacco

David M. Connors
Patrick S. Malone
Kevin R. Murray
LeBoeuf, Lamb, Greene & McCrae
136 South Main Street, Suite 1000
Salt Lake City, Utah 84101
  Attorneys for Exxon Mobile

Bryon Benevento
James D. Gardner
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
  Attorneys for Ford

12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 1 2002

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I certify that on this 1st day of October I caused a copy of 3M Company's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order No. 217 to be served by first class mail on all parties listed on the attached service list.

Kimberly K. Egan

2002 OCT -1  P 3: 26
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

## PANEL SERVICE LIST (CTO-217)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Eric Ames
Western Environmental Law Center
1807 Second Street, #8
Sante Fe, NM 87505

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brent O. Hatch
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Neil C. Ludman
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Paul H. Matthews
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406