JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**DOCKET NO. 875**

OCT 15 2002

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

FILED
CLERK'S OFFICE

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION**

This document relates to:

**WADE BELL, ET AL. V. 3M, ET AL.**
**Civil Action No.: 1:02CV675GR**
**In the United States District Court, Southern District of**
**Mississippi, Southern Division**

**and**

**DARRELL KING, ET AL. V. 3M, ET AL.**
**Civil Action No.: 1:02CV676GR**
**In the United States District Court, Southern District of**
**Mississippi, Southern Division**

## PLAINTIFFS' CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND CONSOLIDATED SUPPORTING BRIEF

Plaintiffs, Wade Bell, et al., and Plaintiffs, Darrell King, et al., move to vacate the conditional transfer order of the Judicial Panel on Multidistrict Litigation, and offer this supporting brief:

1.       Jurisdiction and venue of the Wade Bell, et al. matter are proper in the Circuit Court of Jefferson County, Mississippi.

2.       Jurisdiction and venue of the Darrell King, et al. matter are proper in the Circuit Court of Claiborne County, Mississippi.

3.       The defendants' ground for removal of both cases, namely, that there was a fradulent joinder of the defendants, is incorrect.  All of the relief sought in both cases by the plaintiffs in their complaints is founded upon state law.

4.       These cases are not removable under 28 U.S.C. § 1441.  No federal court has subject matter jurisdiction over this state law, non-diversity cases originally filed in the Circuit Court of

**OFFICIAL FILE COPY** IMAGED OCT 18 '02

Jefferson County, Mississippi and Claiborne County, Mississippi.

5.      Plaintiffs in both cases have filed a motion to remand (with supporting brief), which is presently pending before the United States District Court for the Southern District of Mississippi. (Exhibit 1 and 2)

6.      Numerous federal courts have ordered remand in other virtually identical cases where the defendants took the same approach in removing state law claims on the basis of fraudulent joinder and the supplemental jurisdiction argument of 28 U.S.C. § 1367, all of which was rejected in said cases as a basis for federal jurisdiction.

7.      Transfer under § 1407 does not merge separate cases into a single action.

8.      Transfer is inappropriate and impermissible because subject matter jurisdiction does not exist.

9.      Transfer is not appropriate because this case involves only Mississippi state law claims.

10.     Transfer is not appropriate because common issues do not predominate over individual issues of fact.

11.     Transfer of these cases will not further the convenience of the parties and the witnesses.

12.     Transfer will not advance the just and efficient conduct of these cases.  It will be more efficient for the dispositive issues of Mississippi state law to be handled by a federal district judge in Mississippi.

13.     Transfer is inappropriate because these cases are not sufficiently complex and time consuming.

2

14.    Any benefits of coordination pretrial proceedings can be realized by less drastic means than transfer of this action and consolidation with a conglomeration of actions under various federal statutes and the laws of many states.

## I.    PROCEDURAL HISTORY

Plaintiffs in the Wade Bell, et al. case filed their complaint in the Circuit Court of Jefferson County, Mississippi on April 8, 2002. Plaintiffs amended the Complaint on July 11, 2002 and the defendants removed this case to the United States District Court for the Southern District of Mississippi, Southern Division on August 21, 2002.  Plaintiffs' motion to remand, which is currently pending, was filed on September 20, 2002.  Plaintiffs herein file their Notice of Opposition to this conditional Transfer Order, and now timely move to vacate the conditional transfer order and offer this supporting brief.

Plaintiffs in the Darrell King, et al. case filed their complaint in the Circuit Court of Claiborne County, Mississippi on April 8, 2002.  Plaintiffs amended the Complaint on July 11, 2002 and the defendants removed this case to the United States District Court for the Southern District of Mississippi, Southern Division on August 21, 2002.  Plaintiffs' motion to remand, which is currently pending, was filed on September 20, 2002.  Plaintiffs herein file their Notice of Opposition to this conditional Transfer Order, and now timely move to vacate the conditional transfer order and offer this supporting brief.

## II    IN THE ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, THE JURIDICAL PANEL CANNOT TRANSFER THIS CASE.

Neither the Judicial Panel, the proposed transferee courts, not the United States District Court for the Southern District of Mississippi, Southern Division, has jurisdiction over these cases.  The

3

defendants have not met their burden of establishing that the defendants were fraudulently joined in this action, but rather attempt to have the district courts determine on the merits of the plaintiffs' claims that the plaintiffs cannot recover against these defendants. This is an inappropriate analysis of the fraudulent joinder argument and an inappropriate use by the defendants of this theory of removal jurisdiction.

## III.   FEDERAL COURTS MUST STRICTLY CONSTRUE THE REMOVAL STATUTES AGAINST REMOVAL.

To support removal, the defendants bear the burden of establishing federal jurisdiction over the state-court suits. See *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, *see Merrell Dow Pharmaceutical, Inc. v. Thompson,* 478 U.S. 80, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986), which mandates strict construction of the removal statute. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

The defendant's right to remove is created and defined by statute. Section 1441 of the United States Code keys the propriety of removal to the original jurisdiction of the federal district courts. Removal under §1441, the basis of removal here, is appropriate only if there is complete diversity jurisdiction of citizenship.

The plaintiff is thus the master of his complaint. *Healy v. Sea Gull Specialty Co.,* 237 U.S. 479, 480, 35 S.Ct. 658, 59, 59 L.Ed. 1056 (1915) (the "plaintiff is absolute master of what jurisdiction he will appeal to"); *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 23 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("the party who brings a suit is master to decide what law he will rely

4

upon").

The Eleventh Circuit has said, in essence, a defendant's right to remove and the plaintiff's right to choose his forum are not on equal footing; removal statutes are construed narrowly, and when plaintiff and defendant clash about jurisdiction uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 10095 (11th Cir. 1994) (emphasis added). This policy follows the reasoning of the Supreme Court in *Shamrock Oil* at 108-109:

> Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but also the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation . . .

## IV   THE REMOVING DEFENDANT FAILED TO TIMELY ASSERT DIVERSITY JURISDICTION AS A GROUND FOR REMOVAL, AND THEREFORE, HAVE WAIVED SUCH GROUND.

The Court need not even consider the merits of the Removing Defendant's argument that diversity jurisdiction exists in this case. They have waived this potential ground for removal because their Notice of Removal was untimely. It is clear under Fifth Circuit Precedent that in a multi-defendant case, the thirty (30) day period for removal provided by 28 U.S.C. section 1446(b) "begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil v. Insurance Co. of North Am.,* 841 F.2d 1254, 1263 (5th Cir. 1988) (citing 1A *Moore's Federal Practice* ¶ 0.168[3.-5-5] at 586 (1987); *Brown v. Demco, Inc.,* 792 F.2d 478, 481; *United Plumbing & Heating Co., Inc. v. Lewis,* 113 F.Supp.2d 1041, 1042 (S.D. Miss. 2000). The Removing Defendant clearly did not meet this requirement, and have therefore waived any potential right to removal on these grounds.

Not only was the Notice of Removal clearly untimely, but in an apparent attempt to cover their missed deadline, the Removing Defendant knowingly quoted the improper time period for a removal based on diversity grounds. In their Notice of Removal, the Removing Defendant asserted that they "were served with the summons and Complaint on July 22, 2002, so that this Notice is filed within 30 days of their receipt of the Plaintiffs' complaint." As noted above, Fifth Circuit law makes it clear that in a multi-party case, the time period for removal begins to run from the date the first defendant is served, not the date that the removing defendant is served.

The first service of a Defendant in this action was completed on July 19, 2002. Therefore, any removal on grounds that were apparent from the face of the Plaintiffs' First Amended Complaint, which would certainly include an allegation of diversity jurisdiction based on a fraudulent joinder argument, had to be accomplished by August 19, 2002. The Removing Defendant filed their Notice of Removal on August 21, 2002, two (2) days past the deadline. Accordingly, the Removing Defendant waived any potential for removal on the grounds of diversity of citizenship based on their "misjoinder equals fraudulent joinder" theory. The United States District Court and these actions should be remanded to the Circuit Courts of Jefferson County and Claiborne County, Mississippi, respectively.

## V.   THE REMOVING DEFENDANT DID NOT OBTAIN TIMELY WRITTEN CONSENT FROM ALL SERVED DEFENDANTS.

It is well established that removal under § 1446(b) requires that all defendants consent to removal.

If this Court were to decide that the Removing Defendant did not waive its right to remove this action based on diversity grounds, the Removing Defendant has not obtained the required

6

written consent of all served defendants before removing the case. *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Balazik v. County of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995); *Roe v. Donohue*, 38 F.3d 298, 301 (7th Cir. 1994). In fact, the Removing Defendant has not obtained consent from any of the properly joined and served Defendants. The United States Court of Appeals for the Fifth Circuit holds that all served defendants must file a written consent to the removal no later than 30 days from the date that the first defendant is served. *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988)("[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served.").

The failure of the Removing Defendant to obtain timely written consent from the other Defendants "renders the petition defective" and is a failure to comply with the removal statute. *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir 1988). This procedural defect renders the removal improper and possibly improvident within the meaning of 28 U.S.C. § 1447(c). *Id.* at 1262-1263 ("Indeed, a defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)."). This defect alone is dispositive of this issue, and requires this action to be remanded to the Circuit Courts of Jefferson County and Claiborne County, Mississippi, respectively.

## VI.   REQUIREMENTS FOR FEDERAL DIVERSITY JURISDICTION ARE NOT MET.

In addition to filing its notice of removal late and failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist. It is well settled that federal diversity jurisdiction is present only when "all parties on one side are of citizenship diverse to that of all parties on the other side." *Cole v. Continental Oil Co.*, 240 F. Supp. 642, 644 (W.D. Okla. 1965)(*citing Strawbridge v. Curtis*, 7 U.S. 267 (1806)). Additionally, under 28 U.S.C. § 1441(b),

a state court action is not removable on the basis of federal diversity jurisdiction if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b). In the present case, all six (6) properly joined Plaintiffs are citizens of the state of Mississippi and two (2) properly joined Defendants are citizens of Mississippi, the forum state. Accordingly, complete diversity of citizenship does not exist, and this case is therefore not removable under 28 U.S.C. § 1441.

## VI.    CONCLUSION.

The removal effected by the Removing Defendant is defective because:

1.      The Removing Defendant waived any potential grounds for removal based on diversity jurisdiction because their Notice of Removal was untimely;

2.      The Removing Defendant failed to obtain the timely written consent of all served Defendants;

3.      The complete diversity requirement for federal jurisdiction is not met because there are properly joined Plaintiffs who are citizens of the same states as properly joined Defendants;

4.      The requirements for removal under 28 U.S.C. § 1441(b) are not met because there are properly joined Defendants who are citizens of Mississippi, the forum state;

5.      The Removing Defendant has wholly failed to substantiate their allegations of fraudulent joinder and have failed to show improper joinder under Miss. R. Civ. P. 20.

Plaintiffs should not be put to the extra expense and burden of having their case transferred to Multi-district Litigation in Washington D.C., which is miles away from their home and from the witnesses of their case. Defendants should not be allowed to manufacture jurisdiction, bootstrap this case into federal court, and then move this case to Washington D.C., before the federal court in Mississippi is allowed to determine whether the federal courts have jurisdiction in the first place.

8

For these reasons, the Judicial Panel on Multi-district Litigation's Conditional Transfer Order is due to be vacated.

RESPECTFULLY SUBMITTED, this the 8th day of October, 2002.

WADE BELL, ET AL., Plaintiffs
and
DARRELL KING, ET AL., Plaintiffs

DAVIS & FEDER, their Attorneys


By: _____
ALICE W. COLEMAN, MS BAR#10785
DAVIS & FEDER
Post Office Drawer 6829
Gulfport, MS 39506
Phone: (228) 863-6000
Fax: (228) 864-0907

## CERTIFICATE OF SERVICE

I, Alice W. Coleman, do hereby certify that I have this date forwarded via U.S. Mail, postage prepaid, a true and correct copy of the foregoing to all listed on the attached Panel Service List.

ALICE W. COLEMAN

RECEIVED
CLERK'S OFFICE
2002 OCT 10 A 11: 25
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST**
*(as of October 7, 2002)*

OCT 15 2002

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION**

This document relates to:

**WADE BELL, ET AL. V. 3M, ET AL.**
**Civil Action No.: 1:02CV675GR**
**In the United States District Court, Southern District**
**of Mississippi, Southern Division**

**and**

**DARRELL KING, ET AL. V. 3M, ET AL.**
**Civil Action No.: 1:02CV676GR**
**In the United States District Court, Southern District**
**of Mississippi, Southern Division**

---

A. La'Verne Edney
Robert L. Gibbs
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS 39205
ATTORNEYS FOR:  A.W. CHESTERTON COMPANY

Thomas W. Tardy, III
Marcy L. Bryan
Forman Perry Watkins Krutz & Tardy, PLLC
Post Office Box 22608
Jackson, MS 39225
ATTORNEYS FOR:  AMETEK, INC. (Individually and as Successor in Interest to Lamb Electric
Motor Co. and Haveg Industries, Inc.); ASTEN, INC. (Individually and as Successor in Interest to
Asten Group, Inc.); COMBUSTION ENGINEERING, INC. (Individually and as Successor in
interest to M.H. Detrick Company, Walsh Refractory Corporation and Refractory and Insulation
Company); CROSSFIELD PRODUCTS CORPORATION; GENERAL ELECTRIC COMPANY;
GEORGIA PACIFIC CORPORATION (Individually and as successor in interest to Bestwall
Gypsum Company); KOMP EQUIPMENT COMPANY; OWENS-ILLINOIS, INC. (successor to
Owens-Illinois Glass Company); UNIROYAL HOLDING, INC. (Individually and as successor in
interest to U.S. Rubber Company); CRANE COMPANY (Individually and as successor in Interest

to Cyclotherm Corporation, Cyclotherm Boiler Company, Jenkins Valves, Inc., Jenkins Bros Valve Company, Powers process Controls, f/k/a as Powers Regulator Company, Deming Co., Chapman Valve Mfg. Co., Alloyco Valve Co., Stockham Valves & Fittings, Inc., Weinman Pump Co. and Startwout Co.); DANA CORPORATION; FOSECO, INC.; NATIONAL SERVICES INDUSTRIES, INC.; NORTH BROTHERS, INC.; PNEUMO ABEX CORPORATION; UNION CARBIDE CORPORATION (f/k/a Union Carbide Chemical and Plastics Company, Inc.); : INGERSOLL-RAND COMPANY; ZURN INDUSTRIES, INC.; AMCHEM PRODUCTS, INC.; AVENTIS CROPSCIENCE USA, INC.; CERTIANTEED CORPORATION; WEAVEXX; J.T. THORPE (Dismissal pending)

Thomas W. Tyner
William N. Graham
Cheri D. Green
Christopher O. Massenburg
Aultman, Tyner, Ruffin & Yarborough, LTD
Post Office Drawer 750
Hattiesburg, MS 39401
ATTORNEYS FOR: ANCHOR PACKING COMPANY; EXXON MOBIL CORPORATION (Individually and as successor-by-merger to Mobil Oil Corporation f/k/a Socony Mobil Oil Company, Inc., individually and by merger to Magnolia Petroleum Company); GARLOCK SEALING TEHNOLOGIES, LLC (f/k/a Garlock, Inc.); BURNS INTERNATIONAL SERVICES CORPORATION (f/k/a Borg-Warner Corporation, Individually and as Successor in Interest to Marbon Chemical Co. and Byron Jackson Pump Co.)

Matthew F. Powers
Samson & Powers, PLLC
Post Office Box 1417
Gulfport, MS 39502
ATTORNEYS FOR: BIRD CORPORATION, BRANDON DRYING FABRICS, INC.

Mark R. Smith
Holcomb Dunbar
Post Office Drawer 707
Oxford, MS 38655-0707
ATTORNEYS FOR: CROWN, CORK & SEAL COMPANY, INC.

David L. Trewolla
Dogan & Wilkinson, PLLC
Post Office Box 23062
Jackson, MS 39225
ATTORNEYS FOR: DURABLA MANUFACTURING COMPANY; FLINTKOTE COMPANY;

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood, P.A.
Post Office Drawer 4108
Gulfport, MS 39502
ATTORNEYS FOR:  FOSTER-WHEELER CONSTRUCTORS, INC., FOSTER WHEELER
ENERGY CORPORATION

Cheri D. Green
Brunini, Grantham, Grower & Hewes, PLLC
Post Office Drawer 119
Jackson, MS 39205
ATTORNEYS FOR: IMO INDUSTRIES (f/k/a Imo DeLaval, Transamerica Delaval, and Delaval
Turbine)
Mark W. Garriga
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225
ATTORNEYS FOR:  INSUL COMPANY, INC. (Dismissal pending)

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225
ATTORNEYS FOR: INTERNATIONAL PAPER COMPANY; CHAMPION INTERNATIONAL
CORPORATION

David A. Barfield
Barfield & Associates
Post Office Box 3979
Jackson, MS 39207
ATTORNEYS FOR:  KELLOGG, BROWN & ROOT, INC. (successor by merger to Brown &
Root, Inc. (successor in interest to Brown & Root, Inc. [a Texas Corporation] and Brown & Root
USA, Inc.); H.B. ZACHRY

Laurie J. Hutchings
Rebecca K. Jude
Jude & Associates
Post Office Box 17499
Hattiesburg, MS 39404-7499
ATTORNEYS FOR:  OGLEBAY NORTON COMPANY (and its division Ferro Engineering);

William C. Reeves
Markow, Walker & Reeves, P.A.
Post Office Box 13669
Jackson, MS 39236
ATTORNEYS FOR:  RILEY STOKER CORPORATION

Michael E. Whitehead
W. Mark Edwards
Page, Mannino, Peresich & McDermott, PLLC
Post Office Drawer 289
Biloxi, MS 39533
ATTORNEYS FOR:  U.C. REALTY CORPORATION (formerly MHC Holding and Land
Corporation, Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.); ALBANY
INTERNATIONAL CORPORATION (Individually and as Successor in Interest to Albany Felt
Company); AMERICAN STANDARD

Walter W. Dukes
Dukes, Dukes, Keating & Faneca, P.A.
Post Office Drawer W
Gulfport, MS 39502
ATTORNEYS FOR:  GOODYEAR TIRE & RUBBER CO.; MT. VERNON MILLS, INC.;
SEPCO CORPORATION

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches, LLP
Post Office Box 1344
Natchez, MS 39121
ATTORNEYS FOR:  ASARCO, INC.

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305
ATTORNEYS FOR: BECHTEL CONSTRUCTION COMPANY (Individually and in its capacity
as successor-in-interest to Bechtel Construction, Inc.); BECHTEL CORPORATION (Individually
and as successor in interest to Bechtel, Inc. and in its capacity as successor-in-interest to Bechtel
Civil & Minerals, Inc. and f/k/a Sequoia Ventures, Inc.); BECHTEL GROUP, INC. (individually
and as successor-in-interest to Bechtel, Inc.); BECHTEL POWER CORPORATION; SEQUOIA
VENTURES, INC.

Robert M. Arentson, Jr.
Barry W. Ford
Baker, Donelson, Bearman & Caldwell
Post Office Box 14167
Jackson, MS 39236
ATTORNEYS FOR:  GREFCO, INC.; 3M; GENERAL REFRACTORIES, INC.

Joseph J. Stroble
Watkins & Eager, PLLC
Post Office Box 650
Jackson, MS 39205
ATTORNEYS FOR:  METROPOLITAN LIFE INSURANCE COMPANY

Alben N. Hopkins
Hopkins Barvie Hopkins, PLLC
Post Office Box 1510
Gulfport, MS 39502
ATTORNEYS FOR:  A.O. SMITH CORPORATION; SB DECKING, INC.

Patrick R. Buchanan
Buchananan Brown Sessoms
Post Office Box 1377
Pascagoula, MS 39569
ATTORNEY FOR:  CLEAVER-BROOKS DIVISION OF AQUA-CHEM, INC.; OAKFABCO, INC.

Robert H. Bass
Post Office Box 1789
Bradley Arant Rose & White, LLP
Jackson, MS 39215
ATTORNEY FOR:  PFIZER, INC.; QUIGLEY COMPANY, INC.

Francis P. Accardo
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
ATTORNEY FOR:  KEWANEE BOILER MANUFACTURING COMPANY, INC.

Donald E. Campbell
Ott & Purdy
Post Office Drawer 1079
Jackson, MS 39215-1079
ATTORNEY FOR: FLUOR CORPORATION (Dismissal pending)

Lawrence G. Pugh, III
Montgomery, Barnett, Brown, Read, Hammond & Mintz, LLP
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
ATTORNEY FOR: GOULDS PUMP TRADING CORPORATION; GOULDS PUMPS, INC.

## SERVED BUT HAVE NOT ANSWERED

ALLIS-CHALMERS CORPORATION
4180 Cherokee Drive
Brookfield, WI 53045-7406

ASTEN GROUP
1635 Market Street, Suite 1120
Philadelphia, PA 19103

C.E. THURSTON & SONS, INC.
By and Through its Registered Agent
C.T. Corporation Systems
631 Lakeland East Drive
Flowood, MS 39208

CHAMPION INTERNATIONAL CORPORATION
400 Atlantic Street
Stamford, CT 06921

COLTEC INDUSTRIES, INC.
By and Through its Registered Agent
C.T. Corporation System
631 Lakeland East Drive
Flowood, MS 39208

CRANE COMPANY/CRANE VALVE GROUP
By and Through its President
Jim Simpkins
3201 Walnue Avenue
Long Beach, CA 90807

CRANE COMPANY/HYDRO-AIRE DIVISION
By and Through its President
Raymond Boushie
3000 Winona Avenue
Burbank, CA 91510

CRANE COMPANY/LEAR ROME DIVISION
By and Through its President
Elise Kopezick
241 South Abbe Road
Elyra, OH 44035

CRANE PUMPS & SYSTEMS, INC.
By and Through its Vice-President
Tom Stone
420 Third Street
Piqua, OH 45356

CSR, INC.
By and Through its Registered Agent
United States Corporation Company
506 South President Street
Jackson, MS 39201

D.B. RILEY, INC.
By and Through its Registered Agent
118 North Congress Street
Jackson, MS 39205

GULF COAST MARINE SUPPLY
By and Through its Registered Agent
Gordon J. Sanford, Jr.
Post Office Box 1117
Pascagoula, MS 39581

IREX CORPORATION
120 North Lime Street
Lancaster, PA 17604

JOHN CRANE
By and Through its Registered Agent
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

JOHN CRANE, INC.
By and Through its President
6400 West Oakton Street
Morton Grove, IL 60053

PLIBRICO COMPANY
By and Through its President
Scott Shaver
1800 North Kingsbury Street
Chicago, IL 60614-4815

VIACOM, INC.
Westinghouse Building, Gateway Center
11 Stanwix Street
Pittsburgh, PA 15222


## NAMED IN COMPLAINT, UNSUCCESSFUL SERVICE AS OF THIS DATE

A-BEX CORPORATION
4800 Prudential Tower
Boston, MA 02199

ABNEY MILLS
801 Reynold Street
Greenwood, SC 29648

ANCO INSULATIONS, INC.
By and Through its Registered Agent
C.T Corporation Systems
631 Lakeland East Drive
Flowood, MS 39208

ASTEN-HILL
1635 Market Street, Suite 1120
Philadelphia, PA 19103

BALTIMORE ENNIS
By and Through its Registered Agent
Vic Fields
3600 W. Bee Caves Road
Suite 212
Austin, TX 78746

BECHTEL, INC.
5400 Westheimer Court
Houston, TX 77056

CARBORUNDUM
345 3rd Street
Niagara Falls, NY 14302

CONGOLEUM CORPORATION
By and Through its Registered Agent
C.T. Corporation Systems
100 W. 10th Street
Wilmington, DE 19801

CSR, AMERICA
By and Through its President
945 East Paces Ferry Road
Suite 2110
Atlanta, GA 30326

EMPIRE ACE INSULATION MANUFACTURING
40 E 34th Street
New York, NY 10016-4501

KELLY-MOORE PAINT COMPANY, INC.
111 Bagley
Houston, TX 77002

MAREMOUNT CORPORATOIN
200 E. Randolph Drive
Chicago, IL 60601

PROKO INDUSTRIES, INC.
501 South Foote Street
Cambridge City, IN 47327

RICHARDSON COMPANY
200 Interstate Park Drive
Montgomery, AL 36109

SCAPA FABRICS, INC.
5400 Glenwood Avenue
Suite 218
Raleigh, NC 27612

SCAPA GROUP, INC.
5400 Glenwood Avenue
Suite 218
Raleigh, NC 27612

SCHLUMBERGER LTD.  (Dismissal pending)
By and Through its Registered Agent
National Registered Agents, Inc.
248 E. Capitol Street, #840
Jackson, MS 39201

SCHLUMBERGER MI, LTD.  (Dismissal pending)
By and Through its Registered Agent
National Registered Agents, Inc.
248 E. Capitol Street, #840
Jackson, MS 39201

SCHLUMBERGER TECHNOLOGY CORPORATION (Dismissal pending)
By and Through its Registered Agent
National Registered Agents, Inc.
248 E. Capitol Street, #840
Jackson, MS 39201

## NAMED IN COMPLAINT, VOLUNTARILY DISMISSED

A.K. Steel Corporation
American Optical Corporation
ARMCO Steel Corporation
Bariod Drilling Fluids, Inc.

Beloit Corporation
Champion Cable Company
Champion International
Guardline, Inc.
Gulf Belting & Gasket Company, Inc.
Halliburton Company
Halliburton Company, Inc.
Halliburton Energy Services, Inc.
Industrial Rubber & Specialty Company
Marine Specialty Company, Inc.
Mississippi Rubber & Specialty Company
M-I, LLC
Okonite Company, Inc.
Peerless Supply Company of Mississippi, Inc.
Phelps Dodge Refining Corporation
Shook & Fletcher Insulation Company
Synkoloid, Inc.
Turner Supply Company
Wheeler Protective Apparel Corporation
Xytel-Bechtel, Inc.
York International
Zeneca, Inc.

## ADDITIONAL PARTIES AS ACCORDING TO PANEL SERVICE LIST
### (Excerpted from CTO-218)
### DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Phillip B. Abernethy
Butler, Snow, O'Mara, Stevens
   & Cannada
Post Office Box 22567
Jackson, MS 39225

Scott W. Bates
Baker, Donelson, Bearman
   & Caldwell
Post Office Box 14167
Jackson, MS 39236

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington D.C. 20036

David W. Clark
Bradley, Arant, Rose & White
Post Office Box 1789
Jackson, MS 39215

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Steven B. Dick
Law Office of William L. Denton
Post Office Box 1204
Biloxi, MS 39533

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg.
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
Post Office Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
  & Poole
Post Office Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
Post Office Box 1008
Colubus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickles
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Bldg.
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
Post Office Box 998
Cedar Rapids, IA 52406

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
Post Office Box 1407
Pascagoula, MS 39568



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WADE BELL, ET AL.                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 1:02CV675GR

3M, ET AL.                                                        DEFENDANTS

## PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS

COME NOW, the plaintiffs in the above-styled cause and move this Honorable Court for an order remanding this matter back to the Circuit Court of Jefferson County, Mississippi, and would show in support the following:

1.      Plaintiffs filed their First Amended Complaint in this matter on July 11, 2002, and thereafter, service of process was issued to all one hundred and twenty defendants. Seventeen of these Defendants received service of process by certified mail on July 19, 2002.

2.      On August 21, 2002, 3M f/k/a Minnesota Mining & Manufacturing (herein after referred to as the "Removing Defendant") filed their Notice of Removal alleging that this Court has original subject matter jurisdiction over this action based on the complete diversity of citizenship of the parties despite the fact that all six (6) Plaintiffs are residents of Mississippi and there are two (2) Defendants who are also residents of Mississippi.

3.      The Removing Defendant clearly did not meet the thirty (30) day requirement set out in Mississippi Law determining when a removal may be perfected. This deadline ran on August 19, as the above action became "removable" upon service on the first defendant herein on July 19, 2002.

**EXHIBIT**

tabbies

1

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WADE BELL, ET AL.                                                   PLAINTIFF

VS.                                          CIVIL ACTION NO.  1:02CV675GR

3M, ET AL.                                                         DEFENDANTS

## PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS

COME NOW, the plaintiffs in the above-styled cause and move this Honorable Court for an order remanding this matter back to the Circuit Court of Jefferson County, Mississippi, and would show in support the following:

1.      Plaintiffs filed their First Amended Complaint in this matter on July 11, 2002, and thereafter, service of process was issued to all one hundred and twenty defendants. Seventeen of these Defendants received service of process by certified mail on July 19, 2002.

2.      On August 21, 2002, 3M f/k/a Minnesota Mining & Manufacturing (herein after referred to as the "Removing Defendant") filed their Notice of Removal alleging that this Court has original subject matter jurisdiction over this action based on the complete diversity of citizenship of the parties despite the fact that all six (6) Plaintiffs are residents of Mississippi and there are two (2) Defendants who are also residents of Mississippi.

3.      The Removing Defendant clearly did not meet the thirty (30) day requirement set out in Mississippi Law determining when a removal may be perfected. This deadline ran on August 19, as the above action became "removable" upon service on the first defendant herein on July 19, 2002.

4.      Furthermore, the Removing Defendant failed to get consent from the other Defendants within the proscribed 30 day time period from when the action became removable.

5.      In addition to filing its notice of removal late and failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist. It is well settled that federal diversity jurisdiction is present only when all parties on one side are of citizenship diverse to that of all parties on the other side. In the present case there are two named defendants who are resident citizens of Mississippi, Komp Equipment Company and Gulf Coast Marine Supply.

6.      Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20, contrary to the assertions of the Removing Defendant. In this case, Plaintiffs, all of whom were exposed to asbestos containing products manufactured, distributed and sold by the defendants, allege that the Removing Defendant, among other things, breached legal duties to each Plaintiff in the series of transactions including the design, manufacture, advertising, marketing, testing, defective labeling, and selling of their "protective" products including their popular series of dust masks. Plaintiffs join their claims against the Removing Defendant because their acts constitute a series of occurrences wherein the Removing Defendant knowingly violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs.

7.      Plaintiffs' request expedited consideration of this motion pursuant to Local Rules 7.2(G) and (H) and a hearing, if necessary, in order to quickly resolve these jurisdictional issues that turn on Mississippi State law.

8.    Further, plaintiffs in this action request that this Court award the plaintiffs their costs in having this matter heard and further award whatever sanctions the Court may deem necessary to deter this behavior in the future.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this cause to the Circuit Court of Jefferson County, Mississippi, and for such other relief, general and special, legal and equitable, to which Plaintiffs have shown themselves justly entitled.

This the 20th day of September 2002.

Respectfully submitted,

DAVIS & FEDER
ATTORNEYS FOR THE PLAINTIFFS,
WADE BELL, ET AL.

MARK W. DAVIS, MSB #5840
ALICE W. COLEMAN, MSB #10785

OF COUNSEL:

DAVIS & FEDER
2210 Pass Road
P.O. Drawer 6829
Gulfport, MS 39506
Phone:  (228) 863-6000
Fax: (228) 864-0907

## CERTIFICATE OF SERVICE

I, Alice W. Coleman, of the law firm of Davis & Feder, do hereby certify I have this date mailed, postage prepaid, a true and correct copy of the above and foregoing Plaintiffs' Motion to Remand and Request for Expedited Consideration, Costs and Sanctions  to ALL Counsel of Record by U.S. Mail, as follows:

A. La'Verne Edney
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  A.W. CHESTERTON COMPANY

Thomas W. Tardy, III
Craig E. Brasfield
Marcy B. Croft
Stefan G. Bourn
Forman Perry Watkins Krutz & Tardy, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  AMETEK, INC. (Individually and as Successor in Interest to Lamb Electric Motor Co. and Haveg Industries, Inc.); ASTEN, INC. (Individually and as Successor in Interest to Asten Group, Inc.); COMBUSTION ENGINEERING, INC. (Individually and as Successor in interest to M.H. Detrick Company, Walsh Refractory Corporation and Refractory and Insulation Company); CROSSFIELD PRODUCTS CORPORATION; GENERAL ELECTRIC COMPANY; GEORGIA PACIFIC CORPORATION (Individually and as successor in interest to Bestwall Gypsum Company); KOMP EQUIPMENT COMPANY; OWENS-ILLINOIS, INC. (successor to Owens-Illinois Glass Company); UNIROYAL HOLDING, INC. (Individually and as successor in interest to U.S. Rubber Company); CRANE COMPANY (Individually and as successor in Interest to Cyclotherm Corporation, Cyclotherm Boiler Company, Jenkins Valves, Inc., Jenkins Bros Valve Company, Powers process Controls, f/k/a as Powers Regulator Company, Deming Co., Chapman Valve Mfg. Co., Alloyco Valve Co., Stockham Valves & Fittings, Inc., Weinman Pump Co. and Startwout ·Co.); DANA CORPORATION; FOSECO, INC.; NAITONAL SERVICES INDUSTRIES, INC.; PNEUMO ABEX CORPORATION; UNION CARBIDE CORPORATION (f/k/a Union Carbide Chemical and Plastics Company, Inc.); : INGERSOLL-RAND COMPANY; ZURN INDUSTRIES, INC.; AMCHEM PRODUCTS, INC.; AVENTIS CROPSCIENCE USA, INC.; CERTIANTEED CORPORATION

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, LTD
Hattiesburg, MS 39401
ATTORNEYS FOR:  ANCHOR PACKING COMPANY; EXXON MOBIL CORPORATION (Individually and as successor-by-merger to Mobil Oil Corporation f/k/a Socony Mobil Oil

Company, Inc., individually and by merger to Magnolia Petroleum Company); GARLOCK SEALING TEHNOLOGIES, LLC (f/k/a Garlock, Inc.)

Matthew F. Powers
Samson & Powers, PLLC
Gulfport, MS 39502
ATTORNEYS FOR:  BIRD CORPORATION, BRANDON DRYING FABRICS, INC.

Mark R. Smith
Holcomb Dunbar
Oxford, MS 38655-0707
ATTORNEYS FOR:  CROWN, CORK & SEAL COMPANY, INC.

David L. Trewolla
Dogan & Wilkinson, PLLC
Jackson, MS 39225
ATTORNEYS FOR:    DURABLA  MANUFACTURING  COMPANY;  FLINTKOTE COMPANY;

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood, P.A.
Gulfport, MS 39502
ATTORNEYS FOR:  FOSTER-WHEELER CONSTRUCTORS, INC., FOSTER WHEELER ENERGY CORPORATION

Cheri D. Green
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  IMO INDUSTRIES (f/k/a Imo DeLaval, Transamerica Delaval, and Delaval Turbine);

Mark W. Garriga
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INSUL COMPANY, INC.;

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INTERNATIONAL PAPER COMPANY

David A. Barfield
Barfield & Associates
Jackson, MS 39207
ATTORNEYS FOR:  KELLOGG, BROWN & ROOT, INC. (successor by merger to Brown &
Root, Inc. (successor in interest to Brown & Root, Inc. [a Texas Corporation] and Brown & Root
USA, Inc.); H.B. ZACHRY

Laurie J. Hutchings
Jude & Associates
Hattiesburg, MS 39404-7499
ATTORNEYS FOR:  OGLEBAY NORTON COMPANY (and its division Ferro Engineering);

William C. Reeves
Markow, Walker & Reeves, P.A.
Jackson, MS 39236
ATTORNEYS FOR:  RILEY STOKER CORPORATION

Michael E. Whitehead
Page, Mannino, Peresich & McDermott, PLLC
Biloxi, MS 39533
ATTORNEYS FOR:  U.C. REALTY CORPORATION (formerly MHC Holding and Land
Corporation, Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.); ALBANY
INTERNATIONAL CORPORATION (Individually and as Successor in Interest to Albany Felt
Company)

Walter W. Dukes
Dukes, Dukes, Keating & Faneca, P.A.
Gulfport, MS 39502
ATTORNEYS FOR:  GOODYEAR TIRE & RUBBER CO.; MT. VERNON MILLS, INC.;
SEPCO CORPORATION

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches, LLP
Natchez, MS 39121
ATTORNEYS FOR:  ASARCO, INC.

C. Michael Evert, Jr.
Evert & Weathersby, LLC
Atlanta, GA 30305
ATTORNEYS FOR:  BECHTEL CONSTRUCTION COMPANY (Individually and in its
capacity as successor-in-interest to Bechtel Construction, Inc.); BECHTEL CORPORATION
(Individually and as successor in interest to Bechtel, Inc. and in its capacity as successor-in-
interest to Bechtel Civil & Minerals, Inc. and f/k/a Sequoia Ventures, Inc.); BECHTEL GROUP,
INC. (individually and as successor-in-interest to Bechtel, Inc.); BECHTEL POWER
CORPORATION; SEQUOIA VENTURES, INC.

Robert M. Arentson, Jr.
Scott Bates
J. Price Coleman
Baker, Donelson, Bearman & Caldwell
Jackson, MS 39236
ATTORNEYS FOR:  GREFCO, INC.; 3M; GENERAL REFRACTORIES, INC.

Joseph J. Stroble
Watkins & Eager, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  METROPOLITAN LIFE INSURANCE COMPANY

Alben N. Hopkins
Hopkins Barvie Hopkins, PLLC
Gulfport, MS 39502
ATTORNEYS FOR:  A.O. SMITH CORPORATION; SB DECKING, INC.

Patrick R. Buchanan
Buchananan Brown Sessoms
Pascagoula, MS 39569
ATTORNEY FOR:  CLEAVER-BROOKS DIVISION OF AQUA-CHEM, INC.; OAKFABCO, INC.

Robert H. Bass
Bradley Arant Rose & White, LLP
Jackson, MS 39215
ATTORNEY FOR:  PFIZER, INC.

Francis P. Accardo
Montgomery Barnett
New Orleans, LA 70163
ATTORNEY FOR:  KEWANEE BOILER MANUFACTURING COMPANY, INC.

Dated this the 20th day of September 2002.

*Alice W. Coleman*

ALICE W. COLEMAN, MSB #10785

DAVIS & FEDER
Attorneys at Law
P. O. Drawer 6829
Gulfport, MS  39506
228-863-6000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WADE BELL, ET AL.                                           PLAINTIFF

VS.                                      CIVIL ACTION NO.  1:02CV675GR

3M, ET AL.                                                 DEFENDANTS

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND
REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS**

Plaintiffs, all resident citizens of Jefferson County, Mississippi, filed their First

Amended Complaint in this matter on July 11, 2002.  Shortly thereafter, service of

process was issued to all one hundred and twenty defendants.  Seventeen of these

Defendants received service of process by certified mail on July 19, 2002 (copies of each

certified mail receipt and signed by each recipient are attached hereto as collective

Exhibit "A"). On August 21, 2002, 3M f/k/a Minnesota Mining & Manufacturing (herein

after referred to as the "Removing Defendant") filed their Notice of Removal alleging

that this Court has original subject matter jurisdiction over this action based on the

complete diversity of citizenship of the parties despite the fact that all sixteen (16)

Plaintiffs are residents of Mississippi and there are two (2) Defendants who are also

residents of Mississippi.  The Removing Defendant based their assertion of diversity

jurisdiction solely on their allegations that the diversity destroying Defendants have been

"misjoined" to such an extent that they are "fraudulently joined" so that their citizenship

should be ignored for diversity purposes.

It is a well-established principle that removal statutes are to be strictly construed,

and any doubts concerning removal must be resolved against removal and in favor of

remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61

S. Ct. 868 (1941).   The Fifth Circuit and the Mississippi Federal Judiciary have established a strong presumption against removal, and will construe the removal statute in favor of remand.   Further, the Removing Defendant faces a particularly high burden, one of "clear and convincing evidence," in order to establish allegations of fraudulent joinder.   On the basis of this precedent alone, the Removing Defendant faces an uphill battle in prevailing on their allegations that diversity-destroying defendants have been fraudulently joined in this action.   But when the fraudulent joinder analysis includes consideration of recent Mississippi state and federal authority that recognizes that the Mississippi Rules of Civil Procedure allow for virtually unlimited joinder at the pleading stage, it is clear that the Removing Defendant cannot prevail on its claims of fraudulent joinder.   Therefore, Plaintiffs respectfully request this Court to remand this action to the Circuit Court of Jefferson County, Mississippi for lack of subject matter jurisdiction.

I.      **The Removing Defendant failed to timely assert diversity jurisdiction as a ground for removal, and therefore have waived such ground.**

The Court need not even consider the merits of the Removing Defendant's argument that diversity jurisdiction exists in this case.   They have waived this potential ground for removal because their Notice of Removal was untimely.   It is clear under Fifth Circuit Precedent that in a multi-defendant case, the thirty (30) day period for removal provided by 28 U.S.C. section 1446(b) "begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (citing 1A *Moore's Federal Practice* ¶ 0.168[3.-5-5] at 586 (1987); *Brown v. Demco, Inc.*, 792 F.2d 478, 481; *United Plumbing & Heating Co., Inc. v. Lewis*, 113 F.Supp.2d 1041, 1042 (S.D. Miss. 2000).   The Removing

Defendant clearly did not meet this requirement, and have therefore waived any potential right to removal on these grounds.

Not only was the Notice of Removal clearly untimely, but in an apparent attempt to cover their missed deadline, the Removing Defendant knowingly quoted the improper time period for a removal based on diversity grounds. In their Notice of Removal, the Removing Defendant asserted that they "were served with the summons and Complaint on July 22, 2002, so that this Notice is filed within 30 days of their receipt of the Plaintiffs' complaint." *See* Notice of Removal p. 1. As noted above, Fifth Circuit law makes it clear that in a multi-party case, the time period for removal begins to run from the date the first defendant is served, not the date that the removing defendant is served.

The first service of a Defendant in this action was completed on July 19, 2002. *See* Exhibit A. Therefore, any removal on grounds that were apparent from the face of the Plaintiffs' First Amended Complaint, which would certainly include an allegation of diversity jurisdiction based on a fraudulent joinder argument, had to be accomplished by August 19, 2002. The Removing Defendant filed their Notice of Removal on August 21, 2002, two (2) days past the deadline. *See* Notice of Removal p. 1. Accordingly, the Removing Defendant waived any potential for removal on the grounds of diversity of citizenship based on their "misjoinder equals fraudulent joinder" theory. Therefore, this Court need not reach the merits of this ground for removal, and this action should be remanded to the Circuit Court of Jefferson County, Mississippi.

## II.    The Removing Defendant did not obtain timely written consent from all served Defendants.

It is well established that removal under § 1446(b) requires that all defendants consent to removal.    Two general approaches have developed in the relevant

jurisprudence to determine when the thirty-day filing period commences: the "first-served" rule and the "last-served" rule.  See Auchinleck v. Town of LaGrange, 167 F. Supp.2d 1066, 1068-69 (E.D. Wis. 2001).  The "first-served" rule asserts "the time period begins to run when the first defendant has been served, and the failure of any party to file within those thirty days precludes removal for all future defendants.  The logic behind this rule is based on the concept that all defendants must consent to removal."  Id. at 1068 (citing P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546, 547 (7th Cir. 1968).  The "last-served" rule "allows each individual defendant thirty days to file for removal, provided that the other parties consent.  Courts which reject the first-served approach in favor of the last-served approach do so based on the potential unfairness to later-served defendants."  Auchinleck v. Town of LaGrange, supra, 167 F. Supp.2d at 1068-69.  Although they disagree on which rule to apply, the Fourth, Fifth, Sixth, Seventh, and Eighth Circuits are unanimous on the proposition that all defendants must consent to removal under 28 U.S.C. § 1446(b).  See McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 925 (4th Cir. 1992) ("all served defendants must join in a petition for removal . . . ."); Wilkins v. Correctional Medical System, 931 F.2d 888, 888 n.2 (4th Cir. 1991) ("All defendants must unanimously join in or consent to a removal action within 30 days . . . ."); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) ("28 U.S.C. § 1446(b) requires that all defendants join in the removal petition"); Sims v. Ward, 2001 WL 1104636 (E.D. La. 2001) ("The Fifth Circuit has long recognized that removal based on 28 U.S.C. § 1446(b) requires that all defendants join in the removal petition"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) ("a later-served defendant has 30 days from the

date of service to remove a case to federal district court, with the consent of the remaining defendants"); Auchinleck v. Town of LaGrange, supra, 167 F. Supp.2d at 1068 (citing P.P. Farmers' Elevator Co., supra, 395 F.2d at 547 (7th Cir. 1968)); Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001). Although the Second Circuit apparently has not had the opportunity to join issue, some district courts within the Second Circuit are in accord. See Payne v. Overhead Door Corp., 2001 WL 1456109 (S.D.N.Y. 2001); Berrios v. Our Lady of Mercy Medical Center, 1999 WL 92269 (S.D.N.Y. 1999).

If this Court were to decide that the Removing Defendant did not waive its right to remove this action based on diversity grounds, the Removing Defendant has not obtained the required written consent of all served defendants before removing the case. *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir. 1992); *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); *Roe v. Donohue,* 38 F.3d 298, 301 (7th Cir. 1994). In fact, the Removing Defendant has not obtained consent from any of the properly joined and served Defendants. The United States Court of Appeals for the Fifth Circuit holds that all served defendants must file a written consent to the removal no later than 30 days from the date that the first defendant is served. *Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262-63 (5th Cir. 1988)("[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."). The first seventeen Defendants was served on July 19, 2002, and eighty-four of the one-hundred twenty defendants were served at the time the removal of this action should have been filed no later than August 19, 2002. Therefore, all of these Defendants must have filed written consent no later than August 19, 2002. The Removing

Defendant's Notice of Removal is silent regarding the issue of consent to the removal by the other Defendants.

The failure of the Removing Defendant to obtain timely written consent from the other Defendants "renders the petition defective" and is a failure to comply with the removal statute. *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir 1988). This procedural defect renders the removal improper and possibly improvident within the meaning of 28 U.S.C. § 1447(c). *Id.* at 1262-1263 ("Indeed, a defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)."). This defect alone is dispositive of this issue, and requires this action to be remanded to the Circuit Court of Jefferson County, Mississippi.

### III.     Requirements for federal diversity jurisdiction are not met.

In addition to filing its notice of removal late and failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist. It is well settled that federal diversity jurisdiction is present only when "all parties on one side are of citizenship diverse to that of all parties on the other side." *Cole v. Continental Oil Co.*, 240 F. Supp. 642, 644 (W.D. Okla. 1965)(*citing Strawbridge v. Curtis*, 7 U.S. 267 (1806)). Additionally, under 28 U.S.C. § 1441(b), a state court action is not removable on the basis of federal diversity jurisdiction if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b). In the present case, all six (6) properly joined Plaintiffs are citizens of the state of Mississippi and two (2) properly joined Defendants are citizens of Mississippi, the forum state. *See* Notice of Removal p. 2-5. Accordingly, complete

diversity of citizenship does not exist, and this case is therefore not removable under 28 U.S.C. § 1441.

## IV.   The Removing Defendant has not, and cannot, meet their burden for establishing fraudulent joinder in this action.

The Removing Defendant' basis for removal on diversity grounds rests entirely on their allegations that diversity destroying Defendants have been fraudulently joined in this action. This is not an easy burden to meet, and the Removing Defendant has not, and cannot, meet their burden here.

The Fifth Circuit and the Mississippi Federal Judiciary have made it clear that all removing parties face a heavy burden, but particularly those who allege fraudulent joinder.   To determine whether jurisdiction exists for removal, Fifth Circuit and Mississippi Federal precedent requires an examination of the claims in the state court petition, as they existed at the time of removal.  *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *Wheeler v. Frito-Lay, Inc,* 743 F. Supp. 483, 485 (S.D. Miss. 1990).   Any ambiguities in the petition must be construed against removal because the removal statute should be strictly construed in favor of remand.  *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000); *Lauderdale v. Merck & Co, Inc.,* 2002 WL 449423, *2 (N.D. Miss. 2002); *Wheeler,* 743 F. Supp. at 485.  When a removing party bases its removal on fraudulent joinder of diversity destroying defendants, then the burden on the removing defendant becomes "quite stringent."  *See Lauderdale v. Merck & Co.,* 2002 WL 449423, *2 (N.D. Miss.) (*citing Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000).   The Fifth Circuit in *Hart* noted that "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." 199 F.3d at 246.   In order to prove that a defendant has been fraudulently joined

in order to defeat diversity jurisdiction, the removing party must establish that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant[s] in state court."[1] *Id.* Further, the Removing Defendant' "claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence." *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *Everett v. MTD Products, Inc*, 947 F. Supp. 441, 445 (N.D. Ala. 1996); *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 906 (S.D. Miss. 1995). The Removing Defendant also "must present evidence that compels the conclusion that the joinder is without right and made in bad faith." *Everett*, 947 F. Supp. at 444 (internal quotes and ellipsis omitted). "If there is any doubt as to whether a plaintiff has stated a claim against the non-diverse defendant, the joinder is not fraudulent." *Horton*, 878 F. Supp. at 906. The Removing Defendant has not and cannot meet this burden in this case.

### A.   The Fifth Circuit and the Mississippi Federal Courts do not recognize the "misjoinder equals fraudulent joinder" theory advanced by the Defendant here.

Sound Fifth Circuit precedent holds that if the Court finds that any of the individual Defendants have not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). Fifth Circuit District Courts have repeatedly declined to rely upon the "often discredited" theory that egregious misjoinder could rise to the level of fraudulent joinder. Additionally, there is at least a possibility that the state court would find joinder proper in this case. (citing Mississippi Supreme Court precedent expressing a state policy for allowing virtually unlimited joinder at the

---

[1] The other standard for proving fraudulent joinder is "outright fraud in the plaintiff's recitation of the facts." *Hart*, 199 F.3d at 246. However, the Removing Defendant has not alleged this ground in its Notice of Removal, and so it is not at issue here.

pleading stage.)  This finding alone makes it impossible for the Removing Defendant to meet the high burden for proving fraudulent joinder.  Even if the "egregious misjoinder" theory of fraudulent joinder were accepted in Mississippi or the Fifth Circuit, it is impossible to have an "egregious misjoinder" of parties if there is a possibility that a state court in Mississippi would find joinder proper.  Therefore, definitively refuted the theory that misjoinder could rise to the level of fraudulent joinder under Mississippi and Fifth Circuit law.

In this action, there are two (2) Defendants that are residents of Mississippi, Komp Equipment Company and Gulf Coast Marine Supply.  Plaintiffs steadfastly maintain that based on the authority discussed below, all parties have been properly joined in this action.  However, even if the Mississippi resident Defendants were "misjoined" this still does not rise to the level of fraudulent joinder under Mississippi and Fifth Circuit law.  Further, when this authority is considered in light of the Removing Defendant' "quite stringent" burden for establishing a claim of fraudulent joinder, it becomes clear that the Removing Defendant has not, and cannot, establish that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant[s] in state court."  Accordingly, in the face of this clear legal authority, diversity jurisdiction does not exist, and this Court should therefore remand this action to the Circuit Court of Jefferson County, Mississippi.

**B.   Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20**

The Removing Defendant asserts the existence of federal diversity jurisdiction based on the theory that Plaintiffs' claims are not properly joined under Miss. R. Civ. P. 20 and that the alleged improper joinder rises to the level of fraudulent joinder, thus

allowing the court to disregard the residence of all non-diverse parties.  In the present case, joinder of all Parties and claims is proper under Miss. R. Civ. P. 20 and Fed. R. Civ. P. 20.

In diversity cases, the Federal Courts are charged with ascertaining and applying state law. *Bobby Jones Garden Apartments, Inc., v. F.R. Suleski*, 391 F.2d 172, 175 (5th Cir. 1968). In this case, the relevant state law is Rule 20 of the Mississippi Rules of Civil Procedure. Federal Rule of Civil Procedure 20 and Mississippi Rule of Civil Procedure 20 are essentially the same and provide, in the identical relevant part:

> (a) Permissive Joinder.  All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

Fed. R. Civ. P. 20; Miss. R. Civ. P. 20.  Under both the Federal and Mississippi Rules of Civil Procedure, Rule 20 is interpreted liberally in favor of joinder. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137-38, 16 L.Ed.2d 218 (1966) ("joinder of claims, parties and remedies is strongly encouraged"); *Atchison v. Woodmen of the World Insurance Society,* 982 F. Supp. 835, 839 (S.D. Ala. 1997) (rule governing permissive joinder is liberally interpreted in favor of joinder and there is no strict rule for determining what constitutes same transaction or series of transactions for purposes of the rule); Comment to Miss. R. Civ. P. 21 ("The purpose of Rule 21 is to avoid multiple litigation and to promote liberal joinder of parties"); *Dixon v. Ford Motor Credit*

*Company,* 1999 WL 104425, *2 (E.D. La. February 24, 1999) (Broad interpretation of Rule 20 "seems sound in as much as no difficulty is likely to result from the joinder of even marginally related parties at the pleading stage.") (*citing Wright & Miller,* sec. 1653, p. 389.).

The Mississippi Supreme Court recently affirmed the principle of liberal joinder under the Mississippi Rules of Civil Procedure.   In *American Bankers Insurance Company of Florida v. Belinda Alexander, et al.,* the Court stated that the purpose of Rule 20 "is to allow virtually unlimited joinder at the pleading stage but to give the Court discretion to shape the trial to the necessities of the particular case." *American Bankers Insurance Company of Florida v. Belinda Alexander, et al.,* 818 So. 2d 1073, 1075 (Miss. 2001)(*citing* Comment to Miss. R. Civ. P. 20.)  The Court pointed out that Mississippi has been reluctant to adopt a class action practice because "by its very nature such an action deprives non-appearing parties of their separate personal day in court...and they are bound forever by the decision rendered." *Id.* at 1078. However, the Court also recognized the need for a mechanism to handle claims of the type that might ordinarily be handled in a class action, pointing out that "we have fashioned our Rules of Civil Procedure to handle cases of this type under Rule 20 and 42." *Id.*  The Court also acknowledged that, because Mississippi has not adopted Fed. R. Civ. P. 23, "[t]his Court has...liberalized the rules of civil procedure at times in order to better accommodate parties who are consequently shut out of the legal system." *Id.*

Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Mosley v. General Motors Corp.,*

497 F.2d 1330, 1332-33 (8th Cir. 1974) (*quoting United Mine Workers v. Gibbs*, 383

U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).  Rule 20(a) imposes two

specific requisites to the joinder of parties:  (1) a right to relief must be asserted by, or

against, each plaintiff or defendant relating to or arising out of the same transaction or

occurrence, or series of transactions or occurrences; and (2) some question of law or fact

common to all the parties must arise in the action.  *Id*. at 1333.

### 1.  All Plaintiffs' claims are part of the same transaction or series of transactions.

There is no strict rule for determining what constitutes the same transaction or

series of transactions.  *Atchison*, 982 F. Supp. at 839.  Rather, the Court should look to

determine if the claims are "logically related."  *Id*; *Hanley v. First Investors Corp.*, 151

F.R.D. 76, 78-79 (E.D. Tex. 1993).  Rule 20 itself contemplates a "logical relationship"

definition of the phrase "series," as the court in *Hanley* explained:

> Imagine a number of "transactions or occurrences" spread out through
> time and place.  They are not directly continuous, or else they would
> constitute one transaction or occurrence rather than a number of them.
> What would make them a "series?"  The answer is some connection or
> logical relationship between the various transactions or occurrences.  The
> thing which makes the relationship "logical" is some nucleus of operative
> facts or law--the second prong of the 20(a) test.  [footnote omitted]  If the
> phrase "series" is to have any real meaning whatsoever, it necessarily must
> entail some "logical relationship" between the specific transactions or
> occurrences.

*Hanley*, 151 F.R.D. at 79.  "[A]ll 'logically related' events entitling a person to institute a

legal action against another generally are regarded as comprising a transaction or

occurrence."  *Mosley*, 497 F.2d at 1333.  Thus, courts have allowed joinder of defendants

where "[t]he operative facts are related even if the same transaction is not involved," *Civil*

*Aeronautics Bd. v. Carefree Travel Inc.*, 513 F.2d 375, 384 (2nd Cir. 1975), where there

are "enough ultimate factual concurrences that it would be fair to the parties to require

them to defend jointly," *Hall v. E.I. Du Pont de Nemours & Co.*, 345 F. Supp 353, 381 (E.D.N.Y. 1972), and, in *Mosley*, 497 F.2d at 1333, where the claims are "reasonably related."

Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20. In this case, Plaintiffs, all of whom were exposed to asbestos containing products manufactured, distributed and sold by the defendants, allege that the Removing Defendant, among other things, breached legal duties to each Plaintiff in the series of transactions including the design, manufacture, advertising, marketing, testing, defective labeling, and selling of their "protective" products including their popular series of dust masks. Plaintiffs join their claims against the Removing Defendant because their acts constitute a series of occurrences wherein the Removing Defendant knowingly violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs. But the series of transactions that ultimately led to the Plaintiffs' injuries did not begin and end with the Removing Defendant. Plaintiffs were directly exposed to asbestos containing products manufactured, distributed and sold by other defendants. Plaintiffs assert their causes of action in this case against the prescribing Defendants because their actions are part of the same series of transactions that led their injuries. Each and every asbestos containing product placed on the market here which eventually lead to exposure of each plaintiff to respirable sized partials of asbestos fiber, is part of the same series of occurrences wherein all Defendants violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs. There is a logical relationship between all the actions of the Defendants in this lawsuit that makes these actions just the type of

"series of transactions or occurrences" contemplated by the rules of joinder. Thus, Plaintiffs have claims that arise out of the same transaction or occurrence or series of transactions or occurrences. *See In re Norplant Contraceptive Products Liability Litigation,* 168 F.R.D. 579, 581 (E.D. Tex. 1996) ("the Defendants' liability under theories of negligence, misrepresentation, and fraud arises out of the same series of occurrences wherein Defendants failed to adequately warn Plaintiffs, thus satisfying Rule 20(a)."); *see also Ren-Dan Farms v. Monsanto,* 952 F. Supp. 370 (W.D. La. 1997) (developer/marketer and distributor of defective product properly joined in suit). This situation is analogous to that faced by the court in *Dayton Independent School District v. U.S. Mineral Products Co.,* Civ. A. Nos. B-87-00507-CA, B-88-00429-CA, 1989 WL 237732 (E.D. Tex. 1989). As described by the court there:

> Plaintiffs' claims as they apply to all Defendants arise out of the manufacture and sale of an allegedly defective and unreasonably dangerous product–asbestos-containing ceiling and fireproofing material. Defendants emphasize that because the products were purchased, or installed, at different times, by different contractors, with different designs by different architects, that joinder of the claims is improper. However, "absolute identity of all events is unnecessary." [*Mosley*, 497 F.2d at 1333]. Plaintiffs' claims arise out of the uniform failure of Defendants' product during conditions of normal use. There simply is no practical difference between the claims of each of the Plaintiffs. The building may have been designed by different architects; built by different contractors; constructed at different times–and maintained in varying degrees. However, it is alleged that each building has friable asbestos-containing ceiling materials which release asbestos fibers during conditions of normal use and is hazardous and unreasonably dangerous to the occupants.

This discussion is analogous to the facts before this Court. Here, it is alleged that the Plaintiffs' claims against the Defendants arise out of, among other things, the manufacture, marketing, sale, and distribution of many different and dangerously defective asbestos-containing products. This series of transactions and occurrences from

manufacture to respiration of a dangerously defective product bear a "logical relationship" to one another, and therefore constitute a series of transactions or occurrences as contemplated under Rule 20(a).

### 2. All Plaintiffs' claims share common questions of law and fact.

The second prong of the Rule 20(a) test is clearly met in this proceeding. The issue of medical causation is common to each Plaintiff's claim. Additionally, information pertaining to the acts of the Removing Defendant in disseminating false, misleading and fraudulent information concerning the risks associated with the use of their products will pertain to each Plaintiff's claim. Further, the issue of the standard of care that the Defendants owed to the Plaintiffs to whom they injured will be yet another common question of law and fact to each Plaintiffs' claim against the Defendants. Accordingly, these, and numerous other, questions of law and fact are common to each Plaintiff's claim. The Mississippi Supreme Court has recently held that " the existence of only a single common issue of law, or a single common issue of fact will support joinder." *See American Bankers Ins. Co. of Florida v. Alexander*, 818 So. 2d 1073, 1078 (Miss. 2001).

Therefore, because both prongs of Miss. R. Civ. P. 20(a) joinder test are met, joinder is proper. Thus, all Defendants are properly joined in this action and no Defendants' citizenship may be disregarded. Similarly, all Plaintiffs are properly joined and no Plaintiff's citizenship may be disregarded. There are properly joined Plaintiffs who are citizens of the same states as properly joined Defendants. Additionally, two (2) of the properly joined Defendants are residents and citizens of the State of Mississippi,

where this action was begun.  For both these reasons, complete diversity does not exist

and this cause should be remanded to the Circuit Court of Jefferson County, Mississippi.

### V.  Plaintiffs' request expedited consideration of this motion pursuant to Local Rules 7.2(G) and (H) and a hearing, if necessary, in order to quickly resolve these jurisdictional issues that turn on Mississippi State law.

Pursuant to Rules 7.2(G) and (H) of the Uniform Local Rules of the United States

District Courts for the Northern and Southern Districts of Mississippi, Plaintiffs

respectfully request that this Court expedite its consideration of this motion.  Rule 7.2(G)

specifically gives priority to motions to remand.  In addition, pursuant to local rule

7.2(F), Plaintiffs also respectfully request an expedited hearing, either in person or

telephonic, and commit to be fully available at the Court's earliest convenience.

Undoubtedly, the Removing Defendant will waste no time in attempting to have

this entire case transferred to the MDL proceedings.  Transfer of this proceeding to the

MDL docket will serve only to burden yet another Federal District Court's docket with an

improvidently removed state court action. This Court retains jurisdiction to decide all

issues related to this case until the MDL panel issues its final transfer order. *See* Rules of

Procedure, Judicial Panel on Multidistrict Litigation, Rule 1.5.  In addition, because the

issue of fraudulent joinder in this case should be decided based entirely on Mississippi

state law, Plaintiffs respectfully suggest that this Court is the more appropriate court to

decide this Mississippi state law issue.  Therefore, Plaintiffs respectfully request that this

Court expedite its consideration of the Motion to Remand pursuant to Rules 7.2(G) and

(H) of the Uniform Local Rules of the United States District Courts for the Northern and

Southern Districts of Mississippi.

## VI.    Plaintiffs' request for Costs and Sanctions.

As this court is well aware, the repeated efforts by the Defendants herein to continuously race to the federal house and remove all asbestos litigation to this forum on meritless grounds is exhausting to the court system and a burden to the plaintiffs herein. *See Sam Berry v. Combustion Engineering.*, No: 1:02 CIV 200GR (S. D. Miss.) (attached as Exhibit "B").  The repeated and concerted efforts to disrupt the plaintiffs ability to have his day in court any put on his case for the purpose of being compensated for his injuries is greatly frustrated by these actions.  Therefore, plaintiffs in this action request that this Court award the plaintiffs their costs in having this matter heard and further award whatever sanctions the Court may deem necessary to deter this behavior in the future.

## VII.   Conclusion

The removal effected by the Removing Defendant is defective because:

1.     The Removing Defendant waived any potential grounds for removal based on diversity jurisdiction because their Notice of Removal was untimely;

2.     The Removing Defendant failed to obtain the timely written consent of all served Defendants;

3.     The complete diversity requirement for federal jurisdiction is not met because there are properly joined Plaintiffs who are citizens of the same states as properly joined Defendants;

4.     The requirements for removal under 28 U.S.C. § 1441(b) are not met because there are properly joined Defendants who are citizens of Mississippi, the forum state;

5.    The Removing Defendant has wholly failed to substantiate their allegations of fraudulent joinder and have failed to show improper joinder under Miss. R. Civ. P. 20;

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this cause to the Circuit Court of Jefferson County, Mississippi, and for such other relief, general and special, legal and equitable, to which Plaintiffs have shown themselves justly entitled.

This the 20th day of September 2002.

Respectfully submitted,

DAVIS & FEDER
ATTORNEYS FOR THE PLAINTIFFS,
WADE BELL, ET AL.

_Alice W. Coleman_
MARK W. DAVIS, MSB #5840
ALICE W. COLEMAN, MSB #10785

OF COUNSEL:

DAVIS & FEDER
2210 Pass Road
P.O. Drawer 6829
Gulfport, MS 39506
Phone: (228) 863-6000
Fax: (228) 864-0907

## CERTIFICATE OF SERVICE

I, Alice W. Coleman, of the law firm of Davis & Feder, do hereby certify I have this date mailed, postage prepaid, a true and correct copy of the above and foregoing Brief in Support of Plaintiffs' Motion to Remand and Request for Expedited Consideration, Costs and Sanctions to ALL Counsel of Record by U.S. Mail, as follows:

A. La'Verne Edney
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR: A.W. CHESTERTON COMPANY

Thomas W. Tardy, III
Craig E. Brasfield
Marcy B. Croft
Stefan G. Bourn
Forman Perry Watkins Krutz & Tardy, PLLC
Jackson, MS 39225
ATTORNEYS FOR: AMETEK, INC. (Individually and as Successor in Interest to Lamb Electric Motor Co. and Haveg Industries, Inc.); ASTEN, INC. (Individually and as Successor in Interest to Asten Group, Inc.); COMBUSTION ENGINEERING, INC. (Individually and as Successor in interest to M.H. Detrick Company, Walsh Refractory Corporation and Refractory and Insulation Company); CROSSFIELD PRODUCTS CORPORATION; GENERAL ELECTRIC COMPANY; GEORGIA PACIFIC CORPORATION (Individually and as successor in interest to Bestwall Gypsum Company); KOMP EQUIPMENT COMPANY; OWENS-ILLINOIS, INC. (successor to Owens-Illinois Glass Company); UNIROYAL HOLDING, INC. (Individually and as successor in interest to U.S. Rubber Company); CRANE COMPANY (Individually and as successor in Interest to Cyclotherm Corporation, Cyclotherm Boiler Company, Jenkins Valves, Inc., Jenkins Bros Valve Company, Powers process Controls, f/k/a as Powers Regulator Company, Deming Co., Chapman Valve Mfg. Co., Alloyco Valve Co., Stockham Valves & Fittings, Inc., Weinman Pump Co. and Startwout "Co."); DANA CORPORATION; FOSECO, INC.; NAITONAL SERVICES INDUSTRIES, INC.; PNEUMO ABEX CORPORATION; UNION CARBIDE CORPORATION (f/k/a Union Carbide Chemical and Plastics Company, Inc.); : INGERSOLL-RAND COMPANY; ZURN INDUSTRIES, INC.; AMCHEM PRODUCTS, INC.; AVENTIS CROPSCIENCE USA, INC.; CERTIANTEED CORPORATION

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, LTD
Hattiesburg, MS 39401
ATTORNEYS FOR: ANCHOR PACKING COMPANY; EXXON MOBIL CORPORATION (Individually and as successor-by-merger to Mobil Oil Corporation f/k/a Socony Mobil Oil

Company, Inc., individually and by merger to Magnolia Petroleum Company); GARLOCK SEALING TEHNOLOGIES, LLC (f/k/a Garlock, Inc.)

Matthew F. Powers
Samson & Powers, PLLC
Gulfport, MS 39502
ATTORNEYS FOR:  BIRD CORPORATION, BRANDON DRYING FABRICS, INC.

Mark R. Smith
Holcomb Dunbar
Oxford, MS 38655-0707
ATTORNEYS FOR:  CROWN, CORK & SEAL COMPANY, INC.

David L. Trewolla
Dogan & Wilkinson, PLLC
Jackson, MS 39225
ATTORNEYS FOR:   DURABLA   MANUFACTURING   COMPANY;   FLINTKOTE COMPANY;

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood, P.A.
Gulfport, MS 39502
ATTORNEYS FOR:  FOSTER-WHEELER CONSTRUCTORS, INC., FOSTER WHEELER ENERGY CORPORATION

Cheri D. Green
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR:   IMO INDUSTRIES (f/k/a Imo DeLaval, Transamerica Delaval, and Delaval Turbine);

Mark W. Garriga
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INSUL COMPANY, INC.;

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INTERNATIONAL PAPER COMPANY

David A. Barfield
Barfield & Associates
Jackson, MS 39207
ATTORNEYS FOR: KELLOGG, BROWN & ROOT, INC. (successor by merger to Brown & Root, Inc. (successor in interest to Brown & Root, Inc. [a Texas Corporation] and Brown & Root USA, Inc.); H.B. ZACHRY

Laurie J. Hutchings
Jude & Associates
Hattiesburg, MS 39404-7499
ATTORNEYS FOR: OGLEBAY NORTON COMPANY (and its division Ferro Engineering);

William C. Reeves
Markow, Walker & Reeves, P.A.
Jackson, MS 39236
ATTORNEYS FOR: RILEY STOKER CORPORATION

Michael E. Whitehead
Page, Mannino, Peresich & McDermott, PLLC
Biloxi, MS 39533
ATTORNEYS FOR: U.C. REALTY CORPORATION (formerly MHC Holding and Land Corporation, Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.); ALBANY INTERNATIONAL CORPORATION (Individually and as Successor in Interest to Albany Felt Company)

Walter W. Dukes
Dukes, Dukes, Keating & Faneca, P.A.
Gulfport, MS 39502
ATTORNEYS FOR: GOODYEAR TIRE & RUBBER CO.; MT. VERNON MILLS, INC.; SEPCO CORPORATION

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches, LLP
Natchez, MS 39121
ATTORNEYS FOR: ASARCO, INC.

C. Michael Evert, Jr.
Evert & Weathersby, LLC
Atlanta, GA 30305
ATTORNEYS FOR: BECHTEL CONSTRUCTION COMPANY (Individually and in its capacity as successor-in-interest to Bechtel Construction, Inc.); BECHTEL CORPORATION (Individually and as successor in interest to Bechtel, Inc. and in its capacity as successor-in-interest to Bechtel Civil & Minerals, Inc. and f/k/a Sequoia Ventures, Inc.); BECHTEL GROUP, INC. (individually and as successor-in-interest to Bechtel, Inc.); BECHTEL POWER CORPORATION; SEQUOIA VENTURES, INC.

Robert M. Arentson, Jr.
Scott Bates
J. Price Coleman
Baker, Donelson, Bearman & Caldwell
Jackson, MS 39236
ATTORNEYS FOR:  GREFCO, INC.; 3M; GENERAL REFRACTORIES, INC.

Joseph J. Stroble
Watkins & Eager, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  METROPOLITAN LIFE INSURANCE COMPANY

Alben N. Hopkins
Hopkins Barvie Hopkins, PLLC
Gulfport, MS 39502
ATTORNEYS FOR:  A.O. SMITH CORPORATION; SB DECKING, INC.

Patrick R. Buchanan
Buchananan Brown Sessoms
Pascagoula, MS 39569
ATTORNEY FOR:  CLEAVER-BROOKS DIVISION OF AQUA-CHEM, INC.; OAKFABCO, INC.

Robert H. Bass
Bradley Arant Rose & White, LLP
Jackson, MS 39215
ATTORNEY FOR:  PFIZER, INC.

Francis P. Accardo
Montgomery Barnett
New Orleans, LA 70163
ATTORNEY FOR:  KEWANEE BOILER MANUFACTURING COMPANY, INC.

Dated this the _20th_ day of September 2002.

_Alice W. Coleman_
ALICE W. COLEMAN, MSB #10785

DAVIS & FEDER
Attorneys at Law
P. O. Drawer 6829
Gulfport, MS  39506
228-863-6000



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III**
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

H.B. ZACHERY COMPANY
By and Through its Agent for Service of Process
C.T. Corporation System
1021 Main Street, Suite 1150
Houston, TX 77002

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

*Alice W. Coleman*
Alice W. Coleman

AWC:jb
Enclosures

**EXHIBIT**

tabbies®

A

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800-277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228-864-0907 · TOLL FREE 800-277-0300

Web Address
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800-277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 0460 0001 3605 1438

Sent To  H. B. Zachry Co

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
1021 Main Street, Suite 1150
Houston, TX 77002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Danielle Reich_    ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
_Danielle Reich_                 7/19/02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002 0460 0001 3605 1438
   (Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**

A T T O R N E Y S   A T   L A W

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

OWENS-ILLINOIS, INC.
(successor to Owens-Illinois Glass Company)
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228-864-0907 · TOLL FREE 800 277-0300

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 0460 0001 3605 1360

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | - |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Owens - Illinois

Street, Apt. No.;
or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Owens-Illinois Glass Co.
By and through its agent
for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery  7-19-02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number  7002 0460 0001 3605 1360
(Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

*Respond to Gulfport Office*

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

July 17, 2002

FLINTKOTE COMPANY
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1059 Government Street · Mobile, AL 36603
334-414-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service.**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Flint kote Co*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001        See Reverse for Instructions.

7002 0460 0001 3605 1223

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Trust Center
1209 Orange St.
Wilmington, DE
        19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery 7.19.02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1223

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

**DAVIS & FEDER**

ATTORNEYS AT LAW

*Respond to Gulfport Office*

July 17, 2002

JOHN CRANE
f/k/a John Crane Packing Company
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
        Case No. 2002-75

Dear Sir/Madam:

   Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

   *A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

   Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

   If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                           Sincerely,

                           DAVIS & FEDER

                           Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228-864-0807 · TOLL FREE 800-277-0300

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *John Crane*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7002 0460 0001 3605 1216

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Trust
Center
1209 Orange St.
Wilmington, DE
                 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery  1.19.02

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☑ Certified Mail       ☐ Express Mail
   ☐ Registered           ☑ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)               ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1216

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

**DAVIS &
FEDER**
A T T O R N E Y S   A T   L A W

*Respond to Gulfport Office*

July 17, 2002

J.T. THORPE
By and Through its Agent for Service of Process
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

RE:    Wade Bell, et al v. 3M, et al.
       Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228-864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334-264-6648 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  *J. T. Thorpe*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7001 3605 0001 0460 0002

PS Form 3800, January 2001                 See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Al 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                      7-19-02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☒ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)     7002 0460 0001 3605 1384

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

ITT-GOULDS PUMPS
Individually and as Successor in Interest to Goulds Pumps, Inc. and Allis Chalmers Pump Division
By and Through its President
Robert Ayers
240 Fall Street
Seneca Falls, NY 13148

RE:   Wade Bell, et al v. 3M, et al.
      Case No. 2002-75

Dear Sir/Madam:

        Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

        *A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

        Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

        If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                                Sincerely,

                                DAVIS & FEDER

                                Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
ITT-Goulds Pumps
Street, Apt. No.; or PO Box No.
City, State, ZIP+4

7002 0460 0001 3605 1391

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION.**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Ayers
240 Fall Street
Seneca Falls, NY 13148

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jean Green_   ☑ Agent   ☐ Addressee

B. Received by ( Printed Name )
Jean Green

C. Date of Delivery
7-19-02

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☑ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002  0460  0001  3605  1391

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

ATTORNEYS AT LAW

*Respond to Gulfport Office*

July 17, 2002

CRANE PUMPS & SYSTEMS, INC.
By and Through its Vice-President
Tom Stone
Post Office Box 603
Piqua, OH 45356

RE:   Wade Bell, et al v. 3M, et al.
        Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6429 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

7002 0460 0001 3605 1322

Sent To _Crane Pumps + Systems_

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   TOM STONE
   PO BOX 603
   Piqua, OH
        45356

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Christy Sewyer_     ☐ Agent
                       ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
                                   JUL 19 200

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1322

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
AL ICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

CRANE COMPANY/CRANE VALVE GROUP
By and Through its President
Jim Simpkins
3201 Walnut Avenue
Long Beach, CA 90807

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300
Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Crane Co. / Crane Valve Group*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

**PS Form 3800, January 2001**      See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   *Jim Simpkins*
   *3201 Walnut Ave*
   *Long Beach, CA*
   *90807*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
   *Nancy*                          7/14/00

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1353

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

U.C. REALITY CORPORATION
(formerly MHC Holding and Land Corporaton, Formerly Homecrafters Centers, Inc., Formerly
Moore-Handley, Inc.)
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
       Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced
matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in
paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and
of the complaint (by first-class mail, postage prepaid) to the person to be served,
together with two copies of a notice and acknowledgment conforming substantially to
Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and
returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact
me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0007 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  U.C. Realty Corp.

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2001                    See Reverse for Instructions

7002 0460 0001 3605 1131

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corp. Trust Ctr.
1209 Orange St.
Wilmington, DE
19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                  7.19.02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1131

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

**DAVIS &
FEDER**

ATTORNEYS AT LAW

*Respond to Gulfport Office*

July 17, 2002

QUIGLEY COMPANY, INC.
By and Through its Agent for Service of Process
C.T. Corporation Systems
1300 East 9th Street
Cleveland, OH 44114

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
         Case No. 2002-75

Dear Sir/Madam:

        Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

> *A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

        Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

        If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                                        Sincerely,

                                        DAVIS & FEDER

                                        Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

1659 Government Street · Mobile, AL 36603          100 Commerce Street · Montgomery, AL 36104
334 434-0040 · TOLL FREE 800 277-0300                    334 264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To _Quigley Co., Inc._

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1193

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corp.
1300 East 9th St.
Cleveland, OH
          44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
  ☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
CSILLA WELSER

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No
CLEVELAND, OHIO 44114

JUL 1 9 2002

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1193

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

*Respond to Gulfport Office*

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

July 17, 2002

PNEUMO ABEX CORPORATION
By and Through its President
Albert D. Indelicato
2400 Palmer Avenue
Kalamazoo, MI 49001

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

     Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*     A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

     Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

     If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                   Sincerely,

                   DAVIS & FEDER

                   Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-8000 · FAX 228-864-0907 · TOLL FREE 800 277-0300

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To: Pneumo Abex

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7002 0460 0001 3605 1056

PS Form 3800, January 2001                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pneumo Abex Corporation
By and thru its President
Albert O. Indelicato
2400 Palmer Avenue
Kalamazoo, MI 49001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

[postmark: KALAMAZOO MI, JUL 19 2002, USPS]

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)        ☐ Yes

2. Article Number   7002 0460 0001 3605 1056
   (Transfer from service label)

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

OGLEBAY NORTON COMPANY
(and its division Ferro Engineering)
By and through the Secretary of State
1100 Superior Avenue
Cleveland, OH 44114

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603          2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506          100 Commerce Street · Montgomery, AL 36104
334 434-0040 · TOLL FREE 800 277-0300                228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300                        334 264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To *Oglebay Norton Co*

Street, Apt. No.
or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001        See Reverse for Instructions

7002 0460 0001 3605 1070

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Oglebay Norton Company
By and through Sec. of State
1100 Superior Ave.
Cleveland, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *P. Connell*
☐ Agent
☐ Addressee

B. Received by ( Printed Name ) *Patt Connell* C. Date of Delivery JUN 19 2002

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1070

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



**DAVIS & FEDER**

ATTORNEYS AT LAW

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

INSUL COMPANY, INC.
110 N. Market Street
East Palestine, OH 44413

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
      Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603      2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506      100 Commerce Street · Montgomery, AL 36104
334-434-0040 · TOLL FREE 800-277-0300      228-863-6000 · FAX 228-864-0907 · TOLL FREE 800-277-0300      334-264-6688 · TOLL FREE 800-277-0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
Insul Co., Inc.

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1414

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Insul Company, Inc.
110 N. Market Street
East Palestine, OH
44413

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☑ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
7-19-02

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 0460 0001 3605 1414

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

IMO INDUSTRIES
f/k/a Imo DeLaval, Transamerica Delaval, and Delaval Turbine
By and Through its Agent for Service of Process
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
        Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  IMO Industris

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1421

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co.
2711 Centerville Road,
   Suite 400
Wilmington, DE 19808

2. Article Number       7002 0460 0001 3605 1421
(Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  Judith C. Harbaug      ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery   7002

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes



**DAVIS & FEDER**
A T T O R N E Y S   A T   L A W

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

GARLOCK, INC.
By and Through its Agent for Service of Process
C.T. Corporation System
815 Superior Avenue N.E.
Cleveland, OH 44114

RE:     <u>Wade Bell, et al v. 3M, et al.</u>
        Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

7002 1000 3605 1483

Postage $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees $

Postmark
Here

Sent To   Garlock

Street, Apt. No.;
or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
815 Superion Ave. N.E.
Cleveland, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
CSILLA WEGLING
CORPORATION SYSTEM
CO EAST 9th STREET

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

JUL 1 9 2002

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7002 0460 0001 3605 1483

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 17, 2002

FOSECO, INC.
By and Through its Agent for Service of Process
C.T. Corporation System
350 N. ST. Paul Street
Dallas, TX 75201

RE:   Wade Bell, et al v. 3M, et al.
       Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

O F F I C I A L   U S E

7002 0460 0001 3605 1506

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Fosco, Inc. / C.T. Corp. System
Street, Apt. No.; or PO Box No.  350 N. St. Paul St.
City, State, ZIP+4  Dallas, TX 75201

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
350 N. St. Paul Street
Dallas, TX 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Jennifee S. Ducklingbr*   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

**RECEIVED JUL 1 9 2002**

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002  0460  0001  3605  1506
(Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

**DAVIS & FEDER**
ATTORNEYS AT LAW

*Respond to Gulfport Office*

July 17, 2002

DANA CORPORATION
By and Through its Agent for Service of Process
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

RE:   <u>Wade Bell, et al v. 3M, et al.</u>
        Case No. 2002-75

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address
www.davisandfeder.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Company
2000 Interstate Park Dr.
STE 204
Montgomery AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _D. Hanson_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
7-19-02

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1254

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Dana Corp. / Corp. Co.

Street, Apt. No.; or PO Box No.
2000 Interstate Park Dr.

City, State, ZIP+4
Montgomery AL 36109

PS Form 3800, January 2001   See Reverse for Instructions

7002 0460 0001 3605 1254



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAM BERRY, *ET AL.*                                          PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:02cv200GR

COMBUSTION ENGINEERING, INC.; *ET AL.*                        DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [4-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. Also pending before the Court are the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] presented in connection with the remand motion. Hopeman Brothers, Inc. [Hopeman] has filed a motion to stay [7-1] these proceedings pending resolution of its motion to transfer. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [4-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than June 28, 2002. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is

402-403

EXHIBIT
B

further,

ORDERED AND ADJUDGED that the plaintiffs' motions for attorneys fees [4-2] and for sanctions [4-3] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that Hopeman's motion to stay [7-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order or attempting to circumvent the procedures of this Court shall be sanctioned as deemed appropriate by this Court. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 11th day of June, 2002.


UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAM BERRY, *ET AL.*                                                PLAINTIFFS

VERSUS                                     CIVIL ACTION NO. 1:02cv200GR

COMBUSTION ENGINEERING, INC.; *ET AL.*                    DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court on motion of the plaintiffs to remand [4-1] the above

referenced action to the Circuit Court of Jefferson County, Mississippi. Also pending before the

Court are the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] presented in

connection with the remand motion. Hopeman Brothers, Inc. [Hopeman] has filed a motion to

stay [7-1] these proceedings pending resolution of its motion to transfer. The Court has duly

considered the record in this action, the overall court docket in addition to the briefs of counsel,

and being fully advised in the premises, concludes as follows:

This suit was originally filed in state court on March 31, 1999. (Ct. R. Doc. 1, Exh. A.)

In essence, the plaintiffs allege that they were exposed to asbestos while employed at various

construction sites. (*Id.*) Two defendants in the suit, A.P. Green Industries, Inc. [A.P. Green] and

Harbison-Walker Refractories Company [Harbison] filed for bankruptcy on February 14, 2002.

(Removal Notice, p. 1.) Hopeman removed this case on May 13, 2002, asserting that the matter

is related to those bankruptcy matters. (*Id.*, p. 2.) Hopeman asserts that it has "either

affirmatively asserted a cross-claim for indemnification and/or contribution" against A.P. Green

and Harbison or "has an anticipated claim for contribution and/or indemnity" against the same

released or discharged from a lawsuit by a plaintiff survives that event. (*Id.*, p. 11.) This would

distinguish this case from any Fifth Circuit law regarding contribution claims involving entities

dismissed by a plaintiff, according to Hopeman. (*Id.*)

### Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases

unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.

1996) (citation omitted). In a remand situation, defendants bear the burden of establishing

original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H*

*Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en*

*banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this

burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000).

I.      "Related to" a Bankruptcy Proceeding

This suit was removed on the basis of being "related to" the bankruptcy of A.P. Green

and Harbison. (Notice of Removal, p. 1.) Hopewell maintains that any liability it may face has

or will lead to claims for contribution and indemnification. (*Id.*, p. 2.) This case was removed

pursuant to title 28 U.S.C.§ 1452(a), which provides in pertinent part as follows:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a governmental
> unit to enforce such governmental unit's police or regulatory power, to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive

jurisdiction of all proceedings arising under Title 11, or arising in or related to cases under title

3

11." Matters such as causes of action owned by the debtor which become property of the estate under 11 U.S.C. § 5412 and suits between third parties which have an effect on the bankruptcy estate are "related to" a bankruptcy proceeding. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995). A proceeding is "related to" a bankruptcy proceeding if, "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999). In addition, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankrupt estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)). There are limits, however, and "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996).

Indemnification under Mississippi law, requires a judgment in favor of the plaintiffs. *Hopton Bldg. Maintenance, Inc. vc. United Parcel Serv.*, 559 So.2d 1012, 1013-14 (Miss. 1990). There is no evidence in this case that a judgment in favor of the plaintiffs has been reached. The Court concludes that there is no basis for jurisdiction in this case based on a possible indemnification claim against bankrupt defendants, because there has been no determination of liability by Hopeman to the plaintiffs. *Smith v. H.C. Bailey Cos.*, 477 So.2d 224, 235 (Miss. 1985); *Curry v. Sile Distributors*, 727 F. Supp. 1052, 1055 (N.D. Miss. 1990).

A claim for contribution is addressed by MISSISSIPPI CODE ANNOTATED § 85-5-7 and the presence or absence of a particular defendant has no effect on a particular defendant's liability.

4

*Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1273 (Miss. 1999). The liability of

absent or "phantom" defendants remains an issue for jury consideration so that each defendant

can have their portion of fault, if any, assigned to them. *Hunter*, 729 So.2d at 1272-76; *see*

*Krieser v. Hobbs*, 166 F.3d 736, 740 (5th Cir. 1999). Any claim for contribution asserted or yet

to be asserted by Hopewell has been addressed by the statute and A.P. Green and Harbison's

status in its bankruptcy proceeding has no bearing on any contribution claim that Hopewell may

advance. The jury is capable of assessing any contribution which the bankrupt defendants might

have in the alleged negligence involved in this case.

     The circumstances involved in this case are similar to those presented in another suit

involving a defendant involved in bankruptcy, in which jurisdiction under the "related to" aspect

was found lacking. *See i.e., Arnold v. Garlock, Inc.* 278 F.3d 426, 434-5 (5th Cir. 2001). There

is no evidence in this case that Hopewell's claims against A.P. Green and/or Harbison are

"related to" the bankruptcy proceeding involving those companies. Any claims against bankrupt

defendants were severed from the underlying suit. Furthermore, any alleged negligence by those

defendants can be considered by the jury under Mississippi law, without jeopardizing Hopewell's

potential claims against a bankrupt party. The Court, therefore, concludes that there is no federal

subject matter jurisdiction in this case under the "related to" provision of 28 U.S.C. § 1334(b)

and that the removal of this case based on this provision was improper.

     The continuous removal of these cases based on meritless reasons, as is the case here, in

addition to being burdensome to the plaintiffs has become a tax on the resources of the Court and

the court family. Innumerable hours are spent by court personnel to identify parties and issues

involved in lawsuits which have been removed several times from state court. The Court can

only interpret the defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases. Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the plaintiffs' motions for attorneys fees and sanctions should be denied. *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977. The Court also concludes that the motion to stay these proceedings should be denied as moot.

<u>Conclusion</u>

For the aforementioned reasons, the Court finds that the plaintiffs' motion to remand [4-1] this case to the Circuit Court of Jefferson County, Mississippi, should be granted. The Court further finds that the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] and Hopeman's motion to stay [7-1] should be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 11th day of June, A.D., 2002.

UNITED STATES DISTRICT JUDGE

6

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

SEP 2 0 2002

J. T. NOBLIN, CLERK
_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

KING, ET AL.                                                    **PLAINTIFFS**

VS.                                        **CIVIL ACTION NO. 1:02CV676GR**

3M, ET AL.                                                    **DEFENDANTS**

### PLAINTIFFS' MOTION TO REMAND AND REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS

COME NOW, the plaintiffs in the above-styled cause and move this Honorable Court for an order remanding this matter back to the Circuit Court of Claiborne County, Mississippi, and would show in support the following:

1.      Plaintiffs filed their First Amended Complaint in this matter on July 11, 2002, and thereafter, service of process was issued to all one hundred and twenty defendants. Seventeen of these Defendants received service of process by certified mail on July 19, 2002.

2.      On August 21, 2002, 3M f/k/a Minnesota Mining & Manufacturing (herein after referred to as the "Removing Defendant") filed their Notice of Removal alleging that this Court has original subject matter jurisdiction over this action based on the complete diversity of citizenship of the parties despite the fact that all sixteen (16) Plaintiffs are residents of Mississippi and there are two (2) Defendants who are also residents of Mississippi.

3.      The Removing Defendant clearly did not meet the thirty (30) day requirement set out in Mississippi Law determining when a removal may be perfected. This deadline ran on August 19, as the above action became "removable" upon service on the first defendant herein on July 19, 2002.

**EXHIBIT**

tabbies

**2**

Page 1

4.      Furthermore, the Removing Defendant failed to get consent from the other Defendants within the proscribed 30 day time period from when the action became removable.

5.      In addition to filing its notice of removal late and failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist.  It is well settled that federal diversity jurisdiction is present only when all parties on one side are of citizenship diverse to that of all parties on the other side.  In the present case there are two named defendants who are resident citizens of Mississippi, Komp Equipment Company and Gulf Coast Marine Supply.

6.      Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20, contrary to the assertions of the Removing Defendant.  In this case, Plaintiffs, all of whom were exposed to asbestos containing products manufactured, distributed and sold by the defendants, allege that the Removing Defendant, among other things, breached legal duties to each Plaintiff in the series of transactions including the design, manufacture, advertising, marketing, testing, defective labeling, and selling of their "protective" products including their popular series of dust masks.  Plaintiffs join their claims against the Removing Defendant because their acts constitute a series of occurrences wherein the Removing Defendant knowingly violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs.

7.      Plaintiffs' request expedited consideration of this motion pursuant to Local Rules 7.2(G) and (H) and a hearing, if necessary, in order to quickly resolve these jurisdictional issues that turn on Mississippi State law.

8.    Further, plaintiffs in this action request that this Court award the plaintiffs their costs in having this matter heard and further award whatever sanctions the Court may deem necessary to deter this behavior in the future.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this cause to the Circuit Court of Claiborne County, Mississippi, and for such other relief, general and special, legal and equitable, to which Plaintiffs have shown themselves justly entitled.

This the 20th day of September 2002.

Respectfully submitted,

DAVIS & FEDER
ATTORNEYS FOR THE PLAINTIFFS,
DARRELL KING, ET AL.

MARK W. DAVIS, MSB #5840
ALICE W. COLEMAN, MSB #10785

OF COUNSEL:

DAVIS & FEDER
2210 Pass Road
P.O. Drawer 6829
Gulfport, MS 39506
Phone:  (228) 863-6000
Fax: (228) 864-0907

## CERTIFICATE OF SERVICE

I, Alice W. Coleman, of the law firm of Davis & Feder, do hereby certify I have this date mailed, postage prepaid, a true and correct copy of the above and foregoing Motion to Remand and Request for Expedited Consideration, Costs and Sanctions to ALL Counsel of Record by U.S. Mail, as follows:

A. La'Verne Edney
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  A.W. CHESTERTON COMPANY

Thomas W. Tardy; III
Stefan G. Bourn
Marcy B. Croft
Craig E. Brasfield
Forman Perry Watkins Krutz & Tardy, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  AMETEK, INC. (Individually and as Successor in Interest to Lamb Electric Motor Co. and Haveg Industries, Inc.); COMBUSTION ENGINEERING, INC. (Individually and as Successor in interest to M.H. Detrick Company, Walsh Refractory Corporation and Refractory and Insulation Company); GENERAL ELECTRIC COMPANY; GEORGIA PACIFIC CORPORATION (Individually and as successor in interest to Bestwall Gypsum Company); KOMP EQUIPMENT COMPANY; CRANE COMPANY (Individually and as successor in Interest to Cyclotherm Corporation, Cyclotherm Boiler Company, Jenkins Valves, Inc., Jenkins Bros Valve Company, Powers process Controls, f/k/a as Powers Regulator Company, Deming Co., Chapman Valve Mfg. Co., Alloyco Valve Co., Stockham Valves & Fittings, Inc., Weinman Pump Co. and Startwout Co.); DANA CORPORATION; FOSECO, INC.; NATIONAL SERVICES INDUSTRIES, INC.; PNEUMO ABEX CORPORATION; UNION CARBIDE CORPORATION (f/k/a Union Carbide Chemical and Plastics Company, Inc.); C.E. THURSTON & SONS, INC.; ASTEN, INC. (Individually and as Successor in interest to Asten Group, Inc.); CROSSFIELD PRODUCTS CORPORATION; GEORGIA-PACIFIC CORPORATION; INGERSOLL-RAND COMPANY; OWENS-ILLINOIS, INC. (successor to Owens-Illinois Glass Company); UNIROYAL HOLDING, INC. (Individually and as successor in interest to U.S. Rubber Company); ZURN INDUSTRIES, INC.; AMCHEM PRODUCTS, INC.; CERTIANTEED CORPORATION

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, LTD
Hattiesburg, MS 39401

ATTORNEYS FOR:  ANCHOR PACKING COMPANY; EXXON MOBIL
CORPORATION (Individually and as successor-by-merger to Mobil Oil Corporation
f/k/a Socony Mobil Oil Company, Inc., individually and by merger to Magnolia
Petroleum Company); GARLOCK SEALING TEHNOLOGIES, LLC (f/k/a Garlock,
Inc.); BURNS INTERNATIONAL SERVICES CORPORATION

Matthew F. Powers
Samson & Powers, PLLC
Gulfport, MS 39502
ATTORNEYS FOR:  BIRD CORPORATION, BRANDON DRYING FABRICS, INC.

Mark R. Smith
Holcomb Dunbar
Oxford, MS 38655-0707
ATTORNEYS FOR:  CROWN, CORK & SEAL COMPANY, INC.

David L. Trewolla
Dogan & Wilkinson, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  DURABLA MANUFACTURING COMPANY; FLINTKOTE
COMPANY;

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood, P.A.
Gulfport, MS 39502
ATTORNEYS FOR:  FOSTER-WHEELER CONSTRUCTORS, INC., FOSTER
WHEELER ENERGY CORPORATION

Cheri D. Green
Brunini, Grantham, Grower & Hewes, PLLC
Jackson, MS 39205
ATTORNEYS FOR:  IMO INDUSTRIES (f/k/a Imo DeLaval, Transamerica Delaval,
and Delaval Turbine);

Mark W. Garriga
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INSUL COMPANY, INC.;

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Jackson, MS 39225
ATTORNEYS FOR:  INTERNATIONAL PAPER COMPANY

William C. Reeves
Markow, Walker & Reeves, P.A.
Jackson, MS 39236
ATTORNEYS FOR:  RILEY STOKER CORPORATION

David A. Barfield
Barfield & Associates
Jackson, MS 39207
ATTORNEYS FOR:  KELLOGG, BROWN & ROOT, INC. (successor by merger to
Brown & Root, Inc. (successor in interest to Brown & Root, Inc. [a Texas Corporation]
and Brown & Root USA, Inc.); H.B. ZACHRY COMPANY

Laurie J. Hutchings
Jude & Associates
Hattiesburg, MS 39404-7499
ATTORNEYS FOR:  OGLEBAY NORTON COMPANY (and its division Ferro
Engineering);

Michael E. Whitehead
Page, Mannino, Peresich & McDermott, PLLC
Biloxi, MS 39533
ATTORNEYS FOR:  U.C. REALTY CORPORATION (formerly MHC Holding and
Land Corporation, Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.);
ALBANY INTERNATIONAL CORPORATION (Individually and successor in interest
to Albany Felt Company)

Walter W. Dukes
Dukes, Dukes, Keating & Faneca, P.A.
Post Office Drawer W
Gulfport, MS 39502
ATTORNEYS FOR:  GOODYEAR TIRE & RUBBER CO.; MT. VERNON MILLS,
INC.; SEPCO CORPORATION

J. Price Coleman
Scott Bates
Baker Donelson Bearman & Caldwell
Jackson, MS 39236
ATTORNEY FOR:  3M; GREFCO, INC.

Alben N. Hopkins
Hopkins, Barvie & Hopkins, PLLC
Gulfport, MS 39502
ATTORNEY FOR:  A.O. SMITH CORPORATION; SB DECKING, INC

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches, LLP
Natchez, MS 39121
ATTORNEY FOR:  ASARCO, INC

C. Michael Evert, Jr.
Evert & Weathersby, LLC
Atlanta, GA 30305
ATTORNEY FOR:  BECHTEL CONSTRUCTION COMPANY (Individually and in its
capacty as successor-in-interest to Bechtel Construction, Inc.); BECHTEL
CORPORATION (individually and as successor in interest to Bechtel, Inc. and in its
capacity as successor-in-interest to Bechtel Civil & Minerals, Inc. and f/k/a Sequoia
Ventures, Inc.); BECHTEL GROUP, INC. (individually and as a successor in interest to
Bechtel, Inc.); BECHTEL POWER CORPORATION; SEQUOIA VENTURES, INC.

Patrick R. Buchanan
Buchananan Brown Sessoms
Pascagoula, MS 39569
ATTORNEY FOR:  CLEAVER-BROOKS DIVISION OF AQUA-CHEM, INC.;
OAKFABCO, INC.

Joseph J. Stroble
Watkins & Eager, PLLC
Jackson, MS 39205
ATTORNEY FOR:  METROPOLITAN LIFE INSURANCE COMPANY

Robert H. Bass
Bradley Arant Rose & White, LLP
Jackson, MS 39215
ATTORNEY FOR:  QUIGLEY COMPANY, INC.; PFIZER, INC.

Francis P. Accardo
Montgomery Barnett
New Orleans, LA 70163
ATTORNEY FOR: KEWANEE BOILER MANUFACTURING CO., INC.

Dated this the _20_ day of September 2002.

_Alice W. Coleman_
ALICE W. COLEMAN, MSB #10785

DAVIS & FEDER
Attorneys at Law
P. O. Drawer 6829
Gulfport, MS  39506
228-863-6000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KING, ET AL.                                            PLAINTIFFS

VS.                                    CIVIL ACTION NO. 1:02CV676GR

3M, ET AL.                                             DEFENDANTS

<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMANDAND
REQUEST FOR EXPEDITED CONSIDERATION, COSTS AND SANCTIONS</u>

Plaintiffs, all resident citizens of Claiborne County, Mississippi, filed their First
Amended Complaint in this matter on July 11, 2002. Shortly thereafter, service of
process was issued to all one hundred and twenty defendants. Seventeen of these
Defendants received service of process by certified mail on July 19, 2002 (copies of each
certified mail receipt and signed by each recipient are attached hereto as collective
Exhibit "A"). On August 21, 2002, 3M f/k/a Minnesota Mining & Manufacturing (herein
after referred to as the "Removing Defendant") filed their Notice of Removal alleging
that this Court has original subject matter jurisdiction over this action based on the
complete diversity of citizenship of the parties despite the fact that all sixteen (16)
Plaintiffs are residents of Mississippi and there are two (2) Defendants who are also
residents of Mississippi. The Removing Defendant based their assertion of diversity
jurisdiction solely on their allegations that the diversity destroying Defendants have been
"misjoined" to such an extent that they are "fraudulently joined" so that their citizenship
should be ignored for diversity purposes.

It is a well-established principle that removal statutes are to be strictly construed,
and any doubts concerning removal must be resolved against removal and in favor of
remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61

S. Ct. 868 (1941).   The Fifth Circuit and the Mississippi Federal Judiciary have established a strong presumption against removal, and will construe the removal statute in favor of remand.   Further, the Removing Defendant faces a particularly high burden, one of "clear and convincing evidence," in order to establish allegations of fraudulent joinder.   On the basis of this precedent alone, the Removing Defendant faces an uphill battle in prevailing on their allegations that diversity-destroying defendants have been fraudulently joined in this action.   But when the fraudulent joinder analysis includes consideration of recent Mississippi state and federal authority that recognizes that the Mississippi Rules of Civil Procedure allow for virtually unlimited joinder at the pleading stage, it is clear that the Removing Defendant cannot prevail on its claims of fraudulent joinder.   Therefore, Plaintiffs respectfully request this Court to remand this action to the Circuit Court of Claiborne County, Mississippi for lack of subject matter jurisdiction.

I.      **The Removing Defendant failed to timely assert diversity jurisdiction as a ground for removal, and therefore have waived such ground.**

The Court need not even consider the merits of the Removing Defendant's argument that diversity jurisdiction exists in this case.   They have waived this potential ground for removal because their Notice of Removal was untimely.   It is clear under Fifth Circuit Precedent that in a multi-defendant case, the thirty (30) day period for removal provided by 28 U.S.C. section 1446(b) "begins to run as soon as the first defendant is served (provided the case is then removable)." *Getty Oil v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988) (citing 1A *Moore's Federal Practice* ¶ 0.168[3.-5-5] at 586 (1987); *Brown v. Demco, Inc.*, 792 F.2d 478, 481; *United Plumbing & Heating Co., Inc. v. Lewis*, 113 F.Supp.2d 1041, 1042 (S.D. Miss. 2000).   The Removing

Defendant clearly did not meet this requirement, and have therefore waived any potential right to removal on these grounds.

Not only was the Notice of Removal clearly untimely, but in an apparent attempt to cover their missed deadline, the Removing Defendant knowingly quoted the improper time period for a removal based on diversity grounds.  In their Notice of Removal, the Removing Defendant asserted that they "were served with the summons and Complaint on July 22, 2002, so that this Notice is filed within 30 days of their receipt of the Plaintiffs' complaint." *See* Notice of Removal p. 1.  As noted above, Fifth Circuit law makes it clear that in a multi-party case, the time period for removal begins to run from the date the first defendant is served, not the date that the removing defendant is served.

The first service of a Defendant in this action was completed on July 19, 2002. *See* Exhibit A.  Therefore, any removal on grounds that were apparent from the face of the Plaintiffs' First Amended Complaint, which would certainly include an allegation of diversity jurisdiction based on a fraudulent joinder argument, had to be accomplished by August 19, 2002.  The Removing Defendant filed their Notice of Removal on August 21, 2002, two (2) days past the deadline.  *See* Notice of Removal p. 1.  Accordingly, the Removing Defendant waived any potential for removal on the grounds of diversity of citizenship based on their "misjoinder equals fraudulent joinder" theory.  Therefore, this Court need not reach the merits of this ground for removal, and this action should be remanded to the Circuit Court of Claiborne County, Mississippi.

**II.    The Removing Defendant did not obtain timely written consent**
**from all served Defendants.**

It is well established that removal under § 1446(b) requires that all defendants consent to removal.  Two general approaches have developed in the relevant

jurisprudence to determine when the thirty-day filing period commences: the "first-served" rule and the "last-served" rule. See Auchinleck v. Town of LaGrange, 167 F. Supp.2d 1066, 1068-69 (E.D. Wis. 2001). The "first-served" rule asserts "the time period begins to run when the first defendant has been served, and the failure of any party to file within those thirty days precludes removal for all future defendants. The logic behind this rule is based on the concept that all defendants must consent to removal." Id. at 1068 (citing P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co., 395 F.2d 546, 547 (7th Cir. 1968). The "last-served" rule "allows each individual defendant thirty days to file for removal, provided that the other parties consent. Courts which reject the first-served approach in favor of the last-served approach do so based on the potential unfairness to later-served defendants." Auchinleck v. Town of LaGrange, supra, 167 F. Supp.2d at 1068-69. Although they disagree on which rule to apply, the Fourth, Fifth, Sixth, Seventh, and Eighth Circuits are unanimous on the proposition that all defendants must consent to removal under 28 U.S.C. § 1446(b). See McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924, 925 (4th Cir. 1992) ("all served defendants must join in a petition for removal . . . ."); Wilkins v. Correctional Medical System, 931 F.2d 888, 888 n.2 (4th Cir. 1991) ("All defendants must unanimously join in or consent to a removal action within 30 days . . . ."); Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990) ("28 U.S.C. § 1446(b) requires that all defendants join in the removal petition"); Sims v. Ward, 2001 WL 1104636 (E.D. La. 2001) ("The Fifth Circuit has long recognized that removal based on 28 U.S.C. § 1446(b) requires that all defendants join in the removal petition"); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999) ("a later-served defendant has 30 days from the

date of service to remove a case to federal district court, with the consent of the remaining defendants"); *Auchinleck v. Town of LaGrange, supra,* 167 F. Supp.2d at 1068 (citing *P.P. Farmers' Elevator Co., supra,* 395 F.2d at 547 (7th Cir. 1968)); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.,* 254 F.3d 753, 757 (8th Cir. 2001). Although the Second Circuit apparently has not had the opportunity to join issue, some district courts within the Second Circuit are in accord.  See *Payne v. Overhead Door Corp.,* 2001 WL 1456109 (S.D.N.Y. 2001); *Berrios v. Our Lady of Mercy Medical Center,* 1999 WL 92269 (S.D.N.Y. 1999).

If this Court were to decide that the Removing Defendant did not waive its right to remove this action based on diversity grounds, the Removing Defendant has not obtained the required written consent of all served defendants before removing the case. *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir. 1992); *Balazik v. County of Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); *Roe v. Donohue,* 38 F.3d 298, 301 (7th Cir. 1994). In fact, the Removing Defendant has not obtained consent from any of the properly joined and served Defendants.  The United States Court of Appeals for the Fifth Circuit holds that all served defendants must file a written consent to the removal no later than 30 days from the date that the first defendant is served. *Getty Oil Corp. v. Insurance Company of North America,* 841 F.2d 1254, 1262-63 (5th Cir. 1988)("[A]ll served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."). The first seventeen Defendants was served on July 19, 2002, and eighty-four of the one-hundred twenty defendants were served at the time the removal of this action should have been filed no later than August 19, 2002.  Therefore, all of these Defendants must have filed written consent no later than August 19, 2002.   The Removing

Defendant's Notice of Removal is silent regarding the issue of consent to the removal by the other Defendants.

The failure of the Removing Defendant to obtain timely written consent from the other Defendants "renders the petition defective" and is a failure to comply with the removal statute. *Getty Oil Corp. v. Insurance Company of North America*, 841 F.2d 1254, 1262 (5th Cir 1988). This procedural defect renders the removal improper and possibly improvident within the meaning of 28 U.S.C. § 1447(c). *Id.* at 1262-1263 ("Indeed, a defendant's failure to join in the removal petition within this thirty-day period could render removal improvident within the meaning of 28 U.S.C. § 1447(c)."). This defect alone is dispositive of this issue, and requires this action to be remanded to the Circuit Court of Claiborne County, Mississippi.

### III.     Requirements for federal diversity jurisdiction are not met.

In addition to filing its notice of removal late and failing to obtain the required consent of the other Defendants, federal diversity jurisdiction does not exist. It is well settled that federal diversity jurisdiction is present only when "all parties on one side are of citizenship diverse to that of all parties on the other side." *Cole v. Continental Oil Co.*, 240 F. Supp. 642, 644 (W.D. Okla. 1965)(*citing Strawbridge v. Curtis*, 7 U.S. 267 (1806)). Additionally, under 28 U.S.C. § 1441(b), a state court action is not removable on the basis of federal diversity jurisdiction if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b). In the present case, sixteen (16) properly joined Plaintiffs are citizens of the state of Mississippi and two (2) properly joined Defendants are citizens of Mississippi, the forum state. *See* Notice of Removal p. 2-5. Accordingly, complete

diversity of citizenship does not exist, and this case is therefore not removable under 28 U.S.C. § 1441.

## IV.    The Removing Defendant has not, and cannot, meet their burden for establishing fraudulent joinder in this action.

The Removing Defendant' basis for removal on diversity grounds rests entirely on their allegations that diversity destroying Defendants have been fraudulently joined in this action. This is not an easy burden to meet, and the Removing Defendant has not, and cannot, meet their burden here.

The Fifth Circuit and the Mississippi Federal Judiciary have made it clear that all removing parties face a heavy burden, but particularly those who allege fraudulent joinder.   To determine whether jurisdiction exists for removal, Fifth Circuit and Mississippi Federal precedent requires an examination of the claims in the state court petition, as they existed at the time of removal.  *See Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 (5th Cir.1995); *Wheeler v. Frito-Lay, Inc,* 743 F. Supp. 483, 485 (S.D. Miss. 1990).   Any ambiguities in the petition must be construed against removal because the removal statute should be strictly construed in favor of remand.  *See Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000); *Lauderdale v. Merck & Co, Inc.,* 2002 WL 449423, *2 (N.D. Miss. 2002); *Wheeler,* 743 F. Supp. at 485.  When a removing party bases its removal on fraudulent joinder of diversity destroying defendants, then the burden on the removing defendant becomes "quite stringent."  *See Lauderdale v. Merck & Co.,* 2002 WL 449423, *2 (N.D. Miss.) (*citing Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir. 2000).   The Fifth Circuit in *Hart* noted that "[t]he burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."  199 F.3d at 246.   In order to prove that a defendant has been fraudulently joined

in order to defeat diversity jurisdiction, the removing party must establish that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant[s] in state court."[1]  *Id.*  Further, the Removing Defendant' "claim of fraudulent joinder must be pleaded with particularity, and supported by clear and convincing evidence."  *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962); *Everett v. MTD Products, Inc*, 947 F. Supp. 441, 445 (N.D. Ala. 1996); *Horton v. Scripto-Tokai Corp.*, 878 F. Supp. 902, 906 (S.D. Miss. 1995).  The Removing Defendant also "must present evidence that compels the conclusion that the joinder is without right and made in bad faith."  *Everett*, 947 F. Supp. at 444 (internal quotes and ellipsis omitted).  "If there is any doubt as to whether a plaintiff has stated a claim against the non-diverse defendant, the joinder is not fraudulent."  *Horton*, 878 F. Supp. at 906.  The Removing Defendant has not and cannot meet this burden in this case.

### A.  The Fifth Circuit and the Mississippi Federal Courts do not recognize the "misjoinder equals fraudulent joinder" theory advanced by the Defendant here.

Sound Fifth Circuit precedent holds that if the Court finds that any of the individual Defendants have not been fraudulently joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).   Fifth Circuit District Courts have repeatedly declined to rely upon the "often discredited" theory that egregious misjoinder could rise to the level of fraudulent joinder.  Additionally, there is at least a possibility that the state court would find joinder proper in this case. (citing Mississippi Supreme Court precedent expressing a state policy for allowing virtually unlimited joinder at the

---

[1]The other standard for proving fraudulent joinder is "outright fraud in the plaintiff's recitation of the facts." *Hart*, 199 F.3d at 246. However, the Removing Defendant has not alleged this ground in its Notice of Removal, and so it is not at issue here.

pleading stage.) This finding alone makes it impossible for the Removing Defendant to meet the high burden for proving fraudulent joinder. Even if the "egregious misjoinder" theory of fraudulent joinder were accepted in Mississippi or the Fifth Circuit, it is impossible to have an "egregious misjoinder" of parties if there is a possibility that a state court in Mississippi would find joinder proper. Therefore, definitively refuted the theory that misjoinder could rise to the level of fraudulent joinder under Mississippi and Fifth Circuit law.

In this action, there are two (2) Defendants that are residents of Mississippi, Komp Equipment Company and Gulf Coast Marine Supply. Plaintiffs steadfastly maintain that based on the authority discussed below, all parties have been properly joined in this action. However, even if the Mississippi resident Defendants were "misjoined" this still does not rise to the level of fraudulent joinder under Mississippi and Fifth Circuit law. Further, when this authority is considered in light of the Removing Defendant' "quite stringent" burden for establishing a claim of fraudulent joinder, it becomes clear that the Removing Defendant has not, and cannot, establish that there is "absolutely no possibility that the plaintiff will be able to establish a cause of action against the instate defendant[s] in state court." Accordingly, in the face of this clear legal authority, diversity jurisdiction does not exist, and this Court should therefore remand this action to the Circuit Court of Claiborne County, Mississippi.

### B. Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20

The Removing Defendant asserts the existence of federal diversity jurisdiction based on the theory that Plaintiffs' claims are not properly joined under Miss. R. Civ. P. 20 and that the alleged improper joinder rises to the level of fraudulent joinder, thus

allowing the court to disregard the residence of all non-diverse parties. In the present case, joinder of all Parties and claims is proper under Miss. R. Civ. P. 20 and Fed. R. Civ. P. 20.

In diversity cases, the Federal Courts are charged with ascertaining and applying state law. *Bobby Jones Garden Apartments, Inc., v. F.R. Suleski*, 391 F.2d 172, 175 (5th Cir. 1968). In this case, the relevant state law is Rule 20 of the Mississippi Rules of Civil Procedure. Federal Rule of Civil Procedure 20 and Mississippi Rule of Civil Procedure 20 are essentially the same and provide, in the identical relevant part:

> (a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded.

Fed. R. Civ. P. 20; Miss. R. Civ. P. 20. Under both the Federal and Mississippi Rules of Civil Procedure, Rule 20 is interpreted liberally in favor of joinder. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 86 S.Ct. 1130, 1137-38, 16 L.Ed.2d 218 (1966) ("joinder of claims, parties and remedies is strongly encouraged"); *Atchison v. Woodmen of the World Insurance Society*, 982 F. Supp. 835, 839 (S.D. Ala. 1997) (rule governing permissive joinder is liberally interpreted in favor of joinder and there is no strict rule for determining what constitutes same transaction or series of transactions for purposes of the rule); Comment to Miss. R. Civ. P. 21 ("The purpose of Rule 21 is to avoid multiple litigation and to promote liberal joinder of parties"); *Dixon v. Ford Motor Credit*

*Company*, 1999 WL 104425, *2 (E.D. La. February 24, 1999) (Broad interpretation of Rule 20 "seems sound in as much as no difficulty is likely to result from the joinder of even marginally related parties at the pleading stage.") (*citing Wright & Miller*, sec. 1653, p. 389.).

The Mississippi Supreme Court recently affirmed the principle of liberal joinder under the Mississippi Rules of Civil Procedure.   In *American Bankers Insurance Company of Florida v. Belinda Alexander, et al.*, the Court stated that the purpose of Rule 20 "is to allow virtually unlimited joinder at the pleading stage but to give the Court discretion to shape the trial to the necessities of the particular case." *American Bankers Insurance Company of Florida v. Belinda Alexander, et al.*, 818 So. 2d 1073, 1075 (Miss. 2001)(*citing* Comment to Miss. R. Civ. P. 20.)  The Court pointed out that Mississippi has been reluctant to adopt a class action practice because "by its very nature such an action deprives non-appearing parties of their separate personal day in court…and they are bound forever by the decision rendered."  *Id.* at 1078. However, the Court also recognized the need for a mechanism to handle claims of the type that might ordinarily be handled in a class action, pointing out that "we have fashioned our Rules of Civil Procedure to handle cases of this type under Rule 20 and 42."  *Id.*  The Court also acknowledged that, because Mississippi has not adopted Fed. R. Civ. P. 23, "[t]his Court has…liberalized the rules of civil procedure at times in order to better accommodate parties who are consequently shut out of the legal system." *Id.*

Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Mosley v. General Motors Corp.,*

497 F.2d 1330, 1332-33 (8th Cir. 1974) (*quoting United Mine Workers v. Gibbs*, 383

U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).  Rule 20(a) imposes two

specific requisites to the joinder of parties:  (1) a right to relief must be asserted by, or

against, each plaintiff or defendant relating to or arising out of the same transaction or

occurrence, or series of transactions or occurrences; and (2) some question of law or fact

common to all the parties must arise in the action.  *Id.* at 1333.

### 1. All Plaintiffs' claims are part of the same transaction or series of transactions.

There is no strict rule for determining what constitutes the same transaction or

series of transactions.  *Atchison*, 982 F. Supp. at 839.  Rather, the Court should look to

determine if the claims are "logically related."  *Id; Hanley v. First Investors Corp.*, 151

F.R.D. 76, 78-79 (E.D. Tex. 1993).  Rule 20 itself contemplates a "logical relationship"

definition of the phrase "series," as the court in *Hanley* explained:

> Imagine a number of "transactions or occurrences" spread out through
> time and place.  They are not directly continuous, or else they would
> constitute one transaction or occurrence rather than a number of them.
> What would make them a "series?"  The answer is some connection or
> logical relationship between the various transactions or occurrences.  The
> thing which makes the relationship "logical" is some nucleus of operative
> facts or law--the second prong of the 20(a) test.  [footnote omitted]  If the
> phrase "series" is to have any real meaning whatsoever, it necessarily must
> entail some "logical relationship" between the specific transactions or
> occurrences.

*Hanley*, 151 F.R.D. at 79.  "[A]ll 'logically related' events entitling a person to institute a

legal action against another generally are regarded as comprising a transaction or

occurrence."  *Mosley*, 497 F.2d at 1333.  Thus, courts have allowed joinder of defendants

where "[t]he operative facts are related even if the same transaction is not involved," *Civil

Aeronautics Bd. v. Carefree Travel Inc.*, 513 F.2d 375, 384 (2nd Cir. 1975), where there

are "enough ultimate factual concurrences that it would be fair to the parties to require

them to defend jointly," *Hall v. E.I. Du Pont de Nemours & Co.*, 345 F. Supp 353, 381 (E.D.N.Y. 1972), and, in *Mosley*, 497 F.2d at 1333, where the claims are "reasonably related."

Joinder of Plaintiffs' claims against Defendants is proper under Mississippi Rule of Civil Procedure 20 and Federal Rule of Civil Procedure 20. In this case, Plaintiffs, all of whom were exposed to asbestos containing products manufactured, distributed and sold by the defendants, allege that the Removing Defendant, among other things, breached legal duties to each Plaintiff in the series of transactions including the design, manufacture, advertising, marketing, testing, defective labeling, and selling of their "protective" products including their popular series of dust masks. Plaintiffs join their claims against the Removing Defendant because their acts constitute a series of occurrences wherein the Removing Defendant knowingly violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs. But the series of transactions that ultimately led to the Plaintiffs' injuries did not begin and end with the Removing Defendant. Plaintiffs were directly exposed to asbestos containing products manufactured, distributed and sold by other defendants. Plaintiffs assert their causes of action in this case against the prescribing Defendants because their actions are part of the same series of transactions that led their injuries. Each and every asbestos containing product placed on the market here which eventually lead to exposure of each plaintiff to respirable sized partials of asbestos fiber, is part of the same series of occurrences wherein all Defendants violated numerous legal duties it had to the Plaintiffs, proximately resulting in injury to the Plaintiffs. There is a logical relationship between all the actions of the Defendants in this lawsuit that makes these actions just the type of

"series of transactions or occurrences" contemplated by the rules of joinder. Thus, Plaintiffs have claims that arise out of the same transaction or occurrence or series of transactions or occurrences. *See In re Norplant Contraceptive Products Liability Litigation*, 168 F.R.D. 579, 581 (E.D. Tex. 1996) ("the Defendants' liability under theories of negligence, misrepresentation, and fraud arises out of the same series of occurrences wherein Defendants failed to adequately warn Plaintiffs, thus satisfying Rule 20(a)."); *see also Ren-Dan Farms v. Monsanto*, 952 F. Supp. 370 (W.D. La. 1997) (developer/marketer and distributor of defective product properly joined in suit). This situation is analogous to that faced by the court in *Dayton Independent School District v. U.S. Mineral Products Co.*, Civ. A. Nos. B-87-00507-CA, B-88-00429-CA, 1989 WL 237732 (E.D. Tex. 1989). As described by the court there:

> Plaintiffs' claims as they apply to all Defendants arise out of the manufacture and sale of an allegedly defective and unreasonably dangerous product–asbestos-containing ceiling and fireproofing material. Defendants emphasize that because the products were purchased, or installed, at different times, by different contractors, with different designs by different architects, that joinder of the claims is improper. However, "absolute identity of all events is unnecessary." [*Mosley*, 497 F.2d at 1333]. Plaintiffs' claims arise out of the uniform failure of Defendants' product during conditions of normal use. There simply is no practical difference between the claims of each of the Plaintiffs. The building may have been designed by different architects; built by different contractors; constructed at different times–and maintained in varying degrees. However, it is alleged that each building has friable asbestos-containing ceiling materials which release asbestos fibers during conditions of normal use and is hazardous and unreasonably dangerous to the occupants.

This discussion is analogous to the facts before this Court. Here, it is alleged that the Plaintiffs' claims against the Defendants arise out of, among other things, the manufacture, marketing, sale, and distribution of many different and dangerously defective asbestos-containing products. This series of transactions and occurrences from

manufacture to respiration of a dangerously defective product bear a "logical relationship" to one another, and therefore constitute a series of transactions or occurrences as contemplated under Rule 20(a).

### 2. All Plaintiffs' claims share common questions of law and fact.

The second prong of the Rule 20(a) test is clearly met in this proceeding. The issue of medical causation is common to each Plaintiff's claim.   Additionally, information pertaining to the acts of the Removing Defendant in disseminating false, misleading and fraudulent information concerning the risks associated with the use of their products will pertain to each Plaintiff's claim. Further, the issue of the standard of care that the Defendants owed to the Plaintiffs to whom they injured will be yet another common question of law and fact to each Plaintiffs' claim against the Defendants. Accordingly, these, and numerous other, questions of law and fact are common to each Plaintiff's claim.  The Mississippi Supreme Court has recently held that " the existence of only a single common issue of law, or a single common issue of fact will support joinder." *See American Bankers Ins. Co. of Florida v. Alexander*, 818 So. 2d 1073, 1078 (Miss. 2001).

Therefore, because both prongs of Miss. R. Civ. P. 20(a) joinder test are met, joinder is proper.   Thus, all Defendants are properly joined in this action and no Defendants' citizenship may be disregarded.  Similarly, all Plaintiffs are properly joined and no Plaintiff's citizenship may be disregarded.  There are properly joined Plaintiffs who are citizens of the same states as properly joined Defendants.  Additionally, two (2) of the properly joined Defendants are residents and citizens of the State of Mississippi,

where this action was begun.  For both these reasons, complete diversity does not exist

and this cause should be remanded to the Circuit Court of Claiborne County, Mississippi.

### V.     Plaintiffs' request expedited consideration of this motion pursuant to Local Rules 7.2(G) and (H) and a hearing, if necessary, in order to quickly resolve these jurisdictional issues that turn on Mississippi State law.

Pursuant to Rules 7.2(G) and (H) of the Uniform Local Rules of the United States

District Courts for the Northern and Southern Districts of Mississippi, Plaintiffs

respectfully request that this Court expedite its consideration of this motion.  Rule 7.2(G)

specifically gives priority to motions to remand.  In addition, pursuant to local rule

7.2(F), Plaintiffs also respectfully request an expedited hearing, either in person or

telephonic, and commit to be fully available at the Court's earliest convenience.

Undoubtedly, the Removing Defendant will waste no time in attempting to have

this entire case transferred to the MDL proceedings.  Transfer of this proceeding to the

MDL docket will serve only to burden yet another Federal District Court's docket with an

improvidently removed state court action. This Court retains jurisdiction to decide all

issues related to this case until the MDL panel issues its final transfer order. *See* Rules of

Procedure, Judicial Panel on Multidistrict Litigation, Rule 1.5.  In addition, because the

issue of fraudulent joinder in this case should be decided based entirely on Mississippi

state law, Plaintiffs respectfully suggest that this Court is the more appropriate court to

decide this Mississippi state law issue.  Therefore, Plaintiffs respectfully request that this

Court expedite its consideration of the Motion to Remand pursuant to Rules 7.2(G) and

(H) of the Uniform Local Rules of the United States District Courts for the Northern and

Southern Districts of Mississippi.

## VI.    Plaintiffs' request for Costs and Sanctions.

As this court is well aware, the repeated efforts by the Defendants herein to continuously race to the federal house and remove all asbestos litigation to this forum on meritless grounds is exhausting to the court system and a burden to the plaintiffs herein. *See Sam Berry v. Combustion Engineering.*, No: 1:02 CIV 200GR (S. D. Miss.) (attached as Exhibit "B").  The repeated and concerted efforts to disrupt the plaintiffs ability to have his day in court any put on his case for the purpose of being compensated for his injuries is greatly frustrated by these actions.  Therefore, plaintiffs in this action request that this Court award the plaintiffs their costs in having this matter heard and further award whatever sanctions the Court may deem necessary to deter this behavior in the future.

## VII.    Conclusion

The removal effected by the Removing Defendant is defective because:

1.    The Removing Defendant waived any potential grounds for removal based on diversity jurisdiction because their Notice of Removal was untimely;

2.    The Removing Defendant failed to obtain the timely written consent of all served Defendants;

3.    The complete diversity requirement for federal jurisdiction is not met because there are properly joined Plaintiffs who are citizens of the same states as properly joined Defendants;

4.    The requirements for removal under 28 U.S.C. § 1441(b) are not met because there are properly joined Defendants who are citizens of Mississippi, the forum state;

5.   The Removing Defendant has wholly failed to substantiate their allegations of fraudulent joinder and have failed to show improper joinder under Miss. R. Civ. P. 20;

WHEREFORE, Plaintiffs respectfully request that this Honorable Court remand this cause to the Circuit Court of Claiborne County, Mississippi, and for such other relief, general and special, legal and equitable, to which Plaintiffs have shown themselves justly entitled.

This the 20th day of September 2002.

Respectfully submitted,

DAVIS & FEDER
ATTORNEYS FOR THE PLAINTIFFS,
DARRELL KING, ET AL.

MARK W. DAVIS, MSB #5840
ALICE W. COLEMAN, MSB #10785

OF COUNSEL:

DAVIS & FEDER
2210 Pass Road
P.O. Drawer 6829
Gulfport, MS 39506
Phone:  (228) 863-6000
Fax: (228) 864-0907

Page 18



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

H.B. ZACHERY COMPANY
By and Through its Agent for Service of Process
C.T. Corporation System
1021 Main Street, Suite 1150
Houston, TX 77002

RE:   <u>Darrell King, et al v. 3M, et al.</u>
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

EXHIBIT

A

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  H.B. Zachry Co

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7002 0460 0001 3605 1438

PS Form 3800; January 2001            See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
1021 Main Street, Suite
       1150
Houston, TX 77002

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  *Danielle Raise*      ☐ Agent
                         ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   *Danielle Reich*              7/19/02

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☒ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002  0460  0001  3605  1438
   (Transfer from service label)

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

OWENS-ILLINOIS, INC.
(successor to Owens-Illinois Glass Company)
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:    Darrell King, et al v. 3M, et al.
       Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

1360
3605
0001
0460
7002

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Owens - Illinois

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, January 2001                    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Owens-Illinois Glass Co.
By and through its agent
for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery  7-19-02

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)  7002 0460 0001 3605 1360

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

FLINTKOTE COMPANY
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   Darrell King, et al v. 3M, et al.
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Flintkote Co.

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1223

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Trust Center
1209 Orange St.
Wilmington, DE
            19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                     7.19.02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1223

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

JOHN CRANE
f/k/a John Crane Packing Company
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   Darrell King, et al v. 3M, et al.
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _John Crane_

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1216

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Trust
Center
1209 Orange St.
Wilmington, DE
               19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____     ☐ Agent
                        ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    7.19.02

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1216

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

J.T. THORPE
By and Through its Agent for Service of Process
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

RE:     Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434·0040 · TOLL FREE 800 277·0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863·6000 · FAX 228 864·0907 · TOLL FREE 800 277·0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264·6688 · TOLL FREE 800 277·0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To _J.T. Thorpe_

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions.

7002 0460 0001 3605 1384

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Al 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Dawson_     ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery  7-19-02

D. Is delivery address different from item 1?  ☐ Yes   ☐ No
If YES, enter delivery address below:

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7002 0460 0001 3605 1384

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



DAVIS &
FEDER

A T T O R N E Y S   A T   L A W

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

ITT-GOULDS PUMPS
Individually and as Successor in Interest to Goulds Pumps, Inc. and Allis Chalmers Pump Division
By and Through its President
Robert Ayers
240 Fall Street
Seneca Falls, NY 13148

RE:   Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434·0040 · TOLL FREE 800 277·0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863·6000 · FAX 228 864·0907 · TOLL FREE 800 277·0300

· Web Address·
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264·6688 · TOLL FREE 800 277·0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

7002 0460 0001 3605 1391

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  ITT - Goulds Pumps
Street, Apt. No.; or PO Box No.
City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Ayers
240 Fall Street
Seneca Falls, NY 13148

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Jean Green_        ☑ Agent   ☐ Addressee
B. Received by ( Printed Name)      C. Date of Delivery
Jean Green                          7-19-02
D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:  ☑ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)   7002  0460  0001  3605  1391

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

MARK W. DAVIS
RON M. FEDER
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

CRANE PUMPS & SYSTMS, INC.
By and Through its Vice-President
Tom Stone
Post Office Box 603
Piqua, OH 45356

RE:     Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

        Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

> *A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

        Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

        If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                            Sincerely,

                            DAVIS & FEDER

                            *Alice W. Coleman*
                            Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Crane Pumps + Systems*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

7002 0460 0001 3605 1322

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Tom Stone*
*PO Box 603*
*Piqua, OH*
*45356*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Christy Sewig*          ☐ Agent
                             ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                   JUL 19 200

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered        ☑ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1322

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

CRANE COMPANY/CRANE VALVE GROUP
By and Through its President
Jim Simpkins
3201 Walnut Avenue
Long Beach, CA 90807

RE:  Darrell King, et al v. 3M, et al.
     Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228-863-6000 · FAX 228 864-0007 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334-264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  *Crane Co. / Crane Valve Group*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7002 0460 0001 3605 1353

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Jim Simpkins*
*3201 Walnut Ave*
*Long Beach, CA*
*90807*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Nancy Franco_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  *Nancy*   C. Date of Delivery  *7/19/00*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1353

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

U.C. REALITY CORPORATION
(formerly MHC Holding and Land Corporaton, Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.)
By and Through its Agent for Service of Process
The Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

RE:   <u>Darrell King, et al v. 3M, et al.</u>
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To   U.C. Realty Corp

Street, Apt. No.;
or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001            See Reverse for Instructions

7002 0460 0001 3605 1131

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corp. Trust Ctr.
1209 Orange St.
Wilmington, DE
          19801

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
                                  7.19.02

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7002 0460 0001 3605 1131

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

QUIGLEY COMPANY, INC.
By and Through its Agent for Service of Process
C.T. Corporation Systems
1300 East 9th Street
Cleveland, OH 44114

RE:    Darrell King, et al v. 3M, et al.
       Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

*Alice W. Coleman*

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 0460 0001 3605 1193

Sent To Quigley Co., Inc.
Street, Apt. No.; or PO Box No.
City, State, ZIP+ 4

PS Form 3800, January 2001        See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corp.
1300 East 9th St.
Cleveland, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  ☐ Agent  ☐ Addressee

B. Received by (Printed Name) CSILLA WEBBING   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No
CLEVELAND, OHIO 44114

JUL 1 9 2002

3. Service Type
☑ Certified Mail ☐ Express Mail
☐ Registered ☑ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label) 7002 0460 0001 3605 1193

PS Form 3811, August 2001     Domestic Return Receipt     102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

PNEUMO ABEX CORPORATION
By and Through its President
Albert D. Indelicato
2400 Palmer Avenue
Kalamazoo, MI 49001

RE:    Darrell King, et al v. 3M, et al.
       Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434·0040 · TOLL FREE 800 277·0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863·6000 · FAX 228 864·0907 · TOLL FREE 800 277·0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264·6688 · TOLL FREE 800 277·0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

1056
3605
0001
0460
7002

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To
*Pneumo Abex*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001                See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Pneumo Abex Corporation
By and thru its President
Albert O. Indelicato
2400 Palmer Avenue
Kalamazoo, MI 49001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
JM Chu

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

KALAMAZOO MI   JUL 19 2002   PO   USPS

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002 0460 0001 3605 1056
(Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

Respond to Gulfport Office

July 16, 2002

OGLEBAY NORTON COMPANY
(and its division Ferro Engineering)
By and through the Secretary of State
1100 Superior Avenue
Cleveland, OH 44114

RE:   <u>Darrell King, et al v. 3M, et al.</u>
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6686 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

7002 3605 0001 0460 7002

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To **Oglebay Norton Co**

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Oglebay Norton Company
By and through Sec. of State
1100 Superior Ave.
Cleveland, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X P. Connell
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
Patti Connell
C. Date of Delivery
JUL 19 2002

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)  7002 0460 0001 3605 1070

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

INSUL COMPANY, INC.
110 N. Market Street
East Palestine, OH 44413

RE:     Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434·0040 · TOLL FREE 800 277·0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863·6000 · FAX 228 864·0907 · TOLL FREE 800 277·0300

100 Commerce Street · Montgomery, AL 36104
334 264·6688 · TOLL FREE 800 277·0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To  Insul Co., Inc.

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

7002 0460 0001 3605 1414

PS Form 3800, January 2001          See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Insul Company, Inc.
110 N. Market Street
East Palestine, OH
44413

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent
                         ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                7-19-02

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☑ Certified Mail      ☐ Express Mail
☐ Registered          ☑ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1414

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

* Admitted in Alabama and Texas
** Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

IMO INDUSTRIES
f/k/a Imo DeLaval, Transamerica Delaval, and Delaval Turbine
By and Through its Agent for Service of Process
Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

RE:     Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

        Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

> *A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

        Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

        If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

                                Sincerely,

                                DAVIS & FEDER

                                *Alice W. Coleman*
                                Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334-434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300
Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

O F F I C I A L   U S E

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Sent To  *IMO Industries*

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, January 2001                See Reverse for Instructions

7002 0460 0001 3605 1421

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Corporation Service Co.
2711 Centerville Road,
        Suite 400
Wilmington, DE 19808

2. Article Number   *7002 0460 0001 3605 1421*
(Transfer from service label)

PS Form 3811, August 2001        Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Judith C. Harland*                ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)        C. Date of Delivery
   2002

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

# DAVIS & FEDER
#### ATTORNEYS AT LAW

*Respond to Gulfport Office*

July 16, 2002

GARLOCK, INC.
By and Through its Agent for Service of Process
C.T. Corporation System
815 Superior Avenue N.E.
Cleveland, OH 44114

RE:   <u>Darrell King, et al v. 3M, et al.</u>
      Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 - P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

7002 0460 0001 3605 1483

Sent To  Garlock

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

See Reverse for Instructions

PS Form 3800, January 2001

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
815 Superior Ave . N.E.
Cleveland, OH 44114

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

B. Received by ( Printed Name )    C. Date of Delivery

CILLA WEGLING
CORPORATION SYSTEM
1300 EAST 9th STREET
CLEVELAND, OHIO

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

JUL 19 2002

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002  0460 0001  3605  1483
(Transfer from service label)

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509



MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

FOSECO, INC.
By and Through its Agent for Service of Process
C.T. Corporation System
350 N. ST. Paul Street
Dallas, TX 75201

RE:   Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

O F F I C I A L   U S E

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To Fosco, Inc / C T Corp System
Street, Apt. No.; or PO Box No. 350 N St Paul St.
City, State, ZIP+4 Dallas TX 75201

PS Form 3800, January 2001          See Reverse for Instructions

1506  3605  0001  0460  7002

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

C.T. Corporation System
350 N. St. Paul Street
Dallas, TX 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Jennifer S. Duddington
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

**RECEIVED JUL 1 9 2002**

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number   7002  0460  0001  3605  1506
(Transfer from service label)

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509



**DAVIS & FEDER**
ATTORNEYS AT LAW

MARK W. DAVIS
RON M. FEDER *
D. JASON EMBRY
WILLIAM M. COVINGTON, III **
ALICE W. COLEMAN
MARTIN D. CRUMP

*Admitted in Alabama and Texas
**Admitted in Oklahoma

*Respond to Gulfport Office*

July 16, 2002

DANA CORPORATION
By and Through its Agent for Service of Process
The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

RE:   Darrell King, et al v. 3M, et al.
        Case No. 2002-99

Dear Sir/Madam:

Enclosed please find service of Plaintiffs' First Amended Complaint in the above referenced matter pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure:

*A summons and complaint may be served upon a defendant of any class referred to in paragraph (1) or (4) of subdivision (d) of this rule by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 1-B and a return envelope, postage prepaid, addressed to the sender.*

Also enclosed are two copies of a notice and acknowledgment which must be completed and returned to this office within twenty (20) days of the mailing date shown above.

If you have any questions or need any additional information, please do not hesitate to contact me at your convenience.

Sincerely,

DAVIS & FEDER

Alice W. Coleman

AWC:jb
Enclosures

1659 Government Street · Mobile, AL 36603
334 434-0040 · TOLL FREE 800 277-0300

2210 Pass Road · Gulfport, MS 39501 · P.O. Drawer 6829 · Gulfport, MS 39506
228 863-6000 · FAX 228 864-0907 · TOLL FREE 800 277-0300

Web Address:
www.davisandfeder.com

100 Commerce Street · Montgomery, AL 36104
334 264-6688 · TOLL FREE 800 277-0300

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Corporation Company
2000 Interstate Park Dr.
STE 204
Montgomery AL 36109

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
7-19-02

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7002 0460 0001 3605 1254

PS Form 3811, August 2001   Domestic Return Receipt   102595-01-M-2509

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee (Endorsement Required)
Restricted Delivery Fee (Endorsement Required)
Total Postage & Fees $

Postmark Here

Sent To  Dana Corp. / Corp. Co.
Street, Apt. No.; or PO Box No.  2000 Interstate Park Dr.
City, State, ZIP+4  Montgomery AL 36109

PS Form 3800, January 2001   See Reverse for Instructions

7002 0460 0001 3605 1254

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAM BERRY, *ET AL.*                                                                          PLAINTIFFS

VERSUS                                                          CIVIL ACTION NO. 1:02cv200GR

COMBUSTION ENGINEERING, INC.; *ET AL.*                                         DEFENDANTS

O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [4-1] the above

referenced action to the Circuit Court of Jefferson County, Mississippi.  Also pending before the

Court are the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] presented in

connection with the remand motion.  Hopeman Brothers, Inc. [Hopeman] has filed a motion to

stay [7-1] these proceedings pending resolution of its motion to transfer.  Pursuant to the

Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is

hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [4-1] be, and is

hereby, granted.  The Clerk of this Court is directed to mail the Court file along with a certified

copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, after the

expiration of ten days of the entry date of this judgment or by no earlier than June 28, 2002.  It is

further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until

the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson

County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is

402-403

EXHIBIT

B

further,

ORDERED AND ADJUDGED that the plaintiffs' motions for attorneys fees [4-2] and for sanctions [4-3] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that Hopeman's motion to stay [7-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order or attempting to circumvent the procedures of this Court shall be sanctioned as deemed appropriate by this Court. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 11th day of June, 2002.


_____

UNITED STATES DISTRICT JUDGE

2

FILED
SOUTHERN DISTRICT OF MISSISSIPPI
JUN 1 2 2002
J.T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SAM BERRY, *ET AL.*                                          PLAINTIFFS

VERSUS                                            CIVIL ACTION NO. 1:02cv200GR

COMBUSTION ENGINEERING, INC.; *ET AL.*                       DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court on motion of the plaintiffs to remand [4-1] the above

referenced action to the Circuit Court of Jefferson County, Mississippi. Also pending before the

Court are the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] presented in

connection with the remand motion. Hopeman Brothers, Inc. [Hopeman] has filed a motion to

stay [7-1] these proceedings pending resolution of its motion to transfer. The Court has duly

considered the record in this action, the overall court docket in addition to the briefs of counsel,

and being fully advised in the premises, concludes as follows:

This suit was originally filed in state court on March 31, 1999. (Ct. R. Doc. 1, Exh. A.)

In essence, the plaintiffs allege that they were exposed to asbestos while employed at various

construction sites. (*Id.*) Two defendants in the suit, A.P. Green Industries, Inc. [A.P. Green] and

Harbison-Walker Refractories Company [Harbison] filed for bankruptcy on February 14, 2002.

(Removal Notice, p. 1.) Hopeman removed this case on May 13, 2002, asserting that the matter

is related to those bankruptcy matters. (*Id.*, p. 2.) Hopeman asserts that it has "either

affirmatively asserted a cross-claim for indemnification and/or contribution" against A.P. Green

and Harbison or "has an anticipated claim for contribution and/or indemnity" against the same

\0

released or discharged from a lawsuit by a plaintiff survives that event. (*Id.*, p. 11.) This would

distinguish this case from any Fifth Circuit law regarding contribution claims involving entities

dismissed by a plaintiff, according to Hopeman. (*Id.*)

Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases

unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir.

1996) (citation omitted). In a remand situation, defendants bear the burden of establishing

original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H

Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en

banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this

burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339

(5th Cir. 2000).

I.      "Related to" a Bankruptcy Proceeding

This suit was removed on the basis of being "related to" the bankruptcy of A.P. Green

and Harbison. (Notice of Removal, p. 1.) Hopewell maintains that any liability it may face has

or will lead to claims for contribution and indemnification. (*Id.*, p. 2.) This case was removed

pursuant to title 28 U.S.C.§ 1452(a), which provides in pertinent part as follows:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a governmental
> unit to enforce such governmental unit's police or regulatory power, to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive

jurisdiction of all proceedings arising under Title 11, or arising in or related to cases under title

3

11."  Matters such as causes of action owned by the debtor which become property of the estate under 11 U.S.C. § 5412 and suits between third parties which have an effect on the bankruptcy estate are "related to" a bankruptcy proceeding. *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995).  A proceeding is "related to" a bankruptcy proceeding if, "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999).  In addition, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling of the bankrupt estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).  There are limits, however, and "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." *In re Dow Corning Corp.*, 86 F.3d 482, 489 (6th Cir. 1996).

Indemnification under Mississippi law, requires a judgment in favor of the plaintiffs. *Hopton Bldg. Maintenance, Inc. vc. United Parcel Serv.*, 559 So.2d 1012, 1013-14 (Miss. 1990).  There is no evidence in this case that a judgment in favor of the plaintiffs has been reached.  The Court concludes that there is no basis for jurisdiction in this case based on a possible indemnification claim against bankrupt defendants, because there has been no determination of liability by Hopeman to the plaintiffs. *Smith v. H.C. Bailey Cos.*, 477 So.2d 224, 235 (Miss. 1985); *Curry v. Sile Distributors*, 727 F. Supp. 1052, 1055 (N.D. Miss. 1990).

A claim for contribution is addressed by MISSISSIPPI CODE ANNOTATED § 85-5-7 and the presence or absence of a particular defendant has no effect on a particular defendant's liability.

4

*Estate of Hunter v. General Motors Corp.*, 729 So.2d 1264, 1273 (Miss. 1999). The liability of absent or "phantom" defendants remains an issue for jury consideration so that each defendant can have their portion of fault, if any, assigned to them. *Hunter*, 729 So.2d at 1272-76; *see Krieser v. Hobbs*, 166 F.3d 736, 740 (5th Cir. 1999). Any claim for contribution asserted or yet to be asserted by Hopewell has been addressed by the statute and A.P. Green and Harbison's status in its bankruptcy proceeding has no bearing on any contribution claim that Hopewell may advance. The jury is capable of assessing any contribution which the bankrupt defendants might have in the alleged negligence involved in this case.

The circumstances involved in this case are similar to those presented in another suit involving a defendant involved in bankruptcy, in which jurisdiction under the "related to" aspect was found lacking. *See i.e., Arnold v. Garlock, Inc.* 278 F.3d 426, 434-5 (5th Cir. 2001). There is no evidence in this case that Hopewell's claims against A.P. Green and/or Harbison are "related to" the bankruptcy proceeding involving those companies. Any claims against bankrupt defendants were severed from the underlying suit. Furthermore, any alleged negligence by those defendants can be considered by the jury under Mississippi law, without jeopardizing Hopewell's potential claims against a bankrupt party. The Court, therefore, concludes that there is no federal subject matter jurisdiction in this case under the "related to" provision of 28 U.S.C. § 1334(b) and that the removal of this case based on this provision was improper.

The continuous removal of these cases based on meritless reasons, as is the case here, in addition to being burdensome to the plaintiffs has become a tax on the resources of the Court and the court family. Innumerable hours are spent by court personnel to identify parties and issues involved in lawsuits which have been removed several times from state court. The Court can

5

only interpret the defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases. Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the plaintiffs' motions for attorneys fees and sanctions should be denied. *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977. The Court also concludes that the motion to stay these proceedings should be denied as moot.

### Conclusion

For the aforementioned reasons, the Court finds that the plaintiffs' motion to remand [4-1] this case to the Circuit Court of Jefferson County, Mississippi, should be granted. The Court further finds that the plaintiffs' motions for attorneys' fees [4-2] and sanctions [4-3] and Hopeman's motion to stay [7-1] should be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 11th day of June, A.D., 2002.

UNITED STATES DISTRICT JUDGE

6