JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 23 2002

FILED
CLERK'S OFFICE

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiffs Louis Arlo Luke and Claudia Luke

---

### DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## RE:  CONDITIONAL TRANSFER ORDER (CTO-218)

---

| | |
|---|---|
| **LOUIS ARLO LUKE and CLAUDIA LUKE** ) | **PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-218) (AS TO PLAINTIFFS)** |
| Plaintiffs, ) | |
| ) | (United States District Court for the District of Utah; Case No. 2:02 CV 928 PGC) |
| vs. ) | |
| ) | |
| **ASBESTOS DEFENDANTS,** ) | Conditional Transfer Order (CTO-218) |

---

On September 24, 2002, the Judicial Panel on Multidistrict Ligtigation, *In re Asbestos Products Liability Litigation (No. VI)* issued Conditional Transfer Order (CTO-218) (the "CTO") conditionally transferring varoius cases from various federal courts throughout the contry to the Eastern District of Pennsylvania, assigned to the Honorable Charles R. Weiner.

Plaintiffs in the Luke Case, Louis Arlo Luke and Claudia Luke, herey respectfully move the Judicial Panel on Multidistrict Litigation enter an Order Vacating the CTO.  The basis for Plaintiffs' Motion is that the Luke Case, which was conditionally removed to this Court, was improperly removed from state court to federal court.  Not all defendants who have been served

IMAGED OCT 25 '02   OFFICIAL FILE COPY

in the Luke Case joined in the removal, and the removal was untimely – having been filed many

months after the first defendant in the Luke Case had been served.

This Motion is supported by an accompanying Brief to Vacate the CTO.

DATED this 22nd day of October, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs Louis Arlo Luke and Claudia Luke

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 3 2002

FILED
CLERK'S OFFICE

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiffs Louis Arlo Luke and Claudia Luke

---

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## RE:  CONDITIONAL TRANSFER ORDER (CTO-218)

---

| | |
|---|---|
| **LOUIS ARLO LUKE and CLAUDIA LUKE** <br><br> Plaintiffs, <br><br> vs. <br><br> **ASBESTOS DEFENDANTS,** | ) <br> ) **BRIEF IN SUPPORT OF PLAINTIFFS'** <br> ) **MOTION TO VACATE CONDITIONAL** <br> ) **TRANSFER ORDER (CTO-218)** <br> ) <br> ) (United States District Court for the District of <br> )  Utah; Case No. 2:02 CV 928 PGC) <br> ) <br> ) Conditional Transfer Order (CTO-218) <br> ) |

---

Plaintiffs respectfully submit this Brief in support of their Motion to Vacate Conditional

Transfer Order (CTO-218) as it applies to Plaintiffs Louis Arlo Luke and Claudia Luke

(collectively "the Lukes").

### INTRODUCTION

On September 24, 2002, the Judicial Panel on Multidistrict Litigation, *In re Asbestos*

*Products Liability Litigation (No. VI)* issued Conditional Transfer Order (CTO-218) (the "CTO")

conditionally transferring the above-captioned case (the "Luke Case"), as well as multiple other

cases, to the Eastern District of Pennsylvania, assigned to the Honorable Charles R. Weiner.

Because the Luke Case was improperly and improvidently removed, the Lukes have filed a motion with the District Court to remand the case to state court. The motion has been fully briefed. In an effort to delay and complicate this matter, Owens-Illinois requested transfer of the Luke Case into multi-district litigation, to be assigned to the Eastern District of Pennsylvania. The conditional transfer order should be vacated.

## DISCUSSION

The Luke Case was filed many months ago in state court in Utah. Recently, the case was removed to Federal Court. Various defendants in the case have joined in the removal. All Defendants who had been served in the state court case, however, did not join in the removal. The removal therefore was defective as a matter of law, mandating remand. In addition, the removal was patently untimely, having been filed many months after service of process on the first defendants.

The Lukes have filed with the United States District Court for the District of Utah a timely motion and supporting memorandum seeking remand of the case to State Court. Rather than restating the arguments made to the District Court in support of remand of the Utah Asbestos Cases, copies of the Motion to Remand, supporting Memorandum, and Reply Memorandum filed with the District Court in Utah are attached to this Brief as Exhibits "A,""B," and "C," respectively, and incorporated herein by reference. In addition. The Lukes attach as Exhibit "D" their response to the untimely joinder in the Notice of Removal filed by Westinghouse, a co-defendant in the lawsuit.

The Lukes request that the Court take judicial notice of the filings of the motion and supporting memoranda with the United States District Court for the District of Utah as well as with respect to the facts and arguments set forth therein.

The Luke Case which is the subject of CTO-18 was improperly removed in the first instance from State Court to the United States District Court for the District of Utah, and thus improperly made the subject of CTO-18.  In addition, after removal, one co-defendant, Ingersoll-Rand, failed to join in the removal and another co-defendant, Westinghouse Electric, failed to timely join in or consent to the removal.  This Court therefore should vacate its CTO.

DATED this 22nd day of October, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Mark F. James
Attorneys for Louis Arlo Luke and Claudia Luke

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 23 2002

FILED
CLERK'S OFFICE

## AMENDED CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of October, 2002 a true and correct copy of the foregoing was served on the following additional counsel by U.S. Mail:

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S Bank Place
601 Second Avenue South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South MainStreet
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

RECEIVED
CLERK'S OFFICE
2002 OCT 23 P 3: 43

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N. E.
P.O. Box 998
Cedar Rapids, IA 52406

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli,
Centre Square West
15th Floor
Philadelphia, PA 19102

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

*Barbara E. Good*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 23 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of October, 2002 a true and correct copy of the foregoing (without exhibits, which were previously served on Defendants) was served on the following by U.S. Mail:

Melinda A. Morgan
RICHARDS, BRANDT, MILLER & NELSON
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Facsimile: (801) 532-5506
Attorneys for Owens-Illinois, Inc.

David B. Watkiss
James E. Magleby
BALLARD SPAHR ANDREWS & INGERSOLL,LLP
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah 84111-2221
Facsimile: (801) 531-3001
Attorneys for Honeywell International, Inc., Allied Signal

Mark J. Williams
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suite 1700
Salt Lake City, Utah 84111
Facsimile: (801) 531-9747
Attorneys for Foster Wheeler Energy Corporation

Elizabeth S. Conley, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main, Suite 1800
Salt Lake City, Utah 84111
Facsimile: (801) 536-6111
Attorneys for Georgia- Pacific Corp.

Tracy H. Fowler
SNELL & WILMER, LLP
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1004
Facsimile: (801) 257-1800

Mary Price Birk
Ronald L. Hellbusch
BAKER & HOSTETLER
303 E. 17th Avenue, Suite 1100
Denver, CO 80203
Facsimile: (303) 861-7805
Attorneys for Dana Corporation; Certainteed Corporation;
Union Carbide Corporation

Laurie K, Anger
Neil C. Ludman
MORGENSTEIN & JUBELIRER, LLP
One Market Street, Spear Street Tower
Thirty-Second Floor
San Francisco, California 94015
Facsimile: (415) 901-8701
Attorneys for Owens-Illinois

David M. Connors
Patrick S. Malone
Kevin R. Murray
Bret F. Randall
LeBOEUF, LAMB, GREENE & MacRAE
1000 Kearns Building
136 South Main Street
Salt Lake City, Utah 84101-1685
Facsimile: (801) 359-8256
Attorneys for Exxon Mobil Corp.

Todd S. Winegar, Esq.
P.O. Box 353
One Utah Center
201 South Main Street, Suite 900
Salt Lake City, Utah 84101
Facsimile: 533-2626
Attorneys for Rapid American Corporation

D. Matthew Moscon, Esq.
STOEL RIVES
201 South Main Street, Suite 1100
Salt Lake City, Utah 84111
Facsimile: 578-6999
Attorneys for Minnesota Mining & Manufacturing

Andrew M. Morse, Esq.
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, Utah 84145
Facsimile: 363-0400
Attorneys for Combustion Engineering

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah 84111
Facsimile: 596-2814
Attorneys for Lorillard Tobacco

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNELL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101
Facsimile: 257-1800
Attorneys for Ford

Joseph J. Joyce, Esq.
STRONG & HANNI
9 Exchange Place
Sixth Floor Boston Building
Salt Lake City, Utah 84111
Facsimile: 596-1508
Attorneys for Flintkote

Paul H. Matthews
PAUL H. MATTHEWS & ASSOCIATES, P.C.
10 West Broadway, Suite 700
Salt Lake City, Utah 84101-2020
Attorneys for Metropolitan Life Insurance

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 23 2002

FILED
CLERK'S OFFICE

A

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 2 1 2002

MARKUS B. ZIMMER, CLERK
BY_____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| LOUIS ARLO LUKE and CLAUDIA LUKE, | ) ) ) **PLAINTIFFS' MOTION TO** |
| | ) **REMAND AND FOR COSTS AND** |
| Plaintiffs, | ) **ATTORNEYS' FEES BASED ON** |
| vs. | ) **IMPROPER REMOVAL** |
| | ) |
| ASBESTOS DEFENDANTS, | ) Case No. 2:02 CV 928 PGC |
| | ) |

---

Plaintiffs hereby move pursuant to 28 U.S.C. § 1447 for an order remanding the claims in

this action, which were filed in state court, and which Defendant Owens-Illinois, Inc. ("Owens-

Illinois") has removed to this Court.  Plaintiffs also request an award of costs and fees pursuant

to 28 U.S.C. § 1447 (c) based on Defendant's improper removal.

Owens-Illinois has removed this case from state court to this Court purportedly under 28

U.S.C. § 1441(b) (diversity).  Other defendants in the state court case have followed suit by

"joining" in Owens-Illinois' removal.  Because defendants have not satisfied the express statutory

requirements contained in 28 U.S.C. §1446 for removal of this action from state court to this

Court, the removal is defective, and this case should be remanded.  This Court should award

Plaintiff their costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) as a result of Plaintiff's

wrongful removal of this action.

Plaintiffs' Motion is supported by an accompany Memorandum.

DATED this 22nd day of August, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of August, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid,

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
***Attorneys for Rapid American Corporation***

Paul H. Matthews, Esq.
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
***Attorneys for Metropolitan Life Insurance***

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
***Attorneys for Georgia Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW Hobart Brothers Company***

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
***Attorneys for Honeywell International, Inc.; Allied Signal***

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
***Attorneys for Foster Wheeler Energy Corporation***

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
***Attorneys for Owens-Illinois, Inc.***

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
***Attorneys for Combustion Engineering***

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
***Attorneys for Lorillard Tobacco***

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
***Attorneys for Exxon Mobile***

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNWLL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
***Attorneys for Ford***

4

B

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 2 1 2002

MARKUS B. ZIMMER, CLERK
BY _____
DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile:  (801) 363-6666
Attorneys for Plaintiff

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOUIS ARLO LUKE and CLAUDIA LUKE, | ) ) ) ) **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND FOR COSTS AND ATTORNEYS' FEES BASED ON IMPROPER REMOVAL** |
| Plaintiffs, vs. | ) ) |
| ASBESTOS DEFENDANTS, | ) Case No. 2:02 CV 928 PGC ) |

Plaintiffs respectfully submit this Memorandum in support of their Motion made pursuant to 28 U.S.C. § 1447 for an order remanding this lawsuit, which was filed in state court, and which Defendant Owens-Illinois, Inc. ("Owens-Illinois") improperly has removed to this Court. Plaintiffs also request an award of costs and fees pursuant to 28 U.S.C. § 1447 (c) based on Owens-Illinois' improper removal.

### INTRODUCTION

Defendant Owens-Illinois has removed this and numerous other asbestos cases from state court to this Court purportedly under 28 U.S.C. § 1441(b) (diversity).[1] Other Defendants in the state court cases have followed suit by "joining" in Owens-Illinois' removal.  Because

---

[1] Because this case was filed separately in state court, Owens-Illinois' removal of the action to this Court was filed separate from the numerous cases Owens-Illinois recently removed to this Court.

Defendants have not satisfied the express statutory requirements contained in 28 U.S.C. §1446 for removal of this action from state court to this Court, the removal (as well as the other Defendants' "Joinder" in the removal) is defective, and this case should be remanded.  This Court should award Plaintiff their costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c) as a result of Plaintiff's wrongful removal of this action.

## FACTUAL STATEMENT

The following factual allegations, with the exception of paragraph 3, are taken from Owens-Illinois' Notice of Removal filed previously in this action.  For purposes of Plaintiffs' Consolidated Motion to Remand only, Plaintiffs accept as true the following factual assertions contained in Owens-Illinois' Notice of Removal.

1.      Plaintiffs filed this action in Utah State court (Salt Lake County) on August 28, 2001.  [Owens-Illinois' Notice of Removal at ¶ 1.]

2.      Defendant Owens-Illinois received the Complaint and Summons in this matter on March 15, 2002.  [Owens-Illinois' Notice of Removal at ¶ 2.]

3.      Several of the Defendants in this action were served with the Summons and Complaint on January 16, 2002, including, among others, Lorillard Tobacco Company, The Lincoln Electric Company, Ingersoll-Rand Company, Georgia-Pacific Corporation, and Foster Wheeler Energy Corporation.  [*See* Summons and Returns of Service, previously filed with the Court.]

4.      On June 18, 2002, Owens-Illinois asked counsel for Plaintiffs to sign a binding "Stipulations of Counsel to Limit Damages to Less Than the Jurisdictional Minimum Amount

2

Pursuant to 28 U.S.C. § 1332(a)" in each of numerous asbestos cases.  [Owens-Illinois' Notice of Removal at ¶ 3.]

     5.     On June 18, 2002, Owens-Illinois served on Plaintiffs' counsel admission requests, asking for an admission that the total amount sought by Plaintiffs in this case was an amount greater than $75,000, exclusive of interest and costs.  [Owens-Illinois' Notice of Removal at ¶ 5.]

     6.     On July 17, 2002, counsel for Owens-Illinois received Plaintiffs' responses to the admission requests.  The response denied the admission request based on the objectionable nature of the admission request as phrased.  [Owens-Illinois' Notice of Removal at ¶ 6.]

     7.     On August 14, 2002, seven months after the first Defendants in this action were served, and over 120 days after Owens-Illinois received Plaintiffs' Complaint and Summons in this action, Owens-Illinois removed this action to this Court.  [*See* Owens-Illinois' Notice of Removal, filed with this Court.]

     8.     Since Owens-Illinois' removal of this action to this Court, other Defendants have joined in Owens-Illinois' removal.  [*See* Defendants' Joinder and Consent to Notice of Removal of Action from State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. 1441(b), on file with the Court.]

     9.     In its Notice of Removal, Owen-Illinois makes the following assertions:

(a)

Plaintiff(s) have filed their lawsuit against numerous Defendants, so far.  As set forth in the Complaint, [Plaintiffs] seek damages, upon all counts of the Complaint which include negligence, strict liability, false representations, fraud and deceit concealment, negligent misrepresentation and conspiracy for medical expenses, lost income, wages and earning potential, mental and emotional

distress.  Further, Plaintiff(s) seeks damages alleging loss of consortium and society.

[Owens-Illinois' Notice of Removal at ¶ 15.]

      (b)     Owens-Illinois is informed and believes, "and based on the plethora of jury verdicts reported nationwide in identical claims, the damages asserted in Plaintiff(s)' Complaint, if accepted by the jury, will be well in excess of $75,000." [Owens-Illinois' Notice of Removal at ¶ 17.]

      (c)

Asbestos litigation is prevalent nationwide.  Subsequently, jury verdict ranges are easy to obtain in cases arising from the same allegations made by these plaintiffs, assuming plaintiffs are successful at trial.  As a rule, reported jury verdicts in favor of plaintiffs for mesothelioma cases with allegations similar to those in this case exceed $75,000.00.

[Owens-Illinois' Notice of Removal at ¶ 20.]

      (d)     Owens-Illinois attaches as Exhibit H to its Notice of Removal copies of nine "verdicts obtained in differing jurisdictions.  As the Court will note, despite the various jurisdictions, each verdict well exceeds the jurisdictional limit of $75,000.00.  Thus, should Plaintiff(s) prevail on liability, they will more likely than not obtain an award in excess of $75,000.00 from a jury." [Owens-Illinois' Notice of Removal at ¶ 20.]

      10.     Of the jury verdicts attached as Exhibit H to Owens-Illinois' Notice of Removal, information about the verdicts in all or virtually all of the cases were available to the public before any Defendant, including Owens-Illinois, was served with the Summons and Complaint in this action.  [*See* Reports of Jury Verdicts attached as Exhibit H to Owens-Illinois' Notice of Removal.]

11.    Owens-Illinois asserts in the context of its removal that it has received nothing from Plaintiffs to provide any substantive information pertaining to the amount of damages Plaintiffs seek from Defendants.  [Owens-Illinois' Notice of Removal at ¶ 22.]

12.    Owens-Illinois' notice of removal of this civil action was not filed within thirty days after the receipt by the first-served Defendant (or, by Owens-Illinois, which was served two months after the first-served Defendant), through service or otherwise, of a copy of the initial pleading [*i.e.,* Plaintiffs' Complaint] setting forth the claim for relief upon which such action or proceeding is based.  [*See* ¶¶ 2, 7, above.]

## DISCUSSION

Owens-Illinois did not file a Notice of Removal within thirty days after the first-served Defendants in this action received Plaintiffs' Summons and Complaint, which occurred on January 16, 2002.  Owens-Illinois did not even file its Notice of Removal within thirty days after it received Plaintiff's Summons and Complaint, which Owens-Illinois acknowledges occurred on March 15, 2002.  All information on which Owens-Illinois bases its claim (and on which the other Defendants who have joined in and consented to the removal apparently base their joinder) that the damages Plaintiffs seek in this action exceed $75,000.00 was available to Defendants well before 30 days prior to Owens-Illinois' Notice of Removal.  In fact, all or virtually all of that information was available to Defendants at the time the service first occurred in this lawsuit, in January, 2002.  Because the removal was untimely pursuant to the plain language of 28 U.S.C. § 1446(b), this action should be remanded to state court, where the cases originally were filed.

Plaintiffs have sustained substantial costs and attorneys' fees addressing and requesting remand of Defendants' improper removals. Pursuant to 28 U.S.C. § 1447(c), this Court should award Plaintiffs their costs and attorneys' fees incurred in connection with this matter.

## I.  PROCEDURES FOR PROPER REMOVAL TO FEDERAL COURT:

Defendant Owens-Illinois (as well as the various other Defendants who have joined the removal by Owens-Illinois) alleges to have removed this case pursuant to 28 U.S.C. §§ 1441 (diversity) and 1446(b) (procedure for removal). Section 1444(b) provides in relevant part as follows with respect to removal:

> (b)  The notice of removal of a civil action or proceeding ***shall be filed within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based,*** or within thirty days after service of summons upon the Defendant if such initial pleading has been filed in the court and is not required to served on the Defendant, whichever period is shorter.

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the Defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper ***from which it may first be ascertained*** that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. sec. 1446 (emphasis added).

Addressing removal, the Tenth Circuit Court of Appeals has stated:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, ***removal statutes are construed narrowly;*** where plaintiff and Defendant clash about jurisdiction, ***uncertainties are resolved in favor of remand***.

*Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)) (emphasis added).

As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature. A party's "'failure to comply with the[] express statutory requirements for removal can fairly be said to render the removal "defective" and justify a remand.'" *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

In cases involving multiple Defendants, removal must occur within 30 days after service on the *first-served Defendant*. *See, e.g.*, *Wakefield v. Olcott*, 983 F. Supp. 1018, 1020 (D. Kan. 1997) ("the majority of published decisions have found that in multi-defendant actions, the thirty-day period for removal commences for all defendants when service is accomplished on the first-served defendant"); *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996) ("§1446(b) requires all served defendants, except nominal defendants, to join or consent to the removal petition within thirty days of service, commencing when the first defendant is served"). Each of the other defendants who have been served at the time the Notice of Removal is filed with the Court then must consent to and join in the removal within thirty days (the "unanimity rule").

Consequently, "if the thirty-day period expires without removal, a defendant served subsequent to the thirty-day period may not remove the action even with the consent of the defendants served earlier." *Henderson v. Holmes*, 920 F. Supp. 1184, 1188 n.3 (D. Kan. 1996), citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986) ("if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove"). Thus, the untimely or improper removal by the first-served

defendant defeats the ability of any defendant, whether served or not, to properly remove. *See id.* ("[i]f the original action could have been removed, amended claims or additional Defendants do not create another opportunity at removal . . .").

For example, in *Biggs Corp. v. Wilen*, 97 F. Supp.2d 1040 (D. Nev. 2000), the plaintiff served Defendant Wilen with its complaint on September 24, 1999. Plaintiff did not serve Defendant Katy until November 16, 1999. Katy filed a notice of removal on December 2, 1999, to which Wilen joined. Plaintiff sought to remand the case arguing that because it served the first Defendant, Wilen, on September 24, 1999, the time for removal expired on October 24, 1999. The court agreed with plaintiff and remanded the case to the state court.

In so concluding, the court held that under the majority rule, "[i]f the first defendant fails to remove the action within 30 days of being served, that defendant is precluded from joining in the removal by later served defendants, who are served after the first defendant's 30-day period." *Id.* at 1044. The court further found that because the notice of removal must be filed within thirty days of service on the first defendant, and because all served defendants must join in the removal, "all served defendants must join in the removal no later than 30 days from the day on which the first defendant is served." *Id.*[2]

Likewise, in *Beasley v. Goodyear Tire & Rubber Co.*, 835 F. Supp. 269 (D.S.C. 1993), the court granted plaintiff's motion to remand. In *Beasley*, the plaintiff filed his initial complaint

---

[2] While the court recognized at first glance this rule may seem harsh, it found that rule is justified on at least three grounds. First, the court noted that it is well-settled that removal statutes are to be strictly construed. *Id.* at 1045. Second, the court found that because the effect of removal is to deprive the state court of an action property filed before it, "courts are to resolve doubts concerning removability in favor of remanding the case to state court." *Id.*, citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107 (1941). Finally, the court held that there is nothing inequitable about requiring the first-served Defendant to file its notice of removal within the 30-day removal period. *Id.*

on July 14, 1992.  Defendant Goodyear answered the complaint on August 19, 1992.  Plaintiff filed an amended complaint on May 10, 1993, which added Defendant Kelsey-Hayes as a Defendant.  On June 23, 1993, Kelsey-Hayes, filed a notice of removal on grounds of diversity, which was joined by Goodyear

In deciding to remand the case, the court found that the initial Defendant, Goodyear, made no attempt to remove the case despite possessing conclusive evidence of the grounds for removal.  *Id.* at 272.  The court concluded that Kelsey-Hayes was, therefore, bound by Goodyear's failure to remove.  *Id.*  In so finding, the court held that "where a Defendant is served more than 30 days after initial Defendants and the initial Defendants do not petition for removal within 30 days, the case may not be removed."  *Id.* at 273; *see also McAnally Enterprises, Inc. v. McAnally*, 107 F. Supp.2d 1223 (C.D. Cal. 2000) (citing numerous cases and adopting the majority rule); *Auchinleck v. Town of LaGrange*, 167 F. Supp.2d 1066, 1068 (D. Wis. 2001) ("When the first Defendant allows the thirty-day period to lapse, he has effectively waived his consent to removal.  Therefore, any effort to remove by a subsequently served Defendant after that period 'would be futile, because the first-served Defendant would be unable to join that petition and the case therefore would be unremovable.'"), quoting *Phoenix Container, L.P. v. Sokoloff*, 83 F. Supp.2d 928, 932 (N.D. Ill. 2000); *Faulk v. Superior Industries International*, 851 F. Supp. 457, 458 (M.D. Fla. 1994) ("if the Defendant who was served first fails to remove within thirty days, a subsequently served Defendant may not remove even with the first Defendant's consent").

**II.    DEFENDANTS' DID NOT FOLLOW PROPER REMOVAL PROCEDURES; ITS REMOVALS WERE UNTIMELY.**

In this case, Defendants allege that the amount in controversy exceeds the minimum jurisdictional requirement of $75,000. Defendants then claim that, because all of the plaintiffs and all Defendants are diverse, jurisdiction based on diversity exists in this case, and the case therefore is properly removable. Even assuming, solely for the sake of argument, that all other requirements for removal were met in this case, Defendant's Notice of Removal was untimely pursuant to the requirements of 28 U.S.C. § 1446(b). The removed asbestos cases therefore should be remanded to state court.

A.    **The Notice of Removal Was Not Filed Within Thirty Days of Service of Process on the First-Served Defendants. Indeed, the Notice of Removal Was Not Filed Within Thirty Days After Owens-Illinois (who was served approximately two months after service on the first defendant) Received Plaintiffs' Complaint.**

The first Defendants served in this action were served on January 16, 2002. *See* Factual Statement, *supra,* at ¶ 3. Owens-Illinois received the Complaint and Summons at its headquarters on March 15, 2002. *Id.* at ¶ 2. Owens-Illinois' Notice of Removal (as well as the subsequent joinder by other Defendants' in the Notice of Removal) was not filed within thirty days after the receipt by Owens-Illinois (or by the other Defendants) of Plaintiffs' Complaint, let alone within 30 days after service on the first-served Defendants as required by 28 U.S.C. § 1446(b). Those facts are beyond good faith dispute. Several Defendants in this action were served on January 16, 2002. Factual Statement at ¶ 3. Owens-Illinois acknowledges it received Plaintiffs' Complaint on March 15, 2002. Factual Statement at ¶ 2. Owens-Illinois did not file its Notice of Removal until August 14, 2002, many months later.

10

Because Owens-Illinois' Notice of Removal and Defendants' subsequent joinder in the Notice of Removal were untimely, the removal was defective, and this case should be remanded to State Court.

**B.**     **The Notices of Removal Were Not Filed Within Thirty Days After the Date the Amount of Plaintiff's Claims First Became Ascertainable.**

Owens-Illinois attempts to avoid the application of § 1446(b) by arguing that their Notice of Removal "was filed less than thirty days after it was in receipt of 'other paper' from which it may first be ascertained that the case was removable." [Owens-Illinois Notice of Removal at ¶ 7.] This assertion is without merit. As set forth in the Factual Statement above, Owens-Illinois' own statements in support of its Notice of Removal acknowledge Defendants have received nothing from Plaintiffs since the receipt of Plaintiffs' Complaint that proves that the damages Plaintiffs seek exceed $75,000.00. In fact, Owens-Illinois accuse Plaintiffs of having "chosen to avoid this issue." [*Id.* at ¶ 6.] All of the information that Owens-Illinois alleges demonstrate that the amount in controversy exceeds $75,000.00 existed and was available to Defendants much longer than thirty days before Owens-Illinois filed its Notices of Removal.

Owens-Illinois points to the number and nature of claims contained in Plaintiffs' Complaint as "evidence" that the value of Plaintiffs' claims exceed $75,000.00.[3] That information was ascertainable by Owens-Illinois immediately upon receipt of Plaintiffs' asbestos Complaints. Owens-Illinois claims that "based on the plethora of jury verdicts reported nationwide in identical claims, the damages asserted in Plaintiff(s)' Complaint, if accepted by the

---

[3] Owens-Illinois' Notice of Removal at ¶ 15 ("Plaintiff(s) have filed their lawsuit against numerous Defendants, so far. As set forth in the Complaint, [Plaintiffs] seek damages, upon all counts of the Complaint which include negligence, strict liability, false representations, fraud and deceit concealment, negligent misrepresentation and conspiracy for medical expenses, lost income, wages and earning potential, mental and emotional distress. Further, Plaintiff(s) seeks damages alleging loss of consortium and society.")

jury, will be well in excess of $75,000." [Owens-Illinois' Notice of Removal at ¶ 17.] That

information was ascertainable by Defendants, including Owens-Illinois, months, and, in some

cases years, before Owens-Illinois removed this action.  Owens-Illinois also claims that:

> Asbestos litigation is prevalent nationwide.  Subsequently, jury verdict ranges are
> easy to obtain in cases arising from the same allegations made by these plaintiffs,
> assuming plaintiffs are successful at trial.  As a rule, reported jury verdicts in
> favor of plaintiffs for mesothelioma cases with allegations similar to those in this
> case exceed $75,000.00.

[Owens-Illinois' Notice of Removal at ¶ 20.]  The prevalence of nationwide asbestos litigation is

not a recent trend that occurred within the thirty-day period prior to the Notice of Removal.

Indeed, it is common knowledge that asbestos cases have been prevalent for years and, as

Owens-Illinois acknowledges, "jury verdict ranges are easy to obtain in cases arising from the

same allegations made by these plaintiffs."  Owens-Illinois' Notice of Removal at p. 6.  Finally,

Owens-Illinois attaches to its Notice of Removal multiple verdicts obtained in different

jurisdictions that Owens-Illinois claims establishes the value of Plaintiffs' claims in this case are

in excess of $75,000.00.  The information Owens-Illinois references with respect to all or

virtually all of the verdicts referenced was available to the public even before Owens-Illinois was

served with the complaint in this action.

Owens-Illinois' Notice of Removal, and the other Defendants joinder in the notice, were

not filed with 30 days of the date the information Defendants claim demonstrate Plaintiffs'

claims exceed $75,000.00 was first ascertainable by Defendants.  Because the Notices of

Removal were untimely, this case should be remanded to state court.  *Huffman v. Saul Holdings

Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999) (failure to comply with express

statutory requirements for removal renders removal defective and justifies remand).

III.   **THIS COURT SHOULD AWARD PLAINTIFFS THEIR COSTS AND ATTORNEYS' FEES INCURRED IN CONNECTION WITH THIS MATTER.**

28 U.S.C. § 1447(c) provides that in connection with an order remanding a case from federal court to state court, the federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[4]  The district court, in its discretion, may award costs and fees for improper removal.  In order to be awarded costs and fees, it is not necessary that the plaintiff show that the removal was in bad faith.  *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994).  *See Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997) (the only circumstances in which fees may not be assessed against the removing party is where the removal to federal court was proper in the first place).  In Suder, the Tenth Circuit addressed an appeal of a district court's assessment of costs and attorneys fees against a party, Blue Circle, based on the district court's finding that Blue Circle improperly had removed a case to federal court.  Blue Circle argued that because there was a "colorable basis" for its removal, it was error for the district court to have assessed fees.  Rejecting this argument, the Tenth Circuit Court of Appeals stated:

> The standard is not whether the basis for the removal was merely "colorable;" the central inquiry is the "propriety" of the removal, see *Daleske*, 17 F.3d at 324, a standard much different than "colorable."  A removal is proper only if it is legitimate.

Suder, 116 F.3d at 1535.

In *Dead Kennedys v. Biafra*, 46 F. Supp. 2d 1028 (N.D. Cal. 1999), the court, addressing a request for costs and fees resulting from improper removal, observed that

---

[4] "An award of costs and fees pursuant to section 1447(c) is a 'collateral matter over which a court normally retains jurisdiction even after being divested of jurisdiction on the merits.'"  Dead Kennedys v. Biafra, 46 F. Supp. 2d 1028, 1030 (N.D. Cal. 1999) (quoting Moore v. Permanente Medical Group, Inc., 981 F.2d 443, 445 (9th Cir. 1992)).

> [i]n deciding whether or not to award costs and attorney's fees, the Court should consider whether removal was proper, looking both at the nature of the removal and of the remand.  The purpose of an award is not to punish the removing party but instead to reimburse the party who sought remand for litigation costs incurred as a result of removal.  The availability of costs and attorney fees replaces the former requirement of posting of a bond; however, it serves the same purpose to discourage improper removal.  *See* 28 U.S.C. § 1447, commentary.

Id. at 1030.  The Seventh Circuit Court of Appeals, in *Tenner v. Zurek*, 168 F.3d 328, 330 (7th

Cir. 1999), affirmed the district court's award of fees for improper removal and stated: "[t]he

plain wording of the statute [§ 1447(c)] manifests a Congressional determination that the district

court ought to seek a fair allocation of all the costs of defending against an improper removal."

The district court in *Greenidge v. Mundo Shipping Corp.*, 60 F. Supp. 2d 10 (E.D.N.Y.

1999), awarded costs and fees to a plaintiff who had successfully obtained remand of a case to

state court.  The district court found that although the case was not removed in bad faith, "the

removal greatly complicated the case [and] it would be unfair to require [plaintiffs] or their

counsel to absorb the cost of litigating the remand motion, which in no way advanced their case."

Id. at 12.  Finding that removal was improper on three different grounds, the district court in *Eyal*

*Lior v. Sit*, 913 F. Supp. 868, 878 (D.N.J. 1996), held that an award of fees and costs was

appropriate.

In this case, Owens-Illinois' removal of this and related actions (and the other Defendants'

joinder in the removal) was plainly untimely, as discussed above.  As a result, Plaintiffs has been

forced to incur substantial fees and costs in requesting remand.  As in *Greenidge*, the

Defendants' removal in this case greatly complicated the case, resulted in significant and

unwarranted delay, and the considerable time and money plaintiff was forced to expend in

seeking remand in no way advanced the case.  Under the circumstances of this case, it is

14

equitable and fair that Defendants be required to reimburse Plaintiffs for the costs and fees it incurred, to be established by affidavit, in seeking remand of Defendants' improper removal.[5] Plaintiffs request that Owens-Illinois be required to pay such costs and fees, and that Owens-Illinois then be allowed to seek contribution from the other Defendants who joined in the removal.[6]

## CONCLUSION

Defendants' Notice of Removal was untimely is thus is defective, mandating remand.  In addition to remand, Plaintiffs are entitled to an award of costs and attorneys' fees Plaintiffs have incurred in connection with Defendants' improper removal.

DATED this 22nd day of  August, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

---

[5] Plaintiffs legal counsel have not submitted herewith an Affidavit of Attorneys' Fees and Costs but intend to submit such an affidavit, and any additional information required by the Court, to establish the amount of attorneys' fees and costs incurred.

[6] *Honeywell* and *Ford*, who have joined in Owens-Illinois' Notice of Removal, already have each previously removed the same cases against them to this Court.  Those cases are in the process of being remanded to state court due to improper removal.

15

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of August, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid,

Todd S. Winegar, Esq.
201 South Main Street Suite 900
Salt Lake City, UT 84110
***Attorneys for Rapid American Corporation***

Paul H. Matthews, Esq.
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
***Attorneys for Metropolitan Life Insurance***

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
***Attorneys for Georgia Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW Hobart Brothers Company***

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
***Attorneys for Honeywell International, Inc.; Allied Signal***

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
***Attorneys for Foster Wheeler Energy Corporation***

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
***Attorneys for Owens-Illinois, Inc.***

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
***Attorneys for Combustion Engineering***

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
***Attorneys for Lorillard Tobacco***

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
***Attorneys for Exxon Mobile***

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNWLL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
***Attorneys for Ford***

17

C

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiff

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

**SEP 2 5 2002**

MARKUS B. ZIMMER, CLERK
BY _____
DEPUTY CLERK

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LOUIS ARLO LUKE and CLAUDIA LUKE, <br><br> Plaintiffs, <br> vs. <br><br> ASBESTOS DEFENDANTS, | ) <br> ) <br> ) **REPLY MEMORANDUM IN SUPPORT** <br> ) **OF PLAINTIFFS' MOTION TO REMAND** <br> ) **AND FOR COSTS AND ATTORNEYS'** <br> ) **FEES BASED ON IMPROPER REMOVAL** <br> ) <br> ) <br> ) Case No. 2:02 CV 928 PGC <br> ) |

---

Plaintiffs respectfully submit this Reply Memorandum in Support of Plaintiffs' Motion to Remand and for Costs and Attorneys' Fees Based on Improper Removal.

### INTRODUCTION

Defendant Owens-Illinois removed numerous related asbestos cases from state court to this Court. The case captioned *George and Carolyn Abbott vs. Asbestos Defendants*, Case No. 2:02CV715 DB, was assigned the lowest case number of the numerous cases removed. Subsequently, and separately, Owens-Illinois removed this case, which had been filed separately from numerous other asbestos cases, from state court to this Court. Plaintiffs have filed a motion seeking remand of the related asbestos cases. Plaintiffs in this case also now seek remand of this case to state court.

Remand of this case to state court is mandated for either of two independent reasons. First, the Notice of Removal, which occurred many months after the first defendants were served in this lawsuit, was untimely. Second, not all defendants served in this action timely joined in the removal, further mandating remand. In addition to remanding this case to state court, this Court should award Plaintiffs their costs and attorneys' fees as a result of Defendants' improper removal of this lawsuit.

## SUMMARY OF ARGUMENT

In support of their Motion to Remand, Plaintiffs set forth 12 paragraphs of facts. Of those 12 paragraphs, the substance of 11 of the paragraphs was taken directly from Owens-Illinois' own Notice of Removal. Of those 12 paragraphs, Owens-Illinois disputes none. Several defendants have joined Owens-Illinois' opposition to remand. No defendant, however, has disputed any of the factual paragraphs set forth in Plaintiffs' Memorandum seeking remand.

Despite the fact that removal of this and numerous related cases was not timely; despite the fact that several defendants in the case did not timely join (or have not joined at all) in the removal; and despite the fact that Owens-Illinois has not carried its clear burden of demonstrating the propriety of removal, Owens-Illinois mischaracterizes Plaintiffs arguments as "absurd" by setting up the straw man argument that it is Plaintiffs' position "that *all* asbestos-related cases (where there is diversity of citizenship) are immediately removable upon filing, because some have verdicts greater than $75000." Owens-Illinois' Opposition to Plaintiffs' Motion to Remand and for Costs and Attorneys' Fees ("Owens-Illinois' Opp. Memo.") at p. 1. A cursory review of Plaintiffs' opposition memorandum reflects that Plaintiffs have made no such argument. Plaintiffs have simply pointed out, based on Owens-Illinois' own argument and

assertions, that Owens-Illinois either believed this case was removable months before it removed the case and well after the deadline for removal, or, alternatively, Owens-Illinois has presented no evidence to support its claim that the case should be removed. Owens-Illinois has not pointed to a single piece of evidence that it had at the time of removal that it did not already possess within 30 days after it received Plaintiffs' Complaint. Because removal was untimely, remand is required.

Owens-Illinois' fall-back argument is that the Court should not even rule on Plaintiffs' Motion to Remand because the Miltidistrict Litigation Panel has already issued a Conditional Transfer Order in this action. First, the Order on which Owens-Illinois relies does not relate to this case. *See* Conditional Transfer Order, attached hereto as Exhibit "A" (listing the civil numbers of the cases to which the order applies, which does not include this case). Even if the Order did apply, it was only "conditional," and not a final order. Furthermore, the MDL has stayed its conditional transfer order pending resolution of Plaintiffs' Motion to Remand. Obviously, if this Court determines that remand is appropriate, an issue that is properly before this Court, the Conditional Transfer Order will be vacated in its entirely.

Regarding Plaintiffs' request for costs and attorneys' fees based on improper removal, Owens-Illinois does not contest that if this case was improperly removed, which it was, Plaintiffs' should be awarded their costs and attorneys' fees incurred in connection with their request for remand.

## RESPONSE TO OWENS-ILLINOIS' STATEMENT OF FACTS

Owens-Illinois sets forth a brief Statement of Facts in opposition to Plaintiffs' Motion and supporting Memorandum. Those facts do not establish the propriety of removal. Regarding the

facts on which Plaintiffs rely, neither Owens-Illinois, nor any other defendant who has opposed remand of this case, contest a single fact upon which Plaintiffs base their remand argument. Instead, Defendants simply assert that Plaintiffs' Complaint does not seek a specific amount of damages (which is often the case, particularly with cases filed in state court where jurisdictional amounts are not an issue); that Plaintiffs objected to Owens-Illinois' admission requests and denied the request based on the objectionable nature of the request; and that Owens-Illinois subsequently removed this case.  Owens-Illinois also now argues that "[w]hile defendants could not meet their burden of proving the jurisdictional minimum with jury verdicts alone, they were provided as supporting evidence supplementing the requisite documentation."  Owens-Illinois Opp. Memo. at p. 2.  Those "facts" fall short of satisfying Owens-Illinois' burden of demonstrating that its Notice of Removal was proper.

## FACTUAL STATEMENT

Defendants have not disputed any of the facts set forth in Plaintiffs' opening memorandum.  A few particularly pertinent facts are reiterated:

1.      Several of the Defendants in this action were served with the Summons and Complaint on January 16, 2002, including, among others, Westinghouse Electric Corporation, Ingersoll-Rand Company, Georgia-Pacific Corporation, and Foster Wheeler Energy Corporation. [*See* examples of Summonses reflecting service date (copies of which are attached hereto as Exhibit "B").]

2.      Other defendants were served after January 16, 2002.  For example, Defendant Owens-Illinois received the Complaint and Summons in this matter on March 15, 2002. [Owens-Illinois' Notice of Removal at ¶ 2.]

4

3.     Owens-Illinois removed this case on August 14, 2002.  [Notice of Removal of Action From State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. § 1441(b) (Diversity).]

4.     In its Notice of Removal, Owens-Illinois makes the following assertions:

(b)     Owens-Illinois is informed and believes, "and based on the plethora of jury verdicts reported nationwide in identical claims, the damages asserted in Plaintiff(s)' Complaint, if accepted by the jury, will be well in excess of $75,000."  [Owens-Illinois' Notice of Removal at ¶ 17.]

(c)

Asbestos litigation is prevalent nationwide.  Subsequently, jury verdict ranges are easy to obtain in cases arising from the same allegations made by these plaintiffs, assuming plaintiffs are successful at trial.  As a rule, reported jury verdicts in favor of plaintiffs for mesothelioma cases with allegations similar to those in this case exceed $75,000.00.

[Owens-Illinois' Notice of Removal at ¶ 20.]

(d)     Owens-Illinois attaches as Exhibit H to its Notice of Removal copies of nine "verdicts obtained in differing jurisdictions.  As the Court will note, despite the various jurisdictions, each verdict well exceeds the jurisdictional limit of $75,000.00.  Thus, should Plaintiff(s) prevail on liability, they will more likely than not obtain an award in excess of $75,000.00 from a jury."  [Owens-Illinois' Notice of Removal at ¶ 20.]

5.     Owens-Illinois asserts in the context of its removal that it has received nothing from Plaintiffs to provide any substantive information pertaining to the amount of damages Plaintiffs seek from Defendants.  [Owens-Illinois' Notice of Removal at ¶ 22.]

6.      To the best of Plaintiffs' knowledge, several defendants who have been served in this lawsuit did not join in the Notice of Removal.  Those defendants include Airco, Inc. (BOC), Lincoln Electric Company, Hobart Brothers Company, Ford Motor Company, A.P. Green Industries, Inc., Westinghouse Electric Corporation, Ingersoll-Rand Company, and Exxon Mobil Corporation.  [*See* Court's file in this lawsuit.]

## DISCUSSION

Owens-Illinois' Notice of Removal was improper.  This case should be remanded to State Court. The Court should award Plaintiffs' their costs and attorneys fees.

**I.      OWENS-ILLINOIS HAS NOT DISCHARGED ITS BURDEN OF ESTABLISHING THE PROPRIETY OF ITS REMOVAL OF THIS CASE TO THIS COURT.**

Owens-Illinois bears the burden of establishing that its Notice of Removal was proper.  It has failed to discharge that burden.

### A.      It is the Burden of Owens-Illinois to Establish the Propriety of Removal.

As the party who removed the case to this Court, Owens-Illinois bears the burden of proving removal was proper.  That law in that regard is clear:

> [B]ecause federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).  The party seeking removal carries the burden of proving to the court that removal is proper and that the court had original jurisdiction of the case. *Dresser-Rand v. N. Natural Gas Co.*, No. 99-4165- SAC, 2000 WL 286733, at * 1 (D. Kan. Jan. 19, 2000) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S. Ct. 780.

*Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1241 (D. Kan. 2002).  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) ("[I]n a removed case, '[t]he defendant's claim that the amount in controversy exceeds [$75,000] does not enjoy the *St. Paul Mercury* presumption

of accuracy that the plaintiff's does.' . . . As the parties invoking the federal court's jurisdiction in

this case, defendants bear the burden of establishing that the requirements for the exercise of

diversity jurisdiction are present.").

When the plaintiff's damages are unspecified, courts generally require that a defendant

establish the jurisdictional amount by a preponderance of the evidence." *Id.* (citations omitted).

The Tenth Circuit has stated that, "at a minimum," the jurisdictional amount must be shown by a

preponderance of the evidence." *Martin*, 251 F.3d at 1291.

**B.**     **Any Doubt Regarding the Propriety of Removal Should be Resolved in Favor of Remand.**

Federal courts clearly and repeatedly have emphasized that "any doubt [regarding

removal] should be resolved in favor of remanding a case to state court." *McAnally Enterprises,*

*Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (citing *Gaus v. Miles, Inc.*, 980

F.2d 564 (9th Cir. 1992)); *Wakefield v. Olcott*, 983 F. Supp. 1018, 1020 (D. Kan. 1997)

("Removal statutes 'are to be strictly construed against removal and all doubts should be resolved

in favor of remand.'" (quoting *Henderson v. Holmes*, 920 F. Supp. 1184, 1186 (D. Kan. 1996)).

"[S]trict construction is especially warranted in diversity cases, where 'concerns of comity

mandate that state courts be allowed to decide state cases unless the removal action falls squarely

within the bounds Congress has created.'" *McAnally*, 107 F. Supp. 2d at 1226 (quoting *Ham v.*

*Service Merchandise Co.*, 727 F. Supp. 1343, 1345 (N.D. Cal. 1990). "Removal statutes are

construed narrowly; where plaintiff and Defendant clash about jurisdiction, uncertainties are

resolved in favor of remand." *Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-90

(10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994))

(emphasis added). Because of Congress' intent to restrict federal jurisdiction in controversies

between citizens of different states, "the presumption is therefore 'against removal jurisdiction,

*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)." *Martin v. Franklin Capital Corp.*,

251 F.3d 1284, 1289 (10th Cir. 2001).

A notice of removal must be "filed within thirty days after the receipt by the Defendant,

through service or otherwise, of a copy of the initial pleading setting forth the claim for relief

upon which such action or proceeding is based." 28 U.S.C. § 1446.

> If the case stated by the initial pleading is not removable, a notice of removal may
> be filed within thirty days after receipt by the Defendant, through service or
> otherwise, of a copy of an amended pleading, motion, order or other paper *from
> which it may first be ascertained* that the case is one which is or has become
> removable, except that a case may not be removed on the basis of jurisdiction
> conferred by section 1332 of this title more than 1 year after commencement of
> the action.

28 U.S.C. § 1446.

## C.   Owens-Illinois Has Not Discharged Its Burden of Establishing Removal Was Proper.

Owens-Illinois feeble efforts to explain why it waited several months after being served

with Plaintiffs' Complaint fall far short of establishing timely removal in this case.  The bases for

Owens-Illinois' argument that its Notice of Removal was timely are as follows:  (1) Plaintiffs'

Complaint contains multiple causes of action and seeks various types of damages; (2) it is well

known based on the types of claims at issue that jury verdicts for these types of claims routinely

exceed $75,000; and (3) Plaintiffs denied Owens-Illinois admission requests on the basis that the

requests as framed were objectionable.

Regarding the first two bases on which Owens-Illinois relies in seeking to establish its

burden that removal was proper, no good faith argument exists that that information was known

(or available) to Owens-Illinois when it was served, which occurred many months before Owens-

Illinois filed its Notice of Removal.  Regarding the third basis on which Owens-Illinois relies,

Owens-Illinois received no substantive information because its admission request as phrased was

objectionable.[1]  Yet Owens-Illinois claims that it has satisfied its burden of demonstrating timely

removal.  Owens-Illinois has failed to discharge its burden of establishing timely removal.[2]

## II.     THE REMOVAL IS DEFECTIVE.

### A.     All Defendants Served with Process Did Not Join in the Notice of Removal.

"'[T]he majority of published decisions have found that in multi-defendant actions, the

thirty-day period for removal commences for **all defendants** when service is accomplished on

the first-served defendant.'"  *McShares. Inc. v. Barry*, 979 F. Supp. 1338, 1343 n.2 (D. Kan.

1997) (emphasis added) (quoting *Ford v. New United Motors Mfg., Inc.*, 857 F. Supp. 707, 709

(N.D. Cal. 1994) and citing numerous other cases).  If removal occurs, **all defendants** must

---

[1] The admission request was a ruse to give cover for the untimely removal.  The request at issue was as follows: "Admit that plaintiff(s) in the above-captioned action seek damages which exceed the jurisdiction amount pursuant to 29 U.S.C. § 1332(a) or $75,000."  The request was vague and ambiguous for either of at least two reasons.  First, the request is ambiguous as to whether it seeks information relating to the claim of each Plaintiff, or the combined claims of both Plaintiffs.  Second, the request is unclear whether it is asking if the damages sought (a) exceed "the jurisdictional amount pursuant to 29 U.S.C. § 1332(a)" or (b) were exactly $75,000.  Plaintiffs' denial based strictly on the objectionable nature of the request certainly is not an "other paper" constituting an admission that the damages sought exceed the jurisdictional requirements in a diversity case.  If Defendants believed the request at issue were proper and unobjectionable, they undoubtedly would have requested a meet and confer with Plaintiffs' counsel and, absent working the matter out, would have filed a motion to compel.  No such effort was ever made.  Instead, Owens-Illinois simply filed a Notice of Removal.  Defendants now improperly attempt to turn legitimate objections to poorly-drafted admission requests into a disclosure that Plaintiffs' claims exceed the jurisdictional minimum required by federal law.

[2] Owens-Illinois essentially acknowledges the weakness of its position by the following statement:  "OI sought to ascertain plaintiff's [sic] damages and requested a stipulation and discovery responses on the issue from plaintiff.  Plaintiff refused to respond.  [Owens-Illinois has admitted elsewhere in its opposition memorandum that Plaintiffs, in fact, did respond by objecting to the improper requests].  **Nevertheless, in order to prevent allegations of an untimely removal, defendant removed this action based on the refused stipulation and request for admissions – the first documents arguably establishing plaintiff's claimed damages.**"  [Owens-Illinois Opp. Memo. at p. 1 (emphasis added).]  Thus, according to Owens-Illinois, it has at most "arguably" discharged its burden of showing the timeliness of removal.

timely join in the removal petition. *Scheall v. Ingram*, 930 F. Supp. 1448, 1449 (D. Colo. 1996); *Biggs Corp. v. Wilen*, 97 F. Supp. 2d 1040, 1043-45 (D. Nev. 2000). "To 'join' a motion [or notice of removal] . . . each party must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty day period." *Henderson v. Holmes*, 920 F. Supp. 1184, 1186-1187 (D. Kan. 1996) (citing cases).[3]

In this case, several defendants joined in or consented to the removal. At least two defendants who have been served in the lawsuit, however, did not join. Those defendants include Westinghouse Electric Corporation and Ingersoll-Rand Company. As set forth above, the case law is clear that the failure of even one defendant to timely join in a Notice of Removal is fatal to the ability of any defendant to remove. In this case, at least two defendants failed to join in the Notice of Removal. Remand therefore is mandated for all Defendants.

**B.      The Notice of Removal Was Defective.**

If there are multiple defendants named in a case, which is the case here, "a petition [to remove] filed by less than all the named defendants is considered defective if it fails to contain an explanation for the absence of co-defendants." *Id.* at 1449; *Northern Illinois Gas Co. v. Airco Indus. Gases, a Division of Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982). In this case, Owens-Illinois' Notice of Removal did not contain an explanation for the absence of co-defendants. While this technical failure by Owens-Illinois may seem harsh, as previously indicated, federal courts require strict adherence to the applicable removal statutes by a removing party,[4] and any

---

[3] Courts have recognized that faithful adherence to the statutory language in some cases may seem unfair. "However, in the removal context, faithful adherence to the statutory language is more important than avoiding potential unfairness. The plaintiff's right to choose his form is superior to the defendant's right of removal." *Auchinleck v. town of LaGrange*, 167 F. Supp. 2d 1066, 1069 (E.D. Wis. 2001) (citing cases).

[4] A party's "'failure to comply with the[] express statutory requirements for removal can fairly be said to render the

10

doubt as to the propriety of removal is resolved in favor of remand.  Because Owens-Illinois'

Notice of Removal was defective, remand is mandated for this additional reason.

## III.    THIS COURT SHOULD AWARD PLAINTIFFS THEIR COSTS AND ATTORNEYS' FEES.

Plaintiffs seek an award of costs and fees based on Owens-Illinois' improper removal.

Owens-Illinois does not oppose an award of costs and fees if the case is remanded, thereby at

least implicitly acknowledging such award is proper in the event of remand.

As Plaintiffs pointed out in their Opening Memorandum, in order to be awarded costs and

fees, it is not necessary that the plaintiff show that the removal was in bad faith.  *Daleske v.

Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994); *Excell, Inc. v. Sterling Boiler &

Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) (district court does not have to find removal

was in bad faith as a prerequisite to award of costs and fees).

Good or bad faith is not the issue because "[t]he purpose of an award is not to punish the

removing party but instead to reimburse the party who sought remand for litigation costs

incurred as a result of unnecessary removal."  *Dead Kennedys v. Biafra*, 46 F. Supp. 2d 1028,

1030 (N.D. Cal. 1999).  "[B]ad faith is no longer the standard; instead, the Court should consider

whether removal was improper and whether reimbursement of expenses is an appropriate remedy

for the incursion of unnecessary expense."  *Id. See also Greenidge v. Mundo Shipping Corp.*, 60

F. Supp. 2d 10, 12 (E.D.N.Y. 1999) (Awarding case was not removed in bad faith, court awarded

fees/costs because "the removal greatly complicated the case [and] it would be unfair to require

---

removal "defective" and justify a remand.'"  *Huffman v. Saul Holdings Limited Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).  "A defect in the removal notice . . . constitutes a 'defect in removal procedure.'"  *McShares v. Barry*, 979 F. Supp. 1338, 1441 (D. Kan. 1997).  "As a creature of statute, removal comes with statutory procedures and requirements that are mandatory in nature."  *Id.*

[plaintiffs] or their counsel to absorb the cost of litigation the remand motion, which in no way advanced their case.")

Here, the removal at issue occurred approximately six months after the first-served Defendants were served with process, well beyond the time allowed for removal under applicable law.  Because Defendants' removal of this case to federal court was not legitimate, Plaintiffs should be awarded the costs and fees it incurred in obtaining remand.

## CONCLUSION

In attempting to establish the propriety of removal, Defendants try to tip clear legal precedent regarding propriety of removal on its head.  In support of removal, defendants argued that historical jury verdicts clearly establish that the amounts Plaintiffs seek exceed $75,000. Other than the fact that Plaintiffs properly objected to objectionable admission requests and on that basis denied the request, Defendants point to no evidence and no "other paper" to establish the timeliness of what otherwise was clearly an untimely removal.  Now, faced with the fact that the jury verdicts on which Defendants have relied establish the untimeliness of the removal, Defendants attempt to distance themselves by distorting and mischaracterizing Plaintiffs' argument.  Such attempt fails.

For the foregoing reasons, as well as the additional reasons set forth in Plaintiffs' Opening Memorandum, this Court should remand this and all other related asbestos cases to State Court. It also should award Plaintiffs costs and attorneys' fees incurred in connection with Defendants' improper removal.

DATED this _25_ day of September, 2002.

HATCH, JAMES & DODGE

By:

Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of September, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid (unless otherwise indicated):

Todd S. Winegar, Esq.
P.O. Box 353
One Utah Center
201 South Main Street, Suite 900
Salt Lake City, UT 84110
***Attorneys for Rapid American Corporation***

Paul H. Matthews, Esq.  (By Hand-Delivery)
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
***Attorneys for Metropolitan Life Insurance***

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
***Attorneys for Georgia-Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW Hobart Brothers Company***

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
***Attorneys for Honeywell International, Inc.; Allied Signal***

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
***Attorneys for Foster Wheeler Energy Corporation***

14

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
***Attorneys for Owens-Illinois, Inc.***

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
***Attorneys for Combustion Engineering***

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
***Attorneys for Lorillard Tobacco***

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
***Attorneys for Exxon Mobile***

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNELL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101
***Attorneys for Ford***

Joseph J. Joyce, Esq.
STRONG & HANNI
9 Exchange Place
Sixth Floor Boston Building
Salt Lake City, Utah  84111
**Attorneys for The Flintkote Company**

15

# EXHIBIT "A"

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 8 2002

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*(SEE ATTACHED SCHEDULE)*

*CONDITIONAL TRANSFER ORDER (CTO-217)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 75,241 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

# EXHIBIT "B"

Brent O. Hatch (5715)
Heather A. McDougald (6927)
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| IN RE: ASBESTOS CASES OF NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE and HATCH, JAMES & DODGE | **SUMMONS** |
| Louis Arlo Luke<br>Claudia Luke | Case No. 010900863 AS<br><br>(Indiv. Case No. 010911021) |
| Plaintiffs, | |
| vs. | Judge Glenn K. Iwasaki |
| ASBESTOS DEFENDANTS | |

TO THE DEFENDANT WESTINGHOUSE ELECTRIC CORPORATION:
        C/o CT Corporation System
        50 West Broadway, 8th Floor
        Salt Lake City, UT 84101

      You are hereby summoned and required to file an answer to the attached Complaint

with the Clerk of the above-entitled Court, whose address is 450 South State Street, Salt

Lake City, Utah 84111, and to serve upon or mail to plaintiff's attorneys of the law firm of

Hatch, James & Dodge, 10 West Broadway, Suite 400, Salt Lake City, Utah 84101, a copy

of said answer within forty-five (45) days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED this 15th day of January, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Heather A. McDougald

Attorneys for Plaintiffs

Brent O. Hatch (5715)
Heather A. McDougald (6927)
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY, STATE OF UTAH

|  |  |
|---|---|
| IN RE: ASBESTOS CASES OF NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE and HATCH, JAMES & DODGE | **SUMMONS** |
| Louis Arlo Luke Claudia Luke | Case No. 010900863 AS (Indiv. Case No. 010911021) |
| Plaintiffs, | |
| vs. | Judge Glenn K. Iwasaki |
| ASBESTOS DEFENDANTS | |

TO THE DEFENDANT INGERSOLL-RAND COMPANY:
C/o CT Corporation System
50 West Broadway, 8th Floor
Salt Lake City, UT 84101

You are hereby summoned and required to file an answer to the attached Complaint with the Clerk of the above-entitled Court, whose address is 450 South State Street, Salt Lake City, Utah 84111, and to serve upon or mail to plaintiff's attorneys of the law firm of Hatch, James & Dodge, 10 West Broadway, Suite 400, Salt Lake City, Utah 84101, a copy of said answer within forty-five (45) days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED this 15th day of January, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Heather A. McDougald

Attorneys for Plaintiffs

D

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

OCT 0 7 2002

BY MARKUS B. ZIMMER, CLERK

DEPUTY CLERK

Brent O. Hatch (5715)
Mark F. James (5295)
HATCH, JAMES & DODGE, P.C.
10 West Broadway Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666
Attorneys for Plaintiff

COPY

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| | ) |
| | ) **PLAINTIFFS' RESPONSE TO DEFENDANT** |
| **LOUIS ARLO LUKE and CLAUDIA** | ) **WESTINGHOUSE ELECTRIC** |
| **LUKE,** | ) **CORPORATION'S (nka VIACOM, INC.)** |
| | ) **JOINDER AND CONSDENT TO NOTICE** |
| Plaintiffs, | ) **OF REMOVAL OF ACTION FROM STATE** |
| vs. | ) **COURT BY DEFENDANT OWENS-** |
| | ) **ILLINOIS, INC. UNDER 28 U.S.C. 1441(b)** |
| **ASBESTOS DEFENDANTS,** | ) |
| | ) Case No. 2:02 CV 928 PGC |

Plaintiffs respectfully submit this response to Defendant Westinghouse Electric

Corporation's (nka Viacom, Inc.') ("Westinghouse") Joinder and Consent to Notice of Removal

of Action from State Court by Defendant Owens-Illinois, Inc. Under 28 U.S.C. 1441(b).

### BACKGROUND

Plaintiffs initiated this action in state court. Various defendants, including

Westinghouse, were served in January, 2002. (*See* Copy of Summons and return of service,

reflecting service on January 16, 2002, relating to Westinghouse – attached hereto as Exhibit

"A".) Owens-Illinois, Inc. removed this action to federal court on August 14, 2002. (*See*

"Notice of Removal of Action from State Court by Defendant Owen-Illinois, Inc. Under 28

U.S.C. § 1441(b) (Diversity)" (coversheet and signature page attached hereto as Exhibit "B.")

Thereafter, various defendants in this case joined in the Removal.  Defendant Westinghouse

initially did not join, however.  On October 10, 2002, Westinghouse filed a joinder in the

removal.  (*See* Westinghouse's Notice of Joinder – attached hereto as Exhibit "C.")

## DISCUSSION

Westinghouse's Joinder is untimely and conclusively establishes that this case must be

remanded to state court.  All defendants in a lawsuit need not sign a notice of removal.  All

defendants must, however, "officially and unambiguously consent to a removal petition filed by

another defendant, within thirty (30) days . . ."  Failure by any defendant to join a removal

petition within thirty days renders the removal defective and requires remand as to all

defendants.  *See, e.g., Jarvis v. FHP of Utah, Inc.*, 874 F. Supp. 1253, 1254 (D. Utah 1995);

*McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342, 1343 (D. Kan. 1997).

Westinghouse's joinder, filed almost two months after Owens-Illinois removed the case, is

untimely.  Based on clear case authority, this Court should remand the above-captioned case to

state court.  The Court also should award Plaintiffs their costs and attorneys' fees incurred in

obtaining remand.

DATED this _7_ day of October, 2002.

HATCH, JAMES & DODGE

By: _Mark F. James_
Brent O. Hatch
Mark F. James
Attorneys for Plaintiffs

2

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of  October, 2002, a true and correct copy of the foregoing was served on the following by U.S. Mail, first-class postage prepaid (unless otherwise indicated):

Todd S. Winegar, Esq.
P.O. Box 353
One Utah Center
201 South Main Street, Suite 900
Salt Lake City, UT 84110
***Attorneys for Rapid American Corporation***

Paul H. Matthews, Esq.  (By Hand-Delivery)
10 West Broadway, Suite 700
Salt Lake City, Utah  84101
***Attorneys for Metropolitan Life Insurance***

Elizabeth S. Conley, Esq.
Katherine Venti, Esq.
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Ste. 1800
PO Box 45898
Salt Lake City, UT 84145
***Attorneys for Georgia-Pacific Corp., AIRCO, Inc. (BOC, Lincoln Electric Company, and ITW Hobart Brothers Company***

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, Utah  84111-2221
***Attorneys for Honeywell International, Inc.; Allied Signal***

Mark J. Williams, Esq.
PLANT WALLACE CHRISTENSEN & KANELL
136 East South Temple, Suit 1700
Salt Lake City, UT 84111
***Attorneys for Foster Wheeler Energy Corporation***

Melinda A. Morgan, Esq.
RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street
PO Box 2465
Salt Lake City, UT 84110
*Attorneys for Owens-Illinois, Inc.*

Andrew M. Morse, Esq.
SNOW, CHRSITENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P.O. Box 45000
Salt Lake City, UT 84145
*Attorneys for Combustion Engineering*

Peter Billings, Esq.
Douglas J. Payne, Esq.
FABIAN & CLENDENIN
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
*Attorneys for Lorillard Tobacco*

David M. Connors, Esq.
Patrick S. Malone, Esq.
Kevin R. Murray, Esq.
LeBOEUF, LAMB, GREENE & McCRAE
136 South Main Street, Suite 1000
Salt Lake City, Utah  84101
*Attorneys for Exxon Mobile*

Bryon Benevento, Esq.
James D. Gardner, Esq.
SNELL & WILMER
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1547
*Attorneys for Ford*

Tracy Fowler
Scott A. Dubois
Kamie F. Brown
Snell & Wilmer
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1547
Attorneys for Westinghouse Electric (nka Viacom, Inc.)

4

Joseph J. Joyce, Esq.
STRONG & HANNI
9 Exchange Place
Sixth Floor Boston Building
Salt Lake City, Utah  84111
**Attorneys for The Flintkote Company**

# EXHIBIT "A"

Brent O. Hatch (5715)
Heather A. McDougald (6927)
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Attorneys for Plaintiffs

IN THE THIRD JUDICIAL DISTRICT COURT, SALT LAKE COUNTY,
STATE OF UTAH

| | | |
|---|---|---|
| IN RE: ASBESTOS CASES OF NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE and HATCH, JAMES & DODGE | ) ) ) ) ) | **SUMMONS** |
| Louis Arlo Luke Claudia Luke | ) ) ) | Case No. 010900863 AS (Indiv. Case No. 010911021) |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Judge Glenn K. Iwasaki |
| ASBESTOS DEFENDANTS | ) ) | |

TO THE DEFENDANT WESTINGHOUSE ELECTRIC CORPORATION:

        C/o CT Corporation System
        50 West Broadway, 8th Floor
        Salt Lake City, UT 84101

    You are hereby summoned and required to file an answer to the attached Complaint

with the Clerk of the above-entitled Court, whose address is 450 South State Street, Salt

Lake City, Utah 84111, and to serve upon or mail to plaintiff's attorneys of the law firm of

Hatch, James & Dodge, 10 West Broadway, Suite 400, Salt Lake City, Utah 84101, a copy

of said answer within forty-five (45) days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED this 15th day of January, 2002.

HATCH, JAMES & DODGE

By: _____

Brent O. Hatch
Heather A. McDougald

Attorneys for Plaintiffs

*TD's Legal Process L.L.C.*
*P.O. Box 18118*
*Salt Lake City, Utah 84118*
*Office; 964-9393 Fax; 964-9353*
*Cell 347-1038*

## Return of Service

| | |
|---|---|
| ROS # 1908 | HATCH, JAMES & DODGE |
| | 10 W. BROADWAY #400 |
| Attn: ANN | S.L.C., UT 84101          363-6363 |
| Case: 010911021 | |

| Plaintiff(s) | VS | Defendant(s) |
|---|---|---|
| IN RE; ASBESTOS CASES OF NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE AND HATCH, JAMES & DODGE | | ASBESTOS DEFENDENTS |

LOUISE ARLO LUKE, CLAUDIA LUKE

**Process:**  Summons/ Summary Complaint for Personal Injury
**To:** WESTINGHOUSE ELECTRIC CORPORATION

The undersigned person hereby certifies:

I am at the time of service a duly qualified and acting peace officer and or a person over the age of 21 years of age. I am not party to the action being taken. I have endorsed with the date, time, and my signature on each copy served.

**Title: Process Server**

**I Served:**   CT CORPORATION REG. AGENT % CHAD TOLEAFEA AUTH. AGENT

**Date Served**  01/16/2002      **Time Served:**  14:15                                   _____
                                                                                                                    TODD ORAM
**Address of Service:**   50 W. BROADWAY #900 S.L.C. UTAH 84101

**Phone:**                      **Work:**

**Type of Service:**   A person designated to accept service.

| | | | |
|---|---|---|---|
| Service Fee: | $6.00 | Number Attempts: | 1 |
| Mileage Fee: | $0.00 | Total Mileage: | 1 |
| Other Fee: | $0.00 | Number of Address: | 1 |
| Rush Fee: | $0.00 | Attempts Charged: | 1 |

**Total Due:**    **$6.00**

Subscribed and Sworn Before Me This  21st  Day of  January     2002

Notary public residing in Salt Lake County, My commission expires 10/31/04

NOTARY PUBLIC
DEBBIE JACKETTA
4531 WEST 5180 SOUTH
TAYLORSVILLE UT 84118
MY COMMISSION EXPIRES

Additional Process Attached and Loss of Consortium and Demand for Jury Trial, Asbestos
Notice of Video-Taping of Trial Testimony of Louis Arlo Luke, Ness, Motley, Loadholt
Richardson & Poole and Hatch, James & Dodge Master Complaint for Personal Injury and Loss
of Consortium and Demand for Jury Trial

# EXHIBIT "B"

MELINDA A. MORGAN (8392)
RICHARDS BRANDT MILLER & NELSON
Key Bank Tower, 7th Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, UT 84110-2465
Telephone:    (801) 531-2000
Facsimile:     (801) 532-5506

MORGENSTEIN & JUBELIRER LLP
LAURIE K. ANGER (Cal. Bar No. 094841)
NEIL C. LUDMAN (Cal. Bar No. 104657)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone:    (415) 901-8700
Facsimile:     (415) 901-8701

Attorneys for Defendant
OWENS-ILLINOIS, INC.

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

**Louis Arlo Luke**
**Claudia Luke,**

      Plaintiffs,

vs.


**ASBESTOS DEFENDANTS**

Case No. _____

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT BY DEFENDANT OWEN-ILLINOIS, INC. UNDER 28 U.S.C. §1441(b) (DIVERSITY)**

23.     Promptly after the filing of the Notice of Removal, Owens-Illinois shall give

written notice thereof to all parties and shall file a copy of the notice with the Clerk of

such state court pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant Owens-Illinois requests that the State Court case be

removed to the District Court of the United States for the District of Utah and that no

further proceedings be had in the action in the District Court, County of Salt Lake, State

of Utah, and for such other and further relief as the Court deems proper.

DATED:   August _14_, 2002        By: _____
                                         MELINDA MORGAN

RICHARDS, BRANDT, MILLER & NELSON
50 South Main Street, 7th Floor
P. O. Box 2465
Salt Lake City, Utah  84110-2465
Telephone:   (801) 531-2000


MORGENSTEIN & JUBELIRER LLP
NEIL C. LUDMAN (CSB # 104657)
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, California  94105
Telephone:   (415) 901-8700

Attorneys for Defendant
OWENS-ILLINOIS, INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of Notice of Removal of

Action from State Court by Defendant Owens-Illinois, Inc. under 28 U.S.C. § 1441(b)

(Diversity) was hand delivered on the 14th of August, 2002, to the following:

Brent O. Hatch
Heather A. McDougald
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT  84101
Attorneys for Plaintiffs

DATED this 14th day of August, 2002.

RICHARDS, BRANDT, MILLER & NELSON

MELINDA A. MORGAN
Attorneys for Defendant Owens-Illinois, Inc.

G:\EDSI\DOCS\15478\0001\9X3811.WPD

8

# EXHIBIT "C"

Tracy H. Fowler, Esq. (#1106)
Scott A. Dubois, Esq. (#7510)
Kamie F. Brown, Esq. (#8520)
Snell & Wilmer, LLP
15 W. South Temple, Suite 1200
Gateway Tower West
Salt Lake City, Utah 84101-1547
Telephone: (801) 257-1900
Attorneys for Defendant Viacom, Inc.,
Successor by merger to CBS Corporation
f/k/a Westinghouse Electric Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LOUIS ARLO LUKE and CLAUDIA LUKE, <br><br> Plaintiff, <br><br> vs. <br><br> ASBESTOS DEFENDANTS, <br><br> Defendant. | **DEFENDANT'S JOINDER AND CONSENT TO NOTICE OF REMOVAL OF ACTION FROM STATE COURT BY DEFENDANT OWENS-ILLINOIS, INC. UNDER 28 U.S.C. 1441(b)** <br><br> Case No.  2-02-CV-928PGC <br><br> Judge Paul G. Cassell |

### <u>JOINDER IN NOTICE OF REMOVAL</u>

Defendant Viacom, Inc. (f/k/a Westinghouse Electric Corporation) hereby joins in and

consents to the Notice of Removal to this Court of the above action filed in the District Court of

the Third Judicial District In And For Salt Lake County, State of Utah.

Defendant does not concede that an award in this matter below the jurisdictional amount

would be outside the range of permissible awards and further does not concede that an award in

excess of $75,000 is likely against any individual named Defendant, but does agree that the total

award against all Defendants in this action at trial, should plaintiffs prevail, would more likely

than not exceed $75,000.

Defendant is concurrently filing its answer to plaintiffs' Complaint. Defendant was not aware of the removal of this action at the time other defendants joined and/or consented to the removal, but this defendant would have joined and consented earlier had it been made aware of the removal.

DATED this 2nd day of October, 2002.

SNELL & WILMER L.L.P.

By: _____
Tracy H. Fowler
15 West South Temple, Suite 1200
Gateway Tower West
Salt Lake City, UT 84101-1004
Telephone: (801) 257-1900
Attorneys for Defendant Viacom, Inc.,
Successor by merger to CBS Corporation
f/k/a Westinghouse Electric Corporation

- 2 -

## CERTIFICATE OF SERVICE

The undersigned counsel for the Defendant, Viacom, Inc., successor to Westinghouse Electric Corporation, hereby certifies that on the 2nd day of October, 2002, I served the foregoing "**DEFENDANT'S JOINDER AND CONSENT TO NOTICE OF REMOVAL OF ACTION FROM STATE COURT BY DEFENDANT OWENS-ILLINOIS, INC. UNDER 28 U.S.C. 1441(b)**", upon the following counsel of record (i) by United States Mail, First Class, postage prepaid, or (ii) by facsimile, or (iii) by electronic mail, a true copy thereof to said counsel, addressed as follows:

Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT  84101
    Attorneys for Plaintiffs

Sherman Ames
NESS, MOTLEY, LOADHOLT,
    RICHARDSON & POOLE
P. O. Box 1792
28 Bridgeside Boulevard
Mt. Pleasant, SC  29465
    Attorneys for Plaintiffs

David B. Watkiss
James E. Magleby
Paxton R. Guymon
BALLARD SPAHR ANDREWS &
    INGERSOLL, LLP
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, UT  84111-2221
    Attorneys for Allied Signal, Inc.;
    Honeywell International, Inc.

Joseph J. Joyce
STRONG & HANNI
9 Exchange Place, Suite 600
Salt Lake City, UT  84111
    Attorneys for Garlock, Inc.; The
    Anchor Packing Co.; The Flintkote
    Company

Mark J. Williams
PLANT WALLACE CHRISTENSEN &
    KANELL
136 East South Temple, Suite 1700
Salt Lake City, UT  84111
    Attorneys for Foster Wheeler Energy
    Corporation

Andrew M. Morse
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Suite 1100
P. O. Box 45000
Salt Lake City, UT  84145-5000
    Attorneys for Combustion Engineering

Elizabeth S. Conley
Katherine E. Venti
PARSONS BEHLE & LATIMER
One Utah Center
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT  84145-0898
    Attorneys for Georgia-Pacific Corp.;
    Lincoln Electric Company; ITW
    Hobart Brothers Company; AIRCO,
    Inc.

Todd S. Winegar
One Utah Center
201 South Main Street, Suite 900
Salt Lake City, UT  84110
    Attorneys for Rapid-American
    Corporation

- 3 -

Mary Price Birk
Ronald L. Hellbusch
BAKER & HOSTETLER
303 E. 17th Avenue, Suite 1100
Denver, CO  80203
   Attorneys for Dana Corporation;
   Certainteed Corporation; Union
   Carbide Corporation; Pneumo Abex
   Corporation

David M. Connors
Patrick S. Malone
Kevin R. Murray
Bret F. Randall
LeBOEUF, LAMB, GREENE & MacRAE
1000 Kearns Building
136 South Main Street
Salt Lake City, UT  84101-1685
   Attorneys for Exxon Mobil Corp.

Peter W. Billings
Douglas J. Payne
FABIAN & CLENDENIN
215 South State Street, 12th Floor
P. O. Box 510210
Salt Lake City, Utah  84151
   Attorneys for Lorillard Tobacco
   Company

Bryon J. Benevento
Matthew Bolie
James D. Gardner
SNELL & WILMER
15 W. South Temple, #1200
Salt Lake City, UT  84101
   Attorneys for Ford Motor Company

Paul H. Matthews
PAUL H. MATTHEWS & ASSOCIATES,
 P.C.
10 West Broadway, Suite 700
Salt Lake City, UT  84101-2060
   Attorneys for Metropolitan Life
   Insurance

Melinda A. Morgan
RICHARDS, BRANDT, MILLER &
  NELSON
50 South Main Street, 7th Floor
P. O. Box 2465
Salt Lake City, UT  84110-2465
   Attorneys for Owens-Illinois, Inc.

- 4 -