JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 9 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL DOCKET No. 875

## IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## SEE SCHEDULE CTO-218 CASES ATTACHED AS EXHIBIT 1

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-218

*Louis Arlo Luke, et al., v. Asbestos Defendants, et al., UT 2 02-928*

## I.  INTRODUCTION

Defendant Owens-Illinois, Inc. ("Owens-Illinois") respectfully submits this Opposition to plaintiffs' motion to vacate Conditional Transfer Order ("CTO") 218.

Plaintiffs' motion should be denied for the following reasons: First, plaintiffs state *no* reason that transfer is inappropriate.  Instead, plaintiffs' motion simply references their pending remand motion in the transferor court.  Plaintiffs seem to think that filing a remand motion precludes transfer -- but this Panel has directly addressed *and* denied that very same argument.  This Panel has consistently ruled it would not postpone a transfer decision because remand (or other) motions were pending in the transferor court.  See, *e.g.*, In re *New Mexico Natural Gas Antitrust Litigation*, 482 F. Supp. 333 (Jud.Pan.Mult.Litig. 1979) ("*NMNGAL*").  Second, plaintiffs improperly ask this Panel to rule on their motions to remand -- something this Panel has no jurisdiction to do.  Finally, although plaintiffs attach exhibits referencing prior pleadings to their motion as "evidence" in support of their motion, plaintiffs have failed to request proper judicial notice under Rule 201(e) of the Federal Rules of Evidence and therefore plaintiffs'

OFFICIAL FILE COPY
IMAGED OCT 30 '02

ED OCT 30 '02

exhibits should be stricken.

In sum, plaintiffs' motion to vacate should be denied and permanent transfer of these cases to MDL-875 *In Re Asbestos Products Liability Litigation (No. VI)*, should be ordered by this Panel.

## II.    FACTUAL BACKGROUND

This Panel has ordered that this matter, designated by this Court as "Schedule CTO 218-Tag Along Cases" (see Exhibit 1) be conditionally transferred to the Eastern District of Pennsylvania for inclusion in the centralized proceedings before Judge Charles R. Weiner.

The present case involves common questions of fact and law with those asbestos-related personal injury actions in MDL 875.  This case involves allegations of personal injury caused by asbestos exposure and therefore is, indisputably, tag-along actions to those cases already on Judge Weiner's docket.  Transfer will therefore conserve judicial resources, promote judicial economy, serve the convenience of parties and witnesses, and ensure the just and efficient conduct of the litigation.

## III.   DISCUSSION

### A.     These Cases Are "Tag-Along" Actions Of The Exact Type The Judicial Panel Has Designated For Transfer.

Since July 1991, federal cases involving allegations of personal injury or wrongful death caused by asbestos have been centralized in a single forum, the Eastern District of Pennsylvania.  See *In re Asbestos Products Liability litigation (No. VI)*, Opinion and Order, Docket No. 875 (July 29, 1991).  This effort towards economizing federal judicial resources applies to all "tag-along actions," where "common questions of fact" are involved in "a civil action pending in a district court."  *See* MDL Rules 1.1, 7.4.

Asbestos cases "are particularly well-suited for multidistrict transfer, *even where their presence in federal court is subject to a pending jurisdictional objection.*  The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases throughout the

nation. That issue, however, involves common questions of law and fact. . . ." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (emphasis added).

This virtually identical action at issue involves personal injury claims arising from alleged exposure to asbestos-containing products. Thus, the factual and legal inquiries involving plaintiffs here will mirror those of the plaintiffs in the tens of thousands of asbestos cases already assigned to the MDL Court for pretrial proceedings. In the interest of efficiency, the economy of the courts and the parties – all particularly pertinent in asbestos litigation -- transfer is appropriate.

**B.      The Pendency of a Motion for Remand to State Court is Not a Proper Basis for Denial of Transfer.**

Of import, plaintiffs raise no objection whatsoever to the transfer procedure. They do not, and cannot, dispute the fact that these cases are tag-along actions under the MDL Rules. They cannot argue the MDL process was not set up specifically to handle just the type of cases they have brought. In fact, plaintiffs do not actually oppose the *transfer* here -- they simply note that they oppose the timely and appropriate *removal* of these cases; then they improperly ask this Panel to decide their remand motion. By their own admission, this is their *only* ground to vacate the CTO: "The basis for Plaintiffs' Motion is that the Utah Asbestos Cases that were conditionally removed to this Court were improperly removed . . ." *See* Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-218) ("Plaintiffs' Brief,¶3") at 2. Plaintiffs' objections are a *non sequitur* in the context of the CTO and this Panel's jurisdiction. This Panel has expressly and consistently ruled that it would not postpone a decision to transfer because motions are pending. *See Ivy*, 901 F.2d at 8-9; *NMNGAL*, 482 F. Supp. 333, 336 ("We see no reason to delay transfer in this litigation because of the pendency (of a motion to dismiss) in the Texas action or because of the pendency of other motions in actions in the transferee district. All the motions can be presented to and decided by the transferee judge after transfer."). Nor does this Panel have jurisdiction over plaintiffs' motions; that authority rests in Judge Weiner's court, and Judge Weiner has already ruled on many such motions in cases on his docket.

The Judicial Panel and the federal courts have clearly spoken regarding the propriety of multidistrict transfer and consolidation of asbestos cases. Indeed, this Panel has ordered transfers in cases raising the exact same issue:

> Before the MDL Panel, petitioners moved to vacate the Conditional Transfer Order. They also moved in the (District Court) to remand the action to the Texas State court, but the district court declined to rule on the remand motion, stating that it would defer to the decision of the MDL Panel. The MDL Panel thereafter . . . issued a Transfer Order . . . .
>
> The MDL Panel based its decision to transfer on its findings "that *Ivy* involves common questions of fact with the actions in this litigation previously transferred . . . and that transfer of *Ivy* . . . for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."

*Ivy*, 901 F.2d at 8 (quoting *In re "Agent Orange" Prod. Liab. Litig.*, No. 381, slip op. at 1 (Jud.Pan.Mult.Litig. 1989)). Thus, in *Ivy*, the Panel found that transfer was proper despite a pending motion to remand to state court. As there, so here. The Panel acknowledged "that the plaintiffs' motion to remand to Texas state court could be heard and decided by the transferee judge . . . ." *Id.*

Judge Weiner can and should hear and rule upon any pretrial motions, including motions to remand to state court. His expertise and experience in handling tens of thousands of these cases and the overriding need for uniformity of decision in similar actions compels this conclusion. This is especially crucial where (like here) questions of federal jurisdiction arise, and inconsistent rulings in nearly identical cases could create great conflict and controversy. The *Ivy* court agreed: "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served." *Id.* at 9.

It is precisely the potential for inconsistency and conflict that multidistrict consolidation will, and is, intended to prevent. Congress recognized this when it found centralization best serves all asbestos litigants and "promote[s] the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). This Panel has recognized the exceptional need for consolidation here, when it

held that one of "[t]he most objectionable aspects of asbestos litigation [is that] . . . the same issues are litigated over and over." *In re Asbestos Products Liability Litigation (No. VI)*, Opinion and Order, Docket #875, at 6.

The transferee MDL Court has a great wealth of knowledge and a special ability, born of experience, to analyze the issues presented, some of which may be relevant only in asbestos cases, and therefore not so obvious to other courts. This expertise is invaluable. *See Ivy*, 901 F.2d at 9 ("there are real economies in transferring such cases to" a judge who has been handling similar litigation for a significant time).

Nor does the existence of pending motions alter the virtues of transfer or compromise its goal of judicial economy. In its initial opinion creating the MDL docket, this Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Apr. 17, 2002) (transfer order), at 1-2, citing *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415 (Jud.Pan.Mult.Litig. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. *See, e.g., In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Apr. 17, 2002) (transfer order), at 1 n.1 ("Plaintiffs . . . have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than

---

[1] *See, e.g., In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Feb. 19, 2002) (transfer order), at 1; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (Jud.Pan.Mult.Litig. Dec. 13, 2001) (transfer order), at 1-2.

seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-218 with respect to this case. For these reasons, the Panel should deny plaintiffs' motion.

### C.   Plaintiffs Inappropriately Address the Merits of the Remand Motion

Plaintiffs attempt to use this forum to argue the merits of remand of these cases to the Utah State Court and request this Panel to rule on their remand motion. Plaintiffs' Brief, at 2. There is no legal basis for such a request. This Panel is not charged with authority to decide motions for remand filed in a transferor court. If it was, Owens-Illinois would argue (as it has in opposition to the remand motion) that the cases properly belong in federal court. Rather than meet plaintiffs' inappropriate arguments, Owens-Illinois simply notes that since that issue is not part of this Panel's charge, plaintiffs' brief on that issue cannot, and should not, be considered in deciding to transfer these actions to the MDL Court.

Additionally, plaintiffs ask this Panel to review their remand motion, and only refer to their motion and memorandum of points and authorities to their brief seeking to vacate the CTO. [Plaintiffs' Motion to Vacate Conditional Transfer Order (CTO-218) ("Plaintiffs' Brief,¶3") at 2.] Plaintiffs have failed, however, to properly request judicial notice of these documents pursuant to FRE 201(e), and thus the Court should not consider them.

## IV.   CONCLUSION

Based on the foregoing, Owens-Illinois urges the Panel to issue a final order transferring these tag-along actions to the Eastern District of Pennsylvania. Both the MDL Panel and the Second Circuit have held that the Panel "has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court." *Ivy*, 901 F.2d at 9. Here the MDL Court has the identical jurisdictional question already under submission in other cases, and has already decided the issue multiple times. Since it is unquestionable that

these are tag-along actions in federal court, the Motion to Vacate the Conditional Transfer Order should be denied.

Respectfully submitted,

Dated:   October 28, 2002                    MORGENSTEIN & JUBELIRER LLP

By:

Lori R. Wallerstein
[Cal . State Bar No. 170894]
Morgenstein & Jubelirer LLP.
One Market Plaza
Spear Street Tower, 32nd FL.
San Francisco, CA 94105
(415) 901-8700

Attorneys for Defendant
Owens-Illinois, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 9 2002

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

The undersigned HEREBY CERTIFIES that on this 28th day of October 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing **DEFENDANT OWENS-ILLINOIS CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER – 218** to be served via Federal Express on the Clerk of the :

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 28th day of October, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 28th day of October, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

*[signature]*

SERVICE LIST

Re: MDL Docket No. 875: "Involved Counsel for Scheduled CTO-218, Docket No. 875,

In Re Asbestos Products Liability Litigation (No. VI):

Brent O. Hatch, Esq.
Mark F. James, Esq.
HATCH, JAMES & DODGE, P.C.
10 West Broadway, Suite 400
Salt Lake City, UT  84101
[Attorneys for Plaintiff]

D. Matthew Moscon, Esq.
Stoel Rieves
One Utah Center
201 South Main Street, Suite 1100
Salt Lake City, UT  84111
[Attorneys for Minnesota Mining & Manufac.]

Elizabeth S. Conley, Esq.
Parsons Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
P. O. Box 45898
Salt Lake City, UT  84145
[Attorneys for Georgia Pacific Corp.]

Mark J. Williams, Esq.
Plant Wallace Christensen & Kanell
136 East South Temple, Suite 1700
Salt Lake City, UT  84111
[Attorneys for Wheeler Energy Corp.]

Joseph J. Joyce, Esq.
Strong & Hanni
9 Exchange Place, 6th Floor
Salt Lake City, UT  84111
[Attorneys for Flintkote Company]

Todd S. Winegar, Esq.
201 South Main Street, Suite 900
Salt Lake City, UT  84110
[Attorneys for Rapid American Corp.]

Paul H. Matthews, Esq.
Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, UT  84111
[Attorneys for Metropolitan Life Ins.]

David B. Watkiss, Esq.
James E. Magelby, Esq.
Paxton R. Guymon, Esq.
Ballard Spahr Andrews & Ingersoll
One Utah Center
201 South Main Street, Suite 600
Salt Lake City, UT  84111-3331
[Attorneys for Honeywell; Allied Signal]

Andrew M. Morse, Esq.
Snow, Christensen & Martineau
10 Exchange Place, Suite 1100
P. O. Box 45000
Salt Lake City, UT  84145
[Attorneys for Combustion Eng.]

I declare that the foregoing is true and correct.

_____
Lisa Faria

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 9 2002

# AMENDED CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

Re: MDL Docket No. 875: "Involved Counsel for Scheduled CTO-218, Docket No.
875, In Re Asbestos Products Liability Litigation (No. VI):

*Louis Arlo Luke, et al. v. Allied Signal, et al., D. Utah, C.A. No. 2:02-928*

The undersigned  HEREBY CERTIFIES that on this 29th day of October 2002, I caused
copies of the foregoing **DEFENDANT OWENS-ILLINOIS CORPORATION'S
OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
ORDER – 218** to be served by first-class mail, postage prepaid, on the counsel on the attached
service list.

**SEE ATTACHED LIST:**

_____
Lisa Faria

PANEL SERVICE LIST (Excerpted from CTO-218)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Louis Arlo Luke, et al. v. AlliedSignal. et al.*, D. Utah, C.A. No. 2:02-928

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Peter W. Billings, Jr.
Fabian & Clendenin
P.O. Box 510210
Salt Lake City, UT 84151

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Elizabeth S. Conley
Parsons, Behle & Latimer
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Tracy H. Fowler
Snell & Wilmer, LLP
15 W. South Temple, Suite 1200
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brent O. Hatch
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

RECEIVED
CLERK'S OFFICE
2002 OCT 29  P 12: 41

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 9 2002

FILED
CLERK'S OFFICE

**EXHIBIT 1**

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

September 24, 2002

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-218)

Dear Counsel:

Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the actions listed on the attached schedule.  The actions are transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action.  These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:**   <u>October 9, 2002</u>   **(4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5, of the Panel <u>Rules</u>, before filing your Notice of Opposition.  Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action.  A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By _____
Deputy Clerk

Attachments                                                                                          JPML Form 39A

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 4 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## (SEE ATTACHED SCHEDULE)

## CONDITIONAL TRANSFER ORDER (CTO-218)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 75,415 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-218 - TAG ALONG CASES
## DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

DISTRICT  DIV. CIVIL ACTION#

**MINNESOTA**
| | | | |
|---|---|---|---|
| MN | 0 | 02-1386 | Norman Bellefeuille, et al. v. Burlington Northern & Santa Fe Railway Co. |
| MN | 0 | 02-2885 | Craig Larsen v. Duluth Missabe & Iron Range Railway Co., Inc., et al. |
| MN | 0 | 02-2914 | Linda Marie Horn, etc. v. Soo Line Railroad Co. |

**MISSISSIPPI SOUTHERN**
| | | | |
|---|---|---|---|
| MSS | 1 | 02-675 | Wade Bell, et al. v. 3M, et al. |
| MSS | 1 | 02-676 | Darrell King, et al. v. 3M, et al. |

**NORTH CAROLINA EASTERN**
| | | | |
|---|---|---|---|
| NCE | 4 | 02-118 | Geraline S. Ebron, et al. v. ACandS, Inc., et al. |
| NCE | 7 | 02-119 | Kenneth B. Frazier, et al. v. Aventis Cropscience USA, Inc., et al. |
| NCE | 7 | 02-126 | Mildred J. Wiggins, et al. v. ACandS, Inc., et al. |

**NORTH CAROLINA WESTERN**
| | | | |
|---|---|---|---|
| NCW | 3 | 02-331 | John Melvin Cannon v. ACandS, Inc., et al. |

**NEBRASKA**
| | | | |
|---|---|---|---|
| NE | 8 | 02-236 | Reuben Hernandez v. Burlington Northern & Santa Fe Railway Co. |

**OKLAHOMA EASTERN**
| | | | |
|---|---|---|---|
| OKE | 6 | 01-691 | Glendon L. Akins, et al. v. Allied Signal, Inc., et al. |

**RHODE ISLAND**
| | | | |
|---|---|---|---|
| RI | 1 | 02-56 | John J. Walsh, et al. v. ABB, Inc., et al. |

**SOUTH CAROLINA**
| | | | |
|---|---|---|---|
| SC | 0 | 02-2633 | Mary E. Black, etc. v. ACandS, Inc., et al. |
| SC | 2 | 02-2363 | Charles Carlow, etc. v. Bell Asbestos Mines, Ltd., et al. |
| SC | 2 | 02-2560 | Carl B. McCants v. Amchem Products, Inc., et al. |
| SC | 2 | 02-2561 | Hubert G. Hutson, et al. v. Amchem Products, Inc., et al. |
| SC | 7 | 02-2370 | Marvin Mullinax, et al. v. ACandS, Inc., et al. |
| SC | 7 | 02-2664 | David Alan Cook, et al. v. ACandS, Inc., et al. |
| SC | 8 | 02-2502 | Janice W. Alexander, et al. v. ACandS, Inc., et al. |
| SC | 8 | 02-2503 | Sammie A. Gilstrap, et al. v. ACandS, Inc., et al. |
| SC | 8 | 02-2555 | Richard Steve Roach, et al. v. ACandS, Inc., et al. |
| SC | 8 | 02-2663 | Donna Sue Ashley, et al. v. ACandS, Inc., et al. |
| SC | 9 | 02-2766 | Joseph B. Bryson v. ACandS, Inc., et al. |

**TEXAS SOUTHERN**
| | | | |
|---|---|---|---|
| TXS | 4 | 02-3126 | Herman Ray Muldrew v. CSX Transportation, Inc. |

**UTAH**
| | | | |
|---|---|---|---|
| UT | 2 | 02-928 | Louis Arlo Luke, et al. v. AlliedSignal, et al. |

**INVOLVED COUNSEL FOR SCHEDULE CTO-218**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Victoria Almeida
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903

Sherman Ames, III
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Thomas C. Angelone
Hodosh, Spinella & Angelone
One Turks Head Place, Suite 1050
P.O. Box 1516
Providence, RI 02901

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James Randolph Baker
Holloway, Dobson, Hudson, et al.
211 N. Robinson Avenue
Suite 900 North
Oklahoma City, OK 73102

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

V. Brian Bevon
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jeff Carruth
Winstead, McGuire, Sechrest & Minick
5400 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

John J. Cloherty, III
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Dixie L. Coffey
McKinney & Stringer
Corporate Tower
101 N. Robinson, Suite 1300
Oklahoma City, OK 73102

P. Jay Cone, II
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Elizabeth S. Conley
Parsons, Behle & Latimer
201 South Main Street, Suite 1800
P.O. Box 45898
Salt Lake City, UT 84145

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

William S. Davies, Jr.
Nelson, Mullins, Riley & Scarborough, LLP
1330 Lady Street
Keenan Building, 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Mark W. Davis
Davis & Feder
P.O. Drawer 6829
Gulfport, MS 39506

Dennis J. Dobbels
Polsinelli, Shalton & Welte
700 W. 47th Street
Suite 1000
Kansas City, MO 64112

Thomas F. Dougall
Law Office Of Thomas E. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

James F. Early
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508

James H. Elliott
Barnwell, Whaley, Patterson & Helms
P.O. Drawer H
Charleston, SC 29402

Mark J. Fellman
Fellman Law Office
213 4th Street, East
Suite 200
St. Paul, MN 55101

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Barry W. Ford
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Mark A. Fredrickson
Rider, Bennett, Egan & Arundel, P.L.L.P.
2000 Metropolitan Center
333 S. 7th Street
Minneapolis, MN 55402

INVOLVED COUNSEL FOR SCHEDULE  CTO-218  (Cont.) MDL-875                    PAGE 2

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Andrew S. Halio
Halio & Halio
P.O. Box 747
Charleston, SC 29402

Bruce E. Halstead
Jones & Granger
10000 Memorial Drive
Suite 888
Houston, TX 77024

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John B. Harwood
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

Brent O. Hatch
Hatch, James & Dodge
10 West Broadway, Suite 400
Salt Lake City, UT 84101

William M. Heffernan
Heffernan & Gilson
155 Westminster Street
Suite 1200
Providence, RI 02903

John W. Kershaw
Rice, Dolan & Kershaw
170 Westminster Street
Suite 900
Providence, RI 02903

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

Raymond A. LaFazia
Gunning & LaFazia, Inc.
32 Custom House Street
P.O. Box 1437
Providence, RI 02903

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Mark W. Lee
Malson, Edelman, Borman & Brand
3300 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Thomas W. Lyons, III
Strauss, Factor & Lopes
403 South Main Street
Providence, RI 02903

Michael J. Marcello
Morrison, Mahoney & Miller
One Providence Washington Plaza
6th Floor
Providence, RI 02903

James P. Marusak
Gidley, Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903

Timothy Kent Masterson
Spence, Ricke, Sweeney & Gernes
600 Degree of Honor Building
325 Cedar Street
St. Paul, MN 55101

Christopher D. Mauriello
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Dennis McCarten
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903

Peter J. McKenna
Skadden, Arps, Slate, Meagher & Flom
Four Times Square
New York, NY 10036

Henry Adam Meyer, III
Norman Edme Meyer Wallace, et al.
127 N.W. 10th Street
Renaissance Centre East
Oklahoma City, OK 73103-4927

Melinda A. Morgan
Richards Brandt Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Denette Ann Mouser
Locke Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210

George Hamlin O'Kelley, Jr.
Leath, Bouch & Crawford
134 Meeting Street, Suite 500
Charleston, SC 29402

Lynn A. O'Leary
Sieben, Polk, LaVerdiere, Jones & Hawn
999 Westview Drive
Hastings, MN 55033

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones & Hawn
999 Westview Drive
Hastings, MN 55033

James B. Pressly, Jr.
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

INVOLVED COUNSEL FOR SCHEDULE  CTO-218  (Cont.) MDL-875                    PAGE 3

Mary Quinn-Cooper
Rhodes, Hieronymus, Jones, Tucker & Gable
P.O. Box 21100
Tulsa, OK 74121

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Thomas H. Rolwing
Brasher Law Firm
One Metropolitan Square, Suite 2300
211 North Broadway
St. Louis, MO 63102

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Peter J. Rubin
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04101

Staci L. Sawyer
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

George F. Short
Short, Barnes, Wiggins, Margo & Adler
210 Park Avenue
3100 Oklahoma Tower
Oklahoma City, OK 73102

E. Terry Sibbernsen
P.O. Box 24268
Omaha, NE 68124

Vani Singhal
Segal, McCambridge, Singer & Mahoney
330 North Wabash Avenue, Suite 200
Chicago, IL 60611

Paul Robert Smith
Abrams & Smith
625 Marquette Avenue, Suite 700
Minneapolis, MN 55402

Randall L. Souza
Nixon & Peabody, L.L.P.
One Citizen Plaza
Providence, RI 02903

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West, 15th Floor
Philadelphia, PA 19102

Thomas E. Steichen
Eldridge Cooper Steichen & Leach, PLLC
P.O. Box 3566
Tulsa, OK 74101

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Mark S. Thomas
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619

C. W. Threlkeld
Fenton, Fenton, Smith, Reneau & Moon
211 N. Robinson Avenue
Suite 800
Oklahoma City, OK 73102

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street, Suite 2600
Charlotte, NC 28202

R. Bart Totten
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Craig R. Waksler
Taylor, Duane, Barton & Gilman, LLP
10 Dorrance Street, Suite 700
Providence, RI 02903

Mark Hedderman Wall
Ogletree, Deakins, Nash, Smoak & Stewart
P.O. Box 1808
Charleston, SC 29402

Charles J. Watts
Smith, Shew, Scrivner, Corbin & Watts
6520 North Western Avenue
Suite 300
Oklahoma City, OK 73116

James R. Webb
McAfee & Taft
211 North Robinson Avenue
Two Leadership Square, 10th Floor
Oklahoma City, OK 73102

Joe D. Wells
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Joseph A. Wilkins
Knudsen, Berkheimer Law Firm
1248 O Street, Suite 1000
Wells Fargo Center
Lincoln, NE 68508

Lee Ruffin Wilson
Bowers, Orr & Dougall, LLP
P.O. Box 25389
Columbia, SC 29224

John R. Woodard, III
Feldman, Franden, Woodard, Farris
& Taylor
525 South Main, Suite 1400
Tulsa, OK 74103

INVOLVED COUNSEL FOR SCHEDULE CTO-218 (Cont.) MDL-875

Phillip B. Abernethy
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

Robert M. Arentson, Jr.
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

David A. Barfield
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207

Robert H. Bass
Bradley, Arant, Rose & White
Suite 450, One Jackson Place
188 East Capitol Street
P.O. Box 1789
Jackson, MS 39215

Scott W. Bates
Baker, Donelson, Bearman & Caldwell
P. O. Box 14167
Jackson, MS 39236

Peter W. Billings, Jr.
Fabian & Clendenin
P.O. Box 510210
Salt Lake City, UT 84151

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, MS 39225

David W. Clark
Bradley, Arant, Rose & White
188 East Capitol Street, Suite 450
P.O. Box 1789
Jackson, MS 39215

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Steven B. Dick
Law Office of William L. Denton
P.O. Box 1204
Biloxi, MS 39533

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

W. Mark Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

C. Michael Evert, Jr.
Evert & Weathersby
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305

Mark W. Garriga
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225

Robert L. Gibbs
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205

William N. Graham
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121

Alben N. Hopkins
Hopkins, Barnie & Hopkins, PLLC
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502

Rebecca K. Jude
Jude & Associates
P.O. Box 17499
Hattiesburg, MS 39404-7499

Christopher O. Massenburg
Aultman, Tyner, McNeese, et al.
P. O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

Matthew F. Powers
Samson & Powers, Pllc
P. O. Box 1417
Gulfport, MS 39502

Steven J. Pugh
Richarson, Plowden, Carpenter, et
P.O. Drawer 7788
Columbia, SC 29202

Mark R. Smith
Holcomb Dunbar, P.A.
P. O. Drawer 707
Oxford, MS 38655

Joseph J. Stroble
Watkins & Eager
The Emporium Building
Suite 300, P.O. Box 650
400 East Capitol Street
Jackson, MS 39205-0650

Jennifer M. Techman
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin & Yarborough
P. O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

## RULE 5.2:   SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation.  Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure.  The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each.  If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address.  The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading.  The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service.  After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings.  In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion.  The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation.  Only one attorney shall be designated for each party.  Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address.  Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel.  After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel.  Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

<u>RULE 7.4:</u>    CONDITI    AL TRANSFER ORDERS FOR "TAG-    ONG ACTIONS"

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

<u>RULE 7.5:</u>    <u>MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"</u>

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.