MDL 875

NOV - 1 2002

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
OCT 2 4 2002
J.T. NOBLIN, CLERK
BY_____ DEPUTY

WADE BELL, *ET AL.*                                          PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:02cv675GR

A.W. CHESTERTON COMPANY, *ET AL.*                             DEFENDANTS

## ORDER

This cause comes before the Court on motion of the plaintiffs to remand [55-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [55-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than November 8, 2002. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the plaintiffs' motion for sanctions [55-1] and the defendant, 3M Company's [3M] motions for extension of time to conduct discovery on the

PLEADING NO. 3766

MDL-875 RECOMMENDED ACTION
VACATE CTO-218 - 1 ACTION
Approved/Date: MK 10/11

OFFICIAL FILE COPY   IMAGED NOV 4 '02

remand issue [66-1] and to stay ruling [66-2] on the remand issue until discovery is completed be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 24th day of October, 2002.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT 2 4 2002

J.T. NOBLIN, CLERK
BY_____DEPUTY

WADE BELL, *ET AL.*                                                    PLAINTIFFS

VS.                                                              CIVIL ACTION NO. 1:02cv675GR

A.W. CHESTERTON COMPANY, *ET AL.*                                       DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the plaintiffs to remand [55-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. Also pending before the Court is plaintiffs' motion for sanctions [55-1] and the defendant, 3M Company's [3M] motions for extension of time to conduct discovery on the remand issue [66-1] and to stay ruling [66-2] on the remand issue until discovery is completed. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

The plaintiffs filed their first amended complaint in the Circuit Court of Jefferson County, on July 11, 2002, and then issued service of process to all 120 defendants. (Mot. to Remand, p. 1.) The plaintiffs are seeking damages following alleged exposure to asbestos containing products. (Am. Compl.) The plaintiffs contend that the removal was not timely and that the case should be remanded because all defendants did not join in the removal. (Mot. to Remand, pp. 3-7.) The claims brought against the non-diverse defendants in this case, Komp Equipment Company [Komp] and Gulf Coast Marine Supply [Gulf Coast] are all part of the same series of transactions which the plaintiffs allege ultimately led to the injuries giving rise to this lawsuit.

(*Id.*, p. 13.) The defendants in this case were allegedly involved in the design, manufacture, advertising, marketing, testing, defective labeling, and selling of asbestos containing products or protective products such as dust masks. (*Id.*)

The plaintiffs contend that there are sufficient related events to allow for the joinder of the parties in this case. (*Id.*, pp. 9-12.) Each of the plaintiffs reside in the same area of the state, and have a "high likelihood" of exposure to the same asbestos products. (*Id.*, p. 2.) The plaintiffs assert that Mississippi law provides for recovery from manufacturers and sellers of products and that the applicable Mississippi defendants fall within those provisions of the law. (*Id.*, pp. 5-6.)

3M argues that the plaintiffs fraudulently joined Komp in an effort to deprive the defendants of "their rights to federal jurisdiction." (Def.'s Resp., p. 1.) According to 3M, Gulf Coast was listed as an Alabama resident in the complaint, yet charged that Gulf Coast is a Mississippi corporation in their motion to remand. (*Id.*, p. 2.) 3M maintains that neither of these parties has answered or made an appearance in this case. (*Id.*)

Discussion

It is axiomatic that federal courts are courts of limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The burden of establishing that federal jurisdiction exists lies with the defendants because they are seeking to invoke this Court's jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In order successfully to prove that nondiverse defendants are fraudulently joined in order to defeat diversity, the removing party must demonstrate there is no possibility that the plaintiff will be

able to establish a cause of action against the in-state defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), *reh'g denied* August 23, 1991. Any contested issues of material fact and all ambiguities are resolved in the plaintiffs' favor and against removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 879 (S.D. Miss. 1997).

In determining whether a non-diverse defendant was fraudulently joined to defeat diversity of citizenship, the Court should, if necessary, "pierce the pleadings" and consider summary judgment type evidence to determine if there is any reasonable basis for predicting that the plaintiffs might be able to establish Komp and Gulf Coast's liability on the pleaded claims in state court. *See LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). This is most likely the reason that 3M requested discovery on the issue. Under this standard the plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). Thus, general allegations of wrongdoing and injury by the non-diverse defendant are not enough to establish that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-2 (5th Cir. 2000). Plaintiffs must allege specific acts of wrongdoing by the in-state defendants in the complaint and submit evidence supporting these claims. *Badon*, 224 F.3d at 390. In absence of these facts, the Court cannot assume that the plaintiffs could establish the necessary facts to support their claims against the non-diverse defendants. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

I.      Fraudulent Joinder

The plaintiffs contend that each defendant or its predecessor-in-interest has been engaged in mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos containing products. (Am. Compl., p. 31.) Plaintiffs assert they were exposed to asbestos containing products allegedly manufactured or sold by the defendants resulted in their injuries. (*Id.*) There are general allegations of wrongdoing by all defendants for failure to warn, to take precautions, to develop substitute materials, to design and manufacture, to test, and/or recall asbestos-containing products. (*Id.*, p. 34.) Specific allegations are brought against certain defendants or predecessors of those defendants, but nothing is mentioned about Komp or Gulf Coast. (*Id.*, pp. 34-47.)

The plaintiffs remand motion outlines why the plaintiffs believe that the joinder of the parties is proper under both federal and Mississippi rules of civil procedure, but nothing is specifically advanced regarding their claims against the in-state defendants. (Mot. to Remand, pp. 7-16.) The plaintiffs do reaffirm the presence of two resident defendants, but do not provide clarification of the initial identification of Gulf Coast as an Alabama resident and subsequent assertion that it is a Mississippi resident. (Am. Compl., p. 24; Mot. to Remand, p. 2.) Accordingly, the Court concludes that the plaintiffs have failed to present adequate information to allow for a determination that these defendants were not fraudulently joined.

II.     Joinder in the Removal

The plaintiffs assert that timely written consent for removal was not obtained from all defendants therefore making remand proper in this case. (Mot. to Remand, pp. 3-6.) All served defendants are required to join in the removal petition no later than 30 days from the date on

which the first defendant was served. 28 U.S.C. S 1446(b); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-3 (5th Cir. 1988). The plaintiffs assert that 17 defendants were served on July 19, 2002, and 84 of the defendants were served by August 19, 2002. (Mot. To Remand, p. 5.) The plaintiffs have presented copies of return receipts of service of process on several defendants dated July 19, 2002, which did not join the removal within the prescribed thirty day period. (*Id.*, Exh. A.) Particularly, the Court was unable to find a joinder filed by Owens-Illinois, Inc.; John Crane; J.T. Thorpe; ITT-Goulds Pumps; Crane Pumps and Systems, Inc.; Crane Company/Crane Valve Group; U.C. Reality Corporation; Pneumo Abex Corporation; Oglebay Norton Company; Insul Company, Inc.; FOSECO, Inc.; and Dana Corporation. (Ct. R.)

Unless all defendants express consent to the removal in a timely fashion, the removal is defective. *In re Bethesda Mem. Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). Nominal parties need not join in a removal petition. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). To prove that a defendant is a nominal party, the removing defendants must show that there is no possibility that the plaintiffs would be able to establish a cause of action against that defendant in state court. *Farias*, 925 F.2d at 871. There has been no such showing in this case. The Court concludes that the defendants which did not timely join the removal are not nominal parties and that the failure of these parties to join in the removal renders the removal defective. *Farias*, 925 F.2d at 871. As a result, the Court finds that the plaintiffs' motion to remand should be granted. This determination renders defendant's motions for time to conduct discovery and to stay ruling on the remand motion moot, and the Court determines that these motions should be denied. Finally, the Court finds nothing within the motion to merit an

award of fees to either party as a result of the removal, and concludes that the motion for sanctions should be denied. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

## Conclusion

For the aforementioned reasons, the Court finds that the plaintiffs' motion to remand [21-1] this case to the Circuit Court of Jefferson County, Mississippi, should be granted. The Court further concludes that the plaintiffs' motion for sanctions [55-1] and the defendant, 3M Company's [3M] motions for extension of time to conduct discovery on the remand issue [66-1] and to stay ruling [66-2] on the remand issue until discovery is completed should be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 24th day of October, 2002.

_____
UNITED STATES DISTRICT JUDGE