BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS : | |
| : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (VI) : | |

### RESPONSE TO MOTION TO VACATE
### CONDITIONAL REMAND ORDER RELATED TO
### HUBER, ET AL. V. TAYLOR, ET AL., E.D. PA (W.D. PA., C.A. NO. 2:02-304)

1. The plaintiffs admit the allegations of paragraph 1 of the Motion of Defendants Joseph B. Cox, Jr. and Joseph B. Cox, Jr., Ltd. (the "Cox Defendants") To Vacate Conditional Remand Order of September 13, 2002 ("Motion").

2. The plaintiffs admit the allegations of paragraph 2 of the Motion.

3. The plaintiffs admit the allegations of paragraph 3 of the Motion.

4. The plaintiffs admit the allegations of paragraph 4 of the Motion.

5. The plaintiffs admit the allegations of paragraph 5 of the Motion.

6. The plaintiffs admit the allegations of paragraph 6 of the Motion.

7. The plaintiffs admit the allegations of paragraph 7 of the Motion.

OFFICIAL FILE COPY   IMAGED NOV 4 '02

8. The plaintiffs admit the allegations of paragraph 8 of the Motion.

9. The plaintiffs deny the allegations of paragraph 9 of the Motion as stated. The plaintiffs admit that Thomas C. DeLorenzo, an attorney for the Cox defendants, wrote a letter to Judge Weiner dated August 27, 2002, and respectfully refer the Panel to that letter for its true and complete contents.

10. The plaintiffs admit the allegations of paragraph 10 of the Motion.

11. The plaintiffs admit the allegations of paragraph 11 of the Motion.

12. The plaintiffs deny the allegations of paragraph 12 of the Motion as stated, and respectfully refer the Panel to paragraph 2 of the Amended Complaint for its true and complete contents.

13. The plaintiffs deny the allegations of paragraph 13 of the Motion as stated, and respectfully refer the Panel to paragraph 3 of the Amended Complaint for its true and complete contents.

14. The plaintiffs deny the allegations of paragraph 14 of the Motion as stated, and respectfully refer the Panel to the Amended Complaint for its true and complete contents.

15. The plaintiffs deny the allegations of paragraph 15 of the Motion.

16. The plaintiffs deny the allegations of paragraph 16 of the Motion.

17. The plaintiffs deny the allegations of paragraph 17 of the Motion, and respectfully refer the Panel to the August 9, 2002 transfer order for its true and complete contents.

18. The plaintiffs deny the allegations of paragraph 18 of the Motion, and respectfully refer the Panel to the August 9, 2002 transfer order for its true and complete contents.

19. The plaintiffs deny the allegations of paragraph 19 of the Motion, and respectfully refer the Panel to the August 9, 2002 transfer order for its true and complete contents.

20. The plaintiffs deny the allegations of paragraph 20 of the Motion, and respectfully refer the Panel to the August 9, 2002 transfer order for its true and complete contents.

21. The plaintiffs deny the allegations of paragraph 21 of the Motion.

22. The plaintiffs deny the allegations of paragraph 22 of the Motion.

23. The plaintiffs deny the allegations of paragraph 23 of the Motion.

24. The plaintiffs deny the allegations of paragraph 24 of the Motion.

25. The plaintiffs deny the allegations of paragraph 25 of the Motion.

26. The plaintiffs deny the allegations of paragraph 26 of the Motion.

Dated: October 30, 2002
New York, New York.

Respectfully submitted,

_____
Joseph D. Pope
Samantha L. Southall
KRONISH LIEB WEINER & HELLMAN LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

Carol A. Mager
Marjory P. Albee
MAGER WHITE & GOLDSTEIN LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103

Alisa Carr
DORNISH & SCOLIERI, P.C.
1207 5th Avenue
Pittsburgh, Pennsylvania  15219

Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS | : |
| | :    MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (VI) | : |

### RESPONSE TO MOTION TO VACATE
### CONDITIONAL REMAND ORDER RELATED TO
### HUBER, ET AL. V. TAYLOR, ET AL., E.D. PA (W.D. PA., C.A. NO. 2:02-304)

Plaintiffs Ronald Huber, William Airgood, Anthony DeFabbo, John Dinio, Ernest Gishnock, John Bidlenscik, Hilma Mullins and William Deem, individually and on behalf of those similarly situated, by and though their undersigned counsel, hereby respond to the motion of defendants Joseph B. Cox, Jr. and Joseph B. Cox, Jr., Ltd. (formerly known as Joseph B. Cox, Jr., P.C.) (the "Cox Defendants") to vacate the conditional remand order entered on September 13, 2002.[1]

Judge Weiner, whose familiarity with asbestos-related personal injury actions has repeatedly been cited and praised by this Panel, reviewed the pleadings in *Huber* and correctly

---

[1] Plaintiffs incorporate the papers they filed in support of their motion to vacate the conditional transfer order on May 28, 2002 and June 24, 2002 as if set forth in their entirety herein.

suggested that the action be remanded to its original forum because it is an action for breach of fiduciary duty and attorney malpractice, "not a direct tort claim for damages due to an asbestos personal injury."

Judge Weiner's observation, which is accurate and undisputed, is dispositive of the issue of remand, because it shows that this is not the kind of case that MDL 875 was established to accommodate.

It is undisputed that the plaintiffs in *Huber* assert claims exclusively against lawyers and law firms. The claims are not for personal injury (much less asbestos personal injury). They are for breach of fiduciary duty, conversion, fraud, professional malpractice, violation of consumer anti-fraud statutes and related misconduct. No case of this kind, in which there is neither an asbestos-manufacturer defendant nor a claim of asbestos personal injury, has been or should be retained by Judge Weiner as part of MDL 875.

The gist of *Huber* is that the defendant-lawyers settled their clients' asbestos personal injury claims in the aggregate, without disclosure to or consent from their clients, and they sometimes did so on terms that discriminated among their clients. This misconduct is compounded by the defendant-lawyers' misappropriation of settlement funds. The relief sought includes compensatory and punitive damages against the the defendant lawyers. (There is no request to void or revoke the undisclosed settlement agreements.)

The factual issues in Huber are, principally, whether the defendant-lawyers (i) notified their clients of the settlements and obtained the clients' informed consent, (ii) retained or delayed the distribution of settlement funds without authority and (iii) charged fictitious or inflated "expenses" to their clients. These are issues that bear no relation to those present in the asbestos personal injury cases of which MDL 875 is comprised.

2

The Cox Defendants seek to make much of the fact that some of the members of the putative class in *Huber* are also plaintiffs in personal injury actions that have been transferred to the MDL docket. Whether some of the 2,645 members of the putative class in *Huber* are also plaintiffs in personal injury actions consolidated before Judge Weiner -- the Cox Defendants offer no evidence of how many might be – is irrelevant. The claims in *Huber* have nothing to do with asbestos personal injury; they are directed at lawyer misconduct.

We note also that although the Cox Defendants repeatedly suggest that the undisclosed settlements are linked to the MDL, they are not, and it is notable that the Cox Defendants have not displayed to this Panel the various aggregate settlement agreements alleged in the *Huber* complaint. Not one of the aggregate settlements that is involved in the *Huber* action was reviewed or approved by Judge Weiner ***or any other judge***.

The Cox Defendants write that "once Judge Weiner begins addressing the substantive issues presented by the *Huber* matter, he will appreciate the significant impact the resolution of *Huber* will have on MDL-875." (Motion to Vacate Conditional Remand Order at 4). Judge Weiner has already reviewed the pleadings in Huber "at the request of the parties" (A copy of the Suggestion of Remand is attached as Exhibit A). He rightly observed that *Huber* is a case in which a class of 2,645 plaintiffs allege, principally, that their attorneys deceived them and converted their funds. It is not an asbestos personal injury case, and, as Judge Weiner concluded, it does not belong in MDL 875. His conclusion, based on an analysis informed by more than ten years' experience supervising the docket of MDL 875, and the conditional remand order that was issued as a result should be upheld by this Court.

Finally, we note that although this action was commenced in February 2002, the filing of the notice of tag-along in March 2002 and the subsequent proceedings before the Panel

and Judge Weiner have, as a practical matter, prevented the plaintiffs from taking any discovery in the case. We respectfully request that the Panel direct that the remand of this action to the Western District of Pennsylvania be accomplished with all deliberate speed.

## CONCLUSION

For all of the foregoing reasons, the motion of defendants Joseph B. Cox, Jr. and Joseph B. Cox, Jr. Ltd. (formerly known as Joseph B. Cox, Jr., P.C.) to vacate the Conditional Remand Order of September 13, 2002 should be denied, and this case should be remanded to the United States District Court for the Western District of Pennsylvania.

Dated: October 30, 2002
      New York, New York.

Respectfully submitted,

_____
Joseph D. Pope
Samantha L. Southall
KRONISH LIEB WEINER & HELLMAN LLP
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

Carol A. Mager
Marjory P. Albee
MAGER WHITE & GOLDSTEIN LLP
One Liberty Place, 44th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103

Alisa Carr
DORNISH & SCOLIERI, P.C.
1207 5th Avenue
Pittsburgh, Pennsylvania 15219

Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2002

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS : | |
| : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (VI) : | |

## PROOF OF SERVICE

I, Samantha L. Southall, do hereby certify that on the 30th day of October, 2002, I caused a true and correct copy of the foregoing Response to Motion to Vacate Conditional Remand Order, Brief in Support of Response to Motion to Vacate Conditional Remand Order and Schedule of Action to be served on counsel listed on the attached Panel Service List by U.S. mail, first class, postage prepaid.

The foregoing documents were also served upon the following by U.S. mail, first class, postage prepaid:

The Honorable Charles R. Weiner
United States District Court for the Eastern District of Pennsylvania
U.S. Courthouse, Room 6613
601 Market Street
Philadelphia, Pennsylvania 19106

The Honorable Donald J. Lee
United States District Court for the Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Room 916
Pittsburgh, Pennsylvania 15219

Clerk of the Court
United States District Court for the Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Room 916
Pittsburgh, Pennsylvania 15219

Samantha L. Southall

KRONISHLIEB 425887v1 10/30/2002 11:29 AM

PANEL SERVICE LIST (Excerpted from CTO-212)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

<u>Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.</u>
W.D. Pennsylvania, C.A. No. 2:02-304

Joseph J. Bellew, Esq.
Cozen & O'Connor
TheAtrium, 4th Floor
1900 Market Street
Philadelphia, PA  19103

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass, Esq.
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud, Esq.
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036

David D. Damico, Esq.
Burns, White & Hickton
2400 Fifth AvenuePlace
120 Fifth Avenue
Pittsburgh, PA  15222

Thomas C. DeLorenzo, Esq.
Marshall, Dennehey, Warner,
    Coleman & Goggin
1845 Walnut Street, 17th Floor
Philadelphia, PA  19103

Ralph A. Finizio, Esq.
Houston & Harbaugh
Two Chatham Center, 12th Floor
Pittsburgh, PA  15219

Raymond P. Forceno, Esq.
Forceno & Hannon
Philadelphia Bourse Building, Suite 100
Independence Mall East
Philadelphia, PA  19106

Ellen B. Furman, Esq.
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA  19103

Susan M. Hansen, Esq.
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN  55402

Robert A. Klein, Esq.
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA  19102

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH  44308

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

James A. McGovern, Esq.
Marshall, Dennehey, Warner,
   Coleman & Goggin
USX Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219

Ronald L. Motley, Esq.
Ness, Motely, Loadholt,
   Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

William J. O'Brien, Esq.
Conrad, O'Brien, Gellman & Rohn
1515 Market Street, 16th Floor
Philadelphia, PA 19102

Willaim J. O'Brien, Esq.
Delany & O'Brien
306 West Somerdale Road
Voorhees, NJ 08043

John J. Repcheck, Esq.
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esq.
John Roven & Associates
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster, Esq.
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman, Esq.
Selman, Breitman & Burgees
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & Spinelli
Center Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2002

FILED
CLERK'S OFFICE

Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS            :
LIABILITY LITIGATION (No. VI)       :
                                    X
This Document Relates To:           :   CIVIL ACTION NO. MDL 875
                                    :
United States District Court,       :
Western District of Pennsylvania    :      FILED  AUG 2 2 2002
                                    :
Ronald L. HUBER, et al. plaintiffs, vs. :
Joseph B. COX, Jr., et al., C.A. No. 02-CV-304 :
------------------------------------X

## SUGGESTION OF REMAND

The Court, having received correspondence relating to this case from both the plaintiffs' and defendants' counsel, has taken the opportunity to review the file in this matter. This action was initially filed March 1, 2002 in the Western District of Pennsylvania. Thereafter, the Judicial Panel on Multidistrict Litigation conditionally ordered its transfer to this Court. There was an objection to the conditional order entered by the Panel and a subsequent hearing was held. On August 9, 2002, the Panel reaffirmed its position and entered an order of final transfer to the Eastern District of Pennsylvania consolidating this case into the pretrial MDL 875 proceedings. In the interim, this Court included the HUBER case in an order of administrative dismissal dated June 18, 2002, which had the effect of setting this action aside pending further discovery and a further determination of preparedness for settlement discussions and/or trial proceedings. This order was premature as to the HUBER case as it was not effectively transferred to this Court until August 13, 2002, when the certified Panel order was docketed with this Court. The Court therefore FINDS that Its order of June 18, 2002 is VOID as to the HUBER case.

At the request of the parties, the Court has reviewed the pleadings in this action to determine whether this Court deems it appropriate for the action to remain a part of MDL 875. MDL 875 is a consolidation of all asbestos-related, personal injury lawsuits filed in the federal court system. To date, more than 105,000 such cases have been filed in the federal courts and joined into MDL 875. This does not include another 3-500,000 similar cases filed in the state courts. This Court is mindful of its responsibility to fulfill the mandate of the Panel regarding the asbestos-related, personal injury litigation, and, on many occasions this Court has assisted state court judges in resolving asbestos actions pending before them. Nonetheless, the Court is hesitant to retain jurisdiction over the HUBER case. This action is not a direct tort claim for damages due to an asbestos injury, rather it is a claim for damages on behalf of a purported class of individuals who have suffered from the alleged malpractice of their counsel in the prosecution of an asbestos personal injury case filed in the state court of Mississippi. It is that underlying claim that brings this case to the attention of the Panel and the transfer to this Court. The underlying claim was filed in Mississippi and the settlement and distribution were accomplished within the purview of the Mississippi state court. The Court therefore FINDS that there exists no basis to consolidate this case with MDL 875 as the malpractice action concerns itself with the outcome of the settlement and distribution of a state court action which was never a part of MDL 875 and never within the jurisdiction of this Court..

THE COURT SUGGESTS that the within entitled matter be REMANDED to the United States District Court for the Western District of Pennsylvania for resolution of all outstanding motions and such further action as may be deemed proper by that Court.

ENTERED
AUG 2 2 2002
CLERK OF COURT

Date: 8/22/02

BY THE COURT:

Charles R. Weiner       S. J.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS : | |
| : | MDL DOCKET NO. 875 |
| LIABILITY LITIGATION (VI) : | |

**SCHEDULE OF ACTION**

**Name of the action involved:**

Ronald L. Huber, William J. Airgood, Anthony DeFabbo, John Dinio, Ernest Gishnock, John Bidlenscik, Hilma Mullins and William Deem, individually and on behalf of those similarly situated,
    Plaintiffs,
v.

Robert G. Taylor, II, Robert G. Taylor, II P.C., Cletus P. Ernster III, George E. Cire, Jr., J. Robert Davis, Jr., Taylor & Cire, Taylor, Davis & Ernster P.C., Taylor & Ernster P.C., Robert A. Pritchard, Christopher Fitzgerald, Law Offices of Robert A. Pritchard, Pritchard Law Firm, PLLC, Joseph B. Cox, Jr., Joseph B. Cox, Jr. P.C. and Cox and Cox, L.L.P.,
    Defendants

**District Court and Division:**

United States District Court for the Western District of Pennsylvania

**Civil Action No:**

Civil Action No. 02-0304

**Judge Assigned:**

The Honorable Donald J. Lee