IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED
OCT 2 3 2002
CLERK, U.S DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | |
|---|---|
| IN RE MARVIN J. MAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | JUDICIAL PANEL ON |
| vs. ) | MULTIDISTRICT LITIGATION |
| ) Case No. 02-cv-0655-MJR | |
| A. W. CHESTERTON, INC., et al., ) | NOV 6 2002 |
| ) | FILED |
| Defendants. ) | CLERK'S OFFICE |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

This case was removed on two distinct bases -- (1) under **28 U.S.C. § 1452(a)** as "related to" the *Federal Mogul-Global* bankruptcy proceeding, pending in the District of Delaware, and (2) based on the federal officer or agency statute, **28 U.S.C. § 1442(a)(1)**. A July 31, 2002 Opinion from the United States Court of Appeals for the Third Circuit and a September 17, 2002 Order from this Court rejected the theory that the case was removable as "related to" a bankruptcy proceeding. Remaining for decision is whether this case was properly removed based on the federal officer or agency statute.

On July 31, 2002, Plaintiff May moved to remand this case to the Circuit Court of Madison County, Illinois. On August 13th, Defendant Pharmacia (referred to as "Monsanto") requested a two-month extension of the deadline for filing a memorandum opposing remand.

Monsanto urged the Court to grant the lengthy extension, because counsel was "in the process of receiving affidavits from former employees at the facility" in question (Monsanto's Mound Laboratory in Miamisburg, Ohio) who could attest to the "extent of the federal direction and

MDL-
RECOMMENDED ACTION
VACATE CTO-215 +HSO-1ACT(i)
Approved/Date: MK 11/5

Page 1 of 5

27

IMAGED NOV 7 '02
OFFICIAL FILE COPY

control over the facility and the work performed there" (Doc. 15, p. 3). Monsanto further maintained that more time was needed to locate other persons who might have relevant personal knowledge as to the amount of control exercised by the federal government at the facility (*id.*). Over the protestation of Plaintiff's counsel, the Court granted Monsanto the entire requested extension – up through October 18, 2002 – to file a memorandum opposing remand of this case to state court.[1]

One day prior to the extended deadline, Monsanto filed a motion to stay consideration of the remand motion and stay all other proceedings, pending a decision by the Judicial Panel on MultiDistrict Litigation ("MDL" Panel) as to whether to transfer this case to United States District Court for the Eastern District of Pennsylvania, for consolidated pretrial proceedings.

A Conditional Transfer Order was entered by the MDL Panel in early August 2002. Information regarding the MDL transfer has been in the Court file in this case since August 26, 2002. By letter dated August 20, 2002 which bears a "re" line of "MDL-875 – In re Asbestos Products Liability Litigation (No. VI)," the MDL Panel notified the undersigned District Judge that Plaintiff had filed pleadings opposing MDL transfer of this matter.

Assuming that Monsanto never saw the August letter, and accepting Monsanto's statement that Monsanto did not otherwise receive word of the conditional transfer until September 17th (Doc. 22 at p. 2), the Court still is puzzled as to what prevent Monsanto from earlier moving to stay this case, based on the possibility that the case would be transferred by the MDL Panel. Nonetheless, the Court can quickly resolve the issue raised in Monsanto's October 17th motion to stay.

---

[1] Plaintiff's counsel then had five days in which to file an optional reply brief.

The MANUAL FOR COMPLEX LITIGATION explains that during the pendency of a motion for transfer, the court in which an action was filed retains jurisdiction over the case and "should not automatically stay discovery..., postpone rulings on pending motions, or generally suspend further proceedings...." MANUAL FOR COMPLEX LITIGATION, Third, at 252 (1995). The MANUAL further instructs that motions to remand "may be resolved before the panel acts on the motion to transfer." Similarly, **Rule 1.5** of the RULES OF PROCEDURE OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION provides:

> The pendency of a ... conditional transfer order before the Panel ... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

Having carefully considered Monsanto's arguments for a stay of these proceedings pending a determination by the MDL Panel as to whether or not to finally transfer this case, the Court **DENIES** that motion (Doc. 22). Which brings us full circle to Plaintiff's July 31st motion to remand this case to Madison County Circuit Court. Monsanto did present a memorandum opposing remand on October 18th, along with a request for leave to *file* that memorandum, as it was 29 pages in length (well over the ten-page limit governing briefs opposing and supporting motions).[2]

Stated concisely, Monsanto asserts that removal is justified under **28 U.S.C. § 1442(a)(1)**, because Plaintiff May claims injuries from asbestos exposure which occurred at Monsanto's Mound Laboratory Facility, and Monsanto operated that facility as a United States government contractor. More specifically, the facility was under contract from 1946 to 1988 through

---

[2] Although it granted Monsanto's request to file the over-sized memorandum, the Court does not look favorably on the length of the memorandum or the smaller font used therein.

the U.S. War Department, Atomic Energy Commission, and Department of Energy (Monsanto's Memo Opposing Remand, p. 1).

Section 1442(a)(1) authorizes the removal of civil actions by the United States or any *officer* or *agency* of the United States. The officer/agency removal statute has a long history and was expanded both in the Civil War era and in 1948. The purpose of the statute is "to provide a federal forum for cases where federal officials must raise defenses arising from their official duties ... [and] to protect federal officers from interference by hostile state courts." *Mesa v. California*, **489 U.S. 121, 137 (1989)**.

In the case at bar, Monsanto reasons that the United States operated the Mound Laboratory Facility, and Monsanto acted as an instrumentality or agency of the United States in its work at that facility. Monsanto suggests that the federal government controlled the materials used at the facility, including asbestos-containing products alleged to be the cause of Plaintiff's injuries. Thus, Monsanto maintains, the federal government (through the Department of Energy) directed and approved all work performed at the facility, specifically including the construction projects which were underway at the time Plaintiff was injured.

To qualify for removal under the federal officer or agency provision, the defendant must both (1) raise a colorable federal defense and (2) establish that the suit is "for an act under color of office." ***Jefferson County v. Acker*, 527 U.S. 423, 431 (1999),** *citing Mesa v. California*, **489 U.S. at 139 (1989).** To satisfy the latter requirement, the officer must show a nexus or "causal connection between the charged conduct and asserted official authority." *Id., citing Willingham v. Morgan*, **395 U.S. 402, 409 (1969).** Monsanto agrees that it must satisfy the two prongs cited above and further concedes that it must demonstrate it is a "person" within the meaning of

Page 4 of 5

NOV-04-2002 15:45 US DISTRICT COURT P.06/06
Case MDL No. 875   Document 3771   Filed 11/06/02   Page 5 of 5

§ 1442(a)(1). *See* Monsanto's Memo Opposing Remand, p. 2, *citing Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-98 (5th Cir. 1998), *cert. denied*, 526 U.S. 1034 (1999).

The Court has carefully reviewed the extensive materials submitted on this question, keeping in mind that – as the party seeking the federal forum – Monsanto bears the burden of demonstrating the propriety of removal. *Collins v. Ralston Purina Co.*, 147 F.3d 592, 602 n.1 (7th Cir. 1998)(Rovner, J., dissenting)("The party seeking removal has the burden of establishing the jurisdiction of the district court."); *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997), *cert. denied*, 522 U.S. 1153 (1998); *County Collector v. O'Brien*, 96 F.3d 890, 895 (7th Cir. 1996); *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995).

Assuming that Monsanto was a "person acting under" a federal officer and that Monsanto has raised a colorable federal defense (the government contractor defense), the Court is *not* persuaded that Monsanto has established the requisite causal connection or nexus between the acts alleged and the official authority asserted. Stated another way, Monsanto has not shown that the federal government directed the particular activity causing May's injuries. Because it lacks subject matter jurisdiction, the Court **GRANTS** Plaintiff's July 31st motion (Doc. 9) and **REMANDS** this case to the Circuit Court of Madison County, Illinois. This remand **MOOTS** Defendant Asarco's July 31st dismissal motion (Doc. 12).

**IT IS SO ORDERED.**

DATED this 23rd day of October, 2002.

*Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

Page 5 of 5

3:02cv655 #27   Page 5/5
TOTAL P.06