Case MDL No. 875 Document 3783 Filed 11/12/02 Page 1 of 9

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



MDL 875

NOV 12 2002

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CLERK'S OFFICE
NOV - 5 2002

J.T. NOBLIN, CLERK
BY_____DEPUTY

DARRELL KING, *ET AL.*                                          **PLAINTIFFS**

VS.                                                  CIVIL ACTION NO. 1:02cv676GR

3M f/k/a MINNESOTA MINING AND
MANUFACTURING, *ET AL.*                                        **DEFENDANTS**

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [60-1] the above

referenced action to the Circuit Court of Claiborne County, Mississippi. Also pending before the

Court are plaintiffs' motions for sanctions [60-2]; and the defendant, 3M Company's [3M]

motion for extension of time to conduct discovery on the remand issue [69-1] and to stay ruling

[69-2] on the remand issue until discovery is completed. Pursuant to the Memorandum Opinion

entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [60-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified

copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, after the

expiration of ten days of the entry date of this judgment or by no earlier than November 20,

2002. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until

the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of

MDL- *875*
_____
RECOMMENDED ACTION

VACATE CTO-218 - 1 ACTION
_____
Approved/Date: ____ MR __11/12__

**OFFICIAL FILE COPY** IMAGED NOV 13 '02

PLEADING NO. 3783

RECEIVED
CLERK'S OFFICE

Claiborne County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the plaintiffs' motion for sanctions [60-2] and the defendant, 3M's motion for extension of time to conduct discovery on the remand issue [69-1] and to stay ruling [69-2] on the remand issue until discovery is completed be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 4th day of November, 2002.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
NOV - 5 2002
J.T. NOBLIN, CLERK
BY_____DEPUTY

DARRELL KING, *ET AL.*                                  PLAINTIFFS

VS.                                     CIVIL ACTION NO. 1:02cv676GR

3M f/k/a MINNESOTA MINING AND
MANUFACTURING, *ET AL.*                                  DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the plaintiffs to remand [60-1] the above referenced action to the Circuit Court of Claiborne County, Mississippi. Also pending before the Court is plaintiffs' motion for sanctions [60-2]. The defendant, 3M Company [3M], filed a motion for extension of time to conduct discovery on the remand issue [69-1] and to stay ruling [69-2] on the remand issue until discovery is completed. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

The plaintiffs filed their first amended complaint in the Circuit Court of Claiborne County, on July 11, 2002, and then issued service of process to all 120 defendants. (Mot. to Remand, p. 1.) The plaintiffs are seeking damages following alleged exposure to asbestos containing products. (Am. Compl.) The plaintiffs contend that the removal notice was not timely filed. (Mot. to Remand, p. 2.) The plaintiffs maintain that the 30-day time period for removal began as soon as the first defendant was served on July 19, 2002. (*Id.*, pp. 2-3; Exh. A.)

According to the plaintiffs, removal should have been achieved by August 19, 2002, to be timely. (*Id.*, p. 3.)

The plaintiffs further assert that timely written consent from all defendants was not obtained prior to removal. (*Id.*, p. 5.) The plaintiffs assert that the removal was defective which requires that the suit be remanded to state court. (*Id.*, p. 6.)

The joinder of parties was proper, according to the plaintiffs, because the acts of the defendants constituted a series of occurrences which ultimately resulted in injury to the plaintiffs under the allegations of the amended complaint. (*Id.*, pp. 9-16.)

The claims brought against the nondiverse defendants in this case, Komp Equipment Company [Komp] and Gulf Coast Marine Supply [Gulf Coast] are allegedly part of the same series of transactions which ultimately led to the injuries giving rise to this lawsuit, as argued by the plaintiffs. (*Id.*, p. 9.) The defendants in this case were allegedly involved in the design, manufacture, advertising, marketing, testing, defective labeling, and selling of asbestos containing products or protective products such as dust masks. (*Id.*) Plaintiffs are also seeking an award of costs and appropriate sanctions as determined by the Court. (*Id.*, p. 17.)

3M argues that the plaintiffs fraudulently joined Komp in an effort to deprive the defendants of "their rights to federal jurisdiction." (Def.'s Resp., p. 1.) According to 3M, Gulf Coast was listed as an Alabama resident in the complaint, yet charge that Gulf Coast is a Mississippi corporation in their motion to remand. (*Id.*, p. 2.) 3M maintains that neither of these parties has answered or made an appearance in this case. (*Id.*) 3M seeks an additional 60 days to conduct discovery to establish when certain defendants were served with process, if at all. (*Id.*,

2

p. 3.) 3M asserts that there is no evidence establishing returns of process in the state court record, and summons were issued as late as August 1, 2002. (*Id.*)

## Discussion

It is axiomatic that federal courts are courts of limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The burden of establishing that federal jurisdiction exists lies with the defendants because they are seeking to invoke this Court's jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In order to successfully prove that nondiverse defendants are fraudulently joined in order to defeat diversity, the removing party must demonstrate there is no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999), *reh'g denied* August 23, 1991. Any contested issues of material fact and all ambiguities are resolved in the plaintiffs' favor and against removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995); *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 879 (S.D. Miss. 1997).

In determining whether a nondiverse defendant was fraudulently joined to defeat diversity of citizenship, the Court should if necessary "pierce the pleadings" and consider summary judgment type evidence to determine if there is any reasonable basis for predicting that the plaintiffs might be able to establish Komp and Gulf Coast's liability on the pleaded claims in state court. *See LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). This is the reason that 3M requested discovery on the remand issue. Under this standard the plaintiffs "may not rest upon the mere allegations or denials of [their] pleadings." *Beck v. Texas Bd. of Dental*

3

*Examiners*, 204 F.3d 629, 633 (5th Cir. 2000). Thus, general allegations of wrongdoing and injury by the nondiverse defendant such as those in the amended complaint in this case and within the summary of the propriety of joining the plaintiffs and defendants in the motion to remand are not enough to establish that the defendant was not fraudulently joined. *See Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-2 (5th Cir. 2000). Plaintiffs must allege specific acts of wrongdoing by the in-state defendants in the complaint and submit evidence supporting these claims. *Badon*, 224 F.3d at 390. In absence of these facts, the Court cannot assume that the plaintiffs could establish the necessary facts to support their claims against the nondiverse defendants. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

I.    Fraudulent Joinder

The plaintiffs contend that each defendant or its predecessor-in-interest has been engaged in mining, processing and/or manufacturing, selling and distributing asbestos and asbestos containing products. (Am. Compl., pp. 31-32.) Plaintiffs assert that their exposure to asbestos containing products allegedly manufactured or sold by the defendants resulted in their injuries. (*Id.*) There are general allegations of wrongdoing by all defendants for failure to warn, to take precautions, to develop substitute materials, to design and manufacture, to test, and/or recall asbestos-containing products. (*Id.*, p. 34.) Specific allegations are brought against certain defendants or predecessors of those defendants, but nothing is mentioned about Komp or Gulf Coast. (*Id.*, pp. 34-47.)

The plaintiffs remand motion outlines why the plaintiffs believe that the joinder of the parties is proper under both federal and Mississippi rules of civil procedure, but nothing is specifically advanced regarding their claims against the in-state defendants. (Mot. to Remand,

4

pp. 8-16.) The plaintiffs do reaffirm the presence of two resident defendants, but do not provide

clarification of the initial identification of Gulf Coast as an Alabama resident and subsequent

assertion that it is a Mississippi resident. (Am. Compl., p. 24; Mot. to Remand, pp. 1-2.)

Accordingly, the Court concludes that the plaintiffs have failed to present adequate information

to allow for a determination that these defendants were not fraudulently joined. The Court

further finds no reason to remand the case because of the presence of these defendants in the

lawsuit.

II.      Timely Removal

         Section 1446(b) provides for circumstances in which a case may become removable due

to subsequent proceedings. The statute provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or other paper from which it may first be
> ascertained that the case is one which or has become removable, except that a case may
> not be removed on the basis of jurisdiction conferred by section 1332 of this title more
> than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

         In cases involving multiple defendants, the 30-day period begins to run as soon as the

first defendant is served with process. *Getty Oil v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262

(5th Cir. 1988); *United Plumbing & Heating Co. v. Lewis*, 113 F. Supp.2d 1041, 1042 (S.D.

Miss. 2000). The plaintiffs assert that the removal would be timely filed by August 19, 2002,

5

based on this rule. 3M filed its notice of removal on August 21, 2002. (Ct. R., Doc. 1.) The Court concludes that the removal was not timely and that plaintiffs' motion to remand should be granted.

In addition, all served defendants must join in the petition no later than 30 days from the day on which the first defendant was served. *Getty Oil*, 841 F.2d at 1263. The plaintiffs assert that timely written consent for removal was not obtained from all defendants therefore making remand proper in this case. (Mot. to Remand, pp. 3-6.) All served defendants are required to join in the removal petition no later than 30 days from the date on which the first defendant was served. 28 U.S.C. S 1446(b); *Getty Oil*, 841 F.2d at 1262-3. The plaintiffs assert that 17 defendants were served on July 19, 2002, and 84 of the defendants were served by August 19, 2002. (Mot. To Remand, p. 5.) The plaintiffs have presented copies of return receipts of service of process on several defendants dated July 19, 2002, which did not join the removal within the prescribed thirty day period. (*Id.*, Exh. A.) Particularly, the Court was unable to find a joinder filed by Owens-Illinois, Inc.; John Crane; J.T. Thorpe; ITT-Goulds Pumps; Crane Pumps and Systems, Inc.; Crane Company/Crane Valve Group; U.C. Reality Corporation; Pneumo Abex Corporation; Insul Company, Inc.; FOSECO, Inc.; and Dana Corporation. (Ct. R.)

Unless all defendants express consent to the removal in a timely fashion, the removal is defective. *In re Bethesda Mem. Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). Nominal parties need not join in a removal petition. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). To prove that a defendant is a nominal party, the removing defendants must show that there is no possibility that the plaintiffs would be able to establish a cause of action against that defendant in state court. *Farias*, 925 F.2d at 871. There has been no such

6

☑010

showing in this case.  The Court concludes that the defendants not timely joining the removal are not nominal parties and that the failure of these parties to join in the removal renders the removal defective. *Farias*, 925 F.2d at 871.  As a result, the Court finds that the plaintiffs' motion to remand should be granted.  This determination renders defendants' motion for time to conduct discovery and to stay ruling on the remand motion moot, and the Court determines that these motions should be denied.  Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and concludes that the motion for sanctions should be denied. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

## Conclusion

For the aforementioned reasons, the Court finds that the plaintiffs' motion to remand 60-1] this case to the Circuit Court of Claiborne County, Mississippi, should be granted.  The Court further concludes that the plaintiffs' motion for sanctions [60-2] and defendant 3M's motion for extension of time to conduct discovery on the remand issue [69-1] and to stay ruling [69-2] on the remand issue until discovery is completed should be denied.  A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 4th day of November, 2002.

UNITED STATES DISTRICT JUDGE

7