IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

FLOWER MANGIALARDI, et al.                  PLAINTIFFS

V.                                        CIVIL ACTION NO. 2:02CV121-B-B

HAROLD'S AUTO PARTS, INC., et al.               DEFENDANTS

### ORDER

Pursuant to the memorandum opinion issued simultaneously herewith, it is **ORDERED** and **ADJUDGED** that the plaintiffs' motion to remand is **GRANTED**, and this case is hereby remanded to the Circuit Court of Bolivar County, Mississippi.

This, the ___ day of November, 2002.

NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE

MDL- 875
RECOMMENDED ACTION
VACATE CTO-215 + HSC --- 1 ACTION
Approved/Date: MJB/ TMK 11/20/02

**OFFICIAL FILE COPY**

CIVIL ORDER BOOK
BOOK 37   PAGE(S) 115
ENTRY DATE 11/18/02
98
IMAGED NOV 21'02

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION


FILED
NOV 18 2002

FLOWER MANGIALARDI, et al.                                    PLAINTIFFS

V.                                          CIVIL ACTION NO. 2:02CV121-B-B

HAROLD'S AUTO PARTS, INC., et al.                              DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion to remand or, in the alternative, to sever. Upon due consideration of the motion, the responses thereto, and the parties' memoranda and exhibits, the court is ready to rule.

### Procedural History

This case involves asbestos-related personal injury claims brought by the plaintiffs against more than one hundred defendants in the Circuit Court of Bolivar County, Mississippi. On June 5, 2002, several defendants removed the plaintiffs' consolidated claims to this Court. The defendants asserted that the claims of at least two of the plaintiffs, John Adamson and Greely Smith, were subject to "federal enclave" jurisdiction because those plaintiffs had been allegedly exposed to asbestos during their employment at such federal enclaves as the United States Postal Service and the Tennessee Valley Authority. The other defendants joined or consented to this removal and some asserted "federal officer" jurisdiction as an additional ground for removal. The plaintiffs filed the present motion on June 20, 2002. The plaintiffs subsequently filed a motion for expedited remand of all "non-federal-question plaintiffs." The court granted the latter motion, and the claims of all but twenty-five plaintiffs were remanded to state court. A conditional transfer order from the Panel on Multi-District Litigation has been entered in this case.

97

Analysis

The plaintiffs assert that remand of the claims of all plaintiffs is proper because they have expressly disavowed any and all federal claims in paragraph eight of their original complaint and in each amended complaint filed thereafter. The following disclaimer appears in the original and each amended complaint:

> The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Mississippi defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in Bolivar County, Rosedale District.

The defendants take issue with the fact that, despite the plaintiffs' waiver, the plaintiffs plead "failure to warn" claims based in whole or in part upon alleged exposures to asbestos which occurred either within the confines of a federal enclave or due to conduct undertaken upon the direction of a federal officer. The defendants assert that such claims are removable. The plaintiffs maintain that removal is improper if the only claim is that of a failure to warn.

The Fifth Circuit has expressly held that failure to warn claims are subject to the "government contractor defense" – the defense which underpins federal officer jurisdiction in this case. *See, e.g.*, Kerstetter v. Pacific Scientific Corp., 210 F.3d 431, 435 (5th Cir. 2000). Upon proof that a manufacturer's purported failure to warn of a product's hazards was the result of government control or direction, a related failure to warn claim is subject to both the government contractor defense and the federal officer removal statute. Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 399-400 (5th Cir. 1998). It is, nevertheless, unnecessary for this court to apply the test for federal officer removal in this case or to determine whether the defendants have a colorable federal defense and have, therefore,

2

properly removed this action. The court finds that the plaintiffs have waived all federal claims; therefore, the case should be remanded. It should be emphasized, however, that remand in this case rests upon the plaintiffs' complete waiver and disavowal of all federal claims, including all failure to warn claims based in whole or in part upon federal asbestos exposure. Any future attempt by plaintiffs to reassert such federal-exposure-based claims would immediately render this case once again subject to removal.

Further, though work histories for the twenty-five remaining plaintiffs indicate a possibility of federal exposure, there is no compelling evidence in the record to show that these plaintiffs were actually exposed to asbestos at federal enclaves. While the court acknowledges that discovery is incomplete at this point, the factual question of federal exposure is rendered inconsequential in light of the plaintiffs' complete waiver and disavowal of all federal claims. If the plaintiffs are later found to have suffered federal exposure, they will not be allowed to bring those claims, as the claims are being waived for all time and before all courts.

Since the plaintiffs have stipulated that they will not pursue any federal claims, should any of these plaintiffs' alleged injuries be proven at trial to have resulted from federal exposure, the fact-finder is precluded from considering those injuries in the calculation of damages. Just as a plaintiff who stipulates damages in an amount less than $75,000 to avoid diversity jurisdiction cannot later claim greater damages in state court, the plaintiffs in the present case cannot now disclaim their federal causes of action and later argue damages caused by federal exposure.

Courts throughout the Fifth Circuit and this state have ruled that a plaintiff may defeat removal to the federal courts by disavowing claims which give rise to federal jurisdiction. *See, e.g.*, Caldwell v. American Home Products Corp., 210 F. Supp. 2d 809 (S.D. Miss. 2002); Walker v. Atwood Chevrolet-Olds, Inc., 189 F. Supp. 2d 594 (S.D. Mississippi 2001); Hardmon v. City of Clarksdale, No.

2:97CV32-S-B, 1998 WL 378380 (N.D. Miss. May 21, 1998). This court finds that the plaintiffs in the present case have effectively waived their federal claims now and forever and have thereby defeated removal.

### Conclusion

For the forgoing reasons, the Court finds that the plaintiffs' motion to remand is well-taken and shall be granted. An order will issue accordingly.

This, the ____ day of November, 2002.

NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE