MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 25 2002

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH - CENTRAL DIVISION

FILED U.S. DISTRICT COURT
12 NOV 02 PM 3: 42
DISTRICT OF UTAH
BY:
DEPUTY CLERK

| | |
|---|---|
| GEORGE ABBOTT and CAROLYN ABBOTT, <br><br> Plaintiffs, <br><br> vs. <br><br> ASBESTOS DEFENDANTS, <br><br> Defendants. | **MEMORANDUM OPINION AND ORDER** <br><br> Case No. 2:02-CV-715 DB <br><br> Judge Dee Benson |



## I. INTRODUCTION

By Order dated October 17, 2002, the Court consolidated 149 cases under the above-captioned case number solely for the purpose of considering plaintiffs' consolidated Motion to Remand and defendants' Motion to Strike. The cases to which this Order pertains are listed in the attached Appendix A. The Court refers collectively to all plaintiffs and defendants of all 149 cases herein as "plaintiffs" and "defendants" respectively. Having considered the parties' written and oral arguments on the pending motions, and the relevant law, the Court issues the following Opinion and Order.

## II. BACKGROUND

The 149 cases at issue were filed in State court on August 28, 2001. Defendant Owens-Illinois, Inc. ("Owens-Illinois") received plaintiffs' Complaint and Summons in each case on March 15, 2002. Plaintiffs' complaint did not state how much plaintiffs were seeking in damages. By letter on June 18, 2002, Owens-Illinois asked plaintiffs to stipulate that the damages sought in

OFFICIAL FILE COPY  IMAGED NOV 27 '02   37

the action were less than the diversity jurisdictional amount and indicated that if plaintiffs did not respond, defendants would assume plaintiffs were not willing to so stipulate. Alternatively, Owens-Illinois served plaintiffs with a request for admission that the damages sought by plaintiffs exceeds $75,000. Plaintiffs did not respond to the stipulation request and, on July 17, 2002, objected to the request for admission.[1] Finally, on July 26, 2002, Owens-Illinois removed 148 of the 149 cases to this Court. In the case of *Louis Arlo Luke and Claudia Luke v. Asbestos Defendants* (case no. 2:02-CV-00928) ("the Luke case"), Owens-Illinois filed its Notice of Removal on August 14, 2002. The Notice of Removal in all cases referred to plaintiffs' lack of response to the stipulation letter and plaintiffs' objection to the request for admission. In addition, the Notice of Removal relied on historical evidence of money damages recovered in asbestos cases throughout the country to prove the amount in controversy exceeded the jurisdictional amount required by 28 U.S.C. § 1332(a). On August 16, 2002, plaintiffs filed their motion to remand. Defendants collectively opposed the motion and subsequently filed their motion to strike.

In every case except the Luke case, all named defendants timely joined in Owens-Illinois' Notice of Removal. In the Luke case, defendant Westinghouse Electric Corp. (n/k/a Viacom,

---

[1] Defendants' request for admission asked plaintiffs to "[a]dmit that Plaintiff(s) . . . seek damages which exceed the jurisdictional amount pursuant to 28 U.S.C. § 1332(a) or $75,000.00." In response, plaintiffs objected to the request as "vague and ambiguous and incapable of an accurate response [because] the admission request does not state whether it seeks the total damages of all Defendants or those sought only as to Defendant Owens-Illinois, Inc." Plaintiffs cite two other bases for their objection in their reply brief. "First, the request is ambiguous as to whether it seeks information relating to the claim of each plaintiff, or the combined claims of all plaintiffs. Second, the request is unclear whether it is asking if the damages sought (a) exceed 'the jurisdictional amount pursuant to 29 U.S.C. § 1332(a)' or (b) were exactly $75,000."

Inc.) ("Westinghouse") filed its joinder in the Notice of Removal on October 3, 2002, and defendant Ingersoll-Rand, Inc. ("Ingersoll") has presently not joined in the Notice of Removal. On October 7, 2002, plaintiffs filed an objection to Westinghouse's joinder and consent in the Notice of Removal.

On August 28, 2002, the Multidistrict Litigation Panel ("MDL") issued a Conditional Transfer Order ("CTO") to transfer all of the present cases to the MDL-designated district court. Plaintiffs are currently challenging the propriety of the CTO. In a letter dated September 12, 2002, the MDL informed the District Court that

> "the pendency of a . . . conditional transfer order . . . before the Panel concerning transfer or remand of an action . . . does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."

In addition, the MDL encouraged this Court to rule on pending motions, particularly motions to remand, unless the Court finds the motion presents issues likely to arise in the transferee court, should the MDL order transfer. The procedural issues presented by the motions before the Court are not unique to asbestos litigation, and are not the type that are best decided by the transferee court. Accordingly, the Court declines defendants' invitation to suspend decision on the present motions until the MDL reaches a decision regarding transfer.

### III. DISCUSSION

*Motion to Strike*

In their Motion to Strike, defendants allege that plaintiffs made false and improper statements in their reply memorandum in support of plaintiffs' Motion to Remand. First, defendants ask the Court to strike plaintiffs' assertion that "the MDL has stayed its conditional

3

transfer order pending resolution of plaintiffs' Motion to Remand." The Court finds the statement to be inaccurate. The letter from the MDL to this Court makes it clear that the MDL is proceeding with consideration of the CTO, and that this Court may choose to decide plaintiffs' Motion to Remand or suspend decision pending the MDL's transfer decision. Therefore, the Court strikes this portion of plaintiffs' reply memorandum.

Next, defendants ask the Court to strike plaintiffs' allegation that "Owens-Illinois' Notice of Removal did not contain an explanation for the absence of co-defendants." Having reviewed the record, the Court finds this statement to be an acceptable argument. There is nothing improper about plaintiffs' argument that defendants did not adequately explain the absence of co-defendants in the Notice of Removal. Defendants are free to contest the allegation and argue to the contrary. The Court does not make a finding of fact with respect to this statement, but only finds that the statement was not improper. Accordingly, the Court will not strike this portion of plaintiffs' reply memorandum.

*Motion to Remand*

Removal statutes should be construed narrowly, and uncertainties ought to be resolved in favor of remand. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). A party's "[f]ailure to comply with . . . express statutory requirements for removal can fairly be said to render the removal 'defective' and justify remand." *Huffman v. Saul Holdings LTD. Partnership*, 194 F.3d 1072, 1077 (10th Cir. 1999). Plaintiffs' Motion to Remand turns on two basic inquiries. First, the Court must determine whether the Notice of Removal was timely. If the Notice of Removal was timely, the Court must determine whether the Notice of Removal sufficiently establishes that the amount in controversy exceeds $75,000. With regard to

timeliness, 28 U.S.C. § 1444(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . If the case as stated in the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except a case may not be removed on the basis of [diversity jurisdiction] more than 1 year after commencement of the action.

The timeliness issue turns on when the 30 day limitations period began, or in other words, when the defendants were first put on notice that plaintiffs' case was removable. Plaintiffs argue that the 30 day period either began on the day defendants received plaintiffs' complaint and summons, or it has not yet begun. According to plaintiffs, the substantive evidence cited by defendants in the Notice of Removal to establish the amount in controversy exceeds $75,000 was in defendants' possession at the time defendants received the complaint on March 15, 2002. That is, the information relied on in the Notice of Removal is historical information of monetary damages recovered in past asbestos litigation, which was widely available to defendants at the time they were served with plaintiffs' complaint. If such information, together with plaintiffs' complaint, is sufficient to establish the requisite amount in controversy, the 30 days began on receipt of the complaint. Therefore, defendants' Notice of Removal was untimely filed on July 26, 2002, some 100 days after receipt of the complaint. Alternatively, if the information in the Notice of Removal is not sufficient to establish the amount in controversy, the 30 day period has not yet started, and the 1 year limitations period to remove diversity cases, which expired August 28, 2002, prevents future removal. Under either scenario, remand is required.

In contrast, defendants argue the 30 day period did not begin on receipt of the complaint

because the complaint itself did not contain information sufficient to establish the amount in controversy. In order to determine whether the case was removable, defendants sought a stipulation or an admission by plaintiffs that the amount in controversy was either greater than or less than $75,000. Based on plaintiffs' non-response to the stipulation and objection to the admission request, defendants filed the Notice of Removal. Defendants contend that the 30 day period began when plaintiffs refused to stipulate and when defendants received plaintiffs' objection to the admission request on July 17, 2002, because that is the first time there existed an "other paper" intrinsic to the case that led defendants to believe the case was removable. Although the Notice of Removal relies on past asbestos litigation, it also cites the objection to the request for admission and the refusal to stipulate. Based on the date defendants received the intrinsic "other paper," the Notice of Removal was within the 30 day period.

The Court agrees with defendants on this issue. A straightforward reading of the statute, and case law, indicates that the 30 day limitations period cannot start to run until something intrinsic to the case, whether a "pleading, motion, order, or other paper," is received by defendants, even if defendants reasonably believe the case is removable before that time. As stated earlier, the statute should be construed narrowly. The reference to a pleading, order, or "other paper," which begins the 30 day time limitation, cannot be read broadly enough to cover information solely extrinsic to the case. In other words, while extrinsic information may be used in a notice of removal, it cannot be the sole basis for triggering the statutory 30 day time limit.

The Tenth Circuit has stated that there must be "clear and unequivocal notice from the pleading itself, or a subsequent 'other paper' such as an interrogatory" before the 30 day period begins to run. *Akin v. Ashland Chem.*, 156 F.3d 1030, 1036 (10th Cir. 1998). It is not enough

6

"that a reasonably qualified attorney could have ascertained from their initial pleading that potential damages exceeded the statutory amount." *Huffman*, 194 F.3d at 1077. Indeed, "[t]he intent of the statute is to 'make sure that a defendant has an opportunity to assert the congressionally bestowed right to remove upon being given notice in the course of the case that the right exists.'" *Id.* The removal period will not begin until the defendant is able to intelligently ascertain removability without mere guessing. *Id.* at 1078.

The initial pleading in this case, plaintiffs' complaint, did not contain sufficient evidence by itself to provide notice of removability, regardless of defendants' belief, based on damages awarded in past asbestos litigation, that the amount in controversy likely exceeded the jurisdictional amount. The "relevant test is not what the defendants purportedly knew, but what the documents said." *Foster v. Mutual Fire, Marine & Inland Ins. Co.*, 986 F.2d 48, 54 (3rd Cir. 1993). The district court in *Sprague v. American Bar Ass'n*, 166 F.Supp. 2d 206, 209 (E.D.Pa. 2001) rejected plaintiff's argument that the defendants should have known the value of the plaintiff's libel action based on other recent libel cases in Pennsylvania. That court stated that "the value of other Pennsylvania libel actions is irrelevant to" the question of when defendants were put on notice of removability. Here, the Court likewise finds that the information of past asbestos litigation is not relevant to the inquiry of when the 30 day period was triggered. Thus, defendants were not on statutory notice of removability at the time they were served with the complaint and summons.

A plaintiff's failure to respond to a stipulation request may be sufficient intrinsic evidence that can trigger the 30 day time limit and substantively support the claim that the amount in controversy exceeds $75,000. *See Raucci v. Wal-Mart Stores, Inc.*, 2000 WL 876887 (E.D. Pa.

7

June 26, 2000). Courts may consider a plaintiff's refusal to stipulate or admit that the amount in controversy meets or exceeds the jurisdictional amount in determining whether the defendants have sufficiently established the amount in controversy requirement. *See Hanna v. Miller*, 163 F.Supp. 2d 1302, 1306 (D. N.M. 2001). Plaintiffs in the present case refused defendants' offer to stipulate. They also objected to defendants' request for admission, which by any reasonable standard appears to be nothing more than an attempt to avoid directly answering defendants clear request for plaintiffs to admit the total amount sought in this case exceeds $75,000. Therefore, the Court finds that defendants were justified in relying on plaintiffs' refusal to stipulate and plaintiffs' objection to the admission request as the first intrinsic "other paper" from which defendants could "intelligently ascertain removability." *Huffman*, 194 F.3d at 1078. Consequently, the 30 day removal period did not begin until July 17, 2002, and defendants' Notice of Removal was timely filed.

The Court disagrees with plaintiffs' alternative argument that defendants have not presented sufficient evidence to establish the amount in controversy exceeds $75,000. It is true that plaintiffs never directly admitted or stipulated to the amount of damages in this case. However, to allow plaintiffs to avoid removal by refusing to directly respond to requests for admission, stipulation requests, and interrogatories, while continuing to assert their contradicting arguments of timeliness and insufficient evidence, would subvert the purpose of the removal statute. The notice of removability "should not be one which may have a double design." *Id.* To allow remand in this case would encourage future plaintiffs to refuse to respond to any and all discovery requests regarding issues of removability in an attempt stall the filing of a notice of removal, knowing they can argue either untimeliness or insufficient evidence against the notice of

8

removal once it is filed.

The Court finds that defendants' Notice of Removal sufficiently establishes that the amount in controversy in this case exceeds the statutory amount of $75,000. Plaintiffs' refusal to stipulate that damages sought are below $75,000 and plaintiffs' refusal to admit that damages sought exceed $75,000 support the Court's finding. In addition, the evidence of past recoveries in asbestos cases is compelling evidence that the amount in controversy here is in excess of $75,000. Taken together, the evidence presented in defendants' Notice of Removal is sufficient to establish that the amount in controversy exceeds the required minimum set forth in 28 U.S.C. § 1332(a).

Finally, it is irrelevant that defendants waited over two months before seeking a stipulation or admission from plaintiffs. The Tenth Circuit does not "impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Id.* (emphasis in original).

*Non-Joining Defendants in the Luke Case*

Plaintiffs argue that the Notice of Removal in the Luke case is procedurally defective because Westinghouse's joinder was untimely and Ingersoll has never joined in the Notice of Removal. Defendants argue that plaintiffs' waived their right to object to Westinghouse's untimely joinder, and that Ingersoll is excused from joining the Notice of Removal as a nominal defendant. Pursuant to established case law, the Notice of Removal in this case will be found procedurally defective if the Court finds that either Westinghouse untimely joined, or that Ingersoll is not excused from its failure to join.

"It is well established that all defendants in a multi-defendant case must join in the petition for removal." *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D.Utah 1995). Each defendant must join in the Notice of Removal within the 30 day period granted for filing the notice of removal. *Id.* Unquestionably, Westinghouse failed to timely join in the Notice of Removal, having filed it about 50 days after the Notice of Removal was filed. Defendants argue that Westinghouse's eventual joinder cures the procedural defect because plaintiffs failed to timely object.

Defendants are correct that failure to timely join a notice of removal can be cured, absent a timely objection. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653-54 (7th Cir. 1998). However, plaintiffs' objection to Westinghouse's joinder was not untimely in this case. According to 28 U.S.C. § 1447(c), a motion to remand claiming procedural defect in the notice of removal must be filed within 30 days after the Notice of Removal was filed. Without question, plaintiffs filed their motion to remand within that time period. Defendants argue that plaintiffs' failure to raise the issue of Westinghouse's untimely joinder in the initial filing of the motion, or within 30 days of the filing of the Notice of Removal, constitutes a waiver of the right to later raise that issue. The statute does not require every procedural defect to be raised in the initial filing of the motion to remand. In fact, plaintiffs could not know of Westinghouse's untimely joinder until the deadline to join had expired on September 13, 2002. Plaintiffs filed their objection to Westinghouse's joinder on October 7, 2002, 4 days after Westinghouse attempted to join the Notice of Removal, and within 30 days of Westinghouse's deadline to join. This cannot reasonably be considered untimely. Accordingly, the Court finds that plaintiffs timely objected to

Westinghouse's untimely joinder in the Notice of Removal, and Westinghouse failed to cure that procedural defect.

Although the general rules require all defendants to join in a notice of removal, "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970). Defendants argue that Ingersoll's failure to join the Notice of Removal does not render the Notice of Removal defective because Ingersoll is a nominal party. This argument carries little weight. Defendants have not provided any evidence to show that Ingersoll is a nominal party, other than Owens-Illinois' speculation that Ingersoll may have been joined as a defendant solely to destroy federal jurisdiction. Nothing in the record indicates that Ingersoll is any different than the other defendants named in the case. Accordingly, the Court finds Ingersoll's failure to join the Notice of Removal renders it procedurally defective. Based on that finding, or alternatively on the fact that Westinghouse failed to timely join, the Court finds the Notice of Removal in the Luke case is defective, and remand is appropriate. *See Huffman*, 194 F.3d 1072 at 1077 (failure to comply with statutory requirements for removal renders removal defective and justifies remand).

## IV. CONCLUSION

For the reasons stated above, the Court hereby GRANTS plaintiffs' motion to remand in the case of *Louis Arlo Luke and Claudia Luke v. Asbestos Defendants* (case no. 2:02-CV-00928). The Court also GRANTS plaintiffs' motion for reasonable costs and attorney's fees associated with the removal of case no. 2:02-CV-00928. In all other cases consolidated herein, the Court

hereby DENIES plaintiffs' motion to remand and DENIES plaintiffs' motion for costs and attorney's fees. Finally, the Court GRANTS IN PART and DENIES IN PART defendants' motion to strike. The Court STRIKES the sentence "<u>Furthermore, the MDL has stayed its conditional transfer order pending resolution of Plaintiffs' Motion to Remand</u>" from plaintiffs' reply memorandum in support of their motion to remand. IT IS SO ORDERED.

DATED this 12th day of November, 2002.

*[signature]*
Dee Benson
United States District Judge

kam

United States District Court
for the
District of Utah
November 13, 2002

* * CERTIFICATE OF SERVICE OF CLERK * *

Re:   2:02-cv-00715

True and correct copies of the attached were either mailed, faxed or e-mail by the clerk to the following:

    David B. Watkiss, Esq.
    BALLARD SPAHR ANDREWS & INGERSOLL
    201 S MAIN STE 600
    SALT LAKE CITY, UT   84111-2215
    JFAX 9,5313001

    Mr. Mark J Williams, Esq.
    PLANT WALLACE CHRISTENSEN & KANELL
    136 E S TEMPLE STE 1700
    SALT LAKE CITY, UT   84111-2970
    JFAX 9,5319747

    Mr. Joseph J. Joyce, Esq.
    STRONG & HANNI
    9 EXCHANGE PLACE STE 600
    SALT LAKE CITY, UT   84111
    JFAX 9,3232090

    Mr. Andrew M Morse, Esq.
    SNOW CHRISTENSEN & MARTINEAU
    10 EXCHANGE PLACE
    PO BOX 45000
    SALT LAKE CITY, UT   84145-5000
    EFAX 9,3630400

    Melinda A. Morgan, Esq.
    RICHARDS BRANDT MILLER & NELSON
    50 S MAIN ST STE 700
    PO BOX 2465
    SALT LAKE CITY, UT   84110
    JFAX 9,5325506

    Laurie Kirkpatrick Anger, Esq.
    MORGENSTEIN & JUBELIRER
    ONE MARKET
    SPEAR ST TOWER 32ND FL
    SAN FRANCISCO, CA   94105

    Bruce A. Wagman, Esq.
    MORGENSTEIN & JUBELIRER

ONE MARKET
SPEAR ST TOWER 32ND FL
SAN FRANCISCO, CA   94105

Ms. Elizabeth S Conley, Esq.
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT   84145-0898
EMAIL

D. Matthew Moscon, Esq.
STOEL RIVES LLP
201 S MAIN ST STE 1100
SALT LAKE CITY, UT   84111-4904
JFAX 9,5786999

Todd S. Winegar, Esq.
201 S MAIN STE 900
PO BOX 353
SALT LAKE CITY, UT   84110

Peter McKenna, Esq.
SKADDEN ARPS SLATE MEAGHER & FLOM
FOUR TIMES SQUARE
NEW YORK, NY   10036

Mr. Paul H Matthews, Esq.
PAUL H MATTHEWS & ASSOCIATES
10 W BROADWAY STE 700
SALT LAKE CITY, UT   84101-2060

Sherman Ames, Esq.
NESS MOTLEY LOADHOLT RICHARDSON & POOLE
28 BRIDGESIDE BLVD
PO BOX 1792
MT PLEASANT, SC   29465

Brent O. Hatch, Esq.
HATCH JAMES & DODGE
10 W BROADWAY STE 400
SALT LAKE CITY, UT   84101
JFAX 9,3636666

Mr. Peter W. Billings Jr, Esq.
FABIAN & CLENDENIN
215 S STATE STE 1200
PO BOX 510210
SALT LAKE CITY, UT   84151
JFAX 9,5962814

Mr. David M Connors, Esq.
LEBOEUF LAMB GREENE & MACRAE LLP
136 S MAIN ST STE 1000
SALT LAKE CITY, UT   84101
JFAX 9,3598256

Mr. Bryon J Benevento, Esq.
SNELL & WILMER LLP
15 W SOUTH TEMPLE STE 1200

GATEWAY TOWER W
SALT LAKE CITY, UT   84101
JFAX 9,2571800

Michael J. Beck
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
THURGOOD MARSHALL FEDERAL JUDICIARY BLDG
ONE COLUMBUS CIRCLE NE
RM G-255 NORTH LOBBY
WASHINGTON, DC   20002-8004

## APPENDIX A

**Plaintiff:**                **Case No.:**

| Plaintiff | Case No. |
|---|---|
| Abbott | 2:02-CV-00715 |
| Adamson | 2:02-CV-00716 |
| Agnast | 2:02-CV-00717 |
| Anderson Estate | 2:02-CV-00718 |
| Anderson (Gloyd) | 2:02-CV-00719 |
| Anderson (Vearl) | 2:02-CV-00720 |
| Baird | 2:02-CV-00721 |
| Baird Estate | 2:02-CV-00722 |
| Barney | 2:02-CV-00723 |
| Bascom | 2:02-CV-00724 |
| Baxter | 2:02-CV-00725 |
| Beckstead | 2:02-CV-00726 |
| Bell | 2:02-CV-00727 |
| Bench | 2:02-CV-00728 |
| Benson | 2:02-CV-00729 |
| Biggs | 2:02-CV-00730 |
| Bowden | 2:02-CV-00731 |
| Bowen | 2:02-CV-00732 |
| Bowers | 2:02-CV-00733 |
| Bowman | 2:02-CV-00734 |
| Brace | 2:02-CV-00735 |
| Bradford | 2:02-CV-00736 |
| Breisch | 2:02-CV-00737 |
| Brereton | 2:02-CV-00738 |
| Brown | 2:02-CV-00739 |
| Bullock Estate | 2:02-CV-00740 |
| Carter (Norman) | 2:02-CV-00741 |
| Carter (Roy) | 2:02-CV-00742 |
| Carter (William) | 2:02-CV-00743 |
| Chamberlain | 2:02-CV-00744 |
| Chipman | 2:02-CV-00745 |
| Christensen Estate | 2:02-CV-00746 |
| Christensen (Richard) | 2:02-CV-00747 |
| Cobbley | 2:02-CV-00748 |
| Colledge (Cecil) | 2:02-CV-00749 |
| Colledge (Ivan) | 2:02-CV-00750 |
| Cox | 2:02-CV-00752 |
| Curtis | 2:02-CV-00753 |
| Davies | 2:02-CV-00754 |

| | |
|---|---|
| Davis (Wilford) | 2:02-CV-00755 |
| Davis (Dean) | 2:02-CV-00756 |
| Davis (Glen) | 2:02-CV-00757 |
| Deul | 2:02-CV-00758 |
| Diaz | 2:02-CV-00759 |
| Dibello | 2:02-CV-00760 |
| Downey | 2:02-CV-00761 |
| Duckworth | 2:02-CV-00762 |
| Dunn | 2:02-CV-00763 |
| Durrant | 2:02-CV-00764 |
| Edwards (Guy) | 2:02-CV-00773 |
| Edwards Estate | 2:02-CV-00774 |
| Ellison | 2:02-CV-00775 |
| Fautin | 2:02-CV-00776 |
| Fletcher | 2:02-CV-00777 |
| Frederick | 2:02-CV-00778 |
| Frederickson | 2:02-CV-00779 |
| Freeman | 2:02-CV-00780 |
| Furrow | 2:02-CV-00781 |
| Garrick | 2:02-CV-00782 |
| Gasser | 2:02-CV-00783 |
| Goodman | 2:02-CV-00784 |
| Gourley | 2:02-CV-00785 |
| Graves | 2:02-CV-00786 |
| Gray | 2:02-CV-00787 |
| Greene | 2:02-CV-00788 |
| Hansen (Alvin) | 2:02-CV-00789 |
| Hansen (Don) | 2:02-CV-00790 |
| Hansen (Kenneth) | 2:02-CV-00791 |
| Harris | 2:02-CV-00792 |
| Heaps | 2:02-CV-00793 |
| Hill | 2:02-CV-00794 |
| Hone | 2:02-CV-00795 |
| Howa | 2:02-CV-00796 |
| Howell | 2:02-CV-00797 |
| Jensen (Donald) | 2:02-CV-00798 |
| Jensen (Stanley) | 2:02-CV-00799 |
| Johnson (Duwayne) | 2:02-CV-00800 |
| Johnson (Jay) | 2:02-CV-00801 |
| Johnson (Robert) | 2:02-CV-00802 |
| Jones (Don) | 2:02-CV-00803 |
| Jones (Jack) | 2:02-CV-00804 |
| Jones (Ted) | 2:02-CV-00805 |

| | |
|---|---|
| Kemp | 2:02-CV-00806 |
| Knuteson | 2:02-CV-00807 |
| Kocherhans | 2:02-CV-00808 |
| Kolan | 2:02-CV-00809 |
| Lemmon | 2:02-CV-00810 |
| Lewwellyn | 2:02-CV-00811 |
| Lewis | 2:02-CV-00812 |
| Luke | 2:02-CV-00928 |
| Marshall | 2:02-CV-00813 |
| Martinez (Delfindo) | 2:02-CV-00814 |
| Martinez (John) | 2:02-CV-00815 |
| McArthur Estate | 2:02-CV-00816 |
| McConnell | 2:02-CV-00817 |
| McKinnon | 2:02-CV-00818 |
| Mecham (James) | 2:02-CV-00819 |
| Mecham (Keith) | 2:02-CV-00820 |
| Merrick | 2:02-CV-00821 |
| Miller Estate | 2:02-CV-00822 |
| Moore | 2:02-CV-00823 |
| Nedesky | 2:02-CV-00824 |
| Nelson (Alfred) | 2:02-CV-00825 |
| Nelson (George) | 2:02-CV-00826 |
| Nelson (Gary) | 2:02-CV-00827 |
| Nelson (Ray) | 2:02-CV-00828 |
| Openshaw | 2:02-CV-00829 |
| Orr Estate | 2:02-CV-00830 |
| Oryall Estate | 2:02-CV-00831 |
| Pace | 2:02-CV-00832 |
| Parker (Lewis) | 2:02-CV-00833 |
| Parker (Warren) | 2:02-CV-00834 |
| Perez | 2:02-CV-00835 |
| Peterson | 2:02-CV-00836 |
| Porter | 2:02-CV-00837 |
| Poulsen | 2:02-CV-00838 |
| Rasmussen (Leonard) | 2:02-CV-00839 |
| Rasmussen (Manasseh) | 2:02-CV-00840 |
| Ratos | 2:02-CV-00841 |
| Reeves | 2:02-CV-00842 |
| Reid | 2:02-CV-00843 |
| Richan | 2:02-CV-00844 |
| Robison | 2:02-CV-00845 |
| Saxey | 2:02-CV-00846 |
| Sessions | 2:02-CV-00847 |

| | |
|---|---|
| Shepherd | 2:02-CV-00848 |
| Slick | 2:02-CV-00849 |
| Smith | 2:02-CV-00850 |
| Spencer | 2:02-CV-00851 |
| Stanton | 2:02-CV-00852 |
| Stott Estate | 2:02-CV-00853 |
| Strong | 2:02-CV-00854 |
| Taylor (Edwin) | 2:02-CV-00855 |
| Taylor (Jack) | 2:02-CV-00856 |
| Taylor (Raymond) | 2:02-CV-00857 |
| Tomlinson | 2:02-CV-00858 |
| Turnip | 2:02-CV-00859 |
| Tuttle | 2:02-CV-00860 |
| Vest | 2:02-CV-00861 |
| Vincent | 2:02-CV-00862 |
| Vosnos (Louis) | 2:02-CV-00863 |
| Vosnos (Steve) | 2:02-CV-00864 |
| Walker | 2:02-CV-00865 |
| Watkins | 2:02-CV-00866 |
| Webb | 2:02-CV-00867 |
| Weeks | 2:02-CV-00868 |
| Weyland | 2:02-CV-00869 |
| Williams | 2:02-CV-00870 |
| Zahler | 2:02-CV-00871 |