JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 9 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: MDL Docket # 875 – Asbestos Products Liability Litigation (No. VI)**

TO:      **VIA OVERNIGHT DELIVERY**

          **MICHAEL J. BECK, CLERK OF THE PANEL**
          **ONE COLUMBUS CIRCLE, N.E.**
          **THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING**
          **ROOM G-255 NORTH LOBBY**
          **WASHINGTON, D.C.  20002-8004**

*Lucille W. Evers, et al. v. AC&S, et al., S.D. Mississippi, C.A. Number 1:02-708*

**PLAINTIFFS' CONSOLIDATED MOTION TO VACATE CONDITIONAL TRANSFER ORDER 219 AND BRIEF IN SUPPORT THEREOF**

**COME NOW** the Plaintiffs, by and through undersigned counsel, and file this their Motion to Vacate Conditional Transfer Order 219 and Brief in Support Thereof, and respectfully request that the Conditional Transfer Order be vacated in this case, and stay any further consideration of transfer pending resolution of a Motion for Remand, and in support thereof would respectfully show unto the Panel the following:

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2002 NOV 29  A 10: 46

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY   IMAGED DEC 2 '02

## I.

## FACTS AND RELEVANT PROCEDURAL HISTORY

1.

This cause of action was originally filed in the Circuit Court of Jones County, Mississippi. The case consists of Plaintiffs who alleged exposure to asbestos and suffered asbestos related injuries and illnesses.  Subsequently, the Defendants removed this cause to the United States District Court for the Southern District of Mississippi alleging that one (1) Plaintiff, William Readous, an Alabama resident, was fraudulently joined in this action because he did not allege exposure in Mississippi or to products manufactured or distributed by any of the Mississippi defendants.  The Plaintiffs filed an Emergency Motion to Remand and Brief in Support of Remand which is presently pending before the Honorable Walter J. Gex, III, United States District Judge.  A copy of the Emergency Motion to Remand and Brief in Support of Remand are attached hereto as Exhibit A.

2.

The Plaintiffs moved for the remand of the above-referenced actions to the Circuit Court of Jones County on the basis that there is incompelete diversity due to the presence of a defendant who is a citizen of the same state as a plaintiff.  Therefore, there is no basis for federal jurisdiction. The present Motion to Remand has not been ruled upon and Plaintiffs have requested an expedited ruling.

## II.

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND STAY ANY FURTHER CONSIDERATION OF TRANSFER PENDING RESOLUTION OF MOTION FOR REMAND

1.

A Conditional Transfer Order was entered by the Clerk of the Panel on October 29, 2002. Plaintiffs timely submitted their Notice of Opposition to the Transfer of the above referenced cases.

2.

Plaintiffs respectfully request the Conditional Transfer Order (CTO-219) be vacated and further consideration of transfer stayed for the following reasons:

A.      The Plaintiffs are confident in their position that the transferor Court lacks jurisdiction over the above referenced cases.  Although the Plaintiffs are aware that the Judicial Panel is capable of deciding remand issues, all issues relating to remand have been presented and are properly before the transferor Court for determination at this time;

B.      The interest of judicial economy requires the Judicial Panel stay any transfer of the above-referenced cases pending the transferor Court's ruling on the Plaintiffs' Motion to Remand.  As the Judicial Panel has recognized, a request for transfer does not remove the transferor Court's authority to conduct proceedings and rule upon motions for remand.  As all briefing relating to the remand issues is complete, it would be a waste of judicial resources to transfer this action at this time without allowing the transferor Court to complete its consideration of the remand issue before it.  Should the transferor Court rule in favor of remand, the complex and prolonged use of judicial resources and attorney involvements related to a transfer to Multidistrict Litigation will be avoided;

C.      There is no prejudice in staying the decision to transfer this action to Multidistrict Litigation. Allowing the transferor Court to rule upon a remand issue will avoid the need for consideration of this same issue by the Judicial Panel, and may avoid further federal proceedings altogether if the transferor Court rules in favor of remand.

### III.

### AUTHORITIES AND ARGUMENT

**Defendants request for transfer is for the motive of delaying
the proper remand of this action to state court**

1.

The Defendants in the above-referenced actions improperly removed these cases to Federal Court on the basis of diversity jurisdiction, despite the presence of a defendant who is a citizen of the same state as a plaintiff, which destroys complete diversity and, therefore, federal question jurisdiction.

2.

For these reasons, and others set out in Plaintiffs' briefs to the transferor court, the Plaintiffs are confident the Defendants' removal is improper. This Court has recognized occasions where parties have attempted to use a transfer to Multidistrict Litigation to manipulate jurisdiction, and Plaintiffs believe Defendants' immediate request for transfer in this present case should be denied as an attempt to manipulate the system by delaying the remand of this action to state court.

## Vacating the Conditional Transfer Order and staying further consideration of transfer is in the interest of judicial economy

3.

A Motion for Remand was filed and fully briefed by the Plaintiffs.  For this reason, the value of judicial economy, convenience, and fairness to the parties and the transferor Court in seeing the consideration of the remand issue concluded must be considered.  See City of Chicago v. International College of Surgeons, 522 U.S. 156, 173, 118 S. Ct.523, 534, 139 L.Ed. 2d 525 (1997) (citations omitted).  Transferring this consolidated action at this time would result in wasted effort by both the attorneys and the District Court in reviewing, briefing and evaluating the threshold matter of jurisdiction.   A transfer of these actions at this time would result in a waste of judicial economy and efficiency through the repetition of efforts expended by the transferor Court as the issue of jurisdiction will ultimately have to be reviewed by the Multidistrict Litigation Panel if not

decided at this time.  See In re Molinaro/Catanzaro Patent Litigation, 402 F.Supp. 1404, 1405-06

(JPML 1975) (holding transfer to multi district litigation is for the purpose of promoting efficient

conduct of litigation and to serve the convenience of the parties); see also In re Multi district

Private Civil Treble Damage Litigation Involving Library Editions of Children's Books, 299 F.Supp.

1139, 1142-43 (JPML 1969) (holding the panel must make an affirmative determination whether

transfer would be for the convenience of the parties and promote the just and efficient conduct of

the action prior to transfer). In contrast, allowing the transferor Court to rule upon the remand

issue is in the interest of judicial economy and fairness as the remand of this action would

terminate all federal proceedings including multidistrict consideration. Should Plaintiffs' Motion for

Remand be denied, the transfer of these actions to Multidistrict Litigation could proceed, if deemed

appropriate, without having to expend resources to address the threshold matter of jurisdiction.

## IV.

## CONCLUSION

Transferring this action for consolidated pretrial proceedings is counterproductive to the

efficient resolution of the above-referenced cases.   A transfer at this time would especially be

contrary to the interest of judicial economy as there is presently a question of whether removal of

these actions to Federal Court was proper.  A Motion for Remand is presently pending before the

transferor Court.  Although the Plaintiffs acknowledge that the Judicial Panel has stated it has the

ability to address remand issues, there is no prejudice in vacating the conditional transfer order and

staying any further consideration of transfer as further federal proceedings before the transferor

Court or in Multidistrict Litigation will be avoided should the transferor Court determine federal

jurisdiction does not exist. Conditional Transfer Order (CTO-219) should be vacated, and the

Judicial Panel on Multidistrict Litigation should withhold any additional consideration of transfer until

after the transferor Court has completed its ongoing review of the threshold question of jurisdiction.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs would respectfully request that the Judicial Panel vacate Conditional Transfer Order 219 of October 29, 2002, and allow the United States District Court for the Southern District of Mississippi, Southern Division, to rule on Plaintiffs' Motion to Remand.

Respectfully submitted,

THE LANGSTON LAW FIRM, P.A.
100 South Main Street
P. O. Box 787
Booneville, Mississippi 38829
(662) 728-3138

By: _____
John Fletcher "Jay" Perry III (MSB# 10530)

OF COUNSEL:

G. Patterson Keahey
Law Offices of G. Patterson Keahey, Jr., P.C.
One Independence Plaza, Suite 814
Birmingham, Alabama  35209
Telephone:    205.871.0707
Facsimile:    205.871.0801

Rhon Jones
Mark Englehart
Beasley, Allen, Crow, Methvin, Portis
   & Miles, P.C.
Post Office Box 4160
Montgomery, AL 36103-4160
Telephone:    334.269.2343
Facsimile:    334.954.7555

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Schedule Pursuant to Rule 7.2(a)(ii)

NOV 29 2002

FILED
CLERK'S OFFICE

*Lucille W. Evers, et al. v. AC&S, et al., S.D. Mississippi, Southern Division,*
*Civil Action Number 1:02-708; Before the Honorable Judge Walter J. Gex, III*

## List of All Plaintiffs:

| Name | Social Security Number |
|---|---|
| Evers, Lucille | 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 |
| | |
| Anderson, James K. | 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 |
| Andrews, Major Jr. | 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 |
| Armstrong, William W. | 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 |
| | |
| Baylis, John | 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 |
| Beersdorf, Euel | 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 |
| Bennett, Emmett | 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 |
| Bernauer, Frank | 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 |
| Berry Sr., Franklin D. | 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 |
| Billups, James | 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 |
| Brasseaux, Joseph R. | 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 |
| Brooks, Eddie | 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 |
| Bock, Orville | 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 |
| Boner, Hoyt | 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 |
| Boutwell, Bonnie | 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 |
| Breeden, James | 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 |
| Buckelew, Jurolene | 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 |
| Burrage, William A. | 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 |
| | |
| Cannon, Russell Edsel | 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 |
| Celestino, Reuben | 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 |
| Chiado, Emil | 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 |
| Childress, Billy J. | 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 |
| Coleman, Audrey C. | 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 |
| Crosswhite, Paul E. | 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 |
| Cranfield, Alvin E. | 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 |
| Culwell, James A. | 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 |
| | |
| Dease, Marshall | 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 |
| Dixon, Larry | 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 |
| Doyle, Billy H. | 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 |

RECEIVED
CLERK'S OFFICE
2002 NOV 29  A 10: 47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

1

| | |
|---|---|
| Eddins, Shirley | 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 |
| Elkins, Wallace | 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 |
| Emmons, Robert | 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 |
| English, Mary Louise | 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 |
| Fisher, Bobby | 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 |
| Fowlkes, Harrell | 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 |
| Fortner, Thomas | |
| Franks, Lala H. | 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 |
| | |
| Gade, Leroy | 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 |
| Gaiter, John S. | 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 |
| Gardner, Bernice | 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 |
| Green, George W. | 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 |
| Gregg, Terry | 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 |
| | |
| Hanby, Bobby | 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 |
| Harden, Mathew D. | 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 |
| Harless, Billy | 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 |
| Harris, John | 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 |
| Harris, Melvin A. | 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 |
| Hayes, Clinton J. | 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 |
| Hickson, Sam | 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 |
| Holifield, Festus | 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 |
| Holland, Jack | 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 |
| Holmes, Woodrow A. | 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 |
| Holston, Alvin | 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 |
| Hutchens, Randall | 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 |
| | |
| Jackson, Molly | 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 |
| Jackson, Oliver | 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 |
| Johnson, Leonard | 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 |
| Johnson, Toney | 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 |
| Jones, Jeffery Lynn | 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 |
| Jones, Jessie M. | 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 |
| Jones, William | 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 |
| Josey, David M. | 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 |
| | |
| Kelly, Alton R. | 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 |
| Key, Kenneth | 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 |
| Knox, Arthur | 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 |
| Kyle Sr., Monroe | 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 |

2

| | |
|---|---|
| Linville, Jessie Albert | 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 |
| Little, Henry W. | 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 |
| Lugene, Edward | 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 |
| | |
| Madison, Tommy, Sr. | 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 |
| Manuel, Herman | 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 |
| Mangum, Barney M. | 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 |
| Marshall, Jessie J. | 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 |
| Mason, Karen | 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 |
| Meeks, James D. | 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 |
| Metlock, Kathleen | 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 |
| Mills, Leo | 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 |
| Miller, Ella M. | 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 |
| Mitchell, Martha | 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 |
| Moore, Clyde | 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 |
| Morris, Gene E. | 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 |
| Morris, Robert J. | 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 |
| Myrick, Steve | 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 |
| | |
| Norris, Willie Cornelius | |
| | |
| Orrick, Edward | 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 |
| Overton, Carl | 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 |
| Owen, Palmer Sr. | 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 |
| | |
| Parker, Roger | 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 |
| Pharrams, Johnny L. | 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 |
| Phillips, Danny | 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 |
| Phillips, Delmar | 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 |
| Preston, Hollis E. | 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 |
| Pritchett, Ida Bell | 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 |
| | |
| Readous, William | 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 |
| Reynolds, Olen | 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 |
| Reynolds, Wallace | 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 |
| Rice, Charles | 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 |
| | |
| Salyers, J. B. | 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 |
| Satchfield, Rains | |
| Schwan, Lewis A. | 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 |
| Scott, John W. | 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 |
| Self, Roy | 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 |

3

| | |
|---|---|
| Serratt, James | 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 |
| Setliff, Thelma | 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 |
| Shelby, Eula | 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 |
| Shoemake, Joe | |
| Smith, Elmer Ray | 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 |
| Smith, John B. | 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 |
| Snider, Farrell | 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 |
| Stewart, Maury A. | 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 |
| Sweatt, Willie | 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 |
| Swiney, James C. | 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 |
| | |
| Taylor, Slater, E. | 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 |
| Thrift, Samuel | 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 |
| Tidwell, Ollie E. | 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 |
| Twyman, Ruth D. | 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 |
| | |
| Vicsik, Joseph J. | 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 |
| | |
| Walden, Luther, J., Jr. | 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 |
| Walton, Freeman | 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 |
| Washington, Willie | 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 |
| White, Elgin | 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 |
| White, Ivey | 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 |
| Williams, Alfred | 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 |
| Wilson, Leo Douglas | 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 |
| Wolfe, Joyce | 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 |
| Woods, Verlie | 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 |
| Woods, Eugene | 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 |
| Wyatt, William C. | 423-34–6914 |
| | |
| Young, Dero | 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 |

## List of Defendants:

Christian Auto Supply Company
C/O Its Registered Agent: John M. Christian
117 North 13th Avenue
Laurel, MS  39440

4

Laurel Machinery and Foundry Company
C/O Its Registered Agent
P.E. Mulloy
810 Front Street
Laurel, MS  39440

Phillips Building Supply of Laurel, Inc.
C/O Its Registered Agent: W J Hough, Sr.
1104 Hwy 15 N
Laurel, MS  39441

Turner Supply Co.
C/O Its Registered Agent: John R. Jones
1457 West Drive
Laurel, MS 39440

Universal Auto Parts Company
a/k/a NAPA Auto Parts a/k/a Genuine Parts Company
C/O Its Registered Agent:  Emerson Pitts
1570 West Highland Drive
Jackson, MS 39204

Abney Mills
Through their Agent for Service of Process: Paul Carter
Puckett Ferry Road
Greenwood, SC 29648

AC & S (Armstrong Contracting Supply Corp.)
A Delaware Corporation
Through its Agent: C. T. Corporation System
350 N. St. Paul, Suite 2900
Dallas, Texas 75201

Albany International
C/O its Registered Agent:  C.T. Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809

AMCHEM
A Foreign Corporation
C/O C. T. Corporation Systems
631 Lakeland Drive
Flowood, MS 39232-8815

5

American Oil Company, Individually and as successor-in-interest to Amoco Oil
Company
200 E. Randolph Street
Chicago, IL  60601

American Optical Corporation
C/O Its Registered Agent
631 Lakeland East Drive
Flowood, MS  38232-8815

American Standard
A Delaware Corporation
C/O Its Registered Agent
631 Lakeland East Drive
Flowood, MS  38232-8815

Asten Johnson, Inc. f/k/a Astens Group, Inc. f/k/a Asten, Inc.
C/O its Corporate Officer:  William Finn
4399 Corporate Road
Walterboro, SC  29488

Asarco
C/O Its Registered Agent: The Corporation Company
2000 Interstate Park Dr. Suite 204
Montgomery, AL 36109

Asten-Hill
A Delaware Corporation
1635 Market Street, Suite 11lphia, PA 19103
Philadelphia, PA 19103
A.W. Chesterton Company
A Massachusetts Corporation
Route 93, Middlesex Industrial Park
Stoneham, MA 02182
or C/O Its Registered Agent
225 Fallon Road
Stoneham, MA 02180

Belmont Packing Company
C/O Its President
5454 Russell
Detroit, MI  48211

6

Blount Brothers Construction Company, Inc.
C/O Its Registered Agent: CT Corporation Systems
118 North Congress Street
Jackson, MS  39205

BP Amoco Chemical Company
A Delaware Corporation
C/O its president
ML Noetzel
200 E. Randolph Drive
Chicago, IL  60601

Brandon Drying Fabrics, Inc
F/K/A Brandon Sales Co., Inc.
Through their agent for service of process: Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

Brasa, Inc.
Through their agent for service of process: Paul J. Carter
Jordan Street
Greenwood, SC 29648

Carborundum
A New York Corporation
C/O Its Registered Agent: Prentice- Hall Corporation System, Inc.
80 State Street
Albany NY 12207

Certainteed Corporation
A Delaware Corporation
C/O Its Registered Agent: The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

C.E. Thurston and Son, Inc.
C/o William W. Nexsen, Esq.
Stackhouse, Smith & Nexsen
P.O. box 3640
Norfolk, VA  23510

Champion International Corp.
C/O Susan Jackson
Corporate Legal Affairs
1 Champion Plaza
Stamford, CT 06921

Chicago Bridge & Iron
CT Corporation System
631 Lakeland East Drive
Flowood, MS  39232n

Cleaver-Brooks, a Division of Aqua Chem, Inc.
C/O Its Registered Agent: CT Corporation
631 Lakeland East Drive
Flowood, MS  39232-8815

Coastal Rubber & Gasket Company, Inc.
a/k/a Industrial Rubber and Specialty
C/O Its Registered Agent: Greg Herbert
715 East McDowell Road
Jackson, MS  39204-5908

Combustion Engineering, Inc.
A Delaware Corporation
C/O Its Registered Agent: C.T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

Conair Corporation
A Delaware Corporation
Present Lee Rizzuto
1 Cummings Point Road
Stamford, CT  06904

Congoleum Corporation f/k/a Congoleum Nairn, Inc.
861 Sloan Avenue
Trenton, NJ  09619

Cooper Industries
C/O Its Registered Agent:  CT Corporation Systems
631 Lakeland Drive East
Flowood, MS  39232-8815

Cooper Industries
C/O Its Registered Agent:  CT Corporations Systems
631 Lakeland Drive East
Flowood, MS  39232-8815

Crossfield Products Corp.
C/O Its Registered Agent:  CT Corporations Systems
631 Lakeland Drive East
Flowood, MS  39232-8815

Crown, Cork, & Seal Company, Inc.
As Successor-in-interest to Mundet Cork corp.
A New York Corporation
Through its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

Dana Corporation
C/O Its Registered Agent: The CT Corporation Systems
631 Lakeland Drive East
Flowood, MS  39232-8815

Daniel Environmental Services, Inc.
A California Corporation
C/O Its Registered Agent:  Prentiss-Hall Corporation System
506 S. President Street
Jackson, MS  39205

Durabala Manufacturing Co.
A Pennsylvania Corporation
C/O Its Registered Address
140 Sheree Blvd.
Lionville, PA 19353

Durametallic Corporation
C/O its CEO James Ware
2104 Factory St
Kalamazoo, MI  49001

9

Ericsson, Inc., as Successor in Interest to the Anaconda Wire & Cable Company
C/O National Registered Agents Inc
840 Trustmark Bldg
248 E. Capitol Street
Jackson, MS  39201

Ferodo American
A Delaware Corporation
1 Grizzly Lane
Smithville, TN 3766

Ferro Engineering, Division of Oglebay Norton Company
C/O Its Registered Agent
CT Corporation System
188 North Congress Street
Jackson, MS  39205

Flintkote Company
A Delaware Corporation
C/O Its Registered Agent: The Corporation Trust Company
Corporate trust Center
1209 Orange Street
Wilmington, DE 19801

FMC Corporation
C/O Its Registered Agent: CT Corporation System
631 Lakeland East Drive
Flowood, MS  39232-8815

Foster-Wheeler Corporation
A New York Corporation
C/O Its Attorneys: Lynn M. Luker, Esquire
Adams & Reese
4500 One Shell Square
New Orleans, LA 70139

Garlock, Incorporated
An Ohio Corporation
C/O Its Registered Agent: C.T. Corporation Systems
815 Superior Avenue N.E.
Cleveland, OH 44114

General Electric Co.
C/O Its Registered Agent: C.T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

The Georgia Marble Company Incorporated
C/O Its Registered Agent: Corporation Trust Company
1209 N Orange Street
Wilmington DE 19801-1196

Georgia-Pacific Corporation
A Georgia Corporation
C/O Its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

The Gillette Company
A Delaware Corporation
C/O Its Registered Agent: CT Corporation Systems
631 Lakeland Drive East

Goodyear Tire and Rubber Co.
C/O Its Registered Agent: C. T. Corporation Systems
621 Lakeland Drive East
Flowood, MS 39232-8815

Guard-Line, Inc.
C/O its president Dennis Stanley
215-217 S. Louise
Atlanta, TX  75551-1030

Gulf Belting & Gasket Company, Inc.
A Louisiana Corporation
C/O Its Registered Agent: Theodore J. Bourgeois
4612 Jeanette Drive
Metairie, LA 70003

Gulf Coast Marine Supply Company
An Alabama Corporation
C/O Its Registered Agent: Gordon U. Sanford, Jr.
Bayou Casotte Road (a/k/a Industrial Road)
P.O. Box 1117
Pascagoula, MS 39581

11

Homer C. Porter & Sons, Inc.
825 College Street
Jackson, Mississippi

IMO Industries, Inc., A Delaware Corporation
Formerly IMO De Laval; Formerly TransAmerica De Laval; Formerly De LavaTurbine
C/O Its Registered Agent: The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Industrial Holdings, Inc.
Through their agent for service of process:
Company Corporation
1013 Center Road
Wilmington, DE  19805

Industrial Rubber & Specialty Company
Formerly Known as Coastal Rubber & Gasket Co., Inc.
C/O Its Registered Agent: Greg Herbert
715 E. McDowell Rd.
Jackson, MS 39204-5908

Industrial Welding Supplies of Hattiesburg, Inc.
C/O Its Registered Agent:  Robert O. Tatum
11 Parkway Blvd.
Hattiesburg, MS  39401-8893

Ingersoll-Rand Company
A New Jersey Corporation
C/O Its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

Insulation Engineers, Inc.
C/O Roy C. Coffer
Route 1, Box 169
Silverhill, AL  37576

Insulation Contracting, Inc. of Alabama
C/O Roy C. Coffer
1250 Armour Avenue
Mobile, AL  36617

International Paper Company, Individually and as successor in interest to
Champion International and as successor in interest to Union Camp Corporation
C/O Its Registered Agent: CT Corporation System
631 Lakeland East Drive
Flowood, MS  39232-8815

IREX Inc.
C/O Secretary of State
120 North Lime Street
Lancaster, PA  17602

J.C. Penney
C/o its president
6501 Legacy Drive
Plano, TX  75024

John Crane
F/k/a John Crane Packing Company
A Delaware Corporation
C/O Its Registered Agent: The Corporation Trust Center
1201 Orange Street
Wilmington, DE 19801

Johnson & Johnson
C/o its chairman and CEO Ralph Largen
One Johnson and Johnson Plaza
New Brunswick, NJ  08933

J. T. Thorpe
A Texas Corporation Company
C/O Its Registered Agent: The Corporation Company
2000 Interstate Park Dr. Suite 204
Montgomery, AL 36109

Kelly-Moore Paint Company, Inc.
C/O Its president
987 Commercial St.
San Carlos, CA  94070

Kellogg Brown & Root international, Individually and as successor to Brown & Root Holdings Incorporated f/k/a Brown & Root, USA, Inc.
C/O Its Registered Agent: CT Corporation Systems
631 Lakeland East Drive
Flowood, MS 39232-8815

Kimberly-Clark Corporation
C/O Its Registered Agent: CT Corporation Systems
631 Lakeland East Drive
Flowood, MS 39232-8815

Komp Equipment, Inc.
C/O Its Registered Agent: George B. Komp III
319 E. Pine Street
Hattiesburg, MS 39401

Lincoln Electric Company
C/O Its Registered Agent:  William A. Douglas
1677 Zetus Road NW
Brookhaven, MS  39601

Maremont
C/O Center for Claims Resolution
504 Carnegie Center, 2nd Floor
Princeton, NJ 08540
Or CN 5319
Princeton, NJ 08534-5319

Marine Specialty Company, Inc.
1536 Gardner Blvd., Unit #404
Columbus, MS  39702

Metropolitan Life Insurance Company
A Delaware Corporation
C/O Its Registered Agent: Erskine E. Wells, Esq.
400 Lamar Life Bldg.
Jackson, MS 39201

Mississippi Rubber & Specialty Co.
C/O Its Registered Agent: Greg Herbert
715 E. McDowell Road
Jackson, MS 39402-5908

Mobil Oil
C/O Its Registered Agent: CT Corporation Systems
118 North Congress Street
Jackson, MS  39205

Mt. Vernon Mills, Inc.
Through their agent for service of process:
C.T. Corporation
225 Hillsborough Street
Raleigh, NC  27603

Mt. Vernon Dryer Felt Company, A division of Mt. Vernon Mills
Through their agent for service of process:
C.T. Corporation
75 Beattle Place
Two Shelter Center
Greenville, SC  29601

NACCO Industries, Inc., successor to Hamilton Beach and Proctor Silex,
C/O its President Alfred Rankin, Jr.
5875 Lauderbrook Drive
Mayfield Heights, OH  44124

National Services Industries, Inc.
Formerly North Brothers Company
C/O Its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

Oglebay Norton
A Delaware Corporation
through its registered agent: C.T. Corporation Systems
811 Dallas Avenue
Houston, TX 77002

Owens-Illinois, Inc.
An Ohio Corporation
C/O Its Registered Agent: The Corporation Trust Co.
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Peerless Supply Company of Mississippi, Inc.
A Mississippi Corporation
C/O Its Secretary: Shelby C. Trice
316 Bel-Air Boulevard
P. O. Box 160387
Mobile, AL 36616-1387

Pfizer, Inc.
C/O Its Registered Agent: C. T. Corporation Systems
631 LakelandEast Drive
Flowood, MS 39232-8815

Proctor & Gamble Company
C/O Its CEO Alan G. Lafley
1 Proctor & Gamble Plaza
Cincinnati, OH  45202

Quigley Company
Its Registered Agent: Pat Patrick Quigley
Rt. 1 Box 36
Eastabooga, AL 36260

Rapid America Corporation, Rapid American Corporation is the successor-in-
interest to the liability of the Philip Carey Corporation as the result of an express
assumption of all liabilities and merger with the Glen Allen Corporation, the
predecessor-in-interest to Rapid American Corporation. Prior to its merger with
Rapid American Corporation, the Glen Allen Corporation, in 1967 merged with
and expressly assumed the liabilities of the Philip Carey Manufacturing Company.
C/O the McCrory Corporation
1700 Broadway
New York, NY 10019

Reilly-Benton Co., Inc.
C/O Its Registered Agent: CT Corporation Systems
631 Lakeland East Drive
Flowood, MS 39232-8815

Reynolds Metals Company
C/O Its President Richard G. Holder
6601 West Broad Street
Richmond, VA 23230

Riley Stoker Corporation
C/O Its Registered Agent: CT Corporation Systems
118 North Congress Street
Jackson, MS  39205

SB Decking, Inc., f/k/a Selby, Battersby & Co.
A Delaware Corporation
C/O Hecker, Brown, Sherry, and Johnson
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2769
Schick, Inc.
C/o its president
182 Tabor Road, Bldg. 2 2nd Floor
Morris Plains, NJ  07950

Scott Technologies, Inc., f/k/a Figgie International, Inc.
f/k/a Safety Supply American Corporation
a/k/a Standard Glove & Glove Safety Equipment
C/O Its Registered Agent: CT Corporation Systems
631 Lakeland East Drive
Flowood, MS  39232

Sears, Roebuck & Company
C/O Its Registered agent: CT Corporation Systems
631 Lakeland East Drive
Flowood, MS  39232-8815

Sepco Corporation
C/O Its Registered Agent:  Don Bradley Furon
29982 Ivy Glenn Drive
Laguna Nigel, CA  92677

Standard Equipment Company, Inc.
An Alabama Corporation
C/O Its Registered Agent: E. Burnley Davis
75 Beauregard Street
Mobile, AL 36601

Sunbeam Products Incorporated, f/k/a Sunbeam Corporation
C/O Its Registered Agent:  CT Corporations Systems
631 Lakeland East Drive
Flowood, MS  39232-8815

17

Synkaloid
C/O Its President
148 East 5th Street
Bayonne, New Jersey 07002

Tennessee Coal, Iron, and Railroad Co.
A Division of United States Steel
A Delaware Corporation
C/O Its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

TRECO Construction Services, Inc, Individually and as successor in Interest to
RUST Engineering
C/O Its Registered Agent:  CT Corporations Systems
631 Lakeland East Drive
Flowood, MS  39232-8815

U. C. Realty Corp., Formerly MHC Holding and Land Corporation,
Formerly Homecrafters Centers, Inc., Formerly Moore-Handley, Inc.
A Delaware Corporation
C/O Its Registered Agent: The Prentice Hall Corporation System, Inc.
1013 Centre Road
Wilmington, DE 19805

Union Carbide Corporation f/k/a Union Carbide Chemical and Plastics Company,
Inc.
C/O Its Registered Agent: C. T. Corporation Systems
631 Lakeland Drive East
Flowood, MS 39232-8815

Uniroyal Fiber & Textile Division of Uniroyal, Inc.
A New Jersey Corporation
C/O Its Registered Agent: Prentice-Hall Corporation System, Inc.
830 Bear Tavern Road
West Trenton, NJ  08608

USX Corporation as successor in interest to United States Steel LLC, f/k/a
Tennessee Coal & Iron
C/O Secretary Dan D. Sandman
600 Grant Street
Pittsburgh, PA 15129

18

Valero Energy Corporation
C/O Its Registered Agent: CT Corporation Systems
118 North Congress Street
Jackson, MS  39205

Valley Products Company, Inc.
C/O Its Officer:  Kenneth M. Schuppert, Jr.
201 Second Avenue Southeast
Decatur, AL 35602

Viacom Inc., Successor by merger to CBS Corporation f/k/a Westinghouse
Electric Corporation
C/O Its Registered Address:
Westinghouse Building, Gateway Center
11 Stanwix Street
Pittsburgh, PA 15222

Vulcan Materials Company, Inc.
C/O Corporate Tax Dept
P.O. Box 385015
Birmingham, AL  35238-5015

Weavexx
Through their agent for service of process:
C.T. Corporation
631 Lakeland Drive East
Flowood, Ms  39232-8815

Wolverine Tube, Inc.
C/O Registered Agent: Thomas D. Keenum, Sr.
301 B W College
P.O. Box 418
Booneville, MS  38829

Worthington Corp.
C/O CT Corporation System
1209 Orange Street
Wilmington, DE 19801

York International f/k/a Borg-Warner Air Conditioning, Inc.
C/O Its Registered Agent:  CT Corporations Systems
631 Lakeland East Drive
Flowood, MS  39232-8815

Zurn Industries, Inc.
1 Zurn Place
Erie, PA 16505

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 9 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, a true and correct copy of the

above and foregoing Consolidated Motion and Brief to Vacate Transfer Order  to the attached lists.

THIS, the _27ᵀᴴ_ day of November, 2002.

John Fletcher "Jay" Perry, III

RECEIVED
CLERK'S OFFICE
2002 NOV 29  A 10: 47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**EVERS, et al. v. AC&S, et al.**
**SERVICE LIST**

Michael N. Watts, Esq.
Post Office Drawer 707
1217 Jackson Avenue
Oxford, MS 38655
**Attorney for Crown Cork and Seal Co., Inc.**

Walter W. Duke, Esq.
Duke, Dukes, Keating & Faneca
2909 13th Street, Suite 601
Post Office Drawer W
Gulfport, MS 39502
**Attorney for Goodyear Tire and Rubber, Inc. & Mt. Vernon Mill**

Karl Steinberger, Esq.
Roy C. Williams, Esq.
Colingo Williams
711 Delmas Avenue
Post Office Box 1407
Pascagoula, MS 39568
**Attorney for Mississippi Rubber & Speciality Co.; Viacom, Inc.**

Matthews F. Powers, Esq.
Sampson & Powers
Post Office Box 1417
Gulfport, MS 39502
**Attorney for Brandon Drying Fabrics, Inc.**

Thomas W. Tyner, Esq.
William N. Graham, Esq.
Cowles E. Symmes, Esq.
Aultman Tyner Ruffin & Yarborough
Post Office Drawer 750
Hattiesburg, MS 39403
**Attorney for York International Corp; Garlock, Inc.; Gulf Belting & Gasket Co., Inc.; Congoleum Corporation; Sears, Roebuck & Co.; J.C. Penney Company, Inc.**

David A. Barfield, Esq.
Barfield & Associates
223 East Capitol Street
Post Office Drawer 3979
Jackson, MS 39207
**Attorney for AC & S, Inc.; Worthington Corporation; Kellogg Brown & Root International**

Lucien C. Gwin, Esq.
319 Market Street
Post Office Box 1344
Natchez, MS 39121
**Attorney for Asarco Incorporated**

C. Michael Evert, Esq.
Evert and Weathersby
3405 Piedmont Rd, Suite 225
Atlanta, GA 30305
**Attorney for Viacom, Inc.**

Joseph J. Stroble, Esq.
Post Office Box 650
Jackson, MS 39205-0650
**Attorney for Metropolitan Life Ins. Co.**

Michael E. Whitehead
Ronald G. Peresich, Esq.
Post Office Drawer 289
Biloxi, MS 39533-0289
**Attorney for Albany International Corporation; Kelly-Moore Paint Company; U.C. Realty Corp.**

David L. Trewolla, Esq.
David W. Dogan, Esq.
Post Office Box 23062
Jackson, MS 39225-3062
**Attorney for Flintkote Company; Durabala Manufacturing Co.; Guard-Line, Inc.**

Kelly D. Simpkins
Wells, Marble & Hurst
Lamar Life Building, Suite 600
Jackson, MS 39205
**Attorney for Conair**

Thomas E. Vaughn, Esq.
Allen Vaughn Cobb & Hood
One Hancock Plaza, Suite 1209
Gulfport, MS 39502
**Attorney for Foster-Wheeler**

Michael K. Randolph, Esq.
Bryan, Nelson Randolph and Weathers
Post Office Drawer 18109
Hattiesburg, MS 39404-8109
**Attorney for Industrial Welding Supply**

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BROOKSVILLE, MISSISSIPPI 38829
(662) 728-3138

Mary Kate Coleman, Esq.
Riley McNulty Hewitt & Sweitzer
650 Washington Road, Suite 300
Pittsburgh, PA 15228
**Attorney for Universal Auto Parts Company**

Jeffrey P. Hubbard, Esq.
Wells Moore Simmons & Hubbard
Post Office Box 1970
Jackson, MS 39215-1970
**Attorney for FMC Corp.; Hamilton Beach/Proctor-Silex, Inc.; Maremont Corp.**

James P. Streetman, III, Esq.
Clark Scott & Streetman
447 Northpark Drive
Post Office Box 13847
Jackson, MS 39236-3847
**Attorney for American Optical; Schick, Inc.; Pfizer, Inc.; Quigley Company, Inc.**

Richard Brown, Esq.
Cosmich & Simmons
980 Highway 51 N., Suite C
Madison, MS   39130
**Attorney for Proctor & Gamble**

J. Price Coleman, Esq.
David F. Maron, Esq.
Baker Donelson Bearman & Caldwell
Post Office Box 14167
Jackson,MS 39236-4167
**Attorney for Rapid American Corp.; General Refractories; Georgia Marble Co., Inc. ; Vulcan Materials Company**

Patricia C. Gandy, Esq.
Phil B. Abernathy, Esq.
Post Office Box 22567
Jackson, MS   39225-2567
**Attorney for Sears Roebuck & Co.;Champion International Corp.; Johnson & Johnson**

Thomas W. Tardy, III, Esq.
Stefan G. Bourn, Esq.
Marcy B. Croft, Esq.
Alexandra F. Markov, Esq.
Forman Perry Watkins Krutz & Tardy
Post Office Box 22608
Jackson, MS 39225-2608
**Attorney for KOMP Equipment Co., Inc.; Cooper Industries, Inc.; Combustion Engineering, Inc.; Zurn Industries, Inc.; Gulf Coast Marine Supply Co.; Georgia-Pacific Corp.; Turner Supply Co.; Standard Equipment Co., Inc.; Owens-Illinois, Inc.; Kimberly-Clark Corporation; Certain Teed Corporation; Dana Corporation; Union Carbide Corporation; Amchem Products,Inc.; C. E. Thurston & Son, Inc.; Laurel Machine and Foundry Company; General Electric Co.; Crossfield Products Corp.; Ingersoll-Rand Company; National Service Industries; Weavexx**

Cheri D. Green, Esq.
Brunini Grantham Grower & Hewes
1400 Trustmark Building
248 East Capitol Street
Jackson, MS   39201
**Attorney for A. W. Chesterton Co. and IMO Industries, Inc.**

Patrick R. Buchanan, Esq.
Brown Buchanan Sessoms, PA
3112 Cantry Street
Post Office Box 2220
Pascagoula, MS 39569-2220
**Attrorney for Cleaver-Brooks Division of Aqua-Chem, Inc.**

Ronald D. Collins
Craig E. Brasfield, Esq.
Post Office Box 22608
Jackson, MS   39225-2608
**Attorney for Asten, Inc.**

William W. Nexsen, Esq.
Stackhouse Smith & Nexsen
Post Office Box 3640
Norfolk, VA 23510
**Attorney for C. E. Thurston & Son, Inc.**

Service List 9/30/02

Rueben V. Anderson, Esq.
PHELPS DUNBAR
Post Office Box 23066
Jackson, MS   39225-3066
**Attorney for industrial Rubber & Specialty Co. f/k/a Coastal Rubber & Gasket Co., Inc.**

Carey Varnado, Esq.
Montague Pittman & Varnado
Post Office Drawer 1975
Hattiesburg, MS 39404-1975
**Attorney for John Crane d/k/a John Crane Packing Co.**

Paul V. Cassisa, Jr., Esq.
Bernard Cassisa Elliott & Davis
Post Office Box 55490
Metairie, LA 70055-5490
**Attorney for Reilly-Benton Co., Inc.**

David Clark, Esq.
Bradley Arant Rose & White
Post Office Box 1789
Jackson, MS 39215-1789
**Attorney for Pfizer, Inc.; Quigley Company**

J. Michael Jarboe, Assistant General Counsel
United States Steel    Legal Department
600 Grant Street
Pittsburgh, PA 15219-2800
**Attorney for USZ Corporation**

Lawrence D. Wade
Campbell Delong Hagwood & Wade
Post Office Box 1856
Greenville, MS 38702-1856
**Attorney for The Gillette Company**

Anthony L. Thaxton, Esq.
Gillchrist Sumrall Thaxton Yoder & Boone
Trustmark National Bank Bldg., Suite 400
415 North Magnolia Street
Laurel, MS 39440
**Attorney for Laurel Machine and Foundry Company**

Roger D. Marlow, Esq.
Hulse & Wanek
512 East Boston Street
Covington, LA 70433
**Attorney for Weavexx**

Nathan A. Bosio, Esq.
Dogan & Wilkinson, PLLC
Post Office Box 1618
Pascagoula, MS 39568-1618
**Attorney for Scott Technologies, Inc. f/k/a Safety Supply America Corp.**

Alben N. Hopkins
Hopkins Barvie & Hopkins
Post Office Box 1510
Gulfport, MS   39502-1510
**Attorney for SB Decking, Ind. F/k/a Selby, Battersby & Co.; United States Steel Corporation**

R. Patrick Baughman, Esq.
Jennifer Sardina, Esq.
Baughman & Associates Co., LPA
55 Public Square, Suite 2215
Cleveland, Ohio 44113
**Attorney for United States Steel Corporation**

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Service List 9/30/02

**PANEL SERVICE LIST (Excerpted from CTO-219)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Lucille W. Evers, et. al. v. ACandS, et. al.*, S.D. Mississippi, C.A. No. 1:02-708

Phillip B. Abernethy
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Stefan G. Bourn
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

Craig E. Brasfield
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, MS 39225

Barry C. Campbell
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Steven B. Dick
Brown, Buchanan & Sessoms, PA
P.O. Box 2220
Pascagoula, MS 39569

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

Andrea L. Edney
Brunini, Grantham, Grower &
Hewes
P.O. Drawer 119
Jackson, MS 39205

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Michael D. Goggans
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

William N. Graham
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Drawer 750
Hattiesburg, MS 39403

Cheri D. Green
Brunini, Grantham, Grower &
Hewes
P.O. Drawer 119
Jackson, MS 39205

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Alben N. Hopkins
Hopkins, Barnie & Hopkins, PLLC
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
1300 AmSouth Center
Jackson, MS 39215

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Thomas M. Louis
Wells, Marble & Hurst, PLLC
P.O. Box 131
Jackson, MS 39205-0131

Alexandra F. Markov
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Christopher O. Massenburg
Aultman, Tyner, McNeese, Ruffin &
Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

John C. McCants
Page, Kruger & Holland, P.A.
P.O. Box 1163
Jackson, MS 39215

Case MDL No. 875   Document 3800   Filed 11/29/02   Page 32 of 55

PANEL SERVICE LIST (Cont.) MDL-875                                    Page 2 of 2

Joe B. Moss
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

David M. Ott
Bryan, Nelson, Randolph And
Weathers
P.O. Drawer 18109
Hattiesburg, MS 39404

Ronald G. Peresich
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533

Jonn F. Perry, III
Langston Law Firm, PA
100 South Main Street
P.O. Box 787
Booneville, MS 38829

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease52
East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
Metairie, LA 70055-5490

Kelly D. Simpkins
Wells, Marble & Hurst, PLLC
P.O. Box 131
400 Lamar Life Building
317 E. Capitol Street
Jackson, MS 39205

Mark R. Smith
Holcomb Dunbar, P.A.
P.O. Drawer 707
Oxford, MS 38655

Robert N. Spinelli
Kelley, Jasons, McGuire &
SpinelliCentre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Bryant, Colingo, Williams & Clark
P.O. Drawer H
Pascagoula, MS 39568

James P. Streetman, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin &
Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502

Lawrence D. Wade
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-9425

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Robert W. Wilkinson
Dogan, Wilkinson, Kinard, Smith &
Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568-1618

Roy C. Williams
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
711 Delmas Avenue
Pascagoula, MS 39568

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

**COPY**

Lucile Evers, et al.,

        Plaintiff,

vs.

AC&S, et al.,

        Defendant

Case No.: 1:02cv708 G-R

**PLAINTIFFS' EMERGENCY MOTION TO REMAND TO STATE COURT UNDER RULE 7.2(G) AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI**

COME NOW the Plaintiffs, by and through counsel, and file this their Emergency Motion to Remand to State Court and in support thereof would respectfully show as follows:

1.    Plaintiffs filed their Complaint on June 4, 2002.  The Complaint names Mississippi resident Defendants as sellers and/or suppliers of asbestos containing products.  The plaintiffs in this action are residents of Mississippi, Alabama, Florida, Georgia, Idaho, Illinois, and Tennessee.

2.    Amchem Products, Inc., Asten, Inc., C.E. Thurston & Sons, Inc., Combustion Engineering, Inc., Cooper Industries, Inc., Crossfield Products Corp., Certainteed Corporation, Dana Corporation, Durametallic Corp., Georgia-Pacific Corporation, Gulf Coast Marine Supply Co., Ingersoll-Rand Company, J.C. Penney Co., Komp Equipment Company, National Service Industries, Inc., Owen-Illinois, Inc., Reynolds Metal Company, Standard Equipment Company, Turner Supply Company, Union Carbide Corporation, and Zurn Industries, Inc., (hereinafter referred to as "Removing Defendants") assume that the non-resident Plaintiffs do not have exposure to asbestos containing products that is common to the exposure experienced by the resident Plaintiffs.  However, all Plaintiffs have common exposures.

3.    There has been no improper joinder of Plaintiffs.  In addition, even if there were improper joinder, this would not create federal jurisdiction.  As discussed in detail in the

100 South Main Street
Post Office Box 787
Booneville, Mississippi 38829
(662) 728-3138

**EXHIBIT
_A_**

Memorandum Brief in Support of Motion to Remand, joinder of Plaintiffs, whether proper or not, does not create diversity.

4.     Furthermore, joinder of Defendants, whether proper or improper, does not create diversity.

5.     The only fraudulent joinder to create diversity is the fraudulent joinder of a local Defendant upon which no recovery can be made.  This has been recently addressed in *Illinois Central Railroad Company v. Mary Francis Travis, Administratrix of the Estate of Clifton Davis Travis, Jr., Deceased* in the Supreme Court of Mississippi, No. 2000-IA-01074-SCT (a copy of which is attached hereto as Exhibit "A").

6.     This Court must look to whether Removing defendants have shown that there is no possibility that Plaintiffs would be able to establish a cause of action against any of the in-state Defendants.    Removing defendants must establish fraudulent joinder by clear and convincing evidence.  *See Jernigan v. Ashland Oil Company, 989 F.2d 812, 815 (5th cir. 1993).*

7.     Defendants were not fraudulently joined, and Plaintiffs had a possibility of recovering against in-state Defendants as sellers of asbestos containing products pursuant to Mississippi Code, Annotated, § 11-1-63.

8.     This Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, in that the Mississippi resident Plaintiffs and the Mississippi resident Defendants are not diverse, nor can the in-state Defendants be disregarded as fraudulently joined because Mississippi's Product Liability Statute, § 11-1-63, contemplates and imposes liability on sellers, suppliers and retailers of defective products.  *Thomas v. R.J. Reynolds Tobacco Company, 11 F.Supp.2d 850 (S.D. Miss 1998)* (finding that there is at least a possibility of recovery against sellers under the statute).

9.     Plaintiffs respectfully request that the Court allow Plaintiffs to recover costs, expenses and reasonable attorney's fees and expenses at or near the time of the hearing when the decision is to be made regarding remand of this case.  This Court has jurisdiction as to the

100 South Main Street
Post Office Box 787
Booneville, Mississippi 38829
(662) 728-3138

matter of costs, expenses and attorney's fees because that question is proper in the federal forum, rather than the state forum.   Costs should be awarded to Plaintiffs as the inability to legitimately apply the Removal Statute to this case was obvious.   Plaintiffs move, pursuant to Rule 11, Federal Rules of Civil Procedure, for sanctions against Removing Defendants because the Notice of Removal is frivolous and totally without merit.   In support of this motion, Plaintiffs rely on the pleadings, attached exhibit and the memorandum brief in support of motion to remand.

Respectfully submitted, this the 18 day of September, 2002.

JOSEPH C. LANGSTON, MSB# 1060
JOHN F. PERRY, III, MSB# 10530

The Langston Law Firm, P.A.
100 South Main Street
Post Office Box 787
Booneville, MS 38829
662.728.3138 - phone

OF COUNSEL:

Rhon E. Jones, Esq.
BEASLEY ALLEN
Post Office Box 4160
Montgomery, AL 36103-4160
Telephone:  334.

G. Patterson Keahey, Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, AL 35209
Telephone: 205.871.0707

CERTIFICATE OF SERVICE

I, John Fletcher Perry, III do hereby certify that the foregoing Notice of Dismissal was served this day on the below listed parties via U.S. Mail, postage prepaid:

All Known Defense Counsel of Record

Choice Professional Overnight Copy Service, Inc.

This the 18 day of September, 2002.

John "Jay" Fletcher Perry, III

100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

)                                                       )

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2000-IA-01074-SCT

*ILLINOIS CENTRAL RAILROAD COMPANY*
*v.*
*MARY FRANCES TRAVIS, ADMINISTRATRIX OF THE ESTATE OF CLIFTON DAVIS*
*TRAVIS, JR., DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/31/2000 |
| TRIAL JUDGE: | HON. R. KENNETH COLEMAN |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | CURTIS R. PICOU |
| | CHAD MICHAEL KNIGHT |
| | THOMAS R. PETERS |
| ATTORNEYS FOR APPELLEE: | THOMAS W. BROCK |
| | WILLIAM S. GUY |
| | JOHN BOOTH FARESE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED AND REMANDED-02/28/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/21/2002 |

### BEFORE SMITH, P.J., COBB AND DIAZ, JJ.

### SMITH, PRESIDING JUSTICE, FOR THE COURT:

¶1. Mary Frances Travis (Administratrix of the Estate of Clifton Davis Travis, Jr., deceased), joined ninety-eight others in filing suit against Illinois Central Railroad Company (ICRR) in Marshall County, Mississippi, for alleged exposure to asbestos and products containing asbestos. ICRR moved to dismiss Travis's claims based on improper venue, improper joinder, and forum non conveniens. The circuit court denied this motion. This Court subsequently granted ICRR's request for permission to appeal. *See*, M.R.A.P. 5. Finding no error by the trial court, we affirm.

## FACTS

¶2. This is a case filed under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq. ("FELA"), alleging injuries and death due to exposure to asbestos. Mary Frances Travis is the administratrix of the estate of her late husband, Clifton Davis Travis. Travis worked for Illinois Central Railroad Company ("ICRR") from 1949 to 1990. Mr. Travis worked for ICRR as a stationary fireman, a machinist's helper, a carman helper, a carman, and a mechanical foreman. He was diagnosed with asbestosis on February 21, 1998. He developed lung cancer and died on July 21, 1998.

¶3. On October 9, 1998, Mrs. Travis joined 71 other former ICRR employees and filed a complaint under the FELA in the Circuit Court of Marshall County, Mississippi. Twenty-seven additional plaintiffs

were later joined by amendment. Mrs. Travis's case, along with nine other cases, was set for trial to begin July 24, 2000. Mr. Travis was a resident of Tennessee. His wife is still a resident of Tennessee. He worked for ICRR in Kentucky and Tennessee. Plaintiffs claim there is a possibility that he did some work in Mississippi; although, defendants state that he never worked in Mississippi.

## STANDARD OF REVIEW

¶4. There are essentially two standards that are to be dealt with in reviewing the case at bar. First, as to the question of forum non conveniens, this Court will uphold the trial court's ruling unless it is clearly erroneous. "When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 165-66 (Miss. 1999) (citing *Butler v. Board of Supervisors*, 659 So.2d 578, 581 (Miss.1995); *Overstreet v. Merlos*, 570 So.2d 1196, 1197 (Miss.1990)). "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence. *See City of Jackson v. Perry*, 764 So.2d 373, 376 (Miss.2000); *Puckett v. Stuckey*, 633 So.2d 978, 982 (Miss.1993); *Sweet Home Water & Sewer Ass'n v. Lexington Estates, Ltd.*, 613 So.2d 864, 872 (Miss.1993); *Allied Steel Corp. v. Cooper*, 607 So.2d 113, 119 (Miss.1992). "This Court will not disturb those findings unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied." *Bell v. City of Bay St. Louis*, 467 So.2d 657, 661 (Miss.1985).

¶5. Second, as to the issues of improper venue and improper joinder, this Court uses a more deferential standard. The official comment to Rule 20 describes its purpose as:

> The general philosophy of the joinder provisions of these Rules is to allow virtually unlimited joinder at the pleading stage but to give the Court discretion to shape the trial to the necessities of the particular case.

Miss. R. Civ. P. 20.

¶6. In *First Investors Corp. v. Rayner*, 738 So.2d 228 (Miss.1999), this Court stated that Rules 20 and 42 give trial courts "broad discretion" in determining when and how claims are tried. *Id.* at 238. Therefore, for purposes of this appeal, this Court reviews the trial court judge's actions under an abuse of discretion standard. Federal appellate courts identify the appropriate standard of review as whether the trial judge abused his discretion when allowing or denying joinder. *Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n*, 560 So.2d 129, 135 (Miss.1989). *See Fenton v. Freedman*, 748 F.2d 1358, 1361 (9th Cir.1984); *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir.1983).

¶7. "An application for a change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Donald v. Amoco Prod. Co.*, 735 So.2d 161, 181 (Miss.1999) (citing *Estate of Jones v. Quinn*, 716 So.2d 624, 626 (Miss.1998)(quoting *Beech v. Leaf River Prods., Inc.*, 691 So.2d 446 (Miss.1997) (quoting *Mississippi State Highway Comm'n v. Rogers*, 240 Miss. 529, 128 So.2d 353, 358 (1961)))).

## DISCUSSION

¶8. There are essentially three arguments made by ICRR. First, it claims that the circuit court erred in failing to dismiss Travis's claim for improper venue. Second, it claims that the circuit court committed

error in failing to dismiss Travis's claim for improper joinder. Third, it claims that the circuit court erred in failing to dismiss or transfer Travis's claim based on the doctrine of forum non conveniens.

## (1) DID THE CIRCUIT COURT ERR IN FAILING TO DISMISS TRAVIS'S CLAIM FOR IMPROPER VENUE?

¶9. Under its first claim, ICRR argues that Miss. Code Ann. § 11-11-5 (Supp. 2001) controls the venue choice in this case. Thus, it argues that the only appropriate places for venue are where the action accrued, where the defendant has its principal place of business, or where the plaintiff resided. Miss. Code Ann. § 11-11-5. Second, ICRR contends that while Miss. R. Civ. P. 82(c) states that "[where several claims or parties have been joined, the suit may be brought in any county which any one of the claims could properly have been brought," this does not apply to those parties joined under Rule 20(a). It cites the second sentence of Rule 82(c) for this finding. That sentence states that:

> Whenever an action has been commenced in a proper county, additional claims and parties may be joined, pursuant to Rules 13, 14, 22, and 24, as ancillary thereto, without regard to whether that county would be the proper venue for an independent action on such claims or against such parties.

¶10. ICRR acknowledges that this Court has recently stated that "when Rule 20 joinder of parties is involved, 'venue is proper wherever it is proper as to one such claim.'" *American Bankers Ins. Co. v. Alexander*, 2001 WL 83952 *6 (Miss. February 1, 2001) (citing *McDonald v. Holmes*, 595 So.2d 434, 436 (Miss.1992)). Despite this fact, ICRR argues that in *Alexander* the defendant had conceded that Rule 82(c) applied if Rule 20 was used properly. It asserts that they make no such concession and further argues that the language of Rule 82(c), as well as the logic behind that rule, preclude its application where joinder is asserted under Rule 20.

¶11. Plaintiff argues that Travis is properly joined under Rule 20 of the Mississippi Rules of Civil Procedure, and thus Rule 82 (c) of the Mississippi Rules of Civil Procedure, which states that venue is proper for all plaintiffs where it is proper for one, makes Marshall County, Mississippi, an appropriate venue for this action. Plaintiff states that within the ten-plaintiff trial group that Travis is a part of, four of the plaintiffs worked for ICRR in Marshall County and were exposed to asbestos during that time. Further, plaintiff Dean Pounders currently resides in Marshall County.

¶12. First, this Court has previously stated that Miss. Code Ann. § 11-11-5 is not "the only venue statute to which parties may resort in an action against a railroad." *Missouri Pac. R.R. v. Tircuit*, 554 So. 2d 878, 881 (Miss. 1989). In that case, this Court found that this state's general venue statute, Miss. Code Ann. § 11-11-3 (Supp. 2001), provides additional venue options, including "where a non-resident corporation 'may be found'." *Id*. Thus, if ICRR can be "found" in Marshall County, Mississippi, this would be an additional venue option. However, plaintiffs' only argument is that Marshall County is the location where the cause of action accrued for at least four of the plaintiffs in this ten-plaintiff trial group, as well as others within the remaining ninety-nine plaintiffs. Their contention is that Rule 82(c) allows for venue to be proper for all where it is proper for one.

¶13. As for ICRR's argument that Rule 82(c) does not apply to parties joined under Rule 20, Mississippi law has never suggested that Rule 82(c) might not apply. In two cases, this Court has simply stated that Rule 82(c) applied when parties are joined under Rule 20. The Alabama Supreme Court addressed an argument similar to this in *Ex parte Progressive Cas. Ins. Co*. 533 So.2d 230 (Ala. 1988). There it was argued that a party joined under a Rule 15 amendment to the pleading could destroy venue. The Alabama Supreme Court stated:

[T]he second sentence of Rule 82(c) can be read to mean that the addition of parties whose relation to each other or to existing parties is different from the original plaintiff/defendant relation does not render venue improper or require severance. That sentence's omission of Rule 15 does not mean that amendments adding parties *do* render venue improper, but rather, the sentence is more properly interpreted as omitting reference to Rule 15 because that Rule is unlike the four that are mentioned. An amendment adding a party under Rule 15 is properly analogous to Rules 19 and 20, under which joinder is practiced in the original pleadings, and therefore comes within the import of the first sentence of Rule 82(c).

533 So.2d at 232-233. We agree with this reasoning. Thus, if joinder is appropriate as to the plaintiffs, then venue is proper to all under Rule 82(c) since it is proper to one or more of the plaintiffs.

### (2) DID THE CIRCUIT COURT COMMIT ERROR IN FAILING TO DISMISS TRAVIS'S CLAIM FOR IMPROPER JOINDER?

¶14. As to the second claim, ICRR contends that Travis is improperly joined under Rule 20(a) of the Mississippi Rules of Civil Procedure. Rule 20(a) provides in pertinent part that:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

This Court has recognized that the Official Comments to Rule 20 call for consideration on a case-by-case basis "utilizing a liberal approach toward joinder." *American Bankers Ins. Co. of Florida v. Alexander*, 2001 WL 83952 *4 (Miss. Feb. 1, 2001).

¶15. ICRR argues that plaintiffs can only claim that they all "worked for defendant at some time, at some place, and allegedly suffer from some asbestos-related injury," and that this does not establish that joinder is proper. ICRR points to a number of federal and state cases to support its claim of improper joinder that it contends share similar factual scenarios with the case at bar. ICRR cites *Abdullah v. ACANDS, Inc.*, 30 F.3d 264 (1st Cir. 1994), stating that there the appellate court agreed with the lower court's denial of joinder stating that the different product exposure, causation and damages between the plaintiffs militated against it.

¶16. First, the court stated in *Abdullah* that the case was "more appropriately viewed as a dismissal pursuant to Fed.R.Civ.P. 41(b)" on the grounds that it did not follow the local rules in regard to its suit. 30 F.3d at 269. Second, the First Circuit did agree with the trial court's finding of misjoinder, however, it was based on the fact that the complaint was "bereft of factual allegations indicating why 1000 plaintiffs and 93 defendants belong in the same action." *Id.* n. 5 ("It gives no indication of whether plaintiffs were injured while serving on the same vessels or during the same time periods; no indication of whether they were injured by exposure to the same asbestos-containing products or equipment, nor any specification of the products or equipment to which they were exposed."); *See The Seibels Bruce Group, Inc. v. R.J. Reynolds Tobacco Co.*, 1999 WL 760527 (N.D.Cal. Sept. 21, 1999) ([Defendants' reliance on Abdullah] is misplaced. The court there did not dismiss plaintiff's subrogation claims because it aggregated all the individual asbestos' claimants; rather, it dismissed plaintiff's complaint because plaintiff failed to adhere to a court order requiring it to comply with the local rules governing joinder and specificity in asbestos litigation."). While ICRR might contend that the absence of claims regarding specific products is a fatal flaw in the present case, it must also be pointed out that there were 93 proposed defendants in *Abdullah* which would have made such an allegation much more important. In the case at bar, there is only one

defendant, ICRR, and plaintiffs do list the materials and equipment that plaintiffs worked on or around while employed.

¶17. ICRR also relies on *Saval v. B.L. LTD.*, 710 F.2d 1027 (4th Cir. 1983). In *Saval*, the court considered whether it was an abuse of discretion to deny joinder to several owners of Jaguar automobiles who claimed vehicle defects of six types. 710 F.2d at 1029. The court found that each vehicle had a different service history, had been driven differently, was purchased at different times, and further noted that the appellants had not demonstrated that the alleged problems resulted from a common defect. *Id.* at 1031. Further, the court found that the allegations of fraud and common warranties did not satisfy the "transaction or occurrence" test as "[t]he only basis for presale allegations of fraud in this case consists of advertisements and warranties similar to those made by every automobile manufacturer who sells automobiles in this country." *Id.* at 1031-32.

¶18. One important difference between the case at bar and *Saval* is the procedural posture in which the cases were received on appeal. In the case at bar, this Court is reviewing the decision of a lower court judge to grant joinder under Rule 20(a). In *Saval*, the Fourth Circuit was reviewing a decision to deny joinder. This Court has recognized that it is inappropriate to substitute its judgment on such matters. *Alexander*, 2001 WL 83952 *4 (Miss. Feb. 21, 1999) ( In discussing *Bobby Kitchens, Inc. v. Mississippi Ins. Guaranty Ass'n.*, 560 So. 2d 129 (Miss. 1989), this Court stated: "Although we felt that 'the better choice would have been to allow joinder,' this Court correctly recognized that it could not substitute its own judgment."). This is the same rationale used by the Fourth Circuit when it distinguished a later case, *Hinson v. Norwest Fin. S. C., Inc.*, 239 F.2d 611 (4th Cir. 2001), from its holding in *Saval*. *Hinson*, 239 F.2d at 618.

¶19. ICRR cites *Bobby Kitchens, Inc.* for the proposition that joinder is improper where the only similarity between claims is that they are brought under the same general legal theory; however, in the discussion of the joinder issue, this Court merely stated the rule of joinder under Miss.R.Civ.P. 20, that the standard of review was abuse of discretion, then stated that the better choice would have been to allow joinder, but that it was not an abuse of discretion to deny it. 560 So. 2d at 135.

¶20. ICRR also looks to *Demboski v. CSX Transp., Inc.*, 157 F.R.D. 28, 30 (S.D. Miss. 1994), to support its argument that joinder is inappropriate in the case at bar. *Demboski* dealt with four different plaintiffs suing CSX over four separate railroad crossing accidents. The district judge noted that the complaint involved "different plaintiffs, separate accidents, different crossings, different train crews, different dates and times, different driver conduct, different vehicles, different injuries, different damages, different defensive postures, and different physical facts which relate to federal preemption." 157 F.R.D. at 29-30. Based on this, the judge found that "[a]lthough Plaintiffs may develop some evidence indicating negligence on the part of Defendant that will be common to all claims, this Court is persuaded that common sense dictates that the evidence in other instances as to each specific incident will be so dissimilar that it would be very difficult to manage a consolidated trial." *Id.* at 30.

¶21. *Demboski* cites *Sun-X Glass Tinting of Mid-Wisconsin v. Sun-X Int'l, Inc.*, 227 F. Supp. 365 (W.D.Wis.1964), for an illustration of when joinder is inappropriate:

> For example assume 4 automobiles, A, B, C, and D. A and B collide, causing B to strike C, which in turn strikes D, parked at a curb. Here is a series of events which produce multiple claims. However, all possible claims will have stemmed from a common transaction or event, namely the collision of A and B. Further, assume A was at fault in the example; and further assume that 10 minutes earlier on the same highway, A negligently caused a collision involving E. Could it fairly be said that the claims of B, C, and D have any

common question of law or fact with E's claim against A? There are separate series of events or transactions. *Id.* at 374-75.

Just as in the illustration, the Court finds that the different crossing accidents did not stem from a common transaction or event, rather the crossing accidents stem from separate transactions which do not amount to a series of transactions or occurrences.

*Demboski*, 157 F.R.D. at 30.

¶22. ICRR also cites to *Grayson v. K-Mart*, 849 F. Supp. 785 (N.D. Ga. 1994), which this Court discussed in *Alexander*, 2001 WL 83952 (Miss. Feb. 1, 2001). *Grayson* involved eleven former K-Mart store managers who sued K-Mart for age discrimination under the ADEA and intentional infliction of emotional distress under the laws of four states. Joinder in *Grayson* "would have involved eleven different factual situations, eleven sets of work histories, eleven sets of witnesses and testimony, and the laws of four different states." *Alexander*, 2001 WL 83952 *5. In *Grayson*, the district court stated that:

Plaintiffs have not...directed this Court's attention to any discrete program or procedure employed by K Mart that affected each of the plaintiffs in this litigation. Absent some causal link between a common and identifiable wrongful act on the part of the defendant and the adverse action taken with respect to each plaintiff, the first prong of Rule 20(a) is not satisfied.

849 F. Supp. at 788. *Grayson* further stated that the second prong of Rule 20(a) was not met as:

[E]ach demotion decision affecting the plaintiffs in these cases was a discrete act by the defendant. "As indicated, the factual and legal questions between the plaintiffs and the defendant are based upon the wholly separate acts of the defendant with respect to each plaintiff."

*Id.* (quoting *Smith v. North Am. Rockwell Corp.*, 50 F.R.D. 515, 524 (N.D. Okla. 1970)).

¶23. Finding that the plaintiffs in *Alexander* were appropriately joined, this Court stated that:

It is clear that all of the plaintiffs' claims arise out of the same pattern of conduct, the same type of insurance, and involve interpretation of the same master policy. All of the plaintiffs' claims are similar with the exception of the actual dollar amount charged on premiums.... [Further], [i]n the case at hand, individual treatment did not take place but instead the same fraudulent scheme or course of conduct was allegedly involved.

*Id.*

¶24. As for whether plaintiff Travis is properly joined in the case at bar, two considerations must be addressed. First, whether the causes of action arise out of the same transaction or occurrence. Second, whether there is a question of law or fact common to all the plaintiffs. Travis argues that these claims arise out of ICRR's "policy of not warning or protecting its workers from the hazards of asbestos exposure, and breaching its non-delegable duty to provide a reasonably safe place to work."

¶25. As to the second prong of the Rule 20(a) test, Travis argues that there are multiple questions of law and fact that are common to all plaintiffs. Common questions of law, alleged by plaintiffs, include:

a) ICRR's negligence in failing to warn its employees of the dangerous hazards of asbestos

b) ICRR's negligence in failing to provide asbestos exposed employees' respirators, protective clothing and/or proper ventilation

c) ICRR's negligence in not providing plaintiffs and plaintiffs' decedents a reasonably safe place to work

d) ICRR's negligence in not substituting non hazardous materials for asbestos

e) ICRR's negligence in failing to test or monitor the work environment of plaintiffs and plaintiffs' decedents for the presence of dangerous concentrations of asbestos dust.

Common questions of fact, alleged by plaintiffs, include: one employer defendant for all plaintiffs; each plaintiff worked on the same or similar equipment and machinery owned by ICRR; each plaintiff claims asbestos disease; ICRR had actual knowledge of the hazards of asbestos by 1935; ICRR, in 1937, drafted rules for the prevention of asbestosis which it failed to follow-these rules include a written policy of not informing its employees that asbestos could be hazardous; ICRR failed to warn these plaintiffs; and ICRR failed to provide protective gear for these plaintiffs.

¶26. Travis cites *In re Norplant Contraceptive Prods. Liab. Litig.*, 168 F.R.D. 579 (E.D. Tex. 1996), to support its argument that Rule 20(a) joinder requirements are met. In *Norplant*, the defendants attempted to argue that plaintiffs could not be joined together unless they had their Norplant system inserted by the same physician or at the same medical facility. 168 F.R.D. at 581. The judge rejected this reasoning and agreed with plaintiffs that "the same transaction, occurrence or series of transactions or occurrences requirement of Rule 20(a) is met by [Plaintiffs'] allegation that Defendants, in the same series of acts and omissions specified in sealed Exhibit A, failed in their nationwide promotional materials to adequately warn Plaintiffs of the risks and severity of side effects associated with the use of Norplant." *Id.* He further agreed that the second prong of Rule 20(a) was met "given that common questions of law or fact exist in Plaintiffs' allegations of negligence, misrepresentation, and fraud arising out of the alleged series of acts and omissions committed by Defendants." *Id.*

¶27. We find that the lower court did not abuse its discretion in allowing the joinder of these Plaintiffs.

### (3) DID THE CIRCUIT COURT ERR IN FAILING TO DISMISS OR TRANSFER TRAVIS' CLAIM BASED ON THE DOCTRINE OF FORUM NON CONVENIENS?

¶28. As to the third argument, ICRR asserts that the doctrine of forum non conveniens makes Marshall County an inappropriate forum to hear Travis's claim. This Court has recognized that this doctrine is "inapplicable when the trial court is faced with a choice of venue between two Mississippi counties." *Clark v. Luvel Dairy Prods., Inc.*, 731 So. 2d 1098, 1107 (Miss. 1998). *See also Pisharodi v. Golden Triangle Reg'l Med. Ctr.*, 735 So. 2d 353 (Miss. 1999); *Donald v. Amoco Prod. Co.*, 735 So. 2d 161 (Miss. 1999); *Salts v. Gulf Nat. Life Ins. Co.*, 743 So. 2d 371 (Miss. 1999). However, it still applies when dealing with the question of whether another state would be a more appropriate forum. "A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff." *Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 728 So.2d 573, 576 (Miss.1999) (citing *Shewbrooks v. A.C. & S., Inc.*, 529 So. 2d 557, 561 (Miss. 1988)).

¶29. ICRR accurately states that this Court has developed a seven-factor test when considering a motion

to dismiss claim pursuant to the doctrine of forum non conveniens. These seven factors are: (1) relative ease of access to sources of proof, (2) availability and cost of compulsory process for attendance of unwilling witnesses, (3) possibility of viewing the premises, (4) unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy, (5) administrative difficulties for the forum courts, (6) whether there are local interests in deciding the case at home, and (7) the plaintiff's forum should rarely be disturbed. *Tircuit*, 554 So. 2d at 882. These are to be considered on a case-by-case basis.

### (A) Relative Ease of Access to Sources of Proof

¶30. ICRR argues that the record makes no mention of any substantial source of proof in this case present in Mississippi. However, Travis cites to a recent case where this Court took notice of ICRR's activities within Mississippi.

> First, there is an ease of access to sources of proof in Mississippi. The record indicates that ICR maintains an extensive business presence in Jackson, Mississippi. For example, in a document produced in the record marked "Illinois Central Corporate Headquarters," ICR's offices are listed. ICR maintains a transportation center and a quality service center at 2151 N. Mill St., Jackson, Mississippi. Next, the document indicates that ICR also maintains and operates an intermodal facility at 100 N. Commerce Park Drive, Jackson, Mississippi, and an automotive facility at 350 N. Market St., Jackson, Mississippi.

*Illinois Cent. R.R. v. Samson*, 799 So. 2d 20, 23 (Miss. 2001).

¶31. Two of ICRR's physician expert witnesses reside in Jackson, Mississippi; the individual responsible for asbestos removal from the ICRR system and documents related to this are housed in the Jackson, Mississippi offices; and, further, the person that ICRR identified as its employee with knowledge of claims or defenses of any party in this suit or who has knowledge of discoverable matter resides in Memphis, Tennessee, which is a short drive from Marshall County, Mississippi.

### (B) Availability and Cost of Compulsory Process for Attendance of Unwilling Witnesses

¶32. ICRR contends that all of the witnesses disclosed in discovery are located outside of Mississippi, and that it does not have the use of compulsory process for those witnesses who reside in Tennessee and Kentucky. While this is true, it must be recognized that in cases such as this, where it is the norm for employees to work across state lines, that no state would ever be perfectly convenient on this standpoint. Further, it would be appropriate for ICRR to compel video depositions of any out-of-state witnesses that could later be shown to the jury. As stated above, some of ICRR's witnesses are within the state. Further, at least two co-worker witnesses are residents of Mississippi. Clearly, this case is distinguishable from *Tircuit* where no witnesses could be found in Mississippi.

### (C) Possibility of Viewing the Premises

¶33. ICRR argues that if this case is tried in Marshall County, Mississippi that a view of the premises where Travis's decedent worked would be impractical and unfeasible. However, Plaintiff asserts that the Fulton, Kentucky location where Mr. Travis worked has been destroyed (although this is not mentioned in the record). It is apparent that visits to premises would be impractical no matter where the trial was held, as all employees worked at locations across three states. Further, Plaintiff notes that the steam locomotives which Mr. Travis and other plaintiffs operated are no longer in use, and many have been

destroyed. Thus, this is not a factor that weighs against Mississippi being a proper forum.

### (D) Unnecessary Expense or Trouble to the Defendant Not Necessary to the Plaintiff's Own Right to Pursue His Remedy

¶34. In the case at bar, ICRR has offices within Mississippi and some of its witnesses are within the State. Unlike in *Tircuit*, trial in Mississippi would not "inflict upon [Defendant] expense over and above that necessarily incident to affording these Plaintiffs their right to pursue their FELA remedy." 554 So. 2d at 883.

### (E) Administrative Difficulties for the Forum Courts

¶35. ICRR makes no new argument under this factor, other than to refer to the fact that witnesses and locations are outside of this State. It must be noted, however, that the documents regarding ICRR's removal of asbestos and several witnesses are within Mississippi, as well as numerous plaintiffs who are Mississippi residents and who worked in the Marshall County location. In *Tircuit*, we found that the administrative difficulties would be "enormous, if not insurmountable;" however, unlike *Tircuit*, the defendant *sub judice* has offices and witnesses that can be found within the State.

### (F) Whether There Are Local Interests in Deciding the Case at Home

¶36. Again, this case is easily distinguishable from *Tircuit* where none of the plaintiffs were Mississippi residents, and none had been injured within Mississippi. In the case below, there are several residents of Mississippi and other plaintiffs whose causes of action occurred in whole or in part within Mississippi. Further, ICRR has long operated within this State. This gives rise to a local interest in deciding this case in Mississippi, and having Plaintiff Travis joined should not remove this local interest.

### (G) Plaintiff's Forum Should Rarely Be Disturbed

¶37. This factor is discussed in *Tircuit*:

> While, unless the balance is strongly in favor of the defendant, the choice of a plaintiff who is a resident of the forum "should rarely be disturbed," deference to the plaintiff is less compelling when the plaintiff is a non-resident. There is no reason to assume a non-resident plaintiff will choose a foreign forum for purposes of convenience.

*Id*. at 882.

¶38. In the case below, Plaintiff Travis is a non-resident, and thus her choice is less compelling. However, this Court recognized that while a non-resident plaintiff's choice of venue may receive less deference, this does not mean that their choice is given no deference. *Metropolitan Life Ins. Co. v. Aetna Cas. & Sur. Co.*, 728 So.2d 573, 576 (Miss.1999). The factors under the forum non conveniens test do not weigh against Plaintiff's venue choice. Thus, it is appropriate to give some deference to Plaintiff Travis's choice of Marshall County. We find that the trial court properly denied ICRR's Motion to Dismiss based on forum non conveniens.

## CONCLUSION

¶39. We find that joinder was appropriate under Rule 20(a) of the Mississippi Rules of Civil Procedure, and venue that is proper to one plaintiff is proper for all under Rule 82(c). Thus, it was appropriate, and

not an abuse of discretion, for the trial court to deny the motion to dismiss as to the improper joinder and improper venue claims. Finally, the trial court's finding as to the claim of forum non conveniens is not clearly erroneous. Based on these findings, we affirm the trial court's denial of ICRR's motion to dismiss Plaintiff Travis's claim, and we remand this case to the trial court for further proceedings consistent with this opinion.

¶40. **AFFIRMED AND REMANDED.**

**PITTMAN, C.J., McRAE, P.J., WALLER, COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

| | |
|---|---|
| Lucile Evers, et al., | Case No.: 1:02cv708 G-R |
| Plaintiff, | **Memorandum Brief in Support of Plaintiffs' Emergency Motion to Remand to State Court Under Rule 7.2(G) and 7.2(H) of the Uniform Local Rules** |
| vs. | |
| AC&S, et al., | |
| Defendant | |

COME NOW the Plaintiffs in the above styled and numbered cause and submit this, their Memorandum Brief in Support of Plaintiffs' Emergency Motion to Remand and would respectfully show as follows:

## I.  INTRODUCTION

Plaintiffs filed their suit in the Circuit Court of Jones County, Mississippi in state court on June 4, 2002.[1]   Plaintiffs' claims against Amchem Products, Inc., Certainteed Corporation, C.E. Thurston & Sons, Inc., Combustion Engineering, Inc., Cooper Industries, Inc., Crossfield Products Corp., Dana Corporation, General Electric Company, Georgia-Pacific Corporation, Ingersoll-Rand Company, Kimberly-Clark Corporation, Owen-Illinois, Inc., and Union Carbide Corporation, (hereinafter referred to as "Removing Defendants") are grounded solely in the Mississippi common law of negligence and strict liability, as well as intentional tort claims.

In the First through Sixth Amended Complaints, Plaintiffs have included the following paragraph:

> The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and **incomplete diversity** of citizenship due to the presence of a Mississippi defendant.  Removal is improper.  Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed,

---

[1]      Plaintiffs filed their Original Complaint on June 4, 2002.  Plaintiffs' Fifth Amended Complaint, which was the complaint that was served on the Removing Defendants was filed on July 31, 2002.

Brief in Support of Remand

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

)                                                    )

(including any claim arising from an act or omission on a federal enclave, or of
any officer of the U.S. or any agency or person acting under him occurring under
color of such office).  No claim of admiralty or maritime law is raised.  Plaintiffs
sue no foreign state or agency.  Venue is proper in Jones County.

(emphasis added).  Because Plaintiffs have waived any claim based on federal constitutional,

statutory or common law grounds, and because **no diversity jurisdiction** exists, there is no

federal jurisdiction.

Plaintiffs claim that as manufacturers, distributors, packagers, furnishers, suppliers,

marketers and/or sellers of asbestos, and fully knowing the hazards of asbestos, Removing

Defendants failed to take precautions against exposing Plaintiffs to asbestos and failed to warn

them of the hazards of asbestos, thus allowing Plaintiffs to inhale and otherwise ingest hazardous

asbestos dust and to bring the deadly dust home on their person and deposit the fibers in their

domiciles where their family members were also exposed.  Plaintiffs further claim that Removing

Defendants intentionally, knowingly or recklessly allowed Plaintiffs to be exposed to asbestos,

thus causing injury to the Plaintiffs.

On September 6, 2002, the Removing Defendants filed a notice of removal in this case.  Removing

Defendants allege removal jurisdiction under 28 U.S.C. §1332, 1441 and 1446.  Removing Defendants

allege that Plaintiff William Readous, an Alabama resident, is fraudulently joined in this action because he

does not allege exposure in Mississippi or to products manufactured or distributed by any of the Mississippi

defendants.

## II. RULE 20 JOINDER DOES NOT CREATE FEDERAL JURISDICTION

In order to create an issue for removal, Removing Defendants have convoluted joinder

issues under Rule 20 of the Mississippi Rules of Civil Procedure with the more common notion of

fraudulent joinder that is normally alleged for diversity purposes.  Removing Defendants assert that

Plaintiff William Readous' claim is diverse and that he is "fraudulently joined" in the complaint.

The second sentence of the fourth paragraph of Removing Defendants' Notice of Removal

states "[t]o the extent plaintiffs may later contend that one or more plaintiffs are citizens of the

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BROOKHAVEN, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand

same state as one of the defendants, such plaintiffs and/or defendants were fraudulently joined and misjoined." This statement is both confusing and meritless.   If Removing Defendants are alleging that the Plaintiffs are improperly joined, then they are alleging a joinder issue under Rule 20 of the Mississippi Rules of Civil Procedure, which should be properly heard in the Circuit Court of Jones County, Mississippi.   If Removing Defendants believe that the joinder of the various Plaintiffs is improper, they may assert their contention in a court of proper jurisdiction, which in this case is the state court from whence this action came.   If however, Removing Defendants are asserting that no one Plaintiff asserts a claim against any one Defendant who resides in the same state so as to defeat diversity, it must address that issue.  It has not.

When a defendant asserts fraudulent joinder, it must show either that there is **no possibility** that the plaintiffs will be able to establish a cause of action against the in-state defendants in state court, or (2) there has been out-right fraud in the plaintiff's pleading of jurisdictional facts. B., Inc. v. Miller Brewing Company, 662 F.2d 645 (5th Cir. 1981) (emphasis added). Further, where charges of fraudulent joinder are used to establish federal diversity jurisdiction, the removing party has the burden of proving the claimed fraud.   28 U.S.C. § 1441(b). In evaluating a claim of fraudulent joinder the district court must resolve all disputed factual questions and legal ambiguities in favor of the plaintiff. Madison v. Vintage Petroleum, Inc., 114 F.3d 514 (5th Cir. 1997), citing Gasoline Co. v. Interenergy Resources, Ltd., 99 F.3d 746 (5th Cir. 1996).  28U.S.C.§1441(b) provides that diversity actions shall be removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). There is no question but that the presence of a defendant who is a citizen of the same state as a plaintiff destroys complete diversity and, therefore, federal question jurisdiction. See Whale v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992)("The diversity statute required 'complete diversity' of citizenship:  a district court cannot

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand

exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants.") (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).

Removing Defendants contend that this Court should not assume that any plaintiff has a claim against any non-diverse defendant without a specific allegation on behalf of a plaintiff to that effect.   However, the complaint clearly states that there is **incomplete diversity** of citizenship due to the presence of Mississippi defendants.  The complaint also states that Plaintiffs are adult resident citizens of the State of Mississippi, or other states of the United States. Removing Defendants are simply making an argument that Plaintiff William Readous is improperly joined under Rule 20 of the Mississippi Rules of Civil Procedure.  Clearly, this is a state law question and one that should properly be addressed in state court.

In Illinois Central Railroad Company v. Mary Francis Travis, Administratrix of the Estate of Clifton Davis Travis, Jr., Deceased, No. 2000-IA-01074-SCT (Feb 28, 2002), the Mississippi Supreme Court addressed these same issues.  Accordingly, the Supreme Court ruled that a joinder was proper under Rule 20 for multiple plaintiffs in that action.   Under the present scenario, Removing Defendants make the same argument but use it as a removal tool rather than a severance issue to be raised at the State Court level.

### III. PLAINTIFFS' CLAIMS ARE PROPERLY JOINED

Although the issue of proper joinder is one that would be best addressed by the Circuit Court of Jones County, Mississippi following remand of this issue, Plaintiffs maintain that (1) the Plaintiffs are properly joined and (2) one or more of the Plaintiffs have causes of action against one or more of the in-state defendants, thereby defeating diversity.

### A. Plaintiffs' Claims Arise out of the Same Transaction or Series of Transactions

Plaintiffs' claims arise out of the same pattern of conduct, the same type of exposure, involve the same type of asbestos containing products, and involve the same or similar damages.  Rule 20 of both the Federal and Mississippi Rules of Civil Procedure provides, in pertinent part:

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

In addition, joinder is to be construed liberally "to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." Applewhite v. Reichhold Chems., Inc., 67 F.3d 571, 574 n. 11 (5th Cir. 1995).   In this case Plaintiffs' claims arose from exposure to asbestos containing products that were manufactured, packaged, furnished, supplied, advertised, marketed, distributed, and sold by Defendants.   Plaintiffs experienced the same or similar exposure to the same or substantially similar products in the same or a substantially similar manner while employed in similar work environments.   There was nothing unique or individual about the Defendants' treatment of any of the plaintiffs nor was there anything unique about the Defendants' products.

**B. Plaintiffs Allege Common Questions of Law or Fact within the Meaning of Rule 20**

Rule 20 requires only that **any** question of law **or** fact common to the plaintiffs will arise in the action.   It does not require that every question of law or fact is common.   The present case contains numerous common issues of fact and law that apply to each and every plaintiff.   Some of these common issues include:

Defendants' negligence in failing to warn Plaintiffs of the dangerous propensities of asbestos and asbestos containing products; Defendants' negligence in failing to instruct Plaintiffs as to the proper and safe use of their products; Defendants' negligence in failing to provide Plaintiffs with, or suggest to Plaintiffs the use of, respirators and other protective devices when working with Defendants' products; Defendants' negligence in failing to determine the environment in which their products were used prior to introducing them to the public; Defendants' liability for placing an unreasonably dangerous product into the stream of commerce; and Defendants' breach of express and/or implied warranties.

In addition, Plaintiffs share common questions of fact such as the fact that each worked around the same or similar asbestos containing products; each Plaintiff claims asbestos disease; and Defendants had actual knowledge of the hazards of asbestos by 1935.

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

### C. There is No Misjoinder of Plaintiffs

The purpose of the joinder provision of both the Federal and the Mississippi Rules of Civil Procedure is to avoid multiple litigation and to promote liberal joinder of parties. Rule 21 does not apply to this action because the joined parties meet the prerequisites of Rule 20, relief has been demanded from all defendants, claims for relief have been stated against all defendants, and all plaintiffs have a real interest in the controversy.

### IV. CONCLUSION

Removing Defendants have misstated facts and misconstrued law to this Court in their attempt to achieve their ultimate goal of landing this case in the MDL in order to further delay the Plaintiffs' ability to prosecute their state law claims. The United States Supreme Court has expressed its confidence in the Federal District Courts in dealing with this type of improvident and fraudulent removal:

> The well-advised defendant, we are satisfied, will foresee the likely outcome of an unwarranted removal--a swift, and nonreviewable remand order attended by the displeasure of a district court whose authority has been improperly invoked.

Caterpillar Inc. v. Lewis, 519 U.S. 61, 77-78 (1996). Although the Plaintiffs maintain that they are properly joined, the issue of joinder is one that should properly be resolved by the state court, therefore Plaintiffs respectfully ask this Court to remand this case to state court.

### V.  REQUEST FOR EXPEDITED CONSIDERATION OF EMERGENCY MOTION TO REMAND

Pursuant to Rules 7.2(G) and (H) of the Uniform Local Rules of the United States District Courts of the Northern and Southern Districts of Mississippi, Plaintiffs respectfully request that this Court expedite its consideration of Plaintiffs' Motion to Remand. Pursuant to Rule 7.2(G), Plaintiffs respectfully request that this Court give priority to its consideration of this Emergency Motion to Remand as a jurisdictional motion as contemplated by the rule. In addition, pursuant

Brief in Support of Remand

to Rule 7.2(H), Plaintiffs consider this an urgent and necessitous matter, as several of the plaintiffs in this action have been diagnosed with various forms of asbestos related cancer and William Readous, the plaintiff that the Removing Defendants complain about, has a fatal form of asbestos related cancer known as malignant mesothelioma.  The median survival for a malignant mesothelioma from date of diagnosis is usually 6 to 15 months (*See* Roggli, V.L., Pratt PC, Pathology of Asbestos-Associated Diseases Boston: Little, Brown. 1992 pp. 77-108. (Hereinafter "Roggli")).  Malignant mesothelioma is caused only by asbestos.  IT IS ALWAYS FATAL.  (*See* Diagnosis of Diffuse Malignant Mesothelioma:  Experience of US/Canadian Mesothelioma Panel. Modern Pathlolgy Vol. 4. No. 3, 1991.  (*See also* Roggli supra at pp. 152-53)).

Further, as stated earlier, Removing Defendants have engaged in an improvident removal for the sole purpose of effecting a transfer of this case to the MDL to effect yet further delays in the resolution of this case.  Based on this Court's local rules, Plaintiffs hereby respectfully request this Court's expedited attention to this matter.

## VI.   IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT THE COURT SEVER OUT PLAINTIFF WILLIAM READOUS' CLAIMS

For the reasons set forth above this case should be remanded to state court.  If, however, the Court denies remand, plaintiffs respectfully request, in the alternative, that this Court sever out William Readous' claims so that the remainder of the case can proceed in state court.  Upon consideration of the policies of "judicial economy, convenience, and fairness to the parties," severance of the federal claims, from the remaining state law claims is warranted.  Crocker v. Borden, Inc., 852 F.Supp. 1322 (E.D. La. 1994)

In Crocker, Judge Livaudais held that severance and remand of all claims against all defendants *except* for those claims involving Westinghouse marine turbines was necessary so as to preserve plaintiffs' right to a "speedy and efficient determination of their claims." Id. at 1331. In fact, Westinghouse filed its own motion for severance in that case, claiming that severance

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand

was warranted where evaluation of third-party claims against Westinghouse by primary defendants would only create confusion for the jury. Id. Evaluating the considerations of judicial economy and fairness first embraced in United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966), and conscious of the inevitable reality of MDL litigation, Judge Livaudais found that if the plaintiffs' claims were not remanded to state court, it would take years before these cases were resolved. Moreover, there was "no reason to believe that, in terms of expediency and efficiency, these cases ought to be in federal court where they would be tried with all due haste. . .quite the opposite appears to be the truth." Crocker, 852 F.Supp. at 1330.

Should this Court find remand is not warranted, severance is appropriate out of fairness to the Plaintiffs' claims, as a matter of judicial economy and, finally, so that plaintiffs can timely proceed in state court on their state law claims as to the other defendants.

WHEREFORE, Plaintiffs pray that this Honorable Court grant their motion and remand this case to the Circuit Court of Jones County, Mississippi, and to award costs, including reasonable attorney's fees incurred in bringing this Motion to Remand.

JOSEPH C. LANGSTON, MSB# 1060
JOHN F. PERRY, III, MSB# 10530

The Langston Law Firm, P.A.
100 South Main Street
Post Office Box 787
Booneville, MS 38829
662.728.3138

OF COUNSEL:

Rhon E. Jones, Esq.
BEASLEY ALLEN
Post Office Box 4160
Montgomery, AL 36103-4160

G. Patterson Keahey, Esq.
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, AL 35209
205.871.0707

The Langston Law Firm, P.A.
100 South Main Street
Post Office Box 787
Booneville, Mississippi 38829
(662) 728-3138

Brief in Support of Remand

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true and correct copy of the above and foregoing by U.S. Mail, properly addressed and postage prepaid this _____19th_____ day of September, 2002, to:

All Known Defense Counsel listed on the attached service list;

Choice Professional Overnight Copy Service

Honorable District Judge Walter J. Gex, III
725 Dr. Martin Luther King, Jr. Blvd, Suite 238
Biloxi, MS 39530

Of Counsel

THE LANGSTON LAW FIRM, P.A.
100 SOUTH MAIN STREET
POST OFFICE BOX 787
BOONEVILLE, MISSISSIPPI 38829
(662) 728-3138

Brief in Support of Remand