IN THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL- 875     IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

COME NOW the Plaintiffs, in the actions listed upon the attached schedule, and move this Honorable Panel to vacate the Conditional Transfer Order which has been entered effectively transferring said actions from the United States District Court from the Southern District of Mississippi to the Panel. Plaintiffs request that the Conditional Transfer Order be vacated for the following reasons, to-wit:

### I.
### THE TRANSFER OF THE ACTIONS AT THIS TIME WOULD BE CREATE UNDUE DELAY AND BE HIGHLY PREJUDICIAL

The actions *sub judice* are currently before the United States District Court for the Southern District of Mississippi, Southern Division. Said actions are wrongfully before that Court following an improper removal from state court by some, but not all, of the named defendants. Plaintiffs in these actions have filed their timely Motions to Remand and the period of time allotted for defendants to respond has elapsed.

While Counsel for Plaintiffs is aware that the transferee Court will be amply suited to consider said Motions to Remand, judicial economy and the rights of the parties would not be served by transferring these cases. The Honorable Walter J. Gex, III, United States District Judge for the Southern District of Mississippi, Southern Division, has already begun the consideration of Plaintiffs' Motions to Remand. In fact, on November 21, 2002, that Honorable Court requested Plaintiffs to send additional briefing, over-night, that would, presumably, answer certain questions of the Court.

IMAGED DEC 3 '02   OFFICIAL FILE COPY

This request of Judge Gex provides evidence that the Court is actively considering Plaintiffs' Motions to Remand. To transfer these actions while the Court is in the process of determining if federal jurisdiction even exists would be improvident. Were these actions to be transferred to the Eastern District of Pennsylvania, Judge Weiner would have to begin anew the consideration of Plaintiffs' Motions to Remand. Therefore, both Plaintiffs and Defendants would be subject to an undesired delay in the determination of this crucial issue. Furthermore, not one, but two, federal judges would have exhausted valuable time in the consideration of Plaintiffs' Motions.

Counsel for Plaintiffs have served as counsel for Plaintiffs in other actions that have been transferred by the Panel. As such, they understand that the purpose of the Panel is to serve judicial economy while protecting the rights of the parties. For that reason, Plaintiffs' Counsel has never sought to vacate a Conditional Transfer Order of the Panel, even when federal jurisdiction was questioned. Instead, remand arguments were made to the transferee Court. In the present actions, however, the Conditional Transfer Orders came only after the present Court had begun consideration of the issue. For that reason, judicial economy, and the rights of the parties, will not be served by the immediate transfer of the actions.

Plaintiffs request that this Honorable Panel vacate the Conditional Transfer Orders in the present actions. Once Judge Gex concludes his consideration of Plaintiffs' Motions to Remand, Plaintiffs in any of these actions found to come under federal jurisdiction, will themselves notify the Panel of the existence of a tag-along action and whole-heartedly consent to the transfer of said action(s) to the Panel.

## II.
## ALL OF THE DEFENDANTS IN THE PRESENT ACTIONS HAVE NOT CONSENTED TO THE REMOVAL OF THESE ACTIONS

Finally, while Plaintiffs are aware that this Motion is not one for remand, it should be pointed out that the actions *sub judice* are without federal jurisdiction. Between nineteen (19) and twenty-five (25) named and served defendants, depending on the action, have not consented to the removal of these actions to federal court. Therefore, it can be presumed that the same number of defendants has not or would not consent to the transfer of these actions to the Panel. These defendants have thus far offered no opposition to Plaintiffs' above referenced Motions to Remand and it is, therefore, unknown whether they will oppose or even respond to this Motion to Vacate the Conditional Transfer Order.

## CONCLUSION

Plaintiffs herein are not questioning the authority or the utility of this Honorable Panel. Instead, Plaintiffs simply point out that the transfer of these actions at this point in time would be counter to the Panel's purpose and goals. Judge Gex has already been fully briefed on the issues of remand. He has already devoted valuable time and faculties to considering those issues. A decision on those issues is forthcoming. A transfer to a new Court, where another Judge will have to begin that consideration anew would be counter-productive and cause undue delay to both parties. Therefore, Plaintiffs merely request that the Conditional Transfer Order be vacated pending the outcome of Plaintiffs' Motions to Remand. Should said Motions be overruled, the Conditional Transfer Order could then be reentered and would have the full consent of Plaintiffs.

Respectfully submitted,

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2002

FILED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS:

*Pauline Addison, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV724GR

*Nettie Adkins, et al v. American Standard, Inc., et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV728GR

*Katie Avery, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV731GR

*Joe Bailey, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV726GR

*Dorothy Baldwin, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV725GR

*James Barber, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV734GR

*James Barfield, et al v. Allen-Bradley Co., LLC, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV729GR

*Percy Barnes, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV727GR

*Calvin Buckley, et al v. A.O. Smith, et al*
United States District Court for the Southern District of Mississippi
Civil Action No. 1:02CV733GR



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2002 NOV 29 A 10: 29
RECEIVED
CLERK'S OFFICE

_____
ROGER D. LOTT, JR.
ATTORNEY FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 29 2002

FILED
CLERK'S OFFICE

OF COUNSEL FOR PLAINTIFFS:

Larry O. Norris (Miss. Bar # 3883)
Roger D. Lott, Jr. (Miss. Bar # 100302)
LARRY O. NORRIS, PA
P.O. Box 8
Hattiesburg, MS 39401-0008
(601) 545-2011 telephone
(601) 584-6634 telecopier

## CERTIFICATE OF SERVICE

I, Roger D. Lott, Jr., hereby certify that I have this day served, via U.S. Mail, postage pre-paid, a true and correct copy of the foregoing Motion and Brief to Vacate Conditional Transfer Order on each Counsel listed on the attached service list.

This the 27th day of November, 2002.

_____
ROGER D. LOTT, JR.

RECEIVED
CLERK'S OFFICE
2002 NOV 29 A 10: 29
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-219)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Pauline Addison, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-724
*Dorothy Baldwin, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-725
*Joe E. Bailey, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-726
*Percy Barnes, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-727
*Nettie Adkins, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-728
*James E. Barfield, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-729
*Katie Avery, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-731
*Calvin Buckley, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-733
*Jimmy Barber, et. al. v. A.O. Smith, et. al.*, S.D. Mississippi, C.A. No. 1:02-734

Robert M. Arentson, Jr.
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Nathaniel A. Bosio
Dogan, Wilkinson, Kinard, Smith & Edwards
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Marcy L. Bryan
Forman, Perry, Watkins & Krutz
P.O. Box 22608
Jackson, MS 39225

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

W. M. Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Michael O. Gwin
Watkins & Eager
P.O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2002 NOV 29 A 10: 29
RECEIVED CLERK'S OFFICE

PANEL SERVICE LIST (Cont.) MDL-875                                                                 Page 2 of 2

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Roger D. Lott
Larry O. Norris, PA
P.O. Box 8
Hattiesburg, MS 39403-0008

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Holly E. Ramsey
McCalla, Thompson, Pyburn, Hymowitz & Shapiro
650 Poydras Street, Suite 2800
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Cowles E. Symmes
Aultman, Tyner, Ruffin & Yarborough, Ltd
P.O. Box 750
Hattiesburg, MS 39403

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin & Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

John E. Wade
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-9425

William L. Watt
Brunini, Grantham, Grower & Hewes, PLLC
P.O. Drawer 210
Pascagoula, MS 39568

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406