JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 2 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, E.D. Pennsylvania (W.D. Pennsylvania, C.A. No. 2:02-304)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

## REMAND ORDER

Before the Panel are motions, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by defendants Joseph B. Cox, Jr., and Joseph B. Cox, Jr., Ltd., and Cox & Cox L.L.P. in one MDL-875 action (*Huber*). Movants, joined by the remaining *Huber* defendants, request the Panel to vacate the Panel's order conditionally remanding *Huber* to the Western District of Pennsylvania from the Eastern District of Pennsylvania transferee district. Plaintiffs in *Huber* support remand.

On the basis of the papers filed and hearing session held, the Panel finds that remand of *Huber* is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977). In the matter now before us, the transferee judge has entered an order reflecting his determination that remand has become appropriate. The number of Section 1407 remands in this docket is proportionately small, because under Judge Charles R. Weiner's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as

---

*Judge Sear took no part in the decision of this matter.

OFFICIAL FILE COPY    IMAGED DEC 1 5 '02

- 2 -

of November 25, 2002, over 73,000 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule Judge Weiner's advice when he determines, with respect to a given constituent action, that i) common pretrial proceedings have been completed, ii) resolution in the transferee district is no longer likely, and iii) remand of the action or claims therein has become the preferred course. We therefore will adopt Judge Weiner's suggestion and order remand of *Huber*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, E.D. Pennsylvania (W.D. Pennsylvania, C.A. No. 2:02-304) is remanded to the Western District of Pennsylvania.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman