JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 16 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** | | |

*This Document Relates To:*

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and<br>JUDITH ANN ALLEN, | § §<br>§ | Civ. Act. No. 1:02-CV-2771-JOF |
| *Plaintiffs,* | § § | |
| vs. | § § | UNITED STATES DISTRICT<br>COURT FOR THE NORTHERN |
| CERTAINTEED CORPORATION, et al., | § § | DISTRICT OF GEORGIA |
| *Defendants.* | § § | |

## NOTICE OF OPPOSITION TO CTO-220

The Plaintiffs file their Notice of Opposition to Conditional Transfer Order 220, and would show as follows:

Pursuant to Rule 7.4(c), all parties hereto and the Panel should take notice that the Plaintiffs Judith and Arnold Allen oppose CTO-220 and the transfer of the above case to MDL 875.

The Plaintiffs, for their reasons for this Opposition, hereby incorporate herein by reference for all purposes their Motion to Vacate CTO-220 and Brief in Support, attached hereto as Exhibit A.

NOTICE OF OPPOSITION TO CTO-220 -- Page 1

IMAGED DEC 19 '02          **OFFICIAL FILE COPY**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 6 2002

FILED
CLERK'S OFFICE

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: _____
ALAN B. RICH
Texas Bar No. 16842350

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served via United States mail to all counsel of record on the attached service list on the 16TH day of December, 2002.

_____

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 16 2002

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § | |
| Asbestos Product Liability Litigation (No. VI) | § | MDL 875 |

*This Document Relates To:*

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and JUDITH ANN ALLEN, | § § § | Civ. Act. No. 1:02-CV-2771-JOF |
| *Plaintiffs,* | § § § | |
| vs. | § § | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA |
| CERTAINTEED CORPORATION, *et al.*, | § § § | |
| *Defendants.* | § | |

## MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT

The Plaintiffs file their Motion to Vacate Conditional Transfer Order 220 and Brief in Support, and would show as follows:

I.

### INTRODUCTION

This case involves a man dying of Mesothelioma. It is also the *second* removal of this case by the same defendant – AlliedSignal/Honeywell, a defendant well-known for removing tens of thousands of now remanded "Friction Products Claims." AlliedSignal first removed this case in June of 2002, asserting that, as a "Friction Products Claim," it

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 1

atty. called re sending a
signed original + 11 copies of
M/B within 15 days. RM 12/17/02



PLAINTIFF'S
EXHIBIT
A

was related to the Federal Mogul bankruptcy.[1] Then, some *six months after the case was filed*, and after the Third Circuit Court of Appeals dismissed the appeal and denied mandamus from the District of Delaware's Remand Order of Friction Products Claims, AlliedSignal removed again, but now the *entire* case, this time asserting that a summary judgment in favor of a resident defendant made the case removable, ignoring long-standing precedent that an involuntary dismissal of a defendant cannot create diversity jurisdiction. After realizing their plain legal error, AlliedSignal in reply asserted yet other theories, like "fraudulent joinder." AlliedSignal has said and done anything to delay this case, *since delay is an end in itself* considering Mr. Allen's deteriorating condition. The federal court in Georgia has the remand motion under submission, but has not yet ruled.

## II.

## ARGUMENT

Allied/Signal's pattern and practice of interminable delay of a still-living mesothelioma victim's day in court is deplorable. This Panel should not provide aid and comfort to AlliedSignal's extraordinary efforts designed to avoid facing a still-living victim before a jury. The Motion to Remand this case to Georgia state court has been filed in the Northern District of Georgia and is under submission. The Panel should allow that court to rule, a decision which fosters the most direct route to Mr. and Mrs. Allen's opportunity to have the trial to which they are entitled.

---

[1] This case has actually been removed three times, as General Motors, Chrysler and Ford also removed it alleging bankruptcy jurisdiction.

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 2

Furthermore, simply decency counsels that the Panel allow the Georgia federal court to rule. The transfer of this case to the MDL court would cause immeasurable delay in the prosecution and trial of this case, and would likely eliminate Mr. Allen's opportunity to have his day in court – and to have peace of mind prior to the inevitable. Even Mr. Allen's alternative route to peace of mind – at least assuring as best he can that his wife and family will be taken care of after his death – would be completely thwarted by a transfer. Since, by definition, there can be no trial date should the case be transferred, the defendants will have no compelling reason to discuss potential settlements. Anyone with any experience in asbestos litigation, and certainly any candid defense counsel, would not dispute that in a mesothelioma case, settlements with trial defendants are exceedingly rare absent a firm trial date. Therefore, the Allens implore the MDL Panel to let the federal court in Georgia rule on the pending motion to remand before considering making the CTO a final order.[2]

This Panel has acknowledged that a transfer can be delayed in the interest of comity, to allow the putative transferor court an opportunity to rule on an important pending pretrial motion – and under far less compelling human circumstances. *See In Re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its

---

[2] Plaintiffs would add that no purpose would be serve by Multidistrict consolidation here since all "common" asbestos discovery has been completed in MDL 875 as a whole, even before this particular case was filed.

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 3

orders in a manner which will permit the transferor courts...to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past *and will be followed in the future* by the Panel.") (emphasis added)

While the Panel has also stated that since transferee courts may decide remand motions, the simple fact that a remand motion pends would not delay transfer, this case is most assuredly different. The slight delay which would be occasioned by waiting and allowing the local federal court to rule cannot compare to the damage which would be wrought to the Allens by rote incantation of that principle here. This is not a case involving cell phones, overtime pay, antitrust violations or consumer fraud; at stake here is not a mere matter of procedure or venue. At issue here is a person's only opportunity to achieve justice for himself and his family in his lifetime. Equity, good conscience and fairness counsels the Panel to honor here the policy of comity -- which "has been followed in the past and will be followed in the future by the Panel" – for if not now, when?

### III.

### CONCLUSION

Plaintiffs oppose transfer of this case and move under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied, and that these cases remain in the Transferor Court, and that thereafter the cases be remanded to the state court, and that they receive all other relief to which they are entitled.

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 4

that they receive all other relief to which they are entitled.

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: _____
     ALAN B. RICH
     Texas Bar No. 16842350

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served via United States mail to all counsel of record on the attached service list on the ____ day of December, 2002.

_____