**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 18 2002

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | | |
|---|---|---|
| PAULINE ADDISON, ET AL., | ) | No. 1:02-724 (S.D. Miss.) |
| KATIE AVERY, ET AL., | ) | No. 1:02-731 (S.D. Miss.) |
| JOE BAILEY, ET AL., | ) | No. 1:02-726 (S.D. Miss.) |
| DOROTHY BALDWIN, ET AL., | ) | No. 1:02-725 (S.D. Miss.) |
| JAMES BARBER, ET AL., | ) | No. 1:02-734 (S.D. Miss.) |
| PERCY BARNES, ET AL., | ) | No. 1:02-727 (S.D. Miss.) |
| CALVIN BUCKLEY, ET AL., | ) | No. 1:02-733 (S.D. Miss.) |
| Plaintiffs, | ) | |
| v. | ) | |
| A.O. SMITH, ET AL., | ) | |
| Defendants. | ) | |
| NETTIE ADKINS, ET AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:02-728 (S.D. Miss.) |
| AMERICAN STANDARD, INC., ET AL., | ) | |
| Defendants. | ) | |
| JAMES BARFIELD, ET AL., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 1:02-729 (S.D. Miss.) |
| ALLEN BRADLEY CO., LLC, ET AL., | ) | |
| Defendants. | ) | |

PLEADING NO. 3814

2002 DEC 18 P 2:13
JUDICIAL PANEL
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

**OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-219**

**OFFICIAL FILE COPY** IMAGED DEC 23 '02

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 8 2002

FILED
CLERK'S OFFICE

Defendant CertainTeed Corporation respectfully submits this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 219 in the above-referenced cases. Plaintiffs filed their motion on November 29, 2002, and the Panel docketed it as Pleading No. 3801.

Defendant opposes plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

These are asbestos personal injury cases, and as such they fall within the category of cases that should be transferred to MDL No. 875. Plaintiffs nonetheless argue that the Panel should not transfer the cases to MDL No. 875 because they were not properly removed to federal court. Pl. Mot. 1-3. Thus, plaintiffs contend that this Panel should vacate the CTO until the federal district court in Mississippi addresses plaintiffs' motion to remand. Id. at 2. Plaintiffs also argue that "judicial economy, and the rights of the parties, will not be served by the immediate transfer of the actions." Id.

The Panel has rejected plaintiffs' arguments against transfer over and over again. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 (citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991)). The Panel has repeatedly

- 3 -

reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, e.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 n.1 ("Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[2]

Plaintiffs also argue that "judicial economy, and the rights of the parties" favor denial of transfer. Pl. Mot. at 2. But the Panel has consistently rejected those arguments as well, noting that "transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings * * * will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 (citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991)). Plaintiffs have provided no basis for ignoring that long-settled conclusion here.

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of

---

[1] E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 9, 2002) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17, 2002) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Feb. 19, 2002) (transfer order), at 1.

[2] The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 n.1.

Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, plaintiffs have presented no basis on which the Panel should vacate CTO-219 with respect to these cases. For these reasons, the Panel should deny plaintiffs' motion.

> Respectfully submitted,
>
> John D. Aldock
> Elizabeth Runyan Geise
> Adam M. Chud
> Shea & Gardner
> 1800 Massachusetts Avenue, N.W.
> Washington, D.C. 20036
> (202) 828-2000
>
> Attorneys for defendant
> CertainTeed Corporation

December 18, 2002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CERTIFICATE OF SERVICE**

DEC 18 2002

FILED
CLERK'S OFFICE

I hereby certify that, on this 18th day of December, 2002, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition to Plaintiffs' Motion To Vacate CTO-219 to be served by hand on the Clerk of the Panel:

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 18th day of December, 2002, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 18th day of December, 2002, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

Adam M. Chud

## SERVICE LIST

Robert M. Arentson, Jr.
Baker, Donelson, Bearman & Caldwell
P.O. Box 14167
Jackson, MS 39236

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Nathaniel A. Bosio
Dogn, Wilkinson, Kinard, Smith & Edwards
P.O. Box 1618
734 Dalmas Avenue
Pascagoula, MS 39568

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building – 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39501

W.M. Edwards
Page Mannino Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Michael O. Gwin
Watkin & Eager
P.O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza - East Tower
951 East Byrd Street
Richmond, VA 23219

2

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Roger D. Lott
Larry O. Norris, PA
P.O. Box 8
Hattiesburg, MS 39403

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P.O. Box 1792
Mt. Pleasant, SC 29465

Holly E. Ramsey
McCalla Thompson
650 Poydras Street, Suite 2800
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
John D. Roven & Associates
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West - 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Cowles E. Symmes
Aultman, Tyner, Ruffin & Yarbrough
P.O. Box 750
Hattiesburg, MS 39403

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, McNeese, Ruffin & Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403

John E. Wade
William L. Watt
Brunini Grantham Grower & Hewes
P.O. drawer 119
Jackson, MS 39205

3

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-9425

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406


_____
Adam M. Chud