ORIGINAL 

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 31 2002

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| In re: | § § § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | | |

*This Document Relates To:*

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and JUDITH ANN ALLEN, | § § § § § § § § § § § § § | Civ. Act. No. 1:02-CV-2771-JOF |
| *Plaintiffs,* | | |
| vs. | | UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA |
| CERTAINTEED CORPORATION, *et al.*, | | |
| *Defendants.* | | |

PLEADING NO. 3818

## MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT

The Plaintiffs file their Motion to Vacate Conditional Transfer Order 220 and Brief in Support, and would show as follows:

### I.

### INTRODUCTION

This case involves a man dying of Mesothelioma. It is also the *second* removal of this case by the same defendant – AlliedSignal/Honeywell, a defendant well-known for removing tens of thousands of now remanded "Friction Products Claims." AlliedSignal first removed this case in June of 2002, asserting that, as a "Friction Products Claim," it

OFFICIAL FILE COPY   IMAGED JAN 6 '03

was related to the Federal Mogul bankruptcy.[1] Then, some *six months after the case was filed*, and after the Third Circuit Court of Appeals dismissed the appeal and denied mandamus from the District of Delaware's Remand Order of Friction Products Claims, AlliedSignal removed again, but now the *entire* case, this time asserting that a summary judgment in favor of a resident defendant made the case removable, ignoring long-standing precedent that an involuntary dismissal of a defendant cannot create diversity jurisdiction. After realizing their plain legal error, AlliedSignal in reply asserted yet other theories, like "fraudulent joinder." AlliedSignal has said and done anything to delay this case, *since delay is an end in itself* considering Mr. Allen's deteriorating condition. The federal court in Georgia has the remand motion under submission, but has not yet ruled.

II.

ARGUMENT

Allied/Signal's pattern and practice of interminable delay of a still-living mesothelioma victim's day in court is deplorable. This Panel should not provide aid and comfort to AlliedSignal's extraordinary efforts designed to avoid facing a still-living victim before a jury. The Motion to Remand this case to Georgia state court has been filed in the Northern District of Georgia and is under submission. The Panel should allow that court to rule, a decision which fosters the most direct route to Mr. and Mrs. Allen's opportunity to have the trial to which they are entitled.

---

[1] This case has actually been removed three times, as General Motors, Chrysler and Ford also removed it alleging bankruptcy jurisdiction.

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 2

Furthermore, simply decency counsels that the Panel allow the Georgia federal court to rule. The transfer of this case to the MDL court would cause immeasurable delay in the prosecution and trial of this case, and would likely eliminate Mr. Allen's opportunity to have his day in court – and to have peace of mind prior to the inevitable. Even Mr. Allen's alternative route to peace of mind – at least assuring as best he can that his wife and family will be taken care of after his death – would be completely thwarted by a transfer. Since, by definition, there can be no trial date should the case be transferred, the defendants will have no compelling reason to discuss potential settlements. Anyone with any experience in asbestos litigation, and certainly any candid defense counsel, would not dispute that in a mesothelioma case, settlements with trial defendants are exceedingly rare absent a firm trial date. Therefore, the Allens implore the MDL Panel to let the federal court in Georgia rule on the pending motion to remand before considering making the CTO a final order.[2]

This Panel has acknowledged that a transfer can be delayed in the interest of comity, to allow the putative transferor court an opportunity to rule on an important pending pretrial motion – and under far less compelling human circumstances. *See In Re Plumbing Fixture Cases,* 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its

---

[2] Plaintiffs would add that no purpose would be serve by Multidistrict consolidation here since all "common" asbestos discovery has been completed in MDL 875 as a whole, even before this particular case was filed.

MOTION TO VACATE CTO-220 AND BRIEF IN SUPPORT -- Page 3

orders in a manner which will permit the transferor courts...to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past *and will be followed in the future* by the Panel.") (emphasis added)

While the Panel has also stated that since transferee courts may decide remand motions, the simple fact that a remand motion pends would not delay transfer, this case is most assuredly different. The slight delay which would be occasioned by waiting and allowing the local federal court to rule cannot compare to the damage which would be wrought to the Allens by rote incantation of that principle here. This is not a case involving cell phones, overtime pay, antitrust violations or consumer fraud; at stake here is not a mere matter of procedure or venue. At issue here is a person's only opportunity to achieve justice for himself and his family in his lifetime. Equity, good conscience and fairness counsels the Panel to honor here the policy of comity – which "has been followed in the past and will be followed in the future by the Panel" – for if not now, when?

### III.

### CONCLUSION

Plaintiffs oppose transfer of this case and move under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied, and that these cases remain in the Transferor Court, and that thereafter the cases be remanded to the state court, and that they receive all other relief to which they are entitled.

Case MDL No. 875   Document 3818   Filed 12/31/02   Page 5 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 3 1 2002

FILED
CLERK'S OFFICE

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: _____
ALAN B. RICH
Texas Bar No. 16842350

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served via United States mail to all counsel of record on the attached service list on the _30_ day of December, 2002.

_____

PANEL SERVICE LIST (Excerpted from CTO-220)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Arnold Alvin Allen, et al. v. Georgia-Pacific Corp., et al.*, N.D. Georgia, C.A. No. 1:02-2771

Jay Michael Barber
Decker & Hallman
285 Peachtree Center Avenue
1200 Marquis II Tower
Atlanta, GA 30303-1264

Charles R. Beans
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Frank C. Bedinger, III
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Marla-Dean Brooks
Smith Moore, LLLP
1355 Peachtree Street, N.E.
750 The Peachtree
Atlanta, GA 30309

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley &
Scarborough, LLP
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Taylor T. Daly
Nelson, Mullins, Riley &
Scarborough, LLP
999 Peachtree Street, N.E.
1400 First Union Plaza
Atlanta, GA 30309-3964

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Thomas F. Dougall
Law Office of Thomas F. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

C. Michael Evert, Jr.
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Scott A. Farrow
Troutman Sanders, L.L.P.
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Richard L. Forman
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John A. Gilleland
Love, Willingham, Peters, Gilleland &
Monyak
600 Peachtree Street, N.E.
Bank of America Plaza, Suite 2200
Atlanta, GA 30308

David A. Handley
Smith, Gambrell & Russell
Promenade II, Suite 3100
1230 Peachtree, N.E.
Atlanta, GA 30309-3592

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ollie M. Harton
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

William D. Harvard
Blasingame, Burch, Garrard, Bryant &
Ashley
P.O. Box 832
Athens, GA 30603-0832

David Andrew Hughes
Ogletree, Deakins, Nash, Smoak & Stewart
600 Peachtree Street, N.E.
Suite 2100
Atlanta, GA 30308

James E. Joiner
Troutman Sanders, L.L.P.
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

PANEL SERVICE LIST MDL-875 (Cont.)                                                                 Page 2 of 2

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Stephen M. Lore
Nelson, Mullins, Riley &
Scarborough
999 Peachtree Street, N.E.
First Union Plaza, Suite 1400
Atlanta, GA 30309-3964

Peter J. McKenna
Skadden, Arps, Slate, Meagher &
Flom
Four Times Square
New York, NY 10036

Charles David Mecklin, Jr.
Tisinger, Tisinger Vance & Greer
P.O. Box 2069
100 Wagon Yard Plaza
Carrollton, GA 30117

David F. Miceli
Tisinger, Tisinger Vance & Greer
P.O. Box 2069
100 Wagon Yard Plaza
Carrollton, GA 30117

Kristine Berry Morain
Barton Protective Services, Inc.
Eleven Piedmont Center
Suite 410
Atlanta, GA 30305

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Albert H. Parnell
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Alan B. Rich
Baron & Budd
The Centrum, Suite 1100
3102 Oaklawn Avenue
Dallas, TX 75219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Todd E. Schwartz
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Rose Marie Wade
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

J. Bruce Welch
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Henry Lane Young, II
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243