MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 3 1 2002

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: § | |
| § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) § | |

This Document Relates to:

| | | |
|---|---|---|
| HARDY L. CLINE, ET AL. | § | |
| PLAINTIFFS, | § | CIVIL ACTION NO. 6:02CV491 |
| | § | |
| v. | § | |
| | § | United States District Court for the |
| UNION CARBIDE CORPORATION, | § | Eastern District of Texas, Tyler |
| ET AL. | § | Division |
| DEFENDANTS. | § | |

PLEADING NO. 3819

## MOTION TO VACATE AND BRIEF IN SUPPORT

COME NOW PLAINTIFFS and, within five (15) days of the filing of their Notice of Opposition to the proposed transfer of the above-captioned action, file this, their Motion to Vacate and Brief in Support thereof and would respectfully show this Honorable Court as follows:

### I.

### INTRODUCTION

On September 6, 2002 Plaintiffs filed their Original Petition in the District Court of Gregg County, Texas. Plaintiffs filed this action in Texas state court to recover money damages for asbestos-related injuries sustained as a result of exposure to Defendants' asbestos-containing products.

On October 10, 2002 Defendants Union Carbide Corporation (hereinafter "Union Carbide), Calidria Corporation (hereinafter "Calidria"), and KCAC Inc. filed their Notice of Removal and Brief in Support (hereinafter "Defendants' Notice") and removed this case to the

United States District Court for the Eastern District of Texas. As their basis for removal, Defendants attempted to invoke federal court jurisdiction under 28 U.S.C. §1332. Defendants asserted that removal is proper under 28 U.S.C. §1332 because complete diversity of citizenship exists between all Plaintiffs and all Defendants and the amount in controversy exceeds $75,000.00. However, Defendants waived their right to removal by seeking affirmative relief in state court prior to filing their notice of removal, Defendants failed to properly invoke the federal court's subject matter jurisdiction, and Defendants did not meet all of the procedural requirements to properly effectuate the removal. For these reasons, on October 23, 2002, Plaintiffs filed their Motion to Remand in the Eastern District of Texas. The federal court in Texas has the remand motion under submission, but has not yet ruled.

## II.

## ARGUMENT

Defendants have improperly removed this state action and for this reason, Plaintiffs will suffer a great injustice and be denied their right to choose which forum to bring this cause of action. Additionally, since this case should and will be remanded to state court, it would be a waste of judicial resources and this panels valuable time to permit the transfer. Instead, Plaintiffs ask that this panel allow Plaintiffs to seek justice in the proper forum where justice should be sought, in Texas state court.

Plaintiffs recognize that defendants look for any reason imaginable to remove a state court asbestos action to the federal court to shift the case into the MDL court. Despite the Defendants efforts, the law of civil procedure and the removal process still remains superior and must be adhered to in all cases. It is for this reason that Plaintiffs ask this panel to deny the transfer order and allow the Texas federal court to decide the issue of remand. Plaintiffs request

that the Panel not allow Defendants' attempt to circumvent the Federal Rules of Civil Procedure and the removal process and make this case another statistic.

The transfer of this case to the MDL court would cause immeasurable delay in the prosecution and trial of this case, and would likely eliminate Plaintiffs opportunity to have their day in court. Furthermore, Plaintiffs deserve a fair opportunity to attempt to settle as many of their claims as possible prior to trial. Since their can be no trial date should the case be transferred, the Defendants will have no compelling reason to discuss potential settlement of claims. Anyone with any experience in asbestos litigation would not dispute that in these types of cases, settlements with defendants are exceedingly rare without a firm trial date. Plaintiffs counsel has obtained such trial dates for companion cases filed in the same Texas state court and will do the same for this case upon remand.

Additionally, no purpose would be served by Multidistrict consolidation here since all "common" asbestos discovery has been completed in MDL 875 as a whole. Without a trial setting and the ability to conduct the necessary discovery, Plaintiffs have no mechanism for resolving their claims. Therefore, Plaintiffs implore the MDL Panel to let the federal court in Texas rule on the pending motion to remand before considering making the CTO a final order.

This Panel has acknowledged that a transfer can be delayed in the interest of comity, to allow the putative transferor court an opportunity to rule on an important pending pretrial motion. *See In Re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968) (stating that "[o]n principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts…to reach a timely decision on particular issues without abrupt, disconcerting, untimely or inappropriate orders of

transfer by the Panel. This policy of comity has been followed in the past and *will be followed in the future by the Panel.*") (emphasis added).

The Panel has also stated that since transferee courts may decide remand motions, the fact that the remand motion is pending in the Texas federal court would not delay transfer. The slight delay which would be occasioned by waiting and allowing the local federal court to rule cannot compare with the delay and damage which would be caused to Plaintiffs in this matter by forcing the Plaintiffs to relitigate these remand motions in the MDL court.

### III.

### CONCLUSION

Plaintiffs oppose transfer of this case and move under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied , and that these cases remain in the Eastern District of Texas, and that thereafter the cases be remanded to the state court, and that they receive all other relief to which they show themselves to be justly entitled.

Respectfully submitted,

NIX PATTERSON & ROACH, L.L.P.

BY: _____
NELSON J. ROACH
State Bar No. 16968300
ALEXANDRA V. BOONE
State Bar No. 00795259
KEITH L. LANGSTON
State Bar No. 24015196
R. BRANDON MOORE
State Bar No. 24037136

205 Linda Drive
Daingerfield, Texas 75638
903.645.7333 (telephone)
903.645.2172 (facsimile)

ATTORNEYS FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 31 2002

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent to all counsel of record and all counsel on the attached service list via certified mail, return receipt requested, on this 30th day of December 2002.

_____
Keith L. Langston

RECEIVED CLERK'S OFFICE
2002 DEC 31 A 10:37
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# PANEL SERVICE LIST (Excerpted from CTO-220)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Hardy L. Cline, et al. v. Union Carbide Corp., et al.*, E.D. Texas, C.A. No. 6:02-491

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000, Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Keith L. Langston
Nix, Patterson & Roach, LLP
205 Linda Drive
Dangerfield, TX 75638

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406