JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 27 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | | |

This Document Relates to:

| | | |
|---|---|---|
| HARDY L. CLINE et ux OPAL S. CLINE;<br>TAHSIN R. DAWUDI et ux CINDY DAWUDI;<br>CLIFTON E. SMITH et ux JUDY SMITH | § § § § | |
| PLAINTIFFS, | § § | |
| VS. | § § § | CIVIL ACTION NO. 6:02CV491 |
| UNION CARBIDE CORP.<br>CALIDRIA CORP.<br>KCAC, INC.<br>MONTELLO, INC.<br>WILBUR- ELLIS CO., INC., | § § § § § § | United States District Court for the<br>Eastern District of Texas, Tyler<br>Division |
| DEFENDANTS. | § | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE
AND BRIEF IN SUPPORT**

COME NOW UNION CARBIDE CORPORATION, CALIDRIA CORPORATION, and KCAC, INC. ("Defendants") in the above entitled action, and within twenty (20) days of receiving Plaintiffs' Motion to Vacate and Brief in Support hereby file this, their Response to

*Defendant's Response to Plaintiffs' Motion to Vacate*                                                                                                       1

**IMAGED JAN 30 '03     OFFICIAL FILE COPY**

Plaintiff's Motion and in support of same would respectfully state and show this Court the following:

## I.
## INTRODUCTION

1. On December 30, 2002 Plaintiffs filed their motion to vacate the Order transferring this case to the Eastern District of Pennsylvania, (hereinafter "Plaintiffs' Motion"), in which they allege Defendants have improperly removed this state action. However, Defendants properly removed this action from the state court based on complete diversity of citizenship among the remaining parties pursuant to 28 U.S.C. § 1332(a). Moreover, Defendants did not waive their right to removal by filing cross-claims for contribution prior to removal, and any alleged procedural defects can be cured.

2. Plaintiffs have failed to establish that this case does not have one or more common questions of fact and should not be transferred by the Judicial Panel on Multidistrict Litigation (hereinafter "Panel") to the Eastern District of Pennsylvania. Instead, Plaintiffs believe the Conditional Transfer Order should be delayed in the interest of comity until the transferor court makes a decision on their motion to remand even though the transferee court may exercise the same powers of a district judge in any district for the purpose of determining pretrial matters, including a decision to remand. Accordingly, the Conditional Transfer Order (CTO-220) must not be vacated, but made a final order.

## II.
## ARGUMENT

3. When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or

consolidated pretrial proceedings. Such transfers shall be made by the Panel. *See* 28 U.S.C. § 1407(a). Plaintiffs have failed to address why this case is different in any regard than the other asbestos cases currently on file in the United States District Court for the Eastern District of Pennsylvania. Without such argument, Plaintiffs have failed to prove their burden that this case does not involve one or more common questions of fact with the pending cases in the transferee court. Therefore, the Panel should transfer the instant matter so that it can be consolidated with the remaining asbestos cases filed in the Eastern District of Pennsylvania for pretrial proceedings.

4. Transfers by the Panel will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. *See* 28 U.S.C. § 1407(a). Plaintiffs have failed to present a compelling reason why their goals cannot be met if the instant matter is transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner. Plaintiffs' argument that the transfer of the instant matter would deny the Plaintiffs' a mechanism for resolving their claims is without merit. Plaintiffs cite no authority that the lack of a trial date in the transferee court would hinder their ability to settle their claims, or provide them with a less fair result than the transferor court could.

5. Contrary to Plaintiffs' contention, Defendants are not attempting to circumvent the Federal Rules of Civil Procedure by having the case transferred to the United States District Court for the Eastern District of Pennsylvania. The MDL has mandated that all asbestos cases be transferred to Judge Weiner so that they can be handled in a uniform manner on a constant basis. Defendants removed this action from Texas state court to the United States District Court for the Eastern District of Texas, Tyler Division based on complete diversity of citizenship. Defendants also filed appropriate notice of the "tag along" action with the United States District Court for the

*Defendant's Response to Plaintiffs' Motion to Vacate*                              3

Eastern District of Pennsylvania. Diversity of citizenship exists in that no Plaintiff is a citizen of the same state as any Defendant. None of the Defendants in this matter, Union Carbide Corporation; Calidria Corporation; KCAC, Inc.; Montello, Inc.; or Wilbur-Ellis Co., Inc., maintain a principal place of business in Texas, nor are they incorporated in the State of Texas.

6. Plaintiffs allege that Defendants waived their right to removal by seeking affirmative relief in the state court prior to filing their notice of removal because Defendant Montello, Inc. (hereinafter "Montello") filed a cross-claim for contribution against all Defendants. However, there is no factual support for this argument since no affirmative claims were made. This issue is addressed fully in Defendants' Response to Plaintiffs' Motion to Remand. Furthermore, this argument is appropriate for the court to consider when deciding the Plaintiffs' Motion to Remand, but should not be a basis for vacating the transfer order. The Motion to Remand will be decided separately, either by the transferor court or the transferee court as either court may exercise the authority to rule upon a pretrial motion. This issue is addressed more fully in paragraph seven (7) below.

7. Plaintiffs cite *In Re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968) to contend the transfer should be delayed in the interest of comity to allow the transferor court an opportunity to rule on Plaintiffs' motion to remand although the court in *In Re Plumbing Fixture Cases* did not delay transfer of a class action case that was pending class certification in the transferor court. In the instant case, there is no reason to delay the transfer because the jurisdiction and powers of the transferee court are coextensive with that of the transferor court. As a result, the transferee court may make any order to render any judgment that might have been rendered by the transferor court. See *In Re Plumbing Fixture Cases*, 298 F. Supp. 484, 495

(J.P.M.L. 1968). Therefore, the United States District Court for the Eastern District of Pennsylvania may decide any pretrial matter in the instant case, including the issues of remand and discovery. As a result, there is no reason to delay the transfer in the interest of comity.

## CONCLUSION AND PRAYER

7. Plaintiffs have failed to show any meritorious reasons why this case is different than any other asbestos case filed in the United States District Court for the Eastern District of Pennsylvania. Accordingly, Plaintiffs' Motion to Vacate should be denied and the Conditional Transfer Order made final.

WHEREFORE, PREMISES CONSIDERED, Defendant UNION CARBIDE CORPORATION, CALIDRIA CORPORATION AND KCAC, INC., respectfully request that Plaintiffs' motion to vacate be denied and the Conditional Transfer Order made final, or such other and further relief to which these Defendants may be justly entitled.

> Respectfully submitted,
> **DEHAY & ELLISTON, L.L.P.**
> 3500 BANK OF AMERICA PLAZA
> 901 Main Street
> Dallas, Texas 75202-3736
> (214) 210-2400/210-2500 (fax)
>
> By: _____ by permission
> GARY D. ELLISTON
> State Bar No. 06584700
> **ATTORNEY FOR
> UNION CARBIDE CORP.
> CALIDRIA CORP.
> KCAC, INC.**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 27 2003

FILED
CLERK'S OFFICE

ORGAN, BELL & TUCKER, L.L.P.
470 Orleans
Beaumont, Texas 77701
(409) 838-6412 - Telephone
(409) 838-6959 - Telecopy

By: *Allen Jones by Permission*
D. ALLEN JONES
State Bar No. 10868500
**ATTORNEY FOR DEFENDANT
WILBUR-ELLIS COMPANY**

ROBERTS, MARKEL, GUERRY, L.L.P.
2500 City West Boulevard, Suite 1350
Houston, Texas 77042
Telephone: (713) 840-1666
Fax: (713) 840-9404

By: *Jeffrey Roberts by Permission*
JEFFREY D. ROBERTS
Texas State Bar No. 17008800
**ATTORNEY FOR DEFENDANT
MONTELLO, INC.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been forwarded to counsel of record for the Plaintiffs, Nix Patterson & Roach, L.L.P., 205 Linda Drive, Daingerfield, Texas 75638, via United States Certified Mail, Return Receipt Requested, and to all other counsel of record via facsimile on this 21st day of January, 2003.

*Gary D. Elliston by Permission*
GARY D. ELLISTON

6

JAN. 24. 2003  4:12PM   DEHAY AND ELLISTON                                    NO. 4368   P. 2
Case MDL No. 875   Document 3843   Filed 01/27/03   Page 7 of 8
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 27 2003

FILED
CLERK'S OFFICE

## REVISED CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been forwarded to the following via regular U.S. mail on this, the 24th day of January, 2003.

Gary D. Elliston —by Permission EAK

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
2400 Fifth Avenue Place
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg
Suite 1000, Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main St.
P. O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd St
Richmond, VA 23219

Gene Locks
Grazer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley
28 Bridgeside Blvd.
P. O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA 15219

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay St., P.O. 1008
Columbus, OH 43216

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L. L.P.
Centre Square West, 15th Fl.
Philadelphia, PA

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Bldg.
Detroit, MI 48226

James K. Weston, II
Tom Riley Law Firm
P. O. Box 998
Cedar Rapids, IA

Keith L. Langston
Nix, Patterson & Roach, LLP
205 Linda Drive
Daingerfield, TX 75638

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, #410
Houston, TX 77018

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION   2003 JAN 27 A 6:43   RECEIVED CLERK'S OFFICE

J. CARLISLE DEHAY, JR.
(1922 - 1991)

GARY D. ELLISTON
CHRISTOPHER P. MANNING
PAUL E. HAMILTON
W. SCOTT BERRY
TODD J. SUDDLESON
THOMAS W. BURCH, III
JENNIFER JUDIN

**DeHay & Elliston, L.L.P.**
ATTORNEYS AND COUNSELORS
3500 BANK OF AMERICA PLAZA
901 MAIN STREET
DALLAS, TEXAS 75202-3736
(214) 210-2400
FACSIMILE (214) 210-2500

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 27 2003

FILED
CLERK'S OFFICE

BEVERLY M. BOND
NATALIE M. BRANDT
BRYANT K. BREMER
JOHN M. COOPER
CHARLENE R. ECHOLS
JASON W. FATHEREE
MARCO D. FLORES
S. SHAYNE GARDNER
E. FOSTER GREEN
PAMELA ISAACSON
EDWARD A. KALABUS, JR
KYLE C. KNEESE
MELISSA M. LEON
JEFFREY M. MAROSZ
SCOTT D. MARQUARDT
MISTI D. MOSTELLER
DAVID T. OWENS
ROBERT B. PADGETT
DEAN M. PILKINGTON
DON K. POLLARD
**KIMBERLY R. PULLEY
KIM M. REED
JUSTIN H. ROY
KYLE V. SHORTALL
*GERALD J. SMITH
TINA M. STAMPS
IVAN O. TURINGAN
JILLIAN J. van RENSBURG
JACK A. WALTERS, III
KIMBERLY R. WEBER
BRIDGET WHITMORE
CYNTHIA S. WILLIAMS
BERNARD E. ZWILLENBERG
*Admitted Only In Oklahoma
**Admitted Only In Arkansas

WRITER'S DIRECT DIAL
(214) 210-2401

Request of Defts. Union Carbide Corp., Calidria Corp.
and KCAC, Inc., for an Extension of Time to File
Response – GRANTED
(cdm - 1/27/03)

January 24, 2003

**Via Facsimile**
Clerk, Judicial Panel on Multidistrict Litigation
One Columbus Circle, N.E.
Suite G255
Washington, D.C. 2002

Re:   *In Re: Asbestos Products Liability Litigation (No. VI)*; MDL No. 875; In the United States District Court For The Eastern District of Pennsylvania

*Hardy L. Cline et ux Opal S. Cline; Tahsin R. Dawudi et ux Cindy Dawudi; Clifton E. Smith et ux Judy Smith v. Union Carbide, et al*; In The United States District Court For the Eastern District of Texas, Tyler Division

Dear Clerk:

On January 21, 2003 our office forwarded Defendants' Response to Plaintiffs' Motion to Vacate and Brief in Support to be filed in the above titled cause. Please consider this as our request to file the above Response as a late filing. Thank you very much for your assistance in this matter, and if you have any questions, please call me at the above number.

Yours very truly,

Gary D. Elliston
by permission
EAK

GDE/jam