MDL 875

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PAULINE ADDISON, *ET AL.*                                            PLAINTIFFS

VS.                                                CIVIL ACTION NO. 1:02cv724GR

AMETEK, *ET AL.*                                                     DEFENDANTS

## ORDER

This cause comes before the Court on motions of the plaintiffs to remand [21-1, 24-1] the above referenced action to the Circuit Court of Yazoo County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [21-1, 24-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

MDL- 875
RECOMMENDED ACTION
VACATE CTO-219 AFTER HS -- 9 ACTIONS
Approved/Date:  MK   2/19

UNITED STATES DISTRICT JUDGE

IMAGED FEB 24 '03          OFFICIAL FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 28 2003
BY _____ DEPUTY

PAULINE ADDISON, *ET AL.*                                    PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:02cv724GR

AMETEK, *ET AL.*                                              DEFENDANTS

### MEMORANDUM OPINION

This cause comes before the Court on motions of the plaintiffs to remand [21-1, 24-1] the above referenced action to the Circuit Court of Yazoo County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

Five of the plaintiffs in this case originally filed their claims in an action styled *Barber, et al. v. Metropolitan Life Ins. Co., et al.* (Mot. to Remand, p. 2.) That suit was transferred to the panel for multi-district litigation during which time settlement was reached between certain parties in that suit. (*Id.*) Claims against the remaining defendants were dismissed. (*Id.*, p. 3.) Several plaintiffs in the instant case were not parties in the *Barber* action and were, therefore, unaffected by any settlements or dismissals which may have occurred in the *Barber* action. (*Id.*)

The plaintiffs maintain that damages are sought from the defendants following alleged exposure to asbestos containing products, including claims by several plaintiffs against Mississippi resident defendants, which includes individuals who did not dismiss these claims during the *Barber* proceedings. (Mot. to Remand, pp. 3-4.) The joinder of parties was proper, according to the plaintiffs, because the acts of the defendants constituted a series of occurrences

which ultimately resulted in injury to the plaintiffs under the allegations of the amended complaint. (*Id.*, p. 4.) Furthermore, nine of the twelve plaintiffs in this case claim exposure to the defendants' products at the same work site, MS Chemical. (Pls.' Supp. Remand Mot., p. 3.)

The plaintiffs contend that joinder of plaintiffs having claims against resident defendants with those who do not is proper under Mississippi law. (*Id.*, pp. 4-6.) The defendants in this case were allegedly involved in the design, manufacture, advertising, marketing, testing, defective labeling, and selling of asbestos containing products. (*Id.*) Plaintiffs are also seeking an award of costs and appropriate sanctions as determined by the Court. (*Id.*, p. 6.)

All plaintiffs appear to be Mississippi residents. (Compl., pp. 1-2.) The plaintiffs maintain that not all defendants have joined in the removal, even after those defendants received service of process. (*Id.*, p. 2.) According to the plaintiffs, the failure of certain defendants to join in the removal creates a fatal defect in the removal. (*Id.*, pp. 2-3.) The plaintiffs further argue that the joinder of plaintiffs is appropriate in this case. (*Id.*, p. 3.)

## Discussion

It is axiomatic that federal courts are courts of limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). The burden of establishing that federal jurisdiction exists lies with the defendants because they are seeking to invoke this Court's jurisdiction. *DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The plaintiffs contend that the case should be remanded because the Court lacks diversity jurisdiction. (Pls.' Mot. to Remand, p. 1.) Any contested issues of material fact and all ambiguities are resolved in the plaintiffs' favor and against removal. *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d

2

256, 259 (5th Cir. 1995); *Still v. Georgia-Pacific Corp.*, 965 F. Supp. 878, 879 (S.D. Miss. 1997).

I.  Joinder of Plaintiffs

The proper analysis for determining the propriety of the joinder of the parties and claims in this case is to consider Rule 20 of the Federal Rules of Civil Procedure. *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002). Under Rule 20(a), there may be multiple plaintiffs in a case provided "they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of these persons will arise in the action." FED.R.CIV.P. 20(a).

When reviewing common questions of law or fact, the existence of only a single common issue of law, or a single common issue of fact will support joinder. 7 Wright, Miller & Kane, FED. PRAC. & P.: Civil 2nd § 1653 (1986). Whether plaintiffs are properly joined is determined by the pleadings. In this case, all of the plaintiffs live in Yazoo County, Mississippi. (Compl., pp. 1-2.) In addition, nine of the plaintiffs assert that they all worked at the same work site, MS Chemical and were exposed to the defendants' products at that site. (Pls.' Supp. Remand Mot., p. 3.) The plaintiffs assert that they have joined in this action pursuant to Mississippi Rule of Civil Procedure 20(a). (*Id.*)

Two tests must be met to determine if multiple plaintiffs are properly joined in a single cause of action. *Applewhite v. Reichhold Chem., Inc.*, 67 F.3d 571, 574 n.11 (5th Cir. 1995). The event giving rise to the plaintiffs' losses must be based on the same series of transactions or occurrences and a question of law or fact must be common to all plaintiffs. *Applewhite*, 67 F.3d

at 574. After this determination is reached, the Court must consider whether the plaintiffs were joined in an effort to defeat diversity jurisdiction in the federal court. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds, Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

In this case the plaintiffs have assumed that the Mississippi rules of Civil Procedure would apply, liberally allowing joinder of plaintiffs. (Pls.' Supp. Remand Mot., p. 3.) Several plaintiffs in this case all claim exposure to defendants' asbestos containing products at the same work site, MS Chemical. (Pls.' Supp. Remand Mot., p. 3.) The Court concludes that these plaintiffs have presented evidence to establish that their claims are sufficiently related to allow the joinder of the plaintiffs in this case. *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002). The presence of plaintiffs who did not work at MS Chemical requires the Court to consider the plaintiffs' contention that there was not a timely joinder in the removal of this case by all defendants.

## II.  Joinder in the Removal

The plaintiffs assert that timely written consent for removal was not obtained from all defendants therefore making remand proper in this case. (Pls.' Supp. Remand Mot., pp. 1-3.) All served defendants are required to join in the removal petition no later than 30 days from the date on which the first defendant was served. 28 U.S.C. § 1446(b); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1262-3 (5th Cir. 1988). The plaintiffs assert that 25 defendants did not join the removal within the prescribed 30-day period. (Pls.' Supp. Remand Mot., Exh. A.) Particularly, the Court was unable to find a joinder filed by American Standard, Inc.; Atlas Copco Compressors, Inc.; Coastal Rubber & Specialty Company; Crane Co./Lear Romec

4

Division; Crane Company/Crane Valve Group; Crane Co./Hydro-aire Division; Crane Pumps & Systems, Inc.; Crouse-Hinds Co.; FMC Corporation; Gardner Denver, Inc.; ITT Holdings, Inc./McDonald & Miller; ITT Industries, Inc./Engineered Valves; Koppers Industries, Inc.; Mississippi Rubber & Specialty Company; Norton International, Inc.; Palmetto Packings, Inc.; Roth Pump Co.; Walworth Company; Weaks Enterprises, Inc.; and Yarway Corp. (Ct. R.) Close inspection of the court record reveals that the defendants Allen-Bradley Co., LLC; Clark-Reliance Corporation; Copes-Vulcan, Inc.; and Nash Engineering joined the removal, despite plaintiffs' arguments to the contrary. (Ct. R., Docs. 2, 13, 20.) It is unclear from the record whether the removing defendants included some of those defendants listed by the plaintiffs as not having joined the removal. Nevertheless, not all defendants joined the removal according to the court record in this case.

Unless all defendants express consent to the removal in a timely fashion, the removal is defective. *In re Bethesda Mem. Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). Nominal parties need not join in a removal petition. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991). To prove that a defendant is a nominal party, the removing defendants must show that there is no possibility that the plaintiffs would be able to establish a cause of action against that defendant in state court. *Farias*, 925 F.2d at 871. There has been no such showing in this case. The Court concludes that the defendants which did not timely join the removal are not nominal parties and that the failure of these parties to join in the removal renders the removal defective. *Farias*, 925 F.2d at 871. As a result, the Court finds that the plaintiffs' motions to remand should be granted. Finally, the Court finds nothing within the motion to

5

merit an award of fees to either party as a result of the removal, and concludes that the motion for sanctions should be denied. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

## Conclusion

For the aforementioned reasons, the Court finds that the plaintiffs' motions to remand [21-1, 24-1] this case to the Circuit Court of Yazoo County, Mississippi, should be granted. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with this motion.

THIS the 27th day of January, 2003.

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



| | | |
|---|---|---|
| DOROTHY BALDWIN, *ET AL.* | | PLAINTIFFS |
| VS. | | CIVIL ACTION NO. 1:02cv725GR |
| A.O. SMITH, INC., *ET AL.* | | DEFENDANTS |

### ORDER

This cause comes before the Court on motions of the plaintiffs to remand [21-1, 25-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [21-1, 25-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JAN 2 8 2003
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2003
FILED
CLERK'S OFFICE

JOE BAILEY, *ET AL.*                                                    PLAINTIFFS

VS.                                                CIVIL ACTION NO. 1:02cv726GR

AMETEK, INC., *ET AL.*                                                  DEFENDANTS

### ORDER

This cause comes before the Court on motions of the plaintiffs to remand [19-1, 23-1] the above referenced action to the Circuit Court of Claiborne County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [19-1, 23-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 13, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

**ORDERED** that each party shall bear their respective costs associated with these motions.

**SO ORDERED** this the 27th day of January, 2003.

                                                                        *[signature]*
                                                UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2003

J.T. NOBLIN, CLERK

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 20 2003
BY_____ DEPUTY
FILED
CLERK'S OFFICE

PERCY BARNES, ET AL.                                        PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:02cv727GR

A.O. SMITH, ET AL.                                          DEFENDANTS

### ORDER

This cause comes before the Court on motions of the plaintiffs to remand [23-1, 26-1] the above referenced action to the Circuit Court of Claiborne County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [23-1, 26-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 13, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
CLERK'S OFFICE
SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 2 8 2003
BY _____ J.T. NOBLIN, CLERK

NETTIE ADKINS, *ET AL.*                                                      PLAINTIFFS

VS.                                                      CIVIL ACTION NO. 1:02cv728GR

AMETEK, *ET AL.*                                                          DEFENDANTS

## ORDER

This cause comes before the Court on motions of the plaintiffs to remand [21-1, 25-1] the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [21-1, 25-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

/s/ Shulla Gurm
UNITED STATES DISTRICT JUDGE



FEB 20 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
JAN 28 2003
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JAMES BARFIELD, *ET AL.*                                                PLAINTIFFS

VS.                                                  CIVIL ACTION NO. 1:02cv729GR

AMETEK, INC., *ET AL.*                                                 DEFENDANTS

## ORDER

This cause comes before the Court on motions of the plaintiffs to remand [20-1, 23-1] the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [20-1, 23-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 28 2003
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FEB 20 2003
FILED
CLERK'S OFFICE

KATIE AVERY, ET AL.                                                      PLAINTIFFS

VS.                                                CIVIL ACTION NO. 1:02cv731GR

AMETEK, ET AL.                                                          DEFENDANTS

## ORDER

This cause comes before the Court on motions of the plaintiffs to remand [21-1, 24-1] the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [21-1, 24-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CALVIN BUCKLEY, *ET AL.*                                              PLAINTIFFS

VS.                                          CIVIL ACTION NO. 1:02cv733GR

AMETEK, INC., *ET AL.*                                           DEFENDANTS

### ORDER

This cause comes before the Court on motions of the plaintiffs to remand [19-1, 23-1] the above referenced action to the Circuit Court of Jasper County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [19-1, 23-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

*[signature]*
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JAN 2 8 2003
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 20 2003

FILED
CLERK'S OFFICE

JIMMIE BARBER, *ET AL.*                               PLAINTIFFS

VS.                                         CIVIL ACTION NO. 1:02cv734GR

AMETEK, *ET AL.*                                      DEFENDANTS

### ORDER

This cause comes before the Court on motions of the plaintiffs to remand [22-1, 25-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the plaintiffs' motions to remand [22-1, 25-1] be, and are hereby, granted. The Clerk of this Court is directed to mail the Court file along with a certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, after the expiration of ten days of the entry date of this judgment or by no earlier than February 14, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with these motions.

SO ORDERED this the 27th day of January, 2003.

_____
UNITED STATES DISTRICT JUDGE