JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 1 2003

FILED
CLERK'S OFFICE


**MDL 875**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § | |
| | § | **MDL 875** |
| Asbestos Product Liability Litigation (No. VI) | § | |

―――――――――――――――――――

This Document Relates To:

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and | § | |
| JUDITH ANN ALLEN, | § | |
| | § | Civ. Act. No. 1:02-CV-1572-JOF |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | UNITED STATES DISTRICT |
| | § | COURT FOR THE NORTHERN |
| CERTAINTEED CORPORATION, et al., | § | DISTRICT OF GEORGIA |
| | § | |
| *Defendants.* | § | |

### NOTICE OF OPPOSITION TO CTO-223

The Plaintiffs file their Notice of Opposition to Conditional Transfer Order 223, and would show as follows:

Pursuant to Rule 7.4(c), all parties hereto and the Panel should take notice that the Plaintiffs Judith and Arnold Allen oppose CTO-223 and the transfer of the above case to MDL 875.

The Plaintiffs, for their reasons for this Opposition, hereby incorporate herein by reference for all purposes their Motion to Vacate CTO-223 and Brief in Support, attached hereto as Exhibit A.

NOTICE OF OPPOSITION TO CTO-223 -- Page 1

**OFFICIAL FILE COPY**

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 MAR 28   P 3: 44

RECEIVED
CLERK'S OFFICE

PLEADING NO. 3865

IMAGED APR 1 '03

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 1 2003

FILED
CLERK'S OFFICE

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: *Alan Blick w/u*
ALAN B. RICH * expres proxy*
Texas Bar No. 16842350

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and
Brief in Support was served via facsimile to all counsel of record on the attached service
list on the _____ day of March, 2003.

*Alan Rich w/u expres proxy*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 MAR 28  P 3: 44

RECEIVED
CLERK'S OFFICE

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 5

Case MDL No. 875   Document 3865   Filed 03/31/03   Page 3 of 9
14:40:18 Fri 28-Mar-2003 Baron & Budd          ->202 273 2812          Page 6of10
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 1 2003

FILED
CLERK'S OFFICE

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

| | | |
|---|---|---|
| In re: | § | |
| | § | **MDL 875** |
| **Asbestos Product Liability Litigation (No. VI)** | § | |

---

*This Document Relates To:*

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and | § | |
| JUDITH ANN ALLEN, | § | |
| | § | Civ. Act. No. 1:02-CV-1572-JOF |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | UNITED STATES DISTRICT |
| | § | COURT FOR THE NORTHERN |
| CERTAINTEED CORPORATION, *et al.*, | § | DISTRICT OF GEORGIA |
| | § | |
| *Defendants.* | § | |

## MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT

The Plaintiffs file their Motion to Vacate Conditional Transfer Order 223 and

Brief in Support, and would show as follows:

I.

### INTRODUCTION

This case involves a victim of Mesothelioma. It is also the *third* removal of this

case by defendants – AlliedSignal/Honeywell, Ford, Chrysler and General Motors. It was

first removed by defendants in June of 2002, under the assertion, as a "Friction Products

Claim," it was related to the Federal Mogul bankruptcy. On August 28, 2002, after the

Third Circuit Court of Appeals dismissed the appeal and denied mandamus from the

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 1

District of Delaware's Remand Order of Friction Products Claims, Judge Orinda Evans issued an Order to Show Cause why this case, among others, should not be remanded to State Court. Defendants Ford, Chrysler and General Motors filed a response based on independent grounds *wholly unrelated* to Judge Wolin's Order. Specifically, Defendants argued summary judgment in favor of a resident defendant made the case removable, ignoring long-standing precedent that an involuntary dismissal of a defendant cannot create diversity jurisdiction. Plaintiff's responded with a Motion to Remand and Brief in Support. Though the federal court in Georgia had yet to rule on the remand issue, the defendants filed a Notice of Tag-Along Action. The federal court in Georgia still has the remand issue under submission.

## II.

## ARGUMENT

Defendants' deplorable pattern and practice of interminable delay resulted in denying a mesothelioma victim his day in court. This Panel should not further reward the defendants delay efforts by denying his surviving loved one an opportunity to state her case before a jury. The Motion to Remand this case to Georgia state court has been filed in the Northern District of Georgia and is under submission. The Panel should allow that court to rule, a decision which fosters the most direct route to Mrs. Allen's opportunity to have the trial to which she is entitled.

Furthermore, simply decency counsels that the Panel allow the Georgia federal court to rule. The transfer of this case to the MDL court would cause immeasurable

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 2

delay in the prosecution and trial of this case, and would likely eliminate Mrs. Allen's

opportunity to have her day in court as defendant's delay has already denied Mr. Allen

his day. Since, by definition, there can be no trial date should the case be transferred, the

defendants will have no compelling reason to discuss potential settlements. Anyone with

any experience in asbestos litigation, and certainly any candid defense counsel, would not

dispute that in a mesothelioma case, settlements with trial defendants are exceedingly rare

absent a firm trial date. Therefore, Mrs. Allen implores the MDL Panel to let the federal

court in Georgia rule on the pending motion to remand before considering making the

CTO a final order.[1]

   This Panel has acknowledged that a transfer can be delayed in the interest of

comity, to allow the putative transferor court an opportunity to rule on an important

pending pretrial motion – and under far less compelling human circumstances. *See In Re*

*Plumbing Fixture Cases,* 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("**On principles of**

comity, where appropriate, the Panel has in the past timed its actions and constructed its

orders in a manner which will permit the transferor courts...to reach timely decisions on

particular issues without abrupt, disconcerting, untimely or inappropriate orders of

transfer by the Panel. This policy of comity has been followed in the past *and will be*

*followed in the future* by the Panel.") (emphasis added)

_____

   [1] Plaintiffs would add that no purpose would be serve by Multidistrict
consolidation here since all "common" asbestos discovery has been completed in MDL
875 as a whole, even before this particular case was filed.

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 3

While the Panel has also stated that since transferee courts may decide remand motions, the simple fact that a remand motion pends would not delay transfer, this case is most assuredly different.  The slight delay which would be occasioned by waiting and allowing the local federal court to rule cannot compare to the damage which would be wrought to Mrs. Allen by rote incantation of that principle here.  This is not a case involving cell phones, overtime pay, antitrust violations or consumer fraud; at stake here is not a mere matter of procedure or venue.  At issue here is a person's only opportunity to achieve justice for her beloved late husband.  Equity, good conscience and fairness counsels the Panel to honor here the policy of comity – which "has been followed in the past and will be followed in the future by the Panel" – for if not now, when?

### III.

### CONCLUSION

Plaintiffs oppose transfer of this case and move under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied, and that these cases remain in the Transferor Court, and that thereafter the cases be remanded to the state court, and that they receive all other relief to which they are entitled.

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 4

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181


By: _Alan B. Rich with express_
ALAN B. RICH      _permission_
Texas Bar No. 16842350      _PJL_

Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served via facsimile to all counsel of record on the attached service list on the _28_ day of March, 2003.

_Alan B. Rich with_
_express permission by PJL_


NOTICE OF OPPOSITION TO CTO-223 -- Page 2

**INVOLVED COUNSEL LIST**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Arnold Alvin Allen, et al. Vs. Georgia Pacific, et al., N.D. Georgia, C.A. No. 1:02-2771*

CHARLES R. BEANS
HAWKINS & PARNELL, L.L.P.
400 SUNTRUST PLAZA
303 PEACHTREE STREET, NE
ATLANTA, GA  30308
(404)614-7500 (FAX)

W. THOMAS CAUSBY
NELSON, MULLINS, RILEY & SCARBOROUGH, LLP
KEENAN BUILDING, THIRD FLOOR
1330 LADY STREET
COLUMBIA, SC  29201-3332
(803)256-7500 (FAX)

NANCY KAREN DEMING
TROUTMAN SANDERS, LLP
NATIONSBANK  PLAZA
SUITE 5200
600 PEACHTREET STREET,  N.E.
ATLANTA, GA  30308-2216
(404)962-6543 (FAX)

RICHARD L. FORMAN
FORMAN, PERRY, WATKINS, KRUTZ & TARDY
ONE JACKSON PLACE
188 EAST CAPITAL STREET, SUITE 1200
JACKSON, MS  39225-2608
(601) 960-3241 (FAX)

OLLIE M. HARTON
HAWKINS & PARNELL, L.L.P.
4000 SUNTRUST PLAZA
303 PEACHTREE STREET, NE
ATLANTA, GA  30308-3243
(404)614-7500 (FAX)

DAVID A. HUGHES
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
SUITE 2100
600 PEACHTREE STREET, NE
ATLANTA, GA  30308
(404)870-1732 (FAX)

MICHAEL E. HUTCHINS
HAWKINS & PARNELL, L.L.P.
4000 SUNTRUST PLAZA
303 PEACHTREE STREET, N.E.
ATLANTA, GA  30308
(404)614-7500 (FAX)

M. ELIZABETH O'NEILL
HAWKINS & PARNELL, L.L.P.
4000 SUNTRUST PLAZA
303 PEACHTREE STREET, N.E.
ATLANTA, GA  30308
(404) 614-7500 (FAX)

E. ELAINE SHOFNER
HAWKINS & PARNELL, L.L.P.
4000 SUNTRUST PLAZA
303 PEACHTREE STREET, N.E.
ATLANTA, GA  30308-3243
(404)614-7500 (FAX)

J. BRUCE WELCH
HAWKINS & PARNELL, L.L.P.
4000 SUNTRUST PLAZA
303 PEACHTREE STREET, NE
ATLANTA, GA  30308-3243
(404)614-7500 (FAX)

C:\WINDOWS\TEMP\SERVICEG.wpd

# EXHIBIT "A"