JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2003

FILED
CLERK'S OFFICE

**MDL 875**

**BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITIGATION**

**In Re Asbestos Products Liability Litigation (No. VI)**

**MDL. No. 875**

**MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER CTO-223
WITH RESPECT TO CASE NO. 3-03-52 (E.D. TENN):**

CHRISTOPHER TODD UPTON; LESLIE DARNELL JONES; JEFFERY LYNN
KEYLON; JAMES DAVID PARTEN; TIMOTHY EDWARD ROBBINS; AND
PAUL STEVEN VANCE,

    PLAINTIFFS,

    VS.

THE UNITED STATES OF AMERICA; BNFL INC.; AMERICAN TECHNOLOGIES,
INC.; AND R&R ELECTRIC CORPORATION,

    DEFENDANTS

_____

    COME NOW PLAINTIFFS, Christopher Todd Upton, Leslie Darnell Jones, Jeffery
Lynn Keylon, James David Parten, Timothy Edward Robbins, and Paul Steven Vance, by
and through their undersigned counsel, and submit their **MOTION TO VACATE THE
CONDITIONAL TRANSFER** of the above-described matter and accompanying Brief
in support thereof, pursuant to Rule 7.4 (d) of the Rules of Procedure of the Judicial Panel
on Multidistrict Litigation.

    1.   Plaintiffs request that the Judicial Panel on Multidistrict Litigation (the
"Panel") vacate its order of March 13, 2003 conditionally transferring the above-
described action to the Eastern District of Pennsylvania for inclusion in the coordinated or
consolidated pretrial proceedings occurring there in the docket before Judge Charles R.
Weiner.

    2.   Plaintiffs believe that the unique facts of this case predominate over common
issues and that transfer would not serve the convenience of the parties and witnesses or
promote the just and efficient conduct of the litigation. In support of this Motion,
Plaintiffs submit an accompanying Brief in Support of Motion to Vacate the Conditional
Transfer.

**OFFICIAL FILE COPY**  IMAGED APR 16 '03

RECEIVED CLERK'S OFFICE
2003 APR 14  A 10:31
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PLEADING NO. 3 8 7 3

WHEREFORE, Plaintiffs respectfully request that the Panel vacate the Conditional Transfer Order filed on March 13, 2003 with regard to this matter.

DATED:      April _*11*_ , 2003.

Respectfully Submitted by:

John D. Fognani, Esq.
Suzanna K. Moran, Esq.
Brian D. Gonzales, Esq.
FOGNANI GUIBORD HOMSY & ROBERTS, LLP
1700 Lincoln St. Suite 2222
Denver, Colorado 80203
Telephone:     303-382-6200
Facsimile:      303-382-6210
COUNSEL FOR PLAINTIFFS

19095

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITIGATION

In Re Asbestos Products Liability Litigation (No. VI)

MDL. No. 875

BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL
TRANSFER ORDER CTO-223
WITH RESPECT TO CASE NO. 3-03-52 (E.D. TENN):

CHRISTOPHER TODD UPTON; LESLIE DARNELL JONES; JEFFERY LYNN
KEYLON; JAMES DAVID PARTEN; TIMOTHY EDWARD ROBBINS; AND
PAUL STEVEN VANCE,

        PLAINTIFFS,

        VS.

THE UNITED STATES OF AMERICA; BNFL INC.; AMERICAN TECHNOLOGIES,
INC.; AND R&R ELECTRIC CORPORATION,

        DEFENDANTS.

RECEIVED
CLERK'S OFFICE

        This case (the "Present Lawsuit") is about misrepresentations made to six

employees regarding job hazards.  The employees – Plaintiffs - were exposed, through the

negligent and intentional conduct of Defendants, to various dangerous substances,

including polychlorinated biphenyls (PCBs), lead and asbestos.  Unlike the typical

asbestos case transferred by the Judicial Panel on Multidistrict Litigation (the "Panel"),

however, this is not an asbestos product liability action and Defendants are not asbestos

manufacturers.  Discovery and questions of fact in this case will revolve primarily around

whether or not Defendants knew the risk to Plaintiffs and what steps Defendants took to

protect Plaintiffs' safety. As a result, transfer of the Present Lawsuit is inappropriate because its unique facts predominate over any issues it might have in common with previously transferred cases. Moreover, a transfer would not serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.

## I. BACKGROUND OF LITIGATION

1.    On January 21, 2003, Plaintiffs filed the Present Lawsuit in the United States District Court for the Eastern District of Tennessee. Thereafter, one of the Defendants, the United States Department of Energy ("DOE"), flagged the case as a possible Section §1407 asbestos "tag-along" action and notified the Panel, which, on March 13, 2003, issued a conditional transfer order. Plaintiffs filed their notice of opposition on March 28, 2003, and, for the reasons set forth herein, now move the Panel to vacate the conditional transfer.

2.    Also pending before the United States District Court for the Eastern District of Tennessee is a companion employment case filed by one of the Plaintiffs – Christopher Todd Upton – against two of the Defendants (the "Companion Case"). The Companion Case alleges that Mr. Upton was wrongfully terminated for "blowing the whistle" on Defendants' illegal activities in allowing Plaintiffs to be exposed to hazardous substances. The Companion Case has not been identified as a "tag-along" action and has not been conditionally transferred.

## II. FACTUAL BACKGROUND

3.    The Present Lawsuit arises out of environmental remediation activities at DOE's Oak Ridge Reservation located in Oak Ridge, Tennessee (the "Site"). The remediation was and is being conducted by various private companies under both prime contracts and subcontracts with DOE.

4.    Defendants all were involved in demolishing and disposing of eight

2

"synchronous condensers" located at the Site. Plaintiffs were hired to perform the actual demolition and, while doing so, were exposed, without their knowledge, to PCBs, lead, asbestos and other hazardous substances. In the Present Lawsuit, Plaintiffs assert that their exposures were caused by Defendants negligent and intentional misrepresentations and concealment concerning the hazards involved in demolishing the condensers. In the Companion Lawsuit, Plaintiff Upton alleges that he was terminated in retaliation for "blowing the whistle" on Defendants' activities. Neither the Present Lawsuit nor the Companion Case involve product liability claims against asbestos manufacturers.

## III. LEGAL ARGUMENT

**A.     Transfer is not warranted because unique and individualized facts predominate over common facts.**

        i.     The parties in this action are not typical of plaintiffs and defendants in transferred asbestos actions.

5.     Plaintiffs in the Present Lawsuit are not characteristic of the type of plaintiffs whose cases are transferred to the asbestos-related docket of the Eastern District of Pennsylvania. The type of vocational exposure alleged in the typical case includes miners, factory workers, transporter, or tradesman, who bring product liability actions against the asbestos manufacturer, or some party in the immediate chain of commerce. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F.Supp. 415 (Jud. Pan. Mult. Lit. 1991) ("*1991 Asbestos Prod. Liability Lit.*"); *In re Asbestos Products Liability Litigation (No. VI),* 431 F.Supp. 906 (Jud. Pan. Mult. Lit. 1977) ("*1977 Asbestos Prod. Liability Lit.*") Plaintiffs are hazardous waste workers who were exposed to a number of hazardous substances and who are suing their employers and others for concealing the danger.

6.     Nor are Defendants typical of the defendants involved in asbestos-related matters in the potential transferee court. Defendants in the Present Lawsuit are not manufacturers or distributors of asbestos products, but rather a government agency (the

3

DOE) and companies in the business of removing and disposing of various hazardous substances from the property of others. *See, 1991 Asbestos Prod. Liability Lit.; 1996 Asbestos Prod. Liability Lit.* In fact, Plaintiffs would venture that Defendants are not named as defendants in any of the suits already before the transferee court.

7.       Simply stated, the Present Lawsuit is wholly unlike the group of asbestos-related cases typically before the proposed transferee court. For example, issues particular to asbestos product liability litigation such as the adequacy of any product testing by defendant manufacturers, and the sufficiency of any manufacturer's warnings or directions for use of its products are not relevant in this instance. *See e.g., 1991 Asbestos Prod. Liability Lit.; 1977 Asbestos Prod. Liability Lit.*

8.       In addition, the one common issue, whether asbestos is dangerous to human health, is a widely known fact, not likely to require extensive litigation and court time. As the Panel noted in its decision in the *1977 Asbestos Prod. Liability Lit.,* such knowledge can be readily discerned from literature which is easily and publicly available in medical libraries, and in this day and age, on the internet.

       ii.       <u>Factual inquiries and key issues in this case will focus on a number of hazardous substances, not asbestos alone.</u>

9.       Inquiry regarding asbestos exposure and causation will represent one small part of the questions of liability involved in this case because the trier of fact will also have to determine hazard and causation issues with regard to PCBs, lead, and other hazardous substances to which Plaintiffs were exposed.

10.       As identified in the Panel's decision in the *1977 Asbestos Prod. Liability Lit.,* other variables that distinguish this case from asbestos-related cases in the proposed transferee court include: characteristics of the different hazardous substances, beyond asbestos, to which Plaintiffs were exposed, the conditions of exposure, the duration and intensity of exposure, the safety precautions taken, the type of injury or potential injury alleged, and the medical, personal, employment, and family history of the individual Plaintiffs. *Id.* at 909.

4

11.     The Panel's published decisions regarding transfers of asbestos-related cases, indicate that a large number of the cases that have been coordinated or consolidated for pretrial proceedings in the Eastern District of Pennsylvania involve defendants who are defending a number of actions in the Multidistrict Litigation MDL Court ("MDL Court"), a number of whom are represented by an organization called the "Center for Claims Resolution, Inc." ("CCR").  In its decision in *2001 Asbestos Prod. Liability Lit.*, the Panel determined that the "same key issue" was present in the cases before it as in cases before the transferee court, namely, whether "asbestos personal injury settlement agreements negotiated by CCR create joint and several liability for defendant companies that are CCR members."  *Id.* at *1.  Plaintiffs submit that no such analogous "key issues" are present in this case, and Plaintiffs reiterate the fact that most of the Defendants in this case are not typical of the defendants in the transferee court. *See, In re Asbestos Products Liability Litigation (No. VI),* 2001 WL 1042562 (Jud. Pan. Mult. Lit.) ("*2001 Asbestos Prod. Liability Lit.*")

**B.      Transfer is not warranted because it would not serve the convenience of the parties and witnesses.**

12.     Local issues will predominate the discovery.  The medical, personnel and employment records all will be found locally and, additionally, many of the witnesses are local.  Furthermore, at least with regard to Plaintiffs' state claims, resolution will be based on state substantive law.  As a consequence, transfer would not promote the parties' and witnesses' convenience regarding discovery and other pre-trial procedures. For these reasons, and in light of the substantial costs involved with travel, service and discovery for litigation in a distant forum, transfer in this instance will not effectuate an "overall savings of cost and a reduction of inconvenience to all concerned." *Id.* at 422.

C.     **Transfer is not warranted because it would not promote the just and efficient conduct of the litigation.**

           i.     This pre-trial and continuing stages of this litigation can be most effectively and efficiently handled in the Eastern District of Tennessee.

13.     As mentioned, both the Present Lawsuit and the Companion Case are pending before the Eastern District of Tennessee. Because both cases involve similar issues, substantial efficiencies will result if the cases continue in the same court. If, however, the Present Lawsuit is transferred, these efficiencies will be eliminated.

           ii.     The typical asbestos-related and product liability issues warranting judicial concern are not present in this case.

14.     Unlike the typical asbestos-related case that is transferred to the Eastern District of Pennsylvania, the issues to resolve in the present matter are relatively simple. This case does not manifest the same kind of complicated and difficult questions that propelled the Panel in 1991 to see nationwide asbestos-related litigation as one of a "magnitude not before contemplated," and to develop a new, streamlined clearinghouse of sorts to deal primarily with product liability claims and diminishing funds among the manufacturers.

15.     It was suggested in the Panel's decision in the *1991 Asbestos Prod. Liability Lit.*, that the asbestos-related clearing house in the Eastern District of Pennsylvania can better facilitate opportunities for global settlements than the individual court. Such a motive is immaterial to Plaintiffs in this case, who are simply six individuals who were wrongfully exposed to a number of hazardous substances while on the Site. *Id.* at 421.

16.     Likewise, other suggested benefits of transfer to an MDL Court seem ridiculous if applied to the Defendants in this case. See, for example, page 421 of the *1991 Asbestos Prod. Liability Lit.*, where in the course of the coordinating asbestos-related litigation, commenters to the Panel suggested that interested parties could develop "nationwide product data bases on all asbestos products and corporate histories of all

6

corporate defendants." *Id.* at 421.

17.     In 1991, the Panel began directing asbestos-related litigation to Judge
Weiner's docket in the Eastern District of Pennsylvania in order to cure the backlog of
cases in the local courts and to curb the transaction costs involved.  The Panel also
wanted to address a growing fear over the "exhaustion of assets" possessed by the typical
asbestos-related MDL defendant.  *See, 1991 Asbestos Prod. Liability Lit.* at 419.  The
difficulty with these reasons for transfer as they relate to Plaintiffs' isolated case is that
the facts do not fit the Panel's typical concerns.  This is not a class action or mass tort,
nor is there reason to believe that the Defendants' assets in this case must be preserved
for future asbestos claims.  In many respects, this is a garden variety civil action that
should be handled like any other.

18.     Finally, there is not a significant possibility of inconsistent or overlapping
class action determinations if this case is not transferred to the Eastern District in
Pennsylvania.  As noted above, the facts involved in this litigation are isolated and
specific only to the named Plaintiffs.  As such, the typical litigation problems to be
overcome by transfer, as delineated in the *Manual for Complex Litigation,* "to eliminate
duplication in discovery, avoid conflicting rulings and schedules," among others, are not
factors in this case.  MANUAL FOR COMPLEX LITIGATION, THIRD, Federal Judicial Center
(1995) at  251.


## IV.  CONCLUSION

19.     In this particular action, Plaintiffs were exposed to a number of hazardous
substances due to Defendants nondisclosures and misrepresentations.  This is not a
products liability action typical of actions transferred by the Panel.  For these reasons, and
the reasons stated above, characterization of this matter as a 28 U.S.C. §1407 "tag-along"
action is inappropriate.

WHEREFORE, Plaintiffs respectfully request that the Panel vacate the Conditional Transfer Order filed on March 13, 2003 with regard to this matter.

DATED:       April 11, 2003.

John D. Fognani, Esq.
Suzanna K. Moran, Esq.
Brian D. Gonzales, Esq.
FOGNANI GUIBORD HOMSY & ROBERTS, LLP
1700 Lincoln St. Suite 2222
Denver, Colorado 80203
Telephone:     303-382-6200
Facsimile:     303-382-6210

COUNSEL FOR PLAINTIFFS

8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2003

FILED
CLERK'S OFFICE

CERTIFICATE OF SERVICE

I hereby certify that on this __11__ day of April 2003, I have placed true and correct copies of Plaintiffs' 1) **MOTION TO VACATE THE CONDITIONAL TRANSFER,** and 2) **BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER** in the U.S. Mail with first class postage addressed to:

Melinda Meador, Esq.
Bass Berry & Simms, PLC
900 S. Gay Street, Suite 1700
P.O. Box 1509
Knoxville, TN 37901-1509

Martin B. Bailey, Esq.
Charles W. Van Beke, Esq.
Wagner, Myers & Sanger, P.C.
P.O. Box 1308
Knoxville, TN 37901

Stuart F. James, Esq.
Goins, Carpenter & James
Suite 401, The Flatiron Building
707 Georgia Avenue
Chattanooga, TN 37402

J. Charles Kruse, Esq.
Special Litigation Counsel
Civil Division, Torts Branch
(Environmental Torts Section)
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044

The Honorable Judge Thomas W. Phillips
United States District Court, Knoxville
800 Market Street, Suite 130
Knoxville, TN 37902

The Honorable Judge Charles R. Weiner
United States District Court
Eastern District of Pennsylvania
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

# PANEL SERVICE LIST (Excerpted from CTO-223)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Christopher T. Upton, et al. v. United States of America, et al.*, E.D. Tennessee, C.A. No. 3:03-52

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Suzanna K. Moran
Fognani, Guibord, Homsy & Roberts
1700 Lincoln Street
Suite 2222
Denver, CO 80203

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406