MDL 875

ORIGINAL

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § | |
| | § | MDL 875 |
| Asbestos Product Liability Litigation (No. VI) | § | |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2003

FILED
CLERK'S OFFICE

*This Document Relates To:*

| | | |
|---|---|---|
| ARNOLD ALVIN ALLEN and | § | |
| JUDITH ANN ALLEN, | § | |
| | § | Civ. Act. No. 1:02-CV-1572-JOF |
| *Plaintiffs*, | § | |
| | § | |
| vs. | § | UNITED STATES DISTRICT |
| | § | COURT FOR THE NORTHERN |
| CERTAINTEED CORPORATION, *et al.*, | § | DISTRICT OF GEORGIA |
| | § | |
| *Defendants*. | § | |

PLEADING NO. 3874

## MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT

The Plaintiffs file their Motion to Vacate Conditional Transfer Order 223 and Brief in Support, and would show as follows:

### I.

### INTRODUCTION

This case involves a victim of Mesothelioma. It is also the *third* removal of this case by defendants – AlliedSignal/Honeywell, Ford, Chrysler and General Motors. It was first removed by defendants in June of 2002, under the assertion, as a "Friction Products Claim," it was related to the Federal Mogul bankruptcy. On August 28, 2002, after the Third Circuit Court of Appeals dismissed the appeal and denied mandamus from the

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 1

**OFFICIAL FILE COPY** IMAGED APR 16 '03

District of Delaware's Remand Order of Friction Products Claims, Judge Orinda Evans issued an Order to Show Cause why this case, among others, should not be remanded to State Court. Defendants Ford, Chrysler and General Motors filed a response based on independent grounds *wholly unrelated* to Judge Wolin's Order. Specifically, Defendants argued summary judgment in favor of a resident defendant made the case removable, ignoring long-standing precedent that an involuntary dismissal of a defendant cannot create diversity jurisdiction. Plaintiff's responded with a Motion to Remand and Brief in Support. Though the federal court in Georgia had yet to rule on the remand issue, the defendants filed a Notice of Tag-Along Action. The federal court in Georgia still has the remand issue under submission.

II.

ARGUMENT

Defendants' deplorable pattern and practice of interminable delay resulted in denying a mesothelioma victim his day in court. This Panel should not further reward the defendants delay efforts by denying his surviving loved one an opportunity to state her case before a jury. The Motion to Remand this case to Georgia state court has been filed in the Northern District of Georgia and is under submission. The Panel should allow that court to rule, a decision which fosters the most direct route to Mrs. Allen's opportunity to have the trial to which she is entitled.

Furthermore, simply decency counsels that the Panel allow the Georgia federal court to rule. The transfer of this case to the MDL court would cause immeasurable

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 2

delay in the prosecution and trial of this case, and would likely eliminate Mrs. Allen's opportunity to have her day in court as defendant's delay has already denied Mr. Allen his day. Since, by definition, there can be no trial date should the case be transferred, the defendants will have no compelling reason to discuss potential settlements. Anyone with any experience in asbestos litigation, and certainly any candid defense counsel, would not dispute that in a mesothelioma case, settlements with trial defendants are exceedingly rare absent a firm trial date. Therefore, Mrs. Allen implores the MDL Panel to let the federal court in Georgia rule on the pending motion to remand before considering making the CTO a final order.[1]

This Panel has acknowledged that a transfer can be delayed in the interest of comity, to allow the putative transferor court an opportunity to rule on an important pending pretrial motion – and under far less compelling human circumstances. *See In Re Plumbing Fixture Cases,* 298 F. Supp. 484, 496 (J.P.M.L. 1968) ("On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts...to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past *and will be followed in the future* by the Panel.") (emphasis added)

---

[1] Plaintiffs would add that no purpose would be serve by Multidistrict consolidation here since all "common" asbestos discovery has been completed in MDL 875 as a whole, even before this particular case was filed.

MOTION TO VACATE CTO-223 AND BRIEF IN SUPPORT -- Page 3

While the Panel has also stated that since transferee courts may decide remand motions, the simple fact that a remand motion pends would not delay transfer, this case is most assuredly different. The slight delay which would be occasioned by waiting and allowing the local federal court to rule cannot compare to the damage which would be wrought to Mrs. Allen by rote incantation of that principle here. This is not a case involving cell phones, overtime pay, antitrust violations or consumer fraud; at stake here is not a mere matter of procedure or venue. At issue here is a person's only opportunity to achieve justice for her beloved late husband. Equity, good conscience and fairness counsels the Panel to honor here the policy of comity – which "has been followed in the past and will be followed in the future by the Panel" – for if not now, when?

### III.

### CONCLUSION

Plaintiffs oppose transfer of this case and move under Rule 7.4(d) that the conditional transfer order be vacated, that transfer be denied, and that these cases remain in the Transferor Court, and that thereafter the cases be remanded to the state court, and that they receive all other relief to which they are entitled.

Case MDL No. 875 Document 3874 Filed 04/14/03 Page 5 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 14 2003

FILED
CLERK'S OFFICE

Respectfully submitted,

BARON & BUDD, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
Phone (214) 521-3605
Fax (214) 520-1181

By: *Alan B. Rich w/ pm*
ALAN B. RICH *express permission*
Texas Bar No. 16842350

Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate and Brief in Support was served via ~~facsimile~~ *regular mail* to all counsel of record on the attached service list on the 11th day of ~~March~~ *April*, 2003.

*Alan Rich w/ pm express*

**PANEL SERVICE LIST (Excerpted from (CTO-223)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Arnold Alvin Allen, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia, C.A. No. 1:02-1572

Charles R. Beans
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ollie M. Harton
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Alan B. Rich
Baron & Budd
The Centrum, Suite 1100
3102 Oaklawn Avenue
Dallas, TX 75219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

| | | |
|---|---|---|
| W. THOMAS CAUSBY<br>NELSON, MULLINS, RILEY &<br> SCARBOROUGH, LLP<br>KEENAN BUILDING, THIRD FLOOR<br>1330 LADY STREET<br>COLUMBIA, SC  29201-3332 | OLLIE M. HARTON<br>HAWKINS & PARNELL, L.L.P.<br>4000 SUNTRUST PLAZA<br>303 PEACHTREE STREET, NE<br>ATLANTA, GA  30308-3243 | M. ELIZABETH O'NEILL<br>HAWKINS & PARNELL, L.L.P.<br>4000 SUNTRUST PLAZA<br>303 PEACHTREE STREET, N.E.<br>ATLANTA, GA  30308 |
| RICHARD L. FORMAN<br>FORMAN, PERRY, WATKINS, KRUTZ & TARDY<br>ONE JACKSON PLACE<br>188 EAST CAPITAL STREET, SUITE 1200<br>JACKSON, MS  39225-2608 | DAVID A. HUGHES<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART<br>SUITE 2100<br>600 PEACHTREE STREET, NE<br>ATLANTA, GA  30308 | E. ELAINE SHOFNER<br>HAWKINS & PARNELL, L.L.P.<br>4000 SUNTRUST PLAZA<br>303 PEACHTREE STREET, N.E.<br>ATLANTA, GA  30308-3243 |
| S. SAMUEL GRIFFIN<br>KING & SPALDING<br>191 PEACHTREE STREET<br>ATLANTA, GA  30303 | MICHAEL E. HUTCHINS<br>HAWKINS & PARNELL, L.L.P.<br>4000 SUNTRUST PLAZA<br>303 PEACHTREE STREET, N.E.<br>ATLANTA, GA  30308 | J. BRUCE WELCH<br>HAWKINS & PARNELL, L.L.P.<br>4000 SUNTRUST PLAZA<br>303 PEACHTREE STREET, NE<br>ATLANTA, GA  30308-3243 |