**MDL 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION** APR 2 3 2003

FILED
CLERK'S OFFICE

CHRISTOPHER TODD UPTON,
LESLIE DARNELL JONES,
JEFFREY LYNN KEYLON,
JAMES DAVID PARTEN,
TIMOTHY EDWARD ROBBINS, and
PAUL STEVEN VANCE

v.

THE UNITED STATES OF AMERICA,
BNFL INC.,
AMERICAN TECHNOLOGIES, and
R&R ELECTRIC CORPORATION.

In Re Asbestos Products Liability Litigation (No. VI)
    MDL. No. 875

CTO-223

PLEADING NO. 3877

---

**OPPOSITION OF THE UNITED STATES TO PLAINTIFFS' MOTION
TO VACATE CONDITIONAL TRANSFER ORDER CTO-223**

**I**

INTRODUCTION

This action was commenced by Plaintiffs by a complaint filed in the United States District Court

for the Eastern District of Tennessee on May 2, 2002. On October 15, 2002, the suit was dismissed

based upon the Plaintiffs' failure to have filed an administrative claim against the United States, as is

required for the District Court to have jurisdiction. On January 21, 2003, after having completed the

administrative claim process, the Plaintiffs refiled the suit. On January 30, 2003, the United States

notified the Judicial Panel on Multidistrict Litigation (the "Panel") that the case was a potential "tag-along

action" to the cases transferred pursuant to the Panel's Opinion and Order in MDL. No. 875, *In re*

1

**OFFICIAL FILE COPY** IMAGED APR 27 '03

*Asbestos Products Liability Litigation* (No. VI), 771 F. Supp. 415 (Jud. Pan. Mult. Lit. 1991).  On

March 13, 2003, the Panel filed a Conditional Transfer Order transferring the action from the Eastern

District of Tennessee to the United States District Court for the Eastern District of Pennsylvania.

Plaintiffs, opposing such transfer, filed a Notice of Opposition to that Order with the Panel on March

28, 2003.  Plaintiffs' Motion to Vacate the Conditional Transfer Order and supporting memorandum

were sent by Plaintiffs' counsel on April 11, 2003, and were received by counsel for the United States

on April 18, 2003.

Plaintiffs worked for contractors of the United States, or their subcontractors, and were

engaged in removing equipment from the Department of Energy's Oak Ridge, Tennessee facility.  They

allege that during that activity they were exposed to various materials, including asbestos.

Plaintiffs contend that this action should not be transferred because this case is not directed

against manufacturers or distributors of asbestos containing products.  Plaintiffs contend that their

lawsuit will also focus on hazardous material in addition to asbestos.  They also contend that transfer

would not serve the convenience of the parties and witnesses.

## II

### TRANSFER IS WARRANTED

In 1991, the Judicial Panel on Multidistrict Litigation held that all pending federal district court

actions involving allegations of personal injury or wrongful death caused by "asbestos or asbestos-

containing products" should be centralized in one district, the Eastern District of Pennsylvania, for

pretrial proceedings.  In re Asbestos Products Liability Litigation, 771 F. Supp. 415, 417 (Jud Pan.

Mul. Lit. 1991).  In so doing, the Panel rejected the contentions that lack of common parties and  that

2

individual factual issues were such that they predominated over issues common to asbestos personal

injury cases. The Panel held that the nationwide crisis of asbestos litigation clogging the dockets of the

courts justified consolidation. "The most objectionable aspects of asbestos litigation can be briefly

summarized: dockets in both federal and state courts continue to grow; long delays are routine; trials

are too long; the same issues are litigated over and over; transaction costs exceed the victims' recovery

by nearly two to one; exhaustion of assets threatens and distorts the process; and future claimants may

lose altogether." Id. at 419.

The Panel noted that the criteria of 28 U.S.C. §1407 were met, namely, that the exigencies of

the asbestos litigation as a whole required transfer because transfer would further the convenience of

the parties and witnesses, and would promote the just and efficient conduct of asbestos actions.

In endorsing global transfer, the Panel decided that certain factors were not sufficiently

important to forego such transfer:

> First of all, our decision to order transfer is not unmindful of the fact that the
> impact of asbestos litigation varies from district to district, and that in some
> courts asbestos personal injury actions are being resolved in a fashion
> indistinguishable from other civil actions. It is not surprising, therefore
> that parties and courts involved in such actions might urge that inclusion of
> their actions in multidistrict proceedings is inappropriate. The Panel, however
> must weigh the interests of all the plaintiffs and all the defendants, and must
> consider multiple litigation as a whole in the light of the purposes of the law.

771 F. Supp. at 420 (emphasis added).

Moreover, perhaps anticipating claims such as those raised by Plaintiffs (Mem. 5), the Panel

determined that transfer was the optimal solution to the asbestos docket despite alleged inconvenience

to witnesses. The Panel acknowledged that witnesses often were in the transferor district and transfer

3

could be "burdensome or inconvenient." <u>Id</u>. at 422.  However, the Panel noted that depositions could be taken in the local district under Fed. R..Civ. P. 45(d)(2).  <u>See</u>. 771 F. Supp. at 422.

While Plaintiffs assert that none of the defendants in the instant case is a manufacturer or distributor of asbestos, that is not significant.  The Panel's decision was not limited to suits against asbestos manufacturers.  771 F. Supp. at 417.

Moreover, there are issues in common with the bulk of asbestos litigation, such as medical causation:  was the amount of exposure to asbestos capable of causing ill effects, and did it?

Finally, Plaintiffs' contentions in this case are not new or different from contentions made to the Panel in prior cases.  In its unreported decision in <u>Chisholm v. United States</u>, [No. 3:99-224, N.D. Cal.] (July 27, 1999) (copy attached as Exhibit A), the Panel stated at page 2:

> In particular, we note that in the Panel's original decision distinctions based on such matters as . . . the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not related to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel  as grounds for carving out exceptions to transfer in this extraordinary docket.

The proceedings in this case are at an extremely early stage.  Only the complaint and an Answer have been filed.  There is no substantial reason that these litigants' case should be treated differently from other asbestos personal injury cases.  In sum, the considerations underlying the creation of a centralized asbestos docket warrant inclusion of this case.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General, Civil Div.

4

HARRY S. MATTICE, JR.
United States Attorney, E.D. Tenn.
J. PATRICK GLYNN
Director
DAVID S. FISHBACK
Assistant Director


DATED: 4. 22 - 03

J. CHARLES KRUSE
Special Litigation Counsel
Environmental Torts
P.O. Box 340
Benjamin Franklin Station
Washington, D.C. 20044
202-616-4202

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 3 2003

FILED
CLERK'S OFFICE

EXHIBIT A

MULTIDISTRICT
LITIGATION

JUL 27 1999

FILED
CLERK'S OFFICE

### DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janice Chisholm v. United States of America, et al.*, N.D. California, C.A. No. 3:99-224
*Charles I. Harley v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-38
*John L. Renfro, Sr. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-71
*Amiel P. Amin, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-79
*Lawrence D. Graves, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-79
*Clarence F. Metsker, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-80
*Charles R. Ernst, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-81
*Louis E. Atzinger, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-82
*Harold R. Allen, Sr., et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-87
*Alpha Knight, etc. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-109
*Jack B. Boston, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-110
*Ronald C. Foree, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-143
*Raymond Hall, et al. v. Owens-Corning Fiberglas Corp., et al.*, W.D. Kentucky, C.A. No. 3:99-229

## *BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS,* LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 181 F.R.D. 1, 10 (1998), by i) certain plaintiffs and/or defendant Cardinal Industrial Insulation, Inc., in the twelve above-captioned Western District of Kentucky actions, and ii) plaintiff in the remaining above-captioned Northern District of California action. All movants request that the Panel vacate the portions of its orders conditionally transferring their respective action(s) to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed,[1] the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of these actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions

---

*Judge Sanders took no part in the decision of this matter.

[1]The parties to these actions waived oral argument and, accordingly, the question of Section 1407 transfer of the actions was submitted on the briefs. Rule 16.2, R.P.J.P.M.L., 181 F.R.D. 1, 14 (1998).

not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[2] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of these actions now before the Panel. We note that under Judge Weiner's stewardship, as of July 27, 1999, i) nearly 60,000 actions have been closed in the transferee district, and ii) nearly 1,000 actions or claims therein have been returned to their originating transferor districts. To parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 181 F.R.D. at 11-13. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the thirteen above-captioned actions be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Nangle
Chairman

---

[2] Parties in certain of the actions before the Panel have argued that transfer should be denied or deferred in order to permit the judges assigned the actions to rule on various potentially dispositive pending motions. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 181 F.R.D. at 3, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 23 2003

FILED
CLERK'S OFFICE

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2003, the Defendant United States of America's Opposition to

Plaintiffs' Motion to Vacate Conditional Transfer Order CTO-223 was served upon counsel for

Plaintiffs and Defendants by first class mail, addressed  as listed below.

Michael L. Powell
Ayres & Parkey
P.O. Box 948
Knoxville, TN 37901

John D. Fognani
Fognani, Guibord, Homsy & Roberts, LLP
1700 Lincoln Street, Suite 2222
Denver, Colorado 80203

Martin B. Bailey
Charles W. Van Beke
Wagner, Myers & Sanger, P.C.
P.O. Box 1308
Knoxville, TN 37901

Melinda Meador
Bass, Berry & Simms, PLC
900 S. Gay Street, Suite 1700
P.O. Box 1509
Knoxville, TN 37901-1509

Stuart F. James
Goins, Carpenter & James
Suite 401, The Flatiron Building
707 Georgia Avenue
Chattanooga, TN 37402

*J. Charles Kruse*
J. Charles Kruse

RECEIVED
CLERK'S OFFICE
2003 APR 22  P 4: 03
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 2 3 2003

FILED
CLERK'S OFFICE

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2003, the Defendant United States of America's Opposition to

Plaintiffs' Motion to Vacate Conditional Transfer Order CTO-223 was served upon all counsel listed

on the attached list, sent prepaid, and to the addresses listed on the attached list.

J. Charles Kruse

RECEIVED
CLERK'S OFFICE
2003 APR 23  A 10: 46
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-223)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Christopher T. Upton, et al. v. United States of America, et al.,* E.D. Tennessee, C.A. No. 3:03-52

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Suzanna K. Moran
Fognani, Guibord, Homsy & Roberts
1700 Lincoln Street
Suite 2222
Denver, CO 80203

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406