**MDL 875**

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 0 8 2003**

FILED
CLERK'S OFFICE

PLEADING NO. 3885

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ARNOLD ALVIN and JUDITH ANN ALLEN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:02-CV-1572 |
| ) | |
| DAIMLER CHRYSLER CORPORATION, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-223

Defendants DaimlerChrysler Corporation, Ford Motor Company

and General Motors Corporation respectfully submit this

Opposition to Plaintiffs' Motion To Vacate Conditional Transfer

Order ("CTO") 223 in the above-referenced case.

In the underlying state court case, another defendant,

Honeywell, also removed its portion of the case to the United

2003 MAY -7 A 11: 35
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

RECEIVED CLERK'S OFFICE

OFFICIAL FILE COPY IMAGED MAY 8 '03

- 2 -

States District Court for the Northern District of Georgia.  When removed, Honeywell's claim was given a different civil action number by the federal court, 1:02-CV-2771, than these Defendants claims, and assigned a different judge.  Honeywell's claim was the first to be transferred to the MDL by way a previous CTO. Plaintiffs filed a Motion to Vacate the CTO, based on the same reasons set forth in their Motion to Vacate filed in this case. On April 11, 2003, this Panel issued an order denying Plaintiffs' Motion to Vacate.

This case is in the exact same position as the previous Honeywell claim.  In fact, Plaintiffs are making the exact same arguments against transfer that were denied in the Court's April 11, 2003 order.  Thus, the Panel should deny Plaintiffs' Motion to Vacate in this case as well, for the reasons set forth below.

Defendant opposes Plaintiffs' motion.  As we discuss below, Plaintiffs' motion contradicts well-settled Panel precedent, and is premised on a fundamental misunderstanding of the co-equal competence of federal courts.  For these reasons, the Panel should deny Plaintiffs' motion.

This is an asbestos personal injury case, and as such it falls within the category of cases that should be transferred to MDL No. 875.  Plaintiffs nonetheless argue that the Panel should not transfer the case to MDL No. 875 because they were not

- 3 -

properly removed to federal court.  Pl. Motion at 3.   Thus,
plaintiffs contend that this Panel should vacate the CTO until
the federal district court in Georgia addresses Plaintiffs'
motion to remand.  Id. at 3-4.  Plaintiffs also argue that
judicial economy, comity, and the rights of the Plaintiffs to
have a day in court would not be served by the immediate transfer
of the actions.

The Panel has rejected Plaintiffs' arguments against
transfer over and over again.  In its initial opinion creating
this MDL docket, the Panel made clear that "distinctions based on
such matters as the pendency of motions or other matters before
the transferor court" do not present a basis "for carving out
exceptions to transfer in this extraordinary docket."  In re
Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11,
2002) (transfer order), at 2 (citing In re Asbestos Prods. Liab.
Litig. (VI), 771 F. Supp. 415 (J.P.M.L. 1991)).  The Panel has
repeatedly reaffirmed this position,[1] and has explicitly held
that the pendency of a motion for remand to state court is not a
proper basis for denial of transfer.  See, e.g., In re Asbestos
Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002)

---

[1]     E.g., In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Aug. 9, 2002)
(transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Apr. 17,
2002) (transfer order), at 1-2; In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L.
Feb. 19, 2002) (transfer order), at 1.

- 4 -

(transfer order), at 2 n.1 ("Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[1]/

Plaintiffs also argue that judicial economy and the rights of the parties favor denial of transfer, until after the federal court in Georgia rules on the Plaintiffs' Motion to Remand. But the Panel has consistently rejected those arguments as well, noting that "transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings * * * will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 (citing In re Asbestos Prods. Liab. Litig. (VI), 771 F. Supp. 415

---

[2]/    The Panel has noted that the transferor court has sufficient time to rule on a motion to remand prior to final transfer if it so chooses, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. In re Asbestos Prods. Liab. Litig. (VI), MDL No. 875 (J.P.M.L. Oct. 11, 2002) (transfer order), at 2 n.1.

- 5 -

(J.P.M.L. 1991)).   Plaintiffs have provided no basis for ignoring that long-settled conclusion here.

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts.   The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper.   In keeping with Panel precedent, Plaintiffs should avail themselves of Panel Rule 7.6 before the transferee court rather than seeking relief here.

In short, Plaintiffs have presented no basis on which the Panel should vacate CTO-223 with respect to these cases.   For these reasons, the Panel should deny Plaintiffs' motion.

This 6th day of May, 2003.

Respectfully submitted,
**HAWKINS & PARNELL, LLP**

OLLIE M. HARTON
GEORGIA BAR NO.:   334585
TODD E. SCHWARTZ
GEORGIA BAR NO.:   631210

**ATTORNEYS FOR DAIMLERCHRYSLER
CORPORATION, FORD MOTOR
COMPANY AND GENERAL MOTORS
CORPORATION**

4000 SUNTRUST PLAZA

- 6 -

303 PEACHTREE STREET, N.E.
ATLANTA, GA 30308-3243
(404) 614-7400 (Office)
(404) 614-7500 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of May, 2003, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition to Plaintiffs' Motion To Vacate CTO-223 to be served by overnight delivery on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.   20002-8004

I further certify that, on this 6th day of May, 2003, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 6th day of May, 2003, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA   19106-1797

Todd E. Schwartz

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 0 8 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 6th day of May, 2003, I caused an original, eleven (11) copies, and one computer readable disk copy of the foregoing Opposition to Plaintiffs' Motion To Vacate CTO-223 to be served by overnight delivery on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 6th day of May, 2003, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 6th day of May, 2003, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA  19106-1797

Todd E. Schwartz

PANEL SERVICE LIST (Excerpted from (CTO-223)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Arnold Alvin Allen, et al. v. Georgia Pacific Corp., et al.*, N.D. Georgia, C.A. No. 1:02-1572

Charles R. Beans
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ollie M. Harton
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Alan B. Rich
Baron & Budd
The Centrum, Suite 1100
3102 Oaklawn Avenue
Dallas, TX 75219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

LAW OFFICES OF

# HAWKINS & PARNELL, LLP

4000 SUNTRUST PLAZA
303 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30308-3243

TELEPHONE: 404 614-7400

FAX: 404 614-7500

WRITER'S DIRECT: (404) 614-7543

tschwartz@hplegal.com

May 7, 2003

**MAY 0 8 2003**

FILED
CLERK'S OFFICE

THE WOODRUMS BUILDING
602 VIRGINIA STREET EAST
SUITE 200
CHARLESTON, WEST VIRGINIA 25301

TELEPHONE: 304 345-8545

REQUEST BY DEFTS. FORD MOTOR CO.,
ET AL., FOR EXTENSION OF TIME TO FILE
RESPONSE -- GRANTED TO AND INCLUDING
MAY 8, 2003
( mjb 5/8/03)

## VIA FACSIMILE TRANSMISSION and U.S. MAIL

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-225, North Lobby
Washington, D.C.  20002-8004

Re:   Arnold Alvin and Judith Ann Allen v. Daimler Chrysler Corporation, et al.
      In the United States District Court for the Northern District of Georgia
      Civil Action No.: 1:02-CV-1572

Dear Mr. Beck:

I am writing to request that the NDL Panel accept the Response to Plaintiffs' Motion to Vacate CTO-223 filed two (2) days late in the above-referenced case. The argument in Plaintiffs' Motion has been ruled upon by this panel previously. In those occasions, the panel has denied the Request to Vacate the Transferred Order. Also, another Defendant, Honeywell, in this same underlying case received an Order denying the exact same argument advanced by the Plaintiffs.

The panel should rule upon this Motion as it did for Defendant Honeywell. It would not make judicial sense to have the same identical argument of Plaintiffs ruled upon differently. The Plaintiffs will not be prejudiced by accepting the late filing of Ford, Daimler Chrysler and General Motors.

9894906 v1

LAW OFFICES OF

# HAWKINS & PARNELL, LLP

May 7, 2003
Page 2

Very truly yours,

HAWKINS & PARNELL, LLP

Todd Schwartz

Cc:   Alan B. Rich, Esq.

9894906 v1