JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# MDL 875

MAY 1 6 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

### CONDITIONAL TRANSFER ORDER (CTO-224)

---

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff,

    v.                CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.

_____ /

**PLEADING NO. 3887**

RECEIVED CLERK'S OFFICE
2003 MAY 15 P 2:10
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### NOTICE OF OPPOSITION

The Plaintiff objects to the proposed transfer of this matter for "Tag-Along Actions"

and has attached a copy of its Motion to Remand, Affidavit of Jack W. Merritt (counsel for

Plaintiff) and Memorandum of Law in Support, as Exhibit 1. Although the right to

supplement is reserved, the basis for the opposition is the lack of complete diversity among

the defendants and the resulting lack of the Court's jurisdiction.

By: _~Jack W Merritt~_
    Jack W. Merritt
    FL Bar No. 0052248
    1800 Second Street, Suite 852
    Sarasota, Florida 34237
    Telephone: (941) 953-4140

**OFFICIAL FILE COPY**

IMAGED MAY 1 6 '03

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 1 6 2003**

FILED
CLERK'S OFFICE

and

Warren R. Ross
FL Bar No. 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges
& Tuttle
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:  (941) 639-2171

Trial Counsel for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Notice of Opposition was mailed to
counsel for the defendants listed on the attached Service List.


By: _____
Jack W. Merritt
FL Bar No.  0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone:  (941) 953-4140

## SERVICE LIST

**CROWN CORK & SEAL**
Mark C. Greene. Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton. FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S.W. 8th St.
Miami, FL 33131-3047

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32802-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MAY 1 6 2003**

FILED
CLERK'S OFFICE

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

      Plaintiff,

v.                                                        CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

      Defendants.

_____/

## MOTION TO REMAND

Pursuant to 28 USCS §§ 1332, 1447 and FRCP 81(c), Plaintiff moves this Court for an order remanding the above-entitled action to Circuit Court for Sarasota County Florida on the ground that removal jurisdiction herein is based on diversity of citizenship, and, since codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation with its principal place of business in Charlotte County Florida, jurisdiction is improper herein. Nor may the citizenship of codefendant Palm Chevrolet-Oldsmobile, Inc. in the State of Florida be disregarded by this Court, since codefendant Palm Chevrolet-Oldsmobile, Inc. is not merely a nominal or formal party herein, nor was codefendant Palm Chevrolet-Oldsmobile, Inc. fraudulently joined to defeat removal of the action hereto. On the contrary, codefendant Palm Chevrolet-Oldsmobile, Inc. is an indispensable and necessary party to plaintiff's action if plaintiff is to receive the full measure of relief prayed for in his complaint filed herein. Codefendant Palm Chevrolet-Oldsmobile, Inc. was just added as a defendant on April 25, 2003, (See Third Amended Complaint attached hereto as Exhibit A) and, therefore, was not served with process herein until after removal of this action to this Court.

Plaintiff moves this Court for an order remanding the action to Circuit Court for Sarasota County Florida, from whence it was removed to this Court, on the ground that this Court is now without jurisdiction over the action since there is no longer complete diversity of citizenship among the parties herein, codefendant Palm Chevrolet-Oldsmobile, Inc. and Plaintiff both effectively being residents of the State of Florida and codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation and Plaintiff is a citizen of the State of Florida. As more fully appears in the affidavit attached hereto as Exhibit B.

## CERTIFICATE OF CONSULTATION

At least one of the defendants has stated in a letter written to Plaintiff's counsel that it will not agree with the Plaintiff's Motion to Remand the case to Circuit Court for Sarasota County, Florida.

By: _Jack W Merritt_
Jack W. Merritt
FL Bar No: 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

and

Warren R. Ross
FL Bar No. 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle
223 Taylor Street
Punta Gorda, Florida 33950
Telephone: (941) 639-2171

Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Remand, Affidavit of Jack W.

Merritt, and Memorandum in Support of Motion to Remand were mailed via first class mail,

postage prepaid to counsel for the defendants listed on the attached Service List on May 15,

2003.


By: _Jack W Merritt_____

     Jack W. Merritt
     FL Bar No. 0052248
     1800 Second Street, Suite 852
     Sarasota, Florida 34237
     Telephone:  (941) 953-4140

## SERVICE LIST

**CROWN CORK & SEAL**
Mark C. Greene, Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton, FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S.W. 8th St.
Miami, FL 33131-3047

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32802-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                             CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____/

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

     Plaintiff, by and through its undersigned counsel, files this Memorandum in Support of its Motion to Remand.

## FACTUAL BACKGROUND

     This lawsuit is based upon asbestosis contracted as a result of Plaintiff's exposure to asbestos containing products and his contracting asbestosis as a result. As is widely known, asbestosis does not appear until years after exposure to the asbestos containing products. As a result, locating the various sources of exposure to asbestos containing products takes time and defendants are added as investigation and discovery continues. In this case, the Plaintiff was and is still investigating the various sources of his exposure to asbestos containing the products. The Plaintiff may add additional defendants over the course of this litigation, as discovery provides additional information. The defendant added was done so as a result of Plaintiff's continuing investigation of the facts and this matter and his exposures to asbestos containing products.

The Plaintiff's exposures to asbestos containing products extend back over three decades. It has taken Plaintiff a great deal of time and effort to recall the exposures to asbestos and asbestos containing products. The joinder of the additional defendant is not fraudulent, but was a result of Plaintiff's ongoing discovery in the very early stages of this case.

## APPLICABLE LAW

The Plaintiff has the right to join additional defendants as the case progresses. In this case, the Plaintiff expects that additional defendants may be discovered and joined as the case progresses and discovery continues. In the case of Wright v. Metropolitan Life Insurance, Co., 74 F.Supp.2d 1150, 1152-1153 (N.D.Ala. 1999), the Court stated that, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Company, 709 F.2d 1433, 1440-41 (11th Cir 1983). "The court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff." Cabalecta v. Standard Fruit Company, 883 F.2d 1553, 1561 (11th Cir 1989).

Pursuant to 28 U.S.C.A. 1332, this Court must remand the case to the Circuit Court for Sarasota County, Florida. Section 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." There no longer is complete diversity in this case. Therefore, the Court must remand the case.

## SUMMARY

Pursuant to applicable case law and Federal Statutes, this Court no longer has jurisdiction over this case and it must be remanded to Circuit Court for Sarasota County, Florida. The Defendants will suffer no harm as a result of the remand by this Court to Florida State Court.

By: _Jack W. Merritt_

        Jack W. Merritt
        FL Bar No. 0052248
        1800 Second Street, Suite 852
        Sarasota, Florida 34237
        Telephone: (941) 953-4140

and

        Warren R. Ross
        FL Bar No. 382086
        Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle
        223 Taylor Street
        Punta Gorda, Florida 33950
        Telephone: (941) 639-2171

        Trial Counsel for Plaintiffs

EXHIBIT A

RECEIVED

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

03 APR 25  PM 12: 21

CLERK'S
MIDDLE DISTRICT OF COURT
TAMPA, FLORIDA

HARVEY JANDREAU,

     Plaintiff,

v.                                              CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____/

## THIRD AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

     With the exception of those Defendants that have been dismissed, Plaintiff sues those

Defendants previously listed and those additional Defendants listed on Exhibit A, by and

through his undersigned attorneys and herein states.

## GENERAL ALLEGATIONS

     1.    The amount in controversy exceeds $75,000.00, exclusive of taxable fees and

costs.[1]

     2.    Mr. Jandreau is a resident of Sarasota County, State of Florida.

     3.    At all times relevant to Mr. Jandreau's exposure to those asbestos containing

products that they manufactured, sold, marketed or distributed, Defendants, including Ford,

General Motors, Daimler Chrysler conduct now and have conducted business throughout the

State of Florida, including Sarasota County, Florida.

---

[1] Plaintiff will file a Motion to Remand concurrently or will file said Motion shortly after filing this Third
Amended Complaint because Plaintiff is adding a defendant that will eliminate diversity and divest this Court
of jurisdiction.

4.    Pursuant to Florida's long arm statutes in effect at the time of Mr. Jandreau's exposure, Defendants are subject to jurisdiction within the State Courts of Florida and specifically Circuit Court in Sarasota County. The relevant Florida long arm statutes include 47.16 (1956) and 48.181 (1967)

5.    Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

6.    In or about 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding motors and related parts, including gaskets, clutch replacements and brake jobs.

7.    In or about 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

8.    In or about 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

9.    In or about 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

10.    In or about 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

11.    In or about 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

12.   In or about 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

13.   Upon moving to Florida, Mr. Jandreau had several additional exposures to asbestos and asbestos containing products, including performing brake jobs on various automobiles, manufactured by several of the Defendants, e.g., Ford, General Motors, Daimler Chrysler, and used brake parts purchased from Defendants Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc., both of which are Florida corporations conducting business within the State of Florida.

14.   During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

15.   Although Mr. Jandreau cannot now state with specificity precisely which asbestos containing products that he was exposed to during his various jobs, he does know that he was exposed to each and everyone of these products during one or more of those jobs. Mr. Jandreau is uncertain which of the Defendants asbestos containing products and fibers caused his illness and therefore all Defendants are joint tortfeasors because all produced, manufactured, sold and/or distributed asbestos containing products that cause the type of injuries suffered by Mr. Jandreau.

16.   Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied, distributed and/or sold by

3

Defendants. In or about 2001, Mr. Jandreau was diagnosed as having asbestosis while a resident of Sarasota County, Florida.

17.     Venue is in the Middle District because that is where Mr. Jandreau's cause of action has accrued, the advent of the disease, and therefore the witnesses relevant to that are located in the Middle District of Florida

18.     All conditions precedent to the filing of this lawsuit have been met or waived.

## COUNT I – NEGLIGENCE

19.     Except for those Defendants that have been dismissed, Plaintiff, in this count, sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A.

20.     Paragraphs 1 through 18 are incorporated as if set forth herein.

21.     The Defendants owed a duty of care to Mr. Jandreau to ensure that the products manufactured, sold, marketed and distributed by them were safe and would not cause injury to Mr. Jandreau when used by him and other members of the public as intended and used in a manner that was reasonably foreseeable by them.

22.     The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable

4

23.    Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

24.    Each of the Defendants breached the duty described herein owed to Mr. Jandreau when they failed to manufacture, market, sell and distribute products that were safe and would not cause injury to Mr. Jandreau when used by him as intended or in a manner that was reasonably foreseeable.

25.    As a result of the negligence of the Defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and / or concurrently, without any negligence on the part of the plaintiff. As a sole consequence of defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, individually or concurrently, in the amount of Ten Million Dollars ($10,000,000 00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

5

## COUNT II – STRICT LIABILITY

26.    Except for those Defendants that have been dismissed, Plaintiff sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A in this count.

27.    Paragraphs 1 through 18 are incorporated as if set forth herein.

28.    Plaintiff states that at the same time the Defendants placed the asbestos and asbestos products into the market place, they knew or should have known such products contained defects which created an unreasonable risk of harm to those likely to use or be exposed to the products, to wit:

(a)    exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)    no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

29.    The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

30.    Plaintiff further states that at the time of the happening complained of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complained of as when the

6

products left the control of each of the Defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition.

31.    As a sole, direct and proximate result of the manufacture, production, marketing, distribution and sale by the Defendants of these defective products and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.    All of the injuries and damages complained of were caused solely and proximately by the Defendants, their agents, servants or employees, individually, jointly and / or concurrently.    As a sole consequence of the Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

### COUNT III – BREACH OF IMPLIED WARRANTIES

32.    Plaintiff sues Defendants Ford, General Motors and Daimler Chrysler in this count.

33.    The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 18.

34.    The Defendants knew or should have known since at least 1929 that the use
and / or exposure to asbestos and / or asbestos-containing products in a manner that was
reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who
had any contact with and in any way used the asbestos containing products could cause
serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers
were negligent when failing to take actions to ensure the products were not dangerous when
used in a manner that was reasonably foreseeable.

35.    The Plaintiff purchased asbestos containing products from Ford, General
Motors and Daimler Chrysler and further states that those Defendants, during all relevant
times, held themselves and their agents out to the public as having knowledge and skill
peculiar and specific to the business and practice of manufacturing, selling and distributing
asbestos-containing products.

36.    Plaintiff further states that the asbestos and asbestos-containing materials and
products manufactured, produced, marketed and sold by those Defendants were not safe,
marketable and fit for their intended particular use and thus the defendants breached these
implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe
condition of these products, said defective conditions being hidden from the view and
knowledge of ordinary persons using such products and said defective conditions were not
capable of being discovered by reasonable and prudent persons exposed to such products.

37.    Mr. Jandreau relied upon the special skill, knowledge and judgment of those
Defendants acquired through their experience in the manufacture, production, marketing and
sale of asbestos and asbestos-containing products when they warranted that the products were
safe, merchantable and fit for their intended and particular use.

8

38.    As a sole, direct and proximate result of these breaches of warranties by those Defendants, and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, has substantial pain and suffering, and significant physical injuries and discomfort.  All of the injuries and damages complained of were caused solely and proximately by those Defendants, their agents, servants or employees, individually, jointly and / or concurrently.  As a sole consequence of those Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before a jury.


Jack W. Merritt, Esquire
Florida Bar No : 0052248
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Attorney for Plaintiff
Telephone:      (941) 485-9626
Facsimile:       (941) 485-8163

and

Warren R. Ross, Esquire
Florida Bar #: 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:    (941) 639-2171
Facsimile:    (941) 639-8617

Trial Counsel for Plaintiff

## Exhibit A

Palm Chevrolet-Oldsmobile, Inc.
1901 Tamiami Trail S.
Punta Gorda, FL 33950
A Florida Corporation

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff,

    v.                                                          CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.

_____/

STATE OF FLORIDA

COUNTY OF SARASOTA

## AFFIDAVIT OF JACK W. MERRITT

    I, Jack W. Merritt, being first duly sworn, depose and say:

    1.    I am one of the attorneys for plaintiff Harvey Jandreau in the above-captioned action.

    2.    The above entitled action was filed in Sarasota County Circuit Court on August 5, 2002, and was removed to this Court on Motion filed by several Defendants, including Ford Motor Company, on March 12, 2003, with original and removal jurisdiction of this Court over the above-entitled action being premised solely on the ground of diversity of citizenship of plaintiff and defendant.

    3.    Plaintiff Harvey Jandreau was, at the time of the commencement of this action, and still is a citizen and resident of the State of Florida.

Case MDL No. 875 Document 3887 Filed 05/16/03 Page 28 of 28

4.    Defendant Palm Chevrolet-Oldsmobile, Inc. was, at the time of the commencement of this action, and still is, a corporation, duly incorporated and authorized to conduct business in the State of Florida.

5.    Defendant Palm Chevrolet-Oldsmobile, Inc. has its principal place of business in the State of Florida, at 1901 Tamiami Trail S., Punta Gorda, FL 33950.

6.    Thus, both Defendant Palm Chevrolet-Oldsmobile, Inc. and Plaintiff Harvey Jandreau were, at the commencement of the above-entitled action, and still are, citizens of the same state, the State of Florida.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JACK W. MERRITT

The foregoing instrument was acknowledged before me on the 15th day of May 2003 by JACK W. MERRITT who is personally known to me or produced _____ as identification and who has read the above Affidavit, knows the facts and matters therein set forth and alleged and that each of said facts and matters are true and correct based upon personal knowledge.

_____
NOTARY PUBLIC

(SEAL)



Peggy Rickard
My Commission DD063149
Expires October 7, 2005