**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

originating from

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CATANIA, ET AL | CIVIL ACTION |
| | NUMBER: 02-368 |
| VERSUS | SECTION D |
| ACANDS, INC., ET AL. | MAGISTRATE 1 |

**DSM COPOLYMER, INC.'S, EXXONMOBIL CORPORATION'S AND
THE DOW CHEMICAL COMPANY'S MOTION TO VACATE
CONDITIONAL REMAND ORDER**

DSM Copolymer, Inc. ("DSM"), ExxonMobil Corporation ("ExxonMobil") and The

Dow Chemical Company ("Dow") move to vacate the April 30, 2003 Conditional Remand

731106_1

**OFFICIAL FILE COPY**   **IMAGED JUN 4 '03**

PLEADING NO. 3905

Order entered in this matter by the Judicial Panel on Multidistrict Litigation for the reasons

stated in the accompanying Brief.

Respectfully submitted:

Gary A. Bezet (#3036)
David K. Nelson (#17075)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
KEAN, MILLER, HAWTHORNE, D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor (70825)
P. O. Box 3513
Baton Rouge, LA  70821-3513
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

***Attorneys for ExxonMobil Corporation and
DSM Copolymer, Inc.***

David M. Bienvenu, Jr., T.A. (#20700)
Gregory E. Bodin (#18802)
Todd S. Manuel (#25780)
Jennifer M. Sigler (#27083)
TAYLOR, PORTER, BROOKS &
PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

**Attorneys for The Dow Chemical Company**

731106_1

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

**PROOF OF SERVICE**

FILED
CLERK'S OFFICE

I certify that a copy of the foregoing pleading has been served upon the Clerk for the Eastern

District of Pennsylvania and all represented parties by mailing a copy to their counsel of record at

their last known address as listed below.  No unrepresented parties are involved in this matter.  This

_28th_ day of May, 2003.

Gregory M. Anding

Gerolyn P. Roussel
ROUSSEL & ROUSSEL
LaPlace, LA 70068
1-985-651-6591
Counsel for Plaintiffs, Barbara Catania and Michael Catania

Leon Gary, Jr.
William L. Schuette
Olivia S. Tomlinson
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
8555 United Plaza Boulevard
Four United Plaza, Fifth Floor
Baton Rouge, LA 70809-7000
1-225-248-2000
Counsel for Viacom, Inc., successor in interest to CBS Corporation formerly known as Westinghouse Electric Corporation

David A. Barfield
Kay Barnes Baxter
BARFIELD & ASSOCIATES
400 Poydras Street, Suite 1460
New Orleans, LA 70130
1-504-568-1562
Counsel for AcandS, Inc.

Troy N. Bell
AULTMAN, TYNER McNEESE RUFFIN & LAIRD
The Texaco Center
400 Poydras Street, Suite 1900

731106_1

3

New Orleans, LA  70130
1-504-528-9616
Counsel for General Electric Company

David M. Bienview, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS
451 Florida
Bank One Centre, 8th Floor
Baton Rouge, LA 70801
1-225-387-3221
Counsel for The Dow Chemical Company

Cory Cahn
SLATER LAW FIRM
650 Poydras Street, Suite 2600
New Orleans, LA 70130
1-504-523-7333
Counsel for General Electric Company

Larry G. Canada
GALLOWAY, JOHNSON, TOMPKINS & BURR
One Shell Square, Suite 4040
New Orleans, LA 70139
1-504-525-6802
Counsel for Combustion

Ashley Carter
John Childers
LYNN LUKER & ASSOCIATES
616 Girod Street, Suite 200
New Orleans, La 70130
1-504-525-5000
Counsel for Foster Wheeler, L.L.C.

Lawrence G. Pugh, III
Edward McGowan
Tonya S. Johnson
MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
1-504-585-3200
Counsel for Eagle, Inc.

731106_1

4

Robert A. Knight
BERNARD, CASSISA, ELLIOT & DAVIS
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055
1-504-834-2612
Counsel for Reilly-Benton Company, Inc.

Susan B. Kohn
SIMON, PERAGINE, SMITH & REDFEARN
1100 Poydras Street, 30th Floor
Energy Center
New Orleans, LA 70163
1-504-569-2030
Counsel for McCarty Corporation

Julie D. Robles
C. Kelly Lightfoot
Valerie Schexnayder
Serena C. Vaughan
HAILEY, McNAMARA, HALL, MARMANN AND PAPALE
One Garreria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA  70011
1-504-836-6500
Counsel for Flintkote Company and Taylor-Seidenbach, Inc.

James F. d'Entremont
Kevin J. Webb
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
1-504-581-5141
Counsel for AM Chem Products or Benjamin Foster, a Division of AM Chem and Babcock Borsig
Power, Inc. f/k/a, D B Reilly, Inc. and Anco Insulations, Inc

David E. Redmann
Lemle & Kelleher
21st Floor
601 Poydras Street
New Orleans, LA 70130-6097
1-504-586-1241

731106_1                                                5

Counsel for Kaiser Aluminum Company, Monsanto Company

W. Scott Brown
FOREMAN, PERRY WATKINS, KRUTZ & TARDY
1515 Poydras Street, Suite 1420
New Orleans, LA 70112
1-504-799-4383
Counsel for Uniroyal, Inc. and Owens Illinois, Inc.

# PANEL SERVICE LIST
## DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Barbara Catania, et al. v. ACandS, Inc., et al.*, M.D. Louisiana, C.A. No. 3:02-368

Kay B. Baxter
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough
400 Poydras Street
Suite 1900
New Orleans, LA 70130

David M. Bienvenu, Jr.
P.O. Box 2471
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

*Carolyn Roussel*
Jules R. Bonfiffeux
Roussel & Roussel
1710 Cannes Drive
LaPlace, LA 70068

W. Scott Brown
Forman, Perry, Watkins, Krutz &
Tardy
1515 Poydras Street
Suite 1420
New Orleans, LA 70112

Cory R. Cahn
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Larry G. Canada
Galloway, Johnson, Tompkins, Burr &
Smith
One Shell Square
701 Poydras Street, Suite 4040
New Orleans, LA 70139

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

James Francis D'Entremont
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Stephen N. Elliott
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Margaret M. Joffe
Adams & Reese
4500 One Shell Square
New Orleans, LA 70139

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Janet L. MacDonell
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Patrick D. McMurtray
Luker, Sibal & McMurtray, L.L.C.
616 Girod Street
Suite 200
New Orleans, LA 70130

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Dwight C. Paulsen, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Lawrence G. Pugh, III
Montgomery, Barnett, Brown, et al.
1100 Poydras Street
3200 Energy Centre
New Orleans, LA 70163-3200

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Julie Robles
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70001

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Valerie T. Schexnayder
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70001

William L. Schuette
Jones, Walker, Waechter, et al.
Four United Plaza, Fifth Floor
8555 United Plaza Boulevard
Baton Rouge, LA 70809-7000

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

originating from

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| BARBARA CATANIA, ET AL | CIVIL ACTION |
| | NUMBER: 02-368 |
| VERSUS | SECTION D |
| ACANDS, INC., ET AL. | MAGISTRATE 1 |

## BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL REMAND ORDER

DSM Copolymer, Inc. ("DSM"), ExxonMobil Corporation ("ExxonMobil") and The

Dow Chemical Company ("Dow") submit this Brief in Support of their Motion to Vacate

Conditional Remand Order. For the following reasons, it would be entirely inappropriate and

731106_1

contrary to the purpose underlying the Multidistrict Litigation Panel's (hereinafter "the Panel") transfer of asbestos cases to the Eastern District of Pennsylvania to remand this matter at this juncture.

## A.  Background.

Barbara Catania and Michael Catania ("plaintiffs") filed suit in Louisiana state court against several defendants for injuries allegedly resulting from Barbara Catania's second-hand exposure to asbestos-containing products through her uncles. DSM removed the action to the Middle District of Louisiana under the "federal officer removal" statute, 28 U.S.C. § 1442.  Plaintiffs' Motion to Remand was denied.  On May 21, 2002, the Panel issued a Conditional Transfer Order, transferring this action from the Middle District of Louisiana (hereinafter sometimes referred to as "the transferor court") to the Eastern District of Pennsylvania (hereinafter sometimes referred to as "the transferee court").  Plaintiffs' Motion to Vacate Conditional Transfer Order was denied on October 11, 2002.  Plaintiffs have conducted no discovery as to Dow in the form of any deposition requests or written discovery since the transfer and have apparently not completed their discovery as to ExxonMobil. On April 30, 2003, a Conditional Remand Order was entered by the Panel.[1]  Following the issuance of this Order, plaintiffs represented to the transferor court that they had not completed discovery and were not ready for trial.  Subsequent to this representation, counsel

---

[1]Counsel for DSM, ExxonMobil and Dow are unaware of any Motion to Remand being filed with the Panel by plaintiffs and were not served with the "suggestion" of remand apparently provided by Judge Weiner of the Eastern District of Pennsylvania.

for DSM, ExxonMobil and Dow timely filed their Notice of Opposition to Conditional Remand Order.

## B.    Remand is Premature.

The purpose of Multidistrict Litigation is the coordination and consolidation of pretrial proceedings. See 28 U.S.C. §1407(a). Specifically, "transfers **shall** be made by the judicial panel on multidistrict litigation authorized by this Section **upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.**"   28 U.S.C. §1407(a) (emphasis provided).   "The essential purpose of Congress in enacting §1407 was to permit the centralization in one district of all pretrial proceedings internally 'when civil actions involving one or more common questions of facts are pending in different districts'." *New York City Municipal Securities Litigation, Matter of*, 572 F.2d 49, 51 (2d Cir. 1978). As stated in the Report of the House Judiciary Committee, "the objective of the legislation is to provide centralized management under court supervision of pretrial proceedings of Multidistrict Litigation to assure the 'just and efficient conduct' of such actions." *Id*.

The Panel ordered the transfer in this matter, as it should have, presumably because the Panel found that this matter is the very type of case for which Multidistrict Litigation was created.  Despite this, **plaintiffs have conducted no discovery as to Dow in the form of any deposition requests or written discovery since the transfer and have apparently not completed their discovery as to ExxonMobil**. Yet, after the Conditional Remand Order was

entered, plaintiffs have requested corporate depositions of defendants and have represented

to the transferor court that **they intend to conduct further discovery.  In summary,**

**plaintiffs contend that they have <u>not</u> completed discovery and are <u>not</u> ready for trial.**[2]

Rule 7.6(b) of the Court Rules, Judicial Panel on Multidistrict Litigation, provides in

pertinent part, that "[e]ach action transferred only for coordinated or consolidated pretrial

proceedings . . . **shall be remanded** by the Panel to the transferor district **for trial.**"

Obviously, unless plaintiffs will represent that no additional discovery is needed and that they

are ready for trial, this provision does not provide the basis for remanding this matter at this

time.

Rule 7.6(c) governs the circumstances under which the Panel shall **<u>consider</u>** remand

prior to the conclusion of coordinated or consolidated pretrial proceedings.  There are three

(3) scenarios under which this can occur: (i) motion of any party; (ii) suggestion of the

transferee district court; or (iii) the Panel's own initiative, by entry of an order to show cause,

a conditional remand order or other appropriate order.  Apparently, the transferee district

---

[2]      Upon receipt of the Conditional Remand Order, counsel for plaintiffs apparently contacted the transferor court and advised that this matter was being remanded. The transferor court scheduled a May 15, 2003 Status Conference, which was prior to the end of the period within which defendants had to oppose the Conditional Remand Order, and therefore, prior to the actual remand of the case. As such, the Status Conference was premature. Nevertheless, counsel for defendants, in the spirit of cooperation and under the belief that counsel for plaintiffs wished to conduct no further discovery, did not plan to object to the remand, did not object to the Status Conference, and, in fact, appeared at the Status Conference. However, upon learning that counsel for plaintiffs wished to conduct additional discovery, counsel for defendants immediately notified the transferor court of its intentions to Oppose the Conditional Remand Order.

court suggested remand, although defendants are unaware of the basis upon which the suggestion was made.[3]   Counsel for DSM, ExxonMobil and Dow are aware of no circumstance in this case that renders it different from any of the thousands of asbestos cases in the transferee court that would justify remand at this time.

Rule 7.6(d)(i)[4] indicates that major factors in determining whether remand is proper are "(B) [w]hether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and (C) [w]hether all orders of the transferee district court have been satisfactorily complied with, and if not, what remains to be done."   The answer to both of these considerations is "**no**."   Plaintiffs have already represented that they have not completed discovery.   Additionally, several months back, the transferee court, in response to ExxonMobil's Motion to Quash Corporate Deposition, ordered plaintiffs to narrow the scope of the deposition notice.   Plaintiffs have failed to do so.

Rule 7.6(f)(i) also provides insight as to when remand is proper by providing that "[w]hen the Panel has been advised by the transferee district judge, or otherwise has reason to believe, **that pretrial proceedings in the litigation assigned to the transferee district judge are concluded or that remand of an action or actions is otherwise appropriate**,

---

[3]Counsel for DSM, ExxonMobil and Dow have neither been served with any motion by plaintiffs filed with the Panel to remand the case, nor have they been served with the suggestion of the transferee district court that the case be remanded.

[4]Rule 7.6(d) governs the requirements for granting remand upon motion of a party.

731106_1                                             5

an order of remand **may** be entered." Again, plaintiffs have already represented that **pretrial proceedings are not complete and that they are not ready for trial**. Additionally, there are **no unique circumstances that make remand "otherwise appropriate"** at this time.

Undoubtedly, counsel for plaintiffs will argue, as she has been doing since the inception of this case, that this case is unique from every other MDL asbestos case "on the basis that Barbara Catania is dying from mesothelioma." As on all other occasions, plaintiffs will likely not mention that Ms. Catania is approximately two (2) years post diagnosis, has been symptomatic for over two and one half (2 ½) years, **and continues to work**. Even more telling than these facts is the statement of Ms. Catania's own treating doctor who unequivocally testified on October 17, 2002 that **he expects Barbara Catania to live for approximately two to four more years.**[5]

Further, Defendants have hired preeminent pathologists who have diagnosed Ms. Catania's illness as well differentiated papillary mesothelioma. First, there is no link which conclusively establishes a causal relationship between this disease and exposure to asbestos. Second, this disease is either non-malignant or, at worst, mildly malignant. This, of course, explains Ms. Catania's unheard-of continued good health. If Ms. Catania were truly suffering from diffuse malignant mesothelioma, she would simply not be able to continue working so long after "diagnosis."[6] Accordingly, plaintiffs' implication that an immediate

---

[5] October 17, 2002 deposition of Dr. Gerald Miletello, p. 45.

[6] And, indeed, there is every reason to question the diagnosis of diffuse malignant mesothelioma.

731106_1                                        6

trial is necessary is certainly, at best, inconsistent with the facts developed to date.

Finally, plaintiffs will surely argue that this matter cannot be settled, and therefore, should be set for trial. Plaintiffs have made little effort to settle this matter. Settlement demands were made to DSM, ExxonMobil and Dow. Each of these defendants made counter-offers to plaintiffs, to which no response or counter was ever received. One settlement conference was scheduled with the transferee court, but it was canceled due to war protestors picketing the courthouse. That conference was never rescheduled. Counsel for plaintiffs has openly admitted in court that her "style" is not to settle until the morning of trial.[7] This "style" completely undermines one of the main purposes of the transferee court and the Panel: to help control the burden of asbestos litigation on the federal court system.

## C.   Conclusion.

With the exception of Ms. Catania's remarkable good health, this case is no different from any of the numerous other asbestos cases that have been transferred by the Panel to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings to "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Plaintiffs contend that discovery is not complete and that they are not ready for trial. Therefore, the purpose of the transfer has not yet been accomplished. For all of these reasons, DSM, Exxon and Dow request that the Panel vacate

---

[7]Very telling of this philosophy was plaintiffs statement only two (2) days after making initial settlement demands to all defendants that "it [is] clear that no settlement will be reached as to all defendants."

731106_1                                      7

its Conditional Remand Order.

Respectfully submitted:

Gary A. Bezet (#3036)
David K. Nelson (#17075)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
KEAN,  MILLER,  HAWTHORNE,  D'ARMOND,
McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor (70825)
P. O. Box 3513
Baton Rouge, LA  70821-3513
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for ExxonMobil Corporation and*
*DSM Copolymer, Inc.*

David M. Bienvenu, Jr., T.A. (#20700)
Gregory E. Bodin (#18802)
Todd S. Manuel (#25780)
Jennifer M. Sigler (#27083)
TAYLOR, PORTER, BROOKS &
PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

**Attorneys for The Dow Chemical Company**

731106_1                                     8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

**PROOF OF SERVICE**

FILED
CLERK'S OFFICE

I certify that a copy of the foregoing pleading has been served upon the Clerk for the Eastern

District of Pennsylvania and all represented parties by mailing a copy to their counsel of record at

their last known address as listed below.  No unrepresented parties are involved in this matter.  This

28th day of May, 2003.

Gregory M. Anding

Gerolyn P. Roussel
ROUSSEL & ROUSSEL
LaPlace, LA 70068
1-985-651-6591
Counsel for Plaintiffs, Barbara Catania and Michael Catania

Leon Gary, Jr.
William L. Schuette
Olivia S. Tomlinson
JONES, WALKER, WAECHTER, POITEVENT, CARRERE & DENEGRE
8555 United Plaza Boulevard
Four United Plaza, Fifth Floor
Baton Rouge, LA 70809-7000
1-225-248-2000
Counsel for Viacom, Inc., successor in interest to CBS Corporation formerly known as
Westinghouse Electric Corporation

David A. Barfield
Kay Barnes Baxter
BARFIELD & ASSOCIATES
400 Poydras Street, Suite 1460
New Orleans, LA 70130
1-504-568-1562
Counsel for AcandS, Inc.

Troy N. Bell
AULTMAN, TYNER McNEESE RUFFIN & LAIRD
The Texaco Center
400 Poydras Street, Suite 1900

731106_1

9

New Orleans, LA  70130
1-504-528-9616
Counsel for General Electric Company

David M. Bienview, Jr.
TAYLOR, PORTER, BROOKS & PHILLIPS
451 Florida
Bank One Centre, 8th Floor
Baton Rouge, LA 70801
1-225-387-3221
Counsel for The Dow Chemical Company

Cory Cahn
SLATER LAW FIRM
650 Poydras Street, Suite 2600
New Orleans, LA 70130
1-504-523-7333
Counsel for General Electric Company

Larry G. Canada
GALLOWAY, JOHNSON, TOMPKINS & BURR
One Shell Square, Suite 4040
New Orleans, LA 70139
1-504-525-6802
Counsel for Combustion

Ashley Carter
John Childers
LYNN LUKER & ASSOCIATES
616 Girod Street, Suite 200
New Orleans, La 70130
1-504-525-5000
Counsel for Foster Wheeler, L.L.C.

Lawrence G. Pugh, III
Edward McGowan
Tonya S. Johnson
MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163
1-504-585-3200
Counsel for Eagle, Inc.

Robert A. Knight
BERNARD, CASSISA, ELLIOT & DAVIS
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055
1-504-834-2612
Counsel for Reilly-Benton Company, Inc.

Susan B. Kohn
SIMON, PERAGINE, SMITH & REDFEARN
1100 Poydras Street, 30th Floor
Energy Center
New Orleans, LA 70163
1-504-569-2030
Counsel for McCarty Corporation

Julie D. Robles
C. Kelly Lightfoot
Valerie Schexnayder
Serena C. Vaughan
HAILEY, McNAMARA, HALL, MARMANN AND PAPALE
One Garreria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA  70011
1-504-836-6500
Counsel for Flintkote Company and Taylor-Seidenbach, Inc.

James F. d'Entremont
Kevin J. Webb
DEUTSCH, KERRIGAN & STILES
755 Magazine Street
New Orleans, LA 70130
1-504-581-5141
Counsel for AM Chem Products or Benjamin Foster, a Division of AM Chem and Babcock Borsig
Power, Inc. f/k/a, D B Reilly, Inc. and Anco Insulations, Inc.

David E. Redmann
Lemle & Kelleher
21st Floor
601 Poydras Street
New Orleans, LA 70130-6097
1-504-586-1241

Counsel for Kaiser Aluminum Company, Monsanto Company

W. Scott Brown
FOREMAN, PERRY WATKINS, KRUTZ & TARDY
1515 Poydras Street, Suite 1420
New Orleans, LA 70112
1-504-799-4383
Counsel for Uniroyal, Inc. and Owens Illinois, Inc.

# PANEL SERVICE LIST
## DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Barbara Catania, et al. v. ACandS, Inc., et al.*, M.D. Louisiana, C.A. No. 3:02-368

Kay B. Baxter
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough
400 Poydras Street
Suite 1900
New Orleans, LA 70130

David M. Bienvenu, Jr.
P.O. Box 2471
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

*Gerolyn Roussel*
Jules K. Boudreaux
Roussel & Roussel
1710 Cannes Drive
LaPlace, LA 70068

W. Scott Brown
Forman, Perry, Watkins, Krutz &
Tardy
1515 Poydras Street
Suite 1420
New Orleans, LA 70112

Cory R. Cahn
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Larry G. Canada
Galloway, Johnson, Tompkins, Burr &
Smith
One Shell Square
701 Poydras Street, Suite 4040
New Orleans, LA 70139

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

James Francis D'Entremont
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Stephen N. Elliott
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
P.O. Box 55490
Metairie, LA 70055

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Margaret M. Joffe
Adams & Reese
4500 One Shell Square
New Orleans, LA 70139

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70011

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Janet L. MacDonell
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, LA 70130

Patrick D. McMurtray
Luker, Sibal & McMurtray, L.L.C.
616 Girod Street
Suite 200
New Orleans, LA 70130

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Dwight C. Paulsen, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130

Lawrence G. Pugh, III
Montgomery, Barnett, Brown, et al.
1100 Poydras Street
3200 Energy Centre
New Orleans, LA 70163-3200

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Julie Robles
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70001

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Valerie T. Schexnayder
Hailey, McNamara, Hall, Larmann &
Papale
One Galleria Boulevard
Suite 1400
P.O. Box 8288
Metairie, LA 70001

William L. Schuette
Jones, Walker, Waechter, et al.
Four United Plaza, Fifth Floor
8555 United Plaza Boulevard
Baton Rouge, LA 70809-7000

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

FILED
CLERK'S OFFICE

Request of Defts. DSM Copolymer, Inc.; ExxonMobil Corp.
and The Dow Chemical Co. for an extension of time to file
Motion/Brief to Vacate CRO — GRANTED
(cdm - 6/3/03)

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

(FILED IN LAM 3 02-368)

originating from

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA CATANIA, ET AL | CIVIL ACTION |
| | NUMBER: 02-368 |
| VERSUS | SECTION D |
| ACANDS, INC., ET AL. | MAGISTRATE 1 |

RECEIVED CLERK'S OFFICE
2003 JUN -3 P 2: 53
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## DSM COPOLYMER, INC.'S, EXXONMOBIL CORPORATION'S AND THE DOW CHEMICAL COMPANY'S REQUEST FOR EXTENSION OF TIME

DSM Copolymer, Inc. ("DSM"), ExxonMobil Corporation ("Exxon") and The Dow

Chemical Company ("Dow") submit this request for an extension of time in which to file a

Motion to Vacate the Conditional Remand Order.

A Conditional Remand Order was issued by this Court on April 30, 2003. DSM, Exxon, and Dow move to vacate the Conditional Remand Order. Rule 7.6 provides that a motion to vacate a conditional remand order must be filed within fifteen (15) days of filing a notice of opposition.

WHEREFORE, DSM Copolymer, Exxon, and Dow respectfully request that this Court grant an extension of four (4) days, or until June 3, 2003, to file a Motion to Vacate Conditional Remand Order.

Respectfully submitted:

Gary A. Bezet (#3036)
David K. Nelson (#17075)
Gregory M. Anding (#23622)
Carol L. Galloway (#16930)
KEAN, MILLER, HAWTHORNE, D'ARMOND, McCOWAN & JARMAN, L.L.P.
One American Place, 22nd Floor (70825)
P. O. Box 3513
Baton Rouge, LA  70821-3513
Telephone: (225) 387-0999
Facsimile: (225) 388-9133

*Attorneys for ExxonMobil Corporation and DSM Copolymer, Inc.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2003

FILED
CLERK'S OFFICE

_David M. Bienvenu, Jr. /with permission_

David M. Bienvenu, Jr., T.A. (#20700)
Gregory E. Bodin (#18802)
Todd S. Manuel (#25780)
Jennifer M. Sigler (#27083)
TAYLOR, PORTER, BROOKS &
PHILLIPS, L.L.P.
451 Florida Street, 8th Floor
P.O. Box 2471
Baton Rouge, LA 70821
Telephone (225) 387-3221
Facsimile (225) 346-8049

**Attorneys for The Dow Chemical Company**

## PROOF OF SERVICE

I certify that a copy of the foregoing pleading has been served upon the Clerk of Court

for the Judicial Panel on Multidistrict Litigation and plaintiffs' counsel via facsimile. This

3nd day of June, 2003.

Carol L. Galloway

735251_1

3