JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

PLEADING NO. 3906

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

ORIGINAL

In Re: Asbestos Products Liability Litigation (No. VI)
(*Christopher M.E. Scott et.al v. First Union National Bank, et al*
*E.D. Virginia, C.A. No. 3:02-508*)

MDL No. - 875

MOTION AND BRIEF TO VACATE CONDITIONAL
TRANSFER ORDER

**Background of Litigation:**

This litigations involves state claims of tortuous conduct, fraud and deceit, fraud by misrepresentation and fraudulent inducement, breach of a lease, leasehold premises liability, infliction of emotional distress, and in a yet to be filed amended complaint, intentional assault and battery by bombarding the plaintiffs without notice or knowledge with thousands of poisonous spore airborne projectiles that they readily inhaled with no prior notice and in a plan of fraud and deceit.

All of the state claims may be mooted if the District Court grants plaintiffs' pending motion to voluntarily withdraw from the Eastern District federal court, a Motion of Voluntary Withdrawal being filed June 5, 2003. The state claims are

1

OFFICIAL FILE COPY

IMAGED JUN 12 '03

based in Virginia jurisprudence. Federal jurisdiction was invoked under diversity jurisdiction due to the defendants being non-Virginia corporate entities.

Included in the hazardous materials the plaintiffs sucked into their lung cavities for 10 days off and on in their work place after being assured they were safe was friable airborne asbestos that saw the defendants' agents, representatives, and employees post no signs, notices, nor obtained any lawful permits, and engaging in multiple violations of state building codes. No permits or notices were made pursuant to state and federal monitoring authorities as mandated by law and published regulations, all consummated by the defendants' agents, representatives and employees to the physical and emotional harm of the plaintiffs.

The plaintiffs alleged gross negligence *per se* based on these multiple violations of law contained in administrative and penal codes. The plaintiffs have not sued a single manufacturer or producer of asbestos product contemplated in the asbestos product liability multidistrict litigation that this panel oversees.

<u>Factual background to Litigation</u>

[Note: On July 19, 2002, the plaintiffs, all working for the Armistead Group, a limited liability financial company with multiple financial and business reconstruction services located in Winchester, Virginia, owned by James L. Silvester, filed a federal complaint against First Union National Bank and Wachovia Corporation, aka Wachovia Bank, NA. (The latter entity is pursuant to a September 1, 2001 merger.) These large corporate entities in their national merger plan were to pass title of properties, phase out First Union National Bank and become a new name trading publicly, Wachovia Corporation, a holding company, with subsidiaries doing business in 11 eastern states and the District of Columbia, including Virginia. Wachovia Bank, N.A., was in effect the successor - in - interest corporation to First Union Bank, N.A..

By order of the district court below, Wachovia Corporation claiming it did no business and held no land in Virginia, was granted its motion to be dismissed without prejudice. Also, the Bank was put on terms that the successor corporation as it pertained to this litigation and liability would be Wachovia Bank, NA.]

2

In the merger transition, First Union Bank and Wachovia Bank had each a banking building across the street from each other in the community of Winchester, Virginia.

The Armistead Group by its principals had leased in 1999 the second floor of the First Union Bank building, a turn of the 20 th century Victorian structure located in the historic district down town of Winchester, Virginia. In the summer of 2001, circa July - August, a major water leak on the vacant third floor sprung over the weekend and water inundated the third floor, second floor, the stairwells, and streamed out the building and onto the street. A passerby saw the same and called the Bank on Sunday.

Walls, carpet, and floors were all flooded. The third floor was entirely carpeted and had no air conditioning on. Due to the summer heat and other problems including the building was very old, an enormous stench, mildew, molds, and other cause and effect happenings were rampant in the building. The tenant, employer of employees and independent contractors, working on the second floor, complained to the landlord, Mr. Silvester being the employer and as tenant.

The landlord, under the lease, was First Union National Bank. Mr. James L. Silvester, the tenant contact person and principal, was firmly assured by First Union's real estate management department representatives and agents in the Bank, that the situation was going to be immediately addressed. Asking for new space out of the Bank building during any renovations at the landlord's cost required under the lease, this request was denied and a promise of immediate repair to make the building in good working order under the lease covenants, including quiet enjoyment, were to happen immediately. Mr. Silvester was convinced to stay.

In late July, a general contractor working as an agent on most of the Bank's real estate structure holdings up and down the East coast, Lesco Restorations, Inc., a South Carolina based company, surveyed the Winchester Bank building and initiated "restorations". In conjunction with the same, Lesco hired Environmental Investigations, Inc., an asbestos abatement and containment company based in West Virginia, for removal of asbestos. Work began on July 31 and continued through August 10, 2001 in which time frame the asbestos abatement and containment

company tore out, abraded, and removed an enormous amount of 9 x9 asbestos tiles on the third floor and second floor and in the process had removed second floor broken ceiling tiles in and about the tenant /employer/employee work area and above the mechanical maintenance room and were to address toxic molds and mildew. The plaintiffs were never informed of the asbestos abatement and containment destruction to occur. No notices or signs were ever posted and Mexican workers worked in and about the work area with their shirts removed and bear chested.

The plaintiffs in the 11 day time frame came into their offices on the second floor and were shocked to find considerable debris, white powder, and other construction material had rained down on their desks, equipment, files, cabinets, curtains, rugs, interior window ledges, and in their storage room. Concerned, James L. Silvester, at the request of his employees, inquired of the First Union Bank real estate management and of its agents and representatives on the first day, and repeatedly thereafter, from the appearance of fine white powder and other debris visible if they were safe.

Mr. Silvester repeatedly was assured by defendants that he and his employees were safe and the contractors would clean up everything.

Growing more suspicious as his employees were experiencing acute flu like symptoms as the days passed on and were forced to go home sick, including himself, he gave notice to defendants' representatives that the mildew, mold, and the raining debris appeared to be making his people ill. He went so far to ask if stirring up the mold and debris being all hazardous materials, was the Bank also engaged in removing any asbestos. If so, he feared for their safety.

The answer was he was entirely safe and absolutely no asbestos was being removed. Mr. Silvester again asked to be moved to another site until construction was finished. The answer was no. His business began to suffer as clients refused to be in and around the construction and his employees grew ill.

Toward the end of the removal, James L. Silvester saw several BFI containers opened in the Bank parking lot with red cones around them perking his interest. On climbing up one BFI container, the shock of his life came. The BFI containers were

4

full of clear bags marked "Asbestos" with a danger signage that stated the same can cause lung cancer. BEWARE !

 Totally upset, he and his employees immediately went into action and began documenting by video and other means the shame and fraud practiced upon them having been induced to be in the work area because it was represented by the First Union Bank agents, representatives, and employees as being safe when clearly it was not. They took pictures, videoed the inside, outside and the containers. Mr. Silvester summoned the local authorities.

 Mr. Silvester called the police and an incident report was filed. The local Winchester, Virginia building official issued a stop work order and the agent of the Bank was cited with building code violations including not having a lawful asbestos abatement and containment permit. Mr. Silvester in anger, shock, and disbelief, confronting the Bank, its agents, representatives and employees, all finally admitted that hazardous materials had been removed while his people worked in the building, including toxic mold and asbestos.

 Mr. Silvester and his people received an apology and were assured that on recent air testing, <u>after the fact</u>, the environment from the removal was safe and that the level of asbestos and mold in the air was safe. Further, that immediate repairs would take place in his area with new wallpapering, new rugs, new ceiling tiles, with a total safe environmental clean-up. Guaranteed this was to be true, Mr. Silvester and his employees were again induced fraudulently to stay on as tenants.

 When the work was completed in October 2001, Robert Bailey, agent for Lesco and First Union Bank again apologized, and assured Mr. Silvester at the Bank's directive that everything and the environment was now safe. Mr. Bailey was instructed by the defendants to not inform Mr. Silvester that the Bank did not undertake to remove all un-encapsulated asbestos containing material still present above the second floor ceiling tiles and in the mechanical storage room. Further, that the mold clean-up in the intake air ducts and elsewhere had never occurred. Mr. Bailey has stated under oath that all of this was done to save the Bank a penny.

 In the winter months when the heat was turned on, the plaintiffs again became

very ill with acute flu like conditions. People quit, people became sicker, and all were suffering from hacking coughs and pulmonary and respiratory distress. Complaining to the Bank again that things were not "safe" and with no further redress from the Bank, Mr. Silvester gave notice that he was vacating the leasehold for cause in that the leased premises under the lease was not in good and safe working order.

Before doing so, he had an Environmental Company, TRIAD, in business in four states and the District of Columbia, do a certified environmental survey of the leasehold. This inspection and survey disclosed high concentrations of toxic mold colonies in the return and out turn vents and registers, on plants, in curtains, in the rugs and walls as well as high concentrations of friable asbestos in the work area all over the place.

On vacating the premises, the plaintiffs educated themselves on what had happened to them and explored their legal options with counsel. Additionally and most revealing, Robert Bailey, supervisor for Lesco, and Thomas Ligon, a worker on the Winchester Bank building job, both of whom were terminated after the Winchester job, came forward to Mr. Silvester as whistle blowers revealing for the first time the exacerbated fraud and deceit practiced on the plaintiffs.

A lawsuit was filed.

**Factual and Legal Contentions of Movant With Citation of Applicable Authorities.**

This case is not a "tag along" case. No suit has been brought against a manufacturer, producer, or distributor of an asbestos product.

This lawsuit purely sounds in tort and in contract for an intentional breach of the lease caused by the reckless endangerment, willfull and wanton conduct that injured the plaintiffs' rights and property. The claims are common law claims for injuries to property and person. The defendants are not manufacturers, producers, or distributors of an asbestos product. This is not a product liability case. This case involves on the premises liability for wrongful and egregious tortuous conduct.

6

Not only have the defendants and their agents been cited with local and state violations of codes and permit requirements to have done the renovations properly, they are now cited by Virginia OSHA with violations as of May 23, 2003, the District Court being so informed. The plaintiffs desire to pursue administrative and investigative process under applicable state and federal law. Accordingly, the claims being state claims, they have filed a motion of voluntary withdrawal before the district court as of June 5, 2003.

The plaintiffs have suffered greatly from intentional conduct. Robert Bailey of Lesco, the general contractor for First Union, has submitted in an amended complaint filed in the district court an affidavit laying out First Union Bank's elaborate plan to do the renovations for the lowest penny and to never inform the plaintiffs that asbestos and toxic molds were going to be disturbed and lifted to an airborne status in their work area, with no notice, no signs, nothing. (The amended complaint was objected to by the defendants for requesting extraordinary remedies from the district court in the manner of writs of mandamus and prohibition to regulatory agencies. The Court was of the opinion it had no authority on discretionary governmental functions but granted leave to file an abbreviated amended complaint.)

An OSHA investigation has begun and EPA has been alerted. These administrative and investigative processes are now ongoing. The plaintiffs were ordered to a settlement conference on June 2, 2003 before a Magistrate Judge. No settlement could be reached as both parties are miles apart as to any settlement terms. From these ongoing developments and being educated by the Magistrate Judge, the plaintiffs decided their interests were better served by withdrawing their federal diversity action and let the administrative and investigative arms of government go forward. This may well lead to a settlement.

As to cited authorities, *In Re Asbestos Products Liability Litigation (No.VI), Docket No 875, JPML, 771 F. Supp. 415, 1991*, the opinion is very informative why the efficiency of the panel was needed to address all of the asbestos product liability litigation ongoing across the nation. The opinion recites Chief Justice William H. Rehnquist's admonition of the need for this panel out of his comments from the Judicial Conference Ad Hoc Committee on Asbestos Litigation, viz. "What has been

7

a frustrating problem is becoming a disaster of major proportions to both the victims and the producers of asbestos products, which the courts are ill-equipped to meet effectively." (Emphasis added.) Id., pg 418.

In an unpublished opinion by the Fourth Circuit not binding here but illustrative of the circular route the defendants are seeking to delay and hinder the plaintiffs is the case of *Margaret A. Prekler, Executrix of the Estate of George E. Prekler et.al v. Owens -Corning Fiberglas Corporation et. al, slip opinion 94-1550, decided July 6, 2001*. The Fourth Circuit panel affirmed the district court's denial of the defendants motion for continuance, an asbestos product manufacturer, to allow further discovery before trial. The case had been remanded by the Pennsylvania U.S. District Court at Philadelphia where it had been transferred to under the Judicial Panel of Multidistrict Litigation in 1991 pursuant to statute, 28 USC 1407.

The case had been "transferred" in 1991, remanded, and decided in 1995, four years latter. A manufacturer of a asbestos product was sued over the product permeating the air of industrial workers to the degree it was "snowy white." A jury returned a very favorable verdict at the district court level, affirmed by the Fourth Circuit. Four years later from the transfer and then remand the plaintiffs prevailed. The defendants want to similarly hinder and delay the plaintiffs' trial and recovery.

In *Norfolk and Western Railway Co. V. Ayers et. al,* United States Supreme Court, No. 01-963, decided March 10, 2003, a case that came to the Court from the state court appeal to the United States Supreme Court out of the West Virginia Supreme Court, the United States Supreme Court in an exhaustive opinion affirmed a state jury award, affirmed by the West Virginia Supreme Court, on the issue that the plaintiffs could recover under a state common law claim for intentional infliction of emotional distress, vis' a vis', that they could recover for the induced fear that they were in the future medical statistical candidates for lung cancer. This all evolved from a railroad act where the men were exposed to friable asbestos in their work place.

The defendants here seeking a conditional transfer and transfer order are simply engaged in dilatory tactics. It is reported that 67,000 asbestos product liability

8

cases are lodged in the Eastern District of Pennsylvania, at Philadelphia, the Honorable Charles R. Weiner, Judge, sitting. Judge Payne remarked when learning of the transfer order "was coming" lamented that the parties would languished up there for 5-6 years.

The plaintiffs are not suing anyone for product liability of an asbestos product. They are suing large corporate wrongdoers who harmed them and placed them in harms way by not complying with the simplest permit procedures, industrial safety practices, (state of the art) and notice processes required by local, state, and federal laws. While those laws and regulations do not generate a cause of action in of themselves, the willful violation of the same transfers itself for the intentional conduct if the same violated penal or prohibitive laws thereby raising the level of tort recovery from simple negligence to one of gross negligence *per se.* The victims of tortfeasors then have a leg up on the perpetrators and liability is a given by summary judgment and the jury is left to decide the damages under Virginia law. One dollar of compensatory damages will support punitive damages under Virginia law.

Last but not the very least, the tag along Rule 1:1 of this panel recites that a "tag along action" refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under section 1407". This civil action in no manner is one of "common questions of fact with actions transferred under section 1407." The cases transferred when one surveys the list is about product liability with the likes of Owens - Corning Fiberglass Corporation seen in the Fourth Circuit and as to many other producers, manufacturers, and distributors of asbestos products.

Why should these state plaintiffs with state claims willing to withdraw voluntarily their federal diversity action be subject to a four year or more turn-around to only see the case likely remanded on state claims. Judge Robert E. Payne in the pre-trial conference admonished the defendants that he did not understand the defendants desire to effect a transfer to this multidistrict jurisdiction when the case was purely a premise liability case involving state tort claims related to hazardous construction materials located on the leasehold?

9

## CONCLUSION

This Judicial Panel of Mult-District Litigation should concur with Judge Payne and vacate the Conditional Transfer Order and send this case back to his Honorable Court. Pursuant to this panel's rule, the panel is advised that a pending motion of voluntary withdrawal under FRCP 41 (a) was filed before Judge Payne June 5, 2003.

Regardless of that outcome of the pending district court withdrawal motion, the plaintiffs here move and also request that the panel itself *sua sponte* to vacate the Conditional Transfer Order forthwith, given these circumstances and facts, thus following the product liability purpose of having a panel under 28 USC §1407 in the first place.

This panel should vacate the conditional transfer order forthwith as this case is one of torts, premise liability, and intentional breach of a commercial lease contract. It is not a product liability case.

Respectfully Submitted,

Christopher M.E. Scott, et al
The Plaintiffs


By: [signature]
LAW OFFICES J. BENJAMIN DICK
421 PARK ST. SUITE # 2
Charlottesville, Virginia 22902
434-977-6607
434-977-6619 (Fax)
VSB # 18338

ORIGINAL FILE COPY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2003

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In Re: Asbestos Products Liability Litigation (No. VI)
(*Scott et. al v. First Union National Bank et. al, E.D. Virginia, C.A. No #3:02 UV-508*)

MDL - 875

## CERTIFICATE

I CERTIFY that the Motion and Brief to Vacate the Conditional Transfer Order was mailed this 6th day of June 2003 to the "Service Panel List" here annexed and received from the clerk of the Panel.

J. BENJAMIN DICK
of counsel for plaintiffs

**PANEL SERVICE LIST (Excerpted from CTO-224)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Christopher M.E. Scott, et al. v. First Union National Bank, et al.*, E.D. Virginia, C.A. No. 3:02-508

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

J. Benjamin Dick
Law Offices of J. Benjamin Dick
421 Park Street
Suite 2
Charlottesville, VA 22902

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Samuel L. Tarry, Jr.
Mcguire Woods
1 James Center
901 East Cary Street
Richmond, VA 23219-4030

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 6 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

In Re: Asbestos Products Liability Litigation (No. VI)
(*Scott et. al v. First Union National Bank et. al*, E.D. Virginia, C.A. No #3:02 UV-508)

MDL - 875
Request for Oral Argument Before Panel

I hereby request under the rules to be orally heard at oral arguments for purposes of representing my clients and to convince the panel sitting on the motion to vacate the Conditional Transfer Order an injustice will result in the transfer of this case that is rooted as to state claims and under state law. I certify that a copy of this request was mailed to the "Service Panel List" provided by the clerk here attached.

By: _____
LAW OFFICES J. BENJAMIN DICK
421 PARK ST. Suite # 2
Charlottesville, Virginia 22902
434-977-6607
434-977-6619

11

# PANEL SERVICE LIST (Excerpted from CTO-224)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE
JUN - 6 2003

Christopher M.E. Scott, et al. v. First Union National Bank, et al., E.D. Virginia, C.A. No. 3:02-508

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

J. Benjamin Dick
Law Offices of J. Benjamin Dick
421 Park Street
Suite 2
Charlottesville, VA 22902

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Samuel L. Tarry
Mcguire Woods
1 James Center
901 East Cary Street
Richmond, VA 23219-4030

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406