**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2003

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

---

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff

vs.                                    Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

    Defendants

_____/

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiff moves this Court for the entry of an Order vacating the Conditional

Transfer Order filed in the Clerk's Office on or about April 30, 2003 in the above

referenced matter and remanding this case under one of the following two scenarios:

-1-



OFFICIAL FILE COPY
IMAGED JUN 1 1 '03

PLEADING NO. 3908

a)   That this Court determine the pending Motion to Remand and that

there is a lack of complete diversity between the Plaintiff and all

Defendants in this matter and therefore that this case should be

unconditionally remanded to the Sarasota County Circuit Court; or

b)   That this case be conditionally remanded to the Middle District

of Florida for the purpose of having a determination made on the

pending Motion to Remand, currently pending in the Middle District of

Florida, a copy of which is attached to both the Notice of Opposition

and to this Motion.   The Notice of Opposition previously filed, along with

all attachments, is incorporated herein and into the supporting Brief by

reference.   Plaintiff reserves the right to supplement and amend this

Motion and Brief upon appropriate pleading and Order.

The Conditional Transfer Order should be vacated because the issues pertaining

to the lack of complete diversity among the parties in this case are unique to this case

and are not common among the other cases pending before this Court.

Whether this Court or the Middle District of Florida Court renders the decision on

the Motion to Remand is unimportant; the record is clear that this case belongs back in

State Court - Sarasota County Circuit Court - because of the lack of complete diversity.

Additionally, the delay, prejudice and additional cost that would be imposed on Plaintiff

by having this action heard in Philadelphia requires that the case be determined in the

Middle District of Florida, which is the District in which Plaintiff lives.   Plaintiff's health

and financial circumstances would preclude him from traveling to Philadelphia and

effectively participating in relevant and necessary Court proceedings herein.

The attached Brief contains the complete argument and is incorporated by reference.

<u>JUDICIAL PANEL ON</u>
MULTIDISTRICT LITIGATION

JUN - 9 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been furnished to the persons

listed on the attached Service List via US Mail on the 6th day of June, 2003.

Warren R. Ross
Wotitzky, Wotitzky, Ross, Goldman,
    Sturges & Tuttle, P.A.
223 Taylor Street
Punta Gorda, FL 33950
Florida Bar No. 382086
Tele: (941) 639-2171 - Fax: (941) 639-8617
e-mail: wross@wotitzkylaw.com
Attorneys for Plaintiff

and

Jack W. Merritt
Merritt and Merritt
Attorneys at Law
1800 Second Street
Suite 852
Sarasota, FL 34237
Attorneys for Plaintiff

Attachment

-3-

18243.3

**PANEL SERVICE LIST (Excerpted from CTO-224)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Harvey Jandreau v. AC Delco, et al.*, M.D. Florida, C.A. No. 8:03-435

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen, LLP
7000 West Palmetto Park Road
Suite 400
Boca Raton, FL 33433

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
The Aragon Building
288 Aragon Avenue
Suite C
Coral Gables, FL 33134-5035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Evelyn M. Fletcher
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Mark C. Greene
Fowler White Boggs & Banker, PA
501 East Kennedy
Suite 1700
P.O. Box 1438
Tampa, FL 33601

Robert A. Hannah
Hannah Estea & Ingram, P.A.
37 N. Orange Avenue
Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Donna L. Harvey
Speziali, Greenwald, Goldstein &
Hawkins, PC
501 South Indiana Avenue
Suite A
Englewood, FL 34223

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137-3258

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jack W. Merritt
Jack W. Merritt, PA
1800 Second Street
Suite 852
Sarasota, FL 34237

J. Richard Moore, Jr.
Rahaim, Watson, Dearing, Berry &
Moore, PA
3127 Atlantic Blvd.
Jacksonville, FL 32207

Harold E. Morlan, II
Akerman, Senterfitt & Eidson, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

PANEL SERVICE LIST (Excerpted from CTO-224) MDL-875 Cont.

Larry D. Smith
Cabaniss, Smith, Toole & Wiggins
485 North Keller Road
Suite 401
P.O. Box 945401
Maitland, FL 32751-5401

M. Stephen Smith, III
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130-3047

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 Piex Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2003

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

---

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff

vs.                                             Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

     Defendants

_____/

### BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER

    I.  Summary of Relevant Procedural History and Facts

Plaintiff initially filed his action in the Sarasota County Circuit Court, Sarasota,

-1-

Florida on or about August 5, 2002.  His claim was and is against multiple Defendants couched in various tort, products liability and warranty theories involving Plaintiff's exposure to products containing asbestos.   On or about March 12, 2003, a Motion to Remove the case to the Middle District of Florida was filed by one of the Defendants, which was subsequently granted.  Numerous Motions to Dismiss were filed by various Defendants and the Court granted leave for the filing of a Third Amended Complaint by Plaintiff on or before April 25, 2003.   A copy of the Third Amended Complaint and accompanying Affidavit is attached hereto.  That Complaint joined a non-diverse, in-state Florida Defendant for the first time - to-wit, Palm Chevrolet-Oldsmobile, Inc. Subsequent to the filing of that Third Amended Complaint, a Motion to Remand was filed by Plaintiff with supporting Memorandum of Law and Affidavit.   A copy of that Motion to Remand is attached hereto and the argument contained therein is incorporated herein by reference.

The Third Amended Complaint was filed on April 25, 2003 and the Motion to Remand filed on May 15, 2003.

## II.  Argument

Rule 1.5, Multidistrict Litigation Rules, states that "the pendency of a ... Conditional Transfer Order ... before the Panel ... does not affect ... pre-trial proceedings in the District Court in which the action is pending and does not in any way limit the pre-trial jurisdiction of that Court."   (emphasis added)    See also Boudreaux v. Metropolitan Life Insurance Company, 1995 WL 83788 (E.D. La. 1995) at *1 where it

-2-

states that "the pendency of the Transfer Order does not in any way defeat or limit the authority of (the Trial Court) to rule upon matters properly presented to it for a decision."

The MDL Panel also has the power to determine the question of remand if the remand issues presented in a particular lawsuit are common to the other cases before the MDL Panel.  Lee v. Ford Motor Company, 2002 WL 31760252 (E.D. La. 2002).

In order for any of the Defendants in this case to defeat the Motion to Remand, they will have to show that there has somehow been "fraudulent joinder" of the non-diverse Defendant, Palm Chevrolet-Oldsmobile, Inc.   In order to establish such fraudulent joinder one or more of the Defendants will have to prove that there is "no possibility that the Plaintiff would be able to establish a cause of action against the in-state Defendant in State Court".   Jernigan v. Ashland Oil Company, 989 F.2d 812 (5th Cir. 1993).  See also Barragan v. Warner-Lambert Company, 216 F. Supp. 2d 627 (W.D. Texas 2002) at Headnotes 4-6.

Such an analysis is going to be fact specific to this case, and this case alone, and will therefore not involve a review or consideration of information that is common to any of the other cases before this Panel.   There is no defense or other issue common between this and the other cases that would allow either this Panel or the proposed transferee Court in Philadelphia to compare, contrast and adjudicate the issue of remand along with any other pending Motions to Remand that may have been or will be filed in any of the other cases transferred under the MDL Rules.

As stated in Burns v. Windsor Insurance Company, 31 F.3d 1092 at 1095 (11th

-3-

Cir. 1994) "where Plaintiff and Defendant clash about jurisdiction, uncertainties are resolved in favour of remand".

A case that is virtually identical to the one before this Court can be found at Sledz v. Flintkote Company, 209 F. Supp. 2d 559 (D. Maryland 2002), which also involved an asbestos exposure claim against multiple Defendants.   In that case, the Initial Complaint was filed in March, 2001 and, by April, 2002, a Seventh Amended Complaint had been filed against approximately thirty five Defendants, with many Defendants being either added or dismissed over the course of the fourteen months that the case was pending between the First and Seventh Amended Complaint. Sledz, supra at 560.

One of the last Defendants to be added in Sledz filed a Motion to remove the case to Federal Court.   The Sledz Court specifically notes the inevitability, at Page 564, that the removal to Federal Court would result in the case being swept up into the multidistrict litigation which is the subject of this proceeding - Sledz at 564.   Indeed, the Court states at that page that:

> ... To permit removal of this case on the dubious ground that I have
> discretion to override the command of the Federal Removal Statute
> ... would cause a substantial "slow down" in the progress of this case
> to conclusion.

The Court goes on, after having previously reviewed that case's procedural history and states in no uncertain terms that:

> ... The Plaintiff has every right to do all that is possible, within the bounds
> of ethical constraints, to ensure that his case remains in State Court;

-4-

and Defendant has an equally defensible privilege to do all he can, under like constraints, to push or pull the action into Federal Court.   <u>Sledz</u> at 564.

The Motion for Remand, filed by Plaintiff herein, clearly sets forth sufficient facts and law to support the following conclusions:

a)      That the joinder of the in-state Defendant in the Third Amended
        Complaint (Palm Chevrolet-Oldsmobile, Inc.) is legitimate, viable
        and non-fraudulent.

b)      That said in-state Defendant's viability as a potential Defendant was only
        recently discovered.

c)      That joinder of this Defendant destroys complete diversity among the
        parties.

d)      That Plaintiff is entitled to remand to State Court.

Plaintiff incorporates the factual allegations and legal arguments set forth in its Motion to Remand, the Third Amended Complaint, the Memorandum of Law in support of Remand and the Affidavit of Jack Merritt Esq., all attached hereto.

Additionally, Plaintiff would argue that, as in <u>Sledz</u>, transfer of this case to the Eastern District of Pennsylvania would cause undue delay and would be a significant burden on Plaintiff, given his health, finances and overall inability to effectively participate in proceedings outside of Florida.

Adding a non-diverse Defendant after removal is normally guided by the factors listed in <u>Hengens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Circ. 1987).  In this case, the Plaintiff is seeking to add a Defendant who will be another potential source of funds

to satisfy a damage judgment (just as in <u>Doleac v. Michaelson</u>, 264 F.2d 470 (5th Circ.

2001); the addition of Defendants in asbestos cases is common (as in <u>Sledz</u>); denial of

the Motion to Remand would cause delay and expense to Plaintiff and Plaintiff has

sought leave to amend very early in the litigation, prior to formal discovery taking place.

The permissive standard for amendments should govern here, especially because it is

an asbestos case, and the additional of the non-diverse Defendant should be taken as

destroying Federal jurisdiction.   See <u>Thornton v. New York Life</u>, 211 F.R. D. 606 (N.D.

Cal. 2002).


III.   <u>Conclusion</u>


This Court should do one of the following:

a)   Remand this case to Sarasota County Circuit Court after its

   consideration of the Motion to Remand.

b)   Remand this case to the Middle District of Florida for its

   consideration of the Motion to Remand.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading has been furnished to the persons

listed on the attached Service List via US Mail on the 6th day of June, 2003.

Warren R. Ross
Wotitzky, Wotitzky, Ross, Goldman,
        Sturges & Tuttle, P.A.
223 Taylor Street
Punta Gorda, FL 33950
Florida Bar No. 382086
Tele: (941) 639-2171 - Fax: (941) 639-8617
e-mail: wross@wotitzkylaw.com
Attorneys for Plaintiff

        and

Jack W. Merritt
Merritt and Merritt
Attorneys at Law
1800 Second Street
Suite 852
Sarasota, FL 34237
Attorneys for Plaintiff



Attachment

-7-

18243.3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2003

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)**

**CONDITIONAL TRANSFER ORDER (CTO-224)**

---

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

HARVEY JANDREAU,

    Plaintiff,

    v.                     CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.

_____/

**NOTICE OF OPPOSITION**

The Plaintiff objects to the proposed transfer of this matter for "Tag-Along Actions" and has attached a copy of its Motion to Remand, Affidavit of Jack W. Merritt (counsel for Plaintiff) and Memorandum of Law in Support, as Exhibit 1. Although the right to supplement is reserved, the basis for the opposition is the lack of complete diversity among the defendants and the resulting lack of the Court's jurisdiction.

By: _Jack W Merritt_ _____
Jack W. Merritt
FL Bar No. 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

and

> Warren R. Ross
> FL Bar No. 382086
> Wotitzky, Wotitzky, Ross, Goldman, Sturges
> & Tuttle
> 223 Taylor Street
> Punta Gorda, Florida 33950
> Telephone: (941) 639-2171
>
> Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Notice of Opposition was mailed to counsel for the defendants listed on the attached Service List.

By: _Jack W Merritt_
     Jack W. Merritt
     FL Bar No. 0052248
     1800 Second Street, Suite 852
     Sarasota, Florida 34237
     Telephone: (941) 953-4140

## SERVICE LIST

**CROWN CORK & SEAL**
Mark C. Greene, Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton, FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S.W. 8th St.
Miami, FL 33131-3047

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32802-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN − 9 2003

FILED
CLERK'S OFFICE

**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                     CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____/

## MOTION TO REMAND

     Pursuant to 28 USCS §§ 1332, 1447 and FRCP 81(c), Plaintiff moves this Court for an order remanding the above-entitled action to Circuit Court for Sarasota County Florida on the ground that removal jurisdiction herein is based on diversity of citizenship, and, since codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation with its principal place of business in Charlotte County Florida, jurisdiction is improper herein. Nor may the citizenship of codefendant Palm Chevrolet-Oldsmobile, Inc. in the State of Florida be disregarded by this Court, since codefendant Palm Chevrolet-Oldsmobile, Inc. is not merely a nominal or formal party herein, nor was codefendant Palm Chevrolet-Oldsmobile, Inc. fraudulently joined to defeat removal of the action hereto. On the contrary, codefendant Palm Chevrolet-Oldsmobile, Inc. is an indispensable and necessary party to plaintiff's action if plaintiff is to receive the full measure of relief prayed for in his complaint filed herein. Codefendant Palm Chevrolet-Oldsmobile, Inc. was just added as a defendant on April 25, 2003, (See Third Amended Complaint attached hereto as Exhibit A) and, therefore, was not served with process herein until after removal of this action to this Court.

Plaintiff moves this Court for an order remanding the action to Circuit Court for Sarasota County Florida, from whence it was removed to this Court, on the ground that this Court is now without jurisdiction over the action since there is no longer complete diversity of citizenship among the parties herein, codefendant Palm Chevrolet-Oldsmobile, Inc. and Plaintiff both effectively being residents of the State of Florida and codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation and Plaintiff is a citizen of the State of Florida. As more fully appears in the affidavit attached hereto as Exhibit B.

## CERTIFICATE OF CONSULTATION

At least one of the defendants has stated in a letter written to Plaintiff's counsel that it will not agree with the Plaintiff's Motion to Remand the case to Circuit Court for Sarasota County, Florida.

By: _Jack W Merritt_
       Jack W. Merritt
       FL Bar No: 0052248
       1800 Second Street, Suite 852
       Sarasota, Florida 34237
       Telephone: (941) 953-4140

and

       Warren R. Ross
       FL Bar No. 382086
       Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle
       223 Taylor Street
       Punta Gorda, Florida 33950
       Telephone: (941) 639-2171

       Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Remand, Affidavit of Jack W.

Merritt, and Memorandum in Support of Motion to Remand were mailed via first class mail,

postage prepaid to counsel for the defendants listed on the attached Service List on May 15,

2003.

By: _____
     Jack W. Merritt
     FL Bar No. 0052248
     1800 Second Street, Suite 852
     Sarasota, Florida 34237
     Telephone: (941) 953-4140

**SERVICE LIST**

**CROWN CORK & SEAL**
Mark C. Greene, Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton, FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S.W. 8th St.
Miami, FL 33131-3047

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32802-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

      Plaintiff,

      v.                    CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

      Defendants.
_____/

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

      Plaintiff, by and through its undersigned counsel, files this Memorandum in Support of its Motion to Remand.

### FACTUAL BACKGROUND

      This lawsuit is based upon asbestosis contracted as a result of Plaintiff's exposure to asbestos containing products and his contracting asbestosis as a result. As is widely known, asbestosis does not appear until years after exposure to the asbestos containing products. As a result, locating the various sources of exposure to asbestos containing products takes time and defendants are added as investigation and discovery continues. In this case, the Plaintiff was and is still investigating the various sources of his exposure to asbestos containing the products. The Plaintiff may add additional defendants over the course of this litigation, as discovery provides additional information. The defendant added was done so as a result of Plaintiff's continuing investigation of the facts and this matter and his exposures to asbestos containing products.

The Plaintiff's exposures to asbestos containing products extend back over three decades. It has taken Plaintiff a great deal of time and effort to recall the exposures to asbestos and asbestos containing products. The joinder of the additional defendant is not fraudulent, but was a result of Plaintiff's ongoing discovery in the very early stages of this case.

## APPLICABLE LAW

The Plaintiff has the right to join additional defendants as the case progresses. In this case, the Plaintiff expects that additional defendants may be discovered and joined as the case progresses and discovery continues. In the case of Wright v. Metropolitan Life Insurance, Co., 74 F.Supp.2d 1150, 1152-1153 (N.D.Ala. 1999), the Court stated that, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Coker v. Amoco Oil Company, 709 F.2d 1433, 1440-41 (11th Cir 1983). "The court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff." Cabalecta v. Standard Fruit Company, 883 F.2d 1553, 1561 (11th Cir 1989).

Pursuant to 28 U.S.C.A. 1332, this Court must remand the case to the Circuit Court for Sarasota County, Florida. Section 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." There no longer is complete diversity in this case. Therefore, the Court must remand the case.

## SUMMARY

Pursuant to applicable case law and Federal Statutes, this Court no longer has jurisdiction over this case and it must be remanded to Circuit Court for Sarasota County, Florida. The Defendants will suffer no harm as a result of the remand by this Court to Florida State Court.

By: _____

Jack W. Merritt
FL Bar No. 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

and

Warren R. Ross
FL Bar No. 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges
& Tuttle
223 Taylor Street
Punta Gorda, Florida 33950
Telephone: (941) 639-2171

Trial Counsel for Plaintiffs

EXHIBIT A

RECEIVED

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

03 APR 25 PM 12: 21

CLERK U. S.
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HARVEY JANDREAU,

    Plaintiff,

v.                                          CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.
_____/

## THIRD AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

    With the exception of those Defendants that have been dismissed, Plaintiff sues those

Defendants previously listed and those additional Defendants listed on Exhibit A, by and

through his undersigned attorneys and herein states

### GENERAL ALLEGATIONS

    1.    The amount in controversy exceeds $75,000.00, exclusive of taxable fees and

costs.[1]

    2.    Mr. Jandreau is a resident of Sarasota County, State of Florida.

    3.    At all times relevant to Mr. Jandreau's exposure to those asbestos containing

products that they manufactured, sold, marketed or distributed, Defendants, including Ford,

General Motors, Daimler Chrysler conduct now and have conducted business throughout the

State of Florida, including Sarasota County, Florida.

---

[1] Plaintiff will file a Motion to Remand concurrently or will file said Motion shortly after filing this Third
Amended Complaint because Plaintiff is adding a defendant that will eliminate diversity and divest this Court
of jurisdiction.

4.     Pursuant to Florida's long arm statutes in effect at the time of Mr. Jandreau's exposure, Defendants are subject to jurisdiction within the State Courts of Florida and specifically Circuit Court in Sarasota County. The relevant Florida long arm statutes include 47.16 (1956) and 48.181 (1967).

5.     Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

6.     In or about 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding motors and related parts, including gaskets, clutch replacements and brake jobs.

7.     In or about 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

8.     In or about 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959

9.     In or about 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

10.     In or about 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

11.     In or about 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

2

12. In or about 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

13. Upon moving to Florida, Mr. Jandreau had several additional exposures to asbestos and asbestos containing products, including performing brake jobs on various automobiles, manufactured by several of the Defendants, e.g., Ford, General Motors, Daimler Chrysler, and used brake parts purchased from Defendants Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc., both of which are Florida corporations conducting business within the State of Florida.

14. During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

15. Although Mr. Jandreau cannot now state with specificity precisely which asbestos containing products that he was exposed to during his various jobs, he does know that he was exposed to each and everyone of these products during one or more of those jobs. Mr. Jandreau is uncertain which of the Defendants asbestos containing products and fibers caused his illness and therefore all Defendants are joint tortfeasors because all produced, manufactured, sold and/or distributed asbestos containing products that cause the type of injuries suffered by Mr. Jandreau.

16. Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied, distributed and/or sold by

3

Defendants. In or about 2001, Mr. Jandreau was diagnosed as having asbestosis while a resident of Sarasota County, Florida.

17.     Venue is in the Middle District because that is where Mr. Jandreau's cause of action has accrued, the advent of the disease, and therefore the witnesses relevant to that are located in the Middle District of Florida

18.     All conditions precedent to the filing of this lawsuit have been met or waived.

## COUNT I – NEGLIGENCE

19.     Except for those Defendants that have been dismissed, Plaintiff, in this count, sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A.

20.     Paragraphs 1 through 18 are incorporated as if set forth herein.

21.     The Defendants owed a duty of care to Mr. Jandreau to ensure that the products manufactured, sold, marketed and distributed by them were safe and would not cause injury to Mr. Jandreau when used by him and other members of the public as intended and used in a manner that was reasonably forseeable by them.

22.     The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

4

23.    Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

24.    Each of the Defendants breached the duty described herein owed to Mr. Jandreau when they failed to manufacture, market, sell and distribute products that were safe and would not cause injury to Mr. Jandreau when used by him as intended or in a manner that was reasonably foreseeable.

25.    As a result of the negligence of the Defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and / or concurrently, without any negligence on the part of the plaintiff. As a sole consequence of defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, individually or concurrently, in the amount of Ten Million Dollars ($10,000,000 00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

5

FROM :RANDY L MERRITT ESQ          FAX NO. 3912379-5406           May. 15 2003 01:48PM  P16
05/15/2003 08:25 FAX 941 639 8617        WOTITZKY & WOTITZKY PA                      ☒007

Case MDL No. 875   Document 3908   Filed 06/09/03   Page 32 of 41

## COUNT II – STRICT LIABILITY

26.     Except for those Defendants that have been dismissed, Plaintiff sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A in this count.

27.     Paragraphs 1 through 18 are incorporated as if set forth herein.

28.     Plaintiff states that at the same time the Defendants placed the asbestos and asbestos products into the market place, they knew or should have known such products contained defects which created an unreasonable risk of harm to those likely to use or be exposed to the products, to wit:

(a)     exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)     no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

29.     The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

30.     Plaintiff further states that at the time of the happening complained of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complained of as when the

6

products left the control of each of the Defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition.

31.     As a sole, direct and proximate result of the manufacture, production, marketing, distribution and sale by the Defendants of these defective products and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.   All of the injuries and damages complained of were caused solely and proximately by the Defendants, their agents, servants or employees, individually, jointly and / or concurrently.   As a sole consequence of the Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## COUNT III – BREACH OF IMPLIED WARRANTIES

32.     Plaintiff sues Defendants Ford, General Motors and Daimler Chrysler in this count.

33.     The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 18.

7

34.     The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

35.     The Plaintiff purchased asbestos containing products from Ford, General Motors and Daimler Chrysler and further states that those Defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and distributing asbestos-containing products.

36.     Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by those Defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached these implied warranties. Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions were not capable of being discovered by reasonable and prudent persons exposed to such products.

37.     Mr. Jandreau relied upon the special skill, knowledge and judgment of those Defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

8

38.     As a sole, direct and proximate result of these breaches of warranties by those Defendants, and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, has substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by those Defendants, their agents, servants or employees, individually, jointly and / or concurrently. As a sole consequence of those Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before a jury.


Jack W. Merritt, Esquire
Florida Bar No.: 0052248
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Attorney for Plaintiff
Telephone:     (941) 485-9626
Facsimile.     (941) 485-8163

and

9

Warren R. Ross, Esquire
Florida Bar #: 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:    (941) 639-2171
Facsimile:    (941) 639-8617

Trial Counsel for Plaintiff

## Exhibit A

Palm Chevrolet-Oldsmobile, Inc.
1901 Tamiami Trail S.
Punta Gorda, FL 33950
A Florida Corporation

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                             CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.
_____/

STATE OF FLORIDA

COUNTY OF SARASOTA

## AFFIDAVIT OF JACK W. MERRITT

     I, Jack W. Merritt, being first duly sworn, depose and say:

     1.     I am one of the attorneys for plaintiff Harvey Jandreau in the above-captioned action.

     2.     The above entitled action was filed in Sarasota County Circuit Court on August 5, 2002, and was removed to this Court on Motion filed by several Defendants, including Ford Motor Company, on March 12, 2003, with original and removal jurisdiction of this Court over the above-entitled action being premised solely on the ground of diversity of citizenship of plaintiff and defendant.

     3.     Plaintiff Harvey Jandreau was, at the time of the commencement of this action, and still is a citizen and resident of the State of Florida.

**PANEL SERVICE LIST (Excerpted from CTO-224)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Harvey Jandreau v. AC Delco, et al.*, M.D. Florida, C.A. No. 8:03-435

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen, LLP
7000 West Palmetto Park Road
Suite 400
Boca Raton, FL 33433

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
The Aragon Building
288 Aragon Avenue
Suite C
Coral Gables, FL 33134-5035

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Evelyn M. Fletcher
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Mark C. Greene
Fowler White Boggs & Banker, PA
501 East Kennedy
Suite 1700
P.O. Box 1438
Tampa, FL 33601

Robert A. Hannah
Hannah Estes & Ingram, P.A.
37 N. Orange Avenue
Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Donna L. Harvey
Speziali, Greenwald, Goldstein &
Hawkins, PC
501 South Indiana Avenue
Suite A
Englewood, FL 34223

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137-3258

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jack W. Merritt
Jack W. Merritt, PA
1800 Second Street
Suite 852
Sarasota, FL 34237

J. Richard Moore, Jr.
Rahaim, Watson, Dearing, Berry &
Moore, PA
3127 Atlantic Blvd.
Jacksonville, FL 32207

Harold E. Morlan, II
Akerman, Senterfitt & Eidson, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

RECEIVED CLERK'S OFFICE

PANEL SERVICE LIST (Excerpted from CTO-224) MDL-875 Cont.

Larry D. Smith
Cabaniss, Smith, Toole & Wiggins
485 North Keller Road
Suite 401
P.O. Box 945401
Maitland, FL 32751-5401

M. Stephen Smith, III
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130-3047

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406