MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION   JUN 2 0 2003

FILED
CLERK'S OFFICE

| | |
|---|---|
| In Re: Asbestos Product Liability Litigation )<br>(No. VI) MDL No. 875                                )<br>                                                                    )<br>Rev. Christopher M.E. Scott,                         )<br>Robert W. Simmons,                                     )<br>Liza Mendenhall,                                          )<br>Richard S. Helm,                                          )<br>Carolyn Avera,                                              )<br>James L. Silvester,                                       )<br>Lisa R. Chisholm,                                         )<br>Robert D. Bailey,                                          )<br>Thomas E. Ligon,                                        )<br>The Armistead Group, L.C.                        )<br>                                                                    )<br>                          Plaintiffs,                         )<br>                                                                    )<br>v.                                                                  )<br>                                                                    )<br>First Union National Bank,                         )<br>(aka First Union Corporation)                   )<br>                                                                    )<br>and,                                                            )<br>                                                                    )<br>Wachovia Corporation,                              )<br>(aka Wachovia Bank National Association )<br>                                                                    )<br>                          Defendants.                      )<br>                                                                    ) | CIVIL CASE NO.: 3:02CV508 |

PLEADING NO. 3919

### DEFENDANT WACHOVIA BANK, N.A.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant Wachovia Bank, N.A., opposes the motion of plaintiffs to vacate the Panel's Conditional Transfer Order of May 30, 2003, and respectfully requests that the above-captioned case be transferred to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings, as conditionally ordered.

OFFICIAL FILE COPY
IMAGED JUN 20 '03

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2003 JUN 20 A 10 39

RECEIVED
CLERK'S OFFICE

## ARGUMENT AND AUTHORITIES

1. Plaintiffs have not raised a single viable objection for their opposition to transfer.

2. Plaintiffs have not addressed any of the statutory criteria for transfer,[1] nor have they addressed the factors typically utilized by the Panel in deciding whether to transfer a case. Therefore, the Plaintiffs have failed to carry their burden.

3. Plaintiffs allege personal injuries arising from exposure to asbestos containing products.[2] The common issue of liability for short-term exposure to asbestos containing materials predominates and plays a central role in all of Plaintiffs' claims.

4. Plaintiffs' claims turn on the same factual issues (exposure and diagnosis) routinely heard by Judge Weiner in the Eastern District of Pennsylvania.

5. Contrary to Plaintiffs' assertions, MDL 875 does not limit its jurisdiction to cases against manufacturers, producers, or distributors of asbestos products. This Panel has previously noted that premises liability cases

---

[1] According to the statutory criteria for transfer, actions must share common issues of fact; the transfer must be for the convenience of parties and witnesses, and the transfer must advance the just and efficient conduct of the actions. 28 U.S.C. § 1407(a) (2003). This case satisfies all three criteria.

[2] Plaintiffs do not allege any presently existing asbestos related injuries.

are appropriate for transfer because they involve common factual issues with previously transferred asbestos cases.[3]

6. This Panel has repeatedly deferred to the discretion of the transferee judge for determining whether a particular case requires remand. Procedures are in place to ensure that, when appropriate, remand may be accomplished with minimal delay.[4]

7. Traditionally, remands have been granted for *in extremis* plaintiffs who desperately need their day in court. It is ironic that the nine healthy plaintiffs suing Wachovia here criticize the "delay" involved in the MDL process while they simultaneously seek to avoid an October 1, 2003 trial date in the Eastern District of Virginia.

8. Plaintiffs have tacitly admitted that their intention is to re-file this action in state court to circumvent the MDL process. See Plaintiffs' Motion and Brief to Vacate Conditional Transfer Order at 1 ("All of the state claims may be mooted if the District Court grants plaintiff's pending motion to voluntarily withdraw from the Eastern District federal court…"); see also Silvester Aff. at 4 ("We are astounded that

---

[3] See, e.g., Transfer Order, In re Asbestos Products Liability Litigation (No. VI), Pleading 2187 (J.P.M.L. 1998) (finding that premises liability cases share common issues of fact with other asbestos exposure cases and refusing to vacate a conditional transfer order in the matter of Smith v. Champion International Corp. on the grounds).

[4] See, e.g., In re Asbestos Products Liability Litigation (No. VI), 170 F. Supp. 2d 1348, 1350 (J.P.M.L. 2001) (noting that when a transferee judge deems remand appropriate, Rule 7.6 provides for speedy procedures, and that this process has been effectively utilized by Judge Weiner).

something such as the Judicial Panel of Multidistrict Litigation is even involved and that they can send our case to Philadelphia.") This is, in effect, a concession that Plaintiffs have no valid reason that this case should not be transferred to the MDL.

9. In a last-minute effort to circumvent the MDL process, Plaintiffs have attempted to voluntarily dismiss this action in federal court. Defendant Wachovia has opposed this action and is prepared to defend this matter in the appropriate forum.

10. Attempting to recommence an action in a different forum is not a valid reason to prevent transfer to the MDL. If a desire to re-file an action sufficed to prevent transfer, all parties opposed to MDL proceedings would engage in motions to withdraw complaints and re-file in alternate forums, further choking the judicial system and delaying the ends of justice.

11. Contrary to Plaintiffs' insinuation of transfer to the MDL as "dilatory tactics,"[5] Defendant considers this to be an unwarranted criticism of the MDL process,[6] and notes that as of October 9, 2001, nearly 70,000 actions have been closed by the transferee district. In re Asbestos

---

[5] Plaintiffs' Motion and Brief to Vacate Conditional Transfer Order at 8.
[6] Defendant disagrees with Plaintiffs' characterization of Judge Payne's remarks made in chambers as 'lamenting' Judge Weiner's process. Id. Instead, Judge Payne was merely pressing defense counsel about the Defendant's intentions for defending this suit.

Products Liability Litigation (No. VI), 170 F. Supp. 2d 1348, 1350 (J.P.M.L. 2001).

12. Transfer of cases of this nature (i.e. those involving healthy plaintiffs) was designed precisely to ease the considerable strain imposed on the judicial resources of district courts. Consolidation and coordination of discovery regarding the nine unimpaired plaintiffs in this matter would be most efficiently dealt with by the MDL.

## CONCLUSION

For the foregoing reasons, Wachovia Bank, N.A. respectfully requests that this Court deny plaintiffs' motion to vacate the Conditional Transfer Order filed on May 30, 2003.

Respectfully submitted,

WACHOVIA BANK, N.A.

By: R/Trent Taylor
    Counsel

Samuel L. Tarry, Jr. (VSB# 36850)
R. Trent Taylor (VSB# 47468)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Tel: (804) 775-1000
Fax: (804) 775-1061

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 0 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent by first-class mail, on this 19th day of June, 2003, to those listed on the Panel Service List and:

> J. Benjamin Dick
> Counsel for Plaintiffs
> 421 Park St., Suite #2
> Charlottesville, Virginia 22902
> (434) 977-6607
>
> Elizabeth H. Paret, Clerk
> United States District Court for Eastern District of
>   Virginia
> Richmond Division
> U.S. Courthouse Building
> 1000 East Main Street; Suite 305
> Richmond, Virginia  23219-3525

_____
Counsel

R. Trent Taylor (VSB# 47468)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219-4030
Tel:  (804) 775-1000
Fax:  (804) 775-1061



PANEL SERVICE LIST (EXCERPTED FROM CTO-224)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
390 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, NW
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

J. Benjamin Dick
Law Offices of J. Benjamin Dick
421 Park Street, Suite 2
Charlottesville, VA 22902

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building, Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P. O. Box 1500
Akron, OH 44309

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Boulevard
P. O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1370 Penobscot Building
Detroit, MI 48226

Samuel L. Tarry, Jr.
McGuireWoods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, NE
P. O. Box 998
Cedar Rapids, IA 52406