MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2003

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Herbert C. Ayers and Geneva Ayers v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1284
*James W. Blasius and Mary M. Blasius v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1288

**MOTION TO VACATE CONDITIONAL TRANSFER ORDER
AND BRIEF IN SUPPORT THEREOF**

Pursuant to Rule 12(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, the plaintiffs hereby move to vacate the Conditional Transfer Order entered by the Clerk of the Panel on May 30, 2003, transferring these actions to the U.S. District Court for the Eastern District of Pennsylvania (MDL Docket No. 875) previously designated as the transferee district court for actions alleging asbestos related personal injury. Plaintiffs aver as follows in support of this motion.

2. The plaintiffs bring claims for asbestos-related injuries against a number of defendants including a South Carolina corporation previously engaged in the distribution of asbestos-containing products.

3. The defendants contend that the U.S. District Court has jurisdiction over these cases pursuant to diversity jurisdiction (28 USC §1332).

4. The plaintiffs have filed a Motion with the U.S. Court for the District of South Carolina to remand the action to State Court based upon the belief that the Motion for Removal is procedurally defective under 28 USC § 1446(a) and (b).

5. The plaintiffs contend that the U.S. District Court for the District of South Carolina is best suited to decide the Motion to Remand and that, therefore, these cases should remain in South Carolina until such time as the Motion has been resolved.

6. The plaintiffs further submit the accompanying brief in support of this Motion.

PLEADING NO. 3923

OFFICIAL FILE COPY   IMAGED JUL 1 '03



THEREFORE, for the foregoing reasons, the plaintiffs respectfully move the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on May 30, 2003.

Respectfully submitted,

MOTLEY RICE LLC

By: _____
V. Brian Bevon, Esquire
Federal Court ID No. 6425
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

ATTORNEYS FOR PLAINTIFFS

June 24, 2003
Charleston, South Carolina

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 6 2003

FILED
CLERK'S OFFICE

DOCKET NO. 875

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**BRIEF IN SUPPORT OF
MOTION TO VACATE CONDITIONAL TRANSFER ORDER
PURSUANT TO RULE 10 OF THE RULES OF PROCEDURE
OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

*Herbert C. Ayers and Geneva Ayers v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1284
*James W. Blasius and Mary M. Blasius v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1288

The plaintiffs submit the instant brief in support of their Motion to Vacate the Conditional Transfer Order entered by the Clerk on the Panel on May 30, 2003. The Plaintiffs contend that removal is defective because the Defendants failed to comply with the procedural requirements of 28 USC §1446. In particular, not all of the Defendants filed pleadings consenting to the removal within the thirty (30) day period prescribed in 28 USC § 1446(b).

As the Panel is aware, asbestos personal injury actions in Federal Court are automatically transferred to the Eastern District of Pennsylvania, Judge Charles R. Weiner, for proceedings under the Rules of the Judicial Panel on Multidistrict Litigation. (MDL Docket-No.875).

In a previous case against Owens-Corning Fiberglas Corporation, one of the defendants to these actions, the Court held

> The purpose of the MDL Panels' referring of asbestos cases to Judge Weiner was not to make one Judge rule on the various difficult issues that might come up on different factual contexts. Rather, cases are supposed to be referred to Judge Weiner for determination of issues common to asbestos litigation. To force difficult and fact-sensitive jurisdictional issues from all types of cases onto one Court would impossibly overburden that Court and not serve the goal of efficiency that underlies the MDL Program.

> Thus this Court refuses to defer on this motion to remand and elects to address the merits.

*Viala v. Owens-Corning Fiberglas Corp.*, 1994 WL 139287 (N.D. Cal.) at pp. 1-2.

Like *Viala*, the transferor court in South Carolina is in the best position to rule on the issue of whether the Defendants complied with the procedural requirements of 28 USC § 1446.

Respectfully submitted,

MOTLEY RICE LLC

By: /s/ V. Brian Bevon

V. Brian Bevon, Esquire
Federal Court ID No. 6425
28 Bridgeside Blvd.
Post Office Box 1792
Mt. Pleasant, SC 29465
(843) 216-9000

ATTORNEYS FOR PLAINTIFFS

June 24, 2003
Charleston, South Carolina

*Herbert C. Ayers and Geneva Ayers v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1284
*James W. Blasius and Mary M. Blasius v. Owens-Illinois, Inc., et al.*, D. South Carolina, C/A No. 2:03-1288

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 26 2003

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I do hereby certify that the original and eleven (11) copies of the foregoing was sent by Federal Express to Mr. Michael J. Beck, Clerk of the Panel, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Building, Room G-255, North Lobby, Washington, DC 20002-8004 and a copy was placed in an envelope, with first-class postage thereon prepaid and mailed to the attorneys for Defendants in the foregoing action, this 24 day of June, 2003.

**W. Thomas Causby, Esquire**
NELSON, MULLINS, RILEY & SCARBOROUGH
P.O. Box 11070
Columbia, SC 29211
*COUNSEL FOR DEFENDANTS, OWENS-ILLINOIS, INC. and*
*3M COMPANY A/K/A MINNESOTA MINING & MANUFACTURING CO.*

**James D. Gandy, III, Esquire**
PIERCE, HERNS, SLOAN & McLEOD
P.O. Box 22437
Charleston, SC 29413-2437
*COUNSEL FOR DEFENDANT, NATIONAL SERVICE INDUSTRIES, INC,*
*F/K/A NORTH BROTHERS, INC.*

**James B. Pressly, Jr., Esquire**
HAYNSWORTH SINKLER BOYD, P. A.
P. O. Box 2048
Greenville, SC 29602
*COUNSEL FOR THE DEFENDANTS, AVENTIS CROPSCIENCE USA, INC. f/k/a*
*Rhone-Poulenc AG Company, Inc. f/k/a Amchem Products, Inc. , CERTAINTEED CORPORATION*
*DANA CORPORATION and UNION CARBIDE CORPORATION*

**Timothy W. Bouch, Esquire**
LEATH, BOUCH & CRAWFORD
P. O. Box 59
Charleston, SC 29402
*COUNSEL FOR THE DEFENDANT, GARLOCK SEALING TECHNOLOGIES, INC.*

**H. Lee Davis, Jr., Esquire**
DAVIS & HAMRICK, LLP
P. O. Drawer 20039
Winston-Salem, NC 27120-0039
*COUNSEL FOR THE DEFENDANTS, THE FLINTKOTE COMPANY and*
*WORTHINGTON CORPORATION f/k/a Worthington Pump, Inc.*

**Jennifer Techman, Esquire**
EVERT & WEATHERSBY, LLP
3405 Piedmont Road, Suite 225
Atlanta, GA 30305
*COUNSEL FOR THE DEFENDANT, A. W. CHESTERTON COMPANY*

2003 JUN 25 A 10: 44
RECEIVED CLERK'S OFFICE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**James H. Elliott, Esquire**
BARNWELL, WHALEY, PATTERSON & HELMS, LLC
855 Island Park Drive
Daniel Island
Charleston, SC  29492
COUNSEL FOR THE DEFENDANT, JOHN CRANE, INC.

**Michael S. Seekings, Esquire**
MULLEN, WYLIE & SEEKINGS
171 Church Street, Suite 370
Charleston, SC 29401
COUNSEL FOR THE DEFENDANT, INGERSOLL-RAND COMPANY

*/s/ Polly McGillivray*
Polly McGillivray