JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

JUN 3 0 2003

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,                    CASE NO.:  8-03CV435-T-27TMB

    Plaintiff,

vs.

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

    Defendant.

_____/

PLEADING NO. 3924

## FORD MOTOR COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

Defendant, FORD MOTOR COMPANY, (hereinafter, "Ford"), by and through its

undersigned counsel and files this memorandum in opposition to Plaintiff's Motion and Brief to

Vacate Conditional Transfer Order (cert. date June 6, 2003), and states in opposition as follows:

RECEIVED
CLERK'S OFFICE
2003 JUN -A 11: 19
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

---

[1] Because Plaintiff's Motion does not conform to MDL Rule 7.1 and does not contain numbered paragraphs, Ford's response is likewise unnumbered to avoid confusion. For the purpose of MDL Rule 7.1(b), Ford generally denies all averments contained in Plaintiff's Motion.

OFFICIAL FILE COPY IMAGED JUL 1 '03

## PROCEDURAL HISTORY

The original Complaint for damages and demand for judgment was filed by the Plaintiff on August 5, 2002, in the Circuit Court of the Twelfth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 2002 CA 011139 NC. "Exhibit A."[2] An Amended Complaint was subsequently filed. "Exhibit B." Plaintiff's Second Amended Complaint was filed on October 18, 2002. "Exhibit C." Ford was served with process on February 6, 2003. "Exhibit D."

This action became removable on February 27, 2003, when the Plaintiff moved to dismiss Celotex Corporation and thereby effected a voluntary dismissal of the only non-diverse Defendant involved in this action. "Exhibit E."[3] Ford timely filed its Petition for Removal on March 10, 2003. "Exhibit G." On March 17, 2003, Ford filed its Notice of Tag-Along Action. "Exhibit H." On March 20, 2003, Ford Moved to Dismiss or Strike Plaintiff's Second Amended Complaint and filed its Memorandum of Law in Support. "Exhibit I." On March 31, 2003, Plaintiff requested and received an enlargement of time in which to respond to Ford's Motion to Dismiss and was granted until April 10, 2003, to respond. "Exhibit J." On April 10, 2003, Plaintiff, without responding to the motions to dismiss filed by Ford and other defendants, filed a Motion For Leave to Amend Second Amended Complaint and for Enlargement of Time to Respond to All Pending Motions to Dismiss (hereinafter "Motion to Amend"). "Exhibit K." On April 17, 2003, an Order was entered granting Plaintiff until April 25, 2003, within which to file a Third Amended Complaint. "Exhibit L." Plaintiff filed his Third Amended Complaint on April 25, 2003; however, Plaintiff, in violation

---

[2] All exhibits are true and correct copies of the documents referenced.

[3] An Order granting Plaintiff's Motion to Dismiss Celotex Corporation was subsequently entered by the Honorable James D. Whittemore, District Judge, on April 10, 2003. "Exhibit F."

of Fed. R. Civ. P. Rule 5, did not serve his Third Amended Complaint until May 17, 2003. "Exhibit M."

On April 30, 2003, a Conditional Transfer Order was entered. "Exhibit N." On May 8, 2003, the Honorable James D. Whittemore, District Court Judge, sua sponte, entered an Order staying the proceedings in the Middle District of Florida pending transfer of this action to the Multi-District Litigation Panel and further directed that the action be administratively closed. "Exhibit O." On May 15, 2003, despite the entry of the May 8, 2003, Order staying the proceedings, Plaintiff filed a Motion to Remand in the Middle District. On May 17, 2003, Plaintiff served his Notice of Opposition to the Conditional Transfer Order; Motion for Remand and also served his Third Amended Complaint which had been filed with the Middle District on April 25, 2003.

Plaintiff's Motion and Brief to Vacate Conditional Transfer Order was due on May 30, 2003; however, Plaintiff sought and received an extension of time to file his motion and brief until June 9, 2003. Plaintiff served his Motion and Brief to Vacate Conditional Transfer Order on June 6, 2003. On June 9, 2003, Judge Whittemore signed an Order on Defendant General Motors Corporation's Motion to Strike Plaintiff's Motion to Remand and Motion to Toll the Time to Respond to the Third Amended Complaint and Plaintiff's Motion to Remand. The June 9, 2003, Order directed the Defendants to brief the remand issue no later than June 26, 2003. "Exhibit P."

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**JUN 3 0 2003**

FILED
CLERK'S OFFICE

**MEMORANDUM OF LAW**

THIS ACTION SHOULD BE TRANSFERRED TO MULTI-DISTRICT
LITIGATION DOCKET 875 FOR COORDINATED AND CONSOLIDATED
PRE-TRIAL PROCEDURES BECAUSE THE EXISTENCE OF A
MOTION TO REMAND DOES NOT AFFECT TRANSFER

The issue facing this Court is whether the existence of a Motion for Remand supplies a basis

for vacating a conditional transfer order.  It does not.  In re Prudential Insurance Co. of America

Sales Practices Litigation, 170 F. Supp. 1346, 1347 (Jud. Pan. Mult. Dist. Lit. 2001).

Courts which have considered this issue have made clear that jurisdictional challenges,

including motions to remand, do not affect transfer.  See e.g.,  In re Prudential Insurance Co. of

America Sales Practices Litigation, 170 F. Supp. 1346, 1347 (Jud. Pan. Mult. Dist. Lit. 2001)

("remand motions can be presented to and decided by the transferee judge . . . there is no need to

delay transfer in order to accommodate any interest of the transferor court in resolving a pending

motion for remand.").  One of the reasons transfer is unaffected is because the transferee court is

fully capable of resolving challenges to federal jurisdiction which remain unresolved at the time of

transfer.  See e.g.,  In re Enron Corp. Securities, Derivative & "ERISA" Litigation, 227 F.Supp2d.

1389, 1390 (Jud. Pan. Mult. Dist. Lit. 2002) (". . . remand and other motions, if not resolved in the

transferor court by the time of Section 1407 transfer, can be presented to and decided by the

transferee judge"); see also,  DeGeorge v. American Airlines Inc., 2002 WL 31356266, *2 (S.D.N.Y.

2002) (transferee court must decide motions for remand filed in transferor court where such motions

have not been resolved prior to the date a conditional transfer order became effective).

More importantly, some courts have noted that transferee courts are frequently in a better

position to resolve jurisdictional challenges on a uniform and consistent basis which fosters both

judicial efficiency and economy. See e.g., In re Ivy v. Diamond Shamrock Chemicals Co., 901 F.2d 7, 9 (2d Cir. 1990) (jurisdictional challenge should not interfere with otherwise unobjectionable transfer because "jurisdictional objections can be heard and resolved by a single [transferee] court and reviewed at the appellate level in due course. Consistency and economy is thus served"); see also, Medical Society of The State of New York v. Connecticut General Corporation, 187 F.Supp.2d 89, 91-92 (S.D.N.Y. 2001) (allowing the transferee court to resolve jurisdictional challenge may be preferable to having the transferor court resolve the challenge because resolution by the transferee court is most likely to best serve the twin aims of judicial economy and consistency).

Allowing the transferee court to rule on jurisdictional challenges, including motions to remand, fosters the twin aims of consistency and efficiency because, "In deciding [a] motion to remand, the MDL transferee court 'should apply its interpretation of federal law, not the constructions of the federal law of the transferor court.'" DeGeorge v. American Airlines Inc., 2002 WL 31356266, *2 (S.D.N.Y. 2002) citing, In re NASDAQ Market Makers Antitrust Litig., 929 F.Supp. 174, 177 (S.D.N.Y. 1996); see also, Coker v. Pan Am. World Airways Inc., 950 F.2d 839, 847 (2d Cir. 1991). Thus, by allowing the transferee court to resolve such issues, there is greater likelihood of realizing real economies which will benefit courts and litigants alike.

The authorities noted above make clear that the existence of the pending Motion to Remand does not furnish a basis to delay transfer. Additionally, the fact that Judge Whittemore has ordered the Defendants to brief the remand issue does not imply his intent to resolve the issue. See e.g., Medical Society of The State of New York at 92 (District Judge allowed the parties to brief the remand issue while it awaited a decision from the MDL Panel on transfer so that the transferee court would be in a position to promptly resolve the motion to remand if in fact the case were transferred).

Here, Judge Whittemore's June 9, 2003, Order makes abundantly clear that he is well aware of the fact that MDL Rule 1.5 does not impair his jurisdiction over this action. There is no reason to doubt that Judge Whittemore will rule on the Motion to Remand if he deems that action appropriate; however, after receiving briefs filed by the Defendants, Judge Whittemore may conclude that the issues raised are best suited for resolution in the transferee court by Judge Weiner. Thus, neither the Motion to Remand, nor the Order of June 9, 2003, furnish a basis for delaying transfer of this action.

PLAINTIFF'S REQUEST THAT THIS PANEL DECIDE THE
MOTION FOR REMAND SHOULD BE DENIED

Plaintiff requests that this Court decide the pending Motion to Remand. This request is inappropriate since it is beyond and inconsistent with this Panel's legislative mandate. In re Ivy at 9 ("[28 U.S.C. §] 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand."); see also, In re Air Crash Disaster at Florida Everglades on December 29, 1972, 368 F.Supp. 812, 813 n.1 (Jud. Pan. Mult. Dist. Lit. 1973) ("We deny [Plaintiff's] request [that the Panel to decide the question of remand] on the ground that 28 U.S.C. § 1407 does not empower the Panel to entertain such questions."). Thus, while either Judge Weiner or Judge Whittemore may rule on the Motion to Remand, this Panel is not so empowered and should not decide the motion.

PLAIINTIFF'S REQUEST THAT THIS PANEL
"CONDITIONALLY REMAND" SHOULD BE REFUSED

Alternately, Plaintiff requests that this Court "conditionally remand" this action to the Middle District of Florida so that the Motion to Remand may be considered in the Middle District of Florida as opposed to the transferee court. This request is unnecessary since the Middle District of Florida has already undertaken the task of considering Plaintiff's Motion to Remand. Specifically, on June

Page 6 of  10

9, 2003, Judge Whittemore signed an Order directing the defendants to brief the remand issue no later than June 26, 2003.  See "Exhibit P."  Thus, no "conditional remand" is necessary or appropriate since MDL Rule 1.5 does not limit the pre-trial jurisdiction of the Middle District.  In re Prudential Insurance Co. of America Sales Practices Litigation, directs that, "remand motions can be presented to and decided by the transferee judge. . . there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending motion for remand." 170 F. Supp. 1346, 1347 (Jud. Pan. Mult. Dist. Lit. 2001).  Thus, this action should be transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in Multi-District Litigation Docket 875.

## CONCLUSION

The existence of a Motion to Remand does not furnish a basis to delay transfer.  Therefore, this action should be transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in Multi-District Litigation Docket 875.  MDL Rule 1.5 makes a "conditional remand" unnecessary.  Similarly, this Panel should not "conditionally remand" this matter to the Middle District of Florida because there is no basis for this Panel to prefer a ruling from the Middle District of Florida to a ruling from the Eastern District of Pennsylvania on the jurisdictional question.  This is especially true here where, for the reasons discussed above, the Eastern District of Pennsylvania is the preferable court to decide the Motion to Remand.  In short the pendency of the Motion to Remand should have no effect on this Panel's decision.  Accordingly, this Panel should order this action transferred and deny Plaintiff's requests that it do otherwise.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2003

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I HEREBY CERTIFY that true and correct copies of the foregoing have been furnished via
U.S. Mail on June 26, 2003, to all counsel on the attached Service List.

LARRY D. SMITH , ESQ.
Florida Bar No.: 442331
BRIAN D. EQUI, ESQ.
Florida Bar No. 143936
CABANISS, SMITH, TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone: (407) 246-1800
Facsimile: (407) 246-1895
Attorneys for Ford Motor Company

RECEIVED
CLERK'S OFFICE
2003 JUN 30  A 11: 19
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## SERVICE LIST
### HARVEY JANDREAU v. AC DELCO, et al.
### CASE NO.:  8-03CV435-T-27TBM

Jack W. Merritt, Esq.
Jack W. Merritt, P.A.
1800 Second Street,
Suite 852
Sarasota, FL  34237

Warren R. Ross, Esq.
Wotitzky, Wotitzky, et al.
223 Taylor Street
Punta Gorda, FL 33950

Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Road N.E.,
Suite 4000
Atlanta, GA 30308-3243

Mark C. Greene, Esq.
Fowler, White, et al.
501 E. Kennedy Blvd.
Suite 1700
Tampa, FL 33601

M. Stephen Smith, Esq.
Ian I. Martinez, Esq.
Rumberger, Kirk, et al.
80 SW 8th Street, Suite 3000
Miami, FL 33131-3047

Robert A. Hannah, Esq.
Hannah, Estes, et al.
P.O. Box 4974
Orlando, FL 32802-4974

Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Drive
Wellington, FL 33414-7008

Ellen B. Furman, Esq.
Goldfein & Joseph
1600 Market St., 33rd Fl
Philadelphia, PA  19103

Donna L. Harvey, Esq.
Spezlali Greenwald et al.
501 S. Indiana Ave., Suite A
Englewood, FL  34223

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA  19102

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA  23219

Virginia E. Johnson, Esq.
Foley & Mansfield, PLLP
4770 Biscayne Blvd.,
Suite 1030
Miami, FL 33137-3251

Jeffrey M. Bell, Esq.
Ritter, Chudis, et al.
7000 W. Palmetto Park Rd,
Suite 305
Boca Raton, FL 33433

Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd.,
Suite 550
Coral Gables, FL 33134

Raymond P. Forceno, Esq.
Forceno & Hannon
Philadelphia Bourse Bldg.
Independence Mall E,
Suite 1000
Philadelphia, PA  19106

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Sq.
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher Sharp, et al.
1501 Euclid Ave., 7th Fl
Cleveland, OH  44115

Adam M. Chud, Esq.
Shea & Gardner
1800 Massachusetts Ave. NW
Washington, DC  20036

David A. Damico, Esq.
Burna White & Hickton
120 Fifth Ave., Suite 2400
Pittsburgh, PA  15222

Susan M. Hansen
Brownson & Ballou
4800 U. S. Bank Pl
601 Second Ave. S.
Minneapolis, MN  55402

Reginald S. Kramer, Esq.
Buckingham Doolittle, et al.
P. O. Box 1500
Akron, OH  44309

J. Richard Moore, Jr., Esq.
Rahaim Watson Dearing et al.
3127 Atlantic Blvd.
Jacksonville, FL  32207

Harold E. Morlan, II, Esq.
Akerman Senterfitt, et al.
P. O. Box 231
Orlando, FL  32802-0231

Ronald L. Motley, Esq.
Ness, Motley, Loadholt, et al.
P. O. Box 1792
Mt. Pleasant, SC  29464

John D. Roven, Esq.
Roven Kaplan & Wells
2190 North  Loop W,
Suite 410
Houston, TX  77018

John J. Repcheck, Esq.
Marks, O'Neill, et al.
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA  15219

James K. Weston, II, Esq.
Tom Riley Law Firm
P. O. Box 998
Cedar Rapids, IA  52406

Richard D. Schuster, Esq.
Vorys Sater, et al.
P. O. Box 1008
Columbus, OH  43216

Neil Selman, Esq.
Selman Breitman & Burgess
11766 Wilshire Blvd.,
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli, Esq.
Kelley Jasone, et al.
Centre Sq West, 15th Fl
Philadelphia, PA  19102

Robert E. Swickle, Esq.
Jacques Admiralty Law
Firm, PC
1370 Penobscot Bldg.
Detroit, MI  48226

Andrew J. Trevelise, Esq.
Reed Smith LLP
2500 One Liberty Pl
1650 Market St
Philadelphia, PA  19103

5277   12830.wpd

Page 10 of  10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2003

FILED
CLERK'S OFFICE

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA CIVIL DIVISION
NORTH COUNTY**

HARVEY JANDREAU,

    Plaintiff,

v.

CASE NO: 2002 CA 11139 NC

AC DELCO, a subsidiary corporation of
GENERAL MOTORS CORPORATION,
PO Box 1000
Toledo, OH 43697

ARMSTRONG WORLD INDUSTRIES, INC
2500-T Columbia Ave
Lancaster, PA 17603-4117

ARVIN INDUSTRIES, successor in
Interest to MAREMONT CORPORATION,
ONE NOBLITT PLAZA
COLUMBUS IN 47202-3000

CARLISLE INDUSTRIAL
BRAKE & FRICTION
1031 E. Hillside Dr.
Bloomington, IN 47401 6597

CHRYSLER MOTORS CORPORATION,
P.O. Box 302
Center Line, MI 48015-9302

DANA CORPORATION
702 Hampton Avenue
Toledo, OH 43609

FEDERAL MOGUL FRICTION PRODUCTS
f/k/a WAGNER ELECTRIC PRODUCTS,
ABEX, 2410 Papermill Road
Winchester, Virginia 22601

FORD MOTOR CORPORATION,
1-T American Rd.
Dearborn, MI 48126-2798

2002 AUG -5 PM 5:01
FILED FOR RECORD
SARASOTA COUNTY, FL





DEFENDANT'S
EXHIBIT
A

1

GAF MATERIALS CORPORATION,
1361-T Alps Rd.
Wayne, NJ 07470

GARLOCK SEALING TECHNOLOGIES (GARLOCK GASKETS)
1666 Division Street
Palmyra, NY 14522

GENERAL MOTORS CORPORATION,
300 Renaissance Center
Detroit, MI 48265-3000

HONEYWELL INTERNATIONAL,
successor in interest to ALLIED
SIGNAL, INC. successor in interest
to BENDIX CORPORATION,
101 Columbia Road,
Morristown, New Jersey 07960

IC INDUSTRIES, INC., successor in
interest to ABEX
f/k/a AMERICAN BRAKE SHOE,
8585 Broadway, Suite 860
Merrillville, Indiana 46410

NISSAN NORTH AMERICA, INC.
successor in interest to NISSAN
MOTOR CO. LTD.,
18501-T-S. Figueroa St.
Gardena, CA 90248

OWENS/CORNING FIBERGLAS CORP.
Fiberglass Tower
Toledo, OH 43659

OWENS-ILLINOIS, INC.
One Seagate
Toledo, OH 43666

TOYOTA MOTOR MFG. NORTH AMERICA
25-T Atlantic Ave.
Erlanger, KY 41018

2

UNIROYAL-GOODRICH TIRE CO.
P.O. Box 19001
Greenville, SC 29602

WAGNER BRAKE SUBSIDIARY OF
MOOG AUTOMOTIVE
DIV. OF COOPER INDUSTRIES
6565 Wells Ave
St. Louis, MO 63133

     Defendants

## COMPLAINT

Plaintiff Harvey Jandreau ("Mr. Jandreau"), by and through his undersigned attorney, sues the Defendants listed above and herein states

1.     The amount in controversy exceeds $15,000.00.

2.     Mr. Jandreau is a resident of Sarasota County, State of Florida.

3.     Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

4.     In 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding motors and related parts, including gaskets, clutch replacements and brake jobs.

5.     In 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

6.     In 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

7.     In 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

8.      In 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

9.      In 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

10.     In 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

11.     During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

12.     Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied and sold by defendants.

13.     All conditions precedent to the filing of this lawsuit have been met or waived.

### COUNT I – NEGLIGENCE

14.     Paragraphs 1 through 13 are incorporated as if set forth herein.

15.     The defendants, by their agents, servants and employees were negligent in that each defendant, and their agents, servants and employees, since at least 1929 knew or

should have known that the use and / or exposure to asbestos and / or asbestos-containing products would cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers, and knowing this, failed to take reasonable precautions to warn Mr. Jandreau of the dangers to which he was exposed, when they knew or should have known of the dangers, failed to exercise reasonable care to warn Mr. Jandreau of the dangers to which he was exposed by use of the product or products, failed to inform Mr. Jandreau of what would be safe and sufficient wearing apparel for persons who are exposed to or using the product or products, failed to inform Mr. Jandreau of what would be safe and proper methods of handling and using the products in order to ascertain the dangers involved; failed to remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos products; failed to properly and adequately label the product or products; sold the asbestos product or products which were not in a reasonably safe condition; failed to supply accurate and complete warning of the known or knowable dangers involved in the use and exposure to the asbestos product or products; and failed to use safe, substitute products when such were available.  Defendants were otherwise negligent and careless.

16.     These actions and failures to act on the part of each defendant constituted malicious, intentional and willful and wanton misconduct with complete disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of scientific data made available to them that asbestos and asbestos materials were harmful to workers who were exposed to such materials.

17.     As a result of the negligence of the defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with

their serious, painful and permanent physical and mental effects upon him. Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and/or concurrently, without any negligence on the part of the plaintiff. As a sole consequence or defendants' negligence Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

## COUNT II – STRICT LIABILITY

18.   Paragraphs 1 through 13 are incorporated as if set forth herein and Plaintiff further states that at the same time the defendants placed the asbestos and asbestos products into the market place, such products contained defects which created an unreasonably risk of harm to those likely to use or be exposed to the product, to wit:

(a)   exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)   no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

6

19.   Plaintiff further states that at the time of the happening complain of, Mr Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complaint of as when they left the control of each of the defendants, and that Mr Jandreau had no knowledge of the defects and no reason to suspect any defective condition

20.   As a sole, direct and proximate result of the manufacture, production, marketing and sale by the defendants of these defective products, the decedent sustained the damages and losses enumerated herein and the defendants are strictly liable for all such damages and losses

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

### COUNT III – BREACH OF IMPLIED WARRANTIES

21.   The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 13 and further states that the defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and dealing with asbestos and asbestos-containing products.

22.   Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by the defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached

7

these implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

23.     Mr. Jandreau relied upon the special skill, knowledge and judgment of the defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

24.     As a sole, direct and proximate result of these breaches of warranties by the defendants, Mr. Jandreau sustained damages and losses.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before a jury.

Jack W. Merritt, Esquire
Florida Bar #:  0052248
JACK W. MERRIT, P.A.
Snyder Law Building
355 West Venice Avenue
Venice, Florida 34285
Telephone:     (941) 953-4140
Facsimile:     (941) 485-8163

and

Warren R. Ross, Esquire
Florida Bar # 382086
Wotitzky, Wotitzky, Ross and Goldman, P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone      (941) 639-2171
Facsimile       (941) 639-8617

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA CIVIL DIVISION
NORTH COUNTY

HARVEY JANDREAU,

    Plaintiff,

v.                          CASE NO.: 2002 CA 011139 NC

AC DELCO, a subsidiary corporation of
General Motors Corporation,
PO Box 1000
Toledo, Ohio 43697

ARMSTRONG WORLD INDUSTRIES, INC.
2500-T Columbia Ave.
Lancaster, Pennsylvania 17603-4117

ARVIN INDUSTRIES, successor in
Interest to MAREMONT CORPORATION,
One Noblitt Plaza
Columbus, Indiana  47202-3000

CARLISLE INDUSTRIAL
BRAKE & FRICTION
1031 E. Hillside Dr.
Bloomington, Indiana 47401 6597

CHRYSLER MOTORS CORPORATION,
P.O. Box 302
Center Line, Michigan 48015-9302

DANA CORPORATION
702 Hampton Avenue
Toledo, Ohio 43609

FEDERAL MOGUL FRICTION PRODUCTS
f/k/a WAGNER ELECTRIC PRODUCTS,
ABEX, 2410 Papermill Road
Winchester, Virginia 22601

FORD MOTOR CORPORATION,
1-T American Rd.
Dearborn, Michigan 48126-2798



DEFENDANT'S
EXHIBIT
B
Blumberg No. 5114



GAF MATERIALS CORPORATION.
1361-T Alps Rd.
Wayne, New Jersey 07470

Garlock Sealing Technologies (GARLOCK GASKETS)
1666 Division Street
Palmyra, New York 14522

GENERAL MOTORS CORPORATION.
300 Renaissance Center
Detroit, Michigan 48265-3000

HONEYWELL INTERNATIONAL,
successor in interest to ALLIED
SIGNAL, INC. successor in interest
to BENDIX CORPORATION,
101 Columbia Road,
Morristown, New Jersey 07960

IC INDUSTRIES, INC., successor in
interest to ABEX
f/k/a AMERICAN BRAKE SHOE,
8585 Broadway, Suite 860
Merrillville, Indiana 46410

Nissan North America, Inc.
successor in interest to NISSAN
MOTOR CO. LTD.,
18501-T S. Figueroa St.
Gardena, California 90248

OWENS/CORNING FIBERGLAS CORP.
Fiberglass Tower
Toledo, Ohio 43659

OWENS-ILLINOIS, INC.
One Seagate
Toledo, Ohio 43666

TOYOTA MOTOR MFG. NORTH AMERICA
25-T Atlantic Ave.
Erlanger, Kentucky 41018

UNIROYAL-GOODRICH TIRE CO.
P.O. Box 19001
Greenville, South Carolina 29602

WAGNER BRAKE SUBSIDIARY OF
MOOG AUTOMOTIVE
Div. of Cooper Industries
6565 Wells Ave.
St. Louis, Missouri 63133

BABCOCK & WILCOX INTERNATIONAL. INC.
P.O. Box 351
Barberton, Ohio 44203

FOSTER WHEELER CORP.
Perryville Corporate Park
Clinton, New Jersey 08809

A.P. GREEN, REFRACTORIES, INC.
P.O. Box 240
Minerva, Ohio 44657

CROWN CORK & SEAL CO., INC.
One-T Crown Way
Philadelphia, Pennsylvania 19154

HARBISON-WALKER REFRACTORIES
GROUP, DRESSER INDUSTRIES, INC.
600-T Grant Street
Pittsburgh, Pennsylvania 15219

PITTSBURGH CORNING CORP.
Dept. TR, 800 Presque Isle Drive
Pittsburgh, Pennsylvania 15239

PORTER-HAYDEN COMPANY
711 West 40th Street, Suite 351
Baltimore, Maryland 21211

CELOTEX CORP.
P.O. Box 5884
Texarkana, Texas 75505

LEAR SIEGLER DIVERSIFIED
220 S. Orange Avenue
Livingston, NJ 07039

THE FLINTKOTE COMPANY
Three Embarcadero Center, Suite 1190
San Francisco, California 94111

GEORGIA-PACIFIC CORPORATION
133-T Peachtree Street N.E.
Atlanta, Georgia 30303

KAISER GYPSUM COMPANY, INC.
1333 Campus Parkway
Neptune, New Jersey 07752

NATIONAL GYPSUM CO.
2001 - T Rexford Road
Charlotte, North Carolina 28211

U.S. GYPSUM CO.
One Portland Square
Portland, Maine 04101

      Defendants.

## AMENDED COMPLAINT

     Plaintiff Harvey Jandreau ("Mr. Jandreau"), by and through his undersigned attorney, sues the Defendants listed above and herein states.

1.     The amount in controversy exceeds $15,000.00.

2.     Mr. Jandreau is a resident of Sarasota County, State of Florida.

3.     Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

4.     In 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials.  He also worked for Barstow Ford as a mechanic rebuilding motors and related parts, including gaskets, clutch replacements and brake jobs.

5.     In 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

4

6.     In 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

7.     In 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

8.     In 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

9.     In 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

10.     In 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

11.     During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

12.     Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied and sold by defendants.

13.     All conditions precedent to the filing of this lawsuit have been met or waived.

## COUNT I – NEGLIGENCE

14.    Paragraphs 1 through 13 are incorporated as if set forth herein.

15.    The defendants, by their agents, servants and employees were negligent in that each defendant, and their agents, servants and employees, since at least 1929 knew or should have known that the use and / or exposure to asbestos and / or asbestos-containing products would cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers, and knowing this, failed to take reasonable precautions to warn Mr. Jandreau of the dangers to which he was exposed, when they knew or should have known of the dangers; failed to exercise reasonable care to warn Mr. Jandreau of the dangers to which he was exposed by use of the product or products; failed to inform Mr. Jandreau of what would be safe and sufficient wearing apparel for persons who are exposed to or using the product or products; failed to inform Mr. Jandreau of what would be safe and proper methods of handling and using the products in order to ascertain the dangers involved; failed to remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos products; failed to properly and adequately label the product or products; sold the asbestos product or products which were not in a reasonably safe condition; failed to supply accurate and complete warning of the known or knowable dangers involved in the use and exposure to the asbestos product or products; and failed to use safe, substitute products when such were available. Defendants were otherwise negligent and careless.

16.   These actions and failures to act on the part of each defendant constituted malicious, intentional and willful and wanton misconduct with complete disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of scientific data made available to them that asbestos and asbestos materials were harmful to workers who were exposed to such materials.

17.   As a result of the negligence of the defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.  All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and / or concurrently, without any negligence on the part of the plaintiff.  As a sole consequence or defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

## COUNT II – STRICT LIABILITY

18.   Paragraphs 1 through 13 are incorporated as if set forth herein and Plaintiff further states that at the same time the defendants placed the asbestos and asbestos products into the market place, such products contained defects which created an unreasonably risk of harm to those likely to use or be exposed to the product, to wit:

(a)   exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma

(b)   no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

19.   Plaintiff further states that at the time of the happening complain of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complaint of as when they left the control of each of the defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition.

20.   As a sole, direct and proximate result of the manufacture, production, marketing and sale by the defendants of these defective products, the decedent sustained the damages and losses enumerated herein and the defendants are strictly liable for all such damages and losses.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

8

## COUNT III – BREACH OF IMPLIED WARRANTIES

21.    The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 13 and further states that the defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and dealing with asbestos and asbestos-containing products.

22.    Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by the defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached these implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

23.=   Mr. Jandreau relied upon the special skill, knowledge and judgment of the defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

24.    As a sole, direct and proximate result of these breaches of warranties by the defendants, Mr. Jandreau sustained damages and losses.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and

9

medical expenses.  Plaintiff hereby demands judgment against the defendants,

jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as

compensatory, actual and general damages, plus interest and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before

a jury.

Jack W. Merritt, Esquire
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Florida Bar No.: 0052248
Attorney for Plaintiff
Phone # 941-485-9626
Fax # 941-485-8163

and

Warren R. Ross, Esquire
Florida Bar #: 382086
Wotitzky, Wotitzky, Ross and Goldman, P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:   (941) 639-2171
Facsimile:    (941) 639-8617

Dated:  October 11, 2002

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## IN AND FOR SARASOTA COUNTY, FLORIDA CIVIL DIVISION
## NORTH COUNTY

HARVEY JANDREAU,

    Plaintiff,

    v.

CASE NO   2002 CA 011139 NC

AC DELCO, a subsidiary corporation of
General Motors Corporation,
PO Box 1000
Toledo, Ohio 43697

ARMSTRONG WORLD INDUSTRIES, INC
2500-T Columbia Ave
Lancaster, Pennsylvania 17603-4117

ARVIN INDUSTRIES, successor in
Interest to MAREMONT CORPORATION,
One Noblitt Plaza
Columbus, Indiana  47202-3000

CARLISLE INDUSTRIAL
BRAKE & FRICTION
1031 E. Hillside Dr.
Bloomington, Indiana 47401 6507

DAIMLERCHRYSLER CORPORATION,
1000 Chrysler Drive
Auburn Hills, Michigan 48326-2766

DANA CORPORATION
702 Hampton Avenue
Toledo, Ohio 43609

FEDERAL-MOGUL CORPORATION f/k/a
FEDERAL MOGUL FRICTION PRODUCTS
f/k/a WAGNER ELECTRIC PRODUCTS,
ABEX, 26555 Northwestern Highway
Southfield, Michigan 48034

FORD MOTOR CORPORATION,
1-T American Rd.
Dearborn, Michigan 48126-2798




DEFENDANT'S
EXHIBIT


Case: 2002 CA 011139 NC
DKT: CPCLAND

GAF MATERIALS CORPORATION,
1361-T Alps Rd
Wayne, New Jersey 07470

GARLOCK SEALING TECHNOLOGIES (GARLOCK GASKETS)
1666 Division Street
Palmyra, New York 14522

GENERAL MOTORS CORPORATION,
300 Renaissance Center
Detroit, Michigan 48265-3000

HONEYWELL INTERNATIONAL,
successor in interest to ALLIED
SIGNAL, INC. successor in interest
to BENDIX CORPORATION,
101 Columbia Road,
Morristown, New Jersey 07960

IC INDUSTRIES, INC., successor in
interest to ABEX
f/k/a AMERICAN BRAKE SHOE,
8585 Broadway, Suite 860
Merrillville, Indiana 46410

NISSAN NORTH AMERICA, INC.
successor in interest to NISSAN
MOTOR CO. LTD.,
18501-T S–Figueroa St.
Gardena, California 90248

OWENS/CORNING FIBERGLAS CORP.
Fiberglass Tower
Toledo, Ohio 43659

OWENS-ILLINOIS, INC.
One Seagate
Toledo, Ohio 43666

TOYOTA MOTOR MFG. NORTH AMERICA
25-T Atlantic Ave.
Erlanger, Kentucky 41018

UNIROYAL-GOODRICH TIRE CO.
One Parkway South
Greenville, South Carolina 29615

2

FEDERAL - MOGUL PRODUCTS, INC
f/k/a WAGNER BRAKE SUBSIDiARY OF
MOOG AUTOMOTIVE
Div of Cooper Industries
6565 Wells Ave
St. Louis. Missouri 63133

BABCOCK & WILCOX INTERNATIONAL INC
P O Box 351
Barberton. Ohio 44203

FOSTER WHEELER CORP
Perryville Corporate Park
Clinton. New Jersey 08869

A.P. GREEN REFRACTORIES INC
P O Box 240
Minerva. Ohio 44657

CROWN CORK & SEAL CO. INC
One-T Crown Way
Philadelphia. Pennsylvania 19154

HARBISON-WALKER REFRACTORIES
GROUP, DRESSER INDUSTRIES, INC
600-T Grant Street
Pittsburgh, Pennsylvania 15219

PITTSBURGH CORNING CORP
Dept. TR-800 Presque Isle Drive
Pittsburgh, Pennsylvania 15239

PORTER-HAYDEN COMPANY
711 West 40th Street, Suite 351
Baltimore, Maryland 21211

CELOTEX CORP.
P.O. Box 5884
Texarkana, Texas 75505

LEAR SIEGLER DIVERSIFIED
220 S. Orange Avenue
Livingston, NJ 07039

3

THE FLINTKOTE COMPANY
Three Embarcadero Center, Suite 1190
San Francisco, California 94111
GEORGIA-PACIFIC CORPORATION
 33-T Peachtree Street N.E.
Atlanta, Georgia 30303

KAISER GYPSUM COMPANY, INC.
,333 Campus Parkway
Neptune, New Jersey 07752

NEW NGC, INC. F/K/A NATIONAL GYPSUM CO.
2001 - T Rexford Road
Charlotte, North Carolina 28211

U.S. GYPSUM CO.
One Portland Square
Portland, Maine 04101

      Defendants

## SECOND AMENDED COMPLAINT

    Plaintiff Harvey Jandreau ("Mr. Jandreau"), by and through his undersigned

attorney, sues the Defendants listed above and herein states.

    1.     The amount in controversy exceeds $15,000.00.

    2.     Mr. Jandreau is a resident of Sarasota County, State of Florida.

    3.     Defendants, including, Ford, General Motors, DaimlerChrysler conduct

business throughout the State of Florida, including Sarasota County.

    4.     Pursuant to Florida's Long Arm Statutes, inter alia, section 48.193, the

Defendants are subject to jurisdiction in Sarasota County, Florida.

    5.     Mr. Jandreau began working for Dick's Atlantic Service Station in New

York doing brake jobs in the early to mid 1950s.

    6.     In 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks and

hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding

motors and related parts, including gaskets, clutch replacements and brake jobs.

    7.    In 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic

rebuilding motors, starters and doing brake jobs on a variety of automobiles

4

manufactured by various automobile companies

8.    In 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

9.    In 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

10.    In 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

11.    In 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

12.    In 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

13.    During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

14.    Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied and sold by defendants.

15.    All conditions precedent to the filing of this lawsuit have been met or waived.

## COUNT I – NEGLIGENCE

16.    Paragraphs 1 through 15 are incorporated as if set forth herein.

17.    The defendants, by their agents, servants and employees were negligent in that each defendant, and their agents, servants and employees, since at least 1929 knew or

5

should have known that the use and / or exposure to asbestos and / or asbestos-containing products would cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers, and knowing this, failed to take reasonable precautions to warn Mr. Jandreau of the dangers to which he was exposed, when they knew or should have known of the dangers, failed to exercise reasonable care to warn Mr. Jandreau of the dangers to which he was exposed by use of the product or products, failed to inform Mr. Jandreau of what would be safe and sufficient wearing apparel for persons who are exposed to or using the product or products, failed to inform Mr. Jandreau of what would be safe and proper methods of handling and using the products in order to ascertain the dangers involved, failed to remove the product or products from the market when the defendants knew or should have known of the hazards of exposure to asbestos and asbestos products, failed to properly and adequately label the product or products, sold the asbestos product or products which were not in a reasonably safe condition; failed to supply accurate and complete warning of the known or knowable dangers involved in the use and exposure to the asbestos product or products; and failed to use safe, substitute products when such were available. Defendants were otherwise negligent and careless.

     18. These actions and failures to act on the part of each defendant constituted malicious, intentional and willful and wanton misconduct with complete disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of scientific data made available to them that asbestos and asbestos materials were harmful to workers who were exposed to such materials.

     19. As a result of the negligence of the defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees,

individually, jointly and / or concurrently, without any negligence on the part of the plaintiff. As a sole consequence or defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

## COUNT II – STRICT LIABILITY

20      Paragraphs 1 through 15 are incorporated as if set forth herein and Plaintiff further states that at the same time the defendants placed the asbestos and asbestos products into the market place, such products contained defects which created an unreasonably risk of harm to those likely to use or be exposed to the product, to wit:

(a)      exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)      no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

21.  =  Plaintiff further states that at the time of the happening complain of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complaint of as when they left the control of each of the defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition.

22      As a sole, direct and proximate result of the manufacture, production, marketing and sale by the defendants of these defective products, the decedent sustained the damages and losses enumerated herein and the defendants are strictly liable for all such damages and losses.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.

7

Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

## COUNT III – BREACH OF IMPLIED WARRANTIES

23.     The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 13 and further states that the defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and dealing with asbestos and asbestos-containing products.

24.     Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by the defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached these implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

25.     Mr. Jandreau relied upon the special skill, knowledge and judgment of the defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

26.     As a sole, direct and proximate result of these breaches of warranties by the defendants, Mr. Jandreau sustained damages and losses.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following:  pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest and costs of suit.

8

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that all matters so triable be heard

before a jury.

By: _Jack W. Merritt_

Jack W. Merritt, Esquire
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Florida Bar No: 5052248
Telephone: 941-485-9626
Facsimile: 941-485-8163

and

Warren R. Ross, Esquire
Florida Bar #: 382095
Wotitzky, Wotitzky, Ross and Goldman, P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:     (941) 639-2171
Facsimile:     (941) 639-8617

Attorneys for Plaintiff

Dated:  October 18, 2002

9

# AFFIDAVIT OF SERVICE

State of Florida         County of SARASOTA         Circuit Court

Case Number  2002-CA-011139-NC

Plaintiff
**HARVEY JANDREAU**
vs
Defendant
**AC DELCO; ET AL**

For
    **SNYDER & MERRITT**

Received by JOSEPH RICH C.P.S. on the 4th day of February, 2003 at 10:05 am to be served on **FORD MOTOR CORPORATION, BY SERVING: CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FLORIDA  33324.** I _Joseph Konninowski_ , being duly sworn  depose and say that on the _6_ day of _FEB_ , 20 _05_ at _X_ _X_ p m , executed service by delivering a true copy of the **SUMMONS AND SECOND AMENDED COMPLAINT** in accordance with state statutes in the manner marked below

( ) PUBLIC AGENCY  By serving _____ as _____ of the within-named agency

( ) SUBSTITUTE SERVICE  By serving _____ as
_____

(X) CORPORATE SERVICE: By serving _CT CORP SYSTEM_ as
_REGISTERED AGENT, ANNE BAUTILIER, AGENT_

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _ACCEPTED FOR FORD MOTOR COMPANY_

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _10th_ day
of _february_ , _2003_ by the affiant who is
personally known to me.

_Sheryl R. Swiderski_
NOTARY PUBLIC

_Signature_

PROCESS SERVER # _187_
Appointed in accordance
   with State Statutes

**JOSEPH RICH C.P.S.**
**129 N.E. Prima Vista Boulevard**
**Port St. Lucie, FL  34983**
**(772) 340-0011**

Our Job Serial Number: 2003000785

SHERYL R. SWIDERSKI
MY COMMISSION # CC 996787
EXPIRES: May 26, 2005
Bonded Thru Notary Public Underwriters

CASE#: 2002-CA-011139-NC
DEF: FRDSRV

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

**DEFENDANT'S EXHIBIT**

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA CIVIL DIVISION
NORTH COUNTY

HARVEY JANDREAU,

     Plaintiff,

v.                           CASE NO.: 2002 CA 011139 NC

AC DELCO, et al.

Defendants

---

## MOTION TO DISMISS

Plaintiff, HARVEY JANDREAU, hereby files this Motion to Dismiss Celotex Corporation without prejudice.

By: _____
     Jack W. Merritt
     FBN:  0052248
     SNYDER & MERRITT
     355 West Venice Avenue
     Venice, Florida 34285

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion was sent to the attorney for Celotex Corporation, George N. Wood, General Counsel, Celotex Corporation, 10301 9th Street North, St. Petersburg, FL 33716 this 25th day of February 2003.

By: _____
     Jack W. Merritt
     FBN:  0052248

DEFENDANT'S
EXHIBIT
E



2-

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

FILED

03 APR 11 PM 4:57

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

HARVEY JANDREAU,

        Plaintiff(s),

vs.

                               Case No. 8:03-CV-435-T-27TBM

AC DELCO, et al.,

        Defendant(s).

_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motions to Dismiss Defendants Celotex Corporation,

Armstrong World Industries, Inc., New NGC, Inc. f/k/a National Gypsum Company and the Babcock

& Wilcox Company without prejudice (Dkts. 9, 10, 11, 12) and Defendant Owens-Illinois, Inc.'s

Motion to Strike (Dkt. 7, pg. 4), Motion of Kaiser Gypsum Company, Inc. to Dismiss the Second

Amended Complaint or in the Alternative, Motion for More Definite Statement (Dkt. 5), and Carlisle

Industrial Brake & Friction's Motion to Dismiss (Dkt. 6).  Upon consideration, it is

**ORDERED AND ADJUDGED** that:

1.    Plaintiff's Motions to Dismiss Defendants Celotex Corporation, Armstrong World

    Industries, Inc., New NGC, Inc. f/k/a National Gypsum Company and the Babcock

    & Wilcox Company without prejudice (Dkts. 9, 10, 11, 12) are **GRANTED**.

2.    Owens-Illinois, Inc.'s Motion to Strike (Dkt. 7, pg. 4), Motion of Kaiser Gypsum

    Company, Inc. to Dismiss the Second Amended Complaint or in the Alternative,

    Motion for More Definite Statement (Dkt. 5) and Carlisle Industrial Brake &

    Friction's Motion to Dismiss (Dkt. 6) are **DENIED** without prejudice as Defendants



DEFENDANT'S
EXHIBIT



have failed to comply with M.D. Fla. L.R. 4.02(c).

**DONE AND ORDERED** in chambers this _11th_ day of April, 2003.


_____

**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Counsel of Record

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO. _____

HARVEY JANDREAU,

    Plaintiff,

vs.

AC DELCO, a subsidiary corporation of
General Motors Corporation,
P.O. Box 1000
Toledo, Ohio 43697

ARMSTRONG WORLD INDUSTRIES, INC.
2500-T Columbia Ave.
Lancaster, Pennsylvania 17603-4117

ARVIN INDUSTRIES, successor in
Interest to MAREMONT CORPORATION,
One Noblitt Plaza
Columbus, Indiana 47202-3000

CARLISLE INDUSTRIAL
BRAKE & FRICTION
1031 E. Hillside Dr.
Bloomington, Indiana 47401-6597

DAIMLERCHRYSLER CORPORATION
1000 Chrysler Drive
Auburn Hills, Michigan 48326-2766

DANA CORPORATION
702 Hampton Avenue
Toledo, Ohio 43609

FEDERAL-MOGUL CORPORATION f/k/a
FEDERAL-MOGUL FRICTION PRODUCTS
f/k/a WAGNER ELECTRIC PRODUCTS,
ABEX, 26555 Northwestern Highway
Southfield, Michigan 48034



DEFENDANT'S
EXHIBIT

FORD MOTOR CORPORATION.
1-T American Rd.
Dearborn, Michigan 48126-2798

FEDERAL - MOGUL PRODUCTS, INC.
f/k/a WAGNER BRAKE SUBSIDIARY OF
MOOG AUTOMOTIVE
Div. Of Cooper Industries
6565 Wells Ave.
St. Louis, Missouri 63133

BABCOCK & WILCOX INTERNATIONAL
INC., P.O. Box 351
Barberton, Ohio 44203

FOSTER WHEELER CORP.
Perryville Corporate Park
Clinton, New Jersey 08809

A.P. GREEN REFRACTORIES, INC.
P.O. Box 240
Minervia, Ohio 44657

CROWN CORK & SEAL CO., INC.
One-T Crown Way
Philadelphia, Pennsylvania 19154

HARBISON-WALKER REFRACTORIES
GROUP, DRESSER INDUSTRIES, INC.
600-T Grant Street
Pittsburgh, Pennsylvania 15219

PITTSBURGH CORNING CORP.
Dept. TR, 800 Presque Isle Drive
Pittsburgh, Pennsylvania 15239

PORTER-HAYDEN COMPANY
711 West 40th Street, Suite 3561
Baltimore, Maryland 21211

CELOTEX CORP.
P.O. Box 5884
Texarkana, Texas 75505

LEAR SIEGLER DIVERSIFIED
220 S. Orange Avenue
Livingston, NJ 07039

GAF MATERIALS CORPORATION
1361-E Alps Rd.
Wayne, New Jersey 07470

GARLOCK SEALING TECHNOLOGIES
(GARLO9CK GASKETS)
1666 Division Street
Palmyra, New York 14522

GENERAL MOTORS CORPORATION
300 Renaissance Center
Detroit, Michigan 48265-3000

HONEYWELL INTERNATIONAL,
successor in interest to ALLIED
SIGNAL, INC., successor in interest
to BENDIX CORPORATION
101 Columbia Road
Morriston, New Jersey 07960

IC INDUSTRIES, INC., successor in
interest to ABEX f/k/a
AMERICAN BRAKE SHOE
8585 Broadway, Suite 860
Merrillville, Indiana 46410

NISSAN NORTH AMERICA, INC.,
successor in interest to NISSAN
MOTOR CO. LTD.
18501-T S. Figueroa St.
Gardena, California 90248

OWENS/CORNING FIBERGLAS CORP.
Fiberglass Tower
Toledo, Ohio 43659

OWENS-ILLINOIS, INC.
One Seagate
Toledo, Ohio 43666

TOYOTA MOTOR MFG. NORTH AMERICA
25-T Atlantic Ave.
Erlanger, Kentucky 41018

UNIROYAL-GOODRICH TIRE CO.
One Parkway South
Greenville, South Carolina 29615

THE FLINTKOTE COMPANY
Three Embarcadero Center, Suite 1200
San Francisco, California 94111

GEORGIA-PACIFIC CORPORATION
133-T Peachtree Street, N.E.
Atlanta, Georgia 30303

KAISER GYPSUM COMPANY, INC.
1333 Campus Parkway
Neptune, New Jersey 07752

NEW NGC, INC. f.k.a NATIONAL
GYPSUM CO.
2001-T Rexford Road
Charlotte, North Carolina 28211

U.S. GYPSUM CO.
One Portland Square
Portland, Maine 04101,

     Defendants.

## <u>NOTICE OF AND PETITION FOR REMOVAL</u>

     The Defendant, Ford Motor Company(hereinafter "Ford"), by and through its undersigned counsel, hereby files this Notice of and Petition for Removal pursuant to 28 U.S.C.A. §1441, <u>et seq</u>. and 28 U.S.C.A § 1332. This cause was originally filed in the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

Ford, by and through undersigned counsel, and pursuant to 28 U.S.C.A. § 1446(b), hereby files this Notice of and Petition for Removal to remove this action to the United States District Court, Middle District of Florida, Tampa Division. This cause of action is presently pending in the Circuit Court of the Eighth Judicial Circuit, in and for Hillsborough County, Florida, and is captioned: [illegible] As grounds in support of this Notice of and Petition for Removal, Ford states as follows:

1. On information provided in Plaintiff's Answer and according to the allegations contained in paragraph 2 of the original Complaint and according to the allegations contained in paragraph 2 of the Second Amended Complaint, "Mr. Jandreau is a resident of Sarasota County, State of Florida." Based upon this allegation, it appears that Mr. Jandreau was a citizen of Florida on August 5, 2002 (Exhibit A at 235-244), the date that this action was commenced, and it further appears that Mr. Jandreau has remained a resident and citizen of Florida until at least October 18, 2002 (Exhibit A at 216-224), when the Second Amended Complaint was filed. Exhibit A at 216, 225, and 235.

2. That Defendant, Ford, at all times material hereto, including the time of the incident, and at the time of filing the Complaint, and presently at the time of this Removal, is a foreign corporation with its principal place of business and offices outside the State of Florida.

3. On information and belief, none of the proper Defendants listed in the Complaint are incorporated in the State of Florida, and a fair reading of the Second Amended

Complaint and the principal addresses appearing thereon indicate that none of the Defendants have their principal place of business in the State of Florida, and therefore, none of the Defendants to this action are citizens of the State of Florida.  Accordingly, since the citizenship of each of the Defendants is diverse from the citizenship of the Mr. anderani, this Court has removal jurisdiction over this action pursuant to 28 U.S.C. § 1332 and as set forth in 28 U.S.C. § 1441 et seq.

4.     This Notice of and Petition for Removal is predicated upon diversity of citizenship of jurisdiction pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.  All proper Defendants are diverse from the plaintiff.  See, e.g., Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806).

5.     Ford has filed or is filing with the Clerk of the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, a true and correct copy of this Notice of and Petition for Removal in accordance with 28 U.S.C.A § 1446(d).

6.     Ford was served with the original process on or about February 6, 2003. Exhibit A at 64.

7.     The original Complaint for damages and demand for judgment filed by the Plaintiff in the Circuit Court of the Twelfth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 2002 CA 011139 NC, from which this action is being removed was filed on August 5, 2002. Exhibit A at 235-244. The Amended Complaint was subsequently filed. Exhibit A at 225-234.  A Second Amended Complaint was filed on October 18, 2002. Exhibit A at 216-224.

8.     This Notice of and Petition for Removal is timely filed.  This action became removable on February 27, 2003, when the Plaintiff moved to dismiss Celotex Corporation and thereby effected a voluntary dismissal of a non-diverse Defendant.  Exhibit "1" at 13.  Ford has not waived its right to remove this case.

9.     Ford has contacted or has attempted to contact each remaining Defendant or its counsel which has been served with process for purposes of obtaining their joinder in this Notice of and Petition for Removal.  Each Defendant that has been served with process waived any objection to removal.  Ford will file further joinders in this Notice of and Petition for Removal prior to the expiration of the 30-day time limit contained in 28 U.S.C. § 1446(b).

10.     Pursuant to M.D. Local Rule 1.02(b)(4), removal shall be to the Tampa Division of the United States District Court for the Middle District of Florida because this cause was filed in the state court in Sarasota County, Florida, which is within the Tampa Division.

11.     A chronological index along with a copy of all process, pleading, and orders served upon any of the Defendants in this action, including all papers otherwise known to exist and on file with the state court, is attached hereto as Composite Exhibit A.  Composite Exhibit A includes all known pending motions or orders on file in the state court action pending in the Twelfth Judicial Circuit, in and for Sarasota County, Florida, bearing case No. 2002 CA 011139 NC.

12.    The amount in controversy in this action exceeds $75,000.  The Second Amended Complaint, on its face, indicates that the Plaintiff is seeking damages in excess of the $75,000 jurisdictional threshold applicable to diversity cases under 28 U.S.C. § 1332. Specifically, the "WHEREFORE" clauses following paragraphs 19, 22, and 26 of the Second Amended Complaint leave little doubt that Mr. Jandreau is seeking $10,000,000 as compensation for personal injuries incurred as a result of using the products at issue. Ford's burden to demonstrate the amount in controversy is not severe.  See Wilson Corp. Securities v. Newman, 111 F.3d 1521, 1526 (11th Cir. 1997). Singularly, Ford need only show a reasonable probability there is an amount in controversy exceeding the jurisdictional limits of the federal court.  Mutual First, Inc. v. O'Charley's of Golfport, Inc., 721 F.Supp 281 (S.D. Ala. 1989);  See also, Burns v. Windsor Insurance Co., 31 F.3d 1092, 1096 n.6 (11th Cir. 1994)(reasoning that a more lenient standard applies where plaintiff fails to set forth a specific amount of damages in the complaint).

13.    Here, Mr. Jandreau demanded $10,000,000.  Additionally, Mr. Jandreau has specifically stated that he is seeking damages which include: "pain and suffering, personal injury, mental anguish and medical expenses."  Second Amended Complaint at paragraphs 19, 22, and 26.  Given the fact that the damages sought by Mr. Jandreau include non-economic damages which are inherently difficult to quantify, Ford respectfully submits that the allegations in the Second Amended Complaint relating to the damages sought in the instant case should be taken as if true for the purposes of determining whether the damages sought are within the threshold jurisdictional limits of this Court.

14.    Given the damages demand contained in the Second Amended Complaint, and given the nature of the damages sought, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs and that the amount in controversy exceeds threshold jurisdictional requirements in diversity cases established in 28 U.S.C. § 1332.

15.    This Notice of and Petition for Removal is signed pursuant to F.R.C.P. 11 and in accordance with 28 U.S.C. § 1446. The statements and allegations contained herein are true and correct to the best of the knowledge and belief of the undersigned attorney, based upon his review of the materials available to him including Composite Exhibit A.

WHEREFORE, Defendant, Ford Motor Company, hereby gives notice of removal and petitions this Court for the entry of an Order removing this cause from the Circuit Court for the Twelfth Judicial Circuit, in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and further demands enjoining prosecution by Plaintiff in the State court proceedings, and further directing that the State court action shall proceed no further unless and until further Order of Remand is

forthcoming from this Court.

Respectfully submitted,

_[signature]_

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No: 149357
BRIAN D. EQUI, ESQ.
Florida Bar No. 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail Delivery this _10TH_ day of March, 2003, to the parties on the attached Service List.

_[signature]_

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No: 149357
BRIAN D. EQUI, ESQ.
Florida Bar No. 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

Page 10 of 12

## SERVICE LIST
### HARVEY JANDREAU v. AC DELCO, et al.
### CASE NO.:  2002 CA 011139 NC

Jack W. Merritt, Esq.
SNYDER & MERRITT
355 West Venice Avenue
Venice, FL 34285
(941) 485-9620
**PLAINTIFF**

Warren R. Ross, Esq.
WOTITZKY, WOTITZKY, P.A.
223 Taylor Street
Punta Gorda, FL 33950
(941) 639-2171
**PLAINTIFF**

Evelyn Fletcher, Esq.
HAWKINS & PARNELL
303 Peachtree Road N.E., 40th Floor
Atlanta, GA 30308-3243
(404) 614-7571
**DANA CORPORATION**

Mark C. Greene, Esq.
FOWLER, WHITE, et al.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
**CROWN CORK & SEAL**

J. Richard Moore, Esq.
RAHAIM, WATSON, DEARING, et al.
3127 Atlantic Boulevard
Jacksonville, FL 32207
**UNIROYAL-GOODRICH**

Harold B. Morlan, II, Esq.
AKERMAN, SENTERFITT
Firstar Center, 17th Floor
255 Orange Avenue
Orlando, FL 32802-0231
(407) 423-7566
**HARBISON-WALKER**

Paul Sorrentino, Esq.
BICE & MERSREAU
1410 Johnson Road, Suite 120
Naples, FL 34109
(941) 253-8718
**HARBISON-WALKER, A.P. GREEN**

M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
RUMBERGER, KIRK & CALDWELL,
PA
Brickell Bayview Centre, Suite 3000
80 SW 8th Street
Miami, FL 33131-3047
(305) 358-5577
**GARLOCK, FOSTER-WHEELER,
TOYOTA, and NISSAN**

Robert A. Hannah, Esq.
HANNAH, ESTES & INGRAM, P.A.
P.O. Box 4974
Orlando, FL 32802-4974
(407) 481-9449
**OWENS-ILLINOIS**

Tracy E. Tomlin, Esq.
NELSON, MULLINS RILEY, et al.
Bank of America Corporate Center
Suite 3350, 100 N. Tryon Street
Charlotte, NC 28202-4000
(704) 417-3000
**OWENS-ILLINOIS**

Donna L. Harvey, Esq.
SPEZIALI GREENWALD, et al
501 South Indiana Ave., Suite A
Englewood, FL 34223
(904) 354-8310
**OWENS-CORNING**

Al Parnell, Esq.
FREEMAN & HAWKINS, P.A.
303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308
(404) 614-7400
**BABCOCK & WILCOX**

Rodd R. Buell, Esq.
RODD R. BUELL, P.A.
11883 Maidstone Drive
Wellington, FL 33414-7008
(561) 795-5400
**HONEYWELL INT'L**

Virginia Easley Johnson, P.A.
FOLEY & MANSFIELD, PLLP
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137-3251
(305) 438-9899
**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**

Susan L. Orr, Esq.
Kathleen LaBarge, Esq.
???
???
???
???
**KAISER GYPSUM COMPANY**

Gregory Maxwell, Esq.
SPOHRER, WILNER, MAXWELL, et
al.
444 East Duval Street
Jacksonville, FL 32202
**GAF CORPORATION**

Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
P.O. Box 1526
Orlando, FL 32802-1526
(407) 244-1165
**GENERAL MOTORS CORP.**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NO. 8-03CV435-T-27TBM

HARVEY JANDREAU,

     Plaintiff,

vs.

AC DELCO, a subsidiary corporation of
General Motors Corporation,
et al.,

     Defendants.

---

## DEFENDANT FORD MOTOR MOTOR COMPANY'S
## NOTICE OF TAG-ALONG ACTION

PLEASE TAKE NOTICE that on July 29, 1991, the Judicial Panel on Multi-District

Litigation entered an Order transferring all asbestos cases pending in Federal Court to the

United States District Court, Eastern District of Pennsylvania, for coordinated or

consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407(a) (the "MDL Transfer

Order").   The MDL Transfer Order applies to "tag-along action[s]" as defined in

Multi-District Litigation Rule 1.1, or actions involving common questions of law or fact filed

after the January 17, 1991 filing of the Panel's Order to Show Cause.   MDL Rule 7.5(e)

provides:

> Any party or counsel in actions previously transferred under Section 1407 or
> under consideration by the Panel for transfer under 1407 shall promptly notify
> the Clerk of the Panel of any potential "tag-along action" in which that party
> is also named or in which that counsel appears.



DEFENDANT'S
EXHIBIT
4

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. The Clerk of the Panel may either (1) enter a Conditional Transfer Order pursuant to MDL Rule 7.4(a) or (2) file an Order to Show Cause why the action should not be transferred pursuant to MDL Rule 7.5(b).

Respectfully submitted,

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No: 149357
BRIAN D. EQUI, ESQ.
Florida Bar No: 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Tag-Along Action was furnished via U.S. Mail Delivery this 13TH day of March, 2003, to the parties on the attached Service List and the Clerk of the Panel, Judicial Panel on Multi-District Litigation, Thurgood Marshall Federal Judiciary Bldg., Room G255, North Lobby, One Columbus Circle, Washington, D.C. 20002-8004.

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442831
JASON P. HERMAN, ESQ.
Florida Bar No: 149357
BRIAN D. EQUI, ESQ.
Florida Bar No: 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:     407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

## SERVICE LIST
### HARVEY JANDREAU v. AC DELCO, et al.
### CASE NO.:  2002 CA 011139 NC

Jack W. Merritt, Esq.
SNYDER & MERRITT
355 West Venice Avenue
Venice, FL 34285
(941) 485-9626
**PLAINTIFF**

Warren R. Ross, Esq.
WOTITZKY, WOTITZKY, et al.
223 Taylor Street
Punta Gorda, FL 33950
(941) 639-2171
**PLAINTIFF**

Evelyn Fletcher, Esq.
HAWKINS & PARNELL
303 Peachtree Road N.E., 40th Floor
Atlanta, GA 30308-3243
(404) 614-7571
**DANA CORPORATION**

Mark C. Greene, Esq.
FOWLER, WHITE, et al.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33602
**CROWN CORK & SEAL**

Harold B. Morlan, II, Esq.
AKERMAN, SENTERFITT
Citrus Center, 17th Floor
255 S. Orange Avenue
Orlando, FL 32802-0231
(407) 843-7860
**HARBISON-WALKER**

Fran Spinelli, Esq.
EVERETT & WEATHERSBY
3405 Piedmont Road, Suite 225
Atlanta, GA 30305
(404) 233-8718
**HARBISON-WALKER, A.P. GREEN**

M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
RUMBERGER, KIRK&CALDWELL, P.A.
Brickell Bayview Centre, Suite 3000
80 SW 8th Street
Miami, FL 33131-3047
(305) 358-5577
**GARLOCK, FOSTER-WHEELER,
TOYOTA, and NISSAN**

Robert A. Hannah, Esq.
HANNAH, ESTES & INGRAM, P.A.
P.O. Box 4974
Orlando, FL 32802-4974
(407) 481-9449
**OWENS-ILLINOIS**

Al Parnell, Esq.
FREEMAN & HAWKINS, P.A.
303 Peachtree Street, N.E.
Suite 4000
Atlanta, GA 30308
(404) 614-7400
**BABCOCK & WILCOX**

Rodd R. Buell, Esq.
RODD R. BUELL, P.A.
11883 Maidstone Drive
Wellington, FL 33414-7008
(561) 795-5400
**HONEYWELL INT'L**

Virginia Easley Johnson, P.A.
FOLEY & MANSFIELD, PLLP
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137-3251
(305) 438-9899
**FLINTKOTE, CARLISLE,**
**GEORGIA-PACIFIC**

Jeffrey M. Bell, Esq.
RITTER, CHUDIS, et al.
7000 W. Palmetto Park Rd Suite 305
Boca Raton, FL 33433
(561) 394-2180
**DAIMLER CHRYSLER CORP.**

Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
BICE & COLE
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL 33134
(305) 444-1225
**KAISER GYPSUM COMPANY**

Gregory Maxwell, Esq.
SPOHRER, WILNER, MAXWELL, et
al.
444 East Duval Street
Jacksonville, FL 32202
**GAF CORPORATION**

Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
P.O. Box 1526
Orlando, FL 32802-1526
(407) 244-1165
**GENERAL MOTORS CORP.**

Gardner M. Duvall, Esq.
WHITEFORD, TAYLOR&PRESTON, LLP
7 St. Paul St.
Baltimore, MD21202-1626
(410) 347-8700
**PORTER HAYDEN CO.**

BDE/ch   F012-5277   8306.wpd

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

### CASE NO. 8-03CV435-T-27TBM

HARVEY JANDREAU,

     Plaintiff,

vs.

AC DELCO, a subsidiary corporation,
General Motors Corporation,
et al.,

     Defendants.

---

## DEFENDANT FORD MOTOR COMPANY'S MOTION TO DISMISS AND/OR MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, FORD MOTOR COMPANY (hereinafter "Ford"), by and through its undersigned counsel and pursuant to F.R.C.P. 12, moves this Court for the entry of its Order dismissing HARVEY JANDREAU's (hereinafter "Plaintiff") Second Amended Complaint or, alternately, for the entry of an Order striking improper allegations from the Second Amended Complaint and states as grounds therefor as follows:

    1.    Pursuant to F.R.C.P. 12(b)(2), the allegations in the Second Amended Complaint are insufficient to establish this Court's jurisdiction over Ford pursuant to Florida Statute § 48.193.

    2.    Pursuant to F.R.C.P. 12(b)(5), the process with which Ford was served was insufficient as a matter of law because the Second Amended Complaint asserts that service



DEFENDANT'S
EXHIBIT
I

of process was effected pursuant to Florida Statute § 48.193 which, as a matter of law, is inapplicable to the allegations contained in the Second Amended Complaint. Process is further insufficient because the Plaintiff has not served Ford with an authorized pleading within the time period prescribed by F.R.C.P. 4(m) or 15(c)(3).

    3.    Pursuant to F.R.C.P. 12(b)(3), although the propriety of venue pursuant to 28 U.S.C. § 1391 is irrelevant since this case has been removed under 28 U.S.C. § 1441, this action should nevertheless be transferred to a more convenient forum pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406.

    4.    Pursuant to F.R.C.P. 12(b)(4), the process with which Ford was served was insufficient as a matter of law under F.R.C.P. 4 and 15 and further did not comply with Florida Rule of Civil Procedure 1.070.

    5.    Pursuant to F.R.C.P. 12(b)(6), Plaintiff has failed to state a cause of action upon which relief can be granted. Specifically, Count I of the Second Amended Complaint fails to set forth a claim for negligent failure to warn.

    6.    Pursuant to F.R.C.P. 12(f), the allegations contained in paragraph 18 of the Second Amended Complaint should be stricken since those allegations are immaterial and unnecessary to a cause of action for negligence.

    7.    Pursuant to F.R.C.P. 12(b)(6), Plaintiff has failed to state a claim for strict liability failure to warn because Plaintiff has made no allegation in Count II concerning Ford's knowledge.

8.     Pursuant to F.R.C.P. 12(b)(6), Plaintiff has failed to state a claim for breach of implied warranty.  Count III of the Second Amended Complaint is barred as a matter of law since Florida law requires privity of contract exist in any breach of implied warranty claim.

9.     Pursuant to F.R.C.P. 12(f), the Second Amended Complaint should be stricken due to Plaintiff's failure to comply with F.R.C.P. 15(a) or Fla. R. Civ. P. 1.190.

10.     Pursuant to F.R.C.P. 12(f), immaterial and/or impertinent matter should be stricken from paragraphs 19, 22, and 25 of the Second Amended Complaint.

11.     Pursuant to F.R.C.P. 12(f), Plaintiff's demand for pre-judgment interest should be stricken.

WHEREFORE, Ford respectfully requests this Honorable Court enter its Order dismissing and/or striking Plaintiff's Second Amended Complaint with prejudice. Alternately, Ford respectfully requests this Honorable Court enter its Order dismissing and/or striking the Second Amended Complaint, in whole or in part, without prejudice.

## CERTIFICATION OF GOOD FAITH CONFERENCE

The undersigned has, pursuant to Local Rule 3.01(g), attempted to confer with counsel for the Plaintiff in a good faith effort to resolve the issues raised in this Motion

relating to Ford's Motion to Strike under Rule 12(f), but the parties have been unable to

resolve the issue raised herein.

Respectfully submitted.

LARRY D. SMITH, ESQ., *Lead Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No. 139357
BRIAN D. EQUI, ESQ.
Florida Bar No. 243036
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Dismiss and or Motion to Strike was furnished via U.S. Mail Delivery this 1ST day of March, 2003, to the parties on the attached Service List.

LARRY D. SMITH, ESQ., *For the Matter*
Florida Bar No. 442331
JASON P. HERMAN, Esq.
Florida Bar No. 139357
BRIAN D. EQUI, ESQ.
Florida Bar No. 113936
CABANISS SMITH TOOLE & WIGGINS, P.L.
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

## SERVICE LIST
### HARVEY JANDREAU v. AC DELCO, et al.
### CASE NO.: 2002 CA 011139 NC

Jack W. Merritt, Esq.
SNYDER & MERRILL
355 West Venice Avenue
Venice, FL 34285
(941) 485-9626
**PLAINTIFF**

Warren R. Ross, Esq.
WOTIZKY, WOTIZKY,
223 Taylor Street
Punta Gorda, FL 33958
(941) 639-2171
**PLAINTIFF**

Evelyn Fletcher, Esq.
HAWKINS & PARNELL
303 Peachtree Road N.E., 40 Floor
Atlanta, GA 30308-3243
(404) 614-7571
**DANA CORPORATION**

Mark C. Greene, Esq.
FOWLER, WHITE, et al.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33601
(813) 228-7411
**CROWN CORK & SEAL**

M. Stephen Smith, Esq.
Ian I. Martinez, Esq.
RUMBERGER, KIRK, et al.
80 SW 8th Street, Suite 3000
Miami, FL 33131-3047
(305) 358-5577
**GARLOCK, FOSTER-WHEELER, TOYOTA, and NISSAN**

Robert A. Hannah, Esq.
HANNAH, ESTES & INGRAM, P.A.
**OWENS-ILLINOIS**

**HONEYWELL INT'L**

Virginia Easley Johnson, P.A.
FOLEY & MANSFIELD, PLLP
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137-3251
(305) 438-9899
**FLINTKOTE, CARLISLE, GEORGIA-PACIFIC**

Jeffrey M. Bell, Esq.
RITTER, CHUDIS, et al.
7000 W. Palmetto Park Rd Suite 305
Boca Raton, FL 33433
(561) 394-2180
**DAIMLER CHRYSLER CORP.**

Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
BICE & COLE
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL 33134
(305) 444-1225
**KAISER GYPSUM COMPANY**

Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
P.O. Box 1526
Orlando, FL 32802-1526
(407) 244-1165
**GENERAL MOTORS CORP.**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8-03CV435-T-27TBM

HARVEY JANDREAU,

     Plaintiff,

vs.

AC DELCO, a subsidiary corporation of
General Motors Corporation,
et al.,

     Defendants.

---

## DEFENDANT FORD MOTOR COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, FORD MOTOR COMPANY (hereinafter "Ford"), by and through its undersigned counsel, files this Memorandum of Law in Supports of its Motion to Dismiss and/or Motion to Strike the Plaintiff's Second Amended Complaint.

## INSUFFICIENT ALLEGATIONS OF PERSONAL JURISDICTION AND INSUFFICIENT SERVICE OF PROCESS

The service of process upon Ford was defective pursuant to F.R.C.P. 12(b)(2)-(5). The Second Amended Complaint does not contain sufficient allegations to establish either personal jurisdiction or proper service of process under Florida's Long Arm Statute. Paragraph 2 of the Second Amended Complaint alleges that Mr. Jandreau is a resident of the State of Florida. Paragraph 3 of the pleading alleges that Ford and other Defendants conduct business throughout the State of Florida, including Sarasota County. Finally, paragraph 4

alleges that Florida Statute § 48.193, Florida's Long Arm Statute, subjects Ford and other Defendants to jurisdiction in Sarasota County, Florida. Given the allegations contained in paragraphs 5 - 12 of the Second Amended Complaint which generally allege that Mr. Jandreau was doing brake jobs and was exposed to asbestos during the time frame between the early 1950s and 1970, the allegations contained in paragraph 4 of the Second Amended Complaint are inadequate under Florida law to establish personal jurisdiction or proper service of process.

The Florida Supreme Court has held ". . . that the Long Arm Statute in effect at the time of the manufacture or distribution of the asbestos is the statute that governs." Fibreboard Corp. v. Kerness, 625 So. 2d 457, 458 (Fla. 1993). Accordingly, the Plaintiff cannot allege that personal jurisdiction exists over Ford or that service is proper under Florida Statute § 48.193 because that statute was not in effect in or before 1970. Kerness at 458. Indeed, Florida Statute § 48.182, the predecessor statute to Florida Statute § 48.193 had only just become effective in 1970. Id.

Additionally, the allegation in paragraph 3 of the Second Amended Complaint that Ford conducts business in Florida is insufficient to satisfy the connexity requirement of long-arm jurisdiction. The Second Amended Complaint does not allege that Ford was a resident of the State of Florida at the time that the asbestos in question was allegedly manufactured or distributed. Accordingly, Plaintiff has failed to make sufficient allegations of personal jurisdiction since the allegations in the Second Amended Complaint only allege that Mr. Jandreau utilized allegedly defective products while he was outside of the State of Florida.

Page 2 of 18

As noted by the Eleventh Circuit in <u>Polskie Linie Oceaniczne v. Sea Safe Transport</u>, 795

F. 2d 968, 971 (11th Cir. 1986).

> Personal jurisdiction over non-resident defendants in Florida is limited to
> situations where the cause of action arises from the doing business in Florida
> or the cause of action has some other connection to a specified act committed
> in Florida. This has been described as the "connexity" requirement that must
> be met before jurisdiction over a non-resident can be sustained.  It is clear
> that doing business in the state is not a sufficient basis, standing alone, upon
> which to predicate long-arm jurisdiction. There must also be some nexus or
> connection between the business that is conducted in Florida and the cause
> of action alleged.

<u>Sea Safe</u> at 970.  In applying the "connexity" rule to the facts before it, the <u>Sea Safe</u> court

wrote:

> [The plaintiff] contends that the connexity requirement is satisfied even
> though the sale and supply of the container lashing system occurred totally
> outside Florida because its claim is based on the same type of activity that
> took place in Florida – the sale of Sea Safe Transport's lashing equipment.
> This argument, however, is merely a restatement of its claim that Sea Safe
> Transport was doing business in Florida through Sea Safe, Inc.  The record
> does not show any connection whatsoever between the Florida business and
> this cause of action. [Accordingly], there was no connexity between Sea Safe
> Transport's alleged business activities in Florida and this cause of action.

<u>Sea Safe</u> at 971-972.  The allegations in the Second Amended Complaint are similar to those

in <u>Sea Safe</u>.  Specifically, the allegations in the instant case reflect that the Plaintiff's

exposure, if any, to asbestos occurred outside of Florida.  There is no allegation that

Plaintiff's alleged exposure to asbestos is in any way connected with Ford's business

activities within Florida.

Finally, it should be noted that the Plaintiff has the initial burden of alleging facts in

his Second Amended Complaint to initially support long-arm jurisdiction before the burden

shifts to Ford to make a prima facia showing of the inapplicability of any allegedly applicable long-arm statute. Sea Safe at 972. Paragraph 3 of the Second Amended Complaint alleges only that Ford, and other Defendants, "conduct business throughout the State of Florida, including Sarasota County, Florida." This allegation, without more, does not satisfy Plaintiff's burden of alleging sufficient facts to support long-arm jurisdiction, where the Plaintiff's only allegation relating to long-arm jurisdiction is based upon a Long Arm Statute which cannot be retroactively applied. Kerness at 458.

Service of process is further improper because, Plaintiff never attempted to validly serve Ford with the initial pleading within the initial 120-day period of service of process provided for in Fla. R. Civ. P. 1.070(j). Any attempt to serve Ford within the initial 120-day period involved an attempt to serve Ford with the Second Amended Complaint which was not authorized under F.R.C.P. 15(a) or Fla. R. Civ. P. 1.190(a). Additionally, Ford respectfully submits that in the absence of leave of this Court or the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, permitting the Plaintiff to file a Second Amended Complaint, the Order relating to Plaintiff's Motion for Enlargement of Time to Serve Defendants is insufficient to extend time for service of the Second Amended Complaint since it does not relate to that unauthorized pleading.

## VENUE

In this action, venue is proper in either the Middle District of Florida or in an appropriate judicial district in New York. The general federal venue statute governing diversity cases is found at 28 U.S.C. § 1391(a), which states in whole:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, accept as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions given rise to the claim occurred, or a substantial part of property that is the subject of the action as situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Pursuant to 28 U.S.C. § 1391(a)(2), one proper venue for this action is New York. Whether venue would have been proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 if the action were originally filed in the Middle District is immaterial because this action has been removed from state court. Hollis v. Fla. State Univ., 259 F. 3rd 1295, 1299 (11th Cir. 2001). Thus, the Middle District of Florida is also an appropriate venue.

Although the Middle District is a proper venue, the allegations contained in the Second Amended Complaint clearly reflect that the events giving rise to this claim occurred predominantly in the State of New York. Moreover, the Second Amended Complaint does not contain any allegations which would tend to demonstrate any connection between the State of Florida and any of the activities giving rise to this claim. A review of the Second Amended Complaint reveals that during the time frame between the early 1950s and 1970, Plaintiff was allegedly doing brake jobs in New York. The only time when Plaintiff was not in New York appears to be between 1957 and 1959 when Plaintiff was in the Navy and in Colorado. The only allegation in the Second Amended Complaint relating to the State of Florida is that Harvey Jandreau is a resident of that State. Based upon the allegations in the Second Amended Complaint, it is clear that much of the evidence and many of the witnesses

relating to this claim will probably be found in New York.  Given the minimal connections which this case has to the State of Florida and given the probability that most of the evidence and witnesses relating to Plaintiff's work history will be found in New York, Ford respectfully submits this Court may, in the interests of justice and for the convenience of the parties and witnesses, transfer this case to New York pursuant to 28 U.S.C. § 1404(a), which states: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer a civil action to any other district or division where it might have been brought." Alternately, 28 U.S.C. § 1406, provides another vehicle through which this action may be dismissed and/or transferred to an appropriate district in the State of New York or Colorado.

Although Ford has requested this action be consolidated into the Multi-District Litigation asbestos proceedings in MDL Docket No. 875 for coordinated and consolidated pretrial procedures, this case should nevertheless be transferred under 28 U.S.C. § 1404 or 28 U.S.C. § 1406 to an appropriate judicial district in New York or Colorado for trial.  Ford intends to supplement the grounds for this Motion to transfer venue after the Plaintiff provides residential and business addresses for the various witnesses, including medical witnesses.

## INSUFFICIENT PROCESS

Pursuant to F.R.C.P. 12(b)(4), dismissal is appropriate because the process with which Ford was served was defective and service was, therefore, invalid.  Specifically, Ford was served through its registered agent, the CT Corporation System, on February 6, 2003,

and the paper with which Ford was served was the "Second Amended Complaint." Federal

Rule of Civil Procedure 15(a) states in pertinent part:

> **Amendments.** A party may amend the party's pleading once as a matter of
> course at any time before a responsive pleading is served or, if the pleading
> is one to which no responsive pleading is permitted and the action has not
> been placed on the trial calendar, the party may so amend it at any time
> within twenty days after it is served. Otherwise, a party may amend the
> party's pleading only by leave of court or by written consent of the adverse
> parties; and leave shall be freely given when justice so requires.

Additionally, at the time that Ford was served with process through its registered agent, the

CT Corporation System, this action was pending in the Circuit Court of the Twelfth Judicial

Circuit in and for Sarasota County, Florida. Florida Rule of Civil Procedure 1.070(e)

provides in pertinent part:

> **Copies of Initial Pleading for Persons Served.** At the time of personal
> service of process, a copy of the initial pleading shall be delivered to the party
> upon whom service is made . . . The party seeking to effect personal service
> shall furnish the person making service with the necessary copies.

In the instant case, Ford was served with a copy of the "Second Amended Complaint" only.

Ford was never served with the "initial pleading" as required by Florida Rule of Civil

Procedure 1.070(e). "The procedures providing for proper service are clear and explicit.

Florida Rule of Civil Procedure 1.070(e) requires that a copy of the initial pleading be

delivered at the time of personal service of process." Junca v. Marine Dealers Unlimited

Corp., 706 So. 2d 326 (Fla. 4th DCA 1997). A review of the Court file maintained by the

Clerk of the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida,

has revealed that the Plaintiff initially filed a pleading entitled "Complaint" on August 5,

2002. On October 15, 2002, Plaintiff filed with the Clerk of the Circuit Court of the Twelfth

Judicial Circuit in and for Sarasota County, Florida, a pleading entitled "Amended

Complaint." On October 18, 2002, Plaintiff filed with the Clerk of the Circuit Court of the

Twelfth Judicial Circuit in and for Sarasota County, Florida, a pleading entitled "Second

Amended Complaint." A further review of the Court file maintained by the Clerk of the

Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, reveals that

there is no Order from any judicial officer of that Court authorizing amendment beyond the

extent to which amendment is permitted by Florida Rule of Civil Procedure 1.190(a) which

states in pertinent part:

> **Amendments.** A party may amend a pleading as a matter of course at any
> time before a responsive pleading is served or, if the pleading is one to which
> no responsive pleading is permitted and the action has not been placed on the
> trial calendar, may so amend it at any time within twenty days after it is
> served. Otherwise, a party may amend the pleading only by leave of court or
> by written consent of the adverse party.

Accordingly, the process with which Ford was served is insufficient because Ford was served

with the "Second Amended Complaint" only and since Ford did not receive a copy of the

"initial pleading" as required by Fla. R. Civ. P. 1.070(e). Moreover, the "Second Amended

Complaint" is an unauthorized pleading since it was filed without leave of Court and in

direct contravention of Fla. R. Civ. P. 1.190(a) and F.R.C.P. 15(a). Accordingly, the process

received by Ford is wholly insufficient because Ford was served with an unauthorized

document purporting to be a pleading. Because the Second Amended Complaint is

unauthorized, it should be stricken in its entirety.

## FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

Pursuant to F.R.C.P. 12(b)(6), the Second Amended Complaint fails to state a cause of action upon which relief may be granted because the Second Amended Complaint fails to allege a short and plain statement of the claim showing that the Plaintiff is entitled to relief as required by F.R.C.P. 8(a)(2). Generally, the Second Amended Complaint fails to state a cause of action for negligence because the Plaintiff has failed to allege the circumstances, if any, under which the Plaintiff used Ford products, if at all, or how Ford's acts or omissions proximately caused Plaintiff's alleged injury or injuries allegedly connected with such use. Moreover, Plaintiff has failed to allege the date, location, or duration of any exposure which the Plaintiff claims to have had with any particular Ford product alleged to contain asbestos. Furthermore, the Second Amended Complaint improperly co-mingles allegations against all Defendants and it is difficult for Ford to frame an appropriate answer to the Second Amended Complaint given the overbroad, vague, and inspecific allegations directed against all Defendants as an inextinguishable group.

## FAILURE TO STATE A CLAIM FOR NEGLIGENT FAILURE TO WARN

The Second Amended Complaint does not significantly state a cause of action for negligence cognizable under Florida law and, therefore, this Court should dismiss and/or strike Count I of the Second Amended Complaint. Specifically, the allegations contained in paragraph 17 of the Second Amended Complaint since the allegations contained in paragraph 17 are not recognized causes of action under Florida law and since Florida law imposed no duty upon Ford to: ". . . inform Mr. Jandreau of what would be safe and sufficient wearing

apparel for persons who are exposed to or using the [unspecified] product or products."
Similarly, Florida law imposed no duty upon Ford to: ". . . inform Mr. Jandreau of what
would be safe and proper methods for handling and using the [unspecified] products in order
to ascertain the dangers involved." Similarly, Florida law imposed no duty upon Ford to: ".
. . remove the [unspecified] product or products from the market when the defendants knew
or should have known of the hazards of exposure to asbestos and [unspecified] asbestos
products." Similarly, Florida law imposed no duty to Ford to substitute other materials for
asbestos. Finally, Ford submits that Plaintiff's allegation that "defendants were otherwise
negligent and careless" is too vague and inspecific to state a negligence action under Florida
law.

Plaintiff's negligence count appears to be a claim for negligent failure to warn as
opposed to a claim for strict liability failure to warn. See generally, Ferayorni v. Hyundai
Motor Co., 711 So. 2d 1167 (Fla. 4th DCA 1998). In Ferayorni, the Fourth District Court of
Appeal held that under Florida law negligent failure to warn and strict liability failure to
warn are two distinct theories of recovery. Id. at 1169. In negligence failure to warn cases,
a plaintiff must prove: "that a manufacturer or distributor did not warn of a particular risk for
reasons which fell below the acceptable standard of care, i.e. what a reasonably prudent
manufacturer would have known and warned about." Id. at 1172.

The Second Amended Complaint do not identify the particular risk of which the
Plaintiff claims he should have been warned. Additionally, the Second Amended Complaint
does not clearly allege that a reasonably prudent manufacturer would have warned Mr.

Jandreau of any particular risk; warned Mr. Jandreau about what would be safe and proper methods of handling and using the products; or warned Mr. Jandreau of what would be safe and sufficient wearing apparel.

Additionally, pursuant to F.R.C.P. 12(f), Ford moves to strike the allegations contained in paragraph 18 of the Second Amended Complaint since they are immaterial, impertinent, and scandalous. Specifically, paragraph 18 is a scatter-shot allegation against all Defendants, without any distinction among them that each of them engaged in:

> malicious, intentional and willful and wanton misconduct with complete disregard for the safety and rights of others, amounting to extraordinary and outrageous conduct especially when the defendants were aware of scientific data made available to them that asbestos and asbestos materials were harmful to workers who were exposed to such materials.

The allegations contained in paragraph 18 are unnecessary and immaterial to a negligence action. As noted by the Fourth District Court of Appeal, "to prove a cause of action for negligence, a plaintiff must prove that the defendant had a legal duty, the defendant breached that duty, the breach proximately caused the plaintiff's injury, and the plaintiff incurred damages as a result." Gibbs v. Hernandez, 810 So. 2d 1034, 1036 (Fla. 4th DCA 2002). A cause of action for negligence does not require that a defendant act with malice, with intent, or that the defendant's actions mount to willful, wanton, extraordinary or outrageous misconduct. Because the allegations contained in paragraph 18 of the Second Amended Complaint are unnecessary to negligence action, those allegations should be stricken.

Page 11 of 18

## FAILURE TO STATE A CLAIM FOR STRICT LIABILITY FAILURE TO WARN

Count II of the Second Amended Complaint purports to state a claim for "Strict Liability." Paragraph 20(b) of the pleading alleges that there was no adequate warnings were given to users or persons exposed to asbestos containing products of the hazards allegedly associated with asbestos and asbestos containing products. Under Florida law, a claim for strict liability failure to warn contains a knowledge requirement. Feravorni, at 1172. Without this knowledge component, manufacturers would be reduced to insurers. Id. Specifically, ". . . manufacturers are not required to warn of every risk which might be remotely suggested by any obscure tidbit of available knowledge, but only of those risks which are discoverable in light of the 'generally recognized and prevailing best' knowledge." Id.

Count II of the Second Amended Complaint contains no allegations of knowledge whatsoever. Without an allegation of knowledge, Count II seeks to impose liability upon Ford as if it was a virtual insurer of its products safe use. Liability simply cannot be imposed on Ford on this basis. Id. Without any allegation of knowledge, Count II fails to state a claim upon which relief may be granted.

## FAILURE TO STATE A CLAIM FOR BREACH OF IMPLIED WARRANTY

Count III of the Second Amended Complaint fails to state a claim for breach of implied warranty of fitness or merchantability against Ford because the Plaintiff has not alleged the existence of a contractual relationship between himself and Ford as required by Florida law. Under Florida law, in the absence of contractual privity, a Plaintiff may not

maintain an action for breach of an implied warranty of fitness or merchantability. Plaintiff's allegations in Count III that Ford and the other Defendants breached an implied warranty of fitness or merchantability exceeds the scope of implied warranty liability envisioned by the Florida Supreme Court in West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80 (Fla. 1976) and Kramer v. Piper Aircraft Corp., 520 So. 2d 37 (Fla. 1988). Specifically, in West, the Florida Supreme Court stated:

> The adoption of the Doctrine of Strict Liability and Tort does not result in the demise of implied warranty. If a user is injured by a defective product, but the circumstances do not create a contractual relationship with the manufacturer, the vehicle for recovery could be strict liability in tort if there is a contractual relationship with the manufacturer, the vehicle if implied warranty remains.

West at 91. In 1988, the Florida Supreme Court decided Kramer v. Piper Aircraft Corp., 520 So. 2d 37 (Fla. 1988) and made crystal clear that the language in West was not mere dicta. Specifically, the Kramer court held: "West supplants common law implied warranty in the absence of privity of contract in those instances in which a cause of action for strict liability is appropriate." Kramer at 39-40.

In the instant case, Count III of the Second Amended Complaint does not allege that a contractual relationship existed between Mr. Jandreau and Ford or any other Defendant. Florida law is unequivocal that in the absence of contractual privity, an action for breach of an implied warranty cannot be maintained. West v. Caterpillar Tractor Co., Inc., 336 So. 2d 80 (Fla. 1976); Kramer v. Piper Aircraft Corp., 520 So. 2d 37 (Fla. 1988).

## MOTION TO STRIKE DEMAND FOR JOINT AND SEVERAL JUDGMENT

The Second Amended Complaint purports to seek ". . . judgment against the defendants, jointly and severally, . . ." however, the Plaintiff has not stated a claim upon which he would be entitled to impose blanket joint and several liability upon the Defendants to this action under the Tort Reform Act of 1986, § 768.71, et. seq., Fla. Stat. 1986, as amended. Accordingly, Plaintiff's claim for joint and several liability should be stricken pursuant to F.R.C.P. 12(f).

Because the Second Amended Complaint does not indicate when the cause of action sued upon arose, Ford is precluded from specifically stating which amendment to Florida Statute § 768.81 applies to the instant case. Nevertheless, it should be noted as a general matter, that Florida Statute § 768.81 totally abolished joint and several liability for non-economic damages. Y.H. Investments, Inc. v. Godales, 690 So. 2d 1273, 1276 (Fla. 1997). To the extent that joint and several liability is preserved, it is preserved to only economic damages and, even then, is application is limited. Id. In the instant case, the only economic damages demanded are "medical expenses," and all of the other categories of damages demanded are non-economic in nature. The Second Amended Complaint contains a blanket demand for "judgment against the defendants, jointly and severally. . ." Plaintiff is simply not entitled to this relief under Florida law and the blanket demand for joint and several judgment should be stricken.

## MOTION TO STRIKE CLAIM FOR PRE-JUDGMENT INTEREST

Plaintiff's demand for relief in paragraphs, 19, 22, and 26 of the Second Amended Complaint contains a demand for "interest and costs of suit." Again, the damages plaintiff has claimed are, with the exception of medical expenses, non-economic in nature. Florida Law is clear that in a personal injury tort context, pre-judgment interest is generally not available to the a plaintiff since pre-judgment interest is only available for liquidated rather than unliquidated damages. Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 214 (Fla. 1985); Manning v. Clark, 89 So.2d 339 (Fla. 1956); Parker v. Brinson Constr. Co., 78 So.2d 873 (Fla. 1955). Plaintiff's claim for interest should be stricken because there is no legal basis which supports the claim.

Respectfully submitted,

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No. 149357
BRIAN D. EQUI, ESQ.
Florida Bar No: 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
FORD MOTOR COMPANY

Page 15 of 18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Memorandum of Law was furnished via U.S. Mail Delivery this 18th day of March, 2003, to the parties on the attached Service List.

LARRY D. SMITH, ESQ., *Trial Counsel*
Florida Bar No. 442331
JASON P. HERMAN, ESQ.
Florida Bar No: 149357
BRIAN D. EQUI, ESQ.
Florida Bar No: 143936
CABANISS SMITH TOOLE & WIGGINS, PL
485 N. Keller Road, Suite 401 (32751)
Post Office Box 945401
Maitland, Florida 32794-5401
Phone:  407-246-1800
Fax:    407-246-1895
Attorneys for Defendant
**FORD MOTOR COMPANY**

# SERVICE LIST
## HARVEY JANDREAU v. AC DELCO, et al.
### CASE NO.:  2002 CA 011139 NC

Jack W. Merritt, Esq.
SNYDER & MERRITT
355 West Venice Avenue
Venice, FL 34285
(941) 485-9626
**PLAINTIFF**

Warren K. Ross, Esq.
WOTITZKY, WOTITZKY, et al.
223 Taylor Street
Punta Gorda, FL 33950
(941) 639-2171
**PLAINTIFF**

Evelyn Fletcher, Esq.
HAWKINS & PARNELL
303 Peachtree Road N.E., 40th Floor
Atlanta, GA 30308-3243
(404) 614-7571
**DANA CORPORATION**

Mark C. Greene, Esq.
FOWLER, WHITE, et al.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33601
(813) 228-7411
**CROWN CORK & SEAL**

M. Stephen Smith, Esq.
Ian I. Martinez, Esq.
RUMBERGER, KIRK, et al.
80 SW 8th Street, Suite 3000
Miami, FL 33131-3047
(305) 358-5577
**GARLOCK, FOSTER-WHEELER,
TOYOTA, and NISSAN**

Robert A. Hannah, Esq.
HANNAH, ESTES & INGRAM, P.A.
P.O. Box 4974
Orlando, FL 32802-4974
(407) 481-9449
**OWENS-ILLINOIS**

Rodd R. Buell, Esq.
RODD R. BUELL, P.A.
11883 Maidstone Drive
Wellington, FL 33414-7008
(561) 795-5400
**HONEYWELL INT'L**

Virginia Easley Johnson, P.A.
FOLEY & MANSFIELD, PLLP
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137-3251
(305) 438-9899
**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**

Jeffrey M. Bell, Esq.
RITTER, CHUDIS, et al.
7000 W. Palmetto Park Rd Suite 305
Boca Raton, FL 33433
(561) 394-2180
**DAIMLER CHRYSLER CORP.**

Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
BICE & COLE
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL 33134
(305) 444-1225
**KAISER GYPSUM COMPANY**

Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
P.O. Box 1526
Orlando, FL 32802-1526
(407) 244-1165
**GENERAL MOTORS CORP.**          BDE ch  F012-5277  8357.wpd

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HARVEY JANDREAU,

       Plaintiff,

vs.

       Case No. 8:03-CV-435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

       Defendants.

_____/

### ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Enlargement of Time to File and Serve Responsive Pleading to Defendant Ford Motor Company's Motion to Dismiss and/or Motion to Strike Plaintiff's Second Amended Complaint and Defendant's Garlock's, Nissan's, Georgia-Pacific's, and Kaiser Gypsum's Motions to Dismiss (Dkt. 38). Upon consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion for Enlargement of Time to File and Serve Responsive Pleading to Defendant Ford Motor Company's Motion to Dismiss and/or Motion to Strike Plaintiff's Second Amended Complaint and Defendant's Garlock's, Nissan's, Georgia-Pacific's, and Kaiser Gypsum's Motions to Dismiss (Dkt. 38) is **GRANTED**. Plaintiff is directed to serve and file responsive pleadings to Defendants' aforementioned motions on or before April 10, 2003.

**DONE AND ORDERED** in chambers this _7th_ day of April, 2003.

          **JAMES D. WHITTEMORE**
          **United States District Judge**

Copies to:
Counsel of Record
Law Clerk



DEFENDANT'S
EXHIBIT

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff

vs.                             Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

     Defendants
_____/

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED
COMPLAINT AND FOR ENLARGEMENT
OF TIME TO RESPOND TO ALL PENDING MOTIONS TO DISMISS**

Plaintiff moves this Court, pursuant to Federal Rule of Civil Procedure 15(a) and

6(b) and Local Rule 3.01 for the entry of an Order that grants the following relief:

     a)     Granting leave of Court to file and serve his Third Amended Complaint on

or before April 25, 2003.

     b)     Determining that Plaintiff does not have to serve Responses to the

pending Motions to Dismiss  because they are directed at the Second Amended

Complaint, that a further Amended Complaint will allow all Defendants to respond to the



new pleading and that Plaintiff is not required to respond to any pending Motions to Dismiss until, and only if, such Motions are filed in response to the Third Amended Complaint.

The Third Amended Complaint will allow Plaintiff to set forth the following, which are not contained in the existing, Second Amended Complaint:

    a)    Additional Defendants that are not currently named.

    b)    Removing those Defendants that have filed bankruptcy and which are not subject to the jurisdiction of this Court.

    c)    Addition and supplementation of allegations regarding this Court's jurisdiction over the various Defendants pursuant to applicable Florida law.

    d)    Address at least some of the issues raised by some of the pending Motions to Dismiss regarding various causes of action and otherwise simplify the pleadings.

## I.   Memorandum of Law

Today, April 10, 2003, is the date that a Response to four Motions to Dismiss were to be served and filed in this Court pursuant to Plaintiff's prior Motion for Enlargement of Time - those would include Defendant Ford Motor Company's Motion to Dismiss and/or Motion to Strike Plaintiffs' Second Amended Complaint and Defendants Garlock's, Nissan's, Georgia-Pacific's and Kaiser Gypsum's Motions to Dismiss.   There are additional Motions to Dismiss beyond those listed that were filed in State Court before this case was removed to Federal Court.  Granting the relief

requested herein will allow parties to respond to a single pleading in a single Court, rather than having the confusion and ambiguity of some Motions to Dismiss being filed in State Court and some in Federal Court, with each Court having different procedures with regard to a Plaintiff responding to pending Motions to Dismiss.

Plaintiff is mindful of the 11th Circuit's recent pronouncement regarding the governing rule and proper procedure for the granting of leave to file an Amended Complaint - <u>Wagner v. Daewoo Heavy Industries America Corporation</u>, 314 F.3d 541 (11th Cir. 2002) and therefore has concluded that  rather than have this Court, or some other Court, consider the pending Motions to Dismiss and possibly grant some or all of those Motions to Dismiss on some or all of the grounds listed therein, it would seek Leave of Court to file a further Amended Complaint, in an abundance of caution. [1]

Plaintiff would prefer to have the Court consider a streamlined Complaint that has all proper Defendants and contains all relevant and specific allegations regarding the basis of the Court's jurisdiction and the various causes of action against the various Defendants.  Plaintiff is not required to attach a copy of the proposed Amended Complaint to its Motion for Leave to Amend  - "although it is true that in general the Plaintiff should tender a proposed Amendment along with a Request for Leave to Amend, this is not an absolute requirement".  <u>Porm v. Peters</u>, 1993 WL 134054 (7th Cir.

-3-

_____

    [1]  Plaintiff is not conceding that there are valid grounds set forth in any of the Motions to Dismiss.  Plaintiff is acknowledging that it could add more detail to its Complaint that should moot some or all of the arguments raised by the various Defendants in their Motions.

1993).  Indeed, there is precedent for the proposition that this Court may be bound to consider the viability of a Motion for Leave to Amend without a proposed Amendment being attached where the request for the amendment is set forth in a short statement or representation made in response to a Motion to Dismiss.   Elliot v. Foufas, 867 F.2d 877 (5th Cir. 1989) at Headnote 9.   At this point in time, given the additional detailed research and analysis that is required to address some of the jurisdictional issues raised by Defendant Ford in its Motion to Dismiss and to add allegations to the Third Amended Complaint conforming to the substance of that research, as well as confirming the identity of all new Defendants in this case, Plaintiff is unable to submit a completed, proposed Third Amended Complaint to the Court, but will be able to do so within the time specified in this Motion.   None of the Defendants will be prejudiced by having that proposed Third Amended Complaint filed or served within the requested time.[2]

## II.  Certificate of Consultation

On April 9, 2003 and April 10, 2003, Plaintiff contacted counsel for all Defendants that have not been dismissed from this action and counsel for the following parties had no opposition to the requested relief:  Honeywell International, Crown Cork & Seal, Kaiser Gypsum Co., and Ford Motor Company.   The remaining counsel have

-4-

---

[2]   Defendant Ford points out in its Motion to Dismiss that Plaintiff may have inappropriately filed its Second Amended Complaint without Leave of Court. See Surftech International, Inc. v. Rudder, 785 So.2d 1280 (Fla. 5th DCA 2001).   Plaintiff wants to insure that no such alleged defect impedes the progress of his case and the granting of this Motion will moot that particular issue.

not responded to telephone calls made and messages left on this issue.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Enlargement of Time was furnished via US Mail on the 10th day of April to the parties listed on the attached Service List.


_____
Warren R. Ross
Wotitzky, Wotitzky, Ross, Goldman,
      Sturges & Tuttle, P.A.
223 Taylor Street
Punta Gorda, FL 33950
Florida Bar No. 382086
Tele: (941) 639-2171 - Fax: (941) 639-8617
e-mail: wross@wotitzkylaw.com
Attorneys for Plaintiff


_____
Jack W. Merritt
Attorney at Law
355 West Venice Avenue
Venice, FL 34285
Tele: (941) 953-4140
Attorney for Plaintiff

-5-

18243.3

SERVICE LIST

Evelyn Fletcher, Esq.
Hawkins and Parnell
303 Peachtree Road, N.E.
40th Floor
Atlanta, GA 30308-3243
(404) 614-7571
DANA CORPORATION

Mark C. Greene, Esq.
Fowler, White, et al.
501 East Kennedy Boulevard
Suite 1700
Tampa, FL 33601
(813) 228-7411
CROWN CORK & SEAL

M. Stephen Smith, Esq.
Ian I. Martinez, Esq.
Rumberger, Kirk, et al.
80 SW 8th Street, Suite 3000
Miami, FL 33131-3047
(305) 358-5577
GARLOCK, FOSTER-WHEELER,
TOYOTA, and NISSAN

Jeffrey M. Bell, Esq.
Ritter, Chudis, et al.
7000 W. Palmetto Park Road
Suite 305
Boca Raton, FL 33433
(561) 394-2180
DAIMLER CHRYSLER CORP.

Chris N. Kolos, Esq.
Holland and Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526
(407) 244-1165
GENERAL MOTORS CORP.

Robert A. Hannah, Esq.
Hannah, Estes and Ingram, P.A.
P.O. Box 4974
Orlando, FL 32802-4974
(407) 481-9449
OWENS-ILLINOIS

Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Drive
Wellington, FL 33414-7008
(561) 795-5400
HONEYWELL INT'L

Virginia Easley Johnson, P.A.
Foley and Mansfield, PLLP
4770 Biscayne Boulevard
Suite 1030
Miami, FL 33137-3251
(305) 438-9899
FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC

Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice and Cole
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134
(305) 444-1225
KAISER GYPSUM COMPANY

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

       Plaintiff(s),

vs.

       Case No. 8:03-CV-435-T-27TBM

AC DELCO, et al.,

       Defendant(s).

_____/

## ORDER

**BEFORE THE COURT** is Honeywell's Motion to Dismiss or Strike Plaintiff's Second

Amended Complaint (Dkt. 8), Defendant Garlock Sealing Technologies LLC f/k/a Garlock Inc.'s

Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike Pre-Judgment

Interest and Incorporated Memorandum of Law (Dkt. 21), Defendant Nissan North America, Inc.'s

Motion to Dismiss Plaintiff's Second Amended Complaint and Motion to Strike Pre-Judgment

Interest and Incorporated Memorandum of Law in Support (Dkt. 22), Defendant Ford Motor

Company's Motion to Dismiss and/or Motion to Strike Plaintiff's Second Amended Complaint (Dkt.

34), Defendant Daimler Chrysler Corp.'s Motion to Dismiss Plaintiff's Second Amended Complaint

and Motion to Strike Prejudgment Interest Claim and Supporting Memorandum of Law (Dkt. 36),

Defendant General Motors Corporation's Motion to Dismiss Plaintiff's Second Amended Complaint

and Motion to Strike Prejudgment Interest Claim and Supporting Memorandum of Law (Dkt. 39)

and Plaintiff's Motion for Leave to Amend Second Amended Complaint and for Enlargement of



46

Time to Respond to all Pending Motions to Dismiss (Dkt. 42).  Upon consideration, it is

ORDERED AND ADJUDGED that:

1.   Defendants' motions (Dkts. 8, 21, 22, 34, 36 and 39) are **DENIED** without prejudice.

2.   Plaintiff's Motion for Leave to Amend Second Amended Complaint and for Enlargement of Time to Respond to all Pending Motions to Dismiss (Dkt. 42) is **GRANTED**.  Plaintiff shall file an amended complaint on or before April 25, 2003.

**DONE AND ORDERED** in chambers this _____ day of April, 2003.


**JAMES D. WHITTEMORE**
**United States District Judge**


Copies to:
Counsel of Record

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff,

    v.                        CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.

---

## THIRD AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

With the exception of those Defendants that have been dismissed, Plaintiff sues those Defendants previously listed and those additional Defendants listed on Exhibit A, by and through his undersigned attorneys and herein states.

### GENERAL ALLEGATIONS

1.    The amount in controversy exceeds $75,000.00, exclusive of taxable fees and costs.[1]

2.    Mr. Jandreau is a resident of Sarasota County, State of Florida.

3.    At all times relevant to Mr. Jandreau's exposure to those asbestos containing products that they manufactured, sold, marketed or distributed, Defendants, including Ford, General Motors, Daimler Chrysler conduct now and have conducted business throughout the State of Florida, including Sarasota County, Florida.

DEFENDANT'S
EXHIBIT

Blumberg No. 5114

M

---

[1] Plaintiff will file a Motion to Remand concurrently or will file said Motion shortly after filing this Third Amended Complaint because Plaintiff is adding a defendant that will eliminate diversity and divest this Court of jurisdiction.

4.    Pursuant to Florida's long arm statutes in effect at the time of Mr. Jandreau's exposure, Defendants are subject to jurisdiction within the State Courts of Florida and specifically Circuit Court in Sarasota County. The relevant Florida long arm statutes include 47.16 (1956) and 48.181 (1967).

5.    Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

6.    In or about 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding motors and related parts, including gaskets, clutch replacements and brake jobs.

7.    In or about 1957, Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

8.    In or about 1957, Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

9.    In or about 1959, Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

10.    In or about 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

11.    In or about 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

12.    In or about 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

13.    Upon moving to Florida, Mr. Jandreau had several additional exposures to asbestos and asbestos containing products, including performing brake jobs on various automobiles, manufactured by several of the Defendants, e.g., Ford, General Motors, Daimler Chrysler, and used brake parts purchased from Defendants Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc., both of which are Florida corporations conducting business within the State of Florida.

14.    During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

15.    Although Mr. Jandreau cannot now state with specificity precisely which asbestos containing products that he was exposed to during his various jobs, he does know that he was exposed to each and everyone of these products during one or more of those jobs. Mr. Jandreau is uncertain which of the Defendants asbestos containing products and fibers caused his illness and therefore all Defendants are joint tortfeasors because all produced, manufactured, sold and/or distributed asbestos containing products that cause the type of injuries suffered by Mr. Jandreau.

16.    Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied, distributed and/or sold by

Defendants. In or about 2001, Mr. Jandreau was diagnosed as having asbestosis while a resident of Sarasota County, Florida.

17.    Venue is in the Middle District because that is where Mr. Jandreau's cause of action has accrued, the advent of the disease, and therefore the witnesses relevant to that are located in the Middle District of Florida.

18.    All conditions precedent to the filing of this lawsuit have been met or waived.

## COUNT I -- NEGLIGENCE

19.    Except for those Defendants that have been dismissed, Plaintiff, in this count, sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A.

20.    Paragraphs 1 through 18 are incorporated as if set forth herein.

21.    The Defendants owed a duty of care to Mr. Jandreau to ensure that the products manufactured, sold, marketed and distributed by them were safe and would not cause injury to Mr. Jandreau when used by him and other members of the public as intended and used in a manner that was reasonably forseeable by them.

22.    The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

23.     Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

24.     Each of the Defendants breached the duty described herein owed to Mr. Jandreau when they failed to manufacture, market, sell and distribute products that were safe and would not cause injury to Mr. Jandreau when used by him as intended or in a manner that was reasonably foreseeable.

25.     As a result of the negligence of the Defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and / or concurrently, without any negligence on the part of the plaintiff. As a sole consequence of defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, individually or concurrently, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## COUNT II – STRICT LIABILITY

26.　Except for those Defendants that have been dismissed, Plaintiff sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A in this count.

27.　Paragraphs 1 through 18 are incorporated as if set forth herein.

28.　Plaintiff states that at the same time the Defendants placed the asbestos and asbestos products into the market place, they knew or should have known such products contained defects which created an unreasonable risk of harm to those likely to use or be exposed to the products, to wit.

(a)　exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)　no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product.

29．　The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

30.　Plaintiff further states that at the time of the happening complained of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complained of as when the

products left the control of each of the Defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition

31.    As a sole, direct and proximate result of the manufacture, production, marketing, distribution and sale by the Defendants of these defective products and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.   All of the injuries and damages complained of were caused solely and proximately by the Defendants, their agents, servants or employees, individually, jointly and or concurrently.   As a sole consequence of the Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## COUNT III – BREACH OF IMPLIED WARRANTIES

32.    Plaintiff sues Defendants Ford, General Motors, and Daimler Chrysler in this count.

33.    The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 18.

34.    The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

35.    The Plaintiff purchased asbestos containing products from Ford, General Motors and Daimler Chrysler and further states that those Defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and distributing asbestos-containing products.

36.    Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by those Defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached these implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions were not capable of being discovered by reasonable and prudent persons exposed to such products.

37.    Mr. Jandreau relied upon the special skill, knowledge and judgment of those Defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

38. As a sole, direct and proximate result of these breaches of warranties by those Defendants, and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, has substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by those Defendants, their agents, servants or employees, individually, jointly and/or concurrently. As a sole consequence of those Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before a jury.

Jack W. Merritt, Esquire
Florida Bar No.: 0052248
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Attorney for Plaintiff
Telephone:    (941) 485-9626
Facsimile:    (941) 485-8163

and

Warren R. Ross, Esquire
Florida Bar #: 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:   (941) 639-2171
Facsimile:    (941) 639-8617

Trial Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Third Amended Complaint was mailed via first class mail, postage prepaid, to the attorneys on the enclosed service list on May 17, 2003.

By: _____
      Jack W. Merritt

## Exhibit A

Palm Chevrolet-Oldsmobile, Inc.
1901 Tamiami Trail S.
Punta Gorda, FL 33950
A Florida Corporation

DOCKET NO. 875

BEFORE THE JUDICAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                                                        CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____/

## NOTICE OF OPPOSITION

The Plaintiff objects to the proposed transfer of this matter for "Tag-Along Actions"

and has attached a copy of its Motion to Remand, Affidavit of Jack W. Merritt (counsel for

Plaintiff) and Memorandum of Law in Support, as Exhibit 1.   Although the right to

supplement is reserved, the basis for the opposition is the lack of complete diversity among

the defendants and the resulting lack of the Court's jurisdiction.

By: _____
     Jack W. Merritt
     FL Bar No. 0052248
     1800 Second Street, Suite 852
     Sarasota, Florida 34237
     Telephone:  (941) 953-4140

and

> Warren R. Ross
> FL Bar No. 382086
> Wotitzky, Wotitzky, Ross, Goldman, Sturges
> & Tuttle
> 223 Taylor Street
> Punta Gorda, Florida 33950
> Telephone: (941) 639-2171
>
> Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Notice of Opposition was mailed to counsel for the defendants listed on the attached Service List. ON MAY 17 2003

By: _Jack W. Merritt_
Jack W. Merritt
FL Bar No. 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                         CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____

## MOTION TO REMAND

Pursuant to 28 USCS §§ 1332, 1447 and FRCP 81(c), Plaintiff moves this Court for

an order remanding the above-entitled action to Circuit Court for Sarasota County Florida

on the ground that removal jurisdiction herein is based on diversity of citizenship, and, since

codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation with its principal

place of business in Charlotte County Florida, jurisdiction is improper herein. Nor may the

citizenship of codefendant Palm Chevrolet-Oldsmobile, Inc. in the State of Florida be

disregarded by this Court, since codefendant Palm Chevrolet-Oldsmobile, Inc. is not merely

a nominal or formal party herein, nor was codefendant Palm Chevrolet-Oldsmobile, Inc.

fraudulently joined to defeat removal of the action hereto. On the contrary, codefendant

Palm Chevrolet-Oldsmobile, Inc. is an indispensable and necessary party to plaintiff's action

if plaintiff is to receive the full measure of relief prayed for in his complaint filed herein.

Codefendant Palm Chevrolet-Oldsmobile, Inc. was just added as a defendant on April 25,

2003, (See Third Amended Complaint attached hereto as Exhibit A) and, therefore, was not

served with process herein until after removal of this action to this Court.

Plaintiff moves this Court for an order remanding the action to Circuit Court for Sarasota County Florida, from whence it was removed to this Court, on the ground that this Court is now without jurisdiction over the action since there is no longer complete diversity of citizenship among the parties herein, codefendant Palm Chevrolet-Oldsmobile, Inc. and Plaintiff both effectively being residents of the State of Florida and codefendant Palm Chevrolet-Oldsmobile, Inc. is a Florida corporation and Plaintiff is a citizen of the State of Florida. As more fully appears in the affidavit attached hereto as Exhibit B.

## CERTIFICATE OF CONSULTATION

At least one of the defendants has stated in a letter written to Plaintiff's counsel that it will not agree with the Plaintiff's Motion to Remand the case to Circuit Court for Sarasota County, Florida.

By: _____
Jack W. Merritt
FL Bar No: 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

and

Warren R. Ross
FL Bar No. 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle
223 Taylor Street
Punta Gorda, Florida 33950
Telephone: (941) 639-2171

Trial Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Motion to Remand, Affidavit of Jack W. Merritt, and Memorandum in Support of Motion to Remand were mailed via first class mail, postage prepaid to counsel for the defendants listed on the attached Service List on May 15, 2003

By _____

Jack W. Merritt
FL Bar No. 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

## SERVICE LIST

**CROWN CORK & SEAL**
Mark C. Greene, Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton, FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S. W. 8th St
Miami, FL 33131-3047

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32892-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff,

     v.                            CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

     Defendants.

_____

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND

Plaintiff, by and through its undersigned counsel, files this Memorandum in Support

of its Motion to Remand.

## FACTUAL BACKGROUND

This lawsuit is based upon asbestosis contracted as a result of Plaintiff's exposure to

asbestos containing products and his contracting asbestosis as a result. As is widely known,

asbestosis does not appear until years after exposure to the asbestos containing products.

As a result, locating the various sources of exposure to asbestos containing products takes

time and defendants are added as investigation and discovery continues. In this case, the

Plaintiff was and is still investigating the various sources of his exposure to asbestos

containing the products. The Plaintiff may add additional defendants over the course of this

litigation, as discovery provides additional information. The defendant added was done so

as a result of Plaintiff's continuing investigation of the facts and this matter and his

exposures to asbestos containing products.

The Plaintiff's exposures to asbestos containing products extend back over three decades. It has taken Plaintiff a great deal of time and effort to recall the exposures to asbestos and asbestos containing products. The joinder of the additional defendant is not fraudulent, but was a result of Plaintiff's ongoing discovery in the very early stages of this case.

## APPLICABLE LAW

The Plaintiff has the right to join additional defendants as the case progresses. In this case, the Plaintiff expects that additional defendants may be discovered and joined as the case progresses and discovery continues. In the case of <u>Wright v. Metropolitan Life Insurance, Co.</u>, 74 F.Supp.2d 1150, 1152-1153 (N.D.Ala. 1999), the Court stated that, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." <u>Coker v. Amoco Oil Company</u>, 709 F.2d 1433, 1440-41 (11th Cir 1983). "The court must evaluate all factual issues and questions of controlling substantive law in favor of the plaintiff." <u>Cabalecta v. Standard Fruit Company</u>, 883 F.2d 1553, 1561 (11th Cir 1989).

Pursuant to 28 U.S.C.A. 1332, this Court must remand the case to the Circuit Court for Sarasota County, Florida. Section 1332(a) provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." There no longer is complete diversity in this case. Therefore, the Court must remand the case.

## SUMMARY

Pursuant to applicable case law and Federal Statutes, this Court no longer has jurisdiction over this case and it must be remanded to Circuit Court for Sarasota County, Florida. The Defendants will suffer no harm as a result of the remand by this Court to Florida State Court.

By _____
Jack W. Merritt
FL Bar No. 0052248
1800 Second Street, Suite 852
Sarasota, Florida 34237
Telephone: (941) 953-4140

and

Warren R. Ross
FL Bar No. 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges
& Tuttle
223 Taylor Street
Punta Gorda, Florida 33950
Telephone: (941) 639-2171

Trial Counsel for Plaintiffs

EXHIBIT A

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff,

v.                                                                 CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants.

## THIRD AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

With the exception of those Defendants that have been dismissed, Plaintiff sues those

Defendants previously listed and those additional Defendants listed on Exhibit A, by and

through his undersigned attorneys and herein states.

### GENERAL ALLEGATIONS

1.    The amount in controversy exceeds $75,000.00, exclusive of taxable fees and

costs.[1]

2.    Mr. Jandreau is a resident of Sarasota County, State of Florida.

3.    At all times relevant to Mr. Jandreau's exposure to those asbestos containing

products that they manufactured, sold, marketed or distributed, Defendants, including Ford,

General Motors, Daimler Chrysler conduct now and have conducted business throughout the

State of Florida, including Sarasota County, Florida.

---

[1] Plaintiff will file a Motion to Remand concurrently or will file said Motion shortly after filing this Third
Amended Complaint because Plaintiff is adding a defendant that will eliminate diversity and divest this Court
of jurisdiction.

4.     Pursuant to Florida's long arm statutes in effect at the time of Mr. Jandreau's exposure. Defendants are subject to jurisdiction within the State Courts of Florida and specifically Circuit Court in Sarasota County. The relevant Florida long arm statutes include 47 16 (1956) and 48.181 (1957).

5.     Mr. Jandreau began working for Dick's Atlantic Service Station in New York doing brake jobs in the early to mid 1950s.

6.     In or about 1956, Mr. Jandreau went to work for Frank Bicknell driving trucks, hauling building materials. He also worked for Barstow Ford as a mechanic rebuilding motors and related parts. including gaskets. clutch replacements and brake jobs.

7.     In or about 1957. Mr. Jandreau worked for Sandstone Motors as a mechanic rebuilding motors, starters and doing brake jobs on a variety of automobiles manufactured by various automobile companies.

8.     In or about 1957. Mr. Jandreau enlisted in the United States Navy and was discharged in 1959.

9.     In or about 1959. Mr. Jandreau went to work in Colorado and did brake jobs for private parties on automobiles manufactured by various automobile manufacturers.

10.     In or about 1959, Mr. Jandreau moved back to New York and began working at Scott Ford, as a mechanic rebuilding motors and doing brake jobs on various automobiles manufactured by various automobile companies.

11.     In or about 1961, Mr. Jandreau went to work for Specter Cadillac and Oldsmobile doing brake jobs in the service department on automobiles manufactured by various automobile companies.

12.    In or about 1964, Mr. Jandreau relocated within the State of New York and went to work at Harvey's Atlantic (later to be known as Harvey's Arco). During the next six years, he ran his own trucking company and 24-hour service station. He primarily did brake jobs on automobiles and trucks.

13.    Upon moving to Florida, Mr. Jandreau had several additional exposures to asbestos and asbestos containing products, including performing brake jobs on various automobiles, manufactured by several of the Defendants, e.g., Ford, General Motors, Daimler Chrysler, and used brake parts purchased from Defendants Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc., both of which are Florida corporations conducting business within the State of Florida.

14.    During these and other relevant periods of time, Mr. Jandreau worked with and around asbestos and asbestos containing materials while employed and was exposed to asbestos and asbestos containing materials at various job locations and while in the United States Navy.

15.    Although Mr. Jandreau cannot now state with specificity precisely which asbestos containing products that he was exposed to during his various jobs, he does know that he was exposed to each and everyone of these products during one or more of those jobs. Mr. Jandreau is uncertain which of the Defendants asbestos containing products and fibers caused his illness and therefore all Defendants are joint tortfeasors because all produced, manufactured, sold and/or distributed asbestos containing products that cause the type of injuries suffered by Mr. Jandreau.

16.    Mr. Jandreau has developed asbestosis from his exposure to and use of asbestos and asbestos-containing products manufactured, supplied, distributed and/or sold by

Defendants. In or about 2001, Mr. Jandreau was diagnosed as having asbestosis while a resident of Sarasota County, Florida.

17. Venue is in the Middle District because that is where Mr. Jandreau's cause of action has accrued, the advent of the disease, and therefore the witnesses relevant to that are located in the Middle District of Florida.

18. All conditions precedent to the filing of this lawsuit have been met or waived.

### COUNT I – NEGLIGENCE

19. Except for those Defendants that have been dismissed, Plaintiff, in this count, sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A.

20. Paragraphs 1 through 18 are incorporated as if set forth herein.

21. The Defendants owed a duty of care to Mr. Jandreau to ensure that the products manufactured, sold, marketed and distributed by them were safe and would not cause injury to Mr. Jandreau when used by him and other members of the public as intended and used in a manner that was reasonably forseeable by them.

22. The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

23.    Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions not capable of being discovered by reasonable and prudent persons exposed to such products.

24.    Each of the Defendants breached the duty described herein owed to Mr. Jandreau when they failed to manufacture, market, sell and distribute products that were safe and would not cause injury to Mr. Jandreau when used by him as intended or in a manner that was reasonably foreseeable.

25.    As a result of the negligence of the Defendants and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.  All of the injuries and damages complained of were caused solely and proximately by the negligence of the defendants, their agents, servants or employees, individually, jointly and / or concurrently, without any negligence on the part of the plaintiff.  As a sole consequence of defendants' negligence, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, individually or concurrently, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## COUNT II – STRICT LIABILITY

26.     Except for those Defendants that have been dismissed, Plaintiff sues all Defendants in the listed in the pleadings and those new Defendants listed on attached Exhibit A in this count

27.     Paragraphs 1 through 18 are incorporated as if set forth herein

28.     Plaintiff states that at the same time the Defendants placed the asbestos and asbestos products into the market place, they knew or should have known such products contained defects which created an unreasonable risk of harm to those likely to use or be exposed to the products, to wit

(a)     exposure to asbestos and asbestos products causes serious physical injuries such as asbestosis and other diseases and cancers such as mesothelioma;

(b)     no adequate warning of the hazards of asbestos and asbestos containing products was given to users or persons exposed to the product

29.     — The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

30.     Plaintiff further states that at the time of the happening complained of, Mr. Jandreau was using the products for their intended purpose, that the products were in substantially the same condition at the time of the happening complained of as when the

products left the control of each of the Defendants, and that Mr. Jandreau had no knowledge of the defects and no reason to suspect any defective condition.

31.     As a sole, direct and proximate result of the manufacture, production, marketing, distribution and sale by the Defendants of these defective products and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, had substantial pain and suffering, and significant physical injuries and discomfort.   All of the injuries and damages complained of were caused solely and proximately by the Defendants, their agents, servants or employees, individually, jointly and or concurrently.   As a sole consequence of the Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses.  Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## COUNT III – BREACH OF IMPLIED WARRANTIES

32.     Plaintiff sues Defendants Ford, General Motors, and Daimler Chrysler in this count.

33.     The Plaintiff hereby incorporates and adopts by reference herein each and every allegation of fact contained in paragraphs 1 through 18.

34.     The Defendants knew or should have known since at least 1929 that the use and / or exposure to asbestos and / or asbestos-containing products in a manner that was reasonably foreseeable could be hazardous to the general public, including Mr. Jandreau, who had any contact with and in any way used the asbestos containing products could cause serious injury, including asbestosis, pleural disease, mesothelioma, and lung and other cancers were negligent when failing to take actions to ensure the products were not dangerous when used in a manner that was reasonably foreseeable.

35.     The Plaintiff purchased asbestos containing products from Ford, General Motors and Daimler Chrysler and further states that those Defendants, during all relevant times, held themselves and their agents out to the public as having knowledge and skill peculiar and specific to the business and practice of manufacturing, selling and distributing asbestos-containing products.

36.     Plaintiff further states that the asbestos and asbestos-containing materials and products manufactured, produced, marketed and sold by those Defendants were not safe, marketable and fit for their intended particular use and thus the defendants breached these implied warranties.  Mr. Jandreau had no reason to know of the dangerous and unsafe condition of these products, said defective conditions being hidden from the view and knowledge of ordinary persons using such products and said defective conditions were not capable of being discovered by reasonable and prudent persons exposed to such products.

37.     Mr. Jandreau relied upon the special skill, knowledge and judgment of those Defendants acquired through their experience in the manufacture, production, marketing and sale of asbestos and asbestos-containing products when they warranted that the products were safe, merchantable and fit for their intended and particular use.

38.     As a sole, direct and proximate result of these breaches of warranties by those Defendants, and the resultant contracting of asbestosis and other related injuries and conditions by Mr. Jandreau, with their serious, painful and permanent physical and mental effects upon him, Mr. Jandreau has been precluded from pursuing his normal activities and pursuits, incurred and paid medical and other expenses, has substantial pain and suffering, and significant physical injuries and discomfort. All of the injuries and damages complained of were caused solely and proximately by those Defendants, their agents, servants or employees, individually, jointly and / or concurrently. As a sole consequence of those Defendants' actions, Mr. Jandreau has contracted asbestosis and is in considerable pain and suffering.

WHEREAS, Plaintiff seeks all damages permissible, including but not limited to the following: pain and suffering, personal injury, mental anguish and medical expenses. Plaintiff hereby demands judgment against the defendants, jointly and severally, in the amount of Ten Million Dollars ($10,000,000.00), as compensatory, actual and general damages, plus interest for the medical expenses paid by Plaintiff and costs of suit.

## DEMAND FOR TRIAL BY JURY

The Plaintiff, Mr. Harvey Jandreau, demands that this matter be heard before a jury.


_Jack W. Merritt_
Jack W. Merritt, Esquire
Florida Bar No.: 0052248
Snyder & Merritt, Trial Lawyers
355 West Venice Avenue
Venice, Florida 34285
Attorney for Plaintiff
Telephone:     (941) 485-9626
Facsimile:     (941) 485-8163

and

Warren R. Ross, Esquire
Florida Bar #: 382086
Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle P.A.
223 Taylor Street
Punta Gorda, Florida 33950
Telephone:     (941) 639-2171
Facsimile:     (941) 639-8617

Trial Counsel for Plaintiff

## Exhibit A

Palm Chevrolet-Oldsmobile, Inc.
1901 Tamiami Trail S.
Punta Gorda, FL 33950
A Florida Corporation

EXHIBIT B

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff,

        v.

CASE NO. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation of
General Motors Corporation, et al.,

    Defendants

STATE OF FLORIDA

COUNTY OF SARASOTA

## AFFIDAVIT OF JACK W. MERRITT

I, Jack W. Merritt, being first duly sworn, depose and say:

1.    I am one of the attorneys for plaintiff Harvey Jandreau in the above-captioned action.

2.    The above entitled action was filed in Sarasota County Circuit Court on August 5, 2002, and was removed to this Court on Motion filed by several Defendants, including Ford Motor Company, on March 12, 2003, with original and removal jurisdiction of this Court over the above-entitled action being premised solely on the ground of diversity of citizenship of plaintiff and defendant.

3.    Plaintiff Harvey Jandreau was, at the time of the commencement of this action, and still is a citizen and resident of the State of Florida.

4.   Defendant Palm Chevrolet-Oldsmobile, Inc. was, at the time of the commencement of this action, and still is, a corporation, duly incorporated and authorized to conduct business in the State of Florida.

5.   Defendant Palm Chevrolet-Oldsmobile, Inc. has its principal place of business in the State of Florida, at 1901 Tamiami Trail S., Punta Gorda, FL 33950.

6.   Thus, both Defendant Palm Chevrolet-Oldsmobile, Inc. and Plaintiff Harvey Jandreau were, at the commencement of the above-entitled action, and still are, citizens of the same state, the State of Florida.

FURTHER AFFIANT SAYETH NAUGHT.

_____
JACK W. MERRITT

The foregoing instrument was acknowledged before me on the 15th day of May 2003 by JACK W. MERRITT who is personally known to me or produced _____ as identification and who has read the above Affidavit, knows the facts and matters therein set forth and alleged and that each of said facts and matters are true and correct based upon personal knowledge.

_____
NOTARY PUBLIC

(SEAL)



Peggy Rickard
My Commission DD063149
Expires October 7, 2005

## SERVICE LIST

**CROWN CORK & SEAL**
Mark C. Greene, Esq.
Fowler, White, et al
501 E. Kennedy Blvd., Ste. 1700
Tampa, FL 33602

**DANA CORPORATION**
Evelyn Fletcher, Esq.
Hawkins & Parnell
303 Peachtree Rd. N.E., 40th Floor
Atlanta, GA 30308-3243

**DAIMLER-CHRYSLER CORP.**
Jeffrey M. Bell, Esq.
Ritter, Chusid, Bivona & Cohen, LLC
7000 W. Palmetto Park Rd.
Ste. 305
Boca Raton, FL 33433

**FLINTKOTE, CARLISLE,
GEORGIA-PACIFIC**
Virginia Easley Johnson, P.A.
Foley & Mansfield, PLLP
4770 Biscayne Blvd., Ste. 1030
Miami, FL 33137-3251

**FORD MOTOR CO.**
Larry D. Smith, Esq., Trial Counsel
Jason P. Herman, Esq.
Brian D. Equi, Esq.
Cabaniss, Smith, Toole & Wiggins, PL
P.O. Box 945401
Maitland, FL 32794-5401

**GAF CORPORATION**
Gregory Maxwell, Esq.
Spohrer, Wilner, Maxwell, et al
701 W. Adams Street
Jacksonville, FL 32204

**GARLOCK, FOSTER-WHEELER,
TOYOTA, AND NISSAN**
M. Stephen Smith, Esq.
Ian Lynch Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Ste. 3000
80 S.W. 8th St.
Miami, FL 33131-2947

**GENERAL MOTORS, CORP.**
Chris N. Kolos, Esq.
Holland & Knight, LLP
P.O. Box 1526
Orlando, FL 32802-1526

**HARBISON-WALKER**
Harold B. Morlan, II, Esq.
Akerman, Senterfitt
Citrus Center, 17th Floor
255 S. Orange Ave.
Orlando, FL 32802-0231

**HARBISON-WALKER, A.P. GREEN**
Fran Spinelli, Esq.
Everett & Weathersby
3405 Piedmont Rd., Ste. 225
Atlanta, GA 30305

**HONEYWELL INT'L**
Rodd R. Buell, Esq.
Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL 33414-7008

**KAISER GYPSUM CO.**
Susan J. Cole, Esq.
Kathleen LaBarge, Esq.
Bice & Cole
2801 Ponce De Leon Blvd., Ste. 550
Coral Gables, FL 33134

**OWENS-CORNING**
Donna L. Harvey, Esq.
Speziali Greenwald, et al
501 S. Indiana Ave., Ste. A
Englewood, FL 34223

**OWENS-ILLINOIS**
Robert A. Hannah, Esq.
Hannah, Estes, & Ingram, P.A.
P.O. 4974
Orlando, FL 32802-4974

**UNIROYAL GOODRICH**
J. Richard Moore, Esq.
Rahaim, Watson, Dearing, et al
3127 Atlantic Blvd.
Jacksonville, FL 32207

**WARREN R. ROSS, ESQ.**
Wotitzky, Wotitzky, et al
223 Taylor St.
Punta Gorda, FL 33950
Co-Counsel for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 3 0 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## CONDITIONAL TRANSFER ORDER (CTO-224)

## (SEE ATTACHED SCHEDULE)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 76,460 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel



DEFENDANT'S
EXHIBIT

# SCHEDULE CTO-224 - TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

DISTRICT  DIV. CIVIL ACTION#       DISTRICT  DIV. CIVIL ACTION#       DISTRICT  DIV. CIVIL ACTION#

FLORIDA MIDDLE
   FLM  8  03-435

ILLINOIS NORTHERN
   ILN  1  02-8702
   ILN  1  03-1523

INDIANA NORTHERN
   INN  2  03-1
   INN  2  03-5
   INN  2  03-6

KANSAS
   KS  2  03-2100
   KS  2  03-2101
   KS  2  03-2102
   KS  2  03-2103
   KS  2  03-2104
   KS  2  03-2105
   KS  2  03-2106
   KS  2  03-2108
   KS  2  03-2109
   KS  2  03-2110
   KS  2  03-2112
   KS  2  03-2113
   KS  2  03-2114
   KS  2  03-2115
   KS  2  03-2116
   KS  2  03-2117
   KS  2  03-2118
   KS  2  03-2119
   KS  2  03-2120

MARYLAND
   MD  1  03-399
   MD  1  03-421
   MD  1  03-445
   MD  1  03-446
   MD  1  03-447
   MD  1  03-448
   MD  1  03-450
   MD  1  03-451
   MD  1  03-452
   MD  1  03-453
   MD  1  03-655

MINNESOTA
   MN  0  02-4918
   MN  0  03-971
   MN  0  03-972

MISSOURI WESTERN
   MOW  4  03-132

NORTH CAROLINA MIDDLE
   NCM  1  02-675
   NCM  1  02-676
   NCM  1  02-686
   NCM  1  03-242

NEW MEXICO
   NM  1  03-335
   NM  1  03-336
   NM  1  03-337
   NM  1  03-338
   NM  1  03-339
   NM  1  03-350
   NM  1  03-351
   NM  1  03-353
   NM  1  03-355
   NM  1  03-356
   NM  1  03-357
   NM  1  03-358
   NM  1  03-360
   NM  6  03-352
   NM  6  03-359

NEW YORK EASTERN
   NYE  1  01-711
   NYE  1  01-713
   NYE  1  03-583

OKLAHOMA EASTERN
   OKE  6  03-19
   OKE  6  03-20
   OKE  6  03-21
   OKE  6  03-22
   OKE  6  03-23
   OKE  6  03-24
   OKE  6  03-25
   OKE  6  03-26
   OKE  6  03-27
   OKE  6  03-28
   OKE  6  03-29
   OKE  6  03-30

OKLAHOMA NORTHERN
   OKN  4  03-158

RHODE ISLAND
   RI  1  02-70

TEXAS EASTERN
   TXE  1  99-753
   TXE  1  99-754

TEXAS SOUTHERN
   TXS  4  03-673
   TXS  4  03-712
   TXS  4  03-965

VIRGINIA EASTERN
   VAE  2  03-7218
   VAE  2  03-7219
   VAE  2  03-7220
   VAE  3  02-508

WISCONSIN EASTERN
   WIE  2  03-18

WISCONSIN WESTERN
   WIW  3  02-649

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

RULE 7.4:     CONDITIONAL TRANSFER ORDERS FOR "TAG-ALONG ACTIONS"

(a)     Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing or hearings and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)     Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)     Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)     Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Clerk of the Panel shall set the motion for hearing at the next appropriate session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)     Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)     Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)     Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)     Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)     Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)     A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was filed or came to the attention of the Panel either after the initial hearing before it or too late to be included in the initial hearing, will be treated by the Panel as a potential "tag-along action."

(e)     Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

# INVOLVED COUNSEL LIST (CTO 4)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Murray E. Abowitz
Abowitz, Rhodes & Dahnke, P.C.
105 North Hudson
Hightower Bldg., 10th Floor
P.O. Box 1937
Oklahoma City, OK 73101

David W. Allen
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

Victoria Almeida
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903

Sherman Ames, III
Ness, Motley, Loadholt, et al.
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Thomas C. Angelone
Hodosh, Spinella & Angelone
One Turks Head Place, Suite 1050
P.O. Box 1516
Providence, RI 02903-1516

Cynthia W. Antonucci
Harris Beach, LLP
500 5th Avenue, 42nd Floor
New York, NY 10110

James Randolph Baker
Holloway Dobson & Bachman, P.C.
211 N. Robinson Avenue
Suite 900 North
Oklahoma City, OK 73102

Christopher Banaszak
Reinhart, Boerner, Van Deuren, et al.
1000 North Water Street, Suite 2965
Milwaukee, WI 53201-2965

Steven T. Baron
Silber & Pearlman
2711 North Haskell Avenue
5th Floor Lock Box
Dallas, TX 75204

Mauricio E. Barreiro
15 East Chesapeake Avenue
Baltimore, MD 21286

Todd C. Barsumian
Kahn Dees Donovan And Kahn
501 Main Financial Plaza, Suite 305
Evansville, IN 47712-3646

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen, LLP
7000 West Palmetto Park Road
Suite 400
Boca Raton, FL 33433

Richard V. Bennett
Bennett & Guthrie, P.L.L.C.
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Thomas P. Bernier
Goldfein & Hosmer
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202-3316

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Charles E. Blackman
Querrey & Harrow, Ltd.
175 West Jackson Blvd., Suite 1600
Chicago, IL 60604-2827

Joseph C. Blanks
P.O. Drawer 999
Doucette, TX 75942

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402

Elizabeth J. Bradford
King Law Firm
15 N. Robinson Ave., Suite 1100
Oklahoma City, OK 73102

William J. Bradley, III
Malaby, Carlisle & Bradley
150 Broadway, Suite 1311
New York, NY 10038

John M. Brant
Rodey, Dickason, Sloan, et al.
P.O. Box 1888
Albuquerque, NM 87103-1888

Jason K. Bria
Wooden and McLaughlin
201 N. Illinois Street
Indianapolis, IN 46204

Malcolm Sean Brisker
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

C. Thomas Brown
205 E. Main Street
Elkton, MD 21921

Barbara J. Buba
Wilbraham, Lawler & Buba
140 Broadway, 46th Floor
New York, NY 10005

Whitney C. Buchanan
Whitney Buchanan, P.C.
3200 Monte Vista Blvd., N.E.
Albuquerque, NM 87106

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
The Aragon Building
288 Aragon Avenue, Suite C
Coral Gables, FL 33134

Alexander M. Bullock
Evert & Weathersby
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

William C. Burgy
36 S. Charles Street, Suite 1700
Baltimore, MD 21201

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

James D. Butler
111 John Street, Suite 800
New York, NY 10038

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, IL 60607-5308

Case MDL No. 875  Document 3924  Filed 06/30/03  Page 138 of 149

INVOLVED COUNSEL LIST (CTO-214) MDL-875 (Cont.)                    Page 8 of 7

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Michael J. Cieslewicz
Kasdorf, Lewis & Swietlik, S.C.
P.O. Box 44200
Milwaukee, WI 53214-7200

Bruce P. Clark
Bruce P. Clark & Associates
Harrison Ridge Square
419 Ridge Road
Munster, IN 46321

John J. Cloherty, III
Pierce, Davis & Perritano, L.L.P.
Ten Winthrop Square
Boston, MA 02110

Louis G. Close, Jr.
Porter Hayden Company
711 West 40th Street, Suite 351
Baltimore, MD 21211

Gregory L. Cochran
McKenna, Storer, Rowe, White &
Farrug
200 North LaSalle Street, Suite 3000
Chicago, IL 60601

Dixie L. Coffey
Smith, Shew, Scrivner, et al.
6520 North Western Avenue
Suite 300
Oklahoma City, OK 73116

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL 33134-6920

John F. Conley, Sr.
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

William P. Croke
Quale, Feldbruegge, Calvelli, et al.
710 North Plankinton Ave., 9th Floor
Milwaukee, WI 53203-2404

Colleen M. Cronin
L'Abbate, Balkan, Colavita & Contin
1050 Franklin Ave.
Garden City, NY 11530

James E. Culhane
Davis & Kuelthau, S.C.
111 E. Kilbourn Avenue, Suite 1400
Milwaukee, WI 53202-6613

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Dana Hefter Davis
Young, Moore & Henderson
P.O. Box 31627
Raleigh, NC 27622

Harry Lee Davis, Jr.
Davis & Hamrick, LLP
P.O. Box 20039
Winston-Salem, NC 27120-0039

Mary E. Davis
Spotts, Smith, Fain & Buis, P.C.
411 E. Franklin Street, Suite 601
Richmond, VA 23218-1555

D. Peter DeSimone
Bell & Gossett
60 Parkway Drive
Warwick, RI 02886

J. Benjamin Dick
421 Park Street, Suite 2
Charlottesville, VA 22902

Anna M. DiLonardo
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

CharCretia C. DiBartolo
Cetrulo & Capone, LLP
The Heritage Bldg.
321 South Main Street
Providence, RI 02903

David M. Duke
Young Moore & Henderson
P.O. Box 31627
Raleigh, NC 27622

Gardner M. Duvall
Whiteford, Taylor & Preston
7 Saint Paul Street
Baltimore, MD 21202-1626

James F. Early
Early, Ludwick & Sweeney, L.L.C.
265 Church Street, 11th Floor
P.O. Box 1866
New Haven, CT 06508-1866

Thomas S. Ehrhardt
Kopka Landau & Pinkus
5240 Fountain Drive, Suite E
Crown Point, IN 46307-1000

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman
& Dicker
150 East 42nd Street
New York, NY 10017-5639

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place, Suite 100
Baltimore, MD 21202

William R. Fahey
Cooney & Conway
120 North LaSalle Street
30th Floor
Chicago, IL 60602

Richard Onan Faulk
Gardere, Wynn, Sewell & Riggs
Three Allen Center, Suite 800
333 Clay Avenue
Houston, TX 77002

Donald J. Fay
Waters, McPherson, McNeill, P.C.
233 Broadway, Suite 970
New York, NY 10279

Mark J. Fellman
Fellman Law Office
213 4th Street, East
Suite 200
St. Paul, MN 55101

Kristin B. Fisher
Feldman, Franden, Woodard, Farris
& Boudreaux
525 South Main
1000 Park Centre
Tulsa, OK 74103

Evelyn M. Fletcher
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Margaret M. Foster
McKenna Storer Rowe White &
Farrug
200 N. Lasalle, Suite 3000
Chicago, IL 60601

Mark A. Fredrickson
Rider, Bennett, Egan & Arundel
2000 Metropolitan Center
333 S. 7th Street
Minneapolis, MN 55402

Ellen B. Furman
Goldfein & Joseph
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst &
Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

Richard A. Gann
Riggs, Abney, Neal, Turpen, Orbison
& Lewis
502 West 6th Street
Tulsa, OK 74119-1010

J. Ric Gass
Kravit, Gass, Hovel & Leitner, S.C
825 North Jefferson St., Suite 500
Milwaukee, WI 53202-3737

Geofrey S. Gavett
Gavett & Datt
15850 Crabbs Branch Way, Ste. 180
Rockville, MD 20855

Raymond F. Geoffroy, III
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Georgia-Pacific Corp.
c/o CT Corp. System
208 S. Lasalle Street, Suite 814
Chicago, IL 60604

Thomas A. Gilligan
Murnane, Conlin, White & Brandt
1800 Piper Jaffray Plaza
444 Cedar Street
St. Paul, MN 55101

Virginia M. Giokaris
Rasmussen Willis Dickey & Moore
9200 Ward Parkway, Suite 310
Kansas City, MO 64114

Roy D. Goldberg
Waters, McPherson, Mcneill, P.C.
233 Broadway, Suite 970
New York, NY 10279

Mark C. Greene
Fowler White Boggs & Banker, PA
501 East Kennedy, Suite 1700
P.O. Box 1438
Tampa, FL 33601

Suzanne M. Halbardier
Barry, McTiernan & Moore
2 Rector Street, 14th Floor
New York, NY 10006

Robert A. Hannah
Hannah Estes & Ingram, P.A.
37 N. Orange Avenue, Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Donna L. Harvey
Speziali, Greenwald, Goldstein &
Hawkins, PC
501 South Indiana Avenue, Suite A
Englewood, FL 34223

John B. Harwood
McKinnon & Harwood
1168 Newport Avenue
Pawtucket, RI 02861

M. King Hill, III
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

H. Forest Horne, Jr.
Martin & Jones
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

J. Keith Hyde
Provost, Umphrey, L.L.P.
490 Park Street
P.O. Box 4905
Beaumont, TX 77704

John Crane, Inc.
6400 West Oakton Street
Morton Grove, IL 60053

Virginia E. Johnson
Johnson, Tomlin & Johnson
4770 Biscayne Blvd.
#1030
Miami, FL 33137-3258

Jennifer J. Kalas
Hinshaw & Culbertson
222 Indianapolis Blvd
Suite 202
Schererville, IN 46375

Charles J. Kalinoski
Kalinoski & Chaplinsky
100 Court Avenue, Suite 315
Des Moines, IA 50309-2200

Kevin A. Kauer
Haynsworth, Sinkler & Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29601-2048

James G. Kennedy
Pierce, Herns, Sloan & McLeod
The Blake House
321 East Bay Street
P.O. Box 22437
Charleston, SC 29413

John W. Kershaw
Rice, Dolan & Kershaw
170 Westminster Street
Suite 900
Providence, RI 02903

Steven Joseph Kherkher
Williams & Bailey, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Douglas B. King
Wooden & McLaughlin
1600 Capital Center South
201 North Illinois Street
Indianapolis, IN 46204

Steven J. Kirsch
Murnane, Conlin, White & Brandt
1800 Meritor Tower
444 Cedar Street
St. Paul, MN 55101

Staci L. Kolb
Blish & Cavanagh
30 Exchange Terrace
Providence, RI 02903

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

Raymond A. LaFazia
Gunning & LaFazia
32 Custom House Street
P.O. Box 1437
Providence, RI 02903

David L. LaPorte
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604-2827

Carter T. Lambeth
Johnson & Lambeth
P.O. Box 660
Wilmington, NC 28402

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gary W. Larson
Hinkle Cox, Eaton, et al.
P.O. Box 2068
Santa Fe, NM 87504-2068

Christopher D. Lee
Kahn, Dees, Donovan & Kahn
501 Main Financial Plaza
Suite 305
P.O. Box 3646
Evansville, IN 47712

Sidney G. Leech
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

Michael T. Lewandowski
Coblence & Warner
415 Madison Avenue
New York, NY 10017

Donald M. Lieb
Otjen, Van Ert, Stangle, Lieb & Wier
700 N. Water Street, Suite 800
Milwaukee, WI 53202-4206

Lisa A. Linsky
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020

Judith A. Lockhart
Carter, Ledyard & Wilburn
Two Wall Street
New York, NY 10005

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert J. Lynott
Thomas & Libowitz
100 Light Street, Suite 1100
Baltimore, MD 21202-1053

Genevieve MacSteel
Ross & Hardies
65 East 55th Street
New York, NY 10022

John R. Mahoney
Asquith, Mahoney & Robinson
155 South Main Street, Suite 202
Providence, RI 02903

James L. Mann, Jr.
409 Washington Avenue, Suite 600
Towson, MD 21204

Michael J. Marcello
Morrison, Mahoney & Miller
One Providence Washington Plaza
6th Floor
Providence, RI 02903-7141

Bruce B. Marr
McKenna Storer Rowe White & Farrug
200 N. Lasalle, Suite 3000
Chicago, IL 60601

James P. Marusak
Gidley, Sarli & Marusak, LLP
One Turks Head Place
Suite 900
Providence, RI 02903

Timothy Kent Masterson
Spence, Ricke, Sweeney & Gernes
600 Degree of Honor Building
325 Cedar Street
St. Paul, MN 55101

Christopher D. Mauriello
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Dennis McCarten
Hanson Curran, LLP
146 Westminster Street
Providence, RI 02903-2218

Timothy J. McHugh
Lavin, Coleman, O'Neil, Ricci,
Finarelli & Gray
767 Third Avenue
7th Floor
New York, NY 10017

Peter J. McKenna
Skadden, Arps, Slate, Meagher &
Flom
Four Times Square
New York, NY 10036-6522

Donald S. Meringer
Mccarter & English, LLP
300 E. Lombard Street, Suite 1000
Baltimore, MD 21202

Jack W. Merritt
Jack W. Merritt, PA
Snyder Law Building
355 W. Venice Avenue
Venice, FL 34285

J. Richard Moore, Jr.
Rahaim, Watson, Dearing, Berry &
Moore, PA
3127 Atlantic Blvd.
Jacksonville, FL 32207

Harold E. Morlan, II
Akerman, Senterfitt & Eidson, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

INVOLVED COUNSEL LIST (CTO-224) MDL-875 (Cont.)

Renee J. Mortimer
Hinshaw & Culbertson
222 Indianapolis Blvd., Suite 202
Schererville, IN 46375

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Matthew J. Nagle
Lynch, Dallas, Smith & Harman
526 Second Avenue SE
P.O. Box 2457
Cedar Rapids, IA 52406

Peter T. Nicholl
Law Office of Peter T. Nicholl
36 S. Charles Street, Suite 1700
Baltimore, MD 21201

Michelle Noorani
Church, Loker & Silver
2 North Charles Street, Ste. 600
Baltimore, MD 21201

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Richard O'Leary
McCarter & English, L.L.P.
300 Park Avenue, 18th Floor
New York, NY 10022

L.E. Ogletree
Short, Wiggins, Margo & Butts
210 Park Avenue, Suite 3100
Oklahoma City, OK 73102

Peter T. Paladino, Jr.
Goldberg, Persky, et al.
Ketchum Center, 3rd Floor
1030 Fifth Avenue
Pittsburgh, PA 15219

Mark D. Palmer
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Albert H. Parnell
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N. E.
Atlanta, GA 30308-7243

Steven J. Parrott
Parrott & Donohue
18 West Street
Annapolis, MD 21401

Erin M. Peradotto
Volgenau & Bosse
237 Main Street, Suite 750
Buffalo, NY 14203

Douglas B. Pfeiffer
Church, Loker & Silver
2 North Charles Street, Ste. 600
Baltimore, MD 21201

Martha J. Phillips
Atkinson, Haskins, et al.
525 S. Main Street, Suite 1500
Tulsa, OK 74103-4524

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones &
Hawn
999 Westview Drive
Hastings, MN 55033

Jonathan E. Polonsky
Thelen Reid & Priest LLP
40 West 57th Street
New York, NY 10019-4097

James B. Pressly, Jr.
Haynsworth, Sinkler & Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

Michelle S. Regan
Lavin, Coleman, O'Neil, et al.
767 Third Avenue, 7th Floor
New York, NY 10017

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Ronald N. Ricketts
Gable & Gotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217

Ann K. Ritter
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Deborah L. Robinson
Robinson, Woolson & O'Donnell
217 E. Redwood Street
Suite 1500
Baltimore, MD 21202

John F. Rooney, III
Melick, Porter & Shea, LLP
28 State Street, 22nd Floor
Boston, MA 02109-1775

Michael D. Rosenberg
Foley & Lardner
777 East Wisconsin Avenue
Suite 3800
Milwaukee, WI 53202-5367

Warren R. Ross
Wotitzky, Wotitzky, Ross, et al.
223 Taylor Street
Punta Gorda, FL 33950

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Michael P. Royal
Locke Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

Richard H. Rubenstein
Wilson, Elser, Moskowitz, Edelman
& Dicker
150 East 42nd Street
New York, NY 10017-5639

Peter J. Rubin
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04101

INVOLVED COUNSEL LIST (CTO-224) MDL 875 (Cont.)

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

George F. Short
Short, Barnes, Wiggins, Margo &
Adler
210 Park Avenue
3700 Oklahoma Tower
Oklahoma City, OK 73102

Vani Singhal
Segal, McCambridge, Singer &
Mahoney, Ltd.
One IBM Plaza
330 N. Wabash Avenue
Suite 200
Chicago, IL 60611

Joel Slawotsky
Sonnenschein, Nath & Rubenthal
1221 Avenue of the Americas
New York, NY 10020-1089

Larry D. Smith
Cabaniss, Smith, Toole & Wiggins
485 North Keller Road, Suite 401
P.O. Box 945401
Maitland, FL 32751-5401

M. Stephen Smith, III
Rumberger, Kirk & Caldwell
80 S.W. 8th Street
Suite 3000
Miami, FL 33130-3047

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Joseph Stalmack
Joseph Stalmack & Associates, P.C.
5253 Hohman Avenue
P.O. Box 1150
Hammond, IN 46320

Thomas E. Steichen
Eldridge Cooper Steichen & Leach
P.O. Box 3566
Tulsa, OK 74101-3566

John P. Sweeney
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Peter Wilson Taliaferro
Thomas & Libowitz
100 Light Street, Suite 1100
The USF&G Tower
Baltimore, MD 21202-1053

Samuel Lewis Tarry, Jr.
McGuire Woods LLP
1 James Center
901 E. Cary Street
Richmond, VA 23219-4030

J. Derrick Teague
204 N. Robinson, Suite 1000
Oklahoma City, OK 73102

Michael T. Terwilliger
Hinshaw & Culbertson
222 Indianapolis Blvd., Suite 202
Schererville, IN 46375

Mark S. Thomas
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619-9764

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street, Suite 2400
Charlotte, NC 28202-4021

R. Bart Totten
Adler, Pollack & Sheehan
2300 Financial Plaza
Providence, RI 02903

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Allen D. Vaughan
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, IL 60607-5308

Craig R. Waksler
Taylor, Duane, Barton & Gilman
10 Dorrance Street, Suite 700
Providence, RI 02903

James L. Ware
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Centre
909 Fanin
Houston, TX 77010-1003

Charles J. Watts
Smith, Shew, Scrivner, Corbin & Watts
6520 North Western Avenue, Ste. 300
Oklahoma City, OK 73116

James R. Webb
McAfee & Taft
211 North Robinson Avenue
Two Leadership Square, 10th Floor
Oklahoma City, OK 73102-7101

Joe D. Wells
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018-8008

Kenneth L. Weltz
Lathrop & Gage
10851 Mastin Blvd.
Bldg. 82, Suite 1000
Overland Park, KS 66210-2007

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Paul A. Weykamp
110 St. Paul Street, Suite 300
Baltimore, MD 21202

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

Forrest R. Wilkes
Forman, Perry, Watkins, Krutz & Tardy
1515 Poydras St., Suite 1420
New Orleans, LA 70112

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes &
Davis, P.A.
P.O. Box 7376
Ashville, NC 28802

Douglas P. Wilson
Wilson Law Offices
200 Firstar Bank Building
6405 North Cosby Avenue
Kansas City, MO 64151

Lee Ruffin Wilson
Bowers Orr, LLP
P.O. Box 25389
Columbia, SC 29224

Andrew R. Wolf
Bruce P Clark And Associates
419 Ridge Road
Munster, IN 46321-1581

John R. Woodard, III
Feldman, Franden, Woodard, Farris
& Boudreaux
525 South Main
1000 Park Centre
Tulsa, OK 74103-4514

John R. Woodward
Woodward, Shaw & Howell
4849 Greenville Avenue, Suite 1177
Dallas, TX 75206

22

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FILED

03 MAY -8 PH 3: 31

. . . . COURT
. . . . . OF FLORIDA
TAMPA, FLORIDA

HARVEY JANDREAU,

        Plaintiff(s),

v.

                         CASE NO: 8:03-CV-435-T-27TBM

AC DELCO; et al.,

        Defendant(s).

_____/

## ORDER

    **THIS CAUSE** is before the Court, *sua sponte*. Upon consideration, the Court finds that this matter is subject to a conditional transfer order filed by the Judicial Panel on Multidistrict Litigation. Accordingly, it is **ORDERED AND ADJUDGED** that this action is stayed pending transfer to the Multidistrict Litigation Panel. The Clerk is directed to administratively close this case pending transfer to the Multidistrict Litigation Panel. The parties shall notify this Court of the status of this case in the event that the case has not been transferred within 60 days of the date of the entry of this order.

    **DONE AND ORDERED** in chambers this ___8ᵗʰ___ day of May, 2003.

                                 **JAMES D. WHITTEMORE**
                                 **United States District Judge**

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk



DEFENDANT'S
EXHIBIT

L9

F I L E   C O P Y

Date Printed: 05/09/2003


Notice sent to:

    ____   Jack W. Merritt, Esq.
           Jack W. Merritt, P.A.
           Snyder Law Bldg.
           355 W. Venice Ave.
           Venice, FL  34285

    ____   Warren R. Ross, Esq.
           Wotitzky, Wotitzky, Ross, Goldman, Sturges & Tuttle, P.A.
           223 Taylor St.
           Punta Gorda, FL  33950

    ____   Chris Nick Kolos, Esq.
           Holland & Knight, LLP
           200 S. Orange Ave., Suite 2600
           P.O. Box 1526
           Orlando, FL  32802-1526

    ____   Jeffrey M. Bell, Esq.
           Ritter, Chusid, Bivona & Cohen, LLP
           7000 W. Palmetto Park Rd., Suite 305
           Boca Raton, FL  33433

    ____   Douglas B. Melamed, Esq.
           Ritter, Chusid, Bivona & Cohen, LLP
           7000 W. Palmetto Park Rd., Suite 305
           Boca Raton, FL  33433

    ____   Evelyn M. Fletcher, Esq.
           Hawkins & Parnell
           4000 SunTrust Plaza
           303 Peachtree St., NE
           Atlanta, GA  30308

    ____   Larry D. Smith, Esq.
           Cabaniss, Smith, Toole & Wiggins, PL
           Maitland Promenade One
           485 N. Keller Rd., Suite 401
           P.O. Box 945401
           Maitland, FL  32794-5401

    ____   Jason Paul Herman, Esq.
           Cabaniss, Smith, Toole & Wiggins, PL
           Maitland Promenade One
           485 N. Keller Rd., Suite 401
           P.O. Box 945401
           Maitland, FL  32794-5401

    ____   Brian D. Equi, Esq.
           Cabaniss, Smith, Toole & Wiggins, PL
           Maitland Promenade One
           485 N. Keller Rd., Suite 401
           P.O. Box 945401

Maitland, J. 32794-5401



M. Stephen Smith III, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Suite 3000
80 S.W. 8th St.
Miami, FL  33130-3047

Ian Illych Martinez, Esq.
Rumberger, Kirk & Caldwell, P.A.
Brickell Bayview Centre, Suite 3000
80 S.W. 8th St.
Miami, FL  33130-3047

Rodd Russell Buell, Esq.
Law Office of Rodd R. Buell, P.A.
11883 Maidstone Dr.
Wellington, FL  33414-7008

Donna L. Harvey, Esq.
Law Office of Donna Lynn Harvey
2031 S. Pine St., Suite 2
Englewood, FL  34224-5301

Robert A. Hannah, Esq.
Hannah, Estes & Ingram, P.A.
37 N. Orange Ave., Suite 300
P.O. Box 4974
Orlando, FL  32802-4974

J. Richard Moore Jr., Esq.
Rahaim, Watson, Dearing, Berry
& Moore, P.A.
3127 Atlantic Blvd.
Jacksonville, FL  32207

Mark C. Greene, Esq.
Fowler White Boggs Banker, P.A.
501 E. Kennedy Blvd.
P.O. Box 1438
Tampa, FL  33601-1438

Harold E. Morlan II, Esq.
Akerman, Senterfitt & Eidson, P.A.
255 S. Orange Ave.
P.O. Box 231
Orlando, FL  32802-0231

Virginia Easley Johnson, Esq.
Johnson, Tomlin & Johnson
4770 Biscayne Blvd., #1030
Miami, FL  33137-3258

Susan J. Cole, Esq.
Bice Cole
2801 Ponce De Leon Blvd., Suite 550
Coral Gables, FL  33134-6920

Kathleen M. LaBarge, Esq.
Bice Cole

2801 Pon.  De Leon Blvd., Suite 550
Coral Gable  FL  33134-6920



## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

HARVEY JANDREAU,

      Plaintiff(s),

vs.

                                  Case No. 8:03-CV-435-T-27TBM

AC DELCO, et al.,

      Defendant(s).

_____/

### ORDER ON DEFENDANT GENERAL MOTORS CORPORATION'S MOTION TO STRIKE PLAINTIFF'S MOTION TO REMAND AND MOTION TO TOLL THE TIME TO RESPOND TO THE THIRD AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is Defendant General Motors Corporation's Motion to Strike

Plaintiff's Motion to Remand and Motion To Toll the Time to Respond to the Third Amended

Complaint Due to Plaintiff's Violation of the Stay Order (Dkt. 53) and Plaintiff's Motion to Remand

(Dkt. 5). Upon consideration, it is

      **ORDERED AND ADJUDGED** that Defendant General Motors Corporation's Motion to

Strike Plaintiff's Motion to Remand (Dkt. 53) is **DENIED** as the Court is obligated to confirm that

jurisdiction exists. See Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir.1985) ("A

federal court not only has the power but also the obligation at any time to inquire into jurisdiction

whenever the possibility that jurisdiction does not exist arises.").[1]  Defendant General Motors

Corporation's Motion To Toll the Time to Respond to the Third Amended Complaint (Dkt. 53) is

---

   [1]  Additionally, although this action has been stayed pending transfer to the Multidistrict
Litigation Panel, MDL proceedings do not limit the pretrial jurisdiction of this Court. See MDL Rule
1.5.



DEFENDANT'S
EXHIBIT

54

**GRANTED**.   The deadline for Defendant General Motors Corporation's response to the Third Amended Complaint is tolled until the Court reaches a disposition concerning Plaintiff's Motion to Remand.

      **IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall respond to the Plaintiff's Motion to Remand (Dkt. 51) within ten (10) days of the date of this Order.  In its response, Defendant shall address whether the non-diverse defendant has been fraudulently joined to defeat jurisdiction, see Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997), and whether the amendment of a non-diverse party divests the Court of jurisdiction, see IMFC Professional Servs. of Florida v. Latin American Home Health, 676 F.2d 152, 157 (5th Cir. 1982).

      **DONE AND ORDERED** in chambers this ___9th___ day of June, 2003.

 

                                _____

                          **JAMES D. WHITTEMORE**
                          **United States District Judge**

Copies to:
Counsel of Record