**MDL 875**

JUL - 1 2003

FILED
CLERK'S OFFICE

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

2003 AP 25 PM 4: 29

U.S. CLERK'S

BY:_____

|  |  |
|---|---|
| CHESTER BAILEY, JIMMY BLACK, OSCAR L. BELL, LEWIS CAIN, BRADFORD GORDON, LANETTE SHARP HAWKINS for the Estate of Billy Joe Hawkins, JOE LEWIS DOTSON, LOLIE JEAN SMALL for the Estate of L.J. Small, Sr., JAMES R. ROGERS, HOWARD R. PORTWOOD, GARY DON McGEE, MARY JANET TAYLOR SHARP for the Estate of James Madison Taylor, ALFRED C. GRIFFIN, PRINCE STIDOM, CARDELL DANIELS, JOHNNY GEE, DOROTHY CRAVEN, EDDIE LONGCARE, MARY ANN RAY for the Estate of Hugh Lee Ray, | |

Plaintiffs,

-vs-

THE MEAD CORPORATION and THE QUIGLEY COMPANY, INC.,

Defendants.

MDL- **875**

RECOMMENDED ACTION

*Vacate C ro-226-oreaction*

Approved/Date

~~**Case No. A-03-CA-182-SS**~~

2003 JUN 30 P 1:45

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

RECEIVED CLERK'S OFFICE

## ORDER

BE IT REMEMBERED on the 17th day of April 2003 the Court called for hearing the above-styled cause, and specifically Plaintiffs' Emergency Motion to Remand and for Attorneys' Fees [#5] and Defendant Mead Corporation's Motion to Stay Ruling on Plaintiffs' Remand Motion and Request for Leave to Conduct Limited Jurisdictional Discovery [#7]. Having considered the motions, responses [#14, #16], arguments of counsel at the hearing, post-hearing submissions [#21], relevant case law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

This is an asbestos personal injury lawsuit in which nineteen plaintiffs originally filed suit on December 27, 2001 in cause number GN1-04234 in the 98th Judicial District Court of Travis

IMAGED JUL 1 '03  23    OFFICIAL FILE COPY

PLEADING NO. 3925

Case MDL No. 875  Document 3925  Filed 07/01/03  Page 2 of 9

County, Texas against fourteen different defendants. *See* Mot. to Remand Ex. 1 ("Orig. Pct.") at

1. The original petition alleged all plaintiffs are Texas citizens and at least one of the fourteen

defendants is a Texas corporation. *See* Orig Pet. ¶¶ 1-2. On May 23, 2002, the plaintiffs filed their

second amended petition, in which they named additional defendants including the Mead

Corporation ("Mead"). *See* Notice of Removal at Ex. A, 2ⁿᵈ Am. Pet., ("2ⁿᵈ Am. Pet.") at 1. Mead

was served on June 3, 2002. *See* Notice of Removal at 2. The plaintiffs then filed a third amended

petition on September 4, 2002 and a fourth on January 27, 2003. *See* Notice of Removal at Ex. A,

3ʳᵈ Am. Pet. ("3ʳᵈ Am. Pet.") at 1 and 4ᵗʰ Am. Pet. ("4ᵗʰ Am. Pet.") at 1. Pursuant to 28 U.S.C. §

1446, the Defendants removed the case to this Court in the above-styled cause and action on March

26, 2003. *See* Notice of Removal at 1. Although eighteen defendants in addition to Mead are named

in the fourth amended state court petition, only Quigley Company, Inc. ("Quigley") joined in the

removal. *See* Quigley's Joinder in Removal; 4ᵗʰ Am. Pet. at ¶¶ 6-25. Mead's basis for removal is

diversity jurisdiction, on the theory that the plaintiffs have settled with all of the defendants except

Mead itself and Quigley, both of which are citizens of states other than Texas. *See* Notice of

Removal ¶ 7. The plaintiffs filed an emergency motion to remand because this case is set for trial

in state court in June.

## Analysis

The plaintiffs contend this case should be remanded for any one of the following independent

reasons: (1) Mead's removal is untimely because it is outside the one-year time limit for removal

based on diversity; (2) Mead has not alleged complete diversity because fails to allege the diversity

of all active defendants; and (3) Mead has obtained the consent to removal from only one of the

remaining active defendants, Quigley. On the other hand, Mead contends its removal is timely

because it filed its notice of removal on March 25, 2003, within 30 days of when it discovered in a

telephone conversation with the defendants that it and Quigley were the only remaining defendants in the action. First, Mead claims complete diversity exists because the plaintiffs have "effectively dismissed" the non-diverse defendants. Mead also argues the one-year removal deadline should run, not from the date the plaintiffs filed their original petition in state court, but from the state they filed the amended petition naming Mead (May 23, 2002) because the claims against Mead are substantially different than the claims against the other defendants. Finally, Mead asks the Court to grant an equitable exception to this one-year deadline because the plaintiffs never served the two non-diverse defendants.

**A.   Complete Diversity**

The removing defendant, Mead, bears the burden of establishing the Court has jurisdiction over this dispute – on other words, that complete diversity exists. *Martineau v. Arco Chemical Co.*, 203 F.3d 904, 910 (5th Cir. 2000). The plaintiffs argue because Mead has only alleged its own and Quigley's citizenship, it has not satisfied its burden of demonstrating complete diversity. The fourth amended state court petition, the live pleading that the time of removal on March 26, 2003, named seventeen defendants in addition to Mead and Quigley. *See* 4th Am. Pet. at 2-4. Mead contends the citizenship of these other defendants should be ignored because they had all been effectively eliminated from the lawsuit as of March 26, 2003.

According to the Fifth Circuit, "'a case may be removed based on any voluntary act of the plaintiff that effectively eliminates the non-diverse plaintiff from the case.'" *Martineau*, 203 F.3d at 911 (quoting *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 692 (5th Cir. 1995). In *Martineau*, the Fifth Circuit held that when the plaintiff voluntarily enters binding and enforceable settlement agreements with the non-diverse defendants in the lawsuit, those defendants have been effectively eliminated from the lawsuit and the remaining diverse defendants can remove. *Id.* at 910-

-3-

12. Under Texas law, settlement agreements are enforceable only if they are in writing, signed, and filed as part of the record. *Id.* at 910 (citing TEX. R. CIV. P. 11). Additionally, they must evidence the parties intent to enter a binding agreement and include all material terms. *Id.* (citing *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995) and *Premier Oil Refinng Co. v. Bates*, 367 S.W.2d 904, 907 (Tex. App. 1963)). Although Mead argues the plaintiffs have settled with all of the defendants except Quigley and Mead itself, it does not claim the Rule 11 agreements have been filed with the state court. Accordingly, they are not enforceable under Texas law and therefore under *Martineau*, Mead has not even alleged complete diversity.

Mead contends *Martineau* does not require that the settlement agreements be filed with the court. However, the explicit language of Martineau indicates otherwise. *Martineau*, 203 F.3d at 910 (". . . a settlement agreement will be enforceable only if it is . . . filed as part of the record."). Moreover, in order for a trial court to comply with *Martineau*, it must examine the settlement agreements to ascertain whether they manifest the parties' intent to bind themselves and include all material terms, which is a daunting task if the settlement agreements are not part of the record. Regardless, even if Mead had demonstrated complete diversity existed at the time of removal, this case is not properly before the Court because, as the next section of the order addresses, the time for removal has expired. Therefore, any jurisdictional discovery would be futile and the Court sees no need to grant Mead's request to conduct it.

**B.     One-Year Removal Deadline**

In 1988, Congress amended the removal statute and added a one-year deadline for removal of diversity actions, like this one,[1] that were not initially removable. *New York Life Insurance Comp.*

---

[1] Mead concedes that non-diverse defendants, Triplex, Inc. and Mid-Western Foundry Company, Inc., were included in the original petition, and consequently concedes the case was not

*v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (clarifying that this one-year time limit applies only

to diversity cases that are not initially removable). The relevant portion of the statute provides:

> If the case stated by the initial pleadings is not removable, a notice of removal may be
> filed within thirty days after receipt by the defendant, through service or otherwise, of
> a copy of an amended pleading, motion, order, or other paper from which it may first
> be ascertained that the case is one which is or has become removable, except that a
> case may not be removed on the basis of [diversity jurisdiction] more than one year
> after commencement of the *action*.

28 U.S.C. § 1446(b) (emphasis added). According to the Supreme Court, diverse defendants cannot

remove even if the non-diverse defendants were not dismissed until after the one-year deadline.

*Caterpillar v. Lewis*, 519 U.S. 61, 68-69 (1996).

Under Texas law, an action commences when the petition is filed in state court. TEX. R. CIV.

P. 22; *see also Dow Chemical Company v. Bromine Compounds*, 231 F.3d 165, 177 (5th Cir. 2000).

District courts in this circuit have repeatedly indicated that "'the commencement of the action' refers

to when the case is originally filed in state court." *Service Asset Mgmt. Co. v. Hibernia Corp.*, 80 F.

Supp. 2d 626, 629 (E.D. Tex. 2000) (citations omitted); *see also Howell v. St. Paul Fire and Marine

Ins. Co.*, 955 F.Supp. 660, 663 (M.D. La.1997) ("In cases not initially removable, the one year

limitation applies even if new defendants are added or new claims are asserted."). Accordingly, this

Court holds this action commenced, and thus the one-year statute of limitations began to run on

December 27, 2001 and Mead's removal in March of 2003 was therefore untimely.

### 1.    Substantial Repleading Exception

Mead contends the action "commenced" with regard to Mead when the plaintiffs filed their

second amended petition naming Mead for the first time on May 23, 2002 because the claims

asserted against Mead in that petition are separate and distinct and arise from a different set of facts

---

removable when plaintiffs filed it in December of 2001. *See* Resp. to Mot. to Remand at 6-7.

than do the claims asserted against the other defendants. Specifically, Mead argues only one of the nineteen plaintiffs, Mary Ann Ray, makes any claim against Mead and her claims are on behalf of her deceased husband. Because her husband was a Mead employee, Mead contends Ray's exclusive remedy against it is a claim for exemplary damages due to Mead's intentional acts or gross negligence, whereas the other plaintiffs have asserted product liability claims against the other defendants, which permit compensatory and punitive damages.

In a cases decided before the 1988 amendment to § 1446(b), some federal courts articulated an exception to the rule that a plaintiff must remove a case filed in state court (but removable to federal court) within thirty days of the commencement of the action, embodied in the first paragraph of § 1446(b),[2] which applied "where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'" *Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n*, 668 F.2d 962, 965 (7th Cir. 1982) (quoting *Fletcher v. Hamlet*, 116 U.S. 408, 410,. 679 (1886)). In other words, the *Wilson* exception revives the right of a defendant that waived its right to remove in a case that was initially removable if the plaintiff later substantially repleads his claims. The instant case was not initially removable, and is therefore governed by the second paragraph of § 1446(b), not the first. *Deshotel*, 142 F.3d at 886. Accordingly, there can be no revival of a right to removal that did not exist in the first place. *Service Asset Mgmt.*, 80 F. Supp. 2d at 629; *see also Howell*, 955 F.Supp. at 663 ("In cases not initially

---

[2]The first paragraph § 1446(b) states:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

removable, the one year limitation applies even if new defendants are added or new claims are asserted."). And in this case, Mead was not a part of the suit at its onset and therefore would not have been in a position to waive the right to remove if the case had been removable.

### 2.    Equitable Exception

Mead argues the Court should permit an equitable exception to the one-year removal deadline because the claims asserted against it by Ray are different in nature from the claims asserted by the other plaintiffs against the other defendants. The Fifth Circuit recently held the one-year limit in § 1446(b) is subject to equitable exception in situations where the plaintiff engages in unfair manipulation of the statutory removal rules. *Tedford v. Warner-Lambert Co.*, No. 02-10582, — F.3d —, 2003 WL 1798512, *3-4 (5th Cir. Apr 07, 2003). In *Tedford*, the plaintiff signed a notice of nonsuit of the non-diverse defendant before the one-year time limit expired, but post-dated it in an attempt to thwart the diverse defendant's ability to remove. *Id.* The *Tedford* plaintiff's egregious behavior led the Fifth Circuit to allow for an equitable exception to the one-year rule for the first time. *Id.* at *2 ("[The Fifth Circuit has] not previously addressed whether the one-year limit of § 1446(b) is absolute or subject to equitable exception."). The appellate court decided an exception in cases of such obvious forum manipulation is warranted and does not run afoul of Congress's stated purpose in enacting the one-year time limit to "reduce the opportunity for removal after substantial progress had been made in state court.'" *Id.* (quoting H. R. Rep. No, 889, at 72 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6032). Reasoned the court, "Congress may have intended to limit diversity jurisdiction, but it did not intend to allow plaintiffs to circumvent it altogether." *Id.*

Mead argues the plaintiffs in this case should be estopped from relying on the one-year time limit because they never served the two non-diverse Defendants named in the original and amended petitions, Triplex, Inc. ("Triplex") and Mid-Western Foundry Company, Inc ("Mid-Western") and

because they never intended to pursue their claims against them. However, the hearing revealed that plaintiffs did indeed serve Triplex according to the procedures in place in Travis County for asbestos litigation, and Triplex answered. *See also* Pl.'s Resp. Ex. 2. Further, plaintiffs' counsel represented to the Court that they attempted to serve Mid-Western but the Secretary of State indicates the company is defunct. *See also* Pl.'s Resp. Ex. 4. Nothing the plaintiffs rise to the level of the intentional deception exercised by the plaintiffs in *Tedford*.

In its Motion to Stay, Mead also suggests in a footnote that the fact that Ray's claims against Mead are distinct provides a basis for an equitable exception, and Mead should be given its own one-year deadline. *See* Mot. to Stay at 4 n.2. In enacting the one-year deadline, Congress recognized that the one-year limit would result in a "modest curtailment in access to diversity jurisdiction," but balanced non-diverse defendants' interest in diversity jurisdiction against a competing interest, judicial economy. *Tedford*, 2003 WL 1798512 at *2. Congress could have carved out an exception to § 1446(b) and declared that the one-year time limit would start to run when a new defendant or new claims are added to the action but it did not. *See Howell*, 955 F. Supp. at 662-63. Rather, Congress focused on the fact that after a year, substantial progress is often made in state court. *Tedford*, 2003 WL 1798512 at *2. The parties in this case are set for trial in state court in June, less than six weeks from now. In actuality, equity favors the plaintiffs, if anyone, since their day in court will be delayed if this case is not remanded. *See Service Asset Mgmt.*, 80 F. Supp. at 629 (noting substantial progress had been made where the case was removed very close to trial and § 1446(b) and the Congressional purpose behind it supported enforcing the one year limitation). Neither Congress nor the Fifth Circuit has established the exception to the one-year deadline Mead proposes, and this Court refuses to carve out a new exception without indication from a higher authority that it should do so.

-8-

## C.    Attorneys Fees

The plaintiffs also requests attorney's fees and costs for improper removal. A court may, in its discretion, award to the nonremoving party costs and expenses, including attorney's fees, for improper removal. 28 U.S.C. § 1447(c). The Court considers whether the removing party had an objectively reasonable basis to believe removal was legally proper. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). For the reasons discussed above, the Court finds Mead did not have an objectively reasonable basis for believing removal was proper, particularly at such a close proximity to the state court trial date. Accordingly, the Court orders Mead to pay the plaintiffs $1,000 in attorney's fees and costs.

In accordance with the foregoing:

IT IS ORDERED that Plaintiffs' Emergency Motion to Remand [#5-1] is GRANTED, and the above-styled cause is REMANDED to the 98th Judicial District Court of Travis County, Texas;

IT IS FURTHER ORDERED that Plaintiff's Motion for Attorneys' Fees [#5-2] is GRANTED and Defendant Mead Corporation SHALL PAY the Plaintiff $1,000 in attorney's fees and costs for its improper removal;

IT IS FINALLY ORDERED that Defendant Mead Corporation's Supplemental Motion to Stay Ruling on Plaintiffs' Remand Motion and Request for Leave to Conduct Limited Jurisdictional Recovery [#7] are DENIED.

SIGNED this the 25th day of April 2003.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE