**MDL 875**



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS § | | |
| LIABILITY LITIGATION (No. VI) § | MDL DOCKET NO. 875 | |
| § | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| DERONDA GREER, et al. § | | PLAINTIFFS |
| § | | |
| § | | |
| § | | |
| § | | 3:02CV00194 |
| vs. § | | |
| § | | |
| BAIRD AND COMPANY, et al. § | | DEFENDANTS |
| § | | |

PLEADING NO. 3927

## MOTION TO VACATE THE
## CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, move the Panel to vacate its order conditionally transferring the above-captioned cases to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 12(c), movants request the Clerk to set this motion for hearing at the next session of the Panel.

_____
Date

**OFFICIAL FILE COPY**

IMAGED JUL 1 '03

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 JUL -1 A 11: 28

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2003

FILED
CLERK'S OFFICE

Respectfully Submitted,

**WATERS & KRAUS, LLP**

_CSiegel_
Charles S. Siegel
Attorney In Charge
State Bar No. 18341875
Federal Bar No. 15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 facsmile

### CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2003, a true and correct copy of the foregoing Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multidistrict Litigation.

_CSiegel_
Charles S. Siegel

**PANEL SERVICE LIST (Excerpted from CTO-225)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Deronda Greer, et al. v. Baird & Co., et al.*, N.D. Mississippi, C.A. No. 4:03-116

Scott W. Bates
Baker, Donelson, Bearman &
Caldwell
P. O. Box 14167
Jackson, MS 39236

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Stefan G. Bourn
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Marcy L. Bryan
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Silas W. McCharen
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568-1407

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS § | | |
| LIABILITY LITIGATION (No. VI) § | | MDL DOCKET NO. 875 |
| § | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | | |
|---|---|---|
| DERONDA GREER, et al. | § | PLAINTIFFS |
| | § | |
| | § | |
| | § | |
| | § | 3:02CV00194 |
| vs. | § | |
| | § | |
| BAIRD AND COMPANY, et al. | § | DEFENDANTS |

BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

I.  PRELIMINARY STATEMENT

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order entered by the Judicial Panel on Multidistrict Litigation. The Conditional Transfer Order should be vacated so that the claimant can proceed in the timely resolution of her claims in *state* court.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2003 JUL -1 A 11:28
RECEIVED
CLERK'S OFFICE

II    STATEMENT OF FACTS

Mrs. Greer, a widow, brought claims against various manufacturers and distributors of products and/or machinery that either contained asbestos or required the use of asbestos-containing products for the asbestos related lung cancer that ultimately killed her husband, Donald Greer on June 2, 2000. The Widow filed a wrongful death and survival action in Mississippi on December 13, 2002. Subsequent to the removals, not only have all proceedings been stayed in the state court actions, but the Panel has issued a Conditional Transfer Order, thereby further delaying these plaintiffs' their opportunity—and right—to quickly proceed with the prosecution of their cases and have their day in court.

III.    ARGUMENT

A.    This Panel Should Vacate Its Conditional Transfer Order Because These Cases No More Belong In Federal Court Than They Do At MDL.

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. In essence, every plaintiff is entitled to a speedy and efficient determination of his claim—that is, every plaintiff is entitled to her day in court. However, the transferee court's power does not allow it to actually *try* asbestos cases which have been transferred to MDL but, rather, it merely presides over pretrial matters. Therefore, should these cases be transferred to MDL, the present plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure,

2

their opportunity—and their *right*—to have a timely jury trial. Ultimately, Mrs. Greer will lose her chance to vindicate her deceased husband's rights in a timely fashion.

As this MDL Panel is well aware, 28 U.S.C. §1407(a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. §1407(a). The statute authorizes the transfers of such cases to the Judicial Panel on Multidistrict Litigation upon a determination that transfers would be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." Id. Although the Panel may, sua sponte, consider and order transfer, the absence of any of the elements outlined in §1407 would make the Panel's application of the statute inappropriate.

      B.     Despite the Conditional Transfer Order, The District Court Judge Can Still Remand These Removed Cases To State Court.

The Judicial Panel on Multidistrict Litigation itself has made clear that district courts may rule on motions for remand, and other pretrial motions, any time before a case is formally transferred to an existing MDL proceeding. Panel Rule 1.5 states that "[t]he pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel... does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." Similarly, the Manual for Complex Litigation explicitly provides

3

that "[m]atters such as motions to dismiss or to remand, raising issues unique to the particular case, may be resolved before the panel acts on the motion to transfer." The proper approach is demonstrated by numerous decisions from district courts in the Fifth Circuit including Mississippi courts. In Caldwell v. American Home Prods. Corp., 210 F.Supp.2d 809, 813 (S.D. Miss. 2002), Judge Pickering denied defendants' motion to stay pending MDL transfer in a removed case, and granted plaintiff's motion for remand.

Plaintiff has filed a Motion for Remand in this asbestos case removed by DaimlerChrysler/Ford Motor Company. Despite the fact that the Panel entered its Conditional Transfer Order *before* the district court judge was able to rule on the motion, that judge has not lost jurisdiction over these cases and, therefore, *can* make a determination as to plaintiffs' Motions for Remand. Faulk v. Owens-Corning Fiberglas Corp., et al., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* Bartley v. Borden, Inc. et al., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

In fact, the facts of the Faulk case strongly resemble the case before us now. In that case, the defendants removed two asbestos cases from the 172nd Judicial District for Jefferson County, Texas. Faulk, supra at 656. Plaintiffs filed motions to remand in both cases but, as was the case here, the Panel conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania. Id. at 657. In a footnote, the

4

court cited the Panel Rules in pointing out that, despite the Conditional Transfer Order, the U.S. District judge retained jurisdiction since the order did not become effective until filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. Id. Further, "transmittal of this conditional order to said Clerk shall be stayed fifteen days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen day period, the stay will be continued until further order of this Panel." Id.

In the cases before us now, plaintiffs filed their notices of opposition on May 30, 2003. Therefore, transmittal of this action was stayed and continues to be stayed until further action by this Panel. Since the cases have not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, they are still technically pending in the original district court to which they were removed. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motions for Remand before him, but he may promptly do so and preserve the plaintiff's right to a timely resolution of her claim.

## IV.   CONCLUSION

The Conditional Transfer Order entered by the Judicial Panel should be vacated.

Respectfully Submitted,

**WATERS & KRAUS, LLP**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 1 2003

FILED
CLERK'S OFFICE

*C Siegel*

Charles S. Siegel
Attorney In Charge

State Bar No.  18341875
Federal Bar No.  15736
3219 McKinney Avenue
Suite 3000
Dallas, Texas  75204
(214) 357-6244
(214) 357-7252 facsmile

CERTIFICATE OF SERVICE

I, Charles Siegel, hereby certify that I have this June 30, 2003 day caused to be mailed by United States mail, true and correct copy of Brief to Vacate the Conditional Transfer Order in the above referenced matter:

*C Siegel*

Charles S. Siegel

2003 JUL -1 A 11: 28
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

PANEL SERVICE LIST (Excerpted from CTO-225)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Deronda Greer, et al. v. Baird & Co., et al.*, N.D. Mississippi, C.A. No. 4:03-116

Scott W. Bates
Baker, Donelson, Bearman & Caldwell
P. O. Box 14167
Jackson, MS 39236

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Stefan G. Bourn
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Marcy L. Bryan
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines & Myers
P.O. Box 750
Jackson, MS 39205-0750

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Buckingham, Doolittle & Burroughs
50 South Main Street
P.O. Box 1500
Akron, OH 44309

Daphne M. Lancaster
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Silas W. McCharen
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568-1407

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406