JUL. 15. 2003 3:19PM MARTZELL & BICKFORD NO. 555 P. 4/10
Case MDL No. 875 Document 3932 Filed 07/16/03 Page 1 of 7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

JUL 1 6 2003

FILED
CLERK'S OFFICE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2003 JUL -9 PM 12:34

LORETTA G. WHYTE
CLERK

PLEADING NO. 3932

OFFICIAL FILE COPY

IMAGED JUL 16 '03

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C. ANN JONES & GEORGE A. JONES, REV. | CIVIL ACTION |
| VERSUS | NO. 03-1010 |
| MEYER'S AUTO PARTS, INC., ET AL | SECTION "K" (2) |

Before this Court is a Motion to Remand the above captioned case to Civil District Court for the Parish of Orleans, Rec. Doc. 2, brought by the plaintiffs, C. Ann Jones and George Jones. For the reasons that follow the Court **GRANTS** the Motion.

MDL- 875
RECOMMENDED ACTION

Vacate CTO-225-one action
Approved/Date: mk 7/17

## FACTS AND BACKGROUND

Plaintiffs filed the instant lawsuit in the Civil District Court for the Parish of Orleans on February 28, 2003, alleging damages arising from Reverend Jones's ("Jones") development of malignant mesothelioma, an asbestos related lung cancer. Plaintiffs have alleged in their petition that Jones was exposed to asbestos-containing brake products manufactured, distributed, supplied, and sold by defendants while Jones was working in the capacity of a mechanic at various periods from 1963 until 1983. Due to Jones's terminal condition, plaintiffs have alleged damages including medical expenses, physical and mental pain and suffering, and loss of

1

DATE OF ENTRY
JUL 9 2003

Fee___
Process___
X Dktd___
CtRmDep___
Doc. No.___

income.

Defendants, Honeywell International, Inc., Toyota Motor Sales U.S.A., Inc., Honda North America Inc., Volkswagen of America, Inc. and Daimler Chrysler Corporation removed this action to federal district court on April 9, 2003. The removing defendants based their removal on the ground that diversity jurisdiction existed and that defendants, Meyer's Auto Parts, Inc., David M. Goldberg and Madeline L. Goldberg, d/b/a Meyer's Auto Parts, Inc., were fraudulently joined.

## DISCUSSION

### 1.  Standard for Motion to Remand

The non-movant, carries an extremely heavy burden in establishing fraudulent joinder, and must demonstrate it by clear and convincing evidence. *Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir.1993). " [T]he question is whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved. If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham, is not colorable and is not fraudulent in fact or in law." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). This possibility that state law may impose liability, however, must be reasonable, not merely theoretical. *Travis*, at 648 (5th Cir. 2003); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.* 313 F.3d 305, 312 (5th Cir.2002).

While the Fifth Circuit has warned against "pretrying a case to determine removal jurisdiction," fraudulent joinder claims can be resolved by "piercing the pleadings" and considering summary judgment-type evidence such as affidavits and deposition testimony. *Ford v.Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). In considering the appropriate documentation in

2

addition to the pleadings, district courts should resolve all disputed questions of fact and substantive law in favor of the plaintiff. *Jackson v. Pneumatic Prod. Corp.*, No. 00-3615, 2001 WL 238214, *1 (E.D. La. 3/6/01). Finally, "[i]f the right to remove is doubtful, the case should be remanded." *Sullivan v. Gen-Corp, Inc.*, 1995 WL 321743, *2 (E.D. La. May 24, 1995) (Duval, J.)(quoting *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 939 (E.D.N.Y. 1992)).

The issue in this case is whether Jones was employed by Meyer's Auto Parts. Because Louisiana law prior to 1975 permitted an employee to maintain a direct cause of action in tort against his employer for the contraction of an asbestos related injury, if there is a reasonable possibility that Meyer's Auto Parts employed Jones at anytime between 1963 and 1975, then this defendant was not fraudulently joined and the Motion to Remand should be granted. *See Austin v. Abney Mills, Inc.*, 824 So. 2d 1137 (La. 9/4/02). Prior to the 1975 amendments to La. Rev. Stat. 23:1031.1(A), mesothelioma was not listed as an occupational disease covered by Louisiana Worker's Compensation Law. *Id.* at 1140. After the 1975 amendments, the exclusive listing was eliminated and replaced with more general language covering mesothelioma. *Id.*

1. **Employee Status**

In determining whether a relationship is one of employer/employee . . . a variety of factors must be considered. Each case must be decided according to its facts. *Smith v. Hughes Wood Products, Inc.*, 544 So. 2d 687 (La. App. 1989) (citing *Amyx v. Henry & Hall*, 79 So. 2d 483 (La. 1955)). The single most important factor in determining whether an employer-employee relationship exists is the right of the employer to control the work of the employee. *Id.* In applying this test, the Court should weigh the alleged employer's right to exercise supervision

and control rather than the amount of supervision and control exercised by the employer. *Id.* Additionally, the right to terminate the relationship without cause, where no term of employment is prescribed, is characteristic of the employer-employee relationship. *See Roberts v. State*, 404 So. 2d 1221 (La. 1981); *Hickman v. Southern Pacific Transport Co.*, 262 So. 2d 385 (La. 1972); *Smith v. Zellerbach*, 486 So. 2d 798 (La. App. 1 Cir. 1986); *Poyner v. Cure*, 443 So. 2d 1151 (La. App. 5 Cir. 1983).

The principal elements to be considered in determining whether any employer-employee relationship exists are: (1) selection and engagement; (2) payment of wages; (3) power of dismissal, and (4) power of control. *Franklin v. Haughton Timber Co.*, 377 So. 2d 400 (La. App. 2 Cir. 1979), writs denied, 380 So. 2d 624 (La. 1980); *Savoie v. Fireman's Fund Ins. Co.*, 347 So. 2d 188 (La 1977); *Gaspard v. Travelers Ins. Co.*, 284 So. 2d 104 (La. App. 3 Cir. 1973). The right of the employer to control the employee in his performance of assigned tasks evidences a master-servant relationship; the more extensive this control, the more likely it is such a relationship will be held to exist. *Newcomb v. North East Ins. Co.*, 721 F.2d 1016 (5th Cir. 1983).

In *Hughes* the court held that a defendant, Richmond, who was free to work as he wished, was still an employee of another defendant because in "economic reality" he was subject to the control and direction of Hughes. *Smith v. Hughes Wood Products, Inc.*, 544 So. 2d at 689. The Court found that the Richmond was an employee even though the he furnished his own truck and equipment. Because Hughes financed some of Richmond's equipment for him, furnished insurance coverage, and paid the Richmond for each job he performed, the court found that the requisite degree of control existed to establish an employer-employee relationship.

The *Hughes* case is similar to the way Jones characterizes his relationship with Meyer's Auto Parts in his affidavit. In the affidavit Jones states that he and his father leased space from Meyer's Auto Parts; however Meyer's Auto Parts supplied the brake linings they installed. Meyer's paid Jones and his father for each brake job they performed. Then, Jones's would install the brakes shoes and return all the old shoes to Meyer's. The customers **paid Meyer's directly** (not Jones) for the work and for the parts installed and then Meyer's paid Jones. If Jones had not been an employee of Meyer's then one of two things, or both would have happened: (1) he would have gotten paid on the spot for his work by customers, and (2) he would have had no reason to return the used brake shoes back to Meyer's—he could have recycled them himself and made money on his own account. However, his employer, Meyer's wanted the old shoes back because they were then able to give the customer a credit (a discount) for buying new shoes. See Memorandum in Support of Remand, Exhibit "C" p. 2 ¶ 7-8. It appears from Jones' characterization of the relationship between Meyer's and Jones, that there is a possibility that Jones was employed by Meyer's.

The Meyer's-Jones relationship appears to satisfy at least the four elements of the employer-employee relationship test. Jones testified that before he could be hired to work in the garage, his father had to check with Mr. Meyer and get Mr. Meyer's approval. This fact indicates that Meyer's selected and engaged Jones (prong 1). As mentioned previously, Jones testified that Meyer's paid him for the brake jobs he performed, which suggests that Meyer's paid Jones's wages (prong 2). Evidence that further supports the second prong is Jones's social security benefit records indicating that Meyer's considered Jones an employee in 1963. Regarding Meyer's power to dismiss, presumably since Meyer's could hire Jones, he could also

fire him, and hence the third prong has been satisfied. Finally, as to Meyer's control over Jones's employment activities, the Court finds that Meyer's probably had a great deal of control over Jones's activities since it paid Jones's wages, hired him, and was able to fire him.

In evaluating fraudulent joinder claims, the court must initially resolve all disputed questions of fact and all ambiguities in favor of the non-moving party, and then determine whether there is any possibility of recovery against the party whose joinder is questioned. *Ford v. Elsbury*, 32 F.3d 931, 935 (5th Cir. 1994). Since the Court must resolve all issues of fact in favor of the non-moving party, and because there exists a factual dispute over Jones employment status, the Court construes the facts in the light most favorable to Jones and finds that for purpose of the fraudulent joinder analysis, Jones was an employee of Meyer's Auto Parts.

Further, there can be no fraudulent joinder unless it is clear that there is arguably no reasonable basis for predicting that the state law might impose liability on the facts involved. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Louisiana law instructs that a non-manufacturer seller (such as Meyer's Auto Parts) of a defective product may also be responsible for damages, if it knew or should have known that the product is defective. *See* La. C.C. 2545; *Jackson v. Pneumatic Production Corp. and AWC, Inc.*, 2001 WL 238214, *2 (E.D. La. Mar. 6, 2001). Because the Court finds Jones to have been an employee of Meyer's Auto Parts (at least in some capacity, as evidenced by his Social Security Records) prior to 1976, and because under Louisiana law an employee diagnosed with mesothelioma may sue his employer directly[1] if he

---

[1] Prior to 1976, an "occupational disease" such as mesothelioma contracted through asbestos exposure during the course of employment was not covered under the Louisiana Worker's Compensation scheme. Thus, Jones may be entitled to recover directly from his employer under pre-1976 law, the law which was in effect when plaintiff encountered substantial exposures to asbestos. *Austin v. Abney Mills, Inc.*, 824 So. 2d 1137 (La. 9/4/02).

was exposed to asbestos prior to 1975, there exists a reasonable possibility that Jones can recover under state law against Meyer's Auto Parts. Consequently, under the standards set forth above, there has been no fraudulent joinder of Meyer's Auto Parts.

Accordingly, because Meyer's Auto Parts and David Goldberg are Louisiana residents, complete diversity does not exist in this case.

**IT IS ORDERED** that plaintiff's Motion to Remand, Rec. Doc. 2, is **GRANTED**, and this case is hereby **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.