JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



DOCKET NO. 875

JUL 1 6 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

    Plaintiff

vs.                                              Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

    Defendants

_____/

## SUPPLEMENT TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiff would supplement his Memorandum in Support of his Motion to Vacation the Conditional Transfer Order by filing with the Court the following pleadings that have been filed with the United States District Court for the Middle District of Florida:

Tab 1 -  Order on General Motors' Corporation's Motion to Strike Plaintiff's Motion to Remand and Motion to Toll the Time to Respond to the Third Amended Complaint and Plaintiff's Motion to Remand dated June 9, 2003.

Tab 2 -  Defendant General Motor's Corporation's Memorandum of Law in Opposition to Plaintiff's Motion to Remand.   (without attachments)

-1-

OFFICIAL FILE COPY

IMAGED JUL 1 8 '03

Tab 3 - Plaintiff's Memorandum of Law in Response to Defendant General

Motor's Corporation's Memorandum of Law in Opposition to Plaintiff's Motion to

Remand.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 6 2003

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that a copy of this pleading has been furnished to the persons

listed on the attached Service List via US Mail on the 15th day of July, 2003.

Warren R. Ross
Wotitzky, Wotitzky, Ross, Goldman,
        Sturges & Tuttle, P.A.
223 Taylor Street
Punta Gorda, FL 33950
Florida Bar No. 382086
Tele: (941) 639-2171 - Fax: (941) 639-8617
e-mail: wross@wotitzkylaw.com
Attorneys for Plaintiff

and

Jack W. Merritt
Merritt and Merritt
Attorneys at Law
1800 Second Street
Suite 852
Sarasota, FL 34237
Attorneys for Plaintiff

Attachments

-2-

18243.3

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 JUL 16  A 10: 37

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 6 2003

FILED
CLERK'S OFFICE

1

20

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION



HARVEY JANDREAU,

          **Plaintiff(s),**

**vs.**                                      **Case No. 8:03-CV-435-T-27TBM**

AC DELCO, *et al.,*

          **Defendant(s).**
_____/

## ORDER ON DEFENDANT GENERAL MOTORS CORPORATION'S MOTION TO STRIKE PLAINTIFF'S MOTION TO REMAND AND MOTION TO TOLL THE TIME TO RESPOND TO THE THIRD AMENDED COMPLAINT AND PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is Defendant General Motors Corporation's Motion to Strike Plaintiff's Motion to Remand and Motion To Toll the Time to Respond to the Third Amended Complaint Due to Plaintiff's Violation of the Stay Order (Dkt. 53) and Plaintiff's Motion to Remand (Dkt. 5). Upon consideration, it is

**ORDERED AND ADJUDGED** that Defendant General Motors Corporation's Motion to Strike Plaintiff's Motion to Remand (Dkt. 53) is **DENIED** as the Court is obligated to confirm that jurisdiction exists. See Fitzgerald v. Seaboard Sys. R.R., 760 F.2d 1249, 1251 (11th Cir.1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises.").[1] Defendant General Motors Corporation's Motion To Toll the Time to Respond to the Third Amended Complaint (Dkt. 53) is

---

    [1] Additionally, although this action has been stayed pending transfer to the Multidistrict Litigation Panel, MDL proceedings do not limit the pretrial jurisdiction of this Court. See MDL Rule 1.5.



**GRANTED**.   The deadline for Defendant General Motors Corporation's response to the Third Amended Complaint is tolled until the Court reaches a disposition concerning Plaintiff's Motion to Remand.

      **IT IS FURTHER ORDERED AND ADJUDGED** that Defendant shall respond to the Plaintiff's Motion to Remand (Dkt. 51) within ten (10) days of the date of this Order.  In its response, Defendant shall address whether the non-diverse defendant has been fraudulently joined to defeat jurisdiction, <u>see</u> <u>Crowe v. Coleman</u>, 113 F.3d 1536, 1538 (11th Cir. 1997), and whether the amendment of a non-diverse party divests the Court of jurisdiction, <u>see</u> <u>IMFC Professional Servs. of Florida v. Latin American Home Health</u>, 676 F.2d 152, 157 (5th Cir. 1982).

      **DONE AND ORDERED** in chambers this 9th day of June, 2003.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record

2

2

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**HARVEY JANDREAU,**

        **Plaintiff,**

                                 **Case No. 8:03-cv-435-T-27TBM**

**vs.**

**AC DELCO, et al.,**

        **Defendants.**

_____/

**DEFENDANT GENERAL MOTORS CORPORATION'S MEMORANDUM**
**OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant GENERAL MOTORS CORPORATION ("GM"), pursuant to Local Rule 3.01(b) and the Court's June 9, 2003 Order, submits the following Memorandum of Law in opposition to Plaintiff's Motion to Remand.

**I.     INTRODUCTION**

On August 5, 2002, Plaintiff filed a Complaint in the Circuit Court of the Twelfth Judicial Circuit, in and for Hillsborough County, Florida, Case No. 2002 CA 011139 NC ("Original Complaint").   Thereafter, the Plaintiff filed an Amended Complaint against the same Defendants named in the Original Complaint.   Later, on October 18, 2002, Plaintiff filed a Second Amended Complaint.

The action was removed to this Court after Celotex Corporation, the only non-diverse Defendant, was dismissed.   On April 16, 2003, upon Motion for

Leave by Plaintiff (Exhibit A), an Order was entered granting Plaintiff until April 25, 2003 to file a Third Amended Complaint. *See* Exhibit B. Plaintiff filed his Third Amended Complaint on April 25, 2003, but in violation of F.R.C.P. 5, failed to serve the Third Amended Complaint until May 17, 2003. *See* Exhibit C.

On May 8, 2003, this Court entered an Order finding that this matter was subject to a Conditional Transfer Order filed by the Judicial Panel on Multidistrict Litigation. Accordingly, this action was stayed pending transfer to the Multidistrict Litigation Panel, and the Clerk was directed to administratively close the case pending the transfer. *See* Exhibit D.  On May 17, 2003, despite the entry of the Court's Order staying the proceedings and administratively closing the case, Plaintiff served Defendants with a Motion to Remand with the Third Amended Complaint attached as an exhibit. Plaintiff's Third Amended Complaint joined Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc. (collectively "the Non-Diverse Defendants") as Defendants.[1] Plaintiff's actions in joining the Non-Diverse Defendants make it clear that Plaintiff's only goal is to circumvent federal jurisdiction.

---

[1] In the General Allegations section of the Third Amended Complaint Plaintiff alleges that he used brake parts purchased from Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc. both of which are Florida corporations.  However, in the individual Counts, Plaintiff only refers to defendant Palm Chevrolet-Oldsmobile.  Additionally, in its Motion to Remand, Plaintiff only refers to, (and the sole basis for lack of diversity is) Palm Chevrolet-Oldsmobile.  Since Plaintiff alleges that he purchased brake parts from both Palm and Bill Branch, and that both are Florida corporations, this memorandum concerns both of these Non-Diverse Defendants. Interestingly, neither of these two defendants have been served.

## II.  THIS ACTION SHOULD BE TRANSFERRED AND THE PLAINTIFF'S MOTION TO REMAND SHOULD BE DECIDED BY THE TRANSFEREE COURT.

A Motion to Remand "can be presented to and decided by the transferee judge." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp.2d 1346, 1347 (Jud. Pan. Mult. Dist. Lit. 2001).   The transferee court is fully capable of resolving challenges to federal jurisdiction which remain unresolved at the time of transfer. *See e.g., In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 227 F. Supp.2d. 1389, 1390 (Jud. Pan. Mult. Dist. Lit. 2002) (". . . remand and other motions, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge"); *DeGeorge v. American Airlines Inc.*, No.02CIV.4765(RWS),1448(RWS), 2002 WL 31356266 at *2 (S.D.N.Y. Oct. 17, 2002); *Medical Society of The State of New York v. Connecticut Gen. Corp.*, 187 F. Supp.2d 89, 91-92 (S.D.N.Y. 2001); *In re Ivy v. Diamond Shamrock Chems., Co.*, 901 F.2d 7, 9 (2d Cir. 1990) (jurisdictional challenge should not interfere with otherwise unobjectionable transfer because "jurisdictional objections can be heard and resolved by a single [transferee] court and reviewed at the appellate level in due course.  Consistency and economy is thus served.").

Plaintiff filed his Motion to Remand <u>after</u> this Court ordered a stay based on the Conditional Transfer Order.  The transferee court must decide motions for remand filed in the transferor court where such motions have not been resolved

prior to the date a conditional transfer order became effective. *See DeGeorge*, 2002 WL 31356266 at *2.

Allowing the transferee court to resolve jurisdictional challenges is preferable to having the transferor court do so because resolution by the transferee court is most likely to best serve the twin aims of judicial economy and consistency. *See Medical Society*, 187 F. Supp.2d at 91-92; *see also In re Ivy*, 901 F.2d at 9. "[T]he same jurisdictional questions raised here will likely be raised in many of the other [asbestos] cases pending against" GM and the other diverse Defendants. *See Aikins v. Microsoft Corp.*, No. Civ.A.00-0242, 2000 WL 310391, *1 (E.D.La March 24, 2000). "[T]here are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation." *Medical Society*, 187 F. Supp.2d at 92.

Since the Motion to Remand was filed after the Conditional Transfer Order, and since justice is best served by consistent rulings in similar cases, the MDL transferee court should decide Plaintiff's Motion to Remand.

### III.   IF THIS COURT CHOOSES TO DECIDE THE ISSUE OF REMAND, THE NON-DIVERSE DEFENDANTS SHOULD BE DISMISSED AND REMAND SHOULD BE DENIED.

If the Court determines that it and not the transferee court should rule on Plaintiff's Motion to Remand, the Court should dismiss the Non-Diverse Defendants and deny Plaintiff's Motion to Remand.

### A.    The Non-Diverse Defendants Should be Dismissed.

#### 1.    Defendants did not have an opportunity to oppose the joinder of the Non-Diverse Defendants.

The Defendants were not served with the Third Amended Complaint at the time the Motion for Leave was filed.  Additionally, in violation of Federal Rule of Civil Procedure, Rule 5, Plaintiff failed to serve the Third Amended Complaint at the time it was filed.  Plaintiff did not serve the Third Amended Complaint until it served its Motion to Remand.  GM was precluded from providing this Court with relevant input relating to the factors to be considered in allowing or denying the joinder under 28 U.S.C. § 1447(e) because it was unaware of the Third Amended Complaint and would not have reason to suspect that the Plaintiff would surreptitiously attempt to add a non-diverse party after removal.

Plaintiff asserted in his Motion for Leave to Amend the Second Amended Complaint that "rather than have this Court or some other Court consider the pending Motions to Dismiss and possibly grant some or all of those Motions to Dismiss on some or all of the grounds listed therein, it would seek Leave of Court to file a further Amended Complaint in an abundance of caution."  Refer back to Exhibit A.  Plaintiff further represented that "none of the Defendants will be prejudiced by having that proposed Third Amended Complaint filed or served within the requested time." *Id.* at 4.  Nowhere in the Motion for Leave to

Amend did Plaintiff indicate that Plaintiff would seek to name a non-diverse defendant.

## 2.    The Court can dismiss a party at any time.

Rule 21 of the Federal Rules of Civil Procedure provides, in part, that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.  A court has discretion to "retroactively restore subject matter jurisdiction" by dismissing dispensable diversity-spoiling defendants.  *See Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862-63 (11th Cir. 1998).

The *Ingram* case, an Eleventh Circuit case, is virtually identical to the case *sub judice*.  In *Ingram* the plaintiff filed a complaint in state court against a diverse defendant.  The defendant removed the case to federal court.  After removal, the plaintiff filed an amended complaint naming a new, non-diverse defendant.  The district court allowed the joinder of the non-diverse defendant but retained jurisdiction.  Thereafter, the plaintiff argued that the federal court did not have jurisdiction because of the non-diverse defendant and the district court should have remanded.[2]  The trial court had allowed joinder of the new defendant but retained jurisdiction.  On appeal, pursuant to 28 U.S.C. §1447(e), the appellate court found that the trial court could not allow both the joinder of the non-diverse defendant and retain jurisdiction.  The trial court had to either

---

[2] The plaintiff in *Ingram* first raised the issue of jurisdiction at oral argument to the circuit court, after the district court had granted summary judgment for the defendants.

deny the joinder, or allow it and remand the case. However, after determining that the newly added non-diverse defendant was a dispensable party, the appellate court, acting under powers similar to those of the trial court pursuant to Rule 21 of the Federal Rules of Civil Procedure, dismissed the non-diverse defendant and allowed the case to remain in the federal court. *See Ingram*, 146 F.3d at 862-63.

A federal court "may remedy its improper allowance of a plaintiff's amendment [adding non-indispensable, non-diverse party] by dismissing" the party from the action at any time. *See Smith v. White Consol. Indus., Inc.* 229 F. Supp.2d 1275 (N.D. Ala. 2002).

Federal courts "should look to the preservation rather than the destruction of jurisdiction", and should not permit joinder of a person non-indispensable, where joinder would prejudice the defendant by destroying diversity jurisdiction. *See Filippini v. Ford Motor Co.*, 110 F.R.D. 131, 138-9 (N.D. Ill. 1986)

**3.      The Non-Diverse Defendants are dispensable parties.**

Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc. the only Non-Diverse Defendants are not indispensable parties. An indispensable party is one who not only has an interest in the action, "but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be

wholly inconsistent with equity and good conscience." *See Shields v. Barrow*, 58 U.S. 130, 139 (1855).

The Non-Diverse Defendants are GM car dealerships located in Florida from whom Plaintiff allegedly purchased "brake parts" for "several" brake jobs he did while in Florida. *See* Third Amended Complaint, ¶ 13. Specifically, Plaintiff alleges, "[u]pon moving to Florida, Mr. Jandreau had several additional exposures to asbestos and asbestos containing products, including performing brake jobs on various automobiles, manufactured by several of the Defendants, e.g., Ford, General Motors, Daimler-Chrysler, and used brake parts purchased from Defendants Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc., ...." *See id.* Not including the Non-Diverse Defendants in the current controversy, for the "brake parts" that were allegedly purchased from them does not prevent or hamper Plaintiff's case in anyway as new brake parts sold by GM dealerships could only have been sold by GM. The Court can proceed to a final judgment, and can do complete justice without the Non-Diverse Defendants. As such, they are not indispensable parties. *See Shields*, 58 U.S. at 139.

Additionally, according to Plaintiff, the Non-Diverse Defendants contributed to his harm. Thus, the Non-Diverse Defendants are joint tortfeasors. Joint tortfeasors are merely permissive parties and not indispensable. *See Temple v. Synthes Corp., Ltd.* 498 U.S. 5,7 (1990).

8

**4.    The Court can and should deny the joinder of the Non-
       Diverse Defendants.**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder ...." *See* 28 U.S.C. § 1447(e); *Ingram*, 146 F.3d at 861-62.   A court may dismiss a dispensable, non-diverse party to retain jurisdiction. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832-37 (1989); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860-61 (11th Cir. 2000); *Smith*, 229 F. Supp.2d at 1279; *see also* 4 James Wm. Moore et al., Moore's Federal Practice ¶ 20.02[5] (3d ed. 1999)("If the plaintiff joins parties in violation of diversity of citizenship precepts, the case (or at least parties who destroy diversity) will be dismissed ....").[3]

"The district court, when faced with an amendment pleading naming a new non-diverse defendant in a removed case, should <u>scrutinize</u> that amendment <u>more closely</u> than an ordinary amendment." *Hensgens v. Deer & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)(emphasis added).   In cases where a plaintiff seeks to add a non-diverse party after removal, "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining

---

[3] The two cases cited by Plaintiff in the Memorandum in Support of Motion to Remand are distinguishable and inapplicable. Both *Wright v. Metro. Life Ins. Co.*, 74 F. Supp.2d 1150 (N.D. Ala. 1999) and *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983) concern fraudulent joinder, which in not an issue in the case *sub judice*. Additionally, in *Wright*, the plaintiff filed a complaint in state court against two defendants, one diverse and one non-diverse. The diverse defendant removed the case to federal court. The plaintiff thereafter moved to remand. Plaintiff in the case *sub judice*, joined a non-diverse defendant eight months after filing its original complaint in state court and soon after the case was removed to this Court.

9

the federal forum with the competing interests of not having parallel lawsuits."

*Id.* The factors a district court should consider in determining whether to allow

a plaintiff to amend a complaint to add a non-diverse defendant include:

a) if there was any delay in seeking to amend, and the reason for the delay

b) The plaintiff's motivation in moving to amend -- "the extent to which the purpose of the amendment is to defeat federal jurisdiction"

c) Any resulting prejudice to the defendants

d) Whether plaintiff will be significantly injured if the amendment is not allowed

e) Whether there is a significant federal interest in the action

f) Whether the joinder will promote judicial economy

g) Any other factors bearing on the equities.

*See Espat v. Espat*, 56 F. Supp.2d 1377, 1382 (M.D. Fla. 1999); *Hensgens*, 833 F. 2d at 1182; *DiNardi v. Ethicon, Inc.*, 145 F.R.D. 294, 297-8 (N.D.N.Y. 1993). "The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted." *Hensgens*, 833 F. 2d at 1182.

### i.   Plaintiff delayed in seeking the amendment.

Clearly Plaintiff delayed in seeking the amendment joining the Non-Diverse Defendants until after the matter was removed to this Court. Plaintiff initiated its claims on August 5, 2002 in state court without naming the Non-

10

Diverse Defendants.   The First and Second Amended Complaints were subsequently filed which also failed to include the Non-Diverse Defendants. The only Defendant in the original action who was not diverse was dismissed, and the action was removed to this Court on March 10, 2003.  On April 25, 2003, Plaintiff filed the Third Amended Complaint which included the Non-Diverse Defendants for the first time.  Plaintiff did not include, and never even sought to join the Non-Diverse Defendants until **over eight months** after filing its Original Compliant, and just after the case was removed to this Court.

Plaintiff's alleged primary exposure to asbestos is from brake jobs he performed over the years.  Plaintiff was able to extensively list all of the places he performed brake jobs, going back to the 1950s.  It is not credible that Plaintiff now, over eight months after filing the Original Complaint, just discovered that he performed brake jobs and "used brake parts" purchased in Florida.  Plaintiff's alleged reason for the delay in joining the Non-Diverse Defendants is not credible, especially in light of the fact that Plaintiff just happened to discover the Non-Diverse Defendants soon after the case was removed to this Court.

        ii.     **The Plaintiff's motive in joining the Non-Diverse Defendants is solely to defeat this Court's jurisdiction.**

As discussed above, the Non-Diverse Defendants are not alleged to have manufactured asbestos or asbestos-containing products.  The only allegation regarding the Non-Diverse Defendants are found within paragraph 13 of the

Third Amended Complaint which allege Plaintiff used brake parts several times which were purchased from the Non-Diverse Defendants.

"[T]he fact that a plaintiff attempt[s] to add a non-diverse defendant only after the case was removed, even though he knew or should have ascertained the identity of the defendant at an earlier time, strongly indicates that the purpose of the plaintiff's amendment is to defeat federal jurisdiction." *Smith*, 229 F. Supp.2d at 1280.   Plaintiff alleges he used brake parts purchased from the Non-Diverse Defendants.  He knew or should have ascertained their identity when he filed the Original Complaint.  The Non-Diverse Defendants were joined only after the case was removed to this court, even though Plaintiff had amended the Complaint two times prior to removal.

The nature of the allegations against the Non-Diverse Defendants, along with the timing of the joinder, and the way Plaintiff went about joining the Non-Diverse Defendants make it clear that Plaintiff's sole purpose in seeking to join those parties is to defeat federal jurisdiction and to defeat the rights of the other Defendants to a federal forum.

        **iii.**    **Defendant GM, and all other Defendants are prejudice by the joinder of the Non-Diverse Defendants and Plaintiff will not be significantly injured by the Non-Diverse Defendants' dismissal**

Plaintiff has sought to directly prejudice the right of each Defendant to a federal forum.  Diverse defendants have a significantly interest in choosing a

federal forum. *See Smith*, 229 F. Supp.2d at 1282; *Filippini*, 110 F.R.D. at 138 ("Ford would be prejudiced by the joinder of the dealer in that it would lose the federal forum which it now has."). "Giving diverse defendants the option of choosing the federal forum is the very purpose of the removal statutes." *Id.*

Plaintiff's actions are prejudicial because only a federal forum offers the benefits of coordinated and consolidated pre-trial proceedings in the MDL. The purpose of the Multidistrict Litigation is to "eliminate the potential for conflicting contemporaneous pretrial rulings by" various courts around the country. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 491-92 (Jud. Pan. Mult. Dist. Lit. 1968). It is to permit centralized management of pretrial proceedings in multidistrict litigation. Prejudice to Defendants is compounded by the fact that on April 30, 2003, Michael J. Beck, Clerk of the MDL Panel, executed a Conditional Transfer Order transferring this cause to the Eastern District of Pennsylvania. *See* Exhibit E.

All diverse Defendants who have been served (except for three named defendants (who may or may not have been served with the Complaint) who's counsel could not be reached prior to filing of this Memorandum) have confirmed with the undersigned counsel that they object to the joinder of the Non-Diverse Defendants and request that the matter be transferred to the Eastern District of Pennsylvania.

Plaintiff will neither be prejudiced nor injured by this Court denying the joinder of the Non-Diverse Defendants. As discussed above, the Non-Diverse Defendants are not necessary or indispensable parties. Additionally, the alleged couple of additional exposures to asbestos-containing products after moving to Florida will not affect Plaintiff's claims or his relief. If those few exposures actually occurred, they are *de minimis*.

        **iv.** **There is a significant federal interest in this action and joinder of the Non-Diverse Defendants will not promote judicial economy.**

As discussed above the purpose of the Multidistrict Litigation is to eliminate potential for conflicting contemporaneous pretrial rulings by various courts around the country. The MDL promotes judicial economy on a national level.

Additionally, joining the two Non-Diverse Defendants will not promote judicial economy because they were simply added to destroy diversity. It is not likely that Plaintiff will pursue claims against the Non-Diverse Defendants they were not joined in this case. Plaintiff is suing all of the manufacturers of the auto products he alleges caused his injuries. The products sold by the Non-Diverse Defendants are GM products. GM would be vicariously liable to the

Non-Diverse Defendants even if they were found liable to Plaintiff.   Judicial economy is best achieved by dismissing the Non-Divers Defendants.[4]

## IV.   CONCLUSION

For the reasons stated above, this Court should let the MDL transferee court, the Eastern District of Pennsylvania, decide the Motion to Remand.   If this Court chooses to rule on the Motion to Remand, it should dismiss the Non-Diverse Defendants, Palm Chevrolet-Oldsmobile, Inc. and Bill Branch Chevrolet, Inc. and deny the Motion to Remand.

CHRIS N. KOLOS, ESQ.
Florida Bar No. 438235
CHRISTOPHER ANNUNZIATO, ESQ.
Florida Bar No. 0137553
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Ste. 2600
Post Office Box 1526 (32802-1526)
Orlando, FL 32801
Phone: 407/425-8500
Fax:  407/244-5288

Attorneys for Defendant
GENERAL MOTORS CORPORATION

---

[4] In its June 9, 2003 Order, the Court requested Defendant to address the issue of fraudulent joinder.  To establish fraudulent joinder a party must show either fraud in the recitation of jurisdictional facts, or the absence of any possibility that the opposing party has stated a claim under state law against the party alleged to be fraudulently joined. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287-88 (11th Cir. 1998); *Crowe v. Coleman*, 113 F.3d 1536, 1538, 1541-42 (11th Cir. 1997).  Neither of these two circumstances exist in this case, however, as shown *supra*, a finding of fraudulent joinder is not necessary to deny the Motion to Remand.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail this 20th day of June, 2003 to all counsel as shown on the attached Service List.

CHRIS N. KOLOS, ESQ.
Florida Bar No. 438235
CHRISTOPHER ANNUNZIATO, ESQ.
Florida Bar No. 0137553
HOLLAND & KNIGHT LLP
200 South Orange Avenue, Ste. 2600
Post Office Box 1526 (32802-1526)
Orlando, FL 32801
Phone: (407) 425-8500
Fax: (407) 244-5288

Attorneys for Defendant
GENERAL MOTORS CORPORATION

16

## SERVICE LIST

| | |
|---|---|
| **Jack W. Merritt, Esq.**<br>Merritt & Merritt<br>1800 Second Street, Ste. 852<br>Sarasota, FL  34237<br>**Phone:  (941) 953-4140**<br>**Fax:  (941) 378-5406** | **Counsel for Plaintiff** |
| **Warren R. Ross, Esq.**<br>Wotitzky, Wotitzky, Ross and<br>  Goldman, P.A.<br>223 Taylor Street<br>Punta Gorda, FL  33950<br>**Phone:  (941) 639-2171**<br>**Fax:  (941) 6390-8617** | **Counsel for Plaintiff** |
| **Virginia Easley Johnson, Esq.**<br>Foley & Mansfield, P.L.L.P<br>4770 Biscayne Blvd., Ste. 1030<br>Miami, FL  33137<br>**Phone:  (305) 438-9899**<br>**Fax:  (305) 438-9819** | **Counsel for Carlisle Industrial Brake & Friction, The Flintkote Company & Georgia-Pacific Corp.** |
| **Susan J. Cole, Esq.**<br>**Kathleen LaBarge, Esq.**<br>Bice Cole Law Firm, PL<br>2801 Ponce de Leon Blvd., Ste. 550<br>Coral Gables, FL  33134<br>**Phone:  (305) 444-1225**<br>**Fax:  (305) 446-1598** | **Counsel for Kaiser Gypsum** |
| **Robert A. Hannah, Esq.**<br>Hannah, Estes & Ingram, P.A.<br>Post Office Box 4974<br>Orlando, FL  32802-4974<br>**Phone:  (407) 481-9449**<br>**Fax:  (407) 481-2199** | **Counsel for Owens-Illinois** |

| | |
|---|---|
| **Rodd R. Buell, Esq.**<br>Rodd R. Buell, P.A.<br>11883 Maidstone Drive<br>Wellington, FL  33414-7008<br>**Phone:  (561) 795-5400**<br>**Fax:  (561) 795-5451** | **Counsel for Honeywell International** |
| **Jeffrey M. Bell, Esq.**<br>Ritter Chusid Bivona & Cohen, LLP<br>7000 West Palmetto Park Road, #400<br>Boca Raton, FL  33433<br>**Phone:  (561) 394-2180**<br>**Fax:  (561) 394-2582** | **Counsel for DaimlerChrysler Corp.** |
| **M. Stephen Smith, Esq.**<br>**Ian Lynch Martinez, Esq.**<br>Rumberger, Kirk & Caldwell<br>Brickell Bayview Centre<br>80 S.W. 8th Street, Suite 3000<br>Miami, FL  33130-3047<br>**Phone:  (305) 358-5577**<br>**Fax:  (305) 371-7580** | **Counsel for Garlock Sealing Technologies LLC; Nissan North America, Inc. & Toyota Motor Mfg. North America** |
| **Bryan Equi, Esq.**<br>**Larry Smith, Esq.**<br>**Jasson Herman, Esq.**<br>Cabaniss Smith Toole Wiggins PL<br>485 Keller Road, Suite 401<br>Maitland, FL  32751<br>**Phone:  (407) 246-1800**<br>**Fax:  (407) 246-1895** | **Counsel for Ford Motor Company** |
| **Evelyn Fletcher, Esq.**<br>Hawkins & Parnell<br>303 Peach Street N.E., Suite 4000<br>Atlanta, GA  30308-3243<br>**Phone:**<br>**Fax:** | **Counsel for Dana** |

| | |
|---|---|
| **Harold B. Morlan, II, Esq.**<br>Akerman, Senterfitt<br>Post Office Box 231<br>Orlando, FL  32802-0231<br>**Phone:  (407) 843-7860** | **Counsel for Harbison-Walker** |
| **Fran Spinelli, Esquire**<br>Everett & Weathersby<br>3405 Piedmont Road, Suite 225<br>Atlanta, GA  30305<br>**Phone:  (404) 233-8718** | **Counsel for Harbison-Walker and A.P. Green** |
| **Gregory Maxwell, Esq.**<br>Spohrer, Wilner, Maxwell, et al.<br>444 East Duval Street<br>Jacksonville, FL  32202<br>**Phone:  (904) 354-8310** | **Counsel for GAF Corporation** |
| **Mark C. Greene, Esquire**<br>Fowler White, et al.<br>501 East Kennedy Blvd.<br>Suite 1700<br>Tampa, FL  33601<br>**Phone:  (813) 228-7411** | **Counsel for Crown Cork & Seal** |

ORL1 #780494 v1

**3**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


HARVEY JANDREAU,

      Plaintiff

vs.                              Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

      Defendants
_____/


## PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT GENERAL MOTORS CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, Harvey Jandreau, pursuant to Local Rule 3.01(b) and the Court's anticipated Order approving or allowing the filing of this pleading, submits the following Memorandum of Law in Response to Defendant General Motors opposition to Plaintiff's Motion to Remand.

I.     INTRODUCTION

In considering the pending Motion, the Court should review all issues relevant to this proceeding and be cognizant that the factual representations made in Defendant General Motors (GM's) Memorandum of Law are unsupported by competent evidence.

-1-

The addition of the two non-diverse Defendants occurred less than ninety days after this case was removed to Federal Court.   In other words, up until the early part of this year, the case was in State Court because there was a lack of complete diversity between the parties.

At Pages 8 and 14 of GM's opposition, the following factual representations occur:

a)   That the brake parts to which Plaintiff was allegedly exposed by the non-diverse Defendants could only have been sold by GM.

b)   GM would necessarily be vicariously liable to the non-diverse Defendants if they were found liable to Plaintiff.

c)   The scope of the non-diverse Defendants' liability is extremely limited because Plaintiff's exposure to any products through his work with the non-diverse Defendants was insignificant.

Without testimony by way of Affidavits or deposition, these can only be considered self serving conclusions reached by GM in order to defeat the Motion for Remand.

As shown below, even after GM has been given an opportunity to fully brief all issues with regard to the addition of the non-diverse Defendants, it has not shown this Court any significant or substantial reason to deny Plaintiff's Motion for Remand.   Any purported error caused by GM not being able to oppose the Amendment because it did

not know the new parties were n on-diverse is cured by the substance of its opposition

to the Motion to Remand.

 II  THIS COURT HAS JURISDICTION TO DECIDE THE
    REMAND ISSUE

 Panel Rule 1.5 of the MDL, 181 F.R.D. 1,3 (1998), makes it clear that this Court

has jurisdiction to decide the remand issue.   See Aetna v. Hoechst, 54 F. Supp. 2d

1042, 1047 (D. KA. 1999).   The Aetna Court goes on to state:

> For purposes of judicial economy, the jurisdictional issues
> should be resolved immediately.   If Federal jurisdiction does
> not exist, the case can be remanded before Federal resources
> are further expended.   In the Court's view, judicial economy
> dictates a present ruling on the remand issue.

 If this Court determines, in its discretion, that the amendment allowing the

addition of the non-diverse, non-indispensable parties is appropriate, it must, under 28

U.S.C. Sec. 1447, remand the case to State court.   See Hensgens v. Deere and

Company, 833 F.2d 1179, 1182.

 III  FACTORS TO BE CONSIDERED BY THE COURT IN REVIEWING
    THE PROPRIETY OF ADDING NON-DIVERSE DEFENDANTS
    AFTER REMOVAL TO FEDERAL COURT

 The title of this section reflects the sole issue being presented to the Court in

GM's opposition.   At Footnote 4, Page 15 of its opposition, GM concedes that

fraudulent joinder has not occurred in this case and that the Plaintiff is able to state a

cause of action under state law against either non-diverse party that has been joined by

way of amendment.   The criteria listed at Page 10 of GM's opposition are addressed

below.

(A)   There Has Been No Delay in Seeking Amendment

The relevant time line here is the short period (less than three months) between removal to Federal Court and the filing of the Motion for Leave to Amend and subsequent Third Amended Complaint.   That time delay should be considered insignificant.

Further, Plaintiff would point out to the Court that the asbestos exposure described in the Complaint dates back approximately half a century (to the mid-1950's) and that Plaintiff's relocation to Florida, after which date his alleged exposure to asbestos through the non-diverse Defendants occurred, dates back over thirty years (see Paragraphs 12 and 13 of Third Amended Complaint  - Plaintiff worked for six years, beginning in 1964 in the State of New York and then relocated to Florida).

Given this passage of time and the number of places that Plaintiff worked during that time, it should not be deemed unusual or self serving for Plaintiff to recall employment where exposure may have occurred only after this case has been pending, especially given the health issues he is dealing with.  Indeed, in asbestos cases it is the general rule that Defendants are added or dropped in large numbers subsequent to filing as a matter of course - see Sledz v. Flintkote Company, 209 F. Supp. 2d 559 (D. Maryland, 2002) where there were seven Amended Complaints, approximately thirty five Defendants and the adding and dropping of Defendants occurred over the course of fourteen months between the first and last Amended Complaint.

(B)   Plaintiff's Motivation In Seeking And Filing
The Amendment

Plaintiff does not know and (just with all Defendants cannot know) at this point in

-4-

time, the precise or even approximate, amount of fault that might be apportioned by a

trier of fact to the various Defendants in this case.   Since his claims would presumably

be tried to a jury who would be applying the Comparative Negligence Statute that

requires that fault be apportioned among responsible entities who contributed to his

injuries in proportion to their responsibility for those injuries (Florida Statute Section

768.81), it is of compelling importance to him that all potential Defendants be brought

before the Court.   Additionally, whatever the amount of fault that may be found on the

part of the non-diverse Defendants, they are presumptively an additional source from

which compensation for Plaintiff's significant injuries can be recouped.   Having all

available "pockets" out of which recovery can be made is of compelling and extreme

importance to this Plaintiff, as it would be to all Plaintiffs who have experienced

significant injuries.

(C)   <u>Plaintiff Will Be Injured If The Amendment<br>Is Not Allowed</u>

Plaintiff would incorporate the reasons set forth in the following sub-section

regarding this Court's consideration of whether the joinder would "promote judicial

economy".   Additionally, the injury to Plaintiff if the Amendment is not allowed by <u>de</u>

<u>facto</u> dismissal can be generally shown by the fact that the failure to remand will

automatically result in the transfer of this case to the Eastern District of Pennsylvania.

As succinctly stated at <u>Meyers v. Bayer</u>, 143 F. Supp. 2d 1044, 1048:

Concerns about being haled into distant courts are particularly implicated
by the MDL system.  Not only is the judge unknown, but the proceeding
is all but certain to be even farther from home, and Plaintiff's chosen
counsel may have little power to shape the course of the litigation ...
The Panel can seize control of your case, thrust you into someone
else's litigation halfway across the country, and relegate you to

-5-

'100th chair' status in an already over-lawyered mass litigation ...
Observing that a Plaintiff may be swiftly transferred from his state
court to his home federal district and then whisked to an unknown,
unpredictable United States district judge.   (Internal citations omitted)

> (D)    The Joinder Will Promote Judicial Economy

A Florida Court is going better able to determine the issues regarding personal

jurisdiction that have been raised by several Defendants, as well as the issues

pertaining to apportionment of fault between multiple tort feasors and any other issues

that may involve applying Florida Common or Statutory Law, especially with regard to

choice of law issues.   It is easier for a Judge in the forum state to resolve the issues

implicating state law.   Karofsky v. Abbott Laboratories, 921 F. Supp. 18, 21 at Note 4

(D. ME. 1996).

> (E)    There Is Not A Significant Federal Interest
>         In The Action

Plaintiff's claim is for compensation arising from injuries under traditional tort

doctrines.   Notwithstanding the generally enunciated principles that purportedly way in

favour of the MDL, the more realistic or candid view of the MDL is that it is an uneasy

reconciliation of competing interests and that in some cases, but not all, it promotes

judicial economy "on a national level", as GM would urge upon the Court (Page 14).

Even though there are some similarities between the injuries suffered by

Plaintiffs in asbestos cases, this Court must presume that each Plaintiff that comes

before it has a case that is grounded in its own unique set of facts.   In this case, those

facts have generated, at least potentially, several issues of law that can best be

determined by a Florida Court, and not in a forum that would seek to do so on a nation

wide basis, potentially applying standards that would not be applied to Plaintiff's case in

the forum state.

      (F)   <u>There Is No Resulting Prejudice To Any Defendants<br>If Remand Is Granted And The Case Is Not Sent<br>To The MDL</u>

GM can only cite the Court to authority that says, on this point, that the MDL

eliminates "the potential for conflicting contemporaneous pre-trial rulings".   It gives no

example of what those possible conflicting contemporaneous pre-trial rulings might be.

In fact there would be none in this case.   The issues of jurisdiction and fault

apportionment are ones that have to be done under Florida law and it has not been

shown that the law that would be applied on those issues, among others, by the MDL is

identical, or substantially similar, to the law that would be applied by a Florida court.

      (C)   <u>Additional Factors</u>

Plaintiff would incorporate by reference the arguments made before the MDL

which were filed with this Court in response to GM's Motion to Strike.

      IV   <u>CONCLUSION</u>

This Court should deem the addition of the non-diverse Defendants appropriate,

under the circumstances, and remand this case on an immediate basis to the Sarasota

County Circuit Court.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was furnished via US Mail on the

11th day of July to the parties on the attached Service List.

Warren R. Ross
Wotitzky, Wotitzky, Ross, Goldman,
Sturges & Tuttle, P.A.
223 Taylor Street
Punta Gorda, FL 33950
Florida Bar No. 382086
Tele: (941) 639-2171 - Fax: (941) 639-8617
e-mail: wross@wotitzkylaw.com
Attorneys for Plaintiff

And

Jack Merritt
Merritt and Merritt
Attorneys at Law
1800 Second Street  - Suite 852
Sarasota, FL 34237
Tele: (941) 953-4140
Attorney for Plaintiff

-8-

18243.3

SERVICE LIST

Jeffrey M. Bell
RITTER, CHUSID, BIVONA & COHEN, LLP
7000 West Palmetto Park Road - Suite 400
Boca Raton, FL 33433

Richard C. Binzley
THOMPSON HINE, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
The Aragon Building
288 Aragon Avenue - Suite C
Coral Gables, FL 33134-5035

Edward J. Cass
GALLAGHER, SHARP, FULTON & NORMAN
Bulkley Building - 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036

Susan J. Cole
BICE COLE LAW FIRM
2801 Ponce De Leon Boulevard - Suite 550
Coral Gables, FL 33134-6920

David A. Damico
BURNA, WHITE & HICKTON
Fifth Avenue Place - Suite 2400
Pittsburgh, PA 15222

Evelyn M. Fletcher
HAWKINS & PARNELL
4000 Sun Trust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
FORCENO & HANNON
Philadelphia Bourse Building - Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
GOLDFEIN & JOSEPH
1600 Market Street - 33rd Floor
Philadelphia, PA 19103

Mark C. Greene
FOWLER, WHITE, BOGGS & BANKER, P.A.
501 E. Kennedy - Suite 1700
P.O. Box 1438
Tampa, FL 33601

Robert A. Hannah
HANNAH, ESTES & INGRAM, P.A.
37 N. Orange Avenue, Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
BROWNSON & BALLOU
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

SPEZIALI, GREENWALD & HAWKINS, P.C.
P.O. Box 1787
37 Oak Ridge Drive
Voorhees, NJ 08043

Virginia E. Johnson
JOHNSON, TOMLN & JOHNSON
4770 Biscayne Blvd. - #1030
Miami, FL 331137-3258

Chris N. Kolos
HOLLAND & KNIGHT, LLP
200 S. Orange Avenue - Suite 2600
Orlando, FL 32801

Reginald S. Kramer
BUCKINGHAM, DOOLITTLE & BURROUGHS
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
GREITZER & LOCKS
1500 Walnut Street
Philadelphia, PA 19102

Jack W. Merritt
Jack W. Merritt, P.A.
1800 Second Street, Suite 852
Sarasota, FL 34237

J. Richard Moore, Jr.
RAHAIM, WATSON, DEARING, BERRY & MOORE, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207

Harold E. Morlan, II
AKERMAN, SENTERFITT & EIDSON, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

Ronald L. Motley
NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS, O'NEILL, O'BRIEN & COURTNEY
3200 Gulf Tower
700 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN, KAPLAN & WELLS
2190 North Loop West - Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS, SATER, SEYMOUR & PEASE, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
SELMAN, BREITMAN & BURGESS
11766 Wilshire Boulevard - Sixth Floor
Los Angeles, CA 90025

Larry D. Smith
CABANIAS, SMITH, TOOLE & WIGGINS
485 North Keller Road - Suite 401
P.O. Box 945401
Maitland, FL 32751-5401

M. Stephen Smith, III
RUMBERGER, KIRK & CALDWELL
80 S.W. 8th Street - Suite 3000
Miami, FL 33130-3047

Robert N. Spinelli
KELLEY, JASONS, MCGUIRE & SPINELLI
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DOCKET NO. 875

JUL 1 6 2003

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS LIABILITY (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-224)

---

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARVEY JANDREAU,

     Plaintiff

vs.                              Case No. 8-03CV435-T-27TBM

AC DELCO, a subsidiary corporation
of General Motors Corporation, et al.,

     Defendants

---

<u>MOTION TO ALLOW FILING OF SUPPLEMENT TO PLAINTIFF'S
MEMORANDUM IN SUPPORT OF HIS MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER</u>

     Plaintiff moves the Judicial panel on Multidistrict Litigation for leave to file his prior

Memorandum in Memorandum of Law in Response to Defendant General Motors

Corporation's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, the

Supplement being attached hereto and as grounds in support of this Motion would state as

follows:

     a)     The Trial Court has concurrent jurisdiction with this Panel regarding the issue of

Remand, as reflected by the authority cited previously and in the attached.

     b)     The documents that are the subject of the Supplement have been filed on the

-1-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 1 6 2003

FILED
CLERK'S OFFICE

issue of Remand in the Trial Court since the time that Plaintiff filed its Motion to Vacate with

accompanying Memorandum with this Panel.

     c)     The purpose of this Supplement is to apprize this Panel regarding the status of

the Trial Court's consideration of the Motion to Remand.

     d)     No Defendant would be prejudiced by this filing.

     WHEREFORE, Plaintiff requests that the Panel allow the Supplement to be part of the

official record for all purposes so that the Panel can be fully apprized of the status of the

proceedings before the Trial Court, which is currently considering the Motion to Remand.

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a copy of this pleading has been furnished to the persons

listed on the attached Service List via US Mail on the 15th day of July, 2003.

                      Warren R. Ross
                      Wotitzky, Wotitzky, Ross, Goldman,
                            Sturges & Tuttle, P.A.
                      223 Taylor Street
                      Punta Gorda, FL 33950
                      Florida Bar No. 382086
                      Tele: (941) 639-2171 - Fax: (941) 639-8617
                      e-mail: <u>wross@wotitzkylaw.com</u>
                      Attorneys for Plaintiff

                      and

                      Jack W. Merritt
                      Merritt and Merritt
                      Attorneys at Law
                      1800 Second Street
                      Suite 852
                      Sarasota, FL 34237
                      Attorneys for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2003 JUL 16  A 10: 36

RECEIVED
CLERK'S OFFICE

Attachment

-2-

18243.3

SERVICE LIST

Jeffrey M. Bell
RITTER, CHUSID, BIVONA & COHEN, LLP
7000 West Palmetto Park Road - Suite 400
Boca Raton, FL 33433

Richard C. Binzley
THOMPSON HINE, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
The Aragon Building
288 Aragon Avenue - Suite C
Coral Gables, FL 33134-5035

Edward J. Cass
GALLAGHER, SHARP, FULTON & NORMAN
Bulkley Building - 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
SHEA & GARDNER
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036

Susan J. Cole
BICE COLE LAW FIRM
2801 Ponce De Leon Boulevard - Suite 550
Coral Gables, FL 33134-6920

David A. Damico
BURNA, WHITE & HICKTON
Fifth Avenue Place - Suite 2400
Pittsburgh, PA 15222

Evelyn M. Fletcher
HAWKINS & PARNELL
4000 Sun Trust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
FORCENO & HANNON
Philadelphia Bourse Building - Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
GOLDFEIN & JOSEPH
1600 Market Street - 33rd Floor
Philadelphia, PA 19103

Mark C. Greene
FOWLER, WHITE, BOGGS & BANKER, P.A.
501 E. Kennedy - Suite 1700
P.O. Box 1438
Tampa, FL 33601

Robert A. Hannah
HANNAH, ESTES & INGRAM, P.A.
37 N. Orange Avenue, Suite 300
P.O. Box 4974
Orlando, FL 32802-4974

Susan M. Hansen
BROWNSON & BALLOU
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

SPEZIALI, GREENWALD & HAWKINS, P.C.
P.O. Box 1787
37 Oak Ridge Drive
Voorhees, NJ 08043

Virginia E. Johnson
JOHNSON, TOMLN & JOHNSON
4770 Biscayne Blvd. - #1030
Miami, FL 331137-3258

Chris N. Kolos
HOLLAND & KNIGHT, LLP
200 S. Orange Avenue - Suite 2600
Orlando, FL 32801

Reginald S. Kramer
BUCKINGHAM, DOOLITTLE & BURROUGHS
50 South Main Street
P.O. Box 1500
Akron, OH 44309

David C. Landin
HUNTON & WILLIAMS
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
GREITZER & LOCKS
1500 Walnut Street
Philadelphia, PA 19102

Jack W. Merritt
Jack W. Merritt, P.A.
1800 Second Street, Suite 852
Sarasota, FL 34237

J. Richard Moore, Jr.
RAHAIM, WATSON, DEARING, BERRY & MOORE, P.A.
3127 Atlantic Blvd.
Jacksonville, FL 32207

Harold E. Morlan, II
AKERMAN, SENTERFITT & EIDSON, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

Ronald L. Motley
NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

John J. Repcheck
MARKS, O'NEILL, O'BRIEN & COURTNEY
3200 Gulf Tower
700 Grant Street
Pittsburgh, PA 15219

John D. Roven
ROVEN, KAPLAN & WELLS
2190 North Loop West - Suite 410
Houston, TX 77018

Richard D. Schuster
VORYS, SATER, SEYMOUR & PEASE, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
SELMAN, BREITMAN & BURGESS
11766 Wilshire Boulevard - Sixth Floor
Los Angeles, CA 90025

Larry D. Smith
CABANIAS, SMITH, TOOLE & WIGGINS
485 North Keller Road - Suite 401
P.O. Box 945401
Maitland, FL 32751-5401

M. Stephen Smith, III
RUMBERGER, KIRK & CALDWELL
80 S.W. 8th Street - Suite 3000
Miami, FL 33130-3047

Robert N. Spinelli
KELLEY, JASONS, MCGUIRE & SPINELLI
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
JAQUES ADMIRALTY LAW FIRM
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
TOM RILEY LAW FIRM
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406