**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 13 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Barbara Catania, et al. v. ACandS, Inc., et al.*, E.D. Pennsylvania (M.D. Louisiana, C.A. No. 3:02-368)
*Vonnie K. Agner, et al. v. Fluor Daniel, Inc., et al.*, E.D. Pennsylvania (W.D. North Carolina, C.A. No. 3:98-138)
*Vonnie K. Agner, et al. v. Fluor Daniel, Inc., et al.*, E.D. Pennsylvania (W.D. North Carolina, C.A. No. 3:98-220)

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ* AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL

## SEPARATION OF CLAIMS AND REMAND ORDER

Before the Panel are two motions, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by i) defendants Dow Chemical Co., Exxon Mobil Corp., and DSM Copolymer in one MDL-875 action previously transferred by the Panel under Section 1407 from the Middle District of Louisiana, and ii) defendants Fluor Daniel, Inc., Fluor Daniel Environmental Services, Inc., Fluor Daniel Services Corp., and SOS International, Inc., in two MDL-875 actions previously transferred by the Panel under Section 1407 from the Western District of North Carolina. Movants seek to vacate orders entered by the Panel in their respective action(s), pursuant to which the Panel conditionally remanded all claims in the actions except claims for punitive or exemplary damages that had previously been severed in the actions by the transferee court. Plaintiffs in each of the three actions support remand.

On the basis of the papers filed and hearing session held, the Panel finds that remand of the non-punitive/exemplary damage claims is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have

---

*Judges Selya and Motz took no part in the decision of this matter with respect to the *Catania* action.

IMAGED AUG 14 '03   OFFICIAL FILE COPY

PLEADING NO. 3956

- 2 -

ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the matter now before us, the transferee judge has entered orders reflecting his determination that remand of the non-punitive/exemplary damage claims in the three actions is now appropriate. The number of Section 1407 remands in this docket is proportionately small, because under Judge Charles R. Weiner's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of July 23, 2003, over 73,500 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule Judge Weiner's advice when he determines, with respect to a given constituent action, that i) common pretrial proceedings have been completed, ii) resolution in the transferee district is no longer likely, and iii) remand of the action or claims therein has become the preferred course. We therefore will adopt Judge Weiner's suggestion and order remand of the suggested claims in the three actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims in *Barbara Catania, et al. v. ACandS, Inc., et al.*, E.D. Pennsylvania (M.D. Louisiana, C.A. No. 3:02-368) except the severed claims for punitive or exemplary damages are remanded to the Middle District of Louisiana; and all claims in *Vonnie K. Agner, et al. v. Fluor Daniel, Inc., et al.*, E.D. Pennsylvania (W.D. North Carolina, C.A. No. 3:98-138) and *Vonnie K. Agner, et al. v. Fluor Daniel, Inc., et al.*, E.D. Pennsylvania (W.D. North Carolina, C.A. No. 3:98-220) except the severed claims for punitive or exemplary damages are remanded to the Western District of North Carolina.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman