JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

AUG 19 2003



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20984-CIV-JORDAN

DONALD SAIN and BILLIE SAIN, )
    Plaintiff )
  )
vs. )
  )
KAISER GYPSUM COMPANY, INC., and )
REYNOLDS METAL CO., )
    Defendant )

**CLOSED CIVIL CASE**

### ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

The plaintiffs' motion to remand [D.E. 5], filed pursuant to 28 U.S.C. § 1447(c), is GRANTED, because one of the defendants, Kaiser Gypsum Co., did not adequately manifest its consent to removal.

The two defendants in this action, Kaiser Gypsum Co. and Reynolds Metal Co., were served on March 12, 2003, and March 24, 2003, respectively. Reynolds subsequently filed a notice of removal [D.E. 1] on April 23, 2003. Although the notice of removal states that Kaiser consented to the removal, and that Kaiser had filed a consent to removal with the court, there is no evidence of that consent anywhere in the record.

It is well established in the Eleventh Circuit and elsewhere that in actions with more than one defendant, *all* defendants must consent to removal. *In re Ocean Marine Mut. Prot. and Indem. Ass'n., Ltd.*, 3 F.3d 353, 355-56 (11th Cir. 1993); *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983); *Engle v. R.J. Reynolds Tobacco Co.*, 122 F. Supp. 2d 1355, 1359-1360 (S.D. Fla. 2000). This is commonly referred to as the "rule of unanimity." *E.g., Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1339 (M.D. Fla. 2003); *Jones v. Fla. Dep't of Children & Family Servs.*, 202 F. Supp. 2d 1352, 1354 (S.D. Fla. 2002).

MDL- 875
RECOMMENDED ACTION
Vacate CTO-226 — one action
Approved/Date: ___

PLEADING NO. 3964

OFFICIAL FILE COPY
IMAGED AUG 1 9 '03

As noted earlier, Reynolds asserted in its notice of removal that Kaiser consented to the removal, and that Kaiser had filed a consent form with the court. But as plaintiffs' motion to remand points out, and as an independent review confirms, no such consent form appears in the record. In opposing the motion to remand, Reynolds simply alleges that Kaiser filed a consent to removal, but does not attach a copy of that consent or point to where in the record such consent may be located. Thus, the issue is whether the mere stating by Reynolds in its notice of removal that Kaiser consented to the removal is enough to satisfy the requirement that all defendants consent to a removal.

Some courts have indicated that as long as the party submitting the notice of removal alleges that the other defendants in the case consent to removal, no further action by those defendants is necessary to perfect removal. *See, e.g., Jasper v. Wal-Mart Stores, Inc.*, 732 F. Supp. 104, 105 (M.D. Fla. 1990) ("Additionally all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants."); *Chrysler First Financial Services Corp. v. Greenfield*, 753 F. Supp. 939, 941 (S.D. Fla. 1991) ("All defendants must join in the petition for removal, or a statement explaining their absence must be included with the petition for removal.").

Many other courts, however, have taken the opposite stance. "The majority view is that the mere assertion in a removal petition that all defendants consent to removal fails to constitute sufficient joinder." *Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1346 (M.D. Ala. 2000) (quoting *Production Stamping Corp. v. Maryland Casualty Co.*, 829 F. Supp. 1074, 1078 (E.D. Wis. 1993)). And as the Fifth Circuit noted:

> [A] defendant must [file a consent to removal] itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action.

*Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). In short, "it is simply not enough that the removing party in its notice of removal represents that the other defendants consent or do not object to removal."

2

*Wakefield v. Olcott*, 983 F. Supp. 1018, 1021 (D. Kan. 1997) (quoting *Henderson v. Holmes*, 920 F. Supp. 1184, 1187 (D. Kan. 1996)).

Under the majority view, then, which I adopt, Reynolds' removal of the action was procedurally defective. Although Reynolds filed a timely notice of removal, and although that notice stated that Kaiser consented to removal and that Kaiser had filed a consent with the court, there is no record of that consent having actually been filed. And as explained above, merely asserting that Kaiser consented to the removal is not enough. Furthermore, it is too late for Kaiser to now file a consent, as it has been more than thirty days since the notice of removal was filed. *See Russell Corporation v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001); *In re Ocean Marine Mutual Protection and Indemnity Association. Ltd.*, 3 F.3d 353, 355 (11th Cir. 1993); *Sheinberg v. Princess Cruise Lines, Ltd.*, No. 02-61578, 2003 U.S. Dist. LEXIS 10944, at *5 (S.D. Fla. June 16, 2003).

The clerk is directed to send the entire file, including a copy of this order, to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. This case is closed.

DONE and ORDERED in chambers in Miami, Florida, this 1st day of July, 2003.

Adalberto Jordan
United States District Judge

Copy to: All counsel of record