**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

FILED
CLERK'S OFFICE

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

This document relates to the following cases:

*Willie Pate, et al. v. 3M f/k/a Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-124-GR

*John Knotts, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-125-GR

*Willie Gray, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-126-GR

*John Dunlap, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-128-GR

*Jerry Russum, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-129-GR

*Christine Webster, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
United States District Court for the Southern District of Mississippi, Southern Division,
Civil Action No. 1:03-CV-130-GR

FORD MOTOR COMPANY'S AND DAIMLERCHRYSLER CORPORATION'S
RESPONSE TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER

PLEADING NO. 3969

RECEIVED CLERK'S OFFICE

OFFICIAL FILE COPY   IMAGED AUG 25 '03

1.      Defendants Ford Motor Company ("Ford") and DaimlerChrysler Corporation ("Chrysler") file their response to Plaintiffs' Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on July 21, 2002, and in support would show the following:

2.      On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. 415 (J.P.M.L. 1991).

3.      Plaintiffs do not dispute this case falls within the scope of the MDL Panel's transfer order. In fact, Plaintiffs' objection to transfer is based solely on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions. *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).

4.      In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No.

- 2 -

875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. 415 (J.P.M.L. 1991)).

5.     In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential for conflicting pre-trial rulings.  <u>See</u> <u>e.g.</u>, <u>In Re New York City Mun. Sec. Litig.</u>, 572 F.2d 49, 51-52 (2d Cir. 1978); <u>Good v. Prudential Ins. Co.</u>, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); <u>In re Air Crash Disaster off Long Island, NY.</u>, 965 F. Supp. 5, 7 (S.D. N.Y. 1997).

6.     Accordingly, the Panel should deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court.

Respectfully submitted, this the 21st day of August, 2003.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ


Lawrence M. Coco, III (MSB# 100378)

On behalf of Ford Motor Company and
DaimlerChrysler Corporation

JM LZC 210782 v1
2139217-000028 08/21/2003

Of Counsel:

Walker Jones III, Esq.
Barry W. Ford, Esq.
T. Gerry Bufkin, Esq.
Lawrence M. Coco, III, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, Mississippi 39236
(601) 351-2400

Counsel for Defendants Ford Motor Company and DaimlerChrysler Corporation

JM LZC 210782 v1
2139217-000028 08/21/2003

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I hereby certify that I have mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to the following:

Patrick C. Malouf, Esq.
Timothy W. Porter, Esq.
PORTER & MALOUF, P.A.
P.O. Box 12768
Jackson, MS  39236-2768

J. T. Noblin, Clerk
U.S. District Court
Southern District, Southern Division
243 East Capital Street
Jackson, MS 39201

Attachment A - Panel Service List; and

Attachment B - additional service list of known defense counsel.

This the 21st day of August, 2003.

LAWRENCE M. COCO, III

RECEIVED
CLERK'S OFFICE
2003 AUG 22  A 10: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JM LZC 210782 v1
2139217-000028 08/21/2003

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

FILED
CLERK'S OFFICE

# ATTACHMENT  A

RECEIVED
CLERK'S OFFICE

2003 AUG 22  A 10: 27

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-226)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Willie Pate, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-124
*John Knotts, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-125
*Willie Louis Gray, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-126
*John Dunlap, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-128
*Jerry Russum, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-129
*Christine Webster, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-130

Robert M. Arentson, Jr.
Baker, Donelson, Bearman &
Caldwell
P.O. Box 14167
Jackson, MS 39236-4167

Joe E. Basenberg
Hand, Arendall, Llc
P. O. Box 123
Mobile, AL 36601

Scott W. Bates
Baker, Donelson, Bearman &
Caldwell
P. O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Nathaniel A. Bosio
Dogan & Wilkinson
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Stefan G. Bourn
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue,
N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Steven B. Dick
Brown, Buchanan & Sessoms,
P. O. Box 2220
Pascagoula, MS 39569

Patricia A. Dicke
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Barry W. Ford
Baker, Donelson, Bearman &
Caldwell
P.O. Box 14167
Jackson, MS 39236-4167

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
& Cannada
P. O. Box 22567
Jackson, MS 39225-2567

Mark W. Garriga
Butler, Snow, O'Mara, Stevens
& Cannada
P. O. Box 22567
Jackson, MS 39225

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons &
Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

SCHEDULE OF ACTIONS/PANEL SERVICE LIST - MDL-875

Patrick C. Malouf
Porter & Malouf
P. O. Box 12768
Jackson, MS 39236

Ronald L. Motley
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Donald C. Partridge
Peters, Redditt, Willoughby,
Zoghby & Carbo
P. O. Drawer 1129
Mobile, AL 36633

William C. Reeves
Markow Walker & Reeves
P.O. Box 13669
Jackson, MS 39236-3669

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**ATTACHMENT  B**

## CERTIFICATE OF SERVICE

Thomas W. Tardy, III, Esquire
Forman, Perry, Watkins, Krutz & Tardy
Post Office Box 22608
Jackson, Mississippi 39225-2608

James P. Streetman, III, Esquire
CLARK, SCOTT & STREETMAN, P.A.
Post Office Box 13847
Jackson, Mississippi 39236-3847

Lynn Luker, Esquire
Lisa Newman Sibal, Esquire
Patrick D. McMurtray, Esquire
LUKER SIBAL & McMURTRAY, LLC
616 Girod Street, Suite 200
New Orleans, Louisiana 70130

Joseph J. Stroble, Esquire
Watkins & Eager
Post Office Box 650
Jackson, MS 39205

Patrick Buchanan, Esquire
Brown, Buchanan & Sessoms, P.A.
Post Office Box 1377
Biloxi, MS 39533-1377

Karl Steinberger, Esquire
Roy C. Williams, Esquire
COLINGO, WILLIAMS, HEIDELBERG, STEINBERGER & McELHANEY
Post Office Box 1407
Pascagoula, Mississippi 39568-1407

Thomas W. Tyner, Esquire
AULTMAN, TYNER, MCNEESE, RUFFIN & LAIRD, LTD.
315 Hemphill Street
Post Office Drawer 750
Hattiesburg, Mississippi 39403-0750

Robert W. Wilkinson, Esquire
DOGAN & WILKINSON, PLLC
726 Delmas Avenue
Post Office Box 1618
Pascagoula, Mississippi 39568-1618

JM SSM 210770 v1
2139217-000029 08/14/2003

David W. Dogan, III, Esquire
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062


David A. Barfield, Esquire
BARFIELD & ASSOCIATES, P.A.
Post Office Drawer 3979
Jackson, MS 39207-3979


Edward Currie, Jr., Esq.
Kristi D. Kennedy, Esq.
CURRIE JOHNSON GRIFFIN GAINES & MYERS
P.O. Box 750
Jackson, MS 39205-0750

Keith D. Obert, Esquire
OBERT LAW GROUP
Post Office Box 2081
Madison, MS 39130-2081


Christy D. Jones, Esquire
Patricia C. Gandy, Esquire
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225-2567


Kimberly P. Turner, Esquire
WELLS, MOORE, SIMMONS & HUBBARD, PLLC
1300 AmSouth Plaza
P.O. Box 1970
Jackson, MS 392 15-1970


Robert M. Arentson, Jr., Esquire
BAKER DONELSON BEARMAN & CALD WELL
Post Office Box 14167
Jackson, Mississippi 39236

Paul V. Cassisa, Sr., Esq.
Eugene M. McEachin, Jr., Esq.
BERNARD, CASSISA, ELLIOTT & DAVIS
Post Office Box 1138
Oxford, MS 38655

C. Paul Cavendar, Esquire
Burr & Forman. LLP
420 North 20th Street
3100 South Trust Tower
Birmingham, AL 35203


Joshua J. Wiener, Esquire
WIENER LAW FIRM
Post Office Box 55728
Jackson, MS 39296-5728

Susan Coco, Esquire
Consuelo Walley, Esquire
JUDE & COCO, PA
Post Office Box 17499
Hattiesburg, MS 39404-7499

Joe E. Basenberg, Esq.
HAND ARENDALL
P.O. Box 123
Mobile, AL 36601


John W. Davies, Esquire
Post Office Box 389
Prentiss, MS 39474


James N. Bullock, Esquire
Shell Buford, PLLC
660 Katherine Dr., Suite 402
Jackson, MS 39232


Thomas E. Vaughn, Esquire
Allen, Vaughn, Cobb & Hood, P.A.
P.O. Drawer 240
Gulfport, MS 39502-0240


Ronald G. Peresich, Esquire
Page, Mannino, Peresich & McDermott, PLLC
Post Office Drawer 289
Biloxi, Mississippi 39533


JM SSM 210770 v1
2139217-000029  08/14/2003

Bruce M. Kuehnle, Jr., Esquire
Bruce M. Kuehnle, Jr., PLLC
P.O. Box 866
Natchez, MS 39122-0866

Michael S. Allred, Esq.
P.O. Box 3828
Jackson, MS 39207

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1]Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)



OFFICIAL FILE COPY IMAGED AUG 1 2 '02

EXHIBIT
A

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 9 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al.,* D. Delaware, C.A. No. 1:01-234
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al.,* D. Delaware, C.A. No. 1:01-318
*James C. Turner, et al. v. Anchor Packing Co., et al.,* E.D. Louisiana, C.A. No. 2:01-2767
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army,* W.D. Louisiana, C.A. No. 2:01-914
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al.,* E.D. Missouri, C.A. No. 4:01-1299
*Cam L. Atkins, et al. v. A.P. Green Services, Inc., et al.,* S.D. West Virginia, C.A. No. 2:01-781

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

---

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.

IMAGED FEB 20 '02



EXHIBIT
B

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1] Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 18 2001

FILED
CLERK'S OFFICE

### DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Weldon R. Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226

## BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-69 (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesting that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the action is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra*, 192 F.R.D. at 461, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is
(continued...)


EXHIBIT
C

- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of *Moake* in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Weldon R. Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

[2]Plaintiffs in *Moake* have argued that, by virtue of a summary judgment previously entered in favor of the sole defendant in the action, *Moake* falls outside the scope of Section 1407, which authorizes the Panel to transfer only for pretrial proceedings. We note that all parties to *Moake* agree that the Texas Supreme Court's ruling in another Texas asbestos personal injury case necessitates vacatur of the *Moake* court's order dismissing the action's sole defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including discovery and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the *Moake* court's previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer under Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersuasive in light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the *Moake* court to vacate its dismissal order.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

**This document relates to the following cases:**

*Willie Pate, et al. v. 3M f/k/a Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
**Civil Action No. 1:03-CV-124-GR**

*John Knotts, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
**Civil Action No. 1:03-CV-125-GR**

*Willie Gray, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
**Civil Action No. 1:03-CV-126-GR**

*John Dunlap, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
**Civil Action No. 1:03-CV-128-GR**

*Jerry Russum, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
Civil Action No. 1:03-CV-129-GR

*Christine Webster, et al. v. Minnesota Mining and Manufacturing Co., et al.,*
**United States District Court for the Southern District of Mississippi, Southern Division,**
**Civil Action No. 1:03-CV-130-GR**

## BRIEF IN SUPPORT OF FORD MOTOR COMPANY'S AND DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

## INTRODUCTION:

Defendants Ford Motor Company ("Ford") and DaimlerChrysler Corporation ("Chrysler") file their response to Plaintiffs' Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on July 21, 2002. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. 415 (J.P.M.L. 1991). Plaintiffs do not dispute this case falls within the scope of the MDL Panel's transfer order. In fact, Plaintiffs' objection to transfer is based solely on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions.[1] In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."[2] In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential

---

[1] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 (J.P.M.L. Feb. 19, 2002); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001).

[2] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).

JM LZC 210636 v2
2139217-000026  08/20/2003

for conflicting pre-trial rulings.[3]  Accordingly, the Panel should deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court.

## DISCUSSION:

### 1. The MDL Court Analyzes Motions to Remand Under the Same Standard as the Transferor Court.

Plaintiffs argue that their cases should not be transferred to the MLD court because it applies a different, more stringent standard for remand to the state courts than the district courts apply.  Specifically, Plaintiffs claim that "[i]n the 5th Circuit Court and Mississippi Federal District Court, there is a presumption against federal jurisdiction.  *Coury v. Prot*, 85 F. 2d 244 (5th Cir.)  Whereas Rule 7.6(d) of the MDL Rules of Procedure provide, that the Panel is reluctant to order Remand absent suggestion of Remand from the transferee District Court.  The difference in the standard of review is irreconcilable."[4]  Plaintiffs are incorrect.

Rule 7.6 codifies procedures relating to remand from the transferee MDL court to the transferor federal district court, **not remand from the MDL court back to state court.**  In other words, Plaintiffs' suggestion that the MDL court employs a different standard in analyzing motions to remand back to state court is patently incorrect because Rule 7.6 does not apply to such situations.  Plaintiffs cite no other authority in support of their proposition, and, indeed, there is none.  Accordingly, Plaintiffs' argument regarding such illusory "different standard" should be disregarded entirely.

---

[3]  See e.g., In Re New York City Mun. Sec. Litig., 572 F.2d 49, 51-52 (2d Cir. 1978); Good v. Prudential Ins. Co., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); In re Air Crash Disaster off Long Island, NY., 965 F. Supp. 5, 7 (S.D. N.Y. 1997).

[4]  *See* Plaintiffs' Brief in Support of Motion to Vacate Conditional Transfer Order Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, p. 3.

JM LZC 210636 v2
2139217-000026 08/20/2003

## 2. A Pending Motion to Remand Does Not Support a Motion to Vacate a Conditional Transfer Order.

Plaintiffs primarily oppose transfer based upon their pending motion to remand, which is before the transferor district court.    This Panel has explicitly rejected this argument. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Oct. 18, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 (J.P.M.L. Feb. 20, 2002); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 17, 2001). In fact, in its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).  As the Panel recently observed, "Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court.  There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002).  The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In*

- 4 -

*re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at \*1-2 (J.P.M.L. Oct. 24, 2000).[5]   In fact, Plaintiffs concede that the MDL court has the power to rule on the motion to remand, stating, in their brief, that "if the Conditional Transfer Order is entered, Plaintiffs will, of course, seek Remand . . . ."[6]

Moreover, the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. See e.g., In Re New York City Mun. Sec. Litig., 572 F.2d 49, 51-52 (2d Cir. 1978); Good v. Prudential Ins. Co., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); In re Air Crash Disaster off Long Island, NY., 965 F. Supp. 5, 7 (S.D. N.Y. 1997).   Cases such as this, where a motion to remand is pending, are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole."  *In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).   Accordingly, Plaintiffs' motion to vacate should be summarily denied, and the Panel should enter a final order transferring this case to the MDL court.

## CONCLUSION:

WHEREFORE, PREMESIS CONSIDERED, Ford Motor Company and DaimlerChrysler Corporation respectfully request that the Judicial Panel on Multidistrict Litigation deny Plaintiffs'

---

[5]  *See also In re Wireless Telephone Replacement Protection Programs Lit.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (stating same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 2002 WL 31108228, \*1 (J.P.M.L. Mar. 4, 2002) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (same); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (same); *In re StarLink Corn Prods. Liab. Litig.*, 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) ("plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, 2001 WL 253115, \*1 (J.P.M.L. Feb. 23, 2001) (stating same).

[6]  *See* Plaintiffs' Brief in Support of Motion to Vacate Conditional Transfer Order Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, p. 3.

JM LZC 210636 v2
2139217-000026 08/20/2003

Motion to Vacate the Conditional Transfer Order and transfer this case to the United States

District Court for the Eastern District of Pennsylvania.

Respectfully submitted, this the 21st day of August, 2003.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ

Lawrence M. Coco, III (MSB# 100378)

On behalf of Ford Motor Company and
DaimlerChrysler Corporation

JM LZC 210636 v2
2139217-000026 08/20/2003

Of Counsel:

Walker Jones III, Esq.
Barry W. Ford, Esq.
T. Gerry Bufkin, Esq.
Lawrence M. Coco, III, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, Mississippi 39236
(601) 351-2400

Counsel for Defendants Ford Motor Company and DaimlerChrysler Corporation

JM LZC 210636 v2
2139217-000026  08/20/2003

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 2 2 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to the following:

Patrick C. Malouf, Esq.
Timothy W. Porter, Esq.
PORTER & MALOUF, P.A.
P.O. Box 12768
Jackson, MS 39236-2768

J. T. Noblin, Clerk
U.S. District Court
Southern District, Southern Division
243 East Capital Street
Jackson, MS 39201

Attachment A - Panel Service List; and

Attachment B - additional service list of known defense counsel.

This the 21st day of August, 2003.

LAWRENCE M. COCO, III

RECEIVED
CLERK'S OFFICE
2003 AUG 22 A 10: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JM LZC 210636 v2
2139217-000026 08/20/2003

**ATTACHMENT  A**

RECEIVED
CLERK'S OFFICE
2003 AUG 22  A 10: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**SCHEDULE OF ACTIONS/PANEL SERVICE LIST (Excerpted from CTO-226)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Willie Pate, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-124
*John Knotts, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-125
*Willie Louis Gray, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-126
*John Dunlap, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-128
*Jerry Russum, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-129
*Christine Webster, et. al. v. Minnesota Mining, et. al.*, S.D. Mississippi, C.A. No. 1:03-130

Robert M. Arentson, Jr.
Baker, Donelson, Bearman &
Caldwell
P.O. Box 14167
Jackson, MS 39236-4167

Joe E. Basenberg
Hand, Arendall, Llc
P. O. Box 123
Mobile, AL 36601

Scott W. Bates
Baker, Donelson, Bearman &
Caldwell
P. O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Nathaniel A. Bosio
Dogan & Wilkinson
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Stefan G. Bourn
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue,
N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Steven B. Dick
Brown, Buchanan & Sessoms,
P. O. Box 2220
Pascagoula, MS 39569

Patricia A. Dicke
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Barry W. Ford
Baker, Donelson, Bearman &
Caldwell
P.O. Box 14167
Jackson, MS 39236-4167

Ellen B. Furman
Goldfein & Joseph
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
& Cannada
P. O. Box 22567
Jackson, MS 39225-2567

Mark W. Garriga
Butler, Snow, O'Mara, Stevens
& Cannada
P. O. Box 22567
Jackson, MS 39225

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons &
Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

SCHEDULE OF ACTIONS/PANEL SERVICE LIST - MDL-875

Patrick C. Malouf
Porter & Malouf
P. O. Box 12768
Jackson, MS 39236

Ronald L. Motley
Ness, Motley, Loadholt,
Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Donald C. Partridge
Peters, Redditt, Willoughby,
Zoghby & Carbo
P. O. Drawer 1129
Mobile, AL 36633

William C. Reeves
Markow Walker & Reeves
P.O. Box 13669
Jackson, MS 39236-3669

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**ATTACHMENT B**

## CERTIFICATE OF SERVICE

Thomas W. Tardy, III, Esquire
Forman, Perry, Watkins, Krutz & Tardy
Post Office Box 22608
Jackson, Mississippi 39225-2608

James P. Streetman, III, Esquire
CLARK, SCOTT & STREETMAN, P.A.
Post Office Box 13847
Jackson, Mississippi 39236-3847

Lynn Luker, Esquire
Lisa Newman Sibal, Esquire
Patrick D. McMurtray, Esquire
LUKER SIBAL & McMURTRAY, LLC
616 Girod Street, Suite 200
New Orleans, Louisiana 70130

Joseph J. Stroble, Esquire
Watkins & Eager
Post Office Box 650
Jackson, MS 39205

Patrick Buchanan, Esquire
Brown, Buchanan & Sessoms, P.A.
Post Office Box 1377
Biloxi, MS 39533-1377

Karl Steinberger, Esquire
Roy C. Williams, Esquire
COLINGO, WILLIAMS, HEIDELBERG, STEINBERGER & McELHANEY
Post Office Box 1407
Pascagoula, Mississippi 39568-1407

Thomas W. Tyner, Esquire
AULTMAN, TYNER, MCNEESE, RUFFIN & LAIRD, LTD.
315 Hemphill Street
Post Office Drawer 750
Hattiesburg, Mississippi 39403-0750

Robert W. Wilkinson, Esquire
DOGAN & WILKINSON, PLLC
726 Delmas Avenue
Post Office Box 1618
Pascagoula, Mississippi 39568-1618

David W. Dogan, III, Esquire
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062


David A. Barfield, Esquire
BARFIELD & ASSOCIATES, P.A.
Post Office Drawer 3979
Jackson, MS 39207-3979


Edward Currie, Jr., Esq.
Kristi D. Kennedy, Esq.
CURRIE JOHNSON GRIFFIN GAINES & MYERS
P.O. Box 750
Jackson, MS 39205-0750

Keith D. Obert, Esquire
OBERT LAW GROUP
Post Office Box 2081
Madison, MS 39130-2081


Christy D. Jones, Esquire
Patricia C. Gandy, Esquire
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
Post Office Box 22567
Jackson, MS 39225-2567


Kimberly P. Turner, Esquire
WELLS, MOORE, SIMMONS & HUBBARD, PLLC
1300 AmSouth Plaza
P.O. Box 1970
Jackson, MS 392 15-1970


Robert M. Arentson, Jr., Esquire
BAKER DONELSON BEARMAN & CALD WELL
Post Office Box 14167
Jackson, Mississippi 39236

Paul V. Cassisa, Sr., Esq.
Eugene M. McEachin, Jr., Esq.
BERNARD, CASSISA, ELLIOTT & DAVIS
Post Office Box 1138
Oxford, MS 38655

C. Paul Cavendar, Esquire
Burr & Forman. LLP
420 North 20th Street
3100 South Trust Tower
Birmingham, AL 35203


Joshua J. Wiener, Esquire
WIENER LAW FIRM
Post Office Box 55728
Jackson, MS 39296-5728

Susan Coco, Esquire
Consuelo Walley, Esquire
JUDE & COCO, PA
Post Office Box 17499
Hattiesburg, MS 39404-7499

Joe E. Basenberg, Esq.
HAND ARENDALL
P.O. Box 123
Mobile, AL 36601


John W. Davies, Esquire
Post Office Box 389
Prentiss, MS 39474


James N. Bullock, Esquire
Shell Buford, PLLC
660 Katherine Dr., Suite 402
Jackson, MS 39232


Thomas E. Vaughn, Esquire
Allen, Vaughn, Cobb & Hood, P.A.
P.O. Drawer 240
Gulfport, MS 39502-0240


Ronald G. Peresich, Esquire
Page, Mannino, Peresich & McDermott, PLLC
Post Office Drawer 289
Biloxi, Mississippi 39533

Bruce M. Kuehnle, Jr., Esquire
Bruce M. Kuehnle, Jr., PLLC
P.O. Box 866
Natchez, MS 39122-0866

Michael S. Allred, Esq.
P.O. Box 3828
Jackson, MS 39207