**MDL 875**

SEP - 4 2003

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
CLERK'S OFFICE
FILED
AUG 2 8 2003
BY _____ DEPUTY

WILLIE PATE, *ET AL.*

VERSUS

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*

PLAINTIFFS

CIVIL ACTION NO. 1:03cv124GRo

DEFENDANTS

## ORDER

This cause comes before the Court on motions of the Plaintiffs to remand [18-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [18-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than September 12, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with this motion.

SO ORDERED this the 27th day of August, 2003.

UNITED STATES DISTRICT JUDGE

MDL- 875
RECOMMENDED ACTION
Vacate CTO.226 - 6 actions
Approved/Date: _____

PLEADING NO. 3980

IMAGED SEP 4 '03
OFFICIAL FILE COPY

33 ✓

SEP - 4 2003

FILED
CLERK'S OFFICE
SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 28 2003
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE PATE, *ET AL.*                                              **PLAINTIFFS**

VERSUS                                          CIVIL ACTION NO. 1:03cv124GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                          **DEFENDANTS**


## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [18-1] the above referenced action to the Circuit Court of Hinds County, Mississippi.  The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants:  Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi.  (Removal Notice, p. 4.)  The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 SEP -3  A  9: 58

RECEIVED
CLERK'S OFFICE

32

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 18.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 24.)

## Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court. Accordingly and in accordance with findings made in similar asbestos cases removed to this Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that there is no federal subject matter jurisdiction in this case under the "related to" provision of 28 U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

The continuous frivolous removal of these cases in addition to being burdensome to the Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable hours are spent by court personnel to identify parties and issues involved in lawsuits which have been removed several times from state court.  The Court can only interpret the Carquest Defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases.  Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and sanctions should be denied.  *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977.

## Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [18-1] this case to the Circuit Court of Hinds County, Mississippi, should be granted.  A separate

---

[1] *See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1:02cv137GR.

3

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion

shall issue this date.  Each party shall bear its respective costs in connection with these motions.

THIS the 27th day of August, 2003.


UNITED STATES DISTRICT JUDGE

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2003

FILED
CLERK'S OFFICE

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

AUG 2 8 2003

J. T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN KNOTTS, *ET AL.*                          PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:03cv125GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                DEFENDANTS

## O R D E R

This cause comes before the Court on motions of the Plaintiffs to remand [19-1] the above referenced action to the Circuit Court of Jasper County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [19-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than September 12, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with this motion.

SO ORDERED this the 27th day of August, 2003.

_____
UNITED STATES DISTRICT JUDGE

33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 4 2003

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 2 8 2003

J. T. NOBLIN, CLERK
BY_____DEPUTY

JOHN KNOTTS, *ET AL.*

                                                            PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv125GR

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*

                                                            DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [19-1] the above referenced action to the Circuit Court of Jasper County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants: Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi. (Removal Notice, p. 4.) The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

32

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 19.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 25.)

Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court. Accordingly and in accordance with findings made in similar asbestos cases removed to this Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that there is no federal subject matter jurisdiction in this case under the "related to" provision of 28 U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

The continuous frivolous removal of these cases in addition to being burdensome to the Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable hours are spent by court personnel to identify parties and issues involved in lawsuits which have been removed several times from state court.  The Court can only interpret the Carquest Defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases.  Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and sanctions should be denied.  *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977.

### Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [19-1] this case to the Circuit Court of Jasper County, Mississippi, should be granted.  A separate

---

[1]*See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1:02cv137GR.

3

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with these motions.

    THIS the 27th day of August, 2003.

                                                                                  UNITED STATES DISTRICT JUDGE

4

SEP - 4 2003

FILED
CLERK'S OFFICE
FILED
SOUTHERN DISTRICT OF MISSISSIPPI
AUG 2 8 2003
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LOUIS GRAY, *ET AL.*                                         PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv126GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                              DEFENDANTS

### O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above

referenced action to the Circuit Court of Simpson County, Mississippi.  Pursuant to the Memorandum

Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [16-1] be, and is hereby, granted.  The Clerk

of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for

the Circuit Court of Simpson County, Mississippi after the expiration of ten days of the entry date of

this judgment or by no earlier than September 12, 2003.  It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the

certified copy of this order to the Clerk for the Circuit Court of Simpson County, Mississippi, and that

transfer of this matter shall not be effected until that time.  It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned.  It is

further,

ORDERED that each party shall bear their respective costs associated with this motion.


SO ORDERED this the 27th day of August, 2003.


_____
UNITED STATES DISTRICT JUDGE

29

SEP - 4 2003

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LOUIS GRAY, *ET AL.*                                          **PLAINTIFFS**

VERSUS                                          CIVIL ACTION NO. 1:03cv126GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above referenced action to the Circuit Court of Simpson County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants: Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi. (Removal Notice, p. 4.) The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

28

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 16.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 21.)

Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court. Accordingly and in accordance with findings made in similar asbestos cases removed to this Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that there is no federal subject matter jurisdiction in this case under the "related to" provision of 28 U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

The continuous frivolous removal of these cases in addition to being burdensome to the Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable hours are spent by court personnel to identify parties and issues involved in lawsuits which have been removed several times from state court.  The Court can only interpret the Carquest Defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases.  Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and sanctions should be denied. *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977.

## Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [16-1] this case to the Circuit Court of Simpson County, Mississippi, should be granted.  A separate

---

[1]*See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1:02cv137GR.

3

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with these motions.

THIS the 27th day of August, 2003.

UNITED STATES DISTRICT JUDGE

4

US DISTRICT CLERK    ID:228-436-9632    SEP 03'03 JUDICIAL PANEL ON 003 P.06
MULTIDISTRICT LITIGATION
Case MDL No. 875   Document 3980   Filed 09/04/03   Page 16 of 30

SEP - 4 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
SOUTHERN DISTRICT OF MISSISSIPPI
CLERK'S OFFICE
AUG 2 8 2003
BY _____ DEPUTY

JOHN DUNLAP, *ET AL.*                                                      PLAINTIFFS

VERSUS                                             CIVIL ACTION NO. 1:03cv128GR

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                           DEFENDANTS

## O R D E R

This cause comes before the Court on motions of the Plaintiffs to remand [15-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [15-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than September 12, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with this motion.


SO ORDERED this the 27th day of August, 2003.


_____
UNITED STATES DISTRICT JUDGE

24

SEP - 4 2003

FILED
CLERK'S OFFICE
SOUTHERN DISTRICT OF MISSISSIPPI

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

FILED
AUG 2 8 2003
BY _____ CLERK
_____ DEPUTY

JOHN DUNLAP, *ET AL.*                                          **PLAINTIFFS**

VERSUS                                          CIVIL ACTION NO. 1:03cv128GR

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [15-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants: Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi. (Removal Notice, p. 4.) The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 15.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 19.)

<u>Discussion</u>

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the

Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court.

Accordingly and in accordance with findings made in similar asbestos cases removed to this

Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that

there is no federal subject matter jurisdiction in this case under the "related to" provision of 28

U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

The continuous frivolous removal of these cases in addition to being burdensome to the

Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable

hours are spent by court personnel to identify parties and issues involved in lawsuits which have

been removed several times from state court.  The Court can only interpret the defendants'

actions as an attempt to delay proceedings in state court, especially given the clear legal

precedent available in these cases.  Any further attempt to remove this or similar lawsuits on the

same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either

party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and

sanctions should be denied.  *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997),

*cert. denied* 522 U.S. 977.

## Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [15-

1] this case to the Circuit Court of Jefferson County, Mississippi, should be granted.  A separate

---

[1]*See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1:02cv137GR.

3

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with these motions.

THIS the 27th day of August, 2003.


UNITED STATES DISTRICT JUDGE

4

SEP - 4 2003

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

AUG 2 8 2003

PLAINTIFFS

JERRY RUSSUM, *ET AL.*

VERSUS

CIVIL ACTION NO. 1:03cv129GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*

DEFENDANTS

## O R D E R

This cause comes before the Court on motions of the Plaintiffs to remand [16-1] the above referenced action to the Circuit Court of Jones County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [16-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than September 12, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with this motion.

SO ORDERED this the 27th day of August, 2003.

UNITED STATES DISTRICT JUDGE

27

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
CLERK'S OFFICE
SOUTHERN DISTRICT OF MISSISSIPPI

AUG 2 8 2003

BY _____ DEPUTY

JERRY RUSSUM, *ET AL.*                                    PLAINTIFFS

VERSUS                                                   CIVIL ACTION NO. 1:03cv129GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                          DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above referenced action to the Circuit Court of Jones County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants: Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi. (Removal Notice, p. 4.) The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

26

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 16.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 21.)

### Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the

Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court.

Accordingly and in accordance with findings made in similar asbestos cases removed to this

Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that

there is no federal subject matter jurisdiction in this case under the "related to" provision of 28

U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

The continuous frivolous removal of these cases in addition to being burdensome to the

Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable

hours are spent by court personnel to identify parties and issues involved in lawsuits which have

been removed several times from state court.  The Court can only interpret the Carquest

Defendants' actions as an attempt to delay proceedings in state court, especially given the clear

legal precedent available in these cases.  Any further attempt to remove this or similar lawsuits

on the same basis by any party will be viewed as contempt and dealt with accordingly.

Finally, the Court finds nothing within the motion to merit an award of fees to either

party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and

sanctions should be denied.  *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997),

*cert. denied* 522 U.S. 977.

<u>Conclusion</u>

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [16-

1] this case to the Circuit Court of Jones County, Mississippi, should be granted.  A separate

---

[1]*See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1:02cv137GR.

3

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion

shall issue this date.  Each party shall bear its respective costs in connection with these motions.

   THIS the 27th day of August, 2003.


                                    _____
                                    UNITED STATES DISTRICT JUDGE

4



SEP - 4 2003

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
AUG 2 8 2003
BY_____DEPUTY

| | |
|---|---|
| CHRISTINE WEBSTER, *ET AL.* | **PLAINTIFFS** |
| **VERSUS** | CIVIL ACTION NO. 1:03cv130GRo |
| MINNESOTA MINING AND<br>MANUFACTURING COMPANY, *ET AL.* | **DEFENDANTS** |

## O R D E R

This cause comes before the Court on motions of the Plaintiffs to remand [21-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED that the Plaintiffs' motion to remand [21-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than September 12, 2003. It is further,

ORDERED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED that each party shall bear their respective costs associated with this motion.


SO ORDERED this the 27th day of August, 2003.


UNITED STATES DISTRICT JUDGE

32

SEP - 4 2003

FILED
CLERK'S OFFICE

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 2 8 2003

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTINE WEBSTER, *ET AL.*                                        PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv130GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                               DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on motion of the Plaintiffs to remand [21-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. The Court has duly considered the record in this action in addition to the briefs of counsel and being fully advised in the premises, concludes as follows.

This case was removed following a motion submitted in the petition for bankruptcy filed by Federal-Mogul Global, Inc. [Federal-Mogul] which was filed in the United States Bankruptcy Court for the District of Delaware to transfer to that court all actions and asbestos related claims filed against the following Defendants which will be collectively referred to as the Carquest Defendants: Carquest Corporation; Carquest Auto Parts of N. Jackson, Mississippi; and Carquest Auto Parts of Prentiss County, Mississippi. (Removal Notice, p. 4.) The removal notice contends that the matter is related to the Federal-Mogul bankruptcy issue pending in the United States Circuit Court of Appeals for the Third Circuit, particularly whether that court had subject matter jurisdiction over cases removed pursuant to 28 U.S.C. § 1452. (Removal Notice, p. 3.)

31

The Plaintiffs contend that the Court lacks subject matter jurisdiction over this case because the case is not related to the Federal-Mogul bankruptcy issue. (Ct. R., Doc. 21.) The Honorable Alfred M. Wolin of the Bankruptcy Court for the District of Delaware has recently issued an opinion which denies the Carquest Defendants' motion to transfer this matter to that court. In addition, the Carquest Defendants were dismissed without prejudice from this case on March 11, 2003. (Ct. R., Doc. 25.)

## Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

This suit was removed on the basis of being related to the bankruptcy of Federal-Mogul. (Notice of Removal, p. 1.) The Third Circuit has affirmed the finding of the district court which found that there was no jurisdiction over the cases under section 1452. *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir. 2002), *stay denied* 536 U.S. 978 (August 27, 2002) & *cert. denied* 123 S.Ct. 884 (2003). The Delaware bankruptcy court determined that no ruling would be issued concerning the Carquest Defendants' contention that the matter is related to the Federal Mogul bankruptcy proceedings. (*In Re Federal Mogul Global, Inc.*, Mem. Op. dated Feb. 26,

2

2003, p. 6.)  The mere possibility of the applicability of the indemnity agreement between the
Carquest Defendants and Federal Mogul is not sufficient to confer jurisdiction to this Court.
Accordingly and in accordance with findings made in similar asbestos cases removed to this
Court[1], in addition to the findings of the Third Circuit Court of Appeals, the Court concludes that
there is no federal subject matter jurisdiction in this case under the "related to" provision of 28
U.S.C. § 1334(b) and that the removal of this case based on this provision is improper.

      The continuous frivolous removal of these cases in addition to being burdensome to the
Plaintiffs has become taxing on the resources of the Court and the court family.  Innumerable
hours are spent by court personnel to identify parties and issues involved in lawsuits which have
been removed several times from state court.  The Court can only interpret the Carquest
Defendants' actions as an attempt to delay proceedings in state court, especially given the clear
legal precedent available in these cases.  Any further attempt to remove this or similar lawsuits
on the same basis by any party will be viewed as contempt and dealt with accordingly.

      Finally, the Court finds nothing within the motion to merit an award of fees to either
party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and
sanctions should be denied.  *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997),
*cert. denied* 522 U.S. 977.

## Conclusion

      For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [21-
1] this case to the Circuit Court of Holmes County, Mississippi, should be granted.  A separate

---

[1] *See Johnson, et al. v. ACandS, et al.*, Civil Action No. 1;02cv137GR.

Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs in connection with these motions.

THIS the 27th day of August, 2003.

_____
UNITED STATES DISTRICT JUDGE

4