**MDL 8 75 1**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 5 2003

FILED
CLERK'S OFFICE

PLEADING NO. 3983

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Asbestos Products Liability Litigation (No. VI)          MDL No. 875

**Dawn Yates, Executrix for the Estate of Larry Yates and Dawn Yates Personally, Beth Peters, Executor for the Estate of Betty Barker, Cathy Weyant and Barbara Brewer**

**v.**

**Electric Boat Corporation, Successor-in-Interest to General Dynamics Corporation / Electric Boat Division**

**United States District Court, District of Connecticut**

**303CV0245**

**The Honorable Janet C. Hall**

## MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Plaintiffs, Dawn Yates, et al., hereby respectfully move to vacate the conditional

transfer order and in support, state the following:

1.  That the transfer and consolidation of this action will be an extreme inconvenience

    to the parties, who are all located in a single district,  the State of Connecticut, and

    will not promote just and efficient conduct of litigation.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2003 SEP 15  A 11: 37

RECEIVED
CLERK'S OFFICE

**OFFICIAL FILE COPY**

**IMAGED** SEP 1 6 '03

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

2.  That this action is not multidistrict litigation with multiple defendants.  Indeed, this

    action involves only four plaintiffs represented by a Connecticut law firm and one

    defendant represented by a Connecticut law firm.

3.  That to include this case with actions involving multiple defendants not named in

    this action, headquartered across the country and represented by dozens of attorneys

    will only serve to prejudice and inconvenience the plaintiffs and frustrate the just

    and efficient conduct of this litigation.

4.  That the Federal District Court lacks subject matter jurisdiction and the court's

    jurisdiction has not been established therefore it is premature and inappropriate to

    consolidate this matter with federal multidistrict litigation.

5.  That the plaintiffs pled a cause of action under the common law principle of

    premises liability and proof of liability under this principle is unique and specific to

    this defendant and the defendant's premises therefore is not a common question of

    fact with the other actions consolidated under Section 1407.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

6. That there are no other cases pending before the Judicial Panel on Multidistrict

Litigation against this defendant.  As there are no cases with common questions of

fact consolidated before the panel, this case will remain separate and distinct from

the other cases and discovery will continue as it has in the more convenient forum,

the Connecticut courts.

7. The plaintiffs offer the following brief in support of this motion and respectfully

request that the conditional transfer order be vacated.


Respectfully submitted,
The Plaintiffs, Dawn Yates, Beth Peters,
Cathy Weyant and Barbara Brewer,

By: _____
Melissa M. Olson, Esq. (ct18813)
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
(860) 449-9070 (fax)
molson@embryneusner.com

3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 5 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, this 12th day of September 2003 to the following and to those named on the attached Panel Service List (excerpted from CTO-227), Docket No. 875, In Re Asbestos Products Liability Litigation (No. VI).:

James H. Rotondo, Esq.
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103-3449
Attorney for Electric Boat Corp.

The Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT  06604


Melissa M. Olson, Esq.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

'03 SEP 15 A 11: 38

RECEIVED
CLERK'S OFFICE

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 5 2003

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re Asbestos Products Liability Litigation (No. VI)            MDL No. 875

**Dawn Yates, Executrix for the Estate of Larry Yates and Dawn Yates Personally, Beth Peters, Executor for the Estate of Betty Barker, Cathy Weyant and Barbara Brewer**

**v.**

**Electric Boat Corporation, Successor-in-Interest to General Dynamics Corporation / Electric Boat Division**

**United States District Court, District of Connecticut**

**303CV0245**

**The Honorable Janet C. Hall**

## BRIEF IN SUPPORT OF MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

I.      **BACKGROUND**

Mr. Larry Yates was assigned to work at the Electric Boat Corp.

shipyard in Groton, Connecticut ("EB"), as a shipfitter as a result of his employment with the

United States government and the Supervisor of Shipbuilding. He worked on the overhaul,

RECEIVED
CLERK'S OFFICE
03 SEP 15 A 11: 38
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

repair and construction of submarines at the shipyard. Through his work, Mr. Yates was

exposed to significant amounts of asbestos.  Asbestos blankets were used to protect the workers

and equipment from heat and sparks. Asbestos protective clothing and gloves were worn.

Asbestos was used to insulate pipes, foundry equipment and other equipment in the shipyard

facilities where Mr. Yates worked and was used in the manufacturing processes. As a result of

his work, Mr. Yates came into contact with and breathed and ingested asbestos dust and fibers.

Mr. Yates was exposed to EB's asbestos while on their premises as a business invitee. As a

result of his exposure to asbestos, Mr. Yates developed lung cancer resulting in his death. Mrs.

Yates brought claims for personal injuries and wrongful death pursuant to Connecticut General

Statutes Sections 52-572m, et seq., the Connecticut Products Liability Act ("CPLA") and for

loss of consortium pursuant to Connecticut General Statutes Sections 52-555a and b. Mrs.

Yates also brought a claim pursuant to common law principles of premise liability.

Mrs. Betty Barker was the wife of Mr. Robert Barker. Mr. Barker was a shipfitter and a

painter at EB where he was exposed to EB's asbestos. The asbestos fibers, dust and particles

contaminated Mr. Barker's body and his clothes. He brought EB's asbestos home and

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

contaminated and exposed his wife, Mrs. Barker. As a result, Mrs. Barker developed lung

cancer and died. Mrs. Barker's estate brought a claim pursuant to the CPLA for personal

injuries and wrongful death.

Cathy Weyant and Barbara Brewer are the daughters of Mr. William Dower. Mr. Dower

worked at EB where he was exposed to asbestos causing his body and clothes to become

contaminated with asbestos. Mr. Dower brought EB's asbestos dust, fibers and particles into his

home on his body and person and exposed and contaminated his daughters. Both Cathy Weyant

and Barbara Brewer suffer from asbestos-related disease and have brought claims against EB

based on negligence and products liability under the CPLA for personal injuries.

EB is a Connecticut corporation with its principal place of business at 75 Eastern Point

Road, Groton, Connecticut. EB is a private premise, neither owned nor controlled by the

federal government. EB does some work pursuant to federal contract, but the land has not been

deeded to the federal government by the state legislature, nor is EB situated on land which was

acquired with the consent of the legislature of the State of Connecticut.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

EB used substantial amounts of asbestos in its manufacturing processes. Some was installed on submarines directly, and large amounts were used in the manufacturing process and in the shipyard facilities. Substantial quantities of asbestos used at EB were not used pursuant to any governmental specifications but were provided by EB as part of the course of business. Pipes, foundry equipment and wallboard in the shipyard buildings were covered or insulated with asbestos. Welders and other trades people used asbestos blankets. Workers wore asbestos gloves and other asbestos clothing. Electric Boat also used asbestos in the manufacturing processes. These uses of asbestos were not pursuant to any government specification but by EB's direction and at its command. Although EB knew of the risks and dangers inherent in the use of asbestos, it failed to warn of those dangers and failed to take routine industrial hygiene steps to control asbestos exposure and contamination.

The plaintiffs brought an action against EB in the Superior Court for the Judicial District of Fairfield at Bridgeport to be heard on the state's asbestos docket for injuries and death caused by exposure to asbestos-containing products of EB and asbestos used at the EB shipyard. EB was served with a copy of the writ, summons and complaint on January 10, 2003.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

EB filed an appearance in the Bridgeport Superior Court on February 7, 2003. On the same

day, EB filed a Notice for Removal to Federal District Court on the grounds of federal question

jurisdiction alleging the defenses of federal enclave and government contractor.  On May 27,

2003, EB requested that this action be transferred and consolidated with the Judicial Panel on

Multidistrict Litigation.

## II.    DISCUSSION

The General Rules for Multidistrict Litigation under 28 U.S.C. Section 1407 allow for

the transfer and consolidation of pretrial proceedings in civil actions pending in a district court

and involving common questions of fact with actions previously transferred under this Section.

These are defined as "tag-along actions".  (Rules of Procedure for Multidistrict Litigation, Rule

1.1).

The intent of Congress in enacting this section was to permit the centralization in one

district of all pre-trial proceedings when civil actions involving one or more common questions

of fact are pending in different districts.  The objective of the legislation is to provide

centralized management under court supervision of pretrial proceedings in multidistrict

**EMBRY AND NEUSNER**
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341  JURIS NUMBER 102932

litigation to assure just and efficient conduct of such actions and to avoid duplicative and repetitive discovery and inconsistent rulings. *See Matter of New York City Mun. Securities Litigation*, C.A.2, 1978, 572 F.2d 49.

Transfers are made to this judicial panel when it is determined that the transfer will be for the convenience of parties and witnesses and will promote just and efficient conduct in such actions. 28 U.S.C. 1407(a). "The Panel's function is not to supervise the exercise of any individual party's right to transfer, for truly no such right exists. Rather the Panel weighs the interests of all the parties, considers multidistrict litigation as a whole in light of the purposes of Section 1407, and only then makes its determination regarding transfer." *In re New York City Municipal Securities Litigation*, 439 F. Supp. 267, 270 (1977); *see also In re Library Editions of Children's Books*, 297 F. Supp. 385 (Jud.Pan.Mult.Lit. 1968).

Conditional transfer orders are vacated when the transfer does not serve the convenience of the parties and witnesses or promote efficient management of pre-trial proceedings. *In re Molinaro/Catanzaro Patent Litigation,* Jud.Pan.Mult.Lit 1975, 402 F. Supp. 1404.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Where a minimum number of actions are under consideration for transfer, the party moving for transfer has a strong burden to show that common questions of fact are so complex and accompanying discovery so time consuming that transfer would serve the convenience of parties and witnesses and promote just and efficient conduct in the litigation. *In re Raymond Lee Organization, Inc. Securities Litigation*, Jud.Pan.Mult.Lit 1978, 446 F.Supp. 1266.

Transfer and consolidation of the case *sub judice* does not serve the purpose, objective or intent of this section.

The transfer of this case will not be for the convenience of the parties and will, in fact, unduly burden the parties with unnecessary travel and inefficient use of time. The four plaintiffs live in Connecticut and Rhode Island. The treating physicians and expert witnesses named in plaintiffs' initial disclosure of expert / diagnostic witnesses are located primarily in Connecticut, Rhode Island and Massachusetts. Plaintiffs' counsel is located in Groton, Connecticut. The principal place of business of EB, the sole defendant, is in Groton, Connecticut. Defendant's counsel is located in Hartford, Connecticut. Employees and, therefore, potential witnesses regarding EB's asbestos products and exposure to asbestos at

11

EB's premises live in the Groton, Connecticut area.  Records, documents and other materials to be produced in this matter are housed at EB's facility in Groton, Connecticut.  The ties to Connecticut are overwhelming.  The transfer of this case will promote inefficient conduct as counsel will be required to travel from Connecticut, where the parties are located and the discovery materials are retained, to attend proceedings.  The proceedings should be maintained in Connecticut where it is most convenient for all the parties and court appearances are most easily attended.

This is not a multidistrict case in which multiple defendants to one action are located across the country and a more convenient forum must be established to fairly manage the proceedings.  This matter involves only one defendant who is located within a twenty-five mile radius of the four plaintiffs.  Diversity of citizenship has not been alleged.  The District of Connecticut is the only appropriate federal forum, should federal subject matter be determined, and the matter should be maintained in Connecticut to promote the convenience of the parties and just and efficient management of pre-trial proceedings.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

The discovery in this matter is not so complex that it cannot be managed by the Connecticut courts. This is a case involving one jurisdiction and one defendant. Discovery has commenced and is proceeding according to a schedule approved by the Honorable Janet C. Hall. The plaintiffs are represented by one Connecticut law firm and the defendant is represented by one Connecticut law firm. Communication between the parties has been steady and timely. Counsel for the parties has been successful in resolving issues regarding the need for additional time to respond to discovery requests and other disputes. The Judge has responded promptly. To include this action with actions involving multiple defendants who are not named in this action, are headquartered across the country and are represented by dozens of attorneys, will only serve to prejudice and inconvenience the plaintiffs by slowing down the proceedings and the discovery process with unnecessary deadlines and needless concern with unrelated and irrelevant details, parties and issues. This fact is made clear even by the required service of this motion and brief. The plaintiffs are required to serve nineteen parties who have not been named in this matter and have no standing.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

While this matter involves individuals who were exposed to asbestos and suffered personal injuries and wrongful death as a result of their exposure, the questions of fact are dissimilar from those presented in third party actions against asbestos manufacturers.

Federal subject matter jurisdiction has not been established nor determined in this matter. A transfer to the Judicial Panel on Multidistrict Litigation cannot be made unless the district court properly has subject matter jurisdiction. *Bancohio Corporation v. Fox*, 516 F.2d 29, 32 (1975). The Court held in *Bancohio* that no matter how desirable the respondents felt it may have been to consolidate litigation, "there is nothing in the applicable statute to provide an exception to the rules normally governing removal of cases from state courts." *Id.* at 32.

The absence of jurisdiction is non-waivable, therefore before deciding any case, the Federal court must be assured that the case is properly within federal jurisdiction. *Perpetual Securities, Inc. v. Tang,* 290 F.2d 132, 136 (2d Cir. 2002);  *Wynn v AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001).

The defendant has not alleged that this case does not arise solely under state law nor has it alleged diversity of citizenship or that the amount in controversy is greater that the statutorily

14
EMBRY AND NEUSNER

required $75,000.00. 28 U.S.C. Section 1332. Therefore, for federal subject matter jurisdiction to exist, the dispute must be based on a federal question. In fact, the dispute raises no federal question; rather EB bases its action for removal on federal defenses, claiming that EB is a federal enclave and that government contracts specified the use of asbestos.[1] The allegation of a defense founded on federal law is insufficient to merit removal to a federal court. As a defense, it does not appear on the face of a well-pleaded complaint and therefore does not authorize removal to federal court.

The questions of fact to be explored regarding the federal enclave and government contractor defense and their lack of application to EB are specific and unique to this matter and to this defendant. Resolution of these issues will not be assisted by discovery completed or on-going in other cases against third party asbestos manufacturers. Moreover, it is premature and

---

[1] The federal enclave defense arises from Article 1, sec. 8, clause 17 of the Unites States Constitution which grants to the United States "exclusive legislation over forts, magazines, arsenals, dockyards and other needful buildings, when lands therefore are acquired with the consent of the legislature of the state of their situs". *Mater v. Holley, et al.*, 200 F.2d 123 (5th Cir. 1952); *Akin v. Big Three Industries, Inc., et al.*, 851 F.Supp. 819 (E.D. Tex. 1994). The government contractor defense, set forth by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500, 108 S.Ct. 2518, 103 L.Ed. 99 (1989), states that liability for design defects in military equipment cannot be imposed under state law if the United States approved reasonable precise specifications; the equipment conformed to those specifications; and the supplier warned the United States about the dangers in use of the equipment. *Boyle,* 487 U.S. at 512, 108 S.Ct. 2518, 103 L.Ed. 99.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

inappropriate to transfer and consolidate this matter with multidistrict federal litigation before federal subject matter jurisdiction has been established.

The plaintiffs have also pled a cause of action under the common law principle of premises liability.  The proof of EB's liability under this principle is unique and specific to this defendant and the defendant's premises.  This is not a common question of fact with the other actions consolidated under Section 1407.  Inclusion of this action with those involving exposure to asbestos of the third party manufacturers will not promote swift and efficient conduct of litigation in this matter.

The action is distinct from those filed against third party asbestos manufacturers. One of the main objectives of MDL is to avoid the multidistrict litigation of cases in which there are substantially common issues.  This is to avoid duplicative pre-trial discovery and potentially inconsistent rulings.  Plaintiffs' counsel, however, has confirmed with the judicial panel that there are no other cases pending against this defendant.  It is clear that there are no cases with common questions of fact consolidated before the judicial panel on multidistrict litigation.  This action will remain distinct and separate from the other cases and discovery will continue,

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

unique to this case, as though it remained in the more convenient forum, the Connecticut courts.

## III.   CONCLUSION

EB is not a defendant that has been named in a sufficient number of actions so that prior discovery will satisfy plaintiffs' requests in this matter.  To consolidate this matter with four plaintiffs and one defendant in one jurisdiction with actions involving multiple districts, multiple defendants and multiple attorneys will only serve to inconvenience the parties and impede discovery and pre-trial proceedings.  Universal pre-trial orders and discovery management will not be applicable to this defendant as the questions of fact and theories of this action are specific and unique to EB.  For the above stated reasons, the plaintiffs move to vacate the consolidated transfer order and respectfully request that this matter be remanded to the District Court of Connecticut for determination of federal subject matter jurisdiction.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

The Plaintiffs, Dawn Yates, Beth Peters,
Cathy Weyant and Barbara Brewer,

By: _____

Melissa M. Olson, Esq. (ct18813)
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT  06340
(860) 449-0341
(860) 449-9070 (fax)
molson@embryneusner.com

EMBRY AND NEUSNER

P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 5 2003

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re Asbestos Products Liability Litigation (No. VI)**      **MDL No. 875**

## SCHEDULE OF ACTIONS

Dawn Yates, Executrix for the Estate of Larry Yates and Dawn Yates Personally, Beth Peters for the Estate of Betty Barker, Cathy Weyant and Barbara Brewer

v.

Electric Boat Corporation, Successor-in-Interest to General Dynamics Corporation / Electric Boat Division

United States District Court, District of Connecticut

303CV0245

The Honorable Janet C. Hall

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 5 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, this 12th day of
September 2003 to the following and to those named on the attached Panel Service List
(excerpted from CTO-227), Docket No. 875, In Re Asbestos Products Liability Litigation (No.
VI):

James H. Rotondo, Esq.
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT  06103-3449
Attorney for Electric Boat Corp.

The Honorable Janet C. Hall
United States District Court
District of Connecticut
915 Lafayette Blvd.
Bridgeport, CT  06604

_____
Melissa M. Olson, Esq.

RECEIVED
CLERK'S OFFICE
2003 SEP 15  A 11: 38
MDL PANEL ON
MULTIDISTRICT
LITIGATION

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

# PANEL SERVICE LIST (Excerpted from CTO-227)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Dawn Yates, et al. v. Electric Boat Corp.*, D. Connecticut, C.A. No. 3:03-245

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James H. Rotondo
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3449

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406