**ORIGINAL**

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

1   John Dudrey, OSB #73081
    WILLIAMS FREDRICKSON, LLC
2   1515 S. W. Fifth Avenue, Suite 844
    Portland, OR  97201-5447
3   Telephone:   (503) 222-9966
    Telecopier:  (503) 796-1009
4   e-mail:      dudrey@aol.com

5   Attorneys for Defendant Railko, Ltd.

6

7

8

9            BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

10

11   IN RE ASBESTOS PRODUCTS LIABILITY )   MDL Docket No. 875
     LITIGATION (No. VI) (CTO-227)     )
12                                     )   (Roy Jones v. Railko, Ltd.,
     _____ )   et al., D. Oregon, Civil
13                                     )   No. 03-CV-0008-AA)
                                       )
14                                     )   MEMORANDUM OF RAILKO, LTD.,
                                       )   IN OPPOSITION TO MOTION TO
15                                     )   VACATE CONDITIONAL TRANSFER
                                       )   ORDER
16

17            Railko, Ltd., submits this memorandum in opposition to

18   the motion of Roy Jones (Jones) to vacate the conditional transfer

19   order issued for the Panel on August 18, 2003.  The full docket

20   title of the action to which Jones' motion applies is as follows:

21        Roy Jones v. Railko, Ltd., and Keystone Shipping Co.

22   The action is pending in the United States District Court for the

23   District of Oregon.  That court's docket number is 03-CV-0008-AA.

24   The action has been assigned to United States District Judge Ann

25   Aiken.

26

     -1-  MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
Page      VACATE CONDITIONAL TRANSFER ORDER

IMAGED OCT 3 '03

**OFFICIAL FILE COPY**

**ARGUMENT**

**JONES HAS FAILED TO STATE SUFFICIENT REASONS FOR
THE PANEL TO VACATE THE CONDITIONAL TRANSFER ORDER**

The premise of the conditional transfer order that issued on August 18, 2003, is that there appear to be "questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner."

Jones' arguments, including but not limited to the arguments that are properly before the Panel, establish that very point.

He argues that his case is like every other Oregon hazardous-product case. (Brief in Support, etc., p. 1)  Railko agrees.  Jones' claims, for intentional infliction of severe emotional distress, for battery, for negligence (in three counts), and for fraudulent representation, all arise under Oregon's product-liability statute, ORS 30.900 et seq.[1], because he premises each of his claims on allegations that he has been injured by using a product that was manufactured by Railko and sold without proper warnings or instructions.[2]  See <u>Kambury v. DaimlerChrysler Corp.</u>, 185 Or App 635, 638-39, 60 P3d 1103, 1104-05 (2003).  The fact that Jones does not characterize his claims as product-liability claims

---

[1]    See Appendix, pp. 1-2.

[2]    A copy of Jones' complaint is attached to this memorandum; see Appendix, pp. 3-12.

-2-   MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
Page      VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1   is not controlling, not even with respect to his claims based on

2   allegations of intentional misconduct.  See Kambury, 185 Or App at

3   639-40, 60 P3d at 1105, citing Philpott v. A. H. Robbins Co., 710

4   F2d 1422, 1424 (9th Cir. 1983), with approval.

5          However, the fact that Jones would have pled the same

6   claims if his alleged injury had involved, say, an exposure in

7   Oregon to chemical fumes does not assist him.  His problem is that

8   his asbestos product-liability claims are like the claims that

9   plaintiffs plead in nearly every other asbestos product-liability

10  action.  Like every other plaintiff who alleges injury from

11  exposure to airborne asbestos fibers, he will have to prove the

12  dangerousness of the product, a failure to warn or instruct,

13  physical injury of some kind (in Jones' case so he can allege

14  emotional distress), damages, and with respect to punitive damages,

15  Railko's awareness of the hazard, its concealment of the hazard,

16  its attitude "upon discovery of the misconduct," and other factors

17  set out in ORS 18.537(1) and ORS 30.925.[3]

18

19         Jones' surmise that Railko has not been sued previously

20  "in asbestos litigation" is correct.  (Declaration of James E.

21  McCandlish, etc., ¶ 10)  Nevertheless, that fact does not

22  demonstrate the absence of common questions of fact.  Not only are

23  Jones's claims against Railko seen every day in the asbestos

24

25

26  [3]     See Appendix, pp. 1-2.

-3-  MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
Page   VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1  product-liability litigation, Jones fails to note that Keystone

2  Shipping Company, the co-defendant, has been named as a defendant

3  in 5,303 asbestos cases that have been transferred to MDL No. 875,

4  including 19 currently active cases.   (Affidavit of Barrie L.

5  Bianco, p. 1)

6          Jones attempts to differentiate his claims from all other

7  asbestos product-liability claims by the disingenuous assertion

8  that "asbestos is not involved causally except inasmuch as it is a

9  regulated hazard.   The regulated hazard could have been any

10  regulated substance that was unsafe to handle without following

11  specific safety protocols."  (Brief in Support, etc., p. 3)  His

12  attorney even reveals that Jones "has a separate claim with

13  separate counsel for asbestos related disease for exposures

14  incurred in the railroad and ship yards suffered decades ago.  The

15  damages in the federal complaint relate principally to the [sic]

16  coverup and fraud."   (Declaration of McCandlish, etc., ¶ 9)

17  However, at Paragraph 26 of his complaint, Jones alleges:

18

19              As a result of the acts of defendants as set
20              forth above, Jones has suffered severe
                emotional distress from knowing that he has
21              been further exposed to airborne asbestos
                fibers, given that his lungs have now been
22              diagnosed as demonstrating parenchymal
                findings compatible with asbestos related
23              interstitial fibrosis.   This lung condition
                was caused by previous asbestos exposures in
24              connection with Jones' historical work as a
                railroad employee.  Jones now worries that the
25              exposures he has had to asbestos from

26

Page   -4-  MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
            VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1  machining Railko bearings will exacerbate or
2  worsen his pre-existing lung abnormality.
   . . .

3  (Appendix, p. 8)

4      Jones therefore has put his physical state, as well as

5  his emotional condition, at issue in his action against Railko and

6  Keystone. As indeed he must, notwithstanding his apparent attempt

7  to split a unitary cause of action by suing elsewhere for part of

8  his alleged damages, because Oregon follows the "impact rule" in
9
   tort cases where the alleged damage consists of emotional distress
10
    and there is no "special relationship" between the parties.  See
11
12  Hammond v. Central Lane Communications Center, 312 Or 17, 27-28,

13  816 P2d 593, 598-99 (1991).  Therefore, Jones has pled, because he

14  must prove, that some physical injury resulted from his alleged

15  exposure to Railko's product.  Cf.  Ingram v. ACandS, Inc., 977 F2d

16  1332, 1343-44 (9th Cir. 1992) (in asbestosis case controlled by

17  Oregon law, held that evidence that insulator worked only for short

18  time with defendants' products and had "somewhat scant" exposure to

19  them sufficed to create issue for jury as to whether exposure to

20  those products played a role in causing his injuries).[4]

21

22      [4]  If the Panel credits counsel's avowal that Jones "does
23  not intend to try to establish that the June, 1999, exposure has
    actually negatively impacted the health of his lungs," the Panel
24  will have to accept that Jones is willing to concede that he has
    not stated a claim for damages under Oregon law in order to
25  persuade it to remand his action.  (Declaration of McCandlish,
    etc., ¶ 9)
26

-5-  MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
Page   VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue · Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1    The Panel should reject Jones' straw-man argument that

2   the recent decision of the Oregon Court of Appeals concerning

3   punitive damages in <u>Bocci v. Key Pharmaceuticals, Inc.</u>, 189 Or App

4   349, --- P3d --- (Sept. 10, 2003), <u>petition for reconsideration</u>

5   <u>pending</u>, "vastly" reduces any conservation-of-resources reason that

6   might otherwise support transfer of his action.  On the one hand,

7   he improperly attempts to try his case by affidavit, to demonstrate

8   egregious behavior on Railko's part, while on the other hand he

9   attempts to assure the Panel that any punitive-damages "hit" would

10  likely be in "the single digit ratio." (Declaration of McCandlish,

11  etc., ¶¶ 6-7; Brief in Support, etc., pp. 3-4)  Suffice it to say,

12  Railko will vigorously contest Jones' assertions concerning failure

13  to provide product cautions and warnings and his accusations of

14  trickery and concealment.  Finally, for what it is worth, the

15  decision of a three-judge panel of the intermediate Oregon

16  appellate court is not necessarily the last word in the <u>Bocci</u> case,

17  whether in state or federal court.

18

19                              **CONCLUSION**

20       For the reasons stated, the Panel should deny Jones'

21  motion to vacate the conditional transfer order.  The Panel should

22  / / /

23  / / /

24  / / /

25

26

Page  -6-  MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
          VACATE CONDITIONAL TRANSFER ORDER

1   instruct the Clerk to send the order to the clerk of the District

2   Court in Oregon for filing and transfer of this action.

3         DATED this _____1st_____ day of October, 2003.

4                 WILLIAMS FREDRICKSON, LLC

5

6                 John Dudrey, OSB# 73081

7                 Of Attorneys for Defendant
                  Railko, Ltd.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page  -7-   MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO
       VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

**ORIGINAL**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) (CTO-227) | ) ) ) ) ) ) ) ) ) ) ) ) |

MDL Docket No. 875

(Roy Jones v. Railko, Ltd., et al., D. Oregon, Civil No. 03-CV-0008-AA)

AFFIDAVIT OF BARRIE L. BIANCO

Page

RECEIVED
CLERK'S OFFICE
2003 OCT -2 A 10: 54
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

## AFFIDAVIT

STATE OF PENNSYLVANIA    )
                                 )
COUNTY OF ALLEGHENY    )

I, BARRIE L. BIANCO, do swear and affirm that the following facts are true and correct to the best of my knowledge.

On September 9, 2003, I conducted various searches using the PACER System to determine whether any asbestos cases were pending against Keystone Shipping Company or Keystone Tanker in the federal courts. I conducted this search at the direction of John Dudrey, a lawyer at Williams Fredrickson, LLC, counsel for Railko, Ltd.

My PACER search for Keystone Shipping Company yielded two asbestos cases filed in the federal courts, but both cases were closed and neither had been transferred to MDL 875 in Philadelphia. My PACER search for Keystone Tanker revealed one case pending in MDL 875, and that case had been transferred from the Eastern District of Texas.

Since every court does not participate in the PACER System, I contacted the MDL 875 Clerk in Washington, D.C. and she conducted a name search and faxed me the results. Keystone Shipping Company has been named in 5,303 asbestos cases that have been transferred to the MDL 875 in Philadelphia. Of those cases, 19 are still currently active in MDL 875.

Keystone Tanker has been named as a defendant in 62 asbestos cases transferred to MDL 875 in Philadelphia. Of those 62 cases, one is still active and pending in MDL 875.

Further this affiant sayeth not.

_BARRIE L. BIANCO_
BARRIE L. BIANCO

SWORN to and subscribed before me this 26th day of September, 2003.

_Mary Beth Brady_
Notary Public

My Commission Expires

Notarial Seal
Mary Beth Brady, Notary Public
Mt. Lebanon Twp., Allegheny County
My Commission Expires Nov. 17, 2005

Member, Pennsylvania Association Of Notaries

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

1          <u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that I served true copies of the

3     foregoing Affidavit of Barrie L. Bianco upon each of the persons

4     named in the attached Panel Service List by first-class mail,

5     postage prepaid, on October 1, 2003.

6

7

8                    John Dudrey, OSB # 73081
                     Of Attorneys for Defendant
9                    Railko, Ltd.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page   -1-   CERTIFICATE OF SERVICE

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Roy Jones v. Railko, Ltd, et al., D. Oregon, C.A. No. 6:03-8*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Daniel F. Knox
Schwabe, Williamson &
Wyatt
Pacwest Center
1211 SW 5th Avenue
Suites 1600 – 1900
Portland, OR 97204-3795

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
PO Box 1008
Columbus, OH 43216

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli,
LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Ste. 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1270 Penobscot Building
Detroit, MI 48226

James E. McCandlish
Griffin & McCandlish
111 SW Naito Parkway
2nd Floor
Portland, OR 97204-3500

Andrew J. Trevelise
Red Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
PO Box 1792
Mt. Pleasant, SC 29464

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
PO Box 998
Cedar Rapids, IA 52406

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
32 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Susan M. Hansen
Brownson & Ballou
4800 US Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

1

**APPENDIX**

2

**Oregon Product-Liability Statute (Excerpts)**

3

ORS 30.900 (2001) provides as follows:

4
5
6
7

As used in ORS 30.900 to 30.920, 'product liability civil action' means a civil action brought against a manufacturer, distributor, seller or lessor of a product for damages for personal injury, death or property damage arising out of:

8
9

(1) Any design, inspection, testing, manufacturing or other defect in a product;

10

(2) Any failure to warn regarding a product; or

11
12

(3) Any failure to properly instruct in the use of a product.

13

* * * * *

14

ORS 30.925 (2001) provides as follows:

15
16

(1) In a product liability civil action, punitive damages shall not be recoverable except as provided in ORS 18.537.

17
18

(2) Punitive damages, if any, shall be determined and awarded based upon the following criteria:

19
20

(a) The likelihood at the time that serious harm would arise from the defendant's misconduct;

21
22

(b) The degree of the defendant's awareness of that likelihood;

23
24

(c) The profitability of the defendant's misconduct;

25

(d) The duration of the misconduct and any concealment of it;

26

-1-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
Page   MOTION TO VACATE CONDITIONAL TRANSFER ORDER

1

        (e) The attitude and conduct of the defendant upon discovery of the misconduct;

2

3

        (f) The financial condition of the defendant; and

4

        (g) The total deterrent effect of other punishment imposed upon the defendant as a result of the misconduct, including, but not limited to, punitive damage awards to persons in situations similar to the claimant's and the severity of criminal penalties to which the defendant has been or may be subjected.

5

6

7

8

        * * * * *

9

ORS 18.537(1) (2001) provides as follows:

10

11

        (1) Punitive damages are not recoverable in civil cases unless it is proven by clear and convincing evidence that the party against whom punitive damages are sought has acted with malice or has shown a reckless and outrageous indifference to a highly unreasonable risk of harm and has acted with a conscious indifference to the health, safety and welfare of others.

12

13

14

15

16

        * * * * *

17

18

19

20

21

22

23

24

25

26

Page   -2-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO MOTION TO VACATE CONDITIONAL TRANSFER ORDER

James E. McCandlish
GRIFFIN McCANDLISH
111 SW Naito Parkway - 2nd Floor
Portland, OR  97204
Telephone:  503-224-2349
Facsimile:  503-224-3634
E-mail:j@mccandlish.com
OSB No. 75246

Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### Portland Division

CV '03   0008

| | |
|---|---|
| ROY JONES, | Case No. CV |
| Plaintiff, | COMPLAINT |
| | (Intentional Infliction of Severe |
| | Emotional Distress; Battery; |
| v. | Negligence (3 Counts); and Fraudulent |
| | Representation) |
| RAILKO LTD., A British company;  and | |
| KEYSTONE SHIPPING CO., a Delaware | |
| Corporation, | JURY TRIAL REQUESTED |
| Defendants. | |

### PARTIES

1.   Plaintiff, Roy S. Jones ("Jones"), is a machinist who in June, 1999, machined a set of stern tube bearings that, unbeknownst to him, contained chrysolite asbestos, a hazardous substance regulated by federal and state OHSA rules and regulations.  Jones resultingly took no safety precautions whatsoever; and brings suit against the manufacturer/exporter and part owner/distributor responsible for insuring that notice of the hazardous nature of the material accompanies the product in commerce and is otherwise given to downstream users. Jones alleges further that defendants failure to notify was an intentional cover up of the hazardous nature of the

Page 1 - COMPLAINT

Griffin McCandlishs
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

Certified to be a true and correct
copy of original filed in my office.
Dated _/ 30/03_
Donald M. Cinnamond, Clerk
By _____ Deputy

— 1 —

447937

-3-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1   bearings, a deceit motivated by defendants concern for corporate profits over Jones' health.

2   2.   Defendant Railko, Ltd. ("Railko"), a British company headquartered in

3   Buckinghamshire, England, is a worldwide specialist in plastic bearing technology engaged in

4   the commercial manufacture, export and distribution of ship spare parts, including the large

5   sectionalized stern tube bearings containing crysolite asbestos in question.  These bearings

6   encase and protect the stern shaft of oceangoing oil tankers.

7   3.   Defendant, Keystone Shipping Co. ("Keystone") is a Delaware corporation,

8   headquartered in Bala Cynwyd, Pennsylvania.  In 1997, Keystone purchased the stern tube

9   bearings in question from Railko and had them shipped directly to Portland, Oregon for storage

10   until needed in the drydocking of the S.S. Denali in June, 1999.

11   **RELATED PENDING LITIGATION**

12   4.   Jones is also the plaintiff in *Jones v. Alaska Tanker Company, LLC, Cascade*

13   *General, Inc. and Simplex-Turmar, Inc.* currently set for trial in Multnomah County Circuit Court

14   (Case No. 010605669) to begin January 6, 2002.  Pending before the state court will be Jones's

15   Motion to Amend to allow filing of a 2nd Amended Complaint adding Railko and Keystone as

16   defendants pursuant to ORCP 23C.  If this motion is granted, the state court action will be reset

17   for trial at a future date.  If not, trial will commence against the named defendants therein.

18   **ALLEGATIONS OF FEDERAL JURISDICTION**

19   5.   This court has diversity jurisdiction by virtue of the fact that the citizenship of

20   each defendant is different from that of Jones, and the amount in controversy exceeds, exclusive

21   of interest and costs, the sum specified by 28 U.S.C. § 1332.

22   6.   Jones is a citizen of the State of Oregon.

23   7.   This court has federal question jurisdiction under 28 U.S.C. § 1331 as this

24   matter involves international commerce and federal occupational and health safety rules and

25   regulations (OHSA) contained in 29 C.F.R. §§ 1910 and 1915.  This court further has ancillary

26   or supplemental jurisdiction over related state OSHA and common law tort claims.

Page 2 - COMPLAINT

Griffin McCandlish
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

-4-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
Page      MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

## ALLEGATIONS OF PERSONAL JURISDICTION AND VENUE

8.     This court has jurisdiction over Railko and venue properly lies in Oregon because:

    (a)    Railko has directly or through its agent, Simplex-Turmar Inc. ("STI"), a New York corporation, contracted to do business in the United States, and more specifically in Oregon by causing the stern tube bearings in question to be exported from England directly to Portland, Oregon for storage until needed in ship repair to be performed in Oregon.  That ship repair did in fact occur in June, 1999 in Oregon.

    (b)    Railko's representative, David Taylor ("Taylor"), hired by Railko's agent STI performed services in person in the United States, and more particularly in Oregon.

    (c)    The tortious injury occurred in the United States, more specifically in Oregon, even though some of the complained of acts and omissions occurred outside of this state and the United States.

    (d)    Railko regularly does or solicits business in the United States and derives substantial revenue from goods used or consumed, or services rendered in the United States.

9.     This court has jurisdiction over Keystone and venue properly lies in Oregon because:

    (a)    The bearings in question were purchased by or on behalf of Keystone, and stored in Portland, Oregon on behalf of Keystone.

    (b)    Keystone arranged for Taylor to fly to Oregon to attend the removal of the damaged stern tube bearings from the S.S. Denali ("Denali"), machining of the new bearings in storage and installation of the newly machined bearings while the Denali was in drydock in Oregon.

Page 3 - COMPLAINT

Griffin McCandlishs
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

-5-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
Page      MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

(c)     Keystone hired the Port Engineer in charge of the Denali dry-dock repairs, who personally attended the dry-docking activities in Oregon

(d)     At all times relevant to this action, Keystone conducted regular, sustained, and not isolated business activity in the state of Oregon.

**GENERAL ALLEGATIONS**

10.     In 1994, Railko sent a representative, David Newell ("Newell") to Woodburn, Oregon to oversee the machining of the SS Denali's stern tube bearings that were being removed and replaced in June, 1999. These bearings were machined by a small machine shop, Industrial Machining Inc. ("the Woodburn shop").

11.     Newell did not inform the Woodburn shop that the Railko WA80H stern tube bearings contained regulated hazardous material until after the job had been started or completed. Newell then misinformed or misled the Woodburn shop into believing that the amount of asbestos in the product was so slight as not to be of any concern to human health. The Woodburn shop resultingly failed to machine the ACM in compliance with OSHA rules and regulations.

12.     The WA80H Railko stern tube bearings contain approximately 18 to 25% asbestos crysolite asbestos.  Any product containing more than one percent crysolite asbestos is hazardous material requiring machining in full compliance with the protections of federal and state OHSA rules and regulations.

13.     Newell misled the Woodburn machine shop into performing the machining work illegally to avoid the high financial cost of delay and the additional expense of proper safety compliance that would have necessarily been incurred if proper safety procedures would have been followed.

14.     In May, 1999, Keystone contracted with Railko's exclusive American agent, STI, to send Taylor to Portland to attend the stern tube bearing changeover. Taylor inspected Liberty Ironworks at or near the time Jones and his boss, Tom Weisner, began performing the work on the bearing material. Taylor knew that the shop was not properly equipped to handle

Page 4 - COMPLAINT

Griffin McCandlishs
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

machining asbestos-containing material and remained silent..

15.     As a result, Jones machined four sections of stern tube bearing without protective equipment being worn or protective measures being taken.  Copious amounts of airborne hazardous chrysolite fibers were taken into Jones' lungs over the course of the next two days..

16.     The crates containing the bearings to be machined had been previously opened prior to arriving at Liberty Ironworks; and had  no hazardous warnings, labels or MSDS sheets accompanying them.  Taylor waited until after the machining was completed to disclose to Jones and Liberty Ironworks for the first time that the WA80H Railko product contained asbestos.

17.     Taylor knowingly and actively concealed from Jones the fact that the bearing material contained asbestos.

18.     29 CFR 1910.1200, et. seq. requires that Railko ensure that the asbestos containing product be labeled as such with an appropriate hazardous substance warning; and further that an appropriate MSDS accompany each crate.

19.     Simplex Turmar as Railko's exclusive agent has maintained throughout the state court litigation referred to above that Railko shipped the crates originally with the appropriate labels, warnings and MSDS sheet.

20.     In mid December, 2002, Jones learned for the first time contrary to Simplex-Turmar's express representations that other Railko's stern tube bearing crates shipped directly from Railko's factory did not contain the labels and warnings required by federal and state OHSA rules and regulations and showed no evidence of having previously been opened.

## FIRST CLAIM FOR RELIEF

### (Intentional Infliction of Severe Emotional Distress)

21.     Jones realleges and incorporates herein by reference ¶¶ 1-20 above.

22.     Prior to Jones and his employer machining the Railko stern tube bearings, defendants knew that the Railko marine propeller shaft bearing material contained asbestos.

Page 5 - COMPLAINT

**Griffin McCandlishs**
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

-7-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
      MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue · Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

Defendants knew that machining the bearing material would create hazardous levels of respirable dust, and that workers machining the bearing material, including Jones, would be exposed to hazardous levels of respirable asbestos dust. Defendants intentionally hid the hazardous nature of the bearings from Jones and his employer or failed to warn of the existence of the hazard.

23.     Defendants intended to inflict severe emotional distress on Jones, or were substantially certain that their actions would inflict severe emotional distress on plaintiff as a result of knowingly exposing Jones and his employer to hazardous levels of respirable asbestos fibers.

24.     The acts of defendants caused Jones to experience severe emotional distress.

25.     The acts of defendants constituted an extraordinary transgression beyond the bounds of socially tolerable conduct in that defendants knowingly exposed Jones to respirable asbestos dust, which is capable of causing incurable, progressive respiratory diseases. Jones requests an award of punitive damages in a reasonable amount not to exceed Ten ($10) million dollars  to punish defendants for their conduct and to deter defendants and others in the community from engaging in such conduct.

26.     As a result of the acts of defendants as set forth above, Jones has suffered severe emotional distress from knowing that he has been further exposed to airborne asbestos fibers, given that his lungs have now been diagnosed as demonstrating parenchymal findings compatible with asbestos related interstitial fibrosis.   This lung condition was caused by previous asbestos exposures in connection with Jones's historical work as a railroad employee.  Jones now worries that the exposures he has had to asbestos from machining  Railko bearings will exacerbate or worsen his pre-existing lung abnormality.   Jones has suffered emotional upset, humiliation and degradation as a result of defendants' deception, which has manifested itself by exacerbating his gastro-intestinal upset and interfering with normal sleep. Jones has resultingly endured and will permanently suffer mental and emotional pain and loss of enjoyment of life's usual activities, all to Jones's noneconomic damage in a reasonable amount not to exceed $1,000,000.

Page 6 - COMPLAINT

**Griffin McCandlish**
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

-8-   APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
Page       MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9965

27.   As a result of the acts of defendants as set forth above, Liberty Ironworks shut down its business and thereafter altered its operations, causing Jones to lose wages from June, 1999, until Liberty went out of business in an amount not to exceed $5,000.

## SECOND CLAIM FOR RELIEF

### (Battery)

28.   Jones realleges and incorporates herein by reference ¶¶ 1-20 and 25-27, above.

29.   The acts of defendants as described above intentionally caused Jones to be harmfully and offensively contacted by respirable airborne asbestos fibers, or were substantially certain to cause such harmful or offensive contact.

## THIRD CLAIM FOR RELIEF

### (Count 1 - Ordinary Negligence)

30.   Jones realleges and incorporates herein by reference ¶ 28, except for ¶ 25 (punitive damages).

31.   Defendants were negligent in one or more of the following particulars:

(a)   In not providing sufficient or adequate warnings, container labels and/or instructions to Jones that the bearing material they provided for him and his employer to machine contained asbestos, a hazardous and potentially deadly material, that required special handling and equipment, when they knew, or reasonably should have known, of the harm that unprotected exposure to asbestos can cause;

(b)   In failing to warn Jones about the hazards associated with the disturbance, abrasion, and/or other contact with the asbestos-containing bearing material provided to Jones and his employer, given the nature of the work that defendants foreseeably knew was going to be performed by Jones and his employer.

Page 7 - COMPLAINT

**Griffin McCandlishs**
**111 SW Naito Parkway, Second Floor**
**Portland, Oregon 97204-3500**
**(503) 224-2348 FAX (503) 224-3634**

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

(c)   In failing to supply relevant material safety data sheets to Jones and his employer regarding the asbestos content and special handling requirements of the bearing material when the bearing material was delivered to Jone's place of employment.

**(Count 2–Statutory Negligence)**

32.   Plaintiff realleges and incorporates herein by reference ¶ 30, *supra*.

33.   29 CFR § 1910 and OAR Chapter 437, Division 2, §1910 *et. seq.* establish a duty on the part of defendants as manufacturer/exporter and importer/distributor and/or responsible parties as defined therein to provide warning labels and MSDS sheets to warn or otherwise inform Jones of the asbestos hazard as alleged herein. 3        4

Jones is within the class of persons the applicable regulations cited above were designed to protect; and the airborne exposure to hazardous material was of the type the regulation was intended to prevent.

**(Count 3--Gross Negligence)**

35.   Plaintiff realleges and incorporates herein by this reference ¶ 28, *supra*.

36.   Defendants' conduct was wanton and wilful.

**FOURTH CLAIM FOR RELIEF**

**(Fraudulent Representation)**

37.   Plaintiff realleges and incorporates herein by reference ¶ 28 above.

38.   Defendants knowingly and actively concealed from Jones and his employer material facts concerning the composition of the bearing material delivered to Jones and his employer.

39.   Defendants knew that concealing the asbestos containing nature of the Railko WA80H bearing from Jones and his employer was material in that such information would affect any reasonable machinist's decision whether to work on such material and would affect the techniques and procedures a machinist would employ in order to safely handle such

Page 8 - COMPLAINT

Griffin McCandlishs
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

1  material.

2    40.    Defendants intended to mislead Jones and his employer, or knew

3  that they were misleading Jones and his employer when defendants actively concealed from Jones

4  and his employer the fact that the bearing material contained asbestos.

5    41.    Jones reasonably relied on the omissions and misrepresentations made by

6  defendants that the bearing material did not contain asbestos or significant amounts of asbestos

7  and required no special handling, equipment, and/or procedures.

8    42.    Jones' reliance on the omissions set forth above was reasonable

9  under the circumstances, in that defendants concealed from Jones and his employer the material

10  safety data sheets and other information attending the bearing material that would have provided

11  Jones and his employer an opportunity to discover the asbestos content of the bearing material.

12  Nor did Jones and his employer have any reason to be on notice as to the asbestos content of the

13  bearing material.

14    43.    Defendants did not provide to Jones the material safety data sheets that that were

15  required to accompany the asbestos-containing Railko bearing material, thus denying Jones and

16  his employer the ability to learn of the content of the material safety data sheets and the bearing

17  material, and take the requisite precautions to complete or reject the job.

18    44.    Defendants intended that Jones and his employer perform the subject work in

19  reliance on defendants' omissions regarding the asbestos content of the bearing material.

20    45.    As a result of Jone's reliance on the fraudulent misrepresentations of defendants,

21  Jones was exposed to hazardous airborne asbestos fibers and suffered damages as set forth, *supra*.

22    WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as
   follows:

23

24    (a)    Noneconomic damages in a sum not to exceed $1,000,000;

25    (b)    Economic damages in a sum not to exceed $5,000;

26    (c)    Punitive damages in a sum not to exceed $10,000,000;

Page 9 - COMPLAINT

**Griffin McCandlishs**
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

(d)    For costs and disbursements incurred herein; and

(e)    For such other and further relief as the Court deems just and equitable.

DATED this _3_ day of January, 2003.

GRIFFIN McCANDLISH

By: James E. McCandlish, OSB 75246
Of Attorneys for Plaintiff

James E. McCandlish
GRIFFIN McCANDLISH
111 SW Naito Pkwy - 2nd Flr
Portland OR 97204
Telephone:  503-224-2349
Facsimile:  503-224-3634
Email: j@mccandlish.com
OSB No. 75246

Page 10 - COMPLAINT

Griffin McCandlishs
111 SW Naito Parkway, Second Floor
Portland, Oregon 97204-3500
(503) 224-2348 FAX (503) 224-3634

-12- APPENDIX TO MEMORANDUM OF RAILKO, LTD., IN OPPOSITION TO
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

1        <u>CERTIFICATE OF SERVICE</u>

2             I hereby certify that I served true copies of the

3        foregoing Memorandum of Railko, Ltd., in Opposition to Motion to

4        Vacate Conditional Transfer Order upon each of the persons shown on

5        the attached Panel Service List, by first-class mail, postage

6        prepaid, on October _____, 2003.

7

8        _____

9        John Dudrey
          Of Attorneys for Defendant
10        Railko, Ltd.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page   -1-   CERTIFICATE OF SERVICE

WILLIAMS FREDRICKSON, LLC
Attorneys and Counselors at Law
1515 S.W. Fifth Avenue - Suite 844
Portland, Oregon 97201-5447
Telephone (503) 222-9966

RECEIVED
CLERK'S OFFICE
2003 OCT -2  A 10: 54
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Roy Jones v. Railko, Ltd, et al., D. Oregon, C.A. No. 6:03-8*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Daniel F. Knox
Schwabe, Williamson &
Wyatt
Pacwest Center
1211 SW 5th Avenue
Suites 1600 – 1900
Portland, OR 97204-3795

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
PO Box 1008
Columbus, OH 43216

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli,
LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Ste. 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1270 Penobscot Building
Detroit, MI 48226

James E. McCandlish
Griffin & McCandlish
111 SW Naito Parkway
2nd Floor
Portland, OR 97204-3500

Andrew J. Trevelise
Red Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ronald L. Motley
Ness, Motley, Loadholt, Richardson
& Poole
28 Bridgeside Blvd.
PO Box 1792
Mt. Pleasant, SC 29464

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
PO Box 998
Cedar Rapids, IA 52406

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
32 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Susan M. Hansen
Brownson & Ballou
4800 US Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018