JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

OCT - 3 2003

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)

| | | |
|---|---|---|
| DAWN YATES, Executrix for the Estate of Larry Yates, and DAWN YATES, Personally, BETH PETERS, Executor of the Estate of Betty Barker, CATHY WEYANT, and BARBARA BREWER | : | MDL Docket No. 875 |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| V. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, Successor-in Interest to General Dynamics Corporation / Electric Boat Division | : | |
| | : | CIVIL ACTION NO. 303CV0245 (JCH) |
| | : | |
| Defendant. | : | OCTOBER 1, 2003 |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE

### I.     FACTUAL BACKGROUND

This action is brought against Electric Boat Corporation ("EB") by four Plaintiffs, each of

whom claim injuries and/or wrongful death as a result of exposure to asbestos used in the

construction of submarines for the United States Government.  The claims are brought under the

Connecticut Product Liability Act, Conn. Gen. Stat. §§ 52-572m, et seq.  Only one of the

Plaintiffs, Dawn Yates, also brings a premises liability claim.

PLEADING NO. 3988

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

OCT - 2 A 10: 52

RECEIVED
CLERK'S OFFICE

OFFICIAL FILE COPY   IMAGED OCT 3 '03

Plaintiff Dawn Yates brings this action on behalf of the Estate of Larry Yates and in her individual capacity. Plaintiffs claim that Larry Yates was exposed to asbestos in submarines constructed by EB when he was in the United States Navy from 1968 to 1972 and when he worked as a shipfitter for the United States government from 1974 to 1985. (Compl., First Claim, First Count ¶ 2.) Plaintiffs also claim Larry Yates was exposed to asbestos on the EB shipyard in Groton, Connecticut from 1985 to 2002 as an employee of the Supervisor of Shipbuilding.[1] (*Id.* Fourth Count.) Larry Yates is alleged to have died of an asbestos-related disease. (*Id.* First Count ¶ 17.)

Plaintiff Beth Peters brings this action on behalf of the Estate of Betty Barker. Plaintiffs claim that Betty Barker died of an asbestos-related disease caused by asbestos dust and fibers brought home in the clothing and on the person of her husband, Robert Barker. Robert Barker was employed as a painter and shipfitter at EB from 1954 to 1966 and from 1977 to 1990. (Compl., Second Claim, First Count ¶¶ 32, 35-36.)

Plaintiffs Cathy Weyant and Barbara Brewer claim that they were exposed to asbestos dust and fibers brought home by their father, William Dower, who was employed at EB from 1946 to 1961. (Compl., Third and Fourth Claims.)

Plaintiffs commenced this action by way of Summons and Complaint dated January 7, 2003. EB timely removed the case to federal court on February 7, 2003, on the grounds that (1) part of Larry Yates's alleged exposure to asbestos took place while on a federal enclave; and (2) EB is being sued for acts it took at the direction of a federal officer, *see* 28 U.S.C. § 1442(a)(1) (federal officer removal statute).

_____

[1] The Supervisor of Shipbuilding is a branch or division of the United States Navy, primarily responsible for monitoring EB's compliance with all government specifications for

EB filed its Answer and Defenses on March 6, 2003, and moved to amend its Answer to add an affirmative defense on May 16, 2003. Plaintiffs filed a Motion to Remand on March 5, 2003. On May 27, 2003 EB filed its memorandum in opposition to the Motion to Remand and its petition to transfer to the MDL.

## II.   SUMMARY OF ARGUMENT

Under 28 U.S.C. § 1407, MDL transfer is appropriate where there are "one or more common questions of fact" and where transfer will serve convenience and judicial efficiency when considering this type of litigation as a whole. Here, plaintiffs are claiming injury and wrongful death allegedly caused by exposure to asbestos and asbestos-containing products. Therefore, there are numerous questions of fact in common with other cases in MDL 875, such as exposure, causation and defenses, including issues common to standard sub-groups of asbestos litigation such as "bystander" cases, cases related to Navy exposure and the shipbuilding industry. The Judicial Panel already has considered asbestos personal injury litigation in federal courts as a whole and concluded that it would be convenient and efficient to transfer to MDL because there are common issues of fact. *Wooley v. Int'l Paper Co. (In re Asbestos Prods. Liab. Litig. )*, 170 F. Supp. 2d 1348 (J.P.M.L. 2001), *dismissed*, No. MDL 875, 2002 U.S. Dist. LEXIS 16590 (E.D.Pa. Jan. 14, 2002)(administrative dismissal without prejudice of a symptomatic "screening" claims); *In re Asbestos Prods. Liab. Litig. (No. VI))*, 771 F. Supp. 415 (D.D.C. 1991).

Plaintiffs' argument regarding the pendency of motions is of no moment. The Judicial Panel previously has considered and rejected that argument as a basis to prevent transfer:

---

building submarines. Employees of the Supervisor of Shipbuilding have free access to EB's shipyard and are regularly present during the construction and repair of submarines.

> Such matters as the pendency of motions or other matters before the transferor
> court, the uniqueness of a party's status, the type of defendant, the docket
> condition of any specific federal district, the stage of pretrial proceedings, the
> presence of unique claims or additional claims not relating to asbestos injury or
> death, and/or the unanimity of opposition to transfer by the parties to an action,
> were considered and rejected by the Panel as grounds for carving out exceptions
> to transfer in this extraordinary docket.

*Wooley,* 170 F. Supp. 2d at 1349.

## III.    EB'S RESPONSES TO PLAINTIFFS' NUMBERED PARAGRAPHS

EB hereby responds to the numbered paragraphs contained in Plaintiff's Motion to

Vacate the Conditional Transfer Order. Because Plaintiff's paragraphs contain both allegations

of facts and conclusions of law, EB responds here with both factual and legal statements.

1.    EB admits that its principal place of business is in the State of Connecticut. EB

denies the remainder of the allegations of this paragraph. Plaintiffs' arguments regarding

convenience miss the mark. Convenience of transfer is evaluated more globally than any one

individual action. In rejecting arguments similar to those raised here by the plaintiffs, the court

in *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968), stated that:

> This is a worm's eye view of Section 1407. Of course it is to the interest
> of each plaintiff to have all of the proceedings in *his* suit handled in *his*
> district. But the Panel must weigh the interests of all of the plaintiffs and
> all the defendants, and must consider multiple litigation as a whole in light
> of the purpose of the law.

(emphasis in original.) These factors weigh in favor of the transfer of an asbestos personal injury

action. *See Wooley,* 170 F. Supp. at 1349. In addition, there is no burden in the form of a need

to travel to the transferee court. The Judicial Panel has indicated repeatedly that depositions of

witnesses may be taken in the area of their residence, and generally there is no need for witnesses

or counsel to travel to the transferee forum. *See, e.g., In re Amtrak Train Derailment*, 431 F.

Supp. 916, 918 (J.P.M.L. 1977).

2.      EB admits that this action involves four plaintiffs represented by a Connecticut law firm and one defendant represented by a Connecticut law firm.  EB denies the remainder of the allegations of this paragraph.  The decision to transfer to MDL does not depend on the identity or of number of parties in a specific action.  Instead, the issue is whether there are factual issues in common with other pending MDL asbestos cases.  Here, transfer is appropriate because the claims arise out of common factual injury or wrongful death caused by asbestos or asbestos containing products.  *See Wooley*, 170 F. Supp. 2d at 1349; *In re Asbestos Prods. Liab. Litig. (No. VI)*, 771 F. Supp. at 417.

3.      EB denies the allegations of this paragraph.  EB incorporates here its answers to paragraphs 1 and 2.  Transfer to MDL does not translate to immediate frustration and prejudice, as plaintiffs claim.  The Judicial Panel has previously commented on Judge Weiner's substantial ability, working together with his colleagues, to resolve asbestos cases in a fair and prompt manner.  *See In re Prods. Liab. Litig. (No. VI)*, 771 F. Supp. at 423.

4.      EB denies the allegations of this paragraph.  The Judicial Panel has ruled repeatedly that actions may be transferred while motions to remand are pending.  In fact, such motions often raise common questions of fact that may be more appropriate for resolution in the MDL than in the court of origin.  *See, e.g., Uresti v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. of Am. Sales Practices Litig.)*, 170 F. Supp. 2d 1346 (J.P.M.L. 2001); *In re Air Crash Disaster*, 368 F. Supp. 812 (J.P.M.L. 1973).  Here, where removal is based on federal enclave and federal officer statutes, these removal grounds are likely to be common to other asbestos cases involving a military contractor or shipyard.

5.      EB admits that this action contains a premises liability claim.  EB denies the remainder of the allegations of this paragraph.  Only one of the four plaintiffs in this action has

stated a claim for premises liability. The majority of claims within this action are founded on standard theories of products liability. The Judicial Panel has rejected previously arguments that allegations of a state law cause of action or divergent legal theories will defeat transfer where the action arises from a common factual circumstance of other actions (e.g., asbestos exposure). *See, e.g., In re Air West, Inc. Sec. Lit., 384 F. Supp. 609* (J.P.M.L. 1974); *Volovski v. A. H. Robins Co. (In re A.H. Robins Co. "Dalkon Shield" IUD Products Liab. Litig.)*, 438 F. Supp. 942 (J.P.M.L. 1977). The Judicial Panel also has held that the "uniqueness of a party's status, the type of defendant, ... the presence of unique claims or additional claims not relating to asbestos injury or death... were considered and rejected by the Panel as grounds for carving out exceptions to transfer." *Wooley*, 170 F. Supp. 2d at 1349.

6.   EB admits that there are no other cases before the Judicial Panel in which EB is a defendant. EB denies the remainder of the allegations of this paragraph. If plaintiffs' argument that this is the first MDL transfer case for this defendant were sufficient to defeat transfer, then no "new" defendant could ever become part of the MDL because the first case always would be rejected. For this reason, plaintiffs' argument that there is some significance to the fact that this is the sole case pending against this defendant is illogical. Moreover, the Judicial Panel has held that "uniqueness of a party's status," or "the type of defendant" will not defeat transfer. *Id.* In any event, EB is not unique within the MDL in light of cases pending against other military contractors and other defendants in the shipbuilding industry. With respect to common questions of fact, EB states that these are numerous and are fully discussed in Section IV of this brief.

7.   EB admits that the plaintiffs have filed a brief in support of their Motion. EB denies that the Motion to Vacate should be granted. EB submits this brief in opposition to the

-6-

plaintiffs' Motion to Vacate and Brief in support thereof and respectfully request that the motion be denied.

The legal issues raised by plaintiffs in these paragraphs are further addressed in the remainder of this brief, which focuses on the central issues that determine appropriateness of transfer: one or more common questions of fact, and convenience and judicial efficiency.

## IV.   COMMON FACTUAL ISSUES

Under 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation is authorized to transfer actions pending in different districts to a common court for coordinated proceedings where there are "one or more common questions of fact." Here, the plaintiffs present claims for personal injury and wrongful death due to asbestos exposure. Their claims naturally raise common questions of fact that will be present in a number of other pending asbestos actions. For example, plaintiffs will need to demonstrate exposure to asbestos, and causation of a disease by asbestos exposure. EB may raise factual questions in its defense that will be similar or identical to those raised by other defendants, such as the government contractor defense, the duration of exposure, type of fiber involved in the exposure, and issues of whether there are alternative exposures such as exposures to home improvement products or friction products that contained asbestos.

Additionally, plaintiffs raise factual claims that will be common with substantial sub-groups of asbestos litigation. First, plaintiffs here raise claims of "bystander" exposure—i.e., exposure of a plaintiff by way of asbestos carried home on the clothing of another party. Plaintiff Beth Peters claims that Betty Barker died of an asbestos-related disease caused by asbestos dust and fibers brought home in the clothing and on the person of her husband, Robert Barker who was employed as a painter and shipfitter at EB from 1954 to 1966 and from 1977 to

1990. (Compl., Second Claim, First Count ¶¶ 32, 35-36.)  Plaintiffs Cathy Weyant and Barbara Brewer claim that they were exposed to asbestos dust and fibers brought home by their father, William Dower, who was employed at EB from 1946 to 1961. (Compl., Third and Fourth Claims.)

Second, plaintiffs raise factual issues that will be shared by another significant sub-group of asbestos litigation: litigation related to the shipbuilding industry.  All claims in this action are brought against EB, a military contractor responsible for construction of submarines for the United States Navy.  Thus, the plaintiffs in this action will share with other plaintiffs common questions of fact regarding exposure to asbestos in the shipbuilding industry.  Additionally, EB will share common defenses, and factual issues regarding those defenses, with other shipbuilding defendants.

Third, EB is a military contractor that will share common defenses with other military contractors which used asbestos specified by the United States government.  The United States government has specified asbestos for use in a variety of products and facilities where the maintenance of static temperatures is critical; examples include such diverse areas as shipbuilding, submarine building, nuclear facilities, and the construction of space shuttles.

In summary, this action contains numerous factual issues that will be common to other asbestos cases, and more particularly to other asbestos cases that involve bystander exposure, military contractors, and the shipbuilding industry.

## V.   CONVENIENCE AND JUST AND EFFICIENT CONDUCT OF THE LITIGATION

In *In re Asbestos Products Liability Litigation*, 771 F. Supp. at 420, the Judicial Panel concluded that convenience and efficient conduct of the litigation was not an issue to be addressed by examining in isolation each case that came before the court.  Rather, the Judicial

-8-

Panel stated that it must "weigh the interests of all the plaintiffs and all the defendants and must

consider multiple litigation as a whole in the light of the purposes of the law."  The Judicial

Panel has concluded previously that in considering asbestos litigation as a whole, these factors

weigh in favor of MDL transfer.  Specifically, the Judicial Panel concluded that all pending

federal asbestos cases "involve common questions of fact relating to injuries or wrongful death

allegedly caused by exposure to asbestos or asbestos containing products, and that centralization

under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the

parties and witnesses and promote the just and efficient conduct of this litigation."  *Id.* at 417.

　　None of the cases cited by plaintiffs supports their opposition to the transfer to the MDL.

In fact, the courts rejected a variety of arguments opposing transfers to different MDLs in *In re*

*New York City Municipal Securities Litigation*, 572 F.2d 49 (2d Cir. 1978), *In re New York City*

*Municipal Securities Litigation*, 439 F. Supp. 267 (J.P.M.L. 1977), and *In re Library Editions of*

*Children's Books*, 297 F. Supp. 385 (J.P.M.L. 1968).

　　*In re Raymond Lee Organization, Inc. Securities Litigation*, 446 F. Supp. 1266 (J.P.M.L.

1978) and *In re Molinaro / Catanzaro Patent Litigation*, 402 F. Supp. 1404 (J.P.M.L. 1975), are

distinguishable because in those cases discovery was completed and there were a limited number

of cases under consideration.  Here, discovery is not close to being completed.  No depositions

have been taken and plaintiffs recently have sought and obtained an extension of time until

November 25, 2003 to disclose experts.  Moreover, MDL-875, relating to cases involving

allegations of personal injury and/or death allegedly caused by asbestos exposure, contains

thousands of cases.

## VI.    PENDING MOTION TO REMAND

Although plaintiffs argue that the pending motion to remand should prevent the Judicial Panel from transferring this action, Judicial Panel decisions do not support this argument. In *Wooley*, 170 F. Supp. 2d at 1349, the Judicial Panel stated that the "pendency of motions" was not a proper exception to transfer. On other occasions the Judicial Panel also has specifically rejected arguments that a motion to remand will defeat transfer. *See, e.g., Uresti* 170 F. Supp. 2d at 1347; *In re Air Crash Disaster*, 368 F. Supp. at 813.

Plaintiffs' reliance on *Bancohio Corp. v. Fox,* 516 F.2d 29, 32 (6th Cir. 1975), is misplaced. The issue there was not whether transfer to the MDL was proper when jurisdictional issues were pending. In *Bancohio*, the Court of Appeals for the Sixth Circuit issued a writ of mandamus ordering dismissal of a case from a federal court docket because there was never any jurisdiction in the state court originally, and therefore there was not derivative jurisdiction for the federal court to acquire upon removal.

Transfer courts often have stayed litigation pending transfer to MDL because issues involved in the remand motion are common to other cases likely to arise and thus the judicial policies of conservation of resources, efficiency, and consistency of rulings are furthered by staying the proceedings. *See, e.g., Hookfin v. Novartis Pharm. Corp.*, No. 02-742 Section: "R," 2002 U.S. Dist. LEXIS 9051, at *4 (E.D. La. May 13, 2002). Here, the transferor court in fact has stayed all proceedings in the action, except for discovery or other proceedings relating to jurisdiction and this transfer to the MDL (*See* September 20, 2003 Endorsement Order attached herewith as Exhibit A).

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

## VII.   CONCLUSION

For the reasons set forth herein, the defendant Electric Boat Corporation respectfully

requests that this Court deny Plaintiffs' Motion to Vacate.

THE DEFENDANT,
ELECTRIC BOAT CORPORATION

By _____
James H. Rotondo (ct05173)
Jill M. Sudduth (ct24577)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343
Its Attorney

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this
date to the attached Panel Service List (Excerpted from CTO-227), Docket No. 875, In Re
Asbestos Products Liability Litigation (No. VI).

_____
James H. Rotondo

RECEIVED
CLERK'S OFFICE
2003 OCT -2  A 10: 52
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-227)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Dawn Yates, et al. v. Electric Boat Corp.*, D. Connecticut, C.A. No. 3:03-245

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson &
Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James H. Rotondo
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3449

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 3 2003

FILED
CLERK'S OFFICE

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

DAWN YATES, et al.

Plaintiffs,

v.

ELECTRIC BOAT CORPORATION,

Defendant.

: CIVIL ACTION NO. 3:03 CV 0245 (JCH)

2003 SEP -5 A 11: 32

US DISTRICT COURT
BRIDGEPORT CT

: SEPTEMBER 4, 2003

## DEFENDANT ELECTRIC BOAT CORPORATION'S
## MOTION FOR TEMPORARY STAY

Pursuant to Rules 26(c) and (d) of the Federal Rules of Civil Procedure and Rule 9 of the District of Connecticut Local Rules, Defendant Electric Boat Corporation ("EB") respectfully moves this Court to stay all proceedings, including discovery.  As grounds for this motion, EB states that by ruling dated August 18, 2003, the Judicial Panel of Multidistrict Litigation ("JPML") conditionally granted EB's petition for consolidation and transfer to the Multidistrict Litigation relating to asbestos ("MDL").  Plaintiffs filed their notice of opposition to this conditional transfer by pleading dated August 29, 2003, and the hearing is scheduled before the JPML for November. Both plaintiffs and EB have filed discovery that is currently pending against each other, and responses are due shortly.

As set forth in EB's attached memorandum, granting this motion for temporary stay will conserve judicial resources, cause no prejudice to plaintiffs and will impose hardships upon EB.

In accordance with Local Rule 9(d), the undersigned states that he has conferred with opposing counsel, Melissa Olson, regarding the filing of this motion to stay, and she indicated that she was not taking any position relative to this motion at that time, neither consenting nor objecting.

140926_1.DOC
September 4, 2003 3:49 PM

Motion denied only to the extent there is discovery needed by any party concerning jurisdiction which in other respects the stay is granted except for Defactor related to the pleading of the MDL Petition. The parties are ordered to file a status report of the matter to evidence.

So Ordered.
[signature]
9/22/03