MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2003

FILED
CLERK'S OFFICE

1  James E. McCandlish OSB No. 75246
   Griffin and McCandlish
2  111 SW Naito Parkway - 2nd Floor
   Portland, OR 97204
3  Telephone: 503-224-2349
   Facsimile: 503-224-3634
4  E-mail: j@mccandlish.com

5      Of Attorneys for Plaintiffs

BEFORE THE JUDICIAL PANEL ON
MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI, Schedule CTO-227 - Tag Along Cases) | MDL Docket No. 875<br><br>CTO-227 Oregon District Court, Div. 1, Civil Action No. 03-8<br><br>*Roy Jones v. Railko Limited, et.al.*<br><br>REPLY IN SUPPORT OF OPPOSITION TO THE CONDITIONAL TRANSFER ORDER (MDL Rule 7.2(d) |

A. **Status of Keystone Shipping Co.** Railko relies on Keystone Shipping Company's ("Keystone") involvement as a defendant in the underlying action as justification for transfer of the underlying action (*See* Memorandum of Railko, Ltd., in Opposition to Motion to Vacate Conditional Transfer Order, p. 4, lines 1-5 (hereinafter referred to as "Railko's Response"). The MDL record does not reflect that Keystone has asked that this matter be transferred, or joined in any manner with Railko's attempt to derail the Oregon litigation.

B. **Common Fact and Legal Issues.** Railko's Response fails utterly to refer the panel to common fact or legal issues. There are no causation issues concerning asbestos in the Oregon case. Regarding fact issues, Railko does not even respond to plaintiff's argument

**OFFICIAL FILE COPY**

Page 1 - REPLY IN SUPPORT OF OPPOSITION TO THE
CONDITIONAL TRANSFER ORDER (MDL Rule 7.2(d)

Griffin McCandlish
111 SW Naito Parkway - Second Floor
Portland, OR 97204
TEL: (503) 224-2349  FAX: (503) 224-3634

IMAGED OCT -9 '03

PLEADING NO. 3991

1  that the Oregon case involves a 1999 exposure that cannot possibly have yet caused provable
2  lung damage. Railko's response does not cite any MDL panel action consolidating "fresh" cases,
3  the gist of which is that a modern day company is concealing the ACM nature of its product for a
4  specific and unique purpose. It is distinguishable from the lawsuits stemming from "the
5  exposure inflicted upon millions of Americans in the 1940s and 1950s". *In re Asbestos Products*
6  *Liability Litigation*, No VI, 771 F.Supp. 415, 417 (1991).   There is no claim of actual lung
7  damage in this case. Railko's Response acknowledges that paragraph 26 of plaintiff's complaint
8  does not allege actual injury (Railko's Response, p. 4 lines 19-26, p. 5., lines 1-2), and then
9  disingenuously suggests that this case is factual similar to the garden variety MDL asbestos case.
10 Query: is that the panel's experience with MDL 875? Railko then goes on to argue at length that
11 plaintiff's pleading is deficient under Oregon tort law standards. A second query: is this legal
12 issue, the only one raised by Railko's response, a legal issue common to the MDL proceedings or
13 more properly addressed by the Oregon court? The only facts and legal issues raised do not
14 support a finding of commonality.

15              C. **Financial Implications Underlying the Original Decision are**
16 **Absent.** The uniqueness of this case, i.e. the factual and legal dissimilarities, are further
17 cemented by Railko's admission that it has never been in an MDL proceeding historically
18 (Railko's Response at p. 3, lines 19-21) In as much as Railko can avoid litigation simply by
19 insuring that the crates it ships its ACM containing stern tube bearings in are accompanied by the
20 required OHSA warnings and labels, there is no reason to believe that this litigation implicates
21 any of the legitimate financial considerations underlying the original MDL decision. This
22 conclusion is buttressed further by the curtailment in punitive damages that local Oregon courts
23 are undergoing in conformance with recent rulings of the United States Supreme Court.
24 Railko's suggestion in it's Response *(Id.* at p. 6, lines 1-18) that the right of appeal in *Bocci v.*
25 *Key Pharmaceuticals, Inc.,* cited in plaintiff's opening brief (Page 3, line 25) somehow undercuts
26 plaintiff's argument misses the point. *Bocci* is on remand from the United States Supreme Court,

1  which has necessarily set the parameters limiting punitive damages awards. There is therefore no
2  reason to bifurcate the case at any juncture by retaining partial jurisdiction over punitive damages
3  within the MDL proceeding and remanding it for other purposes..
4      DATED this 6th day of September, 2003.

5                              Respectfully submitted,

*[signature]*

James E. McCandlish
GRIFFIN & McCANDLISH
111 S.W. Naito Parkway, 2nd Floor
Portland, OR 97204-3500
Tel: 503.224.2349
Of Attorneys for Plaintiff

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 8 2003

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that I served true copies of the foregoing Reply in Support of Opposition to the Conditional Transfer Order upon John Dudrey and Daniel F. Knox as shown on the attached panel list as the only attorneys involved in this litigation by first-class mail, postage pre-paid, on October 6, 2003.

GRIFFIN &McCANDLISH
By: James E. McCandlish, OSB 75246
Of Attorneys for Plaintiff
Tel: 503.224.2349

RECEIVED CLERK'S OFFICE 2003 OCT -7 A 11: 53 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Page 1 - REPLY IN SUPPORT OF OPPOSITION TO THE CONDITIONAL TRANSFER ORDER (MDL Rule 7.2(d)

**Griffin McCandlish**
111 SW Naito Parkway - Second Floor
Portland, OR 97204
TEL: (503) 224-2349  FAX: (503) 224-3634

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Roy Jones v. Railko, Ltd, et al., D. Oregon, C.A. No. 6:03-8*

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Daniel F. Knox
Schwabe, Williamson & Wyatt
Pacwest Center
1211 SW 5th Avenue
Suites 1600 – 1900
Portland, OR 97204-3795

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
PO Box 1008
Columbus, OH 43216

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Ste. 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1270 Penobscot Building
Detroit, MI 48226

James E. McCandlish
Griffin & McCandlish
111 SW Naito Parkway
2nd Floor
Portland, OR 97204-3500

Andrew J. Trevelise
Red Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
PO Box 1792
Mt. Pleasant, SC 29464

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
PO Box 998
Cedar Rapids, IA 52406

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
32 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Susan M. Hansen
Brownson & Ballou
4800 US Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018