MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 10 2003

FILED
CLERK'S OFFICE

PLEADING NO. 3994

BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

In re Asbestos Products Liability Litigation (No. VI)     MDL No. 875

Dawn Yates, Executrix for the Estate of Larry Yates and Dawn Yates Personally, Beth Peters for the Estate of Betty Barker, Cathy Weyant and Barbara Brewer

v.

Electric Boat Corporation, Successor-in-Interest to General Dynamics Corporation / Electric Boat Division

United States District Court, District of Connecticut

303CV0245

The Honorable Janet C. Hall

### REPLY TO OPPOSITION TO PLAINTIFFS' MOTION TO VACATE

I.    SUMMARY OF REPLY

The plaintiffs hereby offer a reply to the defendant's Memorandum of Law in Opposition to Plaintiffs' Motion to Vacate.

The defendant alleges that there are questions of fact in common in the case *sub judice* with those pending on the MDL docket for asbestos products liability litigation. The unique and individual questions of fact in this action, however, will predominate

IMAGED OCT 14 '03   OFFICIAL FILE COPY

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

2003 OCT 10 A 10: 39
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

over any common factual questions thereby transfer is inappropriate and will frustrate the just and efficient conduct of litigation.

The Judicial Panel on Multidistrict Litigation ("JPML") in *In re Pharmacy Benefit Plan Administrator Pricing Litigation*, 206 F. Supp. 2d 1362, 1363 (Jud.Pan.Mult.Lit. 2002) held that while matters may share common legal questions and factual questions, where unique questions of fact predominate over any common questions of fact, centralization and consolidation is unwarranted and transfer should be denied. *See also In re Rely Tampon Products Liability Litigation*, 533 F. Supp 1346 (1982).

In this action, the unique questions of fact will predominate over any common questions of fact: that Electric Boat Corp. and its predecessor General Dynamics Corp. ("EB") failed to maintain safe premises which resulted in exposure to asbestos, injury and death; that EB failed to maintain proper hygiene for the safety of those on its premises; that EB's premises were defective or in a dangerous condition in that the premises were contaminated with asbestos dust and fibers; that EB failed to warn those working on its premises and their families of the dangers of exposure to asbestos or the defective or dangerous condition; that EB failed to inspect and investigate the premises and to

implement safeguards to render premises reasonably safe; and that EB voluntarily supplied asbestos and asbestos-containing products to those on its premises not pursuant to specifications.

The objective of the centralization and consolidation of litigation is to promote judicial economy and to prevent duplicative discovery or inconsistent pretrial rulings. The predominance of the unique questions of facts presented in this action, however, will frustrate the objective and intent of this statute.

Discovery must be conducted on an individual and specific basis to address these unique questions of fact and will not be duplicative of the discovery generated by the asbestos products liability actions. The evidence discovered will have no relevance to the MDL actions and prior MDL discovery will be of negligible value and significance to the Yates plaintiffs. Inconsistency of pretrial rulings is doubtful as there are no other actions pending against this defendant in other districts that may result in conflicting pretrial rulings. Judicial economy will not be achieved nor would the convenience of the parties be served if the transfer is ordered.

EMBRY AND NEUSNER
P.O. BOX 1409   118 POQUONNOCK RD.   GROTON, CT 06340-1409   (860) 449-0341   JURIS NUMBER 102932

Moreover, the defendant filed to remove this action to federal court solely on the basis of the federal enclave defense and the government contractor defense. Diversity of citizenship or amount in controversy were not alleged. For federal subject matter to exist, the dispute must be based on a federal question, not on a federal defense. The allegation of a defense founded on federal law is insufficient to merit removal to federal court therefore inclusion of this action on a federal docket is premature and inappropriate. *See Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 62, 107 S. Ct. 1542, 95 L. Ed. 55 (1987); *Gully v. First National Bank*, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936).

Assuming *arguendo* that EB establishes that it was required to use asbestos in its shipyard and in the construction of submarines and constituent parts, EB remains liable under the provisions of the law of the State of Connecticut to maintain safe premises which are not defective or dangerous as a result of asbestos contamination. EB also has a duty to warn those present on its premises of the defect or dangerous condition. These are causes of action which arise solely under state law and should be decided in our state court.

## II. CONCLUSION

Unique questions of fact in this action predominate over common questions of fact therefore the proposed transfer would neither further the just and efficient conduct of litigation nor serve the convenience of the parties. Moreover, the removal of this action to federal court was based solely on defenses founded on federal law and absent a determination of federal subject matter jurisdiction, it is premature and inappropriate for this matter to be heard on a federal docket. Based on the foregoing, the transfer order should be vacated and this action should be remanded to the District Court of Connecticut for arguments on federal subject matter jurisdiction.

Respectfully submitted,
The Plaintiffs, Dawn Yates, Beth Peters, Cathy Weyant and Barbara Brewer

By: _____
Melissa M. Olson, Esq. (ct18813)
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340
(860) 449-0341

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 10 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was mailed, postage pre-paid, this 9th day of October 2003 to the following and those named on the attached Panel Service List (excerpted from CTO-227), Docket No. 875, In Re Asbestos Products Liability Litigation (No. VI).:

| | |
|---|---|
| James H. Rotondo, Esq. | The Honorable Janet C. Hall |
| Day, Berry & Howard, LLP | United States District Court |
| CityPlace I | District of Connecticut |
| 185 Asylum Street | 915 Lafayette Blvd. |
| Hartford, CT  06103-3449 | Bridgeport, CT  06604 |
| Attorney for Electric Boat Corp. | |

_____
Melissa M. Olson, Esq.

2003 OCT 10 A 10: 39
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

*Dawn Yates, et al. v. Electric Boat Corp.*, D. Connecticut, C.A. No. 3:03-245

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Ness, Motley, Loadholt, Richardson & Poole
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29464

Melissa M. Olson
Embry & Neusner
118 Poquonnock Road
P.O. Box 1409
Groton, CT 06340

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James H. Rotondo
Day, Berry & Howard, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3449

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406