PLEADING NO. 3999

MDL 875

FILED
OCT 2 1 2003
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
OCT    2003
FILED
CLERK'S OFFICE

| | |
|---|---|
| Clifford R. Crosby, Sr., | ) |
| | ) |
| Plaintiff, | ) C/A No. 2:03-2089-24 |
| | ) |
| vs. | ) |
| | ) ORDER |
| Owens-Illinois, Inc., et al., | ) |
| | ) |
| Defendants. | ) |

This action is brought by Plaintiff Clifford R. Crosby, Sr., who seeks compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiff filed a summons and complaint on May 30, 2003 in the Circuit Court for the County of Charleston, South Carolina, Case No. 03-CP-10-2293.

Defendant Owens-Illinois, Inc., "acting for itself and the other proper defendants," filed a Notice of Removal to this court on June 24, 2003, on the basis of diversity jurisdiction. On July 24, 2003, Plaintiff filed a motion to remand this case to state court, alleging that remand was mandated because Defendant The Flintkote Company did not file a timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No party filed a memorandum in opposition to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v.

RECOMMENDED ACTION
MDL-875
VACATE CTO-227 + HSO -- 2 ACTIONS
Approved/Date:  DK  10/23

OFFICIAL FILE COPY

IMAGED OCT 27 '03

AO 72A
(Rev.8/82)

RECEIVED TIME OCT. 21.  2:44PM          PRINT TIME OCT. 21.  2:46PM

Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiff does not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiff's assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

(a) A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period–either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the

2

removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

The record demonstrates that a copy of the summons and complaint was served upon Defendant The Flintkote Company on June 5, 2003. Plaintiff's Memorandum in Support of Motion to Remand to State Court, Ex. 1. Thirty days expired on July 5, 2003, a Saturday. Therefore, Defendant The Flintkote Company had until July 7, 2003 to file its consent to removal. Rule 6, FRCP. However, Defendant The Flintkote Company failed to evince its consent to removal until August 4, 2003, through a statement placed at the end of its Answer. (Doc. 18.)

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700. Accordingly, Plaintiff's motion to remand is **granted**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Columbia, South Carolina
October 20, 2003.

3

FILED
OCT 2 0 2003
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CHARLESTON DIVISION

OCT 24 2003

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| Wilbur Broadus Amick and Lois M. Amick, | ) | |
| | ) | C/A No. 2:03-2115-24 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| National Service Industries, Inc., et al., | ) | |
| | ) | |
| Defendants. | ) | |

This action is brought by Plaintiffs Wilbur Broadus Amick and Lois M. Amick, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on June 3, 2003 in the Circuit Court for the County of Charleston, South Carolina, Case No. 03-CP-10-2345.

Defendant Honeywell International, Inc., "acting for itself and the other proper defendants," filed a Notice of Removal to this court on June 26, 2003, on the basis of diversity jurisdiction. On July 24, 2003, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because Defendant Babcock Borsig Powers, Inc., as successor in interest to D.B. Riley Inc. (formerly Riley Stoker Corporation) did not file a timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No party filed a memorandum in opposition to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on

state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period—either by signing the same notice, filing an independent

2

notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

The record demonstrates that a copy of the summons and complaint was served upon Defendant Babcock Borsig Power, Inc. on June 6, 2003. Plaintiffs' Memorandum in Support of Motion to Remand to State Court, Ex. 1. Thirty days expired on July 6, 2003, a Sunday. Therefore, this Defendant had until July 7, 2003 to file its consent to removal. Rule 6, FRCP. However, Defendant Babcock Borsig Power, Inc. failed to evince its consent to removal until August 6, 2003, when counsel for Defendant Babcock Borsig Power, Inc. filed a document indicating that this Defendant consented to and joined in the removal of the case. (Doc. 28.)

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700.

3

Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Columbia, South Carolina

October 17, 2003.