**MDL 875**

FILED
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
OCT 20 2003

IN THE UNITED STATES DISTRICT COURT
LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
CLERK'S OFFICE

CHARLESTON DIVISION

| | |
|---|---|
| Herbert C. Ayers and Geneva Ayers, ) | C/A No. 2:03-1284-24 |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| Owens-Illinois, Inc., et al., ) | **O R D E R** |
| ) | |
| Defendants. ) | |

This action is brought by Plaintiffs Herbert C. Ayers and Geneva Ayers, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on March 13, 2003 in the Circuit Court for the County of Charleston, South Carolina, Case No. 03-CP-10-1081.

Defendant Aventis Cropscience USA, Inc., f/k/a Rhone Poulenc Ag Company, Inc., f/k/a Rhone Poulenc, Inc., f/k/a Union Carbide Agricultural Products, Inc., f/k/a Amchem Products, Inc., a successor to Benjamin Foster Company; CertainTeed Corporation; and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on April 10, 2003, on the basis of diversity jurisdiction. On May 9, 2003, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because Defendant Ingersoll-Rand Company did not file a timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No party filed a memorandum in opposition to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court. Richardson v. Phillip Morris, Inc., 950 F. Supp.

**OFFICIAL FILE COPY** IMAGED NOV 3 '03

700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. Freeman v. Bechtel, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent." Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition

AO 72A
(Rev.8/82)

RECEIVED TIME OCT. 20.  2:13PM

for removal within the designated period--either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

The record demonstrates that a copy of the summons and complaint was served upon Defendant Ingersoll-Rand Company on March 18, 2003. Plaintiffs' Memorandum in Support of Motion to Remand to State Court, Ex. 1. Thirty days expired on April 17, 2003. However, Defendant Ingersoll-Rand Company failed to evince its consent to removal until April 22, 2003, when counsel for Defendant Ingersoll-Rand Company filed an affidavit indicating that this Defendant consented to and joined in the removal of the case. (Doc. 19.)

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700.

Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

Margaret B. Seymour
United States District Court

Columbia, South Carolina

October 17, 2003.

FILED

OCT 20 2003

LARRY W. PROPES, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| James W. Blasius and Mary M. Blasius,  )<br>                                       )<br>            Plaintiffs,               )    C/A No. 2:03-1288-24<br>                                       )<br>    vs.                                )<br>                                       )<br> Owens-Illinois, Inc., et al.,         )         **ORDER**<br>                                       )<br>            Defendants.                )<br>_____) | |

This action is brought by Plaintiffs James W. Blasius and Mary M. Blasius, who seek compensation for injuries allegedly resulting from exposure to products containing asbestos. Plaintiffs filed a summons and complaint on March 13, 2003 in the Circuit Court for the County of Charleston, South Carolina, Case No. 03-CP-10-1082.

Defendant Aventis Cropscience USA, Inc., f/k/a Rhone Poulenc Ag Company, Inc., f/k/a Rhone Poulenc, Inc., f/k/a Union Carbide Agricultural Products, Inc., f/k/a Amchem Products, Inc., a successor to Benjamin Foster Company; CertainTeed Corporation; Dana Corporation; and Union Carbide Corporation, "acting for themselves and the other proper defendants," filed a Notice of Removal to this court on April 10, 2003, on the basis of diversity jurisdiction. On May 9, 2003, Plaintiffs filed a motion to remand this case to state court, alleging that remand was mandated because Defendant Ingersoll-Rand Company did not file a timely consent to removal as required by 28 U.S.C. §§ 1441(a) and 1446(a) and (b). No party filed a memorandum in opposition to the motion to remand.

In reviewing a motion for remand, courts strictly construe the removal statute and resolve all

23

doubts in favor of remanding the case to state court. <u>Richardson v. Phillip Morris, Inc.</u>, 950 F. Supp. 700 (D. Md. 1997). This is because the removal of civil cases to federal court is an infringement on state sovereignty, and statutory provisions regulating removal must be strictly applied. <u>Freeman v. Bechtel</u>, 936 F. Supp. 320 (M.D.N.C. 1996).

28 U.S.C. § 1441 provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs do not contest that the court has original jurisdiction in these matters. Accordingly, the court turns to Plaintiffs' assertion that removal is defective.

Section 1446 sets forth the procedures that must be followed in order for a defendant or defendants to properly remove a case to federal court. Section 1446 provides, in relevant part:

(a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Courts consistently have interpreted section 1446(a) to require all defendants in an action who properly may join in a removal petition "to file" a petition for removal within thirty days of service of process. In other words, section 1446(a) "requires an official filing or voicing of consent."



2

Mason v. IBM, 543 F. Supp. 444, 446 (M.D.N.C. 1982). If all defendants do not join in the petition for removal within the designated period--either by signing the same notice, filing an independent notice or consent, or otherwise unambiguously notifying the court that they consent to removal--the removal may be deemed defective. See, e.g., Patel v. Moore, 968 F. Supp. 587 (D. Kan. 1997); Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co., 963 F. Supp 553 (N.D.W. Va. 1997); Miles v. Kilgore, 928 F. Supp. 1071 (N.D. Ala. 1996); Jones v. Scogin, 929 F. Supp. 987 (W.D. La 1996); Marshall v. Skydive America South, 903 F. Supp. 1067 (E.D. Tex. 1995); Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992); Anne Arundel County v. United Pacific Ins. Co., 905 F. Supp. 277 (D. Md. 1995); Godman v. Sears, Roebuck & Co., 588 F. Supp. 121 (E.D. Mich. 1984); Crompton v. Park Ward Motors, Inc., 477 F. Supp. 699 (E.D. Pa. 1979) McKinney v. Rodney C. Hunt Co., 464 F. Supp. 59 (W.D.N.C. 1978).

The record demonstrates that a copy of the summons and complaint was served upon Defendant Ingersoll-Rand Company on March 18, 2003. Plaintiffs' Memorandum in Support of Motion to Remand to State Court, Ex. 1. Thirty days expired on April 17, 2003. However, Defendant Ingersoll-Rand Company failed to evince its consent to removal until April 22, 2003, when counsel for Defendant Ingersoll-Rand Company filed an affidavit indicating that this Defendant consented to and joined in the removal of the case. (Doc. 20.)

Although the requirement for timely consent is not jurisdictional, it is mandatory. Mason, 543 F. Supp. at 446. When a defendant does not timely join in a removal petition and the plaintiff does not waive the irregularity, the plaintiff is entitled to a remand. Crompton, 477 F. Supp. at 700.

Accordingly, Plaintiffs' motion to remand is **granted**.

**IT IS SO ORDERED.**

*Margaret B. Seymour*
Margaret B. Seymour
United States District Court

Columbia, South Carolina

October _17_, 2003.

4

# MOTLEY RICE LLC

**ATTORNEYS AT LAW**

RONALD L. MOTLEY (SC)
JOSEPH F. RICE (SC)
ANN K. RITTER (SC, TN)
JOHN J. MCCONNELL, JR. (RI, MA, SC, DC)
ALLARD A. ALLSTON III (SC)
JOHN E. HERRICK (SC, MD)
EDWARD B. COTTINGHAM JR. (SC)
M. ERIC BOITER (SC)
ROBERT J. MCCONNELL (RI, MA)
FREDERICK C. BAKER (SC, NY)
FRED THOMPSON, III (SC)
JODI WESTBROOK FLOWERS (SC)
PAUL J. DOOLITTLE (SC)
DONALD A. MIGLIORI (RI, MA, MN)
ANNE McGINNESS KEARSE (SC)
JEFFREY S. THOMPSON (TX)
MARY F. SCHIAVO (MO, DC MD)
SAMUEL B. COTHRAN, JR. (SC, NC) (GENERAL COUNSEL)
MILES LOADHOLT (SC)
J. TERRY POOLE (SC)
LAURIE J. LOVELAND (1958–2002)
DONNI E. YOUNG (LA)
ROBERT T. HAEFELE (NJ, PA)
SHERYL A. MOORE (SC, VA)
V. BRIAN BEVON (SC)
JAMES M. HUGHES (SC)
RHETT D. KLOR (SC, DC, LA, TX, NM)
FREDERICK J. JEKEL (SC)
THEODORE H. HUGE (SC, VA, DC)
JOHN E. GUERRY, III (SC)
FIDELMA L. FITZPATRICK (RI, MA, NY, DC)
CHRISTY THOUVENOT (SC, IL, CO)
SUZANNE LAFLEUR KLOK (SC, DC, LA, TX, NM)
CINDI ANNE SOLOMON (SC)
WM. MICHAEL GRUENLOH (SC)
DAVID P. BEVON (SC)
MICHAEL E. ELSNER (VA, NY)
VINCENT L. GREENE, IV (RI)
MARLON E. KIMPSON (SC)
STACIE F. TAYLOR (AL, MS)
JEFFREY S. TIMBALS (MD, VA, DC)
SCOTT M. GALANTE (LA)
KIMBERLY D. BARONE (SC, CA)
ELIZABETH SMITH (SC)
JAMES W. LEDLIE (SC)
MICHAEL G. ROUSSEAU (CA, MA)
LYNN SEITHEL JEKEL (SC)
BADGE HUMPHRIES (TX)
E. CLAIRE XIDIS (SC, NY)
AILEEN L. SPRAGUE (RI)
JOHN A. BADEN, IV (SC)
WILLIAM E. APPLEGATE, IV (SC)

October 30, 2003

**Via Facsimile 202-502-2888 & US Mail**
Michael J. Beck, Clerk of the Panel
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
One Columbus Circle, N. E.
Room G-255, North Lobby
Washington, DC 20002-8004

**ATTENTION: APRIL LAYNE, DEPUTY CLERK**

Re:   **MDL- 875 -- In re Asbestos Products Liability Litigation (No.VI)**
      Herbert C. Ayers, et al. v. Owens-Illinois, Inc., et al., D. South Carolina, C/A No. 2:03-1284
      James W. Blasius, et al. v. Owens-Illinois, Inc., et al., D. South Carolina, C/A No. 2:03-1288

Dear Ms. Layne:

I am in receipt of your letter dated October 27, 2003, with a copy of the Transfer Order filed with the court on October 27, 2003, advising that the above-captioned cases have been transferred to the Eastern District of Pennsylvania. Please be advised that these cases were remanded to the Court of Common Pleas, Charleston County, South Carolina, by Orders of Judge Seymour filed with the U. S. District Court on October 20, 2003, copies of which are attached.

If you have any questions, please do not hesitate to contact me.

Sincerely,

V. Brian Bevon

VBB/pm
Enclosures

*RECEIVED CLERK'S OFFICE 2003 OCT 30 P 3:18 PANEL ON MULTIDISTRICT LITIGATION*

www.motleyrice.com

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8900
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

NEW ORLEANS
1555 POYDRAS ST.
SUITE 1700
NEW ORLEANS, LA 70112
504-636-3180
504-636-3499 FAX