

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 8 2003

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin Jefferson, et al. v. A. M. Lockett Co., Ltd., et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No. 1:03-CV-733-GR

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PURSUANT to Rules 7.2 and 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, the Plaintiffs hereby move to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on November 10, 2003, in the above cited case by the Clerk of the Panel transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875).

Plaintiffs aver as follows in support of this motion:

1.     These actions were originally filed in the state courts of Mississippi.  These action were wrongfully removed to Federal District Court.

2.     A Conditional Order was entered on November 10, 2003.  Thereafter, on November 25, 2003, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiffs timely filed their Opposition to the Conditional Transfer Order.

3.     Defendant's removals were without grounds.  Joinder of defendants, whether proper or not does not create diversity.  The only fraudulent joinder to create diversity is the fraudulent joinder of a local defendant upon which no recovery can be made.  Plaintiffs have established a cause of action against the in-state defendants and Plaintiffs can recover against in-state Defendants as sellers of asbestos-containing products.  Mississippi's Product Liability Statute, Miss. Code Ann. §11-1-63

**OFFICIAL FILE COPY**

IMAGED DEC 9 '03

contemplates and imposes liability on sellers, suppliers, and retailers of defective products. Therefore, the Panel should vacate the Conditional Transfer Order and await a ruling from the transferor Court on the issue of Remand currently pending.

4.      These cases should not be transferred to the MDL because there exists no original federal jurisdiction and there is no fraudulent joinder. Transfer to the MDL will only delay the inevitable conclusion of lack of federal jurisdiction and the proper joinder issues and remand back to the state courts of Mississippi.

5.      Under 28 USC §1407, the purpose of the MDL is to conserve judicial economics, avoid duplicate discovery, and avoid conflicting scheduling. The purpose is not to create federal jurisdiction when there is none.

6.      Plaintiffs submit the accompanying Brief in Support of this Motion.

WHEREFORE, premises considered, the Plaintiffs respectfully move the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on November 10, 2003, or in the alternative, refuse to serve on the transferee District Court the Conditional Transfer Order until the transferee District Court has ruled on the Remand.

Respectfully submitted, this the 25th day of November, 2003.

LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
C. Maison Heidelberg, (MB #9559 )
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:      (601) 968-0000
Facsimile:      (601) 968-0010

2

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-226, a copy of which is attached hereto and all counsel of record in this case attached hereto as well.

This the 25th day of November, 2003.

_____
LOUIS H. WATSON, JR.

RECEIVED
CLERK'S OFFICE
2003 DEC -4 P 5: 28
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

3

## PANEL SERVICE LIST (Excerpted from CTO-229)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin Jefferson, et al. v. A. M. Lockett & Co., Ltd., et al.*, S.D. Mississippi, C.A. No. 1:03-733

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Paul E. Barnes
Wise, Carter, Child & Caraway
P. O. Box 651
Jackson, MS 39205

Monte L. Barton
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

Craig E. Brasfield
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39533-1377

Brian T. Carr
Carr & Associates
4636 Sanford St., Suite 100
Metairie, LA 70006

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Lyn B. Dodson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Charles M. Evert
Evert & Weathersby, Llc
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

James L. Fletcher, Jr.
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

William N. Graham
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121-1344

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Frances K. Hardage
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Joseph H. Hart, IV
Smith & Fawer
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Steven J. Irwin
Duncan, Courington & Rydberg
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Paige C. Jones
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225-3066

Rebecca K. Jude
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Bruce M. Kuehnle, Jr.
Bruce M. Kuehnle, Jr., PLLC
P.O. Box 866
Natchez, MS 39121-0866

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Louis B. Lanoux
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Edward W. Mizell
Butler, Snow, O'Mara, Stevens &
Cannada
P. O. Box 22567
Jackson, MS 39225-2567

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502-1417

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
Metairie, LA 70055-5490

Mark R. Smith
Holcomb Dunbar, P.A.
P.O. Drawer 707
Oxford, MS 38655-0707

John A. Smyth
Maynard, Cooper & Gales, P.C.
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Drawer H
Pascagoula, MS 39568

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502-4108

John E. Wade, Jr.
Brunini, Grantham, Grower &
Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Louis H. Watson, Jr.
Watson & Heidelberg
520 East Capitol Street
Jackson, MS 39201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Richard F. Yarborough, Jr.
Smith, Reeves & Yarborough, PLLC
6360 I-55 North, Suite 201
Jackson, MS 39211

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 3 2003

## DOCKET NO. 875

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin Jefferson, et al. v. A. M. Lockett Co., Ltd., et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No. 1:03-CV-733-GR

## BRIEF IN SUPPORT OF MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER PURSUANT
## TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE
## FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Louis H. Watson, Jr. (MB # 9053)
C. Maison Heidelberg, (MB #9559 )
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:    (601) 968-0000
Facsimile:     (601) 968-0010

RECEIVED
CLERK'S OFFICE
2003 DEC -4 P 5: 28
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Background (Submission and Procedural History) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Legal Contentions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## <u>TABLE OF AUTHORITIES</u>

<u>*Rules*</u>

Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 1

Rule 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 1

Rule 7.6(d) of the  *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ................. 3


<u>*Statutes*</u>

28 U.S.C. § 1332 ......................................................... 4

28 U.S.C. § 1407 ......................................................... 1, 2


<u>*Cases*</u>

*A.O. Smith v. FTC*, 417 F. Supp. 1068 (1976) ........................................... 2

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d (D. Kan. 1999) ........... 4

*Coury v. Prot*, 85 F.2d 244 (5th Cir. 1996) .................................................. 3

*General Tire & Rubber Co. v. Jefferson Chemical Co.*, 50 F.R.D. 112 (D.C.N.Y. 1970) .............. 2

*Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, 200 WL 382027 (D. Kan. 2000) ............ 4.

*In Re: Aircrash Disaster at John F. Kennedy International Airport*, (J.M.D.L. July 20, 2997) ........... 2

*Kohl v. American Home Products Corp.*, 78 F. Supp. 2d 855 (W.D. Ark. 1999) .................... 4

*Tortola Restaurants, L.P. v. Kimberly Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997) ............. 4

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin Jefferson, et al. v. A. M. Lockett Co., Ltd., et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No. 1:03-CV-733-GR

BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER PURSUANT
TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

The Plaintiffs submit the instant Brief in Support of their Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on November 10, 2003. The Plaintiffs contend that transfer of this case to the MDL would be improper, would not be for the convenience of the parties and witnesses, nor would it promote the just and efficient conduct of such action pursuant to 28 U.S.C. § 1407.

I.

Background

In this action, Plaintiffs filed their Complaint in the state court of Holmes County, Mississippi. In turn, a Notice of Removal was filed removing this case to federal court alleging fraudulent joinder. on August 29, 2003. Thereafter, on September 29, 2003, Plaintiffs filed an Emergency Motion to Remand. To date, Defendants have not responded to Plaintiffs' Motion to Remand. As such, the Motion should be deemed confessed. The Motion to Remand is currently pending in the Federal District Court.

A Conditional Order was entered on November 10, 2003. Thereafter, on November 25, 2003, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiffs filed their Opposition to the Conditional Transfer Order.

II.

## Legal Contentions

A.      The Panel has a duty to protect the substantive rights of Plaintiffs.

B.      The Panel should refuse to transfer until the Federal District Court determines whether federal jurisdiction exists and whether this matter has been properly removed.

C.      Plaintiffs' claims should not be transferred to MDL No. 875 because the transfer will not meet the standards of 28 U.S.C. § 1407.  The transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of such actions.

III.

## Argument and Authorities

At issue is whether or not the Panel should vacate the Conditional Transfer Ordered herein or, alternatively, suspend service of the transfer order on the District Court until that Court has had ample opportunity to rule on Plaintiffs' Remand.  In turn, if the Conditional Transfer Order is entered, Plaintiffs will, or course, seek Remand before the Panel.  As such, the real issue in determining whether or not to vacate the Conditional Transfer Order is in what forum is Plaintiffs' Remand most properly ruled upon.

As the Panel and the transferor District Court have discretionary authority with respect to ruling on Remand, See, eg. *A.O. Smith v. FTC*, 417 F. Supp. 1068 (1976) and *General Tire & Rubber Co. v. Jefferson Chemical Co.*, 50 FRD 112 (D.C.N.Y. 1970), the question then becomes which court should exercise its discretionary authority, and why.

If the overriding criteria in exercising discretionary authority is to "secure the interest of justice," *A.O. Smith*, Supra, see also *In Re: Aircrash Disaster at John F. Kennedy International Airport* (J.M.D.L. filed July 20, 1997) (unpublished order deferring panel question of transfer to tag-along action until decision

2

of transferor court on Motion to Remand of that action to state court) one must only look to the injustice that would occur should the Panel make executory the Conditional Transfer Order.

### Different Standard of Review

First, a transfer to the MDL would subject Plaintiffs' Remand to a different standard of review. In the 5th Circuit Court and Mississippi Federal District Court, there is a presumption against federal jurisdiction. *Coury v. Prot*, 85 F.2d 244 (5th Cir. 1996). Whereas Rule 7.6(d) of the MDL Rules of Procedure provide, that the Panel is reluctant to order Remand absent suggestion of Remand from the transferee District Court. The difference in the standard of review is irreconcilable. In the District Court, the presumption is against federal jurisdiction and is in favor of Remand, whereas in the MDL the presumption is a "reluctance to remand."

### Transfer Not in the Interest of Judicial Economy

Moreover, Panel Rule 7.6(d) contemplates a "suggestion of remand" from the transferee District Court. A "suggestion of remand" is a recommendation made by transferee District Court on the issue of remand after review of the facts and law. If the District Court is going to have to go to all that trouble, why not stay the filing of the Conditional Transfer Order until the District Court has had an opportunity to rule on the Remand? It is simply duplicative to have the District Court "consider" the legal issue and proffer a "suggestion of remand" than have the Panel consider the exact same issue. How is such duplicity in the "interest of judicial economy?"

### No Original Federal Jurisdiction

Plaintiffs, in their Complaint, named Mississippi resident Defendants as sellers and/or suppliers of asbestos-containing products. Plaintiffs have suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, or distributed by the Defendants. Defendants named in the complaint of this action engaged in the design, manufacturing, distribution, and sale of asbestos-

<u>Transfer Not in the Interest of Judicial Economy</u>

Moreover, Panel Rule 7.6(d) contemplates a "suggestion of remand" from the transferee District Court. A "suggestion of remand" is a recommendation made by transferee District Court on the issue of remand after review of the facts and law. If the District Court is going to have to go to all that trouble, why not stay the filing of the Conditional Transfer Order until the District Court has had an opportunity to rule on the Remand? It is simply duplicative to have the District Court "consider" the legal issue and proffer a "suggestion of remand" than have the Panel consider the exact same issue. How is such duplicity in the "interest of judicial economy?"

<u>No Original Federal Jurisdiction</u>

Plaintiffs, in their Complaint, named Mississippi resident Defendants as sellers and/or suppliers of asbestos-containing products. Plaintiffs have suffered injuries caused by exposure to asbestos-containing products designed, manufactured, sold, or distributed by the Defendants. Defendants named in the complaint of this action engaged in the design, manufacturing, distribution, and sale of asbestos-containing products. The Federal District Courts and the MDL lack subject matter jurisdiction under 28 U.S.C. § 1332 in that the Mississippi resident Plaintiffs and the Mississippi resident Defendants are non-diverse.

<u>MDL is Not the Proper Forum to Consider Remand</u>

There is a long line of cases that hold resolution or remand which turns upon an issue of state law is more properly decided by the District Court and not the MDL. *Kohl v. American Home Products Corp.*, 78 F. Supp. 2d 855, 857 (W.D. Ark. 1999). Such is the case with the instant matter. See eg. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d (D. Kan. 1999) and *Tortola Restaurants, L.P. v. Kimberly Clark, Corp.* 987 F. Supp. 1186 (N.D. Cal. 1997).

containing products.  The Federal District Courts and the MDL lack subject matter jurisdiction under 28 U.S.C. § 1332 in that the Mississippi resident Plaintiffs and the Mississippi resident Defendants are non-diverse.

## MDL is Not the Proper Forum to Consider Remand

There is a long line of cases that hold resolution or remand which turns upon an issue of state law is more properly decided by the District Court and not the MDL.  *Kohl v. American Home Products Corp.*, 78 F. Supp. 2d 855, 857 (W.D. Ark. 1999).  Such is the case with the instant matter.  See eg. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d (D. Kan. 1999) and *Tortola Restaurants, L.P. v. Kimberly Clark, Corp.* 987 F. Supp. 1186 (N.D. Cal. 1997).

Plaintiffs have timely filed their Motion to Remand to which Defendants have not responded.  Defendants' Response was due on October 17, 2003.  To date, no response has been filed and the Motion should now be deemed confessed.  Because disposition of Plaintiffs' Motion to Remand requires this Court to determine whether federal jurisdiction exists over the action...indeed, because the issues raised in Plaintiffs' Motion have been fully briefed...the Court can perceive no benefit to deferring ruling to the MDL.  *Havens Protected "C" Clamps, Inc., v. Pilkington, PLC*, 200 WL 382027 (D. Kan. 2000).

There is but one issue to consider in Plaintiffs' Remand, whether or not the Defendants were fraudulently joined for the purpose of defeating federal jurisdiction.  In other words, did Plaintiffs assert viable claims against the Mississippi Defendants?  Resolution of that question is solely an issue of interpreting the law of the State of Mississippi.  Where resolution of the motion to remand turns on state law such a motion does not necessarily implicate issues common to other actions currently pending before the MDL.  See, eg. *Kohl* Supra and *Havens Protected "C" Clamps, Inc.* Supra.

4

IV.

## Conclusion

As the Panel jurisdiction is federal by its very nature, the Panel should feel obligated to ensure that an action being considered for transfer is properly within the federal system, meaning transferor court has proper jurisdiction over the action.   In this action, there is simply no original federal jurisdiction and any transfer to the MDL would be improper.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray as follows:

That the Conditional Transfer Order be vacated or alternatively, the Conditional Transfer Order not be served upon the transferor District Court pending consideration of the Remand before the transferor Court.

Respectfully submitted, this the 25th day of November, 2003.

LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFFS

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
C. Maison Heidelberg, (MB #9559 )
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:      (601) 968-0000
Facsimile:      (601) 968-0010

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 0 8 2003

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-226, a copy of which is attached hereto and all counsel of record in this case attached hereto as well.

This the 25th day of November, 2003.

LOUIS H. WATSON, JR.

6

## PANEL SERVICE LIST (Excerpted from CTO-229)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Marvin Jefferson, et al. v. A. M. Lockett & Co., Ltd., et al.,* S.D. Mississippi, C.A. No. 1:03-733

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Paul E. Barnes
Wise, Carter, Child & Caraway
P. O. Box 651
Jackson, MS 39205

Monte L. Barton
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225

Craig E. Brasfield
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39533-1377

Brian T. Carr
Carr & Associates
4636 Sanford St., Suite 100
Metairie, LA 70006

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Lyn B. Dodson
Copeland, Cook, Taylor & Bush
P. O. Box 6020
Ridgeland, MS 39158-6020

Charles M. Evert
Evert & Weathersby, Llc
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

James L. Fletcher, Jr.
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

William N. Graham
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121-1344

Michael O. Gwin
Watkins & Eager
P. O. Box 650
Jackson, MS 39205

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Frances K. Hardage
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Joseph H. Hart, IV
Smith & Fawer
201 St. Charles Avenue, Suite 3702
New Orleans, LA 70170

Christy C. Hendrix
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Steven J. Irwin
Duncan, Courington & Rydberg
400 Poydras Street, Suite 1200
New Orleans, LA 70130

Paige C. Jones
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225-3066

Rebecca K. Jude
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Bruce M. Kuehnle, Jr.
Bruce M. Kuehnle, Jr., PLLC
P.O. Box 866
Natchez, MS 39121-0866

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Louis B. Lanoux
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Edward W. Mizell
Butler, Snow, O'Mara, Stevens &
Cannada
P. O. Box 22567
Jackson, MS 39225-2567

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502-1417

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
Metairie, LA 70055-5490

Mark R. Smith
Holcomb Dunbar, P.A.
P.O. Drawer 707
Oxford, MS 38655-0707

John A. Smyth
Maynard, Cooper & Gales, P.C.
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Drawer H
Pascagoula, MS 39568

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson
P.O. Box 23062
Jackson, MS 39225-3062

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502-4108

John E. Wade, Jr.
Brunini, Grantham, Grower &
Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Louis H. Watson, Jr.
Watson & Heidelberg
520 East Capitol Street
Jackson, MS 39201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Richard F. Yarborough, Jr.
Smith, Reeves & Yarborough, PLLC
6360 I-55 North, Suite 201
Jackson, MS 39211