MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 10 2003

FILED
CLERK'S OFFICE

IN THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL- 875     IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

COME NOW the Plaintiffs, in the actions listed upon the attached schedule, and move this Honorable Panel to vacate the Conditional Transfer Order which has been entered effectively transferring said actions from the United States District Court from the Southern District of Mississippi to the Panel. Plaintiffs request that the Conditional Transfer Order be vacated for the following reasons, to-wit:

### I.
### THE TRANSFER OF THE ACTIONS AT THIS TIME WOULD BE CREATE UNDUE DELAY AND BE HIGHLY PREJUDICIAL

The actions *sub judice* are currently before the United States District Court for the Southern District of Mississippi, Southern Division. Said actions are wrongfully before that Court following an improper removal from state court by the named defendants. Plaintiffs in these actions have timely filed their Motions to Remand and the period of time allotted for defendants to respond has elapsed.

While Counsel for Plaintiffs is aware that the transferee Court will be amply suited to consider said Motions to Remand, judicial economy and the rights of the parties would not be served by transferring these cases. The Honorable Walter J. Gex, III, United States District Judge for the Southern District of Mississippi, Southern Division, has already begun the consideration of Plaintiffs' Motions to Remand.

To transfer these actions while the Court is in the process of determining if federal jurisdiction even exists would be improvident. Were these actions to be transferred to the

PLEADING NO. 4020

OFFICIAL FILE COPY
IMAGED DEC 15 '03

Eastern District of Pennsylvania, Judge Weiner would have to begin anew the consideration of Plaintiffs' Motions to Remand. Therefore, both Plaintiffs and Defendants would be subject to an undesired delay in the determination of this crucial issue. Furthermore, not one, but two, federal judges would have exhausted valuable time in the consideration of Plaintiffs' Motions.

Counsel for Plaintiffs has served as counsel for Plaintiffs in other actions that have been transferred by the Panel. As such, they understand that the purpose of the Panel is to serve judicial economy while protecting the rights of the parties. For the reason stated above, judicial economy, and the rights of the parties, will not be served by the immediate transfer of the actions.

Plaintiffs request that this Honorable Panel vacate the Conditional Transfer Orders in the present actions. Once Judge Gex concludes his consideration of Plaintiffs' Motions to Remand, Plaintiffs in any of these actions found to come under federal jurisdiction, will themselves notify the Panel of the existence of a tag-along action and whole-heartedly consent to the transfer of said action(s) to the Panel.

## **CONCLUSION**

Plaintiffs herein are not questioning the authority or the utility of this Honorable Panel. Instead, Plaintiffs simply point out that the transfer of these actions at this point in time would be counter to the Panel's purpose and goals. Judge Gex has already been fully briefed on the issues of remand. He has already devoted valuable time and faculties to considering those issues. A decision on those issues is forthcoming. A transfer to a new Court, where another Judge will have to begin that consideration anew would be counter-productive and cause undue delay to both parties. Therefore, Plaintiffs merely

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 10 2003

FILED
CLERK'S OFFICE

request that the Conditional Transfer Order be vacated pending the outcome of Plaintiffs' Motions to Remand. Should said Motions be overruled, the Conditional Transfer Order could then be re-entered and would have the full consent of Plaintiffs.

Respectfully submitted,

_____
ROGER D. LOTT, JR.
ATTORNEY FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFFS:

Larry O. Norris (Miss. Bar # 3883)
Roger D. Lott, Jr. (Miss. Bar # 100302)
LARRY O. NORRIS, PA
P.O. Box 8
Hattiesburg, MS 39401-0008
(601) 545-2011 telephone
(601) 584-6634 telecopier

### CERTIFICATE OF SERVICE

I, Roger D. Lott, Jr., hereby certify that I have this day served, via U.S. Mail, postage pre-paid, a true and correct copy of the foregoing Motion and Brief to Vacate Conditional Transfer Order on each Counsel listed on the attached service list.

This the 9th day of December, 2003.

_____
ROGER D. LOTT, JR.

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2003 DEC 10 A 10: 36
RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 0 2003

FILED
CLERK'S OFFICE

**SCHEDULE OF ACTIONS:**

*Earlie B. Hales, et al v. 3M Co.*
    United States District Court for the Southern District of Mississippi
    Civil Action No. 1:03CV684GR

*William Gilbert, et al v. 3M Co.*
    United States District Court for the Southern District of Mississippi
    Civil Action No. 1:03CV736GR

*Bert McDaniel, et al v. Owens-Illinois, Inc.*
    United States District Court for the Southern District of Mississippi
    Civil Action No. 1:03CV694GR

# PANEL SERVICE LIST (Excerpted from CTO-229)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Earlie B. Hales, et al. v. 3M Co.*, S.D. Mississippi, C.A. No. 1:03-684
*Bert McDaniel, et al. v. Owens-Illinois, Inc.*, S.D. Mississippi, C.A. No. 1:03-694
*William Gilbert, et al. v. Minnesota Mining & Manufacturing Co.*, S.D. Mississippi, C.A. No. 1:03-736

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P. O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Craig E. Brasfield
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Roger D. Lott, Jr.
Norris & Phelps, PLLC
P. O. Box 8
Hattiesburg, MS 39403-0008

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406