ORIGINAL COPY

Of Counsel:

**GALIHER DeROBERTIS NAKAMURA ONO TAKITANI**
Law Corporations

| | |
|---|---|
| GARY O. GALIHER | 2008 |
| L. RICHARD DeROBERTIS | 3179 |
| DEREK S. NAKAMURA | 4273 |
| JEFFREY T. ONO | 2763 |
| ANTHONY P. TAKITANI | 4422 |
| DIANE T. ONO | 5590 |

610 Ward Avenue, Suite 200
Honolulu, Hawaii 96814-3308
Telephone: (808) 597-1400

Attorneys for Plaintiff

MDL 875

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
SEP 10 2003
at ___ o'clock and ___ min. ___ M
WALTER A.Y.H. CHINN, CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JAN - 7 2004
FILED
CLERK'S OFFICE

MDL- 875
RECOMMENDED ACTION
VACATE CTO-229 FINAL--1 ACTION
Approved/Date: MJB 1/7/04

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: HAWAII FEDERAL ASBESTOS CASES<br>This document applies to:<br><br>DANIEL REILLY and<br>NOLA REILLY,<br><br>Plaintiffs,<br><br>vs.<br><br>OWENS-ILLINOIS, INC., an Ohio corporation; et al.,<br><br>Defendants. | CIVIL NO. CV 03 00416 REJ/KSC<br><br>**STATEMENT REQUESTING VOLUNTARY DISMISSAL PURSUANT TO THE ORDER FILED DECEMBER 28, 1987; EXHIBIT "A"; CERTIFICATE OF SERVICE**<br><br>Trial Date: Unassigned<br>Judge: Hon. Robert E. Jones<br>(Trial Group Unassigned)<br>(INACTIVE ASBESTOS DOCKET) |

D:\04688A01\pleading\nk01id.doc

IMAGED JAN 8 '04

OFFICIAL FILE COPY 

ATTEST: A True Copy
WALTER A.Y.H. CHINN
Clerk, United States District
Court, District of Hawaii
By _____
Deputy

PLEADING NO. 4076

## STATEMENT REQUESTING VOLUNTARY DISMISSAL PURSUANT TO THE ORDER FILED DECEMBER 28, 1987

The Plaintiffs, above referenced, by and through their counsel undersigned, pursuant to the Stipulated Order Regarding Dismissal of Cases Upon Certain Conditions and Implementing the Inactive Asbestos Docket filed in the United States District Court, District of Hawaii on December 28, 1987, hereby voluntarily dismiss their complaint pursuant to the above referenced Order, and add the above referenced case to the Inactive Trial Docket.

Pursuant to the above referenced Order, the Plaintiffs state that to the best of each of his or her knowledge and belief, Plaintiff DANIEL REILLY's asbestos injuries and diseases include all the asbestos-related diseases disclosed or discussed in Plaintiff's medical reports attached hereto as Exhibit "A."

The voluntary dismissal and the placement of the case on the Inactive Trial Docket is effective as of the date of filing of this document.

DATED: Honolulu, Hawaii, _____SEP 1 0 2003_____.

_____
GARY O. GALIHER
L. RICHARD DeROBERTIS
DEREK S. NAKAMURA
JEFFREY T. ONO
ANTHONY P. TAKITANI
DIANE T. ONO
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: ) | CIVIL NO. CV 03 00416 REJ/KSC |
| HAWAII FEDERAL ASBESTOS ) | |
| CASES ) | |
| ) | |
| This Document Applies To: ) | CERTIFICATE OF SERVICE |
| ) | |
| DANIEL REILLY and ) | |
| NOLA REILLY, ) | |
| ) | Trial Date: Unassigned |
| Plaintiffs, ) | Judge: Hon. Robert E. Jones |
| ) | (Trial Group Unassigned) |
| vs. ) | (INACTIVE ASBESTOS DOCKET) |
| ) | |
| OWENS-ILLINOIS, INC., etc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

D:\04688A01\pleading\nk01id.doc

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Statement Requesting Voluntary Dismissal Pursuant to the Order Filed December 28, 1987; and Exhibit "A," was duly served on the following attorneys at their last known address on SEP 1 0 2003, by the method indicated below.

Case MDL No. 875 Document 4076 Filed 01/07/04 Page 4 of 19

| HAND DELIVER | U.S. MAIL | FAX | |
|---|---|---|---|
| ( ) | ( X ) | ( ) | SIDNEY K. AYABE, Esq.<br>GAIL M. KANG, Esq.<br>Ayabe Chong Nishimoto Sia & Nakamura<br>Pauahi Tower, Suite 2500<br>1001 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for RHONE-POULENC AG COMPANY, formerly known as AMCHEM PRODUCTS, INC., formerly known as BENJAMIN FOSTER PRODUCTS COMPANY |
| ( ) | ( X ) | ( ) | JAMES T. ESTES, JR., Esq.<br>Burke Sakai McPheeters Bordner Iwanaga & Estes<br>Pacific Guardian Center, Mauka Tower<br>737 Bishop Street, Suite 3100<br>Honolulu, HI 96813<br>Attorneys for A.W. CHESTERTON COMPANY |
| ( ) | ( X ) | ( ) | STEVEN K. HISAKA, Esq.<br>Hisaka Stone Goto Yoshida Cosgrove & Ching<br>Pacific Guardian Center, Mauka Tower<br>737 Bishop Street, Suite 3000<br>Honolulu, HI 96813<br>Attorneys for QUIGLEY COMPANY, INC. |

2

| ( ) | ( X ) | ( ) | |
|---|---|---|---|
| ( ) | ( X ) | ( ) | CRAIG T. KUGISAKI, Esq.<br>Law Offices of Craig Kugisaki<br>Pacific Tower, Suite 2727<br>1001 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for METROPOLITAN LIFE INSURANCE COMPANY |
| ( ) | ( X ) | ( ) | DONALD C. MACHADO, JR., Esq.<br>Central Pacific Plaza<br>220 South King Street, Suite 2100<br>Honolulu, HI 96813<br>Attorneys for FOSTER WHEELER CORPORATION |
| ( ) | ( X ) | ( ) | JEROLD T. MATAYOSHI, Esq.<br>Fukunaga Matayoshi Hershey & Ching<br>Davies Pacific Center, Suite 1200<br>841 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for OWENS-ILLINOIS, INC. |
| ( ) | ( X ) | ( ) | JOHN S. NISHIMOTO, Esq.<br>PATRICIA T. FUJII, Esq.<br>Ayabe Chong Nishimoto Sia & Nakamura<br>Pauahi Tower, Suite 2500<br>1001 Bishop Street<br>Honolulu, HI 96813<br>Attorneys for RAPID-AMERICAN CORPORATION |

| ( ) | ( X ) | ( ) | MICHAEL F. O'CONNOR, Esq.<br>Oliver Lau Lawhn Ogawa & Nakamura<br>Ocean View Center, Suite 600<br>707 Richards Street<br>Honolulu, HI 96813<br>Attorneys for GARLOCK, INC.; VIACOM INC., successor by merger to CBS CORPORATION, formerly known as WESTINGHOUSE ELECTRIC CORPORATION |
|---|---|---|---|
| ( ) | ( X ) | ( ) | STEPHEN D. TOM, Esq.<br>AIMEE H. OYASATO, Esq.<br>White & Tom<br>Haseko Center, Suite 711<br>820 Mililani Street<br>Honolulu, HI 96813-2972<br>Attorneys for THE LYNCH CO., INC. and JOHN CRANE, INC. |
| ( ) | ( X ) | ( ) | ELTON JOHN BAIN, Esq.<br>Kessner Duca Umebayashi Bain & Matsunaga<br>1900 Central Pacific Plaza<br>220 South King Street<br>Honolulu, HI 96813<br>Attorneys for WARREN PUMPS, INC. |

| ( ) | ( X ) | ( ) | SHERMAN S. HEE, Esq.<br>1164 Bishop Street, Suite 1415<br>Honolulu, HI 96813<br>Attorneys for DRESSER INDUSTRIES, INC., as successor-in-interest to WORTHINGTON PUMP COMPANY |
|---|---|---|---|

DATED: Honolulu, Hawaii, _____SEP 1 0 2003_____

GARY O. GALIHER
L. RICHARD DeROBERTIS
DEREK S. NAKAMURA
JEFFREY T. ONO
ANTHONY P. TAKITANI
DIANE T. ONO
Attorneys for Plaintiffs

# STUART SUGIHARA, M.D.                                    PULMONARY MEDICINE

August 3, 2001

Tad Y. Iwanuma, M.D.
321 N. Kuakini Street, Suite 703
Honolulu, HI  96817

re:  Reilly, Daniel T.

Dear Tad,

Daniel was seen here on August 3, 2001, for evaluation of an abnormal chest x-ray. I would like to review the history for my records. He is a 47y.o. male who has been undergoing routine chest x-rays as part of his asbestos program at work. He has been under this program for many years. His chest x-rays have apparently been normal up until his most recent study this past January. He was noted to have left pleural thickening.

He denies any dyspnea or chest pain. He previously smoked 2 ppd for 7 years. He discontinued this in 1976 on a bet. He thinks that he has been having chest x-rays done every 2 years. He previously worked as a pipe fitter on board ships in the early 1970's.

His other medical history is only notable for hypertension for which he takes Triamterene. He has not had any hospitalizations or operations. He has no known allergies.

His occupational history is as noted earlier. His family history is only notable for asthma.

His physical examination showed his weight to be 94.6kg. His BP was 130/80. There was no adenopathy. His chest was clear. His cardiac exam was normal. There was no clubbing. The rest of his examination was unremarkable. His chest x-ray from January was reviewed.

The initial impression was that Daniel was incidentally noted to have left pleural thickening on a routine chest x-ray. This was reportedly a new finding from the prior film probably 2 years ago. His previous films were not available for review.

With his presumed asbestos exposure, the obvious concern was for a mesothelioma. However, he had no symptoms and the x-ray findings were very minimal. This probably represents benign pleural thickening. We would not recommend any further diagnostic studies at this time. However, we did ask him to continue with his x-ray follow-up this coming January when he is due for his next screening.

Page 2 of Two                                                08/03/01


re:  Reilly, Daniel T.

_____


Thank you very much for this consulation and for having me see Daniel. We will await his upcoming x-ray.

Sincerely,

*[signature]*

Stuart Sugihara, M.D., F.C.C.P.

SS/mas

# PERIODIC HEALTH EVALUATION
## NAVY ASBESTOS MEDICAL SURVEILLANCE PROGRAM
### ROENTGENOGRAPHIC INTERPRETATION FOR PNEUMOCONIOSES

Sections 133, 1071-87-3012, 5031 and 8012, Title 10 USC & Exec. Order 9397 (Privacy Act of 1974) Apply
USE HARD TIPPED PEN & PRESS FIRMLY, LEGIBLE COPY REQUIRED FOR DATA ENTRY

PAGE 1 OF 1
CONTROL NO. (For NEHC Use Only)

RETAIN ORIGINAL IN HEALTH RECORD
Send Copy to: Commanding Officer
NAVY ENVIRONMENTAL HEALTH CENTER
2510 Walmer Avenue, Norfolk, VA 23513-2817

EXAMINATION FACILITY NAME: COMMANDING OFFICER, NAVAL MEDICAL CLINIC, 480 CENTRAL AVE, PEARL HARBOR HI 96860-4908

UIC: 32609

**SECTION 1**

NAME (Last, First, MI): REILLY, DANIEL T.
SEX: M
SOCIAL SECURITY NO: 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
DATE OF BIRTH: YR 52 MO 01 DAY 12

RACE: ☒ White ☐ Black ☐ Hispanic ☐ Asian ☐ Indian ☐ Other
STATUS: ☐ Navy ☐ Marines ☐ Coast Guard ☐ Air Force ☐ Army ☒ Civilian

MILITARY ONLY — ENLISTED RATING/MOS, OFFICERS NOBC, PAY GRADE, NEC, DESIGNATOR (crossed out)

EXAM PURPOSE: ☐ INITIAL ☒ PERIODIC ☐ TERMINATION
YRS. GOV'T SERVICE: 31
OCCUPATIONAL CODE (CIVILIAN): WS-4204
DATE OF X-RAY: YR 01 MO 04 DA 27

SHIPBOARD PERSONS ONLY: SHIP HULL NO. (crossed out)

**SECTION 2**

FILM QUALITY: ☒1 2 3 U/R (IF NOT 1 give reason — SEE REVERSE)

FILM IS COMPLETELY NEGATIVE FOR PNEUMOCONIOSIS ☐ (PROCEED TO SECTION 5)
NEGATIVE READING INCLUDES THESE PROFUSION CODES: 0/— , 0/0 , 0/1

FILM SHOWS ABNORMAL FINDINGS CONSISTENT WITH PNEUMOCONIOSIS ☒ (PROCEED TO SECTIONS 3, 4, and 5)

**SECTION 3**

3A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? YES ☐ / NO ☒ (PROCEED TO SECTION 4)

3B. SMALL OPACITIES — SHAPE/SIZE: PRIMARY (p, s, q, t, r, u); SECONDARY (p, s, q, t, r, u); ZONES R/L; PROFUSION (1/0, 1/1, 1/2, 2/1, 2/2, 2/3, 3/2, 3/3, 3/+)

3C. LARGE OPACITIES — SIZE: O A B C

**SECTION 4**

4A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS? YES ☒ / NO ☐

4B. PLEURAL THICKENING — CHEST WALL
a. CIRCUMSCRIBED (plaque):
  - NONE ☒ R | PROFILE WIDTH: ☒O A B C | EXTENT: 0 1 ☒2 3 | FACE ON EXTENT: 0 1 2 3 | CALCIFICATION: 0 1 2 3
  - NONE O ☒ | PROFILE WIDTH: O ☒A B C | EXTENT: 0 ☒1 2 3 | FACE ON EXTENT: ☒0 1 2 3 | CALCIFICATION: ☒0 1 2 3

b. DIFFUSE:
  - NONE ☒ R | PROFILE WIDTH: O A B C | EXTENT: 0 1 2 3 | FACE ON EXTENT: 0 1 2 3 | CALCIFICATION: 0 1 2 3
  - NONE ☒ L | PROFILE WIDTH: O A ☒B ☒C | EXTENT: 0 ☒1 ☒2 ☒3 | FACE ON EXTENT: 0 1 2 ☒3 | CALCIFICATION: 0 1 2 ☒3

4C. PLEURAL PLAQUE (Diaphragm)
a. Plaque: R ☒O, L ☐
b. Calcification: R 0 1 2 3 ; L ☒0 1 2 3

4D. PLEURAL PLAQUE (Pericardium)
a. Plaque: R ☒, L ☐
b. Calcification: R ☒0 1 2 3 ; L ☒0 1 2 3

4E. COSTOPHRENIC ANGLE OBLITERATION: R ☒ L ☒

**SECTION 5**

OTHER ABNORMALITIES AND COMMENTS
OTHER SYMBOLS: ☒ax bu ca cn co cp cv di ef em es fp fr hi ho id ih kl pi px rp tb
(OBLIGATORY - SEE REVERSE)

OTHER COMMENTS: _____

FILM READER NO.: 167
DATE OF READING: YR 01 MO 07 DA 13

LIBKUMAN, VENTURA, AYABE
    & HUGHES

JOHN S. NISHMIMOTO      #1820-0
Grosvenor Center, Mauka Tower
737 Bishop Street, Suite 3000
Honolulu, Hawaii  96813
Telephone:  (808) 537-6119

Attorney for Asbestos Claims Facility

GERALD C. STERNS        #3536
VIRGIL JAMES WILSON, III    #3130
TIMOTHY J. HOLZER       #1537
Grosvenor Center, PRI Tower
733 Bishop Street, Suite 2300
Honolulu, Hawaii  96813
Telephone:  (808) 528-1900

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE: ) | Civil No. 84-1054, et seq. |
| ) | |
| ALL FEDERAL ASBESTOS CASES ) | PROPOSED STIPULATED ORDER |
| ) | REGARDING DISMISSAL |
| ) | OF CASES UPON CERTAIN |
| ) | CONDITIONS AND IMPLEMENTING |
| ) | THE INACTIVE ASBESTOS DOCKET |

PROPOSED STIPULATED ORDER REGARDING DISMISSAL
OF CASES UPON CERTAIN CONDITIONS AND
IMPLEMENTING THE INACTIVE ASBESTOS DOCKET

The Plaintiffs, by their counsel, and the Defendants, by their counsel and individually, hereby stipulate that the cases pending in the Hawaii Federal Asbestos Litigation, may be voluntarily dismissed upon certain conditions as hereinafter provided:

   1.   **Voluntary Dismissal Without Prejudice:**  Any plaintiff who has a case pending in the Hawaii Federal Asbestos

Litigation may file a statement requesting voluntary dismissal of his or her claim or claims under Federal Rule of Civil Procedure No. 41(a)(2), which claim or claims shall be dismissed without prejudice and placed on the inactive asbestos docket subject to the following conditions:

  a. The dismissal of any individual case for placement on the inactive asbestos docket shall be as to all plaintiffs named therein, and as to all defendants named therein, and shall apply to all claims made therein without prejudice, and shall be without cost to any party.

  b. The dismissal shall toll all applicable statutes of limitations regarding any claim for any asbestos related pleural condition or parenchymal asbestosis condition, disease or injury, except that the applicable statute of limitations shall not be tolled for claims based upon wrongful death. Said tolling shall apply only with respect to those defendants named in the complaint dismissed. All statute of limitations defenses which could have been asserted at the time the statement requesting voluntary dismissal was filed and all statute of limitations defenses as to an injury or a disease different from that described in the statement requesting voluntary dismissal are preserved, and are not tolled by the filing of a statement requesting voluntary dismissal pursuant to this stipulation. The determination of whether or not an injury

or disease is "different" within the above may be the subject of a properly noticed evidentiary hearing made at the appropriate time.

   c. The statement requesting voluntary dismissal shall state the specific nature of the plaintiff's alleged asbestos related pleural or parenchymal condition, disease or injury in existence at the time that the statement requesting voluntary dismissal is filed. There shall be attached to the statement appropriate medical documentation or reports which support the stated pleural or parenchymal condition, disease or injury.

   d. No complaint shall be dismissed pursuant to this stipulation after it has been placed on a trial list or assigned a trial date, unless the trial date was assigned prior to the date of this stipulation or unless jointly stipulated to the parties.

   2. <u>Refiling of a Complaint</u>: A plaintiff or plaintiffs who have satisfied the medical conditions set forth under paragraph 3 may refile his, her or their dismissed complaint once as a matter of course without leave of court but subject to the additional following conditions:

   a. In no event shall a case satisfying the medical condition set forth in paragraph 3(b) be refiled within one (1) year of the date of the filing of the voluntary

- 3 -

dismissal. Any case satisfying the medical conditions set forth in paragraph 3(a) (malignancy or cancer case) may be refiled within one (1) year of the date of the filing of the voluntary dismissal or, thereafter, however, subject to the provisions contained in paragraph 1(b) of this stipulated order.

    b. Upon the refiling of a complaint, the case shall be assigned a new docket number and the parties shall be allowed a period of at least six (6) months in which to complete discovery. The parties may stipulate to additional time for discovery in individual cases. The case shall thereafter be placed on the trial calendar based upon its refiling date in chronological order with respect to all other active Hawaii Federal Asbestos Litigation cases.

    c. The refiling of a complaint shall be accomplished by the filing of a pleading entitled, "Notice of Refiling of Complaint." A copy of the notice shall be served upon counsel of record for the defendants in the original action, new counsel who may have been substituted in for defense counsel in the original action. There shall be no fee for refiling a complaint.

    d. Any defendant sought to be added to such a case after it has been refiled shall be added only pursuant to Federal Rule of Civil Procedure No. 15 after an appropriate ruling by the court.

    e. In the event that the complaint is refiled and in the event that a verdict is rendered or judgment is made

for the plaintiff, interest on the amount of the damages shall be calculated from the date of the refiling of the complaint, not from the date on which the complaint was originally filed.

3. <u>Medical Condition at Time of Refiling</u>: A case which has been voluntarily dismissed pursuant to the provisions of paragraphs 1(a) - 1(d) above shall be refiled pursuant to the provisions of paragraphs 2(a) - 2(e), and in addition, shall be supported by a medical report which shall be dated within 180 days of the date of the refiling and which demonstrates <u>either</u> of the following:

    a. A malignancy or cancer where, in the medical opinion of the reporting physician, a substantial factor in the causation of such condition was exposure to asbestos; <u>or</u>

    b. That plaintiff is otherwise suffering from an asbestos related physical impairment and dysfunction which diagnosis:

        (i) is supported by both x-ray examination pulmonary function studies performed within thirty (30) days of the date of such medical report; <u>and</u>

        (ii) reflects, in the medical opinion of the reporting physician, a deterioration in the condition of the plaintiff from the date of this Stipulation.

4. The reporting physician certifying as to the medical condition under the provisions of paragraph 3(a) and 3(b) may be any licensed physician who has not previously examined the

refiling plaintiff, unless the physician was a bona fide treating physician. The certifying physician may not be Dr. Carl Hallenborg or Dr. George Druger or any physician who has appeared and testified as an expert for any party in the Hawaii Asbestos Litigation on generic asbestos issues, as opposed to the condition of any given individual, unless such physician was the refiling plaintiff's treating physician prior to the time that counsel of record was retained. Any factual questions arising hereunder as to the qualifications of such certifying physician may be determined by the Court in an evidentiary hearing upon proper motion.

5. Notwithstanding the provisions of 3(a) and 3(b) above, a plaintiff claiming an asbestos-related condition may refile his complaint without complying with the requirements of 3(a) or 3(b) upon the passage of five (5) years from the date of the voluntary dismissal or upon attaining the age of seventy (70), whichever comes first, but shall still be subject to all other requirements and/or limitations set forth herein.

6. This stipulation and order shall also apply to any and all cases heretofore voluntarily dismissed pursuant to the Voluntary Dismissal and Inactive Docket Order heretofore made and entered by this Court on June 1, 1987 or pursuant to any prior proposed stipulated order regarding dismissal of cases upon certain conditions and implementing the inactive asbestos docket. This stipulation and order shall apply to such cases as if they

had been dismissed pursuant thereto, and the order of June 1, 1987 and any prior stipulated orders are hereby superseded.

7. In addition to the consolidated In Re Hawaii Federal Court Asbestos docket, there shall be a separate docket which shall include those cases voluntarily dismissed, pursuant to the terms of this stipulated order regarding the voluntary dismissal of cases upon certain conditions. Said separate docket shall be called the "Hawaii Federal Court Inactive Asbestos Docket," and shall be maintained by the asbestos docket clerk.

DATED: Honolulu, Hawaii, _____DEC - 1 1987_____

_____
GERALD C. STERNS
VIRGIL JAMES WILSON, III
TIMOTHY J. HOLZER
Attorneys for Plaintiffs

_____
JOHN S. NISHIMOTO
Attorney for the Asbestos Claims Facility

_____
PAUL DEVENS
CHARLES HITE
Attorneys for RAYMARK INDUSTRIES, INC.

_____
DAVID A. NAKASHIMA
DONALD MACHADO
Attorneys for FOSTER WHEELER CORPORATION

--------------------------------------------------------------

PROPOSED STIPULATED ORDER REGARDING DISMISSAL OF CASES UPON CERTAIN CONDITIONS AND IMPLEMENTING THE INACTIVE ASBESTOS DOCKET
11 Federal Asbestos Cases;
United States District Court for the District of Hawaii

- 7 -

                                                                          GARY O. GALIHER
                                                                          L. RICHARD DeROBERTIS
                                                                          Attorneys for Plaintiffs

---

PROPOSED STIPULATED ORDER REGARDING DISMISSAL OF CASES UPON
    IN CONDITIONS AND IMPLEMENTING THE INACTIVE ASBESTOS DOCKET
      ederal Asbestos Cases;
United States District Court for the District of Hawaii

## ORDER

Upon the above stipulation, and good cause appearing therefore, the implementation of the Hawaii Inactive Asbestos Docket, upon the terms and conditions set forth above is SO ORDERED.

DATED: Honolulu, Hawaii, Dec 22, 1987

_____
JUDGE OF THE UNITED STATES DISTRICT COURT

---

PROPOSED STIPULATED ORDER REGARDING DISMISSAL OF CASES UPON
CERTAIN CONDITIONS AND IMPLEMENTING THE INACTIVE ASBESTOS DOCKET
All Federal Asbestos Cases;
United States District Court for the District of Hawaii