BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) ) MDL 875 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES A. HAMMONS                                          PLAINTIFF

VS.                                          CIVIL ACTION NO: 1:03CV00626

DANA CORPORATION, ET. AL.                                          DEFENDANTS

### BRIEF OF DEFENDANTS' DANA CORP., KOMP EQUIP. CO., LAUREL MACHINE, OWENS-ILLINOIS, AND SOUTHERN PIPE IN RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

COME NOW, Defendants[1], by and through counsel, and hereby file their response to Plaintiff's Motion to Vacate the Conditional Transfer Order pursuant to Rule 7.2 (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. These Defendants join Illinois Central Railroad's response, filed December 19, 2003, to Plaintiff's Motion to Vacate CTO-229. Defendants further submit the following to the Panel for consideration.

The two instant actions now before this Panel, *James A. Hammons v. Dana Corp. et al.*

---

[1] Dana Corporation, Komp Equipment Co., Inc., Laurel Machine & Fondry Co., Owens-Illinois, Southern Pipe.

1

OFFICIAL FILE COPY

IMAGED JAN 9 '04

Civil Action No. 1:03CV000626[2] and *James A. Hammons v. Illinois Central Railroad*, Civil Action No. 1:03CV000627[3], are the obvious by-products of Plaintiff's attempt to obtain a proverbial "*second bite at the apple*" through repetitive filings of identical litigation presently before Judge Charles R. Weiner, in *James A. Hammons v. Dana Corp., et al*, Civil Action No. 1:02CV000739[4]. The substance of the allegations and causes of action respectively incorporated in the two subsequent filings contained in CTO-229 are mirror images of the single filing contained in CTO-219. CTO-219 became final on November 14, 2002.

Once "final transfer" has been entered, the action cannot be collaterally attacked by filing a substantially identical action in state court. At most the two repetitive filings on April 23, 2003, are mere "tag-alongs" to the original litigation retained in the MDL since November 14, 2002. In his attempt the circumvent the finality of CTO-219, the Plaintiff merely dropped two defendants, Komp Equipment Co., and Laurel Machine & Fondrey Co., and separated Illinois Central Railroad into its own lawsuit. The filing of the duplicative litigation does nothing to thwart the continuing jurisdiction of the MDL by virtue of CTO-219. *Kansas Public Employees Retirement System v. Reimer & Kroger Associates, Inc.*, 77 F.3d 1063, 1069 (8th Cir. 1996) (after removal, plaintiff cannot file essentially same case in second state action to subvert federal jurisdiction); *Riley v.*

---

[2] Filed in Copiah County Circuit Court on April 23, 2003, Civil Action No. 2003-0213 against Dana Corporation, Metropolitan Life Ins., Co., Mitchell Metal Products, Inc., Owens-Illinois, Quigley Co., Inc., and Southern Pipe and Supply Co., Inc.

[3] Filed in Copiah County Circuit Court on April 23, 2003, Civil Action No. 2003-0214 against Illinois Central Railroad Co.

[4] Filed in Copiah County Circuit Court on August 9, 2002, Civil Action No. 2002-0398 against Dana Corporation, Illinois Central Railroad Co., Komp Equip. Co., Inc., Laurel Machine and Foundry Co., Metropolitan Life Ins., Co., Mitchell Metal Products, Inc., Owens-Illinois, Quigley Co., Inc., and Southern Pipe and Supply Co., Inc.

*Carson Pirie Scott & Co.*, 946 F. Supp. 716, 718 (E.D. Wis. 1996) (once removed, this court, not the state court, had jurisdiction until this court remand[s] the case or dismiss[es] it without prejudice).

It should be noted that this is a single plaintiff case, from which the allegations and purported causes of action, if proven, can only arise from the same work site and involve a common nexus thus preventing separate actions as the plaintiff has done in separating the defendants. The basis of the litigation remains the same as it was originally filed on August 9, 2002, in Copiah County, Mississippi, removed to the United States District Court for the Southern District of Mississippi on September 23, 2002, and conditionally transferred to the MDL in CTO-219 on October 29, 2002, with final order entered November 14, 2002. Plaintiff's second filing of identical litigation on April 23, 2003, in Copiah County, Mississippi, does not supercede the Panel's previous final order of November 14, 2002. This is simply an artful, but obvious, attempt to skirt the present jurisdiction of Judge Wiener with the instant litigation, when Judge Wiener's authority has been in force since November 14, 2002.

The interests of judicial economy, fair play and deference to the procedural rules necessitates that Judge Wiener's authority not be undermined. In light of the aforementioned, the only just resolution would be for this Honorable Court to transfer the two repetitive actions contained in CTO-229 to Judge Weiner for his consideration on how best to conclude this unusual course of events given his jurisdiction over this litigation since November 14, 2002. *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975) (where a district court finds that a second suit filed in state court is an attempt to subvert the purposes of the removal statute, it is justified and authorized by [28 U.S.C. § 1446(e)] in enjoining the proceedings in the state court). Acknowledging

that the two instant actions had been removed as was the original and are no longer within the state judicial system, Defendants wish to add that nothing has transpired since the original removal that would destroy federal jurisdiction.

Therefore, Defendants respectfully request this Panel, pursuant to 28 U.S.C. 1407, to transfer the repetitive actions contained in CTO-229 to the United States District Court for the Eastern District of Pennsylvania for further proceedings.

RESPECTFULLY SUBMITTED, this the 5th day of January, 2004.

FOR THE DEFENDANTS, DANA CORPORATION, KOMP EQUIP., INC., LAUREL MACHINE & FONDRY CO., OWENS-ILLINOIS, SOUTHERN PIPE.

*/s/ Marlin A. Miller*
CRAIG E. BRASFIELD, MSB #4340
MARLIN A. MILLER, MSB #99209

OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
Suite 1200, One Jackson Place
188 E. Capitol Street
Post Office Box 22608
Jackson, Mississippi 39225-2608
(601) 960-8600; FAX: (601) 960-8613

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 9 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that, on this 5th day of January, 2004, I caused copies of the foregoing BRIEF OF DEFENDANTS' DANA CORP., KOMP EQUIP. CO., LAUREL MACHINE, OWENS-ILLINOIS, AND SOUTHERN PIPE IN RESPONSE TO PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

*Marlin A. Miller*

CRAIG E. BRASFIELD MSB #4340
MARLIN A. MILLER MSB #99209

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2004 JAN -8 P 3 39
RECEIVED CLERK'S OFFICE

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*James A. Hammons v. Illinois Central Railroad Co.*, S.D. Mississippi, C.A. No. 1:03-626
*James A. Hammons v. Illinois Central Railroad Co.*, S.D. Mississippi, C.A. No. 1:03-627

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Charles H. Russell, III
Wise, Carter, Child & Caraway
P. O. Box 651
Jackson, MS 39205

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 9 2004

FILED
CLERK'S OFFICE

# FORMAN PERRY WATKINS KRUTZ & TARDY LLP

ATTORNEYS AT LAW

One Jackson Place
188 East Capitol Street, Suite 200
Jackson, Mississippi 39201-2133

Post Office Box 22608
Jackson, Mississippi 39225-2608

Telephone: 601-960-8600
Main Facsimile: 601-960-8613
Asbestos Facsimile: 601-960-3241

MARLIN A. MILLER
millerma@fpwk.com
Direct Dial: (601) 969-4371

January 08, 2004

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-55 North Lobby
Washington, DC  20002-8004

**Request of Certain Defendants for Additional Extension of Time to File Response – GRANTED**

(cdm - 1/9/04)

RE:   *James A. Hammons vs. Dana Corporation, et al.*
      *Civil Action No.: 1:03CV00626*

Dear Mr. Beck:

Please find enclosed the original and one copy of the **Certain Defendants' Amended Application For Additional Time To Respond To Plaintiff's Motion To Vacate The Conditional Transfer Order** in the above referenced cause. Please file this original and stamp the copy enclosed and return to me in the self-addressed, stamped envelope.

If you have any questions, please do not hesitate to call.

Sincerely,

*Marlin A Miller*

Marlin A. Miller

2004 JAN -8 P 5:15
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

MAM/elm

Enclosures
cc: All Counsel Of Record

---

Dallas
2001 Bryan Street, Suite 1300
Dallas, Texas 75201-3008
Telephone: 214-905-2924
Facsimile: 214-905-3976

New Orleans
1515 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: 504-799-4383
Facsimile: 504-799-4384

Houston
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: 713-402-1717
Facsimile: 713-621-6746

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS )
LIABILITY LITIGATION )
)
)
)
THIS DOCUMENT RELATES TO: )   MDL 875
)
)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

JAMES A. HAMMONS                                          **PLAINTIFF**

VS.                                         CIVIL ACTION NO: 1:03CV00626

DANA CORPORATION, ET. AL.                                 **DEFENDANTS**

### CERTAIN DEFENDANTS' AMENDED APPLICATION FOR ADDITIONAL TIME TO RESPOND TO PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

COME NOW, Defendants[1], by and through counsel, and hereby moves for an additional extension of time to file its response to Plaintiff's Motion to Vacate the Conditional Transfer Order pursuant to Rule 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In support of said application Defendants would show the following:

1.   Defendants' counsel received Plaintiff's Motion to Vacate CTO-229 and Brief to Vacate CTO-229 on December 15, 2003, with a Certificate of Service dated December 9, 2003.

2.   Defendants' submitted an Application for Additional Time To Respond on December 23,

---

[1]   Dana Corporation, Komp Equipment Co., Inc., Laurel Machine & Fondry Co., Owens-Illinois, Southern Pipe.

2003, requesting additional time through January 16, 2004.

The following was set forth as grounds: That the original response was currently due December 30, 2003. That the case attorney, Michael D. Goggins, previously handling this matter was no longer with the firm and that the holiday season further exacerbated meeting the current deadline with an appropriate response. Counsel requested extension through January 16, 2004, in order to provide sufficient time to prepare the opposition to the various issues raised in the Plaintiff's Motion to Vacate CTO-229 and respond in addition to securing client review.

3. On December 24, 2003, a faxed copy of the Panel's decision granting an extension through January 6, 2004, was received in our office, however, our offices were closed for the Christmas holidays and did not reopen until December 29, 2003. Counsel was unaware that a January 6, 2004, deadline had been set by the Panel until late afternoon on January 2, 2004, as this attorney was ill with the flu and incapacitated between December 29, 2003 and January 5, 2004.

4. On January 5, 2004, counsel was in communication with the Panel regarding the January 6, 2004, deadline and advised that an appropriate response would be sent the afternoon of January 5, 2004.

5. In light of the afore referenced, counsel respectfully requests this Honorable Court extend Defendant's Response deadline from January 6, 2004, to January 8, 2004.

WHEREFORE, PREMISES CONSIDERED Defendants requests that the Court grant its Amended Motion for Additional Time and grant Defendants an extension until January 8, 2004, in which to file its Opposition and Response Brief to Plaintiffs' Motion to Vacate CTO-229.

RESPECTFULLY SUBMITTED, this the ___8th___ day of January 8, 2004.

FOR THE DEFENDANTS, DANA

CORPORATION, KOMP EQUIP., INC., LAUREL MACHINE & FONDRY CO., OWENS-ILLINOIS, SOUTHERN PIPE.

*Marlin A. Miller*
_____
CRAIG E. BRASFIELD, MSB #4340
MARLIN A. MILLER, MSB #99209


OF COUNSEL:
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
Suite 1200, One Jackson Place
188 E. Capitol Street
Post Office Box 22608
Jackson, Mississippi 39225-2608
(601) 960-8600; FAX: (601) 960-8613


## CERTIFICATE OF SERVICE

I hereby certify that, on this 8th day of January, 2004, I caused copies of the foregoing Motion of Defendants Dana Corporation, Komp Equipment Company, Inc., and Laurel Machine and Foundry Company, Owens-Illinois, Southern Pipe for Extension of Time to File Opposition to Plaintiffs' Motion to Vacate CTO-229 to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

*Marlin A. Miller*
_____
CRAIG E. BRASFIELD MSB #4340
MARLIN A. MILLER MSB #99209

[RECEIVED 2004 JAN -8 P 5:15 CLERK'S OFFICE stamp]