MDL 875

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT
2003 NOV 21 PM 3:10
LORETTA G. WHYTE
CLERK

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JAN 21 2004
FILED
CLERK'S OFFICE

MINUTE ENTRY
FELDMAN, J.
November 21, 2003

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHARLES CUSIMANO | * | CIVIL ACTION |
| VERSUS | * | NO. 03-2854 |
| FLINTKOTE COMPANY, ET AL. | * | SECTION "F" |

Before the Court is plaintiff's motion to remand and defendant Flintkote's motions to dismiss. For the reasons that follow, the plaintiff's motion to remand is GRANTED and the defendant's motion to dismiss is DENIED as moot.

Background

The plaintiff filed this lawsuit in state court seeking damages for injuries he sustained from asbestos exposure when he operated a restaurant and snack bar at the Flintkote plant in New Orleans from 1951 to 1963 and when he operated an auto sales business from 1963 to 2003. The defendants subsequently removed the case to this Court based on diversity jurisdiction.

PLEADING NO. 4083
IMAGED JAN 21 '04
DATE OF ENTRY
NOV 2 6 2003

MDL- 875
RECOMMENDED ACTION
VACATE CTO-230 --1 ACTION
Approved/Date: MJB 1/20/04

Received  26-Nov-2003 07:43pm   From-504-589-7654 USDC   To-Murray Law Firm   Page 003
OFFICIAL FILE COPY

maintain that the plaintiff has fraudulently joined Eagle, Inc., Allstate Auto Supply, Inc. and the Flintkote Company executive officers in an attempt to destroy diversity jurisdiction. They assert that the plaintiff cannot establish a cause of action against these non-diverse defendants. The plaintiff now moves to remand the case to state court.

## Law and Application

A party claiming fraudulent joinder carries a heavy burden of persuasion. "[T]he removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in plaintiff's pleadings of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981) (emphasis in original) (footnote omitted).

This Court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look[s] only for a possibility that he may do so." Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992) citing Green v. Amerada Hess Corp., 707 F.2d 201 (5th Cir. 1983), cert. denied, 464 U.S. 1039 (1984). "[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named

2

in-state defendants on the facts alleged by plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the cause must be remanded to the state courts." B., Inc. v. Miller Brewing Corp., 663 F.2d at 550.

The Court finds that the defendants have not satisfied this burden. The plaintiff has presented a viable claim against Eagle, Inc. for damages he may have sustained from being exposed to Eagle products containing asbestos. The defendants assert that Mr. Cusimano's lack of knowledge about Eagle at his deposition proves that he has no claim against Eagle, and, therefore, Eagle has been fraudulently joined to defeat diversity jurisdiction. The Court does not agree. Mr. Cusimano's failure to recall information about Eagle does not establish that he has no cause of action or that there has been an outright fraud in his pleadings of the jurisdictional facts, which must be proved by a defendant asserting fraudulent joinder. See Id. at 549. Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002).

3

Taking all the allegations in the complaint as true, the Court finds that the plaintiff has sufficiently pleaded a potentially viable claim against Eagle. Thus, complete diversity does not exist. The Court expresses no opinion on the merits of the claim, but merely finds that the plaintiff has set forth the possibility of recovery under Louisiana law.

Accordingly, IT IS ORDERED: that plaintiff's motion to remand is GRANTED. The defendant's motion to dismiss is DENIED as moot.



4