JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875 1**

FEB - 4 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) MDL Docket No. 875 |
| This document relates to: | ) ) N.D. Cal. No. C 03-4686 (JSW) |
| SPENCER WARD, | ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF DAVID L. FIOL IN SUPPORT |
| UNISYS CORPORATION, et al., | ) ) |
| Defendants. | ) ) ) |

PLEASE TAKE NOTICE THAT Plaintiff SPENCER WARD, by his attorneys, hereby moves to vacate or stay Conditional Transfer Order No. 230, to the extent it would transfer his case to the Eastern District of Pennsylvania for consolidation with MDL 875 cases, until such time as the United States District Court for the Northern District of California decides a fully briefed motion to remand, which is calendared for argument in two weeks and may be decided at any time. Plaintiff bases this motion on the ground that removal of this action from state court was *indisputably* late, the removing defendant's arguments in favor of removal are *frivolous*, the Northern District of California is better situated to decide the unique factual issues

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION; DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

1

OFFICIAL FILE COPY

IMAGED FEB 0 5 '04

1    and questions of California law that are pertinent to the remand motion, and there are no issues

2    raised by the remand motion that would be uniquely raised in asbestos cases.

3    Dated:  February 2, 2003                    BRAYTON PURCELL

4

5                                          By:    David L. Fiol
                                                  BRAYTON ❖ PURCELL
6                                                 222 Rush Landing Road
                                                  Novato, California 94948-6169
7                                                 (415) 898-1555
                                                  Attorneys for Plaintiff
8

9              **MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR STAY**

10                             **I. STATEMENT OF FACTS**

11           1.      On **March 3, 2003**, Spencer Ward filed this action for personal injuries arising

12    out of his exposure to asbestos.  Defendant Unisys Corporation was personally served with a

13    copy of the complaint on **April 1, 2003**.  Declaration of David L. Fiol, Exhibit A.

14           2.      On **April 25, 2003**, the plaintiff served on all defendants a set of answers to

15    "Standard Asbestos Case Interrogatories."  Fiol Declaration, Exhibit B.   The standard

16    interrogatories must be answered and served upon each defendant's last known counsel, usually

17    prior to the appearances by defendants, under General Order 129, a local rule of the San

18    Francisco Superior Court.[1]  The answers showed, without any room for uncertainty, that the

19    plaintiff spent most of his adult work life (26 years) at the Mare Island Naval Shipyard near San

20    Francisco; references to the facility were sprinkled throughout the interrogatory responses. *Id.* at

21    pp. 3, 4, 7, 8, 9.  Among the sources of asbestos that Mr. Ward alleged to have contributed to his

22    exposure at Mare Island were products produced by "Sperry Rand," an admitted predecessor of

23    defendant Unisys Corporation. *Id.* at 8.

24    ///

25    ///

26    _____

27           [1]See http://sfgov.org/site/courts_page.asp?id=10755

28    K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT
OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION
2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 4 2004

FILED
CLERK'S OFFICE

3.     The Los Angeles office of Burke, Williams & Sorensen, counsel for defendant Unisys Corporation,[2] received the responses by U.S. mail. *Id.*, attached service list.

4.     On **August 1, 2003**, plaintiff served on all defendants a set of "Supplemental/ Amended" responses to the same standard case interrogatories.  The information relating to the plaintiff's exposures at Mare Island, on U.S. Navy ships, and at Marine Corps facilities, was unchanged. Fiol Declaration, Exhibit C, pp. 2, 3.  Unisys Coproation's attorneys received these responses as well. *Id.*, attached service list.

5.     On **October 17, 2003**, **199** days after it was served with the summons and complaint, **175** days after the first set of standard interrogatory responses was mailed to its counsel, and **77** days after the supplemental/amended interrogatory answers were mailed, defendant Unisys Corporation filed a Notice of Removal, alleging that this case is removable based on its arising on a federal enclave (Mare Island Naval Shipyard), and based on the federal officer removal statute.  Fiol Declaration, Exhibit D.

6.     Ignoring both of the above-referenced sets of interrogatory answers, Unisys contended that it did not receive notice of the removability of the case until September 19, 2003. *Id.* at 2 .

7.     On October 23 , 2003, plaintiffs filed a motion to Remand.  Because the District Court judge to whom the case was assigned had a severely congested calendar, the first available hearing date was February 20, 2004. Fiol Declaration, ¶ 8.

8.     Removing defendant Unisys Corporation filed papers opposing the Motion to Remand on January 30, 2004. Fiol Declaration, ¶ 9.

9.     Plaintiffs filed their reply on February 2, 2004, and the matter is now fully briefed.  Fiol Declaration, ¶ 10.

10.    Oral argument of the remand motion remains scheduled for February 20, 2004, but the judges sitting in the Northern District of California often decide remand motions

---

[2]Counsel now go by the firm name of "Pond North," but their address is the same.

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

without oral argument. Fiol Declaration, ¶ 11.  Thus, the motion may be decided on the papers at any time.

## II.  ARGUMENT

### A.  Unisys Corporation's Removal of This Case Was Patently Improper

11.   It is hard to imagine a more egregious example of a frivolous removal from state court than the removal in this case.  Unisys Corporation filed its Notice of Removal more than six months after the Complaint was served upon it, and almost six months after its attorneys received, through state court mandatory disclosure, all the information upon which it now bases its removal.

12.   Unisys addresses its failure to remove within thirty days of its receiving the April 25, 2003 interrogatory answers by vaguely alleging in its Notice of Removal that it was not "properly served" with those responses. Fiol Declaration, Exhibit D, p. 2, n. 1.  If its pre-removal correspondence with plaintiff is any guide, its reasoning is that because the service list erroneously listed another firm as counsel for Unisys, the service on Unisys Corporation was not "proper."

13.   The problem with that argument is that Unisys was represented by the law firm of Burke Williams & Sorenson, and that firm had a second client in the same case: Viacom Corporation.  The firm received every served document in this case, regardless of the error in the service list as to Unisys.

14.   Indeed, the *same three attorneys* represent both Unisys and Viacom in this case, Fiol Declaration, ¶ 12, so they cannot possibly argue that documents served on Viacom were not called to the attention of the attorneys who represented Unisys.

15.   Both to demonstrate to the panel the lack of merit of Unisys' removal arguments and to show that the remand motion does not raises issues common to other asbestos cases, plaintiff discusses here the merits of the remand motion:

///

///

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

4

1.   **Both the April 25 and August 1 Interrogatory Responses Were Properly Served under California law.**

16.   Burke, Williams & Sorensen is counsel for Unisys in this matter.  The April 25 and August 1 interrogatory responses, properly captioned in this case, were mailed to Burke, Williams & Sorensen, That is *all* that was necessary to accomplish service of papers in accordance with California law. *Heinlen v. Heilbron,* 94 Cal. 636 (Cal. 1892) (service of a Notice of Appeal was proper, even though addressed to the plaintiff's counsel in the wrong city, because the Notice was promptly forwarded and actually received).

17.   Unisys' complaints about the service list, which were never expressed until the timeliness of this removal became an issue, are convenient opportunism, but legal nonsense: under California Code of Civil Procedure § 1013, the recipients of a served document are not even entitled to receive the service list.  Paragraph (b) of the statute provides that the served document "shall bear a notation of the date and place of mailing *or* be accompanied by an unsigned copy of the affidavit or certificate of mailing." (emphasis added).  It remains to be seen how a document was not "properly" served because an *unnecessary* enclosure contained an error that receiving counsel didn't even notice.[3]

2.   **Under Federal Law, Formal Service of Interrogatory Responses is Not Required to Commence the Thirty Day Removal Period Under the Second Paragraph of § 1446(b).**

18.   Even if the interrogatory responses were *not* properly served under state law, formal service isn't necessary to start the 30 day removal period under federal law.

19.   While the Supreme Court held in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999), that the 30 day removal period under the *first* paragraph of 28 U.S.C. § 1446(b) could only commence with the defendant's receipt of the complaint simultaneous with, or *after* formal service of process, several lower federal courts have made

---

[3]It is clear that joint counsel for Viacom and Unisys did not notice the error in the service list, because *they copied that service list, error and all,* and used it for their own filings in this case. Fiol Declaration, Exhibit E.  Absurdly, their service list indicated that another law firm represented their own client.

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

---

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

clear that the formal service requirement has no application to the *second* paragraph of Section 1446(b).  When a defendant has already been served and appeared, but the complaint itself does not disclose removability of the case, the thirty day removal period under the second paragraph of Section 1446(b) begins to run when the defendant or its attorney receives *formal or informal notice* that the case is removable. *Peters v. Lincoln Electric Co.*, 285 F.3d 456, 466 (6th Cir. 2002) (joining "majority" of courts which have held that deposition testimony immediately begins the running of the 30 day removal period); *Addo v. Globe Life and Accident Ins. Co.*, 230 F.3d 759 (5th Cir. 2000) (receiving a letter in the mail may commence the running of the thirty day removal period); *Huffman v. Saul Holdings Ltd. Partnership*, 94 F.3d 1072, 1077-78 (10th Cir. 1999); *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D. Fla. 2001) (removal period began when plaintiff's counsel faxed to defendant's counsel a written settlement proposal showing matter in controversy exceeded $75,000, and stating, "[t]he statute does not require formal service."). *See also*; 14C Wright & Miller, *Federal Practice & Procedure*, § 3732 (2003) ("the requisite notice may be communicated in either a formal or informal manner").

20.    In *Trahant v. Metropolitan Property and Casualty Insurance Co.*, 2000 WL 1473598 (E.D. La. 2000), the Court remanded a case because the defendant failed to remove it within thirty days of receiving an amended complaint that disclosed its removability, even though it had not been formally served with that complaint:

> The Supreme Court has held that for purposes of the *initial* complaint, the thirty day period does not begin to run until the defendant has been formally served with process. This is because, until a defendant has been properly served, "a court ordinarily may not exercise power over a party the complaint names as defendant." Once a defendant is properly before a court, however, and he later discovers grounds that would justify removal, he is required to remove within thirty days of discovering those grounds, **regardless of whether such information is contained in properly served amended pleadings or from some other source, such as deposition testimony or even correspondence from counsel.**

2000 WL 1473598 *2 (italics supplied, bold added, citation omitted).

///

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

21.    Unisys cannot hide behind formal service requirements in order to deny that its attorneys received actual notice of this case's removability through interrogatory responses mailed in April, 2003, **six months** before removal.

### 3.    As a Dual Agent for Both Unisys and Viacom, Counsel's Receipt of the Interrogatory Responses Placed Both Defendants on Notice of Its Contents.

22.    Counsel for Viacom and Unisys have implied that they were *ethically* obliged to ignore what they learned as counsel for Viacom in handling the case for Unisys. That argument is both facially ridiculous and legally flawed. It is facially ridiculous because the April interrogatory answers were standard responses, filed under local rules and directed to **all** defendants. The information was about as far from confidential as one could imagine.

23.    Legally, because Burke Williams was a dual agent of both Viacom and Unisys, notice it received as agent for one principal must be shared with the other, unless disclosure might constitute a breach of duty. *E.g. St. Paul Fire and Marine Ins. Co. v. Winter*, 968 F.2d 695, 701 (8th Cir. 1992) (Minnesota law).

24.    Specifically, "In actions by a third party against one of two principals who had been represented by an attorney acting in a dual capacity, it has frequently been held that the knowledge of the attorney would be imputed to the defendant- principal, *notwithstanding the fact that the attorney may have been acting for the other principal at the same time.*" 4 A.L.R.3d 224, § 10(b) (Lawyer's Co-operative, 1965)(emphasis added).

25.    Here, notice received by Burke Williams that the case was removable was notice to *both* of its principals, regardless of the channels by which that notice arrived. That notice was received almost six months before the case was removed, so the removal is undeniably late.

## B.    The Panel Should Stay or Deny Transfer Until The Remand Motion is Decided

26.    It is hard to imagine a more clear example of improper removal than this case, and thus it is especially appropriate for the Panel to delay transfer of this action until the

///

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION
7

1   pending motion can be decided.  To do otherwise would reward a frivolous removal and

2   encourage more of the same.

3        27.    At least once, the Panel has vacated a previously-granted final order of transfer

4   in order to permit the transferor judge to rule on a motion to remand. *Vasura v. ACANDS*, 84

5   F.Supp.2d 531, 532-33 (S.D.N.Y. 2000).

6        28.    Similarly, as noted in  *In re Consolidated Fen-Phen Cases*, 2003 WL 22682440

7   (E.D.N.Y. 2003), this Panel has encouraged a transferor judge to decide a remand motion,

8   unless he found that the issues raised by the motion are likely to be common issues raised by

9   several of the consolidated cases. *See also Ivy v. Diamond Shamrock Chemicals Co.*, 901 F.2d

10  7, 9 (2d Cir. 1990).

11       29.    Here, the timeliness issues relating to Unisys' removal are predominantly fact

12  issues regarding previous procedural steps taken in this particular case.  The legal issues will be

13  decided by California law and/or by federal procedural statutes that are well known by any

14  federal judge.  Thus, if any judge is better equipped to decide the remand motion, it is the judge

15  sitting in the Northern District of California, who sits closer to the relevant evidence and

16  testimony and is better able to make determinations regarding local law, if necessary..  That

17  judge should be encouraged and allowed to decide the motion, by either vacating the CTO or

18  staying this proceeding until the remand  motion is decided.

19       30.    Indeed, it is likely the remand motion will be heard and decided by the California

20  District Judge before this motion is heard, and if it is not, it should be soon.

21       31.    For all of these reasons, plaintiff Spencer Ward respectfully requests that the

22  panel vacate the Conditional Transfer Order and/or stay this proceeding until the motion to

23  remand to state court is decided.

24                          **III.  CONCLUSION**

25       Removal of this case from California state court was grossly improper.  Transfer of this

26  case to the Eastern District of Pennsylvania would be a waste of judicial resources as there is no

27  basis for concluding that the transferee court is better equipped to resolve the issues presented

28  K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT
OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

by the pending remand motion than the District Court for the Northern District of California.
The motion to remand now fully briefed before the Northern District of California, and set to be
heard on February 20, 2004, should remain before that court for decision, if indeed that Court
has not already decided the remand motion by the time this Panel addresses this matter.


Dated: February 2, 2004                                    BRAYTON PURCELL


                                        By: _____
                                             David L. Fiol
                                             222 Rush Landing Road
                                             P.O. Box 6169
                                             Novato, California 94948-6169
                                             (415) 898-1555
                                             Attorney for Plaintiff Spencer Ward

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT
OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

### DECLARATION OF DAVID L. FIOL

I, David L. Fiol, declare:

    1.  I am an attorney at law duly licensed to practice before all of the courts of the State of California and am an associate in the law firm of BRAYTON PURCELL, attorneys of record for the Plaintiff herein.

    2.  Attached hereto as Exhibit A is a true and correct copy of the proof of service upon defendant UNISYS CORPORATION of the complaint in this action, showing that personal service was accomplished on April 1, 2003.

    3.  Attached hereto as Exhibit B is a true and correct copy of the plaintiff's April 25, 2003 responses to the first set of General Order 129 Interrogatories, directed to all defendants. On pages 7 and 8 it is stated that plaintiff was exposed to asbestos at the Mare Island Naval Shipyard from several sources including Sperry Rand products.   The proof of service shows that the document was mailed to the law firm of Burke, Williams & Sorenson as counsel for Viacom, Inc. on the same date as the responses were signed.

    4.  Attached hereto as Exhibit C is a true and correct copy of the plaintiff's July 31, 2003 Supplemental and Amended responses to the first set of General Order 129 Interrogatories, directed to all defendants.  On page 3 it is stated that plaintiff was exposed to asbestos at the Mare Island Naval Shipyard from several sources including Sperry Rand products.  The proof of service shows that the document was mailed to the law firm of Burke, Williams & Sorenson as counsel for Viacom, Inc. on August 1, 2003.

    5.  Attached hereto as Exhibit D is a true and correct copy of the Notice of Removal by defendant Unisys Corporation, signed and dated October 17, 2003.

    6.  Attached hereto as Exhibit E is a true and correct copy of the Certificate of Service used by defendant Unisys Corporation to serve its "Supplement to Notice of Removal."  The attached proof of service shows that even after the removal of this action, the law firm of Burke Williams & Sorenson continued to use a service list that they had copied from the list used by

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

the plaintiffs.  Stated simply, Burke Williams used a service list that listed a different law firm as counsel for their own client.  This demonstrates that the Burke Williams law firm never even noticed the flaw in the service list that they now use an excuse for failing to remove the action in a timely manner.

7.  Upon removal this case was assigned to a magistrate.  Plaintiff requested that a judge hear the matter and on October 23, 2003, the day after the case was assigned to Judge Jeffrey S. White, Plaintiff Spencer Ward filed a motion to remand.

8.  Because Judge's White's calendar was backed up, the first available hearing date was February 20, 2004, and the case remains on the calendar for hearing on that date.

9.  Unisys Corporation waited to the last possible moment and filed papers opposing the Motion to Remand on January 30, 2004.

10.  Plaintiffs filed their reply on February 2, 2004, and the matter is now fully briefed.

11.  Oral argument of the remand motion remains scheduled for February 20, 2004, but the judges sitting in the Northern District of California often decide remand motions without oral argument.  In my experience judges usually have decided motions to remand that I have filed without oral argument, often filing opinions and orders before the actual hearing date passes.

12.  Both from the documents that I have reviewed and from my personal dealings with counsel for Unisys, I can attest that the same three attorneys represent both Unisys and Viacom in this case.  Mr. Frank Pond, Mr. Michael Graham, and Ms. Ann Park have all appeared on behalf of both companies.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 2nd day of February, 2004, in Novato, California

David L. Fiol

K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 4 2004

FILED
CLERK'S OFFICE

# EXHIBIT A

EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

DAVID R. DONADIO  (SB# 154436)
222 Rush Landing Road
Novato, CA  94948-6169

TELEPHONE NO.: (415) 898-1555

ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No.: 632

Insert name of court and name of judicial district and branch court, if any:
SAN FRANCISCO COUNTY SUPERIOR COURT

SHORT TITLE OF CASE: SPENCER WARD vs. ASBESTOS DEFENDANTS (BHC)

| PROOF OF SERVICE (Summons) | DATE: | TIME: | DEPT./DIV.: | CASE NUMBER: 417888 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and I served copies of the (specify documents):
SUMMONS, COMPALINT, NOTICE OF STATUS CONFERENCE, PRELIMINARY FACT SHEET, CIVIL CASE COVER SHEET

2. a. Party served (specify name of party as shown on the documents served):
UNISYS CORPORATION

   b. Person served: ☐ party in item 2a  ☒ other (specify name and title or relationship to the party named in item 2a):
   Gerome Jones, authrorized agent for service of process

   c. Address: 818 W. 7th Street, 2nd Floor, Los Angeles, CA  90017

3. I served the party named in item 2
   a. ☒ by personally delivering the copies  (1) on (date): April 1, 2003  (2) at (time): 9:30 a.m.
   b. ☐ by leaving the copies with or in the presence of (name and title or relationship to person indicated in item 2b):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him or her of the general nature of the papers.
      (3) on (date):        (4) at (time):
      (5) ☐ A declaration of diligence is attached. (Substituted service on natural person, minor, conservatee, or candidate.)
   c. ☐ by mailing the copies to the person served, addressed as shown in item 2c, by first-class mail, postage prepaid,
      (1) on (date):        (2) from (city):
      (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me.
      (4) ☐ to an address outside California with return receipt requested.  ← (Attach completed form.) ↗
   d. ☐ by causing copies to be mailed. A declaration of mailing is attached.
   e. ☐ other (specify other manner of service and authorizing code section):

4. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of (specify):
   c. ☒ On behalf of (specify):  UNISYS CORPORATION
      under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)      ☐ other:
              ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)

5. Person serving (name, address, and telephone No.):
   MARK VALENTI, Reg. #2782
   Process Service - Mark Valenti
   5042 Wishire Blvd., #507
   Los Angeles, CA  90036
   (213) 487-4123

   a. Fee for service: $ 5.00
   b. ☐ Not a registered California process server.
   c. ☐ Exempt from registration under B&P § 22350(b).
   d. ☒ Registered California process server.
      (1) ☐ Employee or independent contractor.
      (2) Registration No.: 2782, Exp. 11-1-2003
      (3) County: Los Angeles

6. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: April 3, 2003

► _____
(SIGNATURE)

| Form Adopted by Rule 982 Judicial Council of California 982(a)(23) [New July 1, 1987] | PROOF OF SERVICE (Summons) | WEST GROUP Official Publisher | Code Civ. Proc., § 417.10(f) |
|---|---|---|---|

EXHIBIT B

EXHIBIT B

1  ALAN R. BRAYTON, ESQ., S.B. #73685
   JOHN E. DURR, ESQ., S.B. #206206
2  BRAYTON❖PURCELL
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5
   Attorneys for Plaintiff
6

7

8              SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF SAN FRANCISCO

10

11  SPENCER WARD,                    )   No.    417888
                                     )
12           Plaintiff,              )   ANSWERS TO INTERROGATORIES
                                     )
13  vs.                              )
                                     )
14  ASBESTOS DEFENDANTS (B❖P)        )

15

16  PROPOUNDING PARTY:   STANDARD ASBESTOS CASE INTERROGATORIES

17  RESPONDING PARTY:    Plaintiff SPENCER WARD

18  SET NO:              ONE

19

20                          ANSWERS

21     1.    a.    SPENCER STEVEN WARD.

22           b.    November 22, 1944.

23           c.    58 years.

24           d.    Vallejo, California.

25           e.    256 Spindrift Way, Vacaville, California 95687.

26           f.    Height: 6', weight: 250 pounds.

27           g.    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.

28           h.    2012245.

K:\Injured\28405\AI-sacsf1.wpd                    1

| | | | |
|---|---|---|---|
| 1 | | i. | 938875. |
| 2 | | j. | 2059679. |
| 3 | | k. | California, R0408377. |
| 4 | | l. | Spencer or Steven Ward. |
| 5 | | m. | 12th grade. |
| 6 | | n. | Doris Kay Ward. |
| 7 | | o. | March 13, 1946. |
| 8 | | p. | November 22, 1970. |
| 9 | | q. | Same as 1.e., above. |
| 10 | | r. | Self-employed. |
| 11 | | s. | None. |
| 12 | | t.-u. | Not applicable. |
| 13 | 2. | a. | Steven Eric Ward. |
| 14 | | b. | March 15, 1977. |
| 15 | | c. | Natural. |
| 16 | | d. | Same as 1.e., above. |
| 17 | | e. | United States Marines. |
| 18 | | f. | Living. |
| 19 | 3. | Yes. | |
| 20 | | a. | Spencer Luman Ward. |
| 21 | | b. | 70s. |
| 22 | | c. | Unknown. |
| 23 | | d. | Unknown. |
| 24 | | | |
| 25 | | a. | Hellen Jean Tundil. |
| 26 | | b. | 71 years. |
| 27 | | c. | Unknown. |
| 28 | | d. | Housewife. |

1      4.      No.

2      5.      Plaintiff has resided in Vacaville, California for the majority of his life excluding

3   1 year in Texas, 1 year in Panama, and 1 year in New Mexico.

4      6.      Plaintiff graduated from Vacaville High School in 1963.  Plaintiff attended

5   courses at Mare Island Naval Shipyard from 1966 to 1995.  Plaintiff attended a variety of courses

6   at Solano Trade Junior College from 1967 to 1980.  Plaintiff recalls taking electronics courses.

7      7.      March 28, 2003.

8      8.      This Interrogatory calls for information that is not relevant to the subject matter of

9   this action, and so remote that it is not calculated to lead to the discovery of admissible evidence,

10  and therefore privileged under plaintiff's right of privacy.  Evid. Code §§ 350, 352.  See also

11  People v. Castro (1985) 38 C.3d; People v. Beagle (1972) 6 C.3d 441.

12     9.      Plaintiff was a member of the United States Marine Corps from June 1963 to

13  December 1966.  Plaintiff's service No. is 2059679.  Please see response to Interrogatory No. 26,

14  below.

15     10.     Excluding plaintiff's expert consultants, plaintiff recalls the following physicians:

16          a.      Various physicians.

17          b.      Kaiser, Vallejo, California; and Vacaville, California.

18          c.      Plaintiff recalls treatment for angina (chest pain), respiratory problems,

19  bronchitis, pneumonia, and respiratory and sinus infections.

20          d.      1960 to the present.

21          e.      General health maintenance.

22          f.      Plaintiff's investigation and discovery are continuing.

23

24          a.      Unknown.

25          b.      Mare Island Naval Shipyard Clinic, Vallejo, California.

26          c.      Plaintiff recalls asbestos monitoring program exams.

27          d.      1969 to 1995.

28          e.      General health maintenance.

K:\Injured\28405\AI-sacsf1.wpd                                    3

f.     Plaintiff's investigation and discovery are continuing.

11.   Excluding those used by plaintiff's expert consultants, plaintiff currently recalls the following hospitals:

a.     Kaiser.

b.     Vallejo, California; and Vacaville, California.

c.     Plaintiff recalls treatment for angina (chest pain), respiratory problems, bronchitis, pneumonia, and respiratory and sinus infections.

d.     1960 to the present.

e.     General health maintenance.

f.     Plaintiff's investigation and discovery are continuing.

12.   Excluding any taken by plaintiff's expert consultants, plaintiff recalls the following x-rays:

a.     Mare Island Naval Shipyard, Vallejo, California.

b.     1969 to 1995, annually.

c.     Chest.

d.     Plaintiff recalls changes to the last x-ray.

e.     Plaintiff's investigation and discovery are continuing.

13.   Excluding any taken by plaintiff's expert consultants, plaintiff recalls the following pulmonary function tests:

a.     Mare Island Naval Shipyard, Vallejo, California.

b.     1969 to 1995, annually.

c.     Plaintiff does not recall the names of various physicians.

d.     Asbestos monitoring program.

e.     Plaintiff does not recall.

f.     Sometimes.

g.     Attending nurse.

h.     Plaintiff's investigation and discovery are continuing.

14.   Plaintiff currently takes antibiotics for upper respiratory infections and bronchitis.

1  Please see response to Interrogatory No.'s 10 and 11, above.  Plaintiff defers to his medical

2  records as the best source of information for medications prescribed.

3    15.   Not at this time.  Plaintiff's medical records are equally available to defendants

4  through Berry & Berry, designated defense counsel.

5    16.   Plaintiff has the following complaints from asbestos exposure: shortness of

6  breath, and chest pain.

7        a.   Mid 1970s.

8        b.   No cessation.

9        c.   Plaintiff is currently unaware of any physical change.

10       d.   Plaintiff contends that his lungs have primarily been affected.  However,

11  as the lung function affects the rest of the body, plaintiff also contends that all parts of his body

12  have been affected.

13       e.   Mid 1970s.

14       f.   Kaiser, Vallejo, California; and Vacaville, California.

15       g.   Plaintiff does not at this time contend that he has lost time from work as a

16  result of his asbestos related conditions.  Plaintiff's investigation and discovery are continuing.

17       h.   Not applicable.

18       i.   Plaintiff's investigation and discovery are continuing.

19    17.   Excluding information protected by either the attorney work-product doctrine or

20  the attorney-client privilege, no.

21    18.   No.

22    19.   Plaintiff has suffered respiratory complaints and symptoms during the last 10

23  years, including but not limited to: shortness of breath.

24    20.   No.

25    21.   Not applicable.

26    22.   Yes.

27       a.   Plaintiff was injured in an auto accident in 1965.  Plaintiff was hit from the

28  rear.

K:\Injured\28405\AI-sacsf1.wpd                    5

1        b.      Plaintiff suffered a head injury.

2        c.      Plaintiff does not recall.

3        d.      Unknown.

4        e.      No.

5    23.   Yes.

6        a.      Plaintiff recalls smoking from 1963 to 1978.

7        b.      Plaintiff recalls smoking cigarettes.

8        c.      Plaintiff recalls smoking 0 to 20 cigarettes per day.

9        d.      Plaintiff recalls smoking 0 to 1 pack of cigarettes per day.

10       e.      Plaintiff's investigation and discovery are continuing.

11       f.      Yes, physicians at Kaiser in the 1960s and 1970s.

12   24.   Yes.

13       a.      Plaintiff's parents.

14       b.      1944 to 1963.

15       c.      Pall Mall, Salem, Kent & Cool brand cigarettes.

16       d.      Approximately 0 to 4 packs of cigarettes per day.

17   25.   Plaintiff recalls first consuming alcoholic beverages at age 18.  Plaintiff currently

18 drinks lite beer and wine.

19   26.   Plaintiff is currently able to identify the following employment information:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Marine Corps | US Marine Corps Recruiting Depot, San Diego, CA | Trainee | 1963-1966 |
| | US Marine Corps, Okinawa, Japan | Radio Repairman | |
| | US Marine Corps, Vietnam | | |
| | US Marine Corps, Barstow, CA | | |

Job Duties: Plaintiff recalls receiving basic military training. Plaintiff recalls receiving specialty training in radio repair. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation. Plaintiff recalls scratching and drilling bakelite material during routine

repairs to radios. Plaintiff recalls repairing radios manufactured by COLLINS and RAYTHEON. Plaintiff recalls working in the motor pool in Vietnam. Plaintiff recalls performing approximately 3 brake pad replacements to military trucks manufactured by DODGE while at US Marine Corps, Okinawa, Japan. Plaintiff recalls working in close proximity to mechanics performing brake pad replacements on military trucks manufactured by DODGE, JEEP and INTERNATIONAL HARVESTER while in Vietnam. Plaintiff recalls working on a vehicle repair assembly line while at US Marine Corps, Barstow, California. Plaintiff recalls making similar repairs to COLLINS and RAYTHEON radios at US Marine Corps, Barstow, California as he did while in Vietnam. Plaintiff recalls working in close proximity to other mechanics on the vehicle repair assembly line who were performing brake pad replacements and engine repairs and who were installing and removing asbestos-containing insulation and heat shields from tanks and heavy equipment. Plaintiff recalls seeing military vehicles such as trucks and jeeps manufactured by DODGE, JEEP and INTERNATIONAL HARVESTER and the Sherman tank manufactured by FORD. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charley's TVs, Vacaville, CA | Charley's TVs, Vacaville, CA | Repairman | 1967 |

Job Duties: Plaintiff recalls repairing televisions, radios and other small electronics. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation. Plaintiff recalls scratching and drilling bakelite material during routine repairs to televisions and radios. Plaintiff recalls installing television antennas on houses. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Chandlers Furniture, Vacaville, CA | Chandlers Furniture, Vacaville, CA | Deliveryman | 1968 |

Job Duties: Plaintiff recalls driving a delivery truck. Plaintiff recalls delivering furniture and large appliances. Plaintiff recalls performing basic repairs to furniture and appliances. Plaintiff recalls installing television antennas on houses. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, X17, X51, X56, Vallejo, CA | Marine Electrician | 1969-1995 |

BAINBRIDGE (DD-246)

CARL VINSON (CVN-70)

MIDWAY (CVB-41; Redesignated CVA-41, 10/52)

PERMIT (SSN-594)

K:\Injured\28405\A1-sacsf1.wpd

7

1   Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
    Plaintiff recalls working in various areas of the ships and submarines, including the engine and
2   boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
    pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including
3   pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
    the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
4   seeing insulation products manufactured by OWENS-CORNING and FIBREBOARD. Plaintiff
    recalls cutting and stripping wires covered with asbestos-containing insulation that were
5   manufactured by GENERAL CABLE COMPANY, TIMES and GENERAL ELECTRIC.
    Plaintiff recalls scratching and drilling BAKELITE material, manufactured by UNION
6   CARBIDE, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and
    installing navigation and fire control systems manufactured by COLLINS and ROCKWELL.
7   Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards
    manufactured by SPERRY RAND, SQUARE D, HUGHES ELECTRONICS, GENERAL
8   ELECTRIC, WESTINGHOUSE. Plaintiff recalls repairing and installing motors manufactured
    by INGERSOL RAND. Plaintiff recalls making repairs to electronic components on boilers and
9   turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes
    and other ship components in order to make electrical repairs. Plaintiff currently contends that he
10  may have been exposed to asbestos during this employment.

11
12  | Employer | Location of Exposure | Job Title | Exposure Dates |
    |---|---|---|---|
13  | KB Homes, Vacaville, CA | KB Homes, Vacaville, CA | Service Representative | 2000-Present |

14  Job Duties: Plaintiff recalls making minor repairs to new homes. Plaintiff recalls writing damage
    estimates for home repairs. Plaintiff is currently unaware if he was exposed to asbestos during
15  this employment.

16        Plaintiff's investigation and discovery are continuing.

17        27.    Yes.

18               a.        International Brotherhood of Electrical Workers, Mare Island Naval
19  Shipyard, Vallejo, California.

20               b.        Unknown.

21

22               a.        IFPTE Local #11, Mare Island Naval Shipyard, Vallejo, California.

23               b.        Unknown.

24        28.    Plaintiff currently does recall.

25        29.    Plaintiff recalls first becoming aware that exposure to asbestos was a potential
26  health hazard through a monitoring program at Mare Island Naval Shipyard.

27        30.-31. Plaintiff recalls using, and observing trades using safety precautions at Mare
28  Island Naval Shipyard.  Plaintiff does not recall the specific dates.  Plaintiff's investigation and

K:\Injured\28405\AI-sacsf1.wpd                         8

1    discovery are continuing.

2         32.    Yes.

3              a.    Mare Island Naval Shipyard, Vallejo, California.

4              b.    Asbestos monitoring exams.

5              c.    Annually.

6              d.    Required.

7              e.    Included.

8              f.    Plaintiff does not recall the specific dates.

9              g.    No results given.

10             h.    Mare Island Clinic, Vallejo, California.

11             i.    Not applicable.

12             j.    Plaintiff's investigation and discovery are continuing.

13        33.    Plaintiff is currently employed.

14        34.    No.

15        35.    No.

16        36.    No.

17        37.    Plaintiff recalls earning approximately $45,000 annually until 1995; $25,000

18    annually from 1995 to 2000; and $75,000 annually from 2000 to the present.

19        38.    The total hospital expense is unknown at this time and plaintiff has provided

20    authorizations for release of this information.  Plaintiff's investigation and discovery are

21    continuing.

22        39.    The total medical expense is unknown at this time and plaintiff has provided

23    authorizations for release of this information.  Plaintiff's investigation and discovery are

24    continuing.

25        40.    No.

26        41.    No.

27        42.    Plaintiff currently is not claiming any wage or earning loss.

28        43.    No.

K:\Injured\28405\AI-sacsf1.wpd

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

44.   No.

45.   No.

46.   No.

47.   No.

48.   No.

49.   No.

50.   No, plaintiff's investigation and discovery are continuing.

Dated: _4/25/03_

BRAYTON◆PURCELL

By: _____
John E. Durr
Attorneys for Plaintiff

VERIFICATION TO FOLLOW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRAYTON✦PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
NOVATO, CALIFORNIA 94945-2469
(415) 898-1555

G:\VERIFICA.

1.

**Proof of Service**

I, Molly Hovorka, do hereby declare and state:

I am employed in the city of Novato, County of Marin, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 100 Rush Landing Road Suite 103, Novato, CA 94948.

On _April 25_____, 2003, I served the within:

_Answers to Interrogatories_____

_____

_____ Re: _Spencer Ward_____

on the parties in this action by placing a true copy thereof in a **sealed envelope**, and envelope addressed as follows:

By mail Service:

## See Attached List

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail.  Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business.  On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this __25__ day of _April_____, 2003 at Novato, California.

Molly Hovorka

Service List

Date Created: 4/25/03
(TKA)
Created by: LitSupport - ServiceList
Matter Number: 28405-Ward, Spencer S.

Run By : Azmoudeh, Tina K.

Waldron, Duffy, Inc.
Archer Norris
P.O. Box 8035
2033 N. Main Street, Suite 800
Walnut Creek, CA 94596
925-930-6600      925-930-6620

Berry & Berry
Berry & Berry
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330      510-835-5117

General Cable Corporation
Colombatto, Klimenko & Rosse
130 Sutter Street
7th Floor
San Francisco, CA 94104
415-391-6182      415-391-2904

Thorpe Insulation Company
Fox, Shjeflo, et al.
1730 South El Camino Real
6th Floor
San Mateo, CA 94402
650-341-2901      650-341-2258

Cutler-Hammer, Inc.
Howard Rome Martin & Ridley
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715      650-364-5297

Gatke Corporation
Sedgwick, Detert, et al.
One Embarcadero Center
16th Floor
San Francisco, CA 94111
415-781-7900      415-781-2635

Rapid-American Corporation
Thelen, Reid & Priest, LLP
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200      415-371-1211

Bridgestone/Firestone North America
Becherer, Kannett & Schweitzer
2200 Powell Street
Suite 805
Emeryville, CA 94608
510-658-3600      510-658-1151

Viacom, Inc.
Burke, Williams & Sorensen
611 West Sixth St., Ste. 2500
Los Angeles, CA 90017
213-236-0600      213-623-3594

Metalclad Insulation Corporation
Colombatto, Klimenko & Rosse
130 Sutter Street
7th Floor
San Francisco, CA 94104
415-391-6182      415-391-2904

Ingersoll-Rand Company
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Ste. 2000
San Francisco, CA 94111
415-986-5900      415-986-8054

Plant Insulation Company
Jackson & Wallace
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300      415-982-6700

Pneumo Abex Corporation
Stevens, Drummond & Gifford
1910 Olympic Boulevard
Suite 250
Walnut Creek, CA 94596
925-944-5550      925-256-9669

Gatke Corporation
Bennett, Samuelsen, et al.
Richard Reynolds, Esq.
1951 Webster St., Ste. 200
Oakland, CA 94612
510-444-7688      510-444-5849

General Cable Corporation
Burns, White & Hickton
120 Fifth Avenue
2400 5th Ave. Pl.
Pittsburgh, PA 15222
412-394-2500      412281-1352

Dow Chemical Company, The
Filice, Brown, Essa & McLeod LLP
1999 Harrison Street, 18th Floor
Oakland, CA 94612
510-444-3131      510-839-7940

Thorpe Insulation Company
Hildebrandt & Lucky
757 West 9th Street
San Pedro, CA 90731
310-548-7882      310-548-4148

Honeywell International, Inc.
Perkins Coie LLP
180 Townsend St., 3rd Flr.
San Francisco Ca 94107,      94107
415-344-7000      415-344-7050

DaimlerChrysler Corporation
Thelen, Reid & Priest, LLP
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200      415-371-1211

1 | ALAN R. BRAYTON, ESQ., S.B. #73685
JOHN E. DURR, ESQ., S.B. #206206
2 | BRAYTON✦PURCELL
ATTORNEYS AT LAW
3 | 222 Rush Landing Road
P.O. Box 6169
4 | Novato, California  94948
(415) 898-1555
5

6 | Attorneys for Plaintiff

7

8 | **SUPERIOR COURT OF CALIFORNIA**

9 | **COUNTY OF SAN FRANCISCO**

10

11 | SPENCER WARD,                         )   No. 417888
                                        )
12 |            Plaintiff,                )   SUPPLEMENTAL/AMENDED
                                        )   RESPONSES TO INTERROGATORIES
13 | vs.                                   )
                                        )
14 | ASBESTOS DEFENDANTS (B✦P)             )

15

16 | PROPOUNDING PARTY:   STANDARD ASBESTOS CASE INTERROGATORIES

17 | RESPONDING PARTY:   Plaintiff SPENCER WARD

18 | SET NOS.            ONE

19 |        Plaintiff supplements/amends his Responses to Standard Asbestos Case Interrogatories,

20 | Set One, No. 26, as follows:

21 | SUPPLEMENTAL/AMENDED RESPONSE:  Plaintiff incorporates by reference as though

22 | fully set forth herein, all work history jobsites and co-workers and related information identified

23 | in the attached Exhibit A.

24 | Dated:  7/3₁/₆₃                       BRAYTON✦PURCELL

25

26 |                                       By: _____
                                           John E. Durr
27 |                                       Attorneys for Plaintiff

28

K:\Injured\28405\A1-suppsac.wpd                    1

# EXHIBIT A

## Spencer Ward v. Asbestos Defendants (B❖P)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| US Marine Corps | | | 1963-1966 |
| | US Marine Corps Recruiting Depot San Diego, CA | Trainee | |
| | US Marine Corps, Okinawa, Japan | Automobile Mechanic | |
| | US Marine Corps Vietnam | Radio Repairman | |
| | US Marine Corps Barstow, CA | Radio Repairman | |

Job Duties: Plaintiff recalls receiving basic military training. Plaintiff recalls receiving specialty training in radio repair. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation. Plaintiff recalls scratching and drilling bakelite material during routine repairs to radios. Plaintiff recalls repairing radios manufactured by COLLINS and RAYTHEON. Plaintiff recalls working in the motor pool in Vietnam. Plaintiff recalls performing approximately 3 brake pad replacements to military trucks manufactured by DODGE while at US Marine Corps, Okinawa, Japan. Plaintiff recalls working in close proximity to mechanics performing brake pad replacements on military trucks manufactured by DODGE, JEEP and INTERNATIONAL HARVESTER while in Vietnam. Plaintiff recalls working on a vehicle repair assembly line while at US Marine Corps, Barstow, California. Plaintiff recalls making similar repairs to COLLINS and RAYTHEON radios at US Marine Corps, Barstow, California as he did while in Vietnam. Plaintiff recalls working in close proximity to other mechanics on the vehicle repair assembly line who were performing brake pad replacements and engine repairs and who were installing and removing asbestos-containing insulation and heat shields from tanks and heavy equipment. Plaintiff recalls seeing military vehicles such as trucks and jeeps manufactured by DODGE, JEEP and INTERNATIONAL HARVESTER and the Sherman tank manufactured by FORD. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Charley's TVs Vacaville, CA | Charley's TVs Vacaville, CA | Repairman | 1967 |

Job Duties: Plaintiff recalls repairing televisions, radios and other small electronics. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation. Plaintiff recalls scratching and drilling bakelite material during routine repairs to televisions and radios. Plaintiff recalls installing television antennas on houses. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

\\\

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Chandlers Furniture, Vacaville, CA | Chandlers Furniture, Vacaville, CA | Deliveryman | 1968 |

Job Duties: Plaintiff recalls driving a delivery truck. Plaintiff recalls delivering furniture and large appliances. Plaintiff recalls performing basic repairs to furniture and appliances. Plaintiff recalls installing television antennas on houses. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| | HAWKBILL (SSN-666) | | |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OWENS-CORNING and FIBREBOARD. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by GENERAL CABLE COMPANY, TIMES and GENERAL ELECTRIC. Plaintiff recalls scratching and drilling BAKELITE material, manufactured by UNION CARBIDE, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by COLLINS and ROCKWELL. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, SQUARE D, HUGHES ELECTRONICS, GENERAL ELECTRIC, WESTINGHOUSE. Plaintiff recalls repairing and installing motors manufactured by INGERSOL RAND. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs. Plaintiff currently contends that

1   he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| KB Homes, Vacaville, CA | KB Homes, Vacaville, CA | Service Representative | 2000- Present |

Job Duties: Plaintiff recalls making minor repairs to new homes. Plaintiff recalls writing damage estimates for home repairs. Plaintiff is currently unaware if he was exposed to asbestos during this employment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

VERIFICATION TO FOLLOW

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. BOX 2109
NOVATO, CALIFORNIA 94945
(415) 898-1555

K:\FORMS\VERI\VER2FOLW

1

## PROOF OF SERVICE BY MAIL

I am employed in the County of Marin, State of California.  I am over the age of 18 years and am not a party to the within action.  My business address is 222 Rush Landing Road, Novato, California 94948.

On _August 1 2003_, I served the within:

**SUPPLEMENTAL/AMENDED RESPONSES TO INTERROGATORIES**

on the interested parties in this action by transmitting a true copy thereof in the following manner.

I caused each of the above document(s) to be placed in a sealed envelope, postage thereon prepaid, addressed and served as follows:

SEE ATTACHED SERVICE LIST

BY MAIL SERVICE:   I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail.  Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business.  On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

Executed _August 1  2003_, at Novato, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Spencer Ward vs. Asbestos Defendants (B❖P)
San Francisco Superior Court Case No. 417888

PROOF OF SERVICE BY MAIL

Service List Combined

Run By : Dwight, Carolyn M.                    1

Date Created: 8/1/03
(CMD)
Created by: LitSupport - ServiceList
Client Numbers: 28405.01

**WALDUF**
Waldron, Duffy, Inc.
Archer Norris
P.O. Box 8035
2033 N. Main Street, Suite 800
Walnut Creek, CA 94596
925-930-6600    925-930-6620

**B&B**
Berry & Berry
Berry & Berry
P.O. Box 16070
2930 Lakeshore Avenue
Oakland, CA 94610
510-835-8330    510-835-5117

**METALC**
Metalclad Insulation Corporation
Colombatto, Klimenko & Rosse
130 Sutter Street
7th Floor
San Francisco, CA 94104
415-391-6182    415-391-2904

**GM**
General Motors Corporation
Grace, Genson, Cosgrove & Schirm
444 South Flower Street
Suite 1100
Los Angeles, CA 90071
213-533-5400    213-533-5444

**CUTLER**
Cutler-Hammer, Inc.
Howard Rome Martin & Ridley
1775 Woodside Road, Suite 200
Redwood City, CA 94061
650-365-7715    650-364-5297

**UNIONC**
Union Carbide Corporation
McKenna Long & Aldridge
One Market, Spear Tower
Suite 3500
San Francisco, CA 94105-1475
415-267-4000    415-267-4198

**GATKE**
Gatke Corporation
Sedgwick, Detert, et al.
One Embarcadero Center
16th Floor
San Francisco, CA 94111
415-781-7900    415-781-2635

**CHRYS**
DaimlerChrysler Corporation
Thelen, Reid & Priest, LLP
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200    415-371-1211

**PARKHF**
Parker-Hannifin Corporation
Towle, Denison, Smith & Tavera
10866 Wilshire Blvd
Suite 1270
Los Angeles, CA 90024
310-446-5445    310-446-5447

**FRSTN**
Bridgestone/Firestone North American
Becherer, Kannett & Schweitzer
2200 Powell Street
Suite 805
Emeryville, CA 94608
510-658-3600    510-658-1151

**VIACOM**
Viacom, Inc.
Burke, Williams & Sorensen
611 West Sixth St., Ste. 2500
Los Angeles, CA 90017
213-236-0600    213-623-3594

**THRPIN**
Thorpe Insulation Company
Fox, Shjeflo, et al.
1730 South El Camino Real
6th Floor
San Mateo, CA 94402
650-341-2901    650-341-2258

**INTTRK**
International Truck & Engine Corpora
Haight, Brown & Bonesteel
100 Bush Street
27th Floor
San Francisco, CA 94104
415-986-7700    415-986-6945

**PLANT**
Plant Insulation Company
Jackson & Wallace
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300    415-982-6700

**OI**
Owens-Illinois, Inc.
Morgenstein & Jubelirer
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, CA 94105
415-901-8700    415-901-8701

**ROCAUT**
Rockwell Automation, Inc.
Shea & Gardner
1800 Massachusetts Avenue N.W.
Washington D.C.,    20036
202-828-2000    202-828-2195

**FORD**
Ford Motor Company
Thelen, Reid & Priest, LLP
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200    415-371-1211

**SMPI**
Standard Motor Products, Inc
Towle, Denison, Smith & Tavera
10866 Wilshire Blvd
Suite 1270
Los Angeles, CA 90024
310-446-5445    310-446-5447

**GATKE**
Gatke Corporation
Bennett, Samuelsen, et al.
Richard Reynolds, Esq.
1951 Webster St., Ste. 200
Oakland, CA 94612
510-444-7688    510-444-5849

**GENCAB**
General Cable Corporation
Colombatto, Klimenko & Rosse
130 Sutter Street
7th Floor
San Francisco, CA 94104
415-391-6182    415-391-2904

**INGRSL**
Ingersoll-Rand Company
Gordon & Rees, LLP
Embarcadero Center West
275 Battery Street, Ste. 2000
San Francisco, CA 94111
415-986-5900    415-986-8054

**THRPIN**
Thorpe Insulation Company
Hildebrandt & Lucky
757 West 9th Street
San Pedro, CA 90731
310-548-7882    310-548-4148

**UNISYS**
Unisys Corporation
Jackson & Wallace
55 Francisco Street
Sixth Floor
San Francisco, CA 94133
415-982-6300    415-982-6700

**HONEYW**
Honeywell International, Inc.
Perkins Coie LLP
180 Townsend St., 3rd Flr.
San Francisco Ca 94107,    94107
415-344-7000    415-344-7050

**ABEX**
Pneumo Abex Corporation
Stevens, Drummond & Gifford
1910 Olympic Boulevard
Suite 250
Walnut Creek, CA 94596
925-944-5550    925-256-9669

**RAPID**
Rapid-American Corporation
Thelen, Reid & Priest, LLP
101 Second St., Ste 1800
San Francisco, CA 94105
415-371-1200    415-371-1211

EXHIBIT D

EXHIBIT D

1    FRANK D. POND (SBN 126191)
     JANE M. WESTON (SBN 108482)
2    MICHAEL A. GRAHAM (SBN 179051)
     **BURKE, WILLIAMS & SORENSEN, LLP**
3    450 Sansome Street, Suite 1200
     San Francisco, California 94111-3320
4    Telephone:   (415) 955-1160
     Facsimile:    (415) 982-0824

5

   Attorneys for Defendant
6    Unisys Corporation

7

8            **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10

11    SPENCER WARD,             USDC: _____

          Plaintiff,           SFSC Case No. CGC 03-417888
12

13       vs.                    **NOTICE OF REMOVAL OF UNISYS CORPORATION**

14    ASBESTOS DEFENDANTS (BHC), et al.,

         Defendants.
15

16

17        Defendant Unisys Corporation ("Unisys") hereby notices removal of this civil action to

18 the United States District Court for the Northern District of California from the Superior Court of

19 the State of California for the County of San Francisco.  Unisys notices this removal pursuant to

20 28 U.S.C. §§ 1441 (federal question removal) and 1442 (federal officer removal).

21

22 **I.      JURISDICTIONAL GROUNDS FOR REMOVAL**

23        Removal of this case is proper pursuant to 28 U.S.C. § 1441(b), as it falls within the

24 Court's federal question jurisdiction.  Specifically, this case arises under the laws and

25 Constitution of the United States and involves uniquely federal interests.  In addition, Plaintiff

26 alleges exposure to Unisys equipment aboard U.S. Naval vessels and at Mare Island Naval

27 Shipyard and Naval Station, Guam, Marianas Islands, all of which are federal enclaves.

28

1    This case also may be removed pursuant to 28 U.S.C. § 1442 because it involves an

2    action against "an officer of the United States" or a "person acting under him."  28 U.S.C.

3    § 1442(a)(1).

4

5    **II.     PURSUANT TO 28 U.S.C. § 1446(b), REMOVAL IS TIMELY**

6          On or about April 1, 2003, Unisys was served with the Complaint captioned, *Spencer*

7    *Ward vs. Asbestos Defendants (BP),* Case No. 417888 (Cal. Super. Ct., San Francisco) (the

8    "State Court Action").  A true and correct copy of the Complaint, and all process, pleadings, and

9    orders in the State Court Action that have been served upon Unisys are attached as Exhibit 1 and

10   are being filed with this Notice as required by 28 U.S.C. § 1446(a).

11

12         On August 12, 2003, Unisys served Plaintiff with Unisys Corporation's First Set of

13   Specially Prepared Interrogatories to Plaintiff to determine whether this case was ripe for

14   removal and to alert Plaintiff's counsel as to the proper counsel for Unisys in this case.

15         On September 19, 2003, Unisys received Plaintiff's Response to Defendant Unisys

16   Corporation's Special Interrogatories ("Plaintiff's Special Interrogatory Responses").[1]  At that

17   time, for the first time, Unisys learned that Plaintiff was alleging exposure to equipment of

18   Unisys predecessor, Sperry Rand, during Plaintiff's 1969-1995 federal employment with the

19   Mare Island Naval Shipyard.[2]  Specifically, in Plaintiff's Special Interrogatory Responses,

20   Plaintiff stated that he was exposed to asbestos in Unisys "controls, gauges, transducers and

21   circuit boards" while working as a marine electrician aboard U.S. Naval ships and submarines

22   and at Mare Island Naval Shipyard and Naval Station, Guam, MI.  *See* Plaintiff's Special

23   Interrogatory Responses, at 1-2 (Plaintiff's Special Interrogatory Responses and the

24   Interrogatories served by Unisys are attached hereto as Exhibit 2).

25

26

27   _____

28   [1] Plaintiff's Special Interrogatory Responses were the first interrogatory responses properly served on Unisys in this case.
     [2] Hereinafter, Sperry Rand, a predecessor to Unisys, is referred to as Unisys.

1    Unisys first information that Plaintiff was alleging exposure to asbestos from a Unisys

2  product on U.S. Naval vessels and at U.S. Naval facilities was from Plaintiff's Special

3  Interrogatory Responses.  At that time, Unisys learned from this "paper" that this case "is one

4  which is or has become removable," 28 U.S.C. § 1446(b), as the actual claims against Unisys,

5  and the federal interests and federal defenses that apply to these claims, were identified first in

6  this paper.[3]

7

8    Unisys is filing this Notice of Removal within thirty (30) days after it first learned that

9  this action was removable as required by 28 U.S.C. § 1446(b).  Thus, removal is timely.

10  **III.   PURSUANT TO 28 U.S.C. § 1441, REMOVAL IS PROPER ON THE GROUNDS
        OF A FEDERAL QUESTION**

11

12    Removal of this case is proper pursuant to 28 U.S.C. § 1441(b), as it falls within the

13  Court's federal question jurisdiction.  This case arises under the laws and Constitution of the

14  United States and involves uniquely federal interests.

15    Federal question jurisdiction arises from Plaintiff's status as a civilian employee of the

16  U.S. Navy and from Plaintiff's activities aboard U.S. Naval ships and at U.S. Naval facilities.

17  As is shown in Plaintiff's Special Interrogatory Responses, Plaintiff alleges exposure to asbestos

18

19  from Unisys equipment over a twenty-six year period (*i.e.*, 1969 to 1995), during which he

20  served as a marine electrician employed by the Navy's Mare Island Naval Shipyard.  Thus, all of

21  the alleged exposure for this Defendant occurred while Plaintiff was a civilian employee of the

22  U.S. Navy and was on or attached to U.S. Navy ships or U.S. Navy facilities.  These U.S. Navy

23  ships are:

24

25  •    the **USS Carl Vinson (CVN-70)**, a nuclear-powered Nimitz class aircraft carrier, which
        is designed to conduct sustained combat air operations;

26

27  [3] Prior to Unisys receipt of Plaintiff's Special Interrogatory Responses on September 19, 2003, Unisys
    had not been served with a "copy of an amended pleading, motion, order or other paper," 28 U.S.C.

28  § 1446(b), indicating that removal was possible, as Plaintiff's counsel had improperly served Unisys
    with previous discovery in this case by serving a firm that does not represent Unisys in this action.

1   •    the **USS Midway (CVB-41)**, the lead ship of the Midway class carriers, which served her
2         country for forty-seven years;

3   •    the **USS Permit (SSN-594)**, a Permit class nuclear submarine, which was the Navy's
        twenty-fifth launching of a nuclear submarine and the first submarine to successfully fire
4         a SUBROC missile;

5   •    the **USS Drum (SSN-677)**, a Sturgeon class nuclear attack submarine, which participated
        in ADvanced CAPability (ADCAP) MK 48 torpedo testing exercises;
6

7   •    the **USS Guitarro (SSN-665)**, a Sturgeon class nuclear attack submarine, which with
        four twenty-one foot torpedo tubes, had the capability to deliver a variety of offensive
8         weaponry;

9   •    the **USS Hawkbill (SSN-666)**, a 5,000 ton Sturgeon class nuclear attack submarine,
        sometimes called the "Devil Boat," which was awarded the Vietnam Service Medal;
10

11   •    the **USS Pintado (SSN-672)**, a Sturgeon class nuclear attack submarine, which was the
        first submarine to successfully launch the Harpoon missile; and

12   •    "Naval Station, Guam, M.I.: various unknown ships." Plaintiff's Special Interrogatory
13         Responses, at 2 (attached as Exhibit 2).[4]

14        As described more fully herein, under the law of this district, the U.S. Naval vessels at

15 issue are federal enclaves, and therefore are subject only to federal law. In addition, Plaintiff

16 alleges exposure to asbestos at Mare Island Naval Shipyard and Naval Station, Guam, MI, which

17 are also federal enclaves.

18        Plaintiff's lawsuit implicates numerous federal statutes and regulations, among them: the

19 Defense Production Act of 1950 (which immunizes contractors from damages resulting from

20

21 performance of mandated defense contracts); Federal Acquisition Regulations (in particular, the

22 third-party insurance indemnity clause, which provides government indemnity to contractors for

23 damages arising out of performance of military contracts); the Federal Employees'

24 Compensation Act (which provides compensation from the federal government to government

25 employees injured while performing their duties, and which then is offset against tort damages);

26

27 ──────────────
[4] Although Plaintiff lists the USS Bainbridge (DD-246) as another ship on which he allegedly was
exposed to Unisys products, this ship was decommissioned in July 1945 and sold for scrapping at the
28 end of November 1945, and thus could not have been at Mare Island Naval Shipyard during

1   and the Price Anderson Act (which limits liability for contractors performing hazardous nuclear

2   activities for the government).

3        Further, because Plaintiff's lawsuit questions the military's decision to include asbestos

4   in U.S. Navy equipment, this lawsuit necessarily implicates certain federal doctrines, including

5   the separation of powers and political question doctrines (*i.e.*, the Judiciary should not "second-

6   guess" Executive Branch, military decisions regarding the design of products for and equipping

7   of the armed forces).  Also, because Plaintiff's lawsuit may implicate classified information

8

9   related to the nuclear vessels at issue, the federal doctrine of State Secrets also may be

10  implicated.

11       As such, Plaintiff's lawsuit attempts to second-guess quintessential military decisions

12  concerning the design of military equipment for the armed forces, implicating numerous federal

13  statutes and interests.  Equally important, Plaintiff's suit challenges the military's decision-

14  making and plenary control over the safety of its workers at military facilities.  This case

15  therefore should be heard by a federal court.

16

17       **A.    Plaintiff's Claims Against Unisys Inextricably Involve Federal Questions**

18       The Navy ships at issue were U.S. warships and other vessels constructed under federal

19  government contracts according to unique military requirements.  These ships passed military

20  inspection and trials and were commissioned by the U.S. Navy.[5]  Such commissioning

21  demonstrates that the U.S. Navy accepted the design of these ships as well as their subsystems

22

23  and components, including any components containing asbestos.

24       Because this case involves alleged exposure to asbestos on U.S. Navy ships approved and

25  commissioned by the U.S. government, any analysis of the alleged liability of one of the ship's

26  contractors or subcontractors involves important national defense considerations and analysis of

27

28  Plaintiff's 1969-1995 employment.
    [5] For example, the USS Midway was commissioned on September 10, 1945; the USS Permit was

1    U.S. government action.  Plaintiff alleges that warships, which were provided to the U.S.

2    government as an integral part of the national defense during, *inter alia*, World War II, the

3    Korean War, and the Vietnam War, were negligently designed, and should have been designed,

4
     built, or maintained in some manner different from what the U.S. military ordered and its
5
     contractors supplied.
6
7            Furthermore, because these ships belong to separate design classes in which a common

8    design and specifications are applied to a group of ships (*i.e.,* Midway class aircraft carrier (USS

9    Midway); Nimitz class nuclear-powered aircraft carrier (USS Carl Vinson); Sturgeon class

10   nuclear attack submarines (USS Hawkbill, USS Drum, USS Guitarro, USS Pintado); Permit

11   class nuclear submarine (USS Permit)), Plaintiff effectively challenges the U.S. government's

12
     design, deployment, repair, and maintenance decisions as they relate to these ships.
13
14           Such analyses are governed by federal statutory and common law and federal regulations.

15   *See* U.S. CONST.(a) art. I, § 8, cls. 13-14 ("The Congress shall have Power . . . To provide and

16   maintain a Navy;  To make Rules for the Government and Regulation of the land and naval

17   Forces. . . ."); 5 U.S.C. § 301 (authorizing military departments to prescribe regulations

18
     governing their employees and property).
19
             Plaintiff alleges that Unisys made or supplied some asbestos-containing materials or
20
21   components for these ships.  Specifically, as discussed above, Plaintiff indicates that he was

22   exposed to Unisys "controls, gauges, transducers and circuit boards" aboard these U.S. Naval

23   vessels.

24           Navy warship contracts, particularly for those ships built during wartime, are subject to

25   numerous provisions of federal law.  For instance, the First War Powers Act of 1941, ch. 593,

26
     § 201, 55 Stat. 838, 839 (repealed by Pub. L. 89-554, § 8(a), Sep. 6, 1956, 80 Stat. 651),
27

28   commissioned on May 29, 1962; and the USS Carl Vinson was commissioned on March 13, 1982.

1  authorized the President, when necessary to facilitate the "prosecution of the war," to permit an

2  agency exercising functions

> in connection with the prosecution of the war effort . . . to enter
> into contracts . . . without regard to the provisions of law relating
> to the making, performance, amendment, or modification of
> contracts . . . .

6  55 Stat. 838, 839.  The Second War Powers Act of 1942, ch. 199, § 301, 56 Stat. 176, 177, which

7  remained in effect until 1950, expanded the Executive's power over defense contractors by

8  giving the President authority to require acceptance of priority contracts or orders; a contractor

9  refusing contracts or federal orders was subject to criminal sanctions.  *Id.* at 179.  The Second

10  War Powers Act also immunized contractors from liability for breach of contract.  *L.N. Jackson*

11  *& Co. v. Royal Norwegian Gov't*, 177 F.2d 694, 701 (2$^d$ Cir. 1949).

13  The application of these laws to the present case is clear.  As the Supreme Court has

14  stated:

> The validity and construction of contracts through which the
> United States is exercising its constitutional functions, [and] their
> consequences on the rights and obligations of the parties . . . all
> present questions of federal law not controlled by the law of any
> state.

19  *U.S. v. Allegheny County, Pa.*, 322 U.S. 174, 183 (1944).  Thus, if Plaintiff challenges the

20  design, construction, maintenance, and workplace safety of the ships that fought in, *inter alia*,

21  World War II, the Korean War, and/or the Vietnam War, these challenges implicate federal law.

22  In addition to these pervasive federal interests, Plaintiff's Complaint contains allegations

23  that could involve the government's express or implied statutory or contractual duty to

24  indemnify its contractors under federal law.  *See, e.g.*, 10 U.S.C. § 2354 (providing indemnity to

25  government contractors involved in unusually hazardous activities); *see also* "Third Party

26  Insurance Indemnity" clause under the Federal Acquisition Regulations.  As a civilian employee

28  of the Navy, Plaintiff incurred any alleged injuries while performing his governmental duties,

1   and thus is covered by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101,

2   et seq., a federal statute.

3       Moreover, Unisys has a federal defense pursuant to the Defense Production Act, 50 App.

4   U.S.C. §§ 2061, et seq.  The DPA, which was enacted in 1950, provides that

5

6           no person shall be held liable for damages or penalties for any act
            or failure to act resulting directly or indirectly from compliance
7           with a rule, regulation, or order issued pursuant to this Act . . .

8   50 App. U.S.C. § 2157.  In addition, because the case involves U.S. military decision-making

9   regarding certain nuclear-powered vessels, the case implicates other federal statutes, such as the

10  Price Anderson Act, as amended, P.L. 85-256, and the Atomic Energy Act of 1954, both of

11  which provide protection to federal contractors involved in unusually hazardous, nuclear

12  activities.

13

14      The military decision-making involved with the ships at issue also implicates the federal

15  constitutional doctrines of separation of powers and political question, as these military

16  decisions are uniquely committed to the Executive Branch.  As the Court stated in *Boyle v.*

17  *United Technologies Corp.*, 487 U.S. 500 (1988), "selection of the appropriate design for

18  military equipment to be used by our Armed Forces is assuredly a discretionary function,"

19  which courts cannot second-guess.  *Boyle,* 487 U.S. at 511.

20

21      Further, because this case may implicate classified information related to nuclear-

22  powered vessels, the federal doctrine of State Secrets is potentially applicable.  Under *United*

23  *States v. Reynolds*, 345 U.S. 1 (1953), the Executive Branch may invoke an absolute

24  evidentiary privilege encompassing state secrets whose disclosure would harm the national

25  security.

26      Finally, because Plaintiff's suit challenges the military's decisions relating to workplace

27  safety at Navy facilities, an area over which the military exercises plenary control, this case

28

1  implicates additional federal interests.

2       Given the pervasive federal nature of Plaintiff's claims, including the design, outfitting,

3  maintenance, and workplace safety of these U.S. Naval vessels, it is clear that this case presents

4  quintessential federal questions, which must be addressed by a federal court.

5  

6      **B.**   **Plaintiff Alleges Exposure To Asbestos On Several U.S. Naval Vessels And At Mare Island Naval Shipyard and Naval Station, Guam, All Of Which Are Federal Enclaves**

7  

8      Federal enclave jurisdiction is rooted in the U.S. Constitution.  Specifically, article I,

9  section 8, clause 17 of the Constitution provides that Congress shall have the power

10          [t]o exercise exclusive Legislation . . . over all Places purchased
        by the Consent of the Legislature of the State in which the Same

11          shall be, for the Erection of Forts, Magazines, Arsenals, dock-

12          Yards, and other needful Buildings. . .

13  U.S. Const. Art. I, § 8, cl. 17.

14      Naval vessels are federal enclaves, and thus, all claims arising from alleged accidents or

15  occurrences upon them must be determined with reference to federal law.  *See United States v.*

16  *Rodgers*, 150 U.S. 249, 263 (1893) (a vessel is deemed part of the territory of the country to

17  which she belongs); *see also Acierto v. Owens-Corning Fiberglas Corp.*, No. C-93-2136-JPV

18  (N.D. Cal., Order Granting Plaintiff's Motion to Remand, filed Aug. 13, 1993) (Naval ship is a

19  

20  federal enclave).  As such, assuming *arguendo* that Plaintiff's exposure to asbestos occurred on

21  board the Naval vessels at issue, this case is subject to federal jurisdiction.

22      In addition to the federal enclave status of these Naval vessels, Mare Island Naval

23  Shipyard and the Naval Station in Guam also are federal enclaves.  Because this Naval shipyard

24  and Naval station were federal facilities at all times relevant to Plaintiff's Complaint, any alleged

25  injuries that occurred at these federal facilities implicate federal law.[6]

26  

27  

28  ---

[6] The alternative – that Unisys products did not contain asbestos, and thus, Plaintiff was <u>not</u> exposed to asbestos on the ships at issue or at Mare Island Naval Shipyard or Naval Station, Guam, where he alleges exposure to Unisys equipment – would entitle Unisys to judgment on its behalf,

1   The situation in the instant case could hardly be more similar to the factual situation

2   faced by the Northern District in *Fung v. Abex Corp.*, 816 F. Supp. 569 (N.D. Cal. 1992).  In that

3   case, the plaintiffs sued General Dynamics and others for alleged asbestos injuries.  General

4   Dynamics removed the case, arguing that "many of plaintiffs' allegations stem from their

5   employment by the United States Navy at Mare Island Shipyard, a United States Naval facility as

6   

7   well as other Naval facilities," and that "the claims of asbestos exposure involve plaintiffs' duties

8   while on board United States Navy vessels." *Id.* at 571.

9   The *Fung* court agreed with General Dynamics.  Citing the guidance of the Ninth Circuit

10  in *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977) and the Fifth Circuit in *Mater v. Holley*, 200

11  F.2d 123 (5th Cir. 1952), the Northern District found that the plaintiffs' claim that their injuries

12  resulted from working on Naval vessels under the supervision of General Dynamics established

13  

14  federal enclave status.  Specifically, the *Fung* court held:

15          Although plaintiffs do not mention in their complaint that the
            alleged exposure to asbestos took place while on federally

16          procured submarines which were docked at Mare Island and other
            federal enclaves, they claim that the injuries were a consequence of

17          their working on naval vessels under the supervision of General
            Dynamics. Failure to indicate the federal enclave status and

18          location of the exposure will not shield plaintiffs from the
            consequences of this federal enclave status. Like the facts in

19          *Mater*, plaintiffs' actions arise under the laws of the United States

20          as stated in § 1331 and are properly the subject of federal
            jurisdiction.

21  

22  *Fung*, 816 F. Supp. at 571.

23          As in *Fung*, because Plaintiff claims exposure to Unisys products aboard U.S. Naval

24  vessels and at Mare Island Naval Shipyard and the Naval Station in Guam, federal enclave

25  status exists in this case, and as such, removal of this case under the federal question doctrine

26  is appropriate.

27  

28  because all allegations against Unisys are based on a claim that Unisys equipment on these ships or
    at these facilities somehow injured Plaintiff.

C.   **Unisys Has Obtained The Consent Of All Defendants With A Substantive Right To Remove On Federal Question Grounds**

Based on Plaintiff's Complaint and other pleadings, Unisys has identified several other Defendants that may have a substantive right to remove. Unisys has received consent to remove this action from each of these defendants that was served (*i.e.,* Viacom Inc., Union Carbide Corporation, Ford Motor Company, General Cable Corporation, Rockwell Automation, Inc., Ingersoll-Rand Company, and International Truck and Engine Corporation) (copies of the written consents of these parties are attached hereto as Exhibit 3). Therefore, removal of this case under the federal question doctrine is proper. *See Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd.*, 2000 WL 1205338, *1 (C.D. Cal. 2000) (unanimous consent of all parties substantively entitled to remove is required to remove on federal question grounds); *Hill v. City of Boston*, 706 F. Supp. 966, 968 (unanimity as to removal is required only of those parties who independently would have the right to remove).

Moreover, Unisys is filing with the Court within the thirty-day period the attached written consents from these defendants (attached hereto as Exhibit 3). Thus, removal of this case under the federal question doctrine is appropriate, timely, and complete. *See Ford v. New United Motors Mfg., Inc.,* 857 F. Supp. 707, 708 n.3 (N.D. Cal. 1994) ("[a]ll that is required is that each defendant file a document in which the defendant formally concurs with the removal.").

IV.   **PURSUANT TO 28 U.S.C. § 1442, REMOVAL IS PROPER ON THE GROUNDS THAT THE ACTION IS AGAINST A FEDERAL OFFICER**

This case also may be removed pursuant to 28 U.S.C. § 1442 because it involves an action against "an officer of the United States" or a "person acting under him." 28 U.S.C. § 1442(a)(1). *See Blackman v. Asbestos Defendants (BHC)*, 1997 WL 703773 (N.D. Cal. 1997); *Arness v. Boeing North American, Inc.*, 997 F. Supp. 1268 (C.D. Cal. 1998); *Fung*, 816 F. Supp. at 571; *People of State of California v. H & H Ship Service Co.*, 68 F.3d 481 (9th Cir. 1995); *see*

1   *also Mesa v. California*, 489 U.S. 121 (1989); *Jamison v. Wiley*, 14 F.3d 222, 237-39 (4th Cir.

2   1994).

3   Federal officer removal is proper where a defendant can (1) establish that it acted under

4   the direction of a federal officer; (2) raise a colorable federal defense; and (3) demonstrate a

5   causal nexus between plaintiff's claims and the acts it performed under the color of federal

6   office. *Fung*, 816 F. Supp. at 571-72; *see Pack v. AC & S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md.

7   1993).

8

9   Regarding the first prong of the test, assuming *arguendo* that Unisys manufactured

10  equipment for the Naval ships at issue, it clearly acted under the direction of a federal officer,

11  because the products it allegedly sold (and by which Plaintiff alleges he was injured) were

12  subsystems of ships ordered by the Navy.  Moreover, the design, production, maintenance, and

13  inspection of the ships and their subsystems took place under the direct and detailed control of

14  the Navy.  *Id.*  As the *Fung* Court pointed out, "[t]his control requirement can be satisfied by

15  strong government intervention and the threat that a defendant will be sued in state court 'based

16  upon actions taken pursuant to federal direction.'"  *Fung*, 816 F. Supp. at 572, *quoting Gulati v.*

17  *Zuckerman*, 723 F. Supp. 353 (E.D. Pa. 1989).  Federal officer removal is particularly

18  appropriate when the removing party is subject to "exceedingly complex regulations, guidelines,

19  and evaluation schemes." *Fung*, 816 F. Supp. at 572, *quoting Gurda Farms, Inc. v. Monroe*

20  *County Legal Assistance Corp.*, 358 F. Supp. 841, 844 (S.D. N.Y. 1973).

21

22  Because all of the ships at issue were built at the direction of the U.S. government based

23  on government design standards and contained numerous government secrets, extensive

24  government direction is clear.  In addition, some of the ships at issue are nuclear-powered.

25  Given that a private company could not manufacture a nuclear warship without a clear

26  government imprimatur, "extensive government control" in the building of a military warship

27

28

could not be more clear.

Even assuming *arguendo* that the ships did indeed contain Unisys products with asbestos, the use of asbestos by Unisys was at the U.S. government's command. Specifically, during the time the vessels were built, and during the time Plaintiff alleges that he worked on these ships, numerous federal military standards governed the use of asbestos in military equipment. As such, Unisys was acting under the detailed authority and control of the Secretary of the Navy or his delegee, the Contracting Officer. *See Fung,* 816 F. Supp. at 573.

Unisys satisfies the second prong of federal officer removal by presenting colorable federal defenses, including the government contractor defense and the Defense Production Act. Under the government contractor defense, Unisys cannot be liable to a third party in tort if the government approved reasonably precise specifications for the equipment at issue; Unisys conformed to those specifications; and Unisys warned the government of risks of which the government was unaware. *See Boyle,* 487 U.S. at 512. This defense is clearly federal in nature, as it is "intended to implement and protect the discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § 2680(a)." *Snell v. Bell Helicoptor Textron, Inc.,* 107 F.3d 744, 746, 749 & n.3 (9th Cir. 1997).

Under the Defense Production Act, "no person shall be held liable for damages or penalties for any act or failure to act resulting directly or indirectly from compliance with a rule, regulation, or order issued pursuant to this Act." 50 App. U.S.C § 2157; *see Arness v. Boeing N. Am., Inc.,* 997 F. Supp. 1268, 1273 (C.D. Cal. 1998) (Defense Production Act is a colorable federal defense for the purposes of removal).

Unisys defenses should not be addressed on the merits at this time. Rather, at the removal stage, the stated federal defense "need only be plausible; its ultimate validity is not to be determined at the time of removal." *Magnin v. Teledyne Continental Motors,* 91 F.3d 1424,

1   1427 (11th Cir. 1996); *see also Fung*, 816 F. Supp. at 573; *Arness*, 997 F. Supp. at 1272.

2        Finally, the third prong of the federal officer removal test is satisfied because Unisys can

3   show a direct nexus between the acts it performed under federal direction (*i.e.*, design and

4   manufacture of components for U.S. Naval ships) and the injuries alleged by Plaintiff.

5   Assuming *arguendo* that the Unisys products on the ships contained asbestos, it was at the

6
government's direction. *See Blackman*, 1997 WL 703773 at *3 (requirement of a "causal nexus"

7

8   satisfied by proof that a contractor is "acting under" a federal officer).

9

**V.    CONCLUSION**

10
        For the foregoing reasons, this matter involves both federal questions and claims against

11
federal officers.  Thus, this action is removable and should proceed before this Court.

12

13

14   DATED:  October 17, 2003                          BURKE, WILLIAMS & SORENSEN, LLP

15

16                                           By_____
                                                      JANE M. WESTON
17                                                Attorney for Defendant
                                                  Unisys Corporation
18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

EXHIBIT E

1  FRANK D. POND (SBN 126191)
   JANE M. WESTON (SBN 1088482)
2  MICHAEL A. GRAHAM (SBN 179051)
   BURKE, WILLIAMS & SORENSEN, LLP
3  450 Sansome Street, 12th Floor
   San Francisco, California 94111
4  Telephone: (415) 955-1160
   Facsimile:  (415) 982-0824
5
   Attorneys for Defendant
6  Unisys Corporation

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  SPENCER WARD,                        USDC No. C 03 4686  MEJ

12            Plaintiff,                 SFSC Case No. CGC 03-417888

13     vs.                              **CERTIFICATE OF SERVICE RE:**
                                        **SUPPLEMENT TO NOTICE OF**
14  ASBESTOS DEFENDANTS (BHC), et al.,   **REMOVAL OF UNISYS CORPORATION**

15            Defendants.

16

17        Harriet Chan certifies and declares as follows:

18        I am over the age of 18 years and not a party to this action.

19        My business address is Burke, Williams & Sorensen LLP, 450 Sansome Street, Suite

20  1200, San Francisco, California 94111-3320, which is located in the city, county and state where

21  the mailing described below took place.

22        On October 21, 2003, I caused to be hand-delivered:

23        SUPPLEMENT TO NOTICE OF REMOVAL OF UNISYS CORPORATION in this

24  action, dated October 21, 2003, addressed to plaintiff's counsel as follows:

25                  Brayton & Purcell
                    222 Rush Landing
26                  Novato, CA 94948-6169

27        I declare under penalty of perjury under the laws of the United States of America that the

28  foregoing is true and correct.

SF #138486 v1                                -1-
       PROOF OF SERVICE RE: SUPPLEMENT TO NOTICE OF REMOVAL OF UNISYS CORP.

PARA _LFL_ OTHER
ATTY ___ CLASS ___ FILE
RECEIVED

OCT 2 1 2003

BRAYTON✦PURCELL
HAND _/_ OVERNIGHT___ MAIL___

1    Executed on October 21, 2003 in San Francisco, California.

2

3                                        _Harriet Chan_

4                                        Harriet Chan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE RE: SUPPLEMENT TO NOTICE OF REMOVAL OF UNISYS CORP.

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is 450 Sansome Street, 12th Floor, San Francisco, California 94111.
On **October 21, 2003** I caused to be served the following document(s): **CERTIFICATE OF SERVICE RE: SUPPLEMENT TO NOTICE OF REMOVAL OF UNISYS CORPORATION** on the interested parties in this action by placing a true and correct copy of such document, enclosed in a sealed envelope, addressed as follows:

By: Personal Service to:
Brayton & Purcell
222 Rush Landing
Novato, CA 94948-6169

By: U.S. Mail to:
See attached Service List

(X)     (By Personal Service): I *caused to be delivered* such envelope via First Legal Messenger Service to the office of the address listed above.

(X )     I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service.  I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business.  I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at San Francisco, California.

(  )     By overnight courier, I caused the above-referenced document(s) to be deposited in a box or other facility regularly maintained by the overnight courier, or I delivered the above-referenced document(s) to an overnight courier service, for delivery to the above addressee(s).

Executed **October 21, 2003,** San Francisco, California.

( )     (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(x)     (Federal)     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

HARRIET CHAN

## WARD v. UNISYS SERVICE LIST

| | Address | Address2 | City | State | Zip | Telephone | Fax | Email | Represent |
|---|---|---|---|---|---|---|---|---|---|
| ter Norris | P.O. Box 8035 | 2033 North Main St. Suite 800 | Walnut Creek | CA | 94596-3728 | (925) 930-6600 | (925) 930-6620 | | WALDRON, DUFFY, INC. |
| herer, Kanetti & Schweizer | 2200 Powell Street Suite 805 | | Emeryville | CA | 94608 | (510) 658-3600 | (510) 658-1151 | | BRIDGESTONE/FIRESTONE NORTH AMERICAN |
| asett, Samuelson, Reynolds & | 1951 Webster St. Suite 200 | | Oakland | CA | 94612-2940 | (510) 444-7688 | (510) 444-5849 | | GATKE CORPORATION |
| rd y & Berry | P.O. Box 16070 | 2930 Lake Shore Avenue | Oakland | CA | 94610-3614 | (510) 835-8330 | (510) 835-5117 | | BERRY & BERRY |
| mphato, Klimenko & Rose | 130 Sutter Street 7th Floor | | San Francisco | CA | 94104 | (415) 391-6182 | (415) 391-2904 | mail@kbrlaw.com | METALCLAD INSULATION CORPORATION, GENERAL CABLE CORPORATION |
| Gello, et al. | 1730 South El Camino Real 6th Floor | | San Mateo | CA | 94402 | (650) 341-2901 | (650) 341-2258 | | THORPE INSULATION COMPANY |
| ock & Rees | 275 Battery Street 20th Floor | | San Francisco | CA | 94111 | (415) 986-5900 | (415) 986-8054 | | INGERSOLL-RAND COMPANY |
| erson, Cosgrove & | 444 So. Flower St. Suite 1100 | | Los Angeles | CA | 90071-2912 | (213) 533-5400 | (213) 533-5444 | | GENERAL MOTORS CORPORATION |
| th, Brown & Boresteel | 100 Bush Street 27th Floor | | San Francisco | CA | 94104-3902 | (415) 986-7700 | (415) 986-6945 | | INTERNATIONAL TRUCK & ENGINE CORPORATION |
| one Martin & Traley | 757 West 9th Street | | San Pedro | CA | 90731-3601 | (310) 548-7882 | (310) 548-4148 | | THORPE INSULATION COMPANY |
| & Lucks | 1775 Woodside Road Suite 200 | City | Redwood City | CA | 94061-3436 | (650) 365-7715 | (650) 364-5397 | | CUTLER-HAMMER, INC. |
| k Wallace LLP | 55 Francisco Street Sixth Floor | | San Francisco | CA | 94133 | (415) 982-6300 | (415) 982-6700 | | PLANT INSULATION COMPANY, UNISYS CORPORATION |
| Long & Aldridge LLP | One Market St. Plaza Steuart Street Tower Suite 2700 | | San Francisco | CA | 94104 | (415) 267-4000 | (415) 267-4198 | | UNION CARBIDE CORPORATION |
| egstein & Jubelirer | One Market Plaza Spear Street Tower 32nd Floor | | San Francisco | CA | 94105 | (415) 901-8700 | (415) 901-8701 | | OWENS-ILLINOIS, INC. |
| Cole LLP | 180 Townsend Street Third Floor | | San Francisco | CA | 94107 | (415) 334-7000 | (415) 242-7800 | | HONEYWELL INTERNATIONAL |
| wr Deters, Moran & Arnold | One Embarcadero Center 16th Floor | | San Francisco | CA | 94111 | (415) 781-7900 | (415) 781-2635 | | GATKE CORPORATION |
| & Gardner | 1800 Massachusetts Avenue N.W. | | Washington | D.C. | 20036 | (202) 828-2000 | (202) 828-2195 | | ROCKWELL AUTOMATION, INC. |
| d Drummond & Gifford | 1910 Olympic Blvd. Suite 250 | | Walnut Creek | CA | 94596 | (925) 944-5550 | (925) 256-9669 | | PNEUMO ABEX CORPORATION |

WARD v. UNISYS SERVICE LIST

| | 101 Second St. Suite 1800 | San Francisco | CA | 94105-3601 | (415) 371-1200 | (415) 371-1211 | DAIMLERCHRYSLER CORPORATION, FORD MOTOR COMPANY, RAPID-AMERICAN CORPORATION |
|---|---|---|---|---|---|---|---|
| vie, Denison, Smith & Tavera | 10866 Wilshire Blvd. Suite 1270 | Los Angeles | CA | 90024 | (310) 446-5445 | (310) 446-5447 | PARKER HANNIFIN CORPORATION, STANDARD MOTOR PRODUCTS, INC. |

len Reid & Priest LLP

-2-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 4 2004

FILED
CLERK'S OFFICE

### PROOF OF SERVICE

1

2   I am employed in the County of Marin, State of California.  I am over the age of 18
years and am not a party to the within action.  My business address is 222 Rush Landing Road,
3   Novato, California  94948.

4   On February 2, 2004, I served the attached:

5   **NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER;
BRIEF IN SUPPORT OF MOTION;  DECLARATION OF DAVID L. FIOL IN
6   SUPPORT**
Spencer Ward v. Unisys Corporation.
7   N.D. Cal. No. C 03-4686 (JSW)

8   on the interested parties in this action by transmitting a true copy thereof in a sealed envelope,
and each envelope addressed as follows:

9
Clerk
10   United States District Court
Northern District of California
11   450 Golden Gate Avenue
San Francisco, CA 94102
12   **(2 copies)**

13   AND

14   **ALL PARTIES ON ATTACHED MDL SERVICE LIST**

15   <u>XXX</u>        (BY MAIL)  I am readily familiar with the business practice at my place of
business for collection and processing of correspondence for delivery by mail.
16                    Correspondence so collected and processed is deposited with the United States
Postal Service on the same day in the ordinary course of business.  On the above
17                    date the said envelope was collected for the United States Postal Service
following ordinary business practices.
18

19
Executed this **Feburary 2, 2004**, at Novato, California.
20

21   I declare under penalty of perjury that the foregoing is true and correct.

22

23   JANE A. EHNI

24

25

26                                                                    RECEIVED
CLERK'S OFFICE
27                                                                    2004 FEB -3  A 11: 13
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
28   K:\Injured\28405\MDL-Motion to Vacate CTO.wpd

---

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT
OF MOTION;  DECLARATION OF DAVID L. FIOL IN SUPPORT OF MOTION
1

**PANEL SERVICE LIST (Excerpted from CTO-230)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LIT8IGATION (NO. VI)**

**Spencer Ward v. Unisys Corp., et al., N.D. California, C.A. No. 3:03-4686**

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Daniel J. Kelly
Haight, Brown & Bonesteel
100 Bush Street, 27th Flr.
San Francisco, CA 94104

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Ste. 410
Houston, TX 77018

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Bldg., 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Ste. 300
Akron, OH 44308-1314

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street,
P.O. Box 1008
Columbus, OH 43216

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC 20036

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., 6th Floor
Los Angeles, CA 90025

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Ste. 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert N. Spinelli
Kelly, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Molly McKay
Gordon & Rees
275 Battery Street, 20th Flr.
San Francisco, CA 94111

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Bldg.
Detroit, MI 48226

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg., Ste. 1000
Independence Mall East
Philadelphia, PA 19106

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James J. Ostertag
Thelen, Reid & Priest
101 2nd Street, Ste. 1800
San Francisco, CA 94105-3601

Ellen B. Furman
Goldfein & Hosmer
1600 Market St., 33rd Flr.
Philadelphia, PA 19103

Frank D. Pond
Burke Williams & Sorensen LLP
450 Sansome St., Ste. 1200
San Francisco, CA 94111

James K. Weston, II
Tom Riely Law Firm
4040 First Ave., N.E.
P.O. Box 998
Cedar Rapids, IA 52406