MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 4 2004

FILED
CLERK'S OFFICE



BEFORE THE JUDICIAL PANEL
ON MULTI-DISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | § § § § | MDL DOCKET NO. 875 |

## HONEYWELL INTERNATIONAL INC.'S OPPOSITION TO
## PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Defendant Honeywell International Inc. ("Honeywell") opposes Plaintiff's Motion to

Vacate the Conditional Transfer Order ("Motion to Vacate") and hereby responds to Plaintiff's

Brief to Vacate the Conditional Transfer Order ("Brief to Vacate").[1]   The Conditional Transfer

Order ("CTO") at issue, CTO-230, was issued by the Judicial Panel on Multidistrict Litigation

(the "Panel") on January 5, 2004 and transferred the above-captioned case to the United States

District Court for the Eastern District of Pennsylvania for consolidation with MDL Docket No.

875 - In re Asbestos Products Liability Litigation.  Because Plaintiff has offered no real reason to

vacate the CTO, the Motion to Vacate should be denied.

---

[1] The original complaint in this matter was filed on behalf of two plaintiffs:  Harold Boak and Twila Boak.
Although Honeywell has not been served with any pleading dismissing Twila Boak's claim, the case caption for
Plaintiff(s)' Motion to Vacate and the Brief to Vacate list only Harold Boak as plaintiff.  In addition, the text of the
Motion to Vacate and the Brief to Vacate refer only to a single "plaintiff."  For purposes of this opposition,
Honeywell will refer to "Plaintiff" in the singular.  Honeywell's arguments for transfer to MDL 875 and in
opposition to the Motion to Vacate apply with equal force to the entire Boak action, including any claims of Twila
Boak.

# OFFICIAL FILE COPY

IMAGED FEB 25 '04

Specifically, Plaintiff's sole argument in his Motion to Vacate is that the Panel should vacate CTO-230 because he "intends" to file a motion to remand in the United States District Court for the Northern District of Texas (the "Texas District Court"). Honeywell removed this case to the Texas District Court over four months ago and Plaintiff has yet to file any such motion. Even now, Plaintiff offers only his "intent" to file a motion at some unspecified future date. The fact that no motion to remand is pending, in and of itself, renders Plaintiff's Motion to Vacate completely without merit.[2] Moreover, even if Plaintiff had filed a motion to remand, the Motion to Vacate should be denied because, as this Panel has repeatedly held, transfers to multi-district litigation ("MDL") proceedings should not be hindered by the pendency of a remand motion. Finally, any future motion to remand filed by Plaintiff would be totally without merit.

## PROCEDURAL BACKGROUND

Plaintiff filed his Original Petition and Jury Demand (the "Complaint") in the 298th Judicial District Court of Dallas County, Texas on August 29, 2003 and served it on Honeywell on September 19, 2003. (The Complaint is attached hereto as Exhibit A.) On October 10, 2003, Honeywell timely removed the action to the Texas District Court, which has diversity subject matter jurisdiction over the case after disregarding the citizenship of fraudulently joined defendant Guard-Line, Inc. (Honeywell's Notice of Removal, without exhibits, is attached hereto as Exhibit B. The complete Notice of Removal, with exhibits, was filed with the Judicial Panel on October 20, 2003.) On October 20, 2003, Honeywell notified the Panel that this action is a potential "tag-along" action that should be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidation or coordination with the MDL 875 - In re

---

[2] Plaintiff has failed to file a motion to remand with the Texas District Court despite the fact that, as Plaintiff himself makes clear, the district court continues to have jurisdiction over the case during the pendency of the CTO. See, Plaintiff's Brief to Vacate, p. 2 and Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation (2001).

Asbestos Products Liability Litigation – because it is an asbestos-related personal injury action

that involves common questions of fact with the MDL proceeding. (The Notice of Tag-Along

Action is attached hereto as Exhibit C.) On November 13, 2003, the parties filed a Joint Motion

to Abate and Joint Status Report with the Texas District Court ("Joint Motion"). (The Joint

Motion is attached hereto as Exhibit D.) In the Joint Motion, the parties requested abatement of

the Texas District Court's discovery requirements until the Panel issued its CTO or until denial

of Plaintiffs' expected motion to remand. (See, Exhibit D, par. 7.) To date, the Texas District

Court has not ruled on the Joint Motion. On January 5, 2004, the Judicial Panel indicated,

through CTO-230, its agreement that this case should be coordinated with the others in MDL

875. (CTO-230 is attached hereto as Exhibit E.)

## ARGUMENT

The *only* grounds Plaintiff offers for vacating the CTO is his *intention* to file a motion to

remand this case to state court. Plaintiff has had more than four months to file a motion to

remand. He has failed to do so. In his Motion to Vacate, Plaintiff could have advised this Panel

of a date certain on which his stated intent to seek remand will become reality with the filing of a

motion in the Texas District Court. Again, he failed to do so. Having failed to seek remand or to

provide a date on which remand will be sought, Plaintiff has also failed to provide even a

substantive reason to vacate the CTO.

Putting aside that Plaintiff has yet to file a motion to remand, such a motion should in no

way hinder the transfer of this case to MDL 875. See, In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990)

(holding that the Panel has jurisdiction to transfer a case even where a jurisdictional objection is

pending). Indeed, "[t]he general rule is for federal courts to defer ruling on pending motions to

remand in MDL litigation until after the [Panel] has transferred the case to the MDL." Jackson

v. Johnson & Johnson, Inc., 2001 U.S. Dist. LEXIS 22329, *17 (W.D. Tenn. Apr. 2, 2001). This

Panel has made clear that "there is no need to delay transfer in order to accommodate any

interest of the transferor court in resolving a [ ] remand motion." In re Prudential Ins. Co. of

Am. Sales Practices, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001). As such, this Panel has

denied motions to vacate CTOs that are based on the pendency of motions to remand. See, Id.

and In re Asbestos Products Liability Litigation (No. VI), 170 F. Supp. 2d 1348, 1349, fn. 1

(J.P.M.L. 2001). This rationale applies all the more so in this case, where no motion to remand

is pending before the Texas District Court.

Even if a motion to remand was pending or is filed, the motion could be presented to and

decided by the transferee court. Id., citing In re Ivy, 901 F.3d at 7; see also, e.g., Hoofkin v.

Novartis Pharms. Corp., 2002 U.S. Dist. LEXIS 9051, at *3-*5 (E.D. La. May 13, 2002)

(granting defendant's motion to stay pending transfer to MDL proceedings and noting that "[t]he

transferee judge certainly has the power to determine the question of remand"); In re Farmers

Ins. Exch. Claims Representatives' Overtime Pay Litig., 196 F. Supp. 2d 1373, 1375 (J.P.M.L.

2002) ( stating that a pending motion to remand an action to state court can be presented to and

decided by the transferee judge); In re Wireless Tel. Replacement Prot. Programs Litig., 180 F.

Supp. 2d 1381, 1382 (J.P.M.L. 2002) (same); In re Waste Mgmt., Inc. Sec. Litig., 177 F. Supp.

2d 1373, 1374 (J.P.M.L. 2002) (same); and In re Cal. Retail Natural Gas & Elec. Antitrust Litig.,

150 F. Supp. 2d 1383, 1384 (J.P.M.L. 2002) (same).

Finally, as Honeywell's Notice of Removal and the judicial records cited therein make

clear, Defendant Guard-Line, Inc. was fraudulently named in this case for the sole purpose of

defeating federal diversity jurisdiction. (See, Exhibit B.) In Plaintiff's two prior asbestos-related

personal injury actions against Defendant Guard-Line, Inc., Boak v. A.K. Steel Corp., et al.,

No. D-02, 474-C (260th Jud. Dist., Orange County Texas, filed Oct. 28, 2002) and Boak v.

Guard-Line, Inc., et al., No. A020562-C (128th Jud. Dist., Orange County Texas, filed

Dec. 2002), Plaintiff was unable to produce any evidence that Guard-Line, Inc. supplied any of

the asbestos to which Plaintiff was allegedly exposed.  (See, Exhibit B, ¶¶ 21-22.)  This is so

despite the fact that the first action proceeded through pre-trial discovery and the opening of trial

before Plaintiff settled with certain defendants, the trial was stopped, and Defendant Guard-Line,

Inc. was voluntarily dismissed.  (Id. at ¶10).  As such, Plaintiff's conclusory and generic

allegations of wrong-doing against Defendant Guard-Line, Inc. are insufficient to warrant the

remand of Plaintiff's claim to state court.  See, Badon v. RJR Nabisco, Inc., 224 F.3d 392-393

(5th Cir. 2000) (finding that, in light of plaintiffs' lack of evidence, there was no reasonable basis

for prediction that plaintiffs might establish conspiracy liability against the in-state defendants

and that plaintiffs' conspiracy claim against those in-state defendants was therefore fraudulently

joined).  Therefore, any motion to remand at this juncture would be without merit.

## CONCLUSION

Honeywell International Inc. respectfully submits that denial of Plaintiff's Motion to

Vacate is mandated by the precedent of the Panel that transfer should not be hindered or delayed

by a motion for remand and will, moreover, conserve judicial resources.  For these reasons,

Honeywell International Inc. respectfully requests that Plaintiff's Motion to Vacate the

Conditional Transfer Order be denied.

Dated: February 2 3 , 2004

Respectfully submitted,
HONEYWELL INTERNATIONAL INC.

By: _____
Michael M. Essmyer
Essmyer & Tritico, L.L.P.
4300 Scotland
Houston, TX 77007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 4 2004

FILED
CLERK'S OFFICE

### CERTIFICATE OF SERVICE

The undersigned, as counsel of record for defendant Honeywell International Inc., hereby certifies that she caused to be served this day by U.S. Mail, properly addressed and postage prepaid, a true and complete copy of **Honeywell International Inc.'s Opposition to Plaintiff's Motion to Vacate the Conditional Transfer Order** upon all counsel of record as listed on the attached Panel Service List (Excerpted from CTO-230), Docket No. 875, <u>In re Asbestos Products Liability Litigation (No. VI)</u> except that the counsel listed below were served via Federal Express:

Charles S. Siegel
Waters & Kraus
3210 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert Wilkinson
Dogan & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39568

Date: February 23, 2004

Colleen E.  Baime
Counsel for Honeywell International Inc.

PANEL SERVICE LIST (Excerpted from CTO-230)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Harold Boak, et al. v. Guard-Line, Inc., et al.*, N.D. Texas, C.A. No. 3:03-2386

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Michael M. Essmyer
Essmyer, Tritico & Clary
4300 Scotland
Houston, TX 77007

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Robert W. Wilkinson
Dogan & Wilkinson
P.O. Box 1618
Pascagoula, MS 39568-1618

A

CAUSE NO. 03-9751   FILED

'03 AUG 29  PM 5:05

| | |
|---|---|
| HAROLD BOAK and TWILA BOAK, | §  IN THE DISTRICT COURT |
| | § |
| *Plaintiffs,* | §    JIM HAMLIN |
| | §    DISTRICT CLERK |
| vs. | §    DALLAS CO. TEXAS |
| | §    _____ DEPUTY |
| GUARD-LINE, INC.; and | §  DALLAS COUNTY, TEXAS |
| HONEYWELL INTERNATIONAL, INC. | § |
| (sued individually and as successor-in-interest to | § |
| NORTH AMERICAN REFRACTORIES COMPANY), | §  M-298th |
| | § |
| *Defendants* | §  _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Plaintiffs, HAROLD BOAK and TWILA BOAK, complaining of the various Defendants listed below and for cause of action would show the Court and Jury as follows:

I.

1. Pursuant to T.R.C.P. 190.1 Discovery will be conducted under Level 2 (T.R.C.P. 190.3). Certain Defendants named herein reside in this County, maintain offices in this County and/or have their principal place of business in this County; therefore, venue properly lies in this County. All or a substantial portion of the acts or omissions that form the basis for this lawsuit occurred in this County. Certain acts or omissions, which were a proximate or producing cause of Plaintiff's asbestos-related injuries, occurred in Texas.

2. The damages sought by Plaintiffs, exclusive of interests and costs, exceed the minimum jurisdictional limits of the Court.

3. Plaintiffs HAROLD BOAK and TWILA BOAK reside at 9408 Gleneagles Circle, Granbury, Texas 76049.

4. Defendant, **GUARD-LINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

5. Defendant, **HONEYWELL INTERNATIONAL INC.**, sued individually and as successor-in-interest to **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

6. This action is brought and these allegations are made pursuant to Tex. Civ. Prac. & Rem. Code § 71.031.

COUNT ONE

7. Each Defendant corporation or its predecessor-in-interest, is, or at times material hereto, has been engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Plaintiffs would show that Plaintiff had been exposed, on numerous occasions, to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products produced and/or sold by Defendants and, in so doing, had inhaled great quantities of asbestos fibers. Further, Plaintiffs allege, as more specifically set out below, that Plaintiff has suffered injuries proximately caused by his exposure to asbestos-containing products designed, manufactured and sold by Defendants.

8. Plaintiffs allege that Plaintiff was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products in his occupation. In that each exposure to such products caused or contributed to Plaintiff's injuries, Plaintiffs say that the doctrine of joint and several liability should be extended to apply to each Defendant herein.

9. In the event that Plaintiff is unable to identify each injurious exposure to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, Plaintiffs would show the Court that the Defendants named herein represent and/or represented a substantial share of the relevant market of asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products at all times material to the cause of action. Consequently, each Defendant should be held jointly and severally liable under the doctrines of enterprise liability, market-share liability, concert of action and alternative liability, among others.

10. Plaintiffs disclaim any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Plaintiffs also disclaim any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a party committed at the direction of an officer of the United States Government.

COUNT TWO

11. All of the allegations contained in the previous paragraphs are realleged herein

12.  The illness and disabilities of Plaintiff are a direct and proximate result of the negligence of each Defendant and/or its predecessor-in-interest in that said entities produced, designed, sold and/or otherwise put into the stream of commerce, asbestos, asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products, which the Defendants knew, or in the exercise of ordinary care, should have known were deleterious and highly harmful to Plaintiff's health and well-being. Certain Defendants created hazardous and deadly conditions to which Plaintiff was exposed and which caused Plaintiff to be exposed to a large amount of asbestos fibers. The Defendants were negligent in one, some and/or all of the following respects, among others, same being the proximate cause of Plaintiff's illness and disabilities:

(a)     in failing to timely and adequately warn Plaintiff of the dangerous characteristics and serious health hazards associated with exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(b)     in failing to provide Plaintiff with information as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect Plaintiff from being harmed and disabled by exposure to asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(c)     in failing to place timely and adequate warnings on the containers of said asbestos, or asbestos-containing products, or on the asbestos-containing products themselves, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products to warn of the dangers to health of coming into contact with said asbestos-containing products and/or machinery;

(d)     in failing to take reasonable precautions or exercise reasonable care to publish, adopt and enforce a safety plan and/or safe method of handling and installing asbestos and/or asbestos-containing products, or utilizing the machinery requiring or calling for the use of asbestos and/or asbestos-containing products in a safe manner;

(e)     in failing to develop and utilize a substitute material or design to eliminate asbestos fibers in the asbestos-containing products, and/or the machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(f)     in failing to properly design and manufacture asbestos, asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products for safe use under conditions of use that were reasonably anticipated;

(g)     in failing to properly test said asbestos-containing products or machinery before they were released for consumer use; and

(h)     in failing to recall and/or remove from the stream of commerce said asbestos-containing products or machinery or machinery requiring or calling for the use of asbestos and/or asbestos-containing products despite knowledge of the unsafe and dangerous nature of such products or machinery.

## COUNT THREE

13. All of the allegations contained in the previous paragraphs are realleged herein.

14. Plaintiff was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products that were manufactured, designed and/or distributed by the Defendants and/or their predecessors-in-interest for use as construction materials and/or machinery in industrial operations. Plaintiffs would show that the defective design and condition of the products rendered such products unreasonably dangerous, and that the asbestos-containing products and/or machinery were in this defective condition at the time they were designed by and/or left the hands of Defendants. Plaintiffs would show that Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos-containing products were defective in the manner in which they were marketed for their failure to contain or include warnings regarding potential asbestos health hazards associated with the use of or the exposure to the products. Plaintiffs would show that this market defect rendered such products and/or machinery requiring or calling for the use of asbestos-containing products unreasonably dangerous at the time they were designed or left the hands of the Defendants. Plaintiffs would show that Defendants are liable in product liability including, but not limited to, strict product liability for the above-described defects.

15. The Defendants are or were engaged in the business of selling, manufacturing, producing, designing and/or otherwise putting into the stream of commerce asbestos-containing products and/or machinery requiring or calling for asbestos or asbestos-containing products, and these asbestos-containing products and/or machinery, without substantial change in the condition in which they were sold, manufactured, produced, designed and/or otherwise put into the stream of commerce were a proximate and/or producing cause of the injuries of Plaintiff.

16. Defendants knew that these asbestos-containing products and/or machinery would be used without inspection for defects and, by placing them on the market, represented that they would safely do the job for which they were intended, which must necessarily include safe manipulation and/or installation of the asbestos-containing products and/or operation, maintenance and/or repair of the machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

17. Plaintiff was unaware of the hazards and defects in the asbestos-containing products of the Defendants, which made them unsafe for purposes of manipulation and/or installation. Similarly, Plaintiff was unaware of the hazards and defects in the machinery requiring or calling for the use of asbestos and/or asbestos-containing materials.

18. During the periods that Plaintiff was exposed to the asbestos-containing products and/or machinery of the Defendants, these asbestos-containing products and/or machinery were being utilized in a manner, which was intended by Defendants.

COUNT FOUR

19. All of the allegations contained in the previous paragraphs are realleged herein.

20. Plaintiffs further allege that Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated and conspired among themselves and with other entities to cause Plaintiff's injuries, diseases, and illnesses by exposing Plaintiff to harmful and dangerous asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products. Defendants and other entities further knowingly agreed, contrived, combined, confederated and conspired to deprive Plaintiff of the opportunity of informed free choice as to whether to use said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products or to expose themselves to said dangers. Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

21. In furtherance of said conspiracies, Defendants performed the following overt acts:

(a)     for many decades, Defendants, individually, jointly, and in conspiracy with each other and other entities, have been in possession of medical and scientific data, literature and test reports which clearly indicated that the inhalation of asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products were unreasonably dangerous, hazardous, deleterious to human health, carcinogenic, and potentially deadly;

(b)     despite the medical and scientific data, literature and test reports possessed by and available to Defendants, Defendants individually, jointly, and in conspiracy with each other and other entities, fraudulently, willfully, and maliciously:

(1)     withheld, concealed and suppressed said medical and scientific data, literature and test reports regarding the risks of asbestosis, cancer, mesothelioma and other illnesses

and diseases from Plaintiff who was using and being exposed to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products;

(2)     caused to be released, published and disseminated medical and scientific data, literature and test reports containing information and statements regarding the risks of asbestosis, cancer, mesothelioma and other illnesses and diseases, which Defendants knew were incorrect, incomplete, outdated and misleading; and

(3)     distorted the results of medical examinations conducted upon Plaintiff and workers such as Plaintiff who were using asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and being exposed to the inhalation of asbestos dust and fibers by falsely stating and/or concealing the nature and extent of the harm to which Plaintiff and workers such as Plaintiff have suffered.

(c)     Other conspirators participating in the conspiracy, or in ongoing or subsequent conspiracies were (hereinafter called the "conspirators"), were member companies in the Quebec Asbestos Mining Association and/or Asbestos Textile Institute and/or the Industrial Hygiene Foundation. Acting in concert, the conspirators fraudulently misrepresented to the public and public officials, *inter alia,* that asbestos did not cause cancer and that the disease asbestosis had no association with pleural and pulmonary cancer and affirmatively suppressed information concerning the carcinogenic and other adverse effects of asbestos exposure on the human respiratory and digestive systems.

(d)     In addition, certain of the Defendants contrived, combined, confederated and conspired through a series of industry trade meetings and the creation of organizations such as the Air Hygiene Foundation (later the Industrial Hygiene Foundation) to establish authoritative standards for the control of industrial dusts which would act as a defense in personal injury lawsuits, despite knowing that compliance with such standards would not protect workers such as Plaintiff from contracting asbestos disease or cancer.

(e)     In furtherance of said conspiracies, Defendants and/or their co-conspirators contributed to cause the establishment of a Threshold Limit Value for asbestos exposure, and contributed to the maintenance of such Threshold Limit Value despite evidence that this supposed "safe" level of exposure to asbestos would not protect the health of workers such as Plaintiff even if complied with.

(f)     As the direct and proximate result of the false and fraudulent representations, omissions and concealments set forth above, Defendants, individually, jointly, and in conspiracy with each other, intended to induce the Plaintiff to rely upon said false and fraudulent representations, omissions and concealments, to continue to expose themselves to the dangers inherent in the use of and exposure to Defendants' asbestos-containing products, and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers.

22. Plaintiff reasonably and in good faith relied upon the false and fraudulent representations, omissions and concealments made by the Defendants regarding the nature of their asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

23. As a direct and proximate result of Plaintiff's reliance on Defendants' false and fraudulent representations, omissions and concealments, Plaintiff sustained damages including injuries, illnesses, and disabilities and has been deprived of the opportunity of informed free choice in connection with the use of and exposure to Defendants' asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

## COUNT FIVE

24. All of the allegations contained in the previous paragraphs are realleged herein.

25. The actions and inactions of Defendants and their predecessors-in-interest, as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of gross negligence, intentional wrongful conduct and/or malice resulting in damages and injuries to the Plaintiff. Defendants' conduct was specifically intended by Defendants to cause substantial injury to Plaintiff, or was carried out by Defendants with a flagrant disregard for the rights of others and with actual awareness on the part of Defendant that the conduct would, in reasonable probability, result in human deaths and/or great bodily harm. More specifically, Defendants and their predecessors-in-interest, consciously and/or deliberately engaged in oppression, fraud, willfulness, wantonness and/or malice with regard to the Plaintiff and should be held liable in punitive and exemplary damages to Plaintiffs.

## COUNT SIX

26. All of the allegations contained in the previous paragraphs are realleged herein.

27. The actions of all Defendants aided, abetted, encouraged, induced or directed the negligent and/or intentional acts of each and every other Defendant.

28. Each of the Defendants knew or should have known that its individual actions would combine to cause the injuries of the Plaintiff.

29. The actions of each of the Defendants is a proximate cause of Plaintiff's injuries. As a result, all Defendants are jointly liable for the damage caused by their combined actions.

COUNT SEVEN

30. All of the allegations contained in the previous paragraphs are realleged herein.

31. The actions of all defendants also constituted negligence per-se.

32. Each defendant violated federal and state regulations relating to asbestos exposure. Such violations constitute negligence per-se or negligence as a matter of law. Further, each such violation resulted in dangerous and unlawful exposures to asbestos for Plaintiff. Plaintiffs are not making any claims under federal law; instead, Plaintiffs are simply using the violation of federal standards as proof of liability on their state-law theories. Further, the reference to Federal regulations does not create a Federal question. See *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). Any removal on this basis will be met with an immediate motion for remand and for sanctions.

33. The negligence per-se of each Defendant was a proximate cause of Plaintiff's injuries.

DAMAGES

34. The conduct of Defendants, as alleged hereinabove, was a direct, proximate and producing cause of the damages resulting from asbestos-related lung disease of Plaintiff, and of the following general and special damages including:

(a) Damages to punish Defendants for proximately causing Plaintiff's untimely injuries and illness;

(b) The conscious physical pain and suffering and mental anguish sustained by Plaintiff;

(c) The physical impairment suffered by Plaintiff;

(d) The disfigurement suffered by Plaintiff;

(e) Reasonable and necessary medical expenses incurred by Plaintiff;

(f) Plaintiff's lost earnings and net accumulations;

(g) Plaintiff's mental anguish caused by the extraordinarily increased likelihood of developing (or the progression and/or recurrence of) asbestos-related cancer of the lungs, mesothelioma and other cancers, due to said exposure to products manufactured, sold and/or distributed by the named Defendants;

(h) Past and future loss of the care, maintenance services, support, advice, counsel and consortium which Plaintiff's spouse would have received from Plaintiff prior to his illness and disability caused by his exposure to asbestos; and

(i) Plaintiffs seek punitive and exemplary damages.

35. By their acts and omissions described herein, Defendants intentionally, knowingly and/or recklessly caused serious bodily injury to Plaintiff within the meaning of Tex.Civ.Prac.& Rem. Code §41.008(c)(7) and Tex. Penal Code §22.04.

36. Plaintiffs filed suit within two (2) years of the date of discovering Plaintiff's asbestos-related conditions or the existence of any asbestos-related causes of action.

37. Plaintiff discovered his injury and its cause less than two years prior to the filing of this petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against the Defendants, and each of them, jointly and severally, for general damages, for their costs expended herein, for interest on said judgment from the date this action accrued until paid, at the legal rate, and for such other and further relief, both at law and in equity, to which Plaintiffs may show themselves justly entitled.

## JURY DEMAND

Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

Respectfully submitted,

WATERS & KRAUS, LLP

JEFFREY B. SIMON
State Bar No. 00788420
LESLIE MacLEAN
State Bar No. 00794209
PETER A. KRAUS
State Bar No. 11712980

WATERS & KRAUS, LLP
3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

CAUSE NO. 03-09751-M

| | | |
|---|---|---|
| **HAROLD BOAK and TWILA BOAK,** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | DALLAS COUNTY, TEXAS |
| | § | |
| **GUARD-LINE, INC.; and** | § | |
| **HONEYWELL INTERNATIONAL, INC.** | § | |
| (sued individually and as successor-in-interest to | § | |
| NORTH AMERICAN REFRACTORIES COMPANY), | § | |
| | § | |
| *Defendants* | § | 298th JUDICIAL DISTRICT |

## PLAINTIFFS' REQUESTS FOR DISCLOSURE TO DEFENDANTS

TO:    1. Defendant, **GUARD-LINE, INC.**, Individually and as the legal successor in interest to Twentieth Century Glove Corporation, may be served through its agent for service of process, H. Lee Stanley, 215 South Louise Street, Atlanta, Texas 75551. Said corporation is being sued individually and as the legal successor in interest to Twentieth Century Glove Corporation.

2. Defendant, **HONEYWELL INTERNATIONAL INC.**, sued individually and as successor-in-interest to **NORTH AMERICAN REFRACTORIES COMPANY**, may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

Plaintiffs by and through their counsel of record, serve the following discovery:  Request for Disclosure, as allowed by Texas Rule of Civil Procedure 192 and 193. Pursuant to Rules 192 and 193 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-referenced Defendants, through their officers or agents who have access to the information requested herein, answer under oath the following Requests for Disclosure. Defendants must produce all requested documents, as they are kept in the ordinary course of business or segregated according to each request, for inspection and copying, not more than fifty (50) days after service, at the offices of Waters & Kraus, 3219 McKinney Ave., Ste. 3000, Dallas, Texas 75204.

PLAINTIFFS' REQUEST FOR DISCLOSURE,
MANUFACTURER DISCOVERY
(Standing Order Counties)

Respectfully submitted,

**WATERS & KRAUS, LLP**

*[signature]*

JEFFREY B. SIMON
State Bar No. 00788420
LESLIE MacLEAN
State Bar No. 00794209
PETER A. KRAUS
State Bar No. 11712980

3219 McKinney Avenue
Suite 3000
Dallas, Texas 75204
(214) 357-6244
(214) 357-7252 Fax

ATTORNEYS FOR PLAINTIFFS

## REQUESTS FOR DISCLOSURE

PURSUANT TO RULE 194, you are requested to disclose within fifty (50) days of service of this request, the information and materials described in Rule 194.2(a) - (k), Texas Rules of Civil Procedure.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' Requests for Disclosure, Propounded to Defendants was provided along with **Plaintiffs' Original Petition and Jury Demand** for service on Defendant with the Petition on this the 18th day of September, 2003.

*[signature]*

JEFFREY B. SIMON

PLAINTIFFS' REQUEST FOR DISCLOSURE,
MANUFACTURER DISCOVERY
(Standing Order Counties)

NARCO

CT System

**Service of Process Transmittal Form**

Dallas, Texas

09/19/2003

Via Federal Express (2nd Day)

TO: Margaret M Johnson
Honeywell International Inc.
101 Columbia Road
PO Box 2245
Morristown, NJ  07962-2245

Phone: (973) 455-5543 ex:
EMAIL: MEG.JOHNSON@HONEYWELL.COM

RECEIVED

Sep 2 1 2003

M. JOHNSON

RE:   **PROCESS SERVED IN TEXAS**

FOR      Honeywell International Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:          Harold Boak etal vs Guardline Inc etal incl Honeywell International Inc

2. DOCUMENT(S) SERVED:       Citation, Plaintiff's Original Petition and Jury Demand,  Request for Disclosure

3. COURT:                    M298TH JDC, Dallas Co TX
                             Case Number 0309751M

4. NATURE OF ACTION:         CLAIMS FOR DAMAGES DUE TO EXPOSURE TO ASBESTOS.

5. ON WHOM PROCESS WAS SERVED:   CT Corporation System, Dallas, Texas

6. DATE AND HOUR OF SERVICE:     By Process server on 09/19/2003 at 09:05

7. APPEARANCE OR ANSWER DUE:     Citation -10:00 a.m. Monday next after expiration of 20 days  Disclosure - not
                                 more than 50 days

8. ATTORNEY(S):          Jeffrey B. Simon   214-357-6244
                         Waters & Kraus LLP
                         3219 McKinney Ave
                         Ste 3000
                         Dallas, TX  75204

9. REMARKS:

SIGNED      CT Corporation System

PER         Angela L. Kraft - Mays /DS
ADDRESS     350 North St. Paul Street
            Dallas, TX  75201
            SOP WS 0005709542

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

FORM NO. 353-3 — CITATION

# THE STATE OF TEXAS

TO    HONEYWELL INTERNATIONAL INC.
      THROUGH ITS REGISTERED AGENT
      CT CORPORATION SYSTEM
      350 N. ST. PAUL STREET, SUITE 2900
      DALLAS,TX 75201

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the ___29TH___ Judicial District Court at the George L. Allen, Sr. Courts Building, 600 Commerce Street, Dallas, Texas 75202-4606. Said Plaintiff being

HAROLD BOAK ETAL

Filed in said Court on the _____29TH_____ day of _____AUGUST_____ 20 __03__ against
GUARDLINE INC ETAL, HONEYWELL INTERNATIONAL I

For suit, said suit being numbered _____03-09751-M_____ , the nature of which demand
is as follows:      SUIT ON DAMAGES, ETC...

as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office this the _____9TH_____ day of
SEPTEMBER _____ 20 __03__

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____
      TIFFANY ATKINSON

---

# CITATION

No. ____03-09751-M____

HAROLD BOAK ETAL

vs.

GUARDLINE INC ETAL

## ISSUED

This __9th__ day of __SEPTEMBER__ 20 __03__

JIM HAMLIN
Clerk, District Courts,
Dallas County, Texas

By ___TIFFANY ATKINSON___ Deputy

Atty for ___PLAINTIFF___

JEFFREY BLAKE SIMON
3219 MCKINNEY AVE
SUITE 3000
DALLAS,TX 75204
214/357-6244

| | |
|---|---|
| *In re* Application to Serve Civil Process pursuant to Tex. R. Civ. P. 103 of **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** | § In the<br>§ Civil District Courts – 14th, 44th, 68th, 95th, 101st, 116th,<br>§ 134th, 160th, 162nd, 191st, 192nd, 193rd & 298th<br>§ Family District Courts – 254th, 255th, 256th, 301st, 302nd,<br>§ 303rd & 330th<br>§ Juvenile District Courts – 304th & 305th<br>§ County Courts at Law Nº 1, 2, 3, 4 & 5<br>§ of Dallas County, Texas |

**Order Authorizing DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN to Serve Private Process**

ON THIS DATE, the court finds that **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** is an individual who is authorized to serve citations and other notices pursuant to Tex. R. Civ. P. 103.

IT IS THEREFORE ORDERED that **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** is authorized by the Civil District Courts 14th, 44th, 68th, 95th, 101st, 116th, 134th, 160th, 162nd, 191st, 192nd, 193rd & 298th, the Family District Courts 254th, 255th, 256th, 301st, 302nd, 303rd & 330th, the Juvenile District Courts 304th & 305th, Civil County Courts at Law Nos. 1, 2, 3, 4 & 5 to serve citations, notices, subpoenas, and all writs which do not involve taking into possession any person, property or thing.

THIS ORDER DOES NOT AUTHORIZE **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** to serve Writs of Attachment, Execution, Habeas Corpus, Injunction, or Sequestration.

THIS ORDER DOES NOT AUTHORIZE **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** to be a peace officer or to carry firearms in the performance of serving citations, notices, orders, subpoenas or writs.

THIS ORDER DOES NOT AUTHORIZE **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** to serve process –

1. If **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** is or becomes delinquent in paying child support until such delinquency is rectified by full payment of all amounts owed;

2. By using an employee, agent or subcontractor to actually deliver the process;

3. In any case in which **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**, or **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**'s spouse or relative, or **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**'s employer or employee, is a party or has an interest or may be called as a witness;

4. In any case in which **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**, or **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**'s spouse or relative, or any member or employee of **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN**'s law firm, appears as counsel;

5. In any case in which **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** is disqualified in law to serve process.

A COPY OF THIS ORDER must be attached to every document served and every return of service.

EXCEPT IN SPECIFIC CASES where a court has entered a Rule 106 order, all process must be served *only* by **DWIGHT DAVID MULLEN A/K/A DWIGHT D. MULLEN** handing it to the person named therein. It may not be handed to any other person, even if the named person is present.

> THIS ORDER EXPIRES ON THE BELOW SIGNED DATE IN THE YEAR **2005**.

Signed this 18th day of June, 2003.

_Joe M. Cox_

Joe Cox, 160th Judicial District Court, sitting for the Civil District Courts 14th, 44th, 68th, 95th, 101st, 116th, 134th, 160th, 162nd, 191st, 192nd, 193rd & 298th, Family District Courts 254th, 255th, 256th, 301st, 302nd, 303rd & 330th Juvenile District Courts 304th & 305th, Civil County Courts at Law Nos. 1, 2, 3, 4 & 5

(rev'd 2/24/2003)

B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD BOAK and TWILA BOAK, | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| GUARD-LINE, INC. and | § | |
| HONEYWELL INTERNATIONAL, | § | |
| INC. (sued individually and as | § | |
| successor-in-interest to NORTH | § | |
| AMERICAN REFRACTORIES | § | |
| COMPANY), | § | |
| | § | |
| Defendants | § | JURY TRIAL DEMANDED |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now comes Honeywell International Inc. (sued individually and as successor-in-interest to NORTH AMERICAN REFRACTORIES COMPANY), ("Honeywell"), a Defendant in the case being removed, and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the following currently pending case:  Harold Boak and Twila Boak v. Guard-Line, Inc. and Honeywell International, Inc., sued individually and as successor-in-interest to North American Refractories Company, No. 03-9751 (298th Judicial District, Dallas County, Texas filed August 29, 2003) (herein the "Removed Case").  As Honeywell demonstrates herein, the Removed Case is properly removable because -- disregarding the citizenship of fraudulently joined defendant Guard-Line, Inc. ("Guard-Line") -- this Court has diversity subject matter jurisdiction over the case.  In support hereof, Honeywell states as follows:

# I.

## JURISDICTION

1.      On August 29, 2003, Plaintiffs in the Removed Case filed Plaintiffs' Original Petition and Jury Demand (the "Complaint") in the 298th Judicial District Court of Dallas County, Texas. The Removed Case is an asbestos-related personal injury action.

2.      The Complaint was served on Honeywell on September 19, 2003. (A copy of the Complaint and Citation are attached hereto as Exhibit B). (Attached hereto as Exhibit A is an affidavit of counsel certifying, among other things, that the documents attached as exhibits to this Notice of Removal are true and correct copies of the documents they purport to be).

3.      There is complete diversity of citizenship as required by 28 U.S.C. §§ 1332 and 1441(b). Plaintiffs allege in the Complaint that they are residents of Texas. (Ex. B, ¶ 3). Honeywell is a Delaware corporation with its principal place of business in Morristown, New Jersey. (Ex. A, ¶ 3).

4.      The citizenship of the second named defendant, Guard-Line, should be disregarded for purposes of determining diversity jurisdiction because, as discussed more fully below, Guard-Line was fraudulently joined to the Removed Action. (See, ¶¶ 18-23, *infra*).

5.      Plaintiffs' Complaint meets the amount in controversy requirement for diversity jurisdiction pursuant to 28 U.S.C. § 1332(b). While the Complaint fails to allege a specific amount of damages, it seeks relief for an extensive list of compensatory, punitive and exemplary damages. (Ex. A, ¶ 34). See, White v. FCI USA, Inc., 319 F.3d 672 (5th Cir. 2003) (stating that where it was facially apparent that the amount in controversy exceeded $75,000 given the "lengthy list" of compensatory and punitive damages, the jurisdiction requirement was met).

6.     This Court has original jurisdiction over the Removed Case pursuant to 28 U.S.C. § 1332 and is an action that may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil action involving an amount in controversy exceeding the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.     Under 28 U.S.C. § 1441, removal of this action is proper to this Court as the Federal District Court for the district and division where the Removed Case was pending.

## II.

## PROCEDURAL HISTORY

8.     In October 2002, before filing the Removed Case against Honeywell, Plaintiffs filed the following asbestos-related personal injury action against Guard-Line and numerous other defendants in Orange County, Texas: Harold Boak and Twila Boak v. AK Steel Corp., et al., No. D-020,474-C (260th Judicial District, Orange County, Texas filed October 28, 2002) (the "October 2002 Action"). (A copy of Plaintiffs' Original Petition and Jury Demand in the October 2002 Action is attached hereto as Exhibit C).

9.     In the October 2002 Action, Plaintiffs asserted that Guard-Line is an "asbestos defendant" because of its manufacture of "gloves which contained asbestos which in their use or manipulation ... create dust." Plaintiffs' Voir Dire Examination in the matter of Harold Boak and Twila Boak v. AK Steel Corp., et al., No. D-020,474-C (260th Judicial District, Orange County, Texas filed October 28, 2002), p. 54, lines 18-20. (A copy of the transcript of Plaintiffs' Voir Dire Examination is attached hereto as Exhibit D).

10.    The October 2002 Action proceeded through pre-trial discovery and the opening of trial before Plaintiffs reached a settlement and the trial was stopped. Thereafter, Guard-Line

was voluntarily dismissed. (A Copy of Plaintiffs' Notice of Non-Suit to Defendant, Guard-Line, Inc. in the October 2002 Action is attached hereto as Exhibit E).

11.     Plaintiff Harold Boak gave two oral depositions in the October 2002 Action. During the first deposition, taken on November 11, 2002, Harold Boak offered no testimony alleging exposure to any Guard-Line products. (A copy of the transcript of Harold Boak's November 11, 2002 oral deposition testimony is attached hereto as Exhibit F). During his second deposition, taken on March 12, 2003, Harold Boak again failed to offer testimony alleging exposure to any Guard-Line products. (A copy of the transcript of Harold Boak's March 12, 2003 deposition testimony is attached hereto as Exhibit G). In fact, in response to specific questions by Guard-Line's counsel, Plaintiff Harold Boak effectively admitted he had not been exposed to any Guard-Line product. (Exhibit G, p. 30, lines 13-14).

12.     In connection with the October 2002 Action, Plaintiffs produced to defendants Plaintiffs' Answers to Master Discovery Requests to All Defendants in All Asbestos-Related Personal Injury and Death Cases Filed in Orange County and Responses to All Defendants' Rule 194 Requests for Disclosure ("Plaintiffs' Answers to Master Discovery"). Attached as Exhibit 1 to Plaintiffs' Answers to Master Discovery is the Work History Sheet for Harold Boak. (A copy of Plaintiffs' Answers to Master Discovery, including the Work History Sheet for Harold Boak, is attached hereto as Exhibit H). In response to numerous subsets of Master Discovery Request No. 15 regarding Plaintiff Harold Boak's work sites and the asbestos products to which he had been exposed, Plaintiffs referred to the Work History Sheet for Harold Boak. (Ex. H, p. 8). Exhibit B of the Work History Sheet for Harold Boak identifies pipe covering/block insulation, insulating cement, joint compound, and asbestos pipe as asbestos materials that Plaintiff Harold Boak worked with or around; it does not identify asbestos-containing gloves. (Ex. H, Work

History Sheet for Harold Boak, p 5).  While the Work History Sheet for Harold Boak does identify various manufacturers and specific asbestos products, it does not identify Guard-Line or a Guard-Line product.  (Id).

13.     The pleadings and discovery in the October 2002 Action do not identify any other witnesses who would testify that Plaintiff Harold Boak had been exposed to a Guard-Line product or to identify any documents establishing such exposure.  (See, Ex. A, ¶ 4).

14.     The October 2002 Action went to trial on July 15, 2003.  At that time, Guard-Line was still an active defendant in the case.  Plaintiffs' trial counsel, Jeffrey B. Simon of Waters & Kraus, LLP, gave a lengthy opening statement to the jury.  During his opening statement, which consists of 34 typed transcript pages, Mr. Simon identified Guard-Line as a defendant only twice and never specifically asserted that Plaintiff Harold Boak was exposed to any asbestos-containing product manufactured by Guard-Line.  (A transcript of Attorney Simon's Opening Statement to the jury is attached hereto as Exhibit I).

15.     In short, not once during the proceedings in the October 2002 Action did Plaintiffs present evidence concerning Plaintiff Harold Boak's exposure to a Guard-Line product.

16.     On December 30, 2002, while the October 2002 Action in which Guard-Line was an active defendant was still pending, Plaintiffs filed a second asbestos-related personal injury action against Honeywell and Guard-Line in the 128th Judicial District of Orange County, Texas: Harold Boak and Twila Boak v. Guard-Line, Inc. and Honeywell International, Inc. (sued individually and as successor-in-interest to North American Refractories Company), No. A020562-C, (the "December 2002Action").  Plaintiffs' Original Petition and Jury Demand in the December 2002 Action was identical, as to Guard-Line, to the Complaint in the Removed Case.

(A copy of Plaintiffs Original Petition and Jury Demand in the December 2002 Action is attached hereto as Exhibit J).

17.    Plaintiffs never served the December 2002 Action on Honeywell.  (Ex. A, ¶ 5). On July 17, 2003 – after the jury trial in the October 2002 Action had begun – the 128th Judicial District Court entered an Order non-suiting all defendants in the December 2002 Action.  (The Order Granting Non-Suit without Prejudice is attached hereto as Exhibit K).

## III.

## FRAUDULENT JOINDER

18.    It is clear from the record of the October 2002 and December 2002 Actions that Plaintiffs named Guard-Line, a Texas corporation with its principal place of business in Atlanta, Texas, as a defendant in the Removed Case solely for the purpose of defeating federal diversity jurisdiction.  More importantly, it is clear from the October 2002 and December 2002 Actions that there is no reasonable basis for predicting that state law would allow Plaintiffs to recover against Guard-Line.  Consequently, Guard-Line was fraudulently joined to the Removed Case and its citizenship should be disregarded for purposes of determining jurisdiction.

19.    As the party alleging fraudulent joinder, Honeywell has the burden of showing by clear and convincing evidence that Plaintiffs will not be able to establish a cause of action against Guard-Line.  Parks v. New York Times Co., 308 F.2d 474, 478 (5th Cir. 1962).  At the same time, the "mere theoretical possibility of recovery under local law" does not preclude removal based on a finding of fraudulent joinder.  Badon v. RJR Nabisco, Inc., 236 F.3d 282, 286 (5th Cir. 2001).  See also, Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003) (finding that there must be a reasonable possibility of recovery -- not merely theoretical -- to defeat allegations of fraudulent joinder).

- 6 -

20.    In making a fraudulent joinder determination, this Court may "pierce the pleadings" and consider summary judgment-type evidence.  Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003).  As such, the Court may consider the attached pleadings, court papers and discovery from the October 2002 and December 2002 Actions.

21.    Plaintiffs' claims against Guard-Line are that Plaintiff Harold Boak's exposure to a Guard-Line product was a cause of his alleged asbestos-related injuries.  (See, Ex. B).  To prove any claim against Guard-Line, Plaintiffs must show, based on a reasonable probability, that Guard-Line's conduct was a "substantial factor" in bringing about Plaintiffs' damages, i.e. Plaintiffs must establish causation in fact.  McClure v. Allied Stores of Texas, Inc., 608 S.W.2d 901, 903 (Tex. 1980); Purina Mills, Inc. v. Odell, 948 S.W.2d 927, 936 (Tex. App. 1997).  See also, Major v. Castlegate, 935 P.2d 225, 230 (Kan. App. 1997) (stating that a plaintiff must prove a causal connection between the defendant and the alleged injury).  In other words, Plaintiffs must offer evidence that Guard-Line supplied at least some of the asbestos to which Plaintiff Harold Boak was exposed.  See, Celotex Corp. v. Tate, 797 S.W.2d 197, 204 (Tex. App. 1990).  As evidenced above, there is no arguably reasonable basis for Plaintiffs' claims against Guard-Line because Plaintiffs have no evidence that Plaintiff Harold Boak was exposed to a Guard-Line product.  (See, ¶¶ 8-17, supra).  Despite Plaintiff Harold Boak's two depositions in the October 2002 Action, the production (in response to discovery) of a Work History Sheet listing all asbestos-containing products to which Plaintiff Harold Boak was exposed, and the commencement of a jury trial against Guard-Line in July 2003, Plaintiffs have produced no evidence supporting their claims against Guard-Line.

22.    In Travis v. Irby, 326 F.3d 644, 650 (5th Cir. 2003), the Fifth Circuit held that "[s]imply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to

show that there is no possibility for [plaintiff] to establish [defendant's] liability at trial." (Emphasis added). In <u>Travis</u>, however, discovery was continuing. In this instance, Plaintiffs have already completed discovery and proceeded to a jury trial in an <u>identical</u>, earlier action against Guard-Line. Plaintiffs have had ample opportunity to present evidence of Guard-Line's liability and have failed to do so. In fact, at his March 2003 deposition, Plaintiff Harold Boak effectively testified that he was not exposed to Guard-Line's products. (<u>See</u>, ¶ 11, *supra*). As such, Plaintiffs' conclusory and generic allegations of wrongdoing against Guard-Line in the Complaint are insufficient to avoid a finding of fraudulent joinder. <u>Badon v. RJR Nabisco, Inc.</u>, 224 F.3d 392-393 (5th Cir. 2000).

23.     The facts of this case compel the conclusion that Plaintiffs have brought Guard-Line into a controversy that does not concern it and in which they have no reasonable possibility of recovery against Guard-Line. The pleadings and evidence in the prior actions provide clear and convincing evidence that there is no reasonable basis for predicting that state law will allow Plaintiffs to recover against Guard-Line. As such, a finding of fraudulent joinder is appropriate.

**IV.**

**COMPLIANCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL**

24.     Pursuant to 28 U.S.C. § 1446(b), Honeywell filed this Notice of Removal with the Court within thirty (30) days after being served with the Complaint.

25.     Written notice of this filing will be given to all parties promptly after the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

26.     A copy of this Notice of Removal will be filed with the Clerk of the 298th District court of Dallas County, Texas promptly after the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

27.     Copies of the Complaint and Certificate served on Honeywell are attached hereto as Exhibit B in compliance with 28 U.S.C. § 1446(a) and L.R. 81.1.

28.     In that Guard-Line was fraudulently joined to the Removed Case, its consent to removal is not required.  Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993), cert. denied, 510 U.S. 868, 126 L.Ed.2d 150, 114 S.Ct. 192 (1993).

29.     Pursuant to Local Rule 81.1, Honeywell would show the Court the following information:

    (a)     a completed civil cover sheet;

    (b)     a supplemental civil cover sheet;

    (c)     an index of all documents clearly identifying each document and indicating the date the document was filed in the Removed Case (attached hereto as Exhibit L);

    (d)     a copy of the docket sheet in the Removed Case (attached hereto as Exhibit M);

    (e)     each document filed in the Removed Case, except discovery material, individually tabbed and arranged in chronological order according to its file date (attached hereto as Exhibit N); and

    (f)     a separately signed certificate of interested persons.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Honeywell International Inc.

removes the subject action, <u>Harold Boak and Twila Boak v. Guard-Line, Inc. and Honeywell

International, Inc., sued individually and as successor-in-interest to North American Refractories

Company</u>, No. 03-9751, from the 298th Judicial District of Dallas County, Texas, to the United

States District Court for the Northern District of Texas.


Dated this _10th_ day of October 2003.        Respectfully submitted,

                                              Essmyer & Tritico, L.L.P.


                                              By: _____
                                              Michael M. Essmyer
                                              State Bar No. 06672400
                                              4300 Scotland
                                              Houston, TX 77007
                                              713/869-1155
                                              713/869-8957 Fax
                                              ATTORNEYS FOR DEFENDANT
                                              HONEYWELL INTERNATIONAL, INC.

                    CERTIFICATE OF SERVICE

     This is to certify that on October 10, 2003 a true and correct copy of the foregoing was
sent to the following counsel of record:

Mr. Jeffrey B. Simon   -  *Via Hand Delivery*
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204

Mr. Robert W. Wilkinson – *Via Certified Mail*
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, MS 39568

                                              _____
                                              Michael M. Essmyer

## CERTIFICATE OF SERVICE

This is to certify that on October 10, 2003 a true and correct copy of the foregoing was sent to the following counsel of record:

Mr. Jeffrey B. Simon   - *Via Hand Delivery*
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas  75204

Mr. Robert W. Wilkinson – *Via Certified Mail*
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, MS  39568

Michael M. Essmyer

DEFENDANT HONEYWELL INTERNATIONAL,
INC.'S ORIGINAL ANSWER

- 2 -

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to L.R. 81.1(4) and in compliance with L.R. 3.1(f), the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates parent or subsidiary corporations, or other legal entities have a financial interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. Defendant Honeywell International Inc.

2. Plaintiffs Harold and Twila Boak.

3. Defendant Guard-Line, Inc. (fraudulently joined Defendant).

Respectfully submitted,

Essmyer & Tritico, L.L.P.

By: _____
Michael M. Essmyer
State Bar No. 06672400
4300 Scotland
Houston, TX 77007
713/869-1155
713/869-8957 Fax
ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL, INC.

## HONEYWELL INTERNATIONAL, INC. –
## LIST OF EXHIBITS TO NOTICE OF REMOVAL

A.   Affidavit of Michael M. Essmyer

B.   Complaint/Citation

C.   October 2002 Complaint

D.   Voir Due Transcript

E.   October 2002 Notice of Non-Suit

F.   November 2002 Transcript

G.   March 2003 Transcript

H.   Answers to Master Discovery

I.   Opening Statement

J.   December 2002 Complaint

K.   December 2002 Non-Suit Order

L.   State Court Document Index

M.   State Court Docket Sheet

N.   State Court Documents

CHI99 4186705-1.037354.0021

C

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**In re Asbestos Products Liability Litigation**     **MDL Docket No. 875**

## NOTICE OF TAG-ALONG ACTION

To:   Clerk of the Panel
      Judicial Panel on Multidistrict Litigation
      Thurgood Marshall Federal Judiciary Building
      One Columbus Circle, N.E.
      Room G-255, North Lobby
      Washington, DC 20002-8004

**PLEASE TAKE NOTE** that on October 10, 2003, Honeywell International Inc.

removed the following matter to the United States District Court for the Northern District of

Texas, Dallas Division:  **Harold Boak and Twila Boak v. Guard-Line, Inc. and Honeywell**

**International, Inc., sued individually and as successor-in-interest to North American**

**Refractories Company, Cause No. 3:03CV2386L** assigned to **Judge Sam A. Lindsay** (the

"Removed Case").  The Removed Case is a Tag-Along Action to MDL 875 (the Asbestos

Products Liability Litigation) in that it is an asbestos-related personal injury civil action pending

in federal district court and involving common questions of fact with actions previously

transferred to MDL 875 under Section 1407, 28 U.S.C. § 1407.

**WHEREFORE**, Defendant Honeywell International Inc. requests that the Clerk of the

Panel enter an order transferring the above-referenced Tag-Along Action to MDL 875.

Respectfully submitted,

McDermott, Will & Emery

By

Colleen E. Baime
Admitted to Practice before the
  U.S.D.C. Northern District of Illinois
McDermott, Will & Emery
227 West Monroe
Chicago, Illinois 60606
(312)372-2000 (Ph) / (312)984-7700 (Fax)
**ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL INC.**

## CERTIFICATE OF SERVICE

On October **20** , 2003, a true and correct copy of the above Notice of Tag-Along Action
was served upon the following:

Mr. Jeffrey B. Simon – *via Federal Express*
Water & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
Attorneys for Plaintiffs
Harold & Twila Boak

Mr. Robert W. Wilkinson – *via Certified Mail*
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pasckagoula, MS 39568
Attorneys for Defendant
Guard-Line, Inc.

Clerk of the Court – *via Federal Express*
U.S.D.C. – Northern District of
  Texas, Dallas Division
1100 Commerce St., 1452
Dallas, Texas 75242

Megan DeRenzis

Subscribed and Sworn to
Before me this **20** day
of October 2003.

Notary Public:

My Commission Expires: NOV. 30, 2004

D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HAROLD BOAK AND TWILA BOAK, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3-03-CV 2386-L |
| | § | |
| GUARD-LINE, INC. AND | § | |
| HONEYWELL INTERNATIONAL, | § | |
| INC. (SUED INDIVIDUALLY AND AS | § | |
| SUCCESSOR-IN-INTEREST TO NORTH | § | |
| AMERICAN REFRACTORIES | § | |
| COMPANY), | § | |
| Defendants. | § | JURY TRIAL DEMANDED |

## JOINT MOTION TO ABATE AND JOINT STATUS REPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

In accordance with Fed.R.Civ.P. 16(b) and 26(f), counsel conferred to (1) consider the nature and basis of their claims and defenses, and the possibilities of prompt settlement or resolution of the case; (2) make or arrange for the initial disclosures as required by Fed.R.Civ.P. 26(a)(1); and (3) develop a proposed discovery plan that indicates the parties' views and proposals on the matters set forth in Rule 26(f)(1)–(4). This conferencing occurred over several days on or before October 30, 2003, as required by the Court.

Because of the unique position of the case, the parties make the following Status Report and request.

### FACTS

1. The state court action was filed on August 29, 2003, and the case is an alleged asbestos-related personal injury claim. Service was perfected on September 19, 2003.

2.   Honeywell filed its removal action on October 10, 2003.

3.   Honeywell filed its Notice of Tag Along action in MDL 875 (the Asbestos Products Liability Litigation) on October 20, 2003. While no docket number has yet been assigned by the asbestos products liability litigation MDL 875, a conditional transfer order and a docket number are expected to be issued within the next two weeks. Plaintiffs also expect to file a motion for remand, which motion for remand Honeywell fully opposes.

### STATUS REPORT AND REQUEST

4.   Based on the status of the facts described above, the parties jointly request that there not be a detailed status report at this time.

5.   The parties request that the requirement of a discovery plan and Rule 26(a)(1) disclosures and objections thereto also be abated at this time.

6.   The parties have agreed to seek such abatement by this motion.

### PRAYER

7.   WHEREFORE, the parties jointly request that the Court abate the requirements of a more detailed Status Report, listing a discovery plan, and providing for the discovery requests shown by Fed.R.Civ.P. 26(a)(1) until such time as the MDL 875 conditional transfer order has been ruled upon, or until such time as Plaintiffs' motion for remand is denied, and for such other relief as this Court deems just.

- 2 -

Respectfully submitted,

Michael M. Essmyer
State Bar No. 06672400
Essmyer & Tritico, L.L.P.
4300 Scotland
Houston, Texas 77007
713-869-1155
713-869-8957 facsimile
**ATTORNEYS FOR DEFENDANT HONEYWELL
INTERNATIONAL, INC.**

Jeffrey B. Simon
State Bar No. 00788420
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
214-357-6244
214-357-7252 facsimile
**ATTORNEYS FOR PLAINTIFFS HAROLD
BOAK AND TWILA BOAK**

Robert W. Wilkinson
Mississippi Bar No. 7215
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, Mississippi 39568
228-762-2272
228-762-3223 facsimile
**ATTORNEYS FOR DEFENDANT GUARD-
LINE, INC.**

- 3 -



Respectfully submitted,

Michael M. Essmyer
State Bar No. 06672400
Essmyer & Tritico, L.L.P.
4300 Scotland
Houston, Texas 77007
713-869-1155
713-869-8957 facsimile
ATTORNEYS FOR DEFENDANT HONEYWELL
INTERNATIONAL, INC.


Jeffrey B. Simon
State Bar No. 00788420
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, Texas 75204
214-357-6244
214-357-7252 facsimile
ATTORNEYS FOR PLAINTIFFS HAROLD
BOAK AND TWILA BOAK

Robert W. Wilkinson
Mississippi Bar No. 7215
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, Mississippi 39568
228-762-2272
228-762-3223 facsimile
ATTORNEYS FOR DEFENDANT GUARD-
LINE, INC.

- 3 -

E

*DOCKET NO. 875*

### *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

### *(SEE ATTACHED SCHEDULE)*

### *CONDITIONAL TRANSFER ORDER (CTO-230)*

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 77,698 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

# SCHEDULE CTO-230 - TAG ALONG CASES
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

<u>DISTRICT DIV. CIVIL ACTION#</u>

**CALIFORNIA NORTHERN**
CAN 3 03-4686        Spencer Ward v. Unisys Corp., et al.

**GEORGIA SOUTHERN**
GAS 2 03-119        Gloria V. Williamson v. CSX Transportation, Inc., et al.

**ILLINOIS NORTHERN**
ILN 1 03-6128        Billy Scroggins v. Anchor Packing Co., et al.

**ILLINOIS SOUTHERN**
ILS 3 03-534        Lawrence Redmon v. A.W. Chesterton, Inc., et al.
ILS 3 03-655        Richard Folger, et al. v. Burlington Northern & Santa Fe Railway Co.

**INDIANA NORTHERN**
INN 2 03-378        Juan Casas, et. al. v. A.W. Chesterton, et. al.

**INDIANA SOUTHERN**
INS 1 03-1440        Michael Ash v. Certainteed Corporation, et. al.

**LOUISIANA EASTERN**
LAE 2 03-2854        Charles Anthony Cusimano, et al. v. Flintkote Co., et al.

**MASSACHUSETTS**
MA 1 03-11970        Madeline J. Dyer, etc. v. Eastern Refractories Co., Inc., et al.

**MARYLAND**
MD 1 94-3509        Susan Purdie, etc. v. Corhart Refractoires Co., et al.

**NORTH CAROLINA EASTERN**
NCE 2 03-47        David Scholar, etc. v. Certainteed Corp., et al.
NCE 4 03-124        Gregory Mark Whitman, Sr., et al. v. Aqua-Chem, et al.
NCE 4 03-125        James H. Sikes, et al. v. Aqua-Chem, et al.
NCE 4 03-138        Edward L. Mills, etc. v. Anchor Packing Co., et al.
NCE 4 03-139        Robert Glenn Gurley, et al. v. Anchor Packing Co., et al.
NCE 4 03-140        Elizabeth Amanda Davis, etc. v. Anchor Packing Co., et al.
NCE 5 03-604        Allen Ray Jones, et al. v. Anchor Packing Co., et al.
NCE 7 03-132        Glenn Darden Merritt, etc. v. Anchor Packing Co., et al.

**NORTH CAROLINA MIDDLE**
NCM 1 03-835        Betty Dunn Sedberry, etc. v. Aqua-Chem, Inc., et al.

**NEW YORK EASTERN**
NYE 1 03-5070        Earl A. Dalkas v. A.W. Chesterton Co., et. al.
NYE 1 03-5135        Cecil Lewis Green, et al. v. Ericsson, Inc., et. al.
NYE 1 03-5137        Margaret E. Broadnax, et. al. v. Union Pacific Railroad Co., et. al.
NYE 1 03-5138        Ethel Barnett, et. al. v. Burns International Services Corp., et. al.
NYE 1 03-5280        Mary Garvey, et. al. v. A.W. Chesterton Co., et. al.
NYE 1 03-5281        Deana Cerroni v. A.W. Chesterton Co., et. al.
NYE 1 03-5784        Dorothy Cothron, et. al. v. A.W. Chesterton Co., et. al.

## DISTRICT DIV. CIVIL ACTION#

**OHIO NORTHERN**

| | | | |
|---|---|---|---|
| OHN | 1 | 03-10009 | Richard M. Andrews v. A-C Product Liability Trust, et al. |
| OHN | 1 | 03-10010 | Manuel V. Rozario v. A-C Product Liability Trust, et al. |
| OHN | 1 | 03-10011 | Robert Herman v. A-C Product Liability Trust, et al. |
| OHN | 1 | 03-10012 | August H. Wagner v. A-C Product Liability Trust, et al. |
| OHN | 1 | 03-20015 | William H. Monroe, et al. v. Waco, Inc., et al. |
| OHN | 1 | 03-20016 | Carol Ann Burson v. Lac D'Amiante Du Quebec, et al. |
| OHN | 1 | 03-20017 | John Ivanusic, et al. v. 3m Co., et al. |
| OHN | 1 | 03-20018 | Senno Krinke, et al. v. 3m Co., et al. |

**OHIO SOUTHERN**

| | | | |
|---|---|---|---|
| OHS | 1 | 03-571 | Bella Goden, etc. v. 3M Co., et al. |
| OHS | 1 | 03-579 | Darrell E. Lucas v. 3M Co., et al. |

**OKLAHOMA NORTHERN**

| | | | |
|---|---|---|---|
| OKN | 4 | 03-681 | Robert Nyberg, et al. v. Abex Corp., et al. |

**RHODE ISLAND**

| | | | |
|---|---|---|---|
| RI | 1 | 03-378 | Nolan D. Phillips, et al. v. Viacom, Inc., et al. |

**SOUTH CAROLINA**

| | | | |
|---|---|---|---|
| SC | 0 | 02-1289 | Julia F. Reburn, et al. v. ACandS, Inc., et al. |
| SC | 2 | 03-3057 | Louis J. Wickas, Jr., et al. v. Owens-Illinois, Inc., et al. |
| SC | 2 | 03-3058 | Betty G. Millwood v. Owens-Illinois, Inc., et al. |
| SC | 7 | 03-3064 | Roy Foster Dawson, et al. v. Aqua-Chem, Inc., et al. |

**TEXAS NORTHERN**

| | | | |
|---|---|---|---|
| TXN | 3 | 03-2386 | Harold Boak, et al. v. Guard-Line, Inc., et al. |

**TEXAS WESTERN**

| | | | |
|---|---|---|---|
| TXW | 5 | 03-996 | Leonard Altman, et al. v. Harmony Castings, LLC, et al. |

**VIRGINIA EASTERN**

| | | | |
|---|---|---|---|
| VAE | 2 | 03-7512 | Robert Adams Adams v. American Standard, et al. |
| VAE | 2 | 03-7513 | Raymond J. Fife v. American Standard, et al. |
| VAE | 2 | 03-7514 | George H. Kluttz v. American Standard, et al. |
| VAE | 2 | 03-7515 | Raymond R. Lee v. American Standard, et al. |
| VAE | 2 | 03-7516 | John P. Brown v. American Standard, et al. |
| VAE | 2 | 03-7517 | Rudy B. Martinez v. American Standard, et al. |
| VAE | 2 | 03-7518 | William E. McLaughlin v. American Standard, et al. |
| VAE | 2 | 03-7519 | Lawrence R. Nuse v. American Standard, et al. |
| VAE | 2 | 03-7520 | Frank Sedivy v. American Standard, et al. |
| VAE | 2 | 03-7521 | Wade C. Morris v. American Standard, et al. |
| VAE | 2 | 03-7522 | William R. Lenhart v. American Standard, et al. |
| VAE | 2 | 03-7523 | Lonnie H. Orme v. American Standard, et al. |
| VAE | 2 | 03-7524 | Robert L. Potter v. American Standard, et al. |
| VAE | 2 | 03-7525 | Charles H. Redmond v. American Standard, et al. |
| VAE | 2 | 03-7526 | Walter J. Revers v. American Standard, et al. |
| VAE | 2 | 03-7527 | Gerald W. Schulz v. American Standard, et al. |
| VAE | 2 | 03-7528 | Darrell E. Snyder v. American Standard, et al. |
| VAE | 2 | 03-7529 | Maurice O. Stanton v. American Standard, et al. |
| VAE | 2 | 03-7530 | Robert Lee Taylor v. American Standard, et al. |
| VAE | 2 | 03-7531 | David A. Van Fleet v. American Standard, et al. |
| VAE | 2 | 03-7532 | Robert D. Johnson v. American Standard, et al. |
| VAE | 2 | 03-7533 | Gene T. Poland v. American Standard, et al. |

DISTRICT  DIV. CIVIL ACTION#

| | | | |
|---|---|---|---|
| VAE | 2 | 03-7534 | Hoy B. Flanagan v. American Standard, et al. |
| VAE | 2 | 03-7535 | William Hutchison v. American Standard, et al. |
| VAE | 2 | 03-7536 | Robert M. McCarty v. American Standard, et al. |
| VAE | 2 | 03-7537 | Hubert S. Peele v. American Standard, et al. |
| VAE | 2 | 03-7538 | Edward E. Shockey v. American Standard, et al. |
| VAE | 2 | 03-7539 | Robert D. Via v. American Standard, et al. |

WISCONSIN EASTERN

| | | | |
|---|---|---|---|
| WIE | 2 | 03-835 | Greg Schulte v. Foster Wheeler Corp., et al. |