MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 4 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL Docket No. 875 |
| This document relates to: | N.D. Cal. No. C 03-4686 (JSW) |
| SPENCER WARD, | |
| Plaintiff, | **OPPOSITION OF UNISYS CORPORATION TO MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER 230 IN MDL DOCKET NO. 875** |
| vs. | |
| UNISYS CORPORATION, et al., | |
| Defendants. | |

Defendant Unisys Corporation ("Unisys") hereby files its Opposition to Plaintiff's Motion to Vacate or Stay Conditional Transfer Order ("CTO") 230 in Multidistrict Litigation ("MDL") Docket No. 875 (hereinafter referred to as "Plaintiff's Motion"). Contrary to Plaintiff's assertions, transfer of this tag-along action to MDL Docket No. 875 pursuant to 28 U.S.C. § 1407 is appropriate, as discussed below. This is a non-malignant asbestos matter.

Plaintiff's Motion to Vacate or Stay the CTO ignores the only issue before this Panel: whether transfer of this action is appropriate. Instead, Plaintiff re-argues his Motion to Remand pending in the United States District Court for the Northern District of California. As this Panel expressly has stated, however, 28 U.S.C. § 1407 does not empower the Panel to decide questions

OFFICIAL FILE COPY IMAGED FEB 25 '04

1   going to the jurisdiction or the merits of a case, including issues relating to a motion to remand.

2   To the contrary, the sole issue before this Panel involves whether this case should be transferred

3   to MDL Docket No. 875 as a tag-along action pursuant to 28 U.S.C. § 1407.

4           Rule 1.1 of the Panel Rules of Procedure defines a tag-along action as "a civil action

5   pending in a district court and involving common questions of fact with actions previously

6   transferred under Section 1407." J.P.M.L. Rule 1.1, 199 F.R.D. 425, 427 (2001).  All of the prior

7   actions consolidated in, or transferred to, MDL Docket No. 875 concerned allegations of personal

8   injury or wrongful death caused by asbestos or asbestos-containing products.  The claims in this

9   case involve the same allegations of personal injury caused by asbestos or asbestos-containing

10  products.  Ex. 1 (Pl.'s Summons, Compl., and Preliminary Fact Sheet).  As such, this case

11  involves common questions of fact with the cases in MDL Docket No. 875 and should be

12  transferred as a tag-along action.  Finally, contrary to Plaintiff's assertions, the pendency of

13  Plaintiff's Motion to Remand in the Northern District of California does not constitute grounds to

14  vacate or stay the transfer of this case, as this Panel repeatedly has held that there is no reason to

15  delay or in any way interrupt the MDL transfer process to accommodate a pending motion to

16  remand.

17              **I.  UNISYS RESPONSES TO PLAINTIFF'S AVERMENTS**

18          As Rule 7.1 of the Panel Rules of Procedure requires, Unisys responds to Plaintiff's

19  averments in corresponding numbered paragraphs.  In addition, because Plaintiff's Motion simply

20  re-argues his Motion to Remand in his numbered paragraphs, Unisys follows its numbered

21  responses with a discussion of the sole issue before this Panel--the propriety of transfer in this

22  case.

23          A.      **Statement Of Facts**

24          1.      Unisys admits that Plaintiff filed his Complaint in this matter on March 3, 2003 in

25  the Superior Court of California, County of San Francisco, entitled *Spencer Ward vs. Asbestos*

26  *Defendants (BP)*, Case No. 417888 (Cal. Super. Ct., San Francisco, Mar. 3, 2003), alleging

27  personal injuries arising out of his claimed exposure to asbestos and asbestos-containing products.

28

MCKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
WASHINGTON

OPPOSITION OF UNISYS TO MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER IN MDL DOCKET NO. 875

1   Unisys further admits that it was served by process server with a copy of Plaintiff's Complaint on

2   April 1, 2003.  Ex. 1 (Pl.'s Summons, Compl., and Preliminary Fact Sheet).

3        2.    Unisys states that the allegations of paragraph two of Plaintiff's Motion are

4   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph two of

6   Plaintiff's Motion.  By way of further answer, Unisys states that Plaintiff never properly served

7   his April 25, 2003 Interrogatory Responses on Unisys.  Instead, Plaintiff improperly served

8   another law firm, Jackson & Wallace, with these Interrogatory Responses on behalf of Unisys.

9   Jackson & Wallace never provided these Interrogatory Responses to Unisys.

10        Plaintiff's improper attempt at service on Unisys failed to comply with General Order No.

11   129, which specifically applies to the San Francisco Complex Asbestos Litigation, and requires

12   that Plaintiff "serve answers to the appropriate initial set(s) of standard interrogatories upon *each*

13   *defendant* then served in the case and upon Designated Defense Counsel."  S.F. Gen. Order

14   No. 129(3)(B).[1]  Furthermore, all references to additional interrogatory responses in General

15   Order No. 129 discuss service upon all defendants then served in the case and upon Designated

16   Defense Counsel. *See id.*  Contrary to Plaintiff's assertions, improper service of such

17   interrogatories on a defendant's incorrect counsel, as its "last known counsel," does not comply

18   with General Order No. 129.  Nevertheless, such an argument is inapposite in this case, as the

19   same Plaintiff's counsel, only ten days after improperly serving the wrong counsel on behalf of

20   Unisys with the *Ward* April 25, 2003 Interrogatory Responses, properly served Unisys counsel,

21   Burke Williams & Sorensen LLP, on behalf of Unisys, with a pleading in another asbestos action,

22   *William Andrews v. Asbestos Defendants (BHS),* Case No. 317697 (Cal. Super. Ct., San

23   Francisco, Dec. 27, 2000).[2]  Thus, at the time Plaintiff's counsel improperly served Unisys with

24

25   _____

26   [1] *See* http://sfgov.org/site/courts_page.asp?id=10754

27   [2] On January 1, 2004, Unisys counsel changed its name from Burke Williams & Sorensen LLP to
Pond North, LLP.

28

1   the *Ward* April 25, 2003 Interrogatory Responses, Plaintiff's counsel had knowledge of Unisys

2   proper counsel in this case.

3         In addition, Unisys states that Unisys counsel in this case, Burke Williams & Sorensen

4   LLP, was served with Plaintiff's April 25, 2003 Interrogatory Responses on behalf of Viacom,

5   Inc., another Defendant in this case.  However, at no point does General Order No. 129 allow for

6   service on one defendant's counsel to constitute proper service *upon another defendant*.

7        3.     Unisys states that the allegations of paragraph three of Plaintiff's Motion are

8   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

9   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph three of

10   Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph two

11   of Plaintiff's Motion.

12        4.     Unisys states that the allegations of paragraph four of Plaintiff's Motion are

13   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

14   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph four of

15   Plaintiff's Motion.  By way of further answer, Unisys states that Plaintiff never properly served

16   his August 1, 2003 Interrogatory Responses on Unisys.  Instead, Plaintiff improperly served

17   another law firm, Jackson & Wallace, with these Interrogatory Responses on behalf of Unisys.

18   Jackson & Wallace never provided these Interrogatory Responses to Unisys.

19        Plaintiff's improper attempt at service on Unisys failed to comply with General Order No.

20   129, which specifically applies to the San Francisco Complex Asbestos Litigation, and requires

21   that Plaintiff "serve answers to the appropriate initial set(s) of standard interrogatories upon *each*

22   *defendant* then served in the case and upon Designated Defense Counsel."  S.F. Gen. Order

23   No. 129(3)(B).[3]  Furthermore, all references to additional interrogatory responses in General

24   Order No. 129 discuss service upon all defendants then served in the case and upon Designated

25   Defense Counsel.  *See id.*

26

27   ――――――――――――

28   [3] *See* http://sfgov.org/site/courts_page.asp?id=10754

McKenna Long &
Aldridge LLP
Attorneys At Law
Washington

OPPOSITION OF UNISYS TO MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER IN MDL DOCKET NO. 875

1    Unisys proper counsel in this case, Burke Williams & Sorensen LLP, was served with

2    Plaintiff's August 1, 2003 Interrogatory Responses on behalf of Viacom, Inc., another Defendant

3    in this case.  However, at no point does General Order No. 129 allow for service on one

4    defendant's counsel to constitute proper service *upon another defendant.*

5         5.     Unisys states that the allegations of paragraph five of Plaintiff's Motion are

6    irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

7    appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph five of

8    Plaintiff's Motion.  Unisys states that on August 12, 2003, Unisys served Plaintiff with Unisys

9    Corporation's First Set of Specially Prepared Interrogatories to Plaintiff.  On September 19, 2003,

10   Unisys was served with Plaintiff's Response to Defendant Unisys Corporation's Special

11   Interrogatories ("Plaintiff's Special Interrogatory Responses").[4]  Ex. 2 (Pl.'s Special Interrog.

12   Resps.).  Upon service of Plaintiff's Special Interrogatory Responses, Unisys received for the first

13   time an "other paper" showing that Plaintiff was alleging exposure to asbestos in products

14   manufactured by Unisys predecessor, Sperry Rand, during Plaintiff's 1969-1995 federal

15   employment with Mare Island.[5]  *See id.* at 2.  Plaintiff's allegations in Plaintiff's Special

16   Interrogatory Responses provided Unisys with notice on September 19, 2003 that this case was

17   removable on federal question/federal enclave and federal officer removal grounds.  As such,

18   Unisys timely removed this case on October 17, 2003, within thirty days of service of Plaintiff's

19   Special Interrogatory Responses, as required by 28 U.S.C. § 1446(b).

20        6.     Unisys states that the allegations of paragraph six of Plaintiff's Motion are

21   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

22   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph six of

23   Plaintiff's Motion.  Unisys states that Plaintiff never properly served Unisys with his April 25 and

24

25   —————————————

26   [4] Plaintiff's Special Interrogatory Responses were the first interrogatory responses properly
     served on Unisys in this case.

27   [5] Hereinafter, Sperry Rand, a predecessor to Unisys, is referred to as Unisys.

28

1  August 1, 2003 Interrogatory Responses.  Finally, Unisys incorporates its response to paragraph

2  five of Plaintiff's Motion.

3          7.       Unisys states that the allegations of paragraph seven of Plaintiff's Motion are

4  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5  appropriate in this matter.  Nonetheless, Unisys admits that Plaintiff filed a Motion to Remand on

6  October 23, 2003.  Unisys further admits that, the hearing date for Plaintiff's Motion to Remand

7  initially was scheduled for February 20, 2004, and such hearing recently was deferred until May

8  21, 2004.  Ex. 3 (Clerk's Notice, *Ward v. Asbestos Defendants*, No. C 03-04686 (N.D. Cal. Feb.

9  10, 2004).  Unisys is without knowledge or information sufficient to form a belief as to the truth

10  of the remaining allegations of paragraph seven of Plaintiff's Motion concerning Judge Jeffrey S.

11  White's congested calendar and therefore denies them.

12          8.       Unisys states that the allegations of paragraph eight of Plaintiff's Motion are

13  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

14  appropriate in this matter.  Nonetheless, Unisys admits that it filed its Opposition to Plaintiff's

15  Motion to Remand on January 30, 2004.

16          9.       Unisys states that the allegations of paragraph nine of Plaintiff's Motion are

17  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

18  appropriate in this matter.  Nonetheless, Unisys admits that Plaintiff filed his Reply brief on

19  February 2, 2004, and that Plaintiff's Motion to Remand has been fully briefed.

20          10.      Unisys states that the allegations of paragraph ten of Plaintiff's Motion are

21  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

22  appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph ten of

23  Plaintiff's Motion.  By way of further answer, Unisys states that, as discussed above, on February

24  10, 2004, the judge presiding over Plaintiff's Motion to Remand in the Northern District of

25  California, the Honorable Jeffrey S. White, deferred oral argument on Plaintiff's Motion to

26  Remand from February 20, 2004 to May 21, 2004, after receiving notice that this Panel had

27  issued a CTO in this matter.  Ex. 3 (Clerk's Notice, *Ward v. Asbestos Defendants*, No. C 03-

28

McKENNA LONG &
ALDRIDGE LLP
ATTORNEYS AT LAW
WASHINGTON

- 6 -

1    04686 (N.D. Cal. Feb. 10, 2004).  Thus, the oral argument on Plaintiff's Motion to Remand is set

2    for a date almost two months after this Panel's March 23, 2004 hearing in this case.

3         **B.    <u>Argument</u>**

4         11.    Unisys states that the allegations of paragraph eleven of Plaintiff's Motion are

5    irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

6    appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph eleven of

7    Plaintiff's Motion.  By way of further answer, as discussed above, Unisys states that its first

8    notification that Plaintiff was alleging exposure to asbestos from a Unisys product on U.S. Navy

9    vessels and at U.S. Navy facilities was through Plaintiff's service on Unisys of Plaintiff's Special

10   Interrogatory Responses on September 19, 2003.  At that time, Unisys was notified from this

11   "other paper" that this case "is one which is or has become removable," 28 U.S.C. § 1446(b), as

12   the actual claims against Unisys and the federal interests and federal defenses that apply to these

13   claims, were identified first in this paper.  Unisys filed its Notice of Removal on October 17,

14   2003, within thirty (30) days after notification that this action was removable, as required by 28

15   U.S.C. § 1446(b).  As such, Unisys removal was timely.

16        12.    Unisys states that the allegations of paragraph twelve of Plaintiff's Motion are

17   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

18   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twelve of

19   Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph two

20   of Plaintiff's Motion.

21        13.    Unisys states that the allegations of paragraph thirteen of Plaintiff's Motion are

22   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

23   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph thirteen of

24   Plaintiff's Motion.  By way of further answer, Unisys incorporates its responses to paragraphs

25   two and four of Plaintiff's Motion.

26        14.    Unisys states that the allegations of paragraph fourteen of Plaintiff's Motion are

27   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

28   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph fourteen of

1   Plaintiff's Motion. By way of further answer, Unisys incorporates its responses to paragraphs

2   two and four of Plaintiff's Motion.

3        15.     Unisys states that the allegations of paragraph fifteen of Plaintiff's Motion are

4   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5   appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph fifteen of

6   Plaintiff's Motion. By way of further answer, Unisys states that the transfer of this case as a tag-

7   along action to MDL Docket No. 875 is appropriate, as this case involves common questions of

8   fact with the cases in MDL Docket No. 875. *See In re Seeburg-Commonwealth United Merger*,

9   331 F. Supp. 552, 554 (J.P.M.L. 1971) (transfer is appropriate when "the pleadings . . . [present]

10  numerous, substantial and complex questions of fact common to most if not all of the actions

11  involved in the coordinated or consolidated pretrial proceedings").

12       16.     Unisys states that the allegations of paragraph sixteen of Plaintiff's Motion are

13  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

14  appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph sixteen of

15  Plaintiff's Motion. By way of further answer, Unisys incorporates its responses to paragraphs

16  two and four of Plaintiff's Motion.

17       17.     Unisys states that the allegations of paragraph seventeen of Plaintiff's Motion are

18  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

19  appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph seventeen of

20  Plaintiff's Motion. By way of further answer, Unisys incorporates its responses to paragraphs

21  two and four of Plaintiff's Motion.

22       18.     Unisys states that the allegations of paragraph eighteen of Plaintiff's Motion are

23  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

24  appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph eighteen of

25  Plaintiff's Motion. By way of further answer, Unisys states that even if General Order No. 129

26  did not require such formal service in this case, as discussed above, Plaintiff is incorrect that

27  federal removal law does not require formal service of Plaintiff's Interrogatory Responses to

28  trigger the thirty-day removal period. In fact, the Northern District of California, the very court

1  before which Plaintiff filed his Motion to Remand, *explicitly has held to the contrary numerous*

2  *times*.

3       For example, in *Kirkland v. Morton's of Chicago*, the Northern District of California

4  followed the "paper in the case" rule, which requires that the elements of removability be

5  specifically indicated in official papers before the statutory period for removal begins to run.

6  *Kirkland*, No. C-96-2301 MHP, 1996 WL 532118 (N.D. Cal. Sept. 16, 1996), at *4; *see also*

7  *Lillard v. Joint Med. Prods.*, No. C-94-3699 SC ENE, 1995 WL 20609 (N.D. Cal. Jan. 13, 1995),

8  at *4 (court "finds it wise to maintain the 'official paper' requirement given its concern over the

9  ability to enforce a rule that allows the removal period to be triggered by unofficial discovery");

10  *Miller v. Mich. Millers Ins. Co.*, No. C-96-4480 MHP, 1997 WL 136242 (N.D. Cal. Mar. 12,

11  1997), at *3 (informal correspondence between parties and counsel are not "official papers," and

12  thus cannot be considered in determining whether grounds for removal exist).

13       In addition to this requirement for formal papers, the Northern District of California has

14  held that "the time period to remove an action cannot depend on defendant's actual knowledge,

15  because the statute expressly allows a defendant to rely on papers presented to it." *Jong v. Gen.*

16  *Motors Corp.*, 359 F. Supp. 223, 226 (N.D. Cal. 1973). Furthermore, in an analogous factual

17  situation to this case, the New Jersey District Court held that, where counsel represents multiple

18  defendants in the same action, knowledge of counsel with regard to one defendant cannot

19  prejudice another defendant with regard to the timeliness of removal. *See Orlick v. J.D. Carton*

20  *& Son, Inc.*, 144 F. Supp. 2d 337, 343 n.6 (D.N.J. 2001).

21       19.    Unisys states that the allegations of paragraph nineteen of Plaintiff's Motion are

22  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

23  appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph nineteen of

24  Plaintiff's Motion. By way of further answer, Unisys incorporates its response to paragraph

25  eighteen of Plaintiff's Motion.

26       20.    Unisys states that the allegations of paragraph twenty of Plaintiff's Motion are

27  irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

28  appropriate in this matter. Nonetheless, Unisys denies the allegations of paragraph twenty of

1   Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph

2   eighteen of Plaintiff's Motion.

3        21.    Unisys states that the allegations of paragraph twenty-one of Plaintiff's Motion are

4   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-one of

6   Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph

7   eighteen of Plaintiff's Motion.

8        22.    Unisys states that the allegations of paragraph twenty-two of Plaintiff's Motion are

9   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

10  appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-two of

11  Plaintiff's Motion.  By way of further answer, Unisys states that in its pre-removal

12  correspondence with Plaintiff's counsel, Unisys counsel explained that service on Viacom, Inc.

13  does not equal service on Unisys.  In addition, Unisys counsel stated that Burke Williams &

14  Sorensen LLP is required under the Rules of Professional Conduct to treat each client separately.

15       23.    Unisys states that the allegations of paragraph twenty-three of Plaintiff's Motion

16  are irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

17  appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-three

18  of Plaintiff's Motion.  By way of further answer, Unisys states that Burke, Williams & Sorensen

19  LLP does not serve as a "dual agent" in this case.  Unisys further explains that Plaintiff's citation

20  to *St. Paul Fire & Marine Ins. Co. v. F.D.I.C.*, 968 F.2d 695, 701 (8th Cir. 1992), is inapposite, as

21  it involved *disputes between two principals* who share an agent.  968 F.2d at 700-1.  To the

22  contrary, in this case, while Burke Williams & Sorensen LLP represents both Unisys and Viacom,

23  Unisys and Viacom are co-defendants, not adverse parties.  Further, unlike the insured/insurer

24  relationship in *St. Paul Fire & Marine Insurance Co.*, no such relationship exists between Unisys

25  and Viacom.

26       Finally, Unisys states that even if Burke Williams & Sorensen LLP was a "dual agent" for

27  Unisys and Viacom, such a relationship would be irrelevant in this removal context, because, as

28  discussed above, any knowledge Burke Williams & Sorensen LLP obtained as a result of its

1    representation of Viacom would not affect the timeliness of Unisys removal petition.  *See Jong,*

2    359 F. Supp. at 226 ("[T]he time period to remove an action cannot depend on defendant's actual

3    knowledge, because the statute expressly allows a defendant to rely on papers presented to it.");

4    *see also Orlick,* 144 F. Supp. 2d at 343 n.6.

5         24.    Unisys states that the allegations of paragraph twenty-four of Plaintiff's Motion

6    are irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

7    appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-four of

8    Plaintiff's Motion.  By way of further answer, Unisys states that Plaintiff's reliance on the

9    American Law Reports annotation is misplaced.  The annotation Plaintiff cites, 4 A.L.R.3d 224 §

10   10(b) (1965), addresses a narrow question unrelated to the facts of this case.  Specifically, the

11   annotation "envisions *and is confined to a situation involving at least three parties to the same*

12   *transaction--two adverse parties and an agent acting for both of them.*"  4 A.L.R.3d 224 § 1

13   (emphasis added).

14        Finally, Unisys states that even if Burke Williams & Sorensen LLP was a "dual agent" for

15   Unisys and Viacom, such a relationship would be irrelevant in this removal context, because, as

16   discussed above, any knowledge Burke Williams & Sorensen LLP obtained as a result of its

17   representation of Viacom would not affect the timeliness of Unisys removal petition.  *See Jong,*

18   359 F. Supp. at 226 ("[T]he time period to remove an action cannot depend on defendant's actual

19   knowledge, because the statute expressly allows a defendant to rely on papers presented to it.");

20   *see also Orlick,* 144 F. Supp. 2d at 343 n.6.

21        25.    Unisys states that the allegations of paragraph twenty-five of Plaintiff's Motion are

22   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

23   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-five of

24   Plaintiff's Motion.  By way of further answer, Unisys incorporates its responses to paragraphs

25   twenty-three and twenty-four of Plaintiff's Motion.

26        26.    Unisys states that the allegations of paragraph twenty-six of Plaintiff's Motion are

27   irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

28   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-six of

1   Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph

2   eleven of Plaintiff's Motion.

3          Unisys further explains that it is not appropriate for this Panel to delay transfer in this case

4   based on Plaintiff's Motion to Remand pending in the transferor court.  In the Panel's original

5   decision centralizing these asbestos actions, *In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F.

6   Supp. 415 (J.P.M.L. 1991), "distinctions based on such matters as the pendency of motions or

7   other matters before the transferor court . . . were considered and rejected by the Panel as grounds

8   for carving out exceptions to transfer." *In re Asbestos Prods. Liability Litig. (No. VI)*, 170 F.

9   Supp. 2d 1348, 1349 (J.P.M.L. 2001).  Moreover, this Panel has held that there is no reason to

10  delay transfer in order to accommodate a pending motion to remand. *Id.* at 1349 n.1; *In re Air*

11  *Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973)

12  ("Plaintiffs . . . have filed motions seeking remand [and] urge the Panel to postpone any decision

13  on the question of transfer until those motions have been determined.  We see no reason for

14  delaying our decision.  Because these actions involve questions of fact identical to those raised in

15  the actions previously transferred by the Panel, transfer is necessary in order to eliminate the

16  possibility of duplicative discovery and conflicting pretrial rulings.").

17         In addition, numerous courts have held that the sole issue before this Panel is "the merits

18  of the transfer viewed against the purposes of the multidistrict statutory scheme, whether or not

19  there is a pending jurisdictional objection." *In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *Med. Soc'y of*

20  *the State of New York v. Conn. Gen. Corp.*, 187 F. Supp. 89, 91 (S.D. N.Y. 2001); *Johnson v.*

21  *AMR Corp.*, Nos. 95 C 7659-95 C 7664, 1996 WL 164415 (N.D. Ill. April 3, 1996), at *3.

22  Similarly, courts have found that a jurisdictional challenge should not short-circuit the otherwise

23  advisable transfer. *E.g., Med. Soc'y of the State of New York*, 187 F. Supp. 2d at 91.

24         Finally, this Panel repeatedly has held that transfer is warranted regardless of a pending

25  motion to remand, as the motion to remand can be presented to and decided by the transferee

26  judge. *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d 1375, 1377 (J.P.M.L.

27  2003); *Ivy*, 901 F.2d at 9; *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F.

28

1   Supp. at 813 ("the transferee judge certainly has the power to determine the question of

2   remand.").

3        27.       Unisys states that the allegations of paragraph twenty-seven of Plaintiff's Motion

4   are irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5   appropriate in this matter.  Nonetheless, Unisys admits the allegations of paragraph twenty-seven

6   of Plaintiff's Motion.  However, Unisys states that it is not appropriate for this Panel to vacate the

7   CTO in this case.  First, Unisys incorporates its response to paragraph twenty-six of Plaintiff's

8   Motion.

9        Unisys further explains that this Panel has held that there is no reason to deny transfer or

10   in any way interrupt the Section 1407 transfer process based on a pending motion to remand.  *In*

11   *re Asbestos Prods. Liability Litig. (No. VI)*, 170 F. Supp. 2d at 1349 n.1; *see In re Nat'l Century*

12   *Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d at 1377.

13        In addition, numerous district courts have declined to rule on jurisdictional motions and

14   instead have stayed or deferred ruling on such motions pending this Panel's decision on transfer.

15   *Ivy*, 901 F.2d at 8-9 (declining to rule on motion to remand and deferring to the decision of the

16   Panel); *Johnson*, 1996 WL 164415, at *3-4 (staying ruling on jurisdictional motion pending the

17   Panel's ruling on transfer case).

18        28.       Unisys states that the allegations of paragraph twenty-eight of Plaintiff's Motion

19   are irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

20   appropriate in this matter.  Nonetheless, Unisys admits the allegations of paragraph twenty-eight

21   of Plaintiff's Motion.  However, Unisys incorporates its responses to paragraphs twenty-six and

22   twenty-seven of Plaintiff's Motion.  In addition, Unisys emphasizes that numerous courts have

23   held that the sole issue before this Panel is "the merits of the transfer viewed against the purposes

24   of the multidistrict statutory scheme, whether or not there is a pending jurisdictional objection."

25   *E.g., Ivy*, 901 F.2d at 9.

26        29.       Unisys states that the allegations of paragraph twenty-nine of Plaintiff's Motion

27   are irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

28   appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph twenty-nine of

1    Plaintiff's Motion.  By way of further answer, Unisys incorporates its responses to paragraphs

2    twenty-six and twenty-seven of Plaintiff's Motion.

3        30.    Unisys states that the allegations of paragraph thirty of Plaintiff's Motion are

4    irrelevant to this Panel's decision regarding whether transfer under 28 U.S.C. § 1407 is

5    appropriate in this matter.  Nonetheless, Unisys denies the allegations of paragraph thirty of

6    Plaintiff's Motion.  By way of further answer, Unisys incorporates its response to paragraph ten

7    of Plaintiff's Motion.

8        31.    Unisys denies the allegations of paragraph thirty-one of Plaintiff's Motion.  By

9    way of further answer, for all of the reasons discussed in this Opposition, Unisys respectfully

10   requests that the Panel transfer this tag-along action under CTO 230 to MDL Docket No. 875.

## II.  TRANSFER OF THIS TAG-ALONG ACTION TO MDL DOCKET NO. 875 IS APPROPRIATE

### A.    Common Questions Of Fact Exist Between This Case And Every Asbestos Case Previously Transferred To MDL Docket No. 875

On January 5, 2004, pursuant to Rule 7.4 of the Panel Rules of Procedure, 199 F.R.D.

425, 435-36 (2001), this Panel ordered that this case be transferred to MDL Docket No. 875 as a

tag-along action pursuant to 28 U.S.C. § 1407, because it appeared to involve questions of fact

common to the actions previously transferred to the United States District Court for the Eastern

District of Pennsylvania and assigned to the Honorable Charles R. Weiner.  Plaintiff subsequently

moved to vacate or stay the Panel's transfer order.

Thus, the sole issue before this Panel involves whether this case should be transferred to

MDL Docket No. 875 as a tag-along action pursuant to 28 U.S.C. § 1407.  As discussed above,

Rule 1.1 of the Panel Rules of Procedure defines a tag-along action as "a civil action pending in a

district court and involving common questions of fact with actions previously transferred under

Section 1407."  J.P.M.L. Rule 1.1, 199 F.R.D. 425, 427 (2001).

On July 29, 1991, pursuant to 28 U.S.C. § 1407, this Panel transferred 26,639 actions

involving allegations of personal injury or wrongful death caused by asbestos or asbestos-

containing products to the Eastern District of Pennsylvania, MDL Docket No. 875, for pretrial

1   proceedings, as the actions involved common questions of fact, and centralization of the actions

2   best served convenience of the parties and witnesses and promoted the just and efficient conduct

3   of litigation. *In re Asbestos Prods. Liability Litig. (No. VI)*, 771 F. Supp. at 417. Since this Panel

4   established MDL Docket No. 875 in 1991, it has transferred 99,635 cases to this asbestos MDL.

5   All of the actions transferred to MDL Docket No. 875 have involved allegations of personal

6   injury or wrongful death caused by asbestos or asbestos-containing products.

7          The claims in this case involve common questions of fact with every one of the 99,635

8   cases previously transferred to MDL Docket No. 875. As with all of the cases in this asbestos

9   MDL, this case concerns allegations of personal injury caused by asbestos and asbestos-

10  containing products. Ex. 1 (Pl.'s Summons, Compl., and Preliminary Fact Sheet). Significantly,

11  Plaintiff *only* alleges injuries resulting from exposure to asbestos and asbestos-containing

12  products. Specifically, Plaintiff alleges that from 1963 through 1995 and 2000 to the present, he

13  •   was exposed to asbestos and asbestos-containing products while working as a trainee and

14      radio repairman at several U.S. Marine Corps bases;

15  •   was exposed to asbestos and asbestos-containing products while working as a repairman

16      at Charley's TVs in Vacaville, California;

17  •   was exposed to asbestos and asbestos-containing products while working as a deliveryman

18      at Chandlers Furniture in Vacaville, California;

19  •   was exposed to asbestos and asbestos-containing products while working as a marine

20      electrician at Mare Island and aboard several U.S. Navy vessels while employed by Mare

21      Island in Vallejo, California; and

22  •   was exposed to asbestos and asbestos-containing products while working as a service

23      representative at KB Homes in Vacaville, California.

24  Ex. 1 (Pl.'s Compl. at 4; Pl.'s Preliminary Fact Sheet at 3-5).

25          Furthermore, Plaintiff claims that he "worked as an electrician throughout his career, and

26  used, applied and removed asbestos-containing products . . . which included products

27  manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant

28  UNISYS CORPORATION." Ex. 2 (Pl.'s Special Interrog. Resps. at 1).

McKenna Long &
Aldridge LLP
Attorneys At Law
Washington

- 15 -

1   Thus, as Plaintiff's allegations of personal injury resulting from exposure to asbestos or

2   asbestos-containing products involve the same common questions of fact with every case in the

3   asbestos MDL, this Panel should transfer this case as a tag-along action to MDL Docket No. 875.

4   *See In re Seeburg-Commonwealth United Merger*, 331 F. Supp. at 554 (transfer is appropriate

5   when "the pleadings . . . [present] numerous, substantial and complex questions of fact common

6   to most if not all of the actions involved in the coordinated or consolidated pretrial proceedings");

7   *In re Equity Funding Corp. of Am. Litig.*, 391 F. Supp. 767, 768 (J.P.M.L. 1975) (transferring

8   action because a comparison of the cases already consolidated and the case in question revealed

9   "that both contain similar allegations focusing upon analogous violations of securities law").

10   In fact, in numerous situations, this Panel has transferred asbestos cases with considerably

11   less common questions of fact than this case.  *E.g., In re Asbestos Prods. Liability Litig.*, Nos.

12   875, 3:01-540, 3:01-1627, 1:00-1454, 2001 WL 1042562, at *1 (J.P.M.L. Aug. 29, 2001)

13   ("Plaintiffs seek to exclude the three actions from transfer on the ground that the actions do not

14   specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce

15   contractual rights acquired in state court settlements of asbestos personal injury claims.").  Under

16   such circumstances, this Panel has concluded:

17           [T]o any parties that believe the uniqueness of their particular
             situation renders inclusion of their action in MDL-875 unnecessary
18           or inadvisable, we note that whenever the transferee judge deems
             remand of any claims or actions appropriate, procedures are
19           available whereby this may be accomplished with a minimum of
             delay.
20

21   *In re Asbestos Prods. Liability Litig.*, 2001 WL 1042562, at *1.

22       **B.    There Is No Reason For This Panel To Vacate Or Stay Its
                 Transfer Order In This Case Pending Plaintiff's Motion To Remand**
23

24   In Plaintiff's Motion, after re-arguing his Motion to Remand, Plaintiff mentions that this

25   Panel should vacate or stay the transfer order in this case to allow the Northern District of

26   California to rule on his Motion to Remand.

27   Contrary to Plaintiff's assertions, it is not appropriate for this Panel to vacate or stay

28   transfer in this case based on Plaintiff's Motion to Remand pending in the transferor court.  In this

1   Panel's original decision centralizing these asbestos actions, *In re Asbestos Prods. Liability Litig.*

2   *(No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991), "distinctions based on such matters as the pendency

3   of motions or other matters before the transferor court . . . were considered and rejected by the

4   Panel as grounds for carving out exceptions to transfer." *In re Asbestos Prods. Liability Litig.*

5   *(No. VI)*, 170 F. Supp. 2d at 1349.  Moreover, this Panel has held that there is no reason to delay

6   or in any way interrupt transfer in order to accommodate a pending motion to remand.  *See, id.* at

7   1349 n.1; *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F. Supp. at

8   813 ("Plaintiffs . . . have filed motions seeking remand [and] urge the Panel to postpone any

9   decision on the question of transfer until those motions have been determined.  We see no reason

10   for delaying our decision.  Because these actions involve questions of fact identical to those

11   raised in the actions previously transferred by the Panel, transfer is necessary in order to eliminate

12   the possibility of duplicative discovery and conflicting pretrial rulings.").

13       In addition, numerous courts have held that the sole issue before this Panel is "the merits

14   of the transfer viewed against the purposes of the multidistrict statutory scheme, whether or not

15   there is a pending jurisdictional objection." *Ivy*, 901 F.2d at 9; *see Med. Soc'y of the State of New*

16   *York*, 187 F. Supp. 2d at 91; *Johnson*, 1996 WL 164415, at *3.  Similarly, courts have found that

17   a jurisdictional challenge should not short-circuit the otherwise advisable transfer.  *See, e.g., Med.*

18   *Soc'y of the State of New York*, 187 F. Supp. 2d at 91.

19       Furthermore, this Panel repeatedly has held that transfer is warranted regardless of a

20   pending motion to remand, as the motion to remand can be presented to and decided by the

21   transferee judge.  *See In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 293 F. Supp. 2d at 1377;

22   *see also Ivy*, 901 F.2d at 9; *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 368 F.

23   Supp. at 813 ("the transferee judge certainly has the power to determine the question of

24   remand.").

25       Finally, contrary to Plaintiff's assertions, the Northern District of California will not hear

26   oral argument on Plaintiff's Motion to Remand until May 21, 2004, *almost two months after* this

27   Panel's scheduled hearing in this case on March 23, 2004.  Ex. 3 (Clerk's Notice, *Ward v.*

28   *Asbestos Defendants*, No. C 03-04686 (N.D. Cal. Feb. 10, 2004) (notifying parties "that on May

1   21, 2004, at 9:00 a.m. . . , the Honorable Jeffrey S. White will conduct the Motion to Remand

2   previously noticed for February 20, 2004, in this matter.")).

3           Indeed, this Notice from the Northern District of California deferring the hearing on

4   Plaintiff's Motion to Remand was filed less than two weeks after Unisys informed the Northern

5   District of California in its Opposition to Plaintiff's Motion to Remand that

6               on January 5, 2004, the JPML issued Conditional Transfer Order
                ("CTO") 230, listing this case as a tag-along action to MDL 875.
7               *See* Ex. 1 to Decl. of Michael A. Graham ("Graham Decl."). On
                January 20, 2004, Plaintiff's counsel filed a Notice of Opposition to
8               CTO 230. *See* Ex. 2 to Graham Decl. Despite such opposition, this
                action involves common questions of fact with numerous other
9               actions previously transferred under 28 U.S.C. § 1407 to the
                Eastern District of Pennsylvania, MDL 875, and assigned to Judge
10              Weiner. As such, this action most likely will be transferred to the
                Eastern District of Pennsylvania within the next few months for
11              coordination with other cases in MDL 875.
12

13  (Unisys Corp.'s Opp'n to Pl.'s Mot. to Remand at 1.) Through Judge White's postponement, he

14  apparently indicates that he finds it appropriate for this Panel to rule on transfer pending

15  Plaintiff's Motion to Remand.

16          Thus, transfer of this tag-along non-malignant asbestos case to MDL Docket No. 875 is

17  appropriate under 28 U.S.C. § 1407, as this case involves common questions of fact with the

18  cases in MDL Docket No. 875. Moreover, despite Plaintiff's assertions, Plaintiff's Motion to

19  Remand pending in the Northern District of California is irrelevant to this Panel's decision

20  regarding transfer. Finally, the Northern District of California, after being notified of this Panel's

21  issuance of a CTO in this case, has deferred the hearing on Plaintiff's Motion to Remand until

22  almost two months after this Panel's March 23, 2004 hearing in this case.

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Washington

OPPOSITION OF UNISYS TO MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER IN MDL DOCKET NO. 875

1

2     Dated:   February 24, 2004                    Respectfully submitted,

3                                                   McKENNA LONG & ALDRIDGE LLP

4                                                   By: *Lisa M. Norrett*

5                                                   *Of Counsel:*
                                                    Raymond B. Biagini
6                                                   Lisa M. Norrett
                                                    1900 K Street, N.W.
7                                                   Washington, D.C.  20006
                                                    Telephone:  (202) 496-7500
8                                                   Facsimile:  (202) 496-7756

9

10                                                  Frank D. Pond
                                                    Michael A. Graham
11                                                  Pond North, LLP
                                                    611 West Sixth Street, Suite 2500
12                                                  Los Angeles, CA  90017-3102
                                                    Telephone:  (213) 236-0600
13                                                  Facsimile:  (213) 623-3594

14                                                  **Attorneys for Defendant
                                                    Unisys Corporation**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McKenna Long &
Aldridge LLP
Attorneys At Law
Washington

OPPOSITION OF UNISYS TO MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER IN MDL DOCKET NO. 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 4 2004

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I certify under penalty of perjury that on February 24, 2004, I caused to be served the

Opposition of Unisys Corporation to Motion to Vacate or Stay Conditional Transfer Order 230

In MDL Docket No. 875, via First Class Mail upon the attached list of counsel of record.


*Lisa M. Norrett*

LISA M. NORRETT

RECEIVED
CLERK'S OFFICE

2004 FEB 24   P 4: 01

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-230)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Spencer Ward v. Unisys Corp., et al.*, N.D. California, C.A. No. 3:03-4686

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH  44114

Edward J. Cass
Gallagher, Sharp, Fulton
  & Norman
Bulkley Building, 7th Fl.
1501 Euclid Avenue
Cleveland, OH  44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA  15222

David L. Fiol
Brayton & Purcell
222 Rush Landing Road
P.O. Box 6169
Novato, CA  94948-6169

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA  19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Daniel J. Kelly
Haight, Brown & Bonesteel
100 Bush Street
27th Street
San Francisco, CA 90104

Reginald S. Kramer
Olham & Dowling
195 South Main Street
Suite 300
Akron, OH  44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA  23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA  19102

Molly McKay
Gordon & Rees
275 Batter Street, 20th Floor
San Francisco, CA  94111

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464

James J. Ostertag
Thelen, Reid & Priest
101 2nd Street, Suite 1800
San Francisco, CA  94105-3601

John J. Repcheck
Marks, O'Neill, O'Brien &
  Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA  15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX  77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH  43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA  90025

Robert N. Spinelli
Kelley, Jasons, McGuire &
  Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA  19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI  48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA  52406

1

RECEIVED
CLERK'S OFFICE

2004 FEB 24  P 4: 01

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# SUMMONS
## (CITATION JUDICIAL)

NOTICE TO DEFENDANT:(Aviso a Acusado)
ASBESTOS DEFENDANTS (B✣P)
As Reflected on Exhibits B, C, H; and DOES 1-8500.
and SEE ATTACHED LIST.

YOU ARE BEING SUED BY PLAINTIFF:
(A Ud. le está demandando)

SPENCER WARD

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this Summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plaza de **30 DIAS CALENDARIOS** para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónic no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea en el directorio telefónico). |

CASE NUMBER (Numero del Caso)   **CGC 03 4 1 7 8 8 8**

The name and address of the court is: (El nombre y dirección de la corte es)
SAN FRANCISCO COUNTY SUPERIOR COURT
400 McAllister Street
San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección de teléfono del abogado del demandante, o del demandante que no tien abogado, es)

DAVID R. DONADIO, ESQ., STATE BAR NO. 154436
BRAYTON✣PURCELL
222 Rush Landing Road
Novato, CA 94948-6169          (415) 898-1555

DATE:
(Fecha) MAR 0 3 2003      GORDON PARK-LI      Clerk, by _____ , Deputy
                                                                (Delegado)

NOTICE TO PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Unisys Corporation
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association of partnership)  ☐ CCP 416.90 (individual)
          ☐ other:
4. ☒ by personal delivery on (date):   APR - 1 2003

Form Adopted by Rule 982
Judicial Council of California
982(a)(9)(Rev January 1, 1984)      "Mandatory Form"

(See reverse for proof of Service)
SUMMONS

CCP 412.20
CEB

1
2
3
ATLAS TURNER, INC.
AQUA-CHEM, INC.
4
ASBESTOS CORPORATION LIMITED
BELL ASBESTOS MINES LTD.
5
BUCYRUS INTERNATIONAL, INC.
6
GARLOCK SEALING TECHNOLOGIES, LLC
MacARTHUR COMPANY
7
METALCLAD INSULATION CORPORATION
OWENS-ILLINOIS, INC.
8
PLANT INSULATION COMPANY
RAPID-AMERICAN CORPORATION
9
R.F..MACDONALD CO.
THORPE INSULATION COMPANY
10
UNION CARBIDE CORPORATION
THE DOW CHEMICAL COMPANY
11
VIACOM, INC.
WALDRON, DUFFY, INC.
12
WESTERN MacARTHUR COMPANY (FORMERLY WESTERN ASBESTOS)
WESTERN ASBESTOS COMPANY
13
PNEUMO ABEX CORPORATION
HONEYWELL INTERNATIONAL, INC.
14
THE BUDD COMPANY
DAIMLERCHRYSLER CORPORATION
15
DANA CORPORATION
FORD MOTOR COMPANY
16
BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC
17
GENERAL MOTORS CORPORATION
LEAR-SIEGLER DIVERSIFIED HOLDINGS CORP.
18
MAREMONT CORPORATION
PARKER-HANNIFIN CORPORATION
19
STUART-WESTERN, INC.
STANDARD MOTOR PRODUCTS, INC.
20
MORTON INTERNATIONAL, INC.
GATKE CORPORATION
21
BRASSBESTOS BRAKE LINING COMPANY
22
H. KRASNE MANUFACTURING COMPANY
RITESET MANUFACTURING COMPANY
23
AUTO SPECIALTIES, INC.
BURNS INTERNATIONAL SERVICES CORPORATION
24
INTERNATIONAL TRUCK AND ENGINE CORPORATION
ARVINMERITOR, INC.
25
GENERAL CABLE CORPORATION
ROCKWELL AUTOMATION, INC.
26
CUTLER-HAMMER, INC.
OCCIDENTAL CHEMICAL CORPORATION
27
INGERSOLL-RAND COMPANY
UNISYS CORPORATION
28
HUGHES ELECTRONICS MANUFACTURING SERVICE COMPANY

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P.O. Box 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  METROPOLITAN LIFE INSURANCE COMPANY
   ASBESTOS MANUFACTURING COMPANY
2  FIBRE & METAL PRODUCTS COMPANY
   LASCO BRAKE PRODUCTS
3  L.J. MILEY COMPANY
   ROSSENDALE-RUBOIL COMPANY
4  SOUTHERN FRICTION MATERIALS COMPANY
   U.S. SPRING & BUMPER COMPANY
5  AUTO FRICTION CORPORATION
   EMSCO ASBESTOS COMPANY
6  FORCEE MANUFACTURING CORPORATION
   MOLDED INDUSTRIAL FRICTION CORPORATION
7  NATIONAL TRANSPORT SUPPLY, INC.
   SILVER LINE PRODUCTS, INC.
8  STANDCO, INC.
   UNIVERSAL FRICTION MATERIALS COMPANY
9  WHEELING.BRAKE BLOCK MANUFACTURING COMPANY
   and DOES 1-8500,
10

11       Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  Spencer Ward vs. Asbestos Defendants (B✤P)
28  San Francisco Superior Court

CASE NUMBER: CGC-03-417888  SPENCER WARD VS. ASBESTOS DEFENDANTS (B*P)AS

## NOTICE TO PLAINTIFF

This case is assigned to Plan II.  A Case Management Conference is set for:

DATE:   **FEB-19-2004**

TIME:   **1:30PM**

PLACE:  **Department 206**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.3 and 3.4 (Effective July 1, 1998) (Revised January 1, 2002)

No later than 15 calendar days before the Case Management Conference all parties must file a Case Management Statement (CM-110) and lodge a courtesy copy in Department 212.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint.  Proof of service subsequently filed with this court shall so state.

## NOTICE TO DEFENDANT

This Notice does not effect defendant's obligation to file a response to the complaint within **thirty (30) Days after service** , as indicated on the summons.

DAVID R. DONADIO. ESQ.. S.B. #154436
JOHN E. DURR, ESQ.. S.B. #206206
BRAYTON✦PURCELL
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California  94948-6169
(415) 898-1555

Attorneys for Plaintiff

SAN FRANCISCO COUNTY
SUPERIOR COURT

2003 MAR -3  PM 2: 02

OFFICE OF THE FL CLERK

BY:_____ DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

SPENCER WARD,

        Plaintiff,

vs.

ASBESTOS DEFENDANTS (B✦P)
As Reflected on Exhibits B, C, H; and
DOES 1-8500.

No. CGC 03 417888

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1.    Plaintiff SPENCER WARD was born November 22, 1944.

2.    Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibit A.

3.    The ©Brayton✦Purcell Master Complaint for Personal Injury [and Loss of Consortium]- Asbestos (hereinafter "Master Complaint") was filed January 2, 2003, in San Francisco Superior Court. A copy of the Master Complaint and General Order No. 55 may be obtained upon request from Brayton✦Purcell, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by General Order No. 55. Plaintiff's claims are as set forth in said Master Complaint against defendants herein as follows:

///

///

///

CASE MANAGEMENT CONFERENCE SET

PLAN II   FEB 1 9 2004   1 30 PM

DEPARTMENT 206

K:\Injured\32405\c-p-pf.wpd

1

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

## DEFENDANTS* ON EXHIBITS:

| Cause of Action | B | B-1 | C | D | E | F | G | H | I | J | K | L | M |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First (Negligence) | ☒ | ☐ | ☐ | | | | ☐ | ☐ | ☐ | | ☐ | ☐ | ☐ |
| Second (Strict Liability) | ☒ | ☐ | ☐ | | | | ☐ | ☐ | ☐ | | ☐ | ☐ | |
| Third (False Representation) | ☒ | ☐ | ☐ | | | | ☐ | | | | | | |
| Fourth (Loss of Consortium) | ☐ | ☐ | ☐ | | | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Fifth (Premises Owner/ Contractor Liability) | | ☐ | ☒ | | | | | | | | | | |
| Sixth, Seventh, Eighth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | ☐ | | | | | | | | | |
| Ninth (Longshore and Harbor Workers Compensation Act [LHWCA]) | | | | | ☐ | | | | | | | | |
| Tenth, Eleventh (F.E.L.A.) | | | | | | ☐ | | | | | | | |
| Twelfth, Thirteenth (Respiratory Safety Devices) | | | | | | | ☐ | | | | | | |
| Fourteenth, Fifteenth (Brake Shoe Grinding) | | | | | | | ☐ | | | | | | |
| Sixteenth (Concert of Action) | | | | | | | | ☒ | | | | | |
| Seventeenth, Eighteenth (Fraud, Deceit/Negligent Mistrepresentation/Concealment) | | | | | | | | | ☐ | | | | |
| Nineteenth (Fraud/Deceit/ Intentional Misrepresentation) | | | | | | | | | | ☐ | | | |
| Twentieth (Fraud/Deceit - Kent) | | | | | | | | | | | ☐ | | |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

1    4.    The Federal Courts lack subject matter jurisdiction over this action. as there is no

2   federal question and incomplete diversity of citizenship due to the presence of a California

3   defendant.  Removal is improper.  Every claim arising under the Constitution, treaties, or laws

4   of the United States is expressly disclaimed (including any claim arising from an act or

5   omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under

6   him occurring under color of such office).  No claim of admiralty or maritime law is raised.

7   Plaintiffs sue no foreign state or agency.  Venue is proper in San Francisco County Superior

8   Court.

9    5.    Plaintiff's claims against defendant VIACOM, INC. (successor by merger to

10   CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC

11   CORPORATION) exclude military and federal government jobsites.

12   Dated: 3/2/05                           BRAYTON✦PURCELL

13

14                                           By:
                                             David R. Donadio
15                                           Attorneys for Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

### EXHIBIT A

2    Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

3   locations both inside and outside the State of California, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Marine Corps | US Marine Corps Recruiting Depot, San Diego, CA | Trainee | 1963-1966 |
| | US Marine Corps, Okinawa, Japan | Radio Repairman | |
| | US Marine Corps, Vietnam | | |
| | US Marine Corps, Barstow, CA | | |
| Charley's TVs, Vacaville, CA | Charley's TVs, Vacaville, CA | Repairman | 1967 |
| Chandlers Furniture, Vacaville, CA | Chandlers Furniture, Vacaville, CA | Deliveryman | 1968 |
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, X17, X51, X56, Vallejo, CA | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Redesignated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| KB Homes, Vacaville, CA | KB Homes, Vacaville, CA | Service Representative | 2000-Present |

23    Plaintiff's exposure to asbestos and asbestos-containing products caused severe and

24   permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis,

25   and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer

26   and various other cancers.  Plaintiff was diagnosed with asbestos-related pleural disease on or

27   about July 2002.

28   ///

EXHIBIT A

K:\3naured\28405\e-cp-f-.wpd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT A (cont'd.)

1
2
3        Plaintiff is still employed and therefore has suffered no disability due to his asbestos-
4    related disease as "disability" is defined in California Code of Civil Procedure § 340.2.
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

K.\Uninured\2840\1c-p.pf.wpd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

EXHIBIT B

DEFENDANTS

ATLAS TURNER, INC.
AQUA-CHEM, INC.
ASBESTOS CORPORATION LIMITED
BELL ASBESTOS MINES LTD.
BUCYRUS INTERNATIONAL, INC.
GARLOCK SEALING TECHNOLOGIES, LLC
MacARTHUR COMPANY
METALCLAD INSULATION CORPORATION
OWENS-ILLINOIS, INC.
PLANT INSULATION COMPANY
RAPID-AMERICAN CORPORATION
R.F. MACDONALD CO.
THORPE INSULATION COMPANY
UNION CARBIDE CORPORATION
THE DOW CHEMICAL COMPANY
VIACOM, INC.
WALDRON, DUFFY, INC.
WESTERN MacARTHUR COMPANY
   (FORMERLY WESTERN ASBESTOS)
WESTERN ASBESTOS COMPANY
PNEUMO ABEX CORPORATION
HONEYWELL INTERNATIONAL, INC.
THE BUDD COMPANY
DAIMLERCHRYSLER CORPORATION
DANA CORPORATION
BRIDGESTONE/FIRESTONE NORTH
   AMERICAN TIRE, LLC

FORD MOTOR COMPANY
GENERAL MOTORS CORPORATION
LEAR-SIEGLER DIVERSIFIED HOLDINGS
   CORP.
MAREMONT CORPORATION
PARKER-HANNIFIN CORPORATION
STUART-WESTERN, INC.
STANDARD MOTOR PRODUCTS, INC.
MORTON INTERNATIONAL, INC.
GATKE CORPORATION
BRASSBESTOS BRAKE LINING COMPANY
H. KRASNE MANUFACTURING COMPANY
RITESET MANUFACTURING COMPANY
AUTO SPECIALTIES, INC.
BURNS INTERNATIONAL SERVICES
   CORPORATION
INTERNATIONAL TRUCK AND ENGINE
   CORPORATION
ARVINMERITOR, INC.
GENERAL CABLE CORPORATION
ROCKWELL AUTOMATION, INC.
CUTLER-HAMMER, INC.
OCCIDENTAL CHEMICAL CORPORATION
INGERSOLL-RAND COMPANY
UNISYS CORPORATION
HUGHES ELECTRONICS MANUFACTURING
   SERVICE COMPANY

ALTERNATE ENTITY

BUCYRUS INTERNATIONAL, INC.

BUCYRUS-ERIE
MARION POWER SHOVEL COMPANY, THE
OSGOOD COMPANY
GENERAL EXCAVATOR COMPANY

FORD MOTOR COMPANY

BRITISH LEYLAND MOTORS, INC.
JAGUAR CARS, INC.
TRIUMPH
LINCOLN CONTINENTAL
AUSTIN HEALEY

EXHIBIT B

K:\Uaw\red\28405\c-pnd.wrd
COMPLAINT FOR PERSONAL INJURY - ASBESTOS

1

EXHIBIT C

2

DEFENDANTS

3  PLANT INSULATION COMPANY                          WESTERN MacARTHUR COMPANY
   METALCLAD INSULATION CORPORATION                      (FORMERLY WESTERN ASBESTOS)
4  THORPE INSULATION COMPANY                         WESTERN ASBESTOS COMPANY
   MacARTHUR COMPANY

5
   CONTRACTOR
6  DEFENDANTS                          LOCATION                    TIME PERIOD

7  PLANT INSULATION COMPANY           Various                     Various

8  METALCLAD INSULATION               Various                     Various
   CORPORATION
9
   THORPE INSULATION COMPANY          Various                     Various
10
   WESTERN MacARTHUR COMPANY          Various                     Various
11 (FORMERLY WESTERN
   ASBESTOS)/MacARTHUR
12 COMPANY/WESTERN ASBESTOS
   COMPANY

13

14

EXHIBIT H

15  DEFENDANTS

16  METROPOLITAN LIFE INSURANCE COMPANY         H. KRASNE MANUFACTURING COMPANY
    PNEUMO ABEX CORPORATION                     AUTO SPECIALTIES MANUFACTURING COMPANY
17  BURNS INTERNATIONAL SERVICES                STUART-WESTERN, INC.
    CORPORATION (fka BORG-WARNER                RITESET MANUFACTURING COMPANY
18    AUTOMOTIVE, INC.)                         ASBESTOS MANUFACTURING COMPANY
    HONEYWELL INTERNATIONAL, INC. (successor-in- FIBRE & METAL PRODUCTS COMPANY
19  interest to ALLIEDSIGNAL, INC.)             LASCO BRAKE PRODUCTS
    THE BUDD COMPANY                            L.J. MILEY COMPANY
20  DAIMLERCHRYSLER CORPORATION                 ROSSENDALE-RUBOIL COMPANY
    DANA CORPORATION                            SOUTHERN FRICTION MATERIALS COMPANY
21  FORD MOTOR COMPANY                          U.S. SPRING & BUMPER COMPANY
    GENERAL MOTORS CORPORATION                  AUTO FRICTION CORPORATION
22  BRIDGESTONE/FIRESTONE                       EMSCO ASBESTOS COMPANY
      NORTH AMERICAN TIRE, LLC                  FORCEE MANUFACTURING CORPORATION
23  LEAR-SIEGLER DIVERSIFIED                    MOLDED INDUSTRIAL FRICTION CORPORATION
      HOLDINGS CORP.                            NATIONAL TRANSPORT SUPPLY, INC.
24  MAREMONT CORPORATION                        SILVER LINE PRODUCTS, INC.
    MORTON INTERNATIONAL, INC.                  STANDCO, INC.
25  PARKER-HANNIFIN CORPORATION                 UNIVERSAL FRICTION MATERIALS COMPANY
    STANDARD MOTOR PRODUCTS, INC.               WHEELING BRAKE BLOCK  MANUFACTURING
26  GATKE CORPORATION                             COMPANY
    GARLOCK SEALING TECHNOLOGIES, LLC           BELL ASBESTOS MINES LTD.
27  BRASSBESTOS BRAKE LINING COMPANY

28                                                             EXHIBITS C. H

K:\Insured\28401\c-ptof.wpd

7

COMPLAINT FOR PERSONAL INJURY - ASBESTOS

DAVID R. DONADIO, ESQ., S.B. #154436
BRAYTON❖PURCELL
Attorneys at Law
222 Rush Landing Road
P.O. Box 6169
Novato, California 94948-6169
(415) 898-1555

Attorneys for Plaintiff

SAN FRANCISCO COUNTY
SUPERIOR COURT

2003 MAR -3  PM 2: 03

GORDON PARK-LI, CLERK

BY:_____
              DEPUTY CLERK

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

SPENCER WARD,

     Plaintiff,

vs.

ASBESTOS DEFENDANTS (B❖P)

)
)
)
)
)
)
)
)
)

No. **CGC 03 4 7 888**

**PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION**

(See General Order No. 129, In Re: Complex Asbestos Litigation)

**NOTICE**

TO NEW DEFENDANTS SERVED IN COMPLEX ASBESTOS LITIGATION IN THE SUPERIOR COURT IN AND FOR THE STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

    You have been served with process in an action which has been designated by the Court as complex litigation pursuant to Standard 19 of the Standards of Judicial Administration. This litigation bears the caption "In Re:  Complex Asbestos Litigation", [San Francisco Superior Court No. 828684].

    This litigation is governed by various general orders, some of which affect the judicial management and/or discovery obligations, including the responsibility to answer interrogatories deemed propounded in the case.  You may contact the Court or Designated Defense Counsel, Berry & Berry, P.O. Box 16070, 2930 Lakeshore Avenue, Oakland, CA 94610; Telephone: (510) 835-8330; FAX: (510) 835-5117, for further information and/or copies of these orders, at your expense.

1. State the complete name and address of each person whose claimed exposure to asbestos is the basis of this lawsuit ("exposed person"): Spencer Ward, 256 Spindrift Way, Vacaville, California  95687.

1

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

2. Does plaintiff anticipate filing a motion for a preferential trial date within the next four months?   _____ Yes                 __X__ No

[If yes, the action will be governed by General Order No. 140; if no, the action will be governed by General Order No. 129.]

3. Date of birth of each exposed person in item one and, if applicable, date of death:

    Date of Birth:   __11/22/44__

    Date of Death:   __N/A__

Social Security Number of each exposed person:

    __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__

4. Specify the nature or type of asbestos-related disease alleged by each exposed person.

 _____ Asbestosis     _____ Mesothelioma

 __X__ Pleural Thickening/Plaques  _____ Other Cancer:  Specify: _____

 _____ Lung Cancer Other Than Mesothelioma _____ Other:  Specify: _____

5. For purposes of identifying the nature of exposure allegations involved in this action, please check one or more:

 __X__ Shipyard   _____ Construction  _____ Friction-Automotive

 _____ Premises   _____ Aerospace   __X__ Military

 _____ Other:  Specify all that apply: _____

If applicable, indicate which exposure allegations apply to which exposed person.

6. Identify each location alleged to be a source of an asbestos exposure, and to the extent known, provide the beginning and ending year(s) of each such exposure. Also specify each exposed person's employer and job title or job description during each period of exposure. (For example: "San Francisco Naval Shipyard - Pipefitter - 1939-1948"). Examples of locations of exposure might be a specific shipyard, a specific railroad maintenance yard, or perhaps more generalized descriptions such as "merchant marine" or "construction". If an exposed person claims exposure during only a portion of a year, the answer should indicate that year as the beginning and ending year (e.g., 1947-1947).

///

K:\Junk\on\2840\Svc-fact.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Marine Corps | US Marine Corps Recruiting Depot, San Diego, CA | Trainee | 1963-1966 |
| | US Marine Corps, Okinawa, Japan | Radio Repairman | |
| | US Marine Corps, Vietnam | | |
| | US Marine Corps, Barstow, CA | | |
| Charley's TVs, Vacaville, CA | Charley's TVs, Vacaville, CA | Repairman | 1967 |
| Chandlers Furniture, Vacaville, CA | Chandlers Furniture, Vacaville, CA | Deliveryman | 1968 |

(Attach Additional Pages, If Necessary) SEE ATTACHED CONTINUATION

7. For each exposed person who:

a. worked in the United States or for a U.S. agency outside the territorial United States, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Earnings authorization (Exhibit N-4 to General Order No. 129);

b. may have had a Social Security disability award or is no longer employed and whose last employment was not with a United States government agency, attach to the copy of this fact sheet provided to Designated Defense Counsel a fully executed Social Security Disability authorization (Exhibit N-5 to General Order No. 129);

c. served at any time in the United States military, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129);

d. was employed by the United States government in a civilian capacity, attach to the copy of this fact sheet provided to Designated Defense Counsel two fully executed originals of the stipulation (Exhibit N-3 to General Order No. 129).

///

///

1   8. If there is a wrongful death claim. attach to the copy of this fact sheet provided to Designated

2   Defense Counsel a copy of the death certificate, if available.  If an autopsy report was done. also

3   attach a copy of it to the copy of this fact sheet provided to Designated Defense Counsel.

4   9. State the date of the filing of the initial complaint in this matter:

5

6                                                        By:   _____

7                                                              Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard. Vallejo, CA | Mare Island Naval Shipyard. X17, X51, X56, Vallejo, CA | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Redesignated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| KB Homes, Vacaville, CA | KB Homes, Vacaville, CA | Service Representative | 2000-Present |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

K:\Uninured\28405\e-facts1.wpd
PRELIMINARY FACT SHEET/NEW FILING/ASBESTOS LITIGATION

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address)* | TELEPHONE |
|---|---|
| DAVID R. DONADIO, ESQ., STATE BAR NO. 154436<br>BRAYTON✛PURCELL<br>222 Rush Landing Road<br>Novato, California 94948-6169<br>Attorney for *(Name)*: Plaintiff(s) | (415) 898-1555 |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
SAN FRANCISCO SUPERIOR COURT
400 McAllister Street
San Francisco, CA  94102

CASE NAME:
SPENCER WARD vs. ASBESTOS DEFENDANTS (B✛P)

| CIVIL COVER SHEET<br>☐ Limited ☒ Unlimited | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>Assigned Judge: CGC-04-17888 |
|---|---|---|

Please complete all five (5) items below.

1. Check one box below of the case type that best describes this case:

Auto Tort
☐ Auto (22)
Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort
☒ Asbestos (04)
☐ Product Liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
Non-PI/PD/WD (Other) Tort
☐ Business tort/unfair business practice (07)
☐ Civil rights *(e.g., discrimination, false arrest)* (08)
☐ Defamation *(e.g., slander, libel)* (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence *(e.g., legal malpractice)* (25)
☐ Other non-PI/PD/WD tort (35)
Employment
☐ Wrongful termination (36)

☐ Other employment (15)
Contract
☐ Breach of contract/warranty (06)
☐ Collections *(e.g., money owed, open book accounts)* (09)
☐ Insurance coverage (18)
☐ Other contract (37)
Real Property
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property *(e.g., quiet title)* (26)
Unlawful Detainer
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
Judicial Review
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)

☐ Writ of mandate (02)
☐ Other judicial review (39)
Provisionally Complex Civil Litigation
(Cal. Rules of Court, rules 1800-1812)
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Claims involving mass tort (40)
☐ Securities litigation (28)
☐ Toxic tort/Environmental (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
Enforcement of Judgment
☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20)
Miscellaneous Civil Complaint
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
Miscellaneous Civil Petition
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☒ is ☐ is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☒ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought (check all that apply):
   a. ☒ Monetary  b. ☐ Nonmonetary; declaratory or injunctive relief  c. ☒ Punitive

4. Number of causes of action *(specify)*: 5

5. This case ☐ is ☒ is not a class action suit.

Date: 2/27/03

David R. Donadio
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

NOTICE
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of court, rule 982.2.)
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Approved for Mandatory Use
Judicial Council of California
982.03(a)[1][Rev. January 1, 2000]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 982.2, 1800-1812,
Standards of Judicial Administration, §19

—DO NOT FILE WITH THE COURT—
—UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585—

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|
| David R. Donadio Esq.   (Bar # 154436) | (415) 898-1555 | |
| BRAYTON◇PURCELL | FAX NO | |
| 222 Rush Landing Road | (415) 898-1247 | |
| Novato, California 94948 | | |

ATTORNEY FOR (name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

PLAINTIFF: SPENCER WARD
DEFENDANT: ASBESTOS DEFENDANTS (B◇P)

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER: CGC 03 417888

To (name of one defendant only): UNION CARBIDE CORPORATION
Plaintiff (name of one plaintiff only): SPENCER WARD
seeks damages in the above-entitled action, as follows:

| | | | AMOUNT |
|---|---|---|---|
| 1. General damages | | | |
| a. [X] | Pain, suffering, and inconvenience . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 250.000.00 |
| b. [X] | Emotional distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 50.000.00 |
| c. [ ] | Loss of consortium . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| d. [ ] | Loss of society and companionship (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . | $ | |
| e. [ ] | Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| f. [ ] | Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| g. [ ] | Continued on Attachment 1.g. | | |
| 2. Special damages | | | |
| a. [X] | Medical expenses (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 10.000.00 |
| b. [X] | Future medical expenses (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | 50.000.00 |
| c. [ ] | Loss of earnings (to date) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| d. [ ] | Loss of future earning capacity (present value) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| e. [ ] | Property damage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| f. [ ] | Funeral expenses (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| g. [ ] | Future contributions (present value) (wrongful death actions only) . . . . . . . . . . . . . . . . . . . . | $ | |
| h. [ ] | Value of personal service, advice, or training (wrongful death actions only) . . . . . . . . . . . . . . . | $ | |
| i. [X] | Other (specify) LOSS OF HOUSEHOLD SERVICES . . . . . . . . . . . . . . . . . . . . . . . | $ | 50.000.00 |
| j. [ ] | Other (specify) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | |
| k. [ ] | Continued on Attachment 2.k. | | |

3. [X]   Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify) . . $   2,500,000.00
         when pursuing a judgment in the suit filed against you.

Date:

David R. Donadio
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)
                        (Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(3)(24) [New January 1, 1997]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
JC Forms for HotDocs ™

—*DO NOT FILE WITH THE COURT*—
—*UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585*—

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and address) | TELEPHONE NO | FOR COURT USE ONLY |
|---|---|---|
| David R. Donadio Esq.    (Bar # 154436)<br>BRAYTON◇PURCELL<br>222 Rush Landing Road<br>Novato, California  94948 | (415) 898-1555<br>FAX NO<br>(415) 898-1247 | |

ATTORNEY FOR (name): Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco  94102
BRANCH NAME:

PLAINTIFF: SPENCER WARD
DEFENDANT: ASBESTOS DEFENDANTS (B◇P)

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

CASE NUMBER: CGC 03 4 1 7 8 8 8

To (name of one defendant only): RAPID-AMERICAN CORPORATION
Plaintiff (name of one plaintiff only): SPENCER WARD
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience .................................... $   250,000.00
   b. [X] Emotional distress ................................................. $   50,000.00
   c. [ ] Loss of consortium ................................................. $   _____
   d. [ ] Loss of society and companionship (wrongful death actions only) ...... $   _____
   e. [ ] Other (specify) .................................................... $   _____
   f. [ ] Other (specify) .................................................... $   _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses (to date) ......................................... $   10,000.00
   b. [X] Future medical expenses (present value) ............................ $   50,000.00
   c. [ ] Loss of earnings (to date) ......................................... $   _____
   d. [ ] Loss of future earning capacity (present value) .................... $   _____
   e. [ ] Property damage .................................................... $   _____
   f. [ ] Funeral expenses (wrongful death actions only) ..................... $   _____
   g. [ ] Future contributions (present value) (wrongful death actions only) .. $   _____
   h. [ ] Value of personal service, advice, or training (wrongful death actions only) ... $   _____
   i. [X] Other (specify) LOSS OF HOUSEHOLD SERVICES ........................ $   50,000.00
   j. [ ] Other (specify) .................................................... $   _____
   k. [ ] Continued on Attachment 2.k.

3. [X] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) . . $   2,500,000.00
   when pursuing a judgment in the suit filed against you.

Date:

........................ David R. Donadio ........................
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(a)(24) [New January 1, 1997]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
*JC Forms for HotDocs ™*

—DO NOT FILE WITH THE COURT—

—UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585—

| ATTORNEY OR PARTY WITHOUT ATTORNEY (name and address) | TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|---|
| David R. Donadio Esq.    (Bar # 154436)<br>BRAYTON◇PURCELL<br>222 Rush Landing Road<br>Novato, California  94948<br>ATTORNEY FOR (name)  Plaintiff | (415) 898-1555<br>FAX NO<br>(415) 898-1247 | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco  94102
BRANCH NAME:

PLAINTIFF: SPENCER WARD

DEFENDANT: ASBESTOS DEFENDANTS (B◇P)

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER CGC 03 417888 |
|---|---|

To (name of one defendant only): WALDRON, DUFFY, INC.

Plaintiff (name of one plaintiff only): SPENCER WARD

seeks damages in the above-entitled action, as follows:

|  |  |  | AMOUNT |
|---|---|---|---|
| 1. | **General damages** | | |
| | a. [X] Pain, suffering, and inconvenience | $ | 250,000.00 |
| | b. [X] Emotional distress | $ | 50,000.00 |
| | c. [ ] Loss of consortium | $ | |
| | d. [ ] Loss of society and companionship (wrongful death actions only) | $ | |
| | e. [ ] Other (specify) | $ | |
| | f. [ ] Other (specify) | $ | |
| | g. [ ] Continued on Attachment 1.g. | | |
| 2. | **Special damages** | | |
| | a. [X] Medical expenses (to date) | $ | 10,000.00 |
| | b. [X] Future medical expenses (present value) | $ | 50,000.00 |
| | c. [ ] Loss of earnings (to date) | $ | |
| | d. [ ] Loss of future earning capacity (present value) | $ | |
| | e. [ ] Property damage | $ | |
| | f. [ ] Funeral expenses (wrongful death actions only) | $ | |
| | g. [ ] Future contributions (present value) (wrongful death actions only) | $ | |
| | h. [ ] Value of personal service, advice, or training (wrongful death actions only) | $ | |
| | i. [X] Other (specify) LOSS OF HOUSEHOLD SERVICES | $ | 50,000.00 |
| | j. [ ] Other (specify) | $ | |
| | k. [ ] Continued on Attachment 2.k. | | |
| 3. | [X]  **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of (specify) | $ | 2,500,000.00 |
| | when pursuing a judgment in the suit filed against you. | | |

Date:

David R. Donadio
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Form Adopted by Rule 982
Judicial Council of California
982(a)(24) [New January 1, 1997]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
JC Forms for HotDocs ™

2

1  ALAN R. BRAYTON. ESQ., S.B. #73685
   MICHAEL R. SANTIAGO, ESQ., S.B. #209539
2  BRAYTON✦PURCELL
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948
   (415) 898-1555
5
   Attorneys for Plaintiff
6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN FRANCISCO

10

11 SPENCER WARD.                    )    No. 417888
                                    )
12          Plaintiffs,             )    PLAINTIFF'S RESPONSE TO
                                    )    DEFENDANT UNISYS
13 vs.                              )    CORPORATION'S SPECIAL
                                    )    INTERROGATORIES
14 ASBESTOS DEFENDANTS (BHC)        )

15

16 PROPOUNDING PARTY:    Defendant UNISYS CORPORATION

17 RESPONDING PARTY:     Plaintiff SPENCER WARD

18 SET NO:               ONE

19 RESPONSE TO INTERROGATORY NO. 1: Plaintiff objects to this interrogatory on the
   grounds that it is overly broad and unduly burdensome.  Notwithstanding the aforementioned
20 objections, plaintiff responds as follows: Yes.

21 RESPONSE TO INTERROGATORY NO. 2: Plaintiff objects to this interrogatory on the
   grounds that it is overly broad and unduly burdensome.  Plaintiff further objects to this
22 interrogatory on the grounds that it seeks information protected by the attorney-client privilege
   and/or the attorney work-product doctrine.  Plaintiff further objects to this interrogatory on the
23 grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P.
   § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff
24 responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's
   liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician
25 throughout his career, and used, applied and removed asbestos-containing products and worked
   in proximity to other trades as they used, applied and removed asbestos-containing products,
26 which included products manufactured, sold, supplied, distributed and/or otherwise put in
   commerce by defendant UNISYS CORPORATION at the following locations:
27 ///

28 ///

K:\Injured\28405\reg-rsp-unisys.wpd                    1

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

 After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

RESPONSE TO INTERROGATORY NO. 3: Plaintiff identifies himself, c/o Brayton✣Purcell.
 After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

///

1  **RESPONSE TO INTERROGATORY NO. 4**: Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiff further objects on the grounds
2  that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this Interrogatory on the grounds that it seeks premature
3  disclosure of expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff
4  identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant
5  action to coordinating defense counsel, Berry & Berry.

6  After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
7  continue, plaintiff reserves the right to supplement this response.

8  **RESPONSE TO INTERROGATORY NO. 5**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
9  investigation and discovery continue, plaintiff reserves the right to supplement this response.

10  **RESPONSE TO INTERROGATORY NO. 6**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
11  investigation and discovery continue, plaintiff reserves the right to supplement this response.

12  **RESPONSE TO INTERROGATORY NO. 7**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
13  investigation and discovery continue, plaintiff reserves the right to supplement this response.

14  **RESPONSE TO INTERROGATORY NO. 8**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
15  investigation and discovery continue, plaintiff reserves the right to supplement this response.

16  **RESPONSE TO INTERROGATORY NO. 9**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
17  investigation and discovery continue, plaintiff reserves the right to supplement this response.

18  **RESPONSE TO INTERROGATORY NO. 10**: After a reasonable and diligent inquiry, plaintiff currently lacks sufficient information to respond to this interrogatory. However, as plaintiff's
19  investigation and discovery continue, plaintiff reserves the right to supplement this response.

20  **RESPONSE TO INTERROGATORY NO. 11**: Plaintiff objects to this Interrogatory on the grounds that it contains sub-parts in violation of CCP §2030(c)(5). Subject to the foregoing
21  objections and without waiver thereof, Plaintiff responds as follows:

22  (a) One
(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
23  burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine.
24  Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned
25  objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of
26  exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and
27  removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
28  following locations:
///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

     (c) Plaintiff identifies himself, c/o Brayton❖Purcell.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

     (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this

1   Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
    violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver
2   thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
    Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
3   records previously released in the instant action to coordinating defense counsel, Berry & Berry.
            After a reasonable and good faith inquiry, plaintiff currently possesses no further
4   information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
    continue, plaintiff reserves the right to supplement this response.
5
            (a) Two
6           (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
    burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks
7   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
    Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
8   expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
    objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
9   state with specificity the basis of defendant's liability with respect to each and every incidence of
    exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
10  asbestos-containing products and worked in proximity to other trades as they used, applied and
    removed asbestos-containing products, which included products manufactured, sold, supplied,
11  distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
    following locations:
12

| 13 | Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|---|
| 14 | Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| 16 | | BAINBRIDGE (DD-246) | | |
| 17 | | CARL VINSON (CVN-70) | | |
| 18 | | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| 19 | | PERMIT (SSN-594) | | |
| 20 | | DRUM (SSN-677) | | |
| 21 | | GUITARRO (SSN-665) | | |
| 22/23 | Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| 24 | | PINTADO (SSN-672) | | |
| 25 | | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

26  Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
27  Plaintiff recalls working in various areas of the ships and submarines, including the engine and
    boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
28  pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including

1  pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
   the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
2  seeing insulation products manufactured by OC and Fiberboard. Plaintiff recalls cutting and
   stripping wires covered with asbestos-containing insulation that were manufactured by General
3  Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material,
   manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff
4  recalls repairing and installing navigation and fire control systems manufactured by Collins and
   Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit
5  boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse.
   Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls
6  making repairs to electronic components on boilers and turbines. Plaintiff recalls removing
   asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to
7  make electrical repairs.
           After a reasonable and good faith inquiry, plaintiff currently possesses no further
8  information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
   continue, plaintiff reserves the right to supplement this response.
9          (c) Plaintiff identifies himself, c/o Brayton❖Purcell.
           After a reasonable and good faith inquiry, plaintiff currently possesses no further
10 information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
   continue, plaintiff reserves the right to supplement this response.
11         (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
   burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
12 attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
   Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
13 violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
   thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
14 Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
   records previously released in the instant action to coordinating defense counsel, Berry & Berry.
15         After a reasonable and good faith inquiry, plaintiff currently possesses no further
   information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
16 continue, plaintiff reserves the right to supplement this response.

17         (a) Three
           (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
18 burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
19 Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
   expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned
20 objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
   state with specificity the basis of defendant's liability with respect to each and every incidence of
21 exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
   asbestos-containing products and worked in proximity to other trades as they used, applied and
22 removed asbestos-containing products, which included products manufactured, sold, supplied,
   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
23 following locations:

24

25 | Employer | Location of Exposure | Job Title | Exposure Dates |
   |---|---|---|---|
26 | Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
27 | | | | |
   | | BAINBRIDGE (DD-246) | | |
28 | | | | |
   | | CARL VINSON (CVN-70) | | |

| | | | |
|---|---|---|---|
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

///

///

(a) Four

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse.

Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Five

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |

| | | | |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Six

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied,

distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

     (c) Plaintiff identifies himself, c/o Brayton✦Purcell.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

1    (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
2    attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
3    violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
4    Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.
5    After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
6    continue, plaintiff reserves the right to supplement this response.

7    (a) Seven

8    (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
9    information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
10   expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
11   state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
12   asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied,
13   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
| --- | --- | --- | --- |
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

///

1   Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
    Plaintiff recalls working in various areas of the ships and submarines, including the engine and
2   boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
    pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including
3   pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
    the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
4   seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and
    stripping wires covered with asbestos-containing insulation that were manufactured by General
5   Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material,
    manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff
6   recalls repairing and installing navigation and fire control systems manufactured by Collins and
    Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit
7   boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse.
    Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls
8   making repairs to electronic components on boilers and turbines. Plaintiff recalls removing
    asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to
9   make electrical repairs.
                 After a reasonable and good faith inquiry, plaintiff currently possesses no further
10  information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
    continue, plaintiff reserves the right to supplement this response.
11               (c) Plaintiff identifies himself, c/o Brayton✦Purcell.
                 After a reasonable and good faith inquiry, plaintiff currently possesses no further
12  information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
    continue, plaintiff reserves the right to supplement this response.
13               (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
    burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
14  attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
    Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
15  violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
    thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
16  Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
    records previously released in the instant action to coordinating defense counsel, Berry & Berry.
17               After a reasonable and good faith inquiry, plaintiff currently possesses no further
    information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
18  continue, plaintiff reserves the right to supplement this response.

19               (a) Eight
                 (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
20  burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
    information protected by the attorney-client privilege and/or the attorney work-product doctrine.
21  Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
    expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned
22  objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
    state with specificity the basis of defendant's liability with respect to each and every incidence of
23  exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
    asbestos-containing products and worked in proximity to other trades as they used, applied and
24  removed asbestos-containing products, which included products manufactured, sold, supplied,
    distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
25  following locations:

26  ///

27  ///

28  ///

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

     (c) Plaintiff identifies himself, c/o Brayton❖Purcell.

     After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

     (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this

Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Nine

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including

1  pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
   the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
2  seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and
   stripping wires covered with asbestos-containing insulation that were manufactured by General
3  Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material,
   manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff
4  recalls repairing and installing navigation and fire control systems manufactured by Collins and
   Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit
5  boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse.
   Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls
6  making repairs to electronic components on boilers and turbines. Plaintiff recalls removing
   asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to
7  make electrical repairs.
          After a reasonable and good faith inquiry, plaintiff currently possesses no further
8  information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
   continue, plaintiff reserves the right to supplement this response.
9          (c) Plaintiff identifies himself, c/o Brayton✦Purcell.
          After a reasonable and good faith inquiry, plaintiff currently possesses no further
10 information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
   continue, plaintiff reserves the right to supplement this response.
11         (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
   burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
12 attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
   Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
13 violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
   thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
14 Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
   records previously released in the instant action to coordinating defense counsel, Berry & Berry.
15         After a reasonable and good faith inquiry, plaintiff currently possesses no further
   information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
16 continue, plaintiff reserves the right to supplement this response.

17         (a) Ten
          (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
18 burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
19 Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
   expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned
20 objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
   state with specificity the basis of defendant's liability with respect to each and every incidence of
21 exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
   asbestos-containing products and worked in proximity to other trades as they used, applied and
22 removed asbestos-containing products, which included products manufactured, sold, supplied,
   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
23 following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |

| | | | |
|---|---|---|---|
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Eleven
(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks

1  information protected by the attorney-client privilege and/or the attorney work-product doctrine.
2  Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
3  objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of
4  exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and
5  removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
6  following locations:

7

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D. Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

1          After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
2   continue, plaintiff reserves the right to supplement this response.
           (c) Plaintiff identifies himself, c/o Brayton❖Purcell.
3          After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
4   continue, plaintiff reserves the right to supplement this response.
           (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
5   burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
6   Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
7   thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
8   records previously released in the instant action to coordinating defense counsel, Berry & Berry.
           After a reasonable and good faith inquiry, plaintiff currently possesses no further
9   information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
continue, plaintiff reserves the right to supplement this response.
10

           (a) Twelve
11         (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
12   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
13   expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
14   state with specificity the basis of defendant's liability with respect to each and every incidence of
exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
15   asbestos-containing products and worked in proximity to other trades as they used, applied and
removed asbestos-containing products, which included products manufactured, sold, supplied,
16   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
following locations:
17

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51. X56 | Marine Electrician | 1969-1995 |
|  | BAINBRIDGE (DD-246) |  |  |
|  | CARL VINSON (CVN-70) |  |  |
|  | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) |  |  |
|  | PERMIT (SSN-594) |  |  |
|  | DRUM (SSN-677) |  |  |
|  | GUITARRO (SSN-665) |  |  |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |

PINTADO (SSN-672)

Naval Station, Guam, M.I.:                         1970, approx. 6
various unknown ships                              months

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Thirteen

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

Location of                                       Exposure

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

   After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

   (c) Plaintiff identifies himself, c/o Brayton✠Purcell.

   After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

   (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver

1  thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
   Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
2  records previously released in the instant action to coordinating defense counsel, Berry & Berry.
              After a reasonable and good faith inquiry, plaintiff currently possesses no further
3  information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
   continue, plaintiff reserves the right to supplement this response.

4

5  ///

6      (a) Fourteen
       (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
7  burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
8  Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
   expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
9  objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
   state with specificity the basis of defendant's liability with respect to each and every incidence of
10 exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
   asbestos-containing products and worked in proximity to other trades as they used, applied and
11 removed asbestos-containing products, which included products manufactured, sold, supplied,
   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
12 following locations:

13

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

27 Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
   Plaintiff recalls working in various areas of the ships and submarines, including the engine and
28 boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
   pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including

pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Fifteen

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |

| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton✛Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Sixteen

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks

1   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
    Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
2   expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
    objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
3   state with specificity the basis of defendant's liability with respect to each and every incidence of
    exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
4   asbestos-containing products and worked in proximity to other trades as they used, applied and
    removed asbestos-containing products, which included products manufactured, sold, supplied,
5   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
    following locations:

6

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station. Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
Plaintiff recalls working in various areas of the ships and submarines, including the engine and
boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including
pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and
stripping wires covered with asbestos-containing insulation that were manufactured by General
Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material,
manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff
recalls repairing and installing navigation and fire control systems manufactured by Collins and
Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit
boards manufactured by SPERRY RAND, Square D, Hughes Electronics. GE. Westinghouse.
Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls
making repairs to electronic components on boilers and turbines. Plaintiff recalls removing
asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to
make electrical repairs.

1    After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
2    continue, plaintiff reserves the right to supplement this response.
     (c) Plaintiff identifies himself, c/o Brayton❖Purcell.
3    After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
4    continue, plaintiff reserves the right to supplement this response.
     (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
5    burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
6    Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
7    thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
8    records previously released in the instant action to coordinating defense counsel, Berry & Berry.
     After a reasonable and good faith inquiry, plaintiff currently possesses no further
9    information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
continue, plaintiff reserves the right to supplement this response.
10
     (a) Seventeen
11   (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
12   information protected by the attorney-client privilege and/or the attorney work-product doctrine.
Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
13   expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
14   state with specificity the basis of defendant's liability with respect to each and every incidence of
exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
15   asbestos-containing products and worked in proximity to other trades as they used, applied and
removed asbestos-containing products, which included products manufactured, sold, supplied,
16   distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
following locations:
17

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |

PINTADO (SSN-672)

Naval Station, Guam, M.I.:                                    1970, approx. 6
various unknown ships                                         months

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
Plaintiff recalls working in various areas of the ships and submarines, including the engine and
boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including
pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in
the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls
seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and
stripping wires covered with asbestos-containing insulation that were manufactured by General
Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material
manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff
recalls repairing and installing navigation and fire control systems manufactured by Collins and
Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit
boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse.
Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls
making repairs to electronic components on boilers and turbines. Plaintiff recalls removing
asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to
make electrical repairs.
        After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
continue, plaintiff reserves the right to supplement this response.
        (c) Plaintiff identifies himself, c/o Brayton✛Purcell.
        After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
continue, plaintiff reserves the right to supplement this response.
        (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly
burdensome.  Plaintiff further objects on the grounds that it seeks information protected by the
attorney-client privilege and/or the attorney work-product doctrine.  Plaintiff objects to this
Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in
violation of C.C.P. § 2034.  Notwithstanding the aforementioned objections, and without waiver
thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case
Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical
records previously released in the instant action to coordinating defense counsel, Berry & Berry.
        After a reasonable and good faith inquiry, plaintiff currently possesses no further
information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
continue, plaintiff reserves the right to supplement this response.

        (a) Eighteen
        (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
burdensome.  Plaintiff further objects to this interrogatory on the grounds that it seeks
information protected by the attorney-client privilege and/or the attorney work-product doctrine.
Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
expert witness testimony in violation of C.C.P. § 2034.  Notwithstanding the aforementioned
objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
state with specificity the basis of defendant's liability with respect to each and every incidence of
exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
asbestos-containing products and worked in proximity to other trades as they used, applied and
removed asbestos-containing products, which included products manufactured, sold, supplied,
distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
following locations:

Location of                                                  Exposure

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton❖Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in

1   violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without
2   waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard
    Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records
    and all medical records previously released in the instant action to coordinating defense counsel.
3   Berry & Berry.
4           After a reasonable and good faith inquiry, plaintiff currently possesses no further
    information responsive to this Interrogatory. However, as plaintiff's investigation and discovery
5   continue, plaintiff reserves the right to supplement this response.

6           (a) Nineteen
            (b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly
7   burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks
    information protected by the attorney-client privilege and/or the attorney work-product doctrine.
8   Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of
    expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned
9   objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently
    state with specificity the basis of defendant's liability with respect to each and every incidence of
10  exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed
    asbestos-containing products and worked in proximity to other trades as they used, applied and
11  removed asbestos-containing products, which included products manufactured, sold, supplied,
    distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the
12  following locations:

13  | Employer | Location of Exposure | Job Title | Exposure Dates |
    |---|---|---|---|
14  | Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
15  |  |  |  |  |
16  |  | BAINBRIDGE (DD-246) |  |  |
17  |  | CARL VINSON (CVN-70) |  |  |
18  |  | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) |  |  |
19  |  |  |  |  |
20  |  | PERMIT (SSN-594) |  |  |
21  |  | DRUM (SSN-677) |  |  |
22  |  | GUITARRO (SSN-665) |  |  |
23  | Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
24  |  | PINTADO (SSN-672) |  |  |
25  |  | Naval Station, Guam, M.I.: various unknown ships |  | 1970, approx. 6 months |
26  |  |  |  |  |

27  Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment.
    Plaintiff recalls working in various areas of the ships and submarines, including the engine and
    boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and
28  pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including
    pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in

the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(c) Plaintiff identifies himself, c/o Brayton✠Purcell.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

(a) Twenty

(b) Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff further objects to this interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff cannot currently state with specificity the basis of defendant's liability with respect to each and every incidence of exposure. Plaintiff worked as an electrician throughout his career, and used, applied and removed asbestos-containing products and worked in proximity to other trades as they used, applied and removed asbestos-containing products, which included products manufactured, sold, supplied, distributed and/or otherwise put in commerce by defendant UNISYS CORPORATION at the following locations:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Mare Island Naval Shipyard, Vallejo, CA | Mare Island Naval Shipyard, Vallejo, CA: X17, X51, X56 | Marine Electrician | 1969-1995 |
| | BAINBRIDGE (DD-246) | | |
| | CARL VINSON (CVN-70) | | |

| | | | |
|---|---|---|---|
| | MIDWAY (CVB-41; Re-designated CVA-41, 10/52) | | |
| | PERMIT (SSN-594) | | |
| | DRUM (SSN-677) | | |
| | GUITARRO (SSN-665) | | |
| Mare Island Naval Shipyard, Vallejo, CA (con't) | HAWKBILL (SSN-666) | Marine Electrician | 1969-1995 |
| | PINTADO (SSN-672) | | |
| | Naval Station, Guam, M.I.: various unknown ships | | 1970, approx. 6 months |

Job Duties: Plaintiff recalls repairing, installing and removing ship electronic equipment. Plaintiff recalls working in various areas of the ships and submarines, including the engine and boiler rooms. Plaintiff recalls working in proximity to insulators, machinists, boilermakers and pipefitters. Plaintiff recalls seeing various asbestos-containing products being used including pipecovering, cement, cement boards, pipe, tape, fiber and gaskets. Plaintiff recalls working in the insulator and sheet metal mechanic shops in addition to the electrician shop. Plaintiff recalls seeing insulation products manufactured by OC and Fibreboard. Plaintiff recalls cutting and stripping wires covered with asbestos-containing insulation that were manufactured by General Cable Company, Times and GE. Plaintiff recalls scratching and drilling Bakelite material, manufactured by Union Carbide, during routine repairs to ship electronic equipment. Plaintiff recalls repairing and installing navigation and fire control systems manufactured by Collins and Rockwell. Plaintiff recalls repairing and installing controls, gauges, transducers and circuit boards manufactured by SPERRY RAND, Square D, Hughes Electronics, GE, Westinghouse. Plaintiff recalls repairing and installing motors manufactured by Ingersoll Rand. Plaintiff recalls making repairs to electronic components on boilers and turbines. Plaintiff recalls removing asbestos-containing insulation from boilers, turbines, pipes and other ship components in order to make electrical repairs.

    After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

    (c) Plaintiff identifies himself, c/o Brayton✤Purcell.

    After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

    (d) Plaintiff objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Plaintiff further objects on the grounds that it seeks information protected by the attorney-client privilege and/or the attorney work-product doctrine. Plaintiff objects to this Interrogatory on the grounds that it seeks premature disclosure of expert witness testimony in violation of C.C.P. § 2034. Notwithstanding the aforementioned objections, and without waiver thereof, plaintiff responds as follows: Plaintiff identifies his responses to Standard Asbestos Case Interrogatories, Set No. 1. Plaintiff further identifies his social security records and all medical records previously released in the instant action to coordinating defense counsel, Berry & Berry.

///

///

///

1

After a reasonable and good faith inquiry, plaintiff currently possesses no further information responsive to this Interrogatory. However, as plaintiff's investigation and discovery continue, plaintiff reserves the right to supplement this response.

2

3

Dated: _9/15/03_                          BRAYTON❖PURCELL

4

5

By: _____

6

Michael R. Santiago
Attorneys for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>VERIFICATION TO FOLLOW</u>

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BRAYTON♦PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1

## PROOF OF SERVICE BY MAIL

2

3       I am employed in the County of Marin, State of California. I am over the age of 18
years and am not a party to the within action. My business address is 222 Rush Landing Road,
4   P.O. Box 6169, Novato, California 94948-6169.

5       On ___9·16·03___, I served the within:

6   **PLAINTIFF'S RESPONSE TO DEFENDANT UNISYS CORPORATION'S
SPECIAL INTERROGATORIES**
7

on the interested parties in this action by transmitting a true copy thereof in the following
8   manner.

9       I caused each of the above document(s) to be placed in a sealed envelope, postage
thereon prepaid, addressed and served as follows:
10

UNISYS CORPORATION
11  Burke, Williams & Sorensen
611 West Sixth Street, Ste. 2500
12  Los Angeles, CA 90017

13

          BY MAIL SERVICE:        I am readily familiar with the business practice at
14                                my place of business for collection and processing
                                  of correspondence for delivery by mail.
15                                Correspondence so collected and processed is
                                  deposited with the United States Postal Service on
16                                the same day in the ordinary course of business.
                                  On the above date the said envelope was collected
17                                for the United States Postal Service following
                                  ordinary business practices.
18

     Executed ___9·16·03___, at Novato, California.
19

       I declare under penalty of perjury under the laws of the State of California that
20  the foregoing is true and correct.

21

22

23

24

25

Spencer Ward v. Asbestos Defendants (BHC)
26  San Francisco Superior Court Case No. 417888

27

28

PROOF OF SERVICE BY MAIL

BRAYTON❖PURCELL
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

1  FRANK D. POND/SBN 126191
   MICHAEL A. GRAHAM/SBN 179051
2  **BURKE, WILLIAMS & SORENSEN, LLP**
   611 West Sixth Street, Suite 2500
3  Los Angeles, California 90017
   (213) 236-0600; Fax (213) 236-2700
4  Asbestos Dept. Fax (213) 623-3594

5  Attorneys for Defendant
   **UNISYS CORPORATION**

6

7

8  **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

9

10

11  SPENCER WARD,                           Case No: CGC 03-417888

12          Plaintiff,                      **UNISYS CORPORATION'S FIRST SET OF**
                                            **SPECIALLY PREPARED**
13      vs.                                 **INTERROGATORIES TO PLAINTIFF**

14  ASBESTOS DEFENDANTS (BHC), et al.,

15          Defendants.

16

17  PROPOUNDING PARTY:    Defendant UNISYS CORPORATION

18  RESPONDING PARTY:     Plaintiff SPENCER WARD

19  SET NUMBER:           ONE

20          Pursuant to section 2030 of the *Code of Civil Procedure*, defendant UNISYS

21  CORPORATION ("UNISYS") requests that Plaintiff answer fully in writing and under oath

22  within thirty (30) days of service to the following Specially Prepared Interrogatories.

23                          **DEFINITIONS**

24          As used herein, "YOU" and "YOUR" means and refers to plaintiff SPENCER WARD.

25          As used herein, "UNISYS" means and refers to defendant UNISYS CORPORATION.

26          For purposes of these interrogatories, "IDENTIFY EACH PERSON" means to state the

27  person's name, last known address, and telephone number.

28          For purposes of these interrogatories, "IDENTIFY EACH DOCUMENT" means to set

LA #131372                           - 1 -

1  forth the title of the DOCUMENT, if any, the date, the originator or author, the sender, the

2  recipient(s) and a general description of the content of such document.

3      As used in these interrogatories, "STATE ALL FACTS" means to state the brand name

4  and physical description of the product(s); the type of asbestos fiber; the location at which YOU

5  were exposed; the date of exposure, the duration of exposure; the intensity of exposure, the

6  frequency of exposure, YOUR proximity to the product, the quantity of fiber to which YOU

7  were exposed; and the events that took place at that location that caused the alleged exposure.

8  **INTERROGATORIES**

9  **INTERROGATORY NO. 1:**

10      Do YOU contend that YOU were exposed to asbestos fiber from any product

11  manufactured, sold, supplied, distributed, and/or otherwise put in commerce by UNISYS?

12  **INTERROGATORY NO. 2:**

13      For each instance in which YOU contend YOU were exposed to asbestos fiber from any

14  product manufactured, sold, supplied, distributed, and/or otherwise put in commerce by

15  UNISYS, STATE ALL FACTS upon which YOU base each contention.

16  **INTERROGATORY NO. 3:**

17      For each instance in which YOU contend YOU were exposed to asbestos fiber from any

18  product manufactured, sold, supplied, distributed, and/or otherwise put in commerce by

19  UNISYS, IDENTIFY EACH PERSON known to YOU who has knowledge of the facts upon

20  which YOU base such contention.

21  **INTERROGATORY NO. 4:**

22      IDENTIFY EACH DOCUMENT supporting YOUR contention that YOU were exposed

23  to asbestos fiber from any product manufactured, sold, supplied, or distributed by UNISYS.

24  **INTERROGATORY NO. 5:**

25      Do YOU contend that YOU were exposed to asbestos fiber from products or activities for

26  which entities other than UNISYS is responsible?

27  **INTERROGATORY NO. 6:**

28      If YOUR response to Interrogatory No. 5 is yes, STATE ALL FACTS upon which YOU

1  base your contention that YOU were exposed to asbestos fiber from products or activities for

2  which entities other than UNISYS are responsible.

3  **INTERROGATORY NO. 7:**

4      If YOUR response to Interrogatory No. 5 is yes , IDENTIFY EACH PERSON known to

5  YOU who has knowledge of the facts related to YOUR exposure to asbestos fiber from products

6  or activities for which entities other than UNISYS are responsible.

7  **INTERROGATORY NO. 8:**

8      IDENTIFY EACH DOCUMENT supporting YOUR contention that YOU were exposed

9  to asbestos-containing products for which entities other than UNISYS is responsible.

10  **INTERROGATORY NO. 9:**

11      Please describe all facts that support YOUR claim that UNISYS' acts were done with

12  malice, fraud and/or conscious disregard for the safety of others as alleged in YOUR complaint.

13  **INTERROGATORY NO. 10:**

14      Please IDENTIFY EACH DOCUMENT supporting YOUR claim that UNISYS' acts

15  were done with malice, fraud and/or conscious disregard for the safety of others as alleged in

16  YOUR complaint.

17  **INTERROGATORY NO. 11:**

18      Is your response to each request for admission served with these interrogatories an

19  unqualified admission?  If not, for each response that is not an unqualified admission:

20          (a)    state the number of the request;

21          (b)    state all facts upon which you base your response;

22          (c)    state the names, addresses and telephone numbers of all persons who have

23  knowledge of those facts;

24          (d)    IDENTIFY EACH DOCUMENT and other tangible things that support

25  your response and state the name, address, and telephone number of the person who has each

26  document or thing.

27  / / /

28  / / /

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 611 West Sixth Street, Suite 2500, Los Angeles, CA 90017-3102.

On August 12, 2003, I served the foregoing document described as **UNISYS CORP.'S FIRST SET OF SPECIALLY PREPARED INTERROGATORIES TO PLAINTIFF** on the interested parties in this action by placing a true copy (on recycled paper) thereof enclosed in a sealed envelope addressed as follows:

David R. Donadio, Esq.
Brayton   Purcell
222 Rush Landing
Novato, CA  94945-2469

Berry & Berry
P.O. Box 16070
Oakland, CA  94610-3614

[x] (By Mail): As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 12, 2003, at Los Angeles, California.

State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Lisa Villarreal
PRINT NAME

SIGNATURE          4488.0005

LA #120316 v1

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SPENCER WARD

        Plaintiff(s),

    v.

ASBESTOS DEFENDANTS

        Defendant(s).

                     /

No. C 03-04686 JSW

**CLERK'S NOTICE**

     YOU ARE HEREBY NOTIFIED that on May 21, 2004, at 9:00 a.m., in Courtroom 2 on the 17th floor of the Federal Building, 450 Golden Gate Avenue, San Francisco, California, the HONORABLE JEFFREY S. WHITE will conduct the Motion to Remand **previously noticed for** February 20, 2004, in this matter.

                                 Richard W. Wieking
                                 Clerk, United States District Court

                                 By: _____/s/_____
                                 Jennifer Ottolini, Deputy Clerk
                                 Honorable Jeffrey S. White
                                 (415) 522-4173

Dated: February 10, 2004