MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 22 2004

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-62155-CIV-COHN/SNOW

FILED by ___ D.C.

JAN 30 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

DONALD MILLER and
AMANDA MILLER, his wife,

    Plaintiffs,

vs.

AMERICAN HONDA MOTOR
COMPANY, INC., *et al.*,

    Defendants.
_____/

**CLOSED
CIVIL
CASE**

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Remand [DE 16]. The Court has carefully considered the submissions of the parties and the record.

### I. Background

On December 3, 2003, after all Defendants were served with the Complaint, this cause was removed by Defendant, Caterpillar, Inc. ("Caterpillar"), based on diversity of citizenship between the parties. Caterpillar attached to its Notice of Removal, as Exhibit "C," the alleged consents of "[a]ll properly joined and served defendants." [Notice of Removal at ¶ 34]. Included in Exhibit "C" is International Truck and Engine Corporation's ("Int'l Truck") Consent to Removal. Int'l Truck is not named as a defendant. Defendant, Navistar Int'l Transportation Corp. f/k/a International Harvester ("Navistar"), was served with the summons and complaint on November 3, 2003—the same day as Caterpillar. Navistar has not filed a consent to removal.

Int'l Truck argues that it timely joined in the removal petition, but used a different and more current corporate name in its notice of joinder than the name by which it was identified

IMAGED MAR 23 '04  **OFFICIAL FILE COPY**

in the complaint. Int'l Truck contends that although Plaintiff named Navistar as a party defendant, Plaintiff did not use the current corporate name of Int'l Truck. Int'l Truck argues that in giving its consent to removal, it correctly identified itself as Int'l Truck and <u>not</u> Navistar, its former name. Int'l Truck's consent to removal is devoid of any reference to Navistar. Int'l Truck's consent does not state that it was authorized to represent that Navistar had consented to the removal, and no document was filed at the time of removal or within the prescribed 30-day period showing that Navistar authorized it to act on its behalf.

The removal statutes require a defendant to file its notice of removal within thirty (30) days of service on the defendant of a pleading which sets forth a basis for removal. See 28 U.S.C. § 1446(b). In addition, although there is no express statutory requirement for joinder or consent by co-defendants, the Eleventh Circuit, along with numerous district courts agree that all named defendants must join the removal petition for removal to be proper within the meaning of § 1447(c)See *In re Ocean Marine Mut. Prot. and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D.Fla.1983). This is commonly referred to as the "rule of unanimity." *Engle, M.D. v. R.J. Reynolds Tobacco Co.*, 122 F. Supp.2d 1355, 1359 (S.D. Fla. 2000).

There is some disagreement among the district courts, however, as to what constitutes joinder and what is required to effectuate consent. See *Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D.Fla.1995) (stating "to effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b)"); *Jasper v. Wal-Mart Stores*, 732 F. Supp. 104, 105 (M.D.Fla.1990) (noting "all defendants, served at the time of filing the petition, must join in the removal petition; the petition must be signed by all defendants or the signer must allege consent of all defendants"); *Crawford v. Fargo Mfg. Co.*, 341 F. Supp. 762, 763 (M.D.Fla.1972) (noting "there is authority to the effect

Page 2 of 4

that all defendants need not sign the original removal petition . . . however, it is clear that all defendants who have been served must join in the petition for removal") (citations omitted).

Because an order remanding a case to the state court from which it was removed its not reviewable on appeal, Circuit Courts rarely address this issue. *See In re Ocean Marine Mut. Prot. and Indem. Ass'n*, 3 F.3d 353, 355 (11th Cir.1993) (ruling that "a remand order based on a timely § 1447(c) motion to remand for defects in removal procedure is unreviewable pursuant to § 1447(d)"). The Fifth Circuit, however, has addressed the necessity of timely consent by all defendants:

> But while it may be true that consent to removal is all that is required under section 1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant.

*Getty Oil Corp. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1262 n.11 (5th Cir.1988). Based on the Fifth Circuit's language in *Getty*, the Court finds consent and/or joinder by all served Defendants must be 1) timely and 2) binding.

In its response, Int'l Truck provided an affidavit establishing that International Harvester Company, Navistar International Transportation Corp. and Int'l Truck are the same company and the same legal entity that has been authorized to do business in Florida since 1966. The Court finds that the affidavit does not cure the defect since it was not filed within the thirty day period. Navistar did not timely consent to removal. The Court notes that Navistar, in two other asbestos personal injury cases recently removed to federal court wherein Navistar was named as a defendant, the entity "Navistar International

Page 3 of 4

Transportation Corp. timely filed consents to removal with the court.[1]

**ORDERED AND ADJUDGED** that:

1. Plaintiff's motion for remand is **GRANTED**;

2. This cause is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida for further proceedings.

3. All pending motions are **DENIED AS MOOT**.

4. The Clerk of Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of January 2004.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copy Provided:
David M. Lipman, Esq.
Michael T. Tomlin, Esq.
Robert J. Hanreck, Esq.
Myron Shapiro, Esq.
Kenn W. Goff, Esq.
Gordon James, III, Esq.
Eric L. Lundt, Esq.
Patrick J. Stubbs, Esq.
Jana M. Fried, Esq.
Hector R. Rivera, Esq.
Duane Morris, Esq.
Chris N. Kolos, Esq.
Frances L. Spinelli, Esq.
Richard M. Lauth, Esq.
Rodd R. Buell, Esq.
Susan J. Cole, Esq.
Kathleen M. LaBarge, Esq.

---

[1] See *Thorn v. Arvinmeritor, et al.*, Case No. 03-62026-CIV-DIMITROULEAS; *Brenner v. American Honda Motor, et al.*, Case No. 03-62024-CIV-MARTINEZ.