MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 0 7 2004

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

JERRY W. DUFFIN                                          PLAINTIFFS

VS.                                        CIVIL ACTION NO. 4:03CV389

HONEYWELL INTERNATIONAL, INC., et al.                    DEFENDANTS

### ORDER

This cause comes before the court on the motion of plaintiffs Jerry W. Duffin, et al., pursuant to 28 U.S.C. § 1447, to remand [10-1] this case to the Circuit Court of Washington County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is a mass-joined asbestos action in which numerous plaintiffs seek recovery against numerous defendants for injuries which allegedly resulted from exposure to asbestos-containing products. Plaintiffs filed suit in the Circuit Court of Washington County on December 30, 2002, and, on October 8, 2003, defendants removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiffs have moved to remand, arguing that diversity of citizenship is lacking in this case inasmuch as they seek recovery against certain local retailers of asbestos-containing products which are, like themselves, Mississippi residents. Defendants counter that the local retailers were fraudulently joined for the purpose of defeating removal jurisdiction and that remand

MDL- 875
RECOMMENDED ACTION
Vacate (TO-231-one actio (opposed)  1
Approved/Date: ___ nk ___

**OFFICIAL FILE COPY**

would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. *Hart v. Bayer Corp.*, 199 F.3d 239, 246-47 (5th Cir. 2000). The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 .3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In contending that no reasonable possibility of recovery exists against the local retailers, defendants argue that plaintiffs' complaint contains only vague and conclusory allegations against these retailers and that the complaint did not give these defendants sufficient notice of the claims against them. Defendants' use of alleged pleading defects as a basis for a finding of fraudulent joinder is problematic. The Mississippi and Federal Rules of Civil Procedure require only that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to

2

relief," see Miss. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(a)(2), and any suggestion that plaintiffs were required to set forth detailed allegations against the local retailers therefore lacks merit. The Mississippi and Federal Rules of Civil Procedure do require a greater degree of particularity for fraud claims, see Fed. R. Civ. P. 9(b), but, even in this context, the Fifth Circuit has indicated that a plaintiff should ordinarily be given an opportunity to amend her complaint to allege fraud with greater particularity, before such claims are dismissed with prejudice upon a finding of fraudulent joinder. See Hart v. Bayer Corp., 199 F.3d 239, 248 n.6 (5th Cir. 2000).

At any rate, the court does not agree that, under liberal notice pleading rules, the complaint is defective as it relates to the local retailers. To the contrary, the complaint clearly indicates that plaintiffs are proceeding under standard theories of strict products liability against the local retailers, alleging that they sold unreasonably dangerous and defective products and that, on this basis, they should be held liable under Mississippi law. Miss. Code Ann. § 11-1-63 clearly provides for such retailer liability in products liability cases, as did Mississippi's common law products liability jurisprudence. A complaint does not need a great deal of specificity to convey that plaintiffs are seeking to hold retailers liable under a strict products liability theory, and the complaint in this case is sufficient to set forth plaintiffs' allegations in this regard. The court therefore sees no valid argument that the complaint is defective, much less so defective as to entitle the local retailers to dismissal with prejudice on a finding of fraudulent joinder.

Defendants also argue that an egregious procedural misjoinder exists in this case under *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1360 (11th Cir. 1996), but the court does not agree. The Mississippi Supreme Court recently appeared to re-affirm the liberal standards of joinder under Miss. R. Civ. P. 20 in asbestos cases, see *Janssen Pharmaceutica, Inc. v. Armond*, 866

3

So.2d 1092 (Miss. Feb. 19, 2004) (noting the proper application of liberal rules of joinder to asbestos actions, as a "mature" tort), and the court concludes that there is no egregious misjoinder in this case, including the joinder of the so-called "friction" and "non-friction" defendants. See *Arrington, et al. v. AC & S, et al.* No. 1:02cv425 (S.D. Miss. 2002) (rejecting misjoinder arguments in asbestos removal context.)

The court would initially note that the basic relevance of the misjoinder issue is in question in this case. Defendants argue that the "friction" and "non-friction" defendants were misjoined in this action, but it is not clear to this court whether either the "friction" or "non-friction" defendants in this case are made up solely of diverse parties and, thus, whether severing these defendants from each other would serve to produce a purely diverse class of either defendants. The "friction" defendants are characterized by counsel for defendants in a similar companion case as "manufacturers and sellers of car parts sold to consumers."[1] Defendants seek to sever these defendants from the traditional "non-friction" defendants, which are characterized by counsel in that case as "diverse and non-diverse manufacturers and sellers of industrial insulation products used by professional tradesmen at industrial worksites around the state."

The court would further note that, since defendants refer to the "non-friction" defendants in the companion case as including "non-diverse" industrial defendants, and since there clearly appear to be non-diverse "friction" defendants (that is, certain Mississippi defendants clearly appear to be automobile parts retailers) in this case, it is not clear to this court whether the severance of either the friction or non-friction defendants would serve to create a diverse class of remaining defendants, even assuming egregious misjoinder based on this distinction were present. If there are, in fact, non-

---

[1] *Rosamond, et al. v. Garlock, et al.*, No. 3:03cv235, defendants' memorandum brief at 11.

4

diverse "friction" and also non-diverse "non-friction" defendants in a particular case, then the class distinction would appear to be immaterial for jurisdictional purposes. Accordingly, the court deems an asbestos defendant's burden of proving the basic relevance of the misjoinder issue on the basis of the "friction/non-friction" distinction in a particular case to include a burden of demonstrating 1) how the two classes are defined 2) which defendants belong to each class in a particular case and 3) that either the "friction" or "non-friction" class of defendants in a particular case consists solely of diverse parties.[2] Barring such a showing, severance and remand of either class would not create diversity among the remaining parties, and the misjoinder issue would appear to simply be irrelevant. In this case, it is not entirely clear to this court exactly what constitutes a "friction" or "non-friction" defendant, nor whether there exists a purely diverse class of either in this case. As such, it is not clear to this court that the misjoinder issue is even relevant herein.

At any rate, even assuming that severance and remand of either the "friction" and "non-friction" defendants would serve to create diversity in this case, the court would still not deem "egregious" misjoinder to be present on the basis of this distinction. Indeed, if the court were to conclude that any joinders in this case were "egregious" (which, in light of Mississippi's liberal joinder rules, it does not) it would likely be the joinder of numerous plaintiffs (each with a distinct medical history and damages) into a single action, rather than the joinder of "friction" and "non-friction" defendants in the same lawsuit. Indeed, defendants' objections to the joinder of these

---

[2] The court does not bind the defendants in this case to a definition provided by counsel in another case; the court cites this definition merely as a starting point for discussing the issue and also to note the court's confusion regarding which defendants are "friction" and "non-friction" defendants in this case. At the same time, it would certainly be suspect if defendants were to provide varying definitions of "friction" and "non-friction" defendants in different cases, depending upon the residences of defendants in those cases.

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

defendants in this case appears motivated more by the jurisdictional necessity of excising the non-diverse retailers from this action than by any genuine anomaly in trying friction and non-friction defendants in the same case.

While there may well be some advantages to trying friction and non-friction defendants separately, these advantages are not so compelling as to render their joinder "egregious" under Mississippi's liberal joinder rules. It is also apparent that any application of the misjoinder doctrine so as to sever the friction defendants (and those filing suit against them) from this action would be, at best, awkward and wasteful of judicial resources. Indeed, in order to apply the doctrine, it would appear necessary for the court to make findings of fact regarding which defendants constitute "friction" and "non friction" defendants and also to determine which plaintiffs were making claims against each defendant. Finally, it should be noted that defendants' resort to procedural devices to manufacture diversity only serves to highlight the fact that they have failed to demonstrate that no possibility of recovery exists against the local retailers in this case, as a substantive matter.

The "bottom line" in this and most other asbestos removals is that plaintiffs have filed suit against numerous non-diverse retailers under established products liability theories. While some efforts have been made in the Mississippi legislature to reduce the potential liability of retailers in products cases, none of these efforts would, in the court's view, assist defendants in establishing jurisdiction in this case.[3] Accordingly, defendants are faced with the extraordinarily difficult burden

---

[3] The removal petition invokes the retailer liability provisions of § 11-1-64, which was passed by the legislature as part of the 2002 tort reform legislation. Section 11-1-64 generally provides retailers with a mechanism to seek dismissal from a products liability action for liability purposes, but, in an obvious attempt to defeat removal jurisdiction, the statute provides that any such dismissed retailers are to remain parties to the action for jurisdictional purposes. Miss. Code Ann. § 11-1-64(6). It seems clear that this statute, with a January 1, 2003, effective date, does not apply to this case, and no local retailer in this case appears to have even sought

6

This fax was received by GFI FAXmaker fax server. For more information, visit http://www.gfi.com

of demonstrating that no possibility of recovery exists against numerous local retailers in this case when products liability law clearly allows such retailers to be sued, even absent a showing of fault on the part of those retailers. *See* Miss. Code Ann. § 11-1-63(g) (providing "sellers" with a right of indemnity against manufacturers where the sellers are not at fault in causing product defects, but permitting such sellers to be sued for such defects regardless). As in most asbestos removals, defendants have failed to meet the heavy burden that confronts them, and diversity of citizenship is plainly lacking in this case.

The court is also aware that asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals. This court has noted that other district courts in this state will sometimes include language admonishing asbestos defendants against filing subsequent removal petitions, under the pain of contempt or other sanctions. *See, e.g. Knotts, et al. v. Minnesota Manufacturing, et al.*, No. 1:03cv125 (S.D. Miss. 2003) (noting that the "continuous frivolous removal of these cases in addition to being burdensome to the plaintiffs has become taxing on the resources of the court and

---

dismissal under its terms. Even if the statute were somehow applicable, it is noteworthy that Missouri federal courts interpreting a nearly identical Missouri statute have found that statute sufficient to defeat federal removal jurisdiction, based partly on the fact that any dismissal thereunder is properly considered an involuntary dismissal which may not give rise to removal jurisdiction. *See, e.g. Pender v. Bell Asbestos Mines, Ltd.*, 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999).

7

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

the court family. . Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.") The fact that courts have found such language to be necessary speaks volumes regarding the current state of asbestos removal litigation in this state.

In this case, the court would simply note that it has already determined that diversity of citizenship is lacking, and it is also apparent that the one-year limitations period for removal in diversity cases has passed. 28 U.S.C. § 1446(b). Plaintiffs assert no federal claims, and the court sees no possible bankruptcy issues which would justify a return of this case to this court.[4] Thus, the court can envision no scenario under which this case would properly come before it again on removal, and, barring some clear basis for jurisdiction, the court directs that defendants proceed accordingly.

It is therefore ordered that plaintiffs' motion to remand [10-1] is granted, and this case is hereby remanded to the Circuit Court of Washington County.

SO ORDERED, this 5th day of April, 2004.

MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE

---

[4] See, e.g. In re Federal-Mogul Global, Inc., 300 F.3d 368, 382 (3d Cir. 2002).

8

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com