JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS          :
LIABILITY LITIGATION (NO. VI)    :

MDL DOCKET NO. 875
SCHEDULE CTO-231

### United States District Court
### Southern District of Mississippi

| | |
|---|---|
| *Aldridge, et al., v. Honeywell International, Inc., et al.,* | *1:03cv793GR* |
| *Waters, et al., v. Honeywell International, Inc., et al.,* | *1:03cv794GR* |
| *Smith, et al., v. Honeywell International, Inc., et al.,* | *1:03cv795GR* |
| *Wright, et al., v. Honeywell International, Inc., et al.,* | *1:03cv797GR* |
| *Willie Spann, et al., v. Honeywell International, Inc., et al.,* | *1:03cv798GR* |
| *Johnnie W. Spann, et al., v. Honeywell International, Inc., et al.,* | *1:03cv799GR* |
| *Bush, et al., v. Honeywell International, Inc., et al.,* | *1:03cv805GR* |
| *Collum, et al., v. Honeywell International, Inc., et al.,* | *1:03cv806GR* |
| *Gordon, et al., v. Honeywell International, Inc., et al.,* | *1:03cv807GR* |
| *King, et al., v. Honeywell International, Inc., et al.,* | *1:03cv808GR* |
| *Reiman, et al., v. Honeywell International, Inc., et al.,* | *1:03cv809GR* |
| *Taylor, et al., v. Honeywell International, Inc., et al.,* | *1:03cv810GR* |
| *Waltman, et al., v. Honeywell International, Inc., et al.,* | *1:03cv811GR* |

### United States District Court
### Northern District of Mississippi

| | |
|---|---|
| *Moore, et al., v. Honeywell International, Inc., et al.,* | *4:03cv388DB* |

## MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER

Pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation, plaintiffs in the above-captioned action, through undersigned counsel, move the Panel to

vacate its order of March 10, 2004 conditionally transferring the above-captioned case to the United

States District Court for the Eastern District of Pennsylvania. This motion is based on the attached

Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may

be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 7.4(d), movants request the Chairperson of the Panel set this motion for

hearing at the next appropriate hearing session of the Panel.

**OFFICIAL FILE COPY**
**IMAGED APR 13 '04**

RESPECTFULLY SUBMITTED, this 8ᵗʰ day of April, 2004.

BY: _____

WILBUR COLOM
BRIAN A. HINTON
DAVID M. LIPMAN
ROBERT B. McDUFF


WILBUR COLOM (6403)
BRIAN A. HINTON (99173)
THE COLOM LAW FIRM, LLC
406 Third Ave. North
Post Office Box 866
Columbus, MS 39703-0866
(662)327-0903 Telephone
(662)329-4832 Facsimile


DAVID M. LIPMAN (1272)
DAVID M. LIPMAN, P.A.
5901 S.W. 74th Street, Suite 304
Miami, FL. 33143-5186
(305)662-2600 Telephone
(305) 667-3361 Facsimile


ROBERT B. McDUFF (2532)
ATTORNEY AT LAW
767 N. Congress St.
Jackson, MS 39202

## CERTIFICATE OF SERVICE

I, Brian A. Hinton, do hereby certify that I have this day served a copy of the foregoing document upon all persons identified on the Panel Service List, a copy of which is attached hereto, by placing same in the United States mail, postage prepaid and properly addressed, or by electronic means.

Columbus, Mississippi, this _8th_ day of April, 2004.

BRIAN A. HINTON

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2004

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL
### ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS    :
LIABILITY LITIGATION (NO. VI)    :

**MDL DOCKET NO. 875
SCHEDULE CTO-231**

**United States District Court**
**Southern District of Mississippi**

| | |
|---|---|
| *Aldridge, et al., v. Honeywell International, Inc., et al.,* | *1:03cv793GR* |
| *Waters, et al., v. Honeywell International, Inc., et al.,* | *1:03cv794GR* |
| *Smith, et al., v. Honeywell International, Inc., et al.,* | *1:03cv795GR* |
| *Wright, et al., v. Honeywell International, Inc., et al.,* | *1:03cv797GR* |
| *Willie Spann, et al., v. Honeywell International, Inc., et al.,* | *1:03cv798GR* |
| *Johnnie W. Spann, et al., v. Honeywell International, Inc., et al.,* | *1:03cv799GR* |
| *Bush, et al., v. Honeywell International, Inc., et al.,* | *1:03cv805GR* |
| *Collum, et al., v. Honeywell International, Inc., et al.,* | *1:03cv806GR* |
| *Gordon, et al., v. Honeywell International, Inc., et al.,* | *1:03cv807GR* |
| *King, et al., v. Honeywell International, Inc., et al.,* | *1:03cv808GR* |
| *Reiman, et al., v. Honeywell International, Inc., et al.,* | *1:03cv809GR* |
| *Taylor, et al., v. Honeywell International, Inc., et al.,* | *1:03cv810GR* |
| *Waltman, et al., v. Honeywell International, Inc., et al.,* | *1:03cv811GR* |

**United States District Court**
**Northern District of Mississippi**

| | |
|---|---|
| *Moore, et al., v. Honeywell International, Inc., et al.,* | *4:03cv388DB* |

### BRIEF IN SUPPORT OF MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

MAY IT PLEASE THE PANEL:

This memorandum is filed pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial

Panel on Multidistrict Litigation in support of the Motion to Vacate the Conditional Transfer Order

of the Panel issued on March 10, 2004, ordering transfer of the above-captioned case to the Eastern

District of Pennsylvania for pre-trial proceedings in accordance with 28 U.S.C. § 1407.

A Notice of Opposition to the Conditional Transfer Order on behalf of all plaintiffs in the

above-captioned action was filed on March 25th, 2004.

I.      **Statement of facts.**

These actions were initially brought in 2002, in their appropriate state court forums in Mississippi, on behalf of the Plaintiffs who allege that while performing mechanical functions on vehicles, Plaintiffs worked with and were exposed to asbestos-containing products mined, designed, tested, manufactured, sold, or distributed by the Defendants. Plaintiffs' complaints plead only state law causes of action and expressly withdraws any federal claims asserted unintentionally. Nevertheless, these actions were eventually removed to federal court in Mississippi and, prior to issuance of any ruling on plaintiffs' timely filed motions to remand, were made the subject of the conditional transfer order that is the subject of this Motion to Vacate.[1]

II.     **Argument.**

An action may be transferred for coordinated or consolidated pre-trial proceedings only when there are common questions of fact, and transfer will "serve the convenience of parties and witnesses," and "promote the just and efficient conduct" of the action. *See 28 U.S.C. § 1407(a).* "Section 1407 thus directs the Panel to balance gains in efficiency and economy for the judiciary and some parties against inconvenience, added expense, and loss of forum choice for others." *Note, "The Judicial Panel and the Conduct of Multidistrict Litigation,"* 87 Hav. L. Rev. 1001, 1002 (March, 1974). The fact that a case has been designated a "tag-along" case does not preclude the necessity of determining that its transfer satisfies all of these criteria. *See, e.g., In re Grain Shipments,* 319 F. Supp. 533 (Jud. Pan. Mult. Lit. 1970).

---

[1]      Plaintiffs would note that two companion cases of the ones presently before this panel, which were originally part of the CTO, have now been remanded to their forum state court, namely *Duffin, et al., v. Honeywell International, Inc., et al., 4:03cv389MB* and *Bennet, et al., v. Honeywell International, Inc., et al. , 4:03cv390MB* . This Panel has entered Orders vacating the CTO with respect to these cases.

Plaintiffs submit that transfer of this case by the Panel is not appropriate because neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

**A.    Transfer of these cases will not serve the convenience of the parties and witnesses.**

This matter originally involved sixteen (16) separate suits filed under Mississippi state products liability laws, both statutory and common law.  It involves no federal questions, no federal officers, no federal enclave, nor any bankrupt defendant.  Plaintiffs in each case timely filed their Motions to Remand.  However, prior to issuance of any ruling on plaintiffs' timely filed motions to remand, these actions were made the subject of the conditional transfer order (CTO) that is the subject of this Motion to Vacate.

Since entry of this panel's CTO, two (2) of the original (16) cases have been remanded to state court in Mississippi.  (See, <u>Duffin, et al., v. Honeywell International, Inc., et al., 4:03cv389MB</u> Attached at Exhibit "A" and <u>Bennet, et al., v. Honeywell International, Inc., et al. , 4:03cv390MB</u> Attached at Exhibit "B".) These two actions involve common questions of law and fact with their remaining fourteen (14) companion cases.

Further, the two remanded cases name, not only the same national,  diverse defendants as contained in the fourteen (14) companion cases, but, likewise, contain numerous other local, non-diverse Mississippi resident defendant who are  also contained in the remaining companion cases.

Transfer of these remaining cases to MDL will, in essence, force not only the Plaintiffs, but numerous Mississippi resident defendants to litigate, duplicitavley, the same issues in both state court in Mississippi, their home state, and in the Eastern District of Pennsylvania.  This will result in not only repitition of litigation, but will also create, potentially, inconsistent rulings on discovery and substative issues. Transfer of this case, therefore, should be denied.

**B.    The just and efficient conduct of the case will not be promoted by transfer of the case.**

As previously stated, this action by individual plaintiffs asserts solely Mississippi state-law

-3-

causes of action against all defendants.  Consequently, transfer of this case will create for the transferee court yet another facet to this already complicated litigation, requiring the transferee court to familiarize itself with substantive law that, to this point in time, is most assuredly wholly foreign to the court and requiring the transferee court to accommodate these plaintiffs' unique discovery and merits-related issues presented by the substantive law that governs their claims.  Obviously, by allowing these claims to remain in Mississippi, the parties will benefit from adjudication of their claims by a tribunal well familiar with Mississippi substantive law and dedicated solely to the resolution of the discovery and merits-based issues that will arise in connection therewith. Moreover, averting transfer of these actions to this MDL proceeding will eliminate for the transferee court the need to further segment its proceedings to address these disparate actions, and thereby render the MDL proceedings more efficient.

If this case is transferred and consolidated with the thousands of cases previously transferred to the Eastern District of Pennsylvania, many of which are class action lawsuits, it is undeniable that plaintiffs' efforts to bring their claims to an early conclusion will be frustrated, if not defeated, and made considerably more difficult and expensive.  Consequently, transfer of this case will serve to defeat the just and efficient conduct of the case and, at the same time, will only further convolute these MDL proceedings, presenting unwarranted obstacles to the just and efficient conduct of these proceedings.  Transfer of this case, therefore, should be denied.

### C.    The JPMDL lacks jurisdiction to transfer these actions.

An action cannot be transferred to MDL pursuant to 28 USC §1407 unless the district court in which it is pending has subject matter jurisdiction of the case. BancOhio Corp. v. Fox, 516 F.2d 29, 32 (6th Cir.1975), In re: Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, 175 F.Supp.2d 593, 603, fn.9, (S.D. New York 2002), see also Wright & Miller, 15 Fed. Prac. & Proc. Juris.2d §3863. The identical logic from the BancOhio case is relied upon in Farkas v. Bridgestone/Firestone, Inc., 113 F.Supp 2d 1107 (W.D.Kentucky2000). In Farkas, the District Court found that the issue of whether the transferer court has subject matter jurisdiction is paramount

-4-

and must be resolved **before** deciding whether to stay or transfer the case to the panel on multi-district litigation. The court found:

> Firestone suggests that the Court should retain jurisdiction so that the case can be assigned to the Panel on Multi-District Litigation (the "MDL Panel"). To be sure, the MDL Panel could resolve some common legal problems including those concerning jurisdiction, establish uniform discovery schedules, and assure that the civil cases proceed fairly without hindering NHTSA's recall activities. However, this facially sensible view runs counter to the important principle that a court must have the power to decide an issue before passing judgement on the reasonableness of any particular solution. See 28 U.S.C. §1447(c) (2000) (mandating remand by a district court if it appears that the court lacks subject matter jurisdiction). While other courts may have focused on the fairness and efficiency of the MDL solution, *this Court believes that the issue of the subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness from Firestone's perspective. As a court of limited jurisdiction, this Court does not have the power to decide issues beyond the authority granted by Congress. However reasonable Firestone's suggestion, it does not confer on this Court jurisdiction that otherwise does not exist.*(emphasis added).

Farkas v. Bridgestone/Firestone, Inc., 113 F.Supp 2d 1107, 1115 (W.D.Kentucky 2000).

### D.    Alternatively, prudence warrants the JPMDL Panel Vacate the CTO

Without waving any of the foregoing arguments, Plaintiffs would show that prudence warrants vacating the CTO previously issued by the panel.

Plaintiffs acknowledge that the panel has previously held that although the transferor district court had both jurisdiction and opportunity to rule on the plaintiffs' pending motion to remand, its failure to do so should not hinder transfer.   In re Asbestos Products Liability Litigation, (No. VI). MDL Docket No. 875, 170 F.Supp.2d 1348, 1349 (J.P.M.L. 2001) . However, plaintiffs believe the unique situation of identical, companion cases, some remanded, some still pending, none denied, creates a caveat to this traditional rule, and transfer of the remaining cases would create inequity.

In Shields v. Bridgestone/Firestone, et al. 232 F.Supp.2d 715, 718, fn. 1 (E.D. Texas 2002), in denying a defendant's Motion to Stay Pending Transfer to MDL, the court determined that since the grounds raised in the plaintiffs' motion to remand were specifically related to the facts of that case and to forum state law, "there is no risk of needlessly expending the court's resources in ruling on the merits of the motion to remand. *Rather, this court's adjudication on the merits will prevent*

*another court, already burdened due to the litigation arising out of the same facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding* Therefore, the motion to stay the case pending further action by the MDL Panel is DENIED."   Shields v. Bridgestone/Firestone, et al. 232 F.Supp.2d715, 718  (E.D. Texas 2002) (emphasis added)

Likewise, In McQuilkin, et al. v. Ford Motor Company, et al., WL 197840 (E.D. La. 2001), on identical issues,  the court held, "Defendants have suggested that the Court should refrain from ruling on the motions to remand because a conditional transfer order transferring these matters to the MDL court is in place.  However, the transfer order is not yet final, and it is beyond cavil that '[d]uring the pendency of a motion.... for transfer,...the court in which the action was filed retains jurisdiction over the case (citation omitted) 'Matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be resolved before the panel acts on the motion to transfer.' This seems especially true in cases like this one, where the motion to remand centers on questions of state law with which the transferor court is more likely to be familiar than the MDL transferee court." McQuilkin, et al. v. Ford Motor Company, et al., WL 197840 (E.D. La. 2001), *citing* MANUAL FOR COMPLEX LITIGATION, 3rd, §31.131.

If the Panel's CTO is not vacated, the Plaintiffs' Motion to Remand will be addressed by an MDL District Court which must apply unfamiliar substantive state law of a foreign state, while simultaneously managing tens of thousands of claims. *In re Asbestos Products Liability Litigation, supra.*  Given the "companion" nature of these cases to the ones previously remanded, inequity to both plaintiffs and Mississippi resident defendants alike  will inevitably arise should these cases be transferred.

## III.    Conclusion.

Before the Panel may transfer cases pursuant to 28 U.S.C. § 1407, it must make an affirmative finding that (1) there exists common questions of fact; (2) transfer will be for the convenience of the parties and witnesses; and (3) transfer will promote the just and efficient conduct of the cases. For the foregoing reasons, movants submit that the requisite findings cannot be made

with respect to these cases and, thus, respectfully ask that the Panel vacate to Conditional Transfer Order of March 10, 2004, entirely, as it relates to these cases,  with all claims against being remanded to the Northern and Southern Districts of Mississippi, respectively.

RESPECTFULLY SUBMITTED, this 8th day of April , 2004.

BY: _____

WILBUR COLOM
BRIAN A. HINTON
DAVID M. LIPMAN
ROBERT B. McDUFF

WILBUR COLOM (6403)
BRIAN A. HINTON (99173)
THE COLOM LAW FIRM, LLC
406 Third Ave. North
Post Office Box 866
Columbus, MS 39703-0866
(662)327-0903 Telephone
(662)329-4832 Facsimile

DAVID M. LIPMAN (1272)
DAVID M. LIPMAN, P.A.
5901 S.W. 74th Street, Suite 304
Miami, FL. 33143-5186
(305)662-2600 Telephone
(305) 667-3361 Facsimile

ROBERT B. McDUFF (2532)
ATTORNEY AT LAW
767 N. Congress St.
Jackson, MS 39202

## CERTIFICATE OF SERVICE

I, Brian A. Hinton, do hereby certify that I have this day served a copy of the foregoing document upon all persons identified on the Panel Service List, a copy of which is attached hereto, by placing same in the United States mail, postage prepaid and properly addressed, or by electronic means.

Columbus, Mississippi, this _____ day of April, 2004

BRIAN A. HINTON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RECEIVED

APR 0 6 2004

CLERK, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

JERRY W. DUFFIN

PLAINTIFFS

VS.                                          CIVIL ACTION NO. 4:03CV389

HONEYWELL INTERNATIONAL, INC., et al.                    DEFENDANTS

ORDER

This cause comes before the court on the motion of plaintiffs Jerry W. Duffin, et al., pursuant to 28 U.S.C. § 1447, to remand **[10-1]** this case to the Circuit Court of Washington County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is a mass-joined asbestos action in which numerous plaintiffs seek recovery against numerous defendants for injuries which allegedly resulted from exposure to asbestos-containing products. Plaintiffs filed suit in the Circuit Court of Washington County on December 30, 2002, and, on October 8, 2003, defendants removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiffs have moved to remand, arguing that diversity of citizenship is lacking in this case inasmuch as they seek recovery against certain local retailers of asbestos-containing products which are, like themselves, Mississippi residents. Defendants counter that the local retailers were fraudulently joined for the purpose of defeating removal jurisdiction and that remand

1



would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

> The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. *Hart v. Bayer Corp.*, 199 F.3d 239, 246-47 (5th Cir. 2000). The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." *Travis v. Irby*, 326 .3d 644, 648 (5th Cir. 2003)(citing *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 286 (5th Cir. 2000)).

In contending that no reasonable possibility of recovery exists against the local retailers, defendants argue that plaintiffs' complaint contains only vague and conclusory allegations against these retailers and that the complaint did not give these defendants sufficient notice of the claims against them. Defendants' use of alleged pleading defects as a basis for a finding of fraudulent joinder is problematic. The Mississippi and Federal Rules of Civil Procedure require only that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to

relief," see Miss. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(a)(2), and any suggestion that plaintiffs were required to set forth detailed allegations against the local retailers therefore lacks merit. The Mississippi and Federal Rules of Civil Procedure do require a greater degree of particularity for fraud claims, *see* Fed. R. Civ. P. 9(b), but, even in this context, the Fifth Circuit has indicated that a plaintiff should ordinarily be given an opportunity to amend her complaint to allege fraud with greater particularity, before such claims are dismissed with prejudice upon a finding of fraudulent joinder. *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000).

At any rate, the court does not agree that, under liberal notice pleading rules, the complaint is defective as it relates to the local retailers. To the contrary, the complaint clearly indicates that plaintiffs are proceeding under standard theories of strict products liability against the local retailers, alleging that they sold unreasonably dangerous and defective products and that, on this basis, they should be held liable under Mississippi law. Miss. Code Ann. § 11-1-63 clearly provides for such retailer liability in products liability cases, as did Mississippi's common law products liability jurisprudence. A complaint does not need a great deal of specificity to convey that plaintiffs are seeking to hold retailers liable under a strict products liability theory, and the complaint in this case is sufficient to set forth plaintiffs' allegations in this regard. The court therefore sees no valid argument that the complaint is defective, much less so defective as to entitle the local retailers to dismissal with prejudice on a finding of fraudulent joinder.

Defendants also argue that an egregious procedural misjoinder exists in this case under *Tapscott v. MS Dealer Service Corporation*, 77 F. 3d 1353, 1360 (11th Cir. 1996), but the court does not agree. The Mississippi Supreme Court recently appeared to re-affirm the liberal standards of joinder under Miss. R. Civ. P. 20 in asbestos cases, *see Janssen Pharmaceutica, Inc. v. Armond*, 866

3

So.2d 1092 (Miss. Feb. 19, 2004) (noting the proper application of liberal rules of joinder to asbestos actions, as a "mature" tort), and the court concludes that there is no egregious misjoinder in this case, including the joinder of the so-called "friction" and "non-friction" defendants. *See Arrington, et al. v. AC & S, et al.*, No. 1:02cv425 (S.D. Miss. 2002) (rejecting misjoinder arguments in asbestos removal context.)

The court would initially note that the basic relevance of the misjoinder issue is in question in this case. Defendants argue that the "friction" and "non-friction" defendants were misjoined in this action, but it is not clear to this court whether either the "friction" or "non-friction" defendants in this case are made up solely of diverse parties and, thus, whether severing these defendants from each other would serve to produce a purely diverse class of either defendants. The "friction" defendants are characterized by counsel for defendants in a similar companion case as "manufacturers and sellers of car parts sold to consumers."[1]   Defendants seek to sever these defendants from the traditional "non-friction" defendants, which are characterized by counsel in that case as "diverse and non-diverse manufacturers and sellers of industrial insulation products used by professional tradesmen at industrial worksites around the state."

The court would further note that, since defendants refer to the "non-friction" defendants in the companion case as including "non-diverse" industrial defendants, and since there clearly appear to be non-diverse "friction" defendants (that is, certain Mississippi defendants clearly appear to be automobile parts retailers) in this case, it is not clear to this court whether the severance of either the friction or non-friction defendants would serve to create a diverse class of remaining defendants, even assuming egregious misjoinder based on this distinction were present. If there are, in fact, non-

---

[1]*Rosamond, et al. v. Garlock, et al.*, No. 3:03cv235, defendants' memorandum brief at 11.

4

diverse "friction" and also non-diverse "non-friction" defendants in a particular case, then the class distinction would appear to be immaterial for jurisdictional purposes. Accordingly, the court deems an asbestos defendant's burden of proving the basic relevance of the misjoinder issue on the basis of the "friction/non-friction" distinction in a particular case to include a burden of demonstrating 1) how the two classes are defined 2) which defendants belong to each class in a particular case and 3) that either the "friction" or "non-friction" class of defendants in a particular case consists solely of diverse parties.[2]   Barring such a showing, severance and remand of either class would not create diversity among the remaining parties, and the misjoinder issue would appear to simply be irrelevant. In this case, it is not entirely clear to this court exactly what constitutes a "friction" or "non-friction" defendant, nor whether there exists a purely diverse class of either in this case. As such, it is not clear to this court that the misjoinder issue is even relevant herein.

At any rate, even assuming that severance and remand of either the "friction" and "non-friction" defendants would serve to create diversity in this case, the court would still not deem "egregious" misjoinder to be present on the basis of this distinction. Indeed, if the court were to conclude that any joinders in this case were "egregious" (which, in light of Mississippi's liberal joinder rules, it does not) it would likely be the joinder of numerous plaintiffs (each with a distinct medical history and damages) into a single action, rather than the joinder of "friction" and "non-friction" defendants in the same lawsuit. Indeed, defendants' objections to the joinder of these

---

[2]The court does not bind the defendants in this case to a definition provided by counsel in another case; the court cites this definition merely as a starting point for discussing the issue and also to note the court's confusion regarding which defendants are "friction" and "non-friction" defendants in this case. At the same time, it would certainly be suspect if defendants were to provide varying definitions of "friction" and "non-friction" defendants in different cases, depending upon the residences of defendants in those cases.

defendants in this case appears motivated more by the jurisdictional necessity of excising the non-diverse retailers from this action than by any genuine anomaly in trying friction and non-friction defendants in the same case.

While there may well be some advantages to trying friction and non-friction defendants separately, these advantages are not so compelling as to render their joinder "egregious" under Mississippi's liberal joinder rules. It is also apparent that any application of the misjoinder doctrine so as to sever the friction defendants (and those filing suit against them) from this action would be, at best, awkward and wasteful of judicial resources. Indeed, in order to apply the doctrine, it would appear necessary for the court to make findings of fact regarding which defendants constitute "friction" and "non-friction" defendants and also to determine which plaintiffs were making claims against each defendant. Finally, it should be noted that defendants' resort to procedural devices to manufacture diversity only serves to highlight the fact that they have failed to demonstrate that no possibility of recovery exists against the local retailers in this case, as a substantive matter.

The "bottom line" in this and most other asbestos removals is that plaintiffs have filed suit against numerous non-diverse retailers under established products liability theories. While some efforts have been made in the Mississippi legislature to reduce the potential liability of retailers in products cases, none of these efforts would, in the court's view, assist defendants in establishing jurisdiction in this case.[3] Accordingly, defendants are faced with the extraordinarily difficult burden

---

[3]The removal petition invokes the retailer liability provisions of § 11-1-64, which was passed by the legislature as part of the 2002 tort reform legislation. Section 11-1-64 generally provides retailers with a mechanism to seek dismissal from a products liability action for liability purposes, but, in an obvious attempt to defeat removal jurisdiction, the statute provides that any such dismissed retailers are to remain parties to the action for jurisdictional purposes. Miss. Code Ann. § 11-1-64(6). It seems clear that this statute, with a January 1, 2003, effective date, does not apply to this case, and no local retailer in this case appears to have even sought

of demonstrating that no possibility of recovery exists against numerous local retailers in this case

when products liability law clearly allows such retailers to be sued, even absent a showing of fault

on the part of those retailers. *See* Miss. Code Ann. § 11-1-63(g) (providing "sellers" with a right of

indemnity against manufacturers where the sellers are not at fault in causing product defects, but

permitting such sellers to be sued for such defects regardless). As in most asbestos removals,

defendants have failed to meet the heavy burden that confronts them, and diversity of citizenship is

plainly lacking in this case.

The court is also aware that asbestos removal litigation, as it has developed in this state,

generally has less to do with effecting valid removals than with attempting to obtain a transfer of the

case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted

period of time. While the desire of defendants to reach the comparative safety of an MDL court is

understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted

in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

This court has noted that other district courts in this state will sometimes include language

admonishing asbestos defendants against filing subsequent removal petitions, under the pain of

contempt or other sanctions. *See, e.g. Knotts, et al. v. Minnesota Manufacturing, et al.*, No.

1:03cv125 (S.D. Miss. 2003) (noting that the "continuous frivolous removal of these cases in

addition to being burdensome to the plaintiffs has become taxing on the resources of the court and

---

dismissal under its terms. Even if the statute were somehow applicable, it is noteworthy that
Missouri federal courts interpreting a nearly identical Missouri statute have found that statute
sufficient to defeat federal removal jurisdiction, based partly on the fact that any dismissal
thereunder is properly considered an involuntary dismissal which may not give rise to removal
jurisdiction. *See, e.g. Pender v. Bell Asbestos Mines, Ltd.*, 46 F. Supp. 2d 937, 940 (E.D. Mo.
1999).

7

the court family. ... Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.") The fact that courts have found such language to be necessary speaks volumes regarding the current state of asbestos removal litigation in this state.

In this case, the court would simply note that it has already determined that diversity of citizenship is lacking, and it is also apparent that the one-year limitations period for removal in diversity cases has passed. 28 U.S.C. § 1446(b). Plaintiffs assert no federal claims, and the court sees no possible bankruptcy issues which would justify a return of this case to this court.[4] Thus, the court can envision no scenario under which this case would properly come before it again on removal, and, barring some clear basis for jurisdiction, the court directs that defendants proceed accordingly.

It is therefore ordered that plaintiffs' motion to remand [10-1] is granted, and this case is hereby remanded to the Circuit Court of Washington County.

SO ORDERED, this *5* day of April, 2004.

MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE

---

[4]*See, e.g. In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DISTRICT

APR 0 6 2004

COYLE, CLERK

BY _____
Deputy

| | |
|---|---|
| SAMMY BENNET, et al | **PLAINTIFFS** |
| **V.** | **CASE NO. 4:03CV390** |
| HONEYWELL INTERNATIONAL, INC., et al | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the court on the plaintiffs' to remand [11-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

This is a mass-joined asbestos action in which numerous plaintiffs seek recovery against numerous defendants for injuries which allegedly resulted from exposure to asbestos-containing products. Plaintiffs filed suit in the Circuit Court of Humphreys County, and, on October 8, 2003, defendants removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. Plaintiffs have moved to remand, arguing that diversity of citizenship is lacking in this case inasmuch as they seek recovery against certain local retailers of asbestos-containing products which are, like themselves, Mississippi residents. Defendants counter that the local retailers were fraudulently joined for the purpose of defeating removal jurisdiction and that remand would therefore be inappropriate.

The removing party, which is urging jurisdiction on the court, bears the burden of demonstrating that jurisdiction is proper due to fraudulent joinder. Dodson v. Spiliada Maritime Corp., 951 F.2d 40, 42 (5th Cir. 1992). The Fifth Circuit has stated:

The burden of persuasion placed upon those who cry "fraudulent joinder" is indeed

1



EXHIBIT
B

a heavy one. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.

B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). In evaluating a motion to remand, the court considers summary judgment-type evidence to pierce the pleadings. This evidence may include the pleadings, affidavits and deposition transcripts. Hart v. Bayer Corp., 199 F.3d 239, 246-47 (5th Cir. 2000). The Fifth Circuit has recently reaffirmed that it "is insufficient that there be a mere theoretical possibility of recovery," to the contrary, there must "at least be arguably a reasonable basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder." Travis v. Irby, 326 .3d 644, 648 (5th Cir. 2003)(citing Badon v. RJR Nabisco Inc., 224 F.3d 382, 286 (5th Cir. 2000)).

In contending that no reasonable possibility of recovery exists against the local retailers, defendants argue that plaintiffs' complaint contains only vague and conclusory allegations against these retailers and that the complaint did not give these defendants sufficient notice of the claims against them. Defendants' use of alleged pleading defects as a basis for a finding of fraudulent joinder is problematic. The Mississippi and Federal Rules of Civil Procedure require only that a complaint make "a short and plain statement of the claim showing that the pleader is entitled to relief," see Miss. R. Civ. P. 8(a)(2); Fed. R. Civ. P. 8(a)(2), and any suggestion that plaintiffs were required to set forth detailed allegations against the local retailers therefore lacks merit. The Mississippi and Federal Rules of Civil Procedure do require a greater degree of particularity for fraud claims, see Fed. R. Civ. P. 9(b), but, even in this context, the Fifth Circuit has indicated that a plaintiff should ordinarily be given an opportunity to amend her complaint to allege fraud with

greater particularity, before such claims are dismissed with prejudice upon a finding of fraudulent joinder. *See* Hart, 199 F.3d at n.6.

At any rate, the court does not agree that, under liberal notice pleading rules, the complaint is defective as it relates to the local retailers. To the contrary, the complaint clearly indicates that plaintiffs are proceeding under standard theories of strict products liability against the local retailers, alleging that they sold unreasonably dangerous and defective products and that, on this basis, they should be held liable under Mississippi law. Miss. Code Ann. § 11-1-63 clearly provides for such retailer liability in products liability cases, as did Mississippi's common law products liability jurisprudence. A complaint does not need a great deal of specificity to convey that plaintiffs are seeking to hold retailers liable under a strict products liability theory, and the complaint in this case is sufficient to set forth plaintiffs' allegations in this regard. The court therefore sees no valid argument that the complaint is defective, much less so defective as to entitle the local retailers to dismissal with prejudice on a finding of fraudulent joinder.

Defendants also argue that an egregious procedural misjoinder exists in this case under Tapscott v. MS Dealer Service Corporation, 77 F. 3d 1353, 1360 (11th Cir. 1996), but the court does not agree. The Mississippi Supreme Court recently appeared to re-affirm the liberal standards of joinder under Miss. R. Civ. P. 20 in asbestos cases, *see* Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092 (Miss. Feb. 19, 2004) (noting the proper application of liberal rules of joinder to asbestos actions, as a "mature" tort), and the court concludes that there is no egregious misjoinder in this case, including the joinder of the so-called "friction" and "non-friction" defendants. *See* Arrington, et al. v. AC & S, et al., No. 1:02cv425 (S.D. Miss. 2002) (rejecting misjoinder arguments in asbestos removal context.)

The court would initially note that the basic relevance of the misjoinder issue is in question in this case. Defendants argue that the "friction" and "non-friction" defendants were misjoined in this action, but it is not clear to this court whether either the "friction" or "non-friction" defendants in this case are made up solely of diverse parties and, thus, whether severing these defendants from each other would serve to produce a purely diverse class of either defendants. The "friction" defendants are characterized by counsel for defendants in a similar companion case as "manufacturers and sellers of car parts sold to consumers."[1]   Defendants seek to sever these defendants from the traditional "non-friction" defendants, which are characterized by counsel in that case as "diverse and non-diverse manufacturers and sellers of industrial insulation products used by professional tradesmen at industrial worksites around the state."

The court would further note that, since defendants refer to the "non-friction" defendants in the companion case as including "non-diverse" industrial defendants, and since there clearly appear to be non-diverse "friction" defendants (that is, certain Mississippi defendants clearly appear to be automobile parts retailers) in this case, it is not clear to this court whether the severance of either the friction or non-friction defendants would serve to create a diverse class of remaining defendants, even assuming egregious misjoinder based on this distinction were present.  If there are, in fact, non-diverse "friction" and also non-diverse "non-friction" defendants in a particular case, then the class distinction would appear to be immaterial for jurisdictional purposes.  Accordingly, the court deems an asbestos defendant's burden of proving the basic relevance of the misjoinder issue on the basis of the "friction/non-friction" distinction in a particular case to include a burden of demonstrating 1) how the two classes are defined 2) which defendants belong to each class in a particular case and 3)

---

[1]Rosamond, et al. v. Garlock, et al., No. 3:03cv235, defendants' memorandum brief at 11.

4

that either the "friction" or "non-friction" class of defendants in a particular case consists solely of diverse parties.[2]   Barring such a showing, severance and remand of either class would not create diversity among the remaining parties, and the misjoinder issue would appear to simply be irrelevant. In this case, it is not entirely clear to this court exactly what constitutes a "friction" or "non-friction" defendant, nor whether there exists a purely diverse class of either in this case.   As such, it is not clear to this court that the misjoinder issue is even relevant herein.

At any rate, even assuming that severance and remand of either the "friction" and "non-friction" defendants would serve to create diversity in this case, the court would still not deem "egregious" misjoinder to be present on the basis of this distinction.   Indeed, if the court were to conclude that any joinders in this case were "egregious" (which, in light of Mississippi's liberal joinder rules, it does not) it would likely be the joinder of numerous plaintiffs (each with a distinct medical history and damages) into a single action, rather than the joinder of "friction" and "non-friction" defendants in the same lawsuit.   Indeed, defendants' objections to the joinder of these defendants in this case appears motivated more by the jurisdictional necessity of excising the non-diverse retailers from this action than by any genuine anomaly in trying friction and non-friction defendants in the same case.

While there may well be some advantages to trying friction and non-friction defendants separately, these advantages are not so compelling as to render their joinder "egregious" under

--------------------------------------

[2]The court does not bind the defendants in this case to a definition provided by counsel in another case; the court cites this definition merely as a starting point for discussing the issue and also to note the court's confusion regarding which defendants are "friction" and "non-friction" defendants in this case.   At the same time, it would certainly be suspect if defendants were to provide varying definitions of "friction" and "non-friction" defendants in different cases, depending upon the residences of defendants in those cases.

Mississippi's liberal joinder rules. It is also apparent that any application of the misjoinder doctrine so as to sever the friction defendants (and those filing suit against them) from this action would be, at best, awkward and wasteful of judicial resources. Indeed, in order to apply the doctrine, it would appear necessary for the court to make findings of fact regarding which defendants constitute "friction" and "non-friction" defendants and also to determine which plaintiffs were making claims against each defendant. Finally, it should be noted that defendants' resort to procedural devices to manufacture diversity only serves to highlight the fact that they have failed to demonstrate that no possibility of recovery exists against the local retailers in this case, as a substantive matter.

The "bottom line" in this and most other asbestos removals is that plaintiffs have filed suit against numerous non-diverse retailers under established products liability theories. While some efforts have been made in the Mississippi legislature to reduce the potential liability of retailers in products cases, none of these efforts would, in the court's view, assist defendants in establishing jurisdiction in this case.[3] Accordingly, defendants are faced with the extraordinarily difficult burden of demonstrating that no possibility of recovery exists against numerous local retailers in this case when products liability law clearly allows such retailers to be sued, even absent a showing of fault

---

[3]The removal petition invokes the retailer liability provisions of § 11-1-64, which was passed by the legislature as part of the 2002 tort reform legislation. Section 11-1-64 generally provides retailers with a mechanism to seek dismissal from a products liability action for liability purposes, but, in an obvious attempt to defeat removal jurisdiction, the statute provides that any such dismissed retailers are to remain parties to the action for jurisdictional purposes. Miss. Code Ann. § 11-1-64(6). It seems clear that this statute, with a January 1, 2003, effective date, does not apply to this case, and no local retailer in this case appears to have even sought dismissal under its terms. Even if the statute were somehow applicable, it is noteworthy that Missouri federal courts interpreting a nearly identical Missouri statute have found that statute sufficient to defeat federal removal jurisdiction, based partly on the fact that any dismissal thereunder is properly considered an involuntary dismissal which may not give rise to removal jurisdiction. *See, e.g.* Pender v. Bell Asbestos Mines, Ltd., 46 F. Supp. 2d 937, 940 (E.D. Mo. 1999).

on the part of those retailers. *See* Miss. Code Ann. § 11-1-63(g) (providing "sellers" with a right of indemnity against manufacturers where the sellers are not at fault in causing product defects, but permitting such sellers to be sued for such defects regardless). As in most asbestos removals, defendants have failed to meet the heavy burden that confronts them, and diversity of citizenship is plainly lacking in this case.

The court is also aware that asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals. This court has noted that other district courts in this state will sometimes include language admonishing asbestos defendants against filing subsequent removal petitions, under the pain of contempt or other sanctions. *See, e.g.* Knotts, et al. v. Minnesota Manufacturing, et al., No. 1:03cv125 (S.D. Miss. 2003) (noting that the "continuous frivolous removal of these cases in addition to being burdensome to the plaintiffs has become taxing on the resources of the court and the court family. ... Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.") The fact that courts have found such language to be necessary speaks volumes regarding the current state of asbestos removal litigation in this state.

In this case, the court would simply note that it has already determined that diversity of citizenship is lacking, and it is also apparent that the one-year limitations period for removal in

diversity cases has passed.  28 U.S.C. § 1446(b).  Plaintiffs assert no federal claims, and the court sees no possible bankruptcy issues which would justify a return of this case to this court.[4]  Thus, the court can envision no scenario under which this case would properly come before it again on removal, and, barring some clear basis for jurisdiction, the court directs that defendants proceed accordingly.

It is therefore ordered that plaintiffs' motion to remand [11-1] is granted, and this case is hereby remanded to the Circuit Court of Humphreys County.  A separate order to that effect shall issue this day.

SO ORDERED, this _5_ day of April, 2004.

MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE

---

[4]*See, e.g. In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir. 2002).

8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DISTRICT**

---

| | |
|---|---|
| **SAMMY BENNET, et al** | **PLAINTIFFS** |
| **V.** | **CASE NO. 4:03CV390** |
| **HONEYWELL INTERNATIONAL, INC., et al** | **DEFENDANTS** |

---

## <u>ORDER</u>

Pursuant to the memorandum opinion issued this day, it is hereby ORDERED that the

plaintiffs' motion for remand [11-1] is GRANTED.

This is the _5_ day of April, 2004.

MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 2 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record, do hereby certify that I have this day served a true and

correct copy of Plaintiffs' *Motion to Vacate Conditional Transfer Order* and Plaintiffs' *Brief in*

*Support of Motion to Vacate Conditional Transfer Order* on all counsel of record via electronic

submission.

THIS, the 12th day of April, 2004.

_____

BRIAN A. HINTON

# SERVICE LIST

Charles H. Abbott
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130

Deborah D. Kuchler
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130

David S. Pokela
Adams, Kleemeier Hagan,
   Hannah & Fouts
P.O. Box 3463
Greensboro, NC 27402

David Foxwell Albright, Sr.
Albright & Goertemiller, LLC
120 E. Baltimore Street, Suite 2170
Baltimore, MD 21202

Thomas E. Vaughn
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502-4108

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
   Baumgarten, et al
Bank of America Tower
100 Southeast 2nd St., Suite 4300
Miami, FL 33131-2144

Geffrey W. Anderson
Anderson Smyer & Riddle
1300 S. University Dr., Suite 110
University Centre I
Fort Worth, TX 76107

Thomas W. Taylor
Andrews & Kurth
600 Travis, Suite 4200
Houston, TX 77002

Feliz A. Rael
Atkinson & Thal
201 Third St., N.W. #1850
Albuquerque, NM 87102

Troy N. Bell
Aultman, Tyner, Ruffin &
   Yarborough, Ltd.
400 Poydras Street, Suite 1900
New Orleans, LA 70130

William N. Graham
Aultman, Tyner, Ruffin &
   Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
   Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

Thomas W. Tyner
Aultman, Tyner, Ruffin &
   Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

Laura E. Kugler
Bailey Crowe & Kugler
4600 Bank of America Plaza
901 Main St.
Dallas, TX 75202

Mel D. Bailey
Bailey, Crowe & Kugler
4600 Bank of America Plaza
901 Main Street
Dallas, TX 75202

Michael Lamar Brem
Baker & Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002-4995

Robin E. Harvey
Baker & Hostetler
312 Walnut St., Suite 3200
Cincinnati, OH 45202

Robert M. Arentson, Jr.
Baker, Donelson, Bearman,
   Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Scott W. Bates
Baker, Donelson, Bearman,
   Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Barry C. Campbell
Baker, Donelson, Bearman,
   Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Lawrence M. Coco, III
Baker, Donelson, Bearman,
   Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Barry W. Ford
Baker, Donelson, Bearman,
   Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

David A. Barfield
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

James H. Elliott, Jr.
Barnwell, Whaley, Patterson
   & Helms
885 Island Park Drive
Charleston, SC 29492-0197

Gregory L. Deans
Beirne, Maynard & Parsons
1700 Pacific Ave., Suite 5
Dallas, TX 75201

David F. Albright, Jr.
Bennett & Albright, PA
200 Court Square Building
200 E. Lexington Street
Baltimore, MD 21202

Richard V. Bennett
Bennett & Guthrie, PLLC
1560 Westbrook Plaza Drive
Winston-Salem, NC 27103

Donald J. Berger
Berger Gamage
110 S. Taylor Street
South Bend, IN 46601

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
Metairie, LA 70055-5490

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Blvd.,
   Suite 550
Coral Gables, FL 33134-6920

Dennis F. Cantrell
Bingham McHale, LLP
2700 Market Tower
10 West Market Street
Indianapolis, IN 45204

John J. Nagle, III
Bodie, Nagle, Dolina, Smith
    & Hobbs, PA
21 W. Susquehanna Ave.
Towson, MD 21204

Kevin O. Kadlec
Bonezzi, Switzer, Murphy & Polito
1400 Leader Bldg.
526 Superior Ave.
Cleveland, OH 44114-1491

Lee Ruffin Wilson
Bowers Orr, LLP
P.O. box 25389
Columbia, SC 29224

Patricia K. Andrews
Brown McCarroll & Oaks Hartline
111 Congress Ave., Suite 1400
Austin, TX 78701

Tammy M. Holt
Brown McCarroll & Oaks Hartline
2000 Trammel Crow Center
20001 Ross Avenue
Dallas, TX 75201

Patrick R. Buchanan
Brown, Buchanan & Sessoms, P.A.
P.O. Box 1377
Biloxi, MS 39533-1377

Steven B. Dick
Brown, Buchanan & Sessoms, P.A.
P.O. Box 2220
Pascagoula, MS 39569-2220

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402

Bruce M. Kuehnle, Jr.
Bruce M. Kuehnle, Jr., PLLC
P.O. Box 866
Natchez, MS 39121-0866

Jeffrey W. Ruple
Buckley King
1400 Bank One Center
600 Superior Ave.
Cleveland, OH 44114

Rebecca C. Sechrist
Bunda Stutz & Dewitt
One Seagate, Suite 650
Toledo, OH 43604

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

W. S. Welch
Butler, Snow, O'Mara, Stevens
    & Cannada
Deposit Guaranty Plaza, 17th Floor
210 East Capitol St.
Jackson, MS 39225

James H. Bolin
Butler, Snow, O'Mara, Stevens
    & Cannada
P.O. Box 22567
Jackson, MS 39225

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens
    & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Mark W. Garriga
Butler, Snow, O'Mara, Stevens
    & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Utah Railway Co.
C/O CT Corporation System
50 W. Boradway, 8th Floor
Salt Lake City, UT 84101

Bradley F. Hathaway
Campbell, Delong, Hagwood
    & Wade
P.O. Box 1856
Greenville, MS 38702-1856

Michael P. Cascino
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago, IL 60607

Deetrie D. Montgomery
Clark, Scott & Streetman
P.O. Box 113847
Jackson, MS 39236-3847

Clyde L. Nichols, III
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236-3847

James P. Streetman, III
Clark, Scott & Streetman
447 Northpark Dr.
P.O. Box 13847
Ridgeland, MS 39236-3847

Lawrence A. Lynn
Coats Rose Yale Holm
    Ryman & Lee
1001 Fannin
800 First City Tower
Houston, TX 77002

Stefan R. Hughes
Cole, Moore & Baker
P.O. Box 10240
Bowling Green, KY 42102

Patrick T. Tierney
Collins, Buckley, Sauntry & Haugh
West 1100 First National Bank Bldg
332 Minnesota St.
St. Paul, MN 55101

Wilbur O. Colom
Colom Law Firm
P.O. Box 866
Columbus, MS 39703-0866

Michael T. Bartley
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Monte L. Barton
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158

William Howard Farrell
Cotton & Farrell
801 Congress, Suite 400
Houston, TX 77002

James R. Eyler
Court of Special Appeals
    of Maryland
361 Rowe Blvd.
Annapolis, MD 21401

Edward J. Currie, Jr.
Currie, Johnson, Griffin,
    Gaines & Myers
P.O. Box 750
Jackson, MS 39205-0750

Kristi A. Duncan
Currie, Johnson, Griffin,
    Gaines & Myers
P.O. Box 750
Jackson, MS 39205-0750

Charles H. Hathorn
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

David M. Lipman
David P. Lipman, P.A.
5901 S.W. 74th St., Suite 304
Miami, FL 33143

H. Lee Davis, Jr.
Davis & Hamrick, LLP
P.O. Drawer 20039
Winston-Salem, NC 27120-0039

Rodney A. Dean
Dean & Gibson, LLP
Cameron Brown Bldg., Suite 900
301 S. McDowell Street
Charlotte, NC 28204

Chris H. Deaton
Deaton & Deaton, P.A.
113 Clark Street, Suite 5
Tupelo, MS 38804

Stephen B. Evans
Deeba, Sauter, et al
3415 Hampton Ave.
St. Louis, MO 63139

Gary D. Eliston
DeHay & Elliston, LLP
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Janet L. MacDonell
Dentsch, Kerrigan & Stiles
755 Magazine St.
New Orleans, LA 70130

George M. Schurmann
Dickie, McCamey & Chilcote, P. C.
Two PPG Place, Suite 400
Pittsburgh, PA 15222-5402

Nathan A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, MS 39568-1618

David W. Dogan, III
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

John B. Edwards
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, MS 39568-1618

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
P.O. Box 1618
Pascagoula, MS 39568-1618

Janet W. Black
Donaldson & Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401

David A. Temple
Drewry Simmons Pitts & Vornehm
8888 Keystone Crossing, Suite 1200
Indianapolis, IN 46240

Hector Ralph Rivera
Duane Morris LLP
200 South Biscayne Blvd.,
   Suite 3400
Miami, FL 33131

David Duke
Duke Law Firm
236 Westview Terrace
Arlington, TX 76013

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Kenneth D. Rhodes
Dunn, Kacal, Adams, et al
America Tower
One Riverway, Suite 1200
Houston, TX 77056

Robert L. Adams
Dunn, Kacal, Adams, Pappas
   & Law
One Riverway, Suite 1200
Houston, TX 77056

Lily C. Myers
Dunn, Kacal, Adams, Pappas
   & Law
900 Jackson St., Suite 330
Dallas, TX 75202

Keith E. Coltrain
Elmore & Walls, P.A.
P.O. Box 10937
Raleigh, NC 27605

Nicholas L. Evanchan, Jr.
Evanchan & Palmisano
1225 West Market Street
Akron, OH 44313

Ivan A. Gustafson
Evert & Weathersby
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Charles M. Evert
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Richard M. Lauth
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Frances L. Spinelli
Evert & Weathersby, LLC
3405 Piedmont Road, NE, Suite 225
Atlanta, GA 30305

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.,
   Suite 225
Atlanta, GA 30305

Mark J. Fellman
Fellman Law Office
213 4th Street East, Suite 200
St. Paul, MN 55101

Christopher E. Fitzgerald
Fitzgerald & Associates, PLLC
2113 Government Street, D-3
Ocean Springs, MS 39564

James T. Foley
Foley & Boyd
First Place, Suite 404
Tyler, TX 75702

Jana Marie Fried
Foley & Mansfield
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137

Raymond P. Forceno
Forceno & Hannon
Philadelphia Bourse Bldg.,
   Suite 1000
Independence Mall East
Philadelphia, PA 19106

T. H. Cole
Forman, Perry, Watkins, Krutz
   & Tardy LLP
P.O. Box 22608
Jackson, MS 39225-2608

Marcy L. Bryan
Forman, Perry, Watkins, Krutz
   & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Richard M. Crump
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Richard L. Forman
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Laura A. Frase
Forman, Perry, Watkins, Krutz
& Tardy, LLP
2001 Bryan St., Suite 1300
Dallas, TX 75201-3008

Amanda D. Summerlin
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Jenifer E. Novak
Frantz Ward
55 Public Square, 19th Floor
Cleveland, OH 44113

Harold J. Friedman
Friedman Gaythwaite
Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

Kevin C. Alexanderson
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

J. Michael Jordan
Gardere Wynne Sewell
Wells Fargo Bank Plaza
1000 Louisiana, Suite 3400
Houston, TX 77002-5007

George C. Doub, Jr.
George C. Doub, Jr., P.C.
12 West Madison Street
Baltimore, MD 21201-5231

Michael J. Nichols
Gholson, Hicks & Nichols
P.O. Box 1111
Columbus, MS 39703-1111

Richard S. Glasser
Glasser & Glasser, PLC
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

John E. Conley
Glasser & Glasser, PLC
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510-2212

Marc C. Greco
Glasser & Glasser, PLC
Crown Center Bldg., Suite 600
580 E. Main St.
Norfolk, VA 23510

H. Seward Lawlor
Glasser & Glasser, PLC
580 East Main Street
600 Crown Center
Norfolk, VA 23510-3312

Donald E. Godwin
Godwin & Gruber, P.C.
Renaissance Tower
1201 Elm St., Suite 1700
Dallas, TX 75270

John W. Petereit
Godwin Gruber, P.C.
1201 Elm St., Suite 1700
Dallas, TX 75270-2084

Michael John Ramirez
Godwin Gruber, P.C.
Renaissance Tower
1201 Elm St., Suite 1700
Dallas, TX 75270-2084

Peter T. Paladino, Jr.
Goldberg, Persky Jennings & White
Ketchum Center, 3rd Floor
1030 5th Ave.
Pittsburgh, PA 15219

Ellen B. Furman
Goldfein & Hosmer
1600 Market St., 33rd Floor
Philadelphia, PA 19103

David W. Allen
Goodell, DeVries, Leech & Dann
One South Street, 20th Floor
Baltimore, MD 21202

Gene Locks
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Lucien C. Gwin, Jr.
Gwin, Lewis & Punches
P.O. Box 1344
Natchez, MS 39121-1344

David K. Groome
Hailey, McNamara, Hall,
Larmann & Papale
P.O. Box 8288
Metairie, LA 70011-8288

Richard E. Fay
Hamilton Gaskins Fay & Moon
2020 Charlotte Plaza
201 South College Street
Charlotte, NC 28244-2020

Joe E. Basenberg
Hand, Arendall, LLC
P.O. Box 123
Mobile, AL 36601

James M. Harris, Jr.
Harris Lively, Duesler & Hatfield
P.O. Box 830
550 Fannin, Suite 650
Beaumont, TX 77704

Monica F. Patterson
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree St., N.E.
Atlanta, GA 30308-3243

Patrick J. Stubbs
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree St., N.E.
Atlanta, GA 30308-3243

Robert E. Thackston
Hawkins, Parnell & Thackston
4514 Cole Ave., Suite 550
Dallas, TX 75202

John B. McLeod
Haynsworth, Marion, McKey
& Guerard
75 Beattie Place, 11th Floor
Greenville, SC 29601

James B. Pressly, Jr.
Haynsworth, Sinkler & Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

Gary Scott Tosadori
Law Offices of Peter G. Angelos
5905 Harford Road
Baltimore, MD 21214

Marlo Ann Trotta
Law Offices of Peter G. Angelos
5905 Harford Road
Baltimore, MD 21214

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402

Jody E. Anderman
LeBlanc & Waddell, LLC
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

John M. Fitzpatrick
LeClair, Ryan, P.C.
707 East Main St., 11th Floor
Richmond, VA 23219

Lewis Charles Miltenberger
Lewis C. Miltenberger & Associates
108 W. 8th St., Suite 500
Fort Worth, TX 76102

Scott A. Wissel
Lewis, Rice & Fingersh, LC
One Petticoat Lane
1010 Walnut, Suite 500
Kansas City, MO 64106

William H. Liston, III
Liston / Lancaster
P.O. Box 645
Winona, MS 38967-0645

Patricia A. Burke
Littler Mendelson, PC
33 South 6th Street, Suite 3110
Minneapolis, MN 55402

Cole D. Bond
Locke Liddell & Sapp, LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201-6776

John L. Hill, Jr.
Locke Liddell & Sapp, LLP
3400 J.P. Chase Tower
600 Travis St.
Houston, TX 77002

Michael A. Bergin
Locke Reynolds LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN 46244-0961

John J. Boyd, Jr.
Lord & Whip, P.A.
Charles Center South
36 S. Charles Street, 10th Floor
Baltimore, MD 21201

Ann Marie Walsh
Lord, Bissell & Brook, LLP
115 South La Salle St.
Chicago, IL 60603

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant St.
Pittsburgh, PA 15219

H. Forest Horne, Jr.
Martin & Jones
410 Glenwood Ave., Suite 200
Raleigh, NC 27603

E. Spencer Parris
Martin & Jones
410 Glenwood Ave., Suite 200
Raleigh, NC 27603

Mark S. Thomas
Maupin, Taylor & Ellis
P.O. Drawer 19764
Raleigh, NC 27619-9764

Betty A. Mallett
McGlinchey Stafford
P.O. Box 22949
Jackson, MS 39225-2949

Eric Alan Shuman
McGlinchey Stafford
643 Magazine St.
New Orleans, LA 70055-5490

Barbara J. Barron
Mehaffy & Weber, P.C.
P.O. Box 16
Beaumont, TX 77704

F. Ford Loker
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

John P. Sweeney
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202-1487

William C. Spencer
Mitchell, McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, MS 38802-7120

Ronald L. Roberts
Mitchell, McNutt & Sams, P.A.
P.O. Box 1366
Columbus, MS 39703-1366

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Trudy Hartzog Robertson
Moore & Van Allen, PLLC
P.O. Box 22828
Charleston, SC 29413-2828

Michael R. Ward
Morris & Morris
1200 Ross Building
801 E. Main St.
Richmond, VA 23218-0030

James C. Morrow
Morrow, Willnauer & Klosterman
901 E. 104th St., Suite 610
Executive Hills East Building B
Kansas City, MO 64131-4509

James W. Ledlie
Motley, Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Fred Thompson
Motley, Rice LLP
1750 Jackson St.
Barnwell, SC 29812

Ronald L. Motley
Motley, Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Lauren Miller Robbins
Munisteri, Sprott, Lefevre & Rigby
3323 Richmond Ave., Suite A
Houston, TX 77098

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles St., Suite 1400
Baltimore, MD 21202-1019

Herbert I. Waldman
Nagel, Rice & Mazie, LLP
301 S. Livington Ave., Suite 201
Livingston, NJ 07039

Tracy E. Tomlin
Nelson, Mullins, Riley
  & Scarborough
100 North Tryon St., Suite 2400
Charlotte, NC 28202-4000

William T. Causby
Nelson, Mullins, Riley &
    Scarborough, LLP
1330 Lady Street, Keenan Bldg.,
3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

William S. Davies, Jr.
Nelson, Mullins, Riley &
    Scarborough, LLP
1330 Lady Street, Keenan Bldg.,
3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Jeremy W. North
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Keith D. Obert
Obert Law Group, P.A.
P.O. Box 2081
Madison, MS 39130-2081

Reginald S. Kramer
Oldham & Dowling
195 South Main St., Suite 300
Akron, OH 44308-1314

Cowles E. Symmes
Page, Mannino & Peresich
759 Vieux Marche Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

W. M. Edwards
Page, Mannino, Peresich, Dickinson
    & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Patricia A. Dicke
Page, Mannino, Peresich &
    McDermott
P.O. Drawer 289
Biloxi, MS 39533

Ronald G. Peresich
Page, Mannino, Peresich &
    McDermott
P.O. Drawer 289
759 Vieux Marche Mall
Biloxi, MS 39533-0289

Christopher M. Parks
Parker & Parks, LLP
One Plaza Square
Port Arthur, TX 77642

Thomas M. Buckley
Patterson, Dulthey, Clay,
    Bryson & Anderson
4020 WestChase Blvd., Suite 550
Raleigh, NC 27607

James J. Fabian
Pfeifer & Fabian
326 Saint Paul Place, Suite 100
Baltimore, MD 21202

Richard C. Biedrzycki
Phelan, Pettit & Biedrzycki
121 South Broad Street, Suite 1600
Philadelphia, PA 19107

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Carl E. Pierce, II
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Kenneth K. Kyre, Jr.
Pinto, Coates, Kyre & Brown
P.O. Box 4848
Greensboro, NC 27404

Jay I. Morstein
Piper Rudnick, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Patrick C. Malouf
Porter & Malouf, P.A.
P.O. Box 12768
Jackson, MS 39236

Timothy W. Porter
Porter & Malouf, P.A.
4670 McWillie Dr.
P.O. Box 12768
Jackson, MS 39236

Stephen M. Fowler
Pullin, Knopf, Fowler & Flanagan
Bank One Center, Suite 1000
707 Virginia Street East
Charleston, WV 25301

William P. Croke
Quale, Feldbruegge, Calvelli,
    Thom & Croke
710 N. Plankinton Ave., 9th Floor
Milwaukee, WI 53203-2404

Beth A. Sebaugh
Quandt, Giffels, Buck & Rodgers
1400 Leader Building
52 Superior Avenue
Cleveland, OH 44114

Peter A. Moir
Quilling, Selander, et al
2001 Bryan St., Suite 1800
Dallas, TX 75201

Charles E. Sorey, II
Ramsey Law Firm, P.C.
21 North Florida St.
Mobile, AL 36607

William W. Webster, II
Ray Valdez McChristian & Jeans
101 Summit Ave., Suite 705
Fort Worth, TX 76102

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market St.
Philadelphia, PA 19103

Michael T. Flynn
Reinhart, Boerner, Van Deuren
1000 N. Water St., Suite 2100
P.O. Box 2965
Milwaukee, WI 53202-2965

Steven J. Pugh
Richarson, Plowden, Carpenter
    & Robinson, P.A.
P.O. Drawer 7788
Columbia, SC 29202

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen
7000 W. Palmetto Prk Rd, Suite 400
Boca Raton, FL 33433

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Joe D. Wells
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018-8008

Peter J. Frommer
Ruden, McClosky, Smith, et al.
701 Brickell Ave., Suite 1900
Miami, FL 33131

Robert John Hanreck
Rumberger, Kirk & Caldwell
80 SW 8th St., Suite 3000
Miami, FL 33130-3047

Matthew F. Powers
Samson & Powers, PLLC
P.O. Box 1417
Gulfport, MS 39502-1417

Moffatt Grier McDonald
Haynsworth, Sinkler & Boyd
P.O. Box 2048
Greenville, SC 29602

Francis M. Hadden
Hecker, Brown, Sherry & Johnson
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103

Jeffrey A. Kadis
Hedrick, Eatman, Gardner
& Kincheloe
P.O. Box 30397
Charlotte, NC 28230

Gordon James, III
Heinrich, Gordon, Hargrove,
Weihe & James
Broward Financial Ctr, Suite 1000
500 East Broward Blvd.
Fort Lauderdale, FL 33394-3072

Jack C. Helgesen
Helgesen, Waterfall & Jones
4605 Harrison Blvd., Suite 300
Ogden, UT 84403

Myron Shapiro
Herzfeld & Rubin, P.C.
80 S.W. 8th St., Suite 1920
Miami, FL 33130

Christopher P. Larson
Heyl, Royster, Voelker & Allen
600 Bank One Building
124 Southwest Adams
Peoria, IL 61602

Tobin J. Taylor
Heyl, Royster, Voelker & Allen
600 Bank One Building
124 Southwest Adams
Peoria, IL 61602

Knight S. Anderson
Hill, Fulwider, McDowell,
Funk & Matthews
2000 INB Tower
One Indiana Square
Indianapolis, IN 46204-2031

Daniel W. McGrath
Hinshaw & Culbertson
222 N. Lasalle St., Suite 300
Chicago, IL 60601-1081

Lanny R. Holbrook
Holbrook & Associates
1400 Fourth & Race Tower
One East Fourth Street
Cincinnati, OH 45202

Michael N. Watts
Holcomb, Dunbar
P.O. Box 707
Oxford, MS 38655

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Ave., Suite 2600
P.O. Box 1526
Orlando, FL 32801

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

Shawn C. Reed
Howard & Reed
516 N. Columbia St.
Covington, LA 70433

D. Douglas Howard, Jr.
Howard, Laudumiey, et al
P.O. Box 50430
839 St. Charles Ave., Suite 306
New Orleans, LA 70150

Scott A. Britton-Mehlisch
Humphrey, Farrington, McClain
& Edgar
221 W. Lexington, Suite 400
P.O. Box 900
Independence, MO 64051

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd St.
Richmond, VA 23219

A. Todd Brown
Hunton & Williams
Bank of America Plaza
101 Sout Tryon Street, Suite 3500
Charlotte, NC 28280

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1370 Penobscot Building
Detroit, MI 48226

Susan M. Hull
Jenkens & Gilchrist
Fountain Place, Suite 3200
1445 Ross Ave.
Dallas, TX 75202

Carter T. Lambeth
Johnson & Lambeth
P.O. Box 660
Wilmington, NC 28402

Robert L. Norton
Jones & Granger
10000 Memorial Dr., Suite 888
P.O. Box 4340
Houton, TX 77210-4340

Joseph Stalmack
Joseph Stalmack & Associates, P.C.
5253 Hohman Ave.
P.O. Box 1150
Hammond, IN 46320

S. B. Windham
Jude & Jude, PLLC
P.O. Box 17468
Hattiesburg, MS 39404-7468

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

George S. McCall
Kern & Wooley, LLP
5215 N. O'Connor Rd, Suite 1700
Irving, TX 75039

J. Ric Gass
Kravit, Gass, Hovel & Leitner, S.C.
825 N. Jefferson St., Suite 500
Milwaukee, WI 53202-3721

Kenneth L. Weltz
Lathrop & Gage, L.C.
10851 Mastin Blvd.
Building 82, Suite 1000
Overland Park, KS 66210-1669

Evan J. Palik
Law Office of Evan J. Palik
918 Terminal Tower
50 Public Square
Cleveland, OH 44113-2203

Steven Wentzel Smith
Law Office of Peter G. Angelos
One Charles Center
100 N. Charles St., 22nd Floor
Baltimore, MD 21201

Thomas F. Dougall
Law Office of Thomas F. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

Thomas W. Hayes
Law Office of William M. Koziol
One Kemper Dr.
Long Grove, IL 60049

Kathleen M. Brown
Law Offices of Peter G. Angelos
5905 Harford Road
Baltimore, MD 21214

Elizbeth K. Niendorf
Schiff, Hardin & Waite
233 South Wacker Dr.
6600 Sears Tower
Chicago, IL 60606

Michael E. Jackson
Schwarzwald & McNair
616 Penton Media Bldg.
1300 East Ninth St.
Cleveland, OH 44114-1503

Diana R. Warnecle
Sedgwick Detert, et al.
1717 Main St., Suite 5400
Dallas, TX 75201

James R. Williams
Segal, McCambridge, Singer &
  Mahoney, Ltd.
330 North Wabash, Suite 200
Chicago, IL 60611

Jesse Matthew Butler
Segal, McCambridge, Singer &
  Mahoney, Ltd.
100 Congress Ave., Suite 700
Austin, TX 78701

Melissa K. Ferrell
Segal, McCambridge, Singer &
  Mahoney, Ltd.
100 Congress Ave., Suite 700
Austin, TX 78701

Jason L. Kennedy
Segal, McCambridge, Singer &
  Mahoney, Ltd.
One IBM Plaza
330 N. Wabash Ave., Suite 1800
Indianapolis, IN 46204

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Blvd., Sixth Floor
Los Angeles, CA 90025

Dan Shaked
Shaded & Posner
225 West 34th St., Suite 1111
New York, NY 10122

Kelley M. Berry
Shannon Law Firm
100 West Gallatin Street
P.O. Drawer 869
Hazelhurst, MS 39083

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

James L. Ware
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Centre
909 Fanin
Houston, TX 77010-1003

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones
  & Hawn
999 Westview Dr.
Hastings, MN 55033

Dixie T. Wells
Smith Moore, LLLP
P.O. Box 21927
Greensboro, NC 27420

Kirk G. Warner
Smith, Anderson, Blount, et al.
P.O. Box 2611
Raleigh, NC 27602-2611

Timothy Peck
Smith, Helms, Mulliss & Moore
P.O. Box 21927
Greensboro, NC 27420

William C. Reeves
Smith, Reeves & Yarborough
6360 I-55 North, Suite 201
Jackson, MS 39211

Timothy Kent Masterson
Spence, Ricke, Sweeney & Gernes
600 Degree of Honor Building
325 Cedar St.
St. Paul, MN 55101

John G. Bissell
Strong, Pipkin, Nelson & Bissell
1111 Bagby Street, Suite 2300
Houston, TX 77002

Michael Hendryx
Strong, Pipkin, Nelson & Bissell
1111 Bagby St., Suite 2300
Houston, TX 77002-2546

Brian A. Hinton
The Colom Law Firm
P.O. Box 866
Columbus, MS 39703

Heather M Mackenzie
Thompson & Knight
1700 Pacific Ave., Suite 3300
Dallas, TX 75201-4693

Dawn M. Wright
Thompson & Knight
1700 Pacific Ave., Suite 3300
Dallas, TX 75201

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

David M. Taylor
Thompson, Coe, Cousins & Irons
700 N. Pearl St., 25th Floor
Dallas, TX 75201

Michael P. Thornton
Thornton & Naumes LLP
100 Summer St., 30th Floor
Boston, MA 02110

Grady F. Tollison, Jr.
Tollison, Austin & Twiford
P.O. Box 1216
103 N. Lamar Ave.
Oxford, MS 38655-1216

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. box 998
Cedar Rapids, IA 82406

Willis R. Tribler
Tribler, Orpett & Crone
30 North LaSalle St., Suite 2200
Chicago, IL 60602

Joseph J. Morford
Tucker Ellis & West LLP
1100 Huntington Bldg.
925 Euclid Ave.
Cleveland, OH 44115-1475

Kyle A. Pinkerton
Tyner Law Firm
5750 I-55 North
Jackson, MS 39211

Bruce P. Mandel
Ulmer & Berne, LLP
1300 E. Ninth St.
900 Bond Court Building
Cleveland, OH 44114

Glenn F. Beckham
Upshaw, Williams, Biggers,
Beckham & Riddick
P.O. Drawer 8230
Greenwood, MS 38935-8230

John R. Countias, III
Upshaw, Williams, Biggers,
Beckham & Riddick
715 South Pear Orchard Road
Ridgeland, MS 39157

Jeffrey A. Varas
Varas & Morgan
P.O. Box 886
Hazelhurst, MS 39083

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay St.
P.O. Box 1008
Columbus, OH 43216

Christopher D. Mauriello
Wallace & Graham, P.A.
525 North Main St.
Salisbury, NC 28144

Michelle Norton
Waters & Kraus
3219 McKinney Ave., Suite 3000
Dallas, TX 75204

Joseph J. Stroble
Watkins & Eager
The Emporium Building
400 East Capitol St., Suite 300
Jackson, MS 39205-0650

John Elliott Unsworth, III
Weiss & Bason
1515 Poydras St., Suite 1100
New Orleans, LA 70112-3723

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Keith L. Arnold
Whiteford, Taylor & Preston
7 Saint Paul Street, Suite 1300
Baltimore, MD 21202-1626

Raymond P. Harris, Jr.
Whittenburg & Schachter, P.C.
Plaza of the Americas, Suite 2300
600 N. Pearl St., LB 133
Dallas, TX 75201

Laurel A. Fay
Whittenburg Whittenburg
  & Schachter
600 North Pearl Street, Suite 2300
Lb 133
Dallas, TX 75201

Charles H. Bohl
Whyte, Hirschboeck & Dudek, S.C.
111 E. Wisconsin Ave., Suite 2100
Milwaukee, WI 53202

Douglas B. King
Wooden & McLaughlin
One Indiana Square, Suite 1800
Indianapolis, In 46204

Mark R. Chilson
Young & Alexander
130 West Second Street, Suite 2000
Dayton, OH 45402-9291

Pilar Vaile
Youngdahl, Youtz & Youngdahl
420 Central Ave., Suite 210
Albuquerque, NM 87102-3296

Paul T. Benton
181 Main Street
Biloxi, MS 39530

Debra P. Branan
170 West Center Street
Hernando, MS 38632

Rodd Russell Buell
1183 Maidstone Dr.
Wellington, FL 33414-7008

Dana Hefter Davis
P.O. Box 31627
Raleigh, NC 27622

Edward S. Digges, Jr.
P.O. Box 72
Route 445
Rock Hall, MD 21663

Robert B. McDuff
767 North Congress St.
Jackson, MS 39202

Agostini Dias Reis
P.O. Box 105
Unionville, CT 06085

Michael J. Schenk
3360 S.W. Harrison St.
Topeka, KS 66611-2213

## PANEL SERVICE LIST

**Beaver Dam Products Corp.**
**Daimler Chrysler Corp.**
**Ford Motor Company**
**Volkswagon of America, Inc.**
William N. Reed, Walker Jones, III, Barry W.
Ford, Scott W. Bates
Baker, Donelson, Bearman & Caldwell
4268 I-55 North Meadowbrook Office Park
Post Office Box 14167
Jackson, MS 39236
(601) 351-2400 phone
(601) 351-2424 fax
wreed@bakerdonelson.com

**Bridgestone/Firestone, Inc.**
Bruce M. Kuehnle, Jr.
Law Offices of Bruce M. Kuehnle, Jr.
322 Main Street
Post Office Box 866
Natchez, MS 39121
(601) 442-2733 phone
(601) 442-4085 fax
kuehnle@bellsouth.com

Phil R. Abernathy
Patricia C. Gandy
Butler, Snow, O'Mara, Stevens & Cannada
210 E. Capital Street, Suite 700
Post Office Box 22567
Jackson, MS 39225
(601) 948-5711 phone
(601) 985-4500 fax
phil.abernathy@butlersnow.com
patty.gandy@butlersnow.com

**Briggs-Stratton Corp.**
Roy A. Smith, Jr.
Daniel Coker Horton & Bell
4400 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, MS 39215
(601) 969-7607 phone
(601) 969-1116 fax
rsmith@danielcoker.com

**Borg Warner Corp.**
**Garlock, Inc.**
**Mack Trucks, Inc.**
**Paccar, Inc./Peterbilt Motors, Co.**
**Volvo GM Heavy Trucks Corp.**
Thomas W. Tyner, Daphne M. Lancaster,
Christopher O. Massenburg
Aultman, Tyner, Ruffin & Yarborough, LTD.
Post Office Drawer 750
Hattiesburg, MS 39401
(601) 583-2671 phone
(601) 583-2677 fax
aulttyn@megagate.com
amoore@megagate.com
dlancaster@megagate.com
cmassenburg@megagate.com

**Caterpillar, Inc.**
**Perkins Engines, Inc.**
**Puckett Machinery Company**
Betty A. Mallett
McGlinchey Stafford
Skytel Center South, Suite 110, 200 South Lamar
Street
Post Office Drawer 22949
Jackson, MS 39225
(601) 960-8424 phone
(601) 960-8431 fax
bmallett@mcglinchey.com

**Cummins Engine Company, Inc.**
**McCord Corp.**
Ronald G. Peresich, W. Mark Edwards,
Michael E. Whitehead
Page, Mannino, Peresich & McDermott
759 Vieux Marche Mall
Post Office Drawer 289
Biloxi, MS 39533
(228) 374-2100 phone
(228) 432-5539 fax
michael.whitehead@pmp.org
mark.edwards@pmp.org
rgp@pmp.org

**Dana Corporation**
**Pneumo Abex Corp.**
**Teledyne, Inc.**
**TDY Industries**
**Lexington Automotive Parts Company**
Thomas W. Tardy, III, Marcy B. Croft, Richard L.
Forman, Craig E. Brasfield
Forman, Perry, Watkins, Krutz & Tardy, PLLC
1200 One Jackson Place, 188 East Capital Street
Post Office Box 22608
Jackson, MS 39225
(601) 960-8600 phone
(601) 960-3241 fax
hardy@fpwk.com
croftmb@fpwk.com
rforeman@fpwk.com
graig@fpwk.com

**Deer & Co., Inc.**
Deborah D. Kuchler
Abbott, Simses & Kuchler
400 Lafayette Street Suite 200
New Orleans, LA 70130
(504) 568-9393 phone
(504) 524-1933 fax
rfontenot@abbott-simses.com

- 1 -

## PANEL SERVICE LIST

**Detroit Diesel Corp.,General Motors Corp.**
**Carl Hogan Automotive, Inc.**
**Fitzner Pontiac, Inc.**
**Herrin Gear Chevrolet Company**
Paul V. Cassisa, Sr., Ann M. Sico
Bernard, Cassisa, Elliot & Davis
1615 Metairie Road
Post Office Box 55490
Metairie, LA 70055
(504) 834-2616 phone
(504) 838-9438 fax
cassisa@dixie-net.com

**Goodyear Rubber Company**
C. Michael Evert, Jr., Frances Spinelli
Evert & Weathersby, LLC
3504 Piedmont Road Suite 225
Atlanta, GA 30305
(404) 233-8718 phone
(404) 233-8933 fax
cmevert@enlaw.com
flspinelli@enlaw.com

Walter W. Dukes
Dukes, Dukes, Keating and Fanaca
2909 13th Street, 6th Floor
Post Office Drawer W
Gulfport, MS 39502
(228) 868-1111 phone
(228) 863-2886 fax
walter@ddkf.com

**Hennessy Industries, Inc.**
Ashley J. Platt
Brown, Buchanan, Sessoms, PA
3112 Canty Street
Post Office Box 2220
Pascagoula, MS 39569
(228) 762-0035 phone
(228) 762-0299 fax
ajp@brownbuchanan.com

**Honeywell International**
Edward J. Currie, Jr., Kristi Duncan Kennedy
Curri Johnson Griffin Gaines & Myers, PA
1044 River Oaks Drove
Post Office Box 750
Jackson, MS 39205
(601) 969-1010 phone
(601) 969-5120 fax
ccurrie@curriejohnson.com
kkennedy@curriejohnson.com

**Kohler Co., Inc.**
William C. Spencer
Mitchell, McNutt & Sams
105 S. Front Street
Post Office Box 7120
Tupelo, MS 38802
(662) 842-3871 phone
(662) 842-8450 fax
wspencer@mitchellmcnutt.com
**Maremont Corp.**
Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
(601) 354-5400 phone
(601) 355-5850 fax
jphubl@wellsmoore.com

**Motion Control Industries, Inc.**
John J. Hainkel, III,
Frilot, Partridge, Kohnke & Clements, L.C.
3600 Energy Centre, 110 Poydras Street
New Orleans, LA 70163
(504) 599-8000 phone
(504) 599-8100 fax
jjh@fpkc.com

**Lipe Rollway Corporation**
**Motion Control Industries, Inc.**
**Oshkosh Truck Corp.,Genuine Auto Parts,**
**Motor Parts Co. of Yazoo City, Inc.**
William C. Reeves
Smith, Reeves, LLPC
6360 I55N Suite 201
Jackson, MS 39211
(601) 965-7200 phone
(601) 965-7201 fax
breeves@smithreeves.com

**Navistar Int'l Transportation, Corp**
**Metropolitan Life Insurance Company**
Scott W. Welch, III
Butler, Snow, O'Mara, Stevens & Cannada
210 E.Capital Street, Suite 700
Post Office Box 22567
Jackson, MS 39225
(601) 948-5711 phone
(601) 985-4500 fax
scotty.welch@butlersnow.com

**Rechtien International Trucks, Inc.**
**Waters Truck and Tractor**
Thomas Y. Page,
Page, Kruger & Holland, P.A.
10 Canebrake Blvd.
Post Office Box 1163
Jackson, MS 39215
(601) 420-0333
(601) 420-0033
tpage@pkh.net

## PANEL SERVICE LIST

**Mills Morris Company of Columbus/Mid City**
**Auto Parts, Inc.**
Aubrey E. Nichols
Gholson, Hicks & Nichols
710 Main Street
Post Office Box 1111
Columbus, MS 39703
(662) 243-7300 phone
(662) 327-6217 fax
anichols@ghnlaw.com

**Blackwell Chevrolet**
**Motor Supply Company, Inc.**
James Holland
Page, Kruger & Holland, P.A.
10 Canebrake Blvd.
Post Office Box 1163
Jakeson, MS 39215
(601) 420-0333
(601) 420-0033
**jholland@pkh.net**

**Napa Auto Parts**
**Service Parts, Inc.**
Marc A. Biggers
Upshaw, Williams, Biggers, Beckham & Riddick,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935
(662) 455-1613 phone
(662) 453-9245 fax
mbiggers@uwbbr.com

**Premiere Ford, Lincoln, Mercury, Inc.**
Joe E. Basenberg
Hand Arendall, LLC
3000 Amsouth Bank Building 107 Saint Francis
Street
Post Office Box 123
Mobile, AL 36602
(251) 694-6264 phone
(251) 694-6375 fax
jbasenburg@handarendall.com

**East Ford, Inc.**
**Herrin -Gear Chevrolet Co.**
Tara S. Clifford
Daniel, Coker, Horton & Bell, LLP
440 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, MS 39215
(601) 969-7607 phone
(601) 969-1116 fax
tclifford@danielcoker.com

**England Motor Co.**
Bradley F. Hathaway
Campbell, Delong, Hagwood & Wade, LLP
923 Washington Avenue
Post Office Box 1856
Greenville, MS 38702
(662) 335-6011 phone
(662) 334-6407 fax
jdare@cdhwllp.com
**bhathaway@cdhwllp.com**

**Rogers Part, Inc.**
J. Tucker Mitchell
Copeland, Cook, Taylor & Bush
200 Concourse Suite 200
1062 Highland Colony Parkway
Post Office Box 6020
Ridgeland, MS 39158
(601) 856-7200 phone
(601) 856-7626 fax
tmitchell@cctb.com

**Yazoo Motor Co.**
**Howard Wilson Chrysler Jeep, Inc.**
Kyle S. Moran
Deutsch, Kerrigan & Stiles, LLP
2510 14th Street, Suite 101
Gulfport, MS 39501
(228) 864-0161 phone
(228) 863-5278 fax
morank@phelps.com

**Delta Parts & Machinery, Inc.**
**Buddy Jones Ford Lincoln Mercury, Inc.**
Chris H. Deaton
Deaton & Deaton, PA
84 Clark Blvd.
Post Office Box 1726
Tupelo, MS 38802
(662) 844-2055 phone
(662) 840-6039 fax
chrisd@deatonanddeaton.com

**Columbus Motor Company**
Ronald L. Roberts
Mitchell McNutt & Sams
215 Fifth Street North
Post Office Box 1366
Columbus, MS 39703
(662) 328-2316 phone
(662) 328-8035 fax
rroberts@mitchelmcnutt.com