MDL 875

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR – 6 2004

CLERK, U.S. DISTRICT COURT

By _____ Deputy

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 4 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| CHRISTO KOUTROBIS and POTA KOUTROBIS, | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § |
| AMETEK, INC., sued individually and as a | § |
| successor-in-interest to HAVEG | § |
| INDUSTRIES, INC., and SCHUTTE & | § |
| KOERTING, et al., | § |
| | § |
| Defendants. | § |

3:03-CV-2921-P

Certified a true copy of an instrument
on file in my office on 4-12-04
Clerk, U.S. District Court,
Northern District of Texas
By *Christopher Roper Schell* Deputy

**ORDER**

Now before the Court is Plaintiffs' Motion for Remand, filed January 5, 2004. Defendant

Schutte & Koerting, Inc. ("Defendant" or "S&K") filed its Response to Plaintiffs' Motion for

Remand on January 26, 2004, and Plaintiffs filed their Reply on February 10, 2004. After a

thorough review of the pleadings, the parties' briefs, and the applicable law, the Court GRANTS

Plaintiffs' Motion to Remand.

**BACKGROUND**

Plaintiffs filed this lawsuit against Defendants on September 24, 2003 in the 101ˢᵗ Judicial

District of Dallas County, Texas seeking damages for Christo's terminal mesothelioma.

Defendant removed this case on December 4, 2003, and Plaintiffs seek remand alleging, among

other things, that Defendant's removal was untimely.

**DISCUSSION**

Removal of a state law action to federal court is proper when the complaint falls within

OFFICIAL FILE COPY

IMAGED APR 15 '04



the original jurisdiction of the federal district court. 28 U.S.C. § 1331. Generally, the notice of

removal must be filed within thirty days after the defendant receives the plaintiff's initial

pleading. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not

removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from

which it may first be ascertained that the case is removable. *Id.*

Defendant alleges that it was unable to determine from Plaintiffs' Complaint and Initial

Discovery Responses nor Christo's October 23, 2003 deposition whether grounds for removal

existed as he failed to identify the location of the alleged asbestos exposure, his work sites, or

exposure to any S&K product. (Def.'s Resp. at 3-5.) As a result, Defendant launched an

investigation that generated naval documents on November 7, 2003 indicating that S&K had

manufactured an "air ejector" found to be aboard the USS Massachusetts. (Def.'s Resp. at 3;

Notice of Removal at 5.) Defendant contends that these "naval documents satisfy the 'other

paper' requirement of 28 U.S.C. § 1446(b), the notice of removal was filed within thirty days of

receipt of those documents, and removal is therefore timely." (Def.'s Resp. at 3.) However, these

naval documents do not constitute "other paper", and thus, Defendant's removal was untimely.

Regarding "other paper,"

the Fifth Circuit has indicated that the "other paper" conversion requires a
*voluntary act by the plaintiff. See Gaitor v. Peninsular & Occidental S.S. Co.,*
287 F.2d 252, 254 (5th Cir. 1961)(in explaining that 'other paper' requires a
voluntary act of the plaintiff, the court specifically noted that an initially non-
removable case "cannot be converted into a removable one by evidence of the
defendant or by an order of the court"). Further, this Court has held that the
defendant's subjective knowledge cannot convert a case into a removable action.

*S.W.S. Erectors v. Infax, Inc.,* 72 F.3d 489, 494 (5th Cir. 1996); *see also Addo v. Globe Life &*

Page 2

*Accident Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000)("other paper" must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction.)

Defendant explains that it, along with two other Defendants, funded the investigation which produced the naval documents. (Def.'s Resp. at 12.)  Since the naval documents were produced as a result of Defendants' investigation and not a voluntary act by Plaintiff, they are not sufficient to trigger removal based on Fifth Circuit precedent.  Defendant makes other arguments regarding the tolling and policy of § 1446(b); however, the Court finds these arguments without merit.

Defendant also based its removal on "Federal Officer" removal pursuant to 28 U.S.C. § 1442(a)(1).  To satisfy the elements of § 1442(a)(1), Defendant must show that it: 1) is a "person" within the meaning of the statute; 2) "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendant's actions under color of federal office and the plaintiff's claims"; and 3) asserts a "colorable federal defense." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398-401 (5th Cir. 1998).  Plaintiff argues that Defendant's "Federal Officer" removal was untimely as Defendant was put on notice of the potential applicability of this statute on October 24, 2003 at the latest. (Pls.' Mem. in Supp. of Mot. for Remand at 9.)  The Court agrees.

In Plaintiffs' Original Petition, they identify S&K as "Naval Equipment Manufacturers" and explain that they are suing S&K solely for their failure to warn of the hazards of asbestos exposure. (Pet. at 9.)  Also, in Plaintiffs' First Supplemental Answers mailed to Defendant on October 10, 2003, Christo states that he worked on the USS Massachusetts. (Pls.' App. at Ex. B.)

Page 3

Accordingly, Defendant was well aware at the time the Original Petition was filed of the potential

applicability of § 1442(a)(1).

Defendant was served with citation and Plaintiffs' Original Petition through the Texas

Secretary of State on October 15, 2003, and actually received these documents on October 24,

2003. (Notice of Removal at 3.)  Service of process upon the Secretary of State, an authorized

agent for service of process, constitutes constructive service upon Defendant, thereby beginning

the time period within which Defendant must answer. *Bonewitz v. Bonewitz*, 726 S.W.2d 227,

230 (Tex. App.– Austin 1987, writ ref'd n.r.e.).  Therefore, to timely remove, Defendant should

have filed its Notice of Removal by November 14, 2003.  Even if the Court were to consider the

date Defendant actually received Plaintiffs' Original Petition, October 24, 2003, Defendant still

failed to timely remove as it did not file a Notice of Removal until December 4, 2003.

For the reasons set forth above, the Court finds that Defendant's removal was untimely

and REMANDS this case to the 101st Judicial District of Dallas County, Texas.

**IT IS SO ORDERED**.

Signed this _6th_ day of April 2004.

Jorge A. Solis
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE

Page 4