

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 14 2004

DOCKET NO. 875

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL FOR THE MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LITIGAITION (NO. VI)
(FILED IN LAE 2 03-3318)
ORIGINATIING FROM UNITED STATES DISTRICT COURT
EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY FISCHER, SPOUSE OF/AND | MDL NO: 875 |
| JOHN F. FISHER * | CIVIL ACTION 03-3318 |
| VERSUS * * | |
| GARLOCK, INC * * | SECTION "B" |
| | MAG. 5 |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### GARLOCK SEALING TECHINOLOGIES, L.L.C'S RESPONSE TO PLAINTIFF'S OPPOSITION TO CONDITIONAL TRANSFER ORDER OF MARCH 10, 2004, AND REQUEST FOR EXPEDITED CONSIDERATION / RULING ON PLAINTIFF'S MOTION TO REMAND

NOW INTO COURT, comes Garlock Sealing Technologies, L.L.C. (incorrectly referred to as "Garlock, Inc") defendant herein in the above entitled and numbered cause, and respectfully represents the following:

Garlock submits this Opposition to Plaintiff's Motion to Remand and Request an Expedited Consideration/Ruling For Expedited Consideration/Ruling on Plaintiff's Motion to Remand. For the following reasons, it would be entirely inappropriate and contrary to the purpose underlying the transfer of asbestos cases to the Multidistrict Litigation Panel (hereinafter "MDL") to remand this matter.

OFFICIAL FILE COPY

IMAGED APR 16 '04

On March 10, 2004, this Honorable Court order that this action be transferred from the Eastern District Court of Louisiana to the MDL pursuant to Rule 7.4 of the Rules of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-436 (2001), as these actions are transferable under 28 U.S.C. § 1407 to the Eastern District Court of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and with the consent of that court, assigned to the Honorable Charles R. Weiner.

Plaintiffs are seeking a remand if this matter to the Eastern District Court of Louisiana based on their counsel's representations that this court lacks jurisdiction over this matter alleging that the Eastern District Court lacks jurisdiction over the original matter. However, the plaintiff is seeking affirmative actions that are aimed at securing some form of relief from the federal courts.

## I. FACTS

John Fischer asserts in his complaint that he was injured by exposure to asbestos during his employment with Gulf Belting and Gasket Company between the years 1956 to 2000 from products manufactured, sold, supplied, or distributed by Garlock Inc, including but not limited to gaskets, packing, and cloth. Mrs. Betty Fischer claims that Garlock is also liable to her for her derivative action of loss of benefits and consortium. Garlock has since filed its answer with affirmative defenses asserting that it is not liable for the Fischer's claims.

## II. PROCEDURAL HISTORY

On October 13, 2003, a civil action entitled " Betty Fischer, Spouse of/and John F. Fischer vs. Garlock, Inc " bearing cause of action No. 03-15334 was filed in Civil

District Court for the Parish of Orleans, State of Louisiana. Defendant, Garlock Sealing Technologies, L.L.C, was served with a citation and service of process through its registered agent on October 31, 2003.

Pursuant to 28 U.S.C. § 1332(c)(1) and 28 U.S.C. § 1441, defendant, Garlock, filed its Petition for Removal in the office of the Clerk of the United States District Court for the Eastern District of Louisiana on November 25, 2003. At the same time, Garlock also filed its Notice of Tag Along Action and Notice of Related Action pursuant to 28 U.S.C. § 1407 (MDL Transfer Order). The Judicial Panel on Multi-district Litigation's ruling on the transfer order is still pending.

On January 28, 2004, counsel for Garlock and plaintiffs participated in a telephone status conference with this Honorable Court to discuss the issues, discovery dates, and also to set a trial date of November 29, 2004. At no time during that status conference did plaintiff's counsel object this the jurisdiction of this Court.

On February 27, 2004, plaintiff filed a First Supplemental and Amending Petition with this court. On March 2, 2004, the Court signed the order, which allowed plaintiff to file his First Supplemental and Amending Petition with this Court. On March 19, 2004, the plaintiff filed a Motion to Remand requesting that this case be remanded to state court. Plaintiff's Motion to Remand is scheduled for hearing on April 9, 2004.

However, the plaintiff waived his right to remand this matter to state court as he participated in a status conference with the court; he filed a first supplemental and amending petition requesting a trial by jury on all issues in this court, thereby affirmatively securing relief from the jurisdiction of this Court.

### III. LAW

The plaintiff must make an affirmative action that is aimed at securing some form of relief from the court. *In Midwestern Distribution Inc. v. Paris Motor Freight Lines, Inc.*, 563 F. Supp. 489, 495 (E.D. Ark. 1983). Federal courts have held that a plaintiff's affirmative conduct in federal court will constitute a waiver of his right to seek remand. *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40. 42 (5th Cir 1989)(where the plaintiff filed an amended complaint); *Fontenot v. Global Marine, Inc.*, 703 F.2d 867 (5th Cir. 1983); *Johnson v. Helmerich & Payne, Inc.* 892 f.2d 422, 423 (5th Cir. 1990) (where the plaintiff participated in discovery); *Harris v. Edward Hyman Co.*, 664 F.2d 943; *Koehnen v. Herald Fire Ins. Co.*, 89 F. 3d 525, 528 (8th Cir. 1996)(sought leave to file supplemental complaint); *Maybruck v. Haim,* 290 F.Supp. 721 (S.D.N.Y. 1968); *Intercoastal Refining Company v. Jalil*, 487 F. Supp. 606 (S.D. Tex 1980).

In *Intercoastal, supra,* the plaintiff filed a motion to remand and then simultaneously filed a jury trial demand and an amended complaint in the federal court after the defendant removed the case to federal court. The Court held that the post-removal jury trial demand in federal court constituted substantial affirmative conduct resulting in a waiver of the plaintiff's right to seek a remand. *Id* at 608. Similarly, the 10th Circuit Court of Appeals held that plaintiff's post-removal act of amending its complaint "was found to constitute a waiver of later objection to removal." *Akin v. General Electric Company,* 156 F.3d 1030, 1035 (10th Cir. 1998).

### IV. ARGUMENT

On February 27, 2004, John Fischer filed his first supplemental and amending petition in this matter. In Paragraph 3 of that petition, he reiterates and re-urges the

prayer in his original petition for damages. In his Original Petition for Damages, Fischer requested a jury trial on all issues. Fischer filed his first supplemental and amending petition well after this case was removed to federal court. Further, plaintiff's counsel participated in a status conference in this matter to discuss the issues, and to set a scheduling order. At that time, plaintiff's counsel consented to a federal jury trial to begin on November 29, 2004. Plaintiff's actions indicated that he is seeking relief from this Court and thereby has consented to the jurisdiction of this court. Fischer participated in "affirmative conduct" that demonstrates "unequivocal assent" to the federal court's jurisdiction, and he waived his right to seek a remand. *Maybruck, supra.*

## V. CONCLUSION

The federal courts have a "virtual unflagging obligation" to exercise jurisdiction conferred upon them. *Colo. River Water Conservation Dist. v. Unites States,* 424 U.S. 800, 817 (1976). John Fischer's affirmative conduct of participating in status conferences with this court, requesting a trial by federal jury on all issues, and not objecting to the initial removal of this case are all affirmative steps in ensuring that this Honorable Court maintain jurisdiction over this cause of action. For these reasons, Garlock Sealing Technologies, L.L.C. requests that the Court deny plaintiff's Motion to Remand.

Respectfully submitted,

**AULTMAN, TYNER, & RUFFIN, LTD.**

*/s/ J E Unsworth III*

GLENN L. M. SWETMAN (LSBA No. 21904)
TROY N. BELL (LSBA No. 20099)
JEANETTE S. RIGGINS (LSBA No. 27056)
MARIA C. PARDO (LSBA No. 27852)
JOHN E. UNSWORTH, III (LSBA No. 26738)
400 Poydras Street, Suite 1900
New Orleans, LA 70130
(504) 528-9616

ATTORNEYS FOR GARLOCK SEALING
TECHNOLOGIES, L.L.C. (f/k/a GARLOCK INC)

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served upon all counsel listed in the Panel Service List by depositing it in the United States mail, postage prepaid and properly addressed, this 12th day of April, 2004.

*/s/ J E Unsworth III*
JOHN E. UNSWORTH, III

## PANEL SERVICE LIST

Richard Binzley
Thomas Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward Cass
Gallagher, Sharp, Fulton & Norman
Burlkley Building
7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N. W.
Washington, D.C. 20036

Raymond Forceno
Forceno & Hannon
Philadelphia Bouse Building
Suite 1000
Independence Mall East
Philadelphia, PA 19106

David Damico
Burns, White & Hickton
Fifth Ave Place, Suite 2400
120 Fifth Ave
Pittsburgh, PA 15222

Ellen B. Furman
Goldfein & Hormer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
Minneapolis, MN 55402

D. Douglas Howard, Jr.
Howard, Laudumiey, et al
P.O. Box 50430
839 St. Charles Ave.
New Orleans, LA 70150

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald Motley
Motley, Rice L.L.C.
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Shawn C. Reed
Howard, Reed, & Taylor
516 N. Columbia Street
Covington, LA 70433

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven , Kaplan, & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard Shuster
Vorys, Sater, Seymour & Pease, L.L.P.
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman, & Burgess
11766 Wilshire Blvd.
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andre J. Trevelise
Reed Smith, L. L. P.
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapides, IA 52406