JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

MAY 17 2004

FILED
CLERK'S OFFICE

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

FILED
AUG 27 2002
Phil Lombardi, Clerk
U.S. DISTRICT COURT

ESTHER BLOUNT, )
 )
    Plaintiff, )
 )
v. ) Case No. 02-CV-0662-EA (C)
 )
ACANDS, INC., et al., )
 )
    Defendants. )

## ORDER

This matter comes before the Court *sua sponte* pursuant to certain defendants' Notice of Removal filed August 26, 2002. Plaintiff originally brought this action in the District Court of Tulsa County. Plaintiff's Petition seeks recovery under theories of product liability and negligence, and alleges actual and punitive damages in excess of $10,000.[1]

Certain defendants removed the action to this Court on the basis of diversity jurisdiction. Defendants contend that diversity jurisdiction is properly invoked here because there is complete diversity of citizenship and the federal jurisdictional amount in controversy is met. Defendants allege:

> 21.    Upon information and belief, Defendants assert that the petition prepared by plaintiff's counsel indicates that the matter in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Dkt. #1, Def. Notice of Removal ¶ 21.

---

[1] In Oklahoma, the general rules of pleading require that:

> [e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000) shall, without demanding any specific amount of money, set forth only that amount sought as damages is in excess of Ten Thousand Dollars ($10,000), except in actions sounding in contract.

Okla. Stat. tit. 12, § 2008(2).

MDL- 875
RECOMMENDED ACTION
Vacate CTO-233 - one action
Approved/Date: MJB 5/17/04

**OFFICIAL FILE COPY**

IMAGED MAY 17 '04

Section 1447 requires that a case be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Initially, the Court notes that federal courts are courts of limited jurisdiction. With respect to diversity jurisdiction, "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

In order for a federal court to have diversity jurisdiction, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). The Tenth Circuit has clarified the analysis which a district court should undertake in determining whether an amount in controversy is greater than $75,000. The Tenth Circuit stated:

> [t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the "underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." Moreover, there is a presumption against removal jurisdiction.

Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citations omitted) (emphasis in original); e.g., Hughes v. E-Z Serve Petroleum Marketing Co., 932 F. Supp. 266 (N.D. Okla. 1996) (applying Laughlin and remanding case); Barber v. Albertson's, Inc., 935 F. Supp. 1188 (N.D. Okla. 1996) (same); Martin v. Missouri Pacific R.R. Co. d/b/a Union Pacific R.R. Co., 932 F. Supp. 264 (N.D. Okla. 1996) (same); Herber v. Wal-Mart Stores, 886 F. Supp. 19, 20 (D. Wyo. 1995) (same); Homolka v. Hartford Ins., Group, Individually and d/b/a Hartford Underwriters Ins., Co., 953 F. Supp. 350 (N.D. Okla. 1995) (same); Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D.

2

Okla. 1995) (same); Maxon v. Texaco Ref. & Marketing Inc., 905 F. Supp. 976 (N.D. Okla. 1995) (same).

Further, "both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." Laughlin, 50 F.3d at 873; see also Associacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (Anpac) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 565 (5th Cir. 1993) (finding defendant's conclusory statement that "the matter in controversy exceeds [$75,000] exclusive of interest and costs" did not establish that removal jurisdiction was proper); Gaus v. Miles, Inc, 980 F.2d 564 (9th Cir. 1992) (mere recitation that the amount in controversy exceeds $75,000 is not sufficient to establish removal jurisdiction).

Where the face of the complaint does not affirmatively establish the requisite amount in controversy, the plain language of Laughlin requires a removing defendant to set forth, in the removal documents, not only the defendant's good faith belief that the amount in controversy exceeds $75,000, but also facts underlying the defendant's assertion. In other words, a removing defendant must set forth specific facts which form the basis of its belief that there is more than $75,000 at issue in the case. The removing defendant bears the burden of establishing federal court jurisdiction at the time of removal, and not by supplemental submission. Laughlin, 50 F.3d at 873. See Herber, 886 F. Supp. at 20 (holding that the jurisdictional allegation is determined as of the time of the filing of the notice of removal). The Tenth Circuit has clearly stated what is required to satisfy that burden. As set out in Johnson v. Wal-Mart Stores, Inc., 953 F. Supp. 351 (N.D. Okla. 1995), if the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000.00, then

3

the rationale of Laughlin contemplates that the removing party will undertake to perform an economic analysis of the alleged damages with underlying facts.

In the instant case, in the Petition, plaintiff has asserted claims for actual and exemplary damages, "in excess of $10,000.00." Dkt. #1, Ex. A, Petition at 7, 8. Therefore, the amount in controversy is not met by the face of the Petition. Moreover, in its notice of removal, defendant sets forth no specific facts that demonstrate the federal amount in controversy has been met.

The Court finds that defendants' conclusory statements do not constitute an analysis of the alleged damages as contemplated by the Tenth Circuit in Laughlin. The Court concludes that removal is improper on the basis of diversity jurisdiction since it has not been established, either in plaintiff's petition or in defendants' notice of removal, that the amount in controversy here exceeds $75,000.

Based upon a review of the record, the Court holds that defendant has not met its burden as defined in Laughlin. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter. As a result, the Court must remand this action to the District Court of Tulsa County. Accordingly, the Court hereby orders the Court Clerk to remand this case to the District Court in and for Tulsa County.

IT IS SO ORDERED.

Dated this 27th day of August, 2002.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

4