JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 19 2004

FILED
CLERK'S OFFICE

MDL DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-232) FILED MARCH 30, 2004

*************************************************************************

REPLY TO MOTION, AND INCORPORATED BRIEF, TO VACATE
CTO-232, TRANSFERRING *ANDREW S. FINK V. TODD SHIPYARDS CORP., ET AL, CASE NO. 04-430*, FROM THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NOW INTO COURT, through undersigned counsel, comes defendant General Electric Company, and respectfully submits this its Reply to Motion, and Incorporated Brief, to Vacate CTO-232, Transferring *Andrew S. Fink v. Todd Shipyards Corp., et al, Case No. 04-430*, from the U.S. District Court for the Eastern District of Louisiana to the U.S. District Court for the Eastern District of Pennsylvania.

On January 9, 2004, plaintiff filed suit against Todd Shipyards Corporation, General Electric Company, Foster Wheeler Corporation, Garlock Sealing Technologies, LLC and Eagle, Inc. in the Civil District Court for the Parish of Orleans, State of Louisiana, claiming exposure to asbestos and alleging the contraction of mesothelioma as a result thereof. Thereafter, defendant General Electric Company removed the case to the United States District Court for the Eastern District of Louisiana. Plaintiff's subsequent motion to remand was denied.

On March 30, 2004, the Judicial Panel on Multi District Litigation issued Conditional Transfer Order 232, which transfers this matter to the United States District Court for the Eastern District of Pennsylvania under MDL 875, *In re Asbestos Products Liability Litigation (No. VI)*. On April 13, 2004, plaintiff filed his Notice of Opposition

OFFICIAL FILE COPY
IMAGED MAY 21 '04

to Conditional Transfer Order 232. In his subsequently filed brief, plaintiff claims that transferring this matter to the Eastern District of Pennsylvania will deprive him of his right to trial and asks that this Panel vacate Conditional Transfer Order 232 as to his matter.

As this Panel is aware, centralization of all pending federal court actions involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products was instituted to "best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415, 417 (J.P.M.L. 1991). This Panel's original decision in *In re Asbestos Products Liability* refused to consider claims of exclusion involving distinctions between asbestos suits, such as the uniqueness of a party's status, as grounds for carving our exceptions to transfer to the Eastern District of Pennsylvania. In fact, this Panel considered it more beneficial to transfer the case and give the transferee court the opportunity to "conduct a substantive review of such contentions and how they affect the whole proceedings." *Id.* at 422. Concluding, this Panel recognized the exclusive authority of the transferee court to review each individual transferred case for prospect of remand, stating: "Should the transferee court deem remand of any claims or actions appropriate, the transferee court can communicate this to the Panel, and the Panel will accomplish remand with a minimum of delay." *Id.*

In conclusion, the plaintiff's request that this Panel vacate Conditional Transfer Order 232 is premature and procedurally improper. This matter must be transferred to the United States District Court for the Eastern District of Louisiana for pretrial proceedings in accordance with *In re Asbestos Products Liability Litigation (No. VI)*, 771

F.Supp. 415 (J.P.M.L. 1991). Thereafter, the Honorable Judge Charles R. Weiner will preside over the pretrial proceedings and, if necessary, determine whether remand of this matter is appropriate considering individual facts and circumstances.

For the foregoing reasons, defendant General Electric Company respectfully submits that plaintiff's motion to vacate Conditional Transfer Order 232 be denied and this matter transferred to the United States District Court for the Eastern District of Louisiana pursuant to *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

    Respectfully submitted,

    LEMLE & KELLEHER, L.L.P.

    Benj. R. Slater, III (#12127)
    G. Lee Henman, Jr. (#26331)

    *[signature]*

    Pan-American Life Center
    601 Poydras Street, 21st Floor
    New Orleans, Louisiana 70130
    Tel. No. (504) 586.1241
    **ATTORNEYS FOR DEFENDANT**
    **GENERAL ELECTRIC COMPANY**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 19 2004

FILED
CLERK'S OFFICE

**PROOF OF SERVICE**

I certify that the foregoing pleading has been served on the parties directly involved in this action listed below, parties listed on the attached panel service list and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, by U.S. Mail, postage prepaid, this 14th day of May 2004.

Troy N. Bell
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street, Suite 1900
New Orleans, LA 70130

Alison S. Borison
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Lynn Luker
Lynn Luker & Associates
3433 Magazine Street
New Orleans, LA 70115

Jill D. Trahan
Gertler, Gertler, Vincent & Plotkin, LLP
127-129 Carondelet Street
New Orleans, LA 70130



**PANEL SERVICE LIST (Excerpted from CTO-232)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Andrew S. Fink v. Todd Shipyards Corp., et al.*, E.D. Louisiana, C.A. No. 2:04-430

Troy N. Bell
Aultman, Tyner, Ruffin &
Yarborough, Ltd
400 Poydras Street, Suite 1900
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Benjamin R. Slater, III
Lemle & Kelleher, L.L.P.
601 Poydras Street
Suite 2100
New Orleans, LA 70130-6097

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Jill D. Trahan
Gertler, Gertler, Vincent & Plotkin
127 Carondelet Street
New Orleans, LA 70130

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406