MDL 1875

# The Colom Law Firm, L.L.C.

MAY 2 6 2004

200 SIXTH STREET NORTH
COLUMBUS, MS 39701

FILED
CLERK'S OFFICE

WILBUR O. COLOM
SHIRLEY C. BYERS
KELLY HARDWICK
BRIAN A. HINTON

MAILING ADDRESS:
POST OFFICE BOX 866
COLUMBUS, MS 39703
TELEPHONE: (662) 327-0903
FACSIMILE: (662) 329-4832
WEBSITE: www.colom.com

May 25, 2004

Michael J. Beck
Clerk of the Panel
One Columbus Circle NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC    20002

*Via Facsimile & US Mail*
*(202) 502-2888*

Re:   **MDL - 875 - In Re: Asbestos Products Liability Litigation (No. VI); (Schedule CTO-231)**

*Aldridge, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv793GR;*
*Waters, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv794GR;*
*Smith, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv795GR;*
*Wright, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv797GR;*
*Willie Spann, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv798GR;*
*Johnnie Will Spann, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv799GR;*
*Bush, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv805GR;*
*Collum, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv806GR;*
*Gordon, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv807GR;*
*King, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv808GR;*
*Reiman, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv809GR;*
*Taylor, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv810GR;*
*Waltman, et al., v. Honeywell International, Inc., et al., Civil Action No. 1:03cv811GR;*

Dear Mr. Beck,

Pursuant to Rules 7.2(f), 7.3(e) and 7.4 (b), please let this correspondence serve as Plaintiffs' status notice to the Panel of a development that would partially or completely moot the matter before the panel, that being the above referenced matters have previously been remanded to State Court by the transferor Judge, the Honorable Walter J. Gex, III. We have attached copies of Judge Gex's remand orders to this correspondence for docketing and inclusion, along with this correspondence, in the panel file.

A notice was previously sent to you on May 12, 2004. However, upon not receiving an order vacating the CTO as to the above cases, we contacted your office and were informed that there was some concern with the court's remand order allowing ten (10) days time for certifying the order to the state court clerk.

**OFFICIAL FILE COPY**

IMAGED MAY 27 '04

Beck
05/25/04
pg. 2

    As of today's date, no order vacating or rescinding the remand order has been entered by Judge Gex and the remand orders are still in force in all thirteen (13) of the above referenced cases. As such, Plaintiffs would respectfully request the panel vacate the CTO as to each of the above reference matters.

    The removing defendants have filed a motion for reconsideration of the Court's ruling in these actions, and the Plaintiffs have responded to same with the Court. We expect a ruling to be swift and decisive as orders granting remand to state court based upon 28 USC §1447(c) are not reviewable on appeal or otherwise. Section 1447(d) states the general rule that orders *granting* remand "are not reviewable on appeal *or otherwise.*" 28 USC § 1447(d). See also, **Doleac v. Michalson**, 264 F.3d 470, 475 (5th Cir. 2001) This is true even if the remand order was obviously erroneous. **Heaton v. Monogram Credit Card Bank of Georgia**, 231 F.3d 994, 1000 (5th Cir. 2000); **Tillman v. CSX Transportation, Inc.**, 929 F.2d 1023 (5th Cor.), **cert. denied**, 112 S.Ct. 176 (1991).

    The Supreme Court in **Thermtron Products, Inc. V. Hermansdorfer**, 96 S.Ct584 (1976) limited the ban to remands on the two grounds enumerated in §1447(c): (1) timely-raised procedural error, **In re Shell Oil Co.**, 932 F.2d 1518 (5th Cir. 1991) ( order granting motion to remand based on alleged procedural defect which was filed *after* the 30-day period for filing a remand motion was not within scope of § 1447(c ), and was reviewable.) or (2) any jurisdictional error. *See* **Things Remembered, Inc. v. Petrarca**, 116 S. Ct. 494, 497 (1995) (untimely removal notice unreviewable). If the remand was based on one of these two grounds, the appellate court may not review the propriety of the order. **Thermtron**, 96 S.Ct. at 589.

    When a federal district court grants a plaintiffs motion to remand finding it lacks subject matter jurisdiction or that there had been a timely raised procedural error in the removal (as was the case in all 13 of these cases) the district court, or any appellate court on direct appeal or by writ of mandamus, lacks authority to disturb the order of remand. **Thermtron Products, Inc. V. Hermansdorfer**, 96 S.Ct584 (1976)

    As the transferor Court has already granted remand in all thirteen (13) of these cases on issues which are unreviewable, the Defendants filing of a motion for reconsideration should be of no import to the Panel's decision to vacate the CTO. Alternatively, the Plaintiffs would respectfully request the Panel, out of an abundance of caution, to stay its hearing on these cases presently set for May 27th, 2004, until such time as the transferor court rules on the Defendants motion for reconsideration, as the interests of justice would surely be thwarted should a valid order granting remand of these cases be cast aside due to procedural gymnastics engaged in by the Defendants.

Beck
05/25/04
pg. 3

Should you have any question please do not hesitate to call.

Sincerely,
THE COLOM LAW FIRM, L.L.C.

Brian A. Hinton

BAH/awi
Enclosures
Cc: Panel Counsel List

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 2 6 2004

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 1 0 2004
J.T. NOBLIN, CLERK
BY_____ DEPUTY

DANIEL ALDRIDGE, *ET AL.*                                        PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:03cv793GRo

HONEYWELL INTERNATIONAL, INC.; *ET AL.*                          DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above

referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the

Court are the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants] and Beaver Dam Products Corporation's [Beaver Dam] motions to stay [4-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case; to strike [29-1] additional information presented by the Plaintiffs in support of the

motion to remand; and for leave to file a sur-rebuttal [29-2] to any additional information

presented by the Plaintiffs. In addition, the Plaintiffs filed a motion to strike [42-1] the notice of

additional basis for jurisdiction filed by the Auto Defendants and Beaver Dam. Pursuant to the

Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is

hereby,

ORDERED AND ADJUDGED that the Plaintiff's motion to remand [7-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [4-1], to strike [29-1, 42-1] and for leave to file a sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

> SOUTHERN DISTRICT OF MISSISSIPPI
> F I L E D
> MAY 1 0 2004
> J. T. NOBLIN, CLERK
> BY _____ DEPUTY

JERRY L. WATERS, *ET AL.*                                        PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv794GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                        DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Yazoo County, Mississippi. Also pending before the Court are the plaintiffs' motions for emergency hearing on the remand motion [19-1], and to strike [50-1] the notice of additional support for federal jurisdiction; and the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants], and Beaver Dam Products Corporation's motions to strike [33-1] additional information presented by the plaintiffs in support of the motion to remand; and its associated motion for leave to file a sur-rebuttal brief [33-2]. Although the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Yazoo County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions for emergency hearing [19-1], to strike [33-1, 30-1], and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.


_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

J.T. NOBLIN, CLERK
BY_____ DEPUTY

ELSIE SMITH, *ET AL.*                                    PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:03cv795GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                  DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the Court is the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motion to stay the case [5-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. In addition, the plaintiffs have filed a motion to strike [52-1] the notice of additional basis for federal jurisdiction filed by the Auto Defendants and Beaver Dam. Although the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [5-1] and to strike [52-1] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEWIS WRIGHT, *ET AL.*                                          PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 1:03cv797GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                          DEFENDANTS

## O R D E R

      This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the

Court are the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motions to stay the case [6-

1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer

of this case; to strike [35-1] additional information presented by the plaintiffs in support of the

motion to remand; and for leave to file a sur-rebuttal [35-2] to any additional information

presented by the plaintiffs. Also pending is the plaintiffs' motion to strike [52-1] the notice of

additional basis for federal jurisdiction filed by the Auto Defendants and Beaver Dam. Although

the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action

No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that

the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion

entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [35-1, 52-1], and for leave to file sur-rebuttal [35-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

> SOUTHERN DISTRICT OF MISSISSIPPI
> F I L E D
>
> MAY 1 0 2004
>
> J.T. NOBLIN, CLERK
> BY_____ DEPUTY

WILLIE SPANN, *ET AL.*                                          PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv798GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                         DEFENDANTS

<u>O R D E R</u>

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants], and Beaver Dam Products Corporation's motions to stay the case [6-1] pending a

decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case;

and to strike [32-1] the listing submitted by the plaintiffs which identifies the non-diverse

defendants alleged to have sold asbestos-containing products to the plaintiffs and for leave to file

[32-2] a sur-rebuttal. The plaintiffs also filed a motion to strike [46-1] a notice of additional

basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. Pursuant to the

Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is

hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee

County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1]; to strike [32-1, 46-1], and for leave to file a sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNIE WILL SPANN, *ET AL.*                         PLAINTIFFS

VERSUS                                  CIVIL ACTION NO. 1:03cv799GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*              DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motions to stay the case [6-

1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer

of this case; and to strike [32-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [32-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [46-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam.

Although the exact timing of the events in this case is not the same, the legal analysis mirrors the

Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*,

Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and

concludes that the motion to remand in this case should be granted. Pursuant to the

Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 20, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1]; to strike [32-1, 46-1], and for leave to file a sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 10 2004

J.T. NOBLIN, CLERK
BY_____DEPUTY

CURTIS BUSH, *ET AL.*                                          PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv805GRo

HONEYWELL INTERNATIONAL, *ET AL.*                             DEFENDANTS

O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [6-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the motions of the Defendants Ford Motor Company, DaimlerChrysler Corporation

[Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [2-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case and to strike [32-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [32-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [48-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam.

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the

legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted. Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [6-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [32-1, 48-1], and for leave to file sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

> SOUTHERN DISTRICT OF MISSISSIPPI
> FILED
> MAY 1 0 2004
> J.T. NOBLIN, CLERK
> BY_____ DEPUTY

JAMES COLLUM, *ET AL.*                                     **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 1:03cv806GRo

HONEYWELL INTERNATIONAL, *ET AL.*                          **DEFENDANTS**

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the Court are the motions of the Defendantss Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [6-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case and to strike [29-1] the listing submitted by the Plaintiffs which identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file [29-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [42-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. . Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International,* Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge,* and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [29-1, 42-1], and for leave to file sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 9 2004
BY _____
J.T. NOBLIN, CLERK
_____ DEPUTY

FREDERICK GORDON, *ET AL.*                                    PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:03cv807GRo

HONEYWELL INTERNATIONAL, *ET AL.*                            DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the Court are the motions of the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam], to stay the case [6-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case, and to strike [33-1] the listing submitted by the Plaintiffs which identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file [33-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [47-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell Int'l*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1] to strike [33-1, 47-1] and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 1 0 2004

BY_____J.T. NOBLIN, CLERK
_____DEPUTY

JIMMIE KING, *ET AL.*                                                PLAINTIFFS

VERSUS                                         CIVIL ACTION NO. 1:03cv808GRo

HONEYWELL INTERNATIONAL, *ET AL.*                          DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the Court are the motions of the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case and to strike [32-1] the listing submitted by the plaintiffs which identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the plaintiffs and for leave to file [32-2] a sur-rebuttal. The plaintiffs also filed a motion to strike [47-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. . Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [32-1, 47-1], and for leave to file sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 10 2004

BY_____ J.T. NOBLIN, CLERK
                              DEPUTY

LEE REIMAN, *ET AL.*                                    PLAINTIFFS

VERSUS

CIVIL ACTION NO. 1:03cv809GRo

HONEYWELL INTERNATIONAL, *ET AL.*                        DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the Court are the motions of the Defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto Defendants] to strike [29-1] the listing submitted by the Plaintiffs which identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file [29-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [42-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell Int'l*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to strike [29-1, 42-1], and for leave to file sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 1 0 2004

BY _____ J.T. NOBLIN, CLERK
_____ DEPUTY

CHARLIE H. TAYLOR, *ET AL.*                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv810GRo

HONEYWELL INTERNATIONAL, *ET AL.*                              DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Yazoo County, Mississippi. Also pending before the Court are the motions of the Defendants Ford Motor Company, and DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Product Corporation's [Beaver Dam] to stay the case [6-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case; to strike [33-1] the listing submitted by the Plaintiffs which identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file [33-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [49-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Yazoo County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [33-1, 49-1], and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.


_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
J.T. NOBLIN, CLERK
BY _____ DEPUTY

W.G. WALTMAN, *ET AL.*                                            PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:03cv811GRo

HONEYWELL INTERNATIONAL, *ET AL.*                                DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the Court are the motions of the Plaintiffs Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Product Corporation's [Beaver Dam] to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case; to strike [30-1] the listing submitted by the Plaintiffs which identifies the non-diverse Plaintiffs alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file [30-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [43-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv703GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [30-1, 43-1], and for leave to file sur-rebuttal [30-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.


_____

UNITED STATES SENIOR DISTRICT JUDGE

2