**BAKER DONELSON**
BEARMAN, CALDWELL
& BERKOWITZ, PC



+268 I-55 NORTH
MEADOWBROOK OFFICE PARK
JACKSON, MISSISSIPPI 39211
PHONE: 601.351.2400
FAX: 601.351.2424
MAILING ADDRESS:
P.O. BOX 14167
JACKSON, MISSISSIPPI 39236

www.bakerdonelson.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 27 2004

FILED
CLERK'S OFFICE

LAWRENCE M. COCO, III
Direct Dial: (601) 973-3619
Direct Fax: (601) 714-9919
E-Mail Address: lcoco@bakerdonelson.com

May 27, 2004

<u>VIA FACSIMILE #(202) 502-2888</u>

Michael J. Beck, Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255
Washington, DC 20002-8004

Re: *MDL - 875 In Re: Asbestos Products Liability Litigation (No. VI); (CTO-231).*

*Daniel Aldridge, et al. v. Honeywell International, Inc. et al.*; Civil Action No. 1:03cv793GRo.
*Jerry L. Waters, et al. v. Honeywell International, Inc. et al.*; Civil Action No. 1:03cv794GRo.
*Elsie Smith, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv795GRo.
*Lewis Wright, et al. v. Honeywell International, Inc. et al.*; Civil Action No. 1:03cv797GRo.
*Willie Spann, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv798Gro.
*Johnnie Spann, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv799GRo.
*Curtis Bush, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv805Gro.
*James Collum, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv806GRo.
*Frederick Gordon, et al. V. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv807GRo
*Jimmie King, et al. v. Honeywell International, Inc. et al.*; Civil Action No. 1:03cv808Gro.
*Lee Reiman, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv809GRo.
*Charlie H. Taylor, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv810GRo
*W. G. Waltman, et al. v. Honeywell International, Inc., et al.*; Civil Action No. 1:03cv811GRo.

RECEIVED
CLERK'S OFFICE
2004 MAY 27

Dear Mr. Beck:

I am writing in response to Plaintiffs' May 25, 2004 letter, in which Plaintiffs assert that the district court does not have the authority to reconsider its order granting remand. Accordingly, Plaintiffs request that the Panel vacate the Conditional Transfer Orders in each of the above cases.

Simply put, Plaintiffs contention that the district court does not have the authority to reconsider its orders of remand is incorrect. The Fifth Circuit has explicitly held that a "federal court is not divested of jurisdiction until the remand order, citing the proper basis under § 1447(c), is certified and

JM LZC 254069 v1
2139217-000028 05/27/2004

**IMAGED MAY 28 '04**

**OFFICIAL FILE COPY**

ALABAMA • GEORGIA • LOUISIANA • MISSISSIPPI • TENNESSEE • WASHINGTON, D.C. • BEIJING, CHINA
Representative Office,
BDBC International, LLC

May 27, 2004
Page 2

mailed by the clerk of the district court." *Arnold v. Garlock, Inc*, 278 F.3d 426, 438 (5th Cir. 2001). Accordingly, the "Court may reconsider its order to remand . . . prior to the actual mailing of a certified copy of the order to the clerk of the state court pursuant to 28 U.S.C. § 1447(c) . . . ." *Rockingham v. Men's Health Ctr.*, 204 F. Supp. 2d 967, 968 (S.D. Miss. 2002) (citing *Arnold*). In these cases, the Court instructed the Clerk of the Court to hold the court file for ten days, until May 24, 2004, presumably to allow the defendants to pursue a motion to reconsider. *See* Orders, p. 2.[1] The Court explicitly stated that it retained jurisdiction over each case until the Clerk of the Court mailed a certified copy of the Order granting remand to the appropriate state court. *Id.* As Plaintiff recognized, Defendants Ford Motor Company and DaimlerChrysler Corporation have, in fact, filed motions for reconsideration in all of these cases. Because certified copies of the Orders have not been mailed to the respective state courts, the district court clearly retained jurisdiction over these actions to allow defendants to file their motions to reconsider. Any argument that the Court does not have the power to properly consider the pending motions to reconsider is obviously incorrect. Accordingly, until the district court rules on such motions, these cases remain pending in federal court and are subject to the Conditional Transfer Order.

Thank you for your attention to these matters. If you have any questions, please do not hesitate to call me at the above-number.

Sincerely,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

Lawrence M. Coco, III

LZC:klr
cc: T. Gerry Bufkin, Esq.
    Brian A. Hinton, Esq.

---

[1] A copy of each Order was attached to Plaintiffs' letter; however, if you require another copy, I will be happy to send one via fax, email or overnight mail.

JM LZC 254069 v1
2139217-000028 05/27/2004