JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 28 2004

FILED
CLERK'S OFFICE

# PORTER & MALOUF, P.A.
## ATTORNEYS AT LAW

TIMOTHY W. PORTER*
*also admitted in Louisiana

PATRICK C. MALOUF
KIMBERLY A. COURTNEY

825 Ridgewood Road
Ridgeland, Mississippi 39157
P.O. Box 12768
Jackson, Mississippi 39236
Telephone (601) 957-1173
Fax (601) 957-7366

May 27, 2004

Michael J. Beck
Clerk of the Panel
One Columbus Circle NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Via Facsimile & US Mail
(202) 502-2888

RE: MDL- 875- -In Re: Asbestos Products Liability Litigation (No. VI);
(Schedule CTO- 231)

<u>Willie Louis Gray, et al., v. Minnesota Mining and Manufacturing Company, et al.,</u>
Civil Action No. 1:03 cv 796 GR;
<u>John Knotts, et al., v. Minnesota Mining and Manufacturing Company, et al.,</u>
Civil Action No. 1:03 cv 800 GR;
<u>Willie Pate, et al., v. Minnesota Mining and Manufacturing Company, et al.,</u>
Civil Action No. 1:03 cv 801 GR;
<u>Jerry Russum, et al., v. Minnesota Mining and Manufacturing Company, et al.,</u>
Civil Action No. 1:03 cv 802 GR;
<u>Christine Webster, et al., v. Minnesota Mining and Manufacturing Company, et al.,</u>
Civil Action No. 1:03 cv 803 GR;
<u>Lamar Brown, et al., v. ABEX Corporation, et al.,</u>
Civil Action No. 1:03 cv 806 GR;

Dear Mr. Beck:

Pursuant to Rules 7.2(f), 7.3(e) and 7.4(b), please let this correspondence serve as Plaintiffs' status notice to the Panel of a development that completely moots the matter before the panel. The above referenced matters have been remanded to State Court by the transferor Judge, the Honorable Walter j. Gex, III. We have attached copies of Judge Gex's Remand Orders to this correspondence for docketing and inclusion, along with this correspondence, in the panel file.

As of today's date, no order vacating or rescinding the remand order has been entered by Judge Gex and the Remand Orders are still in force in all of the above referenced cases. As such, Plaintiffs would respectfully request the panel to vacate the CTO as to each of the above referenced matters.

**OFFICIAL FILE COPY**
IMAGED JUN 1 '04

Beck
5/27/04
Page 2

    The removing defendants have filed a motion for reconsideration of the Court's ruling in these actions and the Plaintiffs responded to same with the Court. We expect a ruling to be swift and decisive as orders granting remand to state court based upon 28 USC § 1447 ( c ) are not reviewable on appeal or otherwise. Section 1447 (d) states the general rule that orders granting remand "are not reviewable on appeal or otherwise." 28 USC § 1447 (d). See also, **Doleac v. Michalson**, 264 F.3d 470, 475 ( 5th Cir. 2001). This is true even if the remand order was obviously erroneous. **Heaton v. Monogram Credit Card Bank of Georgia**, 231 F.3d 994, 1000 (5th Cir. 2000); **Tillman v. CSX Transportation, Inc.**, 929 F.2d 1023 (5th Cir.), **cert. denied**, 112 S.Ct. 176 (1991).

    The Supreme Court in **Thermtron Products, Inc. v. Hermansdorfer**, 96 S.Ct. 584 (1976) limited the ban to remands on two grounds enumerated in § 1447 ( c ) : (1) timely- raised procedural error, **In re Shell Oil Co.**, 932 F.2d 1518 (5th Cir. 1991) ( order granting motion to remand based on alleged procedural defect which was filed *after* the 30-day period for filing a remand motion, was not within the scope of § 1447 ( c ), and was reviewable.) or (2) any jurisdictional error. See **Things Remembered, Inc. V. Petrarca**, 116 S. Ct. 494, 497 (1995) ( untimely removal notice unreviewable.) If the remand was based on one of these two grounds, the appellate court may not review the propriety of the order. **Thermton Products, Inc. v. Hermansdorfer**, 96 S.Ct. 584 (1976).

    When a federal district court grants a plaintiffs motion to remand finding it lacks subject matter jurisdiction or that there had been a timely raised procedural error in the removal (as was the case in the above referenced actions) the district court, or any appellate court on direct appeal or by writ of mandamus, lacks authority to disturb the order of remand. **Thermotron**, 96 S.Ct. 584 (1976).

    As the transferor Court has already granted remand in all of the above referenced cases on issues which are unreviewable, the Defendants filing of a motion for reconsideration should be of no importance to the Panel's decision to vacate the CTO. Alternatively, the Plaintiffs would respectfully request the Panel, out of an abundance of caution, to stay its hearing on these cases presently set for May 27, 2004, until such time as the transferor court rules on the Defendants motion for reconsideration, as the interests of justice would surely be thwarted should a valid order granting remand of these cases be cast aside due to procedural gymnastics engaged in by the Defendants.

    Should you have any questions, please do not hesitate to call.

                                   Sincerely,
                                   PORTER & MALOUF, P.A.

                                   Patrick Malouf

PCM/brh
Enclosures
cc: All Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAMAR BROWN, *ET AL.*                       PLAINTIFFS

VERSUS                               CIVIL ACTION NO. 1:03cv812GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*           DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above referenced action to the Circuit Court of Jasper County, Mississippi. Also pending before the Court are the Defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto Defendants] motion to stay the case [4-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [16-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jasper County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [4-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LOUIS GRAY, ET AL.     PLAINTIFFS

VERSUS     CIVIL ACTION NO. 1:03cv796GRo

HONEYWELL INTERNATIONAL, INC., ET AL.     DEFENDANTS

## ORDER

This cause comes before the Court on motion of the plaintiffs to remand [26-1] the above referenced action to the Circuit Court of Simpson County, Mississippi. Also pending before the Court is the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motion to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Although the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Spun v. Honeywell International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spun*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [26-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Simpson County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Simpson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
BY_____ J.T. NOBLIN, CLERK
_____DEPUTY

JOHN KNOTTS, *ET AL.*                                                       PLAINTIFFS

VERSUS                                                      CIVIL ACTION NO. 1:03cv800GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                              DEFENDANTS

### ORDER

    This cause comes before the Court on motion of the plaintiffs to remand [24-1] the above referenced action to the Circuit Court of Jasper County, Mississippi. Also pending before the Court is the defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto Defendants], motion to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Although the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

    ORDERED AND ADJUDGED that the plaintiffs' motion to remand [24-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jasper County,

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION  2004 MAY 28 A 9: 52  RECEIVED CLERK'S OFFICE

MAY-27-2004 THU 03:43 PM                FAX NO. 6019577366                               P. 12

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE PATE, *ET AL.*                                          PLAINTIFFS

VERSUS                                            CIVIL ACTION NO. 1:03cv801GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                         DEFENDANTS

## ORDER

This cause comes before the Court on motion of the plaintiffs to remand [25-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the Court is the defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto Defendants], motion to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Although the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [25-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 10 2004
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JERRY RUSSUM, *ET AL.*                                                               PLAINTIFFS

VERSUS                                                       CIVIL ACTION NO. 1:03cv802GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                              DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [25-1] the above referenced action to the Circuit Court of Jones County, Mississippi. Also pending before the Court is the motion of the Defendants Ford Motor Company, and DaimlerChrysler Corporation to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in that case. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [25-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jones County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



CHRISTINE WEBSTER, *ET AL.*                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv803GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                DEFENDANTS

## ORDER

This cause comes before the Court on motion of the plaintiffs to remand [26-1] the above referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the Court is the motion of the Defendants' Ford Motor Company and DaimlerChrysler Corporation to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case. Although the dates of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in that case. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County,



Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

                                    _____
                                    UNITED STATES SENIOR DISTRICT JUDGE