JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 8 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL - 875 |
| LOUIS BARLETTA and MARY JANE BARLETTA, his wife, | Civil No.: 04 CV 0647 (Hon. William J. Bassler) |
| *Plaintiff,* | |
| - vs - | **CIVIL ACTION** |
| THE CONGOLEUM CORPORATION, et al., | |
| *Defendant.* | |

## PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**D'ALESSANDRO, JACOVINO & GERSON**
Counselors at Law
147 Columbia Turnpike
P.O. Box 340
Florham Park, NJ 07932
Phone: 973-966-1910
File No.: 60.18878
Attorneys for Plaintiffs

RECEIVED
CLERK'S OFFICE
2004 JUN -8 A II: 14
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

OFFICIAL FILE COPY

IMAGED JUN -9 '04

TO:   Michael J. Beck, Clerk of the Panel
      One Colubus Circle, NE
      Thurgood Marshall Federal
      Judiciary Building
      Room G-255, North Lobby
      Washington, D.C.  20002

COME NOW Plaintiffs, LOUIS BARLETTA and MARY JANE BARLETTA, and file this Motion to Vacate Conditional Transfer Order pursuant to Rules 5.2, 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  A Brief in Support of this Motion to Vacate is being filed concurrently with this Motion.

1.      The record clearly shows that there is no federal jurisdiction over this lawsuit and that Defendant Stepan Company attempted an improper and untimely removal of this lawsuit to federal court.  Despite the fact that Plaintiffs have obtained a default judgment against a nondiverse defendant, Stepan has removed this action on the grounds of fraudulent joinder, with nothing more than hearsay and speculation in support of its removal.  Plaintiffs have a good faith belief that the Court will remand this action to state court and will award sanctions and attorney fees for the improper removal and transparent effort to delay adjudication on the merits.

2.      Plaintiffs have filed a Motion to Remand that is currently pending before Judge Bassler in the United States District Court for the District of New Jersey, in Cause No. 02:04-CA-647-WGB, styled *Louis Barletta and Mary Jane Barletta v. Congoleum Corporation, et al.* While the Court has not ruled on the Motion, it is ripe for disposition after exhaustive briefing by the parties.

3.      The conditional transfer order filed on May 7, 2004 by the Judicial Panel on Multidistrict Litigation states that "it appears" this action involves "questions of fact which are

common to actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner." This assumption is incorrect, as the legal and factual questions at issue in this case are discrete, unique to this lawsuit, and not appropriate for transfer. Accordingly, on May 24, 2004, Plaintiffs filed their Notice of Opposition, and now file their Motion to Vacate the Conditional Transfer Order within the 15-day period in which the transfer order is stayed upon filing of the Notice of Opposition.

For the reasons set forth in detail in the accompanying Memorandum and Brief, Plaintiffs respectfully request the Judicial Panel vacate its Conditional Transfer Order and allow this case to remain on Judge Bassler's docket for adjudication of the Motion to Remand in the United States District Court for the District of New Jersey. Plaintiffs further request any additional relief to which they may be entitled.

**D'ALESSANDRO, JACOVINO & GERSON**
Attorneys for Plaintiffs

By: _____
FREDERICK E. GERSON

Dated:  June 7, 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 8 2004

FILED
CLERK'S OFFICE

## AFFIDAVIT OF OF SERVICE

**FREDERICK E. GERSON, ESQ.**, of full age, being duly sworn according to law, deposes and says:

1.    On June 7, 2004, I caused to be served, via UPS Next Day Air an original and eleven copies of the within Notice of motion to Vacate Conditional Transfer Order and supporting Brief as well as a computer readable disk containing the aforesaid motion and brief on:

> Michael J. Beck, Clerk of the Panel
> One Colubus Circle, NE
> Thurgood Marshall Federal
> Judiciary Building
> Room G-255, North Lobby
> Washington, D.C.  20002

2.    On June 7, 2004, I caused to be served, via ordinary mail, postage prepaid, one copy of the aforesaid motion and brief on:

> Richard C. Binz;ley, Esq.
> Thompaon Hine, LLP
> 127 Public Square
> 3900 Key Center
> Cleveland, OH 44114

> Edward J. Cass, Esq.
> Gallagher, Sharp, Fulton & Norman
> Bulkley Building, 7th Floor
> 1501 Euclid Avenue
> Cleveland, OH 44115

> Adam M. Chud, Esq.
> Shea & Gardner
> 1800 Massachusetts Ave., N.W.
> Washington, D.C.  20036

> David A. Damico, Essq.
> Burns, White & Hickton
> Fifth Avenue Place, Suite 2400
> 120 Fifth Avenue
> Pittsburgh, PA 15222



RECEIVED CLERK'S OFFICE
2004 JUN - 8 A II: 13
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market St., 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen, Esq.
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Alkron, OH 44308

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley, Esq.
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Joseph D. Rasnek, Esq.
Carpenter Bennett & Morrissey
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

John J. Repcheck, Esq.
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esq.
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster, Esq.
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman, Esq.
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
J FREDERICK E. GERSON

Sworn and Subscribed to Before Me
This ___ Day of _____ , 2004

_____
(Notary Public)

ROSEMARIE RODOLA
A Notary Public Of New Jersey
My Commission Expires Aug. 26, 2008

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 8 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL - 875 |
| LOUIS BARLETTA and MARY JANE BARLETTA, his wife,<br><br>*Plaintiff,*<br><br>- vs -<br><br>THE CONGOLEUM CORPORATION, et al.,<br><br>*Defendant.* | Civil No.: 04 CV 0647<br>(Hon. William J. Bassler)<br><br>**CIVIL ACTION** |

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

**D'ALESSANDRO, JACOVINO & GERSON**
Counselors at Law
147 Columbia Turnpike
P.O. Box 340
Florham Park, NJ 07932
Phone: 973-966-1910
File No.: 60.18878
Attorneys for Plaintiffs

**FREDERICK E. GERSON, ESQ.**
*On The Brief*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2004 JUN -8  A 11: 12

RECEIVED
CLERK'S OFFICE

## **TABLE OF CONTENTS**

Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

     Cases Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

     Statutes and Annotations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

I. Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II. Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

III. Argument and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

IV. Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

## TABLE OF AUTHORITIES

Page

### Cases Cited

*Enron Secs., Derivative, & ERISA Litig.,*
227 F.2d 1389 (Jud. Pan. Mult. Lit., 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Ivy v. Diamond Shamrock Chems. Co.,*
901 F.2d 7 (2nd Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

*Medical Soc. of New York v. Connecticut Gen. Corp.,*
187 F.Supp.2d 89 (S.D.N.Y., 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

*Rosamond v. Garlock Sealing Technologies, Inc.,*
2004 WL 943924 at *4 (N.D. Miss, April 5, 2004) . . . . . . . . . . . . . . . . . . . . . . .  3, 6

*Vasura v. Acands,*
84 F.Supp.2d 531 (S.D.N.Y., 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

### Statutes and Annotations

Rules of Procedure of the Judicial Panel
on Multidistrict Litigation 5.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

Rules of Procedure of the Judicial Panel
on Multidistrict Litigation 7.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 3

Rules of Procedure of the Judicial Panel
on Multidistrict Litigation 7.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1,3

28 U.S.C. 1407 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

28 U.S.C. §1603(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

## I.  INTRODUCTION

Plaintiffs LOUIS BARLETTA and MARY JANE BARLETTA file this Brief and Memorandum in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order pursuant to Rules 5.2, 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  Given the absolute lack of legal or factual basis for Stepan's improper removal, Plaintiffs show that (1) there is no federal jurisdiction over this lawsuit and (2) transfer to the Eastern District of Pennsylvania is inappropriate given the unique factual context which is ripe for adjudication in the transferor court, the U.S. District Court for the District of New Jersey, the Honorable William Bassler presiding.  Accordingly, the Conditional Transfer Order must be vacated.

## II.  FACTUAL BACKGROUND

1.      This is a lawsuit for the asbestos-related injuries – and death – arising from Mr. Barletta's exposure to asbestos fibers and asbestos-containing products and asbestos-contaminated premises.  Plaintiffs, both New Jersey residents, filed this lawsuit in the Law Division of Middlesex County, in the Superior Court of New Jersey, in Docket No. L-1540-03, on March 6, 2003.  It is undisputed that the two named defendants –Stepan Company and Congoleum Corporation – were served with process on August 14, 2003 and August 18, 2003, respectively.

2.      Congoleum Corporation, a New Jersey defendant, did not file an answer to the lawsuit.  Accordingly, Plaintiffs obtained a default judgment against Congoleum on December 8, 2003, but the state court did not schedule an expedited hearing to prove up damages against Congoleum before Congoleum filed for bankruptcy on December 31, 2003.

3.      Defendant Stepan Company requested – and received – several extensions from Plaintiffs' counsel to file its answer to the state court lawsuit. Instead of filing an answer, on February 13, 2004, Stepan filed its Notice of Removal of this lawsuit to U. S. District Court for the District of New Jersey, in Cause No. 02:04-CA-647-WGB, styled *Louis Barletta and Mary Jane Barletta v. Congoleum Corporation, et al.* This removal was well beyond the 30-day deadline under 28 U.S.C. § 1446(b), without consent of all named defendants, and despite the lack of complete diversity between the parties. In its notice of removal and opposition to Plaintiffs' Motion to Remand, Stepan raises the specter of fraudulent joinder as a basis of removal, but has not offered an iota of evidence to support its baseless allegations.

4.      On March 11, 2004, Plaintiffs filed their Motion to Remand this lawsuit back to New Jersey state court. *See Exhibit A, Plaintiffs' Motion to Remand and supporting Brief,* and *Exhibit B, Plaintiffs' Reply in Support of Motion to Remand,* incorporated by reference herein. (The exhibits to the Briefs are not included herein. If the Court requires a copy of the exhibits, plaintiff will provide same). The record shows that Stepan's removal was improper, untimely, and with absolutely no legal or factual basis to support its spurious allegation of fraudulent joinder.

5.      Defendant Stepan has filed its papers in opposition and, following Plaintiffs' reply in support of remand, the jurisdictional question is ripe for adjudication. While Plaintiffs' counsel has notified the Court of the pending conditional transfer order, the Court has not indicated when it will rule on Plaintiffs' motion.

6.      On May 7, 2004, the Judicial Panel on Multidistrict Litigation ("the MDL Panel") filed a conditional transfer order transferring this case pursuant to 28 U.S.C. 1407 to the

Eastern District of Pennsylvania and assigning it to the Honorable Charles R. Wiener. On May 24, 2004, Plaintiffs filed their Notice of Opposition to the conditional transfer order, effecting an automatic 15-day stay of the conditional transfer order. Pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs now file their timely Motion to Vacate the conditional transfer order.

## III.  ARGUMENT AND AUTHORITIES

Numerous courts have called into question the validity of defendants' efforts to remove asbestos lawsuits to federal court:

> [A]sbestos removal litigation ... generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time. While the desire of defendants to reach the comparative safety of an MDL court is understandable, their repeated efforts to do so, regardless of the jurisdictional merits, has resulted in an air of skepticism among the federal courts regarding the validity of most asbestos removals.

*Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 943924 at *4 (N.D. Miss, April 5, 2004) (emphasis added). The defendants' strategy noted by the *Rosamond* court is similar to Stepan's approach in the instant case: delay (in this case, 6 months elapsed between service of process and Stepan's notice of removal), followed by a frivolous removal with the hope the case is transferred to the MDL court to delay adjudication of Plaintiffs' claims on the merits.

While the Second Circuit has recognized that the transferee court may decide jurisdictional motions left unresolved by the transferor court, a determinative issue is whether the factual and legal questions at issue in the present case are shared by other actions

previously transferred to the Eastern District of Pennsylvania. *See In re Enron Secs., Derivative, & ERISA Litig.*, 227 F.2d 1389 (Jud. Pan. Mult. Lit., 2002), *citing Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7 (2nd Cir. 1990). The *Ivy* case, however, involved a jurisdictional issue "easily capable of arising in hundreds or even thousands of cases [that] ... involves common questions of law and fact" and that judicial economy would be served by transfer. *Ivy*, 901 F.2d at 9. Moreover, courts have not interpreted *Ivy* to require automatic transfer of cases subject to a conditional transfer order if the jurisdictional question at issue is more appropriate for resolution by the transferor court. *See, e.g., Vasura v. Acands*, 84 F.Supp.2d 531 (S.D.N.Y., 2000); *Medical Soc. of New York v. Connecticut Gen. Corp.*, 187 F.Supp.2d 89 (S.D.N.Y., 2000) (holding that the transferor court remains empowered to decide pending remand motions despite a conditional transfer order).

In *Vasura*, plaintiffs' asbestos-injury lawsuit was improperly removed to federal court upon after defendants alleged jurisdiction based on a federal question as well as fraudulent joinder of a nondiverse defendant. The MDL Panel vacated its conditional transfer order to allow the transferor court[1] to rule on the pending motion to remand, which involved a fact-specific inquiry as to the fraudulent joinder allegation as well as a legal analysis as to the applicability of the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §1603(a). *Id.* at 533.

Like *Vasura*, the unique facts of this case share no commonalities with other matters already before the Eastern District of Pennsylvania. For example, evidentiary record in support

---

[1] Senior District Judge Haight of the U. S. District Court for the Southern District of New York.

of Plaintiffs' Motion to Remand and subsequent reply brief (attached as Exhibits A and B)

shows:

- Plaintiffs filed this lawsuit in New Jersey state court after Congoleum hired a state legislator as co-counsel, taking advantage of a unique provision of Texas law to obtain a mandatory :legislative continuance"; *see* Tex. R. Civ. P. 254; *see also Exhibit B, Plaintiffs' Reply Brief;*

- Stepan did not file an answer in state court, and then did not file its notice of removal until almost seven months after had elapsed since service; *see, e.g., Exhibit A at 2;*

- Plaintiffs obtained a default judgment against Congoleum on December 8, 2003, but the state court did not set a hearing to prove up damages before Congoleum filed for Chapter 11 bankruptcy protection; *see Plaintiffs' Reply Brief;*

- Stepan contends – based only on its own speculation arising from conversations with Congoleum's Texas counsel – that Plaintiffs do not intend to pursue a claim against Congoleum, despite the fact that Plaintiffs vigorously pursued Congoleum in Texas state court for many months before refiling in New Jersey and obtaining a default judgment against Congoleum; *see Exhibit B.*

The only apparent connection between this case and others already before the MDL court is that Plaintiffs suffered injuries as a result of exposure to asbestos-containing products and asbestos-contaminated premises.  In contrast, the jurisdictional question of as to the timeliness of Stepan's removal, the facts surrounding the alleged fraudulent joinder, and the presence of a nondiverse defendant to destroy complete diversity are all case-specific inquiries properly decided by the transferor court. *See Medical Soc. of New York*, 187 F.Supp.2d at 92 (opining that the transferor court should rule on the pending remand motion if the "underlying jurisdictional issue involved questions of law or fact not bound up with those involved in the

multidistrict ... litigation, or if it were fairly obvious – such as whether the parties were completely diverse....").

## IV.  CONCLUSION AND PRAYER

For the reasons stated above, transfer of this case to the MDL court and the resulting delay before a ruling on the motion to remand would not be appropriate.  There is no judicial economy served by transferring this case to the MDL court when the record shows a lack of federal jurisdiction and the jurisdictional issue is discrete, fact-specific, and ripe for adjudication in the federal court in the District of New Jersey.  A transfer to the MDL court would only serve to delay the adjudication on the merits of Plaintiffs' claims, and would allow Stepan to achieve the illegitimate goal of seeking shelter in the "comparative safety of the MDL ... regardless of the jurisdictional merits." *Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 943924 at *4 (N.D. Miss, April 5, 2004).  As the *Rosamond* court noted, it is with this air of skepticism with which federal courts must view the validity of most attempts at removal in asbestos litigation.

Accordingly, Plaintiffs respectfully request the MDL Panel enter an order to vacate its Conditional Transfer Order and to allow this case to remain on Judge Bassler's docket for adjudication of Plaintiffs' Motion to Remand in the United States District Court for the District of New Jersey.  Plaintiffs further request any additional relief to which they may be entitled.

Respectfully submitted,

D'ALESSANDRO, JACOVINO & GERSON
Attorneys for Plaintiff

By: _____
FREDERICK E. GERSON

Dated: June 7, 2004

-6-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 8 2004

FILED
CLERK'S OFFICE

# EXHIBIT "A"



RECEIVED
CLERK'S OFFICE
2004 JUN - 8 A 11: 12
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# UNITED STATES DISTRICT COURT
## District of New Jersey

LOUIS BARLETTA and MARY JANE BARLETTA, his wife,

       *Plaintiff,*

- vs -

THE CONGOLEUM CORPORATION, et al.,

       *Defendant.*

Civil No.: 04 CV 0647
(Hon. William J. Bassler)

**CIVIL ACTION**

# NOTICE OF MOTION FOR REMAND

PLEASE TAKE NOTICE that on Monday, April 12, 2004 at 9:00 a.m. or as soon thereafter as the Court's activities on that day permit, pursuant to Federal Rules of Civil Procedure and all applicable local rules, and upon the Brief and Affidavit of Frederick E. Gerson, Esq., the undersigned, attorneys for Plaintiffs, Louis Barletta and Mary Jane Barletta, shall move for an Order for a Remand.

Dated: March 11, 2004

By: _____
    FREDERICK E. GERSON

**D'ALESSANDRO, JACOVINO & GERSON**
147 Columbia Turnpike
P.O. Box 340
Florham Park, NJ  07932
(973) 966-1910
Attorneys for Plaintiffs, Louis Barletta
 and Mary Jane Barletta
File No.: 60.18815

# UNITED STATES DISTRICT COURT
## District of New Jersey

LOUIS BARLETTA and MARY JANE BARLETTA,
his wife,

*Plaintiff,*

- vs -

THE CONGOLEUM CORPORATION, et al.,

*Defendant.*

Civil No.  04 CV 0647
(Hon. William J. Bassler)

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND

## D'ALESSANDRO, JACOVINO & GERSON
147 Columbia Turnpike
P.O. Box 340
Florham Park, NJ 07932-0340
(973) 966-1910 phone

*Frederick E. Gerson, Esq.*
  *On The Brief*

# TABLE OF CONTENTS

Page

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

    Cases Cited . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

    Statutes and Annotations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   iii

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

POINT I

PLAINTIFF'S NOTICE OF MOTION FOR A REMAND
SHOULD BE GRANTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    A.  Stepan's Notice of Removal was Untimely. . . . . . . . . . . . . . . . . . . .   2

    B.  Congoleum was not Fraudulently Joined. . . . . . . . . . . . . . . . . . . . .   4

    C.  Removal is Procedurally Defective for Failure to
        Obtain Consent from All Defendants. . . . . . . . . . . . . . . . . . . . . . . .   6

    D.  Request for Costs and Attorney Fees. . . . . . . . . . . . . . . . . . . . . . . .   6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

## TABLE OF AUTHORITIES

Page

### Cases Cited

*Abels v. State Farm Fire & Cas. Co.*,
  770 F.2d 26, 32 (3d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4


*Boyer v. Snap-On Tools Corp.*,
  913 F.2d 108, 111 (3d. Cir. 1990),
  cert. denied, 498 U.S. 1085 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 4, 5 and 6


*Cook v. Travelers Cos.*,
  904 F. Supp. 841, 842 (N.D. Ill. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3


*Eyal Lior v. Sit*,
  913 F. Supp. 868, 874 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 3


*Foster v. Mutual Fire, Marine, & Inland Ins. Co.*,
  986 F.2d 48 (3d. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2


*Mints v. Educational Testing Service*,
  99 F.3d 1253, 1260 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6


*Prowell v. West Chemical Prods., Inc.*,
  678 F.2d 553, 555 (E.D. Pa. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3


*Ratliff v. Workman*,
  274 F.Supp.2d 783, 784 (S.D. W.Va. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . .   3


*Steel Valley Auth. v. Union Switch and Signal Div.*,
  809 F.2d 1006, 1010 (3d Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 4

## **Statutes and Annotations**

28 _U.S.C_. § 1446(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1, 2, 3 & 6

28 _U.S.C_. § 1447(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1 & 6

## STATEMENT OF FACTS

Plaintiffs filed a lawsuit for personal injury arising from Mr. Barletta's exposure to asbestos fibers while working at facilities owned and/or operated by Defendants Stepan Company and Congoleum Corporation. The lawsuit was filed in the Law Division of Middlesex County, in the Superior Court of New Jersey, and styled *Louis Barletta and Mary Jane Barletta v. The Congoleum Corporation, Stepan Company, et al.*, Docket No. L-1540-03. Defendants Congoleum and Stepan were served with this lawsuit on August 13, 2003 and August 14, 2003, respectively.

On February 13, 2004, Stepan filed a Notice of Removal based on the alleged fraudulent joinder of co-defendant Congoleum Corporation, and represented to the Court that removal was proper under *28 U.S.C.* § *1446(a)* based on a theory of diversity jurisdiction between Plaintiffs and Stepan.

Under *28 U.S.C.* § *1447(c)*, a party seeking remand of a case must file its motion to remand within 30 days of the notice of removal. In this case, Plaintiffs' Motion to Remand is timely filed within the 30 days following removal and prior to the statutory March 15, 2004 deadline.

As set forth in detail below, Stepan's removal was: (1) untimely in that more than 30 days had passed from the date of service; (2) improper in that Congoleum, a nondiverse defendant, was not fraudulently joined, and Stepan has failed to meet its burden to show fraudulent joinder; and (3) procedurally defective due to Stepan's failure to obtain consent from all defendants.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF'S NOTICE OF MOTION FOR A REMAND SHOULD BE GRANTED.

### A. Stepan's Notice of Removal was Untimely.

28 _U.S.C._ § 1446(b) requires a party seeking removal to file a notice of removal within 30 days of receipt by the defendant, through service or otherwise, of the initial pleading or within 30 days of service of summons upon defendant. See 28 _U.S.C._ § 1446(b); see also _Foster v. Mutual Fire, Marine, & Inland Ins. Co.,_ 986 F.2d 48 (3d. Cir. 1993).

The party seeking removal bears the burden of proving federal jurisdiction and timeliness of the removal. See _Boyer v. Snap-On Tools Corp.,_ 913 F.2d 108, 111 (3d. Cir. 1990), cert. denied, 498 _U.S._ 1085 (1991) (removing party has burden of proving jurisdiction); _Eyal Lior v. Sit,_ 913 _F. Supp._ 868, 874 (D.N.J. 1996) (burden of proving timeliness is on removing party). Furthermore, courts have repeatedly held that the removal statutes are to be strictly construed, with any doubts to be resolved in favor of remand. See, e.g., _Steel Valley Auth. v. Union Switch and Signal Div.,_ 809 F.2d 1006, 1010 (3d Cir.1987).

In this case, Stepan was served with a summons and the original petition on August 14, 2003, through its registered agent in the State of New Jersey. (See Exhibit A to Affidavit of Frederick E. Gerson Civil Action Summons and Confirmation of Delivery). Therefore, its deadline to file a notice of removal was on September 13, 2003 under 28 _U.S.C._ § 1446(b), but Stepan did not file its notice of removal until February 13, 2004 – 5 months after the statutory deadline.

In its Notice of Removal, Stepan represents that it received several extensions from Plaintiffs to file an answer to the complaint, including an extension until February 13, 2004. *See Defendant's Notice of Removal*, ¶6. These extensions of courtesy by plaintiffs' counsel, however, cannot be a basis to extend an otherwise untimely removal outside the 30-day statutory period prescribed by *28 U.S.C. § 1446(b)*, as the "statutory time to remove a case is mandatory and cannot be extended by order of the court or consent of the parties." *Cook v. Travelers Cos., 904 F. Supp. 841, 842 (N.D. Ill. 1995).* See also *Ratliff v. Workman, 274 F.Supp.2d 783, 784 (S.D. W.Va. 2003); Prowell v. West Chemical Prods., Inc., 678 F.2d 553, 555 (E.D. Pa. 1988).*

To the extent Stepan attempts to excuse its untimely removal by alleging fraudulent joinder, its position is without merit. In Paragraph 42 of the Notice of Removal, Stepan contends the notice was filed "from thirty days of Stepan Company receiving information establishing Congoleum's fraudulent joinder." *Notice of Removal*, ¶ 42.

Not only does Stepan mischaracterize Plaintiffs' claims against Congoleum, see §B, *supra*, Stepan's bald assertion with regard to timeliness is completely devoid of support. Stepan's own pleadings establish that Plaintiffs obtained a default against Congoleum on December 8, 2003, shortly before Congoleum filed for bankruptcy on December 31, 2003. *Id.*, ¶ 38-39.   The Notice of Removal, however, was not filed until February 13, 2004.

There is nothing in the record indicating when Stepan allegedly obtained information establishing any fraudulent joinder, or even specifying what information was obtained that would lead Stepan to that conclusion.  Therefore Stepan has failed to meet its burden of establishing timeliness of its removal. See *Eyal Lior*, 913 F.Supp. at 874.  In light of this

and dismissed Congoleum from the Texas action, establishing a posture that was conducive to settlement.

Stepan's contention that Plaintiffs had no good-faith intention to pursue claims against Congoleum is totally without merit. As noted above, the record clearly shows Plaintiffs have a legitimate claim for recovery against Congoleum for workplace asbestos exposure. Moreover, Plaintiffs obtained a default against Congoleum in the New Jersey trial court after Congoleum failed to answer the lawsuit. Congoleum then filed for bankruptcy on December 31, 2003. *See Notice of Removal, Exhibit P.* Despite having obtained a default against Congoleum, Plaintiffs were unable to schedule a hearing to prove up their damages against Congoleum before the bankruptcy filing.

There is nothing in the record to support Stepan's contention that Congoleum was fraudulently joined; in fact, the record evidence supports the opposite conclusion. Plaintiffs have a legitimate claim for recovery against Congoleum for workplace exposure to asbestos fibers, supported by sworn testimony from Mr. Barletta. Moreover, the litigation history of the Texas and New Jersey state court actions show Plaintiffs' aggressive pursuit of damages against Congoleum, including the default in the New Jersey state court after Congoleum failed to file a timely answer. Stepan has failed to meet its "heavy burden of persuasion" to demonstrate fraudulent joinder and, in fact, Plaintiffs have provided record evidence to defeat any allegation of fraudulent joinder. *Boyer, 913 F.2d at 111.*

Because Congoleum is a proper defendant in the state court lawsuit, the Court cannot disregard its residency for the purpose of establishing diversity jurisdiction. In this case, it is undisputed that Plaintiffs are New Jersey residents, Stepan is a Delaware corporation with its

principal place of business in Illinois, and Congoleum is a New Jersey corporation with its principal place of business in New Jersey. Given that there is not complete diversity between the parties, and there is no other basis for federal jurisdiction, the Court must remand this action to state court.

### C.  Removal is Procedurally Defective for Failure to Obtain Consent from All Defendants.

Stepan contends that Congoleum's consent to removal is not required because Plaintiffs fraudulently joined Congoleum for the purpose of destroying diversity. See _Boyer_, 913 F.2d at 111. Plaintiffs have demonstrated, however, that Congoleum was not fraudulently joined and that Plaintiffs have aggressively prosecuted their claims against Congoleum. Therefore, Stepan is not excused from the requirement of 28 _U.S.C._ § 1446 to obtain consent of removal from all named defendants. Without Congoleum's written consent, the Notice of Removal filed by Stepan is procedurally defective in addition to being untimely.

### D.  Request for Costs and Attorney Fees.

A party that successfully moves the Court to remand a case to state court may be entitled to costs and expenses, including attorney fees, incurred as a result of the removal. 28 _U.S.C._ § 1447(c). In _Mints v. Educational Testing Service_, 99 F.3d 1253, 1260 (3d Cir. 1996) the Third Circuit held that a trial court did not abuse its discretion in awarding costs and attorney fees to the party seeking remand when the removing party has no colorable basis to its removal, but that the trial court need not make a finding of bad faith or frivolousness as a prerequisite to an award of fees and costs. _Mints v. ETS_, 99 F.3d 1253, 1260 (3d Cir. 1996).

In this case, Stepan has failed to meet its burden to prove timeliness of removal or any basis for its allegation of fraudulent joinder. In fact, the removal was blatantly untimely. Moreover, Plaintiffs have demonstrated that the joinder of Defendant Congoleum was not fraudulent, and that Stepan's Notice of Removal was procedurally defective. Based on these facts, an award of costs and attorney fees incurred by Plaintiffs by Stepan's baseless removal is appropriate.

## CONCLUSION

For the reasons set forth in Plaintiffs' Motion and Brief in Support, Plaintiffs respectfully request the Court enter an order remanding this case to the New Jersey Superior Court, Middlesex County, Law Division, in Docket No. L-1540-03. Furthermore, Plaintiffs are entitled to attorney fees and costs associated with filing this motion to remand a case that was improperly removed by Defendant Stepan Company without any legal or factual basis. Plaintiffs also seek any additional relief in law and equity to which they may be justly entitled.

Respectfully submitted,

By: FREDERICK E. GERSON (1345)

Dated: March 11, 2004

**D'ALESSANDRO, JACOVINO & GERSON**
147 Columbia Turnpike
Florham Park, NJ 07932
973-966-1910 (phone)

# EXHIBIT "B"

# UNITED STATES DISTRICT COURT
### For the District of New Jersey

| | |
|---|---|
| LOUIS BARLETTA and MARY JANE BARLETTA, his wife, <br><br> Plaintiffs, <br><br> - vs – <br><br> THE CONGOLEUM CORPORATION, et al., <br><br> Defendants, | Civil No.:  04-CV 0647 <br> (Hon. William J. Bassler) <br><br><br> **CIVIL ACTION** |

### PLAINTIFFS' REPLY BRIEF IN SUPPORT OF ITS MOTION TO REMAND

*FREDERICK E. GERSON, ESQ.*
*On The Brief*

1

# TABLE OF CONTENTS

Page

Table of Contents                                          2

Table of  Authorities                                     3

    Cases Cited                                      3

    Statutes and Annotations                  3

Statement of Facts and Procedural History     4

Introduction                                                 4

**POINT I**

    STEPAN'S REMOVAL FROM THIS LAWSUIT
    IS IMPROPER AND UNTIMELY.                 5

    A.  Defendant Has Failed to Meet Its Burden
        of Proof  In Favor of Removal.              5

    B.  Stepan Presents No Evidence of Fraudulent Joinder.     6

Conclusion                                                  11

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases Cited</u>

<u>Abels v. State Farm Fire & Cas. Co.</u>,
 770 F.2d 26, 32 (3d Cir. 1985)                                    6


<u>Boyer v. Snap-On Tools Corp.</u>,
 913 F.2d 108, 111 (3d Cir. 1990),
 <i>cert. denied</i>, 498 U.S. 1085 (1991)                            6


<u>Foster v. Mutual Fire, Marine, & Inland Ins. Co.</u>,
 986 F.2d 48 (3d Cir. 1993)                                       5


<u>Eyal Lior v. Sit</u>,
 913 F.Supp. 868, 874 (D.N.J. 1996)                               5


<u>Prowell v. West Chemical Prods., Inc.</u>,
 678 F.2d 553, 555 (E.D. Pa. 1988)                              8 fn5


<u>Ratliff v. Workman</u>,
 274 F.Supp.2d 783, 784 (S.D. W.Va. 2003)                       8 fn5


<u>Steel Valley Auth. v. Union Switch and Signal Div.</u>,
 809 F.2d 1006, 1010 (3d Cir.1987)                              5 & 6

### <u>Statutes and Annotations</u>

28 U.S.C. § 1446                                               5 & 11


28 U.S.C. § 1447                                                 10

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiffs rely on their Statement of Facts and Procedural History as stated in the Brief in support of their Notice of Motion for Remand.

## INTRODUCTION

It has been said if a lawyer doesn't have the facts on his side, he should argue the law; if he doesn't have the law, he should argue the facts. And if he has neither the law nor the facts to support his position, he should just argue. Counsel for Stepan has seized this third strategy, pressing a preposterous argument unsupported by either law or facts. Defendant has neither met its burden of proving fraudulent joinder nor can it establish a legitimate basis of removal. Accordingly, Plaintiffs respectfully request the Court grant Plaintiffs' Motion to Remand and award appropriate costs and attorney fees.

## POINT I

## STEPAN'S REMOVAL FROM THIS LAWSUIT IS IMPROPER AND UNTIMELY.

### B.  Defendant Has Failed to Meet Its Burden of Proof  In Favor of Removal.

Pursuant to 28 U.S.C. § 1446(b), a removing party must file a notice of removal within 30 days of Defendant's receipt, through service or otherwise, of the initial pleading or within 30 days of service of summons upon defendant. *See Foster v. Mutual Fire, Marine, & Inland Ins. Co.*, 986 F.2d 48 (3d Cir. 1993).  The removing party must also prove federal jurisdiction and timeliness of removal, with any doubts to be construed in favor of remand.  *See Eyal Lior v. Sit*, 913 F.Supp. 868, 874 (D.N.J. 1996) (burden of proving timeliness is on removing party); *see, e.g., Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

Stepan has plainly failed to meet its burden in either its notice of removal or its response to Plaintiffs' Motion to Remand.  Plaintiffs perfected service on Stepan on August 12, 2003, and Congoleum Corporation on August 18, 2003. *See Exhibit A, Declaration of Scott Hendler*, ¶ 4. Plaintiffs provided Stepan with virtually all discovery provided by Plaintiffs in the Texas case on November 27, 2003.[1]  Congoleum sought Chapter 11 protection on December 31, 2003.  Not until February 13, 2004 did Stepan remove this case, long after the 30 days expired after service, receipt of discovery from Plaintiffs, and Congoleum's bankruptcy filing.

Devoid of a factual or legal basis to support its improper and untimely removal, Stepan launches an hysterical albeit groundless attack on the legitimacy of Plaintiffs' lawsuit, asserting that co-defendant Congoleum Corporation was fraudulently joined.  Stepan ignores the facts supporting Congoleum's complicity in Plaintiffs' asbestos exposure, making the improbable argument that not until it learned of Congoleum's bankruptcy – almost a month after the rest of

the world – did Stepan "believe" a fraudulent joinder occurred.  Even a cursory examination of the facts will lead the Court to reach the inescapable conclusion that Congoleum's joinder was proper, not fraudulent.  Even if this Court were to accept Stepan's argument that its thirty-day timetable to remove did not begin until its own self-serving acknowledgement that it "learned" of Congoleum's bankruptcy on January 27, 2004, Stepan must nevertheless establish fraudulent joinder to support removal.  This it cannot do.

### B. Stepan Presents No Evidence of Fraudulent Joinder.

Stepan has offered no evidence of fraudulent joinder.  In alleging fraudulent joinder of Congoleum by Plaintiffs to avoid removal, Stepan bears a "heavy burden of persuasion." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991), *citing Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010, 1012 n.6, *citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985).  This Circuit has held that "fraudulent joinder" only occurs when there is "no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Steel Valley Auth.*, 809 F.2d at 1012 n.6.  Plaintiffs sued Congoleum in New Jersey on March 6, 2003.  Congoleum did not file bankruptcy until December 31, 2003, almost ten (10) months after Plaintiffs filed suit.  The ten months that transpired between Plaintiffs filing suit and Congoleum's bankruptcy cast further doubt on Stepan's specious theory.

The evidence of Plaintiffs' exposure to Congoleum's asbestos is adequate to support a judgment against Congoleum.  Plaintiffs sought and obtained a default against Congoleum when it failed to answer, and were in the process of scheduling a hearing to prove up damages for the default when Congoleum's bankruptcy filing triggered a stay. *See Exhibit B, Declaration of*

---

[1] *See Exhibit A to Stepan's Opposition to Plaintiffs' Motion to Remand, at ¶5.*

*Frederick E. Gerson*, ¶¶ 5-6. These are hardly the efforts expended against a defendant from whom no recovery is expected.  Stepan's entire theory of fraudulent joinder relies on hearsay statements from a conversation with a legal assistant in Congoleum's Texas counsel's firm, who herself speculated as to Plaintiffs' motives for dismissing its case against Congoleum in Texas and refiling it in New Jersey.  *See Keading Affidavit, Exhibit A to Stepan's Opposition to Plaintiffs' Motion to Remand*, ¶ 9.  A more flimsy evidentiary house of cards is difficult to imagine.

The facts that led to refiling against Congoleum in New Jersey are these:  After numerous continuances, the Texas litigation was set for trial on April 7, 2003 against all remaining defendants, including Congoleum, at whose premises Mr. Barletta was exposed to asbestos and asbestos-containing products.[2]  Approximately two weeks before trial, exploiting an idiosyncrasy of Texas law, Congoleum hired a Texas legislator as co-counsel for the express purpose of seeking a mandatory "legislative continuance" until at least 30 days after the end of the legislative session scheduled to end on June 2, 2003, but expected to be extended indefinitely by specially called legislative sessions, which in turn would have delayed proceedings against the other defendants.[3]  *See* Tex. R. Civ. P. 254 (West 2003).

Plaintiffs dismissed Congoleum from the Texas litigation and promptly refiled against Congoleum in New Jersey so that they could proceed to trial unabated against the remaining defendants before Mr. Barletta succumbed to his terminal cancer.  To preserve Plaintiffs' claim against Congoleum, however, Plaintiffs filed a lawsuit in New Jersey Superior Court against Congoleum and other defendants, including Stepan Company, which also owned a premises at

---

[2] *See Exhibit B to Plaintiffs' Motion to Remand, October 3, 2001 Deposition of Louis Barletta*, at 68:17-79:16.

which Mr. Barletta was exposed to asbestos.[4]  Stepan now claims that it "learned of facts" that

show fraudulent joinder through "conversations" between its counsel and Congoleum's Texas

counsel.  A closer inspection of Stepan's evidence, however, in the form of the self-serving

affidavit of its counsel, Michael Kaeding, shows only that:

- Mr. Kaeding's *concerns* about the *possibility* of Congoleum's fraudulent joinder" grew based on a "conversation" with a litigation assistant for Congoleum's Texas counsel (*Kaeding Affidavit*, ¶¶ 9, 10) (emphasis added);

- Mr. Kaeding first contacted Congoleum's Texas counsel in February 2004, though both Congoleum and Stepan were served with the New Jersey lawsuit in August 2004 (¶ 11);

- Plaintiffs had actively pursued Congoleum in the Texas litigation before Congoleum obtained a legislative continuance (¶¶ 11, 12);

Not only is Mr. Kaeding's affidavit rife with inadmissible hearsay, nowhere does it offer <u>any</u>

factual basis for the claim that Plaintiffs fraudulently joined Congoleum in the New Jersey

litigation.  Almost six months after receiving the complaint and over 30 days after Congoleum

sought Chapter 11 protection in bankruptcy court did Stepan even contact Congoleum's Texas

counsel to investigate its so-called "concerns" of fraudulent joinder, over 4 months beyond the

statutorily-established removal period.[5]  Stepan but merely argues – erroneously – that Plaintiffs

had no good faith intention to pursue Congoleum in New Jersey, unsupported by law or

---

[3] As it turned out, and the country witnessed, the legislative sessions were continually extended through the fall of 2003 to achieve a second legislative redistricting in Texas within two years.

[4] It is undisputed that Plaintiffs are New Jersey residents and Defendant Congoleum is a New Jersey corporation.

[5] As noted above, Stepan was served with the New Jersey lawsuit on August 12, 2003.  Plaintiffs granted an extension of time for Stepan to file an answer until February 13, 2004; at no time did Stepan represent to Plaintiffs that it was seeking an extension for its removal period.  *See Exhibit A, Hendler Declaration,* ¶ 9.  As was fully briefed in Plaintiffs' Motion to Remand, Stepan's statutory deadline for removal was triggered by service of the New Jersey lawsuit, and could not have been extended by any agreement between the parties to extend Stepan's answer date.  *See* 28 U.S.C. §1446(b); *See also Ratliff v. Workman,* 274 F.Supp.2d 783, 784 (S.D. W.Va. 2003); *Prowell v. West Chemical Prods., Inc.,* 678 F.2d 553, 555 (E.D. Pa. 1988).

evidence.   In light of the active pursuit of Congoleum both in Texas and in New Jersey, including the default obtained by Plaintiffs, Stepan's claim of fraudulent joinder simply fails.

Stepan's attempt to chip away at Plaintiffs joinder of Congoleum by calling into question the sequence of events preceding Stepan's removal are equally without merit.  Plaintiffs filed the New Jersey state court action against Congoleum on March 6, 2003, based on Mr. Barletta's exposure to asbestos at facilities owned and operated by Congoleum.   Due to a miscommunication with prior local New Jersey counsel, the Complaint was not served on Defendants until August 18, 2003.  *See Exhibit A, Hendler Declaration,* ¶ 4.  When Congoleum failed to file a timely answer, even after several weeks' grace period, Plaintiffs' counsel instructed its local New Jersey counsel to seek a default judgment against Congoleum.   For reasons that are immaterial here, Plaintiffs' prior local counsel failed to do so, creating further delay.  *Id.*, ¶ 5.  As a result, Plaintiffs retained new New Jersey counsel – the law firm of D'Alessandro, Jacovino, & Gerson.  *Id; see Exhibit C, Substitution of Attorney.*  This process took a period of time to identify and retain appropriate local counsel who had no conflicts and was willing to assist in the matter.   Once retained, New Jersey counsel promptly sought and obtained a default judgment against Congoleum on December 8, 2003. *See Exhibit D, Request to Enter Default and Certification.*  Plaintiffs then attempted to schedule an expedited hearing to prove up damages against Congoleum, but the state court did not set a hearing before Congoleum filed for bankruptcy on December 31, 2003.  *See Exhibit B, Gerson Affidavit,* ¶ 6; *Exhibit E, Letter from Frederick E. Gerson, with Default Entry.*  In any event, Plaintiffs will still be able to pursue Stepan for its share of liability.

These facts, as opposed to the hearsay based upon hearsay, which in turn is mere speculation, proffered by Stepan are evidence of a good-faith basis by Plaintiffs to pursue their

claims against Congoleum.   In light of this evidence, Stepan cannot meet its heavy burden to prove fraudulent joinder, and thus this case should be remanded to the New Jersey Superior Court of Middlesex County from which it was improperly removed.   Moreover, Stepan's frivolous removal, unsupported by even a novel legal theory wasted valuable time and resources for both Plaintiffs and this Court.   Plaintiffs request that Stepan be assessed Plaintiffs' attorney fees and costs for having to seek and obtain a remand of this matter.   *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Unsupported by even a scintilla of evidence, Stepan has improperly removed this case to federal court on its specious theory of fraudulent joinder. Through their motion to remand and the instant reply brief, Plaintiffs have demonstrated that the United States District Court for the District of New Jersey lacks jurisdiction over this matter. Accordingly, Plaintiffs respectfully request the Court to grant its Motion to Remand, and thereafter enter an order remanding this case to the New Jersey Superior Court, Middlesex County, Law Division, in Docket No. L-1540-03. Plaintiffs also seek any additional relief in law and equity to which they may be justly entitled.

**D'ALESSANDRO, JACOVINO & GERSON**
Attorneys for Plaintiffs

By:

FREDERICK E. GERSON
147 Columbia Turnpike
P.O. Box 340
Florham Park, NJ  07932
973-966-1910