MDL - 875

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
J.T. NOBLIN, CLERK
DEPUTY

JUN - 9 2004
FILED
CLERK'S OFFICE

DANIEL ALDRIDGE, *ET AL.*                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv793GRo

HONEYWELL INTERNATIONAL, INC.; *ET AL.*                      DEFENDANTS

ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the Court are the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] motions to stay [4-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case; to strike [29-1] additional information presented by the Plaintiffs in support of the motion to remand; and for leave to file a sur-rebuttal [29-2] to any additional information presented by the Plaintiffs. In addition, the Plaintiffs filed a motion to strike [42-1] the notice of additional basis for jurisdiction filed by the Auto Defendants and Beaver Dam. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiff's motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County,

MDL- 875
RECOMMENDED ACTION
VACATE CTO-231 AFTER HS -- 19 ACTIONS
Approved/Date: TWK

OFFICIAL FILE COPY
IMAGED JUN -9 '04

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [4-1], to strike [29-1, 42-1] and for leave to file a sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
JUN 4 - 2004
J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

DANIEL ALDRIDGE, *ET AL.*                                               PLAINTIFFS

CIVIL ACTION NO. 1:03cv793GRo

VERSUS

HONEYWELL INTERNATIONAL, INC.;                                          DEFENDANTS
*ET AL*

RECEIVED
JUN - 7 2004
BY:

O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company [Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [48-1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [48-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.



UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

J. T NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

JERRY L. WATERS, ET AL.                                    PLAINTIFFS

VERSUS

HONEYWELL INTERNATIONAL, INC., ET AL.                      DEFENDANTS

CIVIL ACTION NO. 1:03cv794GRo

O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Yazoo County, Mississippi. Also pending before the

Court are the plaintiffs' motions for emergency hearing on the remand motion [19-1], and to

strike [50-1] the notice of additional support for federal jurisdiction; and the defendants Ford

Motor Company, DaimlerChrysler Corporation [Auto Defendants], and Beaver Dam Products

Corporation's motions to strike [33-1] additional information presented by the plaintiffs in

support of the motion to remand; and its associated motion for leave to file a sur-rebuttal brief

[33-2]. Although the exact timing of the events in this case is not the same, the legal analysis

mirrors the Court's findings in its ruling on the motion for remand in *Spann v. Honeywell*

*International*, Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in

this case, and concludes that the motion to remand in this case should be granted. Pursuant to the

Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Yazoo County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions for emergency hearing [19-1], to strike [33-1, 50-1], and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 4 ~ 2004
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION    DEPUTY

JUN - 9 2004

FILED
CLERK'S OFFICE

JERRY L. WATERS, *ET AL.*                           **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 1:03cv794GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                             **DEFENDANTS**

ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company [Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [56-1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [56-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
BY _____ J.T. NOBLIN, CLERK
_____ DEPUTY

JUN - 9 2004
FILED
CLERK'S OFFICE

ELSIE SMITH, *ET AL.*                                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:03cv795GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                                 DEFENDANTS

ORDER

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the

Court is the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants],

and Beaver Dam Products Corporation's [Beaver Dam], motion to stay the case [5-1] pending a

decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case.

In addition, the plaintiffs have filed a motion to strike [52-1] the notice of additional basis for

federal jurisdiction filed by the Auto Defendants and Beaver Dam. Although the exact timing of

the events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling

on the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo.

The Court specifically adopts that reasoning in this case, and concludes that the motion to

remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Spann*,

and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than

May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until

the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes

County, Mississippi, and that transfer of this matter shall not be effected until that time. It is

further,

ORDERED AND ADJUDGED that the associated motions to stay [5-1] and to strike [52-

1] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be

appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated

with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.


_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELSIE SMITH, *ET AL.*                                    PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:03cv795GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                 DEFENDANTS

O R D E R

  This cause comes before the Court on motion of the Defendants Ford Motor Company
[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [55-1] the order of
remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for
reconsideration' *in haec verba." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.
1994) *(en banc).* Regardless, if the motion is served within ten days of the rendition of
judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule
59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d
341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time
limits of Rule 59(e).

  According to the Defendants the Court disregarded certain case law from the Fifth Circuit
Court of Appeals when reaching its decision to remand. (Mot. to Reconsider, p. 1.) The
Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent
manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds
that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [55-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that ~~each party is to bear their respective costs in~~ association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.


_____
UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 1 0 2004

BY _____ CLERK
_____ DEPUTY

WILLIE LOUIS GRAY, *ET AL.*                                    **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 1:03cv796GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                        **DEFENDANTS**


O R D E R


This cause comes before the Court on motion of the plaintiffs to remand [26-1] the above

referenced action to the Circuit Court of Simpson County, Mississippi. Also pending before the

Court is the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants],

and Beaver Dam Products Corporation's [Beaver Dam], motion to stay the case [3-1] pending a

decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case.

Although the exact timing of the events in this case is not the same, the legal analysis mirrors the

Court's findings in its ruling on the motion for remand in *Spun v. Honeywell International*, Civil

Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and

concludes that the motion to remand in this case should be granted. Pursuant to the

Memorandum Opinion entered in *Spun*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [26-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Simpson

County, Mississippi after the expiration of ten days of the entry date of this judgment or by no

earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Simpson County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

WILLIE LOUIS GRAY, *ET AL.*                                       **PLAINTIFFS**

FILED
CLERK'S OFFICE

VERSUS                                                  CIVIL ACTION NO. 1:03cv796GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                                **DEFENDANTS**

O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [38-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

45

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [38-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
J.T. NOBLIN, CLERK
_____ DEPUTY

JUN - 9 2004

FILED
CLERK'S OFFICE

LEWIS WRIGHT, *ET AL.*                                                 PLAINTIFFS

VERSUS

CIVIL ACTION NO. 1:03cv797GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                          DEFENDANTS

O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the

Court are the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motions to stay the case [6-

1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer

of this case; to strike [35-1] additional information presented by the plaintiffs in support of the

motion to remand; and for leave to file a sur-rebuttal [35-2] to any additional information

presented by the plaintiffs. Also pending is the plaintiffs' motion to strike [52-1] the notice of

additional basis for federal jurisdiction filed by the Auto Defendants and Beaver Dam. Although

the exact timing of the events in this case is not the same, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand in *Spann v. Honeywell International*, Civil Action

No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and concludes that

the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion

entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [35-1, 52-1], and for leave to file sur-rebuttal [35-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEWIS WRIGHT, *ET AL.*                                         **PLAINTIFFS**

VERSUS                                          CIVIL ACTION NO. 1:03cv797GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                        **DEFENDANTS**

### O R D E R

This cause comes before the Court on motion of the defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [56-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) *(en banc)*  Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the defendants' motion for reconsideration [56-1] be, and is hereby denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above-styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED

JUN - 7 2004

BY:

2

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
MAY 1 0 2004
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUN - 9 2004
FILED
CLERK'S OFFICE

WILLIE SPANN, *ET AL.*                                          PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:03cv798GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                          DEFENDANTS


O R D E R


This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above referenced action to the Circuit Court of Noxubee County, Mississippi.  Also pending before the Court are the defendants Ford Motor Company, DaimlerChrysler Corporation [Auto Defendants], and Beaver Dam Products Corporation's motions to stay the case [6-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case; and to strike [32-1] the listing submitted by the plaintiffs which identifies the non-diverse defendants alleged to have sold asbestos-containing products to the plaintiffs and for leave to file [32-2] a sur-rebuttal.  The plaintiffs also filed a motion to strike [46-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam.  Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted.  The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee

County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1]; to strike [32-1, 46-1], and for leave to file a sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 4 - 2004
J.T. NOBLIN, CLERK
MULTIDISTRICT LITIGATION
DEPUTY

JUN - 9 2004

FILED
CLERK'S OFFICE

RECEIVED
JUN - 7 2004
BY:

WILLIE SPANN, *ET AL.*       PLAINTIFFS

VERSUS       CIVIL ACTION NO. 1:03cv798GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*       DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company [Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [51*1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*on banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. (*Id.*; p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion.  For this reason, the Court finds that the motion for

reconsideration should be denied.  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th

Cir. 2002).  It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [51-1]

be, and is hereby  denied.  It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004,

in the above styled and numbered cause be and is hereby in all respects to remain in full force

and effect.  It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the May 10, 2004, order.  It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.



UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

J.T. NOBLIN, CLERK
BY_____DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

JOHNNIE WILL SPANN, *ET AL.*

VERSUS

HONEYWELL INTERNATIONAL, INC., *ET AL.*

PLAINTIFFS

FILED
CLERK'S OFFICE
CIVIL ACTION NO. 1:03cv799GRo

DEFENDANTS

O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the Defendants Ford Motor Company, DaimlerChrysler Corporation [Auto

Defendants], and Beaver Dam Products Corporation's [Beaver Dam], motions to stay the case [6-

1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer

of this case; and to strike [32-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [32-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [46-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam.

Although the exact timing of the events in this case is not the same, the legal analysis mirrors the

Court's findings in its ruling on the motion for remand in *Spann v. Honeywell International*,

Civil Action No. 1:03cv798GRo. The Court specifically adopts that reasoning in this case, and

concludes that the motion to remand in this case should be granted. Pursuant to the

Memorandum Opinion entered in *Spann*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1]; to strike [32-1, 46-1], and for leave to file a sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNIE WILL SPANN, *ET AL.*                PLAINTIFFS

VERSUS                                       CIVIL ACTION NO. 1:03cv799GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                     DEFENDANTS

ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [49-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [49-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE



2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN KNOTTS, *ET AL.*                                          PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:03cv800GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                               DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [24-1] the above
referenced action to the Circuit Court of Jasper County, Mississippi.  Also pending before the
Court is the defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto
Defendants], motion to stay the case [3-1] pending a decision by the Judicial Panel on
Multidistrict Litigation [MDL] regarding transfer of this case.  Although the exact timing of the
events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on
the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo.
The Court specifically adopts that reasoning in this case, and concludes that the motion to
remand in this case should be granted.  Pursuant to the Memorandum Opinion entered in *Spann*,
and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [24-1] be, and is
hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified
copy of this order and the state court record to the Clerk for the Circuit Court of Jasper County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004.  It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN KNOTTS, *ET AL.*                                               PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:03cv800GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                          DEFENDANTS

ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [35-1] the order of

remand entered in this case on May 10, 2004.  "The Federal Rules do not recognize a `motion for

reconsideration' *in haec verba.*"  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*).  Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e).  If it is served after that time, it falls under Rule 60(b).  *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991).  The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand.  (Mot. to Recons., p. 1.)  Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice.  (*Id.*, p. 2.)  Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for

reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th

Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [35-1]

be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004,

in the above styled and numbered cause be and is hereby in all respects to remain in full force

and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE PATE, *ET AL.*                                                   PLAINTIFFS

VERSUS                                            CIVIL ACTION NO. 1:03cv801GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                   DEFENDANTS

# O R D E R

  This cause comes before the Court on motion of the plaintiffs to remand [25-1] the above

referenced action to the Circuit Court of Hinds County, Mississippi.  Also pending before the

Court is the defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto

Defendants], motion to stay the case [3-1] pending a decision by the Judicial Panel on

Multidistrict Litigation [MDL] regarding transfer of this case.  Although the exact timing of the

events in this case is not the same, the legal analysis mirrors the Court's findings in its ruling on

the motion for remand in *Spann v. Honeywell International*, Civil Action No. 1:03cv798GRo.

The Court specifically adopts that reasoning in this case, and concludes that the motion to

remand in this case should be granted.  Pursuant to the Memorandum Opinion entered in *Spann*,

and incorporated herein by reference, it is hereby,

  ORDERED AND ADJUDGED that the plaintiffs' motion to remand [25-1] be, and is

hereby, granted.  The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than

May 24, 2004.  It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE PATE, *ET AL.*                                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv801GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                         DEFENDANTS

O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [34-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

36

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [34-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

MAY 1 0 2004

J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

JERRY RUSSUM, *ET AL.*                                                    PLAINTIFFS

VERSUS                                             CIVIL ACTION NO. 1:03cv802GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                                          DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [25-1] the above

referenced action to the Circuit Court of Jones County, Mississippi.  Also pending before the

Court is the motion of the Defendants Ford Motor Company, and DaimlerChrysler Corporation

to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL]

regarding transfer of this case.  Although the dates of filing the complaint in the instant case

differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the

legal analysis mirrors the Court's findings in its ruling on the motion for remand in that case.

The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on

that reasoning, concludes that the motion to remand in this case should be granted.  Pursuant to

the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [25-1] be, and is

hereby, granted.  The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Jones County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jones County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN 4 - 2004
J.T. NOBLIN, CLERK
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

JERRY RUSSUM, *ET AL.*

FILED
CLERK'S OFFICE   **PLAINTIFFS**

VERSUS

CIVIL ACTION NO. 1:03cv802GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*

**DEFENDANTS**

O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [53-1] the order of

remand entered in this case on May 10, 2004.  "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*).  Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e).  If it is served after that time, it falls under Rule 60(b).  *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991).  The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand.  (Mot. to Recons., p. 1.)  Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice.  (*Id.*, p. 2.)  Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

60

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [53-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTINE WEBSTER, *ET AL.*                                     PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv803GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                          DEFENDANTS

ORDER

This cause comes before the Court on motion of the plaintiffs to remand [26-1] the above

referenced action to the Circuit Court of Holmes County, Mississippi. Also pending before the

Court is the motion of the Defendants' Ford Motor Company and DaimlerChrysler Corporation

to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL]

regarding transfer of this case. Although the dates of filing the complaint in the instant case

differs from those in *Aldridge v. Honeywell International*, Civil Action No. 1:03cv793GRo, the

legal analysis mirrors the Court's findings in its ruling on the motion for remand in that case.

The Court, therefore, specifically adopts the legal analysis in *Aldridge* in this case, and based on

that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to

the Memorandum Opinion entered in *Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [7-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Holmes County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004.  It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Holmes County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned.  It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTINE WEBSTER, *ET AL.*                                    PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. 1:03cv803GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                               DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [73-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [73-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 10 2004

J.T. NOBLIN, CLERK
BY_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CURTIS BUSH, *ET AL.*                                                      PLAINTIFFS

JUN - 9 2004

FILED

VERSUS                                    CIVIL ACTION NO. 1:03cv805GRo

HONEYWELL INTERNATIONAL, *ET AL.*                                         DEFENDANTS

ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [6-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi.  Also pending before the

Court are the motions of the Defendants Ford Motor Company,  DaimlerChrysler Corporation

[Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [2-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case and to strike [32-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [32-2] a sur-rebuttal.  The Plaintiffs also filed a motion to strike [48-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam.

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand.  The Court, therefore, specifically adopts the

legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted.  Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [6-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [32-1, 48-1], and for leave to file sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS BUSH, *ET AL.* | **PLAINTIFFS** |
| VERSUS | CIVIL ACTION NO. 1:03cv805GRo |
| HONEYWELL INTERNATIONAL, INC.;<br>*ET AL.* | **DEFENDANTS** |

ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company [Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [53-1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [53-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
J.T. NOBLIN, CLERK
BY _____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

JAMES COLLUM, *ET AL.*                                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv806GRo

HONEYWELL INTERNATIONAL, *ET AL.*                                        DEFENDANTS

O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Hinds County, Mississippi.  Also pending before the

Court are the motions of the Defendantss Ford Motor Company, DaimlerChrysler Corporation

[Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [6-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case and to strike [29-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendantss alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [29-2] a sur-rebuttal.  The Plaintiffs also filed a motion to strike [42-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. .

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand.  The Court, therefore, specifically adopts the

legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted.  Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [29-1, 42-1], and for leave to file sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES COLLUM, *ET AL.*                                    **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 1:03cv806GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                **DEFENDANTS**

## ORDER

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [46-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' in haec verba." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [46-1] be, and is hereby denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, _____ in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FREDERICK GORDON, *ET AL.*                                              PLAINTIFFS

VERSUS

HONEYWELL INTERNATIONAL, *ET AL.*                                       DEFENDANTS

CIVIL ACTION NO. 1:03cv807GRo

# O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the motions of the Defendants Ford Motor Company, DaimlerChrysler Corporation

[Auto Defendants], and Beaver Dam Products Corporation's [Beaver Dam], to stay the case [6-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case, and to strike [33-1] the listing submitted by the Plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and for

leave to file [33-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [47-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam..

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell Int'l*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings

in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal

analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted. Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1] to strike [33-1, 47-1] and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

_____

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FREDERICK CORDON, *ET AL.*                          PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. 1:03cv807GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                              DEFENDANTS

<u>O R D E R</u>

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [50-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a motion for

reconsideration' *in haec verba.*" *Lttle v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) *(en banc)* Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for

reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629-9 (5th

Cir. 2002). It is, therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [50-1]

be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004,

in the above styled and numbered cause be and is hereby in all respects to remain in full force

and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.


_____

UNITED STATES SENIOR DISTRICT JUDGE


RECEIVED

JUN - 7 2004

BY:_____

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DEPUTY

JUN - 9 2004

FILED
CLERK'S OFFICE

JIMMIE KING, *ET AL.*                                                    PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv808GRo

HONEYWELL, INTERNATIONAL, *ET AL.*                                       DEFENDANTS

O R D E R

This cause comes before the Court on motion of the plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Noxubee County, Mississippi. Also pending before the

Court are the motions of the Defendants Ford Motor Company, DaimlerChrysler Corporation

[Auto Defendants] and Beaver Dam Products Corporation's [Beaver Dam] to stay the case [2-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case and to strike [32-1] the listing submitted by the plaintiffs which identifies the non-

diverse Defendants alleged to have sold asbestos-containing products to the plaintiffs and for

leave to file [3.1-2] a sur-rebuttal. The plaintiffs also filed a motion to strike [47-1] a notice of

additional basis for federal jurisdiction submitted by the Auto Defendants and Beaver Dam. .

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's

findings in its ruling on the motion for remand. The Court, therefore, specifically adopts the

legal analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted. Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Noxubee County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Noxubee County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [32-1, 47-1], and for leave to file sur-rebuttal [32-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED
JUN 4 - 2004
J.T NOBLIN, CLERK
DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUN - 9 2004
FILED
CLERK'S OFFICE

RECEIVED
JUN - 7 2004
BY:

JIMMIE KING, ET AL.                                    PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 1:03cv808GRo

HONEYWELL INTERNATIONAL, INC.;
ET AL.                                                 DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [51-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) (*en banc*) Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e) If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is herefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [51 1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

MAY 1 0 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BY_____ DEPUTY
J.T. NOBLIN, CLERK

JUN - 9 2004

FILED
CLERK'S OFFICE

LEE REIMAN, *ET AL.*                                                   PLAINTIFFS

VERSUS                                          CIVIL ACTION NO. 1:03cv809GRo

HONEYWELL INTERNATIONAL, *ET AL.*                              DEFENDANTS

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [7-1] the above

referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the

Court are the motions of the Defendants Ford Motor Company and DaimlerChrysler

Corporation's [Auto Defendants] to strike [29-1] the listing submitted by the Plaintiffs which

identifies the non-diverse Defendants alleged to have sold asbestos-containing products to the

Plaintiffs and for leave to file [29-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike

[42-1] a notice of additional basis for federal jurisdiction submitted by the Auto Defendants.

Although the dates of filing the complaint in the instant case differs from those in *Aldridge v.*

*Honeywell Int'l*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings

in its ruling on the motion for remand. The Court, therefore, specifically adopts the legal

analysis in *Aldridge* in this case, and based on that reasoning, concludes that the motion to

remand in this case should be granted. Pursuant to the Memorandum Opinion entered in

*Aldridge*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is

hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to strike [29-1, 42-1], and for leave to file sur-rebuttal [29-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.


_____
UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

FILED
CLERK'S OFFICE

LEE REIMAN, ET AL.                                                    PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 1:03cv809GRo

HONEYWELL INTERNATIONAL, INC.;
ET AL.                                                                 DEFENDANTS

## O R D E R

This came comes before the Court on motion of the Defendants Ford Motor Company [Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [46-1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba." Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) *(en banc).* Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. *(Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [46-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
By:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 1 0 2004
J. T. NOBLIN, CLERK
BY _____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 9 2004

CHARLIE H. TAYLOR, *ET AL.*                                      **PLAINTIFFS**

                                                      FILED
                                                CLERK'S OFFICE
VERSUS                                          CIVIL ACTION NO. 1:03cv810GRo

HONEYWELL, INTERNATIONAL, *ET AL.*                              **DEFENDANTS**

## O R D E R

    This case comes before the Court on motion of the Plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Yazoo County, Mississippi. Also pending before the

Court are the motions of the Defendants Ford Motor Company, and DaimlerChrysler

Corporation [Auto Defendants] and Beaver Dam Product Corporation's [Beaver Dam] to stay the

case [6-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding

transfer of this case; to strike [33-1] the listing submitted by the Plaintiffs which identifies the

non-diverse Defendants alleged to have sold asbestos-containing products to the Plaintiffs and

for leave to file [33-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [49-1] a notice

of additional basis for federal jurisdiction submitted by the Auto Defendants. Although the dates

of filing the complaint in the instant case differs from those in *Aldridge v. Honeywell*

*International*, Civil Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in

its ruling on the motion for remand. The Court, therefore, specifically adopts the legal analysis

in *Aldridge* in this case, and based on that reasoning, concludes that the motion to remand in this

case should be granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and

incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Yazoo County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Yazoo County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [6-1], to strike [33-1, 49-1], and for leave to file sur-rebuttal [33-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.



UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

CHARLIE H. TAYLOR, *ET AL.*                                              **PLAINTIFFS**

VERSUS                                                    CIVIL ACTION NO. 1:03cv810GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                                  **DEFENDANTS**

## O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company

[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [52-1] the order of

remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for

reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.

1994) *(en banc)*. Regardless, if the motion is served within ten days of the rendition of

judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule

59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d

341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time

limits of Rule 59(e).

Accordirg to the Defendants the Court disregarded certain case law from the Fifth Circuit

Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the

Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent

manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds

that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion. For this reason, the Court finds that the motion for

reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th

Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [52-1]

be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004,

in the above styled and numbered cause be and is hereby in all respects to remain in full force

and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE



2



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

W.G. WALTMAN, *ET AL.*                                                    PLAINTIFFS

VERSUS                                               CIVIL ACTION NO. 1:03cv811GRo

HONEYWELL INTERNATIONAL, *ET AL.*                                      DEFENDANTS

FILED
CLERK'S OFFICE

## O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [8-1] the above

referenced action to the Circuit Court of Hinds County, Mississippi. Also pending before the

Court are the motions of the Plaintiffs Ford Motor Company, DaimlerChrysler Corporation

[Auto Defendants] and Beaver Dam Product Corporation's [Beaver Dam] to stay the case [2-1]

pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of

this case; to strike [30-1] the listing submitted by the Plaintiffs which identifies the non-diverse

Plaintiffs alleged to have sold asbestos-containing products to the Plaintiffs and for leave to file

[30-2] a sur-rebuttal. The Plaintiffs also filed a motion to strike [43-1] a notice of additional

basis for federal jurisdiction submitted by the Auto Defendants. Although the dates of filing the

complaint in the instant case differs from those in *Aldridge v. Honeywell International*, Civil

Action No. 1:03cv793GRo, the legal analysis mirrors the Court's findings in its ruling on the

motion for remand. The Court, therefore, specifically adopts the legal analysis in *Aldridge* in

this case, and based on that reasoning, concludes that the motion to remand in this case should be

granted. Pursuant to the Memorandum Opinion entered in *Aldridge*, and incorporated herein by

reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [8-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than May 24, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motions to stay [2-1], to strike [30-1, 43-1], and for leave to file sur-rebuttal [30-2] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 10th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUN - 4 2004
JUDICIAL PANEL ON J.T. NOBLIN, CLERK
MULTIDISTRICT LITIGATION
DEPUTY

JUN - 9 2004

W.G. WALTMAN, *ET AL.*                    FILED                    PLAINTIFFS
                                          CLERK'S OFFICE

VERSUS                                    CIVIL ACTION NO. 1:03cv811GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*                                                            DEFENDANTS


ORDER


    This cause comes before the Court on motion of the Defendants Ford Motor Company [Ford] and Daimler Chrysler Corporation [Daimler Chrysler] to reconsider [47-1] the order of remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for reconsideration' *in haec verba." Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (*en banc*). Regardless, if the motion is served within ten days of the rendition of judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule 59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.,* 933 F.2d 341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time limits of Rule 59(e).

    According to the Defendants the Court disregarded certain case law from the Fifth Circuit Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent manifest injustice. (*Id.,* p. 2.) Despite the Defendants' arguments to the contrary, the Court finds that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

JUN - 7 2004
BY:

previous ruling is present in the motion. For this reason, the Court finds that the motion for reconsideration should be denied. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th Cir. 2002). It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [47-1] be, and is hereby denied. It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004, in the above styled and numbered cause be and is hereby in all respects to remain in full force and effect. It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed within the May 10, 2004, order. It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

RECEIVED
JUN - 7 2004
BY:

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAMAR BROWN, *ET AL.*                                                        **PLAINTIFFS**

VERSUS                                                        CIVIL ACTION NO. 1:03cv812GRo

HONEYWELL INTERNATIONAL, INC., *ET AL.*                              **DEFENDANTS**

### O R D E R

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above

referenced action to the Circuit Court of Jasper County, Mississippi.  Also pending before the

Court are the Defendants Ford Motor Company and DaimlerChrysler Corporation's [Auto

Defendants] motion to stay the case [4-1] pending a decision by the Judicial Panel on

Multidistrict Litigation [MDL] regarding transfer of this case.  Pursuant to the Memorandum

Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [16-1] be, and is

hereby, granted.  The Clerk of this Court is directed to mail the court file along with a certified

copy of this order and the state court record to the Clerk for the Circuit Court of Jasper County,

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than

May 24, 2004.  It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until

the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jasper

County, Mississippi, and that transfer of this matter shall not be effected until that time.  It is

further,

ORDERED AND ADJUDGED that the associated motion to stay [4-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED, this the 10th day of May, 2004.


UNITED STATES SENIOR DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUN - 9 2004

LAMAR BROWN, *ET AL.*                                          **PLAINTIFFS**

VERSUS                                         CIVIL ACTION NO. 1:03cv812GRo

HONEYWELL INTERNATIONAL, INC.;
*ET AL.*
                                                               **DEFENDANTS**

## O R D E R

This cause comes before the Court on motion of the Defendants Ford Motor Company
[Ford] and DaimlerChrysler Corporation [DaimlerChrysler] to reconsider [27-1] the order of
remand entered in this case on May 10, 2004. "The Federal Rules do not recognize a 'motion for
reconsideration' *in haec verba.*" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir.
1994) *(en banc)*. Regardless, if the motion is served within ten days of the rendition of
judgment, the motion is considered as a "motion for 'relief from judgment'" and falls under Rule
59(e). If it is served after that time, it falls under Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d
341, 347 (5th Cir. 1991). The motion to reconsider, filed on May 24, 2004, falls within the time
limits of Rule 59(e).

According to the Defendants the Court disregarded certain case law from the Fifth Circuit
Court of Appeals in reaching its decision to remand. (Mot. to Recons., p. 1.) Accordingly, the
Defendants argue that reconsideration is necessary to correct clear errors of law and to prevent
manifest injustice. (*Id.*, p. 2.) Despite the Defendants' arguments to the contrary, the Court finds
that none of the factors set out in Rule 59 is involved in this case and no basis to alter the Court's

previous ruling is present in the motion.  For this reason, the Court finds that the motion for

reconsideration should be denied.  *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 -9 (5th

Cir. 2002).  It is therefore,

ORDERED AND ADJUDGED that the Defendants' motion for reconsideration [27-1]

be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the Court's order of remand filed on May 10, 2004,

in the above styled and numbered cause be and is hereby in all respects to remain in full force

and effect.  It is further,

ORDERED AND ADJUDGED that the Clerk immediately remand this case as directed

within the May 10, 2004, order.  It is further,

ORDERED AND ADJUDGED that each party is to bear their respective costs in

association with this motion.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2004.

UNITED STATES SENIOR DISTRICT JUDGE

2