ORIGINAL

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Come now plaintiffs in D.C.N.M.I. Civil Nos. 03-0031, 03-0032, 03-0033, and 03-0034 and move this Panel for its order vacating the conditional transfer order entered May 7, 2004 on the grounds set forth in the brief filed herewith.

This motion is made pursuant to Rule 7.4(d) Rules of Procedure of the Judicial Panel on Multidistrict Litigation and based upon the brief filed herewith and the files and records of these cases.

Dated this 3rd day of June, 2004.

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

DOUGLAS F. CUSHNIE
P.O. Box 500949
Saipan MP 96950
Tel. (670) 234-6830/6843
Fax. (670) 234-9723

OFFICIAL FILE COPY   IMAGED JUN 1 0 '04

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL
TRANSFER ORDER

<u>Background of Litigation</u>:

Civil Actions No. 03-0031, 03-0032, 03-0033, and 03-0034 were filed in the

United States District Court for the Northern Mariana Islands on August 19, 2003.

Plaintiffs are all residents and citizens of the Republic of the Philippines.  Defendants are

various companies alleged to have been involved in the manufacture ,sale and distribution

of asbestos and asbestos products which plaintiffs used or were exposed to in the

Philippines.  Jurisdiction was alleged under the diversity jurisdiction of the District Court

28 U.S.C. § 1331.  Most defendants have been served and several answers have been

filed.  One motion to dismiss was pending but has been taken off calendar.  Plaintiffs

filed  motions to file amended complaints alleging both jurisdiction and a cause of action

pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350.  The motions are scheduled to

be heard August 12, 2004.  Discovery has not begun.

Argument:

1.  The basis for the multidistrict litigation process and the conditional transfer order sought to be vacated here are common questions of fact.  It is the position of movants here that with one exception these cases do not provide the common question of fact, and that transfer of these four cases will create very great and avoidable hardships on plaintiffs.

2.  The common question of fact which is conceded here is that the pathology of asbestos caused diseases is likely similar in all those so afflicted.

3.  Unlike what is believed to be the overwhelming majority of plaintiffs in the pending asbestos litigation, plaintiffs here are not U.S. citizens and as such have both a jurisdictional basis for their claims and  a cause of action pursuant to the Alien Tort Claims Act, 28 U.S.C. § 1350.  See *Re Estate of Ferdinand Marcos, Human Rights Litigation,* 25 F.3d 1467, 1474-1475 (9th Cir. 1994).

4.  Unlike asbestos litigation emanating totally within the United States, the additional allegations in plaintiffs' amended complaints are that defendants are in violation of international law, the law of nations, and treaties of the United States.  This raises factual issues not believed to be present in the current asbestos products liability litigation.

5.  Discovery in these cases has not begun.  Virtually all of the discovery both with respect to plaintiff's condition, and exposure to defendants' products will occur in the

-2-

Philippines, or in the district where the suit was filed.  The extra costs and time involved

in assisting plaintiff's over such long distances, and quickly resolving discovery issues

and the taking of depositions in a foreign country will only be compounded by removal of

these cases to the Eastern District of Pennsylvania.

6.  Once these cases are ready for trial, shipping the plaintiff's and their witnesses

to Pennsylvania will most likely be prohibitively expensive, thereby denying them access

to United States courts to remedy a problem plaintiffs' allege were caused by American

companies.

Conclusion

Based upon the foregoing, plaintiffs' request that the conditional transfer order

entered May 7, 2004 be vacated and the four civil actions at issue here be permitted to

remain before the District Court for the Northern Mariana Islands.

Dated this 3rd day of June, 2004.

Respectfully Submitted,

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs
Dominador Javier, Romeo Pascua,
Soledad Pascua, Rochelio Echon,
Carmelita Echon, Jose Reandino,
Leticia E. Reandino

DOUGLAS F. CUSHNIE

-3-

P.O. Box 500949
Saipan MP 96950
Tel. (670) 234-6830/6843
Fax. (670) 234-9723

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

SCHEDULE

A.  Parties:

Plaintiff:

> Dominador Javier.

Defendants:

> (1) Owens-Illinois, Inc., a Ohio Corporation;
>
> (2) Rapid-American Corporation as successor in interest to Philip Carey Corporation, Carey Canada, Panacon, Bricks Manufacturing Company, and in its own rights as Rapid-American Corporation, a Delaware Corporation;
>
> (3) Westinghouse Electric Corporation, a Pennsylvania Corporation;
>
> (4) Flintkote Company, a Massachusetts Corporation;
>
> (5) Kaiser Gypsum Company, Inc., a Washington Corporation;
>
> (6) Soco-Western Chemical Corporation, a Delaware Corporation;
>
> (7) Georgia-Pacific Corporation, a Georgia Corporation;
>
> (8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in interest to Allied Corporation, successor in interest to The Bendix Corporation, a Delaware Corporation;

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2004 JUN -9  P 1: 56
RECEIVED
CLERK'S OFFICE

1

(9) The Dow Chemical Company, a Delaware Corporation, the successor in interest to Union Carbide Corporation;

(10) Amchem Products, Inc., successor to Benjamin Foster Company, a foreign corporation;

(11) Owens Corning, formerly known as Owens-Corning Fiberglass Corporation, a Delaware corporation;

(12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

(13) The Babcock & Wilcox Company, a Delaware corporation;

(14) Foster Wheeler Corporation, a Delaware corporation;

(15) The Lynch Co., Inc., a Hawaii corporation;

(16) John Crane, Inc., a Delaware corporation;

(17) Garlock, Inc., an Ohio corporation;

(18) Combustion Engineering, Inc., a Delaware corporation;

(19) Metropolitan Life Insurance Company, a New York corporation; Defendant

(20) Armstrong World Industries, Inc., formerly known as Armstrong Cork Company, a Pennsylvania corporation;

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to Ruberoid Company, a Delaware corporation;

(22) Asbestos Claims Management Corporation, Successor-In-Interest to National Gypsum Company, Inc. a corporation;

2

(23) United States Gypsum Company, a Delaware corporation;

(24) A.P. Green Industries, Inc., a Delaware corporation;

(25) Quigley Company, Inc., a New York corporation;

(26) Flexitallic, Inc., a Delaware corporation;

(27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak
Corporation, a foreign corporation;

(28) Dresser Industries, Inc., a Delaware corporation, Successor to
Harbison-Walker Refractories Co., a Pennsylvania corporation;
Defendant

(29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

(30) Indresco, Inc. a Delaware corporation;

(31) A.W. Chesterton Company, a Massachusetts corporation;

(32) Fibreboard Corporation formerly known as Fibreboard Paper Products
Corporation, a Delaware corporation.

B. Court:

United States District Court for the Northern Mariana Islands.

C. Civil Action:

No. 03-0031.

D. Judge:

Alex R. Munson, District Judge.

3

Dated this 4th day of June, 2004.

        Respectfully Submitted,

        DOUGLAS F. CUSHNIE
        Attorney for Plaintiff

BY _____

        DOUGLAS F. CUSHNIE
        P.O. Box 500949
        Saipan, MP 96950
        Tel: (670) 234-6830/6843
        Fax: (670) 234-9723

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## SCHEDULE

A.  Parties:

Plaintiffs:

    Romeo Pascua.

    Soledad Pascua.

Defendants:

    (1) Owens-Illinois, Inc., a Ohio Corporation;

    (2) Rapid-American Corporation as successor in interest to Philip Carey Corporation, Carey Canada, Panacon, Bricks Manufacturing Company, and in its own rights as Rapid-American Corporation, a Delaware Corporation;

    (3) Westinghouse Electric Corporation, a Pennsylvania Corporation;

    (4) Flintkote Company, a Massachusetts Corporation;

    (5) Kaiser Gypsum Company, Inc., a Washington Corporation;

    (6) Soco-Western Chemical Corporation, a Delaware Corporation;

    (7) Georgia-Pacific Corporation, a Georgia Corporation;

    (8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in interest to Allied Corporation, successor in interest to The Bendix

1

Corporation, a Delaware Corporation;

(9) The Dow Chemical Company, a Delaware Corporation, the successor in

interest to Union Carbide Corporation;

(10) Amchem Products, Inc., successor to Benjamin Foster Company, a

foreign corporation;

(11) Owens Corning, formerly known as Owens-Corning Fiberglass

Corporation, a Delaware corporation;

(12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

(13) The Babcock & Wilcox Company, a Delaware corporation;

(14) Foster Wheeler Corporation, a Delaware corporation;

(15) The Lynch Co., Inc., a Hawaii corporation;

(16) John Crane, Inc., a Delaware corporation;

(17) Garlock, Inc., an Ohio corporation;

(18) Combustion Engineering, Inc., a Delaware corporation;

(19) Metropolitan Life Insurance Company, a New York corporation;

Defendant

(20) Armstrong World Industries, Inc., formerly known as Armstrong Cork

Company, a Pennsylvania corporation;

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to

Ruberoid Company, a Delaware corporation;

(22) Asbestos Claims Management Corporation, Successor-In-Interest to

2

National Gypsum Company, Inc. a corporation;

(23) United States Gypsum Company, a Delaware corporation;

(24) A.P. Green Industries, Inc., a Delaware corporation;

(25) Quigley Company, Inc., a New York corporation;

(26) Flexitallic, Inc., a Delaware corporation;

(27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak

Corporation, a foreign corporation;

(28) Dresser Industries, Inc., a Delaware corporation, Successor to

Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant

(29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

(30) Indresco, Inc. a Delaware corporation;

(31) A.W. Chesterton Company, a Massachusetts corporation;

(32) Fibreboard Corporation formerly known as Fibreboard Paper Products

Corporation, a Delaware corporation.

B. Court:

United States District Court for the Northern Mariana Islands.

C. Civil Action:

No. 03-0032.

D. Judge:

Alex R. Munson, District Judge.

3

Dated this 4th day of June, 2004.

Respectfully Submitted,

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

BY

DOUGLAS F. CUSHNIE
P.O. Box 500949
Saipan, MP 96950
Tel: (670) 234-6830/6843
Fax: (670) 234-9723

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## SCHEDULE

A.  Parties:

Plaintiffs:

     Rochelio Echon.

     Carmelita Echon.

Defendants:

     (1) Owens-Illinois, Inc., a Ohio Corporation;

     (2) Rapid-American Corporation as successor in interest to Philip Carey

          Corporation, Carey Canada, Panacon, Bricks Manufacturing

          Company, and in its own rights as Rapid-American Corporation, a

          Delaware Corporation;

     (3) Westinghouse Electric Corporation, a Pennsylvania Corporation;

     (4) Flintkote Company, a Massachusetts Corporation;

     (5) Kaiser Gypsum Company, Inc., a Washington Corporation;

     (6) Soco-Western Chemical Corporation, a Delaware Corporation;

     (7) Georgia-Pacific Corporation, a Georgia Corporation;

     (8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in

          interest to Allied Corporation, successor in interest to The Bendix

Corporation, a Delaware Corporation;

(9) The Dow Chemical Company, a Delaware Corporation, the successor in

   interest to Union Carbide Corporation;

(10) Amchem Products, Inc., successor to Benjamin Foster Company, a

   foreign corporation;

(11) Owens Corning, formerly known as Owens-Corning Fiberglass

   Corporation, a Delaware corporation;

(12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

(13) The Babcock & Wilcox Company, a Delaware corporation;

(14) Foster Wheeler Corporation, a Delaware corporation;

(15) The Lynch Co., Inc., a Hawaii corporation;

(16) John Crane, Inc., a Delaware corporation;

(17) Garlock, Inc., an Ohio corporation;

(18) Combustion Engineering, Inc., a Delaware corporation;

(19) Metropolitan Life Insurance Company, a New York corporation;

   Defendant

(20) Armstrong World Industries, Inc., formerly known as Armstrong Cork

   Company, a Pennsylvania corporation;

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to

   Ruberoid Company, a Delaware corporation;

(22) Asbestos Claims Management Corporation, Successor-In-Interest to

National Gypsum Company, Inc. a corporation;

(23) United States Gypsum Company, a Delaware corporation;

(24) A.P. Green Industries, Inc., a Delaware corporation;

(25) Quigley Company, Inc., a New York corporation;

(26) Flexitallic, Inc., a Delaware corporation;

(27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak

Corporation, a foreign corporation;

(28) Dresser Industries, Inc., a Delaware corporation, Successor to

Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant

(29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

(30) Indresco, Inc. a Delaware corporation;

(31) A.W. Chesterton Company, a Massachusetts corporation;

(32) Fibreboard Corporation formerly known as Fibreboard Paper Products

Corporation, a Delaware corporation.

B.  Court:

United States District Court for the Northern Mariana Islands.

C.  Civil Action:

No. 03-0033.

D.  Judge:

Alex R. Munson, District Judge.

3

Dated this 4th day of June, 2004.

Respectfully Submitted,

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

BY _____
DOUGLAS F. CUSHNIE
P.O. Box 500949
Saipan, MP 96950
Tel: (670) 234-6830/6843
Fax: (670) 234-9723

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

DOCKET NO. 875

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**SCHEDULE**

A.  Parties:

Plaintiffs:

Jose Reandino.

Leticia E. Reandino.

Defendants:

(1) Owens-Illinois, Inc., a Ohio Corporation;

(2) Rapid-American Corporation as successor in interest to Philip Carey

Corporation, Carey Canada, Panacon, Bricks Manufacturing

Company, and in its own rights as Rapid-American Corporation, a

Delaware Corporation;

(3) Westinghouse Electric Corporation, a Pennsylvania Corporation;

(4) Flintkote Company, a Massachusetts Corporation;

(5) Kaiser Gypsum Company, Inc., a Washington Corporation;

(6) Soco-Western Chemical Corporation, a Delaware Corporation;

(7) Georgia-Pacific Corporation, a Georgia Corporation;

(8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in

interest to Allied Corporation, successor in interest to The Bendix

1

Corporation, a Delaware Corporation;

(9) The Dow Chemical Company, a Delaware Corporation, the successor in

interest to Union Carbide Corporation;

(10) Amchem Products, Inc., successor to Benjamin Foster Company, a

foreign corporation;

(11) Owens Corning, formerly known as Owens-Corning Fiberglass

Corporation, a Delaware corporation;

(12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

(13) The Babcock & Wilcox Company, a Delaware corporation;

(14) Foster Wheeler Corporation, a Delaware corporation;

(15) The Lynch Co., Inc., a Hawaii corporation;

(16) John Crane, Inc., a Delaware corporation;

(17) Garlock, Inc., an Ohio corporation;

(18) Combustion Engineering, Inc., a Delaware corporation;

(19) Metropolitan Life Insurance Company, a New York corporation;

Defendant

(20) Armstrong World Industries, Inc., formerly known as Armstrong Cork

Company, a Pennsylvania corporation;

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to

Ruberoid Company, a Delaware corporation;

(22) Asbestos Claims Management Corporation, Successor-In-Interest to

2

National Gypsum Company, Inc. a corporation;

(23) United States Gypsum Company, a Delaware corporation;

(24) A.P. Green Industries, Inc., a Delaware corporation;

(25) Quigley Company, Inc., a New York corporation;

(26) Flexitallic, Inc., a Delaware corporation;

(27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak

Corporation, a foreign corporation;

(28) Dresser Industries, Inc., a Delaware corporation, Successor to

Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant

(29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

(30) Indresco, Inc. a Delaware corporation;

(31) A.W. Chesterton Company, a Massachusetts corporation;

(32) Fibreboard Corporation formerly known as Fibreboard Paper Products

Corporation, a Delaware corporation.

B.  Court:

United States District Court for the Northern Mariana Islands.

C.  Civil Action:

No. 03-0034.

D.  Judge:

Alex R. Munson, District Judge.

3

Dated this 4th day of June, 2004.

Respectfully Submitted,

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

BY _____

DOUGLAS F. CUSHNIE
P.O. Box 500949
Saipan, MP 96950
Tel: (670) 234-6830/6843
Fax: (670) 234-9723

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 0 2004

FILED
CLERK'S OFFICE

**DOUGLAS F. CUSHNIE**
**2ND FLOOR, LIM'S BUILDING**
**SAN JOSE VILLAGE**
**P.O. BOX 500949**
**SAIPAN, MP 96950**
**TELEPHONE: (670) 234-6843**
**FACSIMILE: (670) 234-9723**

**BENJAMIN B. CASSIDAY, III**
**5699 KALANIANOLE HWY.**
**HONOLULU, HAWAII 96821**
**TELEPHONE: (808) 220-3200**
**FACSIMILE: (808) 373-7720**

**Attorneys for Plaintiffs**

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## CERTIFICATE OF SERVICE

1. <u>**Dominador Javier v. Owens-Illinois, Inc.**</u>, Civil No. 03-0031-ARM.

2. <u>**Romeo Pascua and Soledad Pascua v. Owens-Illinois, et al.**</u>, Civil No. 03-0032-ARM.

3. <u>**Rochelio Echon and Carmelita Echon v. Owens-Illinois, Inc.**</u>, Civil No. 03-0033-ARM.

4. <u>**Jose Reandino and Leticia E. Reandino v. Owens-Illinois, Inc.**</u>, Civil No. 03-0034-ARM.

I, Douglas F. Cushnie hereby certify that the Notice to Vacate Conditional

Transfer Order and Brief in Support of Motion to Vacate Conditional Transfer Order  were

served upon opposing counsel by placing it in the U.S. mail with postage prepaid on the 4th day of June, 2004, to the their addresses attached hereto.

DATED this 4th day of June, 2004.

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs

# ATTORNEYS AND CLIENTS LIST

Re: Javier v. Owens-Illinois, Inc. - District Court Civil No. 03-0031
    Pascua, et al. v. Owens-Illinois, Inc. - District Court Civil No. 03-0032
    Echon, et al. v. Owens-Illinois, Inc. - District Court Civil No. 03-0033
    Reandino, et al. v. Owens-Illinois, Inc. - District Court Civil No. 03-0034

Timothy H. Bellas
P.O. Box 502845
Bank of Hawaii Bldg., Ste. 203
Puerto Rico, Saipan, MP 96950
Tel: (670) 323-2115
Fax: (670) 323-2117
**Party: Quigley Company, Inc.**

Bruce L. Mailman
White, Pierce, Mailman & Nutting
P.O. Box 505222
Saipan, MP 96950
Tel: (670) 234-6547
Fax: (670) 234-9537
**Party: Foster Wheeler L.L.C.**

Carlsmith Ball LLP
John D. Osborn
Carlsmith Bldg., Capitol Hill
P.O. Box 5241
Saipan, MP 96950-5241
Tel: (670) 322-3455
Fax: (670) 322-3368
**Parties: A.W. Chesterton Company
          and Georgia-Pacific Corporation**

Edward Manibusan
P.O. Box 7934, SVRB
Tun Antonio Apa Road
Fina Sisu, Saipan, MP 96950
Tel: (670) 235-6520
Fax: (670) 235-6522
**Party: John Crane, Inc.**

John L. Petry (CSB #111134)
Morgenstein & Jubelirer LLP
One Market, Spear St. Tower, 32nd Fl.
San Francisco, Ca. 94105
Tel: (415) 901-8700
Fax: (415) 901-8701
**Party: Owens-Illinois, Inc.**

Sidney K. Ayabe
Ayabe, Chong, Nishimoto, Sia
     & Nakamura
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Tel: (808) 537-6119
Fax: (808) 526-3491
**Party: The Dow Chemical Co.**

John S. Nishimoto
Ayabe, Chong, Nishimoto, Sia
     & Nakamura
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii 96813
Tel: (808) 537-6119
Fax: (808) 326-3491
**Party: Rapid American Corp.**

Matthew T. Gregory
Second Floor, V.S. Sablan Bldg.
Chalan Piao
PMB 419, Box 10000
Saipan, MP 96950
Tel: (670) 234-3972
Fax: (670) 234-3973
**Party: Owens-Illinois, Inc.**

Sean E. Frink
Pacific Rim Int'l Bldg., 2nd Floor
P.O. Box 10003, PMB     161
Saipan, MP 96950
Tel: (670) 233-2889
Fax: (670) 234-3230
**Party: The Dow Chemical Co.**

Gregory Baka
5th Floor, Horiguchi Bldg.
P.O. Box 5l48
Saipan, MP 96950
Tel: (670) 234-9314
Fax: (670) 234-9316
**Party: Rapid American Corp.**

Danilo T. Aguilar
P.O. Box 505301
First Floor, Gold Beach Hotel
Beach Road, Garapan
Saipan, MP 96950
**Party: Kaiser Gypsum Co., Inc.**