

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2004

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

MDL-875
E.D. Pennsylvania

RAMON BACA and AGNES BACA,

    Plaintiffs,

v.

Civil Action No. CIV 02 - 1220
D. New Mexico

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY (as
successor in interest to the Atchison,
Topeka & Santa Fe Railway Company),
and OLD ORCHARD INDUSTRIAL
CORPORATION, a corporation, individually
as successor in interest to Vapor Corporation
and Vapor Heating Corporation,

    Defendants.

PLEADING NO. 4182

2004 JUN 14 P 12:20
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

## NOTICE OF OPPOSITION OF
## OLD ORCHARD INDUSTRIAL CORP., INDIVIDUALLY AND AS
## SUCCESSOR-IN-INTEREST TO VAPOR CORPORATION

COMES NOW, Defendant Old Orchard Industrial Corp., Individually and as Successor-in-Interest to Vapor Corporation (hereinafter referred to as "Defendant Vapor"), by its counsel, the law firms of Hatch, Allen & Shepherd and Baker & Lancianese, pursuant to Rule 7.6(f)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and as Notice of its Opposition to the Conditional Remand Order, states as follows:

    1.    Although Defendant Vapor agrees that settlement discussions in this case have not been successful, Defendant Vapor still believes that settlement negotiations could be successful

if Plaintiff furnished any and all original chest X-rays of the Plaintiff and established a mutually agreeable date for the deposition of the Plaintiff.

2.  Although Plaintiff provided a medical records release to this Defendant, Plaintiff's primary medical providers have either stated that they have no chest X-rays or that any chest X-rays have been sent to the Plaintiff and are no longer available. To establish any relationship between asbestos exposure and colon cancer, there must be some radiographic evidence. To date, this Defendant has not been able to obtain any radiographic evidence of asbestos exposure.

3.  This Defendant has requested available dates for the deposition of the Plaintiff. Plaintiff responded by providing dates with less than seven days notice. Due to scheduling conflicts, the dates offered were not agreeable to this Defendant.

4.  If this Defendant is permitted to depose the Plaintiff at a mutually agreeable date and time and if this Plaintiff furnishes the chest X-rays, this Defendant believes that it can then participate in meaningful settlement negotiations.

5.  In addition, this Defendant removed this case to federal court and moved to dismiss the claims against it based on federal preemption under the Locomotive Boiler Inspection Act, 49 U.S.C. § 20701 *et seq*. The issues have been fully briefed in this case.

6.  The same issue has been fully briefed before this Court by various Plaintiffs' firms and General Motors, Railroad Friction Products, the Budd Company, and various other Defendants involved in the asbestos litigation. This Defendant believes that the interests of judicial economy mandate that this case remain before Judge Weiner until such time as he rules on the preemption issue.

7.  Thus, Defendant Vapor respectfully requests that the Judicial Panel on Multidistrict Litigation retain jurisdiction over this matter.

WHEREFORE, for the foregoing reasons, Defendant Old Orchard Industrial Corp., Individually and as Successor-in-Interest to Vapor Corporation, respectfully requests that this Court retain jurisdiction over this matter, not remand the case to the transferor Court, and grant such other relief as this Court deems appropriate.

Respectfully submitted,

HATCH, ALLEN & SHEPHERD, P.A.

By: _____
Jon B. Orndorff
BAKER & LANCIANESE
1108 Third Ave., Suite 300
Huntington, WV 25701
Telephone: (304) 522-6906
Facsimile: (304) 522-6910

and

Robert F. Thorson
Ronald C. Archibeque
HATCH ALLEN & SHEPHERD
P.O. Box 30488
Albuquerque, New Mexico 87190-0488
Telephone: (505) 341-0110
Facsimile: (505) 341-3434
Attorneys for Defendant Old Orchard
Industrial Corp., Individually and as
Successor-in-Interest to Vapor Corporation

06/14/04 MON 11:24 FAX 304 522 6910      BAKER LANCIANESE LAW                                   ☑006
Case MDL No. 875   Document 4185   Filed 06/14/04   Page 4 of 4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 4 2004

FILED
CLERK'S OFFICE

I hereby certify that a true and correct copy of the foregoing pleading was faxed and mailed to all counsel of record as indicated in the attached service list on this 14th day of June, 2004.

John D. Roven
Roven, Kaplan & Wells
2190 N. Loop West, Suite 410
Houston, TX 77018

Michael S. Sanchez, Esq.
Michael S. Sanchez, P.C.
P.O. Box 1297
Los Lunas, NM 87031

Feliz A. Rael, Esq.
Atkinson & Thal, P.C.
201 3rd St. NW #1850
Albuquerque, NM 87102

_____
Jon B. Orndorff, Esq.