MDL 875

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 28 2004
J. T. NOBLIN, CLERK
_____ DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUN 17 2004
FILED
CLERK'S OFFICE

DONNA RAY CULVER, *ET AL.*                                    PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:03cv813GRo

ABEX CORPORATION, *ET AL.*                                    DEFENDANTS

### ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [16-1] the above referenced action to the Circuit Court of Copiah County, Mississippi. Also pending before the Court is the motion to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case filed by Defendants Ford Motor Company and DaimlerChrysler Corporation [Auto Defendants]. Although the date of the filing of the complaint in the instant case and the location of that filing differ from that in *Brown v. Abex Corp.*, Civil Action No. 1:03cv812GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Brown*. The Court, therefore, specifically adopts the legal analysis in *Brown* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Brown*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [16-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Copiah County,

MDL- 875
RECOMMENDED ACTION
VACATE CTO-231 AFTER HS -- 6 ACTIONS
Approved/Date: MJB 6/17/04

**OFFICIAL FILE COPY**
IMAGED JUN 17 '04

Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Copiah County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [2-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID CUTCHINS, *ET AL.*                                           PLAINTIFFS

VERSUS                                       CIVIL ACTION NO. 1:03cv814GRo

ABEX CORPORATION, *ET AL.*                                      DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [15-1] the above referenced action to the Circuit Court of Claiborne County, Mississippi[1]. Also pending before the Court is the motion to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case filed by Defendants Ford Motor Company and DaimlerChrysler Corporation [Auto Defendants]. Although the date of the filing of the complaint in the instant case and the location of that filing differ from those in *Brown v. Abex Corp.*, Civil Action No. 1:03cv812GRo, the legal analysis mirrors the Court's findings in its ruling on the motion for remand in *Brown*. The Court, therefore, specifically adopts the legal analysis in *Brown* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Brown*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [15-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified

---

[1] This case was removed to this court on three prior occasions – see *Cutchins v. Abex*, Civil Action Nos. 1:01cv506GRo; 1:01cv562GRo; and 1:01cv577GRo.

copy of this order and the state court record to the Clerk for the Circuit Court of Claiborne County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Claiborne County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [2-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIAM C. FELLS, ET AL.                                                                                    PLAINTIFFS

VERSUS                                                                                  CIVIL ACTION NO. 1:03cv815GRo

ABEX CORPORATION, ET AL.                                                                                DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [21-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi[1]. Also pending before the Court is the motion to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case; and a motion by the Defendant Minnesota Mining and Manufacturing [3M] to strike [3-1] its joinder to the removal filed by Defendants Ford Motor Company and DaimlerChrysler Corporation [Auto Defendants]. 3M seeks a withdrawal of its joinder in the removal because it is not a named defendant in this case. The Court finds that the motion to strike should be granted.

The legal analysis involved in the remaining issues in this case mirror the Court's findings in its ruling on the motion for remand in *Brown v. Abex Corp.*, Civil Action No. 1:03cv812GRo, although the date of the filing of the complaint in the instant case and the location of that filing differ from that in *Brown*. The Court, therefore, specifically adopts the legal analysis in *Brown* in this case, and based on that reasoning, concludes that the motion to remand in this case should be

---

[1] This case was removed to this court on five prior occasions – see *Fells v. Abex*, Civil Action Nos. 1:01cv125GRo; 1:01cv505GRo; 1:01cv560GRo; 1:01cv570GRo; and 1:01cv578GRo.

granted. Pursuant to the Memorandum Opinion entered in *Brown*, and incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [16-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jefferson County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [2-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that 3M's motion to strike [3-1] be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES KAHO, *ET AL.*            PLAINTIFFS

VERSUS            CIVIL ACTION NO. 1:03cv817GRo

ABEX CORPORATION, *ET AL.*            DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [15-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi[1]. Also pending before the Court is the motion to stay the case [2-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case filed by Defendants Ford Motor Company and DaimlerChrysler Corporation [Auto Defendants].

The legal analysis involved in the issues in this case mirror the Court's findings in ruling on the motion for remand in *Brown v. Abex Corp.*, Civil Action No. 1:03cv812GRo, although the date of the filing of the complaint in the instant case and the location of that filing differ from that in *Brown*. The Court, therefore, specifically adopts the legal analysis in *Brown* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Brown*, and incorporated herein by reference, it is hereby,

---

[1] This case was removed to this Court on four prior occasions – *see Kaho v. Abex*, Civil Action Nos. 1:01cv504GRo; 1:01cv539GRo; 1:01cv557GRo; and 1:01cv579GRo.

23

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [15-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jefferson County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [2-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN DUNLAP, *ET AL.*                                       PLAINTIFFS

VERSUS                                            CIVIL ACTION NO. 1:03cv819GRo

MINNESOTA MINING AND
MANUFACTURING COMPANY, *ET AL.*                      DEFENDANTS

## ORDER

This cause comes before the Court on motion of the Plaintiffs to remand [27-1] the above referenced action to the Circuit Court of Jefferson County, Mississippi[1]. Also pending before the Court is the motion to stay the case [3-1] pending a decision by the Judicial Panel on Multidistrict Litigation [MDL] regarding transfer of this case Defendants Ford Motor Company and DaimlerChrysler Corporation [Auto Defendants].

The legal analysis involved in the remaining issues in this case mirror the Court's findings in ruling on the motion for remand in *Brown v. Abex Corp.*, Civil Action No. 1:03cv812GRo, although the date of filing the complaint in the instant case and the location of that filing differ from that in *Brown*. The Court, therefore, specifically adopts the legal analysis in *Brown* in this case, and based on that reasoning, concludes that the motion to remand in this case should be granted. Pursuant to the Memorandum Opinion entered in *Brown*, and incorporated herein by reference, it is hereby,

---

[1] This case was removed to this Court on two prior occasions – *see Dunlap v. Minnesota Mining & Mfg.*, Civil Action Nos. 1:03cv128GRo, remanded on September 12, 2003; and 1:03cv131GRo, remanded on May 6, 2003.

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [27-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order and the state court record to the Clerk for the Circuit Court of Jefferson County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Jefferson County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that the associated motion to stay [3-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE BROWN and EDDIE J. WILLIAMS                          PLAINTIFFS

VS.

CIVIL ACTION NO. 1:04cv30GRo

ILLINOIS CENTRAL RAILROAD COMPANY                           DEFENDANT

### ORDER

This cause comes before the Court on motions of the Plaintiffs to remand [7-1] the above referenced action to the Circuit Court of Hinds County, Mississippi, and for an award of costs [7-2] associated with the remand motion. Also before the Court are the motions of the Defendant, Illinois Central Railroad Company [IC] to dismiss [3-1]; to transfer the case [4-1] to the Judicial Panel on Multi-District Litigation [MDL]; and to allow remand related discovery [10-1]. Pursuant to the Memorandum Opinion entered in this cause, this date, incorporated herein by reference, it is hereby,

ORDERED AND ADJUDGED that the Plaintiffs' motion to remand [7-1] be, and is hereby, granted. The Clerk of this Court is directed to mail the court file along with a certified copy of this order to the Clerk for the Circuit Court of Hinds County, Mississippi after the expiration of ten days of the entry date of this judgment or by no earlier than June 14, 2004. It is further,

ORDERED AND ADJUDGED that this Court shall retain jurisdiction of this matter until the Clerk has mailed the certified copy of this order to the Clerk for the Circuit Court of Hinds

County, Mississippi, and that transfer of this matter shall not be effected until that time. It is further,

ORDERED AND ADJUDGED that IC's motions to dismiss [3-1]; to transfer the case [4-1] to the MDL; and to allow remand related discovery [10-1] be, and are hereby, denied. It is further,

ORDERED AND ADJUDGED that the Plaintiffs' motion for costs [7-2] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that any party in violation of this order shall be appropriately sanctioned. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs associated with these motions.

SO ORDERED AND ADJUDGED this the 27th day of May, 2004.

_____
UNITED STATES SENIOR DISTRICT JUDGE



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE BROWN and EDDIE J. WILLIAMS          PLAINTIFFS

VS.                                         CIVIL ACTION NO. 1:04cv30GRo

ILLINOIS CENTRAL RAILROAD COMPANY           DEFENDANT

## MEMORANDUM OPINION

This cause comes before the Court on motions of the Plaintiffs to remand [7-1] the above referenced action to the Circuit Court of Hinds County, Mississippi, and for an award of costs [7-2] associated with the remand motion. Also before the Court are the motions of the Defendant, Illinois Central Railroad Company [IC] to dismiss [3-1]; to transfer the case [4-1] to the Judicial Panel on Multi-District Litigation [MDL]; and to allow remand related discovery deadlines and briefing schedules [10-1]. The Court has duly considered the record in this action, in addition to the briefs of counsel, and being fully advised in the premises, concludes as follows.

The Plaintiffs filed a complaint in the Circuit Court of Hinds County, on December 1, 2003, seeking damages following alleged exposure to asbestos containing products. (Removal Notice, Compl.) The Plaintiffs maintain that the complaint states a cause of action under the Federal Employers' Liability Act [FELA]. (Mot. to Remand, p. 1.) The Plaintiffs were employed by David H. Joseph Company [David Joseph] but contend that they were borrowed servants of IC. (*Id.*) According to the allegations of the complaint, IC reserved the right to control David Joseph's operations and actually directed the day-to-day operations of David Joseph employees. (*Id.*; Compl., pp. 1-2.) The Plaintiffs argue that the claims advanced against

IC are valid, because the while employed at David Joseph, the Plaintiffs performed salvage work on rail cars owned by IC. (Mot. to Remand, p. 3.) The work included dismantling freight cars and locomotives exclusively for IC. (*Id.*, Exhs. B-U.) David Joseph utilized land adjacent to the main railroad repair yard which was owned by IC. (*Id.*, Removal Notice, Exh. B.)

According to the affidavits submitted in support of the motion to remand, IC employees would mark particular parts for David Joseph employees to cut from rail cars and those parts would be collected by IC employees and taken to the IC repair yard. (Mot. to Remand, Exhs. B-U.) In addition, the Plaintiffs maintain that IC employees would inspect the rail cars on a daily basis and determine which parts the David Joseph employees should keep. (*Id.*) The Plaintiffs maintain that IC's supervision was so prevalent that David Joseph employees were allegedly informed that they were to use a cutting torch only on the outside of painted lines placed on the rail cars by IC inspectors. (*Id.*) IC inspectors marked cars, wheels, trucks, brake shoes and pins for salvage from the rail cars. (*Id.*, Exhs. D, U, & Q.) According to the Plaintiffs, IC supervision was so complete that David Joseph employees were required to obtain approval from IC employees before disposing of wheels from the rail cars. (*Id.*, Exh. D.) Additionally, certain David Joseph employees were allegedly provided equipment by IC. (*Id.*, Exhs. D, J, K, M, N & T.) Particular parts from the rail cars were specifically sought by IC employees, and IC supervised the digging of a hole by a David Joseph employee on the IC yard using equipment owned by David Joseph. (*Id.*, Exhs. C, F, L, O & U.) According to the Plaintiffs, all this information is relevant to establish whether David Joseph employees can be considered employees of IC under FELA even though they were paid by David Joseph. (Mot. to Remand, p. 6.) The Plaintiffs maintain that they have created a question of fact concerning whether the

2

David Joseph employees were borrowed servants of IC for purposes of FELA, which is sufficient to establish that IC was not fraudulently joined in this case. (*Id.*, p. 9.)

The Defendant contends that the Plaintiffs' FELA claim was advanced merely in an effort to defeat federal jurisdiction. (Def.'s Resp., p. 2.) IC contends that the affidavits presented by the Plaintiffs in support of the motion to remand are conclusional in nature and fail to establish the necessary control required to establish a FELA borrowed servant claim. (*Id.*) In addition, IC filed a motion to dismiss the Plaintiffs' claims against it because the Plaintiffs allegedly cannot establish that they are borrowed servants under FELA. (Mot. to Dismiss, p. 1.) IC maintains that it did not exercise any meaningful control over the day-to-day operations of David Joseph and its employees under the lease between the parties. (*Id.*)

The Defendant submits that the remand motion should be stayed to establish a discovery schedule to allow for limited discovery on the remand issues. (*Id.*) The Defendant also filed a motion to transfer this matter to the United States District Court for the Eastern District of Pennsylvania pursuant to MDL Order 875, asserting that the matter involves multiple defendants seeking damages for asbestos related disease. (Mot. to Transfer, p. 1.) IC contends that remand discovery could be conducted during the time that the case was pending at the MDL. (Def.'s Resp., p. 2.)

## Discussion

It is axiomatic that federal courts are courts of limited jurisdiction, having power only over those cases authorized by the United States Constitution and federal statutes. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). A case may be removed from state to federal court in accordance with the following standard:

3

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441.

In this case the Defendant asserts that the joinder of the FELA claim was fraudulently made to defeat federal jurisdiction. (Def.'s Resp., p. 2.) Fraudulent joinder is established by showing the following: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the nondiverse defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). Under the provisions of 28 U.S.C. § 1445(a), however, a civil action filed "in any state court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. § 51-54, 55-60) may not be removed to any district court of the United States." Federal courts have concurrent original subject matter jurisdiction with state courts for claims brought under FELA but not removal jurisdiction. 45 U.S.C. § 56, 28 U.S.C. § 1445(a).

The complaint in this case specifically refers to 45 U.S.C. § 51, *et seq*. (Compl., pp. 2-4.) Clearly, a federal court lacks removal jurisdiction over a case involving a FELA claim filed in state court, unless it is joined with separate and independent claims over which the federal court exercises exclusive jurisdiction. *Albarado v. Southern Pac. Trans. Co.*, 199 F.3d 762, 765 (5th Cir. 1999). In this case, the Plaintiffs' complaint contains allegations they were employed by IC within the meaning of the borrowed servant term as it is used in FELA. The borrowed servant theory provides that a "servant" (employee) may be loaned or hired by his "master" (employer) for some special purpose to such an extent so as to become the servant of the person to whom he

4

is loaned or hired, and to impose on the latter the usual liabilities of a master, the general or original master being correspondingly relieved. *See Denton v. Yazoo & M.V.R. Co.*, Miss., 284 U.S. 305, 308 (1931). Basically, there are three methods by which a plaintiff can establish his "employment" with a rail carrier for FELA purposes even while that plaintiff is nominally employed by another: the employee could be serving as the borrowed servant of the railroad at the time of his injury; may be acting for two masters simultaneously; or could be a sub-servant of a company that is itself a servant of the railroad. *Kelley v. Southern Pac. Co.*, 419 U.S. 318, 323-4 (1974); *Linstead v. Chesapeake & Ohio RR*, 276 U.S. 28 (1928). Where the evidence of control is in dispute, the case should go to the jury. *Kelley*, 419 U.S. at 331.

The Plaintiffs contend that IC sufficiently directed their daily activities, and the company was so closely involved with IC to establish that the Plaintiffs were borrowed servants of IC. (Mot. to Remand, p. 3.) According to IC, the borrowed servant claim is a fraudulent pleading of facts, because under the terms of the contract between the parties, and the affidavit presented by Rich Hulsey, IC's manager of United States operations for supply management, contends that David Joseph bought rail cars from IC, dismantled them, and then sold parts back to IC. (Def.'s Resp., p. 2; Exh. A, pp. 1-2.) Hulsey claims that David Joseph provided all tools and equipment to its employees for the dismantling jobs. (*Id.*, p. 2.) The evidence of control is conflicting, and the Court concludes that any determination of this issue should be made by a jury.

The Court further concludes that the Plaintiffs' have raised a potentially viable FELA claim which was not removable from state court. The Court, therefore, finds that the Plaintiffs' motion to remand should be granted. This determination renders the Defendant's associated

motions to transfer the case to the MDL, to dismiss, and to conduct remand related discovery moot, and the Court finds that the motions should be denied.

The Plaintiffs seek an award of costs and expenses, including attorneys fees, incurred as a result of the removal. *See* 28 U.S.C. § 1447(c). The Court finds nothing within the motion to merit an award of fees to either party as a result of the removal. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

### Conclusion

For the aforementioned reasons, the Court finds that the Plaintiffs' motion to remand [7-1] the above referenced action to the Circuit Court of Hinds County, Mississippi, should be granted. The Court further finds that the Plaintiffs' motion for costs [7-2] and the Defendant's motions to dismiss [3-1], to transfer the case [4-1] to the MDL; and to allow remand related discovery [10-1] should be denied as moot. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear their respective costs in connection with this motion.

This the 27th day of May, 2004.

UNITED STATES SENIOR DISTRICT JUDGE