MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2004

FILED
CLERK'S OFFICE

PLEADING NO. 4189

# HENDLERLAW

June 16, 2004

<u>Via CM/RRR # 7182 6281 9090 0000 1789</u>
Michael J. Beck, Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, DC  20002

*Re:   **Louis Barletta and Mary Jane Barletta v. Congoleum Corporation, et al.**, Civil
No. 2-04-CV-00647-WGB-MCA
In Re: Asbestos Products Liability Litigation (No. VI), MDL-875*

Dear Mr. Beck:

Along with Fred Gerson of D'Alessandro, Jacovino, & Gerson, Esqs., our firm represent the plaintiffs, Louis Barletta and Mary Jane Barletta, in the above-styled matter. This case is pending in the U.S. District Court for the District of New Jersey, pending the Judicial Panel on Multi-District Litigation's ruling on Plaintiffs' Motion to Vacate the Conditional Transfer Order to the MDL Panel.[1]

I am writing to supplement the record with additional information relevant to the MDL panel's determination of Plaintiffs' Motion to Vacate. On April 13, 2004, the MDL Panel released an opinion in *In re Ephedra Product Liability Litigation*, MDL-1598, which held that transfer to the MDL Panel is not appropriate under 28 U.S.C. §157(b)(5) when a bankruptcy case is pending in another district. A copy of this Order was just obtained by Plaintiffs' counsel yesterday and is attached to this letter.

The Barlettas' lawsuit was filed in New Jersey state court and was removed to federal court for the District of New Jersey by defendant Stepan Company. The bankruptcy proceeding against Congoleum Corporation, another defendant in this case, is

---

[1] The Motion to Vacate was filed on June 7, 2004, and a Motion to Remand was filed in the District Court of New Jersey on March 11, 2004.

816 CONGRESS AVENUE, SUITE 1230, AUSTIN, TEXAS 78701
TELEPHONE: 512.439.3200, FACSIMILE: 512.439.3201

445 PARK AVENUE, 10TH FLOOR, NEW YORK, NEW YORK 10022
TELEPHONE: 917.322.2505, FACSIMILE: 917.322.2506
WWW.HENDLERLAW.COM

OFFICIAL FILE COPY
IMAGED JUN 22 '04

# HENDLERLAW

pending in the U.S. Bankruptcy Court for the District of New Jersey before Judge Ferguson. *In re Congoleum Corporation*, Case No. 03-51524-KCF. Applying the MDL's reasoning in *In Re Ephedra* to this case, Section 157(b)(5) precludes transfer to the MDL Panel as the case <u>must</u> be heard in either "the district in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." As the Congoleum bankruptcy case is pending in the District of New Jersey, Section 157 requires that the District Court of New Jersey retain jurisdiction over the Barlettas' personal injury claim (pending its ruling on any motion to remand). Accordingly, transfer to the MDL court is prohibited under the statute, in addition to the reasons previously stated in Plaintiffs' Motion to Vacate.

I appreciate the Court's time and consideration of this matter.

Respectfully submitted,
THE HENDLER LAW FIRM, P.C.

*Ketan U. Kharod*

Ketan U. Kharod

cc:  Hon. William G. Bassler, U.S. District Court (via CM/RRR)
Mr. Joseph Rasnek (via CM/RRR)
Mr. Frederick Gerson (via facsimile)

HPR-13-2004 14:05 JUDGE RAKOFF P.03
Case MDL No. 875   Document 4189   Filed 06/22/04   Page 3 of 8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 3 2004

JUDICIAL PANEL ON
CLERK'S OFFICE MULTIDISTRICT LITIGATION

JUN 2 2 2004

FILED
CLERK'S OFFICE

RELEASED FOR PUBLICATION

DOCKET NO. 1598

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE EPHEDRA PRODUCTS LIABILITY LITIGATION

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation presently consists of fifteen actions: three actions each in the Northern and Eastern Districts of Texas, two actions in the Southern District of Texas, and one action each in the Southern District of California, the Middle District of Georgia, the Eastern District of Kentucky, the District of Massachusetts, the Southern District of Ohio, the Western District of Pennsylvania, and the Western District of Texas.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by plaintiffs in twelve of the fifteen actions now before the Panel to centralize these actions for coordinated or consolidated pretrial proceedings in the Southern District of Ohio. Most responding plaintiffs or interested party plaintiffs agree that centralization is appropriate, but differ on the most appropriate choice of transferee district.[2] All responding defendants or interested party defendants oppose centralization;[3] Nutraquest and the Twinlab defendants also specifically oppose inclusion of any personal injury or wrongful death actions

---

* Judges Selya and Motz did not participate in the decision of this matter.

[1] The Panel has been notified that an additional action included on the Section 1407 motion, *Sherry Cox, etc. v. Metabolife International, Inc.*, S.D. Ohio, C.A. No. 1:01-643, was dismissed with prejudice on January 27, 2004. Accordingly, the question of Section 1407 centralization with respect to this action is moot.

The Panel has also been notified by various parties that approximately 200 potentially related actions have already been filed in federal districts throughout the United States. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

[2] Plaintiffs in some potentially related actions oppose inclusion of their actions in MDL-1598 proceedings, because of the allegedly advanced stage of proceedings in their respective actions.

[3] Metabolife International, Inc.; The Chemins Company, Inc.; Vitaquest International, Inc.; NVE, Inc.; Cytodyne International, LLC; Cytodyne, LLC; Cytodyne I, LLC; Phoenix Laboratories, Inc.; General Nutrition Companies; Nutraquest, Inc. (Nutraquest) (formerly known as Cytodyne Technologies, Inc.); RS OLDCO, Inc. (formerly known as Rexall Sundown, Inc.); RL OLDCO, Inc. (formerly known as Richardson Labs, Inc.); Herbalife International; Natural Balance, Inc.; MuscleTech Research & Development, Inc.; Nutramerica Corporation; Trim Spa Corporation; Goen Technologies Corporation; Weight Loss Labs, Inc.; Goen Group; Alexander Szynalski; Albert M. Fleischner; Nittany Pharmaceuticals; and Twinlab Corporation, Twin Laboratories Inc. and Twin Laboratories (UK) Ltd. (collectively referred to as the Twinlab defendants).

- 2 -

against them in MDL-1598 proceedings in light of the fact that these actions have been ordered transferred under 28 U.S.C. § 157(b)(5) from the federal districts in which these actions or related actions are pending to the District of New Jersey and the Southern District of New York, respectively. Other transferee districts suggested by plaintiffs or, in the alternative, by defendants include the Northern District of Alabama, the Southern District of California, the Northern District of Illinois, the District of Minnesota, the Southern District of New York, the Eastern District of Pennsylvania and the Southern District of Texas.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each defendant should produce a different result in order to avoid an unwieldy situation. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We note that the MDL-1598 transferee court can employ various pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378, 1384-85 (J.P.M.L. 1974).

In light of the January 22, 2004 order transferring under Section 157 personal injury/wrongful death actions brought against Nutraquest to the District of New Jersey, coupled with the entire circumstances presently before us, inclusion of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, in MDL-1598 proceedings is not appropriate at this time. We note that all of the New Jersey Nutraquest actions are currently stayed and Judge Garrett E. Brown is in the process of establishing a procedure for the efficient management of these actions.

Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this nationwide litigation, the Panel has decided to entrust this litigation to Judge Jed S. Rakoff in the Southern District of New York who is already presiding over the Twinlab personal injury/wrongful death actions in connection with the Twinlab defendants' bankruptcy proceedings. We note that Judge Rakoff is in the process of establishing procedures for the conduct of the more than 60 actions brought against the Twinlab defendants. Thus, he is in the best position to coordinate MDL-1598 pretrial proceedings with the New York Twinlab actions, and – if appropriate – to informally coordinate

- 3 -

the MDL-1598 actions and the New York Twinlab actions with the New Jersey Nutraquest actions pending before Judge Brown in order to achieve the goals of economy and efficiency which are hallmarks of both Sections 1407 and 157.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions on the attached Schedule A are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for coordinated or consolidated pretrial proceedings.

IT IS FURTHER ORDERED that transfer under Section 1407 of *Angela Bennett v. Cytodyne Technologies Inc., et al.*, S.D. Ohio, C.A. No. 1:03-451, is denied.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

## MDL-1598 -- In re Ephedra Products Liability Litigation

### Southern District of California

*Joanne Marlow, et al. v. Metabolife International, Inc.*, C.A. No. 3:01-2306

### Middle District of Georgia

*Margo A. Durrance, etc. v. Royal Numico, N.V., et al.*, C.A. No. 6:03-29

### Eastern District of Kentucky

*Stephanie Turner, etc. v. Rexall Sundown, Inc.*, C.A. No. 2:01-197

### District of Massachusetts

*George W. Winsor, etc. v. Metabolife International, Inc., et al.*, C.A. No. 1:02-10387

### Western District of Pennsylvania

*Shelli Schlafhauser, et al. v. Metabolife International, Inc., et al.*, C.A. No. 2:02-1450

### Eastern District of Texas

*Sandra G. Sinegal v. Metabolife International, Inc., et al.*, C.A. No. 1:03-92
*Mario Ochoa v. Metabolife International, Inc., et al.*, C.A. No. 4:03-371
*Bobbie J. Barnett v. Metabolife International, Inc., et al.*, C.A. No. 6:03-227

### Northern District of Texas

*Robert Donald Terrell v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1013
*Gary Townsend v. Metabolife International, Inc., et al.*, C.A. No. 3:03-1353
*Teresa Villareal v. Metabolife International, Inc., et al.*, C.A. No. 4:03-606

### Southern District of Texas

*Ruth J. English v. Metabolife International, Inc, et al.*, C.A. No. 4:03-5387
*Sandra Lee Parker v. Metabolife International, Inc., et al.*, C.A. No. 4:03-5419

### Western District of Texas

*Douglas Risley v. Metabolife International, Inc., et al.*, C.A. No. 3:03-395

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of a letter to Michael Beck, Clerk of the MDL Panel with attached Release Order has been served upon the MDL Panel Service list (see attached) via Certified Mail, Return Receipt Requested on this, the 21st day of June, 2004.

*[signature]*

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2004 JUN 22 A 6: 46

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-233)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Louis Barletta, et al. v. Congoleum Corp., et al.*, D. New Jersey, C.A. No. 2:04-647

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Frederick E. Gerson
D'Alessandro, Jacovino & Gerson
147 Columbia Turnpike
P.O. 340
Florham Park, NJ 07932-0340

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Joseph D. Rasnek
Carpenter, Bennett & Morrissey
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406