JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER 233**

Respondent, The Dow Chemical Company, defendant in the district court proceedings

and respondent before the Judicial Panel on Multidistrict Litigation ("Panel"), hereby submits the

following Response in Opposition to Plaintiffs' Motion to Vacate the Panel's Condition Transfer

Order ("CTO") 233.

## INTRODUCTION

The cases subject to this motion to vacate are routine asbestos personal injury actions

filed in the Federal District Court for the Northern Mariana Islands.  Plaintiffs' original

complaints, like their recently filed proposed amended complaints, allege that Plaintiffs were

injured as a result of exposure to asbestos-containing products manufactured, sold or distributed

by defendants.  See, e.g., Compl., attached as Ex. A; Plfs.' Proposed Am. Compl., attached as

Ex. B.  Respondent moved the Panel to transfer the cases as tag along actions to the Federal

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1407, the Panel's

decision in In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415 (J.P.M.L.

1991), and Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).  The Panel issued its CTO-

233 on May 7, 2004, conditionally transferring the cases.

OFFICIAL FILE COPY IMAGED JUN 25 '04

Plaintiffs now seek to vacate CTO-233 on the ground that 1) their proposed amended complaints seek to include a novel legal claim, namely, that the defendants' allegedly tortious conduct violates the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"), and 2) that discovery and trial in Pennsylvania would be unduly burdensome. The Panel has considered and rejected similar arguments in the past. As Plaintiffs offer no compelling reason for the Panel to depart from established practice, and, indeed, as Plaintiffs misconstrue the very nature of transfer, Plaintiffs' motion to vacate should be denied.

## ARGUMENT

1.    Respondent denies that Plaintiffs' claims do not involve common questions of fact. Respondent further denies that transfer of these cases will create substantial hardship.[1]

2.    Respondent agrees that Plaintiffs' alleged injuries from asbestos are similar to other cases in MDL 875. Respondent denies the implication that the injury is the only similarity. Plaintiffs' complaints and proposed amended complaints allege that Plaintiffs were injured as a result of exposure to asbestos-containing products manufactured, sold or distributed by defendants. See Compl. at 6-9, ¶¶ 6-9; Plfs.' Proposed Am. Compl. at 6-7, ¶¶ 6-10.

3.    Plaintiffs' effort to distinguish their asbestos claims from other cases in MDL 875 is unavailing. Plaintiffs seek to carve out an exception to transfer based on their citizenship status as aliens (which Respondent concedes for purposes of this motion only) and on their attempt to add, in a proposed amended complaint, novel claims under the Alien Tort Claims Act to their conventional tort claims. See Motion to Vacate at 2, ¶¶ 3-4. The Panel has, however, consistently rejected arguments that the uniqueness of a party's status or claims is sufficient to

---

[1]    Because Plaintiffs have failed to limit their numbered paragraphs to single factual averments, as required by Rule 7.1(a), Respondent cannot fairly answer Plaintiffs' numbered paragraphs with a single corresponding paragraph. Respondent has, to the best of its ability, attempted to respond to Plaintiffs' arguments in the order they are presented.

preclude transfer. See In re Asbestos Products Liability Litigation (No. VI), 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) ("[I]n the Panel's original decision distinctions based on such matters as ... the uniqueness of a party's status ... [or] the presence of unique claims or additional claims not relating to asbestos injury ... were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket."). Thus, even if Plaintiffs' additional ATCA claims were distinguishable from other more conventional tort claims brought in the MDL—and, as explained below, their claims are not unique—that fact would not have any bearing on whether transfer is appropriate.

4.   Respondent denies that Plaintiffs' ATCA claim is unique. Even if the uniqueness of a claim were sufficient to frustrate transfer, Plaintiffs' claims are hardly unique. Plaintiffs' proposed amendments simply tack on an ATCA claim in addition to their conventional tort claims. The additional ATCA claim is not based on any unique facts. Indeed, the conduct that forms the basis of Plaintiffs' ATCA claim is exactly the same conduct that allegedly supports their other tort claims. The only novelty is the allegation that these conventional torts also violate unspecified international law and unknown treaties. But whether defendants' allegedly tortious conduct violates international law is hardly the sort of issue that requires the parties and the courts to sacrifice the advantages of consolidation in the MDL. Most, if not all, of the pretrial matters will remain the same, with or without the ATCA claims. Moreover, if any court is competent to rule on the question of whether the manufacture, sale or distribution of asbestos-containing products violates any international law, it is the federal asbestos MDL. Such a ruling by the MDL—if necessary—would avoid "duplication of pretrial effort, inconsistent rulings, and waste of the transferee court's experience and expertise." In re Asbestos Products Liability Litigation (No. VI), 2001 WL 1042562 (J.P.M.L. Aug. 29, 2001).

5.   Indeed, though the ATCA claim is not yet part of the action since leave to amend has not been granted, it is worth noting that the ATCA serves chiefly as a vehicle for aliens to recover for violations of international human rights law, not conventional domestic torts like those alleged here. See Bigio v. Coca-Cola Co., 1998 WL 293990 *2 (S.D.N.Y), rev'd on other grounds, 239 F.3d 440 (2d Cir.2001) (stating that "[c]ourts have found that ordinary torts like the claims of trespass and conversion asserted here are not part of the law of nations."); Benjamins v British European Airways, 572 F2d 913, 51 (2d Cir.1978) cert denied 439 U.S. 1114 (holding that claims sounding in negligence for the crash of an international airliner did not create federal jurisdiction under the ATCA because whatever wrongs may have been committed by the airline did not violate the law of nations); Amlon Metals, Inc. v FMC Corp., 775 F. Supp. 668, (S.D.N.Y. 1991) (holding that the exportation of harmful and dangerous pollutants did not constitute a tort in violation of the "law of nations" as required for jurisdiction under the ATCA); *Trans-Continental Invest. Corp. v. Bank of the Commonwealth*, 500 F. Supp. 565 (C.D. Cal 1980) (granting motion to dismiss and rejecting plaintiff's argument that the ATCA applied because "fraud is a universally recognized tort.").

6.   Furthermore, Plaintiffs have not only failed to specify what particular international law or United States treaty has been violated, they also failed to alleged whether defendants acted under color of official authority, as required to state a claim under the ATCA. *Trajano v. Marcos,* 978 F.2d 493, 501-02 (9th Cir. 1992) .("[O]nly individuals who have acted under official authority or under color of such authority may violate international law.")(citing *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 791-95 (D.C. Cir 1984)).  Whether or not leave to amend is granted, the deficiencies in the proposed claim indicate that the ATCA claim adds little of substance to the complaint and does not provide any basis to avoid transfer.

7.     Respondent denies that transfer will frustrate discovery.  Plaintiffs' position that transfer will frustrate discovery by requiring "extra cost and time" in "assisting plaintiff's [sic] over such long distances, [and in] quickly resolving discovery issues and the taking of depositions in a foreign country" (Motion to Vacate at 3, ¶5) ignores the realities of asbestos litigation in the federal MDL program.  As the Panel has observed in response to arguments like Plaintiffs':

> [S]ince § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise.  Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district.

In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. at 422 (citations omitted).

8.     Respondent denies that transfer will make trial of Plaintiffs' cases unduly burdensome.  Plaintiffs misapprehend the nature of multidistrict transfer in arguing that transfer will create hardship in the trial of their cases.  Under 28 U.S.C. § 1407, cases are transferred to the MDL court for "coordinated or consolidated pretrial proceedings," not for trial.  Thus, Plaintiffs' argument that "shipping the plaintiff's [sic] and their witnesses to Pennsylvania [for trial] will most likely be prohibitively expensive" (Motion to Vacate at 3, ¶6) is simply wrong.

9.     In sum, Plaintiffs have failed to establish any legitimate reason why transfer of their asbestos cases is inappropriate and their motion to vacate CTO-233 should be denied accordingly.

## CONCLUSION

For the foregoing reasons, respondent THE DOW CHEMICAL COMPANY respectfully requests that the Judicial Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 233.

Dated: June 23, 2004                                THE DOW CHEMICAL COMPANY


_____

Daniel L. Ring
Jon M. Juenger
MAYER, BROWN, ROWE & MAW, LLP
190 South LaSalle Street
Chicago, Illinois 60603
(Tel.) (312) 782-0600
(Fax) (312) 701-7711

Gail Kang
AYABE, CHONG, NISHIMOTO, SIA &
NAKAMURA, LLP
Pauahi Tower, Suite 2500
1001 Bishop Street
Honolulu, Hawaii, 96813
(Tel.) (808) 537-6119
(Telecopier) (808) 526-3491

Sean Frink
THE LAW OFFICE OF SEAN FRINK
PMB 161, Box 10003
Saipan, MP 96950
(Tel.) (670) 233-2889
(Fax.) (670) 234-3230

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 2 4 2004

FILED
CLERK'S OFFICE

*Dominader Javier vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-31
*Romeo Pascua, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-32
*Rochello Echon, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-33
*Jose Reandino, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-34

**NOTICE OF FILING**

TO:     SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on ___June 23, 2-4___, the undersigned caused to be filed with the Before the Judicial Panel on Multidistrict Litigation, the **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 233**, copies of which are attached hereto and served upon you.

Respectfully submitted

The Dow Chemical Company

Dated: June 23, 2004                    By: _____
                                         One of One of Its Attorneys

Daniel L. Ring
Jon M. Juenger
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL  60603
(312) 782-0600

<u>**CERTIFICATE OF SERVICE**</u>

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I, Jon M. Juenger, an attorney, certify that I served the **NOTICE OF FILING**, and JUN 2 4 2004

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE**

FILED
CLERK'S OFFICE

**CONDITIONAL TRANSFER ORDER 233** by U.S. mail delivery upon all counsel of record

on the attached service list in this matter.

Jon M. Juenger

RECEIVED
CLERK'S OFFICE
2004 JUN 24  A 11: 37
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**SCHEDULE OF ACTIONS / PANEL SERVICE LIST (EXCERPTED FROM CTO-233)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Dominader Javier vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-31
*Romeo Pascua, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-32
*Rochello Echon, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-33
*Jose Reandino, et al. vs. Owens-Illinois, Inc., et al., D. North Mariana Islands*, CA. No. 1:03-34

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Douglas F. Cushnie
2nd Floor, Lim's Building
San Jose Village
P.O. Box 500949
Saipan, MP 96950

David A. Damico
Burns, White & Hickron
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Maine Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greltzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schustor
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Salman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

1

**DOUGLAS F. CUSHNIE**
**2ND FLOOR, LIM'S BUILDING**
**SAN JOSE VILLAGE**

2

3

**P.O. BOX 500949**
**SAIPAN, MP 96950**

4

**TELEPHONE: (670) 234-6843**
**FACSIMILE: (670) 234-9723**

5

6

**BENJAMIN B. CASSIDAY, III**
**5699 KALANIANAOLE HWY.**

7

**HONOLULU, HAWAII 96821**
**TELEPHONE: (808) 220-3200**
**FACSIMILE: (808) 373-7720**

8

**Attorneys for Plaintiff**

9

10

**UNITED STATES DISTRICT COURT**

11

**FOR THE**
**NORTHERN MARIANA ISLANDS**

12

**DOMINADOR JAVIER,**                    )   **CIVIL ACTION NO.**

13

    **Plaintiffs,**                       )
                                          )   **CV 03-0031**

14

        **vs.**                          )
                                          )

15

**OWENS-ILLINOIS, INC., an Ohio**        )

16

**Corporation, GARLOC, INC., an Ohio**   )
**Corporation, RAPID-AMERICAN**          )

17

**CORPORATION, as successor in**         )
**interest to PHILIP CAREY**             )

18

**CORPORATION, CAREY CANADA,**           )   **COMPLAINT**
**PANACON, BRICKS MFG., CO., and**       )

19

**in its own rights as RAPID-**          )
**AMERICAN CORPORATION, a**              )

20

**Delaware Corporation; VIACOM**         )
**INC, successor by merger to CBS**      )

21

**CORPORATION, fka WESTING-**            )
**HOUSE ELECTRIC CORPORATION,**          )

22

**a Pennsylvania Corporation;**          )
**FLINTKOTE COMPANY, a**                 )

23

COPY of
Original Filed
on this date

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Clerk  JUN 2 4 2004
District Court
For The Northern Mariana Islands
FILED
CLERK'S OFFICE

RECEIVED
CLERK'S OFFICE
2004 JUN 24 P 3: 59
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**Exhibit A**

1

GYPSUM COMPANY, INC., a )
Washington Corporation; SOCO- )
WESTERN CHEMICAL )
CORPORATION, a Delaware )
Corporation; GEOGIA-PACIFIC )
CORPORATION, a Georgia )
Corporation; HONEYWELL )
INTERNATIONAL, INC., fka )
ALLIED-SIGNAL, INC., successor )
in interest to ALLIED )
CORPORATION, successor in interest )
to THE BENDIX CORPORATION, )
a Delaware Corporation; the DOW )
CHEMICAL COMPANY, a Delaware )
Corporation, the successor in interest )
to UNION CARBIDE )
CORPORATION; AMCHEM )
PRODUCTS, INC., successor to )
BENJAMIN FOSTER COMPANY, a )
Foreign Corporation, OWENS )
CORNING, formerly known as )
OWENS-CORNING FIBERGLASS )
CORPORATION, a Delaware )
corporation; PITTSBURGH )
CORNING CORPORATION, a )
Pennsylvania corporation; THE )
BABCOCK & WILCOX COMPANY, )
a Delaware corporation; FOSTER )
WHEELER CORPORATION, a )
Delaware corporation; THE LYNCH )
CO., INC., a Hawaii corporation; )
JOHN CRANE, INC., a Delaware )
corporation; GARLOCK, INC., an )
Ohio corporation; COMBUSTION )
ENGINEERING, INC., a Delaware )
corporation; METROPOLITAN LIFE )
INSURANCE COMPANY, a New York )
corporation; ARMSTRONG WORLD )
INDUSTRIES, INC., formerly known )
as ARMSTRONG CORK COMPANY, )

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

2

1     a Pennsylvania corporation,                    )
      GAF CORPORATION, a Delaware                     )
2     corporation, Successor-In-Interest to           )
      RUBEROID COMPANY, a Delaware                    )
3     corporation; ASBESTOS CLAIMS                    )
      MANAGEMENT CORPORATION,                         )
4     Successor-In-Interest to NATIONAL               )
      GYPSUM COMPANY, INC., a                         )
5     corporation; UNITED STATES                      )
      GYPSUM COMPANY, a Delaware                      )
6     corporation; A.P. GREEN                         )
      INDUSTRIES, INC., a Delaware                    )
7     corporation; QUIGLEY COMPANY,                   )
      inc., a New York corporation;                   )
8     FLEXITALLIC, INC., a Delaware                   )
      corporation; A.P. GREEN SERVICES,               )
9     INC., formerly known as BIGELOW-                )
      LIPTAK CORPORATION, a foreign                   )
10    corporation; DRESSER INDUSTRIES,                )
      INC., a Delaware corporation,                   )
11    Successor to HARBISON-WALKER                    )
      REFRACTORIES CO., a Pennsylvania                )
12    corporation; HARBISON-WALKER                    )
      REFRACTORIES CO., a Pennsylvania                )
13    corporation; INDRESCO, INC., a                  )
      Delaware corporation; A.W.                      )
14    CHESTERTON COMPANY, a                           )
      Massachusetts corporation;                      )
15    FIBREBOARD CORPORATION,                         )
      formerly known as FIBREBOARD                    )
16    PAPER PRODUCTS                                  )
      CORPORATION, a Delaware                         )
17    corporation;                                    )
                                                      )
18        Defendants.                                 )
                                                      )
19    _____ )

20

21

22    Comes now Dominador Javier, and for this his complaint states and alleges.

23

3

# FIRST CAUSE OF ACTION

## NEGLIGENCE

1. That this court has jurisdiction of this action pursuant to the diversity jurisdiction of this court, 28 USC §1332 and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Plaintiff Dominador Javier is a citizen and resident of the Republic of the Philippines.

3. Defendant (1) Owens-Illinois, Inc., a Ohio Corporation; Defendant (2) Garlock, Inc., a Ohio Corporation; Defendant (3) Rapid-American Corporation as successor in interest to Philip Carey Corporation, Carey Canada, Panacon, Bricks Manufacturing Company, and in its own rights as Rapid-American Corporation, a Delaware Corporation; Defendant (4) Viacom Inc., successor by merger to CBS Corporation fka Westinghouse Electric Corporation, a Pennsylvania Corporation; Defendant (5) Flintkote Company, a Massachusetts Corporation; Defendant (6) Kaiser Gypsum Company, Inc., a Washington Corporation; Defendant (7) Soco-Western Chemical Corporation, a Delaware Corporation; Defendant (8) Georgia-Pacific Corporation, a Georgia Corporation; Defendant (9) Honeywell International, Inc., fka Allied-Signal, Inc., successor in interest to Allied Corporation, successor in interest to The Bendics Corporation, a Delaware Corporation; Defendant (10) The Dow Chemical Company, a Delaware Corporation, the successor in interest to Union Carbide Corporation; Defendant

4

1    (11) Amchem Products, Inc., successor to Benjamin Foster Company, a Foreign

2    Corporation; Defendant (12) Owens Corning, formerly known as Owens-Corning

3    Fiberglass Corporation, a Delaware corporation; Defendant (13) Pittsburgh

4    Corning Corporation, a Pennsylvania corporation; Defendant (14) The Babcock &

5    Wilcox Company, a Delaware corporation; Defendant (15) Foster Wheeler

6    Corporation, a Delaware corporation; Defendant (16) The Lynch Co., Inc., a

7    Hawaii corporation; Defendant (17) John Crane, Inc., a Delaware corporation;

8    Defendant (18) Garlock, Inc., an Ohio corporation; Defendant (19) Combustion

9    Engineering, Inc., a Delaware corporation; Defendant (20) Metropolitan Life

10   Insurance Company, a New York corporation; Defendant (21) Armstrong World

11   Industries, Inc., formerly known as Armstrong Cork Company, a Pennsylvania

12   corporation; Defendant (22) GAF Corporation, a Delaware corporation, Successor

13   In-Interest to Ruberoid Company, a Delaware corporation; Defendant (23)

14   Asbestos Claims Management Corporation, Successor-In-Interest to National

15   Gypsum Company, Inc. a corporation; Defendant (24) United States Gypsum

16   Company, a Delaware corporation; Defendant (25) A.P. Green Industries, Inc., a

17   Delaware corporation; Defendant (26) Quigley Company, Inc., a New York

18   corporation; Defendant (27) Flexitallic, Inc., a Delaware corporation; Defendant

19   (27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak Corporation, a

20   foreign corporation; Defendant (28) Dresser Industries, Inc., a Delaware

21   corporation, Successor to Harbison-Walker Refractories Co., a Pennsylvania

22

23

1    corporation; Defendant (29) Harbison-Walker Refractories Co., a Pennsylvania

2    corporation; Defendant (30) Indresco, Inc. a Delaware corporation; Defendant (31)

3    A.W. Chesterton Company, a Massachusetts corporation; Defendant (32)

4    Fibreboard Corporation formerly known as Fibreboard Paper Products

5    Corporation, a Delaware corporation.

6        4. Plaintiffs Dominador Javier was informed and believes and based upon

7    such information and belief allege that at all times and places mentioned herein

8    each of the defendants was the agent, servant, employee and/or joint venturer of

9    his co-defendants, and each of them, and at all said times each defendant was

10    acting in the full course and scope of said agency, service, employment and/or

11    joint venture.

12

13        5. That during the period of time between the years 1924 and 1993, and at

14    all times mentioned herein defendants, and each of them were engaged in business

15    of manufacturing, fabricating, designing, assembling, distributing, leasing, buying,

16    selling, inspecting, servicing, repairing, marketing, warranting and advertising

17    certain substance, the generic name of which is asbestos, and other products

18    containing said substance.

19        6. That at all times mentioned herein, defendants, and each of them,

20    singularly and jointly, negligently and carelessly researched, tested or failed to

21    test, warranted or failed to warrant, manufactured, designed, developed,

22    distributed, labeled, advertised, marketed, inspected, repaired, fabricated,

23

6

1    modified, serviced and sold a certain substance, the generic name of which is

2    asbestos, and other products pertaining said substance in such a manner as to cause

3    said asbestos products to be in a defective and unsafe condition, and unfit for use

4    in the way and manner such products are customarily treated, used and employed;

5    and, that said defendants and each of them, negligently failed to discover said

6    defective and/or failed to warrant and/or adequately test and give adequate

7    warning of known or knowable dangers of asbestos and asbestos products to users

8

9    of said products of said defects and dangers; and/or failed to find or use a safe

10   substitute material in lieu of asbestos.

11   7.  Plaintiff Dominador Javier is a worker who for a substantial length of

12   time in the course of his employment used, handled or was otherwise exposed to

13   the asbestos and asbestos products referred in ¶5 above in a manner that was

14   reasonably foreseeable by defendants.

15       8.  That at all times at plaintiff Dominador Javier places of employment,

16   defendants, and each of them, carelessly and negligently permitted dangerous and

17   defective asbestos products to exist at such locations, and furthermore, defendants

18   and each of them negligently failed to provide plaintiff Dominador Javier a safe

19   place of employment and negligently failed to warn of the dangers of asbestos.

20       9.  That as a direct and proximate result of the conduct of defendants, and

21   each of them, as aforesaid the exposure of plaintiff Dominador Javier to asbestos

22   and asbestos products caused severe and permanent injury to the plaintiff,

23

7

1     including but not limited to mesothelioma, cancer, and other lung damage and

2     disease, and other bodily injuries, including shock, great pain of body and mind,

3     fear of cancer, fear of death and so has been permanently injured thereby.

4         10.  That as a direct and proximate result of the conduct of defendants, and

5     each of them, plaintiff Jose Reandino has incurred, is presently incurring, and will

6     incur in the future, liability for physicians, surgeons, nurses, hospital care,

7     medicine, hospitals and other medical treatment, the true and exact amount thereof

8     being unknown to plaintiff at this time, and plaintiff Dominador Javier prays leave

9     to amend this complaint accordingly to confirm to proof at the time of trial.

10    11.  That as a further direct and proximate result of the said conduct of

11    defendants and each of them, plaintiff Dominador Javier has incurred and will

12    incur, loss of income, wages, profits and commissions, a diminishment of earning

13    potential, and other pecuniary loses, the full nature and extent of which are not yet

14    known to plaintiff Dominador Javier; and leave is requested to amend this

15    complaint to conform to proof at the time of trial.

16        WHEREFORE, plaintiff Dominador Javier prays for judgment over and

17    against defendants, and each of them, as hereinafter set forth.

18

19

20

21

22

23

8

# SECOND CAUSE OF ACTION

## STRICT LIABILITY

12. That plaintiff Dominador Javier realleges and incorporates herein as if fully set forth the allegations contained in the First Cause of Action.

13. That at all times and places mentioned herein, defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining per sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos and asbestos products.

14. That about the period of time between the years 1924 through 1993 and at other times mentioned herein, the above-described asbestos and asbestos products were in substantially the same condition as at the time of design, manufacture, assembling, testing, inspection, marketing, distribution and sale.

15. That at all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and defendants and each of them failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos and asbestos products, all of which directly and proximately resulted in the injuries and damage suffered by plaintiff Jose Reandino.

16. By reason of the foregoing, defendants and each of them, are strictly liable to plaintiff Dominador Javier.

9

1       WHEREFORE, plaintiff Dominador Javier prays for judgment against

2   defendants, and each of them, as hereinafter set forth.

3                          **THIRD CAUSE OF ACTION**

4                     **WARRANTY OF MERCHANTABILITY**

5       17. That the allegations contained in plaintiff Dominador Javier's First and

6   Second Causes Action are realleged and incorporated herein as if fully set forth.

7       18. That at all times and places mentioned herein defendants, and each of

8   them, at the time of design, manufacturer, and sale of said asbestos and asbestos

9   products expressedly and impliedly warranted that said asbestos products as

10  hereinabove described were of a merchantable quality, properly designed,

11  manufactured and reasonably fit and suitable for your ordinary use and safe for the

12  use for which they were intended.

13      19. That the purchasers and users of said asbestos and asbestos containing

14  products the purchasers and users of said asbestos and asbestos containing

15  products, including plaintiff Dominador Javier and his employers, relied upon said

16  representations of defendants, and each of them, in the selection, purchase, and

17  use of asbestos and asbestos containing products.

18      20. That at all times and places mentioned herein, defendants and each of

19  them breached said warranty in that said representations by defendants and each of

20  them were false and untrue in that said asbestos products were not of merchantable

21  quality nor properly designed, nor manufactured nor fit for ordinary use in the

10

1   industry; that said asbestos products were designed, manufactured, fabricated,

2   assembled, supplied, market, sold and distributed in such a dangerous and

3   defective condition that said asbestos products were reasonably likely to and in

4   fact did cause injury by reason of defendants design and manufacture, and failure

5   to warn; and further said asbestos products could not safely be used by a person

6   exercising ordinary and reasonable care.

7       21.  That as a direct and proximate result of said false representations and

8   breaches of express and implied warranties plaintiff Dominador Javier sustained

9   the injuries and damages hereinabove set forth.

10      WHEREFORE, plaintiff Dominador Javier prays for judgment over and

11  against defendants, and each of them as hereinafter set forth.

12                          **FOURTH CAUSE OF ACTION**

13                          **LIABILITY-MARKET SHARE**

14  That plaintiff Dominador Javier realleges and incorporates herein the

15  allegations contained in his First, Second and Third Causes of Action.

16      22.  That in the event plaintiff Dominador Javier is unable to identify the

17  specific defendants which supplied the asbestos or asbestos containing products

18  which causes the damage referred hereinabove, plaintiff Dominador Javier alleges

19  that as between an innocent plaintiff and culpable defendants, the latter should

20  bear the costs of injury.

21      23.  That plaintiff Dominador Javier was exposed to asbestos emanating

22

23

11

1    from asbestos containing products which are and were fungible in appearance as

2    well in composition and which were used in substantially the same manner by

3    plaintiff Florencio G. Garcia and/or those working in the vicinity of plaintiff.

4        24.  That through no fault of plaintiff Dominador Javier this asbestos,

5    and/or these asbestos containing products cannot be traced to a specific producer

6    although there is high probability that the injuries stated herein were caused by the

7    tortious behavior of some, one, or all of the defendants.

8        25.  That each defendant is liable for plaintiff Dominador Javier's injuries

9    in proportion to that defendant manufacturer's share of the asbestos materials

10   market.  WHEREFORE, plaintiff Dominador Javier prays for judgment over

11

12   and against defendants, and each of them as hereinafter set forth.

13                          **FIFTH CAUSE OF ACTION**

14                          **ENTERPRISE LIABILITY**

15       26.  That the allegations contained in plaintiff's First through Fourth Causes

16   of Action are realleged and incorporated herein as if fully set forth.

17       27.  That as a direct and proximate result of the defendants manufacturing

18   asbestos materials and placing them in the stream of interstate commerce, and their

19   subsequent use in private industries, and so that the aforesaid described materials

20   came into use by plaintiff Dominador Javier, and or to which he came in contact,

21   plaintiff has been injured as described herein.

22       28.  There is a high probability that the injury stated herein were caused by

23

12

1    the tortuous behavior of some one of the defendants.

2         29.  Defendants concertedly adhere to a dangerous industries wide safety

3    standard in their manufacture of the asbestos products.

4         30.  That each defendant manufacturer is liable to plaintiff or plaintiff for

5    all injury stated herein by a virtue of industry wide or enterprise liability.

6         WHEREFORE, plaintiff Dominador Javier prays for judgment over and

7    against defendants, and each of them as hereinafter set forth.

8                              **SIXTH CAUSE OF ACTION**

9                              **INTENTIONAL TORT**

10        31.  That plaintiff realleges and incorporates herein as if fully set forth his

11   allegations contained in his First through Fifth Causes of Action.

12        32.  That at all times and places herein mentioned, defendants, and each of

13   them, so designed, manufactured, selected materials, assembled, inspected, tested,

14

15   maintained for sale, marketed, distributed, lease, sold, rented, recommended

16   and/or delivered the hereinabove described asbestos products knowing that said

17   asbestos products were in a defective and unsafe condition, and unfit for use in the

18   way and manner such products are normally used, and intentionally caused the

19   injuries hereinabove described to plaintiff Dominador Javier in his capacity as an

20   employee and worker.

21        WHEREFORE, plaintiff Dominador Javier prays for judgment over and

22   against defendants, and each of them, as hereinafter set forth.

23                                      13

1                                **SEVENTH CAUSE OF ACTION**

2                                      **PUNITIVE DAMAGES**

3          36.  That the allegations contained in plaintiff Dominador Javier's First

4    through Sixth Causes of Action are realleged and incorporated herein as if fully set

5    forth.

6          37.  That in researching, testing, manufacturing, distributing, labeling, and

7    marketing asbestos and asbestos products, defendants, and each of them did so

8    with a conscious disregard for the safety of the users of said asbestos and asbestos

9    products, in that defendant had specific prior knowledge that there was a high risk

10   of injury or death resulting from exposure to asbestos or asbestos products,

11   including, but not limited to, mesothelioma, lung cancer and other forms of cancer,

12   and asbestosis, said knowledge being obtained in part from scientific studies and

13   medical data to which defendants had access, as well as scientific studies

14   performed by, at the request of, or with the assistance of, said defendants and

15   which knowledge was obtained by said defendants on or before the year 1933, and

16   thereafter.

17         38.  That on or before 1933, and thereafter, said defendants knew that users

18   of asbestos and asbestos products as well as members of the general public who

19   were exposed to asbestos and asbestos products would assume, and in fact did

20   assume, that exposure to asbestos and asbestos products were safe, when in fact

21   said exposure was extremely hazardous to human health.

22

23                                            14

1       39. That with said knowledge said defendants and each of them

2       manufactured and distributed said asbestos and asbestos products without

3       attempting to protect users from or warn users of the high risk of injury or death

4       resulting from exposure to asbestos and asbestos products but rather intentionally

5       failed to reveal their knowledge of said risk and consciously and actively

6       concealed and suppressed said knowledge from members of the general public that

7       asbestos and asbestos products were safe for all reasonably foreseeable use, with

8       the knowledge of the falsity of said implied or specific representations.

9

10      40. That the above-referenced conduct of said defendants, and each of

11      them was and is wilful, malicious, outrageous, and in conscious disregard and

12      indifference to the safety and health of workers exposed to asbestos and asbestos

13      products, including plaintiff Dominador Javier by way of punishing said defendant

14      seeks punitive damages according to proof.

15              WHEREFORE, plaintiffs pray for judgment over and against defendants

16      and each of them, as follows:

17              1. For general damages according to proof at trial;

18              2. For special damages, including loss of income, wages, and earning

19      potential, medical and related expenses;

20              3. For punitive damages as established at the time of trial;

21              4. For plaintiff's costs of suit, attorneys fees and such other and further

22      relief as the court may deem proper.

23

15

DATED this 13ᵗʰ day of August, 2003.

DOUGLAS F. CUSHNIE
Attorney for Plaintiff

BY _____
DOUGLAS F. CUSHNIE

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

16

DOUGLAS F. CUSHNIE
2ND FLOOR, LIM'S BUILDING
SAN JOSE VILLAGE
P.O. BOX 500949
SAIPAN, MP 96950
TELEPHONE: (670) 234-6843
FACSIMILE: (670) 234-9723

BENJAMIN B. CASSIDAY, III
5699 KALANIANOLE HWY.
HONOLULU, HAWAII
TELEPHONE: (808) 220-3200
FACSIMILE: (808) 373-7720

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| DOMINADOR JAVIER, | ) | CIVIL ACTION NO. 03-0031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OWENS-ILLINOIS, INC., an Ohio | ) | |
| Corporation,  RAPID-AMERICAN | ) | |
| CORPORATION, as successor in | ) | |
| interest to PHILIP CAREY | ) | **FIRST AMENDED** |
| CORPORATION, CAREY CANADA, | ) | **COMPLAINT** |
| PANACON, BRICKS MFG., CO., and | ) | **[Proposed]** |
| in its own rights as RAPID- | ) | |
| AMERICAN CORPORATION, a | ) | |
| Delaware Corporation; WESTING- | ) | |
| HOUSE ELECTRIC CORPORATION, | ) | |
| a Pennsylvania Corporation; | ) | |
| FLINTKOTE COMPANY, a | ) | |
| Massachusetts Corporation; KAISER | ) | |
| GYPSUM COMPANY, INC., a | ) | |

1

**Exhibit B**

Washington Corporation; SOCO- )
WESTERN CHEMICAL )
CORPORATION, a Delaware )
Corporation; GEOGIA-PACIFIC )
CORPORATION, a Georgia )
Corporation; HONEYWELL )
INTERNATIONAL, INC., fka )
ALLIED-SIGNAL, INC., successor )
in interest to ALLIED )
CORPORATION, successor in interest )
to THE BENDIX CORPORATION, )
a Delaware Corporation; the DOW )
CHEMICAL COMPANY, a Delaware )
Corporation, the successor in interest )
to UNION CARBIDE )
CORPORATION; AMCHEM )
PRODUCTS, INC., successor to )
BENJAMIN FOSTER COMPANY, a )
Foreign Corporation, OWENS )
CORNING, formerly known as )
OWENS-CORNING FIBERGLASS )
CORPORATION, a Delaware )
corporation; PITTSBURGH )
CORNING CORPORATION, a )
Pennsylvania corporation; THE )
BABCOCK & WILCOX COMPANY, )
a Delaware corporation; FOSTER )
WHEELER CORPORATION, a )
Delaware corporation; THE LYNCH )
CO., INC., a Hawaii corporation; )
JOHN CRANE, INC., a Delaware )
corporation; GARLOCK, INC., an )
Ohio corporation; COMBUSTION )
ENGINEERING, INC., a Delaware )
corporation; METROPOLITAN LIFE )
INSURANCE COMPANY, a New York )
corporation; ARMSTRONG WORLD )
INDUSTRIES, INC., formerly known )
as ARMSTRONG CORK COMPANY, )
a Pennsylvania corporation, )

2

GAF CORPORATION, a Delaware )
corporation, Successor-In-Interest to )
RUBEROID COMPANY, a Delaware )
corporation; ASBESTOS CLAIMS )
MANAGEMENT CORPORATION, )
Successor-In-Interest to NATIONAL )
GYPSUM COMPANY, INC., a )
corporation; UNITED STATES )
GYPSUM COMPANY, a Delaware )
corporation; A.P. GREEN )
INDUSTRIES, INC., a Delaware )
corporation; QUIGLEY COMPANY, )
inc., a New York corporation; )
FLEXITALLIC, INC.,a Delaware )
corporation; A.P. GREEN SERVICES, )
INC., formerly known as BIGELOW- )
LIPTAK CORPORATION, a foreign )
corporation; DRESSER INDUSTRIES, )
INC., a Delaware corporation, )
Successor to HARBISON-WALKER )
REFRACTORIES CO., a Pennsylvania )
corporation; HARBISON-WALKER )
REFRACTORIES CO., a Pennsylvania )
corporation; INDRESCO, INC., a )
Delaware corporation; A.W. )
CHESTERTON COMPANY, a )
Massachusetts corporation; )
FIBREBOARD CORPORATION, )
formerly known as FIBREBOARD )
PAPER PRODUCTS )
CORPORATION, a Delaware )
corporation; )
  )
　　　　Defendants. )
_____ )

Come now Dominador Javier, and for this his complaint states and alleges.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

1.  That this court has jurisdiction of this action pursuant to the diversity jurisdiction of this court, 28 USC §1332 in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and 28 USC §1350.

2.  Plaintiff Dominador Javier is a citizen and resident of the Republic of the Philippines.

3.  Defendant (1) Owens-Illinois, Inc., a Ohio Corporation; Defendant (2) Rapid-American Corporation as successor in interest to Philip Carey Corporation, Carey Canada, Panacon, Bricks Manufacturing Company, and in its own rights as Rapid-American Corporation, a Delaware Corporation; Defendant (3) Westinghouse Electric Corporation, a Pennsylvania Corporation; Defendant (4) Flintkote Company, a Massachusetts Corporation; Defendant (5) Kaiser Gypsum Company, Inc., a Washington Corporation; Defendant (6) Soco-Western Chemical Corporation, a Delaware Corporation; Defendant (7) Georgia-Pacific Corporation, a Georgia Corporation; Defendant (8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in interest to Allied Corporation, successor in interest to The Bendix Corporation, a Delaware Corporation; Defendant (9) The Dow Chemical Company, a Delaware Corporation, the successor in interest to Union Carbide Corporation; Defendant (10) Amchem Products, Inc., successor to Benjamin Foster Company, a Foreign Corporation; Defendant (11) Owens Corning, formerly known as Owens-Corning Fiberglass Corporation, a Delaware

4

corporation; Defendant (12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

Defendant (13) The Babcock & Wilcox Company, a Delaware corporation; Defendant

(14) Foster Wheeler Corporation, a Delaware corporation; Defendant (15) The Lynch

Co., Inc., a Hawaii corporation; Defendant (16) John Crane, Inc., a Delaware corporation;

Defendant (17) Garlock, Inc., an Ohio corporation; Defendant (18) Combustion

Engineering, Inc., a Delaware corporation; Defendant (19) Metropolitan Life Insurance

Company, a New York corporation; Defendant (20) Armstrong World Industries, Inc.,

formerly known as Armstrong Cork Company, a Pennsylvania corporation, Defendant

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to Ruberoid

Company, a Delaware corporation; Defendant (22) Asbestos Claims Management

Corporation, Successor-In-Interest to National Gypsum Company, Inc. a corporation;

Defendant (23) United States Gypsum Company, a Delaware corporation; Defendant (24)

A.P. Green Industries, Inc., a Delaware corporation; Defendant (25) Quigley Company,

Inc., a New York corporation; Defendant (26) Flexitallic, Inc., a Delaware corporation;

Defendant (27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak

Corporation, a foreign corporation; Defendant (28) Dresser Industries, Inc., a Delaware

corporation, Successor to Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant (29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant (30) Indresco, Inc. a Delaware corporation; Defendant (31) A.W. Chesterton

Company, a Massachusetts corporation; Defendant (32) Fibreboard Corporation formerly

known as Fibreboard Paper Products Corporation, a Delaware corporation.

4.  That at various times the defendants engaged in business in the Commonwealth of the Northern Mariana Islands through the sale, marketing, advertising and use of their products in the CNMI.

5.  Plaintiff Dominador Javier was informed and believes and based upon such information and belief allege that at all times and places mentioned herein each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

6.  That during the period of time between the years 1924 and 1993, and at all times mentioned herein defendants, and each of them were engaged in business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, shipping, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance in the Republic of the Philippines.

7.  That at all times mentioned herein, defendants, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warranted or failed to warrant, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, fabricated, modified, serviced and sold a certain substance, the generic name of which is asbestos, and other products containing said substance in such a manner as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated,

6

used and employed; and, that said defendants and each of them, negligently failed to discover said defects and/or failed to warrant and/or adequately test and give adequate warning of known or knowable dangers of asbestos and asbestos products to users of said products of said defects and dangers, and/or failed to find or use a safe substitute material in lieu of asbestos.

8.  Plaintiff Dominador Javier is a worker who for a substantial length of time in the course of his employment used, handled or was otherwise exposed to the asbestos and asbestos products referred in ¶7 above in a manner that was reasonably foreseeable by defendants.

9.  That at all times at plaintiff Dominador Javier places of employment, defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at such locations, and furthermore, defendants and each of them negligently failed to provide plaintiff Dominador Javier a safe place of employment and negligently failed to warn of the dangers of asbestos.

10.  That as a direct and proximate result of the conduct of defendants, and each of them, as aforesaid the exposure of plaintiff Dominador Javier to asbestos and asbestos products caused severe and permanent injury to the plaintiff, including but not limited to mesothelioma, cancer, and other lung damage and disease, and other bodily injuries, including shock, great pain of body and mind, fear of cancer, fear of death and so has been permanently injured thereby.

11.  That as a direct and proximate result of the conduct of defendants, and each of

7

them, plaintiff Dominador Javier has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff Dominador Javier prays leave to amend this complaint accordingly to confirm to proof at the time of trial.

12. That as a further direct and proximate result of the said conduct of defendants and each of them, plaintiff Dominador Javier has incurred and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary loses, the full nature and extent of which are not yet known to plaintiff Dominador Javier, and leave is requested to amend this complaint to conform to proof at the time of trial.

13. That the conduct of the defendants as alleged herein is in violation of the law of nations, including but not limited to customary international human rights law, the United Nations Charter, and the Universal Declaration on Human Rights, and U.S. treaties in that Plaintiff Dominador Javier was employed at U.S. military installations in the Republic of the Philippines existing by virtue of treaties between that country and the United States.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY

14. That plaintiff Dominador Javier realleges and incorporates herein as if fully

8

set forth the allegations contained in the First Cause of Action.

15.  That at all times and places mentioned herein, defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining per sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos and asbestos products.

16.  That about the period of time between the years 1924 through 1993 and at other times mentioned herein, the above-described asbestos and asbestos products were in substantially the same condition as at the time of design, manufacture, assembling, testing, inspection, marketing, distribution and sale.

17.  That at all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and defendants and each of them failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos and asbestos products, all of which directly and proximately resulted in the injuries and damage suffered by plaintiff Dominador Javier.

18.  By reason of the foregoing, defendants and each of them, are strictly liable to plaintiff Dominador Javier.

WHEREFORE, plaintiff Dominador Javier prays for judgment against defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

## WARRANTY OF MERCHANTABILITY

9

19.  That the allegations contained in plaintiff Dominador Javier's First and Second Causes Action are realleged and incorporated herein as if fully set forth.

20.  That at all times and places mentioned herein defendants, and each of them, at the time of design, manufacturer, and sale of said asbestos and asbestos products expressedly  and impliedly warranted that said asbestos products as hereinabove described were of a merchantable quality, properly designed, manufactured and reasonably fit and suitable for your ordinary use and safe for the use for which they were intended.

21.  That the purchasers and users of said asbestos and asbestos containing products the purchasers and users of said asbestos and asbestos containing products, including plaintiff Dominador Javier and his employers, relied upon said representations of defendants, and each of them, in the selection, purchase, and use of asbestos and asbestos containing products.

22.  That at all times and places mentioned herein, defendants and each of them breached said warranty in that said representations by defendants and each of them were false and untrue in that said asbestos products were not of merchantable quality nor properly designed, nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, market, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to and in fact did cause injury by reason of defendants design and manufacture, and failure to warn; and further said asbestos products could not

10

safely be used by a person exercising ordinary and reasonable care.

23. That as a direct and proximate result of said false representations and breaches of express and implied warranties plaintiff Dominador Javier sustained the injuries and damages hereinabove set forth.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## LIABILITY-MARKET SHARE

That plaintiff Dominador Javier realleges and incorporates herein the allegations contained in his First, Second and Third Causes of Action.

24. That in the event plaintiff Dominador Javier is unable to identify the specific defendants which supplied the asbestos or asbestos containing products which causes the damage referred hereinabove, plaintiff Dominador Javier alleges that as between an innocent plaintiff and culpable defendants, the latter should bear the costs of injury.

25. That plaintiff Dominador Javier was exposed to asbestos emanating from asbestos containing products which are and were fungible in appearance as well in composition and which were used in substantially the same manner by plaintiff Dominador Javier and/or those working in the vicinity of plaintiff.

26. That through no fault of plaintiff Dominador Javier this asbestos, and/or these asbestos containing products cannot be traced to a specific producer although there is high probability that the injuries stated herein were caused by the tortious behavior of

11

some, one, or all of the defendants.

27. That each defendant is liable for plaintiff Dominador Javier's injuries in proportion to that defendant manufacturer's share of the asbestos materials market.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### ENTERPRISE LIABILITY

28. That the allegations contained in plaintiff's First through Fourth Causes of Action are realleged and incorporated herein as if fully set forth.

29. That as a direct and proximate result of the defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in private industries, and so that the aforesaid described materials came into use by plaintiff Dominador Javier, and or to which he came in contact, plaintiff has been injured as described herein.

30. There is a high probability that the injury stated herein were caused by the tortious behavior of some one of the defendants.

31. Defendants concertedly adhere to a dangerous industries wide safety standard in their manufacture of the asbestos products.

32. That each defendant manufacturer is liable to plaintiff or plaintiff for all injury stated herein by a virtue of industry wide or enterprise liability.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and

12

against defendants, and each of them as hereinafter set forth.

## SIXTH CAUSE OF ACTION

## INTENTIONAL TORT

33. That plaintiff realleges and incorporates herein as if fully set forth his allegations contained in his First through Fifth Causes of Action.

34. That at all times and places herein mentioned, defendants, and each of them, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, lease, sold, rented, recommended and/or delivered the hereinabove described asbestos products knowing that said asbestos products were in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used, and intentionally caused the injuries hereinabove described to plaintiff Dominador Javier in his capacity as an employee and worker.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## PUNITIVE DAMAGES

35. That the allegations contained in plaintiff Dominador Javier's First through Sixth Causes of Action are realleged and incorporated herein as if fully set forth.

36. That in researching, testing, manufacturing, distributing, labeling, and marketing asbestos and asbestos products, defendants, and each of them did so with a conscious disregard for the safety of the users of said asbestos and asbestos products, in

13

that defendant had specific prior knowledge that there was a high risk of injury or death

resulting from exposure to asbestos or asbestos products, including, but not limited to,

mesothelioma, lung cancer and other forms of cancer, and asbestosis, said knowledge

being obtained in part from scientific studies and medical data to which defendants had

access, as well as scientific studies performed by, at the request of, or with the assistance

of, said defendants and which knowledge was obtained by said defendants on or before

the year 1933, and thereafter.

37.   That on or before 1933, and thereafter, said defendants knew that users of

asbestos and asbestos products as well as members of the general public who were

exposed to asbestos and asbestos products would assume, and in fact did assume, that

exposure to asbestos and asbestos products were safe, when in fact said exposure was

extremely hazardous to human health.

38.   That with said knowledge said defendants and each of them manufactured and

distributed said asbestos and asbestos products without attempting to protect users from

or warn users of the high risk of injury or death resulting from exposure to asbestos and

asbestos products but rather intentionally failed to reveal their knowledge of said risk and

consciously and actively concealed and suppressed said knowledge from members of the

general public that asbestos and asbestos products were safe for all reasonably

foreseeable use, with the knowledge of the falsity of said implied or specific

representations.

39.   That the above-referenced conduct of said defendants, and each of them was

14

and is wilful, malicious, outrageous, and in conscious disregard and indifference to the safety and health of workers exposed to asbestos and asbestos products, including plaintiff Dominador Javier by way of punishing said defendants seek punitive damages according to proof.

WHEREFORE, plaintiff prays for judgment over and against defendants and each of them, as follows:

1. For general damages according to proof at trial;

2. For special damages, including loss of income, wages, and earning potential, medical and related expenses;

3. For punitive damages as established at the time of trial;

4. For plaintiff's costs of suit, attorneys fees and such other and further relief as the court may deem proper.

DATED this _____ day of May, 2004.

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs


BY_____
       DOUGLAS F. CUSHNIE

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

15