1  MORGENSTEIN & JUBELIRER LLP
   LAURIE K. ANGER (CSB # 094841)
2  BRUCE A. WAGMAN (CSB #159987)
   One Market, Spear Street Tower, 32nd Floor
3  San Francisco, CA 94105
   Telephone:   (415) 901-8700
4  Facsimile:   (415) 901-8701

5  Attorneys for Defendant
   OWENS-ILLINOIS, INC.

6

7

8        BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
9                         MDL DOCKET NO. 875
         IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

10

11    DEFENDANT OWENS-ILLINOIS, INC.'S MEMORANDUM IN OPPOSITION TO
      PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER
12                          233 (MAY 7, 2004)

13  I.    **INTRODUCTION**

14        The MDL Panel has issued a conditional transfer order ("CTO 233") for four cases

15  brought in the federal district court of the Northern Mariana Islands.  Plaintiffs in all four

16  actions are foreign nationals who allege exposure to asbestos while employed in the

17  Philippines.  Their complaints present virtually identical fact situations to at least 164

18  (and likely many more) cases now pending in the Multidistrict Litigation Court in the

19  Eastern District of Pennsylvania ("MDL Court").  Ignoring the efficiencies the MDL Court

20  was intended to promote, as well as the federal rules governing MDL transfers, these

21  four plaintiffs have moved to vacate the CTO in a futile attempt to thwart the federal

22  policy of consolidation of asbestos personal injury and wrongful death actions.[1]  Based

23  on the discussion below, the Panel should deny plaintiffs' motions and transfer these

24  cases, for the purposes of all pretrial proceedings, to the MDL Court.

25

26

27        [1]  The four tag-along actions at issue were filed in the District Court of the
      Northern Mariana Islands, Civil Nos. 03-0031, 03-0032, 03-0033 and
28    03-0034.

24500.00001
531274.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUN 30 2004
FILED
CLERK'S OFFICE

OFFICIAL FILE COPY
IMAGED JUN 30 '04

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## II.   DISCUSSION

### A.   These Lawsuits Are Classic Tag-Along Actions With The Exact Same Common Questions of Fact As Virtually Every Other Asbestos Personal Injury Or Wrongful Death Case.

Since July 1991, federal cases involving allegations of personal injury or wrongful death caused by asbestos have been centralized in the MDL Court.  See *In re Asbestos Products Liability Litigation (No. VI)*, Opinion and Order, Docket No. 875 (July 29, 1991).  The need to economize federal judicial resources applies equally in all "tag-along actions," like these cases, where "common questions of fact" are involved in "a civil action pending in a district court."  See MDL Rules 1, 12.

Plaintiffs try to distinguish these cases with a strained reading of the "common questions of fact" requirement for tag-along actions.  In fact, every important factual aspect of these cases exists in probably thousands of other cases now pending in the MDL Court.  Specifically:

1.   Each plaintiff claims injury from asbestos exposure;

2.   Each plaintiff alleges exposure as a civilian employee of the United States Navy;

3.   In each case the question of to which, if any, particular asbestos products plaintiff was exposed will have to be decided;

4.   In each case the trier of fact must determine if plaintiff has an asbestos-related injury;

5.   In each case the liability of each defendant will have to be determined based on that defendant's conduct;

6.   In each case the trier of fact will need to decide if plaintiff has proven that asbestos exposure was a substantial factor in causing any injury the plaintiff has; and

7.   Plaintiffs in each case allege causes of action for negligence, strict liability, warranty or merchantability, market share liability, enterprise liability, intentional tort, loss of consortium and punitive damages – just like virtually every plaintiff in MDL 875.

Plaintiffs have come up with no viable reason to exclude these cases from the reach of the federal courts' structured program for dealing with the burden of the asbestos litigation on individual districts.  Plaintiffs try to avoid transfer based on two

1   inconsequential (for purposes of consolidation) facts – first, that they are foreign

2   nationals exposed to asbestos in the Philippines, and second that they are suing under

3   the Alien Tort Act.[2]

4       As the Panel knows, neither the particular worksite nor a plaintiff's citizenship

5   matters to the MDL transfer determination.[3]  Even if it did, many cases with nearly

6   identical circumstances have already been transferred to the MDL Court.  Owens-Illinois

7   has already been a defendant in roughly 200 cases involving claims by citizens of the

8   Philippines alleging exposure to asbestos while working at the Subic Bay Naval Repair

9   Facility in the Philippines.  Wagman Dec., ¶ 3, Ex. 2.  Every one of those cases was

10   transferred to the MDL Court.  Some of the plaintiffs in those actions moved to vacate

11   the conditional transfer orders in those cases – and all of those motions were denied and

12   the transfers approved by this Panel.  *Id*.  Thus, there are literally hundreds of cases in

13   the MDL 875 docket that have the exact factual issues plaintiffs claim make their cases

14   different from other plaintiffs.

15       Plaintiffs argue that their proposed, still-unstated claims under the Alien Tort Act

16   ("ATA") also should exempt them from MDL consolidation.  Plaintiffs are wrong for two

17   reasons.  First, the ATA and the case plaintiffs cite do not support a cause of action for

18   asbestos exposure.  The ATA allows plaintiffs to make a claim that defendants have

19   acted "in violation of the law of nations or a treaty of the United States."  28 U.S.C. §

20   1350.  *In re Estate of Ferdinand Marcos*, 25 F.3d 1467 (9th Cir. 1994), cited by plaintiffs,

21

22         [2]    Owens-Illinois notes that while plaintiffs rely on their claims under the Alien
Tort Act, *no cause of action under that statute is presented by the complaints before this
23   Panel.*  Rather, plaintiffs have filed motions to amend their complaints before the
transferor court.  Those motions have not been heard and are currently not set for a
24   hearing.  While plaintiffs may or may not eventually get those claims into their amended
complaints, there are currently *no claims* under that Act in the complaints.  This Panel
25   should thus not even consider plaintiffs' misplaced argument that an allegation under
that Act somehow exempts them from treatment under MDL 875.

26         [3]    In their proposed amended complaints, plaintiffs allege they were exposed
to asbestos while "employed at U.S. military installations in the Republic of the
27   Philippines."  *See* Declaration of Bruce Wagman in Support of Opposition to Motion to
Vacate Conditional Transfer Order ("Wagman Declaration"), Ex. 1 (proposed First
28   Amended Complaint), ¶ 13.

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
531274.1

DEFENDANT OWENS-ILLINOIS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER NUMBER 233

1   simply establishes that district courts have original (not even exclusive) jurisdiction over

2   actions under the ATA.  *Marcos* also states that the ATA "creates a cause of action for

3   violations of specific, universal and obligatory international human rights standards which

4   'confer [] fundamental rights upon all people vis-à-vis their own governments.'"  *Id*. at

5   1475.  The *Marcos* case involved allegations of torture against the President of the

6   Philippines, which specifically satisfied those requirements.  Nothing in these four cases

7   before the Panel – alleging exposure to and injury from a product – suggests the ATA is

8   even applicable where a plaintiff sues a private company.  Second, even if plaintiffs

9   could state a claim under the ATA – or any other claim that might be different than

10  claims made by other asbestos plaintiffs – this would be a *legal* question.  The presence

11  of such a claim would not and could not change the *factual issues* that prevail and make

12  these cases valid tag-along actions subject to transfer.

**B.    This Panel Has Firmly Held the Benefits of Consolidation Require That These Tag-Along Actions Be Transferred to the MDL Court.**

15      As the Panel knows, the history of consolidation of asbestos cases repeatedly

16  confirms the propriety and nearly mandatory nature of MDL transfers.  In *In re Asbestos*

17  *Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991), this Panel was

18  asked to decide whether over 26,000 asbestos-related cases pending in 87 federal

19  districts should be consolidated for pretrial proceedings before the MDL Court.  With that

20  number of cases at issue, there were undoubtedly plaintiffs with a wide variety of claims

21  and circumstances – but all alleged exposure to, and injury from, asbestos-containing

22  products.  Over 180 pleadings were filed on this issue.  After considering this extensive

23  briefing, the Panel found

> that the actions in this litigation involve common questions of
> fact relating to injuries or wrongful death allegedly caused by
> exposure to asbestos or asbestos containing products, and
> that centralization . . . in the Eastern District of Pennsylvania
> will best serve the convenience of the parties and witnesses
> and promote the just and efficient conduct of this litigation.

28  *Id*. at 417.  The Panel in that case also examined cases in which transfer had been

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
531274.1

1   denied and distinguished all those situations, which involved either (1) property damage

2   – versus personal injury/wrongful death – claims; (2) factual questions unique to the

3   actions; and (3) cases that were well-advanced in the potential transferor court. *Id.* at

4   418.  In its 1991 decision, the Panel noted that even if those considerations existed, they

5   no longer warranted a denial of transfer, given the swollen asbestos dockets around the

6   country and increasing filings of similar cases.[4]  The Panel then held that

7          centralization of all federal asbestos personal injury/wrongful
       death actions . . . "will be for the convenience of the parties
8          and witnesses and will promote the just and efficient conduct
       of such actions."  In short, we are persuaded that this
9          litigation has reach a magnitude, not contemplated [when
       earlier transfers were denied], that threatens the
10         administration of justice and requires a new, streamlined
       approach.

11

12  *Id*.  That "streamlined approach" means that *all* cases involving allegations of asbestos

13  exposure must be transferred to the MDL Court.  If that was the case in 1991, it is even

14  more so in 2004 with thirteen more years of asbestos litigation and the numbers of cases

15  still astronomical.  These four cases are no exception.  *See also id*. at 420 (MDL

16  centralization "is necessary").

17         Plaintiffs suggest they belong in some unique category that should be exempt

18  from the salutary benefits of the MDL.  But this Panel has addressed that argument also.

19         If there are economies to be achieved with respect to
       remaining national discovery, pretrial rulings or efforts at
20         settlement, these should be secured before claims against
       distinct types or groups of defendants are separated out of
21         the litigation. . . .  [B]ecause many of the arguments of parties
       seeking exclusion from transfer are intertwined with the
22         merits of their claims or defenses and affect the overall
       management of this litigation, we are unwilling . . . to carve
23         out exceptions to transfer.  We prefer instead to give the
       transferee court the opportunity to conduct a substantive

24

25         [4]     Even if those factors *were* still considerations for this Panel, not one of
    them supports plaintiffs' argument here.  First, these are personal injury/wrongful death
26  cases.  Second, there are no unique fact questions for these four plaintiffs exposed to
    asbestos in the Philippines.  As demonstrated above, the factual questions are identical
27  to most cases in MDL 875.  Third, these cases have not even progressed past the
    pleading stage; in fact, plaintiffs are seeking to effectively restart the litigation from its
28  inception with the filing of an amended complaint.

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
531274.1

- 5 -

DEFENDANT OWENS-ILLINOIS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER NUMBER 233

1   review of such contentions and how they affect the whole
2   proceedings.

3   *Id.* at 422.

4   　　Plaintiffs here are apparently unfamiliar with the reason for, and value of, pretrial

5   consolidation before the MDL.  One of the red herring arguments they raise is that

6   consolidation will be burdensome because of the distance from the Northern Mariana

7   Islands to the MDL Court in Philadelphia.  Plaintiffs' complaint about travel distance

8   ignores the fact that pretrial consolidation limits the need for the parties to travel

9   anywhere, but allows efficient management of the litigation:

10   　　　　Since . . . transfer is primarily for pretrial, there is usually no
　　　　need for the parties and witnesses to travel to the transferee
11   　　　　district for depositions or otherwise . . .  [The procedures set
　　　　up] eliminate the need for most counsel to ever travel to the
12   　　　　transferee district. . .  It is most logical to assume that prudent
　　　　counsel will combine their forces and apportion their workload
13   　　　　in order to streamline the efforts of the parties and witnesses,
　　　　their counsel, and the judiciary, thereby effectuating an
14   　　　　overall savings of cost and a reduction of inconvenience to all
　　　　concerned.
15   *Id.*

16   　　The transferee MDL Court has a great wealth of knowledge and a special ability,

17   born of experience, to analyze the issues presented, some of which may be relevant

18   only in asbestos cases, and therefore not so obvious to other courts.  This expertise is

19   invaluable.  *See In re Ivy*, 901 F.2d 7, 9 ("there are real economies in transferring such

20   cases to" a judge who has been handling similar litigation for a significant time).  The

21   four virtually identical actions at issue here involve plaintiffs with alleged exposure to

22   asbestos-containing products.  The complaints filed on behalf of these plaintiffs state

23   facts and allege causes of action based on legal issues raised in most, if not all,

24   asbestos cases and, more importantly, in every single case filed by plaintiffs' counsel

25   alleging exposure to asbestos.  The factual inquiries involving plaintiffs here will also

26   mirror those of the plaintiffs in cases already assigned to the MDL Court for pretrial

27   proceedings.  Thus, in the interest of efficiency, economy of the courts and the parties,

28   and the ends of justice, transfer is appropriate.

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
531274.1

DEFENDANT OWENS-ILLINOIS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL
TRANSFER ORDER NUMBER 233

III.   **CONCLUSION**

Based on the foregoing, defendant Owens-Illinois respectfully requests this Panel to issue an order denying plaintiffs' motion to vacate the CTO affecting these cases, and transfer these matters to the MDL Court.

DATED:  June 28, 2004                          MORGENSTEIN & JUBELIRER LLP

                                               By
                                                   Bruce A. Wagman
                                               Attorneys for Defendant
                                               OWENS-ILLINOIS, INC.

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 7 -

**DEFENDANT OWENS-ILLINOIS, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER 233**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2004

FILED
CLERK'S OFFICE

1  MORGENSTEIN & JUBELIRER LLP
   LAURIE K. ANGER (CSB # 094841)
2  BRUCE A. WAGMAN (CSB #159987)
   One Market, Spear Street Tower, 32nd Floor
3  San Francisco, CA 94105
   Telephone:   (415) 901-8700
4  Facsimile:   (415) 901-8701

5  Attorneys for Defendant
   OWENS-ILLINOIS, INC.

6

7

8        **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
9                          **MDL DOCKET NO. 875**
              **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
10

11    **DECLARATION OF BRUCE A. WAGMAN IN SUPPORT OF DEFENDANT OWENS-
        ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE
12          CONDITIONAL TRANSFER ORDER NUMBER 233 (MAY 7, 2004)**

13        1.      I, Bruce A. Wagman, am a partner in the law firm of Morgenstein &

14  Jubelirer LLP, counsel for Owens-Illinois (O-I) in this matter.  I am admitted to practice in

15  all state and federal courts in the state of California, as well as the Third Circuit Court of

16  Appeals.

17        2.      Attached as Ex. 1 is a true and correct copy of one of the four proposed

18  amended complaints submitted by plaintiffs to the United States District Court of the

19  Northern Mariana Islands in support of plaintiffs' motion to amend their complaints.

20        3.      In 1993 and 1994 I was involved in litigation involving at least 164 claims

21  brought by residents of the Philippines alleging exposure to asbestos in the Philippines.

22  Every one of those cases was transferred from the Northern District of California to the

23  MDL 875 docket, many after the MDL Panel rejected plaintiffs' motions to vacate the

24  conditional transfer orders filed in connection with those matters.  Attached as Ex. 2 is a

25  true and correct copy of a list of those cases, generated by the clerk of the MDL court.

26  ///

27  ///

28  ///

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
532715.1

DECLARATION OF BRUCE A. WAGMAN IN SUPPORT OF DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER 233

1    I declare under penalty of perjury, under the laws of the State of California that the

2   foregoing is true and correct.  Executed this 28th day of June 2004 at San Francisco,

3   California.

4

5                                          Bruce A. Wagman

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24500.00001
532715.1

**DECLARATION OF BRUCE A. WAGMAN IN SUPPORT OF DEFENDANT OWENS-ILLINOIS, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NUMBER 233**

1  MORGENSTEIN & JUBELIRER LLP
   LAURIE K. ANGER (CSB # 094841)
2  BRUCE A. WAGMAN (CSB #159987)
   One Market, Spear Street Tower, 32nd Floor
3  San Francisco, CA 94105
   Telephone:   (415) 901-8700
4  Facsimile:    (415) 901-8701

5  Attorneys for Defendant
   OWENS-ILLINOIS, INC.

6

7

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2004

FILED
CLERK'S OFFICE

8        **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
9                          **MDL DOCKET NO. 875**
         **IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

10

11                          **CERTIFICATE OF SERVICE**

12     1.  Dominador Javier v. Owens-Illinois, Inc., et al. Civil No. 03-0031-ARM

13     2.  Romeo Pascua and Soleda Pascua v. Owens-Illinois, Inc., et al. Civil No. 03-
           0032-ARM
14
       3.  Rochelio Echon and Carmelita Echon v. Owens-Illinois, Inc., et al. Civil No. 03-
15         033-ARM

16     4.  Jose Reandino and Leticia E. Reandino v. Owens-Illinois, Inc., et al. Civil No. 03-
           0034-ARM
17
       I, Andrew Heidenreich, hereby certify that Owens-Illinois, Inc.'s Opposition to
18
   Plaintiffs' Motion to Vacate Conditional Transfer Order Number 233 (May 7, 2004) upon
19
   opposing counsel by placing it in the U.S. mail with postage prepaid on the 28th day of
20
   June, 2004, to the addresses attached hereto.
21

22                                        _____
23                                               Andrew Heidenreich

24

25

26

27

28

24500.00004                                - 1 -
533060.1
   **CERTIFICATE OF SERVICE RE OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER**
   **NUMBER 233**

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## ATTORNEYS AND CLIENTS LIST

2  Re:   Javier v. Owens-Illinois, Inc. – District Court Civil NO. 03-0031
3          Pascua, et al. v. Owens-Illinois, Inc. – District Court Civil No. 03-0032
          Echon, et al. v. Owens-Illinois, Inc. – District Court No. 03-0033
4          Reandino, et al. v. Owens-Illinois, Inc. – District Court Civil No. 03-0034

5  Douglas F. Cushnie
   P.O. Box 500949
6  Saipan, MP 96950
   Tel: (670) 234-6830
7  Fax: (670) 234-9723
   Attorneys for Plaintiffs

8  Timothy H. Bellas                              Bruce L. Mailman
   P.O. Box 502845                                White, Pierce, Mailman & Nutting
9  Bank of Hawaii Bldg., Suite 203                P.O. Box 505222
   Puerto Rico, Saipan, MP 95950                  Saipan, MP 96950
10 Tel: (670) 323-2115                            Tel: (670) 234-6547
   Fax: (670) 323-2117                            Fax: (670) 234-9537
11 Attorneys for Quigley Company, Inc.            Attorneys for Foster Wheeler L.L.C.

12 Carlsmith Ball LLP                             Edward Manibusan
   John D. Osborn                                 P.O. Box 7934, SVRB
13 Carlsmith Bldg., Capitol Hill                  Tun Antonio Apa Road
   P.O. Box 5241                                  Fina Sisu, Saipan, MP 96950
14 Saipan, MP 96950-5241                          Tel: (670) 235-6520
   Tel: (670) 322-3455                            Fax: (670) 235-6522
15 Fax: (670) 322-3368                            Attorneys for John Crane, Inc.
   Attorneys for A.W. Chesterton Company
16 and Georgia-Pacific Corporation

17 Sidney K. Ayabe                                Sean E. Frink
   John S. Nishimoto                              Pacific Rim Int'l. Bldg., 2nd Floor
18 Ayabe, Chong, Nishimoto, Sia & Nakamura       P.O. Box 10003, PMB 161
   Pauahi Tower, Suite 2500                       Saipan, MP 96950
19 1001 Bishop Street                             Tel: (670) 233-2889
   Honolulu, Hawaii 96813                         Fax: (670) 234-3230
20 Tel: (808) 537-6119                            Attorneys for The Dow Chemical Co.
   Fax: (808) 526-3491
21 Attorneys for The Dow Chemical Co. and
   Rapid American Corp.
22

23 Gregory Baka                                   Danilo T. Aguilar
   5th Floor, Horiguchi Bldg.                     P.O. Box 505301
24 P.O. Box 5148                                  First Floor, Gold Beach Hotel
   Saipan, MP 96950                               Beach Road, Garapan
25 Tel: (670) 234-9314                            Saipan, MP 96950
   Fax: (670) 234-9316                            Attorneys for Kaiser Gypsum Co., Inc.
26 Attorneys for Rapid American Corp.

27

28

MORGENSTEIN & JUBELIRER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 3 0 2004

FILED
CLERK'S OFFICE

**EXHIBIT 1**

DOUGLAS F. CUSHNIE
2ND FLOOR, LIM'S BUILDING
SAN JOSE VILLAGE
P.O. BOX 500949
SAIPAN, MP 96950
TELEPHONE: (670) 234-6843
FACSIMILE: (670) 234-9723

BENJAMIN B. CASSIDAY, III
5699 KALANIANOLE HWY.
HONOLULU, HAWAII
TELEPHONE: (808) 220-3200
FACSIMILE: (808) 373-7720

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| DOMINADOR JAVIER, | ) | CIVIL ACTION NO. 03-0031 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OWENS-ILLINOIS, INC., an Ohio | ) | |
| Corporation, RAPID-AMERICAN | ) | |
| CORPORATION, as successor in | ) | |
| interest to PHILIP CAREY | ) | FIRST AMENDED |
| CORPORATION, CAREY CANADA, | ) | COMPLAINT |
| PANACON, BRICKS MFG., CO., and | ) | [Proposed] |
| in its own rights as RAPID- | ) | |
| AMERICAN CORPORATION, a | ) | |
| Delaware Corporation; WESTING- | ) | |
| HOUSE ELECTRIC CORPORATION, | ) | |
| a Pennsylvania Corporation; | ) | |
| FLINTKOTE COMPANY, a | ) | |
| Massachusetts Corporation; KAISER | ) | |
| GYPSUM COMPANY, INC., a | ) | |

1

EX. 1

Washington Corporation; SOCO- )
WESTERN CHEMICAL )
CORPORATION, a Delaware )
Corporation; GEOGIA-PACIFIC )
CORPORATION, a Georgia )
Corporation; HONEYWELL )
INTERNATIONAL, INC., fka )
ALLIED-SIGNAL, INC., successor )
in interest to ALLIED )
CORPORATION, successor in interest )
to THE BENDIX CORPORATION, )
a Delaware Corporation; the DOW )
CHEMICAL COMPANY, a Delaware )
Corporation, the successor in interest )
to UNION CARBIDE )
CORPORATION; AMCHEM )
PRODUCTS, INC., successor to )
BENJAMIN FOSTER COMPANY, a )
Foreign Corporation, OWENS )
CORNING, formerly known as )
OWENS-CORNING FIBERGLASS )
CORPORATION, a Delaware )
corporation; PITTSBURGH )
CORNING CORPORATION, a )
Pennsylvania corporation; THE )
BABCOCK & WILCOX COMPANY, )
a Delaware corporation; FOSTER )
WHEELER CORPORATION, a )
Delaware corporation; THE LYNCH )
CO., INC., a Hawaii corporation; )
JOHN CRANE, INC., a Delaware )
corporation; GARLOCK, INC., an )
Ohio corporation; COMBUSTION )
ENGINEERING, INC., a Delaware )
corporation; METROPOLITAN LIFE )
INSURANCE COMPANY, a New York )
corporation; ARMSTRONG WORLD )
INDUSTRIES, INC., formerly known )
as ARMSTRONG CORK COMPANY, )
a Pennsylvania corporation, )

2

GAF CORPORATION, a Delaware                )
corporation, Successor-In-Interest to      )
RUBEROID COMPANY, a Delaware               )
corporation; ASBESTOS CLAIMS               )
MANAGEMENT CORPORATION,                     )
Successor-In-Interest to NATIONAL          )
GYPSUM COMPANY, INC., a                     )
corporation; UNITED STATES                  )
GYPSUM COMPANY, a Delaware                  )
corporation; A.P. GREEN                     )
INDUSTRIES, INC., a Delaware                )
corporation; QUIGLEY COMPANY,              )
inc., a New York corporation;              )
FLEXITALLIC, INC.,a Delaware                )
corporation; A.P. GREEN SERVICES,          )
INC., formerly known as BIGELOW-           )
LIPTAK CORPORATION, a foreign              )
corporation; DRESSER INDUSTRIES,           )
INC., a Delaware corporation,              )
Successor to HARBISON-WALKER               )
REFRACTORIES CO., a Pennsylvania           )
corporation; HARBISON-WALKER               )
REFRACTORIES CO., a Pennsylvania           )
corporation; INDRESCO, INC., a             )
Delaware corporation; A.W.                 )
CHESTERTON COMPANY, a                       )
Massachusetts corporation;                 )
FIBREBOARD CORPORATION,                     )
formerly known as FIBREBOARD               )
PAPER PRODUCTS                              )
CORPORATION, a Delaware                     )
corporation;                                )
                                            )
        Defendants.                         )
_____ )

Come now Dominador Javier, and for this his complaint states and alleges.

3

# FIRST CAUSE OF ACTION

## NEGLIGENCE

1. That this court has jurisdiction of this action pursuant to the diversity jurisdiction of this court, 28 USC §1332 in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and 28 USC §1350.

2. Plaintiff Dominador Javier is a citizen and resident of the Republic of the Philippines.

3. Defendant (1) Owens-Illinois, Inc., a Ohio Corporation; Defendant (2) Rapid-American Corporation as successor in interest to Philip Carey Corporation, Carey Canada, Panacon, Bricks Manufacturing Company, and in its own rights as Rapid-American Corporation, a Delaware Corporation; Defendant (3) Westinghouse Electric Corporation, a Pennsylvania Corporation; Defendant (4) Flintkote Company, a Massachusetts Corporation; Defendant (5) Kaiser Gypsum Company, Inc., a Washington Corporation; Defendant (6) Soco-Western Chemical Corporation, a Delaware Corporation; Defendant (7) Georgia-Pacific Corporation, a Georgia Corporation; Defendant (8) Honeywell International, Inc., fka Allied-Signal, Inc., successor in interest to Allied Corporation, successor in interest to The Bendix Corporation, a Delaware Corporation; Defendant (9) The Dow Chemical Company, a Delaware Corporation, the successor in interest to Union Carbide Corporation; Defendant (10) Amchem Products, Inc., successor to Benjamin Foster Company, a Foreign Corporation; Defendant (11) Owens Corning, formerly known as Owens-Corning Fiberglass Corporation, a Delaware

4

corporation; Defendant (12) Pittsburgh Corning Corporation, a Pennsylvania corporation;

Defendant (13) The Babcock & Wilcox Company, a Delaware corporation; Defendant

(14) Foster Wheeler Corporation, a Delaware corporation; Defendant (15) The Lynch

Co., Inc., a Hawaii corporation; Defendant (16) John Crane, Inc., a Delaware corporation;

Defendant (17) Garlock, Inc., an Ohio corporation; Defendant (18) Combustion

Engineering, Inc., a Delaware corporation; Defendant (19) Metropolitan Life Insurance

Company, a New York corporation; Defendant (20) Armstrong World Industries, Inc.,

formerly known as Armstrong Cork Company, a Pennsylvania corporation, Defendant

(21) GAF Corporation, a Delaware corporation, Successor-In-Interest to Ruberoid

Company, a Delaware corporation; Defendant (22) Asbestos Claims Management

Corporation, Successor-In-Interest to National Gypsum Company, Inc. a corporation;

Defendant (23) United States Gypsum Company, a Delaware corporation; Defendant (24)

A.P. Green Industries, Inc., a Delaware corporation; Defendant (25) Quigley Company,

Inc., a New York corporation; Defendant (26) Flexitallic, Inc., a Delaware corporation;

Defendant (27) A.P. Green Services, Inc., formerly known as Bigelow-Liptak

Corporation, a foreign corporation; Defendant (28) Dresser Industries, Inc., a Delaware

corporation, Successor to Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant (29) Harbison-Walker Refractories Co., a Pennsylvania corporation;

Defendant (30) Indresco, Inc. a Delaware corporation; Defendant (31) A.W. Chesterton

Company, a Massachusetts corporation; Defendant (32) Fibreboard Corporation formerly

known as Fibreboard Paper Products Corporation, a Delaware corporation.

4. That at various times the defendants engaged in business in the Commonwealth of the Northern Mariana Islands through the sale, marketing, advertising and use of their products in the CNMI.

5. Plaintiff Dominador Javier was informed and believes and based upon such information and belief allege that at all times and places mentioned herein each of the defendants was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture.

6. That during the period of time between the years 1924 and 1993, and at all times mentioned herein defendants, and each of them were engaged in business of manufacturing, fabricating, designing, assembling, distributing, leasing, buying, selling, shipping, inspecting, servicing, repairing, marketing, warranting and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance in the Republic of the Philippines.

7. That at all times mentioned herein, defendants, and each of them, singularly and jointly, negligently and carelessly researched, tested or failed to test, warranted or failed to warrant, manufactured, designed, developed, distributed, labeled, advertised, marketed, inspected, repaired, fabricated, modified, serviced and sold a certain substance, the generic name of which is asbestos, and other products containing said substance in such a manner as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated,

6

used and employed; and, that said defendants and each of them, negligently failed to discover said defects and/or failed to warrant and/or adequately test and give adequate warning of known or knowable dangers of asbestos and asbestos products to users of said products of said defects and dangers, and/or failed to find or use a safe substitute material in lieu of asbestos.

8.  Plaintiff Dominador Javier is a worker who for a substantial length of time in the course of his employment used, handled or was otherwise exposed to the asbestos and asbestos products referred in ¶7 above in a manner that was reasonably foreseeable by defendants.

9.  That at all times at plaintiff Dominador Javier places of employment, defendants, and each of them, carelessly and negligently permitted dangerous and defective asbestos products to exist at such locations, and furthermore, defendants and each of them negligently failed to provide plaintiff Dominador Javier a safe place of employment and negligently failed to warn of the dangers of asbestos.

10.  That as a direct and proximate result of the conduct of defendants, and each of them, as aforesaid the exposure of plaintiff Dominador Javier to asbestos and asbestos products caused severe and permanent injury to the plaintiff, including but not limited to mesothelioma, cancer, and other lung damage and disease, and other bodily injuries, including shock, great pain of body and mind, fear of cancer, fear of death and so has been permanently injured thereby.

11.  That as a direct and proximate result of the conduct of defendants, and each of

7

them, plaintiff Dominador Javier has incurred, is presently incurring, and will incur in the

future, liability for physicians, surgeons, nurses, hospital care, medicine, hospitals and

other medical treatment, the true and exact amount thereof being unknown to plaintiff at

this time, and plaintiff Dominador Javier prays leave to amend this complaint accordingly

to confirm to proof at the time of trial.

12.  That as a further direct and proximate result of the said conduct of defendants

and each of them, plaintiff Dominador Javier has incurred and will incur, loss of income,

wages, profits and commissions, a diminishment of earning potential, and other pecuniary

loses, the full nature and extent of which are not yet known to plaintiff Dominador Javier,

and leave is requested to amend this complaint to conform to proof at the time of trial.

13.  That the conduct of the defendants as alleged herein is in violation of the law

of nations, including but not limited to customary international human rights law, the

United Nations Charter, and the Universal Declaration on Human Rights, and U.S.

treaties in that Plaintiff Dominador Javier was employed at U.S. military installations in

the Republic of the Philippines existing by virtue of treaties between that country and the

United States.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against

defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

## STRICT LIABILITY

14.  That plaintiff Dominador Javier realleges and incorporates herein as if fully

8

set forth the allegations contained in the First Cause of Action.

15.  That at all times and places mentioned herein, defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining per sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos and asbestos products.

16.  That about the period of time between the years 1924 through 1993 and at other times mentioned herein, the above-described asbestos and asbestos products were in substantially the same condition as at the time of design, manufacture, assembling, testing, inspection, marketing, distribution and sale.

17.  That at all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and defendants and each of them failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos and asbestos products, all of which directly and proximately resulted in the injuries and damage suffered by plaintiff Dominador Javier.

18.  By reason of the foregoing, defendants and each of them, are strictly liable to plaintiff Dominador Javier.

WHEREFORE, plaintiff Dominador Javier prays for judgment against defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

## WARRANTY OF MERCHANTABILITY

9

19. That the allegations contained in plaintiff Dominador Javier's First and Second Causes Action are realleged and incorporated herein as if fully set forth.

20. That at all times and places mentioned herein defendants, and each of them, at the time of design, manufacturer, and sale of said asbestos and asbestos products expressedly and impliedly warranted that said asbestos products as hereinabove described were of a merchantable quality, properly designed, manufactured and reasonably fit and suitable for your ordinary use and safe for the use for which they were intended.

21. That the purchasers and users of said asbestos and asbestos containing products the purchasers and users of said asbestos and asbestos containing products, including plaintiff Dominador Javier and his employers, relied upon said representations of defendants, and each of them, in the selection, purchase, and use of asbestos and asbestos containing products.

22. That at all times and places mentioned herein, defendants and each of them breached said warranty in that said representations by defendants and each of them were false and untrue in that said asbestos products were not of merchantable quality nor properly designed, nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, market, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to and in fact did cause injury by reason of defendants design and manufacture, and failure to warn; and further said asbestos products could not

10

safely be used by a person exercising ordinary and reasonable care.

23. That as a direct and proximate result of said false representations and breaches of express and implied warranties plaintiff Dominador Javier sustained the injuries and damages hereinabove set forth.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them as hereinafter set forth.

## FOURTH CAUSE OF ACTION

## LIABILITY-MARKET SHARE

That plaintiff Dominador Javier realleges and incorporates herein the allegations contained in his First, Second and Third Causes of Action.

24. That in the event plaintiff Dominador Javier is unable to identify the specific defendants which supplied the asbestos or asbestos containing products which causes the damage referred hereinabove, plaintiff Dominador Javier alleges that as between an innocent plaintiff and culpable defendants, the latter should bear the costs of injury.

25. That plaintiff Dominador Javier was exposed to asbestos emanating from asbestos containing products which are and were fungible in appearance as well in composition and which were used in substantially the same manner by plaintiff Dominador Javier and/or those working in the vicinity of plaintiff.

26. That through no fault of plaintiff Dominador Javier this asbestos, and/or these asbestos containing products cannot be traced to a specific producer although there is high probability that the injuries stated herein were caused by the tortious behavior of

some, one, or all of the defendants.

27.  That each defendant is liable for plaintiff Dominador Javier's injuries in proportion to that defendant manufacturer's share of the asbestos materials market.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against defendants, and each of them as hereinafter set forth.

**FIFTH CAUSE OF ACTION**

**ENTERPRISE LIABILITY**

28.  That the allegations contained in plaintiff's First through Fourth Causes of Action are realleged and incorporated herein as if fully set forth.

29.  That as a direct and proximate result of the defendants manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in private industries, and so that the aforesaid described materials came into use by plaintiff Dominador Javier, and or to which he came in contact, plaintiff has been injured as described herein.

30.  There is a high probability that the injury stated herein were caused by the tortious behavior of some one of the defendants.

31.  Defendants concertedly adhere to a dangerous industries wide safety standard in their manufacture of the asbestos products.

32.  That each defendant manufacturer is liable to plaintiff or plaintiff for all injury stated herein by a virtue of industry wide or enterprise liability.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and

12

against defendants, and each of them as hereinafter set forth.

## SIXTH CAUSE OF ACTION

## INTENTIONAL TORT

33.  That plaintiff realleges and incorporates herein as if fully set forth his

allegations contained in his First through Fifth Causes of Action.

34.  That at all times and places herein mentioned, defendants, and each of them,

so designed, manufactured, selected materials, assembled, inspected, tested, maintained

for sale, marketed, distributed, lease, sold, rented, recommended and/or delivered the

hereinabove described asbestos products knowing that said asbestos products were in a

defective and unsafe condition, and unfit for use in the way and manner such products are

normally used, and intentionally caused the injuries hereinabove described to plaintiff

Dominador Javier in his capacity as an employee and worker.

WHEREFORE, plaintiff Dominador Javier prays for judgment over and against

defendants, and each of them, as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

## PUNITIVE DAMAGES

35.  That the allegations contained in plaintiff Dominador Javier's First through

Sixth Causes of Action are realleged and incorporated herein as if fully set forth.

36.  That in researching, testing, manufacturing, distributing, labeling, and

marketing asbestos and asbestos products, defendants, and each of them did so with a

conscious disregard for the safety of the users of said asbestos and asbestos products, in

that defendant had specific prior knowledge that there was a high risk of injury or death

resulting from exposure to asbestos or asbestos products, including, but not limited to,

mesothelioma, lung cancer and other forms of cancer, and asbestosis, said knowledge

being obtained in part from scientific studies and medical data to which defendants had

access, as well as scientific studies performed by, at the request of, or with the assistance

of, said defendants and which knowledge was obtained by said defendants on or before

the year 1933, and thereafter.

38. That on or before 1933, and thereafter, said defendants knew that users of

asbestos and asbestos products as well as members of the general public who were

exposed to asbestos and asbestos products would assume, and in fact did assume, that

exposure to asbestos and asbestos products were safe, when in fact said exposure was

extremely hazardous to human health.

38. That with said knowledge said defendants and each of them manufactured and

distributed said asbestos and asbestos products without attempting to protect users from

or warn users of the high risk of injury or death resulting from exposure to asbestos and

asbestos products but rather intentionally failed to reveal their knowledge of said risk and

consciously and actively concealed and suppressed said knowledge from members of the

general public that asbestos and asbestos products were safe for all reasonably

foreseeable use, with the knowledge of the falsity of said implied or specific

representations.

39. That the above-referenced conduct of said defendants, and each of them was

and is wilful, malicious, outrageous, and in conscious disregard and indifference to the

safety and health of workers exposed to asbestos and asbestos products, including

plaintiff Dominador Javier by way of punishing said defendants seek punitive damages

according to proof.

WHEREFORE, plaintiff prays for judgment over and against defendants and each

of them, as follows:

1.  For general damages according to proof at trial;

2.  For special damages, including loss of income, wages, and earning potential,

medical and related expenses;

3.  For punitive damages as established at the time of trial;

4.  For plaintiff's costs of suit, attorneys fees and such other and further relief as

the court may deem proper.

DATED this _____ day of May, 2004.

DOUGLAS F. CUSHNIE
Attorney for Plaintiffs


BY _____
    DOUGLAS F. CUSHNIE

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

15

**EXHIBIT 2**

**District Litigation - Detailed Individual Involvement Report**

*Attorney HARRISON, JEFFREY B. is Representing Party(s) In 164 Actions*

Printed on 06/16/2004

Page 1

| MDL Docket | | | | | Transferee | |
|---|---|---|---|---|---|---|
| Civil Action(s) | Judge | Short Caption | CTO | Civil # | Termination - Date | |

**875 - In re Asbestos Products Liability Litigation (No. VI)**

| | | | | | | |
|---|---|---|---|---|---|---|
| CAN-3-93-3068 | Walker | Ayson v. Owens-Corning Fiberglas Corp., et al. | 42 | | | |
| CAN-3-93-3069 | | Batingan v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3070 | | Alfonso v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3071 | | Alp v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3072 | | Avilado v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3074 | | Basa v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3080 | | Belino v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3085 | | Acierto v. Owens-Corning Fiberglas Corp., et al | | | | |
| CAN-3-93-3087 | | Basa v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3090 | | Alban v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3091 | | Dulay v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3092 | | Gabatino v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3093 | | Snyder v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3094 | | Cerezo v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3095 | | Cabayao v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3096 | | Daniel v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3123 | | Castaneda v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3124 | | Castillo v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-3126 | | Ganuelas v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4373 | | Alipis v. Owens-Corning Fiberglas Corp., et al. | 46 | | | |
| CAN-3-93-4374 | | Abellanes v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4375 | | Alix v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4376 | | Cabigting v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4378 | | Cabreros v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4379 | | Balingit v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4388 | | Aguirre v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4389 | | Bagsic v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4390 | | Aquino v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4391 | | Arellano v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4398 | | Fernando v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4400 | | Campana v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4401 | | Dirain v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4402 | | Edejer v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4403 | | Enriquez v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4404 | | Canaynay v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4405 | | Cerezo v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4406 | | Cruz v. Owens-Corning Fiberglas Corp., et al | | | | |
| CAN-3-93-4407 | | Catumber v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4422 | | Guinto v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4423 | | Linayao v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4429 | | Javier v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4430 | | Lopez v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4431 | | Labio v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4432 | | Luyug v. Owens-Corning Fiberglas Corp., et al. | _____ | | | |
| CAN-3-93-4433 | | Illustrisimo v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4442 | | Labampa v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4443 | Weigel | Gorospe v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4444 | Walker | Hernandez v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4447 | | Rosario v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4448 | | Pahudpod v. Owens-Corning Fiberglas Corp., et al. | | | | |
| CAN-3-93-4449 | | Rosel v. Owens-Corning Fiberglas Corp., et al. | | | | |

*Key => Civil Actions enclosed by () have been closed.   a * indicates that the party has been dismissed from the case.*

EX. 2

**MDL Docket**

| Civil Action(s) | Judge | Short Caption | CTO | Transferee Civil # | Termination – Date |
|---|---|---|---|---|---|
| CAN-3-93-4450 | | Quinto v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4451 | | Sandoval v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4452 | | Padillo v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4453 | | Sardinia v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4454 | | Nito v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4455 | | Retutal v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4456 | | Miclat v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4457 | | Lumaban v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4458 | | Reboya v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4459 | | Ramirez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-93-4460 | | Macachor v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-345 | Jensen | Bautista v. Owens-Corning Fiberglas Corp., et al. | 51 | | |
| CAN-3-94-353 | Smith | Custodio v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-354 | Jensen | Deguzman v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-355 | Patel | Devillias v. GAF Corp., et al. | | | |
| CAN-3-94-356 | Wilken | Bernardino v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-358 | Walker | Enriquez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-375 | Weigel | Malapit v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-376 | Walker | Perez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-377 | Smith | Pizarro v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-378 | Patel | Parangalam v. GAF Corp., et al. | | | |
| CAN-3-94-380 | Wilken | Lorenzana v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-381 | | Feria v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-382 | Walker | Imperial v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-384 | Jensen | Lipumano v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-390 | Smith | Suazo v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-391 | Patel | Santiago v. GAF Corporation, et al. | | | |
| CAN-3-94-393 | Henderson | Ramirez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-394 | Walker | Reyes v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-396 | Smith | Suazo v. Owens-Corning Fiberglas Corp.. et al. | | | |
| CAN-3-94-403 | Patel | Tallorin v. GAF Corporation, et al. | | | |
| CAN-3-94-1712 | Smith | Austria v. Owens-Corning Fiberglas Corp., et al. | 57 | | |
| CAN-3-94-1713 | Patel | Castro v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1731 | | Fredeluces v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1734 | Conti | Galinato v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1735 | Henderson | Garcia v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1736 | Patel | Dela Cruz v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1738 | Smith | Faustino v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1741 | Jensen | Alferos v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1761 | Conti | Losorata v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1762 | Smith | Ilagan v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1764 | Patel | Santillano v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1767 | Smith | Quevedo v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1769 | | Menor v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1771 | Conti | Mipa v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-1772 | | Macabenta v. Owens-Corning.Fiberglas Corp., et al. | | | |
| CAN-3-94-2542 | Patel | Abinsay v. Owens-Corning Fiberglas Corp., et al. | 59 | | |
| CAN-3-94-2547 | Wilken | Sabin v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2555 | Henderson | Pascua v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2556 | Wilken | Olis v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2557 | Smith | Arce v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2558 | Jensen | Santos v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2573 | | Robles v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2593 | Patel | Ramos v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2594 | Wilken | Pillagara v. Owens-Corning Fiberglas Corp., et al. | | | |

*Key => Civil Actions enclosed by {} have been closed.  a \* indicates that the party has been dismissed from the case.*

**MDL Docket**

| Civil Action(s) | Judge | Short Caption | CTO | Transferee Civil # | Termination – Date |
|---|---|---|---|---|---|
| CAN-3-94-2596 | Jensen | Gamboa v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2600 | Smith | Giron v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2601 | Wilken | Mayo v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2609 | Henderson | Undan v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2610 | Smith | Jimenez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2611 | Patel | Alver v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2613 | | Librado v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2614 | Smith | Hernandez v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2629 | Jensen | Mesina v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-3-94-2630 | Armstrong | Mirador v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1707 | Wilken | Cerezo v. Owens-Corning Fiberglas Corp., et al. | 57 | | |
| CAN-4-94-1729 | Jensen | Flores v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1737 | | Del Rosario v. Owens-Corning Fiberglas Inc., et al. | | | |
| CAN-4-94-1739 | Wilken | Pena v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1740 | | Cosme v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1758 | | Yance v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1760 | Conti | Labang v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1763 | Jensen | Tagala v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1766 | | Ramos v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1768 | Orrick | Morales v. Owens-Corning Fiberglas Corp., et al. | | | |
| CAN-4-94-1773 | Armstrong | Malit v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2136} | Vukasin | Acierto v. Owens-Corning Fiberglas Corp., et al. | 39 | State Court | 08/13/1993 |
| {CAN-3-93-2138} | | Alahan v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2139} | Walker | Alarcon v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2140} | | Alcazar v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2141} | | Arcena v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2142} | Lynch | Bada v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2144} | Armstrong | Concepcion v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2145} | Caulfield | Dela Rosa v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2146} | Walker | Bundang v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2147} | Smith | Cates v. Owens-Corning Fiberglas Corp., et al. | 40 | | |
| {CAN-3-93-2148} | Henderson | Espina, Sr. v. Owens-Corning Fiberglas Corp., et al. | 39 | | |
| {CAN-3-93-2149} | Lynch | Estrella v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2150} | Armstrong | Eulalia v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2151} | | Florentino v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2154} | Henderson | Mendoza v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2155} | Patel | Nazaire v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2156} | Walker | Ocampo v. Owens-Corning Fiberglas Corp., et al. | 40 | | |
| {CAN-3-93-2157} | Armstrong | Mendoza v. Owens-Corning Fiberglas Corp., et al. | 39 | | |
| {CAN-3-93-2158} | Walker | Mijares v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2159} | | Paulc v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2160} | Caulfield | Racela v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2161} | Vukasin | Magalang v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2162} | Schnacke | Valdez v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2163} | Caulfield | Tungol v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2164} | Patel | Tacorda v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2165} | Weigel | Tiong v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2166} | Lynch | Salazar v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2167} | Vukasin | Sanmillan v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-93-2168} | Legge | Supe v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-94-357} | Henderson | Espiritu v. Owens-Corning Fiberglas Corp., et al. | 51 | Closed | 08/26/2002 |
| {CAN-3-94-392} | | Remorin v. Owens-Corning Fiberglas Corp., et al. | | | |
| {CAN-3-94-2571} | Lynch | Cabalio v. Owens-Corning Fiberglas Corp., et al. | 59 | Closed | 10/06/1994 |
| {CAN-3-94-2572} | | Saaquisame v. Owens-Corning Fiberglas Corp., et al. | | State Court | 10/06/1994 |
| {CAN-3-94-2581} | | Santos v. Owens-Corning Fiberglas Corp., et al. | | Closed | 10/06/1994 |

*Key => Civil Actions enclosed by {} have been closed.  a * indicates that the party has been dismissed from the case.*

MDL Docket                                                                                                Page 4

| Civil Action(s) | Judge | Short Caption | CTO | Transferee Civil # | Termination - Date | |
|---|---|---|---|---|---|---|
| {CAN-3-94-2606} | Patel | Guinihin v. Owens-Corning Fiberglas Corp. | | | Closed | 04/18/2001 |
| {CAN-3-94-2608} | | Mariano v. Owens-Corning Fiberglas Corp., et al. | | | | |
| {CAN-3-94-2632} | Lynch | Florentino v. Owens-Corning Fiberglas Corp., et al. | | | State Court | 10/06/1994 |

REPORT FILTERS ▬▬▬▬▬▬

All Dockets

Limited To  All Represented Parties