

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 13 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | MDL-875 |

RAMON BACA and AGNES BACA,

    Plaintiffs

v.

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY (as
successor in interest to the Atchison,
Topeka & Santa Fe Railway Company),
and OLD ORCHARD INDUSTRIAL
CORPORATION, a corporation, individually
as successor in interest to Vapor Corporation
and Vapor Heating Corporation,

    Defendants.

Civil Action No. 02-CV-1220
United States District Court-New Mexico

### PLAINTIFFS' RESPONSE TO DEFENDANT
### OLD ORCHARD INDUSTRIAL CORPORATION'S
### MOTION TO VACATE CONDITIONAL REMAND ORDER

Plaintiffs Ramon and Agnes Baca, file this response to Defendant Old Orchard Industrial Corporation's Motion to Vacate Conditional Transfer Order. Plaintiffs contend that Defendant Old Orchard's opposition is without merit and would show the Court the following:

### I. Background

Plaintiffs' state court complaint was filed on July 29, 2002 in New Mexico against two defendants, Old Orchard Industrial Corporation ("Old Orchard" herein) and Burlington Northern Santa Fe Railway Company ("BNSF" herein). Plaintiff Ramon Baca is a retired railroad worker who

1

OFFICIAL FILE COPY

IMAGED JUL 17 '04

has been diagnosed with asbestosis and colon cancer. Plaintiffs asserted a FELA claim against Defendant BNSF and negligence and products liability claims against Defendant Old Orchard for Mr. Baca's injury. Defendant Old Orchard removed this case, despite Plaintiffs' non-removable FELA claim, on September 27, 2002. Removal was opposed by both the Plaintiffs and Defendant BNSF. This case was subsequently transferred to MDL 875 on October 29, 2002.

Once in MDL, Plaintiffs vigorously attempted to resolve this case. Plaintiffs filed their required MDL Disclosure materials on December 31, 2002 and made a written settlement offer to Defendants on February 3, 2003. The first of three settlement conferences was held with Judge Weiner's office on April 22, 2003. Exactly one year later, Judge Weiner signed the Suggestion of Remand to return this case to the United States District Court in New Mexico. Defendant Old Orchard has now filed a motion to vacate Judge Weiner's conditional remand order to keep this case in MDL.

## II. Argument

### A. The Panel should defer to the findings of Judge Weiner.

This case has been in Judge Weiner's court for almost two years. During that time several settlement conferences were held in which Judge Weiner's office actively participated. Judge Weiner has now determined that this case is ready for remand. All the arguments set forth by Defendant Old Orchard in its motion to vacate were fully briefed to Judge Weiner before issuing his suggestion of remand. No new reason exists to disregard Judge Weiner's determination that this case should be returned to New Mexico.

As the panel has noted numerous times in the past, Judge Weiner's stewardship has led to the resolution of thousands of actions. (See Panel Transfer Order re: *Lukac v. GATX Corp. et al*,

N.D. Ohio, C.A. No. 1:01-20000, dated Dec. 13, 2001.) Whenever he deems remand to be appropriate, this Panel has not hesitated to permit remand. "We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in MDL-875 proceedings is no longer needed." *Id.* Plaintiffs urge the Panel to defer to the experience and expertise of Judge Weiner in this matter and permit his decision to stand, following a two year transfer period under his jurisdiction.

**B.     Remand will not prevent meaningful settlement discussions.**

Defendant Old Orchard seems to imply in its motion to vacate that "meaningful settlement negotiations" cannot take place outside of MDL. This is nonsense. This case has been pending in MDL for almost two years without any progress towards settlement. Despite Plaintiffs settlement offer in January of 2003 and three hearings with Judge Weiner's office, Defendant Old Orchard has never made a settlement offer. <u>Now</u> that this case may return to New Mexico, Defendant Old Orchard has become a sudden advocate for the settlement process. There is no reason why the "meaningful settlement discussions" now sought by Defendant Old Orchard cannot take place after remand to New Mexico.

Defendant Old Orchard's opposition to remand is consistent with its delay and stall strategy, as evidenced by its wrongful removal of this case in the first place. As noted by the court in *Rosamond v. Garlock Sealing Technologies, Inc.*, "asbestos removal litigation . . . generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district (MDL) court, where the case generally languishes for a protracted period of time." 2004 WL 943924 at *4. In order for the MDL process to retain its integrity, cases must be allowed to return

3

to district court when settlement negotiations have stalled. Who better to make that determination than Judge Weiner? The panel should deny Defendant Old Orchard's motion to vacate and remand this case in accordance with Judge Weiner's findings.

### III. Prayer

Wherefore, Plaintiffs pray that the Panel confirm Judge Weiner's Suggestion of Remand and return this case to the United States District Court in New Mexico.

Respectfully submitted,

**ROVEN, KAPLAN & WELLS, L.L.P.**

_____
John D. Roven
SBOT 17327900
Joe D. Wells
SBOT 90001904
2190 North Loop West, Suite 410
Houston, Texas 77018
(713) 465-8522 (Telephone)
(713) 465-3658 (Facsimile)

**MICHAEL S. SANCHEZ, P.C.**
Michael S. Sanchez
P.O. Box 1297
Los Lunas, New Mexico 87031
(505) 865-0688 (Telephone)
(505) 865-4079 (Facsimile)

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUL 13 2004

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS  
LIABILITY LITIGATION (NO. VI)

MDL-875  
E.D. Pennsylvania

RAMON BACA and AGNES BACA,

  Plaintiffs,

v.  Civil Action No. 02-CV-1220 JC/WWD

THE BURLINGTON NORTHERN AND  
SANTA FE RAILWAY COMPANY (as  
successor in interest to the Atchison,  
Topeka & Santa Fe Railway Company),  
and OLD ORCHARD INDUSTRIAL  
CORPORATION, a corporation, individually  
as successor in interest to Vapor Corporation  
and Vapor Heating Corporation,

  Defendants.

### CERTIFICATE OF SERVICE

Plaintiffs certify that on the _12th_ day of July, 2004, the original plus eleven (11) copies of the attached Plaintiffs' Response to Defendant Old Orchard Industrial Corporation's Motion To Vacate Conditional Remand Order was served via Federal Express upon the Clerk of the Court, with copies to all counsel of record and to the counsel listed in the attached panel service list.

_____  
Joe D. Wells

RECEIVED CLERK'S OFFICE 2004 JUL 13 A 10:39 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 15 2004

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

MDL-875
E.D. Pennsylvania

RAMON BACA and AGNES BACA,

    Plaintiffs,

v.

Civil Action No. 02-CV-1220 JC/WWD

THE BURLINGTON NORTHERN AND
SANTA FE RAILWAY COMPANY (as
successor in interest to the Atchison,
Topeka & Santa Fe Railway Company),
and OLD ORCHARD INDUSTRIAL
CORPORATION, a corporation, individually
as successor in interest to Vapor Corporation
and Vapor Heating Corporation,

    Defendants.

## AMENDED CERTIFICATE OF SERVICE

Plaintiffs certify that on the 15th day of July, 2004, the original plus eleven (11) copies of the attached Plaintiffs' Response to Defendant Old Orchard Industrial Corporation's Motion To Vacate Conditional Remand Order was served via Federal Express upon the Clerk of the Court, with copies to all counsel of record and to the counsel listed in the attached panel service list.

_____
Michael Kaplan

## PANEL SERVICE LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Ramon Baca, et al. v. Burlington Northern & Santa Fe Railway Co., et al.,
E.D. Pennsylvania, (D. New Mexico, C.A. No. 1:02-1220)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Jon B. Orndorff
Baker, Lancianese & Conaty
River Tower, 3rd Floor
1108 Third Avenue
Suite 300
Huntington, WV 25701

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Michael S. Sanchez
Law Office of Michael S. Sanchez
P.O. Box 1297
Los Lunas, NM 87031

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

John S. Thal
Atkinson & Thal
201 Third Street, NW #1850
Albuquerque, NM 87102

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406