JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 26 2004

FILED
CLERK'S OFFICE

**UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

_____

TAMMY J. BROCK, Executrix
For the Estate of
JAMES ORVILLE BARNHART,
deceased,

      Plaintiff,

v.

Georgia-Pacific Corporation

      Defendant.

West Virginia Southern
Civil Action No. MDL 875
C. A. No. 2:03-0055

**PLAINTIFF'S MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER**

In accordance with Rules 7.4 and 7.5 of the Rules of Procedure of the Judicial Panel on

Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the undersigned on behalf of Plaintiff,

Tammy J. Brock, respectfully moves to vacate the Conditional Transfer Order, based on the grounds

that transfer would not satisfy the purposes of 28 U.S.C. section 1407.

    Filed herewith is a Memorandum in support of this Motion.

                    Respectfully submitted,

                    Plaintiff,

                    By Counsel

OFFICIAL FILE COPY

IMAGED JUL 27 '04

John E. Sutter, Esquire (WV Bar No. 4216)
Robert H.Miller, Esquire (WV Bar No. 6278)
The Sutter Law Firm
1598 Kanawha Boulevard East
Charleston, West Virginia 25311
(304) 343-1514

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION     JUL 2 6 2004

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

_____

TAMMY J. BROCK, Executrix
For the Estate of
JAMES ORVILLE BARNHART,
deceased,

   Plaintiff,

v.

Georgia-Pacific Corporation

   Defendant.

West Virginia Southern
Civil Action No. MDL 875
C. A. No. 2:03-0055

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO TRANSFER AND   HER MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Comes now the plaintiff, Tammy Brock, Executrix of the Estate of James O. Barnhart, by

counsel, and files this memorandum of law in support of her opposition to transfer and her motion

to vacate the conditional transfer order.

### FACTS

James Barnhart worked a total of thirteen years for defendant Georgia-Pacific. He first

worked for Georgia-Pacific as a truck driver at its Nitro, West Virginia, warehouse in 1965. In 1966,

Mr. Barnhart left his job with Georgia-Pacific for other employment.  He returned to Georgia-

Pacific's Nitro facility,  and again worked as a truck driver from 1972 through 1983.  Mr. Barnhart

worked for Georgia-Pacific a final time from 1989 through 1990 at the defendant's warehouse in

Wilmington, North Carolina.

Mr. Barnhart was diagnosed with mesothelioma on October 2, 2000. He died from mesothelioma on November 11, 2000.

## PROCEDURAL BACKGROUND

On March 30, 2001, Tammy Brock, Executrix of the Estate of James O. Barnhart, filed a complaint in the Circuit Court of Kanawha County, West Virginia, against twenty-nine manufacturers and distributors of asbestos containing products. The defendants removed the "asbestos action" on May 29, 2001. The asbestos action was later transferred to the asbestos Multidistrict Litigation Judicial Panel ("MDL").

On November 14, 2002, Tammy Brock, also as Executrix of the Estate of James O. Barnhart, filed another complaint in Kanawha County Circuit Court. In the second complaint, the plaintiff sued Mr. Barnhart's employer, Georgia-Pacific. The second suit is a "deliberate intention" action brought pursuant to W. Va. Code section 23-4-2.

Defendant Georgia-Pacific removed this deliberate intention action on January 21, 2003. The action was initially assigned to Judge Charles H. Haden, II, who noticed a Scheduling Conference on January 27, 2003. The defendant then filed a motion for relief from the initial Scheduling Order and Notice. The court granted that motion on February 11, 2003. This deliberate intention action was reassigned to Judge Joseph R. Goodwin on March 25, 2004. A Conditional Transfer Order was entered on June 24, 2004. Plaintiff now timely files this memorandum of law in support of her opposition to the conditional transfer and her motion to vacate the conditional transfer order, both filed simultaneously with this memorandum.

## ISSUE

## SHOULD THIS "DELIBERATE INTENTION" ACTION BE TRANSFERRED TO THE ASBESTOS MULTIDISTRICT LITIGATION PANEL?

## ARGUMENT I

## THIS DELIBERATE INTENTION ACTION SHOULD NOT BE TRANSFERRED TO THE ASBESTOS MDL BECAUSE THIS ACTION DOES NOT INVOLVE QUESTIONS OF LAW AND FACT WHICH ARE COMMON TO ACTIONS AGAINST MANUFACTURERS AND DISTRIBUTORS OF ASBESTOS CONTAINING PRODUCTS.

## DISCUSSION

The purpose of transfers under The Multidistrict Litigation Act is to coordinate or consolidate pretrial proceedings regarding common issues of law and fact for the convenience of the parties, and to promote the just and efficient conduct of such actions. 28 U.S.C. section 1407. Only those actions which share one or more common questions of fact may be consolidated and transferred. More importantly, the transfer and consolidation of related cases should accomplish the just and efficient conduct of the transferred actions, and be convenient for the parties and witnesses. *Id.* The goals set forth in section 1407 will not be accomplished by the transfer of this deliberate intention action to the asbestos MDL.

The three causes of action alleged in the plaintiff's asbestos complaint, as a matter of law, cannot be brought against Mr. Barnhart's employer, Georgia-Pacific. As a general rule in West Virginia, as in the vast majority of states, an employee's exclusive remedy for a work place injury is to file an administrative claim with the Workers' Compensation Commission. The Workers'

3

Compensation Act was designed to remove negligently caused industrial accidents from the common-law tort system. *Mandolidis v. Elkins*, 161 W Va. 695, 246 S.E.2d 907 (1978).

In a small minority of jurisdictions, including West Virginia, employees can sue their employers for work place injuries. Under the provisions of W. Va. Code section 23-4-2, an employer loses immunity from suit under the workers' compensation statute if the employer acts with "deliberate intention" to injure an employee. *Arthur v. E.I DuPont de Nemours & Co.*, 58 F.3d 121 (4th Cir. 1995). West Virginia's "deliberate intention" statute provides that "if injury or death result to any employee from the deliberate intention of his or her employer to produce such injury or death, the employee ... has a cause of action against the employer, as if the workers' compensation laws had not been enacted, for any excess damages over the amount received or receivable under this chapter." W. Va. Code section 23-4-2(b).

In order to recover for injuries resulting from the employers' deliberate intent, an employee must prove that the employer acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. W. Va. Code section 23-4-2 (c)(2)(i). This standard requires a showing of an actual, specific intent. *Id.*

In a deliberate intention action, the trier of fact must find the following elements:

> (A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;
>
> (B) That the employer had a subjective realization and an appreciation of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;
>
> (C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not,

4

or of a commonly accepted and well-known safety standard within the industry or business of the employer, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless thereafter exposed an employee to the specific unsafe working condition intentionally; and

(E) That the employee exposed suffered serious injury or death as a direct and proximate result of the specific unsafe working condition.

W. Va. Code section 23-4-2 (ii).

The plaintiff's complaint against manufacturers and distributors of asbestos products contains three separate causes of action: negligence, strict liability, and civil conspiracy. The elements of these actions are vastly different from the elements which the plaintiff must prove against his employer in this deliberate intention action.

In a negligence action, the plaintiff must prove the existence of a duty, an injury, and some causal connection between the negligence and the injury or damages of which the plaintiff complains. *Hudnall v. Mate Creek Trucking, Inc.*, 200 W.Va. 454, 490 S.E.2d 56 (1997). Intentional wrongdoing need not be proved in a negligence action. *Id.* In an action based on strict liability in tort, the plaintiff must prove that the product in question is defective in the sense that it is not reasonably safe for its intended use. *Morningstar v. Black & Decker Mfg. Co.*, 162 W.Va. 857, 253 S.E.2d 666 (1979).

The elements of an action alleging a civil conspiracy are also different than the elements of a deliberate intent case. In order for a civil conspiracy to be actionable, the plaintiff must prove that

5

the defendants planned, plotted or conspired to commit some wrongful act or to commit a lawful act in an unlawful manner to the injury of plaintiff. *Kessel v. Leavitt,* 204 W.Va. 95, 511 S.E.2d 720 (1998);*Cook v. Hecht's, Inc.,* 176 W.Va. 368, 342 S.E.2d 453, 776, W.Va. (1986). Other than the general existence of asbestos in the work place and the fundamental burden to show proximate cause, no other questions of law or fact are common to the deliberate intention action and the asbestos action which has already been transferred to the MDL. No other element in any cause of action in the asbestos case is the same as any other element in the deliberate action.

For the negligence action in the asbestos case, the plaintiff need only show that the manufacturers and distributors should have known that their asbestos products were unreasonably dangerous. In the deliberate intent action, the plaintiff must meet a much more demanding burden. In order to succeed against Georgia-Pacific, the plaintiff must first show that the use of asbestos in the work place was a violation of a law, regulation or industry wide safety standard. 23-4-2 (c)(2)(i) (C). The employee must also show that the employer knew about the hazardous quality of asbestos and intentionally chose to subject the employee to the hazard despite its knowledge of the danger. 23-4-2 (c)(2)(i) (B). Proof that the employer was negligent is not sufficient to prove the employer's "subjective realization" required in the deliberate intention case. *Belcher v. J.H. Fletcher & Co.,* 498 S. Supp. 629 (S.D.W. Va. 1980).

Likewise, for the strict product liability count in the asbestos case, the plaintiff need only show that the asbestos containing products used by the plaintiff were defective. *Morningstar.* "Product liability" in West Virginia permits a plaintiff to recover when the plaintiff can prove that a product is defective when it left the manufacturer, and where the defective product was a proximate cause of plaintiff's injuries." *Dunn v. Kanawha County Bd. of Ed.,* 194 W.Va. 40, 459 S.E.2d 151

6

(1995).   A claim based on strict liability is designed to relieve the plaintiff from proving that the manufacturer or distributor was negligent in some particular fashion during manufacturing process, and to permit proof of the defective condition of product as the principal basis of liability. *Id.*

Actual knowledge, unlike the subjective realization of the employer required in a deliberate intention case, is not an essential element of a strict liability claim. *Dunn.* Strict liability extends to those in the product's chain of distribution. Id. Thus, an innocent seller can be subject to liability that is entirely derivative simply by virtue of being present in the chain of distribution of a defective product." *Dunn*, at 46. Thus, there are no common questions of fact in the deliberate intention action and the strict liability action other than proximate cause.

Finally, for the civil conspiracy count in the asbestos cases, the plaintiff most show that two separate entities or persons conspired to commit an unlawful act, or conspired to perform an otherwise lawful act in an unlawful manner. These elements are not required in a deliberate intention action. It would be impossible to prove a civil conspiracy in this case because Mr. Barnhart was never a "borrowed servant," who can have two different employers at the same time. *Burdette v. Maust Coal & Coke Corp.,* 159 W.Va. 335, 222 S.E.2d 293 (1976). Georgia-Pacific is the only employer named as a defendant in the deliberate intent action.

The elements of proof for this deliberate intention action are vastly different than the elements of proof in the asbestos case. Because common issues of law and fact do not predominate in both cases, transfer of the deliberate intention case will not serve section 1407's purpose of coordinating and consolidating pretrial proceedings. Therefore, this deliberate intention action should not be transferred to the asbestos MDL.

28 U.S.C.A. § 1407(a) provides that "[s]uch transfers . . . will be for the convenience of

7

parties and witnesses and will promote the just and efficient conduct of such actions." Once the

Panel establishes the existence of common questions of fact it may transfer actions to "any district."

Historically, in selecting a transferee district the Panel has taken the following factors into

consideration:

> 1. The forum where most of the defendants are located. *In re Master Key*, 320 F.
> Supp. 1404 (J.P.M.L. 1971);
>
> 2. Where the conspiratorial activity has allegedly occurred. *In re Motor Vehicle Air
> Pollution Control Equipment*, 311 F. Supp. 1349 (J.P.M.L. 1970);
>
> 3.   Where the documentary evidence is located. *Master Keys, supra*; and,
>
> 4.   Where some discovery has been conducted. *In re Concrete Pipe*, 303 F. Supp.
> 507 (J.P.M.L. 1969).

These same factors are relevant when deciding whether this unique deliberate intention action

should be transferred to asbestos MDL.   The forum where the defendant is located is West Virginia.

Mr. Barnhart's deliberate intention claim arises from his work at Georgia-Pacific's plant in Nitro,

West Virginia.   Consequently, the activity on the part of the employer in knowingly exposing Mr.

Barnhart  to a hazardous work place occurred at the employer's plant located in West Virginia.

Likewise, any work records and other documents relevant to Mr. Barnhart's work for  Georgia-

Pacific will be located at its plant in West Virginia.  Finally, no discovery has been conducted in this

case.  Therefore, the defendant will not be prejudiced by this deliberate intention  action  remaining

in West Virginia.

This  deliberate  intention  action  is  substantially  different  from  the  claims  against  the

manufacturers and distributors of products containing asbestos.  Because of the unique elements

which a plaintiff must prove in a deliberate intention action, this case is  more complex than the

asbestos case. Plaintiffs' deliberate intention action arises from his work at the Georgia-Pacific plant

in Nitro, West Virginia. Thus, the nexus of most discovery will be predominantly in West Virginia. Also, the convenience of witnesses and the parties would be best be served if West Virginia is the forum to this unique cause of action.

## ARGUMENT II

## THIS ACTION SHOULD NOT BE TRANSFERRED TO THE ASBESTOS MDL BECAUSE, AS A MATTER OF LAW, THE PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST HIS EMPLOYER IN A DELIBERATE INTENTION CASE.

## DISCUSSION

The court's policy of declining to transfer cases in which punitive damages are sought should not be a basis to transfer this case to the MDL. As a matter of law, plaintiffs in deliberate intention actions cannot recover punitive damages. W. Va. Code section 23-4-2 creates this statutory cause of action. This same section also limits the types of damages a deliberate intention plaintiff can recover. W. Va. Code section 23-4-2(c)(2)(iii)(A) provides that employees and other plaintiffs may not recover punitive or exemplary damages against employers. Therefore, this case should not be transferred to the MDL because of the potential for punitive damages.

## CONCLUSION

This case should not be transferred to the MDL because there is not a sufficient number of common questions of law and fact to satisfy the purpose of 28 U.S.C. section 1407. The only questions of law and fact common in both lawsuits are the use of asbestos and proximate cause. Because substantially differing questions of law and fact predominate in this deliberate intention action, it should not be transferred to the MDL. Thus, section 1407's purpose of consolidating and

9

coordinating pre-trial discovery cannot possibly be satisfied by transferring this unique and substantially different cause of action to the MDL.

Transfer of this action to the MDL will not be convenient for the parties or the witnesses. Mr. Barnhart's work occurred in West Virginia. Co-workers who will testify about Georgia-Pacific's Nitro plant and about the work Mr. Barnhart performed there are in West Virginia. Work records and other employment related documents will be in Nitro, West Virginia. Transfer of this action to the MDL cannot possibly satisfy section 1407's purpose of making the litigation convenient for the parties. Because the purposes of transferring actions with common questions of law and fact cannot be satisfied by transferring this unique cause of action to the MDL, the conditional transfer order should be revoked, and this action should be allowed to proceed in West Virginia.

Respectfully submitted,

Plaintiff,

By Counsel,

John E. Sutter (WV Bar # 4216)
Robert H. Miller, II (WV Bar # 6278)
The Sutter Law Firm, PLLC
1598 Kanawha Boulevard, East
Charleston, WV 25311
(304) 343-1514

10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES OF AMERICA**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

JUL 2 6 2004

FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

_____

TAMMY J. BROCK, Executrix
For the Estate of
JAMES ORVILLE BARNHART,
deceased,

       Plaintiff,

v.

Georgia-Pacific Corporation

       Defendant.

West Virginia Southern
Civil Action No. MDL 875
C. A. No. 2:03-0055

**CERTIFICATE OF SERVICE**

I, Robert H. Miller, II, counsel for plaintiff, do hereby certify that I have served the foregoing

**PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER** and

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER OPPOSITION TO**

**TRANSFER AND HER MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER**

by placing a true copy in an envelope, postage prepaid, in United States Mail, addressed as follows:

    Joseph S. Beeson
    Robinson & McElwee
    P. O. Box 1791
    Charleston, West Virginia 25326-1791
    Counsel for Georgia-Pacific Corporation

    Michael Hutchins
    Kasowitz, Benson, Torres &
    Friedman
    Suite 1150
    1360 Peachtree Treet, N.E.

Atlanta, GA 30309
Counsel for Georgia-Pacific Corporation

Plaintiff,

By Counsel

John E. Sutter, Esquire (WV Bar ID # 4216)
Robert H.Miller, Esquire (WV Bar ID# 6278)
The Sutter Law Firm
1598 Kanawha Boulevard East
Charleston, West Virginia 25311
(304) 343-1514

**PANEL SERVICE LIST (Excerpted from CTO-234)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Tammy Brock, etc. v. Georgia-Pacific Corp.*, S.D. West Virginia, C.A. No. 2:03-55

Joseph S. Beeson
Robinson & McElwee
P.O. Box 1791
Charleston, WV 25326-1791

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Michael E. Hutchins
Kasowitz, Benson, Torres & Friedman
1360 Peachtree Street, N.E.
One Midtown Plaza, Suite 1150
Atlanta, GA 30309

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Robert H. Miller, II
The Sutter Law Firm
1598 Kanawha Boulevard East
Charleston, WV 25311

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406