ORIGINAL

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 6 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)<br><br>This document relates to:<br><br>LLOYD SPEARS,<br><br>       Plaintiff,<br><br>vs.<br><br>ACandS INC., et al.,<br><br>       Defendants. | MDL Docket No. 875<br><br>W.D. Washington, No. CV 04-653L<br><br>NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF LEANN MCDONALD IN SUPPORT THEREOF |

PLEASE TAKE NOTICE THAT Plaintiff LLOYD SPEARS, by his attorneys, hereby moves to vacate or stay Conditional Transfer Order No. 234 to the extent it would transfer his case to the Eastern District of Pennsylvania for consolidation with MDL 875 cases, until such time as the United States District Court for the Western District of Washington decides a fully briefed motion to remand, which may be decided at any time. Plaintiff bases this motion on the ground that the removing defendant's arguments in favor of removal are legally and factually deficient, the Western District of Washington is better situated to decide the factual issues and questions of Washington law that are pertinent to the remand motion, and there are no issues raised by the remand motion that would be uniquely raised in asbestos cases.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 6 2004

FILED
CLERK'S OFFICE

Dated: July 23, 2004        BRAYTON PURCELL

By: /s/ LeAnn McDonald

LeAnn McDonald
BRAYTON ❖PURCELL
621 SW Morrison, Suite 950
Portland, Oregon 997205
(503) 295-4931
Attorneys for Plaintiff

## MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR STAY

### I. INTRODUCTION

The Removing Defendants based their removal on foreign enclave jurisdiction. However, the facts underlying Plaintiff's claims for damages in this case *do not* arise out of activities conducted on a United States Army base or any other federal property. Because the Western District Court of Washington is without jurisdiction to hear this case, that Court must ultimately remand this action to the Superior Court of Washington from which it was improvidently removed. There is absolutely no federal jurisdiction over the claims in this matter.

### II. STATEMENT OF FACTS

The causes of action alleged in this matter include product liability, negligence and civil conspiracy. All of these causes of action are based on state law. No federal question is raised in the complaint.

The Removing Defendant was served with the Plaintiff's summons and complaint on February 27, 2004. The Notice of Removal was filed on March 26, 2004. The Removing Defendant bases its removal upon 28 U.S.C. Sec. 1331, and alleges that "the underlying action arises (in part) out of activities conducted on United States Army bases in Washington, California and Texas....These bases are federal enclaves" (Notice of Removal, page 2).

Plaintiff's exposure to asbestos that forms the bases of his complaint against the Removing Defendant and the other Defendants did not occur on federal land or enclaves. The

exposure alleged by Plaintiff occurred at his job sites at, and during his employment with, Longbell Lumber, Pacific Paper Board and the Weyerhaeuser Company. (Declaration of LeAnn McDonald and Exhibit A thereto).

### III. ARGUMENT

**A.  THE WESTERN DISTRICT COURT OF WASHINGTON DOES NOT HAVE JURISDICTION OVER THIS CASE AND REMAND IS THEREFORE IMMINENT .**

The burden of establishing federal jurisdiction is upon the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. 28 U.S.C. Sec. 1441(6); <u>Emrich v. Touche Ross & Co.</u>, 846 F.2d 1190 (9th Cir., 1988). In this instance, the Removing Party has failed to meet its burden and remand is imminent.

The Removing Party bases its entire argument for removal upon a reference to the Plaintiff's exposure to asbestos while he served in the army from 1951 until 1953. As the declaration of LeAnn McDonald proves, however, the exposure to asbestos which forms the basis of Plaintiff's claims in this matter did not occur while he was in the army. Exhibit A to the Plaintiff's complaint is simply a list of the Plaintiff's job sites and exposure locations. The Plaintiff has made no claim in this lawsuit for damages arising out of his work at army bases or any other federal property. McDonald Declaration..

Federal enclave jurisdiction over personal injury claims exists only where the injuries occur on property under the exclusive jurisdiction of the United States. *See,* <u>Willis v. Craig</u>, 555 F.2d 724 (9th Cir., 1977), *citing,* <u>Mater v. Holley</u>, 200 F.2d 123 (5th Cir., 1952). Because the injuries alleged in Mr. Spears' case did not occur on federal property, this Court does not have jurisdiction of this case. This matter must ultimately be remanded to the King County Superior Court. Therefore, vacation or stay of the transfer order is necessary, as federal jurisdiction over Plaintiff's claims does not exist.

### IV. CONCLUSION

Based on the above, plaintiff requests that the Panel vacate or stay the order of transfer

1  if this case, thus allowing the Western District of Washington Court judge to rule on the
2  remand motion.

3
4        Dated this 23rd day of July, 2004.
5
6                                BRAYTON ❖ PURCELL
7
8
9        By: _____
             LeAnn McDonald, WSBA # 16182
10            Attorneys for Plaintiff

MOTION TO VACATE OR STAY CONDITIONAL ORDER OF TRANSFER            4

Case MDL No. 875   Document 4208   Filed 07/26/04   Page 5 of 10

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 6 2004

FILED
CLERK'S OFFICE

## DECLARATION OF LEANN MCDONALD

I, LeAnn McDonald, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of Washington and am employed by the law firm of BRAYTON PURCELL, attorneys of record for the Plaintiff herein.

2. Attached hereto as Exhibit A is a true and correct copy of the Plaintiff Lloyd Spears' work history and his history of exposure to asbestos. Plaintiff Spears is making no claims in this matter for any injury or exposure which may have occurred on an army base or other federal property.

I declare under penalty of perjury under the laws of the States of Oregon and Washington that the foregoing is true and correct.

Executed this 23rd day of July, 2004, in Portland, Oregon.

_____
LeAnn McDonald

MOTION TO VACATE OR STAY CONDITIONAL ORDER OF TRANSFER

EXHIBIT A

Lloyd Spears v. Asbestos Defendants (B✤P)

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Longbell Lumber Company, Longview WA | Longbell Lumber Company, Longview, WA | Pipefitter | Summer 1946, Summer 1949 |

Job Duties: Plaintiff worked with a pipe crew repairing steam pipes on drying kilns. Plaintiff broke up raw asbestos and mixed it with water to make mud, used pre-cut asbestos pipe insulation, and worked with GARLOCK 900 asbestos gaskets and asbestos string packing. Plaintiff currently contends that he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Pacific Paper Board, Longview, WA | Pacific Paperboard, Longview, WA | Laboratory Technician | 1949-1951 |

Job Duties: Plaintiff worked as a lab technician in a pulp and paper mill. Plaintiff recalls the following co-workers: Jim Hoffman, Longview, Washington; and Jim Sutton, Castle Rock, Washington. Plaintiff currently contends he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| United States Army | Ft. Lewis, Tacoma, WA; Ft. Ord, Monterey, CA; Ft. Sam Houston, San Antonio, TX; Various Bases in Germany | Private 1st Class | 3/51-3/53 |

Job duties: Plaintiff was a lab technician with the United States Army. Plaintiff believes he may have used asbestos gloves while handling hot glassware. Plaintiff currently contends he may have been exposed to asbestos during this employment.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|

| Employer | Exposure | Job Title | Dates |
|---|---|---|---|
| Weyerhaeuser Timber Comapny, Longview, WA | Weyerhaeuser, Longview, WA | Laborer | 1953-1955 |

Job Duties: Plaintiff worked in the forest. Plaintiff drove a dump truck, exploded tree stumps, and set chokers. Plaintiff recalls the following supervisor; Dick Nesbitt, Toledo, Washington. Plaintiff also recalls the following co-workers: Pat Kline, Castle Rock, Washington; and Mike Kline, Castle Rock, Washington. Plaintiff is currently unaware if he was exposed to asbestos during this employment

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Weyerhaeuser, Longview, WA | Weyerhaeuser, Longview, WA | Pipefitter | 1955-1959 |
| | | Mason | 1959-1991 |

Job Duties: Plaintiff worked throughout the Weyerhaeuser facility. Plaintiff was a pipefitter between 1955 and 1959, and a mason/carpenter between 1959 and 1991. Plaintiff worked primarily applying and removing pipe insulation. Plaintiff recalls going to the roundhouse to get hacksaw blades to cut asbestos insulation. Plaintiff also laid bricks in the lime kilns and did some general carpentery work. Plaintiff worked in the powerhouse on red liquor boilers #1 and #2, and on black liquor boilers #3 and #4. Plaintiff worked on GENERAL ELECTRIC and WESTINGHOUSE turbines. Plaintiff recalls that approximately once a year the turbines were overhauled. An older gentleman from GENERAL ELECTRIC named "Mac" would oversee the overhaul process. Plaintiff used asbestos paper on the head bolts. Plaintiff insulated the turbines with between three and five inches of asbestos mud. Plaintiff insulated turbines approximately three to four times a year as a mason. Plaintiff insulated condensate pumps. Plaintiff assisted pipefitters as they changed gaskets and packing materials on pumps. Plaintiff recalls working with pumps manufactured by BINGHAM, VIKING, and INGERSOLL. Plaintiff insulated the red liquor boiler, power boilers, Kraft and KAMYR digesters. Plaintiff recalls insulating the continuous digester. Plaintiff insulated the back-end and steam lines to and from the #3 and #4 paper machines. Plaintiff worked in the proximity of millwrights and other trades as they changed and disposed of old and brittle dryer felts. Plaintiff recalls that the felts were cut and torn into strips before they were disposed. Plaintiff mixed raw asbestos with water to make mud. Plaintiff mixed asbestos and Portland cement and then put this compound on the floor near the sulfite digester in the digester building. Plaintiff applied grey and brown Limpet manufactured by T & N PLC using an 80 lb. Limpet machine in the mid 1960's. The Limpet machine was rented by Weyerhaeuser and would break apart the raw Limpet to make insulation. Plaintiff used a gas mask while using Limpet. Plaintiff sprayed Limpet in the digester building. Plaintiff applied a coat of Limpet approximately 3 inches thick. Plaintiff recalls that it was very dusty when applying Limpet. Plaintiff used gaskets and valve packings manufactured by GARLOCK,

INC. Plaintiff used asbestos fiber, asbestos mud, asbestos cloth, asbestos tape, asbestos pipe, asbestos pipecovering, asbestos rope, asbestos packings, asbestos cement, asbestos cement boards, asbestos lagging, insulation pads, asbestos pads, asbestos paper, asbestos insulating felts, asbestos gaskets, manhole and handhold gaskets, asbestos curtains and asbestos powder. Plaintiff applied and removed insulation pads, asbestos pipe, pipe lagging, asbestos pre-cut block, asbestos wallboard, asbestos fireproofing, asbestos valve packings, asbestos boiler lagging, asbestos steam line insulation and asbestos tubing. Plaintiff recalls using pump packings manufactured by THE ANCHOR PACKING COMPANY; valve packings manufactured by JOHN CRANE, INC; PABCO insulating material manufactured by FIBREBOARD CORPORATION; asbestos cement manufactured by THE FLINTKOTE COMPANY; insulation manufactured by J.P. STEVENS & CO., OWENS CORNING, gasket and packing material manufactured by A.W. CHESTERTON COMPANY, and PHILIP CAREY CORPORATION. Plaintiff also recalls working with asbestos containing materials manufactured by THE BENDIX CORPORATION, ARMSTRONG WORLD INDUSTRIES, INC. and CERTAINTEED CORPORATION. Plaintiff worked with asbestos gloves. Plaintiff worked in all areas of the mill, including the powerhouse, machine rooms, chemical plant, and the digester buildings. Plaintiff recalls the following co-workers: Lyle Kaines, Longview, Washington; Bud Will, Longview, Washington; Fred Lowe, Longview, Washington; and Asko Alholm, c/o Brayton ❖ Purcell; Jim Risner, c/o Brayton ❖ Purcell; Allen Jack Cox III, c/o Brayton ❖ Purcell; Bill Machin, c/o Brayton ❖ Purcell; Gene McCleary, c/o Brayton ❖ Purcell; Doyle Conner, c/o Brayton ❖ Purcell; Roger Brown, c/o Brayton ❖ Purcell; Joe Burgin, c/o Brayton ❖ Purcell; Claudie Freeman, c/o Brayton ❖ Purcell; Gene Becker, Longview, Washington. Plaintiff currently contends he may have been exposed to asbestos during this employment.

Non-occupational Exposure: Plaintiff changed the rear brakes on a 1948 FORD tractor approximately 6 times. Plaintiff purchased the tractor used from a neighbor in approximately 1958. Plaintiff believes that he removed original equipment because the brakes were very worn down. Plaintiff purchased new FORD parts when he replaced brakes on this tractor.

Plaintiff changed brakes on a 1948 DODGE truck that he purchased in the 1970's for his son. Plaintiff is not aware of changing original parts on this vehicle.

Plaintiff changed brakes and brake shoes on a 1969 CHEVROLET truck that he purchased used in 1971. Plaintiff believes that he changed original brakes on this vehicle because they were extremely worn when he changed them.

Plaintiff changed brakes on a 1956 four door CHEVROLET station wagon that he purchased in 1981.

Plaintiff recalls purchasing aftermarket friction materials from CARQUEST, in Castle Rock, Washington. Plaintiff recalls purchasing pads, discs, and linings.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 2 6 2004

FILED
CLERK'S OFFICE

PROOF OF SERVICE

I am employed in the County of Multnomah, State of Oregon. I am over the age of 18 years and am not a party to the within action. My business address is 621 SW Morrison, Suite 950, Portland, Oregon, 97205.

On July 23, 2004, I served the attached:

**NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; BRIEF IN SUPPORT OF MOTION; DECLARATION OF LEANN MCDONALD IN SUPPORT THEREOF**
Lloyd Spears v. ACandS, Inc., et al.
W.D. Washington, CA No. 2:04-653

on the interested parties in this action by transmitting a true copy thereof in a sealed envelope, and each envelope addressed as follows:

Clerk
United States District Court
Western District of Washington
1010 Fifth Avenue
Seattle, WA 97104
**(2 copies)**

AND

**ALL PARTIES ON ATTACHED MDL SERVICE LIST**

XXX    (BY MAIL) I am readily familiar with the business practice at my place of business for collection and processing of correspondence for delivery by mail. Correspondence so collected and processed is deposited with the United States Postal Service on the same day in the ordinary course of business. On the above date the said envelope was collected for the United States Postal Service following ordinary business practices.

Executed this **July 23, 2004**, at Portland, Oregon.

I declare under penalty of perjury that the foregoing is true and correct.

_____
ABIGAIL ADAMS

MOTION TO VACATE OR STAY CONDITIONAL ORDER OF TRANSFER

**PANEL SERVICE LIST (Excerpted from CTO-234)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Lloyd Spears v. ACandS, Inc., et al.*, W.D. Washington, C.A. No. 2:04-653

Kevin C. Baumgartner
Corr & Cronin, L.L.P.
1001 4th Avenue, Suite 3700
Seattle, WA 98154

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Diane J. Kero
Gordon, Thomas, Honeywell, et al.
One Union Square, Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Virginia Leeper
The Gaitan Group
3131 Elliott Avenue, Suite 700
Seattle, WA 98121

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher S. Marks
Williams, Kastner & Gibb
P.O. Box 21926
Seattle, WA 98111-3926

LeAnn McDonald
Brayton Purcell
The American Bank Building
621 S.W. Morrison, Suite 950
Portland, OR 97205

Cori Gordon Moore
Perkins & Coie
1201 3rd Avenue
Suite 4800
Seattle, WA 98101

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Bradford Allen Patrick
Preg O'Donnell & Gillett
1800 Nineth Avenue, Suite 1500
Seattle, WA 98101

Kenneth E. Petty
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Jackson Schmidt
Pepple, Johnson,cantu & Schmidt
1218 3rd Avenue, Suite 1900
Seattle, WA 98104

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

G. William Shaw
Preston, Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Matthew Turetsky
Schwabe Williamson & Wyatt
1420 5th Ave Ste 3010
Seattle, WA 98101-2339

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406