JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 27 2004

FILED
CLERK'S OFFICE



DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janet Hockley v. ACF Valves, et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No. 1:04CV512

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER PURSUANT TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PURSUANT to Rules 7.2 and 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, the Plaintiff hereby moves to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on June 24, 2004, in the above cited case by the Clerk of the Panel transferring this action to the United States District Court for the Eastern District of Pennsylvania (MDL Docket No. 875).

Plaintiff avers as follows in support of this Motion:

1. This action was originally filed in the state court of Mississippi. This action was wrongfully removed to Federal District Court.

2. A Conditional Order was entered on June 24, 2004. Thereafter, on July 6, 2004, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiff timely filed her Opposition to the Conditional Transfer Order.

3. Defendant's removal is without proper grounds. The removal asserts "federal enclave" and "federal officer" jurisdiction as a jurisdictional basis for the removal.

4. In order to establish "federal enclave" or "federal officer" jurisdiction, Defendants point to the fact that James Jay, Jr., Deceased, was employed by the Coast Guard in Gulf Port, Mississippi.

5. In their initial Complaint (a copy of the first page and paragraph 62 of the Complaint is attached as Exhibit "A"), Plaintiff has completely waived and disavowed any and all claims relating to a federal exposure. *See* Complaint at ¶ 62.

IMAGED JUL 28 '04   OFFICIAL FILE COPY

6. Specifically, the Complaint states:

**The Plaintiff specifically denies that he has ever had any claims for relief under any applicable federal statute against any Defendant and waive any and all claims that might have accrued under any applicable federal statute. The Plaintiff denies that he was ever exposed to asbestos on property subject to federal jurisdiction and waive the right to seek recovery for any alleged exposure that may have occurred on property subject to federal jurisdiction.**

(emphasis added).

7. Because Plaintiff has properly disclaimed any exposure to asbestos on a federal facility in their Complaint, it is unnecessary for the Court to apply the test for federal officer removal in this case.

8. Further, Defendants have failed to present any evidence to the Court of the existence of any facts establishing "federal enclave" and/or "federal officer" jurisdiction. As such Defendants' Removal is defective on its face.

9. This case should not be transferred to the MDL because there exists no original federal jurisdiction. Transfer to the MDL will only delay the inevitable conclusion of lack of federal jurisdiction and remand back to the state courts of Mississippi.

10. Under 28 USC §1407, the purpose of the MDL is to conserve judicial economics, avoid duplicate discovery, and avoid conflicting scheduling. The purpose is not to create federal jurisdiction when there is none.

11. Plaintiff submits the accompanying Brief in Support of this Motion.

WHEREFORE, premises considered, the Plaintiff respectfully moves the Panel to vacate the Conditional Transfer Order previously entered by the Clerk of the Panel on June 24, 2004, or in the alternative, refuse to serve on the transferee District Court the Conditional Transfer Order until the transferee District Court has ruled on the Remand.

Respectfully submitted, this the 26th day of July, 2004.

*JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*JUL 2 7 2004*

*FILED CLERK'S OFFICE*

_____
LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:   (601) 968-0000
Facsimile:    (601) 968-0010

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiffs hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-226, a copy of which is attached hereto and all counsel of record in this case attached hereto as well.

This the 26th day of July, 2004.

_____
LOUIS H. WATSON, JR.

*RECEIVED CLERK'S OFFICE 2004 JUL 27 A 11: 58 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# PANEL SERVICE LIST (Excerpted from CTO-234)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janet Hockley v. ACF Valves, et al.*, S.D. Mississippi, C.A. No. 1:04-512

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Louis H. Watson, Jr.
Watson & Heidelberg
520 East Capitol Street
Jackson, MS 39201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

JANET HOCKLEY, As Personal
Representative of the Estate of
JAMES W. JAY, JR., DECEASED

**PLAINTIFF**

VS.

CIVIL ACTION NO.: 2004-0116

METROPOLITAN LIFE INSURANCE CO., ET AL.

**DEFENDANTS**

## COMPLAINT

## JURY TRIAL REQUESTED

COMES NOW, the Plaintiff, listed on Exhibit A, complaining against the various Defendants listed on Exhibit B and for his cause of action would show the following:

1. Plaintiff is an adult resident citizen of the State of Mississippi, County of Copiah and is listed and identified on Exhibit A, annexed hereto.

2. The Defendants are corporations, or successors in interest to such corporations, who are citizens of (i) Mississippi or (ii) states other than Mississippi, who have either obtained certificates of authority to transact business in Mississippi pursuant to Section 79-3-211 et seq., Mississippi Code of 1972, or who transacted business in Mississippi without a certificate of authority, but within the contemplation of Section 13-3-57 of said Code, (iii) or have committed a tort in whole or in part in the State of Mississippi, done business in Mississippi or entered into a contract to be performed, in whole or in part in Mississippi, and are identified on Exhibit "B". The Defendants are subject to the jurisdiction of this Court, and venue is properly in this Court, and service may be had on each Defendant at the address listed on Exhibit B.

3. As to the liability of Defendant, Rapid American Corporation:

   a. The Defendant, Rapid American Corporation is liable to this Plaintiff for the actions of its predecessor-in-interest, Philip Carey Corporation.

   b. Philip Carey Corporation manufactured and sold asbestos-containing products used and intended to be used in Mississippi at various work sites in Mississippi.

   c. The Defendant, Rapid American Corporation, is the successor-in-interest to the liability of the Philip Carey Corporation as the result of an express assumption of all liabilities and merger with the Glen Alden Corporation, the predecessor-in-interest to Rapid American Corporation. Prior to its merger with Rapid American, the Glen Alden Corporation, in 1967, merged with and expressly assumed the liabilities of the Philip Carey Manufacturing Company.

## BACKGROUND

4. During all or part of the period from 1930 through the present, (the "exposure period"), the Plaintiff worked with, or were otherwise exposed to, asbestos and asbestos-containing products at various work sites. In fact, Plaintiff would show that the Plaintiff worked with and/or was exposed to Defendants' asbestos and/or asbestos-containing products and/or machinery requiring or calling for the use of asbestos

EXHIBIT "A"

FILED
FEB 0 6 2004
EDNA E. STEVENS
CIRCUIT CLERK
BY _____ D.C.

g.  Plaintiff seeks punitive and exemplary damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against the Defendants, and each of them, jointly and severally, for general damages, special damages, for punitive and exemplary damages, for his costs expended herein, for prejudgment interest from the date of Plaintiff's exposure to asbestos-containing products, and post judgment interest on the judgment at the rate allowed by law, and for such other and further relief, both at law and in equity, to which Plaintiff may show himself justly entitled. Plaintiff seeks recovery for damages in an amount to be determined by the jury in the exercise of its enlightened conscience, but in no event less than Fifty (50) Thousand Dollars.

## WAIVER

60. Should any verdict in this case assign responsibility, in whole or in part, for any or all Plaintiff's injuries or damages to the entities Asbestos Corp. Ltd, Atlas Turner, Inc., Lac D'Amiante du Quebec, Les Mines D'Amiante Bell, Ltd., and/or Societe Miniere Mazarin, Inc., and should such verdict finding be upheld upon proper post-judgment motion, Plaintiff hereby waives, and will remit and release, that portion of his damages. Plaintiff seeks, and will seek, the entry of a final judgment in this action against Defendants that awards them only that portion of his damages assigned by the jury and the court to the named Defendants.

61. Plaintiff in this action does not assert any claims for, does not seek any damages for, and disclaim any recovery of damages for, any injuries arising out of exposure to, asbestos containing products designed, manufactured, distributed, sold or marketed by, or any actions or inactions of Asbestos Corp. Ltd, Atlas Turner, Inc., Lac D'Amiante du Quebec, Les Mines D'Amiante Bell, Ltd., and/or Societe Miniere Mazarin, Inc. To the extent Plaintiff has been exposed to such asbestos containing products and has sustained any injuries there from Plaintiff hereby waives his right to recover damages for such injuries.

62. The Plaintiff specifically denies that he has ever had any claims for relief under any applicable federal statute against any Defendant and waive any and all claims that might have accrued under any applicable federal statute. The Plaintiff denies that he was ever exposed to asbestos on property subject to federal jurisdiction and waive the right to seek recovery for any alleged exposure that may have occurred on property subject to federal jurisdiction.

## JOHN DOE DEFENDANTS

63. Due to the passage of time since the Plaintiff was first exposed to asbestos, the Plaintiff has been unable to ascertain the identities of all manufacturers, suppliers, distributors and installers of asbestos-containing products to which he was exposed and hereby re-assert each of the foregoing allegations against John Doe Defendants #1-100. Due to the passage of time since the Plaintiff was first exposed to asbestos, the Plaintiff has been unable to ascertain the identities of all associations and organizations which conspired with the manufacturers, suppliers, distributors and installers of asbestos-containing products to which he was exposed and hereby re-asserts each of the foregoing allegations against John Doe Defendants #102-200.

## CONCLUSION

64. As a direct and proximate result of all the Defendants' breaches of their duties to the Plaintiff as delineated in all counts above, the Plaintiff sustained the asbestos related injuries, diseases, illnesses and/or conditions set forth above including, but not limited to, pain and suffering, the undergoing of medical treatment and medical expenses, along with past and future disability, past and future impairment of wage earning capacity, lost wages, and diminution of quality and enjoyment of life including, but not limited to, mental anguish, fear, and severe emotional distress associated with knowing that there was no cure for the asbestos-related diseases and illnesses from which Plaintiff suffered.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DOCKET NO. 875

JUL 27 2004

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janet Hockley v. ACF Valves, et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No.1:04CV512

BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER PURSUANT
TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Louis H. Watson, Jr. (MB # 9053)
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010

2004 JUL 27 A 11:58
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

# TABLE OF CONTENTS

Table of Authorities .................................................................. ii

Background (Submission and Procedural History) ........................................ 1

Legal Contentions ..................................................................... 2

Argument and Authorities .............................................................. 2

Conclusion ............................................................................ 5

# TABLE OF AUTHORITIES

*Rules*

Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 1

Rule 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* .................... 1

Rule 7.6(d) of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation* ................ 3

*Statutes*

28 U.S.C. § 1332 ................................................................. 4

28 U.S.C. § 1407 ................................................................. 1, 2

*Cases*

*A.O. Smith v. FTC*, 417 F. Supp. 1068 (1976) ........................................... 2

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d (D. Kan. 1999) ............ 4

*Cauty v. Prot*, 85 F.2d 244 (5th Cir. 1996) .............................................. 3

*General Tire & Rubber Co. v. Jefferson Chemical Co.*, 50 F.R.D. 112 (D.C.N.Y. 1970) .............. 2

*Havens Protected "C" Clamps, Inc. v. Pilkington, PLC*, 200 WL 382027 (D. Kan. 2000) ............ 4.

*In Re: Aircrash Disaster at John F. Kennedy International Airport*, (J.M.D.L. July 20, 2997) .......... 2

*Kohl v. American Home Products Corp.*, 78 F. Supp. 2d 855 (W.D. Ark. 1999) .................... 4

*Tortola Restaurants, L.P. v. Kimberly Clark Corp.*, 987 F. Supp. 1186 (N.D. Cal. 1997) ............. 4

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Janet Hockley v. ACF Valves, et al.*;
United States District Court for the Southern District of Mississippi, Southern Division;
Civil Action No. 1:04CV512

BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER PURSUANT
TO RULE 7.2 AND 7.4 OF THE RULES OF PROCEDURE
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

The Plaintiff submits the instant Brief in Support of her Motion to Vacate the Conditional Transfer Order entered by the Clerk of the Panel on June 24, 2004. The Plaintiff contends that transfer of this case to the MDL would be improper as no federal jurisdiction exists, would not be for the convenience of the parties and witnesses, nor would it promote the just and efficient conduct of such action pursuant to 28 U.S.C. § 1407.

I.

## Background

In this action, Plaintiff filed her Complaint in the state court of Cophia County, Mississippi. In turn, a Notice of Removal was filed removing this case to federal court alleging federal enclave jurisdiction on May 5, 2004. Thereafter, on June 3, 2004, Plaintiff filed an Emergency Motion to Remand. That motion is currently pending before the Federal District Court.

A Conditional Order was entered on June 24, 2004. Thereafter, on July 6, 2004, in accordance with Rules 7.4 and 7.5 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, Plaintiff filed her Opposition to the Conditional Transfer Order.

II.

## Legal Contentions

A. The Panel has a duty to protect the substantive rights of Plaintiff.

B. The Panel should refuse to transfer until the Federal District Court determines whether federal jurisdiction exists and whether this matter has been properly removed.

C. Plaintiff's claims should not be transferred to MDL No. 875 because the transfer will not meet the standards of 28 U.S.C. § 1407. The transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of such actions.

III.

## Argument and Authorities

At issue is whether or not the Panel should vacate the Conditional Transfer Ordered herein or, alternatively, suspend service of the transfer order on the Federal District Court until that Court has had ample opportunity to rule on Plaintiff's Remand. In turn, if the Conditional Transfer Order is entered, Plaintiff will, or course, seek Remand before the Panel. As such, the real issue in determining whether or not to vacate the Conditional Transfer Order is in what forum is Plaintiff's Remand most properly ruled upon.

As the Panel and the transferor District Court have discretionary authority with respect to ruling on Remand, See, eg. *A.O. Smith v FTC*, 417 F. Supp. 1068 (1976) and *General Tire & Rubber Co. v Jefferson Chemical Co.*, 50 FRD 112 (D.C.N.Y. 1970), the question then becomes which court should exercise its discretionary authority, and why.

If the overriding criteria in exercising discretionary authority is to "secure the interest of justice," *A.O. Smith*, Supra, see also *In Re: Aircrash Disaster at John F. Kennedy International Airport* (J.M.D.L. filed July 20, 1997) (unpublished order deferring panel question of transfer to tag-along action until decision

of transferor court on Motion to Remand of that action to state court) one must only look to the injustice that would occur should the Panel make executory the Conditional Transfer Order.

### Different Standard of Review

First, a transfer to the MDL would subject Plaintiff's Remand to a different standard of review. In the 5th Circuit Court and Mississippi Federal District Court, there is a presumption against federal jurisdiction. *Coury v Prot*, 85 F.2d 244 (5th Cir. 1996). Whereas Rule 7.6(d) of the MDL Rules of Procedure provide, that the Panel is reluctant to order Remand absent suggestion of Remand from the transferee District Court. The difference in the standard of review is irreconcilable. In the District Court, the presumption is against federal jurisdiction and is in favor of Remand, whereas in the MDL the presumption is a "reluctance to remand."

### Transfer Not in the Interest of Judicial Economy

Moreover, Panel Rule 7.6(d) contemplates a "suggestion of remand" from the transferee District Court. A "suggestion of remand" is a recommendation made by transferee District Court on the issue of remand after review of the facts and law. If the District Court is going to have to go to all that trouble, why not stay the filing of the Conditional Transfer Order until the District Court has had an opportunity to rule on the Remand? It is simply duplicative to have the District Court "consider" the legal issue and proffer a "suggestion of remand" than have the Panel consider the exact same issue. How is such duplicity in the "interest of judicial economy?"

### No Original Federal Jurisdiction Exists

The removal asserts "federal enclave and federal officer" jurisdiction. In order to establish "federal enclave" or "federal officer" jurisdiction, Defendants point to the fact that James Jay, Jr., Deceased, was employed by the Coast Guard in Gulf Port, Mississippi.

In her initial Complaint (a copy of the relevant portions of the Complaint are attached to

3

Plaintiff's Motion as Exhibit "A") Plaintiff has completely waived and disavowed any and all claims relating to a federal exposure. *See* Complaint at ¶ 62.

Specifically, the Complaint states:

> **The Plaintiff specifically denies that he has ever had any claims for relief under any applicable federal statute against any Defendant and waive any and all claims that might have accrued under any applicable federal statute. The Plaintiff denies that he was ever exposed to asbestos on property subject to federal jurisdiction and waive the right to seek recovery for any alleged exposure that may have occurred on property subject to federal jurisdiction.**

(emphasis added).

Because Plaintiff has properly disclaimed any exposure to asbestos on a federal facility in their Complaint, it is unnecessary for the Court to apply the test for federal officer removal in this case.

Further, Defendants have failed to present any evidence to the Court of the existence of any facts establishing "federal question" and/or "federal enclave" jurisdiction. As such Defendants' Removal is defective on its face. The Federal District Courts and the MDL lack subject matter jurisdiction under 28 U.S.C. § 1332 in that the Mississippi resident Plaintiff and the Mississippi resident Defendants are non-diverse.

## MDL is Not the Proper Forum to Consider Remand

There is a long line of cases that hold resolution or remand which turns upon an issue of state law is more properly decided by the District Court and not the MDL. *Kohl v. American Home Products Corp.*, 78 F. Supp. 2d 855, 857 (W.D. Ark. 1999). Such is the case with the instant matter. See eg. *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d (D. Kan. 1999) and *Tortola Restaurants, L.P. v. Kimberly Clark, Corp.* 987 F. Supp. 1186 (N.D. Cal. 1997).

Plaintiff has timely filed her Motion to Remand. Because disposition of Plaintiff's Motion to Remand requires this Court to determine whether federal jurisdiction exists over the action...indeed, because the issues raised in Plaintiff's Motion have been fully briefed...the Court can perceive no benefit

to deferring ruling to the MDL. *Havens Protected "C" Clamps, Inc., v Pilkington, PLC*, 200 WL 382027 (D. Kan. 2000).

There is but one issue to consider in Plaintiff's Remand, whether Plaintiff has properly disclaimed federal exposures in her Complaint filed in a Mississippi state court. Resolution of that question is solely an issue of interpreting the law of the State of Mississippi. Where resolution of the motion to remand turns on state law such a motion does not necessarily implicate issues common to other actions currently pending before the MDL. See, eg. *Kohl* Supra and *Havens Protected "C" Clamps, Inc.* Supra.

### IV.

### Conclusion

As the Panel jurisdiction is federal by its very nature, the Panel should feel obligated to ensure that an action being considered for transfer is properly within the federal system, meaning transferor court has proper jurisdiction over the action. In this action, there is simply no original federal jurisdiction and any transfer to the MDL would be improper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays as follows:

That the Conditional Transfer Order be vacated or alternatively, the Conditional Transfer Order not be served upon the transferor District Court pending consideration of the Remand before the transferor Court.

Respectfully submitted, this the 26th day of July, 2004.

LOUIS H. WATSON, JR.
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

Louis H. Watson, Jr. (MB # 9053)
WATSON & HEIDELBERG, P.A,
520 East Captiol Street
Jackson, MS 39201
Telephone:   (601) 968-0000
Facsimile:   (601) 968-0010

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 27 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that this date a true and correct copy of the above and foregoing document has been sent by United States Mail, postage prepaid, to the counsel listed on the Panel Service List excerpted from CTO-226, a copy of which is attached hereto and all counsel of record in this case attached hereto as well.

This the 26th day of July, 2004.

_____
LOUIS H. WATSON, JR.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2004 JUL 27 A 11:59

RECEIVED
CLERK'S OFFICE

# WATSON & HEIDELBERG, P.A.

ATTORNEYS AT LAW

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 27 2004

FILED
CLERK'S OFFICE

**LOUIS H. WATSON, JR.**

520 EAST CAPITOL STREET
JACKSON, MISSISSIPPI 39201-2703

TELEPHONE: 601.968.0000
FACSIMILE: 601.968.0010
EMAIL: LOUIS@WATSONHEIDELBERG.COM

July 27, 2004

*Request of Pltf. Hockley for an Extension of Time to File Motion/Brief to Vacate CTO -- GRANTED*
*(cdm - 7/27/04)*

**VIA FACSIMILE (202-502-2888)**
**AND UNITED STATES MAIL**

Mr. Michael J. Beck
Clerk of the Panel Office
One Columbus Circle, N.E.
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002-8004

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)
     Docket No. 875 (Condition Transfer Order: CTO-324)
     *Janet Hockley v. ACF Valves, et al.*, No. 1:04CV512

Dear Mr. Beck:

This letter is to request that you file the following documents one day late.

1. *Motion to Vacate Conditional Transfer Order Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure for the Procedure for the Judicial Panel on Multidistrict Litigation;* and

2. *Brief in Support of Motion to Vacate Conditional Transfer Order Pursuant to Rule 7.2 and 7.4 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation.*

Thank you for your cooperation in this matter. Please do not hesitate to contact me if you should have any questions or need any further information.

Sincerely,

WATSON & HEIDELBERG, P.A.

Louis H. Watson, Jr.

LHWjr:kwm
BECK, MDL Clerk 072704.wpd

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2004 JUL 27 P 4:06
RECEIVED CLERK'S OFFICE

WWW.WATSONHEIDELBERG.COM