

NO. 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

LLOYD SPEARS,

          Plaintiff,

vs.

ACANDS, INC., et al,

          Defendants.

MDL DOCKET NO. 875 (ASBESTOS)

**DEFENDANT CARQUEST
CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE
OR STAY CONDITIONAL
TRANSFER ORDER**

U.S.D.C. No. CV04-653L

Plaintiff has moved to vacate or stay this court's Conditional Transfer Order pending

the resolution of plaintiff's motion to remand currently before the Western District of

Washington. Defendant CARQUEST Corporation ("CARQUEST") submits this

memorandum in opposition to plaintiff's motion.

**I.    Introduction**

Plaintiff initially filed this case for alleged asbestos-related injuries in the Superior

Court for King County, Washington. In his complaint, plaintiff alleged asbestos exposure at

several different times and locations, including a number of military bases while he was

serving in the U.S. military in the 1950s. CARQUEST removed the case to the Western

District of Washington because plaintiff's claim for injuries on U.S. military bases raised a

CARQUEST'S OPPOSITION TO MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA 98101-2393
Telephone (206) 622-1711

SEA/107824/136911/MAT/327396.1

OFFICIAL FILE COPY

ORIGINAL

IMAGED AUG 1 6 '04

1   federal question. *See* 28 U.S.C. 1331; *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034

2   (10th Cir.) (holding that claims arising from personal injuries allegedly occurring on federal

3   enclaves fall under the district court's federal question jurisdiction.)  Shortly after removing

4   the case, CARQUEST filed a Notice of Tag-Along Action with the Western District of

5   Washington.

6          Plaintiff sought remand arguing that he was not alleging exposure on military bases

7   despite the fact that his complaint specifically listed several military bases as places where he

8   was exposed to asbestos and asbestos containing products.  Plaintiff's argument in his motion

9   to remand (which he reasserts in this motion to stay) also directly contradicted his sworn

10  interrogatory responses given merely three weeks before CARQUEST removed the case.

11  Plaintiff's remand motion is still pending before the Western District of Washington.

12          On June 24, 2004, the Judicial Panel of Multi-District Litigation issued Conditional

13  Transfer Order No. 234, which transferred plaintiff's case to the Eastern District of

14  Pennsylvania for consolidation with MDL 875 cases.  Plaintiff now seeks vacation or stay of

15  that order pending the resolution of his remand motion by the Western District of

16  Washington.  Plaintiff's motion should be denied because it runs contrary to the purpose of

17  the Multi-District Litigation ("MDL") legislation and the implicit intentions of the Western

18  District Court of Washington.

19  **II.    The conditional transfer order should not be vacated or stayed because
            plaintiff's remand motion is better resolved by the Eastern District of**

20  **        Pennsylvania, which has extensive experience resolving asbestos cases.**

21          In *In re Ivy*, 901 F.2d 7 (2d Cir. 1990), the court was faced with the question of

22  whether a remand motion in an Agent Orange case was more properly heard in the transferee

23  or transferor court.  In that case, the Second Circuit held that the transferee court was a better

24  forum for resolving the jurisdictional question because:

25

26

CARQUEST'S OPPOSITION TO MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA 98101-2393
Telephone (206) 622-1711

SEA/107824/136911/MAT/327396.1

1   "Once transferred, the jurisdictional objections can be heard and resolved
    by a single court and reviewed at the appellate level in due course.
2   Consistency as well as economy is thus served."

3   *Id.* at 9. The court based its holding on the fact that "the jurisdictional issue in question is

4   easily capable of arising in hundreds or even thousands of cases in district courts throughout

5   the nation" and the judge in the transferee court had been handling the Agent Orange

6   litigation for several years. *Id.*

7          A similar conclusion is warranted here. Plaintiff is attempting to avoid federal court

8   by contradicting the plain language of his pleadings and his sworn testimony. Such forum

9   shopping is not uncommon in asbestos cases, which are usually litigated in a "shotgun"

10  manner – i.e., by suing a multitude of defendants and alleging numerous instances of

11  exposure to asbestos and asbestos-containing products. The transferee court, the Eastern

12  District of Pennsylvania, has handled thousands of asbestos cases over 13 years, and is the

13  better forum to assess the merits of plaintiff's motion to remand. *See Medical Society of the*

14  *State of New York v. Connecticut General Corp.*, 187 F. Supp. 2d 89, 90 (S.D.N.Y. 2001)

15  ("The Second Circuit has not only made it clear that a case may be transferred under the

16  multidistrict litigation statute even after a jurisdictional challenge has been lodged, but has

17  also intimated that allowing the transferee court to resolve the jurisdictional question may be

18  the preferable practice").

19         Furthermore, allowing the transferee court to resolve plaintiff's motion to remand

20  will guarantee uniformity of decisions in such matters. The MDL, as authorized by 28

21  U.S.C §1407, is intended to promote "just and efficient conduct" of factually similar cases.

22  *See In re Ivy*, 901 F.2d at 9. Assuring that jurisdictional decisions are consistent serves that

23  purpose.

24  / / /

25  / / /

26

CARQUEST'S OPPOSITION TO MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA 98101-2393
Telephone (206) 622-1711

SEA/107824/136911/MAT/327396.1

III.  **Plaintiff's motion does nothing but delay the appropriate consolidation of this case in its proper forum.  The Western District of Washington has essentially abstained from deciding plaintiff's motion to remand.  Thus, plaintiff's motion to vacate or stay should be denied to allow transfer to occur.**

As was observed above, Congress instituted the MDL procedure to assure the "just and efficient" resolution of factually similar cases.  To that end, it is important that individual cases qualifying for the MDL be consolidated in an efficient and timely manner.

Plaintiff does not dispute that his case, if properly in the federal court, qualifies for transfer to the MDL.  He argues only that transfer should not occur before the Western District of Washington has ruled on his motion for remand.  However, that motion, which does not present any unique or novel legal issues, has been pending in the Western District of Washington for approximately 3 months with no resolution.

The defendants have a right to have this case proceed without undue delay. As this panel stated in *Wooley v. International Paper Co. et al.*, 170 F. Supp. 2d 1348 (J.P.M.L. 2001):

> "[T]here is a lag time of three or four months from the filing of an action [to its transfer] * ** those [transferor] courts wishing to address [jurisdictional] motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay."

*Wooley*, 170 F. Supp. 2d at 1349 n.1.  Because the Western District of Washington has not ruled on plaintiff's motion, it has implicitly decided that the motion is better decided by the transferee court.  Transfer to the Eastern District of Pennsylvania should, therefore, proceed, and that court should resolve plaintiff's jurisdictional motion.

IV.  **Conclusion**

In the interest of judicial efficiency and economy, plaintiff's motion to vacate or stay the conditional order of transfer should be denied.  The Western District of Washington has essentially abstained from deciding plaintiff's remand motion, implicitly deciding that the

CARQUEST'S OPPOSITION TO MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA 98101-2393
Telephone (206) 622-1711

1   transfer process should proceed and the motion should be heard in the Eastern District of

2   Pennsylvania.

3       Dated this 10th day of August, 2004.

4

                        SCHWABE, WILLIAMSON & WYATT, P.C.

5

6

7   By: _____

        Matthew Turetsky,  WSBA #23611

8           Terence L. Rooney, WSBA #32576
        Of Attorneys for Defendant

9           CARQUEST CORPORATION
        1420 Fifth Avenue, Ste. 3010

10          Seattle, WA 98101
        (206) 622-1711

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CARQUEST'S OPPOSITION TO MOTION TO VACATE OR STAY
CONDITIONAL TRANSFER ORDER - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA  98101-2393
Telephone (206) 622-1711

SEA/107824/136911/MAT/327396.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 3 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

LLOYD SPEARS,

          Plaintiff,

   vs.

ACANDS, INC., et al,

          Defendant.

MDL DOCKET NO. 875
(ASBESTOS)

PROOF OF SERVICE

U.S.D.C. NO. CV04-653L

    I, Stacy L. Jones, state that on the 11th day of August, 2004, I served a copy of **Defendant Carquest Corporation's Opposition to Plaintiff's Motion to Vacate or Stay Conditional Transfer Order** on all parties listed in the attached Panel Service List for the above-referenced matter by mailing to them a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to them at the addresses set forth above, and deposited in the U.S. Post Office at Seattle, WA on said day with postage prepaid.

PROOF OF SERVICE - 1
No. CV4-653

SEA/107824/136911/SLJ/327700.1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1320 Fifth Avenue
Seattle, WA 98101-2393
Telephone (206) 622-1711

1  Dated this 11th day of August, 2004.

2

3                                          By: _____

4                                              Stacy L. Jones

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PROOF OF SERVICE - 2
No. CV4-653

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
U.S. Bank Centre, Suite 3010
1420 Fifth Avenue
Seattle, WA  98101-2393
Telephone (206) 622-1711

SEA/107824/136911/SLJ/327700.1

**PANEL SERVICE LIST (Excerpted from CTO-234)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Lloyd Spears v. ACandS, Inc., et al.,* W.D. Washington, C.A. No. 2:04-653

Kevin C. Baumgartner
Corr & Cronin, L.L.P.
1001 4th Avenue, Suite 3700
Seattle, WA 98154

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Diane J. Kero
Gordon, Thomas, Honeywell, et al.
One Union Square, Suite 2100
600 University
Seattle, WA 98101

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Virginia Leeper
The Gaitan Group
3131 Elliott Avenue, Suite 700
Seattle, WA 98121

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher S. Marks
Williams, Kastner & Gibb
P.O. Box 21926
Seattle, WA 98111-3926

LeAnn McDonald
Brayton Purcell
The American Bank Building
621 S.W. Morrison, Suite 950
Portland, OR 97205

Cori Gordon Moore
Perkins & Coie
1201 3rd Avenue
Suite 4800
Seattle, WA 98101

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Bradford Allen Patrick
Preg O'Donnell & Gillett
1800 Nineth Avenue, Suite 1500
Seattle, WA 98101

Kenneth E. Petty
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Jackson Schmidt
Pepple, Johnson, cantu & Schmidt
1218 3rd Avenue, Suite 1900
Seattle, WA 98104

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

G. William Shaw
Preston, Gates & Ellis, LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Matthew Turetsky
Schwabe Williamson & Wyatt
1420 5th Ave Ste 3010
Seattle, WA 98101-2339

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406