RECEIVED
AUG 2 6 2004
BROWNING, KALECZYC
BERRY & HOVEN, PC

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
HELENA DIVISION
2004 AUG 25 PM 9 28
PATRICK E. DUFFY, CLERK
BY GAYLE A. REUTERDAHL
DEPUTY CLERK

SEP - 2 2004
FILED
CLERK'S OFFICE

MDL-875   RECOMMENDED ACTION   VACATE CTO-235--   Approved/Date: mg/s 9/1/04

2004 AUG 31 P 4:47
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| IRVING BALL, | ) | CV 04-10-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| INTERNATIONAL PAPER COMPANY, A NEW YORK CORPORATION; CHAMPION INTERNATIONAL CORPORATION, A NEW YORK CORPORATION; ST. REGIS CORPORATION, A NEW YORK CORPORATION; EVERETT NELSON; BRAD E. PHILLIPS; MARK SCHOKNECHT; JOHN LUGER; EMMETT LISLE; ZURN INDUSTRIES, INC., A CORPORATION, INDIVIDUALLY AND AS SUCCESSOR TO ERIE CITY IRONWORKS; GARLOCK INCORPORATED, A CORPORATION; AND DOES 1-40; | ) | |
| Defendants. | ) | |

### INTRODUCTION

Plaintiff worked for Defendant St. Regis Corporation at its logging and manufacturing operations in Lincoln County, Montana, from 1962-1978. Amended Complaint ¶ 15. He alleges that he was

1

OFFICIAL FILE COPY   IMAGED SEP 2 '04

exposed to asbestos and vermiculite at his workplace, and as a result now suffers from asbestosis. Am. Complt. ¶¶ 16, 23. In addition to naming several corporations (International Paper, St. Regis, Champion, and others), he names five Montanans who were managers at the Lincoln County plant. He alleges that these individuals were agents of St. Regis, and knew or should have known that Plaintiff's extended exposure to asbestos was unreasonably dangerous and likely to cause him injury. Am. Complt. ¶¶ 10, 17.

Plaintiff filed suit in Montana state court, and the Defendants removed the case to this court citing complete diversity on the basis of fraudulent joinder of Montana defendants. Plaintiff filed a Motion for Remand, and Defendant opposes that motion and requests transfer to the Multidistrict Litigation (MDL) court in the U.S. District Court for the Eastern District of Pennsylvania.

## DISCUSSION

### Defendants' Motion for Transfer to MDL 875

Defendants have moved for transfer to the asbestos multidistrict court, MDL 875, in the U.S. District Court for the Eastern District of Pennsylvania. They notified the clerk of the Judicial Panel on Multidistrict Litigation by letter of this

potential "tag-along" action on May 16, 2004.[1] Exhibit C, Defendants' Answer Brief Requesting Transfer to the MDL Court and Opposing Remand. The MDL has not issued a conditional transfer order.

This Court lacks authority to transfer a case to the MDL. *See* 28 U.S.C. § 1407(c) (transfers may be initiated by clerk of the Judicial Panel on Multidistrict Litigation (JPML), or by motion to the JPML); JPML Rule 7.4 (regarding conditional transfer orders, which are issued by the clerk of the JPML). The lack of a conditional transfer order distinguishes this case from *Carvey v. W.R. Grace & Co.*, CV 98-142-M-DWM (cited by Defendants), and from the case upon which *Carvey* relied, *Boudreaux v. Metroplitan Life Ins. Co.*, 1995 WL 83788 (Feb. 24, 1995 E.D.La.), Exh. A & D, Defendants' Answer Brief. In the absence of a conditional transfer order, there is no basis for this court to exercise its discretion and stay proceedings in this Court. Nor is there any basis upon which this Court can grant Defendants' motion to transfer.

Consequently, Defendants' Request to Transfer to the MDL is

---

[1] "A 'tag-along action' refers to a civil action pending in a district court and involving common questions of fact with actions previously transferred under [28 U.S.C.] Section 1407." Judicial Panel on Multidistrict Litigation Rule 1.1.

denied and Plaintiffs' Motion to Remand is considered.

***Plaintiffs' Motion to Remand: Fraudulent Joinder?***

Plaintiff named several defendants in his state court action: several corporate defendants, all of whom are out-of-state citizens, and five individual defendants, all of whom are Montana citizens. Defendants removed to this court based upon their assertion that joinder of the Montana defendants was fraudulent.

Removal jurisdiction based on diversity of citizenship requires complete diversity of citizenship; each plaintiff must be a citizen of a different state than each of the defendants. 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996). If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If the court determines that the Montana defendants were fraudulently joined, their presence in the lawsuit is ignored for purposes of determining diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). However, if the defendants fail to establish fraudulently joinder, complete diversity is absent and the case must be remanded.

The Ninth Circuit has not provided specific standards for

4

determining whether joinder was fraudulent. Nonetheless, "Strong presumptions lie against a finding of fraudulent joinder, and the removing defendant carries a heavy burden of persuasion to justify such a finding." *Bellecci v. GTE Sprint Communications Corp.* 2003 WL 151538, *3 -4 (N.D.Cal. 2003) (quoting *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1193, 1195 (9th Cir. 1988)). Some district courts in the Ninth Circuit have compared the test for fraudulent joinder to a Rule 12(b)(6) analysis, under which a claim is not dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *McNamara-Blad v. Ass'n of Prof'l Flight Attendants*, 275 F.3d 1165, 1169 (9th Cir. 2002); *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir.1975) (if the claims could withstand a dismissal motion under FRCP 12(b)(6), the joinder of claims is not fraudulent so as to warrant dismissal). In determining whether a non-diverse defendant has been improperly joined, the court may look beyond the pleadings and examine the factual record. *McCabe*, 811 F.2d at 1339.

In his first claim for relief, Plaintiff alleges that the Montana citizen defendants negligently failed to warn him of the dangerous effects of exposure to asbestos. Am Complt. ¶ 18. He alleges that they negligently operated the Lincoln County facility, failed to take reasonable precautions to eliminate

5

exposure to asbestos, failed to warn, and otherwise failed to exercise reasonable care toward Plaintiff. Am Complt. ¶ 20. Specifically, they failed to provide protective equipment, and failed to ensure that the asbestos dust was not spread to the personal property and homes of the Plaintiff. Am. Complt. ¶¶ 21, 22.

Plaintiffs' second claim alleges that the corporate as well as the individual defendants breached their duty to provide him with a safe workplace. Am. Complt. ¶¶ 27, 28.

Defendants counter that Plaintiff fraudulently joined the individual defendants in order to defeat diversity jurisdiction, and that fraudulent joinder does not deprive the federal court of diversity jurisdiction. Specifically, Defendants contend that Plaintiff fails to state a claim against the individual defendants in either Count I, negligence, or Count II, failure to provide a safe workplace. They contend that any negligence on the part of the Montana defendants - who were supervisory employees of the nonresident corporate defendants -- would be imputed to the corporate employers. Plaintiff cites a 1925 Montana case for the rule allowing him to join the employees as defendants:

> In the ordinary personal injury cases arising out of the negligent act or omission of an employé [sic], the negligent employé [sic] may be joined with his employer in an action for damages, under the rule of respondeat superior. . . . The act of the servant becomes the act of the master, who has the right to control the manner in which he discharges his duties, and, when injury results, they are joint tort-feasors.

*Borgeas v. Oregon Short Line R. Co.*, 236 P. 1069, 1071 (Mont. 1925) (citation omitted). *Borgeas* has been cited only twice by the Montana Supreme Court in the past 75 years. *Vesel v. Jardine Mining Co.*, 100 P.2d 75, 82 (Mont. 1939) (noting that *Borgeas* establishes the tort of negligent hiring); *Ballenger v. Tillman*, 324 P.2d 1045, 1049, (Mont. 1958) (citing *Borgeas* for a procedural rule). *Borgeas* cites *Knuckey v. Butte Electric Ry.*, 109 P. 979 (1910), in which the plaintiff was injured while a passenger on a street car operated by defendant. The Plaintiff sued the individual employee as well as the company, and the Montana Supreme Court approved this form of pleading. *Id.* at 980-81. *Knuckey*, in turn, states that it is "customary" to name both the master and servant in a tort action, citing *Golden v. Northern Pacific Ry. Co.*, 104 P. 549 (1909). *Golden*, interestingly, addressed a state court's jurisdiction once a petition for removal to federal court has been filed. It also stated, "It cannot be questioned but that the plaintiff in cases of tort like the one at bar has the option to proceed against any one or all of the defendants by whose concurrent action the wrong was done." *Id.* at 552 (citing Cooley on Torts (3d Ed.) at 244, 252).

As in these cases, Plaintiff alleges that the supervisory employees failed to meet their duty of reasonable care to Plaintiff, i.e., were negligent, and failed to meet their duty to provide a safe workplace. They have named both the employees and

7

the employer, a practice that was approved of by the Montana Supreme Court almost 100 years ago.

The supervisory employees rely on affidavits rebutting the factual underpinnings of Plaintiff's complaint. For instance, Everett Nelson states that he was employed by the Libby Lumber Mill from 1951 to 1992, and at the time of his retirement was maintenance superintendent. Affidavit of Everett Nelson (filed Apr. 7, 2004) (Dkt. # 11), ¶ 3. He states that he did not develop or write any policies at the mill regarding asbestos, that he was not employed as a Safety Officer, that he did not deviate from the standards and procedures implemented by his employer, and that any action or inaction alleged against him by the Plaintiff would have occurred in the course and scope of Nelson's employment, on behalf of his employer, and solely in furtherance of his employer's business interests. *Id.* ¶¶ 4-6, 8.

Plaintiff has not offered additional proof to rebut these affidavits. The record therefore consists of Plaintiff's allegations and the individual defendants' sworn testimony denying those allegations. However, if the issue of fraudulent joinder is to be viewed as a motion to dismiss, the Defendant's burden is to show "<u>beyond doubt</u> that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." *McNamara-Blad,* 275 F.3d at 1169; *Sessions,* 517 F.2d at 761 (emphasis added). I do not believe the conclusory

8

statements made in the affidavits meet that heavy burden.

Although the facts on the record do not force a finding of fraudulent joinder, the law may. Plaintiff asserts two claims against Defendants: negligence, and failure to provide a safe workplace. Defendants argue that the Montana defendants had no duty to provide a safe workplace as a matter of law because that duty belongs solely to the employer by statute. M.C.A. § 50-71-201.

Defendants are correct even if the duty arises from the common law. In *Reynolds v. Burlington Northern, Inc.*, 621 P.2d 1028 (Mont. 1980), the Montana Supreme Court stated, "It is an elementary principle that an <u>employer</u> must provide an employee with a safe place to work." *Id.* at 1037 (emphasis added). There is no law cited by Plaintiff that expands that fundamental principle to a co-employee, even if that employee is in a managerial position. Thus, as a matter of law, the Montana defendants cannot be liable under Plaintiff's second claim for relief.

They may be liable under Plaintiff's first claim, however. Every person has a duty of reasonable care to others. M.C.A. § 27-1-701. Plaintiff alleges that the individual defendants breached that duty, and that their breach caused him damages. He therefore states a valid tort claim against the Montana defendants under Montana law - unless that claim is prohibited by

9

the workers' compensation statutes.

### Workers' Compensation Exclusivity

Plaintiff's complaint alleges that the individual defendants failed to warn Plaintiff of the abnormally dangerous and highly harmful effects of asbestos exposure. Amended Complaint ¶ 18. It alleges that they negligently operated the Lincoln County facility, failed to undertake reasonable precautions to eliminate exposure to asbestos, failed to provide warnings and otherwise failed to exercise reasonable care.

Although neither party raises the spectre of exclusivity under the Occupational Disease Act, allegations of negligence against an employer or co-employee are barred by law if the employer was covered under the Workers' Compensation Act and Occupational Disease Act. M.C.A. § 39-72-305(1).[2] If Plaintiff's employer was covered by workers' compensation for the injury he incurred, any claims of negligence against the Montana defendants are barred by law, and their joinder is fraudulent.

Nonetheless, the parties have not raised nor briefed this issue. Because resolution of this issue will likely involve

---

[2] "The right to recover compensation pursuant to the provisions of this chapter for occupational diseases sustained by an employee and arising out of and in the court of employment, whether resulting in death or not, is the exclusive remedy therefor against an employer who is properly insured under the Workers' Compensation Act and the Occupational Disease Act of Montana." M.C.A. § 39-72-305(1).

10

complex factual and legal questions - i.e., whether or when St. Regis was covered under the work comp statutes for occupational diseases - it is best addressed by a Montana court. In the absence of any argument on this issue, Plaintiff states a legitimate claim against the individual citizen defendants. *Borgeas*, 236 P. 1069.

## CONCLUSION

Although it is unclear how or whether the Plaintiff can get around the exclusivity provisions of Montana work comp law, that issue is not before this Court.

Under existing Montana law, joinder of the citizen defendants was not fraudulent. Plaintiff's Motion for Remand (Dkt. #14) is granted. Defendant's Motion for Transfer to the MDL (Dkt. # 15) is denied.

The Clerk of Court is directed to remand this case to the State of Montana District Court for the First Judicial District.

Dated this 24th day of August, 2004.

CERTIFICATE OF MAILING
DATE: 8/25/04 BY: [signature]
I hereby certify that a copy of this order was mailed to:

Heberling
Lewis
Ward/Adams
Tighe

DONALD W. MOLLOY, CHIEF JUDGE
UNITED STATES DISTRICT COURT

11