MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP 22 2004

FILED
CLERK'S OFFICE

In re: Asbestos Products Litigation          MDL-875

\* \* \* \* \* \* \* \* \* \* \* \*

John Todd, et al.,                          \*

   Plaintiffs,                          \*  Case No. WDQ-04-CV-2393

vs.                                         \*

                 Request of Pltfs. Todd, et al.,for an Extension of Time to
                 File a Response – GRANTED TO AND INCLUDING
ACandS, Inc., et al.                        \*  SEPTEMBER 28, 2004

                             (cdm - 9/22/04)

   Defendants.                          \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CONSENT MOTION TO EXTEND TIME
FOR RESPONSE TO MOTION**

   Now comes Armand J. Volta, Jr., on behalf of the above Plaintiffs, and requests this

Court to grant an extension of time for Plaintiffs to file their Response to the Defendants' Motion

to Transfer Tag-Along Action and in support thereof state:

   1. This motion is consented to by counsel for Pfizer, Inc. and Quigley Company, Inc., as

well as counsel for the Plaintiffs.

   2. On September 3, 2004, Quigley Company, Inc. filed for bankruptcy. All other

proceedings relating to Quigley have accordingly been stayed. See Exhibit 1.

   3. At the same time, Quigley petitioned for a temporary restraining order enjoining all

other proceedings against Pfizer, Inc. On September 7, 2004, United States Bankruptcy Court for

the Southern District of New York granted Quigley's request for a temporary restraining order.

A hearing for Quigley's Motion for a Preliminary Injunction staying other proceedings against

Pfizer has been set for September 27, 2004. See Exhibit 1.

**OFFICIAL FILE COPY**
**IMAGED** SEP 23 '04

Sarke to Jennifer Lilly
re extension   cdm 9/22/04

PLEADING NO. 4246

4. Plaintiff's Response to Defendants' Motion to Transfer, filed with this panel prior to the bankruptcy filing, is due September 21, 2004. To comply with the Bankruptcy Court's orders regarding Quigley and Pfizer, the parties in this case request an indefinite extension to Defendants' Motion to Transfer until the stays and restraining orders no longer become an impediment. In the alternative, the parties request a 30 day extension to Plaintiff's Response to Defendants' Motion to Transfer.

Respectfully submitted,

Armand J. Volta, Jr.
The Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201
(410) 649-2000
Federal Number: 7982

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 21⁵ day of September, 2004, the above

Consent Motion to Extend Time for Response to Motion have been furnished, by 1st class mail to

the individuals on the attached Panel Service List.


Armand J. Volta, Jr.
The Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201

RECEIVED
CLERK'S OFFICE

2004 SEP 21  P 3: 54

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

## IN THE UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Asbestos Products Litigation       MDL-875

\* \* \* \* \* \* \* \* \* \* \*

John Todd, et al.,      \*

    Plaintiffs,     \*     Case No. WDQ-04-CV-2393

vs.     \*

ACandS, Inc., et al.     \*

    Defendants.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### *ORDER*

Upon consideration of Plaintiff's Consent Motion to Extend Time for Response to

Motion,, it is this _____ day of _____, 2004, by the United States of America Judicial

Panel on Multidistrict Litigation,

**ORDERED**, that Plaintiffs have an indefinite stay to file their Response to Defendants'

Motion to Transfer Tag-Along Action.

_____
Judge

PANEL SERVICE LIST
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*John B. Todd v. ACandS, Inc., et al.,* D. Maryland, C.A. No. 1:04-2393

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Michael A. Stodghill
Rubin & Rubin Chartered
One Church Street
Suite 301
Rockville, MD 20850

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Armand J. Volta, Jr.
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street
Baltimore, MD 21201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

2004 SEP 21 P 3: 54
FEDERAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS      *
     LIAB. LITIG. (NO. VI)             MDL No. 875
                                   *      (Hon. Charles Weiner)

\*    \*    \*    \*    \*    \*    oOo    \*    \*    \*    \*    \*    \*

JOHN B. TODD           *

     Plaintiff,            *      Case No. WDQ-04-CV-2393
                              (Filed in Consolidated Case Nos.
-v.-                        *      WDQ-04-CV-2393 through -2472)
                              (D. Md.)
ACandS, Inc., et al.,         *

     Defendants.          *

\*    \*    \*    \*    \*    \*    oOo    \*    \*    \*    \*    \*    \*

### NOTICE OF BANKRUPTCY FILING AND
### IMPOSITION OF AUTOMATIC STAY
### AND NOTICE OF TEMPORARY RESTRAINING ORDER

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2004 SEP 21 P 3: 55

RECEIVED
CLERK'S OFFICE

**NOTICE IS HEREBY GIVEN** that on September 3, 2004, Quigley Company, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 case is pending before Bankruptcy Court Judge Prudence C. Beatty under the case name *In re Quigley Company, Inc.* and Case No. 04-15739. Pursuant to the provisions of Section 362(a) of the Bankruptcy Code, this lawsuit is stayed as to Quigley Company, Inc. All actions taken in violation of the stay are null and void.

**NOTICE IS FURTHER GIVEN** that on September 7, 2004, the Bankruptcy Court issued a Temporary Restraining Order, a copy of which is attached as **Exhibit A**.

Dated: September 8, 2004

_(signature)_

Ronald B. Rubin (Bar No. 00517)
Patrick C. Smith (Bar No. 02054)
Vincent J. Palmiotto (Bar No. 26376)
Michael A. Stodghill (Bar No. 25295)

RUBIN & RUBIN, CHARTERED
502 Washington Ave., Suite 200
Towson, MD 21204
(443) 279-9700
(443) 279-9704 (facsimile)

*Counsel for Defendants,*
*Pfizer Inc. and Quigley Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2004, a copy of the foregoing was

filed and served electronically upon:

| | |
|---|---|
| Felicia D. Cannon, Clerk | Armand J. Volta, Jr., Esq. |
| United States District Court | Law Offices of Peter G. Angelos |
| for the District of Maryland (Baltimore) | 100 N. Charles St., 22nd Floor |
| Garmatz Federal Courthouse | Baltimore, MD 21201 |
| 101 W. Lombard Street | |
| Baltimore, MD 21201 | |

And that copies were mailed first class, postage prepaid, to the liaison counsel listed on

the attached Service List.

_(signature)_

Michael A. Stodghill

RECEIVED CLERK'S OFFICE
2004 SEP 21 P 3: 55
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2

## LIAISON COUNSEL SERVICE LIST

| Liaison Counsel | Firm/Address |
|---|---|
| Blazley, Richard C. | Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 |
| Cass, Edward J. | Gallagher, Sharp, Fulton & Norman<br>Bulkley Building 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Chud, Adam M. | Shea & Gardner<br>1800 Massachusetts Ave. N.W.<br>Washington, DC 20036 |
| Damico, David A. | Burns, White & Hickton<br>Fifth Avenue Place, Suite 2400<br>120 Fifth Avenue<br>Pittsburgh, PA 19106-2574 |
| Forceno, Raymond P. | Forceno & Hannon<br>111 South Independence Mall East<br>Suite 1000<br>The Bourse<br>Philadelphia, PA 19106-2574 |
| Furman, Ellen B. | Goldfein & Hosmer<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 |
| Hausen, Susan M. | Brownson & Ballou<br>4800 U.S. Bank Place<br>601 Second Avenue, South<br>Minneapolis, MN 55402 |
| Kramer, Reginald S. | Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308 |
| Landin, David C. | Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Locks, Gene | Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| Motley, Ronald L. | Motley, Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 |
| Repcheck, John J. | Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| Roven, John D. | Roven, Kaplan & Wells<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 |
| Schuster, Richard D. | Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 |
| Selman, Neil | Selman, Breitman & Burgess<br>11766 Wilshire Blvd.<br>Sixth Floor<br>Los Angeles, CA 90025 |
| Spinelli, Robert | Kelley, Jasons, McGuire & Spinelli LLP<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Swickle, Robert | Jaques Admiralty Law Firm P.C.<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 |
| Trevelise, Andrew J. | Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Weston II, James | Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------x

In re                                    :

    QUIGLEY COMPANY, INC.,           :          Chapter 11

        Debtor.                      :          Case No. 04-15739 (PCB)
--------------------------------------------------x
QUIGLEY COMPANY, INC.,                    :          Adv. Proc. No. . 04-04262 (PCB)

        Plaintiff,                   :

v.                                       :

A. C. Coleman, THE OTHER PARTIES         :
LISTED ON EXHIBIT A
TO THE COMPLAINT, JOHN DOES              :
1-1000 AND JANE DOES 1-1000,
                                         :
        Defendants.
--------------------------------------------------x

### ORDER: (A) ISSUING TEMPORARY RESTRAINING ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065, AND (B) SCHEDULING HEARING ON PRELIMINARY INJUNCTION

Upon the motion (the "Motion") of Quigley Company, Inc. ("Quigley"), debtor

and debtor in possession, pursuant to sections 105(a) and 362(a) of title 11, United States Code

(the "Bankruptcy Code"), and Rule 65 of the Federal Rules of Civil Procedure made applicable

hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure, for a preliminary injunction

staying, restraining and enjoining the commencement or continuation of any and all actions or

other proceedings against Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death

based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including

without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and

staying, restraining and enjoining all parties from taking any action with respect to any property

9714110.4                               1

EXHIBIT A

in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction; and the Court having considered and reviewed: (i) Quigley's memorandum of law in support of the Motion, (ii) the Affidavit of Paul Street in support of the Motion, (iii) the Affidavit of Steven C. Kany in support of the Motion, and (iv) Quigley's complaint for declaratory and injunctive relief with respect to the personal injury claims asserted against Pfizer; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O); and based on the record established at the hearing on September 7, 2004, the Court finds and concludes as follows:

1.      Quigley and Pfizer are defendants in over one hundred thousand personal injury claims alleging injury based on alleged exposure to asbestos, silica, mixed dust, talc, or vermiculite. Quigley and Pfizer have utilized shared insurance policies and the funds contained in an insurance trust, under which Quigley and Pfizer are joint beneficiaries, to satisfy settlements, judgments and defense costs related to the personal injury claims.

2.      Prior to the commencement of this chapter 11 case, Pfizer engaged in extensive settlement discussions with Quigley, present holders of personal injury claims against Pfizer and Quigley, and a representative representing the interests of holders of future demands against Pfizer and Quigley. Those discussions resulted in Quigley filing this chapter 11 case with a pre-negotiated plan, which contemplates a significant contribution by Pfizer to a trust to be established under section 524(g) of the Bankruptcy Code.

3.     Quigley commenced this chapter 11 case to protect the remaining limits under the shared insurance policies and the amounts contained in the insurance trust, which will be used to fund the pre-negotiated plan of reorganization and a section 524(g) trust.

4.     The insurance policies and the amounts contained in the insurance trust constitute property of Quigley's estate.   Each of these assets may be utilized by Pfizer and Quigley to satisfy settlements, judgments or defense costs related to personal injury claims against either of them, on a first billed, first paid basis, irrespective of amounts previously billed by or paid to Pfizer or Quigley.

5.     Quigley has demonstrated that absent a stay of pending and future personal injury claims asserted against Pfizer, plaintiffs will continue to prosecute their claims against Pfizer, which will have the effect of depleting the shared insurance policies and the funds in the insurance trust.

6.     Quigley has demonstrated that depletion of the shared insurance policies and the insurance trust assets will cause immediate and irreparable injury to Quigley's estate and impair Quigley's ability to implement its pre-negotiated chapter 11 plan and successfully reorganize under chapter 11 of the Bankruptcy Code.

7.     Quigley has demonstrated that  the injunctive relief requested is in the best interests of Quigley, its estate, creditors and parties in interest.

8.     Quigley has demonstrated that notifying over one hundred and sixty thousand plaintiffs, or all of their counsel, who have asserted the personal injury claims against Pfizer of the hearing on the temporary restraining order on shortened notice would not be possible.  In addition to the virtual impossibility of obtaining addresses for and serving all of the over one hundred and sixty thousand plaintiffs, Quigley's counsel is constrained by the

9714110.4

provisions of the Professional Code of Responsibility from communicating directly with parties known to be represented by counsel without the consent of their counsel.

9.      Quigley cannot provide notice to the holders of future personal injury demands because they are not known at this time. Quigley would only be able to provide publication notice with respect to the holders of future demands.

10.      Pursuant to the Court's direction, Quigley's counsel provided limited notice of the hearing on the Motion to counsel for the top 20 unsecured creditors and three other counsel representing plaintiffs who have not settled their claims with Quigley or Pfizer (a) by telephone on September 3, 2004, and (b) by written notice, served together with copies of the Motion and supporting pleadings, by overnight mail, Saturday delivery.

11.      Quigley will suffer immediate and irreparable injury, loss, or damage before the personal injury defendants or their counsel can be heard in opposition to the Motion.

NOW THEREFORE, IT IS HEREBY

ORDERED, that the Motion is granted in part, insofar as the request for a temporary restraining order is granted; and it is further

ORDERED, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York; and it is further

ORDERED, that pursuant to sections 105(a) and 362(a)of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, pending a final determination on Quigley's request for a preliminary injunction any and all pending or future actions or other proceedings against Pfizer, which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, are enjoined and restrained; and it is further

ORDERED, that sufficient cause has been shown for granting Quigley the temporary restraining order it has requested on the limited notice described above, based on the virtual impossibility of serving all of the over one hundred and sixty thousand personal injury defendants or their counsel with notice and the immediate and irreparable injury, loss, or damage that Quigley will suffer absent entry of this Order upon limited notice; and it is further

ORDERED, that entry of this Order will be without prejudice to any creditor or party in interest to seek relief from its terms; and it is further

9714110.4

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule 65(c) be, and same hereby are, waived; and it is further

ORDERED, that this Order shall be served together with a compact disk ("CD") containing Exhibit A to the Motion (list of claims and civil actions against Pfizer and Quigley) and Exhibit B to the Motion (list of claims and civil actions against Pfizer only):

      (a)     by overnight mail, overnight delivery, postage prepaid, on or before September 9, 2004, upon all known parties-in-interest at the time of such service who are directly affected by this Order, or upon counsel for such parties-in-interest, including counsel for personal injury claimants, as provided in the Order Authorizing Listing of Addresses of Counsel for Personal Injury Claimants in Creditor Matrix in Lieu of Claimants' Addresses and Approving Notice Procedures for Claimants; and

      (b)     by publication of Notice of Hearing Seeking Preliminary Injunction, substantially in the form of Exhibit A hereto, which Notice is hereby approved in all respects, to be published once in *The New York Times* and *The Wall Street Journal (National Edition)*, on or before September 14, 2004; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

ORDERED, the temporary restraining order shall remain in effect pursuant to this Order until September 17, 2004 at midnight (New York Time) and, good cause having been shown, consistent with section 102(1) of the Bankruptcy Code, Bankruptcy Rule 7065 and Fed. R. Civ. P. 65(b), may continue in effect without a hearing until the hearing on Quigley's request for a preliminary injunction, unless a party directly affected by such temporary restraining order moves prior to September 17, 2004 for its dissolution or modification on 2 days' prior written notice to Quigley and its counsel, Pfizer and its counsel, and the United States Trustee, in which

9714110.4

case the Court will consider such motion and decide if any hearing is necessary to dispose of such motion, and, if necessary, schedule the time and place for such hearing; and it is further

ORDERED, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at **www.nysb.uscourts.gov,** the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel:  (212) 756-2000, Fax:  (212) 593-5955 (Attention: Michael L. Cook), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel:  (212) 504-6000, Fax:  (212) 504-6666 (Attention:  Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, 33 Whitehall Street, Suite 2100, New York, NY 10004, Tel:  (212) 510-0500, Fax: (212) 668-2256, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time); and it is further

9714110.4

ORDERED, that responses, if any, shall be filed and served in accordance with the procedures described above and also shall be served on any objectors, so as to be received on or before September 24, 2004 at 12:00 p.m. (New York time).

Dated: New York, New York
   September 7, 2004  (at 5p.m.)

          /s/ Prudence Carter Beatty
          United States Bankruptcy Judge

9714110.4

## EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| QUIGLEY COMPANY, INC., | : | Case No. 04-15739 (PCB) |
| Debtor. | : | |

------------------------------------------------------x

| | | |
|---|---|---|
| QUIGLEY COMPANY, INC., | : | Adv. Proc. No. 04-04262 (PCB) |
| Plaintiff, | : | |
| v. | : | |
| A. C. Coleman, THE OTHER PARTIES | : | |
| LISTED ON EXHIBIT A | | |
| TO THE COMPLAINT, JOHN DOES | : | |
| 1-1000 AND JANE DOES 1-1000, | | |
| | : | |
| Defendants. | | |

------------------------------------------------------x

*RECEIVED CLERK'S OFFICE 2004 SEP 21 P 3:55 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

### NOTICE OF HEARING SEEKING PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that on September 3, 2004 (the "Petition Date"), Quigley Company, Inc. ("Quigley") filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtor filed a motion (the "Motion") pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction staying, restraining and enjoining the commencement or continuation of any and all actions or other proceedings against

Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that on September 7, 2004, the Bankruptcy Court granted the Motion, in part, and entered a temporary restraining order pending a hearing on Quigley's Motion seeking a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by

NYLIB5 766555.8

filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel: (212) 756-2000, Fax: (212) 593-5955 (Attention: Michael Cook, Esq.), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel: (212) 504-6000, Fax: (212) 504-6666 (Attention: Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time). If you fail to respond in accordance with the foregoing procedures, the relief requested may be entered.

Dated:     New York, New York
            September 7, 2004

                              SCHULTE ROTH & ZABEL LLP
                              Proposed Attorneys for Quigley Company, Inc.

                              By: _____
                              Michael L. Cook (MC 7887)
                              (A Member of the Firm)
                              919 Third Avenue
                              New York, New York 10022