JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL 875

SEP 23 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | ] ] ] ] | MDL 875 |

THIS DOCUMENT RELATES TO:

ALLEN MATTHEWS, ET AL.                                            PLAINTIFFS

VS.                                                    CAUSE NO. 1:04CV579GRo

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI, SOUTHERN DIVISION

AGCO CORPORATION, ET AL.                                          DEFENDANTS

PLEADING NO. 4251

### PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER 235

COME NOW, Plaintiffs, by and through their attorneys, and file this, their Motion to Vacate Conditional Transfer Order and would show unto the Court the following to-wit:

1. Plaintiffs are plaintiffs in the case of *Allen Matthews, et. al. v. AGCO Corporation, et. al.*, S.D. Mississippi, Civil Action No. 1:04CV579GRo, which was removed from the Circuit Court of Jones County, Mississippi on July 21, 2004 and which currently has been conditionally transferred to the United States District Court for the Eastern District of Pennsylvania.

2. On August 27, 2004, the Panel issued a Conditional Transfer Order conditionally transferring Plaintiffs' case to the United States District Court for the Eastern District of Pennsylvania, MDL No. 875. Plaintiffs oppose said transfer. Plaintiffs assert that there is no federal jurisdiction in this case. Further, transfer of Plaintiffs' case will not be judicially economical.

3. Plaintiffs timely filed their Notice of Opposition to Conditional Transfer Order in this cause.

4. Pursuant to Rules 7.2 and 7.4 of the Rules of Civil Procedure of the Panel,

**OFFICIAL FILE COPY**

IMAGED SEP 24 '04

RECEIVED
CLERK'S OFFICE

Plaintiffs submit this Motion to Vacate Conditional Transfer Order.

5.  Transfer of this case to MDL No. 875 will not serve the convenience of the parties and witnesses and will not promote the just and efficient conduct of the *Allen Matthews* case.

6.  For the reasons set forth in Plaintiffs' Brief in Support of Motion to Vacate Conditional Transfer Order, Plaintiffs respectfully request that the Panel vacate Conditional Transfer Order 235 regarding the *Allen Matthews* case.

WHEREFORE, Plaintiffs respectfully request that the Panel enter an Order vacating Conditional Transfer Order 235 issued concerning the case of *Allen Matthews, et. al. v. AGCO Corporation, et. al.*

This the 20th day of September, 2004.

Respectfully Submitted,

Jon A. Swartzfager
Consuelo W. Walley
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Consuelo W. Walley, do hereby certify that I have mailed, via U.S. Mail, postage prepaid, a true and correct copy of *Plaintiffs' Motion to Vacate Conditional Transfer Order* to the Clerk of the Court, the Honorable Charles R. Weiner, and to all known counsel of record.

This the 20th day of September, 2004.

CONSUELO W. WALLEY

JON A. SWARTZFAGER
MS BAR No. 8094
CONSUELO W. WALLEY
MS Bar No. 99700
Law Office of Jon A. Swartzfager
442 N. 6th Ave.
Post Office Box 131
Laurel, MS 39441-0131
Telephone: (601) 649-3240
Facsimile:  (601) 428-7691

KAESKE LAW FIRM
MIKE KAESKE
State Bar No. 00794061
ERIC MANCHIN
State Bar No. 24013094
6301 Gaston Avenue, Suite 735
Dallas, Texas 75214
Telephone: (214) 821-1221
Facsimile:  (214) 821-0977
**ATTORNEYS FOR PLAINTIFFS**

PANEL SERVICE LIST (Excerpted from CTO-235)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Allen Matthews, et al. v. AGCO Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-579

Charles H. Abbott
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Thomas T. Buchanan
P.O. Box 4326
Laurel, MS 39441-4326

Mark C. Carroll
Baker, Donelson, Bearman, Caldwell
& Berkowitz
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Chris H. Deaton
Deaton & Deaton, P.A.
P.O. Box 1726
Tupelo, MS 38802-1726

Kristi A. Duncan
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Mark W. Garriga
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Faye M. James
Wilkins Stephens & Tipton
P.O. Box 13429
Jackson, MS 39236-3429

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Tom Stewart Lee, Jr.
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Kyle A. Pinkerton
Page, Kruger & Holland, P.A.
P.O. Box 1163
Jackson, MS 39215-1163

Mary Margaret Ratliff
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 330
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
442 N. 6th Avenue
P.O. Box 131
Laurel, MS 39441-0131

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

IN RE ASBESTOS PRODUCTS           ]       MDL 875
LIABILITY LITIGATION (No. VI)     ]
                                  ]
                                  ]

THIS DOCUMENT RELATES TO:

ALLEN MATTHEWS, ET AL.                             PLAINTIFFS

VS.                                                CAUSE NO. 1:04CV579GRo

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
MISSISSIPPI, SOUTHERN DIVISION

AGCO CORPORATION, ET AL.                           DEFENDANTS

### PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER 235

COME NOW, Plaintiffs, in the above-styled case, by and through their attorneys, and file this, their Brief in Support of Motion to Vacate Conditional Transfer Order 235 and would show unto the Court the following to-wit:

### BACKGROUND

This is a civil action for damages brought by Plaintiffs for injuries caused by their exposure to asbestos and/or asbestos-containing products manufactured, sold, distributed, marketed, and/or designed by the Defendants named in this cause. In their complaint, Plaintiffs allege claims that arise soley under state law. There is not complete diversity of citizenship because Plaintiffs and several of the Defendants are citizens of the state of Mississippi. On or about June 21, 2004, DaimlerChrysler removed this case based on the grounds that diversity jurisdiction has been created by the fraudulent joinder of resident Mississippi Defendants; and that Plaintiffs' claims are barred under Section 11-1-64 of the Miss. Code Ann.; and that

1

Plaintiffs have failed to state a claim against the resident Defendants. The first defendants served in this matter were served on June 1, 2004. Therefore, all served defendants must have filed written consent no later than July 1, 2004. The Removing Defendants do not allege in their Notice of Removal that they have obtained timely written consent from all served defendants or even oral consent. Approximately seventeen (17) Defendants who have been served in this matter have not filed written consent or joinder to the removal. Four (4) of these Defendants are Mississippi resident Defendants. It is also important to note that not only has thirty (30) days lapsed from the time the first Defendant was served in this matter, but that thirty (30) days from the time each of these seventeen (17) Defendants were served has passed without any notice of joinder in the removal on their part. Furthermore, ChryslerDaimler has been repeatedly warned by the Southern District Courts of Mississippi from continuing this contumacious conduct. In Knotts, et al. v. Minnesota Manufacturing, et al., No 1:03CV 125 (S.D.Miss. 2003), Judge Walter Gex in referring to Chrysler's numerous removals of asbestos cases stated ". . continuous frivolous removal of these cases in addition to being burdensome to the Plaintiffs has become trying on the resources of the Court and the Court family" Id. Judge Gex also stated that "[a]ny further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly". Id. This admonition by Judge Gex has been repeated verbatim in subsequent cases. Pleas Ozell Rosamond, et al. v. Garlock Sealing Technologies, Inc., et al., 3:03cv 235(N.D. Miss. 2004). In Garlock, Judge Michael Mills not only quoted Judge Gex with approval regarding Chrysler but stated that in reviewing Chrysler's actions in the case before him and in prior cases that he was of the opinion that Chrysler was frivolously removing asbestos cases with no basis and then using dilatory tactics to forestall rulings on Motions to Remand in an effort to have the cases transferred to the MDL court where the Plaintiffs would have to wait years before even the question of jurisdiction would be decided. Id. Page 8. Also, Judge Mills noted that the "overburdened" MDL court had actually written him (and presumably other District Judges) and requested that he rule on Motions to Remand before the case could be sent to the MDL court. Id. Pages

2

9 and 10. Judge Mills further noted that the Defendant's repeated efforts to delay resolution of the case before him ran counter to the MDL court's stated desire that the transferor District Court rule upon any Motion to Remand. Id. Page 10. Stating that the simple fact that Defendants filed a Removal Petition should not entitle them to a delay of years before the merits of the removal are even considered was unfair to the Plaintiff, he opined that he was familiar with the "game" played by the Defendant and that he had observed the dilatory practices in his own court. Id. Pages 9, 11 and 12.

Plaintiffs have filed a motion to remand this action to state court. On August 27, 2004, the Clerk of the Judicial Panel on Multidistrict Litigation ("the Panel") issued a conditional transfer order ("CTO"), conditionally transferring Plaintiffs' case to a multidistrict litigation ("MDL") proceeding in the United States District Court for the Eastern District of Pennsylvania. Plaintiffs timely filed their Notice of Opposition to the Conditional Transfer Order. Plaintiffs now submit this brief in support of their Motion to Vacate the CTO in this case.

## ARGUMENT

### A.     Standard Governing Transfer Pursuant to 28 U.S.C. ' 1407.

A CTO is an administrative device used expeditiously to transfer apparently related cases where there is no opposition to such transfer, and a CTO should not be considered as a decision or judgment by this Panel that must be reversed before it can be vacated. *See In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970) (per curiam). The Panel is authorized to transfer actions pursuant to 28 U.S.C. ' 1407 when the following standard for transfer is met:

> Under 28 U.S.C. ' 1407, the Judicial Panel on Multidistrict Litigation is authorized to transfer civil actions pending in more than one district involving one or more common questions of fact to any district for coordinated or consolidated pretrial proceedings upon its determination that transfer Awill be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions.

MANUAL FOR COMPLEX LITIGATION (THIRD) '31.13 (1995). Initially, the Panel must find that actions share one or more common questions of fact. *See* 28 U.S.C. ' 1407(a). Where the primary set of facts

3

in an action is substantially different from those in other pending actions, transfer and consolidation are not warranted. *See In re Westinghouse Elec. Corp. Employment Discrimination Litig.*, 438 F. Supp. 937, 939 (J.P.M.L. 1977) (per curiam) (denying transfer where factual differences between cases outweighed similarities).

First and foremost, before the Panel can transfer a civil action under 28 U.S.C. '1407, the federal district court must properly have subject matter jurisdiction. *See BancOhio Corp. v. Fox*, 516 F.2d 29, 32 (6th Cir. 1975). *See also Farkas v. Bridgestone/Firestone, Inc.*, 113 F. Supp. 2d 1107, 1115 & n.8 (W.D. Ky. 2000) (quoting *Steel Co. v. Citizens for a Better Envt*, 523 U.S. 83, 94 (1998)) (refusing to stay ruling on motion to remand pending transfer of case to MDL proceeding because jurisdiction is the first and fundamental question that the court is bound to ask and answer for itself); *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 696 (S.D.W.Va. 1999) (court must ascertain jurisdiction before entering stay pending transfer of case pursuant to 28 U.S.C. '1407). As indicated above, Plaintiffs have moved for remand of this case to Mississippi state court for lack of federal subject matter jurisdiction. Once an action is remanded to state court, the Panel has no power to consider the propriety of coordinated or consolidated pretrial proceedings. *See In re Celotex Corp. Technifoam Prods. Liab. Litig.*, 68 F.R.D. 502, 503 n.2 (J.P.M.L. 1975) (per curiam). On the other hand, once it is determined that the district court does have subject matter jurisdiction, transfer may be made only upon a finding by the Panel that certain requirements are met.

If the Panel finds that one or more common questions exist, it must then find that the transfer and consolidation for pretrial proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation. 28 U.S.C. '1407(a). Each group of cases proposed for multidistrict treatment is evaluated on its own facts. *See* MANUAL FOR COMPLEX LITIGATION (THIRD) '31.131 (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)). In evaluating the propriety of transfer, the Panel is mindful that the objective of transfer is to eliminate

4

duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort on the part of the parties, the attorneys, the witnesses, and the courts. *Id.* In evaluating each group of cases, the Panel must also consider the interest of all parties and must further consider multidistrict litigation as a whole in light of the purposes of 28 U.S.C. '1407. *See In re Commonwealth Oil/Tesoro Petroleum Sec. Litig.*, 458 F. Supp. 225, 229 (J.P.M.L. 1978) (per curiam).

### B.  Transfer Is Inappropriate Where Important Motions Are Pending in the Transferor Court.

Transfer is inappropriate where an important and potentially dispositive motion, namely, Plaintiffs' motion to remand, is pending in this case. The stated policy of the Panel is to consider whether motions are pending in deciding whether and when to transfer a case. In *Plumbing Fixture, supra*, the Panel stated:

> The Panel is keenly aware of the problems of the District Courts and Courts of Appeal in which is pending multidistrict litigation subject to transfer under Section 1407. There is no disposition on the part of the Panel to act hastily or without a considerate and well deserved respect for these courts, on principles of comity.
>
> It is obvious that, under Section 1407, there will be proposals to transfer civil actions in which important pretrial motions are under submission or are reaching the point of submission. These motions include motions for dismissal, for summary judgment or for determination of the class action questions, among others.... The problems arising from these special circumstances require careful and thoughtful solution by the Panel.
>
> On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts (and Courts of Appeals if any are involved) to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel.
>
> The successful use of Section 1407 requires cooperation among the Courts, and by the Panel in an atmosphere of trust, confidence, comity and good will. The Panel believes these conditions exist and will continue to exist.

298 F. Supp. at 496. In *In re L.E. Lay & Co. Antitrust Litigation*, 391 F. Supp. 1054 (J.P.M.L. 1975) (per curiam), the Panel stated, [W]e are reluctant to transfer any action that has an important motion under submission with a court. *Id.* at 1056. In *In re Professional Hockey Antitrust Litigation*, 352 F. Supp.

5

1405 (J.P.M.L. 1973) (per curiam), the Panel denied transfer because the plaintiffs' motions for preliminary injunction were sub judice in the transferor court. *See id.* at 1407. In *In re Mid-Air Collision Near Hendersonville, North Carolina on July 19, 1967*, 297 F. Supp. 1039 (J.P.M.L. 1969) (per curiam), the Panel denied transfer while the plaintiffs sought appellate review of a decision ordering a change of venue under 28 U.S.C. ' 1404. *See* 297 F. Supp. at 1040-41. *See also In re Cessna Aircraft Distributorship Antitrust Litig.*, 460 F. Supp. 159, 162 (J.P.M.L. 1978) (per curiam) (where, in antitrust litigation in transferee district, transferee judge had already formally ruled upon appropriateness of inclusion of very claims now raised by particular parties in action sought to be transferred, transfer would undercut atmosphere of confidence, comity, and good will among districts in context of docket, so that great weight would be given to determination that inclusion of claims sought to be transferred in litigation in transferee district would be contrary to interests of justice, thus precluding transfer).

In the instant matter, Plaintiffs' motion to remand is pending. If the motion is granted, the case will return to Mississippi state court, thereby obviating the need for transfer. In view of this pending motion to remand, Plaintiffs submit that transfer is not appropriate at this time. In a recent decision, *In re Telecommunication Providers Fiber Optic Cable Installation Litigation*, 199 F. Supp. 2d 1377 (J.P.M.L. 2002) (per curiam), the Panel refused to transfer cases in which, as in the *Allen Matthews* case, motions to remand were pending. In denying transfer, the Panel observed that a substantial number of class certification, summary judgment, dismissal, *remand*, and other motions have been fully briefed and decided or are pending in various courts. *Id.* at 1378 (emphasis supplied). Thus, the Panel concluded, transfer would not be for the convenience of the parties and witnesses and would not promote the just and efficient conduct of the litigation. *See id.* at 1378-79. Similarly, in this case, where Plaintiffs' motion to remand is sub judice in the transferor court, transfer should be denied.

C. **The Panel Should Permit the United States District Court for the Southern District of Mississippi to Rule on Plaintiffs' Motion to Remand, Because this Will Facilitate Litigation of this Case in the Proper Forum.**

A ruling on Plaintiffs' motion to remand by the United States District Court for the Southern District of Mississippi will ensure that this case proceeds expeditiously in the appropriate forum. This is precisely what a court held in *Ritchie v. Warner-Lambert Co.*, No. CIV. A. 01-1001, 2001 WL 527501 (E.D. La. May 1, 2001). In *Ritchie*, the plaintiff brought suit in Louisiana court against manufacturers of Rezulin, a drug prescribed for the treatment of Type II diabetes, and his treating physician. The defendant manufacturers removed the case to federal court, alleging that the physician had been fraudulently joined as a defendant to defeat diversity jurisdiction. The plaintiff moved for remand. Upon the defendant manufacturers request that the court stay its ruling on the motion to remand pending transfer of the case by the Panel, the court refused. The court said: [J]udicial efficiency and economy are better promoted by this court determining (before the case is transferred to the MDL court sitting in New York) whether a Louisiana resident, under Louisiana law, has a reasonable possibility of recovery against a Louisiana doctor. 2001 WL 527501, at *2 n.7. Plaintiffs submit that, as in *Ritchie*, judicial economy is best served by allowing the United States District Court for the Southern District of Mississippi to rule on Plaintiffs' pending motion to remand. A ruling by that court will ensure the prompt return of this case to Mississippi state court, where this case belongs. *See Villarreal v. Chrysler Corp.*, No. C-95-4414 FMS, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ([A] stay [pending transfer] is improper. Judicial economy will be best served by addressing the remand issue because a determination on this issue will facilitate litigation in the appropriate forum.).

Further, it is appropriate for the Panel to permit the United States District Court for the Southern District of Mississippi to rule on Plaintiffs' motion to remand where, as noted, Plaintiffs' claims, including their claims against the allegedly fraudulently joined Defendants, are brought solely under Mississippi law.

7

As a district court in Kansas said in refusing to defer a ruling on a motion to remand pending transfer of the case before it,

> The Court is well versed in both Kansas and federal law, while the transferor court would need to apply the law of different states to different claims. For purposes of judicial economy, the jurisdictional issue should be resolved immediately. If federal jurisdiction does not exist, the case can be remanded before federal resources are further expended. In the Court's view, judicial economy dictates a present ruling on the remand issue.

*Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1048 (D. Kan. 1999) (citation omitted). *See also Havens Protected AC Clamps, Inc. v. Pilkington PLC*, No. 00-2035-JWL, 2000 WL 382027, at *2 (D. Kan. Mar. 28, 2000) (declining to stay ruling on motion to remand because there is no reason to believe that the transferee court would be a more suitable forum for the resolution of the matters raised therein); *Karofsky v. Abbott Labs.*, 921 F. Supp. 18, 21 n.4 (D. Me. 1996) (it is easier for federal judge in forum state, not transferee court, to resolve issues implicating state law).

In view of the foregoing, Plaintiffs submit that it is appropriate for the Panel, rather than transferring this case, to permit the United States District Court for the Southern District of Mississippi to rule on Plaintiffs' pending motion to remand.

**D.   Transfer Is Inappropriate Where Consolidated or Coordinated Pretrial Proceedings Will Not Contribute to the Convenience of Parties and Witnesses and Will Not Promote the Just and Efficient Conduct of this Action.**

In the instant matter, transfer of the *Allen Matthews* case is likely to hinder the orderly progress of this case to trial. The *Allen Matthews* case is a small case involving only six (6) Plaintiffs. Were the *Allen Matthews* case to be transferred to MDL-1407, it would be buried in pretrial proceedings concerning other, much larger cases. Under these circumstances, even if the *Allen Matthews* case shares common questions with previously transferred cases, it is difficult to see how transfer will serve the convenience of parties or judicial economy. [T]ransfer for coordinated or consolidated pretrial proceedings is not mandated by a finding that common questions of fact permeate the actions. *In re Photocopy Paper*,

8

305 F. Supp. 60, 61 (J.P.M.L. 1969) (per curiam). *See also In re Asbestos & Asbestos Insulation Material Prods. Liab. Litig.*, 431 F. Supp. 906, 910 (J.P.M.L. 1977) (per curiam) (presence of some common issues did not justify transfer). As the Panel observed in denying transfer in another instance,

> [W]e recognize that [certain actions sought to be transferred] share some questions of fact [with actions pending in a proposed transferee court] . . . . [However, i]f transfer were ordered, we are convinced that discovery and other pretrial proceedings concerning the common factual questions would clearly be dwarfed by matters of no interest to [the plaintiffs in the actions sought to be transferred] . . . . Thus we find that individual rather than common factual questions predominate.

*In re Gasoline Lessee Dealers Antitrust Litig.*, 479 F. Supp. 578, 580 (J.P.M.L. 1979) (per curiam). Similarly, in *In re Mack Trucks, Inc. Antitrust Litigation*, 405 F. Supp. 1400 (J.P.M.L. 1975) (per curiam), the Panel refused to transfer a simple contract action to an MDL proceeding. *Id.* at 1401. The Panel found that transfer was not appropriate because it would merely cause the case to become entangled with the complex . . . matters previously transferred. *Id. See also In re Westinghouse, supra*, 438 F. Supp. at 939 (certain employment discrimination cases involved some common questions of fact with previously transferred actions, but transfer was inappropriate where cases involved different allegations: plaintiffs in some actions asserted claims of racial discrimination, while plaintiffs in other actions asserted claims of sexual discrimination and religious discrimination in addition to claims of racial discrimination); *In re Air Crash Disaster Near Upperville, Va. on Dec. 1, 1974*, 430 F. Supp. 1295, 1297 (J.P.M.L. 1977) (per curiam) (Panel vacated transfer order, notwithstanding fact that case in question arose out of same air crash as previously transferred actions, explaining that [a]lthough we recognize that these actions may share some questions of fact with the previously transferred actions, we find that their transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.); *In re Truckin Cartoon Characters Copyright Litig.*, 372 F. Supp. 1400, 1401 (J.P.M.L. 1974) (per curiam) (limited common question is not

sufficient to warrant transfer).[1]

In this instance, were transfer to be ordered, the *Allen Matthews* case would be dwarfed by discovery and other pretrial proceedings that, although relevant to other cases pending in the transferee court, would be of no relevance to the *Allen Matthews* case. Discovery and pretrial motion practice in the *Allen Matthews* case is likely to be extremely limited, given the small size of the case, and doubtless can be completed vastly more expeditiously in the transferor court than in MDL-875. Furthermore, transfer will impose a heavy burden on Plaintiffs in this case, because litigating in a forum in Pennsylvania is prohibitively expensive and inconvenient for Plaintiffs, who are individuals residing in Mississippi. Under these circumstances, transfer will not contribute to the convenience of parties and witnesses and will not promote the just and efficient conduct of the *Allen Matthews* case. Accordingly, transfer should be denied.

---

1.   Further, as the Panel has observed on numerous occasions, courts presiding over related litigations may avoid duplicative proceedings through means other than transfer, such as the simple expedient of inter-court communication. *See In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978) (per curiam). *See also In re AT&T Broadband Telecomm. Servs. Litig.*, No. MDL-1501, 2002 WL 31834524, at *1 (J.P.M.L. Dec. 12, 2002) (per curiam); *In re Pharmacy Benefit Plan Adm=rs Pricing Litig.*, 206 F. Supp. 2d 1362, 1363 (J.P.M.L. 2002); *In re Coal-Fired Elec. Utils. Clean Air Act Litig.*, 162 F. Supp. 2d 696, 697 (J.P.M.L. 2001); *In re Midwest Milk Monopolization Litig.*, 483 F. Supp. 823, 825 (J.P.M.L. 1980) (per curiam); *In re Texas Instruments, Inc. Employment Practices Litig.*, 441 F. Supp. 928, 929 (J.P.M.L. 1977) (per curiam); MANUAL FOR COMPLEX LITIGATION (THIRD) ' 31.14. In this instance, given the small size of the *Calcaterra* case, duplicative proceedings can easily be avoided through communications between the transferor court and the judge presiding over MDL-1431.

## CONCLUSION

For the foregoing reasons, the Panel should enter an Order vacating CTO 235 previously entered in this case.

Respectfully Submitted,

*Consuelo W. Walley*
Jon A. Swartzfager
Consuelo W. Walley
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 23 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Consuelo W. Walley, do hereby certify that I have mailed, via U.S. Mail, postage prepaid, a true and correct copy of *Plaintiffs' Brief in Support of Motion to Vacate Conditional Transfer Order* to the Clerk of the Court, the Honorable Charles R. Weiner, and to all known counsel of record.

This the 20th day of September, 2004.

CONSUELO W. WALLEY

JON A. SWARTZFAGER
MS BAR No. 8094
CONSUELO W. WALLEY
MS Bar No. 99700
Law Office of Jon A. Swartzfager
442 N. 6th Ave.
Post Office Box 131
Laurel, MS 39441-0131
Telephone: (601) 649-3240
Facsimile: (601) 428-7691

KAESKE LAW FIRM
MIKE KAESKE
State Bar No. 00794061
ERIC MANCHIN
State Bar No. 24013094
6301 Gaston Avenue, Suite 735
Dallas, Texas 75214
Telephone: (214) 821-1221
Facsimile: (214) 821-0977
**ATTORNEYS FOR PLAINTIFFS**

RECEIVED CLERK'S OFFICE 2004 SEP 23 A 8:21 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-235)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Allen Matthews, et al. v. AGCO Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-579

Charles H. Abbott
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Thomas T. Buchanan
P.O. Box 4326
Laurel, MS 39441-4326

Mark C. Carroll
Baker, Donelson, Bearman, Caldwell
& Berkowitz
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Chris H. Deaton
Deaton & Deaton, P.A.
P.O. Box 1726
Tupelo, MS 38802-1726

Kristi A. Duncan
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Mark W. Garriga
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Faye M. James
Wilkins Stephens & Tipton
P.O. Box 13429
Jackson, MS 39236-3429

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Tom Stewart Lee, Jr.
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Kyle A. Pinkerton
Page, Kruger & Holland, P.A.
P.O. Box 1163
Jackson, MS 39215-1163

Mary Margaret Ratliff
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 330
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
442 N. 6th Avenue
P.O. Box 131
Laurel, MS 39441-0131

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406