**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 9 2004

FILED
CLERK'S OFFICE

# IN THE UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re: Asbestos Products Litigation          MDL-875

\* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| John Todd, et al., | \* |
| Plaintiffs, | \* |
| vs. | \* |
| ACandS, Inc., <u>et al</u>. | \* |
| Defendants. | \* |

Case No. WDQ-04-CV-2393

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>RESPONSE TO DEFENDANTS' MOTION TO TRANSFER</u>

Now comes Armand J. Volta, Jr., on behalf of the above Plaintiffs, and files this

Response to Defendants' Motion to Transfer Tag-Along Action and in support thereof states:

### <u>FACTUAL BACKGROUND</u>

These removed claims were originally filed as individual asbestos personal injury suits in

the Circuit Court for Baltimore City. In each case, the members of the Center for Claims

Resolution (CCR), a conglomerate of asbestos manufacturers, suppliers, and installers unified for

the purpose of settlement opted to settle their disputes with the Plaintiffs prior to the respective

trials for a set amount of money. In exchange, each Plaintiffs agreed to release all members of

the CCR of liability for their injuries.

The Plaintiffs in these cases upheld their end of the bargain. Each Plaintiff signed

releases of their claims pending against the members of the CCR. However, these Plaintiffs

RECEIVED
CLERK'S OFFICE

PLEADING NO. 4254

OFFICIAL FILE COPY

IMAGED SEP 29 '04

never received the agreed upon settlement monies.  Instead, the CCR sent "partial" payments of the settlement amounts, citing to the withdrawal of certain companies from the organization.

Under the Producers Agreement for the CCR, the remaining members of the CCR are obligated to pick up the shares of pending settlements of any withdrawing member. Accordingly, the Plaintiffs of these actions requested that full payments be made to them by the CCR.  Despite the clear obligation on the CCR's part to satisfy the entire settlement amounts, the CCR has refused to pay the Plaintiffs the full amounts of their settlements.

Following a lengthy negotiation process, the Plaintiffs filed Motions to Compel Enforcement of their Settlement Agreements in the Circuit Court for Baltimore City against Quigley Co., Inc. and Pfizer Corporation, then non-bankrupt members of the CCR.  The Defendants removed these cases to this Court under the authority of 28 U.S.C. § 1452 to the U.S. District Court for the Northern District of Maryland where this proceeding is still pending. Thereafter, the Defendants filed a Motion to Transfer the proceeding to MDL-875 with this panel.

On September 3, 2004, after the filing of the current motion, Quigley Company, Inc. filed for bankruptcy.  All other proceedings relating to Quigley have accordingly been stayed.  Exhibit 1.  At the same time, Quigley petitioned for a temporary restraining order enjoining all other proceedings against Pfizer, Inc.  On September 7, 2004, United States Bankruptcy Court for the Southern District of New York granted Quigley's request for a temporary restraining order. Exhibit 1.  A hearing for Quigley's Motion for a Preliminary Injunction staying other proceedings against Pfizer was set for September 27, 2004.  That hearing has been reset for October 29, 2004.  Exhibit 2.

## ARGUMENT

**I**      **THIS PROCEEDING DOES NOT QUALIFY FOR TRANSFER BECAUSE AN AUTOMATIC STAY IS IN PLACE AS TO QUIGLEY AND THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK HAS ISSUED A TEMPORARY RESTRAINING ORDER FOR THE BENEFIT OF PFIZER.**

Under 11 U.S.C. §362(a), a party who files a petition for bankruptcy is entitled to an automatic stay of proceedings pending against it.  This statute states in pertinent part:

> [A] petition filed under section 301, 302 or 303 of this title...operates as a stay, applicable to all entities, of
>
> > (1) the commencement or <u>continuation</u>, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title....

As noted in the House Judiciary Report for 11 U.S.C. §362:

> The scope of this paragraph is broad.  All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings.  Proceedings in this sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals.

H.Rep. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-344.  <u>See Also</u>, <u>Matter of R. S. Pinellas Motel Partnership</u>, 2 B.R. 113 (Fla. 1979).

The broad scope of 11 U.S.C §362(a) was acknowledged in <u>Borman v. Raymark Industries, Inc</u>, 946 F.2d 1031 (3rd Cir. 1991).  In that case, the Third Circuit examined the issue of whether an appeal, where a supersedes bond had been filed, pending prior to the institution of bankruptcy proceedings fell under the ambit of Section 362(a).  The court held that it did.  In doing so, the Third Circuit based its holding on the broad wording of Section 362(a)(1) and

concluded that the statute "stays pending proceedings brought directly against the debtor,

regardless of whether they involve property of the estate." Id. at 1035.  The court further stated:

> Unlike the provisions construed in *Mid-Jersey*, which were directly
> solely at protecting property of the estate, the current provisions
> provide a "breathing spell" for the debtor which stops all collection
> efforts. House Report at 340.  This breathing spell encompasses a
> stay of an action brought directly against the debtor, even when the
> funds to satisfy at judgment may ultimately come from another
> source.  The automatic stay was designed "to prevent certain
> creditors from gaining a preference for their claims against the
> debtor; to forestall the depletion of the debtor's assets due to legal
> costs in defending proceedings against it; and, in general, to avoid
> interference with the orderly liquidation of rehabilitation of the
> debtor." *St. Croix Condominium Owners*, 682 F.2d at 448.

Id. at 1036

In this case, the automatic stay was triggered upon the commencement of Quigley's

Chapter 11 case, and a temporary restraining order has been issued on behalf of Pfizer.  There

can be no doubt that the stay applies to this action.  As noted by the plain language of 11 U. S. C.

§362, its legislative history, and applicable case law, the automatic stay triggered by Quigley's

Chapter 11 filing is broad and covers the continuation of all actions filed against the debtor.  This

proceeding has been instituted against Quigley and Pfizer for the purpose of collecting monies

due under settlement agreements.  Since the relief requested in this proceeding seeks the

collection of money now subject to an automatic stay and the temporary restraining order and

was filed directly against the debtor and its protected sister company after the commencement of

the Chapter 11 proceeding, this proceeding is subject to the stay and should remain in situ until

the impediments of litigation are lifted or until the underlying claims have been disposed of by

the normal course of bankruptcy proceedings.

Page 4

## II    THIS PROCEEDING DOES NOT SATISFY THE REQUIREMENTS FOR MDL TRANSFER

An action may be transferred for coordinated or consolidated pretrial proceedings only when there are common issues of fact and when the transfer will "serve the convenience of the parties and witnesses" and "promote the just and efficient conduct" of the action.  28 U.S.C. § 1407.  The fact that a case has been designated a "tagalong case" does not preclude the necessity of that determination.  In Re: Grain Shipments 319 at Supp. 553 (JPML 1970).

It is the position of the Plaintiff, that transfer by this panel is not appropriate because there are no issues to be resolved in this proceeding which have commonality with the asbestos personal injury cases pending in the Eastern District of Pennsylvania, and that neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues which are common to all of the consolidated cases.  28 U.S.C. § 1407(a) provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the Judicial Panel on Multi-District Litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, that the panel may separate any claim, cross-claim, counter-clam, or third-party claim and remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the

Page 5

requirement of factual commonality described within § 1407.  The whole premise behind

consolidated pretrial proceedings for asbestos cases under ML-875 is to conduct discovery and

dispose of pretrial motions affecting the common factual questions for the liability portion of

personal injury or wrongful death asbestos cases.  The factual questions surrounding typical

asbestos personal injury claims concentrate on whether an asbestos manufacturer owed a duty to

injured plaintiffs, whether such duty was breached by the manufacturer, and causation.  Such

common questions of fact include the defective nature of asbestos products, the knowledge that

asbestos manufacturers had of the defective nature of asbestos products, and state of the art

evidence affecting the manufacturers' notice of product defect.

     This action involves a completely different set of facts and would require inconsistent

discovery mechanisms than those issues of fact contemplated under MDL-875.  The <u>Todd</u> claims

are solely contractual in nature.  There is no question of fact regarding the Defendants' tort

liability to the Plaintiffs' since all potential tort claims against the Defendants have been

expressly released by the Plaintiffs in exchange for a negotiated settlement amount.  Rather, the

factual inquiry in these cases are limited to the four corners of the executed releases.  The

question of whether these Defendants breached their agreement to the Plaintiffs in their refusal to

pay the whole of the settlements has no correlation with the tort liability these Defendants would

have faced had the arguments never been made.  In fact, by asking the Plaintiffs to sign off on

their product liability claims against the Defendants, Quigley and Pfizer knowingly took on a

completely different obligation.  The claims now pursued turn on the intent of the parties and

state contract law, not the traditional product liability factual framework.  Accordingly, this

action is not appropriate for inclusion in MDL-875.

Transfer of these cases to the U.S. District Court for the Eastern District of Pennsylvania is also not proper because such transfer will not promote the efficient conduct of these actions. In order to transfer a case to MDL-875, 28 U.S.C. § 1407 requires that a determination be made that such transfer will promote the just a efficient conduct of the action. In this case, transfer to the United States District Court for the Eastern District of Pennsylvania will not satisfy such requirement.

In light of the automatic stay now in place for all proceedings filed against Debtor Quigley, the bankruptcy court overseeing the Quigley bankruptcy and attending to the common property issues between Quigley and Pfizer is in the best position to determine how this proceeding would best be disposed of, as well as the most appropriate forum for the parties involved. Leaving these cases as they stand now will ensure that the claims will be handled in the most efficient manner possible and allow the U.S. Bankruptcy Court for the Southern District of New York its full jurisdiction over this matter. The pretrial issues involved with these cases deal almost exclusively with bankruptcy law and specific determinations regarding the effect, if any, that these proceedings will have on the relevant bankruptcy. Accordingly, it is not the best interests of these parties that this action be transferred to the United States District Court for the Eastern District of Pennsylvania.

For the foregoing reasons, the Plaintiffs respectfully request that this Panel to stay this proceeding in accordance with Quigley's Automatic Stay and Temporary Restraining Order for Pfizer or, in the alternative, deny Defendants' Motion to Transfer.

Respectfully submitted,

Armand J. Volta, Jr.
Jennifer L. Lilly
The Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201
(410) 649-2000
Federal Number: 7982

Attorney for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 9 2004

FILED
CLERK'S OFFICE

## PLAINTIFFS' REQUEST FOR HEARING

Plaintiffs, by their undersigned attorneys, the Law Offices of Peter G. Angelos, hereby

request a hearing on the above captioned matter.

Armand J. Volta, Jr.
Jennifer L. Lilly
The Law Offices of Peter G. Angelos
100 N. Charles Street, 22nd Floor
Baltimore, Maryland 21201
410-649-2000
Federal Number: 7982

# PANEL SERVICE LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*John B. Todd v. ACandS, Inc., et al.*, D. Maryland, C.A. No. 1:04-2393

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Michael A. Stodghill
Rubin & Rubin Chartered
One Church Street
Suite 301
Rockville, MD 20850

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestos Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Armand J. Volta, Jr.
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street
Baltimore, MD 21201

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 9 2004

FILED
CLERK'S OFFICE

# EXHIBIT   1

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS           *
  LIAB. LITIG. (NO. VI)
                                       *   MDL No. 875
                                           (Hon. Charles Weiner)

\*     \*     \*     \*     \*     \*     o0o     \*     \*     \*     \*     \*     \*

JOHN B. TODD                      *

    Plaintiff,                    *   Case No. WDQ-04-CV-2393
                                            (Filed in Consolidated Case Nos.
-v.-                              *   WDQ-04-CV-2393 through -2472)
                                            (D. Md.)

ACandS, Inc., et al.,             *

    Defendants.                   *

\*     \*     \*     \*     \*     \*     o0o     \*     \*     \*

RECEIVED CLERK'S OFFICE 2004 SEP 28 P 4: 16 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### NOTICE OF BANKRUPTCY FILING AND
### IMPOSITION OF AUTOMATIC STAY
### AND NOTICE OF TEMPORARY RESTRAINING ORDER

**NOTICE IS HEREBY GIVEN** that on September 3, 2004, Quigley Company,

Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for

the Southern District of New York (the "Court"). The Chapter 11 case is pending before

Bankruptcy Court Judge Prudence C. Beatty under the case name *In re Quigley*

*Company, Inc.* and Case No. 04-15739. Pursuant to the provisions of Section 362(a) of

the Bankruptcy Code, this lawsuit is stayed as to Quigley Company, Inc. All actions

taken in violation of the stay are null and void.

**NOTICE IS FURTHER GIVEN** that on September 7, 2004, the Bankruptcy

Court issued a Temporary Restraining Order, a copy of which is attached as **Exhibit A.**

Dated: September 8, 2004

_[signature]_

Ronald B. Rubin (Bar No. 00517)
Patrick C. Smith (Bar No. 02054)
Vincent J. Palmiotto (Bar No. 26376)
Michael A. Stodghill (Bar No. 25295)

RUBIN & RUBIN, CHARTERED
502 Washington Ave., Suite 200
Towson, MD 21204
(443) 279-9700
(443) 279-9704 (facsimile)

*Counsel for Defendants,*
*Pfizer Inc. and Quigley Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2004, a copy of the foregoing was

filed and served electronically upon:

| | |
|---|---|
| Felicia D. Cannon, Clerk | Armand J. Volta, Jr., Esq. |
| United States District Court | Law Offices of Peter G. Angelos |
| for the District of Maryland (Baltimore) | 100 N. Charles St., 22nd Floor |
| Garmatz Federal Courthouse | Baltimore, MD 21201 |
| 101 W. Lombard Street | |
| Baltimore, MD 21201 | |

And that copies were mailed first class, postage prepaid, to the liaison counsel listed on

the attached Service List.

_[signature]_

Michael A. Stodghill

## LIAISON COUNSEL SERVICE LIST

| Liaison Counsel | Firm/Address |
|---|---|
| Blazley, Richard C. | Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 |
| Cass, Edward J. | Gallagher, Sharp, Fulton & Norman<br>Bulkley Building 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Chud, Adam M. | Shea & Gardner<br>1800 Massachusetts Ave. N.W.<br>Washington, DC 20036 |
| Damico, David A. | Burns, White & Hickton<br>Fifth Avenue Place, Suite 2400<br>120 Fifth Avenue<br>Pittsburgh, PA 19106-2574 |
| Forceno, Raymond P. | Forceno & Hannon<br>111 South Independence Mall East<br>Suite 1000<br>The Bourse<br>Philadelphia, PA 19106-2574 |
| Furman, Ellen B. | Goldfein & Hosmer<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 |
| Hausen, Susan M. | Brownson & Ballou<br>4800 U.S. Bank Place<br>601 Second Avenue, South<br>Minneapolis, MN 55402 |
| Kramer, Reginald S. | Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308 |
| Landin, David C. | Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Locks, Gene | Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| Motley, Ronald L. | Motley, Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 |
| Repcheck, John J. | Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| Roven, John D. | Roven, Kaplan & Wells<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 |
| Schuster, Richard D. | Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 |
| Selman, Neil | Selman, Breitman & Burgess<br>11766 Wilshire Blvd.<br>Sixth Floor<br>Los Angeles, CA 90025 |
| Spinelli, Robert | Kelley, Jasons, McGuire& Spinelli LLP<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Swickle, Robert | Jaques Admiralty Law Firm P.C.<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 |
| Trevelise, Andrew J. | Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Weston II, James | Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re                                  :

       QUIGLEY COMPANY, INC.,     :

                Debtor.       :
-------------------------------------------------------x

| | |
|---|---|
| In re | : |
| QUIGLEY COMPANY, INC., | : Chapter 11 |
| Debtor. | : Case No. 04-15739 (PCB) |

QUIGLEY COMPANY, INC.,     :   Adv. Proc. No. . 04-04262 (PCB)

               Plaintiff,    :

v.                                 :

A. C. Coleman, THE OTHER PARTIES   :
LISTED ON EXHIBIT A
TO THE COMPLAINT, JOHN DOES   :
1-1000 AND JANE DOES 1-1000,

                               :

            Defendants.
-------------------------------------------------------x

### ORDER:  (A) ISSUING TEMPORARY RESTRAINING ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065, AND (B) <u>SCHEDULING HEARING ON PRELIMINARY INJUNCTION</u>

Upon the motion (the "Motion") of Quigley Company, Inc. ("Quigley"), debtor and debtor in possession, pursuant to sections 105(a) and 362(a) of title 11, United States Code (the "Bankruptcy Code"), and Rule 65 of the Federal Rules of Civil Procedure made applicable hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure, for a preliminary injunction staying, restraining and enjoining the commencement or continuation of any and all actions or other proceedings against Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property

EXHIBIT A

in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction; and the Court having considered and reviewed:  (i) Quigley's memorandum of law in support of the Motion, (ii) the Affidavit of Paul Street in support of the Motion, (iii) the Affidavit of Steven C. Kany in support of the Motion, and (iv) Quigley's complaint for declaratory and injunctive relief with respect to the personal injury claims asserted against Pfizer; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O); and based on the record established at the hearing on September 7, 2004, the Court finds and concludes as follows:

      1.     Quigley and Pfizer are defendants in over one hundred thousand personal injury claims alleging injury based on alleged exposure to asbestos, silica, mixed dust, talc, or vermiculite.  Quigley and Pfizer have utilized shared insurance policies and the funds contained in an insurance trust, under which Quigley and Pfizer are joint beneficiaries, to satisfy settlements, judgments and defense costs related to the personal injury claims.

      2.     Prior to the commencement of this chapter 11 case, Pfizer engaged in extensive settlement discussions with Quigley, present holders of personal injury claims against Pfizer and Quigley, and a representative representing the interests of holders of future demands against Pfizer and Quigley.  Those discussions resulted in Quigley filing this chapter 11 case with a pre-negotiated plan, which contemplates a significant contribution by Pfizer to a trust to be established under section 524(g) of the Bankruptcy Code.

9714110.4

3.    Quigley commenced this chapter 11 case to protect the remaining limits under the shared insurance policies and the amounts contained in the insurance trust, which will be used to fund the pre-negotiated plan of reorganization and a section 524(g) trust.

4.    The insurance policies and the amounts contained in the insurance trust constitute property of Quigley's estate.   Each of these assets may be utilized by Pfizer and Quigley to satisfy settlements, judgments or defense costs related to personal injury claims against either of them, on a first billed, first paid basis, irrespective of amounts previously billed by or paid to Pfizer or Quigley.

5.    Quigley has demonstrated that absent a stay of pending and future personal injury claims asserted against Pfizer, plaintiffs will continue to prosecute their claims against Pfizer, which will have the effect of depleting the shared insurance policies and the funds in the insurance trust.

6.    Quigley has demonstrated that depletion of the shared insurance policies and the insurance trust assets will cause immediate and irreparable injury to Quigley's estate and impair Quigley's ability to implement its pre-negotiated chapter 11 plan and successfully reorganize under chapter 11 of the Bankruptcy Code.

7.    Quigley has demonstrated that the injunctive relief requested is in the best interests of Quigley, its estate, creditors and parties in interest.

8.    Quigley has demonstrated that notifying over one hundred and sixty thousand plaintiffs, or all of their counsel, who have asserted the personal injury claims against Pfizer of the hearing on the temporary restraining order on shortened notice would not be possible.  In addition to the virtual impossibility of obtaining addresses for and serving all of the over one hundred and sixty thousand plaintiffs, Quigley's counsel is constrained by the

9714110.4

provisions of the Professional Code of Responsibility from communicating directly with parties known to be represented by counsel without the consent of their counsel.

9.    Quigley cannot provide notice to the holders of future personal injury demands because they are not known at this time.   Quigley would only be able to provide publication notice with respect to the holders of future demands.

10.    Pursuant to the Court's direction, Quigley's counsel provided limited notice of the hearing on the Motion to counsel for the top 20 unsecured creditors and three other counsel representing plaintiffs who have not settled their claims with Quigley or Pfizer (a) by telephone on September 3, 2004, and (b) by written notice, served together with copies of the Motion and supporting pleadings, by overnight mail, Saturday delivery.

11.    Quigley will suffer immediate and irreparable injury, loss, or damage before the personal injury defendants or their counsel can be heard in opposition to the Motion.

9714110.4

NOW THEREFORE, IT IS HEREBY

ORDERED, that the Motion is granted in part, insofar as the request for a temporary restraining order is granted; and it is further

ORDERED, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York; and it is further

ORDERED, that pursuant to sections 105(a) and 362(a)of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, pending a final determination on Quigley's request for a preliminary injunction any and all pending or future actions or other proceedings against Pfizer, which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, are enjoined and restrained; and it is further

ORDERED, that sufficient cause has been shown for granting Quigley the temporary restraining order it has requested on the limited notice described above, based on the virtual impossibility of serving all of the over one hundred and sixty thousand personal injury defendants or their counsel with notice and the immediate and irreparable injury, loss, or damage that Quigley will suffer absent entry of this Order upon limited notice; and it is further

ORDERED, that entry of this Order will be without prejudice to any creditor or party in interest to seek relief from its terms; and it is further

9714110.4

5

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule 65(c) be, and same hereby are, waived; and it is further

ORDERED, that this Order shall be served together with a compact disk ("CD") containing Exhibit A to the Motion (list of claims and civil actions against Pfizer and Quigley) and Exhibit B to the Motion (list of claims and civil actions against Pfizer only):

(a)   by overnight mail, overnight delivery, postage prepaid, on or before September 9, 2004, upon all known parties-in-interest at the time of such service who are directly affected by this Order, or upon counsel for such parties-in-interest, including counsel for personal injury claimants, as provided in the  Order Authorizing Listing of Addresses of Counsel for Personal Injury Claimants in Creditor Matrix in Lieu of Claimants' Addresses and Approving Notice Procedures for Claimants; and

(b)   by publication of Notice of Hearing Seeking Preliminary Injunction, substantially in the form of Exhibit A hereto, which Notice is hereby approved in all respects, to be published once in *The New York Times* and *The  Wall Street Journal (National Edition)*, on or before September 14, 2004; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

ORDERED, the temporary restraining order shall remain in effect pursuant to this Order until September 17, 2004 at midnight (New York Time) and, good cause having been shown, consistent with section 102(1) of the Bankruptcy Code, Bankruptcy Rule 7065 and Fed. R. Civ. P. 65(b), may continue in effect without a hearing until the hearing on Quigley's request for a preliminary injunction, unless a party directly affected by such temporary restraining order moves prior to September 17, 2004 for its dissolution or modification on 2 days' prior written notice to Quigley and its counsel, Pfizer and its counsel, and the United States Trustee, in which

9714110.4

case the Court will consider such motion and decide if any hearing is necessary to dispose of such motion, and, if necessary, schedule the time and place for such hearing; and it is further

ORDERED, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel:  (212) 756-2000, Fax:  (212) 593-5955 (Attention: Michael L. Cook), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel:  (212) 504-6000, Fax:  (212) 504-6666 (Attention:  Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, 33 Whitehall Street, Suite 2100, New York, NY 10004, Tel: (212) 510-0500, Fax: (212) 668-2256, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time); and it is further

9714110.4

ORDERED, that responses, if any, shall be filed and served in accordance with the procedures described above and also shall be served on any objectors, so as to be received on or before September 24, 2004 at 12:00 p.m. (New York time).

Dated:    New York, New York
          September 7, 2004  (at 5p.m.)


                                        /s/ Prudence Carter Beatty
                                        United States Bankruptcy Judge

9714110.4

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

In re                                               :
                                                             Chapter 11
     QUIGLEY COMPANY, INC.,        :
                                                             Case No. 04-15739 (PCB)
          Debtor.      :
------------------------------------------------------x
QUIGLEY COMPANY, INC.,                 :      Adv. Proc. No. 04-04262 (PCB)

        Plaintiff,        :

v.                                                  :

A. C. Coleman, THE OTHER PARTIES       :
LISTED ON EXHIBIT A
TO THE COMPLAINT, JOHN DOES            :
1-1000 AND JANE DOES 1-1000,
                                                    :
       Defendants.
------------------------------------------------------x

NOTICE OF HEARING SEEKING PRELIMINARY INJUNCTION

     PLEASE TAKE NOTICE that on September 3, 2004 (the "Petition Date"),

Quigley Company, Inc. ("Quigley") filed a petition for relief under chapter 11, title 11, United

States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Southern District

of New York (the "Bankruptcy Court").

     PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtor filed a

motion (the "Motion") pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rule

65 of the Federal Rules of Civil Procedure for a preliminary injunction staying, restraining and

enjoining the commencement or continuation of any and all actions or other proceedings against

Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that on September 7, 2004, the Bankruptcy Court granted the Motion, in part, and entered a temporary restraining order pending a hearing on Quigley's Motion seeking a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by

filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel:   (212) 756-2000, Fax: (212) 593-5955 (Attention: Michael Cook, Esq.), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel:  (212) 504-6000, Fax:   (212) 504-6666 (Attention:  Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time).  If you fail to respond in accordance with the foregoing procedures, the relief requested may be entered.

Dated:      New York, New York
            September 7, 2004


                          SCHULTE ROTH & ZABEL LLP
                          Proposed Attorneys for Quigley Company, Inc.

                          By: _____
                          Michael L. Cook (MC 7887)
                          (A Member of the Firm)
                          919 Third Avenue
                          New York, New York 10022

# EXHIBIT   2

Adjourned Hearing Date:
October 29, 2004 at 2:30 p.m.

Michael L. Cook (MC 7887)
Lawrence V. Gelber (LG 9384)
Robert J. Mrofka (RM 1930)
SCHULTE ROTH & ZABEL LLP
Attorneys for the Debtor and Debtor in Possession
919 Third Avenue
New York, New York 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| QUIGLEY COMPANY, INC., | : | Case No. 04-15739 (PCB) |
| Debtor. | : | |

------------------------------------------------------x

| | | |
|---|---|---|
| QUIGLEY COMPANY, INC., | : | |
| Plaintiff, | : | |
| v. | : | Adv. Proc. No. 04-04262 (PCB) |
| A. C. Coleman, et al., | : | |
| Defendants. | : | |

------------------------------------------------------x

**NOTICE OF ADJOURNED HEARING ON MOTION OF QUIGLEY COMPANY, INC.
FOR ORDER PURSUANT TO SECTIONS 105(a) AND 362(a) OF
BANKRUPTCY CODE AND BANKRUPTCY RULE 7065
CONFIRMING APPLICATION OF AUTOMATIC STAY AND GRANTING
PRELIMINARY INJUNCTION WITH TEMPORARY RESTRAINING ORDER**

      **PLEASE TAKE NOTICE**, that the hearing to consider the motion of Quigley

Company, Inc. for an order under sections 105(a) and 362(a) of the Bankruptcy Code and

Bankruptcy Rule 7065 confirming application of the automatic stay and granting a preliminary

injunction, previously scheduled for September 27, 2004 at 10:30 a.m. has been adjourned to

9716137.2

October 29, at 2:30 p.m.  The hearing will be held before the Honorable Prudence C. Beatty,

United States Bankruptcy Judge, in room 701 of the United States Bankruptcy Court for the

Southern District of New York, One Bowling Green, New York, New York 10004-1408 .

Dated:   New York, New York
         September 23, 2004

                              SCHULTE ROTH & ZABEL LLP
                               Attorneys for Quigley Company, Inc.

                              By:___/s/ Lawrence V. Gelber_____
                              Lawrence V. Gelber (LG 9384)
                              (A Member of the Firm)
                              919 Third Avenue
                              New York, New York 10022
                              Telephone: (212) 756-2000
                              Facsimile: (212) 593-5955

9716137.2

2

## Supplemental Exhibit A

### Quigley Company, Inc.

### Supplemental List of Ordinary Course Professionals

| | |
|---|---|
| John J. Bogdanski<br>Howd & Ludorf<br>65 Wethersfield Avenue<br>Hartford, CT 06114-1190<br>(860) 249-1361 (x150)<br>(860) 249-7665 (fax)<br>jbogdanski@hl-law.com | **Legal** (Connecticut) |
| Tim L. Fields, Esq.<br>Michelle Hernandez, Esq.<br>Modrall, Sperling, Roehl, Harris & Sisk, P.A.<br>The Sunwest Building,<br>500 Fourth Street, N.W.<br>P.O. Box 2168<br>Albuquerque, NM 87103-2168<br>(505) 848-1800<br>(505) 848-1889 (fax)<br>tlf@modrall.com<br>mhernandez@modrall.com | **Legal** (New Mexico) |
| Ronald H. McLean<br>Serkland Law Firm,<br>A Professional Corporation<br>10 Roberts Street, P.O. Box 6017<br>Fargo, North Dakota 58108-6017<br>(701) 232-8957<br>(701) 237-4049 (fax) | **Legal** (North Dakota) |
| Martha J. Phillips<br>Atkinson, Haskins, Nellis, Holeman,<br>Brittingham, Gladd & Carwile<br>500 Parkcentre,<br>525 South Main<br>Tulsa, OK 74103-4524<br>(918) 582-8877<br>(918) 585-8096 (fax) | **Legal** (Oklahoma) |

| | |
|---|---|
| John H. Benham,<br>Watts, Benham & Sprehn, P.C.<br>No. 1 Frederiksberg Gade<br>P.O. Box 11720<br>St. Thomas, VI 00801-4720<br>(340) 774-0673<br>(340) 776-3630 (fax) | **Legal** (Virgin Islands) |
| James Gewin, Esq.<br>Joel Kuehnert, Esq.<br>Bradley Arant Rose & White LLP<br>One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, Alabama 35203<br>(205) 521-8000<br>(205) 521-8800 (fax)<br>jgewin@bradleyarant.com<br>jkuehnert@bradleyarant.com | **Legal** (Virginia) |

9725467.1