

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 7 2004

FILED
CLERK'S OFFICE

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

This document relates to the following case:

*Allen Matthews, et al. v. AGCO Corp., et al.*, Civil Action No. 1:04CV579GRo, United States District Court, Southern District of Mississippi, Southern Division

---

## DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

### INTRODUCTION:

Defendant DaimlerChrysler Corporation ("Chrysler") files its Response to Plaintiffs' Motion to Vacate the Conditional Transfer Order 235 entered by the Clerk of the Panel on August 27, 2004. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. 415, 422 & 424 (J.P.M.L. 1991). Plaintiffs do not dispute this case falls within the scope of the MDL Panel's transfer order. Instead, Plaintiffs' object to transfer because they believe, incorrectly, that transfer will not promote the efficient resolution of the case. However, Plaintiffs' reasoning defies logic because it is axiomatic that the coordinated pretrial procedures of one consolidated case will be far more efficient and expeditious than the continuation of fourteen separate cases in the district courts of Mississippi. In fact, this exact scenario was what the asbestos MDL court was designed for. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. at 417 (stating that the establishment of an asbestos MDL court is warranted

PLEADING NO. 4258

IMAGED OCT - 8 '04

JM LZC 270567 v1
0-0 10/05/2004

OFFICIAL FILE COPY

- 1 -

because such "centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation).

Additionally, Plaintiffs heavily rely on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions.[1] In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."[2] In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential for conflicting pre-trial rulings.[3] Accordingly, the Panel should deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and enter a final order transferring this case to the MDL court.

---

[1] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).

[2] *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).

[3] See e.g., *In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, NY*, 965 F. Supp. 5, 7 (S.D. N.Y. 1997).

## DISCUSSION:

### 1. Transfer of These Cases Will Promote the Efficient Resolution of Plaintiffs' Claims Through Consolidated and Coordinated Pre-Trial Procedures

Plaintiffs initially contend that transfer to the Eastern District of Pennsylvania will be inconvenient to the parties. However, the MDL Panel addressed this concern in its original order granting transfer stating the following:

> We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See e.g.,* Fed. R. Civ. P. 45(d)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district *See Manual for Complex Litigation, Second*, § 20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline efforts of the parties and witnesses, their counsel, and the judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation*, 385 F. Supp. 1253, 1255 (J.P.M.L. 1974). Hopefully, combining such practices with a uniform case management approach will, in fact, lead to sizable reductions in transaction costs (and especially attorneys' fees).

Obviously, the benefits accrued from engaging in coordinated and consolidated pretrial procedures greatly outweighs Plaintiffs' perceived inconvenience.

Plaintiffs also argue that transfer will not promote the efficient and expeditious resolution of these cases; however, this argument is specious and ignores the basic premise upon which the MDL court was established. Specifically, the MDL Panel stated that centralization of the asbestos litigation "under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct to this litigation." *In re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. 875, 771 F. Supp. at 417. Transfer of these cases from the Mississippi district courts will allow all of the cases to enjoy a uniform pre-trial procedure as established by the MDL court. Obviously, this

consolidated pretrial procedure will provide for efficient discovery procedures, will eliminate any potential for inconsistent rulings, and will facilitate the expeditious resolution of Plaintiffs' claims. Accordingly, the MDL Panel should follow its earlier mandate and transfer this case to the MDL court.

### 2. A Pending Motion to Remand Does Not Support a Motion to Vacate a Conditional Transfer Order.

Plaintiffs' primary opposition to transfer is based upon their pending motions to remand, which are currently before the transferor district court. Plaintiffs apparently believe that because the transferor court has not ruled on Plaintiffs' incorrect challenge to federal diversity jurisdiction, this Panel does not have the power to effectuate a transfer to the MDL court. However, this Panel has explicitly rejected this argument. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Oct. 18, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C). In fact, in its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)). As the Panel recently observed, "Plaintiffs in the Southern District of Mississippi action have argued

that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A). The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[4]

Moreover, the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. *See e.g., In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, NY.*, 965 F. Supp. 5, 7 (S.D. N.Y. 1997). Cases such as this, where a motion to remand is pending, are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole." *In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

### 3. Federal Diversity Jurisdiction Exists

Finally, even if the Court were to address the substantive removal/remand issues, which it should not, it would become clear that federal subject matter jurisdiction clearly exists and no procedural defects exist necessitating remand.

---

[4] *See also In re Wireless Telephone Replacement Protection Programs Lit.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (stating same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 2002 WL 31108228, *1 (J.P.M.L. Mar. 4, 2002) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (same); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (same); *In re StarLink Corn Prods. Liab. Litig.*, 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) ("plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, 2001 WL 253115, *1 (J.P.M.L. Feb. 23, 2001) (stating same).

First, Plaintiffs failed to state any claims against the non-diverse defendants, accordingly, such defendants are fraudulently joined and federal diversity jurisdiction is appropriate in these cases. 28 U.S.C. § 1332. In fact, the federal district court, before which this case is currently pending, recently addressed this exact issue in *Graves, et al. v. A.W. Chesterton, et al.*, Civil Action No. 1:03CV716GRo, p. 4 (March 30, 2004) (attached as Exhibit D). In *Graves*, the district court explicitly held that "specific factual allegations" are required to support claims against non-diverse defendants to avoid a finding of fraudulent joinder. *Id.* at p. 4. Specifically, the district court explained that

> [a]lthough the complaint outlines the legal basis for the Plaintiffs' claims against the Defendants, there are *no specific factual allegations provided against any Defendant to support the claims*. The Plaintiffs' remand motion does not supply the necessary facts to allow the Court to determine whether there is a possibility that the Plaintiffs might prevail on their claims against the in-state Defendants. The Plaintiffs have not submitted facts sufficient to support their claims to meet the well-established requisite legal standards to allow the Court to determine that the in-state Defendants were not fraudulently joined in an effort to defeat diversity jurisdiction. The Court, therefore concludes that these Defendants were fraudulently joined, and their citizenship does not defeat diversity jurisdiction.

*Id.* at p. 4 (emphasis added).

Indeed, the district court's conclusion in *Graves* is directly supported by well established Fifth Circuit and Mississippi district court law. *See Travis v. Irby*, 326 F. 3d 644, 647 (5th Cir. 2003) (holding that specific, factual allegations of wrongdoing are required to establish a reasonable possibility of recovery against a non-diverse defendant); *Griggs v. State Farm Lloyds*, 181 F. 3d 694, 699 (5th Cir. 1999) (holding that generic allegations do not meet "even the liberalized requirements that permit notice pleadings"); *Peters v. Metropolitan Life Ins. Co.*, 164 F. Supp. 2d 830, 834 (S.D. Miss. 2001) (Bramlette, J.) (holding that the allegations against non-diverse defendants "must be factual, not conclusory, because conclusory allegations do not state a claim"); *Banger v. Magnolia Nursing Home, L.P.*, 234 F. Supp. 2d 633, 637 (S.D. Miss. 2002)

(Barbour, J.) (holding that "conclusory or generic allegations of wrongdoing on the part of the non-diverse [resident] defendant are not sufficient to show that the defendant was not fraudulently joined"); *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 732 (S.D. Miss. 1999) (Lee, J.) (holding that "[w]here the plaintiff's complaint is devoid of any *factual* allegations suggesting a basis for recovery against a particular defendant, there can be no ground for concluding that a claim has been stated.") (emphasis in original); *Cranston v. Mariner Healthcare Mgmt. Co.*, 2003 WL 21517999, *4 (N.D. Miss. June 18, 2003) (Davidson, J.) (holding that "without a *factual basis* for concluding that [the resident defendant] participated in any alleged tortuous conduct, . . . Plaintiffs have no possibility of establishing a cause of action against [such defendant] in state court and . . . therefore, [the resident defendant was] fraudulently joined to defeat diversity") (emphasis added).

Importantly, the instant case is substantively identical to *Graves*. Plaintiffs' do not offer any specific, factual allegations against any of the non-diverse defendants; instead, they simply refer to the defendants generically. In fact, the defendants are only mentioned by name in an exhibit attached to the end of the Complaint. *See* Exhibit A to Plaintiffs' Complaint.[5] As in *Graves*, such generic allegations are insufficient to state a claim against the non-diverse defendants, and, thus, they are fraudulently joined. Accordingly, federal diversity jurisdiction is proper pursuant to 28 U.S.C. § 1332.

Moreover, Plaintiffs' contention that the instant removal is procedurally defective because all Defendants have not joined in the removal is incorrect. First, the joinders of all fraudulently joined defendants, i.e., the non-diverse defendants, are not required. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that the joinder of improperly joined parties is

---

[5] For the convenience of the Court, the Complaint is attached as Exhibit E.

not required). Moreover, all defendants that were not served as of the date of removal are not required to join. *Spillers v. Tillman*, 959 F. Supp. 364, 369 n.2 (S.D. Miss. 1997) (recognizing that when a defendant has not been served with process at the time of removal, the joinder of that defendant is not required). Finally, any remaining defendants that were properly served before removal and failed to join are nominal parties whose joinder was not required. *See Spillers*, 959 F. Supp. at 369 n.2 (recognizing that where a defendant is merely a nominal party, the joinder of that defendant is not required). The test for a nominal party is whether there is any possibility of recovery against that defendant. *Shirley Stuckey as Mother and Natural Gaurdian of Tonya Wilkins*, 1996 WL 407247, *3 n.2 (N.D. Miss. 1996) (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir. 1990)). As explained previously, the Plaintiffs' complaint makes only generic and conclusory allegations against all defendants, which is insufficient to avoid a finding that no possibility of recovery exists against any non-joining defendants. *Graves, et al. v. A.W. Chesterton, et al.*, Civil Action No. 1:03CV716GRo (March 30, 2004). Accordingly, the non-joining defendants must be considered nominal parties and were not required in the removal. No procedural defect exists in the instant removal. Plaintiffs' Motion to Remand should be denied.

## CONCLUSION:

Based on the foregoing, Plaintiffs' motion to vacate should be summarily denied, and the Panel should enter a final order transferring this case to the MDL court.

WHEREFORE, PREMESIS CONSIDERED, DaimlerChrysler Corporation respectfully requests that the Judicial Panel on Multidistrict Litigation deny Plaintiffs' Motion to Vacate the Conditional Transfer Order and transfer this case to the United States District Court for the Eastern District of Pennsylvania.

JM LZC 270567 v1
0-0 10/05/2004

Respectfully submitted, this the 6th day of October, 2004.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ

_____
Lawrence M. Coco, III (MSB# 100378)

On behalf of DaimlerChrysler Corporation

Of Counsel:

Walker Jones III, Esq.
Barry W. Ford, Esq.
T. Gerry Bufkin, Esq.
Lawrence M. Coco, III, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, Mississippi 39236
(601) 351-2400

Counsel for DaimlerChrysler Corporation

Case MDL No. 875   Document 4258   Filed 10/07/04   Page 10 of 16

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT - 7 2004

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to the following:

Jon A. Swartzfager, Esq.
Consuelo W. Walley, Esq.
442 N. 6th Ave.
Post Office Box 131
Laurel, MS 39441-0131

Mike Kaeske, Esq.
Eric Manchin, Esq.
Kaeske Law Firm
6301 Gaston Avenue, suite 735
Dallas, TX 75214

J. T. Noblin, Clerk
U.S. District Court
Southern District, Southern Division
243 East Capital Street
Jackson, MS 39201

All Other Known Counsel of Record.

This the 6th day of October, 2004.

_____
LAWRENCE M. COCO, III

2004 OCT -7 A 10: 17
RECEIVED CLERK'S OFFICE
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-235)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Allen Matthews, et al. v. AGCO Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-579

Charles H. Abbott
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, LA 70130

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Thomas T. Buchanan
P.O. Box 4326
Laurel, MS 39441-4326

Mark C. Carroll
Baker, Donelson, Bearman, Caldwell
& Berkowitz
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Chris H. Deaton
Deaton & Deaton, P.A.
P.O. Box 1726
Tupelo, MS 38802-1726

Kristi A. Duncan
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305-1764

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Mark W. Garriga
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Faye M. James
Wilkins Stephens & Tipton
P.O. Box 13429
Jackson, MS 39236-3429

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Tom Stewart Lee, Jr.
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Kyle A. Pinkerton
Page, Kruger & Holland, P.A.
P.O. Box 1163
Jackson, MS 39215-1163

Mary Margaret Ratliff
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

RECEIVED CLERK'S OFFICE 2004 OCT -7

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 330
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Kimberly P. Wallace
Barfield & Associates
P.O. Drawer 3979
Jackson, MS 39207-3979

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
442 N. 6th Avenue
P.O. Box 131
Laurel, MS 39441-0131

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# Defendant Counsel Service List For: Matthews, Allen

## Baker Donelson Bearman Caldwell & Berkowitz, PC

Robert Arentson, Esq.    Scott Bates, Esq.    P.O. Box 14167    Phone #
Fax #
Jackson, MS 39236

## Barfield & Associates

Kimberly P. Wallace    PO Drawer 3979    Phone #
Fax # (601) 968-9425
Jackson, MS 39207

## Brunini Grantham Grower & Hewes, PLLC

Robert L. Gibbs, Esq.    A. LaVerne Edney, Esq.    P.O. Drawer 119    Phone # (601) 948-3101
Fax # (601) 960-6902
cgreen@brunini.com
Jackson, MS 39205

## Burr & Forman

C. Paul Cavender, Esq.    420 North 20th Street    Phone # (205) 251-3000
Suite 3100    Fax # (205) 458-5100
Birmingham, AL 35203

## Butler, Snow, O'Mara, Stevens & Cannada, PLLC

W. Scott Welch, III, Esq.    Joshua J. Wiener, Esq.    Patricia C. Gandy, Esq.    P. O. Box 22567    Phone # (601) 948-5711
Fax # (601) 985-4500
patti.gandy@butlersnow.com; mark.garriga@butlersno
Jackson, MS 39225-2567

## Colingo, Williams, Heidelberg, Steinberger

Roy C. Williams, Esq.    Karl R. Steinberger, Esq.    P.O. Box 1407    Phone # (228) 762-8021
Fax # (228) 762-7589
ksteinberger@colingowillia
ms.com
Pascagoula, MS 39568-1407

# Defendant Counsel Service List For: Matthews, Allen

## Copeland Cook Taylor & Bush

| J. Tucker Mitchell, Esq. | Kay Hardage, Esq. | Monte L. Barton, Esq. | P.O. Box 6020<br>Ridgeland, MS 39158 | Phone # (601) 856-7200<br>Fax # (601) 856-7626<br>mbartley@cctb.com;<br>khardage@cctb.com;<br>mbarton@cctb |

## Currie Johnson Griffin Gaines & Myers, PA

| Edward J. Currie, Jr., Esq. | Kristi Duncan Kennedy, Esq. | P.O. Box 750<br>Jackson, MS 39205-0750 | Phone # (601) 969-1010<br>Fax # (601) 969-5210<br>ecurrie@curriejohnson.com<br>; kkennedy@curriejohnson |

## Deaton & Deaton, PA

| Chris H. Deaton, Esq. | PO Box 1726<br>Tupelo, MS 38802 | Phone #<br>Fax # |

## Dukes, Dukes, Keating & Faneca, P.A.

| Walter W. Dukes, Esq. | 2909 15th Street<br>Sixth Floor<br>Gulfport, MS 39501 | Phone # (228) 868-1111<br>Fax # (228) 863-2886<br>walter@ddkf.com |

## Evert & Weathersby

| C. Michael Evert, Jr., Esq. | 3405 Piedmont Road<br>Suite 225<br>Atlanta, GA 30305 | Phone #<br>Fax # (404) 233-8933 |

## Defendant Counsel Service List For: Matthews, Allen

### Forman Perry Watkins & Tardy PLLC

| Craig E. Brasfield, Esq. | Michael D. Goggans, Esq. | Stefan Bourn, Esq. | P.O. Box 22608 | Phone # (601) 960-8600 |
|---|---|---|---|---|
| | | | | Fax # (601) 960-8613 |
| | | | Jackson, MS 39225-2608 | craig@fpwk.com; sbossier@fpwk.com; stefanb@fpwk.co |

### Jude & Jude, PLLC

| Rebecca Jude, Esq. | Dawn Fulce, Esq. | Post Office Box 17468 | Phone # (601) 579-8411 |
|---|---|---|---|
| | | | Fax # (601) 579-8461 |
| | | Hattiesburg, MS 39404-7468 | katejude@judelawfirm.com |

### Page Kruger & Hollan, PA

| Thomas Y. Page, Esq. | P.O. Box 1163 | Phone # |
|---|---|---|
| | | Fax # |
| | Jackson, MS 39215 | |

### Page Mannino Peresich & McDermott, PLLC

| W. Mark Edwards, Esq. | Ronald G. Peresich, Esq. | Michael E. Whitehead, Esq. | P.O. Drawer 289 | Phone # (228) 374-2100 |
|---|---|---|---|---|
| | | | | Fax # (228) 432-5539 |
| | | | Biloxi MS 39533 | ronald.peresich@pmp.org |

### Smith, Reeves & Yarborough, PLLC

| William C. Reeves, Esq. | 6360 I-55 North | Phone # (601) 965-7200 |
|---|---|---|
| | Suite 201 | Fax # (601) 965-7201 |
| | Jackson, MS 39211 | breeves@smithreeves.com |

### Wells Moore Simmons & Hubbard, PLLC

| Jeffrey P. Hubbard, esq. | P.O. Box 1970 | Phone # (601) 354-5400 |
|---|---|---|
| | | Fax # (601) 355-5850 |
| | Jackson, MS 39215-1970 | jphubl@wellsmoore.com |

## Defendant Counsel Service List For: Matthews, Allen

**Wilkins, Stephenson & Tipton, PA**

| Senith C. Tipton, Esq. | Robert R. Stephenson, Esq. | PO Box 13429 | Phone # (601) 366-4343 |
| | | | Fax # |
| | | Jackson, MS 39236 | |