MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2004

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Ramon Baca, et al. v. Burlington Northern & Santa Fe Railway Co., et al.*, E.D. Pennsylvania (D. New Mexico, C.A. No. 1:02-1220)

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*SEPARATION OF CLAIMS AND REMAND ORDER*

Before the Panel is a motion, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by defendant Old Orchard Industrial Corp. in one MDL-875 action (*Baca*) previously transferred by the Panel, under 28 U.S.C. §1407, from the District of New Mexico to the Eastern District of Pennsylvania. Movant seeks to vacate an order entered by the Panel, pursuant to which the Panel conditionally remanded under Section 1407 to the District of New Mexico all claims in *Baca* except claims for punitive or exemplary damages that had previously been severed in the action by the transferee court. Opposed to the motion and supporting remand as contemplated by the Panel's order are the plaintiffs in *Baca* and the action's other defendant, Burlington Northern and Santa Fe Railway Co.

On the basis of the papers filed and hearing session held, the Panel finds that remand of the non-punitive/exemplary damage claims is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

PLEADING NO. 4263

**OFFICIAL FILE COPY**

IMAGED OCT 18 '04

- 2 -

In the matter now before us, the transferee judge has entered an order reflecting his determination that remand of the non-punitive/exemplary damage claims in *Baca* is now appropriate. The number of Section 1407 remands in this docket is proportionately small, because under Judge Charles R. Weiner's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of October 1, 2004, over 74,000 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule Judge Weiner's advice when he determines, with respect to a given constituent action, that i) common pretrial proceedings have been completed, ii) resolution in the transferee district is no longer likely, and iii) remand of the action or claims therein has become the preferred course. We therefore will adopt Judge Weiner's suggestion and order remand of the suggested claims in *Baca*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims in this action except the severed claims for punitive or exemplary damages are remanded to the District of New Mexico.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman