**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2004

FILED
CLERK'S OFFICE

DOCKET NOS. 875 AND 1535

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-875 – IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
MDL-1535 – IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Mardie McKeithen, etc. v. Exxon Mobile Corp., et al,*
M.D. Louisiana, C.A. No. 3:04-365

MDL-875 CONDITIONAL TRANSFER ORDER (CTO-236)
WITH SEPARATE, REMAND AND
MDL-1535 CONDITIONAL TRANSFER ORDER (CTO-14)

<u>MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER</u>

**NOW INTO COURT**, through undersigned counsel, come plaintiffs, Mardie McKeithen individually and on behalf of the estate of Millard McKeithen, David McKeithen, Jerry McKeithen, and Susan McKeithen Rodriguez, who move this Honorable Court to vacate the Conditional Transfer Order of this case of action. Plaintiffs filed a Motion and Order to Remand this case of action to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. The District Court did not rule on the Motion to Remand because of the Conditional Transfer Order issued in the instant matter.

Plaintiffs respectfully requests that this Honorable Court vacate the Conditional Transfer Order of this u of East Baton Rouge, State of Louisiana.

PLEADING NO. 4264



**OFFICIAL FILE COPY**

IMAGED OCT 19 '04

McKAY LAW FIRM

_____
John F. McKay (#9361)
7465 Exchange Place
Baton Rouge, Louisiana 70806
Telephone: (225) 924-3641
**Attorney for Plaintiffs,
Mardie McKeithen individually and on
behalf of the estate of Millard McKeithen,
David McKeithen, Jerry McKeithen,
and Susan McKeithen Rodriguez**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2004

FILED
CLERK'S OFFICE

DOCKET NOS. 875 AND 1535

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-875 -- IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
MDL-1535 -- IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Mardie McKeithen, etc. v. Exxon Mobile Corp., et al,*
M.D. Louisiana, C.A. No. 3:04-365

MDL-875 CONDITIONAL TRANSFER ORDER (CTO-236)
WITH SEPARATE, REMAND AND
MDL-1535 CONDITIONAL TRANSFER ORDER (CTO-14)

**MEMORANDUM IN SUPPORT OF
OPPOSITION TO CONDITIONAL TRANSFER ORDER**

Mardie McKeithen individually and on behalf of the estate of Millard McKeithen, David McKeithen, Jerry McKeithen, and Susan McKeithen Rodriguez, plaintiffs in the above captioned matter, now pending before your Honorable Court, files this Memorandum in Opposition to Conditional Transfer Order.

## I. BACKGROUND

Plaintiffs filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana for Millard McKeithen's contraction of lung problems and death due to his exposure to welding fumes and asbestos containing products designed, manufactured, fabricated, assembled, installed, supplied, sold, marketed, distributed, warranted and/or advertised by the defendants named herein.

After receiving service, the defendants, Lincoln Electric Company; Hobart Brothers Company; The ESAB Group, Inc.; The BOC Group, Inc. f/k/a Airco, Inc.; Praxair, Inc.; Allegheny Technologies Incorporated f/k/a TDY Industries, Inc. f/k/a Teledyne Industries, Inc.; Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation;

Union Carbide Corporation f/k/a Union Carbide Chemicals and Plastics Company, Inc.; Eutectic Corporation; A.O. Smith Corporation; Sandvik, Inc.; and Airgas-Gulf States, Inc., filed Notice of Removal of this civil action to the United States District Court for the Middle District of Louisiana, alleging that Honorable Court had subject matter jurisdiction since there is complete diversity under 28 U.S.C. § 1332.

## II. THIS ACTION SHOULD BE REMANDED SUA SPONTE

It is respectfully requested that this court determine sua sponte that it does not have subject matter jurisdiction in this case. A review of the plaintiffs' petition as well as the Notice of Removal reveals that there is no federal jurisdiction in this matter. On the face of the Notice of Removal, this court lacks subject matter jurisdiction and should remand this case.

A district court may and should always determine sua sponte whether its subject matter has been properly "invoked". *Thomas v. Burlington Industries, Inc.*, 763 F.Supp. 1570, 1575 (S.D. Fla. 1991) (citing 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure*, Sec. 3721).

## III. CONSENT TO REMOVAL

In its removal petition, the defendants have alleged that they have consent from all parties to remove this case to the United States District Court for the Middle District of Louisiana. In fact they did not have even half of the defendants consent to remove this matter and the law requires that there be consent from all defendants before this matter can be removed. There were twenty-three (23) defendants served on May 4, 2004 the earliest date that any defendant was served.

The only parties other than the movers who have consented to removal are Caterpillar, Inc., General Electric Company, Illinois Tool Works, Inc., Miller Electric Manufacturing

Company, Industrial Welding Supplies of Hattiesburg d/b/a Nordan Smith, J.W. Harris Company, Inc., National Electrical Manufacturers Association (NEMA), and Select-Arc, Inc.

There is nothing in the record to indicate that the following proper served defendants consented to removal: Anco Insulation (non-diverse defendant served on May 4, 2004 by personal service), Asten Group, Inc. (certified mail on May 13, 2004), Crown Cork and Seal (certified mail on May 25, 2004), DB Riley, Inc., The Flintkote Company (certified mail on May 11, 2004), Foster Wheeler Energy Corporation (certified mail on May 11, 2004, Garlock, Inc. (C.T. Corp on May 4, 2004), General Refractories Company (certified mail on May 14, 2004), Georgia Pacific Corporation (C.T. Corporation served on May 4, 2004), Harbison-Walker Refractories Company (formerly known as Indresco, Inc.) (certified mail served on May 4, 2004), Kelly-Moore Paint Company, Inc. (certified mail on May 10, 2004), The McCarty Corporation (non-diverse defendant served by personal service on May 5, 2004), Metropolitan Life Insurance Company (Secretary of State on May 4, 2004), Minnesota Mining and Manufacturing Company (C. T. Corp. on May 4, 2004), Owens-Corning Fiberglass Corporation (C. T. Corp. on May 4, 2004), Owens-Illinois, Inc. (certified mail on May 11, 2004), Pittsburgh Corning Corporation c/o PPG Industries, Inc. (C.T. Corp. on May 4, 2004), Riley Stoker Corporation (certified mail on May 14, 2004), Rock Wool Manufacturing Company (certified mail on May 10, 2004), Synkoloid a division of Muralo Co., Inc.(certified mail on May May 11, 2004), U.S. Mineral Products Company (certified mail on May 14, 2004), Uniroyal, Inc. (formerly United States Rubber Company, Inc.) (Certified mail on May 12, 2004), Exxon Mobil Corporation (personal service by the EBR sheriff on May 5, 2004), The Dow Chemical Company (C.T. Corp. on May 4, 2004), Dow, Inc. f/k/a Dow Badishe (certified mail May 10, 2004) Formosa Plastics Corporation (personal service on May 5, 2004), Union Carbide

Corporation (C.T. Corp. on May 4, 2004), Rhodia, Inc. f/k/a Rhone Poulenc, Louisiana (C.T. Corp. on May 4, 2004), Exxon Mobil Corporation (Texas) (certified mail on May 10, 2004), E.I. Du Pont De Nemours and Company (Texas) (certified mail on May 17, 2004), Hoechst Celanese Corporation a/k/a CNA Holdings, Inc. (Texas) (certified mail on May 12, 2004), Monsanto Chemical Company (Texas), BASF Corporation (Texas) (certified mail on May 13, 2004), Shell Oil Company (Texas) (certified mail on May 10, 2004), Phillips Petroleum Company a/k/a ConocoPhillips Company (Texas) (certified mail on May 10, 2004), Delora Stellite Company, Inc.(certified mail on May 17, 2004). Plaintiff has attached a copy of all service information and will provide originals on the day of the hearing. Delora Stellite Company, Inc. is a proper defendant who was served on May 17, 2004 and from whom my records indicate that there was no consent to remove obtained.

All defendants who are properly joined and served must consent to the removal petition, and failure to do so renders the petition for removal defective. 28 U.S.C.A.§ 1446(b). All served defendants must join in removal petition no later than 30 days from day on which first defendant was served in cases involving multiple defendants 28 U.S.C.A. § 1446(b), 1447(c). Because removal of cases from state to federal court is considered an infringement on state sovereignty, the statutory provisions governing removal are strictly applied. *Shamrock Oil &Gas Corp. v. Sheets*, 313 U.S. 100, 61 s. Ct. 868, 85 L.Ed. 1214 (1941). Under 28 U.S.C.§.1446(b), a notice of removal must be filed within thirty days of the first-served defendant's receipt of the initial pleading or summons in which a removable issue is raised. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F. 2d 1254, 1262-63 (5th Cir.1998). Under the "rule of unanimity" established by the Fifth Circuit jurisprudence, all defendants are required to join in the notice of removal within the thirty-day period. While the thirty-day time limit is not jurisdictional, it is

mandatory and therefore strictly construed. Id at 1263. See also *Aucoin v. Gulf South Pipeline Co. L.P.* 2004 WL 1196980 (E.D. La.)

The first defendant was served in this cause on May 4, 2004. There are thirty-four (34) proper defendants who were served prior to the moving defendants' Motion to Remove. None of those defendants consented to removal. The removing defendants did not comply with the law and on that basis alone, this matter should be remanded back to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

## IV. LACK OF SUBJECT MATTER JURISDICTION

Two of the defendants, The McCarty Corporation and Anco Insulation, Inc. are Louisiana corporations doing business in Louisiana and venue is proper in the 19th JDC, Parish of East Baton Rouge as to both of them. Removing defendants allege fraudulent joinder of these two parties to destroy diversity and preclude a federal forum for the removing defendants.

### A.   Anco Insulation, Inc., and The McCarty Corporation were properly joined.

The defendants allege that the plaintiffs fraudulently joined Anco and McCarty in order to destroy diversity and preclude a federal forum for defendants. Defendants have alleged that there was fraudulent joinder of Anco Insulations, Inc., a domestic corporation organized under the laws of the State of Louisiana with its principal place of business in Baton Rouge, Louisiana, whose agent for service of process is Thomas E. Balhoff, Roedel, Parsons, Koch, Frost, 8440 Jefferson Highway, Suite 301, Baton Rouge, Louisiana 70809-7652. Anco is a proper defendant who was served on May 4, 2004. Further, the defendants have alleged that the plaintiffs improperly joined The McCarty Corporation whose principal place of business is in Baton Rouge and is a Louisiana corporation whose agent for service of process is Paul H. Spaht, 335

North Blvd., Suite 300, Baton Rouge, Louisiana 70802. The McCarty Corp. is a proper defendant who was served on May 5, 2004.

Contrary to the defendants' assertions, plaintiffs joined The McCarty Corporation, and Anco Insulations, Inc. with a reasonable basis to believe that it can establish liability against them. The mere fact that while discovery has not yet begun in this case there is nothing to preclude the possibility of establishing liability against each and everyone of these defendants because The McCarty Corporation and Anco Insulation, Inc. were both involved in selling, designing, manufacturing, fabricating, assembling, installing, supplying, marketing, distributing, and warranting and/or advertising asbestos and asbestos containing products in South Louisiana where the decedent performed work.

## V. FRAUDULENT JOINDER

Moreover the defendants cannot allege fraudulent joinder and remove the action to Federal Court without satisfying its heavy burden of persuading the court that the plaintiffs in fact committed fraud. *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98 (5th Cir. 1990). The defendant in support of its notice of removal must "…show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court or that there has been an outright fraud in the plaintiff's pleadings of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. Tex. 1985) see also *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256 (5th Cir. 1995). The removing defendants clearly did not and cannot satisfy such a burden.

The Court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but looks only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992) citing *Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th

Cir. 1983), cert. Denied, *464 U.S. 1039 (1984)*. "If there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant (s) have been properly joined, that there is incomplete diversity and that the cause must be remanded to the state courts." *B., Inc. v. Miller Brewing Corp.*, supra. Additionally, any doubt regarding the removal jurisdiction should be resolved against federal jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335 (5th Cir. 2000), see also *Doe v. Allied-Signal, Inc.*, 985 F.2d 908 (7th Cir. 1993).

Accordingly, the Conditional Transfer Order should be vacated and this case should be remanded to the state court from where it was improperly removed.

## VI. MISJOINDER

### A. Louisiana Law

The defendants contend that there is misjoinder of the welding and asbestos defendants. Louisiana law requires that all pleadings be brought at one time for a similar injury or death. In this case your petitioners contend that the decedent died from adeno carcinoma caused by exposure to welding fumes and also to asbestos. La. C.C.P. art. 463 provides that two or more parties may be joined if there is a community of interest between the parties joined, each of the actions cumulated is within the jurisdiction of the court and is brought within the proper venue and all actions cumulated are mutually consistent and employ the same form of procedure. Plaintiff has alleged that the injuries to lungs and death were caused both by welding and asbestos exposure. The damage issues also involve pain and suffering, medical bills and death which are intertwined against all defendants. Plaintiffs meet the requirement of La. Code of Civil Procedure Art. 463. The fact that the cause of injury to the lungs and the resulting death

could have been caused either by asbestos exposure or welding fumes or by both requires keeping both causes of action together. All cases should be heard together at one time in order that a jury can decide which caused the injury and resulting death and apportion fault. By splitting the causes of action, plaintiff will have an empty chair.

The defendants further allege in the removal petition that there is nothing in the plaintiffs' pleadings that indicate that all the parties are jointly and severely liable. However, paragraph 95 on page 44 of the original petition states the following:

> "Plaintiffs allege that all the defendants named in the petition under "A. Asbestos Exposure" from paragraphs 1 – 67 and all defendants named in the petition under "B. Welding Rod Exposure" from paragraphs 1 – 95 are joint tort feasors and are liable jointly and in solido unto the plaintiffs."

This is confirmed in the petition prayer. In paragraph 91, the plaintiffs allege that the welding rod fumes caused Millard McKeithen's death. In paragraph 8 of the original petition, plaintiffs also allege that the asbestos caused Millard McKeithen's death. Plaintiffs have made the necessary allegations to show that each and every one of the defendants named in the petition should be sued together, kept together, and tried together in the event this matter goes to trial. That should happen in state court not in federal court.

Louisiana Civil Code art. 2324(B) clearly requires that the fault of every person responsible for a plaintiff's injuries be compared, whether or not they are parties, regardless of the legal theory of liability asserted against each person. This is defined in *Dumas v. Dept. of Culture, Recreation and Tourism*, 828 So. 2d 530, 535 (La. 2002). Louisiana Civil Code art. 2324(B) clearly provides that "in non-intentional cases, liability for damages caused by two or more persons shall be a joint and divisible obligation." In this particular case, your petitioners contend that the resulting injury and death were all caused in whole or in part by either the

exposure to welding rods or asbestos and therefore they should be kept together and removed back to state court.

**B.   Federal Law**

   **1. Federal Rule of Civil Procedure 20(a)**

Federal Rule of Civil Procedure 20 (a) provides in pertinent part:

"All persons may be joined in one action as plaintiffs if there is asserted against jointly, severally, or in the alternative, any right to relief jointly, severally or in the alternative respect of or arising out of the same transaction, a current or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.  A plaintiff or defendant need not be interested in *obtaining* or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief and against one or more of the defendants according to their respective liabilities."

Your petitioners would show that the pleadings indicate that Millard McKeithen's death was caused both by asbestos and welding fumes.  The plaintiffs in paragraph 95 and in the Wherefore state there is joint and several liability between all the defendants and they are liable jointly and in solido.  These allegations are sufficient under Rule 20 to meet the burden of proper joinder in this case in this court and therefore the defendants' claims for misjoinder should be denied.

**2.   Jurisprudence**

*Bright v. No Cuts, Inc.*, 2003 WL 22434232 (E.D. La.) (see opinion attached) involved a man who was electrocuted and later was prescribed Oxicontin by his doctor.  He died and his heirs filed suit against both the electricity defendants and the drug defendants.  The defendants among other things filed a removal and alleged misjoinder.  The court discussed the issue of misjoinder and stated that the District Courts in the Fifth Circuit have declined to find that claims and parties have been fraudulently misjoined if there is a palpable connection between the claims and the parties joined.  See *Terrebone Parish School Board, 1991 WL 160919*, FN 3.  See also

*Johnson v. Glaxo Smith Kline*, 214 F.D.R. 416 (S.D. Miss.,2002) and *Ren-Dan Farms v. Monsanto Co.*, 952 F. Supp. 370 at 375, 376. Plaintiffs have alleged that the death in the instant case was caused by welding fumes and asbestos. That is a palpable connection.

The *Guedry v. Marino,* 164 F.R.D. 181 (E.D. La. 1995), court found that the purpose of permissive joinder rule is to promote trial convenience and expedite final determination of disputes, thereby prevent multiple lawsuits. F.R.C.P. 20(a). Also joinder of claims, parties and remedies is strongly encouraged under the Federal Rules of Civil Procedure. There is no strict rule for determining what constitutes the same occurrence or series of transactions or occurrences for the purposes of the permissive joinder rule. The permissive joinder rule does not require that each question of law or fact in action be common among the parties; rather, the rule permits the party joinder whenever there is at least one common question of fact or law. In *Ponthieux v. Sea Lift, Inc.,* 1993 WL 370644 (E.D. La. 1993) that court stated that a common question of fact may arise from separate accidents. See *E.G. Bottazzi v. Petroleum Helicopters, Inc.*, 664 F.2d 49, 50, 51 (5th Cir. 1981). In that case the plaintiff's suit arising from two separate helicopter accidents supported consolidation of plaintiffs alleged psychological damages from both accidents and presented a sufficient common question of fact. In *Ponthieux,* supra, the court held the purpose of Rule 20(a) is to promote trial convenience and expedite the final determination of disputes thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned. See also *Johnson v. Scott Chotin, Inc., et al,* 1993 WL 192211 (E.D. La. 1993). Also, *Mosely v. General Motors Corp.,* 497 F.2d 1330, 1332 (8th Cir. 1974) citing *United Mine Workers v. Gibbs,* 383 U.S. 715, 724, 86 S.Ct. 1130, 1138, 16 L.Ed. 2d 218 (1966). In *United Mine Workers, supra* the court held that under

the Federal Rules of Civil Procedure, joinder of claims, parties and remedies is strongly encouraged. *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d 689, 694 (5th Cir. 1995).

In *Bright v. No Cuts, Inc.,* 2003 WL 22434232 (E.D. La.), supra, the court after defining misjoinder as to plaintiffs indicated that to date the **Fifth Circuit has not elaborated on whether the fraudulent misjoinder principal applies only to the joinder of plaintiffs**.(emphasis ours).

In *Johnson v. Glaxo Smith Kline Corp.,* 214 F.R.D. 416 (S.D. Miss. 2002) the court held that if the plaintiff's claims are improperly cumulated under Louisiana procedure, such "mere misjoinder" is more properly addressed to the State District Court. The court in Alman v. Glaxo S*mith Kline Corp.,* 2002 WL 465202 (E.D. La.), where the manufacturer of a drug was joined with the pharmacist, the court held where as fraudulent joinder is properly addressed by the Federal District Court the issue of misjoinder is more properly addressed to the State District Court. The instant case should be remanded to state court to determine if there is misjoinder which the plaintiffs deny. The federal court should not consider misjoinder.

## VII. SANCTIONS

The plaintiffs are entitled to recover attorney's fees and costs for the defendants' improvident filing of a Motion to Remove.

## VIII. CONCLUSION

The defendants filed the Motion to Remove this matter alleging that they had the consent of all of the defendants when in fact there were thirty-four (34) defendants who did not consent. Further, the defendants, The McCarty Corporation and Anco Insulations, Inc., are Louisiana corporations who are proper defendants in this case and had were served at the time that the removal petition was filed which should defeat diversity and allow remand. In addition, your

petitioners contend that there is no misjoinder in this case because it is alleged that both the welding and asbestos defendants are liable jointly in causing the decedent's death and plaintiff's damages and that a review of the cases indicates that there as been no Fifth Circuit case that has discussed misjoinder involving defendants. Plaintiffs therefore would request that this matter be remanded to State Court and that there be reasonable attorney's fees and costs taxed against the defendants for this improvident removal. For the above listed reasons, the Conditional Transfer order in this matter should be set aside and this matter should be remanded back to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Respectfully submitted:

**McKAY LAW FIRM**

*/s/ John F. McKay*

John F. McKay (#9361)
7465 Exchange Place
Baton Rouge, Louisiana 70806
Telephone: (225) 924-3641
**Attorney for Plaintiffs,
Mardie McKeithen individually and on
behalf of the estate of Millard McKeithen,
David McKeithen, Jerry McKeithen,
and Susan McKeithen Rodriguez**

DOCKET NOS. 875 AND 1535

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL-875 – IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
MDL-1535 – IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Mardie McKeithen, etc. v. Exxon Mobile Corp., et al,*
M.D. Louisiana, C.A. No. 3:04-365

MDL-875 CONDITIONAL TRANSFER ORDER (CTO-236)
WITH SEPARATE, REMAND AND
MDL-1535 CONDITIONAL TRANSFER ORDER (CTO-14)

ORDER

Upon considering the above and foregoing Motion to Vacate Conditional Order to Transfer, and Incorporated Memorandum in Support Thereof filed by plaintiffs, Mardie McKeithen individually and on behalf of the estate of Millard McKeithen, David McKeithen, Jerry McKeithen, and Susan McKeithen Rodriguez;

**IT IS HEREBY ORDERED;** that the conditional order to transfer is vacated, and that this action be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Washington, D.C., this _____ day of _____, 2004.

_____
**JUDGE**

RECEIVED CLERK'S OFFICE 2004 OCT 18 A 11: 45 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 18 2004

FILED
CLERK'S OFFICE

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing a copy of same in the United States mails postage prepaid and properly addressed.

Baton Rouge, Louisiana, this 15th day of October, 2004.

_____
John F. McKay

RECEIVED
CLERK'S OFFICE
2004 OCT 18 A 11: 45
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

# PANEL SERVICE LIST (CTO-236)
## DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

# PANEL SERVICE LIST (CTO-14)
## DOCKET NO. 1535
### IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Mardie McKeithen, etc. v. Exxon Mobile Corp.*, et al., M.D. Louisiana, C.A. No. 3:04-365

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Barbara Lee Arras
Phelps Dunbar, LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

John H. Beisner
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Gary A. Bezet
Kean, Miller, Hawthorne,
  D'Armond, et al.
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Claire E. Breaux
Duplass, Zwain, Bourgeois & Morton
3838 North Causeway Blvd.
Suite 2900
Metairie, LA 70002

Tara L. Burregi
Chopin Wagar Cole Richard Reboul
  & Kutcher
Two Lakeway Center
3850 N. Causeway Blvd.
Suite 900
Metairie, LA 70002

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox &
  Garofoli
The Halle Building, Suite 900
1228 Euclid Avenue
Cleveland, OH 44115

Patrick E. Costello
Mouledoux, Bland, LeGrand &
  Brackett
650 Poydras Street
Suite 2150
New Orleans, LA 70130

Michael B. DeSanctis
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, DC 20005

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Richard M. Edmonson
Armstrong Allen, PLLC
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Sessions Ault Hootsell, III
Phelps Dunbar, LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

James B. Irwin, V
Irwin, Fritchie, Urquhart & Moore
400 Poydras Street
Suite 2700
New Orleans, LA 70130

Jay M. Jalenak, Jr.
Kean, Miller, Hawthorne,
  D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

Stephen H. Kupperman
Barrasso Usdin Kupperman Freeman
& Sarver, LLP
LL & E Tower
909 Poydras Street, Suite 1800
New Orleans, LA 70112

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Katharine R. Latimer
Spriggs & Hollingsworth
1350 I Street, N.W., Suite 900
Washington, DC 20005

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Deirdre C. McGlinchey
McGlinchey Stafford
1811 Tower Drive
Suite A
Monroe, LA 71201

John F. McKay
McKay Law Firm
7465 Exchange Place
Baton Rouge, LA 70806-2203

Barrye Panepint Miyagi
Kean, Miller, Hawthorne,
 D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

M. Scott Minyard
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P. O. Box 14167
Jackson, MS 39236

Gayla M. Moncla
Kean, Miller, Hawthorne,
 D'Armond, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Mark A. Nelson
Bryan, Nelson, Randolph & Weathers
P.O. Drawer 18109
Hattiesburg, MS 39404-8109

Michael M. Noonan
McGlinchey Stafford
643 Magazine Street
P.O. Box 60643
New Orleans, LA 70160-0643

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard E. Sarver
Barrasso Usdin Kupperman Freeman
& Sarver, LLP
LL & E Tower
909 Poydras Street
Suite 1800
New Orleans, LA 70112

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

David B. Siegel
Crowell & Moring, LLP
1001 Pennsylvania Avenue
Washington, DC 20004

Michael Royce Sistrunk
McCranie, Sistrunk, Anzelmo, et al.
3445 N. Causeway Boulevard
Suite 800
Metairie, LA 70002

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Joseph R. Ward, Jr.
Ward & Condrey, LLC
527 E. Boston Street
Suite 200
Covington, LA 70433

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Forrest R. Wilkes
Forman, Perry, Watkins, Krutz &
Tardy, LLC
1515 Poydras St.
Suite 1300
New Orleans, LA 70112

Gary M. Zwain
Duplass, Zwain, Bourgeois &
Morton
3838 North Causeway Blvd.
Suite 2900
Metairie, LA 70002