MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 19 2004

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

OCT - 1 2004

Michael N. Milby, Clerk

| | |
|---|---|
| JOSE CAZARES and Wife ANGELA CAZARES § § § § Plaintiffs, § § v. § § AMATEK, INC. et al., § § Defendants. § | CIVIL ACTION NO. G-04-508 <br><br> MDL- 875 <br> RECOMMENDED ACTION <br><br> VACATE CTO-237 -- 1 ACTION <br> Approved/Date: MJB 10/19/04 |

## ORDER OF REMAND

This mesothelioma case comes before the Court on removal from the 23rd Judicial District Court of Brazoria County, Texas. Defendant Certainteed Corp. ("Certainteed") filed its Notice of Removal in this Court, alleging that federal diversity jurisdiction existed. *See* 28 U.S.C. § 1332. On September 22, 2004, Plaintiffs filed their Emergency Motion for Remand, urging that the Court lacks subject matter jurisdiction. The Parties appeared at an emergency hearing before this Court on October 1, 2004. In accordance with the Court's findings at the emergency hearing, and for the reasons stated below, the Court hereby **GRANTS** Plaintiffs' Motion to Remand.

The removing Defendant bases its Notice of Removal on diversity jurisdiction. Federal courts have subject matter jurisdiction over diversity cases, which are cases between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). Diversity of citizenship means complete diversity, i.e., no party may share citizenship with any opposing party. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806). Also, the federal removal statute does not permit removal if any defendant is a citizen of the forum state. *See* 28 U.S.C. § 1441(b). Plaintiffs are Texas citizens for diversity purposes, as are Defendants Guard-Line, Inc., Union Carbide Corp., and Dow Chemical Corp. Mindful of the lack of complete diversity

PLEADING NO. 4265

OFFICIAL FILE COPY IMAGED OCT 19 '04

and the prohibition upon removal where a defendant is a citizen of the forum state, Certainteed alleges that Defendants Guard-Line, Inc. Union Carbide Corp., and Dow Chemical Corp. were fraudulently or collusively joined in this lawsuit. While the Court finds no bad faith in the removal of this action, Certainteed has failed to show that these Defendants were fraudulently or collusively joined in this action. When counsel for Certainteed was questioned on the record, she provided no evidence whatsoever of collusion to keep these Defendants in this case. She did argue that counsel for Guard-Line did not attend the Plaintiff's deposition and that Plaintiff's counsel had informed her that Certainteed was the target Defendant. At the emergency hearing before this Court, counsel for Guard-Line acknowledged that Guard-Line sometimes fails to attend depositions, but maintained that it still considers itself a defendant in this case and it has not colluded with Plaintiff's counsel to destroy diversity. Therefore, despite the best efforts of its very able counsel, Certainteed has failed to support its theory of subject matter jurisdiction. To the extent that Plaintiffs elect to pursue the case against Certainteed with more vigor than against other Defendants, this is a tactical decision well within Plaintiffs' discretion, and it has no effect on this Court's lack of subject matter jurisdiction.

Because there is no federal diversity jurisdiction, the Court hereby GRANTS Plaintiffs' Motion to Remand and REMANDS this action to the 23rd Judicial District Court of Brazoria County, Texas. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

DONE this 15th day of October 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE