**MDL** **875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 2 2004

FILED
CLERK'S OFFICE

PLEADING NO. 4270

## BEFORE THE JUDICIAL PANEL IN MULTIDISTRICT LITIGATION
## MDL DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

RE:   Silas David Benfield, *et al* v. Daniel International Corporation
f/k/a Daniel Construction Company, *et al*.
Case No. 5:04 CV 47 (USDC WDNC)

### DEFENDANTS' REPLY
### TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER-235

Defendants Daniel International Corporation f/k/a Daniel Construction Company; Fluor

Enterprises Inc. f/k/a Fluor Daniel, Inc.; and Strategic Organizational Systems Environmental

Engineering Division, Inc. formerly doing business as SOS International, Inc. and SOS

Environmental, Inc. (hereinafter collectively "Defendants") respectfully submit this

Memorandum in Opposition to the Plaintiffs' Motion to Vacate Conditional Transfer Order-235,

and in support say:

### INTRODUCTION

On April 15, 2004, twenty-nine individually named Plaintiffs in the above-captioned

*Benfield* case (hereinafter collectively "Plaintiffs") and their spouses filed this lawsuit against

Defendant and a timely answer was filed. Similar to the plaintiffs in the other cases that have

been transferred to the Judicial Panel on Multidistrict Litigation (hereinafter "the Panel"), the

case at issue involves plaintiffs who have allegedly been injured by exposure to asbestos, either

IMAGED OCT 25 '04   **OFFICIAL FILE COPY**

through their work environment or through contact with a family member who allegedly worked with or around asbestos.  Although Defendants contend that the specific facts relevant to each Plaintiff's case differ to such extent that each case should be tried separately, there is no question that, as a whole, this group of 29 cases lumped together as one action does share "one or more common questions of fact...[with other asbestos cases]...pending in different districts."   28 U.S.C. § 1407(a) (West 1993).

## ARGUMENT

I.    **THIS CASE SHOULD BE TRANSFERRED TO MDL 875 FOR THE SAME REASONS EXPRESSED BY THE PANEL IN ITS ORIGINAL ORDER DIRECTING CENTRALIZATION OF THIS DOCKET.**

A review of 28 U.S.C.A. § 1407 and accompanying legislative history reveals that Congress intended for the transferee court to have control over all proceedings prior to trial, including discovery motions, motions to amend, motions to dismiss, motions for summary judgment, etc...  See In re Patenaude, 210 F.3d 135, 144 (3d. Cir. 2000) (citing 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 3866).  Plaintiffs admit that discovery in Benfield has not even started; however, they seek to have it remanded from the consolidated multidistrict asbestos litigations docket (hereinafter "MDL 875").  The issues to be tried in this case are identical to the common issues that prompted the MDL consolidation.  The Benfield case involves Plaintiffs that have allegedly suffered injuries to their lungs due to exposure to asbestos or a loss of consortium due to asbestos exposure of a spouse. These are the same injuries asserted by the other cases in MDL 875.  Additionally, the defendants in MDL 875 cases are limited to those companies who allegedly either manufactured asbestos materials, sold asbestos materials, used asbestos materials in their work, or participated

2

in projects where asbestos had been used in the past. These common defendants are spread throughout the United States, as are the plaintiffs pursuing these lawsuits.

In directing centralization of the asbestos docket, the Panel determined that the District of Pennsylvania was the proper forum for actions concerning the alleged negligent conduct of those defendants who manufactured, sold, or worked with asbestos. The conduct purporting to form the basis for legal liability in <u>Benfield</u> is the same as the conduct alleged in the complaints of other cases in MDL 875, including issues of negligence, failure to warn, and whether the Defendants violated existing laws pertaining to asbestos exposure.

The <u>Benfield</u> Plaintiffs wish to analogize this case with <u>Agner v. Fluor Daniel</u>, Case No. 3:98-CV-220, and <u>Bost v. Fluor Daniel</u>, Case No. 3:98-CV-138, which have been remanded for trial in the Western District of North Carolina with a trial scheduled for March 2005 for four of the Plaintiffs from those cases. In support of their argument that there is no risk of duplicative discovery efforts, Plaintiffs argue that "the three actions involve the same defendants, the same attorneys, the same causes of action, and the same Hoechst Celanese plant." (Page 9, Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order-235). This statement is misleading because: (1) each Plaintiff's alleged exposure to asbestos is different in terms of causation, type, length, locations, etc...; (2) each Plaintiff's alleged disease is different; and (3) the <u>Agner</u> and <u>Bost</u> cases only involve plaintiffs who worked at the Salisbury, North Carolina plant, whereas there are plaintiffs in the <u>Benfield</u> cases that worked at the Shelby, North Carolina Hoechst Celanese plant. These are major distinctions for purposes of discovery and other pretrial proceedings.

The <u>Benfield</u> case was first filed on April 15, 2004 whereas the <u>Agner</u> and <u>Bost</u> cases were first filed in April 1998. There has been absolutely no discovery pursued by the parties

with regard to any asbestos exposure at the Shelby Hoechst Celanese plant. Therefore, the Benfield case should be contained among the other asbestos cases in MDL 875 so that the presiding judge can oversee the discovery process and accompanying motions that derive from the pretrial proceedings.

## II.   REMANDING THIS CASE WILL CAUSE A BACKLOG IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA.

The transferee judge is most familiar with the issues and the defendants involved in asbestos litigation throughout the nation. In that regard, he is in a better position to facilitate the resolution of each plaintiff's case without the necessity of a trial. "[W]here the possibility exists that even individual settlement negotiations will be more efficient if facilitated by a judge who is intimately familiar with the general issues and many of the parties, and where the record reflects that settlements are successfully being negotiated" it is appropriate for case to remain with the transferee court. See In re Patenaude, 210 F.3d at 145. "As of late 1996, some 62,000 cases had been assigned to MDL 875 and approximately 40,000 had been resolved". Id at 140 (citing In re Asbestos Prod. Liab. Litig. (No. VI), 1996 WL 539589, at 1, 1996 U.S. Dist. LEXIS 13850, at 3 (E.D.Pa. Sept. 16, 1996) (Mem. Op.)). In 1997 and 1998 the transferee court disposed of approximately 10,000 cases during each of those years. Id.

On August 21, 2003, the Panel remanded the Agner and Bost cases to the Western District of North Carolina. The Agner and Bost cases include approximately 110 plaintiffs' cases; therefore, the remand of these cases from the transferee court instantly placed a tremendous number of complex cases into the Western District of North Carolina for trial. From the Agner and Bost cases, four plaintiffs were selected to have their cases tried in March 2005. The majority of the 110 Agner and Bost plaintiffs assert that the defendants caused them to

contract asbestos related diseases, and lengthy trials will be necessary based upon the evidence, or lack thereof, which has surfaced in the investigation of the four claims that have been chosen for trial.

In its 1991 opinion ordering that all federal asbestos litigation be transferred to the Eastern District of Pennsylvania for consolidation in MDL 875, the Panel made it clear that one of its primary purposes behind its decision was to prohibit a backlog of cases in the federal judicial system.   Quoting Judge Jack B. Weinstein of the Eastern District of New York, the Panel wrote:

> The large number of asbestos lawsuits pending throughout the country threatens to overwhelm the courts and deprive all litigants, in asbestos suits as well as other civil cases, of meaningful resolution of their claims. In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp. 415, 419 (J.P.M.L. 1991).

There is no question that the Western District of North Carolina has an extremely active docket outside of asbestos litigation, and the remand of the Agner and Bost cases added approximately 110 plaintiffs whose claims will have to be heard by the presiding judge.   The burden that would undoubtedly be placed on the trial court with the addition of the 29 plaintiffs' cases comprising the Benfield matter goes directly against the Panel's order that all new asbestos cases initially be sent to MDL 875 for pretrial proceedings and potential resolution. The Panel reasoned that "[t]he backlog is eroding a fundamental aspiration of our judicial system to provide equality of treatment for similarly situated persons." Id. The Benfield Plaintiffs' argument in support of the remand of their cases is simply based on the fact that the Agner and Bost cases were remanded; therefore, they seek to have the Panel treat their cases different from other newly filed asbestos cases.   In finding that all new asbestos cases must be sent to MDL 875 for pretrial proceedings and settlement negotiations, the Panel anticipated similar arguments from Plaintiffs

attempting to avoid MDL 875 and have their cases treated like other civil actions that go to trial

based upon the district court's docket.  The Panel wrote:

> First of all, our decision to transfer is not unmindful of the fact that
> the impact of asbestos litigation varies from district to district, and
> that in some courts asbestos personal injury actions are being
> resolved in a fashion indistinguishable from other civil actions.  It
> is not surprising, therefore, that parties and courts involved in such
> actions might urge that inclusion of their actions in multidistrict,
> proceedings is inappropriate.  The Panel, however, must weigh the
> interests of all the plaintiffs and all the defendants, and must
> consider multiple litigation as a whole in the light of the purposes
> of the law.   In re Multidistrict Private Civil Treble Damage
> Litigation Involving Library Editions of Children's Books, 297
> F.Supp. 385, 386 (J.P.M.L.1968).  It is this perspective that leads
> us to conclude that centralization in a single district of **all** pending
> federal personal injury and wrongful death asbestos actions is
> necessary. In re Asbestos Prod. Liab. Litig. (No. VI), 771 F. Supp.
> 415, 420 (J.P.M.L. 1991) (emphasis added).

It is clear from the Panel's reasoning in 1991 that its intent with the consolidation of the asbestos

litigation was for every pending asbestos case to be included in MDL 875 for the protection of

all federal plaintiffs and defendants regardless of the circumstances surrounding each individual

case.  Essentially, the Benfield Plaintiffs contend they are an exception to the 1991 order based

upon the merits of their individual cases and the anticipated defenses of Defendant; however, the

Panel reasoned in its initial order that such an argument did not provide grounds for an exception

to transfer, and in fact, stated that it was unwilling to carve out exceptions to transfer.  The Panel

wrote that it preferred "instead to give the transferee court the opportunity to conduct substantive

review of such contentions and how they affect the whole proceedings." Id. at 422.

III.    **THE BENFIELD CASES SHOULD NOT BE REMANDED TO THE
        TRIAL COURT BECAUSE THERE ARE MANY CASES IN MDL 875
        WITH PRIORITY WHICH ARE MUCH OLDER AND THE OLDER
        CASES SHOULD BE REMANDED BEFORE THE BENFIELD CASES.**

The <u>Benfield</u> Plaintiffs argue that their cases should not be transferred to MDL 875 because the <u>Agner</u> and <u>Bost</u> cases were recently remanded from MDL 875, and four of the plaintiffs are set to go to trial in March 2005.   The Plaintiffs' argument is inappropriate in light of the purpose of 28 U.S.C. § 1407 and the Panel's intent when it ordered the consolidation of all asbestos cases.    In its initial decision to consolidate, the Panel wrote: "at least initially, all pending federal personal injury or wrongful death asbestos actions not yet in trial must be included in § 1407 proceedings".  <u>Id</u>. at 422.  The Panel considered the fact that some plaintiffs may need to have their cases tried more expeditiously than others based upon the state of their health.  Additionally, in deciding that one primary judge should initially examine all asbestos cases, the Panel took into consideration the fact that some defendants may run out of money before the plaintiffs with stronger cases against the same defendants receive an opportunity to obtain a collectible judgment.  <u>Id</u>.

The <u>Benfield</u> case is only six **months** old, with a filing date of April 15, 2004, whereas the <u>Agner</u> and <u>Bost</u> cases are six **years** old, having been filed on April 17, 1998.  With the <u>Benfield</u> cases being filed so recently, no pretrial proceedings have commenced.  Case specific discovery needs to be completed so that Defendants can gain knowledge of each Plaintiff's condition and ultimately which cases can be disposed of prior to trial.  The transferee court must have an opportunity to be involved in the pretrial proceedings of the <u>Benfield</u> case because an "overriding objective" of the court is to ensure "that the sick and dying, their widows and survivors should have their claims addressed first."  <u>In re Patenaude</u>, 210 F.3d 135, 139 (3d. Cir. 2000) (quoting <u>Carlough v. Amchem</u>, No. 93-215, at 8 (E.D.Pa. Apr. 15, 1993) (Mem.Op.)).  <u>See also</u> <u>In re Asbestos Products Liability Litigation</u> (No. VI) <u>Administrative Order No. 3</u> (Sept. 8, 1992).

## **CONCLUSION**

Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation states that "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." In the present case, there has been no suggestion of remand. For the foregoing reasons, transfer of the <u>Benfield</u> case to MDL 875 is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Respectfully submitted,

HAYNSWORTH SINKLER BOYD, P.A.

By: _____

Moffatt G. McDonald
W. David Conner
Joel M. Bondurant, Jr. NC Bar #29621
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602
(864) 240-3200
(864) 240-3391 (Fax)

Attorneys for Defendants

Dated: October 20 , 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 22 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL IN MULTIDISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

RE:   Silas David Benfield, *et al* v. Daniel International Corporation
f/k/a Daniel Construction Company, *et al.*
Case No. 5:04 CV 47 (USDC WDNC)

**PROOF OF SERVICE**

**THIS IS TO CERTIFY THAT COPIES OF THE FOLLOWING PLEADING:**

Defendants' Reply to Plaintiffs' Motion to Vacate Conditional Remand Order

was served upon the following counsel by depositing same in the United States Mail, postage
prepaid, on October 20, 2004:

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC  28144

All counsel on Panel Service List attached.

Sharon Hyland
HAYNSWORTH SINKLER BOYD, P.A.

# PANEL SERVICE LIST (Excerpted from CTO-235)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Silas David Benfield, et al. v. Daniel International Corp., et al.*, W.D. North Carolina, C.A. No. 5:04-47

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Joel M. Bondurant, Jr.
Haynsworth, Sinkler, Boyd, P.A.
P.O. Box 2048
Greenville, SC 29602-2048

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley, Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James B. Pressly, Jr.
Haynsworth, Marion, McKey &
Guerard
75 Beattie Place
11th Floor
P.O. Box 2048
Greenville, SC 29602

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406