MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
OCT 25 2004
FILED
CLERK'S OFFICE

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MDL- 875

RECOMMENDED ACTION
Vacate C70-237 - one action
Approved/Date: MJB 10/25/04

| | |
|---|---|
| LORRAYNE SCHMITZ, et al., | |
| Plaintiffs, | No. C 04-3267 PJH |
| v. | **ORDER GRANTING MOTION TO REMAND** |
| CERTAINTEED CORPORATION, et al., | |
| Defendant. | |

Before the court is plaintiffs' motion to remand the above-entitled action to the Superior Court of California, County of Alameda. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion.

This is a wrongful death action, filed this action in the Alameda Superior Court on March 8, 2004, against numerous defendants. Plaintiffs allege that Emery Schmitz ("Schmitz") contracted mesothlioma as a result of being exposed to asbestos in the course of his employment as a construction worker during the period 1949 to 1972. Schmitz died in September 2003. Plaintiffs are Schmitz's wife and his three adult daughters.

Defendants The Dow Chemical Corporation ("Dow") and Swinerton Incorporated ("Swinerton") removed the case,[1] asserting federal question jurisdiction (federal enclave jurisdiction), based on the allegation in the complaint that Schmitz was employed as a

---

[1] Dow and Swinerton were the only defendants served as of the date of removal. Both defendants joined in the notice of removal. Only Dow filed an opposition to the motion to remand.

**OFFICIAL FILE COPY** IMAGED OCT 25 '04

1  construction worker at the federal installation at Rocky Flats, Colorado, from approximately
2  1949 to 1958.[2]

3  Plaintiffs contend that removal was improper because the notice of removal was filed
4  more than thirty days after service of the summons and complaint. Under 28 U.S.C.
5  § 1446(b), a notice of removal must be filed within thirty days of the date of receipt of the first
6  paper showing a removable claim. Dow was served on June 28, 2004, and filed the notice of
7  removal on August 11, 2004 -- well beyond the thirty-day limit.

8  A motion to remand the suit to state court is the proper procedure for challenging
9  removal. While permitting removal in appropriate cases, the removal statute is strictly
10 construed against removal jurisdiction. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir.1988);
11 Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). For this reason, removal
12 is rejected if there is any doubt as to the right of removal in the first instance. Gaus v. Miles,
13 Inc., 980 F.2d 564, 566 (9th Cir.1992). This strong presumption against removal jurisdiction
14 means that the defendant always has the burden of establishing that removal is proper. Id.

15 Dow claims that the notice of removal was timely, asserting that the complaint was
16 unclear. Dow asserts that it was not until a telephone conversation between Dow's counsel
17 and plaintiffs' counsel that it became apparent to Dow that the allegation that Schmitz had
18 been employed at Rocky Flats, Colorado, would create federal enclave jurisdiction. Dow
19 contends, therefore, that the thirty-day period should run from the date of the telephone call,
20 relying on the provision in the removal statute that the notice of removal may be filed within
21 thirty days of the date the defendant receives "a copy of an amended pleading, motion, order
22 or other paper from which it may first be ascertained that the case is one which is or has
23 become removable." 28 U.S.C. § 1446(b).

24 As a general rule, the court determines the existence of removal jurisdiction by

---

[2] "Federal enclave" jurisdiction derives from Congress' exclusive legislative power "over all places purchased" by the United States "for the erection of Forts, Magazines, Dock-Yards and other needful Buildings." U.S. Const., Art. I, § 8. "Federal enclave" jurisdiction is not exclusive federal jurisdiction, as state courts normally have concurrent jurisdiction over actions asserting that a plaintiff's injuries occurred on a "federal enclave." Willis v. Craig, 555 F.2d 724, 726 (9th Cir. 1977).

2

considering the allegations on the face of the plaintiff's "well-pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). The court has reviewed the complaint filed in this action, and finds that it adequately advises Dow of pending claims based on injuries that Schmitz allegedly incurred at the federal installation at Rocky Flats, Colorado. The complaint alleges that "[d]uring the course of his employment," Schmitz "was exposed to asbestos and asbestos-containing materials" while he was employed "at one or more of the following jobs," followed by a listing of jobs, including the following: "from approximately 1949 to 1958 decedent was a construction worker at the federal installation at Rocky Flats, Colorado." The complaint alleges further that Dow "managed and operated the Rocky Flats facility, pursuant to a contract with the federal government, from July 1, 1952 through June 30, 1975."

The court finds it is sufficiently clear that Dow is named as a defendant upon whose premises Schmitz worked one or more times, including a facility operated by Dow under a contract with the federal government. Accordingly, the court finds that Dow was on notice of the existence of federal question jurisdiction at the time Dow received the complaint, and the notice of removal was therefore untimely filed.

In accordance with the foregoing, plaintiffs' motion to remand the case to the Alameda County Superior Court is hereby GRANTED. The date for the hearing on plaintiffs' motion, previously set for Wednesday, October 6, 2004, is hereby VACATED. This order terminates the case and any pending motions.

**IT IS SO ORDERED.**

Dated: October 1, 2004

                                           /s/
                                  PHYLLIS J. HAMILTON
                                  United States District Judge