MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

OCT 27 2004

FILED CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**<br>**Conditional Transfer Order – 237**<br>*Otis Delbert Baker, et al. v. International Paper Co. (formerly Champion International Corp.) et. al.*,<br>Case No. 1:04 CV 191 (USDC WDNC) | **MDL No. 875** |

PLEADING NO. 4281

**PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER-235**

Pursuant to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs in the above referenced action file this Motion to Vacate Conditional Transfer Order-237, and in support say:

On October 14, 2004, the Judicial Panel on Multidistrict Litigation issued Conditional Transfer Order-235 ("CTO-237"), transferring the above captioned matter, *Otis Delbert Baker v. International Paper Co. (formerly Champion International Corp.), et. al.*, Case No. 1:04 CV 191 (USDC WDNC), to the Eastern District of Pennsylvania to be included in the multidistrict asbestos product liability litigation. Plaintiffs filed a timely Notice of Opposition to CTO-237 on October 19, 2004.

Plaintiffs move to vacate CTO-237 as to the *Baker* action because none of the interests ordinarily served by transferring actions to the multidistrict litigation will be served in this case.

RECEIVED CLERK'S OFFICE 2004 OCT 27 P 12:00 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

OFFICIAL FILE COPY



IMAGED OCT 29 '04

First, there is no risk of duplicative discovery efforts or inconsistent pretrial rulings because a significant amount of discovery that would have been conducted in *Baker* has already been conducted in a separate, but related case – *Kenneth Earl Basden, et al. v. Champion International Corp., et al.*, Case No. 00-CVS-706. This case was initially removed to the United States District Court, Western District of North Carolina, but was remanded back to North Carolina General Court of Justice, Superior Court Division of Haywood County.

Second, after four years of litigation in state courts, the parties involved in *Basden et. al.* are currently negotiating a potential settlement of these claims and are in the process of scheduling a mediation date. Because both cases (*Basden and Baker*) involve the same defendants, the same counsel, and the same causes of action for asbestos-related exposures at the same paper and pulp plant, it is possible that all of these claims can be settled at this mediation. Further, if these cases do not settle in mediation, it would be most expeditious to try all of these cases together in the same court. Thus, transferring this case to the Eastern District of Pennsylvania will only frustrate the Panel's interest in judicial economy and efficient resolution of claims. Judicial economy would be best served if both were disposed of in Superior Court of Haywood County. Plaintiffs in *Baker* currently have a motion to remand their case back to state court pending before Western District Court of North Carolina.

Finally, this action differs from the product liability actions pending in the Eastern District of Pennsylvania because Plaintiffs, here, have not sued manufacturers or distributors for an allegedly defective product. Rather, Plaintiffs are contractors who were injured on the premises owned by Defendants by the presence of asbestos containing materials inside the paper and pulp plant. Thus, the factual and legal issues in *Baker* are significantly different than those at issue in the product liability actions pending in the Eastern District of Pennsylvania. For these

reasons, transfer is not warranted. *Baker* should remain in the Western District of North Carolina so that it can be remanded back to Superior Court of Haywood County.

Pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs have set forth, in greater detail, the procedural background of these two cases and their arguments for vacating CTO-237 as to the *Baker* action in an accompanying Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order-237, which is being filed contemporaneously with this motion.

Pursuant to Rule 7.2(a)(ii), a Schedule of Actions is attached to this Motion.

WHEREFORE Plaintiffs in civil action *Otis Delbert Baker, et al. v. International Paper Co. formerlyChampion International Co, et. al.*, Case No. 1:04 CV 191 (USDC WDNC), respectfully request that the Panel vacate Conditional Transfer Order—237 as to the *Baker* action.

Respectfully submitted,

**WALLACE & GRAHAM, P.A.**
*Counsel for Plaintiffs Baker et al.*
525 North Main Street
Salisbury, NC 28144
Tel. (704) 633-5244
Fax. (704) 633-9434

Mona Lisa Wallace
NC State Bar No. 9021

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26 day of October, 2004, true and correct copies of the foregoing Motion to Vacate Conditional Transfer Order were served by U.S. mail to all counsel listed on the attached Panel Service List as well as counsel for Defendant as referenced below:

Richard E. Fay
Hamilton Gaskins Fay & Moon, PLLC
201 South College Street, Suite 2020
Charlotte, NC 28244-2020

**WALLACE & GRAHAM, P.A.**
*Counsel for Plaintiffs Baker et al.*
525 North Main Street
Salisbury, NC 28144
Tel. (704) 633-5244
Fax. (704) 633-9434

Mona Lisa Wallace
NC State Bar No. 9021

## SCHEDULE OF ACTIONS

**Case Name:** *Otis Delbert Baker, et al. v. International Paper Co. fka Champion International Corp.,et al.,* Case No. 1:04 CV 191 (USDC WDNC)

**Judge:** Lacey Thornburg

**Plaintiffs:**

Otis Delbert Baker

Thelma Elizabeth Baker (spouse)

James William Beckham

Patricia Gamble Beckham (spouse)

Lewis Brown

Phyllis D. Brown (spouse)

Brooks Montgomery Cole

Charlene Underwood Cole (spouse)

Kenneth Howard Drum, Sr.

Charles William Horton

Patricia Ann Horton (spouse)

James Dowell Melton, Jr.

William Furman Pike

Margaret A. Pike (spouse)

Larry Wayne Powell

Clara Smith Powell (spouse)

Charles Jess Tucker

George William White

Janice Dover White (spouse)

**Defendants:** International Paper Company, formerly Champion International Corporation

Blue Ridge Paper Products, Inc.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
**Conditional Transfer Order – 237**
*Otis Delbert Baker, et al. v. International Paper Co. (formerly Champion International Corp.) et. al.*,
Case No. 1:04 CV 191 (USDC WDNC)

**MDL No. 875**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER-237**

Pursuant to Rules 7.2 and 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs in the above referenced action file this Memorandum of Law in Support of Plaintiffs' Motion to Vacate Conditional Transfer Order-237, and in support say:

**INTRODUCTION**

While Plaintiffs recognize that the Panel on Multidistrict Litigation established, in the Eastern District of Pennsylvania, a special docket for asbestos related claims for the purpose of handling pretrial matters and promoting settlement, none of the Panel's interests will be served by transferring the instant action to the Eastern District of Pennsylvania. First, there is no risk of duplicative discovery efforts or inconsistent pretrial rulings because a significant amount of discovery that would have been conducted in *Baker* has already been conducted in a separate, but related case – *Kenneth Earl Basden, et al. v. Champion International Corp., et al.*, Case No. 00-CVS-706. This case was initially removed to the United States District Court, Western District

of North Carolina, but was remanded back to North Carolina General Court of Justice, Superior Court Division of Haywood County.

Second, after four years of litigation in state courts, the parties involved in *Basden et. al.* are currently negotiating a potential settlement of these claims, have selected a mediator and are in the process of scheduling a mediation date. Because both cases (*Basden and Baker*) involve the same defendants, the same counsel, and the same causes of action for asbestos-related exposures at the same paper plant, it is possible that all of these claims can be settled at this mediation. Further, if these cases do not settle in mediation, it would be most expeditious to try all of these cases together in the same court. Thus, transferring this case to the Eastern District of Pennsylvania will only frustrate the Panel's interest in judicial economy and efficient resolution of claims. Judicial economy would be best served if both were disposed of in Superior Court of Haywood County. Plaintiffs in *Baker* currently have a motion to remand their case back to state court pending before Western District Court of North Carolina.

Finally, this action differs from the product liability actions pending in the Eastern District of Pennsylvania because Plaintiffs, here, have not sued manufacturers or distributors for an allegedly defective product. Rather, Plaintiffs are contractors who were injured on the premises owned by Defendants by the presence of asbestos containing materials. Thus, the factual and legal issues in *Baker* are significantly different than those at issue in the product liability actions pending in the Eastern District of Pennsylvania. For these reasons, transfer is not warranted. *Baker* should remain in the Western District of North Carolina so that it can be remanded back to Superior Court of Haywood County, North Carolina.

## PROCEDURAL HISTORY

To understand Plaintiffs' opposition to transfer, a brief discussion of the procedural history of the separate, but related case is warranted.

### The *Basden* Plaintiffs

On July 3, 2000, undersigned counsel, on behalf of contractors who worked on the premises of Champion International in Canton, North Carolina and their spouses, sued Champion International Corporation and Blue Ridge Paper Products, Inc., for injuries the plaintiffs sustained from exposure to asbestos while working at the Champion International plant. Blue Ridge Paper Products, Inc. is the current owner and successor in interest. Therefore, Defendants are the owners of the actual plant where the plaintiffs worked as contractors and were exposed to asbestos. Plaintiffs did not sue any manufacturers of the asbestos-containing materials.

*Kenneth Earl Basden, et al. v. Champion International Corp., et al.*, Case No. 00-CVS-706 was initially filed in North Carolina state court. (A copy of the Complaint is attached as **Exhibit A**) Like this case, defendants removed the action to the United States District Court for the Western District of North Carolina. (*See* **Exhibit B**) However, when counsel for Defendant realized that Defendant Blue Ridge Paper Products, Inc. had its principal place of business in the state of North Carolina, it filed a Consent Motion to Remand the Removed case back to the Superior Court of Haywood County, North Carolina. (*See* **Exhibit C**) The *Basden* case was subsequently remanded back to state court by Max O. Cogburn, United States Magistrate Judge, where it remains today. (*See* **Exhibit D**)

Substantial discovery has already been conducted in the *Basden* cases. Over thirty boxes of documents have been produced by Defendants related to asbestos on the Champion International premises. Both parties have responded to voluminous Interrogatories and Requests for Production of Documents. Counsel for Plaintiffs have conducted an inspection of the Champion International premises and took numerous photographs. All of the Plaintiffs (excluding the spouses) have been deposed regarding the condition and amount of asbestos present at the Champion International

paper plant. At the present time, counsel for Plaintiffs and counsel for Defendants are in the process of scheduling a mediation of the *Basden* claims since the discovery process is substantially completed.

**The *Baker* Plaintiffs**

In August 2004, while the parties in the *Basden* cases were conducting discovery, undersigned counsel, on behalf of additional contractors who worked on the premises of Champion Paper in Canton, North Carolina and their spouses, sued International Paper Company, formerly Champion International Corporation and Blue Ridge Paper Products, Inc. (A copy of the Complaint is attached as **Exhibit E**) As in the *Basden* cases, the *Baker* plaintiffs filed their lawsuit in the Superior Court of Haywood County, North Carolina. As in the *Basden* cases, the *Baker* plaintiffs sued Champion International and Blue Ridge Paper Products for injuries the plaintiffs sustained from exposure to asbestos while working at the Champion International paper plant. Again, the Plaintiffs did not sue any manufacturers of the asbestos-containing materials. This action, like the *Basden* cases, involves claims of contractors who worked on the premises owned and operated by the Defendants who negligently exposed them to the dangers of asbestos. Indeed, the facts and allegations *Baker* are substantially the same as, if not identical to, the allegations contained in the *Basden* lawsuits.

In September 2004, counsel for Defendant filed a notice of removal to federal court despite its knowledge that Blue Ridge Paper Products has its principal place of business in the state of North Carolina. This defeats the complete diversity of citizenship since almost all of the plaintiffs are residents of the state of North Carolina. Although the facts of the two Complaints are almost identical, Defendant now allege that Blue Ridge Paper Products was fraudulently joined as a party even though it is a successor-in-interest and current owner of the facility where Plaintiffs were injured. Plaintiffs contend that the *Baker* action was improperly removed to federal court and filed a Motion to Remand this action back to the Superior Court of Haywood County. (*See* **Exhibit F**) The parties have not yet received a response to Plaintiff's Motion to Remand from the Western District of North Carolina.

On September 21, 2004, the District Court for the Western District of North Carolina issued an order including this case in the coordinated and consolidated proceeding "In re Asbestos-Related Litigation, WDCP-83-1" and notified the Panel that this case was a "tag-along" case for transfer to the asbestos product liability multidistrict litigation. (*See* **Exhibit G**) On October 14, 2004, the Panel issued Conditional Transfer Order-237, transferring the *Baker* action to the Eastern District of Pennsylvania to be included in the asbestos product liability litigation. On October 18, 2004, Plaintiffs filed a Notice of Opposition to the transfer. For the reasons contained in the Motion and this Memorandum of Law in support of Plaintiffs' motion, Plaintiffs oppose the transfer and request that the Panel vacate Conditional Transfer Order-237 as to the action: *Otis Delbert Baker, et al. v. International Paper*, *et. al.*, Case No. 1:04 CV 191 (USDC WDNC).

## ARGUMENT

Transfer is not warranted for three reasons. First, there is no risk of duplicative discovery efforts or inconsistent pretrial rulings because a significant amount of discovery that would have been conducted in *Baker* has already been conducted in the separate, but related *Basden* cases. Second, after four years of litigation in state courts, the parties involved in *Basden et. al.* are currently negotiating a potential settlement of these claims, have selected a mediator and are in the process of scheduling a mediation date. Because both cases (*Basden and Baker*) involve the same defendants, the same counsel, and the same causes of action for asbestos-related exposures at the same paper plant, it is possible that all of these claims can be settled at this mediation. Further, if these cases do not settle in mediation, it would be most expeditious to try all of these cases together in the same court. Third, this action differs from the product liability actions pending in the Eastern District of Pennsylvania because Plaintiffs, here, have not sued manufacturers or distributors for an allegedly defective product. Rather, Plaintiffs are bystanders who were injured by the asbestos present on the premises of a facility owned by Defendants. Thus, the factual and legal issues in *Baker* are significantly different than those at issue in the product liability actions pending in the Eastern District of Pennsylvania.

### I. BECAUSE THERE IS NO RISK OF DUPLICATIVE DISCOVERY OR INCONSISTENT PRETRIAL RULINGS, TRANSFER IS NOT WARRANTED

The purpose of transfers under 28 U.S.C.A. § 1407 is to coordinate and consolidate pretrial proceedings "for the convenience of the parties and witnesses" and to "promote the just and efficient conduct of such actions." As this Panel has stated, consolidation would prevent duplicative discovery and eliminate the possibility of inconsistent pretrial rulings. See In re Asbestos Product Liability Litigation (No. VI), 771 F. Supp. 415, 421-22 (J.P.M.L. 1991). But where, as here, there is little to no risk of duplicative discovery or inconsistent pretrial rulings and alternatives to transfer exist, transfer is inappropriate. See, e.g., In re Zimmer, Inc., 237 F. Supp. 2d 1376 (J.P.M.L. 2002)

(denying motion to transfer where pretrial proceedings in the transferee district have been on-going for two years and plaintiff in the action in the transferor district was represented by the same counsel representing the plaintiffs in the actions in transferee district); In re Insulin Manufacturing Antitrust Litigation, 487 F. Supp. 1359 (J.P.M.D.L. 1980) (holding that despite common legal and factual questions between two actions, transfer of the one action to the district where the other action is pending is not warranted where common factual questions are not sufficiently complex and accompanying discovery was not so time-consuming to justify transfer); In re Ecuadorian Oil Concession Litigation, 487 F. Supp. 1364 (J.P.M.L. 1980) (denying transfer where the common factual issues were not sufficiently complex, the remaining accompanying discovery was not so time-consuming to justify transfer, and all discovery to date and future depositions would be applicable to both actions); In re Air Crash Disaster Near Upperville, Va. on Dec. 1, 1974, 430 F. Supp. 1295 (J.P.M.L. 1977) (holding that transfer inappropriate where all pretrial proceedings concerning common issue of liability were concluded in the transferee district and all parties to the actions have access to all discovery obtained in the transferee court).

In In re Zimmer, the plaintiff in a product liability action pending in the District Minnesota moved to transfer its case to the District of Connecticut, where six actions had already been consolidated for discovery purposes. The Panel denied plaintiff's motion to transfer the Minnesota action because the plaintiff had failed to prove that common questions of law or fact were sufficiently complex, unresolved, or numerous to justify transfer under 28 U.S.C.A. §1407. In re Zimmer, 237 F. Supp. 2d at 1377. The Panel further noted that pretrial proceedings in the Connecticut action had been taking place for over two years and the plaintiff in the Minnesota action was represented by the same counsel representing the plaintiffs in the six Connecticut actions. Id. Thus, the Panel concluded that sufficient alternatives to transfer existed to "minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings." Id.

Here, likewise, transfer is not warranted. There is little to no risk of duplicative discovery.

As mentioned above, parties in the *Basden* cases have been conducting discovery in state court for the last four years. Most of the discovery that has already been done can be applied to the *Baker* cases, thus minimizing the amount of additional discovery that will be needed for both cases. Thus, although discovery has not yet commenced in *Baker*, much of the discovery that would have been done has already been conducted through the *Basden* cases. Because both actions involve the same defendants, the same attorneys, the same causes of action, and the same paper plant, there is no risk that discovery efforts will be duplicated. Moreover, it is likely that if this case is not transferred to the MDL, the Western District of North Carolina will remand *Baker* back to Superior Court of Haywood County where it can be mediated or tried with the *Basden* cases with consistent pretrial rulings.

Due to the lack of any concern over duplicative discovery efforts or inconsistent pretrial rulings and based on the existence of sufficient alternatives to transfer, transfer would only unnecessarily delay the proceedings in *Baker*. For all of these reasons, the Panel's interest in efficient resolution of these cases without any unnecessary burden on the court system, would best be served by allowing *Baker* to remain in Western District of North Carolina where it can be remanded back to Superior Court of Haywood County and resolved without duplicative discovery efforts.

## II. BECAUSE THE *BASDEN* CASES WILL BE MEDIATED AND/OR TRIED IN THE NEAR FUTURE, TRANSFER IS NOT WARRANTED AND WILL CAUSE ONLY UNNECESSARY DELAY

Although the parties in *Baker* have not discussed settlement of these particular claims, it is likely that they can be settled without extensive litigation if the parties are able to successfully mediate the *Basden* cases. Counsel for the parties in *Baker* are the same counsel representing the parties in the *Basden* cases. Moreover, both actions involve the same causes of action for asbestos related exposures at the same Champion International paper facility in Canton, North Carolina. Counsel for the parties have conducted discovery in the *Basden* cases, have selected a mediator and

are in the process of scheduling a mediation date. Due to the similarities between *Baker* and the *Basden* cases, therefore, undersigned counsel has reason to believe that if a settlement is reached in the *Basden* cases, a settlement can also be reached in the *Baker* cases.

If a settlement cannot be reached in these cases, counsel for all parties are fully capable of resolving the claims in *Basden* and *Baker* in the Superior Court of Haywood County, North Carolina since there is no complete diversity of citizenship between Plaintiffs and Defendants. Transferring *Baker* to the Eastern District of Pennsylvania, will prevent the cases from being properly remanded back to state court where they belong. Further, transferring *Baker* to Eastern District of Pennsylvania, where it will likely remain for several years, will only serve to delay resolution of the Plaintiffs' claims and thus frustrate the Panel's interest in efficient resolution of claims. Accordingly, the Panel should grant Plaintiffs' motion to vacate the conditional transfer order as to *Baker*.

## III. BECAUSE *BAKER* IS NOT A PRODUCT LIABILITY ACTION, IT DOES NOT SHARE COMMON FACTUAL AND LEGAL ISSUES WITH THE PENDING ACTIONS IN THE EASTERN DISTRICT OF PENNSYLVANIA

Finally, transfer is inappropriate here because the issues in *Baker* differ significantly from the issues in the products liability actions pending in the Eastern District of Pennsylvania. In 1991, the Panel found that certain asbestos cases involved common factual issues relating to personal injuries or wrongful death allegedly caused by exposures to asbestos or asbestos-containing products. See In re Asbestos Product Liability Litigation (No. VI), 771 F. Supp. at 417. The actions involved product liability claims against manufacturers and distributors of asbestos products.

Here, however, the Plaintiffs in *Baker* have not named as defendants any manufacturers or distributors of asbestos or asbestos-containing products. Rather, the *Baker* plaintiffs have sued the owners of a paper plant in Canton, North Carolina for the negligent handling, and/or removal of asbestos or asbestos-containing products while they worked as contractors and were exposed as bystanders. At issue is whether the Defendants knew of the dangers associated with asbestos,

whether they sufficiently warned the Plaintiffs of those hazards, and whether they took appropriate precautions in protecting the safety and health of the contractors who worked on their premises. Thus, the factual and legal issues in *Baker*, which is a "bystander exposure" case, differ from the factual and legal issues involved in the product liability actions pending in the Eastern District of Pennsylvania.

Further, this is not a class action on behalf of an unlimited number of plaintiffs. There are only eleven (11) plaintiffs, excluding the spouses, and two named Defendants. Therefore, the *Baker* claim does not have the same type of high transaction costs which are associated with high volume class actions which are typically dealt with in the MDL process. Lastly, another priority of the Eastern District of Pennsylvania in administrating asbestos liability actions is the continued viability of the defendants for other injured parties. As noted above, Defendants are not manufacturers of asbestos products and have not been a primary target of parties injured by asbestos exposures. Both Defendants are financially viable companies with no impending risk of bankruptcy due to an explosion of asbestos claims. Instead, Defendants are paper manufacturers who have been sued by a limited number of contractors who performed work in a particular paper plant in Canton, North Carolina. Therefore, the continued viability of the Defendants are not a concern in these particular cases.

Because of the numerous differences of the *Baker* cases from the factual and legal issues involved in the product liability actions pending in the Eastern District of Pennsylvania, transfer to the Eastern District of Pennsylvania is not warranted.

## CONCLUSION

Transferring *Baker* to the Eastern District of Pennsylvania will not serve any of the purposes expressed by the Panel in establishing the asbestos product liability multidistrict litigation. Because the separate, but related *Basden* cases have completed significant discovery, which will be applied to all related claims including those in *Baker*, there is no risk of duplicative discovery efforts.

Further, since the facts and parties in *Baker* are almost identical to those in *Basden*, it will likely be remanded in Superior Court of Haywood County, North Carolina where there will be no risk of inconsistent pretrial rulings. Finally, because the parties are in the process of attempting to settle *Basden* claims, there is a substantial likelihood that they would be able to include the *Baker* cases in any potential settlement. In light of these circumstances, transfer is not warranted.

WHEREFORE Plaintiffs in civil action *Otis Delbert Baker, et. al.*, Case No. 15:04 CV 191 (USDC WDNC), respectfully request that the Panel vacate Conditional Transfer Order—237 as to the *Baker* action.

Respectfully submitted,
This the 26 day of Oct, 2004.

**WALLACE & GRAHAM, P.A.**
*Counsel for Plaintiffs Baker, et al.*
525 North Main Street
Salisbury, NC 28144
Tel. (704) 633-5244
Fax (704) 633-9434

Mona Lisa Wallace
NC State Bar No. 9021

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2004

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26 day of October, 2004, true and correct copies of the foregoing Memorandum of Law in Support of Plaintiffs Motion to Vacate Conditional Transfer Order were served by U.S. mail to all counsel listed on the attached Panel Service List and counsel for Defendants as referenced below:

Richard E. Fay
Hamilton Gaskins Fay & Moon, PLLC
201 South College Street, Suite 2020
Charlotte, NC 28244-2020

**WALLACE & GRAHAM, P.A.**
*Counsel for Plaintiffs Benfield, et al.*
525 North Main Street
Salisbury, NC 28144
Tel. (704) 633-5244
Fax. (704) 633-9434

Mona Lisa Wallace
Mona Lisa Wallace
NC State Bar No. 9021



# PANEL SERVICE LIST (Excerpted from CTO-237)
# DOCKET NO. 875
# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Otis Delbert Baker, et al. v. International Paper Co., et al.*, W.D. North Carolina, C.A. No. 1:04-191

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jill N. Calvert
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Richard E. Fay
Hamilton Gaskins Fay & Moon
2020 Charlotte Plaza
201 South College Street
Charlotte, NC 28244-2020

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 27 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**In re ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
*Otis Delbert Baker, et al. v. International Paper Co., et. al.*, Case No. 1:04 CV 191 (USDC WDNC)

**MDL No. 875**

**EXHIBITS TO PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**
**TO VACATE CONDITIONAL TRANSFER ORDER-237**

Exhibit A – *Basden* Complaint filed on July 3, 2000

Exhibit B - Notice of Removal of *Basden* claim filed August 7, 2000

Exhibit C – Defendant's Consent Motion to Remand Removed Case filed August 25, 2000

Exhibit D – Order Remanding *Basden* claim to Superior Court Division, Haywood County filed August 30, 2000

Exhibit E – *Baker* Complaint filed August 23, 2004

Exhibit F – Plaintiffs' Motion to Remand filed September 23, 2004

Exhibit G – Order from United States District Court dated September 21, 2004



# EXHIBIT "A"




STATE OF NORTH CAROLINA

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
00-CVS-706

KENNETH EARL BASDEN, and wife, BRENDA BASDEN, DARRELL LEE DICKENS, and wife KATIE SUE DICKENS, JAMES ALBERT McCALL, and wife, HOLLY McCALL, LLOYD ERVIN PELFREY, and wife, KIMBERLY RENE PELFREY, TONY LEE RHODES, and PAUL EDWIN TRENTHAM, JR., and wife, JESSICA FAYE TRENTHAM,

Plaintiffs,

vs.

CHAMPION INTERNATIONAL CORPORATION and BLUE RIDGE PAPER PRODUCTS, INC.

Defendants.

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiffs, complaining of the Defendants, allege and say:

## I. IDENTIFICATION OF PARTIES & JURISDICTION

1. The Plaintiffs are citizens and residents of Wake, Haywood, Transylvania, and Buncombe Counties, North Carolina and Oconee, South Carolina during all relevant periods of time herein, hereinafter individually and collectively referred to as "PLAINTIFFS".

2. The Plaintiffs were, at all times relevant herein, an employee of companies other than the Defendants companies herein and/or workers, invitees, guests, licensees, or other members of the public who were exposed to injurious levels of asbestos fibers and dust created by the

work being performed by the Defendants, their employees, subcontractors and/or agents and/or by work performed on the premises of the Defendants and/or its predecessors in interest to which the Defendants assumed all legal duties, obligations and liabilities.

3. The claims of the Plaintiffs are based on exposure to asbestos dust and fibers at and within the Champion International Corp., in Canton, County of Haywood, North Carolina,. (hereinafter referred to as the "Canton Mill")

4. That Plaintiffs, KENNETH EARL BASDEN, was and continues to be a citizen and resident of the County of Wake, State of North Carolina. Mr. Basden was employed by Power Plant Maintenance at the Canton Mill as a welder and fitter in 1989. Mr. Basden was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Basden, was diagnosed with asbestosis and lung cancer on the 13th day of October, 1998.

5. That Plaintiffs, BRENDA BASDEN, is the wife of Kenneth Earl Basden and is a citizen and resident of the State of North Carolina, and is claiming loss of consortium as more fully stated hereinafter.

6. That Plaintiffs, DARRELL LEE DICKENS, was and continues to be a citizen and resident of the County of Haywood, State of North Carolina. Mr. Dickens was employed at the Canton Mill as a pipefitter for Industrial Maintenance Overflow in 1997; for Anchor Steam Power Company, Inc in 1997; for Williams Industrial Services, Inc. in 1997; for SW&B Construction Corporation in 1992, 1996-1997; for Merit Employers Services, Inc. in 1994-1995; for Modern Employers from 1993-1997; for Moree's PPM, Inc. in 1993; for Wilson Hospitality, Inc. in 1992; and Power Plant Maintenance in 1989-1997. Mr. Dickens was

exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Dickens, was diagnosed with asbestosis on the 5th day of March, 1998.

7. Plaintiffs, KATIE SUE DICKENS, is the wife of Darrell Lee Dickens and is a citizen and resident of the State of North Carolina, and is claiming loss of consortium as more fully stated hereinafter.

8. That Plaintiffs, JAMES ALBERT McCALL, was and continues to be a citizen and resident of the County of Oconee, State of South Carolina. Mr. McCall was employed by BE&K Construction Company at the Canton Mill as a welder from 1992-1993. Mr. McCall was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. McCall, was diagnosed with asbestosis on the 20th day of August, 1997.

9. That Plaintiffs, HOLLY M. McCALL, is the wife of James Albert McCall and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

10. That Plaintiffs, LLOYD ERVIN PELFREY, was and continues to be a citizen and resident of the County of Oconee, State of South Carolina. Mr. Pelfrey was employed by BE&K Construction Company at the Canton Mill as a welder and fitter from 1990-1992. Mr. Pelfrey was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Pelfrey, was diagnosed with asbestosis and lung cancer on the 17th day of September, 1999.

11. That Plaintiffs, KIMBERLY RENE PELFREY, is the wife of Lloyd Ervin Pelfrey and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

12. That Plaintiffs, TONY LEE RHODES, was and continues to be a citizen and resident of the County of Transylvania, State of North Carolina. Mr. Rhodes was employed by BE&K Construction at the Canton Mill as a pipe welder in 1993-1994. Mr. Rhodes was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Rhodes, was diagnosed with asbestosis on the 28th day of October, 1998.

13. That Plaintiffs, PAUL EDWIN TRENTHAM, JR. was and continues to be a citizen and resident of the County of Buncombe, State of North Carolina. Mr. Trentham was employed at the Canton Mill as a digester for Pacific Constructors, Inc., in 1996-1997; for BE&K Construction as a digester from 1991-1992; and for Power Plant Maintenance from 1988-1989 as a tube welder and digester. Mr. Trentham was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Trentham, was diagnosed with asbestosis on the 8th day of January, 1998

14. That Plaintiffs, JESSICA FAYE TRENTHAM, is the wife of Paul Edwin Trentham, Jr. and is a citizen and resident of the State of North Carolina, and is claiming loss of consortium as more fully stated hereinafter.

15. The Defendants, CHAMPION INTERNATIONAL, CORP. and hereinafter referred to as "CHAMPION" and/or "Defendants" is a foreign corporation licensed in the State of New

York, has its principal place of business in Connecticut and is duly licensed and authorized to do business in the State of North Carolina.

16. Champion is the original owner in interest in the premises which is the subject of the claim herein otherwise know as the Canton Mill.

17. The Defendants, BLUE RIDGE PAPER PRODUCTS, INC.(hereinafter referred to as "Blue Ridge") and/or "Defendants" is a foreign corporation licensed in the State of Delaware, has its principal place of business in New York and is duly and authorized to do business in the State of North Carolina.

## II. FIRST CAUSE OF ACTION NEGLIGENCE AS TO ALL DEFENDANTS

18. The Plaintiffs incorporate by reference, the foregoing paragraphs 1-17 as though they are fully set forth herein.

19. That the Defendants herein, Champion, is the former owner of certain premises located in the County of Haywood otherwise known as the Canton Mill.

20. That the Defendants herein, Blue Ridge is the current owner of the Canton Mill and assumed all assets and liabilities of the former owner Champion, including liability for the claims made herein.

21. That as the owner of the premises in question, the Defendants, Champion and/or the prior owners in interest of the plant whose obligation has been assumed by the Defendants herein, had a duty to provide the Plaintiffs herein with a reasonably safe place to work and a duty to

maintain such premises in a reasonable and safe condition for invitees, including the Plaintiffs herein, who were working at and/or on the premises.

22. That the Defendants breached their duty to keep or maintain the property in a reasonably safe condition by various acts and/or omissions including but not limited to :

a. allowing the purchase, installation and usage of asbestos and/or asbestos-containing materials in and throughout the plants;

b. allowing the installation and/or usage of asbestos and/or asbestos-containing materials while the Plaintiffs' herein were present and/or working in close proximity thereto;

c. by acting and/or failing to act in a reasonable safe manner to prevent the Plaintiffs herein from coming into contact with airborne asbestos fibers;

d. by failing to provide the Plaintiffs herein with adequate warning and/or instruction as to the presence, location and hazardous nature of asbestos and/or asbestos-containing materials;

e. by failing to provide the Plaintiffs herein with adequate safety equipment including, but not limited to protective enclosures, clothing, and respirators to prevent the exposure to asbestos and asbestos-containing materials.

23. That as a direct and proximate cause of the negligence herein the Plaintiffs were exposed to asbestos and/or asbestos containing materials and were injured.

## III. SECOND CAUSE OF ACTION
## FAILURE TO WARN AS TO DEFENDANTS

24. That the Plaintiffs incorporates by reference the foregoing paragraphs 1-23 as though they are fully set forth herein.

25. That at all times material hereto, the Defendants knew or should have known of the harmful effects of exposure to asbestos dust and fibers to human health.

26. That the Defendants had a duty to warn individuals working within the Canton Mill of the existence and danger of asbestos-containing materials that had been purchased, assembled, installed, removed, transported and/or otherwise handled by the Defendants, their agents and/or employees on the premises of the Defendants.

27. That despite Defendants' knowledge of the harm and/or potential harm of asbestos exposure at the Defendants' premises, they failed to warn and/or inadequately warned the Plaintiffs of the dangers including, but not limited to:

a. failing to properly enclose, encapsule, seal, contain and/or safeguard the work site in or around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

b. failing to properly warn the Plaintiffs of the presence of asbestos airborne fibers which had been released into the air as a direct and proximate result of the actions of the Defendants', their employees, agents and/or servants;

c. failing to properly label areas of the plants, plants appurtenances and structures including, but not limited to building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos containing material;

d. failing to take reasonable precautions to publish, decimate, or otherwise make available to the Plaintiffs, warnings of the dangerous nature of the existence in the plants of asbestos and/or asbestos containing materials and/or prepare, implement or decimate a reasonable plan to protect the Plaintiffs from overall exposure to asbestos-containing material.

28. That as a result of the Defendants' failure to warn, the Plaintiffs suffered irreparable harm and injury as described herein.

## IV. THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION OF DEFENDANTS-EMPLOYEES AS TO THE DEFENDANTS HEREIN

29. The Plaintiffs incorporate by reference the foregoing paragraphs 1-28 as though they are fully set forth herein.

30. That the Defendants herein hired, retained and otherwise employed individuals in order to perform the employers obligations and duties at the Canton Mill.

31. That the Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

32. That the Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments, including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolishing, removal and/or packaging of asbestos and asbestos-containing materials.

33. That the Defendants were negligent they that it failed to properly train, inform, equip and monitor and supervise the activities of its employees and workers who were working in and/or around the Canton Mill.

34. That the transportation, installation, cutting, removal and/or handling of asbestos and asbestos-containing material by the Defendants, their employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work areas at times appeared like "clouds of white smoke" and the dust containing asbestos was like a "snowstorm" fogging the entire room and work area.

35. That the handling of asbestos-containing materials by the Defendants, their employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls and other areas.

36. That the Defendants, their employees, agents and/or servants handled and worked with asbestos and/or asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated and not properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied by the Plaintiffs herein.

37. That as a direct and proximate result of the Defendants' negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiffs herein were exposed to asbestos dust and fibers and were injured.

## V. FOURTH CAUSE OF ACTION
## INHERENTLY DANGEROUS ACTIVITY

38. The Plaintiffs incorporate by reference the foregoing paragraphs 1-37 as though they are fully set forth herein.

39. That the transportation, installation, handling, removal, labeling and/or packaging of asbestos and asbestos-containing materials are inherently dangerous activities.

40. That the aforementioned activities can only be performed safely provided certain precautions are taken, but will, in the ordinary course of events cause injury and/or harm to others if there precautions are omitted.

41. That as an inherently dangerous activity, the Defendants had a non-delegable duty to see that the Plaintiffs had a safe place to work and that proper measures and safeguards were implemented and taken.

42. That the Defendants breached its non-delegable duty to perform these activities with adequate precautions taken and thus failed to provide Plaintiffs a safe place to work and that improper measures were implemented and taken.

43. That the Defendants breached its non-delegable duty out by exposing and/or allowing the Plaintiffs to become exposed to asbestos and/or asbestos-containing materials.

44. That as a direct and proximate result of the acts and/or omissions of the Defendants, their employees, servants and/or agents, the Plaintiffs herein were exposed to asbestos dust and fibers and were injured.

## VI. FIFTH CAUSE OF ACTION
## VIOLATION OF APPLICABLE FEDERAL, STATE AND/OR LOCAL STATUTES, ORDINANCES AND REGULATIONS

45. The Plaintiffs incorporate by reference the foregoing paragraphs 1-44 as though they are fully set forth herein.

46. That during all times material and relevant herein, there were in full force and effect numerous federal, state and/or local statutes, ordinances and/or regulations which governed and regulated the activities of the Defendants, their employees, agents and/or servants.

47. That the Defendants, their employees agents and/or servants, violated said federal, state and/or local statutes, ordinances and/or regulations.

48. That the Plaintiffs herein, as workers lawfully on the premises of the Defendants were within a class of individuals for whom said statutes, ordinances and/or regulations were designed to protect and safeguard.

49. That in violating said statutes, ordinances, and/or regulations the Defendants and their employees, were negligent per se.

50. That the injuries suffered by the Plaintiffs herein were a foreseeable, direct and a proximate result of the violations stated herein.

## VII. DAMAGES FOR EMPLOYEES

51. The Plaintiffs incorporate by reference, the foregoing paragraphs 1-50 as though they are fully set forth herein.

52. That a result of the release of asbestos dust and fibers at the Canton Mill, Plaintiffs have been injured, has suffered direct and irreparable harm to their lungs, respiratory systems, bodies, and overall health, including but not limited to asbestos related pleural thickening, pleural plaques, cor pulmnare and other asbestos related illnesses, symptoms, diseases and/or cancers.

53. That a result of the injuries sustained, Plaintiffs-employee has incurred and will incur in the future, medical treatment, including but not limited to medical monitoring, prescription medication, nursing and home care, physician and hospital expenses, diagnostic testing and other related and necessary medical expenses.

54. That the medical condition of the Plaintiffs-employee will likely deteriorate irreparably as asbestosis is a progressive, non-reversible disease.

55. That the Plaintiffs, as a result of their asbestos exposure has a significantly increased risk of developing various cancers including lung cancer.

56. As a result of Plaintiffs' exposure, the progressive nature of the disease and their increased risk of cancer Plaintiffs' are in need of medical monitoring.

57. That the injuries sustained to the Plaintiffs herein are permanent in nature and will continue to exist throughout the Plaintiffs' expected work life and life span.

58. That the work life and life span of each Plaintiffs who was exposed and injured by asbestos dust and fibers will be shortened as a direct and proximate result of the harm inflicted herein.

## IX. DAMAGES
## LOSS OF CONSORTIUM

59. The Plaintiffs' spouse incorporate by reference, the foregoing paragraph 1 through 58 as though they are fully set forth herein.

60. That as a direct and proximate result of the illnesses and diseases suffered by the Plaintiffs-employee, the Plaintiffs' spouse has lost financial support for the rest and remainder of her life.

61. That as a direct and proximate result of the illnesses and diseases suffered by any deceased Plaintiffs, his survived spouse has lost the financial support of these Plaintiffs.

62. That the Plaintiffs' wife has suffered the loss of consortium, general services, companionship and society, and will continue to suffer the loss of the Plaintiffs' consortium, services, companionship and society for the rest and remainder of their lives.

63. That as a result of the illnesses and diseases suffered by the Plaintiffs, his spouse has rendered nursing care and other services and it will be necessary for them to continue such services to the Plaintiffs in the future until his death.

## X. PUNITIVE DAMAGES

64. The Plaintiffs incorporate by reference, the foregoing paragraphs 1through 63 as though they are fully set forth herein.

65. That the conduct of the Defendants, as set forth in the above-stated causes of actions, were willful, wanton, malicious, and in reckless disregard for the safety of the Plaintiffs and others.

66. That the conduct of the Defendants, as referenced above, justify an award of punitive damages for each and every Plaintiffs contained herein.

## DEMAND FOR JURY TRIAL AND JUDGMENT

**WHEREFORE, the Plaintiffs pray for relief as follows:**

1. That each of the Plaintiffs-Employee have and recover from the Defendants, a sum in excess of $10,000.00, plus interest thereon, from and after the date of the filing of this action, until paid in the highest amount allowed by law.
2. That the Plaintiffs' spouse have and recover from the Defendants, a sum in excess of $10,000.00, plus interest thereon from and after the date of filing of this action until paid at the highest amount allowed by law.
3. That the Plaintiffs recover from the Defendants punitive damages.
4. That the Plaintiffs and their spouses be entitled to medical monitoring.
5. That the costs of this action be taxed against the Defendants.
6. That all issues of fact be tried by a jury.
7. For such other and further relief as the Court may deem just and proper.

This the 30 7H day of June, 2000.

Respectfully submitted,
WALLACE and GRAHAM, P.A.

Christopher D. Mauriello
NC Bar No. 25211
525 North Main Street
Salisbury, North Carolina 28144
704/633-5244

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served on the Defendants herein by depositing copies thereof in the United States Mail, postage prepaid, addressed to the Defendants as follows:

Champion International Corporation
c/o United States Corporation Company
Registered Agent for the Defendants
327 Hillsborough Street
Raleigh, North Carolina 27603

Blue Ridge Paper Products, Inc.
c/o National Corp. Research, Limited
328 South Charles Road
Raleigh, North Carolina 27610

This the 30 7H day of June, 2000.

Christopher D. Mauriello, Esq.

# EXHIBIT “B”




IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
NO. 1:00CV172-C

COPY

FILED
CHARLOTTE, N. C.
AUG 7 2000
U. S. DISTRICT COURT
W. DIST. OF N. C.

KENNETH EARL BASDEN, and wife BRENDA BASDEN, DARRELL LEE DICKENS, and wife KATIE SUE DICKENS, JAMES ALBERT McCALL, and wife HOLLY McCALL, LLOYD ERVIN PELFREY, and wife KIMBERLY RENE PELFREY, TONY LEE RHODES, and PAUL EDWIN TRENTHAM, JR., and wife JESSICA FAYE TRENTHAM,

Plaintiffs,

vs.

CHAMPION INTERNATIONAL CORPORATION, and BLUE RIDGE PAPER PRODUCTS, INCORPORATED,

Defendants.

**NOTICE OF REMOVAL OF ACTION**

Pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Champion International Corporation ("Champion"), and Blue Ridge Paper Products, Incorporated ("Blue Ridge") jointly, by and through counsel, hereby remove this action from the General Court of Justice, Superior Court Division, Haywood County, North Carolina to the United States District Court for the Western District of North Carolina, Asheville Division. In support of such removal, Defendants Champion and Blue Ridge state the following:

1. Champion and Blue Ridge are the sole Defendants in a civil action filed on or about July 3, 2000, in the General Court of Justice, Superior Court Division, Haywood County, North Carolina, case number 00-CVS-706 (the "Action").

2. Plaintiffs' Summons and Complaint were served on Defendant Champion's registered agent in North Carolina, on or about July 6, 2000.

3. Plaintiffs' Summons and Complaint were served on Defendant Blue Ridge's registered agent in North Carolina, on or about July 7, 2000.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is filed within thirty (30) days after receipt of Plaintiffs' Summons and Complaint.

5. Upon information and belief, at the time of and at all times since the filing of this Action, Plaintiffs are citizens and residents of Wake, Haywood, Transylvania, and Buncombe Counties, North Carolina, and Oconee County, South Carolina.

6. As stated in the Complaint and at all times since the filing of this Action, Defendant Champion has been a corporation incorporated and existing under the laws of the State of New York with its principal office and place of business in Connecticut. Thus, at all times since the filing of this Action Defendant Champion has been a citizen of the States of New York and Connecticut.

7. As stated in the Complaint and at all times since the filing of this Action, Defendant Blue Ridge has been a corporation incorporated and existing under the laws of Delaware with its principal office and place of business in New York. Thus, at all times since the filing of this Action Defendant Blue Ridge has been a citizen of the States of Delaware and New York.

8. The United States District Court for the Western District of North Carolina has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332, due to the matter in controversy exceeding a total of $75,000.00, as referenced in paragraphs one (1) and two (2) of the Prayer for Relief in Plaintiffs' Complaint (Eleven (11) Plaintiffs each seeking damages from Defendants in excess of $10,000) and all Plaintiffs being citizens of different States from the Defendants.

9. Copies of all process and pleadings served upon the petitioners are attached hereto.

WHEREFORE, Defendants Champion International Corporation, and Blue Ridge Paper Products, Incorporated respectfully pray that this action be removed from the Superior Court of Haywood County, North Carolina to the United States District Court for the Western District of North Carolina, Asheville Division, pursuant to Section 1441 of Title 28 of the United States Code.

This 7th day of August, 2000.

Respectfully submitted,

KILPATRICK STOCKTON LLP
3500 One First Union Center
301 South College Street
Charlotte, North Carolina 28202-6001
Telephone: (704) 338-5000

By: ______________________________

Richard E. Fay
N.C. State Bar No. 14435

Attorney for Defendants
Champion International Corporation and
Blue Ridge Paper Products, Incorporated

CERTIFICATE OF SERVICE

I, Richard E. Fay, hereby certify that on this date I served the foregoing NOTICE OF REMOVAL OF ACTION upon counsel of record by depositing a copy thereof in the United States Mail, postage prepaid and addressed as follows:

Christopher D. Mauriello
Wallace and Graham, P.A.
525 North Main Street
Salisbury, NC 28144

This the 7th day of August, 2000.

Richard E. Fay
Attorney for Defendants

KILPATRICK STOCKTON LLP
3500 One First Union Center
301 South College Street
Charlotte, North Carolina 28202-6001
Telephone: (704) 338-5000

CLTLIB01:598279.01

# EXHIBIT "C"

PLAINTIFF'S EXHIBIT C

FILED
CHARLOTTE, N.C.
AUG 25 2000
U.S. DISTRICT COURT
W. DIST. OF N.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00CV172-C

KENNETH EARL BASDEN, ET AL.,

Plaintiffs,

vs.

CHAMPION INTERNATIONAL CORPORATION, and BLUE RIDGE PAPER PRODUCTS, INCORPORATED,

Defendants.

**DEFENDANTS' CONSENT MOTION TO REMAND REMOVED CASE**

Counsel for Defendants Champion International Corporation ("Champion"), and Blue Ridge Paper Products, Incorporated ("Blue Ridge"), with the consent of counsel for the Plaintiffs, moves the Court for an Order remanding this case to the Superior Court of Haywood County, North Carolina, the Court from which it was removed. Counsel for the Defendants recently learned that Defendant Blue Ridge's principal place of business is no longer in the State of New York, but is now in the State of North Carolina. As a consequence, this Court lacks federal subject matter jurisdiction over this case.

Defendants are entitled to a remand of this action because:

1. This case was commenced by the Plaintiffs in the Superior Court of Haywood County, North Carolina, on July 3, 2000.

2. On August 7, 2000, the Defendants removed this case to the United States District Court for the Western District of North Carolina, Asheville Division by filing a Notice of Removal.

3. The sole basis for removal of this action from the Superior Court of Haywood County, North Carolina, and for federal subject matter jurisdiction was complete diversity of citizenship between the Plaintiffs and the Defendants with the amount in controversy in excess of $75,000. *See* 28 U.S.C. § 1332.

4. Defendant Blue Ridge is a corporation organized and existing under the laws of the State of Delaware. Since the filing of the Notice of Removal, Defendants have become aware that Defendant Blue Ridge's current principal place of business is North Carolina, not New York, as alleged in paragraph 17 of the Plaintiffs' Complaint. Accordingly and pursuant to 28 U.S.C. § 1332(c)(1), Defendant Blue Ridge is a citizen of the States of Delaware and North Carolina.

5. One or more of the Plaintiffs is also a citizen of the State of North Carolina.

6. Because one or more of the Plaintiffs and Defendant Blue Ridge are citizens of the same state, the State of North Carolina, this Court lacks federal subject matter jurisdiction.

7. Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded to the state court if the district court to which a case was removed determines that it lacks federal subject matter jurisdiction.

8. This Motion is made with the consent of counsel for Plaintiffs.

WHEREFORE, Defendants Champion International Corporation, and Blue Ridge Paper Products, Incorporated move the Court for an Order remanding this cause to the Superior Court of Haywood County, North Carolina, the state court from which it was removed.

This 25th day of August, 2000.

KILPATRICK STOCKTON LLP
3500 One First Union Center
301 South College Street
Charlotte, North Carolina 28202-6001
Telephone: (704) 338-5000

By: ______________________
Richard E. Fay
N.C. State Bar No. 14435

Attorney for Defendants
Champion International Corporation, and
Blue Ridge Paper Products, Incorporated

CERTIFICATE OF SERVICE

I, Richard E. Fay, hereby certify that a copy of the foregoing Defendants' Consent Motion and Proposed Order to Remand Removed Case was served upon all parties of record by depositing copies of same in the United States Mail, postage prepaid, and addressed as follows:

Mr. Christopher D. Mauriello
Wallace and Graham, P.A.
525 North Main Street
Salisbury, NC 28144

This 25th day of August, 2000.

Richard E. Fay
KILPATRICK STOCKTON LLP
Attorney for Defendants
Champion International Corporation, and
Blue Ridge Paper Products, Incorporated

RECEIVED
CHARLOTTE, N.C.

AUG 25 2000

Clerk, U. S. Dist. Court
W. Dist of N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00CV172-C

KENNETH EARL BASDEN, ET AL.,

Plaintiffs,

vs.

CHAMPION INTERNATIONAL CORPORATION, and BLUE RIDGE PAPER PRODUCTS, INCORPORATED,

Defendants.

**ORDER**

FOR GOOD CAUSE SHOWN, and with the consent of Plaintiffs' counsel, this case is hereby remanded to the Superior Court of Haywood County, North Carolina, the Court from which it was originally removed.

This _____ day of August, 2000.

United States ______________ Judge
Western District of North Carolina

CLTLIB01:600646.01

# EXHIBIT "D"

PLAINTIFF'S EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:00cv172-C

FILED
ASHEVILLE, N. C.
AUG 30 2000
U.S. DISTRICT COURT
W. DIST. OF N. C.

**KENNETH EARL BASDEN, et al.,**

**Plaintiffs,**

**Vs.**

**CHAMPION INTERNATIONAL CORPORATION; and BLUE RIDGE PAPER PRODUCTS, INCORPORATED,**

**Defendants.**

**ORDER OF REMAND**

**THIS MATTER** is before the court upon defendants' Motion to Remand Removed Case. Counsel for plaintiffs have consented to the proposed relief. Having considered defendants' motion and reviewed the pleadings, and it appearing that this court lacks jurisdiction over the subject matter of this action, inasmuch as complete diversity does not exist, the court enters the following Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendants' consent Motion to Remand Removed Case is **GRANTED,** and this matter is **REMANDED** to the North Carolina General Court of Justice, Superior Court Division, Haywood County--the court from which this action was originally removed.

The Clerk of this court is respectfully instructed to certify a copy of this Order by *true test* to the Clerk of Court for Haywood County.

This Order is entered in response to defendants' consent Motion to Remand Removed Case (#4).

**This** 30th **day of** August**, 2000.**

**MAX O. COGBURN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT "E"




STATE OF NORTH CAROLINA
JUSTICE

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF

SUPERIOR COURT DIVISION
04-CVS-860

FILED
2004 AUG 23 AM 10:51
HAYWOOD COUNTY, C.S.C.
BY

OTIS DELBERT BAKER,
and wife, THELMA ELIZABETH BAKER,
JAMES WILLIAM BECKHAM,
and wife PATRICIA GAMBLE BECKHAM,
LEWIS BROWN,
and wife, PHYLLIS D. BROWN,
BROOKS MONTGOMERY COLE,
and wife, CHARLENE UNDERWOOD COLE,
KENNETH HOWARD DRUM, SR.,
CHARLES WILLIAM HORTON, and wife
PATRICIA ANN HORTON,
JAMES DOWELL MELTON, JR.,
WILLIAM FURMAN PIKE,
and wife, MARGARET A. PIKE,
LARRY WAYNE POWELL,
and wife CLARA SMITH POWELL,
CHARLES JESSE TUCKER,
GEORGE WILLIAM WHITE,
and wife JANICE DOVER WHITE

Plaintiffs,

vs.

INTERNATIONAL PAPER COMPANY, formerly
CHAMPION INTERNATIONAL
CORPORATION and BLUE RIDGE PAPER
PRODUCTS, INC.

Defendants.

COME NOW, Plaintiffs, by and through their undersigned attorneys of records and under and pursuant to N.C. Rule of Civil Procedure 15(a), and hereby file the attached Amended Complaint as a matter of course, prior to the filing of any responsive pleading in this matter by Defendant.

This the 19 day of August, 2004.

Respectfully submitted,
WALLACE and GRAHAM, P.A.

Jill N. Calvert
NC Bar No. 24160
525 North Main Street
Salisbury, North Carolina 28144
704/633-5244

STATE OF NORTH CAROLINA

COUNTY OF HAYWOOD

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
04-CVS-860

OTIS DELBERT BAKER,
and wife, THELMA ELIZABETH BAKER,
JAMES WILLIAM BECKHAM,
and wife PATRICIA GAMBLE BECKHAM,
LEWIS BROWN,
and wife, PHYLLIS D. BROWN,
BROOKS MONTGOMERY COLE,
and wife, CHARLENE UNDERWOOD COLE,
KENNETH HOWARD DRUM, SR.,
CHARLES WILLIAM HORTON,
and wife, PATRICIA ANN HORTON,
JAMES DOWELL MELTON, JR.,
WILLIAM FURMAN PIKE,
and wife, MARGARET A. PIKE,
LARRY WAYNE POWELL,
and wife CLARA SMITH POWELL,
CHARLES JESSE TUCKER,
GEORGE WILLIAM WHITE,
and wife JANICE DOVER WHITE

Plaintiffs,

vs.

INTERNATIONAL PAPER COMPANY, formerly CHAMPION INTERNATIONAL CORPORATION and BLUE RIDGE PAPER PRODUCTS, INC.

Defendants.

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiffs, complaining of the Defendants, allege and say:

## I. IDENTIFICATION OF PARTIES & JURISDICTION

1. The Plaintiffs are citizens and residents of Lincoln and Burke Counties, North Carolina and York, Lancaster, Cherokee, Greenville, Chester and Anderson Counties, South Carolina

during all relevant periods of time herein, hereinafter individually and collectively referred to as "PLAINTIFFS".

2. The Plaintiffs were, at all times relevant herein, employees of companies other than the Defendants companies herein and/or workers, invitees, guests, licensees, or other members of the public who were exposed to injurious levels of asbestos fibers and dust created by the work being performed by the Defendants, their employees, subcontractors and/or agents and/or by work performed on the premises of the Defendants and/or its predecessors in interest to which the Defendants assumed all legal duties, obligations and liabilities.

3. The claims of the Plaintiffs are based on exposure to asbestos dust and fibers at and within the International Paper Company, formerly Champion International Corp., in Canton, County of Haywood, North Carolina, (hereinafter referred to as the "Canton Mill")

4. That Plaintiffs, OTIS DELBERT BAKER, was and continues to be a citizen and resident of the County of York, State of South Carolina. Mr. Baker was employed by Covil Corporation from 1965 until 1970. During this period of time, Mr. Baker worked at the Canton Mill as an insulator during 1967 and 1968. Mr. Baker was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Baker, was diagnosed with asbestosis on the 28th day of February 2002 and asbestos related laryngeal cancer on the 9th day of April 2002.

5. That Plaintiffs, THELMA ELIZABETH BAKER, is the wife of Otis Delbert Baker and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

6. That Plaintiffs, JAMES WILLIAM BECKHAM, was and continues to be a citizen and resident of the County of Lancaster, State of South Carolina. Mr. Beckham was employed by Daniel Construction from 1967 until 1971. During this period of time, Mr. Beckham worked at the Canton Mill as an insulator. Mr. Beckham was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Beckham, was diagnosed with asbestosis on the 29th day of April, 2002.

7. Plaintiffs, PATRICIA GAMBLE BECKHAM, is the wife of James William Beckham and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

8. That Plaintiffs, LEWIS BROWN, was and continues to be a citizen and resident of the County of Cherokee, State of South Carolina. Mr. Brown was employed by Bonitz Company of Carolina, Inc. from 1959 to 1978. During this period of time, Mr. Brown worked at the Canton Mill installing ceilings during 1970's. Mr. Brown was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Brown, was diagnosed with asbestosis and asbestos related pleural disease on the 12th day of July, 2003.

9. That Plaintiffs, PHYLLIS D. BROWN, is the wife of Lewis Brown and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

10. That Plaintiffs, BROOKS MONTGOMERY COLE, was and continues to be a citizen and resident of the County of Greenville, State of South Carolina. Mr. Cole was employed by

Sunland Construction Company, Inc. at the Canton Mill as a boiler maker from 1989 to 1990 and during 1992. Mr. Cole was employed by Power Plant Maintenance Company, Inc. during 1993 at the Canton Mill as a boiler maker. Mr. Cole was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Cole, was diagnosed with asbestos related pleural disease on the 26th day of September, 2001.

11. That Plaintiffs, CHARLENE UNDERWOOD COLE, is the wife of Brooks Montogomery Cole and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

12. That Plaintiffs, KENNETH HOWARD DRUM, SR., was and continues to be a citizen and resident of the County of Lincoln, State of North Carolina. Mr. Drum was employed by Daniel Construction from 1963 until July 1969. During this period of time, Mr. Drum worked at the Canton Mill as a welder and laborer in 1964. Mr. Drum was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Drum, was diagnosed with asbestosis and asbestos related colon cancer on the 13th day of February, 2002.

13. That Plaintiffs, CHARLES WILLIAM HORTON was and continues to be a citizen and resident of the County of Lancaster, State of South Carolina. Mr. Horton was employed by Daniel Construction from 1967 to 1971. During this period of time, Mr. Horton worked at the Canton Mill as an insulator. Mr. Horton was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-

related illnesses as further described below. The Plaintiffs, Mr. Horton, was diagnosed with asbestosis and asbestos related pleural disease on the 22nd day of November, 2003.

14. That Plaintiffs, PATRICIA ANN HORTON, is the wife of Charles William Horton and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

15. That Plaintiffs, JAMES DOWELL MELTON, JR. was and continues to be a citizen and resident of the County of Chester, State of South Carolina. Mr. Melton was employed at the Canton Mill as a pipe fitter for Daniel International Corporation from 1964 to 1967 and during 1969; for Cooper Construction Company, Inc. as a pipe fitter in 1969; for Payne & Keller Company as a pipe fitter during 1973 and 1974; and for BE& K Construction, Inc. as a pipe fitter and foreman during 1981, 1985, 1986, 1987 and 1994. Mr. Melton was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Melton, was diagnosed with asbestosis on the 8th day of October, 2002.

16. That Plaintiffs, WILLIAM FURMAN PIKE was and continues to be a citizen and resident of the County of Anderson, State of South Carolina. Mr. Pike was employed by Daniel Construction from 1960 to 1962. During this period of time, Mr. Pike worked at the Canton Mill as a pipe fitter helper. Mr. Pike was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Pike, was diagnosed with asbestosis and asbestos related lung cancer on the 19th day of March, 2003.

17. That Plaintiffs, MARGARET A. PIKE , is the wife of William Furman Pike and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

18. That Plaintiffs, LARRY WAYNE POWELL was and continues to be a citizen and resident of the County of Burke, State of North Carolina. Mr. Powell was employed by Daniel Construction from 1962 to 1963. During this period of time, Mr. Powell worked at the Canton Mill as pipe welder. Mr. Horton was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Powell, was diagnosed with asbestosis on the 3rd day of May, 2002.

19. That Plaintiffs, CLARA SMITH POWELL, is the wife of Larry Wayne Powell and is a citizen and resident of the State of North Carolina, and is claiming loss of consortium as more fully stated hereinafter.

20. That Plaintiffs, CHARLES JESSE TUCKER was and continues to be a citizen and resident of the County of Greenville, State of South Carolina. Mr. Tucker was employed by Daniel Construction from 1957 to 1977. During this period of time, Mr. Tucker worked at the Canton Mill as an electrician during the 1960's. Mr. Tucker was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. Tucker, was diagnosed with asbestos related pleural disease on the 17th day of October, 2003.

21. That Plaintiffs, GEORGE WILLIAM WHITE was and continues to be a citizen and resident of the County of Cherokee, State of South Carolina. Mr. White was employed by Starr Davis from 1977 to 1978. During this period of time, Mr. White worked at the Canton Mill as an insulator and mechanic. Mr. White was exposed to asbestos dust and fibers at the Canton Mill, and as a result of said exposure, contracted respiratory and other asbestos-related illnesses as further described below. The Plaintiffs, Mr. White, was diagnosed with asbestosis on the 21st day of September, 2002.

22. That Plaintiffs, JANICE DOVER WHITE, is the wife of George William White and is a citizen and resident of the State of South Carolina, and is claiming loss of consortium as more fully stated hereinafter.

23. The Defendants, INTERNATIONAL PAPER COMPANY, formerly CHAMPION INTERNATIONAL, CORP. and hereinafter referred to as "INTERNATIONAL PAPER" and/or "Defendants" is a foreign corporation licensed in the State of New York, has its principal place of business in Connecticut and is duly licensed and authorized to do business in the State of North Carolina.

24. CHAMPION is the original owner in interest in the premises which is the subject of the claim herein otherwise known as the Canton Mill. INTERNATIONAL PAPER is its corporate successor in interest.

25. The Defendants, BLUE RIDGE PAPER PRODUCTS, INC. (hereinafter referred to as "Blue Ridge") and/or "Defendants" is a foreign corporation licensed in the State of Delaware, has its principal place of business in New York and is duly and authorized to do business in the State of North Carolina.

## II. FIRST CAUSE OF ACTION
## NEGLIGENCE AS TO ALL DEFENDANTS

26. The Plaintiffs incorporate by reference, the foregoing paragraphs 1-25 as though they are fully set forth herein.

27. That the Defendants herein, International Paper formerly Champion Paper, is the former owner of certain premises located in the County of Haywood otherwise known as the Canton Mill.

28. That the Defendants herein, Blue Ridge is the current owner of the Canton Mill and assumed all assets and liabilities of the former owner Champion, including liability for the claims made herein.

29. That as the owner of the premises in question, the Defendants, International Paper formerly Champion and/or the prior owners in interest of the plant whose obligation has been assumed by the Defendants herein, had a duty to provide the Plaintiffs herein with a reasonably safe place to work and a duty to maintain such premises in a reasonable and safe condition for invitees, including the Plaintiffs herein, who were working at and/or on the premises.

30. That the Defendants breached their duty to keep or maintain the property in a reasonably safe condition by various acts and/or omissions including but not limited to:

a. allowing the purchase, installation and usage of asbestos and/or asbestos-containing materials in and throughout the plants;

b. allowing the installation and/or usage of asbestos and/or asbestos-containing materials while the Plaintiffs' herein were present and/or working in close proximity thereto;

c. by acting and/or failing to act in a reasonable safe manner to prevent the Plaintiffs herein from coming into contact with airborne asbestos fibers;

d. by failing to provide the Plaintiffs herein with adequate warning and/or instruction as to the presence, location and hazardous nature of asbestos and/or asbestos-containing materials;

e. by failing to provide the Plaintiffs herein with adequate safety equipment including, but not limited to protective enclosures, clothing, and respirators to prevent the exposure to asbestos and asbestos-containing materials.

31. That as a direct and proximate cause of the negligence herein the Plaintiffs were exposed to asbestos and/or asbestos containing materials and were injured.

## III. SECOND CAUSE OF ACTION FAILURE TO WARN AS TO DEFENDANTS

32. That the Plaintiffs incorporates by reference the foregoing paragraphs 1-31 as though they are fully set forth herein.

33. That at all times material hereto, the Defendants knew or should have known of the harmful effects of exposure to asbestos dust and fibers to human health.

34. That the Defendants had a duty to warn individuals working within the Canton Mill of the existence and danger of asbestos-containing materials that had been purchased, assembled, installed, removed, transported and/or otherwise handled by the Defendants, their agents and/or employees on the premises of the Defendants.

35. That despite Defendants' knowledge of the harm and/or potential harm of asbestos exposure at the Defendants' premises, they failed to warn and/or inadequately warned the Plaintiffs of the dangers including, but not limited to:

a. failing to properly enclose, encapsule, seal, contain and/or safeguard the work site in or around asbestos materials in order to prevent the escape and/or release into the surrounding area of airborne asbestos fibers;

b. failing to properly warn the Plaintiffs of the presence of asbestos airborne fibers which had been released into the air as a direct and proximate result of the actions of the Defendants', their employees, agents and/or servants;

c. failing to properly label areas of the plants, plants appurtenances and structures including, but not limited to building insulation, pipes, boilers, walls, ceilings, floors and other areas as to the existence of friable or potentially friable asbestos containing material;

d. failing to take reasonable precautions to publish, decimate, or otherwise make available to the Plaintiffs, warnings of the dangerous nature of the existence in the plants of asbestos and/or asbestos containing materials and/or prepare, implement or decimate a reasonable plan to protect the Plaintiffs from overall exposure to asbestos-containing material.

36. That as a result of the Defendants' failure to warn, the Plaintiffs suffered irreparable harm and injury as described herein.

## IV. THIRD CAUSE OF ACTION NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION OF DEFENDANTS-EMPLOYEES AS TO THE DEFENDANTS HEREIN

37. The Plaintiffs incorporate by reference the foregoing paragraphs 1-36 as though they are fully set forth herein.

38. That the Defendants herein hired, retained and otherwise employed individuals in order to perform the employers obligations and duties at the Canton Mill.

39. That the Defendants herein had a duty to hire employees and supervisors who were competent and who would otherwise perform their job functions and assignments in a reasonably safe manner and a duty to properly and adequately train its supervisors and employees in the proper and safe manner in which to perform their functions and assignments.

40. That the Defendants were negligent in that they hired, retained and/or otherwise employed individuals who were untrained, incompetent, unsafe, careless, reckless and who otherwise acted in an unreasonable and unsafe manner in the performance of their job functions and assignments, including but not limited to, their purchase, transportation, installation, handling, cutting, sawing, fitting, demolishing, removal and/or packaging of asbestos and asbestos-containing materials.

41. That the Defendants were negligent they that it failed to properly train, inform, equip and monitor and supervise the activities of its employees and workers who were working in and/or around the Canton Mill.

42. That the transportation, installation, cutting, removal and/or handling of asbestos and asbestos-containing material by the Defendants, their employees, servants and/or agents was done in such a negligent and irresponsible manner that surrounding work areas at times appeared like "clouds of white smoke" and the dust containing asbestos was like a "snowstorm" fogging the entire room and work area.

43. That the handling of asbestos-containing materials by the Defendants, their employees, agents and/or servants was done in such a negligent and irresponsible manner that hammers

and objects of the like were used to knock asbestos insulation and materials off of pipes, boiler, ceilings, walls and other areas.

44. That the Defendants, their employees, agents and/or servants handled and worked with asbestos and/or asbestos-containing material in such a negligent and irresponsible manner that the air surrounding said job site was not encapsulated and not properly ventilated to prevent the release into surrounding areas of airborne asbestos dust and fibers into the breathing space occupied by the Plaintiffs herein.

45. That as a direct and proximate result of the Defendants' negligent hiring, training and/or supervision of its employees, agents and/or servants, the Plaintiffs herein were exposed to asbestos dust and fibers and were injured.

## V. FOURTH CAUSE OF ACTION
## INHERENTLY DANGEROUS ACTIVITY

46. The Plaintiffs incorporate by reference the foregoing paragraphs 1-45 as though they are fully set forth herein.

47. That the transportation, installation, handling, removal, labeling and/or packaging of asbestos and asbestos-containing materials are inherently dangerous activities.

48. That the aforementioned activities can only be performed safely provided certain precautions are taken, but will, in the ordinary course of events cause injury and/or harm to others if there precautions are omitted.

49. That as an inherently dangerous activity, the Defendants had a non-delegable duty to see that the Plaintiffs had a safe place to work and that proper measures and safeguards were implemented and taken.

50. That the Defendants breached its non-delegable duty to perform these activities with adequate precautions taken and thus failed to provide Plaintiffs a safe place to work and that improper measures were implemented and taken.

51. That the Defendants breached its non-delegable duty out by exposing and/or allowing the Plaintiffs to become exposed to asbestos and/or asbestos-containing materials.

52. That as a direct and proximate result of the acts and/or omissions of the Defendants, their employees, servants and/or agents, the Plaintiffs herein were exposed to asbestos dust and fibers and were injured.

## VI. FIFTH CAUSE OF ACTION
## VIOLATION OF APPLICABLE FEDERAL, STATE AND/OR LOCAL STATUTES, ORDINANCES AND REGULATIONS

53. The Plaintiffs incorporate by reference the foregoing paragraphs 1-52 as though they are fully set forth herein.

54. That during all times material and relevant herein, there were in full force and effect numerous federal, state and/or local statutes, ordinances and/or regulations which governed and regulated the activities of the Defendants, their employees, agents and/or servants.

55. That the Defendants, their employees agents and/or servants, violated said federal, state and/or local statutes, ordinances and/or regulations.

56. That the Plaintiffs herein, as workers lawfully on the premises of the Defendants were within a class of individuals for whom said statutes, ordinances and/or regulations were designed to protect and safeguard.

57. That in violating said statutes, ordinances, and/or regulations the Defendants and their employees, were negligent per se.

58. That the injuries suffered by the Plaintiffs herein were a foreseeable, direct and a proximate result of the violations stated herein.

## VII. DAMAGES FOR EMPLOYEES

59. The Plaintiffs incorporate by reference, the foregoing paragraphs 1-58 as though they are fully set forth herein.

60. That a result of the release of asbestos dust and fibers at the Canton Mill, Plaintiffs have been injured, has suffered direct and irreparable harm to their lungs, respiratory systems, bodies, and overall health, including but not limited to asbestosis, asbestos related cancer(s), asbestos related pleural thickening, pleural plaques, and other asbestos related illnesses, symptoms, diseases and/or cancers.

61. That a result of the injuries sustained, Plaintiffs has incurred and will incur in the future, medical treatment, including but not limited to medical monitoring, prescription medication,

nursing and home care, physician and hospital expenses, diagnostic testing and other related and necessary medical expenses.

62. That the medical condition of the Plaintiffs will likely deteriorate irreparably as asbestosis is a progressive, non-reversible disease.

63. That the Plaintiffs, as a result of their asbestos exposure, have a significantly increased risk of developing various cancers including lung cancer.

64. As a result of Plaintiffs' exposure, the progressive nature of the disease and their increased risk of cancer Plaintiffs' are in need of medical monitoring.

65. That the injuries sustained to the Plaintiffs herein are permanent in nature and will continue to exist throughout the Plaintiffs' expected work life and life span.

66. That the work life and life span of each Plaintiff who was exposed and injured by asbestos dust and fibers will be shortened as a direct and proximate result of the harm inflicted herein.

**IX. DAMAGES**
**LOSS OF CONSORTIUM**

67. The Plaintiffs' spouses incorporate by reference, the foregoing paragraphs 1 through 66 as though they are fully set forth herein.

68. That as a direct and proximate result of the illnesses and diseases suffered by the Plaintiffs, the Plaintiffs' spouse has lost financial support for the rest and remainder of her life.

69. That as a direct and proximate result of the illnesses and diseases suffered by any deceased Plaintiffs, his survived spouse has lost the financial support of these Plaintiffs.

70. That the Plaintiffs' wife has suffered the loss of consortium, general services, companionship and society, and will continue to suffer the loss of the Plaintiffs' consortium, services, companionship and society for the rest and remainder of their lives.

71. That as a result of the illnesses and diseases suffered by the Plaintiffs, his spouse has rendered nursing care and other services and it will be necessary for them to continue such services to the Plaintiffs in the future until his death.

## X. PUNITIVE DAMAGES

72. The Plaintiffs incorporate by reference, the foregoing paragraphs 1through 71 as though they are fully set forth herein.

73. That the conduct of the Defendants, as set forth in the above-stated causes of actions, were willful, wanton, malicious, and in reckless disregard for the safety of the Plaintiffs and others.

74. That the conduct of the Defendants, as referenced above, justify an award of punitive damages for each and every Plaintiffs contained herein.

## DEMAND FOR JURY TRIAL AND JUDGMENT

**WHEREFORE, the Plaintiffs pray for relief as follows:**

1. That each of the Plaintiffs have and recover from the Defendants,

a sum in excess of $10,000.00, plus interest thereon, from and after the date of the filing of this action, until paid in the highest amount allowed by law.

2. That the Plaintiffs' spouse have and recover from the Defendants, a sum in excess of $10,000.00, plus interest thereon from and after the date of filing of this action until paid at the highest amount allowed by law.

3. That the Plaintiffs recover from the Defendants punitive damages.

4. That the Plaintiffs and their spouses be entitled to medical monitoring.

5. That the costs of this action be taxed against the Defendants.

6. That all issues of fact be tried by a jury.

7. For such other and further relief as the Court may deem just and proper.

This the 19 day of August, 2004.

Respectfully submitted,
WALLACE and GRAHAM, P.A.

Jill N. Calvert
NC Bar No. 24160
525 North Main Street
Salisbury, North Carolina 28144
704/633-5244

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served on the Defendants herein by depositing copies thereof in the United States Mail, postage prepaid, addressed to the Defendants as follows:

International Paper Corporation
c/o CT Corporation System
Registered Agent
225 Hillsborough Street
Raleigh, North Carolina 27603

Blue Ridge Paper Products, Inc.
c/o CT Corporation System
Registered Agent
225 Hillsborough Sreet
Raleigh, North Carolina 27603

This the 25 day of Aug, 2004.

Jill Calvert
Jill N. Calvert, Esq.

# EXHIBIT "F"

Blumberg No. 5113
PLAINTIFF'S EXHIBIT
F

FILED
2004 SEP 23 PM 1:53
HAYWOOD COUNTY, C.S.C.
BY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

04 CVS 860

OTIS DELBERT BAKER,
and wife, THELMA ELIZABETH BAKER,
JAMES WILLIAM BECKHAM,
and wife PATRICIA GAMBLE BECKHAM,
LEWIS BROWN,
and wife, PHYLLIS D. BROWN,
BROOKS MONTGOMERY COLE,
and wife, CHARLENE UNDERWOOD COLE,
KENNETH HOWARD DRUM, SR.,
CHARLES WILLIAM HORTON,
and wife, PATRICIA ANN HORTON,
JAMES DOWELL MELTON, JR.,
WILLIAM FURMAN PIKE,
and wife, MARGARET A. PIKE,
LARRY WAYNE POWELL,
and wife CLARA SMITH POWELL,
CHARLES JESSE TUCKER,
GEORGE WILLIAM WHITE,
and wife JANICE DOVER WHITE

Plaintiffs,

vs.

INTERNATIONAL PAPER COMPANY, formerly CHAMPION INTERNATIONAL CORPORATION and BLUE RIDGE PAPER PRODUCTS, INC.

Defendants.

**PLAINTIFFS' MOTION FOR REMAND AND RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL**

COMES NOW, Plaintiffs by and through their undersigned attorneys pursuant to 28 U.S.C.A. § 14-46(a) and files this Motion to remand the above stated cause of action and Plaintiffs' Motion for Cost and Fees as provided under 28 U.S.C.A. § 14-27 (c) and as further grounds hereinafter states:

1. On or about August 8, 2004, the Plaintiff herein filed a Complaint in Superior Court in the County of Haywood, North Carolina for recovery of personal injuries and other requested relief based upon their exposure to asbestos containing materials from a paper mill owned and operated by Defendants International Paper Corporation and Blue Ridge Paper Products, Inc. in Haywood County, North Carolina.

2. Thereafter, on or about September 17, 2004, Defendants filed a Notice of Removal claiming that diversity jurisdiction exists because Blue Ridge Paper Products has been fraudulently joined as a party to the Haywood County lawsuit. However, this claim is in direct conflict with Defendants' prior actions and court filings.

3. On July 3, 2000, a similar complaint was filed against Defendants International Paper Corporation and Blue Ridge Paper Products, Inc. in Superior Court of Haywood County, North Carolina. Plaintiffs were citizens of North Carolina and South Carolina and requested recovery for personal injuries due to their exposure to asbestos containing materials from the very same paper mill owned and operated by Defendants. (See attached Exhibit A, *Kenneth E. Basden et. al v. Champion International Corporation and Blue Ridge Paper Products, Inc.*, 00-CVS-706)

4. Thereafter, on or about August 7, 2000, Defendants filed a Notice of Removal claiming that diversity jurisdiction exists because Defendant International Paper has been a corporation incorporated and existing under the laws of the State of New York with its principal office and place of business in Connecticut. Further, that Defendant Blue Ridge Paper has been a corporation incorporated and existing under the laws of Delaware with its principal place of business in New York. No claim was made that Defendant Blue Ridge Paper was fraudulently added as a party to the lawsuit. (See attached Exhibit B)

5. Thereafter, on or about August 25, 2000, counsel for Defendants International Paper and Blue Ridge Paper filed a motion with the consent of Plaintiffs' counsel to remand the case back to the Superior Court of Haywood County, North

Carolina, the Court from which it was removed. The reason for Defendants' motion was that it had recently learned that Defendant Blue Ridge's principal place of business was no longer in the State of New York, but is now in the State of North Carolina. Defendants stated in their motion, "As a consequence, this Court lacks federal subject matter jurisdiction over this case." (See attached exhibit C)

6. As a result of Defendants' Motion, an Order of Remand was issued by Max O. Cogburn, Jr., United States Magistrate Judge on August 30, 2000. (See attached exhibit D)

7. Likewise in the present case, all the Plaintiffs are residents of North Carolina and South Carolina. Defendant Blue Ridge Paper Products' principal place of business is still in the State of North Carolina. Because one or more of the Plaintiffs and Defendant Blue Ridge are citizens of the same state, the State of North Carolina, this Court lacks federal subject matter jurisdiction.

8. Defendant Blue Ridge Paper Products is a proper party to these proceedings as the successor in interest to Champion International Paper. Defendant Blue Ridge Paper Products currently owns and runs the paper mill in Haywood County, North Carolina wherein the Plaintiffs alleged they were injured by exposure to asbestos fibers. Defendant Blue Ridge continues to be a party to the lawsuit filed in July of 2000 and counsel for Defendant has not requested that they be dismissed as a party to this previous lawsuit. Further, a finding of liability as to the respective Defendants, Champion International and Blue Ridge Paper Products, is a question of fact to be determined by a jury.

9. Removal is purely a statutory right and one which divests the state court and the Plaintiffs' chosen forum with jurisdiction. In all federal districts, removal is strictly contained and allowed only where the grounds are valid and clear. Beritiech v. Metropolitan Life Insurance Company, 881 F. Supp. 557, S. D. Ala. (1995). The above-reference rule is particularly true in removal cases based upon diversity of citizenship

where all doubts should be resolved for favor of remand and any ambiguity constructed against removal. Hess v. Great Atlantic and Pacific Tea Company, Inc. , 520 F. Supp. 373, N. D. Ill. 1981; Rivers v. International Matex Tank Terreral, 864 F. Supp. 556, (E. D. LA. 1994).

10. Most importantly, in the Fourth Circuit where the basis of removal is a claim of fraudulent and improper joining of a resident Defendant, "the removing party must establish either: '[t]hat there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the Plaintiffs' pleadings of jurisdictional facts.'" Marshall v. Manville Sales Corp. 6, F.3d 229, 232 (4th Cir. 1993) (quoting B, Inc. v. Miller Brewing Co. 663 F.2d 545, 549 (5th Cir. 1981)).

11. Defendants' Notice of Removal is improper in both law and fact and the federal district court lacks subject matter jurisdiction as there is not complete diversity of citizenship between the parties named in Plaintiffs' State Court Complaint. Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded to the state court if the district court to which a case was removed determines that it lacks federal subject matter jurisdiction.

12. In addition to the foregoing, the Plaintiffs/Movants respectfully request an Order awarding the Plaintiffs associated costs, expenses and attorney's fees incurred with the preparation of the motion and any concomitant hearing held herein. Said costs and fees are expressly allowable and appropriate should an Order of Remand be issued pursuant to federal statute 28 U.S.C. A. § 1447 (c ) and may be included as part of the Order of Remand where appropriate. McGuire Oil Co. v. City of Houston, 143 F. 3d. 205, 20 (5th Cir. 1998). In this regard, the Defendant's motive or a determination of "bad faith" removal by Defendant is unnecessary. Garbie v. DaimlerChrysler Corp., 211 F. 3 d 407 (7th Cir. 2000). It is sufficient if removal was "erroneous" and "wrong as a matter of law". Balcorta v. Twentieth Century-Fox Film Corp., 208 F. 3d 1102, 1105-1106 (9th Cir. 2000).

WHEREFORE, the Plaintiffs respectfully move this Honorable Court for an Order remanding the above-referenced action to Superior Court, in the County of Haywood, North Carolina together with an award of cost and fees associated with the filing of the motion herein and any other relief that the court deems just and proper.

This 21 day of Sept, 2004.

WALLACE and GRAHAM, P.A
Attorney for Plaintiffs

Jill N. Calvert
525 North Main Street
Salisbury, North Carolina

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing document on the attorney listed below by mailing a copy of the same to him, postage prepaid, through the United States Mail, First Class this 21 day of Sept, 2004.

Richard E. Fay
Hamilton Gaskins Fay & Moon, PLLC
201 South College Street, Suite 2020
Charlotte, NC 28244-2020

Jill N. Calvert

# EXHIBIT "G"

PLAINTIFF'S EXHIBIT G

FILED
ASHEVILLE, N.C.

2004 SEP 21 PM 3:16

U.S. DISTRICT COURT
W. DIST. OF N.C.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

Case Number 1:04cv191

OTIS DELBERT BAKER and wife THELMA ELIZABETH BAKER, et al.

Vs.

INTERNATIONAL PAPER COMPANY formerly CHAMPION INTERNATIONAL CORPORATION, et al.

**ORDER**

**IT APPEARING TO THE COURT** that this case is one in which the plaintiff seeks recovery of damages for alleged exposure to asbestos or asbestos-containing products and that it is an appropriate case for inclusion in the Coordinated Proceeding 'In re: Asbestos-Related Litigation, WDCP-83-1;'

**NOW, THEREFORE, IT IS ORDERED** that this case shall be included in the Coordinated Proceeding 'In re: Asbestos-Related Litigation, WDCP-83-1' and shall be governed by the provisions of the Initial Pre-Trial Order Coordinating Proceedings entered on March 16, 1983.

**THIS** the 21st day of September, 2004.

Lacy H. Thornburg
United States District Court