JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

OCT 28 2004

FILED
CLERK'S OFFICE

Law Offices

# RUBIN & RUBIN

Chartered

One Church Street • Suite 201
Rockville, Maryland 20850
(301) 610-9700
(301) 610-9716 facsimile

Towson, Maryland 21204
(443) 279-9700
(443) 279-9704 facsimile

Reply to: Rockville

October 27, 2004

**By Overnight Courier**

Michael J. Beck, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE, Room G-255, North Lobby
Washington, DC 20002

> *Re:*   *John Todd, et al. v. ACandS, Inc., et al.*
> *Consolidated Case No. WDQ-04-CV-2393*
> *(Case Nos. WDQ-04-CV-2393-2472) (D. Md.)*
>
> *In re: Asbestos Products Liability Litigation, MDL 875 (E.D. Pa.)*

Dear Mr. Beck:

I write regarding your Notice of Hearing Session dated October 13, 2004. The above-referenced cases are included in the Notice (at page 11) as a matter designated for the Panel's consideration without oral argument on November 18, 2004.

On September 3, 2004, movant Quigley Company, Inc. ("Quigley") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). That case is pending before The Honorable Prudence C. Beatty under the case name *In re Quigley Company, Inc.*, Case No. 04-15739. Pursuant to 11 U.S.C. §362(a), these lawsuits are stayed as to Quigley, and all actions taken in violation of the stay are null and void.

Further, on September 7, 2004, the Bankruptcy Court issued a Temporary Restraining Order (the "TRO") pursuant to 11 U.S.C. §§ 105(a) and 362(a) which, among other things, enjoins all pending or future actions against Pfizer, Inc. ("Pfizer") alleging personal injury or wrongful death based on purported asbestos exposure.

On September 9, 2004, the undersigned filed with the Panel a Notice of Bankruptcy Filing and Imposition of Automatic Stay, and Notice of Temporary Restraining Order, which included a copy of the Bankruptcy Court's TRO. A copy of that Notice is attached. By Order dated September 27, 2004 (copy attached), the

PLEADING NO. 4283

RECEIVED
CLERK'S OFFICE

**IMAGED** OCT 29 '04

Michael J. Beck, Clerk
Judicial Panel on Multidistrict Litigation
October 27, 2004
Page 2 of 2

Bankruptcy Court extended the TRO until October 29, 2004 or the adjourned preliminary injunction hearing date in the Bankruptcy Court. The preliminary injunction hearing is currently scheduled to commence on November 1, 2004, and will last several days.

We respectfully request, in light of the automatic stay and the Bankruptcy Court's TRO, that the Panel defer consideration of the pending motion to transfer these cases to MDL 875 in the Eastern District of Pennsylvania.

Thank you for your assistance, and please feel free to contact me if I can be of further assistance.

Very truly yours,

Michael A. Stodghill

cc:    Armand J. Volta, Jr., Esq.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 2 8 2004

FILED
CLERK'S OFFICE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                          :

       QUIGLEY COMPANY, INC.,         :

              Debtor.          :
--------------------------------------------------------x
QUIGLEY COMPANY, INC.,                         :

             Plaintiff,          :

v.                                             :

A. C. Coleman, THE OTHER PARTIES               :
LISTED ON EXHIBIT A
TO THE COMPLAINT, JOHN DOES                     :
1-1000 AND JANE DOES 1-1000,
                                               :
           Defendants.          :
--------------------------------------------------------x

Chapter 11

Case No. 04-15739 (PCB)

Adv. Proc. No. . 04-04262 (PCB)

## EXTENSION OF TEMPORARY RESTRAINING ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065

       Quigley Company, Inc. ("Quigley"), plaintiff, debtor and debtor in possession, having moved on September 3, 2004 (the "Motion"), pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, and Rule 65 of the Federal Rules of Civil Procedure made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure, for a preliminary injunction and, pending a hearing on the Motion, a temporary restraining order; such temporary restraining order having been granted after notice and a hearing on September 7, 2004; and further notice of the temporary restraining order having been given; and the creditors' committee (the "Committee") in this case having requested an adjournment of the hearing on the Motion and having consented to the extension of the temporary restraining order pending a hearing on the Motion, it is

       ORDERED that the Court's temporary restraining order, dated September 7, 2004, and attached hereto as Exhibit A, is incorporated herein and extended until the hearing on the

9727302.5

Motion, October 29, 2004, at 2:30 p.m. (New York time) or until any further adjournment date; and it is further

ORDERED that this order shall be served by overnight mail, postage prepaid, on or before October 1, 2004, upon all known parties-in-interest at the time of such service who are directly affected by this order, or upon counsel for such parties-in-interest, including counsel for personal injury claimants, as provided in the Court's Order governing notice, dated September 7, 2004; and it is further

ORDERED that service in accordance with this order shall be deemed good, sufficient and adequate notice for all purposes; and it is further

ORDERED that responses, if any, by the Committee to the Motion shall set forth in writing the basis for any objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at **www.nysb.uscourts.gov**, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte Roth & Zabel LLP, attorneys for Quigley, 919 Third Avenue, New York, New York 10022, Tel: (212) 756-2000, Fax: (212) 593-5955 (Attention: Michael L. Cook), (ii) Cadwalader, Wickersham & Taft LLP, attorneys for Pfizer Inc., 100 Maiden Lane, New York, New York 10038, Tel: (212) 504-6000, Fax: (212) 504-6666 (Attention: Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), and (iii) the Office of the United States Trustee, 33 Whitehall Street, Suite 2100, New York, NY

10004, Tel: (212) 510-0500, Fax: (212) 668-2256 (Attention:  Tracy Hope Davis, Esq.), so as to be received on or before October 22, 2004 at 12:00 p.m. (New York time); and it is further

ORDERED that replies to an objection filed by the Committee, if any, shall be filed and served in accordance with the procedures described above and also shall be served on any objectors, so as to be received on or before October 27, 2004 at 12:00 p.m. (New York time).

Dated:     New York, New York
           September 27, 2004


                              /s/ Prudence Carter Beatty
                              UNITED STATES BANKRUPTCY JUDGE


9727302.5                              -3-

RECEIVED
SEP 1 3 2004
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RECEIVED
CLERK'S OFFICE

2004 SEP -9  A 10: 24

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

OCT 2 8 2004
FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIAB. LITIG. (NO. VI) | * * | MDL No. 875 (Hon. Charles Weiner) |
| * * * * * * | oOo | * * * * * * |
| JOHN B. TODD | * | |
| Plaintiff, | * | Case No. WDQ-04-CV-2393 (Filed in Consolidated Case Nos. WDQ-04-CV-2393 through -2472) (D. Md.) |
| -v.- | * | |
| ACandS, Inc., et al., | * | |
| Defendants. | * | |
| * * * * * * | oOo | * * * * * * |

### NOTICE OF BANKRUPTCY FILING AND
### IMPOSITION OF AUTOMATIC STAY
### AND NOTICE OF TEMPORARY RESTRAINING ORDER

**NOTICE IS HEREBY GIVEN** that on September 3, 2004, Quigley Company, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 case is pending before Bankruptcy Court Judge Prudence C. Beatty under the case name *In re Quigley Company, Inc.* and Case No. 04-15739. Pursuant to the provisions of Section 362(a) of the Bankruptcy Code, this lawsuit is stayed as to Quigley Company, Inc. All actions taken in violation of the stay are null and void.

**NOTICE IS FURTHER GIVEN** that on September 7, 2004, the Bankruptcy Court issued a Temporary Restraining Order, a copy of which is attached as **Exhibit A**.

Dated: September 8, 2004

*(signature)*

Ronald B. Rubin (Bar No. 00517)
Patrick C. Smith (Bar No. 02054)
Vincent J. Palmiotto (Bar No. 26376)
Michael A. Stodghill (Bar No. 25295)

RUBIN & RUBIN, CHARTERED
502 Washington Ave., Suite 200
Towson, MD 21204
(443) 279-9700
(443) 279-9704 (facsimile)

*Counsel for Defendants,*
*Pfizer Inc. and Quigley Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2004, a copy of the foregoing was filed and served electronically upon:

Felicia D. Cannon, Clerk
United States District Court
for the District of Maryland (Baltimore)
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD 21201

Armand J. Volta, Jr., Esq.
Law Offices of Peter G. Angelos
100 N. Charles St., 22nd Floor
Baltimore, MD 21201

And that copies were mailed first class, postage prepaid, to the liaison counsel listed on the attached Service List.

*(signature)*

Michael A. Stodghill

2

## LIAISON COUNSEL SERVICE LIST

| Liaison Counsel | Firm/Address |
|---|---|
| Blazley, Richard C. | Thompson Hine, LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 |
| Cass, Edward J. | Gallagher, Sharp, Fulton & Norman<br>Bulkley Building 7th Floor<br>1501 Euclid Avenue<br>Cleveland, OH 44115 |
| Chud, Adam M. | Shea & Gardner<br>1800 Massachusetts Ave. N.W.<br>Washington, DC 20036 |
| Damico, David A. | Burns, White & Hickton<br>Fifth Avenue Place, Suite 2400<br>120 Fifth Avenue<br>Pittsburgh, PA 19106-2574 |
| Forceno, Raymond P. | Forceno & Hannon<br>111 South Independence Mall East<br>Suite 1000<br>The Bourse<br>Philadelphia, PA 19106-2574 |
| Furman, Ellen B. | Goldfein & Hosmer<br>1600 Market Street<br>33rd Floor<br>Philadelphia, PA 19103 |
| Hausen, Susan M. | Brownson & Ballou<br>4800 U.S. Bank Place<br>601 Second Avenue, South<br>Minneapolis, MN 55402 |
| Kramer, Reginald S. | Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308 |
| Landin, David C. | Hunton & Williams<br>Riverfront Plaza<br>East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Locks, Gene | Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 |
| Motley, Ronald L. | Motley, Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 |
| Repcheck, John J. | Marks, O'Neill, O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 |
| Roven, John D. | Roven, Kaplan & Wells<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 |
| Schuster, Richard D. | Vorys, Sater, Seymour & Pease, LLP<br>52 East Gay Street<br>P.O. Box 1008<br>Columbus, OH 43216 |
| Selman, Neil | Selman, Breitman & Burgess<br>11766 Wilshire Blvd.<br>Sixth Floor<br>Los Angeles, CA 90025 |
| Spinelli, Robert | Kelley, Jasons, McGuire& Spinelli LLP<br>Centre Square West<br>15th Floor<br>Philadelphia, PA 19102 |

## LIAISON COUNSEL SERVICE LIST

| | |
|---|---|
| Swickle, Robert | Jaques Admiralty Law Firm P.C.<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 |
| Trevelise, Andrew J. | Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| Weston II, James | Tom Riley Law Firm<br>4040 First Avenue, N.E.<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| QUIGLEY COMPANY, INC., | : | Chapter 11 |
| Debtor. | : | Case No. 04-15739 (PCB) |

-------------------------------------------------------x

| | | |
|---|---|---|
| QUIGLEY COMPANY, INC., | : | Adv. Proc. No. . 04-04262 (PCB) |
| Plaintiff, | : | |
| v. | : | |
| A. C. Coleman, THE OTHER PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT, JOHN DOES 1-1000 AND JANE DOES 1-1000, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------x

### ORDER:  (A) ISSUING TEMPORARY RESTRAINING ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a) AND 362(a) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 7065, AND (B) SCHEDULING HEARING ON PRELIMINARY INJUNCTION

Upon the motion (the "Motion") of Quigley Company, Inc. ("Quigley"), debtor and debtor in possession, pursuant to sections 105(a) and 362(a) of title 11, United States Code (the "Bankruptcy Code"), and Rule 65 of the Federal Rules of Civil Procedure made applicable hereto by Rule 7065 of the Federal Rules of Bankruptcy Procedure, for a preliminary injunction staying, restraining and enjoining the commencement or continuation of any and all actions or other proceedings against Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property

9714110.4

1

EXHIBIT A

in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction; and the Court having considered and reviewed:   (i) Quigley's memorandum of law in support of the Motion, (ii) the Affidavit of Paul Street in support of the Motion, (iii) the Affidavit of Steven C. Kany in support of the Motion, and (iv) Quigley's complaint for declaratory and injunctive relief with respect to the personal injury claims asserted against Pfizer; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O); and based on the record established at the hearing on September 7, 2004, the Court finds and concludes as follows:

1.     Quigley and Pfizer are defendants in over one hundred thousand personal injury claims alleging injury based on alleged exposure to asbestos, silica, mixed dust, talc, or vermiculite.   Quigley and Pfizer have utilized shared insurance policies and the funds contained in an insurance trust, under which Quigley and Pfizer are joint beneficiaries, to satisfy settlements, judgments and defense costs related to the personal injury claims.

2.     Prior to the commencement of this chapter 11 case, Pfizer engaged in extensive settlement discussions with Quigley, present holders of personal injury claims against Pfizer and Quigley, and a representative representing the interests of holders of future demands against Pfizer and Quigley.   Those discussions resulted in Quigley filing this chapter 11 case with a pre-negotiated plan, which contemplates a significant contribution by Pfizer to a trust to be established under section 524(g) of the Bankruptcy Code.

9714110.4

2

3. Quigley commenced this chapter 11 case to protect the remaining limits under the shared insurance policies and the amounts contained in the insurance trust, which will be used to fund the pre-negotiated plan of reorganization and a section 524(g) trust.

4. The insurance policies and the amounts contained in the insurance trust constitute property of Quigley's estate. Each of these assets may be utilized by Pfizer and Quigley to satisfy settlements, judgments or defense costs related to personal injury claims against either of them, on a first billed, first paid basis, irrespective of amounts previously billed by or paid to Pfizer or Quigley.

5. Quigley has demonstrated that absent a stay of pending and future personal injury claims asserted against Pfizer, plaintiffs will continue to prosecute their claims against Pfizer, which will have the effect of depleting the shared insurance policies and the funds in the insurance trust.

6. Quigley has demonstrated that depletion of the shared insurance policies and the insurance trust assets will cause immediate and irreparable injury to Quigley's estate and impair Quigley's ability to implement its pre-negotiated chapter 11 plan and successfully reorganize under chapter 11 of the Bankruptcy Code.

7. Quigley has demonstrated that the injunctive relief requested is in the best interests of Quigley, its estate, creditors and parties in interest.

8. Quigley has demonstrated that notifying over one hundred and sixty thousand plaintiffs, or all of their counsel, who have asserted the personal injury claims against Pfizer of the hearing on the temporary restraining order on shortened notice would not be possible. In addition to the virtual impossibility of obtaining addresses for and serving all of the over one hundred and sixty thousand plaintiffs, Quigley's counsel is constrained by the

provisions of the Professional Code of Responsibility from communicating directly with parties known to be represented by counsel without the consent of their counsel.

9.     Quigley cannot provide notice to the holders of future personal injury demands because they are not known at this time.   Quigley would only be able to provide publication notice with respect to the holders of future demands.

10.     Pursuant to the Court's direction, Quigley's counsel provided limited notice of the hearing on the Motion to counsel for the top 20 unsecured creditors and three other counsel representing plaintiffs who have not settled their claims with Quigley or Pfizer (a) by telephone on September 3, 2004, and (b) by written notice, served together with copies of the Motion and supporting pleadings, by overnight mail, Saturday delivery.

11.     Quigley will suffer immediate and irreparable injury, loss, or damage before the personal injury defendants or their counsel can be heard in opposition to the Motion.

NOW THEREFORE, IT IS HEREBY

ORDERED, that the Motion is granted in part, insofar as the request for a temporary restraining order is granted; and it is further

ORDERED, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York; and it is further

ORDERED, that pursuant to sections 105(a) and 362(a)of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules, pending a final determination on Quigley's request for a preliminary injunction any and all pending or future actions or other proceedings against Pfizer, which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, are enjoined and restrained; and it is further

ORDERED, that sufficient cause has been shown for granting Quigley the temporary restraining order it has requested on the limited notice described above, based on the virtual impossibility of serving all of the over one hundred and sixty thousand personal injury defendants or their counsel with notice and the immediate and irreparable injury, loss, or damage that Quigley will suffer absent entry of this Order upon limited notice; and it is further

ORDERED, that entry of this Order will be without prejudice to any creditor or party in interest to seek relief from its terms; and it is further

9714110.4

ORDERED, that pursuant to Bankruptcy Rule 7065, the security provisions of Federal Rule 65(c) be, and same hereby are, waived; and it is further

ORDERED, that this Order shall be served together with a compact disk ("CD") containing Exhibit A to the Motion (list of claims and civil actions against Pfizer and Quigley) and Exhibit B to the Motion (list of claims and civil actions against Pfizer only):

(a)    by overnight mail, overnight delivery, postage prepaid, on or before September 9, 2004, upon all known parties-in-interest at the time of such service who are directly affected by this Order, or upon counsel for such parties-in-interest, including counsel for personal injury claimants, as provided in the  Order Authorizing Listing of Addresses of Counsel for Personal Injury Claimants in Creditor Matrix in Lieu of Claimants' Addresses and Approving Notice Procedures for Claimants; and

(b)    by publication of Notice of Hearing Seeking Preliminary Injunction, substantially in the form of Exhibit A hereto, which Notice is hereby approved in all respects, to be published once in *The New York Times* and *The  Wall Street Journal (National Edition)*, on or before September 14, 2004; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes; and it is further

ORDERED, the temporary restraining order shall remain in effect pursuant to this Order until September 17, 2004 at midnight (New York Time) and, good cause having been shown, consistent with section 102(1) of the Bankruptcy Code, Bankruptcy Rule 7065 and Fed. R. Civ. P. 65(b), may continue in effect without a hearing until the hearing on Quigley's request for a preliminary injunction, unless a party directly affected by such temporary restraining order moves prior to September 17, 2004 for its dissolution or modification on 2 days' prior written notice to Quigley and its counsel, Pfizer and its counsel, and the United States Trustee, in which

9714110.4

6

case the Court will consider such motion and decide if any hearing is necessary to dispose of such motion, and, if necessary, schedule the time and place for such hearing; and it is further

ORDERED, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel: (212) 756-2000, Fax: (212) 593-5955 (Attention: Michael L. Cook), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel: (212) 504-6000, Fax: (212) 504-6666 (Attention: Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, 33 Whitehall Street, Suite 2100, New York, NY 10004, Tel: (212) 510-0500, Fax: (212) 668-2256, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time); and it is further

ORDERED, that responses, if any, shall be filed and served in accordance with the procedures described above and also shall be served on any objectors, so as to be received on or before September 24, 2004 at 12:00 p.m. (New York time).

Dated:    New York, New York
             September 7, 2004  (at 5p.m.)

/s/ Prudence Carter Beatty
United States Bankruptcy Judge

9714110.4

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | | Chapter 11 |
| QUIGLEY COMPANY, INC., | : | |
| | | Case No. 04-15739 (PCB) |
| Debtor. | : | |

------------------------------------------------------x

| | | |
|---|---|---|
| QUIGLEY COMPANY, INC., | : | Adv. Proc. No. 04-04262 (PCB) |
| | | |
| Plaintiff, | : | |
| | | |
| v. | : | |
| | | |
| A. C. Coleman, THE OTHER PARTIES LISTED ON EXHIBIT A TO THE COMPLAINT, JOHN DOES 1-1000 AND JANE DOES 1-1000, | : | |
| | : | |
| | : | |
| Defendants. | : | |

------------------------------------------------------x

<u>NOTICE OF HEARING SEEKING PRELIMINARY INJUNCTION</u>

PLEASE TAKE NOTICE that on September 3, 2004 (the "Petition Date"), Quigley Company, Inc. ("Quigley") filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtor filed a motion (the "Motion") pursuant to sections 105(a) and 362(a) of the Bankruptcy Code and Rule 65 of the Federal Rules of Civil Procedure for a preliminary injunction staying, restraining and enjoining the commencement or continuation of any and all actions or other proceedings against

Pfizer Inc. ("Pfizer"), which allege personal injury or wrongful death based upon purported exposure to asbestos, silica, mixed dust, talc, or vermiculite, including without limitation, the actions and proceedings listed on Exhibits A and B to the Motion, and staying, restraining and enjoining all parties from taking any action with respect to any property in which Pfizer and Quigley have a legal, equitable, beneficial, contractual or other interest, including, without limitation, any insurance policies or proceeds thereof in which Pfizer and Quigley have a shared interest, and for a temporary restraining order pending a hearing on the Motion for a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that on September 7, 2004, the Bankruptcy Court granted the Motion, in part, and entered a temporary restraining order pending a hearing on Quigley's Motion seeking a preliminary injunction.

PLEASE TAKE FURTHER NOTICE, that a hearing on Quigley's motion for a preliminary injunction shall be held on September 27, 2004 at 10:30a.m., or as soon thereafter as counsel may be heard, before The Honorable Prudence C. Beatty, United States Bankruptcy Judge, in Room 701 of the Alexander Hamilton Custom House, One Bowling Green, New York, New York.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to Quigley's request for a preliminary injunction shall set forth in writing the basis for any such objection and shall be filed with the Court either (a) by filing electronically in accordance with General Order M-182 (N.B. General Order M-182 and the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the United States Bankruptcy Court for the Southern District of New York) by registered users of the Court's electronic filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect or any other Windows-based word processing format, or (b) by

filing a hard copy with the Clerk of the Court, One Bowling Green, New York, NY 10004, and each instance, with a hard copy delivered directly to Chambers and served on: (i) Schulte, Roth & Zabel LLP, 919 Third Avenue, New York, New York 10022, Tel:   (212) 756-2000, Fax: (212) 593-5955 (Attention: Michael Cook, Esq.), attorneys for Quigley, (ii) Cadwalader, Wickersham & Taft LLP, 100 Maiden Lane, New York, New York 10038, Tel:  (212) 504-6000, Fax:  (212) 504-6666 (Attention:  Bruce R. Zirinsky, Esq. and John H. Bae, Esq.), attorneys for Pfizer, and (iii) the Office of the United States Trustee, so as to be received on or before September 22, 2004 at 12:00 p.m. (New York time).  If you fail to respond in accordance with the foregoing procedures, the relief requested may be entered.

Dated:          New York, New York
                September 7, 2004


                                      SCHULTE ROTH & ZABEL LLP
                                      Proposed Attorneys for Quigley Company, Inc.

                                      By: _____
                                      Michael L. Cook (MC 7887)
                                      (A Member of the Firm)
                                      919 Third Avenue
                                      New York, New York 10022