JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 1 2004   ACL

875

Eastern District of Kentucky
FILED   CLERK'S OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**   SEP - 1 2004
**ASHLAND**

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

**CASE NO. 04-cv-118-HRW**

**STEVEN P. ADAMS, et al.,**                                  **PLAINTIFFS,**

**vs.**                                  **ORDER**

**AMERICAN STANDARD, INC., et al.,**                          **DEFENDANTS.**

* * * * * * * *

This matter is before the Court upon the Plaintiffs' Motion to Remand
[Record No. 7], and the Plaintiffs' Declaration [Record No. 8]. The Defendants did
not file Responses to the Plaintiffs' motion. The Court, having reviewed the
record, and being otherwise sufficiently advised, hereby **SUSTAINS** the
Plaintiffs' motion.

The Plaintiffs, Kentucky residents, originally filed suit in Greenup Circuit
Court against the 14 out of state Defendants. The Plaintiffs claim they were
negligently exposed to asbestos by the Defendants, leading to serious and
permanent injury or, in some cases, death. The Plaintiffs allege the Defendants
negligently manufactured products containing asbestos. Finally, the Plaintiffs

MDL- 875                                          1
RECOMMENDED ACTION
VACATE CTO-237 -- 2 ACTIONS
Approved/Date: ___ AD/B  11/1/04

**OFFICIAL FILE COPY**
IMAGED NOV 1 '04

PLEADING NO. 4293

assert the Defendants engaged in a conspiracy to conceal the health risks posed by asbestos. The Plaintiffs seek damages for lost wages, medical expenses, pain and suffering, attorneys fees and costs, and punitive damages.

Pursuant to 28 U.S.C. § 1441, Defendant Pneumo Abex, Inc., filed a Notice of Removal of this action on July 9, 2004, with which all Defendants joined [Record No. 1]. The Defendants deny the Plaintiffs' allegations, but because of their seriousness, believe "the amount in controversy far exceeds the jurisdictional threshold of $75,000.00."

The Notice of Removal in the above-styled action states that subject matter jurisdiction before this Court rests on diversity of citizenship inasmuch as the Plaintiffs are Kentucky citizens, and Defendants are corporations organized and maintaining principal places of business in other states. In order for diversity jurisdiction to be established under 28 U.S.C. § 1332, though, a sufficient amount in controversy, involving claims of greater than $75,000.00, must also be in dispute.

On August 12, 2004, counsel for the Plaintiffs filed a Motion to Remand and Declaration advising the Court that the Plaintiffs stipulate that the damages arising from each of their individual claims is less than $75,000.00. The Plaintiffs agreed to disclaim any amount of judgment received equal to or in excess of

2

$75,000.00.

In <u>Rogers v. Wal-Mart Stores, Inc.</u>, 230 F.3d 868, 872 (6th Cir. 2000), the Sixth Circuit Court of Appeals stated "[b]ecause jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction." The Court of Appeals held "that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Id.* (Emphasis added). However, in <u>Fenger v. Idexx Laboratories, Inc.</u>, 194 F.Supp.2d 601, 604 (E.D. Ky. 2002), Chief Judge Karl Forester determined "<u>Rogers</u> does not hold that post-removal stipulations *prevent* a district court from remanding a case." (Emphasis in original).

In <u>Fenger</u>, Chief Judge Forester addressed the plaintiff's motion to remand to Fayette Circuit Court. The plaintiff was hired as a research veterinarian by the defendant in May 1999. In late July 2001, a vice president for the defendant corporation informed the plaintiff her position was being terminated. On August 31, 2001, counsel for the plaintiff mailed a letter to the defendant's counsel offering to settle the dispute arising from the plaintiff's termination for $56,000.00.

The defendant declined the plaintiff's offer, and the plaintiff filed suit in

3

Fayette Circuit Court on October 26, 2001, alleging breach of contract. The defendant removed the action to Judge Forrester's Court. On November 28, 2001, the plaintiff filed a Motion to Remand, and "an affidavit limiting her damages sought to $54,000." Fenger, at 602. The defendant did not respond to the plaintiff's motion.

In reaching his decision, Judge Forrester relied on Cole v. Great Atlantic & Pacific Tea Company, 728 F.Supp. 1305 (E.D. Ky 1990). In Cole, the plaintiff brought suit in Kentucky state court, claiming unspecified damages for outrageous conduct, defamation, severe emotional pain, loss of enjoyment of life, as well as punitive damages and costs. The defendant removed to Federal court.

"The plaintiff moved to remand, stipulating that damages would not exceed the jurisdictional minimum, and that federal diversity jurisdiction did not exist." Fenger, at 603, citing Cole, at 1307. The District Court granted the plaintiff's motion to remand, rejecting the defendant's argument that the plaintiff's stipulation was a prohibited post-removal claim limitation.

The Cole Court "reasoned that due to the Kentucky rule prohibiting unliquidated damage allegations, the defendant's removal decision, although in good faith, could only have been based on speculation as to the amount requested." Fenger, at 603. "Cole further held that in a situation where the

4

complaint fails to reveal that the plaintiff is seeking an amount sufficient to invoke federal jurisdiction, a defendant wishing to remove to federal court should make further inquiry into the actual amount of damages 'or run the risk or remand when the plaintiff ... provides that information.'" Fenger, at 603, quoting Cole, at 1309.

In the instant case, no unfairness results to the Defendants by remanding this action because the Defendants had opportunities to adduce the amount of the Plaintiffs' damages. Similarly to Fenger, the Defendants "removed this action without filing interrogatories as to the [Plaintiffs'] specific monetary damages claimed, or otherwise investigating the specific monetary amount." Fenger, at 603. Further, the Defendants chose not to respond to the Plaintiffs' Motion to Remand. As in both Fenger and Cole, the Defendants fail to prove that the Plaintiffs' claims are each greater than $75,000.00.

As a result of the Kentucky Rule of Civil Procedure 8.01 prohibiting the Plaintiffs from specifically alleging the amount of damages in the complaint, the Plaintiffs' declaration is the first specific statement of the Plaintiffs' alleged damages in the case. In light of the Plaintiffs' declaration, and their agreement to limit their amounts of recovery, this Court is without subject matter jurisdiction to hear this matter. Consequently, the Court has no choice but to remand this action back to the Greenup Circuit Court, Greenup County, Kentucky.

**ACCORDINGLY, IT IS THEREFORE ORDERED AND ADJUDGED**:

(1) that in light of Plaintiffs' declaration that the amount in controversy in each of their individual cases is less than $75,000.00, this Court is without subject matter to review this matter;

(2) the Court hereby **SUSTAINS** the Plaintiffs' Motion [Record No. 7], and **REMANDS** the matter back to the Greenup Circuit Court, Greenup County, Kentucky; and

(3) that this action is hereby **STRICKEN** from the active docket of this Court.

This 31st day of August, 2004.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Eastern District of Kentucky
NOV - 1 2004
FILED
CLERK'S OFFICE
SEP - 1 2004

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
## ASHLAND

**CASE NO. 04-cv-119-HRW**

**GARY D. CLARK, et al.,**                                      **PLAINTIFFS,**

**vs.**                                    **ORDER**

**AMERICAN STANDARD, INC., et al.,**                        **DEFENDANTS.**

**\* \* \* \* \* \* \* \***

This matter is before the Court upon the Plaintiffs' Motion to Remand [Record No. 7], and the Plaintiffs' Declaration [Record No. 8]. The Defendants did not file Responses to the Plaintiffs' motion. The Court, having reviewed the record, and being otherwise sufficiently advised, hereby **SUSTAINS** the Plaintiffs' motion.

The Plaintiffs, Kentucky residents, originally filed suit in Greenup Circuit Court against the 14 out of state Defendants. The Plaintiffs claim they were negligently exposed to asbestos by the Defendants, leading to serious and permanent injury or, in some cases, death. The Plaintiffs allege the Defendants negligently manufactured products containing asbestos. Finally, the Plaintiffs

1

assert the Defendants engaged in a conspiracy to conceal the health risks posed by asbestos. The Plaintiffs seek damages for lost wages, medical expenses, pain and suffering, attorneys fees and costs, and punitive damages.

Pursuant to 28 U.S.C. § 1441, Defendant Pneumo Abex, Inc., filed a Notice of Removal of this action on July 9, 2004, with which all Defendants joined [Record No. 1]. The Defendants deny the Plaintiffs' allegations, but because of their seriousness, believe "the amount in controversy far exceeds the jurisdictional threshold of $75,000.00."

The Notice of Removal in the above-styled action states that subject matter jurisdiction before this Court rests on diversity of citizenship inasmuch as the Plaintiffs are Kentucky citizens, and Defendants are corporations organized and maintaining principal places of business in other states. In order for diversity jurisdiction to be established under 28 U.S.C. § 1332, though, a sufficient amount in controversy, involving claims of greater than $75,000.00, must also be in dispute.

On August 12, 2004, counsel for the Plaintiffs filed a Motion to Remand and a Declaration advising the Court that the Plaintiffs stipulate that the damages arising from each of their individual claims is less than $75,000.00. The Plaintiffs agreed to disclaim any amount of judgment received equal to or in excess of

2

$75,000.00.

In Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000), the

Sixth Circuit Court of Appeals stated "[b]ecause jurisdiction is determined as of

the time of removal, events occurring after removal that reduce the amount in

controversy do not oust jurisdiction." The Court of Appeals held "that a post-

removal stipulation reducing the amount in controversy to below the jurisdictional

limit does not *require* remand to state court." *Id.* (Emphasis added). However, in

Fenger v. Idexx Laboratories, Inc., 194 F.Supp.2d 601, 604 (E.D. Ky. 2002), Chief

Judge Karl Forester determined "Rogers does not hold that post-removal

stipulations *prevent* a district court from remanding a case." (Emphasis in

original).

In Fenger, Chief Judge Forester addressed the plaintiff's motion to remand

to Fayette Circuit Court. The plaintiff was hired as a research veterinarian by the

defendant in May 1999. In late July 2001, a vice president for the defendant

corporation informed the plaintiff her position was being terminated. On August

31, 2001, counsel for the plaintiff mailed a letter to the defendant's counsel

offering to settle the dispute arising from the plaintiff's termination for

$56,000.00.

The defendant declined the plaintiff's offer, and the plaintiff filed suit in

3

Fayette Circuit Court on October 26, 2001, alleging breach of contract. The defendant removed the action to Judge Forrester's Court. On November 28, 2001, the plaintiff filed a Motion to Remand, and "an affidavit limiting her damages sought to $54,000." Fenger, at 602. The defendant did not respond to the plaintiff's motion.

In reaching his decision, Judge Forrester relied on Cole v. Great Atlantic & Pacific Tea Company, 728 F.Supp. 1305 (E.D. Ky 1990). In Cole, the plaintiff brought suit in Kentucky state court, claiming unspecified damages for outrageous conduct, defamation, severe emotional pain, loss of enjoyment of life, as well as punitive damages and costs. The defendant removed to Federal court.

"The plaintiff moved to remand, stipulating that damages would not exceed the jurisdictional minimum, and that federal diversity jurisdiction did not exist." Fenger, at 603, citing Cole, at 1307. The District Court granted the plaintiff's motion to remand, rejecting the defendant's argument that the plaintiff's stipulation was a prohibited post-removal claim limitation.

The Cole Court "reasoned that due to the Kentucky rule prohibiting unliquidated damage allegations, the defendant's removal decision, although in good faith, could only have been based on speculation as to the amount requested." Fenger, at 603. "Cole further held that in a situation where the

4

complaint fails to reveal that the plaintiff is seeking an amount sufficient to invoke federal jurisdiction, a defendant wishing to remove to federal court should make further inquiry into the actual amount of damages 'or run the risk or remand when the plaintiff ... provides that information.'" Fenger, at 603, quoting Cole, at 1309.

In the instant case, no unfairness results to the Defendants by remanding this action because the Defendants had opportunities to adduce the amount of the Plaintiffs' damages. Similarly to Fenger, the Defendants "removed this action without filing interrogatories as to the [Plaintiffs'] specific monetary damages claimed, or otherwise investigating the specific monetary amount." Fenger, at 603. Further, the Defendants chose not to respond to the Plaintiffs' Motion to Remand. As in both Fenger and Cole, the Defendants fail to prove that the Plaintiffs' claims are each greater than $75,000.00.

As a result of the Kentucky Rule of Civil Procedure 8.01 prohibiting the Plaintiffs from specifically alleging the amount of damages in the complaint, the Plaintiffs' declaration is the first specific statement of the Plaintiffs' alleged damages in the case. In light of the Plaintiffs' declaration, and their agreement to limit their amounts of recovery, this Court is without subject matter jurisdiction to hear this matter. Consequently, the Court has no choice but to remand this action back to the Greenup Circuit Court, Greenup County, Kentucky.

5

**ACCORDINGLY, IT IS THEREFORE ORDERED AND ADJUDGED**:

(1) that in light of Plaintiffs' declaration that the amount in controversy in each of their individual cases is less than $75,000.00, this Court is without subject matter to review this matter;

(2) the Court hereby **SUSTAINS** the Plaintiffs' Motion [Record No. 7] and **REMANDS** the matter back to the Greenup Circuit Court, Greenup County, Kentucky; and

(3) that this action is hereby **STRICKEN** from the active docket of this Court.

This August 31, 2004.



Signed By:
*Henry R Wilhoit Jr.*
**United States District Judge**

6