JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV – 8 2004

FILED
CLERK'S OFFICE

**MDL 875**

PLEADING NO. 4299

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

## MDL DOCKET NO. 875
### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### CONDITIONAL TRANSFER ORDER (CTO-237) FILED OCTOBER 14, 2004.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### MOTION, AND INCORPORATED BRIEF, TO VACATE CTO-237, TRANSFERRING *RALPH JOSEPH LANDRY V. NORTHROP GRUMMAN SHIP SYSTEMS, INC., ET AL., CASE NO. 04-430,* FROM THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA TO THE <u>U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

NOW INTO COURT, comes the plaintiff, Ralph Joseph Landry, who respectfully requests that CTO-237 be vacated for the reasons set forth below.

#### I.

Plaintiff is a living mesothelioma victim and a resident of the State of Louisiana. Pursuant to Louisiana law, he filed suit against his **employer**, Northrop Grumman Ship Systems, Inc., (formerly Avondale Industries, Inc.and referred to herein as "Avondale"), its executive officers and insurers. The case was filed in the Civil District Court for the Parish of Orleans, State of Louisiana.

#### II.

Avondale removed the case to federal court. Plaintiff filed a Motion to Remand because **five** courts had previously concluded that suits brought against Avondale by

RECEIVED
CLERK'S OFFICE

**OFFICIAL FILE COPY**

IMAGED NOV –9 '04

employees were not removable to federal court. The remand motion is set for hearing on **November 10, 2004.** *See* Exh. 1 (copy of motion to remand).

### III.

On October 14, 2004, the Judicial Panel on Multi District Litigation issued Conditional Transfer Order 237 which indicates this matter may be transferred to the Eastern District of Pennsylvania under MDL 875, *In re Asbestos Products Liability Litigation (No. VI)*. On October 20, 2004, Mr. Landry timely filed his Notice of Opposition.

### IV.

Mr. Landry opposes the conditional transfer order for a number of reasons. First, the federal courts clearly lack jurisdiction over the case given the improper removal. A decision on plaintiff's motion to remand should be rendered in the very near future. Consequently, until this threshold jurisdictional issue is resolved, the suit's transfer to the Eastern District of Pennsylvania is premature.

Second, Mr. Landry's suit should remain in Louisiana federal court even if the remand motion is denied. Mr. Landry is a living mesothelioma victim. The transfer of this matter would, in all likelihood, deprive Mr. Landry of his right to trial before he dies, because cases transferred to MDL 875 cannot be tried in the Eastern District of Pennsylvania. A transferred case must be remanded to the transferor case for trial.

Allowing Mr. Landry's case to remain in the Eastern District of Louisiana is consistent with the caselaw and statutory authority. The Court handling MDL 875 can remand an action to the transferor court **before** the conclusion of pretrial proceedings. 28 U.S.C. § 1407 (a) (Emphasis added). In determining whether to remand an action, MDL 875 has used criteria that involve "serious disease or hardship - the oldest cases and the sickest

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

plaintiffs (those with mesothelioma and lung cancer)." *In Re Asbestos Litigation, 7 F. Supp.2d 93 (D. Mass 1998).*

Third, the conditional transfer order should be vacated because this is an unusual case from the national perspective. The target defendant is the plaintiff's **employer**. Louisiana law provides this remedy, while most states immunize employers under workers' compensation statutes. Louisiana courts are more familiar with the unusual legal standards applied in this type of claim, including the law in effect prior to 1976. *See Walls v. American Optical Corp.,* 1998-0455 (La. 9/8/99) 740 So.2d 1262, 1271; *Cole v. Celotex Corp.,* 599 So.2d 1058, 1066 (La. 1992).

Finally, transfer is unnecessary because this case does **not** require extensive pre-trial proceedings. Plaintiff's counsel have handled many mesothelioma cases out of Avondale, and are intimately familiar with this worksite.

WHEREFORE, the plaintiff prays that, after due proceedings, the Conditional Transfer Order 237 issued by the Judicial Panel on Multi District Litigation transferring this matter be vacated and that this matter be allowed to proceed in the United States District Court for the Eastern District of Louisiana. Alternatively, plaintiff requests that the transfer order be stayed until the motion to remand is resolved.

**GERTLER, GERTLER, VINCENT & PLOTKIN, LLP**

LOUIS L. PLOTKIN - LA BAR NO. 21821
MARCIA FINKELSTEIN - LA BAR NO. 5569
127 Carondelet Street
New Orleans, Louisiana 70130
Ph.:   (504) 581-6411
Fax:   (504) 581-6568

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2004

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

I certify that the foregoing pleading has been served on the parties directly involved in this action listed below, parties listed on the attached panel service list and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, by U.S. Mail, postage prepaid, by hand delivery or by fax, this 4ᵗ day of November, 2004.

Brian C. Bossier, Esq.
Blue Williams, LLP
3421 North Causeway Blvd.
Ninth Floor
Metairie, LA 70002-3760
Phone: 831-4091
Fax: 837-1182

Samuel Rosamond, III, Esq.
Crawford Lewis
400 Poydras Street, Suite 2100
New Orleans, LA 70130
Phone: 568-1933
Fax: 568-9699

Wendy K. Lappenga, Esq.
Plauché Maselli Landry & Parkerson
Suite 4240, 201 St. Charles Avenue
New Orleans, LA 70170-4240
Phone: 582-1142
Fax: 582-1172

Gordon Wilson, Esq.
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras St., Suite 2774
New Orleans, LA 70130-6027
Phone: 568-1990
Fax:    310-9195

Alison S. Borison
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200
Phone: 585-3200
Fax: 585-7688

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411



RECEIVED
CLERK'S OFFICE
2004 NOV -5 A 10: 23
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## MDL DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION NOV 8 2004
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

FILED
CLERK'S OFFICE

RE: *RALPH JOSEPH LANDRY V. NORTHROP GRUMMAN SHIP SYSTEMS, INC., ET AL., CASE NO. 04-430 FROM THE EASTERN DISTRICT OF LOUISIANA TO THE EASTERN DISTRICT OF PENNSYLVANIA*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AMENDED PROOF OF SERVICE

I certify that the foregoing pleading has been served on the parties directly involved in this action listed below, and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana, by U.S. Mail, postage prepaid, by hand delivery or by fax, the 4th day of November, 2004. and was subsequently served upon the persons listed on the attached Panel Service list this 8th day of November, 2004.

MARCIA FINKELSTEIN

Brian C. Bossier, Esq.
Blue Williams, LLP
3421 North Causeway Blvd., 9th Fl.
Metairie, LA 70002-3760
Phone: 831-4091
Fax: 837-1182

Samuel Rosamond, III, Esq.
Crawford Lewis
400 Poydras Street, Suite 2100
New Orleans, LA 70130
Phone: 568-1933
Fax: 568-9699

Wendy K. Lappenga, Esq.
Plauché Maselli Landry & Parkerson
Suite 4240, 201 St. Charles Avenue
New Orleans, LA 70170-4240
Phone: 582-1142
Fax: 582-1172

Gordon Wilson, Esq.
Lugenbuhl Wheaton Peck Rankin & Hubbard
601 Poydras St., Suite 2774
New Orleans, LA 70130-6027
Phone: 568-1990
Fax: 310-9195

Alison S. Borison
Montgomery Barnett
3200 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3200
Phone: 585-3200
Fax: 585-7688

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-125 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2004 NOV -8 P 3:08

RECEIVED
CLERK'S OFFICE

# PANEL SERVICE LIST (Excerpted from CTO-237)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Mary F. DeLancey, et al. v. Chicago Insurance Co.,* E.D. Louisiana, C.A. No. 2:04-2355
*Ralph Joseph Landry v. Northrop Grumman Ship Systems, Inc., et al.,*
E.D. Louisiana, C.A. No. 2:04-2574

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Brian C. Bossier
Blue Williams, LLP
3421 N. Causeway Boulevard
9th Floor
Metairie, LA 70002

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000, The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ben L. Mayeaux
Laborde & Neuner
P.O. Drawer 52828
1001 W. Pinhook Road
Suite 200
Lafayette, LA 70505

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Andrew L. Plauche, Jr.
Plauche, Maselli, Landry &
Parkerson, LLP
201 St. Charles Avenue
Suite 4240
New Orleans, LA 70170-4240

Louis L. Plotkin
Gertler, Gertler, Vincent & Plotkin
Gertler Building, 3rd Floor
127 Carondelet Street
New Orleans, LA 70130

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli,
L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street
Suite 2775
New Orleans, LA 70130

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RECEIVED NOV - 8 2004
U.S. DISTRICT COURT
EAST DISTRICT OF LA
FILED
CLERK'S OFFICE

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RALPH JOSEPH LANDRY** | * | **CIVIL ACTION NO. 04-2574** |
| | * | |
| **VERSUS** | * | **SECTION "C"** |
| | * | |
| **NORTHROP GRUMMAN SHIP SYSTEMS, INC.** *et al.* | * | **MAG. SECTION 4** |
| | * | |

\*    \*    \*    \*    \*    \*    \*

## MOTION TO REMAND AND FOR AN AWARD OF FEES AND COSTS

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Ralph Landry, who respectfully moves the Court to remand this case to the Civil District Court for the Parish of Orleans pursuant to 28 U.S.C. §1447(c). Removal was clearly improper under the federal officer removal statute, and plaintiff requests an award of fees and costs. The reasons for granting the motion are more fully set forth in the accompanying memorandum.

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

**EXHIBIT**

tabbies®

1

Respectfully submitted,

**GERTLER, GERTLER, VINCENT &**
**PLOTKIN, L.L.P.**

M.H. GERTLER, #6036
LOUIS L. PLOTKIN, #21821
MARCIA FINKELSTEIN, #5569
127 Carondelet Street
New Orleans, LA  70130
Ph.: (504) 581-6411
Fax: (504) 581-6568
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to all counsel of record by U.S. mail, properly addressed and postage prepaid this 13th day of October, 2004.

MARCIA FINKELSTEIN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RALPH JOSEPH LANDRY     *     CIVIL ACTION NO. 04-2574

VERSUS     *     SECTION "C"

NORTHROP GRUMMAN SHIP     *     MAG. SECTION 4
SYSTEMS, INC. *et al.*
    *

\*   \*   \*   \*   \*   \*   \*

## MEMORANDUM IN SUPPORT OF MOTION TO REMAND
## AND FOR AN AWARD OF FEES AND COSTS

Plaintiff, Ralph Landry, respectfully submits this memorandum in support of his motion to remand and for an award of fees and costs.

## INTRODUCTION

Avondale's removal of this case, based on the federal officer removal statute, was clearly improper. On at least five prior occasions, courts have rejected Avondale's invocation of the federal officer removal statute and remanded the cases to state court. Accordingly, plaintiff's motion to remand should be granted due to a lack of subject matter jurisdiction, and Mr. Landry awarded fees and costs pursuant to §1447(c).

## FACTUAL AND PROCEDURAL BACKGROUND

Ralph Landry has been diagnosed with mesothelioma, a fatal form of cancer caused by exposure to asbestos. Mr. Landry is 55 years old and struggles with this painful disease every day.

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411



EXHIBIT

1

Mr. Landry worked at Avondale Shipyards from March 1972 through March 1974 as an electrician in the Fire Control Department. He was substantially exposed to asbestos while working on six U.S. Navy Destroyer Escort vessels. Mr. Landry's exposure to asbestos at Avondale caused his mesothelioma.

In August 2004, Mr. Landry filed suit in Civil District Court against Northrop Grumman Ship Systems, Inc., formerly known as Avondale Industries, Inc., its executive officers/safety officers, Peter Territo and Albert Bossier, and their insurers (collectively "Avondale").[1] He alleged Avondale violated state law by failing to provide him with a safe place to work and failing to warn him about the dangers of asbestos.

On September 13, 2004, Avondale removed the case based on the federal officer removal statute, 28 U.S.C. §1442(a)(1). Notice of Removal at ¶4 & 14.

## LAW AND ARGUMENT

Avondale has the burden of showing the propriety of removal.[2] Any ambiguities are to be construed against removal,[3] as the removal statute is strictly interpreted in favor of remand.[4] For the reasons discussed below, Avondale's invocation of the federal officer removal statute should be rejected and the case remanded to state court for lack of jurisdiction.

---

[1]Mr. Landry also sued Eagle, Inc. and Reilly-Benton Co., Inc. These companies supplied the asbestos containing materials to Avondale.

[2]*See Jernigan v. Ashland Oil, Inc.*, 989 F. 2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S. Ct. 192, 126 L. Ed. 2d 150 (1993); *Willy v. Coastal Corp.*, 855 F. 2d 1160, 1164 (5th Cir. 1988).

[3]*Butler v. Polk*, 592 F. 2d 1293, 1296 (5th Cir. 1979).

[4]*York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

2

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

## THE TEST FOR DETERMINING WHETHER A PARTY
## MAY RELY ON THE FEDERAL OFFICER REMOVAL STATUTE.

In *Winters v. Diamond Shamrock Chemical Co.,*[5] the Fifth Circuit set forth a three-part test for determining whether a party may invoke the federal officer removal statute. The court first considered whether the defendants were "persons" within the meaning of the federal officer removal statute. Second, the Fifth Circuit evaluated whether "the defendants acted pursuant to a federal officer's directions," and whether there was "a causal nexus" between the defendants' actions and the plaintiff's claims.[6] The third factor considered by the Fifth Circuit was whether the defendants had a "colorable federal defense."

This test has been applied to Avondale in cases it has removed to federal court. Time after time, the courts have remanded the cases because Avondale failed to satisfy the test for invoking the federal officer removal statute.

## APPLICABLE CASE LAW

### I.      CASES OUT OF THE EASTERN DISTRICT OF LOUISIANA.

A number of courts have rejected Avondale's attempt to remove cases based on the federal officer removal statute. Their reasoning is persuasive and should be adopted here.

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

---

[5] 149 F.3d 387 (5th Cir. 1998).

[6] *Id.* at 398.

3

### A.    Gauthe v. Asbestos Corporation

#### 1.

In *Gauthe v. Asbestos Corp.*,[7] the court remanded the case which had been removed by Avondale under the federal officer removal statute.  The facts are remarkably similar to those presented here.

Mr. Gauthe died from an asbestos-related disease.  Mr. Gauthe had been exposed to asbestos at Avondale.  After Mr. Gauthe's death, his widow and children sued Avondale, its executive officers (including Peter Territo) and their insurers.  The plaintiffs asserted a failure-to-warn claim, alleging that Avondale had not warned Mr. Gauthe about the dangers of asbestos.[8]

Avondale removed the case under the federal officer removal statute.  Avondale alleged it was acting under the authority of an officer of the United States government because of the government's alleged supervision of the construction of naval vessels.[9]

#### 2.

The court rejected Avondale's arguments and remanded the case.  The court found no causal nexus between Avondale's work for the Navy and the plaintiffs' failure-to-warn claim.  Judge Duval explained:

> This case against Avondale centers on their failure to warn...There is no evidence that the Government restricted or prohibited Avondale's ability to notify individuals of the presence of asbestos in the work environment.  Assuming that

---

[7]1997 WL 3255 (E.D. La).

[8]1997 WL 3255 at * 1.

[9]*Id.*

4

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

Avondale built ships under the direct supervision of the federal government, nothing about that supervision prevented Avondale from warning Mr. Gauthe about the dangers. **Thus, there is no causal connection between the injury alleged by Mr. Gauthe with respect to Avondale's failure to warn and Avondale working on behalf of the federal government.**[10]

The court, in addition, found the federal officer removal statute did not apply because Avondale had not established a colorable federal defense. The court rejected Avondale's claim that the Longshore Harbor Workers' Compensation Act ("LHWCA") immunized it from liability. Plaintiffs had the right to proceed under Louisiana law **or** the LHWCA, and they chose to sue the Avondale interests under state law.[11] Moreover, Avondale could not rely on the government-contractor defense in a failure-to-warn case.[12] Despite this ruling, Avondale relies on the **same** defenses here. *See* Notice of Removal at ¶14.

### B.   Mouton v. Flexitallic

In *Mouton v. Flexitallic, Inc.*,[13] various plaintiffs sued Avondale, and its executive officers, for their failure to warn about the dangers of asbestos and their failure to provide a safe workplace. Avondale removed the case, claiming it was acting under the authority of the Navy and the Federal Maritime Commission in constructing Navy vessels.[14]

---

[10]1997 WL 3255 at * 2. Judge Duval also rejected Avondale's suggestion that its misconduct should be excused because Avondale had met its contractual obligations to the Navy. Judge Duval found this argument to be "simply meritless." *Id.*

[11]*Id.* at 3.

[12]*Id.* at 4.

[13]1999 WL 225438 (E.D. La.).

[14]1999 WL 225438 at * 1.

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

5

The court disagreed and remanded the case for two reasons.  First, there was no causal nexus between Avondale's work for the Navy and plaintiffs' failure-to-warn claims. Judge Porteous stated:

> Although Avondale arguably "acted under" the Navy's direction when working by detailed instructions to build the destroyers, the specifications under the contract specified technical parameters, and only had more general references to safety regulations.  The federal government provided no direction on warnings when using asbestos, and further did not prevent Avondale from taking its own safety precautions above the minimum standards incorporated in the federal contracts.  **Thus, the Court finds that Avondale has failed to establish a causal connection between the Navy's direction pursuant to the design contracts and the plaintiff's failure to warn claims.**[15]

Second, the court rejected Avondale's colorable federal defense.  Avondale had maintained (as in *Gauthe*) that the LHWCA provided Avondale with a defense to plaintiffs' claims.[16]

### C.   Other Cases From the Eastern District of Louisiana.

Other cases from the Eastern District make clear Avondale cannot invoke the federal officer removal statute.  In *Bourgeois v. A.P. Green Indus., Inc.*, 96-3764 (E.D. La. 1996), for example, Judge Fallon remanded a case removed by Avondale under the federal officer removal statute.  Exh. A (excerpt of transcript).  Avondale was not under the control of federal officers with regard to safety procedures, and Avondale could not assert the LWHCA as a viable federal defense.

---

[15] 1999 WL 225438 at * 2. (emphasis added).

[16] *Id.* at 3.

6

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

In *Porche v. Flexitallic, Inc.*,[17] Avondale again tried to remove a state court suit based on the federal officer removal statute.  The court, while not directly addressing the removal issue, cited with approval a California case, *Overly v. Raybestos-Manhattan*,[18] which concluded that Avondale could not invoke the federal officer removal statute.[19]  The *Overly* case is discussed in the next section.

## II.   CASES FROM OTHER JURISDICTIONS.

### A.   Overly v. Raybestos-Manhattan

The *Overly* decision is on all fours with the present case and, thus, particularly persuasive on the removal issue.

In *Overly*, the same factual scenario recurs— the plaintiff was exposed to asbestos at Avondale's shipyard and subsequently developed mesothelioma.  He sued Avondale for its failure to warn him of this hazard.[20]  The court concluded that remand was appropriate because there was no causal nexus between Avondale's work with the Navy and the plaintiff's failure-to-warn claim:

> "[A]lthough Avondale has established it was under substantial control by the government regarding the installation of certain products containing asbestos, it has not done so with regard to the warning of individuals of the presence of asbestos on the job site...
>
> Defendant has produced abundant evidence attesting to the regulations imposed by the federal government on the

---

[17]1996 WL 603919 (E.D. La).

[18]1996 WL 532150 (N.D. Cal. Sept. 12, 1996).

[19]1996 WL 603919 at * 2.

[20]1996 WL 532150 at * 1.

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA  70130
(504) 581-6411

> manufacture and design of ships built by Avondale for the
> U.S. Navy.  However, **none of these guidelines addresses**
> **Avondale's responsibility to warn its employees of their**
> **exposure to products containing asbestos.    The**
> **government in no way restricted Avondale's ability to**
> **notify individuals of the presence of asbestos in the work**
> **environment. Thus, there is no causal connection between**
> **the control exercised by the United States over Avondale**
> **and the legal theory under which plaintiffs seek to hold**
> **Avondale liable**.  Consequently, Avondale has no basis on
> which to assert application of the Federal Officer Removal
> Statute, and the case must be remanded to state court.[21]

Remand, moreover, was appropriate because Avondale lacked a colorable federal

defense.  Avondale could not rely on the government-contractor defense in a failure to warn

case.

### B.    Westbrook v. Asbestos Defendants

In *Westbrook v. Asbestos Defendants*,[22] the plaintiff, diagnosed with an asbestosis,

sued Todd Shipyard claiming it had failed to warn him of the dangers of asbestos.  Todd

removed the suit under the federal officer removal statute.  The district court remanded,

stating:

> ...[T]he cause of action plaintiffs bring, based on premises
> owner/contractor liability, does not turn simply on Todd's use
> of asbestos.  Rather **the claim appears to turn on a failure**
> **to warn about the dangers of asbestos and the negligent**
> **exercise of retained control.  The defense: "The Navy**
> **made me do it," does not apply to either basis of liability.**
> **Todd has shown that the Navy required Todd to use**
> **asbestos insulation.  But Todd has not shown that the**
> **Navy required it to refrain from issuing warnings.  Absent**

---

[21]1996 WL 532150 at *2- 3. (emphasis added).

[22]2001 WL 902642 (N.D. Cal.).

8

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127/129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

such a showing, Todd has no colorable military contractor defense to a failure to warn claim.[23]

## THIS CASE SHOULD BE REMANDED BECAUSE AVONDALE CANNOT INVOKE THE FEDERAL OFFICER REMOVAL STATUTE.

Avondale was not entitled to remove this matter under the federal officer removal statute, making remand appropriate.

### I.

As in the cases discussed above, there is no causal nexus between the work done by Avondale for the Navy and plaintiff's failure-to-warn claim. Simply put, Avondale cannot blame the Navy for its failure to warn Mr. Landry of the presence of asbestos and of the extreme dangers associated with asbestos exposure. To the extent necessary, plaintiff represents he is only proceeding under a failure-to-warn theory in establishing that Avondale failed to provide a safe work place.

Further illustrating the lack of a causal nexus in this case is that the Navy did not control or direct Avondale's safety practices.[24] Judge Fallon reached this conclusion in *Bourgeois*. Exh. A. Moreover, Mr. Landry submits an affidavit which makes clear that Navy personnel had no responsibility for his safety at Avondale and did nothing to warn him about the dangers of asbestos exposure. Exh. B. Mr. Landry looked to Avondale to provide him with a safe place in which to work.

---

[23]2001 WL 902642 at *2 (emphasis added).

[24]In addition, Avondale has not established that the Navy required it to use asbestos on the ships. Typically, the Navy approved a list of various products, and it was up to the contractor (Avondale) to select the specific product to be used on the ship.

9

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

## II.

The federal officer removal statute does not apply because Avondale has not alleged colorable federal defenses.  Here, Avondale relies on the LHWCA and the governmental-contractor defense as potential defenses.  Notice of Removal at ¶14.  The courts, however, have repeatedly rejected these defenses as untenable.

### THE CASES CITED BY AVONDALE ARE INAPPLICABLE.

Avondale primarily relies on three decisions to support its removal in this case.  Notice of Removal at ¶14.  None of the cases are applicable.

### I.

In *Lalonde v. Delta Field Erection*,[25] the widow of an employee of DSM Polymer, who had died of silicosis, sued DSM for its failure to warn Mr. Lalonde of the dangers of silica.  DSM removed the case under the federal officer removal statute, and the court refused to remand the matter.

*Lalonde* is factually distinguishable from this case.   Unlike Avondale, DSM "operated a federal government-owned facility, **exclusively** for the government, under the oversight and ultimate control of the officers of the federal government."[26]  The government, moreover, specifically controlled safety matters.[27]  Given the overwhelming federal interests in the case, the court reasoned removal was proper to avoid state court interference with

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

---

[25]1998 WL 34301466 (M.D. La.).

[26]Id. at 4 (emphasis added).

[27]*Id.*

10

federal functions.[28]   Such facts are not present here, as Avondale is a privately-owned shipyard that contracts with private and public interests.

## II.

The other two cases cited by Avondale, *Delancy v. General Electric* and *Fink v. Todd Shipyards*,[29] are easily distinguishable.   They involved an allegedly defective product (GE's turbine).   The federal government had specifically instructed GE to use asbestos in the turbine.   Thus, the turbine's defective condition (its use of asbestos) was the direct result of the government's instructions.   A causal nexus, therefore, was established between the government's actions and the plaintiffs' injuries.

Here, however, Mr. Landry is suing Avondale (his employer) for its failure to warn him of the dangers of asbestos.   No design defect or manufacturing claim is being asserted. No causal nexus has been established because the Navy had nothing to do with Avondale's failure to warn Mr. Landry of the dangers of asbestos.   This case presents the same set of facts as *Gauthe* and the other remanded cases.

### PUBLIC POLICY FAVORS REMAND.

Remand is proper here because a broad interpretation of §1442(a) would run afoul of federalism concerns.   One court has explained:

> From the standpoint of federalism, the mere assertion of a nebulous procurement interest cannot, without further specification, be a basis for removal. Otherwise, any state suit against a manufacturer whose product has at one time been diverted and adapted for military use .... would potentially be subject to removal, seriously undercutting the power of the state courts to

---

[28]*Id.* at 5

[29]unpublished and attached to the defendants' Notice of Removal.

11

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

hear and decide basic tort law. Such a result is incompatible with the respect owed to state courts under our federal system.[30]

Federalism concerns are particularly acute in asbestos cases, as thousands of such claims are pending in state court.

## CONCLUSION

The case should be remanded under §1447(c) due to a lack of jurisdiction. Avondale has not satisfied the criteria necessary to invoke the federal officer removal statute. Given that these issues were resolved long ago, plaintiffs respectfully request a fee and cost award of $2,625. *See* Exh. C (Affidavit required by Local Rule).

Respectfully submitted,

**GERTLER, GERTLER, VINCENT &**
**PLOTKIN, A.L.P.**

M.H. GERTLER, #6036
LOUIS L. PLOTKIN, #21821
MARCIA FINKELSTEIN #5569
127 Carondelet Street
New Orleans, LA 70130
Ph.: (504) 581-6411
Fax: (504) 581-6568
ATTORNEYS FOR PLAINTIFF

---

[30]*Ryan v. Dow Chem. Co.,* 781 F. Supp. 934, 951 (E.D.N.Y. 1992).

12

GERTLER, GERTLER, VINCENT & PLOTKIN, LLP.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

## **CERTIFICATE OF SERVICE**

I certify that the foregoing pleading has been sent to all parties in this litigation by mail, postage prepaid, by fax or by hand delivery, this _13th_ day of October, 2004.

_____

MARCIA FINKELSTEIN

GERTLER, GERTLER, VINCENT & PLOTKIN, L.L.P.
127-129 CARONDELET STREET
NEW ORLEANS, LOUISIANA 70130
(504) 581-6411

13