

**DOCKET NO. 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 0 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## MOTION TO VACATE

COME NOW, Plaintiffs in *John Fisher v. American Optical Corp., et al.* MSS 1 04-666, *Ronald Adams v. Alco Industries, Inc., et al.*, MSS 1 04-730, and *Faye E. Hamilton, etc. v. Allen-Bradley Co., et al.*, MSS 1 04-732, by and through counsel, and file this their Motion to Vacate Conditional Transfer Order (CTO-190), and in support hereof would should unto the Panel the following facts, to-wit:

1. Notice of Removal was filed by the Defendants in *John Fisher v. American Optical Corp., et al.* on or about August 23, 2004.

2. Notices of Removal were filed by the Defendants in *Ronald Adams v. Alco Industries, et al.* and *Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.* on or about September 21, 2004.

3. A Motion to Remand was filed by the Plaintiff in *John Fisher v. American Optical Corp., et al.* on August 27, 2004, a copy of which is attached hereto as Exhibit "A".

4. Motions to Remand were filed by the Plaintiffs in *Ronald Adams v. Alco Industries, et al.* and *Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.* on October 20, 2004, copies of which are attached hereto as Exhibits "B" and "C".

PLEADING NO. 4302

RECEIVED
CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
NOV 10 A 10: 25

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 0 2004

FILED
CLERK'S OFFICE

5.   Said Motions to Remand fully set forth Plaintiffs' arguments that no federal

jurisdiction exists and Defendants' removal of said cases was improper.

WHEREFORE, plaintiffs move the Court to Vacate the Conditional Transfer Order

(CTO-190).

RESPECTFULLY SUBMITTED:

_____
STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, ESQ.
F. MARVIN MORRIS, ESQ.
CHARLES G. BLACKWELL, ESQ.
SARA MORRIS FARRIS, ESQ.
STACEY LEA SIMS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone:  (601) 544-3343
Facsimile:  (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiffs' Motion to Vacate to all counsel on the attached service list.

This the _____9th_____ day of November, 2004.

_____
STACEY LEA SIMS, MSBN. 10544

RECEIVED
CLERK'S OFFICE

2004 NOV 10  A 10: 25

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*John Fisher v. American Optical Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-666
*Ronald Adams v. Alco Industries, Inc., et al.*, S.D. Mississippi, C.A. No. 1:04-730
*Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.*, S.D. Mississippi, C.A. No. 1:04-732

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236-4167

David A. Baker
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Monte L. Barton
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS 39158

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Jason Daniel Bone
Gieger, Laborde & Laperouse
One Shell Square
701 Poydras Street
Suite 4800
New Orleans, LA 70139-4800

Fred E. Bourn, III
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Mark C. Carroll
Baker, Donelson, Bearman, Caldwell
& Berkowitz
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

T. Hunt Cole, Jr.
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205-0220

Louis F. Coleman
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

William Robert Coleman, Jr.
Scott, Sullivan, Streetman & Fox, PC
P.O. Box 13847
Jackson, MS 39236-3847

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Sharon G. Crowley
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Lyn B. Dodson
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Charles M. Evert
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Sara M. Farris
Morris & Sakalarios
610 West Pine St.
Hattiesburg, MS 39401

James L. Fletcher, Jr.
Montgomery, Barnett, Brown, Read
3200 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-3200

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Keith L. Gates
Abbott, Simses, Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Cheri T. Gatlin
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
Hattiesburg, MS 39403-0750

Robert V. Greenlee
Bryant, Clark, Dukes, Blakeslee,
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

James Gordon House, III
Atchison, Crosby, Saad & Beebe
P.O. Drawer 850249
Mobile, AL 36685

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Kacey L. Keeton
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Bridget E. King
Wise, Carter, Child & Caraway
P.O. Box 651
Jackson, MS 39205-0651

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Louis B. Lanoux
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Patrick C. Malouf
Porter & Malouf
P.O. Box 12768
Jackson, MS 39236

Christopher O. Massenburg
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Shannon S. McFarland
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Edward W. Mizell
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John M. Radicia
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533

Mary Margaret Ratliff
Forman Perry Watkins Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Simine Bazyari Reed
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

William C. Reeves
Smith, Reeves & Yarborough
6360 I-55 North
Suite 330
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Heather L. Saum
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rhea Hudson Sheldon
Abbott, Simses, Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Stacey L. Sims
Morris, Sakalarios & Blackwell
1817 Hardy Street
Hattiesburg, MS 39401

Mark R. Smith
Holcomb Dunbar, P.A.
P.O. Drawer 707
Oxford, MS 38655-0707

Frances L. Spinelli
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568-1407

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Joseph J. Valencino, III
340 Arbor Drive, Apt. 2244
Ridgeland, MS 39151

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

William L. Watt
Brunini, Grantham, Grower & Hewes, Pllc
P. O. Drawer 210
Pascagoula, MS 39568

Alton L. Watts
Shell Buford, Pllc
P.O. Box 157
Jackson, MS 39205-0157

Michael N. Watts
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Terrell S. Williamson
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225-3066



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
BILOXI DIVISION

JOHN FISHER, ET AL.                                    PLAINTIFFS

VS.                                  CIVIL ACTION NO. 1:04CV666GRO

AMERICAN OPTICAL CORPORATION, ET AL.                   DEFENDANTS

### PLAINTIFFS' EMERGENCY MOTION TO REMAND
### TO STATE COURT UNDER RULE 7.2(G) AND 7.2.(H)
### OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

COMES NOW the Plaintiff, John Fisher, by and through counsel, and files this his

Emergency Motion to Remand to State Court Under Rule 7.2(G) and 7.2(H) of the Uniform District

Court Rules of Mississippi, and in support thereof would show unto the Court as follows:

1.    This Motion to Remand is filed timely pursuant to 28 U.S.C.(a) §1447( c).

2.    The Plaintiff, John Fisher has been diagnosed with mesothelioma.  He is in the last

stages of the disease. (*See* Exhibit "1", Letter from treating physician)

3.    The Plaintiff, John Fisher, was originally filed in the *Mulford Pittman, et al. v. Minnesota*

*Mining and Manufacturing Company, et al.* on June 6, 2002, in Smith County, Mississippi.  The

Complaint names various Mississippi and Louisiana resident Defendants based on Plaintiff's

exposure to asbestos-containing products designed, manufactured, sold, supplied, and/or distributed

by the Defendants as a result of his asbestos exposure in Louisiana and in Vicksburg, Warren

County, Mississippi.

4.    Plaintiff's case was severed and transferred to the Warren County Circuit Clerk's

office on July 7, 2004.  Mr. Fisher has worked since 1970 at International Paper in Vicksburg, in

Warren County, Mississippi.



COPY

5.      While the case was pending in Smith County Circuit Court the Plaintiff filed a Motion for Expedited Trial Setting on September 19, 2003. Defendant 3M filed a Response opposing Plaintiff's Motion for Expedited Trial Setting. The Plaintiffs in their Motion for Expedited Trial Setting set forth that John Fisher suffered from malignant mesothelioma and probably did not have very long to live. The Defendants have known since September 2003 that John Fisher suffered from malignant mesothelioma.

6.      For the last year, while the Plaintiff was a Plaintiff in the *Mulford Pittman* case, his claim was subject to a Special Master in Smith County. On August 11, 2004, the Plaintiff filed a Motion for Expedited Trial Setting in Warren County Circuit Court, where the case has been transferred.

7.      Mr. Fisher's condition has deteriorated significantly over the last year since Plaintiffs initially asked for an expedited trial in this matter.

8.      This case was fraudulently removed by the Defendants on August 23, 2004. This case should be remanded because the removal is frivolous and untimely. The *United States Code* §1446(b) requires a notice of removal to be filed within thirty (30) days, "after receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than one (1) year after commencement of the action." 28 U.S.C. § 1446(b). This case has been in **State Court** over two years.

9.      This case should be remanded because complete diversity does not exist. Louisiana corporations were sued and served in this case. (*See* Exhibit "2" - Information obtained from the Louisiana Secretary of State, Commerical/Corporations Division)

2

10.     This case should be remanded because all Defendants did not join in the Notice of Removal. All Defendants in the action must express consent in a timely fashion or the removal is defective. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990).

11.     This case should be remanded because the Defendants bear the burden of proof that this Court has jurisdiction at the time of the removal and have failed to meet that burden. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

12.     3M's removal is simply a delay tactic to avoid trial and is the continued use of the federal courts as a mass dumping ground. 3M has removed the majority of cases in which they are involved.

13.     Plaintiff respectfully requests that the Court allow the Plaintiff to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447(c). Plaintiff requests leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious. Even the Notice of Removal, within its four corners, indicates a possibility of recover against the in-state sellers. In addition, Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against 3M because the Notice of Removal is frivolous and totally without merit. In support of this Motion, Plaintiff relies on the pleadings, attached exhibit, and the memorandum in support of motion to remand.

14.     In accordance with Rules 7.2(G) and 7.2(H), this matter should be given priority with an immediate hearing as it relates to urgent and necessitous matters, and any delay will result in prejudice to the Plaintiff. Because of the severity of Plaintiff's malignant mesothelioma diagnosis

and the thought that Plaintiff will not live much longer with this asbestos-related disease, the

Plaintiff requests such a hearing as soon as counsel may be heard.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff requests an oral hearing on this

urgent and necessitous matter, and/or a remand of this case to the Circuit Court of Warren County,

Mississippi, and requests a discretionary award of costs and attorneys fees pursuant to 28 U.S.C.

§1447( c).

DATED this the 27th day of August, 2004.

Respectfully submitted,


By:     _____
        TIMOTHY W. PORTER
        Attorney for Plaintiff


Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
Kimberly A. Courtney, MSB No. 100799
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone:     (601) 957-1173
Facsimile:     (601) 957-7366

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that this day a true and correct copy of

the foregoing document has been mailed, postage pre-paid to all counsel of record.

This, the 27th day of August, 2004.

_____

TIMOTHY W. PORTER

# MISSION
# PRIMARY CARE CLINIC

1901 Mission 66 • Vicksburg, Mississippi 39180 • (601) 636-1050

Lee Giffin, M.D.
Calvin Masterson, D. O.
Hildon H. Sessums, Jr., M.D.

Susan A. Chiarito, M. D.

John Fisher

To Whom it may Concern,

Mr Fisher has mesothelioma. He has
had chemotherapy for this but now
is in the terminal stages.

L Giffin

8/31/04



**EXHIBIT**

*Quality Healthcare Is Our Mission In Life.*

Louisiana Secretary of State--Unofficial Business Name Search Results                Page 1 of 1

## Louisiana Secretary of State
## Unofficial Business Name Search Results
### (Active Records Shown in Bold)

GULF BELTING & GASKET CO., INC. , Business Corporation

GULF BELTING & GASKET CO., L.L.C., Limited Liability Company

**GULF BENEFIT CONSULTANTS, INC.,** Business Corporation

**GULF-BEST ELECTRIC, INC. ,** Business Corporation

GULF BIO-ACT, INC. , Business Corporation

GULF BIOCHEMICALS, INC. , Business Corporation

GULF BLUE, INC. , Business Corporation

**GULF BLUEWATER ASSOCIATES, L.L.C. ,** Limited Liability Company

GULF BOAT MARINE SERVICES, INC. , Business Corporation (Non-Louisiana)

**GULF BOAT MARINE SERVICES, INC. ,** Business Corporation

Previous 10 | Next 10 | New Search | Index



EXHIBIT
"2"

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 28814730D

Name: GULF BELTING & GASKET CO., INC.

Merger Information: MERGED INTO GULF BELTING & GASKET CO., L.L.C., DOMICILED AT
METAIRIE, LOUISIANA ON DECEMBER 30, 2003 WITH AN
EFFECTIVE DATE OF DECEMBER 29, 2003 AT 12:01 A.M.

Type Entity: Business Corporation

Status: Not Active (Voluntary action)

Domicile Address: 113 EAST 23RD AVENUE, COVINGTON, LA 70433

Incorporated: 12/01/1969

Registered Agent (Appointed 4/11/2003): ERNEST E. BARROW, III, ESQ., 113 EAST 23RD AVENUE, COVINGTON,
LA 70433

Secretary/Treasurer: KAY W. BOURGEOIS

President: THEODORE J. BOURGEOIS

Amendments on File
MERGER (12/30/2003)
DOMICLE, AGENT CHG OR RESIGN OF AGT (04/11/2003)

New Search | Index

**Louisiana Secretary of State**
**Unofficial Detail Record**

Charter/Organization ID: 35618792K

Name: GULF BELTING & GASKET CO., L.L.C.

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 4612 JEANNETTE DRIVE, METAIRIE, LA 70003

Organized: 12/30/2003

Registered Agent (Appointed 12/30/2003): A. ALBERT AJUBITA, 1100 POYDRAS STREET, STE. 1500, NEW ORLEANS, LA 70163-1500

Member: KAY WILLOZ BOURGEOIS

Amendments on File
MERGER (12/30/2003)

New Search | Index

**Louisiana Secretary of State**
**Unofficial Business Name Search Results**
**(Active Records Shown in Bold)**

**WEAKS ENTERPRISES, INC.** , Business Corporation

WEAKS SUPPLY COMPANY, LIMITED , Previous Name of WEAKS ENTERPRISES, INC.

WEAKS SUPPLY COMPANY, INC. OF MISSISSIPPI , Business Corporation (Non-Louisiana)

**WEALD PROPERTIES L.L.C.** , Limited Liability Company

**WEALI, L.L.C.** , Limited Liability Company

THE WEALTH, INC. , Business Corporation

WEALTH, INC. , Business Corporation

**WEALTH ADVISORS, LLC** , Limited Liability Company

**WEALTH ADVISORS, INC. - SHREVEPORT, LOUISIANA** , Business Corporation

**WEALTH ADVISORY GROUP, L.L.C.** , Limited Liability Company

Previous 10 | Next 10 | New Search | Index

## Louisiana Secretary of State
### Unofficial Detail Record

Charter/Organization ID: 05800510D

Name: WEAKS ENTERPRISES, INC.

Prior Name: WEAKS SUPPLY COMPANY, LIMITED (11/08/1988)

Type Entity: Business Corporation

Status: Active

Annual Report Status: Not In Good Standing for failure to file current Annual Report

Domicile Address: 808 N. 31ST ST., STE. D, MONROE, LA 71201

Incorporated: 01/16/1909

Registered Agent (Appointed 0/00/0000): HENRY H. WEAKS, 2705 BRAMBLE DRIVE, MONROE, LA 71201

President: HENRY H. WEAKS

Vice President: GEORGE G. WEAKS, III

Amendments on File
AMENDMENT (11/06/1989)
NAME CHANGE (11/08/1988)
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED

New Search | Index

# Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 05800510D

Name: WEAKS ENTERPRISES, INC.

Prior Name: WEAKS SUPPLY COMPANY, LIMITED (11/08/1988)

Type Entity: Business Corporation

Status: Active

Annual Report Status: Not In Good Standing for failure to file current Annual Report

Domicile Address: 808 N. 31ST ST., STE. D, MONROE, LA 71201

Incorporated: 01/16/1909

Registered Agent (Appointed 0/00/0000): HENRY H. WEAKS, 2705 BRAMBLE DRIVE, MONROE, LA 71201

President: HENRY H. WEAKS

Vice President: GEORGE G. WEAKS, III

Amendments on File
AMENDMENT (11/06/1989)
NAME CHANGE (11/08/1988)
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED

New Search | Index

### Louisiana Secretary of State
### Unofficial Business Name Search Results
### (Active Records Shown in Bold)

**JOHN H. CARTER CO., INC.**, Business Corporation

JOHN H. ENGLISH & ASSOCIATES, INC., Business Corporation

JOHN H. FINNAN, INC., Business Corporation

**JOHN H. FINNAN, M.D., L.L.C.**, Limited Liability Company

**JOHN H. HARLAND, COMPANY**, Business Corporation (Non-Louisiana)

JOHN H. MCMILLAN, INC., Business Corporation

**JOHN H. MCNEIL & ASSOCIATES L.L.C.**, Limited Liability Company

**JOHN H. MOFFATT, JR. AND PEGGY E. WALSH, A PROFESSIONAL**, Business Corporation

**JOHN H. PERE, INC.**, Business Corporation

**JOHN H. REESE, INC.**, Business Corporation

Previous 10 | Next 10 | New Search | Index

Louisiana Secretary of State--Selected Business Detailed Data                    Page 1 of 1

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 23801640D

Name: JOHN H. CARTER CO., INC.

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 2728 N. ARNOULT RD., METAIRIE, LA 70002

Incorporated: 04/11/1957

Registered Agent (Appointed 6/11/1993): HOWARD EDWIN NOBLES, JR., 2728 N. ARNOULT RD., METAIRIE, LA 70002

President: DANIEL B. HEARD

Secretary/Treasurer: RONALD P. ALEMAN

Exec Vice President: HOWARD G. MAESTRI

Amendments on File
AMENDMENT (08/24/2001)
AMENDMENT (12/01/2000)
DISCLOSURE OF OWNERSHIP (07/13/2000)
AMENDMENT (09/07/1999)
DOMICLE, AGENT CHG OR RESIGN OF AGT (06/11/1993)
AMENDMENT (08/06/1981)
RESTATED ARTICLES (07/31/1980)
AMENDMENT (08/16/1977)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/30/1971)

New Search | Index

## Louisiana Secretary of State
## Unofficial Business Name Search Results
### (Active Records Shown in Bold)

**ANCO INSULATIONS, INC.**, Business Corporation

ANCO INSULATIONS OF NEW ORLEANS, INC. , Business Corporation

ANCO LEASE COLLECTION SERVICE, INC. , Business Corporation (Non-Louisiana)

ANCO OF LOUISIANA, INC. , Business Corporation

ANCO MANUFACTURING & SUPPLY COMPANY , Business Corporation (Non-Louisiana)

ANCO MARINE, INC. , Business Corporation

ANCO NEWS COMPANY, INC. , Business Corporation (Non-Louisiana)

ANCO WINDOW CORPORATION , Business Corporation (Non-Louisiana)

ANCO WINDOW COMPANY OF SHREVEPORT INCORPORATED , Previous Name of LOVE ALUMINUM PRODUCTS INC.

ANCOMA, INC. , Previous Name of CINNAMON TREE, INC.

Previous 10 | Next 10 | New Search | Index

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### BILOXI DIVISION

JOHN FISHER, ET AL.                                              **PLAINTIFFS**

**VS.**                                          **CIVIL ACTION NO. 1:04CV666GRO**

AMERICAN OPTICAL CORPORATION, ET AL.                    **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM AND BRIEF IN SUPPORT OF HIS EMERGENCY MOTION TO REMAND TO STATE COURT UNDER RULE 7.2(G) AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

#### Introduction

Defendant, Minnesota Mining and Manufacturing Company ("3M") attempts again to delay proceedings in this action by removing this matter to the federal court system. This is an obvious attempt to halt the moving forward of an expedited trial setting of this matter by means possible. Accordingly, Plaintiff asks Your Honor to remand this case back to state court for further proceedings.

#### Motion to Remand is Timely Filed

1.      This Motion to Remand is filed timely pursuant to 28 U.S.C.(a) §1447( c). The *United States Code* requires that a motion to remand on any defect, other than a subject matter jurisdiction defect, be filed within thirty (30) days after the filing of the notice of removal. The Defendants, 3M, filed their Notice of Removal on August 23, 2004. The Plaintiff in this matter has until September 22, 2004, to file this Motion to Remand. Therefore Plaintiff's Motion to Remand is timely filed.

**EXHIBIT A-2**

**COPY**

## 3M's Notice of Removal is Not Timely Filed

2.      This case was removed by the Defendants on August 23, 2004. This case should be remanded because the removal is untimely. The *United States Code* §1446(b) requires a notice of removal to be filed within thirty (30) days, "after receipt by Defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by Section 1332 of this title more than one (1) year after commencement of the action." 28 U.S.C. § 1446(b).

3.      This matter was removed more than thirty (30) days from the Order Severing and Transferring the Claim of John Fisher from Smith County to Warren County, which was executed by the Circuit Court Judge July 6, 2004, and filed with the Smith County Circuit Clerk's office July 7, 2004. (*See* Order Severing and Transferring attached as Exhibit "1.") In addition, this matter was removed well after more than one (1) year of the commencement of the action, which was June 6, 2002. Therefore, removal of this matter is time barred. The Plaintiffs included in their original Complaint both diverse Defendants and non-diverse Defendants at the time of the filing. (*See* full Complaint attached as an Exhibit to Defendant, 3M's, Notice of Removal, list of named Defendants to the Complaint attached hereto as Exhibit "2.", or Information obtained from the Louisiana Secretary of State, Commerical/Corporations Division attached hereto as Exhibit "3".) The Defendant, 3M, has known of the inclusion of the Mississippi and Louisiana Defendants' existence since the date of the filing of the Complaint.

4.      Defendants identify the February 12, 2004, Amended Complaint and the July 7, 2004, Order severing and transferring Plaintiff, John Fisher's, claims as their "new paper" for which they base their grounds for removal. Even though Plaintiff, John Fisher's, claims were severed and

2

transferred from Smith County Circuit Court to Warren County Circuit Court, all named

Defendants remained the same. In addition to the fact that the removal based on the Amended

Complaint and Order is time barred, the Defendants have not identified any new paper by which

they can contend is proper grounds for removal. Accordingly, this matter should be remanded to

state court for further proceedings as it was not timely removed.

### Removal Must be Made with All Defendants Acting Collectively

5.        Additionally, this case should be remanded because all Defendants did not join in the

Notice of Removal. Defendant, 3M, removed this matter to the federal court independently of all

other Defendants in this matter. All Defendants in the action must express consent in a timely

fashion or the removal is defective. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir.

1990). The Fifth Circuit Court in *Kerwood* held, "if there is only one Defendant then that Defendant

may remove the case; however, if there is more than one Defendant then the Defendant must act

collectively to remove the case." *Doe v. Kerwood, D.O.*, 969 F.2d 165, 167 (5th Cir. 1992). This action

was not taken in conjunction with any other Defendants, but only on 3M's own initiative. All

Defendants have not joined in 3M's Notice of Removal as required and therefore this matter should

be remanded to state court for further action.

### 3M Bears the Burden of Establishing This Court has Jurisdiction

6.        In their Notice of Removal, Defendant, 3M, states that they are a Delaware

corporation with its principal place of business in Minnesota. Plaintiff is currently a resident of

Louisiana. 3M goes on to incorrectly claim that all other Defendants in this action are residents of

states other than Louisiana and that complete diversity exists between Plaintiff and Defendants.

This could not be further from the truth. Diversity of citizenship in this matter is completely

defeated as there is a Louisiana resident Plaintiff and numerous named Louisiana Defendants.

3

Named Louisiana Defendants include: Anco Insulations, Inc., John H. Carter Co., Inc., and Weaks
Enterprises, Inc. *(See* attached as Exhibit "2" the named Defendants in Plaintiff's Complaint.)

     7.     The statute that is relevant to this matter is 28 U.S.C. §1332(a)(1) which gives federal
courts jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of
$10,000. . . and is between . . .citizens of different states." *Owen Equipment and Erection Co. v. Kroger,*
437 U.S. 365, 373-74, 98 S.Ct. 2396, 2402-03, 57 L.Ed.2d 274 (1978). "This statute and its
predecessors have consistently been held to require complete diversity of citizenship. That is,
diversity jurisdiction does not exist unless each Defendant is a citizen of a different State from each
Plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring
diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the
original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates
a congressional mandate that diversity jurisdiction is not to be available when any Plaintiff is a
citizen of the same State as any Defendant." *Id.*

     "It is well settled for purposes of diversity jurisdiction a corporation is a citizen of the state
in which it has been incorporated and also in the state where it has its principal place of business. 28
U.S.C. §1332( c). It is equally settled that 'complete diversity' must exist for the court to retain
jurisdiction of this cause. The concept of complete diversity requires that all persons on one side of
the controversy be citizens of different states than all persons on the other side." *Harrison v. Prather,*
404 F.2d 267, 272 (5th Cir. 1968). In the current matter, the Plaintiff and numerous Defendants are
all from the same state, thus defeating complete diversity.

     8.     Defendant, 3M, has not proven that this Court has jurisdiction over this matter.
Diversity of citizenship is not satisfied. It has been overcome. This case should be remanded
because the Defendants bear the burden of proof that this Court has jurisdiction at the time of the

removal and have failed to meet that burden. *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).

## Conclusion

9.　　3M continues to delay state court proceedings in this matter by frivolously removing this case to federal court. The use of this Court in this manner does nothing more than waste the resources of this Court.

10.　　Plaintiff should be allowed to recover costs, expenses, and reasonable attorney's fees as allowed by 28 U.S.C. §1447( c). Plaintiff should also be allowed leave to file an affidavit concerning attorney's fees and expenses at or near the time of hearing when the decision is to be made regarding remand of this case. This Court should retain jurisdiction as to the matter of costs, expenses, and attorney's fees because that question is proper in the federal forum, rather than the state forum. Costs should be awarded to the Plaintiff as the inability to legitimately apply the removal statute to this case was obvious. In addition, Plaintiff moves, pursuant to Rule 11 of the *Federal Rules of Civil Procedure*, for sanctions against 3M because the Notice of Removal is frivolous and totally without merit. In support of this Memorandum, Plaintiff relies on the pleadings and exhibits attached to Defendant, 3M's, Notice of Removal referenced herein and to the exhibits attached hereto.

11.　　This matter should be given priority with an immediate hearing as it relates to urgent and necessitous matters, and any delay will result in prejudice to the Plaintiff in accordance with Rules 7.2(G) and 7.2(H). Plaintiff's malignant mesothelioma diagnosis is severe and will most likely result in death of the Plaintiff in the very near future. Therefore, a hearing on this matter should be scheduled as counsel may be heard.

This case should therefore be remanded for further proceedings to the Circuit Court of

Warren County, Mississippi.

DATED this the 27th day of August, 2004.

Respectfully submitted,

By:    _____
       TIMOTHY W. PORTER
       Attorney for Plaintiff

Of Counsel:

Timothy W. Porter, MSB No. 9687
Patrick C. Malouf, MSB No. 9702
PORTER & MALOUF, P.A.
Post Office Box 12768
Jackson, Mississippi 39236-2768
Telephone:    (601) 957-1173
Facsimile:    (601) 957-7366

## CERTIFICATE OF SERVICE

The undersigned counsel for Plaintiff hereby certifies that this day a true and correct copy of

the foregoing document has been mailed, postage pre-paid to all counsel of record.

This, the 27th day of August, 2004.

_____
TIMOTHY W. PORTER

6

656

**IN THE CIRCUIT COURT OF SMITH COUNTY, MISSISSIPPI**

MULFORD PITTMAN, ET AL.                                    **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 2002-2-CV1
                                          2002-197
A-BEX CORPORATION, ET AL.                                 **DEFENDANTS**

### ORDER SEVERING AND TRANSFERRING
### THE CLAIM OF PLAINTIFF JOHN F. FISHER

THIS DAY this Cause came before the Court on the *Ore Tenus* Motion of the Plaintiff, John F. Fisher,

to Sever and Transfer his Claim, and the Court having been advised that the Defendants do not object, finds that

the Plaintiff's Motion is well taken and should be granted.

IT IS THEREFORE ORDERED that the Claim of Plaintiff, John F. Fisher, should be severed from the

claims of the remaining plaintiffs in the above action.

IT IS FURTHER ORDERED that upon severance, the claim of Plaintiff, John F. Fisher, should be

transferred to Warren County, Mississippi.

SO ORDERED THIS the 6 day of July, 2004.

_____
CIRCUIT COURT JUDGE
ROBERT EVANS

PREPARED BY:

_____
STACEY LEA SIMS, MS BAR NO. 10544
OF COUNSEL FOR THE PLAINTIFF, JOHN FISHER
MORRIS, SAKALARIOS & BLACKWELL, PLLC
201 HARDY STREET
HATTIESBURG, MS 39401
(601) 544-3343

**FILED**

JUL - 7 2004

SMITH COUNTY CIRCUIT COURT

RECEIVED

JUL 2 0 2004

FYI to:

7/07/04 48

EXHIBIT
1

## EXHIBIT "B"

1. Defendant American Optical Corporation, is a Delaware corporation and may be served with process and summons by serving its agent at 14 Mechanic Street, Southbridge, Massachusetts 01550.

2. Defendant The Bendix Corporation, is a Delaware corporation and may be served with process and summons at its principal place of business by serving Ronald A. Sinaikin, 101 Columbia Rd., Morriston, New Jersey 07962.

3. The Defendant, Owens-Illinois, Inc., is a foreign corporation who may be served with process through its Agent/Officer, One Seagate, Toledo, Ohio 43604.

4. Defendant Pneumo Abex Corporation, is a foreign corporation and may be served with process and summons by serving its agent Albert D. Indelicato, 2400 Palmer Avenue, Kalamazoo, MI 49001.

5. Defendant Amchem Products, Inc., is a foreign corporation and may be served with process and summons by serving its agent at 118 N. Congress Street, Jackson, Mississippi 39205.

6. Defendant Pharmacia, is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

7. Defendant Weyerhauser, is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

8. Defendant Fibermark, Inc., Individually and as Sucessor in Interest to Latex Fiber Industries, Inc., is a foreign corporation and may be served with process and summons by serving its agent, Alex K. Weden, 161 Wellington Road, Brattleboro, Vermont 05382.

9. Defendant Goulds Pump Trading Co., is a foreign corporation and may be served with process and summons by serving its agent President Louis Guiliano, 4 West Red Oak Lane, White Plains, New York 10604.

10. The Defendant, Watts Industries, Inc., Individually and as Successor in Interest to Ames CO., Inc., and Muesco, is a foreign corporation who may be served with process through its President, Mr. Timothy P. Horne, 815 Chestnut Street, North Andover, MA 01845-6098.

11. Defendant Crane Co., is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

12. Defendant Certainteed Corp. is a Delaware corporation and may be served with process and summons by serving its agent at Post Office Box 860, Valley Forge, Pennsylvania 19482.

13. Defendant Crossfield Products, Inc., is a California corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

14. Defendant Dana Corporation is a Virginia corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

15. Defendant Foster Wheeler Corporation is a New York corporation and may be served with process and summons by serving its agent at United States Corporation Co., 506 South President Street, Jackson, Mississippi 39205, or, 14th Floor, 666 Fifth Avenue, New York, New York 10103.

EXHIBIT

"2"

16. Defendant Komp Equipment Co., Inc., is a Mississippi corporation and may be served with process and summons by serving its agent, George B. Komp, III, at 319 East Pine Street, Hattiesburg, Mississippi 39401.

17. Defendant Laurel Machinery and Foundry Company is a Mississippi corporation and may be served with process and summons by serving its agent, P. E. Mulloy, 810 Front Street, Laurel, Mississippi 39440.

18. Defendant Maremont Corporation is a Delaware corporation and may be served with process and summons by serving its agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 39702.

19. Defendant Metropolitan Life Insurance Company is a New York corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

20. Defendant Minnesota Mining & Manufacturing Company is a Delaware corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

21. Defendant Mississippi Rubber & Specialty Company is a Mississippi corporation and may be served with process and summons by serving its agent Greg Herbert at 715 East McDowell Road, Jackson, Mississippi 39201.

22. Defendant National Service Industries, Inc., is a Delaware corporation and may be served with process and summons by serving its agent at 506 S. President Street, Jackson, Mississippi 39201.

23. Defendant Pfizer, Inc., individually and as successor in interest to Quigley Co., Inc., is a Delaware corporation and may be served with process and summons by serving its agent at C. T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

24. Defendant Quigley Company, Inc., is a New York corporation and may be served with process and summons by serving its agent at 235 East 42nd Street, New York, New York 10017.

25. Defendant Union Carbide Chemicals and Plastics Company, Inc., f/k/a Union Carbide Corporation, is a New York corporation and may be served with process and summons by serving its agent at 39 Old Ridgebury Road, Danbury, Connecticut 06817-0001.

26. Defendant Uniroyal Fiber & Textile Division of Uniroyal, Inc., a division of Uniroyal, Inc., is a New Jersey corporation and may be served with process and summons by serving its agent at Uniroyal Holdings, Inc., 70 Great Hill Road, Naugatuck, Connecticut 06770.

27. Defendant American Standard, Inc., is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

28. Defendant Garlock, Inc., is an Ohio corporation whose principal place of business is c/o Coltec Ind., Inc., and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

29. Defendant Alliedsignal, Inc., successor in interest to Bendix Foundation Brake Corp. is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

30. Defendant Ammco Tools, Inc., is a foreign corporation and may be served with process and summons by serving its agent Vincent E. Piacenti, President, 1601 J. P. Hennessy Drive, La Vergne, Tennessee 37086.

31. Defendant Cooper Industries, Inc. is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

32. Defendant CSK Auto Corporation, as successor in interest to Grand Auto Supply, may be served with process and summons by serving its headquarters at 645 E. Missouri Ave., Ste. 400, Phoenix, Arizona 85012.

33. Defendant Ford Motor Company is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

34. Defendant General Motors Corporation is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

35. Defendant General Electric Company is a New York corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

36. Defendant Laurel Truck Parts & Supply, Inc., is a Mississippi corporation and may be served with process and summons by serving its agent Ronald E. Slayton, 1381 Ellisville Blvd., Laurel, Mississippi 39440.

37. Defendant Lear Corporation, f/k/a Lear Seigler, Inc., is a foreign corporation and may be served with process and summons by serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

38. Defendant NAPA Auto Parts, Inc. is a Mississippi corporation and may be served with process and summons by serving its agent Richard Bulimore, 5767 Iroquois, Walls, Mississippi 38680.

39. Defendant NAPA Auto Parts of Prentiss, Inc. is a Mississippi corporation and may be served with process and summons by serving its agent at Charles Jennings, 1608 Simpson Hwy. 149, Mendenhall, Mississippi 39114-3420.

40. Defendant Quality Auto Parts of Biloxi, Inc. is a Mississippi corporation and may be served with process and summons by serving its agent at Emile G. Wiltz, 224 Porter Ave., Biloxi, Mississippi 39530.

41. Defendant Tiger Parts, Inc. is a Mississippi corporation and may be served with process and summons by serving its agent at Donald Redden, 745 Hwy. 49 South, Richland, Mississippi 39218.

42. Defendant Walls Auto and Tractor Partes, Inc., f/k/a NAPA Auto Parts, Inc. is a Mississippi corporation and may be served with process and summons by serving its agent Richard Bulimore, 5767 Iroquois, Walls, Mississippi 38680.

43. Defendant John Deere Company, is a Delaware corporation and may be served with process and summons by serving its agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

44. Defendant Navistar International Transportation Corporation, a Delaware corporation, successor of International Harvester Corporation and may be served with process and summons by serving its agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

45. Defendant Bush Hog, L.L.C., a Delaware corporation and may be served with process and summons by serving its agent at National Registered Agents, Inc., 9 East Loockerman Street, Suite 1-B, Dover, Delaware 19901.

46. The Defendant, A. O. Smith, is a foreign corporation who may be served with process through its Registered Agent, Prentice Hall Corporation Systems, Inc. 1013 Centre Road, Wilmington, DE 19805.

47. The Defendant, A. R. Wilfley & Sons, Inc., f/k/a A. R. Wilfley and Sons, Inc., is a foreign corporation who may be served with process through its Registered Agent, Stoffel Jerome, 7350 E Progress PL Ste 200, Englewood, Colorado 80111.

48. The Defendant, A. W. Chesterton, is a foreign corporation, who may be served with process through its President, Route 33, Middlesex Industrial Park, Stoneham, Massachusetts 02182.

49. The Defendant, FKI Industries, Inc. d/b/a ACCO Chain & Lifting Products Div. , f/k/a American Chain Company, Inc., is a foreign corporation who may be served with process through its agent CT Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103.

50. The Defendant, ACF Industries, Incorporated, f/k/a The American Car and Foundry Company, is a foreign corporation who may be served with process through its Agent CSC Lawyers Inc. Service Co., 221 Bolivar, Jefferson City, MO 65101.

51. The Defendant, APV Homogenizer, Inc., a/k/a APV North America Inc., Individually and as Successor to APV Gaulin, Inc., and Gaulin Corporation, f/k/a Manton-Gaulin Manufacturing Co., is a foreign corporation, who may be served with process through its Agent, CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110.

52. The Defendant, Aerofin Corporation on behalf of Buffalo Forge Company, is a foreign corporation who may be served with process through its Agent/Officer, Louis Berkman, 4621 Murray Place, Lynchburg, VA 24506.

53. The Defendant, Albany International Corp., Individually and as Successor in Interest to Albany Felt Company, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

54. The Defendant, Alfa Laval Flow/Tri-Clover Inc./Alfa Laval Inc., is a foreign corporation who may be served with process through its President, Post Office Box 1413, Kenosha, WI 53141-1413.

55. The Defendant, Allegheny-York Co., is a foreign corporation, who may be served with process through its President, Post Office Box 3327-T York, Pennsylvania 17402.

56. The Defendant, Allen-Bradley Co., is a foreign corporation, who may be served with process through its President, 1201 S. 2nd Street, Milwaukee, Wisconsin 53204.

57. The Defendant, American Cyanamid Co., is a foreign corporation, who may be served with process through its Registered Agent, US Corp., Trenton, New Jersey 08628.

58. The Defendant, American Precision Industries, Inc., Individually and as Successor in Interest to Basco, Inc., is a foreign corporation, who may be served with process through its agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

59. The Defendant Cooper Alloy Corporation f/k/a The Cooper Alloy Foundry Co. may be served with process through its Agent/officer 201 Sweetland Ave. Hillside, New Jersey 07205.

60. The Defendant, American-Marsh Pumps, Inc., is a foreign corporation, who may be served with process through its agent, John M. Johnson, 2870 Stacy Lane, Clarksville, Tennessee 37043-4215.

61. The Defendant, Ameron International Corporation, is a foreign corporation, who may be served with process through its President, James S. Marlen, 245 S. Los Robles Avenue, Pasadena, California 91101-2894.

62. The Defendant, Ames Company, Inc., is a foreign corporation, whose address for service of process is currently unknown.

63. The Defendant, Ametek, Inc., Individually and as Successor in Interest to Lamb Electric Motor Co. and Haveg Industries, Inc., Hercules Powder Company, Inc., Schutte & Koerting and The Whitlock Co., a foreign corporation, who may be served with process through its President, Frank S. Hermance, 37 North Valley Road, Building 4 - Post Office Box 1764, Paoli, Pennsylvania 19301.

64. The Defendant, Anchor/Darling Valve Company, individually and on behalf of Muesco, is a foreign corporation, who may be served with process through its Agent/Officer, John J. Chappell, 701 First Street, Williamsport, Pennsylvania 17701.

65. The Defendant Anchor Packing Company, is a foreign corporation, who may be served with process through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

66. The Defendant, Anco Insulations, Inc., is a foreign corporation, who may be served with process through its Registered Agent, Thomas E. Balhoff, 8440 Jefferson Highway, Suite 301, Baton Rouge, Louisiana 70809-7652.

67. The Defendant, Anderson Greenwood, is a foreign corporation, who may be served with process through its President, Greg Hyland, 3950 Greenbriar, Stafford, Texas 77477.

68. The Defendant, Anderson Greenwood/Crosby, and also d/b/a Crosby Valve, Inc. is a foreign corporation, who may be served with process through its Vice President, Edward Neale, 43 Kendrick Street, Wrentham, Massachusetts 02093-0308.

69. The Defendant, Andritz, Inc., on behalf of Andritz Sprout-Bauer, Inc., and C.E. Bauer Digester, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

70. The Defendant, Aqua-Chem, Inc., is a foreign corporation, who may be served with process through its Registered Agent, C. T. Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

71. The Defendant Alco Industries, Inc. as a successor to Hays Manufacturing, Haysite Reinforced Plastics, Alco Standard, Synthane-Taylor Corporation (of Valley Forge, PA), Synthane Corporation, Taylor Corporation, is a foreign corporation who may be served with its President George E. Smith, Betzwood Industrial Park, Route 363, Post Office Box 937, Valley Forge, Pennsylvania 19481-0937.

72. The Defendant, Armstrong International, Inc., d/b/a Armstrong Machine Works, is a foreign corporation, who may be served with process through its President, 816 Maple Street, 3 Rivers, MI 49093.

73. The Defendant, ArvinMeritor, Inc., is a foreign corporation, who may be served with process through its CEO, Mr. Larry D. Yost, 2135 W. Maple Road, Troy, MI 48084.

74. The Defendant, ASCO Power Technologies, is a foreign corporation who may be served with process through its President, A.J. Visioli, 50 Hanover Road, Florhan Park, New Jersey 07932.

75. The Defendant, ASCO Valve, is a foreign corporation, who may be served with process through its President, 50 Hanover Road, Florhan Park, New Jersey 07932.

76. The Defendant, Ashland Chemical, Individually and as Successor in Interest to Catalin Corp. of America, is a foreign corporation who may be served with process through its President, Paul W. Chellgren, 50 E. River Center Boulevard, Covington, Kentucky 41012-0391.

77. The Defendant, Ashland Oil, Inc., Mississippi business ID 614772, f/k/a Ashland, Inc., is a foreign corporation, who may be served with process through its Registered Agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

78. The Defendant, Ashland Inc., formerly known as Ashland Oil, Inc., and Ashland Oil & Refining Company, Individually and as Successor in Interest to Catalin Corp. of America, is a foreign corporation, who may be served with process through its President, Steven F. Leer, City Place 1, Suite 300, St. Louis, MO 63141.

79. The Defendant, Asten-Johnson, Inc., Individually and as Successor in Interest to Asten, Inc., Asten Group, Inc., and Asten-Hill Manufacturing, Inc., is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, 506 S. President St, Jackson, Mississippi 39201.

80. The Defendant, Atlas Copco Compressors, Inc., is a foreign corporation, who may be served with process through its Registered Agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

81. The Defendant, Aurora Pumps, is a foreign corporation, who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, North Carolina 28277.

82. The Defendant, Goodrich Corporation f/k/a B.F. Goodrich, Individually and as Successor in Interest to Delevan, is a foreign corporation, who may be served with process through its Registered Agent, C.T. Corporation Systems, 225 Hillsborough Street, Raleigh, North Carolina 27603.

83. The Defendant, Baker Hughes, Incorporated, is a foreign corporation who may be served with process in care of Michael E. Wiley, 3900 Essex Lane, Suite 1200, Houston, Texas 77027-5177.

84. The Defendant, Baldor Electric Company, is a foreign corporation who may be served with process through its President, 5711 R.S. Boreham, Jr. Street, Post Office Box 2400, Fort Smith, AR 72901.

85. The Defendant, Beazer East, Inc., Individually and as Successor in Interest to Koppers Company, a/k/a Beazer Materials and Services, Inc., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

86. The Defendant, B-I-F, is a foreign corporation, who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, North Carolina 28277.

87. The Defendant, Borden, Inc., as Successor in Interest to Borden Co., Chemical Division, is a foreign corporation, who may be served with process through its Registered Agent, Prentice-Hall Corporation System, 1700 Amsouth Plaza, Post Office Box 22567, Jackson, Mississippi 39201.

88. The Defendant, Bridgestone Firestone, Inc., is a foreign corporation, who may be served with process through its President, 50 Century Boulevard, Nashville, Tennessee 37214.

89. The Defendant, Budd Company, is a foreign corporation, who may be served with process through its President, Richard J. Urso, 3155 Big Beaver Road, Post Office Box 2601, Troy, MI 48007-2601.

90. The Defendant, Burns International Service Corporation f/k/a Borg-Warner Corporation, Individually and as Successor in Interest to Marbon Chemical Co. and Byron Jackson Pump Co., is a foreign corporation, who may be served with process through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

91. The Defendant, BW/IP International, Inc., f/k/a BorgWarner Industrial Product, Successor to Byron Jackson Pump Co., is a foreign corporation who may be served with process through its officer, John Nanos, 222 W Colinas Blvd., Ste 1500, Irving, Texas 75039.

92. The Defendant, CNA Holdings, Inc., is a foreign corporation, who may be served with process through is Registered Agent, C.T. Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

93. The Defendant, Cadillac Plastic Group, Inc., on behalf of Dayco Corporation and Cadillac Plastics Company, is a foreign corporation, who may be served with process through its Agent/Officer G.M. Buchen, 2855 Coolidge Highway, Suite 300, Troy, MI 48084.

94. The Defendant, Carver Pump Co., is a foreign corporation, who may be served with process through its President, 2415 Park Avenue, Muscatine, IA 52761-5691.

95. The Defendant Tyco International, LTD, is a foreign corporation who may be served with process through its CEO Edward Breen, Jr., at One Tyco Park, Exeter, New Hampshire 03833.

96. The Defendant, Central Mining Finance Limited, is a foreign corporation, who may be served with process through its President, 7 Hobart Place, London SW1W OHH England.

97. The Defendant Tyco International (U.S.), Inc., is a foreign corporation who may be served with process through its agent C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232

98. The Defendant, Champlain Cable, is a foreign corporation who may be served with process through its officer/agent at 175 Hercules Drive, Colchester, Vermont 05446.

99. The Defendant Chevron Texaco Corporation, is a foreign corporation, who may be served with process through its Agent/Officer, Mr. David J. O'Reilly, 575 Market Street, San Francisco, California 94105.

100. The Defendant, Circor International, Inc., Individually and as Successor in Interest to Leslie Controls, Leslie Co., Leslie Valve Co., and Keiley & Mueller, Inc., is a foreign corporation who may be served with process through its President, Mr. David A. Bloss, Sr., 35 Corporate Drive, Burlington, MA 01803.

101. The Defendant, Clark-Reliance Corporation, for and on behalf of itself and as Successor in Interest to V.D. Anderson Co., Reliance Gauge Column Co., Clark Mfg. Co., and Jacoby-Tarbox Corp., Jerguson Gauge and Valve Company, is a foreign corporation who may be served with process through its President, Mr. Dennis L. Pesek, 16633 Foltz Industrial Parkway, Strongsville, Ohio 44136.

102. The Defendant, Collins and Aikmann Corporation, successor in interest to Wicks Boiler Co., is a foreign corporation who may be served with process through its Agent/Officer, 250 Stephens Highway, Troy, MI 48083.

103. The Defendant, Collins Packing Co., Inc., is a foreign corporation, whose address for service of process is unknown.

104. The Defendant, Cooper Industries, Inc., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

105. The Defendant, Cooper Turbo Compressor, is a foreign corporation who may be served with process through its President, 3101 Broadway, Buffalo, New York 14225-0209.

106. The Defendant, Copes Vulcan, Inc., is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, North Carolina 28277.

107. The Defendant, Crompton Corporation, Individually and as Successor in Interest to The Richardson Company, Whitco Corporation, Whitco Chemical Corporation, Wishnick-Tumpeer Company, and Wishnick-Tumpeer, Inc., is a foreign corporation, who may be served with process through its CEO, Mr. Vincent A. Calarco, One American Lane, Greenwich, CT 06831.

108. The Defendant, Crouse-Hinds Co., a Division of Cooper Industries, is a foreign corporation who may be served with process through its President, H. John Riley, Jr., Wolf & Seventh N. St., Syracuse, NY 13221.

109. The Defendant, Curtiss-Wright Flow Control, Individually and as Successor to Target Rock Corp., is a foreign corporation, who may be served with process through its CEO, 966 E. Broadhollow Road, East Farmingdale, NY 11735.

110. The Defendant, Cytec Fiberite, Inc., Individually and as Successor in Interest to Fiberite Corp., is a foreign corporation who may be served with process through its President, 501 W. Third Street, Winona, MN 55987-2854.

111. The Defendant, Cytec Industries, Inc., Individually and as Successor in Interest to Fiberite Corp., and Glaskyd Corp, is a foreign corporation who may be served with process through its President, Mr. David Lilley, 5 Garret Mountain Plaza, West Paterson, NJ 07424.

112. The Defendant, Danaher Controls, is a foreign corporation, who may be served with process through its President, 1675 Delany Road, Gurnee, IL 60031-1282.

8

113. The Defendant, Danaher Corporation, Individually and as Successor in Interest to Delevan Corp., API Delevan, Inc., Basco., Inc., and API Basco, Inc., is a foreign corporation who may be served with process through its President, George Sherman and /or Jim Bengel, 1250 25th Street NW Ste 800, Washington, DC 20037.

114. The Defendant, Delavan Gas Turbine Products, is a foreign corporation, who may be served with process through its President, James R. Baker, Post Office Box 65100, West Des Moines, Iowa 50265.

115. The Defendant, Delevan Process Instrumentation, is a foreign corporation, who may be served with process through its officer, Ken Luczaj, 5911 Butterfield Drive, Hillsdale, Illinois 60162.

116. The Defendant, Detroit Stoker, a Division of United Industrial Corporation, is a foreign corporation who may be served with process through its President, 1510 East First Street - Post Office Box 732, Monroe, MI 48161.

117. The Defendant, Dezurik, Individually and as Successor in Interest to Copes Vulcan, Inc., is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, NC 28277.

118. The Defendant, Dorr-Oliver, Inc., is a foreign corporation, who may be served with process through its CEO, 612 Wheelers Farm Road, Milford, CT 06460.

119. The Defendant, Dover Corporation, Individually and as Successor in Interest to OPW Division and Blackmer Pump Company, is a foreign corporation who may be served with process through its President, Mr. William G. Walter, 280 Park Avenue, New York, NY 10017-1292.

120. The Defendant, Durabla Mfg. Company, is a foreign corporation who may be served with process through its President, 2572 Industry Lane, Norristown, PA 19403.

121. The Defendant, Durametallic Corp., a/k/a Flowserve Corporation-Fluid Sealing Division, is a foreign corporation who may be served with process through its officer/agent 222 W. Las Colinas Boulevard, Ste 1500, Irving, TX 75039.

122. The Defendant, Dwyer Instruments, Inc. / Mercoid Division, Individually and as Successor in Interest to Mercoid and Federal Gauge Co., a foreign corporation, who may be served with process through its President, Steve Clark, Post Office Box 258, Michigan City, Indiana 46361.

123. The Defendant, E.I. duPont de Nemours and Co., is a foreign corporation who may be served with process through its CEO, Charles O. Holliday, Jr., 1007 Market Street, Wilmington, DE 19898.

124. The Defendant, Eastman Chemical Company, individually and on behalf of Eastman Chemical Products Inc., is a foreign corporation who may be served with process through its agent Corporation Service Company, 506 S President St., Jackson, MS 39201-5301.

125. The Defendant, Edwards Vogt Valve, Inc., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation Systems 225 Hillsborough Street, Raleigh, NC 27603.

126. The Defendant, Elliott Turbo Machinery Co., Inc., is a foreign corporation who may be served with process through its President, 901 N. Fourth St., Jeanette, PA 15644-1473.

127. The Defendant, Emerson Electric Co., Individually and as Successor in Interest to Fisher Governor Co., and/or Fisher Controls International, Inc.,is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.

128. The Defendant, Yuba Heat Transfer Co., individually and on behalf of American District Steam Co. (ADSCO), and is a foreign corporation who may be served with process through its President, Post Office Box 3158, Tulsa, Oklahoma 74101-3158.

129. The Defendant, Exxon Mobil Corporation as Successor in Interest to Mobile Corporation, Exxon Corporation, Humble Oil and Refining Company, Standard Oil of New Jersey, Enjay Chemical Company, Exxon U.S.A., and Exxon Chemical Company, is a foreign corporation who may be served with process through its Registered Agent, Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201.

130. The Defendant, FMC Corp., on behalf of its former Construction Equipment Group, FMC Technologies, Inc., Individually and as Successor in Interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, American Viscose Corporation, and Avisun Corporation, a foreign corporation, who may be served with process through William G. Walter or Joseph H. Wetherland, 200 E. Randolph Road, Chicago, Illinois 60601.

131. The Defendant, Fairbanks Morse Pump Corporation is a foreign corporation who may be served with process through its Vice-President, Mike Griffin, 3601 Fairbanks Avenue, Kansas City, Kansas 66106.

132. The Defendant, Falk Company, is a foreign corporation who may be served with process through its President, Post Office Box 492, Milwaukee, WI 53201-0492.

133. The Defendant, The Falk Corporation, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 44 E. Mifflin Street, Madison, WI 53703.

134. The Defendant, Firestone Tire & Rubber Co., is a foreign corporation who may be served with process through its President, 1200 Firestone Parkway, Akron, OH 44319.

135. The Defendant, Fisher Controls International, Inc., Individually and as Successor in Interest to Fisher Governor Company, is a foreign corporation who may be served with process through its President, 8000 Maryland Avenue, Clayton, MO 63105.

136. The Defendant, Fisher Service Co., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.

137. The Defendant, Colfax Corporation, Individually, on behalf of, and as successor in interest to IMO DeLaval, IMO Industries, Inc., De Laval Steam Turbine Co., Warner Electric Co., IMO Pump Group and Allweiler Pump Co. is a foreign corporation who may be served with process through its agent/officer Mr. John Young, 9211 Forest Hill Ave., Ste. 109, Richmond VA 23235.

138. The Defendant, Flowserve Anchor Darling Operations, is a foreign corporation who may be served with process through its President, 701 First Street, Williamsport, Pennsylvania 17701.

139. The Defendant, Flowserve Corp., is a foreign corporation who may be served with process through its CEO, Mr. Bernard Rethore, 222 W. Las Colinas Boulevard, Irving, Texas 75039.

140. The Defendant, Flowserve Corporation on behalf of The Durion Company, Inc., is a foreign corporation, who may be served with process through its Registered Agent, C.T. Corporation System, 1635 Market Street, Philadelphia, Pennsylvania 19103.

141. The Defendant, Minstar, Inc., on behalf of and/or as successor to AMF Inc. f/k/a American Machine & Foundry Company, Inc. is a foreign corporation who may be served with process through its Chairman, Irwin L. Jacobs, 405 2nd Avenue S., Minneapolis, MN 55401

142. The Defendant, Atofina Chemicals, Inc. individually and on behalf of and/or as successor to Pennwalt Corporation a/k/a Pennsalt Chemicals Corporation, M&T Chemicals, Inc., Furane Plastics Inc., is a foreign corporation who may be served with process through its CEO, Jean-Pierre Seeuws, 2000 Market Street, Philadelphia, Pennsylvania 19103-3222.

143. The Defendant, Furon Company n/k/a Saint-Gobain Performance Plastics Corporation, is a foreign corporation who may be served with process through its CEO, Gerald Walsh, 750 East Swedesford Road, Valley Forge, Pennsylvania 19482.

144. The Defendant, Furon Mechanical Seal formerly known as Furon Company, Individually and on behalf of Sepco Corporation, is a foreign corporation who may be served with process through its President, 4412 Corporate Center Drive, Los Alamos, California 90720.

145. The Defendant, Gardner Denver, Inc., is a foreign corporation who may be served with process through its Agent/Officer Ross J. Centanni, 1800 Gardner Expressway, Quincy, Illinois 62301.

146. The Defendant, Garfield Mfg. Co., is a foreign corporation who may be served with process through its President, 10 Midland Avenue, Wallington, NJ 07057.

147. The Defendant, Gast Manufacturing, Inc., is a foreign corporation who may be served with process through its Registered Agent, The Corporation Company, 30600 Telegraph Road, Bingham Farms, MI 48025.

148. The Defendant, GE Polymerland, Inc. (specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine) is a foreign corporation who may be served with process through its Registered Agent General Electric Company, 1 Plastics Ave., Pittsfield, MA 01201.

149. The Defendant, GE Plastics Global Technology Limited Partnership (specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine) is a foreign corporation who may be served with process through its Registered Agent GE Polymerland, Inc., 1 Plastics Ave., Pittsfield, MA 01201.

150. The Defendant, General Plastics Corporation a/k/a and/or f/k/a General Plastics, Inc., is a foreign corporation who may be served with process through its President, 1300 North Washington Street, Marion, IN 46952.

151. The Defendant, Goodyear Tire & Rubber Co., is a foreign corporation who may be served with process through its President, Mr. Robert Keegan, 1144 E. Market Street, Akron, Ohio 44316.

152. The Defendant, Gorman-Rupp Co., Individually and as Successor in Interest to C. H. Wheeler Mfg. Co., Patterson Pump Company, IPT Pumps, and Economy Pumps, is a foreign corporation, who may be served with process through its President, Jeffery Gorman, 305 Bowman Street, Manfield, Ohio 44901.

153. The Defendant, Gould Inc./Gould Electronics Inc., is a foreign corporation who may be served with process through its President, 34929 Curtis Boulevard, Eastlake, Ohio 44095-4001.

154. The Defendant, Greene Tweed & Co., is a foreign corporation who may be served with process through its President, Mike Brewer, 2374 North Penn Road, Hatfield, Pennsylvania 19440.

155. The Defendant, Accurate Felt & Gasket Manufacturing Co., is a foreign corporation who may be served with process through its agent, William J. Gurney, 3239 South 51st Avenue Cicero, I 60650-4063

156. The Defendant, Gulf Belting & Gasket Company, is a foreign corporation who may be served with process through its President, Theodore J. Bourgeois, 4912 Jeanette Drive, New Orleans, LA 70003.

157. The Defendant, Hamilton Sundstrand Corporation, Individually and as Successor to The Falk Corporation, is a foreign corporation who may be served with process through its President, Ronald F. McKenna, 1 Hamilton Road, Windsor Locks, CT 06096.

158. The Defendant, Hamilton Sundstrand, a United Technologies Company, is a foreign corporation who may be served with process through its President, 1 Hamilton Road, Windsor Locks, CT 06096-1010.

159. The Defendant, Hammond Valve Co., is a foreign corporation who may be served with process through its President, Mr. Dennis Killelen, 210 Tower Street, Prairie Du Sac, WI 53578.

160. The Defendant, Harwick Chemical Mfg. Co., is a foreign corporation who may be served with process through its President, Mr. Craig Stambaugh, 2020 Front Street, Cuyahoga Falls, OH 44221.

161. The Defendant, Henry Vogt Machine Co., is a foreign corporation who may be served with process through its Agent, Margaret S. Culver, 1000 West Ormsby, Louisville, KY 40210.

162. The Defendant, Hercules Incorporated, Individually and as Successor in Interest to Hercules Chemical Company and Haveg Industries, Inc., is a foreign corporation, who may be served with process through its Registered Agent, C. T. Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

163. The Defendant, Hoke, Incorporated, is a foreign corporation who may be served with process through its CEO, 405 Centura Court, Spartanburg, SC 29303.

164. The Defendant, Hubbell, Inc., Individually and as Successor in Interest to Ohio Brass Co., is a foreign corporation who may be served with process through its President, Mr. G. Jackson Ratcliffe, 584 Derby Milford Road, Orange, CT 06477-4024.

165. The Defendant, ICI Americas Inc., Individually and as Successor to Imperial Chemical Industries, ICI United States, ICI America Inc., and ICI America, and Glidden Co., is a foreign corporation who may be served with process through its Agent/Officer, John R. Danzeisen, 10 Finderne Avenue, Bridgewater, NJ 08807-3300.

166. The Defendant, Yarway Corp., Individually and as Successor in Interest to Yarnell-Waring Co., is a foreign corporation who may be served with process through its CEO, Juan Gomez, 480 Norristown Road - Post Office Box 350, Bluebell, Pennsylvania 19422.

167. The Defendant, IMO Industries, Inc., Individually, on behalf of and as Successor in Interest to De Laval, De Laval Steam Turbine Co., IMO De Laval, and Warren Pump Co., is a foreign corporation who may be served with process through its President, Phillip W. Knisely 9211 Forest Hill Ave., Ste 109, Richmond, VA 23235.

168. The Defendant, Illinois Tool Work, Inc., Individually and as Successor to The McKay Company, Tri-Mark & Corex, is a foreign corporation who may be served with process through its Agent/Officer, W. James Farrell, 3600 West Lake Avenue, Glenview, IL 60025-5811.

169. The Defendant, Indian Head Industries, Inc., on behalf of Detroit Gasket & Manufacturing Co., is a foreign corporation who may be served with process through its Agent/Officer, 60600 Telegraph Road, Bingham Farms, MI 48025.

170. The Defendant, Invensys, PLC, Individually and as Successor in Interest to Edwards Vogt Valve Co., Invensys Co., and Edwards Valve, Inc. and Vogt-Nem, Inc., is a foreign corporation who may be served with process through its CEO, Allen M. Yurko, Carlisle Place, London SWIP 1 BX, United Kingdom.

171. The Defendant, Invensys Metering Systems-North America Inc., is a foreign corporation who may be served with process through its Registered Agent, C. T. Corporation System, 111 Eight Avenue, New York, NY, 10011.

172. The Defendant, I. U. North America, Inc., is a foreign corporation whose registered agent and address for service of process is unknown at this time.

173. The Defendant, John Crane, Inc., is a foreign corporation who may be served with process through its President, 6400 West Oakton Street, Morton Grove, IL 60053.

174. The Defendant, John H. Carter Co., Inc., is a foreign corporation, who may be served with process through its President, 2728 N. Arnault Road, Metairie, Louisiana 70002.

175. The Defendant, Keystone International Inc., and Keystone Valve U.S.A. Inc., Individually and as Successor in Interest to Yarway Corporation, Gimpel Machine Works, Gimpel Corporation, Anderson Greenwood and Keystone Valve Co., is a foreign corporation who may be served with process through its President, 9700 W. Gulf Bank Drive, Houston, Texas 77040.

176. The Defendant, Koch-Glitsch, Inc., is a foreign corporation, who may be served with process through its President, 4111 East 37th Street North, Wichita, Kansas 67202.

177. The Defendant, Koppers Industries, Inc., Individually and as Successor in Interest to Koppers Company, Inc., a/k/a Beazer Materials and Services, Inc., and Beazer East, Inc., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, Mississippi 39208.

178. The Defendant, Whittaker Clark & Daniels, Inc., is a foreign corporation who may be served with process through its President Bob Przybylowski, 1000 Coolidge Street, South Plainfield, New Jersey 07080.

179. The Defendant, Ladish Co., Inc., is a foreign corporation who may be served with process through its agent, Wayne E. Larsen, 5481 S. Packard Avenue, Cudahy, WI 53110.

180. The Defendant Lamons Gasket Company, individually and on behalf of Lamons Metal Gasket Co., is a foreign corporation who may be served with process through its President at 7300 Airport Blvd., Houston, Texas 77061.

181. The Defendant, Lawrence Pumps, Inc., is a foreign corporation who may be served with process through its President, Victor J. Mill, III, 371 Market Street, Lawrence, MA 01843.

182. The Defendant, Layne & Bowler, Inc., is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, North Carolina 28277.

183. The Defendant, Layne & Bowler Pump Co., is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, North Carolina 28277.

184. The Defendant, Layne Central Co., is a foreign corporation, who may be served with process through its President, 3720 N. Palafox, Pensacola, Florida 32501.

185. The Defendant, Leslie Controls, Inc., is a foreign corporation who may be served with process through its President, Roland P. Robichaud, 12501 Telecom Drive, Tampa, Florida 33637.

186. The Defendant, Limitorque Corporation, is a foreign corporation who may be served with process through its President, R. Arnold Wallace, 5114 Woodall Rd., Lynchburg, VA 24502.

187. The Defendant, Magnetrol International, is a foreign corporation who may be served with process through its President, Judy G. Steverson, 5300 Belmont Road, Downers Grove, IL 60515-4499.

188. The Defendant, Manchester Tank & Equipment Company, Individually and as Successor to Buckeye Boiler Co., and Western Air Tank, is a foreign corporation who may be served with process through its President, 1749 Mallory Lane #400, Brentwood, TN 37027.

189. The Defendant, Mark Controls Corporation, as Successor to Powers Regulator Company, is a foreign corporation who may be served with process through its President, Eric C. Fast, 100 1st Stamford Place, Stamford, CT 06902.

190. The Defendant, Marley Pump Company, is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, NC 28277.

191. The Defendant Marsh Instruments, is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, NC 28277.

192. The Defendant, White Consolidated Industries, Inc., as successor to SARCO Co., Inc., is a foreign corporation, who may be served process through its Registered Agent, CT Corporation System, 631 Lakeland East Drive, Flowood, MS 39208

193. The Defendant, McCord Gasket Company, is a foreign corporation, who may be served with process through its President, 26555 Northwestern Highway, Southfield, Michigan 48034.

194. The Defendant, McKesson Corporation, f/k/a McKesson HBOC, Individually and as Successor in Interest to McKesson Chemical Co., is a foreign corporation who may be served with process through its President, Mr. John H. Hammergren, 1 Post Street, San Francisco, CA 94104.

195. The Defendant, McMaster-Carr Supply Co., is a foreign corporation who may be served with process through its President, 600 County Line Road, Elmhurst, IL 60126.

196. The Defendant, Mead Corporation, is a foreign corporation who may be served with process through its President, Jerome F. Tatar, Courthouse Plaza NE, Dayton, OH 45463.

197. The Defendant, Met-Pro Corporation, on behalf of Dean Brothers Pumps, is a Deleware corporation who may be served with process through its CEO, William Kacin, 160 Cassell Road, Box 144, Harleysville, PA 19438.

198. The Defendant, Metallo Gasket Co.,is a foreign corporation who may be served with process through its President, 16 Bethany Street, New Brunswick, NJ 08903.

199. The Defendant, Milton Roy Company, is a foreign corporation who may be served with process through its President, Mr. Jean Claude Pharamond, 201 Ivyland Road, Ivyland, PA 18974.

200. The Defendant, Monsanto Company, Individually and as Successor in Interest to Monsanto, Lion Oil, Fiberloid Corp., Fisher Govemor Co., and Fisher Controls International, Inc., a foreign corporation, who may be served with process through its CEO, Hendrik A. Verfaillie, 8000 North Lindbergh Boulevard, St. Louis, Missouri 63167.

201. The Defendant, Yeomans Chicago Corporation, individually and on behalf of Morris Machine Works f/k/a Morris Pumps, Inc., is a foreign corporation who may be served with process through its President, John L. Kelly, 3905 Enterprise Court, Post Office Box 960, Aurora, Illinois 60598-0620.

202. The Defendant, Moyno, Inc., is foreign corporation, who may be served with process through its agent C.T. Corporation System, 441 Vine St. #3810, Cincinnati, Ohio 85202.

203. The Defendant, Mueller Steam Specialty, is a foreign corporation who may be served with process through its President, 1491 NC Hwy. 20W, St., Pauls, North Carolina 28384.

204. The Defendant, N L Industries, Inc., Individually and as Successor to National Lead Co., and on behalf of Floating Floors, Inc., Chas. Taylor & Sons Refractories Company and Didier-Taylor Refractories, is a foreign corporation who may be served with process through its Registered Agent, Prentice-Hall Corporation System, 506 S. President Street, Jackson, Mississippi 39201.

205. The Defendant, Nash Engineering Co., is a foreign corporation, who may be served with process through its President, Richard Clarke, 9 Trefoil Drive, Trumball, Connecticut 06611.

206. The Defendant, Nibco, Inc., a/k/a Northern Indiana Brass Co., is a foreign corporation, who may be served with process through its President, Mr. Rex Martin, 1516 Middlebury Street, Elkhart, IN 46515-1167.

207. The Defendant, Nooter Corporation, is a foreign corporation who may be served with process through its Registered Agent, Raymond B. Rohrbacker, 1400 South Third Street, Box 451, St. Louis, MO 63166.

208. The Defendant, Norton Company now known as Saint-Gobain Abrasives, Inc.'s, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 111 Eighth Avenue, New York, New York 10011.

209. The Defendant, Nosroc Corp., is a foreign corporation whose registered agent and address for service of process is unknown at this time.

210. The Defendant, NVF Manufacturing Company, is a foreign corporation who may be served with process through its President, 1166 Yorklyn Road, Yorklyn, DE 19736.

211. The Defendant, Parker Hannifin Corporation, is a foreign corporation who may be served with process through its President, Mr. Donald E. Washkewicz, 6035 Parkland Boulevard, Cleveland, OH 44124-4141.

212. The Defendant, Patterson-Kelley, is a foreign corporation who may be served with process through its President, 100 Burson Street, East Stroudsburg, PA 18301.

213. The Defendant, Pecora, is a foreign corporation who may be served with process through its President, 165 Wambold Road, Harleyville, PA 13438.

214. The Defendant, Phillips Petroleum Company, is a foreign corporation who may be served with process through its President, Mr. Jim J. Mulva, Phillips Building, Bartlesville, OK 74004.

215. The Defendant, Phoenix Specialty Mfg. Co., Inc., is a foreign corporation who may be served with process through its CEO, Robert R. Hurst, Jr., Highway 301, Bamberg, SC 29003.

216. The Defendant, Plastics Engineering Co. (PLENCO), is a foreign corporation who may be served with process through its President, Mr. Michael R. Brotz, Post Office Box 758, Sheboygan, WI 53082-0578.

217. The Defendant, Powers Regulator a/k/a Powers Process Control a Watts Industries Co., is a foreign corporation who may be served with process through its President, 3400 Oakton Street, Skokie, IL 60076.

218. The Defendant, Wheeler Protective Apparel Corp, is a foreign corporation who may be served with process through its Agent/Officer, H.L. Wheeler, 4330 West Belmont Avenue, Chicago, IL 60641.

219. The Defendant, Quaker Chemical Corp., is a foreign corporation who may be served with process through its President, Mr. Ronald J. Naples, Elm & Lee Streets, Conshocken, PA 19428.

220. The Defendant, Ransburg Corporation, formerly known as DeVilbiss Industries Products Corp., Successor to DeVilbiss Company, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 631 Lakeland East Drive, Flowood, MS 39208.

221. The Defendant, Rapid-American Corporation, is a foreign corporation, who may be served with process through its President, 1700 Broadway, Suite 1403, New York, New York 10019.

222. The Defendant, Reichhold, Inc., individually, on behalf of, and as successor to Reichhold Chemicals Inc., and Reichhold Chemical Co., is a foreign corporation who may be served with process through its President, Ron Ridge, Post Office Box 13582, Research Triangle Park, NC 27709-3582.

223. The Defendant, Reliance Electric Motors, is a foreign corporation who may be served with process through its President, 6040 Ponders Court, Greenville, SC 29615.

224. The Defendant, Resco Products, Inc., Individually and as Successor in Interest to Botfield Refractories, Inc., Refractory Specialty Company and M.W. Kellogg Co., is a foreign corporation who may be served with process through its President, Mr. Bill Brown, Post Office Box 108, Norristown, PA 19404-0108 or through William T. Tredennick, CEO of Resco Holdings Inc., at P. O. Box 108 Norristown, PA 19404-0108.

225. The Defendant, Reunion Industries, Inc., Individually and as Successor in Interest to Oneida Molded Plastics and Rostone Corporation, is a foreign corporation who may be served with process through its President, Mr. Kimball J. Bradley, 11 Stanwix St., Suite 1400, Pittsburgh, PA 15222.

226. The Defendant, Robbins & Meyers, Inc., is a foreign corporation who may be served with process through its President, 1400 Kettering Tower, Dayton, OH 45423.

227. The Defendant, Rockwell International Corp., Individually and as Successor in Interest to Allen-Bradley Co., Allen-Bradley Co., Inc., Rockwell Mfg. Co., and Rockwell-Standard Corp., is a foreign corporation who may be served with process through its Registered Agent C.T. Corporation Systems, 631 Lakeland East Drive, Flowood, MS 39208.

228. The Defendant, Rogers Corporation, is a foreign corporation who may be served with process through its CEO, Walter E. Boomer, 1 Technology Drive, Rogers, CT 06263.

229. The Defendant, Roth Pump Co., Individually and as Successor in Interest to Roy E. Roth Co., is a foreign corporation who may be served with process through its President, Kenneth K. Rueffer, Post Office Box 4330, Rock Island, IL 61204.

230. The Defendant, S B Decking, Inc., is a foreign corporation who may be served with process through its President, 5220 Whitby Avenue, Philadelphia, PA 19143.

231. The Defendant, Weinman Pump Company, is a foreign corporation who may be served with process through its President, 420 Third Street, Piqua, OH 45356.

232. The Defendant, S.T. Johnson Co., Individually and as Successor in Interest to Mears-Kane-Ofeldt, Inc., is a foreign corporation who may be served with process through its President, Mr. Todd Cole, Post Office Box 8627, Emeryville, CA 94662.

233. The Defendant, Schutte & Koerting, Inc., Individually and as Successor in Interest to Schutte & Koerting Co., is a foreign corporation, who may be served with process through its CEO, Hugh H. Williamson, III, 2233 State Road, Bensalem, Pennsylvania 19020.

234. The Defendant, Sepco Corporation, is a foreign corporation, who may be served with process through its agent CT Corporation System, 818 West Sevent St., Los Angeles, CA 90017.

235. The Defendant, Shell Oil Company, individually and as successor in interest to Shell Chemical Company, is a foreign corporation who may be served with process through its Registered Agent, Corporation Service Company, 506 S President Street, Jackson, MS 39201.

236. The Defendant, Siemens Building Technologies, Inc., individually and as successor in interest to Landis & Gyr Powers, Inc., Mark Controls Corporation, and Powers Regulator Company, is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 631 Lakeland E Drive, Flowood, MS 39208.

237. The Defendant, Spence Engineering Company, Inc., Individually and as Successor in Interest to Nicholson Steam Trap Co., is a foreign corporation who may be served with process through its CEO, David A. Bloss, Sr., 150 Coldenham Road, Post Office Box 230, Walden, New York 12586-2035.

238. The Defendant, Spirax-Sarco Engineering, PLC, is a foreign corporation who may be served with process through its President, Mr. Marcus J.D. Steele, Chalton House, Cirencester Road, Cheltenham, Gloucestershire GL53 8ER UK.

239. The Defendant, Spirax-Sarco, Inc., is a foreign corporation who may be served with process through its President, 1150 Northpointe Boulevard, Blythewood, SC 29016.

240. The Defendant, Stebbins Engineering and Manufacturing Company, a/k/a Stebbins Industries, Inc., is a foreign corporation who may be served with process through its Agent/Officer, Alfred E. Calligaris, 363 Eastern Blvd., Watertown, New York 13601.

241. The Defendant, Strahman Valves, Inc., is a foreign corporation who may be served with process through its President, 3 Vreeland Road, Florham Park, NJ 07932.

242. The Defendant, Stuart C. Irby Co., is a foreign corporation who may be served with process through its Registered Agent, Charles R. Campbell, III, 815 South State Street, Jackson, Mississippi 39201.

243. The Defendant, Sulzer Pumps, Inc., Individually and on behalf of Sulzer Bingham, is a foreign corporation who may be served with process through its President, 2800 NW Front Avenue, Portland, OR 97210.

244. The Defendant, Sundyne Coporation, is a foreign corporation who may be served with process through its agent, The Corporation Company, 1675 Broadway, Denver, Colorado 80202.

245. The Defendant, Sunoco, Inc., is a foreign corporation who may be served with process through its President, John G. Drosdic, 10 Penn Center, 1801 Market Street, Philadelphia, Pennsylvania 19103-1699.

246. The Defendant, Swagelok, is a foreign corporation who may be served with process through its CEO, William R. Cosgrove, 29500 Esolon Rd., Solon Ohio 44139.

247. The Defendant, TRW, Inc., is a foreign corporation, who may be served with process through its President, E. D. Dunford, 1900 Richmond Road, 2N, Cleveland, Ohio 44124.

248. The Defendant, Taylor Seidenbach, Inc., is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

249. The Defendant, Weaks Enterprises, Inc., Individually and as Successor in Interest to Weaks Supply Co., Inc., of Mississippi and Weaks Supply Co., is a foreign corporation who may be served with process through its President, Henry H. Weaks, 2705 Bramble Drive, Monroe, Louisiana 71201.

250. The Defendant, Weil-McLain Company a division of The Marley Company, a wholly owned subsidiary of United Dominion Industries, Inc., is a foreign corporation who may be served with process through its President, 500 Blaine Street, Michigan City, IN 46360-2388.

251. The Defendant, Tenneco Automotive, Inc., is a foreign corporation who may be served with process through its President, Mr. Mark P. Frissora, 500 North Field Drive, Lake Forest, IL 60045.

252. The Defendant, Terex Corporation, Individually and as Successor in Interest to American Crane Corp. American Hoist & Derrick Co., and Koehring Co. is a foreign corporation, who may be served with process through its CEO, Ronald M. DeFeo, 500 Post Road East, Suite 320, West Point, Connecticut 06880.

253. The Defendant, Terex Cranes, Inc., Individually and as Successor in Interest to Terex American Crane Corp., American Crane Corp., American Hoist & Derrick Co., Bendini, and Harnisfeger, a foreign corporation, who may be served with process through its President, Fil Fillpov, Highway 501 East, Conway, South Carolina 29526.

254. The Defendant, Texaco, Inc., is a foreign corporation who may be served with process through its President, 2000 Westchester Avenue, White Plains, New York 10650.

255. The Defendant, Textron, Inc., is a foreign corporation, who may be served with process through its Registered Agent, C. T. Corporation Systems, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

256. The Defendant, The Dow Chemical Company, is a foreign corporation, who may be served with process through its CEO, Michael D. Parker, 2030 Dow Center, Midland, MI 48674.

257. The Defendant, The Foxboro Co., now known as Invensys Systems, Inc., is a foreign corporation who may be served with process through its Registered Agent, C T Corporation System, 101 Federal Street, Boston, MA 02110.

258. The Defendant, The Marley Company, a/k/a Marley Cooling Towers, is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, NC 28277.

259. The Defendant, The Marley Company, also d/b/a Marley Pump Company is a foreign corporation who may be served with process through its Registered Agent, C. T. Corporation System, 2222 Grand Avenue, Des Moines, IA 50312.

260. The Defendant, The Quaker Oats Company, is a foreign corporation who may be served with process through its Registered Agent, C.T. Corporation System, 208 South Lasalle Street, Chicago, Illinois 60604-1135.

261. The Defendant, The Richardson Company, is a foreign corporation who may be served with process at Crompton Corporation, in care of Crompton Corporation's CEO, Mr. Vincent A. Calarco, One American Lane, Greenwich, CT 06831 or, care of Joe LoMenzo, 199 Benson Road, Middlebury, CT 06749.

262. The Defendant, The Weir Group, PLC, is a foreign corporation, who may be served with process through Sir Robert Smith, Chairman, 149 Newlands Road, Cathcart, Glasgow G44 4EX, UK.

263. The Defendant, The Wm. Powell International Sales Corporation, individually and on behalf of The Wm. Powell Co., is a foreign corporation who may be served with process through its agent R C Cowart, 2503 Spring Grove Avenue, Cincinnati, Ohio 45214.

264. The Defendant, Thomas & Betts Corporation, Individually and on behalf of and as Successor to Amerace Corporation and American Hard Rubber Co., is a foreign corporation, who may be served with process through its President, T. Kevin Dunnigan, 8155 T & B Blvd., Memphis, Tennessee 38125.

265. The Defendant, Tuthill Corporation, a/k/a Coppus Portable Ventilation Division Individually and as Successor in Interest to Tuthill Pump Co., and Mechanical Products Co., Tuthill Energy Systems, and Coppus Engineering Co, is a foreign corporation who may be served with process through its President, James Jay Tuthill, Jr., 8500 South Madison Street, Burr Ridge, Illinois 60521.

266. The Defendant, Tuthill Pump Co., a/k/a/ Tuthill Pump Group, is a foreign corporation who may be served with process through its President, 5143 Port Chicago Highway, Concord, California 94520.

267. The Defendant, United Gilsonite Laboratories, is a foreign corporation who may be served with process through its President, Mr. Malcom C. Mackinnon, Post Office Box 70, Scranton, Pennsylvania 18501.

268. The Defendant, United Industrial Corporation, Individually and as Successor in Interest to Detroit Stoker Company and American Engineering Co., is a foreign corporation who may be served with process through its President, Richard R. Erkeneff, 570 Lexington Avenue, New York, New York 10022.

269. The Defendant, Universal Oil Products Company, a Delaware Corporation who may be served with process through its Agent, 25 E Algonquin Rd, Des Plaines, Illinois 60017.

270. The Defendant, Valero Energy Corporation, Individually and as Successor in Interest to Diamond Shamrock, is a foreign corporation who may be served with process through its President, One Valero Place, San Antonio, Texas 78212-3186.

271. The Defendant, Velan Valve Corporation, is a foreign corporation who may be served with process through its President, 94 Avenue C., Williston, VT 05495-9732.

272. The Defendant, Viking Pump, Inc., a Unit of IDEX Corporation, is a foreign corporation who may be served with process through its President, 406 State Street, Post Office Box 8, Cedar Falls, IA 50613-0008.

273. The Defendant, Warren Pumps, Inc., Individually and as Successor in Interest to William E. Quimby, Inc., and Quimby Pump Co., is a foreign corporation who may be served with process through its President, John J. Carr, 82 Bridges Avenue, Post Office Box 969, Warren, MA 01083-0969.

274. The Defendant, Warren-Rupp, a unit of IDEX Corporation, is a foreign who may be served with process through its Agent/Officer, 800 North Main Street, Post Office Box 1568, Mansfield, Ohio 44901-1568.

275. The Defendant, ITT Industrial, Inc., is a foreign corporation who may be served with process through serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

276. The Defendant, ITT Jabsco, is a foreign corporation who may be served with process through serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

277. The Defendant, ITT Fluid Technology Corp., is a foreign corporation who may be served with process through serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

278. The Defendant, ITT Goulds Pump, is a foreign corporation who may be served with process through serving its agent at C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

279. The Defendant, Flintkote Company, is a foreign corporation who may be served with process through serving its agent at Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

280. The Defendant, Scott's Fertilizer, is a foreign corporation, whose address for service of process is currently unknown.

281. John Doe Defendants 1-500 are defendants whose identities are unknown at this time. It is believed that these other corporations and/or individuals supplied, manufactured, and or distributed asbestos containing products to the plaintiffs' work sites and the plaintiffs were exposed to said asbestos-containing products or that these corporations and/or individuals manufactured, supplied, distributed, products which caused asbestos containing products to become airborne and the plaintiffs were exposed to said asbestos and/or these corporations and/or individuals caused asbestos to become. Airborne and the plaintiffs were exposed to said asbestos. When their identities are known, this complaint will be amended to properly name same.

282. John Doe Defendants 500-1,000 are defendants whose identities are unknown at this time. It is believed that other organizations and associations conspired with corporations and/or individuals which supplied, manufactured, and or distributed asbestos containing products. When their identities are known, this complaint will be amended to properly name same.

## Louisiana Secretary of State
## Unofficial Business Name Search Results
### (Active Records Shown in Bold)

GULF BELTING & GASKET CO., INC., Business Corporation

GULF BELTING & GASKET CO., L.L.C., Limited Liability Company

GULF BENEFIT CONSULTANTS, INC., Business Corporation

GULF-BEST ELECTRIC, INC., Business Corporation

GULF BIO-ACT, INC., Business Corporation

GULF BIOCHEMICALS, INC., Business Corporation

GULF BLUE, INC., Business Corporation

GULF BLUEWATER ASSOCIATES, L.L.C., Limited Liability Company

GULF BOAT MARINE SERVICES, INC., Business Corporation (Non-Louisiana)

GULF BOAT MARINE SERVICES, INC., Business Corporation

Previous 10 | Next 10 | New Search | Index



EXHIBIT "3"

Louisiana Secretary of State--Selected Business Detailed Data                    Page 1 of 1

### Louisiana Secretary of State
### Unofficial Detail Record

Charter/Organization ID: 28814730D

Name: GULF BELTING & GASKET CO., INC.

Merger Information: MERGED INTO GULF BELTING & GASKET CO., L.L.C., DOMICILED AT
METAIRIE, LOUISIANA ON DECEMBER 30, 2003 WITH AN
EFFECTIVE DATE OF DECEMBER 29, 2003 AT 12:01 A.M.

Type Entity: Business Corporation

Status: Not Active (Voluntary action)

Domicile Address: 113 EAST 23RD AVENUE, COVINGTON, LA 70433

Incorporated: 12/01/1969

Registered Agent (Appointed 4/11/2003): ERNEST E. BARROW, III, ESQ., 113 EAST 23RD AVENUE, COVINGTON,
LA 70433

Secretary/Treasurer: KAY W. BOURGEOIS

President: THEODORE J. BOURGEOIS

Amendments on File
MERGER (12/30/2003)
DOMICLE, AGENT CHG OR RESIGN OF AGT (04/11/2003)

New Search | Index

## Louisiana Secretary of State
### Unofficial Detail Record

Charter/Organization ID: 35618792K

Name: GULF BELTING & GASKET CO., L.L.C.

Type Entity: Limited Liability Company

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 4612 JEANNETTE DRIVE, METAIRIE, LA 70003

Organized: 12/30/2003

Registered Agent (Appointed 12/30/2003): A. ALBERT AJUBITA, 1100 POYDRAS STREET, STE. 1500, NEW ORLEANS, LA 70163-1500

Member: KAY WILLOZ BOURGEOIS

Amendments on File
MERGER (12/30/2003)

**New Search | Index**

**Louisiana Secretary of State**
**Unofficial Business Name Search Results**
**(Active Records Shown in Bold)**

<u>WEAKS ENTERPRISES, INC.</u> , **Business Corporation**

WEAKS SUPPLY COMPANY, LIMITED , Previous Name of <u>WEAKS ENTERPRISES, INC.</u>

<u>WEAKS SUPPLY COMPANY, INC. OF MISSISSIPPI</u> , Business Corporation (Non-Louisiana)

<u>WEALD PROPERTIES L.L.C.</u> , **Limited Liability Company**

<u>WEALL, L.L.C.</u> , **Limited Liability Company**

<u>THE WEALTH, INC.</u> , Business Corporation

<u>WEALTH, INC.</u> , Business Corporation

<u>WEALTH ADVISORS, LLC</u> , **Limited Liability Company**

<u>WEALTH ADVISORS, INC. - SHREVEPORT, LOUISIANA</u> , **Business Corporation**

<u>WEALTH ADVISORY GROUP, L.L.C.</u> , **Limited Liability Company**

<u>Previous 10</u> | <u>Next 10</u> | <u>New Search</u> | <u>Index</u>

Louisiana Secretary of State--Selected Business Detailed Data                Page 1 of 1

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 05800510D

Name: WEAKS ENTERPRISES, INC.

Prior Name: WEAKS SUPPLY COMPANY, LIMITED (11/08/1988)

Type Entity: Business Corporation

Status: Active

Annual Report Status: Not In Good Standing for failure to file current Annual Report

Domicile Address: 808 N. 31ST ST., STE. D, MONROE, LA 71201

Incorporated: 01/16/1909

Registered Agent (Appointed 0/00/0000): HENRY H. WEAKS, 2705 BRAMBLE DRIVE, MONROE, LA 71201

President: HENRY H. WEAKS

Vice President: GEORGE G. WEAKS, III

Amendments on File
AMENDMENT (11/06/1989)
NAME CHANGE (11/08/1988)
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED

New Search | Index

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 05800510D

Name: WEAKS ENTERPRISES, INC.

Prior Name: WEAKS SUPPLY COMPANY, LIMITED (11/08/1988)

Type Entity: Business Corporation

Status: Active

Annual Report Status: Not In Good Standing for failure to file current Annual Report

Domicile Address: 808 N. 31ST ST., STE. D, MONROE, LA 71201

Incorporated: 01/16/1909

Registered Agent (Appointed 0/00/0000): HENRY H. WEAKS, 2705 BRAMBLE DRIVE, MONROE, LA 71201

President: HENRY H. WEAKS

Vice President: GEORGE G. WEAKS, III

Amendments on File
AMENDMENT (11/06/1989)
NAME CHANGE (11/08/1988)
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED
AMENDMENT NOT VERIFIED

New Search | Index

## Louisiana Secretary of State
### Unofficial Business Name Search Results
### (Active Records Shown in Bold)

**JOHN H. CARTER CO., INC.**, Business Corporation

JOHN H. ENGLISH & ASSOCIATES, INC., Business Corporation

JOHN H. FINNAN, INC., Business Corporation

**JOHN H. FINNAN, M.D., L.L.C.**, Limited Liability Company

**JOHN H. HARLAND, COMPANY**, Business Corporation (Non-Louisiana)

JOHN H. MCMILLAN, INC., Business Corporation

**JOHN H. MCNEIL & ASSOCIATES L.L.C.**, Limited Liability Company

**JOHN H. MOFFATT, JR. AND PEGGY E. WALSH, A PROFESSIONAL**, Business Corporation

**JOHN H. PERE, INC.**, Business Corporation

**JOHN H. REESE, INC.**, Business Corporation

Previous 10 | Next 10 | New Search | Index

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 23801640D

Name: JOHN H. CARTER CO., INC.

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 2728 N. ARNOULT RD., METAIRIE, LA 70002

Incorporated: 04/11/1957

Registered Agent (Appointed 6/11/1993): HOWARD EDWIN NOBLES, JR., 2728 N. ARNOULT RD., METAIRIE, LA 70002

President: DANIEL B. HEARD

Secretary/Treasurer: RONALD P. ALEMAN

Exec Vice President: HOWARD G. MAESTRI

Amendments on File
AMENDMENT (08/24/2001)
AMENDMENT (12/01/2000)
DISCLOSURE OF OWNERSHIP (07/13/2000)
AMENDMENT (09/07/1999)
DOMICLE, AGENT CHG OR RESIGN OF AGT (06/11/1993)
AMENDMENT (08/06/1981)
RESTATED ARTICLES (07/31/1980)
AMENDMENT (08/16/1977)
DOMICLE, AGENT CHG OR RESIGN OF AGT (03/30/1971)

**New Search | Index**

Louisiana Secretary of State--Unofficial Business Name Search Results                    Page 1 of 1

## Louisiana Secretary of State
### Unofficial Business Name Search Results
### (Active Records Shown in Bold)

**ANCO INSULATIONS, INC.**, Business Corporation

ANCO INSULATIONS OF NEW ORLEANS, INC., Business Corporation

ANCO LEASE COLLECTION SERVICE, INC., Business Corporation (Non-Louisiana)

ANCO OF LOUISIANA, INC., Business Corporation

ANCO MANUFACTURING & SUPPLY COMPANY, Business Corporation (Non-Louisiana)

ANCO MARINE, INC., Business Corporation

ANCO NEWS COMPANY, INC., Business Corporation (Non-Louisiana)

ANCO WINDOW CORPORATION, Business Corporation (Non-Louisiana)

ANCO WINDOW COMPANY OF SHREVEPORT INCORPORATED, Previous Name of LOVE ALUMINUM PRODUCTS INC.

ANCOMA, INC., Previous Name of CINNAMON TREE, INC.

Previous 10 | Next 10 | New Search | Index

Louisiana Secretary of State--Selected Business Detailed Data                    Page 1 of 1

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 26106450D

Name: ANCO INSULATIONS, INC.

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 8440 JEFFERSON HIGHWAY, SUITE 301, BATON ROUGE, LA 70809-7652

Incorporated: 02/06/1963

Registered Agent (Appointed 8/25/1998): THOMAS E. BALHOFF, ROEDEL, PARSONS, KOCH, FROST, ET AL, 8440 JEFFERSON HIGHWAY, SUITE 301, BATON ROUGE, LA 70809-7652

President: R. L. ANDERSON, JR.

Secretary: R. L. ANDERSON, JR.

Director: R. L. ANDERSON, JR.

Treasurer: RAY MARCHAND

Director: RAY MARCHAND

Exec Vice President: RONALD J. BOURGEOIS

Amendments on File
APPOINTING, CHG OR RESIGN OF OFFICER (11/17/2000)
AMENDMENT (08/11/2000)
DOMICLE, AGENT CHG OR RESIGN OF AGT (08/25/1998)
RESTATED ARTICLES (07/12/1991)
DOMICLE, AGENT CHG OR RESIGN OF AGT (10/08/1990)
AMENDMENT (05/03/1990)
AMENDMENT (06/05/1987)
AMENDMENT (08/07/1980)
AMENDMENT (01/03/1979)
RESTATED ARTICLES (07/02/1976)
AMENDMENT (12/05/1975)
MERGER (09/18/1973)
MERGER (09/18/1973)
AMENDMENT (04/12/1971)
AMENDMENT (09/09/1966)
AMENDMENT (07/01/1966)
AMENDMENT (07/07/1965)

New Search | Index

Louisiana Secretary of State—Unofficial Business Name Search Results                     Page 1 of 1

## Louisiana Secretary of State
### Unofficial Business Name Search Results
### (Active Records Shown in Bold)

**TAYLOR-SEIDENBACH, INC.** , Business Corporation

TAYLOR-SEIDENBACH, INCORPORATED , Previous Name of TAYLOR-SEIDENBACH, INC.

**TAYLOR SERVICES, INC.**, Business Corporation

**TAYLOR SERVICES OF SHREVEPORT, INC.** , Business Corporation

**TAYLOR SHOPS, INC.** , Business Corporation

TAYLOR SOCIETY, INC., PAUL C. , Non-Profit Corporation

TAYLOR & SON, INC., E. , Business Corporation

**TAYLOR & SONS ELECTRIC COMPANY, INC.** , Business Corporation

**TAYLOR & SONS ENTERPRISES, INC.** , Business Corporation

**TAYLOR & SONS ENTERPRISES** , Trade Name

Previous 10 | Next 10 | New Search | Index

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 11304540D

Name: TAYLOR-SEIDENBACH, INC.

Prior Name: TAYLOR-SEIDENBACH, INCORPORATED ( 3/10/2004)

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 731 S. SCOTT ST., NEW ORLEANS, LA 70119

Incorporated: 09/12/1925

Registered Agent (Appointed 8/01/1972): RALPH I. SHEPARD, 731 SO. SCOTT STREET, NEW ORLEANS, LA 70119

President: RALPH I. SHEPARD

Vice President: ROBERT I. SHEPARD

Secretary/Treasurer: HAL M. SHEPARD

Amendments on File
NAME CHANGE (03/10/2004)

New Search | Index

## Louisiana Secretary of State
## Unofficial Detail Record

Charter/Organization ID: 11304540D

Name: TAYLOR-SEIDENBACH, INC.

Prior Name: TAYLOR-SEIDENBACH, INCORPORATED ( 3/10/2004)

Type Entity: Business Corporation

Status: Active

Annual Report Status: In Good Standing

Domicile Address: 731 S. SCOTT ST., NEW ORLEANS, LA 70119

Incorporated: 09/12/1925

Registered Agent (Appointed 8/01/1972): RALPH I. SHEPARD, 731 SO. SCOTT STREET, NEW ORLEANS, LA 70119

President: RALPH I. SHEPARD

Vice President: ROBERT I. SHEPARD

Secretary/Treasurer: HAL M. SHEPARD

Amendments on File
NAME CHANGE (03/10/2004)

New Search | Index

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RONALD ADAMS**                                                      **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO. 1:04CV730GRo**

**ALCO INDUSTRIES, INC., ET AL.**                              **DEFENDANTS**

### PLAINTIFF'S MOTION TO REMAND TO STATE COURT
### PURSUANT TO RULE 7.2(G) AND 7.2(H) OF THE
### UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

### ORAL ARGUMENT REQUESTED

Plaintiff, by and through counsel, files this his Motion to Remand to state court and in support thereof would show unto the Court the following:

1.

Plaintiff filed his original complaint in this cause on August 26, 2004.

2.

The Complaint was filed on behalf of the Plaintiff, an adult resident citizen of the Second Judicial District of Jones County, Mississippi.

3.

On September 21, 2004, the Defendants[1] filed their Notice of Removal in the United States District Court for the Southern District of Mississippi, Southern Division.

4.

Plaintiffs' Motion to Remand is timely filed pursuant to 28 U.S.C. § 1447(c), which allows thirty (30) days to file a Notice of Remand.

---

[1] GE Plastics Global Technology; Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.



EXHIBIT
B-1

5.

Removing Defendants did not attempt to obtain the consent of any other defendants prior to filing the Notice of Removal. In fact, the Defendants listed on Exhibit "A" all failed to timely file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal. 28 U.S.C. § 1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action. The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action.

6.

For the foregoing reasons Plaintiffs respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiffs ask for their costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the ___20th___ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

2

## **CERTIFICATE OF SERVICE**

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiff's Motion to Remand to State Court Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all counsel of record at their usual and regular mailing addresses.

This the _____20th_____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

EXHIBIT "A"

ALCO INDUSTRIES, INC.,
AMERICAN STANDARD, INC.,
AMPCO PITTSBURGH CORP.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC., Individually and on behalf of and/or as successor in interest to Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation,
AUTOCLAVE ENGINEERS, INC.
BAKER HUGHES, INCORPORATED,
BLACK & VEATCH PRITCHARD, INC., on behalf of, formerly known as, and/or as successor to J. F. Pritchard & Co. and The Pritchard Corporation,
BONNEY FORGE CORPORATION,
BUFFALO PUMPS, INC.
CELERITY GROUP, INC., on behalf of and as successor to Unit Instruments, Inc. and Autoclave Engineers, Inc.,
CLARK-RELIANCE CORPORATION, on behalf of and as Successor in Interest to Jerguson Gauge and Valve Company,
CNA HOLDINGS, INC.,
COOPER ALLOY CORPORATION, f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
EDWARDS VOGT VALVE, INC.,
FLOWSERVE CORPORATION, f/k/a The Duriron Company, Inc.,
FMC CORP., on behalf of its former Construction Equipment Group and former Peerless Pump Division,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine),
GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., on behalf of and as successor to Chandler Evans Control Systems,
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO.,
HONEYWELL INTERNATIONAL, INC., Individually, on behalf of and as Successor in Interest to Allied Signal, Allied Corp., and Bendix Corp.,
INVENSYS METERING SYSTEMS-NORTH AMERICA, INC.,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAGNATROL VALVE CORPORATION, CLARK-COOPER DIVISION,
THE MANITOWOC COMPANY, INC.,
NL INDUSTRIES, INC.,
PATTERSON-KELLEY,
PHARMACIA CORPORATION,
PNEUMO ABEX CORPORATION,
ROBERTSHAW CONTROLS COMPANY, Individually and on behalf of and as successor to Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company,
ROCKWELL AUTOMATION, INC.,

ROCKWELL AUTOMATION, INC., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co.,
TELEDYNE FARRIS ENGINEERING
TEREX CORPORATION,
TEXTRON, INC.,
TRW, INC.,
TUTHILL CORPORATION, a/k/a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Tuthill Pump Co.,
TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,
TYCO VALVES & CONTROLS, LP,
VIACOM, INC., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiffs' claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.),
VIKING PUMP, INC., a Unit of Idex Corporation,
WARREN-RUPP, a Unit of Idex Corporation,
WAUKESHA FOUNDRY CO., INC.,
WESTINGHOUSE AIR BRAKE COMPANY,
XOMOX CORPORATION,

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

RONALD ADAMS                                                                    **PLAINTIFF**

VS.                                                                  **CIVIL ACTION NO. 1:04CV730GRo**

ALCO INDUSTRIES, INC., ET AL.                                          **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION TO REMAND TO STATE COURT PURSUANT TO RULE 7.2(G)
AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI**

Facts

Plaintiff filed his original Complaint in this cause on August 26, 2004. On September 21,

2004 Removing Defendants filed their Notice of Removal in the United States District Court for

the Southern District of Mississippi, Southern Division.

Plaintiff's Motion to Remand is timely filed pursuant to 28 U.S.C. $ 1447(c) which

allows thirty (30) days from the filing of a Notice of Removal. Removing Defendants filed their

Notice of Removal on September 21, 2004

Law

Removing Defendants did not attempt to obtain the consent of any other defendants prior

to filing the Notice of Removal. In fact, the Defendants listed on Exhibit "A" all failed to timely

file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal. 28 U.S.C. §

1446 requires a removing defendant to obtain the consent of all defendants which have been

properly served and who are necessary and indispensable to the action. The failure of the

Removing Defendants to meet this requirement within the thirty (30) day time limit makes the

Notice of Removal defective and necessitates the remand of this cause of action. In *Getty*, the

Fifth Circuit held that "all served defendants must join in the petition, and since the petition must



EXHIBIT
B-2

be submitted within thirty days of service on the first defendant, all served defendants must join

in the petition no later than thirty days from the day on which the first defendant was served."

*Getty Oil Corp., a div. of Texaco v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th

Cir. 1988).  The *Spillers* court held that the thirty day "time limitation is mandatory and must be

strictly construed....if all defendants do not join in or consent to the removal petition within the

thirty-day period, 'the district court shall remand the case...'' *Spillers v. Tillman*, 959 F. Supp.

364, 369 (S.D. Miss. 1997).  Since all the defendants which were properly joined and served did

not consent and join in the removal, the removal is defective and must be remanded to state

court.

Conclusion

The Removal is procedurally defective and has not met the requirements set forth by 28

U.S.C. § 1446 and the supporting case law, in that the Removing Defendants failed to, timely or

otherwise, remove this action or obtain the consent of all parties properly joined and served in

this matter.  Remand is appropriate if there is any doubt as to the right of removal in the first

instance. *See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).*

For the foregoing reasons Plaintiff respectfully requests that this cause of action be

remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi.

Furthermore, Plaintiff asks for his costs and attorney fees and for any other relief which this

Court deems proper.

Respectfully submitted, this the _____ day of October, 2004.

STACEY LEA SIMS, MSBN 10544

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiff's Memorandum in Support of their Motion to Remand to State Court

Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all

counsel of record at their usual and regular mailing addresses.

This the ___20TH___ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

EXHIBIT "A"

ALCO INDUSTRIES, INC.,
AMERICAN STANDARD, INC.,
AMPCO PITTSBURGH CORP.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC., Individually and on behalf of and/or as successor in interest to
Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation,
AUTOCLAVE ENGINEERS, INC.
BAKER HUGHES, INCORPORATED,
BLACK & VEATCH PRITCHARD, INC., on behalf of, formerly known as, and/or as successor
to J. F. Pritchard & Co. and The Pritchard Corporation,
BONNEY FORGE CORPORATION,
BUFFALO PUMPS, INC.
CELERITY GROUP, INC., on behalf of and as successor to Unit Instruments, Inc. and
Autoclave Engineers, Inc.,
CLARK-RELIANCE CORPORATION, on behalf of and as Successor in Interest to Jerguson
Gauge and Valve Company,
CNA HOLDINGS, INC.,
COOPER ALLOY CORPORATION, f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
EDWARDS VOGT VALVE, INC.,
FLOWSERVE CORPORATION, f/k/a The Duriron Company, Inc.,
FMC CORP., on behalf of its former Construction Equipment Group and former Peerless Pump
Division,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting
from exposure to a GE Turbine),
GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., on behalf of and as
successor to Chandler Evans Control Systems,
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO.,
HONEYWELL INTERNATIONAL, INC., Individually, on behalf of and as Successor in
Interest to Allied Signal, Allied Corp., and Bendix Corp.,
INVENSYS METERING SYSTEMS-NORTH AMERICA, INC.,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAGNATROL VALVE CORPORATION, CLARK-COOPER DIVISION,
THE MANITOWOC COMPANY, INC.,
NL INDUSTRIES, INC.,
PATTERSON-KELLEY,
PHARMACIA CORPORATION,
PNEUMO ABEX CORPORATION,
ROBERTSHAW CONTROLS COMPANY, Individually and on behalf of and as successor to
Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company,
ROCKWELL AUTOMATION, INC.,

ROCKWELL AUTOMATION, INC., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co.,

TELEDYNE FARRIS ENGINEERING

TEREX CORPORATION,

TEXTRON, INC.,

TRW, INC.,

TUTHILL CORPORATION, a/k/a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Tuthill Pump Co.,

TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,

TYCO VALVES & CONTROLS, LP,

VIACOM, INC., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiffs' claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.),

VIKING PUMP, INC., a Unit of Idex Corporation,

WARREN-RUPP, a Unit of Idex Corporation,

WAUKESHA FOUNDRY CO., INC.,

WESTINGHOUSE AIR BRAKE COMPANY,

XOMOX CORPORATION,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**FAYE E. HAMILTON**                                                                  **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 1:04CV732GRo**

**ALLEN-BRADLEY CO., ET AL.**                                            **DEFENDANTS**

### PLAINTIFF'S MOTION TO REMAND TO STATE COURT
### PURSUANT TO RULE 7.2(G) AND 7.2(H) OF THE
### UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

### ORAL ARGUMENT REQUESTED

Plaintiff, by and through counsel, files this her Motion to Remand to state court and in support thereof would show unto the Court the following:

1.

Plaintiff filed her original complaint in this cause on August 25, 2004.  Plaintiff named various defendants incorporated under the laws of states other than Mississippi as well as resident defendant, Stuart C. Irby Co.

2.

The Complaint was filed on behalf of the Plaintiff, an adult resident citizen of the Second Judicial District of Jones County, Mississippi.

3.

On September 21, 2004, the Defendants[1] filed their Notice of Removal in the United States District Court for the Southern District of Mississippi, Southern Division.  In the Notice of Removal, Removing Defendants allege that complete diversity exists between the parties in that Stuart C. Irby Co. is wrongfully joined and none of the remaining defendants are Mississippi residents and therefore this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

---

[1] GE Plastics Global Technology; Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.



**EXHIBIT**

C-1

4.

Plaintiffs' Motion to Remand is timely filed pursuant to 28 U.S.C. § 1447(c) which allows thirty (30) days to file a Notice of Remand.

5.

Removing Defendants did not attempt to obtain the consent of any other defendants prior to filing the Notice of Removal. In fact, the Defendants listed on Exhibit "A" all failed to timely file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal. 28 U.S.C. § 1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action. The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action.

6.

Moreover at the time the Removing Defendants filed their Notice of Removal, Plaintiff had named in her Complaint, a non-diverse defendant, Stuart C. Irby Co., whom Plaintiff alleges distributed asbestos containing products to which Plaintiff's decedent was exposed.

7.

Removing Defendants allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, Removing Defendants assert none of named defendants are Mississippi corporations or are otherwise domiciled in Mississippi. This is simply not true. Stuart C. Irby Co. is a Mississippi Corporation. See Web-print from the Mississippi Secretary of State attached thereto as Exhibit "B".

8.

When a case is removed to federal court, there is a strong presumption against federal court removal jurisdiction. The Court is to strictly construe removal jurisdiction. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) and *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.). The burden of establishing that federal jurisdiction is on the removing party. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removing Defendants have failed to prove diversity. Finally, the Removal is procedurally defective and has not met the requirements set forth by 28 U.S.C. § 1446. Remand is appropriate if there is any doubt as to the right of removal in the first instance. See *Duncan v. Stuetzle*, 76 F.3d. 1480, 1485 (9th Cir. 1996).

9.

For the foregoing reasons Plaintiffs respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiffs ask for their costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the _____20th_____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiff's Motion to Remand to State Court Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all counsel of record at their usual and regular mailing addresses.

This the ___20th___ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

EXHIBIT "A"

ALLEN-BRADLEY CO.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC. individually and as successor to Pennwalt Corporation, M & T Chemicals Inc. and Furane Plastics Inc.
BALDOR ELECTRIC COMPANY,
BW/IP INTERNATIONAL, INC., f/k/a Borg Warner Industrial Product,
COOPER INDUSTRIES, INC.,
CROUSE-HINDS CO, a Division of Cooper Industries,
DOVER CORPORATION, Individually and as Successor in Interest to OPW Division and Blackmer Pump Company
EMERSON ELECTRIC CO., Individually and as Successor in Interest toFisher Governor Co. and/or Fisher Controls International, Inc.
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine),
GE POLYMERLAND, INC. (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine),
OTIS ELEVATOR CO.,
PFIZER, INC.,
PNEUMO ABEX CORPORATION,
QUIGLEY COMPANY, INC.,
ROCKWELL INTERNATIONAL CORP., Individually and as
Successor in Interest to Edward Valves, Inc., Allen-Bradley Co.,
Allen-Bradley Co., Inc., Rockwell Mfg. Co., and Rockwell-Standard Corp.,
STUART C. IRBY CO.,

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**FAYE E. HAMILTON**                                    **PLAINTIFF**

**VS.**                                 **CIVIL ACTION NO. 1:04CV732GRo**

**ALLEN-BRADLEY CO., ET AL.**                           **DEFENDANTS**

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION TO REMAND TO STATE COURT PURSUANT TO RULE 7.2(G)
### AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

<u>Facts</u>

Plaintiff filed her original Complaint in this cause on August 25, 2004. Plaintiff named various defendants incorporated under the laws of states other than Mississippi as well as the resident defendant, Stuart C. Irby Co. On September 21, 2004 Removing Defendants filed their Notice of Removal in the United States District Court for the Southern District of Mississippi, Southern Division.

In their original Notice of Removal, Removing Defendants allege that complete diversity exists between the parties in that none of the defendants are Mississippi residents and therefore this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

Plaintiff's Motion to Remand is timely filed pursuant to 28 U.S.C. $ 1447(c) which allows thirty (30) days from the filing of a Notice of Removal. Removing Defendants filed their Notice of Removal on September 21, 2004

<u>Law</u>

Removing Defendants did not attempt to obtain the consent of any other defendants prior to filing the Notice of Removal. In fact, the Defendants listed on Exhibit "A" all failed to timely file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal. 28 U.S.C. §



EXHIBIT
C-2

1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action. The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action. In *Getty*, the Fifth Circuit held that "all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp., a div. of Texaco v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The *Spillers* court held that the thirty day "time limitation is mandatory and must be strictly construed....if all defendants do not join in or consent to the removal petition within the thirty-day period, 'the district court shall remand the case..." *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997). Since all the defendants which were properly joined and served did not consent and join in the removal, the removal is defective and must be remanded to state court.

Fourth, at the time the removing Defendants filed their Notice of Removal, Plaintiff had named in her Complaint a non-diverse defendant, Stuart C. Irby Co., whom plaintiff alleges distributed asbestos containing products to which plaintiff's decedent was exposed. The Mississippi Secretary of State's web site verifies that Stuart C. Irby Co. is a Mississippi Corporation. *See Print attached hereto as Exhibit "B".*

Furthermore, a removing defendant has the burden of demonstrating a jurisdictional basis for removal, but also must comply with the requirements of the removal statute in order to institute a proper removal. See *Spillers v. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997)

(citing *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D. Miss. 1981)).

<u>Conclusion</u>

When a case is removed to federal court, there is a strong presumption against federal court removal jurisdiction. The Court is to strictly construe removal jurisdiction. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) and Butler v. Polk, 592 F. 2d 1293, 1296 (5th Cir.). The burden of establishing that federal jurisdiction is on the removing party. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removing Defendants have no evidence to support their allegations concerning diversity. Plaintiff clearly has asserted true and viable claims against all defendants in this matter including the non-diverse defendant. Finally, the Removal is procedurally defective and has not met the requirements set forth by 28 U.S.C. § 1446 and the supporting case law, in that the Removing Defendants failed to, timely or otherwise, remove this action or obtain the consent of all parties properly joined and served in this matter. Remand is appropriate if there is any doubt as to the right of removal in the first instance. *See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).*

For the foregoing reasons Plaintiff respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiff asks for her costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the _____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

3

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814


## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiff's Memorandum in Support of their Motion to Remand to State Court

Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all

counsel of record at their usual and regular mailing addresses.

This the _____ 20th _____ day of October, 2004.

_____
STACEY LEA SIMS, MSBN. 10544

4

EXHIBIT "A"

ALLEN-BRADLEY CO.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC. individually and as successor to Pennwalt Corporation, M & T
Chemicals Inc. and Furane Plastics Inc.
BALDOR ELECTRIC COMPANY,
BW/IP INTERNATIONAL, INC., f/k/a Borg Warner Industrial Product,
COOPER INDUSTRIES, INC.,
CROUSE-HINDS CO, a Division of Cooper Industries,
DOVER CORPORATION, Individually and as Successor in Interest to OPW Division and
Blackmer Pump Company
EMERSON ELECTRIC CO., Individually and as Successor in Interest toFisher Governor Co.
and/or Fisher Controls International, Inc.
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting
from exposure to a GE Turbine),
GE POLYMERLAND, INC. (Specifically excluding any claims of plaintiffs resulting from
exposure to a GE Turbine),
OTIS ELEVATOR CO.,
PFIZER, INC.,
PNEUMO ABEX CORPORATION,
QUIGLEY COMPANY, INC.,
ROCKWELL INTERNATIONAL CORP., Individually and as
Successor in Interest to Edward Valves, Inc., Allen-Bradley Co.,
Allen-Bradley Co., Inc., Rockwell Mfg. Co., and Rockwell-Standard Corp.,
STUART C. IRBY CO.,



**MISSISSIPPI**
**SECRETARY OF STATE**
**Business Services**

Current Throu

Search
- **By Business Name**
- **By Business ID**
- **By Officer Name**
- **By Registered Agent**
- **New Corporations**
  Annual Report
- **File Online**
  Verification
- **Verify Certification**
  Online Orders
- **Register for Online Orders**
- **Order Good Standing**
  Fee Schedules
- **Corporations**
- **Limited Partnerships**
- **Limited Liability Partnerships**
- **Limited Liability Companies**
  Miscellaneous
- **Registered Agents**
- **Download Corporate Forms and Instructions**
- **Look Up an SIC**
  Contact
- **Corporations Unit**

Business

Home

Date: 10/19/2004    **View Filed Documents**

## Name History

| Name | Name Type |
|---|---|
| STUART C. IRBY COMPANY | Legal |

## Business Corporation - Domestic - Information

**Business ID:** 205791
**Status:** Good Standing
**Creation Date:** 6/16/1926
**State of Incorporation:** MS
**Principal Office Address:** 815 S STATE ST
JACKSON MS 39201-800
**Principal Mailing Address:** No Address
**Listing Address:** No Address
**Last Annual Report Filed Date:** 3/29/2004
**Last Annual Report Filed:** 2004
**Annual Report Month:** January

## Registered Agent

**Agent Name:** **Waring, Andrew J**
**Office Address:** 815 S State St
Jackson MS 39201

**Mailing Address:**

## Officers & Directors

Home  |  Accessibility Policy  |  Contact Us  |  E-mail Us  |  Links  |  Search

Copyright © 2004 Mississippi Secretary of State. All rights reserved.
Due to the use of DHTML and Java, this Web site is optimized for Microsoft Internet Explorer 5+ or Netscape 6+.



EXHIBIT
**B**