JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL  875

NOV 15 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-237)**

LEA M. MARINOPOULOS, as Executrix of
the Estate of CONSTANTINE S. KOUTSAKIS,
and MARY KOUTSAKIS, Individually,

    Plaintiffs,    : S.D.N.Y. Civ. Action No. 04-5671

 -against-

GENERAL ELECTRIC COMPANY, et al.,

    Defendants.

PHILOMENA STORTINI, as Executrix of the
Estate of JOSEPH A. STORTINI, and
PHILOMENA STORTINI, Individually,

    Plaintiff,    : S.D.N.Y. Civ. Action No. 04-6055

 -against-

GENERAL ELECTRIC COMPANY, et al.,

    Defendants.

PLEADING NO. 4308

IMAGED NOV 15 '04  OFFICIAL FILE COPY

RECEIVED CLERK'S OFFICE

NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-237)
AS TO <u>Marinopoulos, et al. v. General Electric Company, et al.</u> AND <u>Stortini v. General Electric Company, et al.</u>

**TO:**   Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg.
Room G-255, North Lobby
Washington, D.C. 20002

**AND:** All Counsel on the attached Panel Service List (Excerpted from CTO-237), MDL Docket No. 875, <u>In re Asbestos Products Liability Litigation (No. VI)</u> and All Counsel on the attached Service Lists for the <u>Stortini</u> and <u>Marinopoulos</u> actions.

**PLEASE TAKE NOTICE** that pursuant to the Rules of the Judicial Panel on Multidistrict Litigation, plaintiffs in the above-captioned actions, by and through their undersigned attorneys, hereby move the Judicial Panel to vacate so much of Conditional Transfer Order (CTO-237) as applies to <u>Marinopoulos, et al. v. General Electric Co., et al.</u>, Civil Action No. 04-5671 (S.D.N.Y.) and <u>Stortini v. General Electric Co., et al.</u>, Civil Action No. 04-6055 (S.D.N.Y.), or, in the alternative, to stay the CTO from becoming final and effective until the District Court for the Southern District of New York rules on either plaintiffs' motions to remand these actions back to state court or on defendant General Electric Company's motions to stay the proceedings in the Southern District.

Dated: New York, New York
       November 12, 2004

By: _____
    Bryan Belasky (1777)
    **WEITZ & LUXENBERG, P.C.**
    180 Maiden Lane, 17th Floor
    New York, New York 10038
    Tel. (212) 558-5500
    Attorneys for Plaintiffs

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2004

FILED
CLERK'S OFFICE

|  |  |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-237)**

|  |  |
|---|---|
| LEA M. MARINOPOULOS, as Executrix of the Estate of CONSTANTINE S. KOUTSAKIS, and MARY KOUTSAKIS, Individually, | |
| Plaintiffs, | : S.D.N.Y. Civ. Action No. 04-5671 |
| -against- | |
| GENERAL ELECTRIC COMPANY, et al., | |
| Defendants. | |
| PHILOMENA STORTINI, as Executrix of the Estate of JOSEPH A. STORTINI, and PHILOMENA STORTINI, Individually, | |
| Plaintiff, | : S.D.N.Y. Civ. Action No. 04-6055 |
| -against- | |
| GENERAL ELECTRIC COMPANY, et al., | |
| Defendants. | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-237) AS TO <u>Marinopoulos, et al. v. General
Electric Co., et al.</u> and <u>Stortini v. General Electric Co., et al.</u>**

## BACKGROUND OF THE LITIGATION

Plaintiffs here move to vacate so much of Conditional Transfer Order CTO-237 as applies to their actions for personal injury and wrongful death caused by exposure to asbestos, which were improperly removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In the alternative, plaintiffs respectfully request that the Panel stay the CTO from becoming final and effective pending a ruling by the District Court for the Southern District of New York on either plaintiffs' motions to remand or on defendant General Electric Company's motion for a stay of proceedings before the Southern District. In the Marinopoulos case, a motion for remand to the state court has been fully briefed, filed and awaits oral argument (if the District Court so desires) and a final disposition in the Southern District of New York . In the Stortini case, a similar motion for remand has been filed, but, because the Judge originally assigned to the case has recused himself, the motion in that case has not yet been fully briefed. A motion to consolidate these two actions along with several other related asbestos actions recently removed by defendant General Electric Company ("GE") to the Southern District of New York on the same grounds before one Judge for the purpose of hearing plaintiffs' motions to remand all of these cases has been filed as well.

Plaintiffs' decedent Constantine Koutsakis in the Marinopoulos case died of mesothelioma from exposure to asbestos on December 29, 2003, and decedent Joseph Stortini died of asbestos-related lung cancer on August 18, 2002. Both allege exposure to asbestos while serving in the United States Navy from, in part, turbines manufactured by defendant GE and installed on the Naval ships on which they served. Plaintiffs in both actions filed suit in New York state court against GE, among other defendants, asserting a cause of action based upon

-2-

GE's alleged failure to warn decedents about the hazards of exposure to asbestos from its products.

GE removed these two cases to the United States District Court for the Southern District of New York asserting that the federal court had jurisdiction under the federal officer removal statute, 28 U.S.C. §1442(a)(1). GE argues that in designing and manufacturing its turbines, and in failing to warn decedents of the dangers of exposure to the asbestos used to insulate its turbines, it was acting "under color" of the Navy and Naval officers within the meaning of the removal statute, and that the federal courts, therefore, have subject matter jurisdiction over these actions. Plaintiffs, in their motions to remand back to state court, argue that GE has not submitted any competent proof to establish, as it must in order to invoke the jurisdiction of the federal courts, that the Navy or any Naval officer prohibited it from warning about the dangers of asbestos. Many District Courts around the country have ruled on this precise issue in asbestos personal injury cases before, and all have held that GE bears the burden of showing that it was prohibited from warning in order for the federal courts to have jurisdiction over these cases. GE has not carried its burden here.

GE has also filed motions in each of these cases seeking a stay of all proceedings in the District Courts before which the cases are currently pending until these actions are transferred to the MDL court for asbestos cases in the Eastern District of Pennsylvania. GE seeks to avoid having the federal court to which it has removed these actions rule at all on the threshold issue of subject matter jurisdiction. Plaintiffs do not seek to prosecute these cases in the Southern District of New York at all, but simply want to have that Court hear their motions to remand. If the federal courts lack subject matter jurisdiction in the first place, it would be manifestly unfair to transfer these cases to Pennsylvania without the District Court in New York having even had

an opportunity to rule on the issue.

Furthermore, the MDL court in the Eastern District of Pennsylvania apparently does not rule on motions to remand cases back to state court, but, instead, only entertains motions to remand cases back to the transferor court from which the cases came. There is not one published decision by the asbestos MDL court ruling on a plaintiff's motion to remand a case back to state court, and an exhaustive search undertaken by plaintiffs' counsel in these cases has revealed no unpublished decisions by that court on a remand motion either. Counsel for GE too has not cited to one decision of the MDL court ruling on a remand motion. In fact, there are dozens of published decisions from various District Courts around the country (and an unknown number of unpublished ones) which, prior to any transfer to the MDL court, rule (one way or the other) on plaintiffs' motions to remand asbestos cases that had been removed based on the federal officer removal statute or the related federal enclave jurisdiction. Thus, GE's vigorous efforts to have these cases transferred to the MDL court before the District Court rules on the threshold issue of subject matter jurisdiction is a calculated attempt to avoid any hearing by any court on this issue. All that plaintiffs seek is an opportunity to be heard on the substance of this critical issue. All that GE seeks is further delay and/or avoidance of a ruling as to whether the federal courts have subject matter jurisdiction over these cases.

**PROCEDURAL HISTORY**

Plaintiffs in the Marinopoulos case first filed suit against GE and other defendants on June 8, 2004 in New York State Supreme Court. On July 21, 2004, GE removed this action to the District Court for the Southern District of New York. Counsel for GE subsequently suggested to the Judicial Panel on Multidistrict Litigation that this matter be listed as a tag-along case to MDL 875, In re Asbestos Products Liability Litigation (No. VI), and also filed its motion

to stay all proceedings in the Southern District of New York pending transfer to the MDL court. Plaintiffs filed their motion to remand this case back to state court and their opposition to GE's motion to stay on September 2, 2004. Both motions were fully briefed by September 24, 2004. Neither motion has yet been decided, and oral argument has not been heard yet.

On June 16, 2004, plaintiff in the Stortini case filed suit in New York State Supreme court against GE and other defendants. On August 5, 2004, GE removed this action to the District Court for the Southern District of New York. GE then noticed this action as a tag-along action, and filed exactly the same motion to stay as it did in the Marinopoulos case. Plaintiff filed its motion to remand this action back to state court on October 7, 2004. On October 15, 2004, Judge Victor Marrero of the Southern District of New York recused himself in this case. On October 28, 2004, the case was reassigned to Judge Peter K. Leisure, and on November 5, 2004, the case was again reassigned, this time to Judge Richard J. Holwell. Neither of the motions have been decided in this case either, and, because of the case being transferred between various judges, it is somewhat unclear what will occur next.

On November 2, 2004, at the urging of Judge Marrero and of Judge George B. Daniels, who is presiding over a third asbestos case recently removed on the same grounds by GE to the Southern District of New York, plaintiffs filed a motion to consolidate these two cases along with several other asbestos cases all recently removed by GE on the same grounds. Again, plaintiffs do not seek to prosecute these cases in the Southern District of New York, they only wish to have the issue of the existence of subject matter jurisdiction decided. The motion to consolidate has not been ruled on yet either.

On October 14, 2004, this Panel filed CTO-237, conditionally transferring both of these actions to the MDL court in the Eastern District of Pennsylvania. On October 29, 2004, plaintiffs

filed a Notice of Opposition to the CTO with this Panel. On November 10, 2004, plaintiffs' counsel wrote Mr. Beck, the clerk of the Panel, via fax requesting an extension of time to file the instant motion and brief so that the District Court in the Southern District of New York could have sufficient time to rule on plaintiffs' motions to remand. That same day, the clerk's office called plaintiffs' counsel to inform us that our request had been denied.

## LEGAL ARGUMENT

I.  **IN THE CLEAR ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, THE JUDICIAL PANEL SHOULD NOT TRANSFER AN ACTION THAT IS PROPERLY SUBJECT TO REMAND TO STATE COURT BEFORE THE TRANSFEROR DISTRICT COURT TO WHICH THE ACTION HAS BEEN REMOVED HAS EVEN ADDRESSED PLAINTIFFS' MOTIONS TO REMAND PENDING BEFORE IT.**

Neither the Judicial Panel, the proposed transferee court, nor the United States District Court for the Southern District of New York properly has subject matter jurisdiction over this case. Removing defendant GE simply has not carried its burden of establishing that it acted "under color" of a federal officer in failing to warn the decedents about the dangers of asbestos in these cases. Without making such a showing, GE can not invoke the jurisdiction of the federal courts under 28 U.S.C. §1442(a)(1). E.g., Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Faulk v. Owens Corning Fiberglas Corp., 48 F.Supp.2d 653 (E.D. Tex. 1999).

It is firmly established that in any removal to the federal courts, the defendant seeking removal bears the burden of showing that federal subject-matter jurisdiction exists; that removal was timely filed; and that removal was proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Mehlenbacher v. Akzo Nobel Salt, Inc., 216

F.3d 291, 296 (2d Cir. 2000); *see also* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). On a plaintiff's motion for remand, the burden remains on the removing defendant to show why the action should not be remanded, and any lingering doubts must be resolved against the proponents of the federal forum. *See, e.g.,* McNutt, *supra*, 298 U.S. at 189; R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); and Newmark & Lewis, Inc. v. Local 814, Internat'l Brotherhood of Teamsters, 776 F. Supp. 102, 105 (E.D. N.Y. 1991), all holding that a removing party must establish its right to a federal forum by "competent proof."[1]

Furthermore, "[b]ecause it is premised on the protection of federal activity and an anachronistic mistrust of state courts' ability to protect and enforce federal interests and immunities from suit, private actors seeking to benefit from [the provisions of the federal officer removal statute] bear a special burden of establishing the official nature of their activities." Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 at 1150 (D. Colo. 2002) (emphasis in original) citing Ryan v. Dow Chemical Co., 781 F.Supp. 934 at 950-51

---

[1] Practical considerations also dictate a circumspect approach to removal jurisdiction. Where a federal court lacks jurisdiction, any decision it enters is necessarily void. *See, e.g.,* Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. *See, e.g.,* Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp., *supra,* 313 U.S. at 104 ( "[d]ue regard for the rightful independence of state governments" requires federal courts to "scrupulously confine" their jurisdiction to precise statutory limits); and Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1203 (D. R.I. 1986) (the federal court may retain jurisdiction only where authority to do so is clear; any other holding detracts from principles of federalism, comity, and sovereignty of states).

(E.D.N.Y. 1992). "If the right to remove is doubtful, the case should be remanded." Freiberg 245 F.Supp.2d at 1151, citing Ryan 781 F.Supp. at 939, citing Good v. Armstrong World Indus., 914 F.Supp. 1125 at 1131 (E.D. Pa. 1996).

All that plaintiffs seek here is the opportunity to have the critical, threshold issue of the existence of subject matter jurisdiction decided in the Southern District of New York before the proceedings become even more complicated and the cases are further delayed when they are transferred to the Eastern District of Pennsylvania. Additionally, as discussed above, it appears that the asbestos MDL court has never ruled on a plaintiff's motion to remand a case back to state court. Instead, in asbestos cases throughout the country, it is the District Court to which the case is first removed that routinely decides this threshold issue. E.g., Feidt v. Owens - Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Fink v. Todd Shiparyds, 2004 WL 856734 (E.D.La. 2004); Morgan v. Asbestos Defendants, 2003 WL 945987 (N.D. Cal. 2003); Teague v. Bell Helicopter Services, Inc., 2003 WL 21135481 (N.D.Tex.2003); Schilz v. A.P. Green Industries, Inc., 2002 WL 102608 (N.D.Cal. 2002); Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Carter v. ACANDS, Inc., 2002 WL 31682352 (E.D.Tex. 2002); Hines v. ACANDS, Inc., 128 F.Supp.2d 1003 (N.D. Texas 2001); Anderson v. Crown Cork & Seal, 93 F.Supp.2d 697 (E.D. Va. 2000); Megill v. Worthington Pump, Inc., 1999 WL 191565 (D.Del.1999); Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La.1999); Bautista v. Owens - Corning Fiberglas Corp., 1998 WL 267975 (N.D.Cal. 1998); Nguyen v. Allied Signal, Inc., 1998 WL 690854 (N.D.Cal. 1998); Polesky v. ACANDS, Inc., 1998 WL 633666 (S.D.N.Y. 1998); Ruffin v. Armco Steel Corp., 959 F.Supp. 770 (S.D. Texas 1997); McCormick v. C.E. Thurston & Sons, Inc., 977 F.Supp. 400 (E.D. Va. 1997); Blackman v. Asbestos Defendants, 1997 WL 703773 (N.D.Cal. 1997); Gauthe v. Asbestos Corp. 1997 WL

3255 (E.D.La. 1997); Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D.Cal. 1996); Yap v. Owens - Corning Fiberglas Corp., 1995 WL 225694 (N.D. Cal. 1995); Viala v. Owens - Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. 1994); Cabalic v. Owens - Corning Fiberglas Corp., 1994 WL 564724 (N.D.Cal. 1994); Saaquisame v. Owens - Corning Fiberglas Corp., 1994 WL 564727 (N.D.Cal.1994); Crocker v. Borden, Inc., 852 F.Supp. 1322 (E.D. La. 1994); Anderson v. Avondale Industries, Inc., 1994 WL 679827 (E.D.La. 1994); Pack v. ACAND S, Inc., 838 F.Supp. 1099 (D. Md. 1993); Fung v. Abex Corp., 816 F.Supp. 569 (N.D. Cal. 1992).

Moreover, there is precedent for this Panel to facilitate the decision of remand motions prior to transfer of asbestos cases to the asbestos MDL court. E.g. Vasura v. ACANDS, 84 F.Supp.2d 531, 532-33 (S.D.N.Y. 2000) (panel vacated a previously-granted final order of transfer to permit the transferor judge to rule on a motion to remand); see also DAVID F. HERR, MANUAL FOR COMPLEX LITIGATION § 31.131 (3d ed. 2003) at 332 ("Sometimes the panel has concluded that it should delay its ruling on transfer until critical motions have been decided by the court in which the case is pending.").

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation vacate so much of Conditional Transfer Order CTO-237 as applies to their cases, or, in the alternative, stay the transfer order from becoming final and effective until the District Court for the Southern District of New York has ruled on the motions pending before it currently.

Respectfully submitted,

Dated: New York, New York
November 12, 2004

By:_____
Bryan Belasky
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Floor
New York, New York 10038
Tel. (212) 558-5753
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : | MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-237)**

| | | |
|---|---|---|
| LEA M. MARINOPOULOS, as Executrix of the Estate of CONSTANTINE S. KOUTSAKIS, and MARY KOUTSAKIS, Individually, | : | |
| Plaintiffs, | : | S.D.N.Y. Civ. Action No. 04-5671 |
| -against- | : | |
| GENERAL ELECTRIC COMPANY, et al., | : | |
| Defendants. | : | |
| PHILOMENA STORTINI, as Executrix of the Estate of JOSEPH A. STORTINI, and PHILOMENA STORTINI, Individually, | : | |
| Plaintiff, | : | S.D.N.Y. Civ. Action No. 04-6055 |
| -against- | : | |
| GENERAL ELECTRIC COMPANY, et al., | : | |
| Defendants. | : | |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2004

FILED
CLERK'S OFFICE

# CERTIFICATION OF SERVICE

I, Bryan Belasky, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the State of New York, am an associate of the law firm of Weitz & Luxenberg, P.C., counsel for plaintiffs in the above-captioned actions. On the date set forth next to my signature below, I caused the original and eleven copies of the within Notice of Motion and Brief, together with this Certification of Service and a computer readable disk of the pleading, to be served via overnight Federal Express on Michael J. Beck, Clerk of the Judicial Panel on Multidistrict Litigation, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Bldg., Room G-255, North Lobby, Washington, D.C. 20002, and to be served by United States Postal Service, postage-paid first-class mail, on all counsel listed on the attached Panel Service List (Excerpted from CTO-237), MDL Docket No. 875, In re Asbestos Products Liability Litigation (No. VI) and on all counsel listed on the attached Service Lists for the Marinopoulos and Stortini cases.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: New York, New York
       November 12, 2004

By: _____
Bryan Belasky (1777)
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Floor
New York, New York 10038
Tel. (212) 558-5500
Attorneys for Plaintiffs

RECEIVED CLERK'S OFFICE

# PANEL SERVICE LIST (Excerpted from CTO-237)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Lea M. Marinopoulos, et al. v. General Electric Co.*, S.D. New York, C.A. No. 1:04-5671  (Judge Michael B. Mukasey)
*Stortini, etc., et al. v. General Electric Co.*, S.D. New York, C.A. No. 1:04-6055  (Judge Victor Marrero)

Bryan Belasky
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12 th Floor
Newark, NJ 07102

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

## Stortini and Marinopoulos Service List

NANCY MCDONALD, ESQ.
McELROY, DEUTCH & MULVANEY
1300 MOUNT KEMBEL AVENUE
MORRISTOWN, NJ   07962-2075
PHONE # (973) 993-8100
FAX # (973) 425-0161
**COUNSEL FOR A.O. SMITH WATER PRODUCTS CO.**

JULIE EVANS, ESQ.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER
150 EAST 42ND STREET
NEW YORK, NY  10017-5639
PHONE # (212) 490-3000
FAX # (212) 490-3038
**COUNSEL FOR  A.W. CHESTERTON CO.**

JUDITH YAVITZ, ESQ.
ANDERSON, KILL, OLICK & OSHINSKY
1251 AVENUE OF THE AMERICAS
NEW YORK, NY 10020-1000
PHONE # (212) 278-1000
FAX # (212) 278-1733
**COUNSEL FOR AMCHEM PRODUCTS, INC., n/k/a RHONE POULENC AG CO., n/k/a BAYER CROPSCIENCE INC., CERTAIN TEED CORPORATION, DANA CORPORATION,  AND UNION CARBIDE CORP.**

PEGGY CHATEAUNEUF
MCCARTER & ENGLISH
FOUR GATEWAY CENTER
100 MULBERRY STREET
NEWARK, NJ 07102
PHONE # (973) 622-4444
FAX # (973) 624-7070
**COUNSEL FOR AMERICAN OPTICAL CORP.**

YVETTE HARMON, ESQ.
MCGUIRE WOODS LLP
1345 AVENUE OF THE AMERICAS, 7TH FLOOR
NEW YORK, NY 10105
PHONE # (212) 548-2100
FAX # (212) 548-2150
**COUNSEL FOR AMERICAN STANDARD, INC.**

THEODORE EDER, ESQ.
SEGAL McCAMBRIDGE SINGER & MAHONEY
805 3rd AVENUE
NEW YORK, NY 10022
PHONE # (212) 918-4540
FAX # (212) 912-3667
**COUNSEL FOR ANCHOR PACKING CO., AND GARLOCK SEALING TECHNOLOGIES LLC f/k/a GARLOCK, INC.**

ART BROMBERG, ESQ.
L'ABBATE, BALKAN, COLAVITA & CONTINI
7 REGENT STREET, SUITE 711
LIVINGSTON, NJ  07039
PHONE # (973) 422-0422
FAX # (973) 422-0420
**COUNSEL FOR BMCE, INC. f/k/a UNITED CENTRIFUGAL PUMP,  AND PEERLESS INDUSTRIES, INC.**

JOHN J. FANNING, ESQ.
CULLEN & DYKMAN
177 MONTAGUE STREET
BROOKLYN, NY  11201
PHONE # (718) 855-9000
FAX # (718) 935-1509
**COUNSEL FOR BURNHAM, LLC as successor to  BURNHAM CORP., AND GOULDS PUMPS, INC.**

CORI L. LEAVITT, ESQ.
MALABY CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR CLEAVER BROOKS CO., INC.**

ANDREW CZEREPAK, ESQ.
CONSOLIDATED EDISON
FOUR IRVING PLACE
NEW YORK, NY 10003
PHONE # (212) 460-2164 or 2158
FAX # (212) 780-6483
**COUNSEL FOR CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.**

THOMAS G. CARRUTHERS, ESQ.
O'MELVENY & MYERS LLP
TIMES SQUARE TOWER
7 TIMES SQUARE
NEW YORK, NY 10036
PHONE # (212) 326-2242
FAX # (212) 326-2061
**COUNSEL FOR COURTER & CO. INC., AND TREADWELL CORP.**

CYNTHIA WEISS ANTONUCCI, ESQ.
HARRIS, BEACH LLP
805 THIRD AVENUE, 20TH FLOOR
NEW YORK, NY 10022
PHONE # (212) 687-0100
FAX # (212) 687-0659
**COUNSEL FOR CRANE, CO., GENERAL ELECTRIC CO., AND KENTILE FLOORS, INC.**

JOHN J. KOT, ESQ.
WATERS, MCPHERSON & MCNEIL
300 LIGHTING WAY, 7TH FLOOR
SECAUCUS, NJ 07096
PHONE # (201) 863-4400
FAX # (201) 863-2866
**COUNSEL FOR DB RILEY, INC.**

WILLIAM MUELLER, ESQ.
CLEMENTE, DICKSON & MUELLER
218 RIDGEDALE AVENUE
MORRISTOWN, NJ 07961
PHONE # (973) 455-8008
FAX # (973) 455-8118
**COUNSEL FOR DURABLA MANUFACTURING COMPANY**

WILLIAM GALLAGHER, ESQ./RACHEL FLEMING-CAMPBELL, ESQ
MCMAHON, MARTINE & GALLAGHER
90 BROAD STREET
NEW YORK, NY 10004
PHONE # (212) 747-1230
FAX # (212) 747-1239
**COUNSEL FOR EASTERN REFRACTORIES CO., INC., AND TISHMAN REALTY & CONSTRUCTION CO., INC.**

STEVE KEVELSON, ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201
PHONE # (718) 649-4900
FAX # (718) 649-4902
**COUNSEL FOR EMPIRE ACE INSULATION MFG. CORP.**

DAVID SCHAEFER, ESQ.
MALABY CARLISLE & BRADLEY
150 BROADWAY, SUITE 600
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR FOSTER WHEELER, L.L.C.**

SUZANNE HALBARDIER, ESQ.
ROBERT GORIS, ESQ.
BARRY, MCTIERNAN & MOORE
2 RECTOR STREET, 14TH FLOOR
NEW YORK, NY 10006
PHONE # (212) 608-8999
FAX # (212) 608-8902
**COUNSEL FOR FULTON BOILER WORKS, INC.**

MICHAEL A. TANENBAUM, ESQ.
SEDWICK, DETERT, MORAN & ARNOLD LLP
ONE GATEWAY CENTER, 11th FLOOR
NEWARK, NJ 07102-5311
PHONE: (973) 242-0002
FAX:: (973) 242-8099
**COUNSEL FOR GENERAL ELECTRIC CO.**

CATHI A. HESSION, ESQ./ JASON T. COHEN, ESQ.
FLEMMING, ZULACK & WILLIAMSON, LLP
ONE LIBERTY PLAZA
NEW YORK, NY 10006
PHONE # (212) 412-9500
FAX # (212) 964-9200
**COUNSEL FOR GOODYEAR CANADA, INC., AND GOODYEAR TIRE & RUBBER CO.**

LAWRENCE MCGIVNEY, ESQ.
MCGIVNEY, KLUGER & GANNON, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004
PHONE  212 509-3456
FAX  212 509-4420
**COUNSEL FOR H.B. FULLER CO.,  PATTERSON PUMP CO., PUERTO RICO SAFETY EQUIPMENT CORP., n/k/a
WORKSAFE INDUSTRIES OF PUERTO RICO, INC., AND SAFEGUARD INDUSTRIAL EQUIPMENT CO., INC.**

LISA M. PASCARELLA, ESQ./STEPHANIE A. DIVITA, ESQ.
PEHLIVANIAN & BRAATEN, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736
PHONE # (732) 528-8888
FAX # (732) 528-4445
**COUNSEL FOR INGERSOLL-RAND CO.**

JOSEPH CARLISLE, ESQ.
MALABY, CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR J.H. FRANCE REFRACTORIES CO., AND PREMIER REFRACTORIES, INC., f/k/a ADIENCE/BMI in care of
SPECIAL CLAIMS SERVICES, INC.**

RICHARD MARIN, ESQ.
MARIN GOODMAN, LLP
40 WALL STREET
NEW YORK, NY 10005
TEL: (212) 661-1151
FAX: (212) 661-1141
**COUNSEL FOR KEELER/DORR-OLIVER BOILER CO.**

CYNTHIA R. CLARK , ESQ
KEYSPAN CORPORATION
ONE METRO CENTER
BROOKLYN, NY 11201
PHONE # (718) 403-3089
FAX # (718) 403-3106
**COUNSEL FOR KEYSPAN GENERATION LLC, f/k/a LONG ISLAND POWER AUTHORITY**

MARC S. GAFFREY, ESQ.
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS
40 PATTERSON STREET
P.O. BOX 480
NEW BRUNSWICK, NJ  08903
PHONE # (732) 545-4717
FAX # (732) 545-4579
**COUNSEL FOR KOHLER CO.**

ANNA DILONARDO, ESQ.
L'ABBATE, BALKAN, COLAVITA & CONTINI
1050 FRANKLIN AVENUE
GARDEN CITY, NY  11530
PHONE # (516) 294-8844
FAX # (516) 294-8202
**COUNSEL FOR LOCKHEED MARTIN CORP., as successor in interest to MARTIN MARIETTA CORP., THE OKONITE CO.,
AND ROBERT A. KEASBEY CO.**

ROSA LEE, ESQ.
CULLEN AND DYKMAN
177 MONTAGUE STREET
BROOKLYN, NEW YORK 11201
PHONE # (718) 855-9000
FAX # (718) 935-1304
**COUNSEL FOR MARIO & DIBONO PLASTERING CO., INC.**

MICHELLE REGAN, ESQ.
FRANCIS WUINN, ESQ.
LAVIN, COLEMAN, O'NEIL RICCI, FINARELLI & GRAY
420 LEXINGTON AVENUE, SUITE 2900
GRAYBAR BUILDING
NEW YORK, NY 10170
PHONE # (212) 319-6898
FAX # (212) 319-6932
**COUNSEL FOR 3M**

MICHAEL A. CERUSSI/THOMAS M. CRISPI
CERUSSI & SPRING
ONE NORTH LEXINGTON AVENUE
WHITE PLAINS, NY 10601
PHONE # (914) 948-1200
FAX # (914-948-1579
**CO-COUNSEL FOR 3M**

MARY ELLEN CONNOR, ESQ.
MALABY CARLISLE & BRADLEY, LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR MORSE/DIESEL, INC., AND WEIL-MCLAIN, a division of THE MARLEY CO.**

BARBARA HOPKINS KELLY , ESQ.
WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER, LLP
33 WASHINTON STREET
NEWARK, NEW JERSEY 07102-5003
PHONE # - (973) 624-0800
FAX # - (973) 624-0799
**COUNSEL FOR OAKFABCO, INC.**

ANDREW SAPON, ESQ.
BIVONA & COHEN, P.C.
88 PINE STREET
NEW YORK, NY  10005
PHONE # (212) 363-3100
FAX # (212) 363-9824
**COUNSEL FOR O'CONNOR CONSTRUCTORS & CO., INC. f/k/a THOMAS O'CONNOR & CO., INC.**

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022
PHONE # (212) 753-5000
FAX # (212) 753-5044
**COUNSEL FOR OWENS-ILLINOIS, INC.**

SAMUEL GOLDBLATT, ESQ.
NIXON PEABOBY LLP
1600 MAIN PLACE TOWER
BUFFALO, NY 14202
PHONE # (716) 853-8121
FAX # (716) 853-8109
**COUNSEL FOR PATTERSON-KELLY DIVISION**

JOHN P. HOOPER, ESQ.
EDWARDS & ANGELL, LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
PHONE # (212) 756-0309
FAX # (212) 308-4844
**COUNSEL FOR PFIZER, INC. (PFIZER), AND QUIGLEY CO., INC.**

4

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020
PHONE # (212) 398-5297
FAX # (212) 398-5245
**COUNSEL FOR RAPID AMERICAN CORPORATION**

LORI ELLIOT GUZMAN, ESQ.
HUTTON & WILLIAMS
RIVERFRONT PLAZA EAST TOWER
951 EAST BYRD STREET"
RICHMOND, VA 23219
PHONE #(804) 788-8362
FAX # (804) 788-8218
**COUNSEL FOR REYNOLDS METALS CO. as successor in interest to ATLANTIC ASBESTOS CORP.**

DANIEL MORETTI, ESQ.
LANDMAN CORSI BALLAINE & FORD
120 BROADWAY, 27TH FLOOR
NEW YORK, NY 10271
PHONE # (212) 238-4800
FAX # (212) 238-4848
**COUNSEL FOR SEQUOIA VENTURES, INC. f/k/a BECHTEL CORP.**

PAUL JOSEPHS, ESQ.
FABIANI & COHEN LLP
570 LEXINGTON AVE.
NEW YORK, NEW YORK 10022
PHONE # (212) 644-4420
FAX # (212) 752-8053
**COUNSEL FOR TISHMAN LIQUIDATING CORP.**

FRANK A CECERE, ESQ.
AHMUTY, DEMERS & MCMANUS
200 I.U. WILLETS ROAD
ALBERTSON, NY 11507
PHONE # (516) 294-5433
FAX # (516) 625-4712
**COUNSEL FOR TISHMAN REALTY & CONSTRUCTION CO., INC.**

ANTHONY J. MARINO, ESQ.
GARRITY, GRAHAM, FAVETTA & FLYNN
ONE LACKAWANNA PLAZA
MONTCLAIR, NJ 07042-8205
PHONE # (973) 509-7500
FAX # (973) 509-0414
**COUNSEL FOR UNITED CONVEYOR CORP.**

WILLIAM BRADLEY, ESQ.
MALABY CARLISLE & BRADLEY LLC
150 BROADWAY
NEW YORK, NY 10038
PHONE # (212) 791-0285
FAX # (212) 791-0286
**COUNSEL FOR VIACOM INC., successor by merger to CBS CORPORATION f/k/a WESTINGHOUSE ELECTRIC CORP.**

JOHN RONCA, JR. ESQ.
RONCA, MCDONALD & HANLEY
5 SOUTH REGENT STREET, SUITE 517
LIVINGSTON, NJ 07039
PHONE # (973) 994-2030
FAX # (973) 994-2113
**COUNSEL FOR YORK INDUSTRIES CORP.**