**MDL  875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV 15 2004

IN RE: ASBESTOS PRODUCTS

FILED
CLERK'S OFFICE

MDL Docket Number; MDL-875

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

RAYMOND T. ADAMSKI
and
BETTY ADAMSKI, his wife

            Plaintiffs

v.                                    Civil Action No. JFM04CV02965

QUIGLEY COMPANY, INC., et al.,

            Defendants

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Raymond T. Adamski and Betty Adamski, his wife, Plaintiffs herein pursuant to Rule 7.1

of the Rules of Procedure of the Judicial Panel of the Multi-District Litigation, moves the Panel

to vacate its order conditionally transferring the above captioned case to the United States

District Order for the Eastern District of Pennsylvania.  This motion is based on the attached

brief in support of Motion to Vacate Conditionally Transfer Order and such other materials as

may be presented to the panel at time of hearing on the motion.

Pursuant to Rule 7.1, movants request the Court to set this motion for a hearing on the

next session of panel.

Date: November 15, 2004

Respectfully submitted,

Jennifer L. Lilly
Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201

PLEADING NO. 4310

OFFICIAL FILE COPY

IMAGED NOV 16 '04

RECEIVED
CLERK'S OFFICE
2004 NOV 15 P 2: 51

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2004

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE: ASBESTOS PRODUCTS | * |
|  | * |
|  | MDL Docket Number; MDL-875 |
| RAYMOND T. ADAMSKI | * |
| and | |
| BETTY ADAMSKI, his wife | * |
|  | * |
| Plaintiffs | * |
| v. | Civil Action No. JFM04CV02965 |
|  | * |
| QUIGLEY COMPANY, INC., et al., | * |
|  | * |
| Defendants | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER

### INTRODUCTION

This brief is filed pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on

Multi-District Litigation, in support of Plaintiffs' Motion to Vacate the Conditionally Transfer

Order of the Panel ordering transferring of This case to the Eastern District of Pennsylvania in

accordance with 28 U.S.C.A. 1407. This case was originally filed in the Circuit Court for

Baltimore City and sought damages from the defendants who are manufacturers, distributors or

installers of asbestos containing products. It is alleged that the plaintiff developed a lung cancer

caused by exposure to asbestos, which resulted from his occupational exposure to asbestos

products for which the Defendants are responsible. The Defendants removed this case to the

United States District court for the Northern District of Maryland on grounds that federal

jurisdiction existed because a potion of the plaintiff's exposure to asbestos occurred at the United

States Coast Guard Yard, which the defendants claim is a federal enclave. The notice of removal

alleges that there is exclusive federal jurisdiction pursuant to Article I, Section 8, Clause 17 of

the U.S. Constitution.

## ARGUMENT I

## THIS PROCEEDING IS THE PROPER SUBJECT

## OF MULTIDISTRICT LITIGATION

An action may be transferred for coordinated or consolidated pretrial proceedings only when there are common issues of fact and when the transfer will "serve the convenience of the parties and witnesses" and will "promote the just and efficient conduct" of action.  28 U.S. C. § 1407.  The fact that a case has been designated a "tagalong case" does not precluded the necessity of that determination.  InRe: Grain Shipments 319 at Supp. 533 (JPML 1970).

It is the position of the Plaintiffs, Raymond T. Adamski and Betty Adamski, his wife, that transfer by this panel is not appropriate because there are no issues to be resolved in this proceeding which have commonality with the asbestos personal injury cases pending in the Eastern District of Pennsylvania, and that neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

Even though the claim presented in this proceeding and the issues involved are similar to those presented in the pending MDL cases in the Eastern District of Pennsylvania, the common issues have been resolved by the Maryland State Courts and the only pretrial proceedings which are required are those which are plaintiff specific and which cannot resolved in the Multi-District Litigation proceedings.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues

2

which are common to all of the consolidated cases.  28 U.S.C.S. § 1407(a) provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the Judicial Panel on Multi-District Litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the purposes of the Multi-District Litigation Statute, since that transfer will not serve the convenience of the parties and witnesses and will not promote just and efficient conduct of this action.  This case was originally filed in the Circuit Court for Baltimore City which has extensive experience in asbestos litigation and has implemented innovative trial plans to resolve the back-load of pending cases.  The Judges for the Circuit Court fo Baltimore City, in recognition of the fact that mesothelioma cases are the most serious, have formulated a policy whereby mesothelioma cases are set for trial on a priority basis and receive prompt trial dates without regard tot he fact that they have been recently filed.  Because of that trial plan, there is no backlog of pending mesothelioma cases in the Circuit court fo Baltimore city, since prompt and efficient resolution of these cases, either by settlement or verdict, is assured.

In the Circuit Court for Baltimore City a prompt trial date is assured, and if this case is transferred tot he Eastern District of Pennsylvania, the only result will be an unjustified delay of these proceedings without the stated purposes and goals of the Multi-District Litigation being

3

satisfied.

The interest of justice will be served in this case by a prompt resolution of the issues presented. That will not occur if this case is transferred to the Eastern District of Pennsylvania, and Will result in an unjustified delay in these proceedings.

## ARGUMENT II

## THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.

Over the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on the issues common to those cases to such an extent that in the Circuit Court for Baltimore City these common issues are subject to uniform decisions which are made applicable in each case. In the mesothelioma cases, which are now being tried on an expedited basis in Baltimore City, discovery concerning these common issues is rarely if ever conducted because these issues have been the subject of repeated discovery and further proceedings simply are not justified.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding. These two consolidated actions, ACandS, Inc. v. Godwin, 340 Md., 334; 667 A.2d 116 (1995) and ACandS v. Abate, 121 Md. App. 590, 710 A.2d 944 (1998) were held for the purpose of resolving common issues found in all asbestos personal injury cases. The Maryland Court of Appeals found in Godwin that asbestos cases were particularly suitable

4

for consolidation, because the evidence required to prove the common issues took an inordinate amount of trial time, and had to be presented in each individual case. In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case. Also, the common issue findings in Godwin and Abate have been made applicable to other cases which were not part of the consolidation under the doctrine of collateral estoppel. The pre-trial common issues resolved in those large consolidation involve the same issues which MDL will address.

As a result of the disposition of the prior Maryland asbestos cases, all discovery of common issues in such cases has been completed, leaving only plaintiff-specific discovery pending. Such discovery would be timely conducted before the U.S. District Court for the District of Maryland and no cognizable benefit could be derived from the transfer of this case to MDL, a forum devoted to the disposition of pre-trial issues existing case-wide. The resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case.

When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited trial plan, the only issues which are subject to pretrial discovery are those, such as causation, damages, medical evidence, etc. which are specific to a particular plaintiff's case. The plaintiff specific issues are not considered by the MDL Court and will be resolved by the transferee court at some later date. This will mean the resolution of this case would be delayed until the MDL Court has resolved these common issues. Only at that time will this case be remanded to this Court where a resolution of the plaintiff specific issues and discovery will begin. See InRe: Radiation Incident at Washington, DC, April 5, 1974, 400 Fed.Supp. 1404

5

(1975).  Under the circumstances of this case, the Multi-District Litigation Plan does not promote

efficiency or serve justice.  The plaintiff specific discovery, which is all that is necessary to

prepare this action for trial, will be delayed, while the Multi-District Litigation Court resolves

common issues which have been resolved in this case by virtue of prior asbestos litigation.


## CONCLUSION

Before the Panel may transfer cases pursuant to 28 U.S.C.A. § 1407, it must make an

affirmative finding that 1) transfer will be for the convenience of the parties and witnesses, and

2) will promote the just and efficient conduct of the cases.  For the reasons stated herein,

movants submit that neither of the required findings can be made and thus respectfully asks that

the Panel vacate the conditional transfer order.


Respectfully submitted,


Jennifer L. Lilly
Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street, 22nd Fl.
Baltimore, MD 21201-3812


6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 15 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November, 2004, two copies of the foregoing

Motion to Vacate Conditional Transfer Order was sent via First Class Mail, Postage Prepaid, to all

listed on the attached Panel Service List.

Jennifer L. Lilly

RECEIVED
CLERK'S OFFICE
2004 NOV 15 P 2: 51
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**PANEL SERVICE LIST (Excerpted from CPO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Raymond T. Adamski, et al. v. Quigley Co., Inc., et al.*, D. Maryland, C.A. No. 1:04-2965 (Judge J. Frederick Motz)

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Jennifer L. Lilly
Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Chares Street
Baltimore, MD 21201

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, MD 21401

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Richard T. Radcliffe Jr
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street
Suite 1400
Baltimore, MD 21202-1019

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406