MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 18 2004

FILED
CLERK'S OFFICE

PLEADING NO. 4314

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re ASBESTOS PRODUCTS LIABILITY LITIGATION )
(NO. VI) )
    Conditional Transfer Order – 237 )
    *Otis Delbert Baker, et al. v. International Paper Co.* )
    *(formerly Champion International Corp.) et al.,* )
    *Case No. 1:04 CV 191 (USDC WDNC)* )
)

MDL No. 875

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER-237[1]

Defendants International Paper Company ("International Paper"), which is improperly and mistakenly referred to in Paragraph 27 of the Amended Complaint as "formerly Champion Paper," and Blue Ridge Paper Products, Inc. ("Blue Ridge") respectfully submit this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order-237.

### STATEMENT OF THE CASE

On or about August 23, 2004, Plaintiffs filed an Amended Complaint in the General Court of Justice, Superior Court Division, County of Haywood, alleging that all Plaintiffs were, at relevant times therein, employees of companies other than the Defendant companies identified

---

[1] The caption of Plaintiffs Motion refers to "Conditional Transfer Order-235." Defendants assume, for the purposes of this Pleading, that Plaintiffs intended to address "Conditional Transfer Order-237," filed by the Judicial Panel on Multidistrict Litigation on October 14, 2004, in their Motion.

RECEIVED CLERK'S OFFICE
2004 NOV 18 A 8

OFFICIAL FILE COPY
IMAGED NOV 19 '04

in the Amended Complaint. (Amended Complaint, ¶2.)[2] Plaintiffs seek recovery for personal injuries alleged resulting from exposure to asbestos containing materials. On or about September 15, 2004, the Defendants filed a Notice of Removal, pursuant to 28 U.S.C. §1446, on the grounds that the district courts of the United States have jurisdiction over this matter based on complete diversity of citizenship between the proper parties. Defendants admit that Blue Ridge has its principal place of business in North Carolina, however, Blue Ridge has been fraudulently joined as a party to the action.

On or about September 20, 2004, the Clerk for the United States District Court, Western District of North Carolina, notified the Clerk of the Multidistrict Panel that this is a "tag along" action pursuant to Judicial Panel on Multidistrict Litigation Order No. MDL-875. On or about September 21, 2004, Plaintiffs filed a Motion for Remand and Response to Defendants' Notice of Removal arguing that Blue Ridge is a proper party to this lawsuit as a successor in interest to "Champion International Paper" and that Defendants' Notice of Removal and Argument therein conflicts with prior actions and court filings.[3] Defendants opposed the Motion for Remand, which is currently pending.

On or about October 14, 2004, the Judicial Panel on Multidistrict Litigation filed a Conditional Transfer Order pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Plaintiffs filed a Motion to Vacate Conditional Transfer Order-237 essentially arguing that this case should be remanded to state court and not transferred because it is similar to another North Carolina case involving alleged injuries due to exposure to asbestos,

---

[2] Plaintiffs filed their original Complaint on August 8, 2004, which was superseded by the Amended Complaint filed on August 23, 2004.

[3] Defendants assume, for the purposes of this pleading, that Plaintiffs intended to allege that Blue Ridge is a successor in interest to "Champion International Corporation" as Defendants are unaware of any such entity named "Champion International Paper" that is or was associated with the property at issue in this matter.

*Kenneth Earl Basden, et al. v. Champion International Corp., et al.,* Case No. 00-CVS-706. Defendants dispute the alleged similarities between this case and *Basden* and agree with the Judicial Panel that this case should be transferred.

## ARGUMENT

I.  THIS CASE IS NOT SUFFICIENTLY SIMILAR TO THE *BASDEN* CASE TO OVERCOME THE ADVANTAGES OF TRANSFERRING IT TO THE EASTERN DISTRICT OF PENNSYLVANIA AND CONSOLIDATING WITH OTHER ASBESTOS PRODUCT LIABILITY CASES.

The Multidistrict Venue Statute, 28 U.S.C.A. § 1407, sets out three requirements for transfer. The transfer must: (1) involve actions having one or more common questions of fact; (2) promote the convenience of the parties, and (3) promote the "just and efficient conduct" of the actions. See 28 U.S.C.A. § 1407(a). These standards for transfer apply equally in the case of a "tag along" action as in the case of an initial transfer determination. *See e.g. In re Vernitron Securities* Litigation, 469 F.Supp. 297 (J.P.M.L. 1979). Transfer of a related action, such as this, is presumptively proper when the apparatus for expediting pretrial procedures is already in place. *See e.g. In re Delta Airlines Crash at Boston, Massachusetts*, 395 F.Supp. 1405 (J.P.M.L. 1975).

This case should be transferred to the Eastern District of Pennsylvania because it involves questions of fact which are common to those actions previously transferred. This is one of a number of cases alleging personal injury to each of the Plaintiffs caused by exposure to asbestos related products. There is a great deal of discovery yet to be taken in this case. Although Plaintiffs seem to content that discovery is unnecessary here because of the discovery completed in *Basden*, the Defendants reiterate that the parties and the claims here differ from those in *Basden*.

Most of Plaintiffs' argument rests on their assertions that this case is so similar to the *Basden* case that it should not be transferred to the Eastern District of Pennsylvania. Instead, Plaintiffs contend that this case should be remanded to state court and consolidated, at least informally, with *Basden*, as argued in their Motion for Remand and this Motion. As Defendants have previously set forth in their Opposition to Plaintiffs' Motion for Remand, the difference, in part, between the *Basden* case and this case lies in the allegations of the Plaintiffs. In *Basden*, the Plaintiffs alleged that they were employees of the Defendants. In this lawsuit, there are no such allegations. The only allegations with respect to Defendant Blue Ridge is that it is the current owner of the mill at which the Plaintiffs alleged they were injured by exposure to asbestos dust and fibers. Blue Ridge did not have an interest in the mill during the time in which the Plaintiffs alleged they were exposed to asbestos fibers and dust.

As Defendants have previously demonstrated in their Notice of Removal and in their Opposition to Plaintiffs' Motion for Remand, any alleged liability of Blue Ridge is based on Blue Ridge's purchase of certain assets of Champion International; all of the alleged acts or omissions here occurred prior to the date of the Asset Purchase Agreement. In *Basden*, the acts or omissions that gave rise to the claims allegedly occurred while Blue Ridge owned the mill.

Further, Plaintiffs state that a mediation is likely to be scheduled soon in *Basden* and that the claims of the Plaintiffs in this action should be mediated at the same time the claims in *Basden* are mediated. Plaintiffs are merely trying to get to a financial award by shortcutting on fact discovery. As discussed previously, the Plaintiffs in this case all differ from those in *Basden*, regardless of whether the Defendants are the same or the same counsel are involved. Discovery as to the individual Plaintiffs is still necessary prior to any resolution. Plaintiffs'

4

attempts to consolidate this case with *Basden* is merely an attempt at obtaining money without addressing the evidence and liabilities presented by the claims.

II. PLAINTIFFS' CLAIMS FALL INTO THE CATEGORY OF "PERSONAL INJURY AND WRONGFUL DEATH ASBESTOS ACTIONS" THAT ARE CONSOLIDATED IN THE EASTERN DISTRICT OF PENNSYLVANIA.

The consolidation of cases to the Eastern District of Pennsylvania in *In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991) includes those federal cases that involve allegations of personal injury or wrongful death caused by asbestos. In the cases pending at the time of the consolidation, all actions contained allegations of personal injury or death as a result of exposure to asbestos or asbestos containing products. 771 F.Supp. at 418. The consideration of which asbestos-related personal injury cases should be transferred does not include whether the defendants are manufacturers or property owners. *See id.*

In Plaintiffs' Amended Complaint, they allege that they were exposed to injurious levels of asbestos fibers and dust created by work being performed by Defendants and/or work performed on the premises of Defendants and/or their predecessors in interest. (Amended Complaint at ¶ 2.) This case involves "allegations of personal injury…caused by asbestos."

Plaintiffs argue that this action should not be transferred because it is sufficiently similar to *Basden*, a case pending in state court. In support of this argument, Plaintiffs cite to several cases. Those cases, however, can be distinguished as they only involved a few different actions and, in many cases, the transferee court had already conducted extensive pretrial proceedings on those matters previously transferred. Plaintiffs try to parallel the *Basden* case with these cases and contend that this matter would be best tried in state court.

Plaintiffs' argument hinges, in part, on the court granting their motion for remand. As Defendants have previously shown, this case should not be remanded to state court because there is federal jurisdiction. Blue Ridge (the only party that would destroy diversity of citizenship for the purposes of federal jurisdiction) is not a proper party to this matter as it did not purchase certain liabilities, including those alleged by Plaintiffs. As Defendants pointed out in their Opposition to Plaintiffs' Motion for Remand, there is federal jurisdiction over this matter as Blue Ridge was fraudulently joined and is the only Defendant to break diversity.

WHEREFORE, the Defendants respectfully request that the Court:

1. Deny Plaintiffs' Motion to Vacate Conditional Transfer Order;

2. Transfer this matter to the Multidistrict Judicial Panel, *In re Asbestos Products Liability Litigation (VI)*, MDL 875; and

4. Grant such other and further relief as it deems just and proper.

This the 17th day of November, 2004.

        HAMILTON GASKINS FAY & MOON, PLLC

By: *[signature]* McCaulley for
Richard E. Fay
N.C. State Bar No. 14435
2020 Charlotte Plaza
201 South College Street
Charlotte, North Carolina 28244-2020
Telephone: (704) 344-1117
*Attorneys for Defendants International Paper Company and Blue Ridge Paper Products, Inc.*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 8 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

A copy of the foregoing Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order-237 was served by regular U.S. mail, postage pre-paid, this 17th day of November, 2004 upon:

> Jill N. Calvert
> Mona Lisa Wallace
> Wallace and Graham, P.A.
> 525 North Main Street
> Salisbury, NC 28144
>
> **Attorneys for Plaintiff**

_____
Richard E. Fay

RECEIVED CLERK'S OFFICE
2004 NOV 18 A 10: 28
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Otis Delbert Baker, et al. v. International Paper Co., et al.*, W.D. North Carolina, C.A. No. 1:04-191

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jill N. Calvert
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Richard E. Fay
Hamilton Gaskins Fay & Moon
2020 Charlotte Plaza
201 South College Street
Charlotte, NC 28244-2020

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza
East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406