MDL  875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2004 NOV 22  AM II: 01

DEC - 2 2004

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

MARY F. DELANCEY, et al.                          CIVIL ACTION

versus                                             NUMBER 04-2355

CHICAGO INSURANCE CO.                              SECTION I/5

PLEADING NO. 4335

### ORDER AND REASONS

Before the Court is the motion of plaintiffs, Mary DeLancey

and Dionne Hindman, to remand this action to Civil District Court

in Orleans Parish, Louisiana on the ground that federal diversity

jurisdiction does not exist.[1]  For the reasons set forth below,

plaintiffs' motion is **GRANTED**.

#### Background

On July 12, 2004, plaintiffs, Mary DeLancey and Dionne

Hindmand, individually and on behalf of the decedent, Ellis

MDL- _875_

RECOMMENDED ACTION

Vacate CTO-237 ~~one~~ two actions

Approved/Date: _DK  12/1_

---

[1] Rec. Doc. Nos. 5 and 6.  Plaintiffs filed substantively identical
motions to remand on September 20, 2004.  For citation purposes, the
Court will rely on document number 6.



DATE OF ENTRY

NOV 2 2 2004

___ Fee_____
_X_ Process____
___ Dktd._____
___ CtRmDep___
___ Doc. No.___

**OFFICIAL FILE COPY** IMAGED DEC 2 '04

DeLancey, filed this direct action[2] in state court, naming Chicago Insurance Company ("Chicago Insurance") as defendant.[3] Plaintiffs allege that during the 1960s and 1970s, the decedent was regularly exposed to asbestos during his employment with Gurtler, Herbert & Company, Inc. ("Gurtler Herbert"). Plaintiffs allege that this workplace exposure to asbestos resulted in the decedent's contracting mesothelioma and his subsequent death.

During the 1990s, Gurtler Herbert ceased doing business in the construction industry. On August 18, 1998, Gurtler Herbert's corporate charter was revoked by the Louisiana Secretary of State.[4] Chicago Insurance was Gurtler Herbert's insurer during the time of the decedent's employment and alleged asbestos exposure.[5]

Chicago Insurance removed this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, alleging diversity jurisdiction.[6] Subsequently, the plaintiffs moved to remand this action to state court based on lack of subject matter jurisdiction.

In support of the motion to remand, plaintiffs contend that complete diversity does not exist between the plaintiffs and

---

[2] Plaintiffs' claims against defendant-insurer are based on the alleged tortious acts of the insolvent insured who is not a party-defendant. See La. Rev. Stat. Ann. § 22:655.

[3] Rec. Doc. No. 6.

[4] Rec. Doc. No. 5.

[5] Rec. Doc. No. 5; La. Rev. Stat. Ann. § 22:655 (West 2004).

[6] Rec. Doc. No. 1.

-2-

defendant because all parties are citizens of Louisiana.[7] Specifically, plaintiffs contend that Chicago Insurance is a citizen of Louisiana pursuant to the direct action clause of 28 U.S.C. § 1332(c). In opposition, defendant argues that diversity jurisdiction exists because 28 U.S.C. § 1332(c), upon which plaintiffs rely, is inapplicable. Defendant maintains that it is a citizen of Delaware and Illinois, its state of incorporation and the location of its principal place of business, respectively. Defendant contends that the direct action provision of § 1332(c) is inapplicable because Gurtler Herbert does not currently exist as a legal entity in Louisiana.[8]

### Analysis

### A. Removal and Diversity Jurisdiction

The federal removal statute, 28 U.S.C. § 1441, permits defendants to remove a state court action to federal court when there is original jurisdiction over the claim. When construing section 1441, the Supreme Court has instructed federal courts to strictly construe against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct.

---

[7] Defendant does not assert federal question jurisdiction.

[8] Rec. Doc. No. 7. Defendant argues that because Gurtler Herbert's corporate charter was revoked and never reinstated, Gurtler Herbert ceased to be a legal entity in Louisiana and, therefore, Gurtler Herbert has no corporate citizenship for Chicago Insurance to adopt.

868, 872, 85 L. Ed. 1214 (1941).[9] Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Id.; Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). Once a case has been removed, the party who removed the lawsuit to federal court bears the burden of establishing federal jurisdiction. *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

28 U.S.C. § 1332 confers diversity jurisdiction upon federal courts in civil actions. Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the lawsuit was filed. *Smith v. Sperling*, 354 U.S. 91, 93 n.1, 77 S. Ct. 1112, 1114 n.1, 1 L. Ed. 2d 1205 (1957).

Section 1332(c) deems that a corporation is a citizen:

of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, *such insurer shall be deemed a citizen of the State of which the insured is a citizen***, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business."

28 U.S.C. § 1332(c) (emphasis added). The Fifth Circuit has held that a corporation is a citizen of both the state of its incorporation and the state in which it has its principal place of

---

[9] Remand pursuant to 28 U.S.C. § 1447(c) is proper if at any time it appears that the court lacks subject matter jurisdiction. *Thompson v. Radosta*, 895 F. Supp. 113, 115 (E.D. La. 1995).

business.  *Harrison v. Black Clawson Co.*, 961 F.2d 547, 549 (5th Cir. 1992).  In addition, with respect to a direct action, a corporate insurer may also be deemed a citizen of the state of which the insured is a citizen if the insured is not a party-defendant.[10]

With respect to Gurtler Herbert's citizenship, Chicago Insurance does not dispute that Gurtler Herbert was a citizen of Louisiana when the policy was issued and when the decedent's alleged exposure to asbestos occurred.  Since Gurtler Herbert was incorporated in Louisiana at such time and had its principal place of business in Louisiana, it was a citizen of Louisiana at the time

---

[10] In 1963, Congress amended the diversity jurisdiction statute to allow an "injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as defendant." *Northbrook Nat'l. Ins. Co. v. Brewer*, 493 U.S. 6, 10, 110 S. Ct. 297, 107 L. Ed. 2d 223 (1989).  The amendment was in response to a sharp increase in the caseload of federal district courts in Louisiana resulting from Louisiana's adoption of a direct action statute. *See Brewer*, 493 U.S. at 10-11, 110 S. Ct. at 299-300.

Pursuant to Louisiana's direct action statute, the insurer stands in the same shoes as the insured during litigation.  *See Degelos v. Fidelity & Cas. Co. of New York*, 313 F.2d 809, 815 (5th Cir. 1963); La. Rev. Stat Ann. § 22:655 (West 2004).  The Louisiana direct action statute generally allows an injured party to proceed directly against an insurance company which has issued a policy or contract of insurance for the liability of the insured tortfeasor. *Grubbs v. Gulf Int'l Marine, Inc.*, 358 So. 2d 495, 497 (La. 1993); *see Black v. First City Bank*, 642 So. 2d 151, 153 (La. 1994); *see also Shockley v. Sallows*, 615 F.2d 233, 238 (5th Cir. 1980)(stating that the "[direct action] statute, by its terms, is a part of the policy and creates a contractual relationship which inures to the benefit of any and every person who might be negligently injured by the insured as completely as if such injured person had been specifically named in the policy").  The direct action statute also provides that an insured's insolvency or bankruptcy does not release the insurer from the payment of damages. *Albany Ins. Co. v. Bengal Marine, Inc.*, 857 F.2d 250, 255 (5th Cir. 1988).

of the events relevant to plaintiffs' direct action against the insurer, Chicago Insurance.

Defendant argues that since Gurtler Herbert's corporate charter was revoked before the instant lawsuit was filed, Gurtler Herbert is not a citizen of Louisiana. Defendant asserts that Gurtler Herbert has no citizenship to adopt pursuant to the direct action provision of § 1332(c) because Gurtler Herbert was no longer a legal entity at the time plaintiff's filed this action.[11]

An entity's corporate status is determined in accordance with state law because corporations are purely a creation of state law. *See Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528-29 (7th Cir. 2002)(looking to law of state that granted corporate charter for purposes of determining state of citizenship when corporate charter has been revoked); *Brocki v. American Express Co.*, 279 F.2d 785, 786 (6th Cir. 1960). Pursuant to Louisiana law, the existence of a corporation ceases when the corporation is dissolved. La. Rev. Stat. Ann. § 12:148(C). However, Louisiana law makes clear that the administrative revocation of a charter does not extinguish the right to bring a cause of action against the corporation. *See* La.

---

[11] Defendant relies on *Harris v. Black Clawson Co.*, 961 F.2d 547, 549-51 (5th Cir. 1992), to argue that when a corporation has been inactive in a state for a substantial period of time, that state is not the corporation's principal place of business. However, the instant case is easily distinguished. In *Harris*, the corporation was incorporated in New York and it had been inactive in Louisiana for a substantial period of time. Most importantly, Louisiana's direct action statute was not at issue in *Harris*. The Fifth Circuit did not conclude that the direct action provision of 1332(c) was inapplicable when a corporate insured's charter was revoked for the purposes of diversity jurisdiction.

Rev. Stat. Ann. § 12:163(G) (West 2004) (stating that any "revocation of a corporation's articles of incorporation...shall not affect any cause of action against such corporation").[12] Similarly, Louisiana's corporate venue statute provides for venue in any parish where a suit could have been brought prior to the corporation's charter or franchise revocation. *See* La. Code Civ. Proc. Ann. art. 85 (West 2003).

The Court is guided by the principle that federal courts should construe ambiguities with respect to removal in favor of remand. *See York v. Horizon Fed. Sav. and Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989). For purposes of assessing diversity jurisdiction, the Court is convinced that an insurer should be deemed a citizen of a state of which a corporate insured was a citizen, notwithstanding the fact that the insured's corporate charter was revoked. *See Grefer v. Scottsdale Ins. Co.*, 207 F. Supp. 2d 546 547-50 (E.D. La. 2001) (concluding that defendants must adopt citizenship of dissolved corporation for diversity purposes

---

[12] Defendant cites *River Cities Construction Co. v. Barnard & Burk, Inc.*, 413 So. 2d 666 (La. App. 1st Cir. 1982), for the proposition that a corporation ceases to exist as a legal entity once its corporate charter has been revoked. However, *River Cities* was decided before Louisiana added subsection G to La. Rev. Stat. Ann. § 12:163, which specifically provides the right to sue and be sued despite the revocation of a corporate charter. Likewise, *Acadian Cypress & Hardwoods, Inc. v. Piazza*, 664 So. 2d 138 (La. App. 1st Cir. 1995), does not support defendant's position that revocation destroys corporate existence. *Acadian Cypress* involved La. Rev. Stat. Ann. § 12:163(E). That court declined to extend *River Cities* to a situation where debts were incurred by the sole shareholder of a corporation whose charter had been revoked and subsequently reinstated. *Acadian Cypress*, 664 So. 2d at 140-41.

-7-

and remanding case).

During all relevant times herein, Gurtler Herbert was a Louisiana corporation with its principal place of business in Louisiana and Chicago Insurance was Gurtler Herbert's insurer. For the purpose of this direct action, Chicago Insurance, as the insurer of Gurtler Herbert, is a citizen of Louisiana pursuant to the direct action provision of 28 U.S.C. § 1332(c), based on Gurtler Herbert's last and only corporate citizenship. Since both plaintiffs are also citizens of Louisiana, the Court finds that diversity jurisdiction does not exist between the parties.

### B. Removal and Supplemental Jurisdiction

Chicago Insurance also argues that removal is correct pursuant to 28 U.S.C. § 1367.[13] Chicago Insurance contends that the instant lawsuit is identical to another action previously filed in state court by plaintiffs against another insurer of Gurtler Herbert. That case was removed to the Eastern District of Louisiana and defendant contends that this lawsuit is "so related to plaintiffs' first action" that it forms "part of the same case or controversy."

---

[13] This basis was not asserted at the time of removal. See Rec. Doc. Nos. 1 and 2. 28 U.S.C. § 1367 states in pertinent part:
(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

-8-

28 U.S.C. § 1367 provides supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction."[14] While a federal court may exercise jurisdiction over a state law cause of action, a federal "court must have [original] jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims."[15] *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 34, 123 S. Ct. 366, 370-71, 154 L. Ed. 2d 368 (2002)(citing *Peacock v. Thomas*, 516 U.S. 349, 355, 116 S. Ct. 862, 867, 133 L. Ed. 2d 817 (1996)). Supplemental jurisdiction alone is not a basis for removal. *See Syngenta Crop Protection*, 537 U.S. at 34, 123 S. Ct. at 366; *George v. Borden Chem. and Plastics Operating Ltd. Partnership*, 960 F. Supp. 92, 95 (M.D. La. 1997)(citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996)).

---

[14] The plain language of sections 1367 and 1441(a) make clear that the supplemental jurisdiction statute alone is not itself a source of original jurisdiction and it is, therefore, not a proper basis for removal. Section 1441(a) requires that the district court have original jurisdiction. Section 1367 merely supports removal of non-federal claims when they are part of the same case or controversy over which the court has original jurisdiction.

Likewise, *Cohen v. Reed*, 868 F. Supp. 489 (E.D.N.Y. 1994), the case cited by defendant, does not stand for the proposition that "§ 1367 is itself a source of removal jurisdiction over and beyond § 1441." *See Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 455-56 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute" (citations omitted)); *Brown v. Prudential Ins. Co. of Am.*, 954 F. Supp. 1582, 1584 (S.D. Ga. 1997)(same).

[15] Supplemental jurisdiction was formerly called ancillary jurisdiction or pendent jurisdiction.

Chicago Insurance has not demonstrated any valid ground upon which jurisdiction may be based and it may not remove the instant action to federal court based purely on this action's similarity to another action filed against another insurer and subsequently removed to federal court.

**IT IS ORDERED** that the motion of plaintiffs, Mary Delancey and Dionne Hindman, to remand this action for lack of subject matter jurisdiction is **GRANTED** and, pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana November, *22*, 2004

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

-10-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

RALPH JOSEPH LANDRY                          CIVIL ACTION

VERSUS                                       NUMBER: 04-2574

NORTHROP GRUMMAN SHIP SYSTEMS,               SECTION: "C"
INC., ET AL

WEDNESDAY, NOVEMBER 24, 2004, AT 9:30 A.M.
JUDGE HELEN G. BERRIGAN PRESIDING

COURT RECORDER:        Cynthia Crawford
COURTROOM DEPUTY:   Kimberly County

APPEARANCES:    Marcia A. Finkelstein, Counsel for Ralph Joseph Landry
                Edwin A. Ellinghausen, III, Counsel for Northrop Grumman Ship Systems,
                Inc.
                Wendy K. Lappenga, Counsel for Peter Territo

MOTION BY RALPH LANDRY TO REMAND TO THE CIVIL DISTRICT COURT FOR THE
PARISH OF ORLEANS AND FOR AN AWARD OF FEES AND COSTS (3)

AFTER ARGUMENT:  MOTION TO REMAND IS GRANTED
                 MOTION FOR AWARD OF FEES AND COSTS IS DENIED



RECEIVED
NOV 2 9 2004
By

DATE OF ENTRY

NOV 2 4 2004

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc.No._____