

**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

IN RE ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                    MDL DOCKET NO. 875

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

KAREN HAMMONS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE HEIRS AND ESTATE OF
JAMES A. HAMMONS, DECEASED, AND RANDAL
EVAN HAMMONS                                              PLAINTIFF

V.                                          CIVIL ACTION NO.: 1:04CV678GRo

ILLINOIS CENTRAL RAILROAD COMPANY                 DEFENDANT

---

### RESPONSE OF ILLINOIS CENTRAL RAILROAD COMPANY
### IN OPPOSITION TO
### MOTION TO VACATE THE
### CONDITIONAL TRANSFER ORDER

---

COMES NOW the Defendant, Illinois Central Railroad Company, in Opposition to

Plaintiff's Motion to Vacate the Conditional Transfer Order of October 14, 2004, and would

show unto the Court the following, to-wit:

1.       This case is another in a <u>series of cases filed by the Plaintiffs arising from the

same alleged facts</u> in an attempt to avoid the jurisdiction of the Multi-District Litigation

Panel.  The numerous cases filed by Plaintiffs are detailed within Defendant's Notice of

Removal attached hereto as Exhibit "A".  Defendant also attaches as Exhibit "B" the initial

page of  earlier cases based on the same alleged cause of action and the same alleged

facts as in the case at bar.

1

OFFICIAL FILE COPY IMAGED DEC 6 '04

2.  Those earlier cases (District Court Cause Numbers 02cv739, 03cv626, and 03cv627) have been **finally transferred** to the MDL, and this case should be so transferred as well.  (See Final Transfer Orders as Exhibit "C").

3.  The District Court previously denied a Motion to Remand in one of Plaintiff's earlier cases which asserted the same alleged cause of action and the same alleged facts as the case at bar.  (See Memorandum Opinion at Exhibit "D").

4.  Plaintiffs should have no right to maintain numerous separate actions involving the same subject matter at the same time, particularly when Plaintiffs acknowledge that the same alleged facts that serve as a basis for their other claims have been finally transferred to the jurisdiction of the MDL.  (See *Oliney v. Gardner*, 771 F.2d 856, 860 (5th Cir. 1985), holding that Plaintiff had no right to maintain two separate actions involving the same subject matter at the same time).

WHEREFORE, PREMISES CONSIDERED the Panel should deny Plaintiff's Motion to Vacate and should finally transfer this cause to the MDL where several other actions filed by these Plaintiffs arising from the same facts are currently pending.

Respectfully submitted,

UPSHAW, WILLIAMS, BIGGERS,
  BECKHAM & RIDDICK, LLP


BY:  _____
     GLENN F. BECKHAM
     MBN: 2309
     OF COUNSEL TO DEFENDANT(S)

OF COUNSEL:

UPSHAW, WILLIAMS, BIGGERS,
 BECKHAM & RIDDICK, LLP
POST OFFICE DRAWER 8230
GREENWOOD, MISSISSIPPI 38935-8230
Tel: (662) 455-1613
Fax: (662) 453-9245

THOMAS R. PETERS
GUNDLACH, LEE, EGGMANN,
 BOYLE & ROESSLER
5000 WEST MAIN STREET
POST OFFICE BOX 23560
BELLEVILLE, ILLINOIS 62226-0560
Tel:    (618) 277-9000

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Glenn F. Beckham, of counsel to Defendant(s), hereby certify that a true and

correct copy of this Notice has been served by mail on counsel of record (see attached

schedule CTO-237/Docket No. 875), and in addition by Federal Express to the counsel

listed below on the 1st day of December, 2004.

> Honorable William B. Kirksey
> Kirksey & Associates
> Suite 100-M
> 400 East Capitol Street at Congress
> Post Office Box 33
> Jackson, Mississippi 39205-0033
>
> Honorable Paul T. Benton
> Post Office Box 1341
> 181 Main Street
> Biloxi, Mississippi 39533
>
> Honorable Charles S. Siegel
> Waters & Kraus, LLP
> 3219 McKinney Avenue
> Dallas, Texas 75204
>
> Honorable Brit Singletary
> 3847 Wells Ferry Cove
> Biloxi, Mississippi 39532

SO CERTIFIED, this the 1st day of December, 2004.

_____
GLENN F. BECKHAM

RECEIVED
CLERK'S OFFICE
2004 DEC -2  A 10: 34

PANEL SERVICE LIST (Excerpted from CTO-237)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Karen Hammons, etc. v. Illinois Central Railroad*, S.D. Mississippi, C.A. No. 1:04-678

Glenn F. Beckham
Upshaw, Williams, Biggers, Beckham
& Riddick
P.O. Drawer 8230
Greenwood, MS 38935-8230

Paul T. Benton
181 Main Street
Biloxi, MS 39533

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

William B. Kirksey
Kirksey & Associates
401 E. Capitol Street at Congress
Suite 100-M
P.O. Box 33

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Britt R. Singletary
Singletary & Thrash
P.O. Box 171
Biloxi, MS 39533-0171

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

DEC - 2 2004

FILED
CLERK'S OFFICE

KAREN HAMMONS, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE HEIRS AND ESTATE OF
JAMES A. HAMMONS, DECEASED, AND RANDAL
EVAN HAMMONS

**PLAINTIFF**

V.

CIVIL ACTION NO.: _____

ILLINOIS CENTRAL RAILROAD COMPANY

**DEFENDANT**

---

## NOTICE OF REMOVAL

---

COMES NOW, defendant, Illinois Central Railroad Company, by and through counsel, and pursuant to 28 U.S.C. § 1441, and respectfully removes this cause to the United States District Court for the Southern District of Mississippi, Southern Division. The grounds for removal are as follows:

1. On August 9, 2002, a civil action was filed by plaintiff against defendants Dana Corporation, Illinois Central Railroad Company, Komp Equipment Company, Laurel Machine and Foundry Company, Metropolitan Life Insurance Company, Mitchell Metal Products, Owens-Illinois Inc., Quigley Company, Inc., and Southern Pipe & Supply Company, Inc., styled "James Hammons v. Dana Corporation, et al., Civil Action No. 2002-0398." *(See* Plaintiff's Original Complaint, Collective Exhibit "A.")

2. This civil action was filed by plaintiff seeking an award of damages arising out of plaintiff's alleged exposure to asbestos. A copy of all process, pleadings and orders served upon or by the undersigned defendant is attached hereto as Collective Exhibit "A."

1


EXHIBIT
A

10. On January 21, 2004, the United States District Court for the Southern District of Mississippi considered all of the facts and found, that because the two lawsuits were virtually identical to plaintiff's original lawsuit, which was currently pending in the MDL, the motion to remand should therefore be denied. (See Memorandum Opinion, January 21, 2004, Exhibit "G").

11. On July 1, 2004, plaintiff Karen Hammons, the Personal Representative of James Hammons, and Randal Evan Hammons, filed yet another Complaint against defendant Illinois Central in Copiah County, Mississippi Civil Action No. 2004-0501 (Exhibit "H", Plaintiff's Complaint dated July 1, 2004). Other than bringing the claim on behalf of decedent, the Complaint is virtually **identical to the prior lawsuits**. Plaintiff's Complaint seeks recovery for the identical conduct and the identical injury as the two prior pleadings against Illinois Central.

12. The third Complaint filed by plaintiff, much like the second Complaint filed in April 2003, is yet another fraudulent attempt to circumvent the proceedings currently taking place in the MDL.

13. Illinois Central Railroad Company was served with Plaintiff's Complaint, Civil Action No. 2004-0501, on July 26, 2004. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days after receipt by this defendant of Plaintiff's Complaint. Therefore, this Notice of Removal is timely under the provisions of 28 U.S.C. § 1446(b). The Court has jurisdiction over this civil action based upon the prior removal of this case which was subsequently transferred by this Court to the MDL.

14. **Identical case(s) are currently pending in the MDL and plaintiff's third**

3

Duplicative Complaint is nothing more than a fraudulent attempt to circumvent the proceedings which are taking place in the MDL.

15. Accordingly, this Court should accept defendant's removal of this case and transfer this case to the MDL where it is currently pending. A motion to transfer this cause to the MDL is being filed in conjunction herewith.

16. Defendant Illinois Central Railroad Company hereby gives written notice of this filing of this Notice of Removal to all parties in this action, and a true and correct copy of this Notice is being filed with the Clerk of the Circuit Court of Copiah County, Mississippi as required by 28 U.S.C. § 1442(d).

This the 25th day of August, 2004.

Respectfully submitted,

UPSHAW, WILLIAMS, BIGGERS,
BECKHAM & RIDDICK, LLP

BY:  _____

GLENN F. BECKHAM
MBN: 2309
OF COUNSEL TO DEFENDANT(S)

4

IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI
First Judicial District

James A. Hammons                               **PLAINTIFF**

v.                                            Civil Action No. 2002-0398

Dana Corporation, et al.                      **DEFENDANTS**

## COMPLAINT

1

## PARTIES

COMES NOW, Plaintiff, James A. Hammons, and files this, his Complaint and complaining of Dana Corporation, and other Defendants listed on "Exhibit A," which is incorporated herein as though set out herein in full.

2

## JURISDICTION AND VENUE

A.  This Honorable Court has subject matter jurisdiction, pursuant to Article 6, §156 of the Mississippi Constitution, and/or pursuant to Miss. Code Ann. §9-7-81.

B.  This Honorable Court has jurisdiction of the parties.

C.  Venue is proper in Copiah County, Mississippi, pursuant to Miss. Code Ann. §§11-11-3 and 11-11-11, and Miss. R. Civ. P. 82.

D.  Venue is proper in Copiah County, Mississippi as to the causes of action by Plaintiff against Defendants, pursuant to Miss. Code Ann. §11-11-11, for the reason that a substantial portion of Plaintiff's cause of action sufficient to confer venue occurred in Copiah County, Mississippi.

E.  Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against all other Defendants pursuant to Miss. Code Ann. §11-11-3, for the reason that the Court has venue as to Plaintiff's cause of action against Defendants, and the remaining Defendants are properly joined in Plaintiff's cause of action as joint tortfeasors.

F.  Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against all Defendants pursuant to Miss. Code Ann. §11-11-3, for the reason that Plaintiff's claims are

**COMPLAINT**                                                          Page 1



**FILED**

AUG 0 9 2002

EDNA E. STEVENS
CIRCUIT CLERK

BY_____D.C.

COPY

1

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

James A. Hammons

**PLAINTIFF**

v.

Civil Action No. 2003-0213

Illinois Central Railroad Company

**DEFENDANT**

## COMPLAINT

1.

### PARTIES

COMES NOW, Plaintiff, James A. Hammons, and files this, his Complaint and complaining of Illinois Central Railroad Company listed on "Exhibit A," which is incorporated herein as though set out herein in full.

2.

### JURISDICTION AND VENUE

A.   This Honorable Court has subject matter jurisdiction, pursuant to Article 6, §156 of the Mississippi Constitution, and/or pursuant to Miss. Code Ann. §9-7-81.

B.   This Honorable Court has jurisdiction of the parties.

C.   Venue is proper in Copiah County, Mississippi, pursuant to Miss. Code Ann. §§11-11-3 and 11-11-11, and Miss. R. Civ. P. 82.

D.   Venue is proper in Copiah County, Mississippi as to the causes of action by Plaintiff against Defendant, pursuant to Miss. Code Ann. §11-11-11, for the reason that a substantial portion of Plaintiff's cause of action sufficient to confer venue occurred in Copiah County, Mississippi.

E.   Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against the Defendant pursuant to Miss. Code Ann. §11-11-3, for the reason that the Court has venue as to Plaintiff's cause of action against the Defendant are properly joined in Plaintiff's cause of action as joint tortfeasors.

F.   Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against the Defendant pursuant to Miss. Code Ann. §11-11-3, for the reason that Plaintiff's claims are properly joined in this action and the court has venue of an action or claim against the Defendant in that:

COMPLAINT

**FILED**

APR 2 3 2003

Page 1

ELNA _ _ _ EVENS
CIRCUIT CLERK

BY _ _ _ _ _ _ _ D.C.

32

## IN THE CIRCUIT COURT OF COPIAH COUNTY, MISSISSIPPI

James A. Hammons            **PLAINTIFF**

v.                       Civil Action No. 2003-0214

Illinois Central Railroad Company      **DEFENDANT**

**FILED**

APR 2 3 2003

EDNA E. STEVENS
CIRCUIT CLERK

BY_____ D.C.



### COMPLAINT

#### 1.

#### PARTIES

COMES NOW, Plaintiff, James A. Hammons, and files this, his Complaint and complaining of Illinois Central Railroad Company listed on "Exhibit A," which is incorporated herein as though set out herein in full.

#### 2.

#### JURISDICTION AND VENUE

A.  This Honorable Court has subject matter jurisdiction, pursuant to Article 6, §156 of the Mississippi Constitution, and/or pursuant to Miss. Code Ann. §9-7-81.

B.  This Honorable Court has jurisdiction of the parties.

C.  Venue is proper in Copiah County, Mississippi, pursuant to Miss. Code Ann. §§11-11-3 and 11-11-11, and Miss. R. Civ. P. 82.

D.  Venue is proper in Copiah County, Mississippi as to the causes of action by Plaintiff against Defendant, pursuant to Miss. Code Ann. §11-11-11, for the reason that a substantial portion of Plaintiff's cause of action sufficient to confer venue occurred in Copiah County, Mississippi.

E.  Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against the Defendant pursuant to Miss. Code Ann. §11-11-3, for the reason that the Court has venue as to Plaintiff's cause of action against the Defendant are properly joined in Plaintiff's cause of action as joint tortfeasors.

F.  Venue is proper in Copiah County, Mississippi, as to Plaintiff's causes of action against the Defendant pursuant to Miss. Code Ann. §11-11-3, for the reason that Plaintiff's claims are properly joined in this action and the court has venue of an action or claim against the Defendant in that:

A CERTIFIED TRUE COPY

FEB 1 2 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 2 2004

FILED
CLERK'S OFFICE

## *DOCKET NO. 875*

### *JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

### *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA[*], D. LOWELL JENSEN[*], J. FREDERICK MOTZ[*] AND ROBERT L. MILLER, JR., JUDGES OF THE PANEL*

*James A. Hammons v. Illinois Central Railroad Co., et al, S.D. Mississippi, C.A. No. 1:03-626*
*James A. Hammons v. Illinois Central Railroad Co., S.D. Mississippi, C.A. No. 1:03-627*
*Earlie B. Hales, et al. v. 3M Co., S.D. Mississippi, C.A. No. 1:03-684*
*William Gilbert, et al. v. Minnesota Mining & Manufacturing Co., S.D. Mississippi, C.A. No. 1:03-735*
*Charles Lee Ellis v. Viacom, Inc., et al., S.D. Mississippi, C.A. No. 1:03-747*
*Laura A. Evans v. Foseco, Inc., et al., N.D. Ohio, C.A. No. 1:03-20009*

S.D. MISSISSIPPI
FILED
FEB 2 5 2004
BY ____ J.T. NOBLIN, CLERK
DEPUTY

### *TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in five Southern District of Mississippi actions and one Northern District of Ohio action. Movants seek to vacate the Panel's orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the

_____

[*]Judge Selya took no part in the decision of this matter with respect to the Southern District of Mississippi *Hales*, *Gilbert* and *Ellis* actions. Also, Judge Motz took no part in the decision of this matter with respect to the *Ellis* action, and Judge Jensen took no part in the decision of this matter with respect to the *Gilbert* and *Hales* actions.

[1]Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand their actions to state court. There is no need to delay transfer in order to accommodate such an interest.

(continued...)



EXHIBIT
C

11

- 2 -

docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for creating exceptions to transfer in this extraordinary docket. We are not persuaded to depart from our usual practice in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of February 2, 2004, i) over 73,750 actions have been closed in the transferee district, and ii) over 1,250 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

A TRUE COPY CERTIFIED TO FROM THE RECORD

DATED: 2-7-04

ATTEST: _____
DEPUTY CLERK, UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

---

(...continued)
We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

01/27/2004 16:55 FAX 601 968 5593         WISE CARTER ATTYS.                    Ø004/008



SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JAN 2 1 2004

J.T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JAMES A. HAMMONS                                                        PLAINTIFF

VERSUS

ILLINOIS CENTRAL RAILROAD                    CIVIL ACTION NO. 1:03cv626GRo

                                                                         DEFENDANT

JAMES A. HAMMONS                                                        PLAINTIFF

VERSUS

ILLINOIS CENTRAL RAILROAD                    CIVIL ACTION NO. 1:03cv627GRo

                                                                         DEFENDANT

## <u>MEMORANDUM OPINION</u>

These causes come before the Court on motions of the Plaintiff to remand [4-1, 5-1][1]

cause number 1:03cv626GRo and cause number 1:03cv627GRo to the Circuit Court of Copiah

County, Mississippi.  Also pending in these cases are the Defendant's motions to transfer [2-1, 3-

1] the respective suits to the United States District Court for the Eastern District of Pennsylvania.

The Court has duly considered the record in this action in addition to the briefs of counsel and

being fully advised in the premises, concludes as follows.

The Plaintiff, James A. Hammons, worked for Illinois Central Railroad [IC] for 50 years.

(Mot. to Remand, p. 2.)  Hammons originally filed suit against IC on August 9, 2002, in the

Circuit Court of Copiah County, under the Federal Employees' Liability Act [FELA] asserting

that he sustained heavy, repeated exposure to asbestos during his employment with IC.  (*Id.*, Exh.

D.)  Joined in that suit were several other companies which allegedly supplied asbestos-

_____

[1]The same docket numbers apply to the motions to remand in both cases.



**EXHIBIT**

**D**

V/226

containing products, including Dana Corporation [Dana]; Komp Equipment Company, Inc.; Laurel Machine & Foundry Company; Metropolitan Life Insurance Company [Metropolitan Life]; Mitchell Metal Products, Inc. [Mitchell]; Owens-Illinois, Inc. [OI]; Quigley Company, Inc. [Quigley]; Southern Pipe & Supply Company, Inc. [Southern Pipe]. (*Id.*)

OI removed the suit to this court on September 19, 2002, and the case was transferred to the panel for Multi-District Litigation [MDL] on November 14, 2002. Since that time Hammons filed two new separate lawsuits in Copiah County which are the subject of the instant motions to remand. On April 23, 2003, suit was filed against several manufacturer and supplier Defendants including IC, and Dana, Metropolitan Life, Quigley, OI, Mitchell, and Southern Pipe. (Ct. R., Docs. 1.) Careful examination of the complaints in these cases, along with the complaint filed in *Hammons v. Dana Corp., et al.*, Civil action no. 1:02cv739GRo, currently pending at the MDL, reveals that the allegations in all three complaints advance similar, if not identical, claims against IC, with exceptions being the addition of certain parties or allegations against the parties.

### Discussion

"[F]ederal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). In a remand situation, Defendants bear the burden of establishing original federal jurisdiction. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1938); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995), *petition for reh'g & suggestion for reh'g en banc denied* 70 F.3d 26 (1995). The Court, in determining if the Defendants have carried this burden, resolves any doubts against removal. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

2

The Court finds that because these suits are virtually identical to the Plaintiff's previous suit filed against IC and currently pending at the MDL, that the motions to remand should be denied. A determination can be made at the MDL whether the suits should be consolidated and whether any of the suits can be dismissed as duplicative. This determination renders the Defendant's motions to transfer these suits moot, and the Court finds that the motions should be denied.

Finally, the Court finds nothing within the motion to merit an award of fees to either party as a result of the removal, and further finds that the Plaintiffs' motion for attorneys fees and sanctions should be denied. *W.H. Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied* 522 U.S. 977.

Conclusion

For the aforementioned reasons, the Court finds that the Plaintiff's motions to remand [4-1, 5-1] these cases to the Circuit Court of Copiah County, Mississippi, should be denied. The Court further finds that the Defendant's motions to transfer [2-1, 3-1] should also be denied. A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date. Each party shall bear its respective costs associated with these motions.

THIS the 20th day of January, 2004.

UNITED STATES DISTRICT JUDGE

3