MDL. 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS       )       MDL Docket No. 875
LIABILITY LITIGATION (No. VI)  )
                               )
_____)

**DEFENDANT GENERAL ELECTRIC COMPANY'S
OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 237**

**I. INTRODUCTION**

Defendant General Electric Company ("GE") files this Opposition to the Motion to Vacate Conditional Transfer Order 237 ("CTO-237") filed by Plaintiffs in the cases of *Lea M. Marinopoulos, as Executrix of the Estate of Constantine S. Koutsakis, and Mary Koutsakis, Individually v. GE, et al.*, 04 CV 5671 (S.D.N.Y.) and *Philomena Stortini, as Executrix of the Estate of Joseph A. Stortini, and Philomena Stortini, Individually v. GE, et al.*, 04 CV 6055 (S.D.N.Y.) The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-237, dated October 14, 2004, transferred these cases for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407. These cases are similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and consistent adjudication of these cases, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-237 as to these two cases.

PLEADING NO. 4341

OFFICIAL FILE COPY
IMAGED DEC 6 '04

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied similar Motions to Vacate in this litigation. *See In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001). The Motion to Vacate presently before this Panel is virtually identical to the motions previously decided by the Panel. In the present motion before the Panel, plaintiffs argue that pending motions to remand require that CTO-237 be vacated, or in the alternative, stayed. Since plaintiffs raise the same issues already addressed by the Panel in this litigation, the Panel, as it has done previously, should deny Plaintiffs' Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending jurisdictional objections. Second, determination of jurisdictional objections is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

A.  **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.**

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969). Likewise, the

fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. *In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969). As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990). Numerous courts have cited and relied on *Ivy* for this proposition. *In re California Retail Natural Gas and Elec. Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. *See, e.g., Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804 (N.D. Ca. 1998). The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).

Therefore, the pendency of a motion to remand in this case does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings.

**B.     Jurisdictional Objections Can Be Heard and Resolved By the Transferee Court.**

The United States District Court for the Eastern District of Pennsylvania has full authority to rule on pending jurisdictional objections. 28 U.S.C. § 1407. When cases are transferred pursuant to section 1407, the transferee court is vested with the same broad authority over pretrial proceedings that would have existed in the transferor court absent the transfer. *In re Telectronics Pacing Sys., Inc.,* 953 F. Supp. 909 (S.D. Ohio 1997); *see also In re FMC Corp.,*

3

422 F. Supp 1163 (J.P.M.L. 1976). Indeed, the transferee court's authority to handle such pretrial proceedings includes dispositive motions, and specifically encompasses motions to remand, whether filed before or after transfer. *In re Ivy, 901* F.2d 7 (2nd Cir. *1990).* "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level." *Id.* at 9. "The transferee judge '[c]ertainly has the power to determine the question of remand.'" *Boudreaux v. Metro. Life Ins. Co.,* 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); *see also In re Air Crash Disaster,* 368 F. Supp. 812, 843 (J.P.M.L. 1973); *In re California Wholesale Elec. Antitrust Litig.,* 2001 WL 733534, at * 1 (J.P.M.L. June 8, 2001) ("[remand] motions can be presented to and decided by the transferee judge.")

The Panel's enabling statutory language under Section 1407 and subsequent case authority leave little doubt that the resolution of motions to remand is well within the transferee district's authority to handle pretrial proceedings in this litigation. In fact, when discussing the remand of cases in MDL-875, the panel has stated that the "fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 (J.P.M.L 2001).

C.   **Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990). In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *Id.* at 9. "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." *Aikins v. Microsoft Corp.,* 2000 WL 310391, at * 1 (E.D. La.

4

Mar. 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreaux,* 1995 WL 83788, at *2. In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. *In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); *see, e.g., In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972). Indeed, remand and other motions can be presented to and decided by the transferee judge. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether

or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

*In re Prudential Ins. Co., 2001 WL 980541, at \*1 (J.P.ML. Aug. 15, 2001).*

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. *See, e.g., In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) (refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer.)

Thus, because the Panel has the authority to transfer these actions despite pending jurisdictional objections, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes

judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of these matters to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III. CONCLUSION

Defendant GE respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 237.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

Michael A. Tanenbaum
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendant General Electric Company

DATED: December 1, 2004

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS ) MDL Docket No. 875
LIABILITY LITIGATION (No. VI) )
_____ )

## CERTIFICATION OF SERVICE

I, Michael A. Tanenbaum, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the States of New Jersey and New York and I am a member of the firm of Sedgwick, Detert, Moran & Arnold LLP, counsel for defendant General Electric Company, in the above captioned matters. On December 1, 2004, I caused the original and eleven copies of the within Brief in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 237 and a computer readable disc containing these documents to be served via Federal Express upon:

Michael J. Beck, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

with a copy sent via Federal Express to:

Bryan Belasky, Esq.
WEITZ & LUXENBERG, P.C.
180 Maiden LAne, 17th Floor
New York, New York 10038

NJ/132662v1

and all counsel on the attached service rider at the addresses designated by said attorneys for the purpose of depositing a true copy of same via First Class Mail through the United State Postal Service, Newark, New Jersey, 07102

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Michael A. Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center
12th Floor
Newark, New Jersey 07102
Attorneys for Defendant, General Electric Company

NJ/132662v1

## MARINOPOULOS AND STORTINI
### DEFENSE SERVICE RIDER

| |
|---|
| NANCY MCDONALD, ESQ.<br>MCELROY, DEUTCH & MULVANEY<br>1300 MOUNT KEMBEL AVENUE<br>MORRISTOWN, NJ 07962-2076 |
| JULIE EVANS, ESQ.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER<br>50 EAST 42ND STREET<br>NEW YORK, NY 10017-5639 |
| JUDITH YAVITZ, ESQ.<br>ANDERSON, KILL, DUCK & OSHINSKY<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020-1000 |
| RICHARD O'LEARY, ESQ.<br>MCCARTER & ENGLISH<br>245 PARK AVENUE<br>27TH FLOOR<br>NEW YORK, NY 10167 |
| MEDINA ABBASOVA, ESQ.<br>MCGUIRE WOODS LLP<br>1345 AVENUE OF THE AMERICAS<br>SEVENTH FLOOR<br>NEW YORK, NEW YORK 10105 |
| THEODORE EDER, ESQ.<br>SEGAL MCCAMBRIDGE SINGER & MAHONEY<br>805 3RD AVENUE<br>NEW YORK, NEW YORK 10022 |
| ART BROMBERG, ESQ.<br>L'ABBATE, BALKAN, COLAVITA & CONTINI<br>7 REGENT STREET, SUITE 711<br>LIVINGSTON, NEW JERSEY 07039 |
| JOHN J. FANNING, ESQ.<br>CULLEN & DYKMAN<br>177 MONTAGUE STREET<br>BROOKLYN, NEW YORK 11201 |

NJ/132723v1

CORI L. LEAVITT, ESQ.
MALABY, CARLISLE & BRADLEY, LLC
150 BROADWAY
NEW YORK, NEW YORK 10038

ANDREW CZERPAK, ESQ.
CONSOLIDATED EDISON
FOUR IRVING PLACE
NEW YORK, NY 10003

THOMAS G. CARRUTHERS, ESQ.
O'MELVENY & MYERS LLP
CITIGROUP CENTER
153 EAST 53RD STREET
NEW YORK, NY 10022-4611

CYNTHIA WEISS ANTONUCCI, ESQ.
HARRIS BEACH, LLP
805 THIRD AVENUE – 20TH FLOOR
NEW YORK, NEW YORK 10022

JOHN J. KOT, ESQ.
WATERS, MCPHERSON & MCNEIL
300 LIGHTING WAY
SECAUCUS, NJ 07097

WILLIAM MUELLER, ESQ.
CLEMENTE, DICKSON & MUELLER
218 RIDGEDALE AVENUE
MORRISTOWN, NJ 07961

WILLIAM GALLAGHER, ESQ.
MCMAHON, FLEMING-CAMPBELL, ESQ.
90 BROAD STREET
NEW YORK, NY 10004

STEVE KEVELSON. ESQ.
ONE COZINE AVENUE
BROOKLYN, NY 11201

DAVID SCHAEFER, ESQ.
MALABY, CARLISLE & BRADLEY, LLC
150 BROADWAY – SUITE 600
NEW YORK, NEW YORK 10038

| |
|---|
| SUZANNE HALBARDIER, ESQ.<br>ROBERT GORIS, ESQ.<br>BARRY, MCTIERNAN & MOORE<br>2 RECTOR STREET<br>14TH FLOOR<br>NEW YORK, NY 10006 |
| CATHI A. HESSION, ESQ.<br>FLEMMING, ZULACK & WILLIAMSON, LLP<br>ONE LIBERTY PLAZA, 35TH FLOOR<br>NEW YORK, NY 10006-1404 |
| LAWRENCE MCGIVNEY, ESQ.<br>MCGIVNEY, KLUGER & GANNON, P.C.<br>80 BROAD ST., 23RD FLOOR<br>NEW YORK, NY 10004 |
| LISA M. PASCARELLA, ESQ.<br>STEPHANIE A. DIVITA, ESQ.<br>PEHLIVANIAN & BRAATEN, LLC<br>2430 ROUTE 34<br>MANASQUAN, NEW JERSEY 08736 |
| JOSEPH CARLISLE, ESQ.<br>MALABY, CARLISLE & BRADLEY, LLC<br>150 BROADWAY<br>NEW YORK, NEW YORK 10038 |
| RICHARD MARIN, ESQ.<br>MARIN GOODMAN, LLP<br>40 WALL STREET<br>NEW YORK, NY 10005 |
| ELISA M. PUGLIESE, ESQ.<br>KEYSPAN CORPORATION<br>175 EAST OLD COUNTRY ROAD<br>HICKSVILLE, NY 11801 |
| MARC S. GAFFREY, ESQ.<br>HOAGLAND, LONGO, MORAN, DUNST &<br>DOUKAS<br>40 PATTERSON STREET<br>P.O. BOX 480 |

NJ/132723v1

| |
|---|
| NEW BRUNSWICK, NJ 08903 |
| ANNA DILONARDO, ESQ.<br>L'ABBATE, BALKAN, COLAVITA & CONTINI<br>1050 FRANKLIN AVENUE<br>GARDEN CITY, NY 11530 |
| ROSA LEE, ESQ.<br>CULLEN & DYKMAN<br>177 MONTAGUE STREET<br>BROOKLYN, NEW YORK 11201 |
| MICHELLE REGAN, ESQ.<br>FRANCIS WINN, ESQ.<br>LAVIN, COLEMAN, O'NEIL, RICCI, FINARELLI & GRAY<br>420 LEXINGTON AVENUE-SUITE 2900<br>GRAYBAR BUILDING<br>NEW YORK, NY |
| MICHAEL A. CERUSSI, ESQ.<br>THOMAS M. CRISPI, ESQ.<br>CERUSSI & SPING<br>ONE NORTH LEXINGTON AVENUE<br>WHITE PLAINS, NY 10601 |
| MARY ELLEN CONNOR, ESQ.<br>MALABY CARLISLE & BRADLEY, LLC<br>150 BROADWAY<br>NEW YORK, NEW YORK 10038 |
| BARBARA HOPKINS KELLY, ESQ.<br>WILSON, ELSER MOSKOWITZ, EDELMAN & DICKER, LLP<br>33 WASHINGTON STREET<br>NEWARK, NEW JERSEY 07102-5003 |
| ANDREW SAPON, ESQ.<br>BIVONA & COHEN, P.C.<br>88 PINE STREET<br>NEW YORK, NY 10005 |
| PAUL A SCRUDATO, ESQ.<br>SCHIFF HARDIN & WAITE<br>623 FIFTH AVENUE, SUITE 2800<br>NEW YORK, NEW YORK 10022 |

NJ/132723v1

| |
|---|
| SAMUEL GOLDBLATT, ESQ<br>NIXON PEABODY LLP<br>1600 MAIN PLACE TOWER<br>BUFFALO, NY 14202 |
| JOHN P. HOOPER, ESQ.<br>EDWARDS & ANGELL, LLP<br>750 LEXINGTON AVENUE<br>NEW YORK, NEW YORK 10022 |
| JAMES SMITH, ESQ.<br>SMITH ABBOTT<br>THREE NEW YORK PLAZA<br>16TH FLOOR<br>NEW YORK, NY 10004 |
| LINDA YASSKY, ESQ.<br>SONNENSCHEIN, NATH & ROSENTHAL<br>1221 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10020 |
| LORI ELLIOTT GUZMAN, ESQ<br>RIVERFRONT PLAZA EAST TOWER<br>951 EAST BYRD STREET<br>RICHMOND, VA 23219 |
| DANIEL MORETTI, ESQ.<br>LANDMAN CORSI BALLAINE & FORD<br>120 BROADWAY, 27TH FLOOR<br>NEW YORK, NY 10271 |
| PAUL JOSEPHS, ESQ.<br>FABIANI & COHEN<br>570 LEXINGTON AVENUE<br>NEW YORK, NEW YORK 10022 |
| FRANK A CECERE, ESQ.<br>AHMUTY, DEMERS & MCMANUS<br>200 I.U. WILLETS ROAD<br>ALBERTSON, NY 11507 |

NJ/132723v1

ANTHONY MARINO, ESQ.
GARRITY, GRAHAM, FAVETTA & FLYNN
ONE LACKAWANNA PLAZA
MONTCLAIR, NEW JERSEY 07042-0825

WILLIAM BRADLEY, ESQ.
MALABY CARLISLE & BRADLEY, LLC
150 BROADWAY
NEW YORK, NEW YORK 10038

JOHN RONCA, JR., ESQ.
RONCA, MCDONALD & HANDLEY
5 SOUTH REGENT STREET
SUITE 517
LIVINGSTON, NEW JERSEY 07039

BRYAN BELASKY, ESQ.
WEITZ & LUXENBERG
180 MAIDEN LANE
NEW YORK, NEW YORK

RICHARD C. BINZLEY
THOMPSON HINE, LLP
127 PUBLIC SQUARE
3900 KEY CENTER
CLEVELAND, OHIO 44113

EDWARD J. CASS, ESQ.
GALLAGHER, SHARP, FULTON & NORMAN
BULKLEY BUILDING, 7TH FL.
1501 EUCLID AVENUE
CLEVELAND, OHIO 44115

ADAM M. CHUD, ESQ.
SHEA & GARDNER
1800 MASSACHUSETTS AVENUE, NW
WASHINGTON, DC 20036

DAVID A. DAMICO, ESQ.
BURNS, WHITE & HICKTON
FIFTH AVENUE PLACE, SUITE 2400
120 FIFTH AVENUE
PITTSBURGH, PA 15222

RAYMOND P. FORCENO, ESQ.
FORCENO & HANNON
111 S. INDEPENDENCE MALL EAST
THE BOURSE, SUITE 1000
PHILADELPHIA, PA 19106-2574

NJ/132723v1

| |
|---|
| ELLEN B. FURMAN, ESQ.<br>GOLDFEIN & HOSMER<br>1600 MARKET STREET<br>33RD FL.<br>PHILADELPHIA, PA 19103 |
| SUSAN M. HANSEN, ESQ.<br>BROWNSON & BALLOU<br>4800 U.S. BANK PLACE<br>601 SECOND AVENUE, SOUTH<br>MINNEAPOLIS, MN 55402 |
| REGINALD S. KRAMER, ESQ.<br>OLDHAM & DOWLING<br>195 SOUTH MAIN STREET<br>SUITE 300<br>AKRON, OHIO 44308-1314 |
| DAVID C. LANDLIN, ESQ.<br>HUNTON & WILLIAMS<br>RIVERFRONT PLAZA, EAST TOWER<br>951 EAST BYRD STREET<br>RICHMOND, VIRGINIA 23219 |
| GENE LOCKS, ESQ.<br>GREITZER & LOCKS<br>1500 WALNUT STREET<br>PHILADELPHIA, PA 19102 |
| RONALD MOTLEY, ESQ.<br>MOTLEY RICE, LLC<br>28 BRIDGESIDE BOULEVARD<br>MT. PLEASANT, SOUTH CAROLINA 29464 |
| JOHN J. REPCHECK, ESQ.,<br>MARKS, O'NEILL, O'BRIEN & COURTNEY<br>3200 GULF TOWER<br>707 GRANT STREET<br>PITTSBURGH, PA 15219 |
| JOHN D. ROVEN, ESQ.<br>ROVEN, KAPLAN & WELLS<br>2190 NORTH LOOP WEST<br>SUITE 410<br>HOUSTON, TEXAS 77018 |
| RICHARD D. SCHUSTER, ESQ.<br>VORYS, SATER, SEYMOUR & PEASE, LLP<br>52 EAST GAY STREET<br>P.O. BOX 1008<br>COLUMBUS, OHIO 43216 |
| NEIL SELMAN, ESQ.<br>SELMAN, BREITMAN & BURGESS<br>11766 WILSHIRE BOULEVARD<br>SIXTH FLOOR<br>LOS ANGELES, CA 90025 |

| |
|---|
| ROBERT N. SPINELLI, ESQ.<br>KELLEY, JASONS, MCGUIRE & SPINELLI<br>CENTRE SQUARE WEST<br>15TH FLOOR<br>PHILADELPHIA, PA 19102 |
| ROBERT E. SWICKLE<br>JAQUES ADMIRALTY LAW FIRM, P.C.<br>1570 PENOBSCOT BUILDING<br>THE MARITIME ASBESTOSIS LEGAL CLINIC<br>DETROIT, MICHIGAN 48226 |
| ANDREW J. TREVELISE, ESQ.<br>REED SMITH LLP<br>2500 ONE LIBERTY PLACE<br>1650 MARKET STREET<br>PHILADELPHIA, PA 19103 |
| JAMES K. WESTON, II, ESQ.<br>TOM RILEY LAW FIRM<br>4040 FIRST AVENUE, N.E.<br>P.O. BOX 998<br>CEDAR RAPIDS, IA 52406 |

NJ/132723v1