MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 2 2004

FILED
CLERK'S OFFICE

## UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS                          MDL-875
LIABILITY LITIGATION (No. VI)

GAIL BOSTON and                                  C.A. No. 04-CV-122 (D. Me)
ELIZABETH BOSTON,

      Plaintiffs,

v.

EASTERN REFRACTORIES CO., INC.,
et. al.,

      Defendants.

### MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Defendant General Dynamics, by and through its undersigned counsel opposes Plaintiffs'

Motion to Vacate the Conditional Transfer Order as set forth below.

### I.    INTRODUCTION

General Dynamics ("GD") removed this matter to the U.S. District Court for the District

of Maine because it presents a federal question.  Removal to federal court is also appropriate

pursuant to the federal officer removal statute as asserted by Defendant General Electric

Company ("GE") in its opposition to Plaintiff's Motion to Remand the matter to state court.

Contrary to Plaintiffs' assertions, there is federal jurisdiction over Plaintiffs' claims and the

Judicial Panel on Multidistrict Litigation is the appropriate Forum for this matter and vacating

the conditional transfer order would inconvenience the parties and witnesses and would not

promote just and efficient conduct of the matter.  Accordingly, Plaintiffs' Motion to Vacate the

Conditional Transfer Order should denied.

OFFICIAL FILE COPY
IMAGED DEC 6 '04

PLEADING NO. 4342

## II.    PROCEDURAL HISTORY

On or about May 14, 2004, Plaintiffs filed a civil action alleging claims of injuries resulting from asbestos exposure against numerous defendants in the Superior Court of York County, Maine.  Plaintiff alleged he was exposed to asbestos on board vessels owned by the U.S. Navy at the Portsmouth Naval Shipyard while an employee of the Portsmouth Naval Shipyard. On June 18, 2004, Defendant GD removed the matter to the U.S. District Court for the District of Maine pursuant to 28 U.S.C. §§1441 and 1446.  On July 22, 2004 Plaintiffs filed a Motion for Remand with Incorporated Memorandum of Law seeking to remand the case to the Superior Court of York County, Maine claiming a procedural defect in the removal.  Defendant GE filed a Response to Plaintiffs' Motion to Remand in which it raised and established that removal of the matter to federal court was proper pursuant to the federal officer removal statute, independent of GD's removal of the matter.  *See* Defendant's Objection to Plaintiffs' Motion for Remand with Incorporated Memorandum of Law filed by Defendant General Electric Company attached as Exhibit A.  The U.S. District Court for the District of Maine did not rule on Plaintiffs' Motion for Remand before this Forum issued the Conditional Transfer Order.

## III.    ARGUMENT

Plaintiffs premise their Motion to Vacate the Conditional Transfer of this matter solely on the basis that the removal of this case to federal court by Defendant GD was defective in that not all Defendants consented to the Removal.  Given the numerous defendants in this asbestos case and the fact that Complaint offered no indication of which defendants had been served, obtaining written consent to removal from all defendants prior to the deadline for removing the matter was not practical.  No defendant objected to removal and GD filed consents from the Defendants supporting its Response to Plaintiffs' Motion to Remand the matter.  *See* Defendant's Objection

to Plaintiffs' Motion for Remand with Incorporated Memorandum of Law filed by Defendant General Dynamics attached as Exhibit B.  U.S.C. §§1441 and 1446 do not require the removing party to file consents to removal along with the removal, and this Forum should deem that given the circumstances of this matter the consent requirement was satisfied by the fact that no defendant objected to the removal and GD filed consents to removal in support of its Response to Plaintiffs' Motion to Remand.

If this Forum were to find removal of this matter pursuant to 28 U.S.C. §§1441 and 1446 procedurally defective, the matter must remain in federal court, and, therefore, in this Forum, due to federal officer jurisdiction pursuant to 28 U.S.C. §1442(a)(1).  As set forth more fully in Defendant GE's Response to Plaintiffs' Motion to Remand, U.S. District Court for the District of Maine has original jurisdiction over the subject matter of Plaintiffs' claims and removal to federal court pursuant to the federal officer removal statute does not require consent of the other defendants in the matter.[1]  *See* Defendant's Objection to Plaintiffs' Motion for Remand with Incorporated Memorandum of Law filed by Defendant General Electric ¶¶ 8-14 and supporting citations.

As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), GE has a federal defense to Plaintiffs' claims on the basis of government contractor immunity for injuries arising from exposure to asbestos related to turbines on board U.S. Navy vessels.  Because GE constructed the marine turbines at issue in the matter under the direction of a federal officer and pursuant to precise, detailed specifications promulgated by the U.S. Navy removal is appropriate pursuant to 28 U.S.C. § 1442(a)(1).  *See* 28 U.S.C. § 1442(a)(1); *see also Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).  The present matter is almost identical to the facts

---

[1]     Defendant General Dynamics incorporates by reference Defendant General Electric's Objection to Plaintiffs' Motion for Remand with Incorporated Memorandum of Law into this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order.

974691.2

of *Pack v. AcandS, Inc.*, 383 F.Supp. 1099 (D.Md. 1993) and *Carter v. AcandS, Inc.*, No.

3:02CV00009, 2002 U.S.Dist. LEXIS 24057 (E.D. Tex. June 28, 2002).  In both cases, the

defendant designed and constructed marine turbines for use on military vessels, and the U.S.

Navy supervised and controlled the design and construction process.  *Pack* 838 F.Supp. at 1103;

*Carter*, 202 U.S. Dist. LEXIS 24057, at *14.  Defendant Westinghouse removed both cases to

federal court, and, in each case, the district courts refused to grant Plaintiffs' Motion to Remand.

The facts in the instant matter are substantially similar to *Pack* and *Carter*, and the existence of

federal jurisdiction as established in those cases precludes remand of this matter.  Accordingly,

regardless of this Forum's conclusions regarding Plaintiffs' allegation of procedural defects with

the removal of the matter pursuant to 28 U.S.C. §§1441 and 1446, the matter is properly

removed pursuant to 28 U.S.C. §1442(a).  In light of the fact that there is federal jurisdiction

over Plaintiffs' claims pursuant to 28 U.S.C. §1442(a), this Forum should deny Plaintiffs'

Motion to Vacate the Conditional Transfer Order.


### IV.    CONCLUSION

As discussed above, this Forum should deny Plaintiffs' Motion to Vacate the Conditional

Transfer Order.

Jeffrey W. Peters, Esq.
Attorney for Defendant
General Dynamics

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY, LLP
Thirty Front Street
P.O. Box 665
Bath, ME  04530
Telephone:  (207) 443-5576
Facsimile:  (207) 443-6665

974691.2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 3 2004

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

    I hereby certify that a copy of the foregoing Memorandum of Law in Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order was mailed postage prepaid to all counsel of record as shown on the attached Panel Service List, Docket No. 875 on the 1st day of December, 2004.

Dated:  December 3, 2004

_____
Jeffrey W. Peters, Esq.
Attorney for Defendant General
Dynamics Corp.

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY, LLP
30 Front Street
P.O. Box 665
Bath, ME  04530
(207) 443-5576

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2004 DEC -3 P 4: 31

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Gail Boston, et al. v. Eastern Refractories Co., Inc., et al.*, D. Maine, C.A. No. 2:04-122 (Judge George Z. Singal)

Michelle Allott
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

George F. Burns
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04101-5029

Joel Benedict Casey
Michael J. Pearce & Associates
Two Monument Square, 9th Floor
P.O. Box 108
Portland, ME 04112-0108

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Martica S. Douglas
Douglas, Denham, Buccina & Ernst
103 Exchange Street
P.O. Box 7108
Portland, ME 04112-7108

R. Terrance Duddy
Kelly, Remmel & Zimmerman
53 Exchange Street
P.O. Box 597
Portland, ME 04112

Jeffrey T. Edwards
Preti, Flaherty, Beliveau, et al.
One City Center
P.O. Box 9546
Portland, ME 04112

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Jon Haddow
Farrell, Rosenblatt & Russell
P.O. Box 738
Bangor, ME 04402

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Bruce B. Hochman
Lambert, Coffin, Rudman & Hochman
477 Congress Street, 14th Floor
P.O. Box 15215
Portland, ME 04112

Todd S. Holbrook
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Theodore H. Kirchner
Norman, Hanson & Detroy
P.O. Box 4600
Portland, ME 04112

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Jeffrey W. Peters
Preti, Flaherty, Beliveau, Pachios &
Haley
One City Center
P.O. Box 9546
Portland, ME 04112

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John H. Rich, III
Perkins, Thompson, Hinckley &
Keddy
One Canal Plaza
P.O. Box 426 DTS
Portland, ME 04112

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Peter J. Rubin
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04101

Michael E. Saucier
Thompson & Bowie
Three Canal Plaza
P.O. Box 4630
Portland, ME 04112

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jason T. Shipp
Goldberg, Persky & White, PC
1030 Fifth Avenue
3rd Floor
Pittsburgh, PA 15219

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Elizabeth G. Stouder
Richardson, Whitman, Large & Badger
465 Congress St.
P.O. Box 9545
Portland, ME 04112

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

William L. Vickerson
Levenson, Vickerson & Bencman
P.O. Box 465
Portland, ME 04112

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Steven F. Wright
Wright & Associates
615 Congress Street
Suite 201
P.O. Box 4077
Portland, ME 04101

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

DEC - 2 2004

FILED
CLERK'S OFFICE

GAIL BOSTON and ELIZABETH BOSTON,   )
                                  )
               **Plaintiffs,**        )
                                  )
**v.**                                  )     Civil No. 04-CV-122P-S
                                  )
**EASTERN REFRACTORIES CO., INC.,**    )
**et al.,**                                )
                                  )
            **Defendants.**     )

## DEFENDANT'S OBJECTION TO PLAINTIFFS'
## MOTION FOR REMAND WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, General Electric Company ("GE"), by and through its undersigned counsel, respectfully submits this objection in response to Plaintiffs' Motion for Remand with Incorporated Memorandum of Law as follows:

1.     On or about May 14, 2004, the Plaintiffs filed this lawsuit, Civil Action No. CV-04-152, against GE and numerous other defendants in the Superior Court of York County, Maine.

2.     The case is based on the Plaintiffs' allegations that the Plaintiff Gail Boston's alleged asbestos-related disease, including asbestosis and lung cancer, was caused by his exposure to asbestos dust and/or fibers.

3.     The Plaintiffs assert causes of action sounding in breach of warranty and negligence against GE and the other defendants based on various theories.

4.     On June 18, 2004, the Defendant General Dynamics Corporation removed this action pursuant to 28 U.S.C. §§ 1441 and 1446.

5.     On July 22, 2004, the Plaintiffs' filed a Motion for Remand with Incorporated Memorandum of Law, seeking to remand this matter to the Superior Court of York County,



EXHIBIT
A

Maine because of a purported procedural defect in the removal and because, as the Plaintiffs

contend, the Court lacks subject matter jurisdiction.

6.     For the reasons that follow, this Court should deny the Plaintiffs' Motion for

Remand.

7.     Mr. Boston claims he was exposed to asbestos by or through GE marine steam

turbines while working for the United States Navy.  The marine steam turbines to which Mr.

Boston claims exposure were designed and produced by GE pursuant to a contract and

specifications executed by the U.S. Navy.  Therefore, the basis for removal is that in the

manufacture and sale of turbines and other equipment for the U.S. Navy, GE was acting under an

officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).

8.     As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), GE

has a federal defense to this action, *i.e.*, government contractor immunity from liability for

injuries arising from any exposure to asbestos related to turbines on board U.S. Navy vessels,

insofar as they were constructed or repaired by G.E.  Therefore, removal pursuant to 28 U.S.C. §

1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the

direction of a federal officer, (2) raise a colorable federal defense to plaintiff's claims and (3)

demonstrates a causal nexus between plaintiff's claims and acts it performed under color of

federal office.  *See Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).  Here, all

three requirements have been satisfied and GE is clearly entitled to utilize the federal officer

removal provision.

9.     In constructing its marine turbines for the Navy, GE acted under the direction of a

federal officer.  GE manufactured and designed the marine steam turbines at issue according to

precise, detailed specifications promulgated by Navy Sea Systems Command.  Moreover, an

2

Inspector of Naval Machinery, who had offices on the premises of GE's plants, personally

oversaw the manufacturing process and enforced compliance with the Navy design

specifications. Further, the turbines were subject to various tests and trials supervised by the

Navy before they were approved for use on military vessels. In sum, virtually no aspect of the

design and manufacture of the marine steam turbines at issue escaped the close control of the

U.S. Navy and its officers.

10.    GE has raised a colorable federal defense to the Plaintiffs' claims. Pursuant to the

government contractor defense, GE cannot be held liable under state law for any injuries caused

by its marine steam turbines. *See Boyle*, 487 U.S. 500. The U.S. government provided GE with

precise specifications regarding its marine steam turbines and GE delivered turbines which

conformed to those specifications. The U.S. Navy, as one of the world's leaders in industrial

hygiene state-of-the-art at the time, would have possessed information equal to or superior to its

equipment suppliers such as GE. Consequently, GE has more than a colorable claim that it is

entitled to immunity from state tort law under the federal government contractor defense. *See*

*Boyle*, 487 U.S. at 512.

11.    The present situation is almost identical to the facts in *Pack v. ACandS, Inc.*, 383

F. Supp. 1099 (D. Md. 1993) and *Carter v. ACandS, Inc.*, No. 3:02CV00009, 2002 U.S. Dist.

LEXIS 24057 (E.D. Tex. June 28, 2002). In both cases, defendant Westinghouse designed and

constructed marine turbines for use on military vessels. The design and construction process was

supervised and controlled by the U.S. Navy and its officers. *Pack*, 838 F. Supp. at 1103; Carter,

202 U.S. Dist. LEXIS 24057, at *14. The plaintiffs in each case alleged that they were exposed

to asbestos insulation installed on those turbines. Westinghouse removed the actions to federal

court pursuant to 28 U.S.C. § 1442(a)(1). In both cases, the district courts refused to grant

plaintiff's motion to remand, holding instead that Westinghouse was entitled to federal officer

removal because (1) the construction and design of its marine turbines were conducted under the

direction of a federal officer; (2) Westinghouse had presented a colorable argument that it was

protected by the federal government contractor defense; and (3) the plaintiff's claims arose from

acts which Westinghouse performed under color of federal office.  The facts in the instant case

are substantially similar to those in *Pack* and *Carter*.  Accordingly, the Plaintiffs' Motion to

Remand in this case should be denied.

      12.    The federal officer removal statute is not narrow or limited, and it should not be

frustrated by a narrow or grudging interpretation of § 1442(a)(1).  *Willingham v. Morgan*, 395

U.S. 402, 405 (1960).

      13.    GE is not required to notify and obtain the consent of any other defendant in this

action in order to remove Plaintiffs' action as a whole under § 1442(a)(1).  *Hunt v. Smith*, 67 F.

Supp. 2d 675 (E.D. Tex 1999).

## Conclusion

      14.    Removal of this action is proper under 28 U.S.C. §1442 because the Court has

original jurisdiction over the subject matter under 28 U.S.C. § 1442(a)(1) as GE was acting under

an officer or agency of the United States.

      THEREFORE, General Electric Company respectfully requests that the Court deny the

Plaintiffs' Motion to Remand.

Dated:  August 10, 2004

                                /s/ James G. Goggin

                                James G. Goggin, Bar No. 2118
                                Attorney for Defendant
                                General Electric Company

VERRILL & DANA, LLP
One Portland Square
Portland, ME  04112
(207) 774-4000
jgoggin@verrilldana.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2004, I electronically filed Defendant's Objection to Plaintiffs' Motion for Remand with incorporated memorandum of law with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: George F. Burns, R. Terrance Duddy, Jeffrey T. Edwards, Bruce B. Hochman, Theodore H. Kirchner, Jeffrey W. Peters, John Hubbard Rich, Samuel K. Rudman, Michael F. Saucier, Elizabeth G. Stouder, William L. Vickerson, Stephen C. Whiting and Steven F. Wright.

There are no non-registered participants.

Dated:  August 10, 2004

/s/ James G. Goggin
James G. Goggin, Bar No. 2118
Attorney for Defendant
General Electric Company

VERRILL & DANA, LLP
One Portland Square
Portland, ME  04112
(207) 774-4000
jgoggin@verrilldana.com

P:\jgoggin\GE\Boston\Objection to Remand.doc

5

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )
                     Plaintiffs,        )          Civil No. 04-CV-122-P-S
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
                     Defendants.        )

AFFIDAVIT OF JEFFREY W. PETERS, ESQ.

I, Jeffrey W. Peters, Esq., attorney for the Defendant, General Dynamics Corporation, in support of the Notice of Removal to the United States District Court for the District of Maine, state the following:

1.  I am the attorney for the Defendant General Dynamics Corporation in this action, maintaining an office at Thirty Front Street, Bath, Maine.  I am a partner in the law firm of Preti, Flaherty, Beliveau, Pachios & Haley, LLP.  I make this affidavit based upon my personal knowledge gained from my representation of the Defendant General Dynamics Corporation in the above-captioned case.

2.  I certify that attached to this affidavit is a copy of all process, pleadings, and orders served upon the Plaintiffs and Defendants in the York County Superior Court action, and that this duplicate record contains an accurate copy of every document docketed, including the docket sheet, and that the duplicate record reflects every action taken in the state court proceedings before removal.

BATH: 46547.1                                    1

Dated at Bath, Maine, this 12th day of July, 2004.

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY


By:   _/s/ Jeffrey W. Peters_
    Jeffrey W. Peters, Esq.
    Attorney for Defendant
    General Dynamics Corporation

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY
THIRTY FRONT STREET
P.O. BOX 665
BATH, MAINE 04530
(207) 443-5576

BATH: 46547.1

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| GAIL BOSTON, et al., | ) | |
| | ) | Civil No. 04-CV-122-P-S |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN REFRACTORIES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**GENERAL DYNAMICS' OPPOSITION
TO PLAINTIFFS' MOTION FOR REMAND**

## I.   INTRODUCTION

Plaintiffs have moved to remand this case that Defendant General Dynamics Corporation

("GD") removed to this Court based upon federal question jurisdiction.  Plaintiffs assert that GD

did not obtain unanimous consent of all Defendants to this action in order to remove.  Plaintiffs

further assert, without authority, that the United States District Court for the District of Maine

does not have federal jurisdiction over this matter ostensibly because the Plaintiffs' injuries arose

in Maine and their claims are pursuant to Maine law.  Both of Plaintiffs' assertions fail and their

Motion for Remand should be denied.

## II.   FACTS

On June 18, 2004 GD sought to remove this action from the Maine Superior Court to the

United States District Court for the District of Maine.  At the time GD filed its Motion to

Remove, of the 23 Defendants Plaintiffs named in this lawsuit, 4 Defendants had not been served

and 11 did not have counsel entered to appear. *See* Docket Sheets from York County Superior

Court and United States District Court for the District of Maine.  The fact that no Defendants

943378.1

have objected to the removal after GD filed the removal demonstrates their approval and consent.

## III.   DISCUSSION

GD exercised reasonable diligence in determining whether other named Defendants were served. Given the number of Defendants in this matter, determination of who the Defendants are, whether they are represented and by whom, was a factor that, despite its best efforts, could not be determined within the 30-day time limit to file its removal. Further, attached hereto and filed with the Court are the served and represented Defendants' consents to the removal. *See* filed Defendants' Notice and Consent documents. These consents cure the alleged procedural defect of which Plaintiffs complain in their Motion and their filing at this juncture does not prejudice Plaintiffs. *See Shaw v. Dow Brands, Inc.*, 994 F.2d 364 (7th Cir. 1993)(technically defective removal notice cured by explanatory amendment when absence of the other defendants was justified and jurisdiction was proper); *Grusznski v. Viking Ins. Co.*, 854 F. Supp. 586 (E.D. Wis. 1994)(flawed removal process cured when defendants joined in removal even though 30-day period had expired); *Eltman v. Pioneer Communications of America, Inc.*, 151 F.R.D. 311 (N.D. Ill. 1993)(defective removal cured with subsequent filing of defendants' consents).

Moreover, Plaintiffs' objection to the removal, by way of their Motion to Remand, is futile. Given that certain Defendants here have not been served and/or have not yet filed answers, they can move to remove and refile the consents that GD files with this Opposition, thereby utilizing another method to rectify the alleged procedural defect. Any subsequently served Defendant may seek removal, even though the original Defendants may be time barred from doing, so as long as the removal is filed and all Defendants consent to the removal. *See Garside v. Osco Drug, Inc.*, 702 F. Supp. 19, 22 (D. Mass. 1988). Accordingly, as all the served and represented Defendants to date have consented to the removal, any subsequently served

2

Defendant has 30 days from the date of service to seek removal. Plaintiffs' Motion for Remand therefore will be an exercise in futility.

Plaintiffs' other contention for moving to remand is that this action is "for an injury which arose in the State of Maine and which was brought under the laws of the State of Maine" and therefore, they argue, this Court has no subject matter jurisdiction. This assertion has no merit. Plaintiffs' Complaint alleges that "Gail Boston, hereinafter worked at Portsmouth Navy Yard, Portsmouth, Maine [sic], from approximately 1958 to 1988 as a General Helper. He was exposed to peripheral asbestos dust and fibers that were present in the work area." Pls.' Compl. at ¶ 27. Plaintiffs do not dispute that litigation arising from lands owned by the federal government under Article I, Section 8, Clause 17 of the United States Constitution is rightfully pursued in federal court pursuant to federal enclave jurisdiction. Plaintiffs further do not dispute that the Portsmouth Naval Shipyard is a federal enclave. *See Abbott v. U.S.*, 144 F.3d 1, 2 (1st Cir. 1998)(recognizing in dicta that United States Navy owns Portsmouth Naval Shipyard); *State of Maine v. Department of Navy*, 702 F. Supp. 322, 343 n.1 (D. Me. 1988), *vacated on other grounds*, 973 F.2d 1007 (1st Cir. 1992)(recognizing in dicta that Portsmouth Naval Shipyard is federal enclave). Plaintiffs confuse judicial jurisdiction over this matter, such as the Court has here, with legislative jurisdiction which arises out of federal enclave jurisdiction.

Federal enclave jurisdiction is a form of federal question jurisdiction that has been recognized in cases where a plaintiff's cause of action arises under the state law that existed at the moment in which the United States acquired the federal enclave. Until superseded, such existing state laws for the protection of private rights remain in force and are incorporated into federal law and become federal law within the meaning of 28 U.S.C. § 1331 (federal question jurisdiction). *James Stewart & Co. v. Sadrakula*, 309 U.S. 94 (1940); *Chicago, Rock Island &*

943378.1

*Pacific Ry. Co. v. McGlinn*, 114 U.S. 542 (1885). Judicial jurisdiction exists, therefore, by the fact that the Portsmouth Naval Shipyard is a federal enclave, and whether the laws of the State of Maine apply in this case depends upon the legislative jurisdiction over the federal enclave – two separate and distinct inquiries.

In the recent matter of *Rivera De Leon v. Maxon Engineering Services, Inc.*, 283 F. Supp. 2d 550 (D. Puerto Rico 2003), the Federal District Court retained jurisdiction under federal enclave jurisdiction over a subcontractor's breach of contract claims against the prime contractor and others pursuant to Puerto Rico law for recovery of construction services provided at a United States Naval Base. Similarly, in *Kelly v. Lockheed Martin Services Group,* 25 F. Supp. 2d 1 (D. Puerto Rico 1998), plaintiffs brought claims under the Americans with Disabilities Act, the Federal Rehabilitation Act of 1973, and the Age Discrimination in Employment Act. Defendants alleged that Puerto Rico law had no application to the plaintiff with regard to his employment with the defendants at Roosevelt Roads because Roosevelt Roads Naval Station in Puerto Rico was a federal enclave under the exclusive jurisdiction of the federal government.

As the *Kelly* decision explains, there are three theories as to federal enclave law in relation to state law. The first factor is that when an area becomes a federal enclave, the local law in effect at the time continues to apply until it is abrogated by federal law – that is, the status quo of the law at the time the federal enclave is formed remains unless Congress acts to alter the status quo. *Id.* at 4 (citing *James Stewart & Co. v. Sadrakula*, 309 U.S. 94 (1940))(further citation omitted). The second factor is that subsequent state regulatory changes consistent with the state law in place at the time of cession are applicable within a federal enclave. *See Paul v. United States,* 371 U.S. 245, 269 (1963). Accordingly, the state/federal law, as *Kelly* explains, "is not frozen in time as of cessation, but continues to develop as the state develops the law."

Under the third theory, all state law rules of the state in which the enclave exists are applicable within the federal enclave unless the state's laws interfere somehow with the federal government's jurisdiction. *Kelly* at 4 (citing *Howard v. Commissioners of the Sinking Fund of the City of Louisville*, 344 U.S. 624 (1953)).

These theories, therefore, are germane to the question of *legislative* jurisdiction – what law applies – as opposed to whether the Court has judicial jurisdiction over this matter. Plaintiffs' Motion to Remand asserts issues pertaining to legislative federal enclave jurisdiction. As a matter of law, this Court has jurisdiction pursuant to federal enclave jurisdiction. The outstanding issue of whether Plaintiffs' state law claims are recognized by the legislative federal enclave jurisdiction is beyond the scope of GD's removal and Plaintiffs' instant Motion.

### IV.   **CONCLUSION**

For all the above reasons, Plaintiffs' Motion to Remand should be denied.

Dated:  August 6, 2004

By */s/ Jeffrey W. Peters*_____
Jeffrey W. Peters, Esq., Maine Bar #7711
Tracey G. Burton, Esq. Maine Bar #7597
Attorneys for Defendant General Dynamics

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY
THIRTY FRONT STREET
P.O. BOX 665
BATH, MAINE  04530
(207) 443-5576

943378.1

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2004, I electronically filed with the Clerk of Court

Defendant's Opposition to Plaintiff's Motion to Remand using the CM/ECF system, which will

send notification of such filing(s) to the following:

| | |
|---|---|
| R. Terrance Duddy, Esq.<br>Kelly, Remmel & Zimmerman<br>53 Exchange Street<br>P.O. Box 597<br>Portland, ME 04112-0597<br><br><br>Plaintiff's Counsel | James J. Bedortha, Esq.<br>Goldberg, Persky & White, P.C.<br>1030 Fifth Avenue, Fifth Floor<br>Pittsburgh, PA 15219-6295<br><br><br>Plaintiff's Counsel |
| Thomas Schulten, Esq.<br>Perkins, Thompson, Hinckley & Keddy<br>One Canal Plaza<br>P.O. Box 426<br>Portland, ME 04112<br><br>Counsel for Eastern Refractories Co., Inc. | Mark G. Furey, Esq.<br>Edward S. MacColl, Esq.<br>Thompson, McNaboe, Ashley & Bull<br>P.O. Box 447<br>Portland, ME 04112-0447<br><br>Counsel for Rapid-American Corp. |
| Samuel K. Rudman, Esquire<br>Lambert Coffin<br>P.O. Box 15215<br>Portland, ME 04112-5215<br><br>Counsel for Ingersoll Rand Co. | Jeffrey T. Edwards, Esq.<br>Preti Flaherty, Beliveau, Pachios & Haley<br>One City Center<br>P.O. Box 9546<br>Portland, Maine 04112-9546<br><br>Counsel for Goulds Pumps, Inc. |

RECEIVED CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC - 2 A 10: 40

943378.1

| | |
|---|---|
| Michael E. Saucier, Esq.<br>Thompson & Bowie<br>P.O. Box 4630<br>Portland, ME 04112-4630<br><br><br>Counsel for W.L.B. Holding, Co. | Martica S. Douglas, Esq.<br>Douglas, Denham, Buccina & Ernst<br>103 Exchange Street<br>P.O. Box 7108<br>Portland, ME  04112-7108<br><br><br>Counsel for Tri-State Packing |
| Jon A. Haddow, Esq.<br>Farrell, Rosenblatt & Russell<br>P.O. Box 738<br>Bangor, ME 04402-0738<br><br><br>Counsel for Metropolitan Life | George F. Burns, Esq.<br>Bernstein Shur Sawyer & Nelson, P.A.<br>P.O. Box 9729<br>Portland, ME 04104-5029<br><br>Counsel for Coltec Industries, Inc. |
| Michelle Allott, Esq.<br>Freidman, Gaythwaite, Wolf & Leavitt<br>P.O. Box 4726<br>Portland, ME 04112<br><br>Counsel for American Standard | Steven C. Whiting, Esq.<br>The Whiting Law Firm, PA<br>75 Pearl Street – Suite 207<br>Portland, ME 04101<br><br>Counsel for Honeywell, Inc |
| Brita J. Forssberg, Esq.<br>Wright & Associates<br>P.O. Box 4077<br>Portland, ME 04101<br><br>Counsel for DeZurik, Inc., Foster Wheeler,<br>IMO Industries and IU North America | James G. Goggin, Esq.<br>Verrill & Dana, LLP<br>One Portland Square<br>P.O. Box 586<br>Portland, ME 04112<br><br>Counsel for General Electric Co. |
| John H. Rich, Esq.<br>Perkins, Thompson, Hinckley & Keddy<br>One Canal Plaza<br>P.O. Box 426<br>Portland, ME  04112-0426<br><br><br>Counsel for Crane Valve Group | Theodore H. Kirchner, Esq.<br>Norman, Hanson & DeTroy<br>415 Congress Street<br>P.O. Box 4600 DTS<br>Portland, Maine 04112<br><br>Counsel for John Crane, New England<br>Insulation, and Zurn Industries |
| Elizabeth G. Stouder, Esq.<br>Richardson, Whitman, Large & Badger<br>P.O. Box 9545<br>Portland, Maine 04112-9545<br><br><br>Counsel for Viacom, Inc. | ITT Grinnell<br>F.W. Cunningham<br><br>Counsel Unknown |

943378.1

PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY


By /s/ Jeffrey W. Peters
Jeffrey W. Peters, Esq., Maine Bar #7711
Tracey G. Burton, Esq. Maine Bar #7597
Attorneys for Defendant General Dynamics


PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY, LLC
30 FRONT STREET
P.O. BOX 665
BATH, ME 04530
(207) 443-5576


8

943378.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                )
                                    )          Civil No. 04-CV-122-P-S
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
EASTERN REFRACTORIES, et al.        )
                                    )
            Defendants.             )

## NOTICE AND CONSENT TO REMOVE

Defendant, Metropolitan Life Insurance Company, a corporation incorporated in the State

of New York, having its principal office in New York City, the State of New York, through its

undersigned attorneys, hereby joins in the Notice of Removal filed by Defendant General

Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed

the Notice and Consent with General Dynamics and further consents to the removal of this

action.

Dated: August 6, 2004                    /s/ Jon A. Haddow
                                         Jon A. Haddow, Esq.
                                         Farrell, Rosenblatt & Russell
                                         61 Main Street, Suite 1
                                         P.O. Box 738
                                         Bangor, Maine  04402-0738
                                         (207) 990-3314
                                         Attorneys for Defendant
                                         Metropolitan Life Insurance Co.

Of Counsel:
Stephen Fennell
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GAIL BOSTON and ELIZABETH BOSTON, his wife, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) )    Case No. 04-CV-122 |
| EASTERN REFRACTORIES CO., INC., ET AL, | ) ) ) ) |
| Defendants. | ) ) |

I hereby certify that on August 6, 2004, I electronically filed Metropolitan Life Insurance Company's Notice and Consent to Remove with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.


Dated: August 6, 2004                   /s/ Jon A. Haddow
                                    Jon A. Haddow, Esq.
                                    FARRELL, ROSENBLATT & RUSSELL
                                    61 Main Street – P.O. Box 738
                                    Bangor, Maine  04402-0738
                                    (207) 990-3314
                                    jah@frrlegal.com
                                    Attorneys for Metropolitan Life Insurance
                                    Company

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| GAIL BOSTON, et al., | ) | |
| | ) | Civil No. 04-CV-122-P-S |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN REFRACTORIES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE AND CONSENT TO REMOVE

Defendant, Ingersoll-Rand, a corporation incorporated in the State of New Jersey, having

its principal office in Cleveland, the State of Ohio, through its undersigned attorneys, hereby

joins in the Notice of Removal filed by Defendant General Dynamics Corporation to remove this

action to this Court as fully as if it had executed and filed the Notice and Consent with General

Dynamics and further consents to the removal of this action.

Dated: *August 6* , 2004                    *Richard B. Kirby /rfb/*
                                            Richard B. Kirby
                                            Attorney for Defendant Ingersoll-Rand
                                            Keegan, Werlin & Pabian, LLP
                                            265 Franklin Street
                                            Boston, MA 02110
                                            (617) 951-1400

944269.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )          Civil No. 04-CV-122-P-S
              Plaintiffs,               )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
              Defendants.               )

## NOTICE AND CONSENT TO REMOVE

Defendant, Tri-State Packing, Inc., a corporation incorporated in the State of Maine,

having its principal office in Scarborough, the State of Maine, through its undersigned attorneys,

hereby joins in the Notice of Removal filed by Defendant General Dynamics Corporation to

remove this action to this Court as fully as if it had executed and filed the Notice and Consent

with General Dynamics and further consents to the removal of this action.

Dated at Portland, Maine, this day, August 6, 2004.

                              Douglas, Denham, Buccina & Ernst


                              _____s/Chris Ledwick_____
                              Christopher B. Ledwick, Esq.  (#9197)
                              Attorney for Defendant Tri-State Packing


Douglas, Denham, Buccina & Ernst
103 Exchange Street
P.O. Box 7108
Portland, Maine  04112-7108
(207) 774-1486


942821.1

UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

GAIL AND ELIZABETH BOSTON, et al,

Plaintiffs

-vs-

EASTERN REFRACTORIES, et al.,

Defendants

Civil No. 04-CV-122-P-S

## NOTICE AND CONSENT TO REMOVE

Defendant Honeywell, Inc., a corporation incorporated in the State of Delaware,

having its principal office in Pittsburgh, the State of Pennsylvania, through its

undersigned attorney, hereby joins in the Notice of Removal filed by Defendant General

Dynamics Corporation to remove this action to this Court as fully as if it had executed

and filed the Notice and Consent with General Dynamics and further consents to the

removal of this action.

Dated on this August 6, 2004

_____/s/ Stephen C. Whiting_____
Stephen C. Whiting, Bar No. 559
Attorney for Defendant Honeywell, Inc.

The Whiting Law Firm, P.A. 75 Pearl Street, Suite 207, Portland, Maine 04101 (207) 780-0681

UNITED STATE DISTRICT COURT
DISTRICT OF MAINE

GAIL AND ELIZABETH BOSTON, et al,

Plaintiffs

-vs-

EASTERN REFRACTORIES, et al.,

Defendants

Civil No. 04-CV-122-P-S

## **NOTICE AND CONSENT TO REMOVE**

Defendant Honeywell, Inc., a corporation incorporated in the State of Delaware, having its principal office in Pittsburgh, the State of Pennsylvania, through its undersigned attorney, hereby joins in the Notice of Removal filed by Defendant General Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed the Notice and Consent with General Dynamics and further consents to the removal of this action.

Dated on this August _____, 2004

_____
Stephen C. Whiting, Bar No. 559
Attorney for Defendant Honeywell, Inc.

The Whiting Law Firm, P.A. 75 Pearl Street, Suite 207, Portland, Maine 04101 (207) 780-0681

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,               )
                                   )        Civil No. 04-CV-122-P-S
            Plaintiffs,            )
                                   )
v.                                 )
                                   )
EASTERN REFRACTORIES, et al.       )
                                   )
            Defendants.            )

## NOTICE AND CONSENT TO REMOVE

Defendant Viacom, Inc., a corporation incorporated in the State of Delaware,

having its principal office at 1515 Broadway, New York, the State of New York, through

its undersigned attorneys, hereby joins in the Notice of Removal filed by Defendant

General Dynamics Corporation to remove this action to this Court as fully as if it had

executed and filed the Notice and Consent with General Dynamics and further consents

to the removal of this action.

Dated:  August 5, 2004              /s/ Elizabeth Stouder
                                    Elizabeth Stouder, Esq.
                                    Attorney for Defendant Viacom

RICHARDSON, WHITMAN, LARGE & BADGER
465 Congress Street, 9th Floor
P.O. Box 9545
Portland, ME  04112-9545
(207) 774-7474

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
                Plaintiffs,             )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
                Defendants.             )

## NOTICE AND CONSENT TO REMOVE

     Defendant, General Electric Company, a corporation incorporated in the State of New

York, having its principal office in Fairfield, the State of Connecticut, through its undersigned

attorneys, hereby joins in the Notice of Removal filed by Defendant General Dynamics

Corporation to remove this action to this Court as fully as if it had executed and filed the Notice

and Consent with General Dynamics and further consents to the removal of this action.

Dated:  August 5, 2004                          /s/ James G. Goggin_____
                                                James G. Goggin, Esq.
                                                Attorney for Defendant General Electric Co.

VERRILL & DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME  04112
(207) 774-4000

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )       Civil No. 04-CV-122-P-S
                Plaintiffs,             )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
                Defendants.             )

## NOTICE AND CONSENT TO REMOVE

Defendant, WLB Holding f/k/a W. L. Blake and Company, a corporation incorporated in

the State of Maine, having its principal office in Portland, the State of Maine, through its

undersigned attorneys, hereby joins in the Notice of Removal filed by Defendant General

Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed

the Notice and Consent with General Dynamics and further consents to the removal of this

action.

Dated: August 4, 2004                   /s/Michael E. Saucier, Esq.
                                        Michael E. Saucier, Esq.
                                        Attorney for Defendant WLB Holding
                                        **THOMPSON & BOWIE, LLP**
                                        Three Canal Plaza
                                        P. O. Box 4630
                                        Portland, ME  04112
                                        (207) 774-2500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE


GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
            Plaintiffs,                 )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
            Defendants.                 )


## <u>NOTICE AND CONSENT TO REMOVE</u>

Defendant, Coltec Industries, Inc., a corporation incorporated in the State of

Pennsylvania having its principal office in Charlotte, in the State of North Carolina, through its

undersigned attorney, hereby joins in the Notice of Removal filed by Defendant General

Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed

the Notice and Consent with General Dynamics and further consents to the removal of this

action.

        Dated:  August 4, 2004


                                        _____
                                        George F. Burns, Esq. – Bar No. 46
                                        Attorney for Defendant Coltec Industries Inc.


George F. Burns, Esq.
Bernstein, Shur, Sawyer & Nelson
100 Middle Street – P.O. Box 9729
Portland, ME 04104-5029
Telephone 207-774-1200


942821.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
              Plaintiffs,               )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
              Defendants.               )

## NOTICE AND CONSENT TO REMOVE

Defendant DeZurik, by and through its undersigned attorneys, hereby joins in the Notice

of Removal filed by Defendant General Dynamics Corporation to remove this action to this

Court as fully as if it had executed and filed the Notice and Consent with General Dynamics and

further consents to the removal of this action.


Dated: August 4, 2004                    ___/s/ Steven F. Wright_____
                                         Steven F. Wright
                                         Bar No. 1883

                                         _/s/ Brita J. Forssberg_____
                                         Brita J. Forssberg
                                         Bar No. 8488

                                         WRIGHT & ASSOCIATES
                                         Attorneys for Defendant DeZurik
                                         The Congress Building
                                         615 Congress Street, Suite 201
                                         P.O. Box 4077
                                         Portland, Maine 04101
                                         207/775-7722

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                )
                                    )       Civil No. 04-CV-122-P-S
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
EASTERN REFRACTORIES, et al.        )
                                    )
            Defendants.             )

## NOTICE AND CONSENT TO REMOVE

Defendant Foster Wheeler Corporation, by and through its undersigned attorneys, hereby

joins in the Notice of Removal filed by Defendant General Dynamics Corporation to remove this

action to this Court as fully as if it had executed and filed the Notice and Consent with General

Dynamics and further consents to the removal of this action.

Dated:  August 4, 2004                    _/s/ Steven F. Wright_____
                                          Steven F. Wright
                                          Bar No. 1883


                                          _/s/ Brita J. Forssberg_____
                                          Brita J. Forssberg
                                          Bar No. 8488

                                          Wright & Associates
                                          Attorneys for Defendant Foster Wheeler Corp.
                                          The Congress Building
                                          615 Congress Street, Suite 201
                                          Portland, Maine  04112-7526
                                          207-775-7722

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
                Plaintiffs,             )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
                Defendants.             )

## NOTICE AND CONSENT TO REMOVE

Defendant Imo Industries Inc., by and through its undersigned attorneys, hereby joins in the Notice of Removal filed by Defendant General Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed the Notice and Consent with General Dynamics and further consents to the removal of this action.

Dated:  August 4, 2004                   /s/ Steven F. Wright
                                         Steven F. Wright
                                         Bar No. 1883

                                          /s/ Brita J. Forssberg
                                         Brita J. Forssberg
                                         Bar No. 8488

                                         WRIGHT & ASSOCIATES
                                         Attorneys for Defendant Imo Industries Inc.
                                         The Congress Building
                                         615 Congress Street, Suite 201
                                         P.O. Box 4077
                                         Portland, Maine 04101
                                         207/775-7722

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                )
                                    )        Civil No. 04-CV-122-P-S
            Plaintiffs,             )
                                    )
v.                                  )
                                    )
EASTERN REFRACTORIES, et al.        )
                                    )
            Defendants.             )

## NOTICE AND CONSENT TO REMOVE

Defendant IU North America, by and through its undersigned attorneys, hereby joins in

the Notice of Removal filed by Defendant General Dynamics Corporation to remove this action

to this Court as fully as if it had executed and filed the Notice and Consent with General

Dynamics and further consents to the removal of this action.

Dated: August 4, 2004              _/s/ Steven F. Wright_____
                                   Steven F. Wright
                                   Bar No. 1883

                                   _/s/ Brita J. Forssberg_____
                                   Brita J. Forssberg
                                   Bar No. 8488

                                   WRIGHT & ASSOCIATES
                                   Attorneys for Defendant I U North America, Inc.
                                   The Congress Building
                                   615 Congress Street, Suite 201
                                   P.O. Box 4077
                                   Portland, Maine 04101
                                   207/775-7722

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| GAIL BOSTON, et al., | ) | |
| | ) | Civil No. 04-CV-122-P-S |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EASTERN REFRACTORIES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE AND CONSENT TO REMOVE

Defendant, Zurn Industries, Inc., a corporation incorporated in the Commonwealth of

Pennsylvania, having its principal office in Erie, the Commonwealth of Pennsylvania, through its

undersigned attorneys, hereby joins in the Notice of Removal filed by Defendant General

Dynamics Corporation to remove this action to this Court as fully as if it had executed and filed

the Notice and Consent with General Dynamics and further consents to the removal of this

action.

Dated: _August 3_ , 2004

Theodore H. Kirchner, Esquire
Attorneys for Defendant Zurn
Industries, Inc.

NORMAN, HANSON & DETROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112
207-774-7000

942821.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
            Plaintiffs,                 )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
            Defendants.                 )

## NOTICE AND CONSENT TO REMOVE

Defendant, John Crane, Inc., a corporation incorporated in the State of Delaware, having

its principal office in the State of Illinois, through its undersigned attorneys, hereby joins in the

Notice of Removal filed by Defendant General Dynamics Corporation to remove this action to

this Court as fully as if it had executed and filed the Notice and Consent with General Dynamics

and further consents to the removal of this action.


Dated:  _Avust 3_ , 2004

_____
Theodore H. Kirchner, Esquire
Attorneys for Defendant John Crane, Inc.

NORMAN, HANSON & DETROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112
207-774-7000


942821.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,                    )
                                        )        Civil No. 04-CV-122-P-S
            Plaintiffs,                 )
                                        )
v.                                      )
                                        )
EASTERN REFRACTORIES, et al.            )
                                        )
            Defendants.                 )

## NOTICE AND CONSENT TO REMOVE

Defendant, New England Insulation Co., Inc., a corporation incorporated in the

Commonwealth of Massachusetts, having its principal office in Canton, the Commonwealth of

Massachusetts, through its undersigned attorneys, hereby joins in the Notice of Removal filed by

Defendant General Dynamics Corporation to remove this action to this Court as fully as if it had

executed and filed the Notice and Consent with General Dynamics and further consents to the

removal of this action.

Dated: _Augst 3_, 2004

Theodore H. Kirchner, Esquire
Attorney for Defendant New England
Insulation Co., Inc

NORMAN, HANSON & DETROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112
207-774-7000

942821.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

GAIL BOSTON, et al.,              )
                                  )          Civil No. 04-CV-122-P-S
              Plaintiffs,         )
                                  )
v.                                )
                                  )
EASTERN REFRACTORIES, et al.      )
                                  )
              Defendants.         )

## NOTICE AND CONSENT TO REMOVE

Defendant, Goulds Pumps, Inc., a corporation incorporated in the State of Delaware,

having its principal office in Seneca Falls, the State of New York, through its undersigned

attorneys, hereby joins in the Notice of Removal filed by Defendant General Dynamics

Corporation to remove this action to this Court as fully as if it had executed and filed the Notice

and Consent with General Dynamics and further consents to the removal of this action.

Dated:  August 3, 2004

                              /s/Jeffrey T. Edwards, Esq.
                              Jeffrey T. Edwards, Esq.
                              Bar No. 679
                              Attorney for Goulds Pumps, Inc.

PRETIFLAHERTY
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000

942944.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2004, I electronically filed the Notice and Consent to Remove with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated:  August 3, 2004

/s/Jeffrey T. Edwards, Esq.
Jeffrey T. Edwards, Esq.
Bar No. 679
Attorney for Goulds Pumps, Inc.

PRETIFLAHERTY
One City Center
P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000

942944.1

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| GAIL BOSTON, ET AL | ) |
| | ) |
|        Plaintiffs, | ) |
| | ) |
| V. | )   Civil Action |
| | )   Docket No.:_____ |
| EASTERN REFRACTORIES, ET AL. | ) |
| | ) |
|        Defendants. | ) |

## CORPORATE DISCLOSURE STATEMENT

Pursuant Federal Rules of Civil Procedure 7.1, Defendant General Dynamics Corporation. is a nongovernmental corporate party.  No publicly held corporation owns 10% or more of its stock.


Dated at Bath, Maine this 18th day of June, 2004.


PRETI, FLAHERTY, BELIVEAU
PACHIOS & HALEY


By: /s/ Jeffrey W. Peters
    Jeffrey W. Peters, Esq.
    Attorney for all Defendant
    General Dynamics Corporation


PRETI, FLAHERTY, BELIVEAU,
PACHIOS & HALEY
THIRTY FRONT STREET
P.O. BOX 665
BATH, MAINE 04530
(207) 443-5576


BATH: 45868.1