JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL 875**

DEC - 6 2004

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

# *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

# *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*John B. Todd, et al. v. ACandS, Inc., et al.,* **D. Maryland, C.A. No. 1:04-2393**

# *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

## *TRANSFER ORDER*

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by Quigley Co., Inc. (Quigley) and its parent, Pfizer Inc., the defendants in one consolidated District of Maryland action (*Todd*). Movants seek transfer of the action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. Plaintiffs in *Todd* oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that *Todd* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Todd* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

In opposing transfer, plaintiffs have observed that i) the bankruptcy filing of one of the two *Todd* defendants, Quigley, has resulted, pursuant to the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 302), in a stay of their claims against Quigley; and ii) an ongoing question remains regarding whether prosecution of the claims against Pfizer Inc. (the only other *Todd* defendant) should be enjoined by the bankruptcy court because of the two defendants' shared interest in certain insurance policies. Accordingly, they suggest that Section 1407 transfer is not warranted because, in essence, there is nothing to transfer. Claims that have been stayed in the transferor court will, of course, remain stayed in the transferee court, and it may well be that *Todd* will be resolved entirely within the context of the Quigley bankruptcy proceedings. Section 1407 transfer of *Todd* at this point, however, will have the salutary effect of placing the action in the transferee district for inclusion in the MDL-875 pretrial proceedings without any further delay in the event that such resolution does not occur.

---

*Judge Motz took no part in the disposition of this matter.

OFFICIAL FILE COPY IMAGED DEC 6 '04

PLEADING NO. 4345

- 2 -

Plaintiffs also seek to exclude *Todd* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries but rather simply involves efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims.  Regardless of how plaintiffs seek to characterize the nature of their complaints, the action shares a key issue with other actions previously centralized in  the transferee district:  whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members.  Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise.  Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.  To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001).  We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____

Wm. Terrell Hodges
Chairman