JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**☒ ⸣ 875**

DEC - 6 2004

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION   FILED
CLERK'S OFFICE

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)                    **MDL DOCKET NO. 875**

**This Document Relates To:
RONALD ADAMS, ET AL. vs.
ALCO INDUSTRIES, INC., ET AL.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RONALD ADAMS, ET AL.**                                   **PLAINTIFFS**

VS.                                    **CIVIL ACTION NO. : 1:04CV730GRo**

**ALCO INDUSTRIES, INC., ET AL.**                          **DEFENDANTS**

<u>**CERTAIN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO VACATE
ORAL ARGUMENT REQUESTED**</u>

COME NOW, Certain Defendants[1], in *Ronald Adams v. Alco Industries, Inc., et al.,* in the

United States District Court for the Southern District of Mississippi, Southern Division, Civil

Action No. 1:04-730, by and through counsel, file this their Response to Plaintiffs' Motion to

Vacate Conditional Transfer Order (CTO-273), and in support thereof would show unto the

Panel the following:

1. The Complaint was filed in this matter on or around August 26, 2004. *See,*

Complaint, attached hereto as Exhibit "A." The Complaint alleges asbestos exposure by one

Mississippi resident Plaintiffs against 91 Defendants companies incorporated in States other than

Mississippi and with a principal place of business in a state other than Mississippi. Furthermore,

---

[1] Certain Defendants include: Dover Corporation; The Fairbanks Company; Gardner
Denver, Inc.; Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.; Harsco Corporation;
Nibco, Inc.; Robbins & Myers, Inc.; Roper Industries, Inc.; Sterling Fluid Systems (USA) LLC;
Terex Cranes, Inc.; and Yeoman's Chicago Corp.

**OFFICIAL FILE COPY** IMAGED DEC 8 '04

the amount in controversy exceeds $75,000 exclusive of costs and interest.

2. Notices of Removal were timely filed by these Defendants on or about September 21, 2004. These Certain Defendants properly asserted Federal Jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. As complete diversity jurisdiction exists in this case, removal to the federal district court is permissible and warranted. In fact, the Plaintiff does not dispute that there is complete diversity in this matter. *See,* Plaintiff's Motion to Remand, attached hereto as Exhibit "B."

3. All Defendants served with the Complaint at the time of Removal consented to the removal of this action. This case was conditionally transferred to this Panel on or around November 14, 2004. The Plaintiff filed a Motion to Vacate the Conditional Transfer on or around November 8, 3004. *See,* Plaintiff's Motion to Vacate, attached hereto as Exhibit "C."

4. In his Motion to Remand and Motion to Vacate the Conditional Transfer, the Plaintiff argues that this matter is improperly in federal court/MDL based on several Defendants' alleged failure to consent to removal of this action to federal court.

5. This accusation by the Plaintiff is clearly erroneous. The Plaintiff contends that the Defendants listed in Exhibit "A" to the Plaintiffs' Motion to Remand contains a list of Defendants who failed to timely consent to removal. However, these Defendants were not served with the Complaint during the 30 days after these Defendants filed their Notice of Removal. Those served after the 30 day period filed a Notice of Consent to Removal and all Defendants agree that federal court has jurisdiction over this cause of action. Because this matter is properly before this Court based on diversity jurisdiction and according to the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, the Plaintiff's Motion to Vacate this Panel's

Conditional Transfer Order should be denied.

WHEREFORE PREMISES CONSIDERED these Certain Defendants respectfully request this Panel to deny Plaintiff's Motion to Vacate the Conditional Transfer.

Respectfully submitted, this the 24th day of November , 2004.

FORMAN PERRY WATKINS KRUTZ & TARDY LLP

SAMUEL D. HABEEB (MSB#9552)
DAVID A. BAKER (MSB#101077)
SIMINE BAZYARI REED (MSB#101259)
For the Moving Defendants

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
188 East Capitol Street Suite 1200
Post Office Box 22608
Jackson, Mississippi 39225-2608
Telephone: (601) 960-8600
Facsimile: (601) 960-3134

## CERTIFICATE OF SERVICE

I, David A. Baker, on behalf of Moving Defendants, do hereby certify that I have served by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to Plaintiffs' counsel and all counsel as listed on the attached Service List.

This, the 24th day of November, 2004.

SAMUEL D. HABEEB (MSB#9552)
DAVID A BAKER (MSB#101077)
SIMINE BAZYARI REED (MSB#101259)

Case MDL No. 875   Document 4346   Filed 12/06/04   Page 4 of 61

## AMENDED CERTIFICATE OF SERVICE

DEC - 6 2004

FILED
CLERK'S OFFICE

I, Samuel D. Habeeb, on behalf of Moving Defendants, do hereby certify that I have served by

United States mail, postage prepaid, a true and correct copy of the above and foregoing document to

Plaintiffs' counsel and all counsel as listed on the attached Service List.

This, the 2nd day of December, 2004.

*Sam D. Habeeb*
_____
SAMUEL D. HABEEB (MSB#9552)
DAVID A BAKER (MSB#101077)
SIMINE BAZYARI REED (MSB#101259)


**RONALD ADAMS vs. ALCO INDUSTRIES, INC., et al.**
**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**
**CIVIL ACTION NO. 1:04CV730GRo**
**SERVICE LIST**

Anthony Sakalarios, Esq.
F. Marvin Morris, III, Esq.
Charles G. Blackwell, Esq.
Sara M. Farris, Esq.
Stacey Lea Sims, Eq.
Morris, Sakalarios, & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
(601) 544-3343; FAX (601) 544-9814
**ATTORNEYS FOR PLAINTIFFS**

Ronald G. Peresich, Esq.
Michael E. Whitehead, Esq.
Mark Edwards, Esq.
Page, Mannino, Peresich & McDermott
759 Vieux Marché Mall (39530)
Post Office Drawer 289
Biloxi, MS 39533
(228) 374-2100; FAX (228) 374-3838
**ATTORNEYS FOR AMERICAN STANDARD
INC.; TEXTRON, INC.;
WESTINGHOUSE AIR BRAKE COMPANY**

D. Drew Malone, Esq.
Richard Edmonson, Esq.
Frederick Salvo, Esq.
Armstrong Allen
Post Office Box 14028
Jackson, MS 39236-4028
(601) 713-6334; FAX (601) 713-9488
**ATTORNEYS FOR BUFFALO PUMPS, INC.**

Jeffrey P. Hubbard, Esq.
Charles R. Wilbanks, Esq.
Wells, Moore, Simmons & Hubbard, PLLC
4450 Old Canton Road, Suite 200 (39211)
Post Office Box 1970
Jackson, MS 39215-1970
(601) 354-5400; FAX (601) 355-5850
**ATTORNEYS FOR AMPCO PITTSBURGH
CORPORATION; CNA HOLDINGS, INC.;
FLOWSERVE CORPORATION (DURIRON);
FLOWSERVE ANCHOR DARLING
OPERATIONS; FMC CORPORATION;
TRW, INC. n/k/a NORTHROP GRUMMAN
SPACE & MISSIONS SYSTEMS CORP.**

Thomas W. Tyner, Esq.
Daphne Lancaster, Esq.
Christopher O. Massenberg, Esq.
Aultman, Tyner & Ruffin, Ltd.
315 Hemphill Street (39401)
Post Office Drawer 750
Hattiesburg, MS 39403-0750
(601) 583-2671; FAX (601) 583-2677
**ATTORNEYS FOR ANCHOR PACKING
COMPANY; ATOFINA CHEMICALS, INC.;
BW/IP INTERNATIONAL, INC. f/k/a BORG
WARNER INDUSTRIAL PRODUCTS;
COLTEC INDUSTRIES, INC.; FAIRBANKS
MORSE PUMP CORPORATION;
GARLOCK, INC.; GARLOCK PACKING
COMPANY; MARLEY PUMP COMPANY**

Paige C. Jones, Esq.
Phelps Dunbar, LLP
111 East Capitol Street, Suite 600 (39201)
Post Office Box 23066
Jackson, MS 39225-3066
(601) 352-2300; FAX (601) 360-9777
**ATTORNEY FOR ANDERSON
GREENWOOD & CO.**

Christopher A. Shapley, Esq.
Cheri D. Green, Esq.
Brunini, Grantham, Grower & Hewes
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205-0119
(601) 948-3101; FAX (601) 960-6902
**ATTORNEYS FOR ARVIN MERITOR, INC.;
COLFAX CORPORATION;
EDWARD VOGT VALVE; INVENSYS
SYSTEMS; ROCKWELL AUTOMATION,
INC.**

Robert P. Thompson, Esq.
Lyn B. Dodson, Esq.
Copeland, Cook, Taylor & Bush
200 Concourse, Suite 200
1062 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, MS 39158
(601) 856-7200; FAX (601) 856-7626
**ATTORNEYS FOR ASCO POWER
TECHNOLOGIES; EMERSON ELECTRIC
CO.; FISHER CONTROLS
INTERNATIONAL, INC.**

Kathryn Jude, Esq.
Katherine Kemp, Esq.
Earnest King, Esq.
Jude & Jude
6424 Highway 98 West, Suite 50 (39402)
Post Office Box 17468
Hattiesburg, MS 39404-7468
(601) 579-8411; FAX (601) 579-8461
**ATTORNEYS FOR AUTOCLAVE
ENGINEERS, INC.**

Michael N. Watts, Esq.
Mark Smith, Esq.
Holcomb Dunbar
1217 Jackson Avenue
Post Office Drawer 707
Oxford, MS 38655-0707
(662) 234-8775; FAX (662) 238-7552
**ATTORNEYS FOR BAKER HUGHES, INC.**

Patricia Gandy, Esq.
Phil Abernathy, Esq.
Butler, Snow, O'Mara, Stevens & Cannada
1700 Deposit Guaranty Plaza
210 East Capitol Street (39201)
Post Office Box 22567
Jackson, MS 39225-2567
(601) 948-5711; FAX (601) 985-4500
**ATTORNEYS FOR
BRIDGESTONE/FIRESTONE, INC. n/k/a
BRIDGESTONE-FIRESTONE NORTH
AMERICAN TIRE, LLC**

W. Lee Watt, Esq.
Brunini Grantham Grower & Hewes
1710 Jackson Avenue (39567)
Post Office Drawer 210
Pascagoula, MS 39568-0210
(228) 696-0044; FAX (228) 696-0223
**ATTORNEY FOR CLARK-RELIANCE
CORP.; COPES-VULCAN, INC.**

Monte Barton, Esq.
Copeland, Cook, Taylor & Bush
200 Concourse, Suite 200
1062 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, MS 39158
(601) 856-7200; FAX (601) 856-7626
**ATTORNEY FOR COOPER INDUSTRIES,
INC.**

James N. Bullock, Esq.
Shell Buford
660 Lakeland Drive, Suite 202 (39208)
Post Office Box 157
Jackson, MS  39205-0157
(601) 932-4118; FAX (601) 932-4860
**ATTORNEY FOR THE FALK
CORPORATION**

Paul V. Cassisa, Sr., Esq.
Stephen N. Elliott, Esq.
Eugene M. McEachin, Jr., Esq.
Ann M. Sico, Esq.
Bernard, Cassisa, Elliott & Davis
1615 Metairie Road
Post Office Box 55490
Metairie, LA 70055-5490
(504) 834-2612; FAX (504) 838-9438
**ATTORNEYS FOR GENERAL MOTORS
CORP.**

Mark Carroll, Esq.
J. Kyle Fulcher, Esq.
Baker Donelson Bearman Caldwell & Berkowitz,
PC
Meadowbrook Office Park
4268 I-55 North (39211)
Post Office Box 14167
Jackson, MS 39236
(601) 351-2400; FAX (601) 592-2478
**ATTORNEYS FOR GENERAL MOTORS
CORP.**

C. Michael Evert, Jr., Esq.
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA  30305
(404) 233-8718; FAX (404) 233-8933
**ATTORNEY FOR GOODYEAR TIRE &
RUBBER COMPANY; VIACOM,
SUCCESSOR TO CBS CORPORATION,
f/k/a WESTINGHOUSE ELECTRIC CORP.**

Walter W. Dukes, Esq.
Will Symmes, Esq.
Dukes, Dukes, Keating and Faneca
2909 13th Street, 6th Floor (39501)
Post Office Drawer W
Gulfport, MS  39502
(228) 868-1111; FAX (228) 864-3840
**ATTORNEYS FOR GOODYEAR TIRE AND
RUBBER CO.**

Edward J. Currie, Jr., Esq.
Kristi D. Kennedy, Esq.
Currie, Johnson, Griffin, Gaines & Myers
315 Tombigbee Street (39201)
Post Office Box 750
Jackson, MS  39205-0750
(601) 969-1010; (601) 969-5120 FAX
**ATTORNEYS FOR HONEYWELL
INTERNATIONAL, INC.,
SUCCESSOR TO ALLIEDSIGNAL INC.,
SUCCESSOR TO BENDIX CORPORATION**

Nick Roberts, Esq.
Montgomery, Barnett, Brown, Read, Hammond
& Mintz
203 North Court One
2304 19th Street
Gulfport, MS  39501
(228) 863-8894; FAX (228) 863-9308
**ATTORNEY FOR LESLIE CONTROLS,
INC.; SPENCE ENGINEERING CO., INC.**

Lawrence G. Pugh, III, Esq.
Montgomery, Barnett, Brown, Read, Hammond
& Mintz
3200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3200
(504) 585-7667; FAX (504) 200-8997
**ATTORNEYS FOR LESLIE CONTROLS,
INC.; SPENCE ENGINEERING CO., INC.**

John E. Wade, Esq.
T. Stewart Lee, Esq.
Brunini Grantham Grower & Hewes
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS  39205-0119
(601) 948-3101; FAX (601) 960-6902
**ATTORNEYS FOR LIMITORQUE, LLC**

William C. Reeves, Esq.
Smith Reeves & Yarborough, PLLC
6360 I-55 North, Suite 330 (39211)
Post Office Box 13469
Jackson, MS  39236-3469
(601) 965-7200; FAX (601) 977-9299
breeves@smithreeves.com
**ATTORNEY FOR MANITOWOC
COMPANY, INC. (f/k/a CHRISTY CORP.)**

James L. Jones, Esq.
Baker Donelson Bearman Caldwell & Berkowitz, PC
Meadowbrook Office Park
4268 I-55 North (39211)
Post Office Box 14167
Jackson, MS 39236
(601) 351-2400; FAX (601) 974-8926
**ATTORNEY FOR PHARMACIA
CORPORATION f/k/a MONSANTO
CHEMICAL CO.**

Robert M. Arentson, Jr., Esq.
Baker Donelson Bearman, Caldwell &
Berkowitz, PC
Meadowbrook Office Park
4268 I-55 North (39211)
Post Office Box 14167
Jackson, MS 39236
(601) 351-2400; FAX (601) 974-8926
**ATTORNEYS FOR RAPID-AMERICAN
CORPORATION**

Darren M. Guillot, Esq.
Corina E. Salazar, Esq.
Abbott, Simses & Kuchler
201 E. Capitol Street, Suite 710
Jackson, MS 39201
(601) 352-9393; FAX (601) 352-9066
**ATTORNEYS FOR TUTHILL
CORPORATION; TYCO VALVES AND
CONTROLS, LP**

Roy C. Williams, Esq.
Williams, Heidelberg, Steinberger & McElhaney
711 Delmas Avenue (39567)
Post Office Drawer 1407
Pascagoula, MS 39568-1407
(228) 762-8021; FAX (228) 762-7589
**ATTORNEY FOR VIACOM, successor to
CBS CORPORATION,
f/k/a WESTINGHOUSE ELECTRIC CORP.**

Robert W. Wilkinson, Esq.
Dogan & Wilkinson, PLLC
734 Delmas Avenue (39567)
Post Office Box 1618
Pascagoula, MS 39568-1618
(228) 762-2272; FAX (228) 762-3223
**ATTORNEY FOR WAUKESHA FOUNDRY
COMPANY**

Cheri Turnage Gatlin, Esq
Brunini, Grantham, Grower & Hewes
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, MS 39205-0119
(601) 948-3101; FAX (601) 960-6902
**ATTORNEY FOR FLUOR CORPORATION**

Richard L. Forman, Esq.
Walter G. Watkins, Jr., Esq.
Fred Krutz, Esq.
Thomas W. Tardy, III, Esq.
Forman, Perry, Watkins, Krutz & Tardy LLP
Post Office Box 22608
Jackson, Mississippi 39225-2608
(601) 960-8600; FAX (601) 960-8613
**ATTORNEYS FOR THE FAIRBANKS
COMPANY, et al.**

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Jason Daniel Bone, Esq.
Gieger Laborde & Laperouse
One Shell Square
701 Poydras Street
Suite 4800
New Orleans, LA 70139-4800

Edward J. Cass, Esq.
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud, Esq.
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico, Esq.
Burns White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen, Esq.
Brownson & Ballou
4800 U. S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Patrick C. Malouf, Esq.
Porter & Malouf
Post Office Box 12768
Jackson, MS 39236

Ronald L. Motley, Esq.
Motley Rice LLC
28 Bridgeside Blvd..
Mt. Pleasant, SC 29464

John J. Repcheck, Esq.
Marks, O'Neil O'Brian & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven, Esq.
Roven Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster, Esq.
Vorys Sater Seymour & Pease
52 East Gay Street
Post Office Box 1008
Columbus, OH 43216

Neil Selman, Esq.
Selman Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli, Esq.
Kelley Jasons McGuire & Spinelli, LLP
Center Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm, PC
1570 Penobscot Building
The Maritime Asbestos Legal Clinic
Detroit, MI 48226

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N. E.
Post Office Box 998
Cedar Rapids, IA 52406

## UNKNOWN COUNSEL

American-Marsh Pumps
Baker Process Equipment Company, Inc.
Black & Veatch Pritchard, Inc., on behalf of, formerly known as, and/or as
    successor to J. F. Pritchard & Co. and The Pritchard Corporation
Bonney Forge Corporation
C Industries, Inc.

Celerity Group, Inc., on behalf of and as successor to Unit Instruments, Inc. and
     Autoclave Engineers, Inc.
Eagle Investments, Inc., on behalf of and as successor to Clevepak Corporation and
     Eastern Industries
Federated Natural Resources, on behalf of National Radiator and U.S. National
     Radiator
Goodrich Pump and Engine Control Systems, Inc., on behalf of and as successor to
     Chandler Evans Control Systems
Homestead Valve
Invensys Metering Systems-North America, Inc.
Robertshaw Controls Company, Individually and on behalf of and as successor to
     Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 6 2004

FILED
CLERK'S OFFICE

**A**

### IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

RONALD ADAMS                                                        **PLAINTIFF**

VERSUS                                        CIVIL ACTION NO. *04-KV-0166-S*

ALCO INDUSTRIES, INC.,                                             **DEFENDANTS**
AMERICAN CRANE CORPORATION,
AMERICAN-MARSH PUMPS,
AMERICAN STANDARD, INC.,
AMPCO PITTSBURGH CORP.,
THE ANCHOR PACKING COMPANY,
ANDERSON GREENWOOD & CO.,
ARVINMERITOR, INC.,
ASCO POWER TECHNOLOGIES,
ATOFINA CHEMICALS, INC., Individually and on behalf of and/or as successor in
interest to Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation,
AUTOCLAVE ENGINEERS, INC.
BAKER HUGHES, INCORPORATED,
BAKER PROCESS EQUIPMENT COMPANY, INC.,
B-I-F, a/k/a Builders Iron Foundry,
BLACK & VEATCH PRITCHARD, INC., on behalf of, formerly known as, and/or as
successor to J. F. Pritchard & Co. and The Pritchard Corporation,
BONNEY FORGE CORPORATION,
BRIDGESTONE AMERICAS HOLDING, INC.,
BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC,
BUFFALO PUMPS, INC.
BW/IP INTERNATIONAL, INC., f/k/a Borg Warner Industrial Product, Successor to
Byron Jackson Pump Co.,
C INDUSTRIES, INC.,
CELERITY GROUP, INC., on behalf of and as successor to Unit Instruments, Inc. and
Autoclave Engineers, Inc.,
CLARK-RELIANCE CORPORATION, on behalf of and as Successor in Interest to
Jerguson Gauge and Valve Company,
CNA HOLDINGS, INC.,
COLFAX CORPORATION, Individually, on behalf of, and as successor in interest to IMO
DeLaval, IMO Industries, Inc., DeLaval Steam Turbine Co., Warner Electric Co, IMO
Pump Group, Warren Pumps, Inc., Quimby Pump Co. and Allweiller Pump Co.
COLTEC INDUSTRIES, INC.,
COOPER ALLOY CORPORATION, f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
COPES VULCAN, INC.,
DOVER CORPORATION,
EAGLE INVESTMENTS, INC., on behalf of and as successor to Clevepak Corporation
and Eastern Industries,
EDWARDS VOGT VALVE, INC.,

RECEIVED
AND FILED

AUG 2 6 2004

M.L. VINES CIRCUIT CLERK
BY_____ D.C.

EXHIBIT
A

EMERSON ELECTRIC CO., Individually and as Successor in Interest to Fisher Governor
Co. and/or Fisher Controls International, Inc.,
THE FAIRBANKS COMPANY,
FAIRBANKS MORSE PUMP CORPORATION,
THE FALK CORPORATION,
FEDERATED NATURAL RESOURCES, on behalf of National Radiator and U.S.
National Radiator,
FISHER CONTROLS INTERNATIONAL, INC., Individually and as Successor in Interest
to Fisher Governor Company,
FLOWSERVE ANCHOR DARLING OPERATIONS,
FLOWSERVE CORPORATION, f/k/a The Duriron Company, Inc.,
FLUOR CORPORATION, Individually and on behalf of Fluor Daniel,
FMC CORP., on behalf of its former Construction Equipment Group and former Peerless
Pump Division,
GARDNER DENVER, INC.
GARLOCK PACKING COMPANY,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs
resulting from exposure to a GE Turbine),
GENERAL MOTORS CORPORATION,
GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., on behalf of and as
successor to Chandler Evans Control Systems,
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO.,
GOULD ELECTRONICS, INC., Individually and as successor to Gould Inc. and I-T-E
Circuit Breaker Company,
HARSCO CORPORATION, on behalf of and as success to Capitol Valve,
HOMESTEAD VALVE,
HONEYWELL INTERNATIONAL, INC., Individually, on behalf of and as Successor in
Interest to Allied Signal, Allied Corp., and Bendix Corp.,
INVENSYS METERING SYSTEMS-NORTH AMERICA, INC.,
INVENSYS SYSTEMS, INC., formerly named The Foxboro Company,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAGNATROL VALVE CORPORATION, CLARK-COOPER DIVISION,
THE MANITOWOC COMPANY, INC.,
MARLEY PUMP COMPANY,
NIBCO, INC., a/k/a Northern Indiana Brass Co.,
NL INDUSTRIES, INC.,
PATTERSON-KELLEY,
PHARMACIA CORPORATION,
PNEUMO ABEX CORPORATION,
RAPID AMERICAN CORPORATION,
ROBBINS & MEYERS, INC.,

ROBERTSHAW CONTROLS COMPANY, Individually and on behalf of and as successor to Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company,
ROCKWELL AUTOMATION, INC.,
ROCKWELL AUTOMATION, INC., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co.,
ROPER INDUSTRIES, INC.,
ROPER INDUSTRIES, INC., on behalf of and as successor to Roper Pump Company,
SPENCE ENGINEERING CO., INC., Individually and as Successor in Interest to Nicholson Steam Trap Co.,
STERLING FLUID SYSTEMS, INC., Individually and on behalf of Labour Pump Company,
TELEDYNE FARRIS ENGINEERING
TEREX CORPORATION,
TEREX CRANES, INC.,
TEXTRON, INC.,
TRW, INC.,
TUTHILL CORPORATION, a/k/a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Tuthill Pump Co.,
TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,
TYCO VALVES & CONTROLS, LP,
VIACOM, INC., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiffs' claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.),
VIKING PUMP, INC., a Unit of Idex Corporation,
WARREN-RUPP, a Unit of Idex Corporation,
WAUKESHA FOUNDRY CO., INC.,
WESTINGHOUSE AIR BRAKE COMPANY,
XOMOX CORPORATION,
YEOMANS CHICAGO CORPORATION, Individually and on behalf of Morris Machine Works f/k/a Morris Pumps, Inc.,
JOHN DOES 1-100, and
JOHN DOES 101-200.


## COMPLAINT

## JURY TRIAL REQUESTED

Plaintiff hereby complains as follows:

1.    The Plaintiff, Ronald Adams, is an adult resident citizen of the State of

Mississippi.

2.  The Defendant, Alco Industries, Inc., is a foreign corporation who may be served with process through its President George E. Smith, Betzwood Industrial Park, Route 363, P. O. Box 937, Valley Forege, PA 19481-0937

3.  The Defendant, American Crane Corporation, is a foreign corporation who may be served with process through its Agent/Officer, 202 Raleigh St., Wilmington, NC 28412.

4.  The Defendant, American-Marsh Pumps, is a foreign corporation who may be served with process through its President, Robert Boyd, 139 Kraft Street, Clarksville, TN 37040.

5.  The Defendant, American Standard, Inc., is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

6.  The Defendant, Ampco Pittsburgh Corp., is a foreign corporation who may be served with process through its CEO, Robert Paul, 600 Grant St., Suite 4600, Pittsburgh, PA 15219.

7.  The Defendant, The Anchor Packing Company, is a foreign corporation who may be served with process through its Registered Agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8.  The Defendant, Anderson Greenwood & Co., is a foreign corporation who may be served with process through its President, Greg Hyland, 3950 Greenbriar, Stafford, TX 77477.

9.     The Defendant, ArvinMeritor, Inc., is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

10.    The Defendant ASCO Power Technologies, is a foreign corporation who may be served with process through its President, 50 Hanover road, Florhan Park, NJ 07932.

11.    The Defendant, Atofina Chemicals, Inc., Individually and on behalf of and/or as successor in interest to Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation, is a foreign corporation who may be served with process through its registered agent, Corporation Service Company, 506 S. President Street, Jackson, MS 39201.

12.    The Defendant, Autoclave Engineers, Inc., is a foreign Corporation who may be served with process in care of Daniel Rubin, President of Celerity Group, Inc. on behalf of and as successor to Unit Instruments, Inc., 1463 Centre Pointe Drive, Milpitas, CA 95035

13.    The Defendant, Baker Hughes, Incorporated, is a foreign corporation who may be served with process in care of Michael E. Wiley, 3900 Essex Lane, Suite 1200, Houston, TX 77027-6177.

14.    The Defendant, Baker Process Equipment Company, Inc., is a foreign corporation who may be served with process in care of Michael E. Wiley, 3900 Essex Lane, Suite 1200, Houston, TX 77027-6177.

15. The Defendant, B-I-F, a/k/ Builders Iron Foundry, is a foreign corporation who may be served with process through its president, 16490 Chillicothe Road, Chagrin Falls, OH 44023-4398.

16. The Defendant, Black & Veatch Pritchard, Inc., on behalf of, formerly known as, and/or as successor to J. F. Pritchard & Co. and The Pritchard Corporation, is a foreign corporation who may be served with process through its Registered Agent, Corporation Service Company, 200 SW 30th St., Topeka, KS 66611.

17. The Defendant, Bonney Forge Corporation, is a foreign corporation who may be served with process through its CEO John Leone, U.S. Route 522 South, Mount Union, PA 17066.

18. The Defendant, Bridgestone Americas Holding, Inc., is a foreign corporation who may be served with process through its Registered Agent, NRAI Agents, Inc., 2710 Old Brandon Road, Pearl, MS 39208.

19. The Defendant, Bridgestone/Firestone North American Tire, LLC, is a foreign corporation who may be served with process through its Registered Agent, NRAI Agents, Inc., 2710 Old Brandon Road, Pearl, MS 39208.

20. The Defendant, Buffalo Pumps, Inc., is a foreign corporation who may be served with process through its president, Charles R. Kistner, 874 Oliver St., North Tonawonda, NY 14120.

21. The Defendant, BW/IP International, Inc., f/k/a Borg Warner Industrial Product, Successor to Byron Jackson Pump Co., is a foreign corporation who may be served with process through its officer, John Nanos, 222 W. Colinas Blvd., Ste 1500, Irving, TX 75039.

22.   The Defendant, C Industries, Inc., is a foreign corporation who may be served with process in care of Milo Evans, 16410 Waterford Manor Ct, Grover, MO 63030.

23.   The Defendant, Celerity Group, Inc., on behalf of and as successor to Unit Instruments, Inc. and Autoclave Engineers, Inc., is a foreign corporation who may be served with process through its president, Daniel Rubin, 1463 Centre Pointe Drive, Milpitas, CA 95035.

24.   The Defendant, Clark-Reliance Corporation, on behalf of and as Successor in Interest to Jerguson Gauge and Valve Company, is a foreign corporation who may be served with process through its President, Mr. Dennis L. Pesek, 16633 Foltz Industrial Parkway, Strongsville, OH 44136.

25.   The Defendant, CNA Holdings, Inc., is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

26.   The Defendant, Colfax Corporation, Individually, on behalf of, and as successor in interest to IMO DeLaval, IMO Industries, Inc., DeLaval Steam Turbine Co., Warner Electric Co., IMO Pump Group, Warren Pumps, Inc., Quimby Pump Co., and Allweiller Pump Co., is a foreign corporation who may be served with process in care of Mr. John Young, 9211 Forest Hill Ave., Ste. 109, Richmond, VA 23235.

27.   The Defendant, Coltec Industries, Inc., is a foreign corporation who may be served with process through its Tax Department, 2730 W. Tyvola Road, Charlotte, NC 28217.

28.     The Defendant, Cooper Alloy Corporation, f/k/a The Cooper Alloy Foundry Co.,
        is a foreign corporation who may be served with process through its Agent/officer
        201 Sweetland Ave. Hillside, NJ 07205.

29.     The Defendant, Cooper Industries, Inc., is a foreign corporation who may be
        served with process through its Registered Agent, CT Corporation System, 645
        Lakeland East Drive, Suite 101, Flowood, MS 39232.

30.     The Defendant, Copes Vulcan, Inc., is a foreign corporation who may be served
        with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne
        Corporate Place, Charlotte, NC 28277.

31.     The Defendant, Dover Corporation, is a foreign corporation who may be served
        with process through its registered agent, Prentice-Hall Corporation System, 506
        S. President St., Jackson, MS 39201.

32.     The Defendant, Eagle Investments, Inc., on behalf of and as successor to
        Clevepak Corporation and Eastern Industries, is a foreign corporation who may be
        served with process through its former President, John A. Strupeck, 7022 Dove
        Drive, Schereville, IN 46375.

33.     The Defendant, Edwards Vogt Valve, Inc., is a foreign corporation who may be
        served with process through its Registered Agent, CT Corporation System, 225
        Hillsborough Street, Raleigh, NC 27603.

34.     The Defendant, Emerson Electric Co., Individually and as Successor in Interest to
        Fisher Governor Co. and/or Fisher Controls International, Inc., is a foreign
        corporation who may be served with process through its Registered Agent, CT
        Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

35.    The Defendant, The Fairbanks Company, is a foreign corporation who may be served with process through its CEO, Robert P. Lahre, 202 N. Division St. NW, Rome, GA 30165.

36.    The Defendant, Fairbanks Morse Pump Corporation, is a foreign corporation who may be served with process through its Vice-President, Mike Griffin, 3601 Fairbanks Avenue, Kansas City, KS 66106.

37.    The Defendant, The Falk Corporation, is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 44 E. Mifflin Street, Madison, WI 53703.

38.    The Defendant, Federated Natural Resources on behalf of National Radiator and U.S. National Radiator, is a foreign corporation whose address for service of process is unknown at this time.

39.    The Defendant, Fisher Controls International, Inc., Individually and as Successor in Interest to Fisher Governor Company, is a foreign corporation who may be served with process through its President, 8000 Maryland Avenue, Clayton, MO 63105.

40.    The Defendant, Flowserve Anchor Darling Operations, is a foreign corporation who may be served with process through its President, 701 First Street, Williamsport, PA 17701.

41.    The Defendant, Flowserve Corporation, f/k/a The Duriron Company, Inc., is a foreign corporation, who may be served with process through its Registered Agent, CT Corporation System, 1635 Market Street, Philadelphia, PA 19103.

42.   The Defendant, Fluor Corporation, Individually and on behalf of Fluor Daniel, is a foreign corporation who may be served through its CEO, Alan L. Boeckmann, 1 Enterprise Drive, Aliso Viejo, CA 92656.

43.   The Defendant, FMC Corp., on behalf of its former Construction Equipment Group and former Peerless Pump Division, is a foreign corporation who may be served with process through William G. Walter or Joseph H. Wetherland, 200 E. Randolph Road, Chicago, Illinois 60621.

44.   The Defendant, Gardner Denver, Inc., is a foreign corporation who may be served with process through its Agent/Officer Ross J. Centanni, 1800 Gardner Expressway, Quincy, IL 62301.

45.   The Defendant, Garlock Packing Company, is a foreign business corporation who may be served with process through its agent, CT Corporation System, 645 Lakeland East Drive – Ste 101, Flowood, MS 39232.

46.   The Defendant, Garlock, Inc., is a foreign business corporation who may be served with process through its agent CT Corporation System, 645 Lakeland East Drive – Ste 101, Flowood, MS 39232.

47.   The Defendant, General Electric Company (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine), is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

48.   The Defendant, General Motors Corporation, is a foreign corporation who may be served through its CEO, G. Richard Wagoner, Jr., 300 Renaissance Center, Detroit, MI 48265.

49.     The Defendant, Goodrich Pump and Engine Control Systems, Inc., on behalf of and as successor to Chandler Evans Control Systems, is a foreign corporation who may be served through its President, Charter Oak Blvd., West Hartford, CT 06133.

50.     The Defendant, Goodyear Tire & Rubber Co., is a foreign corporation who may be served with process through its President, Mr. Robert Keegan, 1144 E. Market Street, Akron, OH 44316.

51.     The Defendant, Gorman-Rupp Co., is a foreign corporation who may be served with process through its President, Jeffrey Gorman, 305 Bowman Street, Manfield, Ohio 44901.

52.     The Defendant, Gould Electronics, Inc., Individually and as successor to Gould Inc. and I-T-E Circuit Breaker Company, is a foreign corporation who may be served with process through its CEO, Joseph Huss, 34929 Curtis Boulevard, Eastlake, OH 44095-4001.

53.     The Defendant, Harsco Corporation, on behalf of and as Successor to Capitol Valve, is a foreign corporation who may be served with process through its CEO, Derek C. Hathaway, 350 Poplar Church Road, Camp Hill, PA 17011.

54.     The Defendant, Homestead Valve, is a foreign corporation who may be served with process through its President, 160 W Walnut Street, Allentown, PA 18102.

55.     The Defendant, Honeywell International, Inc., Individually, on behalf of and as Successor in Interest to Allied Signal, Allied Corp., and Bendix Corp., is a foreign corporation who may be served with process in care of Lawrence A. Bossidy, 101 Columbia Road, Morristown, NJ 07962-2497.

56.     The Defendant, Invensys Metering Systems-North America, Inc., is a foreign corporation who may be served with process through its Registered Agent, CT Corporation system, 111 Eighth Avenue, New York, NY 10011.

57.     The Defendant, Invensys Systems, Inc., formerly named The Foxboro Company, is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 101 Federal Street, Boston, MA 02110.

58.     The Defendant, Lawrence Pumps, Inc., is a foreign corporation who may be served with process through its President, Victor J. Mill, III, 371 Market Street, Lawrence, MA 01843.

59.     The Defendant, Leslie Controls, Inc., is a foreign corporation who may be served with process through its President, Roland P. Robichaud, 12501 Telcom Drive, Tampa, FL 33637.

60.     The Defendant, Limitorque Corporation, is a foreign corporation who may be served with process through its President, R. Arnold Wallace, 5114 Woodall Road, Lynchburg, VA 24502.

61.     The Defendant, Magnatrol Valve Corporation, Clark-Cooper Division, is a foreign corporation who may be served with process at 855 Industrial Highway #4, Cinnaminson, NJ 08077.

62.     The Defendant, The Manitowoc Company, Inc., is a foreign Corporation who may be served with process in care of Terry D. Growcock, 2400 South 44th Street, Manitowoc, WI 54221-0066.

63.     The Defendant, Marley Pump Company, is a foreign corporation who may be served with process in care of SPX Corporation, John B. Blystone, 13515 Ballentyne Corporate Place, Charlotte, NC 28277.

64.     The Defendant, NIBCO, Inc., a/k/a Northern Indiana Brass Co., is a foreign corporation who may be served with process through its President, Mr. Rex Martin, 1516 Middlebury Street, Elkhart, IN 46515-1167.

65.     The Defendant, NL Industries, Inc., is a foreign corporation who may be served with process through its Registered Agent, Prentice-Hall Corporation System, 506 S. President Street, Jackson, MS 39201.

66.     The Defendant, Patterson-Kelley, is a foreign corporation who may be served with process through its President, 100 Burson Street, East Stroudsburg, PA 18301.

67.     The Defendant, Pharmacia Corporation, is a foreign business corporation who may be served with process through its agent CT Corporation System, 645 Lakeland East Drive – Ste 101, Flowood, MS 39232.

68.     The Defendant, Pneumo Abex Corporation, is a foreign corporation who may be served with process through its registered agent, Prentice-Hall Corporation System, 506 S. President St., Jackson, MS 39201.

69.     The Defendant, Rapid American Corporation, is a foreign corporation who may be served with process through its President, 1700 Broadway, Suite 1403, New York, New York 10019.

70.    The Defendant, Robbins & Meyers, Inc., is a foreign corporation who may be served with process through its President 1400 Kettering Tower, Dayton, OH 45423.

71.    The Defendant, Robertshaw Controls Company, Individually and on behalf of and as successor to Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company, is a foreign corporation who may be served with process through its registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604-1101.

72.    The Defendant, Rockwell Automation, Inc., is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

73.    The Defendant, Rockwell Automation, Inc., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co., is a foreign corporation who may be served with process through its Registered Agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

74.    The Defendant, Roper Industries, Inc., is a foreign corporation who may be served with process in care of Brian D. Jellison, 2160 Satellite Blvd., Suite 200, Duluth, GA 30097.

75.    The Defendant, Roper Industries, Inc., on behalf of and as successor to Roper Pump Company, is a foreign corporation who may be served with process at 3475 Maysville Road, Commerce, GA 30529-1376.

76.    The Defendant, Spence Engineering Co., Inc., Individually and as Successor in Interest to Nicholson Steam Trap Co., is a foreign corporation who may be served with process through its CEO, David A. Bloss, Sr., 150 Coldenham Road, Post Office Box 230, Walden, NY 12586-2035.

77.    The Defendant, Sterling Fluid Systems, Inc., Individually and on behalf of Labour Pump Company, is a foreign corporation who may be served with process through its President, Post Office Box 7026, Indianapolis, IN 46207-7026.

78.    The Defendant, Teledyne Farris Engineering, is a foreign corporation who may be served with process at 107 Oak Street, Teaneck, NJ 07666.

79.    The Defendant, Terex Corporation, is a foreign corporation who may be served with process through its Registered Agent, Corporation Service Co., 506 S. President St., Jackson, MS 39201.

80.    The Defendant, Terex Cranes, Inc., is a foreign corporation who may be served with process through its President, Fil Fillpov, Highway 501 East, Conway, SC 29526.

81.    The Defendant, Textron, Inc., is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

82.    The Defendant, TRW, Inc., is a foreign corporation who may be served with process through its President, E. D. Dunford, 1900 Richmond Road, 2N, Cleveland, OH 44124.

83.    The Defendant, Tuthill Corporation, a/k/a Coppus Portable Ventilation Division, Individually and as Successor in Interest to Tuthill Pump Co., is a foreign

corporation who may be served with process through its President, James Jay Tuthill, Jr., 8500 South Madison Street, Burr Ridge, IL 60521.

84. The Defendant, Tuthill Pump Co., a/k/a Tuthill Pump Group, is a foreign corporation who may be served with process through its President, 5143 Port Chicago Highway, Concord, CA 94520.

85. The Defendant Tyco Valves & Controls, LP, is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 101 Federal Street, Boston, MA 02110.

86. The Defendant, Viacom, Inc., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiff's claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.), is a foreign corporation who may be served with process through its CEO, Sumner M. Redstone, 1515 Broadway, New York, NY 10036.

87. The Defendant, Viking Pump, Inc., a Unit of Idex Corporation, is a foreign corporation who may be served with process through its President, 406 State Street, P.O. Box 8, Cedar Falls, IA 50613-0008.

88. The Defendant, Warren-Rupp, a Unit of Idex Corporation, is a foreign corporation who may be served with process through its Agent/Officer, 800 North Main Street, P.O. Box 1568, Mansfield, OH 44901-1568.

89. The Defendant, Waukesha Foundry Co., Inc., is a foreign corporation who may be served with process through its President, 1300 Lincoln Avenue, Waukesha, WI 53186.

90.   The Defendant, Westinghouse Air Brake Company, is a foreign corporation who may be served with process through its Registered Agent, CT Corporation System, 1209 Orange St., Wilmington, DE 19801.

91.   The Defendant, Xomox Corporation, is a foreign corporation who may be served with process through its President, Bill Hayes, 4444 Cooper Road, Cincinatti, OH 45242.

92.   The Defendant, Yeomans Chicago Corporation, Individually and on behalf of Morris Machine Works f/k/a Morris Pumps, Inc., is a foreign corporation who may be served with process through its President, John L. Kelly, 3905 Enterprise Court, P.O. Box 960, Aurora, IL 60598-0620.

93.   John Doe Defendants 1-100 are defendants whose identities are unknown at this time. It is believed that these other corporations and/or individuals supplied, manufactured, and or distributed asbestos containing products to the plaintiffs' work sites and the plaintiffs were exposed to said asbestos-containing products or that these corporations and/or individuals manufactured, supplied, distributed, products which caused asbestos containing products to become airborne and the plaintiffs were exposed to said asbestos and/or these corporations and/or individuals caused asbestos to become airborne and the plaintiffs were exposed to said asbestos.  When their identities are known, this complaint will be amended to properly name same.

94.   John Doe Defendants 101-200 are defendants whose identities are unknown at this time. It is believed that other organizations and associations conspired with corporations and/or individuals which supplied, manufactured, and or distributed

asbestos containing products. When their identities are known, this complaint will be amended to properly name same.

95. All of the above Defendant corporations are citizens of Mississippi or have either obtained certificates of authority to transact business in Mississippi pursuant to §79-1-211 et seq., Mississippi Code of 1972, or have transacted business in Mississippi without a certificate of authority, but within the contemplation of § 13-3-57 of said Code.

96. Venue is proper in Adams County, Mississippi, pursuant to M.C.A. §11-11-11.

## BACKGROUND

97. During all or part of the period from 1954 through the present ("the exposure period") each of the Defendants mined, designed, evaluated, manufactured, packaged, furnished, supplied and/or sold adhesives, construction materials, insulation, fiber or other products, that each contained fibrous, incombustible, chemical-resistant, mineral substances commonly called "asbestos," or other substances such as diatomaceous earth, and/or materially assisted and/or aided others in so doing, in the construction and repair of manufacturing plants and equipment and/or participated in the disturbance of asbestos containing materials causing the asbestos to become airborne and thereby endangering the plaintiffs, and/or defendants designed, evaluated, manufactured, packaged, furnished, supplied and/or sold protective equipment which was defective and contributed to the plaintiffs' injuries. All references to "asbestos" in this Complaint shall mean and be limited to the Defendants' products described in this paragraph.

98. During all or part of the "exposure period," the Plaintiff worked at various work sites throughout the Southeast.

99. When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself in lung disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, and cardiac disease, among other diseases and injuries.

100. Each of the Defendants knew or should have known through industry and medical studies, the existence of which was unknown to Plaintiff of the health hazards to Plaintiff inherent in the asbestos-containing products prepared, supplied, and sold for use in the States of Mississippi, Massachusetts, Connecticut, Florida, Texas, Arkansas, Louisiana, and Tennessee. Instead of warning the Plaintiff, other intended users, and the general public about these dangers, the Defendants ignored or actively and fraudulently concealed such information, or condoned such concealment, and commanded, directed, advised, encouraged, aided, abetted, or conspired with others or each other in so doing in order to sell asbestos and avoid litigation by those who were injured from asbestos inhalation. Said actions or inactions constitute gross negligence and show a callous disregard for the rights and safety of the Plaintiff and others giving rise to the imposition of punitive damages against the Defendants herein.

101. In connection with his work during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of such asbestos, having neither knowledge nor reason to believe that asbestos was dangerous.

102. As a direct and proximate contributing result of having inhaled, ingested or otherwise being exposed to asbestos during the exposure period, the Plaintiff has received injuries, both physically and mentally including, without limitation, one or more of the following conditions:

    A.    Asbestosis;

    B.    Pulmonary or Bronchogenic Carcinoma;

    C.    Mesothelioma;

    D.    Impaired Pulmonary Capacity;

    E.    Reduce Lung Volume;

    F.    Pleural Plaques;

    G.    Interstitial Lung Fibrosis;

    H.    Cardiac and Circulatory Disease;

    I.    Increased susceptibility to one of the foregoing diseases and other illnesses;

    J.    Physical and mental anguish associated with one or more of the preceding conditions; and,

    K.    Death.

103. Plaintiff further charges that as a direct and proximate result of having inhaled, ingested or otherwise being exposed to asbestos, he has received permanent and painful injuries. Plaintiff would further show that he has suffered physical and mental pain and anguish, loss of wages, loss of wage earning capacity and will continue to sustain damages of the above type in the future including, but not

limited to, physical and mental pain and anguish, disability, future medical expenses and loss of the enjoyment of life.

104.    Because of the latency period of the above asbestos injuries and because of the active concealment by the Defendants of the causes and effects of exposure to asbestos, the Plaintiff has only recently discovered his injuries.

## COUNT ONE

### Strict Liability

105.    Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint.

106.    The Defendants and/or their predecessor entities were engaged in, or materially participated in, or aided and abetted in the business of selling asbestos and materials containing asbestos, which were expected to and did reach Mississippi, Massachusetts, Connecticut, Florida, Texas, Arkansas, Louisiana, and Tennessee and equipment in and around Mississippi, Massachusetts, Connecticut, Florida, Texas, Arkansas, Louisiana, and Tennessee, as well as other work sites where plaintiff was employed, without substantial change in the condition in which they were sold, where said products released asbestos fibers which were inhaled and ingested by the Plaintiff in connection with his work.

107.    The asbestos was in a defective condition unreasonably dangerous to the Plaintiff who was the intended and foreseeable user or bystander of the asbestos. These defects included, without limitation, the following:

a.    Inherent and known properties common to the asbestos sold by the Defendants that created unreasonably high potential for causing respiratory diseases, cancer and other health problems to workers or members of such workers' households who would be exposed to asbestos.

b.   Lack of warnings or lack of sufficient warnings by the Defendants of the inherently dangerous properties of asbestos when used for the purpose for which it was manufactured and sold.

c.   Lack of instructions or lack of sufficient instructions by the Defendants for eliminating or minimizing the health risks inherent in the use of asbestos.

d.   Lack of reasonable inspections by the Defendants of their asbestos products to ensure that such asbestos products contained sufficient warnings of the dangerous properties of asbestos.

e.   Lack of reasonable inspections by the Defendants of their asbestos products to ensure that such asbestos products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of asbestos.

f.   Lack of tests or lack of sufficient tests by the Defendants to determine the harmful effects of asbestos on intended users and bystanders.

g.   Defective designs by the Defendants calling for the inclusion of asbestos in products that did not require asbestos, and where alternate, equally suitable substances were available.

h.   Lack of warnings or lack of sufficient warnings by the Defendants upon their discovering the full extent of the dangers presented by asbestos-containing materials and products.

108.   Each of the Defendants knew or should have known that the Plaintiff would be exposed to their asbestos products without inspection of the medical literature by the Plaintiff on the adverse health effects of asbestos. By marketing the asbestos-containing products without warning of the dangerous characteristics of the products, the Defendants represented to the Plaintiff and the public, who justifiably relied thereon, that asbestos was not dangerous.

109.   The defective conditions of the Defendants' asbestos products proximately caused or contributed to the Plaintiff's injuries and damages as described in this Complaint.

110.    Defendants' actions were performed intentionally or with disregard for the health and safety of Plaintiff.

111.    WHEREFORE, the Plaintiff demands both compensatory and punitive damages against the Defendants in an amount to be determined by a jury at trial.

## COUNT TWO

### Negligence

112.    Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint.

113.    Each of the Defendants had, but breached, a duty to the Plaintiff to exercise the highest standard of care in designing, testing, manufacturing, marketing, and selling asbestos which is an extraordinarily and inherently dangerous substance. The breached duties included, without limitation, the duty:

   a.    To select the types of asbestos or alternate materials that would reduce or eliminate health hazards to those who would work with, and in the vicinity of asbestos.

   b.    To warn adequately of the extraordinary health hazards known by the Defendants to be associated with asbestos use.

   c.    To instruct adequately in methods of using asbestos that would reduce the danger of inhalation or ingestion of asbestos dust.

   d.    To test adequately the asbestos products to determine the dangers concomitant with their use.

   e.    To remove the asbestos products from the stream of commerce upon discovering their dangerous properties.

   f.    To inspect the asbestos products for adequate warnings and instructions.

114.    As a direct and proximate result of the Defendants' aforesaid breaches of their duties to the Plaintiff, Plaintiff has sustained the injuries and damages described herein.

115.   In breaching or materially assisting others in breaching their duties to the Plaintiff, as described above, the Defendants acted intentionally, with gross negligence, recklessly, maliciously and wantonly in that the Defendants and each of them knew or should have known through data available exclusively to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended and foreseen by the Defendants, and that each of their aforesaid breaches of duty would result in the injuries suffered by Plaintiff.

116.   WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount to be determined by a jury at trial.

## COUNT THREE

### Fraudulent Concealment/Misrepresentation/ Alteration of Medical Studies/Conspiracy

117.   Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint.

118.   The Defendants, individually and as agents of one another and a co-conspirators, aided, abetted, encouraged, counseled, assisted, agreed and conspired among themselves and with other asbestos manufacturers and distributors to injure Plaintiffs.

119.   Defendants named herein knew that the others' conduct constituted a breach of duty and gave substantial assistance or encouragement to the others to conduct itself likewise in the following fashion:

1.   Metropolitan Life Insurance Company ("Met Life") required a tangible *quid pro quo* from MaGill University in the 1920s in exchange for their providing funding for a study of asbestos disease in Canadian miners. The study revealed asbestos miners suffered from asbestosis. The study was never published and agents of Met Life materially misrepresented in the published literature this known fact.

2.   In 1932, Met Life, through its agents, Dr. Anthony Lanza, Dr. Fellos, and others, assisted the Johns-Manville corporation with medical examinations of over 1,000 employees of Johns-Manville's factory in Manville, New Jersey.   The report of his study shows that a large percentage of the employees suffered from asbestosis including employees not directly involved in the manufacturing process.   This 1932 medical survey was not published in the medical literature and, therefore, was unavailable to scientist studying the issue of the asbestos disease.   Further collaboration between the conspiring asbestos producers and Met Life officials continued this trend of intentional cover-up.

3.   Beginning in approximately 1934, Johns-Manville Corporation, through its agents, Vandiver Brown and attorney, J. C. Hobart, and conspirator, Raybestos-Manhattan, through its agents, Sumner Simpson and J. Rohrback, suggested to Dr. Lanza, Associate Medical Director of Met Life (insurers of Manville, Raybestos, and others) that Dr. Lanza publish a study on asbestosis in which Dr. Lanza would affirmatively misrepresent a material fact about asbestos exposure, i.e., the seriousness of the disease process, asbestosis.   This was accomplished through intentional deletion of Dr. Lanza' description of asbestosis as "fatal" and through other selective editing at the behest of the asbestos industry that affirmatively misrepresented asbestos as a disease process less serious than it actually is and was then known to be.   As a result, Dr. Lanza's study was published in the medical literature in this misleading fashion in 1935.   The Defendants were motivated, in part, to effectuate this fraudulent misrepresentation and fraudulent nondisclosure by the desire to influence proposed legislation to regulate asbestos exposure and to provide a defense in lawsuits involving Manville, Raybestos, and others, as well as Met Life, the insurer.

4.   In 1936, conspirators, American Brake Block Corporation, Asbestos Manufacturing Company, Gate Corporation, Johns-Manville Corporation, Keasby & Mattison Company (then an alter-ego to conspirator Turner & Newall), Raybestos-Manhattan, Russell Manufacturing (whose liabilities have been assumed by H. K. Porter Company), Union Asbestos and Rubber Company, and United States Gypsum Company, entered into an agreement with the Saranac Laboratories.   Under this agreement, these companies acquired the power to decide what information Saranac Laboratories could publish about asbestos disease and control in what form such publications were to occur.   This agreement gave these conspirators power to affirmatively misrepresent the results of the work at Saranac and also gave these conspirators power to suppress material facts included in any study.   On numerous occasions thereafter, the conspirators exercised their power to prevent Saranac scientist from disclosing material scientific data resulting in numerous misstatements of fact being made at

scientific meetings.

5.  On November 11, 1948, representatives of the following conspirators met at the headquarters of Johns-Manville Corporation: American Brake Block Division of American Brake and Shoe Foundry, Gate Corporation, Keasby & Mattison Company (then an alter-ego to conspirator Turner & Newall), Raybestos-Manhattan, Inc., Thermoid Company (whose assets and liabilities were later purchased by H. K. Porter Company), Union Asbestos and Rubber Company, and U. S. Gypsum Company.  U. S. Gypsum did not send a representative to the meeting, but instead authorized Vandiver Brown of Johns-Manville to represent its interest at the meeting and to take action on its behalf.

6.  At this November 11, 1948, meeting, these Defendants and their representatives decided to exert their influence to materially alter and misrepresent material facts about the substance of research started by Dr. Leroy Gardner at the Saranac Laboratories beginning in 1936.  Dr. Gardner's research involved the carcinogenicity of asbestos in mice and also included an evaluation of the health effects of asbestos on humans with a critical review of the then-existing standards of dust exposure for asbestos and asbestos-containing products.

7.  At this meeting, the Defendants intentionally and affirmatively determined that Dr. Gardner's work should be edited to specifically delete material facts about the cancer-causing propensity of asbestos and the health effects of asbestos on humans and the critique of the dust standards and then published it in the medical literature as edited by Dr. Arthur Vorwald. The acts of these Defendants were carried out by co-conspirator Defendant Met Life's agent, Dr. Lanza.  These Defendants thereby fraudulently misrepresented the risks of asbestos exposure to the public, in general, and the class of persons exposed to asbestos, including Plaintiffs.

8.  As a direct result of influence exerted by the above-described conspirators, Dr. Vorwald published Dr. Gardner's edited work in January, 1951, in the *Archives of Industrial Hygiene and Occupational Medicine* (Vol. 3, No. 1), a journal of the American Medical Association.  The published version stressed those portions of Gardner's work that the conspirators wished stressed, but omitted references to cancer, to human asbestosis, and to the inadequacy of the then-established threshold limit values (TLVs). Furthermore, that article made a false claim that the published report was the "complete survey" of Dr. Gardner's work.  The Defendants thereby fraudulently, affirmatively, and deliberately disseminated this misleading Dr. Vorwald publication to university libraries, government officials, medical doctors, agencies, the public, and others.

9.  Such action constituted a material affirmative misrepresentation of the

total context of material facts involved in Dr. Gardner's work and resulted in creating an appearance that inhalation of asbestos was less of a health problem than Dr. Gardner's unedited work indicated.

10.   The following conspirators and others were members of the trade association 'known as Quebec Asbestos Mining Association (Q.A.M.A.): Johns-Manville Corporation, Carey-Canada (individually and as successor to Quebec Asbestos Corporation), the Celotex Corporation (successor to Quebec Asbestos Corporation), National Gypsum Company (n/k/a Asbestos Claims Management Corporation), and Turner & Newall (individually and successor to Bell Asbestos). The members of Q.A.M.A. participated in the above-described misrepresentation of the work of Dr. Gardner published by Dr. Vorwald in the AMA Archives 'of Industrial Health in 1951. Evidence of the Q.A.M.A.'s involvement in this misrepresentation arises from co-conspirator Johns-Manville's membership in the Q.A.M.A., as well as correspondence from co-conspirators indicating close monitoring of the editing process by Q.A.M.A.'s representative, Ivan Sabourin, acting on behalf of all Q.A.M.A.'s members.

11.   Defendants who were members of Q.A.M.A. began on or about 1950 to formulate a plan to influence public opinion about the relationship between asbestos and cancer by influencing the medical literature on this subject and then touting and disseminating this literature to the public and to organizations and legislative bodies responsible for regulatory controls of asbestos with the specific intent of misrepresenting the existing scientific information and suppressing contrary scientific data in their possession and control.

12.   This plan of misrepresentation and influence over the medical literature began on or about 1950 when the Q.A.M.A. members selected Saranac Laboratories to do an evaluation of whether cancer was related to asbestos. After a preliminary report authored by Dr. Vorwald in 1952 indicated that a cancer/asbestos relationship might exist in experimental animals, the Q.A.M.A. members refused to further fund the study and it was terminated and never publicly discussed.

13.   As a result of the termination of this study, these Defendants Fraudulently withheld information from the public and affirmatively misrepresented to the public and responsible legislative and regulatory bodies that asbestos did not cause cancer, including affirmative misrepresentations by conspirators' agents Kenneth W. Smith, M.D., Paul Cartier, M.D., Arthur J. Vorwald, M.D., Anthony J. Lanza, M.D., Vandiver Brown, and Ivan Sabourin, said misrepresentations being direct to, inter alia, U.S. Government officials, Canadian government officials, U.S. National Cancer Institute, other medical organizations, and the general public,

Page 27 of 34

including Plaintiffs.

14.   Subsequently, the Q.A.M.A. Defendant conspirators contracted with the Industrial Hygiene Foundation (I.H.F.) And Dr. Daniel Braun to further study the relationship between asbestos exposure, asbestosis and lung cancer. In 1957, Dr. Braun and Truan reported to the Q.A.M.A. asbestosis did increase a worker's chances of incurring lung cancer.

15.   The Q.A.M.A. Defendants thereafter caused in 1958 a publication of the work by Braun and Truan in which the findings regarding increased incidence of cancer in persons asbestosis was edited out by agents of the Q.A.M.A. The published version of this study contained a conclusion that asbestos exposure did not increase the incidence of lung cancer, a conclusion known by the Defendant conspirators to be patently false.

16.   By falsifying and causing publication of studies concluding that asbestos exposure did not cause lung cancer and simultaneously omitting a document finding that asbestosis did increase the risk of lung cancer, the Q.A.M.A. Defendants affirmatively misrepresented to the public and concealed from the public the extent of risks associated with inhalation of asbestos fibers.

17.   In approximately 1958, the Q.A.M.A. Defendants publicized the edited works of Dr. Braun and Truan at a symposium in an effort to fraudulently misrepresent to the public and persons exposed to asbestos that the inhalation of asbestos dust would not cause cancer.

18.   The fraudulent misrepresentations beginning in 1946, as elaborated above and continuing with the publication of the 1958 Braun/Truan study, influenced the standards set for TLVs and inhibited the lowering of the threshold limit value due to the cancer risk associated with asbestos inhalation.

19.   In 1967, the Q.A.M.A. Defendants determined at their trade association meeting that they would intentionally mislead consumers about the extent of risks involved in inhalation of asbestos products.

20.   In 1952, a symposium regarding the health effects of asbestos was held at the Saranac Laboratories. The following conspirators ere in attendance: Johns-Manville, Turner & Newall, Raybestos-Manhattan, and Q.A.M.A. members by way of theirs agents, Cartier, Sabourin, and Lechance.

21.   At this meeting, the occurrence of lung cancer and asbestosis in product users was discussed and the carcinogenic properties of all fiber types of asbestos was also discussed. In an affirmative attempt to mislead the public about the extent of health risks associated with asbestos, and in an

effort to fraudulently conceal those risks from the public, these Defendants conspired to prevent publication of the record in this 1952 Saranac Symposium and it was not published. In addition, the conspirators induced Dr. Vorwald not to announce the results of his and Dr. Gardner's animal studies showing excess tumors in animals , thereby fraudulently misrepresenting existing data, albeit secret, that should not be publicized because of the secrecy provisions contained in the 1936 Saranac Agreement required by the asbestos industry members.

22. The following conspirators were members of the Magnesia Insulation Manufacturers Association (MIMA): Philip-Carey Corporation (predecessor to Celotex), Johns-Manville and others.

23. In 1955, these conspirators caused to be published the MIMA 85% Magnesia Insulation Manual. This manual falsely and fraudulently misrepresented that asbestos containing products offered no hazard to workers who used these products.

24. The following conspirators were members of the trade organizations known as the Asbestos Textile Institute (ATI): Raybestos-Manhattan, Johns-Manville, H. K. Porter, Keasby & Mattison (individually and through its alter-ego Turner & Newall), National Gypsum (n/k/a Asbestos Claims Management Corporation), and others.

25. In 1947, the members of the ATI received a report from W.C. L. Hemeon regarding asbestosis that suggested re-evaluation of the then-existing TLVs for asbestos exposure. These Defendants caused this report not to be published and thereby fraudulently concealed material facts about asbestos exposure from the public and affirmatively misrepresented to the public and class of persons exposed to asbestos that the then-existing TLV was acceptable. Thereafter, these Defendant conspirators withheld additional material information on the dust standards from the American Conference of Governmental Industrial Hygienist (ACGIH), thereby further influencing evaluations for asbestos exposure.

26. In 1953, conspirator National Gypsum (n/k/a Asbestos Claims Management Corporation), through its agents, in response to an injury from the Indiana Division of Industrial Hygiene regarding health hazards of asbestos spray products, refused to mail a proposed response to that division indicating that respirators should be worn by applicators of the products. National Gypsum's response distorted and fraudulently misrepresented the need for applicators of asbestos spray products to wear respirators and fraudulently concealed from such applicators the need for respirators.

27. In 1955, Johns-Manville, through its agent, Kenneth W. Smith, M.D.,

caused to be published in the AMA *Archives of Industrial Health*, an article entitled "Pulmonary Disability in Asbestos Workers". This published study materially altered the results of an earlier study in 1949 concerning the same set of workers. This alteration of Dr. Smith's study constituted a fraudulent and material misrepresentation about the extent of the risk associated with asbestos inhalation.

a.   In 1955, the National Cancer Institute held a meeting at which conspirators Johns-Manville (individually and as agent for other alleged co-conspirators) and Dr. Vorwald (as agent of co-conspirators) affirmatively misrepresented that there were no existing animal studies concerning the relationship between asbestos exposure and cancer when, in fact, the conspirators were in secret possession of several studies that demonstrated that positive evidence did exist.

b.   In 1957, the members of the ATI jointly rejected a proposed research study on cancer and asbestos, and this resulted in fraudulent concealment from the public of material facts regarding asbestos exposure and also constituted an affirmative misrepresentation of the then-existing knowledge about asbestos exposure and lung cancer.

c.   In 1964, the members of the ATI met to formulate a plan for rebutting the association between lung cancer and asbestos exposure that had been recently discussed by Dr. Irving J. Selikoff. Thereafter, these members of the ATI embarked upon a campaign to further misrepresent the association between asbestos exposure and lung cancer.

d.   In 1970, through their agents, Defendants, the Celotex Corporation and Carey-Canada, affirmatively misrepresented that it had been in the asbestos business since 1918 and found no reported conditions of asbestosis or lung disease. This constituted a fraudulent misrepresentation about the material facts known to these Defendants.

e.   All conspirators approved and ratified and furthered the previous conspiratorial acts of conspirators Johns-Manville, Raybestos Manhattan, and Anthony J. Lanza, M.D., acting on behalf of Met Life, and all alleged co-conspirators during the relevant time period and circumstances alleged above, acted as agents and co-conspirators for the other conspirators.

Page 30 of 34

120.  As a direct and proximate result of Defendants' intentional publication of deceptive and misleading medical data and information, as described in the preceding paragraphs, and upon which data the Plaintiff and/or those charged with warning him reasonably relied, the Plaintiff inhaled or otherwise were exposed and ingested hazardous asbestos dust, resulting in the injuries described above.

121.  Additionally, and alternatively, as a direct and proximate result of Defendants' actions and omissions as described above, the Plaintiff was caused to remain ignorant concerning the danger of human exposure to asbestos, resulting in damage to the Plaintiff by depriving the Plaintiff, his employers, and the general public of opportunities to be aware of the hazards of asbestos exposure, and thus the opportunity to take proper safety precautions and/or avoid this exposure. Because of this ignorance and intentional failure to warn, the Plaintiff inhaled, was exposed to or otherwise ingested hazardous asbestos dusts, resulting in the injuries described above.

122.  The Defendants fraudulently concealed from the Plaintiff the alteration of its published test results, the actions and omissions and concerted design and conspiracy, all as described in the paragraphs above, until the Plaintiff discovered said conduct following these diagnoses of asbestos related injuries.

123.  WHEREFORE, the Plaintiff demands both compensatory and punitive damages from Defendants in sums to be determined at trial.

## COUNT FOUR

### Damages

124.  Plaintiff re-alleges and incorporates the foregoing allegations of this Complaint.

125.   As a direct and proximate result of Defendants' breach of its duties to the Plaintiff as delineated in all counts above, the Plaintiff has sustained the asbestos related injuries, diseases, illnesses and/or conditions set forth above along with pain and suffering, the undergoing and continuing undergoing of medical treatment, medical expenses, along with past, present and future disability, impairment of wage earning capacity, lost wages, and a diminution in quality and enjoyment of life, which includes mental anguish, fear, and severe emotional distress associated with knowing that there is no cure for these diseases and illnesses.

126.   In breaching their duties to the Plaintiff as described above, the Defendants have acted intentionally, with gross negligence, recklessly, maliciously or wantonly in that the Defendants knew or should have known through data available to them that asbestos was inherently and extraordinarily dangerous if used in the manner intended or foreseen by the Defendants, and that their aforesaid breaches of duty would result in the complained of injuries and damages to the Plaintiff, thus entitling the Plaintiff to recover punitive or exemplary damages for the Defendants' outrageous conduct as set forth herein.

127.   Plaintiff in this action does not assert any claims for, does not seek damages for, and disclaims recovery for any injuries, if any arising out of exposure to asbestos containing products designed, manufactured, distributed, sold, or marketed by or any actions or inactions of Asbestos Corp. Ltd., Atlas Turner, Inc., Lac D'Aminate du Quebec, Les Mines D'Amiante Bell, Ltd., and/or Societe Miniere Mazarin, Inc. To the extent plaintiff has been exposed to such asbestos containing

products, if at all, plaintiff hereby waives his right to recover damages for such injuries.

128. Should any verdict in this case assign responsibility in whole or in part for plaintiff's injuries to damages to the entities Asbestos Corp. Ltd, Atlas Turner, Inc., Lac D'Amiante du Quebec, Les Mines D'Amiante Bell, Ltd., and/or Societe Miniere Mazarin, Inc., and if such verdict should be upheld upon proper post judgment motion, plaintiff hereby waives, and will remit and release, that portion of their damages. Plaintiff seeks and will seek the entry of a final judgment in this action against defendants that awards them only that portion of their damages assigned by the jury and court to the named defendants.

129. Due to the passage of time since the Plaintiff was exposed to asbestos, the Plaintiff has been unable to ascertain the identities of all manufacturers, suppliers, distributors, and installers of asbestos-containing products to which he was exposed and hereby re-asserts each of the foregoing allegations against John Doe Defendants #1-100.

130. Due to the passage of time since the Plaintiff was exposed to asbestos, the Plaintiff has been unable to ascertain the identities of all associations and organizations which conspired with the manufacturers, suppliers, distributors, and installers of asbestos-containing products to which Plaintiff was exposed and reasserts each of the following allegations against John Doe #101-200.

131. WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly, severally, and collectively for compensatory and punitive damages in an amount to be determined by a jury, for prejudgment interest from the date of the filing of

this Complaint, costs and such other and further relief as may be deemed appropriate.

RESPECTFULLY SUBMITTED

RONALD ADAMS, PLAINTIFF

STACEY LEA SIMS, MS BAR NO. 10544
ATTORNEY FOR PLAINTIFF

ANTHONY SAKALARIOS, MS BAR NO. 6415
F. MARVIN MORRIS, III, MS BAR NO. 3482
CHARLES G. BLACKWELL, MS BAR NO. 3357
SARA M. FARRIS, MS BAR NO. 10560
STACEY LEA SIMS, MS BAR NO. 10544
Morris, Sakalarios, & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone: (601) 544-3343
Telefax: (601) 544-3343

**B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RONALD ADAMS                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 1:04CV730GRo

ALCO INDUSTRIES, INC., ET AL.                         DEFENDANTS

PLAINTIFF'S MOTION TO REMAND TO STATE COURT
PURSUANT TO RULE 7.2(G) AND 7.2(H) OF THE
UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

ORAL ARGUMENT REQUESTED

Plaintiff, by and through counsel, files this his Motion to Remand to state court and in support thereof would show unto the Court the following:

1.

Plaintiff filed his original complaint in this cause on August 26, 2004.

2.

The Complaint was filed on behalf of the Plaintiff, an adult resident citizen of the Second Judicial District of Jones County, Mississippi.

3.

On September 21, 2004, the Defendants[1] filed their Notice of Removal in the United States District Court for the Southern District of Mississippi, Southern Division.

4.

Plaintiffs' Motion to Remand is timely filed pursuant to 28 U.S.C. § 1447(c) which allows thirty (30) days to file a Notice of Remand.

---

[1] GE Plastics Global Technology; Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.

EXHIBIT

B

5.

Removing Defendants did not attempt to obtain the consent of any other defendants prior to filing the Notice of Removal.  In fact, the Defendants listed on Exhibit "A" all failed to timely file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal.  28 U.S.C. § 1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action.  The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action.

6.

For the foregoing reasons Plaintiffs respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiffs ask for their costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the _____20th_____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiff's Motion to Remand to State Court Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all counsel of record at their usual and regular mailing addresses.

This the _____20th_____ day of October, 2004.

STACEY LEA SIMS, MSBN: 10544

EXHIBIT "A"

ALCO INDUSTRIES, INC.,
AMERICAN STANDARD, INC.,
AMPCO PITTSBURGH CORP.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC., Individually and on behalf of and/or as successor in interest to Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation,
AUTOCLAVE ENGINEERS, INC.
BAKER HUGHES, INCORPORATED,
BLACK & VEATCH PRITCHARD, INC., on behalf of, formerly known as, and/or as successor to J. F. Pritchard & Co. and The Pritchard Corporation,
BONNEY FORGE CORPORATION,
BUFFALO PUMPS, INC.
CELERITY GROUP, INC., on behalf of and as successor to Unit Instruments, Inc. and Autoclave Engineers, Inc.,
CLARK-RELIANCE CORPORATION, on behalf of and as Successor in Interest to Jerguson Gauge and Valve Company,
CNA HOLDINGS, INC.,
COOPER ALLOY CORPORATION, f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
EDWARDS VOGT VALVE, INC.,
FLOWSERVE CORPORATION, f/k/a The Duriron Company, Inc.,
FMC CORP., on behalf of its former Construction Equipment Group and former Peerless Pump Division,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine),
GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., on behalf of and as successor to Chandler Evans Control Systems,
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO.,
HONEYWELL INTERNATIONAL, INC., Individually, on behalf of and as Successor in Interest to Allied Signal, Allied Corp., and Bendix Corp.,
INVENSYS METERING SYSTEMS-NORTH AMERICA, INC.,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAGNATROL VALVE CORPORATION, CLARK-COOPER DIVISION,
THE MANITOWOC COMPANY, INC.,
NL INDUSTRIES, INC.,
PATTERSON-KELLEY,
PHARMACIA CORPORATION,
PNEUMO ABEX CORPORATION,
ROBERTSHAW CONTROLS COMPANY, Individually and on behalf of and as successor to Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company,
ROCKWELL AUTOMATION, INC.,

ROCKWELL AUTOMATION, INC., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co.,
TELEDYNE FARRIS ENGINEERING
TEREX CORPORATION,
TEXTRON, INC.,
TRW, INC.,
TUTHILL CORPORATION, a/k/a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Tuthill Pump Co.,
TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,
TYCO VALVES & CONTROLS, LP,
VIACOM, INC., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiffs' claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.),
VIKING PUMP, INC., a Unit of Idex Corporation,
WARREN-RUPP, a Unit of Idex Corporation,
WAUKESHA FOUNDRY CO., INC.,
WESTINGHOUSE AIR BRAKE COMPANY,
XOMOX CORPORATION,

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**RONALD ADAMS**                                                                          **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO. 1:04CV730GRo**

**ALCO INDUSTRIES, INC., ET AL.**                                                **DEFENDANTS**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS**
**MOTION TO REMAND TO STATE COURT PURSUANT TO RULE 7.2(G)**
**AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI**

Facts

Plaintiff filed his original Complaint in this cause on August 26, 2004. On September 21,

2004 Removing Defendants filed their Notice of Removal in the United States District Court for

the Southern District of Mississippi, Southern Division.

Plaintiff's Motion to Remand is timely filed pursuant to 28 U.S.C. $ 1447(c) which

allows thirty (30) days from the filing of a Notice of Removal. Removing Defendants filed their

Notice of Removal on September 21, 2004

Law

Removing Defendants did not attempt to obtain the consent of any other defendants prior

to filing the Notice of Removal. In fact, the Defendants listed on Exhibit "A" all failed to timely

file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal. 28 U.S.C. §

1446 requires a removing defendant to obtain the consent of all defendants which have been

properly served and who are necessary and indispensable to the action. The failure of the

Removing Defendants to meet this requirement within the thirty (30) day time limit makes the

Notice of Removal defective and necessitates the remand of this cause of action. In *Getty*, the

Fifth Circuit held that "all served defendants must join in the petition, and since the petition must



EXHIBIT
B-2

be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp., a div. of Texaco v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The *Spillers* court held that the thirty day "time limitation is mandatory and must be strictly construed....if all defendants do not join in or consent to the removal petition within the thirty-day period, 'the district court shall remand the case..." *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997). Since all the defendants which were properly joined and served did not consent and join in the removal, the removal is defective and must be remanded to state court.

Conclusion

The Removal is procedurally defective and has not met the requirements set forth by 28 U.S.C. § 1446 and the supporting case law, in that the Removing Defendants failed to, timely or otherwise, remove this action or obtain the consent of all parties properly joined and served in this matter. Remand is appropriate if there is any doubt as to the right of removal in the first instance. *See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).*

For the foregoing reasons Plaintiff respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiff asks for his costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the _____ day of October, 2004.

STACEY LEA SIMS, MSBN 10544

2

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiff's Memorandum in Support of their Motion to Remand to State Court

Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all

counsel of record at their usual and regular mailing addresses.

This the _____ day of October, 2004.


STACEY LEA SIMS, MSBN. 10544

EXHIBIT "A"

ALCO INDUSTRIES, INC.,
AMERICAN STANDARD, INC.,
AMPCO PITTSBURGH CORP.,
ARVINMERITOR, INC.,
ATOFINA CHEMICALS, INC., Individually and on behalf of and/or as successor in interest to Pennwalt Corporation a/k/a Pennwalt Chemicals Corporation,
AUTOCLAVE ENGINEERS, INC.
BAKER HUGHES, INCORPORATED,
BLACK & VEATCH PRITCHARD, INC., on behalf of, formerly known as, and/or as successor to J. F. Pritchard & Co. and The Pritchard Corporation,
BONNEY FORGE CORPORATION,
BUFFALO PUMPS, INC.
CELERITY GROUP, INC., on behalf of and as successor to Unit Instruments, Inc. and Autoclave Engineers, Inc.,
CLARK-RELIANCE CORPORATION, on behalf of and as Successor in Interest to Jerguson Gauge and Valve Company,
CNA HOLDINGS, INC.,
COOPER ALLOY CORPORATION, f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
EDWARDS VOGT VALVE, INC.,
FLOWSERVE CORPORATION, f/k/a The Duriron Company, Inc.,
FMC CORP., on behalf of its former Construction Equipment Group and former Peerless Pump Division,
GARLOCK, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs resulting from exposure to a GE Turbine),
GOODRICH PUMP AND ENGINE CONTROL SYSTEMS, INC., on behalf of and as successor to Chandler Evans Control Systems,
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO.,
HONEYWELL INTERNATIONAL, INC., Individually, on behalf of and as Successor in Interest to Allied Signal, Allied Corp., and Bendix Corp.,
INVENSYS METERING SYSTEMS-NORTH AMERICA, INC.,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAGNATROL VALVE CORPORATION, CLARK-COOPER DIVISION,
THE MANITOWOC COMPANY, INC.,
NL INDUSTRIES, INC.,
PATTERSON-KELLEY,
PHARMACIA CORPORATION,
PNEUMO ABEX CORPORATION,
ROBERTSHAW CONTROLS COMPANY, Individually and on behalf of and as successor to Invensys Controls, Invensys Appliance Controls, and Robertshaw Controls Company,
ROCKWELL AUTOMATION, INC.,

ROCKWELL AUTOMATION, INC., formerly named Rockwell International Corporation and Successor by Merger to Allen-Bradley Co.,
TELEDYNE FARRIS ENGINEERING
TEREX CORPORATION,
TEXTRON, INC.,
TRW, INC.,
TUTHILL CORPORATION, a/k/a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Tuthill Pump Co.,
TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,
TYCO VALVES & CONTROLS, LP,
VIACOM, INC., Successor to Westinghouse Electric Corporation, (specifically excluding all of Plaintiffs' claims associated with exposure to turbines or fire retardant decorative micarta manufactured by Westinghouse Electric Corp.),
VIKING PUMP, INC., a Unit of Idex Corporation,
WARREN-RUPP, a Unit of Idex Corporation,
WAUKESHA FOUNDRY CO., INC.,
WESTINGHOUSE AIR BRAKE COMPANY,
XOMOX CORPORATION,

C

DOCKET NO. 875

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE:  ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

## MOTION TO VACATE

COME NOW, Plaintiffs in *John Fisher v. American Optical Corp., et al.* MSS 1 04-666, *Ronald Adams v. Alco Industries, Inc., et al.,* MSS 1 04-730, and *Faye E. Hamilton, etc. v. Allen-Bradley Co., et al.*, MSS 1 04-732, by and through counsel, and file this their Motion to Vacate Conditional Transfer Order (CTO-190), and in support hereof would should unto the Panel the following facts, to-wit:

1.     Notice of Removal was filed by the Defendants in *John Fisher v. American Optical Corp., et al.* on or about August 23, 2004.

2.     Notices of Removal were filed by the Defendants in *Ronald Adams v. Alco Industries, et al.* and *Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.* on or about September 21, 2004.

3.     A Motion to Remand was filed by the Plaintiff in *John Fisher v. American Optical Corp., et al.* on August 27, 2004, a copy of which is attached hereto as Exhibit "A".

4.     Motions to Remand were filed by the Plaintiffs in *Ronald Adams v. Alco Industries, et al.* and *Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.* on October 20, 2004, copies of which are attached hereto as Exhibits "B" and "C".

EXHIBIT

tables'

*C*

5.    Said Motions to Remand fully set forth Plaintiffs' arguments that no federal jurisdiction exists and Defendants' removal of said cases was improper.

WHEREFORE, plaintiffs move the Court to Vacate the Conditional Transfer Order (CTO-190).

RESPECTFULLY SUBMITTED:

_____
STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, ESQ.
F. MARVIN MORRIS, ESQ.
CHARLES G. BLACKWELL, ESQ.
SARA MORRIS FARRIS, ESQ.
STACEY LEA SIMS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone: (601) 544-3343
Facsimile: (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiffs' Motion to Vacate to all counsel on the attached service list.

This the _____ day of November, 2004.

_____
STACEY LEA SIMS, MSBN. 10544

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*John Fisher v. American Optical Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-666
*Ronald Adams v. Alco Industries, Inc., et al.*, S.D. Mississippi, C.A. No. 1:04-730
*Faye E. Hamilton, etc. v. Allen-Bradley Co., LLC, et al.*, S.D. Mississippi, C.A. No. 1:04-732

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236-4167

David A. Baker
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Monte L. Barton
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 6020
Ridgeland, MS 39158

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Jason Daniel Bone
Gieger, Laborde & Laperouse
One Shell Square
701 Poydras Street
Suite 4800
New Orleans, LA 70139-4800

Fred E. Bourn, III
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Barry C. Campbell
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Mark C. Carroll
Baker, Donelson, Bearman, Caldwell
& Berkowitz
4268 I-55 North
Meadowbrook Office Park
P.O. Box 14167
Jackson, MS 39236-4167

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

T. Hunt Cole, Jr.
Office of the Attorney General
P.O. Box 220
Jackson, MS 39205-0220

Louis F. Coleman
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

William Robert Coleman, Jr.
Scott, Sullivan, Streetman & Fox, PC
P.O. Box 13847
Jackson, MS 39236-3847

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Sharon G. Crowley
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

Edward J. Currie, Jr.
Currie, Johnson, Griffin, Gaines &
Myers
P.O. Box 750
Jackson, MS 39205-0750

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Lyn B. Dodson
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

Charles M. Evert
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Sara M. Farris
Morris & Sakalarios
610 West Pine St.
Hattiesburg, MS 39401

James L. Fletcher, Jr.
Montgomery, Barnett, Brown, Read
3200 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-3200

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

PANEL SERVICE LIST (Excerpted from CTO-237) MDL-875                    PAGE 2 OF 3

Keith L. Gates
Abbott, Simses, Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Cheri T. Gatlin
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
Hattiesburg, MS 39403-0750

Robert V. Greenlee
Bryant, Clark, Dukes, Blakeslee,
Ramsay & Hammond
P.O. Box 16567
Hattiesburg, MS 39404-6567

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Alben N. Hopkins
Hopkins, Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502-1510

James Gordon House, III
Atchison, Crosby, Saad & Beebe
P.O. Drawer 850249
Mobile, AL 36685

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Kacey L. Keeton
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205

Bridget E. King
Wise, Carter, Child & Caraway
P.O. Box 651
Jackson, MS 39205-0651

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Daphne M. Lancaster
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Louis B. Lanoux
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Patrick C. Malouf
Porter & Malouf
P.O. Box 12768
Jackson, MS 39236

Christopher O. Massenburg
Aultman, Tyner, Ruffin &
Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Shannon S. McFarland
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Edward W. Mizell
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John M. Radicia
Page, Mannino, Peresich &
McDermott
P.O. Drawer 289
Biloxi, MS 39533

Mary Margaret Ratliff
Forman Perry Watkins Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Simine Bazyari Reed
Daniel, Coker, Horton & Bell
P.O. Box 1084
Jackson, MS 39215-1084

William C. Reeves
Smith, Reeves & Yarborough
6360 I-55 North
Suite 330
Jackson, MS 39211

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Heather L. Saum
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
P.O. Box 14167
Jackson, MS 39236

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rhea Hudson Sheldon
Abbott, Simses, Kuchler
210 East Capitol Street
Suite 1090
Jackson, MS 39201

Stacey L. Sims
Morris, Sakalarios & Blackwell
1817 Hardy Street
Hattiesburg, MS 39401

Mark R. Smith
Holcomb Dunbar, P.A.
P.O. Drawer 707
Oxford, MS 38655-0707

Case MDL No. 875   Document 4346   Filed 12/06/04   Page 61 of 61

Frances L. Spinelli
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Karl R. Steinberger
Colingo, Williams, Heidelberg, et al.
P.O. Box 1407
Pascagoula, MS 39568-1407

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Joseph J. Valencino, III
340 Arbor Drive, Apt. 2244
Ridgeland, MS 39151

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

William L. Watt
Brunini, Grantham, Grower & Hewes, Pllc
P. O. Drawer 210
Pascagoula, MS 39568

Alton L. Watts
Shell Buford, Pllc
P.O. Box 157
Jackson, MS 39205-0157

Michael N. Watts
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Terrell S. Williamson
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225-3066