**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | * | |
| | * | **MDL Docket No.:  MDL-875** |
| *    *    *    *    *    * | * | *    *    *    *    *    * |
| RAYMOND T. ADAMSKI, et. al, | * | |
| | * | |
| v. | * | |
| | * | |
| QUIGLEY COMPANY, INC. et. al | * | **Civil Action No.: 1:04-2965** |
| | | **(Judge J. Frederick Motz)** |
| **Defendants** | * | |
| *    *    *    *    * | * | *    *    *    *    * |

### RESPONSE AND OPPOSITION TO PLAINTIFFS'
### MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER

Pursuant to Rule 7.2(c) , of the Rules of Procedure for the Judicial Panel on Multi-District

Litigation, ("JPML") Defendant, Hopeman Brothers, Inc., files this Response and Opposition to

Plaintiffs' Motion to Vacate the Conditional Transfer Order issued by the JPML for transfer of this

matter to United States District Court for the Eastern District of Pennsylvania wherein numerous

pending asbestos products claims are consolidated and coordinated under MDL Docket, MDL 875.

### INTRODUCTION

Defendant removed this case pursuant to a Notice of Removal filed on September 15, 2004 in the

U.S. District Court for the District of Maryland, Northern Division based upon 28 U.S.C. §1442(a)(i)

which provides that:

> (a)  A civil action . . . commenced in a state court
> against any of the following may be removed
> by them to the District Court of the United
> states for the district and division embracing
> the place where it is pending:

OFFICIAL FILE COPY   IMAGED DEC 8 '04

PLEADING NO. 4350

> (i) The United States or any agency thereof or any
> Officer (or any person acting under that officer)
> of the United States or of any agency thereof,
> sued in an official or individual capacity for any
> act under color of such office . . .

This "federal officer jurisdiction" basis for removal falls squarely within the jurisdiction of the federal courts and is a proper basis for removal. See Madden v. Able Supply Company, 205 F. Sup. 2nd 695 (S.D. Tex. 2002).[1]

Furthermore, this case presents similar questions of fact to the numerous Federal actions currently assigned to the U.S. District Court for Eastern District of Pennsylvania as outlined by this panel. See, In Re: Asbestos products liability litigation (No. VI) 771 F. Supp. 415 (JPML 1991).

## ARGUMENT

### This Proceeding is the Proper Subject of Multi-District Litigation

Plaintiffs admit in their Motion that the claims presented in this matter involve issues and facts similar to those presented in MDL 875 in the Eastern District of Pennsylvania. (See, Plaintiffs Motion to Vacate, at p. 2). Yet, Plaintiffs argue that any such common issues have been resolved in this matter through prior rulings at the State Court level and that therefore it is improper for this matter to be transferred to MDL 875. Plaintiffs argue without basis that by transferring this federal question matter to MDL 875, which was specifically set up to handle asbestos cases in the federal court, Plaintiffs will be denied a proper trial.

---

[1] Plaintiffs incorrectly state in their Motion to Vacate that the grounds for federal jurisdiction proposed by this Defendant are based on federal enclave jurisdiction. (Plaintiffs Motion to Vacate at pp. 1.) The basis for removal, however, has no bearing on the merits of the motion at bar.

Plaintiffs' bald statement that common issues of fact in this case have been resolved in Maryland State Courts is utterly unsupported by either factual evidence or legal premise. The bald claim that the only pre-trial proceedings that would be required if this matter were pending in State Court is Plaintiff-specific discovery and that such discovery is beyond the common issues and pre-trial proceedings contemplated by the Multi-District Litigation proceedings here at issue is likewise not supported by the facts or the law.

Other than citing to Maryland consolidated actions from 1995 and 1998 later in their brief, Plaintiffs have provided no information to support their claim that any common issues or other pre-trial proceedings are resolved in this case. Plaintiffs make a general statement that the findings of the prior Maryland cases they cite have been applied to subsequent Maryland asbestos actions under the Doctrine of Collateral Estoppel. But, nowhere in their Motion do Plaintiffs cite to any application of Collateral Estoppel in any pending or recent trial in the Baltimore City Circuit Courts. In fact the Doctrine of Collateral Estoppel has specifically NOT been applied to any of the cases that have gone forward in Maryland state courts, such matters proceeding to trial on all issues.

Notwithstanding Plaintiffs' claims that only Plaintiff-specific discovery is required in this case (and defendant suggests that even if this were true, this matter would still properly be the subject of transfer to the MDL to conduct any necessary pre-trial proceedings) the scope of pre-trial proceedings in this matter include but are not limited to:  filing witness lists, propounding written discovery, depositions of fact and expert witnesses, discovery motions, expert reports, and dispositive motions. In fact, Plaintiffs respond to general liability interrogatories in each case that is scheduled for trial in Maryland; an example of such interrogatories and responses is attached as Exhibit A. Further, Defendant asserts that it regularly responds to discovery from the Angelos and other Plaintiffs' firms

addressing issues of company responsibility and directed to such claims as negligence and strict liability. (See, Exhibit B examples of discovery recently served upon and responded to by this Defendant.)  To suggest that these issues are somehow resolved is to ignore the current reality of how these cases are handled.   Even  the scheduling orders currently entered in these cases indicate that these are all-issues proceedings.   It is just these pre-trial proceedings that are the proper subject of the MDL's consolidated forum.

Plaintiffs have not filed a Motion to Remand this matter and clearly from the posture and language of Plaintiff's Motion, Plaintiff acknowledges that this matter is properly in Federal Court. (See, Plaintiffs Motion at p. 5 regarding the proper forum for plaintiff-specific discovery being the U.S. District Court for the District of Maryland.)   Being properly in Federal Court, and having admitted common issues with those cases currently pending in the MDL, Plaintiffs' effort to thwart transfer of this matter is based on the assumption that common issues are in fact decided and only plaintiff-specific discovery is necessary.  However, as noted above, there is no basis provided for either of these propositions.  Furthermore, Plaintiffs' stated reasons for vacating the transfer of this matter to MDL 875: 1.) grossly underestimates the level of discovery this case will require;  2.) ignores the very reasoning behind the MDL (to conduct pre-trial proceedings in a centralized location); 3.) ignores the burden on the U.S. District Courts of pre-trial proceedings in asbestos cases tying up judicial resources when an adequate federal forum exists for conducting pre-trial proceedings; and, finally, 4.) ignores the ongoing crush of asbestos litigation which has prompted the Federal Government to propose taking these cases out of the tort system altogether. [2]

_____

[2] To date Hopeman Brothers is involved  in approximately 55 (fifty-five) cases pending in MDL 875 with the Angelos firm all based on similar issues of fact.  Plaintiffs' argument that the interest of justice will not be served by having this matter proceed  in MDL 875 is utterly without merit.

Transfer to the MDL is Justified to Resolve<br>
<u>Pre-Trial Issues Common to All Asbestos Cases</u>

Plaintiffs' second argument in its Motion to Vacate is almost a mirror image of its first, continuing the theme that transfer to the MDL would be unjustified as common issues have already been dispensed with at the state court level.  Once again Plaintiffs provide no basis or support in fact or law for this bald assertion.  Plaintiffs go on to opine that discovery concerning "common issues" is rarely if ever conducted in Maryland State Courts because such issues have been subject to repeated discovery.  As noted above, these cases do proceed on an all-issues basis despite the earlier consolidated trials in this jurisdiction.  Plaintiffs routinely take discovery regarding such common issues as its corporate history, use of products, conduct of its work, places where it conducted work, use of warnings and years of operation, etc. in Maryland.  Furthermore, Plaintiffs' counsel frequently seeks the deposition of Defendants' corporate designees and expert witnesses.  This discovery is not specific to any individual Plaintiff but rather goes directly to those general and common issues Plaintiffs claim are no longer subject to discovery at the state court level.

In any event, the MDL remains the proper forum in which pre-trial discovery should be conducted for Federal asbestos cases.  Only after pre-trial proceedings is the case to be sent back to the District Court for trial.[3]   Plaintiffs have set forth no reason based in either fact or law to prevent this case from being transferred to the MDL for pre-trial proceedings.

<u>**CONCLUSION**</u>

---

[3] Judge Weiner routinely oversees pre-trial discovery in the MDL, setting pre-trial discovery orders and otherwise ensuring the case is prepared for trial prior to being sent back to the District Court for trial.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2004

FILED
CLERK'S OFFICE

Notwithstanding, Plaintiffs' assertions to the contrary, this matter is properly removed to the federal court and properly subject to transfer to MDL 875 for pre-trial proceedings including discovery and resolution of those issues common to numerous cases similarly situated in MDL 875.

With no motion to remand pending in this case and given its common issues of fact with the numerous cases currently pending in the MDL, there is no basis on which to vacate the Conditional Transfer Order of this Court pertaining to this matter and this case should be promptly transferred to the Eastern District of Pennsylvania for inclusion in MDL 875.

Respectfully submitted,

David W. Allen (Fed. Bar No. 00208)
Michael A. Pichini (Fed. Bar No. 26342)
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
(410) 783-4040 Fax

Attorneys for Defendant,
*Hopeman Brothers, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that, on this 6th day of December, 2004, I caused a copy of Defendant Hopeman Brothers, Inc.'s Response and Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order was served via U.S. Mail, postage prepaid on all counsel listed on the attached Panel Service List.

Michael A. Pichini

615081.2

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Raymond T. Adamski, et al. v. Quigley Co., Inc., et al.*, D. Maryland. C.A. No. 1:04-2965 (Judge J. Frederick Motz)

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Raymond P. Forceno
Forcenc, & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Jennifer L. Lilly
Law Offices of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, MD 21201

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alexander J. May
Brassel & Baldwin
112 West Street
Annapolis, MD 21401

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Richard T. Radcliffe Jr
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street
Suite 1400
Baltimore, MD 21202-1019

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballon
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

John D. Raven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: PERSONAL INJURY     *    IN THE CIRCUIT COURT
      AND WRONGFUL DEATH
      ASBESTOS LITIGATION     *    FOR BALTIMORE CITY

DEC - 7 2004

FILED
CLERK'S OFFICE

******************

ROBERT C. JACKSON, *et al.*,     *    CONSOLIDATED NO. 24X04000523

     Plaintiffs,     *

VS     *    JUNE 21, 2005 TRIAL GROUP (PT 278)

ACandS, INC., *et al.*,     *    ALL ISSUES - LUNG CANCERS

     Defendants.     *    JUDGE RICHARD T. ROMBRO

*****************

CASE AFFECTED:     *

MARCELLA JACKSON     *    CASE NO. 24X9702153 AND
and as Personal Representative of the     CASE NO. 24X98211513CX1520
Estate of ROBERT JACKSON

*************************

## PLAINTIFF'S ANSWERS TO DEFENDANTS' JOINT INTERROGATORIES

Comes now the above captioned Plaintiff, by the undersigned attorneys, and for Answers to Interrogatories propounded by the Defendants, states as follows:

### PRELIMINARY STATEMENT/GENERAL OBJECTION

Plaintiff generally objects to the subject discovery requests on the grounds that they are unduly burdensome, harassing, overly broad and vague. Plaintiff objects on the grounds that these requests assume the truth of facts not proven or facts not in evidence. Plaintiff objects on the grounds that the subject discovery requests seek information which is immaterial, not relevant and/or not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff objects on the grounds that all or some of these discovery requests seek information or materials which have been gathered or prepared in the course of litigation or which are otherwise protected by the attorney/client privilege, the attorney work product doctrine or by other applicable privileges.

Nearly every interrogatory of Defendants designates extensive and overly broad periods of time or requests information without any limitation or specification of a particular period of time rendering such

–1–



interrogatory as overly broad, unduly burdensome, oppressive, harassing and annoying.  Defendants' interrogatories are repetitive, redundant or overlapping as to subject matter and are therefore burdensome, oppressive, annoying and harassing.  Defendants' interrogatories are vague, ambiguous, compound, complex and at times may be unintelligible.

Plaintiff objects to all or some of Defendants' interrogatories to the extent that they seek discovery of information which, pursuant to the Scheduling Orders issued in these consolidated cases has previously been provided to Defendants, is in the process of being provided or is to be provided on some future specified date.

Plaintiff objects to the instructions and definitions as supplied by Defendants with regard to these interrogatories since the definitions supplied by Defendants are overly broad, vague and often inconsistent with the normal usage of such words and the instructions are overly broad, burdensome and constitute an unreasonable expansion of the interrogatories themselves.  As a result, Plaintiff is not bound by the instructions and/or definitions supplied by Defendants and shall respond to the interrogatories in a manner consistent with a normal understanding of the language and terms used and to the extent necessary to fairly and fully answer the interrogatories.  In filing these Answers to Interrogatories, Plaintiff withdraws any and all previously provided answers which are in any manner inconsistent with the information provided herein.

The information supplied in these Answers may not be based solely on the knowledge of the Plaintiff, but may include the knowledge of the Plaintiff, Plaintiff's agents, representatives and attorneys, unless privileged.  The word usage and sentence structure may be that of the attorney assisting in the preparation of these Answers and does not necessarily purport to be the precise language of the Plaintiff.

Each answer is derived from a review of documents and other evidence generated through discovery in this and other litigation.  The Plaintiff may not have direct first-hand knowledge of all the facts set forth in these Answers, but is informed that the numerous sources, persons and documents relied upon and/or referred to herein do support the information provided as of the date of signature.  Plaintiff continues to investigate issues relevant to this lawsuit and specifically reserve the right to amend and/or supplement these Answers

pursuant to continued discovery and to introduce additional evidence at trial which is obtained during the

course of Plaintiff's further investigation.

Plaintiff adopts and incorporates this Preliminary Statement/General Objection into each answer, as if

the same were fully reprinted.  Without waiving these objections, but in reliance thereon, Plaintiff states the

following:

## INTERROGATORIES AND ANSWERS
## PART ONE - DAMAGES

1.   State the following:
(a)   All names by which you have been known;
(b)   Your date and place of birth;
(c)   If deceased, date of death, place and location of death and cause of death.
(d)   The date and place of each marriage and the name of each spouse.
(e)   Social Security number.

**ANSWER:**
(a)   Robert Jackson
(b)   4/06/04, VA
(c)   12/09/1996; Baltimore, MD; Lung cancer; Alzheimer's disease
(d)   Marcella Jackson; 11/12/82; Baltimore, MD
(e)   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

2.   State the address of each place of residence that you have occupied from age 16 to date.

**ANSWER:**

1.   North Thomlin County, VA

2.   Baltimore, MD

3.   Birmingham, AL

3.   State the names, ages, and present address of any children, identifying of which marriage if by different marriages.

**ANSWER:**

| | |
|---|---|
| Anthea Robinson | Phylis Dry |
| 2863 Woodbrook Avenue | 1295 Amsterdam Avenue, Apt. 11-C |
| Baltimore, MD 21217 | New York, NY 10027 |
| | Deceased on or about May 2004 |
| Mother - Martha Jackson | Mother - Martha Jackson |

4.      Identify all persons presently dependent upon you, or concerning whom you intend to make any claim in this lawsuit as to dependency, setting forth the inclusive dates of such dependency and the nature of such dependency, i.e., dependent, meaning financial support and maintenance or otherwise.  As to each dependent, set forth whether totally or partially dependent and extent of any partial dependency.

**ANSWER:**

At the time of Mr. Jackson's death, his wife, Marcella Jackson, was totally dependant upon plaintiff

for financial support, maintenance, personal care, attention and affection.

5.      Set forth completely your education, including public and private schooling and/or specialized training for any trade or profession, stating the dates of attendance and grade or proficiency level attained.

**ANSWER:**

Mr. Jackson completed the 6th grade in Virginia in 1914.

6.      Have you ever been a member of the armed forces of the United States?  If so, state the following:
   (a)      The branch of the service, serial number, and the highest rank held.
   (b)      The beginning and ending dates of your military service.
   (c)      The type of discharge that you received.
   (d)      Whether you were given a physical examination which included x-rays prior to the time you entered the service.
   (e)      Whether you received any injury while in the military service.
   (f)      Whether you sustained or incurred any illness while in the military service.
   (g)      Whether you were given a physical examination which included x-rays upon leaving the service.
   (h)      Whether you claim disability for any injury or physical condition arising out of your military service, and if so, the details thereof, including the date on which the claim was made, the nature of claim, the claimed disability, and the disability rating if any was given you, and the compensation for such disability.

**ANSWER:**

Not applicable.

7.      Have you ever been convicted of any crime other than minor traffic violations?  If so, for each conviction, state fully and in detail the date, place, docket number and crime of which convicted.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is unduly burdensome, unlimited in time,

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, Plaintiff states, no.

**8.**     State the periods during which you were exposed to asbestos fibers.

**ANSWER:**

Plaintiff was potentially exposed to the asbestos products of the Defendants during the time period from 1937 to 1970.

**9.**     State the names and address of each employer for whom you have worked to date, stating as to each employer:
      (a)     The beginning and ending dates of employment;
      (b)     The nature of the business of the employer;
      (c)     The position held;
      (d)     All occupational or incidental exposures to chemicals and/or dust, listing the types of chemical or dust involved and describing the process or dust involved and describing the process or dust involved.

**ANSWER:**

See Answer to Interrogatory No. 91.

**10.**     State whether you have in your possession any pieces or examples of any of the asbestos-containing products to which you allege exposure, work histories or diaries, product photos, job lists, newspaper articles regarding work sites or asbestos, sales literature or other writings concerning the sale or use of asbestos-containing products.  If so, identify each such item.

**ANSWER:**

Plaintiff has no such materials in his possession.  His attorneys may have such materials.  Plaintiff has retained medical science experts who have tested various asbestos-containing products of various defendants.

**11.**     Set forth each time period during which you were working in the insulation trade (or a related trade) as:
      (a)     An apprentice;
      (b)     A journeyman or its equivalent.

**ANSWER:**

Not applicable.

**12.**     Please identify all employers in whose employ you have come into contact with chromium, cadmium, coal, sheet-silicate diatomaceous earth, brucite, fibrous glass, aluminum silicates, carborundum, lamp black, or fiberglass, or materials, alloys or pigments containing those substances.  Include in your answer for each such employer:

(a)   Name and address:
(b)   Job title and work description;
(c)   type and identity of each such substance with which you had contact;
(d)   Whether the employer provided safety equipment of a type to reduce or prevent exposure to such substances; and
(e)   Whether company-sponsored physical examinations were required or made available.

**ANSWER:**

Not applicable.

**13.**   Did any employer in whose employ you were exposed to asbestos ever sponsor, require, or make available physical examinations?  If your answer is "yes", state:
(a)   Whether the examinations were required or optional;
(b)   The name of the employer who required the physical examination;
(c)   The frequency with which examinations were available;
(d)   The frequency--including specific dates and times--with which you submitted to such examinations;
(e)   If you failed to submit to any examination at any time, your detailed reasons for failing to submit;
(f)   The nature and extent of the examinations;
(g)   Whether x-rays were taken each time;
(h)   The names and addresses of examining physician, nurse, or technician;
(i)   The result of each exam.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**14.**   Apart from, or in addition to, any examinations identified in answer to Interrogatory No. 13, did you take any annual physical examinations?  If your answer is "yes", state:
(a)   The date of each examination;
(b)   The name and address of the physician under whose supervision the examinations were given;
(c)   The nature and extent of the examination;
(d)   Whether x-rays were taken;
(e)   The results of each examination.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**15.**   For each examination identified in answers to Interrogatories 13 and 14 state:
(a)   Whether reports of the results were made to you;
(b)   For each report made, whether the report was written or oral;
(c)   The precise time when each report was made to you;
(d)   For each written report, the location of the original and/or copy of the report.

**ANSWER:**

See Answer to Interrogatory No. 14.

**16.** Have you ever been discharged or voluntarily left a position or changed residence due to health reasons? If so, please state in detail the times, places and circumstances.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**17.** Has any health care professional at any time told you of any type of employment in which you should or should not engage? If so, please identify each such person, and in addition, state the following as to each such person:
- (a) The types of employment in which, in that person's opinion, you will and will not be able to engage;
- (b) The factors taken into consideration in arriving at such opinion;
- (c) The date of the opinion;
- (d) The time and place of each consultation with such person;
- (e) Identity of each person present at each such consultation, other than yourself;
- (f) Whether any written reports were received by you subsequent to the consultations; and
- (g) Identify all documents relations to the opinion.

**ANSWER:**

No.

**18.** After being informed that you were suffering from asbestosis, pulmonary disease or any alleged asbestos-related illness, did you continue to engage in any activity or occupation in which you encountered subsequent exposure to asbestos or asbestos-containing materials? If your answer is in the affirmative, please state:
- (a) The nature and description of such activity or occupation;
- (b) Identify your employer(s) at the time of and subsequent to the diagnosis of any of the ailments referred to in the above Interrogatory. Please include in your answer:
  - (1) Your job title and description of work activities and duties;
  - (2) Manner and extent of resulting exposure to asbestos or asbestos-containing materials.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**19.** Have you ever been hospitalized, operated upon, or confined to an institution, including any nursing home, extended care facility, etc.? If so, please state.
- (a) The names and addresses of all such hospitals, institutions or facilities.
- (b) The beginning and ending dates of each such period of care.
- (c) The nature of the illness, injury or complaint for which you were treated.
- (d) The names and addresses of all persons who treated or examined you.
- (e) The nature and extent of any permanent disabilities or residual effects from such condition of which you were treated.

**ANSWER:**

See medical records of Plaintiff made available to Defendants. Plaintiff has provided, with

these Answers, executed Medical Authorization Forms permitting the release of medical records to Defendants

at their request.

     **20.**     Have you ever been an outpatient of any hospital, clinic, nursing home, extended care or other medical facility?

     If so, state:
- (a)     The names and addresses of all such hospitals, institutions or facilities.
- (b)     The beginning and ending dates of each such period of care.
- (c)     The nature of the illness, injury or complaint for which you were treated.
- (d)     The names and addresses of all persons who treated or examined you.
- (e)     The nature and extent of any permanent disabilities or residual effects from such condition for which you were treated.

**ANSWER:**

See Answer to Interrogatory No. 19.

     **21.**     With respect to each physician or medical practitioner who has treated or examined you from your birth to date, state the following:
- (a)     The name and address of each such physician or practitioner;
- (b)     The date of each treatment or examination;
- (c)     The complaint which caused you to see the particular physician or practitioner on each occasion;
- (d)     The nature and extent of each treatment or examination.

**ANSWER:**

Plaintiff's investigation is continuing.
See Answers to Interrogatory Nos. 19-20.

     **22.**     For each examination or treatment identified in answer to Interrogatory No. 21 involving personal injury or illness, state:

- (a)     The date, place and circumstances surrounding each such injury or illness and the names of persons involved in any accidents which caused any injury;

- (b)     The nature and extent of each injury or illness, including any ill effects or disabilities remaining at the time of answering these interrogatories.

**ANSWER:**

See Answers to Interrogatory Nos. 19, 20 & 21.  Defendants have been provided with medical authorizations and may obtain the requested information pursuant thereto.

**23.**    If you have ever been confined to bed or home as a result of any injury, illness or emotional or psychological illness or distress, state in detail:

(a)    The dates during which you were confined to your home or bed.
(b)    The address at which such confinement took place.
(c)    Identity of those persons who have had knowledge of such confinement.
(d)    Identify of those persons who cared for you during such confinement.
(e)    The reason for said confinement.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and unlimited as to time.  Without waiving these objections, Plaintiff refers Defendants to Answer to Interrogatory No 19.  Because of lung cancer, Mr. Jackson was confined to his home and bed at various times from September 1996 until the date of his death on December 9, 1996.

**24.**    State the dates, place and circumstances and results, including any interpretive or diagnostic conclusions or possibilities of each and every x-ray or radiological examination of your body during your lifetime.  Include in your answer for each such examination:

(a)    The identity of each prescribing physician for each examination.
(b)    The identity of the examining physician for each examination.
(c)    Identification of the medical institution for each examination.
(d)    The number of x-rays taken.
(e)    The identification of the custodian of each such x-ray.
(f)    The specific areas of your body of which the x-ray examination was made.
(g)    The interpretive or diagnostic results, conclusions or possibilities derived from each such examination.  State the date, time, place, source and nature of each such result, conclusion or possibility at the time same was made known to you or anyone related to you or acting in your behalf.
(h)    Any treatment, recommendation,, or prescribed therapy resulting from such examinations, including:

1.    Purpose and objective of same.
2.    Success or failure of same.
3.    Date, time and duration of each such course of treatment or therapy.
4.    Name of medication and the prescribed dosage.
5.    Accomplishments or degree of success of such treatment, therapy or combination thereof.

6.   Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy and the reasons for any such behavior of your part, other than complete cooperation.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and

unlimited as to time. Without waiving these objections, Plaintiff refers Defendants to Answers to Interrogatory

Nos. 19, 20, & 21.

**25.**   State the dates, places and circumstances of each and every cardiological examination or examination related to the circulatory system in any fashion, conducted upon you during your lifetime. For each and every examination:

(a)   Identify each prescribing physician.
(b)   Identify each examining physician.
(c)   Identify each medical institution in which such examination was conducted.
(d)   Identify the custodian of any results of any such examination.
(e)   Set forth the interpretive or diagnostic results, conclusions or possibilities derived from each such examination. Include in your answer the date, time, place, source and nature of each such result, conclusion or possibility at the time that the same was made known to you or anyone related to you or acting in your behalf.
(f)   Describe any treatment, recommendation or prescribed therapy resulting from such examination, including:

1.   Purpose or objective of same.
2.   Success or failure of same.
3.   Date, time and duration of same.
4.   Name and dosage of prescribed medications.
5.   Accomplishments or degree of success of such treatment, therapy or combination thereof.
6.   Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy and the reasons for any such behavior on your part, other than complete cooperation.

**ANSWER:**

See Answers to Interrogatory Nos. 13, 14, 19, 20, 21, 24 and 25.

**26.**   State the dates, places and circumstances of each and every pulmonary or respiratory system related examination conducted upon you during your lifetime. For each examination:

(a)   Identify each prescribing physician.
(b)   Identify each examining physician.
(c)   Identify each medical institution in which such examination was conducted.
(d)   Identify the custodian of any results of any such examination.
(e)   Set forth the interpretive or diagnostic results, conclusions, or possibilities derived from each such examination. Include in your answer the date, time, place, source and nature of each

–10–

such result, conclusion, or possibility, at the time that the same was made known to you or anyone related to you or acting in your behalf.

(f)     Describe any treatment, recommendation or prescribed therapy resulting from such examination including:

1.     Purpose or objective of same.
2.     Success or failure of same.
3.     Date, time and duration of same.
4.     Name and dosage of prescribed medications.
5.     Accomplishments or degree of success of such treatment, therapy or combination thereof.
6.     Whether you cooperated completely, or in part, or ignored any such treatment, recommendation, prescription or course of treatment or therapy, and the reasons of any such behavior on your part, other than complete cooperation.

**ANSWER:**

See Answers to Interrogatories Nos. 13, 14, 19, 20, 21, 24 and 25.

27.     In addition to any medical records identified above, do you have knowledge or possession of any medical reports from persons, hospitals, doctors, or medical practitioners or institutions that have ever treated or examined you at any time?  If so,

(a)     Identify same;
(b)     Identify by name and address the custodian of any documents not in your possession.

**ANSWER:**

Excluding medical experts who may be called at trial, to the best of Plaintiff's knowledge, no.

28.     Identify by name and address each and every physician or medical facility whom you consulted for any, a combination of, or all the following complaints, together with the date of each such consultation:

(a)     Shortness of breath;
(b)     Crackling noises in the lungs;
(c)     Coughing;
(d)     Clubbing of the fingers;
(e)     Discoloration of the skin;
(f)     Bronchitis;
(g)     Chest Pain;
(h)     Abdominal swelling;
(i)     Weight loss;
(j)     Respiratory discomfort or pain;
(k)     Dizziness.

**ANSWER:**

Plaintiff adopts and incorporates by reference all  medical Interrogatory Answers and any and all

symptoms identified in Plaintiff's medical records and expert reports.  As a result of suffering from lung

cancer, Plaintiff suffered from shortness of breath, crackling noises on lungs, coughing, discoloration of skin, weight loss, respiratory discomfort and pain.

**29.** With regard to any symptoms which you now contend are related to your asbestos exposure,
(a) State the date, with as much specificity as possible, that you first noticed the symptoms;
(b) State the date, with as much specificity as possible, that you first sought medical treatment for such symptoms;
(c) State the date, with as much specificity as possible, that you first considered that the symptoms were caused by dust in the place of employment;
(d) Identify by name and address the physician and/or medical practitioner or facility which furnished treatment for such symptoms;
(e) Describe the treatment received from each physician, medical practitioner and facility.

**ANSWER:**

Plaintiff adopts and incorporates by reference all medical Interrogatory Answers and any and all symptoms identified in Plaintiff's medical records and expert reports.

**30.** As a result of any illnesses or condition you allegedly sustained as a result of any exposure to asbestos or asbestos-containing products, please state whether or not any prognosis of your medical condition has been made or whether any diagnosis of your medical condition has been made.  If your answer is in the affirmative, please state:
(a) Each and every prognosis and diagnosis made;
(b) The date of each such prognosis or diagnosis; and
(c) Identify each person making such prognosis or diagnosis.

**ANSWER:**

Plaintiff's decedent suffered  from lung cancer.  For the details thereof, Plaintiff adopts and incorporates all medical records and expert reports.  See also Answer to Interrogatory No. 28.

**31.** Have you ever at any time made a claim for or received any health or accident insurance benefits, Workmen's Compensation payments, disability benefits, pensions, accident compensation payments or veterans' disability compensation awards.  If so, state for each:
(a) The circumstances under which you received the benefits, awards or payments.
(b) The illness, injury or injuries for which you received the benefits, awards or payments.
(c) The names and addresses of your employers at the time of each injury or illness for which such an award was received or claimed.
(d) The names and addresses of the examining doctors for each injury or illness.
(e) The names of the superiors, officers, boards or tribunals before which or to whom the claim or claims were made or filed, and the dates made or filed.
(f) The amount of the benefits, awards or payments.
(g) The dates covering the times during which you received the benefits, awards or payments.
(h) The agencies or insurance companies from whom you received the awards, benefits, or

payments.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**32.**  Have you ever made claims for damages for any personal injury?  If so, state:
(a)  The persons against whom said claim was made.
(b)  The basis of such claim.
(c)  The nature and extent of the injuries claimed.
(d)  The present status of such claim; and if concluded, the final result, including the amount of settlement.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**33.**  Have you filed a suit or action for damages for any personal injury?  If so, state:
(a)  The names and addresses of all Plaintiffs, Defendants, other parties and their attorneys.
(b)  The Court and place where each suit was filed and the date of filing.
(c)  The nature and extent of the injuries claimed.
(d)  The present status of each suit; and if concluded, the final result, including the amount of any settlement or judgment.

**ANSWER:**

No.

**34.**  Have you ever been a party to any other litigation?  If so, describe:
(a)  The nature of the suit.
(b)  The date, Court and place where the suit was filed.

**ANSWER:**

No.

**35.**  Have you ever filed for bankruptcy (state or federal).  If the answer is yes, state all of the particulars, including the date filed, court in which filed, case number and disposition.

**ANSWER:**

No.

**36.**  Have you ever submitted a claim in any bankruptcy or reorganization proceeding (state or federal) or have you given anyone authorization to file such a claim or to include you as a member of any class or group of persons making such claims?  If the answer is yes, state all particulars, including the date of filing or authorization, person or entity against whom claim is/was being made, court in which claim was made, case number, and name and address of counsel representing your interests.

–13–

**ANSWER:**

Plaintiff objects to the interrogatory on the grounds that it seeks information which is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and which is confidential or protected by the attorney-client privilege or other privileges which Plaintiff does not waive.  Without waiving these objections or privileges, Plaintiff has authorized his attorneys, the Law Offices of Peter G. Angelos, to file such claims, if appropriate.  See also Answer to Interrogatory No. 85.

37.    Has any member of your family or other person with whom you have lived or resided ever used or worked for or been associated with any person, enterprise or association who used in any manner any products containing asbestos or materials containing asbestos?  If so, please state:

(a)    The name and address of each person;
(b)    Your relationship to each person and the inclusive dates during which he or she lived or resided with you;
(c)    The nature of each person's use or work with materials or products containing asbestos; and
(d)    The name and address of employers or associates.

**ANSWER:**

Plaintiff objects to this Interrogatory as overly broad and unduly burdensome.  Without waiving this objection, Plaintiff states, no.

38.    State whether or not each of your parents, siblings and children, including half brothers, half sisters, adopted siblings, stepparents and adopted children, suffer from any respiratory impairment, illness or condition or suffer from any form of cancer.  If so, identify each such person, specifying:

(a)    The nature of that respiratory impairment, (e.g., bronchitis) or the nature and site of that cancer;
(b)    Whether that respiratory impairment or cancer is alleged to be occupationally related;
(c)    When that respiratory impairment or cancer first developed and/or was diagnosed;
(d)    Whether that respiratory impairment or cancer is totally or partially disabling; and
(e)    Whether that respiratory impairment or cancer is or has been treated by any physician, and if so, the name and address of all treating and/or diagnosing physicians.

**ANSWER:**

1.    Phyllis Dry, daughter
(a)    Lung cancer
(b)    N/A
(c)    Plaintiff does not recall
(d)    Yes, deceased.
(e)    Plaintiff does not recall

39.    Have any of the persons listed in response to Interrogatory No. 38 ever instituted any legal

–14–

proceedings against any person based upon any claim to cancer or respiratory impairment? If your answer is in the affirmative, identify each such person, specifying:

    (a)    The tribunal in which any such suit or claim was filed and/or Prosecuted;

    (b)    The date any such suit or claim was filed;

    (c)    The name of all attorneys representing each such person with respect to any such suit or claim.

**ANSWER:**

Not applicable.

    **40.**    Have you had or do you now have any health accident, life or hospitalization insurance policies (individual or group)? If so, state the name, type of insurance, the address of the insurance company, the dates of commencement and expiration of coverage, policy limits, and policy number.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant, overly broad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving

this objection, Plaintiff states, no.

    **41.**    State which policies, whether or not identified in answer to Interrogatory No. 40, indemnify you against the type of risk or claim upon which your complaint in this lawsuit is based.

For each such policy not identified in Answer to Interrogatory No. 40 identify the same and state in detail:

    (a)    The name and address of each insurance carrier and number of each insurance policy.

    (b)    The amount of the insurance coverage.

    (c)    The date of effective period of each policy.

    (d)    The name and address of the person or entity having possession of each insurance policy.

    (e)    Whether you are the named insured in each of the insurance policies.

    (f)    The nature and extent of the coverage under the policy or all provisions of such policy or policies.

    (g)    Whether you have made any claim under any such policy, and if so, the result thereof.

    (h)    Whether you intend to make any such claim under any such policy.

**ANSWER:**

Plaintiff objects to this Interrogatory as beyond the scope of discovery.

    **42.**    Have you ever been refused insurance coverage for health, life, disability or accident (excluding auto liability) whether by way of denial of initial application, refusal to renew an existing policy or cancellation of an existing policy? If your answer is in the affirmative, state the nature and date of the action taken by the insurer, the name and full address of the insurer, and the reason given for such action, if any.

**ANSWER:**

No.

**43.**    State whether or not you claim any permanent, total or partial disability to date or to date of death, as the case may be.  If so, set forth the details thereof.

**ANSWER:**

Plaintiff adopts and incorporates Answers to Interrogatory Nos. 23, 28, and 46.  Plaintiff's decedent was totally and permanently disabled as a result of lung cancer.  Plaintiff's decedent died of lung cancer on December 9, 1996.

**44.**    State whether or not you claim any diminution in earning power.  If so, set forth the details thereof.

**ANSWER:**

Not applicable.

**45.**    State in detail the time that you claim you missed from work as a result of the conditions complained of herein.

**ANSWER:**

Not applicable.

**46.**    With respect to any and all special damages being claimed, set forth:
(a)    The hospital bills with dates and amounts thereof.
(b)    Medical bills with dates and amounts and names of persons rendering the same.
(c)    Nursing bills with dates and amounts and identity of persons rendering the same.
(d)    Loss of earnings, with identity of employers.
(e)    Any other special damages, specifying the type, amount claimed in this action, including any funeral expense where wrongful death is claimed.
(f)    Identify all documents related to your Answer to this Interrogatory.

**ANSWER:**

Plaintiff's investigation is continuing.  Plaintiff claims all medical bills related to Plaintiff's decedent's lung cancer.  Plaintiff claims the statutorily permissible funeral expenses.  Plaintiff reserves the right to offer expert medical testimony concerning the amount of all medical expenses whether or not medical bills are available.  Plaintiff will supplement this Answer upon receipt of additional information.  See also

Answer to Interrogatory No. 44.

**47.**     State your average weekly or monthly earnings at the time of your last full time employment.

**ANSWER:**

Plaintiff's investigation is continuing.

**48.**     State fully and in detail your annual earnings for the past ten years, setting forth the names of employers and amount if different employers were involved during this period of time.
   (a)     Identify all W-2 forms and income tax returns filed by you or on your behalf during the past ten years to the present date.
   (b)     For each year, give itemized sources of income, gross income, adjustments to gross income, and net taxable income.

**ANSWER:**

Plaintiff objects to this Interrogatory as being overly broad as to time frame and beyond the scope of

discovery; annual earnings, not limited to earned income are not discoverable. English vs. Dittfield (Baltimore

City C.J. Niles), Daily Record, May 14, 1957.

   **49.**     Are you retired?  If so, state:
   (a)     Your date of retirement;
   (b)     Your reason for retirement and
   (c)     The type of retirement.

   **ANSWER:**  Yes

   (b)     1970
   (c)     Age of retirement.
   (d)     Normal.

**50.**     Do you smoke or use, or have you ever smoked or used, cigarettes, cigars, pipe or any other tobacco products?

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information which is irrelevant,

immaterial and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the

above objections, Plaintiff states that when legally bound to do so, the Defendants failed to warm Mr. Jackson

of their longstanding knowledge of the synergistic effect between smoking and asbestos exposure and that the

combination of smoking and asbestos exposure greatly increased his risk of contracting serious and deadly

disease. The Defendants failed to warn Mr. Jackson of their long time knowledge that, when compared to the general population, asbestos-exposed cigarette smokers face a dramatically higher risk of contracting and dying from lung cancer. Mr. Jackson smoked up to 1 ½ packs of cigarettes per day for approximately 30 years. At other times he smoked less. Plaintiff's decedent does not recall the exact dates and time periods in which Plaintiff smoked. Plaintiff successfully stopped smoking prior to 1970.

**51.** If your answer to the preceding Interrogatory is in the affirmative, state in detail:

(a) The type of tobacco products which you smoke or have smoked, i.e., cigarettes, cigars, pipes, etc., stating whether you inhale or inhaled the smoke or not.

(b) The daily frequency with which you smoke or have smoked the same, e.g., two packages of cigarettes daily, two pipes full of tobacco daily, three cigars a day, etc.

(c) The dates and time periods during which you have smoked.

(d) For any time period when you ceased smoking tobacco products after a period of having stopped smoking, your reasons for resuming.

(e) For any time period when you commenced smoking tobacco products after a period of having stopped smoking, your reasons for resuming.

(f) If you smoke or have smoked cigarettes, please state the average number of packs per day so consumed in each of the years that you have smoked.

(g) Whether you were ever advised by any physician to stop smoking and if so, the date, name and address of each physician who gave you any such advice and whether you followed the advice. If so, for what period of time did you follow said advice?

**ANSWER:**

See Answer to Interrogatory No. 50.

**52.** Are you aware of the United States Surgeon General's warning(s) placed on all cigarette packages and advertisements? If so, when did you become so aware?

**ANSWER:**

Plaintiff incorporates by reference the objection in the Answer to Interrogatory No. 50. Without waiving this objection, Plaintiff states, yes.

**53.** Have you ever read warning(s) referred to in the preceding Interrogatory?

**ANSWER:**
See Answer to Interrogatory No. 50.

**54.** Have you ever smoked cigarettes subsequent to being aware of or reading the warning(s) referred to in the above Interrogatory?

**ANSWER:**

−18−

Plaintiff incorporates the objection in Answer to Interrogatory Nos. 50, 51, 52, and 53.  Without waiving this objection, Plaintiff states, no.

**55.**     Have you ever smoked tobacco products other than cigarettes subsequent to being aware of or reading the warning(s) referred to in the above Interrogatory?

**ANSWER:**

Plaintiff incorporates the objection in Answer to Interrogatory Nos. 50, 51, 52, 53 and 54.

**56.**     Were you a member of any labor union at any time from 1940 to the present time?  If so, state for each such union membership:
<br>(a)     Identity of such union.
<br>(b)     Dates and time periods during which you maintained membership in such union.
<br>(c)     All offices you have held or committees on which you have served in both your local and international union, including dates and places of service.

**ANSWER:**

(a)     Local 333, Longshoremen's Union
<br>(b)     1937-1970
<br>(c)     Not applicable

**57.**     Whether you were a member of the International Association of Heat and Frost Insulators and Asbestos Workers or not, did you receive the publication known as "The Asbestos Worker"?  State in detail:
<br>(a)     Manner of receipt, i.e., subscription, provided by union or employer, purchase, etc.
<br>(b)     Frequency of receipt, i.e., regularly, occasionally, etc.
<br>(c)     Identity of each and every person or entity which provided this publication to you.
<br>(d)     Pertinent dates and time periods during which you received any issue of said publication.
<br>(e)     Publication date, issue and volume number of each issue of said publication received by you in any fashion.
<br>(f)     Whether you read such publication.

**ANSWER:**

No.

**58.**     If you were a member of a labor union, other than the International Association of Heat and Frost Insulators and Asbestos Workers, did you receive any newspapers, newsletters, or other publications from such union?

**ANSWER:**

Mr. Jackson may have received a newsletter from the local union, but did not read each issue or each issue completely.

**59.** If you answer to the preceding is in the affirmative, state:
(a) Manner of receipt, i.e., subscription, provided by union or employer, purchase, etc.
(b) Frequency of receipt, i.e., regularly, occasionally, etc.
(c) Identity of each and every person or entity which provided this publication to you.
(d) Pertinent dates and time periods during which you received any issue of said publication.
(e) Publication date, issue and volume number of each issue of said publication received by you in any fashion.
(f) Whether you read such publication.

**ANSWER:**

N/A.

**60.** Have you ever been informed by any person in an official capacity in your local or international union of any possible hazards associated with exposure to asbestos products?

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**61.** If your answer to the preceding is in the affirmative, state:
(a) The identity and official capacity of the individual or individuals who furnished you with such information.
(b) The date and place such information was furnished.
(c) The manner in which such information was communicated.
(d) The nature of such information furnished.
(e) What action, if any, you took in response to such information.

**ANSWER:**

Not applicable.

**62.** Have you ever completed, in whole or in part, a questionnaire provided to you by any labor union, relating to the subjects of occupational health and exposure to asbestos? If your answer is in the affirmative, please state as to each questionnaire:
(a) The date you received such questionnaire;
(b) The date you completed such questionnaire;
(c) The name of the union providing such questionnaire;
(d) The name and address of the individual, union or entity to whom the questionnaire was returnable;

(e)     Whether or not you possess a copy of the questionnaire as completed by you;

(f)     Name and address of each individual, union or entity possessing a copy of your completed questionnaire.

**ANSWER:**

No.

**63.**     Have you ever been requested by a labor union to complete a questionnaire related to the subjects of occupational health and exposure to asbestos and failed to do so?  If your answer is in the affirmative, as to each such request, state:

(a)     The date you were requested to complete such questionnaire.

(b)     The name of the labor union making such request.

**ANSWER:**

No.

**64.**     Have you ever attended any international or local union meetings, seminars, conferences or conventions where the subjects of occupational health and exposure to asbestos were discussed?  If you answer is in the affirmative, please state:

(a)     The date and place of such meeting, seminar, conference or convention;

(b)     The name and address of the speaker or discussion; and

(c)     A summary of such speech, presentation or discussion.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**65.**     Did you at any time receive, have knowledge of, or possess any publication, warning, order, directive, requirement, or advice, recommendation, written or oral, which purported:

(a)     Advise or warn you of the possible harmful effects of exposure or to inhalation of asbestos-containing products; or

(b)     Advise or recommend as to the techniques, methods or equipment which would serve to reduce or guard against such potentially harmful exposure.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**66.**     If your answer to any part of the preceding Interrogatory is in the affirmative, please state:

(a)     The nature and exact wording of such advice, warning or recommendation, or if not the exact wording, the substance thereof.

(b)     The complete identity of each source of such advice, warning, recommendation, etc.

(c)     The date, time, place, manner and circumstances when each such advice, warning,

recommendation, etc., was given.

(d)   The identity of each and every witness to Plaintiff's receipt of such advice, warning, recommendation, etc.

(e)   The identity and job title of each and every co-worker or similar member of your trade and occupation who also received to our knowledge the same or similar advice, warning, recommendation, etc.

**ANSWER:**

Not applicable.

**67.**   State which magazines and/or newspapers you and/or your spouse have subscribed to and/or which you and/or your spouse regularly purchased over-the-counter for the past twenty years.

**ANSWER:**

Baltimore Sun

**68.**   State whether you ever saw or received any documents or publication, including newspapers, trade journal and magazine articles, concerning the alleged relation between the handling of asbestos and/or asbestos products and asbestosis, mesothelioma, bronchogenic cancer, lung cancer, gastrointestinal cancer or other alleged asbestos-related diseases.  If your answer is in the affirmative, for each document state:

(a)   Identify each such document;

(b)   Identify each person or firm from whom you received it;

(c)   Its date and the date when seen and/or received;

(d)   Identify each person with who, if any, you discussed the subject;

(e)   By whom the document was published.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

**69.**   State whether you ever received orally, by telephone, by television and/or by radio, any information concerning the alleged relation between the exposure to asbestos and/or asbestos products and asbestosis, mesothelioma, bronchogenic cancer, lung cancer, gastrointestinal cancer or any other alleged asbestos-related diseases.  If your answer is in the affirmative, state for each communication:

(a)   The date;

(b)   By what person or medium the communication was made, together with the identification of such;

(c)   The name and address of each person with whom, if any, you discussed the subject.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

70.    Describe when and under what circumstances you first heard of any worker who was exposed to asbestos or asbestos-containing products, filing a claim for Workers' Compensation benefits or a lawsuit against manufacturers of asbestos-containing products.

**ANSWER:**

Plaintiff does not recall.

71.    On what date did you first become aware that asbestosis was a compensable occupational disease under a State Workmen's Compensation Act or a Federal Compensation Act and state the specific Act that you became aware of?

**ANSWER:**

Plaintiff does not know.

72.    Have you ever discussed this lawsuit or the injuries you allege you sustained as a result of exposure to asbestos-containing materials with any official of your local or international union?  If your answer is in the affirmative, please state:

(a)    The name, address and official capacity of the individual or individuals with whom you had such discussions or other communications;

(b)    The date, place and circumstances under which such discussions or communications took place; and

(c)    The substance of the discussion or communication.

**ANSWER:**

To the best of Plaintiff's knowledge, no.

73.    State the date when you first began to consider whether you should consult an attorney concerning your alleged illness which is the subject of this case (if you do not recall the exact date, please provide your best estimate).

**ANSWER:**

In 1995, after Plaintiff was informed of the diagnosis of lung mass.

74.    Describe all the steps you took with the actual or approximate dates for each step, to find an attorney with whom to consult concerning your alleged illness which is the subject of this case.

−23−

**ANSWER:**

Subsequent to being diagnosed as suffering from lung cancer, Plaintiff contacted the Law

Offices of Peter G. Angelos.

     **75.**    Identify by name and address of the first attorney with whom you consulted concerning your alleged illness which is the subject of this case.

     **ANSWER:**

Bessie S. Demos, Esquire
The Law Office of Peter G. Angelos
5905 Harford Road
Baltimore, MD   21214

     **76.**    For each attorney identified, state:
     (a)    How you learned of the attorneys's identity;
     (b)    When you learned of the attorney's identity;
     (c)    The date you first contacted that attorney or the office of that attorney for the purpose of setting up an appointment to discuss your alleged illness which is the subject of this case;
     (d)    The date of your first communication from that attorney, whether it be by means of telephone, mail, or personal meeting, and state the means by which the communication took place;
     (e)    The date of your first personal meeting with that attorney.

     **ANSWER:**

     (d)    Through the media
     (e)    1995
     (f)    1995
     (g)    1995
     (h)    1995

     **77.**    State the name and address of each person whom you expect to call as an expert witness at trial as to any contention whether medical, cause and effect, activity of the Defendant, or any other matter for which you intend to have expert testimony.  With respect to each such expert, state the following:
     (a)    Describe the expert's educational background.
     (b)    Describe the expert's employment and other professional history.
     (c)    Identify all asbestos-related cases in which the expert has testified as an expert witness, including title and number of the case, court in which the case was pending, and the party for whom the expert testified.

**ANSWER:**

Plaintiff will identify his experts in accordance with the Pre-trial Discovery Schedule

established in this case.

**78.**     State separately as to each expert the subject matter on which the said expert is
expected to testify, state the substance of the facts and opinions to which the expert is expected to
testify, and set forth a summary of the grounds of each such opinion. supplement this answer as you
ascertain any additional expert witnesses.

**ANSWER:**

See Answer to Interrogatory No. 77.

**79.**     For each expert whom you expect to call as a witness at trial, identify by case name,
date, Court and docket number any deposition and/or trial testimony given by each such expert, and
identify the custodian and location of such transcripts.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly

burdensome, harassing and seeks information that is in the possession of the Defendants or readily

available to them.  Without waiving these objections, see Answers to Interrogatory Nos. 77 and 78.

**80.**     State whether any expert whom you expect to call as a witness at trial has performed
any examination, test, modeling or other analysis of any product at issue in this action.  If so:
    (a)     Identify the product involved by trade name, brand name;
    (b)     Identify the defendant whom you claim sold the product; and
    (c)     With respect to such examination, test, modeling or other analysis:
        i.      Identify the expert who performed it;
        ii.     State the date it was performed;
        iii.    State its purpose;
        iv.     State its nature;
        v.      State the results;
        vi.     State the expert's conclusions based on it;
        vii.    State whether any notes of the examination, test, modeling or other analysis
            were made; and
        viii.   State whether the expert has issued a report which mentions or is based in
            whole or in part upon any such examination, test, modeling or other analysis.
            If so, please attach a copy of the report to your answers to these

interrogatories.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information beyond the scope of discovery.

Without waiving this objection, see Answers to Interrogatory Nos. 77, 78 and 79.

    **81.**    State whether any expert whom you expect to call as a witness at trial has ever inspected, visited or otherwise viewed the Plaintiff's workplace.  If so:

    (a)    Identify the expert;

    (b)    Identify each site inspected, visited or otherwise viewed;

    (c)    State the date of each such inspection, visit or viewing;

    (d)    State whether any notes were made by the expert with respect to such inspection, visit or viewing;

    (e)    State the opinions of the expert band in whole or in part upon the inspection, visit or view; and

    (f)    State whether the expert issued any report concerning the inspection, visit or view.  If so, please attached a copy to your answers to these interrogatories.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information beyond the scope of discovery.

Without waiving this objection, see Answers to Interrogatory Nos. 77, 78 and 79.

    **82.**    For each person whom you expect to call as a non-expert witness on your behalf at trial who previously has testified in a trial or deposition in a Court or administrative proceeding involving asbestos-related injury, identify each such person, identify by case name, date, Court or administrative agency, and docket number, each such proceeding, and identify the custodian and location of each transcript of that persons testimony in such proceeding.

**ANSWER:**

Plaintiff objects to this Interrogatory as seeking information beyond the scope of discovery.

Defendants will be provided with the names of fact witnesses in accordance with the Pre-Trial

Schedule established in this case.  See Answers to Interrogatory Nos. 91 and 95.

    **83.**    Identify any statement which was reduced to writing concerning the facts of this lawsuit or events concerning the same and the damages claimed to any person, including but not limited to, any police or law officer, insurance company representative, investigator, state or federal agent, or employee of any kind, or anyone else and state the name and address of each and every such

person or organization to whom these statements or reports were made, the dates made, and the purpose for which they were made.

**ANSWER:**

Plaintiff objects to this Interrogatory insofar as it requests attorney work product and/or privileged information.  Without waiving his objection and without responding to that part of the Interrogatory which calls for attorney work product or privilege, Plaintiff states, "none".

**84.**    Have any investigation or other reports been prepared, compiled, submitted or made by you or on your behalf or utilized by you in any way in this action?  If so, as to each such investigation or report state in detail:

(a)    The identification of the documents.
(b)    Identification of the person to whom addressed or directed.
(c)    The purpose of such preparation.
(d)    Identification of the person having present custody or control.

**ANSWER:**

See Answer to Interrogatory No. 83.

**85.**    State whether there has been any settlement with any person or party of any claim or part of a claim being asserted herein by which any money or other benefit was received, and if so, set forth the details thereof, including the claim made, the identity of the person against whom the claim is made, the identity of the person who settled that claim, the amount of the settlement and date thereof.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it is irrelevant, immaterial, not reasonably calculated to lead to the discovery of admissible evidence and seeks confidential information protected by attorney/client and other privileges beyond the scope of discovery.  Without waiving this objection, Plaintiff states as follows:

| | | |
|---|---|---|
| 3M Global | | 2004 |
| Garlock | 2002 | |
| Johns Manville Corporation | | 1996 |
| Metropolitan Life Insurance Co. | 2000 | |

**86.**     Identify any documents related to your Answer to Interrogatory No. 85.

**ANSWER:**

See Answer to Interrogatory No. 85.

**87.**     State whether any person other than the named Plaintiffs claims or entitled to claim any subrogation interest in any judgment or settlement which results from this action.  For each person, state the following:
  (a)     The full name, address, principal place of business and state of incorporation of such person.
  (b)     The extent and amount of the claimed subrogation interest.
  (c)     Identify all documents granting or describing the subrogation interest.

**ANSWER:**

To the best of Plaintiff's knowledge, none.

## PART-TWO LIABILITY

  The following interrogatories <u>are to be answered separately and individually as to each defendant</u>.

  Instructions b) through j) above also apply.

**88.**     For each job at which you have been exposed, or are being exposed, to asbestos-containing products of any person, business or other entity other than this Defendant but who is a party to this case, state:
  (a)     The employer's name and address;
  (b)     Your job title and work description, including an exact description of job duties and responsibilities.
  (c)     The duration of the job (month/day/year through month/day/year);
  (d)     The duration of the job (month/day/year through month/day/year);
  (e)     The location of the job;
  (f)     The identity of your foreman or supervisor;
  (g)     The identity of your co-workers;
  (h)     A description of the types of asbestos-containing products to which you claim exposure (i.e., pipe covering, block, cement, cloth, etc.);
  (i)     The identity of the supplier or distributor of each type of asbestos-containing product;
  (j)     The identity of the manufacturer(s) of each type of asbestos-containing product;
  (k)     The trade or brand names of each type of asbestos-containing products.

**ANSWER:**

–28–

Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and unlimited in time. Plaintiff further objects to this Interrogatory on the grounds that it seeks information virtually identical to that sought by Interrogatory No. 91, and as such, is redundant and harassing. Without waiving these objections, see Answer to Interrogatory No. 91.

**89.**   If you have been exposed, or are being exposed, to asbestos-containing products of any person, business or other entity who is <u>not</u> a part to this case, state:
-   (a)   The circumstances under which such exposure took place;
-   (b)   The date and time of such exposure; and
-   (c)   The brand or trade names and types of products that you were exposed to.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information regarding non-party products that are not at issue in this case. Without waiving this objection, Plaintiff states as to products at issue manufactured by non-parties, but supplied and distributed by party Defendants, see Answer to Interrogatory No. 91.

**90.**   If you have been exposed, or are being exposed, to any asbestos-containing products of any person, business or other entity who is <u>not</u> a party to this case, on board any ship, boat, or barge or other vessel, please state the following with respect to each such vessel.
-   (a)   Name and type of the vessel;
-   (b)   Dates on which you worked on the vessel;
-   (c)   Type of work performed;
-   (d)   The location of the vessel at the time of your work thereon (e.g., Bethlehem Steel Sparrows Point, Bethlehem Steel Key Highway, etc.), circumstances in which you were exposed.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that it seeks information virtually identical to that sought by Interrogatory Nos. 89 and 91, and as such, is redundant and harassing. Without waiving these objections, see Answers to Interrogatory Nos. 89, 91.

**91.**   For each job at which you allege you have been exposed, or are being exposed to asbestos-containing products manufactured, distributed or sold by this Defendant, state:

–29–

(a)    The employer's name and address;
(b)    Your job title and work description, including an exact description of job duties and responsibilities.
(c)    The duration of the job (month/day/year through month/day/year);
(d)    The duration of your exposure to asbestos on that job month/day/year through month/day/year);
(e)    The location of the job;
(f)    The identity of your forearm or supervisor;
(g)    The identity of your co-workers;
(h)    A description of the types of asbestos-containing products to which you claim exposure (i.e., pipe covering, block, cement, cloth, etc.);
(i)    The identity of the supplier or distributor of each type of asbestos-containing product;
(j)    The identity of the manufacturer(s) of each type of asbestos-containing product;
(k)    The trade or brand names of each type of asbestos-containing products.

**ANSWER:**

Plaintiff objects to this interrogatory to the extent that it seeks information beyond that relating to Mr. Jackson's exposure to the asbestos products of the direct defendants. Without waiving this objection and in relation to the direct defendants only, Plaintiff states that prior to and after the filing of Mr. Jackson's lawsuit, Plaintiff's have conducted a continuing investigation in an attempt to gather all available information concerning Mr. Jackson's exposure to the asbestos products of the direct defendants.  As a result of Plaintiff's continuing investigation, it is believed Mr. Jackson was exposed to the asbestos products manufactured, sold, distributed and/or installed by the Defendants E.L. Stebbing & Co., Inc., Hampshire Industries, Inc., Lloyd E. Mitchell, Inc., and Owens-Illinois, Co., Inc., at various times while working as a longshoreman and laborer from 1937 to 1970.  As such Mr. Jackson worked on a regular and frequent basis at commercial and industrial jobsites including, but not limited to, those listed below.  Plaintiff's investigation is continuing and Plaintiff reserves the right to supplement this interrogatory response.

1.    Domino Sugar

(a)  Baltimore, MD
(b)  Laborer
(c)  1955-1967
(d)  See response to (c) above.  Plaintiff's investigation is continuing.
(e)  All over
(f)  See Exhibit A, attached hereto.
(g)  Hiram Brown, Wayland Bell, James Johnson, John Laughhurst, Will Kues, Harry Kieter, Robert Carpenter, Herbert Amey, Richard Giro, Daniel W. Boone, Joseph C. Brigandi, Woodrow Bolander, J. Rummal.  See also Exhibit A, attached hereto.
(h)  Spray; joint compounds, packing, pipecovering, block, cement, acoustical plaster; asbestos fibers.
(i)  Plaintiff's investigation is continuing.
(j)  Owens-Illinois - pipecovering, block; E.L. Stebbing - spray, joint compounds; Hampshire Industries - spray, joint compounds; Lloyd E. Mitchell - spray, packing, joint compounds.
(k)  See response (j) above; Plaintiff's investigation is continuing.and plaintiff reserves the right to supplement this response.

2.   Dundalk Marine Terminal
(a)  Dundalk, MD
(b)  Longshoreman
(c)  1937-1970
(d)  See response to (c) above.  Plaintiff's investigation is continuing.
(e)  All over
(f)  See Exhibit A, attached hereto.
(g)  See (g) above.  Also, see Exhibit A, attached hereto.
(h)  Asbestos fibers, pipecovering, block, cement, acoustical plaster, spray; packing, joint compounds.
(i)  Plaintiff's investigation is continuing.
(j)  Owens-Illinois-pipecovering, block; Lloyd E. Mitchell-spray, packing, joint compounds.
(k)  See response (j) above; Plaintiff's investigation is continuing and plaintiff reserves the right to supplement this response.

3.   Locust Point
(a)  Baltimore, MD
(b)  Longshoreman
(c)  1937-1970
(d)  See response to (c) above.  Plaintiff's investigation is continuing.
(e)  All over.
(f)  See Exhibit A, attached hereto.
(g)  See (g) above.  Also, see Exhibit A, attached hereto.
(h)  Asbestos fibers, pipecovering, block, cement, acoustical plaster, spray; packing, joint compounds.

–31–

(i)     Plaintiff's investigation is continuing.

(j)     Owens-Illinois-pipecovering, block; Lloyd E. Mitchell-spray, packing, joint compounds.

(k)     See response (j) above; Plaintiff's investigation is continuing and plaintiff reserves the right to supplement this response.

4.      Canton Pier

(a)     Baltimore, MD

(b)     Longshoreman

(c)     1937-1970

(d)     See response to (c) above.  Plaintiff's investigation is continuing.

(e)     All over.

(f)     See Exhibit A, attached hereto.

(g)     See (g) above.  Also, see Exhibit A, attached hereto.

(h)     Asbestos fibers, pipecovering, block, cement, acoustical plaster, spray; packing, joint compounds.

(i)     Plaintiff's investigation is continuing.

(j)     Owens-Illinois-pipecovering, block; Lloyd E. Mitchell-spray, packing, joint compounds.

(k)     See response (j) above; Plaintiff's investigation is continuing.


5.      Bethlehem Steel Sparrows Point Shipyard

(a)     Sparrows Point, MD

(b)     Longshoreman

(c)     1937-1970

(d)     See response to (c) above.  Plaintiff's investigation is continuing.

(e)     All over

(f)     Plaintiff's investigation is continuing; See also Exhibit A, attached hereto.

(g)     See (g) above.  Also, see Exhibit A, attached hereto.

(h)     Asbestos fibers, pipecovering, block, cement, acoustical plaster, spray; packing, joint compounds.

(i)     Plaintiff's investigation is continuing.

(j)     Owens-Illinois-pipecovering, block; Lloyd E. Mitchell-spray, packing, joint compounds.

(k)     See response (j) above; Plaintiff's investigation is continuing.

In addition to other trades including insulators that regularly and frequently worked in his presence, it is believed that Mr. Jackson worked with and around plaintiff-specific and general product identification witnesses known and unknown to him.  Plaintiff reserves the right to offer at trial the testimony of any and all plaintiff-specific and general product identification witnesses

properly identified in accordance with the Pre-Trial Schedule.

Investigation and discovery in this case is still ongoing and additional information concerning

co-workers and the asbestos products of the direct defendants to which Mr. Jackson was exposed

may be uncovered.  Plaintiff reserves the right to further supplement and/or amend this interrogatory

based upon additional information received.

**92.**     If you contend that you have been exposed, or are being exposed, to any asbestos-containing
products of any Defendant other than in your work environment, state:
     (a)     The circumstances under which such exposure took place;
     (b)     The date and time of such exposure;
     (c)     The brand or trade names and types of products that you were exposed to; and
     (d)     The names and addresses of all persons having personal knowledge of your answer to this
            interrogatory.

**ANSWER:**

Plaintiff's investigation is continuing.

**93.**     If you allege that you have been exposed, or are being exposed, to any asbestos-containing
products or any Defendant on board any ship, boat, barge or other vessel, please state the following with
respect to each such vessel:
     (a)     Name and type of the vessel;
     (b)     Dates on which you worked on the vessel;
     (c)     Type of work performed;
     (d)     The location of the vessel at the time of your work thereof (e.g., Bethlehem Steel Sparrows
            Point, Bethlehem Steel Key Highway, etc.), circumstances in which you were exposed.

**ANSWER:**

See Answer to Interrogatory No. 91.

**94.**     State verbatim, or with as completed and accurate detail as is possible, all instructions,
recommendations or warnings of any kind which accompanied each asbestos-containing products of each
Defendant to which you claim you were exposed (i.e., each  printing on tag, tag covering, instruction sheet
accompanying the product, shipping carton, the product itself, or in any other manner).

**ANSWER:**

To the best of the Plaintiff's knowledge no instructions, recommendations, warnings or cautions

concerning the hazards of asbestos were ever placed by any Defendant on any of their asbestos products or

their packaging. No other instructions, recommendations, warnings or cautions were ever provided to Plaintiff

by any manufacturer, seller, distributor, installer or applier of asbestos-containing products.

**95.**     In regard to any persons having personal knowledge of facts relevant to your exposure to asbestos-containing products of each Defendant, including but not limited to the types of products, and the suppliers or manufacturer of those products:

    (a)     Identify the workers, including any fellow workers, foremen, superiors, etc., as to each Defendant who have such knowledge.

    (b)     Identify any other persons, i.e., other than workers, as to each Defendant, who have such knowledge.

    (c)     Identify those persons whom you intend to product as witnesses in the trial in this action.

**ANSWER:**

See Answer to Interrogatory Nos. 82 and 91.

**96.**     Identify any written statements from any persons identified in your Answer to Interrogatory No. 95.

**ANSWER:**

See Answer to Interrogatory Nos. 82 and 91.

**97.**     For each job referred to in your Answer to Interrogatory No. 88-93, state the following:

    (a)     Whether the employer on each job suggested, recommended or required that you might, or should, use any device to reduce your possible exposure to, or inhalation of, asbestos dust or fibers.
        If so, state:

        (1)     The date, time and place when such suggestion, recommendation, or requirement was made;

        (2)     The exact wording and content of each such suggestion, recommendation or requirement, or the substance thereof;

        (3)     Company or employer recommendations regarding use;

        (4)     Company or employer requirements regarding use;

        (5)     The identity of any writing containing or regarding such suggestion, recommendation or requirement;

        (6)     The identity of each person present when such suggestion, recommendation or requirement was given;

        (7)     The identity of each person who received the same or similar suggestion, recommendation or requirement.

        (8)     The date and time of each period of your use of such device;

        (9)     The make, model and type of device; and

        (10)   Your detailed reasons for any response to such suggestion, recommendation or requirement, short of complete conformity thereto.

    (b)     Whether the employer on each job provided protective clothing for your use.

    (c)     Whether the employer provided separate lockers for work and personal clothing.

    (d)     Whether the employer provided showers.

**ANSWER:**

No such recommendations or suggestions were made.

**98.**   State whether you contend that any of the plaintiff's employers knew or should have known about asbestos-related hazards to which the plaintiff allegedly was exposed at his place(s) of employment. If so:

(a)   Identify each employer as to whom you make this contention and identify each workplace involved;

(b)   Explain in detail the factual basis for this contention;

(c)   Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

(d)   Identify all documents which contain information which supports this contention.

**ANSWER:**

Plaintiff does not so contend at this time.

**99.**   State whether you contend that any doctors or other health or safety personnel employed by any of the Plaintiff's employers knew or should have known about asbestos-related hazards to which the plaintiff allegedly was exposed at his place(s) of employment. If so:

(a)   Identify each such doctor or other personnel;

(b)   Identify each employer as to whom you make this contention and identify the workplace(s) involved;

(c)   Explain in detail the factual basis for this contention;

(d)   Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

(e)   Identify all documents which contain information which supports this contention.

**ANSWER:**

Plaintiff objects to this Interrogatory as overly broad and vague. Plaintiff also objects on the grounds

that it assumes that Plaintiff's employers employed "doctors or other health or safety personnel". Plaintiff's

investigation is continuing.

**100.**   Apart from any actions, suggestions, recommendations or requirements by any employer, did you take any measures or precautions to reduce exposure to or inhalation of asbestos dust, even if not using a specific device, such action including, but not limited to, use of handkerchiefs, home medications, or any other method or precaution, including limiting exposure thereto? Give a complete description in detail of any such precaution or measure taken by you, and identify the times or the jobs on which such precautions were used.

**ANSWER:**

Plaintiff's decedent was never informed of the hazards of asbestos. Plaintiff's decedent was never

aware of the need to take precautions and therefore took no precautions.

**101.** State <u>separately as to each defendant</u> when and by what means you contend that defendant became aware of the alleged hazards of exposure to asbestos dusts, fibers and/or products to the health of persons coming into contact with, handling or using asbestos products.

**ANSWER:**

Plaintiff adopts and incorporates by reference as if fully reprinted herein all documentation identified

for use, offered for document conference, marked for identification, admitted into evidence or used in cross-

examination by any party and all testimony presented by any party in the *Abate I, Abate II, Asner, Hohman,*

*Knock, Brannan, Balonis, Chappell, Bieble, Gotti, Merrick, Berbes, Gray, Jakubowski, Gallagher, Cook* and

*McKenzie* trial groups, as well as any and all other personal injury asbestos suits filed in or tried within this

jurisdiction by this or any other law firm or attorney.

**102.** State <u>separately as to each defendant</u> when and by what means you contend` that defendant became aware that exposure to asbestos dusts, fibers and/or products was acknowledged to be hazardous to the health of persons coming in contact with, handling or using asbestos products.

**ANSWER:**

See Answer to Interrogatory No. 101.

**103.** State <u>separately as to each defendant</u> whether you contend the defendant ever learned that there is a causal connection between exposure to asbestos dust and:
  (a)   Asbestosis
  (b)   Pneumoconiosis
  (c)   Lung cancer
  (d)   Mesothelioma, and
  (e)   Other cancers.

**ANSWER:**

See Answer to Interrogatory No. 101.

**104.** If your Answer to Interrogatory No. 103 is in the affirmative, please identify the following as to each such disease listed therein:
  (a)   When and by what means you contend that defendant first became aware of such causal connection.

**ANSWER:**

See Answer to Interrogatory No. 101.

**105.**   <u>State separately as to each defendant</u> when you contend that Defendant first determined that any other material could be used in places of asbestos for high-temperature insulation, a refractory, or any other use to or for which asbestos has been applied, and with regard to each:

  (a)   The identify of such material, and

  (b)   The particular use for which such substitute could be used.

**ANSWER:**

See Answer to Interrogatory No. 101.

**106.**   Please state your contention as to the meaning of "threshold limit value" as it pertains to asbestos exposure and disease.

**ANSWER:**

See Answer to Interrogatory No. 101

**107.**   With reference to "threshold limit value,"  please state:

  (a)   State separately as to each defendant when and by what means you contend the Defendant obtained information related thereto;

  (b)   The substance of any information imparted to each Defendant regarding the same; and

**ANSWER:**

See Answer to Interrogatory No. 101.

**108.**   <u>State separately as to each defendant</u> whether you content that Defendant ever knew that any governmental, private agency, and/or other entity issued guidelines suggesting a "threshold limit value" for exposure to asbestos dust and/or fibers.  If so, state:

  (a)   The identity of the agency or other entity which issued said guidelines;

  (b)   The verbatim content of said guidelines;

  (c)   The date said guidelines were issued;

  (d)   The date you contend that defendant was first aware of the purpose of said guidelines; and

  (e)   The custodian, location and identity of all documents related thereto.

**ANSWER:**

See Answer to Interrogatory No. 101.

**109.**   <u>State separately as to each defendant</u> whether you contend that defendant ever possessed knowledge of documents indicating that existing or proposed threshold limit values were not safe or proper or that lower threshold limit values were necessary in order to prevent diseases caused by exposure to asbestos.  If so, please identify:

  (a)   The source of such knowledge;

  (b)   The persons who obtained such knowledge;

  (c)   All documents relating thereto; and

  (d)   The custodian and location of all documents identified in your Answer to part (c) of this

–37–

Interrogatory.

**ANSWER:**

See Answer to Interrogatory No. 101.

**110.** State separately as to each defendant whether you contend that defendant was ever made aware that a better method for determining levels of asbestos in air was to test concentrations of asbestos fibers in the air rather than the total number of dust particles in the air.  If so, please state:

- (a) The source of such knowledge;
- (b) The persons who obtained such knowledge;
- (c) All documents relating thereto; and
- (d) The custodian and location of all documents identified in your Answer to part (c) of this Interrogatory.

**ANSWER:**

See Answer to Interrogatory No. 101.

**111.** State whether you content that asbestos-containing products cannot be manufactured or treated so as to eliminate potential asbestos health hazards to workers who use such products.  If so:
- (a) Explain in detail the factual basis for this contention;
- (b) Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
- (c) Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**112.** State separately as to each defendant whether you contend asbestos-containing products of that defendant are inherently dangerous.  If so:
- (a) Identify by manufacturer name, trade name and all other identifying information available to you the specific product(s) which content is inherently dangerous;
- (b) Explain in detail the factual basis for this contention;
- (c) Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
- (d) Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**113.** State separately as to each defendant and as to each of that defendant's asbestos-containing products whether you contend that the particular product(s) of that defendant presented a hazard or risk of exposure to asbestos to its users such that the defendant should have warned users of such a hazard or risk.  If

–38–

so:

    (a)      Identify separately for each defendant each of that defendant's products for which you make such contention;

    (b)      Identify the specific hazards and risks which you contend each such product presented to the user;

    (c)      Explain in detail the factual basis for this contention;

    (d)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (e)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

    **114.**   <u>State separately as to each defendant</u> whether you contend that the defendant failed to perform adequate tests of the safety of each of the asbestos products of that defendant from which you claim injury. If so:

    (a)      State in detail all information in possession of you and/or your attorneys concerning the nature, purpose and extent of the safety testing which each defendant <u>did</u> perform on such products;

    (b)      State in detail the nature, purpose and specifics of the safety tests which you contend that the defendant <u>should</u> <u>have</u> performed on such products;

    (c)      Explain in detail the factual basis for this contention;

    (d)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (e)      Identify all documents which you contend contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

    **115.**   <u>State separately as to each defendant</u> whether you contend that particular defendant conspired with any other defendant or other person to allow asbestos products to be used without adequate warnings, or without any warnings, regarding the hazards or risks of use of and/or exposure to such products.  If so:

    (a)      Identify <u>separately as to each defendant</u> every person with whom you contend that defendant conspired;

    (b)      Explain in detail the factual basis for this contention;

    (c)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

    **116.**   <u>State separately as to each defendant</u> whether you contend that there are no circumstances under which asbestos products can be safely handled and/or used.  If so:

    (a)      Explain in detail the factual basis for this contention;

(b)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

(c)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**117.**      State whether you admit that there are circumstances under which asbestos products can be safely handled and/or used.  If so:

(a)      State the circumstances under which asbestos product can be safely handled and used;

(b)      Explain in detail the factual basis for this contention;

(c)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

(d)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**118.**      State whether you contend that there never has been a distinction made by scientific or medical professionals between one or more of the following with respect to the use of and exposure to asbestos-containing products and the health hazards or risks relating thereto: miners, millers, textile workers, asbestos plant workers, building tradesmen, industrial workers, and brake lining mechanics.  If so:

(a)      Explain in detail the factual basis for this contention;

(b)      Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

(c)      Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**119.**      State whether you admit that, at least in the past, distinctions have been made by scientific or medical professionals between one or more of the following with respect to the use of and exposure to asbestos-containing products and the health hazards or risks relating thereto:  miners, millers, textile workers, asbestos plant workers, insulators, shipyard workers, steel plant workers, building tradesmen, industrial workers, and brake lining mechanics.  If so:

(a)      Explain in detail the factual basis for this admission;

(b)      State the most recent dates upon which such a distinction was made;

(c)      Identify all scientific or medical professionals who have made such a distinction;

(d)      Identify all persons whom you know or believe to have personal knowledge of information which supports your answer to any portion of this interrogatory; and

(e)      Identify all documents which you contend contain information which supports any portion of your answer to this interrogatory.

**ANSWER:**

See Answer to Interrogatory No. 101.

**120.** State whether you contend that a distinction has never been made by scientific or medical professionals between asbestos fiber types (chrysotile, amosite, crocidolite, actinolite, anthophyllite or tremolite) with regard to the relative risks of such fiber types causing disease.  If so:

    (a)     Explain in detail the factual basis for this contention;

    (b)     Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (c)     Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**121.** State whether you admit that at least some scientific or medical professionals have made distinctions between asbestos fiber types (chrysotile, amosite, crocidolite, actinolite, anthophyllite or tremolite) with regard to the relative risks of such fiber types causing disease.  If so:

    (a)     Identify each scientific or medical professional;

    (b)     Explain in detail the factual basis for this contention;

    (c)     Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)     Identify all documents which contain information which supports this contention.

**ANSWER:**

See Answer to Interrogatory No. 101.

**122.** State whether you contend that the injuries alleged in this case are caused in whole or in part by an act or omission of the injured worker's employer.  If so:

    (a)     Identify each such employer;

    (b)     Explain in detail the factual basis for this contention;

    (c)     Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and

    (d)     Identify all documents which contain information which supports this contention.

**ANSWER:**

No such contention is made at this time.

**123.** State whether you deny that the injuries alleged in this case were caused in whole or in part by an act or omission of the injured workers's employer.  If so:

    (a)     Explain in detail the factual basis for this denial;

    (b)     Identify all persons whom you know or believe to have personal knowledge of information which supports this denial; and

    (c)     Identify all documents which contain information which supports this denial.

**ANSWER:**

See Answer to Interrogatory No. 122.

**124.** State whether you contend that the plaintiff's injuries were caused by an act or omission of a person who is not a party to this case.  If so:
   (a)   Identify each such person;
   (b)   Explain in detail the factual basis for this contention;
   (c)   Identify all persons whom you know or believe to have personal knowledge of information which supports this contention; and
   (d)   Identify all documents which contain information which supports this contention.

**ANSWER:**

No such contention is made at this time.

**125.** State whether you deny that the plaintiff's injuries were caused in whole or in part by an act or omission of another who is not a party to this case.  If so:
   (a)   Explain in detail the factual basis for this denial;
   (b)   Identify all persons whom you know or believe to have personal knowledge of information which supports this denial; and
   (c)   Identify all documents which contain information which supports this denial.

**ANSWER:**

See Answer to Interrogatory No. 124.

**126.** State whether you admit that the plaintiff's injuries were caused in whole or in part by an act or omission of another who is not a party to this case.  If so:
   (a)   Explain in detail the factual basis for this admission;
   (b)   Identify all persons whom you know or believe to have personal knowledge of information which supports this admission; and
   (c)   Identify all documents which contain information which supports this admission.

**ANSWER:**

See Answers to Interrogatory Nos. 89 , 90 and 124.

**127.** State separately as to each defendant, and with particularly, the facts upon which you base any claim that the defendant acted negligently.

**ANSWER:**

See Answer to Interrogatory No. 101.

**128.** State separately as to each defendant, and with particularity, the facts upon which you base any claim that the defendant is strictly liable to you for damages resulting from exposure to asbestos-containing products.

**ANSWER:**

See Answer to Interrogatory No. 101.

**129.** State <u>separately as to each defendant,</u> and with particularity, the facts upon which you base any claim that the defendant breached any express or implied warranty to Plaintiff.

**ANSWER:**

See Answer to Interrogatory No. 101.

**130.** State <u>separately as to each defendant,</u> and with particularity, the facts upon which you base any claim that you are entitled to punitive damages from that defendant.

**ANSWER:**

See Answer to Interrogatory No. 101.

**131.** Identify each and every writing, oral conversation, or other communication with, or in the presence of, any representative of each defendant, relating directly or indirectly to the subject matter of the complaint and give the substance of each such oral conversation or other communication, and the names of all persons in attendance or who have personal knowledge of each such conversation or communication.

**ANSWER:**

See Answer to Interrogatory No. 101.

**132.** State whether, in addition to your claim for asbestos-caused injury, you also are making claim in this case for injury or other damages caused by toxic or otherwise harmful chemicals, minerals, or other non-asbestos substances.  If so:
- (a) Explain in detail the factual basis for this claim,
- (b) State the name of each such chemical, mineral or other substances;
- (c) Identify each product which you claim contained such chemical mineral or substance and identify the manufacturer of such product;
- (d) Identify all persons whom you know or believe to have information which supports this claim; and
- (e) Identify all documents which contain information which supports this claim.

**ANSWER:**

No such claim is made at this time.

**133.** Identify any person not heretofore mentioned in your answers to these interrogatories having personal knowledge of facts material to this case.

**ANSWER:**

See Answer to Interrogatory No. 101.  Also, any person not named in these Answers to Interrogatories

who is identified as a witness in accordance with the Pre-Trial Schedule or who comes to light subsequently.

**134.**     Identify all documents not heretofore mentioned in your answers to these interrogatories which you contend contain facts material to this case.

**ANSWER:**

See Answer to Interrogatory No. 101.  Also, all Requests for Admissions and documents identified therewith, all documents identified in the Plaintiffs Pre-Trial statement, in the Pre-Trial Schedule, in any other discovery and any which may come to light subsequently.

I DO SOLEMNLY DECLARE AND AFFIRM, under the penalties of perjury, that the contents of the

foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.


_____,
MARCELLA JACKSON, Individually
and as Personal Representative of the
Estate of ROBERT JACKSON

Respectfully submitted,


**/s/   *Edward P. Monaghan, Esquire*__**
Edward P. Monaghan

LAW OFFICES OF PETER G. ANGELOS, P.C.
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, Maryland 21201
(410) 649-2000

*Attorneys for Plaintiff*

IN RE:      **ASBESTOS PERSONAL**   \*   **IN THE**
              **INJURY AND WRONGFUL**
              **DEATH ASBESTOS CASES**  \*   **CIRCUIT COURT**

                                      \*   **FOR BALTIMORE CITY**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**JOE HUBBARD, et al.**        \*   **CONSOLIDATION NO. 24X03000932**

     **Plaintiffs**         \*   **NOVEMBER  9, 2004**
                             **TRIAL GROUP**
**vs.**                        \*

**AC&S, INC., et al.**           \*   **JUDGE ROMBRO**

     **Defendants**          \*

**CASES AFFECTED:**       \*

**LAWRENCE DOANE**           **CASE NO.:**  **24X03000264**
**ALVIN STROBEL**         \*  **CASE NO.:**  **24X01000986**
                                   **24X01001294**
                                   **24X87278519**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS' REQUEST FOR PRODUCTION
## OF DOCUMENTS DIRECTED TO
## DEFENDANT HOPEMAN BROTHERS

Comes now the above-captioned Plaintiff, by and through the undersigned attorneys, and pursuant to Md. Rules 2-421 and 2-422 and the Pre-Trial Schedule established in this matter, requests Defendant to answer fully and completely the following Interrogatories and produce documents in accordance with the following instruction and definitions:

    a.  These requests are continuing in character and, in accordance with the Maryland Rules, you are required to supplement your answers promptly after you obtain further material information.

    b.  Where knowledge or information of a person is requested or possession or control by a person is inquired of, such request or inquiry includes knowledge, information, possession or control

of or by the person's agents, representatives and, unless privileged, the person's attorneys.

     c.  When the identity of a natural person is requested, the request or inquiry includes the home address, business address, and his former and present position or job title and business affiliation and, if the person is a corporation or association, the address of its principal place of business.

     d.  Present tense should be construed as also including the past tense where appropriate.

     e.  The singular should be construed as also including the plural and the plural should be construed as also including the singular where appropriate.

     f. If you are unable to answer any of these requests completely, answer to the extent possible, specifically, and state whatever information or knowledge you have concerning the unanswered portion.

     g.  When the identity of a document is requested, the request or inquiry includes the type or title of the document, its date, its author, and its present custodian.  In lieu of identifying any document, a copy may be annexed to the answers to these interrogatories.  As used herein, the term **"document"** means (1) all printed, handwritten, typewritten or otherwise recorded writings of any kind, including, but not limited to, all correspondence, affidavits, depositions, factual narratives, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, cards, permits, electronic mail, e-mail, inter-office and intra-office communications, notations of any sort, either arising out of or summarizing conversations or recording interviews, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, monographs, publications of any sort including, but not limited to, magazines,

newspapers or other periodicals, books, etc.; and (2) all audio and/or video electronic recordings, photographs, or computer-based representations of any kind including, but not limited to, photographs, charts, graphs, microfiche, all electronic, magnetic, mechanical or computer records or representations of any kind (including, but not limited to information stored or maintained in any computer memory, cassettes, tapes, discs and recordings), and other data compilations from which information can be obtained and/or translated, if necessary, by Defendant through detection devices into reasonably usable form.

h. As used herein, the terms **"you"** and **"your"** refer to the defendant corporation answering these requests, its predecessors, parents, subsidiaries, divisions, departments and affiliates, if any, its present and former officers, executives, directors, agents and employees, and all other persons acting or purporting to act on behalf of Defendant.

i. As used herein, the terms **"asbestos products"** and **"asbestos-containing products"** are inclusive terms, used interchangeably, and include but are not limited to:  asbestos, raw asbestos, mined asbestos, milled asbestos, asbestos compounds, thermal insulation products, spray materials pipe covering, block, cement, board, rope, packing, cloth, plaster, joint compound, spackle, sheets, gaskets and products containing any amount of asbestos, and the asbestos particles, dust and fibers resulting therefrom.

j. As used herein, the terms **"your asbestos-containing products"**, **"your asbestos products"** the **"asbestos products for which you are responsible"** and the **" asbestos containing products for which you are responsible"** are inclusive terms used interchangeably which include but are not limited to:  any asbestos, raw asbestos, mined asbestos, milled asbestos, asbestos compounds, thermal insulation products, materials, sprays, pipe covering, block, cement, board,

3

rope, packing, cloth, plaster, joint compound, spackle, sheets, gaskets and products containing <u>any</u> amount of asbestos fibers manufactured, produced, assembled, packaged, sold, delivered, distributed, supplied, re-labeled, installed, applied, shipped and/or transported by you.

k. As used herein the term **"used"** when used in reference to asbestos or asbestos-containing products means handling, removal from packaging, application, installation, spraying, troweling, placement or any other manner in which asbestos or asbestos-containing products are affixed in place.

l. As used herein, the phrase **"Baltimore Area Shipyards"** includes and means the Bethlehem Steel Sparrows Point Shipyard, Bethlehem Steel Key Highway Shipyard and Maryland Shipbuilding and Drydock.

## DOCUMENT REQUESTS

1.    Any and all documents which refer, relate or pertain to the subject matter of Plaintiffs' interrogatories directed to Defendant Hopeman Brothers, which were requested or sought by those interrogatories or which were reviewed or relied upon in answering said interrogatories.

2.    Any contracts, invoices, delivery documents, bills of lading, other documents or written instruments which refer, relate or pertain to the sale, supply, distribution, shipment, delivery or transportation by you to Bethlehem Steel, Arnot Marine, Eastern Cold Storage, Gray Manufacturing or other joiner contractors of any asbestos-containing products including, but not limited to, bulkhead panels, fire doors, doors or ceiling panels for use, application or installation on ships constructed, repaired, renovated or refit at the Bethlehem Steel Sparrows Point Shipyard from 1970 to 1980.

3.    Any contracts, invoices, delivery documents, bills of lading, other documents or

::ODMA\PCDOCS\DOCS\615674\1

4

written instruments which refer, relate or pertain to the sale, supply, distribution, shipment, delivery or transportation by you to Bethlehem Steel, Arnot Marine, Eastern Cold Storage, Gray Manufacturing or other joiner contractors of any asbestos-containing products including, but not limited to, bulkhead panels, fire doors, doors or ceiling panels for use, application or installation on ships repaired, renovated or refit at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975.

4.      Any and all brochures, catalogs, magazines, journals or other written documents in which you advertised from 1935 to 1975.

5.      Any contracts, invoices, delivery documents, bills of lading, other documents or written instruments which refer, relate or pertain to the sale, supply, distribution, shipment, delivery or transportation to you of any asbestos-containing products to you by Westinghouse, International Paper Company, Champion International Corporation, U.S. Plywood Corporation or Wayne Manufacturing.

6.      Any contracts, invoices, delivery documents, bills of lading, other documents or written instruments which refer, relate or pertain to the sale, supply, distribution, shipment, delivery or transportation to you of asbestos-containing products, including, but not limited to, Marinite, fire doors, doors, ceiling panels manufactured by Johns Manville, for use at the Baltimore Area Shipyards from 1957 to 1975.

7.      All documents which reflect your awareness of warnings regarding asbestos on products made by Johns Manville or Westinghouse.

8.      All documents which reflect, relate or pertain to any asbestos dust studies undertaken by you or on your behalf at any time.

9.      All documents which refer, relate or pertain to any communications or

correspondence between you and Westinghouse, U.S. Plywood Corporation, Champion International Corporation, International Paper Company, Wayne Manufacturing, Arnot Marine, Eastern Cold Storage, Gray Manufacturing, Owens Illinois or Bethlehem Steel on the subject of asbestos-containing products or the potential health hazards from the use, handling, preparation, cutting, drilling, application or installation of asbestos-containing products from 1957 to 1975.

10.    All documents which refer, relate or pertain to the allegation that your "employees were advised directly or through the supervisors to avoid [asbestos] dust and [to] use respiratory protection, which was provided" (4/9/96 affidavit of Charles N. Johnson, Jr.)

11.    Any contracts, invoices, delivery documents, bills of lading, other documents or written instruments which refer, relate or pertain to the sale, supply, distribution, shipment, delivery or transportation to you of asbestos-containing products, including, but not limited to, doors, fire doors, or laminated panels manufactured by Owens Illinois for use at the Baltimore Area Shipyards from 1946 to 1959.

12.    Any documents, including but not limited to contracts, sub contracts, agreements, invoices, bills of lading, purchase orders, requisitions, delivery documents, drawings, schematics, specifications, progress reports, billing statements, payment vouchers/receipts which refer, relate or pertain to work performed by you on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975.

13.    Any documents which refer, relate or pertain to the use, handling, purchase, installation or application by you of asbestos containing fire doors manufactured by Owens Illinois on ships at Bethlehem Steel Key Highway Shipyard from 1935 to 1975.

14.    Any and all documents which refer, relate or pertain to the development, manufacture,

production and asbestos content by fiber type and percentage of Hopeman Brothers 701 adhesive.

15.     Any and all documents which refer, relate or pertain to the sale, distribution, supply by you of Hopeman Brothers 701 adhesive to Wayne Manufacturing or any other entity.

16.     Any documents which refer, relate or pertain to the use, handling, purchase, installation or application by you of asbestos containing fire doors manufactured by Owens Illinois on ships at Bethlehem Steel Sparrows Point Shipyard from 1946 to 1959.

17.     Any and all documents which refer, relate or pertain to the use by you of Hopeman Brothers 701 adhesive.

18.     All documents which refer, relate or pertain to the manufacturer or trade name of any core material to which any facing was attached to produce bulkhead panels installed by your employees on ships at the Bethlehem Steel Sparrows Point Shipyard from 1970 to 1980.

19.     All documents which refer, relate or pertain to the manufacturer or trade name of any core material to which any facing was attached to produce bulkhead panels installed by your employees on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975.

Respectfully submitted,

 /s/  Thomas P. Kelly
Thomas P. Kelly

Law Offices of Peter G. Angelos, P.C.
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, MD  21201
(410) 649-2000
Attorneys for Plaintiffs

::ODMA\PCDOCS\DOCS\615674\1

7

| | | |
|---|---|---|
| IN RE: | ASBESTOS PERSONAL<br>INJURY AND WRONGFUL<br>DEATH ASBESTOS CASES | * IN THE<br><br>* CIRCUIT COURT<br><br>* FOR BALTIMORE CITY |

*******************************

| | |
|---|---|
| JOE HUBBARD, et al. | * CONSOLIDATION NO. 24X03000932 |
| Plaintiffs | * NOVEMBER 9, 2004<br>TRIAL GROUP |
| vs. | * |
| AC&S, INC., et al. | * JUDGE ROMBRO |
| Defendants | * |

**CASES AFFECTED:**                    *

LAWRENCE DOANE          CASE NO.:   24X03000264
ALVIN STROBEL        *  CASE NO.:   24X01000986
                                           24X01001294
                                           24X87278519

****************

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2004, a copy of the foregoing Request for Production of Documents directed to Hopeman Brothers was served by electronic submission to LexisNexis at www.lexisnexis.com, in accordance with ¶ 3(f) and ¶ 3(g) of the Order of Ellen M. Heller, Administrative Judge for the Circuit Court of Baltimore City, Maryland dated May 24, 2001.

/s/      Thomas P. Kelly
Thomas P. Kelly

::ODMA\PCDOCS\DOCS\615674\1

8

IN RE: ASBESTOS PERSONAL     *    IN THE
          INJURY AND WRONGFUL
          DEATH ASBESTOS CASES   *    CIRCUIT COURT

                            *    FOR BALTIMORE CITY

             ********************************

JOE HUBBARD, et al.           *    CONSOLIDATION NO. 24X03000932

     Plaintiffs             *    NOVEMBER 9, 2004
                         TRIAL GROUP
vs.                         *

AC&S, INC., et al.            *    JUDGE ROMBRO

     Defendants            *

CASES AFFECTED:         *

LAWRENCE DOANE            CASE NO.:   24X03000264
ALVIN STROBEL          *   CASE NO.:   24X01000986
                                   24X01001294
                                   24X87278519

                 ****************

### PLAINTIFFS' INTERROGATORIES AND DOCUMENT REQUESTS DIRECTED TO DEFENDANT HOPEMAN BROTHERS

Come now the above-captioned Plaintiffs, by and through the undersigned attorneys, and pursuant to Md. Rule 2-421 and the Pre-Trial Schedule established in this matter, request Defendant Hopeman Brothers to answer fully and completely the following Interrogatories in accordance with the following instruction and definitions:

a. These interrogatories are continuing in character and, in accordance with the Maryland Rules, you are required to supplement your answers promptly after you obtain further material information.

b.  Where knowledge or information of a person is requested or possession or control by a person is inquired of, such request or inquiry includes knowledge, information, possession or control of or by the person's agents, representatives and, unless privileged, the person's attorneys.

c.  When the identity of a natural person is requested, the request or inquiry includes the home address, business address, and his former and present position or job title and business affiliation and, if the person is a corporation or association, the address of its principal place of business.

d.  Present tense should be construed as also including the past tense where appropriate.

e.  The singular should be construed as also including the plural and the plural should be construed as also including the singular where appropriate.

f.  If you are unable to answer any of these interrogatories completely, answer to the extent possible, specifically, and state whatever information or knowledge you have concerning the unanswered portion.

g.  When the identity of a document is requested, the request or inquiry includes the type or title of the document, its date, its author, and its present custodian.  In lieu of identifying any document, a copy may be annexed to the answers to these interrogatories.  As used herein, the term **"document"** means (1) all printed, handwritten, typewritten or otherwise recorded writings of any kind, including, but not limited to, all correspondence, affidavits, depositions, factual narratives, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, cards, permits, electronic mail, e-mail, inter-office and intra-office communications, notations of any sort, either arising out of or summarizing conversations or recording interviews, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, monographs, publications of any sort including, but not limited to, magazines, newspapers or other periodicals, books, etc.; and (2) all audio and/or video electronic

2

recordings, photographs, or computer-based representations of any kind including, but not limited to, photographs, charts, graphs, microfiche, all electronic, magnetic, mechanical or computer records or representations of any kind (including, but not limited to information stored or maintained in any computer memory, cassettes, tapes, discs and recordings), and other data compilations from which information can be obtained and/or translated, if necessary, by Defendant through detection devices into reasonably usable form.

h.  As used herein, the terms **"you"** and **"your"** refer to the defendant corporation answering these interrogatories, its predecessors, parents, subsidiaries, divisions, departments and affiliates, if any, its present and former officers, executives, directors, agents and employees, and all other persons acting or purporting to act on behalf of Defendant.

i.  As used herein, the terms **"asbestos products"** and **"asbestos-containing products"** are inclusive terms, used interchangeably, and include but are not limited to:  asbestos, raw asbestos, mined asbestos, milled asbestos, asbestos compounds, thermal insulation products, spray materials and products containing any amount of asbestos, and the asbestos particles, dust and fibers resulting therefrom.

j.  As used herein, the terms **"your asbestos-containing products"** and **"your asbestos products"** are inclusive terms used interchangeably which include but are not limited to:  any asbestos, raw asbestos, mined asbestos, milled asbestos, asbestos compounds, thermal insolation products, materials, sprays and products containing any amount of asbestos fibers manufactured, produced, packaged, sold, delivered, distributed, supplied, relabeled, used, handled, prepared, installed, applied, shipped and/or transported by you.

k.  As used herein the term **"used"** when used in reference to asbestos or asbestos-containing products means handling, removal from packaging, application, installation, spraying, troweling, placement or any other manner in which asbestos or asbestos-containing products are affixed in place.

3

## INTERROGATORIES

1.      Identify each corporate, fact, and  lay witness you intend to call at trial either live or through the presentation of deposition testimony, and provide for each witness the dates of all prior deposition or trial testimony given by them, case in which such testimony was given and the court reporting service which transcribed the testimony.

2.      If you contend that the claims of Plaintiffs are barred by the statute of limitations, state all facts which support your contention and identify in detail and produce any and all documents or other evidence which support your contention.

3.      If you contend that the claims of Plaintiffs are barred by contributory negligence or assumption of the risk, state all facts which support your contention and identify in detail and produce any and all documents or other evidence which support your contention.

4.      If you contend that the disease alleged by Plaintiffs was not caused by occupational exposure to asbestos or asbestos-containing products, state all facts which support your contention and identify in detail and produce copies of all documents or other evidence which support your contention.

5.      If you contend that Plaintiffs were not exposed to your asbestos-containing products, state all facts which support your contention and identify in detail and produce copies of all documents or other evidence which support your contention.

6.      If you contend that your asbestos-containing products were not a substantial contributing factor to the disease alleged by Plaintiffs, state all facts which support your contention and identify in detail and attach all documents or other evidence which support your contention.

7.      If you contend that Plaintiffs were exposed to any asbestos or asbestos-containing products other than through occupational exposure, state all facts which support your contention and identify in detail and produce copies of all documents or other evidence which support your contention.

4

8.　　Identify by name, current or last known address and title or position each person who provided any information used in preparing answers to these interrogatories.

9.　　Please identify and produce copies of any documents or other evidence to be marked for identification, moved into evidence or used by you to cross-examine any witness at the trial of these cases.

10.　　Please identify and produce or make available for inspection any charts, photos, slides or other demonstrative aids to be used by you or any of your witnesses at the trial of these cases.

11.　　If you contend any asbestos-containing product other than yours was a substantial contributing factor to the disease alleged by Plaintiffs, state:

    a.　　the jobsite(s) at which you allege the Plaintiff was exposed to the asbestos products of any other entity;

    b.　　the dates and length of each such job;

    c.　　the regularity, frequency and proximity of each exposure of Plaintiff to the asbestos products of any other entity;

    d.　　the description of each type of asbestos product of any other entity to which you allege Plaintiff was exposed;

    e.　　the trade or brand name of each asbestos product of any other entity to which you allege Plaintiff was exposed;

    f.　　the asbestos fiber type and asbestos content of each asbestos product of any other entity to which you claim Plaintiff was exposed;

    g.　　the identity of each witness that you intend to offer at trial, either live or through deposition testimony which you assert establishes Plaintiff's exposure to the asbestos products of any other entity.

    h.　　Identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding..

12.　　Please identify each and every cross-defendant or third-party defendant against whom you assert a claim for contribution and/or indemnification, and for each state:

    a.　　the jobsite(s) at which you allege the plaintiff was exposed to the asbestos-products of the cross-defendant or third-party defendant;

5

b.      the dates and length of each such job;

c.      the regularity, frequency and proximity of each exposure of Plaintiff to the asbestos products of the cross-defendant or third-party defendant;

d.      the description of each type of asbestos products of the cross-defendants and third-party defendants to which you allege plaintiff was exposed;

e.      the trade or brand name of each asbestos product of the cross-defendants or third-party defendants to which you allege plaintiff was exposed;

f.      the asbestos fiber type and asbestos content of each asbestos-containing product of the cross-defendants or third-party defendants to which you allege plaintiff was exposed;

g.      the identity of each witness that you intend to offer at trial either live or through deposition testimony which you assert establishes plaintiff's exposure to the asbestos products of the cross-defendants or third-party defendants.

h.      Identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding..

13.      Please identify all states in which you conducted joiner operations or otherwise had any employees from 1935 to 1975 and for each state provide the date you first had employees there.

14.      Please state whether you intend, at trial, to dispute or contest the diagnosis of asbestos-related disease as set forth in plaintiffs' medical expert reports and, if so, state in detail the basis therefor.

15.      State whether you transported, shipped, delivered, supplied, manufactured, distributed, provided, sold and/or otherwise made available any asbestos-containing products for use, installation or application on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975, and if so, state the type, trade name, manufacturer, asbestos content by percentage and fiber type and quantity of each asbestos-containing product, the dates each such asbestos-containing product was provided, and/or otherwise made available by you, the person or entity to which such products were provided and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

6

16.     Please state whether from 1955 - 1975 your employees used, handled, applied or installed asbestos-containing fire resistant decorative Micarta or panels consisting, in part, of such product on ships at the Bethlehem Steel Key Highway Shipyard and, if so, identify each such ship by name, ship type, hull number or name, owner or shipping line, the areas or locations on each ship where such product or panels were applied or installed, identify all types of trades, craftsmen, workmen or shipyard personnel who were present in the area when and where such product or panels were used, handled, applied or installed by your employees and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

17.     Please identify each and every seller, supplier, distributor or source to you of any asbestos-containing product including but not limited to asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such product, doors, fire doors, ceiling panels or laminated panels from 1935 to 1975 used, applied or installed by your employees  on ships at the Bethlehem Steel Key Highway Shipyard,  and for each, state the products, dates thereof and annual quantity provided to you and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

18.     Please identify each and every seller, supplier, distributor or source to you of any asbestos-containing product including but not limited to asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such product, doors, fire doors, ceiling panels or laminated panels from 1970 to 1980 used, applied or installed by your employees on ships at the Bethlehem Steel Sparrows Point Shipyard, and for each, state the products, dates thereof and annual quantity provided to you and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

7

19.     Please describe your relationship with Wayne Manufacturing from 1935 to 1975 and state whether, at any time, the owners, officers, directors, shareholders or employees of Wayne Manufacturing were also owners, officers, directors, shareholders or employees of Hopemen Brothers and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

20.     Please describe any relationship known by you to exist from 1935 to 1980 between Wayne Manufacturing and U.S. Plywood or Champion International Corporation and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

21.     Please state whether, at any time, from 1935 to 1975 you, your officers, directors, employees, agents or anyone acting on your behalf made any inquiries of Westinghouse, U.S. Plywood, Champion International Corporation, Johns Manville, Wayne Manufacturing, Owens Illinois or any other manufacturer, supplier, seller, distributor or producer of asbestos-containing products relating to the safety of, or potential health hazards from the use, handling, cutting, drilling, installation or application of asbestos-containing products, and if so, state the dates of each such inquiry, the name, current or last known address, current or last position or title with you of each individual who made such inquiry or received any information in response, all responses received, all actions taken by you in response and identify and produce any and all documents which refer, relate or pertain to the subject matter of this Interrogatory or which you reviewed or relied upon in responding.

22.     State whether, prior to 1985, anyone filed a workers' compensation claim, worker's death claim or civil lawsuit against you based upon the alleged development of asbestos lung disease, lung injury, pneumoconiosis, laryngeal cancer, esophageal cancer, colon cancer, lung cancer, shortness of breath, interstitial fibrosis, pleural thickening, chest disease, respiratory disease, lung disease, lung

conditions, chest disability, respiratory problems, respiratory conditions, pulmonary tumors, injury to respiratory system, restrictive lung disease, mesothelioma, respiratory disability, asbestosis, or any other medical condition, disease or illness alleged to be caused in whole or in part by exposure to asbestos or asbestos products, and, if so, as to each such claim, identify the claimant, the trade or occupation of the claimant, the asbestos-related condition alleged, when it was filed, where it was filed, the claim number, the claim's disposition; and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

23.   Please state whether at any time from 1935 to 1980 your officers, directors, employees or anyone else, on your behalf, removed any warnings, labels, cautionary statements, instructions, recommendations or directions from any asbestos containing products used, handled, prepared, applied or installed by you on ships at the Bethlehem Steel Sparrows Point Shipyard or Bethlehem Steel Key Highway Shipyard, and  if so, provide the date or dates there, describe each such item removed and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

24.   Please identify each expert you intend to call as a witness at trial and for each state their field of expertise, their opinions and conclusions in these cases, the basis and grounds for such opinions and conclusions, all materials which they reviewed or upon which they relied in forming their opinions and conclusions and produce copies of all materials reviewed or relied upon and copies of any and all reports including preliminary, draft and final versions.

25.   For each ship at the Bethlehem Steel Key Highway Shipyard upon which your employees worked or performed any service from 1935 to 1975, please state the ship name, ship type, shipping line or ship owner, dates your employees were on the ships, all activities performed by your employees and a description by product type, manufacturer name, brand name, asbestos content by fiber type and

percentage and quantity of each asbestos containing product used, handled, prepared, installed or applied and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

26.    Please identify by name and current or last known address, current or last position or title with you of each individual who at any time from 1935 to 1975 worked as your employee on ships or in your shop at the Bethlehem Steel Key Highway Shipyard and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

27.    Please identify and produce copies of any documents including but not limited to contracts, sub-contracts, agreements, invoices, bills of lading, purchase orders, delivery documents, drawings, schematics, specifications, progress reports, billing statements, payment vouchers/receipts or requisitions which refer, relate or pertain to work performed by you on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975.

28.    If you contend that your employees did not perform joiner work on ships at the Bethlehem Steel Key Highway Shipyard at any time from 1935 to 1975, please state all facts which support your contention and identify and produce all documents or other evidence which supports your contentions.

29.    If you contend that your employees did not perform joiner work on ships at the Bethlehem Steel Key Highway Shipyard at any time from 1935 to 1975 identify each and every joiner contractor or subcontractor working at Key Highway Shipyard during your absence and state whether at any time during your absence from the yard you supplied, sold, distributed or otherwise provided any such contractor with any materials including asbestos containing panels, doors, ceiling tiles/panels and if so, describe by product type, manufacturer, trade name, asbestos content by fiber type and percentage, quantity and dates each such product were supplied and identify and produce copies of any and all

documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

30.     If you contend that your employees did not perform joiner work on ships at the Bethlehem Steel Sparrows Point Shipyard from 1954 to 1965, please identify each and every joiner contractor or subcontractor working at the Bethlehem Steel Sparrows Point Shipyard during your absence and state whether at any time during your absence from the yard you supplied, sold, distributed or otherwise provided any such contractor with any materials including asbestos containing panels, doors, ceiling tiles/panels and if so, describe by product type, manufacturer, trade name, asbestos content by fiber type and percentage, quantity and dates each such product were supplied and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

31.     If you contend that your employees did not use, handle, prepare, install or apply asbestos containing products on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975, please state all facts which support your contentions and identify and produce all documents or other evidence which supports your contentions.

32.     Please state whether the asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such products used by you on ships at Bethlehem Steel Key Highway Shipyard from 1955 to 1975 were supplied to you by any source other than Wayne Manufacturing and if so state the identify and current or last known address of such suppliers and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

33.     Please state whether the panels consisting in part of asbestos containing fire resistant decorative Micarta used or installed by you on ships at the Bethlehem Steel Key Highway Shipyard from

11

1955 to1975 were fabricated, glued, assembled, produced or manufactured by any entity other than Wayne Manufacturing and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

34.     Please state whether the asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such products used by you on ships at Bethlehem Steel Sparrows Point Shipyard from 1957 to 1980 were supplied to you by any source other than Wayne Manufacturing and if so state the identify and current or last known address of such suppliers and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

35.     Please state whether the panels consisting in part of asbestos containing fire resistant decorative Micarta used or installed by you on ships at the Bethlehem Steel Sparrows Point Shipyard from 1955 to1980 were fabricated, glued, assembled, produced or manufactured by any entity other than Wayne Manufacturing and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

36.     Please identify by name and current or last known address, current or last position or title with you of each individual who at any time from 1970 to 1980 worked as your employee on ships or in shops at the Bethlehem Steel Sparrows Point Shipyard  and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

37.     Please identify the means by which asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such product were transported to the Bethlehem Steel Key Highway Shipyard for use by your employees at any time from 1935 to 1975 and identify and produce copies of

12

any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

38.     Please describe and provide the dates of all precautions taken by your officers, directors, employees or agents to reduce or eliminate dust generated by your employees on ships at the Bethlehem Steel Key Highway Shipyard from 1935 to 1975 from the use, handling, preparation, installation or application of asbestos containing products and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

39.     Please identify each core material to which asbestos containing fire resistant decorative Micarta was attached, glued or otherwise affixed to create panels used, handled, installed or applied by your employees on ships at the Bethlehem Steel Key Highway Shipyard from 1955 to 1975 and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

40.     Please identify the means by which asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such product were transported to the Bethlehem Steel Sparrow Point Shipyard for use by your employees at any time from 1970 to 1980 and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

41.     Please identify each core material to which asbestos containing fire resistant decorative Micarta was attached, glued or otherwise affixed to create panels used, handled, installed or applied by your employees on ships at the Bethlehem Steel Sparrows Point Shipyard from 1970 to 1980 and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

13

42.    Please state whether at any time from 1946 to 1959 your employees used, handled, installed or applied on ships at the Bethlehem Steel Key Highway Shipyard asbestos containing doors, fire doors, ceiling panels or laminated panels manufactured by Owens Illinois and if so, identify each ship, ship type, ship owner or shipping line, the locations on ships where installed, the quantity of each and all preparation, cutting or manipulation necessary for installation or application and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

43.    Please state whether at any time from 1946 to 1959 your employees used, handled, installed or applied on ships at the Bethlehem Steel Sparrows Point Shipyard asbestos containing fire doors, ceiling panels or laminated panels manufactured by Owens Illinois and if so, identify each ship, ship type, ship owner or shipping line, the locations on ships where installed, the quantity of each and all preparation, cutting or manipulation necessary for installation or application and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

44.    Please state whether you manufactured or had manufactured for you by any other entity Hopeman Brothers 701 Adhesive and state the identity of the manufacturer, the dates of manufacture, asbestos content by percentage and fiber type and its intended purpose and uses and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

45.    Please state whether at any time from 1935 to 1975 your employees used Hopeman Brothers 701 adhesive or any other asbestos containing adhesive to glue, fabricate or assemble bulkhead panels at the Bethlehem Steel Key Highway Shipyard for use on ships there and identify and produce

14

copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

46.     Please state whether at any time from 1970 to 1980 your employees used Hopeman Brothers 701 adhesive or any other asbestos containing adhesive to glue, fabricate or assemble bulkhead panels at the Bethlehem Steel Sparrows Point Shipyard for use on ships there and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

47.     Please state whether from 1935 to 1980 Wayne Manufacturing used Hopeman Brothers 701 adhesive to glue, fabricate or assemble asbestos containing bulkhead panels used by you on ships at Bethlehem Steel Key Highway Shipyard or Bethlehem Steel Sparrows Point Shipyard and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

48.     Please describe any of your vehicles that transported men or materials to Bethlehem Steel Key Highway Shipyard at any time from 1935 to 1975 and for each state vehicle type, size, manufacture, year, model, color and any writing or labeling on each and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

49.     Please describe any of your trailers, sheds, shanties or offices at the Bethlehem Steel Key Highway Shipyard at any time from 1935 to 1975 and for each state: type, size, manufacture, year, model, color and any writing or labeling on each and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

15

50.     Please describe any of your vehicles that transported men or materials to Bethlehem Steel Sparrows Point Shipyard at any time from 1970 to 1980 and for each state: vehicle type, size, manufacture, year, model, color and any writing or labeling on each and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

51.     Please describe any of your trailers, sheds, shanties or offices at the Bethlehem Steel Sparrows Point Shipyard at any time from 1935 to 1975 and for each state: type, size, manufacture, year, model, color and any writing or labeling on each and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

52.     Please identify the means by which asbestos containing fire resistant decorative Micarta or panels consisting, in part, of such product were transported to the Bethlehem Steel Key Highway Shipyard for use by your employees at any time from 1955 to 1975 and identify and produce copies of any and all documents which refer, relate or pertain to the subject matter of this interrogatory or which you reviewed or relied upon in responding.

Respectfully submitted,

/s/   Thomas P. Kelly
Thomas P. Kelly

Law Offices of Peter G. Angelos, P.C.
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, MD  21201
(410) 649-2000
Attorneys for Plaintiffs

16

IN RE: ASBESTOS PERSONAL      *    IN THE
            INJURY AND WRONGFUL
            DEATH ASBESTOS CASES  *    CIRCUIT COURT

                               *    FOR BALTIMORE CITY

               ******************************

JOE HUBBARD, et al.              *    CONSOLIDATION NO. 24X03000932

      Plaintiffs               *    NOVEMBER  9, 2004
                             TRIAL GROUP
vs.                             *

AC&S, INC., et al.             *    JUDGE ROMBRO

      Defendants              *

**CASES AFFECTED:**        *

LAWRENCE DOANE              CASE NO.:   24X03000264
ALVIN STROBEL          *   CASE NO.:   24X01000986
                                     24X01001294
                                     24X87278519

                    ****************

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2004, a copy of the foregoing Interrogatories Directed to Defendant Hopeman Brothers  was served to all Defendants of record by electronic submission through Lexis Nexis at www.LexisNexis.com, in accordance with ¶3(f) and ¶3(g) of the order of Ellen M. Heller, Administrative Judge for the Circuit Court of Baltimore City, Maryland, dated May 24, 2001.

                               /s/   Thomas P. Kelly
                               Thomas P. Kelly

G:\^Wpfiles\7 Tom Kelly\2004 Trial groups\November 2004\Rogs\Plaintiff Rogs to Hopeman.wpd