**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 0 2004

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

<u>**MOTION TO VACATE**</u>

COMES NOW, Plaintiffs in *Roy Barry, et al., v. A.O. Smith, et al.* MSS 1 04-731, by and through counsel, and files this their Motion to Vacate Conditional Transfer Order (CTO-239), and in support hereof would should unto the Panel the following facts, to-wit:

1.  A Notice of Removal was filed by the Defendants in *Roy Barry, et al., v. A.O. Smith, et al.,* on or about September 21, 2004.

2.  A Motion to Remand and Plaintiffs' Memorandum of Law in Support of its Motion to Remand to State Court Pursuant to Rule 7.2 (G) and 7.2 (H) of the Uniform District Court Rules of Mississippi was filed by the Plaintiff in *Roy Barry, et al., v. A.O. Smith, et al.,* on October 25, 2004, a copy of which is attached hereto as Exhibit "A".

3.  Said Motions to Remand fully set forth Plaintiffs' arguments that no federal jurisdiction exists and Defendants' removal of said cases was improper.

WHEREFORE, plaintiffs move the Court to Vacate the Conditional Transfer Order (CTO-239).

RESPECTFULLY SUBMITTED

STACEY LEA SIMS, MSBN. 10544

OFFICIAL FILE COPY   IMAGED DEC 1 0 '04

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 0 2004

FILED
CLERK'S OFFICE

ANTHONY SAKALARIOS, ESQ.
F. MARVIN MORRIS, ESQ.
CHARLES G. BLACKWELL, ESQ.
SARA MORRIS FARRIS, ESQ.
STACEY LEA SIMS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone:  (601) 544-3343
Facsimile:  (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiffs' Motion to Vacate to all counsel on the attached service list.

This the _____ day of December, 2004.

STACEY LEA SIMS, MSBN: 10344

# PANEL SERVICE LIST (Excerpted from CTO-239)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Roy Barry, et al. v. A.O. Smith Co., et al.*, S.D. Mississippi, C.A. No. 1:04-731 (Judge Walter J. Gex III)

Robert M. Arentson Jr
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

David A. Baker
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P. O. Box 14167
Jackson, MS 39236-4167

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Jason Daniel Bone
Gieger, Laborde & Laperouse
One Shell Square
701 Poydras Street
Suite 4800
New Orleans, LA 70139-4800

Nathaniel A. Bosio
Dogan & Wilkinson, PLLC
P.O. Box 1618
734 Dalmas Ave
Pascagoula, MS 39568-1618

Fred E. Bourn, III
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Stefan G. Bourn
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Craig E. Brasfield
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Marcy B. Croft
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Richard M. Crump
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Andrea L. Edney
Brunini, Grantham, Grower & Hewes
248 East Capitol Street
P.O. Box 119
Jackson, MS 39205-0119

C. Michael Evert, Jr.
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305-1764

James L. Fletcher, Jr.
Montgomery, Barnett, Brown, Read
3200 Energy Centre
1100 Poydras St.
New Orleans, LA 70163-3200

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Robert C. Galloway
Butler, Snow, O'Mara, Stevens &
Cannada
1300 25th Avenue, Suite 204
P.O. Drawer 4248
Gulfport, MS 39502-4248

Patricia C. Gandy
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Cheri D. Green
Brunini, Grantham, Grower & Hewes
P.O. Drawer 119
Jackson, MS 39205-0119

Samuel D. Habeeb
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Jeffrey P. Hubbard
Wells, Moore, Simmons & Hubbard
P.O. Box 1970
Jackson, MS 39215-1970

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Matthew P. Lachaussee
Allen, Vaughn, Cobb & Hood
P.O. Drawer 4108
Gulfport, MS 39502-4108

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Louis B. Lanoux
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Matthew S. Lott
Doza & Wilkinson
734 Delmas Avenue
Pascagoula, MS 39565

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Scott B. Ostrow
Wyatt, Tarrant & Combs
P.O. Box 775000
Memphis, TN 38120-4367

Mary Margaret Ratliff
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert L. Redfearn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Jennifer M. Studebaker
Forman, Perry, Watkins, Krutz &
Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich &
McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

John E. Wade, Jr.
Brunini, Grantham, Grower & Hewes
P. O. Drawer 119
Jackson, MS 39205-0119

William L. Watt
Brunini, Grantham, Grower & Hewes
P.O. Drawer 210
Pascagoula, MS 39568

Alton L. Watts
Shell Buford, Pllc
P.O. Box 157
Jackson, MS 39205-0157

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Emilie Fischer Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Terrell S. Williamson
Phelps Dunbar
P.O. Box 23066
Jackson, MS 39225-3066

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROY BARRY, ET AL.                                              **PLAINTIFFS**

VS.                                          CIVIL ACTION NO. 1:04CV731GRo

A.O. SMITH, ET AL.                                            **DEFENDANTS**

PLAINTIFFS' MOTION TO REMAND TO STATE COURT
PURSUANT TO RULE 7.2(G) AND 7.2(H) OF THE
UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

ORAL ARGUMENT REQUESTED

Plaintiffs, by and through counsel, file this their Motion to Remand to state court and in support thereof would show unto the Court the following:

1.

Plaintiffs filed their original complaint in this cause on August 25, 2004. Plaintiffs named various defendants incorporated under the laws of states other than Mississippi as well as resident defendant, Stuart C. Irby Co.

2.

The Complaint was filed on behalf of numerous Plaintiffs, several of which are adult resident citizens of the Second Judicial District of Jones County, Mississippi.

3.

On September 21, 2004, the Defendants[1] filed their Notice of Removal in the United States District Court for the Southern District of Mississippi, Southern Division. In the Notice of Removal, Removing Defendants allege that complete diversity exists between the parties in that

---

[1] A. R. Wilfley & Sons, Inc.; Acco Chain and Lifting Products; Aurora Pumps; Dezurik; Gardner Denver, Inc.; GE Polymerland, Inc.; GE Plastics Global Technology; Nikko Materials USA, Inc. d/b/a Gould Electronics, Inc.; Mueller Steam Specialty; Nibco, Inc.; Parker-Hannifin Corp.; Patterson-Kelley Company; Pecora Corporation; Phoenix Specialty Mfg Co., Inc.; Robbins & Myers, Inc.; and Yeoman's Chicago Corp.

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
OCT 2 5 2004
J.T. NOBLIN, CLERK
BY_____DEPUTY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
DEC 1 0 2004
FILED
CLERK'S OFFICE

Stuart C. Irby Co. is wrongfully joined and none of the remaining defendants are Mississippi residents and therefore this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

4.

Plaintiffs' Motion to Remand is timely filed pursuant to 28 U.S.C. § 1447(c) which allows thirty (30) days to file a Notice of Remand.

5.

Removing Defendants did not attempt to obtain the consent of any other defendants prior to filing the Notice of Removal.  In fact, the Defendants listed on Exhibit "A" all failed to timely file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal.  28 U.S.C. § 1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action.  The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action.

6.

Moreover at the time the Removing Defendants filed their Notice of Removal, Plaintiffs had named in their Complaint, a non-diverse defendant, Stuart C. Irby Co., whom Plaintiffs allege distributed asbestos containing products to which Plaintiffs were exposed.

7.

Removing Defendants allege that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.   Specifically, Removing Defendants assert none of named defendants are Mississippi corporations or are otherwise domiciled in Mississippi.  This is simply not true.  Stuart C. Irby Co. is a Mississippi Corporation.  See Stuart C. Irby's Answer to the Complaint

attached to Plaintiffs' Memorandum as Exhibit "B", and Web-print from the Mississippi Secretary of State attached thereto as Exhibit "C".

8.

When a case is removed to federal court, there is a strong presumption against federal court removal jurisdiction. The Court is to strictly construe removal jurisdiction. See *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) and *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.). The burden of establishing that federal jurisdiction is on the removing party. See *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removing Defendants have failed to prove diversity. Finally, the Removal is procedurally defective and has not met the requirements set forth by 28 U.S.C. § 1446. Remand is appropriate if there is any doubt as to the right of removal in the first instance. See *Duncan v. Stuetzle*, 76 F.3d. 1480, 1485 (9th Cir. 1996).

9.

For the foregoing reasons Plaintiffs respectfully requests that this cause of action be remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi. Furthermore, Plaintiffs ask for their costs and attorney fees and for any other relief which this Court deems proper.

Respectfully submitted, this the ____20[th]____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby

certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and

correct copy of Plaintiffs' Motion to Remand to State Court Pursuant to Rule 7.2(G) and 7.2(H)

of the Uniform District Court Rules of Mississippi to all counsel of record at their usual and

regular mailing addresses.

This the _____20th_____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

EXHIBIT "A"

A. O. SMITH,
A.W. CHESTERTON,
ACF INDUSTRIES, INCORPORATED f/k/a The American Car and Foundry Company,
ACCURATE FELT & GASKET CO., INC.,
AMF, INC. f/k/a American Machine & Foundry Company, Inc,
AEROFIN CORPORATION, on behalf of Buffalo Forge Company,
ALFA LAVAL FLOW/TRI-CLOVER INC./ALFA LAVAL, INC.,
ALLEN-BRADLEY CO.,
AMERON INTERNATIONAL CORPORATION,
ANCHOR/DARLING VALVE COMPANY, Individually and as Successor in Interest to Muesco,
ANDERSON GREENWOOD,
ANDERSON GREENWOOD/CROSBY / CROSBY VALVE, INC., d/b/a Crosby Valve, Inc.,
ANDRITZ, INC., on behalf of Andritz Sprout-Bauer, Inc. and C.E. Bauer Digester,
ARMSTRONG INTERNATIONAL, INC., d/b/a Armstrong Machine Works,
ARVINMERITOR, INC.,
BAKER HUGHES, INCORPORATED,
BEAZER EAST, INC., Individually and as Successor in Interest to Kippers Company, a/k/a Beazer Materials and Services, Inc.,
BORDEN, INC., as Successor in Interest to Borden, Co., Chemical Division,
BW/IP INTERNATIONAL, INC., f/k/a BorgWarner Industrial Product, Successor to Byron Jackson Pump Co.,
COOPER ALLOY CORPORATION f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
COOPER TURBO COMPRESSOR,
COPES-VULCAN, INC.,
CROSSFIELD PRODUCTS CORPORATION,
CROUSE-HINDS CO, a Division of Cooper Industries,
DORR-OLIVER, INC.,
DOVER CORPORATION, Individually and as Successor in Interest to OPW Division and Blacker Pump Company
DURABLA MFG. COMPANY,
DURAMETALLIC CORP., a/k/a Flowserve Corporation-Fluid Sealing Division,
EDWARDS VOGT VALVE, INC.,
ELLIOTT TURBO MACHINERY CO., INC.,
FMC CORP., on behalf of its former Construction Equipment Group, FMC Technologies, Inc., Individually and as Successor in Interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, American Viscose Corporation, and Avisum Corporation,
FAIRBANKS MORSE PUMP CORPORATION,
FIRESTONE TIRE & RUBBER CO.,
FLOWSERVE CORPORATION, on behalf of The Duriron Company, Inc.,
GARFIELD MFG. CO.,
GARLOCK, INC.;

GARLOCK PACKING COMPANY
GAST MANUFACTURING, INC.,
GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs' resulting from exposure to a GE Turbine),
GOODYEAR TIRE & RUBBER CO.,
GORMAN-RUPP CO., Individually and as Successor in Interest to C. H. Wheeler Mfg. Co., Patterson Pump Company, IPT Pumps, and Economy Pumps,
HAMMOND VALVE CO.,
HENRY VOGT MACHINE CO.,
ILLINOIS TOOL WORK, INC., Individually and as Successor to The McKay Company, Tri-Mark & Corex,
INVENSYS METERING SYSTEMS-NORTH AMERICA INC.,
J. GRAVES INSULATION COMPANY,
JOHN CRANE, INC.,
KEYSTONE INTERNATIONAL, INC., AND KEYSTONE VALVE U.S.A. INC., Individually and as Successor in Interest to Yarway Corporation, Gimpel Machine Works, Gimped Corporation, Anderson Greenwood and Keystone Valve Co.,
LAWRENCE PUMPS, INC.,
LESLIE CONTROLS, INC.,
LIMITORQUE CORPORATION,
MAREMONT CORP.,
MARLEY PUMP COMPANY,
MET-PRO CORPORATION, on behalf of Dean Brothers Pump
MILTON ROY COMPANY,
MONSANTO COMPANY, Individually and as Successor in Interest to Monsanto, Lion Oil, Fiberloid Corp., Fisher Governor Co. and Fisher Controls International, Inc.,
MOYNO, INC.,
N L INDUSTRIES, INC., Individually and as Successor to National Lead Co., and on behalf of Floating Floors, Inc.; Chas. Taylor & Sons Refractories Company; and Didier-Taylor Refractories,
NOOTER CORPORATION,
NORTON COMPANY n/k/a SAINT-GOBAIN ABRASIVES, INC.,
NVF MANUFACTURING COMPANY,
PFIZER, INC.,
PLASTICS ENGINEERING CO. (PLENCO),
QUAKER CHEMICAL CORP.,
QUIGLEY COMPANY, INC.,
RELIANCE ELECTRIC MOTORS,
REUNION INDUSTRIES, INC., Individually and as Successor in Interest to Oneida Molded Plastics and Rostone Corporation,
ROCKWELL INTERNATIONAL CORP., Individually and as Successor in Interest to Edward Valves, Inc., Allen-Bradley Co., Allen-Bradley Co., Inc., Rockwell Mfg. Co., and Rockwell-Standard Corp.,
ROGERS CORPORATION,
ROTH PUMP CO., Individually and as Successor in Interest to Roy E. Roth Co.,

SCHUTTE & KOERTING, LLC, Individually and as Successor in Interest to Schutte & Koerting Co. and Whitlock Manufacturing Co.,

SEPCO CORPORATION,

SHELL OIL COMPANY, individually of and as successor to Shell Chemical Company,

SIEMANS BUILDING TECHNOLOGIES, INC., Individually and as Successor in Interest to Landis & Gyr Powers, Inc., Mark Controls Corporation, and Powers Regulator Company,

SPIRAX-SARCO ENGINEERING, PLC,

STUART C. IRBY CO.,

TRW, INC,

TAYLOR SEIDENBACH, INC.,

TEXTRON, INC.,

THE FALK CORPORATION,

THE FOXBORO CO., n/k/a INVENSYS SYSTEMS, INC.,

MARLEY COOLING TECHNOLOGIES

TUTHILL CORPORATION, also d/b /a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Coppus Turbine, and Coppus Engine Co., Toothily Pump Co. and Mechanical Products Co.,

TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,

UNITED GILSONITE LABORATORIES,

VELAN VALVE CORPORATION,

VIKING PUMP, INC., a Unit of IDEX Corporation,

WARREN PUMPS, INC., Individually and as Successor in Interest to William E. Quimby, Inc. and Quimby Pump Co.,

WARREN-RUPP, INC., a Unit of IDEX Corporation,

WEINMAN PUMP COMPANY,

WESTINGHOUSE AIR BRAKE COMPANY, now known as WABCO, Inc.,

WHITE CONSOLIDATED INDUSTRIES, INC., as Successor to SARCO Co., Inc.

YARWAY CORP., Individually and as Successor in Interest to Yarnell-Waring Co.,

YUBA HEAT TRANSFER CO., Individually and on Behalf of American District Steam Company (ADSCO),

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ROY BARRY, ET AL.                                                      PLAINTIFFS

VS.                                                    CIVIL ACTION NO. 1:04CV731GRo

A.O. SMITH, ET AL.                                                   DEFENDANTS

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO REMAND TO STATE COURT PURSUANT TO RULE 7.2(G)
AND 7.2(H) OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI**

Facts

Plaintiffs filed their original Complaint in this cause on August 25, 2004.  Plaintiffs

named various defendants incorporated under the laws of states other than Mississippi as well as

the resident defendant, Stuart C. Irby Co.  On September 21, 2004 Removing Defendants filed

their Notice of Removal in the United States District Court for the Southern District of

Mississippi, Southern Division.

In their original Notice of Removal, Removing Defendants allege that complete diversity

exists between the parties in that none of the defendants are Mississippi residents and therefore

this Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

Plaintiffs' Motion to Remand is timely filed pursuant to 28 U.S.C. $ 1447(c) which

allows thirty (30) days from the filing of a Notice of Removal.  Removing Defendants filed their

Notice of Removal on September 21, 2004

Law

Removing Defendants did not attempt to obtain the consent of any other defendants prior

to filing the Notice of Removal.  In fact, the Defendants listed on Exhibit "A" all failed to timely

file a Consent or Notice of Joinder in Removing Defendants' Notice of Removal.  28 U.S.C. §

1446 requires a removing defendant to obtain the consent of all defendants which have been properly served and who are necessary and indispensable to the action. The failure of the Removing Defendants to meet this requirement within the thirty (30) day time limit makes the Notice of Removal defective and necessitates the remand of this cause of action. In *Getty*, the Fifth Circuit held that "all served defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served." *Getty Oil Corp., a div. of Texaco v. Insurance Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988). The *Spillers* court held that the thirty day "time limitation is mandatory and must be strictly construed....if all defendants do not join in or consent to the removal petition within the thirty-day period, 'the district court shall remand the case...' *Spillers v. Tillman*, 959 F. Supp. 364, 369 (S.D. Miss. 1997). Since all the defendants which were properly joined and served did not consent and join in the removal, the removal is defective and must be remanded to state court.

Fourth, at the time the removing Defendants filed their Notice of Removal, Plaintiffs had named in their Complaint a non-diverse defendant, Stuart C. Irby Co., whom plaintiffs allege distributed asbestos containing products to which plaintiffs were exposed. Stuart C. Irby Co. has filed Answer to plaintiffs' complaint wherein they admit their residency. *See Stuart C. Irby Co.'s Answer attached hereto as Exhibit "B"*. Additionally, the Mississippi Secretary of State's web site verifies that Stuart C. Irby Co. is a Mississippi Corporation. *See Print attached hereto as Exhibit "C"*.

Furthermore, a removing defendant has the burden of demonstrating a jurisdictional basis for removal, but also must comply with the requirements of the removal statute in order to

2

institute a proper removal. See *Spillers v. Tillman*, 959 F. Supp. 364, 368 (S.D. Miss. 1997)

(citing *Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D. Miss.

1981)).

<u>Conclusion</u>

When a case is removed to federal court, there is a strong presumption against federal

court removal jurisdiction. The Court is to strictly construe removal jurisdiction. See Shamrock

Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941) and Butler v. Polk, 592 F. 2d 1293, 1296 (5th

Cir.). The burden of establishing that federal jurisdiction is on the removing party. *See Wilson*

*v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removing Defendants have no evidence to

support their allegations concerning diversity. Plaintiffs clearly have asserted true and viable

claims against all defendants in this matter including the non-diverse defendant. Finally, the

Removal is procedurally defective and has not met the requirements set forth by 28 U.S.C. §

1446 and the supporting case law, in that the Removing Defendants failed to, timely or

otherwise, remove this action or obtain the consent of all parties properly joined and served in

this matter. Remand is appropriate if there is any doubt as to the right of removal in the first

instance. *See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).*

For the foregoing reasons Plaintiffs respectfully request that this cause of action be

remanded to the Circuit Court for the Second Judicial District of Jones County, Mississippi.

Furthermore, Plaintiffs ask for their costs and attorney fees and for any other relief which this

Court deems proper.

Respectfully submitted, this the ____20th____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

3

ANTHONY SAKALARIOS, MSBN. 6415
F. MARVIN MORRIS, III, MSBN. 3482
CHARLES G. BLACKWELL, MSBN. 3357
SARA M. FARRIS, MSBN. 10560
STACEY LEA SIMS, MSBN. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone (601) 544-3343
Telefax (601) 544-9814

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios & Blackwell, PLLC, do hereby certify that I have this day caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiffs' Memorandum in Support of their Motion to Remand to State Court Pursuant to Rule 7.2(G) and 7.2(H) of the Uniform District Court Rules of Mississippi to all counsel of record at their usual and regular mailing addresses.

This the _____ day of October, 2004.

STACEY LEA SIMS, MSBN. 10544

4

EXHIBIT "A"

A. O. SMITH,
A.W. CHESTERTON,
ACF INDUSTRIES, INCORPORATED f/k/a The American Car and Foundry Company,
ACCURATE FELT & GASKET CO., INC.,
AMF, INC. f/k/a American Machine & Foundry Company, Inc,
AEROFIN CORPORATION, on behalf of Buffalo Forge Company,
ALFA LAVAL FLOW/TRI-CLOVER INC./ALFA LAVAL, INC.,
ALLEN-BRADLEY CO.,
AMERON INTERNATIONAL CORPORATION,
ANCHOR/DARLING VALVE COMPANY, Individually and as Successor in Interest to Muesco,
ANDERSON GREENWOOD,
ANDERSON GREENWOOD/CROSBY / CROSBY VALVE, INC., d/b/a Crosby Valve, Inc.,
ANDRITZ, INC., on behalf of Andritz Sprout-Bauer, Inc. and C.E. Bauer Digester,
ARMSTRONG INTERNATIONAL, INC., d/b/a Armstrong Machine Works,
ARVINMERITOR, INC.,
BAKER HUGHES, INCORPORATED,
BEAZER EAST, INC., Individually and as Successor in Interest to Kippers Company, a/k/a Beazer Materials and Services, Inc.,
BORDEN, INC., as Successor in Interest to Borden, Co., Chemical Division,
BW/IP INTERNATIONAL, INC., f/k/a BorgWarner Industrial Product, Successor to Byron Jackson Pump Co.,
COOPER ALLOY CORPORATION f/k/a The Cooper Alloy Foundry Co.,
COOPER INDUSTRIES, INC.,
COOPER TURBO COMPRESSOR,
COPES-VULCAN, INC.,
CROSSFIELD PRODUCTS CORPORATION,
CROUSE-HINDS CO, a Division of Cooper Industries,
DORR-OLIVER, INC.,
DOVER CORPORATION, Individually and as Successor in Interest to OPW Division and Blacker Pump Company
DURABLA MFG. COMPANY,
DURAMETALLIC CORP., a/k/a Flowserve Corporation-Fluid Sealing Division,
EDWARDS VOGT VALVE, INC.,
ELLIOTT TURBO MACHINERY CO., INC.,
FMC CORP., on behalf of its former Construction Equipment Group, FMC Technologies, Inc., Individually and as Successor in Interest to Peerless Pump Co., John Bean Pumps, Chicago Pumps, Dayton-Dowd Pump Co., Ohio Apex Division, American Viscose Corporation, and Avisum Corporation,
FAIRBANKS MORSE PUMP CORPORATION,
FIRESTONE TIRE & RUBBER CO.,
FLOWSERVE CORPORATION, on behalf of The Duriron Company, Inc.,
GARFIELD MFG. CO.,
GARLOCK, INC.;

GARLOCK PACKING COMPANY

GAST MANUFACTURING, INC.,

GENERAL ELECTRIC COMPANY (Specifically excluding any claims of plaintiffs' resulting from exposure to a GE Turbine),

GOODYEAR TIRE & RUBBER CO.,

GORMAN-RUPP CO., Individually and as Successor in Interest to C. H. Wheeler Mfg. Co., Patterson Pump Company, IPT Pumps, and Economy Pumps,

HAMMOND VALVE CO.,

HENRY VOGT MACHINE CO.,

ILLINOIS TOOL WORK, INC., Individually and as Successor to The McKay Company, Tri-Mark & Corex,

INVENSYS METERING SYSTEMS-NORTH AMERICA INC.,

J. GRAVES INSULATION COMPANY,

JOHN CRANE, INC.,

KEYSTONE INTERNATIONAL, INC., AND KEYSTONE VALVE U.S.A. INC., Individually and as Successor in Interest to Yarway Corporation, Gimpel Machine Works, Gimped Corporation, Anderson Greenwood and Keystone Valve Co.,

LAWRENCE PUMPS, INC.,

LESLIE CONTROLS, INC.,

LIMITORQUE CORPORATION,

MAREMONT CORP.,

MARLEY PUMP COMPANY,

MET-PRO CORPORATION, on behalf of Dean Brothers Pump

MILTON ROY COMPANY,

MONSANTO COMPANY, Individually and as Successor in Interest to Monsanto, Lion Oil, Fiberloid Corp., Fisher Governor Co. and Fisher Controls International, Inc.,

MOYNO, INC.,

N L INDUSTRIES, INC., Individually and as Successor to National Lead Co., and on behalf of Floating Floors, Inc.; Chas. Taylor & Sons Refractories Company; and Didier-Taylor Refractories,

NOOTER CORPORATION,

NORTON COMPANY n/k/a SAINT-GOBAIN ABRASIVES, INC.,

NVF MANUFACTURING COMPANY,

PFIZER, INC.,

PLASTICS ENGINEERING CO. (PLENCO),

QUAKER CHEMICAL CORP.,

QUIGLEY COMPANY, INC.,

RELIANCE ELECTRIC MOTORS,

REUNION INDUSTRIES, INC., Individually and as Successor in Interest to Oneida Molded Plastics and Rostone Corporation,

ROCKWELL INTERNATIONAL CORP., Individually and as Successor in Interest to Edward Valves, Inc., Allen-Bradley Co., Allen-Bradley Co., Inc., Rockwell Mfg. Co., and Rockwell-Standard Corp.,

ROGERS CORPORATION,

ROTH PUMP CO., Individually and as Successor in Interest to Roy E. Roth Co.,

SCHUTTE & KOERTING, LLC, Individually and as Successor in Interest to Schutte & Koerting Co. and Whitlock Manufacturing Co.,

SEPCO CORPORATION,

SHELL OIL COMPANY, individually of and as successor to Shell Chemical Company,

SIEMANS BUILDING TECHNOLOGIES, INC., Individually and as Successor in Interest to Landis & Gyr Powers, Inc., Mark Controls Corporation, and Powers Regulator Company,

SPIRAX-SARCO ENGINEERING, PLC,

STUART C. IRBY CO.,

TRW, INC,

TAYLOR SEIDENBACH, INC.,

TEXTRON, INC.,

THE FALK CORPORATION,

THE FOXBORO CO., n/k/a INVENSYS SYSTEMS, INC.,

MARLEY COOLING TECHNOLOGIES

TUTHILL CORPORATION, also d/b /a COPPUS PORTABLE VENTILATION DIVISION, Individually and as Successor in Interest to Coppus Turbine, and Coppus Engine Co., Toothily Pump Co. and Mechanical Products Co.,

TUTHILL PUMP CO., a/k/a TUTHILL PUMP GROUP,

UNITED GILSONITE LABORATORIES,

VELAN VALVE CORPORATION,

VIKING PUMP, INC., a Unit of IDEX Corporation,

WARREN PUMPS, INC., Individually and as Successor in Interest to William E. Quimby, Inc. and Quimby Pump Co.,

WARREN-RUPP, INC., a Unit of IDEX Corporation,

WEINMAN PUMP COMPANY,

WESTINGHOUSE AIR BRAKE COMPANY, now known as WABCO, Inc.,

WHITE CONSOLIDATED INDUSTRIES, INC., as Successor to SARCO Co., Inc.

YARWAY CORP., Individually and as Successor in Interest to Yarnell-Waring Co.,

YUBA HEAT TRANSFER CO., Individually and on Behalf of American District Steam Company (ADSCO),



EXHIBIT
B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

ROY BARRY, ET AL.                                         **PLAINTIFFS**

VERSUS                                    CIVIL ACTION NO. 1:04CV731GRo

A.O. SMITH, ET AL.                                        **DEFENDANTS**

## ANSWER OF DEFENDANT STUART C. IRBY CO.
## TO COMPLAINT

COMES NOW Defendant STUART C. IRBY CO. (hereinafter referred to as "Defendant"),

by and through counsel, and subject to and without waiving any defenses, responds to the

Complaint in this case as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action against this Defendant upon which

relief may be granted.

### SECOND DEFENSE

This Defendant answers the Complaint filed against it Paragraph by Paragraph as follows:

#### 1-9.

This Defendant is without sufficient knowledge or information upon which to form a belief as

to the truth of the allegations contained in Paragraphs 1 through 9 of Plaintiffs' Complaint

relating to the residency of individual plaintiffs and therefore, can neither admit nor deny said

allegations.

#### 10-158.

This Defendant denies the allegations contained in Paragraphs 10 through 158 Plaintiffs'

Complaint as they pertain to this Defendant. Insofar as these allegations pertain to other

defendants, this Defendant is without sufficient knowledge or information upon which to form a

belief as to the truth of these allegations and, therefore, can neither admit nor deny same.

159.

This Defendant denies the allegations contained in Paragraph 159 of Plaintiffs' Complaint.

160.

This Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the allegations contained in Paragraph 160 of Plaintiffs' Complaint relating to the residency of individual plaintiffs and, therefore, can neither admit nor deny said allegations contained in Paragraph 160 of Plaintiffs' Complaint suggest that Plaintiffs are properly joined under Mississippi law and that venue is proper in Jones County, Mississippi; Defendant wholly denies the allegations as they pertain to this Defendant.

161.

Defendant denies the allegations contained in Paragraph 161, particularly the allegations that venue is proper.

**BACKGROUND**

161.

This Defendant denies the allegations contained in Paragraph 161, under Background, of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

162.

This Defendant denies the allegations contained in Paragraph 162 of Plaintiffs' Complaint.

163.

This Defendant denies the allegations contained in Paragraph 163 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

2

164.

This Defendant denies the allegations contained in Paragraph 164 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries or that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

165.

This Defendant denies the allegations contained in Paragraph 165 of Plaintiffs' Complaint.

166.

This Defendant denies the allegations contained in Paragraph 166, including all subparagraphs therein, of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

167.

This Defendant denies the allegations contained in Paragraph 167 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

## **COUNT ONE**

### **(Strict Liability)**

168.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of Paragraph 1 through 168 as if the same had been restated herein.

169-171.

This Defendant denies the allegations contained in Paragraphs 169 through 171, including all subparagraphs therein, of Plaintiffs' Complaint.

3

172.

This Defendant denies the allegations contained in Paragraph 172 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries or that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

173.

This Defendant denies the allegations contained in Paragraph 173 of Plaintiffs' Complaint.

174.

This Defendant denies the allegations contained in Paragraph 174 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

## COUNT TWO

### (Negligence)

175.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of Paragraph 1 through 175 as if the same had been restated herein.

176.

This Defendant denies the allegations contained in Paragraph 176, including all subparagraphs therein, of Plaintiffs' Complaint.

177.

This Defendant denies the allegations contained in Paragraph 177 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries or that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

178.

This Defendant denies the allegations contained in Paragraph 178 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

179.

This Defendant denies the allegations contained in Paragraph 179 of Plaintiffs' Complaint.

## COUNT THREE

### (Fraudulent Concealment/ Misrepresentation/ Alteration of Medical Studies/ Conspiracy)

180.

This Defendant incorporates by reference each and every answer, response and defense heretofore set forth to all of the allegations of Paragraph 1 through 180 as if the same had been restated herein.

181-185.

The allegations of Paragraphs 181 through 185, including all subparagraphs therein, do not appear to apply to this Defendant; therefore, no response is necessary. To the extent a response is deemed necessary, said allegations are denied as they pertain to this Defendant.

186.

This Defendant denies the allegations contained in Paragraph 186 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

## COUNT FOUR

### (Damages)

187.

This Defendant denies the allegations contained in Paragraph 187 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries.

188-189.

This Defendant denies the allegations contained in Paragraphs 188 and 189 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries or that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

190.

This Defendant denies the allegations contained in Paragraph 190 of Plaintiffs' Complaint.

191-192.

This Defendant denies the allegations contained in Paragraphs 191 and 192 Plaintiffs' Complaint as they pertain to this Defendant. Insofar as these allegations pertain to other defendants, this Defendant is without sufficient knowledge or information upon which to form a belief as to the truth of these allegations and, therefore, can neither admit nor deny same.

193.

This Defendant denies the allegations contained in Paragraph 193 of Plaintiffs' Complaint, particularly the allegations that Plaintiffs have suffered or will suffer injuries or that Plaintiffs are entitled to damages in any amount or for any reason whatsoever.

All other averments not specifically admitted hereto are denied.

6

### THIRD DEFENSE

If none of the witnesses to the alleged asbestos exposure of Plaintiffs/Plaintiffs's decedents reside in Mississippi, or if most reside outside Mississippi, travel to and from plaintiffs' states of residence for witnesses and counsel for necessary discovery and trial would place an undue burden upon defendants. Furthermore, this Court may be required under principles of conflicts of law to apply foreign law, with which this Court and Mississippi counsel are unfamiliar. This Defendant therefore moves to dismiss this action under the doctrine of forum non conveniens.

### FOURTH DEFENSE

This Defendant objects to process and service of process as insufficient.

### FIFTH DEFENSE

This Court lacks jurisdiction over the person and/or property of Defendant and accordingly this action should be dismissed as to this Defendant.

### SIXTH DEFENSE

This Court lacks subject matter jurisdiction over the subject matter of Plaintiffs' claims.

### SEVENTH DEFENSE

This action should be stayed pending the outcome of other, similar actions pending in Mississippi, Texas, and other jurisdictions.

### EIGHTH DEFENSE

Plaintiffs' fraud claims should be dismissed for failure to plead such claims with sufficient particularity, as required by Miss. R. Civ. P. 9.

### NINTH DEFENSE

Plaintiffs/Plaintiffs' decedents' injuries, if any, were proximately caused by Plaintiffs/Plaintiffs' decedents' free and voluntary assumption of risks which were known by the Plaintiffs/Plaintiffs' decedents.

### TENTH DEFENSE

The conditions alleged by Plaintiffs to have caused their/Plaintiffs' decedents' injuries were both open and obvious.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by applicable statutes of limitation of this state and/or other states, or alternatively, by the doctrine of laches.

### TWELFTH DEFENSE

Plaintiffs' claims, or some of them, are barred by the provisions of Miss.  Code Ann. ' 15-1-41.

### THIRTEENTH DEFENSE

If Plaintiffs/Plaintiffs' decedents suffered injury or damage as alleged, which is denied, the same resulted solely from acts or omissions of persons or entities for which the Defendant is neither liable nor responsible.  Such acts or omissions on the part of others constitute an independent, intervening and sole proximate cause of such injury or damage.

### FOURTEENTH DEFENSE

Plaintiffs' claims against this Defendant are speculative and do not warrant recovery.

## FIFTEENTH DEFENSE

It was the duty of Plaintiffs/Plaintiffs decedents employers Band not this Defendant to furnish Plaintiffs/Plaintiffs decedents with a reasonably safe place within which to work, including all necessary and adequate warnings and safety appliances, and if Plaintiffs/Plaintiffs' decedents received any injury or suffered any damage from working with this Defendant's product, which is denied, the failure of Plaintiffs/Plaintiffs' decedents' employers in their duty was the sole proximate cause of any such injury or damage, if any, or, in the alternative, was such an intervening cause as to relieve this Defendant from any liability to Plaintiffs.

## SIXTEENTH DEFENSE

If Plaintiffs/Plaintiffs' decedents sustained any injury as alleged, which is denied, the same resulted, upon information and belief, from Plaintiffs/Plaintiffs' decedents' own negligence, including the failure to care for their own health by using tobacco products over an extended period of time.  The use of said tobacco products or other contributing negligence is the sole, direct and proximate cause, or a contributing cause, of the alleged injuries or damages, if any, about which Plaintiffs complain.

## SEVENTEENTH DEFENSE

The use by Plaintiffs/Plaintiffs' decedents of asbestos-containing materials, if any, was in accordance with the requirements of the designs, plans, and specifications of the United States Navy or others and in strict compliance therewith and with all required federal regulations and standards. This Defendant cannot be held to be liable to the Plaintiffs for complying with the designs, plans, specifications, and requirements of the United States Navy, or others under national defense procurement contracts, and for supplying materials for such contracts in accordance with their terms.

9

### EIGHTEENTH DEFENSE

Any product manufactured, sold or supplied by this Defendant was not defective or unreasonably dangerous in that it complied, at all relevant times, with all applicable government safety standards.

### NINETEENTH DEFENSE

If Plaintiffs/Plaintiffs' decedents sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on Plaintiffs/Plaintiffs' decedents' job sites and substances other than those manufactured or sold by this Defendant, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

### TWENTIETH DEFENSE

The doctrines of payment, release and accord, and satisfaction, where applicable, bar the recovery sought by Plaintiffs against this Defendant.

### TWENTY-FIRST DEFENSE

There should be no recovery because, upon information and belief, Plaintiffs/Plaintiffs' decedents failed to mitigate their damages, if any, as required by law.

### TWENTY-SECOND DEFENSE

There should be no recovery against this Defendant because, upon information and belief, the conduct of Plaintiffs/Plaintiffs' decedent or others constituted abuse and misuse of the product so as to substantially change the condition of the product prior to Plaintiffs/Plaintiffs' decedents' injuries, if any.

### TWENTY-THIRD DEFENSE

There should be no recovery of punitive damages against this Defendant because such a recovery would violate:

    a.    The Eighth Amendment to the Constitution of the United States;

    b.    The Fourteenth Amendment to the Constitution of the United States;

    c.    The Fifth Amendment to the Constitution of the United States;

    d.    The Tenth Amendment to the Constitution of the United States;

    e.    Federal common law; and

    f.    The Constitutions of the States of Mississippi and of Plaintiffs' residence.

### TWENTY-FOURTH DEFENSE

An award of punitive damages against this Defendant in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as Article 3, Section 14 of the Constitution of the State of Mississippi.

### TWENTY-FIFTH DEFENSE

An award of punitive damages against this Defendant in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as Article 3, Section 28 of the Constitution of the State of Mississippi.

### TWENTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages are barred by the "Double Jeopardy" Clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment.

### TWENTY-SEVENTH DEFENSE

A damage award based on conspiracy constitutes a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as Article 3, Section 14 of the Constitution of the State of Mississippi.

### TWENTY-EIGHTH DEFENSE

If Plaintiffs have heretofore settled or should hereafter settle for any of the alleged injuries and damages with anyone, then this Defendant is entitled to a credit and offset in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

### TWENTY-NINTH DEFENSE

Upon information and belief, Plaintiffs' Complaint fails to name indispensable parties and, therefore, must be dismissed. Alternatively, this civil action should be stayed pending other appropriate relief by the Court.

### THIRTIETH DEFENSE

This Defendant has no liability to Plaintiffs because Plaintiffs/Plaintiffs' decedents' employers were sophisticated employers with the result that any duty of this Defendant to warn of any danger incident to use, exposure or installation of the products (the existence of such duty is denied) was discharged by those employers' intervening duties to give Plaintiffs/Plaintiffs' decedents all required warnings.

### THIRTY-FIRST DEFENSE

There should be no recovery against this Defendant for medical expenses incurred in the care, diagnosis or treatment of injury to Plaintiffs/Plaintiffs' decedent, if any, because said Plaintiffs/Plaintiffs' decedents' employers are obligated under the Workers Compensation laws

of the states of Plaintiffs/Plaintiffs' decedents' residence to pay for medical expenses which were incurred as a result of this occurrence, or because said Plaintiffs/Plaintiffs' decedents were entitled to receive benefits from private or public health insurance programs, health benefit plans, union-sponsored or union-provided health benefit plans, or other sources of health benefits which are responsible for the payment of all past, present and/or future medical expenses.

<u>THIRTY-SECOND DEFENSE</u>

There should be no recovery against this Defendant because, to the extent that this Defendant acted or failed to act, this Defendant's conduct was in keeping with the state of the medical and industrial art as it existed at all pertinent times.

<u>THIRTY-THIRD DEFENSE</u>

There should be no recovery against this Defendant because of any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to Plaintiffs' claims, said Plaintiffs/Plaintiffs' decedents were possessed of or should have been possessed of good and adequate knowledge which negated any need for said warning and/or Plaintiffs/Plaintiffs' decedents were required to follow specific written safety procedures as established by Plaintiffs/Plaintiffs' decedents' employers which negated the need or requirement for any such warning.

<u>THIRTY-FOURTH DEFENSE</u>

There should be no recovery against this Defendant because the exposure of Plaintiffs/Plaintiffs' decedents to this Defendant's products, if any, was <u>de minimus</u>. If it is shown at the time of trial that Plaintiffs/Plaintiffs' decedents were exposed to any product of this Defendant, said exposure was so minimal as to be insufficient to establish to a reasonable degree of probability that this Defendant's product substantially factored in or was the proximate cause of the alleged injuries.

### THIRTY-FIFTH DEFENSE

Upon information and belief, this action is barred by Miss. Code Ann. ' 15-1-65 (1972).

### THIRTY-SIXTH DEFENSE

To the extent that Plaintiffs have filed an action in any other Court against some or all of these same Defendants, this action should be dismissed in the interest of judicial economy and so as to prevent double recovery.

### THIRTY-SEVENTH DEFENSE

The products in issue were changed, altered, or modified after they left this Defendant's control and such change, alteration, or modification was the legal cause of Plaintiffs/Plaintiffs' decedents' damages, if any.

### THIRTY-EIGHTH DEFENSE

Plaintiffs/Plaintiffs' decedents were negligent in the use and operation of the products in issue, if any, and any recovery should be reduced in proportion to the degree of Plaintiffs/Plaintiffs' decedents' own negligence.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are preempted by the regulations of the Occupational Health and Safety Administration and other applicable federal laws.

### FORTIETH DEFENSE

If Plaintiffs/Plaintiffs' decedents used any of this Defendant's products, which is denied, on information and belief, such products were used for a purpose, in a manner or in an activity contrary to express adequate instructions or warnings appearing on or attached to the products or on their original containers or wrappers. Alternatively, the absence of warnings on any products sold by this Defendant did not make such products defective and unreasonably dangerous, nor

did it lead to reliance by the Plaintiffs/Plaintiffs' decedents or their employers, on the safety of any such products.

## FORTY-FIRST DEFENSE

This Defendant was not negligent, did not furnish a product defective and unreasonably dangerous and did not make or breach any express or implied warranties.

## FORTY-SECOND DEFENSE

This Defendant denies that Plaintiffs/Plaintiffs' decedents were ever exposed to any asbestos-containing products sold by this Defendant.

## FORTY-THIRD DEFENSE

If it be proved that this Defendant furnished any products to the employers of Plaintiffs/Plaintiffs' decedents, to which products Plaintiffs/Plaintiffs' decedents were exposed, then any such products were furnished in strict conformity to the specifications furnished through such employers.

## FORTY-FOURTH DEFENSE

To the extent that the Plaintiffs/Plaintiffs' decedents were exposed to any alleged product which was acquired from or sold by or used on behalf of the United States of America, or any state or political subdivision thereof, this Defendant is entitled to any sovereign or governmental immunity available to the United States or any such state or political subdivision.

## FORTY-FIFTH DEFENSE

To the extent applicable, this Defendant pleads the provisions of Miss. Code Ann. ' 85-5-7 (Supp. 1994). Moreover, to the extent Plaintiffs have settled some or all of the claims against other parties or potential joint tortfeasors, then this Defendant is entitled to a settlement credit.

## FORTY-SIXTH DEFENSE

This Defendant pleads applicable provisions of Miss. Code Ann. ' 11-7-15.

## FORTY-SEVENTH DEFENSE

This Defendant denies that it participated in any conspiracy or conduct designed or intended to deceive or misrepresent the qualities, characteristics, or properties of any product it designed, manufactured, marketed or sold.

## FORTY-EIGHTH DEFENSE

Plaintiffs are barred from bringing this action under the doctrine of <u>res judicata</u>.

## FORTY-NINTH DEFENSE

Some or all of the issues in the lawsuit have already been litigated and, therefore, Plaintiffs are collaterally estopped from re-litigating those issues.

## FIFTIETH DEFENSE

No duty to warn or notify Plaintiffs/Plaintiffs' decedents of any danger from exposure to this Defendant's products has ever devolved upon this Defendant; nevertheless, any delay by this Defendant in notification or warning to Plaintiffs/Plaintiffs' decedent of such danger which is claimed to have been required (and this Defendant denies that there was any such requirement or delay) is of no consequence and gives rise to no claim on the part of Plaintiffs against this Defendant. Significantly, before the time any alleged duty to notify or warn could have arisen as to this Defendant, Plaintiffs/Plaintiffs' decedents were exposed to asbestos and/or other substances from other sources sufficient to cause their conditions, and notification or warning thereafter is of no value. There is, therefore, no proximately causal relationship between any delay in notification or warning to Plaintiffs/Plaintiffs' decedents and their subsequent alleged conditions.

## FIFTY-FIRST DEFENSE

Any injuries, illnesses, diseases, disabilities, losses or damages alleged by Plaintiffs/Plaintiffs' decedents were proximately caused or contributed to by an act or acts and

omission or omissions on the part of Plaintiffs/Plaintiffs' decedents' fellow servants, fellow supervisors and employers, and, accordingly, recovery or relief against this Defendant is barred.

### FIFTY-SECOND DEFENSE

At all times material hereto, the state of the medical and industrial art was such that there was no generally accepted or recognized knowledge of any unavoidable unsafe, inherently dangerous, hazardous or defective character, or nature of the asbestos products allegedly at issue, when used in the manner and for the purposes intended so that there was no duty by this Defendant to know of such character or nature, or to warn Plaintiffs/Plaintiffs' decedents or others similarly situated.

### FIFTY-THIRD DEFENSE

If Plaintiffs/Plaintiffs' decedents were employees of this Defendant during their alleged exposure, their claims are barred by the exclusive remedy provisions of the applicable Workers Compensation Act as to each applicable defendant.

### FIFTY-FOURTH DEFENSE

The manufacture, packaging and sale of all products produced by this Defendant met all state-of-the-art design, manufacturer requirements and applicable federal and state codes at the time of manufacture.

### FIFTY-FIFTH DEFENSE

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs/Plaintiffs' decedents' pre-existing illnesses or conditions not common to other persons and not determinable or foreseeable by this Defendant All injuries and damages alleged by Plaintiffs, if any, were proximately contributed to by Plaintiffs/Plaintiffs' decedents' pre-existing injuries and conditions.

17

### FIFTY-SIXTH DEFENSE

This Defendant reserves the right to amend its answer and affirmative defenses after investigation, discovery and further information is disclosed to this Defendant to enable it to properly answer Plaintiffs' Complaint and defend the claim asserted herein against this Defendant.   This Defendant further will rely upon any law that is available to it after the completion of discovery and investigation of this cause.

### FIFTY-SEVENTH DEFENSE

This Defendant retains its right to seek contribution and/or indemnification against any and all manufacturers of asbestos-containing materials who have filed petitions in various bankruptcy courts and consequently are not presently within the jurisdiction of this Court.

### FIFTY-EIGHTH DEFENSE

This Defendant adopts and incorporates any and all other defenses raised by any other Defendant in this litigation to the extent that said defenses are not inconsistent with this Defendant's assertion that it is not liable to Plaintiffs for any amount whatsoever.

### FIFTY-NINTH DEFENSE

Plaintiffs' Complaint should be dismissed based on a mis-joinder of parties and/or claims.

### SIXTIETH DEFENSE

Venue is improper.

### SIXTY- FIRST DEFENSE

Defendant is a seller in the stream of commerce pursuant to Mississippi Code Annotated Sec. 11-1-64 and, therefore, any and claims against Defendant should be dismissed.

### SIXTY- SECOND DEFENSE

An award of punitive damages against this Defendant would be controlled and limited by the provisions of Mississippi Code Annotated Sec. 11-1-65(3)(a).

18

### ANSWER OF DEFENDANT STUART C. IRBY CO.
### TO ALL CROSS-CLAIMS OF DEFENDANTS ASSERTING
### CROSS-CLAIMS OR WHO MAY ASSERT CROSS-CLAIMS

The Defendant, STUART C. IRBY CO., files this answer to all cross-claims and says as follows:

### FIRST DEFENSE

Each and every cross-claim filed herein fails to state a cause of action against this Defendant upon which relief may be granted.

### SECOND DEFENSE

This Defendant denies each and every allegation against it contained in each and every cross-claim filed herein.

### THIRD DEFENSE

This Defendant hereby adopts and incorporates herein by reference each and every responsive pleading and affirmative defense as set forth in its answer to the Complaint as if fully set forth herein.

### FOURTH DEFENSE

Those defendants filing cross-claims have no cause of action for contribution and/or indemnification against this Defendant.

WHEREFORE, STUART C. IRBY CO., respectfully requests that this Court enter judgment in its favor and against Plaintiffs and award it costs, expenses and any other appropriate relief.

This the 8TH day of September, 2004

Respectfully submitted,

STUART C. IRBY CO.,

MARCY B. CROFT (MB# 10864)

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY LLP
Suite 200
One Jackson Place
188 East Capitol Street
Post Office Box 22608
Jackson, Mississippi 39225-2608
(601) 960-8600

## CERTIFICATE OF SERVICE

I hereby certify that I have this date mailed by U.S. Mail, postage prepaid a true and correct copy of the foregoing Answer to Plaintiffs' counsel of Record and written notice of filing of the foregoing document to counsel for defendants at their usual business addresses.

This, the 30th day of September, 2004

MARCY B. CROFT (MB# 10864)



**MISSISSIPPI**
**SECRETARY OF STATE**
**Business Services**

Current Throu

Search
- **By Business Name**
- **By Business ID**
- **By Officer Name**
- **By Registered Agent**
- **New Corporations**
  Annual Report
- **File Online**
  Verification
- **Verify Certification**
  Online Orders
- **Register for Online Orders**
- **Order Good Standing**
  Fee Schedules
- **Corporations**
- **Limited Partnerships**
- **Limited Liability**
  **Partnerships**
- **Limited Liability**
  **Companies**
  Miscellaneous
- **Registered Agents**
- **Download Corporate**
  **Forms and Instructions**
- **Look Up an SIC**
  Contact
- **Corporations Unit**

**Date: 10/19/2004**    <u>**View Filed Documents**</u>

Name History

| Name | Name Type |
|------|-----------|
| STUART C. IRBY COMPANY | Legal |

### Business Corporation - Domestic - Information

| | |
|---|---|
| **Business ID:** | 205791 |
| **Status:** | Good Standing |
| **Creation Date:** | 6/16/1926 |
| **State of Incorporation:** | MS |
| **Principal Office Address:** | 815 S STATE ST JACKSON MS 39201-800 |
| **Principal Mailing Address:** | No Address |
| **Listing Address:** | No Address |
| **Last Annual Report Filed Date:** | 3/29/2004 |
| **Last Annual Report Filed:** | 2004 |
| **Annual Report Month:** | January |

### Registered Agent

| | |
|---|---|
| **Agent Name:** | <u>**Waring, Andrew J**</u> |
| **Office Address:** | 815 S State St Jackson MS 39201 |
| **Mailing Address:** | |

### <u>Officers & Directors</u>

**Business**

**Home**

**Home | Accessibility Policy | Contact Us | E-mail Us | Links | Search**

Copyright © 2004 Mississippi Secretary of State. All rights reserved.
Due to the use of DHTML and Java, this Web site is optimized for Microsoft Internet Explorer 5+ or Netscape 6+.



EXHIBIT
C