MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 14 2004

FILED
CLERK'S OFFICE

PLEADING NO. 4359

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBSESTOS PRODUCTS LIABILITY LITIGATION | § § | MDL No. 875 |
| | § § | |
| IN RE: WELDING ROD PRODUCTS LIABILITY LITIGATION | § § | MDL No. 1535 |

## J. RAY MCDERMOTT, INC.'S MOTION TO SEVER AND TO VACATE CONDITIONAL TRANSFER ORDER (CTO-238 AND CTO-18)

Third-Party Plaintiff J. Ray McDermott, Inc. ("McDermott"), pursuant to Rule 7.4(c) and (d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation and pursuant to 28 U.S.C. §1407, files this its Motion to Sever and to Vacate Conditional Transfer Order (CTO-238 and CTO-18).

1.      McDermott respectfully requests that this Panel sever McDermott's third-party claims from the remainder of the case and that it vacate the order of November 12, 2004, conditionally transferring those third-party claims to the United States District Court for the Eastern District of Pennsylvania. This Motion is based on McDermott's Brief in Support of Motion to Sever and to Vacate Conditional Transfer Order filed contemporaneously with this Motion, and such other materials as may be presented to the Panel at the time of the hearing on the Motion.

IMAGED DEC 16 '04    **OFFICIAL FILE COPY**



2.    Pursuant to Rule 7.4(d), McDermott requests that the Clerk set this Motion for hearing at the next session of the Panel.

Dated:  December 14, 2004.

Respectfully submitted,

**BRACEWELL & PATTERSON, L.L.P.**

Margaret T. Brenner
Texas Bar No. 02958050
S.D. Tex. No. 9044
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:  (713) 223-2900
Facsimile:    (713) 221-1212

**ATTORNEY-IN-CHARGE FOR
THIRD-PARTY PLAINTIFF
J. RAY MCDERMOTT, INC.**

Of counsel:

**BRACEWELL & PATTERSON, L.L.P.**
Mark A. Font
Texas Bar No. 07216000
S.D. Tex. No. 15667
Tracy C. Temple
Texas Bar No. 00793446
711 Louisiana, Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile: (713) 221-1212

**POWERS & FROST**
James H. Powers
State Bar No. 16217400
Sharla J. Frost
State Bar No. 07491100
1221 McKinney, Suite 2400
Houston, Texas 77010
Telephone: (713) 767-1555
Facsimile:   (713) 767-1799

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF
J. RAY McDERMOTT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2004, a true and correct copy of the

foregoing has been served upon all counsel listed on Involved Counsel List (CTO-238 and CTO-18).

Margaret T. Brenner

**INVOLVED COUNSEL LIST (CTO-238)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**INVOLVED COUNSEL LIST (CTO-18)**
**DOCKET NO. 1535**
**IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION**

Barbara Lee Arras
Phelps Dunbar, LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Kenneth Camp Bailey
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001

John H. Beisner
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1111 Bagby Street
Suite 2300
Houston, TX 77002

Paula H. Blazek
Germer, Bernsen & Gertz
550 Fannin Street
Suite 700
Beaumont, TX 77701

William C. Book, Jr.
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, TX 77010

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Brian S. Clary
Brian S Clary & Associates
402 Smith
Humble, TX 77338

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox &
Garofoli
The Halle Building, Suite 900
1228 Euclid Avenue
Cleveland, OH 44115

Lea F. Courington
Gwinn & Roby
4100 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Bruce A. Craig
The Carlisle Law Firm, LLP
400 S. Alamo
Marshall, TX 75670

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Michael B. DeSanctis
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, DC 20005

Richard M. Edmonson
Armstrong Allen, PLLC
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brad Kent Howell
Womble & Cotellesse
1814 Memorial Drive
Houston, TX 77007

Louis H. Knabeschuh
Jenkins & Martin
P.O. Box 26008
2615 Calder – Suite 500
Beaumont, TX 77720-6008

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Katharine R. Latimer
Spriggs & Hollingsworth
1350 I Street, N.W., Suite 900
Washington, DC 20005

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

M. Scott Minyard
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P. O. Box 14167
Jackson, MS 39236

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Hubert Oxford, III
Benckenstein & Oxford
3535 Calder Ave.
Suite 300
P.O. Drawer 150
Beaumont, TX 77704

Wayne Peveto
118 Border
Orange, TX 77630

James Hayes Powers
Powers & Frost
1221 McKinney Street
Suite 2400
Houston, TX 77010

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard E. Sarver
Barrasso Usdin Kupperman Freeman & Sarver, LLP
LL & E Tower
909 Poydras Street
Suite 1800
New Orleans, LA 70112

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

David B. Siegel
Crowell & Moring, LLP
1001 Pennsylvania Avenue
Washington, DC 20004

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Theodore Voorhees, Jr.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20004

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 4 2004

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBSESTOS PRODUCTS<br>LIABILITY LITIGATION | §<br>§ | MDL No. 875 |
| | §<br>§ | |
| IN RE: WELDING ROD PRODUCTS<br>LIABILITY LITIGATION | §<br>§ | MDL No. 1535 |

## J. RAY MCDERMOTT, INC.'S BRIEF IN SUPPORT OF MOTION TO SEVER AND TO VACATE CONDITIONAL TRANSFER ORDER (CTO-238 AND CTO-18)

Third-Party Plaintiff J. Ray McDermott, Inc. ("McDermott"), pursuant to Rule 7.4(c) and (d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully files this Brief in Support of Motion to Sever and to Vacate Conditional Transfer Order (CTO-238 and CTO-18) entered by this Panel on November 12, 2004. Pursuant to Panel Rules 5.12(a), 7.2, and 7.4(d), McDermott's Motion and this Brief in Support of Motion to Sever and to Vacate the Conditional Transfer Order are being filed in support of McDermott's Notice of Opposition to Conditional Order filed on November 29, 2004.

## I. STATEMENT OF PROCEEDINGS

This case was originally filed by Plaintiffs on November 14, 2002 in the 58th Judicial District Court of Jefferson County, Texas. Plaintiffs asserted personal injury claims against McDermott and others based on occupational exposure to welding rod fumes and asbestos. Over the course of the litigation, McDermott asserted cross-claims and third-party claims for contractual indemnity against welding rod manufacturers and suppliers as well as against certain employers of Plaintiffs. McDermott also filed a third-party action against its insurers, seeking a declaratory judgment that McDermott is entitled to coverage for Plaintiffs' claims. McDermott ultimately settled all of the Plaintiffs' claims against it and remained in the case solely as a third-party plaintiff seeking recovery on these contractual indemnity claims.

On September 17, 2004, after almost two years of litigation, eleven of the many defendants in the case wrongfully removed the action to the United States District Court for the Eastern District of Texas, Beaumont Division. The removing defendants asserted federal officer and federal enclave jurisdiction in support of the removal. Both Plaintiffs and McDermott filed motions to remand the case to state court. Those motions were heard on December 1, 2004, and remain pending in the District Court.

On November 12, 2004, this Panel entered an order conditionally transferring the claims asserted in this action to two separate multidistrict litigation courts. (Exhibit A). The Panel's order does not specifically address McDermott's third-party claims against the welding rod manufacturers and suppliers and McDermott's insurers. It is presumed that those claims were transferred to MDL 875, *In re Asbestos Products Liability Litigation*, by default. (*See* Exhibit A, p. 1).

Two Notices of Opposition to the Conditional Transfer Orders were filed.  One was filed by McDermott and the other was filed by the Plaintiffs.  For the reasons stated below, McDermott's third-party claims should be severed and the Conditional Transfer Order as to those severed claims should be vacated so that McDermott can proceed with the timely resolution of its third-party claims in state court.

## II. STATEMENT OF FACTS

### A.      *Nature of the underlying claims.*

On November 14, 2002, Plaintiffs[1] sued McDermott for negligence under the Jones Act based on an alleged failure to provide a safe workplace.  (Exhibit B).  Plaintiffs claim they suffered personal injuries from alleged exposure to welding rod fumes and asbestos while working aboard vessels owned or operated by McDermott.  (*Id.,* p. 10).  Plaintiffs claim worksite exposure to welding rod fumes and asbestos going back almost 60 years.  In addition to suing McDermott, Plaintiffs also sued a number of welding rod manufacturers and asbestos manufacturers under general negligence and products liability causes of action.  (Exhibit B; *see also* Exhibit C).

### B.      *McDermott files third-party claims and cross-claims for contractual indemnity and insurance coverage.*

On November 26, 2003, McDermott filed a Third-Party Petition adding several other parties who had employed Plaintiffs during their respective careers.  (Exhibit D).  McDermott asserted claims for contribution and indemnity against those employer defendants.

---

[1] Originally, 66 Plaintiffs asserted claims against McDermott and other defendants in this lawsuit. With amended petitions, the number of Plaintiffs asserting claims against McDermott grew to 110. (Exhibit C).

On April 2, 2004, Plaintiffs abruptly began non-suiting the welding rod defendants[2] other than McDermott. (Exhibit E). McDermott became the lone defendant sued by over 100 Plaintiffs alleging welding rod fume exposure. On June 4, 2004, McDermott supplemented its third-party petition to add, as Third-Party Defendants, the welding rod defendants non-suited by Plaintiffs. (Exhibit F). McDermott's claims against the Third-Party Defendants are based on various contracts between McDermott and the welding rod manufacturers requiring indemnification and defense of Plaintiffs' lawsuit against McDermott. (Exhibit F). No claims have been asserted by McDermott against the asbestos manufacturers.

On June 16, 2004, McDermott also filed a third-party action against its insurers, Certain Underwriters at Lloyd's, London, and Insurance Companies subscribing to certain numbered policies, Travelers Insurance Company, and Insurance Company of North America (the "Insurer Defendants"). McDermott seeks a declaratory judgment that coverage existed under various policies of insurance for the claims made against McDermott by Plaintiffs. (Exhibit G). McDermott also asserts breach of contract claims against the Insurer Defendants and seeks actual damages and attorneys' fees as a result of the breach.[3] (Exhibit G).

---

[2] The welding rod defendants are manufacturers and suppliers of welding rod products that were sued for the Plaintiffs' alleged exposure to welding rod fumes.

[3] Despite the fact that McDermott had already filed a declaratory judgment action in the Texas state court, and despite the fact that Underwriters had contractually agreed to submit to the jurisdiction of McDermott's choice, on August 23, 2004, Underwriters filed a parallel declaratory judgment action in state court in Louisiana seeking essentially the same relief.

C.      *McDermott settles with the Plaintiffs, leaving McDermott in the case only with regard to the Third-Party state law claims.*

On July 7, 2004, McDermott settled all of the claims asserted against it by the Plaintiffs. (Exhibit H). On July 20, 2004, Plaintiffs filed an original cross claim and amended petition in which they reasserted their claims against the welding rod and asbestos manufacturers and suppliers who had been non-suited in June 2004. This left pending in the state court case the following claims: (1) Plaintiffs' exposure claims against all defendants other than McDermott; (2) cross-claims of certain defendants other than McDermott; (3) McDermott's third-party claims against its insurers; and (4) McDermott's cross-claims and third-party claims for contractual indemnity against the welding rod manufacturers against its insurers. Again, no claims have been asserted by McDermott against the asbestos manufacturers.

D.      *Some of the welding rod defendants wrongfully remove the case to federal court.*

On September 17, 2004, eleven of the welding rod defendants sued by Plaintiffs (the "Removing Defendants") filed a Notice of Removal, removing this case from the 58th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas. Prior to removal, the case was set for trial on the April 2005 docket in the 58th Judicial District Court of Jefferson County, Texas.

Both Plaintiffs and McDermott promptly filed motions to remand the removed case back to state court. The remand motions are based on the untimeliness of the removal and the lack of any federal question jurisdiction. (Exhibit I). McDermott also filed an alternative motion to sever its Third-Party claims and remand those claims to state court. (Exhibit I). McDermott's motion to sever the Third-Party claims is grounded on the fact that its Third-Party claims are based solely on

state law contractual indemnity and insurance issues that are wholly independent of the underlying claims asserted by Plaintiffs in this case. (Exhibit I).

**E.      *This Panel issues the conditional transfer order.***

On November 12, 2004, this Panel issued the conditional transfer order in which it conditionally transferred the entire case to MDL 875, *In re Asbestos Products Liability Litigation*, In the United States District Court for the Eastern District of Pennsylvania, with the exception of the claims asserted in Sections 1 and 2 of Plaintiffs' Complaint. (Exhibit A). Those claims were remanded back to the District Court and then transferred to MDL 1535, *In re Welding Rod Products Liability Litigation*, In the United States District Court for the Northern District of Ohio. McDermott's Third-Party claims are not expressly addressed in the order. Despite the fact that McDermott has no pending claims against the asbestos defendants, it appears that McDermott's Third-Party state law claims for contractual indemnity and insurance coverage have been transferred to the asbestos MDL.

## III. <u>SUMMARY OF THE ARGUMENT</u>

Transfer of McDermott's Third-Party claims to the asbestos MDL will not serve the purposes behind, and does not satisfy the elements of, 28 U.S.C. § 1407. McDermott's third-party claims are wholly independent of the issues raised in the asbestos MDL. The only result of a transfer will be the unwarranted delay of the resolution of McDermott's Third-Party claims against the welding rod defendants and the insurers.

McDermott's Third-Party claims are based on contractual indemnity clauses and insurance policies that are governed by state law. The claims have no common issues of fact with the personal

injury and products liability claims that are pending in the asbestos MDL. Moreover, the witnesses and documents relevant to McDermott's claims are located in Texas and Louisiana. Different discovery will be applicable to McDermott's claims than the discovery used in the asbestos MDL. Concerns for the convenience of the parties and witnesses mandate against transfer.

Likewise, a transfer to the asbestos MDL will not result in the just and efficient promotion of the case. Two motions to remand the case to state court have been briefed and argued in the District Court. The Removing Defendants wrongfully removed this case to federal court and they should not benefit in any form from the wrongful removal. It would be more just and efficient to allow the District Court to rule on the motions, rather than transfer the entire case to the MDL court.

If this Panel denies the Motion to Sever and to Vacate McDermott's Third-Party claims, the conditional transfer order issued on November 12, 2004 should be clarified so that McDermott knows the forum to which its Third-Party claims are transferred.

## IV. ARGUMENT

### A. *The legal standards.*

This Panel has the authority under 28 U.S.C. § 1407 to sever McDermott's Third-Party claims from the underlying case and to vacate the Conditional Transfer Orders as to McDermott's Third-Party claims. Section 1407 provides in pertinent part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the Judicial Panel on Multidistrict Litigation . . . upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions. . . .*[T]he Panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.*

28 U.S.C. § 1407(a) (1993) (emphasis added).

Under Section 1407, an action may be transferred only when: (1) there are common questions of fact; (2) transfer will serve the convenience of parties and witnesses; and (3) transfer will promote the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a) (1993). While some actions may have some common issues of fact, those common issues of fact do not predominate, and will not support transfer, where different legal claims are at issue. *See In re Westinghouse Elec. Corp. Uranium Litig.*, 436 F. Supp. 990, 995 (J.P.M.L. 1977). Likewise, where, like here, trial is imminent in the transferred case or where different discovery would be utilized in the local action than that utilized in the multidistrict litigation, transfer is not warranted because the purposes of Section 1407 are not served. *See In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. 1295, 1298 (J.P.M.L. 1977); *In re Westinghouse Elec. Corp. Uranium Litig.*, 436 F. Supp. at 996.

**B.**     ***McDermott's Third-Party claims should be severed and the Conditional Transfer Order vacated as to those claims.***

McDermott's Third-Party claims should be severed, and the order of transfer to the asbestos MDL vacated, because the elements of Section 1407 are not satisfied. The questions of fact existing with regard to McDermott's Third-Party claims and those existing with regard to the Plaintiffs' underlying asbestos and welding rod claims are not common. Further, the convenience of parties and witnesses will not be served. Indeed, all of the documents and witnesses relevant to McDermott's Third-Party claims are located in Texas and Louisiana. Finally the just and efficient conduct of the action will not be served if McDermott is forced to litigate its state law contract claims in a multidistrict litigation court hundreds of miles from the witnesses, documents, and

counsel. The transfer of McDermott's Third-Party claims is especially prejudicial and inefficient because those claims have nothing to do with the Plaintiffs' underlying claims against the other defendants in the case.

1.   *The issues of fact pertaining to McDermott's Third-Party claims and the issues of fact pertaining to the asbestos MDL claims are not common.*

The first required element of transfer—that the transferred case involve one or more common questions of fact with the MDL—is not satisfied with respect to McDermott's Third-Party claims. Common questions of fact between McDermott's Third-Party claims and the MDL do not predominate because McDermott's Third-Party claims involve state law questions of contract while the two MDL's cited in the Conditional Transfer Order involve personal injury products liability claims related to exposure to asbestos and welding rod fumes. McDermott's Third-Party contractual indemnity and insurance claims should be severed from the personal injury suit and the Conditional Transfer Order vacated as to McDermott's claims.

McDermott has settled all of the claims asserted by Plaintiffs against it for exposure to asbestos and welding rod fumes. (Exhibit H). The only remaining claims that pertain to McDermott in this case are its Third-Party claims against the welding rod manufacturers and the insurers.

McDermott's claims against the welding rod manufacturers involve the elements of a state law claim for breach of indemnity provisions in various contracts between McDermott and the manufacturers and suppliers of welding rod products. (Exhibit F). These contractual claims will involve different elements of proof and different evidence than the personal injury claims asserted by Plaintiffs. For example, the contractual indemnity claims will address whether the language of various contracts provide indemnity to McDermott for McDermott's past defense and settlement of

the claims asserted by Plaintiffs. These claims are independent of Plaintiffs' case against and ultimate recovery from any of the defendants in the asbestos and welding rod MDLs.

Likewise, McDermott's declaratory judgment and contract claims against its insurers do not share common questions of fact with the asbestos and welding rod MDLs. McDermott's insurance claims are based on its insurers' failure to provide coverage for the defense and settlement of Plaintiffs' claims under the express terms of various insurance policies. Like the contractual indemnity claims against the manufacturers and suppliers of welding rod products, McDermott's insurance claims involve different elements of proof and are independent of Plaintiffs' case against and ultimate recovery from any of the other defendants in the asbestos and welding rod MDLs.

Because different elements of proof are involved in McDermott's Third-Party claims and because McDermott's Third-Party claims are separate and distinct from the claims at issue in the MDLs, transfer of McDermott's Third-Party claims under 28 U.S.C. § 1407 is improper. *See In re Westinghouse Elec. Corp. Uranium Litig.*, 436 F. Supp. at 995-96 (while contractual claims and conspiracy and price-fixing claims had some common issues of fact in that they all pertained to Westinghouse's nuclear energy business, common issues did not predominate); *In re Air Crash Disaster Near Upperville, Va.*, 430 F. Supp. at 1297-98 (only remaining issue in transferred cases pertained to damages, which were unique to each case; thus, transfer not warranted).

### 2. *The convenience of the parties and witnesses mandates against transfer.*

The Texas Court forum—not the MDL—furthers the convenience of the parties and witnesses. The witnesses relevant to McDermott's claims are located mostly in Houston, Texas, New Orleans, Louisiana, and Morgan City, Louisiana. Likewise, the majority of the documents relevant to

McDermott's Third-Party claims are located in those cities. Because McDermott's Third-Party claims are centered around particular contracts, McDermott's Third-Party claims will not require protracted or complex discovery and pre-trial proceedings. Under the circumstances of this case, it would be unfair to require McDermott to participate in proceedings in the Eastern District of Pennsylvania.

Another important factor to consider in deciding whether to transfer is the extent to which discovery in the MDL would be of benefit to the transferred case. Where discovery has been largely completed, there is little benefit to transfer and transfer should be denied. *See In re Air Crash Disaster Near Upperville, Pa.*, 430 F. Supp. at 1298. With regard to the asbestos and welding rod MDLs, the discovery in those cases would be of no benefit to McDermott, as it would have no bearing on McDermott's Third-Party contract claims. There is little to be gained by having McDermott participate in protracted pre-trial and discovery proceedings in the MDL, especially in light of the fact that McDermott's Third-Party claims have nothing to do with the issues involved in the MDLs.

3.      ***The just and efficient promotion of the case will not be served by transfer.***

This Panel has expressed reluctance to transfer a case where an important motion is under consideration in the transferor court, based on principles of comity. *See L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) ("[O]n principles of comity, we are reluctant to transfer any action that has an important motion under submission with a court."). As discussed more fully below, certain defendants in this case wrongfully removed the action from state court in Texas to federal court. Both Plaintiffs and McDermott filed motions to remand the case to state

court in which the issues were fully briefed. The District Court has already heard argument on the motions. The remand issues affect whether this case can even be maintained in federal court and thus whether it can be a tag-along case. Because the remand issues have already been briefed and argued to the District Court, the just and efficient promotion of the case would be served by denying transfer and allowing the District Court to rule on the remand issues.

Even in the absence of the remand issues, the just and efficient promotion of McDermott's case against the Third-Party defendants would not be served by a transfer to the MDL. McDermott's Third-Party claims in state court were set for trial in April 2005. There are thousands of cases currently pending in the asbestos MDL. Despite the heroic and best efforts of the asbestos MDL judge, cases in the MDL remain unheard for many years. *See Madden v. Able Supply Co.*, 205 F. Supp.2d 695, 702 (S.D. Tex. 2002). Rather than allowing for a timely resolution of McDermott's Third-Party claims, a transfer would mean that McDermott's claims would not be tried for many years. Allowing McDermott's claims to be transferred to the MDL will not result in efficiency or expediency, and will not promote the just resolution of those claims. *See id.* ("Keeping these claims in federal court will not increase efficiency and expediency. Rather, the opposite is true.").

**C.**     ***This case was wrongfully removed.***

Another consideration for this Panel in making a determination of whether to transfer McDermott's Third-Party claims to the asbestos MDL is the fact that the case was wrongfully removed to federal court from state court. Although this case had been pending in state court for almost two years, the Removing Defendants filed an untimely notice of removal. The Removing Defendants asserted grounds for removal pursuant to 28 U.S.C. § 1441 (federal enclave jurisdiction)

and 28 U.S.C. § 1442(a)(1) (federal officer jurisdiction). In addition to the fact that the removal was untimely, neither section cited by Removing Defendants provides jurisdiction in federal court. Had this case not been improperly removed to federal court, there would be no basis for transfer to an MDL.

1.    *The removal was defective.*

Under well-settled Fifth Circuit law, the notice of removal was untimely. Removal must be made within thirty days after receipt of the plaintiff's pleading *or other paper* from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). In other words, when the basis for removal is found subsequent to the initial pleading, the timeframe for removal is determined from when the basis for removal was discovered. Discovery responses are considered "other papers" for purposes of removal. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *John Hunter, Inc. v. Great Impressions Apparel, Inc.*, 313 F. Supp.2d 644, 646 (N.D. Tex. 2002). The discovery responses upon which the Removing Defendants rely for purposes of establishing their right to federal question jurisdiction were provided to them as early as October 31, 2003, and no later than February 27, 2004. Thus, the deadline for removing the case was, at the very latest, March 27, 2004.[4] The notice of removal, however, was not filed until September 17, 2004.

---

[4] The Removing Defendants argue that the Plaintiffs' non-suit and then re-filing of their affirmative claims against the welding rod defendants restarted the thirty-day removal deadline. This argument is without merit, however, because the non-suit did not dismiss the welding rod defendants from the case. Certain cross-claims by other defendants remained pending against the welding rod defendants; thus, the thirty-day time limit for removal did not restart. Moreover, the Removing Defendants were served with the Plaintiffs' pleadings electronically on July 20, 2004, yet did not remove the case until September 17, 2004.

The removal was also wrongful because there is no basis for federal question jurisdiction. The Removing Defendants did not meet the requirements for federal enclave jurisdiction because they did not obtain the consent of other Defendants (including McDermott) before removal and because nothing in Plaintiffs' pleadings indicates a basis for federal enclave jurisdiction. *See Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp.2d 653, 667 (E.D. Tex. 1999). The requirements for federal officer jurisdiction also do not exist because the Removing Defendants cannot show a causal nexus between the acts of which Plaintiffs complain and any action Removing Defendants took under federal direction. *See Faulk*, 48 F. Supp.2d at 659. Because there is no federal jurisdiction, this Panel should vacate the Conditional Transfer Order.

### 2. *The Insurer Defendants' blatant forum-shopping should not be rewarded.*

The Insurer Defendants have opposed McDermott's motion to remand this case and have asked that, if severance of McDermott's Third-Party claims is granted, those claims be stayed in deference to a later-filed declaratory judgment action brought by the Insurer Defendants in Louisiana. The Insurer Defendants have shown through their pleadings in the federal action a blatant attempt to avoid the forum properly selected by McDermott and to which the London Market Insurers contractually agreed to accept through the insurance policies. The Insurer Defendants are trying to stall McDermott's claims in the MDL in an attempt to have the Louisiana declaratory judgment action decided first. The Insurer Defendants have no interest in having McDermott's claims pending in the MDL, other than their desire to remove themselves from the Texas state court. Transfer of McDermott's claims to the asbestos MDL would only reward the Insurer Defendants,

-14-

who will do anything to avoid the forum properly selected by McDermott.  This factor mandates against transfer of McDermott's Third-Party claims.

**D.**     *The Conditional Transfer Order is ambiguous and should be clarified.*

The Conditional Transfer Order issued on November 12, 2004 states, in pertinent part:

> It appears that the action on this conditional transfer order (*Benoit*) involves questions of fact which are common to: 1) the actions in MDL-875 previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner; and 2) the actions in MDL-1535 previously transferred to the Northern District of Ohio and assigned to Judge O'Malley. *Benoit comprises two sets of claims, as follows:  1) asbestos claims contained in Sections 1.0 and 3.0 of the complaint that involve common questions of fact with the previously transferred MDL-875 actions; and 2) welding rod claims contained in Sections 1.0 and 2.0 of the complaint that involve common questions of fact with the previously transferred MDL-1535 actions.*

(Exhibit A, p. 1) (emphasis added).  The Order does not acknowledge McDermott's Third-Party claims against its insurers and the welding rod defendants, which are in no way common to the personal injury claims that are the subject of the two MDLs.  The Panel did not consider McDermott's Third-Party claims or the impact of its Conditional Transfer Order on those claims.  Had it considered McDermott's claims, the claims likely would have been severed.

The Order further provides that "*Benoit* is transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991. . . ." (Exhibit A, p. 1).  The Order then remands back to the district court the welding rod claims contained in Sections 1.0 and 2.0 of the complaint in *Benoit* and then transfers the welding rod claims to the Northern District of Ohio for inclusion in the welding rod MDL.  (Exhibit A, p. 2).  Again, there is no mention or reference to McDermott's Third-Party claims.  Because there is no reference to McDermott's Third-

Party claims, it appears that those claims, by default, will be transferred to the Eastern District of Pennsylvania for inclusion in the asbestos MDL.  (*See* Exhibit A, p. 1 (transferring "*Benoit*" to the asbestos MDL while carving out only the underlying Plaintiffs' welding rod claims for transfer to the welding rod MDL)).

The Insurer Defendants have suggested in their briefing in the transferor court that McDermott's Third-Party claims have in fact been transferred to both the asbestos MDL and the welding rod MDL.  According to the Insurer Defendants, all of the asbestos-*related* claims in the case have been transferred to the asbestos MDL, and all of the welding rod-*related* claims in the case have been transferred to the welding rod MDL.  The Conditional Transfer Order, however, does not state that fact.  Even if it did, McDermott's claims are not "related" to the asbestos or welding rod fume claims.  Thus, in the event this Panel denies McDermott's motion to sever its Third-Party Claims and to vacate the transfer order as to those claims, McDermott requests clarification from this Panel as to the current forum for its Third-Party claims.

## V.  CONCLUSION

The elements required to transfer McDermott's claims to the asbestos MDL are not satisfied. There are no common issues of fact or law, the witnesses and parties will be inconvenienced, and the just and efficient promotion of the case will not occur if transfer is allowed.  For these reasons, McDermott respectfully requests that this Panel sever McDermott's Third-Party claims against the welding rod defendants and against McDermott's insurers from the underlying claims, and vacate the Conditional Transfer Order as to McDermott's claims.

Dated: December 14, 2004.

Respectfully submitted,

BRACEWELL & PATTERSON, L.L.P.

Margaret T. Brenner
Texas Bar No. 02958050
S.D. Tex. No. 9044
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile:     (713) 221-1212

**ATTORNEY-IN-CHARGE FOR THIRD-PARTY
PLAINTIFF J. RAY MCDERMOTT, INC.**

Of counsel:

**BRACEWELL & PATTERSON, L.L.P.**
Mark A. Font
Texas Bar No. 07216000
S.D. Tex. No. 15667
Tracy C. Temple
Texas Bar No. 00793446
711 Louisiana, Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile:  (713) 221-1212

**POWERS & FROST**
James H. Powers
State Bar No. 16217400
Sharla J. Frost
State Bar No. 07491100
1221 McKinney, Suite 2400
Houston, Texas 77010
Telephone: (713) 767-1555
Facsimile:  (713) 767-1799

**ATTORNEYS FOR THIRD-PARTY PLAINTIFF
J. RAY MCDERMOTT, INC.**

-17-

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of December 2004, a true and correct copy of the foregoing has been served upon all counsel listed on Involved Counsel List (CTO-238 and CTO-18).

Margaret T. Brenner

-18-

INVOLVED COUNSEL LIST (CTO-238)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

INVOLVED COUNSEL LIST (CTO-18)
DOCKET NO. 1535
IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

Barbara Lee Arras
Phelps Dunbar, LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Kenneth Camp Bailey
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001

John H. Beisner
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1111 Bagby Street
Suite 2300
Houston, TX 77002

Paula H. Blazek
Germer, Bernsen & Gertz
550 Fannin Street
Suite 700
Beaumont, TX 77701

William C. Book, Jr.
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, TX 77010

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Brian S. Clary
Brian S Clary & Associates
402 Staiti
Humble, TX 77338

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox &
Garofoli
The Halle Building, Suite 900
1228 Euclid Avenue
Cleveland, OH 44115

Lea F. Courington
Gwinn & Roby
4100 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Bruce A. Craig
The Carlisle Law Firm, LLP
400 S. Alamo
Marshall, TX 75670

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Michael B. DeSanctis
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, DC 20005

Richard M. Edmonson
Armstrong Allen, PLLC
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brad Kent Howell
Womble & Cotellesse
1814 Memorial Drive
Houston, TX 77007

Louis H. Knabeschuh
Jenkins & Martin
P.O. Box 26008
2615 Calder - Suite 500
Beaumont, TX 77720-6008

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Katharine R. Latimer
Spriggs & Hollingsworth
1350 I Street, N.W., Suite 900
Washington, DC 20005

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

M. Scott Minyard
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P. O. Box 14167
Jackson, MS 39236

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

INVOLVED COUNSEL LIST (CTO-238) MDL-875 AND (CTO-18) MDL-1535          PAGE 2 OF 2

Hubert Oxford, III
Benckenstein & Oxford
3535 Calder Ave.
Suite 300
P.O. Drawer 150
Beaumont, TX 77704

Wayne Peveto
118 Border
Orange, TX 77630

James Hayes Powers
Powers & Frost
1221 McKinney Street
Suite 2400
Houston, TX 77010

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard E. Sarver
Barrasso Usdin Kupperman Freeman & Sarver, LLP
LL & E Tower
909 Poydras Street
Suite 1800
New Orleans, LA 70112

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

David B. Siegel
Crowell & Moring, LLP
1001 Pennsylvania Avenue
Washington, DC 20004

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert B. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Theodore Voorhees, Jr.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20004

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 1 4 2004

FILED
CLERK'S OFFICE

# EXHIBIT A

NOV. 16. 2004  8:37AM                                           NO. 740    P. 2

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

November 12, 2004

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)
Re: MDL-1535 -- In re Welding Rod Products Liability Litigation

*Doug Benoit, et al. v. J. Ray McDermott, Inc., et al.,* E.D. Texas, C.A. No. 1:04-597

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the above-captioned action. This action is transferred pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office BY FACSIMILE, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:   November 29, 2004   (4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel Rules before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By
Deputy Clerk

Attachments

JPML Form 39

NO. 740    P. 3
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 1 2 2004

FILED
CLERK'S OFFICE

## DOCKET NOS. 875 AND 1535

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## MDL-875 – IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## MDL-1535 – IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Doug Benoit, et al. v. J. Ray McDermott, Inc., et al.,* E.D. Texas, C.A. No. 1:04-597

### MDL-875 CONDITIONAL TRANSFER ORDER (CTO-238)
### WITH SEPARATION, REMAND AND
### MDL-1535 CONDITIONAL TRANSFER ORDER (CTO-18)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings in MDL-875 pursuant to 28 U.S.C. § 1407. Since that time, 78,475 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions in MDL-875 have been assigned to the Honorable Charles R. Weiner.

On June 23, 2003, the Panel transferred three civil actions to the United States District Court for the Northern District of Ohio for coordinated or consolidated pretrial proceedings in MDL-1535 pursuant to 28 U.S.C. § 1407. Since that time, 169 additional actions have been transferred to the Northern District of Ohio. With the consent of that court, all such actions in MDL-1535 have been assigned to the Honorable Kathleen McDonald O'Malley.

It appears that the action on this conditional transfer order (*Benoit*) involves questions of fact which are common to: 1) the actions in MDL-875 previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner; and 2) the actions in MDL-1535 previously transferred to the Northern District of Ohio and assigned to Judge O'Malley. *Benoit* comprises two sets of claims, as follows: 1) asbestos claims contained in Sections 1.0 and 3.0 of the complaint that involve common questions of fact with the previously transferred MDL-875 actions; and 2) welding rod claims contained in Sections 1.0 and 2.0 of the complaint that involve common questions of fact with the previously transferred MDL-1535 actions.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation,</u> 199 F.R.D. 425, 435-36 (2001), *Benoit* is transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

The welding rod claims contained in Sections 1.0 and 2.0 of the complaint in *Benoit* are hereby separated and remanded, under 28 U.S.C. § 1407(a), to the Eastern District of Texas.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the welding rod claims contained in Sections 1.0 and 2.0 of the complaint in *Benoit* are transferred under 28 U.S.C. § 1407 to the Northern District of Ohio for the reasons stated in the order of June 23, 2003, 269 F.Supp.2d 1365 (J.P.M.L. 2003), and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley.

This order does not become effective until it is filed in the offices of i) the Clerk of the United States District Court for the Eastern District of Pennsylvania, and ii) the Clerk of the United States District Court for the Northern District of Ohio. The transmittal of this order to said Clerks shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

### RULE 5.2:     SERVICE OF PAPERS FILED

(a)     All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)     The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)     Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)     In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)     If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

(a)      Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)      Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)      Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period.  If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.  The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)      Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof.  The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel.  Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)      Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)      Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:     MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)      Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)      Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)      Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407.  Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown.  The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)      A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such action that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)      Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

## INVOLVED COUNSEL LIST (CTO-238)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## INVOLVED COUNSEL LIST (CTO-18)
## DOCKET NO. 1535
## IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

Barbara Lee Arras
Phelps Dunbar, LLP
Canal Place
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

Kenneth Camp Bailey
Williams Bailey Law Firm
8441 Gulf Freeway, Suite 600
Houston, TX 77017-5001

John H. Beisner
O'Melveny & Myers, LLP
1625 Eye Street, N.W.
Washington, DC 20006-4001

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

John G. Bissell
Strong, Pipkin, Bissell & Ledyard
1111 Bagby Street
Suite 2300
Houston, TX 77002

Paula H. Blazek
Germer, Bernsen & Gertz
550 Fannin Street
Suite 700
Beaumont, TX 77701

William C. Book, Jr.
Tekell, Book, Matthews & Limmer
4300 One Houston Center
1221 McKinney
Houston, TX 77010

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building
7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Brian S. Clary
Brian S Clary & Associates
402 Staitti
Humble, TX 77338

John R. Climaco
Climaco, Lefkowitz, Peca, Wilcox &
Garofoli
The Halle Building, Suite 900
1228 Euclid Avenue
Cleveland, OH 44115

Lea F. Courington
Gwinn & Roby
4100 Renaissance Tower
1201 Elm Street
Dallas, TX 75270

Bruce A. Craig
The Carlisle Law Firm, LLP
400 S. Alamo
Marshall, TX 75670

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Michael B. DeSanctis
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, DC 20005

Richard M. Edmonson
Armstrong Allen, PLLC
4450 Old Canton Road
Suite 210
Jackson, MS 39211

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
Suite 1000
The Bourse
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Brad Kent Howell
Womble & Cotellesse
1814 Memorial Drive
Houston, TX 77007

Louis H. Knabeschuh
Jenkins & Martin
P.O. Box 26008
2615 Calder - Suite 500
Beaumont, TX 77720-6008

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Katharine R. Latimer
Spriggs & Hollingsworth
1350 I Street, N.W., Suite 900
Washington, DC 20005

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

M. Scott Minyard
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P. O. Box 14167
Jackson, MS 39236

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Hubert Oxford, III
Benckenstein & Oxford
3535 Calder Ave.
Suite 300
P.O. Drawer 150
Beaumont, TX 77704

Wayne Peveto
118 Border
Orange, TX 77630

James Hayes Powers
Powers & Frost
1221 McKinney Street
Suite 2400
Houston, TX 77010

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard E. Sarver
Barrasso Usdin Kupperman Freeman & Sarver, LLP
LL & E Tower
909 Poydras Street
Suite 1800
New Orleans, LA 70112

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

David B. Siegel
Crowell & Moring, LLP
1001 Pennsylvania Avenue
Washington, DC 20004

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Theodore Voorhees, Jr.
Covington & Burling
1201 Pennsylvania Avenue, N.W.
P.O. Box 7566
Washington, DC 20004

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Clay M. White
Sammons & Parker, P.C.
218 North College
Tyler, TX 75702

# EXHIBIT B

JAN-22-2003  16:57      UHI? MCRILLIP BHHH?PC           7135991355    P.07

7135991355

# A168572

No. _____

DOUG BENOIT, *et al.*          §      IN THE DISTRICT COURT
      PLAINTIFFS          §
                  §
                  §
VS.                           §      ___th JUDICIAL DISTRICT
                  §
J. RAY McDERMOTT, INC., *et al.*  §
      DEFENDANTS          §      JEFFERSON COUNTY, TEXAS

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Named Plaintiffs Herein, complaining of J. RAY McDERMOTT, INC. and other named defendants herein, and for cause of action would show the Court and Jury as follows:

    1.0    The Plaintiffs bring this action designated as a Discovery Level III case.

    Plaintiffs are citizens of Texas, Louisiana, Georgia and Mississippi. The following Plaintiffs claim injuries damages due to exposures to asbestos and to welding fumes:

1. Doug Benoit is a citizen and a resident of Louisiana.
2. Thaddeus Chaisson is a citizen and a resident of Louisiana.
3. William Edwards is a citizen and a resident of Georgia.
4. Raymond Foret, Jr. is a citizen and a resident of Louisiana.
5. Roy Freeman is a citizen and a resident of Louisiana.
6. Ronald Gautreaux is a citizen and a resident of Louisiana.
7. Jules Hebert is a citizen and a resident of Louisiana.
8. John Lombardi is a citizen and a resident of Louisiana.
9. Eugene Lovell is a citizen and a resident of Louisiana.
10. James Lovell is a citizen and a resident of Louisiana.
11. Gerald Marcel is a citizen and a resident of Louisiana.
12. Sterling Mayon is a citizen and a resident of Louisiana.

PLAINTIFF'S ORIGINAL PETITION
Number 1

JAN-22-2003  16:57     WMI  MCKILLUP BRITH PC
7135991355                                    7135991355        P.88

13.   Donald Melancon is a citizen and a resident of Louisiana.

14.   Billy Miller is a citizen and a resident of Louisiana.

15.   Steve Oliver is a citizen and a resident of Louisiana.

16.   Audrey Robrechaux is a citizen and a resident of Louisiana.

17.   Jerry Torsclair is a citizen and a resident of Louisiana.

18.   Robert Webre is a citizen and a resident of Louisiana.

19.   Vital Landry is a citizen and a resident of Louisiana.

20.   Chris Levron is a citizen and a resident of Louisiana.

21.   Rodney Martin is a citizen and a resident of Louisiana.

22.   Roy Rhodes is a citizen and a resident of Louisiana.

23.   Albert Aucoin is a citizen and resident of Louisiana.

24.   Isaac Bergeron is a citizen and resident of Louisiana.

25.   Eugene Bonvillian is a citizen and resident of Louisiana.

26.   Earl Breaux is a citizen and resident of Louisiana.

27.   Gerald Chauvin is a citizen and resident of Louisiana.

28.   Paul Crocket, Sr. is a citizen and resident of Louisiana.

29.   Joseph Dufrene is a citizen and resident of Louisiana.

30.   Arthur Ellender, Jr. is a citizen and resident of Louisiana.

31.   Terry Ellender is a citizen and resident of Louisiana.

32.   Gary Gautreaux is a citizen and resident of Louisiana.

33.   Dale Gautreaux is a citizen and resident of Louisiana.

34.   Oscar Gautreaux is a citizen and resident of Louisiana.

35.   Ricky Giroir is a citizen and resident of Louisiana.

36.   Rene Himel, Sr. is a citizen and resident of Louisiana.

37.   Ralph Johnson is a citizen and resident of Mississippi.

38.   Mac Knapp is a citizen and resident of Louisiana.

39.   John Knight is a citizen and resident of Louisiana.

40.   David Leboeuf is a citizen and resident of Louisiana.

41.   Eugene Lovell is a citizen and resident of Louisiana.

42.   Arcen Marcel is a citizen and resident of Louisiana.

43.   Perry Martin is a citizen and resident of Louisiana.

PLAINTIFF'S ORIGINAL PETITION
Page Number 2

RECEIVED TIME   JAN. 22.   4:49PM          PRINT TIME   JAN. 22.   5:01PM

7135991355

44. Gilbert Matheme, Jr. is a citizen and resident of Louisiana.

45. Ricky Mayon is a citizen and resident of Louisiana.

46. Everett Miller, Jr. is a citizen and resident of Louisiana.

47. Davis Peltier is a citizen and resident of Louisiana.

48. Erroll Roddy is a citizen and resident of Louisiana.

49. Thomas Savoy is a citizen and resident of Louisiana.

50. Jeffrey Souldier is a citizen and resident of Louisiana.

51. Freddie Theriot is a citizen and resident of Louisiana.

52. Willie Ward is a citizen and resident of Louisiana.

53. Claude Thompson is a citizen and resident of Texas.

54. Donnie Livette is a citizen and resident of Louisiana.

55. Bruce Desselle is a citizen and resident of Louisiana.

56. Keith Robichaux is a citizen and resident of Louisiana.

57. Russell Porche is a citizen and resident of Louisiana.

58. Louis Falregas is a citizen and resident of Louisiana.

59. Leroy Leboeuf, Sr. is a citizen and resident of Louisiana.

60. Berwick Fonseca, Sr. is a citizen and resident of Louisiana.

61. Johnny Loupe is a citizen and resident of Louisiana.

62. Greyson McAlister is a citizen and resident of Texas.

63. Daniel Griffin is a citizen and resident of Louisiana.

64. Bert Knight is a citizen and resident of Louisiana.

65. Bobby Chauvin is a citizen and resident of Louisiana.

66. Samuel Ruffin is a citizen and resident of Louisiana.

2.0    Defendant, J. Ray McDermott, Inc. is a Delaware Corporation conducting business in Texas and with principle offices in Texas and may be served process through its registered agent for service, C.T. Corporation Service, 1021 Main Street, Suite 1150, Houston, Texas 77002.

## 1.0    MARATIME CLAIMS AGAINST McDERMOTT

PLAINTIFF'S ORIGINAL PETITION
Page Number 3

RECEIVED TIME  JAN. 22.  4:49PM       PRINT TIME  JAN. 22.  5:01PM

1-1    This is an action under general maritime law for damages for personal injuries suffered by the Plaintiffs, each in their capacity as a member of the crew of a vessel for injuries suffered in the course of his engagement to perform and performance of the ship's work for McDermott. In addition, each of the Plaintiffs brings this action under Title 46, United States Code § 688 et seq., commonly referred to as the "Jones Act" incorporating the Federal Employers Liability Act and general maritime law. Jurisdiction in this Court is proper in that the amount in controversy is within the jurisdictional limitations for this Court; that general maritime law is within the jurisdiction of the State Courts; and by reason that the State District Courts have concurrent jurisdiction of Title 46, United States Code § 688 Jones Act claims. Venue is proper and mandatory in Jefferson County, Texas under Texas Civil Practice and Remedies Code § 15.018(b) in that a significant portion of the exposures which led to the Plaintiffs' claims herein occurred in such county.

## FIRST CAUSE OF ACTION- FOR MAINTENANCE AND CURE

1-2    This action is brought as a general maritime law claim. Plaintiffs will show that each of the Plaintiffs were engaged as a seaman onboard various vessels owned, manned and operated by the Defendant McDermott. Plaintiff will show that in the course and scope of performing the ship's work, they were routinely exposed to asbestos fibers and welding fumes which they have come to learn have caused them to suffer injuries and disability. The Plaintiff will show that the Defendant had an implied at law contractual responsibility to provide for the maintenance and cure of the Plaintiff. The Plaintiff will show that the Defendant's duty is to provide the injured seamen with reasonable and adequate medical care and treatment, as well as compensation for living

expenses incurred during the period of treatment. In breach of this duty, the Defendant has failed in its duty to provide the Plaintiff with medical treatment reasonable and necessary to the cure of the injuries suffered by the Plaintiff in the performance of the work of the ship. In addition, the defendant has failed in its duty to provide the Plaintiff with his reasonable costs of maintenance for periods of treatment for such injuries suffered by the Plaintiff in the performance of the work of the ship. Plaintiff brings this action at law to recover such sums of the Defendant.

1-3      In addition, the Plaintiff will show that it has become necessary for him to engage the services of Bruce A. Craig, an attorney licensed to practice law in the State of Texas to enforce his rights against the Defendant. The Plaintiff will show that he is entitled to an award of reasonable attorney's fees necessary to bring this action at law for maintenance and cure. In connection therewith, the Plaintiff will show that this action is an implied at law contract action pertaining to personal services, and that an award of attorney's fees reasonable and necessary to the prosecution of this action to judgment, and in defense of such judgment is authorized under the Texas Civil Practices and Remedies Code § 38.001(1) and/or (2). Plaintiff alleges that all conditions precedent to recovery have been satisfied.

## SECOND CAUSE OF ACTION- BREACH OF WARRANTY

1-4      This action is also brought as a general maritime law claim. Plaintiffs will show that each of the Plaintiffs were engaged as a seaman onboard various vessels owned, manned and operated by the Defendant McDermott. Plaintiffs will show that the vessels was used for welding and placing underwater pipelines. Plaintiffs will further show that the vessels were inadequate in ventilation of welding fumes, and were

constructed with direct communication of asbestos fibers from the vessels to the crew members.

1-5     The Plaintiff will show that the Defendant warranted the vessel and equipment on the vessel on which the Plaintiffs were engaged as a crew member to be reasonably fit for the performance of the work at hand.  The Plaintiff will show that the Defendant breached its warranty of seaworthiness in that the vessel was unsafe and unfit for the work intended because of the use of asbestos fibers in its construction, the failure of the Defendant to remediate such conditions, and by reason of the design of welding facilities which did not provide adequate ventilation.

1-6     Plaintiff will each show that he has been injured and damaged as a proximate result of the Defendant's Breach of Warranty of seaworthiness.  The Plaintiffs have each suffered pain and mental anguish in the past, and in all reasonable likelihood, will suffer same well into the future for which Plaintiff brings suit herein.  Some Plaintiffs have endured past disability and all Plaintiffs likely will suffer some disability into the future.  The Plaintiffs have been subjected to lost wages and diminished earning capacity.  Plaintiffs will show they have incurred doctor, hospital pharmacy and other medical care and treatment in the past which was necessary for the treatment of his injuries suffered herein and for which reasonable charges were incurred.  Additionally, Plaintiffs will each show that in all reasonable likelihood, he will incur reasonable expenses in the future for doctor, hospital, pharmacy and other medical treatment necessary for the treatment of injuries he has suffered herein.

1-7     In addition, each Plaintiff will show that it has become necessary for him to engage the services of Bruce A. Craig, an attorney licensed to practice law in the State

of Texas to enforce his rights against the Defendant. The Plaintiff will show that he is entitled to an award of reasonable attorney's fees necessary to bring this action at law for breach of the warranty of seaworthiness. In connection therewith, the Plaintiff will show that the warranty of seaworthiness is an implied at law covenant pertaining to contract between the Defendant and the Plaintiff for the rendition of personal services, and that an award of attorney's fees reasonable and necessary to the prosecution of this action to judgment, and in defense of such judgment is authorized under the Texas Civil Practices and Remedies Code § 38.001(1) and/or (2). Plaintiff alleges that all conditions precedent to recovery have been satisfied.

## COUNT THREE- JONES ACT ALLEGATIONS

1-8      Plaintiff brings suit against the Defendant as authorized by the Jones Act, Title 46, United States Code § 688 et seq. Each Plaintiff will show that at the time of exposures which led to the injuries complained of herein, he was employed as a seamen by the Defendant McDermott and was engaged in the service of the vessel. Each Plaintiff will show that as a seamen engaged by the Defendant in the service of the vessel, the Defendant owed him a legal duty of ordinary care and to provide him a safe place of employment. In this regard, each Plaintiff will show that the Defendant breached such duty in one or more of the following particulars, each of which individually the Plaintiff alleges to be a contributing cause of his injuries and damages:

1) the Defendant failed to provide Plaintiff with safe and appropriate tools for the performance of the work;

2) the Defendant failed to ensure safe guidelines or rules were implemented in the performance of the work;

3) the Defendant failed to provide Plaintiff with a safe workplace by the presence of asbestos fibers in the construction of the vessel

4) the Defendant failed to providing safety appliances such as vents and or respiratory protection;

5) the Defendant failed to adequately train the Plaintiff as to proper procedures for protection from fumes and asbestos fibers.

6) the Defendant failed to properly supervise the work of its employees; and

7) the Defendant failed to identify and warn of known hazards associated with the

Plaintiffs' duties;

Each of the above and foregoing acts and or omissions, individually and cumulatively was a contributing cause of the injuries and damages sustained by the Plaintiffs for which suit has been brought herein.

1-9    As a consequence of the failure of the Defendant to exercise ordinary care, the Plaintiffs have each suffered injury and damages.  The Plaintiffs have each suffered pain and mental anguish in the past, and in all reasonable likelihood, will suffer same well into the future for which Plaintiff brings suit herein.  Some Plaintiffs have endured past disability and all Plaintiffs likely will suffer some disability into the future.  The Plaintiffs have been subjected to lost wages and diminished earning capacity.  Plaintiffs will show they have incurred doctor, hospital pharmacy and other medical care and treatment in the past which was necessary for the treatment of his injuries suffered herein and for which reasonable charges were incurred.  Additionally, Plaintiffs will each show that in all reasonable likelihood, he will incur reasonable expenses in the future for doctor, hospital, pharmacy and other medical treatment necessary for the treatment of injuries he has suffered herein.

1-10   WHEREFORE, PREMISES CONSIDERED, each of the Plaintiffs pray that the Defendant be cited to appear and answer herein, and that upon final trial and

PLAINTIFFS ORIGINAL PETITION

verdict herein, he has his election of his remedies and judgment of the Defendant for his damages as prayed for herein, including pre-judgment and post judgment interest, costs of court and attorney fees in the maximum amount permitted by law.  Plaintiff prays for general relief and for such other and further relief to which he may show himself to be entitled, at law or in equity.

## 2.0   RELATED CLAIMS- WELDING FUME EXPOSURES

2-1    In addition to their claims brought under general maritime law, each of the Plaintiffs herein brings claims under negligence, warranty and product liability theories against the manufacturers and suppliers of the products which resulted in their injuries and damages by reason of the inhalation or ingestion of welding fumes.

### JURISDICTION AND VENUE

2-2    The Court has jurisdiction over the Plaintiffs because all or a substaintial portion of exposures which are the basis of this suit occurred in Texas.  The Court has jurisdiction over the Defendants as each Defendant is a citizen or resident of the state of Texas or, in the alternative, as to foreign defendants, Plaintiffs will show that this Court has jurisdiction under the Long Arm Statute as to each such Defendant because Defendants are corporations who are purposefully engaged in business and commerce in the State of Texas and products of said Defendants have been placed in the stream of commerce and are sold and utilized within the State of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of this Court.  Venue is mandatory in Jefferson County by application of Texas Civil Practices and Remedies Code, section 15.004 because the Plaintiffs have properly joined these claims with their Jones Act Claims, which arise from the same occurrence, transaction or series of occurrences and transactions.

PLAINTIFF'S ORIGINAL PETITION

**2-3    Plaintiffs:**

This action is brought by all named Plaintiffs.

**2-4    Plaintiffs** bring their claims under these actions against the following Defendants:

(1)    Defendant Alcoa, Inc. is a Pennsylvania corporation who may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(2)    Defendant American Welding is a trade organization that may be served by serving its Executive Director at 550 N.W. LeJeune Road, Miami, Florida 33126.

(3)    Defendant A.O. Smith is a Delaware corporation who may be served with process by serving its registered agent, Prentice-Hall Corporation System, Inc., 800 Brazos Street, Suite 750.

(4)    Defendant General Electric Company is a New York corporation who may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(5)    Defendant ESAB Group, Inc. is a Delaware corporation who may served with process by serving its President or Vice President at 411 South Ebenezer Road, Florence, South Carolina 29501.

(6)    Defendant General Electric Company is a New York corporation who has been served and is properly before this Court and may be served with process by serving its attorney of record, Kay Andrews of the firm Brown McCarroll, L.L.P., 111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043.

(7)    Defendant Handy & Harman a New York corporation who may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

(8)    Defendant Hobart Brothers Company d/b/a McKay Welding Products, is an Ohio corporation who may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(9)    Defendant J.W. Harris Co., Inc. is a company doing business in Texas who may be served with process by serving its President or Vice President at 4501 Quality Place, Mason, Ohio 45040-1971.

PLAINTIFF'S ORIGINAL PETITION

(10)  Defendant Lincoln Electric Holdings, Inc. a/k/a Lincoln Electric Company is an Ohio corporation who may be served with process by serving its president or vice president at 22801 Saint Clair Avenue, Cleveland, Ohio 44117-2524.

(11)  Defendant Miller Electric Co. a/k/a Miller Electric Manufacturing Co., is a corporation who may be served with process by serving its president or vice president at 1635 West Spencer Street, Appleton, Wisconsin 54914.

(12)  Defendant National Electrical Manufacturers Association, a trade association who may be served by serving its Board of Governors at 1300 North 17th Street, Suite 1847, Rosslyn, Virginia 22209.

(13)  Defendant Union Carbide Corporation a/k/a Union Carbide Chemicals and Plastics Co., Inc., a New York corporation, formerly d/b/a Linde, who may be served with process by serving its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

(14)  Defendant Praxair, Inc. is a Delaware corporation who may be served with process by serving its registered agent, Prentice-Hall Corporation System Inc., 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

(15)  Defendant Sandvik, Inc. is a Delaware corporation who may be served with process by serving its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

(16)  Defendant TDY Industries, Inc. is a California corporation who may be served with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

(17)  Defendant VIACOM, INC., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation (identified in Plaintiffs' Original Petition as Westinghouse Electric Corporation) is a Delaware corporation who has been served and is properly before this Court and may be served with process by serving its attorney of record, Michael L. Samford of the firm Strong, Pipkin, Nelson, Bissell & Ledyard, L.L.P., 1111 Bagby, #2300, Houston, Texas 77002-2546.

(18)  ALCOTEC WIRE CORPORATION is a foreign corporation which may be served through its registered agent for service, C.T. Corporation System, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

(19)  ALCOAWELD WIRE CORPORATION is a foreign corporation which may be served through its registered agent for service, The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

PLAINTIFFS' ORIGINAL PETITION

(20)   ALLOY RODS CORPORATION is a foreign corporation conducting business in the state of Texas and may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(21)   ARCOS ALLOYS is the assumed name of a corporation, partnership or sole proprietorship located in Texas with its principle offices located at 6416 Navigation Blvd, Houston, Texas 77011 and is sued in its assumed name under Rule 28, Texas Rules of Civil Procedure and may be served at that location by service on its manager, Mr. Charles Jaworski.

(22)   ARCOS ALLOYS CORPORATION is foreign corporation conducting business in the State of Texas.  This Defendant may be served by service of process upon its C.E.O., Mr. James Breen, or its Secretary, Mr. Randy Baxter at 1 Arcos drive, Mt. Carmel, PA 17851.

(23)   AVESTAPOLARIT WELDING, INC., is a New Jersey Corporation conducting business in Texas and may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(24)   BIG THREE INDUSTRIES, INC. is a foreign corporation conducting business in the state of Texas and may be served with process through its registered agent for service, Capitol Corporation Services, 800 Brazos street, Suite 1100, Austin, Texas 78701.

(25)   BOHLER-THYSSEN WELDING USA, INC. is a New York Corporation which may be served through its registered agent for service, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

(26)   SANDVIK COROMANT is the assumed name of a foreign corporation conducting business in the State of Texas and is sued in its assumed name under Rule 28, Texas Rules of Civil Procedure and may be served by serving the principle officer in its offices in the State of Texas, Mr. Ray Benson at 13023 Trinity Drive, Stafford, Texas 77477.

(27)   J.W. HARRIS CO., INC. individually and fka HARRIS-WELCO is a foreign corporation conducting business in Texas and may be served process through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

(28)   THERMODYNE is the assumed name of a Delaware corporation conducting business as Stoody, Thermal Arc, Tweco, Arcair, among others in the State of Texas and may be sued in its assumed name under Rule 28, Texas Rules of Civil Procedure.  Service may be effected by service on its registered agent for service, Ms. Katherine Rheinecker, C.T. Corporation System, 906 Olive Street, St. Louis, MO 63101.

PLAINTIFF'S ORIGINAL PETITION

JAN-22-2003  17:11      WHITE MACKILLOP BAHAM,PC                    7135991355    P.19

## CORPORATE LIABILITY

2-5    Whenever it is alleged herein that a corporate Defendants did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants, employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendants, or were acting in the normal, routine course and scope of their employment, agency or representation.  To this extent the Plaintiffs invoke the doctrine of *Respondeat Superior* in this case.

2-6    Alternatively and in addition to the foregoing, it is meant that a predecessor in interest to that Defendant is liable for the alleged acts and the successor in interest corporation is liable for the acts and omissions of its predecessor.

2-7    Alternatively and in addition to the foregoing, it is meant that a corporate Defendants is responsible because the conduct, negligence and other acts and omissions of another Defendants or entity not a Defendants herein are imputable to it, in that they were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law, or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

2-8    Alternatively and to the extent applicable, the Plaintiffs would show that some of the Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation

PLAINTIFF'S ORIGINAL PETITION

of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

2-9     Finally, for any Defendants that is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name, the Plaintiffs invoke Tex. R. Civ. P. 28 which allows said Defendants to be sued in its assumed name.

## BACKGROUND

2-10   The use of welding products for their ordinary and intended purposes in the welding process causes emission of fumes, particulates, and gases, most of which contain manganese in various concentrations and forms (hereinafter "welding fumes" or "manganese-containing welding fumes"). Since 1837, manganese has been medically recognized as toxic to the human central nervous system in levels that exceed the trace amounts normally found in the human body. The toxicity of manganese causes a progressive condition, referred to as manganese poisoning or intoxication, that manifests itself through various neurological symptoms which are often seriously disabling. Overexposure to welding fumes for a period as short as 49 days causes manganese poisoning, and the progressive development of the neurological symptoms. Persons exposed to welding fumes absorb them into their body through inhalation, ingestion, and contact with clothing, skin, hair, and other materials in the surrounding environment.

2-11   Plaintiffs were at various times overexposed to welding fumes while using welding products or being in the proximity of other persons using welding products. Plaintiffs' overexposures occurred in workplaces that failed to provide ventilation or other

precautionary measures necessary to protect against the health hazards of welding fumes. Plaintiffs were also overexposed because welding fumes contain a significant amount of manganese and other heavy metals that resulted in Plaintiffs absorbing into their bodies toxic levels of heavy metals and manganese.

2-12   Further, Plaintiffs were over exposed to welding fumes while at the same time being exposed to a number of other toxic chemicals. These chemicals include, but are not limited to, Acids, alcohols, arsenic, asbestos, benzene, cadmium, carbon tetrachloride, chloroform, dichlorobenzene, ethylene dibromide, ethylene dichloride, fiberglass, ketones, lead, manganese, methylene chloride, nickel, polybrominated biphenyls, polychlorinated biphenyls, phenol, radiation, solvents, styrene, toulene, trichloroethylene, welding fumes, and x-rays, varsol 1, 3 and 18, butyl acetate, polyamide, mineral spirits, toluene, ethylene diamine, petroleum hydrocarbons, alkaline mixtures, hexane, aliphatic petroleum distillate, compressor oils, aminic surfactant blends, sulfonate, heavy petroleum naphtha, corrosion inhibitors, petroleum distillates, zinc sulfate, acetone, methyl ethyl ketone, mercury, ammonia, nitric acid, carbon dioxide, chlorine, potassium hypochlorite, potassium phosphate, sodium hydroxide, ammonium chloride, hydrochloric acid, hydrofluoric acid, sulfuric acid, ethanolamine, sodium hypochlorite, sodium sulfite, trichloro-s-triazinetrione, chloromethyl isothiazolin, methylisothiazolin, tolyltriazole, zinc chloride, potassium hydroxide, methanol, diphosphonic acid, zinc oxide, tolyltriazole, sodium molybdate, hydrogen peroxide, (TCE) trichlorethylene, butyl alcohol, methyl amyl ketone, xylene, lithium chromate, diethylhydroxylamine, hydroquinone, methanol, peracetic acid, sodium erythorbate, potassium metabisulfite, and BP-300 insecticide. The cumulative and synergistic dose

effects of exposure to welding rod fumes that include manganese, chromium, lead, copper, and other heavy metals in addition to the toxic substances listed above has been devastating to the health of the plaintiffs. The synergistic and cumulative effect has been known in the welding industry, chemical industry, petroleum and manufacturing industries, and the field of industrial hygiene and toxicology and occupational medicine for decades. Despite this knowledge, Defendants failed to warn Plaintiffs of the dangers to the combined exposure to welding fumes and the other chemicals identified above.

2-13   At all relevant times, Plaintiffs will show they were each ignorant of the dangerous nature of welding fumes, manganese, and the neurological injuries that could occur as a consequence of exposure to such fumes, alone or in combination with other substances. A reasonable person, if informed of the hazards of overexposure to welding fumes, would not have willingly exposed him or herself to such fumes in workplaces without necessary precautionary measures. As a direct and proximate result of his overexposures to welding fumes, Plaintiffs each have suffered progressive neurological injuries which impair the normal functioning of their bodies. Plaintiffs' injuries have permanently diminished their earning capacity, restricted their lifestyle, and required them to incur substantial bills for continuing medical care.

## DEFENDANTS KNOWLEDGE OF DANGER

2-14   By virtue of the education, experience, and training of their employees, company research, libraries, and participation in the trade organizations, Defendants possessed actual knowledge concerning the causal relationship between welding fumes and neurological injury, which they failed to communicate to and concealed from persons exposed to such fumes.

2-15  The causal connection between neurological injuries and welding fumes has been scientifically documented since 1932. In 1932, a medical article was published documenting two cases in welders of manganese poisoning, which is a form of parkinsonism, and a copy of the article or summary thereof was received in the libraries of many or all Defendants. In 1937, National Electrical Manufacturers Association ("NEMA") Welding Section received further notice of the contents of the 1932 medical article through a welding safety booklet published by an insurance company stating that manganese in welding fumes "causes a disease similar to paralysis agitans [Parkinson's disease]." In 1958, the American Welding Society ("AWS") sponsored Z49 committee issued a document, approved by the toxic substance. In 1966, a meeting of a task group of the AWS Filler Metal Committee, members of the committee received notice of and discussed an industrial hygiene article identifying manganese as a toxic substance in welding fumes. In 1970, the AWS Task Group on Welding Fumes received notice, through a literature search submitted by a consultant hired by the Task Group on Welding Fumes, that welding fumes could cause neurological damage due to manganese poisoning, and that the symptoms of manganese poisoning resemble the symptoms of Parkinson's Disease. In 1970, the AWS Task Group on Welding Fumes received notice, through a welding fume study conducted by a consultant hired by the Task Group on Welding Fumes, that welding fumes could easily exceed the recommended occupational exposure guidelines, even when ventilation standards specified by Defendants were followed. In 1977, a lawsuit was filed in Texas on behalf of Mr. Acie Nobles alleging neurological injuries caused by welding fumes and Defendants received notice by adjudication of the case that the injuries were related to manganese. In 1978, the AWS

PLAINTIFF'S ORIGINAL PETITION

Safety and Health Committee received notice, through a literature search report submitted by a consultant hired by the Committee, that welders can incur neurological damage from manganese in welding fumes. A portion of this report is quoted below:

> Although a number of cases... have been reported, there are no recent studies reported in the literature which explore the magnitude of the problem of chronic manganese poisoning in welders. In future epidemiological studies of various welding populations, the prevalence of this disease should be investigated.
>
> Early symptoms of chronic manganism include restlessness, irritability and a tendency to laugh or cry without purpose. These symptoms may be followed by apathy, visual hallucinations, uncontrollable impulse, flight of ideas, mental confusion or euphoria.
>
> Mask like facial expression, spastic grin, muscle rigidity, slow gait with sliding of the feet, increased and abnormal reflexes, monotonous blurred speech with poor articulation, tremors, irregular handwriting, impaired hearing, double vision, abnormal reactions to pain, touch, heat and pressure, excessive salivation and perspiration, sexual impotence and diminution of libido have been described by various authors... Mental activity is reported to be slowed, judgment impaired and memory weakened, but intelligence remains normal.
>
> The observation that manganism resembles Parkinson's Disease deserves emphasis. Although no data on the prevalence of Parkinsonism in welders are available, there is a concern that some cases of manganese poisoning could be mistakenly diagnosed as Parkinson's Disease. Further investigations may be warranted.
>
> Manganism, like Parkinsonism, responds favorably to treatment with the drug levodopa (L-dopa), indicating that the two diseases may share certain biological abnormalities: depletion of dopamine ( a neurotransmitter in the basal ganlia of the brain; and depletion of melanin pigment ocntent of the nerve sells of the substanita nigra, also in the brian.

2-16   In 1978, the same consultant referred to in the above paragraph reported to the AWS Safety and Health Committee that manganese poisoning from welding fumes could be misdiagnosed as idiopathic Parkinson's Disease, and that the problem was so widespread as to require an epidemiological study. In 1979, the AWS Research Committee and the AWS Executive Committee on Safety and Health concluded that there was sufficient evidence to justify the funding of an epidemiological study, although it was never completed. In 1983, the AWS Safety and Health Committee received notice through an independent literature search that manganese poisoning is "readily confused with

Parkinson's Disease", and also that in a study in India, 40% of the welders studied incurred "neurological injury". In 1984, the chairperson of the AWS Safety and Health Committee admitted "manganese fume can cause a disease quite similar to Parkinson's disease after six months to two years of exposure." Beginning in 1985 and continuing to the present time, certain Defendants admitted in their Manufacturer Safety Data Sheets (MSDS), which are technical documents of limited distribution, their knowledge that manganese in welding fumes could cause neurological damage and requires quarterly medical examinations.

2-17    Based upon their knowledge of the health hazards of welding fumes, Defendants knew in the 1930s that certain precautionary measures were required to prevent chronic overexposure to such fumes. Some or all Defendants who have welding operations have medically monitored their employees for welding fume or other manganese exposures since the 1930s. In 1946 Defendants, acting through the AWS, formed the Z49 Committee to write a document, which was intended for use by persons with technical or scientific backgrounds, as a standard for precautionary measures concerning health hazards of welding. Such precautionary measures include general and local mechanical ventilation, the use of respirators, and medical monitoring of persons exposed to welding fumes. The most current TLV for manganese in compounds, including welding fume, was set at .2 milligrams per cubic meter for an 8 hour time weighted average workday in 1996. The 1958 AWS Z49.1 standards also required ventilation in "confined spaces...to prevent the accumulation of toxic materials..."Section 8.4.1   Subsequent revisions of the Z49.1 standards contain substantially similar provisions for precautionary measures. Although approved by Defendants as a technical document, the Z49.1 standards were not written or intended for distribution to plaintiffs as warnings about health hazards of welding fumes or instructions

about necessary precautionary measures.

## STRICT LIABILITY

### A.   MARKETING DEFECT

2-18   The Manufacturer, Supplier, and/or Distributor Defendants named herein manufactured, marketed, sold, distributed, supplied, and/or placed in the stream of commerce the dangerous welding products in this case which were defective and unreasonably dangerous in the way that they were marketed by said Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers of said products reasonably calculated to reach persons who were exposed, the persons responsible for allowing the exposure, and all persons said Defendants knew or should have foreseen would be exposed.  Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

### B.   DESIGN DEFECT

2-19   Further, the products that were manufactured, marketed, sold, distributed, supplied and/or placed in the stream of commerce by the Manufacturer, Supplier, and/or Distributor Defendants were of such a hazardous nature that they were unreasonably dangerous in their design.  Said products posed an abnormal danger when balanced with the utilities of such products therefore said Defendants should be held liable in strict liability pursuant to the rulings of the Texas courts and as adopted in the Restatement of Torts 2d, Section 402A, et al.  Such defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly described herein.  Defendants are jointly and severally liable to Plaintiffs pursuant to these provisions for introducing into the stream of commerce these defective and unreasonably dangerous products.

PLAINTIFF'S ORIGINAL PETITION

## BREACH OF WARRANTY

2-20   Plaintiffs assert that the Manufacturer, Supplier, and Distributor Defendants warranted their products to be reasonably fit for their intended use and made such warranties of a direct and implied nature.  Plaintiffs further allege that Defendants warranted their products to be free from defect.  In fact, a defect existed in the products before they left the manufacturer, supplier, and distributor.  Plaintiffs were foreseeable users of the products and the products were being used in their intended manner at the time of the injury.  Contrary to the direct and implied warranties of said Defendants, their respective products were not reasonably fit for their intended use and were the producing cause of the injuries of Plaintiffs.

2-21   The Manufacturer, Supplier, and/or Distributor Defendants are merchants as that term is defined in the Tex. Bus. & Com. Code in that each Defendants deals in goods of the kind in question and each holds itself out as having knowledge peculiar to such products.  As merchants, pursuant to the Tex. Bus. & Com. Code, said Defendants expressly and impliedly warranted and represented that their products were merchantable and fit for the ordinary purposes for which such products are used.  These warranties and representations on the part of said Defendants were false.  In fact, such products at the time of sale were unmerchantable and unfit for their intended use.  Thus, the Plaintiffs are entitled to recover under provisions of the Tex. Bus. & Com. Code, as well as other applicable warranty laws of the State of Texas.

2-22   Plaintiffs further assert that the Manufacturer, Supplier, and/or Distributor Defendants knew or should have known of the dangers of welding products exposure to individuals, yet they took no measure to prevent such exposure or to minimize the same and

totally failed and neglected to give any type of warning or alarm about the consequences of such exposure. Plaintiffs also allege that the seller knew the purpose for which the product was required and that the buyer and user of the product relied on the seller's skill to furnish a suitable product free from defect. Thus, the Manufacturer, Supplier, and/or Distributor Defendants have breached such implied warranty which is the producing and/or proximate cause of Plaintiffs' injuries.

2-23   Any disclaimer of warranties by the Manufacturer, Supplier, and/or Distributor Defendants was ineffective for the reason that the disclaimer was not a basis of the bargain. In the alternative, such disclaimers, if any, were not conspicuous. In the alternative, such disclaimers are unconscionable under the Tex. Bus. & Com. Code and as such, Plaintiffs pray that such disclaimers not be enforced. Finally, any limitation of consequential damages by the Manufacturer, Supplier, and/or Distributor Defendants is unconscionable under the Tex. Bus. & Com. Code and Plaintiffs pray that any such limitation not be enforced.   All exclusive or limited remedies provided by said Defendants have failed of their essential purpose; therefore, not withstanding any such disclaimer or limitation of remedies, the Plaintiffs seek and are entitled to recover all damages recoverable under the Tex. Bus. & Com. Code and all damages recoverable at common law as alleged herein.

## NEGLIGENCE

A.   MANUFACTURER, SUPPLIER, AND/OR DISTRIBUTOR DEFENDANTS

2-24   The welding products that Plaintiffs were exposed to were manufactured or distributed and are supplied by the manufacturer, supplier and/or distributor as listed herein. Those Defendants knew, or in the exercise of ordinary and reasonable care,

should have known, that the hazardous materials that were manufactured, distributed, or supplied by them would have dangers that would be unknown to and unappreciated by the ultimate users/consumers of their products.

2:25   Plaintiffs allege that it was the Manufacturer, Supplier, and/or Distributor Defendants' negligence that resulted in Plaintiffs working with and inhaling welding fumes in a manner that was harmful to Plaintiffs. These Defendants owed a duty to the Plaintiffs not to place a defective and unreasonably dangerous product into the stream of commerce. These Defendants breached this duty owed to the Plaintiffs and the injuries suffered by Plaintiffs were a direct and proximate result of the breath of this duty.

2-26   Plaintiffs would further allege that the Manufacturer, Supplier, and/or Distributor Defendants owed the Plaintiffs a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce. Said Defendants have breached this duty to warn and such breach was a direct and proximate result of Plaintiffs John Adair, et al injuries. The Manufacturer, Supplier, and/or Distributor Defendants were also negligent in failing to keep reasonably abreast of the literature in the field as to the dangerous propensities of the products in question. Plaintiffs would further show that said Defendants failed to take reasonable means to discover the dangerous nature and propensities of these products, all of which acts or omissions were negligent and a proximate cause of the injuries to Plaintiffs.

2-27   Plaintiffs would further show that the Manufacturer, Supplier, and/or Distributor Defendants were negligent in failing to provide adequate warnings of such dangers reasonably calculated to reach the persons who were exposed and who Defendants knew, or should have foreseen would be exposed to their dangerous products.

Such negligence was a proximate cause of the damages alleged and suffered by the Plaintiffs. In particular, the Manufacturer, Supplier, and/or Distributor Defendants were negligent in the following ways:

1. failing to warn or adequately and sufficiently warn the users and/or consumers of its products of the known or reasonably discoverable danger of individuals exposed to said products contracting severe, permanent, and disabling injuries. The Defendants knew or could reasonably have foreseen that the Plaintiffs, or someone situated as Plaintiffs, would have in fact come in contact with and be exposed to their products;

2. failing to test their products concerning the effects of exposure to persons situated such as Plaintiffs;

3. failing to instruct or notify users or consumers of said dangerous products of proper safety measures, procedures, precautions, and practices, to reduce or eliminate the danger posed by exposure to the products supplied, manufactured, and or distributed by the Defendants;

4. failing to warn, or adequately and sufficiently warn, persons such as the Plaintiffs of the dangers associated with exposure to the dangerous products sold, manufactured, and/or distributed by the Defendants; and

5. failing to provide instructions, or adequate and sufficient instructions, concerning the safe use of the products, proper protective equipment, devices, appliances, safety measures, procedures, precautions, and/or practices to be used in association with the Defendants products.

PLAINTIFF'S ORIGINAL PETITION

2-28   As to all of the above described negligent acts and omissions of each of the Manufacturer, Supplier, and/or Distributor Defendants named herein, the Plaintiffs would show that they cannot more specifically allege said negligent acts and omissions in that the manufacture, design, distribution, and application of the products causing harm to the Plaintiffs was within the exclusive control of the Defendants.  Thus, the Plaintiffs invoke the doctrine of *Res Ipsa Loquitor* in this case.  Finally, Plaintiffs would allege that all of the above describe negligent acts and omissions were a proximate cause of the injuries suffered by Plaintiffs.

## NEGLIGENCE OF AND ASSUMPTION OF DUTY PURSUANT TO RESTATEMENT OF TORTS 2ND 324A OF DEFENDANTS TRADE ORGANIZATIONS.

2-29   Plaintiffs would show the court that certain Defendant trade organizations, namely the Defendants National Electrical Manufacturers Association and the American Welding Society have by dominated by Defendants and taken on responsibility of safety and warnings of users of welding products.  Plaintiffs would show that these Defendants have failed to perform these duties in a non-negligent manner.

2-30   Defendants National Electrical Manufacturers Association ("NEMA") is a trade organization which has a section devoted to the manufacturers of welding products which is titled alternately "NEMA Electric Welding Section" or "NEMA Arc Welding Section" (hereinafter, collectively, "NEMA Welding Section").  The American Welding Society ("AWS") is a trade and professional organization which includes within its membership management representatives of companies which produce welding products and large consumers which purchase such products for use in their operations.

PLAINTIFF'S ORIGINAL PETITION

2-31   All Defendants are manufactures or large consumers of welding products and were members or participants in NEMA and/or AWS (hereinafter, collectively, "the trade organizations") during relevant times herein.  At all relevant times, Defendants controlled and dominated safety and health activities in the welding industry by creating, within the trade organizations, committees, subcommittees or task groups (hereinafter, collectively, "committees") and assigning to these committees responsibility for health and safety matters.  The Defendants controlled the actions of the committees and made the committees their instrumentalities for carrying out their policies and objectives by:

    a.   limiting individual membership on relevant committees exclusively or primarily to employees of the Defendants or their designated representatives;

    b.   maintaining, through Defendants' delegates, majority or exclusive voting control of the committees at all times;

    c.   selecting the assignments or proposals considered by each committee;

    d.   funding projects chosen by Defendants;

    e.   using Defendants' delegates to prepare the written records of the business transacted by each committee;

    f.   reviewing and editing, to the satisfaction of Defendants, studies performed by consultants hired by the committees.

2-32   Exercising their influence, control, and domination, Defendants delegated to the trade association committees responsibility for the following safety and health matters relating to welding fumes:

    a.   The investigation of the health hazards;

    b.   writing and publishing precautionary product labels and other health and safety information; and

    c.   writing and publishing specifications and standards relating to ventilation,  safety equipment, and other precautionary measures.

PLAINTIFF'S ORIGINAL PETITION

2-33       Acting pursuant to the duties and responsibilities delegated to them by the Defendants, from at least 1937 to the present, the trade association committees controlled by Defendants undertook studies, issued precautionary product labels and other health and safety information, and issued specifications and standards for ventilation, safety equipment and other precautionary measures.

2-34       The individual members of the trade association committees controlled by Defendants acted with the intent and understanding that their studies, publications, specifications, and standards would be adopted and relied upon by manufacturers, sellers, and large consumers of welding products as the authoritative source for warnings, instructions, and precautionary measures, about welding fume safety and health hazards, to be printed on product labels and otherwise distributed in the stream of commerce.

2-35       Using the trade organization committees as their instrumentalities, Defendants committed numerous tortuous acts which included fraudulently and negligently misrepresenting, concealing, suppressing, and omitting material information regarding the health effects of welding fumes and precautionary measures as specifically alleged below.   Because not all Defendants attended each meeting, it was a regular practice of the trade association committees to publish written minutes which were disseminated to all committee members including those not in attendance, for the purpose of ratifying and adopting the actions taken and decisions made at the meetings. By way of example these tortuous acts include the following:

1.       At a meeting of NEMA's Welding Section held on March 16, 1937, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal known hazards associated with welding fumes by forming a "Dust and Smoke

PLAINTIFF'S ORIGINAL PETITION

Committee" to preempt investigation of welding fume hazards by independent sources that were not controlled by Defendants.

2.    During meetings of NEMA's Welding Section held between January 20th and June 23rd, 1938, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal known hazards of welding fumes by changing the language of a publication issued by an insurance company to delete the original statement in the publication that manganese in welding fumes causes an illness similar to Parkinson's disease.

3.    In 1939-40, at meetings of NEMA's Welding Section, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal the hazards of welding fumes by purporting to undertake an investigation of the health hazards of welding fumes and then, upon its completion, changing the conclusions of said study, so as to falsely represent that welding fumes were not harmful to welders.

4.    In 1949, as part of a scheme to create and disseminate false evidence useful in defending against claims brought by persons injured by exposure to welding fumes, Defendants members of NEMA's Arc Welding Section agreed to and did intentionally, knowingly, and recklessly conceal known hazards of welding fumes by providing information for and causing publication in a welding fumes were not toxic.

5.    In 1949 and 1951, at meetings of NEMA's Arc Welding Section which considered precautionary measures, the Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by reflecting the adoption of any precautionary product labels for welding products because said Defendants were fearful hat welders would be afraid to use welding products if they

were so see such precautionary product labels, and thus sales of welding products would be reduced.

6.      In 1952, Defendants reorganized the AWS Safety Recommendations Committee and called a meeting to consider the furnishing of safety and health information at which they agreed to, and did intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by rejecting the adoption of any precautionary product labels for welding products.

7.      In 1952, at a meeting of the AWS Safety Recommendation Committee, the Defendants in attendance agreed to, and did intentionally, knowingly, and recklessly adopt a policy of refuting existing reports of welding fume hazards by publishing their own reports which misrepresented exposure to welding fumes as safe.

8.      In 1957, Defendants agreed to, and did intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by sponsoring the publication of an article in the Welding Engineer trade publication that made the misrepresentation that "toxic gases are not produced by electrode coatings."

9.      In 1966, at meetings of the A5 Filler Metal Committee of the AWS and a Task Group of that committee, the Defendants in attendance agreed to, and did intentionally, knowingly, and recklessly conceal health hazards of welding fumes by establishing industry-wide specifications of precautionary product labels which failed to warn workers of the danger of manganese in welding fume.  This precautionary label stated:

Welding may produce fumes and gases hazardous to health.  Avoid breathing these fumes and gases.  Use adequate ventilation.  See USAS Z49.1 "Safety in Welding & Cutting", published by the American Welding Society.

10.   In 1966, at meetings of the A5 Filler Metal Committee of the AWS and a Task Group of that committee, the Defendants in attendance established industry-wide specifications for precautionary product labels which did intentionally, knowingly, and recklessly omit instructions about necessary ventilation needed to protect workers against the toxic effects of manganese in welding fumes.

11.   In 1966-67, through votes on a ballot distributed to Defendants through the A5 Filler Metal Committee of the AWS, Defendants did intentionally, knowingly, and recklessly approve, as part of the AWS required specifications for most welding products, a precautionary product label concealing health hazards from welding fumes and omitting instructions about necessary ventilation.

12.   From 1975-1979, Defendants, through the AWS Committee on Safety and Health, did intentionally, knowingly, and recklessly conceal the known hazards associated with welding.

These tortuous acts were a proximate cause of Plaintiffs' injuries.

2-36   Furthermore, NEMA and AWS undertook to render services that they recognized as necessary for the protection of persons in the position of Plaintiffs. Under the Restatement (Second) of Torts §324A (1966), these Defendants had a duty to exercise ordinary care to protect Plaintiffs. Defendants failed to exercise ordinary care to protect Plaintiffs and through such negligence proximately caused Plaintiffs' injuries.

## FRAUD

2-37   The Plaintiffs also bring suit against the Manufacturer, Supplier, and/or Distributor Defendants based on fraud. Plaintiffs would show that said Defendants repeatedly made representations that their products were safe all the while knowing that

those representations were false. Said Defendants made these representations with the intent that they be relied upon by the Plaintiffs, and others similarly situated, and that said false representations would induce the Plaintiffs, and others, into purchasing and using the Defendants' dangerous products from which said Defendants would gain a proprietary benefit. The Plaintiffs innocently acted in reliance on said Defendants false representations causing them injuries in this case.

2-38   Plaintiffs further allege that the Manufacturer, Supplier, and/or Distributor Defendants acted in consort with each other and other entities to form an industry known as the asbestos industry. The said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos-containing products to users such as Plaintiffs.  Plaintiffs allege that such conduct amounted to fraud and was a proximate cause of injuries to Plaintiffs.

## FRAUDULENT CONCEALMENT

2-39   Plaintiffs would show that the real cause of their injuries and damages have just now become known to them and that they have forthwith and timely brought this action. Plaintiffs allege that the Defendants committed acts and omissions, which were calculated to and did fraudulently conceal from them and others similarly situated the true dangers of the products and dangerous premises in question. Plaintiffs have just now become aware of such dangers due to such fraudulent concealment by the Defendants and of more importance, the damages done to them by Defendants' products.

## DISCOVERY RULE

2-40   Plaintiffs would show the Court that they were and have been completely

innocent of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which they have been exposed.  Only recently, and through no lack of diligence whatsoever on their part, have the Plaintiffs been advised of the damage which has been done by the exposures described herein and that such damages were directly and proximately caused by the wrongful conduct of the Defendants.  To this end, the Plaintiffs invoke the protection of the Discovery Rule.

## DAMAGES

2-42    As a direct and proximate result and product of the wrongful conduct of Defendants as described herein, Plaintiffs suffer from personal injuries which are serious, long lasting, and permanent. As a result of their personal injuries, Plaintiffs seek a recovery of damage for one or more of the following elements:  (a) pain, suffering, and mental anguish, past and future; (b) loss of earning capacity, past and future; (c) disfigurement, past and future; (d) physical impairment, past and future; (e) mental impairment, past and future; (f) medical expenses and care, past and future; (g) household services, past and future; (h) loss of consortium, past and future, (i) medical monitoring, (j) fear of cancer or future disease. As a result of all such items of damages described above, Plaintiffs would show they are entitled to and hereby sue for such sums as they may show themselves justly entitled all of which are within the minimum jurisdictional limits of this Court, including all postjudgment and all prejudgment interest.

## PUNITIVE DAMAGES

2-43    Plaintiffs would further show that all of the acts and omissions described above and committed by said Defendants herein were intentionally, willfully, and maliciously committed with reckless disregard to the rights of others and, by reason hereof,

Plaintiffs sue for punitive damages in that such reasonably dangerous products were placed into the stream of commerce and existed on the premises in question. The actions of said Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Plaintiffs and Decedent.

## PRAYER

2-44   WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants named herein be cited to appear and answer as required by law and that upon final hearing, Plaintiffs have judgment against said Defendants, jointly and severally, for such sums as described above, that they may show themselves justly entitled, and for such other relief as they may be entitled to, all which are within the minimal jurisdictional limits of this Court, for prejudgment interest and other interests as may be permitted by law, and that Plaintiffs recover costs of suit and such other and further relief as they may show themselves justly entitled.

## 3.0.   RELATED CLAIMS- ASBESTOS FIBER EXPOSURES

3-1   In addition to their claims brought under general maritime law, each of the Plaintiffs herein brings claims under negligence, warranty and product liability theories against the manufacturers and suppliers of the products which resulted in their injuries and damages by reason of the inhalation or ingestion of asbestos fibers.

## JURISDICTION AND VENUE

3-2   The Court has jurisdiction over the Plaintiffs because a substantial proportion of their exposures which are the basis of this suit occurred in Texas. The Court has jurisdiction over the Defendants because the Defendants because the Defendant is a citizen or resident of the state of Texas or, in the alternative, as to foreign defendants,

Plaintiffs will show that this Court has jurisdiction under the Long Arm Statute because Defendants are corporations who are purposefully engaged in business and commerce in the State of Texas and products of said Defendants have been placed in the stream of commerce and are sold and utilized within the State of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of this Court. Venue is mandatory in Jefferson County by application of Texas Civil Practices and Remedies Code, section 15.004 because the Plaintiffs have properly joined these claims with their Jones Act Claims, which arise from the same occurrence, transaction or series of occurrences and transactions.

3-3    Plaintiffs:

This action is brought by the following Plaintiffs who each have discovered that exposure to asbestos fibers has resulted in injuries and damages:

3-4   Plaintiffs bring their claims under these actions against the following Defendants:

1.    Defendant, ABB Lummus Global, Inc., is a corporation that can be served with process by serving its registered agent, C. T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

2.    Defendant, Abex Corporation, is a corporation who may be served with process by serving its registered agent, Prentice-Hall Corporation Systems, Inc., 807 Brazos, Suite 102, Austin, Texas 78701.

3.    Defendant, A C and S, Inc., may be served by serving its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

PLAINTIFF'S ORIGINAL PETITION

4.      Defendant, Alco Products, Inc., a division of Nitram Energy, Inc., is a corporation that can be served with process by serving its registered agent, C. T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      Ameraflex Rubber & Gasket Co., Inc. is a corpoation which can be served with process through itys registered agent, Gerald Cothran, 317 Georgia Avenue, Deer Park, Texas 77536.

6.      Defendant, Asea Brown Boveri, Inc., individually and as successor in interst to Taylor Instruments, inc. is a corporation who may be served with process by serving its president at 29801 Eudid Ave., Woodcliff, Ohio 44094.

7.      Defendant, Big Three Industries, is named herein above and service has been requested by such identification.

8.      Defendant, Brown & Root, Inc. may be served through its registered agent for service, James W. Wilson, 4100 Clinton Drive, Houston, Texas.

9.      Defendant, Atofina Chemicals, Inc., as successor in interest to Pennwalt Corporation, is a corporation who may be served by serving its registered agent, Corporation Service Company, 2704 Commerce Drive, Suite B, Harrisburg, PA 17120.

10.     Defendant, Certainteed Corporation, may be served through its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

11.     Defendant, Crown Cork & Seal Company (USA) Inc., is a corporation that can be served with process through its registered agent CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

12.     Defendant, The Dow Chemical Company, is a corporation that can be served with process by serving its registered agent, The Corporation Company, 30600 Telegraph Road,

Bingham Farms, ML 48025.

13. Defendant, Dresser, Inc., is a corporation who may be served with process by serving its registered agent, Corporation Service Company, 800 Brazos Street, Suite 750, Austin, Texas 78701.

14. Defendant, Dresser-Rand Power, Inc., is a corporation who may be served by serving its registered agent, Corporation Service Company, 80 State Street, Albany, New York 12207.

15. Defendant, The Flintkote Company, is a corporation that can be served with process through its corporate headquarters, Three Embarcadero Center, Suite 1190, San Francisco, CA 94111-4047.

16. Defendant, Foster Wheeler USA Corporation, is a corporation who may be served with process by serving its registered agent, U. S. Corporation Company, 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

17. Defendant, Garlock Inc., can be served with process by serving its registered agent, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

18. Defendant, Garlock Sealing Technologies, L.L.C., is a limited liability corporation that can be served with process by serving its registered agent, C. T. Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

18. Defendant, General Electric Company, has been identified for service herein above.

19. Defendant, General Refractories Company, aka GREFCO, Inc. is a corporation that can be served with process through its president or vice-president at 225 City Avenue, Suite 114, Bala Cynwyd, PA 19004.

20.     Defendant Honeywell International, Inc., formerly known as Allied-Signal, Inc., is a Delaware corporation who may be served by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

21.     Defendant, Halliburton Company, is a corporation who may be served with process by serving its registered agent for service, CT Corporation System, 1601 Elm Street, Dallas, Texas 75201.

22.     Defendant, Henry Vogt Machine Co., is a company who may be served with process by serving its registered agent, Margaret S. Culver, 10th & Ormsby Streets, 1000 West Ormsby, Louisville, KY 40210.

23.     Defendant, Insulations, Inc., is a corporation who may be served with process by serving its registered agent, C. T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

24.     Defendant, Pennzoil – Quaker State Company f/k/a Pennzoil Products Company is a corporation who may be served with process by serving its registered agent for service, CT Corporation Systems, 1021 Main Street, Suite1150, Houston, Texas 77002.

25.     Defendant, Pittsburgh-Corning Corporation is a corporation that can be served with process through its registered agent C. T. Corporation System, 350 North St Paul Street, Dallas, Texas 75201.

26.     Defendant, Metropolitan Life Insurance Company, aka MetLife General Insurance Agency, Inc. is a Delaware corporation who may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

27.   Defendant, M. W. Kellogg Holdings, Inc., is a corporation who may be served by serving its registered agent, C. T. Corporation System, 811 Dallas Ave., Suite 1500, Houston, Texas 77002.

28.   Defendant, Noofer/Eriksen, Inc., is a corporation who may be served with process by serving its registered agent, C. T. Corporation System, 120 South Central Avenue, Clayton, MO 63105.

29.   Defendant, Owens-Corning, Inc. f/k/a Owens-Corning Fiberglass Corporation is a corporation that can be served with process though its registered agent C. T. Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

30.   Defendant, Owens-Illinois, is a corporation that can be served with process through its president or vice-president, One Seagate, Toledo, Ohio 43666.

31.   Defendant, Pacific Packing & Gasket, Inc., is a corporation who may be served with process by serving its president or vice-president at 111 Plum Creek Road, Longview, Texas 75605.

32.   Defendant, Parker Seal Group a subsidiary of Parker Hannifin Corporation, is a corporation who may be served by serving it President or Vice-President at 6035 Parkland Boulevard, Cleveland, Ohio 44124-4141.

33.   Defendant, Rockbestos Co., is a corporation that can be served with process by serving its registered agent, United States Corp. Co., 1013 Center Road, Wilmington, Delaware 19805.

34.   Defendant, Rock Wool Manufacturing Company, is a corporation who may be served with process by serving its registered agent, E. F. Cusick, Jr., 203 N. 7th Street, Leeds, AL 35094.

PLAINTIFF'S ORIGINAL PETITION

35. Defendant, Siemens Corporation, as successor in interest to Demag Delaval Turbomachinery, is a corporation who may be served with process through its registered agent, United States Corp. Co., 300 East Park Avenue, Tallahassee, FL 32301.

36. Defendant, Siemens Westinghouse Power Corporation as successor in interest to Westinghouse Electric Corporation, is a corporation who may be served with process through its registered agent. C. T. Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

37. Defendant, Union Carbide Corporation, a New York corporation, has identified for service herein above.

38. Defendant, U. S. Filter/Permutit, Inc., is a corporation who may be served with process by serving its registered agent, C. T. Corporation System, 818 West Seventh Street, Los Angeles, CA 90017.

39. Defendant, Vivendi Universal, is a foreign company doing business in the United States as Vivendi Environnement, which is successor in interest to U. S. Filter, a Delaware corporation, who may be served with process by serving its President or Vice-President at 375 Park Avenue, New York, NY 10152.

40. Defendant, Viacom, Inc. (successor in interest to Westinghouse Electric Mfg. Company f/k/a Westinghouse Electric Supply Co. a/k/a WESCO), has been identified for service herein above.

41. Defendant North American Refractories, Co., may be served through its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## CORPORATE LIABILITY

3-5   Whenever it is alleged herein that a corporate Defendant did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants,

employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendant, or were acting in the normal, routine course and scope of their employment, agency or representation.  To this extent the Plaintiffs invoke the doctrine of *Respondeat Superior* in this case.

3-6    Alternatively and in addition to the foregoing, it is meant that a predecessor-in-interest to that Defendant is liable for the alleged acts and the successor-in-interest corporation is liable for the acts and omissions of its predecessor.

3-7    Alternatively and in addition to the foregoing, it is meant that a corporate Defendant is responsible because the conduct, negligence and other acts and omissions of another Defendant or entity not a Defendant herein are imputable to it, in that they were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law, or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

3-8    Alternatively and to the extent applicable, the Plaintiffs would show that some of the Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

3-9    Finally, for any Defendant that is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name, the Plaintiffs invoke Tex. R. Civ. P. 28 which allows said Defendant to be sued in its assumed name.

## BACKGROUND

3-10.  Plaintiffs would show that that they, or their deceased family members, were exposed to asbestos and asbestos fibers manufactured, supplied, sold and placed into the stream of commerce by the Defendants and used in the course of their work in and around drilling platforms and on barges in the course of their work directly or indirectly for McDermott.  As a result of the Plaintiffs exposure to asbestos and asbestos fibers, the Plaintiffs have suffered serious personal injuries for which suit is brought herein.

## NEGLIGENCE

**A.    PRODUCT DEFENDANTS**

3-11   The asbestos, asbestos fibers, and asbestos-containing products that the Plaintiffs were exposed to were manufactured, distributed, and/or supplied by the Defendants listed herein. Plaintiffs would show that the Defendants knew, or in the exercise of ordinary and reasonable care, should have known, that the hazardous materials that were manufactured, distributed, or supplied by them would have dangers that would be unknown to and unappreciated by the ultimate users/consumers of their products Plaintiffs allege that the Defendants that manufactured, supplied, and/or distributed the dangerous asbestos and asbestos-containing products through McDermott were negligent in at least the following ways:

1.    Failing to warn, or adequately and sufficiently warn, the users and/or consumers of their products of the known or reasonably discoverable danger of individuals exposed to said products contracting severe, permanent, and disabling injuries. The Defendants knew or could

reasonably have foreseen that the Plaintiffs, or someone situated as Plaintiffs, would have in fact come in contact with and be exposed to their products;

2.      Failing to test their products concerning the effects of exposure to persons situated such as Plaintiffs;

3.      Failing to instruct or notify users or consumers of said dangerous products of proper safety measures, procedures, precautions, and practices, to reduce or eliminate the danger posed by exposure to the products supplied, manufactured, and or distributed by the Defendants; and

4.      Failing to properly package their products so that proper labeling and instructions were easily visible and all warnings and instructions were prominently displayed so that users of the Defendants' products were made fully aware of the dangers posed by the asbestos material contained in said products.

B.      EQUIPMENT DEFENDNTS

3-12   Plaintiffs would further show that some of the Defendants named herein were the manufacturers, suppliers, and/or distributors of equipment that either contained asbestos parts or was insulated with asbestos materials. In the case of equipment that contained asbestos parts, such as gaskets or packing, the Plaintiffs would show that the Defendants were negligent in that they failed to adequately warn individuals conducting maintenance on, working with, or working around their equipment of the dangers of the asbestos containing parts use in the Defendants' equipment. In the case of equipment that was insulated with asbestos insulation, the Plaintiffs would show that the Defendants either insulated their equipment with asbestos insulation at the factory or specified that asbestos insulation be used in conjunction with their equipment. Finally, the Equipment Defendants failed to provide warnings and instructions concerning the dangers of asbestos-

containing parts and asbestos insulation used in conjunction with the Defendants' equipment.

## C.   ENGINEERING DEFENDANTS

3-13   Plaintiffs would show that some of the Defendants provided engineering and consulting services through McDermott.  As part of those services, said Defendants specified the materials and products to be used in the course of work with McDermott.  Plaintiffs would show that these Defendants were negligent for specifying, or allowing, the use of asbestos insulation and asbestos containing products in their work on McDermott Barges.  These Defendants knew the dangers of working with or around asbestos yet they either specific the use of the dangerous asbestos materials or allowed their use without proper warnings and safety controls.

3-14   The Plaintiffs would show that all of the Defendants owed a duty to the Plaintiffs not to place a defective and unreasonably dangerous product into the stream of commerce or specify the use of dangerous materials.  Plaintiffs would further allege that the Defendants owed the Plaintiffs a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce.  The Defendants breached these duties owed to the Plaintiffs proximately causing the Plaintiffs injuries and deaths.

3-15   As to all of the above described negligent acts and omissions of each of the Defendants named herein, the Plaintiffs would show that they cannot more specifically allege said negligent acts and omissions in that the manufacture, design, distribution, and application of the products causing harm to the Plaintiffs were within the exclusive control of the Defendants.  Thus, the Plaintiffs invoke the doctrine of *Res Ipsa Loquitor* in this case.

### VIII.

JAN-22-2003  17:15        WHITE MACKILLOP BAHAM, PC                 7135991355     P.58

## STRICT LIABILITY

**A.     MARKETING DEFECT**

3-16  The Defendants listed herein that manufactured, supplied, and/or distributed the dangerous asbestos-containing products and manufactured, supplied, and/or distributed the equipment containing dangerous asbestos-containing parts are liable in strict liability.  Said Defendants dangerous products and equipment was defective and unreasonably dangerous in the way that it was marketed by said Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers of said products and equipment reasonably calculated to reach persons who were exposed, the persons responsible for allowing the exposure, and all persons said Defendants knew or should have foreseen would be exposed.  Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

## B.  DESIGN DEFECT

3-17  Further, the products that were manufactured, marketed, sold, distributed, supplied and/or the equipment that was manufactured, marketed, sold, distributed, and supplied were of such a hazardous nature that they were unreasonably dangerous in their design.  Further, in the case of equipment that was insulated with asbestos materials, said equipment was defective in that it would not work properly unless being insulated with asbestos insulation or using asbestos containing parts.  Said products and equipment posed an abnormal danger when balanced with the utilities of such products and equipment and therefore said Defendants should be held liable in strict liability pursuant to the rulings of the Texas courts and as adopted in the Restatement of Torts 2d, Section 402A, et al.  Such defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly described herein.

### FRAUD

3-18  The Plaintiffs also bring suit against Defendant Metropolitan Life based on fraud. Plaintiffs would show that Defendant Metropolitan Life repeatedly made representations that asbestos was safe all the while knowing that those representations were false.  Said Defendant made these representations with the intent that they be relied upon by the Plaintiffs, and others similarly situated, and that said false representations would induce the Plaintiffs, and others, into working with and around the dangerous asbestos.  The Plaintiffs innocently acted in reliance on Defendant Metropolitan Life's false representations causing them injuries in this case.  Plaintiffs allege that such conduct amounted to fraud and was a proximate cause of Plaintiffs injuries and death.

3-19  Plaintiffs further bring suit against each of the Defendants that manufactured, distributed, or supplied asbestos-containing products, asbestos insulation, and asbestos-containing equipment for fraud.  Plaintiffs would show that that these Defendants acted in consort with each

other and other entities to form an industry known as the Asbestos Industry.  Then said Defendants,

acting separately and in consort with various representatives of said industry, committed acts and

omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos-

containing products to users such as Plaintiffs.  Plaintiffs allege that such conduct amounted to fraud

and was a proximate cause of Plaintiffs injuries and death.

## FRAUDULENT CONCEALMENT

3-20   Plaintiffs would show that they have just now know the real cause of their injuries

and damages and that they have forthwith and timely brought this action.  Plaintiffs allege that

the Defendants committed acts and omissions, which were calculated to and did fraudulently

conceal from them and others similarly situated the true dangers of the products and equipment

in question.  Plaintiffs have just now become aware of such dangers due to such fraudulent

concealment by the Defendants and of more importance, the damages done to them by

Defendants' products and equipment.

## CONSPIRACY

3-21   Plaintiffs further allege that Metropolitan Life Insurance Company and all other

Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined,

confederated, and conspired among themselves to cause Plaintiffs' injuries and illnesses by

exposing Plaintiffs to harmful and dangerous asbestos and asbestos containing products and to

deprive Plaintiffs of the opportunity of informed free choice as to whether to use asbestos and

asbestos containing products and to expose themselves to the dangers.  Defendants committed

the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks

and dangers associated with the use of and exposure to Defendants' asbestos and asbestos

containing products.

3-22   Plaintiffs reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of their asbestos or asbestos containing products.  As a direct and proximate result of Plaintiffs' reliance on Defendants' false and fraudulent representations, omissions, and concealments, Plaintiffs sustained damages including their present injuries, illnesses, diseases, and deaths.

## DISCOVERY RULE

3-23   Plaintiffs would show the Court that they were and have been completely innocent of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which they have been exposed.  Only recently, and through no lack of diligence whatsoever on their part, have the Plaintiffs been advised of the damage that has been done by the exposures described herein and that such damages were directly and proximately caused by the wrongful conduct of the Defendants.  To this end, the Plaintiffs invoke the protection of the Discovery Rule.

## DAMAGES

3-24   As a result of the personal injuries and deaths suffered by the Plaintiffs in this case, they have suffered significant damages for which they bring suit.  Damages sought by the Plaintiffs include an award for one or more of the following:

1.   Past and future medical costs and expenses;

2.   Past and future pain and suffering;

3.   Past and future mental anguish;

4.   Past and future disability;

5.   Past lost wages and loss of future earning capacity;

6.   Past and future loss of consortium;

7.   Past and future physical impairment;

8.    Disfigurement;

9.    Past and future loss of household services;

10.   Funeral and probate costs related to the deceased Plaintiffs.

## PUNITIVE DAMAGES

3-25   Plaintiffs would further show that all of the acts and omissions described above and committed by said Defendants herein were intentionally, willfully, and maliciously committed with reckless disregard to the rights of others and, by reason hereof, Plaintiffs sue for punitive damages in that such reasonably dangerous products were placed into the stream of commerce and existed on the premises in question. The actions of said Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Plaintiffs and Decedent.

## PRAYER

3-26   WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants named herein be cited to appear and answer as required by law and that upon final hearing, Plaintiffs have judgment against said Defendants, jointly and severally, for such sums as described above, that they may show themselves justly entitled, and for such other relief as they may be entitled to, all which are within the minimal jurisdictional limits of this Court, for prejudgment interest and other interests as may be permitted by law, and that Plaintiffs recover costs of suit and such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

Bruce A. Craig
State Bar Number 04975270

THE CARLILE LAW FIRM, L.L.P.
5006 East End Boulevard South
Marshall, Texas 75672
(903) 938-1655
Fax: (903) 938-0235

David C. Carlile
State Bar Number 03804500

D. Scott Carlile
State Bar Number 24004576

# EXHIBIT C

No. A-0168572

| | | |
|---|---|---|
| DOUG BENOIT, *et al.*, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiffs** | § | |
| | § | |
| VS. | § | 58th JUDICIAL DISTRICT |
| | § | |
| J. RAY McDERMOTT, INC., *et al.* | § | |
| | § | |
| **Defendants** | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' SIXTH AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW named Plaintiffs herein, complaining of J. RAY McDERMOTT, INC. and other named defendants herein, and for causes of action would show the Court and Jury as follows:

### I.

### DISCOVERY CONTROL LEVEL

Because of the complexity of this case, the Plaintiffs bring this action designated as a Discovery Level III case and request that a scheduling order tailored to the needs to the case be entered by the Court in this case.

### II.

### PLAINTIFFS

A.   **THE FOLLOWING PLAINTIFFS ARE CLAIMING PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE TO BOTH ASBESTOS AND WELDING FUMES:**

1.   David Paul Adams is a citizen and resident of Louisiana.
2.   Albert Aucoin is a citizen and resident of Louisiana.
3.   Dale P. Authement is a citizen and resident of Louisiana.
4.   Edmond J. Babin is a citizen and resident of Louisiana.

5.    Doug Benoit is a citizen and a resident of Louisiana.

6.    Eugene Bonvillian is a citizen and resident of Louisiana.

7.    Andrew Bourgeois is a citizen and resident of Louisiana.

8.    Earl J. Breaux, Jr., previously incorrectly referred to as Earl Breaux, is a citizen and resident of Louisiana.

9.    Roy J. Breaux, Jr. is a citizen and resident of Louisiana.

10.   Willie Breaux is a citizen and resident of Louisiana.

11.   Thaddeus Chaisson is a citizen and a resident of Louisiana.

12.   Bobby Chauvin is a citizen and resident of Louisiana.

13.   Gerald Chauvin is a citizen and resident of Louisiana.

14.   Louis Cressione, Jr. is a citizen and resident of Louisiana.

15.   Paul Crochet, Sr., previously incorrectly referred to as Paul Crocket, Sr., is a citizen and resident of Louisiana.

16.   Jimmie D. Daigle is a citizen and resident of Louisiana.

17.   Verlon Daigle is a citizen and resident of Louisiana.

18.   Eldridge Durocher is a citizen and resident of Louisiana.

19.   William Edwards is a citizen and a resident of Georgia.

20.   Bobby F. Ellender is a citizen and resident of Louisiana.

21.   Keith Estopinal is a citizen and resident of Louisiana.

22.   Howard Fanguy is a citizen and a resident of Louisiana.

23.   The Estate and heirs of Berwick Fonseca, Sr., deceased as represented by Bobbie Lee Fonseca.

24.   Arthur L. Ford, Jr. is a citizen and resident of Louisiana.

25.   Raymond J. Foret, Sr. (previously incorrectly referred to as Raymond Foret, Jr.) is a citizen and a resident of Louisiana.

26.   Roy Freeman is a citizen and a resident of Louisiana.

27.   Dale Gautreaux is a citizen and resident of Louisiana.

28.   Oscar Gautreaux is a citizen and resident of Louisiana.

29.   Ronald Gautreaux is a citizen and a resident of Louisiana.

30.   Ricky Giroir is a citizen and resident of Louisiana.

31.   Jules Hebert is a citizen and a resident of Louisiana.

32.     Tobay Hebert is a citizen and resident of Louisiana.

33.     Gary L. Hilton, Sr. is a citizen and resident of Mississippi.

34.     Rene Himel, Sr. is a citizen and resident of Louisiana.

35.     Ralph Johnson is a citizen and resident of Mississippi.

36.     John Knight is a citizen and resident of Louisiana.

37.     Mac Knupp (previously incorrectly referred to as Mac Knapp) is a citizen and
        resident of Louisiana.

38.     Chester Joseph Lacombe, Jr. is a citizen and resident of Louisiana.

39.     Leroy Le Boeuf, Sr., previously incorrectly referred to as Leroy Leboeuf, Sr.,
        is a citizen and resident of Louisiana.

40.     Johnny Ledford is a citizen and resident of Louisiana.

41.     Gary B. Lee, Sr. is a citizen and resident of Louisiana.

42.     John Lombardi is a citizen and a resident of Louisiana.

43.     Linduel Lopez is a citizen and resident of Louisiana.

44.     Murphy Loupe is a citizen and resident of Louisiana.

45.     Eugene Lovell is a citizen and a resident of Louisiana.

46.     James Lovell is a citizen and a resident of Louisiana.

47.     Arcen Marcel is a citizen and resident of Louisiana.

48.     David G. Marcel is a citizen and resident of Louisiana.

49.     Gerard Marcel, previously incorrectly referred to as Gerald Marcel, is a
        citizen and a resident of Louisiana.

50.     Billy Troy Martin is a citizen and resident of Florida.

51.     Perry Martin is a citizen and resident of Louisiana.

52.     Rickey Mayon, previously incorrectly referred to as Ricky Mayon, is a citizen
        and resident of Louisiana.

53.     Sterling Mayon is a citizen and a resident of Louisiana.

54.     The Estate and heirs of Donald Melancon, deceased, as represented by Judy
        Melancon.

55.     Billy Miller is a citizen and a resident of Louisiana.

56.     Gilbert L. Oliver, Jr. is a citizen and resident of Louisiana.

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 3**

57.   Steve Olivier, previously incorrectly referred to as Steve Oliver, is a citizen and a resident of Louisiana.

58.   Davis Peltier is a citizen and resident of Louisiana.

59.   Paul H. Peltier is a citizen and resident of Louisiana.

60.   Patrick Plaisance is a citizen and resident of Louisiana.

61.   Gerald Polaski is a citizen and resident of Louisiana.

62.   Adley Rink is a citizen and resident of Louisiana.

63.   Charles J. Rink is a citizen and resident of Louisiana.

64.   Keith Robichaux is a citizen and resident of Louisiana.

65.   Thomas Savoy is a citizen and resident of Louisiana.

66.   Jeffrey Soudelier (previously incorrectly named as Jeffrey Souldier) is a citizen and resident of Louisiana.

67.   Freddie Theriot is a citizen and resident of Louisiana.

68.   Robert E. Thibodaux, III is a citizen and resident of Louisiana.

69.   Jerry F. Trosclair, previously incorrectly referred to as Jerry Torsclair, is a citizen and a resident of Louisiana.

70.   Russel A. Verret is a citizen and resident of Louisiana.

71.   Kevin C. Villemarette is a citizen and resident of Louisiana.

72.   Willie Ward is a citizen and resident of Louisiana.

73.   Paul J. Webre is a citizen and a resident of Louisiana.

74.   Robert Webre is a citizen and resident of Louisiana.

**B.   THE FOLLOWING PLAINTIFFS ARE CLAIMING PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE ASBESTOS ONLY:**

75.   Willie L. Hilton, Jr. is a citizen and resident of Mississippi.

76.   Gilbert Matherne, Jr. is a citizen and resident of Louisiana.

77.   Glenn Mitchell is a citizen and resident of Louisiana.

78.   Errol J. Roddy, previously incorrectly referred to as Erroll Roddy, is a citizen and resident of Louisiana.

79.   The Estate and heirs of Edward John Rhodes, Jr., deceased as represented by Judy Rhodes Adams.

**C.     THE  FOLLOWING  PLAINTIFFS  ARE  CLAIMING  PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE TO WELDING FUMES ONLY:**

80.     Isaac Bergeron is a citizen and resident of Louisiana.

81.     Robert James Bergeron is a citizen and resident of Louisiana.

82.     Louis Boudreaux is a citizen and resident of Louisiana.

83.     Emile J. Bourgeois, Sr. is a citizen and resident of Louisiana.

84.     Ralph J. Brunet is a citizen and resident of Louisiana.

85.     Elmer Joseph Brunet, Jr. is a citizen and resident of Louisiana.

86.     Lawrence Castle is a citizen and resident of Louisiana.

87.     Jack Frank Cosby is a citizen and resident of Louisiana.

88.     Bruce Desselle is a citizen and resident of Louisiana.

89.     Joseph Dufrene is a citizen and resident of Louisiana.

90.     Maurice J. Dufrene, Sr. (previously incorrectly referred to as Maurice J. Dufrene, Jr.) is a citizen and resident of Louisiana.

91.     Michael Dupre is a citizen and resident of Louisiana.

92.     Arthur Ellender, Jr. is a citizen and resident of Louisiana.

93.     Clyde Maurice Ezell, Jr. is a citizen and resident of Mississippi.

94.     Phillip A. Gaudet, Sr. is a citizen and resident of Louisiana.

95.     David Le Boeuf, previously incorrectly referred to as David Leboeuf, is a citizen and resident of Louisiana.

96.     Harry P. Lebeouf is a citizen and resident of Louisiana.

97.     Wayne N. Le Boeuf is a citizen and resident of Louisiana.

98.     Chris Levron is a citizen and a resident of Louisiana.

99.     Timothy J. Levron is a citizen and resident of Louisiana.

100.    Donnie P. Lirette, previously incorrectly referred to as Donnie Livette, is a citizen and resident of Louisiana.

101.    Paul R. Martello is a citizen and resident of Louisiana.

102.    Rodney Martin is a citizen and a resident of Louisiana.

103.    Jorge A. Mena is a citizen and resident of Louisiana.

104.    Douglas W. Nicole is a citizen and resident of Louisiana.

105.   Russell Porche is a citizen and resident of Louisiana.

106.   Glynn Rhodes is a citizen and resident of Louisiana.

107.   Raymond Joseph Richoux, Jr. is a citizen and resident of Louisiana.

108.   Dan Roberson is a citizen and resident of Louisiana.

109.   Robert James Simon is a citizen and resident of Louisiana.

110.   Malcolm L. Watson is a citizen and resident of Mississippi.

**E.   THE FOLLOWING PLAINTIFFS HAVE BEEN NONSUITED:**

1.   Kip J. Bergeron has previously been or is hereby nonsuited.

2.   Michael Bergeron has previously been or is hereby nonsuited.

3.   Gary Boudreaux has previously been or is hereby nonsuited.

4.   David K. Bourque has previously been or is hereby nonsuited.

5.   Daniel Breaux has previously been or is hereby nonsuited.

6.   Johnny Broussard has previously been or is hereby nonsuited.

7.   David P. Dupre has previously been or is hereby nonsuited.

8.   Terry Ellender has previously been or is hereby nonsuited.

9.   Glenn Ellender has previously been or is hereby nonsuited.

10.   Jeffrey Falgout has previously been or is hereby nonsuited.

11.   Louis Falregas has previously been or is hereby nonsuited.

12.   Noel Foret, Jr. has previously been or is hereby nonsuited.

13.   Gary Gautreaux has previously been or is hereby nonsuited.

14.   Daniel Griffin has previously been or is hereby nonsuited.

15.   James A. Gros has previously been or is hereby nonsuited.

16.   Wayne B. Guffey, Sr. has previously been or is hereby nonsuited.

17.   Carl Hebert, Sr. has previously been or is hereby nonsuited.

18.   John Wesley Horning has previously been or is hereby nonsuited.

19.   Alred Hotard has previously been or is hereby nonsuited.

20.   Bert Knight has previously been or is hereby nonsuited.

21.   Vital Landry has previously been or is hereby nonsuited.

22.   Gerald J. Leonard has previously been or is hereby nonsuited.

23.   Harris Lewis has previously been or is hereby nonsuited.

24.   Ruby Lewis has previously been or is hereby nonsuited.

25.     Johnny Loupe has previously been or is hereby nonsuited.

26.     Greyson McAlister has previously been or is hereby nonsuited.

27.     Robert McLaughlin has previously been or is hereby nonsuited.

28.     Everett Miller, Jr. has previously been or is hereby nonsuited.

29.     Wilbert Moneaux has previously been or is hereby nonsuited.

30.     Robin P. Naquin has previously been or is hereby nonsuited.

31.     Douglas Patterson has previously been or is hereby nonsuited.

32.     Gary Percy has previously been or is hereby nonsuited.

33.     Ronald D. Robertson has previously been or is hereby nonsuited.

34.     Audrey Robichaux has previously been or is hereby nonsuited.

35.     Roy Rhodes has previously been or is hereby nonsuited.

36.     Charles Rogers has previously been or is hereby nonsuited.

37.     Samuel Ruffin has previously been or is hereby nonsuited.

38.     David W. Thomas, Jr. has previously been or is hereby nonsuited.

39.     Claude Thompson has previously been or is hereby nonsuited.

40.     Leonard Zeringue has previously been or is hereby nonsuited.

### III.

### MARITIME CLAIMS AGAINST J. RAY McDERMOTT INC. FOR PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE TO WELDING FUMES:

**A.     EMPLOYER DEFENDANT**

Defendant, J. Ray McDermott, Inc. (McDermott) has been served and filed an answer herein.   Maritime claims against this Defendant have been resolved by compromise settlement.

**B.     PLAINTIFFS**

This action is brought by all Plaintiffs seeking damages for welding fume related injuries as listed under Paragraph II herein above.

## C.     VENUE AND JURISDICTION

This is an action under under Title 46, United States Code § 688 et seq., commonly referred to as the "Jones Act" incorporating the Federal Employers Liability Act and general maritime law, for damages for personal injuries suffered by the Plaintiffs, each in their capacity as a member of the crew of a vessel for injuries suffered in the course of his engagement to perform and performance of the ship's work for McDermott. Jurisdiction in this Court is proper in that the amount in controversy is within the jurisdictional limitations for this Court, and by reason that the State District Courts have concurrent jurisdiction of Title 46, United States Code § 688 Jones Act claims. Venue is proper and mandatory in Jefferson County, Texas under Texas Civil Practice and Remedies Code § 15.018(b) in that a significant portion of the exposures which led to the Plaintiffs' claims herein occurred in such county.

## D.     JONES ACT ALLEGATIONS

Plaintiffs brought suit against the Defendant as authorized by the Jones Act, Title 46, United States Code § 688 et seq. Each Plaintiff will show that at the time of exposures which led to the injuries complained of herein, he was employed as a seamen by the Defendant McDermott and was engaged in the service of the vessel. Each Plaintiff will show that as a seamen engaged by the Defendant in the service of the vessel.

### IV.
### COMPULSORY CROSS CLAIMS AND PENDANT CLAIMS TO THE MARITIME CLAIMS AGAINST J. RAY McDERMOTT INC. FOR PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE TO WELDING FUMES:

## A.     BACKGROUND:

The use of welding products for their ordinary and intended purposes in the welding

process causes emission of fumes, particulates, and gases, most of which contain manganese in various concentrations and forms (hereinafter "welding fumes" or "manganese-containing welding fumes").   Since 1837, manganese has been medically recognized as toxic to the human central nervous system in levels that exceed the trace amounts normally found in the human body.   The toxicity of manganese causes a progressive condition, referred to as manganese poisoning or intoxication, which manifests itself through various neurological symptoms which are often seriously disabling.  Overexposure to welding fumes for a period as short as 49 days causes manganese poisoning, and the progressive development of the neurological symptoms.   Persons exposed to welding fumes absorb them into their body through inhalation, ingestion, and contact with clothing, skin, hair, and other materials in the surrounding environment.

Plaintiffs were at various times overexposed to welding fumes while using welding products or being in the proximity of other persons using welding products.   Plaintiffs' overexposures occurred in workplaces that failed to provide ventilation or other precautionary measures necessary to protect against the health hazards of welding fumes. Plaintiffs were also overexposed because welding fumes contain a significant amount of manganese and other heavy metals that resulted in Plaintiffs absorbing into their bodies toxic levels of heavy metals and manganese.

**B.**       **COMPULSORY CROSS CLAIM DEFENDANTS:**

Plaintiffs bring their cross claims relating to welding fume exposure against the following Defendants:

1.       Defendant American Welding Society has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

2.      Defendant A.O. Smith has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

3.      Defendant General Electric Company has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

4.      Defendant The ESAB Group, Inc. (for itself and as successor to Alloy Rods Corp.) has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

5.      Defendant Handy & Harmon, Inc. has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

6.      Defendant Thermodyne, the assumed name for a corporation conducting business as Stoody, Thermal Arc, Tewco, Amair, has been served under Rule 28, T.R.C.P. by J. Ray McDermott, Inc., but has not yet appeared and answered herein..

7.      Defendant Hobart Brothers Company individually and d/b/a McKay Welding Products, has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

8.      Defendant J.W. Harris Co., Inc. (individually and f/k/a and or d/b/a Harris Welco) has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

9.      Defendant Lincoln Electric Holdings, Inc. a/k/a Lincoln Electric Company has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

10.      Defendant Miller Electric Co., a/k/a Miller Electric Manufacturing Co., has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

11.      Defendant National Electrical Manufacturers Association has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

12.      Defendant Industrial Welding Supply Co. of Harvey, Inc. has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

13.      Defendant TDY Industries, Inc. has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

14.      Defendant Sandvik, Inc. has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

15.    Defendant Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

16.    Defendant Alloy Rods Corporation has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

17.    Defendant Arcos Alloys has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

18.    Defendant Avestapolarit Welding, Inc. has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

19.    Defendant Sandvik Coromant has been served by J. Ray McDermott, Inc., but has not yet appeared and answered herein.

## C.    JURISDICTION AND VENUE- COMPULSORY CROSS-CLAIM DEFENDANTS:

The Court has jurisdiction over the Plaintiffs because a substantial portion of exposures which are the basis of this suit occurred in Texas.  The Court has jurisdiction over the Defendants as each Defendant is a citizen or resident of the state of Texas or, in the alternative, as to foreign defendants, Plaintiffs will show that this Court has jurisdiction under the Long Arm Statute as to each such Defendant because Defendants are corporations who are purposefully engaged in business and commerce in the State of Texas and products of said Defendants have been placed in the stream of commerce and are sold and utilized within the State of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of this Court.  Venue is proper in this action under by application of Texas Civil Practices and Remedies Code, section 15.062 because J. Ray McDermott has joined these Cross Defendants as parties to a third party action arising from the same transaction, occurrence, or series of transactions or occurrences as the original claims of the Plaintiff.

D.     **PENDANT CLAIMS:**

In addition to their claims brought under general maritime law, each of the

Plaintiffs bringing welding claims brings claims against the manufacturers and suppliers

of the welding products which resulted in their injuries and damages in this case.

20.     Braun Welding Supply, Inc., a Louisiana Corporation, by and through itsregistered agent for service, Louis Braun, 204 Beverly Drive, Lafayette, LA 70503.

21.     Corrosion Products, Inc., a Louisianan Corporation, by and through its registered agent for service, Henry King, 201 St. Charles Avenue, New Orleans, LA 70170

22.     CRC Evans Pipeline International, Inc., a Delaware Corporation, by and through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

23.     Delta Corrosion Offshore, Inc., a Louisiana Corporation, by and through its registered agent for service, C.W. Schuler, 2710 Appelt Drive, Houston, TX 77015.

24.     Divers Supply, Inc., a Louisiana Corporation, by and through its registered agent for service, Robert Mistretta, 2396 Belle Chasse Highway, Gretna, LA 70056.

25.     Drinkwater Products, LLC, a Louisiana Limited Liability Company, by and through its registered agent for service, Judy Drinkwater, 109 Darwin Road, Centerville, LA 70522.

26.     ERICO International, Inc. aka ERICO Products, Inc and/or Electric Railway Improvement Company, a foreign corporation by and through its agent for service, Peter Korte, 30575 Bainbridge Road, Suite 300, Solon, OH 44139.

27.     Industrial Welding Supply of Hattiesberg, Inc., a Mississippi Corporation, by and through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

28.     Industrial Welding Supply of Harvey, Inc., a Louisiana Corporation, by and through its registered agent for service, Martin Kearns, 111 Buras Drive, Belle Chasse, LA 70037.

29.     J & B Pipeline Supply Company, Inc., a Texas Corporation, by and through its registered agent for service, Barbara Blaylock, 2016 Cedar Bayou, Baytown, TX 77520.

30.     Praxair, Inc., fka Union Carbide Industrial Gasses, Inc., a Delaware Corporation, by and through its registered agent for service, Prentice Hall Corporation Service, 701 Brazos Street, Suite 1050, Austin, TX 78701.

31.     Union Carbide Corporation, a Texas Corporation, dba the Ferroalloys Division and the Linde Division, by and through its registered agent for service, John MacDonald, 390 RidgeburyRoad, Danbury, CT 06817.

32.     McMaster Carr Supply Company, Inc., a foreign corporation, by and through its Chief Executive officer, J. A. Delaney, 600 County Line Road, Elmhurst, IL 60126.  This defendant has appeared and answered and is before the court for all purposes.

33.     Price Supply, Inc., a Louisiana Corporation, by and through its registered agent for service, Jerry Price, 109 Cason Road, Broussard, LA 70518.

34.     Standard Services Company, Inc., fka Standard Supply Company, a Louisiana Corporation, by and through its registered agent for service, E.M. Hadden, 14694 Airline Highway, Destrahan, LA 70047.

## E.     PENDANT CLAIMS: JURISDICTION AND VENUE

The Court has jurisdiction over the Plaintiffs because a substantial portion of exposures which are the basis of this suit occurred in Texas.  The Court has jurisdiction over the Defendants as each Defendant is a citizen or resident of the state of Texas or, in the alternative, as to foreign defendants, Plaintiffs will show that this Court has jurisdiction under the Long Arm Statute as to each such Defendant because Defendants are corporations who are purposefully engaged in business and commerce in the State of Texas and products of said Defendants have been placed in the stream of commerce with the intention they be sold and or utilized within the State of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of this Court. Venue is mandatory in Jefferson County by application of Texas Civil Practices and Remedies Code, section 15.004 because the Plaintiffs have properly joined these claims with their Jones Act Claims, and because these claims are Pendant to those claims, which

arise from the same occurrence, transaction or series of occurrences and transactions.

### F.   DISCOVERY RULE

Plaintiffs would show the Court that they were and have been completely innocent of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which they have been exposed.  Only recently, and through no lack of diligence whatsoever on their part, have the Plaintiffs been advised of the damage which has been done by the exposures described herein and that such damages were directly and proximately caused by the wrongful conduct of the Defendants.  To this end, the Plaintiffs invoke the protection of the Discovery Rule.

### G.   CORPORATE LIABILITY

Whenever it is alleged herein that a corporate Defendants did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants, employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendants, or were acting in the normal, routine course and scope of their employment, agency or representation.  To this extent the Plaintiffs invoke the doctrine of *Respondeat Superior* in this case.

Alternatively and in addition to the foregoing, it is meant that a predecessor in interest to that Defendant is liable for the alleged acts and the successor in interest corporation is liable for the acts and omissions of its predecessor.

Alternatively and in addition to the foregoing, it is meant that a corporate Defendants is responsible because the conduct, negligence and other acts and omissions of another Defendants or entity not a Defendants herein are imputable to it, in that they

were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law, or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

Alternatively and to the extent applicable, the Plaintiffs would show that some of the Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

Finally, for any Defendants that is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name, the Plaintiffs invoke Tex. R. Civ. P. 28 which allows said Defendants to be sued in its assumed name.

### H.    STRICT LIABILITY

#### 1.    MARKETING DEFECT

This action is brought against all Cross Defendants AND Pendant Claim Defendants named herein with the exception of the AWS and NEMA.   Plaintiffs allege Cross Defendants manufactured, marketed, sold, distributed, supplied, and/or placed in the stream of commerce the dangerous welding products in this case which were defective and unreasonably dangerous in the way that they were marketed by said Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers of said products reasonably calculated to reach persons who were exposed, the

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 15**

persons responsible for allowing the exposure, and all persons said Defendants knew or should have foreseen would be exposed. Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

### 2.    DESIGN DEFECT

Further, the products that were manufactured, marketed, sold, distributed, supplied and/or placed in the stream of commerce were of such a hazardous nature that they were unreasonably dangerous in their design. Said products posed an abnormal danger when balanced with the utilities of such products therefore said Defendants should be held liable in strict liability pursuant to the rulings of the Texas courts and as adopted in the Restatement of Torts 2d, Section 402A, et al. Such defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly described herein. Defendants are jointly and severally liable to Plaintiffs pursuant to these provisions for introducing into the stream of commerce these defective and unreasonably dangerous products.

### 3.    BREACH OF WARRANTY

Plaintiffs assert that the Cross Defendants and Pendant Defendants warranted their products to be reasonably fit for their intended use and made such warranties of a direct and implied nature. Plaintiffs further allege that Defendants warranted their products to be free from defect. In fact, a defect existed in the products before they left the manufacturer, supplier, and distributor. Plaintiffs were foreseeable users of the products and the products were being used in their intended manner at the time of the injury. Contrary to the direct and implied warranties of said Defendants, their respective products were not reasonably fit for their intended use and were the producing cause of the injuries of Plaintiffs.

The Defendants are merchants as that term is defined in the Tex. Bus. & Com. Code in that each of the Defendants deals in goods of the kind in question and each holds itself out as having knowledge peculiar to such products. As merchants, pursuant to the Tex. Bus. & Com. Code, said Defendants expressly and impliedly warranted and represented that their products were merchantable and fit for the ordinary purposes for which such products are used. These warranties and representations on the part of said Defendants were false. In fact, such products at the time of sale were unmerchantable and unfit for their intended use. Thus, the Plaintiffs are entitled to recover under provisions of the Tex. Bus. & Com. Code, as well as other applicable warranty laws of the State of Texas.

Plaintiffs further assert that the Defendants knew or should have known of the dangers of welding products exposure to individuals, yet they took no measure to prevent such exposure or to minimize the same and totally failed and neglected to give any type of warning or alarm about the consequences of such exposure. Plaintiffs also allege that the seller knew the purpose for which the product was required and that the buyer and user of the product relied on the seller's skill to furnish a suitable product free from defect. Thus, the Manufacturer, Supplier, and/or Distributor Defendants have breached such implied warranty which is the producing and/or proximate cause of Plaintiffs' injuries.

Any disclaimer of warranties by the Defendants was ineffective for the reason that the disclaimer was not a basis of the bargain. In the alternative, such disclaimers, if any, were not conspicuous. In the alternative, such disclaimers are unconscionable under the Tex. Bus. & Com. Code and as such, Plaintiffs pray that such disclaimers not be enforced. Finally, any limitation of consequential damages by the Defendants is unconscionable under

the Tex. Bus. & Com. Code and Plaintiffs pray that any such limitation not be enforced.  All exclusive or limited remedies provided by said Defendants have failed of their essential purpose; therefore, not withstanding any such disclaimer or limitation of remedies, the Plaintiffs seek and are entitled to recover all damages recoverable under the Tex. Bus. & Com. Code and all damages recoverable at common law as alleged herein.

### I.       NEGLIGENCE

### 1.       BREACH OF DUTY

The welding products that Plaintiffs were exposed to were manufactured or distributed and or were supplied by the Cross Defendants and or Pendant Defendants, with the exception of NEMA and the AWS. The Defendants knew, or in the exercise of ordinary and reasonable care, should have known, that the hazardous materials that were manufactured, distributed, or supplied by them would have dangers that would be unknown to and unappreciated by the ultimate users/consumers of their products.

Plaintiffs allege that it was the negligence of said Defendants that resulted in Plaintiffs working with and inhaling welding fumes in a manner that was harmful to Plaintiffs.  These Defendants owed a duty to the Plaintiffs not to place a defective and unreasonably dangerous product into the stream of commerce.  These Defendants breached this duty owed to the Plaintiffs and the injuries suffered by Plaintiffs were a direct and proximate result of the breath of this duty.

Plaintiffs would further allege that the Defendants owed the Plaintiffs a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce.  Said Defendants have breached this duty to warn and such breach was a direct and proximate

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 18**

result of the Plaintiffs injuries. The Defendants were also negligent in failing to keep reasonably abreast of the literature in the field as to the dangerous propensities of the products in question. Plaintiffs would further show that said Defendants failed to take reasonable means to discover the dangerous nature and propensities of these products, all of which acts or omissions were negligent and a proximate cause of the injuries to Plaintiffs.

Plaintiffs would further show that the Defendants were negligent in failing to provide adequate warnings of such dangers reasonably calculated to reach the persons who were exposed and who Defendants knew, or should have foreseen would be exposed to their dangerous products. Such negligence was a proximate cause of the damages alleged and suffered by the Plaintiffs. In particular, the Defendants were negligent in the following ways:

1.     failing to warn or adequately and sufficiently warn the users and/or consumers of its products of the known or reasonably discoverable danger of individuals exposed to said products contracting severe, permanent, and disabling injuries. The Defendants knew or could reasonably have foreseen that the Plaintiffs, or someone situated as Plaintiffs, would have in fact come in contact with and be exposed to their products;

2.     failing to test their products concerning the effects of exposure to persons situated such as Plaintiffs;

3.     failing to instruct or notify users or consumers of said dangerous products of proper safety measures, procedures, precautions, and practices, to reduce or eliminate the danger posed by exposure to the products supplied, manufactured, and or distributed by the Defendants;

4.     failing to warn, or adequately and sufficiently warn, persons such as the Plaintiffs of the dangers associated with exposure to the dangerous products sold, manufactured, and/or distributed by the Defendants; and

5.     failing to provide instructions, or adequate and sufficient instructions, concerning the safe use of the products, proper protective equipment, devices, appliances, safety measures, procedures, precautions, and/or practices to be used in association with the Defendants products.

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 19**

As to all of the above described negligent acts and omissions of each of the Defendants named herein, the Plaintiffs would show that they cannot more specifically allege said negligent acts and omissions in that the manufacture, design, distribution, and application of the products causing harm to the Plaintiffs was within the exclusive control of the Defendants.  Thus, the Plaintiffs invoke the doctrine of *Res Ipsa Loquitor* in this case.  Finally, Plaintiffs would allege that all of the above describe negligent acts and omissions were a proximate cause of the injuries suffered by Plaintiffs.

### J.   NEGLIGENT ASSUMPTION OF DUTY PURSUANT TO RESTATEMENT OF TORTS 2ND 324A OF DEFENDANTS TRADE ORGANIZATIONS.

Plaintiffs would show the court that the Cross Defendants and Pendant Claim Defendants were members of trade organizations, namely the Defendants National Electrical Manufacturers Association and the American Welding Society, wherein said Defendants undertook the responsibility of safety and warnings of users of welding products.  Plaintiffs would show that these Defendants have failed to perform these duties in a non-negligent manner.

Defendants National Electrical Manufacturers Association ("NEMA") is a trade organization which has a section devoted to the manufacturers of welding products which is titled alternately "NEMA Electric Welding Section" or "NEMA Arc Welding Section" (hereinafter, collectively, "NEMA Welding Section").  The American Welding Society ("AWS") is a trade and professional organization, which includes within its membership management representatives of companies which produce welding products and large consumers which purchase such products for use in their operations.

All Defendants are manufactures or large consumers of welding products and were members or participants in NEMA and/or AWS (hereinafter, collectively, "the trade organizations") during relevant times herein.  At all relevant times, Defendants controlled and dominated safety and health activities in the welding industry by creating, within the trade organizations, committees, subcommittees or task groups (hereinafter, collectively, "committees") and assigning to these committees responsibility for health and safety matters.   The Defendants controlled the actions of the committees and made the committees their instrumentalities for carrying out their policies and objectives by:

     a.    limiting individual membership on relevant committees exclusively or primarily to employees of the Defendants or their designated representatives;

     b.    maintaining, through Defendants' delegates, majority or exclusive voting control of the committees at all times;

     c.    selecting the assignments or proposals considered by each committee;

     d.    funding projects chosen by Defendants;

     e.    using Defendants' delegates to prepare the written records of the business transacted by each committee; and

     f.    reviewing and editing, to the satisfaction of Defendants, studies performed by consultants hired by the committees.

Exercising their influence, control, and domination, Defendants delegated to the trade association committees responsibility for the following safety and health matters relating to welding fumes:

     a.    The investigation of the health hazards;

     b.    writing and publishing precautionary product labels and other health and safety information; and

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 21**

        c.      writing and publishing specifications and standards relating to ventilation, safety equipment, and other precautionary measures.

Acting pursuant to the duties and responsibilities delegated to them by the Defendants, from at least 1937 to the present, the trade association committees controlled by Defendants undertook studies, issued precautionary product labels and other health and safety information, and issued specifications and standards for ventilation, safety equipment and other precautionary measures.

The individual members of the trade association committees controlled by Defendants acted with the intent and understanding that their studies, publications, specifications, and standards would be adopted and relied upon by manufacturers, sellers, and large consumers of welding products as the authoritative source for warnings, instructions, and precautionary measures, about welding fume safety and health hazards, to be printed on product labels and otherwise distributed in the stream of commerce.

Using the trade organization committees as their instrumentalities, Defendants committed numerous tortuous acts which included fraudulently and negligently misrepresenting, concealing, suppressing, and omitting material information regarding the health effects of welding fumes and precautionary measures as specifically alleged below.  Because not all Defendants attended each meeting, it was a regular practice of the trade association committees to publish written minutes which were disseminated to all committee members including those not in attendance, for the purpose of ratifying and adopting the actions taken and decisions made at the meetings.  By way of example these tortuous acts include the following:

At a meeting of NEMA's Welding Section held on March 16, 1937, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal known hazards associated with welding fumes by forming a "Dust and Smoke Committee" to preempt investigation of welding fume hazards by independent sources that were not controlled by Defendants.

During meetings of NEMA's Welding Section held between January 20th and June 23rd, 1938, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal known hazards of welding fumes by changing the language of a publication issued by an insurance company to delete the original statement in the publication that manganese in welding fumes causes an illness similar to Parkinson's disease.

In 1939-40, at meetings of NEMA's Welding Section, Defendants in attendance agreed to and did intentionally, knowingly, and recklessly conceal the hazards of welding fumes by purporting to undertake an investigation of the health hazards of welding fumes and then, upon its completion, changing the conclusions of said study, so as to falsely represent that welding fumes were not harmful to welders.

In 1949, as part of a scheme to create and disseminate false evidence useful in defending against claims brought by persons injured by exposure to welding fumes, Defendants members of NEMA's Arc Welding Section agreed to and did intentionally, knowingly, and recklessly conceal known hazards of welding fumes by providing information for and causing publication in a welding fumes were not toxic.

In 1949 and 1951, at meetings of NEMA's Arc Welding Section which considered precautionary measures, the Defendants in attendance agreed to and did

intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by reflecting  the adoption of any precautionary product labels for welding products because said Defendants were fearful hat welders would be afraid to use welding products if they were so see such precautionary product labels, and thus sales of welding products would be reduced.

In 1952, Defendants reorganized the AWS Safety Recommendations Committee and called a meeting to consider the furnishing of safety and health information at which they agreed to, and did intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by rejecting the adoption of any precautionary product labels for welding products.

In 1952, at a meeting of the AWS Safety Recommendation Committee, the Defendants in attendance agreed to, and did intentionally, knowingly, and recklessly adopt a policy of refuting existing reports of welding fume hazards by publishing their own reports which misrepresented exposure to welding fumes as safe.

In 1957, Defendants agreed to, and did intentionally, knowingly, and recklessly conceal the health hazards of welding fumes by sponsoring the publication of an article in the Welding Engineer trade publication that made the misrepresentation that "toxic gases are not produced by electrode coatings."

In 1966, at meetings of the A5 Filler Metal Committee of the AWS and a Task Group of that committee, the Defendants in attendance agreed to, and did intentionally, knowingly, and recklessly conceal health hazards of welding fumes by establishing industry-wide specifications of precautionary product labels which failed to warn workers of the danger of manganese in welding fume.  This precautionary label stated:

Welding may produce fumes and gases hazardous to health.  Avoid breathing these fumes and gases.  Use adequate ventilation.  See USAS Z49.1 "Safety in Welding & Cutting", published by the American Welding Society.

In 1966, at meetings of the A5 Filler Metal Committee of the AWS and a Task Group of that committee, the Defendants in attendance established industry-wide specifications for precautionary product labels which did intentionally, knowingly, and recklessly omit instructions about necessary ventilation needed to protect workers against the toxic effects of manganese in welding fumes.

In 1966-67, through votes on a ballot distributed to Defendants through the A5 Filler Metal Committee of the AWS, Defendants did intentionally, knowingly, and recklessly approve, as part of the AWS required specifications for most welding products, a precautionary product label concealing health hazards from welding fumes and omitting instructions about necessary ventilation.

From 1975-1979, Defendants, through the AWS Committee on Safety and Health, did intentionally, knowingly, and recklessly conceal the known hazards associated with welding.

These tortuous acts were a proximate cause of Plaintiffs' injuries.

Furthermore, NEMA and AWS undertook to render services that they recognized as necessary for the protection of persons in the position of Plaintiffs.  Under the Restatement (Second) of Torts §324A (1966), these Defendants had a duty to exercise ordinary care to protect Plaintiffs.  Defendants failed to exercise ordinary care to protect Plaintiffs and through such negligence proximately caused Plaintiffs' injuries.

### K.    FRAUD and CONSPIRACY TO FRAUD

The Plaintiffs also bring suit against the Cross Defendants and Pendant Claim

Defendants based on fraud and conspiracy to commit fraud. Plaintiffs would show that said Defendants repeatedly made representations that their products were safe all the while knowing that those representations were false. Said Defendants made these representations with the intent that they be relied upon by the Plaintiffs, and others similarly situated, and that said false representations would induce the Plaintiffs, and others, into purchasing and using the Defendants' dangerous products from which said Defendants would gain a proprietary benefit. The Plaintiffs innocently acted in reliance on said Defendants false representations causing them injuries in this case.

Plaintiffs further allege that the Defendants acted in consort with each other and other entities to form an industry known as the asbestos industry. The said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos-containing products to users such as Plaintiffs. Plaintiffs allege that such conduct amounted to fraud and was a proximate cause of injuries to Plaintiffs.

### L.    FRAUDULENT CONCEALMENT

Plaintiffs would show that the real cause of their injuries and damages have just now become known to them and that they have forthwith and timely brought this action. Plaintiffs allege that the Defendants committed acts and omissions, which were calculated to and did fraudulently conceal from them and others similarly situated the true dangers of the products and dangerous premises in question. Plaintiffs have just now become aware of such dangers due to such fraudulent concealment by the Defendants and of more importance, the damages done to them by Defendants' products.

### M.    DAMAGES

As a direct and proximate result and product of the wrongful conduct of Defendants, Plaintiffs suffer from personal injuries which are serious, long lasting, and permanent. As a result of their personal injuries, Plaintiffs seek a recovery of damage for one or more of the following elements: (a) pain, suffering, and mental anguish, past and future; (b) loss of earning capacity, past and future; (c) disfigurement, past and future; (d) physical impairment, past and future; (e) mental impairment, past and future; (f) medical expenses and care, past and future; (g) household services, past and future; (h) loss of consortium, past and future, (i) medical monitoring, (j) fear of cancer or future disease. As a result of all such items of damages described above, Plaintiffs would show they are entitled to and hereby sue for such sums as they may show themselves justly entitled all of which are within the minimum jurisdictional limits of this Court, including all post-judgment and all pre-judgment interest.

### N.    PUNITIVE DAMAGES

Plaintiffs would further show that all of the acts and omissions described above and committed by said Defendants herein were intentionally, willfully, and maliciously committed with reckless disregard to the rights of others and, by reason hereof, Plaintiffs sue for punitive damages in that such reasonably dangerous products were placed into the stream of commerce and existed on the premises in question. The actions of said Cross-Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Plaintiffs and Decedent.

### V.

### MARITIME CLAIMS AGAINST J. RAY McDERMOTT INC. FOR PERSONAL INJURIES AND DAMAGES

## DUE TO EXPOSURE TO ASBESTOS

### A.     EMPLOYER DEFENDANT

Defendant, J. Ray McDermott, Inc. (McDermott) has been served and filed an answer herein.   Maritime claims against this Defendant have been resolved by compromise settlement.

### B.     PLAINTIFFS

This action is brought by all Plaintiffs seeking damages for asbestos related injuries as listed under Paragraph II herein above.

### C.     VENUE AND JURISDICTION

This is an action under Title 46, United States Code § 688 et seq., commonly referred to as the "Jones Act" incorporating the Federal Employers Liability Act and general maritime law, for damages for personal injuries suffered by the Plaintiffs, each in their capacity as a member of the crew of a vessel for injuries suffered in the course of his engagement to perform and performance of the ship's work for McDermott.   Jurisdiction in this Court is proper in that the amount in controversy is within the jurisdictional limitations for this Court, and by reason that the State District Courts have concurrent jurisdiction of Title 46, United States Code § 688 Jones Act claims.   Venue is proper and mandatory in Jefferson County, Texas under Texas Civil Practice and Remedies Code § 15.018(b) in that a significant portion of the exposures which led to the Plaintiffs' claims herein occurred in such county.

### D.     JONES ACT ALLEGATIONS

Plaintiffs bring suit against the Defendant as authorized by the Jones Act, Title 46, United States Code § 688 et seq.  Each Plaintiff will show that at the time of exposures which led to the injuries complained of herein, he was employed as a seaman by the Defendant McDermott and was engaged in the service of the vessel.

## VI.

### CLAIMS AGAINST ASBESTOS MANUFACTURES AND SUPPLIERS FOR PERSONAL INJURIES AND DAMAGES DUE TO EXPOSURE TO ASBESTOS

In addition to their claims brought under the Jones Act against McDermott, some of the Plaintiffs herein bring claims under negligence, warranty and product liability theories against the manufacturers and suppliers of the products which resulted in their injuries and damages by reason of the inhalation or ingestion of asbestos fibers.

## A.    JURISDICTION AND VENUE

The Court has jurisdiction over the Plaintiffs because a substantial proportion of their exposures which are the basis of this suit occurred in Texas.  The Court has jurisdiction over the Defendants because the Defendants because the Defendant is a citizen or resident of the state of Texas or, in the alternative, as to foreign defendants, Plaintiffs will show that this Court has jurisdiction under the Long Arm Statute because Defendants are corporations who are purposefully engaged in business and commerce in the State of Texas and products of said Defendants have been placed in the stream of commerce and are sold and utilized within the State of Texas. The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of this Court.  Venue is mandatory in Jefferson County by application of Texas Civil Practices and Remedies Code, section 15.004 because the Plaintiffs have properly joined these claims with their Jones Act Claims,

which arise from the same occurrence, transaction or series of occurrences and transactions.

**B.     PLAINTIFFS**

This action is brought by Plaintiffs seeking damages for asbestos related injuries as listed herein above.

**C.     DEFENDANTS:**

The Plaintiffs bring their asbestos claims under these actions against the following Defendants:

1.     Defendant, Sammons BW, Inc. f/k/a Briggs-Weaver, Inc. has been served and filed an answer herein.

2.     Defendant, Pneumo Abex Corporation as Successor-in-Interest to Abex Corporation, has been served and filed an answer herein.

3.     Defendant, Ameraflex Rubber & Gasket Co., Inc. has been served and filed an answer herein.

4.     Defendant, Aqua Chem, Inc. d/b/a Cleaver-Brooks Company, Inc. has been served and filed an answer herein.**

6.     Defendant, A. W. Chesterton Company has been served and filed an answer herein.

7.     Defendant, Brown & Root, Inc. is being served according to the T.R.C.P.

8.     Defendant, CertainTeed Corporation has been served and filed an answer herein.

9.     Defendant, Cooper Cameron Corporation, Individually and as parent company to Cooper-Bessemer Reciprocating Products and Thornhill-Craver Company has been served and filed an answer herein.

10.     Defendant, Crown Cork & Seal Company, Inc. has been served and filed an answer herein.

11.     Defendant, Dresser, Inc. is being served according to the T.R.C.P.

12.     Defendant, Dresser Industries, Inc., successor-in-interest to Worthington Pumps is being served according to the T.R.C.P.

13.     Defendant, Elliott Turbomachinery Co., Inc. is being served according to the T.R.C.P.

14.     Defendant, The Flintkote Company has been served and filed an answer herein.

15.     Defendant, Foster Wheeler Energy Corporation (improperly named as Foster Wheeler USA Corporation) has been served and filed an answer herein.

16.     Defendant, Garlock Sealing Technologies, L.L.C., successor by merger to Garlock, Inc. has been served and filed an answer herein.

17.     Defendant, General Refractories Company, a/k/a GREFCO, Inc. has been served and filed an answer herein.

18.     Defendant, Guard – Line, Inc. f/k/a 20th Century Glove Corp. of Texas has been served and filed an answer herein.

19.     Defendant Honeywell International, Inc., as successor in interest to Allied-Signal, Inc. has been served and filed an answer herein.

20.     Defendant, Halliburton Company is being served according to the T.R.C.P.

21.     Defendant, Henry Vogt Machine Co. has been served and filed an answer herein.

22.     Defendant, IMO Industries, Inc. has been served and filed an answer herein.

23.     Defendant, Industrial Holdings Corporation, f/k/a the Carborundum Company has been served and filed an answer herein.

24.     Defendant, Insulations, Inc. has been served and filed an answer herein.

26.     Defendant, Lamons Metal Gasket Company has been served and filed an answer herein.

27.     Defendant, McMaster-Carr Supply Company has been served and filed an answer herein.

29.     Defendant, Metropolitan Life Insurance Company has been served and filed an answer herein.

30.     Defendant, M. W. Kellogg Holdings, Inc. has been served and filed an answer herein.

31.     Defendant, Minnesota Mining and Manufacturing a/k/a 3M is a corporation that can be served with process through its registered agent, C. T. Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201.

32.     Defendant, Nooter/Eriksen, Inc. has been served and filed an answer herein.

33.     Defendant, Oriental Gasket & Packing Company has been served and filed an answer herein.

34.     Defendant, Owens-Illinois has been served and filed an answer herein.

35.     Defendant, Parker Seal Group a subsidiary of Parker Hannifin Corporation has been served and filed an answer herein.

36.     Defendant, Rockbestos Co. is being served according to the T.R.C.P.

37.     Defendant, Ryder Industries, Inc. is being served according to the T.R.C.P.

38.    Defendant, SEPCO Corporation has been served and filed an answer herein.

39.    Defendant, Triplex, Inc. has been served and filed an answer herein.

40.    Defendant, Tuthill Corporation has been served and filed an answer herein.

41.    Defendant, Uniroyal Holding, Inc. has been served and filed an answer herein.

42.    Defendant, Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation as identified herein above is being served according to the T.R.C.P.

43.    Defendant, Zurn Industries, has been served and filed an answer herein.

44.    Defendant General Electric Company has been served and filed an answer herein.

45.    Defendant, Norton Company, n/k/a Saint-Gobain Abrasives, Inc., is a corporation or other business entity organized under the laws of the State Massachusetts and may be served with process by serving its registered agent, C.T. Corporation Systems, 101 Federal Street, Boston, Massachusetts 02110.

46.    Defendant, Weiler Corporation has been served and filed an answer herein.

47.    Defendant, Vulcan Iron Works, is a corporation or other business entity that may be served with process by serving its owner/president, Jim R. Edwards, 12700 Lyndon, Detroit, Michigan 48227.

48.    Defendant, American Crane & Equipment Corporation (ACECO), is a corporation or other business entity that may be served with process by serving its president or vice president at 531 Old Swede Road, Douglasville, Pennsylvania 19518.

49.    Defendant, Alcotec Wire Corporation (a subsidiary of the ESAB Group,

Inc.)

50.     Defendant, American Crane & Equipment Corporation (ACECO), is a corporation or other business entity that may be served with process by serving its president or vice president at 531 Old Sweede Road, Douglasville, Pennsylvania 19518.

51.     Defendant, The Manitowoc Company, Inc., is a corporation or other business entity that may be served with process by serving its registered agent, CT Corporate System, 350 N. St. Paul Street, Dallas, Texas 75201.

52.     Defendant, Vulcan Iron Works, is a corporation or other business entity that my be served with process by serving its owner/president, Jim R. Edwards, 12700 Lyndon, Detroit, Michigan 48227.

53.     Defendant, Weiler Corporation, is a corporation or other business entity that may be served with process by serving its president or vice president at One Wildwood Drive, Cresco, Pennsylvania 18326.

54.     Defendant, Norton Company, n/k/a Saint-Gobain Abrasives, Inc., is a corporation or other business entity that may be served with process by serving its registered agent, C.T. Corporation Systems, 101 Federal Street, Boston, Massachusetts 02110.

55.     Defendant, Abrasive Industries, Inc., individually and on behalf of its subsidiary, Bay State/Sterling, is a corporation or other business entity that may be served with process by serving its president, Ronald K. Van Hauen, 8851 Zealand Avenue N., Brooklyn Park, MN 55445.

## D.     BANKRUPTCY

The following Defendants have sought protection under the United States Bankruptcy Code.  The Plaintiffs do not seek to take any further action in this case

against these Defendants and said Defendants are listed herein solely to establish a cause number so the Plaintiffs may pursue their related bankruptcy claims.

1.   ABB Lummus Global, Inc.

2.   A C and S, Inc.

3.   J. Graves Insulation Company, Inc.

4.   Pittsburgh-Corning Corporation.

5.   Owens-Corning, Inc. f/k/a Owens-Corning Fiberglass Corporation.

6.   Rock Wool Manufacturing Company.

6.   North American Refractories, Co. a/k/a NARCO

7.   H. K. Porter

8.   Combustion Engineering

9.   Celotex, Individually and as successor in interest to Phillip Carey

10.  Johns-Manville

11.  Forty-Eight Insulations, Inc.

12.  Babcock & Wilcox

13.  Thorpe Products Company a/k/a J.T. Thorpe Company

14.  Congoleum Corporation

15.  Armstrong World Industries, Inc., as successor in interest to Armstrong Cork Company

16.  Harbison-Walker Refractories

17.  Dresser Industries, Inc.

18.  Kellogg Brown & Root, Inc.

19.  Worthington Pump, Inc.

20.    Anchor Packing Company

21.    Triple B Corporation

22.    The Walworth Company, a/k/a Walworth Valves USA

23.    A.P. Green Industries, Inc. f/k/a A.P. Green Refractories of Texas

24.    GAF Corporation

25.    The Keene Corporation

26.    Raybestos-Manhattan, Inc.

27.    Masoneilan

28.    Shook & Fletcher

29.    Audio Technical, Inc., f/k/a Fuller-Austin Industries

30.    Dallas Gasket & Packing

31.    Eagle-Picher Industries, Inc.

32.    Federal Mogul Global, Inc.

33.    Fiberboard Corporation

34.    Fibercast Company

35.    Gasket Holding, Inc., Independently and as successor-in-interest to Flexitallic Gasket Co., Inc., is a subsidiary of Federal-Mogul

36.    Halliburton Company for its subsidiaries BPM Minerals, Kellogg Brown & Root, DII Industries, KBR Technical Services, and Midvalley

37.    National Gypsum Company

38.    National Refractories & Minerals

39.    Plibrico Company

40.    Ruberoid Corporation

41.    U.S. Mineral Products Company

42.    United States Gypsum Company

43.    W.R. Grace & Co.

44.    Fuller-Austin, Individually and a/k/a Fuller-Austin Insulation Co.

45.    General Aniline & Film Corporation f/k/a and Individually and as successor-

       in-interest to GAF Corporation

46.    Halliburton Industrial Services, Inc.

**F.    ADDITIONAL ASBESTOS SUPPLIER DEFENDANTS:**

In addition, the Plaintiffs bring claims against the following entities for exposures to

asbestos:

1.    Singer Safety Company, aka Singer Safety Products, Inc., an Illinois
Corporation through its agent for service, Mr. Brian H. Johnson, 2300 N. Kilbourn
Avenue, Chicago, IL 60639.

2.    Steiner Industries, Inc., an Illinois Corporation, by and through its
registered agent for service, Robert Steiner, 5801 N. Tripp Avenue, Chicago, IL 60646-
6013.

3.    ITT Industries, Inc. fka or conducting business as ITT Grinnell, an Indiana
Corporation, by and through its agent for service CT Corporation System, 350 N. St. Paul
Street, Dallas, TX 75201.

4.    NIBCO, Inc. an Indiana Corporation, by and through its agent for service
CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

5.    Jenkins Valve, a Division of Crane Co., aka Crane Co., a Delaware
Corporation, by and through its registered agent for service, CT Corporation System, 350
N. St. Paul Street, Dallas, TX 75201.

6.    Marsh Instruments, aka Bellofram Corporation, a Nebraska Corporation,
by and through its registered agent for service, CT Corporation System, 350 N. St. Paul
Street, Dallas, TX 75201.

7.    FMC Fluid Control, a division of FMC Technologies, Inc., a Delaware
Corporation, through its registered agent for service, CT Corporation System, 1021 Main
Street, Suite 1150, Houston, TX 77002.

8.      Ingersoll-Rand Corporation is a foreign corporation for which no service is presently requested.

9.      Pfizer, Inc. is a foreign corporation for which no service is presently requested.

### G.      CORPORATE LIABILITY

Whenever it is alleged herein that a corporate Defendant did any act or thing, or omitted to perform any necessary act, it is meant that the Defendant's officers, agents, servants, employees and/or representatives did such act or thing or omitted to perform the necessary act, and that at the time of that occurrence, those persons were acting with the full authorization of the Defendant, or were acting in the normal, routine course and scope of their employment, agency or representation.  To this extent the Plaintiffs invoke the doctrine of *Respondeat Superior* in this case.

Alternatively and in addition to the foregoing, it is meant that a predecessor-in-interest to that Defendant is liable for the alleged acts and the successor-in-interest corporation is liable for the acts and omissions of its predecessor.

Alternatively and in addition to the foregoing, it is meant that a corporate Defendant is responsible because the conduct, negligence and other acts and omissions of another Defendant or entity not a Defendant herein are imputable to it, in that they were mutual agents and principals in the conduct of the business referred to above, or the conduct of the Defendants in the course of this activity constitutes a partnership and/or joint enterprise under Texas law, or as a result of their control, negligent supervision and/or actual supervision of various joint ventures and/or parent/subsidiary relationships, Defendants are liable to the Plaintiffs.

Alternatively and to the extent applicable, the Plaintiffs would show that some of the Defendants have interlocking directorates and a significant identity of control, in a manner indicative of an identity of interest and a disregard for the separation of corporate functions in the conduct of the business of manufacturing, distributing, selling and/or using the materials complained of herein, so as to render them jointly and severally liable for the injuries and damages to Plaintiffs as alleged herein.

Finally, for any Defendant that is a partnership, unincorporated association, private corporation, or individual doing business under an assumed name, the Plaintiffs invoke Tex. R. Civ. P. 28 which allows said Defendant to be sued in its assumed name.

**H.     BACKGROUND**

Plaintiffs would show that that they, or their deceased family members, were exposed to asbestos and asbestos fibers manufactured, supplied, sold and placed into the stream of commerce by the Defendants and used in the course of their work in and around drilling platforms and on barges in the course of their work directly or indirectly for McDermott.  As a result of the Plaintiffs exposure to asbestos and asbestos fibers, the Plaintiffs have suffered serious personal injuries for which suit is brought herein.

**I.     NEGLIGENCE**

**1.     PRODUCT DEFENDANTS**

The asbestos, asbestos fibers, and asbestos-containing products that the Plaintiffs were exposed to were manufactured, distributed, and/or supplied by the Defendants listed herein.  Plaintiffs would show that the Defendants knew, or in the exercise of ordinary and reasonable care, should have known, that the hazardous materials that were manufactured, distributed, or supplied by them would have dangers that would be

unknown to and unappreciated by the ultimate users/consumers of their products Plaintiffs allege that the Defendants that manufactured, supplied, and/or distributed the dangerous asbestos and asbestos-containing products through McDermott were negligent in at least the following ways:

       a.     Failing to warn, or adequately and sufficiently warn, the users and/or consumers of their products of the known or reasonably discoverable danger of individuals exposed to said products contracting severe, permanent, and disabling injuries.  The Defendants knew or could reasonably have foreseen that the Plaintiffs, or someone situated as Plaintiffs, would have in fact come in contact with and be exposed to their products;

       b.     Failing to test their products concerning the effects of exposure to persons situated such as Plaintiffs;

       c.     Failing to instruct or notify users or consumers of said dangerous products of proper safety measures, procedures, precautions, and practices, to reduce or eliminate the danger posed by exposure to the products supplied, manufactured, and or distributed by the Defendants; and

       e.     Failing to properly package their products so that proper labeling and instructions were easily visible and all warnings and instructions were prominently displayed so that users of the Defendants' products were made fully aware of the dangers posed by the asbestos material contained in said products.

### 2.     EQUIPMENT DEFENDANTS

Plaintiffs would further show that some of the Defendants named herein were the manufacturers, suppliers, and/or distributors of equipment that either contained asbestos

parts or was insulated with asbestos materials. In the case of equipment that contained asbestos parts, such as gaskets or packing, the Plaintiffs would show that the Defendants were negligent in that they failed to adequately warn individuals conducting maintenance on, working with, or working around their equipment of the dangers of the asbestos containing parts use in the Defendants' equipment. In the case of equipment that was insulated with asbestos insulation, the Plaintiffs would show that the Defendants either insulated their equipment with asbestos insulation at the factory or specified that asbestos insulation be used in conjunction with their equipment. Finally, the Equipment Defendants failed to provide warnings and instructions concerning the dangers of asbestos-containing parts and asbestos insulation used in conjunction with the Defendants' equipment.

The Plaintiffs would show that all of the Defendants owed a duty to the Plaintiffs not to place a defective and unreasonably dangerous product into the stream of commerce or specify the use of dangerous materials. Plaintiffs would further allege that the Defendants owed the Plaintiffs a duty to warn of known dangers associated with their products or of dangers that were reasonably foreseeable at the time the product was placed into the stream of commerce. The Defendants breached these duties owed to the Plaintiffs proximately causing the Plaintiffs injuries and deaths.

As to all of the above described negligent acts and omissions of each of the Defendants named herein, the Plaintiffs would show that they cannot more specifically allege said negligent acts and omissions in that the manufacture, design, distribution, and application of the products causing harm to the Plaintiffs were within the exclusive control of the Defendants. Thus, the Plaintiffs invoke the doctrine of *Res Ipsa Loquitor* in this case.

### J.    STRICT LIABILITY

### 1.    MARKETING DEFECT

The Product and Equipment Defendants listed herein that manufactured, supplied, and/or distributed the dangerous asbestos-containing products and manufactured, supplied, and/or distributed the equipment containing dangerous asbestos-containing parts are liable in strict liability.  Said Defendants dangerous products and equipment was defective and unreasonably dangerous in the way that it was marketed by said Defendants because they did not contain and were not accompanied by fair, reasonable, or adequate warning of the dangers of said products and equipment reasonably calculated to reach persons who were exposed, the persons responsible for allowing the exposure, and all persons said Defendants knew or should have foreseen would be exposed.  Such defect in marketing was a producing cause of the injuries alleged and suffered by Plaintiffs, as more particularly described herein.

### 2.    DESIGN DEFECT

Further, the products that were manufactured, marketed, sold, distributed, supplied and/or the equipment that was manufactured, marketed, sold, distributed, and supplied were of such a hazardous nature that they were unreasonably dangerous in their design.  Further, in the case of equipment that was insulated with asbestos materials, said equipment was defective in that it would not work properly unless being insulated with asbestos insulation or using asbestos containing parts. Said products and equipment posed an abnormal danger when balanced with the utilities of such products and equipment and therefore said Defendants should be held liable in strict liability pursuant to the rulings of the Texas courts and as adopted in the Restatement of Torts 2d, Section 402A, et al.  Such defects were a producing cause of the injuries alleged and suffered by the Plaintiffs as more particularly

described herein.

### K. FRAUD

The Plaintiffs also bring suit against Defendant Metropolitan Life based on fraud. Plaintiffs would show that Defendant Metropolitan Life repeatedly made representations that asbestos was safe all the while knowing that those representations were false. Said Defendant made these representations with the intent that they be relied upon by the Plaintiffs, and others similarly situated, and that said false representations would induce the Plaintiffs, and others, into working with and around the dangerous asbestos. The Plaintiffs innocently acted in reliance on Defendant Metropolitan Life's false representations causing them injuries in this case. Plaintiffs allege that such conduct amounted to fraud and was a proximate cause of Plaintiffs injuries and death.

Plaintiffs further bring suit against each of the Defendants that manufactured, distributed, or supplied asbestos-containing products, asbestos insulation, and asbestos-containing equipment for fraud. Plaintiffs would show that that these Defendants acted in consort with each other and other entities to form an industry known as the Asbestos Industry. Then said Defendants, acting separately and in consort with various representatives of said industry, committed acts and omissions that were calculated to cover up or minimize the known dangers of asbestos and asbestos-containing products to users such as Plaintiffs. Plaintiffs allege that such conduct amounted to fraud and was a proximate cause of Plaintiffs injuries and death.

### L. FRAUDULENT CONCEALMENT

Plaintiffs would show that they have just now know the real cause of their injuries and damages and that they have forthwith and timely brought this action. Plaintiffs

allege that the Defendants committed acts and omissions, which were calculated to and did fraudulently conceal from them and others similarly situated the true dangers of the products and equipment in question.  Plaintiffs have just now become aware of such dangers due to such fraudulent concealment by the Defendants and of more importance, the damages done to them by Defendants' products and equipment.

### M.    CONSPIRACY

Plaintiffs further allege that Metropolitan Life Insurance Company and all other Defendants and/or their predecessors-in-interest knowingly agreed, contrived, combined, confederated, and conspired among themselves to cause Plaintiffs' injuries and illnesses by exposing Plaintiffs to harmful and dangerous asbestos and asbestos containing products and to deprive Plaintiffs of the opportunity of informed free choice as to whether to use asbestos and asbestos containing products and to expose themselves to the dangers.  Defendants committed the above-described wrongs by willfully misrepresenting and suppressing the truth as to the risks and dangers associated with the use of and exposure to Defendants' asbestos and asbestos containing products.

Plaintiffs reasonably and in good faith relied upon the false and fraudulent representations, omissions, and concealments made by the Defendants regarding the nature of their asbestos or asbestos containing products.  As a direct and proximate result of Plaintiffs' reliance on Defendants' false and fraudulent representations, omissions, and concealments, Plaintiffs sustained damages including their present injuries, illnesses, diseases, and deaths.

### N.    DISCOVERY RULE

Plaintiffs would show the Court that they were and have been completely innocent

of the wrongful conduct of the Defendants and ignorant of the dangers and hazards to which they have been exposed.  Only recently, and through no lack of diligence whatsoever on their part, have the Plaintiffs been advised of the damage that has been done by the exposures described herein and that such damages were directly and proximately caused by the wrongful conduct of the Defendants.  To this end, the Plaintiffs invoke the protection of the Discovery Rule.

**O.    DAMAGES**

As a result of the personal injuries and deaths suffered by the Plaintiffs in this case, they have suffered significant damages for which they bring suit.  Damages sought by the Plaintiffs include an award for one or more of the following:

1.    Past and future medical costs and expenses;

2.    Past and future pain and suffering;

3.    Past and future mental anguish;

4.    Past and future disability;

5.    Past lost wages and loss of future earning capacity;

6.    Past and future loss of consortium;

7.    Past and future physical impairment;

8.    Disfigurement;

9.    Past and future loss of household services;

10.    Funeral and probate costs related to the deceased Plaintiffs.

**P.    PUNITIVE DAMAGES**

Plaintiffs would further show that all of the acts and omissions described above and committed by said Defendants herein were intentionally, willfully, and maliciously

committed with reckless disregard to the rights of others and, by reason hereof, Plaintiffs sue for punitive damages in that such reasonably dangerous products were placed into the stream of commerce and existed on the premises in question.   The actions of said Defendants amounted to entire want of care, such that said acts and omissions were the result of a conscious indifference to the rights or welfare of persons situated as the Plaintiffs and Decedent.

## VI.

## DEATH CLAIMS

### A.   WRONGFUL DEATH

1.   Plaintiff Judy Rhodes Adams is the daughter of Edward John Rhodes, Jr., and the Executrix of his Estate.  Mrs. Adams brings a wrongful death action, both individually and on behalf of all surviving heirs, and a survival action on behalf of her father's estate pursuant to Tex. Civ. Prac. & Rem. Code § 71.001 *et seq.* , Tex. Civ. Prac. & Rem. Code § 71.021and Tex. Prac. & Rem. Code § 71.004 respectfully.

2.   At the time of his death, Edward John Rhodes, Jr. was survived by his children who are the persons entitled to recover damages in this action.  Edward John Rhodes, Jr. provided those Plaintiffs with joy, happiness, and anticipation of all the pleasures associated with the parent-child relationship, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for the Plaintiffs in the future. Plaintiffs would show that they have lost the love, affection, solace, comfort, companionship, society, care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, and the present value of the assets that Edward John Rhodes, Jr. would have in reasonable probability added to his estate and left to the Plaintiffs.   As a result of the

wrongful death of Edward John Rhodes, Jr., the children of Edward John Rhodes, Jr. have suffered damages including termination of the parent-child relationships, and severe mental anguish suffered in the past and which in reasonable probability, will continue to be suffered into the future.

3.      Plaintiff Bobbie Lee Fonseca is the widow of Berwick Fonseca and the Executrix of his Estate. Mrs. Fonseca brings a wrongful death action, both individually and on behalf of all surviving heirs, and a survival action on behalf of her deceased husband's estate pursuant to Tex. Civ. Prac. & Rem. Code § 71.001 *et. seq.*, Tex. Civ. Prac. & Rem. Code § 71.021, and Tex. Prac. & Rem. Code § 71.004 respectfully.

4.      At the time of his death, Berwick Fonseca was survived by his wife and children who are the persons entitled to recover damages in this action. Berwick Fonseca provided his children with joy, happiness, and anticipation of all the pleasures associated with the parent-child relationship, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for the Plaintiffs in the future. Berwick Fonseca provided his wife with joy, happiness, and anticipation of all the pleasures associated with the husband-wife relationship, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for his wife in the future. Plaintiffs would show that they have lost the love, affection, solace, comfort, companionship, society, care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, and the present value of the assets that Berwick Fonseca would have in reasonable probability added to his estate and left to the Plaintiffs. As a result of the wrongful death of Berwick Fonseca the widow and children of Berwick Fonseca have suffered damages including termination of the parent-child and husband-wife relationships, and severe mental anguish suffered in the

past and which in reasonable probability, will continue to be suffered into the future.

5.     Plaintiff Judy Melancon is the widow of Donald Melancon and the Executrix of his Estate.  Mrs. Melancon brings a wrongful death action, both individually and on behalf of all surviving heirs, and a survival action on behalf of her deceased husband's estate pursuant to Tex. Civ. Prac. & Rem. Code § 71.001 *et. seq*., Tex. Civ. Prac. & Rem. Code § 71.021, and Tex. Prac. & Rem. Code § 71.004 respectfully.

6.     At the time of his death, Donald Melancon was survived by his wife and children who are the persons entitled to recover damages in this action.  Donald Melancon provided his children with joy, happiness, and anticipation of all the pleasures associated with the parent-child relationship, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for the Plaintiffs in the future. Donald Melancon provided his wife with joy, happiness, and anticipation of all the pleasures associated with the husband-wife relationship, as well as the anticipation of care, counsel, advice, nurture, guidance and affection both to and for his wife in the future. Plaintiffs would show that they have lost the love, affection, solace, comfort, companionship, society, care, maintenance, support, services, advice, counsel, reasonable contributions of pecuniary value, and the present value of the assets that Donald Melancon would have in reasonable probability added to his estate and left to the Plaintiffs.  As a result of the wrongful death of Donald Melancon the widow and children of Donald Melancon have suffered damages including termination of the parent-child and husband-wife relationships, and severe mental anguish suffered in the past and which in reasonable probability, will continue to be suffered into the future.

B.     **SURVIVAL**

1.     Plaintiff, Judy Rhodes Adams, is the executrix of Edward John Rhodes'

Estate. Ms. Adams has probated her late father's will and there are no estate debts outstanding. As executrix of the her late father's estate, Ms. Adams seeks damages for the conscious pain and suffering and mental anguish that Edward John Rhodes suffered prior to his death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of his wrongful death.

2.     Plaintiff, Bobbie Lee Fonseca, is the executrix of Berwick Fonseca's Estate. Mrs. Fonseca has probated her late husband's will and there are no estate debts outstanding. As executrix of the her late husband's estate, Mrs. Fonseca seeks damages for the conscious pain and suffering and mental anguish that Berwick Fonseca suffered prior to his death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of his wrongful death.

3.     Plaintiff, Judy Melancon is the executrix of Donald Melancon's Estate. Mrs. Melancon has probated her late husband's will and there are no estate debts outstanding. As executrix of the her late husband's estate, Mrs. Melancon seeks damages for the conscious pain and suffering and mental anguish that Donald Melancon suffered prior to his death and for the reasonable and necessary medical, funeral and burial expenses which were reasonably incurred because of his wrongful death.

## VII.

## COMPULSORY CROSS-CLAIMS- JONES ACT:

### A.     PARTIES:

Plaintiffs bring compulsory cross-claim Jones Act claims against the following Defendants for exposures to asbestos and or welding fumes as specifically set forth as to each defendant. Plaintiffs would show that J. Ray McDermott, Inc. has brought contribution

actions as against each of these Defendants for the exposures complained of by the

Plaintiffs, and as such, the Plaintiffs are placed in a position whereby they must initiate and

prosecute thier claims against these entities as compulsory cross claims as the issues to be

litigated in the Defendant, J. Ray McDermott's action for contribution is identical to the

issues which will be litigated by the Plaintiffs against these prior employers.

1.      Abdon Callais Boat Rental is a Louisiana Corporation, which may be served through its President, Mr. Callais at 9045 E. Avenue A, Cutoff, LA 70345. Suit is brought against this entity under the Jones Act for asbestos exposure by Rodney Martin.

2.      Aquatic Contractors & Engineering Inc., is a Louisiana Corporation which may be served through its agent for service. Suit is brought against this entity under the Jones Act for exposures to asbestos and exposures to welding fumes by Raymond Foret, Howard Fanguy, Linduel Lopez, and Billy Miller.

3.      Aquatic Equipment & Engineering Inc. is a Louisiana Corporation which may be served through its agent for service, Earl Hebert, 129 S. Deglavelle St., Amelia, LA 70340. Suit is brought against this entity under the Jones Act for exposures to asbestos and welding fumes by the estate of Berwick Fonseca, Sr., Gerald Marcel, Robert Paul Webre, David LeBoeuf, Glynn Rhodes, and Edward Rhodes, Jr.

4.      B & B Tug Corporation has appeared and answered herein, and may be served through its attorney of record Gary Linthicum. Suit is brought against this entity under the Jones Act for exposures to asbestos by Raymond Foret, Jr.

5.      Bayou Inspection Services, Inc. has appeared and answered herein, and may be served through its attorney of record R. Willingham. Suit is brought against this entity under the Jones Act for exposures to asbestos and welding fumes by Bruce W. Desselle.

6.      Bayou Marine Corporation is a Louisiana Corporation which may be served through its agent for service, Maurice Rome, 301 Glynn Avenue, Houma, LA 70363. Suit is brought against this entity under the Jones Act for exposures to asbestos and welding fumes by Howard Fanguy, Ralph Brunet, and David J. LeBoeuf.

7.      Brown & Root, Brown & Root Industrial Services, Brown & Root USA, Inc. and Brown & Root foreign subsidiaries are corporations in bankruptcy and named solely for the purpose of perfecting Jones Act claims against the entities to be pursued solely through the bankruptcy by Keith F. Estopinal, David J. LeBoeuf      ,    Leroy    J. LeBoeuf, Sr., David W. Thomas, Jr., Dan Roberson, Freddie Theriot, Harry P. LeBeouf, Sterling Mayon, Thaddeus Chaisson, Joseph Dufrene, Jr., Raymond Foret, Jr., Ralph E. Johnson, Rodney Martin, Donald G. Melancon, Sr., Steve P. Olivier, Sr., Keith

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 50**

Robichaux, Jeffrey Souldier, Robert Paul Webre, Paul J. Webre, Johnny G. Ledford, Maurice J. Dufrene, Johnny G. Ledford, Mac Knupp, David W. Thomas, Jr., and Gary J. Gautreaux, Robert Paul Webre, Howard Fanguy and Joseph Dufrene, Jr.

8.     Cenac Towing Company has appeared and answered and may be served through its attorney of record, Mr. Gary Linthicum. Jones Act allegations for exposure to asbestos are alleged against this entity by Howard Fanguy, David Paul Adams, Andrew Bourgeois, Jimmie D. Diagle, Leroy J. LeBoeuf, Sr., Adley P. Rink, Sr., Harry P. LeBoeuf, and Raymond Foret, Jr.

9.     Danos & Curole Marine Contractors LLC has appeared and answered and may be served through its attorney of record, David Reynard. Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Arthur Ellender, Jr., Gary J. Gautreaux, Mac Knupp, Perry Martin, Rodney Martin, Audrey Robichaux, David J. LeBoeuf, and Kevin Villemarette.

10.     Delta Explorations Co. has appeared and answered and may be served through attorney of record, Catherine Faubion. Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Thaddeus Chaisson, Leroy J. LeBoeuf, Sr., and Charles Rink.

11.     Delta Towing Co. Inc., is a Louisiana Corporation which may be served by serving August Kelly at Route 1, Buras, LA.  . Jones Act allegations for exposure to asbestos are alleged against this entity by Joseph Dufrene, Jr.

12.     Dolphin Services, Inc. has appeared and answered herein, and may be served through its attorney of record, James Thompkins.  Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Perry Martin, Robert Paul Webre, Dale P. Authement, Johnny R. Broussard, Jack Frank Cosby, Jimmy Diagle, and Howard Fanguy.

13.     Fluor Ocean Services, Inc. has appeared and answered and may be served through its attorney of record, Kent Adams. Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Ricky Giroir, Sr., Paul J. Webre, Howard Fanguy, Emile Bourgeois, Sr., Robert J. Bergeron, Louis Cressione, Jr., Jimmie Diagle, Arthur L. Ford, Leroy J. LeBoeuf, Sr. and the estate of Berwick Fonseca, Sr.

14.     Global Industries Offshore, LLC., has appeared and answered and may be served through its attorney of record, Kirk Martin. Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Glenn Ellender, Errol J. Roddy and Joseph Dufrene.

15.     Global X-Ray & Testing Corporation is a Louisiana Corporation which may be served through its agent for service, Ricky Leblanc, 210 Grizzaffi Street, Morgan City, LA 70380.  . Jones Act allegations for exposure to asbestos are alleged against this entity by Bruce Desselle.

16.     Marine Rental Service Inc. Corporation is a Louisiana Corporation which may be served through its agent for service, Alvin Delaune, 3425 W. Mauin Street, Houma, LA 70360  Jones Act allegations for exposure to asbestos are alleged against this entity by Raymond Foret.

17.     Rowan Companies Inc., is a foreign corporation which has appeared and answered and may be served through its attorney of record, Lawrence Germer.  Jones Act allegations for exposure to asbestos and welding fumes are alleged against this entity by Rodney Martin.

**B.     STIPULATION:**     The plaintiffs identified in the Compulsory Cross-Claim Jones Act allegations, and each of them, do hereby stipulate that they are bringing a cause of action herein against these 17 named employers hereinabove based  solely under the Jones Act, and the Plaintiffs named herein further stipulate that they are not making claims against these defendants under the Longshore and Harbor Worker's Compensation Act, and or under the pnumbra or jurisdiction of OSCLA.  To the extent any Plaintiff's Jones Act allegations may implicate a cause or action under the LHWCA or under OSCLA, the Plaintiffs, and each of them, expressly stipulate that they are not pursuing such claims or causes of action through this litigation.

**C.     JONES ACT ALLEGATIONS-WELDING FUME DEFENDANTS**

Plaintiffs bring suit against the Defendant as authorized by the Jones Act, Title 46, United States Code § 688 et seq.  Each Plaintiff will show that at the time of exposures which led to the injuries complained of herein, he was employed as a seamen by the Defendant and was engaged in the service of the vessel.  Each Plaintiff will show that as a seamen engaged by the Defendant in the service of the vessel, the Defendant owed him a legal duty of ordinary care and to provide him a safe place of employment.  In this regard, each Plaintiff will show that the Defendant breached such duty in one or more of

the following particulars, each of which individually the Plaintiffs allege to be a contributing cause of their injuries and damages:

1. the Defendant failed to provide Plaintiffs with safe and appropriate tools for the performance of their work;

2. the Defendant failed to ensure safe guidelines or rules were implemented in the performance of the work;

3. the Defendant failed to provide Plaintiffs with a safe workplace by the presence of welding fumes in the workplace;

4. the Defendant failed to providing safety appliances such as vents and or respiratory protection;

5. the Defendant failed to adequately train the Plaintiffs as to proper procedures for protection from welding fumes;

6. the Defendant failed to properly supervise the work of its employees; and

7. the Defendant failed to identify and warn of known hazards associated with the Plaintiffs' duties.

Each of the above and foregoing acts and or omissions, individually and cumulatively was a contributing cause of the injuries and damages sustained by the Plaintiffs for which suit has been brought herein.

As a consequence of the failure of the Defendant to exercise ordinary care, the Plaintiffs have each suffered injury and damages.  The Plaintiffs have each suffered pain and mental anguish in the past, and in all reasonable likelihood, will suffer same well into the future for which Plaintiffs bring suit herein.  Some Plaintiffs have endured past disability and all Plaintiffs likely will suffer some disability into the future.  The Plaintiffs have been subjected to lost wages and diminished earning capacity.  Plaintiffs will show they have incurred doctor, hospital, pharmacy, and other medical care and treatment in the past which was necessary for the treatment of his injuries suffered herein and for which

reasonable charges were incurred. Additionally, Plaintiffs will each show that in all reasonable likelihood, he will incur reasonable expenses in the future for doctor, hospital, pharmacy and other medical treatment necessary for the treatment of injuries he has suffered herein.

**D.      JONES ACT ALLEGATIONS-ASBESTOS EXPOSURE**

Plaintiffs bring suit against the Defendant as authorized by the Jones Act, Title 46, United States Code § 688 et seq. Each Plaintiff will show that at the time of exposures which led to the injuries complained of herein, he was employed as a seaman by the Defendant and was engaged in the service of the vessel. Each Plaintiff will show that as a seamen engaged by the Defendant in the service of the vessel, the Defendant owed him a legal duty of ordinary care and to provide him a safe place of employment. In this regard, each Plaintiff will show that the Defendant breached such duty in one or more of the following particulars, each of which individually the Plaintiffs allege to be a contributing cause of their injuries and damages:

1. the Defendant failed to provide Plaintiffs with safe and appropriate tools for the performance of their work;

2. the Defendant failed to ensure safe guidelines or rules were implemented in the performance of the work;

3. the Defendant failed to provide Plaintiffs with a safe workplace by the presence of asbestos in the workplace;

4. the Defendant failed to providing safety appliances such as vents and or respiratory protection;

5. the Defendant failed to adequately train the Plaintiffs as to proper procedures for protection from asbestos;

6. the Defendant failed to properly supervise the work of its employees; and

7.  the Defendant failed to identify and warn of known hazards associated with the Plaintiffs' duties.

Each of the above and foregoing acts and or omissions, individually and cumulatively was a contributing cause of the injuries and damages sustained by the Plaintiffs for which suit has been brought herein.

As a consequence of the failure of the Defendant to exercise ordinary care, the Plaintiffs have each suffered injury and damages.  The Plaintiffs have each suffered pain and mental anguish in the past, and in all reasonable likelihood, will suffer same well into the future for which Plaintiffs bring suit herein.  Some Plaintiffs have endured past disability and all Plaintiffs likely will suffer some disability into the future.  The Plaintiffs have been subjected to lost wages and diminished earning capacity.  Plaintiffs will show they have incurred doctor, hospital, pharmacy, and other medical care and treatment in the past which was necessary for the treatment of his injuries suffered herein and for which reasonable charges were incurred.  Additionally, Plaintiffs will each show that in all reasonable likelihood, he will incur reasonable expenses in the future for doctor, hospital, pharmacy and other medical treatment necessary for the treatment of injuries he has suffered herein.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants named herein be cited to appear and answer as required by law and that upon final hearing, Plaintiffs have judgment against said Defendants, jointly and severally, for such sums as described above, that they may show themselves justly entitled, and for such other relief as they may be entitled to, all which are within the minimal jurisdictional limits of this Court,

**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 55**

for prejudgment interest and other interests as may be permitted by law, and that Plaintiffs recover costs of suit and such other and further relief as they may show themselves justly entitled.

Respectfully submitted,

THE CARLILE LAW FIRM, L.L.P.
400 S. Alamo
Marshall, Texas 75670
Telephone Number:   (903) 938-1655
Facsimile Number:   (903) 938-0235

_____
D. Scott Carlile
State Bar Number 24004576

Bruce A. Craig
State Bar Number 04975270

David C. Carlile
State Bar Number 03804500


WILLIAMS BAILEY LAW FIRM, L.L.P.
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
Telephone Number: (713) 230-2356
Facsimile Number: (713) 643-6226

K. Camp Bailey
State Bar Number 24006782

CASCINO VAUGHN LAW OFFICES LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
Telephone:  312-944-0600
Facsimile:  312-944-1870

Michael P. Cascino
Illinois attorney registration number: 3124122


ATTORNEYS FOR PLAINTIFFS


**PLAINTIFFS' SIXTH AMENDED PETITION – PAGE 57**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all counsel of record on this the 23 day of August 2004.

_____
D. Scott Carlile

# EXHIBIT D

CAUSE NO. A168572

| DOUG BENOIT, et al. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| J. RAY MCDERMOTT, INC., et al. | § | 58th JUDICIAL DISTRICT |

## THIRD PARTY PETITION OF DEFENDANT J. RAY MCDERMOTT, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Named Defendant, J. Ray McDermott, Inc. complaining of other Third Party Defendants names below, and for cause of action would show the Court and Jury as follows:

1.0     This case has been designated as a Discovery Level III Case.

Plaintiffs are citizens of Texas, Louisiana, Georgia, and Mississippi.  The following plaintiffs claim injuries and damages due to exposures to asbestos and to welding fumes[1]:

1.     Doug Benoit is a citizen and a resident of Louisiana.

2.     Thaddeus Chaisson is a citizen and a resident of Louisiana.

3.     William Edwards is a citizen and a resident of Georgia.

4.     Raymond Foret~ Jr. is a citizen and a resident of Louisiana.

5.     Roy Freeman is a citizen and a resident of Louisiana.

6.     Ronald Gautreaux is a citizen and 'a resident of Louisiana

7.     Jules Hebert is a citizen and a resident of Louisiana.

8.     John Lombardi is a citizen and a resident of Louisiana.

---

[1] This Third Party Petition is limited to Third Party Defendants who may be liable for injuries to those Plaintiff's named in Plaintiff's Original Petition.  Pursuant to this Court's Order, the lawsuits for all subsequently named

9.    Eugene Lovell is a citizen and a resident of Louisiana.

10.   James Lovell is a citizen and a resident of Louisiana.

11.   Gerald Marcel is a citizen and a resident of Louisiana.

12.   Sterling Mayon is a citizen and a resident of Louisiana.

13.   Donald Melancon is a citizen and a resident of Louisiana.

14.   Billy Miller is a citizen and a resident of Louisiana.

15.   Steve Oliver is a citizen and a resident of Louisiana.

16.   Audrey Robrechaux is a citizen and a resident of Louisiana.

17.   Jerry Torsclair is a citizen and a resident of Louisiana.

18.   Robert Webre is a citizen and a resident o^ Louisiana.

19.   Vital Landry is a citizen and a resident of Louisiana.

20.   Chris Levron is a citizen and a resident of Louisiana.

21.   Rodney Martinis a citizen and a resident of Louisiana.

22.   Roy Rhodes is a citizen and a resident of Louisiana.

23.   Albert Aucoin is a citizen and resident of Louisiana.

24.   Isaac Bergeron is a citizen and resident of Louisiana-

25.   Eugene Bonvillian is a citizen and resident of Louisiana.

26.   Earl'Breaux is a citizen and resident of Louisiana.

27.   Gerald Chauvin is a citizen and resident of Louisiana.

28.   Paul Crocket, Sr. is a citizen and resident of Louisiana.

29.   Joseph Dufrene is a citizen and resident of Louisiana.

30.   Arthur Ellender, Jr. is a citizen and resident of Louisiana.

31.   Terry Ellender is a citizen and resident of Louisiana.

plaintiffs are to be severed out of this case and distributed to the other Jefferson County District Courts.  It is McDermott's understanding that new Scheduling Orders will be issued for the redistributed lawsuits.

C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\224_200311262131120236.doc

32. Gary Gautreaux is a citizen and resident of Louisiana.

33. Dale Gautreaux is a citizen and resident of Louisiana.

34. Oscar Gautreaux is a citizen and resident of Louisiana.

35. Ricky Giroir is a citizen and resident of Louisiana.

36. Rene Himel, Sr. is a citizen and resident of Louisiana.

37, Ralph Johnson is a citizen and resident of Mississippi.

38. Mac Knapp is a citizen and resident of Louisiana.

39. John Knight is a citizen and resident of Louisiana.

40. David Leboeuf is a citizen and resident of Louisiana.

41. Arcen Marcel is a citizen and resident of Louisiana.

42. Perry Martin is a citizen and resident of Louisiana.

43. Gilbert Matherne, Jr. is a citizen and resident of Louisiana.

44. Ricky Mayon is a citizen and resident of Louisiana.

45. Everett Miller, Jr. is a citizen and resident of Louisiana.

46. Davis Peltiei is a citizen and resident of Louisiana.

47. Erroll Roddy is a citizen and resident of Louisiana.

48. Thomas Savoy is a citizen and resident of Louisiana.

49. Jeffrey Souldier is a citizen and resident of Louisiana.

50. Freddie Theriot is a citizen and resident of Louisiana.

51. Willie Ward is a citizen and resident of Louisiana.

52. Claude Thompson is a citizen and resident of Texas.

53. Donnie Livette is a citizen and resident of Louisiana.

54. Bruce Desselle is a citizen and resident of Louisiana.

55. Keith Robichaux is a citizen and resident of Louisiana.

56. Russell Porche is a citizen and resident of Louisiana.

57.    Louis Falregas is a citizen and resident of Louisiana.

58.    Leroy Leboeuf, Sr. is a citizen and resident of Louisiana.

59.    Berwick Fonseca, Sr. is a citizen and resident of Louisiana.

60.    Johnny Loupe is a citizen and resident of Louisiana.

61.    Greyson McAlister is -a citizen and resident of Texas.

62.    Daniel Griffin is a citizen and resident of Louisiana.

63.    Bert Knight is a citizen and resident of Louisiana.

64.    Bobby Chauvin is a citizen and resident of Louisiana.

65.    Samuel Ruffin is a citizen and resident of Louisiana.

2.0    Defendant and Third Party Plaintiffs is J. Ray McDermott, Inc. ("McDermott). McDermott brings this lawsuit as a corporation.

3.0    Third Party Defendant AvonCraft Construction Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at AvonCraft Construction Co. Inc, 5100 River Rd., Avondale, LA 70094.

3.1    Third Party Defendant Main Iron Works Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Main Iron Works Inc., 148 Old Ferry Rd., Houma, LA 70364.

3.2    Third Party Defendant Quality Equipment is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Quality Equipment, 1639 Crowley Rayne HWY., Crowley, LA 70526.

3.3     Third Party Defendant Quality Shipyards LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Quality Shipyards LLC, 5100 River Rd. Westwego, LA 70094.

3.4     Third Party Defendant Franks Casing Crew & Rental Tool Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Franks Casing Crew & Rental Tool Inc., 700 East Verot School Rd., Lafayette, LA 70508.

3.5     Third Party Defendant Tidewater international Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Tidewater International Inc., 308 ½ N. Main St., Marksville, LA 71351.

3.6     Third Party Defendant Superior Casing Crews Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Superior Casing Crews Inc., 702 Audobon Trace, Jefferson, LA 70121.

3.7     Third Party Defendant Terrebonne Welding Company Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Terrebonne Welding Company, Inc., 509 Prospect St, Houma, LA 70361.

3.8     Third Party Defendant Tideland Welding Service Inc. is a corporation, company, or sole proprietorship who may be served with process by serving it president or vice president at Tideland Welding Service Inc., 6057 Railroad Ave., Morgan City, LA 70380.

C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\224_200311262131120236.doc

3.9    Third Party Defendant Caillou Island Towing Inc. (f/k/a: Caillou Towing Co.) is a corporation, company, or sole proprietorship who may be served with process by serving it president or vice president at Caillou Island Towing Inc. (f/k/a: Caillou Towing Co.), 154 Caillou Island Court., Houma, LA 70360.

3.10    Third Party Defendant Delta Iron Works Inc. is a corporation, company, or sole proprietorship who may be served with process by serving it president or vice president at Delta Iron Works Inc., 718 Sugar House Rd., Patterson, LA 70392.

3.11    Third Party Defendant Delta Explorations Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Delta Explorations Co., 105 East Shore Rd., Monroe, LA 71203.

3.12    Third Party Defendant Brown & Root Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root Inc., PO Box 3, Houston, TX 77001-0003.

3.13    Third Party Defendant Brown & Root Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root Inc., 4607 West Baker Rd., Baytown, TX 77520.

3.14    Third Party Defendant Vin-Rus Inspection & Testing Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice

president at Vin-Rus Inspection & Testing Co., Inc., VinRus co., Inc., 2324 Humanity St., New Orleans, LA 70503.

3.15     Third Party Defendant Associated Inspection & Testing is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Associated Inspection & Testing, 5201 Taravella Rd., Marrero, LA 70072.

3.16     Third Party Defendant Barnett Marine Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Barnett Marine Inc., 3228 Jean Lafitte Blvd., Lafitte, LA 70067.

3.17     Third Party Defendant A-1 Industries Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at A-1 Industries Inc., 5825 Plauche St., Harahan, LA 70123.

3.18     Third Party Defendant Delta Towing Co., Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Delta Towing Co. Inc., 24 Concord Rd., Houma, LA 70360.

3.19     Third Party Defendant Indian Ridge Canning Co. Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Indian Ridge Canning Co. Inc., Indian Ridge Shrimp Co., 120 Dr. Hugh St. Martin Dr., Chauvin, LA 70344.

3.20    Third Party Defendant Shield Coat Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Shield Coat Inc., 913 Blimp Rd., Houma, LA 70363.

3.21    Third Party Defendant Missouri Pacific Corp., Martin Tower, % union Pacific Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Missouri Pacific Corp., Martin Tower, % union Pacific Corporation, 345 Park Ave., New York, NY 10154-0004.

3.22    Third Party Defendant Fluor Ocean Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Fluor Ocean Services Inc., 3333 Michelson Sr., Irvine, CA 92730.

3.23    Third Party Defendant John D. Monteiro Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at John D. Monteiro Contractors Inc., 200 Aspen, Houma, LA 70360.

3.24    Third Party Defendant Aquatic Equipment & Engineering Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Aquatic Equipment & Engineering Inc., 129 S. Degravelle Rd., POB 1286, Amelia, LA 70340.

3.25     Third Party Defendant Cenac Towing Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cenac Towing Company, 141 Bayou Dularge Rd., Houma, LA 70363.

3.26     Third Party Defendant B&B Marine & Construction Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at B&B Marine & Construction Corporation, PO Box 250, Lockport, LA 70374.

3.27     Third Party Defendant Robert P. Leboeuf's Boat Rentals is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Robert P. Leboeuf's Boat Rentals, 307 Judith St., Chauvin, LA 70344.

3.28     Third Party Defendant Murphy Exploration & Production Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Murphy Exploration & Production Co., 200 Peace Rd., El Dorado, AR 71730-9678.

3.29     Third Party Defendant Power Rig Drilling is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Power Rig Drilling Company Inc., 2222 W. Willow St., Scott, LA 70583.

3.30     Third Party Defendant Tideland Towing Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Tideland Towing Company, 3424 W. Park, Houma, LA 70360.

C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\224_200311262131120236.doc

3.31    Third Party Defendant Houma Fabricators Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Houma Fabricators Inc., 1100 Oak St., Houma, LA 70360.

3.32    Third Party Defendant Marine Rental Service Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Marine Rental Service Inc., 3425 W. Main St., Houma, LA 70360.

3.33    Third Party Defendant Aquatic Contractors & Engineering Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Aquatic Contractors & Engineering Inc., 502 Calif Co. Bldg., New Orleans, LA 70112.

3.34    Third Party Defendant Contract Welding & Repair Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Contract Welding & Repair Inc., Grand Calliou Rd., Houma, LA 70363.

3.35    Third Party Defendant Rayco Shipbuilders & Repair is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rayco Shipbuilders & Repair, 132 Morrison Ave., PO Box 1243, Houma, LA 70360.

3.36    Third Party Defendant Rayco Shipbuilders & Repair is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rayco Shipbuilders & Repair, 429 E. Park Ave., Houma, LA 70364-3355.

3.37     Third Party Defendant Guarisco Construction Co., Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Guarisco Construction Co., PO Box 128, Morgan City, LA 70380.

3.38     Third Party Defendant Little Pawnee Drilling (f/k/a: Pawnee Drilling Company) is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Little Pawnee Drilling (f/k/a: Pawnee Drilling Company), 436 Humphreys Loop, Hassmer, LA 71341.

3.39     Third Party Defendant Terrebonne X-Ray Clinic Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Terrebonne X-Ray Clinic Inc., 882 Belanger St., Houma, LA 70360.

3.40     Third Party Defendant Penrod Drilling Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Penrod Drilling Company, 1407 Main St., Dallas, TX 75202.

3.41     Third Party Defendant Houma Oil Company, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Houma Oil Company, Inc., 1301 Dunn St., Houma, LA 70360.

3.42     Third Party Defendant Patterson Rental Tools Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Patterson Rental Tools Inc., 2000 Industrial Blvd., Houma, LA 70363-0185.

3.43     Third Party Defendant Marine Electric Service of Houma Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Marine Electric Service of Houma Inc., 1218 Lafayette, Houma, LA 70360.

3.44     Third Party Defendant Abdon Callais Boat Rentals is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Abdon Callais Boat Rentals, 110 Callais, Golden Meadow, LA 70357.

3.45     Third Party Defendant Danos & Curole Marine Contractors LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Danos & Curole Marine Contractors LLC, PO Box 1460, Larose, LA 70357-1460.

3.46     Third Party Defendant Texaco Inc. & Subsidiaries is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Texaco Inc. & Subsidiaries, PO Box F Sec. 610, Concord, CA 94524-2056.

3.47     Third Party Defendant Rowan Companies Inc.,  is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rowan Companies Inc., 2800 Post Oak Blvd. Ste. 5450, Houston, TX 77056-6127.

3.48     Third Party Defendant Conoco Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Conoco Inc., PO Box 2197, Houston, TX 77252-2197.

3.49     Third Party Defendant Halter Marine Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Halter Marine Inc., 7412 Lakeshore Dr., New Orleans, LA 70124-2494.

3.50     Third Party Defendant Geophysical Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Geophysical Services Inc., Exchange Park Bldg,, 100 Exchange Park N., Dallas, TX 75235.

3.51     Third Party Defendant Geophysical Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving it president or vice president at Geophysical Services Inc., 8505 Forest Lane, Dallas, TX 75243.

3.52     Third Party Defendant Two R Drilling Company, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Two R Drilling Company, Inc., 24 Concord Rd., PO Box 1968, Houma, LA 70360.

3.53     Third Party Defendant Offshore Exploration Group Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Offshore Exploration Group Inc., 2711 Timmons Lane, Houston, TX 77227.

3.54     Third Party Defendant Manpower Inc.\ Domestic Subsidiaries is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Manpower Inc.\ Domestic Subsidiaries, PO Box 1300, Milwaukee, WI 53201-1300.

3.55     Third Party Defendant Tuco Wire Rope & Sling Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Tuco Wire Rope & Sling Inc., 1523 Highway 90 East, Morgan City, LA 70380.

3.56     Third Party Defendant Johnette Boat Rental Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Johnette Boat Rental Inc., PO Box 385, Empire, LA 70050.

3.57     Third Party Defendant Main Iron Works is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Main Iron Works, Box 1106, Houma, LA 70360.

3.58     Third Party Defendant Universal Iron Works is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Universal Iron Works, 3201 Earhart Blvd., Houma, LA 70363.

3.59     Third Party Defendant Bethlehem Steel Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bethlehem Steel Corporation, 701 E. Third St., Bethlehem, PA 17353.

3.60     Third Party Defendant Union Carbide Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Union Carbide Corporation, 30600 Telegraph Rd., Bingham Farms, MI 48025.

3.61     Third Party Defendant Marine & Land Contractors Inc.,\ Malco Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Marine & Land Contractors Inc.,\ Malco Inc., 101 Munson Dr., Box 4002, Houma, LA 70360.

3.62     Third Party Defendant B&B Pile Driving Company, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at B&B Pile Driving Company, Inc., PO Box 384, Houma, LA 70360.

3.63     Third Party Defendant Rodney's Oilfield Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rodney's Oilfield Contractors Inc., Rt.1 Box 305, Cut Off, LA 70345.

3.64     Third Party Defendant Marathon Dredging Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Marathon Dredging Corporation, 3727 Prospect Ave., Naples, FL 34101.

3.65     Third Party Defendant Wall Shipyards Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Wall Shipyards Inc., Box 124 Bayou Rd., Belle Chasse, LA 70037.

3.66     Third Party Defendant Chandler Welding Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Chandler Welding Corporation, 2126 Peters Rd., Harvey, LA 70058.

3.67     Third Party Defendant Total Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Total Services Inc., 1255 Peters Rd., Harvey, LA 70058.

3.68     Third Party Defendant CBS Corporation % Westinghouse Elect. Corp. Tax Department is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at CBS Corporation % Westinghouse Elect. Corp. Tax Department, 1515 Broadway, New York, NY 10036-8901.

3.69     Third Party Defendant Brown & Root Inc. Foreign Subsidiary is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root Inc. Foreign Subsidiary, PO Box 1431, Duncan, OK 73534-1431.

3.70     Third Party Defendant Belle Maintenance & Fabricators Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Belle Maintenance & Fabricators Inc., 1805 Belle Chasse HWY S., Belle Chasse, LA 70037.

3.71    Third Party Defendant Jones Inspection Service Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Jones Inspection Service Inc., Industrial Prky., Box 9287,

3.72    Third Party Defendant Galaxy Inspection Service Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Galaxy Inspection Service Inc., 1005 Lafayette St., Lafayette, LA 70501.

3.73    Third Party Defendant Global X-Ray & Testing Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Global X-Ray & Testing Corporation, 105 Carla, Morgan City, LA 70380.

3.74    Third Party Defendant Bayou Inspection Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bayou Inspection Services Inc., Bayou Testers, 318 Degravelle Rd., Amelia, LA 70340.

3.75    Third Party Defendant Cajun Cutters Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cajun Cutters Inc., 296 Denley Rd., Houma, LA 70363.

3.76    Third Party Defendant Cajun Cutters Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cajun Cutters Inc., 3203 Mason Dr., Bourg, LA 70343.

3.77     Third Party Defendant Transocean Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Transocean Contractors Inc., PO Box 4660, Houston, TX 77210

3.78     Third Party Defendant Oilfield & Industrial Leasing Inc., OIL Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Oilfield & Industrial Leasing Inc., OIL Inc., 100 Estate Dr., Houma, LA 70364.

3.79     Third Party Defendant Oilfield Industries of Louisiana Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Oilfield Industries of Louisiana Inc., 100 Estate Dr., Houma, LA 70364.

3.80     Third Party Defendant Bulk Tank Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bulk Tank Inc., 18122 HWY 190 E., Hammond, LA 70401.

3.81     Third Party Defendant Sea-Therm Inc is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Sea-Therm Inc., 15401 Milloit Lang South, Covington, LA 70433.

3.82     Third Party Defendant Gulf Coast Manufacturing Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Gulf Coast Manufacturing Inc., 2103 Coteau Rd. Houma, LA 70364-2167.

3.83     Third Party Defendant C&G Welding Inc.\ Contractor is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at C&G Welding Inc.\ Contractor, 1181 W. Tunnel Blvd., Ste DD, Houma, LA 70360.

3.84     Third Party Defendant C&G Welding Inc.\ Contractor is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at C&G Welding Inc.\ Contractor, 5134 HWY 1, Raceland, LA 70394.

3.85     Third Party Defendant Global Industries Offshore LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Global Industries Offshore LLC, 8000 Global Dr., Carlyss, LA 70665.

3.86     Third Party Defendant Antill Pipeline Construction, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Antill Pipeline Construction, Inc., 121 Development St., Houma, LA 70363.

3.87     Third Party Defendant Gates Construction Corporation, % Great Lakes Dredge & Dock Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Gates Construction Corporation, % Great Lakes Dredge & Dock Company, 2122 York Rd., Ste 200, Oak Brook, IL 60521-1930.

3.88     Third Party Defendant Houston Gamma Ray Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Houston Gamma Ray Company, PO Box 155, Barker, TX 77413-0155.

3.89     Third Party Defendant Baker Hughes Tubular Services, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Baker Hughes Tubular Services, Inc., Subsidiary of Baker Hughes, 2520 WW Thorne Blvd., Houston, TX 77073.

3.90     Third Party Defendant at B&I Welding Inc is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at B&I Welding Inc., 111 WPA Rd, Belle Chasse, LA 70037-3101.

3.91     Third Party Defendant Fluor Daniel Services Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Fluor Daniel Services Corporation, Enterprise, Aliso Viejo, CA 92656.

3.92     Third Party Defendant Brown & Root USA Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root USA Inc., PO Box 3, Houston, TX 77001-0003.

3.93     Third Party Defendant Brown & Root Industrial Services is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root Industrial Services, Inc. PO Box 3, Houston, TX 77001-0003.

3.94     Third Party Defendant Santa Fe International Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Santa Fe International Company, PO Box 7500, Woodland Hills, CA 91365.

3.95     Third Party Defendant Santa Fe International Corporation Foreign Subsidiary is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at  Santa Fe International Corporation Foreign Subsidiary, 1000 S. Fremont Ave., Alhambra, CA 91803.

3.96     Third Party Defendant Curtis Callais Welding Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Curtis Callais Welding Inc., 230 Menard Rd., Houma, LA 70360.

3.97     Third Party Defendant Sanford Bros. Marine Contractors is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Sanford Bros. Marine Contractors, Inc., 211 Onstead St., Morgan City, LA 70380.

3.98     Third Party Defendant T&P Production Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at T&P Production Services Inc., Hwy. 90 East, Morgan City, LA 70380.

3.99     Third Party Defendant Land & Offshore Contractors, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice

president at Land & Offshore Contractors, Inc., Grand Caillou & Weldon Rd., Houma, LA 70360.

3.100     Third Party Defendant Adams Boat Builders Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Adams Boat Builders Inc., 701 Catherine St., Lockport, LA 70374.

3.101     Third Party Defendant United Contract Welders Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at United Contract Welders Inc., 2508 W. Main, Houma, LA 70360.

3.102     Third Party Defendant Valves & Fittings of Houma Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Valves & Fittings of Houma Inc., 3071 Little Bayou Black Dr., Houma, LA 70360.

3.103     Third Party Defendant Cornerstone Perfusion LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cornerstone Perfusion LLC, 110 Lynwood Dr., Houma, LA 70360.

3.137     Third Party Defendant Production Management Industries, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Production Management Industries, Inc., 2804 Peters Rd., Harvey, LA 70058.

3.104     Third Party Defendant Hughes & Hughes HB Buster Hughes is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Hughes & Hughes HB Buster Hughes, 5201 Tullis Dr., New Orleans, LA 70131.

3.105     Third Party Defendant Pelican Iron Works, Inc is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Pelican Iron Works, Inc., 200 Timberlane, Longville, LA 70652.

3.106     Third Party Defendant Land & Offshore Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Land & Offshore Company, Rt. 4 Box 3224, Abbeville, LA 70510.

3.107     Third Party Defendant Crown Oilfield Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Crown Oilfield Services Inc., 497 HWY 182 E., Morgan City, LA 70380.

3.108     Third Party Defendant Torch Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Torch Inc., 401 Whitney Ave., Ste 400, Gretna, LA 70056-2503.

3.109     Third Party Defendant Kellogg Brown & Root Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Kellogg Brown & Root Inc., PO Box 3 Bldg., 01, RM 521, Houston, TX 77001-0003.

3.110    Third Party Defendant Worknet 2000 Inc., Worktec, % Jay W. Owensry, is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Worknet 2000 Inc., Worktec, % Jay W. Owensry, 671 A. Whitney Ave., Gretna, LA 70056-2692.

3.111    Third Party Defendant Scully Bros. Boat Construction Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Scully Bros. Boat Construction Inc., H Kent Aguillard TTEE, 180 Thompson Lane, Eunice, LA 70535-0985.

3.112    Third Party Defendant ABL Fabricators Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at ABL Fabricators Inc., 300 Lake Palourde Rd., Morgan City, LA 70380.

3.113    Third Party Defendant Dolphin Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Dolphin Services Inc., 400 Thompson Rd., PO Box 310, Houma, LA 70361-0310.

3.114    Third Party Defendant Dynamic Industries Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Dynamic Industries Inc., 1420 Saumier Stelly Rd., New Iberia, LA 70560.

3.115    Third Party Defendant Hunt Tool Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Hunt Tool Company, 2700 S. Post Oak Rd., Ste. 2000, Houston, TX 77022.

3.116    Third Party Defendant Panama Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Panama Inc., 3616 Richmond Ave., Houston, TX. 77027.

3.117    Third Party Defendant Hepinstall Steel Works Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Hepinstall Steel Works Inc., 600 Market St., New Orleans, LA 70130.

3.118    Third Party Defendant Pullman Inc., The N.W. Kellogg Co. Division is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Pullman Inc., The N.W. Kellogg Co. Division, 711 Third Ave., New York, NY 10017.

3.119    Third Party Defendant Bayou Marine Corp. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bayou Marine Corp., Box 10156 Station 1, Houma, LA 70363-0156.

3.120    Third Party Defendant Benoit Machine LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Benoit Machine LLC, 3400 Industrial Park Dr., Houma, LA 70363..

3.121    Third Party Defendant Oil Patch Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Oil Patch Contractors Inc., PO Box 706, Houma, LA 70360.

3.122    Third Party Defendant Dennis Miller's Pest Control Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Dennis Miller's Pest Control, Inc., PO Box 13408 Station K, Atlanta, GA 30324.

3.123    Third Party Defendant Whitaker Pipe Line Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Whitaker Pipe Line Co., 804 Dan Waggoner Bldg., Fort Worth, TX.

3.124    Third Party Defendant Weatherhead Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Weatherhead Co., 300 E. 131st St., Cleveland, OH 44108.

3.125    Third Party Defendant Pelto Casing Crew is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Pelto Casing Crew, Box 384, Houma, LA 70360.

3.126    Third Party Defendant Service Machine & Shipbuilders Corp. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Service Machine & Shipbuilders Corp., PO Box 2664, Morgan City, LA 70380.

C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\224_200311262131120236.doc

3.127    Third Party Defendant Compass Welding Co., Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Compass Welding Co., Inc., PO Box 67 Station 2, Houma, LA 70361-0067.

4.0    On November 14, 2002, Plaintiffs sued McDermott for injuries due to asbestos and to welding fumes.  McDermott is alleged to be one of many employers of some or all of the plaintiffs.

5.0    Third Party Defendants are liable to McDermott for all or part of Plaintiffs claim because each of the Third Party Defendants was an employer for one or more of the Plaintiffs during which time, plaintiffs may have been exposed to welding fumes or asbestos fibers which caused injuries and damages as more specifically described in Plaintiffs Original Petition and Amended Petition attached hereto as if fully set forth at length.  In addition, Third Party Plaintiff asserts that some of the Third Party Defendants may have contracts with Third Party Plaintiff requiring indemnification and defense of the lawsuit by Third Party Defendant.   Third Party Plaintiff seeks recovery of attorney's fees and costs to the extent allowed by contract or law.

WHEREFORE, PREMISES CONSIDERED, Third Party Plaintiff prays that Third Party Defendants be cited to appear and answer herein, and that upon hearing, Third Party Plaintiff have and recover of and from the Third Party Defendants, and each of them jointly and/or severally, for their damages as alleged in an amount within the jurisdictional limits of this Court for general and special damages, and further, that Third Party Plaintiff recover of and from the Third Party Defendants, and each of them, jointly and/or severally, in an amount within the jurisdictional limits of this Court for exemplary damages, together with costs and disbursements

herein, prejudgment interest, and interest on said judgment from the date thereof until paid at the legal rate, and for such other and further relief, both general and special, at law or in equity, to which Third Party Plaintiff may be entitled to recover.

Respectfully submitted,

**James H. Powers**
James H. Powers
Texas State Bar No. 16217400
Sharla J. Frost
Texas State Bar No. 07491100
David Tolin
Texas State Bar No. 20106300
POWERS & FROST, L.L.P.
2400 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:    (713) 767-1555
Telecopier:    (713) 767-1799

**ATTORNEYS FOR DEFENDANT:
J. RAY MCDERMOTT, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **THIRD PARTY PETITION OF DEFENDANT J. RAY MCDERMOTT, INC.** has been served on plaintiffs' counsel via certified mail, return receipt requested and/or via facsimile transmission on this the 26th day of November, 2003.

**James H. Powers**

- 28 -
C:\Documents and Settings\jladmin\My Documents\ConversionWorkDir\224_200311262131120236.doc

## CAUSE NO. A168572

| | | |
|---|---|---|
| DOUG BENOIT, et al. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| J. RAY MCDERMOTT, INC., et al. | § | 58th JUDICIAL DISTRICT |

## SECOND AMENDED THIRD PARTY PETITION OF
## DEFENDANT J. RAY MCDERMOTT, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Named Defendant, J. Ray McDermott, Inc. complaining of other Third Party Defendants names below, and for cause of action would show the Court and Jury as follows:

1.0     Third-party Plaintiff intends to conduct discovery under Level III.

Plaintiffs are citizens of Texas, Louisiana, Georgia, and Mississippi.   The following plaintiffs claim injuries and damages due to exposures to asbestos and to welding fumes[1]:

1.     Doug Benoit is a citizen and a resident of Louisiana.

2.     Thaddeus Chaisson is a citizen and a resident of Louisiana.

3.     William Edwards is a citizen and a resident of Georgia.

4.     Raymond Foret, Jr. is a citizen and a resident of Louisiana.

5.     Roy Freeman is a citizen and a resident of Louisiana.

6.     Ronald Gautreaux is a citizen and a resident of Louisiana.

7.     Jules Hebert is a citizen and a resident of Louisiana.

8.     John Lombardi is a citizen and a resident of Louisiana.

---

[1] McDermott's Second Amended Petition incorporates all plaintiffs named or to be named in Plaintiff's Original Petition as well as all subsequent Amended Petitions and Petitions in Intervention.

C:\DOCUME~1\andet.000\LOCALS~1\Temp\GWViewer\Second Amended Third Party Petition.doc

9.      Eugene Lovell is a citizen and a resident of Louisiana.

10.     James Lovell is a citizen and a resident of Louisiana.

11.     Gerard Marcel is a citizen and a resident of Louisiana.

12.     Sterling Mayon is a citizen and a resident of Louisiana.

13.     Donald Melancon is a citizen and a resident of Louisiana.

14.     Billy Miller is a citizen and a resident of Louisiana.

15.     Steve Olivier is a citizen and a resident of Louisiana.

16.     Audrey Robichaux is a citizen and a resident of Louisiana.

17.     Jerry F. Trosclair is a citizen and a resident of Louisiana.

18.     Paul J. Webre is a citizen and a resident of Louisiana.

19.     Vital Landry is a citizen and a resident of Louisiana.

20.     Chris Levron is a citizen and a resident of Louisiana.

21.     Rodney Martin is a citizen and a resident of Louisiana.

22.     Roy Rhodes is a citizen and a resident of Louisiana.

23.     Albert Aucoin is a citizen and a resident of Louisiana.

24.     Isaac Bergeron is a citizen and a resident of Louisiana.

25.     Eugene Bonvillian is a citizen and a resident of Louisiana.

26.     Earl Breaux, Jr. is a citizen and a resident of Louisiana.

27.     Gerald Chauvin is a citizen and a resident of Louisiana.

28.     Paul Crochet, Sr. is a citizen and a resident of Louisiana.

29.     Joseph Dufrene is a citizen and a resident of Louisiana.

30.     Arthur Ellender, Jr. is a citizen and a resident of Louisiana.

31.     Terry Ellender is a citizen and a resident of Louisiana.

32.     Gary Gautreaux is a citizen and a resident of Louisiana.

33.   Dale Gautreaux is a citizen and a resident of Louisiana.

34.   Oscar Gautreaux is a citizen and a resident of Louisiana.

35.   Ricky Giroir is a citizen and a resident of Louisiana.

36.   Rene Himel, Sr. is a citizen and a resident of Louisiana.

37.   Ralph Johnson is a citizen and a resident of Mississippi.

38.   Mac Knapp is a citizen and a resident of Louisiana.

39.   John Knight is a citizen and a resident of Louisiana.

40.   David Le Boeuf is a citizen and a resident of Louisiana.

41.   Arcen Marcel is a citizen and a resident of Louisiana.

42.   Perry Martin is a citizen and a resident of Louisiana.

43.   Gilbert Matherne, Jr. is a citizen and a resident of Louisiana.

44.   Rickey Mayon is a citizen and a resident of Louisiana.

45.   Everett Miller, Jr. is a citizen and a resident of Louisiana.

46.   Davis Peltier is a citizen and a resident of Louisiana.

47.   Errol J. Roddy is a citizen and a resident of Louisiana.

48.   Thomas Savoy is a citizen and a resident of Louisiana.

49.   Jeffrey Souldier is a citizen and a resident of Louisiana.

50.   Freddie Theriot is a citizen and a resident of Louisiana.

51.   Willie Ward is a citizen and a resident of Louisiana.

52.   Donnie Lirette is a citizen and a resident of Louisiana.

53.   Bruce Desselle is a citizen and a resident of Louisiana.

54.   Keith Robichaux is a citizen and a resident of Louisiana.

55.   Russell Porche is a citizen and a resident of Louisiana.

56.   Louis Falregas is a citizen and a resident of Louisiana.

57.   Leroy Le Boeuf, Sr. is a citizen and a resident of Louisiana.

58. Berwick Fonseca, Sr. is a citizen and a resident of Louisiana.

59. Johnny Loupe is a citizen and a resident of Louisiana.

60. Daniel Griffin is a citizen and a resident of Louisiana.

61. Bobby Chauvin is a citizen and a resident of Louisiana.

62. Samuel Ruffin is a citizen and a resident of Louisiana.

63. David Paul Adams is a citizen and a resident of Louisiana.

64. Dale P. Authement is a citizen and a resident of Louisiana.

65. Edmond J. Babin is a citizen and a resident of Louisiana.

66. Kip J. Bergeron is a citizen and a resident of Louisiana.

67. Michael Bergeron is a citizen and a resident of Louisiana.

68. Robert James Bergeron is a citizen and a resident of Louisiana.

69. Gary Boudreaux is a citizen and a resident of Louisiana.

70. Louis Boudreaux is a citizen and a resident of Louisiana.

71. Andrew Bourgeois is a citizen and a resident of Louisiana.

72. Emile J. Bourgeois, Sr. is a citizen and a resident of Louisiana.

73. David K. Bourque is a citizen and a resident of Louisiana.

74. Roy J. Breaux, Jr. is a citizen and a resident of Louisiana.

75. Willie Breaux is a citizen and a resident of Louisiana.

76. Johnny Broussard is a citizen and a resident of Louisiana.

77. Ralph J. Brunet is a citizen and a resident of Louisiana.

78. Elmer Joseph Brunet, Jr. is a citizen and a resident of Louisiana.

79. Lawrence Castle is a citizen and a resident of Louisiana.

80. Jack Frank Cosby is a citizen and a resident of Louisiana.

81. Louis Cressione, Jr. is a citizen and a resident of Louisiana.

82. Jimmie D. Daigle is a citizen and a resident of Louisiana.

83. Verlon Daigle is a citizen and a resident of Louisiana.

84. Maurice J. Dufrene, Jr. is a citizen and a resident of Louisiana.

85. David P. Dupre is a citizen and a resident of Louisiana.

86. Michael Dupre is a citizen and a resident of Louisiana.

87. Eldridge Durocher is a citizen and a resident of Louisiana.

88. Bobby F. Ellender is a citizen and a resident of Louisiana.

89.	Glenn Ellender is a citizen and a resident of Louisiana.

90.	Keith Estopinal is a citizen and a resident of Louisiana.

91.	Clyde Maurice Ezell, Jr. is a citizen and a resident of Mississippi.

92.	Howard Fanguy is a citizen and a resident of Louisiana.

93.	Jeffrey Falgout is a citizen and a resident of Louisiana.

94.	Arthur L. Ford, Jr. is a citizen and a resident of Louisiana.

95.	Noel Foret, Jr. is a citizen and a resident of Louisiana.

96.	Phillip A. Gaudet, Sr. is a citizen and a resident of Louisiana.

97.	James A. Gros is a citizen and a resident of Louisiana.

98.	Wayne B. Guffey, Sr. is a citizen and a resident of Louisiana.

99.	Carl Hebert, Sr. is a citizen and a resident of Louisiana.

100.	Tobay Hebert is a citizen and a resident of Louisiana.

101.	Willie L. Hilton, Jr. is a citizen and a resident of Mississippi.

102.	Gary L. Hilton, Sr. is a citizen and a resident of Mississippi.

103.	John Wesley Horning is a citizen and a resident of Louisiana.

104.	Alred Hotard is a citizen and a resident of Louisiana.

105.	Wayne N. Le Boeuf is a citizen and a resident of Louisiana.

106.	Harry P. LeBoeuf is a citizen and a resident of Louisiana.

107.	Johnny Ledford is a citizen and a resident of Louisiana.

108.	Gary B. Lee, Sr. is a citizen and a resident of Louisiana.

109.	Gerald J. Leonard is a citizen and a resident of Louisiana.

110.	Timothy J. Levron is a citizen and a resident of Louisiana.

111.	Harris Lewis is a citizen and a resident of Louisiana.

112.	Ruby Lewis is a citizen and a resident of Louisiana.

113.	Linduel Lopez is a citizen and a resident of Louisiana.

114.	Murphy Loupe is a citizen and a resident of Louisiana.

115.	David G. Marcel is a citizen and a resident of Louisiana.

116.	Paul R. Martello is a citizen and a resident of Louisiana.

117.	Billy Troy Martin is a citizen and a resident of Louisiana.

118.	Robert McLaughlin is a citizen and a resident of Louisiana.

119.	Jorge A. Mena is a citizen and a resident of Louisiana.

120.	Wilbert Moneaux is a citizen and a resident of Louisiana.

121.    Robin P. Naquin is a citizen and a resident of Louisiana.

122.    Douglas W. Nicole is a citizen and a resident of Louisiana.

123.    Gilbert L. Oliver, Jr. is a citizen and a resident of Louisiana.

124.    Douglas Patterson is a citizen and a resident of Louisiana.

125.    Paul H. Peltier is a citizen and a resident of Louisiana.

126.    Gary Percy is a citizen and a resident of Louisiana.

127.    Patrick Plaisance is a citizen and a resident of Louisiana.

128.    Gerald Polaski is a citizen and a resident of Louisiana.

129.    Glynn Rhodes is a citizen and a resident of Louisiana.

130.    Edward John Rhodes, Jr., Deceased was a citizen and a resident of Louisiana.

131.    Raymond Joseph Richoux, Jr. is a citizen and a resident of Louisiana.

132.    Adley Rink is a citizen and a resident of Louisiana.

133.    Charles Rink is a citizen and a resident of Louisiana.

134.    Dan Roberson is a citizen and a resident of Louisiana.

135.    Ronald D. Robertson is a citizen and a resident of Texas.

136.    Charles Rogers is a citizen and a resident of Texas.

137.    Robert James Simon is a citizen and a resident of Louisiana.

138.    Robert E. Thibodaux, III is a citizen and a resident of Louisiana.

139.    David W. Thomas, Jr. is a citizen and a resident of Louisiana.

140.    Russel A. Verret is a citizen and a resident of Louisiana.

141.    Kevin C. Villemarette is a citizen and a resident of Louisiana.

142.    Malcolm L. Watson is a citizen and a resident of Mississippi.

143.    Robert Paul Webre is a citizen and a resident of Louisiana.

144.    Leonard Zeringue is a citizen and a resident of Louisiana.

145.    Daniel Breaux is a citizen and a resident of Louisiana.

146.    Chester Joseph Lacombe, Jr. is a citizen and a resident of Louisiana.

147.    Glenn Mitchell is a citizen and a resident of Louisiana.


2.0     Defendant and Third Party Plaintiff, J. Ray McDermott, Inc. ("McDermott),
brings this lawsuit as a corporation.

3.0     Third Party Defendant AvonCraft Construction Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at AvonCraft Construction Co. Inc, 5100 River Rd., Avondale, LA 70094.

3.1     Third Party Defendant Main Iron Works Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Main Iron Works Inc., 148 Old Ferry Rd., Houma, LA 70364.

3.2     Third Party Defendant Quality Equipment is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Quality Equipment, 705 Canal, Arnaudville, LA 70512.

3.3     Third Party Defendant Quality Shipyards LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Quality Shipyards LLC, 601 Poydras St., Ste 1900, New Orleans, LA 70130.

3.4     Third Party Defendant Franks Casing Crew & Rental Tool Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Franks Casing Crew & Rental Tool Inc., 700 East Verot School Rd., Lafayette, LA 70508.

3.5     Third Party Defendant Caillou Island Towing Inc. (f/k/a: Caillou Towing Co.) is a corporation, company, or sole proprietorship who may be served with process by serving it

- 7 -

president or vice president at Caillou Island Towing Inc. (f/k/a: Caillou Towing Co.), 154 Caillou Island Court., Houma, LA 70360.

     3.6       Third Party Defendant Delta Iron Works Inc. is a corporation, company, or sole proprietorship who may be served with process by serving it president or vice president at Delta Iron Works Inc., 718 Sugar House Rd., Patterson, LA 70392.

     3.7       Third Party Defendant Delta Explorations Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Delta Explorations Co., 105 East Shore Rd., Monroe, LA 71203.

     3.8       Third Party Defendant Brown & Root Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Brown & Root Inc., 1021 Main St., Ste 1150, Houston, Texas 77002.

     3.9       Third Party Defendant Barnett Marine Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Barnett Marine Inc., 3228 Jean Lafitte Blvd., Lafitte, LA 70067.

     3.10      Third Party Defendant A-1 Industries Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at A-1 Industries Inc., 5825 Plauche St., Jefferson, LA 70123.

3.11     Third Party Defendant Delta Towing Co., Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Delta Towing Co. Inc., 24 Concord Rd., Houma, LA 70360.

3.12     Third Party Defendant Indian Ridge Canning Co. Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Indian Ridge Canning Co. Inc., Indian Ridge Shrimp Co., 120 Dr. Hugh St. Martin Dr., Chauvin, LA 70344.

3.13     Third Party Defendant Shield Coat Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Shield Coat Inc., 3404 Wakefield Ave., Houma, LA 70363.

3.14     Third Party Defendant Missouri Pacific Corp., Martin Tower, % Union Pacific Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president,  vice president, or registered agent at Missouri Pacific Corp., Martin Tower, % union Pacific Corporation, 111 Eight Ave., New York, NY 10011.

3.15     Third Party Defendant Fluor Ocean Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Fluor Ocean Services Inc., 3333 Michelson Sr., Irvine, CA 92730.

3.16     Third Party Defendant John D. Monteiro Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at John D. Monteiro Contractors Inc., 200 Aspen, Houma, LA 70360.

3.17     Third Party Defendant Aquatic Equipment & Engineering Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Aquatic Equipment & Engineering Inc., 129 S. Degravelle Rd., POB 1286, Amelia, LA 70340.

3.18     Third Party Defendant Cenac Towing Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cenac Towing Company, 141 Bayou Dularge Rd., Houma, LA 70363.

3.19     Third Party Defendant B&B Tug Corporation (f/k/a: B&B Marine & Construction Corporation) is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at B&B Tug Corporation (f/k/a: B&B Marine & Construction Corporation), 1403 Mar Drive, Lockport, LA 70374.

3.20     Third Party Defendant Murphy Exploration & Production Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Murphy Exploration & Production Co., 8550 United Plaza Blvd., Baton Rouge, LA 70809.

3.21     Third Party Defendant LOR- Louisiana No. II, Inc. (f/k/a: Houma Fabricators Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at LOR- Louisiana No. II, Inc. (f/k/a: Houma Fabricators Inc.), 1700 Destrehan Ave., Harvey, LA 70058.

3.22     Third Party Defendant Marine Rental Service Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Marine Rental Service Inc., 3425 W. Main St., Houma, LA 70360.

3.23     Third Party Defendant Aquatic Contractors & Engineering Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Aquatic Contractors & Engineering Inc., 129 Degravelle Rd., Amelia, LA 70340.

3.24     Third Party Defendant Rayco Shipbuilders & Repair is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Rayco Shipbuilders & Repair, Highway 36 Box 216, Bourg, LA 70343.

3.25     Third Party Defendant Little Pawnee Drilling (f/k/a: Pawnee Drilling Company) is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Little Pawnee Drilling (f/k/a: Pawnee Drilling Company), 436 Humphreys Loop, Hassmer, LA 71341.

3.26     Third Party Defendant Terrebonne X-Ray Clinic Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Terrebonne X-Ray Clinic Inc., 254 Barrow St., Box 9031, Houma, LA 70361.

3.27     Third Party Defendant Patterson Rental Tools Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Patterson Rental Tools Inc., 2000 Industrial Blvd., Houma, LA 70363-0185.

3.28     Third Party Defendant Patterson Rental Tools Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Patterson Rental Tools Inc.,701 South Peters St., 2nd FL, New Orleans, LA 70130.

3.29     Third Party Defendant Abdon Callais Boat Rentals is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Abdon Callais Boat Rentals,701 South Peters St., New Orleans, LA 70130.

3.30     Third Party Defendant Danos & Curole Marine Contractors LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Danos & Curole Marine Contractors LLC, 13083 Highway 308, Larose, LA 70373.

3.31     Third Party Defendant Rowan Companies Inc., is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rowan Companies Inc., 2800 Post Oak Blvd. Ste. 5450, Houston, TX 77056-6127.

3.32     Third Party Defendant Conoco Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Conoco Inc., 1021 Main St., Ste 1150, Houston, TX 77002.

3.33     Third Party Defendant Halter Marine Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Halter Marine Inc., 6130 Highway 308, Lockport, LA 70374.

3.34     Third Party Defendant RMC Holdings LLC (f/k/a: Two R Drilling Company, Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at RMC Holdings LLC (f/k/a:Two R Drilling Company, Inc), 909 Poydras St., 28th FL, New Orleans, LA 70112.

3.35     Third Party Defendant RMC Holdings LLC (f/k/a: Two R Drilling Company, Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at RMC Holdings LLC (f/k/a:Two R Drilling Company, Inc), 18234 Reeves Dr., Covington, LA 70435.

3.36     Third Party Defendant Manpower Inc.\ Domestic Subsidiaries is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Manpower Inc.\ Domestic Subsidiaries, 5301 North Ironwood Rd., Milwaukee, WI 53201-1300.

3.37    Third Party Defendant Hercules Wire Rope & Sling (f/k/a: Tuco Wire Rope & Sling Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Hercules Wire Rope & Sling (f/k/a: Tuco Wire Rope & Sling Inc.), 1523 Highway 90 East, Morgan City, LA 70380.

3.38    Third Party Defendant Bethlehem Steel Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bethlehem Steel Corporation, 1170 8th Ave., Bethlehem, PA 18016.

3.39    Third Party Defendant Rodney's Oilfield Contractors Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Rodney's Oilfield Contractors Inc., Rt.1 Box 305, Cut Off, LA 70345.

3.40    Third Party Defendant Chandler Welding Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Chandler Welding Corporation, 2002 Peters Rd., Harvey, LA 70058.

3.41    Third Party Defendant Total Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Total Services Inc., 1255 Peters Rd., Harvey, LA 70058.

3.42    Third Party Defendant Total Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Total Services Inc., 401 Whitney Ave., Ste 500, Gretna, LA 70056.

3.43     Third Party Defendant CBS Corporation % Westinghouse Elect. Corp. Tax Department is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at CBS Corporation % Westinghouse Elect. Corp. Tax Department, 1633 Broadway, New York, NY 10019.

3.44     Third Party Defendant Brown & Root Inc. Foreign Subsidiary is a corporation, company, or sole proprietorship who may be served with process by serving its president,  vice president, or registered agent at Brown & Root Inc. Foreign Subsidiary, 735 First National Bldg, Oklahoma City, OK 73102.

3.45     Third Party Defendant Global X-Ray & Testing Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Global X-Ray & Testing Corporation, 210 Grizzaffi St., Morgan City, LA 70380.

3.46     Third Party Defendant Bayou Inspection Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bayou Inspection Services Inc., Bayou Testers, 318 Degravelle Rd., Amelia, LA 70340.

3.47     Third Party Defendant Cajun Cutters Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cajun Cutters Inc., 207 Highway 55, Bourg, LA 70343.

3.48     Third Party Defendant Cajun Cutters Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cajun Cutters Inc., 205 Cajun Rd., Houma, LA 70363.

3.49     Third Party Defendant Oilfield & Industrial Leasing Inc., OIL Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Oilfield & Industrial Leasing Inc., OIL Inc., 100 Estate Dr., Houma, LA 70364.

3.50     Third Party Defendant Bulk Tank Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bulk Tank Inc., 1250 Poydras St., Ste 400, New Orleans, LA 70113-1872.

3.51     Third Party Defendant Sea-Therm Inc is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Sea-Therm Inc., 320 West Thomas St., Hammond, LA 70401.

3.52     Third Party Defendant Gulf Coast Manufacturing Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Gulf Coast Manufacturing Inc., 2103 Coteau Rd. Houma, LA 70364-2167.

3.53     Third Party Defendant Gulf Coast Manufacturing Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Gulf Coast Manufacturing Inc., 1493 Burma Rd., Thibodaux, LA 70301.

3.54     Third Party Defendant C&G Welding Inc.\ Contractor is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at C&G Welding Inc.\ Contractor, 1181 W. Tunnel Blvd., Ste DD, Houma, LA 70360.

3.55     Third Party Defendant C&G Welding Inc.\ Contractor is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at C&G Welding Inc.\ Contractor, 5134 HWY 1, Raceland, LA 70394.

3.56     Third Party Defendant C&G Welding Inc.\ Contractor is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at C&G Welding Inc.\ Contractor, 241 Twin Oaks Dr., Raceland, LA 70394.

3.57     Third Party Defendant Global Industries Offshore LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Global Industries Offshore LLC, 8550 United Plaza Blvd., Baton Rouge, LA 70809.

3.58     Third Party Defendant Antill Pipeline Construction, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Antill Pipeline Construction, Inc., 3420 Industrial Park, Houma, LA 70363.

3.59     Third Party Defendant Antill Pipeline Construction, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Antill Pipeline Construction, Inc., 4749 Bayou Dr., Gibson, LA 70356.

3.60     Third Party Defendant Gates Construction Corporation, % Great Lakes Dredge & Dock Company is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Gates Construction Corporation, % Great Lakes Dredge & Dock Company, 2122 York Rd., Ste 200, Oak Brook, IL 60521-1930.

3.61     Third Party Defendant Baker Hughes Tubular Services, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Baker Hughes Tubular Services, Inc., Subsidiary of Baker Hughes, 2520 WW Thorne Blvd., Houston, TX 77073.

3.62     Third Party Defendant Baker Hughes Tubular Services, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Baker Hughes Tubular Services, Inc., Subsidiary of Baker Hughes, 1021 Main St., Ste 1150, Houston, TX 77002.

3.63     Third Party Defendant at B&I Welding Inc is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at B&I Welding Inc., 111 WPA Rd, Belle Chasse, LA 70037-3101.

3.64     Third Party Defendant Fluor Daniel Services Corporation is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Fluor Daniel Services Corporation, 1 Enterprise, Aliso Viejo, CA 92656.

3.65     Third Party Defendant Brown & Root USA Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Brown & Root USA Inc., 1021 Main St., Ste 1150, Houston, TX 77002.

3.66     Third Party Defendant Brown & Root Industrial Services is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Brown & Root Industrial Services, 1021 Main St., Ste 1150, Houston, TX 77002.

3.67     Third Party Defendant Curtis Callais Welding Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Curtis Callais Welding Inc., 1181 W. Tunnel Blvd., Ste D, Houma, LA 70360.

3.68     Third Party Defendant Curtis Callais Welding Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Curtis Callais Welding Inc., 241 Twin Oaks, Raceland, LA 70394.

3.69     Third Party Defendant Valves & Fittings of Houston Inc. (f/k/a: Valves & Fittings of Houma Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Valves & Fittings of Houston Inc. (f/k/a: Valves & Fittings of Houma Inc.), 5842 Petty St., Houston, TX 77007.

3.70     Third Party Defendant Valves & Fittings of Houston Inc. (f/k/a: Valves & Fittings of Houma Inc.) is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Valves & Fittings of Houston Inc. (f/k/a: Valves & Fittings of Houma Inc.), 5250 Highway 311, Houma, LA 70360.

3.71     Third Party Defendant Cornerstone Perfusion LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Cornerstone Perfusion LLC, 110 Lynwood Dr., Houma, LA 70360.

3.72     Third Party Defendant Production Management Industries, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Production Management Industries, Inc., 2804 Peters Rd., Harvey, LA 70058.

3.73     Third Party Defendant Production Management Industries, Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Production Management Industries, Inc., 1105 Peters Rd., Harvey, LA 70058.

3.74     Third Party Defendant Hughes & Hughes HB Buster Hughes is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Hughes & Hughes HB Buster Hughes, 5201 Tullis Dr., New Orleans, LA 70131.

3.75     Third Party Defendant Hughes & Hughes HB Buster Hughes is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Hughes & Hughes HB Buster Hughes, 8550 United Plaza Blvd., Baton rouge, LA 70809.

3.76     Third Party Defendant Crown Oilfield Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Crown Oilfield Services Inc., 497 HWY 182 E., Morgan City, LA 70380.

3.77     Third Party Defendant Torch Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Torch Inc., 401 Whitney Ave., Ste 400, Gretna, LA 70056-2503.

3.78     Third Party Defendant Torch Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Torch Inc., 5108 Broadway, San Antonio, TX 78209.

3.79     Third Party Defendant Kellogg Brown & Root Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Kellogg Brown & Root Inc., 1021 Main St., Ste. 1150, Houston, TX 77002.

3.80     Third Party Defendant Worknet 2000 Inc., Worktec, % Jay W. Owensry, is a corporation, company, or sole proprietorship who may be served with process by serving its

president or vice president at Worknet 2000 Inc., Worktec, % Jay W. Owensry, 671 A. Whitney Ave., Gretna, LA 70056-2692.

3.81     Third Party Defendant ABL Fabricators Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at ABL Fabricators Inc., 300 Lake Palourde Rd., Morgan City, LA 70380.

3.82     Third Party Defendant Dolphin Services Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Dolphin Services Inc., 583 Thompson Rd., PO Box 310, Houma, LA 70361-0310.

3.83         Third Party Defendant Dynamic Industries Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Dynamic Industries Inc., 3508 Curtis Lane., New Iberia, LA 70560.

3.84     Third Party Defendant Dynamic Industries Inc. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Dynamic Industries Inc., 4800 Car W. Bauer Rd., New Iberia, LA 70560.

3.85     Third Party Defendant Pullman Inc., The N.W. Kellogg Co. Division is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Pullman Inc., The N.W. Kellogg Co. Division, 711 Third Ave., New York, NY 10017.

3.86     Third Party Defendant Pullman Inc., The N.W. Kellogg Co. Division is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Pullman Inc., The N.W. Kellogg Co. Division, 1633 Broadway, New York, NY 10019.

3.87     Third Party Defendant Bayou Marine Corp. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Bayou Marine Corp., 301 Glynn Ave., Houma, LA 70363.

3.88     Third Party Defendant Benoit Machine LLC is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at Benoit Machine LLC, 3400 Industrial Park Dr., Houma, LA 70363.

3.89     Third Party Defendant Murphy Exploration & Production Co. is a corporation, company, or sole proprietorship who may be served with process by serving its president, vice president, or registered agent at Murphy Exploration & Production Co., 200 Peach St., El Dorado, AR 71731.

4.0     On November 14, 2002, Plaintiffs sued McDermott for injuries due to alleged exposure to asbestos and welding fumes during their employment by McDermott.

5.0     Third Party Defendants are liable to McDermott for all or part of Plaintiffs' claims because each of the Third Party Defendants was an employer for one or more of the Plaintiffs during which time, Plaintiffs may have been exposed to asbestos fibers or welding

fumes which caused injuries and damages as more specifically described in Plaintiffs' Second Amended Petition, which is attached hereto and incorporated as if fully set out herein.   In addition, Third Party Plaintiff asserts that some of the Third Party Defendants may have contracts with Third Party Plaintiff requiring indemnification and defense of Plaintiffs' lawsuit by Third Party Defendant.   Third Party Plaintiff seeks recovery of attorney's fees and costs to the extent allowed by contract or law.

     5.1    Third Party Plaintiff demands a jury trial.

     5.2    All conditions precedent have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Third Party Plaintiff prays that Third Party Defendants be cited to appear and answer herein, and that upon hearing, Third Party Plaintiff will recover from each of the Third Party Defendants jointly and/or severally for their damages as alleged in an amount within the jurisdictional limits of this Court for general and special damages, and further, that Third Party Plaintiff recover from each of the Third Party Defendants, jointly and/or severally in an amount within the jurisdictional limits of this Court for exemplary damages, together with costs and disbursements herein, prejudgment interest, and interest on said judgment from the date thereof until paid at the legal rate, and for such other and further relief, both general and special, at law or in equity, to which Third Party Plaintiff may be entitled to recover.

Respectfully submitted,

## James H. Powers

James H. Powers
Texas State Bar No. 16217400
Sharla J. Frost
Texas State Bar No. 07491100
2400 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:    (713) 767-1555
Telecopier:    (713) 767-1799

**ATTORNEYS FOR DEFENDANT:
J. RAY MCDERMOTT, INC.**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **SECOND AMENDED THIRD PARTY PETITION OF DEFENDANT J. RAY MCDERMOTT, INC.** has been served on plaintiffs' counsel via certified mail, return receipt requested and/or via facsimile transmission on this the 12th day of January, 2004.

## James H. Powers

# EXHIBIT E

CAUSE NO. A168572

| DOUG BENOIT, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY |
| | § | |
| J. RAY McDERMOTT, INC., ET AL. | § | 58TH JUDICIAL DISTRICT |

## MOTION FOR ENTRY OF ORDER OF DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW all Plaintiffs herein and announce to the Court that Plaintiffs do not at this time wish to further prosecute their claims against The Lincoln Electric Company, Hobart Brothers Company, Sandvik, Inc. (for itself and its division, Sandvik Coromant), Praxair, Inc., The ESAB Group, Inc., AvestaPolarit Welding, Inc., TDY Industries, Inc., The BOC Group, Inc., erroneously sued as Airco, Airgas Gulf-States, Inc and A.O. Smith Corporation, and have nonsuited same.

Plaintiffs further announce to the Court that they have nonsuited all claims against any other defendant herein which are based upon the manufacture or sale of welding products by any of the Defendants dismissed. Plaintiffs further have nonsuited all claims related to welding products, but not non-welding related products, of Viacom, Inc.

Accordingly, Plaintiffs move that the Court enter an order that their claims against the named defendants are dismissed without prejudice.

Respectfully submitted,

THE CARLILE LAW FIRM, LLP

By: _____

D. Scott Carlile
State Bar No. 24004576
Bruce A. Craig
State Bar No. 04975270
David C. Carlile
State Bar No. 03804500
400 South Alamo
Marshall, Texas 75670
903-938-1655
903-938-0235 (fax)

ATTORNEYS FOR PLAINTIFFS

CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the foregoing has been provided to all counsel via electronic filing on this the __2__ day of April, 2004.

_____
David C. Carlile

CAUSE NO. A168572

| | | |
|---|---|---|
| DOUG BENOIT, ET AL. | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | JEFFERSON COUNTY |
| | § | |
| J. RAY McDERMOTT, INC., ET AL. | § | 58TH JUDICIAL DISTRICT |

## ORDER

On the _____ day of _____, 2004, the Court was advised that all Plaintiffs herein had announced a nonsuit of all claims against The Lincoln Electric Company, Hobart Brothers Company, Sandvik, Inc. (for itself and its division, Sandvik Coromant), Praxair, Inc., The ESAB Group, Inc., AvestaPolarit Welding, Inc., TDY Industries, Inc., The BOC Group, Inc., erroneously sued as Airco, Airgas Gulf-States, Inc. and A.O. Smith Corporation

Plaintiffs further announce to the Court that they nonsuit all claims against any other Defendant, herein which are based upon the manufacture or sale of welding products by any of the Defendants dismissed. Plaintiffs further agree to nonsuit all claims related to welding products, but not non-welding related products of, Viacom, Inc.

IT IS THEREFORE ORDERED that all claims asserted herein by all Plaintiffs against The Lincoln Electric Company, Hobart Brothers Company, Sandvik, Inc. (for itself and its division, Sandvik Coromant), Praxair, Inc., The ESAB Group, Inc., AvestaPolarit Welding, Inc., TDY Industries, Inc., The BOC Group, Inc., erroneously sued as Airco, Airgas Gulf-States, Inc. and A.O. Smith Corporation are dismissed without prejudice.

IT IS FURTHER ORDERED that all claims against any Defendant which are based on the manufacture or sale by that Defendant of products of the nonsuited Defendants, are dismissed without prejudice.

IT IS FURTHER ORDERED that all welding related claims against Viacom, Inc. are dismissed without prejudice.

Signed this _____ day of _____, 2004.


_____

JUDGE PRESIDING


APPROVED:

_____
David C. Carlile

_____
John G. Bissell

# EXHIBIT F

CAUSE NO. A168572

| DOUG BENOIT, et al. | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| J. RAY MCDERMOTT, INC., et al. | § | 58th JUDICIAL DISTRICT |

## DEFENDANT J. RAY MCDERMOTT'S FIRST AMENDMENT TO ITS SUPPLEMENTAL THIRD PARTY PETITION AGAINST WELDING ROD DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Named Defendant, J. Ray McDermott, Inc. complaining of other Third Party Defendants names below, and for supplemental cause of action[1] would show the Court and Jury as follows:

1.0      Third-party Plaintiff intends to conduct discovery under Level III.

Plaintiffs are citizens of Texas, Louisiana, Georgia, and Mississippi.   The following plaintiffs claim injuries and damages due to exposures to asbestos and to welding fumes:[2]

1.      Doug Benoit is a citizen and a resident of Louisiana.
2.      Thaddeus Chaisson is a citizen and a resident of Louisiana.
3.      William Edwards is a citizen and a resident of Georgia.
4.      Raymond Foret, Jr. is a citizen and a resident of Louisiana.
5.      Roy Freeman is a citizen and a resident of Louisiana.
6.      Ronald Gautreaux is a citizen and a resident of Louisiana.
7.      Jules Hebert is a citizen and a resident of Louisiana.
8.      John Lombardi is a citizen and a resident of Louisiana.
9.      Eugene Lovell is a citizen and a resident of Louisiana.

---

[1] This supplemental petition is not intended to amend or otherwise abrogate McDermott's Third Amended Third Party Petition which maintains a third party action against a number of third party employer defendants.

C:\DOCUME~1\hollja\LOCALS~1\Temp\Amendment to Third Amended Third Party Petition.doc

10.     James Lovell is a citizen and a resident of Louisiana.

11.     Gerard Marcel is a citizen and a resident of Louisiana.

12.     Sterling Mayon is a citizen and a resident of Louisiana.

13.     Donald Melancon is a citizen and a resident of Louisiana.

14.     Billy Miller is a citizen and a resident of Louisiana.

15.     Steve Olivier is a citizen and a resident of Louisiana.

16.     Jerry F. Trosclair is a citizen and a resident of Louisiana.

17.     Paul J. Webre is a citizen and a resident of Louisiana.

18.     Chris Levron is a citizen and a resident of Louisiana.

19.     Rodney Martin is a citizen and a resident of Louisiana.

20.     Albert Aucoin is a citizen and a resident of Louisiana.

21.     Isaac Bergeron is a citizen and a resident of Louisiana.

22.     Eugene Bonvillian is a citizen and a resident of Louisiana.

23.     Earl Breaux, Jr. is a citizen and a resident of Louisiana.

24.     Gerald Chauvin is a citizen and a resident of Louisiana.

25.     Paul Crochet, Sr. is a citizen and a resident of Louisiana.

26.     Joseph Dufrene is a citizen and a resident of Louisiana.

27.     Arthur Ellender, Jr. is a citizen and a resident of Louisiana.

28.     Dale Gautreaux is a citizen and a resident of Louisiana.

29.     Oscar Gautreaux is a citizen and a resident of Louisiana.

30.     Ricky Giroir is a citizen and a resident of Louisiana.

31.     Rene Himel, Sr. is a citizen and a resident of Louisiana.

32.     Ralph Johnson is a citizen and a resident of Mississippi.

33.     Mac Knapp is a citizen and a resident of Louisiana.

34.     John Knight is a citizen and a resident of Louisiana.

35.     David Le Boeuf is a citizen and a resident of Louisiana.

36.     Arcen Marcel is a citizen and a resident of Louisiana.

37.     Perry Martin is a citizen and a resident of Louisiana.

38.     Gilbert Matherne, Jr. is a citizen and a resident of Louisiana.

39.     Rickey Mayon is a citizen and a resident of Louisiana.

---

[2] McDermott's Third Amended Petition incorporates all plaintiffs named or to be named in Plaintiffs' Original Petition as well as all subsequent Amended Petitions and Petitions in Intervention.

C:\DOCUME~1\hollja\LOCALS~1\Temp\Amendment to Third Amended Third Party Petition.doc

40.    Davis Peltier is a citizen and a resident of Louisiana.

41.    Errol J. Roddy is a citizen and a resident of Louisiana.

42.    Thomas Savoy is a citizen and a resident of Louisiana.

43.    Jeffrey Souldier is a citizen and a resident of Louisiana.

44.    Freddie Theriot is a citizen and a resident of Louisiana.

45.    Willie Ward is a citizen and a resident of Louisiana.

46.    Donnie Lirette is a citizen and a resident of Louisiana.

47.    Bruce Desselle is a citizen and a resident of Louisiana.

48.    Keith Robichaux is a citizen and a resident of Louisiana.

49.    Russell Porche is a citizen and a resident of Louisiana.

50.    Leroy Le Boeuf, Sr. is a citizen and a resident of Louisiana.

51.    Berwick Fonseca, Sr. is a citizen and a resident of Louisiana.

52.    Bobby Chauvin is a citizen and a resident of Louisiana.

53.    David Paul Adams is a citizen and a resident of Louisiana.

54.    Dale P. Authement is a citizen and a resident of Louisiana.

55.    Edmond J. Babin is a citizen and a resident of Louisiana.

56.    Robert James Bergeron is a citizen and a resident of Louisiana.

57.    Louis Boudreaux is a citizen and a resident of Louisiana.

58.    Andrew Bourgeois is a citizen and a resident of Louisiana.

59.    Emile J. Bourgeois, Sr. is a citizen and a resident of Louisiana.

60.    Roy J. Breaux, Jr. is a citizen and a resident of Louisiana.

61.    Willie Breaux is a citizen and a resident of Louisiana.

62.    Ralph J. Brunet is a citizen and a resident of Louisiana.

63.    Elmer Joseph Brunet, Jr. is a citizen and a resident of Louisiana.

64.    Lawrence Castle is a citizen and a resident of Louisiana.

65.    Jack Frank Cosby is a citizen and a resident of Louisiana.

66.    Louis Cressione, Jr. is a citizen and a resident of Louisiana.

67.    Jimmie D. Daigle is a citizen and a resident of Louisiana.

68.    Verlon Daigle is a citizen and a resident of Louisiana.

69.    Maurice J. Dufrene, Jr. is a citizen and a resident of Louisiana.

70.    Michael Dupre is a citizen and a resident of Louisiana.

71.    Eldridge Durocher is a citizen and a resident of Louisiana.

72.   Bobby F. Ellender is a citizen and a resident of Louisiana.

73.   Keith Estopinal is a citizen and a resident of Louisiana.

74.   Clyde Maurice Ezell, Jr. is a citizen and a resident of Mississippi.

75.   Howard Fanguy is a citizen and a resident of Louisiana.

76.   Arthur L. Ford, Jr. is a citizen and a resident of Louisiana.

77.   Phillip A. Gaudet, Sr. is a citizen and a resident of Louisiana.

78.   Tobay Hebert is a citizen and a resident of Louisiana.

79.   Willie L. Hilton, Jr. is a citizen and a resident of Mississippi.

80.   Gary L. Hilton, Sr. is a citizen and a resident of Mississippi.

81.   Wayne N. Le Boeuf is a citizen and a resident of Louisiana.

82.   Harry P. LeBoeuf is a citizen and a resident of Louisiana.

83.   Johnny Ledford is a citizen and a resident of Louisiana.

84.   Gary B. Lee, Sr. is a citizen and a resident of Louisiana.

85.   Timothy J. Levron is a citizen and a resident of Louisiana.

86.   Linduel Lopez is a citizen and a resident of Louisiana.

87.   Murphy Loupe is a citizen and a resident of Louisiana.

88.   David G. Marcel is a citizen and a resident of Louisiana.

89.   Paul R. Martello is a citizen and a resident of Louisiana.

90.   Billy Troy Martin is a citizen and a resident of Louisiana.

91.   Jorge A. Mena is a citizen and a resident of Louisiana.

92.   Douglas W. Nicole is a citizen and a resident of Louisiana.

93.   Gilbert L. Oliver, Jr. is a citizen and a resident of Louisiana.

94.   Paul H. Peltier is a citizen and a resident of Louisiana.

95.   Patrick Plaisance is a citizen and a resident of Louisiana.

96.   Gerald Polaski is a citizen and a resident of Louisiana.

97.   Glynn Rhodes is a citizen and a resident of Louisiana.

98.   Edward John Rhodes, Jr., Deceased was a citizen and a resident of Louisiana.

99.   Raymond Joseph Richoux, Jr. is a citizen and a resident of Louisiana.

100.   Adley Rink is a citizen and a resident of Louisiana.

101.   Charles Rink is a citizen and a resident of Louisiana.

102.   Dan Roberson is a citizen and a resident of Louisiana.

103.   Robert James Simon is a citizen and a resident of Louisiana.

104.   Robert E. Thibodaux, III is a citizen and a resident of Louisiana.

105.   Russel A. Verret is a citizen and a resident of Louisiana.

106.   Kevin C. Villemarette is a citizen and a resident of Louisiana.

107.   Malcolm L. Watson is a citizen and a resident of Mississippi.

108.   Robert Paul Webre is a citizen and a resident of Louisiana.

109.   Chester Joseph Lacombe, Jr. is a citizen and a resident of Louisiana.

110.   Glenn Mitchell is a citizen and a resident of Louisiana.

2.0    Defendant and Third Party Plaintiff, J. RAY MCDERMOTT, INC. ("McDermott"), brings this lawsuit as a corporation.

3.0    Third Party Defendant AVONCRAFT CONSTRUCTION CO. is a corporation, company, or sole proprietorship who may be served with process by serving its president or vice president at AvonCraft Construction Co. Inc, 5100 River Rd., Avondale, LA 70094.

3.1    Third Party Welding Rod Defendant ALCOA, INC. is a Pennsylvania corporation that may be served with process by serving its registered agent, CT Corporation System, 350 N. St Paul ,Street, Dallas, Texas 75201.

3.2    Third Party Welding Rod Defendant AMERICAN WELDING is a trade organization that may be served by serving its Executive Director at 550 N.W. Lejeune Road, Miami, Florida 33126.

3.3    Third Party Welding Rod Defendant A.O. SMITH is a Delaware corporation that may be served with process by serving its registered agent, Prentice-Hall Corporation System, Inc., 800 Brazos Street, Suite 750, Austin, Texas 78701.

3.4    Third Party Welding Rod Defendant GENERAL ELECTRIC COMPANY is a New York corporation that may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201 or either its attorney of, record,

Kay Andrews of the firm Brown McCarroll, LLP., 111 Congress Avenue, Suite 1400, Austin, Texas 78701-4043.

3.5     Third Party Welding Rod Defendant ESAB GROUP, INC. is a Delaware corporation who may saved with process by serving its President or Vice President at 411 South Ebenezer Road, Florence, South Carolina 29501.

3.6     Third Party Welding Rod Defendant THERMODYNE is the assumed name of a Delaware corporation conducting business as Stoody, Thermal Arc, Tweco, Amair, among others in the State of Texas and may be sued in its assumed name under Rule 28, Texas Rules of Civil Procedure. Service may be effected by service on its registered agent for service, Ms. Katherine Rheinecker, C.T. Corporation System, 906 Olive Street, St. Louis, MO 631-01.

3.7     Third Party Welding Rod Defendant HANDY & HARMAN is a New York corporation who may be served with process by serving its registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

3.8     Third Party Welding Rod Defendant HOBART BROTHERS COMPANY D/B/A MCKAY WELDING PRODUCTS, is an Ohio corporation that may be served with process by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3.9     Third Party Welding Rod Defendant J.W. HARRIS CO., INC. is a company doing business in Texas that may be served with process by serving its President or Vice President at 4501 Quality Place, Mason, Ohio 45040-1971.

3.10    Third Party Welding Rod Defendant LINCOLN ELECTRIC HOLDINGS, INC. A/K/A LINCOLN ELECTRIC COMPANY is an Ohio corporation that may be served with process by serving its president or vice president at 22801 Saint Clair Avenue, Cleveland, Ohio 44117-2524.

3.11    Third Party Welding Rod Defendant Miller ELECTRIC CO. A/K/A MILLER ELECTRIC MANUFACTURING CO., is a corporation that may be served with process by serving its president or vice president at 1635 West Spencer Street, Appleton, Wisconsin 54914.

3.12    Third Party Welding Rod Defendant NATIONAL ELECTRICAL MANUFACTURERS ASSOCIATION, a trade association that may be served by serving its Board of Governors at 1300 North 17d' Street, Suite 1847, Rosslyn, Virginia 22209.

3.13    Third Party Welding Rod Defendant J.W. HARRIS CO., INC. individually and dba HARRIS-WELCO is a foreign corporation conducting business in Texas and may be served process through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3.14    Third Party Welding Rod Defendant PRAXAIR, INC. is a Delaware corporation that may be served with process by serving its registered agent, Prentice-Hall Corporation System Inc., 800 Brazos Street, Suite 750, Austin, Texas 78701-2554.

3.15    Third Party Welding Rod Defendant SANDVIK, INC. is a Delaware corporation that may be served with process by serving its registered agent, CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

3.16    Third Party Welding Rod Defendant TDY INDUSTRIES, INC. is a California corporation that may be saved with process by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

3.17    Third Party Welding Rod Defendant VIACOM, INC., successor by merger to CBS CORPORATION F/K/A WESTINGHOUSE ELECTRIC CORPORATION (identified in Plaintiffs' Original Petition as Westinghouse Electric Corporation) is a Delaware corporation who has been served and is properly before this Court and may be served with process by

serving its attorney of record, Michael L. Samford of the firm Strong, Pipkin, Nelson, Bissell & Ledyard, L.P., 1111 Bagby, #2300, Houston, Texas 77002-2546.

3.18    Third Party Welding Rod Defendant ALCOTEC WIRE CORPORATION is a foreign corporation which may be served through its registered agent for service, C.T. Corporation System, 30600 Telegraph Road, Bingham Farms, Michigan 48025.

3.19    Third Party Welding Rod Defendant ALCOAWELD WIRE CORPORATION is a foreign corporation which may be served through its registered agent for service, The Corporation Company, 30600 Telegraph Road. Bingham Farms, Michigan 48025.

3.20    Third Party Welding Rod Defendant ALLOY RODS CORPORATION, is a foreign corporation conducting business in the state of Texas and may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3.21    Third Party Welding Rod Defendant ARCOS ALLAYS is the assumed name of a corporation, partnership or sole proprietorship located in Texas with its principle offices located at 6416 Navigation Blvd, Houston, Texas 77011 and is sued in its assumed name under Rule 28, Texas Rules of Civil Procedure and may be served at that location by service on its manager, Mr. Charles Jaworski.

3.22    Third Party Welding Rod Defendant ARCOS ALLAYS CORPORATION is foreign corporation conducting business in the State of Texas. This Third Party Welding Rod Defendant may be served by service of process upon its C.E.O., Mr. James Breen, or its Secretary, Mr. Randy Baxter at 1 Areos drive, Mt. . Carmel, PA 17851.

3.23    Third Party Welding Rod Defendant AVESTAPOLARIT WELDING, INC., is a New Jersey Corporation conducting business in Texas and may be served through its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

3.24     Third Party Welding Rod Defendant BIG THREE INDUSTRIES, INC. is a foreign corporation conducting business in the state of Texas and may be served with process through its registered agent for service, Capitol Corporation Services, 800 Brazos Street, Suite 1100, Austin, Texas 78701.

3.25     Third Party Welding Rod Defendant BOHLER-THYSSEN WELDING-USA, INC. is a New York Corporation which may be served through its registered agent for service, C.T. Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.

3.26     Third Party Welding Rod Defendant SANDVIK COROMANT is the assumed name of a foreign corporation conducting business in the State of Texas and is sued in its assumed name under Rule 28, Texas Rules of Civil Procedure and may be served by serving the principal officer in its offices in the State of Texas, Mr. Ray Benson at 13023 Trinity Drive, Stafford, Texas 77477.

4.0     On November 14, 2002, Plaintiffs sued McDermott for injuries due to alleged exposure to asbestos and welding fumes during their employment by McDermott.

5.0     Third Party Defendants are liable to McDermott for all or part of Plaintiffs' claims because each of the Third Party Defendants was a manufacturer and/or supplier of welding rods during which time(s), Plaintiffs are alleging exposure to welding fumes which caused injuries and damages as more specifically described in Plaintiffs' Fourth Amended Petition, which is attached hereto and incorporated as if fully set out herein.   Third Party Plaintiffs' claims against Third Party Welding Rod Defendants sound in strict liability, negligence, and breach of warranty.   In addition, Third Party Plaintiff asserts that some of the Third Party Defendants may have contracts with Third Party Plaintiff requiring indemnification and defense of Plaintiffs' lawsuit by Third Party Defendant.

5.1     Third Party Plaintiff demands a jury trial.

5.2      All conditions precedent have been performed or have occurred.

WHEREFORE, PREMISES CONSIDERED, Third Party Plaintiff prays that Third Party Welding Rod Defendants be cited to appear and answer herein, and that upon hearing, Third Party Plaintiff will recover from each of the Third Party Defendants jointly and/or severally for their damages as alleged in an amount within the jurisdictional limits of this Court for general and special damages, and further, that Third Party Plaintiff recover from each of the Third Party Defendants, jointly and/or severally in an amount within the jurisdictional limits of this Court for exemplary damages, together with costs and disbursements herein, prejudgment interest, and interest on said judgment from the date thereof until paid at the legal rate, and for such other and further relief, both general and special, at law or in equity, to which Third Party Plaintiff may be entitled to recover.

Respectfully submitted,

## James H. Powers

James H. Powers
Texas State Bar No. 16217400
Sharla J. Frost
Texas State Bar No. 07491100
2400 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Telephone:    (713) 767-1555
Telecopier:   (713) 767-1799

**ATTORNEYS FOR DEFENDANT:**
**J. RAY MCDERMOTT, INC.**

C:\DOCUME~1\hollja\LOCALS~1\Temp\Amendment to Third Amended Third Party Petition.doc

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this **FIRST AMENDMENT TO ITS SUPPLEMENTAL THIRD PARTY PETITION OF DEFENDANT J. RAY MCDERMOTT, INC.** has been served on plaintiffs' counsel via certified mail, return receipt requested and/or via facsimile transmission on this the 4th day of June, 2004.

## James H. Powers

# EXHIBIT G

NO. A-0168572

| | | |
|---|---|---|
| DOUG BENOIT, *et al.*, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| J. RAY McDERMOTT, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | 58TH  JUDICIAL  DISTRICT |

### THIRD PARTY PETITION
### FOR DECLARATORY JUDGMENT

J. RAY McDERMOTT, INC. ("McDermott"), Defendant/Third Party Plaintiff herein,

files this third-party petition for Declaratory Judgment against Third-Party Defendants Travelers

Insurance Company, Insurance Company of North America, and Certain Underwriters at

Lloyd's, London and Insurance Companies subscribing to policies numbered A64/61, FAC-510,

FAC-528, FAC-561, FAC-651, FAC-656, FAC-662, FAC-681, FAC-682, FAC-683, AM198 (a)

139, FAC 715, FAC 718, AM198(a) 158, FAC-774, FAC-775, FAC-776, FAC-777, AM198(a)

169, FAC-807, FAC-808, FAC-809, TEX 949956-73, FAC-810, TEX 949957-73, FAC-811,

TEX 949959-73, AM198(a) 177, FAC-859, FAC-860, A&PH-5687, A&PH-5688, A&PH-5689,

AM198(a) 193, FAC-906, FAC-907, A&P/H-5893, FAC-908, A&P/H-5894, A&P/H 5895,

A&P/H-5896, AM198(a) 209, AM200(a) 102, FAC-961, A&P/H-7012, AM241(a) 102, A&P/H-

7013, A&P/H-7014, A&P/H-7015, AM198(a) 223, AM200(a) 107, FAC-1000, A&P/H-8345,

AM241(a) 107, A&P/H-8035, A&P/H-8036, A&P/H-8037, AM198(a) 238, AM200(a) 114,

FAC-1047, A&P/H-8345, AM241(a) 111, A&P/H-8347, A&P/H-8348, A&P/H-8349, A&P/H-

8350, A&P/H-8351, and policies with unknown numbers issued to McDermott for the period of

1946 through 1960.

## PRELIMINARY STATEMENT

This action seeks a declaration of the rights and responsibilities of McDermott under various polices of insurance issued by all as is set out more fully below.

1.      This is an action for declaratory judgment pursuant to chapter 37 of the Texas Civil Practice & Remedies Code for the purpose of resolving an actual controversy between the parties.

2.      Defendant/Third-Party Plaintiff, J. Ray McDermott, Inc. ("McDermott"), is a corporation duly authorized to conduct business in the State of Texas, and maintains a principal place of business at 757 N. Eldridge Parkway, Houston, Harris County, Texas 77079.

3.      Third-Party Defendant Travelers Insurance Company ("Travelers") is an insurer organized under the laws of a foreign state with a principal place of business in Hartford, Connecticut.  Travelers has transacted or currently transacts business in Texas as that term is defined in the Texas Insurance Code.  Travelers may be served with process through its registered agent for service of process:  CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

4.      Third-Party Defendant Insurance Company of North America ("INA") is an insurer organized under the laws of a foreign state with a principal places of business in Philadelphia, Pennsylvania.  INA has transacted or currently transacts business in Texas as that term is defined in the Texas Insurance Code.  INA may be served with process through its registered agent for service of process:  Robin M. Mountain, 6600 Campus Circle Drive East Suite 300, Irving, Texas 75063.

5.      Third-Party Defendants, Certain Underwriters at Lloyds and Insurance Companies subscribing to policies numbered A64/61, FAC-510, FAC-528, FAC-561, FAC-651, FAC-656, FAC-662, FAC-681, FAC-682, FAC-683, AM198 (a) 139, FAC 715, FAC 718, AM198(a) 158, FAC-774, FAC-775, FAC-776, FAC-777, AM198(a) 169, FAC-807, FAC-808, FAC-809, TEX 949956-73, FAC-810, TEX 949957-73, FAC-811, TEX 949959-73, AM 198(a) 177, FAC-859, FAC-860, A&PH-5687, A&PH-5688, A&PH-5689, AM198(a) 193, FAC-906, FAC-907, A&P/H-5893, FAC-908, A&P/H-5894, A&P/H 5895, A&P/H-5896, AM198(a) 209, AM200(a) 102, FAC-961, A&P/H-7012, AM241(a) 102, A&P/H-7013, A&P/H-7014, A&P/H-7015, AM198(a) 223, AM200(a) 107, FAC-1000, A&P/H-8345, AM241(a) 107, A&P/H-8035, A&P/H-8036, A&P/H-8037, XWC 8021, AM198(a) 238, AM200(a) 114, FAC-1047, A&P/H-8345, AM241(a) 111, A&P/H-8347, A&P/H-8348, A&P/H-8349, A&P/H-8350, and A&P/H-8351 ("Underwriters"), are insurers organized under the laws of foreign States with principal places of business in London, England, Texas and other jurisdictions.   Underwriters have transacted or currently transact insurance business in Texas as that term is defined in the Texas Insurance Code.   Underwriters have authorized Mendes & Mount as agents for service of process.  Consequently Underwriters may be served with process by serving its registered agent, Mendes & Mount, 750 Seventh Avenue, New York, N.Y. 10019.

6.      McDermott also brings this action against Third-Party Defendants, Certain Underwriters at Lloyds and Insurance Companies subscribing to policies with unknown numbers issued to McDermott for the period of 1946 through 1960.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction of this cause and jurisdiction to grant all relief requested by McDermott.  The amount in controversy is within the jurisdictional limits of

this Court. Further, Underwriters contractually agreed to submit to the jurisdiction of any court of competent jurisdiction, such as this Court.

8.      This case is not removable under 28 U.S.C. §§ 1332, 1441 or any other special removal statute.  Specifically, one or more of the Underwriters maintain principal places of business in Texas or are incorporated under the laws of Texas.  There is also no federal question presented by this petition sufficient to give rise to federal question jurisdiction.  McDermott cautions Third-Party Defendants that any attempt to remove this action to the United States District Court would be groundless and may subject the removing party to an order to pay McDermott its just costs and actual expenses pursuant to 28 U.S.C. § 1447.

## FACTUAL STATEMENT

### The Policies

9.      As detailed below, McDermott is a named insured under Employers Liability policies issued by Travelers, INA, and Underwriters for the period of 1950 to 1979 (collectively the "Policies").  The Policies specifically provide coverage for maritime liabilities through endorsements ("MEL endorsements").

10.      All or some of the Policies were negotiated, issued and delivered in Houston, Harris County, Texas.  McDermott has fully complied with the terms and conditions of the Policies.

### The Underlying Litigation

11.      In 2002, McDermott was sued by a group of former employees for alleged exposure to asbestos and welding rod fumes from 1950 to the present (the "*Benoit* Litigation" and "*Benoit* Plaintiffs").  The case is pending before the 58th Judicial District Court, Jefferson

County, Texas. The *Benoit* Litigation is currently scheduled for trial of certain welding rod claims in July 2004.

12.   The *Benoit* Plaintiffs allege that while employed by McDermott, they were exposed to asbestos and welding rod fumes causing them bodily injury. This group of former employees claim to be seaman and members of the crew of vessels owned or operated by McDermott due to their work assignment to various barges. The *Benoit* Plaintiffs specifically pleaded for recovery from McDermott based on allegations of negligence under the Jones Act, 46 U.S.C. §688.

### Travelers' and INA's Obligations

13.   The Policies issued by Travelers and INA provide coverage for the Benoit Litigation.   As primary insurers, Travelers and INA are obligated to pay all sums that McDermott is legally obligated to pay as damages because of bodily injury sustained by McDermott's employees, including all reasonable costs, charges, fees and expenses incurred in defending or investigating such claims. The coverage provided by the Policies issued by Travelers and INA entitle McDermott to complete coverage for the claims being made against it in the *Benoit* Litigation.

14.   Travelers also issued separate policies to McDermott, which provide coverage for the *Benoit* Litigation as both excess and umbrella insurance. As an excess insurer, Travelers is obligated to provide McDermott coverage for any claims that exceed the scheduled primary limits. As an umbrella insurer, Travelers is obligated to provide McDermott coverage for any claims that are not covered by the scheduled primary policies. The two types of coverage are not

mutually exclusive and entitle McDermott to complete coverage for the claims being made against it in the *Benoit* Litigation.

### Underwriters' Obligations

15.    The Policies issued by Underwriters provide coverage for the *Benoit* Litigation as both excess and umbrella insurance.  As excess insurers, Underwriters are obligated to provide McDermott coverage for any claims that exceed the scheduled primary limits.  As umbrella insurers, Underwriters are obligated to provide McDermott coverage for any claims that are not covered by the scheduled primary policies.  The two types of coverage are not mutually exclusive and entitle McDermott to complete coverage for the claims being made against it in the *Benoit* Litigation.

### COUNT I – DECLARATORY JUDGMENT

16.    McDermott is entitled to and requests a judgment, under chapter 37 of the Texas Civil Practice & Remedies Code declaring its rights and the responsibilities of Travelers, INA, and Underwriters under the Policies, including a declaration that Third-Party Defendants are obligated under the Policies to indemnify McDermott for any liability it may incur for any claims asserted by the *Benoit* Plaintiffs and to reimburse any defense costs incurred by McDermott in defending the *Benoit* Litigation after satisfaction of any applicable self insured retention by payment of defense costs, judgment or settlement.   In particular, McDermott requests a declaration of the following:

(a)    All Policies are triggered during years of workplace exposure;

(b)     The 36-month exclusion and last injurious exposure condition contained in the Policies issued by Travelers and INA are ambiguous, against public policy and should be declared void;

(c)     All claims asserted by the *Benoit* Plaintiffs are covered by the Policies issued by Travelers and INA, thus obligating Travelers and INA to pay any final judgment rendered against McDermott in the *Benoit* Litigation;

(d)     All claims asserted by the *Benoit* Plaintiffs are covered by the Policies issued by Underwriters and Travelers under the excess or umbrella coverages, thus obligating Underwriters and Travelers to pay any final judgment rendered against McDermott in the *Benoit* Litigation; and

(e)     The Policies issued by Underwriters and Travelers provide first dollar coverage where the limits of the primary Policies issued by Travelers and INA are exhausted.

## COUNT II - BREACH OF CONTRACT

17.     Insurance policies are generally recognized to be contracts between the insurer and the policyholder.  Under the terms of the Policies at issue, Third-Party Defendants contracted to reimburse McDermott all sums which McDermott shall become legally obligated to pay as damages, including all reasonable costs, charges, fees and expenses incurred in defending or investigating claims.

14.     McDermott, upon being sued in the Benoit Litigation, timely notified Third-Party Defendants and requested that Third-Party Defendants participate in the defense of the *Benoit* Litigation and accept McDermott's tender of the claim for purposes of indemnity.

15.     Underwriters and INA failed to substantively respond to McDermott's notification leaving McDermott with only the uncertainty of insurance coverage (previously paid for) and an impending trial setting in the *Benoit* Litigation. Under the Policies, Underwriters and INA have an obligation to respond to McDermott's notices of claims and not unreasonably withhold its consent to incur defense costs. Underwriters and INA, by failing to respond to McDermott and by refusing to consent to McDermott's defense costs, have violated their contractual obligations.

16.     Travelers denied any obligation to defend or indemnify McDermott for the claims asserted in the *Benoit* litigation. By wrongfully denying McDermott's claim for coverage, Travelers violated its contractual obligations to McDermott.

## ACTUAL DAMAGES

17.     Because of Third-Party Defendants' conduct in the investigation, settlement and payment of McDermott's claim, McDermott has suffered actual damages in the form of the costs and expenses necessarily incurred in McDermott's investigation and defense of the *Benoit* Litigation. To the extent Third-Party Defendants refuse to pay any judgment rendered against McDermott in the *Benoit* Litigation, such amounts constitute further actual damages to McDermott.

## ATTORNEYS' FEES

18.     McDermott was forced to retain the undersigned attorneys to pursue these causes of action. Therefore, under section 37.009 of the TEX. CIV. PRAC. & REM. CODE, all of McDermott's reasonable and necessary attorneys' fees may be recovered from Third-Party Defendants.

**THEREFORE**, J. Ray McDermott, Inc. requests that:

(a)    Third-Party Defendants be cited to appear and answer these claims;

(b)    Judgment be entered against Third-Party Defendants in favor of McDermott, Inc. for:

    (1)    the declarations as specified above;

    (2)    expenses incurred or to be incurred by McDermott in the defense, settlement or satisfaction of judgment in the *Benoit* Litigation

    (3)    reasonable attorney's fees and expenses;

    (4)    all costs in prosecuting this litigation; and

    (5)    any additional relief, legal and equitable, general or special, to which McDermott may be justly or equitably entitled.

Respectfully submitted,

**BRACEWELL & PATTERSON, L.L.P.**

By: /s/ Margaret T. Brenner
    Margaret T. Brenner
    State Bar No. 02958050
    Phillip D. Sharp
    State Bar No. 18118680

    South Tower Pennzoil Place
    711 Louisiana, Suite 2900
    Houston, Texas 77002-2781
    Telephone:    713.223.2900
    Facsimile:    713.221.1212

**POWERS & FROST, LLP**
James H. Powers
State Bar No. 16217400
Sharla J. Frost
State Bar No. 07491100
2400 One Houston Center
1221 McKinney
Houston, Texas  77010
Telephone:   713-767-1555
Telecopier:   713-767-1799
**ATTORNEYS FOR DEFENDANT/THIRD PARTY PLAINTIFF, J. RAY McDERMOTT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of June, 2004, a true and correct copy of the foregoing has been served by e-file and/or facsimile upon all known counsel of record:


/s/   Margaret T. Brenner
Margaret T. Brenner

# EXHIBIT H

```
 1                        REPORTER'S RECORD
                     VOLUME_____OF_____VOLUMES
 2                   TRIAL COURT CAUSE NO. A-168,572

 3    DOUG BENOIT, ET AL          )  DISTRICT COURT OF
                                  )
 4    VS.                         )  JEFFERSON COUNTY, TEXAS
                                  )
 5    J. RAY MCDERMOTT, INC.,     )
      ET AL                       )  58TH JUDICIAL DISTRICT
 6

 7

 8

 9                    *  *  *  *  *  *  *  *  *

10

11                           HEARING

12                    *  *  *  *  *  *  *  *  *

13

14

15

16        On the 8thth day of July, 2004, the following proceedings

17   came on to be heard in the above entitled and numbered cause

18   before the Honorable James W. Mehaffy, Judge presiding, held in

19   Beaumont, Jefferson County, Texas;

20

21        Proceedings reported by machine shorthand.

22

23

24

25                                          COPY
```

ANITA L. BECKER, CSR, RPR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

A P P E A R A N C E S

(SEE ATTACHED SIGN-IN SHEETS)

ANITA L. BECKER, CSR, RPR

58th District Court                    Date: 7-8-04

## ATTORNEY APPEARANCE SHEET
### (PLEASE PRINT!)

CAUSE NO.: A-168572

Benoit

_____    vs.   J. Ray McDermott
_____          Inc., et al

Name: Robert J. Rose Sr        Bar No.: _____

Firm: Timaeus & Rose LLP

Address: 1612 IH 10 South  Bmt 77707

Phone No.: 835 7300    Fax No.: 840 5607

Client: Subject to and without waiving TRCP 120a  Quality Shipyards LLC


Name: Paul J. Stewart         Bar No.: _____

Firm: Brown Sims, P.C.

Address: 1177 West Loop South, 10th Floor

Phone No.: 713-629-1580    Fax No.: 713-629-5027

Client: Patterson Rental Tools


Name: Ryan Adair             Bar No.: 24012188

Firm: Cantey & Hanger, L.L.P.

Address: 801 Cherry Street, Suite 21, Fort Worth TX 76102

Phone No.: 817-877-2809    Fax No.: 817-877-2807

Client: Henry Vogt Machine Co.

APPEARANCE SHEET (CONTINUED)
PLEASE PRINT!

Name: Danilo Lacayo                    Bar No.: 24041284

Firm: Sammons & Parker

Address: 11200 Westheimer Suite 200

Phone No.: 713-953-0860      Fax No.: 713-953-0917

Client: Aqua Chem d/b/a Cleaver Brooks


Name: Dawn R. Terino                   Bar No.: 24033382

Firm: Mehaffy-Weber

Address: P.O. Box 16, Beaumont, TX 77703

Phone No.: 409-835-5011      Fax No.: 409-835-5177

Client: Carborundum, Sepco


Name: Michele Taylor      Bar No.: 19714400

Firm: Sewell Book Matthews Limmer

Address: 1221 McKinney Suite 4300   Houston 77010

Phone No.: 713-222-9542   Fax No.: 713-655-7727

Client: 3M Company f/k/a Minnesota Mining & Mfging Co.


Name: Melanie D. Bean          Bar No.: 00790283

Firm: Bean, Bean & Brothers, LLP

Address: 820 Gessner, Suite 1500, H, Tx 77024

Phone No.: (713) 463-7500   Fax No.: (713) 463-7779

Client: Wooten

APPEARANCE SHEET (CONTINUED)
PLEASE PRINT!

Name: EARL L. HUMPHREYS   Bar No.: 24002320

Firm: SHEEHY, SERPE & WARE P.C.

Address: 2500 TWO HOUSTON CTR, 909 FANNIN, HOUSTON 77010

Phone No.: 713-951-1000   Fax No.: 713-951-1199

Client: SAMMONS BWO, INC. F/K/A BRIGGS-WEAVER, INC.

Name: Craig Wilcox   Bar No.: 21845471,—

Firm: Hays, McCon

Address: 700 Tw. Allen Cen

Phone No.: 713-654-1111   Fax No.: 713-650-0027

Client: McMahan Corr

Name: Mark Strachn/Bruce Crane   Bar No.: 19351500

Firm: Carlile Law Firm

Address: Box 460 S Alamo

Phone No.: 903-938-1655   Fax No.: _____

Client: Plaintiffs

Name: Marylon Mauro   Bar No.: 13238520

Firm: Galloway, Johnson, Tompkins, Burr & Smith

Address: 3555 Timmons Suite 1225

Phone No.: 713/599-0700   Fax No.: 713/355-7600

Client: Dolphin Services

APPEARANCE SHEET (CONTINUED)
PLEASE PRINT!

Name: _Catherine McGee_ Bar No.: _24004484_

Firm: _Crouch & Ramey_

Address: _Dallas_

Phone No.: _214-922-7100_ Fax No.: _____

Client: _Insulation, Inc_

Name: _Chris Suchorne_ Bar No.: _24011981_

Firm: _Harris Hell_

Address: _500 Fannin STE 650_

Phone No.: _409 432 5387_ Fax No.: _____

Client: _Calas + C+G welding_

Name: _Sharla Frost_ Bar No.: _07491100_

Firm: _Powers & Frost_

Address: _2400 One Houston_

Phone No. _(713) 767-1555_ Fax No.: _(713) 767-1799_

Client: _J. Ray McDermott_

Name: _____ Bar No.: _____

Firm: _____

Address: _____

Phone No.: _____ Fax No.: _____

Client: _____

1          THE COURT:  Ms. Frost, Mr. Strachan, and

2   Mr. Craig, I understand that you have an announcement to make

3   to the Court.

4          MR. STRACHAN:  Yes, your Honor.  The parties

5   have entered into an executory arrangement to resolve the

6   claims between J. Ray McDermott and the plaintiffs.  All the

7   terms of that have not yet been accomplished; but we anticipate

8   that once the conditions are accomplished that the case will

9   be, in fact, settled and resolved.

10          THE COURT:  Okay.

11          MR. STRACHAN:  Therefore, we would request

12   that -- or, in our opinion, there's nothing on the Court for

13   today.  Obviously there will be parties remaining once the

14   terms of the arrangement are accomplished, and we'll need to

15   ask the Court to -- to reconvene us all at an appropriate time.

16          THE COURT:  All right.  In view of the

17   announcement of settlement or pending settlement, I'm going to

18   cancel the mediation which was set next week and it will --

19   if -- if it is reset, it will be reset at some later time with

20   plenty of notice to you-all; but you can just consider it

21   canceled for the duration.

22          We're going to have to give y'all about 30 days

23   to accomplish your settlement; so, I'm going to cancel any

24   matters now pending and reset a Rule 166 hearing for later in

25   August.  I'm going to set it for August the 20th at 2:00 p.m.

```
 1            The announcement of settlement pretermits the
 2   motion to compel -- motions to compel.  The cancellation of the
 3   mediation pretermits the matter about being excused from
 4   mediation.
 5            Mr. Flatten, I understand your special
 6   appearance has been resolved.
 7            MR. FLATTEN:  It has only as to McDermott,
 8   your Honor.  There is another action against Antill by
 9   Sammons BW that I would like the Court to hear and grant.
10            THE COURT:  An action by?
11            UNIDENTIFIED SPEAKER:  Sammons BW.
12            THE COURT:  Is that -- you don't think that's
13   going to be resolved in the settlement?
14            UNIDENTIFIED SPEAKER:  Excuse me, your Honor.
15   I represent Sammons.  He's probably referring to the
16   cross-action.
17            Is that correct, Mr. Flatten?
18            MR. FLATTEN:  Yes, uh-huh.
19            UNIDENTIFIED SPEAKER:  I assume this settlement
20   might take care of that but...
21            THE COURT:  Mr. Flatten, if you insist on a
22   hearing today, I'll be glad to hear it.
23            MR. FLATTEN:  I would like to have a hearing
24   today, your Honor.
25            THE COURT:  Sure.  We'll do that in just a few
```

1   moments after we've resolved the rest of these matters.

2                   There is the matter of severance of the

3   third-party action; and I think, in view of the settlement,

4   what I'll do is vacate the order of severance so that the --

5   the case is -- the -- the third-party action is back on the --

6   is back in the main action.  That may be a clumsy way of

7   putting the third-party action back on the front burner, but

8   that's the -- the best way I know how to do it right now.

9                   There is the question of the Court's

10  announcement that it would sever out the later joined

11  plaintiffs; and in view of the circumstances, particularly in

12  view of the settlement with all of the plaintiffs by McDermott,

13  I'm going to vacate any order of severance -- I don't think

14  I've done that, though, yet.  But to the extent that I have or

15  if I have, that -- that order is vacated, and I will consider

16  all hundred and ten or so plaintiffs in the third-party action

17  by McDermott for the purpose of discovery.

18                  I will still sever those cases out for the

19  purpose of trial and send them back to other Courts per the

20  random selection process that we have here in Jefferson County.

21  So, I think that will pretty well cover what we have set for

22  today.

23                  Does anybody have any questions or any thoughts

24  that we have other matters to cover today?

25                  (No response)

ANITA L. BECKER, CSR, RPR

1                    THE COURT:  Not hearing anything, then, we are

2    adjourned.   Thank you.

3                        (Proceedings concluded)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

ANITA L. BECKER, CSR, RPR

REPORTER'S CERTIFICATE

THE STATE OF TEXAS   )
COUNTY OF JEFFERSON )

   I, ANITA L. BECKER, Official Court Reporter in and for the 58th District Court of Jefferson County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

   I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

   I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid by _____.

   WITNESS MY OFFICIAL HAND this the _____ day of _____, 2004.

ORIGINAL WAS SIGNED
BY ANITA L. BECKER
_____
Anita L. Becker, Texas CSR 1862
Expiration Date:  12/31/2005
Official Court Reporter
58th District Court
Jefferson County, Texas
Beaumont, Texas 77701

ANITA L. BECKER, CSR, RPR

# EXHIBIT I

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DOUG BENOIT, et al., | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:04CV597 |
| | § | |
| | § | |
| J. RAY MCDERMOTT, INC., et al. | § | |

THIRD-PARTY PLAINTIFF'S MOTION TO REMAND,
OR IN THE ALTERNATIVE, MOTION FOR SEVERANCE AND REMAND OF
THIRD-PARTY CLAIMS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Third-Party Plaintiff, J. Ray McDermott, Inc. ("McDermott") files this Motion to Remand, or in the alternative, Motion for Severance and Remand of Third-Party Claims, and in support thereof shows the following:

**I.**

**INTRODUCTION**

1.     This case was originally filed by Plaintiffs on November 14, 2002, in the 58th Judicial District Court of Jefferson County, Texas.  Plaintiffs alleged personal injury claims based on exposure to welding rod fumes and asbestos.

2.     In July 2004, McDermott settled all claims made against it by the 110 Plaintiffs.

3.     Now, McDermott's sole involvement in this matter relates only to its third-party, state-law contractual claims against its insurers for insurance coverage and against certain vendors of welding rods for contractual indemnity.  McDermott is not involved in any manner in Plaintiffs' claims of personal injury allegedly due to exposure to welding rod fumes or asbestos.

## II.

## SUMMARY OF THE ARGUMENT

4.      In November 2002, Plaintiffs sued a number of welding rod manufacturers and asbestos manufacturers, including but not limited to the Removing Defendants, alleging personal injuries from and exposure to welding rod fumes and asbestos. *See* Plaintiffs' Original Petition. Plaintiffs also sued McDermott for negligence under the Jones Act based on an alleged failure to provide a safe workplace. *Id.*

5.      After being sued by Plaintiffs, McDermott filed third-party contribution and indemnity actions against several employers for whom Plaintiffs had worked and against a number of welding rod manufacturers and suppliers (the Welding Rod Defendants) and asbestos manufacturers and suppliers. *See* Paragraphs 46-47, *infra*. McDermott also filed a third-party petition for declaratory judgment against several of its insurers. *See* Paragraph 48, *infra*.

6.      Almost two years after Plaintiffs filed this lawsuit, this case was removed to this Court by eleven of the many Defendants in this case, namely: The Lincoln Electric Company; Hobart Brothers Company; Sandvik, Inc. (for itself and its division, Sandvik Coromant); Praxair, Inc.; The ESAB Group, Inc. (for itself and as successor to Alloy Rods Corporation); AvestaPolarit Welding, Inc.; TDY Industries, Inc.; The BOC Group, Inc. (erroneously sued as Airco); Airgas Gulf-States, Inc.; Bohler-Thyssen Welding USA, Inc.; and A.O. Smith Corporation (collectively, "Removing Defendants").

7.      Removing Defendants assert grounds for removal pursuant to 28 U.S.C. § 1441 and 28 U.S.C. 1442(a)(1). First, Removing Defendants assert that the case is removable under Section 1441(a) because one Plaintiff allegedly may have been exposed to welding fumes while working on a Naval air base, thus creating "federal enclave" jurisdiction. *See* Notice of Removal

¶ 8. Second, Removing Defendants claim that removal is proper under Section 1442(a)(1), the Federal Officer Removal Statute, because certain Plaintiffs allegedly may have been exposed to welding fumes at a shipyard during a period when some of the work at the shipyard may have included repair of Navy ships. *See* Notice of Removal ¶ 9.

8.    Removing Defendants' Notice of Removal is defective for three reasons.  First, under well-settled Fifth Circuit law, their notice of removal was untimely.  Second, they have not met the requirements for removal under 28 U.S.C. 1441(a) because they did not obtain the consent of other Defendants (including defendant McDermott) and because nothing in the Plaintiffs' pleadings indicates that there is a federal question that provides a basis for removal. Finally, 28 U.S.C. § 1442(a)(1), the Federal Officer Removal Statute, is inapplicable because, among other things, Removing Defendants cannot show a causal nexus between the acts of which Plaintiffs complain and any action Removing Defendants took under federal direction. This case thus should be remanded.

9.    Alternatively, McDermott's third-party claims and cross-claims should be severed and remanded pursuant to 28 U.S.C. 1367(c)(2) and (4) because they predominate over the claims over which this Court allegedly has jurisdiction, *i.e.*, Plaintiffs' personal injury claims, and because there are compelling reasons for this Court to decline jurisdiction over McDermott's third-party claims.

### III.

### FACTUAL AND PROCEDURAL BACKGROUND

10.    On November 14, 2002, Plaintiffs sued a number of welding rod manufacturers and asbestos manufacturers, including but not limited to, all Removing Defendants except The BOC Group and Airgas Gulf-States, Inc., under general negligence and products liability causes of action. *See* Plaintiffs' Original Petition.  Plaintiffs also sued McDermott for negligence under

the Jones Act based on an alleged failure to provide a safe workplace.   Plaintiffs claimed they

suffered personal injuries from alleged exposure to welding rod fumes and asbestos while

working aboard vessels owned or operated by McDermott. *Id.*

11.     On May 28, 2003, Plaintiffs filed their First Amended Petition, which added The

BOC Group, Inc. and Airgas Gulf States, Inc. as defendants.[1]

12.     In connection with this lawsuit, on four dates—October 31, 2003, November 20,

2003, January 5, 2004 and February 27, 2004—Plaintiffs provided Defendants with discovery

responses in which Removing Defendants found their alleged basis for removal: that at least one

Plaintiff had been employed at the Naval Air Station in Pensacola, Florida; and that 24 Plaintiffs

had been "employed by Avondale Industries, Inc., a shipyard in Louisiana with substantial Navy

shipbuilding and repair businesses." *See* Notice of Removal ¶¶ 3, 8-9.

13.     Despite the fact that these discovery responses provided the information upon

which Removing Defendants now—almost six months later—rely as the basis for removal of

this case, none of the Defendants—including Removing Defendants—filed a notice of removal

within 30 days of the receipt of any of this information.  All of the Removing Defendants were

parties to this action during the entire thirty-day period after each set of discovery responses was

filed.

14.     On June 8, 2004, Plaintiffs' Motion for Entry of Order of Dismissal was granted,

dismissing Plaintiffs' claims against Removing Defendants and others; however, Removing

---

[1]     All Removing Defendants filed answers in state court:   The Lincoln Electric
Company; Hobart Brothers Company; Sandvik, Inc. (including its division, Sandvik Coromant);
Praxair, Inc.; The ESAB Group, Inc. (for itself and as successor to Alloy Rods Corporation);
AvestaPolarit Welding, Inc.; TDY Industries, Inc.; Bohler-Thyssen Welding; USA, Inc.; and
A.O. Smith Corporation filed a consolidated answer on or about January 6, 2003;  Airgas Gulf
States, Inc. filed its answer on August 29, 2003, and The BOC Group, Inc. (erroneously sued as
Airco) filed its answer on September 19, 2003.

Defendants and others remained in the case pursuant to third-party actions previously filed against them by McDermott. *See* Paragraph 47, *infra*. McDermott became the lone defendant sued by Plaintiffs for injuries allegedly caused by exposure to asbestos and welding rod fumes.

15.     On July 7, 2004, Plaintiffs settled all of their claims against McDermott.

16.     On August 19, 2004, Plaintiffs filed their Fifth Amended Petition, reasserting their claims against the welding rod and asbestos manufacturers and suppliers (including Removing Defendants) who had been non-suited in June 2004.

17.     On September 17, 2004, Removing Defendants filed their Notice of Removal, removing this case from the 58th Judicial District Court of Jefferson County, Texas, to this Court.

18.     Prior to removal, this case was set for trial on the April 2005 docket in the 58th Judicial District Court of Jefferson County, Texas.

## IV.

## <u>MOTION FOR REMAND</u>

### A.     <u>Standard for Removal.</u>

19.     Removing defendants bear the burden of establishing subject matter jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988). Removal is a purely statutory right and removal statutes should be construed in favor of state court jurisdiction. The removal statutes are to be construed strictly against removal and for remand. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). All doubts regarding whether removal jurisdiction is proper should be resolved *against* federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy*, 855 F.2d at 1164); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp.2d 653, 658 (E.D. Tex.

1999) (if there are significant doubts about the propriety of removal, those doubts should be resolved against removal).

**B.    <u>Remand is required in this case because the removal was untimely</u>.**

20.    The applicable statute requires removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b).  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.* (emphasis added).   In other words, when the basis for removal is found subsequent to the initial pleading, the timeframe for removal is determined from when the basis for removal was discovered.  Discovery responses are considered "other papers" for purposes of removal under 28 U.S.C. §1446(b).  *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *John Hunter, Inc. v. Great Impressions Apparel, Inc.*, 313 F. Supp.2d 644, 646 (N.D. Tex. 2002).

21.    The statutory time to remove a case is mandatory and cannot be extended by order of the court or consent of the parties.  *Cook v. The Travelers Cos.*, 904 F. Supp. 841, 842 (N.D. Ill. 1995).  The thirty-day deadline required by 28 U.S.C. §1446(b) applies to cases in which the basis of removal is predicated upon the Federal Officer Removal Statute.  *See Madden v. Able Supply Co.*, 205 F. Supp.2d 695, 698 n.2 (S.D. Tex. 2002) (removal based upon the Federal Removal Statute was timely filed, since it was done within 30 days of information contained in discovery responses).

22.    Removing Defendants erroneously contend that this removal was timely filed because it was filed within thirty days of service of the Fifth Amended Petition, which "add[ed]

the removing defendants" back into the case. *See* Notice of Removal ¶ 6. Removing Defendants have misinterpreted the removal statute.

23.     Removing Defendants concede in their Notice of Removal that the discovery responses containing the information upon which their removal is based was provided to Defendants by the Plaintiffs as early as October 31, 2003 and as late as February 27, 2004. *See* Notice of Removal ¶¶ 3, 8-9. Thus, the deadline for removing the case was November 30, 2003 (30 days after the discovery provided on October 31, 2003). At the very latest, the deadline would have been March 27, 2004 (30 days after the February 27, 2004 discovery was provided to Defendants). Both dates are well prior to June 8, 2004, when Removing Defendants were dismissed.

24.     Despite the fact that the alleged grounds for removal were revealed in Plaintiffs' discovery responses by, at the very latest, February 27, 2004, none of the Defendants in this case, including Removing Defendants, filed a timely notice of removal. Indeed, a notice of removal was not filed until almost six months after that date.

25.     Removing Defendants' claim that the notice of removal is timely because it was filed within 30 days of the Filing of Plaintiffs' Fifth Amended Petition, which brought Removing Defendants back into this case, has no merit. The fact that Removing Defendants were non-suited on June 8, 2004, and were later brought back into the lawsuit via the Fifth Amended Complaint is not relevant. It is well settled in the Fifth Circuit that the failure of the first served defendant to file a notice of removal within thirty days of service (or within 30 days of becoming aware of a basis for removal) prevents all later-served defendants from removing the action. *Brown v. Demco, Inc.*, 792 F.2d 478, 481-82 (5th Cir. 1986); *see also Getty Oil Corp. v. Insurance Co. of N.A.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

26.     In sum, the deadline for Defendants in this case to file a notice of removal was, at the very latest, thirty days from February 27, 2004 (March 27, 2004).  Removing Defendants, who were parties to the case on March 27, waited approximately seven months after they received information allegedly supporting removal to file their notice of removal.  This is clearly outside the statutory timeframe and therefore the removal was improper.

27.     Removing Defendants do not get a second bite at the apple because they were nonsuited and brought back into the case.  They stand in the same posture as any defendant brought into a lawsuit after the deadline for the first-filed defendant to remove has passed.  *See Brown*, 792 F.2d at 481-82.  The failure of any defendant, including Removing Defendants, to remove this matter in March 2004 (or sooner) prevents any of them, including Removing Defendants, from now removing this case.

28.     Because Removing Defendants' Notice of Removal was untimely and because McDermott filed this Motion to Remand within thirty days of the filing of the Notice of Appeal, this case must be remanded to state court.  *See T.H. Inc. v. 6218 Investors,* 41 F.3d 235, 236 (5th Cir. 1995).

29.     In addition to the fact that the removal was untimely, it is improper for the substantive reasons set forth below: that there is no federal enclave jurisdiction or jurisdiction under the Federal Officer Removal Statute.

**C.      This Court has no Federal Enclave Jurisdiction.**

30.     Removing Defendants claim that "this case is removable under 28 U.S.C. § 1441 because at least one plaintiff has indicated in his discovery responses that he was exposed to welding fumes while working on a Naval air base."  *See* Notice of Removal ¶ 8.  Because Removing Defendants have not complied with the requirements of removal applicable to Section 1441(a), they have no basis for removal on this ground.

31.     First, Removing Defendants did not obtain the consent of other Defendants. "[T]here is a long-standing rule requiring that all defendants must consent to removal under 28 U.S.C. § 1441." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992); *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp.2d 653, 667 (E.D. Tex. 1999) (when removal is sought pursuant to Section 1441(a), "28 U.S.C. § 1446(a), the provision entitled 'procedure for removal,' requires the unanimous consent of all defendants for proper removal.") If all defendants properly joined and served at the time of the removal do not join the removal petition, the removal is defective. *Faulk*, 48 F. Supp.2d at 667. No exception to this rule exists for removals brought on the basis of alleged federal enclave jurisdiction. *See id.* (distinguishing federal enclave jurisdiction from federal officer jurisdiction and holding that the removal procedure under federal enclave jurisdiction is subject to the requirements of 28 U.S.C. § 1446). Because Removing Defendants did not obtain the unanimous consent of all defendants, their removal on the basis of federal enclave jurisdiction is defective.

32.     Second, removal on the ground of federal enclave jurisdiction is improper under the "well-pleaded complaint" rule. To remove a case under 28 U.S.C. § 1441(a) on the basis that it falls within federal-question jurisdiction, the federal question must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense does not qualify a case for removal. *Jefferson Cty. v. Acker*, 527 U.S. 423, 430-31 (1999); *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992); *Faulk*, 48 F. Supp.2d at 657 (whether or not removal was proper is determined on the basis of the claims in the state court complaint as it exists at the time of removal). Nothing in the Plaintiffs' Fifth Amended Petition, the live pleading on file at the time of removal, suggests that there is a basis for federal enclave jurisdiction. Because the

plaintiff's pleadings do not reflect that any of their claims arise under federal law, the notice of removal is defective.

**D.     This Court has no jurisdiction under the Federal Officer Removal Statute.**

33.     Removing Defendants also claim that this action is removable pursuant to the Federal Officer Removal Statute, 28 U.S.C. §1442(a)(1), because 29 of the 110 Plaintiffs alleged exposure to welding fumes at the Avondale shipyard during a period when the shipyard was engaged in repairing Naval ships. *See* Notice of Removal ¶¶ 3, 9.  Removing Defendants claim that these Plaintiffs were exposed to welding rods designed, manufactured and packaged pursuant to U.S. government military specifications. *Id.*     Removing Defendants cannot, however, establish jurisdiction under Section 1442(a)(1).

34.     In order to establish federal officer jurisdiction, Removing Defendants must show (1) that one or more defendants acted at the direction of a federal officer; (2) there is a causal connection between the defendant's actions under color of federal law and the plaintiff's claims; and (3) there is a colorable federal defense to one or more of the plaintiffs' claims. *Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp.2d 653, 659 (E.D. Tex. 1999).  Removing Defendants must meet all three prongs in order to avail themselves of the statute. *Madden v. Able Supply Co.*, 205 F. Supp.2d 695, 699 (S.D. Tex. 2002) (citing *Mesa v. California*, 489 U.S. 121 (1989)).  Because they have not met all three prongs, the removal is defective.

35.     The burden of establishing that one was acting under federal authority "is substantive and is not satisfied by incantations of government contractor status alone." *Freiberg v. Swinerton & Walberg Prop. Servs., Inc.*, 245 F. Supp.2d 1144, 1152 (D. Colo. 2002).  In determining whether there is a causal nexus between the defendant's actions under color of federal office and the plaintiff's claims, the right to removal arises only when a "federal interest in the matter" exists. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir.

1998). Critical to establishing federal officer jurisdiction is the extent to which defendants acted under federal direction at the time they were engaged in the conduct for which they are being sued. *Freiberg*, 245 F. Supp.2d at 1155. A removing defendant must "'by direct averment exclude the possibility" that the conduct for which it is being sued "was based on acts or conduct of his [that are] not justified by his federal duty.'" *Id.* (quoting *Mesa v California*, 489 U.S. 121, 132 (1989)). In a products liability case such as this one, the defendant must establish that the federal control and direction of its activities required it to act as it did and directly interfered with its ability to meet its state law duties to the plaintiff. *Id.*

36.     Removing Defendants' federal officer claim is premised solely on discovery responses suggesting that several plaintiffs worked at a shipyard where, among other things, naval vessels were allegedly at some point repaired. That is the only tenuous connection between the injuries for which they are being sued and any actions they allegedly took under federal authority. Asserting that the government specified the design and manufacture of welding products used at the shipyard for repairing Navy ships, Removing Defendants make the conclusory statement that it is "inevitable" that *some* portion of *some* plaintiffs' claims will involve exposure to welding rod fumes that occurred while they were working on or near Navy ships. *See* Notice of Removal ¶ 14. This vague conclusion comes nowhere near satisfying Removing Defendants' burden.

37.     Removing Defendants have not excluded the possibility that the acts for which they have been sued were caused by conduct that was not subject to federal direction and control. *See Freiberg*, 245 F. Supp.2d at 1155. In other words, they have not excluded the possibility that the alleged injuries of the Plaintiffs who worked at the shipyard were attributable to conduct that was unrelated to and remote from repair of Navy ships, and thus not subject to federal direction

and control.  By failing to exclude this possibility, Removing Defendants thus have also not shown that the federal control and direction of conduct that related to the repair of Navy ships interfered with the state-law duties that Removing Defendants owed to employees whose work at the shipyard was unrelated to and remote from the federally-controlled conduct.  *See id.*

38.     Removing Defendants' reliance on *In Re Welding Rod Products Litigation* is misplaced.  In that case, the defendants asserted that at least one plaintiff in each of the seven cases removed to federal court specifically alleged exposure to the welding consumables that actually were developed and produced pursuant to government specifications for use on construction of Navy vessels.  No. 1:03-CV-17000. MDL 1535, 2004 WL 1179454, at *8 (N.D. Ohio 2004).  Here, there are no such specific allegations that establish a causal nexus.  Removing Defendants' argument that a plaintiff *might* have been exposed to fumes from a product made under government specifications and used on a government ship is nothing but speculation and insufficient to establish federal officer jurisdiction.

39.     Furthermore, Removing Defendants' rely upon the government contractor defense and immunity under the Defense Production Act ("DPA") as their colorable defenses.  For the reasons stated below, Removing Defendants cannot avail themselves of these defenses. Therefore, they cannot meet the criteria of the Federal Officer Removal Statute.

40.     In order to avail themselves of the government contractor defense, Removing Defendants must prove that they were acting in their role as federal military contractors when they provided the allegedly defective welding rods to the plaintiffs, and they were acting under federal direction during manufacture.  *In Re Welding Rod Products Liability Litigation*, 2004 WL 1179454. at *8.  Specifically, the contractor must establish three conditions to escape liability for design defects (1) the U.S. approved reasonably precise specifications; (2) the

equipment conformed to those specifications; and (3) the supplier warned the U.S. about the dangers in the use of the equipment that were known to the supplier but not the U.S. *Id.* (citing *Boyle v. United Technologies Corp.*, 487 U.S. 500, 101 L.Ed. 2d 442, 108 S.Ct. 2510 (1988)). As stated above, besides making conclusory, unsupported statements that "the government specifies all major aspects in the welding rods' design, manufacture, packaging, and delivery (including the manganese content and warning labels, which are at the heart of plaintiffs' claims)," Removing Defendants neither pled nor provided any evidence indicating: that the U.S. approved reasonably precise specifications or what those specifications were; that Removing Defendants' welding rods conformed to those specifications; and that Removing Defendants warned the U.S. about the dangers in the use of the welding rods, which were known to the Removing Defendants, but not the U.S. Therefore, Removing Defendants have not satisfied the requirements to avail themselves of the government contractor defense.

41.     Further, the Removing Defendants cannot seek immunity under the Defense Production Act ("DPA"). Section 707 of the DPA shields a contractor from liability in a breach of contract case where the contractor's obligation to the government prevents it from meeting a supply order to a third party, the "impossibility-of-performance" defense. *Hercules Inc. v. United States*, 24 F.3d 188, 203 (Fed. Cir. 1994), *aff'd*, 526 U.S. 417 (1996). Plaintiffs in this matter seek damages for overexposure to welding fumes while using welding products or being in the proximity of other persons using welding products. Plaintiffs' Fifth Amended Petition ¶ 8. This is not a breach of contract case, but a tort case to which the DPA does not apply. Therefore, Removing Defendants are not entitled to immunity under the DPA. As a result, Removing Defendants do not have a colorable defense under the DPA or the government contractor defense and cannot satisfy the last requirement in order to assert the Federal Officer Removal Statute.

42.     Because Removing Defendants have failed to timely file their notice of removal, have not obtained the consent of other Defendants with respect to their removal pursuant to 28 U.S.C. § 1441(a), and have not met their burden of establishing jurisdiction pursuant to the Federal Officer Removal Statute, their Notice of Removal is defective, and the case must be remanded.

43.     In addition, pursuant to 28 U.S.C. §1447(c), McDermott seeks payment of costs, actual expenses and attorney fees in excess of $14,000.00 incurred as a result of the invalid removal.

## V.

## MOTION FOR SEVERANCE AND REMAND OF THIRD-PARTY CLAIMS

44.     In the alternative, pursuant to 28 U.S.C. 1367 and Rules 20(b) and 21 of the Federal Rules of Civil Procedure, McDermott asks this Court to sever and remand its Third Party Petition for Declaratory Judgment (the insurance action) and its Second Amended Third Party Petition and Supplemental Third Amended Third Party Petition Against Welding Rod Defendants (the indemnity actions) (collectively, the third-party actions).

45.     As previously noted, this case originally involved both the claims of 110 Plaintiffs against McDermott (for negligence under the Jones Act based on an alleged failure to provide a safe workplace) and against a number of welding rod manufacturers (the Welding Rod Defendants) and asbestos manufacturers (under general negligence and product liability causes of action).

46.     On January 12, 2004, McDermott filed a Second Amended Third Party Petition (one of the indemnity actions) naming several employers for whom Plaintiffs had worked as Third-Party Defendants, seeking contribution and indemnity for any amounts McDermott might be required to pay the Plaintiffs.

47.     On June 1, 2004, McDermott filed a Supplemental Third Amended Third Party Petition against Welding Rod Defendants (the second indemnity action), in which McDermott asserted that the Welding Rod Defendants, including Removing Defendants, were liable to indemnify McDermott for all or part of Plaintiffs' claims because they manufactured or supplied welding rods during the times when Plaintiffs were allegedly exposed to welding fumes. McDermott also asserted that some Third-Party Defendants might have contracts with McDermott requiring indemnification and defense of Plaintiffs' lawsuit against McDermott.

48.     On June 16, 2004, McDermott filed a Third Party Petition for Declaratory Judgment against Travelers Insurance Company, Insurance Company of North America and Certain Underwriters at Lloyd's, London, and Insurance Companies subscribing to various policy numbers.   In this third-party action, McDermott seeks a declaration of the rights and responsibilities of McDermott and its insurers under various policies of insurance issued by the Third-Party Defendants sued in the insurance action.

49.     In July 2004, Plaintiffs and McDermott settled the Jones Act claims against McDermott.  Plaintiffs' claims in this litigation are now limited to their negligence and product liability claims against the welding rod manufacturers (including Removing Defendants) and asbestos manufacturers.

50.     McDermott, on the other hand, has claims for indemnity and declaratory judgment against Plaintiffs' former employers, against the Welding Rod Defendants, and against McDermott's insurers.  These state-law third-party claims have been removed to this Court along with Plaintiffs' personal injury claims, which, according to Removing Defendants, involve a federal question.

51.    Removing Defendants have also filed a Notice of Transfer to the Judicial Panel on Multidistrict Litigation, asking to have the removed case transferred in its entirety to the Northern District of Ohio for coordinated pretrial proceedings in MDL 1535, where there are currently 4,000 welding rod claims pending.

52.    McDermott seeks a severance and remand of its third-party action pursuant to 28 U.S.C. 1367(c).  Section 1367 provides in relevant part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

> . . . .

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

> (1) the claim raises a novel or complex issue of State law,

> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

> (3) the district court has dismissed all claims over which it has original jurisdiction, or

> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Specifically, McDermott seeks a severance and remand of its third-party actions on the basis of Section 1367(c)(2) and 1367(c)(4).

53.    Generally, in determining whether to decline jurisdiction over supplemental state-law claims, courts should "bear in mind the considerations of judicial economy, convenience, and fairness to the litigants." *Crocker v. Borden, Inc.*, 852 F. Supp. 1322, 1329 (E.D. La. 1994).

Courts decline to exercise supplemental jurisdiction in cases in which the state claims require different or foreign elements of proof. *Alderman v. McDermott*, No. 6:03CV41ORL22KRS, 2004 WL 1109541, at *16 (M.D. Fla. April 27, 2004). Courts also hesitate to exercise supplemental jurisdiction over state claims that would only serve to introduce jury confusion and delay. *Id.* In this case, all of these considerations compel a remand of McDermott's third-party claims.

54. McDermott's state law claims should be severed and remanded pursuant to Section 1367(c)(2) because they predominate over the claims over which this Court allegedly has original jurisdiction, *i.e.*, Plaintiffs' personal injury claims. Specifically, McDermott has pending state law claims against a number of Plaintiffs' former employers and the Welding Rod Defendants for contribution and indemnity and a pending state law declaratory judgment action against its insurers. These diverse supplemental claims derive exclusively from state law and predominate over the discrete products liability claims that, according to Removing Defendants, fall under "federal officer" jurisdiction. McDermott's state-law claims thus should be remanded. *See Madden v. Able Supply Co.*, 205 F. Supp.2d 695, 702 (S.D. Tex. 2002); *James v. Sun Glass Hut of Calif., Inc.*, 799 F. Supp. 1083, 1084-85 (D. Colo. 1992).

55. This Court should also decline to exercise jurisdiction over McDermott's third-party state-law claims pursuant to Section 1367(c)(4) because there are exceptional circumstances and compelling reasons mandating such action. Plaintiffs' Jones Act claims against McDermott have been settled. McDermott's only claims in the litigation are against the Third-Party Defendants in the insurance action and indemnity actions. These contribution and contract claims are separate, distinct and separable from Plaintiffs' exposure claims.

56.     First, McDermott's third-party contribution and contract claims will involve elements of proof far different than Plaintiffs' products liability claims.  Also, a trial of these disparate claims could lead to jury confusion.  These factors militate in favor of severance and remand.  *Alderman*, 2004 WL 1109541, at *16.  Severing the unrelated contractual causes of action in McDermott's third-party actions from Plaintiffs' personal injury claims will prevent the issues regarding exposure to welding fumes from influencing and possibly prejudicing the outcome of the trial of McDermott's indemnity and insurance claims.  Severance will also eliminate or reduce the presentation of lengthy (and disparate) evidence.

57.     Second, it is in the interest of judicial economy to sever and remand McDermott's third-party claims.  Trial of this case is already set for an April 2005 trial in the 58th District Court of Jefferson County.  If they are not severed and remanded, McDermott's third-party claims are likely to be transferred to the MDL court in the Northern District of Ohio, where there are currently *4,000* welding rod claims pending.  If they are transferred, McDermott's third-party claims "most assuredly will not be tried for several years."  *Crocker*, 852 F. Supp. at 1330. Transfer of McDermott's third-party claims will be unduly prejudicial to McDermott because resolution of McDermott's claims would be unnecessarily delayed for years.  McDermott would also be subjected to the unnecessary expense of having those claims processed in a remote forum through the multi-district litigation along with the underlying exposure case.  *Id.*

58.     A recent asbestosis case from the District Court for the Southern District of Texas (Galveston) is analogous.  *Madden v. Able Supply Co.* involved a plaintiff's challenge to removal by defendant Westinghouse based on federal officer statute, and the plaintiff's alternative motion to sever and remand her claims against other defendants if the court upheld the removal.  The

court granted the relief sought, finding, among other things, that there were compelling reasons to sever and remand the claims against the other defendants:

> The Remaining Claims [against other defendants] have been pending in state court (Plaintiff's chosen forum) for nearly two years. Effecting a forum change at this crossroads, when all of the Parties have spent considerable time and money preparing for a state court trial (as opposed to a trial in a federal forum), would cause unnecessary hardship to all involved. Next, *Plaintiff's state court trial setting is less than eight weeks away. At this late date, practically on the eve of trial, the Court finds delaying the resolution of the Remaining Claims senseless and unjustified. Finally, if the Remaining Claims are not remanded, they will surely be transferred to the MDL Court in the Eastern District of Pennsylvania. There are thousands of asbestos cases pending in that forum and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years. Keeping these claims in federal court will not increase efficiency and expediency. Rather, the opposite is true.* Accordingly, the Court declines to exercise its supplemental jurisdiction over the Remaining Claims. As such, those claims are hereby SEVERED from Plaintiff's claims against Westinghouse and REMANDED . . . .

205 F. Supp.2d at 702.

59.     Here, we have similar facts and more—a trial date in the near future, the likelihood that McDermott's third-party claims would be tied up in MDL for years, and third-party claims that are unrelated to Plaintiffs' claims against the Welding Rod Defendants.  In the interest of efficiency and expediency, convenience, and fairness to McDermott, this Court should decline to exercise jurisdiction over McDermott's third-party claims pursuant to 28 U.S.C. 1367(c)(2) and (4), sever those claims, and remand them to state court.

60.     In addition, pursuant to 28 U.S.C. §1447(c), McDermott seeks payment of costs, actual expenses and attorney fees in excess of $14,000.00 incurred as a result of the invalid removal.

## VI.

### REQUEST FOR HEARING

61.    Third Party Plaintiff, J. Ray McDermott, Inc. respectfully requests an oral hearing on this matter.

## VII.

### PRAYER FOR RELIEF

62.    Third-Party Plaintiff J. Ray McDermott, Inc. respectfully asks this Court to order that this case be remanded to the 58th Judicial District Court of Jefferson County, Texas.

63.    In the first alternative, McDermott asks that its third-party actions (its Third Party Petition for Declaratory Judgment, its Second Amended Third Party Petition, and its Supplemental Third Amended Third Party Petition Against Welding Rod Defendants) be severed and remanded to the 58th Judicial District Court of Jefferson County, Texas.

64.    In the second alternative, McDermott asks that its Third Party Petition for Declaratory Judgment (against Travelers Insurance Company, Insurance Company of North America and Certain Underwriters at Lloyd's, London, and Insurance Companies subscribing to various policy numbers) be severed and remanded to the 58th Judicial District Court of Jefferson County, Texas.

65.    Pursuant to 28 U.S.C. §1447(c), McDermott asks that it be awarded costs, actual expenses and attorney fees in excess of $14,000.00 incurred as a result of the invalid removal.

66.    McDermott further requests all other relief to which it may be justly entitled.

Respectfully submitted by,

**BRACEWELL & PATTERSON, L.L.P.**


By:  /s/ Margaret T. Brenner
     Margaret T. Brenner
     Texas Bar No. 02958050
     Federal Bar No. 9044
     Mark A. Font
     Texas Bar No. 07216000
     Federal Bar No. 15667


South Tower Pennzoil Place
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:    713-223-2900
Facsimile:    713-221-1212


**POWERS & FROST**
James H. Powers
State Bar No. 16217400
Sharla J. Frost
State Bar No. 07491100
2400 One Houston Center
1221 McKinney
Houston, Texas  77010
Telephone:    713-767-1555
Telecopier:   713-767-1799

**ATTORNEYS FOR THIRD PARTY
PLAINTIFF, J. RAY MCDERMOTT, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 4th day of October 2004, I attempted to confer with opposing counsel in a good faith effort to resolve the matter presented in this motion without court intervention but was unable to do so.

/s/ Margaret T. Brenner
Margaret T. Brenner

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of October 2004, a true and correct copy of the Third-Party Plaintiff's Motion to Remand, or in the Alternative, Motion for Severance and Remand of Third-Party Claims has been served by e-file and/or certified mail, return receipt requested and/or regular mail and/or facsimile upon all known counsel of record.

/s/ Margaret T. Brenner
Margaret T. Brenner

# THIRD-PARTY PLAINTIFF J. RAY MCDERMOTT, INC.'S
## SCHEDULE OF ACTIONS

1) **District:**        United States District Court for the Eastern District of Texas

   **Division:**       Beaumont

   **Case Number:**  1:04CV597

   **Judge:**         Chief Judge Thad Heartfield

*Plaintiffs*

1.   Doug Benoit
2.   David Paul Adams
3.   Albert Aucoin
4.   Dale P. Authement
5.   Edmond J. Babin
6.   Eugene Bonvillian
7.   Andrew Bourgeois
8.   Earl J. Breaux, Jr.
9.   Roy J. Breaux, Jr.
10.  Willie Breaux
11.  Thaddeus Chaisson
12.  Bobby Chauvin
13.  Gerald Chauvin
14.  Louis Cressione, Jr.
15.  Paul Crochet, Sr.
16.  Jimmie D. Daigle

17.  Verlon Daigle
18.  Eldridge Durocher
19.  William Edwards
20.  Bobby F. Ellender
21.  Keith Estopinal
22.  Howard Fanguy
23.  The Estate and heirs of Berwick Fonseca, Sr., deceased as represented by Bobbie Lee Fonseca
24.  Arthur L. Ford, Jr.
25.  Raymond J. Foret, Sr.
26.  Roy Freeman
27.  Dale Gautreaux
28.  Oscar Gautreaux
29.  Ronald Gautreaux
30.  Ricky Giroir
31.  Jules Hebert
32.  Tobay Hebert

## SCHEDULE OF ACTIONS

*Plaintiffs*

| | | | | |
|---|---|---|---|---|
| 33. | Gary L. Hilton, Sr. | | 55. | Billy Miller |
| 34. | Rene Himel, Sr. | | 56. | Gilbert L. Oliver, Jr. |
| 35. | Ralph Johnson | | 57. | Steve Olivier |
| 36. | John Knight | | 58. | Davis Peltier |
| 37. | Mac Knupp | | 59. | Paul H. Peltier |
| 38. | Chester Joseph Lacombe, Jr. | | 60. | Patrick Plaisance |
| 39. | Leroy Le Boeuf, Sr. | | 61. | Gerald Polaski |
| 40. | Johnny Ledford | | 62. | Adley Rink |
| 41. | Gary B. Lee, Sr. | | 63. | Charles J. Rink |
| 42. | John Lombardi | | 64. | Keith Robichaux |
| 43. | Linduel Lopez | | 65. | Thomas Savoy |
| 44. | Murphy Loupe | | 66. | Jeffrey Soudelier |
| 45. | Eugene Lovell | | 67. | Freddie Theriot |
| 46. | James Lovell | | 68. | Robert E. Thibodaux, III |
| 47. | Arcen Marcel | | 69. | Jerry F. Trosclair |
| 48. | David G. Marcel | | 70. | Russel A. Verret |
| 49. | Gerard Marcel | | 71. | Kevin C. Villemarette |
| 50. | Billy Troy Martin | | 72. | Willie Ward |
| 51. | Perry Martin | | 73. | Paul J. Webre |
| 52. | Rickey Mayon | | 74. | Robert Webre |
| 53. | Sterling Mayon | | 75. | Willie L. Hilton, Jr. |
| 54. | The Estate and heirs of Donald Melancon, deceased, as represented by Judy Melancon | | 76. | Gilbert Matherne, Jr. |
| | | | 77. | Glenn Mitchell |

## SCHEDULE OF ACTIONS

*Plaintiffs*

| | |
|---|---|
| 78. | Errol J. Roddy |
| 79. | The Estate and heirs of Edward John Rhodes, Jr., deceased as represented by Judy Rhodes Adams |
| 80. | Isaac Bergeron |
| 81. | Robert James Bergeron |
| 82. | Louis Boudreaux |
| 83. | Emile J. Bourgeois, Sr. |
| 84. | Ralph J. Brunet |
| 85. | Elmer Joseph Brunet, Jr. |
| 86. | Lawrence Castle |
| 87. | Jack Frank Cosby |
| 88. | Bruce Desselle |
| 89. | Joseph Dufrene |
| 90. | Maurice J. Dufrene, Sr. |
| 91. | Michael Dupre |
| 92. | Arthur Ellender, Jr. |
| 93. | Clyde Maurice Ezell, Jr. |
| 94. | Phillip A. Gaudet, Sr. |

| | |
|---|---|
| 95. | David Le Boeuf |
| 96. | Harry P. Lebeouf |
| 97. | Wayne N. Le Boeuf |
| 98. | Chris Levron |
| 99. | Timothy J. Levron |
| 100. | Donnie P. Lirette |
| 101. | Paul R. Martello |
| 102. | Rodney Martin |
| 103. | Jorge A. Mena |
| 104. | Douglas W. Nicole |
| 105. | Russell Porche |
| 106. | Glynn Rhodes |
| 107. | Raymond Joseph Richoux, Jr. |
| 108. | Dan Roberson |
| 109. | Robert James Simon |
| 110. | Malcolm L. Watson |

# SCHEDULE OF ACTIONS

*Defendants*

1. J. Ray McDermott, Inc.

2. American Welding Society

3. A.O. Smith

4. General Electric Company

5. The ESAB Group, Inc.

6. Thermodyne

7. Hobart Brothers Company

8. J.W. Harris Co., Inc. (individually and f/k/a and or d/b/a Harris Welco)

9. Lincoln Electric Holdings, Inc. a/k/a Lincoln Electric Company

10. Miller Electric Co., a/k/a Miller Electric Manufacturing Co.

11. National Electrical Manufacturers Association

12. Industrial Welding Supply co. of Harvey, Inc.

13. TDY Industries, Inc.

14. Sandvik, Inc.

15. Viacom, Inc.

16. Alloy Rods Corporation

17. Arcos Alloys

18. Avestapolarit Welding, Inc.

19. Sandvik Coromant

20. Braun Welding Supply, Inc.

21. Corrosion Products, Inc.

22. CRC Evans Pipeline International, Inc.

23. Delta Corrosion Offshore, Inc.

24. Divers Supply, Inc.

25. Drinkwater Products, LLC

26. ERICO International, Inc. a/k/a ERICO Products, Inc. and/or Electric Railway Improvement Company

27. Industrial Welding Supply of Hattiesburg, Inc.

28. Industrial Welding Supply of Harvey, Inc.

29. J & B Pipeline Supply Company, Inc.

30. Praxair, Inc. f/k/a Union Carbide Industrial Gasses, Inc.

31. Union Carbide Corporation

32. McMaster Carr Supply Company, Inc.

33. Price Supply, Inc.

34. Standard Services Company, Inc. f/k/a Standard Supply Company

35. Sammons BW, Inc. f/k/a Briggs-Weaver, Inc.

36. Pneumo Abex Corporation as Successor-in-Interest to Abex Corporation

## SCHEDULE OF ACTIONS

*Defendants*

37. Ameraflex Rubber & Gasket Co., Inc.

38. Aqua Chem, Inc. d/b/a Cleaver-Brooks Company, Inc.

39. A.W. Chesterton Company

40. Brown & Root, Inc.

41. CertainTeed Corporation

42. Cooper Cameron Corporation, Individually and as parent company to Cooper-Bessemer Reciprocating Products and Thornhill-Craver Company

43. Crown Cork & Seal Company, Inc.

44. Dresser, Inc.

45. Dresser Industries, Inc., successor-in-interest to Worthington Pumps

46. Elliott Turbomachinery Co., Inc.

47. The Flintkote Company

48. Foster Wheeler Energy Corporation

49. Garlock Sealing Technologies, L.L.C., successor by merger to Garlock, Inc.

50. General Refractories Company, a/k/a GREFCO, Incl.

51. Guard-Line, Inc. f/k/a 20th Century Glove Corp. of Texas

52. Honeywell International, Inc., as successor in interest to Allied-Signal, Inc.

53. Halliburton Company

54. Henry Vogt Machine Co.

55. IMO Industries, Inc.

56. Industrial Holdings Corporation, f/k/a the Carborundum Company

57. Insulations, Inc.

58. Lamons Metal Gasket Company

59. McMaster-Carr Supply Company

60. Metropolitan Life Insurance Company

61. M.W. Kellogg Holdings, Inc.

62. Minnesota Mining and Manufacturing a/k/a 3M

63. Nooter/Eriksen, Inc.

64. Oriental Gasket & Packing Company

65. Owens-Illinois

66. Parker Seal Group a subsidiary of Parker Hannifin Corporation

67. Rockbestos Co.

68. Ryder Industries, Inc.

69. SEPCO Corporation

70. Triplex, Inc.

71. Tuthill Corporation

72. Uniroyal Holding, Inc.

# SCHEDULE OF ACTIONS

## *Defendants*

73. Viacom, Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corporation

74. Zurn Industries

75. General Electric Company

76. Norton Company, n/k/a Saint – Gobain Abrasives, Inc.

77. Weiler Corporation

78. Vulcan Iron Works

79. American Crane & Equipment Corporation (ACECO)

80. Alcotec Wire Corporation (a subsidiary of the ESAB Goup, Inc.)

81. The Manitowoc Company, Inc.

82. Abrasive Industries, Inc., individually and on behalf of its subsidiary, Bay State/Sterling

83. Singer Safety Company, a/k/a Singer Safety Products, Inc.

84. Steiner Industries, Inc.

85. ITT Industries, Inc. f/k/a or conducting business as ITT Grinnell

86. NIBCO, Inc.

87. Jenkins Valve, a Division of Crane Co., a/k/a Crane Co.

88. Marsh Instruments, a/k/a Bellofram Corporation

89. FMC Fluid Control, a division of FMC Technologies, Inc.

90. Ingersoll-Rand Corporation

91. Pfizer, Inc.

# U.S. District Court [LIVE]
## Eastern District of TEXAS LIVE (Beaumont)
### CIVIL DOCKET FOR CASE #: 1:04-cv-00597-TH

Benoit, et al vs. J Ray McDermott, Inc., et al      Date Filed: 09/17/2004
Assigned to: Judge Thad Heartfield      Jury Demand: None
Case in other court: Jefferson County Texas, A-168,572      Nature of Suit: 365 Personal Inj. Prod. Liability
Cause: 28:1441 Petition for Removal- Personal Injury      Jurisdiction: Federal Question

**Plaintiff**
-----------------------

**Doug Benoit**      represented by   **Bruce Andrew Craig**
     The Carlile Law Firm LLP
     400 S Alamo
     Marshall, TX 75670
     903/938-1655
     Fax: 19039380235
     Email: bcraig@carlilelawfirm.com
     *ATTORNEY TO BE NOTICED*

**All Plaintiffs**      represented by   **Bruce Andrew Craig**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

     **D Scott Carlile**
     The Carlile Law Firm LLP
     400 S Alamo
     Marshall, TX 75670
     903/938-1655
     Fax: 19039380235
     Email: scarlile@carlilelawfirm.com
     *ATTORNEY TO BE NOTICED*

     **David Cornelius Carlile**
     The Carlile Law Firm LLP
     400 S Alamo
     Marshall, TX 75670
     903/938-1655
     Fax: 19039380235
     *ATTORNEY TO BE NOTICED*

     **Kenneth Camp Bailey**
     Williams Bailey Law Firm
     8441 Gulf Freeway
     Suite 600
     Houston, TX 77017-5001
     713/230-2200
     Fax: 17136436226
     *ATTORNEY TO BE NOTICED*

**David Paul Adams**      represented by   **Bruce Andrew Craig**
     (See above for address)
     *ATTORNEY TO BE NOTICED*

**Albert Aucoin**      represented by   **Bruce Andrew Craig**
     (See above for address)
     *ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **Dale P Authement** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Edmond J Babin** | | |
| **Isaac Bergeron** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Robert James Bergeron** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Eugene Bonvillian** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Louis Boudreaux** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Andrew Bourgeois** | | |
| **Emile J Bourgeois, Sr** | | |
| **Earl J Breaux, Jr** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Roy J Breaux, Jr** | | |
| **Willie Breaux** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Elmer Joseph Brunet, Jr** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Ralph J Brunet** | | |
| **Lawrence Castle** | | |
| **Thaddeus Chaisson** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Bobby Chauvin** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Gerald Chauvin** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Jack Frank Cosby** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| **Louis Cressione, Jr** | represented by | **Bruce Andrew Craig** |
| | | (See above for address) |

Case MDL No. 875   Document 4359   Filed 12/14/04   Page 269 of 305

*ATTORNEY TO BE NOTICED*

**Paul Crochet, Sr**                              represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Jimmie D Daigle**

**Verlon Daigle**                                 represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Bruce Desselle**

**Joseph Dufrene**                                represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Maurice J Dufrene, Jr**                         represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Michael Dupre**                                 represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Eldridge Durocher**                             represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**William Edwards**                               represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Durocher Eldridge**

**Arthur Ellender, Jr**                           represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Bobby F Ellender**                              represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Keith Estopinal**

**Clyde Maurice Ezell, Jr**                       represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Howard Fanguy**

**Berwick Fonseca, Sr,** *deceased*               represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Arthur L Ford, Jr**                             represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Raymond Foret, Jr**                             represented by   **Bruce Andrew Craig**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Roy Freeman**                          represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Phillip A Gaudet, Sr**                 represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Dale Gautreaux**                       represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Oscar Gautreaux**                      represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Ronald Gautreaux**                     represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Ricky Giroir**                         represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Jules Hebert**                         represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Tobay Hebert**

**Gary L Hilton, Sr**                    represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Willie L Hilton, Jr**                  represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Rene Himel, Sr**                       represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**John Wesley Horning**

**Ralph Johnson**                        represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Mac Knapp**                            represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**John Knight**                          represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Chester Joseph Lacombe, Jr**           represented by  **Bruce Andrew Craig**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**David LeBoeuf**

| | | |
|---|---|---|
| Harry P LeBoeuf | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Leroy LeBoeuf, Sr** | | |
| **Wayne N LeBoeuf** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Johnny Ledford** | | |
| **Gary B Lee, Sr** | | |
| **Chris Levron** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Timothy J Levron** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Donnie P Livette** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **John Lombardi** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Linduel Lopez** | | |
| **Murphy Loupe** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Eugene Lovell** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **James Lovell** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Arcen Marcel** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **David G Marcel** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Gerald Marcel** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Paul R Martello** | represented by | **Bruce Andrew Craig**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| **Billy Troy Martin** | represented by | **Bruce Andrew Craig**<br>(See above for address) |

|  |  |  |
|---|---|---|
|  |  | *ATTORNEY TO BE NOTICED* |
| **Perry Martin** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Rodney Martin** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Gilbert Matherne, Jr** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Rickey Mayon** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Sterling Mayon** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Robert McLaughlin** |  |  |
| **Donald Melancon,** *deceased* | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Jorge A Mena** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Billy Miller** |  |  |
| **Glenn Mitchell** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Douglas W Nicole** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Gilbert L Olivier, Jr** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Steve Olivier** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Davis Peltier** |  |  |
| **Paul H Peltier** |  |  |
| **Patrick Plaisance** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Gerald Polaski** | represented by | **Bruce Andrew Craig** (See above for address) *ATTORNEY TO BE NOTICED* |
| **Russell Porche** | represented by | **Bruce Andrew Craig** |

|   |   |   |
|---|---|---|
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Edward John Rhodes, Jr,** *deceased* | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Glynn Rhodes** |   |   |
| **Raymond Joseph Richoux, Jr** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Adley Rink** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Charles J Rink** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Dan Roberson** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Keith Robichaux** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Erroll J Roddy** |   |   |
| **Thomas Savoy** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Robert James Simon** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Jeffrey Souldier** |   |   |
| **Freddie Theriot** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Robert E Thibodaux, III** |   |   |
| **Jerry F Trosclair** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Russel A Verret** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |
| **Kevin C Villemarette** |   |   |
| **Willie Ward** |   |   |
| **Malcolm L Watson** | represented by | **Bruce Andrew Craig** |
|   |   | (See above for address) |
|   |   | *ATTORNEY TO BE NOTICED* |

Paul J Webre

Robert Paul Webre                          represented by   **Bruce Andrew Craig**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

Kip J Bergeron

Michael Bergeron

Gary Boudreaux

David K Bourque

Daniel Breaux

David P Dupre

Glenn Ellender

Terry Ellender

Jeffrey Falgout

Louis Falregas

Noel Foret

Gary Gautreaux

Daniel Griffin

James A Gros

Wayne B Guffey

Carl Hebert

Alred Hotard

Bert Knight

Gerald J Leonard

Harris Lewis

Ruby Lewis

Johnny Loupe

Greyson McAlister

Everett Miller

Wilbert Moneaux

Robin P Naquin

Douglas Patterson

Gary Percy

Roy Rhodes

Ronald D Robertson

Audrey Robrechaux

Samuel Ruffin

David W Thomas

Claude Thompson


V.


Defendant
----------------------

J Ray McDermott Inc                        represented by   **James Hayes Powers**
                                                            Powers & Frost
                                                            1221 McKinney St
                                                            Suite 2400
                                                            Houston, TX 77010
                                                            713-767-1555
                                                            Fax: 17137671799
                                                            Email: jpowers@powersfrost.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Karen M Alvarado**
                                                            Powers & Frost
                                                            1221 McKinney St
                                                            Suite 2400
                                                            Houston, TX 77010
                                                            713-767-1555
                                                            Fax: 17137671799
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sharla Jo Frost**
                                                            Powers & Frost
                                                            1221 McKinney
                                                            2400 One Houston Center
                                                            Houston, TX 77010
                                                            713/767-1555
                                                            Fax: 17137671799
                                                            Email: sfrost@powersfrost.com
                                                            *ATTORNEY TO BE NOTICED*

Hobart Brothers Company                    represented by   **John G Bissell**
                                                            Strong Pipkin Bissell & Ledyard - Houston
                                                            1111 Bagby
                                                            Suite 2300
                                                            Houston, TX 77002-2546
                                                            Email: jbissell@strongpipkin.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            Strong Pipkin Bissell & Ledyard
                                                            1111 Bagby
                                                            Suite 2300
                                                            Houston, TX 77002-2546
                                                            713/651-1900

Fax: 17136511920
Email: pwaites@strongpipkin.com
*ATTORNEY TO BE NOTICED*

**Sandvik Inc**                             represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Lincoln Electric Company**                represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**TDY Industries Inc**                      represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Avestapolarit Welding, Inc.**             represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**ESAB Group, Inc.**                        represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Alcotec Wire Corportion**                 represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Charles Patrick Waites**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Praxair, Inc.**                           represented by  **John G Bissell**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Charles Patrick Waites**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Bohler-Thyssen Welding, Inc.**                    represented by   **John G Bissell**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Charles Patrick Waites**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Siemens Westinghouse Power Corp**                 represented by   **John G Bissell**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Charles Patrick Waites**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**A. O. Smith Corporation**                         represented by   **John G Bissell**
                                                                    (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Charles Patrick Waites**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**3M Company**                                      represented by   **William Carroll Book, Jr**
*fka*                                                               Tekell Book Matthews & Limmer LLP
Minnesota Mining and Manufacturing                                 1221 McKinney
Company                                                            Suite 4300
                                                                    Houston, TX 77010
                                                                    713/222-9542
                                                                    Fax: 17136557727
                                                                    Email: wbook@tbml.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Air Liquide America Corporation,** *successor*    represented by   **John G Bissell**
*in interest to Big Three Industries*                               (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Hubert Oxford, III**
                                                                    Benckenstein & Oxford
                                                                    3535 Calder Ave
                                                                    Suite 300
                                                                    Beaumont, TX 77704
                                                                    409/833-9182
                                                                    Fax: 14098338819
                                                                    Email: hubertoxford@benoxford.com
                                                                    *TERMINATED: 11/30/2004*

                                                                    **Charles Patrick Waites**
                                                                    (See above for address)

*ATTORNEY TO BE NOTICED*

**Big Three Industries, Inc.**

represented by **Hubert Oxford, III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Charles Patrick Waites**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alcoa, Inc.**

represented by **Ronald Bruce Walker**
Walker Keeling & Carroll
210 E Constitution
Victoria, TX 77901
361-576-6800
Fax: 13615766196
Email: rwalker@wkcfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ameraflex Rubber & Gasket Co Inc**

represented by **Brian Scott Clary**
Brian S Clary & Associates
402 Staitti
Humble, TX 77338
281/548-1100
Fax: 12815481126
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**American Welding Society Inc The**

represented by **Lea F Courington**
Gwinn & Roby
1201 Elm
4100 Renaisance Tower
Dallas, TX 75270
214/698-4100
Fax: 12147472904
Email: lcourington@gwinnroby.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott William MacLaren**
Gwinn & Roby
1201 Elm
4100 Renaisance Tower
Dallas, TX 75270
214/698-4141
Fax: 12147472904
Email: smaclaren@gwinnroby.com

**American Welding Society**

represented by **Theodore Voorhees, Jr**
Covington & Burling
P O Box 7566
Washington, DC 20044
(202) 662 6000
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aqua Chem Inc, *d/b/a Cleaver-Brooks Company, Inc.***

represented by **Clay Marion White**
Sammons & Parker
218 N College

|  | | Tyler, TX 75702 |
|---|---|---|

Tyler, TX 75702
Smith
903/595-4541
Fax: 9035953766
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pneumo Abex Corporation**     represented by **Louis H Knabeschuh, Jr**
Jenkins & Martin
PO Box 26008
2615 Calder - Suite 500
Beaumont, TX 77720-6008
409/832-4100
Fax: 14098324242
Email: j-mlaw@j-mlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A W Chesterton Company**     represented by **Wayne Peveto**
Attorney at Law
118 Border
Orange, TX 77630
409-883-0220
Fax: 14098830259
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Caterpillar Inc**     represented by **Brad Kent Howell**
Womble Cotellessee & Howell
1814 Memorial Dr
Houston, TX 77007
713-650-6000
Fax: 17136501932
Email: bhowell@womco.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Certain Teed Corporation**     represented by **Paula H Blazek**
Germer Bernsen & Gertz
550 Fannin St
Suite 700
Beaumont, TX 77701
409/654-6700
Fax: 14098353373
Email: pblazek@germer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cooper Cameron Corporation**     represented by **Laurie Blazek Easter**
Jackson Walker LLP
1401 McKinney
Suite 1900
Houston, TX 77010
713/752-4200
Fax: 713/752-4221
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Crown Cork & Seal Company, Inc**     represented by **Frank G Harmon, III**
Crain Caton & James
1401 McKinney

Suite 1700
Houston, TX 77010
713/658-2323
Fax: 713/658-1921
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Deloro Stellite Company Inc**    represented by **Kent Morrison Adams**
Adams & Coffey
550 Fannin
Suite 800
Beaumont, TX 77701
409/838-6767
Fax: 14098386950
Email: kentadams@adamscoffey.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Gene Martingano**
Mehaffy & Weber
500 Dallas
Suite 1200
Houston, TX 77002
713/655-1200
Fax: 17136550222
Email: jamesmartingano@mehaffyweber.com
*TERMINATED: 09/17/2004*

**Flintkote Company**    represented by **James Mayer Harris, Jr**
Harris Lively Duesler & Hatfield
550 Fannin, Suite 650
P O Box 830
Beaumont, TX 77704
409/832-8382
Fax: 14098334240
Email: harrislively@ev1.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Foley Industries**    represented by **James R Old, Jr**
Germer Bernsen & Gertz
550 Fannin St
Suite 700
Beaumont, TX 77701
409/654-6700
Fax: 14098352115
Email: jrold@germer.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Garlock Sealing Technologies LLC,**
*successor by merger to Garlock, Inc*    represented by **James R Old, Jr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Foster Wheeler Energy Corporation**    represented by **James Michael Riley, Jr**
Coats Rose Yale Ryman & Lee - Houston
3 Greenway Plaza
Suite 2000
Houston, TX 77046
713/651-0111

Fax: 713/651-0220
Email: jriley@coatsrose.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**General Electric Company**                     represented by    **Barbara Jane Barron**
Mehaffy & Weber
2615 Calder
Suite 800
Beaumont, TX 77702
409/835-5011
Email: barbarabarron@mehaffyweber.com
*ATTORNEY TO BE NOTICED*

**Jenifer King Points**
Fulbright & Jaworski
1301 McKinney
Suite 5100
Houston, TX 77010-3095
713/651-5473
Fax: 17136515246
*ATTORNEY TO BE NOTICED*

**Keith William Foley**
Mehaffy & Weber
2615 Calder
Suite 800
Beaumont, TX 77702
409/835-5011
Fax: 14098355729
Email: keithfoley@mehaffyweber.com
*ATTORNEY TO BE NOTICED*

**Rachel Giesber Clingman**
Fulbright & Jaworski
1301 McKinney
Suite 5100
Houston, TX 77010-3095
713/651-5473
Fax: 17136515246
*TERMINATED: 11/19/2004*

**D Mitchell McFarland**
Harrison Bettis Staff McFarland & Weems
500 Dallas St
Suite 2650
Houston, TX 77002
713/655-7511
Fax: 17136557526
Email: mcfarland@hbs-law.com
*ATTORNEY TO BE NOTICED*

**Industrial Holding Corporation**               represented by    **Keith William Foley**
*fka*                                                             (See above for address)
Carborundum Company                                              *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Barbara Jane Barron**
(See above for address)
*ATTORNEY TO BE NOTICED*

| | | |
|---|---|---|
| **General Refractories Company**<br>*aka*<br>Grefco Inc | represented by | **Franklin Albright Poff, Jr**<br>Crisp Boyd Poff<br>2301 Moores Lane<br>Texarkana, TX 75505<br>903/838-6123<br>Fax: 19038328489<br>Email: fpoff@cbplaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Guard-Line Inc,** *f/k/a Century Glove Corp. of Texas* | represented by | **William Howard Farrell**<br>Cotton & Farrell<br>801 COngress<br>Suite 400<br>Houston, TX 77002<br>713-228-0700<br>Fax: 17132280701<br>Email: wfarrell@cottonfarrell.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Handy & Harman** | represented by | **Michael Tracy Crawford**<br>Ramey & Flock<br>100 E Ferguson<br>Suite 500<br>Tyler, TX 75702<br>903/510-5228<br>Fax: 9035972413<br>Email: mcrawford@ramey-flock.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Lamons Metal Gasket Company** | represented by | **Michael Tracy Crawford**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Henry Vogt Machine Co** | represented by | **J Frank Kinsel, Jr**<br>Cantey & Hanger<br>801 Cherry Street<br>Suite 2100 Burnett Plaza<br>Fort Worth, TX 76102<br>817/877-2816<br>Fax: 18178772807<br>Email: jkinsel@canteyhanger.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **IMO Industries Inc** | represented by | **Joanne Early**<br>Gardere Wynne Sewell LLP<br>1601 Elm St<br>3000 Thanksgiving Tower<br>Dallas, TX 75201<br>214-999-3000<br>Fax: 12149994667<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Tuthill Corporation** | represented by | **Joanne Early**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Insulations Inc**                              represented by **Kirk Todd Florence**
                                                Crouch & Ramey
                                                1445 Ross Ave
                                                Suite 2300 Fountain Pl
                                                Dallas, TX 75202
                                                214-922-7100
                                                Fax: 214-922-7101
                                                Email: kflorence@crouchfirm.com
                                                *ATTORNEY TO BE NOTICED*

**International Truck and Engine Corporation**   represented by **Stephanie Donean Surratt**
                                                Orgain Bell & Tucker - Beaumont
*fka*                                           470 Orleans St.
Navistar International Transportation            Beaumont, TX 77701-3075
Corporation                                     409-838-6412
*fka*                                           Fax: 1409386959
International Harvester Company                  Email: sds@obt.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**John Crane Inc**                              represented by **James A Newsom**
                                                Munisteri Sprott Rigby Newsom & Robbins
                                                3323 Richmond Ave
                                                Suite A
                                                Houston, TX 77098
                                                713/523-8338
                                                Fax: 17135239422
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**J W Harris Co Inc**, *individually and f/k/a*   represented by **Joe Michael Russell**
*Harris-Welco*                                  Kent Good & Anderson
                                                301 N Market St
                                                Suite 650
                                                Dallas, TX 75202
                                                214/761-1660
                                                Fax: 12147454701
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**McMaster-Carr Supply Company**                represented by **Craig Stephen Wolcott**
                                                Hays McConn Rice & Pickering
                                                1200 Smith Street
                                                400 Two Allen Center
                                                Houston, TX 77002
                                                713/752-8309
                                                Fax: 17136500027
                                                Email: cwolcott@haysmcconn.com
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

**Metropolitan Life Insurance Company**         represented by **Kenneth David Rhodes**
                                                Dunn Kacal Adams Pappas & Law
                                                One Riverway
                                                Suite 1200
                                                Houston, TX 77056
                                                713/529-3992
                                                Fax: 17135298161
                                                *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Miller Electric Corp**
*aka*
Miller Electric Manufacturing Company Inc

represented by **John Robert Henderson**
Brown McCarroll - Dallas
2001 Ross Ave
2000 Trammell Crow Center
Dallas, TX 75201-2997
214/999-6109
Fax: 12149996170
Email: jhenderson@mailbmc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**National Electrical Manufacturers Association**

represented by **Jim E Cowles**
Cowles & Thompson - Dallas
901 Main Street
Suite 4000
Dallas, TX 75202
214/672-2000
Fax: 12146722020
Email: jcowles@cowlesthompson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**NCH Corporation**

represented by **H Daniel Spain**
Spain & Hastings
909 Fannin
3900 Two Houston Center
Houston, TX 77010-1009
713/650-9700
Fax: 17136509701
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**X-Ergon USA**

represented by **H Daniel Spain**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nooter/Eriksen Inc**

represented by **Frank Mason Bean**
Bean Bean & Brothers
820 Gessner Rd
Suite 1500
Houston, TX 77024
713/463-7500
Fax: 17134637779
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Oriental Gasket & Packing Co**

represented by **John R Dolezal**
Stevens Baldo & Freeman LLP
550 Fannin St
Suite 400
Beaumont, TX 77701-4950
409/835-5200
Fax: 14098385638
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Owens-Illinois**

represented by **Peter A Moir**
Quilling Selander Cummiskey & Lownds PC

2001 Bryan St
Suite 1800
Dallas, TX 75201
214/871-2100
Fax: 12148712125
Email: pmoir@qsclpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harold H Hunter**
Quilling Selander Cummiskey & Lownds PC
2001 Bryan St
Suite 1800
Dallas, TX 75201
214/871-2100
*ATTORNEY TO BE NOTICED*

**Parker Seal Group, *a subsidiary of Parker Hannifin Corp***     represented by    **James Michael Thompson**
Royston Rayzor Vickery & Williams LLP
1001 McKinney
Suite 1100
Houston, TX 77002-6418
713/224-8380
Email: jim.thompson@roystonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pennzoil-Quaker State Company**
*fka*
Pennzoil Products Company     represented by    **Michael Lamar Brem**
Baker Botts - Houston
910 Louisiana
Suite 3000 One Shell Plaza
Houston, TX 77002
713/229-1215
Fax: 17132292741
Email: michael.brem@bakerbotts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Red Ball Oxygen Co**     represented by    **Richard Milton Mosher**
Thompson Coe
700 N Pearl St
25th Floor
Dallas, TX 75201-2832
214/871-8200
Email: rmosher@thompsoncoe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rolled Alloys Inc**     represented by    **Kirk Todd Florence**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sammons BW Inc**
*fka*
Briggs-Weaver Inc     represented by    **George Plato Pappas**
Sheehy Serpe & Ware
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010-1003
713/951-1067
Fax: 17139511199
Email: gpappas@sswpc.com

|  |  | *LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|
| **SEPCO Corporation** | represented by | **Ernest William Boyd**<br>Mehaffy & Weber<br>2615 Calder<br>Suite 800<br>Beaumont, TX 77702<br>409/835-5011<br>Fax: 14098355729<br>Email: butchboyd@mehaffyweber.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Thermadyne** | represented by | **Steven Leonard Russell**<br>Beirne Maynard & Parsons<br>1700 Pacific Avenue<br>Suite 4400<br>Dallas, TX 75201<br>214/237-4300<br>Fax: 12142374340<br>Email: srussell@bmpllp.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Triplex Inc** | represented by | **Michael Ray Walzel**<br>Stevens Baldo and Freeman<br>550 Fannin<br>Suite 400<br>Beaumont, TX 77701<br>409-835-5200<br>Fax: 14098385638<br>Email: walzel@sbf-law.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Uniroyal Holding Inc** | represented by | **Todd Duane Ogden**<br>Forman Perry Watkins Krutz & Tardy<br>2001 Bryan St<br>Suite 1300<br>Dallas, TX 75201<br>214/905-2924<br>Fax: 12149053976<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Zurn Industries Inc** | represented by | **Kyle Christopher Steele**<br>Forman Perry Watkins Krutz & Tardy<br>2001 Bryan St<br>Suite 1300<br>Dallas, TX 75201<br>214/905-2924<br>Fax: 12149053976<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Braun Welding Supply Inc.** | represented by | **Russell Blane Power**<br>Hart & Power<br>350 N St Paul St<br>Suite 2300<br>Dallas, TX 75201 |

|                                                    |               |                                                                                                                                                                                                           |
|----------------------------------------------------|---------------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                                                    |               | 214/754-8780<br>Fax: 12147611700<br>Email: maxpow@aol.com<br>*ATTORNEY TO BE NOTICED*                                                                                                                     |
| **A B B Lummuns Global Inc**                       | represented by | **Jessica R Jones**<br>Galloway Johnson Tompkins Burr & Smith PLC<br>3555 Timmons Lane<br>Suite 1225<br>Houston, TX 77027<br>713/599-0700<br>Fax: 17135590777<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Abrasive Industries Inc**                        |               |                                                                                                                                                                                                           |
| **Airco Inc**                                      | represented by | **Charles Patrick Waites**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                                                                                       |
| **Alco Products Inc**                              | represented by | **Tori Smith Levine**<br>Brown McCarroll - Dallas<br>2001 Ross Ave<br>2000 Trammell Crow Center<br>Dallas, TX 75201-2997<br>214/999-6100<br>Fax: 12149996170<br>Email: tlevine@mailbmc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Alloy Rods Corp**                                | represented by | **John G Bissell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                                                                                               |
| **Alcoaweld Wire Corp**                            |               |                                                                                                                                                                                                           |
| **Alloy Specialists of Marshall Inc**              |               |                                                                                                                                                                                                           |
| **American Crane & Equipment Corp**                |               |                                                                                                                                                                                                           |
| **Arcos Alloys Corp**                              |               |                                                                                                                                                                                                           |
| **Bay State Milling Co**                           |               |                                                                                                                                                                                                           |
| **Brown & Root Inc Foreign Subsidiary**            |               |                                                                                                                                                                                                           |
| **C R C Evans Pipeline International Inc**         |               |                                                                                                                                                                                                           |
| **Capweld Inc**                                    | represented by | **Barbara Jane Barron**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                                                                                          |
| **Carborundum Corp**                               | represented by | **Keith William Foley**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*                                                                                                          |

**Chemtron Inc**

**Corrosion Products**

**Delta Corrosion Offshore Inc**

**Divers Supply Inc**                          represented by  **Mary Alice Parsons**
                                                               Ireson & Weizel PC
                                                               700 Louisiana
                                                               Suite 1200
                                                               Houston, TX 77002-2727
                                                               713/228-1160
                                                               Fax: 17132161161
                                                               Email: mparsons@iwlegal.com
                                                               *ATTORNEY TO BE NOTICED*

**Dow Chemical Company**                       represented by  **Arthur Ray Almquist**
                                                               Mehaffy & Weber
                                                               500 Dallas
                                                               Suite 1200
                                                               Houston, TX 77002
                                                               713/655-1200
                                                               Fax: 17136550222
                                                               Email: artalmquist@mehaffyweber.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Dresser Inc.**

**Dresser Rand Power Inc**

**Drinkwater Products LLC**

**Durabla Manufacturing Co Inc**               represented by  **William Howard Farrell**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Elliott Turbomachinery Co Inc**

**Erico International Corp**

**FMC Fluid Control**

**Forney Industries Inc**                      represented by  **James R Old, Jr**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Garlock Inc**

**Georgia Pacific Corp**

**HB Fuller Corp**                             represented by  **Barbara Jane Barron**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Halliburton Corp**

**Hanson Aggregates West Inc**

**Haynes International Inc**
                                       represented by  **John W Bridger**
Strong Pipkin Bissell & Ledyard - Houston
1111 Bagby
Suite 2300
Houston, TX 77002-2546
713/651-1900
Fax: 17136511920
Email: jbridger@strongpipkin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Michael Jordan**
Gardere Wynne Sewell
1000 Louisiana
Suite 3400
Houston, TX 77002-5007
713/276-5500
Fax: 17132766569
*ATTORNEY TO BE NOTICED*

**Honeywell International Inc**
                                       represented by  **Ricky Anthony Raven**
Thompson & Knight - Houston
333 Clay St
Suite 3300
Houston, TX 77002
713/653-8669
Fax: 17132260263
Email: Ricky.Raven@tklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hughes & Hughes**

**ITT Industries Inc**

**Inco Alloys International Inc**

**Industrial Welding Supply Co of Harvey Inc**
                                       represented by  **Mark Randall Pickering**
Adams & Coffey
1010 Lamar
Suite 901
Houston, TX 77002
713/659-6767
Fax: 17137596830
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J&B Pipeline Supply Co Inc**

**J Graves Insulation Co**
                                       represented by  **Barbara Jane Barron**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jenkins Valve**

**KCAC Inc**

**MW Kellogg Holdings Inc**

**Manitowoc Co Inc**

**Marsh Instruments**

**Nema**

**Nibco Incorporated**                     represented by  **Mark Steven Scudder**
                                                          Strasburger & Price - Dallas
                                                          901 Main St
                                                          Suite 4300
                                                          Dallas, TX 75202
                                                          214/651-4607
                                                          Fax: 12146514330
                                                          Email: mark.scudder@strasburger.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Nitram Energy Inc**                      represented by  **Tori Smith Levine**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Singer Safety Company**                  represented by  **Lewis Charles Miltenberger**
                                                          Lewis C Miltenberger & Associates
                                                          108 W 8th St
                                                          Suite 500
                                                          Ft Worth, TX 76102
                                                          817-820-0343
                                                          Fax: 18178200373
                                                          Email: lewism@cgmlegal.com
                                                          *ATTORNEY TO BE NOTICED*

**North American Refractories Co**

**Norton Co**                              represented by  **James Lane Ware**
                                                          Sheehy Serpe & Ware
                                                          909 Fannin St
                                                          2500 Two Houston Center
                                                          Houston, TX 77010
                                                          713/951-1000
                                                          Fax: 17139511199
                                                          Email: jware@sswpc.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Oerlikon Welding Corp**

**Oerlikon Welding Industries Inc**

**One Industries Inc**

**Pittsburgh Corning Corp**

**Price Supply Inc**

**Rock Wool Manufacturing Co Inc**

**Rockbestos Co**

**Siemens Corporation**

**Sobol Welders Supply Co**

**Standard Services Co Inc**               represented by  **Michael Lamar Jones**

Henry & Jones LLP
2902 Carlisle St
Suite 250
Dallas, TX 75204-4078
214/954-9700
Fax: 12149549701
Email: mjones@henryandjones.com
*ATTORNEY TO BE NOTICED*

**Steiner Industries Inc**                    represented by  **Lipscomb Norvell, Jr**
Benckenstein Norvell & Nathan
550 Fannin Suite 200
P O Box 551
Beaumont, TX 77704-0551
409/833-4309
Fax: 14098339558
Email: lnorvell@bnnlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Techalloy Co Inc**

**Techniweld Corp**

**Titanium Industries**

**Trinex Corp**

**U S Filter Permutit Inc**                   represented by  **Thomas W Taylor**
Andrews & Kurth
600 Travis
Suite 4200
Houston, TX 77002
713/220-4200
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Unibraze Houston Texas**

**Unibraze Inc**                              represented by  **John Emory Pipkin**
Johnson Ferguson Pipkin & Phillips
4900 Woodway
Suite 1100
Houston, TX 77056-1809
713/961-3730
Fax: 1713961-5438
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Union Carbide Corp**                        represented by  **Paula H Blazek**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Universal Wire Works Inc**

**Viacom Inc**

**Vivendi Universal Games, Inc.**

**Vulcan Iron Works**

| | | |
|---|---|---|
| Wall Colmony Corp | represented by | **Kent Morrison Adams**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Weiler Corp | represented by | **William Richards Moye**<br>Brown McCarroll - Houston<br>1111 Bagby<br>47th Floor<br>Houston, TX 77002<br>713/529-3110<br>Fax: 17135256295<br>Email: wmoye@mailbmc.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Welding Engineering & Supply Co | represented by | **John Emory Pipkin**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| Pacific Packing & Gasket Inc | | |
| Owens Corning Corp | | |
| Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith | represented by | **Gordon Randall Akin**<br>Attorney at Law<br>3400 W Marshall Ave<br>Suite 300<br>Longview, TX 75604<br>903/297-8929<br>Fax: 19032979046<br>Email: gra@randyakin.com<br>*ATTORNEY TO BE NOTICED* |

**ThirdParty Plaintiff**
------------------------

| | | |
|---|---|---|
| J Ray McDermott Inc | represented by | **Margaret Twomey Brenner**<br>Bracewell & Patterson, L.L.P.<br>711 Louisiana Street, Suite 2900<br>South Tower Pennzoil Place<br>Houston, TX 77002<br>713-223-2900<br>Fax: 713-221-1212<br>Email: peggy.brenner@bracepatt.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Justin Joseph Presnal**<br>Cash Allen LLP<br>600 Travis<br>Suite 6710<br>Houston, TX 77002<br>713/224-6767<br>Fax: 713/227-6222<br>Email: jpresnal@cashallen.com<br>*TERMINATED: 10/15/2004* |

V.

**ThirdParty Defendant**
-----------------------

AvonCraft Construction Co                   represented by   **John Robert Walker**
                                                             Hays McConn Rice & Pickering
                                                             1200 Smith Street
                                                             400 Two Allen Center
                                                             Houston, TX 77002
                                                             713/752-8380
                                                             Fax: 17136559212
                                                             Email: jwalker@haysmcconn.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Main Iron Works Inc                         represented by   **Robert Joseph Killeen, Jr**
                                                             Killeen & Wheat
                                                             8 Greenway Plaza
                                                             Suite 614
                                                             Houston, TX 77046
                                                             713/626-5100
                                                             Fax: 17136264545
                                                             Email: rkilleen@killeen-law.com
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Quality Equipment

Quality Shipyards LLC                       represented by   **Melissa Lutgring Theriot**
                                                             Laborde and Neuner
                                                             1001 West Pinhook Rd
                                                             One Petroleum Center
                                                             Suite 200
                                                             Lafayette, LA 70503
                                                             337-237-7000
                                                             Fax: 13372339450
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Franks Casing Crew & Rental Tool Inc

Caillou Island Towing Inc
*fka*
Caillou Towing Co

Delta Iron Works Inc

Delta Explorations Co                       represented by   **Catherine Krahl Faubion**
                                                             Thompson Coe
                                                             700 N Pearl St
                                                             25th Floor
                                                             Dallas, TX 75201-2832
                                                             214/871-8200
                                                             Fax: 12148718209
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

Brown & Root Inc

Barnett Marine Inc

**A-1 Industries Inc**

**Delta Towing Co Inc**

**Indian Ridge Canning Co Inc**

**Shield Coat Inc**

**Missouri Pacific Corp**

**Fluor Ocean Services Inc**

**John D Monteiro Contractors Inc**

**Aquatic Equipment & Engineering Inc**

**Cenac Towing Company**                    represented by  **Gary James Linthicum**
                                                            Wells Peyton Greenberg & Hunt LLP
                                                            550 Fannin Suite 600
                                                            PO Box 3708
                                                            Beaumont, TX 77704
                                                            409/838-2644
                                                            Email: glinthicum@wellspeyton.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**B&B Tug Corporation**                     represented by  **Gary James Linthicum**
*fka*                                                       (See above for address)
B&B Marine & Construction Corporation                       *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**LOR Louisiana No. 11, Inc**
*fka*
Houma Fabricators Inc

**Marine Rental Service Inc**

**Aquatic Contractor's and Engineers**     represented by  **Kent Morrison Adams**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Rayco Shipbuilders & Repair**

**Little Pawnee Drilling**
*fka*
Pawnee Drilling Company

**Terrebonne X-Ray Clinc Inc**

**Patterson Rental Tools Inc**              represented by  **Michael Don Williams**
                                                            Brown Sims PC
                                                            1177 W Loop S
                                                            10th Floor
                                                            Houston, TX 77027-9007
                                                            713/629-1580
                                                            Fax: 17136295027
                                                            Email: mwilliams@brownsims.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Abdon Callais Boat Rentals**

| | | |
|---|---|---|
| **Danos & Curole Marine Contractors LLC** | represented by | **David Dean Reynard, Jr**<br>Jenkins & Martin<br>2615 Calder - Suite 500<br>PO Box 26008<br>Beaumont, TX 77720-6008<br>409/832-4100<br>Fax: 14098324242<br>Email: dreynard@j-mlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Rowan Companies Inc** | represented by | **Lawrence Louis Germer**<br>Germer Bernsen & Gertz<br>550 Fannin St<br>Suite 700<br>Beaumont, TX 77701<br>409/654-6700<br>Fax: 14098352115<br>Email: llgermer@germer.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Conoco Inc** | represented by | **John Robert Walker**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Halter Marine Inc** | | |
| **RMC Holdings LLC**<br>*fka*<br>Two R Drilling Company Inc | represented by | **John Caleb Elliott**<br>Fitzhugh, Elliott & Ammerman, PC<br>12727 Kimberley<br>Suite 302<br>Houston, TX 77024-0450<br>713/465-7395<br>Fax: 17134650845<br>Email: jce@longshore.org<br>*ATTORNEY TO BE NOTICED* |
| **Manpower Inc Domestic Subsidiaries** | represented by | **Kent Morrison Adams**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Hercules Wire Rope & Sling**<br>*fka*<br>Tuco Wire Rope & Sling Inc | represented by | **Timothy R McDonough**<br>Jenkins & Martin<br>PO Box 26008<br>2615 Calder - Suite 500<br>Beaumont, TX 77720-6008<br>409/832-4100<br>Fax: 14098324242<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Bethlehem Steel Corporation** | | |
| **Rodney's Oilfield Contractors Inc** | | |
| **Chandler Welding Corporation** | | |
| **Total Services Inc** | | |

**CBS Corporation,** *% Westinghouse Elect.*
*Corp. Tax Department*

**Global X-Ray & Testing Corporation**

**Bayou Inspection Services Inc**

**Cajun Cutters Inc**                        represented by   **Steven Ray Thomas**
                                                              Chambers Templeton Cashiola & Thomas
                                                              2090 Broadway
                                                              Beaumont, TX 77701-4950
                                                              409/835-5800
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Oilfield & Industrial Leasing Inc, OIL Inc**

**Bulk Tank Inc**

**Sea-Therm Inc**

**Gulf Coast Manufacturing Inc**             represented by   **Gary James Linthicum**
                                                              (See above for address)
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**C&G Welding Inc Contractor**               represented by   **Thomas W Duesler**
                                                              Harris Lively Duesler & Hatfield
                                                              550 Fannin, Suite 650
                                                              P O Box 830
                                                              Beaumont, TX 77704
                                                              409/832-8382
                                                              Fax: 14098334240
                                                              Email: twduesler@ev1.net
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Global Industries Offshore LLC**           represented by   **Kirksey E Martin**
                                                              Jenkins & Martin
                                                              PO Box 26008
                                                              2615 Calder - Suite 500
                                                              Beaumont, TX 77720-6008
                                                              409/832-4100
                                                              Fax: 14098324242
                                                              Email: j-mlaw@j-mlaw.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Antill Pipeline Construction Inc**         represented by   **Gerald Russell Flatten**
                                                              Rienstra, Dowell & Flatten
                                                              595 Orleans St
                                                              Suite 1007
                                                              Beaumont, TX 77701
                                                              409/833-6317
                                                              Fax: 14098339530
                                                              Email: riendf@aol.com
                                                              *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

**Gates Construction Corporation,** *%Great*   represented by   **James Richard Watkins**
*Lakes Dredge & Dock Company*                                 Royston Rayzor Vickery & Williams -

|  |  |  |
|---|---|---|
|  |  | Galveston |
|  |  | 2102 Mechanic St |
|  |  | 205 Cotton Exchange Bldg |
|  |  | Galveston, TX 77550 |
|  |  | 409/763-1623 |
|  |  | Fax: 14097633853 |
|  |  | Email: james.watkins@roystonlaw.com |
|  |  | *LEAD ATTORNEY* |
|  |  | *ATTORNEY TO BE NOTICED* |

**Baker Hughes Tubular Services Inc**

**B&I Welding Inc**   represented by   **Wesson Hardy Tribble**
Tribble & Sanders
3050 Post Oak Blvd
Suite 1350
Houston, TX 77056
713/622-0444
Fax: 17136220555
Email: lharris@tribsand.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Fluor Daniel Services Corporation**   represented by   **Kent Morrison Adams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brown & Root USA Inc**

**Brown & Root Industrial Services**

**Curtis Callais Welding Inc**   represented by   **Thomas W Duesler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Valves & Fittings of Houston Inc**   represented by   **Randall Kyle Hawes**
*fka*
Valves & Fittings of Houma Inc
Chamberlain Harlicka White Williams &
Martin
1200 Smith Street
Suite 1400
Houston, TX 77002
713/658-1818
Fax: 17136582553
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cornerstone Perfusion LLC**

**Production Management Industries Inc**   represented by   **Charles Douglas Wheat**
Folger Wheat & Oppermann
848 Heights Blvd
Houston, TX 77007
713/868-4654
Fax: 17138613189
Email: dwheat@fwo-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Hughes & Hughes HB Buster Hughes**

**Crown Oilfield Services Inc**                represented by    **Robert J Rose, Sr**
     Timaeus & Rose LLP
     1612 IH 20 South
     Beaumont, TX 77707
     409/835-7300
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Torch Inc**                represented by    **Ricky Anthony Raven**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Kellogg Brown & Root Inc**

**Worknet 2000 Inc Worktec, % Jay W.**                represented by    **John Emory Pipkin**
**Owensry**      (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**ABF Fabricators Inc**

**Dolphin Services Inc**                represented by    **James M Tompkins**
     Galloway Johnson Tompkins Burr & Smith
     PLC
     3555 Timmons Lane
     Suite 1225
     Houston, TX 77027
     713/599-0700
     Fax: 17135990777
     Email: jtompkins@gjtbs.com
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

     **Mary Lou Mauro**
     Galloway Johnson Tompkins Burr & Smith
     PLC
     3555 Timmons Lane
     Suite 1225
     Houston, TX 77027
     713/599-0700
     Fax: 17133557600
     Email: mmauro@gjtbs.com
     *ATTORNEY TO BE NOTICED*

**Dynamic Industries Inc**

**Pullman Inc, *The N.W. Kellogg Co. Division***

**Bayou Marine Corp**

**Benoit Machine LLC**                represented by    **Randall Kyle Hawes**
     (See above for address)
     *LEAD ATTORNEY*
     *ATTORNEY TO BE NOTICED*

**Murphy Exploration & Production**                represented by    **James Michael Garner**
**Company**      Sher Garner Cahill Richter
     909 Poydras St
     Suite 2800
     New Orleans, LA 70112

504/299-2100
Fax: 15042992302
Email: jgarner@shergarner.com

**Martin Tower,** *c/o Union Pacific Corporation*

**N W Kellogg Co Division**

| | | |
|---|---|---|
| **Certain Underwriters at Lloyds & Insurance Co** | represented by | **Brian Scott Martin**<br>Thompson Coe Cousins & Irons<br>One Riverway<br>Suite 1600<br>Houston, TX 77056<br>713/403-8282<br>Email: bmartin@thompsoncoe.com<br>*ATTORNEY TO BE NOTICED* |
| **Insurance Co of North America** | represented by | **David Scott Lynch**<br>Coats Rose Yale Ryman & Lee - Houston<br>3 Greenway Plaza<br>Suite 2000<br>Houston, TX 77046<br>Email: dlynch@coatsrose.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Travelers Insurance Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/17/2004 | 1 | NOTICE OF REMOVAL by dfts Lincoln Electric Co, Hobart Bros Co, Sandvik Inc, Praxair Inc, ESAB Group, AvestaPolarit Welding, TDY Industries, Airco, Airgas Gulf-States, Bohler-Thyssen Welding, USA Inc & A O Smith from Jefferson Ctny TX, case No. A-168,572. (Filing fee $150; receipt #108527) with the following:(Attachments: # 1 Exhibit No. 1 State Ct Docket Sheet #(2) Exhibit No. 2 Westlaw citation #(3) Exhibit No. 3 Part 1 of 5 #(4) Exhibit No. 3 Part 2 of 5 #(5) Exhibit No. 3 Part 3 of 5 #(6) Exhibit No. 3 Part 4 of 5 #(7) Exhibit No. 3 Part 5 of 5 #(8) Exhibit No. 4 List of Process Issued #(9) Plas' orig pet #(10) Orig ans by dft Nitram Energy #(11) Orig ans by dft Nooter/Ericksen # 12 Orig by dft Crown Cork & Seal # 13 Orig ans by dft Owens-Illinois # 14 Orig ans by dft Garlock Sealing # 15 Orig ans by dft Metro Life # 16 Orig ans by dft Flintkote Co # 17 Orig ans by dft Ameraflex # 18 Orig ans by dft Honeywell # 19 Orig ans by dft Union Carbide) (aam, ) Additional attachment(s) added 20 thru 155 (aam, ) (Entered: 09/21/2004) |
| 09/22/2004 | 2 | MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation* by A. O. Smith Corporation, Avestapolarit Welding, Inc., Bohler-Thyssen Welding, Inc., ESAB Group, Inc., Hobart Brothers Company, Lincoln Electric Company, Praxair, Inc., Sandvik Inc, TDY Industries Inc. (Waites, Charles) Additional attachment(s) added on 9/22/2004 (bjc, ). (Entered: 09/22/2004) |
| 09/24/2004 | 3 | ANSWER to Complaint with Jury Demand by Braun Welding Supply Inc..(Power, Russell) (Entered: 09/24/2004) |
| 09/27/2004 | | Mailed consent form to atty Russell Power (bjc, ) (Entered: 09/27/2004) |
| 09/27/2004 | 4 | ANSWER to Complaint by Miller Electric Corp.(Henderson, John) (Entered: |

| | | 09/27/2004) |
|---|---|---|
| 10/01/2004 | 5 | RESPONSE to Motion re 2 MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation* filed by J Ray McDermott Inc. (Presnal, Justin) (Entered: 10/01/2004) |
| 10/04/2004 | 6 | Third Party MOTION to Remand by J Ray McDermott Inc. (Attachments: # 1 Text of Proposed Order Motion to Remand)(Presnal, Justin) (Entered: 10/04/2004) |
| 10/05/2004 | 7 | Third Party MOTION to Sever *and Remand of Third-Party Claims* by J Ray McDermott Inc. (Attachments: # 1 Text of Proposed Order)(Presnal, Justin) (Entered: 10/05/2004) |
| 10/08/2004 | 8 | ANSWER to Complaint with Jury Demand by Singer Safety Company. (Miltenberger, Lewis) (Entered: 10/08/2004) |
| 10/14/2004 | 9 | First MOTION to Remand by All Plaintiffs. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Text of Proposed Order)(Craig, Bruce) (Entered: 10/14/2004) |
| 10/14/2004 | 10 | RESPONSE in Opposition re 2 MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation* filed by All Plaintiffs. (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order)(Craig, Bruce) (Entered: 10/14/2004) |
| 10/14/2004 | 11 | First MOTION to Sever *and in Alternative of Remand Subject to All Plaintifffs' Motion for Remand* by David Paul Adams, Albert Aucoin, Dale P Authement, Doug Benoit, Isaac Bergeron, Robert James Bergeron, Eugene Bonvillian, Louis Boudreaux, Earl J Breaux Jr, Willie Breaux, Elmer Joseph Brunet Jr, Thaddeus Chaisson, Bobby Chauvin, Gerald Chauvin, Jack Frank Cosby, Louis Cressione Jr, Paul Crochet Sr, Verlon Daigle, Joseph Dufrene, Maurice J Dufrene Jr, Michael Dupre, Eldridge Durocher, William Edwards, Arthur Ellender Jr, Bobby F Ellender, Clyde Maurice Ezell Jr, Berwick Fonseca Sr, Arthur L Ford Jr, Raymond Foret Jr, Roy Freeman, Phillip A Gaudet Sr, Dale Gautreaux, Oscar Gautreaux, Ronald Gautreaux, Ricky Giroir, Jules Hebert, Gary L Hilton Sr, Willie L Hilton Jr, Rene Himel Sr, Ralph Johnson, Mac Knapp, John Knight, Chester Joseph Lacombe Jr, Harry P LeBoeuf, Wayne N LeBoeuf, Chris Levron, Timothy J Levron, Donnie P Livette, John Lombardi, Murphy Loupe, Eugene Lovell, James Lovell, Arcen Marcel, David G Marcel, Gerald Marcel, Paul R Martello, Billy Troy Martin, Perry Martin, Rodney Martin, Gilbert Matherne Jr, Rickey Mayon, Sterling Mayon, Donald Melancon, Jorge A Mena, Glenn Mitchell, Douglas W Nicole, Gilbert L Olivier Jr, Steve Olivier, Patrick Plaisance, Gerald Polaski, Russell Porche, Edward John Rhodes Jr, Raymond Joseph Richoux Jr, Adley Rink, Charles J Rink, Dan Roberson, Keith Robichaux, Thomas Savoy, Robert James Simon, Freddie Theriot, Jerry F Trosclair, Russel A Verret, Malcolm L Watson, Robert Paul Webre. (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order)(Craig, Bruce) (Entered: 10/14/2004) |
| 10/15/2004 | 12 | ANSWER to Complaint by Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith.(Akin, Gordon) (Entered: 10/15/2004) |
| 10/15/2004 | 13 | *Original* ANSWER to Complaint with Jury Demand by Divers Supply Inc. (Parsons, Mary) (Entered: 10/15/2004) |
| 10/15/2004 | 14 | NOTICE OF REMOVAL by Industrial Welding Supplies of Hattiesburg, Inc. d/b/a |

| | | |
|---|---|---|
| | | Nordan Smith *Consent to Removal* (Akin, Gordon) (Entered: 10/15/2004) |
| 10/15/2004 | 15 | MOTION for Extension of Time to File Response/Reply as to 7 Third Party MOTION to Sever *and Remand of Third-Party Claims*, 6 Third Party MOTION to Remand by A. O. Smith Corporation, Avestapolarit Welding, Inc., Bohler-Thyssen Welding, Inc., Hobart Brothers Company, Lincoln Electric Company, Praxair, Inc., Sandvik Inc, TDY Industries Inc. (Waites, Charles) Additional attachment(s) added on 10/15/2004 (bjc, ). (Entered: 10/15/2004) |
| 10/19/2004 | 16 | Third Party dfts' joinder *of Defendants 2 Motion to Stay All Proceedings Pending Transfer to the MDL* by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) Modified on 10/19/2004 (bjc, ). (Entered: 10/19/2004) |
| 10/19/2004 | 17 | RESPONSE to Motion re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims*, 6 Third Party MOTION to Remand filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 10/19/2004) |
| 10/20/2004 | 18 | DEMAND for Trial by Jury by Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith. (Akin, Gordon) (Entered: 10/20/2004) |
| 10/21/2004 | 19 | Third Party MOTION to Dismiss *Third Party Complaint against RMC Holdings, LLC*, Third Party MOTION for More Definite Statement by RMC Holdings LLC. (Elliott, John) Additional attachment(s) added on 10/21/2004 (bjc, ). (Entered: 10/21/2004) |
| 10/21/2004 | 20 | NOTICE by RMC Holdings LLC *Consenting to Removal* (Elliott, John) (Entered: 10/21/2004) |
| 10/22/2004 | 21 | ANSWER to Complaint by Standard Services Co Inc.(Jones, Michael) (Entered: 10/22/2004) |
| 10/22/2004 | | Mailed consent form to atty Michael L Jones (bjc, ) (Entered: 10/22/2004) |
| 10/26/2004 | 22 | MOTION to Substitute Attorney by General Electric Company. (McFarland, D) Additional attachment(s) added on 10/26/2004 (bjc, ). (Entered: 10/26/2004) |
| 10/26/2004 | 23 | RESPONSE to Motion re 16 Third Party MOTION for Joinder *of Defendants Motion to Stay All Proceedings Pending Transfer to the MDL* filed by J Ray McDermott Inc. (Brenner, Margaret) TWO-PART DOCUMENT, SEE ALSO 24 REPLY. Modified on 10/27/2004 (tkd, ). (Entered: 10/26/2004) |
| 10/26/2004 | 24 | REPLY to Response to Motion re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims*, 6 Third Party MOTION to Remand filed by J Ray McDermott Inc. (Brenner, Margaret) TWO-PART DOCUMENT, SEE ALSO 23 RESPONSE. Modified on 10/27/2004 (tkd, ). (Entered: 10/26/2004) |
| 10/27/2004 | 25 | *Original* ANSWER to Complaint *of Defendant, Aquatic Contractors and Engineers, Inc., Improperly Named as* by Aquatic Contractors & Engineering Inc. (Adams, Kent) (Entered: 10/27/2004) |
| 10/29/2004 | 26 | RESPONSE in Support re 2 MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation Supplemental* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 10/29/2004) |

| 10/29/2004 | 27 | RESPONSE in Opposition re 6 Third Party MOTION to Remand *Or in the Alternative, Motion for Severance and Remand of Third-Party Claims* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 10/29/2004) |
|---|---|---|
| 10/29/2004 | 28 | RESPONSE in Support re 2 MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation and Response to Plaintiffs' Opposition to the Motion to Stay all Proceedings* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 10/29/2004) |
| 10/29/2004 | 29 | RESPONSE in Opposition re 11 First MOTION to Sever *and in Alternative of Remand Subject to All Plaintiffffs' Motion for Remand* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) Modified on 11/1/2004 (fbc, ). ***FILED IN ERROR PLEASE IGNORE. WRONG PDF FILE ATTACHED SEE DOC 31*** (Entered: 10/29/2004) |
| 10/29/2004 | 30 | RESPONSE in Opposition re 9 First MOTION to Remand, 7 Third Party MOTION to Sever *and Remand of Third-Party Claims*, 11 First MOTION to Sever *and in Alternative of Remand Subject to All Plaintiffffs' Motion for Remand*, 6 Third Party MOTION to Remand filed by A. O. Smith Corporation, Alloy Rods Corp, Avestapolarit Welding, Inc., Bohler-Thyssen Welding, Inc., ESAB Group, Inc., Hobart Brothers Company, Lincoln Electric Company, Praxair, Inc., Sandvik Inc, TDY Industries Inc. (Attachments: # 1 # 2 # 3 # 4 # 5 # 6 # 7 # 8 # 9 # 10 # 11 # 12 # 13 # 14 # 15 # 16 # 17)(Waites, Charles) (Entered: 10/29/2004) |
| 11/01/2004 | 31 | RESPONSE in Opposition re 11 First MOTION to Sever *and in Alternative of Remand Subject to All Plaintiffffs' Motion for Remand* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 11/01/2004) |
| 11/01/2004 | 32 | *First Amended* ANSWER to Complaint by Industrial Welding Supplies of Hattiesburg, Inc. d/b/a Nordan Smith.(Akin, Gordon) (Entered: 11/01/2004) |
| 11/01/2004 | | ***FILED IN ERROR. Document # 29, MOTION TO STAY SEE DOC #31. PLEASE IGNORE.*** (fbc, ) (Entered: 11/01/2004) |
| 11/01/2004 | 33 | NOTICE OF REMOVAL by National Electrical Manufacturers Association *Consent to Removal of other Defendants* (Cowles, Jim) (Entered: 11/01/2004) |
| 11/04/2004 | 34 | REPLY to Response to Motion re 11 First MOTION to Sever *and in Alternative of Remand Subject to All Plaintiffffs' Motion for Remand*, 9 First MOTION to Remand, 7 Third Party MOTION to Sever *and Remand of Third-Party Claims*, 6 Third Party MOTION to Remand filed by All Plaintiffs. (Craig, Bruce) (Entered: 11/04/2004) |
| 11/05/2004 | 35 | Third Party MOTION for Summary Judgment *No-Evidence* by Production Management Industries Inc. (Wheat, Charles) Additional attachment(s) added on 11/5/2004 (bjc, ). (Entered: 11/05/2004) |
| 11/05/2004 | 36 | RESPONSE to Motion re 19 Third Party MOTION to Dismiss *Third Party Complaint against RMC Holdings, LLC*Third Party MOTION for More Definite Statement filed by J Ray McDermott Inc. (Attachments: # 1 Text of Proposed Order)(Brenner, Margaret) (Entered: 11/05/2004) |
| | | |

| 11/05/2004 | 37 | REPLY to Response to Motion re 2 MOTION to Stay *All Proceedings Pending Transfer By the Judicial Panel On Multidistrict Litigation Reply To Certain Underwriters Supplemental Response* filed by J Ray McDermott Inc. (Brenner, Margaret) (Entered: 11/05/2004) |
| 11/05/2004 | 38 | REPLY to Response to Motion re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims,* 6 Third Party MOTION to Remand *Reply to Removing Defendants Opposition* filed by J Ray McDermott Inc. (Brenner, Margaret) (Entered: 11/05/2004) |
| 11/10/2004 | 39 | *Third-Party Defendant, Manpower International, Inc.'s* ANSWER to Complaint (Notice of Removal) *Consent to Removal* by Manpower Inc Domestic Subsidiaries. (Adams, Kent) (Entered: 11/10/2004) |
| 11/10/2004 | 40 | *Third-Party Defendant, Industrial Welding Supply Company of Harvey, Inc.'s* ANSWER to Complaint (Notice of Removal) *Consent to Removal* by Industrial Welding Supply Co of Harvey Inc. (Adams, Kent) (Entered: 11/10/2004) |
| 11/10/2004 | 41 | *Defendant, Aquatic Contractors and Engineers, Inc.'s* ANSWER to Complaint (Notice of Removal) *, Consent to Removal* by Aquatic Contractor's and Engineers. (Adams, Kent) (Entered: 11/10/2004) |
| 11/10/2004 | 42 | *Third-Party Defendant, Fluor Daniel Services Corporation's* ANSWER to Complaint (Notice of Removal) *, Consent to Removal* by Fluor Daniel Services Corporation. (Adams, Kent) (Entered: 11/10/2004) |
| 11/11/2004 | 43 | REPLY to Response to Motion re 19 Third Party MOTION to Dismiss *Third Party Complaint against RMC Holdings, LLC*Third Party MOTION for More Definite Statement filed by RMC Holdings LLC. (Elliott, John) (Entered: 11/11/2004) |
| 11/12/2004 | 44 | NOTICE by Standard Services Co Inc *Consent To Removal* (Jones, Michael) (Entered: 11/12/2004) |
| 11/19/2004 | 45 | AFFIDAVIT in Support re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims,* 6 Third Party MOTION to Remand *Supplement to Motion* filed by J Ray McDermott Inc. (Attachments: # 1 Exhibit)(Brenner, Margaret) (Entered: 11/19/2004) |
| 11/19/2004 | 46 | NOTICE by Dolphin Services Inc *Consent to Removal* (Tompkins, James) (Entered: 11/19/2004) |
| 11/19/2004 | 47 | ORDER Setting Hearing on Motion 6 Third Party MOTION to Remand, 9 First MOTION to Remand: Motion Hearing set for 12/1/2004 03:00 PM in Ctrm 1 (Beaumont) before Judge Thad Heartfield.. Signed by Judge Thad Heartfield on 11/19/04. (bjc, ) (Entered: 11/22/2004) |
| 11/19/2004 | 48 | ORDER granting 22 Motion to Substitute Attorney. Added attorney D Mitchell McFarland for General Electric Company. Attorney Rachel Giesber Clingman terminated . Signed by Judge Thad Heartfield on 11/19/04. (bjc, ) (Entered: 11/22/2004) |
| 11/19/2004 | 49 | ORDER granting 15 Motion for Extension of Time to respond to McDermont's motion to remand until 10/29/04. Signed by Judge Thad Heartfield on 11/19/04. (bjc, ) (Entered: 11/22/2004) |

| 11/19/2004 | | Notified Attorney, Karen M Alvarado, Kenneth Camp Bailey, Frank Mason Bean, David Cornelius Carlile, Brian Scott Clary, John R Dolezal, Joanne Early, Laurie Blazek Easter, Catherine Krahl Faubion, Keith William Foley, Frank G Harmon III, Randall Kyle Hawes, Harold H Hunter, Jessica R Jones, John Michael Jordan, Timothy R McDonough, Peter A Moir, James A Newsom, Todd Duane Ogden, Wayne Peveto, Mark Randall Pickering, John Emory Pipkin, Jenifer King Points, Kenneth David Rhodes, Robert J Rose Sr, Joe Michael Russell, H Daniel Spain, Kyle Christopher Steele, Thomas W Taylor, Melissa Lutgring Theriot, Steven Ray Thomas, James Michael Thompson, Theodore Voorhees Jr, Clay Marion White, Michael Don Williams, Per GO 04-12, this court no longer accepts pleadings in paper form. The Clerk will no longer mail or fax notices or orders to parties. All notices and orders generated by this court shall be sent electronically. (bjc, ) (Entered: 11/22/2004) |
| 11/23/2004 | 50 | RESPONSE in Opposition re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims* filed by RMC Holdings LLC. (Attachments: # 1 Text of Proposed Order)(Elliott, John) (Entered: 11/23/2004) |
| 11/24/2004 | 51 | NOTICE by A. O. Smith Corporation, Avestapolarit Welding, Inc., Bohler-Thyssen Welding, Inc., ESAB Group, Inc., Hobart Brothers Company, Lincoln Electric Company, Praxair, Inc., Sandvik Inc, TDY Industries Inc *of Conditional Transfer and Supplement to Removing Defendants' Opposition to Motions to Remand and/or Sever* (Waites, Charles) Additional attachment(s) added on 11/29/2004 (bjc, ). Additional attachment(s) added on 11/29/2004 (bjc, ). (Entered: 11/24/2004) |
| 11/24/2004 | 52 | **\*\*\* FILED IN ERROR. BLANK ORDERS ARE NOT FILED AS A SEPARATE DOCUMENT. PLEASE IGNORE.\*\*\***<br><br>Proposed Pretrial Order *for Stay* by A. O. Smith Corporation, Alloy Rods Corp, Avestapolarit Welding, Inc., Bohler-Thyssen Welding, Inc., ESAB Group, Inc., Hobart Brothers Company, Lincoln Electric Company, Praxair, Inc., Sandvik Inc, TDY Industries Inc. (Waites, Charles) Modified on 11/24/2004 (bjc, ). (Entered: 11/24/2004) |
| 11/24/2004 | 53 | ORDERED that all cnsl who intend to be heard at the remand hrg are directed to advise the ct no later than 11/30/04 at 5:00 p.m. . Signed by Judge Thad Heartfield on 11/24/04. (bjc, ) (Entered: 11/24/2004) |
| 11/30/2004 | 54 | RESPONSE to Motion re 7 Third Party MOTION to Sever *and Remand of Third-Party Claims and Response to Supplement to Third-Party Plaintiff's Alternative Motion for Severance and Remand of Third-Party Claims* filed by Certain Underwriters at Lloyds & Insurance Co. (Martin, Brian) (Entered: 11/30/2004) |
| 11/30/2004 | 55 | MOTION to Substitute Attorney by Air Liquide America Corporation, Big Three Industries, Inc.. (Attachments: # 1 Text of Proposed Order Proposed Order to Substitute Counsel)(Waites, Charles) (Entered: 11/30/2004) |
| 11/30/2004 | 56 | NOTICE by Danos & Curole Marine Contractors LLC, Global Industries Offshore LLC, Pneumo Abex Corporation *Consent to Removal* (Knabeschuh, Louis) (Entered: 11/30/2004) |
| 11/30/2004 | 57 | ORDER granting 55 Motion to Substitute Attorney. Added attorney John G Bissell for Air Liquide America Corporation. Attorney Hubert Oxford terminated . Signed by Judge Thad Heartfield on 11/30/04. (bjc, ) (Entered: 12/02/2004) |

| 12/01/2004 | 58 | Minute Entry for proceedings held before Judge Thad Heartfield : Motion Hearing held on 12/1/2004 re 9 First MOTION to Remand filed by All Plaintiffs, 7 Third Party MOTION to Sever and Remand of Third-Party Claims filed by J Ray McDermott Inc, 6 Third Party MOTION to Remand filed by J Ray McDermott Inc. Parties presented argument. Court takes motion under advisement and will enter order at later date. (Court Reporter Frank McMillan.) (mfr, ) (Entered: 12/06/2004) |
| 12/09/2004 | 59 | Letter from MDL regarding opposition to the proposed transfer to MDL. (bjc, ) (Entered: 12/09/2004) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/13/2004 14:08:42 | | |
| PACER Login: | bp0265 | Client Code: | 052135.000002 |
| Description: | Docket Report | Search Criteria: | 1:04-cv-00597-TH |
| Billable Pages: | 23 | Cost: | 1.61 |