

**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 20 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

In re:   Asbestos Product Liability Litigation (No. VI)          MDL No. 875

CTO-239

* * * This notice applies only to *Glenn Soileau v. Cajun Electric Power Cooperative, et al.*, La. MD Cause No. 04-512

## MOTION AND INCORPORATED BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

**MAY IT PLEASE THE COURT:**

Plaintiff moves the Court to vacate the conditional transfer order as it applies to his case for the following reasons.

I.

Plaintiff filed this action for an asbestos-related illness on June 16, 2004 in the 19th J.D.C. for the Parish of East Baton Rouge, State of Louisiana. The action was removed to the Middle District of Louisiana whereupon remand proceedings commenced.

II

On October 7, 2004, the Magistrate Judge issued a five-page report recommending remand on this action. Exhibit A. Specifically, Magistrate Judge Nolan found that "[t]he defendants have not met their burden [on remand]" and "[a]ccordingly, it is recommended that plaintiff's Motion to

PLEADING NO. 4366

OFFICIAL FILE COPY IMAGED DEC 20 '04

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 20 2004

FILED
CLERK'S OFFICE

Remand be granted . . . ." Exhibit A at 5 (citation omitted).

III

Defendant, Honeywell International, Inc., has objected to the Magistrate Judge's report on the motion to remand and plaintiff has filed his reply. Exhibit B, Docket Nos. 19, 22. Wherefore, the relevant jurisdictional issues have been briefed, the Magistrate Judge has recommended remand and the parties are merely awaiting the Court's final ruling on remand.

For all of these reasons, plaintiff submits that transfer would be inappropriate at this time and prays that his motion to vacate is granted.

Respectfully submitted,

**MARTZELL & BICKFORD**

_____
SCOTT R. BICKFORD, T.A. (1165)
SPENCER R. DOODY (27795)
338 Lafayette Street
New Orleans, LA 70130
(504) 581-9065
(504) 581-7635 Fax
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the forgoing has been served on all parties listed on the attached Panel Service List by depositing the same in the United States mail, postage pre-paid and properly addressed, on this 14 day of December, 2004.

_____
SPENCER R. DOODY

# PANEL SERVICE LIST (Excerpted from CTO-239)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Glenn Soileau v. Cajun Electric Power Cooperative, et al.*, M.D. Louisiana, C.A. No. 3:04-512 (Judge John V. Parker)

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Dwight L. Acomb
W. F. Bologna & Associates
1515 Poydras Street
Suite 2323
New Orleans, LA 70112

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Roy Clifton Cheatwood
Phelps, Dunbar, L.L.P.
365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406





JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 0 2004

FILED
CLERK'S OFFICE

# United States District Court

Middle District of Louisiana

Notice of Orders or Judgments
Fed. R. Civ. P. 77(d)

Date:   10/07/04

To:   Scott R. Bickford
Martzell & Bickford
338 Lafayette St.
New Orleans, LA  70130



RECEIVED
OCT - 7 2004
S. R. BICKFORD

Re: Case Number:           Instrument Number:
      3:04-cv-00512                                        18

This fax will be attempted five times.  If you have not received a complete
fax on that attempt it will be automatically printed and mailed to you.
For questions, please call (225)389-3500.

Number of pages including cover sheet:        7



EXHIBIT
A

[*]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GLENN SOILEAU | CIVIL ACTION |
| VERSUS | |
| CAJUN ELECTRIC POWER COOPERATIVE, INC., ET AL. | NO. 04-512-A-M2 |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, this 7th day of October, 2004.

RECEIVED OCT - 8 2004 S. R. BICKFORD

MAGISTRATE JUDGE CHRISTINE NOLAND

Date Docketed OCT 07 2004

CN, JP
PH, Bickford, Bologna,
Shuman, Swetman.

INITIALS  DOCKET#

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA.

04 OCT -7 PM 4:03

GLENN SOILEAU

VERSUS

CAJUN ELECTRIC POWER
COOPERATIVE, INC., ET AL.

CIVIL ACTION
by DEPUTY CLERK

NO. 04-512-A-M2

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the plaintiff's Motion to Remand (R. Doc. 8). The plaintiff seeks to remand this case to state court because, he alleges, the presence of Louisiana defendants destroys the Court's diversity jurisdiction. The defendants oppose the motion, arguing that the Louisiana defendants were fraudulently joined.

### FACTS AND PROCEDURAL HISTORY

This is an asbestos-exposure case. Plaintiff Glenn Soileau's petition alleges that he worked as an automotive mechanic for a number of years. During that time, he alleges that he was exposed to asbestos fibers as a result of working on brake and clutch products.

Soileau filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge. His petition named several defendants who allegedly manufactured vehicles that had the asbestos-containing components. He also sued Cajun Electric Power Cooperative and Gulf States Utilities Co. (now known as Entergy), alleging that he was exposed to some of the asbestos products while working on their premises.

On July 26, 2004, the defendants removed the case to this court. They allege that both Cajun Electric and Entergy were fraudulently joined to defeat diversity jurisdiction.

[*]

## ANALYSIS

The removing party carries a heavy burden when attempting to prove fraudulent joinder. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, there is no fraudulent joinder. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003). In determining whether there is an arguably reasonable basis for the plaintiffs' claims, a district court must resolve any contested issues of material fact and any ambiguity or uncertainty in the controlling state law in the plaintiffs' favor. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999). If there is any possibility the plaintiffs have stated a cause of action against any non-diverse defendant, the court must conclude that joinder is proper, thereby defeating diversity and requiring the case to be remanded. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

The defendants argue there is no possibility of liability under Louisiana law for either Cajun Electric or Entergy as mere "premises defendants." The defendants essentially argue that the vehicles' presence constituted a temporary condition and thus cannot be considered a "premises defect" under La. Civ. Code art. 2317.[1]

The defendants are correct that under Louisiana law, a temporary condition may constitute a hazard, but it does not constitute a defect for purposes of art. 2317. *Paul v. Royal Ins. Co.*, 628 So.2d 1174, 1176 (La.App. 3rd Cir. 1993), *writ den.*, 632 So.2d 770 (La.

---

[1] Soileau argues, and the defendants do not dispute, that because the asbestos exposure occurred before the Louisiana Legislature amended art. 2317 to do away with that article's strict liability standard in favor of a negligence test, the older standard applies. However, as will become apparent, the requirement under the negligence standard that the plaintiff prove actual or constructive knowledge of a hazard, does not affect the outcome of this motion.

2

[*]

1994); *Barron v. Webb*, 698 So.2d 727, 730 (La.App. 2nd Cir. 1997), *writ den.*, 703 So.2d 651 (La. 1997); *Dauzat v. Thompson Construction Co., Inc.*, 839 So.2d 319, 323 (La.App. 5th Cir. 2003).

There is little doubt that a motor vehicle housed at a utility company facility is there temporarily. The entire purpose of a motor vehicle, after all, is to move. If it were not, there would be no need for a mechanic such as the plaintiff to work on it.

This, however, does not answer the critical question: Is there an arguably reasonable basis for predicting that a state court could find Cajun Electric or Entergy liable for having custody or control over the asbestos-containing products themselves?

Soileau's petition does not limit itself to allegations of a defective "premises," although he refers to the Louisiana defendants as "Premises Defendants." The petition specifically alleges that Soileau "was exposed to and inhaled *asbestos fibers that were in the custody and control* of the Premises Defendants." (Original Petition, ¶ 29, emphasis added.) Thus, the allegations plainly suggest the vehicles belonged to the Premises Defendants. It would be difficult to understand how the Premises Defendants could have custody and control over the asbestos-containing products if they did not also have custody or control over the vehicles to which those products were attached.

Louisiana law provides a cause of action against the owner or custodian of a defective automobile under art. 2317. A good example can be found in *McKey v. General Motors Corp.*, 691 So.2d 164 (La.App. 1st Cir. 1997). In *McKey*, the service manager of an automobile repair department was injured when he attempted to move a car that a customer had brought in for repair. When the service manager put the car in reverse and

3

[*]

touched the accelerator, the car went full throttle into reverse. The service manager could not control the car, and it backed onto a four-lane road, colliding with an 18-wheel tanker truck.

The service manager sued the car's manufacturer, the car's owner and her insurer. The insurer moved for summary judgment on the issue of whether the owner of the car could be found strictly liable for the car's defects. The trial court granted summary judgment, but the court of appeals reversed.

The court found that the car's owner could be held liable for the injuries unless she could prove that they were caused by the fault of the victim, the fault of a third person or an irresistible force. The court found there were genuine issues of fact regarding the issue of whether the car manufacturer's fault precluded liability for the car's owner.

In the present case, it is likely that the Premises Defendants would argue that the fault of third parties (the vehicle manufacturers) precludes a finding that they are liable as the owners or custodians of the vehicles. However, for purposes of this motion, there are two problems that prevent the Court from concluding that such "third-party fault" negates the possibility of liability for the Premises Defendants.

The first is that there are no allegations in the petition, nor any evidence before the Court, to show whether the brakes and clutches on which Soileau worked were originally installed by the manufacturer or were replacement brakes chosen and supplied by the vehicle's owners/custodians. The second, which is closely related to the first, is that under Louisiana law, third-party fault is a defense on which the defendant bears the burden of proof. E.g, *White v. Louviere*, 664 So.2d 603, 605 (La.App. 3rd Cir. 1995)

4

[*]

The defendants have not presented any evidence to demonstrate that the motor vehicles Soileau worked on at the Cajun Electric and Entergy facilities were under the custody or control of someone for whom those defendants would not be responsible. Nor have the defendants presented any evidence that would explain why motor vehicles that belonged to someone other than the Premises Defendants were being repaired at their facilities. As the removing parties, the defendants bear the burden of proving the existence of subject-matter jurisdiction. *Texas Beef Group v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000). The defendants have not met their burden.

## RECOMMENDATION

Accordingly, it is recommended that the plaintiff's Motion to Remand (R. Doc. 8) be granted and that this case be remanded to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, this 7th day of October, 2004.

*[signature]*
**MAGISTRATE JUDGE CHRISTINE NOLAND**

# U.S. District Court
## Middle District of Louisiana (Baton Rouge)

### CIVIL DOCKET FOR CASE #: 04-CV-512

### Soileau v. Cajun Electric Power, et al

Filed: 07/26/04
Assigned to: Judge John V. Parker
Jury demand: Defendant
Demand: $0,000
Nature of Suit: 368
Lead Docket: None
Jurisdiction: Diversity
Dkt # in 19th JDC : is 521308
Cause: 28:1332 Diversity-Product Liability

---

GLENN SOILEAU
    plaintiff

Scott R. Bickford
504-581-7635 FAX
[COR LD NTC]
Spencer Ryan Doody
[COR]
Martzell & Bickford
338 Lafayette St.
New Orleans, LA 70130
USA
504-581-9065
FTS 581-7635

   v.
CAJUN ELECTRIC POWER
COOPERATIVE
    defendant
GULF STATES UTILITIES COMPANY
    defendant
DAIMLER CHRYSLER CORPORATION
    defendant

Dwight L. Acomb
504-522-7224 FAX
[COR]
William F. Bologna
[COR LD NTC]
William F. Bologna & Associates
1515 Poydras St.
Suite 2323
New Orleans, LA 70112
USA
504-524-2323
FTS 522-7224
Roy C. Cheatwood
504-636-4000 FAX
[COR]
Caroline McSherry Dolan
[COR]

EXHIBIT B

|                                  |                                       |
|----------------------------------|---------------------------------------|
|                                  | Pamela W. Carter<br>[COR]<br>Baker, Donelson, Bearman,<br>Caldwell & Berkowitz, PC<br>201 St. Charles Avenue<br>Suite 3600<br>New Orleans, LA 70170<br>504-566-5200<br>FTS 636-4000 |
| HONEYWELL INTERNATIONAL INC.<br>    defendant | Eric Alan Shuman<br>504-596-2861 FAX<br>[COR LD NTC]<br>McGlinchey Stafford, PLLC<br>643 Magazine Street<br>New Orleans, LA 70130<br>USA<br>504-586-1200<br>FTS 596-2800 |
| BORG-WARNER CORPORATION<br>fka<br>Burns International Services Corporation<br>    defendant | Troy Nathan Bell<br>504-528-9640 FAX<br>[COR]<br>Glenn Lyle Maximilian Swetman<br>[COR LD NTC]<br>John E. Unsworth, III<br>504-528-9616 FAX<br>[COR]<br>Jeanette Seraile Riggins<br>[COR]<br>Aultman, Tyner, Ruffin &<br>Yarborough<br>400 Poydras Street<br>Suite 1900<br>New Orleans, LA 70130<br>USA<br>504-528-9616<br>FTS 528-9640 |
| FORD MOTOR COMPANY<br>    defendant | Lawrence E. Abbott<br>[COR LD NTC]<br>Deborah Kuchler<br>504-568-9393 FAX<br>[COR]<br>Sarah E. Iiams<br>[COR]<br>Joseph Henry Hart, IV<br>[COR]<br>Janika D. Polk<br>[COR]<br>Demarcus J. Gordon<br>504-524-1933 FAX<br>[COR]<br>Abbott, Simses & Kuchler<br>400 Lafayette Street<br>Suite 200<br>New Orleans, LA 70130<br>USA<br>504-568-9393<br>FTS 524-1933 |
| GENERAL MOTORS CORPORATION<br>    defendant | Lawrence E. Abbott<br>(See above)<br>[COR LD NTC] |

```
                        Deborah Kuchler
                        (See above)
                        [COR]
                        Sarah E. Iiams
                        (See above)
                        [COR]
                        Joseph Henry Hart, IV
                        (See above)
                        [COR]
                        Janika D. Polk
                        (See above)
                        [COR]
                        Demarcus J. Gordon
                        (See above)
                        [COR]
```

## DOCKET PROCEEDINGS

DATE     # IMG           DOCKET    ENTRY

7/26/04  1       NOTICE OF REMOVAL;   FILING FEE $ 150.00   RECEIPT # 83995
                 (elp)

7/30/04  2       NOTICE of Jury Demand by Glenn Soileau (dcb)
                 [Entry date 08/02/04]

8/11/04  3       ORDER set Scheduling Conference for 9:45 12/9/04, set
                 Status Report deadline to 11/29/04   ( signed by Mag. Judge
                 Christine Noland ), issued notices. (dcb)

8/13/04  4       ANSWER to Complaint by Ford Motor Company   (Attorney
                 Deborah Kuchler, Sarah E. Iiams, Demarcus J. Gordon),; jury
                 demand (dcap)

8/13/04  5       ANSWER to Complaint by General Motors Corp.   (Attorney
                 Deborah Kuchler, Sarah E. Iiams, Demarcus J. Gordon),; jury
                 demand (dcap)

8/18/04  6       NOTICE of Related Events by Honeywell Internatio (sah)
                 [Entry date 08/19/04]

8/20/04  7       NOTICE...Considering the attached letter, the Court has
                 determined that it is premature to cancel the 12/9/04
                 scheduling cnf and other deadlines at this time...The Court
                 will review the record in November to determine the status
                 of the case and may cancel the conference at that time... (
                 signed by Mag. Judge Christine Noland ), issued notices.
                 (dcb)

| Date | # | Description |
|---|---|---|
| 8/27/04 | 8 | MOTION by Glenn Soileau (Attorney Spencer Ryan Doody) to Remand (dcb) |
| 8/27/04 | -- | Motion(s) referred to Mag. Judge Christine Noland : [8-1] motion to Remand (dcb) |
| 8/27/04 | 9 | MEMORANDUM by Glenn Soileau in support of [8-1] motion to Remand by Glenn Soileau (dcb) |
| 8/30/04 | 10 | MEMORANDUM by Honeywell Internatio in opposition to [8-1] motion to Remand by Glenn Soileau (dcb) [Entry date 08/31/04] |
| 8/30/04 | -- | Motion(s) referred to Mag. Judge Christine Noland : [8-1] motion to Remand (dcb) [Entry date 08/31/04] |
| 9/1/04 | 11 | ANSWER to Complaint by Daimler Chrysler (nlt) |
| 9/1/04 | 12 | MEMORANDUM by Daimler Chrysler in opposition to [8-1] motion to Remand by Glenn Soileau (nlt) |
| 9/3/04 | 13 | MOTION by Daimler Chrysler to enroll Roy Cheatwood, CAroline Doland and Pamela Carter as additional counsel (dcap) [Entry date 09/07/04] |
| 9/3/04 | -- | Motion(s) referred to Mag. Judge Christine Noland : [13-1] motion to enroll Roy Cheatwood, CAroline Doland and Pamela Carter as additional counsel (dcap) [Entry date 09/07/04] |
| 9/7/04 | 14 | ORDER granting [13-1] motion to enroll Roy Cheatwood, CAroline Doland and Pamela Carter as additional counsel by Daimler Chrysler enrolling additional attorney Roy C. Cheatwood, Caroline McSherry Dolan, Pamela W. Carter ( signed by Mag. Judge Christine Noland ), issued notices. (elp) |
| 9/13/04 | 15 | MOTION by Honeywell Internatio for Leave to File supplemental opposition to motion to remand (nlt) |
| 9/13/04 | -- | Motion(s) referred to Mag. Judge Christine Noland : [15-1] motion for Leave to File supplemental opposition to motion to remand (nlt) |
| 9/20/04 | 16 | ORDER granting [15-1] motion for Leave to File supplemental opposition to motion to remand by Honeywell Internatio ( signed by Mag. Judge Christine Noland ), issued notices. (elp) |
| 9/20/04 | 17 | Supplemental Memo by Honeywell Internatio in Opposition to [8-1] motion to Remand by Glenn Soileau (elp) |
| 10/7/04 | 18 | REPORT AND RECOMMENDATIONS of Mag. Judge Christine Noland...It is recommended that the plaintiff's Motion to |

|  |  |  |
|---|---|---|
|  |  | Remand (rec.doc.no.8) be granted and that this case be remanded to the 19th JDC for the Parish of EBR, State of LA... Re: [8-1] motion to Remand ; Motion no longer referred Objections to R and R due by 10/25/04 (dcb) |
| 10/14/04 | 19 | OBJECTION by Honeywell Internatio to [18-1] report and recommendations (dcb) [Entry date 10/15/04] |
| 10/29/04 | 20 | MOTION by Glenn Soileau for Leave to File Untimely Opposition to Objections to USMJ R&R...document submitted (dcb) [Entry date 11/01/04] |
| 10/29/04 | -- | Motion(s) referred to Mag. Judge Christine Noland : [20-1] motion for Leave to File Untimely Opposition to Objections to USMJ R&R (dcb) [Entry date 11/01/04] |
| 11/4/04 | 21 | ORDER granting [20-1] motion for Leave to File Untimely Opposition to Objections to USMJ R&R by Glenn Soileau ( signed by Mag. Judge Christine Noland ), issued notices. (dcb) |
| 11/4/04 | 22 | MEMORANDUM by Glenn Soileau in opposition to [19-1] objection by Honeywell Internatio (dcb) |
| 11/19/04 | 23 | ORDER...The scheduling conference set for 12/9/04 is hereby cancelled and will be reset after a ruling has been entered on the pending motion to remand... terminated deadlines ( signed by Mag. Judge Christine Noland ), issued notices. (dcb) |

Case Flags:
CN

END OF DOCKET: 3:04cv512

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/14/2004 11:37:13 | | | |
| PACER Login: | jm0075 | Client Code: | Glenn Soileau |
| Description: | docket report | Search Criteria: | 3:04cv00512 |
| Billable Pages: | 6 | Cost: | 0.42 |