JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 3 2004

FILED
CLERK'S OFFICE

MDL 875

OFFICIAL FILE COPY

IMAGED DEC 23 '04

PLEADING NO. 4371

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| GALE D. WALKER, | * | |
| Plaintiff | * | MDL Docket No. MDL-875 |
| vs. | * | |
| OWENS ILLINOIS GLASS COMPANY, et al. | * | Civil Action No. AMD04CV03278 |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER

### INTRODUCTION

This brief is filed pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multi-District Litigation, in support of Plaintiff's Motion to Vacate the Conditional Transfer Order of the Panel ordering the transfer of this case to the Eastern District of Pennsylvania in accordance with 28 U.S.C. §1407. This case was originally filed in the Circuit Court for Baltimore City and sought damages from the defendants who are manufacturers, distributors or installers of asbestos-containing products. It is alleged that the Plaintiff developed a lung cancer caused by exposure to asbestos, which resulted from his occupational exposure to asbestos products for which the Defendants are responsible. Certain Defendants removed this case to the United States District Court for the Northern District of Maryland on grounds that federal jurisdiction existed because Plaintiff's exposure to asbestos occurred while he was employed as an aircraft mechanic certified by the F.A.A. The Notice of Removal alleges that there is exclusive jurisdiction since any injuries Plaintiff sustained while so employed are completely preempted by the Federal Aviation Regulations.

**ARGUMENT**

I. **THIS PROCEEDING IS NOT THE PROPER SUBJECT OF MULTI-DISTRICT LITIGATION.**

An action may be transferred for coordinated or consolidated pre-trial proceedings only when there are common issues of fact and when the transfer will "serve the convenience of the parties and witnesses" and will "promote the just and efficient conduct" of action. 28 U.S.C. §1407. The fact that a case has been designated a "tagalong case" does not preclude the necessity of that determination. See: In Re: Grain Shipments, 319 at Supp. 533 (JPML 1970).

It is the position of the Plaintiff, Gale D. Walker, that transfer by this panel is not appropriate because there are no issues to be resolved in this proceeding which have commonality with the asbestos personal injury cases pending in the Eastern District of Pennsylvania and that neither the convenience of the parties and witnesses nor the just and efficient conduct of the case will be served by transfer to the Eastern District of Pennsylvania.

Even though the claim presented in this proceeding and the issues involved are similar to those presented in the pending MDL cases in the Eastern District of Pennsylvania, the common issues have previously been resolved by the Maryland State Courts and the only pre-trial proceedings which are required are those which are plaintiff-specific and which cannot be resolved in the Multi-District Litigation proceedings.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues which are common to all of the consolidated cases. 28 U.S.C. §1407(a) provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pre-trial proceedings. Such transfers shall be made by the Judicial

> Panel on Multi-District Litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pre-trial proceedings to the district from which it was transferred unless it shall have been previously terminated: provided, however, that the panel may separate any claim, cross-claim, counter-claim or third-party claim and remand any of such claims before the remainder of the action is remanded.

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the purposes of the Multi-District Litigation statute, since that transfer will not serve the convenience of the parties and witnesses and will not promote just and efficient conduct as they relate to the prosecution of this action. This case was originally filed in the Circuit Court for Baltimore City which has extensive experience in asbestos litigation and has implemented innovative trial plans to resolve the back-load of pending cases. The Judges for the Circuit Court for Baltimore City, in recognition of the fact that mesothelioma cases are the most serious, have formulated a policy whereby mesothelioma cases are set for trial on a priority basis and receive prompt trial dates without regard to the fact that they have been recently filed. Because of that trial plan, there is no backlog of pending mesothelioma cases in the Circuit Court for Baltimore City, since prompt and efficient resolution of these cases, either by settlement or verdict, is assured.

In the Circuit Court for Baltimore City, a prompt trial date is assured and, if this case is transferred to the Eastern District of Pennsylvania, the only result will be an unjustified delay of this proceeding without the stated purposes and goals of the Multi-District Litigation being satisfied.

The interest of justice will be served in this case by a prompt resolution of the issues presented. That will not occur if this case is transferred to the Eastern District of Pennsylvania and

3

will result in an unjustified delay in this proceeding.

**II      THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.**

Over the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on the issues common to those cases to such an extent that, in the Circuit Court for Baltimore City, these common issues are subject to uniform decisions which are made applicable in each case. In the mesothelioma cases, which are now being tried on an expedited basis in Baltimore City, discovery concerning these common issues is rarely, if ever, conducted because these issues have been the subject of repeated discovery and further proceedings simply are not justified.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding. These two consolidated actions, <u>ACandS, Inc. v. Godwin</u>, 340 Md. 334, 667 A.2d 116 (1995) and <u>ACandS v. Abate</u>, 121 Md. App. 590, 710 A.2d 944 (1998) were held for the purposes of resolving common issues found in all asbestos personal injury cases. The Maryland Court of Appeals found in <u>Godwin</u> that asbestos cases were particularly suitable for consolidation because the evidence required to prove the common issues took an inordinate amount of trial time and had to be presented in each individual case. In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case. Also, the common issue findings in <u>Godwin</u> and <u>Abate</u> have been made applicable to other cases which were not part of the consolidation under the doctrine of collateral estoppel. The pre-trial common issues resolved in those large consolidations involve the same issues

which MDL will address.

As a result of the disposition of the prior Maryland asbestos cases, all discovery of common issues in such cases have been completed, leaving only the plaintiff-specific discovery pending. Such discovery would be timely conducted before the U.S. District Court for the District of Maryland and no cognizable benefit could be derived from the transfer of this case to MDL, a forum devoted to the disposition of pre-trial issues existing case-wide. The resolution by MDL of these pre-trial issues in the present case is simply redundant and will not promote efficiency.

When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited trial plan, the only issues which are subject to pre-trial discovery are those, such as causation, damages, medical evidence, etc., which are specific to a particular plaintiff's case. The plaintiff-specific issues are not considered by the MDL Court and will be resolved by the transferor court at some later date. This will mean the resolution of this case would be delayed until the MDL Court has resolved these common issues. Only at that time will this case be remanded to the U.S. District Court for the District of Maryland where a resolution of the plaintiff-specific issues and discovery will begin. See: In Re: Radiation Incident at Washington, D.C., April 5, 1974, 400 Fed. Supp. 1404 (1975). Under the circumstances of this case, the Multi-District Litigation Plan does not promote efficiency or serve justice. The plaintiff-specific discovery, which is all that is necessary to prepare this action for trial, will be delayed, while the Multi-District Litigation Court resolves common issues which have previously been resolved by virtue of prior asbestos litigation.

## CONCLUSION

Before the Panel may transfer cases pursuant to 28 U.S.C. §1407, it must make an affirmative finding that (1) transfer will be for the convenience of the parties and witnesses and (2) will promote the just and efficient conduct of the cases. For the reasons stated herein, movant submits that neither of the required findings can be made and, thus, respectfully asks that the Panel vacate the conditional transfer order.

Respectfully submitted,

Ronald E. Richardson, Esquire
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 N. Charles Street
Baltimore, MD 21201
(410) 649-2000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the **21st** day of **December, 2004**, one copy of the foregoing Motion and Brief to Vacate Conditional Transfer Order was sent, via First Class Mail, Postage Prepaid, to all listed on the attached Panel Service List.

Ronald E. Richardson, Esquire
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 N. Charles Street
Baltimore, MD 21201
(410) 649-2000
*Attorneys for Plaintiff*

RECEIVED CLERK'S OFFICE 2004 DEC 22 P 3: 59 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-237)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Gale D. Walker v. Owens Illinois Glass Co., et al.*, D. Maryland. C.A. No. 1:04-3278 (Judge André M. Davis)

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Thomas C. Beach, III
Whiteford, Taylor & Preston, LLP
7 St. Paul Street, Suite 1400
Baltimore, MD 21202-1626

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Pamela T. Broache
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

George M. Church
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

John Stewart Cobb
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Paul Joseph Day
Piper Rudnick, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Michael Albert Desantis
Hartel Kane Desantis MacDonald & Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballon
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Robert L. Hebb
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21202

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Scott Allen Lewis Hinshaw
Hunton & Williams, LLP
1900 K Street, NW
Suite 1200
Washington, DC 20006

Andrew Janquitto
Mudd, Harrison & Burch
105 West Chesapeake Avenue
Suite 300
Towson, MD 21204

Robert D. Klein
Wharton, Levin, Ehrmantraut, Klein & Nash
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stephen S. McCloskey
Simms Showers, LLP
20 S. Charles Street
Suite 702
Baltimore, MD 21202

Donald S. Meringer
McCarter & English, LLP
300 E. Lombard Street
Suite 1000
Baltimore, MD 21202

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Richard T. Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Ronald Eugene Richardson
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Michael A. Stodghill
Rubin & Rubin Chartered
One Church Street
Suite 301
Rockville, MD 20850

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Gerry H. Tostanoski
Tydings & Rosenberg, LLP
100 East Pratt Street
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406