MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-239)**

| | |
|---|---|
| PHILIP MAITA and MARIE MAITA, | : |
| Plaintiffs, | : |
| -against- | : S.D.N.Y. Civ. Action No. 04-7038 |
| | : Judge George B. Daniels |
| GENERAL ELECTRIC COMPANY, et al., | : |
| Defendants. | : |
| | |
| DOMINIC BARONE, FRANK D'AVERSA and MARY D'AVERSA, CATHERINE M. EVANS and MICHAEL EVANS, et al., | : |
| Plaintiffs, | : |
| -against- | : S.D.N.Y. Civ. Action No. 04-7602 |
| | : Judge Deborah A. Batts |
| GENERAL ELECTRIC COMPANY, et al., | : |
| Defendants. | : |

**OFFICIAL FILE COPY**

IMAGED DEC 27 '04

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| MARTIN ZUCKERMAN and THELMA ZUCKERMAN,<br><br>      Plaintiffs,<br><br>-against-<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>      Defendants. | :<br>:<br>:<br>:<br>: S.D.N.Y. Civ. Action No. 04-7603<br>: Judge Miriam Goldman Cedarbaum<br>:<br>:<br>:<br>:<br>: |

**NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-239) AS TO <u>Maita, et al. v. General Electric Company, et al.</u>, <u>Barone, et al. v. General Electric Company, et al.</u> AND <u>Zuckerman, et al. v. General Electric Company, et al.</u>**

**TO:** Michael J. Beck
   Clerk of the Panel
   Judicial Panel on Multidistrict Litigation
   One Columbus Circle, NE
   Thurgood Marshall Federal Judiciary Bldg.
   Room G-255, North Lobby
   Washington, D.C. 20002

**AND:** All Counsel on the attached Panel Service List (Excerpted from CTO-239), MDL Docket No. 875, <u>In re Asbestos Products Liability Litigation (No. VI)</u> and All Counsel on the attached Service Lists for the <u>Maita</u>, <u>Barone</u> and <u>Zuckerman</u> actions.

  **PLEASE TAKE NOTICE** that pursuant to the Rules of the Judicial Panel on Multidistrict Litigation, plaintiffs in the above-captioned actions, by and through their undersigned attorneys, hereby move the Judicial Panel to vacate so much of Conditional Transfer Order (CTO-239) as applies to <u>Maita, et al. v. General Electric Co., et al.</u>, Civil Action No. 04-7038 (S.D.N.Y.), <u>Barone, et al. v. General Electric Co., et al.</u>, Civil Action No. 04-7602 and <u>Zuckerman, et al. v. General Electric Co., et al.</u>, Civil Action No. 04-7603 (S.D.N.Y.), or, in the

alternative, to stay the CTO from becoming final and effective until the District Court for the Southern District of New York rules on either plaintiffs' motions to remand these actions back to state court or on defendant General Electric Company's motions to stay the proceedings in the Southern District.

Dated: New York, New York
December 23, 2004

By: _____
Bryan Belasky (1777)
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Floor
New York, New York 10038
Tel. (212) 558-5500
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2004

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY : MDL – 875
LITIGATION (No. VI) :

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-239)**

PHILIP MAITA and MARIE MAITA,

            Plaintiffs,

  -against-                                      : S.D.N.Y. Civ. Action No. 04-7038
                                                 : Judge George B. Daniels

GENERAL ELECTRIC COMPANY, et al.,

            Defendants.

DOMINIC BARONE,
FRANK D'AVERSA and MARY D'AVERSA,
CATHERINE M. EVANS and MICHAEL EVANS,
et al.,

            Plaintiffs,

                                               : S.D.N.Y. Civ. Action No. 04-7602
  -against-                                          : Judge Deborah A. Batts

GENERAL ELECTRIC COMPANY, et al.,

            Defendants.

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2004

FILED
CLERK'S OFFICE

IN RE ASBESTOS PRODUCTS LIABILITY
LITIGATION (No. VI)
: MDL – 875
:

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-239)**

PHILIP MAITA and MARIE MAITA,

              Plaintiffs,

  -against-

GENERAL ELECTRIC COMPANY, et al.,

              Defendants.

: S.D.N.Y. Civ. Action No. 04-7038
: Judge George B. Daniels

DOMINIC BARONE,
FRANK D'AVERSA and MARY D'AVERSA,
CATHERINE M. EVANS and MICHAEL EVANS,
et al.,

              Plaintiffs,

  -against-

GENERAL ELECTRIC COMPANY, et al.,

              Defendants.

: S.D.N.Y. Civ. Action No. 04-7602
: Judge Deborah A. Batts

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 27 2004

FILED
CLERK'S OFFICE

MARTIN ZUCKERMAN and THELMA ZUCKERMAN,

                Plaintiffs,

-against-

GENERAL ELECTRIC COMPANY, et al.,

                Defendants.

S.D.N.Y. Civ. Action No. 04-7603
Judge Miriam Goldman Cedarbaum

---

### PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-239) AS TO <u>Maita, et al. v. General Electric Co., et al.</u>, <u>Barone, et al. v. General Electric Co., et al.</u> AND <u>Zuckerman, et al. v. General Electric Co., et al.</u>

---

### BACKGROUND OF THE LITIGATION

Plaintiffs here move to vacate so much of Conditional Transfer Order CTO-239 as applies to their actions for personal injury and wrongful death caused by exposure to asbestos, which were improperly removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In the alternative, plaintiffs respectfully request that the Panel stay the CTO from becoming final and effective pending a ruling by the District Court for the Southern District of New York on either plaintiffs' motion to remand in the Maita case and plaintiffs' letter application to remand in the Zuckerman case or on defendant General Electric Company's motions to stay the proceedings

before the Southern District.

In the Maita case, a motion for remand to the state court has been fully briefed, filed and awaits oral argument (if the District Court so desires) and a final disposition in the Southern District of New York.

In the Zuckerman case, plaintiffs have entered into a stipulation dismissing the removing defendant General Electric Company from the action. On December 13, 2004, Plaintiffs in Zuckerman forwarded this stipulation of dismissal to Judge Cedarbaum of the Southern District of New York along with a letter requesting that the Court "so order" the stipulation and further requesting that the Court remand the case as the removing defendant will no longer be a party to the action. Plaintiffs are awaiting the Court's decision on their letter application.

The Barone action has already been remanded to state court by order of Judge Deborah A. Batts, and Plaintiffs will send a copy of this order by facsimile to the clerk of the panel today.

A motion to consolidate these actions along with several other related asbestos actions recently removed by defendant General Electric Company ("GE") to the Southern District of New York on the same grounds before one Judge for the purpose of economically hearing plaintiffs' related motions to remand all of these cases has been filed as well.

Plaintiff Philip Maita suffers from mesothelioma, an invariably fatal cancer caused by exposure to asbestos. Because of Plaintiff's terminal condition, the Maita case was granted a trial preference in state court, and, if remanded, would have a trial date within months. Decedent Martin Zuckerman passed away from asbestos-related lung cancer. Plaintiffs in both cases allege exposure to asbestos while working on board United States Navy vessels from, in part, turbines manufactured by defendant GE. Plaintiffs in both actions filed suit in New York state court against GE, among other defendants, asserting a cause of action based upon GE's alleged failure

to warn about the hazards of exposure to asbestos from its products.

GE removed these two cases to the United States District Court for the Southern District of New York asserting that the federal court had jurisdiction under the federal officer removal statute, 28 U.S.C. §1442(a)(1). GE argues that in designing and manufacturing its turbines, and in failing to warn decedents of the dangers of exposure to the asbestos used to insulate its turbines, it was acting "under color" of the Navy and Naval officers within the meaning of the removal statute, and that the federal courts, therefore, have subject matter jurisdiction over these actions. Plaintiffs in the Maita case, in their motion to remand back to state court, argue that GE has not submitted any competent proof to establish, as it must in order to invoke the jurisdiction of the federal courts, that the Navy or any Naval officer prohibited it from warning about the dangers of asbestos. Many District Courts around the country have ruled on this precise issue in asbestos personal injury cases before, and all have held that GE bears the burden of showing that it was prohibited from warning in order for the federal courts to have jurisdiction over these cases. GE has not carried its burden here.

GE has also filed motions in each of these cases seeking a stay of all proceedings in the District Courts before which the cases are currently pending until these actions are transferred to the MDL court for asbestos cases in the Eastern District of Pennsylvania. GE seeks to avoid having the federal court to which it has removed these actions rule at all on the threshold issue of subject matter jurisdiction. Plaintiffs do not seek to prosecute these cases in the Southern District of New York at all, but simply want to have that Court hear their motions to remand. If the federal courts lack subject matter jurisdiction in the first place, it would be manifestly unfair to transfer these cases to Pennsylvania without the District Court in New York having even had an opportunity to rule on the issue. This is particularly so in the Maita case because the plaintiff

is dying of cancer and would shortly have his day in court if it were not for GE's unsupportable removal of the case.

Furthermore, the MDL court in the Eastern District of Pennsylvania apparently does not rule on motions to remand cases back to state court, but, instead, only entertains motions to remand cases back to the transferor court from which the cases came. There is not one published decision by the asbestos MDL court ruling on a plaintiff's motion to remand a case back to state court, and an exhaustive search undertaken by plaintiffs' counsel in these cases has revealed no unpublished decisions by that court on a remand motion either. Counsel for GE too has not cited to one decision of the MDL court ruling on a remand motion. In fact, there are dozens of published decisions from various District Courts around the country (and an unknown number of unpublished ones) which, prior to any transfer to the MDL court, rule (one way or the other) on plaintiffs' motions to remand asbestos cases that had been removed based on the federal officer removal statute or the related theory of federal enclave jurisdiction. Thus, GE's vigorous efforts to have these cases transferred to the MDL court before the District Court rules on the threshold issue of subject matter jurisdiction is a calculated attempt to avoid any hearing by any court on this issue. All that plaintiffs seek is an opportunity to be heard on the substance of this critical issue. All that GE seeks is further delay and/or avoidance of a ruling as to whether the federal courts have subject matter jurisdiction over these cases.

## **PROCEDURAL HISTORY**

Plaintiffs in the <u>Maita</u> case first filed suit against GE and other defendants on April 19, 2004 in New York State Supreme Court. On September 1, 2004, GE removed this action to the District Court for the Southern District of New York. Counsel for GE subsequently suggested to the Judicial Panel on Multidistrict Litigation that this matter be listed as a tag-along case to MDL

875, In re Asbestos Products Liability Litigation (No. VI), and also filed its motion to stay all proceedings in the Southern District of New York pending transfer to the MDL court. Plaintiffs filed their motion to remand this case back to state court on October 1, 2004. Both motions were fully briefed by October 26, 2004.

On October 28, 2004, the parties appeared before Judge George B. Daniels of the Southern District of New York for a conference in the Maita case. At that conference, Judge Daniels strongly urged Plaintiffs' counsel to make an application to the Court to have several asbestos cases that had all recently been removed on the grounds of the federal officer removal statute by GE consolidated before one Judge of the Southern District for purposes of economically disposing of all of the plaintiffs' related motions to remand and GE's motions to stay. Plaintiffs filed such an application the next day, on October 29, 2004 before Judge Michael B. Mukasey, the Judge presiding over the first case which GE had removed to the Southern District on these grounds. Judge Mukasey has not yet ruled on this application, and Judge Daniels has not yet ruled on Plaintiffs' motion to remand or GE's motion to stay.

As noted above, Plaintiffs in the Zuckerman case made a letter application on December 13, 2004 to remand based on a stipulation dismissing the removing defendant GE from the action. Judge Cedarbaum has not yet ruled on this application.

Again, plaintiffs do not seek to prosecute these cases in the Southern District of New York. They only wish to have the issue of the existence of subject matter jurisdiction decided prior to transfer to the MDL Court. In Maita, it would be particularly unfair to transfer the case prior to a ruling on the threshold issue of subject matter jurisdiction given the plaintiff's terminal disease and upcoming trial date in state court.

On November 24, 2004, this Panel filed CTO-239, conditionally transferring these

actions to the MDL court in the Eastern District of Pennsylvania. On December 9, 2004, Plaintiffs filed a Notice of Opposition to the CTO with this Panel.

## LEGAL ARGUMENT

I. **IN THE CLEAR ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, THE JUDICIAL PANEL SHOULD NOT TRANSFER AN ACTION THAT IS PROPERLY SUBJECT TO REMAND TO STATE COURT BEFORE THE TRANSFEROR DISTRICT COURT TO WHICH THE ACTION HAS BEEN REMOVED HAS EVEN ADDRESSED PLAINTIFFS' MOTIONS TO REMAND PENDING BEFORE IT.**

Neither the Judicial Panel, the proposed transferee court, nor the United States District Court for the Southern District of New York properly has subject matter jurisdiction over these cases. Removing defendant GE simply has not carried its burden of establishing that it acted "under color" of a federal officer in failing to warn about the dangers of asbestos in these cases. Without making such a showing, GE can not invoke the jurisdiction of the federal courts under 28 U.S.C. §1442(a)(1). See e.g., Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Faulk v. Owens Corning Fiberglas Corp., 48 F.Supp.2d 653 (E.D. Tex. 1999).

It is firmly established that in any removal to the federal courts, the defendant seeking removal bears the burden of showing that federal subject-matter jurisdiction exists; that removal was timely filed; and that removal was proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); *see also* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941).

On a plaintiff's motion for remand, the burden remains on the removing defendant to show why the action should not be remanded, and any lingering doubts must be resolved against the proponents of the federal forum. *See, e.g.,* McNutt, *supra*, 298 U.S. at 189; R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); and Newmark & Lewis, Inc. v. Local 814, Internat'l Brotherhood of Teamsters, 776 F. Supp. 102, 105 (E.D. N.Y. 1991), all holding that a removing party must establish its right to a federal forum by "competent proof."[1]

Furthermore, "[b]ecause it is premised on the protection of <u>federal</u> activity and an anachronistic mistrust of state courts' ability to protect and enforce <u>federal</u> interests and immunities from suit, private actors seeking to benefit from [the provisions of the federal officer removal statute] bear a special burden of establishing the official nature of their activities." Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 at 1150 (D. Colo. 2002) (emphasis in original) citing Ryan v. Dow Chemical Co., 781 F.Supp. 934 at 950-51 (E.D.N.Y. 1992). "If the right to remove is doubtful, the case should be remanded." Freiberg 245 F.Supp.2d at 1151, citing Ryan 781 F.Supp. at 939, citing Good v. Armstrong World Indus., 914 F.Supp. 1125 at 1131 (E.D. Pa. 1996).

All that plaintiffs seek here is the opportunity to have the critical, threshold issue of the

---

[1] Practical considerations also dictate a circumspect approach to removal jurisdiction. Where a federal court lacks jurisdiction, any decision it enters is necessarily void. *See, e.g.,* Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. *See, e.g.,* Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp., *supra,* 313 U.S. at 104 ( "[d]ue regard for the rightful independence of state governments" requires federal courts to "scrupulously confine" their jurisdiction to precise statutory limits); and Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1203 (D. R.I. 1986) (the federal court may retain jurisdiction only where authority to do so is clear; any other holding detracts from principles of federalism, comity, and sovereignty of states).

existence of subject matter jurisdiction decided in the Southern District of New York before the proceedings become even more complicated and the cases are further delayed when they are transferred to the Eastern District of Pennsylvania. Additionally, as discussed above, it appears that the asbestos MDL court has never ruled on a plaintiff's motion to remand a case back to state court. Instead, in asbestos cases throughout the country, it is the District Court to which the case is first removed that routinely decides this threshold issue. See e.g., Feidt v. Owens - Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Fink v. Todd Shiparyds, 2004 WL 856734 (E.D.La. 2004); Morgan v. Asbestos Defendants, 2003 WL 945987 (N.D. Cal. 2003); Teague v. Bell Helicopter Services, Inc., 2003 WL 21135481 (N.D.Tex.2003); Schilz v. A.P. Green Industries, Inc., 2002 WL 102608 (N.D.Cal. 2002); Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Carter v. ACANDS, Inc., 2002 WL 31682352 (E.D.Tex. 2002); Hines v. ACANDS, Inc., 128 F.Supp.2d 1003 (N.D. Texas 2001); Anderson v. Crown Cork & Seal, 93 F.Supp.2d 697 (E.D. Va. 2000); Megill v. Worthington Pump, Inc., 1999 WL 191565 (D.Del.1999); Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La.1999); Bautista v. Owens - Corning Fiberglas Corp., 1998 WL 267975 (N.D.Cal. 1998); Nguyen v. Allied Signal, Inc., 1998 WL 690854 (N.D.Cal. 1998); Polesky v. ACANDS, Inc., 1998 WL 633666 (S.D.N.Y. 1998); Ruffin v. Armco Steel Corp., 959 F.Supp. 770 (S.D. Texas 1997); McCormick v. C.E. Thurston & Sons, Inc., 977 F.Supp. 400 (E.D. Va. 1997); Blackman v. Asbestos Defendants, 1997 WL 703773 (N.D.Cal. 1997); Gauthe v. Asbestos Corp. 1997 WL 3255 (E.D.La. 1997); Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D.Cal. 1996); Yap v. Owens - Corning Fiberglas Corp., 1995 WL 225694 (N.D. Cal. 1995); Viala v. Owens - Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. 1994); Cabalic v. Owens - Corning Fiberglas Corp., 1994 WL 564724 (N.D.Cal. 1994); Saaquisame v. Owens - Corning Fiberglas Corp., 1994

WL 564727 (N.D.Cal.1994); Crocker v. Borden, Inc., 852 F.Supp. 1322 (E.D. La. 1994); Anderson v. Avondale Industries, Inc., 1994 WL 679827 (E.D.La. 1994); Pack v. ACAND S, Inc., 838 F.Supp. 1099 (D. Md. 1993); Fung v. Abex Corp., 816 F.Supp. 569 (N.D. Cal. 1992).

Moreover, there is precedent for this Panel to facilitate the decision of remand motions prior to transfer of asbestos cases to the asbestos MDL court. E.g. Vasura v. ACANDS, 84 F.Supp.2d 531, 532-33 (S.D.N.Y. 2000) (panel vacated a previously-granted final order of transfer to permit the transferor judge to rule on a motion to remand); see also DAVID F. HERR, MANUAL FOR COMPLEX LITIGATION § 31.131 (3d ed. 2003) at 332 ("Sometimes the panel has concluded that it should delay its ruling on transfer until critical motions have been decided by the court in which the case is pending.").

In the Maita case, because of Plaintiff's deteriorating health, it would be extremely unfair to further delay Plaintiff's day in court without the federal court even first satisfying itself of its own jurisdiction prior to transfer to the Eastern District of Pennsylvania.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation vacate so much of Conditional Transfer Order CTO-239 as applies to their cases, or, in the alternative, stay the transfer order from becoming final and effective until the District Court for the Southern District of New York has ruled on the motions pending before it currently.

Respectfully submitted,

Dated: New York, New York
December 23, 2004

By: _____
Bryan Belasky
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Floor
New York, New York 10038
Tel. (212) 558-5753
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 2 7 2004

FILED
CLERK'S OFFICE

| | |
|---|---|
| MARTIN ZUCKERMAN and THELMA ZUCKERMAN,<br><br>　　　　　　　　　Plaintiffs,<br><br>-against-<br><br>GENERAL ELECTRIC COMPANY, et al.,<br><br>　　　　　　　　　Defendants. | : <br>: <br>: <br>: <br>: S.D.N.Y. Civ. Action No. 04-7603<br>: Judge Miriam Goldman Cedarbaum<br>: <br>: <br>: <br>: <br>: |

## CERTIFICATION OF SERVICE

I, Bryan Belasky, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the State of New York, and I am an associate of the law firm of Weitz & Luxenberg, P.C., counsel for plaintiffs in the above-captioned actions. On the date set forth next to my signature below, I caused the original and eleven copies of the within Notice of Motion and Brief, together with this Certification of Service and a computer readable disk of the pleading, to be served via overnight Federal Express on Michael J. Beck, Clerk of the Judicial Panel on Multidistrict Litigation, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Bldg., Room G-255, North Lobby, Washington, D.C. 20002, and to be served by United States Postal Service, postage-paid first-class mail, on all counsel listed on the attached Panel Service List (Excerpted from CTO-239), MDL Docket No. 875, <u>In re Asbestos Products Liability Litigation (No. VI)</u> and on all counsel listed on the attached Service Lists for the <u>Maita</u>, <u>Barone</u> and <u>Zuckerman</u> cases.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: New York, New York  
      December 23, 2004

By: _____  
Bryan Belasky (1777)  
**WEITZ & LUXENBERG, P.C.**  
180 Maiden Lane, 17th Floor  
New York, New York 10038  
Tel. (212) 558-5500  
Attorneys for Plaintiffs

**PANEL SERVICE LIST (Excerpted from CTO-239)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Philip P. Maita, et al. v. General Electric Co., et al.*, S.D. New York, C.A. No. 1:04-7038  (Judge George B. Daniels)
*Dominic Barone, et al. v. General Electric Co.*, S.D. New York, C.A. No. 1:04-7602 (Judge Deborah A. Batts)
*Martin Zuckerman, et al. v. General Electric Co.*, S.D. New York, C.A. No. 1:04-7603 (Judge John G. Koeltl)

Bryan Belasky
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12 th Floor
Newark, NJ 07102

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406