MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC 30 2004

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION | § § § | |
| THIS DOCUMENT RELATES TO: | § § § | |
| BOBBIE JEAN BAGWELL, as Representative of the ESTATE OF JERRY EVANS, DECEASED, | § § § | **MDL DOCKET NO. 875** |
| Plaintiff, | § § | **UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, TYLER DIVISION** |
| VS. | § § | **NO. 6:04-cv-00444** |
| HONEYWELL, ET AL. | § § | |
| Defendants. | § § | |

**PLAINTIFF'S NOTICE OF OPPOSITION TO "TAG-ALONG ACTION" AND
CONDITIONAL TRANSFER ORDER**

COMES NOW, through undersigned counsel, plaintiff BOBBY JEAN BAGWELL, as personal representative of the ESTATE OF JERRY EVANS, and files this Notice of Opposition to "Tag-Along Action" and Conditional Transfer Order in anticipation that the Clerk of the Judicial Panel on Multidistrict Litigation will enter an order transferring this action to another federal district court. This case was originally filed in the 124th Judicial District Court of Gregg

-1-

OFFICIAL FILE COPY
IMAGED DEC 30 '04

County, Texas, but was removed to the Eastern District of Texas, Tyler Division by the

defendant ATK Aerospace Company, Inc. f/k/a Thiokol Propulsion Corp (f/k/a Cordant Tech.).

Plaintiffs' Motion to Remand is currently pending in the Eastern District, and, pursuant to **rule**

**7.4 of the Rules of Procedure fo the Judicial Panel on Multidistrict Litigation,** Plaintiffs

oppose any conditional transfer order.


Respectfully submitted,


**FOSTER & SEAR, L.L.P.**
524 E. Lamar Blvd. Ste. # 200
Arlington, Texas 76011
Telephone (817) 633-3355
Facsimile (817) 633-5507


By: _Scott Wert /sw/_
    Scott W. Wert
    State Bar No. 00794835

ATTORNEY FOR PLAINTIFFS


-2-

Mr. Peter Moir
Quilling, Selander, Commiskey & Lownds
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
*Defendant: Owens-Illinois, Inc.*

Mr. Gary D. Elliston
Mr. Donny Pollard
DeHay & Elliston
901 Main Street, Suite 3500
Dallas, Texas 75202
Telephone: (214) 210-2400
Facsimile: (214) 210-2500
*Defendant: Union Carbide Corporation*
*(individually and f/k/a Union Carbide Chemicals and Plastic Company, Inc.)*

Mr. John Bissell
Strong, Pipkin, Nelson, Bissell & Ledyard, L.L.P.
1111 Bagby Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 651-1900
Facsimile: (713) 651-1920
*Defendant: Viacom Inc.*

Sheila Jorel Henderson
~~Scott Wert~~

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# FOSTER & SEAR, L.L.P.
### ATTORNEYS AT LAW
524 E. LAMAR BLVD., STE. 200
ARLINGTON, TEXAS 76011

DEC 3 0 2004

FILED
CLERK'S OFFICE

(817) 633-3355
(800) 631-5908
(817) 633-5507 FACSIMILE

December 29, 2004

Re:    Request for Emergency Hearing;
       Bobbie Jean Bagwell, as Personal Representative fo the Estate of Jerry Evans vs.
       Honeywell, et al;
       In the United States District Court for the Eastern District of Texas, Tyler Division

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, DC 20002-8004

Dear Mr. Beck:

Enclosed herein previously filed copies of Plaintiff Bagwell's Opposition to "Tag-Along " Action and Condition Transfer Order, Motion to Remand with Proposed Order by Plaintiff Bobby Jean Bagwell and Request for Emergency hearing.  Please let this letter serve as a request to set the above reference for hearing on the courts first available date on the docket.

If you should have any questions, please call at the number listed above. I thank you for your time and consideration to this matter.

Very Truly Yours,

Tommie B. Levario
Paralegal

/tbl
cc:    ALL COUNSEL OF RECORD
       See Attached list

VIA FACSIMILE

2004 DEC 29  P 1: 15
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone:  [202] 502-2800
Fax:          [202] 502-2888

http://www.jpml.uscourts.gov

December 21, 2004

TO INVOLVED COUNSEL

Re:  MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

(See Attached Schedule CTO-240)

Dear Counsel:

    Attached is a copy of a conditional transfer order filed today by the Judicial Panel on Multidistrict Litigation involving the above matter.  The actions are transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001).  Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached.

    Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE, at (202) 502-2888,** of any official changes in the status of the tag-along action.  These changes could involve <u>dismissal</u> of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court.  Your cooperation would be appreciated.

    **NOTICE OF OPPOSITION DUE ON OR BEFORE:**   <u>**January 5, 2005**</u>   **(4 p.m. EST)**
(Facsimile transmission is suggested.)

    If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.  Please file one Notice of Opposition (with an attached schedule of actions, if necessary) if you are opposing the transfer of more than one action.  A consolidated Motion and Brief to Vacate the CTO, with attached schedule of actions, is acceptable and encouraged.

    A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By
       Deputy Clerk

Attachments

JPML Form 39A

# FOSTER & SEAR, L.L.P.
### ATTORNEYS AT LAW
524 EAST LAMAR BOULEVARD, SUITE 200
ARLINGTON, TX 76011

(817)   633-3355
(800)   631-5908
(817)   633-5507 FACSIMILE

October 27, 2004

---

Re:   Motion to Remand and Request for Emergency Hearing – *Bobbie Jean Bagwell, as Personal Representative of the Estate of Jerry Evans v. Honeywell, et al.;* In the United States District Court for the Eastern District of Texas, Tyler Division

---

Mr. David J. Maland
Clerk of the Court
United States District Court
Eastern District of Texas – Tyler Division
211 W. Ferguson
Tyler, Texas 75702                                         *Via Federal Express*

Dear Mr. Maland,

Please find enclosed for filing among the pleadings in the captioned matter is an original and two copies of the following:

•   **Motion to Remand with Proposed Order by Plaintiff Bobby Jean Bagwell**

Please file stamp the copies and return to the undersigned in the self-addressed, post paid envelope which has been included for your convenience.

By copy of this letter, all counsel of record have been advised of this filing.

Sincerely,

Scott Wert /sw

Scott W. Wert

SWW:
Enclosures

cc:   All counsel of Record                                         *Via CMRRR*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| BOBBIE JEAN BAGWELL, AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JERRY EVANS, DECEASED., | § | |
| | § | |
| **Plaintiff,** | § | CIVIL ACTION NO.  6:04-cv-444 |
| | § | |
| VS. | § | JURY. |
| | § | |
| HONEYWELL, ET AL., | § | |
| | § | |
| **Defendants.** | § | |

PLAINTIFF'S MOTION TO REMAND AND
REQUEST FOR EMERGENCY HEARING,
OBJECTION TO "TAG ALONG ACTION,"
AND BRIEF IN SUPPORT

Plaintiff, Bobby Jean Bagwell, moves this Court, pursuant to 28 U.S.C. § 1447(c), for an order remanding this action to the District Court of the 124th Judicial District, in and for Gregg County, Texas. As grounds therefore, Plaintiff would show:

1.    Jerry Evans died of lung cancer linked to his asbestos exposure on July 29, 2002.

2.    Bobby Jean Bagwell, as Personal Representative of his Estate, filed this wrongful death lawsuit on July 26, 2004 against various defendants.

3.    Specifically,  ATK Aerospace Company, Inc. f/k/a Thiokol Propulsion Corp (f/k/a Cordant Tech., Inc.) ("Cordant") was sued as a premises defendant by Mr. Evans for his exposure to asbestos and asbestos products at the Thiokol Ammunition Plant in Karnack, Texas.

4.    Jurisdiction this case is based upon a federal question, specifically the federal officer doctrine.

5.      Cordant has been dismissed as a party to this case so the basis for federal jurisdiction no longer exists.

6.      Since all defendants have not consented to the removal, pursuant to 28 U.S.C. § 1446, this court is without diversity jurisdiction.

6.      Alternatively, This is a premises liability case that belongs in Texas state court and Defendant's are attempting to turn their "facility" into a "product" in order to come under the jurisdiction of this court.

7.      Contrary to 28 U.S.C. §1446, Cordant did not obtain the consent of all the defendants to the removal of this action from state court to federal court.

8.      Further, Cordant fails to satisfy two of the three elements required to support § 1442(a)(1) removal, thus failing to establish it was acting under a federal officer.

10.     Finally, pursuant to Rule 7.4, Plaintiff objects to Defendant's "Tag Along Action."

WHEREFORE, Plaintiff moves the Court for an Order remanding this cause to the District Court of the 124th Judicial District, in and for Gregg County, Texas.

## I. INTRODUCTION

Under the general removal statute, defendants may remove any case of which the district courts have jurisdiction. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal. *Shamrock Oil Gas Corp. v. Sheets,* 313 U.S. 100 (1941); *In Re Bethesda Memorial Hospital, Inc.,* 123 F.3d 1407, 1411 (11th Cir. 1997); *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). The removing party has the burden of establishing federal jurisdiction and the case should be remanded if federal jurisdiction is doubtful. *Id.*

This case should be remanded because federal jurisdiction no longer exists. Cordant has been

dismissed from Plaintiff's case. Since Cordant is no longer a party to the suit, the basis for removal, federal officer jurisdiction, no longer exists. Notwithstanding Cordant's dismissal, the removal is still defective because **there is no subject matter jurisdiction** under 28 U.S.C. § 1442 (a)(1) ("Federal Officer Removal Statute"). Under § 1442 (a)(1), Cordant failed to meet the test enunciated in *Mesa v. California,* 489 U.S. 121 (1989).

## II. NO FEDERAL JURISDICTION

A basis for federal jurisdiction no longer exists. The only defendant with a basis to possibly remove this case to federal court is no longer a party to the action. This case involves a personal injury claim under Texas law. This case does not "arise under" federal law and does not belong in federal court.

Removing defendants have the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Cordant must prove that this case "arises under" federal law. It is not sufficient that some federal issue might be involved in the case. An incidental or collateral federal issue "is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant." *Armstrong v. Alliance Trust Co.,* 126 F.2d 164, 167 (5th Cir. 1942); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 807 (1986) ( "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power").

Ms. Bagwell has pled a cause of action that arises exclusively under Texas law. Federal law is not an element. Cordant asks this Court to assert jurisdiction because a portion of Mr. Evans' exposure to asbestos-containing products occurred at a military ammunitions manufacturing facility.

Here we are dealing with a facility, not a product. The issue of whether or not Cordant provided a safe working environment at its facility does not fall under the government contractor or federal officer defense that Cordant is claiming. The claim in this case arises under Texas law and should be resolved in the Texas court system.

### III. ALL DEFENDANTS HAVE NOT CONSENTED TO REMOVAL

In cases removed under 28 U.S.C. § 1446, all defendants must consent to removal. *Nathe v. Pottenberg, et al.,* 931 F.Supp 822 (M.D. Fl. 1995); *Bradwell v. Silk Greenhouse, Inc., et al,* 828 F.Supp 940 (M.D. Fl. 1993). While the issue usually arises in diversity cases, "the requirement that defendants unanimously join in a removal petition extends to federal question cases" such as this one. *Spillers v. Tillman,* 959 F.Supp. 364, 369 (S.D. Miss. 1997). Each defendant "must communicate his consent to the court by way of an official filing or voicing of consent" *Id.* (citations omitted); and such consents must be filed no later than thirty days from the receipt of information from which it can first be ascertained that the case was removable. *See Hines v. AC&S, Inc.,* 128 F.Supp.2d 1003, 1009 (N.D. Tex. 2001).

Cordant's failure to obtain consent from its fellow defendants, or to explain why that consent is not necessary, renders its notice of removal "inadequate as a matter of law." *See Egle Nursing Home, Inc. v. Erie Ins. Group,* 981 F.Supp. 932, 936 (D. Md. 1997).

### IV. CORDANT FAILED TO DEMONSTRATE FEDERAL OFFICER JURISDICTION

Title 28 U.S.C. § 1442 (a)(1), the Federal Officer Removal Statute, provides in relevant part: (a) A civil action or criminal prosecution commenced in a state court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer

(or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. 28 U.S.C. § 1442 (a)(1) (2000).

To establish jurisdiction, Cordant must: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a federal defense to Mr. Evans' claim; and (3) demonstrate a causal nexus between Mr. Evans' claim and acts Cordant performed under color of federal officer. *Mesa v. California,* 489 U.S. 121 (1989); *Fung v. Abex Corp.,* 816 F. Supp. 569 (N.D. Cal. 1992); *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387 (5th Cir. 1998); *Reed v. Fina Oil & Chemical Co.,* 995 F.Supp. 705 (E.D. Texas 1998); *Akin v. Big Three Industries, Inc.,* 851 F.Supp. 819 (E.D. Texas 1994); *Vanouwerker v. Owens-Corning Fiberglas Corp.,* 1:99CV179(TH), 1999 WL 335960 (E.D. Texas May 26, 1999); *Faulk, et al. v. Owens Corning Fiberglas Corp., et al,* 48 F.Supp.2d 653 (E.D. Texas 1999) (No. 1:99CV180(TH)).

### A. Acts Under the Direction of A Federal Officer-Plaintiffs Concede

Under the first prong of Mesa, the defendant must show it was acting under the direction of a federal officer.  Plaintiffs concede that Cordant is a "person" within the meaning of the federal officer statute.

### B. No Causal Nexus Exists-Defendants Fail to Meet the Second Prong

Cordant has failed to establish the required causal nexus between the conduct allegedly undertaken under color of office at the direction of a federal officer and the acts and omissions complained of by Mr. Evans. In *Faulk v Owens-Corning,* a case with facts virtually identical to the ones before the court today, the court stated that, "**[t]his is a premises liability case–not a products**

case; and Defendant's attempt to transmogrify their entire facilities (i.e., their premises) into "products" misapplies precedent and fails the second prong of the *Mesa* test." *Faulk*, 48 F.Supp.2d. at 660 (original emphasis). In *Faulk*, several construction tradesmen sued property owners in Texas state court for failure to warn of asbestos in their facilities. The defendants removed the case to United States District Court in the Beaumont Division of the Eastern District. In its analysis of the second prong of *Mesa*, the court noted that, "...the Defendant's seek shelter in the federal officer statute even though the federal officer was silent as to whether to warn about the dangers of asbestos. Moreover, the product whose manufacture was arguably controlled by the federal government *is not the product allegedly causing injury to the plaintiff*." *Id.*

The basis for removal and the facts in *Faulk* are essentially the same as the case at bar. Plaintiffs in *Faulk*, as these Plaintiffs, conceded that Defendant is a "person" under the federal officer statute. The products are substantially the same–military ammunition in both cases. But most importantly, this case, just as in *Faulk*, is a premises liability case for personal injuries resulting from the failure to warn of the hazards of asbestos. Plaintiffs are not alleging injury from a specific product that fell under the control of federally mandated guidelines or specifications. No federal officers specifically controlled the Defendants actions or inactions regarding any warnings of the hazards of asbestos. There has been no evidence presented showing that a federal officer directed Cordant not to warn Mr. Evans of the hazards of asbestos. That being said, there is no "causal nexus" between the Defendant's actions or inaction under the federal office statute and the Plaintiff's claims. Thus, the second prong of *Mesa* has not been met and this case must be remanded.

## C. Cordant Failed to Raise a Colorable Federal Defense

Cordant asserts that it relies on the "government contractor" defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Under the government contractor defense as set forth in Boyle, contractors who supply military equipment to the government are immunized from liability under state tort law provided that they meet the test outlined in Boyle. The test sets the standard for finding state law liability for design defects in military equipment. *Boyle*, 487 U.S. at 511. Military contractor immunity for design defects applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512. Boyle only applies to cases in which its three parts have direct application. *See Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 801-02 (5th Cir. 1993). Boyle also requires that there be a significant conflict between an identifiable federal policy and state law in order for the government contractor defense to apply. *Id.* at 507-09.

Cordant gives no evidence of any directive by any federal official to either: (1) utilize asbestos-containing products when fulfilling any government procurement contract; or (2) not tell Plaintiff of the harms from asbestos dust. *See generally Trevino v. General Dynamics Corp.*, 865 F.2d 1474, 1479- 83 (5th Cir. 1989) (noting that higher level of governmental involvement than is present here is required for Boyle defense); *Viala v. Owens-Corning Fiberglas Corp., et al.*, 1994 U.S. Dist. LEXIS 4824, *9 (N.D. Cal. April 13, 1994) ("Defendants fail to state a colorable federal defense because they have produced no evidence to support the prerequisites to the government contractor defense that the products were designed at the direction of federal specifications or that these specifications conflicted with the state law duties sued upon. To assert the government contractor

defense, the product purchased by the government cannot be a product that a supplier sells on the open market anyway").

Some courts, in limited situations, have found a colorable defense under federal officer jurisdiction. In *Winters*, the court found that the evidence supported the defendants' assertion that the specifications for Agent Orange were provided by the government and that the product conformed to those specifications. *Winters*, 149 F.3d at 400. Further, the evidence indicates that the defendants provided the Defense Department with ample warnings concerning the risks of the component parts of Agent Orange, but were specifically prohibited from placing any warnings on the finished product itself except as allowed by contract. *Id.* at 401.

In *Reed,* the court found a colorable federal defense as well.  The court noted: The evidence here is more than sufficient to show that the federal government specified the exact quality and quantity of products to be used, produced and delivered by the Plaines Butadiene Plant ... Presumably, the specifications were followed. Further, since the government dictated the quality and content of the products and the testing of the products, then for the limited purpose of determining whether a colorable federal defense has been claimed, the court can presume that the government was informed of the attendant dangers of these products. *Reed,* 48 F.Supp. at 712.

The court in *Akin* also found a colorable federal defense.  Hodges (Manager of General Electric Midwest City Office) states that GE manufactured the jet engines repaired at Tinker under contract with the Secretary of the Air Force or his delegee.  According to Hodges, GE manufactured the engines pursuant to specifications set by the Air Force. *Akin*, 851 F.Supp. at 823.

The Boyle defense has also been rejected in other cases where the asbestos insulation manufacturers argued Boyle was a defense to claims arising from injuries caused by asbestos products

supplied directly to the government. In *Dorse v. Eagle-Pitcher Industries*, 898 F.2d 1487, 1489 (11th Cir. 1990), the plaintiff claimed injury from exposure to asbestos while in the Navy. In response to plaintiffs failure to warn claims, defendants attempted to assert the government contractor defense, claiming that since the government specified the packaging for the asbestos products, the Boyle defense precluded a failure to warn claim. *Id.* at 1489-90. In rejecting the application of Boyle and the government contractor defense, the Eleventh Circuit directly relied on the district court reasoning that:

> The Court in Boyle faced a situation where the duty under the government contract required an escape-hatch mechanism opening outward. The "precisely contrary" duty, an inward-opening hatch, existed under the state-imposed duty of care that was the asserted basis of the contractor's liability. The contractor could not possibly comply with both its contractual obligations and the state-prescribed duty of care, so state law was necessarily displaced.

*Id.* at 1489.

In the present case, no conflict exists between the state tort duty and the federal contractual duty. Cordant has alleged nothing that supports a claim that any governmental directive precluded it from complying with the state-law duty to warn Mr. Evans of the hazards of asbestos. *Boyle* and the government contractor defense do not apply. Courts have repeatedly held that asbestos product defendants, and others similarly situated, cannot meet this burden and have remanded similar cases for improper removal. This Court should also remand. *Gauthe, et al. v. Asbestos Corp., et al.,* 1997 WL 3255 No. 96-2454 (E.D. La. 1997); *Viala v. Owens-Corning Fiberglas Corp., et al.,* 1994 U.S. Dist. LEXIS 4824 (N.D. Cal. April 13, 1994); *Overly v. Raybestos-Manhattan et al.,* 1996 U.S. Dist. LEXIS 13535 (N.D. Cal. Sept. 9, 1996); *In Re Hawaii Federal Asbestos v. Raymark Industries, Inc., et al.,* 960 F.2d 806 (9th Cir. 1992); *McCormick, et al. v. C. E. Thurston & Sons, Inc.,* 977 F.Supp.

400 (E.D. Va. Newport News Div. 1997).

## CONCLUSION

Cordant's Notice of Removal is defective because all the defendants in the suit have not consented to removal. Thus, there is no jurisdiction under § 1446. Assuming that there were jurisdiction, Cordant failed to establish the second and third prongs necessary to meet the test in *Mesa* for federal jurisdiction under the federal officer statute. Cordant has failed to establish any causal nexus and they have failed to raise a colorable defense. Therefore, this case, as a matter of law, must be remanded back to state court.

## REQUEST FOR EMERGENCY HEARING

Plaintiff requests an emergency hearing on this motion.  As grounds therefore, Plaintiff would show:

1.      Ms. Bagwell, as Personal Representative of the Estate of Jerry Evans, deceased, filed a lawsuit against the defendants in this action on July 26, 2004.

2.      It is in the best interest of the federal and state court systems, as well as the beneficiaries of Mr. Evans estate, to have this matter resolved in Texas state court as soon as possible.

WHEREFORE, the Plaintiff requests that this Court enter an order remanding this cause to the District Court of the 127th Judicial District, in and for Gregg County, Texas, for immediate trial.

Respectfully submitted,

**FOSTER & SEAR, L.L.P.**
524 E. Lamar Blvd. Ste. # 200
Arlington, Texas 76011
Telephone (817) 633-3355
Facsimile (817) 633-5507


By: _Scott Wert /sw___
    Scott W. Wert
    State Bar No. 00794835

ATTORNEY FOR PLAINTIFFS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

BOBBIE JEAN BAGWELL, AS       §
REPRESENTATIVE OF THE ESTATE   §
OF JERRY EVANS, DECEASED.     §
                               §
VS.                             §       CIVIL NO. 6:04-CV-444
                               §
HONEYWELL,             §
ET AL                    §

---

## ORDER GRANTING PLAINTIFF'S
## MOTION TO REMAND AND BRIEF IN SUPPORT

---

On this day came on to be heard Plaintiffs' Motion to Remand and Request for Emergency Hearing, Objection to "Tag Along Action," and Brief in Support, and the Court, after carefully considering the Motion and the arguments of counsel, is of the opinion that the Motion should be GRANTED.

SIGNED this _____ day of _____ , 2004.

_____
JUDGE PRESIDING

-12-

## Notices
6:04-cv-00444-WMS Bagwell v. Honeywell Inc et al

### U.S. District Court [LIVE]

### Eastern District of TEXAS LIVE

Notice of Electronic Filing

The following transaction was received from Wert, Scott entered on 10/27/2004 at 2:48 PM CDT and filed on 10/27/2004

**Case Name:**        Bagwell v. Honeywell Inc et al
**Case Number:**      6:04-cv-444
**Filer:**            Bobbie Jean Bagwell
**Document Number:** 7

**Docket Text:**
NOTICE by Bobbie Jean Bagwell re [5] Notice (Other) *Opposition to Tag Along Action and Conditional Transfer Order* (Wert, Scott)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1041545818 [Date=10/27/2004] [FileNumber=586022-0
] [141f38d749306bd7b5e20c2a1b87011b8ceb813631844d14e31c90d166aebfcb44f
6cd5d44dd12bdfd1bbd1cb37e30a88754c3dfcc7407d9e1024bd7928aaa06]]

**6:04-cv-444 Notice will be electronically mailed to:**

George Plato Pappas    gpappas@sswpc.com, landrews@sswpc.com;jpourciau@sswpc.com

Scott William Wert    swert@fostersear.com, tguckert@fostersear.com

**6:04-cv-444 Notice will be delivered by other means to:**

Sheila Ford Henderson
Foster & Sear LLP
524 E Lamar Blvd
Suite 200
Arlington, TX 76011

## This is a simple MS Word cover page format file

**To:**      Michael Beck
**Company :**        USA Judicial Panel on Mul
**Fax Number :**      12025022888
**Phone Number :**   12025022800

**From:**        TLevario
**Fax Number :**
**Phone Number :**

**Subject :**

**Pages :**    26
**Sent at :**          Wednesday, Dec 29, 2004 11:57 AM

**MESSAGES:**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly forwarded to all counsel of record on this _27_ day of _October_ 2004 via certified mail.

Ms. Jessica Young
Thompson & Knight
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
*Defendant: Honeywell*

Mr. Mark J. Kressenberg
Sheehy, Serpe & Ware
2500 Two Houston
909 Fannin Street
Houston, Texas 77010
Telephone: (713) 951-100
Facsimile: (713) 951-1199
*Defendant: Boeing Aerospace Operatoins*

Mr. Norman Peters
Kasowitz, Benson, Torres & Friedman
700 Louisiana , Suite 2200
Houston, Texas 77002
Telephone: (713) 220-8800
Facsimile: (713) 222-0843
*Defendant: Celanese International Corporation*
*Celanese Ltd.*
*CNA Holdings, Inc.*

Mr. George P. Pappas
Mr. J. Mark Kressenberg
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010
Telephone: (713) 951-1000
Facsimile: (713) 951-1199
*Defendant: Cordant Technologies, Inc. (f/k/a Thiokol Corporation)*

-13-