JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



MDL 875

JAN - 3 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LUKE LINDAU and JOSEPHINE LINDAU, )
)
Plaintiffs, )
)
vs. ) CIVIL NO. 04-816-GPM
)
BONDEX INTERNATIONAL, INC., )
GEORGIA-PACIFIC CORPORATION, and )
JOHN CRANE, INC., )
)
Defendants. )

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This action is before the Court for an initial review. The Court has an independent obligation to satisfy itself that federal subject matter jurisdiction exists. The Seventh Circuit repeatedly warns litigants and district courts that subject matter jurisdiction is not an issue to be taken lightly. *See, e.g., Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) ("[o]nce again litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money"). The Court also notes that a motion to remand was filed shortly after the notice of removal, and Plaintiffs seek an expedited ruling on their motion. (*See* Docs. 11, 13.) Defendants want the action stayed so that it can be transferred to the Eastern District of Pennsylvania for proceedings before the multi-district litigation panel. (*See* Doc. 5.)

In this case, Defendants Bondex International, Inc. ("Bondex") and Georgia-Pacific Corporation ("Georgia-Pacific") seek to invoke the Court's jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332. In order for this Court to have diversity jurisdiction under

MDL- 875
RECOMMENDED ACTION
Vacate CTO-240
Approved/Date: MJB 1/3/05

IMAGED JAN 3 '05

OFFICIAL FILE COPY

PLEADING NO. 4381

28 U.S.C. § 1332, the parties must be of diverse citizenship and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.

There appears to be no dispute that the amount in controversy requirement is met. But the parties are not diverse citizens. Plaintiffs are citizens of Illinois, Defendant Bondex is a citizen of Missouri, Defendant Georgia-Pacific is a citizen of Georgia, and Defendant John Crane, Inc. ("John Crane") is a citizen of Illinois.[1] The removing defendants tell the Court to ignore the citizenship of John Crane, however, because it was fraudulently joined.

As out-of-state defendants seeking to remove, Bondex and Georgia-Pacific must clear a high hurdle to demonstrate fraudulent joinder. In the Seventh Circuit,

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). An alternative test for fraudulent joinder looks for outright fraud in plaintiff's pleading of jurisdictional facts. *See Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999), the Seventh Circuit stated that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.*, *quoting*

---

[1] The Court presumes that John Crane is either an Illinois corporation or has its principal place of business in Illinois because the parties agree that John Crane is an Illinois citizen.

*Poulos*, 959 F.2d at 73.

There is nothing novel about the claims in this complaint. Plaintiffs allege that Luke Lindau suffers from mesothelioma as a result of exposure to asbestos-containing products manufactured, sold, and distributed by various defendants. His lawsuit originally named 58 defendants; when trial was set to begin this week in state court, only the three defendants mentioned above remained in the case. Bondex and Georgia-Pacific make the novel argument that because "[a]fter the close of discovery there exists an absence of any proof (documents or testimony of any kind) that plaintiff ever worked with or around John Crane, Inc. products and yet plaintiff has opted to retain John Crane, Inc. in the case" the case is removable at this late date. (*See* Doc. 1, para 14.)

But John Crane has not obtained summary judgment in state court. Of course, if it did, the case would not be removable because of the involuntary dismissal rule. Was John Crane joined to defeat diversity jurisdiction? No. The case has been on file for almost a year in state court, and John Crane has not been dismissed. Plaintiffs could have sued John Crane alone and have avoided even the threat of removal. On the other hand, they could not sue John Crane at all and ensure federal jurisdiction. But they are not obligated to do one or the other. The only limitation is a prohibition against fraudulently joining a local defendant to defeat federal jurisdiction. When, as in this case, the liability of the diverse defendants is based on the same set of facts as that of the local defendant, there is no fraudulent joinder. The case may be weak or even unfounded as to all defendants, but this is not a joinder problem that implicates federal jurisdiction considerations.

This is not a new problem for the federal courts. The Supreme Court said long ago that "[i]n no case can the right of removal be established by a petition to remove which amounts simply to a traverse of the facts alleged in plaintiff's petition, and in that way undertaking to try the merits of

a cause of action, good upon its face." *Southern Ry. Co. v. Lloyd*, 239 U.S. 496, 500 (1916). A bad case against diverse and non-diverse defendants alike does not amount to fraudulent joinder. In such cases the non-diverse defendant is not joined to defeat diversity.

Plaintiffs' motion to remand (Doc. 11) and motion for expedited hearing or summary ruling (Doc. 13) are **GRANTED**, and this action is **REMANDED** to the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:  11/10/04

s / G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
