Dec 29 2004 1:34PM  HP LASERJET 3330  p.3
Case MDL No. 875   Document 4383   Filed 01/03/05   Page 1 of 9
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JAN -3 2005
E- FILED
FILED
CLERK'S OFFICE
DEC - 8 2004
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

MDL 875

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD GENDREAU and LAURA GENDREAU,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED PACKING, et al.,<br><br>Defendants. | No. C 04-4841 SBA<br><br>**ORDER**<br><br>[Docket No. 12]<br><br>MDL-875<br>RECOMMENDED ACTION<br>Vacate CTO-240 - one action<br>Approved/Date: MJB 1/3/05 |

This matter comes before the Court on Plaintiffs Donald Gendreau and Laura Gendreau's ("Plaintiffs") motion for remand of this action to the California Superior Court for Alameda County pursuant to 28 U.S.C. § 1447(c) ("Motion for Remand") and request for attorneys' fees and costs and order to show cause under Federal Rule of Civil Procedure ("FRCP") 11 ("Request for Fees") [Docket No. 12].

The motion is opposed by the seven removing defendants: DaimlerChrysler Corporation, Dana Corporation, Ford Motor Company, General Motors Corporation, Genuine Parts Company, Honeywell International, Inc., and Pneumo-Abex ("Seven Removing Defendants" or "Defendants").

Having read and considered the papers submitted by the parties and being fully informed, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Plaintiffs' Motion for Remand and DENIES Plaintiffs' Request for Fees.

## BACKGROUND

This case was originally filed in Alameda County Superior Court on January 6, 2004. As filed, the case included numerous defendants, some of which were California citizens. Thus, the case was not removable as originally filed. Various proceedings and settlements then occurred.

On November 15, 2004, Defendants removed this action to this Court pursuant to 28 U.S.C. § 1446. Mot. Removal at 7; Hugo Decl. Exh. I.

The Notice of Removal ("Notice") asserts that the "sole remaining defendants in this matter" are the Seven Removing Defendants, *supra*. Not. ¶ 4. The Notice further asserts that "[o]n or about November 5, 2004, complete diversity of citizenship between Plaintiffs and defendants was created by the dismissal of Burns International Services Corporation from this action." *Id.* ¶ 9. Written consents to the removal from each of the Seven Removing Defendants have been filed with this Court. Park Decl. [Docket No. 9].

On November 18, 2004, Plaintiffs filed their motion to remand [Docket No. 12]. The Court subsequently set an expedited hearing and briefing schedule.[1]

## LEGAL STANDARD

The federal removal statute, 28 U.S.C. 1441, provides that "any civil action brought in a State court . . . may be removed by the defendant or the defendants" to federal court on the basis of federal question or diversity jurisdiction. 28 U.S.C. 1441(a); *Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

The removal statute is to be strictly construed against removal and any doubt is resolved in favor of remand. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The burden of establishing jurisdiction rests with the party effecting the removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citations omitted).

The Court must determine whether removal was proper by "looking to the complaint at the time the removal petition was filed." *Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050, 1058 (C.D. Cal. 2001), citing, *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th

---

[1] Defendants complain that Plaintiffs filed their reply late. In the Court's order setting forth the briefing schedule, Plaintiffs were ordered to file their reply by November 30, 2004 at 12 noon. Plaintiffs did not file their reply until about 5 p.m on November 30. However, Plaintiffs are not the only ones who did not comply with this Court's orders. The same order also explicitly required chambers copies of all papers. Defendant DaimlerChrysler Corporation filed an opposition on November 24 but failed to provide a chambers copy of said opposition until December 2. Defendants also failed to file a proposed order with their opposition as required by this Court's standing orders. Standing Ord. ¶ 6. Given all of these violations by both parties, the Court declines to strike Plaintiffs' reply.

2

Cir. 1979). The Supreme Court has explained that "if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant." *Great N. Ry. v. Alexander*, 246 U.S. 276, 281, 62 L. Ed. 713, 38 S. Ct. 237 (1918) (quoted in *Libhart*, 592 F.2d 1062, at 1065).

Section 1446(b) prescribes the time and manner for removing an action which becomes removable after its original filing:

> If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

A case may become removable after its original filing "if the plaintiff voluntarily dismisses, discontinues or in any way abandons, the action as to the resident joint defendant . . . ." *Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315, 1318 (N.D. Cal. 1986), citing, *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C. 1979). "Ninth Circuit cases have long acknowledged that removability can arise upon the abandonment of claims against a resident joint defendant." *Id.*, citing, e.g., *Preaseau v. Prudential Ins. Co. of America*, 591 F.2d 74, 77 (9th Cir. 1979); *Southern Pacific Co. v. Haight*, 126 F.2d 900, 905 (9th Cir. 1942).

"Where the voluntary dismissal or abandonment of a resident defendant creates complete diversity between the parties to state proceedings, the nonresident defendant may remove the case to federal court within thirty days of the dismissal or abandonment." *Id.*, citing, 14a Wright, Miller & Cooper, Federal Practice & Procedure, § 3732. Courts have stated that a plaintiff may voluntarily abandon her claims against a nondiverse party if there is "a definite or unequivocal expression of intent to discontinue the action against the nondiverse party." *Delatte v. Zurich Ins. Co.*, 683 F. Supp. 1062, 1063 (M.D. La. 1988); see *Schmidt*, 626 F. Supp. at 1318 ("Section 1446(b) thus permits removal within 30 days of the pleading or other action by which the plaintiff unequivocally effects an abandonment of any resident defendants and

3

thereby creates diversity.").

"Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case. A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case." *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000) (citation omitted).

It is not required that dismissal of the nondiverse defendants be in writing or be formalized. *Mancari v. A C & S Co.*, 683 F. Supp. 91, 93 (D. Del. 1988), citing, *Lesher v. Andreozzi*, 647 F. Supp. 920, 921 (M.D. Pa. 1986) (nondiverse defendant need not be formally dismissed before removal is proper). Instead, the court must determine "(1) whether there was a binding settlement agreement between plaintiff and the nondiverse defendant on the date of removal, and (2) what procedural safeguards must be taken in order for the agreement to be enforceable and to 'effectively eliminate' the nondiverse defendant from the litigation." *Martineau*, 203 F.3d at 910.

## ANALYSIS

Plaintiffs contend that removal was improper because contrary to the assertions contained in the Notice, there are seven California defendants named in the complaint that have not been dismissed from this case, namely: Allied Packing & Supply, Inc. ("Allied Packing"), Plant Insulation Company ("Plant Insulation"), Burns, Kaiser Gypsum Company ("Kaiser"), J.T. Thorpe & Son ("J.T. Thorpe"), Hamilton Materials, Inc. ("Hamilton") and American Asbestos Company ("American Asbestos") (collectively, "California Defendants").

### A.  Abandonment

Defendants argue that, like *Haight* and *Schmidt*, Plaintiffs have unequivocally abandoned their claims against the nondiverse defendants and therefore, the case was removable. However, *Haight* and *Schmidt* stand for the proposition that plaintiffs can voluntarily abandon nondiverse, fictitious, "Doe" defendants. *See Haight*, 126 F.2d at 902; *Schmidt*, 626 F. Supp. at 1316-17; *see also Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 77 (9th Cir. 1979) (noting that *Haight* "established that a defendant's petition for removal is timely when made immediately after *fictitious* defendants are no longer part of the

4

action and therefore can no longer destroy the required diversity.") (emphasis added).

In contrast, in this case, the California Defendants are named defendants. They were not named as fictitious "Doe" defendants. The Court is not persuaded that the reasoning of *Haight* and *Schimdt* applies and Defendants have cited no authority which has extended *Haight* and *Schimdt* to actions that involve named, served defendants,[2] and independent research has also located no such authority. Given this, the authority that Defendants rely upon is unpersuasive.

Moreover, Defendants have failed to demonstrate that Plaintiffs' actions constituted a definite or unequivocal expression of intent to discontinue the action against the nondiverse parties. Indeed, a close examination of the events that led to the filing of the Notice of Removal only raises more questions as to the propriety of the Notice itself.

Preliminarily, while Plaintiff has apparently engaged in productive settlement discussions with some or all of the nondiverse defendants (discussed, *infra*), the fact remains that the complaint still alleges causes of action against various nondiverse defendants.

With respect to the November 12, 2004 trial call, at no time did Plaintiffs move to dismiss from this case those defendants that did not appear at the trial call. Hugo Decl., Exh A. Nor did Plaintiffs represent to the court that those defendants that were not present at the trial call were no longer parties to the case.[3]

Plaintiffs' November 12 motion *in limine* moved to amend the case caption to "reflect remaining defendants;" it did not name any specific defendants which would be deleted and thus cannot constitute a

---

[2] *Heniford v. American Motors Sales Corp.*, 471 F. Supp. 328, 334 (D.S.C.1979) is also distinguishable because in that case, the court found that removal was proper when in his closing arguments, plaintiffs' counsel admonished the jury not to return a verdict against the resident defendant. *Id.* at 334. Given this, the court found that there was no longer an "opposition of interest between plaintiffs and the nondiverse defendant" and no "actual, substantial controversy between the two." *Id.* Plaintiffs made no such statement to the state court.

[3] Moreover, even if the Court were to assume *arguendo* that Plaintiffs made such a representation at the trial call, CSK Auto and Maremont, who are non-California defendants, and who appeared at the trial call, did not join the Notice of Removal, nor does the Notice affirmatively explain their absence, making it defective. *See Hewitt v. Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) ("All defendants must join in a removal petition with the exception of nominal parties."); *see Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) ("Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."). In addition to the reasons articulated in this Order, the Court remands this action on this basis as well.

definitive and unequivocal expression of Plaintiffs' intent to discontinue the action against the nondiverse parties.[4]

Plaintiffs' actions on November 15 are also too ambiguous to support a conclusion that Plaintiffs definitively and/or unequivocally expressed their intent to discontinue the action against the nondiverse parties. While Defendants assert that Plaintiffs represented to the trial court that the only remaining defendants in the case were the Seven Removing Defendants, an assertion which Plaintiffs contest, no transcript of the proceeding was provided for the Court's review and Plaintiffs' Statement of the Case plainly names the Seven Removing Defendants *and Maremont*. This discrepancy and omission prevent the Court from definitively determining what Plaintiffs' intent was.[5]

Here, unlike *Haight* and *Schmidt*, Defendants have failed to show that the trial commenced without *service* of the California Defendants, but merely that the California Defendants failed to enter appearances on the date set for trial. As far as this Court can discern from the record, at no time did Plaintiffs make a motion to dismiss the California Defendants from the case. Without more, the failure of the California Defendants to appear does not affect their status as parties in the case. See *In re Diet Drugs Prods. Liab. Litig.*, 1999 U.S. Dist. LEXIS 2074, at *15-16, 1999 WL 106887 (E.D. Pa. 1999)

Resolving any doubt in favor of remand, coupled with the lack of authority establishing that the holdings of *Haight* and *Schimdt* can be extended to situations such as this one, Defendants have failed to demonstrate that Plaintiffs definitively and unequivocally abandoned this action with respect to the California Defendants.

---

[4] While Defendants point to the service list that accompanied the motion *in limine*, that service list named each of the Seven Removing Defendants, as well as defendants ASARCO, Inc., Lake Asbestos of Quebec and Rapid-American Corp. ASARCO, Inc., Lake Asbestos of Quebec and Rapid-American Corp did not join the Notice of Removal. Thus, even if the Court were to credit Defendants' contention that the service list "plainly" identifies the remaining defendants, the Notice fails to affirmatively explain the absence of these three defendants and is therefore defective.

[5] Defendants also cite Plaintiffs' November 13, 2004 fax regarding further expert depositions that was accompanied by a "service list" that listed only the Seven Removing Defendants. First, the list does not represent that the Seven Removing Defendants are the only remaining defendants in the case, indeed the service list makes no representations or assertions at all. Moreover, given the ambiguities of Plaintiffs' course of action in this case, this service list, standing alone, is insufficient to constitute a definitive and unambiguous expression of Plaintiffs' intent to discontinue the action against the nondiverse parties.

6

**B.   Purported Settlement Agreements**

Defendants argue that even if Plaintiffs did not abandon their claims against the California Defendants, the California Defendants have nevertheless settled their disputes with Plaintiffs.

While Plaintiffs admit that they have discussed settlement with most of the California Defendants, the Seven Removing Defendants have failed to present any evidence that these discussions constitute settlement agreements, oral or otherwise, that are enforceable under California law. *See Weddington Productions, Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998) ("In order for acceptance of a proposal to result in the formation of a contract, the proposal 'must be sufficiently definite, or must call for such definite terms in the acceptance, that the performance promised is reasonably certain.'") (citation omitted); *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1681 (1991) ("Settlement agreements not enforceable under Code of Civil Procedure section 664.6 are governed by the legal principles applicable to contracts in general.").

For example, with respect to Plant Insulation, Plaintiffs state that "defendant Plant Insulation will settle with plaintiffs, but has not yet finalized the terms of its agreement with plaintiffs, and may not do so until after the trial in this matter." Mot. Remand at 11. In their reply, Plaintiffs assert that the formal settlement terms have not yet been worked out. Reply at 11. Indeed, Plaintiffs assert that they have only "'agree[d] to agree' on the value of plaintiffs' claims against them." *Id.* at 6. Defendants have provided no evidence to show that Plaintiffs reached an enforceable settlement agreement, oral or otherwise, with Plant Insulation.

In light of the foregoing, there is insufficient evidence in the record regarding the details of these purported settlements for the Court to determine definitively: (1) that there were binding settlement agreement(s) between Plaintiffs and the nondiverse defendant(s) on the date of removal, and (2) what procedural safeguards, if any, must be taken in order for the agreement(s) to be enforceable and to "effectively eliminate" the nondiverse defendant(s) from the litigation. Accordingly, again resolving all doubt in favor of remand, the Defendants have not demonstrated that Plaintiffs entered into binding and enforceable settlement agreements with each nondiverse defendant on or prior to the date of removal.

7

### C. Summary

There is a lack of sufficient evidence and/or direct authority to support a finding that Plaintiffs have voluntarily abandoned the case with respect to all California Defendants. There is also a lack of evidence in the record to support a finding that Plaintiffs have reached binding settlement agreements (oral or otherwise) with all California Defendants. Given this, and in light of the defects in the removal of this action to this Court, the Court hereby GRANTS Plaintiffs' motion to remand.

### D. Request for Fees

Plaintiffs also request an award of costs incurred in litigating the removal, including attorneys' fees. Section 1447(c) of Title 28, United States Code, provides that "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Costs may be awarded for an improper removal even absent a finding of bad faith. *Moore v. Permanente Med. Group. Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). The award of fees is within the discretion of the district court. *Id.*

The Court declines to award costs and attorneys' fees to Plaintiffs. Although Plaintiffs' counsel has undoubtedly invested significant time in bringing this motion to remand, and Defendants' removal was defective and premature at best, the removal was not so obviously unfounded as to warrant an award. Plaintiffs' intended course of action with respect to the California Defendants was not clear. Furthermore, while Defendants' arguments were ultimately unpersuasive, they were not frivolous. *See Dead Kennedys v. Biafra*, 46 F. Supp. 2d 1028, 1031 (N.D. Cal. 1999) ("[T]he Court should consider whether removal was improper and whether reimbursement of expenses is an appropriate remedy for the incursion of an unnecessary expense.").

Accordingly, Plaintiffs' request for fees is DENIED.

Plaintiffs further request that the Court "sua sponte" issue an order to show cause under FRCP 11. This request is procedurally improper and is DENIED. Fed. R. Civ. P. 11(c)(1)(A); Civil L.R. 7-8; *see Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998); *see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1150-51 (9th Cir. 2003). Plaintiffs have provided no authority or

compelling reason to suggest that this Court should relieve them of their legal obligations under the Federal and Local Rules when Rule 11 sanctions are requested. Accordingly, Plaintiffs' request for an order to show cause under FRCP 11 is DENIED.

### CONCLUSION

Good cause appearing,

IT IS HEREBY ORDERED THAT Plaintiffs' motion for remand of this action to the California Superior Court for Alameda County pursuant to 28 U.S.C. § 1447(c) [Docket No. 12] is GRANTED. Plaintiffs' request for attorneys' fees and costs and an order to show cause under Federal Rule of Civil Procedure 11 is DENIED.

IT IS FURTHER ORDERED THAT the above captioned action is REMANDED to the Superior Court of California for Alameda County. All matters calendared in this action are VACATED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 12-8-04

/s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge

9