JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 4 2005

FILED
CLERK'S OFFICE

**MDL 875**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

\*\*\* This opposition applies to the motion filed by plaintiff in the matter entitled *Glenn Soileau v. Cajun Electric Power Cooperative, et al*, MDLA. No. 04-512 (CTO-239)

### MEMORANDUM IN OPPOSITION TO THE PLAINTIFF'S MOTION AND INCORPORATED BRIEF TO VACATE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION'S CONDITIONAL TRANSFER ORDER

**MAY IT PLEASE THE PANEL:**

DaimlerChrysler Corporation ("DaimlerChrysler") appears herein, through undersigned counsel, and, in opposition to the motion of Glenn Soileau ("plaintiff") to vacate the conditional transfer order of the Judicial Panel on Multidistrict Litigation as applicable to the above referenced matter, does respectfully state as follows:

### I. PROCEDURAL BACKGROUND

DaimlerChrysler joined in the removal of the matter entitled *Glenn Soileau v. Cajun Electric Power Cooperative, et al*, then pending on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, bearing docket no. 521308. The action was removed to the United States District Court for the Middle District of Louisiana on or about July 23, 2004. On August 16, 2004, co-defendant Honeywell International, Inc. filed a "Notice of Related Action" and a "Notice of Tag-Along Action." On August 23, 2004, plaintiff filed a Motion to Remand the action to state court. At present, plaintiff's motion remains under

NO TDS 43182 v1A
2139218-000110 12/29/04

OFFICIAL FILE COPY

IMAGED JAN 6 '05

consideration by the district court and no order remanding the matter to state court has been entered.

In the interim, the Multidistrict Litigation Judicial Panel issued a conditional transfer order on November 24, 2004. Plaintiff filed a Memorandum Objecting to the Conditional Transfer of this matter to the Eastern District of Pennsylvania on the grounds that there is a Motion to Remand pending before the Middle District of Louisiana. Plaintiff urges the Panel not to order transfer before the motion to remand is resolved by the transferor court. However, the provisions of 28 U.S.C. § 1407 has the salutary effect of placing all actions before a transferee judge who can decide Mr. Soileau's pending motion to remand. *In re Ivy*, 901 F.2d 7 (2d Cir. 1990).

## II. ARGUMENT

**A.   Pendency of a Motion to Remand Does Not Preclude the Transfer of this Case:**

Plaintiff's stated opposition to the conditional transfer and his argument for vacating the conditional transfer is baseless and insufficient to set aside the Judicial Panel's conditional order transferring this matter to the Eastern District of Pennsylvania. In fact, plaintiff's request would only serve to deplete the resources provided by the transferee court that routinely handles preliminary legal matters such as Mr. Soileau's pending Motion to Remand. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000).

Conservation, not depletion, of resources is, indeed, the purpose of 28 U.S.C. § 1407 -- to serve the convenience of the parties and witnesses, centralization of the docket, and promote the just and efficient conduct of the litigation by having the plaintiff's motion to remand decided by the transferee judge. *In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (Jud.Pan.Mult.Lit. 2001). The case law is clear; transferee courts rule on a wide range of preliminary legal and factual questions, including

2

motions to remand, amend, intervene, and dismiss for improper service, in addition to regulating discovery matters. *See* 15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE, § 3866 (and collecting cases).

Indeed, the Judicial Panel recently recognized, in denying a motion to vacate, that a "pending motion to remand [an action] to state court can be presented to and decided by the transferee judge". *See In re Pharmaceutical Indus. Average Wholesale Price Litig.*, 237 F.Supp. 2d 1377, 1378 (Jud.Pan.Mult.Lit. 2002) (*citing In re Ivy*, 901 F.2d 7 (2d Cir.1990); In re *Prudential Ins. Co. of America Sales Practices Litig.*, 170 F.Supp.2d 1346, 1347-48 (Jud.Pan.Mult.Lit. 2001)). Similarly, in *In re Waste Management Sec. Litig.*, 177 F.Supp. 2d 1373, 1374 (Jud.Pan.Mult.Lit.2001), the Panel noted that "[p]laintiffs in the District of Delaware action base their objection to transfer on their pending motion to remand to state court. We point out, however, that the remand motion can be presented to and decided by the transferee court." The courts recognize that a motion to remand can be presented to and decided by a transferee court in an efficient and resourceful manner. 28 U.S.C. § 1407(a).

**B.      Transfer of this Case is Warranted Under 28 U.S.C. § 1407:**

Plaintiff does not, and cannot, suggest that the transfer of this matter conflicts with the purposes of 28 U.S.C. § 1407. Contrary to plaintiff's objections, in a Louisiana case directly on point, Judge Morey L. Sear of the Eastern District of Louisiana declined to consider plaintiff's pending motion to remand in a matter transferred by the Panel to a multi-district asbestos litigation case, MDL 875. *See Selico v. Waterman S.S. Co.*, 1999 WL 172958 (EDLA 1999). Judge Sear expressly acknowledged that it was within the power and authority of the transferee court to resolve a motion to remand. *Id.* Therefore, there is no basis for vacating the transfer order of the Panel in this case.

3

For the foregoing reasons, DaimlerChrysler respectfully urges the Panel to deny Mr. Soileau's request to vacate the Conditional Transfer Order of this Panel and transfer this case to the Eastern District of Pennsylvania.

## CONCLUSION

The fact that pretrial motions remain pending in the Louisiana District Court does not warrant the Panel vacating its conditional transfer order. Plaintiff's motion to vacate should be denied for three reasons: (1) this action involves common questions of fact with actions previously transferred to the Eastern District of Pennsylvania, (2) the transfer of this action to that district for inclusion under 28 U.S.C. § 1407 pretrial proceedings will serve the convenience of the parties and witnesses, and (3) it will promote the just and efficient conduct of this litigation.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

By: _____
ROY C. CHEATWOOD, T.A. (# 4010)
PAMELA W. CARTER (#24048)
CAROLINE MCSHERRY DOLAN (#24076)
201 St. Charles Avenue
Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DAIMLERCHRYSLER CORPORATION**

Jan-05-05  11:41am  From-  T-771  P.003/004  F-756
Case MDL No. 875   Document 4387   Filed 01/04/05   Page 5 of 6
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 5 2005

FILED
CLERK'S OFFICE

## AMENDED CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing opposition has been served on all counsel of record listed on the attached Panel Service List by U.S. Mail, this 5th day of January, 2005.

*[signature]*

PAMELA W. CARTER

RECEIVED
CLERK'S OFFICE
2005 JAN -5 P 12:39
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## PANEL SERVICE LIST (Excerpted from CTO-239)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Glenn Soileau v. Cajun Electric Power Cooperative, et al.*, M.D. Louisiana, C.A. No. 3:04-512 (Judge John V. Parker)

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Dwight L. Acomb
W. F. Bologna & Associates
1515 Poydras Street
Suite 2323
New Orleans, LA 70112

Troy N. Bell
Aultman, Tyner, Ruffin & Yarborough
400 Poydras Street
Suite 1900
New Orleans, LA 70130

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Roy Clifton Cheatwood
Phelps, Dunbar, L.L.P.
365 Canal Street
Suite 2000
New Orleans, LA 70130

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406