JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL  875**

JAN – 4 2005

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| GALE D. WALKER | * | |
| Plaintiff | * | MDL Docket No.  MDL-875 |
| vs. | * | |
| OWENS ILLINOIS GLASS COMPANY, *et al.* | * | Civil Action No.  AMD04CV03278 |
| | * | |
| Defendants | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM OF AVCO CORPORATION AND CESSNA AIRCRAFT COMPANY, DEFENDANTS, IN OPPOSITION TO MOTION OF PLAINTIFF TO VACATE CONDITIONAL TRANSFER ORDER

### 1. INTRODUCTION.

On or about September 7, 2004, Plaintiff Gale D. Walker served his claims against Avco Corporation ("Avco") and Cessna Aircraft Company ("Cessna") (collectively herein, "these aviation Defendants") in the Circuit Court for Baltimore City, Maryland through an "Amendment by Interlineation" in the case captioned, *Gale D. Walker v. Owens Illinois Glass Company, et al.*, Circuit Court for Baltimore City, Case No. 24X03000617.  On October 7, 2004, Defendants Avco and Cessna removed the action to federal court pursuant to 28 U.S.C. § 1441 *et seq.*  Plaintiff Walker's allegation against these aviation Defendants — which will be contested vigorously — is that his illness was caused, at least in part, by the exposure to asbestos released from the products made by them in the course of his employment as a federally licensed aircraft mechanic.  The entire scope of his

PLEADING NO. 4388

OFFICIAL FILE COPY IMAGED JAN 6 '05

occupation has been preempted by federal statutes and regulations.    Thus, removal to federal district court was quite proper.  Proper, but beside the point of the instant inquiry.

Throughout his Motion and Brief to Vacate Conditional Transfer Order, Plaintiff confuses the issue for initial resolution by Judicial Panel on Multidistrict Litigation (the "JPML") for Multidistrict Litigation No. 875 in the United States District Court for the Eastern District of Pennsylvania ("MDL 875").  The question is **not** whether the case was properly removed from state court, and **not** whether and by whom it might be remanded to state court.  Rather the **sole** question at this juncture is simply whether the JPML should accept the conditional transfer of the case from the federal district court to which the suit was timely removed.  For the reasons presented herein, the transfer is appropriate and should be made final.

## 2.  THIS CLAIM IS WELL-SUITED FOR MDL 875.

### A.    Plaintiff has not established that he shall suffer "unjustified delay" in MDL 875.

At the time that these aviation Defendants were amended into the lawsuit, it had been pending for well over a year — since June 3, 2003.  It had been originally set for trial on January 10, 2005 (under a scheduling order dated October 3, 2003), but later transferred to the March 8, 2005 trial group, (under a scheduling order, dated January 28, 2004).  This matter constitutes the first and

only occasion that Avco and Cessna have been sued in an asbestos-related case in the State of Maryland.[1]

Having amended these two aviation Defendants into their first action in Maryland a scant 6 months before the scheduled date of trial, Plaintiff likely would have sought a continuance — or would not have opposed Defendants' request for it — to allow sufficient time for both sides to conduct discovery and to prepare for a trial involving many issues of first impression.   Thus, Plaintiff's complaint of "unjustified delay" before the JPML in MDL 875 rings particularly hollow.[2]   Any delays are "justified," as they are caused by Plaintiff's choices on how, where and when to sue these aviation Defendants.

**B.**   **MDL 875 is the proper forum to address this run of the mill asbestos claim.**

Plaintiff's argument that his routine asbestos claim is not suited for transfer to the MDL 875 proceeding is specious.   Under the experienced and successful guidance of Judge Charles R. Weiner, over 100,000 similar asbestos claims have

---

[1] Plaintiff argues at length that the Circuit Court for Baltimore City, Maryland is uniquely suited to handle this asbestos claim because it presided over two "common issues" trials in the late 1980's and early 1990's.   See *AC and S, Inc v. Godwin*, 340 Md. 334, 667 A. 2d 116 (1995); *AC and S, Inc v. Abate*, 121 Md. App. 509, 710 A. 2d 944 (1998) (Pl. Br. at 3-5). The arguments are highly misleading, because neither this Plaintiff nor these aviation Defendants were ever a part of those proceedings. There were **no** common issues decided as to these aviation Defendants, nor has any discovery been conducted by them or by Plaintiff as to them. To claim that "only the plaintiff-specific discovery" remains to be conducted in this case is equally erroneous.   Likewise claiming that the "common issues" somehow apply to Avco and Cessna is untrue where, by their very terms, the common issues only bound the trial parties, most of whom ironically are no longer in the litigation due to their subsequent Chapter Eleven Bankruptcy proceedings.   Collateral estoppel is as misleading as it is irrelevant to the issue of finalizing the Conditional Transfer Order.   That the state court has "extensive experience" with asbestos cases has absolutely no bearing on whether the existence of original jurisdiction conferred by 28 U.S.C. § 1441 *et seq*. made removal proper or whether finalizing transfer to MDL 875 is appropriate.

[2] See Pl. Br. at 3, 4.

been handled — and resolved — in 2003 and 2004.  Only a small percentage of them actually have had to be returned to the transferor court for trial.[3]   Plaintiff offers no facts to distinguish Gale Walker's asbestos claim from countless others that have preceded it, since the MDL 875 was initiated over a decade ago.

The statistics quoted in footnote 3 prove that this litigation management program has "serve[d] the convenience of the parties and witnesses" and "promote[d] the just and efficient conduct" of numerous similarly situated Plaintiffs.  28 U.S.C. § 1407.  As reported in Mealey's Litigation Report: Asbestos at vol. 19, #20 (November 17, 2004), the JPML declared, in accepting transfers of asbestos cases from Mississippi, Washington and West Virginia, that they did involve common issues of fact with other actions transferred to this MDL docket and that consolidated pretrial proceedings did serve the convenience of the parties and witnesses as well as promoted the just and efficient conduct of the litigation. *In re: Asbestos Products Liability Litigation [No. VI], No. MDL 875, JPMDL.*  (Article attached as Ex. 1.)  The opinion went on to declare:

> We note that under Judge Weiner's stewardship, as of Oct. 1, 2004, i) over 74,000 actions have been closed in the transferee district, and ii) over 1290 actions or claims therein have been returned to their originating transferor districts.  **To any parties that believe the uniqueness of their particular situation renders**

---

[3] According to statistics published at www.jpml.uscourts.gov/statisticalanalysis2003,  under the heading "Summary By Docket of Multidistrict Litigation Pending as of September 30, 2004, Or Closed Since October 1, 2003," Judge Wiener's court has accepted 1309 similar cases from the United States District Court (Maryland).  In total, just in the preceding year, the JPML has accepted 100,412 transfers, has dismissed 74,152 claims, has returned to transferor court for trial 366 claims and has pending 32,542 claims. *Id.*

> **continued inclusion in MDL 875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished.** (Emphasis added.)

*Id.*

Plaintiff Walker offers nothing that has not already been considered and rejected by the JPMD. As mentioned above, the "experience" of any Baltimore City judges is totally irrelevant because, even if the matter is ultimately remanded to the transferor court, United States District Judge Andre M. Davis shall resume the handling of the matter, not a state judge in Baltimore. To suggest that Judge Weiner lacks the proper expertise to handle this garden-variety asbestos claim is simply unsupportable.

### C.    MDL 875 is able to dispose of all pretrial issues, and in a timely fashion.

Plaintiff baldly asserts that transfer to MDL 875 to resolve pretrial issues common to all asbestos cases is "unjustified." (Pl. Br. at 4.) In light of the extraordinary success of this Panel in closing asbestos claims over the past decade, one searches in vain for the basis of such an outlandish attack upon Judge Weiner and this Panel. From the Memorandum filed with the transferor court seeking to have his Motion For Remand decided before this Panel could act on the conditional transfer (attached as Ex. 2), it is clear that Judge Weiner has heard from Plaintiff's counsel on numerous occasions in prior asbestos claims transferred to this forum. There can be no basis in fact or law to argue that MDL 875 cannot timely resolve any matter properly before it, including a remand motion, nor has

Plaintiff supported the implication that Judge Davis is better suited to the task than Judge Weiner.

Judge Davis' deference to this Panel is consistent with the strategy of most other courts which have concluded that it is appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the JPML to conserve overtaxed judicial resources. *Rivers v. Walt Disney Co.,* 980 F. Supp. 1358, 1362 (C.D. Cal. 1997), citing *American Seafood v. Magnolia Processing, Inc.,* 1992 U.S. Dist. LEXIS 7374, 1992 WL 102762, at 6, further citing, *Arthur-Magna, Inc. v. Del-Val Fin. Corp.,* 1991 U.S. Dist. LEXIS 1431, 1991 WL 13725 (D.N.J. 1991); *Portnoy v. Zenith Laboratories,* 1987 U.S. Dist. LEXIS 16134, 1987 WL 10236 at 1 (D.D.C. 1987); *Weinke v. Microsoft Corporation,* 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000), "cursory assertions of prejudice do not outweigh the disadvantages of litigating identical claims in a multitude of venues. . . .  In light of the pending MDL Panel ruling on transfer, this action should be stayed in the interest of judicial economy and to avoid inconsistent results."

The Second Circuit has not only made it clear that a case **may** be transferred under the multidistrict litigation statute even after a jurisdictional challenge has been lodged, it has also intimated that allowing the transferee court to resolve the jurisdictional question may be the **preferable** practice. *Ivy v. Diamond Shamrock Chemicals Co.,* 901 F.2d 7, 9 (2d Cir. 1990).  There, the transferor court had, in fact, declined to rule on the remand motion pending the JPML's decision.  After transfer, the plaintiffs sought a writ of mandamus directing the

JPML to vacate the transfer order on the ground that no subject matter jurisdiction existed.  The Second Circuit viewed the issue as "the merits of the transfer viewed against the purposes of the multidistrict statutory scheme." *Id.*  The Court easily found that the transfer was entirely unobjectionable, and the jurisdictional challenge should not have short-circuited the otherwise advisable transfer:

> The jurisdictional issue in question is easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation.  That issue, however, involves common questions of law and fact, some or all of which relate to the Agent Orange class action and settlement, and there are real economies of transferring such cases to Judge Weinstein, who has been handling the Agent Orange litigation for several years. . . .  The jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course.  Consistency as well as economy is thus served.  **We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.**  (Emphasis added).

*Id.*

Not only is MDL 875 able to handle Plaintiff Walker's motion for remand, there are significant advantages to having that motion decided by Judge Weiner.  The fundamental purpose of transfers by the JPML to designated district courts for various multi-district topics is to further judicial economy and to eliminate the potential for conflicting pretrial rulings.

Here, for this asbestos litigation, transferee court in Philadelphia is in a superior position to any and all other federal districts to decide, once and for all, the question as to the extent of federal preemption as it relates to persons claiming

an asbestos illness from working in the federally regulated profession of aviation mechanics.

Here, as in *Medical Society of the State of N.Y. v. Connecticut General Corp.* 187 F. Supp.2d 89, 92 (S.D. N.Y. 2001), "there are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation. Moreover, plaintiffs have not demonstrated any prejudice in the event of a stay except the slight delay in deciding the remand motion." *See also Ivy*, 901 F.2d at 9.

Judge Weiner's now legendary expertise in resolving federal asbestos cases for the last 13 years unquestionably will produce a more consistent, uniform, and judicially economical determination of the jurisdictional basis of all claims of aviation mechanics than will multiple and duplicative efforts by many other courts around the nation.

Avoiding the prospect of inconsistent decisions in multiple districts can and should be avoided under the MDL mandate. Opposite results can be reached on removals and motions for remand based upon the **same** declaration (of James M. Gate, Manager of Design Verification of the Marine Division of Westinghouse Electric Corporation). Compare *Crocker v. Borden,* 852 F. Supp. 1322 (E. D. La. 1994), and *Madden v. Able Supply Co.,* 205 F. Supp.2d 695 (S.D. Tex. 2002) to *Good v. Armstrong World Ind. Inc.*, 914 F. Supp. 1125 (E. D. Pa. 1996). Having a single jurist issue one controlling opinion furthers the fundamental purpose of the MDL plan.

Judge Weiner alone should be determining, without the possibility of inconsistent rulings, whether the United States government's direct, detailed and pervasive control over the design, construction, maintenance and repair of all aircraft within and without its borders (and their component parts) is sufficient to confer federal preemption jurisdiction upon these aviation Defendants.

Plaintiff also implies, without supporting case law or facts, that this case is ill suited for handling in the MDL 875 because it involves a cancer claim. (Pl. Br. at 3, 5.) Judge Weiner's record again belies this assertion and supports the opposite conclusion. Plaintiff Walker, and all other mesothelioma claimants, are best served by the attention Judge Weiner pays to resolving claims before protracted trials and lengthy appeals, as a faster and fairer means of assuring that one claimant does not exhaust the finite resources of a dwindling pool of viable defendants through forum shopping.

Plaintiff has not demonstrated, nor can he demonstrate, that the Panel's transfer of this case to Judge Weiner will prejudice plaintiff's ability to receive due compensation. While he makes unsupported assertions of undue delay, there simply is no right to a speedy trial in civil cases, even for living mesothelioma claimants.[4] However, there is great wisdom in the coordination and consolidation of similarly situated plaintiffs, who all allege that they or their decedents have or had mesothelioma. The majority should not risk being deprived of adequate

---

[4] Despite the misleading caption of this case, Gale D. Walker is deceased. Presumably an estate will be opened for the purpose of having a personal representative maintain this lawsuit.

compensation, because a few win races to courthouses in hundreds of different locations across the nation.

As Judge Edward R. Becker of the Third Circuit stated in <u>The Third Branch</u>, Vol. 35, Number 7, July 2003, Administrative Office of the US Courts: "Given the absolutely fantastic number of settlements that Judge Weiner has produced every year for decades, I think he is the single most effective federal trial judge in the whole system."

Judge Weiner's concentration upon settlement (and experience shows that settlement is the most likely disposition of mesothelioma claims even in the Circuit Court for Baltimore City, Maryland) actually has protected those with malignancies, including mesothelioma, better than had there been individual plaintiffs awaiting trials throughout the busy federal or state court systems.  In Judge Weiner's own words:

> From the onset, we have given priority to the claims of the very sick and to the victims with malignancies.  Group settlements were and are critical to the movement of these cases.  We have attempted to establish registries or deferred lists of cases to husband the resources that are available in order to protect future plaintiffs who may yet become victims. . . .  Since the inception of the MDL consolidation, we have worked with all of the attorneys to encourage them to concentrate on the cases which involve malignancies and severe asbestosis claimants, and to defer the claims of those who at present have no evidence of impairment.  Many of the attorneys have followed this path. . . .

*In re Joint Eastern and Southern Districts Asbestos Litigation* 237 F. Supp. 2d 297, 306 (E. & S.D.N.Y. 2002).

As noted by his colleague in the Eastern District of Pennsylvania, Judge Franklin S. Van Antwerpen, early on in the asbestos litigation Judge Weiner gave priority to the very sick and to victims with malignancies. Judge Van Antwerpen praised Judge Weiner for "making certain that those who are sick and dying were the beneficiaries, rather than exhausting the funds available to them by paying them to persons who are asymptomatic." The Third Branch, Vol. 35, Number 7, July 2003, Administrative Office of the US Courts.

Lastly, a plaintiff's case going to MDL 875 does not "languish" in some kind of "black hole," resulting in a plaintiff never getting his day in court. The Third Circuit affirmed Judge Weiner's refusal to hear the New York, Georgia and Oregon Plaintiffs' motions for remand, and affirmed the JPML's denial of their motion for remand, holding: "[Administrative Order No. 3] established that in attempting to resolve cases through negotiation, cases of mesothelioma and lung cancer with asbestosis will be 'addressed . . . on a priority bases.' . . . This process has resulted in approximately 1000 actions or claims being remanded to transferor courts." In re: Patenaude, 210 F.3d 135, 140 (3rd Cir. 2000).

### 3. CONCLUSION

For all the foregoing reasons, Avco Corporation and Cessna Corporation respectfully submit that MDL 875 is the appropriate forum in which to resolve all

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 4 2005

pretrial issues in this law suit and that the conditional transfer order should be

FILED
CLERK'S OFFICE

made final.

Respectfully submitted,

*F. Ford Loker*

F. Ford Loker
USDC – MD Trial Bar #00009
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3840 (Direct)
(410) 727-6464 (Main)
floker@milesstockbridge.com

Attorneys for Defendants, Avco
Corporation and Cessna Aircraft
Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of January 2005, one copy of the

foregoing Memorandum of Avco Corporation and Cessna Aircraft Company,

Defendants, In Opposition to Motion of Plaintiff to Vacate Conditional Transfer

Order was mailed via first-class mail, postage prepaid, to all listed on the attached

Panel Service List.

*F. Ford Loker*

F. Ford Loker

**PANEL SERVICE LIST (Excerpted from CTO-239)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Gale D. Walker v. Owens-Illinois Glass Co., et al.*, D. Maryland, C.A. No. 1:04-3278  (Judge Andre M. Davis)

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Thomas C. Beach, III
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street
Suite 1400
Baltimore, MD 21202-1626

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Pamela T. Broache
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

George M. Church
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

John Stewart Cobb
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Paul Joseph Day
Piper Rudnick , LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Michael Albert Desantis
Hartel Kane Desantis MacDonald &
Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Robert L. Hebb
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21202

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Scot Allen Lewi S. Hinshaw
Hunton & Williams, LLP
1900 K Street, NW
Suite 1200
Washington, DC 20006

Andrew Janquitto
Mudd, Harrison & Burch
105 West Chesapeake Avenue
Suite 300
Towson, MD 21204

Robert D. Klein
Wharton, Levin, Ehrmantraut, Klein &
Nash
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stephen S. McCloskey
Simms Showers, LLP
20 S. Charles Street
Suite 702
Baltimore, MD 21201-3754

Donald S. Meringer
McCarter & English, LLP
300 E. Lombard Street
Suite 1000
Baltimore, MD 21202

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Nagle, III
Bodie, Nagle, Dolina, Smith & Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Richard T. Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Ronald Eugene Richardson
Law Offices of Peter G. Angelos
One Charles Center
100 North Charles Street, 22nd Floor
Baltimore, MD 21201

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue, Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Michael A. Stodghill
Rubin & Rubin Chartered
One Church Street
Suite 301
Rockville, MD 20850

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Gerry H. Tostanoski
Tydings & Rosenberg
100 East Pratt Street
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 4 2005

FILED
CLERK'S OFFICE

# EXHIBIT 1

Vol. 19, #20  November 17, 2004                    LexisNexis MEALEY'S LITIGATION REPORT: Asbestos

## Panel Transfers Mississippi, Washington, West Virginia Cases To MDL Docket

WASHINGTON, D.C. — The Judicial Panel on Multidistrict Litigation has transferred one case each from Mississippi, Washington and West Virginia to the MDL 875 asbestos docket in the U.S. District Court for the Eastern District of Pennsylvania (In re: Asbestos Products Liability Litigation [No. VI], No. MDL 875, JPMDL).

In an order issued Oct. 21, the panel transferred the cases for pretrial and coordinated proceedings, which are ongoing in the MDL court. The Mississippi case is Janet Hockley v. ACF Valves, et al. (No. 1:04-512, S.D. Miss.); the Washington case is Lloyd Spears v. ACandS Inc., et al. (No. 2:04-653, W.D. Wash.); and the West Virginia case is Tammy Brock, etc. v. Georgia-Pacific Corp. (No. 2:03-55, S.D. W.Va.).

The panel found that the cases involved common questions of fact with other actions transferred to the MDL docket and that consolidated pretrial proceedings would serve the convenience of the parties and witnesses and promote just and efficient conduct of the litigation.

"We note that under Judge [Charles R.] Weiner's stewardship, as of Oct. 1, 2004, i) over 74,000 actions have been closed in the transferee district, and ii) over 1,290 actions or claims therein have been returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.

"We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed," the panel said.

## Judicial Panel Vacates Conditional Transfer Order For Mississippi Case

WASHINGTON, D.C. — The Judicial Panel on Multidistrict Litigation on Sept. 27 vacated an order conditionally transferring a Mississippi case for inclusion in the MDL No. 875 docket in the U.S. District Court for the Eastern District of Pennsylvania (In re: Asbestos Products Liability Litigation [No. VI], No. MDL 875, JPMDL).

The panel vacated Johnnie Jackson, et al. v. ABB Lummus Crest, Inc., et al. (No. 1:04-532, S.D. Miss.).  A conditional transfer order in Jackson was filed Aug. 27, and with the absence of opposition, the conditional transfer order was finalized Sept. 14.

The panel said it has now been advised, however, that Jackson's case was remanded to Mississippi's Hinds County Circuit Court by Judge Walter J. Gex III on Aug. 30.

"It is therefore ordered that the Panel's conditional transfer order designated as 'CTO-235' filed on Aug. 27, 2004, is vacated insofar as it relates to this action," the panel said. ■

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

| | | |
|---|---|---|
| GALE D. WALKER, | * | |
| Plaintiff | * | Civil Action No. 04-AMD-3278 |
| vs. | * | Judge André M. Davis |
| OWENS ILLINOIS GLASS COMPANY, et al. | * | |
| | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFF'S MOTION TO REOPEN HIS ACTION
## FOR PURPOSES OF RESOLVING HIS MOTION FOR REMAND
## AND REQUEST FOR HEARING

Plaintiff, by and through his undersigned counsel, hereby requests that this Court reopen his case for the purpose of resolving his Motion for Remand. The reasons for this Motion are more fully set forth in the attached Memorandum filed in support of this Motion, which is incorporated herein by reference as if fully set forth.

Plaintiff respectfully requests a hearing on his Motion to Reopen his case.

Respectfully submitted,

*/s/ Ronald E. Richardson*
Ronald E. Richardson, Federal Bar No.04673
Theodore M. Flerlage, Federal Bar No. 03439
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 N. Charles Street
Baltimore, MD 21201
(410) 649-2000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that on this **6**[th] day of **December, 2004**, a copy of the foregoing **Plaintiff's Motion to Reopen His Action for Purposes of Resolving His Motion for Remand and Request for Hearing** was served by electronic submission via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to all counsel of record.

*/s/ Ronald E. Richardson*
Ronald E. Richardson, Federal Bar No. 04673

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

GALE D. WALKER,                          *

       Plaintiff              *        Civil Action No. 04-AMD-3278

vs.                                      *        Judge André M. Davis

OWENS ILLINOIS GLASS                     *
COMPANY, et al.
                                         *
       Defendants
                                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS
### MOTION TO REOPEN HIS ACTION FOR PURPOSES OF
### RESOLVING HIS MOTION FOR REMAND

Plaintiff, by his undersigned attorneys, submits this Memorandum in support of his request that his Motion for Remand to the Circuit Court for Baltimore City be resolved prior to the transfer determination by the Judicial Panel on Multi-District Litigation.

### INTRODUCTION

This is an asbestos personal injury case in which it is alleged that the Plaintiff's decedent, Gale D. Walker, developed mesothelioma, a fatal cancer, which was caused by his exposure to asbestos products which were manufactured, distributed and sold by the named defendants. This action was originally filed in the Circuit Court for Baltimore City and was subsequently removed more than a year later by certain defendants who have alleged that federal jurisdiction exists because Plaintiff's claims are exclusively preempted by federal law. Removal was without the consent of the remaining defendants. The Plaintiff contests federal jurisdiction and has filed a Motion for

Remand to the Circuit Court for Baltimore City[1].

Subsequent to the removal of his case to this Court, the Plaintiff moved to remand the matter. Plaintiff was then notified that a Conditional Transfer Order has been entered by the Judicial Panel on Multi-District Litigation for transfer to the Eastern District of Pennsylvania. (A copy of that conditional order is attached hereto and marked as Exhibit 1). That Conditional Transfer Order does not become effective until it is filed with the Eastern District of Pennsylvania. Plaintiff intends to notify the Panel that he contests the Conditional Transfer Order thereby further staying the filing of the Order. By Order, dated November 29, 2004, this Court has administratively closed this matter without prejudice to the right of any party to seek to reopen this action for a good cause shown, pending the final determination of all proceedings before the Judicial Panel on Multi-District Litigation.

Plaintiff submits this Memorandum to support his contention that he would suffer a tremendous injustice should this Court not resolve his Motion for Remand and allow his case to languish in the mire that is the Multi-District Litigation. Plaintiff respectfully requests that this Court reopen his action for a very good reason; that being that his case should never have been removed. Plaintiff's Motion for Remand and the Opposition thereto makes this point abundantly clear. The removing defendants did not obtain the consent of the remaining defendants, who have been litigating this case in state court for over a year because it was recognized that the basis for removal had no merit. The removing defendants should not be allowed to force upon Plaintiff, not only a new forum, but also an extensive delay in his case without the opportunity for Plaintiff to

---

[1]Plaintiff adopts and incorporates his Motion for Remand as if set forth fully herein.

2

have his Motion for Remand resolved.  Principles of fundamental fairness require that Plaintiff's Motion for Remand be ruled upon.  If resolved in his favor, this matter would be remanded to the Circuit Court for Baltimore City.

### THIS COURT HAS JURISDICTION TO HEAR AND DECIDE THE PENDING MOTION FOR REMAND

This Court, in its discretion, may decide motions filed in this case while the Judicial Panel for Multi-District Litigation makes a determination on the propriety of including this case in MDL. The rules governing the manner in which MDL takes jurisdiction over a case clearly illustrates that this Court is the only tribunal that has any authority over this case until a final determination is made by the Panel.  Plaintiff is entitled to legal redress and this right is obstructed if this Court fails to resolve the Remand Motion before it.

Under the Rules governing the Judicial Panel on Multi-District Litigation [MDL], a conditional transfer order has no effect upon the jurisdiction of this Court to hear and decide Plaintiff's Remand Motion.  MDL Rule 1.5 provides that this Court retains jurisdiction to resolve Plaintiff's Motion for Remand and all other pretrial motions until a final transfer order is entered by the MDL Panel and filed with the transferee district court.  Rule 1.5 states in pertinent part:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. §1047 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.  A transfer or remand pursuant to 28 U.S.C. §1407 shall be effective when the transfer or remand order is filed in the office of the clerk of the district court of the transferee district.

In fact, at a hearing before the Judicial Panel on Multi-District Litigation, the following

3

colloquy occurred:

> JUDGE NANGLE: You are arguing something in front of us that isn't in our purview.

> MR. LILLY: I'm asking you not to allow it to go to MDL, but to allow it to go to U.S. District Court.

> JUDGE NANGLE: It is before District Court as we talk.

> MR. LILLY: They will not hear it.

> JUDGE NANGLE: For your information, I sent a letter that is as clear as I can write explaining to the district judges that they have the power and authority, and, I guess, I urged that they rule on motions to remand.

> Now many times most of them don't, and maybe they figure that the case is going to go to another judge and going on MDL, so they don't rule. I'm sure that the judges in Maryland are aware of that.

(Partial Transcript of Proceedings before the Judicial Panel on Multi-District Litigation, p. 12, attached hereto as Exhibit 2).

Not only does this Court retain jurisdiction until the Judicial Panel for MDL makes a determination that this case is an appropriate candidate for MDL, the MDL Judicial Panel urges that this Court resolve pending Motions for Remand as it is the only court that has jurisdiction over a case until a final decision is rendered by the Panel. MDL Rule 7.4 states

> (a) Upon learning of the pendency of a potential "tagalong action," as defined in Rule 1.1 of these rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing(s) session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b) <u>Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.</u>[2]

(c) Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is filed with the Clerk of the Panel within this fifteen-day period, <u>the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel.</u>

\* \* \*

(e) <u>Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.</u>

(Emphasis added).

When MDL Rules 1.5 and 7.4 are read in conjunction, the jurisdictional scheme contemplated by the drafters of the rules is unambiguous. Under Rule 1.5, this Court retains jurisdiction over cases pending before the MDL Judicial Panel until the transfer order is filed with the transferee court. Such order cannot be filed under Rule 7.4 until the Panel makes a decision upon a party's opposition to the transfer. Therefore, this Court is the only venue that the parties in this case can turn to in order to seek legal redress until the Panel makes its decision.

In this case, the Conditional Transfer Order [CTO-239] was entered on November 24, 2004. (See Exhibit 1). Plaintiff's Notice of Opposition is due on December 9, 2004 and the brief in support thereof will be due on January 10, 2005. The Notice of Opposition will be timely filed by facsimile, as suggested by the terms of CTO-239. According to MDL Rule 7.4(e), the conditional transfer

---

[2]Paragraph 7.4(b) has been determined by the Clerk of the Panel to require counsel to notify said Clerk should changes occur such as a remand to the state court which would have to occur during the pendency of the filing of the conditional transfer order. (See Cover Page of Exhibit 1).

order will not become effective until filed with the clerk of the transferee court after the Panel renders a decision based upon arguments of counsel. Until that time, Rule 1.5 unambiguously assigns jurisdiction of this case to this Court.

The procedures implemented in the Clerk's Office for the U. S. District Court for Maryland in cases such as this one are contained within a memorandum entitled <u>Procedures For Asbestos Cases</u>. (See Exhibit 3). The provisions contained therein reflect a policy that effectively denies Plaintiff access to a court during the pendency of his case before the MDL Panel.

Under the Docketing Section and within Paragraph No. 1, the Procedures note that the "MDL Panel will notify the court that they have accepted a particular case by sending us a CONDITIONAL TRANSFER ORDER. At this point, the order is docketed and the case is administratively closed." MDL Rule 1.5 clearly states that a conditional transfer order has no effect on the jurisdiction and authority of this Court until it is filed with the transferee district court. MDL Rule 7.4 states that said Order should not be filed with the transferee district court until such time as a party's opposition to the Conditional Transfer Order has been resolved.

On November 29, 2004, the removing defendants filed their Opposition to Plaintiff's Motion for Remand. A review of these briefs establishes that this case should never have been removed from the Circuit Court for Baltimore City. Plaintiff is entitled to access to this Court during the pendency of his case before the MDL Panel in order to avoid an unjust result by rewarding the removing defendants for filing a meritless Notice of Removal. The due process rights of Plaintiff are frustrated by the issuance of an Order by this Court administratively closing his case when there is an opportunity to administer justice during the pendency of the Consolidated Transfer Order. The preemption argument made by the removing defendants, who concede in their Notice of Removal

that they do not have the consent of all defendants, could have been raised at any time by the other defendants who allowed the case to proceed in state court for over a year. Clearly, if there was any substance to the preemption argument, it would have been previously raised. Plaintiff respectfully requests that this Court rescind its Order and resolve Plaintiff's Motion for Remand.

## THIS PROCEEDING IS NOT THE PROPER SUBJECT OF MULTI-DISTRICT LITIGATION.

### A.    TRANSFER OF THIS CASE WILL NOT FULFILL THE STATED GOALS OF MDL.

The purpose of Multi-District Litigation is to resolve in one proceeding pre-trial issues which are common to all of the consolidated cases. 28 U.S.C. §1407(a) provides:

> When civil actions <u>involving one or more common questions of fact</u> are pending in different districts, such actions may be transferred to any district <u>for coordinated or consolidated pretrial proceedings</u>. Such transfers shall be made by the Judicial Panel on Multi-District Litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: provided, however, that the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

(Emphasis added).

The transfer of this action to the Eastern District of Pennsylvania will not satisfy the purposes of the Multi-District Litigation Statute since that transfer will not serve the convenience of the parties and witnesses and will not promote just and efficient conduct of this action. This case was originally filed in the Circuit Court for Baltimore County which has extensive experience in asbestos litigation and has implemented innovative trial plans to resolve the back-load of pending cases. The

7

Judges for the Circuit Court for Baltimore City, in recognition of the fact that mesothelioma cases are the most serious, have a policy that mesothelioma cases are set for trial on a priority basis and receive prompt trial dates without regard to the fact that they have been recently filed. In the Circuit Court for Baltimore City, a prompt trial date is assured and, if this case is transferred to the Eastern District of Pennsylvania prior to a ruling on Plaintiff's Motion for Remand, the only result will be an unjustified delay of these proceedings.

Baltimore City is the proper jurisdiction for the trial of this case. It is respectfully requested that this Court resolve Plaintiff's Motion for Remand to the Baltimore City Circuit Court so that the rights of the parties may be determined.

### B.   THE TRANSFER OF THIS CASE TO MDL FOR THE PURPOSE OF RESOLUTION OF PRE-TRIAL ISSUES COMMON TO ALL ASBESTOS CASES IS UNJUSTIFIED.

Over the years that asbestos personal injury cases have been tried in the State Courts of Maryland, repeated discovery has been conducted on many issues common to those cases to such an extent that, in the Circuit Court for Baltimore City, these common issues are subject to uniform decisions which are made applicable in each case. In the mesothelioma cases, which are now being tried on an expedited basis in Baltimore City, discovery concerning these common issues is rarely, if ever, conducted because these issues have been the subject of repeated discovery and further proceedings simply are not justified.

Maryland is unique because it has expended substantial judicial resources to resolve asbestos litigation in its courts by holding massive consolidated trials in order to resolve common issues in a single proceeding. These two consolidated actions, ACandS, Inc. v. Godwin, 340 Md, 334, 667 A.2d 116 (1995) and ACandS v. Abate, 121 Md. App. 590, 710 A.2d 944 (1998) were held for the

8

purpose of resolving common issues found in all asbestos personal injury cases. The Maryland Court of Appeals found in Godwin that asbestos cases were particularly suitable for consolidation because the evidence required to prove the common issues took an inordinate amount of trial time and had to be presented in each individual case. In these consolidated actions, those common issues were decided at one time in one proceeding and would bind the thousands of plaintiffs who were affected by the case. Also, the common issue findings in Godwin and Abate have been made applicable to other cases which were not part of the consolidation under the doctrine of collateral estoppel. The pre-trial common issues resolved in those large consolidations involve the same issues which MDL will address. The resolution by MDL of these pre-trial issues is simply redundant and will not promote efficiency in the present case.

When mesothelioma cases are set for trial in the Circuit Court for Baltimore City under the expedited plan, predominate issues which are subject to pretrial discovery involve causation, damages, medical evidence, etc. which are specific to a particular plaintiff's case. The plaintiff-specific issues are not considered by the MDL Court and will be resolved by the transferor court at some later date. This will mean that the resolution of this case would be delayed until the MDL Court has resolved these common issues, many of which have already been resolved by the Circuit Court for Baltimore City. Only at that time will this case be remanded to this Court where a resolution of the plaintiff-specific issues and discovery will begin. See: In Re: Radiation Incident at Washington, DC, April 5, 1974, 400 Fed. Supp. 1404 (1975).

Under the circumstances of this case, the Multi-District Litigation Panel does not promote efficiency or serve justice. If this case is transferred to the Eastern District of Pennsylvania, it will languish there awaiting resolution of the common issue discovery. Plaintiff-specific discovery that

is necessary to prepare this action for trial will be delayed, probably for years, while the Multi-District Litigation Court resolves common issues which have been previously resolved by the Maryland State Courts during decades of asbestos litigation.

### CONCLUSION

This Court has jurisdiction over this case and justice would be served by this Court exercising that jurisdiction by resolving Plaintiff's Motion for Remand. A resolution of the issue of whether this is a State or Federal matter at this time will insure that an unnecessary transfer to the MDL can be avoided as well as the unnecessary delay of the proceedings. The issues presented in Plaintiff's Motion for Remand are specific to the plaintiff and does not present issues common to other cases which MDL is to resolve.

While this Court has the discretion to administratively close this case to await the resolution of common issues which have already been resolved, to do so would be to deny Plaintiff his basic fundamental right to have his case expeditiously heard. Plaintiff submits that, in the interest of justice, this Court should resolve the pending Motion for Remand. Should it decide that Motion in favor of Plaintiff, then the case should be remanded to the Circuit Court for Baltimore City and Plaintiff will notify the Clerk of the Panel pursuant to Maryland Rule 7.4(b). Should this Court resolve the Motion for Remand in Defendants' favor, then Plaintiff will not contest the Conditional Transfer Order thereby acquiescing to the transfer of his case to the Eastern District of Pennsylvania. Given the extensive delay and blatant redundancy inherent in the MDL process, if this case should not be in federal court, every effort should be made to honor Plaintiff's choice of forum in which to litigate his case. Otherwise, we are forcing upon him a forum that is not his choice and that necessitates an unconscionable delay in the proceedings simply by the filing of a Notice of Removal

10

which, on its face, is defective and without legal support.

Respectfully submitted,

*/s/ Ronald E. Richardson*
Ronald E. Richardson, Federal Bar No.04673
Theodore M. Flerlage, Federal Bar No. 03439
LAW OFFICES OF PETER G. ANGELOS
A Professional Corporation
100 N. Charles Street
Baltimore, MD 21201
(410) 649-2000
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this **6th** day of **December, 2004**, a copy of the foregoing **Plaintiff's Memorandum in Support of His Motion to Reopen His Action for Purposes of Resolving His Motion for Remand** was served by electronic submission via CM/ECF, in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, to all counsel of record.

*/s/ Ronald E. Richardson*
Ronald E. Richardson, Federal Bar No. 04673

11