**MDL 875**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

FILED
U.S. WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
12-21-04
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JAN - 4 2005

| | |
|---|---|
| Perry W. Antoine, Sr. | Civil Action No. 6:04-1892 |
| versus | Judge Tucker L. Melançon |
| Vernon L. Langlinais, et al | Magistrate Judge Methvin |

## MEMORANDUM ORDER

Before the Court is a Motion to Remand filed by the plaintiff Perry W. Antoine, Sr. [Rec. Doc. 14], defendant's opposition to the motion [Rec. Doc. 17] and plaintiff's reply thereto [Rec. Doc. 22]. For the reasons that follow, the motion will be granted.

### Background

This action arises out of plaintiff's alleged exposure to asbestos during the course and scope of his employment as a laborer and leak sealer in the salt operations of the Morton Weeks Island facility ("Morton's"). Plaintiff filed a Petition for Damages on July 21, 2004 in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana naming Morton's executive officers, Vernon Langlinais and Nelson Stelly, and their alleged insurers, Travelers Casualty and Surety Company and Continental Casualty Company, respectively, as defendants. *R. 1.* On September 10, 2004, a Notice of Removal was filed asserting diversity of citizenship pursuant to Title 28 of the United States Code section 1332 as the basis for federal jurisdiction. *(R. 3).* Plaintiff filed the instant motion on October 8, 2004.

PLEADING NO. 4389

MDL- 875
RECOMMENDED ACTION
Vacate CTO-240 one action.
Approved/Date: MJB 1/3/05

IMAGED JAN 5 '05    OFFICIAL FILE COPY

EXHIBIT A

## *Analysis*

Plaintiff maintains there is no diversity jurisdiction in this case because under the Direct Action Statute the insurer takes on the citizenship of the state in which its insured is a citizen. In particular, plaintiff asserts that defendant Nelson Stelly, who is deceased, resided in Iberia Parish, State of Louisiana, and as plaintiff is also a Louisiana resident, this Court is without subject matter jurisdiction. Plaintiff's Petition, ¶¶ 5,8, Introduction. In its opposition to plaintiff's motion, Travelers argues that because Stelly was deceased at the time this action was filed he could not be a citizen of any state, and therefore, jurisdiction must be based on the actual citizenship of Stelly's alleged insurers, which is undisputedly outside of Louisiana. *R. 17.*

Federal courts are to construe removal statutes against removal and in favor of remand. *York v. Horizon Federal Savings & Loan*, 712 F. Supp. 85, 87 (E.D. La. 1989), *citing Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Doubts regarding the propriety of removal must be resolved in favor of remand. *Id.* Travelers' argument that the Court must disregard Stelly's citizenship is in essence an assertion of fraudulent joinder. To prove fraudulent joinder, in the absence of active fraud, the removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant. *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256, 259 (5th Cir. 1995).

In his original complaint, plaintiff named as an individual defendant Nelson Stelly. Because Stelly was deceased at the time of filing and because a succession representative, who is an indispensable party, was not named as a defendant, plaintiff

2.

cannot establish a cause of action against Stelly. LSA-C.C.P. Art. 734 (succession representative appointed by court is proper defendant in action to enforce obligation of the deceased); *Holland v. Unopened Succession of David Rollan Holland*, 562 So.2d 1002, 1025 (La.App. 3rd Cir. 1990)(action cannot be brought against unopened succession for which no representative has been appointed and succession representative is an indispensable party in such an action). Accordingly, in light of the record before the Court, Stelly's citizenship cannot be considered in determining whether this matter is properly before the Court.

Plaintiff, however, also named Travelers as Stelly's insurer under the Direct Action Statute. Travelers relies on 28 U.S.C. § 1332(c)(1) to argue that it may not be considered a citizen of the state of its insured because the insured was deceased at the time the suit was filed. Title 28 of the United States Code section 1332(c)(1) provides:

> "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business...."
> 28 U.S.C. §1332(c).

Thus, the issue before the Court is whether Travelers assumes the citizenship of its insured for removal purposes even though the insured's citizenship must be disregarded.

3.

The propriety of removal is determined as of the time of removal. *Nolan v. Boeing*, 919 F.2d 1058, 1063 n.5 (5th Cir. 1995). As this action must be treated as though Stelly was not properly named as a party, at the time of removal only Travelers was properly before the Court. Because its insured was deceased, the suit could proceed against Travelers alone under Louisiana law. *See* La. R.S. 22:655(B)(1)(f)(direct action against insurer alone is permitted if insured is deceased).[1] Thus, pursuant to 28 U.S.C. § 1332(c)(1), for removal purposes, Travelers takes on the Louisiana citizenship of its insured in a direct action in which the insured is not a defendant. As provided in the foregoing, the deceased insured is not a proper party-defendant in this action. Thus, as Travelers is deemed to be a citizen of the state of its insured, in this case Louisiana, remand is appropriate for lack of complete diversity.[2]

IT IS ORDERED that the Motion to Remand filed by the plaintiff Perry W. Antoine, Sr. [Rec. Doc. 14] is GRANTED and this case is remanded to the Sixteenth

---

[1] "(1) The injured person or his or her survivors or heirs mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. However, such action may be brought against the insurer alone only when:

. . .

(f) The insured is deceased."

LA R.S. 22:655

[2] The Court notes that similar results were reached in *Marcotte v. State Farm Mut. Auto. Ins. Co., et al*, 1996 WL 169228 (E.D.La. April 10, 1996) and *Tompson, et al v. Radosta, et al*, 895 F.Supp 113 (E.D.La. Aug. 11, 1995) in which the insured in-state defendants were deceased.

4.

Judicial District Court, Parish of Iberia, State of Louisiana, from which it was removed. The Clerk of this Court is to submit a certified copy of this Memorandum Order to the 16th Judicial District Court of the State of Louisiana.

Thus done and signed this 20th day of December, 2004 at Lafayette, Louisiana.

                                              Tucker L. Melançon
                                              United States District Judge

COPY SENT
DATE 12/21/04
BY
TO