

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 13 2005

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § | |
| Asbestos Product Liability Litigation (No. VI) | § § § | MDL 875 |

================================================

This Document Relates to:



| | | |
|---|---|---|
| *BOBBIE JEAN BAGWELL, et al* | § § | *from the* |
| *Plaintiffs,* | § § § § | UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TEXAS TYLER DIVISION |
| vs. | § § § | |
| HONEYWELL, INC., et al | § § | Civil Action Number: 6:04-cv-444 |
| *Defendants.* | § § | |

## MOTION TO VACATE CONDITIONAL TRANSFER ORDER
## AND BRIEF IN SUPPORT

Plaintiff BOBBY JEAN BAGWELL, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, moves the Panel to vacate its order, CTO-240, of December 21, 2004, conditionally transferring the above captioned case to the United States District for the Eastern District of Pennsylvania. The above-referenced case was originally filed in the District Court of the 124th Judicial District, in and for Gregg County, Texas, on July 26,

Page 1 of 14

**IMAGED**

JAN 1 4 2005

**OFFICIAL FILE COPY**

2004 against various defendants. The Defendant removed the above action to Federal Court on or about September 29, 2004. Plaintiff's have filed a Motion to Remand, Objection to "Tag-Along Action." and Brief in Support which is currently pending before the United States District Court, Eastern District of Texas, Tyler Division. Defendants removed this case claiming a defense and thus jurisdiction based on the federal officer doctrine.

As discussed below, Defendants simply cannot meet their burden for federal jurisdiction in this case. As such, transfer will neither further the convenience of the parties or witnesses or advance the just and efficient conduct of this case. Because remand issues in this case turn entirely on issues of Texas law, it is axiomatic that it is more convenient for the parties involved and more efficient for the entire judicial system for those issues to be heard and determined by a Texas judge, who is understandably better acquainted with Texas law than a judge of a different state, before any transfer of this case is made.

## I. PARTIES

On July 29, 2002, Mr. Evans died of lung cancer linked to asbestos exposure. At the time of his exposure, as well as his death, Mr. Evans was a resident of the State of Texas. Bobby Jean Bagwell, the personal representative of the estate of Mr. Jerry Evans, filed a wrongful death action on behalf of Mr. Evans' beneficiaries. ATK Aerospace Company, Inc. f/k/a Thiokol Propulsion Corp (f/k/a Cordant Tech., Inc.) ("Cordant") was sued as a premises defendant by Mr. Evans for his exposure to asbestos and asbestos products at the Thiokol Ammunition Plant in Karnack, Texas.

## II. NATURE OF THE CASE

Under the general removal statute, defendants may remove any case of which the district courts have jurisdiction. 28 U.S.C. § 1441(a). Removal statutes are strictly construed against removal. *Shamrock Oil Gas Corp. v. Sheets,* 313 U.S. 100 (1941); *In Re Bethesda Memorial Hospital, Inc.,* 123 F.3d 1407, 1411 (11th Cir. 1997); *Mulcahey v. Columbia Organic Chem. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). The removing party has the burden of establishing federal jurisdiction and the case should be remanded if federal jurisdiction is doubtful. *Id.*

A basis for federal jurisdiction no longer exists. The only defendant with a basis to possibly remove this case to federal court is no longer a party to the action. This case involves a personal injury claim under Texas law. This case does not "arise under" federal law and does not belong in federal court.

## III. NO FEDERAL JURISDICTION

Removing defendants have the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). Cordant must prove that this case "arises under" federal law. It is not sufficient that some federal issue might be involved in the case. An incidental or collateral federal issue "is not enough to deprive the state court of jurisdiction upon petition for removal by the defendant." *Armstrong v. Alliance Trust Co.,* 126 F.2d 164, 167 (5th Cir. 1942); *see also Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 807 (1986) ( "Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power").

Ms. Bagwell, as personal representative, has pled a cause of action that arises exclusively under Texas law. Federal law is not an element. Cordant asks this Court to assert jurisdiction because a portion of Mr. Evans' exposure to asbestos-containing products occurred at a military ammunition manufacturing facility. Here we are dealing with a facility, not a product. The issue of whether or not Cordant provided a safe working environment at its facility does not fall under the government contractor or federal officer defense that Cordant is claiming. The claim in this case arises under Texas law and should be resolved in the Texas court system.

## IV. ALL DEFENDANTS HAVE NOT CONSENTED TO REMOVAL

In cases removed under 28 U.S.C. § 1446, all defendants must consent to removal. *Nathe v. Pottenberg, et al.*, 931 F.Supp 822 (M.D. Fl. 1995); *Bradwell v. Silk Greenhouse, Inc., et al*, 828 F.Supp 940 (M.D. Fl. 1993). While the issue usually arises in diversity cases, "the requirement that defendants unanimously join in a removal petition extends to federal question cases" such as this one. *Spillers v. Tillman,* 959 F.Supp. 364, 369 (S.D. Miss. 1997). Each defendant "must communicate his consent to the court by way of an official filing or voicing of consent" *Id.* (citations omitted); and such consents must be filed no later than thirty days from the receipt of information from which it can first be ascertained that the case was removable. *See Hines v. AC&S, Inc.,* 128 F.Supp.2d 1003, 1009 (N.D. Tex. 2001).

Cordant's failure to obtain consent from its fellow defendants, or to explain why that consent is not necessary, renders its notice of removal "inadequate as a matter of law." *See Egle Nursing Home, Inc. v. Erie Ins. Group,* 981 F.Supp. 932, 936 (D. Md. 1997).

## V. CORDANT FAILED TO DEMONSTRATE FEDERAL OFFICER JURISDICTION

Title 28 U.S.C. § 1442 (a)(1), the Federal Officer Removal Statute, provides in relevant part: (a) A civil action or criminal prosecution commenced in a state court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. 28 U.S.C. § 1442 (a)(1) (2000).

To establish jurisdiction, Cordant must: (1) demonstrate that it acted under the direction of a federal officer; (2) raise a federal defense to Mr. Evans' claim; and (3) demonstrate a causal nexus between Mr. Evans' claim and acts Cordant performed under color of federal officer. *Mesa v. California,* 489 U.S. 121 (1989); *Fung v. Abex Corp.,* 816 F. Supp. 569 (N.D. Cal. 1992); *Winters v. Diamond Shamrock Chemical Co.,* 149 F.3d 387 (5th Cir. 1998); *Reed v. Fina Oil & Chemical Co.,* 995 F.Supp. 705 (E.D. Texas 1998); *Akin v. Big Three Industries, Inc.,* 851 F.Supp. 819 (E.D. Texas 1994); *Vanouwerker v. Owens-Corning Fiberglas Corp.,* 1:99CV179(TH), 1999 WL 335960 (E.D. Texas May 26, 1999); *Faulk, et al. v. Owens Corning Fiberglas Corp., et al,* 48 F.Supp.2d 653 (E.D. Texas 1999) (No. 1:99CV180(TH)).

### A. Acts Under the Direction of A Federal Officer-Plaintiffs Concede

Under the first prong of Mesa, the defendant must show it was acting under the direction of a federal officer. Plaintiffs concede that Cordant is a "person" within the meaning of the federal officer statute.

### B. No Causal Nexus Exists-Defendants Fail to Meet the Second Prong

Cordant has failed to establish the required causal nexus between the conduct allegedly undertaken under color of office at the direction of a federal officer and the acts and omissions complained of by Plaintiffs. In *Faulk v Owens-Corning*, a case with facts virtually identical to the ones before the court today, the court stated that, "[t]his is a premises liability case–not a products case; and Defendant's attempt to transmogrify their entire facilities into "products" misapplies precedent and fails the second prong of the *Mesa* test." *Faulk*, 48 F.Supp.2d. at 660 (original emphasis). In *Faulk*, several construction tradesmen sued property owners in Texas state court for failure to warn of asbestos in their facilities. The defendants removed the case to United States District Court in the Beaumont Division of the Eastern District. In its analysis of the second prong of *Mesa*, the court noted that, "...the Defendant's seek shelter in the federal officer statute even though the federal officer was silent as to whether to warn about the dangers of asbestos. Moreover, the product whose manufacture was arguably controlled by the federal government *is not the product allegedly causing injury to the plaintiff.*" *Id.*

The basis for removal and the facts in *Faulk* are essentially the same as the case at bar. Plaintiffs in *Faulk*, as these Plaintiffs, conceded that Defendant is a "person" under the federal officer statute. The products are substantially the same–military ammunition in both cases. But most importantly, this case, just as in *Faulk*, is a premises liability case for personal injuries

resulting from the failure to warn of the hazards of asbestos. Plaintiffs are not alleging injury from a specific product that fell under the control of federally mandated guidelines or specifications. No federal officers specifically controlled the Defendants actions or inactions regarding any warnings of the hazards of asbestos. There has been no evidence presented showing that a federal officer directed Cordant not to warn Mr. Evans of the hazards of asbestos. That being said, there is no "causal nexus" between the Defendant's actions or inaction under the federal office statute and the Plaintiff's claims. Thus, the second prong of *Mesa* has not been met and this case must be remanded.

### C. Cordant Failed to Raise a Colorable Federal Defense

Cordant asserts that it relies on the "government contractor" defense as set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988). Under the government contractor defense as set forth in Boyle, contractors who supply military equipment to the government are immunized from liability under state tort law provided that they meet the test outlined in Boyle. The test sets the standard for finding state law liability for design defects in military equipment. *Boyle*, 487 U.S. at 511. Military contractor immunity for design defects applies when: (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States. *Id.* at 512. Boyle only applies to cases in which its three parts have direct application. *See Bailey v. McDonnell Douglas Corp.*, 989 F.2d 794, 801-02 (5th Cir. 1993). Boyle also requires that there be a significant conflict between an identifiable federal policy and state law in order for the government contractor defense to apply.

*Id.* at 507-09.

Cordant gives no evidence of any directive by any federal official to either: (1) utilize asbestos-containing products when fulfilling any government procurement contract; or (2) not tell Plaintiff of the harms from asbestos dust. *See generally Trevino v. General Dynamics Corp.,* 865 F.2d 1474, 1479-83 (5th Cir. 1989) (noting that higher level of governmental involvement than is present here is required for Boyle defense); *Viala v. Owens-Corning Fiberglas Corp., et al.,* 1994 U.S. Dist. LEXIS 4824, *9 (N.D. Cal. April 13, 1994) ("Defendants fail to state a colorable federal defense because they have produced no evidence to support the prerequisites to the government contractor defense that the products were designed at the direction of federal specifications or that these specifications conflicted with the state law duties sued upon. To assert the government contractor defense, the product purchased by the government cannot be a product that a supplier sells on the open market anyway").

Some courts, in limited situations, have found a colorable defense under federal officer jurisdiction. In *Winters,* the court found that the evidence supported the defendants' assertion that the specifications for Agent Orange were provided by the government and that the product conformed to those specifications. *Winters,* 149 F.3d at 400. Further, the evidence indicates that the defendants provided the Defense Department with ample warnings concerning the risks of the component parts of Agent Orange, but were specifically prohibited from placing any warnings on the finished product itself except as allowed by contract. *Id.* at 401.

In *Reed,* the court found a colorable federal defense as well. The court noted: The evidence here is more than sufficient to show that the federal government specified the exact quality and quantity of products to be used, produced and delivered by the Plaines Butadiene

Plant ... Presumably, the specifications were followed. Further, since the government dictated the quality and content of the products and the testing of the products, then for the limited purpose of determining whether a colorable federal defense has been claimed, the court can presume that the government was informed of the attendant dangers of these products. *Reed*, 48 F.Supp. at 712.

The court in *Akin* also found a colorable federal defense. Hodges (Manager of General Electric Midwest City Office) states that GE manufactured the jet engines repaired at Tinker under contract with the Secretary of the Air Force or his delegee. According to Hodges, GE manufactured the engines pursuant to specifications set by the Air Force. *Akin*, 851 F.Supp. at 823.

The Boyle defense has also been rejected in other cases where the asbestos insulation manufacturers argued Boyle was a defense to claims arising from injuries caused by asbestos products supplied directly to the government. In *Dorse v. Eagle-Pitcher Industries*, 898 F.2d 1487, 1489 (11th Cir. 1990), the plaintiff claimed injury from exposure to asbestos while in the Navy. In response to plaintiffs failure to warn claims, defendants attempted to assert the government contractor defense, claiming that since the government specified the packaging for the asbestos products, the Boyle defense precluded a failure to warn claim. *Id.* at 1489-90. In rejecting the application of Boyle and the government contractor defense, the Eleventh Circuit directly relied on the district court reasoning that:

> The Court in Boyle faced a situation where the duty under the government contract required an escape-hatch mechanism opening outward. The "precisely contrary" duty, an inward-opening hatch, existed under the state-imposed duty of care that was the asserted basis of the contractor's liability. The contractor could not

possibly comply with both its contractual obligations and the state-prescribed duty of care, so state law was necessarily displaced.

*Id.* at 1489.

In the present case, no conflict exists between the state tort duty and the federal contractual duty. Cordant has alleged nothing that supports a claim that any governmental directive precluded it from complying with the state-law duty to warn Mr. Evans of the hazards of asbestos. *Boyle* and the government contractor defense do not apply. Courts have repeatedly held that asbestos product defendants, and others similarly situated, cannot meet this burden and have remanded similar cases for improper removal. This Court should also remand. *Gauthe, et al. v. Asbestos Corp., et al.*, 1997 WL 3255 No. 96-2454 (E.D. La. 1997); *Viala v. Owens-Corning Fiberglas Corp., et al.*, 1994 U.S. Dist. LEXIS 4824 (N.D. Cal. April 13, 1994); *Overly v. Raybestos-Manhattan et al.*, 1996 U.S. Dist. LEXIS 13535 (N.D. Cal. Sept. 9, 1996); *In Re Hawaii Federal Asbestos v. Raymark Industries, Inc.*, et al., 960 F.2d 806 (9th Cir. 1992); *McCormick, et al. v. C. E. Thurston & Sons, Inc.*, 977 F.Supp. 400 (E.D. Va. Newport News Div. 1997).

## V. CONCLUSION

Cordant's Notice of Removal is defective because all the defendants in the suit have not consented to removal. Thus, there is no jurisdiction under § 1446. Assuming that there were jurisdiction, Cordant failed to establish the second and third prongs necessary to meet the test in *Mesa* for federal jurisdiction under the federal officer statute. Cordant has failed to establish any causal nexus and they have failed to raise a colorable defense.

Additionally, before the Panel may transfer cases pursuant to 28 U.S.C.A. § 1407(a), it must make an affirmative finding that transfer (1) will be for the convenience of the parties and

witnesses, and (2) will promote the just and efficient conduct of the cases. For the foregoing reasons, the Plaintiff submits that neither of the requisite findings can be made at this time and thus respectfully ask that the Panel vacate the conditional transfer order of December 21, 2004.

>Respectfully submitted,
>
>**FOSTER & SEAR, L.L.P.**
>524 E. Lamar Blvd. Ste. # 200
>Arlington, Texas 76011
>Telephone (817) 633-3355
>Facsimile (817) 633-5507
>
>By: *Scott Wert /sow*
>Scott W. Wert
>State Bar No. 00794835
>
>ATTORNEY FOR PLAINTIFF

Case MDL No. 875   Document 4404   Filed 01/13/05   Page 12 of 15

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 13 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly forwarded to all counsel of record, the Clerk of the Court for the U. S. District Court for the Eastern District of Texas, Tyler Division, as well as the MDL Panel Service List on this 12<u>th</u> day of <u>January</u>, 2005 via certified mail.

Ms. Jessica Young
Thompson & Knight
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751
*Defendant: Honeywell*

Mr. Mark J. Kressenberg
Sheehy, Serpe & Ware
2500 Two Houston
909 Fannin Street
Houston, Texas 77010
Telephone: (713) 951-100
Facsimile: (713) 951-1199
*Defendant: Boeing Aerospace Operatoins*

Mr. Norman Peters
Kasowitz, Benson, Torres & Friedman
700 Louisiana , Suite 2200
Houston, Texas 77002
Telephone: (713) 220-8800
Facsimile: (713) 222-0843
*Defendant: Celanese International Corporation*
*Celanese Ltd.*
*CNA Holdings, Inc.*

Mr. George P. Pappas
Mr. J. Mark Kressenberg
2500 Two Houston Center
909 Fannin Street
Houston, Texas 77010
Telephone: (713) 951-1000
Facsimile: (713) 951-1199
*Defendant: Cordant Technologies, Inc. (f/k/a Thiokol Corporation)*

Mr. Peter Moir
Quilling, Selander, Commiskey & Lownds
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
*Defendant: Owens-Illinois, Inc.*

Mr. Gary D. Elliston
Mr. Donny Pollard
DeHay & Elliston
901 Main Street, Suite 3500
Dallas, Texas 75202
Telephone: (214) 210-2400
Facsimile: (214) 210-2500
*Defendant: Union Carbide Corporation*
*(individually and f/k/a Union Carbide Chemicals and Plastic Company, Inc.)*

Mr. John Bissell
Strong, Pipkin, Nelson, Bissell & Ledyard, L.L.P.
1111 Bagby Street, Suite 2300
Houston, Texas 77002
Telephone: (713) 651-1900
Facsimile: (713) 651-1920
*Defendant: Viacom Inc.*

_____
Scott Wert /sw/

**PANEL SERVICE LIST (Excerpted from CTO-240)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Bobbie Jean Bagwell, etc. v. Honeywell, Inc., et al.*, E.D. Texas, C.A. No. 6:04-444

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Scott W. Wert
Foster & Sear
524 E. Lamar Boulevard
Suite 200
Arlington, TX 76011

James K. Weston II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

In re:                                  §
                                        §     MDL 875
Asbestos Product Liability Litigation   §
(No. VI)                                §

=================================================

This Document Relates to:

BOBBIE JEAN BAGWELL, et al    §          from the
                              §
                              §     UNITED STATES DISTRICT
COURT                         §     EASTERN DISTRICT OF TEXAS
        Plaintiffs,           §     TYLER DIVISION
                              §
vs.                           §
                              §
                              §
HONEYWELL, INC., et al        §     Civil Action Number: 6:04-cv-444
                              §
                              §
        Defendants.           §

---

ORDER GRANTING PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

On this day came on to be heard Plaintiffs' Motion to Vacate Conditional Transfer Order and Brief in Support, and the Court, after carefully considering the Motion and the arguments of counsel, is of the opinion that the Motion should be GRANTED.

SIGNED this _____ day of _____, 2005.

_____
JUDGE PRESIDING