MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 14 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS        )        MDL Docket No. 875
LIABILITY LITIGATION (No. VI)   )
                                )

**DEFENDANT GENERAL ELECTRIC COMPANY'S
OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 239**

### I. INTRODUCTION

Defendant General Electric Company ("GE") files this Opposition to the Motion to Vacate Conditional Transfer Order 239 ("CTO-239") filed by Plaintiffs in the cases of *Philip Maita and Marie Maita v. GE, et al.*, 04 CV 7038 (S.D.N.Y.), *Dominic Barone, et al. v. GE, et al.*, 04 CV 7602 (S.D.N.Y.) and *Martin Zuckerman and Thelma Zuckerman v. GE, et al.*, 04 CV 7603 (S.D.N.Y.). While the Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-239 transferred all three cases for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407, the parties have subsequently entered into a stipulation to remand the *Barone* case back to state court. Furthermore, GE was dismissed from the *Zuckerman* matter and that case is in the process of being remanded to state court. Thus, the only case for which GE is opposing the Motion to Vacate is *Philip Maita v. GE, et al.*, 04 CV 7038. This case is similar, if not identical, to cases that have been or will be subject to transfer to MDL-875. To ensure the efficient and

PLEADING NO. 4405

IMAGED
JAN 1 4 2005

OFFICIAL FILE COPY

consistent adjudication of this case, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-239.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand. In fact, the Panel has denied similar Motions to Vacate in this litigation. *See In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001). The Motion to Vacate presently before this Panel is virtually identical to the motions previously decided by the Panel. In the present motion before the Panel, plaintiffs argue that pending motions to remand require that CTO-239 be vacated, or in the alternative, stayed. Since plaintiffs raise the same issues already addressed by the Panel in this litigation, the Panel, as it has done previously, should deny Plaintiffs' Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending jurisdictional objections. Second, determination of jurisdictional objections is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

A.   **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims**.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections

alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969). Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. *In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969). As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990). Numerous courts have cited and relied on *Ivy* for this proposition. *In re California Retail Natural Gas and Elec. Antitrust Litigation.,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. *See, e.g., Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804 (N.D. Ca. 1998). The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).

Therefore, the pendency of a motion to remand in this case does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings.

**B.    Jurisdictional Objections Can Be Heard and Resolved By the Transferee Court.**

The United States District Court for the Eastern District of Pennsylvania has full authority to rule on pending jurisdictional objections. 28 U.S.C. § 1407. When cases are transferred pursuant to section 1407, the transferee court is vested with the same broad authority

3

over pretrial proceedings that would have existed in the transferor court absent the transfer. *In re Telectronics Pacing Sys., Inc.,* 953 F. Supp. 909 (S.D. Ohio 1997); *see also In re FMC Corp.,* 422 F. Supp 1163 (J.P.M.L. 1976). Indeed, the transferee court's authority to handle such pretrial proceedings includes dispositive motions, and specifically encompasses motions to remand, whether filed before or after transfer. *In re Ivy, 901* F.2d 7 (2nd Cir. *1990).* "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level." *Id.* at 9. "The transferee judge '[c]ertainly has the power to determine the question of remand.'" *Boudreaux v. Metro. Life Ins. Co.,* 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); *see also In re Air Crash Disaster,* 368 F. Supp. 812, 843 (J.P.M.L. 1973); *In re California Wholesale Elec. Antitrust Litig.,* 2001 WL 733534, at * 1 (J.P.M.L. June 8, 2001) ("[remand] motions can be presented to and decided by the transferee judge.")

The Panel's enabling statutory language under Section 1407 and subsequent case authority leave little doubt that the resolution of motions to remand is well within the transferee district's authority to handle pretrial proceedings in this litigation. In fact, when discussing the remand of cases in MDL-875, the panel has stated that the "fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 (J.P.M.L 2001).

C.  **Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990). In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *Id.* at 9.

"Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." *Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La. Mar. 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreaux,* 1995 WL 83788, at *2. In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); *see, e.g., In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972). Indeed, remand and other motions can be presented to and decided by the transferee judge. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

<u>*In re Prudential Ins. Co., 2001 WL 980541, at \*1 (J.P.ML. Aug. 15, 2001).*</u>

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. *See, e.g., In re New Mexico Natural Gas Antitrust Litig.,* 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM,* 302 F. Supp. 796 (J.P.M.L. 1969) (refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer.)

Thus, because the Panel has the authority to transfer this action despite pending

jurisdictional objections, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI),* pending in the United States District Court for the Eastern District of Pennsylvania.

### III. CONCLUSION

Defendant GE respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 239.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Michael A. Tanenbaum
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendant General Electric Company

DATED: January 11, 2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 14 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | MDL DOCKET NO. 875 |

## CERTIFICATION OF SERVICE

I hereby certify that I have on this 11th day of January 2005, caused to be served a copy of Defendant, General Electric Company's Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 239, letter to MDL filing same and this Certification of Service to all counsel listed on the attached Attorney Service List by United States mail, first class postage.

DATED: January 11, 2005

Respectfully submitted,

Michael A. Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center
12th Floor
Newark, New Jersey 07102
(973) 242-0002
(973) 242-8099 (Fax)
Counsel for Defendant
General Electric Company

RECEIVED CLERK'S OFFICE 2005 JAN 12 A 10:38 PANEL ON MULTIDISTRICT LITIGATION

**PHILIP P. MAITA SERVICE RIDER**

| |
|---|
| JUDITH YAVITZ, ESQ.<br>ANDERSON KILL & OLICK<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10020 |
| THEODORE EDER. ESQ.<br>SEGAL, MCCAMBRIDGE SINGER & MAHONEY<br>805 3RD AVENUE<br>NEW YORK, NY 10022 |
| ART BROMBERG, ESQ.<br>L'ABBATE, BALKAN, COLAVITA & CONTINI<br>7 REGENT STREET, SUITE 711<br>LIVINGSTON, NEW JERSEY 07039 |
| EDWARD WILBRAHAM, ESQ.<br>JOHN HOWARTH, ESQ.<br>WILBRAHAM, LAWLER & BUBA<br>1818 MARKET STREET<br>SUITE 3100<br>PHILADELPHIA, PA 19103 |
| WILLIAM BRADLEY, ESQ.<br>MALABY, CARLISLE & BRADLEY LLC<br>150 BROADWAY<br>NEW YORK, NY 10038 |
| CYNTHIA WEISS ANTONUCCI, ESQ.<br>HARRIS BEACH, LLP<br>805 THIRD AVENUE – 19TH FLOOR<br>NEW YORK, NEW YORK 10022 |
| WILLIAM MUELLER, ESQ.<br>CLEMENTE, DICKSON & MUELLER<br>218 RIDGEDALE AVENUE<br>MORRISTOWN, NEW JERSEY 07961 |
| STEVE KEVELSON, ESQ.<br>ONE COZINE AVENUE<br>BROOKLYN, NY 11201 |
| DAVID SCHAEFER, ESQ.<br>MALABY, CARLISLE & BRADLEY LLC<br>150 BROADWAY<br>NEW YORK, NY 10038 |
| SUZANNE HALBARDIER, ESQ.<br>ROBERT GORIS, ESQ.<br>BARRY, MCTIERNAN & MOORE<br>2 RECTOR STREET<br>14TH FLOOR<br>NEW YORK, NEW YORK 10006 |
| CATHI A. HESSION, ESQ.<br>FLEMMING, ZULACK & WILLIAMSON, LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NEW YORK 10006 |
| JOHN J. FANNING, ESQ.<br>CULLEN & DYKMAN<br>177 MONTAGUE STREET<br>BROOKLYN, NEW YORK 11201 |
| IRA M. SCHULMAN, ESQ. |

NJ/128447v1

| |
|---|
| MAZUR, CARP & RUBIN, P.C.<br>2 PARK AVENUE<br>NEW YORK, NEW YORK 10016 |
| YVETTE HARMON, ESQ.<br>MCGUIRE WOODS LLP<br>1345 AVENUE OF THE AMERICAS<br>SEVENTH FLOOR<br>NEW YORK, NEW YORK 10105 |
| JOSEPH COLAO, ESQ.<br>HELEN CHUNG, ESQ.<br>LEADER & BERKON LLP<br>630 3RD AVENUE<br>17TH FLOOR<br>NEW YORK, NEW YORK 10017 |
| LISA M. PASCARELLA, ESQ.<br>STEPHANIE A. DIVITA, ESQ.<br>PEHLIVANIAN & BRAATEN, LLC<br>2430 ROUTE 34<br>MANASQUAN, NJ 08736 |
| JOSEPH CARLISLE, ESQ.<br>MALABY, CARLISLE & BRADLEY, LLC<br>150 BROADWAY – SUITE 1311<br>NEW YORK, NEW YORK 10038 |
| RICHARD MARIN, ESQ.<br>MARIN GOODMAN, LLP<br>40 WALL STREET<br>NEW YORK, NEW YORK 10005 |
| PAUL A SCRUDATO, ESQ.<br>SCHIFF HARDIN & WAITE<br>623 FIFTH AVENUE, SUITE 2800<br>NEW YORK, NEW YORK 10022 |
| LAWRENCE MCGIVNEY, ESQ.<br>MCGIVNEY, KLUGER & GANNON, P.C.<br>80 BROAD ST., 23RD FLOOR<br>NEW YORK, NY 10004 |
| JOHN P. HOOPER, ESQ.<br>EDWARDS & ANGELL, LLP<br>750 LEXINGTON AVENUE<br>NEW YORK, NEW YORK 10022 |
| LINDA YASSKY, ESQ.<br>SONNENSCHEIN, NATH & ROSENTHAL, LLP<br>1221 AVENUE OF THE AMERICAS<br>NEW YORK, NEW YORK 10020 |
| ANNA DILONARDO, ESQ.<br>L'ABBATE, BALKAN, COLAVITA & CONTINI<br>1050 FRANKLIN AVENUE<br>GARDEN CITY, NY 11530 |
| BRIAN BELASKY, ESQ.<br>WEITZ & LUXENBERG, PC<br>180 MAIDEN LANE<br>NEW YORK, NY 10038-4925 |

NJ/128447v1