JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**ORIGINAL**

MDL 875

JAN 1 4 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS KNUTSON, et al | § | |
| *Plaintiffs*, | § | |
| vs. | § | Civil Action No. |
| | § | 3:04CV625 |
| ALLIS-CHALMERS CORPORATION, | § | |
| et al., | § | |
| | § | |
| *Defendants*. | § | |

**BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER**

## I.      PRELIMINARY STATEMENT

Plaintiff respectfully files this brief in support of his Motion to Vacate the

Conditional Transfer Order (CTO-240) entered by the Judicial Panel on Multidistrict

Litigation on December 21, 2004.  Pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), and

to the letter from the Panel dated December 30, 2004, this Brief to Vacate the Conditional

Transfer Order is being filed in support of plaintiff's Notice of Opposition. (*See* notice

attached as Exhibit A).  This submission is being filed within 15 days of the filing of the

Notice of Opposition.  For the reasons stated below, the Conditional Transfer Order

PLEADING NO. 4408

IMAGED JAN 1 8 '05 OFFICIAL FILE COPY

should be vacated so that the claimant represented in this case can proceed in the timely resolution of his claim in *state* court.

Plaintiff has filed a motion for remand. Despite the fact that the Panel entered its Conditional Transfer Order *before* the district court judge was able to rule on the motion, that judge has not lost jurisdiction over this case and, therefore, *can* make a determination as to plaintiff's Motion for Remand. *Faulk v. Owens-Corning Fiberglas Corp., et al.*, 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also Bartley v. Borden, Inc. et al.*, 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)

In the case before us now, plaintiff filed his notice of opposition within the prescribed fifteen-day period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by this Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still technically pending in the original district court to which it was removed. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motion for Remand before him, but he may promptly do so and preserve the plaintiff's right to a timely resolution of his claim.

This action seeks damages for the death of Sandra ("Sandie") Knutson from mesothelioma, an "invariably fatal cancer...for which asbestos exposure is the only known cause." *In re Patenaude*, 210 F.3d 135, 138 (3d Cir.), cert. denied, 531 U.S.

1011 (2000). It kills its victims "generally within two years of diagnosis[,] "during which "mesothelioma victims invariably suffer great pain and disability." *Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 633 (3d Cir), aff'd, 521 U.S. 591 (1997). Mrs. Knutson's disease and death were caused by her continuous exposure, from 1958 to 1988, to defendants' asbestos and asbestos-containing products, through the fibers her father brought home from work on his person and clothing; through exposure during her own work with and around asbestos-containing equipment; and through the fibers her husband brought home from work on his person and clothing.

In September 2003, Mrs. Knutson was diagnosed in Las Vegas with malignant mesothelioma, and on October 16, 2004, she succumbed to the disease. Plaintiffs are her surviving heirs. There are several reasons remand would be required in this case. These are set forth below.

## ARGUMENT

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction,...and the burden of establishing the contrary rests upon the party asserting jurisdiction."

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). "The removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Issues regarding the propriety of removal must be resolved in favor of the party seeking remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Since there are fundamental procedural defects in removal, and since defendant cannot establish a basis for subject matter jurisdiction, remand is required.

I.      DEFECTS IN THE REMOVAL PROCEDURE COMPEL REMAND

28 USC §1446(b) provides:

"The notice of removal of a civil action . . . shall be filed within 30 days
after the receipt by the defendant, through service or otherwise, of a copy
of the initial pleading setting forth the claim for relief upon which such
action or proceeding is based, or within thirty days after the service of
summons and complaint upon the defendant if such initial pleading has
then been filed in court and is not required to be served on the defendant,
whichever period is shorter."

Honeywell admits it accepted service of the original complaint on December 3, 2003.
Although Honeywell claims never to have been served with the first amended complaint,
notice at 4, this is immaterial:  Honeywell admits that it received a copy, and attached a
copy as exhibit D to its notice of removal.[1]

Since Honeywell did not remove the case within 30 days of either the original or
amended complaint, it necessarily contends that removability was only demonstrated by
plaintiffs' opposition to the Newmont defendants' motion for summary judgment.  This
contention is incorrect for the reasons set forth below.

As a threshold matter, however, the failure of all defendants to join in removal,
and the lack of a plain statement of the grounds for removal, each independently compel
remand.

A.      THE REQUIRED "UNANIMITY OF JOINDER" IS LACKING

The requirement in 28 USC §1446(a) that "a defendant or defendants desiring to
remove any civil action" shall file a notice of removal has consistently been held to
mean that a removal notice must be joined by all defendants.  *Prize Frize*, *supra*, at

---

[1] Plaintiffs in any event have proof of service upon Honeywell of the first amended complaint.

1266, holding that the statute "requires all proper defendants to join or consent to the removal notice" and declining to reach other removal procedure issues because "the failure to adhere to the unanimity rule is dispositive"; *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal").

Honeywell's statement in the notice of removal that "Honeywell is informed and believes and thereon alleges that all co-defendants (except Newmont) consent to removal" is insufficient and, in any event, inaccurate. But one defendant, Page Brake, never joined the removal, and another defendant Ingersoll-Rand joined late.

It is well-established that each defendant must formally file its own consent or joinder to a removal. A statement by one defendant about another defendant's position will not satisfy this requirement. Any number of cases may be cited for this rule. *E.g.*, *Ford v. New United Motors Mfg., Inc.*, 857 F.Supp. 707, 708 n. 3 (N.D. Cal. 1994) ("All that is required is that each defendant formally concurs with the removal"); *Unicom Systems, Inc. v. National Louis Univ.*, 262 F.Supp.2d 638, 642 n. 5 (E.D. Va. 2003) ("[O]ne defendant may not speak for another in a removal petition"); *Dorsey v. Borg-Warner Automotive, Inc.*, 218 F.Supp.2d 817, 819-820 (S.D. W.Va. 2002) consent to removal for one defendant, signed by counsel for another defendant, did not constitute joinder); *Sansone v. Morton Machine Works, Inc.*, 188 F.Supp.2d 182, 185 (D.R.I. 2002) (noting the "overwhelming weight of authority requiring that each defendant independently notify the court of its consent"); *Sturman v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 128 F.Supp.2d 1139, 1140 (N.D. Ill. 2001) ("[O]ur Court of Appeals has consistently held that consent to removal by a non-joining defendant must be evidenced by a written confirmation by that defendant, not simply a

statement to that effect by the removing party." (emphasis the Court's); *Stonewall Jackson Memorial Hosp. v. American United Life Ins. Co.*, 963 F.Supp. 553, 559 (N.D. W.Va. 1997) (statement in removal notice that another defendant joined in removal was insufficient, and was not cured by consent filed by second defendant's counsel outside 30-day time period); *Miles v. Kilgore*, 928 F.Supp. 1071, 1076 (N. D. Ala. 1996) ("where there are several served defendants the mere bald, unsupported assertion in a notice of removal by one removing defendant that all the other defendants consent to the removal fails to constitute a sufficient consent to removal").

In addition to Page Brake, which has never joined the removal, another defendant, Ingersoll-Rand, filed its joinder late, on November 2. A defendant must join in removal within 30 days of the event triggering removal. 28 U.S.C. §1446(b); *Parrino*, supra; *Biggs Corp. v. Wilen*, 97 F.Supp. 2d 1040, 1043 (D. Nev. 2000). Normally, this event is service of the plaintiff's complaint. There is a split of authority among district courts in the Ninth Circuit as to whether, in multiple-defendant cases, each defendant must join within 30 days of service upon the first defendant, or within 30 days of service upon it individually.[2]

Here, however, the event assertedly triggering removal is the same for all defendants: the filing of plaintiffs' response to a motion for summary judgment. In these circumstances, all defendants were required to join in removal within 30 days of that response. Ingersoll-Rand failed to do so, and so its untimely joinder must be disregarded.

---

[2] Compare *Biggs*, supra, and *Dunn v. Gaiam, Inc.*, 166 F.Supp.2d 1273, 1278-79 (C.D. Cal. 2001) with *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F.Supp.2d 1155, 1161 (E. D. Cal. 2002).

In sum, one defendant never joined this removal, and one more joined late. Accordingly, removal was procedurally defective, and this case must be remanded for lack of the required unanimous joinder.

### B. THE NOTICE OF REMOVAL DOES NOT SET FORTH FACTS NECESSARY TO SUPPORT REMOVAL

The notice of removal must contain a "short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The entirety of defendant's statement in this regard consists of the following conclusory sentence:

> "Plaintiffs' Opposition to Newmont's Motion for Summary Judgment . . . shows that Newmont was 'fraudulently joined' in that there was no basis in fact or colorable ground supporting the claim against Newmont, and that there was no real intention in good faith to prosecute the action against Newmont."

Notice at 5. This statement asserts fraudulent joinder, but does not provide the slightest clue as to how or why plaintiffs' opposition revealed that the local defendants were fraudulently joined.

The Supreme Court made clear long ago that such conclusory statements do not suffice. In *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921), the Court held that a claim against a local defendant

> may be shown by a petition for removal to be only a sham or fraudulent device to prevent a removal; but the showing must consist of a statement of facts rightly leading to that conclusion apart from the pleader's deductions.

The same point had been made earlier in *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914) ("Merely to traverse the allegations upon which the

7

liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice....").

The Ninth Circuit has followed this rule. In *Smith v. Southern Pac. Co.*, 187 F.2d 397 (9th Cir. 1951), the court reversed the district court's denial of remand. Citing *Wilson* and *Cockrell*, the court held that a removal petition, asserting the "mere conclusion" that a resident defendant was fraudulently joined, was not enough. Id. at 400.

This rule continues to be followed today. A colorful, more recent formulation, in a case involving an assertion of federal question jurisdiction based on ERISA, holds that "the entrance to federal court does not swing wide, like Ali Baba's cave, at the mere invocation: 'this is an ERISA plan.'... Rather, a removing defendant must set forth with considerable specificity the necessary elements of an ERISA plan." *Mitchell v. Investors Guaranty Life Ins. Co.*, 868 F.Supp. 1344, 1346 (N.D. Ala. 1994).

The present notice of removal plainly lacks the necessary detail. It states nothing more than a "mere conclusion" about fraudulent joinder. Accordingly, the notice is defective, and this is a second, independent procedural defect warranting remand.

## II.   THE COURT LACKS SUBJECT MATTER JURISDICTION

The only asserted basis for jurisdiction is diversity of citizenship. Since plaintiffs and the two Newmont defendants are both Nevada citizens for diversity purposes, Honeywell contends that Newmont was fraudulently joined. For the reasons detailed below, this contention is incorrect.

A.    The Standard For Determining Fraudulent Joinder

"Fraudulent joinder is a term of art." *Lewis v. Time, Inc.*, 710 F.2d 549 (9th Cir. 1983). The term is not intended to impugn the integrity of plaintiffs or their counsel; rather, it is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Honeywell's charge of "fraudulent joinder" places the burden of proof on Honeywell to prove that *no possible cause of action* was stated against the non-diverse party, such that joinder of that party was a sham. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001.) Honeywell must prove not only that plaintiffs failed to state a cause of action against the non-diverse defendants; it must also prove that "the failure is obvious according to the well-settled rules of the state." *United Computer Systems, Inc. v. AT&T Corporation*, 298 F.3d 756, 761 (9th Cir. 2002).

Very recently, the district court described the burden facing a defendant that asserts fraudulent joinder:

> The Court is obligated to strictly construe the removal statute against removal, *Harris v. Provident Life & Acc. Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994), and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). See also *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). Because of this, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that [a] plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package System, Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). See also *Macey v. Allstate Property and Cas. Ins. Co.*, 220

F.Supp.2d 1116 (N.D. Ca. 2002). In asserting fraudulent joinder, the Wyeth Defendants bear the burden of proving that the Plaintiffs' failure to state a cause of action against the non-diverse Defendants is obvious according to settled rules of state law. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998) (citing *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336 (9th Cir. 1987).

*Green v. Wyeth*, ___ F.Supp.2d ___, 2004 WL 2496071, *4 (D. Nev. Oct. 29, 2004).

By any standard, defendants have not met this burden here.

B. The "Voluntary-Involuntary" Rule Precludes Removal on the Basis of the Order Granting Summary Judgment

As a threshold matter, it must be borne in mind that the fact that summary judgment was granted does not, itself, make this case removable. This is because the order granting summary judgment was not a voluntary act of the plaintiff. Under the "voluntary-involuntary" rule, only a voluntary act by the plaintiff can trigger a removal. *Self v. General Motors Corp.*, 588 F.2d 655, 659 (9th Cir. 1978). Thus when a non-diverse defendant is removed from the case against the wishes of the plaintiff, the case is not thereby made removable. E.g., *Whitcomb v. Smithson*, 175 U.S. 635 (1900) (directed verdict against non-diverse defendant did not make case removable).

Honeywell recognizes the impact of the voluntary-involuntary rule. In its letter to all defendants, urging them to join in the removal, Honeywell stated as follows:

By now you have a copy of the Court's Order Granting Defendant Battle Mountain Gold's Motion for Summary Judgment. The Dismissal should put us in a position to remove to Federal Court at least on the basis of fraudulent joinder, *despite the voluntary/involuntary rule used in the Ninth Circuit*. Our office is in the process of preparing the Notice of Removal. It will require the joinder of all of the Defendants in the removal. Please confirm that your client joins in the removal by faxing me a signed copy of this letter no later than November 1, 2004. I intend to file the Notice of Removal no later than November 1, 2004 (30 days

> after service of Plaintiffs' Opposition to Summary Judgment).... I ask
> that each of you file your Notice of Joinder in Removal no later than
> November 1, 2004.

Since the grant of summary judgment itself cannot serve as a basis for removal, Honeywell is forced to contend that *plaintiffs' opposition* to the motion for summary judgment somehow showed that plaintiffs had no chance of recovery against the Newmont defendants. Again, the removal notice contains not a word of explanation as to why this is so.

Without any enlightenment from Honeywell about how or why plaintiffs' pleading demonstrated fraudulent joinder, plaintiffs can only point to readily obvious facts about their response. This was not a pleading that acknowledged that plaintiffs had no claim against the Newmont defendants, or offered only perfunctory resistance. To the contrary: plaintiffs' response numbered 26 pages and included several exhibits. These exhibits included plaintiffs' complaints, interrogatory responses, depositions and medical affidavits. The response, strenuously resists summary judgment on several theories of liability.

It should also be noted moving defendants sought summary judgment under Utah law. Plaintiffs opposed the application of Utah law, and the state court agreed that Nevada law controlled. And while plaintiffs did abandon several claims against Newmont, this is immaterial, for only a single valid claim against a local defendant is required to defeat a fraudulent joinder contention. E.g., *Gray v. Beverly Enterprises-Mississippi*, ___ F.3d ___, 2004 WL 2526544, *10 (5th Cir. Nov. 9, 2004); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

The state court's order itself shows that plaintiffs' claims were hardly frivolous, or facially lacking in merit. After rejecting defendants' contention that Utah law governed the case, the state court next held that Newmont was not immune from liability as a statutory employer or a co-employee. The court then turned to the main issue: whether the doctrine of "peculiar risk" afforded plaintiffs a cause of action over Newmont, in the absence of any control by Newmont over Mrs. Knutson's work.

The court decided this issue against plaintiffs. Nowhere does the court hint, let alone hold, that plaintiffs' claim was utterly lacking in any merit. And it is telling that the court found the dispositive Nevada authority to be a case cited neither by Newmont in its motion or plaintiffs in their response.

In short, the plaintiffs lost a summary judgment motion, but that does not mean the moving defendants were fraudulently joined. Indeed, it is well-established that even where it might appear that a plaintiff's claim could not survive a Rule 12(b)(6) motion, or a summary judgment motion under Rule 56, fraudulent joinder will not necessarily be found. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) ("this standard [for determining fraudulent joinder] is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.Proc. 12(b)(6)."), citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992); *Harrell v. Reynolds Metals Co.*, 599 F.Supp. 966, 967 (N.D. Ala. 1985) ("the removing defendants on a 'fraudulent joinder' theory have more than just a Rule 56 burden."). Even where the defendant moved for summary judgment in state court, the plaintiff never responded, and summary judgment was granted, a fraudulent joinder contention

was rejected. *McAfee v. Phillips Petroleum Co.*, 300 F.Supp. 651, 652 (D. Mont. 1969).

The voluntary/involuntary rule itself reflects these considerations. The rule exists precisely because of the recognition that a state court disposition of the local defendant may be reversed on appeal, and thus does not, in and of itself, mean that the defendant was fraudulently joined. As the Seventh Circuit put it,

> The voluntary/involuntary rule serves two purposes. First, the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. *Quinn v. Aetna Life & Casualty Co.*, 616 F.2d 38, 40 n. 2 (2d Cir. 1980). We are anxious to avoid this sort of yo-yo effect. Second, some courts have invoked a general principle of deference to the plaintiff's choice of forum. *See, for example,   Self,* 588 F.2d at 659; *Insigna v. La Bella*, 845 F.2d 249, 253 (11th Cir. 1988). Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be forced out of state court without his consent. Of course, this principle of deference is entirely inconsistent with the apparent purpose of the removal statute--to give defendants a means to escape the plaintiff's hometown forum-- but it is consistent with our general desire to limit federal jurisdiction. *See, for example, Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (announcing the "well-pleaded complaint" rule: plaintiff may avoid federal jurisdiction by presenting only state law claims, even if defense raises federal question); *see also* 28 U.S.C. §1359 (1988) (prohibiting collusive creation of federal jurisdiction, but not prohibiting collusive destruction of jurisdiction).

*Poulos v. Naas Food, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992). See also 14B Charles Alan Wright, Arthur Miller and Earl Cooper, *Federal Practice and Procedure* §3723, pp. 580-582 (West 3d ed. 1998) ("[The voluntary-involuntary rule] had merit in that it prevented removal to federal court when the nondiverse party was eliminated by a state court order that might be reversed on appeal.").

Here, of course, plaintiffs do intend to appeal the dismissal of Newmont, and would have moved for a certification pursuant to NRCP 54(b) to facilitate such an appeal, had the case not been removed.   The removal, however, has foreclosed plaintiffs' right of appeal in the Nevada courts.

The assertion that plaintiffs' opposition to the motion for summary judgment triggered removal is, of course, merely a contrivance to circumvent the voluntary-involuntary rule.   But again, and perhaps most fundamentally, nothing in *plaintiffs' response* demonstrated fraudulent joinder.   Defendant does not point to anything in plaintiffs' pleading, and there is nothing.   Since that is the only thing that can trigger removal here, remand is required.

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that the conditional transfer order be vacated.

Respectfully submitted,

Charles S. Siegel
TX State Bar No. 18341875
Michael L. Armitage
CA State Bar No.152740
**Waters & Kraus, LLP**
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Telecopier

Kurt A. Franke
NEV. State Bar No. 4102
**Law Offices of Kurt A. Franke**
575 Mill Street
Reno, Nevada 89502
(775) 827-6100
(775) 786-1116 Telecopier

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 4 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Brief to Vacate the Conditional Transfer Order has been served by facsimile on all counsel of record (Schedule CTO-240 / Docket No. 875), in addition to the counsel listed below on this 13th day of January, 2005.

**BATTLE MOUNTAIN GOLD COMPANY
NEWMONT USA, LIMITED
(CARLIN GOLD MINING COMPANY)**
George D. Yaron
William J. Geddes
YARON & ASSOCIATES
3097 East Warm Springs Road, Suite 200
Las Vegas, Nevada 89120
702-933-2930

**BONDEX INTERNATIONAL, INC.
RPM INC.**
Anne H. Wellborn
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-2995

**BURNS INTERNATIONAL SERVICES CORP. (Borg Warner)**
James M. Barker
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-7087

**DAIMLERCHRYSLER CORPORATION**
Michael A. Hagemeyer
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0033

**ELLIOTT COMPANY
(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown
BARKER, BROWN, BUSBY, et al.,
900 South Fourth Street
Las Vegas, Nevada 89101
702-384-5386

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte
PICO, ESCOBAR &  ROSENBERGER
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-8451

**FORD MOTOR COMPANY**
**GENERAL MOTORS CORPORATION**
Kelly A. Evans
Jay J. Schuttert
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5252
**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron
William H. Pruitt
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3950

**GENERAL ELECTRIC COMPANY**
Jack Cherry
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-385-7000

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS ASSOCIATION  (INC.)**
Steven E. Guinn
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1865

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika
Scott L. Stonehocker
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4484

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-9256

**INGERSOLL-RAND COMPANY**
Leah R. Wigren
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-6663

**KELSEY-HAYES COMPANY**
Troy Peyton
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4474

**PAGE BRAKE COMPANY**
Thomas C. Anderson
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-236-5319

**PARKER-HANNIFIN CORPORATION**
William E. Cooper
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-2170

**PCC FLOW TECHNOLOGIES HOLDINGS, INC. (DOE 1)**
**JOHNSTON PUMP (DOE 2)**
Thomas F. Kummer
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-796-7181

**PENSKE TRUCK LEASING CORPORATION**
Charles W. Spann
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-1808

**STERLING FLUID SYSTEMS (USA), LLC**
James G. Christensen
GORDON & REES
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-5146

**VIACOM INC.**
**SIEMENS WESTINGHOUSE POWER CORP.**
Von S. Heinz
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8351

**VIKING PUMP INC.**
Julie Torres
JACKSON & WALLACE LLP
55 Francisco Street, 6th floor
San Francisco, California  94133
415-982-6700

**BMW OF NORTH AMERICA, INC. (DOE 3)**
**KELLY-MOORE PAINT COMPANY, INC.**
Michael M. Edwards
LEWIS BRISBOIS BISGAARD & SMITH
City Centre Place
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
702-893-3789

**THE AGRICULTURE & NUTRITION, LLC**
**JONES & VARGAS**
Twelfth Floor
100 West Liberty Street
P.O. Box 281
Reno, NV 89504
775-786-1177

_____
Charles S. Siegel

## PANEL SERVICE LIST (Excerpted from CTO-240)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Dennis Knutson, et al. v. Allis-Chalmers Corp., et al.,* D. Nevada, C.A. No. 3:04-625

Jack Angaran
Georgeson, Thompson & Angaran,
Chtd.
100 West Grove Street
Suite 500
Reno, NV 89509

Angela Bader
Laxalt & Nomura, Ltd.
50 W. Liberty Street
Suite 700
Reno, NV 89501

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Jack C. Cherry
Alverson, Taylor, Mortensen,
Nelson & Sanders
7401 West Charleston Blvd.
Las Vegas, NV 89117-1401

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

William Cooper
Cooper Law Offices
601 E. Bridger
Las Vegas, NV 89101

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Kelly Evans
Snell & Wilmer
3800 Howard Hughes Parkway
10th Floor
Las Vegas, NV 89109

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Kurt A. Franke
Law Offices of Kurt A. Franke
575 Mill Street
Reno, NV 89502

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michael A. Hagemeyer
2255-A Renaissance Drive
Las Vegas, NV 89119

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Troy Peyton
Rumph & Peyton
2300 W. Sahara Avenue
Las Vegas, NV 89102

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

PANEL SERVICE LIST (Excerpted from CTO-240) MDL-875                    PAGE 2 OF 2

Charles S. Siegel
Waters & Kraus
3219 McKinney Avenue
Dallas, TX 75204

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Marsha Tarte
Pico & Mitchell
2000 S. Eastern Avenue
Las Vegas, NV 89104

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 4 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| DENNIS KNUTSON, et al | § | |
| *Plaintiffs,* | § | |
| vs. | § | Civil Action No. |
| | § | 3:04CV625 |
| ALLIS-CHALMERS CORPORATION, | § | |
| et al., | § | |
| | § | |
| *Defendants.* | § | |

## NOTICE OF OPPOSITION TO TRANSFER

Come now plaintiffs and file this Notice of Opposition to the Conditional Transfer Order (CTO-240) entered by the Panel on December 21, 2004.

DENNIS KNUTSON, et al vs. ALLIS-CHALMERS CORPORATION, et al.; No. 3:04CV625 in pending in the United States District Court for the District of Nevada.  Pursuant to Panel Rule 7.4(c), the plaintiffs file this notice of opposition to apprise the Panel of their opposition to transfer.

Pursuant to Panel Rule 7.4(d), plaintiffs shall file, within 15 days of the filing of this notice, their motion to vacate conditional transfer order and supporting brief.

1



Respectfully submitted,

Charles S. Siegel
TX State Bar No. 18341875
Michael L. Armitage
CA State Bar No.152740
**Waters & Kraus, LLP**
3219 McKinney Avenue
Dallas, Texas 75204
(214) 357-6244
(214) 871-2263 Telecopier

Kurt A. Franke
NEV. State Bar No. 4102
**Law Offices of Kurt A. Franke**
575 Mill Street
Reno, Nevada 89502
(775) 827-6100
(775) 786-1116 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Opposition has been served

by facsimile on all counsel of record (Schedule CTO-240 / Docket No. 875), in addition to the

counsel listed below on this 29th day of December, 2004.

**BATTLE MOUNTAIN GOLD COMPANY**
**NEWMONT USA, LIMITED**
**(CARLIN GOLD MINING COMPANY)**
George D. Yaron
William J. Geddes
YARON & ASSOCIATES
3097 East Warm Springs Road, Suite 200
Las Vegas, Nevada 89120
702-933-2930

2

**BONDEX INTERNATIONAL, INC.**
**RPM INC.**
Anne H. Wellborn
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-2995

**BURNS  INTERNATIONAL SERVICES CORP. (Borg Warner)**
James M. Barker
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-7087

**DAIMLERCHRYSLER CORPORATION**
Michael A. Hagemeyer
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0033

**ELLIOTT COMPANY**
**(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown
BARKER, BROWN, BUSBY, et al.,
900 South Fourth Street
Las Vegas, Nevada 89101
702-384-5386

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte
PICO, ESCOBAR &  ROSENBERGER
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-8451

**FORD MOTOR COMPANY**
**GENERAL MOTORS CORPORATION**
Kelly A. Evans
Jay J. Schuttert
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5252

3

**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron
William H. Pruitt
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3950

**GENERAL ELECTRIC COMPANY**
Jack Cherry
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-385-7000

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS ASSOCIATION  (INC.)**
Steven E. Guinn
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1865

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika
Scott L. Stonehocker
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4484

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-9256

**INGERSOLL-RAND COMPANY**
Leah R. Wigren
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-6663

4

**KELSEY-HAYES COMPANY**
Troy Peyton
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4474

**PAGE BRAKE COMPANY**
Thomas C. Anderson
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-236-5319

**PARKER-HANNIFIN CORPORATION**
William E. Cooper
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-2170

**PCC FLOW TECHNOLOGIES HOLDINGS, INC. (DOE 1)**
**JOHNSTON PUMP (DOE 2)**
Thomas F. Kummer
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-796-7181

**PENSKE TRUCK LEASING CORPORATION**
Charles W. Spann
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-1808

**STERLING FLUID SYSTEMS (USA), LLC**
James G. Christensen
GORDON & REES
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-5146

**VIACOM INC.**
**SIEMENS WESTINGHOUSE POWER CORP.**
Von S. Heinz
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8351

**VIKING PUMP INC.**
Julie Torres
JACKSON & WALLACE LLP
55 Francisco Street, 6th floor
San Francisco, California 94133
415-982-6700

**BMW OF NORTH AMERICA, INC. (DOE 3)**
**KELLY-MOORE PAINT COMPANY, INC.**
Michael M. Edwards
LEWIS BRISBOIS BISGAARD & SMITH
City Centre Place
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
702-893-3789

**TH AGRICULTURE & NUTRITION, LLC**
**JONES & VARGAS**
Twelfth Floor
100 West Liberty Street
P.O. Box 281
Reno, NV 89504
775-786-1177

Charles S. Siegel

# INVOLVED COUNSEL LIST (CTO-240)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Chad E. Adams
Browning, Kaleczyc, Berry & Hoven
139 N. Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson &
Anderson
4020 WestChase Boulevard, Suite 550
Raleigh, NC 27607

Jack Angaran
Georgeson, Thompson & Angaran
100 West Grove Street, Suite 500
Reno, NV 89509

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue, 20th Floor
New York, NY 10022

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Keith L. Arnold
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street, Suite 1300
Baltimore, MD 21202-1626

Patrick J. Attridge
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Angela Bader
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501

Gerald Barrett
Ward, Keenan & Barrett, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012

Scott W. Bates
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Brenda G. Baum
Burroughs, Hepler, Broom,
MacDonald, et al.
Mark Twain Plaza
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Patrick E. Beasley
Abbott, Simses & Kuchler
210 East Capitol St., Suite 1090
Jackson, MS 39201

Thomas P. Bernier
Segal, McCambridge, Singer &
Mahoney, Ltd.
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202-3316

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Kevin P. Bilms
Law Offices of Peter Nicholl
430 Crawford Street, Suite 202
Portsmouth, VA 23704

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Roy B. Blackwell
Kaufman & Canoles PC
150 W. Main St.
Norfolk, VA 23510

James Lawrence Blair
Renaud, Cook, Drury, et al.
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004

George Dean Bogris
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

James Scott Bolen
Laudig, George, Rutherford & Sipes
156 Market Street, #600
Indianapolis, IN 46204

James H. Bolin
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Jason D. Bone
Gieger, Laborde & Laperouse, LLC
One Shell Square, 48th Floor
701 Poydras Street
New Orleans, LA 70139-4800

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402

Fred E. Bourn, III
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

William J. Bradley, III
Malaby, Carlisle & Bradley
150 Broadway, Suite 1311
New York, NY 10038

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP.
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

Pamela T. Broache
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Joseph H. Carlisle
Malaby, Carlisle & Bradley LLC
150 Broadway, Suite 600
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Jack C. Cherry
Alverson, Taylor, Mortensen, Nelson &
Sanders
7401 West Charleston Blvd.
Las Vegas, NV 89117-1401

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Helen Chung
Leader & Berkon
630 Third Avenue
17th Floor
New York, NY 10017

L. N. Clinkscales
Abbott, Simses & Kuchler
210 East Capitol St., Suite 1090
Jackson, MS 39201

John Stewart Cobb
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Keith E. Coltrain
Elmore & Walls, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510-2212

William David Conner
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

John W. Cooper
Cooper, Preston & Douglas, P.L.L.C.
333 Second Street
P.O. Box 365
Parsons, WV 26287

William Cooper
Cooper Law Offices
601 E. Bridger
Las Vegas, NV 89101

Larry J. Crown
Jennings, Haug & Cunningham
2800 N. Central Avenue, Suite 1800
Phoenix, AZ 85004

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Anna M. DiLonardo
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

George C. Doub, III
William H. Murphy, Jr. & Associates
12 West Madison Street
Baltimore, MD 21201

Thomas F. Dougall
Law Office of Thomas F. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

John C. Duffey
Stuart & Branigin
The Life Building, Suite 800
300 Main Street
P.O. Box 1010
Lafayette, IN 47902

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Theodore M. Eder
Segal, McCambridge, Singer &
Mahoney, Ltd.
805 3rd Avenue, 19th Floor
New York, NY 10022

W. M. Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James H. Elliott, Jr.
Barnwell, Whaley, Patterson & Helms
885 Island Park Drive
Charleston, SC 29492-0197

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017-5639

Kelly Evans
Snell & Wilmer
3800 Howard Hughes Parkway
10th Floor
Las Vegas, NV 89109

Stephen B. Evans
Deeba, Sauter, et al.
3415 Hampton Avenue
St. Louis, MO 63139

Annalie M. Faddis
Abbott & Prange, PC
U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 2650
Portland, OR 97204

John J. Fanning
Cullen & Dykman Bleakley Platt LLP
177 Montague Street
Brooklyn, NY 11201

James L. Fletcher, Jr.
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Meagan A. Flynn
Preston, Bunnell & Stone, L.L.P.
1100 S.W. 6th Avenue, Suite 1405
Portland, OR 97204

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Kurt A. Franke
Law Offices of Kurt A. Franke
575 Mill Street
Reno, NV 89502

INVOLVED COUNSEL LIST (CTO-  MDL-875                                    PAGE 3 OF 6

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Robert C. Galloway
Butler, Snow, O'Mara, Stevens &
Cannada
1300 25th Avenue, Suite 204
P.O. Drawer 4248
Gulfport, MS 39502-4248

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Keith L. Gates
Abbott, Simses, Kuchler
210 East Capitol Street, Suite 1090
Jackson, MS 39201

William P. Gavin
Gavin Law Firm
17 Park Place Professional Centre
Belleville, IL 62226

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Stephen P. Goodwin
Goodwin & Goodwin
P.O. Box 2107
Charleston, WV 25328-2107

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
Hattiesburg, MS 39403-0750

Marc C. Greco
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Brian S. Green
Pietragallo, Bosick & Gordon
One Oxford Center, 38th Floor
Pittsburgh, PA 15219

Pascale Guerrier
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Michael A. Hagemeyer
2255-A Renaissance Drive
Las Vegas, NV 89119

Patrick J. Hanna
Rabalais, Hanna & Herbert
701 Robley Drive, Suite 210
Lafayette, LA 70503

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Yvette Harmon
Ross & Hardies
65 East 55th Street
New York, NY 10022

Sheila Ford Henderson
Foster & Sear
524 E Lamar Blvd., Suite 200
Arlington, TX 76011

David K. Hendrickson
Hendrickson & Long, PLLC
214 Capitol Street
P.O. Box 11070
Charleston, WV 25301

Cathi A. Hession
Flemming, Zulack & Williamson
One Liberty Plaza
71 Broadway
New York, NY 10006

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Timothy C. Holleman
Boyce Holleman
1913 15th Street
P.O. Drawer 1030
Gulfport, MS 39502

John P. Hooper
Edwards & Angell
750 Lexington Avenue
New York, NY 10022

John S. Howarth
Wilbraham, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, PA 19103

Brian J. Huelsmann
Burroughs & Hepler
103 W. Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Jonathan K. Huth
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Mary G. Isban
Sanders & Parks, PC
3030 North 3rd Street, Suite 1300
Phoenix, AZ 85012

Erik Jacobs
Weitz & Luxenberg
180 Maiden Lane, 17th Floor
New York, NY 10038

D'Ana E. Johnson
Bonner, Kiernan, Trebach & Crociata
1250 I Street, NW, Suite 600
Washington, DC 20005

Harry S. Johnson
Church, Loker & Silver, P.A.
7 Saint Paul Street, Suite 1400
Baltimore, MD 21202

A. Timothy Jones
Hawkins & Parnell, LLP
The Woodrums Building
602 Virginia Street East, Suite 200
Charleston, WV 25301

Larry E. Jude
Jude & Jude, PLLC
6424 Highway 98 West, Suite 50
Hattiesburg, MS 39402

Michael Kaczmarek
Cascino Vaughan Law Offices Ltd
220 South Ashland Avenue
Chicago, IL 60610-1117

Diane J. Kero
Gordon, Thomas, Honeywell, et al.
One Union Square, Suite 2100
600 University
Seattle, WA 98101

Steve Kevelson
One Cozine Avenue
Brooklyn, NY 11207

Martin S. King
Worden, Thane P.C.
111 N. Higgins, Suite 600
P.O. Box 4747
Missoula, MT 59806

Charles A. Kitchen
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Thomas E. Klinkel
Lewis & Roca, LLP
One South Church Avenue, Suite 700
Tucson, AZ 85701

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Edward P. Landry
Landry, Watkins & Bonin
P.O. Drawer 12040
New Iberia, LA 70562-2040

H. Seward Lawlor
Glasser & Glasser, P.L.C.
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Kathleen D. Leslie
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

Tom L. Lewis
Lewis, Slovak & Kovacich
725 Third Avenue North
P.O. Box 2325
Great Falls, MT 59403

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Barry L. Loftus
Stuart & Branigin
The Life Building, Suite 800
300 Main Street
P.O. Box 1010
Lafayette, IN 47902

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Melodie M. Mabanta
Bonner, Kiernan, Trebach & Crociata
1250 I Street, NW, Suite 600
Washington, DC 20005

Neil J. MacDonald
Hartel Kane Desantis MacDonald &
Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Terry J. MacDonald
Garlington, Lohn & Robinson, PLLP
199 W. Pine
P.O. Box 7909
Missoula, MT 59807

Genevieve G. Marshall
Robinson, Woolson & O'Donnell
217 E. Redwood Street, Suite 1500
Baltimore, MD 21202

Donald W. Martin, Jr.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

Travis William Martin
Smith Moore LLP
Wachovia Tower
300 North Greene Street, Suite 1400
P.O. Box 21927
Greensboro, NC 27420

Donna L. Maul
Brydon, Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105

Moffatt Grier McDonald
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602

R. Bruce McElhone
Law Offices of Peter G. Angelos
100 North Charles Street
One Charles Center, 22nd Floor
Baltimore, MD 21201

Shannon S. McFarland
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Lawrence McGivney
McGivney, Kluger & Gannon, P.C.
80 Broad Street, 23rd Floor
New York, NY 10004

William B. McKinley
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
200 Concourse, Ste. 200
P.O. Box 6020
Ridgeland, MS 39158-6020

Donald S. Meringer
Mccarter & English, LLP
300 E. Lombard Street, Suite 1000
Baltimore, MD 21202

Edward W. Mizell
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Willard J. Moody, Jr.
Moody, Strople, Kloeppel & Basilone, Inc.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

Michelle Noorani
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Richard P. O'Leary
McCarter & English, L.L.P.
300 Park Avenue, 18th Floor
New York, NY 10022

James J. Ostertag
Thelen, Reid & Priest, LLP
101 2nd Street, Suite 1800
San Francisco, CA 94105-3601

Vincent J. Palmiotto
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

George Plato Pappas
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010

E. Spencer Parris
Jones, Martin, Parris & Tessener
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Timothy Peck
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Troy Peyton
Rumph & Peyton
300 South 4th Street, Suite 800
Las Vegas, NV 89101

Troy Peyton
Rumph & Peyton
2300 W. Sahara Avenue
Las Vegas, NV 89102

Robert B. Pfennigs
Jardine, Stephenson, Blewett & Weaver
U.S. Bank Building, 7th Floor
300 Central Avenue
P.O. Box 2269
Great Falls, MT 59403

Diane M. Pompei
Sedgwick, Detert, Moran & Arnold
Three Gateway Center, 12th Floor
Newark, NJ 07102

Richard T. Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street, 13th Floor
Baltimore, MD 21201

Mary M. Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Tera L. Salango
Spilman, Thomas & Battle
Spilman Center
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273

M.H. Sauer, III
Baker & Hostetler, L.L.P.
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114

David Schafer
Malaby, Carlisle & Bradley
150 Broadway, Suite 600
New York, NY 10038

Richard W. Scheiner
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21202

Ira M. Schulman
Mazur, Carp & Rubin, P.C.
2 Park Avenue
New York, NY 10016

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Paul A. Scrudato
Schiff, Hardin & Waite
623 Fifth Avenue, Suite 2800
New York, NY 10022

Andrew J. Seff
Venable, Baetjer & Howard
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21204

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Allan L. Shackelford
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street, Suite 1400
Baltimore, MD 21202-1019

Christopher H. Sherwood
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130-3244

John Michael Silk
Wilson, Smith, Cochran & Dickerson
1215 4th Ave., Suite 1700
Seattle, WA 98161-1007

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Michelle D. Siri
Segal, McCambridge, Singer & Mahoney
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202-3316

Andrew J. Sloniewsky
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Albert Smith
Smith & West
200 North Fountain Avenue
Springfield, OH 45504

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue, Suite 200
Towson, MD 21204

Gail D. Spielberger
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202-1626

Frances L. Spinelli
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street, Suite 3100
Seattle, WA 98101

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Robert J. Sullivan
Boone Karlberg
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59802

Amanda D. Summerlin
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center, 12 th Floor
Newark, NJ 07102

Marsha Tarte
Pico & Mitchell
2000 S. Eastern Avenue
Las Vegas, NV 89104

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305

Gregory Rean Tingler
The Law Offices of David A. Sims
1200 Harrison Avenue, Suite 2000
P.O. Box 2659
Elkins, WV 26241

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Carl E. Tuerk, Jr.
Cooper, Beckman & Tuerk
201 North Charles Street, Suite 2300
Baltimore, MD 21201

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Michael B. Victorson
Jackson & Kelly
P.O. Box 553
Charleston, WV 25322-0553

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Harold M. Walter
Tydings & Rosenberg
100 East Pratt Street, Suite 2600
Baltimore, MD 21202

William L. Watt
Brunini, Grantham, Grower & Hewes
P.O. Drawer 210
Pascagoula, MS 39568

Alton L. Watts
Shell Buford, PLLC
P.O. Box 157
Jackson, MS 39205-0157

Michael N. Watts
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

Charles E. Weaver
Wood, Ris & Hames
1775 Sherman Street, Suite 1600
Denver, CO 80202-4313

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jane Mitchell Weston
Pond North LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111

Cheryl Lynn White
Cheryl L. White & Associates
1136 Ballena Boulevard, Suite D
Alameda, CA 94501

Emilie F. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Edward J. Wilbraham
Wilbraham, Lawler & Buba
140 Broadway
New York, NY 10005

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Richard F. Yarborough, Jr.
Smith, Reeves & Yarborough, PLLC
6360 I-55 North, Suite 201
Jackson, MS 39211

Linda Yassky
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
24th Floor
New York, NY 10020

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 14 2005

FILED
CLERK'S OFFICE

# WATERS & KRAUS, LLP

**C. ANDREW WATERS** (CA, DC, NC, TX)
**PETER A. KRAUS** (TX, VA)
**CHARLES S. SIEGEL**

B. Scott Kruka
Ashley Watkins McDowell
Ron C. Eddins
Leslie C. MacLean
George G. Tankard, III (DC, MD, PA, TX)
Dana Casselli Fox
Michelle B. Norton
Nelda Talamantes
Paul C. Cook (CA)
Charles E. Valles (TN, TX)
Greg W. Lisemby
Jamie Reibenspies
Erika Brauch (CA)
Charles W. Branham, III
Saar Swartzon (CA, IL)
Clay B. Carroll
Benjamin R. Couture

3219 McKinney Avenue
Dallas, Texas 75204
Telephone 214-357-6244
Telecopier 214-871-2263
---------------------------------------------

**California Office:**
200 Oceangate, Suite 520
Long Beach, California 90802
Telephone: 562-436-8833
Telecopier: 562-590-7296

**Maryland Office:**
10015 Old Columbia Rd., Suite B-215
Columbia, Maryland 21046
Telephone: 410-312-5599
Telecopier: 410-312-5595

**JEFFREY B. SIMON**
**TROYCE G. WOLF**
**DAVID C. GREENSTONE**
**MICHAEL L. ARMITAGE** (CA, LA)

J. Clay McCaslin (LA,OR, TX)
J. Bradley Smith
Kyla Reed
Jay Stamko
Jennifer L. Bartlett (CA)
Loren Jacobson (NY)
H.W. Trey Jones

**OF COUNSEL:**
Rhonda Sullivan Cleaves (TX)

James C. Barber
(Board Certified in Personal Injury Trial Law by the Texas
Board of Legal Specialization; & certified in Civil Trial Law
by the Nat'l Board of Trial Advocacy)

**Charles S. Siegel**
**siegel@awpk.com**

PLEASE RESPOND TO THE DALLAS OFFICE

January 14, 2005
*(Via Facsimile)*

April Land, Deputy Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Bldg.
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

Re:   MDL-875 – In re Asbestos Products Liability Litigation (No. VI)
      as to: Dennis Knutson, et al v. Allis-Chalmers Corporation
      Cause No. 3:04-CV625

Dear Ms. Land:

   Pursuant to our telephone conversation today, this will confirm my request that Plaintiff's Brief to Vacate the Conditional Transfer Order be treated as a Motion and Brief to Vacate the Conditional Transfer Order. This will also confirm my understanding that the Motion and Brief will be considered timely filed.

   Please do not hesitate to call me should you have any questions concerning this matter.

        Sincerely,
        **Waters & Kraus, LLP**

        Charles S. Siegel

cc: Involved Counsel for Schedule CTO - 240 MDL Docket No. 875  *(regular mail)*