MDL - 875

DOCKET NO. 875

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CONDITIONAL TRANSFER ORDER (CTO-240) – TAG ALONG ACTIONS

### PLAINTIFF BETTY MILLS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

COMES NOW, Plaintiff **Betty Mills** and files this Motion to Vacate Conditional Transfer Order and would respectfully show unto the Panel the following:

1. Plaintiff seeks to vacate the Conditional Transfer Order because pending in the Federal District Court for the Southern District of Mississippi is a Motion to Remand Plaintiff's case to Mississippi state court which Plaintiff believes is valid and should be granted.

2. If the removal was improper, as Plaintiff contends, the Federal Courts have no jurisdiction over this matter.

3. It will cause additional time and expense to travel to Pennsylvania to present the Motion to Remand. Counsel for Plaintiff, Mr. Tim Holleman, is located in Gulfport, Mississippi, where the Motion to Remand is pending. It would be an unfair burden to require Plaintiff to present its' Motion to Remand in Pennsylvania.

4. Plaintiff will not oppose the transfer should her Motion to Remand to State court be denied.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests the conditional transfer order be vacated and for such other and further relief as this Panel deems just and equitable.

Respectfully submitted on this 17th day of January, 2005.

BETTY MILLS, INDIVIDUALLY,

AND AS PERSONAL REPRESENTATIVE OF

1

THE ESTATE OF ROGER MILLS, DECEASED,
AND ON BEHALF OF ALL HEIRS AT LAW OF
ROGER MILLS, DECEASED PLAINTIFF

BY AND THROUGH HER
ATTORNEYS

RUSSELL L. COOK, JR. & ASSOCIATES

BOYCE HOLLEMAN & ASSOCIATES

BY: _____
RUSSELL L. COOK, JR.
TIM C. HOLLEMAN

RUSSELL L. COOK, JR.
TBN: 04756500
1401 MCKINNEY, SUITE 1800
HOUSTON, TEXAS 77010
TELEPHONE: (713) 751-0025
FACSIMILE: (713) 650-0521

TIM C. HOLLEMAN (MS. BAR #2526)
JEFFREY WHITE (MS. BAR #9914
BOYCE HOLLEMAN & ASSOCIATES
POST OFFICE DRAWER 1030
GULFPORT, MISSISSIPPI 39502
(228) 863-3142 OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all counsel listed on the attached service list by facsimile and/or regular mail on this the 17th day of January, 2005.

_____
RUSSELL L. COOK, JR.

**PANEL SERVICE LIST (Excerpted from CTO-240)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Betty Mills, etc. v. Borg-Warner Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-810 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Russell L. Cook, Jr.
Russell L. Cook, Jr. & Associates
1401 McKinney
Suite 1800
Houston, TX 77010

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Timothy C. Holleman
Boyce Holleman
1913 15th Street
P.O. Drawer 1030
Gulfport, MS 39502

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 18 2005

FILED
CLERK'S OFFICE

**DOCKET NO. 875**

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**CONDITIONAL TRANSFER ORDER (CTO-240) – TAG ALONG ACTIONS**

<u>**PLAINTIFF BETTY MILLS' BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER**</u>

COMES NOW, Plaintiff **Betty Mills** and files this Brief in Support of her Motion to Vacate Conditional Transfer Order and would respectfully show unto the Panel the following:

<u>Background</u>

1. This is an asbestos case filed originally in the Circuit Court of Harrison County, Mississippi, First Judicial District by Betty Mills, Individually and as Personal Representative of the Estate of Roger Mills, Deceased, widow of Roger Mills. Mr. Mills died of an asbestos-related cancer. The case was removed to the federal court by Defendant DaimlerChrysler alleging fraudulent joinder of Pringle Ford, a non-diverse Mississippi corporation. It was removed to the United States District Court, Southern District of Mississippi, Southern Division.

2. Roger Mills was an employee of Pringle Ford and was exposed to asbestos while at that job. An affidavit documenting this exposure is attached as exhibit 1 hereto. Defendants argue that under Mississippi law the employer cannot be sued and hence the joinder of this non-diverse defendant is fraudulent. They are incorrect. As discussed below, an employer that does not carry workers compensation insurance can be sued, and evidence indicates Pringle Ford did not have workers compensation coverage for Mr. Mills' work-related death.

3. Defendants now attempt to have this case transferred to the asbestos MDL in Pennsylvania prior to a hearing on Plaintiff's Motion to Remand in Federal District Court in

1

Mississippi. Plaintiff's counsel, Tim Holleman, is located in Gulfport, Mississippi, the location of the Federal District Court where the Motion to Remand is pending.

**Argument and Authorities**

4. Plaintiff would be greatly prejudiced by having this case transferred prior to a ruling on her Motion to Remand. It would require counsel for Plaintiff to incur the time and expense to travel to Pennsylvania to urge the Motion to Remand. There may be a long delay before the Motion to Remand may be heard in the Pennsylvania court.

5. There is no reason to transfer the case prior to a hearing on the Motion to Remand. If the Motion to Remand is denied, Plaintiff will not oppose transfer. There are no efficiencies involved in hearing the Motion to Remand in Pennsylvania rather than Mississippi. Instead it will be much more inefficient for the Plaintiff to be delayed and have to travel to Pennsylvania.

6. The practice of asbestos Defendants removing cases has been the subject of discussion in the Mississippi Federal District Courts. In *Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 1059811 (N.D.Miss.), Judge Mills discussed the situation in a hearing on a motion to recuse. The Court summarized some of the statements made by himself and Judge Gex concerning the removal practice. The Court stated:

> In alleging bias, defendants point to certain observations made by this court regarding the current state of asbestos removal litigation in this state. In particular, this court noted that "asbestos removal litigation, as it has developed in this state, generally has less to do with effecting valid removals than with attempting to obtain a transfer of the case to a multi-district litigation (MDL) court, where the case generally languishes for a protracted period of time." This court also noted that "other district courts in this state will sometimes include language admonishing asbestos defendants against filing subsequent removal petitions, under the pain of contempt or other sanctions." This court specifically cited one such order by Judge Gex stating that the "continuous frivolous removal of these cases in addition to being burdensome to the plaintiffs has become taxing on the resources of the court and the court family" and noting that "[a]ny further attempt

2

to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly." Knotts, et al. v. Minnesota Manufacturing, et al., No. 1:03cv125 (S.D.Miss.2003).

*Rosamond v. Garlock Sealing Technologies, Inc.*, 2004 WL 1059811 (N.D.Miss.) at page 2. The Court went on to say:

> Moreover, any disapproval which this court expressed regarding the litigation tactics in many asbestos removals lies in the fact that the court has repeatedly observed that defendants will attempt to delay any consideration of the merits of the removal until a transfer of the case to an MDL court.
>
> Plaintiffs note that any ruling on a motion to remand by the overburdened MDL court often takes years, thus preventing plaintiffs from even having their jurisdictional arguments heard for a very lengthy period of time. Defendants did not dispute the assertion of plaintiffs' counsel that, in prior asbestos removal cases tried by such counsel, five of the cases had been remanded while one had been transferred to an MDL court prior to any ruling on the motion to remand. Counsel for plaintiffs noted that no ruling on that pending motion to remand has been made by the MDL court for three years, and the court has no reason to doubt that this assertion is correct.

*Id* at page 3 and 4.

7. Plaintiff's Motion to Remand is valid. While it is not appropriate here to argue the Motion to Remand, Plaintiff can establish that Mr. Mills was exposed to asbestos on the job at the non-diverse Defendant Pringle Ford. While the Mississippi Workers Compensation law can bar a suit against an employer if it carries workers compensation insurance, there is no bar to a lawsuit if it does not carry workers compensation insurance. A check with the Workers Compensation Commission indicates that Pringle Ford does not carry workers compensation (see affidavit of Stacie Burns attached as Exhibit 2).

**Conclusion**

8. There is no reason to transfer this case to the Pennsylvania MDL prior to a hearing on the Motion to Remand. Plaintiff has sued a viable non-diverse Defendant. There is no fraudulent

joinder. Plaintiff respectfully requests that the conditional transfer order be vacated until a decision is made on the Motion to Remand.

Respectfully submitted on this 17th day of January, 2005.

BETTY MILLS, INDIVIDUALLY,

AND AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF ROGER MILLS, DECEASED,
AND ON BEHALF OF ALL HEIRS AT LAW OF
ROGER MILLS, DECEASED PLAINTIFF

BY AND THROUGH HER
ATTORNEYS

RUSSELL L. COOK, JR. & ASSOCIATES

BOYCE HOLLEMAN & ASSOCIATES

BY: _____
RUSSELL L. COOK, JR.
TIM C. HOLLEMAN

RUSSELL L. COOK, JR.
TBN: 04756500
1401 MCKINNEY, SUITE 1800
HOUSTON, TEXAS 77010
TELEPHONE: (713) 751-0025
FACSIMILE: (713) 650-0521

TIM C. HOLLEMAN (MS. BAR #2526)
JEFFREY WHITE (MS. BAR #9914
BOYCE HOLLEMAN & ASSOCIATES
POST OFFICE DRAWER 1030
GULFPORT, MISSISSIPPI 39502
(228) 863-3142 OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all counsel listed on the attached service list by facsimile and/or regular mail on this the 17th day of January, 2005

_____
RUSSELL L. COOK, JR.

**PANEL SERVICE LIST (Excerpted from CTO-240)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Betty Mills, etc. v. Borg-Warner Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-810  (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
 & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Russell L. Cook, Jr.
Russell L. Cook, Jr. & Associates
1401 McKinney
Suite 1800
Houston, TX 77010

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Timothy C. Holleman
Boyce Holleman
1913 15th Street
P.O. Drawer 1030
Gulfport, MS 39502

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 1 8 2005

FILED
CLERK'S OFFICE

**STATE OF MISSISSIPPI**   §
                          §
**COUNTY OF HARRISON**    §

## AFFIDAVIT OF ROGER MILLS

BEFORE ME, _Roger Mills_, on this day personally appeared ROGER MILLS, proved to me through a current identification card or other document issued by the federal government or a state government containing his photograph and signature to be the person whose name is subscribed to this Affidavit, who, being by me duly sworn, deposed as follows:

1. "My name is ROGER MILLS. I am over the age of eighteen years, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct."

2. "During the 1940s I worked at Pringle Ford in Biloxi, Mississippi. During the 1950s and 1960s, my employment included, among other dealerships, working at Pringle Ford, Nunneley Ford and Shannon Motors Lincoln/Mercury in Mississippi. I also worked at McGee Ford in Slidell, Louisiana. My job duties included, but were not limited to, maintenance, repair, or replacement of original equipment, including brakes, clutches, and head gaskets on Ford Motor Company vehicles manufactured in the 1940s, 1950s and 1960s."

3. "I can recall, and will be able to testify at trial, that I breathed the dust from the original equipment brake material. The process I used to replace the brakes included blowing and wiping the brake dust from the original equipment brake drums. I would breathe this dust."

4. "I can recall, and will be able to testify at trial, that I breathed the dust from the original equipment head gaskets while I was removing them. The process I used to replace the original equipment head gaskets included using a wire brush to remove the pieces of gasket material that stuck. I breathed the gasket material dust at that time."

5. "I can recall, and will be able to testify at trial, that I breathed the dust from the original equipment clutches. The process I used to replace the original equipment clutches included removing the clutch dust cover. I breathed the clutch material dust at that time."

**EXHIBIT 1**

6. "In the 1940s, 1950s and 1960s, while working on or around asbestos-containing products in the vehicles, I was not aware of the risks of exposure to asbestos, nor was I told by anyone of the risks of breathing asbestos dust and working around asbestos-containing products."

FURTHER AFFIANT SAYETH NOT.

_____
ROGER MILLS

STATE OF MISSISSIPPI                §
                                    §
COUNTY OF HARRISON                  §

The above-named, ROGER MILLS, does hereby certify and state under oath, after first being duly sworn, that the information contained in the above and foregoing Affidavit is true and correct.

_____
ROGER MILLS

STATE OF MISSISSIPPI                §

SWORN TO AND SUBSCRIBED BEFORE ME by ROGER MILLS on this 16 day of August, 2002.

_____
Notary Public
In and For the State of Mississippi

Louise E. Roberts
Printed Name
Notary Public-State of Mississippi At Large
My Commission Expires: February 9, 2004
Bonded Thru Heiden, Brooks & Garland, Inc.

| STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF HARRIS | § |

## AFFIDAVIT OF STACIE BURNS

BEFORE ME on this day personally appeared Stacie Burns proved to me through a current identification card or other document issued by the federal government or a state government containing her photograph and signature to be the person whose name is subscribed to this Affidavit, who, being by me duly sworn, deposed as follows:

1. "My name is Stacie Burns. I am over the age of eighteen years, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I am an employee of Russell L. Cook, Jr. & Associates."

2. "I contacted the Mississippi Worker's Compensation Commission regarding coverage for Pringle Ford in Biloxi, Mississippi. Mary Sanders of the Mississippi Worker's Compensation Commission stated that there was no worker's compensation coverage for Pringle Ford.

FURTHER AFFIANT SAYETH NOT.

_____
STACIE BURNS

| STATE OF TEXAS | § |
| --- | --- |
|  | § |
| COUNTY OF HARRIS | § |

The above-named does hereby certify and state under oath, after first being duly sworn, that the information contained in the above and foregoing Affidavit is true and correct.

_____
STACIE BURNS

EXHIBIT 2

STATE OF TEXAS                    §

    SWORN TO AND SUBSCRIBED BEFORE ME by STACIE BURNS on this 17th day of January, 2005.



_____
Notary Public
In and For the State of TEXAS

Melba Trevino
Printed Name of Notary
My Commission expires: 2/3/05