**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 875
## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

This document relates to the following case:

*Betty Mills, et al. v. Borg Warner Corp., et al.*, Civil Action No. 1:04CV810GRo, United States District Court, Southern District of Mississippi, Southern Division

---

## DAIMLERCHRYSLER CORPORATION'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

### INTRODUCTION:

Defendant DaimlerChrysler Corporation ("Chrysler") files its Response to Plaintiff's Motion to Vacate Conditional Transfer Order 240, which was entered by the Clerk of the Panel on December 21, 2004. On July 29, 1991, the Judicial Panel on Multidistrict Litigation ("MDL") ordered that all federal "personal injury or wrongful death asbestos actions not yet in trial" be transferred to the United States District Court for the Eastern District of Pennsylvania for consolidated and coordinated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. 415, 422 & 424 (J.P.M.L. 1991). Plaintiff does not dispute this case falls within the scope of the MDL Panel's transfer order. Instead, Plaintiff objects to transfer because she believes, incorrectly, that transfer will not promote the efficient resolution of the case. However, Plaintiff's reasoning defies logic because it is axiomatic that the coordinated pretrial procedures of this case in the MDL Court will be far more efficient and expeditious than the continuation of this case in Mississippi district court. In fact, this exact scenario was what the asbestos MDL court was designed for. *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F. Supp. at 417 (stating that the establishment of an asbestos MDL court is warranted because such

JM LZC 288003 v1
0-0 01/26/2005

IMAGED .JAN 31 '05     OFFICIAL FILE COPY

"centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation).

Additionally, Plaintiff heavily relies on the fact that a motion to remand remains pending before the transferor district court. However, this Panel has explicitly rejected this argument on numerous prior occasions.[1]  In its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."[2]  In fact, such a motion is better situated before the MDL court because the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings, which furthers judicial economy and eliminates the potential for conflicting pre-trial rulings.[3] Accordingly, the Panel should deny Plaintiff's Motion to Vacate Conditional Transfer Order and enter a final order transferring this case to the MDL court.

---

[1]  *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Feb. 16, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).

[2]  *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).

[3]  *See e.g., In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, NY*, 965 F. Supp. 5, 7 (S.D. N.Y. 1997).

JM LZC 288003 v1
0-0 01/26/2005

## DISCUSSION:

### 1. Transfer of This Case Will Promote the Efficient Resolution of Plaintiff's Claims Through Consolidated and Coordinated Pre-Trial Procedures

Plaintiff initially contends that transfer to the Eastern District of Pennsylvania will be inconvenient to the parties. However, the MDL Panel addressed this concern in its original order granting transfer stating the following:

> We remain sensitive to the concerns of some parties that § 1407 transfer will be burdensome or inconvenient. We note that since § 1407 transfer is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. *See e.g.,* Fed. R. Civ. P. 45(d+)(2). Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district *See Manual for Complex Litigation, Second,* § 20.22 (1985). And it is most logical to assume that prudent counsel will combine their forces and apportion their workload in order to streamline efforts of the parties and witnesses, their counsel, and the judiciary, thereby effectuating an overall savings of cost and a reduction of inconvenience to all concerned. *See In re Nissan Motor Corporation Antitrust Litigation,* 385 F. Supp. 1253, 1255 (J.P.M.L. 1974). Hopefully, combining such practices with a uniform case management approach will, in fact, lead to sizable reductions in transaction costs (and especially attorneys' fees).

Obviously, the benefits accrued from engaging in coordinated and consolidated pretrial procedures greatly outweighs Plaintiff's perceived inconvenience.

Plaintiff also argues that transfer will not promote the efficient and expeditious resolution of these cases; however, this argument is specious and ignores the basic premise upon which the MDL court was established. Specifically, the MDL Panel stated that centralization of the asbestos litigation "under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct to this litigation." *In re Asbestos Products Liability Litigation (No. VI),* MDL Docket No. 875, 771 F. Supp. at 417. Transfer of this case from the Mississippi district court will allow the case to enjoy a uniform pre-trial procedure as established by the MDL court for all asbestos litigation.

3

Obviously, this consolidated pretrial procedure will provide for efficient discovery procedures, will eliminate any potential for inconsistent rulings, and will facilitate the expeditious resolution of Plaintiff's claims.  Accordingly, the MDL Panel should follow its earlier mandate and transfer this case to the MDL court.

## 2.  A Pending Motion to Remand Does Not Support a Motion to Vacate a Conditional Transfer Order.

Plaintiff's primary opposition to transfer is based upon her pending motion to remand, which is currently before the transferor district court.  Plaintiff apparently believes that because the transferor court has not ruled on Plaintiff's incorrect challenge to federal diversity jurisdiction, this Panel does not have the power to effectuate a transfer to the MDL court. However, this Panel has explicitly rejected this argument.  *See In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 1996 WL 143826, *1 (J.P.M.L. Oct. 18, 1996); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. Feb. 19, 2002) (attached as Exhibit B); *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1-2 (J.P.M.L. April 18, 2001) (attached as Exhibit C).  In fact, in its initial opinion creating the MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket."   *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 170 F. Supp.2d 1348, 1349 (J.P.M.L. 2001) (citing *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, 771 F.Supp. 415 (J.P.M.L. 1991)).  As the Panel recently observed, "Plaintiffs in the Southern District of Mississippi action have argued

4

that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest." *In re Asbestos Products Liability Litigation (No. VI)*, MDL Docket No. 875, at 1 n.1 (J.P.M.L. Aug. 9, 2002) (attached as Exhibit A). The Panel has repeatedly held the pendency of a motion to remand cannot defeat transfer because "jurisdictional and remand motions can be presented to and decided by the transferee judge." *In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *1-2 (J.P.M.L. Oct. 24, 2000).[4]

Moreover, the purpose of the MDL is to establish a single district for coordinated pre-trial proceedings and to provide consistent pre-trial rulings in cases involving common issues of fact. *See e.g., In Re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998); *In re Air Crash Disaster off Long Island, NY.*, 965 F. Supp. 5, 7 (S.D. N.Y. 1997). Cases such as this, where a motion to remand is pending, are particularly appropriate for transfer given that "[t]he transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole." *In re Crown Life Ins. Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

### 3. Federal Diversity Jurisdiction Exists

Finally, even if the Court were to address the substantive removal/remand issues, which it should not, it would become clear that federal subject matter jurisdiction clearly exists and no procedural defects exist necessitating remand.

---

[4] *See also In re Wireless Telephone Replacement Protection Programs Lit.*, 180 F. Supp. 2d 1381, 1382 (J.P.M.L. 2002) (stating same); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 2002 WL 31108228, *1 (J.P.M.L. Mar. 4, 2002) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 177 F. Supp. 2d 1373, 1374 (J.P.M.L. 2002) (same); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) (same); *In re StarLink Corn Prods. Liab. Litig.*, 152 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) ("plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive"); *In re Cooper Tire & Rubber Co. Tires Prods. Liab. Litig.*, 2001 WL 253115, *1 (J.P.M.L. Feb. 23, 2001) (stating same).

In Plaintiff's Motion to Remand, she admits that her claims against Pringle Ford are based entirely on Mr. Mills' employment with such defendant, stating:

> On August 19, 2002, at the age of 76, Mr. Mills died from cancer related to asbestos exposure. Affidavits signed before his death show that he worked on vehicle repair and undercoating at the Pringle dealership in the 1940's and 1950's, in Biloxi Mississippi. [Exhibits 1 & 2]. The affidavits demonstrate that Mr. Mills was exposed to asbestos products while working at Pringle Ford. [Id.]

*See* Plaintiff's Motion to Remand and Memorandum in Support, at ¶ 2 (attached as Exhibit D).

However, the exclusivity provision of the Mississippi Workers' Compensation Act provides that:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependants, next of kin, and anyone otherwise entitled to recover damages at common law or otherwise from such employer on account of injury or death....

Miss. Code Ann. § 71-3-9. Obviously, pursuant to this provision, Plaintiff has no possibility of recovery against Pringle Ford because Plaintiff's claims are solely on the allegation that Mr. Mills worked for this non-diverse defendant. *See Frye v. Airco, Inc.*, 269 F. Supp. 2d 743, 748 (S.D. Miss. 2003) (holding that plaintiff's claims against a non-diverse defendant were barred by the exclusivity provision of the Workers' Compensation Act; therefore, such defendant was fraudulently joined).

Plaintiff argues that her claims against Pringle Ford fall under an exception to the exclusivity provision because it "appears" that Pringle Ford did not secure compensation for Mr. Mills for his injuries. *See* Plaintiff's Motion to Remand and Memorandum in Support, at ¶ 27 (attached as Exhibit D).  However, records obtained from the Mississippi Workers' Compensation Commission reveal that *Mr. Mills has never submitted a workers' compensation claim to Pringle Ford*; therefore, it is impossible for Plaintiff to argue that Pringle Ford failed to

6

provide such compensation. *See* Affidavit of JoAnn McDonald, Secretary, Mississippi Workers' Compensation Commission (attached as Exhibit E).

Additionally, Plaintiff argues that there is no evidence that workers' compensation law would apply to this case or that Pringle Ford carried workers' compensation insurance during the 1940's and 1950's, the period of Mr. Mills' alleged employment. However, no evidence is needed because Mr. Mills' injuries presumably accrued after August 31, 2001, three years prior to the filing of this lawsuit, or such claims would be barred under the applicable statute of limitations. *See* Miss. Code Ann. § 15-1-49 (providing that in actions involving latent injuries, a cause of action accrues when the plaintiff discovers, or should have discovered, the injury). Because the injuries presumably accrued during this time period, Plaintiffs cannot legitimately dispute that workers' compensation law applies or that Pringle Ford maintains the appropriate workers' compensation insurance as required by Mississippi law. *See* Miss. Code Ann. 71-3-1, *et seq.*

Simply put, the exclusivity provision of the Mississippi Workers' Compensation Act applies to Plaintiff's claims against Pringle Ford. Therefore, Plaintiff has no reasonable possibility of recovery against Pringle Ford, and its citizenship must be disregarded for purposes of determining whether complete diversity exists among the parties in this action. Thus, complete diversity exists among the parties, making federal diversity jurisdiction proper in this case.

Moreover, Plaintiff's contention that the instant removal is procedurally defective because all Defendants have not joined in the removal is incorrect. First, the joinder of the fraudulently joined defendant, Pringle Ford, is not required. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (holding that the joinder of improperly joined parties is not required).

JM LZC 288003 v1
0-0 01/26/2005

Moreover, all Defendants that were not served the date the Notice of Removal was filed are not required to join. *Spillers v. Tillman*, 959 F. Supp. 364, 369 n.2 (S.D. Miss. 1997) (recognizing that when a defendant has not been served with process at the time of removal, the joinder of that defendant is not required). The only Defendants that were served on November 1, 2004, the date this case was removed, were Chrysler, Ford Motor Company, General Motors Company, Dana Corporation, International Truck and Engine Corporation, and 3M Company. All of these defendants filed timely joinders to the Notice of Removal. *See* Exhibit F. As such, no procedural defect exists in the instant removal.

**CONCLUSION:**

Based on the foregoing, Plaintiff's motion to vacate should be summarily denied, and the Panel should enter a final order transferring this case to the MDL court.

WHEREFORE, PREMESIS CONSIDERED, DaimlerChrysler Corporation respectfully requests that the Judicial Panel on Multidistrict Litigation deny Plaintiff's Motion to Vacate Conditional Transfer Order and transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted, this the 26th day of January, 2005.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ

Lawrence M. Coco, III (MSB# 100378)

On behalf of DaimlerChrysler Corporation

Of Counsel:

Walker Jones III, Esq.
Barry W. Ford, Esq.
T. Gerry Bufkin, Esq.
Lawrence M. Coco, III, Esq.
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
P.O. Box 14167
Jackson, Mississippi 39236
(601) 351-2400

Counsel for DaimlerChrysler Corporation

JM LZC 288003 v1
0-0  01/26/2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 2 8 2005

**CERTIFICATE OF SERVICE**

FILED
CLERK'S OFFICE

I hereby certify that I have mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to the following:

Tim C. Holleman
D. Jeffrey White
Boyce Holleman & Associates
Post Office Drawer 1030
Gulfport, Mississippi 39502

Russell L. Cook, Jr.
1401 McKinney, Suite 1800
Houston, TX 77010

J. T. Noblin, Clerk
U.S. District Court
Southern District, Southern Division
243 East Capital Street
Jackson, MS 39201

All Other Known Counsel of Record.

This the 26th day of January, 2005.

LAWRENCE M. COCO, III

JM LZC 288003 v1
0-0 01/26/2005

**PANEL SERVICE LIST (Excerpted from CTO-240)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Betty Mills, etc. v. Borg-Warner Corp., et al.*, S.D. Mississippi, C.A. No. 1:04-810  (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Russell L. Cook, Jr.
Russell L. Cook, Jr. & Associates
1401 McKinney
Suite 1800
Houston, TX 77010

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Timothy C. Holleman
Boyce Holleman
1913 15th Street
P.O. Drawer 1030
Gulfport, MS 39502

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestos Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

RECEIVED CLERK'S OFFICE
2005 JAN 28 P 4:08
PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN 28 2005                AUG - 9 2002

FILED                          FILED
CLERK'S OFFICE          CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

*Flinn James, et al. v. International Paper Co., et al.*, S.D. Mississippi, C.A. No. 1:01-556
*Ronald L. Huber, et al. v. J. Robert Davis, Jr., et al.*, W.D. Pennsylvania, C.A. No. 2:02-304

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in two actions pending, respectively, in the Southern District of Mississippi and the Western District of Pennsylvania. Movants seek to vacate the Panel's orders conditionally transferring their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the

---

*Judge Sear took no part in the decision of this matter.

[1] Plaintiffs in the Southern District of Mississippi action have argued that transfer should be denied or deferred in order to permit the action to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the
(continued...)


ORIGINAL   COPY IMAGED  AUG 1 2 '02

- 2 -

uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Plaintiffs in the Western District of Pennsylvania action (*Huber*) seek to exclude *Huber* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries. They urge that *Huber* instead deals exclusively with violations of common law, statutory law and the professional duties owed by defendant lawyers to plaintiff clients whom the lawyers previously represented in state court asbestos personal injury litigation. We are not confident that plaintiffs' claims regarding the caliber of their legal representation can be redressed without an examination of the merits of their underlying personal injury claims, matters which place *Huber* within the purview of MDL-875. Transfer is therefore necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket with respect to such matters as the structuring of settlements, settlement funding, and settlement administration. Finally, we note that the named plaintiffs are already parties to previously transferred MDL-875 actions that remain pending in the transferee district. Thus any inconveniences associated with Section 1407 transfer should be minimal.

We note that under Judge Weiner's stewardship, as of July 24, 2002, i) over 73,000 actions have been closed in the transferee district, and ii) over 1,190 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to

---

(...continued)
conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2002

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al., D. Delaware, C.A. No. 1:01-234*
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al., D. Delaware, C.A. No. 1:01-318*
*James C. Turner, et al. v. Anchor Packing Co., et al., E.D. Louisiana, C.A. No. 2:01-2767*
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army, W.D. Louisiana, C.A. No. 2:01-914*
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al., E.D. Missouri, C.A. No. 4:01-1299*
*Cam L. Atkins, et al. v. A.P. Green Services., Inc., et al., S.D. West Virginia, C.A. No. 2:01-781*

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

---

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.



IMAGED FEB 20 '02

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that procedures are available whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1]Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: '1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 1 8 2001

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Weldon R. Moake, et al. v. Reynolds Metals Co.,* S.D. Texas, C.A. No. 4:00-4226

## BEFORE WM. TERRELL HODGES, CHAIRMAN, LOUIS C. BECHTLE, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS AND D. LOWELL JENSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 192 F.R.D. 459, 468-69 (2000), by plaintiffs in the subject action pending in the Southern District of Texas (*Moake*) requesting that the Panel vacate the portion of its order conditionally transferring *Moake* to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and the hearing held, the Panel finds that *Moake* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the action is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI),* 771 F. Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition

---

[1] Plaintiffs in *Moake* have argued that transfer should be denied or deferred in order to permit the resolution of a pending motion to remand the action to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., *supra,* 192 F.R.D. at 461 expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is
(continued...)



- 2 -

of any specific federal district, the stage of pretrial proceedings,[2] the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket.

We are not persuaded to depart from this approach in dealing with the question of transfer of the action now before the Panel. We note that under Judge Weiner's stewardship, as of March 31, 2001, i) nearly 67,000 actions have been closed in the transferee district, and ii) over 1,100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders inclusion of *Moake* in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., *supra*, 192 F.R.D. at 470-72. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Weldon R. Moake, et al. v. Reynolds Metals Co.*, S.D. Texas, C.A. No. 4:00-4226, is hereby transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*Wm. Terrell Hodges*
Wm. Terrell Hodges
Chairman

----

(...continued)
pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

[2]Plaintiffs in *Moake* have argued that, by virtue of a summary judgment previously entered in favor of the sole defendant in the action, *Moake* falls outside the scope of Section 1407, which authorizes the Panel to transfer only for pretrial proceedings. We note that all parties to *Moake* agree that the Texas Supreme Court's ruling in another Texas asbestos personal injury case necessitates vacatur of the *Moake* court's order dismissing the action's sole defendant. There is also no dispute that additional pretrial proceedings will be forthcoming, including discovery and dispositive motions. In light of this agreed upon state of affairs in the action, it is clear that the *Moake* court's previously entered "final judgment" is merely a matter of form that should not prevent the action's transfer under Section 1407. Plaintiffs' argument that the case has been adjudicated on the merits is especially unpersuasive in light of plaintiffs' own motion, filed after the aforementioned Texas Supreme Court decision, requesting the *Moake* court to vacate its dismissal order.

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

NOV 2 9 2004

J.T. NOBLIN, CLERK
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BETTY MILLS, ET AL                                    PLAINTIFFS

VS.                                    CIVIL ACTION NO.  04-CV-810-GRO

BORG WARNER
CORPORATION, ET AL                                    DEFENDANTS

## PLAINTIFFS' MOTION TO REMAND
## & MEMORANDUM IN SUPPORT

Plaintiff **Betty Mills** files this Motion for Remand under 28 U.S.C. § 1447(c) and in support thereof would show the Court the following:

A.    **Summary of the Facts.**

1.    Roger Mills worked as an automobile mechanic for many years, starting in the 1940's. As a mechanic, he was exposed to asbestos at Pringle Ford as well as on other occasions while performing work on brakes, clutches and gaskets.  He was also probably exposed to asbestos when preparing and applying undercoating at Pringle that more likely than not contained asbestos.

2.    On August 19, 2002, at the age of 76, Mr. Mills died from cancer related to asbestos exposure.  Affidavits signed before his death show that he worked on vehicle repair and undercoating at the  Pringle Ford dealership in the 1940's and 1950's, in Biloxi Mississippi. [Exhibits 1 & 2].  The affidavits demonstrate that Mr.  Mills was exposed to asbestos products while working at Pringle Ford. [Id.]

3.    The defendants in this case are entities who Plaintiffs alleged in their complaint engaged in the manufacture, sale, resale, testing, design, marketing, advertising, supply, distribution,



processing, application, use, or installation of products containing asbestos. Defendant Pringle Ford manufactured, used, installed, processed, and applied products containing asbestos. Pringle Ford didn't just have its employees, such as Mr. Mills, install the products of others. It also made its own mixture of auto undercoating, which more likely than not contained asbestos, and which its employees installed. [See Exhibit 2].

4.      The named plaintiff is Betty Mills, individually as the surviving wife of Roger Mills, and as personal representative of his estate and on behalf of his heirs at law (hereinafter "the Mills family").


B.      **Procedural posture.**

5.      On August 31, 2004, the Mills family sued the defendants in state court, in the Circuit Court of Harrison County, Mississippi, First Judicial District.

6.      Defendants are Borg Warner Corporation (hereinafter Borg Warner), Ford Motor Company (hereinafter "Ford"), Bridgestone/Firestone Americas Holding, Inc., DaimlerChrysler Corporation, ('hereinafter Chrysler"), Dana Corporation (hereinafter "Dana"), Ford Motor Company, General Motors Corporation, Honeywell International, Inc., d/k/a Alliedsignal, Inc., International Truck and Engine Corporation; Kelsey-Hayes Company; McCord Corporation; Minnesota Mining and Manufacturing Company (3M) (hereinafter "3M"), Pneumo Abex Corporation, Standard Motor Product, Inc., and Pringle Ford, Inc.

7.      Defendant Chrysler removed the case to federal court, filing a generic shotgun 2-page notice. The alleged basis for removal was diversity of citizenship under 28 U.S. C.§ 1332. Chrysler claimed that the Mills family has no viable cause of action against the Mississippi defendant, Pringle Ford, and that it was fraudulently joined to defeat jurisdiction. Chrysler

alleged that "Pringle Ford is being sued solely based on its status as a seller in the stream of commerce." [Notice of Removal, p. 2].

8.      Not all defendants have answered, and not all have joined or consented to the removal.


C.      **Summary of the argument.**

9.      Chrysler removed the case to federal court with a cryptic 2-page notice. It alleged that the Mississippi defendant, Pringle Ford, is a mere seller in the stream of commerce, and has thus been fraudulently joined.

10.     In fact, Pringle Ford isn't just an innocent seller. It provided products for its employees' use which contained asbestos. It applied and had its employees mix an undercoating product which more likely than not contained asbestos. Although the dangers of asbestos were known for many years, it did not provide its employees any warning, instructions or protections to be used to avoid the hazards associated with asbestos. As a result Mr. Mills contracted and died of an asbestos related cancer.

11.     Additionally, this Court may remand a case on the basis of any defect in a motion for remand made within 30 days after the filing of notice of removal under 28 U.S.C. § 1447(c). It should remand this case back to state court because not all defendants have joined in removal.

12.     Plaintiffs respectfully request this case be remanded to state court.


D.      **Argument & Authorities.**

        1.      **Defendant Pringle Ford is a proper defendant, and potentially liable to the Mills family.**


13.     As discussed, this case was filed in state court in Mississippi. Jurisdiction is not proper in

this Court because Federal diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants in a case.  28 U.S.C. § 1332(a).  Pringle Ford, the dealership who used to employ Mr. Mills, and who made its own mixture of what is probably asbestos-containing undercoating for use by its employees, is in Biloxi, Mississippi, and is a Mississippi corporate resident.  Complete diversity is absent.

14.    Chrysler removed with a vague 2-page motion.  Chrysler claimed that Pringle Ford, the Mississippi defendant, was fraudulently joined to defeat federal jurisdiction. [Notice of Removal, p. 1].  Chrysler seems to have one reason for its claim.   It says, without argument, authority, or factual support, that "Plaintiff has utterly failed to state a claim against Pringle Ford; therefore, such claims are not viable under Rule 12(b)(6)." [Notice of Removal, p. 2].

15.    The only reason for removal that can be gleaned from the notice is that Chrysler believes the "plaintiffs claims against Pringle Ford are precluded by Miss. Code. Ann § 11-1-64 because Pringle Ford is being sued solely based on its status as a seller in the stream of commerce." [Notice of Removal, p. 2].

16.    Chrysler hasn't met its burden of proof.  Pringle Ford was not sued as a defendant solely because it is an " innocent" seller in the stream of commerce.  Rather, it was independently negligent and mixed and used an undercoating product that probably contained asbestos.

### 2.    Chrysler hasn't met its burden to prove fraudulent joinder.

17.    The removing party, Chrysler, *not* the plaintiff, bears the burden of proving fraudulent joinder. *Laughlin v. Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989).  Where this burden isn't met, the case must be remanded to state court. *See, e.g., McKee v. Kansas City Southern R.R. Co.*, 358 F.3d 329 (5th Cir. 2004).

18.    To establish that an in-state defendant has been fraudulently joined, the removing party

must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981). *See also Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003). The removing party's burden on fraudulent joinder is a heavy one. *B., Inc.,* 663 F.2d at 549.

19.    In evaluating a claim of fraudulent joinder, the trial court may go beyond the pleadings and consider summary judgment-type evidence. But it must also take into account all unchallenged factual allegations, including those alleged in the petition, in the light most favorable to the plaintiff. *Travis,* 326 F.3d at 648-49. Any contested issues of fact, and any ambiguities of state law, must be resolved in the plaintiff's favor. *Id.* at 649. The court must also take into account the status of discovery, and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant. *Id.; McKee v. Kansas City Southern R.R. Co.,* 358 F.3d 329, 334 (5th Cir. 2004).

20.    The trial court may not "pretry" or " conduct a mini-trial" of the plaintiff's claims; rather it must determine if there is a *possibility* the plaintiff has set out a valid cause of action against the non-diverse defendant. *McKee,* 358 F.3d 334. *See also Smallwood v. Illinois Cent. R.R. Co.,* 352 F.3d 220, 223 n.8 (5th Cir. 2003).[1] Where the removing defendants do not meet their burden to prove the non-diverse defendant was fraudulently joined, remand is necessary. Id.

21.    In *Smallwood,* the Fifth Circuit reinforced "the bedrock principle that a defendant is not entitled to a federal forum unless there is complete diversity of citizenship, something that a

---

[1] *Smallwood* is currently on rehearing en banc, 355 F.3d 359, and oral argument held May 25, 2004. Its disposition will not affect this case as the rehearing focuses on cases where defendants argue that there is no viable case against *any* defendant in the case. It is cited here for its language that reiterates the Fifth Circuit's position on the burden to prove fraudulent joinder. In the instant case brought by the Mills family, Chrysler argues that the case against the diverse defendant is meritless. In any event, district courts have a duty to apply the law as it presently exists, and "may not deal in possibilities of change." *Davila v. American Home Prods. Corp.,* 2004 WL 556249 (W.D. Tex. 2004).

defendant crying fraudulent joinder must prove in order to justify disregarding the absence of complete diversity." 352 F.3d at 223 .

22.     As mentioned, Chrysler is the only defendant which filed a notice of removal.   Its enigmatic 2-page notice confuses more than it gives reasons or evidence for removal.   The defendants' burden isn't met; this Court should remand.

3.     **Pringle Ford is a viable defendant, and not a mere "innocent seller in the stream of commerce."**

23.     Chrysler alleges that the Mills family's claims "against Pringle Ford are precluded by MISS. CODE ANN. § 11-1-64 allegedly protecting innocent retailers from suit.   In this case the statute does not require dismissal of Pringle Ford, either in state or federal court. This is because facts and circumstances exist which demonstrate a verdict might be reached against Pringle Ford, other than its status as a seller in the stream of commerce.   Mr. Mills used products such as car undercoating, brakes, clutches and gaskets which contained asbestos or more likely than not contained asbestos.   The deposition of Ford corporate representative Lawrence M. Roslinski taken on January 29, 2004 in Mills v. American Optical (Jimmie Mills was the Plaintiff, no relationship to the Plaintiffs in this case).   He established that the brakes and clutches on Ford vehicles in the 1940's and 1950's contained asbestos.   (See Exhibit 8 attached hereto.) Further the deposition of corporate representative William H. Krebs indicates that undercoating applied by GM contained asbestos.   The deposition of Ford Industrial Hygenist Henry Lick indicates that Ford undercoating (deadener) also contained asbestos. (See Exhibit 9 attached hereto).   This is evidence that more likely than not the undercoating with which Mr. Mills was working contained asbestos.

24.     The dangers of asbestos were well known before the 1940's and 1950's, when Mr. Mills

worked for Pringle Ford.   The documents attached as exhibits 3, 4, 5, and 6 show that the

knowledge that asbestos may be dangerous to human health was being reported to Parliament in

the 1800s (Exhibit 3), was reported in the Journal of the American Medical Association in 1930

(Exhibit 4) was reported to involve brake and clutch linings also in 1930 (Exhibit 5) and was

well known enough to be reported in the Encyclopedia Britannica in 1940 (Exhibit. 6).   Plaintiffs

can supply other state of the art documents if desired by the Court indicating the hazards of

asbestos prior to 1940.   Despite the widespread availability to Pringle of information that the

products it was using, manufacturing, preparing and selling contained dangerous asbestos, it

failed to provide any warning to the users or applicators of its products.   Mr. Mills was one of

those users and applicators.   The failure to provide such warnings was negligent and a proximate

cause of Mr. Mills' cancer.

25.     The Mills family properly joined the dealership, Pringle Ford, because it is a serious and

viable defendant; not a mere innocent retailer or seller in the stream of commerce.   The evidence

will show that Pringle may have been a retailer or seller for the products of some other

defendants at some points in time, but they also used the products.   At other times Pringle

created or manufactured products by *making its own mixture* of automobile undercoating and

applying it.   Roger Mills, the decedent, testified to this by affidavit before his death.   [Exhibits 1

& 2].

26.     Further, while case law (see *Haley v. Hammert Automobiles, Inc.* F.Supp.2d, 2004 WL

2369926 (S.D. Miss. Sept. 29, 2004) and *Henderson v. Ford Motor Company*, F.Supp.2d, 2004

WL 2290896 (N.D.Miss. Oct. 4, 2004)   indicates that MISS. CODE ANN. § 11-1-64 will not

preclude removal under circumstances where the non-diverse Defendant is an innocent retailer,

the statute on its face seems to indicate an innocent retailer may be sued.   The *Haley and*

*Henderson* decisions are quite recent and their holdings may be distinguished or explained in the future. To the extent Mr. Mills bought products for his personal use from Pringle Ford, Plaintiffs believe that a potential case against Pringle Ford exists as a retailer. Since it is not necessary to establish this case for remand and in light of the holdings of the cases cited above, Plaintiffs do not make this argument at this time.

### 4.   **The Mills family may maintain an action against Pringle Ford.**

27.    Although Chrysler's notice doesn't mention the Mississippi workers' compensation exclusionary rule, Plaintiff addresses it since Mr. Mills was an employee of Pringle Ford. Miss. Code Ann. §71-3-9 makes liability of an employer to pay compensation exclusive and in place of all other liability of an employer to an employee. However, if an employer fails to "secure payment of compensation" an injured employee may maintain an action at law for damages. (Miss. Code Ann. §71-3-9). The burden is on Chrysler to prove the exclusionary rule would preclude the Mills family from recovery. The exclusionary rule would not appear to apply because there is no evidence that Pringle Ford "secured" compensation for the family as a basis for exclusion. There is no evidence that the workers compensation law would apply to these facts so that the exclusionary role would apply. Finally, there is no evidence that Pringle Ford carried worker's compensation insurance in the 1940's and 1950's.

### 5.   **Remand is proper because not all defendants have joined removal.**

28.    Generally, a defendant has thirty (30) days to seek removal from the date he receives, "through service or otherwise," the first pleading that makes the case removable. 28 U.S.C. § 1446(b). The right to remove belongs to all defendants, so they must all consent within thirty (30) days from the date the first defendant is served. *Doe v. Kerwood,* 969 F.2d 165, 167 (5th Cir. 1992); *Getty Oil v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1262 (5th Cir. 1988).   In the

absence of agreement of all defendants, removal is defeated and the Court must remand.   *See*

*Brierly v.  Aluisse Flexible Packaging, Inc.,* 184 F.3d 527, 533 n.3 (6th Cir.  1999); *Balazik v.*

*County of Dauphin,* 44 F/3d 209, 213 (3d Cir.  1995); *Roe v.  O'Donohue,* 38 F.3d 298, 301 (7th

Cir.  1994).  Not all Defendants have joined in the removal and, therefore, the case should be

remanded to State Court.


E.      **Conclusion.**

        For these reasons, plaintiff respectfully asks the Court to grant the motion to remand,

remanding this suit to state court where it was originally filed.

        Respectfully submitted on this 29th day of November, 2004.

                              BETTY MILLS, INDIVIDUALLY,

                              AND AS PERSONAL REPRESENTATIVE OF
                              THE ESTATE OF ROGER MILLS, DECEASED,
                              AND ON BEHALF OF ALL HEIRS AT LAW OF
                              ROGER MILLS, DECEASED PLAINTIFF

                              BY AND THROUGH HER
                              ATTORNEY OF RECORD

                              BOYCE HOLLEMAN & ASSOCIATES

                              BY: _____
                                      TIM C. HOLLEMAN

TIM C. HOLLEMAN (MS. BAR #2526)
JEFFREY WHITE (MS. BAR #9914
BOYCE HOLLEMAN & ASSOCIATES
POST OFFICE DRAWER 1030
GULFPORT, MISSISSIPPI 39502
(228) 863-3142 OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on all

counsel of record by facsimile on this the 29th day of November, 2004.

TIM C. HOLLEMAN

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BETTY MILLS, ET AL                                          PLAINTIFFS

VS.                                           CIVIL ACTION NO.  04-CV-810-GRO

BORG WARNER
CORPORATION, ET AL                                          DEFENDANTS

### DECLARATION OF TIM C. HOLLEMAN

STATE OF MISSISSIPPI      §
                          §
COUNTY OF *Harrison*      §

Tim C. Holleman declared as follows:

1.     "My name is Tim C. Holleman.  I am in all respects competent to make this affidavit.  All facts stated herein are within my personal knowledge and are true and correct to the best of my knowledge.  I obtained the knowledge through my work as counsel for Plaintiff Betty Mills Lee in the above-styled case.

2.     "Attached as Exhibit 1 is a true and correct copy of an affidavit signed by Roger Mills dated August 16, 2002 regarding his work at Pringle Ford.

3.     "Attached as Exhibit 2 is a true and correct copy of an affidavit signed by Roger Mills dated August 16, 2002 regarding applying undercoating while working at Pringle Ford.

4.     "Attached as Exhibit 3 is a true and correct copy of the Annual Report of the Chief Inspector of Factories and Workshops for the year 1898, Part II, Reports.

5.     "Attached as Exhibit 4 is a true and correct copy of the Journal of the American Medical Association by Dr. Morris Fishbein, dated July – December, 1930.

6.     "Attached as Exhibit 5 is a true and correct copy of a Report on the Effects of Asbestos Dust on the Lungs and Dust Suppression in the Asbestos Industry-Parts I and II, by Dr. E.R.A. Merewether, and C.W. Price, dated 1930.

7.     "Attached as Exhibit 6 is a true and correct copy of an article from Encyclopedia Britannica, Volume 12, article entitled "Industrial Welfare and Medicine" dated 1940.

8.      "Attached as Exhibit 7 is a true and correct copy of excerpts from the deposition of William H. Krebs dated December 11, 2003 and taken in Cause No. DC-02-259, *Jimmie Mills v. American optical Corporation et al,* In the 229th Judicial District Court of Duval County, Texas. The specific pages provided are:  4, 5, 13, 14 and 15.

9.      "Attached as Exhibit 8 is a true and correct copy of excerpts from the deposition of Lawrence Roslinski dated January 29, 2004 and taken in Cause No. DC-02-259, *Jimmie Mills v. American optical Corporation et al,* In the 229th Judicial District Court of Duval County, Texas. The specific pages provided are:  7, 8, 15, 16, 18 and 19.

10.     "Attached as Exhibit 9 is a true and correct copy of excerpts from the deposition of Henry Lick dated October 13, 2000 and taken in Cause No. 2000-38752, *Larry J. Bogan v. Able Supply Co. et al,* In the Judicial District Court of Harris County, Texas. The specific pages provided are:  8, 9 and 41.

"I declare that the foregoing is true and correct to the best of my knowledge.

TIM C. HOLLEMAN

EXECUTED ON November 29, 2004.

# MISSISSIPPI WORKERS' COMPENSATION COMMISSION
# JACKSON, MISSISSIPPI

## CERTIFICATE

I, Jo Ann McDonald, Secretary   of the Mississippi Workers' Compensation Commission, the same being an administrative agency of the State of Mississippi and having by law a seal, do hereby certify that as Secretary of said Commission I am the keeper of its seal and the custodian of the official records and minutes of the Mississippi Workers' Compensation Commission.

I hereby certify that after a review of Commission records, we find no record of a claim being reported to the Mississippi Workers' Compensation Commission for Roger W. Mills, SSN: 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.

WITNESS MY SIGNATURE AND THE OFFICIAL SEAL of this Commission on this the ___14th___ day of __December   2004__.



JoAnn McDonald, Secretary
Mississippi Workers' Compensation Commission



JOINDERS IN

*BETTY MILLS, ET AL. V. BORG WARNER CORPORATION, ET AL.*

CIVIL ACTION NO. 1:04CV810GRO

NOTICE OF REMOVAL

| Defendant | Counsel | Joinder Status |
|---|---|---|
| Bridgestone/Firestone | Butler Snow | Not Yet Served |
| Borg Warner | Aultman Tyner | Not Yet Served |
| DaimlerChrysler | BDBCB | REMOVING PARTY |
| Dana Corporation | FPWK | Joinder Attached |
| Ford Motor Company | BDBCB | Joinder Attached |
| GM | BDBCB | Joinder Attached |
| Honeywell International | Currie Johnson | Not Yet Served |
| International Truck | Butler Snow | Joinder Attached |
| Kelsey-Hayes | Wells Moore | Not Yet Served |
| McCord Corporation | Page Mannino | Not Yet Served |
| 3M | BDBCB | Joinder Attached |
| Pneumo Abex | FPWK | Not Yet Served |
| Standard Motor Products, Inc. | FPWK | Not Yet Served |
| Pringle Ford, Inc. | Unknown | Fraudulently Joined Defendant |



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

BETTY MILLS, INDIVIDUALLY AND AS              **PLAINTIFFS**
PERSONAL REPRESENTATIVE OF THE
ESTATE OF ROGER MILLS, DECEASED,
AND ON BEHALF OF ALL HEIRS AT
LAW OF ROGER MILLS, DECEASED

**VERSUS**                     **CIVIL ACTION NO. 1:04CV810GRO**

BORG WARNER CORPORATION, ET AL.         **DEFENDANTS**

## JOINDER IN NOTICE OF REMOVAL

COMES NOW Defendant Dana Corporation pursuant to Fed. R. Civ. P. 10 (c), and

adopts by reference and joins in that certain notice of removal filed and joins in the removal of

*Betty Mills, et al. v. Borg Warner Corporation, et al*, designated as Civil Action No. A-2401-

2004-278, from the Circuit Court of Harrison County, Mississippi, to this Court and consents to

this removal thereby waiving any and all objections thereto.

Dated this the \_\_12\_\_ day of November, 2004.

Respectfully submitted,

MARCY B. CROFT (MB #10864)

ON BEHALF OF DANA CORPORATION

OF COUNSEL:

FORMAN PERRY WATKINS KRUTZ & TARDY, LLP
One Jackson Place, Suite 200
188 East Capitol Street
Post Office Box 22608
Jackson, MS 39225-2608

## CERTIFICATE OF SERVICE

I, the undersigned attorney, on behalf of the defendants do hereby certify that I have served

by United States mail, postage prepaid, a true and correct copy of the above and foregoing document,

to Plaintiffs' counsel of record and have provided written notice of such service to all other known

counsel of record.

This, the 12 day of November, 2004.


_____
MARCY B. CROFT

2

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

BETTY MILLS, et al                                                                            **PLAINTIFFS**

VS.                                                        **CIVIL ACTION NO.: 04-CV-810GRO**

BORG WARNER CORPORATION, ET AL.                                      **DEFENDANTS**

---

## JOINDER IN REMOVAL

---

COME NOW, Ford Motor Company and General Motors Corporation by and through counsel of record and joins in and adopts the Notice of Removal filed by DaimlerChrysler Corporation on November 1, 2004.

Respectfully submitted, this the _15th_ day of November, 2004.

BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

Mark C. Carroll (MSB#8665)

On behalf of Ford Motor Company and
General Motors Corporation

Of Counsel:

Mark C. Carroll
J. Kyle Fulcher
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, P.C.
4268 I-55 North
Meadowbrook Office Park
Jackson, Mississippi 39211
Telephone: (601) 351-2400
Facsimile: (601) 351-2424

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed by United States mail, postage prepaid, a true and correct copy of the foregoing document to the following:

Tim C. Holleman, Esq.
D. Jeffrey White, Esq.
BOYCE HOLLEMAN & ASSOCIATES
Post Office Drawer 1030
Gulfport, MS  39502

and to all known counsel of record.

This the 15th day of November, 2004.

Mark C. Carroll

JM LDT 278640 v1
2139217-000091  11/15/2004

## MILLS
### Service List

**Attorneys for Plaintiffs**
Timothy C. Holleman, Esq.
D. Jeffrey White, Esq.
BOYCE HOLLEMAN & ASSOCIATES
Post Office Drawer 1030
Gulfport, MS 39502


**Attorneys for DaimlerChrysler Corporation**
T. Gerry Bufkin, Esq.
Lawrence M. Coco, III, Esq.
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
Post Office Box 14167
Jackson, MS 39236


**Attorney for International Truck and Engine Corporation**
James H. Bolin, Esq.
BUTLER, SNOW, O'MARA, STEVENS & CANNADA
Post Office Box 22567
Jackson, MS 39225-2567

# UNITED STATED DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

BETTY MILLS INDIVITDUALLY                            **PLAINTIFFS**
AND AS PERSONAL REPRESENTATIVE OF
THE ESTATE OF ROGER MILLS, DECEASED
AND ON BEHALF OF ALL HEIRS AT LAW OF
ROGER MILLS, DECEASED

VS.                                                  **CAUSE NO. 1:04cv810GRO**

BORG WARNER CORPORATION, ET AL.                      **DEFENDANTS**

<u>**JOINDER IN NOTICE OF REMOVAL**</u>



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

**NOV 1 2 2004**

J.T. NOBLIN, CLERK
BY_____DEPUTY

TO:   All Counsel of Record

      Gayle Parker
      Circuit Clerk
      P.O. Box 998
      Gulfport, MS 39502

Please take notice that Defendant International Truck and Engine Corporation, by and

through the undersigned counsel, hereby join in, adopt and consent to the Notice of Removal

filed by certain defendants on or about October 29, 2004, removing this action from the Circuit

Court of Harrison County, Mississippi, First Judicial District to the United States District Court

for the *Southern* District of Mississippi.

Defendant's joinder in adoption of and consent to the Notice of Removal shall not be

construed as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative

matter in this action, including, but not limited to the defenses of: (1) lack of jurisdiction over the

person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process;

(5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory

arbitrability of some or all of the putative claims; (8) failure to join an indispensable party(ies);

(9) waiver; (10) statute of limitations, or (11) any other pertinent defense available under Miss.

Or Fed. R. Civ. P. 12, any state or federal statute or otherwise.

This the _10th_ day of November, 2004.

Respectfully submitted,

INTERNATIONAL TRUCK AND ENGINE
CORPORATION

By: _____
JAMES H. BOLIN (MSB #10407)
ITS ATTORNEY

OF COUNSEL:

W. SCOTT WELCH, III (MB #7093)
Butler, Snow, O'Mara, Stevens & Cannada, PLLC
17th Floor, AmSouth Plaza
Post Office Box 22567
Jackson, MS  39225-2567
(601) 948-5711

- 2 -

## <u>CERTIFICATE OF SERVICE</u>

I, James H. Bolin, attorney for Defendant, do hereby certify that I have this day served a

true and correct copy of the above and foregoing instrument to the following:

> Tim C. Holleman, Esq.
> Boyce Holleman & Associates
> Post Office Drawer 1030
> Gulfport, MS 39502
>
> ATTORNEYS FOR PLAINTIFFS
>
> All Known Defense Counsel are notified of this filing by a
> copy of the transmittal letter to the Court

This, the ___16th___ day of November, 2004.

JAMES H. BOLIN

JACKSON 977736v1



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BETTY MILLS, ET AL.                                    **PLAINTIFFS**

VS.                                          CIVIL ACTION NO. 1:04CV810GRO

BORG-WARNER CORPORATION, ET AL.                        **DEFENDANTS**

## JOINDER IN NOTICE OF REMOVAL

COMES NOW, 3M Company f/k/a Minnesota Mining and Manufacturing Company ("3M"), through counsel of record, and joins in and adopts the Notice of Removal filed by Defendant, DaimlerChrysler Corporation.

This the 12ᵗʰ day of November, 2004.

Respectfully Submitted,

3M COMPANY F/K/A
MINNESOTA MINING AND
MANUFACTURING COMPANY

BY ONE OF ITS ATTORNEYS:

Scott W. Bates
SCOTT W. BATES

JM C-B 276867 v1
2139363-000002 11/09/2004

OF COUNSEL:
Barry W. Ford (MSB No. 5403)
Walker W. Jones, III (MSB No. 3303)
Scott W. Bates (MSB No. 9715)
Barry C. Campbell (MSB No. 99535)
BAKER, DONELSON, BEARMAN & CALDWELL
4268 I-55 North
Meadowbrook Office Park
Post Office Box 14167 (39236)
Jackson, Mississippi 39211
Phone: (601) 351-2400
Fax: (601) 351-2424


## CERTIFICATE OF SERVICE

I, Scott W. Bates, hereby certify that I have this day caused a true and correct copy of the

above and foregoing document to be delivered by United States Mail, postage prepaid, to all

known counsel of record.

DATED: November _____, 2004


_____
SCOTT W. BATES

2

# SERVICE LIST

**Plaintiffs Counsel:**

Tim C. Holleman, Esq
D. Jeffrey White, Esq.
Boyce Holleman & Associates
Post Office Drawer 1030
Gulfport, MS 39502

**Defendants Counsel:**

Lawrence Coco, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211

James H. Bolin, Esq.
Butler, Snow, O'Mara, Stevens & Cannada
AmSouth Plaza
17th Floor
210 East Capitol St.
Jackson, MS 39201