ORIGINAL

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 2 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS ) | MDL Docket No. 875 |
| ) | |
| LIABILITY LITIGATION (NO. VI) ) | |
| ) | |
| ) | |

*Dennis Knutson, et al. v. Allis-Chalmers Corp., et al.*
*Case Number CV-N-04-0625-LRH (RJJ)*
*United State District Court, District of Nevada, Reno, Nevada*

### INGERSOLL-RAND COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Defendant INGERSOLL-RAND COMPANY submits its memorandum of points and authorities in response to Plaintiff's "Motion to Vacate The Conditional Transfer Order," dated January 13, 2005, as follows:

#### RELEVANT PROCEDURAL HISTORY

Plaintiffs SANDIE KNUTSON and DENNIS KNUTSON filed their Complaint for Personal Injury - Asbestos - in the Eighth Judicial

OFFICIAL FILE COPY

IMAGED FEB-2 05

District Court, Clark County, Nevada, Case No. 03-A-476973-C, on November 25, 2003.

On March 9, 2004, the Eighth Judicial District Court, Clark County, Nevada, entered an Order changing venue to the Seventh Judicial District Court, State of Nevada, in and for the County of Eureka, Case No. CV-0403-039.

On or about September 12, 2004, Defendants BATTLE MOUNTAIN GOLD COMPANY, CARLIN GOLD COMPANY and NEWMONT GOLD COMPANY (hereinafter referred to as "BATTLE MOUNTAIN"), served and filed their Motion for Summary Judgment.

On October 15, 2004, the Seventh Judicial District of the State of Nevada, in and for the County of Eureka, filed its Order granting BATTLE MOUNTAIN's Motion for Summary Judgment. On November 1, 2004, Defendant HONEYWELL removed this matter to the U.S. District Court for the District of Nevada. On November 2, 2004, Defendant INGERSOLL-RAND joined in the Removal.

Also on November 2, 2004, VIACOM, INC. filed the First Notice of Tag-A-Long Action, notifying the Court and the Judicial Panel on Multidistrict litigation that this case was a potential "tag-a-long action," subject to transfer to the Multidistrict Litigation pending in the United States District Court, Eastern District of Pennsylvania.

On December 1, 2004, Plaintiff served by mail and facsimile a Motion for Remand and Application for Order Expediting the Hearing on the Motion for Remand. On December 21, 2004, the

Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order, conditionally transferring this case to the District Court for the Eastern District of Pennsylvania (CTO-240). On December 29, 2004, Plaintiff served his Notice of Opposition to Transfer to Multidistrict Litigation. On January 13, 2005, Plaintiff served his Motion to Vacate the Conditional Transfer Order.

INGERSOLL-RAND hereby presents its Response to Plaintiff's Motion to Vacate the Conditional Transfer Order pursuant to USCS Multi-Dist. Lit. Rules 5.2, 5.12, 7.1, 7.2 and 7.4.

ARGUMENT

<u>THIS CASE MEETS ALL OF THE CRITERIA FOR TRANSFER TO MDL PURSUANT TO 28 USC § 1407.</u>

Plaintiff appears to misunderstand the issue when challenging a Conditional Transfer Order. Plaintiff's only argument in favor of vacating the Transfer Order is that this case should be remanded to State Court. However, the sole issue for the Panel's consideration is the merit of the transfer viewed against the purposes of the multidistrict statutory scheme, not whether there is a pending jurisdictional objection. <u>See</u>, *In Re: Ivy, et. al., v. Diamond Shamrock Chemicals Company, et. al.*, 901 F.2d 7, 9 (1990, 2nd Cir.)

Thus, the only issue for this panel's consideration is whether this case meets three criteria:

> First, [the case] must involve one or more common questions of fact; second, they must be pending in more than one district, and third, pretrial consolidation must promote the 'just and efficient conduct' of such action and be for 'the convenience of parties and witnesses.' It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained. The types of cases in which massive filings of multidistrict litigation are reasonably certain to occur include ... product liability actions ....

*Id.*

This Panel has previously held that it is appropriate to transfer actions involving allegations of personal injury or wrongful death caused by asbestos or asbestos-containing products to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring before Judge Charles R. Weiner. *See*, *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991).

Apparently well aware that as a product liability asbestos case Plaintiff has no rational opposition to the Conditional Transfer Order, Plaintiff jumps to the next issue: Remand. Plaintiff brings this argument to the wrong tribunal. "Section

1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *In Re: Ivy*, 901 F.2d at 9.

> Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served.

*Id*.

In short, Plaintiff has not raised any genuine issue concerning the appropriateness of transferring this case to Judge Wiener under 28 USC § 1407. This is a personal injury product liability asbestos case. Plaintiff does not dispute that it meets the criteria for transfer to MDL. Plaintiff's Motion to Vacate the Conditional Transfer Order should be denied.

Plaintiff appears to argue that the Panel should refrain from transferring the case since the United States District Court for the District of Nevada retains jurisdiction to rule on Plaintiff's Motion to Remand. As noted above, a pending motion to remand is not a reason to deny the transfer of a case to the MDL. *In RE: Ivy*, 901 F.2d at 9.

The Panel addressed the exact same issue in deciding *In re Asbestos Products Liability Litigation (No. VI)*, 170 F. Supp. 2d 1348 (J.P.M.L. 2001). There, the Panel said:

> There is no need to delay transfer in order to accommodate such an interest. [P]anel rule 1.5,

5

R.P.J.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

*Id.* at 1349.

Thus, the Panel should deny Plaintiff's request to vacate the Conditional Transfer Order allowing the transfer to the M.D.L. without any further interruption or delay.

For all of the foregoing reasons, Defendant INGERSOLL-RAND COMPANY respectfully requests that the Panel deny Plaintiff's Motion to Vacate the Conditional Transfer Order.

Dated: January 28, 2005.

WAIT LAW FIRM

By: _____
Eric D. Leitner
Nevada Bar #007789
Attorneys for Defendant
INGERSOLL-RAND COMPANY

CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of WAIT LAW FIRM, and that on January 28, 2005, I deposited for mailing at Reno, Nevada, a true copy of the attached document addressed to:

Kurt A. Franke, Esq.
Law Offices of Kurt A. Franke
Attorney at Law
575 Mill Street
Reno, NV 89502

C. Andrew Waters, Esq.
Michael L. Armitage, Esq.
B. Scott Kruka, Esq.
Saar Swartzon, Esq.
Waters & Kraus, LLP
Attorneys at Law
200 Oceangate, Suite 520
Long Beach, CA  90802

Charles S. Siegel
Waters & Kraus, LLP
3219 McKinney Avenue
Dallas, Texas 75204

Troy E. Peyton, Esq.
Rumph & Peyton
Attorneys at Law
2300 West Sahara Avenue
Suite 1130, Box 7
Las Vegas, NV  89102

Mary Price Birk, Esq.
Ronald L. Hellbusch, Esq.
Baker & Hostetler, LLP
Attorneys at Law
303 E. 17th Avenue, #1100
Denver, CO 80203

Von S. Heinz, Esq.
Lewis and Roca, LLP
Attorneys at Law
3993 Howard Hughes Parkway
Suite 600
Las Vegas, NV  89109

| | |
|---|---|
| 1 | David S. Barron, Esq. |
| 2 | Barron, Vivone, Holland & Pruitt, Chtd. |
| 3 | Attorneys at Law |
| | 1404 South Jones Boulevard |
| 4 | Las Vegas, NV 89146 |
| 5 | Tomas V. Mazeika, Esq. |
| | Scott L. Stonehacker, Esq. |
| 6 | Fredrickson, Mazeika & Grant, LLP |
| | Attorneys at Law |
| 7 | 333 S. Sixth Street |
| | Suite 230 |
| 8 | Las Vegas, NV 89101 |
| 9 | Andy J. Goetz, Esq. |
| | Prindle, Decker & Amaro, LLP |
| 10 | Attorneys at Law |
| | 310 Golden Shore |
| 11 | 4th Floor |
| | Long Beach, CA 90801 |
| 12 | |
| 13 | Michael R. Pontoni, Esq. |
| | Michael R. Pontoni, Ltd. |
| 14 | Attorneys at Law |
| | 64 N. Pecos Road |
| 15 | Suite 100 |
| | Henderson, NV 89014 |
| 16 | |
| 17 | George D. Yaron, Esq. |
| | William J. Geddes, Esq. |
| 18 | Yaron & Associates |
| | Attorneys at Law |
| 19 | 3097 East Warm Springs Road |
| | Suite 200 |
| 20 | Las Vegas, NV 89120 |
| 21 | Jack G. Angaran, Esq. |
| | Ryan J. Mandell, Esq. |
| 22 | Georgeson, Thompson |
| | & Angaran, Chtd. |
| 23 | Attorneys at Law |
| | 100 West Grove Street |
| 24 | Suite 500 |
| | Reno, NV 89509 |
| 25 | |
| 26 | Janice J. Brown, Esq. |
| | Barker, Brown, Busby, |
| 27 | Chrisman & Thomas, P.C. |
| | Attorneys at Law |
| 28 | 900 South Fourth Street |
| | Las Vegas, NV 89101 |

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

| | |
|---|---|
| 1 | Michael M. Edwards, Jr., Esq. |
| 2 | Sheri M. Schwartz, Esq.<br>Lewis Brisbois Bisgaard & Smith |
| 3 | Attorneys at Law<br>City Centre Place |
| 4 | 400 South Fourth Street<br>Suite 500 |
| 5 | Las Vegas, NV   89101 |
| 6 | Peter B. Langbord, Esq. |
| 7 | Foley & Mansfield, PLLP<br>Attorneys at Law |
| 8 | 595 E. Colorado Boulevard<br>Suite 418 |
| 9 | Pasadena, CA   91101 |
| 10 | Anne Hattery Wellborn, Esq.<br>Bullivant Houser Bailey PC |
| 11 | Attorneys at Law<br>3980 Howard Hughes Parkway |
| 12 | Suite 550<br>Las Vegas, NV   89109 |
| 13 | |
| 14 | Kelly A. Evans, Esq.<br>Jay J. Schuttert, Esq. |
| 15 | Snell & Wilmer LLP<br>Attorneys at Law |
| 16 | 3800 Howard Hughes Parkway<br>Suite 1000 |
| 17 | Las Vegas, NV   89109 |
| 18 | Marsha H. Tarte, Esq.<br>Pico, Escobar & Rosenberger |
| 19 | Attorneys at Law<br>2000 South Eastern Avenue |
| 20 | Las Vegas, NV   89104 |
| 21 | Jack C. Cherry, Esq.<br>Alverson, Taylor, Mortenson, |
| 22 | Nelson & Sanders<br>Attorneys at Law |
| 23 | 7401 West Charleston Boulevard<br>Las Vegas, NV   89117 |
| 24 | |
| 25 | James M. Barker, Esq.<br>Gifford, Vernon & Barker |
| 26 | Attorneys at Law<br>3110 South Rainbow Boulevard |
| 27 | Suite 105<br>Las Vegas, NV   89146 |
| 28 | |

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

```
 1  William E. Cooper, Jr., Esq.
    William E. Cooper Law Offices
 2  Attorneys at Law
    601 E. Bridger Avenue
 3  Las Vegas, NV  89101

 4
    David F. Brown, Esq.
 5  Woodbury, Morris & Brown
    Attorneys at Law
 6  701 N. Green Valley Parkway
    Suite 125
 7  Henderson, NV  89074

 8  Thomas C. Anderson, Esq.
    Burbidge & White
 9  Attorneys at Law
    50 South Main, #1400
10  Salt Lake City, UT  84144

11
    James G. Christensen, Esq.
12  Gordon & Rees, LLP
    Attorneys at Law
13  3753 Howard Hughes Parkway
    Suite 200
14  Las Vegas, NV  89109

15  Charles W. Spann, Esq.
    Perry & Spann
16  Attorneys at Law
    6130 Plumas Street
17  Reno, NV  89509

18
    William H. Pruitt, Esq.
19  Barron, Vivone, Holland
     & Pruitt
20  Attorneys at Law
    1404 South Jones Boulevard
21  Las Vegas, NV  89146

22  Steven E. Guinn, Esq.
    Angela M. Bader, Esq.
23  Laxalt & Nomura, Ltd.
    Attorneys at Law
24  50 W. Liberty Street
    Suite 700
25  Reno, NV  89501

26

27

28
```

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

```
 1  Thomas F. Kummer, Esq.
    Gavin C. Jangard, Esq.
 2  Kummer Kaempfer Bonner
     & Renshaw
 3  Attorneys at Law
    Seventh Floor
 4  3800 Howard Hughes Parkway
    Las Vegas, Nevada  89109
 5
 6  Julie Torres, Esq.
    Shamoon Budhwani, Esq.
 7  Jackson & Wallace LLP
    Attorneys at Law
 8  55 Francisco Street, 6th Floor
    San Francisco, CA 94133
 9
10  Clark V. Vellis, Esq.
    Jones Vargas
11  100 West Liberty Street, 12th Floor
    P.O. Box 281
12  Reno, Nevada 89504-0281

13  Robert B. Katz, Esq.
    Albert L. Thuesen
14  Jackson & Wallace
    656 Peachy Canyon Circle
15  Suite 201
    Las Vegas, Nevada 89134
16
    Julie P. Shelton
17  Patrick J. Lamb
    Butler, Rubin, Saltarelli & Boyd LLP
18  70 West Madison Street
    Suite 1800
19  Chicago, Illinois 60602
```

