

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 2 2005

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

9   | IN RE ASBESTOS PRODUCTS              )        MDL Docket No. 875

10  | LIABILITY LITIGATION (NO. VI)        )
                                         )
11  | _____ )

12

13  *Dennis Knutson, et al. v. Allis-Chalmers Corp., et al.*
    *Case Number CV-N-04-0625-LRH (RJJ)*
    *United State District Court, District of Nevada, Reno, Nevada*

14

15  ### HONEYWELL'S OPPOSITION TO PLAINTIFF'S SO-CALLED "BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER"

16

17          Defendant HONEYWELL INTERNATIONAL, INC. (hereinafter referred to as

18  "Honeywell"), by and through its counsel, Georgeson, Thompson & Angaran, Chtd., herewith

    submits its opposition to plaintiff DENNIS KNUTSON's "Brief to Vacate the Conditional

19  Transfer Order."[1]

20                          ### INTRODUCTION

21          Contrary to Rule 7.4(d) of the Rules of Procedure of the Judicial Panel on Multidistrict

22  Litigation, and contrary to the Panel's December 30, 2004, Order, plaintiff has __not__ filed a Motion

23

24          [1]Plaintiff's "Brief" is conspicuously undated.   Despite plaintiff's accompanying
    Certificate of Service (which certifies that on January 13, 2005, this "Brief" has been served by
25  facsimile on all counsel of record), plaintiff has never served this "Brief" on Honeywell, by
    facsimile or otherwise.  Honeywell did not become aware of the existence of this "Brief" until
26  January 18, 2005, when Honeywell's counsel received a copy of plaintiff's counsel's self-serving
    January 14, 2005, letter, addressed to the Panel, supposedly "confirming [counsel's] request that
27  Plaintiff's Brief to Vacate the Conditional Transfer Order be treated as a Motion and Brief to
    Vacate the Conditional Transfer Order" and that "the Motion and Brief will be considered timely
28  filed."

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

## OFFICIAL FILE COPY

IMAGED FEB -2 2005

-1-

1   to Vacate the Panel's Conditional Transfer Order (CTO-240); instead, plaintiff has filed his Brief

2   arguing Remand to State Court.

3       A review of plaintiff's Brief demonstrates that it simply presents, again, the same Motion

4   to Remand which plaintiff filed before the Federal District Court in Reno, Nevada on or about

5   December 1, 2004.   Plaintiff has presented no case authority or reasoning to support its

6   objection to the *Conditional Transfer Order* in his Brief. Thus, the MDL Court should forthwith

7   transfer this matter to the MDL Court without condition, as if no objection had ever been filed.

8   Further, MDL Court should submit plaintiff's Brief to Judge Weiner for decision of plaintiff's

9   *Motion for Remand.*   Defendant Honeywell has attached, as exhibits to this *Opposition*, the

10  *Opposition* and *Reply Briefs* of Honeywell and plaintiff respectively for Judge Weiner's

11  consideration.

12                          **POINTS AND AUTHORITIES**

13                                  **I**

14  **THE PANEL SHOULD DISREGARD PLAINTIFF'S "BRIEF TO VACATE THE**

15  **CONDITIONAL TRANSFER ORDER" FOR FAILURE TO COMPLY WITH RULES**

16  **7.1(a) AND 7.4(d), AND WITH THE PANEL'S DECEMBER 30, 2004, ORDER.**

17      Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation

18  provides in relevant portion:

19          "(a) Averments in any motion seeking action by the Panel shall be made
            in numbered paragraphs, each of which shall be limited, as far as practicable, to
20          a statement of a single factual averment.

21          "(b) Responses to averments in motions shall be made in numbered
            paragraphs, each of which shall correspond to the number of the paragraph of the
22          motion to which the responsive paragraph is directed.   Each responsive
            paragraph shall admit or deny wholly or in part the averment of the motion, and
23          shall contain the respondent's version of the subject matter when the averment
            or the motion is not wholly admitted."

24

25      Plaintiff has blatantly failed to comply with the provisions of above-quoted Rule 7.1(a).

26  Plaintiff has not filed a <u>motion</u> to vacate the Panel's Conditional Transfer Order (CTO-240);

27  rather, plaintiff has filed (but not served on Honeywell) his "Brief to Vacate the Conditional

28  Transfer Order," in support of his non-existent motion to vacate.   Since plaintiff has not

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

1   complied with the requirements of Rule 7.1(a̲), Honeywell, in turn, cannot comply with the

2   requirements of above-quoted Rule 7.1(b̲).

3       Furthermore, contrary to Rule 7.4(d), and contrary to the Panel's December 30, 2004,

4   Order, plaintiff has not̲ filed a Motion to Vacate̲ the Panel's Conditional Transfer Order (CTO-

5   240); instead, plaintiff has filed a Motion for Remand̲.

6       Therefore, pursuant to the provisions of Rule 1.3,[2] the Panel should peremptorily deny

7   plaintiff's "Brief" for failure to comply with the explicit provisions of Rules 7.1(a) and 7.4(d),

8   as well as the December 30, 2004, Order of the Panel to file a "Motion̲ and Brief to Vacate̲ the

9   Conditional Transfer Order."  (Emphasis added.)

10   <center>**II**</center>

11   **PLAINTIFF'S PENDING MOTION FOR REMAND TO STATE COURT CAN**

12   **BE PRESENTED TO AND DECIDED BY THE TRANSFEREE JUDGE.**

13       The Panel has jurisdiction to transfer a case in which a jurisdictional objection is

14   pending, that objection to be resolved by the transferee court.[3]

15       In *In re Ivy, supra*, the United States Court of Appeals for the Second Circuit explained

16   the rationale in the context of Agent Orange litigation:

17         "Agent Orange cases are particularly well-suited for multidistrict
     transfer, even where their presence in federal court is subject to a pending

18

19       [2]Rule 1.3 provides:

20

21       "The Clerk of the Panel may, when a paper submitted for filing is not in
     compliance with the provisions of these Rules, advise counsel of the deficiencies
     and a date for full compliance.  If full compliance is not accomplished within the
     established time, the non-complying paper shall nonetheless be filed by the
     Clerk of the Panel but it may be stricken by order of the Chairman of the Panel̲."
     (Emphasis added.)

22

23

24

25       [3]*See, In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990)("We hold, therefore, that the MDL Panel
     has jurisdiction to transfer a case in which a jurisdictional objection is pending,..."; *Danner v.*

26   *Himmelfarb*, 858 F.2d 515, (9th Cir. 1988)("'On change of venue the overwhelming authority
     holds that the jurisdiction and powers of the transferee court are coextensive with that of the

27   transferor court; that the transferee court may make any order to render any judgment that might
     have been rendered by the transferor court in the absence of transfer.'"), *quoting, In re Plumbing*

28   *Fixture Cases*, 298 F.Supp. 484, 495 (J.P.M.D.L. 1968), *cert. denied sub nom. Davis v.*
     *Himmelfarb*, 490 U.S. 1067, 109 S.Ct. 2067, 104 L.Ed.2d 632 (1989).

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

1    jurisdictional objection. The jurisdictional issue in question is easily capable of
     arising in hundreds or even thousands of cases in district courts throughout the
2    nation. That issue, however, involves common questions of law and fact, some
     or all of which relate to the Agent Orange class action and settlement,...and there
3    are real economies in transferring such cases to Judge Weinstein, who has been
     handling the Agent Orange litigation for several years,... Once transferred, the
4    jurisdictional objections can be heard and resolved by a single court and
     reviewed at the appellate level in due course. Consistency as well as economy
5    is thus served. <u>We hold, therefore, that the MDL Panel has jurisdiction to
     transfer a case in which a jurisdictional objection is pending</u>,..." 901 F.2d at 9
6    (emphasis added; citations omitted).

7        In the present case, the motion pending is merely one for remand to state court. Routine

8    motions for remand to state court have not caused the Panel to delay transfer of cases, much less

9    to vacate one of its Conditional Transfer Orders. This Panel has consistently refused to delay

10   its decision to transfer an action until a plaintiff's motion for remand to state court has been

11   decided by the transferor district court.[4]

12   _____

13   [4]*See, In re Pharmaceutical Industry Average Wholesale Price Litigation*, 237 F.Supp.2d
     1377, 1378 (J.P.M.D.L. 2002)("We note that the pending motion to remand *State of Minnesota*
14   to state court can be presented to and decided by the transferee judge."); *In re Wireless
     Telephone Replacement Protection Programs Litigation*, 180 F.Supp.2d 1381, 1382 (J.P.M.D.L.
15   2002)("We note that pending motions to remand actions to their respective state courts and/or
     to dismiss can be presented to and decided by the transferee judge."); *In re Crown Life Ins.
16   Premium Litigation*, 178 F.Supp.2d 1365, 1366 (J.P.M.D.L. 2001)("We note that any
     anticipated motion to remand this action to Alabama state court can be presented to and decided
17   by the transferee judge."); *In re Waste Management, Inc., Securities Litigation*, 177 F.Supp.2d
     1373, 1374 (J.P.M.D.L. 2001)("Plaintiffs in the District of Delaware action base their objection
18   to transfer on their pending motion to remand to state court. We point out, however, that the
     remand motion can be presented to and decided by the transferee court."); *In re Prudential Ins.
19   Co. of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347 (J.P.M.D.L. 2001)("The
     plaintiff premises part of his opposition to transfer on the pendency in his action of a motion to
20   remand to state court. He urges the Panel not to order transfer before the motion is resolved by
     the transferor court. We note, first, that remand motions can be presented to and decided by the
21   transferee judge. Furthermore, there is no need to delay transfer in order to accommodate any
     interest of the transferor court in resolving a pending remand motion."); *In re Cooper Tire &
22   Rubber Co. Tires Products Liability Litigation*, 2001 WL 253115, at 1 (J.P.M.D.L. 2001
     ("Plaintiffs' objection to Section 1407 transfer based upon the pendency of or anticipated filing
23   of motions to remand in each action is unpersuasive. We note that jurisdictional and remand
     motions can be presented to and decided by the transferee judge."); *In re New Mexico Natural
24   Gas Antitrust Litigation*, 482 F.Supp. 333, 336 (J.P.M.D.L. 1979)("We see no reason to delay
     transfer in this litigation because of the pendency of a motion to dismiss in the Texas action or
25   because of the pendency of other motions in actions in the transferee district. All the motions
     can be presented to and decided by the transferee judge after transfer."); *In re Cement and
26   Concrete Antitrust Litigation*, 465 F.Supp. 1299, 1301 (J.P.M.D.L. 1979)("We see no reason
     to defer decision on the question of transfer because of the pendency of certain motions for
27   dismissal in these actions. These motions can be presented to and decided by the transferee
     court following transfer."); *In re Commonwealth Oil/Tesoro Petroleum Securities Litigation*,
28   458 F.Supp. 225, 230 (1978)("The pendency in Bouchard of certain motions to dismiss is not
     a persuasive reason to delay transfer in this litigation. These motions can be presented to and

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

1    Plaintiff has cited no cases whatsoever supporting the proposition that the Panel should

2    vacate its Conditional Transfer Order (CTO-240).   In fact, plaintiff's "Brief to Vacate the

3    Conditional Transfer Order" cites (*Id.*, unnumbered page two, second full paragraph) only two

4    cases even remotely addressing this issue, to wit:   (1) *Faulk v. Owens-Corning Fiberglass*

5    *Corp.*, 48 F.Supp.2d 653, 659 (E.D.Tex. 1999)("If this court lacks subject matter jurisdiction

6    then it *must* remand this case to the state court from whence it came...."); and (2) *Bartley v.*

7    *Borden, Inc.*, 1996 WL 68482, at 1 (E.D.La. 1996)(citing Rule 18 of the Rules of Procedure of

8    the Judicial Panel on Multidistrict Litigation, and concluding that the transferor court "has

9    jurisdiction of these actions to consider the motions to remand during the fifteen day period"

10   specified in the conditional transfer order).

11       Since plaintiff has cited no cases and no reasoning whatsoever supporting the

12   proposition that the Panel should vacate its Conditional Transfer Order (CTO-240), the Panel

13   should peremptorily deny plaintiff's non-existent motion to vacate the Panel's Conditional

14   Transfer Order (CTO-240).

15

16   ───────────────────────

17   decided by the transferee judge following transfer."); *In re Franklin National Bank Securities Litigation*, 393 F.Supp. 1093, 1095 (1975)(J.P.M.D.L. 1975)("We see no reason for delaying

18   transfer of Kanner because it certainly shares a commonality with the other actions in this litigation and the transferee judge can easily resolve the remand issue."); *In re Professional Hockey Antitrust Litigation*, 369 F.Supp. 1117, 1118 (J.P.M.D.L. 1974)("Inasmuch as the

19   transferee judge has the power to rule on the question of remand, we perceive no reason to delay transfer."); *In re Air Crash Disaster at Florida Everglades on Dec. 29, 1972*, 368 F.Supp. 812,

20   813 (J.P.M.D.L. 1973)("Plaintiffs in each action have filed motions seeking remand of their respective actions to New York state court. They urge the Panel to postpone any decision on

21   the question of transfer until those motions have been determined.   We see no reason for delaying our decision. Because these actions involve questions of fact identical to those raised

22   in the actions previously transferred by the Panel, transfer is necessary in order to eliminate the possibility of duplicative discovery and conflicting pretrial rulings. Furthermore, the transferee

23   judge certainly has the power to determine the question of remand."); *In re Air Crash Disaster at Juneau, Alaska, on September 4, 1971*, 360 F.Supp. 1406, 1407 (J.P.M.D.L. 1973)("[J]udge

24   Hall has been designated to sit as a judge in the District of Alaska...and has been assigned the *Southerland* action for all purposes. Thus, he already has plaintiffs' motions for remand before

25   him.  Inasmuch as those motions are pretrial motions, Judge Hall also has the power to rule on them in his capacity as transferee judge. "); *In re Antibiotic Drugs*, 299 F.Supp. 1403, 1407 n.

26   4 (J.P.M.D.L. 1969)("A motion to remand this case to the state court has been filed in the Southern District of Florida but disposition of it has been stayed pending Panel action. We can

27   perceive no reason why the transferee court will not be able to make a just and speedy determination of this pending motion once the case has been transferred to it.").

28

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

-5-

### III

**PLAINTIFF'S MOTION FOR REMAND IS DEVOID OF ANY MERIT**.

In lieu of citing any cases or reasoning supporting the proposition that the Panel should vacate its Conditional Transfer Order (CTO-240), plaintiff's Brief simply presents to the MDL Court his Motion for Remand, filed with the United States District Court for the District of Nevada, Reno, Nevada, (*Id.*, "Brief" unnumbered pages two through fourteen).

Plaintiff's Motion for Remand lacks merit, as is more fully set forth in Honeywell's Opposition to Plaintiff's Motion for Remand (Ex. A), filed December 20, 2004; in Plaintiffs' Reply Memorandum in Support of Their Motion for Remand (Ex. B), dated December 29, 2004; in Honeywell's Objection to Plaintiffs' Reply Memorandum in Support of Their Motion for Remand (Ex. C), filed January 7, 2005; in the Declaration of Defendant Page Brake Company, Inc., Regarding Consent to Removal (Ex. D), filed January 7, 2005; and in Honeywell's Supplement to Objection to Plaintiffs' Reply Memorandum in Support of Their Motion for Remand (Ex. E), filed January 13, 2005, true and correct copies of which are attached hereto as Exhibits "A," "B," "C," "D," and "E," respectively.

Notwithstanding the arguments contained in plaintiff's improper Motion for Remand, the federal court has subject matter jurisdiction, and this is so despite plaintiffs' attempt to fraudulently join the so-called "Newmont Defendants."[5]  There are no incurable procedural defects, and all properly served defendants have timely joined in the Notice of Removal.

Plaintiffs' Motion for Remand is as devoid of merit as were Plaintiffs' attempts to avoid federal jurisdiction by naming the "Newmont Defendants" when plaintiffs knew that the law of Nevada did not support any duty of the Newmont Defendants to Mr. and Mrs. Knutson, and plaintiffs had no facts whatsoever to argue that such a duty might exist under Nevada law.

This became clear for the first time on October 4, 2004, when Honeywell and other defendants received Plaintiffs' Opposition to Newmont's Summary Judgment Motion with

---

[5]The "Newmont Defendants" consist of defendants BATTLE MOUNTAIN GOLD COMPANY and NEWMONT USA, LIMITED (as successor-in-interest to CARLIN GOLD MINING COMPANY and NEWMONT GOLD COMPANY).

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

-6-

1   exhibits.  Newmont's proof showed that they were merely customers of plaintiff Sandra

2   Knutson's employer.  Under Nevada law, there was no duty nor were there any facts to support

3   a duty to Mrs. Knutson related to her alleged exposure to asbestos or her mesothelioma disease.

4   Plaintiffs ignored Nevada law supporting Newmont's position and, when faced with their burden

5   to oppose summary judgment, plaintiffs utterly failed to produce any facts whatsoever to make

6   even a colorable argument that a duty could exist under Nevada law.

7        A review of Plaintiffs' First Amended Complaint demonstrates that plaintiffs had alleged

8   against all defendants, including the Newmont Defendants, six causes of action, from products

9   liability through intentional failure to warn.  It was only when Honeywell and other defendants

10  received, on October 4, 2004, Plaintiffs' Opposition to Newmont's Motion for Summary

11  Judgment that it became obvious that the Newmont Defendants had been added to this litigation

12  solely to defeat diversity jurisdiction and prevent removal to federal court.

13       Both plaintiffs' original Complaint and their First Amended Complaint alleged all causes

14  of action, including products liability and failure to warn, against the Newmont Defendants.  In

15  Plaintiffs' Opposition to Newmont's Motion for Summary Judgment, defendants learned that

16  plaintiffs were abandoning all causes of action against the Newmont Defendants with the

17  exception of the negligence and failure to warn causes of action.  As to these last two, plaintiffs

18  did not produce any Nevada caselaw which would support a duty imposed upon the Newmont

19  Defendants for the alleged asbestos-related illness of Mrs. Knutson.  Plaintiffs' Opposition did

20  not attempt to argue the peculiar risk doctrine under established Nevada caselaw since it did not

21  support such a duty, and plaintiffs presented absolutely no facts to make a good faith argument

22  that it did.

23       Contrary to plaintiff's arguments, all properly served defendants did timely consent and

24  join the removal.

25       Defendant INGERSOLL-RAND COMPANY ("Ingersoll-Rand") received Plaintiffs'

26  Opposition to Newmont's Motion for Summary Judgment on October 4, 2004.  (See,

27  Honeywell's Opposition to Plaintiff's Motion for Remand, Ex. A, pp. 8-9). Although plaintiffs'

28  Certificate of Service states that Plaintiffs' Opposition was served on October 1, 2004, by

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

1  "Facsimile (FAX)" and by "Courier Overnight Delivery," plaintiffs apparently entrusted their

2  Opposition to a courier service. Since October 1, 2004, fell on a Friday, the courier service did

3  not deliver Plaintiffs' Opposition to defendants until Monday, October 4, 2004. Ingersoll-Rand

4  did not actually <u>receive</u> Plaintiffs' Opposition until October <u>4</u>, 2004. As a result, Ingersoll-Rand

5  had thirty (30) days from October 4, 2004, i.e., until November <u>3</u>, 2004, within which to file its

6  Joinder in the Notice of Removal. Ingersoll-Rand filed its Joinder in the Notice of Removal on

7  November 2, 2004, one (1) day <u>prior</u> to the November 3, 2004, deadline. (See,

8      Although defendant PAGE BRAKE COMPANY INCORPORATED ("Page Brake") is

9  a named party defendant, Page Brake is merely a nominal defendant, and is not a properly

10  served defendant. As such, Page Brake need not be joined in the November 1, 2004, Notice of

11  Removal. (*See*, Honeywell's Opposition to Plaintiff's Motion for Remand, Ex. A, pp. 7-8). In

12  any event, Page Brake timely consented in writing to the November 1, 2004, Notice of Removal,

13  when Mr. Anderson stated in his November 1, 2004, letter that "[w]e certainly support the

14  concept and propriety of the removal of this case to Federal Court." (*See*, Declaration of

15  Defendant Page Brake Company, Inc., Regarding Consent to Removal, Ex. D; November 1,

16  2004, letter from Thomas C. Anderson to Jack G. Angaran, Ex. 1 to Ex. D; Affidavit of Thomas

17  C. Anderson, Ex. 2 to Ex. D).

18                              **CONCLUSION**

19      Since the present case involves questions of fact which are common to the actions

20  previously transferred to the United States District Court for the Eastern District of Pennsylvania

21  and assigned to Judge Weiner, and since transfer will serve the convenience of the parties and

22  witnesses and promote the just and efficient conduct of the litigation, immediate transfer of this

23  action to the United States District Court for the Eastern District of Pennsylvania is mandated.

24      The Panel should disregard plaintiff's "Brief to Vacate the Conditional Transfer Order"

25  as an invalid objection to transfer and for failure to comply with the explicit provisions of Rule

26  7.1(a) and Rule 7.4(d), as well as the December 30, 2004, Order of the Panel. It should order

27  the Clerk of the Panel to transmit forthwith its Conditional Transfer Order (CTO-240) to the

28  Clerk of the United States District Court for the Eastern District of Pennsylvania. Plaintiff's

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

1   "Brief" arguing Remand should then be submitted to Judge Weiner for determination of the

2   remand issues since Judge Weiner will now have a complete set of the briefing by Honeywell

3   and plaintiff on this issue.

4        In the event that the Panel deems a hearing to be necessary, then Honeywell respectfully

5   requests that this matter be placed expeditiously on the Panel's next January 27, 2005, hearing

6   session.

7        Dated: January 24, 2005

8                           GEORGESON, THOMPSON & ANGARAN, CHTD.
                            100 West Grove Street, Suite 500
9                           Reno, Nevada   89509
                            Telephone: (775) 827-6440

10

11   By: _____

12       JACK G. ANGARAN, ESQ., SBN 711
         Attorneys for Defendant
13       HONEYWELL INTERNATIONAL, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Georgeson,
Thompson &
Angaran, Chartered
Attorneys At Law
Suite 500
100 West Grove Street
Reno, Nevada 89509
(775) 827-6440

-9-

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**CERTIFICATE OF SERVICE**

FEB - 2 2005

FILED
CLERK'S OFFICE

**MDL Docket No. 875**

I certify that I am an employee of Georgeson, Thompson & Angaran, Chtd., and that on

that on January 25, 2005, I deposited for mailing at Reno, Nevada, a true and correct copy of:

1. **HONEYWELL'S OPPOSITION TO PLAINTIFF'S SO-CALLED "BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER"**

2. **EXHIBITS TO HONEYWELL'S OPPOSITION TO PLAINTIFF'S SO-CALLED "BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER"**

3. **HONEYWELL INTERNATIONAL, INC.'S CORPORATE DISCLOSURE STATEMENT**

| | |
|---|---|
| Kurt A. Franke, Esq.<br>Law Offices of Kurt A. Franke<br>575 Mill Street<br>Reno, NV 89502<br>**Attorneys for Plaintiff** | C. Andrew Waters, Esq.<br>Michael L. Armitage, Esq.<br>Waters & Kraus, LLP<br>200 Oceangate, Suite 520<br>Long Beach, CA 90802<br>**Attorneys for Plaintiff** |
| George D. Yaron, Esq.<br>William J. Geddes<br>Yaron & Associates<br>3097 East Warm Springs Road, Suite 200<br>Las Vegas, NV 89120<br>**Attorneys for Battle Mountain Gold Co., Carlin Gold, Inc., and Newton Gold, Co.** | Kelly A. Evans, Esq.<br>Snell & Wilmer, LLP<br>3800 Howard Hughes Pkwy., Suite 1000<br>Las Vegas, NV 89109<br>**Attorneys for Ford Motor Co. and General Motors** |
| Jack C. Cherry, Esq.<br>Alverson, Taylor, Mortenson,<br>Nelson & Sanders<br>7401 West Charleston Boulevard<br>Las Vegas, NV 89117<br>**Attorneys for General Electric Company** | Troy Peyton, Esq.<br>Rumph & Peyton<br>2300 West Sahara Avenue, Suite 1130<br>Box 7<br>Las Vegas, NV 89102<br>**Attorneys for Northrop Grumman Systems Corporation & Kelsey- Hayes Co.** |
| James M. Barker, Esq.<br>Gifford, Vernon & Barker<br>3110 South Rainbow Blvd., Suite 105<br>Las Vegas, NV 89146<br>**Attorneys for Borg Warner Corp., nka Burns International Services Corporation** | William H. Pruitt, Esq.<br>1404 S. Jones Blvd.<br>Las Vegas, NV 89146<br>**Attorneys for Hafer's Auto Parts Distributors** |



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

RECEIVED
CLERK'S OFFICE
2005 FEB - 2   A 11: 51

1

2  William E. Cooper, Jr., Esq.                     Marsha H. Tarte, Esq.
   Cooper Law Offices                               Pico & Mitchell, LTD.
3  601 East Bridger Avenue                          2000 S. Eastern Ave.
   Las Vegas, NV 89101                              Las Vegas, NV 89104
4  **Attorneys for Parker Hannifin Corporation**    **Attorneys for Fairbanks Morse Pump
                                                    Corporation**
5
   Eric Leitner, Esq.                               Von S. Heinz, Esq.
6  Eugene J. Wait, Jr., Esq.                        Amelia De Los Santos, Esq.
   Wait Law Firm                                    Lewis and Roca, LLP
7  305 W. Moana Lane, 2nd Floor                3993 Howard Hughes Parkway, Suite 600
   P.O. Box 719                                     Las Vegas, NV 89109
8  Reno, NV 89504-0719                              **Attorneys for Viacom (successor to CBS
   **Attorneys for Ingersoll-Rand**                 Corporation f/k/a Westinghouse Electric
9                                                   Corporation**

10
   Anne H. Welborn, Esq.                            Michael R. Pontoni, Esq.
11 Bullivant Houser Bailey PC                       64 N. Pecos Rd., Suite 100
   3980 Howard Hughes Parkway, Suite 550            Henderson, NV 89074
12 Las Vegas, NV  89109                             **Attorney for Dresser Industries, Inc.**
   **Attorneys for Bondex International
13 And RMP, Inc.**

14
   Janice J. Brown , Esq.                           Tomas V. Mazeika, Esq.
15 Barker, Brown, Busby, Chrisman & Thomas, PC.     Fredrickson, Mazeika & Grant
   900 S. Fourth Street                             333 South Sixth Street, Suite 230
16 Las Vegas, NV 89101                              Las Vegas, NV 89101
   **Attorneys for Elliott Co.**                    **Attorneys for Hennessy Industries**
17
   David Barron, Esq.                               Peter B. Langbord, Esq.
18 Barron, Vivone & Pruitt, CHTD.                   Christina Calareso, Esq.
   1404 S. Jones Blvd.                              Foley & Mansfield
19 Las Vegas, NV 89146                              595 East Colorado Blvd., Ste 418
   **Attorneys for Gardner Denver, Inc.**           Pasadena, CA  91101
20                                                  **Attorneys for Kelly Moore Paint Co., Inc.**

21
   Michael M. Edwards, Esq.                         Steve E. Guinn, Esq.
22 Lewis Brisbois Bisgaard & Smith, LLP             Laxalt & Nomura, Ltd.
   City Centre Place                                50 W. Liberty Street, Suite 700
23 400 South Fourth St., Ste. 500                   Reno, NV  89501
   Las Vegas, NV 89101                              **Attorneys for Genuine Parts Company National
24 **Attorneys for Kelly Moore Paint Co., Inc.**    Automotive Parts Association (Inc.)**

25
   David F. Brown, Esq.                             Charles W. Spann, Esq.
26 Woodbury, Morris & Brown                         Perry & Spann, A Professional Corporation
   701 N. Green Valley Pkwy., Suite 125             6130 Plumas St.
27 Henderson, NV 89074                              Reno, NV  89509
   **Attorneys for Page Break Company**             **Attorneys for Penske Truck Leasing Corp.**
28



1

2  Julie Torres, Esq.
   Jackson & Wallace, LLP
3  55 Francisco Street, 6th Floor
   San Francisco, CA  94133
4  **Attorney for Viking Pumps, Inc.**

5  Mary Price Birk, Esq.
   Baker & Hostetler
6  303 E. 17th Ave., Suite 1100
   Denver, CO 80203-1264
7  **Attorneys for Kelsey Hayes Co. and Northrop**
   **Grumman Systems Corp.**
8

9  Thomas C. Anderson, Esq.
   Burbidge & White
10 1400 Key Bank Tower
    50 South Main Street
11 Salt Lake City, Utah  84144
   **Attorneys for Page Brake Company**
12

13 Ryan Herrick, Esq.
   Clark Vellis, Esq.
14 Jones Vargas
   100 West Liberty St., 12th Floor
15 P. O. Box 281
   Reno, NV  89504
16 Attorneys for **TH Agriculture & Nutrition, LLC**

James G. Christensen, Esq.
Gordon & Rees, LLP
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89109
**Attorneys for Sterling Fluid Systems USA Inc.**

Michael A. Hagemeyer, Esq.
2255-A Renaissance Dr.
Las Vegas, NV 89119
Attorneys for **Daimlerchrysler Corporation**
**And General Motors Corporation**

Thomas F. Kummer, Esq.
Gavin C. Jangard, Esq.
Kummer Kaempfer Bonner & Renshaw
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, NV 89109
**Attorneys for PCC Flow/Johnston Pump Co.**

Clerk of the Court
United States District Court
Bruce R. Thompson US Courthouse and Federal
Building
400 S. Virginia St.
Reno, NV 89501

17

18 _Sherie L. Morrill_
   Sherie L. Morrill

19

20

21

22

23

24

25

26

27

28



# INVOLVED COUNSEL LIST (CTO-240)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Chad E. Adams
Browning, Kaleczyc, Berry & Hoven
139 N. Last Chance Gulch
P.O. Box 1697
Helena, MT 59624

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202

Mark E. Anderson
Patterson, Dilthey, Clay, Bryson &
Anderson
4020 WestChase Boulevard, Suite 550
Raleigh, NC 27607

Jack Angaran
Georgeson, Thompson & Angaran
100 West Grove Street, Suite 500
Reno, NV 89509

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue, 20th Floor
New York, NY 10022

Robert M. Arentson, Jr.
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Keith L. Arnold
Whiteford, Taylor & Preston, LLP
7 Saint Paul Street, Suite 1300
Baltimore, MD 21202-1626

Patrick J. Attridge
King & Attridge
39 West Montgomery Avenue
Rockville, MD 20850

Angela Bader
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501

Gerald Barrett
Ward, Keenan & Barrett, P.C.
3838 N. Central Avenue, Suite 1720
Phoenix, AZ 85012

Scott W. Bates
Baker, Donelson, Bearman, Caldwell &
Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Brenda G. Baum
Burroughs, Hepler, Broom,
MacDonald, et al.
Mark Twain Plaza
103 West Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Patrick E. Beasley
Abbott, Simses & Kuchler
210 East Capitol St., Suite 1090
Jackson, MS 39201

Thomas P. Bernier
Segal, McCambridge, Singer &
Mahoney, Ltd.
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202-3316

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Kevin P. Bilms
Law Offices of Peter Nicholl
430 Crawford Street, Suite 202
Portsmouth, VA 23704

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, L.L.P.
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Roy B. Blackwell
Kaufman & Canoles PC
150 W. Main St.
Norfolk, VA 23510

James Lawrence Blair
Renaud, Cook, Drury, et al.
Phelps Dodge Tower
One North Central, Suite 900
Phoenix, AZ 85004

George Dean Bogris
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

James Scott Bolen
Laudig, George, Rutherford & Sipes
156 Market Street, #600
Indianapolis, IN 46204

James H. Bolin
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Jason D. Bone
Gieger, Laborde & Laperouse, LLC
One Shell Square, 48th Floor
701 Poydras Street
New Orleans, LA 70139-4800

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402

Fred E. Bourn, III
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

William J. Bradley, III
Malaby, Carlisle & Bradley
150 Broadway, Suite 1311
New York, NY 10038

Malcolm S. Brisker
Goodell, DeVries, Leech & Dann, LLP.
One South Street
Alex Brown Building, 20th Floor
Baltimore, MD 21202

Pamela T. Broache
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Joseph H. Carlisle
Malaby, Carlisle & Bradley LLC
150 Broadway, Suite 600
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211-1070

Jack C. Cherry
Alverson, Taylor, Mortensen, Nelson & Sanders
7401 West Charleston Blvd.
Las Vegas, NV 89117-1401

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Helen Chung
Leader & Berkon
630 Third Avenue
17th Floor
New York, NY 10017

L. N. Clinkscales
Abbott, Simses & Kuchler
210 East Capitol St., Suite 1090
Jackson, MS 39201

John Stewart Cobb
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

Lawrence M. Coco, III
Baker, Donelson, Bearman, Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Susan Coco
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Keith E. Coltrain
Elmore & Walls, PA
P.O. Box 10937
Raleigh, NC 27605

John F. Conley
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510-2212

William David Conner
Haynsworth Sinkler Boyd
75 Beattie Place, 11th Floor
P.O. Box 2048
Greenville, SC 29602

John W. Cooper
Cooper, Preston & Douglas, P.L.L.C.
333 Second Street
P.O. Box 365
Parsons, WV 26287

William Cooper
Cooper Law Offices
601 E. Bridger
Las Vegas, NV 89101

Larry J. Crown
Jennings, Haug & Cunningham
2800 N. Central Avenue, Suite 1800
Phoenix, AZ 85004

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Anna M. DiLonardo
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

George C. Doub, III
William H. Murphy, Jr. & Associates
12 West Madison Street
Baltimore, MD 21201

Thomas F. Dougall
Law Office of Thomas F. Dougall
1713 Woodcreek Farms Road
Elgin, SC 29045

John C. Duffey
Stuart & Branigin
The Life Building, Suite 800
300 Main Street
P.O. Box 1010
Lafayette, IN 47902

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W
Gulfport, MS 39502-0680

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Theodore M. Eder
Segal, McCambridge, Singer & Mahoney, Ltd.
805 3rd Avenue, 19th Floor
New York, NY 10022

W. M. Edwards
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James H. Elliott, Jr.
Barnwell, Whaley, Patterson & Helms
885 Island Park Drive
Charleston, SC 29492-0197

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman & Dicker
150 East 42nd Street
New York, NY 10017-5639

Kelly Evans
Snell & Wilmer
3800 Howard Hughes Parkway
10th Floor
Las Vegas, NV 89109

Stephen B. Evans
Deeba, Sauter, et al.
3415 Hampton Avenue
St. Louis, MO 63139

Annalie M. Faddis
Abbott & Prange, PC
U.S. Bancorp Tower
111 S.W. Fifth Avenue, Suite 2650
Portland, OR 97204

John J. Fanning
Cullen & Dykman Bleakley Platt LLP
177 Montague Street
Brooklyn, NY 11201

James L. Fletcher, Jr.
Duncan, Courington & Rydberg
322 Lafayette Street
New Orleans, LA 70130

Meagan A. Flynn
Preston, Bunnell & Stone, L.L.P.
1100 S.W. 6th Avenue, Suite 1405
Portland, OR 97204

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Kurt A. Franke
Law Offices of Kurt A. Franke
575 Mill Street
Reno, NV 89502

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Robert C. Galloway
Butler, Snow, O'Mara, Stevens &
Cannada
1300 25th Avenue, Suite 204
P.O. Drawer 4248
Gulfport, MS 39502-4248

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

Keith L. Gates
Abbott, Simses, Kuchler
210 East Capitol Street, Suite 1090
Jackson, MS 39201

William P. Gavin
Gavin Law Firm
17 Park Place Professional Centre
Belleville, IL 62226

Richard S. Glasser
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Stephen P. Goodwin
Goodwin & Goodwin
P.O. Box 2107
Charleston, WV 25328-2107

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
Hattiesburg, MS 39403-0750

Marc C. Greco
Glasser & Glasser, P.L.C.
Crown Center Building, Suite 600
580 East Main Street
Norfolk, VA 23510

Brian S. Green
Pietragallo, Bosick & Gordon
One Oxford Center, 38th Floor
Pittsburgh, PA 15219

Pascale Guerrier
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Michael A. Hagemeyer
2255-A Renaissance Drive
Las Vegas, NV 89119

Patrick J. Hanna
Rabalais, Hanna & Herbert
701 Robley Drive, Suite 210
Lafayette, LA 70503

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Yvette Harmon
Ross & Hardies
65 East 55th Street
New York, NY 10022

Sheila Ford Henderson
Foster & Sear
524 E Lamar Blvd., Suite 200
Arlington, TX 76011

David K. Hendrickson
Hendrickson & Long, PLLC
214 Capitol Street
P.O. Box 11070
Charleston, WV 25301

Cathi A. Hession
Flemming, Zulack & Williamson
One Liberty Plaza
71 Broadway
New York, NY 10006

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Timothy C. Holleman
Boyce Holleman
1913 15th Street
P.O. Drawer 1030
Gulfport, MS 39502

John P. Hooper
Edwards & Angell
750 Lexington Avenue
New York, NY 10022

Jonn S. Howarth
Wilbraham, Lawler & Buba
1818 Market Street, Suite 3100
Philadelphia, PA 19103

Brian J. Huelsmann
Burroughs & Hepler
103 W. Vandalia Street, Suite 300
P.O. Box 510
Edwardsville, IL 62025-0510

Jonathan K. Huth
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Mary G. Isban
Sanders & Parks, PC
3030 North 3rd Street, Suite 1300
Phoenix, AZ 85012

Erik Jacobs
Weitz & Luxenberg
180 Maiden Lane, 17th Floor
New York, NY 10038

D'Ana E. Johnson
Bonner, Kiernan, Trebach & Crociata
1250 I Street, NW, Suite 600
Washington, DC 20005

Harry S. Johnson
Church, Loker & Silver, P.A.
7 Saint Paul Street, Suite 1400
Baltimore, MD 21202

A. Timothy Jones
Hawkins & Parnell, LLP
The Woodrums Building
602 Virginia Street East, Suite 200
Charleston, WV 25301

Larry E. Jude
Jude & Jude, PLLC
6424 Highway 98 West, Suite 50
Hattiesburg, MS 39402

Michael Kacznarek
Cascino Vaughan Law Offices Ltd
220 South Ashland Avenue
Chicago, IL 60610-1117

Diane J. Kero
Gordon, Thomas, Honeywell, et al.
One Union Square, Suite 2100
600 University
Seattle, WA 98101

Steve Kevelson
One Cozine Avenue
Brooklyn, NY 11207

Martin S. King
Worden, Thane P.C.
111 N. Higgins, Suite 600
P.O. Box 4747
Missoula, MT 59806

Charles A. Kitchen
Maynard, Cooper & Gale, PC
1901 Sixth Avenue North
2400 Amsouth/harbert Plaza
Birmingham, AL 35203

Thomas E. Klinkel
Lewis & Roca, LLP
One South Church Avenue, Suite 700
Tucson, AZ 85701

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Edward P. Landry
Landry, Watkins & Bonin
P.O. Drawer 12040
New Iberia, LA 70562-2040

H. Seward Lawlor
Glasser & Glasser, P.L.C.
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Kathleen D. Leslie
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204

Tom L. Lewis
Lewis, Slovak & Kovacich
725 Third Avenue North
P.O. Box 2325
Great Falls, MT 59403

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Barry L. Loftus
Stuart & Branigin
The Life Building, Suite 800
300 Main Street
P.O. Box 1010
Lafayette, IN 47902

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Melodie M. Mabanta
Bonner, Kiernan, Trebach & Crociata
1250 I Street, NW, Suite 600
Washington, DC 20005

Neil J. MacDonald
Hartel Kane Desantis MacDonald &
Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Terry J. MacDonald
Garlington, Lohn & Robinson, PLLP
199 W. Pine
P.O. Box 7909
Missoula, MT 59807

Genevieve G. Marshall
Robinson, Woolson & O'Donnell
217 E. Redwood Street, Suite 1500
Baltimore, MD 21202

Donald W. Martin, Jr.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

Travis William Martin
Smith Moore LLP
Wachovia Tower
300 North Greene Street, Suite 1400
P.O. Box 21927
Greensboro, NC 27420

Donna L. Maul
Brydon, Hugo & Parker
135 Main Street, 20th Floor
San Francisco, CA 94105

Moffatt Grier McDonald
Haynsworth Sinkler Boyd
P.O. Box 2048
Greenville, SC 29602

R. Bruce McElhone
Law Offices of Peter G. Angelos
100 North Charles Street
One Charles Center, 22nd Floor
Baltimore, MD 21201

Shannon S. McFarland
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Lawrence McGivney
McGivney, Kluger & Gannon, P.C.
80 Broad Street, 23rd Floor
New York, NY 10004

William B. McKinley
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
200 Concourse, Ste. 200
P.O. Box 6020
Ridgeland, MS 39158-6020

Donald S. Meringer
Mccarter & English, LLP
300 E. Lombard Street, Suite 1000
Baltimore, MD 21202

Edward W. Mizell
Butler, Snow, O'Mara, Stevens & Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Willard J. Moody, Jr.
Moody, Strople, Kloeppel & Basilone, Inc.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

Michelle Noorani
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Robert L. Norton
Jones & Granger
10000 Memorial Drive, Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Richard P. O'Leary
McCarter & English, L.L.P.
300 Park Avenue, 18th Floor
New York, NY 10022

James J. Ostertag
Thelen, Reid & Priest, LLP
101 2nd Street, Suite 1800
San Francisco, CA 94105-3601

Vincent J. Palmiotto
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

George Plato Pappas
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Center
909 Fannin Street
Houston, TX 77010

E. Spencer Parris
Jones, Martin, Parris & Tessener
410 Glenwood Avenue, Suite 200
Raleigh, NC 27603

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Timothy Peck
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Ronald G. Peresich
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
759 Vieux Marche' Mall
Biloxi, MS 39533-0289

Troy Peyton
Rumph & Peyton
300 South 4th Street, Suite 800
Las Vegas, NV 89101

Troy Peyton
Rumph & Peyton
2300 W. Sahara Avenue
Las Vegas, NV 89102

Robert B. Pfennigs
Jardine, Stephenson, Blewett & Weaver
U.S. Bank Building, 7th Floor
300 Central Avenue
P.O. Box 2269
Great Falls, MT 59403

Diane M. Pompei
Sedgwick, Detert, Moran & Arnold
Three Gateway Center, 12th Floor
Newark, NJ 07102

Richard T. Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street, 13th Floor
Baltimore, MD 21201

Mary M. Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Tera L. Salango
Spilman, Thomas & Battle
Spilman Center
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273

M.H. Sauer, III
Baker & Hostetler, L.L.P.
3200 National City Center
1900 East Ninth Street
Cleveland, OH 44114

David Schafer
Malaby, Carlisle & Bradley
150 Broadway, Suite 600
New York, NY 10038

Richard W. Scheiner
Semmes, Bowen & Semmes
250 West Pratt Street, 16th Floor
Baltimore, MD 21202

Ira M. Schulman
Mazur, Carp & Rubin, P.C.
2 Park Avenue
New York, NY 10016

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Paul A. Scrudato
Schiff, Hardin & Waite
623 Fifth Avenue, Suite 2800
New York, NY 10022

Andrew J. Seff
Venable, Baetjer & Howard
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21204

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Allan L. Shackelford
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street, Suite 1400
Baltimore, MD 21202-1019

Christopher H. Sherwood
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130-3244

John Michael Silk
Wilson, Smith, Cochran & Dickerson
1215 4th Ave., Suite 1700
Seattle, WA 98161-1007

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

Michelle D. Siri
Segal, McCambridge, Singer & Mahoney
217 E. Redwood Street, 21st Floor
Baltimore, MD 21202-3316

Andrew J. Sloniewsky
Steptoe & Johnson, LLP
1330 Connecticut Avenue, N.W.
Washington, DC 20036

Albert Smith
Smith & West
200 North Fountain Avenue
Springfield, OH 45504

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue, Suite 200
Towson, MD 21204

Gail D. Spielberger
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1400
Baltimore, MD 21202-1626

Frances L. Spinelli
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Katherine M. Steele
Stafford, Frey & Cooper, PC
601 Union Street, Suite 3100
Seattle, WA 98101

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Robert J. Sullivan
Boone Karlberg
201 West Main, Suite 300
P.O. Box 9199
Missoula, MT 59802

Amanda D. Summerlin
Forman, Perry, Watkins, Krutz &
Tardy, LLC
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Cowles E. Symmes
Page, Mannino, Peresich & McDermott
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533-0289

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center, 12 th Floor
Newark, NJ 07102

Marsha Tarte
Pico & Mitchell
2000 S. Eastern Avenue
Las Vegas, NV 89104

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305

Gregory Rean Tingler
The Law Offices of David A. Sims
1200 Harrison Avenue, Suite 2000
P.O. Box 2659
Elkins, WV 26241

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

David L. Trewolla
Dogan & Wilkinson, PLLC
P.O. Box 23062
Jackson, MS 39225-3062

Carl E. Tuerk, Jr.
Cooper, Beckman & Tuerk
201 North Charles Street, Suite 2300
Baltimore, MD 21201

Thomas W. Tyner
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Michael B. Victorson
Jackson & Kelly
P.O. Box 553
Charleston, WV 25322-0553

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Harold M. Walter
Tydings & Rosenberg
100 East Pratt Street, Suite 2600
Baltimore, MD 21202

William L. Watt
Brunini, Grantham, Grower & Hewes
P.O. Drawer 210
Pascagoula, MS 39568

Alton L. Watts
Shell Buford, PLLC
P.O. Box 157
Jackson, MS 39205-0157

Michael N. Watts
Holcomb Dunbar
P.O. Box 707
Oxford, MS 38655

Charles E. Weaver
Wood, Ris & Hames
1775 Sherman Street, Suite 1600
Denver, CO 80202-4313

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Jane Mitchell Weston
Pond North LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111

Cheryl Lynn White
Cheryl L. White & Associates
1136 Ballena Boulevard, Suite D
Alameda, CA 94501

Emilie F. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533

Michael E. Whitehead
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

Edward J. Wilbraham
Wilbraham, Lawler & Buba
140 Broadway
New York, NY 10005

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Gordon P. Wilson
Lugenbuhl, Wheaton, et al.
601 Poydras Street, Suite 2775
New Orleans, LA 70130

Richard F. Yarborough, Jr.
Smith, Reeves & Yarborough, PLLC
6360 I-55 North, Suite 201
Jackson, MS 39211

Linda Yassky
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
24th Floor
New York, NY 10020

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB - 2 2005

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7 **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

8

9   IN RE ASBESTOS PRODUCTS                    **MDL Docket No. 875**

10   LIABILITY LITIGATION (NO. VI)

11

12

# EXHIBITS

13

14

# TO

15

16

# HONEYWELL'S OPPOSITION TO PLAINTIFF'S SO-CALLED "BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER"

17

18

19

20

21

22

23

24

25

26

27

28

2005 FEB - 2   A II: 56
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE



GEORGESON
THOMPSON
&ANGARAN
A T T O R N E Y S

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

1    JACK G. ANGARAN, ESQ., SBN: 711
2    LAURIE L. TROTTER, ESQ., SBN 8696
    GEORGESON, THOMPSON
    & ANGARAN, CHTD.
3    100 West Grove Street, Suite 500
    Reno, Nevada 89509
4    775.827.6440
    Attorneys for Defendant
5    **HONEYWELL INTERNATIONAL, INC.**
    *(sued individually and as successor in interest to*
6    ALLIEDSIGNAL, INC. *successor to*
    BENDIX CORPORATION)

7

8            IN THE UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF NEVADA

10    **SANDIE KNUTSON** and **DENNIS**
     **KNUTSON,**
11

12           Plaintiffs,             **Case No.: CV-N-04-0625-LRH (RJJ)**

13        vs.
                                            **HONEYWELL'S OPPOSITION TO**
14    **ALLIS-CHALMERS CORPORATION;**      **PLAINTIFF'S MOTION FOR**
    **BATTLE MOUNTAIN GOLD COMPANY;**   **REMAND**
    **BMW OF NORTH AMERICA, INC.**
15    (individually and as successor-in-interest to
    VOLKSWAGEN OF AMERICA, INC.,
16    successor-in-interest to VICKERS GROUP
    PLC, successor-in-interest to ROLLS-ROYCE
17    MOTOR CARS) (Doe No. 3);
    **BONDEX INTERNATIONAL, INC.;**
18    **BURNS INTERNATIONAL SERVICES**
    **CORP.**, f/k/a BORG-WARNER CORP.;
19    BORGWARNER INC.;
    **CHECKER CAB COMPANY, INC.;**
20    **DAIMLERCHRYSLER CORPORATION;**
    **DRESSER INDUSTRIES, INC.** (sued
21    individually and as successor-in-interest to
    WORTHINGTON CORPORATION and
22    WORTHINGTON PUMP INC.);
    **ELLIOTT TURBOMACHINERY CO., INC.;**
23    **FAIRBANKS MORSE PUMP**
    **CORPORATION;**
24    **FORD MOTOR COMPANY;**
    **GARDNER DENVER, INC.;**
25    **GENERAL ELECTRIC COMPANY;**
    **GENERAL MOTORS CORPORATION;**
26    **GENUINE PARTS COMPANY** (sued
    individually and as successor-in-interest to
27    NAPA HAWAII);
    **HAFER'S AUTO PARTS DISTRIBUTORS;**
28    **HALLIBURTON ENERGY SERVICES, INC.**
    (sued individually and as successor-in-interest to
    DRESSER INDUSTRIES, INC., successor-in-

FILED

ON DEC 20  AM 11: 33

LANCE S. WILSON
CLERK

BY_____
DEPUTY



1  interest to WORTHINGTON PUMP INC., and
   WORTHINGTON CORPORATION);
2  **HENNESSY INDUSTRIES, INC.;**
   **HONEYWELL INTERNATIONAL, INC.**
3  (sued individually, and as successor-in-interest to
   ALLIEDSIGNAL, INC., successor to BENDIX
4  CORPORATION);
   **INGERSOLL-RAND COMPANY;**
5  **JOHNSTON PUMP COMPANY** (Doe No. 2);
   **KELSEY-HAYES COMPANY;**
6  **KELLY-MOORE PAINT COMPANY, INC.;**
   **NATIONAL AUTOMOTIVE PARTS**
7  **ASSOCIATION (INC.);**
   **NEWMONT USA, LIMITED** (successor-in-
8  interest to NEWMONT GOLD COMPANY and
   CARLIN GOLD MINING COMPANY);
9  **NORTHROP GRUMMAN SYSTEMS**
   **CORPORATION;**
10 **PAGE BRAKE COMPANY**
   **INCORPORATED;**
11 **PARKER-HANNIFIN CORPORATION;**
   **PCC FLOW TECHNOLOGIES HOLDINGS,**
12 **INC.** (individually and as successor-in-interest to
   JOHNSTON PUMP COMPANY)(Doe No. 1);
13 **PENSKE TRUCK LEASING**
   **CORPORATION** (sued individually and as
14 successor-in-interest to ROLLINS TRUCK
   LEASING CORP.);
15 **ROLLS-ROYCE COPORATION;**
   **RPM INC.** (sued individually and as successor-in-
16 interest to BONDEX INTERNATIONAL , INC.);
   **SIEMENS WESTINGHOUSE POWER**
17 **CORPORATION;**
   **STERLING FLUID SYSTEMS (USA), INC.**
18 (f/k/a/ PEERLESS PUMP COMPANY);
   **VIACOM INC.** (sued individually and as
19 successor-in-interest to WESTINGHOUSE
   ELECTRIC CORPORATION and BF
20 STURTEVANT);
   **VIKING PUMP INC.;**
21 and DOES 4-450 INCLUSIVE,

22        Defendants.

23

24 <u>**HONEYWELL'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**</u>

25

26                <u>**INTRODUCTION**</u>

27

28     This Court has subject matter jurisdiction despite Plaintiff's attempt to fraudulently join

the Newmont Defendants. There are no incurable procedural defects and all properly served



1  defendants have timely joined in Honeywell's Notice of Removal.

2  　　　Plaintiffs' Motion to Remand is as devoid of merit as were their attempts to avoid Federal

3  jurisdiction by naming the Newmont Defendants when Plaintiffs knew that the law of Nevada

4  did not support any duty of the Newmont Defendants to Mr. and Mrs, Knutson and Plaintiffs had

5  no facts whatsoever to argue that such a duty might exist under Nevada law.

6  　　　This became clear for the first time on October 4th when Honeywell and other Defendants

7  received Plaintiffs' Opposition to Newmonts' Summary Judgment Motion with exhibits.

8  Newmonts' proof showed that they were merely customers of Plaintiff Sandra Knutson's

9  employer.  Under Nevada law, there was no duty nor were there any facts to support a duty to

10  Ms. Knutson related to her alleged exposure to asbestos or her mesothelioma disease.  Plaintiffs

11  ignored Nevada law supporting Newmonts' position and, when faced with their burden to oppose

12  summary judgment, Plaintiffs utterly failed to produce any facts whatsoever to make even a

13  colorable argument that a duty could exist under Nevada law.

14  　　　A review of Plaintiffs' First Amended Complaint demonstrates that Plaintiffs had alleged

15  against all Defendants, including the Newmont Defendants, six causes of action, from products

16  liability through intentional failure to warn.  It was only when Honeywell and other Defendants

17  received, on October 4, 2004, Plaintiffs' Opposition to Newmonts' summary judgment motion

18  that it became obvious that the Newmont Defendants had been added to this litigation solely to

19  defeat diversity jurisdiction and prevent removal to Federal Court.

20  　　　Both Plaintiffs' original Complaint and their First Amended Complaint alleged all causes

21  of action, including products liability and failure to warn against the Newmont Defendants.  In

22  Plaintiffs' Opposition to the Newmonts' Motion for Summary Judgment, Defendants learned that

23  Plaintiffs were abandoning all causes of action against the Newmont Defendants with the

24  exception of the negligence and failure to warn causes of action.  As to these last two, Plaintiffs

25  did not produce any Nevada case law which would support a duty imposed upon the Newmont

26  Defendants for the alleged asbestos related illness of Ms. Knutson.  Plaintiff's Opposition did not

27  attempt to argue the peculiar risk doctrine under established Nevada case law since it did not

28  support such a duty and Plaintiffs presented absolutely no facts to make a good faith argument



-3-

1   that it did.

2       Contrary to Plaintiff's arguments, all properly served Defendants did timely consent and

3   join the removal.  Honeywell provided this Court, by Supplement on November 1, 2004, with the

4   written consents of all known properly served Defendants except Ingersoll-Rand.  Ingersoll-Rand

5   filed its joinder the next day on November 2nd, within the thirty (30) day period after Defendants

6   receipt of Plaintiff's Opposition.

7       T & H Agriculture (THAN) also joined in the removal, on November 17th, 2004, one day

8   after first learning of the removal.  THAN's joinder in removal, though timely, was delayed by

9   Plaintiffs conduct in failing to disclosure THAN as a served defendant to Honeywell and the

10  other Defendants; and in failing to ever serve THAN with Plaintiffs' Opposition to Newmonts'

11  Motion for Summary Judgment, the operative pleading upon which removal was based.

12      Indeed, Plaintiffs' conduct shows almost a complete failure to follow the Rules of Civil

13  Procedure with regard to the addition of THAN to this case.  The First Amended Complaint does

14  not include THAN as a Defendant.   Plaintiffs have never filed and served any Amended

15  Complaint in which THAN is a Defendant.  Although Plaintiffs had served THAN with the First

16  Amended Complaint on September 30, 2004, Plaintiffs certificate of service for their Opposition

17  brief shows that they did not serve the Opposition on THAN.

18      Thus, Honeywell and the other Defendants did not know of the existence of THAN as a

19  served defendant, and THAN did not know of the existence of a basis for removal to the Federal

20  Court until after it appeared on November 15, 2004.  It immediately filed its Joinder in the

21  Notice of Removal.

22      THAN's joinder was timely under the *McKinney* Rule acknowledged by this Court in

23  *Biggs Corp v. Wilen*, 97 F. Supp.2nd 1040 (D. Nev. 2000) which gives each defendant, who

24  receives late notice of the basis for removal, its own 30 days to join.   In any event, Plaintiffs'

25  deceptive conduct and violation of the Rules of Civil Procedure cannot be used to strip all

26  properly served Defendants of their right to remove this case to Federal Court as they have done.

27      Honeywell hereby joins THAN and Ingersoll-Rand's Oppositions to Plaintiff's Motion for

28


GEORGESON
THOMPSON
&ANGARAN
A T T O R N E Y S

1 | Remand.

2 | <u>**COURSE OF PROCEEDINGS**</u>

3 | This is a civil action seeking money damages against numerous Defendants, all of whom

4 | have joined in the removal to Federal Court for Ms. Knutson's mesothelioma illness allegedly

5 | caused by asbestos exposure in Utah.

6 | Plaintiffs' First Amended Complaint include six causes of action against all Defendants

7 | including the Newmont Defendants.   TH Agriculture & Nutrition (THAN) is not a named

8 | Defendant in the First Amended Complaint.

9 | On May 17, 2004, plaintiffs apparently filed, but did not serve upon Honeywell or all

10 | Defendants, their First Amended Complaint for Personal Injury - Asbestos.  (Ex. D to Notice of

11 | Removal).

12 | On September 13, 2004, defendants BATTLE MOUNTAIN GOLD COMPANY and

13 | NEWMONT USA, LIMITED (as successor-in-interest to CARLIN GOLD MINING

14 | COMPANY and NEWMONT GOLD COMPANY) (hereinafter referred to collectively as

15 | "Newmont") filed their Motion for Summary Judgment, or, in the Alternative, for Partial

16 | Summary Judgment. (Ex. E to Notice of Removal).

17 | On September 30, 2004 without notice to the other Defendants, plaintiffs served a copy

18 | of Summons and First Amended Complaint for Personal Injury - Asbestos on T.H.

19 | AGRICULTURE & NUTRITION (hereinafter referred to as "THAN").  Plaintiffs did not file

20 | and serve an Amended Complaint naming THAN.  Nor did Plaintiffs serve THAN with its

21 | Opposition to Newmont's Motion for Summary Judgment.  (*See*, Opposition to Motion to

22 | Remand of THAN)

23 | This action first became removable on October 4, 2004, when plaintiffs served[1] by hand

24 | delivery to Defendants, other than THAN, their Opposition to Newmont's Motion for Summary

25 | Judgment, or, in the Alternative, for Partial Summary Judgment, with exhibits. (Ex. F to Notice

26 |

27 | —————————————

28 | [1] Although the Certificate of Service attached to Plaintiff's Opposition recites that it was served by fax and overnight mail on Friday, October 1st, the Opposition with exhibits was in fact not served on the Defendants until Monday, October 4th, 2004.  Fax service has not been authorized by the parties of this action in any event.

1  of Removal). Plaintiffs' Opposition[2] shows that Newmont was "fraudulently joined" in that there

2  was no basis in fact or colorable ground supporting the claim against Newmont, and that there

3  was no real intention in good faith to prosecute the action against Newmont or seek a joint

4  judgment.

5    On October 15, 2004, the Seventh Judicial District Court of the State of Nevada, in and

6  for the County of Eureka, entered its Order granting Newmont's Motion for Summary Judgment

7  and finding that, as between plaintiffs and Newmont, there were no genuine issues of material

8  fact, and that Newmont was entitled to judgment as a matter of law.   (Ex. H to Notice of

9  Removal).

10    On November 1, 2004, Honeywell filed a Notice of Removal (Docket No. 2) and a

11  Supplement to Notice of Removal of Action (Docket No. 3).  Honeywell's Supplement included

12  as an exhibit the written consents and joinders of all known properly served defendants, except

13  defendants INGERSOLL-RAND COMPANY (hereinafter referred to as "Ingersoll-Rand").

14  Honeywell's Supplement included as an exhibit the November 1, 2004, letter from Thomas C.

15  Anderson, Esq., of Burbidge & White, L.L.C., attorneys for defendant PAGE BRAKE

16  COMPANY INCORPORATED (hereinafter referred to as "Page Brake"), a true and correct

17  copy of which is attached hereto as **Exhibit "A,"** explaining Page Brake's "unique position with

18  respect to this litigation."  In his November 1, 2004, letter, Mr. Anderson stated that "it is our

19  view that Page Brake is not a defendant in this action"; that "[t]he question of lawful service is

20  not yet resolved"; that "[n]o answer has been filed"; that, "[w]hile the case was still in Las Vegas

21  we filed a Motion to Quash Service of Process"; that "[w]e certainly support the concept and

22  propriety of the removal of this case to Federal Court"; that "we do not feel that it is necessary or

23  appropriate for Page Brake to join in the Petition for Removal because it is not a party to the

24  action"; and that "we feel that a joinder in a Petition for Removal may jeopardize the position of

25  Page Brake with respect to its Motion to Quash Service and other proceedings in this case."

26  (emphasis added)

27  _____

28  [2] According to the Docket Sheet received by Honeywell from the Eureka County Clerk, plaintiffs did not file their
Opposition to Newmont's Motion for Summary Judgment, or in, in the Alternative, for Partial Summary Judgment
until October 5, 2004. *See*, Eureka County Docket Sheet, Ex. B to Joint Status Report (Docket No. 103).



On November 2, 2004, Ingersoll-Rand filed its Joinder (Docket No. 26) in the November 1, 2004, Notice of Removal of Action (Docket No. 2), a true and correct copy of which is attached hereto as **Exhibit "B"**.

On November 15, 2004, THAN duly filed its Answer to First Amended Complaint in the Seventh Judicial District Court of the State of Nevada, in and for the County of Eureka, Case No. CV-0403-039, Department Number 1.  On November 16, 2004, THAN first learned that the case had been removed to this Court and the basis for removal.  *See*, Declaration and Opposition to Motion to Remand of THAN.

On November 17, 2004, THAN duly filed its Joinder (Docket No. 73) in the Notice of Removal (Docket No. 2), a true and correct copy of which is attached hereto as **Exhibit "C."**

On November 18, 2004, defendant ELLIOTT TURBOMACHINERY CO., INC., filed its Notice of Suggestion of Death on the Record (Docket No. 80) for plaintiff SANDIE KNUTSON.

On December 1, 2004, Mr. Knutson filed the instant Motion for Remand (Docket No. 97).

<div align="center">

**POINTS AND AUTHORITIES**

I

</div>

**ALL PROPERLY SERVED DEFENDANTS HAVE DULY JOINED IN THE NOVEMBER 1, 2004, NOTICE OF REMOVAL.**

As a preliminary matter, Mr. Knutson argues that the required "unanimity of joinder" is lacking, because Ingersoll-Rand and THAN supposedly "have never joined" the November 1, 2004, Notice of Removal (Docket No. 2).  (Motion for Remand, pp. 7-9).  Mr. Knutson is wrong, because <u>all</u> properly served defendants have joined in the Notice of Removal.

On November 2, 2004, Ingersoll-Rand duly filed its Joinder (Docket No. 26) in the Notice of Removal of Action (Docket No. 2).  (Ex. B).

On November 17, 2004, THAN duly filed its Joinder (Docket No. 73) in the Notice of Removal (Docket No. 2).  (Ex. C).

Although defendant PAGE BRAKE COMPANY INCORPORATED (hereinafter referred to as "Page Brake") is a named party defendant, Page Brake is merely a nominal



<div align="center">

-7-

</div>

1    defendant,[3] and is not a properly served defendant.[4]  As such, Page Brake need not be joined in

2    the November 1, 2004, Notice of Removal.[5]

3        In any event, Page Brake consented in writing to the November 1, 2004, Notice of

4    Removal, when Mr. Anderson stated in his November 1, 2004, letter that "[w]e certainly support

5    the concept and propriety of the removal of this case to Federal Court."  (Ex. A).

6

7        Therefore, contrary to Mr. Knutson's preliminary argument, <u>all</u> properly served

8    defendants have duly joined in the November 1, 2004, Notice of Removal.

9                                    II

10   <u>INGERSOLL-RAND FILED A TIMELY JOINDER IN THE NOTICE OF</u>

11   <u>REMOVAL.</u>

12       Mr. Knutson argues that "[a] defendant must join in removal within 30 days of the event

13   triggering removal"; that "the event assertedly triggering removal is the same for all defendants:

14   the filing of plaintiffs' response to a motion for summary judgment"; that "all defendants were

15   required to join in removal within 30 days of that response"; that Ingersoll-Rand supposedly

16   "filed its joinder late, on November 2, [2004]"; and that, therefore, "its untimely joinder must be

17   _____

18   [3]Ordinarily, under 28 U.S.C. §1446(a), all defendants in a state action must join in the petition

19   for removal, except for nominal, unknown, or fraudulently joined parties.  *See, Hewitt v. City of

20   Stanton*, 798 F.2d 1230 , 1233 (9th Cir. 1986); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A Local 349*, 427 F.2d 325, 326-27 (5th Cir. 1970).  This general rules applies, however, only to

21   defendants properly joined and served in the action.  *See, Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir. 1988); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d

22   1423, 1429 (9th Cir. 1984)(noting "a party not served need not be joined" in a petition for

23   removal).

24   [4]As more fully appears from Page Brake's Motion to Quash Service of Process, filed January 26,

25   2004, a true and correct copy of which is attached hereto as **Exhibit "D,"** Page Brake is

         domiciled in the State of Utah, with both its place of incorporation and its principal place of

26   business in the State of Utah.  Page Brake contends that it is not a proper party defendant to this

         action, that it has never been properly served in this action, that it has never operated an outlet or

27   facility in the State of Nevada, and that all of the alleged exposure to products that may have

         been sold by Page Brake occurred in the State of Utah.  (Ex. D).

28   [5]*See, Emrich, supra*, 846 F.2d at 1193 n. 1; *Salveson, supra*, 731 F.2d at 1429.



disregarded." (Motion for Remand, pp. 8-9). This argument is meritless.

28 U.S.C. §1446(b) provides in relevant portion:

> "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days <u>after receipt by the defendant</u>, through service or otherwise, of a copy of an amended pleading, motion, order or <u>other paper from which it may first be ascertained that the case is one which is or has become removable</u>, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." (Emphasis added.)

Like Honeywell,[6] Ingersoll-Rand <u>received</u> plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. F to Notice of Removal) with exhibits on October 4, 2004.[7] Although plaintiffs' Certificate of Service[8] states that plaintiffs' Opposition was served on October 1, 2004, by "Facsimile (FAX)" and by "Courier Overnight Delivery", plaintiffs apparently entrusted their Opposition to a courier service. Since October 1, 2004, fell on a Friday, the courier service did not deliver plaintiffs' Opposition to Defendants until Monday, October 4, 2004.

Ingersoll-Rand did not actually <u>receive</u> plaintiffs' Opposition until October 4, 2004. As a result, Ingersoll-Rand had thirty (30) days from October 4, 2004, i.e., until November 3, 2004, within which to file its Joinder in the Notice of Removal. Ingersoll-Rand filed its Joinder in the Notice of Removal on November 2, 2004, one (1) day <u>prior</u> to the November 3, 2004, deadline.

Therefore, Mr. Knutson's argument with respect to Ingersoll-Rand is devoid of any merit, and Ingersoll-Rand filed a timely Joinder in the November 1, 2004, Notice of Removal.

---

[6] *See*, Declaration of Jack G. Angaran, attached hereto as **Exhibit "E."**

[7] *See*, Declaration of Eric D. Leitner, Ingersoll-Rand Company's Opposition to Plaintiff's Motion for Remand, filed December 16, 2004.

[8] For the convenience of the Court, a true and correct copy of the Certificate of Service attached to plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. F to Notice of Removal) is attached hereto as **Exhibit "F."**


GEORGESON
THOMPSON
&ANGARAN
A T T O R N E Y S

### III

### <u>THAN FILED A TIMELY JOINDER IN THE NOTICE OF REMOVAL.</u>

THAN is <u>not</u> named as a party defendant in plaintiffs' First Amended Complaint for Personal Injury - Asbestos.  (Ex. D to Notice of Removal, pp. 1-3).  Plaintiffs supposedly "amended the Complaint" to include THAN as "Doe 4."  (Plaintiff's Request for Judicial Notice in Support of Plaintiff's Motion for Remand, p. 5, L. 24-28).

Unfortunately, plaintiffs never gave notice to Honeywell or the other Defendants that they had added or served THAN as "Doe 4."  More specifically, plaintiffs never served Defendants with any kind of a motion for leave to add THAN as "Doe 4" or with any kind of an order permitting them to add THAN as "Doe 4"; and plaintiffs never served any kind of an amended complaint or an amendment to complaint adding THAN as "Doe 4."[9]

Consequently, at no time prior to the filing of the November 1, 2004, Notice of Removal did Honeywell have any way of knowing that plaintiffs had added or served THAN as a party defendant.  As a result, Honeywell did not serve a copy of the Notice of Removal on THAN, or seek to have THAN consent to or join in the Notice of Removal, at any time before on or about November 16, 2004.  THAN first appeared by answer on November 15, 2004.  It was not until on or about November 16, 2004, that Honeywell first learned of THAN's existence as a served Defendant, at which time Honeywell forwarded to THAN the Notice of Removal.[10]  One day later, on November 17, 2004, THAN duly filed its Joinder (Docket No. 73) in the Notice of Removal. (Ex. C).

For its part, THAN was <u>never</u> served by plaintiffs with a copy of their Opposition to

---

[9] <i>See</i>, Declaration of Jack G. Angaran, attached hereto as **Exhibit "E."**

[10] <i>Id.</i>

1   Newmont's Motion for Summary Judgment,[11] Indeed, the Certificate of Service attached to

2   plaintiffs' Opposition  shows on its face that plaintiffs did <u>not</u> even attempt to serve THAN with

3   a copy of the Opposition.  (Ex. G).  As a result, THAN never <u>received</u> a copy of plaintiffs'

4   Opposition at any time prior to November 16, 2004,[12] and on November 15, 2004, THAN filed

5   its Answer to First Amended Complaint in the Seventh Judicial District Court of the State of

6   Nevada, in and for the County of Eureka, Case No. CV-0403-039, Department Number 1.  It was

7   not until on or about November 16, 2004, that THAN first learned that the case had been

8   removed to this Court.[13]  One day later, on November 17, 2004, THAN duly filed its Joinder

9   (Docket No. 73) in the Notice of Removal.  (Ex. C).

10          Thus, the reason that THAN did not file its Joinder (Docket No. 73) in the Notice of

11   Removal until November 17, 2004, is attributable to plaintiffs' conduct in:  (1) failing to serve

12   Honeywell and other Defendants with any kind of a motion for leave to add THAN as "Doe 4";

13   (2) failing to serve Honeywell and other Defendants with any kind of an order permitting them to

14   add THAN as "Doe 4"; (3) failing to serve Honeywell and other Defendants with any kind of an

15   amended complaint or an amendment to complaint adding THAN as "Doe 4"; (4) failing to give

16   notice to Defendants that THAN had been served; and (5) failing to serve THAN with a copy of

17   plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for

18   Partial Summary Judgment on Honeywell.  Consequently, Mr. Knutson should not now be heard

19   to complain, as he does, that THAN did not file its Joinder in the Notice of Removal until

20   November 17, 2004.

21          In any event, it does not matter, because in *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040

22   (D.Nev. 2000), this Court acknowledged the *McKinney* rule:

23          "...In [*McKinney v. Board of Trustees of Maryland Community College*,
24          955 F.2d 924, 928 (4th Cir. 1992)], the Fourth Circuit considered a different issue

25   _____

26   [11] *See*, Opposition of THAN to Plaintiff's Motion to Remand.

27   [12] *Id.*

28   [13] *Id.*



involving removal by multiple defendants.   In *McKinney*, the first-served defendant removed the case in a timely manner.   Thereafter, a defendant which was served within the first-served defendant's 30-day removal period joined in the first-served defendant's removal notice but did not do so within the first-served defendant's 30-day period.   <u>The Fourth Circuit held that a later-served defendant served within the first-served defendant's thirty days has thirty days to decide whether to join in the first defendant's removal notice</u>.   [955 F.2d at 928]. However, a defendant served after the first-served defendant's removal period cannot remove.   *Id.* at 926 n. 3.   The primary principle underlying the Fourth Circuit's ruling was to protect later-served defendants from the choice of having to forego removal or join hurriedly in a petition for removal that may open them up to Rule 11 sanctions. Id. at 928." 97 F.Supp.2d at 1044-45 (emphasis added).

The *McKinney* rule should fare equal application to situations, such as this case, where removal is based upon the second paragraph of §1446(b).  Applying the *McKinney* rule to the present case, THAN had thirty (30) days from the date it first <u>received</u> a copy of plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. G to Notice of Removal) to file its Joinder in the November 1, 2004, Notice of Removal.  As a result of plaintiffs' misconduct, THAN did not actually <u>receive</u> plaintiffs' Opposition until on or after November 16, 2004.  As a result, THAN had thirty (30) days from November 16, 2004, i.e., until December 16, 2004, within which to file its Joinder in the Notice of Removal.  In the event, THAN filed its Joinder in the Notice of Removal on November 17, 2004, twenty-nine (29) days <u>prior</u> to the December 16, 2004, deadline.

Therefore, Mr. Knutson's argument with respect to THAN is devoid of any merit, and THAN filed a timely Joinder in the November 1, 2004, Notice of Removal.

<div align="center">IV</div>

## THE NOTICE OF REMOVAL ADEQUATELY SETS FORTH FACTS NECESSARY TO SUPPORT REMOVAL.

In pertinent part, section 1446(a) states that a notice of removal must contain "a short and plain statement of the grounds for removal."[14]  This means that a defendant seeking removal from state to federal court "must state the basis for removal jurisdiction in the petition for

---

[14]*See*, 28 U.S.C. §1446(a).



removal."[15]

In his Motion for Remand (*Id.*, p. 9, L. 16-18), Mr. Knutson acknowledges that Paragraph 13 of the Notice of Removal alleges, as follows:

> "13.  Plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment, shows that Newmont was 'fraudulently joined' in that there was no basis in fact or colorable ground supporting the claim against Newmont, and that there was no real intention in good faith to prosecute the action against Newmont or seek a joint judgment."

However, Mr. Knutson argues that the Notice of Removal "does not provide the slightest clue as to how or why plaintiffs' opposition revealed that the local defendants were fraudulently joined." (Motion for Remand, pp. 9-10).  This argument is disingenuous.

Mr. Knutson conveniently overlooks the fact that, not only does the November 1, 2004, Notice of Removal contain the allegations of above-quoted Paragraph 13, but it attached and incorporated by reference the following four state court documents, as well:  (1) Newmont's September 13, 2004 Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. E to the Notice of Removal); (2) Plaintiffs' October 5, 2004, Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. F to the Notice of Removal);  (3) Newmont's October 11, 2004, Reply to Plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. G to the Notice of Removal); and (4) the state court's October 15, 2004, Order granting Newmont's Motion for Summary Judgment and finding that, as between plaintiffs and Newmont, there were no genuine issues of material fact, and that Newmont was entitled to judgment as a matter of law.  (Ex. H to the Notice of Removal).

Mr. Knutson clearly understands the nature and character of the "fraudulent joinder" claim contained Paragraph 13 of the Notice of Removal, because he discuss the standard for determining "fraudulent joinder" in his Motion for Remand (*Id.*, pp. 11-12) and states that "Honeywell must prove not only that plaintiffs failed to state a cause of action against the non-

---

[15]*See, O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).



1    diverse defendants; it must also prove that 'the failure is obvious according to the well-settled

2    rules of the state.'" (*Id.*, p. 11, L. 14-18). The Notice of Removal with exhibits adequately sets

3    forth facts necessary to support removal.[16]

4

<center>**V**</center>

5    **THE NOTICE OF REMOVAL DOES NOT VIOLATE THE VOLUNTARY ACT**

6    **REQUIREMENT OF 28 U.S.C. §1446(b).**

7        Mr. Knutson argues that the "voluntary-involuntary" rule precludes removal. (Motion for

8    Remand, pp. 12-15). Mr. Knutson is mistaken.

9        Generally speaking, only a voluntary act on the part of a plaintiff, can render an initially

10    unremovable action removable under the second paragraph of 28 U.S.C. §1446(b). Thus, the

11    "voluntary-involuntary" rule requires that a suit remain in state court unless a "voluntary" act of

12    the plaintiff brings about a change that renders the case removable.[17] There are, however,

13    exceptions to the voluntary act requirement. An exception is generally made where a resident

14    defendant is dismissed as a result of "fraudulent joinder."[18] As argued more fully hereinbelow, it

15    is clear that the joinder of Newmont was "fraudulent."

16        Simply put, Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial

17    Summary Judgment (Ex. E to Notice of Removal) pointed out to the state court that there were

18    no facts or law supporting any cause of action against Newmont. Plaintiffs filed an Opposition

19    to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary

20    Judgment (Ex. F to Notice of Removal) in which they abandoned all claims against Newmont,

21    except for negligence and failure to warn. Even with respect to these two remaining claims,

22    plaintiffs failed to note that, under Nevada law, a defendant's duty to warn exists only where

23    there is a "special relationship" between the parties, and the danger is foreseeable. Furthermore,

24    plaintiffs failed to cite the controlling, unfavorable case of *Sierra Pacific Power Co. v. Rinehart*,

25 _____

26    [16]*See, O'Halloran, supra*, 856 F.2d at 1381.

27    [17]*See, American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 315-16, 35 S.Ct. 355, 59 L.Ed.

28    594 (1915); *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978).

   [18]*See, Morris, supra*, 236 F.3d at 1067; *Ritchey, supra*, 139 F.3d at 1318.



1    99 Nev. 557, 665 P.2d 270 (1983), which rejected the "doctrine of peculiar risk" as applied to

2    situations where, as here, an employer is in a better position to take special precautions to protect

3    against any "peculiar dangers."  Tellingly, plaintiffs failed to adduce <u>any evidence whatsoever</u>,

4    and did not present <u>even one fact</u> in support of their two remaining claims of negligence and

5    failure to warn, in order to demonstrate that there was any such "special relationship" or

6    "peculiar danger."

7         Therefore, plaintiffs' argument that the "voluntary-involuntary" rule precludes removal is

8    without merit, because it is abundantly clear in this case that Newmont was "fraudulently

9    joined."

10        Citing *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992), a Seventh Circuit

11   case,  Mr. Knutson further argues that the "voluntary-involuntary" rule "exists precisely because

12   of the recognition that a state court disposition of the local defendant may be reversed on

13   appeal."  (Motion for Remand, pp. 14-15).  Suffice it to say that Ninth Circuit has rejected this

14   rationale.  *See, Self, supra*, 588 F.2d at 658 ("If the finality of state court proceedings were the

15   basis for the rule, it would seem that once the appellate process were ended in the state courts,

16   removal would be possible.  The Supreme Court, however, apparently does not rely on this basis

17   as evidenced by [Lathrop, Shea, & Henwood Co. v. Interior Constr. & Improvement Co., 215

18   U.S. 246, 249-51, 30 S.Ct. 76, 54 L.Ed. 177 (1909)], where the voluntary-involuntary rule was

19   invoked to prohibit removal even though the state appellate process was complete.").

**VI**

**PLAINTIFF'S OPPOSITION TO NEWMONT'S MOTION FOR SUMMARY**
**JUDGMENT AMPLY DEMONSTRATES THAT NEWMONT WAS "FRAUDULENTLY**
**JOINED," IN THAT PLAINTIFFS FAILED TO STATE A CAUSE OF ACTION**
**AGAINST NEWMONT, AND THE FAILURE WAS OBVIOUS ACCORDING TO**
**SETTLED NEVADA RULES OF LAW.**

26        An exception to the complete diversity requirement occurs where the plaintiff



1   fraudulently joins a non-diverse defendant.[19]   Fraudulently joined defendants will not defeat

2   removal on diversity grounds.[20]   Joinder is fraudulent, and the non-diverse defendant's presence

3   in the lawsuit is ignored for purposes of determining diversity, if "the plaintiff fails to state a

4   cause of action against a resident defendant, and the failure is obvious according to the settled

5   rules of the state."[21]

6         In the present case, plaintiffs' First Amended Complaint for Personal Injury - Asbestos

7   alleges the following six (6) causes of action:  (1) First Cause of Action - Negligence (First

8   Amended Complaint, Ex. D to Notice of Removal, pp. 5-14); (2) Second Cause of Action - Strict

9   Liability (*Id.*, pp. 14-17); (3) Third Cause of Action - False Representation Under Restatement of

10  Torts Section 402-B (*Id.*, pp. 18-19); (4) Fourth Cause of Action - Intentional Tort/Intentional

11  Failure to Warn (*Id.*, pp. 19-24); (5) Fifth Cause of Action - Premises Owner/Contractor Liability

12  (*Id.*, pp. 24-31); and (6) Sixth Cause of Action - Loss of Consortium (*Id.*, pp. 31-32).

13        In response to Newmont's January 14, 2004, Motion for a More Definite Statement,

14  plaintiffs added the following allegations against Newmont to Paragraph 15 of their First

15  Amended Complaint:

16        "15.  Plaintiffs <u>further allege</u> that [Mrs. Knutson] worked with and/or was
         exposed to asbestos-containing products and/or machinery requiring or calling for
17       the use of asbestos and/or asbestos-containing products and/or products which
         caused the release of respirable asbestos fibers while working as a coilmaker,
18       shipping and receiving clerk and utility person at Westinghouse-Eastern Electric
         in Salt Lake City, Utah from 1978 through 1987.  [Mrs. Knutson's] job duties in
19       connection with such employment included the removal and scraping of old
20

21  [19]*See, Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

22  [20]*See, Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

23  [21] *See, United Computer Systems, Inc., supra*, 298 F.3d at 761; *Morris, supra*, 236 F.3d at 1067;
24  *Ritchey, supra*, 139 F.3d at 1318, *quoting, McCabe v. General Foods Corp.*, 811 F.2d 1336,
    1339 (9th Cir. 1987); *In re Western States Wholesale Natural Gas Antitrust Litigation*, 2004 WL
25  2725125, at 2 (D.Nev., Nov. 18, 2004); *Greene v. Wyeth*, 2004 WL 2496071, at 3 (D.Nev., Oct.
26  29, 2004); *King v. Warner-Lambert Company*, 2002 WL 988167, at 1 (D.Nev., May 7,
    2002)("Joinder is fraudulent where 'there is no basis in fact or colorable ground supporting the
27  claim against the joined defendant, or no real intention in good faith to prosecute the action
    against the defendants or seek a joint judgment.'"), *quoting, Boyer v. Snap-On Tools Corp.*, 913
28  F.2d 108, 111 (3rd Cir. 1990).



1  asbestos-containing insulation and gaskets off of pumps, engines and turbines
2  shipped to Westinghouse/Eastern Electric from [Newmont]. The work caused the
   release of respirable asbestos fibers, to which [Mrs. Knutson] was directly
3  exposed. [Mrs. Knutson] was also responsible for unpacking asbestos-containing
   products and/or machinery requiring or calling for the use of asbestos and/or
4  asbestos-containing products shipped to Westhinghouse/Eastern Electric from
   [Newmont], and was exposed to respirable asbestos fibers released in the
5  unpacking process. [Newmont] knew, or alternatively should have known, that
6  respirable asbestos fibers would be released from its machinery in the course of
   shipping, receiving, repairing and rebuilding such equipment." (First Amended
7  Complaint, Ex. D to Notice of Removal, p. 12, L. 6-23)(emphasis added).

8

9      On September 13, 2004, Newmont filed their Motion for Summary Judgment, or, in the

10 Alternative, for Partial Summary Judgment, seeking an order granting summary judgment on all

11 six (6) of the claims asserted by plaintiffs. In its Motion for Summary Judgment, Newmont

12 argued that they "were **merely customers** of [Mrs. Knutson's] employer and did not direct or

13 control her work (and were not manufacturers or distributors of asbestos products)." (Ex. E to

14 Notice of Removal, p. 3, L. 7-9)(emphasis in original).

15     On October 5, 2004, plaintiffs filed their Opposition to Newmont's Motion for Summary

16 Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. F to Notice of Removal).

17 Plaintiffs expressly abandoned claims against [Newmont] for strict liability, premises liability,

18 fraud, or misrepresentation." (Ex. F to Notice of Removal, p. 1, L. 6-9; *Id.*, p. 5, L. 12-13).

19 (Motion to Remand p. 13, L. 14-18). However, with respect to the two remaining, non-

20 derivative causes of action (First Cause of Action - Negligence and Fourth Cause of Action -

21 Intentional Tort/ Intentional Failure to Warn), plaintiffs blatantly failed to adduce any law or

22 evidence whatsoever showing any Nevada common law or statutory duty owed by Newmont to

23 plaintiffs. As such, plaintiffs' Opposition not only shows on its face that plaintiffs' First

24 Amended Complaint fails to state a cause of action against Newmont, but that this failure is

25 obvious according to settled rules of Nevada jurisprudence.

26     Under Nevada law, an indispensable predicate to tort liability founded upon negligence is

27

28



1   the existence of a duty of care owed by the alleged wrongdoer to the person injured.[22]   Generally

2   speaking, "the law does not impose a general affirmative duty to warn others of dangers.

3   Specifically, "'in failure to warn cases, defendant's duty to warn exists only where there is a

4   special relationship between the parties, and the danger is foreseeable."'[23]   In the absence of a

5   breach a duty, there can be no negligence, as a matter of law.[24]

6         In the present case, Newmont, who did not bear the ultimate burden of persuasion at trial

7   on the issues of duty, breach of duty, or causation, succinctly negated plaintiffs' causes of action

8   for negligence or failure to warn, and there was a complete failure of proof by plaintiffs

9   concerning essential elements of their case.   Plaintiffs failed to adduce <u>any legal authority or</u>

10   <u>evidence whatsoever on these essential issues, with respect</u> to which they had the burden of

11   proof.[25]

12         As noted by Newmont in their Reply to plaintiffs' Opposition to Newmont's Motion for

13   Summary Judgment, or, in the Alternative, for Partial Summary Judgment (Ex. G to Notice of

14   Removal), Newmont were not manufacturers or sellers of asbestos products, and were merely

15   customers of Mrs. Knutson's employer:

16         "It bears emphasis that this is not a product liability case as it relates to
         [Newmont].   Nor is this case a premises liability action as it relates to [Newmont].
17         Thus, there is no traditional 'special relationship' that would give rise to a
         common law duty to warn [Mrs. Knutson].   Even if this were a premises liability
18         case, under Nevada law, there still would be no liability that could be imposed on
         [Newmont].   In [Sierra Pacific Power Co. v. Rinehart, 99 Nev. 557, 665 P.2d 270
19         (1983)], the Nevada Supreme Court addressed a wrongful death action brought by
         the widow of an independent contractor's employee who sustained fatal injuries as
20

21   _____

22   [22]See, Sims v. General Telephone & Electronics, 107 Nev. 516, 521, 815 P.2d 151 (1991),
23   overruled in part on other grounds, Tucker v. Action Equip. and Scaffold Co., 113 Nev. 1349,
     951 P.2d 1027 (1997); Mangeris v. Gordon, 94 Nev. 400, 402, 580 P.2d 481 (1978).

24   [23]See, Wiley v. Redd, 110 Nev. 1310, 1316, 885 P.2d 592 (1994), quoting, Sims, supra, 107 Nev.
25   at 521.

26   [24]See, Vinci v. Las Vegas Sands, Inc., 115 Nev. 243, 245, 984 P.2d 750 (1999); Warmbrodt v.
27   Blanchard, 100 Nev. 703, 707, 692 P.2d 1282 (1984); Elliott v. Mallory Electric Corp., 93 Nev.
     580, 586, 571 P.2d 397 (1977).

28   [25]Id. at 322-23, 325.


GEORGESON
THOMPSON
&ANGARAN
A T T O R N E Y S

a result of a 50-foot fall while working on the construction of a cooling tower on Defendant's premises. The worker's widow and his mother brought a wrongful death action, claiming that the landowner-contractees were liable for the death in that they breached three separate duties which they owed to the worker: (1) a common law duty of the landowner to an invitee to keep the premises in a reasonably safe condition, (2) a statutory duty to provide employees a safe place to work, and (3) a non-delegable duty to take precautions against a peculiar risk of harm, including the failure to warn. In responding to Plaintiff's claim, and reversing the judgment as a matter of law, the Court stated:

"'An employee of a contractor is an invitee of the owner to whom the owner owes a duty to exercise reasonable care [Citation]…Furthermore, although there is a common law duty to provide a safe place to work [Citations] [''']the owner of the property is under no duty to protect the employees o[f] an independent contractor from risks arising from or intimately connected with defects or hazards which the contractor has undertaken to repair or which are created by the job contracted.[''] [Emphasis added.] (Id. at pages 560-561.)'

"Given that [plaintiffs'] theory is predicated upon [Mrs. Knutson's] contracted work on [Newmont's] equipment which was sent to her employer to service or repair, Nevada common law would impose no duty which [Newmont] could have breached in this instance. To hold otherwise would impose social burdens, the likes of which would defy common sense. To impose a duty upon [Newmont] in this instance, would require and impose the burden upon less knowledgeable customers the duty to warn those who were about to work on their equipment, and who presumptively are in a superior position of knowledge, about dangers which the customer would either have no means to learn about, without undertaking extensive training and acquisition of knowledge. It would then make the customer of any equipment which was sent to a repairer a virtual insurer of the safety of those who ultimately are hired by the repairer to work on the equipment. Thus, homeowners would be required to warn electricians coming to their home about the dangers of electricity. Car owners would be obligated to warn a dealer's brake mechanics about asbestos-containing brake pads. Fundamentally, an end-user of a product would now have the obligation to warn the repairer of a product of any design defect contained within the product.

"Interestingly, in the reverse situation, it has been noted that every jurisdiction that has considered the question has found no duty is imposed on a repairer to warn customers of design defects contained within the product the repairer was hired to service or repair. [See, Seo v. All-Makes Overhead Doors, 119 Cal.Rptr.2d 160, 168-69 (2002)]. Thus, the state of the common law is that a repairer (in this case [Mrs. Knutson's employer, Westinghouse Electric) would have no duty to warn the customer ([Newmont]) of a design defect contained within the subject products (asbestos-containing components within electrical pumps or turbines) which Westinghouse was hired to perform services or repair. Yet, under Plaintiff's counsel's 'Alice in Wonderland'-like jurisprudence, the

customer would have the duty to warn the repairer.  Such a conclusion would be bizarre and nonsensical even by California standards."   (Ex. G to Notice of Removal, pp. 12-13).  (emphasis added)

Therefore, by failing to produce any Nevada law or evidence showing any legally cognizable duty of due care, plaintiffs failed to state a cause of action against Newmont, and the failure is obvious according to settled rules of Nevada law.  As a result, the joinder of Newmont is "fraudulent," and Newmont's presence should be ignored for purposes of determining diversity.

## VII

**BY MAKING A GENERAL APPERANCE, AND BY AFFIRMATIVELY AVAILING HIMSELF OF THE JURISDICTION OF THIS COURT, MR. KNUTSON HAS WAIVED WHATEVER RIGHT HE MIGHT OTHERWISE HAVE HAD TO FILE A MOTION FOR REMAND.**

When a federal district court otherwise has jurisdiction and a plaintiff acquiesces in that jurisdiction by affirmative act, the plaintiff's motion to remand may be denied on theories of waiver or estoppel.[26]  Moreover, affirmative federal court conduct by the plaintiff may be found to constitute a waiver of the right to remand even if the plaintiff has filed a timely motion to remand.[27]

---

[26]*See, Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986)("Appellants, by appearing repeatedly before the court before raising the timeliness objection, had waived their right to raise that issue."); *Harris v. Edward Hyman Co.*, 664 F.2d 943, 944-46 (5th Cir. 1981)("[A] party who delays in seeking a remand, or otherwise participates in the proceedings in the district court,...may be precluded from objecting to a defendant's untimely consent to a defective removal petition."); *Intercoastal Refining Co., Inc. v. Jalil*, 487 F.Supp. 606, 608 (S.D.Tex. 1980)("The type of post-removal conduct that constitutes a waiver of the right to remand has been described as:  '...affirmative conduct or unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand....'"), *quoting, Maybruck v. Haim*, 290 F.Supp. 721 (S.D.N.Y. 1968).

[27]*See, Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)("A party that engages in affirmative activity in federal court typically waives the right to seek a remand[.]").  *See also,*

In the present case, Mr. Knutson has made a general appearance, and has acquiesced in federal district court jurisdiction, by filing "Plaintiff's Objection and Opposition to 'Joinders' and 'Supplemental Joinders' filed by Defendants Honeywell International, Inc., and Elliott Turbomachinery Co., Inc., Regarding Defendant Kelsey-Hayes Company's Motion in State Court 'For Limited Autopsy to Preserve Pathology Materials'" (Docket No. 96), filed December 1, 2004.

In his so-called Objection, Mr. Knutson affirmatively seeks relief from this Court by "request[ing] the Court to ignore and/or deny the Joinders filed by Honeywell and Elliott," and by "request[ing] the opportunity to submit further briefing, and for oral argument, should the Court determine the Joinders are entitled to any further consideration." (*Id.*, p. 2, L. 2-18; *Id.*, p. 3, L. 14-18; *Id.*, p. 4, L. 3-18; *Id.*, p. 10, L.11).

By filing his Objection, Mr. Knutson has made a general appearance in this Court and has waived his right, if any, to seek a remand.[28]

## CONCLUSION

For the above-stated reasons, the Court should deny Plaintiff's Motion for Remand.

Mr. Knutson has shown no basis for and is not entitled to "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," pursuant to the provision of 28 U.S.C. §1447(c).

All properly served defendants have duly joined in the November 1, 2004, Notice of Removal. Both Ingersoll-Rand and THAN filed a timely Joinder in the Notice of Removal. Although Page Brake is not a properly served defendant, on November 1, 2004, Page Brake

---

*In re Moore*, 209 U.S. 490, 496, 28 S.Ct. 585, 52 L.Ed. 904 (1908)(if a non-removing party has taken action in federal court, such as amending the complaint, that party has essentially acquiesced in the federal court's jurisdiction), *overruled in part on other grounds, Ex Parte Harding*, 219 U.S. 363, 31 S.Ct. 324, 55 L.Ed. 252 (1911); *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989)(non-removing party's participation in discovery and filing of amended complaint constitutes a waiver of the right to seek remand).

[28]*See, Morris, supra*, 236 F.3d at 1069; *Koehnen, supra*, 89 F.3d at 528; *Meadows, supra*, 785 F.2d at 672; *Harris, supra*, 664 F.2d at 944-46; *Fienup, supra*, 5 F.2d at 139; *Bearden, supra*, 894 F.Supp. at 1424; *Jalil, supra*, 487 F.Supp. at 608; *Maybruck, supra*, 290 F.Supp. at 721.



1   consented in writing to the Notice of Removal when Mr. Anderson stated that "[w]e certainly

2   support the concept and propriety of the removal of this case to Federal Court." (Ex. A).

3         The Notice of Removal does not violate the voluntary act requirement of 28 U.S.C.

4   §1446(b), because it falls within the exception to the "voluntary-involuntary" rule for "fraudulent

5   joinder."

6         Not only does the Notice of Removal adequately set forth facts necessary to support

7   removal, but plaintiffs' Opposition to Newmont's Motion for Summary Judgment amply

8   demonstrates that Newmont was "fraudulently joined," in that Plaintiffs had no Nevada law or

9   facts to support a colorable argument for liability against Newmont, and the failure was obvious

10  according to settled Nevada rules.

11        In any event, by making a general appearance, and by affirmatively availing himself of

12  the jurisdiction of this Court, plaintiff has waived whatever right he might otherwise have had to

13  file a Motion for Remand.

14        Plaintiff has done everything within his power to avoid federal court jurisdiction in this

15  case.  As noted perceptively by Newmont in its Motion for Summary Judgment, "Plaintiff claims

16  that [Newmont] were one of hundreds of customers who sent their machinery (allegedly

17  containing asbestos) into [Mrs. Knutson's employer] for repairs and/or refurbishment," and yet,

18  "[t]o the knowledge of [Newmont], Plaintiff did not sue any of the other myriad customers of

19  [Mrs. Knutson's employer]."  (Ex. E to Notice of Removal, p. 6, L. 8-11).  Thus, it seems

20  abundantly clear in this case that the Newmont Defendants were plaintiffs' token Nevada

21  Defendants, who were joined for the sole purpose of defeating diversity jurisdiction.

22        Dated:  December 20, 2004

23                                         GEORGESON, THOMPSON
                                         & ANGARAN, CHTD.
24

25

26        By: _____

27            JACK G. ANGARAN, ESQ., SBN 711
              LAURIE L. TROTTER, ESQ., SBN 8696
28            ATTORNEYS FOR DEFENDANT
              HONEYWELL INTERNATIONAL, INC.



-22-

1

**CERTIFICATE OF SERVICE**

2   **Case No:  Case No.:  CV-N-04-0625-LRH-RJJ**

3       Pursuant to FRCP 5(b), I certify that I am an employee of Georgeson, Thompson &

4   Angaran, Chtd., and that on that on December 20, 2004, I deposited for mailing at Reno, Nevada,

5   a true copy of the attached document addressed to:

6   Kurt A. Franke, Esq.                          C. Andrew Waters, Esq.
    Law Offices of Kurt A. Franke            Michael L. Armitage, Esq.

7   575 Mill Street                            Waters & Kraus, LLP
    Reno, NV 89502                         200 Oceangate, Suite 520

8   **Attorneys for Plaintiff**                 Long Beach, CA 90802

9                                           **Attorneys for Plaintiff**

10   George D. Yaron, Esq.                Kelly A. Evans, Esq.
    William J. Geddes                   Snell & Wilmer, LLP

11   Yaron & Associates                 3800 Howard Hughes Pkwy., Suite 1000
    3097 East Warm Springs Road, Suite 200     Las Vegas, NV 89109

12   Las Vegas, NV  89120              **Attorneys for Ford Motor Co. and General**
    **Attorneys for Battle Mountain Gold Co., Carlin**   **Motors**

13   **Gold, Inc., and Newton Gold, Co.**

14

15   Jack C. Cherry, Esq.                 Troy Peyton, Esq.
    Alverson, Taylor, Mortenson,         Rumph & Peyton

16   Nelson & Sanders                 2300 West Sahara Avenue, Suite 1130
    7401 West Charleston Boulevard       Box 7

17   Las Vegas, NV 89117              Las Vegas, NV 89102
    **Attorneys for General Electric Company**     **Attorneys for Northrop Grumman Systems**

18                                        **Corporation & Kelsey- Hayes Co.**

19

20   James M. Barker, Esq.               William H. Pruitt, Esq.
    Gifford, Vernon & Barker           1404 S. Jones Blvd.

21   3110 South Rainbow Blvd., Suite 105     Las Vegas, NV 89146
    Las Vegas, NV 89146             **Attorneys for Hafer's Auto Parts Distributors**

22   **Attorneys for Borg Warner Corp., nka Burns**
    **International Services Corporation**

23   William E. Cooper, Jr., Esq.          Marsha H. Tarte, Esq.

24   Cooper Law Offices                 Pico & Mitchell, LTD.
    601 East Bridger Avenue           2000 S. Eastern Ave.

25   Las Vegas, NV 89101              Las Vegas, NV 89104
    **Attorneys for Parker Hannifin Corporation**   **Attorneys for Fairbanks Morse Pump**

26                                        **Corporation**

27

28



1   Eric Leitner, Esq.                                  Von S. Heinz, Esq.
    Eugene J. Wait, Jr., Esq.                           Amelia De Los Santos, Esq.
2   Wait Law Firm                                       Lewis and Roca, LLP
    305 W. Moana Lane, 2nd Floor                        3993 Howard Hughes Parkway, Suite 600
3   P.O. Box 719                                        Las Vegas, NV 89109
    Reno, NV 89504-0719                                 **Attorneys for Viacom (successor to CBS**
4   **Attorneys for Ingersoll-Rand**                    **Corporation f/k/a Westinghouse Electric**
                                                        **Corporation**
5

6   Anne H. Welborn, Esq.                               Michael R. Pontoni, Esq.
    Bullivant Houser Bailey PC                          64 N. Pecos Rd., Suite 100
7   3980 Howard Hughes Parkway, Suite 550               Henderson, NV 89074
    Las Vegas, NV 89109                                 **Attorney for Dresser Industries, Inc.**
8   **Attorneys for Bondex International**
    **And RMP, Inc.**
9

10  Janice J. Brown , Esq.                              Tomas V. Mazeika, Esq.
    Barker, Brown, Busby, Chrisman & Thomas, PC.        Fredrickson, Mazeika & Grant
11  900 S. Fourth Street                                333 South Sixth Street, Suite 230
    Las Vegas, NV 89101                                 Las Vegas, NV 89101
12  **Attorneys for Elliott Co.**                       **Attorneys for Hennessy Industries**

13  David Barron, Esq.                                  Peter B. Langbord, Esq.
    Barron, Vivone & Pruitt, CHTD.                      Christina Calareso, Esq.
14  1404 S. Jones Blvd.                                 Foley & Mansfield
    Las Vegas, NV 89146                                 595 East Colorado Blvd., Ste 418
15  **Attorneys for Gardner Denver, Inc.**              Pasadena, CA  91101
                                                        **Attorneys for Kelly Moore Paint Co., Inc.**
16

17  Michael M. Edwards, Esq.                            Steve E. Guinn, Esq.
    Lewis Brisbois Bisgaard & Smith, LLP                Laxalt & Nomura, Ltd.
18  City Centre Place                                   50 W. Liberty Street, Suite 700
    400 South Fourth St., Ste. 500                      Reno, NV  89501
19  Las Vegas, NV 89101                                 **Attorneys for Genuine Parts Company National**
20  **Attorneys for Kelly Moore Paint Co., Inc.**       **Automotive Parts Association (Inc.)**

21  David F. Brown, Esq.                                Charles W. Spann, Esq.
    Woodbury, Morris & Brown                            Perry & Spann, A Professional Corporation
22  701 N. Green Valley Pkwy., Suite 125                6130 Plumas St.
    Henderson, NV 89074                                 Reno, NV  89509
23  **Attorneys for Page Break Company**                **Attorneys for Penske Truck Leasing Corp.**

24

25  Julie Torres, Esq.                                  James G. Christensen, Esq.
    Jackson & Wallace, LLP                              Gordon & Rees, LLP
26  55 Francisco Street, 6th Floor                      3753 Howard Hughes Pkwy., Suite 200
    San Francisco, CA  94133                            Las Vegas, NV 89109
27  **Attorney for Viking Pumps, Inc.**                 **Attorneys for Sterling Fluid Systems USA Inc.**

28



1

2  Mary Price Birk, Esq.  
   Baker & Hostetler  

3  303 E. 17th Ave., Suite 1100  
   Denver, CO 80203-1264  

4  **Attorneys for Kelsey Hayes Co. and Northrop Grumman Systems Corp.**

5

6  Thomas C. Anderson, Esq.  
   Burbidge & White  

7  1400 Key Bank Tower  
    50 South Main Street  

8  Salt Lake City, Utah  84144  
   **Attorneys for Page Brake Company**

9  Shawn D. Parrish, Esq.  

10 Morgenstein & Jubelirer  
   One Market Plaza  

11 Spear Street Tower, 32nd Floor  
   San Francisco, CA  94105  

12 Attorneys for **Rolls-Royce Corp.**

13 Ryan Herrick, Esq.  
   Clark Vellis, Esq.  

14 Jones Vargas  

15 100 West Liberty St., 12th Floor  
   P. O. Box 281  

16 Reno, NV  89504  
   Attorneys for **TH Agriculture & Nutrition, LLC**

17

George R. Lyles, Esq.  
Lyles & Hawley  
2755 East Desert Inn Road, Suite 200  
Las Vegas, NV 89121  
**Attorneys for Genuine Parts Co.**

Thomas F. Kummer, Esq.  
Gavin C. Jangard, Esq.  
Kummer Kaempfer Bonner & Renshaw  
3800 Howard Hughes Pkwy, 7th Floor  
Las Vegas, NV  89109  
**Attorneys for PCC Flow/Johnston Pump Co.**

Michael A. Hagemeyer, Esq.  
2255-A Renaissance Dr.  
Las Vegas, NV  89119  
Attorneys for **Daimlerchrysler Corporation And General Motors Corporation**

18

19 Misty Colfack

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"



LAW OFFICES OF

# BURBIDGE & WHITE, L.L.C.

1400 KEY BANK TOWER
50 SOUTH MAIN STREET
SALT LAKE CITY, UTAH 84144

THOMAS C. ANDERSON

TELEPHONE (801) 359-7000
FACSIMILE (801) 236-5319

November 1, 2004

Jack G. Angaran                             *Via Facsimile (775) 827-9256*
Attorney-at-Law
100 West Grove Street, Suite 500
Reno, NV 89509

RE:    *Knutson v. Allis-Chalmers Corporation, et al.*

Dear Mr. Angaran:

Following our telephone conversation this morning we received a faxed copy of your letter of October 28, 2004, regarding possible removal of this case to Federal Court in Nevada. Our client, Page Brake, is in a somewhat unique position with respect to this litigation.

While the case was still in Las Vegas we filed a Motion to Quash Service of Process. That motion was supported by an accompanying memorandum of law. The plaintiffs filed an opposition. Before there was an opportunity to reply to their opposition and have the court rule on the Motion to Quash, the case was removed to Eureka. We have had an ongoing agreement with Mr. Franke that we will complete briefing and argument on our Motion to Quash as soon as venue is finally decided.

Accordingly, it is our view that Page Brake is not a defendant in this action. The question of lawful service is not yet resolved. No answer has been filed.

Page Brake is domiciled in Utah. To the best of our knowledge it has never operated an outlet or facility in the State of Nevada. Furthermore, all of the alleged exposure to products that may have been sold by Page Brake occurred in the State of Utah.

We certainly support the concept and propriety of the removal of this case to Federal Court. However, we do not feel that it is necessary or appropriate for Page Brake to join in the Petition for Removal because it is not a party to the action. Furthermore, we feel that a joinder in a Petition for Removal may jeopardize the position of Page Brake with respect to its Motion to Quash Service and other proceedings in this case.

Jack G. Angaran
Page 2
November 1, 2004

_____

Thank you for your courtesy in forwarding these documents to us for review and consideration. Please don't hesitate to contact us if you have questions regarding the forgoing or if we can be of assistance.

Very truly yours,

BURBIDGE & WHITE, L.L.C.

Thomas C. Anderson

TCA:dkh
cc:    C. Bryan Hansen
       Brinton R. Burbidge
       David Brown, Esq. (Woodbury, Morris & Brown)
       Cory Melander (Travelers Insurance)
G:\BRB\Page Brake\0001\Asbestos General\Jack Angaran 110104.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"



ORIGINAL

1  Eugene J. Wait, Jr.
   Nevada Bar #001794
2  Eric D. Leitner
   Nevada Bar #007789
3  WAIT LAW FIRM
   305 W. Moana Lane, Second Floor
4  P.O. Box 719
   Reno, Nevada  89504-0719
5  Telephone:  (775) 827-5500

6
   Attorneys for Defendant
7  INGERSOLL-RAND COMPANY

8

9              IN THE UNITED STATES DISTRICT COURT

10               FOR THE DISTRICT OF NEVADA

11 SANDRA KNUTSON and DENNIS
   KNUTSON,                        Case No. CV-N-04-0625-HDM-VPC
12
13        Plaintiffs,

14     v.                          JOINDER IN HONEYWELL
                                   INTERNATIONAL, INC.'S
15 ALLIS-CHALMERS CORPORATION,     NOTICE OF REMOVAL OF ACTION
   et al.,
16
17        Defendants.
   _____/

18      INGERSOLL-RAND COMPANY, through its undersigned attorneys,

19 hereby joins in the Notice of Removal filed by Defendant

20 HONEYWELL INTERNATIONAL, INC. in this action.

21      Dated:  November 4, 2004.

22                          WAIT LAW FIRM

23

24                          By: [signature]
25                             Eric D. Leitner
                               Nevada Bar #007789
26
27                          Attorneys for Defendant
                            INGERSOLL-RAND COMPANY
28

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827 6663

CERTIFICATE OF SERVICE

1

2    Pursuant to NRCP 5(b), I certify that I am an employee of

3    WAIT LAW FIRM, and that on November 4, 2004, I deposited for

4    mailing at Reno, Nevada, a true copy of the attached document

5    addressed to:

6

7    Kurt A. Franke, Esq.
Law Offices of Kurt A. Franke
8    Attorney at Law
575 Mill Street
9    Reno, NV 89502

10    C. Andrew Waters, Esq.
Michael L. Armitage, Esq.
11    B. Scott Kruka, Esq.
Saar Swartzon, Esq.
12    Waters & Kraus, LLP
Attorneys at Law
13    200 Oceangate, Suite 520
14    Long Beach, CA  90802

15    Troy E. Peyton, Esq.
Rumph & Peyton
16    Attorneys at Law
2300 West Sahara Avenue
17    Suite 1130
Box 7
18    Las Vegas, NV  89102

19

20    Mary Price Birk, Esq.
Ronald L. Hellbusch, Esq.
21    Baker & Hostetler, LLP
Attorneys at Law
22    303 E. 17th Avenue, #1100
Denver, CO 80203
23

24    Von S. Heinz, Esq.
Lewis and Roca, LLP
25    Attorneys at Law
3993 Howard Hughes Parkway
26    Suite 600
Las Vegas, NV  89109

27

28

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel (775) 827.5500 • Fax (775) 827.6663

1  David S. Barron, Esq.
Barron, Vivone, Holland
2   & Pruitt, Chtd.
Attorneys at Law
3  1404 South Jones Boulevard
Las Vegas,  NV 89146
4

5  Tomas V. Mazeika, Esq.
Scott L. Stonehacker, Esq.
6  Fredrickson, Mazeika & Grant, LLP
Attorneys at Law
7  333 S. Sixth Street
Suite 230
8  Las Vegas,  NV 89101

9
Andy J. Goetz, Esq.
10  Prindle, Decker & Amaro, LLP
Attorneys at Law
11  310 Golden Shore
4th Floor
12  Long Beach, CA 90801

13
Michael R. Pontoni, Esq.
14  Michael R. Pontoni, Ltd.
Attorneys at Law
15  64 N. Pecos Road
Suite 100
16  Henderson,  NV 89014

17
George D. Yaron, Esq.
18  William J. Geddes, Esq.
Yaron & Associates
19  Attorneys at Law
3097 East Warm Springs Road
20  Suite 200
Las Vegas, NV  89120
21

22  Jack G. Angaran, Esq.
Ryan J. Mandell, Esq.
23  Georgeson, Thompson
 & Angaran, Chtd.
24  Attorneys at Law
100 West Grove Street
25  Suite 500
Reno, NV 89509
26

27

28

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax: (775) 827-6663

1   Janice J. Brown, Esq.
    Barker, Brown, Busby,
2     Chrisman & Thomas, P.C.
    Attorneys at Law
3   900 South Fourth Street
    Las Vegas, NV 89101
4

5   Michael M. Edwards, Jr., Esq.
    Lewis Brisbois Bisgaard & Smith
6   Attorneys at Law
    City Centre Place
7   400 South Fourth Street
    Suite 500
8   Las Vegas, NV  89101

9
    Peter B. Langbord, Esq.
10  Foley & Mansfield, PLLP
    Attorneys at Law
11  595 E. Colorado Boulevard
    Suite 418
12  Pasadena, CA  91101

13
    Anne Hattery Wellborn, Esq.
14  Bullivant Houser Bailey PC
    Attorneys at Law
15  3980 Howard Hughes Parkway
    Suite 550
16  Las Vegas, NV  89109

17
    Kelly A. Evans, Esq.
18  Jay J. Schuttert, Esq.
    Snell & Wilmer LLP
19  Attorneys at Law
    3800 Howard Hughes Parkway
20  Suite 1000
    Las Vegas, NV  89109
21

22  Marsha H. Tarte, Esq.
    Pico, Escobar & Rosenberger
23  Attorneys at Law
    2000 South Eastern Avenue
24  Las Vegas, NV  89104

25
    Michael A. Hagemeyer, Esq.
26  Law Offices of Michael A. Hagemeyer
    Attorneys at Law
27  2255-A Renaissance Drive
    Las Vegas, NV  89119
28

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

1   Jack C. Cherry, Esq.
    Alverson, Taylor, Mortenson,
2     Nelson & Sanders
    Attorneys at Law
3   7401 West Charleston Boulevard
    Las Vegas, NV  89117
4

5   James M. Barker, Esq.
    Gifford, Vernon & Barker
6   Attorneys at Law
    3110 South Rainbow Boulevard
7   Suite 105
    Las Vegas, NV  89146
8

9   William E. Cooper, Jr., Esq.
    William E. Cooper Law Offices
10  Attorneys at Law
    601 S. Bridger Avenue
11  Las Vegas, NV  89101

12  David F. Brown, Esq.
    Woodbury, Morris & Brown
13  Attorneys at Law
    701 N. Green Valley Parkway
14  Suite 105
    Henderson, NV  89074
15

16  Thomas C. Anderson, Esq
    Durbidge & White
17  Attorneys at Law
    50 South Main, #1400
18  Salt Lake City, UT  84144

19
20  James G. Christensen, Esq
    Gordon & Rees, LLP
21  Attorneys at Law
    3753 Howard Hughes Parkway
22  Suite 200
    Las Vegas, NV  89109
23

24  Charles W. Spann, Esq
    Perry & Spann
25  Attorneys at Law
    5139 Plumas Street
26  Reno, NV  89509

27

28

WAIT LAW FIRM
Attorneys At Law
305 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel: (775) 827-5500 • Fax (775) 827-6663

William H. Pruitt, Esq.
Barron, Vivone, Holland
 & Pruitt
Attorneys at Law
1404 South Jones Boulevard
Las Vegas, NV  89146

Steven E. Guinn, Esq.
Angela M. Bader, Esq.
Laxalt & Nomura, Ltd.
Attorneys at Law
50 W. Liberty Street
Suite 700
Reno, NV  89501

Thomas F. Kummer, Esq.
Gavin C. Jangard, Esq.
Kummer Kaempfer Bonner
 & Renshaw
Attorneys at Law
Seventh Floor
3800 Howard Hughes Parkway
Las Vegas, Nevada  89109

Robert B. Katz, Esq.
Jackson & Wallace LLP
Attorneys at Law
656 Peachy Canyon Circle
Suite 201
Las Vegas, Nevada  89144

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WAIT LAW FIRM
Attorneys At Law
3105 W. Moana Lane, Second Floor, Reno, Nevada 89509
Tel (775) 827 5500 • Fax (775) 827-6663



## CERTIFICATION OF COPY

I hereby attest and certify on 12/8/2004 that the foregoing document is a full, true and correct copy of the hereinafter stated original document(s) now on file in my legal custody: JOINDER,   filed 11/5/2004 in case cv-n-04-0625 and assigned document number 26.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By:                           *Cynthia K. Jensen*

Deputy Clerk

---

PACER Service Center
Transaction Receipt

12/8/2004      3:14:46 PM

| | |
|---|---|
| PACER Login: | gt0631 |
| Description: | Adf/200411/041112162019234.tif.pdf |
| Billing Pages: | 6 |
| Client Code: | |
| Case Number: | CV-N-04-0625 - LRH-RJJ |
| Cost: | $0.42 |

United States District Court for the District of Nevada. All r

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT "C"

27
28



**ORIGINAL** RECEIVED
DROP BOX
U.T. IT FILED
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

1  CLARK V. VELLIS, ESQ.
   State Bar No. 5533
2  JONES VARGAS
   100 West Liberty Street, 12th Floor
3  PO Box 281
   Reno, Nevada 89504-0281
4  Telephone: (775) 786-5000
   *Attorneys for Defendant*
5  *T H Agriculture and Nutrition*

6

               IN THE UNITED STATES DISTRICT COURT
7
                    FOR THE DISTRICT OF NEVADA
8

   SANDIE KNUTSON and DENNIS KNUTSON      CASE NO.  CV-N-04-0625-LRH (VPC)
9
                    Plaintiffs
10
   vs.
11
   ALLIS-CHALMERS CORPORATION; BATTLE
   MOUNTAIN GOLD COMPANY; BMW OF
12 NORTH AMERICA, INC. (individually and
   as successor-in-interest to VOLKSWAGEN OF
13 AMERICA, INC., successor-in-interest to
   VICKERS GROUP PLC, successor-in-interest to
14 ROLLS-ROYCE MOTOR CARS) (Doe No. 3);
   BONDEX INTERNATIONAL, INC.; BURNS
15 INTERNATIONAL SERVICES CORP., f/k/a          **JOINDER IN NOTICE OF REMOVAL**
   BORG-WARNER CORP.; BORGWARNER
16 INC.; CHECKER CAB COMPANY, INC.;
   DAIMLERCHRYSLER CORPORATION;
17 DRESSER INDUSTRIES, INC. (sued individually
   and ad successor-in-interest to WORTHINGTON       U.S.
18 CORPORATION and WORTHINGTON PUMP             DISTRICT C.
   INC.); ELLIOTT TURBO MACHINERY CO.,               FILED
19 INC.; FAIRBANKS MORSE PUMP
   CORPORATION; FORD MOTOR COMPANY;              NOV 1 7 2004
20 GARDNER DENVER, INC.; GENERAL
   ELECTRIC COMPANY; GENERAL MOTORS
21 CORPORATION; GENUINE PARTS                    CLERK, U.S. DISTRICT COURT
   COMPANY (sued individually and as successor-
22 in-interest to NAPA HAWAII); HAFER'S AUTO    :PY
   PARTS DISTRIBUTORS; HALLIBURTON
23 ENERGY SERVICES, INC. (sued individually and
   as successor-in-interest to DRESSER
24 INDUSTRIES, INC., successor-in-interest to
   WORTHINGTON PUMP INC., and
25 WORTHINGTON CORPORATION);
   HENNESSY INDUSTRIES, INC.; HONEYWELL
26 INTERNATIONAL, INC. (sued individually, and
   as successor-in-interest to ALLIEDSIGNAL, INC.,
27 successor to BENDIX CORPORATION);
   INGERSOLL-RAND COMPANY; JOHNSTON
28 PUMP COMPANY (Doe No. 2); KELSEY-

                                    Page 1 of 6

H:\jaz\Cvv\T H Agriculture\Pleadings\Joinder in Notice of Removal.doc

*(vertical left margin)* JONES VARGAS  100 West Liberty Street - Twelfth Floor  PO Box 281  Reno, Nevada 89504-0281  Tel: (775) 786-5000  Fax: (775) 786-1177



1  HAYES COMPANY; KELLY-MOORE PAINT
   COMPANY, INC.; NATIONAL AUTOMOTIVE
2  PARTS ASSOCIATION (INC.); NEWMONT
   USA, LIMITED (successor-in-interest to
3  NEWMONT GOLD COMPANY and CARLIN
   GOLD MINING COMPANY); NORTHROP
4  GRUMMAN SYSTEMS CORPORATION; PAGE
   BRAKE COMPANY INCORPORATED;
5  PARKER-HANNIFIN CORPORATION; PCC
   FLOW TECHNOLOGIES HOLDINGS, INC.
6  (individually and as successor-in-interest to
   JOHNSTON PUMP COMPANY) (Doe No. 1);
7  PENSKE TRUCK LEASING CORPORATION
   (sued individually and as successor-in-interest to
8  ROLLINS TRUCK LEASING CORP.); ROLLS-
   ROYCE CORPORATION; RPM INC. (sued
9  individually and as successor-in-interest to
   BONDEX INTERNATIONAL, INC.); SIEMENS
10 WESTINGHOUSE POWER CORPORATION;
   STERLING FLUID SYSTEMS (USA), INC. f/k/a
11 PEERLESS PUMP COMPANY); VIACOM INC.,
   (sued individually and as successor-in-interest to
12 WESTINGHOUSE ELECTRIC CORPORATION
   and BF STURTEVANT); VIKING PUMP INC.;
13 and DOES 4-450 INCLUSIVE

14 _____ Defendants. _____

15              **JOINDER IN NOTICE OF REMOVAL**

16     Defendant T H Agriculture & Nutrition (hereinafter "THAN"), by and through their

17 attorneys, Jones Vargas, hereby joins in the Notice of Removal of Defendant Honeywell

18 International, Inc. to this Court of the action filed in the Seventh Judicial District Court, in and for

19 the County of Eureka, State of Nevada, Case No. CV-0403-039.   On November 15, 2004,

20 following the filing of Defendant Honeywell's Notice of Removal with this Court, THAN filed its

21 Answer with the Seventh Judicial District Court, a copy of which is attached hereto.

22 / / / /

23 / / / /

24 / / / /

25 / / / /

26 / / / /

27 / / / /

28

                        Page 2 of 6

H:\jaz\Cvv\T H Agriculture\Pleadings\Joinder in Notice of Removal.doc

DATED this 17th day of November, 2004.

JONES VARGAS

CLARK V. VELLIS, ESQ.
State Bar No. 5533
RYAN W. HERRICK, ESQ.
State Bar No. 7380
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

*Attorneys for Defendant*
*T H Agriculture and Nutrition*

Page3 of 6

H:\jaz\Cvv\T H Agriculture\Pleadings\Joinder in Notice of Removal.doc

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of JONES VARGAS, and on this date I am serving the attached *Joinder in Notice of Removal* on the party(s) set forth below by:

_____ Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail at Reno, Nevada, postage prepaid, following ordinary business practices

_____ Certified Mail, Return Receipt Requested

_____ Via Facsimile (Fax)

_____ Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand-Delivered

_____ Federal Express (or other overnight delivery)

| | |
|---|---|
| George D. Yaron, Esq.<br>William J. Geddes, Esq.<br>Yaron & Associates<br>3097 E. Warm Spring Rd., Suite 200<br>Las Vegas, NV 89120<br>*Attorneys for Battle Mountain Gold Co.*<br>*Newmont USA, Ltd. (Carlin Gold Mining*<br>*Co.)* | Marsha H. Tarte, Esq.<br>Pico, Escobar & Rosenberger<br>2000 So. Eastern Avenue<br>Las Vegas, NV 89104<br>*Attorneys for Fairbanks Morse Pump Corp.* |
| Anne H. Wellborn, Esq.<br>Bullivant Houser Bailey<br>3980 Howard Hughes Parkway, Suite 500<br>Las Vegas, NV 89109<br>*Attorneys for Bondex Int'l, Inc.; RPM Inc.* | Kelly A. Evans, Esq.<br>Jay J. Schuttert, Esq.<br>Snell & Wilmer<br>3800 Howard Hughes Parkway, Suite 1000<br>Las Vegas, NV 89109<br>*Attorneys for Ford Motor Co.; General*<br>*Motors Corporation* |
| James M. Barker, Esq.<br>Gifford Vernon & Barker<br>3110 So. Rainbow Blvd., Suite 105<br>Las Vegas, NV 89146<br>*Attorneys for Burns Int'l Services Corp.*<br>*(Borg Warner)* | David Barron, Esq.<br>William H. Pruitt, Esq.<br>Barron, Vivone & Pruitt<br>1404 So. Jones Blvd.<br>Las Vegas, NV 89146<br>*Attorneys for Gardner Denver, Inc.;*<br>*Hafer's Auto Parks Distributors* |
| Michael A. Hagemeyer, Esq.<br>2255-A Renaissance Drive<br>Las Vegas, NV 89119<br>*Attorneys for DaimlerChrysler Corp.* | Jack Cherry, Esq.<br>Alverson, Taylor, Mortensen, et al.<br>7401 W. Charleston Blvd.<br>Las Vegas, NV 89117<br>*Attorneys for General Electric Company* |

Page 4 of 6

JONES VARGAS<br>100 West Liberty Street - Twelfth Floor<br>PO Box 281<br>Reno, Nevada 89504-0281<br>Tel: (775) 786-5000  Fax: (775) 786-1177

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

| | |
|---|---|
| Michael R. Pononi, Esq.<br>Michael R. Pnoni, Ltd.<br>64 No. Pecos Road, Suite 100<br>Henderson, NV 89104<br>*Attorneys for Dresser Industries* | Steven E. Guinn, Esq.<br>Laxalt & Nomura, Ltd.<br>50 W. Liberty St., Suite 700<br>Reno, NV 89501<br>*Attorneys for Genuine Parts Company;*<br>*National Automotive Parks Association (Inc.)* |
| Janice J. Brown, Esq.<br>Barker, Brown, Busby, et al.<br>900 So. Fourth Street<br>Las Vegas, NV 89101<br>*Attorneys for Elliott Company (Elliott*<br>*Turbomachinery Co., Inc.)* | Thomas V. Mazeika, Esq.<br>Scott L. Stonehocker, Esq.<br>Frederickson, Mazeika & Grant<br>333 So. Sixth Street, Suite 230<br>Las Vegas, NV 89101<br>*Attorneys for Hennessy Industries, Inc.* |
| Jack G. Angaran, Esq.<br>Ryan J. Mandell, Esq.<br>Georgeson, Thompson & Angaran<br>100 W. Grove St., Suite 500<br>Reno, NV 89509<br>*Attorneys for Honeywell Int'l, Inc.* | Charles W. Spann, Esq.<br>Perry & Spann<br>6130 Plumas Street<br>Reno, NV 89509<br>*Attorneys for Penske Truck Leasing Corp.* |
| Leah R. Wigren, Esq.<br>Wait Law Firm<br>305 W. Moana Lane, 2nd Floor<br>Reno, NV 89509<br>*Attorneys for Ingersoll-Rand Company* | Shawn D. Parish, Esq.<br>Mergenstein & Jubelirer<br>One Market Plaza<br>Spear Street Tower, 32nd Floor<br>San Francisco, CA 94105<br>*Attorneys for Rolls-Royce Corporation* |
| Peter B. Langbord, Esq.<br>Christina Calareso, Esq.<br>Foley & Mansfield<br>595 E. Colorado Blvd., Suite 418<br>Pasadena, CA 91101<br>*Attorneys for Kelly-Moore Paint Co., Inc.* | James G. Christensen, Esq.<br>Gordon & Rees<br>3753 Howard Hughes Parkway, Suite 200<br>Las Vegas, NV 89109<br>*Attorneys for Sterling Fluid Systems (USA),*<br>*LLC* |
| Troy Peyton, Esq.<br>Rumph & Peyton<br>2300 W. Sahara Avenue, Suite 1130, Box 7<br>Las Vegas, NV 89102<br>*Attorneys for Kelsey-Hayes Co.* | Von S. Heinz, Esq.<br>Lewis & Roca, LLP<br>3993 Howard Hughes Parkway, Suite 600<br>Las Vegas, NV 89109<br>*Attorneys for Viacom, Inc.; Siemens*<br>*Westinghouse Power Corp.* |
| Thomas C. Anderson, Esq.<br>Burbidge & White<br>1400 Key Bank Tower<br>50 So. Main Street<br>Salt Lake City, UT 84144<br>*Attorneys for Page Brake Company* | Julie Torres, Esq.<br>Jackson & Wallace, LLP<br>55 Francisco Street, 6th Floor<br>San Francisco, CA 94133<br><br>Albert L. Thuesen, III, Esq.<br>Jackson & Wallace, LLP<br>656 Peachy Canyon, Suite 201<br>Las Vegas, NV 89134<br><br>*Attorneys for Viking Pump, Inc.* |

H:\jaz\Cvv\T H Agriculture\Pleadings\Joinder in Notice of Removal.doc

| | |
|---|---|
| William E. Cooper, Esq.<br>Law Offices of William E. Cooper<br>601 E. Bridger Avenue<br>Las Vegas, NV 89101<br>*Attorneys for Parker-Hannifin Corp.* | Michael M. Edwards, Esq.<br>Lewis Brisbois Bisgaard & Smith<br>City Centre Place<br>400 So. 4th Street, Suite 500<br>Las Vegas, NV 89101<br>*Attorneys for BMW of No. America, Inc.*<br>*(Doe 3); Kelly-Moore Paint Company, Inc.* |
| P. Daffodil Tyminski, Esq.<br>Morgan, Lewis, Bockius, LLP<br>300 So. Grand Ave., 22nd Floor<br>Los Angeles, Ca 90071-3131<br>*Attorneys for T H Agriculture & Nutrition* | Kurt A. Franke, Esq.<br>Law Offices of Kurt A. Franke<br>515 Mill Street<br>Reno, NV 89502<br>*Attorneys for Plaintiffs* |
| Michael L. Armitage, Esq.<br>Waters & Kraus, LLP<br>200 Oceangate, Suite 520<br>Long Beach, Ca 90802<br>*Attorneys for Plaintiffs* | |

DATED this 17th day of November, 2004.

*Kathy Maddock*
Kathy Maddock, an Employee of Jones Vargas

H:\jaz\Cvv\T H Agriculture\Pleadings\Joinder in Notice of Removal.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1  CLARK V. VELLIS, ESQ.
   State Bar No. 5533
2  JONES VARGAS
   100 West Liberty Street, 12th Floor
3  PO Box 281
   Reno, Nevada 89504-0281
4  Telephone: (775) 786-5000
   Attorneys for Defendant
5  T H Agriculture and Nutrition

6

   IN THE SEVENTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
7
   IN AND FOR THE COUNTY OF EUREKA
8

9

10  SANDIE KNUTSON and DENNIS KNUTSON          CASE NO.  CV-0403-039

11          Plaintiffs                        DEPT. NO.  1

    vs.
12
    ALLIS-CHALMERS CORPORATION; BATTLE
13  MOUNTAIN GOLD COMPANY; BMW OF
    NORTH AMERICA, INC. (individually and as
14  successor-in-interest to VOLKSWAGEN OF
    AMERICA, INC., successor-in-interest to
15  VICKERS GROUP PLC, successor-in-interest to
    ROLLS-ROYCE MOTOR CARS) (Doe No. 3);       ANSWER TO FIRST AMENDED
16  BONDEX INTERNATIONAL, INC.; BURNS                   COMPLAINT
    INTERNATIONAL SERVICES CORP., f/k/a
17  BORG-WARNER CORP.; BORGWARNER
    INC.; CHECKER CAB COMPANY, INC.;
18  DAIMLERCHRYSLER CORPORATION;
    DRESSER INDUSTRIES, INC. (sued individually
19  and ad successor-in-interest to WORTHINGTON
    CORPORATION and WORTHINGTON PUMP
20  INC.); ELLIOTT TURBO MACHINERY CO.,
    INC.; FAIRBANKS MORSE PUMP
21  CORPORATION; FORD MOTOR COMPANY;
    GARDNER DENVER, INC.; GENERAL
22  ELECTRIC COMPANY; GENERAL MOTORS
    CORPORATION; GENUINE PARTS
23  COMPANY (sued individually and as successor-
    in-interest to NAPA HAWAII); HAFER'S AUTO
24  PARTS DISTRIBUTORS; HALLIBURTON
    ENERGY SERVICES, INC. (sued individually and
25  as successor-in-interest to DRESSER
    INDUSTRIES, INC., successor-in-interest to
26  WORTHINGTON PUMP INC., and
    WORTHINGTON CORPORATION);
27  HENNESSY INDUSTRIES, INC.; HONEYWELL
    INTERNATIONAL, INC. (sued individually, and
28  as successor-in-interest to ALLIEDSIGNAL, INC.,
    successor to BENDIX CORPORATION);

                          Page 1 of 18

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

INGERSOLL-RAND COMPANY; JOHNSTON
PUMP COMPANY (Doe No. 2); KELSEY-
HAYES COMPANY; KELLY-MOORE PAINT
COMPANY, INC.; NATIONAL AUTOMOTIVE
PARTS ASSOCIATION (INC.); NEWMONT
USA, LIMITED (successor-in-interest to
NEWMONT GOLD COMPANY and CARLIN
GOLD MINING COMPANY); NORTHROP
GRUMMAN SYSTEMS CORPORATION; PAGE
BRAKE COMPANY INCORPORATED;
PARKER-HANNIFIN CORPORATION; PCC
FLOW TECHNOLOGIES HOLDINGS, INC.
(individually and as successor-in-interest to
JOHNSTON PUMP COMPANY) (Doe No. 1);
PENSKE TRUCK LEASING CORPORATION
(sued individually and as successor-in-interest to
ROLLINS TRUCK LEASING CORP.); ROLLS-
ROYCE CORPORATION; RPM INC. (sued
individually and as successor-in-interest to
BONDEX INTERNATIONAL, INC.); SIEMENS
WESTINGHOUSE POWER CORPORATION;
STERLING FLUID SYSTEMS (USA), INC. f/k/a
PEERLESS PUMP COMPANY); VIACOM INC.,
(sued individually and as successor-in-interest to
WESTINGHOUSE ELECTRIC CORPORATION
and BF STURTEVANT); VIKING PUMP INC.;
and DOES 4-450 INCLUSIVE

Defendant

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, T H Agriculture and Nutrition (hereinafter "THAN") by and through their counsel, Jones Vargas, with their answer to the First Amended Complaint of Plaintiffs Sandie Knutson and Dennis Knutson, admit, deny and allege as follows:

## GENERAL ALLEGATIONS

1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 1 and, therefore, denies the same.

2.    Defendant denies the allegations contained in Paragraph 2.

## FIRST CAUSE OF ACTION

### (Negligence)

3.    Defendant denies the allegations contained in Paragraph 3.

4.    Defendant denies the allegations contained in Paragraph 4.

Page 2 of 18

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

JONES VARGAS
100 West Liberty Street – Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

5.      Defendant denies the allegations contained in Paragraph 5.

6.      Defendant denies the allegations contained in Paragraph 6.

7.      Defendant denies the allegations contained in Paragraph 7.

8.      Defendant denies the allegations contained in Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff Sandi Knutson used, handled or has been otherwise exposed to asbestos or asbestos containing products and, therefore, denies the same.  Defendant denies the remaining allegations of Paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's father, Robert Ketterer worked with, used and/or was exposed asbestos or asbestos containing products and, therefore, denies the same.  Defendant denies the remaining allegations of Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff Dennis Knutson worked with, used and/or was exposed to asbestos containing products and/or machinery and, therefore, denies the same.  Defendant denies the remaining allegations of Paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 12 and, therefore, denies the same.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff Sandi Knutson was exposed to harmful asbestos dust and/or asbestos containing products and, therefore, denies the same.  Defendant denies the remaining allegations of Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 and, therefore, denies the same.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 and, therefore, denies the same.

16.     This Defendant specifically denies that it in any way contributed or caused any severe or permanent injury to Plaintiff Sandi Knutson.  Defendant lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 16 and, therefore, denies the same.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 17 and, therefore, denies the same.

18.    This Defendant specifically denies that it in any way caused and/or contributed to any malignant pleural mesothelioma which may be suffered by Plaintiff.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 14 and, therefore, denies the same.

19.    Defendant denies the allegations contained in Paragraph 19.

20.    Defendant denies the allegations contained in Paragraph 20.

21.    Defendant denies the allegations contained in Paragraph 21.

22.    Defendant denies the allegations contained in Paragraph 22.

23.    Defendant denies the allegations contained in Paragraph 23.

24.    Defendant denies the allegations contained in Paragraph 24.

## SECOND CAUSE OF ACTION

### (Strict Liability)

25.    Defendant repeats and realleges each and every response contained in Paragraph 1 through 24 as though fully set forth herein.

26.    Defendant denies the allegations contained in Paragraph 26.

27.    Defendant denies the allegations contained in Paragraph 27.

28.    Defendant denies the allegations contained in Paragraph 28.

29.    Defendant denies the allegations contained in Paragraph 29.

30.    Defendant denies the allegations contained in Paragraph 30.

31.    Defendant denies the allegations contained in Paragraph 31.

32.    Defendant denies the allegations contained in Paragraph 32.

33.    Defendant denies the allegations contained in Paragraph 33.

34.    Defendant denies the allegations contained in Paragraph 34.

35.    Defendant denies the allegations contained in Paragraph 35.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

36.     Defendant denies the allegations contained in Paragraph 36.

## THIRD CAUSE OF ACTION

### (False Representation Under Restatement of Torts Section 402-B)

37.     Defendant repeats and realleges each and every response contained in Paragraph 1 through 36 as though fully set forth herein.

38.     Defendant denies the allegations contained in Paragraph 38.

39.     Defendant denies the allegations contained in Paragraph 39.

40.     Defendant denies the allegations contained in Paragraph 40.

41.     Defendant denies the allegations contained in Paragraph 41.

## FOURTH CAUSE OF ACTION

### (Intentional Tort/Intentional Failure to Warn)

42.     Defendant repeats and realleges each and every response contained in Paragraph 1 through 41 as though fully set forth herein.

43.     Defendant denies the allegations contained in Paragraph 43.

44.     Defendant denies the allegations contained in Paragraph 44.

45.     Defendant denies the allegations contained in Paragraph 45.

46.     Defendant denies the allegations contained in Paragraph 46.

## FIFTH CAUSE OF ACTION

### (Premises Owner/Contractor Liability)

47.     Defendant repeats and realleges each and every response contained in Paragraph 1 through 46 as though fully set forth herein.

48.     Defendant denies the allegations contained in Paragraph 48.

49.     Defendant denies the allegations contained in Paragraph 49.

50.     Defendant denies the allegations contained in Paragraph 50.

51.     Defendant denies the allegations contained in Paragraph 51.

52.     Defendant denies the allegations contained in Paragraph 52.

53.     Defendant denies the allegations contained in Paragraph 53.

54,     Defendant denies the allegations contained in Paragraph 54.

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax:   (775) 786-1177

55. Defendant denies the allegations contained in Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56.

57. Defendant denies the allegations contained in Paragraph 57.

58. Defendant denies the allegations contained in Paragraph 58.

59. Defendant denies the allegations contained in Paragraph 59.

60. Defendant denies the allegations contained in Paragraph 60.

61. Defendant denies the allegations contained in Paragraph 61.

62. Defendant denies the allegations contained in Paragraph 62.

63. Defendant denies the allegations contained in Paragraph 63.

64. Defendant denies the allegations contained in Paragraph 64.

65. Defendant denies the allegations contained in Paragraph 65.

66. Defendant denies the allegations contained in Paragraph 66.

67. Defendant denies the allegations contained in Paragraph 67.

68. Defendant denies the allegations contained in Paragraph 68.

69. Defendant denies the allegations contained in Paragraph 69.

70. Defendant denies the allegations contained in Paragraph 70.

71. Defendant denies the allegations contained in Paragraph 71.

## SIXTH CAUSE OF ACTION

### (Loss of Consortium)

72. Defendant repeats and realleges each and every response contained in Paragraph 1 through 71 as though fully set forth herein.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 73 and, therefore, denies the same.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 and, therefore, denies the same.

75. Defendant denies the allegations contained in Paragraph 75.

76. Defendant denies the allegations contained in Paragraph 76.

///

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

### FIRST AFFIRMATIVE DEFENSE

The complaint and each and every cause of action therein, is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

The product involved was materially altered or changed by a party or parties other than, and without the permission of, this answering Defendant, its employees, servants, or other agents and such alteration or change creating the alleged defect, if any, was the proximate or legal cause of Plaintiffs' injuries or damages, if any.

### THIRD AFFIRMATIVE DEFENSE

The defect in the product, if any, was known to Plaintiffs, who used said product after full knowledge of said alleged defect; as a result, Plaintiffs are barred from recovery herein, proportionately or totally, in that they voluntarily exposed themselves and their property to a known danger and thereby assumed the risk of any injury or damage resulting from that injury.

### FOURTH AFFIRMATIVE DEFENSE

The product was improperly maintained and cared for by the Plaintiffs or their employers or their agents; such improper maintenance and care created the defects, if any, that was the proximate or legal cause of Plaintiffs' injuries and damages, if any; such improper maintenance and care was unforeseeable to this answering Defendant; and Plaintiffs' claim is thereby reduced by the percentage of all responsibility attributable to Plaintiffs, their employers or other agents by virtue of said improper maintenance and care.

### FIFTH AFFIRMATIVE DEFENSE

The loss, injury, or damage, if any, incurred by Plaintiffs were the result of superseding or intervening causes arising from negligent or willful acts or omissions by parties which Defendant neither controlled nor had the right to control, and said losses, injuries, or damages were not proximately or legally caused by any act, omission, or other conduct of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs failed to mitigate their damages, if any, in that they failed to use reasonable diligence in caring for their injuries and reasonable means to prevent their aggravation or to

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

1   accomplish their healing.

2                          **SEVENTH AFFIRMATIVE DEFENSE**

3           If this Defendant is responsible to Plaintiffs, which responsibility is expressly denied, this

4   Defendant shall be liable to Plaintiffs only for the amount of non-economic damages allocated to

5   this Defendant in direct proportion to this Defendant's percentage of fault, if any.

6                          **EIGHTH AFFIRMATIVE DEFENSE**

7           Plaintiffs' claims are barred by the doctrine of laches.

8                          **NINTH AFFIRMATIVE DEFENSE**

9           If the products described in the first amended complaint were manufactured or distributed

10  by Defendant, they were manufactured or distributed in accordance with specifications and

11  requirements supplied to Defendant by persons other than Defendant including, but not limited to

12  the government of the United States of America.  Any defect in said products were caused by

13  deficiencies in said mandatory specifications and requirements supplied to Defendant, which

14  deficiencies were neither known to Defendant nor discoverable by Defendant with the exercise of

15  reasonable care.

16                         **TENTH AFFIRMATIVE DEFENSE**

17          THAN is immune from liability for any conduct performed in conformance with

18  government specifications or private contractual specifications pursuant to the doctrine and rules

19  embodied in *Boyle v. United Technologies Corporation*, 487 U.S. 500 (1988), and any other

20  relevant immunity established by statute, regulation, or otherwise.

21                         **ELEVENTH AFFIRMATIVE DEFENSE**

22          Any exposure of Plaintiffs to Defendant's products was so minimal as to be insufficient to

23  establish a reasonable degree of probability that any such product caused any alleged injury,

24  damage, or loss to Plaintiffs.

25                         **TWELFTH AFFIRMATIVE DEFENSE**

26          The first amended complaint and each purported cause of action contained therein fail to

27  comply with procedural and legal requirements of service of process upon THAN.  Recovery

28  sought by this first amended complaint is therefore barred.

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street · Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

## THIRTEENTH AFFIRMATIVE DEFENSE

The first amended complaint and each purported cause of action contained therein fail to comply with procedural and legal requirements which are conditions precedent to the naming of THAN, service of THAN, and maintenance of this action against THAN.  Recovery sought by this first amended complaint is therefore barred.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Defendant has purportedly been named or served in this action as Doe defendant, such effort by Plaintiffs is invalid on the ground that Plaintiffs knew or should have known of the identity of the Defendant and the Plaintiffs alleged causes of action against Defendant at the time of the filing of the first amended complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and upon such information and belief alleges that Plaintiffs were negligent, careless, reckless, and acted unlawfully in the use, control, direction and application of their bodily movements and the equipment, safety devices, and other facilities supplied to them and existing as part of the environment, and the injuries, if any, and damages, if any, were directly and proximately caused and contributed to by their own negligence.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes and upon such information and belief alleges that Plaintiffs misused the product and used same after knowledge of defect, if any, existing therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' employer so negligently, carelessly, recklessly, and unlawfully directed, controlled, and supplied Plaintiffs and Plaintiffs' co-employees with a working environment, including safety and protective equipment, clothing or the lack thereof, so as to directly and proximately cause and contribute to the injuries in question, if the same do exist, and to the extent that any sum or sums have been paid to Plaintiffs by said employer, this claim is barred thereby.

## EIGHTEEN AFFIRMATIVE DEFENSE

Failure of Plaintiffs to use available protective equipment, which failure directly and proximately caused and contributed to all or part of the injuries and damages claimed by the

1  Plaintiffs, and which failure bars the right of the Plaintiffs to recover herein for any such injuries

2  or damages.

### NINETEENTH AFFIRMATIVE DEFENSE

4  The first amended complaint, and each and every cause of action therein, fails to state facts

5  sufficient to constitute a cause of action again this Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

7  The first amended complaint, and each and every cause of action therein, fails to state facts

8  sufficient to constitute a cause of action against answering Defendant upon which relief can be

9  granted.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

11  The statutory authority in Nevada, by which Plaintiffs claims punitive damages, is invalid

12  on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth

13  Amendments to the Constitution of the United States and Article 1 of the Constitution of the State

14  of Nevada.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

16  The first amended complaint and each purported cause of action contained therein are

17  barred by this Court's lack of jurisdiction over the person of this answering Defendant, THAN.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

19  The instant action is barred by the rule against splitting a cause of action.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

21  Plaintiffs are collaterally estopped or barred by the doctrine of res judicata from

22  maintaining this action and/or seeking damages against this answering Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

24  Defendant is informed and believes and upon that ground alleges that Plaintiffs' claims

25  against this answering Defendant are barred by the doctrine of settlement, release, compromise and

26  accord and satisfaction.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

28  Defendant is informed and believes and upon that ground alleges that Plaintiffs' claims

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

against this answering Defendant are barred by the "Full Faith and Credit" clause of the U.S. Constitution, Article IV, Section 1, and Nevada case law interpreting this provision.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims based upon this answering Defendant's alleged duty to warn are barred because Plaintiffs' employer(s) is/are considered learned intermediaries and/or bulk suppliers as contemplated by Restatement of Torts.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any duty on the part of this Defendant to warn Plaintiffs of the risks and dangers of utilization of the product in question, if any such duty exists, was satisfied through the information and warnings provided to Plaintiffs' employer(s). Accordingly, Defendant is discharged of its duty to warn Plaintiffs of the risk of utilizing the subject product, if any such duty existed, by so advising Plaintiffs' employer(s).

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Any alleged raw materials left the possession and control of Defendant, and without their control or approval, such materials were redesigned, modified, altered, incorporated into a finished product, and subjected to treatment which substantially changed their character. The defect in any raw materials, as alleged in the first amended complaint, resulted, if at all, from the redesign, modification, alteration, treatment or other change of the materials after the Defendant relinquished possession and control and not from any act or omission of Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs were not in privity with Defendant and, therefore, may not rely upon the theory of any alleged express or implied warranty, or alleged breach thereof.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs failed to notify Defendant of any breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach of warranty and are, therefore, barred from any recovery for such claims.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant has effectively disclaimed all implied warranties of merchantability or fitness

JONES VARGAS
100 West Liberty Street – Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1  for a particular purpose, together with any other express or implied warranties other than those

2  specifically stated on the product's label, subject to the inherent risk of use also disclosed on the

3  product's label.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

5  Defendant has effectively precluded any assertion by Plaintiffs of any alleged statement

6  and/or representation and/or agreement made by this answering Defendant or any of its agents or

7  representatives as means to avoid the disclaimers of warranties and limitations of remedies on the

8  product label.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

10  Plaintiffs have failed to properly join all parties which are necessary or indispensable to

11  this action in accordance with the Nevada Code of Civil Procedure.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

13  Upon information and belief, Plaintiffs have waived and/or estopped from asserting each

14  purported cause of action in the first amended complaint.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

16  Plaintiffs are barred from recovery due to improper venue.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

18  At all material times, the state of the medical and industrial art was such that there was no

19  generally accepted or recognized knowledge of any unavoidably unsafe, inherently dangerous,

20  hazardous or defective character, or nature, of asbestos products, when used in the manner and for

21  the purposes intended and in the circumstances of Plaintiffs' use or exposure, so that there was no

22  duty by THAN to know of such character or nature, or to warn Plaintiffs or others similarly

23  situated.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

25  This action was not brought within the time limit for the commencement of such actions by

26  the governing statute of repose.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

28  Plaintiffs fail to state any claims and are accordingly barred from recovering herein,

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1  because Plaintiffs have failed to identify any exposure to asbestos caused by THAN.

2  ### FORTIETH AFFIRMATIVE DEFENSE

3  THAN is entitled to set-offs for any amount paid or to be paid to Plaintiffs, as settlement

4  for damages arising out of the claims asserted in the first amended complaint.

5  ### FORTY-FIRST AFFIRMATIVE DEFENSE

6  The first amended complaint is barred because Plaintiffs' injuries, if any, arose out of and

7  occurred in the course and scope of Plaintiffs' employment, and were legally caused by the

8  negligence or other wrongful conduct of Plaintiffs' employer, such that THAN is entitled to a set-

9  off against any award of damages herein made to Plaintiffs to the extent of workers' compensation

10  benefits received or to be received by Plaintiffs.  By reason of the negligent and wrongful conduct

11  by Plaintiffs, and if THAN be found liable for any alleged injuries or damages in this litigation,

12  any recovery by Plaintiffs' employer and/or its workers' compensation insurance carrier should be

13  reduced and/or barred.

14  ### FORTY-SECOND AFFIRMATIVE DEFENSE

15  At all times mentioned, Plaintiffs were acting in the course and scope of their employment

16  and the injuries sustained by t he Plaintiffs, if any, were caused or contributed to by the

17  carelessness and negligence of Plaintiffs' employers and/or co-employees, entitling THAN to a set-

18  off in an amount equal to the extent of payments, if any, received by said Plaintiffs from Plaintiffs'

19  employers or their workers' compensation insurance carriers.

20  ### FORTY-THIRD AFFIRMATIVE DEFENSE

21  In the event the Plaintiffs in this action are entitled to a joint judgment against THAN and

22  any of the other Defendants, THAN is entitled to an order of court that each of said judgment

23  debtors pay to Plaintiffs their or its proportionate share of the joint judgment as determined by the

24  trier of fact and further, in the event that THAN is required to pay to Plaintiffs a disproportionate

25  share of the judgment, THAN will be awarded judgment of contribution against any judgment

26  debtors who paid less than said debtors' proportionate share, in the amount of said underpayment.

27  ### FORTY-FOURTH AFFIRMATIVE DEFENSE

28  THAN denies any and all liability to the extent that THAN's liability is asserted to be as a

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1   successor, successor-in-business, successor-in-interest, successor in products line or a portion

2   thereof, assign, or predecessor, predecessor-in-business, predecessor-in-interest, predecessor in

3   product line or a portion thereof, parent, alter-ego, subsidiary, wholly or partially owned by, or the

4   whole or partial owner or member in an entity owning property, maintaining premises, research,

5   studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying,

6   offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing,

7   marketing, warranting, re-branding, manufacturing for others, packaging and advertising any of the

8   products to which Plaintiffs allege they were exposed.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

10  The first amended complaint and each purported cause of action contained therein is barred

11  because any liability alleged by the Plaintiffs is completely indemnified by other third parties.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

13  Plaintiffs are barred from recovery in that the injuries or damages Plaintiffs allege were

14  proximately caused or contributed to by Plaintiffs' unusual susceptibility or hypersensitive

15  reactions.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

17  THAN is unable to determine at this time all of the affirmative defenses that it may have

18  against Plaintiffs' allegations as the first amended complaint is vague.  THAN reserves the right to

19  assert further affirmative defenses as the acts of this case are revealed.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

21  Plaintiffs purported extension of market share liability fails to state a cause of action

22  because it cannot apply to a generic name for a family of minerals with widely divergent toxicities

23  that have different uses and, in addition, these Plaintiffs have failed to join a substantial share of

24  the overall national asbestos market.

### FORTY-NINTH AFFIRMATIVE DEFENSE

26  Plaintiffs punitive damage claim against THAN cannot be sustained because Nev.Rev.Stat.

27  42.005(2) impermissibly singles out and exempts product liability cases from the limits otherwise

28  imposed on the recovery of punitive damages, leaving their assessment to the standard less

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

1  discretion of the finder of fact.  Further, the statute and Nevada cases decided under it do not

2  comply.

### FIFTIETH AFFIRMATIVE DEFENSE

4  Plaintiffs' injuries, if any, were the result of intervening and/or superseding events,

5  occurrences or conditions which were in no way caused by this answering Defendant, and for

6  which this answering Defendant is not liable.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

8  Insofar as Plaintiffs' first amended complaint purports to state claims for misrepresentation

9  and fraud and conspiracy to misrepresent and commit fraud, the allegations in Plaintiffs' first

10  amended complaint lack the particularity required by Fed.R.Civ.P.9(b).

### FIFTY-SECOND AFFIRMATIVE DEFENSE

12  Any injuries allegedly suffered by Plaintiffs were caused, in whole or part, by the

13  contributory or comparative negligence, fault, or failure to exercise reasonable care of Plaintiffs,

14  and recover, if any, must be reduced in proportion to the responsibility of Plaintiffs.

### FIFTY-THIRD AFFIRMATIVE DEFENSE

16  To the extent that Plaintiffs have sustained any injuries or incurred any expenses, such

17  injuries and expenses were caused, in whole or in part, by the acts of omissions of others for

18  whose conduct this answering Defendant is not responsible.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

20  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to give this

21  answering Defendant proper or timely notice of any alleged defect or breach of warranty.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

23  Plaintiffs' claim for civil penalties, on its face and as applied, violates the excessive fines

24  and penalties clause of the United States Constitution.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

26  Plaintiffs fail to state facts sufficient to entitle Plaintiffs to an award of punitive damages

27  against this answering Defendant.

28  ///

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against this answering Defendant is barred, in whole or in part, because an award of punitive damages would violate this answering Defendant's due process and equal protection rights guaranteed by the United States Constitution and the common law and public policies of the State of Nevada.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages against this answering Defendant cannot be sustained because any award of punitive damages made under a process that fails to bifurcate the issues of punitive damages and the remaining issues would violate this answering Defendant's due process rights guaranteed by the United States Constitution and would be improper under the common law and public policies of the State of Nevada.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

It has been necessary for this answering Defendant to employ the services of an attorney to defend this action and a reasonable sum should be allowed this answering Defendant as and for attorney's fees, together with their costs expended in this action.

## SIXTIETH AFFIRMATIVE DEFENSE

This answering Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, this answering Defendant reserves the right to seek leave of Court to amend this Answer to specifically assert any such defense. Such defenses are herein incorporated by reference for the specific purpose of not waiving any such defense.

///
///
///
///
///
///

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000   Fax: (775) 786-1177

## SIXTY-FIRST AFFIRMATIVE DEFENSE

This answering Defendant denies each and every allegation of the first amended complaint not specifically admitted or otherwise pled to herein.

Dated this 12th day of November, 2004.

JONES VARGAS

CLARK V. VELLIS, ESQ.
State Bar No. 5533
100 W. Liberty St, 12th Floor
P.O. Box 281
Reno, NV 89504-0281

Attorneys for Defendant
T H Agriculture and Nutrition

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I certify that I am an employee of JONES VARGAS, and on this date I deposited in the United States mail at Reno, Nevada a true copy of the ANSWER TO FIRST AMENDED COMPLAINT addressed to:

Kurt A. Franke, Esq.
Law Offices of Kurt A. Franke
515 Mill Street
Reno, NV 89502

P. Daffodil Tyminski
Morgan Lewis & Bockius, LLP
300 So. Grand Ave., 22nd Floor
Los Angeles, CA 90071-3132

Michael L. Armitage, Esq.
Waters & Kraus, LLP
200 Oceangate, Suite 520
Long Beach, CA 90802

DATED this 12th day of November, 2004.

*Kathy Maddock*

an Employee of Jones Vargas

JONES VARGAS
100 West Liberty Street - Twelfth Floor
PO Box 281
Reno, Nevada 89504-0281
Tel: (775) 786-5000  Fax: (775) 786-1177

H:\jaz\Cvv\T H Agriculture\Pleadings\Ans First Amended Complaint.doc



CERTIFICATION OF COPY

I hereby attest and certify on 12/8/2004 that the foregoing document is a full, true and correct copy of the hereinafter stated original document(s) now on file in my legal custody: JOINDER,  filed 11/17/2004 in case cv-n-04-0625 and assigned document number 73.

CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA

By:           *Cynthia K. Jensen*

Deputy Clerk

---

PACER Service Center
Transaction Receipt

12/8/2004     3:11:33 PM

| | |
|---|---|
| PACER Login: | gt0631 |
| Description: | Adf/200411/041118150212343.tif.pdf |
| Billing Pages: | 24 |
| Client Code: | |
| Case Number: | CV-N-04-0625 - LRH-RJJ |
| Cost: | $1.68 |

United States District Court for the District of Nevada. All r

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT "D"

27
28



H:\WMB\Burbidge-0174\P\Mot to Quash Service.wpd

1  MOT
   DAVID F. BROWN, ESQ.
2  Nevada Bar No. 4931
   **WOODBURY, MORRIS & BROWN**
3  701 N. Green Valley Parkway, Suite 125
   Henderson, Nevada 89074
4  (702) 933-0777
   Attorneys for Page Brake Company
5
   (Subject to Pro Hac Vice Admission)
6  THOMAS C. ANDERSON, ESQ.
   Utah State Bar No. 0111
7  **BURBIDGE & WHITE**
   50 South Main, #1400
8  Salt Lake City, Utah 84144
   Telephone: (801) 359-7000
9  Attorneys for Page Brake Company

*FILED*

Jan 26  4 26 PM '04

*[signature]*
CLERK

10              **DISTRICT COURT**

11           **CLARK COUNTY, NEVADA**

12

13  SANDRA KNUTSON and DENNIS
    KNUTSON,
14                          Plaintiffs,

15  v.

16  ALLIS-CHALMERS CORPORATION;
    BATTLE MOUNTAIN GOLD COMPANY;
17  BONDEX INTERNATIONAL, INC.;
    BURNS INTERNATIONAL SERVICES
18  CORP., *f/k/a* BORG-WARNER CORP.;
    BORGWARNER INC.; FORD MOTOR
19  COMPANY; CARLIN GOLD, INC.;
    CHECKER CAB COMPANY, INC.;
20  DAIMLERCHRYSLER CORPORATION;
    DRESSER INDUSTRIES, INC. (*sued*
21  *individually and as successor-in-interest to*
    WORTHINGTON CORPORATION *and*
22  WORTHINGTON PUMP INC.); ELLIOTT
    TURBOMACHINERY CO.; FAIRBANKS
23  MORSE PUMP CORPORATION; FORD
    MOTOR COMPANY; GARDNER
24  DENVER, INC.; GENERAL ELECTRIC
    COMPANY; GENERAL MOTORS
25  CORPORATION; GENUINE PARTS
    COMPANY (*sued individually and as*
26  *successor-in-interest to* NAPA HAWAII);
    INGERSOLL-RAND COMPANY;
27  JOHNSON PUMPS OF AMERICA, INC.;

28

CASE NO.   A476973
DEPT. NO.  XVII

**MOTION TO QUASH SERVICE OF
PROCESS**

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778



H:\WMB\Burbidge-0174\F\Mot to Quash Service.wpd

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777✦ Fax (702) 933-0778

1

2    KELLY-MOORE PAINT COMPANY,
     INC.; NATIONAL AUTOMOTIVE PARTS
3    ASSOCIATION (INC.); NEWMONT GOLD
     COMPANY; NORTHROP GRUMMAN
4    SYSTEMS CORPORATION; PAGE
     BRAKE COMPANY INCORPORATED;
5    PARKER-HANNIFIN CORPORATION;
     PENSKE TRUCK LEASING
6    CORPORATION (*sued individually and as
     successor-in-interest to* ROLLINS TRUCK
7    LEASING CORP.); ROLLS-ROYCE
     CORPORATION; RPM, INC. (*sued
8    individually and as successor-in-interest to*
     BONDEX INTERNATIONAL, INC.);
9    SIEMENS WESTINGHOUSE POWER
     CORPORATION; STERLING FLUID
10   SYSTEMS (USA), INC. (f/k/a PEERLESS
     PUMP COMPANY); VIACOM INC., (*sued
11   individually and as successor-in-interest to*
     WESTINGHOUSE ELECTRIC
12   CORPORATION and BF STURTEVANT);
     VIKING PUMP INC.; and DOES 1-450
13   INCLUSIVE,

14                       Defendants.

15

16          COMES NOW, Defendant PAGE BRAKE COMPANY INCORPORATED, by and through

17   its attorneys, appearing specially and for the purposes of this motion only, and without submitting

18   itself to the jurisdiction of this court, and for no other purpose, moves the court that the alleged

19   services of summons on this defendant in the above-entitled action be quashed, and the action be

20   dismissed, for the reasons that this defendant is organized under and by virtue of the laws of the

21   State of Utah and has not conducted business in Nevada.  The place where the cause of action arose

22   and where all the witnesses reside is in the State of Utah.  Only the plaintiff is a resident of Nevada.

23   Subsequently, the Court lacks personal jurisdiction over this defendant in the above-entitled action.

24

25   / / /

26

27   / / /

28

H:\WMB\Burbidge-0174\P\Mot to Quash Service.wpd

In support of this motion, the defendant relies upon the memorandum of points and authorities submitted herewith.

Dated this 26 day of January, 2004.

WOODBURY, MORRIS & BROWN

DAVID F. BROWN, ESQ.
Nevada Bar No. 4931
701 N. Green Valley Parkway, Suite 125
Henderson, NV 89074
(702)933-0777
Attorneys for Page Brake Company, Incorporated

## NOTICE OF MOTION

TO:    ALL INTERESTED PARTIES

PLEASE TAKE NOTICE that the undersigned will bring the above motion on for hearing before this Court on the 25 day of Feb _____, 2004 at ___9___.m. or as soon thereafter as may be heard.

WOODBURY, MORRIS & BROWN

David F. Brown, Esq.
Nevada Bar No. 4931
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada  89074
Attorney for Page Brake Company Incorporated

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

H:\WMB\Burbidge-0174\P\Mot to Quash Service.wpd

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ◆ Fax (702) 933-0778

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Page Brake Company Incorporated (hereinafter "Page Brake") cites the following points and authorities in support of its Motion to Quash Service of Process.

## STATEMENT OF FACTS

1.      On or about December 5, 2003, the Plaintiffs, Sandie Knutson and Dennis Knutson, served on Page Brake Co., Inc., a copy of the Summons and Complaint in the above-entitled action.

2.      In their Complaint, the Plaintiffs claim, "Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, defendants: . . . PAGE BRAKE COMPANY INCORPORATED . . . were individuals, corporations, partnerships, and/or unincorporated associations organized and existing under and by virtue of the laws of the State of Nevada, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of Nevada, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of Nevada, and that said defendants have regularly conducted business in the County of Clark, State of Nevada." Complaint, pp. 3-4.

3.      Page Brake is located and incorporated in the State of Utah.

4.      The Plaintiffs, Sandra Knutson and Dennis Knutson, are residents of the State of Nevada, County of Clark. Complaint, p. 3.

5.      With respect to the Plaintiff, Sandra Knutson, the Complaint alleges that the "Plaintiff's exposure to asbestos and asbestos-containing products, both through direct exposure and through her husband Dennis Knutson, and her father, Robert Ketterer, by household exposure, occurred at various locations **within the States of Utah and California**." Complaint, Exhibit "A," p. 32. (Emphasis added.)

6.      Exhibit "A" lists eight locations where allegedly "Plaintiff's [Sandra Knutson's] exposure to asbestos and asbestos-containing products, both through direct exposure and through her husband Dennis Knutson, and her father, Robert Ketterer, by household exposure, occurred," covering a continuous period of time from 1958 to 1988. Seven of the eight locations are in Salt

1   Lake City, and the other location, in Compton, California, only covers the year of 1984 for alleged

2   exposure.  Complaint, Exhibit "A," p. 32.

3         7.     With respect to the Plaintiff, Dennis Knutson, the Complaint alleges that "for a

4   period of many years, Plaintiff's husband, DENNIS KNUTSON, worked with and/or was exposed

5   to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or

6   asbestos-containing products and/or products which caused the release of respirable asbestos fibers

7   **while working as an automobile mechanic at various facilities.**" Complaint, p. 11. (Emphasis

8   added.)

9         8.     Exhibit "A" lists five facilities where Plaintiff, Dennis Knutson, worked as an

10   automobile mechanic.  All five of the facilities are located in Salt Lake City, Utah.  None of the

11   facilities are located in Nevada.  *See* Complaint, Exhibit "A," p. 32.

## ARGUMENT

### POINT I

### NEVADA'S COURTS LACK PERSONAL JURISDICTION OVER THE NONRESIDENT CORPORATION, PAGE BRAKE, BECAUSE PAGE BRAKE LACKS MINIMUM CONTACTS WITH NEVADA

16        According to the Supreme Court of Nevada, Nevada's long-arm statute, NRS 14.065,

17   reaches the limits of due process set by the United States Constitution.  *See Judas Priest v. District*

18   *Court,* 104 Nev. 424, 426, 760 P.2d 137, 138 (1988).  The Due Process Clause of the Fourteenth

19   Amendment requires that the defendant have "minimum contacts" with Nevada "such that the

20   maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

21   *Mizner v. Mizner,* 439 P.2d 679, 680 (1968) (citing *International Shoe Co. v. Washington,* 326 U.S.

22   310, 316 (1945)).  Additionally, Nevada's exercise of jurisdiction over a nonresident defendant

23   must be reasonable.  *See Trump v. District Court*, 857 P.2d 740, 748 (1993).  Jurisdiction over the

24   nonresident defendant, Page Brake, does not exist under either of the two types of personal

25   jurisdiction: specific or general.

27   */ / /*

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ♦ Fax (702) 933-0778

**A.    This Court Lacks Specific Personal Jurisdiction Over the Non-resident Defendant Because The Cause of Action Arose Elsewhere and Page Brake Never Established Contact Nor Directed Its Conduct Toward Nevada.**

As the Nevada Supreme Court has indicated, "Specific jurisdiction over a defendant will lie only where the cause of action arises from the defendant's purposeful contacts with the forum state." *Baker v. Eighth Judicial District Court*, 999 P.2d 1020, 1024 (2000). Nevada may exercise specific jurisdiction over a non-resident defendant in instances where: "(1) the defendant purposefully establishes contact with the forum state and affirmatively directs his conduct toward the state; **and** (2) the cause of action arises from such purposeful contact with the forum." *Id.* (Emphasis added.)

In *Baker*, the defendant was held to fulfill the purposeful availment requirement because the "injury" arose from the defendant's stay in a hotel in Nevada. *Id.* Had the defendant not stayed in the hotel in Nevada, he would not have realized that the advertised "suite" was a standard-size hotel room. *Id.* For the same reason, the defendant was held to have purposely directed himself to the forum of Nevada. *Id.* However, the Plaintiffs' Complaint makes clear that their "injury" did not arise from any contact of the Defendant Page Brake or the Plaintiffs with the forum state.

The Plaintiffs claim, "Defendants, and their "alternate entities", and each of them, knew, or should have known, and intended that the aforementioned asbestos and asbestos-containing products would be used and handled as specified in Exhibit "A." Complaint, p. 10. Exhibit "A" indicates that "Plaintiff's [Sandra Knutson's] exposure to asbestos and asbestos-containing products, both through direct exposure and through her husband DENNIS KNUTSON and her father, ROBERT KETTERER, by household exposure, **occurred at various locations within the States of Utah and California**." Complaint, Exhibit "A," p. 32. (Emphasis added.) The locations of all alleged exposure are listed in Exhibit "A." *See* Complaint, Exhibit "A," p. 32.

With respect to the Plaintiff, Dennis Knutson, the Complaint alleges that "for a period of many years, Plaintiff's husband, DENNIS KNUTSON, worked with and/or was exposed to asbestos-containing products and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products and/or products which caused the release of respirable asbestos fibers

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

**while working as an automobile mechanic at various facilities.**" Complaint, p. 11. (Emphasis added.) Exhibit "A" lists five facilities where Plaintiff, Dennis Knutson, worked as an automobile mechanic. All five of the facilities are located in Salt Lake City, Utah. None of the facilities are located in Nevada. *See* Complaint, Exhibit "A," p. 32.

As the Plaintiff's Complaint makes clear, none of the alleged exposure took place in Nevada. As a result, the State of Nevada may not exercise specific personal jurisdiction over this defendant because, as the Plaintiffs' claims, contained in their Complaint, clearly details, the cause of action did not arise from any "purposeful contact with the forum" but rather from alleged exposure in Utah and California.

**B.     This Court Lacks General Personal Jurisdiction Over the Non-resident Defendant Because Page Brake Has No Systematic or Continuous Contacts with Nevada.**

A court can exercise general jurisdiction where a non-resident defendant is held to answer in a forum for causes of action unrelated to its forum activities. *Baker,* 999 P.2d at 1023. General jurisdiction over a non-resident defendant is appropriate where the "nonresidents activities in the forum are "substantial' or 'continuous and systematic.'" *Id.* However, the Plaintiffs' Complaint recites no allegations of any activities of the defendant, Page Brake, in the forum state with the exception of the general allegation that the defendant, Page Brake, along with the other thirty-six listed defendants and "DOES 1-450:"

were individuals, corporations, partnerships, and/or unincorporated associations organized and existing under and by virtue of the laws of the State of Nevada, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of Nevada, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of Nevada, and that said defendants have regularly conducted business in the County of Clark, State of Nevada.

Complaint, pp. 3–4.   However, there is no specific allegation as to what "substantial" or

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

"continuous and systematic"activities Page Brake has engaged in Nevada.  As a result, the State of Nevada may not exercise general personal jurisdiction over this defendant.

## POINT II

### AN EXERCISE OF PERSONAL JURISDICTION OVER PAGE BRAKE IS NOT REASONABLE BECAUSE NEVADA HAS NO FORUM INTEREST IN THIS MATTER

The Supreme Court of Nevada has pointed out that "[w]hether general or specific, the exercise of personal jurisdiction must be reasonable." *Emeterio v. Clint Hurt and Associates*, 967 P.2d 432, 436 (1998).  In determining whether the exercise of personal jurisdiction is reasonable, courts take five factors, outlined by the Supreme Court, into consideration:

(1) 'the burden on the defendant' of defending an action in the foreign forum, (2) 'the forum state's interest in adjudicating the dispute,' (3) 'the plaintiff's interest in obtaining convenient and effective relief,' (4) 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies,' and (5) the 'shared interest of the several States in furthering fundamental substantive social policies.'

*Id.* (quoting *World- Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. 559; *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 113, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

In *Emeterio*, the Nevada Supreme Court held that even though West Virginia had an interest in adjudicating a dispute where the subject of the dispute and the plaintiffs were located in West Virginia, several of the defendants were Nevada residents or entities and thus Nevada had an interest in adjudicating the dispute.  *Id.*  In addition, the burden of traveling to another state to adjudicate the matter and finding counsel in that state represented a burden on the defendants.  *Id.* Finally, the court held that "Nevada and other states have an interest in ensuring that the exercise of personal jurisdiction conforms with the notion of fairness" and "West Virginia's exercise of personal jurisdiction over [defendants] simply does not further this interest." *Id.* (*See also Shapiro v. Pavlikowski* , 654 P.2d 1030 (1982) (The court denied personal jurisdiction over the defendant,

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ◆ Fax (702) 933-0778

finding "petitioner committed no act within the state of Nevada with respect to the alleged debt or the goods allegedly sold and delivered. Jurisdiction over his person under these circumstances would be unreasonable.")

In the instant matter, Nevada has an interest in providing a convenient forum for their residents; however, "Nevada and other states have an interest in ensuring that the exercise of personal jurisdiction conforms with the notion of fairness," and Nevada's exercise of personal jurisdiction over Page Brake would not further this interest. Like the defendants in *Emeterio*, it would be a burden on Page Brake to travel to another state and find and hire local Nevada lawyers with whom to entrust Page Brake's defense. Other states' "interest in adjudicating the dispute" is clear since the alleged exposure took place in locations primarily in Utah, with some exposure occurring in California. Unlike *Emeterio* where the subject of the dispute was located in the forum state, no exposure took place in Nevada. It seems reasonable that Utah would have a greater interest in adjudicating the case. Also, since all of the locations of alleged exposure, along, presumably with the majority of witnesses and documents, reside outside of the state of Nevada, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies" argues against Nevada exercising jurisdiction over Page Brake.

In each asbestos case, an important consideration is the testimony of an industrial hygienist who has inspected the site of the alleged exposure and can testify as to the working conditions of the Plaintiff, Dennis Knutson, at that site. Once again, seven of these sites are in Utah. None of the sites are in Nevada.

It is also likely that the Plaintiff's, Dennis Knutson's, co-workers will need to be located, interviewed, deposed and called to testify at trial. As seven of the eight sites are located in Utah, the greatest likelihood is that these co-workers still reside in Utah, and jurisdiction in Nevada would

1   represent an unreasonable burden both for these potential witnesses and Nevada counsel for the

2   defendants.

3          Finally, since almost all of the alleged exposure, seven out of eight locations and twenty-

4   nine out of thirty years of alleged exposure, took place in Utah, there is not any "shared interest of

5   the several States in furthering fundamental substantive social policies."   *Id.*   Although the

6   Plaintiffs can possibly obtain "convenient" relief in the jurisdiction of their residence, the other four

7

8   reasonableness factors makes the exercise of jurisdiction over Page Brake in Nevada unreasonable.

9                                    **CONCLUSION**

10         For the reasons set forth in this memorandum, the Defendant, Page Brake Company,

11  Incorporated, respectfully urges this Court to quash the Plaintiff's alleged service of summons on

12  this Defendant and the action be dismissed against this Defendant.

13         Dated this 26 day of January, 2004.

14

15                                    WOODBURY, MORRIS & BROWN

16

17

18                                    David F. Brown, Esq.
                                      Nevada Bar No. 4931
19                                    701 N. Green Valley Parkway, Suite 125
                                      Henderson, Nevada   89074
20                                    Attorney for Page Brake Company Incorporated

21

22

23

24

25

26

27

28

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

H:\WMB\Burbidge-0174\P\Mot to Quash Service.wpd

**CERTIFICATE OF MAILING**

I hereby certify that on the _26th_ day of January, 2004, I caused to be served by the method indicated below a true and correct copy of the attached and foregoing **MOTION TO QUASH SERVICE OF PROCESS** to the following:

| | |
|---|---|
| \_\_\_ VIA FACSIMILE | Kurt A. Franke |
| \_\_\_ VIA HAND DELIVERY | LAW OFFICES OF KURT A FRANKE |
| \_\_\_ VIA U.S. MAIL | 575 Mill Street |
| \_\_\_ VIA FEDERAL EXPRESS | Reno, NV 89502 |

Employee of Woodbury, Morris & Brown

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E"



1  JACK G. ANGARAN, ESQ., SBN: 711
   LAURIE L. TROTTER, ESQ., SBN 8696
2  GEORGESON, THOMPSON
   & ANGARAN, CHTD.
3  100 West Grove Street, Suite 500
   Reno, Nevada 89509
4  775.827.6440
   Attorneys for Defendant
5  **HONEYWELL INTERNATIONAL, INC.**
   *(sued individually and as successor in interest to*
6  ALLIEDSIGNAL, INC. *successor to*
   BENDIX CORPORATION)
7

8              IN THE UNITED STATES DISTRICT COURT

9                FOR THE DISTRICT OF NEVADA

10  **SANDIE KNUTSON** and **DENNIS**
    **KNUTSON,**
11
                    Plaintiffs,
12                                            **Case No.:  CV-N-04-0625-LRH (RJJ)**
13         vs.
                                             **DECLARATION OF JACK G.**
14  **ALLIS-CHALMERS CORPORATION;**          **ANGARAN**
    **BATTLE MOUNTAIN GOLD COMPANY;**
15  **BMW OF NORTH AMERICA, INC.**
    (individually and as successor-in-interest to
16  VOLKSWAGEN OF AMERICA, INC.,
    successor-in-interest to VICKERS GROUP
17  PLC, successor-in-interest to ROLLS-ROYCE
    MOTOR CARS) (Doe No. 3);
18  **BONDEX INTERNATIONAL, INC.;**
    **BURNS INTERNATIONAL SERVICES**
19  **CORP.,** f/k/a BORG-WARNER CORP.;
    **BORGWARNER INC.;**
20  **CHECKER CAB COMPANY, INC.;**
    **DAIMLERCHRYSLER CORPORATION;**
21  **DRESSER INDUSTRIES, INC.** (sued
    individually and as successor-in-interest to
22  WORTHINGTON CORPORATION and
    WORTHINGTON PUMP INC.);
23  **ELLIOTT TURBOMACHINERY CO., INC.;**
    **FAIRBANKS MORSE PUMP**
24  **CORPORATION;**
    **FORD MOTOR COMPANY;**
25  **GARDNER DENVER, INC.;**
    **GENERAL ELECTRIC COMPANY;**
26  **GENERAL MOTORS CORPORATION;**
    **GENUINE PARTS COMPANY** (sued
27  individually and as successor-in-interest to
    NAPA HAWAII);
28  **HAFER'S AUTO PARTS DISTRIBUTORS;**
    **HALLIBURTON ENERGY SERVICES, INC.**
    (sued individually and as successor-in-interest to
    DRESSER INDUSTRIES, INC., successor-in-



-1-

interest to WORTHINGTON PUMP INC., and WORTHINGTON CORPORATION);
**HENNESSY INDUSTRIES, INC.;**
**HONEYWELL INTERNATIONAL, INC.** (sued individually, and as successor-in-interest to ALLIEDSIGNAL, INC., successor to BENDIX CORPORATION);
**INGERSOLL-RAND COMPANY;**
**JOHNSTON PUMP COMPANY** (Doe No. 2);
**KELSEY-HAYES COMPANY;**
**KELLY-MOORE PAINT COMPANY, INC.;**
**NATIONAL AUTOMOTIVE PARTS ASSOCIATION (INC.);**
**NEWMONT USA, LIMITED** (successor-in-interest to NEWMONT GOLD COMPANY and CARLIN GOLD MINING COMPANY);
**NORTHROP GRUMMAN SYSTEMS CORPORATION;**
**PAGE BRAKE COMPANY INCORPORATED;**
**PARKER-HANNIFIN CORPORATION;**
**PCC FLOW TECHNOLOGIES HOLDINGS, INC.** (individually and as successor-in-interest to JOHNSTON PUMP COMPANY)(Doe No. 1);
**PENSKE TRUCK LEASING CORPORATION** (sued individually and as successor-in-interest to ROLLINS TRUCK LEASING CORP.);
**ROLLS-ROYCE COPORATION;**
**RPM INC.** (sued individually and as successor-in-interest to BONDEX INTERNATIONAL , INC.);
**SIEMENS WESTINGHOUSE POWER CORPORATION;**
**STERLING FLUID SYSTEMS (USA), INC.** (f/k/a/ PEERLESS PUMP COMPANY);
**VIACOM INC.** (sued individually and as successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION and BF STURTEVANT);
**VIKING PUMP INC.;**
and DOES 4-450 INCLUSIVE,

Defendants.

## DECLARATION OF JACK G. ANGARAN

I, JACK G. ANGARAN, do hereby declare and affirm under penalty of perjury that the assertions of this declaration are true.  I have personal knowledge of all matters stated herein, except as to those matters stated on information and belief, and as to those matters I believe them to be true.


GEORGESON
THOMPSON
&ANGARAN
A T T O R N E Y S

1. I am an attorney licensed to practice in the State of Nevada, and an attorney of record for defendant HONEYWELL INTERNATIONAL, INC. ("Honeywell") in the above-encaptioned action.

2. I make this Declaration in support of Honeywell's Opposition to Plaintiff's Motion for Remand.

3. Contrary to the Certificate of Service attached to plaintiffs' Opposition to Newmont's Motion for Summary Judgment, or, in the Alternative, for Partial Summary Judgment, after diligent search, our office has no record of receiving a facsimile copy of Plaintiffs' Opposition on October 1, 2004. Facsimile service has not been agreed upon by the parties in any event.

4. Our office first received a complete copy of plaintiffs' Opposition with exhibits (145 pages) on October 4, 2004. I have been advised by counsel for Ingersoll-Rand that it first received a copy of plaintiff's Opposition with exhibits on October 4, 2004 as well.

5. Prior to November 16, 2004, upon information and belief, Honeywell had no knowledge that T.H. AGRICULTURE & NUTRITION ("THAN") had been named or served as a defendant in this case.

6. Reasonable search of our office records indicate that plaintiffs did not serve Honeywell with a Motion for Leave to add THAN, did not serve Honeywell with an Amended Complaint naming THAN and did not serve Honeywell with any document indicating that THAN had been served as a defendant.

7. I have been advised by counsel for THAN that it filed an Answer in this case on November 15, 2004 and first learned of the removal on November 16, 2004. THAN duly joined in the removal the next day on November 17, 2004.

Dated December ___20th___, 2004.

JACK G. ANGARAN



-3-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "F"



CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of WATERS & KRAUS, LLP, 200 Oceangate, Suite 520, Long Beach, California 90802, and that on the October 1, 2004, I served the foregoing document(s) described as follows: **PLAINTIFFS' OPPOSITION TO THE MOTION OF DEFENDANTS BATTLE MOUNTAIN GOLD COMPANY AND NEWMONT USA LIMITED (*SUCCESSOR-IN-INTEREST TO* CARLIN GOLD MINING COMPANY *AND* NEWMONT GOLD COMPANY) FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF JENNIFER L. BARTLETT AND EXHIBITS ATTACHED THERETO** on the parties set forth below by:

[  ]   Mail:  Placing an original or true copy thereof in a sealed envelope, postage prepaid,  placed for collection and mailing in the United States Mail at Long Beach, California to:

**SEE ATTACHED LIST**

[  ]   Personal Delivery

[ X ]   Facsimile (FAX)

[ X ]   Courier Overnight Delivery

[  ]   Other:

Executed on October 1, at Long Beach, California.

ANNIE CASERMA
An employee of Waters & Kraus LLP

SERVICE LIST

**BATTLE MOUNTAIN GOLD COMPANY**
**NEWMONT USA, LIMITED**
**(CARLIN GOLD MINING COMPANY)**
Margo Piscevich, Esq.
PISCEVICH & FENNER
350 South Center Street, Suite 300
Reno, Nevada 89501
775-329-0958          775-329-2666
                              (Speed Dial 148)

**BONDEX INTERNATIONAL, INC.**
**RPM INC.**
Anne H. Wellborn, Esq.
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-6565          702-650-2995
                              (Speed Dial 149)

**BURNS INTERNATIONAL SERVICES CORP.**
**(Borg Warner)**
James M. Barker, Esq.
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-0110          702-383-7087
                              (Speed Dial 150)

**DAIMLERCHRYSLER CORPORATION**
**GENERAL MOTORS CORPORATION**
Michael A. Hagemeyer, Esq.
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0022          702-891-0033
                              (Speed Dial 152)

**ELLIOTT COMPANY**
**(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown, Esq.
BARKER, BROWN, BUSBY, et al.,
Bank of America Plaza, Suite 800
900 South Fourth Street
Las Vegas, Nevada 89101
702-386-1086          702-384-5386
                              (Speed Dial 153)

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte, Esq.
PICO & MITCHELL, LTD.
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-9099   702-457-8451  (Speed Dial 154)

**FORD MOTOR COMPANY**
Kelly A. Evans, Esq.
Jay J. Schuttert, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5200          702-784-5252
                              (Speed Dial 155)

**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron, Esq.
William H. Pruitt, Esq.
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3940          702-870-3950
                              (Speed Dial 156)

**GENERAL ELECTRIC COMPANY**
Davis F. VanderVelde, Esq.
Jack Cherry, Esq.
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-384-7000   702-385-7000
                              (Speed Dial 157)

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS**
**ASSOCIATION (INC.)**
Steven E. Guinn, Esq.
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1170          775-322-1865
                              (Speed Dial 158)

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika, Esq.
Scott L. Stonehocker, Esq.
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4048          702-384-4484
                              (Speed Dial 159)

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran, Esq.
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-6440          775-827-9256  (Speed Dial 160)

INGERSOLL-RAND COMP
Leah R. Wigren, Esq.
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-5500            775-827-6663
                       (Speed Dial 161)

KELSEY-HAYES COMPANY
NORTHROP GRUMMAN SYSTEMS CORP.
Troy Peyton, Esq.
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4466            702-388-4474
                       (Speed Dial 162)

KELLY-MOORE PAINT COMPANY, INC.
Michael M. Edwards, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
1140 Town Center Drive, #350
Las Vegas, Nevada 89144
(702) 393-3383 (702) 893-3789
                       (Speed Dial 179)

PAGE BRAKE COMPANY
Thomas C. Anderson, Esq.
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-359-7000            801-236-5319
                       (Speed Dial 164)

PARKER-HANNIFIN CORPORATION
William E. Cooper, Esq.
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-5111            702-382-2170
                       (Speed Dial 165)

PCC FLOW TECHONOLGIES HOLDINGS,
INC. (DOE 1)
JOHNSTON PUMP (DOE 2)
Thomas F. Kummer, Esq.
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-792-7000            702-796-7181
                       (Speed Dial 178)

PENSKE TRUCK LEASING CORPORATION
Charles W. Spann, Esq.
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-2002            775-829-1808
                       (Speed Dial 166)

STERLING FL   D SYSTEMS (USA), LLC
Jennifer Gordon, Esq.
GORDON & R
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-7646            702-784-5146
                       (Speed Dial 167)

VIACOM INC.
SIEMENS WESTINGHOUSE POWER CORP.
Von S. Heinz, Esq.
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8200            702-949-8351
                       (Speed Dial 168)

VIKING PUMP INC.
(Anticipated Counsel)
Julie Torres, Esq.
JACKSON & WALLACE LLP
55 San Francisco Street, 6th floor
San Francisco, California 94133
(415) 982-6300 (415) 982-6700
                       (Speed Dial 60)

BMW OF NORTH AMERICA, INC. (DOE 3)
C.T. CORPORATION SERVICES, INC.
818 W. 7TH STREET
LOS ANGELES, CA 90012

COURTESY COPIES TO COUNSEL FOR BMW:

James G. Scadden, Esq.
Daniel Alweiss, Esq.
CARROLL, BURDICK & McDONOUGH, LLP
44 Montgomery, Suite 400
San Francisco, California 94104-4606

Marc Brainich, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628

PLAINTIFFS' CO-COUNSEL
KURT A. FRANKE, Esq.
LAW OFFICES OF KURT A. FRANKE
515 Mill Street
Reno, Nevada 89502
(775) 827-6100 (775) 786-1116
                       (Speed Dial 169)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

12-30

1  KURT A. FRANKE, ESQ., NEV. Bar No. 4102
   LAW OFFICES OF KURT A. FRANKE
2  575 Mill Street
   Reno, Nevada 89502
3  Tel (775) 827-6100/Fax (775) 786-1116

4
   MICHAEL L. ARMITAGE, ESQ., CA Bar No.152740
5  (*Pro Hac Vice* in Nevada State Court)
   (*Admitted Pro Hac Vice per LRIA 10-2* in USDC, Nevada)
6  CHARLES S. SIEGEL, TX Bar No. 18341875
7  (*Pro Hac Vice* in Nevada State Court)
   (*Admitted Pro Hac Vice per LRIA 10-2* in USDC, Nevada)
8  WATERS & KRAUS, LLP
9  200 Oceangate, Suite 520
   Long Beach, California 90802
10 Tel (562) 436-8833/Fax (562) 590-7296

11
   Attorneys for PLAINTIFFS
12

13              UNITED STATES DISTRICT COURT

14                 DISTRICT OF NEVADA

15

16 SANDIE KNUTSON and DENNIS        )  CASE NO. CV-N-04-0625-LRH(RJJ)
17 KNUTSON,                         )
                                    )  PLAINTIFFS' REPLY MEMORANDUM IN
18              Plaintiffs,         )  SUPPORT OF THEIR MOTION FOR
                                    )  REMAND AND EXHIBITS ATTACHED
19        vs.                       )  THERETO
                                    )
20 ALLIS-CHALMERS CORPORATION, et.  )  Date:
   al.,                            )  Time:
21                                  )  Courtroom: Hon. Lawrence R. Hicks
                                    )
22                                  )  [HEARING AND ORAL ARGUMENT
         Defendants.                )  RESPECTFULLY REQUESTED (LR 78-2)]
23                                  )
                                    )
24                                  )
                                    )
25                                  )
                                    )
26 _____ )

27        Come now plaintiffs and file this their reply memorandum in support of their motion

28 for remand and would respectfully show as follows:

                                    1

Four defendants -- Honeywell Int'l, Inc., T.H. Agriculture and Nutrition, L.L.C. (THAN), Ingersoll-Rand Co., and Elliott Turbomachinery Co. -- have filed responses to plaintiffs' motion for remand.[1]  Certain other defendants have joined in these responses.  Many defendants have neither filed nor joined in a response.  The various contentions raised in the responses are addressed below.

## I. LACK OF UNANIMOUS JOINDER

Plaintiffs argued in their motion that three defendants had not timely joined in removal: Page Brake, Ingersoll-Rand and THAN.  Plaintiffs will withdraw their argument as to THAN.  It appears that plaintiffs inadvertently did not serve THAN with a copy of the state court pleading asserted to trigger removal, and that other defendants did not know of THAN's entry into the case.[2]

As to Page Brake and Ingersoll-Rand, defendants assert that Page Brake was not a party on November 1, such that its failure to join in the removal by that date should be disregarded.  Ingersoll-Rand also says that since it only received plaintiffs' response to the motion for summary judgment in state court on October 4, not October 1, its joinder in removal on November 2 was timely.  None of these arguments has merit, however, and the failure of each of these defendants to join in the removal is an independent defect that cannot be ignored.

### A.    Page Brake

Page Brake filed a motion to quash service of process in state court.  That motion had

---

[1]  These responses were filed on December 20, December 16, and December 17, 2004, respectively.

[2]  Honeywell's apparent suggestion that plaintiffs attempted to engineer the nonjoinder of THAN by deliberately failing to serve

1   not been heard by the time of removal.  According to Ingersoll-Rand, "Page Brake appeared

2   specially in the state court action....  A party appearing specially solely to contest service or

3   jurisdiction is not a party for any other purpose.  Page Brake could not be forced to join in the

4   removal and thus risk making a general appearance resulting in waiver of its arguments

5   pertaining to service and jurisdiction."  Response at 5.  The attempt to excuse Page Brake's

6

7   non-joinder on these grounds is unavailing for several reasons.

8       First, of course, Page Brake did not "specially appear" for the sole purpose of

9   challenging jurisdiction, because in Nevada there is no longer any distinction between

10  "general" and "special" appearances.  Instead, a defendant appears in a case, and makes, if it

11  wishes to, a challenge to personal jurisdiction.  *Hansen v. Eighth Judicial Dist. Ct.*, 116 Nev.

12

13  650, 656, 6 P.3d 982, 986 (2000):

14          "Because any technical differences between general and special appearances
15          no longer exist under Rule 12, the doctrine has no remaining vitality in
            Nevada....  Now, before a defendant files a responsive pleading such as an
16          answer, that defendant may move to dismiss for lack of personal jurisdiction,
            insufficiency of process, and/or insufficiency of service of process, and such a
17          defense is not 'waived by being joined with other defenses."

18

19  (citations omitted)  See also NRCP 12(b).

20      In short, Page Brake was in the case once it was served.  It chose to defend the case,

21  thus far at least, by contesting personal jurisdiction, but it is a party to the case, and indeed

22

23  *Hansen* recognizes this common-sense approach when it refers to an entity in Page Brake's

24  position as a "defendant."  The notion, then, that Page Brake was somehow handcuffed by

25  state law, and prevented from joining the removal, is baseless.

26

27      Moreover, it has been established for over a century that defendants challenging

28

---

these documents -- see Honeywell's reference to "plaintiffs' misconduct" at p. 12 of its response -- is baseless.

---

personal jurisdiction in state court do not waive that challenge by joining a removal petition. *Wabash & Western Ry. v. Brow*, 164 U.S. 271, 279 (1896); see also, e.g., *Empoyers Reins. Corp. v. Bryant*, 299 U.S. 374, 376 (1937); *Hassler v. Shaw*, 271 U.S. 195, 199-200 (1926). Accordingly, it is likewise established that defendants in this position are not excused from joining in removals, and must do so like any other defendant:

> Under modern pleading rules, the technical distinctions between a special appearance and a general appearance have vanished and a defendant waives nothing by removing the case and may move to dismiss for lack of personal jurisdiction after the removal.... The fact that a defendant has removed does not act as a general consent to jurisdiction to defeat the motion.... Accordingly, all defendants in this case could properly have joined in the removal petition of John Deere. Their failure to so join constitutes a defect in the removal procedure employed by John Deere and warrants the remand of the case to the state court from which it was removed.

*McCurtain County Production Corp., v. Cowett*, 482 F.Supp. 809, 813 (E.D. Okla. 1978) (citations omitted). See also *Seguros Comercial America, S.A. v. America President Lines, Ltd.*, 934 F.Supp. 243, 245 (S.D. Tex. 1996); *Hess v. Great Atl. and Pac. Tea Co.*, 520 F.Supp. 373, 376 n. 3 (N.D. Ill. 1981).

It goes without saying that neither Ingersoll-Rand, nor Honeywell, nor any other removing defendant is allowed simply to assume that Page Brake's challenge to personal jurisdiction in state court would be successful. *Hess*, supra, at 376. Since Page Brake was a party to the case in state court, and since it could easily have joined in removal without waiving its jurisdictional challenge, it was required it to do so. Its failure to join cannot be disregarded.

Honeywell also contends that Page Brake "is not a properly served defendant." But Page Brake has never contended that it wasn't served properly; instead, it has simply challenged the existence of personal jurisdiction over it under the Nevada long-arm statute and constitutional due process principles. A review of Page Brake's motion to quash service of

process in state court, attached as exhibit D to Honeywell's response, shows no challenge to the mechanics of service of process; rather, the focus is entirely on minimum contacts, "fair play and substantial justice," and the like.  So while Page Brake was contesting the existence of in personam jurisdiction, it has never contended that it wasn't served.  *Cf. City and County of San Francisco v. Manning*, 2000 WL 1346732, *2 n.1 (N.D. Cal. Sept. 7, 2000), in which the court noted the distinction, for purposes of the unanimous-joinder requirement, between a defendant that has never been served with process, and the situation presented here and addressed in the cases cited above, in which a defendant "does not allege that it had not been served with process, but rather argues that it is not an entity subject to suit or process."

Finally, Honeywell argues that Page Brake did in fact did join the removal, when its counsel stated in a letter to Honeywell's counsel that "[w]e certainly support the concept and propriety of the removal of this case to Federal Court."  Response at 8.  This is a rather strained effort to have it both ways, arguing simultaneously that Page Brake could not have joined, but did join, the removal notice.  It is worth noting that Page Brake itself has not attempted such contortions.   In any event, the argument must be rejected for the simple reason that in the very next sentence Page Brake's counsel stated that "we do not feel that it is necessary or appropriate for Page Brake to join in the Petition for Removal because it is not a party to the action."

In fact, Page Brake could have joined in the removal without waiving its personal jurisdiction challenge.  It did not do so, and so the removal was therefore defective.

B. <u>Ingersoll-Rand</u>

Despite a strenuous effort to muddle things, defendants cannot obscure the relevant facts:  the document they say triggered removal was both served and received on October 1,

5

2004, and Ingersoll-Rand did not file its joinder until November 2, 2004. It was thus filed more than 30 days after the triggering date, and so it was untimely.

   1. Plaintiffs' response to the motion for summary judgment was served and
   received on October 1, 2004

It is unclear from the responses whether Honeywell and Ingersoll-Rand are contending that plaintiffs did not actually serve their response to the motion for summary judgment on October 1, 2004. But Honeywell knows that the pleading was served on that date, because the letter that Honeywell's counsel sent to other defendants asking them to join the removal states plainly that "I intend to file the Notice of Removal no later than November 1, 2004 (30 days after service of Plaintiffs' Opposition to Summary Judgment)..."

Honeywell's recognition of October 1 as the triggering date was sensible, of course, also because the response to the motion for summary judgment was in fact *received* by both Honeywell and Ingersoll-Rand on October 1, 2004. Contrary to the assertions by Honeywell and Ingersoll-Rand, the fax transmission records of plaintiffs' counsel indicate successful fax transmission to both defendants on October 1, 2004. See affidavit of Mary Anne ("Annie") Caserma, attached as exhibit A.[3]

   2. Informal receipt of plaintiffs' pleading by fax began the removal period

Ingersoll-Rand's response states as follows:

   On Monday, October 4, 2004, Ingersoll-Rand's counsel received Plaintiffs'
   Opposition to the Motions for Summary Judgment. According to the proof of

---

[3] Both defendants have couched their statements somewhat, to draw a possible distinction between receipt of the pleading, and receipt of the pleading with exhibits. It is the pleading itself, of course, that assertedly justifies removal. In any event, given Honeywell's statement to other defendants that November 1 was the deadline for removing, it seems clear that receipt of the pleading on October 1 was treated by defendants themselves as the event triggering removal.

service attached to the Opposition to the Motion for Summary Judgment, Plaintiffs attempted to serve this Opposition by facsimile and overnight mail on Friday, October 1, 2004. Nevada Rules of Civil Procedure do not allow for service by either of these methods (See NRCP 5(b)).

Response at 2. As an initial matter, it should be noted that this case was originally filed in Clark County, where the rules of the Eighth Judicial District do allow for fax service. See Eighth Judicial District Rule 7.26(a). The parties simply had continued faxing documents after transfer of the case to White Pine County in the Seventh Judicial District.

In any event, it is not necessary that the pleadings have been formally *served* on October 1 to start the removal period running on that date. When removal is premised, as it is here, on some pleading other than plaintiffs' initial complaint, it is receipt, not service, that starts the clock ticking:

> If the case stated by the initial pleading is not removable, a notice of removal, may be filed within thirty days after receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. §1446(b) (emphasis added). The Supreme Court has held that formal service of an initial complaint is required to trigger removal, *Murphy Bros., Inc. v. Michetti Pipe Stringing,Inc.*, 526 U.S. 344 (1999), but this holding does not apply to subsequent documents in a case that are asserted by a defendant to make an initially-unremovable case removable. Rather, the plain language of §1446(b) provides for removal within 30 days, in such situations, from "receipt...through service or otherwise" of the document in question. *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346, 1349 (M.D. Fla. 2001); *Trahant v. Metropolitan Prop. and Cas. Ins. Co.*, 2000 WL 1473598, *2 (E.D. La. Oct. 30, 2000).

Since both Ingersoll-Rand and Honeywell received the triggering pleading on October 1, a joinder on November 2 is an untimely joinder. Indeed, this would be true even if Ingersoll-

Rand did not receive the pleading until October 4, because under the rule followed by two decisions of this Court, the removal period began upon receipt of the document by the first defendant. *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1045 (D. Nev. 2000); *Pic-Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113, 1114 (D. Nev. 1989).   This is the majority rule, and is regularly applied today.  See, e.g., recent decisions by two judges in the District of Colorado. *Cellport Systems, Inc. v. Peiker Acoustic GMBH and Co. KG*, 335 F.Supp.2d 1131, 1133-34 (D. Colo. 2004) (citing *Biggs*, and noting that "[t]he majority of courts considering these principles and section 1446(b)" have reached the same result, and that this result "serves the strong public policy against removal and separation of powers considerations that support protection of state sovereignty and maintenance of a state's own judicial integrity.  Removal, especially after an action is well underway in state court, interferes with ordinary state judicial processes."); *Smola v. Trumbull Ins. Co.*, 317 F.Supp.2d 1232, 1233 (D. Colo. 2004).

In sum, Honeywell and Ingersoll-Rand both received the assertedly triggering pleading on October 1.  Accordingly, Ingersoll-Rand was required to join by November 1.  Even if Ingersoll-Rand didn't receive it on that date, Honeywell did --  and clearly treated that date as the date the removal period began to run.  Since Ingersoll-Rand was required to join within 30 days of October 1, but didn't, removal was defective.

## II. THE NOTICE OF REMOVAL DID NOT ADEQUATELY SET OUT THE FACTS SUPPORTING REMOVAL

Plaintiffs argued in their motion for remand that the notice of removal did not adequately explain the basis for the fraudulent joinder contention --  indeed it did not explain it at all.  As pointed out by plaintiffs, the entire explanation for the fraudulent joinder assertion consisted of the single conclusory sentence in paragraph 13 of the notice.

Honeywell argues, at p. 13 of its response, that it also attached four documents to its notice of removal.  But none of these documents explains why plaintiffs' opposition to the summary judgment motion demonstrated that the Newmont defendants ("Newmont") had been fraudulently joined.   Two of the documents are Newmont pleadings, one is plaintiffs' opposition itself, and the fourth is the state court's order granting summary judgment.  Since removal could not be premised on that order or on the Newmont pleadings, but only on the opposition, these documents shed no light on defendant's contention.

Honeywell also argues that plaintiffs understand the contention, because plaintiffs' motion for remand recites the standard for evaluating such arguments.  But the fact that a plaintiff understands governing law does not mean that a notice of removal is sufficiently specific.   Here, the notice was no more substantive or enlightening than the notice held insufficient by the Ninth Circuit in *Smith v. Southern Pac. Co.*, 187 F.3d 397 (9th Cir. 1951), because it contained nothing more than the "mere conclusion" that the local defendant was fraudulently joined.

## III. THE NEWMONT DEFENDANTS WERE NOT FRAUDULENTLY JOINED

### A. The Voluntary-Involuntary Rule

Plaintiffs argued in their motion for remand that the voluntary-involuntary rule prohibited removal of this case on the basis of the order granting summary judgment, and that defendants' ostensible grounding of removal on plaintiffs' response to the summary judgment motion is simply a contrivance to circumvent the rule.  Perhaps tacitly recognizing that nothing about the response itself demonstrates fraudulent joinder, Honeywell first argues that "[a]n

exception [to the voluntary-involuntary rule] is generally made where a resident defendant is dismissed as a result of 'fraudulent joinder.'" Response at 14. There are two things wrong with this contention: first, Newmont was not "dismissed as a result of fraudulent joinder," and second, the rule contains no such exception.

Newmont obtained summary judgment in state court. As plaintiffs noted previously, and as defendants tellingly ignore, the granting of summary judgment in state court does not equate to a determination that the defendant was fraudulently joined, and Honeywell's attempt to conflate the two standards should be rejected. See plaintiffs' initial motion at 14.

The Ninth Circuit has made clear that if claims against local defendants can withstand a Rule 12(b)(6) motion, then they are not fraudulent. *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975). This is, of course, a more lenient standard than that for summary judgment. Moreover, the many cases rejecting removal *even where the local defendant was dismissed in state court* reflect, of course, the difference between such a state-court disposition, and fraudulent joinder for removal purposes. The former does not equal the latter, and only when the state court dismissal is voluntary by the plaintiff can removal succeed.

This has been true at least since 1915: in *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311 (1915), a state trial court sustained demurrers to plaintiff's claim against two local defendants after plaintiff rested at trial. Plaintiff took an "involuntary nonsuit" as to those defendants. The diverse defendant then removed the case. The Supreme Court held straightforwardly that removal was improper:

> We cannot agree to the contention that upon this record, when the court had sustained the demurrers to the evidence as to Martin and Eilers, and plaintiff took the nonsuit, the case was so far terminated as between the plaintiff and the resident defendants as to leave a removable controversy wholly between the plaintiff and a nonresident.corporation.

Id. at 317. The rule continues to be applied by courts in the Ninth Circuit and elsewhere. For instance, in *Leong v. Taco Bell Corp.*, 991 F.Supp. 1237 (D. Ore. 1998) the local defendant obtained summary judgment, and the diverse defendant removed. After citing the voluntary-involuntary rule, the court succinctly demonstrated the difference between summary judgment in state court and fraudulent joinder in federal court:

> [The state court] ruling does not compel this court to conclude that there was no possibility that the state court would rule otherwise, and defendant Ertman would remain a party in the case. This court continues to hold that plaintiff Leong did not fraudulently join defendant Ertman in an attempt to defeat diversity jurisdiction. Consequently, this court lacks subject matter jurisdiction over this action, and it must be remanded.

Id. at 1239. See also, e.g., *Longden v. Philip Morris, Inc.*, 2003 WL 21975365, *2 (D. N. H. Aug. 19, 2003) (local defendant obtained summary judgment "over plaintiffs' objection, not at their request[,]" and so case not removable). Within just the last week the rule was again applied to yield remand in a case in which the nondiverse defendant had obtained summary judgment. *Riverdale Baptist Church v. Certainteed Corp.*, ___ F.Supp.2d ___, 2004 WL 2973815 (D. Md. Dec. 23, 2004); see also *Skevofilax v. Aventis Pasteur, Inc.*, 304 F.Supp.2d 691, 693 (D. Md. 2003).

For its assertion that fraudulent joinder is an exception to the voluntary-involuntary rule, Honeywell cites *Morris v. Princess Cruises, Inc.*, 236 F.2d 1061, 1067 (9th Cir. 2001), and *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Neither case, however, says anything about the rule. It is obvious, in any event, that defendants recognize the significance of the rule here, because they ostensibly have premised the removal not on the order granting summary judgment but on plaintiffs' response to the motion.

This is, again, a contrivance that should be rejected. Plaintiffs respectfully commend to the Court the opinion in *Mill-Bern Assoc., Inc. v. Dallas Semiconductor Corp.*, 69 F.Supp.2d 240 (D. Mass. 1999), in which the United States District Court for the District of Massachusetts saw through a similar charade. There, the nondiverse defendants removed on the basis of a deposition of a witness for the plaintiff, which was said to show that plaintiff had no claim against the local defendant. The court held that the removal was untimely and that the local defendant was not fraudulently joined, because even though the deposition tended to disprove the liability of the local defendant, more discovery might show otherwise. Id. at 244-45.

At the hearing on the motion for remand, the court asked defense counsel why they simply didn't wait for an order of summary judgment in favor of the local defendant in state court. They "candidly acknowledged" the following:

> The Supreme Court long ago made clear that a case that was not removable when initially brought, because there was not complete diversity, would become removable by the elimination of all nondiverse defendants only if the change resulted from the voluntary act of the plaintiff, such as a voluntary dismissal. The elimination of nondiverse parties over the objection of the plaintiff, such as by a ruling on a defendant's motion for summary judgment, would not make the case removable. See *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 315-16, 35 S.Ct. 355, 59 L.Ed. 594(1915); see also *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898)....
> In this case, application of the rule would mean that even if the state court granted the defendants' motion and dismissed the plaintiff's claims against Galluccio, leaving only "diverse" defendants, the case could not then be removed. The defendants have sought to avoid the effect of the *Kettelhake* rule by refraining from presenting their summary judgment argument to the state court-- a no-win proposition for their removal objective -- and instead presenting it here disguised as a fraudulent joinder claim. Perhaps they should be given credit for their ingenuity, but it should not surprise them that a federal court, careful of the limits of its diversity jurisdiction, is, in the circumstances, unwilling to indulge the masquerade.

Id. at 245-46.

So it is here.  The summary judgment itself could not support removal under the voluntary-involuntary rule.  Defendants have attempted an end run around the rule, and that attempt should be rejected.

### B.   PLAINTIFFS' OPPOSITION DID NOT DEMONSTRATE FRAUDULENT JOINDER

Plaintiffs rely on their previous briefing on this point.  Nothing about the response to the summary judgment motion conceded or indicated that they had no possibility of establishing a cause of action against Newmont.  Certainly the state judge didn't see it this way: nowhere in his order does he say that plaintiffs had proceeded fraudulently, or that the case was frivolous, or anything of the kind.  Nor did Newmont itself think so; needless to say, it could have filed a motion under NRCP if it believed the response was frivolous, but did not do so.

A 26-page response, with exhibits totalling close to 100 pages, that vigorously resisted summary judgment, is not a pleading that demonstrates fraudulent joinder.[4]

### C. PLAINTIFFS' INTENT IS IMMATERIAL

Honeywell asserts that "[p]laintiff has done everything within his power to avoid federal court jurisdiction in this case."  Response at 22.  It is certainly true that plaintiffs wish to be remanded to state court, so they can try their case.  The irony, of course, is that plaintiffs would be perfectly happy to try their case in this Court as well -- but defendants don't want that either.  Instead, defendants desperately want the case transferred to the asbestos MDL

---

[4] If plaintiffs' pleading so plainly revealed their claim against Newmont to be baseless, why didn't defendants

where it will never be tried. See, e.g., *Madden v. Able Supply Co.*, 205 F.Supp.2d 695, 702 (S.D. Tex. 2002) ("There are thousands of asbestos cases pending in that forum and, if history be any indicator, Plaintiff's claims against the Remaining Defendants will not be heard for many years."). As the chief judge of the United States District Court for the District of Maine put it, in the course of remanding cases removed on fraudulent joinder grounds:

> If these claims return to state court, they will proceed to resolution. If they remain in federal court, they will encounter significant delay upon their transfer through the Panel on Multidistrict Litigation to the Eastern District of Pennsylvania where no asbestos trials or discovery takes place in deference to global settlement efforts. This delay is of economic benefit to the defendants and imposes costs on the plaintiffs. In all likelihood, this economic reality is driving the behavior of the parties in this matter.

*In re Maine Asbestos Cases*, 44 F.Supp.2d 368, 374 n. 2 (D. Me. 1999).

In any event, plaintiffs' desire to stay in state court is irrelevant to the issues before the Court. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931) ("It has been uniformly held that, where there is a prima facie joint liability, averment and proof that resident and nonresident tortfeasors are jointly sued for the purpose of preventing removal does not amount to an allegation that the joinder was fraudulent, and will not justify a removal from the state court."); *Chicago Rock Island & Pac. Ry. Co. v. Schwyhart*, 227 U.S. 184, 193-94 (1913) ("[T]he motive of the plaintiff, taken by itself, does not affect the right to remove."); *Levine v. Allmerica Financial Life Ins. & Ann. Co.*, 41 F.Supp.2d 1077, 1078 (C.D. Cal. 1999); *Tenner v. Prudential Ins. Co.*, 872 F.Supp. 1571, 1574 (E.D. Tex. 1994) (rejecting fraudulent joinder contention and holding that while any judgment against the local defendant would likely be paid by the diverse defendant, and that plaintiff's motive in joining the local defendant might well have been to destroy diversity, "[p]laintiff's motive, however, is

---

simply remove the case upon receipt of that pleading, without waiting for the state court to rule on the motion?

---

1    irrelevant.").

2    IV.  THE COURT MAY REMAND THE CASE NOTWITHSTANDING
3    SANDIE KNUTSON'S DEATH

4
5    Elliott Turbomachinery's response contends that Dennis Knutson cannot file this

6    remand motion because he has no claims of his own, and has not yet formally been substituted

7    as a plaintiff.  This strained argument should be rejected for several reasons.

8    First, it should be noted that while Elliott refers to Mrs. Knutson's "death in November
9
10    2004," response at 2, Mrs. Knutson in fact died on October 26, 2004 -- *before* the case was

11    removed to this Court.  It is particularly disingenuous of Elliott to state that the death occurred

12    "in November 2004."  This case was removed on November 1, 2004, and all defendants knew

13    very well that Mrs. Knutson had died before the case was removed.  In fact, plaintiffs' counsel

14    advised all parties, and the court, of her death in a telephonic status conference on October 28,
15
16    2004.  During this conference, one defendant inquired where plaintiffs intended to file their

17    wrongful death complaint and another informed the court that it intended to move for an order

18    compelling an autopsy, and served its motion in that regard the next day.  Plaintiffs responded

19    to this motion on November 2 not yet knowing of the removal.  See declaration of Michael
20
21    Armitage, one of plaintiffs' counsel, attached as exhibit B.

22    If Elliott's position were correct, of course, this would simply be another reason why
23    subject matter jurisdiction does not exist in this case.  If there is, in fact, no plaintiff before the

24    court, then there is no diversity jurisdiction -- because such jurisdiction requires that an action
25    be "between ...citizens of different States...."  28 U.S.C. §1332 (a)(1).  If there was no
26    plaintiff at the time the case was removed, then there is no diversity jurisdiction, because
27    diversity jurisdiction must exist both upon the filing of the case and at the time of removal.
28

15

E.g., *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002). It is, of course, the height of disingenuousness to remove a case in which the plaintiff has died, and then contend that no motion for remand can be filed because there is no plaintiff -- and in the process try to give the impression that the death occurred after removal.

Fortunately, Elliott's argument is simply another contrivance. When Mrs. Knutson died, the case did not simply cease to exist, nor was it formally abated; rather, both NRCP 25 and Fed. Civ. Proc. 25 provide a means for substituting a proper plaintiff. Indeed, as even Elliott is forced to admit, albeit in a footnote (response at 4 n. 4), Mr. Knutson does have wrongful death claims as Mrs. Knutson's heir, as do her children. The obvious course is simply to remand the case to state court and allow the substitution to occur in the normal manner. It is not a reason to avoid ruling on the motion for remand. Moreover, Mr. Knutson continues to possess consortium claims against all other defendants, as those claims have not been dismissed.

Perhaps more fundamentally, Elliott's complaint has nothing to do with the issues of subject matter jurisdiction or removal procedure. If there is some standing or capacity problem in the case, that is not a ground for federal jurisdiction, and does not constitute a basis for retention of the case in this Court. Nor can it somehow obscure or overcome the fact that the proper removal procedure was not followed.

In sum, the fact that Mrs. Knutson died, before removal, provides no new basis for federal jurisdiction, or for ignoring the problems in removal procedure, and likewise provides no basis to avoid ruling on plaintiffs' motion for remand.

V.    PLAINTIFFS HAVE NOT WAIVED THEIR MOTION FOR REMAND

Honeywell finally contends that plaintiffs waive their right to move for remand. According to Honeywell, "Mr. Knutson has made a general appearance, and has acquiesced in federal district court jurisdiction, by filing 'Plaintiff's Objection and Opposition to 'Joinders' and 'Supplemental Joinders' filed by Defendants Honeywell International Inc., and Elliott Turbomachinery Co., Inc., Regarding Defendant Kelsey-Hayes Company's Motion in State Court 'For Limited Autopy to Preserve Pathology Materials'" (docket no. 96) filed December 1, 2004.  Remarkably, Honeywell leaves out the rest of the name of this pleading -- the full caption of which is "Plaintiff's Objection and Opposition to 'Joinders' and 'Supplemental Joinders' filed by Defendants Honeywell International, Inc., and Elliott Turbomachinery Company, Inc., regarding Defendant Kelsey-Hayes Company's Motion in State Court "for Limited Autopsy to Preserve Pathology Materials, *Subject to and Without Waiving Plaintiff's Objection to Federal Jurisdiction as Raised by Plaintiff's Concurrently-filed Motion for Remand*." (italics in original pleading)   The very first sentence of this pleading began with the words "subject to, and without waiving, his objections to federal court jurisdiction...." Plaintiffs were required to object to these joinders, and carefully preserve their objection to federal court jurisdiction.  The notion that any waiver occurred by such a pleading is utterly meritless.

Moreover, it is axiomatic that a challenge to the existence of federal subject matter jurisdiction can never be waived. E.g., *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1264 (9th Cir. 1992); see also 28 U.S.C. §1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Plaintiffs are, of course, challenging the existence of diversity jurisdiction here.

1    And as to the defects in removal procedure, plaintiffs moved for remand on this ground within

2    the time prescribed by §1447(c).   No waiver occurred here.

3                                CONCLUSION

4        WHEREFORE, PREMISES CONSIDERED, plaintiffs respectfully pray that their

5

6    motion for remand be granted.

7    DATED: December 29, 2004                        Respectfully submitted,

8

9

10   By:

11                            MICHAEL L. ARMITAGE, ESQ.
                              CA Bar No.: 152740
12                            *Pro Hac Vice* in Nevada State Court
                              *Admitted Pro Hac Vice per LRIA 10-2* in
13                            USDC, Nevada
                              CHARLES S. SIEGEL, ESQ.
14                            TX Bar No. 18341875
                              *Pro Hac Vice* in Nevada State Court
15                            *Admitted Pro Hac Vice per LRIA 10-2* in
                              USDC, Nevada
16                            WATERS & KRAUS, LLP
17                            200 Oceangate, Suite 520
                              Long Beach, California 90802
18                            Tel (562) 436-8833/Fax (562) 590-7296

19

20                            KURT A. FRANKE, ESQ.
                              NEV. Bar No. 4102
21                            LAW OFFICES OF KURT A. FRANKE
                              575 Mill Street
22                            Reno, Nevada 89502
                              Tel (775) 827-6100/Fax (775) 786-1116
23

24                            Attorneys for PLAINTIFFS

25

26

27

28

1   KURT A. FRANKE, ESQ., NV Bar No. 4102
    LAW OFFICES OF KURT A. FRANKE
2   Designated as Resident Counsel
    575 Mill Street
3   Reno, Nevada 89502
4   Tel (775) 827-6100/Fax (775) 786-1116

5   MICHAEL L. ARMITAGE, ESQ., CA Bar No.152740
6   *Pro Hac Vice* in Nevada State Court
    Admitted per LRIA 10-2 in USDC, Nevada
7   CHARLES S. SIEGEL, TX Bar No. 18341875
    Admitted per LRIA 10-2 in USDC, Nevada
8   WATERS & KRAUS, LLP
9   200 Oceangate, Suite 520
    Long Beach, California 90802
10   Tel (562) 436-8833/Fax (562) 590-7296

11   Attorneys for PLAINTIFF

12

13              **UNITED STATES DISTRICT COURT**

14                 **DISTRICT OF NEVADA**

15

16   **SANDIE KNUTSON** and **DENNIS**   )   CASE NO. CV-N-04-0625-LRH-(VPC)
    **KNUTSON,**   )
17                      )   **DECLARATION OF MICHAEL L.**
               Plaintiffs,  )   **ARMITAGE IN SUPPORT OF**
18                      )   **PLAINTIFF'S REPLY TO DEFENDANTS'**
                     )   **OPPOSITIONS AND JOINDERS IN**
19       vs.              )   **OPPOSITION TO PLAINTIFF'S MOTION**
                     )   **FOR REMAND**
20   **ALLIS-CHALMERS CORPORATION,**  )
    et. al.,                )
21                      )
22           Defendants.    )
23                      )
24                      )
25                      )
26

27

28

<div align="center">1</div>

DECLARATION OF MICHAEL L. ARMITAGE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITIONS TO PLAINTIFF'S MOTION FOR REMAND

## DECLARATION OF MICHAEL L. ARMITAGE

1.      I am an attorney at law, and a Partner with the law firm of Waters & Kraus, LLP, counsel of record for the Plaintiff herein. I am licensed to practice in all Courts of the State of California.   I am admitted *pro hac vice* by the District Court of the State of Nevada to practice in this particular case.  I have also been admitted in the United States District Court for the District of Nevada pursuant to LR IA 10-2 for admission to practice in this particular case.

2.      I make this Declaration in support of Plaintiff's Reply to Defendants' Oppositions and Joinders in Opposition to Plaintiff's Motion for Remand.  I have personal knowledge of the facts stated herein since I have been primarily and actively involved in the litigation of this action on behalf of Plaintiff and his Decedent, Sandie Knutson, since its inception.

3.      I make this Declaration to reiterate two points: Plaintiff Sandie Knutson died on Tuesday, October 26, 2004, and, after learning of this fact late that evening, I personally made both the Court and counsel for Defendants aware of this fact on Thursday, October 28, 2004, during a telephonic status conference.  To my recollection, counsel for all parties appeared.  I do recall that one or two attorneys appeared late (due either to a calendaring error or a failure to note the time), but that by the time the call ended all counsel had made their appearance. As such, any representation by counsel that Mrs. Knutson died in November 2004, or that defendants did not learn of this fact until November 2004, is erroneous.

4.      Moreover, counsel were made well aware during the October 28, 2004 status conference that we intended as of that date to file in State Court an amended complaint for wrongful death on behalf of Mrs. Knutson's surviving heirs and a survival claim on behalf of the Estate.  Specifically, I additionally recall one defense counsel asking during the conference

2

if plaintiffs intended file an amended complaint in the then-pending county (White Pine County), or file a new wrongful death action in Clark County. The Court then indicated that filing a new action in Clark County would be an improper splitting of the action. While the Court was in the midst of asking defense counsel if all would stipulate to an amended pleading in the absence of a Motion, and some defense counsel began to object and indicate they would not so stipulate, counsel for one of the Defendants raised the issue of compelling an autopsy on Mrs. Knutson. The Court directed that party, which I believe was Kelsey-Hayes, to file and serve a Motion. The Motion was set for hearing on Tuesday, November 2, 2004. With permission from the Court, Plaintiff fax-filed his Opposition by 10:00 a.m. on November 2, 2004.

      5.     On the afternoon of November 2, 2004, I participated in the telephonic hearing on the compelled autopsy issue with the Court and counsel for defendants. At that time, the Court advised us it had received Notification of Removal from Defendant Honeywell, and therefore would not rule on Defendant Kelsey-Hayes' Motion to Compel and Autopsy, due to lack of jurisdiction. Plaintiffs learned of the apparent removal a few hours before that hearing.

      6.     Thus, defendants knew as of October 28, 2004 that Mrs. Knutson had died; that Plaintiffs' counsel planned to file an amended complaint in State Court on behalf of the heirs and the Estate; and defense counsel proceeded to bring a Motion in State Court to compel Mrs. Knutson's autopsy.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on December 29, 2004.

MICHAEL L. ARMITAGE
Declarant

3

DECLARATION OF MICHAEL L. ARMITAGE IN SUPPORT OF PLAINTIFF'S REPLY TO DEFENDANTS'
OPPOSITIONS TO PLAINTIFF'S MOTION FOR REMAND

1 | KURT A. FRANKE, ESQ., NV Bar No. 4102
LAW OFFICES OF KURT A. FRANKE
2 | Designated as Resident Counsel
3 | 575 Mill Street
Reno, Nevada 89502
4 | Tel (775) 827-6100/Fax (775) 786-1116

5 | MICHAEL L. ARMITAGE, ESQ., CA Bar No.152740
6 | *Pro Hac Vice* in Nevada State Court
Admitted per LRIA 10-2 in USDC, Nevada
7 | WATERS & KRAUS, LLP
200 Oceangate, Suite 520
8 | Long Beach, California 90802
9 | Tel (562) 436-8833/Fax (562) 590-7296

10 | Attorneys for PLAINTIFF

11

12 | UNITED STATES DISTRICT COURT

13 | DISTRICT OF NEVADA

14

15 | **SANDIE KNUTSON** and **DENNIS**    ) CASE NO. CV-N-04-0625-LRH-(VPC)
**KNUTSON,**
16 |                                     ) **DECLARATION OF MARY ANNE**
                              ) **CASERMA IN SUPPORT OF REPLY TO**
                   Plaintiffs,          ) **DEFENDANTS' OPPOSITIONS AND**
17 |                                     ) **JOINDERS IN OPPOSITION TO**
        vs.                             ) **PLAINTIFF'S MOTION FOR REMAND;**
18 |                                     ) **EXHIBITS ATTACHED HERETO**
**ALLIS-CHALMERS CORPORATION,**         )
19 | et. al.,                            )
                                        )
20 |                                     )
                                        )
21 |         Defendants.                 )
                                        )
22 |                                     )
                                        )
23 |                                     )
                                        )
24 |                                     )

25

26

27

28

1

**DECLARATION OF MARY ANNE CASERMA IN SUPPORT OF PLAINTIFF'S REPLY TO OPPOSITIONS TO**

**PLAINTIFF'S MOTION FOR REMAND**

## DECLARATION OF MARY ANNE CASERMA

I, Mary Anne Caserma, declare:

    1.    I am an employee of WATERS & KRAUS, LLP, and work in the office located at 200 Oceangate, Suite 520, Long Beach, California, 90802. I am over the age of 18 and not a party to the within action. I have personal knowledge of the facts stated herein, and would and could competently testify thereto under oath if called upon to do so.

    2.    I make this Declaration in support of Plaintiff's Reply to Defendants' Oppositions to Plaintiff's Motion for Remand.

    3.    Attached hereto as **Exhibit A** is a true and correct copy of the Certificate of Service I prepared for service of Plaintiffs' Opposition to the Motion for Summary Judgment/Partial Summary Judgment filed by Defendants Battle Mountain Gold Company and Newmont USA Limited. As the Certificate of Service reflects, I served the documents on October 1, 2004 by both "Courier Overnight Delivery" (via Federal Express) and by facsimile on all Defendants identified on the Service List.

    4.    Attached hereto as **Exhibit B** is the Service List. It includes both Honeywell International, Inc., and Ingersoll-Rand. The Service List also reflects the "speed dial" number assigned to each Defendant on the fax machine in Waters & Kraus' Long Beach office. In pertinent part, the Service List indicates that Honeywell's speed dial number is "160," and that Ingersoll-Rand's speed dial number is "161." I personally placed the documents into the fax machine; personally entered all of the speed dial numbers, including "160" and "161"; and personally started the fax.

    5.    Attached hereto as **Exhibit C** is the Fax Confirmation Sheet pertaining to the fax service of these documents on these Defendants on October 1, 2004. Exhibit C indicates that

DECLARATION OF MARY ANNE CASERMA IN SUPPORT OF PLAINTIFF'S REPLY TO OPPOSITIONS TO PLAINTIFF'S MOTION FOR REMAND

faxing of the documents to all Defendants began at 3:18 p.m. (Pacific Standard Time) on October 1, 2004, and was completed at 5:41 p.m. (Pacific Standard Time). Exhibit C clearly demonstrates that the faxes going to speed dial numbers "160" [Honeywell] and "161" [Ingersoll-Rand] were successfully completed on October 1, 2004.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 27, 2004.

MARY ANNE CASERMA
Declarant

3

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of WATERS & KRAUS, LLP, 200 Oceangate, Suite 520, Long Beach, California 90802, and that on the October 1, 2004, I served the foregoing document(s) described as follows: **PLAINTIFFS' OPPOSITION TO THE MOTION OF DEFENDANTS BATTLE MOUNTAIN GOLD COMPANY AND NEWMONT USA LIMITED (*SUCCESSOR-IN-INTEREST TO* CARLIN GOLD MINING COMPANY *AND* NEWMONT GOLD COMPANY) FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES; AFFIDAVIT OF JENNIFER L. BARTLETT AND EXHIBITS ATTACHED THERETO** on the parties set forth below by:

[ ]    Mail: Placing an original or true copy thereof in a sealed envelope, postage prepaid, placed for collection and mailing in the United States Mail at Long Beach, California to:

### SEE ATTACHED LIST

[ ]    Personal Delivery

[ X ]   Facsimile (FAX)

[ X ]   Courier Overnight Delivery

[ ]    Other:

Executed on October 1, at Long Beach, California.

ANNIE CASERMA
An employee of Waters & Kraus LLP

**BATTLE MOUNTAIN GOLD COMPANY**
**NEWMONT USA, LIMITED**
**(CARLIN GOLD MINING COMPANY)**
Margo Piscevich, Esq.
PISCEVICH & FENNER
350 South Center Street, Suite 300
Reno, Nevada 89501
775-329-0958          775-329-2666
                     (Speed Dial 148)

**BONDEX INTERNATIONAL, INC.**
**RPM INC.**
Anne H. Wellborn, Esq.
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-6565          702-650-2995
                     (Speed Dial 149)

**BURNS INTERNATIONAL SERVICES CORP.**
**(Borg Warner)**
James M. Barker, Esq.
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-0110          702-383-7087
                     (Speed Dial 150)

**DAIMLERCHRYSLER CORPORATION**
**GENERAL MOTORS CORPORATION**
Michael A. Hagemeyer, Esq.
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0022          702-891-0033
                     (Speed Dial 152)

**ELLIOTT COMPANY**
**(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown, Esq.
BARKER, BROWN, BUSBY, et al.,
Bank of America Plaza, Suite 800
900 South Fourth Street
Las Vegas, Nevada 89101
702-386-1086          702-384-5386
                     (Speed Dial 153)

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte, Esq.
PICO & MITCHELL, LTD.
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-9099   702-457-8451   (Speed Dial 154)

**FORD MOTOR COMPANY**
Kelly A. Evans, Esq.
Jay J. Schuttert, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5200          702-784-5252
                     (Speed Dial 155)

**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron, Esq.
William H. Pruitt, Esq.
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3940          702-870-3950
                     (Speed Dial 156)

**GENERAL ELECTRIC COMPANY**
Davis F. VanderVelde, Esq.
Jack Cherry, Esq.
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-384-7000   702-385-7000
                     (Speed Dial 157)

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS**
**ASSOCIATION  (INC.)**
Steven E. Guinn, Esq.
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1170          775-322-1865
                     (Speed Dial 158)

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika, Esq.
Scott L. Stonehocker, Esq.
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4048          702-384-4484
                     (Speed Dial 159)

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran, Esq.
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-6440     775-827-9256 (Speed Dial 160)

- 1 -

INGERSOLL-RAND COMPANY
Leah R. Wigren, Esq.
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-5500          775-827-6663
                     (Speed Dial 161)

KELSEY-HAYES COMPANY
NORTHROP GRUMMAN SYSTEMS CORP.
Troy Peyton, Esq.
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4466          702-388-4474
                     (Speed Dial 162)

KELLY-MOORE PAINT COMPANY, INC.
Michael M. Edwards, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
1140 Town Center Drive, #350
Las Vegas, Nevada 89144
(702) 393-3383  (702) 893-3789
                     (Speed Dial 179)

PAGE BRAKE COMPANY
Thomas C. Anderson, Esq.
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-359-7000          801-236-5319
                     (Speed Dial 164)

PARKER-HANNIFIN CORPORATION
William E. Cooper, Esq.
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-5111          702-382-2170
                     (Speed Dial 165)

PCC FLOW TECHONOLGIES HOLDINGS,
INC. (DOE 1)
JOHNSTON PUMP (DOE 2)
Thomas F. Kummer, Esq.
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-792-7000          702-796-7181
                     (Speed Dial 178)

PENSKE TRUCK LEASING CORPORATION
Charles W. Spann, Esq.
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-2002          775-829-1808
                     (Speed Dial 166)

STERLING FLUID SYSTEMS (US.) INC.
James G. Chin
GORDON & REES
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-7646          702-784-5146
                     (Speed Dial 167)

VIACOM INC.
SIEMENS WESTINGHOUSE POWER CORP.
Von S. Heinz, Esq.
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8200          702-949-8351
                     (Speed Dial 168)

VIKING PUMP INC.
(Anticipated Counsel)
Julie Torres, Esq.
JACKSON & WALLACE LLP
55 San Francisco Street, 6th floor
San Francisco, California 94133
(415) 982-6300  (415) 982-6700
                     (Speed Dial 60)

BMW OF NORTH AMERICA, INC. (DOE 3)
C.T. CORPORATION SERVICES, INC.
818 W. 7TH STREET
LOS ANGELES, CA 90012

COURTESY COPIES TO COUNSEL FOR BMW:

James G. Scadden, Esq.
Daniel Alweiss, Esq.
CARROLL, BURDICK & McDONOUGH, LLP
44 Montgomery, Suite 400
San Francisco, California 94104-4606

Marc Brainich, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD
One Embarcadero Center, 16th Floor
San Francisco, California 94111-3628

PLAINTIFFS' CO-COUNSEL
KURT A. FRANKE, Esq.
LAW OFFICES OF KURT A. FRANKE
515 Mill Street
Reno, Nevada 89502
(775) 827-6100  (775) 786-1116
                     (Speed Dial 169)

Line 1     : 562
Line 2     :
Machine ID : Waters & Kraus, LLP

Job number        :   911

Date              :   Oct-01 15:18

Number of pages   :   034

Start time        :   Oct-01 15:18

End time          :   Oct-01 17:41

Successful nbrs.

    Groups

        0006          KNUTSON          S.D.    060  178  148  149  150  151  152  153
                                               154  155  156  158  159  160  161  162
                                               165  166  167  168  186  195


Unsuccessful nbrs.                                                        Pages sent

    Groups

        0006          KNUTSON          S.D.  ✓157   Alverson, Taylor           021
                                             ✓164   Burbidge & White           000
                                             ✓169   Franke, Kurt               009

12 - 29

1   KURT A. FRANKE, ESQ., NEV. Bar No. 4102
    LAW OFFICES OF KURT A. FRANKE
2   Designated as Resident Counsel
    575 Mill Street
3   Reno, Nevada 89502
    Tel (775) 827-6100/Fax (775) 786-1116
4
5   MICHAEL L. ARMITAGE, ESQ., CA Bar No.152740
    *Pro Hac Vice* in Nevada State Court
6   Admitted per LRIA 10-2 in USDC Nevada
    WATERS & KRAUS, LLP
7   200 Oceangate, Suite 520
    Long Beach, California 90802
8   Tel (562) 436-8833/Fax (562) 590-7296
9
    Attorneys for PLAINTIFF
10
11
12                 UNITED STATES DISTRICT COURT
13
14                     DISTRICT OF NEVADA
15  SANDIE KNUTSON and DENNIS      )  CASE NO. CV-N-04-0625-LRH(VPC)
    KNUTSON,                       )
16                                 )  PROOF OF SERVICE
                         Plaintiffs, )
17                                 )
            vs.                    )
18                                 )
    ALLIS-CHALMERS CORPORATION,    )
19  et. al.,                       )
                                   )
20                                 )
                                   )
21                   Defendants.   )
                                   )
22                                 )
                                   )
23                                 )
                                   )
24                                 )
                                   )
25                                 )
26
27
28

PROOF OF SERVICE

## CERTIFICATE OF SERVICE

      Pursuant to NRCP 5(b), I certify that I am an employee of WATERS & KRAUS, LLP, 200 Oceangate, Suite 520, Long Beach, California 90802, and that on the December 29, 2004, I served the foregoing document(s) described as follows: **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR REMAND AND EXHIBITS ATTACHED THERETO** on the parties set forth below by:

[ **X** ]   Mail: Placing an original or true copy thereof in a sealed envelope, postage prepaid, placed for collection and mailing in the United States Mail at Long Beach, California to:

<div align="center">

**SEE ATTACHED LIST**

</div>

[   ]   Personal Delivery

[   ]   Facsimile (FAX)

[   ]   Courier Overnight Delivery

[   ]   Other:

      Executed on December 29, 2004, at Long Beach, California.

ANNIE CASERMA
An employee of Waters & Kraus LLP

KNUTSON v. ALLIS CHALMERS, INC., et al.,
Eureka County, Nevada, Case No. CV-0403-039, W&K File No. 03-0913
### SERVICE LIST

**BATTLE MOUNTAIN GOLD COMPANY**
**NEWMONT USA, LIMITED**
**(CARLIN GOLD MINING COMPANY)**
George D. Yaron, Esq.
William J. Geddes, Esq.
YARON & ASSOCIATES
3097 East Warm Springs Road, Suite 200
Las Vegas, Nevada 89120
702-933-2929   702-933-2930   (Speed Dial 186)

**BONDEX INTERNATIONAL, INC.**
**RPM INC.**
Anne H. Wellborn, Esq.
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-6565   702-650-2995   (Speed Dial 149)

**BURNS  INTERNATIONAL SERVICES CORP.**
**(Borg Warner)**
James M. Barker, Esq.
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-0110   702-383-7087   (Speed Dial 150)

**DAIMLERCHRYSLER CORPORATION**
Michael A. Hagemeyer, Esq.
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0022   702-891-0033   (Speed Dial 152)

**ELLIOTT COMPANY**
**(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown, Esq.
BARKER, BROWN, BUSBY, et al.,
900 South Fourth Street
Las Vegas, Nevada 89101
702-386-1086   702-384-5386   (Speed Dial 153)

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte, Esq.
PICO, ESCOBAR & ROSENBERGER
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-9099   702-457-8451   (Speed Dial 154)

**FORD MOTOR COMPANY**
**GENERAL MOTORS CORPORATION**
Kelly A. Evans, Esq.
Jay J. Schuttert, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5200   702-784-5252   (Speed Dial 155)

**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron, Esq.
William H. Pruitt, Esq.
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3940   702-870-3950   (Speed Dial 156)

**GENERAL ELECTRIC COMPANY**
Jack Cherry, Esq.
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-384-7000   702-385-7000   (Speed Dial 157)

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS**
**ASSOCIATION  (INC.)**
Steven E. Guinn, Esq.
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1170   775-322-1865   (Speed Dial 158)

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika, Esq.
Scott L. Stonehocker, Esq.
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4048   702-384-4484   (Speed Dial 159)

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran, Esq.
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-6440      775-827-9256   (Speed Dial 160)

**INGERSOLL-RAND COMPANY**
Leah R. Wigren, Esq.
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-5500   775-827-6663   (Speed Dial 161)

**KELSEY-HAYES COMPANY**
Troy Peyton, Esq.
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4466   702-388-4474   (Speed Dial 162)

**PAGE BRAKE COMPANY**
Thomas C. Anderson, Esq.
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-359-7000   801-236-5319   (Speed Dial 164)

**PARKER-HANNIFIN CORPORATION**
William E. Cooper, Esq.
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-5111   702-382-2170   (Speed Dial 165)

**PCC FLOW TECHNOLOGIES HOLDINGS, INC. (DOE 1)**
**JOHNSTON PUMP (DOE 2)**
Thomas F. Kummer, Esq.
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-792-7000   702-796-7181   (Speed Dial 178)

**PENSKE TRUCK LEASING CORPORATION**
Charles W. Spann, Esq.
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-2002   775-829-1808   (Speed Dial 166)

**STERLING FLUID SYSTEMS (USA), LLC**
James G. Christensen, Esq.
GORDON & REES
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-7646   702-784-5146   (Speed Dial 167)

**VIACOM INC.**
**SIEMENS WESTINGHOUSE POWER CORP.**
Von S. Heinz, Esq.
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8200   702-949-8351   (Speed Dial 168)

**VIKING PUMP INC.**
Julie Torres, Esq.
JACKSON & WALLACE LLP
55 Francisco Street, 6th floor
San Francisco, California  94133
(415) 982-6300       (415) 982-6700
                              Speed Dial 60

**BMW OF NORTH AMERICA, INC. (DOE 3)**
**KELLY-MOORE PAINT COMPANY, INC.**
Michael M. Edwards, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
City Centre Place
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
702-893-3393       702-893-3789 (Speed Dial 195)

**TH AGRICULTURE & NUTRITION, LLC**
**JONES & VARGAS**
Twelfth Floor
100 West Liberty Street
P.O. Box 281
Reno, NV 89504
775-788-5000       775-786-1177

**PLAINTIFFS' CO-COUNSEL**
KURT A. FRANKE, Esq.
LAW OFFICES OF KURT A. FRANKE
575 Mill Street
Reno, Nevada 89502
775 827-6100   775 786-1116   (Speed Dial 169)

1  KURT A. FRANKE, ESQ., NEV. Bar No. 4102
   LAW OFFICES OF KURT A. FRANKE
2  Designated as Resident Counsel
   575 Mill Street
3  Reno, Nevada 89502
   Tel (775) 827-6100/Fax (775) 786-1116
4
5  MICHAEL L. ARMITAGE, ESQ., CA Bar No.152740
   *Pro Hac Vice* in Nevada State Court
6  Admitted per LRIA 10-2 in USDC Nevada
   WATERS & KRAUS, LLP
7  200 Oceangate, Suite 520
   Long Beach, California 90802
8  Tel (562) 436-8833/Fax (562) 590-7296
9
   Attorneys for PLAINTIFF
10
11
12                    UNITED STATES DISTRICT COURT
13
                         DISTRICT OF NEVADA
14
15 **SANDIE KNUTSON** and **DENNIS**        )   CASE NO. CV-N-04-0625-LRH(RJJ)
   **KNUTSON,**                             )
16                                          )   **AMENDED PROOF OF SERVICE**
                         Plaintiffs,        )
17                                          )
            vs.                             )
18                                          )
   **ALLIS-CHALMERS CORPORATION,**          )
19 et. al.,                                 )
                                            )
20                                          )
            Defendants.                     )
21                                          )
                                            )
22                                          )
                                            )
23                                          )
                                            )
24                                          )
                                            )
25                                          )
26
27
28

PROOF OF SERVICE

## CERTIFICATE OF SERVICE

Pursuant to LR 5-1, I certify that I am an employee of WATERS & KRAUS, LLP, 200 Oceangate, Suite 520, Long Beach, California 90802, and that on the December 30, 2004, I served the foregoing document(s) described as follows: **PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR REMAND AND EXHIBITS ATTACHED THERETO** on the parties set forth below by:

[ X ]   Mail:  Placing an original or true copy thereof in a sealed envelope, postage prepaid,  placed for collection and mailing in the United States Mail at Long Beach, California to:

**SEE ATTACHED LIST**

[   ]   Personal Delivery

[   ]   Facsimile

[   ]   Courier Overnight Delivery

[   ]   Other:

Executed on December 30, 2004,  at Long Beach, California.

ANNIE CASERMA
An employee of Waters & Kraus LLP

KNUTSON v. ALLIS CHALMERS, INC., et al.,
Eureka County, Nevada, Case No. CV-0403-039, W&K File No. 03-0913
**SERVICE LIST**

**BATTLE MOUNTAIN GOLD COMPANY**
**NEWMONT USA, LIMITED**
**(CARLIN GOLD MINING COMPANY)**
George D. Yaron, Esq.
William J. Geddes, Esq.
YARON & ASSOCIATES
3097 East Warm Springs Road, Suite 200
Las Vegas, Nevada 89120
702-933-2929   702-933-2930   (Speed Dial 186)

**BONDEX INTERNATIONAL, INC.**
**RPM INC.**
Anne H. Wellborn, Esq.
BULLIVANT HOUSER BAILEY
3980 Howard Hughes Parkway, Suite 550
Las Vegas, Nevada 89109
702-650-6565   702-650-2995   (Speed Dial 149)

**BURNS  INTERNATIONAL SERVICES CORP.**
**(Borg Warner)**
James M. Barker, Esq.
GIFFORD VERNON & BARKER
3110 South Rainbow Boulevard, Suite 105
Las Vegas, Nevada 89146
702-383-0110   702-383-7087   (Speed Dial 150)

**DAIMLERCHRYSLER CORPORATION**
Michael A. Hagemeyer, Esq.
2255-A Renaissance Drive
Las Vegas, Nevada 89119
702-891-0022   702-891-0033   (Speed Dial 152)

**ELLIOTT COMPANY**
**(ELLIOTT TURBOMACHINERY CO., INC.)**
Janice J. Brown, Esq.
BARKER, BROWN, BUSBY, et al.,
900 South Fourth Street
Las Vegas, Nevada 89101
702-386-1086   702-384-5386   (Speed Dial 153)

**FAIRBANKS MORSE PUMP CORPORATION**
Marsha H. Tarte, Esq.
PICO, ESCOBAR &  ROSENBERGER
2000 South Eastern Avenue
Las Vegas, Nevada 89104
702-457-9099   702-457-8451   (Speed Dial 154)

**FORD MOTOR COMPANY**
**GENERAL MOTORS CORPORATION**
Kelly A. Evans, Esq.
Jay J. Schuttert, Esq.
SNELL & WILMER
3800 Howard Hughes Parkway, Suite 1000
Las Vegas, Nevada 89109
702-784-5200   702-784-5252   (Speed Dial 155)

**GARDNER DENVER, INC.**
**HAFER'S AUTO PARTS DISTRIBUTORS**
David Barron, Esq.
William H. Pruitt, Esq.
BARRON, VIVONE & PRUITT
1404 South Jones Boulevard
Las Vegas, Nevada 89146
702-870-3940   702-870-3950   (Speed Dial 156)

**GENERAL ELECTRIC COMPANY**
Jack Cherry, Esq.
ALVERSON, TAYLOR, MORTENSEN, et al
7401 West Charleston Blvd.
Las Vegas, Nevada 89117
702-384-7000   702-385-7000   (Speed Dial 157)

**GENUINE PARTS COMPANY**
**NATIONAL AUTOMOTIVE PARTS**
**ASSOCIATION  (INC.)**
Steven E. Guinn, Esq.
LAXALT & NOMURA, LTD.
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
775-322-1170   775-322-1865   (Speed Dial 158)

**HENNESSY INDUSTRIES, INC.**
Tomas V. Mazeika, Esq.
Scott L. Stonehocker, Esq.
FREDERICKSON, MAZEIKA & GRANT
333 South Sixth Street, Suite 230
Las Vegas, Nevada 89101
702-384-4048   702-384-4484   (Speed Dial 159)

**HONEYWELL INTERNATIONAL, INC.**
Jack G. Angaran, Esq.
GEORGESON THOMPSON & ANGARAN
100 West Grove Street, Suite 500
Reno, Nevada 89509
775-827-6440    775-827-9256   (Speed Dial 160)

**INGERSOLL-RAND COMPANY**
Leah R. Wigren, Esq.
WAIT LAW FIRM
305 West Moana Lane, 2nd Floor
Reno, Nevada 89509
775-827-5500   775-827-6663   (Speed Dial 161)

**KELSEY-HAYES COMPANY**
Troy Peyton, Esq.
RUMPH & PEYTON
2300 W. Sahara Avenue, Ste. 1130, Box 7
Las Vegas, Nevada 89102
702-388-4466   702-388-4474   (Speed Dial 162)

**PAGE BRAKE COMPANY**
Thomas C. Anderson, Esq.
BURBIDGE & WHITE
1400 Key Bank Tower
50 South Main Street
Salt Lake City, Utah 84144
801-359-7000   801-236-5319   (Speed Dial 164)

**PARKER-HANNIFIN CORPORATION**
William E. Cooper, Esq.
LAW OFFICES OF WILLIAM E. COOPER
601 East Bridger Avenue
Las Vegas, Nevada 89101
702-382-5111   702-382-2170   (Speed Dial 165)

**PCC FLOW TECHNOLOGIES HOLDINGS, INC. (DOE 1)**
**JOHNSTON PUMP (DOE 2)**
Thomas F. Kummer, Esq.
KUMMER KAEMPFER BONNER & RENSHAW
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, Nevada 89109
702-792-7000   702-796-7181   (Speed Dial 178)

**PENSKE TRUCK LEASING CORPORATION**
Charles W. Spann, Esq.
PERRY & SPANN
6130 Plumas Street
Reno, Nevada 89509
775-829-2002   775-829-1808   (Speed Dial 166)

**STERLING FLUID SYSTEMS (USA), LLC**
James G. Christensen, Esq.
GORDON & REES
3753 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89109
702-784-7646   702-784-5146   (Speed Dial 167)

**VIACOM INC.**
**SIEMENS WESTINGHOUSE POWER CORP.**
Von S. Heinz, Esq.
LEWIS & ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89109
702-949-8200   702-949-8351   (Speed Dial 168)

**VIKING PUMP INC.**
Julie Torres, Esq.
JACKSON & WALLACE LLP
55 Francisco Street, 6th floor
San Francisco, California  94133
(415) 982-6300        (415) 982-6700
                      Speed Dial 60

**BMW OF NORTH AMERICA, INC. (DOE 3)**
**KELLY-MOORE PAINT COMPANY, INC.**
Michael M. Edwards, Esq.
LEWIS BRISBOIS BISGAARD & SMITH
City Centre Place
400 S. 4th Street, Suite 500
Las Vegas, Nevada 89101
702-893-3393        702-893-3789 (Speed Dial 195)

**TH AGRICULTURE & NUTRITION, LLC**
**JONES & VARGAS**
Twelfth Floor
100 West Liberty Street
P.O. Box 281
Reno, NV 89504
775-788-5000        775-786-1177

**PLAINTIFFS' CO-COUNSEL**
KURT A. FRANKE, Esq.
LAW OFFICES OF KURT A. FRANKE
575 Mill Street
Reno, Nevada 89502
775 827-6100   775 786-1116   (Speed Dial 169)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "C"

1  JACK G. ANGARAN, ESQ., SBN: 711
   LAURIE L. TROTTER, ESQ., SBN 8696
2  GEORGESON, THOMPSON
   & ANGARAN, CHTD.
3  100 West Grove Street, Suite 500
   Reno, Nevada  89509
4  775.827.6440
   Attorneys for Defendant
5  **HONEYWELL INTERNATIONAL, INC.**
   *(sued individually and as successor in interest to*
6  ALLIEDSIGNAL, INC. *successor to*
   BENDIX CORPORATION*)*
7

RECEIVED
IN DROP BOX

C. JAN -7  PM 1:59

CLERK, US DISTRICT COURT
DISTRICT OF NEVADA

8                IN THE UNITED STATES DISTRICT COURT

9                  FOR THE DISTRICT OF NEVADA

10  **SANDIE KNUTSON** and **DENNIS
    KNUTSON**,
11
                        Plaintiffs,
12                                                 **Case No.:  CV-N-04-0625-LRH-RJJ**

13          vs.

14  **ALLIS-CHALMERS CORPORATION;
    BATTLE MOUNTAIN GOLD COMPANY;**      **HONEYWELL'S OBJECTION TO
15  **BMW OF NORTH AMERICA, INC.**        **PLAINTIFFS' REPLY
    (individually and as successor-in-interest to   **MEMORANDUM IN SUPPORT OF
16  VOLKSWAGEN OF AMERICA, INC.,         **THEIR MOTION FOR REMAND**
    successor-in-interest to VICKERS GROUP
17  PLC, successor-in-interest to ROLLS-ROYCE
    MOTOR CARS) (Doe No. 3); **BONDEX
18  INTERNATIONAL, INC.; BURNS
    INTERNATIONAL SERVICES CORP.**, f/k/a
19  BORG-WARNER CORP.; BORGWARNER INC.;
    **CHECKER CAB COMPANY, INC.;
20  DAIMLERCHRYSLER CORPORATION;
    DRESSER INDUSTRIES, INC.** (sued
21  individually and as successor-in-interest to
    WORTHINGTON CORPORATION and
22  WORTHINGTON PUMP INC.); **ELLIOTT
    TURBOMACHINERY CO., INC.; FAIRBANKS
23  MORSE PUMP CORPORATION; FORD
    MOTOR COMPANY; GARDNER DENVER,
24  INC.; GENERAL ELECTRIC COMPANY;
    GENERAL MOTORS CORPORATION;
25  GENUINE PARTS COMPANY** (sued individually
    and as successor-in-interest to NAPA HAWAII);
26  **HAFER'S AUTO PARTS DISTRIBUTORS;
    HALLIBURTON ENERGY SERVICES, INC.**
27  (sued individually and as successor-in-interest to
    DRESSER INDUSTRIES, INC., successor-in-
28  interest to WORTHINGTON PUMP INC., and
    WORTHINGTON CORPORATION); **HENNESSY
    INDUSTIRES, INC.; HONEYWELL
    INTERNATIONAL, INC.** (sued individually and



-1-

1  as successor-in-interest to ALLIEDSIGNAL, INC.,
   successor to BENDIX CORPORATION);
2  **INGERSOLL-RAND COMPANY; JOHNSTON
   PUMP COMPANY** (Doe No. 2); **KELSEY-
3  HAYES COMPANY; KELLY-MOORE PAINT
   COMPANY, INC.; NATIONAL AUTOMOTIVE
4  PARTS ASSOCIATION (INC.); NEWMONT
   USA, LIMITED** (successor-in-interest to
5  NEWMONT GOLD COMPANY and CARLIN
   GOLD MINING COMPANY); **NORTHROP
6  GRUMMAN SYSTEMS CORPORATION;
   PAGE BRAKE COMPANY INCORPORATED;
7  PARKER-HANNIFIN CORPORATION;
   PCC FLOW TECHNOLOGIES HOLDINGS,
8  INC.** (individually and as successor-in-interest to
   JOHNSTON PUMP COMPANY)(Doe No. 1);
9  **PENSKE TRUCK LEASING CORPORATION**
   (sued individually and as successor-in-interest to
10 ROLLINS TRUCK LEASING CORP.);
   **ROLLS-ROYCE COPORATION; RPM INC.**
11 (sued individually and as successor-in-interest to
   BONDEX INTERNATIONAL , INC.);
12 **SIEMENS WESTINGHOUSE POWER
   CORPORATION; STERLING FLUID
13 SYSTEMS (USA), INC.** (f/k/a/ PEERLESS PUMP
   COMPANY); **VIACOM INC.** (sued individually
14 and as successor-in-interest to WESTINGHOUSE
   ELECTRIC CORPORATION and BF
15 STURTEVANT); **VIKING PUMP INC.**;
   and DOES 4-450 INCLUSIVE,
16
                    Defendants.
17

18        Honeywell International, Inc. (hereinafter "Honeywell") calls this Court's attention to

19  Plaintiffs' inconsistent certificates and declarations concerning the method and the date that

20  Plaintiffs served their *Opposition* to *Battle Mountain Gold's Motion for Summary Judgment*.

21        Plaintiffs' contend that their 145 page *Opposition* was both served and received by

22  Defendants on Friday, October 1, 2004. However, a review of Plaintiffs' affidavits and

23  Declarations in that regard demonstrates at best that Plaintiffs' *Opposition* was first served and

24  received by Defendants the following Monday, October 4th, [1] when delivered by Plaintiffs'

25  courier service.  While Plaintiffs apparently attempted to *courtesy* fax a portion of their

26  _____

27        [1] Plaintiffs did not even file their *Opposition* with the Court until Tuesday, October 5,

28  2004.



-2-

1    *Opposition* to defendants in the early evening of Friday, October 1st, even faxing of that portion

2    was not accomplished until 5:41 PM, well after normal business hours, when defense counsel

3    could be expected to have left their offices for the weekend.

4        Plaintiffs have submitted to this Court multiple characterizations and declarations

5    regarding their attempts to serve Defendants on late Friday, October 1, 2004 with the

6    documents triggering removal:  Plaintiffs' 145 page (with exhibits) *Opposition to the Motion*

7    *for Summary Judgment of Defendants Battle Mountain Gold Company and Newmont USA*.

8        The *Declaration of Mary Anne Caserma In Support of Reply to Defendants' Oppositions*

9    *and Joinders in Opposition to Plaintiff's Motion for Remand*; contains her statement that she

10    served Plaintiffs' *Opposition* by facsimile and "courier overnight delivery" on Friday,

11    October 1, 2004.  As proof, Ms. Caserma attaches Plaintiffs' Certificate of Service which

12    purports to show fax and courier overnight delivery of the *Opposition* brief "and exhibits

13    attached thereo".  Ms. Caserma also declares that the faxing of the documents to all

14    Defendants was completed at 5:41 p.m. on Friday evening.

15        However, the Court will note that in an earlier Affidavit signed by Jennifer

16    Bartlett, Esq. on October 13, 2004, Ms. Bartlett states that on October 1, 2004, she did

17    not fax the exhibits.   (See, *Affidavit of Jennifer L. Bartlett, Esq. In Support of*

18    *Plaintiffs' Response to Defendants' Reply to Plaintiffs' Opposition to Defendants'*

19    *Motion for Summary Judgment Or, in the Alternative, for Partial Summary Judgment,*

20    "Exhibit 1"attached hereto). In her Affidavit, Ms. Bartlett provides a description of

21    Plaintiffs' attempts at service by mail and fax of the Opposition on defendants.   She

22    states:

23        5.   Service was accomplished on October 1, 2004, via both facsimile

24    transmission and overnight mail (Federal Express).  Although mail service on October 1, 2004 was sufficient service in an of itself, <u>we endeavored to be as

25    courteous as possible</u> by taking additional steps to provide counsel with a courtesy copy via facsimile on Friday, October 1, 2004, and <u>to choose a method</u>

26    of mailing that <u>would ensure delivery no later than the close of the next business</u>

27    <u>day</u> [Monday October 4, 2004].

28        6.   On October 1, 2004, we faxed the Notice of Opposition and Opposition, the Memorandum of points and Authorities; and the supporting



Affidavit.  These documents, alone, amounted to thirty-four (34) pages.  <u>We did not fax the exhibits because the exhibits numbered close to one hundred (100 pages)</u>. . . . (See, Ex. 1, p. 1-2). (emphasis added)

Because none of the Defendants were served or received the complete *Opposition* until October 4, 2004, Ingersoll-Rand filed a timely joinder on November 2, 2004, within the thirty (30) day removal period.  Plaintiffs' attempt to courtesy fax a portion of the *Opposition,* after hours on a Friday evening, can not change that fact.

Honeywell further objects to Plaintiffs' mischaracterization of the consent of Page Brake Company, Inc, to removal which was timely filed with this Court as part of *Honeywell's Supplement to Notice of Removal* on November 1, 2004.  In that regard Honeywell incorporates in their entirety, and refers the Court to, the *Declaration of Defendant Page Brake Company, Inc. Regarding Consent to Removal* with attached *Affidavit of Thomas C. Anderson,* filed contemporaneously herewith.

Dated:  January 7, 2005

GEORGESON, THOMPSON & ANGARAN, CHTD.

By: _____
JACK G. ANGARAN, ESQ., SBN 711
LAURIE L. TROTTER, ESQ., SBN 8696
ATTORNEYS FOR DEFENDANT
HONEYWELL INTERNATIONAL, INC.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

## AFFIDAVIT OF JENNIFER L. BARTLETT, ESQ.
## IN SUPPORT OF PLAINTIFFS' RESPONSE TO
## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
## OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

STATE OF NEVADA       )
                      )ss.
COUNTY OF WHITE PINE )

JENNIFER L. BARTLETT, being first duly sworn, deposes and says:

1. I am an attorney, duly licensed to practice law in all Courts of the State of California. I am an associate with the law firm of Waters & Kraus, LLP, counsel of record for Plaintiffs Sandie Knutson and Dennis Knutson. Michael L. Armitage is a partner with this firm, and has been admitted to practice law in Nevada *pro hac vice* for purposes of this case.

2. I make this Affidavit pursuant to the requirements of NRCP 56(e) in *response* to the Newmont Defendants' Reply to Plaintiffs' Opposition to their Motion For Summary Judgment or, In The Alternative, For Partial Summary Judgment. The facts stated herein are of my own personal knowledge and if called to the stand to testify I could and would competently testify to the truth thereof.

3. Counsel for the Newmont Defendants, Steve Bartell, and I stipulated to an Opposition due date of Friday, October 1, 2004.

4. Pursuant to the Stipulation, we served Plaintiffs' Opposition on all Defendants on Friday, October 1, 2004.

5. Service was accomplished on October 1, 2004, via both facsimile transmission and overnight mail (Federal Express). Although mail service on October 1, 2004 was sufficient service in and of itself, we endeavored to be as courteous as possible by

taking additional steps to provide counsel with a courtesy copy via facsimile on Friday, October 1, 2004, and to choose a method of mailing that would ensure delivery no later than the close of the next business day.

6.    On October 1, 2004, we faxed the Notice of Opposition and Opposition, the Memorandum of Points and Authorities, and the supporting Affidavit. These documents, alone, amounted to thirty-four (34) pages. We did not fax the exhibits because the exhibits numbered close to one hundred (100) pages; the exhibits were described and cited with particularity in the Memorandum of Points and Authorities; and the exhibits are documents already in Defendants' possession (Plaintiff's deposition transcript; Plaintiff's responses to interrogatories; and the Declaration of Gregory Obara, M.D., which was submitted in support of the previously-filed Motion for Preference). However, we did fax the documents with a cover letter, to avoid any confusion, explaining that the exhibits would arrive with the hard copy and inviting any counsel to call with questions. Moving Defendants' counsel did not call. Attached hereto as EXHIBIT A is a true and correct copy of that letter.

7.    Fax service was not accomplished "after normal business hours." The Opposition was faxed via "speed dial" to all of Defendants' counsel (a total of 22 addressees) beginning at 3:18 p.m. on Friday, October 1, 2004. Attached hereto as EXHIBIT B is a true and correct copy of the pertinent "Group Send Report" generated by the fax machine, which lists all speed dial numbers, including the fax number for the Newmont Defendants' counsel, and indicates the fax was sent at 3:18 p.m. on October 1, 2004.

/ / /

8.    Defendants' Reply to Plaintiffs' Opposition was received in Plaintiffs' counsels' office, *by mail only*, on Tuesday, October 12, 2004.   No Proof of Service accompanies Defendants' Reply.


FURTHER YOUR AFFIANT SAYETH NOT.

JENNIFER L. BARTLETT, ESQ.


SUBSCRIBED and SWORN to before me this *13th* day of October 2004.

NOTARY PUBLIC in and for said County and State

DYANNA L SUMMERS
Commission # 1431332
Notary Public - California
Los Angeles County
My Comm. Expires Aug 16, 2007

# Exhibit A

# WATERS & KRAUS, LLP

C. ANDREW WATERS (CA, DC, NC, TX)
PETER A. KRAUS (TX, VA)
CHARLES S. SIEGEL (TX)

B. Scott Kruka (TX)
Rhonda Sullivan Cleaves (TX)
Ashley Watkins McDowell (TX)
Ron C. Eddins (TX)
Leslie C. MacLean (TX)
George G. Tankard, III (DC, MD, PA, TX)
Dana Casselli Fox (TX)
Michelle B. Norton (TX)
Nelda Talamantes (TX)
Paul C. Cook (CA)
Charles E. Valles (TN, TX)
Greg W. Lisemby (TX)
Jamie Reibenspies (TX)
Erika Brauch (CA)
Charles W. Branham, III (TX)

200 Oceangate, Suite 520
Long Beach, California 90802
Telephone: 562-436-8833
Telecopier: 562-590-7296
----------------------------------------

**Texas Office:**
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: 214-357-6244
Telecopier: 214-357-7252

**Maryland Office:**
10015 Old Columbia Rd., Suite B-215
Columbia, Maryland 21046
Telephone: 410-312-5599
Telecopier: 410-312-5595

JEFFREY B. SIMON (TX)
TROYCE G. WOLF (TX)
DAVID C. GREENSTONE (TX)
MICHAEL L. ARMITAGE (CA, LA)

Saar Swanzson (CA, IL)
Clay B. Carroll (TX)
Benjamin R. Couture (TX)
Scott M. Dolin (CA, NY, TX, WV)
J. Clay McCaslin (LA, OR, TX)
J. Bradley Smith (TX)
Kyla Reed (TX)
Joseph C. Garland (MD)
Clifford D. MacKenzie (TX)
Jay E. Stuemke (TX)
Jennifer L. Bartlett (CA)

**OF COUNSEL:**
Shanlon Wu (DC)

James C. Barber
(Board Certified in Personal Injury Trial Law by the
Texas Board of Legal Specialization, & certified in
Civil Trial Law by the Nat'l Board of Trial Advocacy)

PLEASE RESPOND TO THE CALIFORNIA OFFICE

October 1, 2004

<u>Via Facsimile</u>

ALL COUNSEL OF RECORD

     Re:    Sandra Knutson, et. al. v. Allis-Chalmers, et. al.

Dear Counsel:

     Enclosed herewith is a courtesy copy of Plaintiffs' Opposition to the Motion of Defendants Battle Mountain Gold Company and Newmont USA Limited (*Successor-In-Interest to* Carlin Gold Mining Company and Newmont Gold Company) For Summary Judgment Or, In The Alternative, For Partial Summary Judgment (counsel for Plaintiffs and the moving Defendants entered into a Stipulation extending the time for Opposition to October 1, 2004). Since the exhibits are voluminous, they are not faxed herewith. They are, of course, attached to the hard copy, which is being served today by overnight mail. Please feel free to contact us with any questions.

     Very truly yours,

     JENNIFER L. BARTLETT

JLB/mac
Encl.

Exhibit B

Group Send Report

```
Page       : 001
Date & Time: Oct-01-04  17:41
Line 1     : 562
Line 2     :
Machine ID : Waters & Kraus, LLP
```

Job number              :   911

Date                    :   Oct-01 15:18

Number of pages         :   034

Start time              :   Oct-01 15:18

End time                :   Oct-01 17:41

Successful nbrs.

   Groups

      0006            KNUTSON          S.D.   060  178  148  149  150  151  152  153
                                              154  155  156  158  159  160  161  162
                                              165  166  167  168  186  195

Unsuccessful nbrs.                                                      Pages sent

   Groups

      0006            KNUTSON          S.D.  √167   Alverson, Taylor        021
                                            √164   Burbidge & White        000
                                            √169   Franke, Kurt            009

1

## CERTIFICATE OF SERVICE

2  **Case No:  Case No.:  CV-N-04-0625-LRH-RJJ**

3          Pursuant to FRCP 5(b), I certify that I am an employee of Georgeson, Thompson &

4  Angaran, Chtd., and that on that on January 7, 2005, I deposited for mailing at Reno, Nevada, a

5  true copy of the attached document addressed to:

6  Kurt A. Franke, Esq.                         C. Andrew Waters, Esq.
   Law Offices of Kurt A. Franke                Michael L. Armitage, Esq.
7  575 Mill Street                              Waters & Kraus, LLP
   Reno, NV 89502                               200 Oceangate, Suite 520
8  **Attorneys for Plaintiff**                  Long Beach, CA 90802
                                                **Attorneys for Plaintiff**
9

10 George D. Yaron, Esq.                         Kelly A. Evans, Esq.
   William J. Geddes                            Snell & Wilmer, LLP
11 Yaron & Associates                           3800 Howard Hughes Pkwy., Suite 1000
   3097 East Warm Springs Road, Suite 200       Las Vegas, NV 89109
12 Las Vegas, NV  89120                         **Attorneys for Ford Motor Co. and General**
   **Attorneys for Battle Mountain Gold Co., Carlin**  **Motors**
13 **Gold, Inc., and Newton Gold, Co.**

14

15 Jack C. Cherry, Esq.                          Troy Peyton, Esq.
   Alverson, Taylor, Mortenson,                 Rumph & Peyton
16 Nelson & Sanders                             2300 West Sahara Avenue, Suite 1130
   7401 West Charleston Boulevard               Box 7
17 Las Vegas, NV 89117                          Las Vegas, NV 89102
   **Attorneys for General Electric Company**   **Attorneys for Northrop Grumman Systems**
18                                              **Corporation & Kelsey- Hayes Co.**

19
   James M. Barker, Esq.                         William H. Pruitt, Esq.
20 Gifford, Vernon & Barker                     1404 S. Jones Blvd.
   3110 South Rainbow Blvd., Suite 105          Las Vegas, NV 89146
21 Las Vegas, NV 89146                          **Attorneys for Hafer's Auto Parts Distributors**
   **Attorneys for Borg Warner Corp., nka Burns**
22 **International Services Corporation**

23 William E. Cooper, Jr., Esq.                  Marsha H. Tarte, Esq.
   Cooper Law Offices                           Pico & Mitchell, LTD.
24 601 East Bridger Avenue                      2000 S. Eastern Ave.
   Las Vegas, NV 89101                          Las Vegas, NV 89104
25 **Attorneys for Parker Hannifin Corporation** **Attorneys for Fairbanks Morse Pump**
                                                **Corporation**
26

27

28



| | |
|---|---|
| 1 | Eric Leitner, Esq. |
| 2 | Eugene J. Wait, Jr., Esq.<br>Wait Law Firm |
| 3 | 305 W. Moana Lane, 2nd Floor<br>P.O. Box 719 |
| 4 | Reno, NV 89504-0719<br>**Attorneys for Ingersoll-Rand** |

Eric Leitner, Esq.
Eugene J. Wait, Jr., Esq.
Wait Law Firm
305 W. Moana Lane, 2nd Floor
P.O. Box 719
Reno, NV 89504-0719
**Attorneys for Ingersoll-Rand**

Von S. Heinz, Esq.
Amelia De Los Santos, Esq.
Lewis and Roca, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
**Attorneys for Viacom (successor to CBS Corporation f/k/a Westinghouse Electric Corporation**

Anne H. Welborn, Esq.
Bullivant Houser Bailey PC
3980 Howard Hughes Parkway, Suite 550
Las Vegas, NV 89109
**Attorneys for Bondex International And RMP, Inc.**

Michael R. Pontoni, Esq.
64 N. Pecos Rd., Site 100
Henderson, NV 89074
**Attorney for Dresser Industries, Inc.**

Janice J. Brown , Esq.
Barker, Brown, Busby, Chrisman & Thomas, PC.
900 S. Fourth Street
Las Vegas, NV 89101
**Attorneys for Elliott Co.**

Tomas V. Mazeika, Esq.
Fredrickson, Mazeika & Grant
333 South Sixth Street, Suite 230
Las Vegas, NV 89101
**Attorneys for Hennessy Industries**

David Barron, Esq.
Barron, Vivone & Pruitt, CHTD.
1404 S. Jones Blvd.
Las Vegas, NV 89146
**Attorneys for Gardner Denver, Inc.**

Peter B. Langbord, Esq.
Christina Calareso, Esq.
Foley & Mansfield
595 East Colorado Blvd., Ste 418
Pasadena, CA 91101
**Attorneys for Kelly Moore Paint Co., Inc.**

Michael M. Edwards, Esq.
Lewis Brisbois Bisgaard & Smith, LLP
City Centre Place
400 South Fourth St., Ste. 500
Las Vegas, NV 89101
**Attorneys for Kelly Moore Paint Co., Inc.**

Steve E. Guinn, Esq.
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501
**Attorneys for Genuine Parts Company National Automotive Parts Association (Inc.)**

David F. Brown, Esq.
Woodbury, Morris & Brown
701 N. Green Valley Pkwy., Suite 125
Henderson, NV 89074
**Attorneys for Page Brake Company**

Charles W. Spann, Esq.
Perry & Spann, A Professional Corporation
6130 Plumas St.
Reno, NV 89509
**Attorneys for Penske Truck Leasing Corp.**

Julie Torres, Esq.
Jackson & Wallace, LLP
55 Francisco Street, 6th Floor
San Francisco, CA 94133
**Attorney for Viking Pumps, Inc.**

James G. Christensen, Esq.
Gordon & Rees, LLP
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89109
**Attorneys for Sterling Fluid Systems USA Inc.**



1

2  Mary Price Birk, Esq.
   Baker & Hostetler

3  303 E. 17th Ave., Suite 1100
   Denver, CO 80203-1264

4  **Attorneys for Kelsey Hayes Co. and Northrop Grumman Systems Corp.**

5

6  Thomas C. Anderson, Esq.
   Burbidge & White

7  1400 Key Bank Tower
   50 South Main Street

8  Salt Lake City, Utah 84144
   **Attorneys for Page Brake Company**

9

10 Ryan Herrick, Esq.
   Clark Vellis, Esq.
   Jones Vargas

11 100 West Liberty St., 12th Floor
   P. O. Box 281

12 Reno, NV 89504
   Attorneys for **TH Agriculture & Nutrition, LLC**

13

Michael A. Hagemeyer, Esq.
2255-A Renaissance Dr.
Las Vegas, NV 89119
Attorneys for **Daimlerchrysler Corporation And General Motors Corporation**

Thomas F. Kummer, Esq.
Gavin C. Jangard, Esq.
Kummer Kaempfer Bonner & Renshaw
3800 Howard Hughes Pkwy, 7th Floor
Las Vegas, NV 89109
**Attorneys for PCC Flow/Johnston Pump Co.**

14  _Sherie L. Morrill_
15  Sherie L. Morrill

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

MB\Burbidge-0174\P\Page Brake Removal Declaration.wpd

1  DAVID F. BROWN, ESQ., SBN: 4931
   **WOODBURY, MORRIS & BROWN**
2  701 N. Green Valley Parkway, Suite 125
   Henderson, Nevada 89074
3  (702) 933-0777
   Attorneys for Page Brake Company
4
                   **IN THE UNITED STATES DISTRICT COURT**
5
                      **FOR THE DISTRICT OF NEVADA**
6

7  SANDRA KNUTSON and DENNIS
   KNUTSON,
8                          Plaintiffs,

9  v.

10 ALLIS-CHALMERS CORPORATION;          Case No. CV-N-04-0625-LRH-RJJ
   BATTLE MOUNTAIN GOLD COMPANY;
11 BONDEX INTERNATIONAL, INC.;
   BURNS INTERNATIONAL SERVICES
12 CORP., *f/k/a* BORG-WARNER CORP.;
   BORGWARNER INC.; FORD MOTOR
13 COMPANY; CARLIN GOLD, INC.;
   CHECKER CAB COMPANY, INC.;
14 DAIMLERCHRYSLER CORPORATION;          **DECLARATION OF DEFENDANT**
   DRESSER INDUSTRIES, INC. (*sued
15 individually and as successor-in-interest to*  **PAGE BRAKE COMPANY, INC.**
   WORTHINGTON CORPORATION *and*
16 WORTHINGTON PUMP INC.*); ELLIOTT      **REGARDING CONSENT**
   TURBOMACHINERY CO.; FAIRBANKS
17 MORSE PUMP CORPORATION; FORD           **TO REMOVAL**
   MOTOR COMPANY; GARDNER
18 DENVER, INC.; GENERAL ELECTRIC
   COMPANY; GENERAL MOTORS
19 CORPORATION; GENUINE PARTS
   COMPANY (*sued individually and as
20 successor-in-interest to* NAPA
   HAWAII);INGERSOLL-RAND COMPANY;
21 JOHNSON PUMPS OF AMERICA, INC.;
   KELLY-MOORE PAINT COMPANY, INC.;
22 NATIONAL AUTOMOTIVE PARTS
   ASSOCIATION (INC.); NEWMONT GOLD
23 COMPANY; NORTHROP GRUMMAN
   SYSTEMS CORPORATION; PAGE BRAKE
24 COMPANY INCORPORATED; PARKER-
   HANNIFIN CORPORATION; PENSKE
25 TRUCK LEASING CORPORATION (*sued
   individually and as successor-in-interest to*
26 ROLLINS TRUCK LEASING CORP.*);

27

28

*left margin:* **WOODBURY, MORRIS & BROWN**
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

*stamp:* RECEIVED
IN DROP BOX
[illegible] -7  PM 1:59
CLERK US DISTRICT COURT
DISTRICT OF NEVADA

\MB\Burbidge-0174\F\Page Brake Removal Declaration.wpd

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

1   ROLLS-ROYCE CORPORATION; RPM,
    INC. (*sued individually and as successor-in-*
2   *interest to* BONDEX INTERNATIONAL,
    INC.); SIEMENS WESTINGHOUSE
3   POWER CORPORATION; STERLING
    FLUID SYSTEMS (USA), INC. (f/k/a
4   PEERLESS PUMP COMPANY); VIACOM
    INC., (*sued individually and as successor-in-*
5   *interest to* WESTINGHOUSE ELECTRIC
    CORPORATION and BF STURTEVANT);
6   VIKING PUMP INC.; and DOES 1-450
    INCLUSIVE,
7
8                              Defendants.

9           Defendant Page Brake Company Incorporated (hereinafter "Page Brake") by and through

10  DAVID F. BROWN, ESQ. of the law firm of WOODBURY, MORRIS & BROWN, and pending pro

11  hac vice admission of THOMAS C. ANDERSON, ESQ. of the law firm of BURBIDGE & WHITE,

12  hereby submits the following Declaration regarding removal of this action from state court to federal court.

13          **1.    PAGE BRAKE GAVE EXPRESS, WRITTEN CONSENT TO REMOVAL ON**

14                  **NOVEMBER 1, 2004**

15          On November 1, 2004, PAGE BRAKE issued correspondence through co-counsel Thomas

16  Anderson for the express purpose of manifesting to the court PAGE BRAKE'S written consent to the

17  removal of this case to federal court. (See Exhibit 1, correspondence attached to HONEYWELL'S

18  Supplement to Notice of Removal of Action filed on November 1, 2004, and referred to herein as the

19  "Correspondence") The Correspondence was sent to counsel for Honeywell for the express purpose of

20  being included in the removal pleading filed with this court by Honeywell for that specific objective. (See

21  Exhibit 2 attached herewith as the Affidavit of Thomas C. Anderson.)

22          **2.    PAGE BRAKE'S WRITTEN CONSENT SATISFIES THE REMOVAL**

23                  **NOTICE REQUIREMENT**

24          PAGE BRAKE'S written consent is all that was needed to satisfy the requirements of the court.

25  "[T]he law is well settled that in cases involving multiple defendants all defendants must **consent** to the

26  removal of a case to federal court. To satisfy the unanimity requirement, each defendant must join in the

27  removal by signing the notice of removal **or by explicitly stating for itself its consent** on th record,

28  either orally or (preferably) **in writing**, within the thirty day time period prescribed." *White v.*

                                        Page 2 of 3

*Bombardier Corp.*, 313 F. Supp.2d 1295, 1299 (N.D. Fla. 2004); *McCurtain County Production Corp. v. Cowett*, 482 F.Supp. 809, 813 (E.D. Okla. 1978)(stating that "the failure of all Defendants to join in the petition for removal filed herein . . **or to consent** to such action within the thirty day time limitation makes the removal of this case improper"); *Hicks v. Emery Worldwide, Inc.*, 254 F.Supp.2d 968, 974 (S.D. Ohio 2003)(holding that '[i]t is well-established that all properly served defendants must either join in the removal filed herein . . or file a formal **written consent to the removal**").

Whether or not its concerns with regard to making a general appearance through filing a joinder to the removal were well-founded, PAGE BRAKE had but one goal in issuing the Correspondence: to provide to this court PAGE BRAKE's **consent, in writing**, for the removal to federal court (through Honeywell's filing). To ignore PAGE BRAKE's written consent contained in the Correspondence, presently on file in the court record, would be to promote form over substance while ignoring the well-settled law of the federal judiciary which allows such written consent.

The fact that PAGE BRAKE did not file a formal joinder to removal as a separate pleading must not be construed to mean PAGE BRAKE did not intend to consent to removal. Indeed, PAGE BRAKE did not file a formal joinder because it did not wish to jeopardize its position with respect to its Motion to Quash. Therefore, PAGE BRAKE issued the Correspondence with the express purpose of supporting and consenting to the removal, which written consent was timely filed on November 1, 2004.

Dated this 6ᵗʰ day of January, 2005.

WOODBURY, MORRIS & BROWN

DAVID F. BROWN, ESQ.
Nevada Bar No. 4931
701 N. Green Valley Parkway, Suite 125
Henderson, NV 89074
(702)933-0777
Attorneys for Defendant PAGE BRAKE

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 125
Henderson, Nevada 89074
(702) 933-0777 ✦ Fax (702) 933-0778

# EXHIBIT 1

LAW OFFICES OF
## BURBIDGE & WHITE, L.L.C.
1400 KEY BANK TOWER
50 SOUTH MAIN STREET
SALT LAKE CITY, UTAH 84144

TELEPHONE (801) 359-7000
FACSIMILE (801) 236-5319

THOMAS C. ANDERSON

November 1, 2004

Jack G. Angaran                          *Via Facsimile (775) 827-9256*
Attorney-at-Law
100 West Grove Street, Suite 500
Reno, NV 89509

     RE:   *Knutson v. Allis-Chalmers Corporation, et al.*

Dear Mr. Angaran:

Following our telephone conversation this morning we received a faxed copy of your letter of October 28, 2004, regarding possible removal of this case to Federal Court in Nevada. Our client, Page Brake, is in a somewhat unique position with respect to this litigation.

While the case was still in Las Vegas we filed a Motion to Quash Service of Process. That motion was supported by an accompanying memorandum of law. The plaintiffs filed an opposition. Before there was an opportunity to reply to their opposition and have the court rule on the Motion to Quash, the case was removed to Eureka. We have had an ongoing agreement with Mr. Franke that we will complete briefing and argument on our Motion to Quash as soon as venue is finally decided.

Accordingly, it is our view that Page Brake is not a defendant in this action. The question of lawful service is not yet resolved. No answer has been filed.

Page Brake is domiciled in Utah. To the best of our knowledge it has never operated an outlet or facility in the State of Nevada. Furthermore, all of the alleged exposure to products that may have been sold by Page Brake occurred in the State of Utah.

We certainly support the concept and propriety of the removal of this case to Federal Court. However, we do not feel that it is necessary or appropriate for Page Brake to join in the Petition for Removal because it is not a party to the action. Furthermore, we feel that a joinder in a Petition for Removal may jeopardize the position of Page Brake with respect to its Motion to Quash Service and other proceedings in this case.

Jack G. Angaran
Page 2
November 1, 2004

_____

        Thank you for your courtesy in forwarding these documents to us for review and consideration. Please don't hesitate to contact us if you have questions regarding the forgoing or if we can be of assistance.

                                Very truly yours,

                                BURBIDGE & WHITE, L.L.C.

                                Thomas C. Anderson

TCA:dkh
cc:    C. Bryan Hansen
       Brinton R. Burbidge
       David Brown, Esq. (Woodbury, Morris & Brown)
       Cory Melander (Travelers Insurance)
G:\BRB\Page Brake\0001\Asbestus General\Jack Angaran 110104.wpd

# EXHIBIT 2

**DAVID BROWN, ESQ. NEV. Bar No. ____**
**WOODBURY, MORRIS & BROWN**
**701 North Green Valley Parkway #125**
**Henderson, NV 89074**
**Tel (702) 933-0777**
**Fax (702) 933-0778**

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

---

| | |
|---|---|
| SANDRA KNUTSON and DENNIS KNUTSON, | Case No. CV-N-04-0625- ~~LRH~~–RJJ |
| Plaintiffs, | **AFFIDAVIT OF THOMAS C.** |
| vs. | **ANDERSON** |
| ALLIS CHALMERS CORPORATION, et al, | |
| Defendants. | |

---

STATE OF UTAH      )
                  : ss.
COUNTY OF SALT LAKE  )

I, Thomas C. Anderson, under oath, state the following:

1.    I am a member of the law firm of Burbidge & White, LLC who represents defendant

Page Brake Company, Inc ("this defendant") in the above-entitled action.

2.    This defendant was served with a Summons and Complaint on or about December 5,

2003. This defendant filed a timely Motion to Quash Service of Process and supporting

Memorandum of Law in January, 2004.

3.   It has been the consistent claim of this defendant that service was improper and should be quashed and that the Nevada courts do not have jurisdiction over this defendant for the reasons set forth in the Motion to Quash and accompanying Memorandum of Law.

4.   When this defendant became aware of the removal to this honorable court, I participated in discussions relating to removal with associated counsel Woodbury, Morris & Brown of Las Vegas, Nevada; Jack Angaran of the firm Georgeson, Thompson & Angaran, counsel for Honeywell International in this case; and officers of the defendant Page Brake.

5.   In response to those discussions and with a continuing belief in the lack of jurisdiction of the Nevada courts over this defendant, we prepared and transmitted to Jack Angaran, Attorney at Law, Page Brake's consent to removal of this case to federal court by letter dated November 1, 2004, which is attached to defendant Honeywell's supplement to notice of removal filed on November 1, 2004. Page Brake's letter of consent to removal was transmitted to Mr. Angaran with the request that it be timely filed with the court, as it was.

6.   Page Brake's consent to removal is clearly and unambiguously set forth in the letter of November 1, 2004. That letter states, in part: "We certainly support the concept and propriety of the removal of this case to federal court." It was the intention of Page Brake then, as it is now, to advsie the court that it consented to the removal of this case to federal court on November 1, 2004. We believed then, and continue to believe, that under prevailing case authority, this consent is sufficient to support removal without the necessity of filing a separate pleading in federal court which could be argued as being a possible submission by Page Brake to the

2

jurisdiction of the Nevada courts, contrary to its steadfast assertions in support of Page Brake's

Motion to Quash.

DATED this 6th day of January, 2005.

_____

Thomas C. Anderson

SUBSCRIBED AND SWORN TO before me this 6th day of January, 2005.

_____

Notary Public

G:\BRB\Page Brake\0001\Knutson\Affidavit TCA.010605.wpd

3

1

## CERTIFICATE OF SERVICE

2 **Case No:  Case No.:  CV-N-04-0625-LRH-RJJ**

3          Pursuant to FRCP 5(b), I certify that I am an employee of Georgeson, Thompson &

4 Angaran, Chtd., and that on that on January 7, 2005, I deposited for mailing at Reno, Nevada, a

5 true copy of the attached document addressed to:

6 Kurt A. Franke, Esq.                    C. Andrew Waters, Esq.
Law Offices of Kurt A. Franke           Michael L. Armitage, Esq.
7 575 Mill Street                         Waters & Kraus, LLP
Reno, NV 89502                          200 Oceangate, Suite 520
8 **Attorneys for Plaintiff**               Long Beach, CA 90802
                                        **Attorneys for Plaintiff**
9

10 George D. Yaron, Esq.                    Kelly A. Evans, Esq.
William J. Geddes                        Snell & Wilmer, LLP
11 Yaron & Associates                      3800 Howard Hughes Pkwy., Suite 1000
3097 East Warm Springs Road, Suite 200   Las Vegas, NV 89109
12 Las Vegas, NV  89120                     **Attorneys for Ford Motor Co. and General**
**Attorneys for Battle Mountain Gold Co., Carlin**  **Motors**
13 **Gold, Inc., and Newton Gold, Co.**

14

15 Jack C. Cherry, Esq.                     Troy Peyton, Esq.
Alverson, Taylor, Mortenson,             Rumph & Peyton
16 Nelson & Sanders                        2300 West Sahara Avenue, Suite 1130
7401 West Charleston Boulevard           Box 7
17 Las Vegas, NV 89117                     Las Vegas, NV 89102
**Attorneys for General Electric Company**   **Attorneys for Northrop Grumman Systems**
18                                         **Corporation & Kelsey- Hayes Co.**

19
James M. Barker, Esq.                    William H. Pruitt, Esq.
20 Gifford, Vernon & Barker                1404 S. Jones Blvd.
3110 South Rainbow Blvd., Suite 105      Las Vegas, NV 89146
21 Las Vegas, NV 89146                     **Attorneys for Hafer's Auto Parts Distributors**
**Attorneys for Borg Warner Corp., nka Burns**
22 **International Services Corporation**

23 William E. Cooper, Jr., Esq.            Marsha H. Tarte, Esq.
Cooper Law Offices                       Pico & Mitchell, LTD.
24 601 East Bridger Avenue                 2000 S. Eastern Ave.
Las Vegas, NV 89101                      Las Vegas, NV 89104
25 **Attorneys for Parker Hannifin Corporation**  **Attorneys for Fairbanks Morse Pump**
                                        **Corporation**
26

27

28




-1-

| | |
|---|---|
| 1 | Eric Leitner, Esq. |
| | Eugene J. Wait, Jr., Esq. |
| 2 | Wait Law Firm |
| | 305 W. Moana Lane, 2nd Floor |
| 3 | P.O. Box 719 |
| | Reno, NV 89504-0719 |
| 4 | **Attorneys for Ingersoll-Rand** |

1  Eric Leitner, Esq.
   Eugene J. Wait, Jr., Esq.
2  Wait Law Firm
   305 W. Moana Lane, 2nd Floor
3  P.O. Box 719
   Reno, NV 89504-0719
4  **Attorneys for Ingersoll-Rand**

5

6  Anne H. Welborn, Esq.
   Bullivant Houser Bailey PC
7  3980 Howard Hughes Parkway, Suite 550
   Las Vegas, NV 89109
8  **Attorneys for Bondex International**
   **And RMP, Inc.**
9

10  Janice J. Brown , Esq.
    Barker, Brown, Busby, Chrisman & Thomas, PC.
11  900 S. Fourth Street
    Las Vegas, NV 89101
12  **Attorneys for Elliott Co.**

13  David Barron, Esq.
    Barron, Vivone & Pruitt, CHTD.
14  1404 S. Jones Blvd.
    Las Vegas, NV 89146
15  **Attorneys for Gardner Denver, Inc.**

16

17  Michael M. Edwards, Esq.
    Lewis Brisbois Bisgaard & Smith, LLP
18  City Centre Place
    400 South Fourth St., Ste. 500
19  Las Vegas, NV 89101
    **Attorneys for Kelly Moore Paint Co., Inc.**
20

21  David F. Brown, Esq.
    Woodbury, Morris & Brown
22  701 N. Green Valley Pkwy., Suite 125
    Henderson, NV 89074
23  **Attorneys for Page Break Company**

24

25  Julie Torres, Esq.
    Jackson & Wallace, LLP
26  55 Francisco Street, 6th Floor
    San Francisco, CA 94133
27  **Attorney for Viking Pumps, Inc.**

28

---

Von S. Heinz, Esq.
Amelia De Los Santos, Esq.
Lewis and Roca, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
**Attorneys for Viacom (successor to CBS Corporation f/k/a Westinghouse Electric Corporation**

Michael R. Pontoni, Esq.
64 N. Pecos Rd., Ste 100
Henderson, NV 89074
**Attorney for Dresser Industries, Inc.**

Tomas V. Mazeika, Esq.
Fredrickson, Mazeika & Grant
333 South Sixth Street, Suite 230
Las Vegas, NV 89101
**Attorneys for Hennessy Industries**

Peter B. Langbord, Esq.
Christina Calareso, Esq.
Foley & Mansfield
595 East Colorado Blvd., Ste 418
Pasadena, CA 91101
**Attorneys for Kelly Moore Paint Co., Inc.**

Steve E. Guinn, Esq.
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501
**Attorneys for Genuine Parts Company National Automotive Parts Association (Inc.)**

Charles W. Spann, Esq.
Perry & Spann, A Professional Corporation
6130 Plumas St.
Reno, NV 89509
**Attorneys for Penske Truck Leasing Corp.**

James G. Christensen, Esq.
Gordon & Rees, LLP
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89109
**Attorneys for Sterling Fluid Systems USA Inc.**



1

2  Mary Price Birk, Esq.                    Michael A. Hagemeyer, Esq.

3  Baker & Hostetler                        2255-A Renaissance Dr.
   303 E. 17th Ave., Suite 1100             Las Vegas, NV  89119

4  Denver, CO 80203-1264                    Attorneys for **Daimlerchrysler Corporation**
   **Attorneys for Kelsey Hayes Co. and Northrop**   **And General Motors Corporation**
   **Grumman Systems Corp.**

5

6  Thomas C. Anderson, Esq.                 Thomas F. Kummer, Esq.
   Burbidge & White                         Gavin C. Jangard, Esq.

7  1400 Key Bank Tower                      Kummer Kaempfer Bonner & Renshaw
    50 South Main Street                    3800 Howard Hughes Pkwy, 7th Floor

8  Salt Lake City, Utah  84144             Las Vegas, NV  89109
   **Attorneys for Page Brake Company**     **Attorneys for PCC Flow/Johnston Pump Co.**

9
   Ryan Herrick, Esq.

10 Clark Vellis, Esq.
   Jones Vargas

11 100 West Liberty St., 12th Floor
   P. O. Box 281

12 Reno, NV  89504

13 Attorneys for **TH Agriculture & Nutrition, LLC**

14
                                           _Sherie L. Morrill_ (signature)

15                                         Sherie L. Morrill

16

17

18

19

20

21

22

23

24

25

26

27

28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E"

1   JACK G. ANGARAN, ESQ., SBN: 711
    LAURIE L. TROTTER, ESQ., SBN 8696
2   GEORGESON, THOMPSON
    & ANGARAN, CHTD.
3   100 West Grove Street, Suite 500
    Reno, Nevada 89509
4   775.827.6440
    Attorneys for Defendant
5   **HONEYWELL INTERNATIONAL, INC.**
    *(sued individually and as successor in interest to*
6   ALLIEDSIGNAL, INC. *successor to*
    BENDIX CORPORATION*)*

7

FILED

05 JAN 13 PM 12: 51

LANCE S. WILSON
CLERK
BY_____
            DEPUTY

8               IN THE UNITED STATES DISTRICT COURT

9                   FOR THE DISTRICT OF NEVADA

10  **SANDIE KNUTSON** and **DENNIS**
    **KNUTSON,**

11
                        Plaintiffs,
12                                                  **Case No.:  CV-N-04-0625-LRH-RJJ**

13          vs.

14  **ALLIS-CHALMERS CORPORATION;**
    **BATTLE MOUNTAIN GOLD COMPANY;**      **HONEYWELL'S SUPPLEMENT TO**
15  **BMW OF NORTH AMERICA, INC.**         **OBJECTION TO PLAINTIFFS'**
    (individually and as successor-in-interest to   **REPLY MEMORANDUM IN**
16  VOLKSWAGEN OF AMERICA, INC.,          **SUPPORT OF THEIR MOTION**
    successor-in-interest to VICKERS GROUP   **FOR REMAND**
17  PLC, successor-in-interest to ROLLS-ROYCE
    MOTOR CARS) (Doe No. 3); **BONDEX**
18  **INTERNATIONAL, INC.; BURNS**
    **INTERNATIONAL SERVICES CORP.,** f/k/a
19  BORG-WARNER CORP.; BORGWARNER INC.;
    **CHECKER CAB COMPANY, INC.;**
20  **DAIMLERCHRYSLER CORPORATION;**
    **DRESSER INDUSTRIES, INC.** (sued
21  individually and as successor-in-interest to
    WORTHINGTON CORPORATION and
22  WORTHINGTON PUMP INC.); **ELLIOTT**
    **TURBOMACHINERY CO., INC.; FAIRBANKS**
23  **MORSE PUMP CORPORATION; FORD**
    **MOTOR COMPANY; GARDNER DENVER,**
24  **INC.; GENERAL ELECTRIC COMPANY;**
    **GENERAL MOTORS CORPORATION;**
25  **GENUINE PARTS COMPANY** (sued individually
    and as successor-in-interest to NAPA HAWAII);
26  **HAFER'S AUTO PARTS DISTRIBUTORS;**
    **HALLIBURTON ENERGY SERVICES, INC.**
27  (sued individually and as successor-in-interest to
    DRESSER INDUSTRIES, INC., successor-in-
28  interest to WORTHINGTON PUMP INC., and
    WORTHINGTON CORPORATION); **HENNESSY**
    **INDUSTIRES, INC.; HONEYWELL**
    **INTERNATIONAL, INC.** (sued individually and



-1-

1  as successor-in-interest to ALLIEDSIGNAL, INC.,
   successor to BENDIX CORPORATION);
2  **INGERSOLL-RAND COMPANY; JOHNSTON
   PUMP COMPANY** (Doe No. 2); **KELSEY-**
3  **HAYES COMPANY; KELLY-MOORE PAINT
   COMPANY, INC.; NATIONAL AUTOMOTIVE**
4  **PARTS ASSOCIATION (INC.); NEWMONT
   USA, LIMITED** (successor-in-interest to
5  NEWMONT GOLD COMPANY and CARLIN
   GOLD MINING COMPANY); **NORTHROP**
6  **GRUMMAN SYSTEMS CORPORATION;
   PAGE BRAKE COMPANY INCORPORATED;**
7  **PARKER-HANNIFIN CORPORATION;
   PCC FLOW TECHNOLOGIES HOLDINGS,**
8  **INC.** (individually and as successor-in-interest to
   JOHNSTON PUMP COMPANY)(Doe No. 1);
9  **PENSKE TRUCK LEASING CORPORATION**
   (sued individually and as successor-in-interest to
10 ROLLINS TRUCK LEASING CORP.);
   **ROLLS-ROYCE COPORATION; RPM INC.**
11 (sued individually and as successor-in-interest to
   BONDEX INTERNATIONAL , INC.);
12 **SIEMENS WESTINGHOUSE POWER
   CORPORATION; STERLING FLUID**
13 **SYSTEMS (USA), INC.** (f/k/a/ PEERLESS PUMP
   COMPANY); **VIACOM INC.** (sued individually
14 and as successor-in-interest to WESTINGHOUSE
   ELECTRIC CORPORATION and BF
15 STURTEVANT); **VIKING PUMP INC.;**
   and DOES 4-450 INCLUSIVE,
16
            Defendants.
17
18      Defendant Honeywell International, Inc., in further support of its *Objection to Plaintiffs'*
19 *Reply Memorandum in Support of their Motion to Remand* submits, as an exhibit, the faxed letter
20 from Plaintiffs' counsel, Waters & Kraus, LLP, dated October 1, 2004, purportedly enclosing a
21 "courtesy copy" of *Plaintiffs' Opposition to the Motion of Defendants Battle Mountain Gold*
22 *Company and Newmont USA Limited for Summary Judgment.*  The Court will note from the fax
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///



1   header, at the top of the letter, that Waters & Kraus <u>faxed this letter</u> (there were no attachments)

2   to Honeywell's counsel on <u>Monday, October 4, 2004 at 10:21 a.m.,</u> not October 1, 2004 as

3   Plaintiffs have represented to the Court in their Reply, Certificate of Service and Declaration.

4           Dated:  January 12, 2005

5                       GEORGESON, THOMPSON & ANGARAN, CHTD.

6

7

8           By: _____

9                   JACK G. ANGARAN, ESQ., SBN 711
                    LAURIE L. TROTTER, ESQ., SBN 8696
                    ATTORNEYS FOR DEFENDANT
10                  HONEYWELL INTERNATIONAL, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

Oct-04-04   10:21   From-Waters & Kraus, LLP                    562              T-503   P.001/011   F-917

# WATERS & KRAUS, LLP

200 Oceangate, Suite 520
Long Beach, California 90802
Telephone: 562-436-8833
Telecopier: 562-590-7296

C. ANDREW WATERS (CA, DC, NC, TX)
PETER A. KRAUS (TX, VA)
CHARLES S. SIEGEL (TX)

B. Scott Kruka (TX)
Rhonda Sullivan Cleaves (TX)
Ashley Watkins McDowell (TX)
Ron C. Eddins (TX)
Leslie C. MacLean (TX)
George G. Tankard, III (DC, MD, PA, TX)
Dana Cassselli Fox (TX)
Michelle B. Norton (TX)
Nelda Talamantes (TX)
Paul C. Cook (CA)
Charles E. Valles (TN, TX)
Greg W. Libernby (TX)
Jamie Reibenspies (TX)
Erika Brauch (CA)
Charles W. Branham, III (TX)

JEFFREY B. SIMON (TX)
TROYCE G. WOLF (TX)
DAVID C. GREENSTONE (TX)
MICHAEL L. ARMITAGE (CA, LA)

Saar Swartzon (CA, IL)
Clay B. Carroll (TX)
Benjamin R. Cosenor (TX)
Scott M. Dolin (CA, NY, TX, WV)
J. Clay McCaslin (LA, OR, TX)
J. Bradley Smith (TX)
Kyla Reed (TX)
Joseph C. Garland (MD)
Clifford D. MacKenzie (TX)
Jay E. Stuemke (TX)
Jennifer L. Bartlett (CA)

OF COUNSEL:
Shanlon Wu (DC)

James C. Barber
(Board Certified in Personal Injury Trial Law by the
Texas Board of Legal Specialization, & certified in
Civil Trial Law by the Nat'l Board of Trial Advocacy)

**Texas Office:**
3219 McKinney Avenue
Dallas, Texas 75204
Telephone: 214-357-6244
Telecopier: 214-357-7252

**Maryland Office:**
10015 Old Columbia Rd., Suite B-215
Columbia, Maryland 21046
Telephone: 410-312-5599
Telecopier: 410-312-5595

PLEASE RESPOND TO THE CALIFORNIA OFFICE

October 1, 2004

<u>Via Facsimile</u>

ALL COUNSEL OF RECORD

    Re:   **Sandra Knutson, et. al. v. Allis-Chalmers, et. al.**

Dear Counsel:

    Enclosed herewith is a courtesy copy of Plaintiffs' Opposition to the Motion of Defendants Battle Mountain Gold Company and Newmont USA Limited (*Successor-In-Interest to Carlin Gold Mining Company and Newmont Gold Company) For Summary Judgment Or, In The Alternative, For Partial Summary Judgment* (counsel for Plaintiffs and the moving Defendants entered into a Stipulation extending the time for Opposition to October 1, 2004). Since the exhibits are voluminous, they are not faxed herewith. They are, of course, attached to the hard copy, which is being served today by overnight mail. Please feel free to contact us with any questions.

    Very truly yours,

    JENNIFER L. BARTLETT

JLB/mac
Encl.

## CERTIFICATE OF SERVICE

**Case No:  Case No.:  CV-N-04-0625-LRH-RJJ**

Pursuant to FRCP 5(b), I certify that I am an employee of Georgeson, Thompson & Angaran, Chtd., and that on that on January 13, 2005, I deposited for mailing at Reno, Nevada, a true copy of the attached document addressed to:

Kurt A. Franke, Esq.
Law Offices of Kurt A. Franke
575 Mill Street
Reno, NV 89502
**Attorneys for Plaintiff**

C. Andrew Waters, Esq.
Michael L. Armitage, Esq.
Waters & Kraus, LLP
200 Oceangate, Suite 520
Long Beach, CA 90802
**Attorneys for Plaintiff**

George D. Yaron, Esq.
William J. Geddes
Yaron & Associates
3097 East Warm Springs Road, Suite 200
Las Vegas, NV  89120
**Attorneys for Battle Mountain Gold Co., Carlin Gold, Inc., and Newton Gold, Co.**

Kelly A. Evans, Esq.
Snell & Wilmer, LLP
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89109
**Attorneys for Ford Motor Co. and General Motors**

Jack C. Cherry, Esq.
Alverson, Taylor, Mortenson,
Nelson & Sanders
7401 West Charleston Boulevard
Las Vegas, NV 89117
**Attorneys for General Electric Company**

Troy Peyton, Esq.
Rumph & Peyton
2300 West Sahara Avenue, Suite 1130
Box 7
Las Vegas, NV 89102
**Attorneys for Northrop Grumman Systems Corporation & Kelsey- Hayes Co.**

James M. Barker, Esq.
Gifford, Vernon & Barker
3110 South Rainbow Blvd., Suite 105
Las Vegas, NV 89146
**Attorneys for Borg Warner Corp., nka Burns International Services Corporation**

William H. Pruitt, Esq.
1404 S. Jones Blvd.
Las Vegas, NV 89146
**Attorneys for Hafer's Auto Parts Distributors**

William E. Cooper, Jr., Esq.
Cooper Law Offices
601 East Bridger Avenue
Las Vegas, NV 89101
**Attorneys for Parker Hannifin Corporation**

Marsha H. Tarte, Esq.
Pico & Mitchell, LTD.
2000 S. Eastern Ave.
Las Vegas, NV 89104
**Attorneys for Fairbanks Morse Pump Corporation**



1

Eric Leitner, Esq.
Eugene J. Wait, Jr., Esq.

2

Wait Law Firm
305 W. Moana Lane, 2nd Floor

3

P.O. Box 719

4

Reno, NV 89504-0719
**Attorneys for Ingersoll-Rand**

5

Von S. Heinz, Esq.
Amelia De Los Santos, Esq.
Lewis and Roca, LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89109
**Attorneys for Viacom (successor to CBS
Corporation f/k/a Westinghouse Electric
Corporation**

6

Anne H. Welborn, Esq.

7

Bullivant Houser Bailey PC
3980 Howard Hughes Parkway, Suite 550

8

Las Vegas, NV 89109
**Attorneys for Bondex International**

9

**And RMP, Inc.**

Michael R. Pontoni, Esq.
64 N. Pecos Rd., Suite 100
Henderson, NV 89074
**Attorney for Dresser Industries, Inc.**

10

Janice J. Brown , Esq.

11

Barker, Brown, Busby, Chrisman & Thomas, PC.
900 S. Fourth Street

12

Las Vegas, NV 89101
**Attorneys for Elliott Co.**

Tomas V. Mazeika, Esq.
Fredrickson, Mazeika & Grant
333 South Sixth Street, Suite 230
Las Vegas, NV 89101
**Attorneys for Hennessy Industries**

13

David Barron, Esq.

14

Barron, Vivone & Pruitt, CHTD.
1404 S. Jones Blvd.

15

Las Vegas, NV 89146
**Attorneys for Gardner Denver, Inc.**

16

Peter B. Langbord, Esq.
Christina Calareso, Esq.
Foley & Mansfield
595 East Colorado Blvd., Ste 418
Pasadena, CA 91101
**Attorneys for Kelly Moore Paint Co., Inc.**

17

Michael M. Edwards, Esq.

18

Lewis Brisbois Bisgaard & Smith, LLP
City Centre Place

19

400 South Fourth St., Ste. 500

20

Las Vegas, NV 89101
**Attorneys for Kelly Moore Paint Co., Inc.**

Steve E. Guinn, Esq.
Laxalt & Nomura, Ltd.
50 W. Liberty Street, Suite 700
Reno, NV 89501
**Attorneys for Genuine Parts Company National
Automotive Parts Association (Inc.)**

21

David F. Brown, Esq.

22

Woodbury, Morris & Brown
701 N. Green Valley Pkwy., Suite 125

23

Henderson, NV 89074
**Attorneys for Page Break Company**

Charles W. Spann, Esq.
Perry & Spann, A Professional Corporation
6130 Plumas St.
Reno, NV 89509
**Attorneys for Penske Truck Leasing Corp.**

24

25

Julie Torres, Esq.
Jackson & Wallace, LLP

26

55 Francisco Street, 6th Floor
San Francisco, CA 94133

27

**Attorney for Viking Pumps, Inc.**

James G. Christensen, Esq.
Gordon & Rees, LLP
3753 Howard Hughes Pkwy., Suite 200
Las Vegas, NV 89109
**Attorneys for Sterling Fluid Systems USA Inc.**

28



1

2  Mary Price Birk, Esq.     Michael A. Hagemeyer, Esq.
 Baker & Hostetler      2255-A Renaissance Dr.

3  303 E. 17th Ave., Suite 1100    Las Vegas, NV 89119
 Denver, CO 80203-1264     Attorneys for **Daimlerchrysler Corporation**

4  **Attorneys for Kelsey Hayes Co. and Northrop** **And General Motors Corporation**
 **Grumman Systems Corp.**

5

6  Thomas C. Anderson, Esq.    Thomas F. Kummer, Esq.
 Burbidge & White      Gavin C. Jangard, Esq.

7  1400 Key Bank Tower     Kummer Kaempfer Bonner & Renshaw
 50 South Main Street     3800 Howard Hughes Pkwy, 7th Floor

8  Salt Lake City, Utah 84144    Las Vegas, NV 89109
 **Attorneys for Page Brake Company**  **Attorneys for PCC Flow/Johnston Pump Co.**

9

10  Ryan Herrick, Esq.
 Clark Vellis, Esq.

11  Jones Vargas
 100 West Liberty St., 12th Floor

12  P. O. Box 281
 Reno, NV 89504

13  Attorneys for **TH Agriculture & Nutrition, LLC**

14  

15           Sherie L. Morrill

16

17

18

19

20

21

22

23

24

25

26

27

28

