

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2005

FILED
CLERK'S OFFICE

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-241)**

| | |
|---|---|
| JOSEPH ZAFONTE and ADRIANE ZAFONTE, Plaintiffs, -against- GENERAL ELECTRIC COMPANY, et al., Defendants. | S.D.N.Y. Civ. Action No. 04-9320 |
| ROBERT NESBIET, Plaintiff, -against- GENERAL ELECTRIC COMPANY, et al., Defendants. | S.D.N.Y. Civ. Action No. 04-9321 |



**OFFICIAL FILE COPY**

IMAGED FEB 1 4 2005

RECEIVED CLERK'S OFFICE 2005 FEB 11 A 10:32 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**NOTICE OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-241) AS TO <u>Zafonte, et al. v. General Electric Company, et al.</u> AND <u>Nesbiet v. General Electric Company, et al.</u>**

TO:   Michael J. Beck
      Clerk of the Panel
      Judicial Panel on Multidistrict Litigation
      One Columbus Circle, NE
      Thurgood Marshall Federal Judiciary Bldg.
      Room G-255, North Lobby
      Washington, D.C. 20002

AND:  All Counsel on the attached Panel Service List (Excerpted from CTO-241), MDL Docket No. 875, <u>In re Asbestos Products Liability Litigation (No. VI)</u>.

**PLEASE TAKE NOTICE** that pursuant to the Rules of the Judicial Panel on Multidistrict Litigation, plaintiffs in the above-captioned actions, by and through their undersigned attorneys, hereby move the Judicial Panel to vacate so much of Conditional Transfer Order (CTO-241) as applies to <u>Zafonte, et al. v. General Electric Co., et al.</u>, Civil Action No. 04-9320 (S.D.N.Y.) and <u>Nesbiet v. General Electric Co., et al.</u>, Civil Action No. 04-9321 (S.D.N.Y.), or, in the alternative, to stay the CTO from becoming final and effective until the District Court for the Southern District of New York rules on plaintiffs' motions to remand these actions back to state court.

Dated: New York, New York        By: _____
      February 9, 2005               Bryan Belasky (1777)
                                     **WEITZ & LUXENBERG, P.C.**
                                     180 Maiden Lane, 17th Floor
                                     New York, New York 10038
                                     Tel. (212) 558-5500
                                     Attorneys for Plaintiffs

2005 FEB 11  A 10: 33
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2005

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | : | MDL – 875 |

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-241)**

JOSEPH ZAFONTE and ADRIANE ZAFONTE,

        Plaintiffs,

-against-

GENERAL ELECTRIC COMPANY, et al.,

        Defendants.

S.D.N.Y. Civ. Action No. 04-9320
Judge Barbara S. Jones

ROBERT NESBIET,

        Plaintiff,

-against-

GENERAL ELECTRIC COMPANY, et al.,

        Defendants.

S.D.N.Y. Civ. Action No. 04-9321
Judge Shira A. Scheindlin

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-241) AS TO
<u>Zafonte v. General Electric Co., et al.</u> AND <u>Nesbiet v. General Electric Co., et al.</u>**

2005 FEB -1  A 10: 33
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
RECEIVED CLERK'S OFFICE

## BACKGROUND OF THE LITIGATION

Plaintiffs here move to vacate so much of Conditional Transfer Order CTO-241 as applies to their actions for personal injury caused by exposure to asbestos, which were improperly removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In the alternative, plaintiffs respectfully request that the Panel stay the CTO from becoming final and effective pending a ruling by the District Court for the Southern District of New York on Plaintiffs' motions to remand their cases.

In the Zafonte case, the parties are currently briefing Plaintiffs' motion to remand to state court, and Judge Barbara S. Jones of the Southern District of New York has told the parties that she will rule on this motion expeditiously and prior to transfer to the MDL Court.

In the Nesbiet case, Plaintiff has filed a motion to remand, and Judge Shira A. Scheindlin has told the parties that she will defer to Judge Jones' ruling on Plaintiff's motion in the Zafonte case because the facts relevant to federal jurisdiction in these two cases are virtually identical. Judge Scheindlin has also expressed a desire to rule on Plaintiff's motion to remand prior to transfer of the case to the MDL Court.

Plaintiff Robert Nesbiet suffers from mesothelioma, an invariably fatal cancer caused by exposure to asbestos. Plaintiff Joseph Zafonte suffers from terminal, asbestos-related lung cancer. Because of the terminal condition of both Plaintiffs, these cases were to be granted a trial preference in state court, and, if remanded, would have a trial date within months. Plaintiffs in both cases allege exposure to asbestos while working on board United States Navy vessels from, in part, turbines manufactured by defendant GE. Plaintiffs in both actions filed suit in New York state court against GE, among other defendants, asserting a cause of action based upon GE's

alleged failure to warn about the hazards of exposure to asbestos from its products.

GE removed these two cases to the United States District Court for the Southern District of New York asserting that the federal court had jurisdiction under the federal officer removal statute, 28 U.S.C. §1442(a)(1). GE argues that in designing and manufacturing its turbines, and in failing to warn decedents of the dangers of exposure to the asbestos used to insulate its turbines, it was acting "under color" of the Navy and Naval officers within the meaning of the removal statute, and that the federal courts, therefore, have subject matter jurisdiction over these actions. Plaintiffs, in their motions to remand back to state court, argue that GE has not submitted any competent proof to establish, as it must in order to invoke the jurisdiction of the federal courts, that the Navy or any Naval officer prohibited it from warning about the dangers of asbestos. Many District Courts around the country have ruled on this precise issue in asbestos personal injury cases before, and all have held that GE bears the burden of showing that it was prohibited from warning in order for the federal courts to have jurisdiction over these cases. GE has not carried its burden here.

Plaintiffs do not seek to prosecute these cases in the Southern District of New York at all, but simply want to have that Court hear their motions to remand. If the federal courts lack subject matter jurisdiction in the first place, it would be manifestly unfair to transfer these cases to Pennsylvania without the District Court in New York having even had an opportunity to rule on the issue. This is particularly so because the Plaintiffs in each of the cases are dying of cancer and would each shortly have their day in court if it were not for GE's unsupportable removal of their cases.

Furthermore, the MDL court in the Eastern District of Pennsylvania apparently does not rule on motions to remand cases back to state court, but, instead, only entertains motions to

remand cases back to the transferor court from which the cases came. There is not one published decision by the asbestos MDL court ruling on a plaintiff's motion to remand a case back to state court, and an exhaustive search undertaken by plaintiffs' counsel in these cases has revealed no unpublished decisions by that court on a remand motion either. Counsel for GE too has not cited to one decision of the MDL court ruling on a remand motion. In fact, there are dozens of published decisions from various District Courts around the country (and an unknown number of unpublished ones) which, prior to any transfer to the MDL court, rule (one way or the other) on plaintiffs' motions to remand asbestos cases that had been removed based on the federal officer removal statute or the related theory of federal enclave jurisdiction. All that plaintiffs seek is an opportunity to be heard on the substance of this critical issue.

## PROCEDURAL HISTORY

Plaintiffs in the Zafonte case first filed suit against GE and other defendants on October 26, 2004 in New York State Supreme Court. On November 29, 2004, GE removed this action to the District Court for the Southern District of New York. Plaintiff in the Nesbiet case filed suit against GE and other defendants in New York State Supreme Court on October 26, 2004. GE removed the Nesbiet action to the District Court for the Southern District of New York on November 29, 2004. Counsel for GE subsequently suggested to the Judicial Panel on Multidistrict Litigation that these matters be listed as tag-along cases to MDL 875, In re Asbestos Products Liability Litigation (No. VI). Plaintiffs in Zafonte filed their motion to remand back to state court on December 20, 2004. Plaintiff in Nesbiet filed his motion to remand on January 24, 2005.

Again, Plaintiffs do not seek to prosecute these cases in the Southern District of New York. They only wish to have the issue of the existence of subject matter jurisdiction decided

prior to transfer to the MDL Court. It would be particularly unfair to transfer these cases prior to a ruling on the threshold issue of subject matter jurisdiction given the terminal condition of both Plaintiffs and their upcoming trial dates in state court.

On January 13, 2005, this Panel filed CTO-241, conditionally transferring these actions to the MDL court in the Eastern District of Pennsylvania. On January 28, 2005, Plaintiffs filed a Notice of Opposition to the CTO with this Panel.

## LEGAL ARGUMENT

I.  **IN THE CLEAR ABSENCE OF FEDERAL SUBJECT MATTER JURISDICTION, THE JUDICIAL PANEL SHOULD NOT TRANSFER AN ACTION THAT IS PROPERLY SUBJECT TO REMAND TO STATE COURT BEFORE THE TRANSFEROR DISTRICT COURT TO WHICH THE ACTION HAS BEEN REMOVED HAS EVEN ADDRESSED PLAINTIFFS' MOTIONS TO REMAND PENDING BEFORE IT.**

Neither the Judicial Panel, the proposed transferee court, nor the United States District Court for the Southern District of New York properly has subject matter jurisdiction over these cases. Removing defendant GE simply has not carried its burden of establishing that it acted "under color" of a federal officer in failing to warn about the dangers of asbestos in these cases. Without making such a showing, GE can not invoke the jurisdiction of the federal courts under 28 U.S.C. §1442(a)(1). See e.g., Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Faulk v. Owens Corning Fiberglas Corp., 48 F.Supp.2d 653 (E.D. Tex. 1999).

It is firmly established that in any removal to the federal courts, the defendant seeking removal bears the burden of showing that federal subject-matter jurisdiction exists; that removal was timely filed; and that removal was proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Mehlenbacher v. Akzo Nobel Salt, Inc., 216

F.3d 291, 296 (2d Cir. 2000); *see also* Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).

Removal statutes are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100, 104 (1941). On a plaintiff's motion for remand, the burden remains on the removing defendant to show why the action should not be remanded, and any lingering doubts must be resolved against the proponents of the federal forum. *See, e.g.,* McNutt, *supra*, 298 U.S. at 189; R. G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979); and Newmark & Lewis, Inc. v. Local 814, Internat'l Brotherhood of Teamsters, 776 F. Supp. 102, 105 (E.D. N.Y. 1991), all holding that a removing party must establish its right to a federal forum by "competent proof."[1]

Furthermore, "[b]ecause it is premised on the protection of <u>federal</u> activity and an anachronistic mistrust of state courts' ability to protect and enforce <u>federal</u> interests and immunities from suit, private actors seeking to benefit from [the provisions of the federal officer removal statute] bear a special burden of establishing the official nature of their activities." Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 at 1150 (D. Colo. 2002) (emphasis in original) citing Ryan v. Dow Chemical Co., 781 F.Supp. 934 at 950-51

---

[1] Practical considerations also dictate a circumspect approach to removal jurisdiction. Where a federal court lacks jurisdiction, any decision it enters is necessarily void. *See, e.g.,* Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985). Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns. *See, e.g.,* Merrell Dow Pharmaceutical, Inc. v. Thompson, 478 U.S. 804, 809 (1986); Shamrock Oil & Gas Corp., *supra,* 313 U.S. at 104 ( "[d]ue regard for the rightful independence of state governments" requires federal courts to "scrupulously confine" their jurisdiction to precise statutory limits); and Gorman v. Abbott Laboratories, 629 F. Supp. 1196, 1203 (D. R.I. 1986) (the federal court may retain jurisdiction only where authority to do so is clear; any other holding detracts from principles of federalism, comity, and sovereignty of states).

(E.D.N.Y. 1992). "If the right to remove is doubtful, the case should be remanded." Freiberg 245 F.Supp.2d at 1151, citing Ryan 781 F.Supp. at 939, citing Good v. Armstrong World Indus., 914 F.Supp. 1125 at 1131 (E.D. Pa. 1996).

All that plaintiffs seek here is the opportunity to have the critical, threshold issue of the existence of subject matter jurisdiction decided in the Southern District of New York before the proceedings become even more complicated and the cases are further delayed when they are transferred to the Eastern District of Pennsylvania. Additionally, as discussed above, it appears that the asbestos MDL court has never ruled on a plaintiff's motion to remand a case back to state court. Instead, in asbestos cases throughout the country, it is the District Court to which the case is first removed that routinely decides this threshold issue. See e.g., Feidt v. Owens - Corning Fiberglas Corp., 153 F.3d 124 (3d Cir. 1998); Fink v. Todd Shiparyds, 2004 WL 856734 (E.D.La. 2004); Morgan v. Asbestos Defendants, 2003 WL 945987 (N.D. Cal. 2003); Teague v. Bell Helicopter Services, Inc., 2003 WL 21135481 (N.D.Tex.2003); Schilz v. A.P. Green Industries, Inc., 2002 WL 102608 (N.D.Cal. 2002); Freiberg v. Swinerton & Walberg Property Services, Inc., 245 F.Supp.2d 1144 (D. Colo. 2002); Carter v. ACANDS, Inc., 2002 WL 31682352 (E.D.Tex. 2002); Hines v. ACANDS, Inc., 128 F.Supp.2d 1003 (N.D. Texas 2001); Anderson v. Crown Cork & Seal, 93 F.Supp.2d 697 (E.D. Va. 2000); Megill v. Worthington Pump, Inc., 1999 WL 191565 (D.Del.1999); Mouton v. Flexitallic, Inc., 1999 WL 225438 (E.D.La.1999); Bautista v. Owens - Corning Fiberglas Corp., 1998 WL 267975 (N.D.Cal. 1998); Nguyen v. Allied Signal, Inc., 1998 WL 690854 (N.D.Cal. 1998); Polesky v. ACANDS, Inc., 1998 WL 633666 (S.D.N.Y. 1998); Ruffin v. Armco Steel Corp., 959 F.Supp. 770 (S.D. Texas 1997); McCormick v. C.E. Thurston & Sons, Inc., 977 F.Supp. 400 (E.D. Va. 1997); Blackman v. Asbestos Defendants, 1997 WL 703773 (N.D.Cal. 1997); Gauthe v. Asbestos Corp. 1997 WL

3255 (E.D.La. 1997); Overly v. Raybestos-Manhattan, 1996 WL 532150 (N.D.Cal. 1996); Yap v. Owens - Corning Fiberglas Corp., 1995 WL 225694 (N.D. Cal. 1995); Viala v. Owens - Corning Fiberglas Corp., 1994 WL 139287 (N.D. Cal. 1994); Cabalic v. Owens - Corning Fiberglas Corp., 1994 WL 564724 (N.D.Cal. 1994); Saaquisame v. Owens - Corning Fiberglas Corp., 1994 WL 564727 (N.D.Cal.1994); Crocker v. Borden, Inc., 852 F.Supp. 1322 (E.D. La. 1994); Anderson v. Avondale Industries, Inc., 1994 WL 679827 (E.D.La. 1994); Pack v. ACAND S, Inc., 838 F.Supp. 1099 (D. Md. 1993); Fung v. Abex Corp., 816 F.Supp. 569 (N.D. Cal. 1992).

Moreover, there is precedent for this Panel to facilitate the decision of remand motions prior to transfer of asbestos cases to the asbestos MDL court. E.g. Vasura v. ACANDS, 84 F.Supp.2d 531, 532-33 (S.D.N.Y. 2000) (panel vacated a previously-granted final order of transfer to permit the transferor judge to rule on a motion to remand); see also DAVID F. HERR, MANUAL FOR COMPLEX LITIGATION § 31.131 (3d ed. 2003) at 332 ("Sometimes the panel has concluded that it should delay its ruling on transfer until critical motions have been decided by the court in which the case is pending.").

In these cases, because of the Plaintiffs' deteriorating health, it would be extremely unfair to further delay each of their days in court without the federal court even first satisfying itself of its own jurisdiction prior to transfer to the Eastern District of Pennsylvania.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that the Judicial Panel on Multidistrict Litigation vacate so much of Conditional Transfer Order CTO-241 as applies to their cases, or, in the alternative, stay the transfer order from becoming final and effective until the District Court for the Southern District of New York has ruled on the motions pending before it currently.

Respectfully submitted,

Dated: New York, New York
February 9, 2005

By: _____
Bryan Belasky
**WEITZ & LUXENBERG, P.C.**
180 Maiden Lane, 17th Floor
New York, New York 10038
Tel. (212) 558-5753
Attorneys for Plaintiffs

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 11 2005

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY : MDL – 875
LITIGATION (No. VI) :

THIS DOCUMENT RELATES TO:

**CONDITIONAL TRANSFER ORDER (CTO-241)**

JOSEPH ZAFONTE and ADRIANE ZAFONTE, :
:
           Plaintiffs, :
:
-against- : S.D.N.Y. Civ. Action No. 04-9320
:
GENERAL ELECTRIC COMPANY, et al., :
:
           Defendants. :

ROBERT NESBIET, :
:
           Plaintiff, :
:
-against- :
:
GENERAL ELECTRIC COMPANY, et al., : S.D.N.Y. Civ. Action No. 04-9321
:
           Defendants. :

2005 FEB 11 A 10:33
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

## CERTIFICATION OF SERVICE

I, Bryan Belasky, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the State of New York, am an associate of the law firm of Weitz & Luxenberg, P.C., counsel for plaintiffs in the above-captioned actions. On the date set forth next to my signature below, I caused the original and eleven copies of the within Notice of Motion and Brief, together with this Certification of Service and a computer readable disk of the pleading, to be served via overnight Federal Express on Michael J. Beck, Clerk of the Judicial Panel on Multidistrict Litigation, One Columbus Circle, NE, Thurgood Marshall Federal Judiciary Bldg., Room G-255, North Lobby, Washington, D.C. 20002, and to be served by United States Postal Service, postage-paid first-class mail, on all counsel listed on the attached Panel Service List (Excerpted from CTO-241), MDL Docket No. 875, In re Asbestos Products Liability Litigation (No. VI).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated: New York, New York  By: _____
February 9, 2005   Bryan Belasky (1777)
  **WEITZ & LUXENBERG, P.C.**
  180 Maiden Lane, 17th Floor
  New York, New York 10038
  Tel. (212) 558-5500
  Attorneys for Plaintiffs

RECEIVED CLERK'S OFFICE 2005 FEB 11 A 10:33 JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**INVOLVED COUNSEL LIST (CTO-241)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

Theodore D. Agniel
Greensfelder, Hemker & Gale, P.C.
Equitable Building, Suite 2000
10 South Broadway
St. Louis, MO 63102

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue, 20th Floor
New York, NY 10022

David A. Baker
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Peter J. Barkofske
Gallop, Johnson & Newman
Interco Corporate Tower
101 S. Hanley
St. Louis, MO 63105

V. Brian Bevon
Motley Rice, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465

Charles S. Bierner
Wolf, Block, Schorr & Solis-Cohen
250 Park Avenue
New York, NY 10177

Kevin P. Bilms
Law Offices of Peter Nicholl
430 Crawford Street, Suite 202
Portsmouth, VA 23704

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward Birnbaum
Herzfeld & Rubin, P.C.
40 Wall Street
New York, NY 10005

Roy B. Blackwell
Kaufman & Canoles PC
150 West Main Street
Norfolk, VA 23510

James H. Bolin
Butler, Snow, O'Mara, et al.
P.O. Box 22567
Jackson, MS 39225-2567

William J. Bradley
Malaby, Carlisle & Bradley
150 Broadway, Suite 1311
New York, NY 10038

Harold I. Braff
Braff, Harris & Sukoneck
305 Broadway
Seventh Floor
New York, NY 10007

Arthur D. Bromberg
L'Abbate, Balkan, Colavita & Contini
Seven Regent Street
Suite 711
Livingston, NJ 07039

Albert J. Bronsky
Brown & James, P.C.
1010 Market Street
20th Floor
St. Louis, MO 63101

Lisa N. Busch
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Joseph H. Carlisle
Malaby, Carlisle & Bradley Llc
150 Broadway
Suite 600
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

William T. Causby
Nelson, Mullins, Riley & Scarborough
1330 Lady Street
Keenan Building, 3rd Floor
P.O. 11070
Columbia, SC 29211-1070

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Joseph G. Colao
Leader & Berkon
630 Third Avenue
17th Floor
New York, NY 10017

William David Conner
Haynsworth Sinkler Boyd
75 Beattie Place, Eleventh Floor
P.O. Box 2048
Greenville, SC 29602

Maryellen Connor
Malaby, Carlisle & Bradley LLC
150 Broadway, Suite 1311
New York, NY 10038

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

William Pearce Davis
Baker, Ravenel & Bender
P.O. Box 8057
Columbia, SC 29202

Frank Degrim
Greenfield Stein & Senior, LLP
600 Third Avenue, 11th Floor
New York, NY 10016

Anna M. DiLonardo
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Lyn B. Dodson
Copeland, Cook, Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

Walter W. Dukes
Dukes, Dukes, Keating & Faneca
P.O. Drawer W.
Gulfport, MS 39502-0680

Theodore M. Eder
Segal, McCambridge, Singer &
Mahoney, Ltd.
805 3rd Avenue, 19th Floor
New York, NY 10022

James H. Elliott, Jr.
Barnwell, Whaley, Patterson & Helms
885 Island Park Drive
Charleston, SC 29492-0197

Julie R. Evans
Wilson, Elser, Moskowitz, Edelman &
Dicker
150 East 42nd Street
New York, NY 10017-5639

John J. Fanning
Cullen & Dykman Bleakley Platt LLP
177 Montague Street
Brooklyn, NY 11201

Mark B. Feinstein
Aaronson Rappaport Feinstein & Deutsch
757 Third Avenue
New York, NY 10017

Walter L. Floyd
Floyd Law Firm, P.C.
8151 Clayton Road
Suite 202
St. Louis, MO 63117

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Marc S. Gaffrey
Hoagland, Longo, Moran, Dunst & Doukas
40 Paterson Street
P.O. Box 480
New Brunswick, NJ 08903

James D. Gandy, III
Pierce, Herns, Sloan & McLeod
P.O. Box 22437
Charleston, SC 29413

William P. Gavin
Gavin Law Firm
17 Park Place Professional Centre
Belleville, IL 62226

Samuel Goldblatt
Nixon, Peabody LLP
1600 Main Place Tower
Buffalo, NY 14202

Ira R. Goodman
Newman, Fitch, Altheim & Myers, P.C.
14 Wall Street
22nd Floor
New York, NY 10005

William N. Graham
Aultman, Tyner, Ruffin & Yarborough
P.O. Box 750
Hattiesburg, MS 39403-0750

Ian R. Grodman
Law Office of Ian Grodman, PC
515 Valley Street
Suite 170
Maplewood, NJ 07040

Lori E. Guzman
Hunton & Williams
951 East Byrd Street
Richmond, VA 23219

Suzanne M. Halbardier
Barry, McTiernan & Moore
2 Rector Street
14th Floor
New York, NY 10006

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Yvette Harmon
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Mary Ann Hatch
Herzog Crebs, LLP
One City Centre
515 North Sixth Street, 24th Floor
St. Louis, MO 63101

Cathi A. Hession
Flemming, Zulack & Williamson
One Liberty Plaza
71 Broadway
New York, NY 10006

Edward E. Johnston
Heyl, Royster, Voelker & Allen
Mark Twain Plaza II
103 West Vandalia Street, Suite 100
P.O. Box 467
Edwardsville, IL 62025

Marc E. Kasowitz
Kasowitz, Benson, Torres & Friedman
1633 Broadway
22nd Floor
New York, NY 10019

Thomas J. Kernell
Roberts & Perryman
One U.S. Bank Plaza
Suite 2300
St. Louis, MO 63101

Thoedore H. Kirchner
Norman, Hanson & Detroy
P.O. Box 4600
415 Congress Street
Portland, ME 04112

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Lisa A. Linsky
McDermott, Will & Emery
50 Rockefeller Plaza
New York, NY 10020

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Thomas J. Maimone
Maimone & Associates, PLLC
170 Old Country Road
Suite 502
Mineola, NY 11501

Richard P. Marin
Law Offices of Richard P. Marin
685 Third Avenue
21st Floor
New York, NY 10017

Donald W. Martin, Jr.
McGuire Woods LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030

Moffatt Grier McDonald
Haynsworth, Sinkler & Boyd
P.O. Bo 2048
Greenville, SC 29602

Nancy McDonald
McElroy, Deutsch & Mulvaney
P.O. Box 2075
1300 Mount Kemble Ave.
Morristown, NJ 07962

Lawrence McGivney
McGivney, Kluger & Gannon, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

Timothy McHugh
Lavin, O'Neil, Ricci, Cedrone & DiSipio
420 Lexington Avenue
29th Floor
New York, NY 10170

Edward W. Mizell
Butler, Snow, O'Mara, et al.
P.O. Box 22567
Jackson, MS 39225-2567

Deetric D. Montgomery
Clark, Scott & Streetman
P.O. Box 13847
Jackson, MS 39236-3847

Daniel S. Moretti
Landman, Corsi, Ballaine & Ford, P.C.
120 Broadway
New York, NY 10279

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

William F. Mueller
Clemente, Mueller & Tobia, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962

Gerard T. Noce
Burroughs & Helper
1010 Market Street, Suite 500
St. Louis, MO 63101

James Stephen Nowak
Kenney, Kanaley, Shelton & Liptak
Suite 510 Rand Building
14 Lafayette Square
Buffalo, NY 14203

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

Lisa M. Pascarella
Pehlivanian & Braaten, LLC
2430 Route 34
P.O. Box 648
Manasquan, NJ 08736

Russell A. Pepe
Harwood Lloyd, LLC
350 Fifth Avenue, Suite 3304
New York, NY 10118

Diane M. Pompei
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

G. Russell Ragland
Weitz & Luxenberg
180 Maiden Lane
40th Floor
New York, NY 10038

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Peter J. Rubin
Bernstein, Shur, Sawyer & Nelson
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029

Heather L. Saum
Baker, Donelson, Bearman, Caldwell & Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

David Schaefer
Malaby, Carlisle & Bradley
150 Broadway
Suite 600
New York, NY 10038

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Paul A. Scrudato
Schiff, Hardin & Waite
623 Fifth Avenue
Suite 2800
New York, NY 10022

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Norman A. Senior
Greenfield, Eisenberg, Stein & Senior
600 Third Avenue
New York, NY 10016

Dan Shaked
Shaked & Posner
225 West 34th Street, Suite 705
New York, NY 10122

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

James Walker Smith
Smith Abbott, LLP
3 New York Plaza
New York, NY 10004

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Bonnie Steinwolf
Weitz & Luxenberg
180 Maiden Lane
New York, NY 10038

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12 th Floor
Newark, NJ 07102

Jeffrey M. Thomen
McCarter & English, L.L.P.
300 Park Avenue
18th Floor
New York, NY 10022-7402

Michael P. Thornton
Thornton & Naumes, L.L.P.
100 Summer Street
30th Floor
Boston, MA 02110

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Herbert I. Waldman
Nagel, Rice & Mazie
301 South Livingston Avenue
Suite 201
Livingston, NJ 07039-3991

William L. Watt
Brunni, Grantham, Grower & Hewes
P.O. Drawer 210
Pascagoula, MS 39568-0210

Nikia Way
Marks, O'Neill, O'Brien & Courtney
1880 John F. Kennedy Boulevard
Suite 1200
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Michael E. Whitehead
Page, Manino, Peresich & McDermott
P.O. Box 289
Biloxi, MS 39533-0289

Edward J. Wilbraham
Wilbraham, Lawler & Buba
1818 Market Street
Suite 3100
Philadelphia, PA 19103-3631

Linda Yassky
Sonnenschein, Nath & Rosenthal
1221 Avenue of the Americas
24th Floor
New York, NY 10020

Judith A. Yavitz
Anderson, Kill & Olick, P.C.
1251 Avenue of the Americas
44th Floor
New York, NY 10020