**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*Carmen P. D'Amico v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:97-2943)
*Doris Elaine Neu, etc. v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:98-2734)
*Ruby L. Maddox, etc. v. Swindell-Dressler International Co., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:99-1539)
*Frank Pauley v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:99-5290)
*James Beverly v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:99-5936)
*John J. Burnett v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:99-6042)
*Samuel Williams v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:99-8520)
*Peter A. Cacello v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:00-1795)
*Eugene Youngblood v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:00-8219)
*Jerome L. Riegler v. ACandS, et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:01-447)
*Deseree Williams v. ACandS, Inc., et al.*, E.D. Pennsylvania (N.D. Illinois, C.A. No. 1:01-2551)

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*SEPARATION OF CLAIMS AND REMAND ORDER*

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by plaintiffs in eleven actions seeking remand of their actions to the Northern District of Illinois from the Eastern District of Pennsylvania. Six defendants named in various of the eleven actions have opposed the motion. Subsequent to both the filing of the remand motion and the responses thereto, the Panel received a suggestion of remand from Judge Charles R. Weiner, the MDL-875 transferee judge, pursuant to which he recommended that the Panel remand under Section 1407 to the Northern District of Illinois all claims in these eleven actions except claims for punitive or exemplary damages that had previously been severed in the actions by the transferee court.

On the basis of the papers filed and hearing session held, the Panel finds that remand of the non-punitive/exemplary damage claims in the eleven actions is appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is

---

[*]Judge Motz took no part in the disposition of this matter.

**OFFICIAL FILE COPY**

IMAGED FEB 17 2005

appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the matter now before us, the transferee judge has entered an order reflecting his determination that remand of the non-punitive/exemplary damage claims in the eleven actions is now appropriate. The number of Section 1407 remands in this docket is proportionately small, because under Judge Weiner's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of February 1, 2005, over 74,000 such actions have been closed in the transferee district). This success rate makes us particularly reluctant to overrule Judge Weiner's advice when he determines, with respect to any given constituent actions, that i) common pretrial proceedings have been completed, ii) resolution in the transferee district is no longer likely, and iii) remand of the actions or claims therein has become the preferred course. We therefore will adopt Judge Weiner's suggestion and order remand of the suggested claims in these eleven actions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims in these actions except the severed claims for punitive or exemplary damages are remanded to the Northern District of Illinois.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman