

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 17 2005

FILED
CLERK'S OFFICE

**DOCKET NOS. 875 & 1535**

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
## IN RE WELDING ROD PRODUCTS LIABILITY LITIGATION

*Mardie McKeithen, et al. v. Exxon Mobil Corp., et al.*, M.D. Louisiana, C.A. No. 3:04-365

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### ORDER OF TRANSFER WITH SIMULTANEOUS SEPARATION, REMAND AND TRANSFER

Before the Panel is a motion brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in a Middle District of Louisiana action (*McKeithen*). These plaintiffs seek to vacate the Panel's order conditionally i) transferring their action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-875 – *In re Asbestos Products Liability Litigation (No. VI)*; ii) separating and remanding the welding rod claims to the Middle District of Louisiana; and iii) then transferring the resulting action to the Northern District of Ohio for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1535 – *In re Welding Rod Products Liability Litigation*. Responding defendants oppose the motion and urge effectuation of the Panel's order.[1]

On the basis of the papers filed and hearing session held, the Panel finds that this action involves common questions of fact with i) the actions in MDL-875 previously transferred to the Eastern District of Pennsylvania, and ii) the actions in MDL-1535 previously transferred to the Northern District of Ohio. The Panel further finds that transfer for inclusion in the coordinated or consolidated pretrial proceedings in those two districts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Transfer is also appropriate for reasons expressed by the Panel in its original orders directing centralization in these two dockets. The Panel held that all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products should be transferred to the Eastern District of

---

[*] Judge Motz took no part in the disposition of this matter.

[1] Responding defendants are Lincoln Electric Co.; Praxair, Inc.; Union Carbide Corp.; Sandvik, Inc.; The ESAB Group, Inc.; Allegheny Technologies Inc.; Eutectic Corp.; Hobart Brothers Co.; A.O. Smith Corp.; The BOC Group, Inc.; Airgas-Gulf States, Inc.; and Viacom, Inc.

**OFFICIAL FILE COPY**

IMAGED FEB 17 2005

- 2 -

Pennsylvania. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). Similarly, the Panel held that the Northern District of Ohio was a proper Section 1407 forum for actions involving claims for personal injuries allegedly caused by exposure to welding fumes. *See In re Welding Rod Products Liability Litigation*, 269 F.Supp.2d 1365 (J.P.M.L. 2003). We note that plaintiffs' motion to remand *McKeithen* to state court can, in appropriate parts, be presented to and decided by each of the transferee courts. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-875 – *In re Asbestos Products Liability Litigation (No. VI)*. The welding rod claims contained in Section B of the complaint in this action are separated and remanded, pursuant to 28 U.S.C. § 1407(a), to the Middle District of Louisiana.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the resulting welding rod action is transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for inclusion in the coordinated or consolidated pretrial proceedings occurring there in MDL-1535 – *In re Welding Rod Products Liability Litigation*.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman