MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS ) MDL Docket No. 875
LIABILITY LITIGATION (No. VI) )
_____)

**DEFENDANT GENERAL ELECTRIC COMPANY'S
OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
ORDER 241**

**I. INTRODUCTION**

Defendant General Electric Company ("GE") files this Opposition to the Motion to Vacate Conditional Transfer Order 241 ("CTO-241") filed by Plaintiffs in the cases of *Joseph and Adriane Zafonte v. GE, et al.*, 04 CV 9320 (S.D.N.Y.) and *Robert Nesbiet v. GE, et al.*, 04 CV 9321 (S.D.N.Y.)  The Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-241 transferred these cases for coordinated or consolidated pretrial proceedings in the United States District Court for the Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.  These cases are similar, if not identical, to cases that have been or will be subject to transfer to MDL-875.  To ensure the efficient and consistent adjudication of these cases, along with the many others throughout the United States, this Panel should deny Plaintiffs' Motion to Vacate CTO-241 as to these two cases.

For both efficiency and consistency, the Panel routinely denies objections to transfer that are premised on jurisdictional issues or pending motions to remand.  In fact, the Panel has denied

similar Motions to Vacate in this litigation. *See In re Asbestos Products Liability Litigation,* 1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001). The Motion to Vacate presently before this Panel is virtually identical to the motions previously decided by the Panel. In the present motion before the Panel, plaintiffs argue that pending motions to remand require that CTO-241 be vacated, or in the alternative, stayed. Since plaintiffs raise the same issues already addressed by the Panel in this litigation, the Panel, as it has done previously, should deny Plaintiffs' Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons. First, the Panel has the authority to transfer such cases despite pending jurisdictional objections. Second, determination of jurisdictional objections is well within the transferee court's authority and should be heard by a single court. Third, transfer and coordination or consolidation promotes judicial efficiency and consistency.

A.   **The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims**.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969). Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. *In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L.

2

1969). As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. *In re Ivy*, 901 F.2d 7 (2d Cir. 1990). Numerous courts have cited and relied on *Ivy* for this proposition. *In re California Retail Natural Gas and Elec. Antitrust Litigation.*, 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.*, 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer*, 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.*, 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.*, 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. *See, e.g., Good v. Prudential Ins. Co.*, 5 F. Supp. 2d 804 (N.D. Ca. 1998). The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." *In re Gypsum Wallboard*, 302 F. Supp. 794, 794 (J.P.M.L. 1969).

Therefore, the pendency of a motion to remand in this case does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings.

**B.     Jurisdictional Objections Can Be Heard and Resolved By the Transferee Court.**

The United States District Court for the Eastern District of Pennsylvania has full authority to rule on pending jurisdictional objections. 28 U.S.C. § 1407. When cases are transferred pursuant to section 1407, the transferee court is vested with the same broad authority over pretrial proceedings that would have existed in the transferor court absent the transfer. *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909 (S.D. Ohio 1997); *see also In re FMC Corp.*, 422 F. Supp 1163 (J.P.M.L. 1976). Indeed, the transferee court's authority to handle such pretrial proceedings includes dispositive motions, and specifically encompasses motions to

3

NJ/136544v1

remand, whether filed before or after transfer. *In re Ivy*, 901 F.2d 7 (2nd Cir. *1990*). "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level." *Id.* at 9. "The transferee judge '[c]ertainly has the power to determine the question of remand.'" *Boudreaux v. Metro. Life Ins. Co.*, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); *see also In re Air Crash Disaster*, 368 F. Supp. 812, 843 (J.P.M.L. 1973); *In re California Wholesale Elec. Antitrust Litig.*, 2001 WL 733534, at * 1 (J.P.M.L. June 8, 2001) ("[remand] motions can be presented to and decided by the transferee judge.")

The Panel's enabling statutory language under Section 1407 and subsequent case authority leave little doubt that the resolution of motions to remand is well within the transferee district's authority to handle pretrial proceedings in this litigation. In fact, when discussing the remand of cases in MDL-875, the panel has stated that the "fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been utilized to accomplish Section 1407 remand for trial with a minimum of delay." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 (J.P.M.L 2001).

C.  **Transfer Promotes Judicial Efficiency and Consistency**.

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. *In re Ivy*, 901 F.2d 7 (2d Cir. 1990). In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *Id.* at 9. "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." *Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La. Mar. 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreaux*, 1995 WL 83788,

4

at *2. In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.,* 1999 WL 1044923, at *2 (N.D. Ill. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); see, e.g., *In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972). Indeed, remand and other motions can be presented to and decided by the transferee judge. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this

NJ/136544v1

case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.JP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

*In re Prudential Ins. Co., 2001 WL 980541, at \*1 (J.P.ML. Aug. 15, 2001).*

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407 should not be delayed due to the pendency of motions in the transferor district. *See, e.g., In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) (refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer.)

Thus, because the Panel has the authority to transfer these actions despite pending jurisdictional objections, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny Plaintiffs' Motion to Vacate and proceed with the transfer of these matters to

MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

### III. CONCLUSION

Defendant GE respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 241.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Michael A. Tanenbaum
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendant General Electric Company

DATED: February 28, 2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS                 )        MDL Docket No. 875
LIABILITY LITIGATION (No. VI)            )
_____  )

## CERTIFICATION OF SERVICE

I, Michael A. Tanenbaum, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the States of New Jersey and New York and I am a member of the firm of Sedgwick, Detert, Moran & Arnold LLP, counsel for defendant General Electric Company, in the above captioned matters. On February 28, 2005, I caused the original and twelve copies of the within Brief in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 241 and a computer readable disc containing these documents to be served via Federal Express upon:

> Michael J. Beck, Clerk
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, NE
> Room G-255, North Lobby
> Washington, DC  20002-8004

with a copy sent via Federal Express to:

> Bryan Belasky, Esq.
> WEITZ & LUXENBERG, P.C.
> 180 Maiden LAne, 17th Floor
> New York, New York 10038

NJ/136566v1

and all counsel on the attached service rider at the addresses designated by said attorneys for the purpose of depositing a true copy of same via First Class Mail through the United State Postal Service, Newark, New Jersey, 07102

      I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

 

Michael A. Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center
12th Floor
Newark, New Jersey 07102
Attorneys for Defendant, General Electric Company

NJ/136566v1

## DEFENDANT SERVICE RIDER

| | |
|---|---|
| Judith Yavitz, Esq.<br>Anderson Kill & Olick<br>1251 Avenue of the Americas<br>New York, New York 10020-1000 | Counsel for:<br>Amchem Products, Inc., n/k/a Rhone Poulenc, Inc., Certain Teed Corporation, Dana Corporation and Union Carbide Corp. |
| Theodore Eder, Esq.<br>Segal McCambridge Singer & Mahoney<br>805 3rd Avenue<br>New York, New York 10022 | Counsel for:<br><br>Anchor Packing Co. |
| Edward Wilbraham, Esq.<br>John Howarth, Esq.<br>Wilbraham Lawler & Buba<br>1818 Market Street<br>Suite 3100<br>Philadelphia, Pennsylvania 19103 | Counsel for:<br><br>Buffalo Pumps, Inc. |
| Cori L. Leavitt, Esq.<br>David Shaefer, Esq.<br>William Bradley, Esq.<br>Joseph Carlisle, Esq.<br>Malaby Carlisle & Bradley LLC<br>150 Broadway<br>New York, New York 10038 | Counsel for:<br><br>Cleaver Brooks Col, Inc. Foster Wheeler, LLC, J.H. France Refractories Co., Viacom Inc., successor by merger to CBS Corporation f/k/a Westinghouse Electric Corp. and Warren Pumps, Inc. |
| Cynthia Weiss Antonucci, Esq.<br>Harris Beach, LLP<br>805 Third Avenue – 20th Floor<br>New York, New York 10022 | Counsel for:<br><br>Crane, Co. |
| Lawrence McGivney, Esq.<br>McGivney, Kluger & Gannon, P.C.<br>80 Broad Street<br>23rd Floor<br>New York, NY 10004 | Counsel for:<br><br>Patterson Pump Company and Courter & Co., Inc. |
| William Mueller, Esq.<br>Clemente, Dickson & Mueller<br>218 Ridgedale Avenue<br>Morristown, New Jersey 07961 | Counsel for:<br><br>Durabela Manufacturing Company |
| Steve Kevelson, Esq.<br>One Cozine Avenue<br>Brooklyn, New York 11201 | Counsel for:<br><br>Empire-Ace Insulation Mfg. Corp. |
| Cathi A. Hession, Esq.<br>Flemming, Zulack & Williamson, LLP<br>One Liberty Plaza, 35th Floor<br>New York, New York 10006 | Counsel for<br><br>Goodyear Canada, Inc., and Goodyear Tire & Rubber Co. |
| John J. Fanning, Esq.<br>Cullen & Dykman<br>177 Montague Street | Counsel for:<br><br>Goulds Pumps, Inc. |

NJ/133046v1

| | |
|---|---|
| Brooklyn, New York 11201 | |
| Ira M. Schulman, Esq.<br>Mazur, Carp & Robin, P.C.<br>2 Park Avenue<br>New York, NY 10016 | Hardie-Tynes Company, Inc., Individually and as successor to Hardie Tynes Manufacturing Co., Inc. |
| Joseph Colao, Esq.<br>Helen Chung, Esq.<br>Leader & Berkon LLP<br>630 3rd Avenue, 17th Floor<br>New York, New York 10017 | Counsel for :<br><br>IMO Industries, Inc. |
| Lisa M. Pascarella, Esq.<br>Stephanie A. Divita, Esq.<br>Pehlivanian & Braaten, LLC<br>2430 Route 34<br>Manasquan, New Jersey 08736 | Counsel for:<br><br>Ingersoll-Rand Co. |
| Yvette Harmon, Esq.<br>ROSS & HARDIES<br>65 East 55th Street, 31st Floor<br>New York, NY 10022 | Counsel for:<br><br>ITT Industries, Inc. |
| Paul A Scrudato, Esq.<br>Schiff Hardin & Waite<br>623 Fifth Avenue, Suite 2800<br>New York, New York 10022 | Counsel for:<br><br>Owens –Illinois, Inc. |
| Linda Yassky, Esq.<br>Sonnenschein, Nath & Rosenthal<br>1221 Avenue of the Americas<br>New York, New York 10020 | Counsel for:<br><br>Rapid American Corporation |
| Anthony Marino, Esq.<br>Garrity, Graham, Favetta & Flynn<br>One Lackawanna Plaza<br>Montclair, NJ 07042 | Counsel for:<br><br>United Conveyor Corp. |
| John Ronca, Jr., Esq.<br>Ronca, McDonald & Hanley<br>5 South Regent Street<br>Suite 517<br>Livingston, New Jersey 07039 | Counsel for:<br><br>York Industries Corp. |

NJ/133046v1