JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 7 2005

FILED
CLERK'S OFFICE

05 FEB 23 PM 4: 13

___ S. WILSON
CLERK
BY___
DEPUTY

MDL- *875*

RECOMMENDED ACTION

VACATE CTO-240 + HSO -- 1 ACTION
Approved/Date: ___ MA ___

U.S. DISTRICT COURT
DISTRICT OF NEVADA
ENTERED & SERVED

FEB 2 4 2005

CLERK, U.S. DISTRICT COURT
___ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| SANDIE KNUTSON and DENNIS KNUTSON, | ) ) ) | |
| Plaintiffs, | ) ) | CV-N-04-0625-LRH (RJJ) |
| v. | ) ) ) | ORDER |
| ALLIS-CHALMERS CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

Presently before the Court is Plaintiff Dennis Knutson's Motion for Remand and Request for Judicial Notice (Docket No. 97). Numerous opposition pleadings have been filed with the Court in regard to both the remand motion and the request for judicial notice.[1] Plaintiff has filed a reply (Docket No. 155). Upon review of the record and relevant law, the Court grants Plaintiff's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from the injuries sustained by Plaintiff Sandie Knutson ("Mrs. Knutson") due to her exposure to asbestos and asbestos-containing equipment. Mrs. Knutson suffered and, on October 26, 2004, was ultimately killed by mesothelioma, an "invariably fatal cancer, . . . for which

---

[1] See Docket Nos. 131 - 133, 138-151.

OFFICIAL FILE COPY

IMAGED MAR 0 7 2005

1  asbestos exposure is the only known cause. . . ." *In re Patenaude*, 210 F.3d 135, 138 (3d Cir.

2  2000), *cert. denied*, 531 U.S. 1011 (2000).  On November 24, 2003, Mr. and Mrs. Knutson

3  ("Plaintiffs") filed suit in state court against numerous Defendants alleged to be responsible, in

4  some way, for Mrs. Knutson's exposure to asbestos.  Plaintiffs' complaint alleges that Mrs.

5  Knutson was exposed to asbestos during the years 1958 to 1988.  During these years, she was

6  exposed as a result of her own work with and around asbestos-containing equipment; and through

7  the asbestos fibers both her father and husband brought home from work on their persons and

8  clothing.

9       Plaintiffs are both domiciliaries of Nevada.  All named Defendants were entities residing

10  outside of the District of Nevada, with the exception of three Defendants:  the Battle Mountain

11  Gold Company, the Carlin Gold Company, and the Newmont Gold Company (collectively, the

12  "Newmont Defendants").  As diversity was presumed destroyed by the inclusion of the Newmont

13  Defendants, no Defendant attempted to remove the case at the time of the service of the complaint.

14       On September 9, 2004, the Newmont Defendants filed a motion for summary judgment.

15  Plaintiffs' Opposition brief was filed on October 1, 2004.  On October 15, 2004, the Seventh

16  Judicial District Court of the State of Nevada, in and for the County of Eureka, granted the motion

17  for summary judgment in favor of the Newmont Defendants.  Subsequently, on November 1, 2004,

18  Defendant Honeywell International, Inc. (hereinafter, "Honeywell") filed a Notice of Removal of

19  the action to the U.S. District Court for the District of Nevada.  Honeywell's Notice of Removal

20  contends that removal became appropriate on October 4, 2004, when Plaintiffs served their

21  Opposition to the Newmont Defendants' motion for summary judgment (hereinafter, "Opposition")

22  on Defendant Honeywell.  According to Honeywell, Plaintiffs' Opposition put Defendants on

23  notice, for the first time, that removal was possible because the brief showed "that Newmont was

24  'fraudulently joined' in that there was no basis in fact or colorable ground supporting the claim

25  against Newmont, and that there was no real intention in good faith to prosecute the action against

1  Newmont or seek a joint judgment." (Def. Honeywell's Notice of Removal at 5:1-5.)  With the

2  possible exception of Defendant Page-Brake, all other Defendants still a party to the action

3  (hereinafter, the "Removing Defendants") joined in the removal on or before October 4, 2004.  On

4  December 1, 2004, Mr. Knutson (hereinafter, "Plaintiff") filed the instant motion to remand the

5  case to state court for lack of jurisdiction.

6        Additionally, this case has been identified as a tag along action in an asbestos case which

7  the Judicial Panel on Multidistrict Litigation (the "Panel") has been authorized to coordinate

8  pursuant to 28 U.S.C. § 1407.  The Panel is responsible for conditionally transferring all tag along

9  cases in which there is or may be federal jurisdiction to the Multidistrict Litigation court, *see id.*,

10  which is in the United States District Court for the Eastern District of Pennsylvania (the "MDL

11  court").  A conditional transfer order to the MDL court was issued in this case by the Panel on

12  December 21, 2004.[2]  (Def. Honeywell's Notice of Conditional Transfer Order, Docket No. 154.)

13  As specified in the conditional transfer order, if any party files a notice of opposition to the order,

14  the order does not become effective and is stayed until the Panel makes a final decision in the

15  matter.  *Id.*  As Plaintiff has opposed the transfer, and the conditional transfer order is accordingly

16  stayed, this Court continues to have jurisdiction to determine Plaintiff's motion for remand. *See*

17  *Greene v. Wyeth*, 344 F. Supp. 2d 674, 677-78 (D. Nev. 2004); *Rivers v. Walt Disney Co.*, 980 F.

18  Supp. 1358, 1360 (C.D. Cal. 1997) (citing the Multidistrict Litigation Panel's holding that "the

19  pendency of a motion or conditional transfer order [does] not affect or suspend orders and pretrial

20  proceedings in the district court in which the action is pending and does not in any way limit the

21  pretrial jurisdiction of that court").

22                                          **LEGAL STANDARD**

23        Under 28 U.S.C. § 1441, the removal statute, "any civil action brought in a State court of

24

25        [2] The conditional transfer order was authorized pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), and 28 U.S.C. § 1407.

3

1  which the district courts of the United States have original jurisdiction, may be removed by the

2  defendant or defendants, to the district court of the United States for any district . . . where such

3  action is pending." 28 U.S.C. §1441(a). One instance in which the district courts of the United

4  States have "original jurisdiction" is where there is complete diversity between the parties and the

5  amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

6       The proper procedure for challenging removal to federal court is a motion to remand. A

7  federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if

8  there is any defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are

9  construed restrictively, and any doubts about removability are resolved in favor of remanding the

10 case to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872

11 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the

12 removing defendant faces a strong presumption against removal, and bears the burden of

13 establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v.*

14 *Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

15                         **DISCUSSION**

16      Although 28 U.S.C. 1441(a) permits defendants to remove a case in which there is diversity

17 jurisdiction to federal court, section 1441(b) states that diversity jurisdiction cases are "removable

18 only if none of the parties in interest properly joined and served as defendants is a citizen of the

19 state in which such action is brought." As mentioned previously, three non-diverse Defendants –

20 collectively called the "Newmont Defendants" – were joined and served in this case. Nonetheless,

21 the Removing Defendants sought removal, and now oppose remand, based upon the "fraudulent

22 joinder" exception to the complete diversity requirement. This exception requires Defendants to

23 show that the Plaintiff has failed, under well-settled state law, to state a claim against a resident

24 defendant. *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998). In the motion

25 for remand, Plaintiff asserts that removal was improper both due to procedural defects in the

1   removal, and because there was no fraudulent joinder.  If Plaintiff prevails in either argument, then

2   the case must be remanded.  Initially, however, the court must consider Plaintiff's motion for

3   judicial notice, and the Defendants' objections to the motion.

4       **A. Availability of Judicial Notice**

5       In conjunction with – and in support of – Plaintiff's motion for remand, Plaintiff requests

6   this Court take judicial notice of several court documents and the facts they support.   Defendant

7   Honeywell has filed an objection to Plaintiff's requests numbered 24 through 27, arguing that

8   judicial notice is not appropriate with regard to those requests.  The requests ask this Court to take

9   judicial notice that:

10      24.   **Not all Defendants have executed Honeywell's "Consent
              to Removal."** [*See*, Honeywell's "Supplement to Notice of
11             Removal of Action," which was filed with this Court.  The
              Court may take judicial notice of its own records, records
12             of inferior Courts, and records on file with the Court.  (*U.S.
              v. Wilson*, 631 F.2d 118 (9th Cir. 1980); *Schweitzer v.*
13            *Scott*, 469 F. Supp. 1017 (C.D. Cal. 1979).]

        25.   **Not all Defendants who were named in the Original
14             and/or First Amended Complaint and served with the
              same have filed or served joinders in removal.** (*See*,
15             records and documents filed with this Court.  The Court
              may take judicial notice of its own records, records of
16             inferior Courts and records on file with the Court.  (*U.S. v.
              Wilson*, 631 F.2d 118 (9th Cir. 1980); *Schweizer v. Scott*,
17             469 F. Supp. 1017 (C.D. Cal. 1989).]

        26.   In a letter dated November 1, 2004 from Thomas C.
18             Anderson of Burbridge & White LLC, counsel of record for
              **Page Brake** indicated **Page Brake will not join the
19             removal.**  (This document is included in "Exhibit A" to
              Honeywell's "Supplement to Notice of Removal of
20             Action," filed with this Court. . . .[)]

        27.   The papers and pleadings on file with the Court
21             demonstrate **there were multiple procedural defects in
              the Notice of Removal.**

22  (Pl.'s Req. for Judicial Notice at 7:25-8:20) (emphasis in original).  Defendant Honeywell's

23  objection (Docket No. 138) is based on Federal Rule of Evidence 201(b), which provides that a

24  "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally

25

5

1   known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

2   determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid.

3   201(b).  Defendant Honeywell claims that the facts quoted above are subject to reasonable dispute,

4   as they are in fact issues disputed by Defendants.  This Court agrees that the facts themselves are

5   not appropriate for judicial notice.  While the Court is certainly authorized to take judicial notice of

6   the court documents themselves, and chooses to do so, the Court must ascertain for itself the verity

7   of the facts which Plaintiff alleges is proven by those documents.

8        Defendant Elliott Turbomachinery Co. (hereinafter, "Elliott") has filed its own objections to

9   the request for judicial notice (Docket No. 132).  The objection raises a different issue from that

10   raised by Defendant Honeywell – an issue concerning standing.  Mrs. Knutson died on October 26,

11   2004, leaving her husband, Dennis Knutson, the only surviving Plaintiff named in the suit.

12   According to Elliott, because a legal representative has not yet been appointed for Mrs. Knutson,

13   there is currently no Plaintiff with standing to take action in this case.

14        As this Court is entitled to take judicial notice of adjudicative facts *sua sponte*, *see* Fed. R.

15   Evid. 201(b); *Everett Associates, Inc. v. Transcontinental Ins. Co.*, 159 F. Supp. 2d 1196, 1200

16   (N.D. Cal. 2001), whether or not Dennis Knutson has standing is not important to this Court's

17   decision regarding judicial notice.  However, the argument is worth addressing further, as

18   Defendant Elliott also raises it with regard to Plaintiff's standing to make a motion for remand.

19   Upon consideration, the Court finds that Dennis Knutson does have standing in this case.  Mr.

20   Knutson is a named Plaintiff in the complaint, and the complaint alleges a loss of consortium claim

21   on his behalf.  Defendant Elliot's assertion that Mr. Knutson  has no standing is based on the

22   previous state court grant of summary judgment to the Newmont Defendants, where the court

23   found that Mr. Knutson could not state a claim for loss of consortium under Nevada law. (Def.

24   Elliott's Mot. at 2:25-3:3.)  Indeed, the reasons for granting summary judgment with regard to the

25   loss of consortium claim against the Newmont Defendants does appear to be applicable to the

1  consortium claims against other defendants.  Nevertheless, Mr. Knutson's claims have not in fact

2  been dismissed against the remaining Defendants, and therefore at this time he remains a party to

3  the case.

4       Moreover, although under Ninth Circuit precedent a district court may not *sua sponte*

5  remand a case based on a procedural defect, *see Kelton Arms Condominium Owners Ass'n, Inc. v.*

6  *Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003), that is not the case where subject matter

7  jurisdiction is lacking.  If there exists a jurisdictional defect in the removal, *sua sponte* remand is

8  not only permissible, but the district court "must remand if it lacks jurisdiction." *Id.* (citing *Sparta*

9  *Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998).  As it is the

10  substantive, rather than procedural, issues on which this Court ultimately rests its decision, any lack

11  of standing on the part of Mr. Knutson would not pose a barrier to remand.

12  **B.  Procedural Defects Raised by Plaintiff**

13       Because the right of removal is "entirely a creature of statute," *Syngenta Crop Protection,*

14  *Inc. v. Henson*, 537 U.S. 28, 32, 123 S. Ct. 366, 369-70 (2002), and because removal itself is done

15  in "derogation of state sovereignty," *U.S. ex. rel. Walker v. Gunn*, 511 F.2d 1024, 1027 (9th Cir.

16  1975), courts are required to "scrupulously confine their own jurisdiction to the precise limits

17  which the statute has defined." *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700, 703 (1934).

18  Consequently, the strict construction applied in interpreting the removal statute necessarily requires

19  removing defendants to conform precisely to the procedural requirements outlined in the statute.

20  *See, e.g., Johnson v. Circuit City Stores, Inc.*, 71 F. Supp. 2d 1026, 1028 (N.D. Cal. 1999).  If the

21  removal has not been effectuated in a procedurally correct manner, the Plaintiff will prevail in a

22  motion for remand.

23       The relevant section of the removal statute specifies that:

24          The notice of removal of a civil action or proceeding shall be filed
25          within thirty days after the receipt by the defendant, through service or

7

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C.A. § 1446(b). An additional requirement of removal is that all Defendants either consent to or join the removal proceedings. *See Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998).

Defendants' theory of removal is premised on the second paragraph of section 1446(b), i.e., the notion that the case was not initially removable by virtue of the complaint, but became removable upon the receipt of Plaintiff's Opposition brief concerning the Newmont Defendants' motion for summary judgment. It is at that time, Defendants contend, that they first received notice from which it could be ascertained that the case was removable. Plaintiff asserts that two procedural defects in removal require remand. Initially, Plaintiff contends that Defendant Page Brake has neither filed a joinder in removal nor executed the consent form sent by Honeywell to all Defendants when Honeywell sought removal. Additionally, Plaintiff argues that Ingersoll-Rand did not file a timely joinder to the motion and therefore must not be considered to have consented or joined the motion within the thirty days required by the statute.

A plausible argument is made with regard to Defendant Page Brake's failure to join or consent in the removal. Although the parties agree that Page Brake did not officially join, the

8

1    Removing Defendants argue that Page Brake is "merely a nominal defendant, and is not a properly

2    served defendant" (Def. Honeywell's Opp'n., Docket No. 139, at 7:28-8:2), by virtue of Page

3    Brake's previous motion before the state court to dismiss the claims against it for lack of

4    jurisdiction.[3] Defendants further claim that, in any event, Page Brake has formally consented to the

5    removal.

6

7         It is clear to the Court that Page Brake's challenge to personal jurisdiction in state court

8    does not excuse it from the requirement that it consent or join in the removal.  Though Defendants

9    contend that Page Brake could not have joined in the removal without waiving its defense, this is

10   clearly not the case.  In Nevada, a defendant can now avoid waiver of a defense of lack of

11   jurisdiction merely by raising the defense in either an answer or pre-answer motion.  *See Hansen v.*

12   *Eighth Judicial Dist. Court ex rel. County of Clark*, 116 Nev. 650, 656, 6 P.3d 982, 985 (2000).

13   The Nevada Supreme Court has explicitly stated that a defense of lack of personal jurisdiction "is

14   not waived by being joined with one or more other defenses;" rather, the defense is only waived by

15   a failure to timely assert the defense.  *Id.*  While Defendant Honeywell does provide authority that a

16   party not properly served need not be joined in a petition for removal, Page Brake's challenge for

17   lack of jurisdiction does not actually assert that Page Brake was improperly served.  Rather, Page

18   Brake's motion before the state court to quash service of process merely claims a lack of personal

19   jurisdiction due to lack of contact with the forum state. (Def. Honeywell's Opp'n., Ex. D.)

20

21        Established case law since 1896 makes it clear that Defendant Page Brake could have joined

22   in the removal petition without waiving its challenge to personal jurisdiction in state court.  *See*

23

24

25   _____

     [3] This motion was made, but not heard or decided, prior to removal of the action to federal
     court.

9

1   *Wabash & Western Ry. v. Brow*, 164 U.S. 271, **279**, 17 S. Ct. 126, 128 (1896); *Employers Reins.*

2   *Corp. v. Bryant*, 299 U.S. 374, 376, 57 S. Ct. **273**, 274 (1937); *Hassler v. Shaw*, 271 U.S. 195, 199-

3   200, 46 S. Ct. 479, 480 (1926).  *See also* 14 C **Charles** Alan Wright et al., Federal Practice and

4   Procedure: Jurisdiction 3d § 3738 (3d ed. 1998).  The question before this Court is whether

5   Defendant Page Brake is excused from joining in the removal petition.  The Court concludes that it

6   is not.  The rule, as expressed by Ninth Circuit courts, is that all defendants who are properly joined

7
8   and served in the action[4] must join in the removal or consent to it in writing, with the exception of

9   defendants who are fraudulently joined[5] or who are nominal defendants.  *See Hewitt v. City of*

10  *Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).  There is no allegation that Page Brake was

11  fraudulently joined, and a defendant is only considered a nominal party "where his role is limited to

12  that of a stakeholder or depositary." *Id.* at 1232-33; *see also Emrich*, 846 F.2d at 1193 n.1; 28

13
14  U.S.C § 1446(b).  Therefore, Page Brake does not fall under any of the exceptions to the

15  requirement that it either consent or join in the removal, and it is clear that it did not join.  *See, e.g.,*

16  *McCurtain County Production Corp., v. Cowett*, 482 F. Supp. 809, 813 (E.D. Okla. 1978) (finding

17  case improperly removed due to failure of all defendants to join, even though the non-joining

18  defendants were of the opinion that joining would waive their personal jurisdiction defense).

19       Nonetheless, the removal may still be proper if Page Brake expressed explicit, written

20  consent, to removal.  *See Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999).  A

21
22  letter from Page Brake's counsel to Defendant Honeywell's counsel, states:

23

24       [4] *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988).

25       [5] *See id.* at 1193 n.1.

10

> We certainly support the concept and propriety of the removal of this case to Federal Court. However, we do not feel that it is necessary or appropriate for Page Brake to join in the Petition for Removal because it is not a party to the action. Furthermore, we feel that a joinder in a Petition for Removal may jeopardize the position of Page Brake with respect to its Motion to Quash Service and other proceedings in this case.

(Def. Honeywell's Opp., Ex. A.)  The parties disagree as to whether this letter should be construed as written consent for removal.  Page Brake attempts to clarify the situation by submitting a Declaration to this Court, which unequivocally states that the letter provided as an exhibit by Defendant Honeywell was intended to express consent to the removal.  (Def. Page Brake's Decl., Docket No. 156.)  It is clear that any ambiguity on Page Brake's part was due to counsel's misunderstanding that joining the removal would jeopardize Page Brake's standing to challenge personal jurisdiction, but this does not necessarily excuse Page Brake from providing explicit written consent within the thirty day time line.

Second, Plaintiff argues that the joinder of Ingersoll-Rand in Defendants' removal was untimely because, under the statute, the joinder must be filed within thirty days of receipt of the pleading which indicates that removal is possible.  Plaintiff contends that Ingersoll-Rand received Plaintiff's Opposition to the Newmont Defendants' motion for summary judgment on October 1, 2004.  If this is true, Ingersoll-Rand's joinder on November 2, 2004, was untimely.  However, the Court finds that there is sufficient evidence to establish that Ingersoll-Rand did not in fact receive the relevant pleading until October 4, 2004.[6]  Plaintiff asserts that the document was faxed to

---

[6] Defendant's arguments are supported by the following evidence: (1) Declaration of Jack G. Angaran, attached to Defendant Honeywell's Opposition (Docket No. 139) as Exhibit "E", states that Honeywell also did not receive the Plaintiff's Newmont MSJ Opposition until October 4; and (2) the Declaration of Eric D. Leitner, attached to Ingersoll-Rand Company's Opposition to Plaintiff's Motion

11

1   Ingersoll-Rand on October 1st, a Friday.  However, it is not disputed that the document was faxed

2   after business hours, and that the exhibits to the pleading were omitted in that fax.  Ingersoll-Rand

3   did not receive the entire document, if any of it, until October 4, 2004.  The procedural challenge,

4   therefore, does not appear meritorious.  Nonetheless, it is unnecessary to make a ruling on the

5   matter, as the Court finds in any event that it lacks subject matter jurisdiction over this case, as

6   discussed below.

7

8   **C. Availability of the Fraudulent Joinder Doctrine as Grounds for Removal**

9           As discussed previously, section 1446(b) allows removal of a case not initially removable

10  upon the occurrence of any event subsequent to filing that makes federal jurisdiction appropriate.

11  However, in applying this section, Courts have "imposed the 'voluntary/involuntary' rule, under

12  which an action not initially removable must remain in state court unless a "voluntary act" of the

13  plaintiff brings about a change that renders the case removable." *Simpson v. Union Pacific R. Co.*,

14  282 F. Supp. 2d 1151, 1158 (N. D. Cal. 2003) (quoting *California v. Keating*, 986 F.2d 346, 348

15  (9th Cir. 1993)).  Because of the voluntary/involuntary rule, Defendants cannot – and presumably

16  do not attempt to – assert that this case became removable solely by virtue of the state court's grant

17  of summary judgment in favor of the Newmont Defendants.  The grant of summary judgment was

18  not a voluntary act on the part of Plaintiffs and cannot serve as the basis for removal.  However,

19

20  Defendants remain entitled to argue and prove that this case is removable due to the fraudulent

21  joinder of the Newmont Defendants. *See id.*; *Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir.

22  1988).

23

24

25  _____

    for Remand (Docket No. 131).

                                    12

1    A fraudulent joinder "occurs when a plaintiff fails to state a cause of action against a

2  resident defendant, and the failure is obvious according to the settled rules of the state . . . ."

3  *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998).  The doctrine serves as an

4
   exception to the general rule that a court must rely solely on the face of the complaint to determine
5
   if complete diversity between the plaintiffs and defendants is present.  *Id.*  If a fraudulent joinder is
6
7  alleged, the defendant seeking removal is entitled to present the facts and submit evidence which

8  shows that the joinder is fraudulent.  *Id.* (citing *McCabe v. General Foods Corp.*, 811 F.2d 1336,

9  1339 (9th Cir. 1987); *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97-99, 42 S.Ct. 35, 37-38

10  (1921)).  In this case, however, the Removing Defendants present only the assertion that Plaintiff's

11
    Opposition to the Newmont Defendants' motion did not contain any facts or legal analysis which
12
    would establish a claim against the Newmont Defendants.  The Removing Defendants claim that
13
14  Plaintiff's Opposition:

15          abandoned all claims against Newmont, except for negligence and
            failure to warn.  Even with respect to these two remaining claims,
16          plaintiffs failed to note that, under Nevada law, a defendant's duty to
            warn exists only where there is a "special relationship" between the
17          parties, and the danger is foreseeable.  Furthermore, plaintiffs failed to
            cite the controlling, unfavorable case of *Sierra Pacific Power Co. v.*
18          *Rinehart*, 99 Nev. 557, 665 P.2d 270 (1983), which rejected the
            "doctrine of peculiar risk" as applied to situations where, as here, an
19          employer is in a better position to take special precautions to protect
            against any 'peculiar dangers.'  Tellingly, plaintiffs failed to adduce any
20          evidence whatsoever and did not present even one fact in support of their
            two remaining claims of negligence and failure to warn, in order to
21          demonstrate that there was any such 'special relationship' or 'peculiar
            danger.'
22
23
24  (Def. Honeywell's Opp'n., Docket No. 139, at 14:21-15:6.)

25          Initially, it is of little consequence that Plaintiff abandoned the majority of his claims against

13

the Newmont Defendants.  In order to establish that there has been no fraudulent joinder, a plaintiff

need only have one potentially valid claim against a non-diverse defendant.  *See, e.g. Gray v.*

*Beverly Enteprises-Mississippi*, 2004 WL 2526544, *10 (5th Cir. 2004) (citing *Green v. Amerada*

*Hess Corp.*, 707 F.2d 201, 208 (5th Cir.1983); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553,

1561 (11th Cir.1989)).  However, as to the claims not abandoned, this Court is in the interesting

position of being asked to determine whether the claims which were already dismissed by the state

court were obviously not viable according to well-settled rules of state law.  *Ritchey v. Upjohn Drug*

*Co.*, 139 F.3d 1313 (9th Cir. 1998).  Clearly, any alleged inadequacy on the part of Plaintiff's

briefing cannot constitute proof of a failure to state a viable claim.  Rather, it is the Removing

Defendants who carry the burden of establishing a failure to state a claim.  The Court's

responsibility is to consider legal arguments and factual evidence, presented by the Defendants, and

determine whether Plaintiffs had no claims against the non-diverse Defendants as a matter of well-

settled law.  Because a joinder may only be considered fraudulent if there was a failure to state a

claim as a matter of well-settled law, then a state court grant of summary judgment deciding a new

or controversial question of law would not support a finding of fraudulent joinder.  *See, e.g., Leong*

*v. Taco Bell Corp.*, 991 F. Supp. 1237, 1239 (D. Or. 1998).[7]  Moreover, if the facts alleged by

Plaintiff and proven by Defendant, when considered together in the light most favorable to the

Plaintiff, would have survived a motion for dismissal pursuant to Federal Rule of Civil Procedure

---

[7] In *Leong*, the court did not find a fraudulent joinder.  Rather, the court found remand proper, noting that the state court's dismissal of the non-diverse defendant did not compel the federal court to conclude that there was "*no possibility*" that the state court [could have ruled] otherwise."  *Id.*

14

12(b)(6), then removal based on fraudulent joinder is not appropriate. *See Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975) (stating that "[i]nasmuch as appellant's case against the individual defendants was sufficient to withstand a dismissal motion under Fed.R.Civ.P. 12(b)(6), the joinder of claims against them was not fraudulent so as to warrant dismissal on that score.").[8]

Defendants have not briefed this Court with regard to the "well-settled" nature of the law on which the state court relied in granting summary judgment in favor of the Newmont Defendants. Defendants also fail to establish that Plaintiffs could not have survived a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), nor do they present certain facts which would permit this Court to enter into a more detailed analysis of the law.

Although Defendants do not adequately brief this Court with regard to whether or not the issue of law on which the state court granted summary judgment was "well-settled," the Court has considered the state court's opinion carefully. The decision primarily relies on a 1983 case where a landowner-contractee was sued by an employee of the landowner's contractor while working on a job on the property. *See Sierra Pacific Power Co. v. Rinehart*, 665 P.2d 270, 99 Nev. 557 (holding that a landowner owed no duty of care to a contractor's employee in the situation posed by the parties). This Court notes, however, that several similar cases exist which are more recent, and which are either distinguished from *Rinehart*, or discuss facts which would permit a distinction from *Rinehart*. *See, e.g., Littlefield v. U.S.*, 927 F.2d 1099, 1104 (9th Cir. 1991), *cert. denied*, 112 S. Ct. 299 (1991) (implying that a distinction might be present where the employer was in a better position than the contractor to anticipate dangers and implement precautions, or where there was a

---

[8] *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1319 (9th Cir. 1998) also cites *Sessions* for this proposition.

question as to the competency or solvency of the independent contractor); *Karadanis v. Newcomb*, 698 P.2d 872, 874, 101 Nev. 196, 199 (1985) (holding that a landowner may be liable for injuries to an independent contractor's employee if the hazardous condition was not "open and obvious," if the condition was not a necessary consequence of the construction, and if the landowner maintained possession and control of the premises); *Sims v. General Tel. & Elec.*, 815 P.2d 151 (Nev. 1991). *See generally, Graham v. U.S.*, 29 F.3d 632, 1994 WL 330308, *2 (9th Cir. 1994) (noting several possible distinctions regarding the precedent set in *Rinehart*). Defendants' opposition to the remand has not mentioned these cases, nor have they briefed this Court regarding whether it is well-settled that a case for liability could not be made based on these precedents. Moreover, it appears that the decision of the state court in granting summary judgment relied on evidence of facts, or a lack of such evidence. (Pl.'s Reply, Ex. 2 at 9:19-20.) It would be inappropriate for this Court to find fraudulent joinder based on the insufficiency of evidence to survive the Newmont Defendants' motion to dismiss, as it is the Removing Defendants who have the heavy burden in this matter and must establish the facts which evidence a fraudulent joinder. *Plute v. Roadway Package System, Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). *See also Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116 (N.D. Cal. 2002).

Claims for fraudulent joinder are reviewed on a standard similar to or more lenient than the standard for motions to dismiss. *Sessions v. Chrysler Corp.*, 517 F.2d 759, 761 (9th Cir. 1975) (noting that to the extent appellant's case could withstand a motion to dismiss, the joinder of claims

16

against Defendants was not fraudulent)[9]; *Bertrand v. Aventis Pasteur Labs., Inc.*, 226 F. Supp. 2d 1206, 1213 (D. Ariz. 2002) (noting that the standard for fraudulent joinders is more lenient than that employed in motion to dismiss inquiries). *See also supra* note 8. In sum, because the expressed standard for fraudulent joinder is whether there is any possibility that a claim can be stated against the allegedly "sham" defendants, *see Ritchey, supra,* 139 F.3d at 1318; *McCabe, supra,* 811 F.2d at 1339, the standard is necessarily similar to that of motions to dismiss, with two exceptions: (1) this Court may pierce the pleadings to make factual determinations, and (2) the Court may not make final determinations with regard to questions of state law that are not well-settled.[10] As it is clear from the case law cited above, it is possible to establish liability against an employer of a contractor. Plaintiff's complaint, therefore, pleads sufficient facts to survive a motion to dismiss. Defendants have not provided this Court with any evidence to "pierce the pleadings" and allow a more detailed analysis of the law as it is relevant to the facts of this case. Though Defendants are entitled to make a showing of facts which indicate a fraudulent joinder, Defendants have not done so. Rather, the

---

[9] *See also See, e.g., Mayes v. Rapoport,* 198 F.3d 457, 466 (4th Cir. 1999) ("we review claims for fraudulent joinder under a standard more lenient than that for a motion to dismiss"); *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (noting that the applicable standard for resolving fraudulent joinder claims bears some similarity to that employed in motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), though the scope of inquiry is broader as the court may pierce the pleadings to examine factual evidence).

[10] The Ninth Circuit has previously indicated that a defendant is not fraudulently joined if there is either a factual or legal uncertainty regarding the claims against him. *See Smith v. Southern Pacific Co.*, 187 F.2d 397, 402 (9th Cir. 1951) ("The necessity of establishing in the complaints the relationship of the defendants, in this case an employment relationship, is at best a doubtful question of state law which should be tried in the state court and not determined in removal proceedings"). Federal district courts are not entitled to determine uncertain issues of law in order to ascertain whether there has been a fraudulent joinder, as those such issues must be determined in state court. *See e.g., Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983) ("if there is even a possibility that a state court would find a cause of action stated . . . then the federal court must [remand]").

17

1  Removing Defendants rely on the previous state court decision and the alleged inadequate briefing

2  of Plaintiff's Opposition.  This form of argument impermissibly shifts the burden of proof to the

3  Plaintiff.

4       Defendant's opposition to remand concludes that "by failing to produce any Nevada law or

5  evidence showing any legally cognizable duty of due care, plaintiffs failed to state a cause of action

6  against Newmont, and the failure is obvious according to settled rules of Nevada law."  (Def.

7  Honeywell's Opp'n. at 20:4-7).  However, it is the Defendants, and not Plaintiff, who carry the

8  burden in this matter.  The Court is obligated to strictly construe the removal statute against

9  removal, *Harris v. Provident Life & Acc. Ins. Co.,* 26 F.3d 930, 932 (9th Cir. 1994), and "[f]ederal

10 jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."

11 *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.,*

12 592 F.2d 1062, 1064 (9th Cir.1979)).  *See also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100,

13

14 61 S.Ct. 868 (1941).  Accordingly, the Court must resolve all material ambiguities in state law in

15 the Plaintiff's favor.  Given the lack of any evidence which would help determine the law applicable

16

17 to this case, the Court finds that it must remand for lack of subject matter jurisdiction.

18       Further, the Court has noticed a further procedural problem not briefed by the parties, which

19 bears discussing.  As noted earlier, 28 U.S.C. § 1446 provides defendants an opportunity to remove

20 a case either at the time the complaint is served; or, if the case does not appear removable based on

21 the complaint, at the time defendants receive a pleading that alerts them to the removability of the

22 case.  In examining for removability, the Court must determine the merits of Plaintiff's alleged

23

24 causes of action.  *Ritchey v. Upjohn Drug Co.,* 139 F. 3d 1313, 1318 (9th Cir. 1998) (citing *Gould,*

25

790 F.2d at 773). Ordinarily, the Court will rely solely on the allegations in the plaintiff's

complaint and other pleadings to make this determination. *Id.* However, courts have made an

exception to this general rule, with regard to fraudulent joinder, as Defendants alleging a fraudulent

joinder are permitted to make a showing of facts indicating fraudulent joinder. *Id.* (citing *McCabe,*

811 F.2d at 1339). Therefore, both the law relevant to the claims, as stated by the Plaintiff, and the

facts of the case, as uncovered through discovery, are important to an analysis of whether fraudulent

joinder exists. It stands to reason, then, that if defendants do not remove a case within thirty days of

the initial filing of the complaint, any subsequent removal based on fraudulent joinder, and

effectuated pursuant to the second paragraph of section 1446, will be as a result of the defendants'

awareness of facts, previously unknown, which change the legal scenario portrayed in the

complaint. Here, Defendants argue that Plaintiff's Opposition pleading put them on notice of

removability for the first time because the pleading did not allege any facts or relevant law to

support the Plaintiff's claims against the Newmont Defendants. However, it is Defendants'

responsibility to analyze the facts and law as alleged in the original complaint to determine whether

the suit is removable. While the subsequent discovery that certain facts alleged in the complaint are

untrue may be grounds for removing a case at a later date,[11] Defendants cannot justify removal

based on Plaintiff's failure to establish a more factually or legally compelling case than the case

alleged in the initial pleading. Rather,

---

[11]  *See, e.g., Insinga v. LaBella*, 845 F.2d 249, 254 (11th Cir. 1988) (holding that fraudulent joinder required a finding that either there was "no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject that resident defendant to the jurisdiction of the state court").

19

> Where the initial pleading is indeterminate, absent fraud by the plaintiff or pleadings that provide "no clue" that the case is not "not removable," the burden is on the defendants desiring removal to scrutinize the case and to remove it in a timely fashion. The rule is not unduly harsh on the defendants. In effect, the defendants are put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove. It is a burden that rightly rests on the defendants because they are the ones who seek access to a court of limited jurisdiction.

*Krantz v. Boneck*, 599 F. Supp. 785, 787-88 (D. Nev. 1984) (holding that removal under the second paragraph of § 1446(b) did not apply, and Defendants therefore had removed outside of the thirty day time period triggered at the time of service of the complaint).

In the present case, Defendants claim that they were not notified by the initial Complaint that the case was removable. Indeed, the Court agrees that it is possible that Defendants, at some point, became aware of facts not provided in the Complaint, which indicated removability of the case. However, at whatever point this may or may not have happened, the Court is convinced that it did not occur, as Defendants claim, at the time of the filing of Plaintiff's pleading opposing the Newmont Defendants' motion for summary judgment. As acknowledged by the Removing Defendants, the Opposition does not provide any further legal support for Plaintiff's claims than what is provided in the original Complaint. The Opposition also does not allege additional or different supporting *facts* from those alleged in the Complaint. Therefore, whatever it was that may have given Defendants notice of the removability of this action, it could not have been Plaintiff's Opposition, because the pleading does not tell Defendants any relevant information regarding removability that cannot also be gleaned from the initial Complaint. Consequently, the Opposition cannot constitute grounds for removability under the second paragraph of § 1446(b). For this

20

1  reason, while the Court finds that it has no subject matter jurisdiction to hear this case, it also

2  concludes that the removal is procedurally defective due to untimeliness.

3                                            **CONCLUSION**

4          It is therefore ORDERED that Plaintiff's Motion for Judicial Notice (Docket No. 97) is

5
6  DENIED in-part and GRANTED in-part, as set forth in this order;

7          It is further ORDERED that Plaintiff's Motion for Remand (Docket No. 97) is GRANTED;

8          As a housekeeping matter, it is further ORDERED that Plaintiff's application for an order

9  expediting his motion to remand and hearing (Docket No. 98) is DENIED as moot.

10         IT IS SO ORDERED.

11         DATED this **23rd** day of February, 2004.

12

13

14                                         _____
                                           LARRY R. HICKS
15                                         UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

                                              21