

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## M.D.L. DOCKET NO. 875 (ASBESTOS)

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA



| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION COPANY, AS CORPORATE SUCCESSOR TO THE OWNER AND OPERATOR OF THE JOHN HAYWARD IN A CAUSE OF ACTION FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * * * * * * * * | CIVIL ACTION  NO. 04-1,554  SECTION J – JUDGE BARBIER  MAG. DIV. 5 – MAG. J. CHASEZ |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MOTION TO TRANSFER TO M.D.L. 875

Plaintiff, Murphy Exploration & Production Company ("Murphy"), submits that this action is a "tag along" action under Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and that transfer to Multidistrict Litigation number 875 (asbestos) is appropriate pursuant to 28 U.S.C. § 1407(c)(ii), as is more fully explained in the accompanying memorandum.

Accordingly, Murphy prays that the Panel transfer this suit for consolidation with Multidistrict Litigation number 875 (asbestos) in the Eastern District of Pennsylvania.

**OFFICIAL FILE COPY**
IMAGED MAR 1 1 2005

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

_____
JAMES H. DAIGLE (NO. 4,455)
DWIGHT C. PAULSEN III (NO. 19,729)
DAVID E. REDMANN, JR. (NO. 23,267)
ROBERT S. EMMETT (NO. 23,725)
TERRANCE A. PROUT (NO. 27,043)
THOMAS A. PORTEOUS (NO. 27,039)
601 Poydras St., Suite 2100
New Orleans, LA  70130-6097
(504) 586-1241

Attorneys for
Murphy Exploration & Production Company

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this ___8___ day of _March_____ 2005.

_____

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 MAR -8  A 9: 40

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

M.D.L. DOCKET NO. 875 (ASBESTOS)


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| MURPHY EXPLORATION & | * | CIVIL ACTION |
| PRODUCTION COPANY, AS | | |
| CORPORATE SUCCESSOR TO | * | NO. 04-1,554 |
| THE OWNER AND OPERATOR | | |
| OF THE JOHN HAYWARD IN | * | SECTION J – JUDGE BARBIER |
| A CAUSE OF ACTION FOR | * | |
| EXONERATION FROM OR | * | MAG. DIV. 5 – MAG. J. CHASEZ |
| LIMITATION OF LIABILITY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *


## MEMORANDUM IN SUPPORT OF
## MOTION TO TRANSFER TO M.D.L. 875

MAY IT PLEASE THE PANEL:

### 1.

For the purposes of this action, Murphy Exploration & Production Company

("Murphy") is the successor to Ocean Drilling & Exploration Company and ODECO,

Inc. (collectively "ODECO").

### 2.

At all relevant times, ODECO owned and operated the drilling rig *John*

*Hayward* ("the vessel"), a vessel in navigation.

3.

Beginning on July 30, 1965, ODECO employed Jean Minas Baudoin as a Jones Act seaman aboard the rig, and he served continuously thereon until ODECO sold the vessel in 1987.

4.

On March 23, 2004, Baudoin filed "the *Baudoin* action" in state court.[1] There he alleges that he contracted mesothelioma as a result of, among other things, exposure to asbestos that occurred while he was working on the vessel.

5.

In response to the *Baudoin* action, on June 3, 2004, Murphy filed this action, seeking exoneration from, or alternately limitation of, liability.[2] The complaint in this action is attached as Exhibit 1, and attached to the complaint as Exhibit B is the petition in the *Baudoin* action.

6.

Although technically this action is an admiralty limitation of liability proceeding instead of a personal injury action, as a practical matter, the issues that this action will resolve will dispose of, via res judicata or collateral estoppel, the majority of the issues, and all of the complex issues, in the *Baudoin* action.

---

[1] *Jean Minas Baudoin et ux. v. Union Carbide Corp. et al.*, Civil District Court for Parish of Orleans, State of Louisiana, number 04-4,423.
[2] See 46 U.S.C. §§ 183-89.

7.

Specifically, the issues in this suit are very similar to issues in a garden variety asbestos personal injury suit. Baudoin's claims against Murphy are garden-variety Jones Act claims. To recover, he must prove that negligence or the vessel's unseaworthiness caused his disease. These issues are exactly the issues that the Court must address first in the limitation proceeding. As one court succinctly explained, "LOL [Limitation of Liability] proceedings lend themselves to a bifurcated analysis. First, the court must determine whether negligence or unseaworthiness caused the accident."[3] Moreover, quantification of damages can be part of a limitation proceeding.[4] These issues in this limitation action turn on the exact same discovery, evidence, and legal analyses that applies to the thousands of Jones Act claims that the Panel has already transferred for consolidated pretrial proceedings.

8.

Therefore, this action is clearly a "pending federal district court action[ ] not [now] in trial involving allegations of personal injury or wrongful death caused by asbestos" subject to transfer to the asbestos M.D.L.[5]

---

[3] *Carr v. PMS Fishing Corp.*, 191 F.3d 1, 4 (1st Cir. 1999).
[4] See, e.g., *Complaint of Uncle Sam of '76, Inc.*, 928 F. Supp. 64 (D. Mass. 1996).
[5] Seen *In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415, 416 (J.P.M.L. 1991).

9.

The Panel has authority to "transfer[ ] to any district for coordinated or consolidated pretrial proceedings" "civil actions involving one or more common questions of fact [that] are pending in different districts."[6]

10.

There no obstacle to the Panel consolidating a limitation of liability action with tort actions. On the contrary, the Panel has done it before. In *In re Oil Spill by "Amoco Cadiz"*,[7] the Panel consolidated a shipowner's limitation of liability action[8] with a government's property damage tort action;[9] two property damage and business loss tort actions by local governments, trade associations, and interest groups;[10] a business loss and loss of enjoyment class action;[11] and a breach of contract and breach of warranty action.[12] Thus, the Panel consolidated a limitation of liability action with various tort actions and a contract action.

11.

Given the issues that this action presents, the issues in the actions already part of M.D.L. 875, and the Panel's precedent, there is no principled reason why this action should be treated any differently from the other actions that comprise M.D.L. 875.

---

[6] 28 U.S.C. § 1407(a).
[7] 471 F. Supp. 473 (J.P.M.L. 1979).
[8] *Id.* at 475 (discussing the Northern District of Illinois action).
[9] *Id.* at 475-476 (discussing "the *France* action").
[10] *Id.* at 476-77 (discussing "the *Conseil General* New York action" and "the *Conseil General* Virginia action").
[11] *Id.* at 476 (discussing "the class action").

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 11 2005

FILED
CLERK'S OFFICE

12.

Accordingly, Murphy submits that the Panel should order this action transferred to the Eastern District of Pennsylvania for coordinated pre-trial proceedings with the other actions that comprise M.D.L. 875.

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

_____

JAMES H. DAIGLE (NO. 4,455)
DWIGHT C. PAULSEN III (NO. 19,729)
DAVID E. REDMANN, JR. (NO. 23,267)
ROBERT S. EMMETT (NO. 23,725)
TERRANCE A. PROUT (NO. 27,043)
THOMAS A. PORTEOUS (NO. 27,039)
601 Poydras St., Suite 2100
New Orleans, LA 70130-6097
(504) 586-1241

Attorneys for
Murphy Exploration & Production Company

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this ____2____ day of ___March___ 2005.

_____

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

2005 MAR -8 A 9: 40

RECEIVED
CLERK'S OFFICE

---

[12] *Id.* at 476-77 (discussing "the *Amoco* action").

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

M.D.L. DOCKET NO. 875 (ASBESTOS)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & | * | CIVIL ACTION |
| PRODUCTION COPANY, AS | | |
| CORPORATE SUCCESSOR TO | * | NO. 04-1,554 |
| THE OWNER AND OPERATOR | | |
| OF THE JOHN HAYWARD IN | * | SECTION J – JUDGE BARBIER |
| A CAUSE OF ACTION FOR | * | |
| EXONERATION FROM OR | * | MAG. DIV. 5 – MAG. J. CHASEZ |
| LIMITATION OF LIABILITY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

## MULTI DISTRICT LITIGATION RULE 7.2(a)(ii) SCHEDULE

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Murphy

Exploration & Production Company, which, pursuant to Multi District Litigation

Rule 7.2(a)(ii) provides the following information:

a)   Name of Each Action Involved:

1)   *Murphy Exploration & Production Company, as corporate*

*successor to and owner and operator of the John Hayward in a*

*cause of action for exoneration from or limitation of liability.*

b)   Name of Parties and Counsel:

RECEIVED
CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
'05 MAR -8 A 9: 40

1. Claimants Jean Minas Baudoin and Claudette Nugier Baudoin:

   Sandra A. Jelks, Esq.
   LeBlanc & Waddell
   5353 Essen Lane, Suite 420
   Baton Rouge, Louisiana  70809

2. Claimant Union Carbide Corporation:

   Michelle Allen-Hart, Esq.
   Abbott Simses & Kuchler
   400 Lafayette Street
   Suite 200
   New Orleans, LA  70130

3. Claimant Sulzer Pumps, Inc.:

   Christopher M. Guidroz, Esq.
   Simon, Peragine, Smith &
     Redfearn, L.L.P.
   30th Floor, Energy Centre
   1100 Poydras Street
   New Orleans, LA   70163-3000

4. Claimant Fairbanks Morse Pump:

   Glen L. M. Swetman, Esq.
   Aultman, Tyner & Ruffin, Ltd.
   400 Poydras St., Suite 1900
   New Orleans, LA  70130

5. Claimant McCarty Corporation:

   Susan B. Kohn, Esq.
   Simon, Peragine, Smith & Redfearn, L.L.P.
   1100 Poydras St., Suite 3000
   New Orleans, LA  70163-3000

6. Claimant Taylor Siedenbach:

   C. Kelly Lightfoot, Esq.
   Hailey, McNamara, Hall,
   Larmann & Papale
   One Galleria Blvd., Suite 1400
   Post Office Box 8288
   Metairie, LA 70011-8288

7. Claimant Ingersoll-Rand, Company:

   Ben L. Mayeaux, Esq.
   LaBorde & Neuner
   Post Office Drawer 52828
   One Petroleum Center, Suite 200
   Lafayette, LA 70505-2828

8. Claimant Freeport-McMoran Energy, L.L.C.:

   Jill Losch, Esq.
   Liskow & Lewis
   One Shell Square, 50th Floor
   New Orleans, LA 70139-5001

9. Claimant Caterpillar, Inc.:

   Eric Shuman, Esq.
   McGlinchey Stafford, P.L.L.C.
   643 Magazine Street
   New Orleans, LA 70130

10. Claimant Reilly-Benton Company, Inc.:

   Ann Marie Sico, Esq.
   Bernard, Cassisa, Elliot & Davis
   1615 Metairie Road
   Metairie, LA 70055-5490

11. Plaintiff Murphy Exploration & Production Company:

   Robert S. Emmett
   Lemle & Kelleher, L.L.P.
   601 Poydras St., Suite 2100
   New Orleans, LA 70130-6097

b)    District Court and Division:

    1)    United States District Court for the Eastern District of Louisiana, No. 04-1554;

    2)    Section "J", Magistrate Division 5.

c)    Name of Judge Assigned:

    1)    District Judge, Carl J. Barbier;

    2)    Magistrate Judge Alma L. Chasez

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

JAMES H. DAIGLE (NO. 4,455)
DWIGHT C. PAULSEN III (NO. 19,729)
DAVID E. REDMANN, JR. (NO. 23,267)
ROBERT S. EMMETT (NO. 23,725)
TERRANCE A. PROUT (NO. 27,043)
THOMAS A. PORTEOUS (NO. 27,039)
601 Poydras St., Suite 2100
New Orleans, LA 70130-6097
(504) 586-1241

Attorneys for
Murphy Exploration & Production Company

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this _____ day of ___March___ 2005.

RECEIVED
CLERK'S OFFICE
2005 MAR -8 A 9: 41
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

M.D.L. DOCKET NO. 875 (ASBESTOS)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & | * | CIVIL ACTION |
| PRODUCTION COPANY, AS | | |
| CORPORATE SUCCESSOR TO | * | NO. 04-1,554 |
| THE OWNER AND OPERATOR | | |
| OF THE JOHN HAYWARD IN | * | SECTION J – JUDGE BARBIER |
| A CAUSE OF ACTION FOR | * | |
| EXONERATION FROM OR | * | MAG. DIV. 5 – MAG. J. CHASEZ |
| LIMITATION OF LIABILITY | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * *

## REASONS WHY ORAL ARGUMENT NEED NOT BE HEARD

**MAY IT PLEASE THE PANEL:**

Plaintiff, Murphy Exploration & Production Company ("Murphy"), does not believe that oral argument would be helpful in the instant matter. Further, attending a hearing before the Panel would be an imposition on counsel and an unneeded expense for the parties considering the distance counsel would be compelled to travel to attend a hearing. Therefore, Murphy does not request oral argument on its motion.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 MAR - 8   A 9 41

RECEIVED
CLERK'S OFFICE

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

_____

JAMES H. DAIGLE (NO. 4,455)
DWIGHT C. PAULSEN III (NO. 19,729)
DAVID E. REDMANN, JR. (NO. 23,267)
ROBERT S. EMMETT (NO. 23,725)
TERRANCE A. PROUT (NO. 27,043)
THOMAS A. PORTEOUS (NO. 27,039)
601 Poydras St., Suite 2100
New Orleans, LA 70130-6097
(504) 586-1241

Attorneys for
Murphy Exploration & Production Company

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record and to the Clerk of Court for the United States District Court for the Eastern District of Louisiana by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this _____ day of ___March_____ 2005.

_____

555617

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

M.D.L. DOCKET NO. 875 (ASBESTOS)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION COMPANY, AS CORPORATE SUCCESSOR TO THE OWNER AND OPERATOR OF THE JOHN HAYWARD IN A CAUSE OF ACTION FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | CIVIL ACTION<br><br>NO. 04-1,554<br><br>SECTION J – JUDGE BARBIER<br><br>MAG. DIV. 5 – MAG. J. CHASEZ |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

Undersigned counsel certifies that the following counsel were served with Motion to Transfer to MDL 875, Memorandum in Support of Motion to Transfer to MDL 875, Corporate Disclosure Statement of Murphy Exploration & Production Company, Multi-District Rule 7.2(a)(II) Schedule, and Reasons Why Oral Argument Need Not be Heard via U.S. Mail on March 10, 2005:

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
**Lead Counsel for Defendants (in the Seamen Cases)**

Edward J. Cass, Esq.
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115
**Counsel for Goodall Defendants**

Adam N. Chud, Esq.
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
**JPML Service Counsel for Center for Claims Resolution**

David A. Damico, Esq.
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania 15212
**Counsel for Fela Defendants**

Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106-2574
**Counsel for Fela Plaintiffs**

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, Pennsylvania 19103
**National Counsel**

Susan M. Hansen, Esq.
Brownson & Baltou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, Minnesota 55402
**National Counsel**

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Akron, Ohio 44308-1314
**National Counsel**

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
**Counsel for Peripheral Defendants**

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, Pennsylvania 19102
**Plaintiffs' Liaison Counsel**

Ronald L. Motley, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29264
**Plaintiffs' Liaison Counsel**

John J. Repcheck, Esq.
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania 15219
**Counsel for Peripheral Defendants**

2

John D. Roven, Esq.
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, Texas 77018
***Counsel for Fela Plaintiffs***

Richard D. Schuster, Esq.
Vory's Sater, Seymour & Pease, LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216
***National Coordinating Counsel for B. F.***
***Goodrich Co.***

Neil Selman, Esq.
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California 90025
***National Counsel***

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & spinelli, LLP
Centre Square West
15th Floor
Philadelphia, Pennsylvania 19102
***Defendants Liaison Counsel***

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, Michigan 48226
***National Counsel***

Andrew J. Trevelise, Esq.
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania 19103
***Defendants' Liaison Counsel***

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N.E.
Post Office Box 998
Cedar Rapids, Iowa 52406
***National Counsel for Raymark Industries,***
***Inc.***

Undersigned counsel certifies that the following counsel were served with Motion to Transfer to MDL 875, Memorandum in Support of Motion to Transfer to MDL 875, Corporate Disclosure Statement of Murphy Exploration & Production Company, Multi-District Rule 7.2(a)(II) Schedule, and Reasons Why Oral Argument Need Not be Heard via U.S. Mail on March 2, 2005:

Sandra A. Jelks, Esq.
LeBlanc & Waddell, L.L.C.
5353 Essen Ln., Suite 430
Baton Rouge, LA 70809
***Counsel for Claimants Jean Minas***
***Baudoin and Claudette Nugier Baudoin***

Ann Marie Sico, Esq.
Bernard, Cassisa, Elliot & Davis
1615 Metairie Road
Metairie, LA 70055-5490
***Counsel for Claimant, Reilly-Benton***
***Company, Inc.***

Christopher M. Guidroz, Esq.
Mr. James R. Guidry
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA 70163-3000
*Counsel for Claimant, Sulzer Pumps, Inc.*

Glen L. M. Swetman, Esq.
Aultman, Tyner & Ruffin, Ltd.
400 Poydras St., Suite 1900
New Orleans, LA 70130
*Counsel for Claimant, Fairbanks Morse Pump*

Susan B. Kohn, Esq.
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA 70163-3000
*Counsel     for     Claimant,     McCarty Corporation*

Eric Shuman, Esq.
McGlinchey Stafford, P.L.L.C.
643 Magazine St.
New Orleans, LA 70130
*Counsel for Claimant, Caterpillar, Inc.*

Michelle Allen-Hart, Esq.
Abbott Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130
*Counsel for Claimant, Union Carbide Corporation*

C. Kelly Lightfoot, Esq.
Hailey, McNamara, Hall,
Larmann & Papale
One Galleria Blvd., Suite 1400
Post Office Box 8288
Metairie, LA 70011-8288
*Counsel for Claimant, Taylor Siedenbach*

Ben L. Mayeaux, Esq.
LaBorde & Neuner
Post Office Drawer 52828
One Petroleum Center, Suite 200
Lafayette, LA 70505-2828
*Counsel   for   Claimant,   Ingersoll-Rand Company*

Jill Losch, Esq.
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001
*Counsel for Claimant, Freeport-McMoran Energy, L.L.C.*

4

Respectfully submitted,

LEMLE & KELLEHER, L.L.P.

JAMES H. DAIGLE (NO. 4,455)
DWIGHT C. PAULSEN III (NO. 19,729)
DAVID E. REDMANN, JR. (NO. 23,267)
ROBERT S. EMMETT (NO. 23,725)
TERRANCE A. PROUT (NO. 27,043)
THOMAS A. PORTEOUS (NO. 27,039)
601 Poydras St., Suite 2100
New Orleans, LA 70130-6097
(504) 586-1241

Attorneys for
Murphy Exploration & Production Company

## CERTIFICATE OF SERVICE

The foregoing was served pursuant to Panel Rule 5.2 on all parties or their attorneys of record by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this _____ day of _____ March _____ 2005.



JUDICIAL PANEL ON
MULTIDISTRICT LI...

FILED MAR 11 2005
U.S. DISTRICT COURT
EASTERN DISTRICT    FILED
CLERK'S OFFICE

2004 JUN -3 PH 1:46

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MURPHY EXPLORATION & PRODUCTION COMPANY, AS CORPORATE SUCCESSOR TO THE OWNER AND OPERATOR OF THE *JOHN HAYWARD* IN A CAUSE OF ACTION FOR EXONERATION FROM, OR LIMITATION OF LIABILITY** | **CIVIL ACTION NO.** 04-1554 **SECTION** **JUDGE** SECT. J MAG. 5 **MAGISTRATE JUDGE** |

## COMPLAINT

The Complaint of Murphy Exploration & Production Company, appearing through

undersigned counsel, in a cause of exoneration from, or limitation of, liability, civil and

maritime, respectfully represents on information and belief as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.  Jurisdiction may be properly exercised by this Court

pursuant to the  admiralty and maritime jurisdiction of the United States District Court,

28 U.S.C. § 1333.

Fee 150.
Process
X  Dktd Caq
CtRmDep
Doc. No. 1

**EXHIBIT**
1

1

II.

A lawsuit was filed in Civil District Court for the Parish of Orleans on March 23, 2004 bearing Docket #04-4423, and entitled *Jean Minas Baudoin and Claudette Nugier Baudoin v. Union Carbide Corporation, et al*, which "mistakenly" names Murphy Exploration & Production Company f/k/a ODECO Oil & Gas Company as a defendant, which Court is within the jurisdiction of the Eastern District of Louisiana.  Murphy Exploration and Production Company was never formerly known as ODECO Oil and Gas Company.

III.

Beginning on July 30, 1965, Jean Minas Baudoin was employed by Ocean Drilling & Exploration Company, as a Jones Act seaman aboard the drilling rig *JOHN HAYWARD*, a vessel in navigation owned and operated by Ocean Drilling & Exploration Company, and served continuously thereon until the vessel was sold in 1987.

IV.

On August 1, 1974 a corporate reorganization placed all contract drilling assets, including the *JOHN HAYWARD*, and contract drilling employees, including Jean Minas Baudoin, in a wholly owned subsidiary, ODECO, Inc.  All production assets, not including the *JOHN HAYWARD*, and all production employees, not including Jean Minas Baudoin, were placed in a wholly owned subsidiary, ODECO Oil & Gas Company.  The administrative functions of the group of companies remained in or with the parent

2

510467_1

corporation, Ocean Drilling & Exploration Company. That corporate structure remained in place until Jean Minas Baudoin's resignation from employment with ODECO, Inc. on February 13, 1987.

V.

From August 1, 1974, the effective date of the corporate reorganization, until his resignation from employment of February 13, 1987, Jean Minas Baudoin was employed by ODECO, Inc., a wholly owned subsidiary of Ocean Drilling and Exploration Company.

VI.

On February 23, 1987, ODECO, Inc., sold the *JOHN HAYWARD* to T. W. Scrap Steel Corp., with no freight pending, for $50,000.00 (See attached Bill of Sale, attached hereto as Exhibit "A").

VII.

On December 31, 1989, ODECO, Inc. was renamed Old ODECO, Inc. and all ODECO Oil & Gas Company assets were contributed to Old ODECO, Inc.

VIII.

On December 31, 1990 Old ODECO, Inc. was renamed ODECO Oil & Gas Company.

3

IX.

On August 15, 1991, Ocean Drilling & Exploration was renamed Murphy Exploration & Production Company.

X.

On December 31, 1991, ODECO Oil & Gas Company contributed all contract drilling assets and stock shares of contract drilling subsidiaries to ODECO Drilling, Inc. in anticipation of the sale of ODECO Drilling, Inc. to Diamond M. Corporation.

XI.

Effective January 1, 1992, Diamond M. Corporation acquired one hundred (100%) percent of all contract drilling assets and the stock of ODECO Drilling, Inc. from ODECO Oil & Gas Company.

XII.

Effective January 1, 1992, ODECO Oil & Gas Company retained all of its production assets, all of its production employees, all liabilities of its own, and all liabilities of its corporate predecessors, ODECO, Inc., Old ODECO, Inc., and ODECO Drilling, Inc.

XIII.

Effective July 31, 1992, ODECO Oil & Gas Company merged into Murphy Exploration & Production Company, which then owned all production assets, employed

4

all production workers, and assumed all liabilities of ODECO Oil & Gas Company, ODECO, Inc., Old ODECO, Inc., and ODECO Drilling, Inc.

### XIV.

Plaintiff, Murphy Exploration & Production Company, at all times herein mentioned, was and is a corporation existing under and by virtue of the laws of the State of Delaware. At all times pertinent to the allegations contained in the petition filed in Civil District Court for the Parish of Orleans, (attached hereto as Exhibit "B"), Murphy Exploration & Production Company, through a series of corporate restructuring and reorganizations became the corporate successor to ODECO, Inc., the registered owner and/or operator of the *JOHN HAYWARD* during Jean Minas Baudoin's employment thereon by ODECO, Inc.

### XV.

Plaintiff's corporate predecessor, ODECO, Inc., at all times used due diligence to make such vessel seaworthy, and at the times hereafter described, the *JOHN HAYWARD* was tight, staunch, strong, fully and properly manned, equipped, and supplied, and in all respects seaworthy and fit for the services in which it was engaged. At all times relevant hereto, the *JOHN HAYWARD* was afloat on the navigable waters of the United States.

5

510467_1

### XVI.

Jean Minus Baudoin and Claudette Nugier Baudoin allege that they have sustained injuries including, but not limited to, exposure to asbestos, asbestos related diseases and loss of consortium.

### XVII.

Plaintiff avers that claims arising out of the ownership of or operation of the *JOHN HAYWARD* through its former subsidiary, ODECO, Inc., have been made against it, or its related entities, owners or directors, and based on this, Plaintiff files the instant proceeding.

### XVIII.

Plaintiff denies that there was any unseaworthy condition aboard the *JOHN HAYWARD* which caused or contributed to the alleged injuries of Jean Minas Baudoin or Claudette Nugier Baudoin.  Plaintiff further denies that it or its corporate predecessors, or the *JOHN HAYWARD,* or any other person or property for whom it may be responsible, are in any way negligent or are liable to any extent in the premises.  Plaintiff specifically denies any and all liability for the damages alleged and suggests that the damages resulted from the negligence of petitioners in the attached State Court petition and/or from an unavoidable accident and/or the fault of third persons or parties for whom this Plaintiff is not responsible.

510467_1

## XIX.

On February 23, 1987, the *JOHN* HAYWARD was sold by ODECO, Inc. for FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS which was the value of Plaintiff's interest therein and is the best evidence of the fair market value of the *JOHN HAYWARD*. Plaintiff annexes hereto as Exhibit "C" an affidavit of Mr. Juan J. Lizarraga, Attorney at Law, evidencing the sale of the *JOHN HAYWARD*, which establishes the value of the vessel at the time of its sale, at which time she had no pending freight.

## XX.

Plaintiff specifically denies any and all liability for any claim for loss, damage, destruction, and/or personal injury occasioned by or resulting from the matters and happenings recited within the State Court petition attached hereto and avers that it has valid defenses to all such claims. Plaintiff contests its alleged liability for all such claims and, therefore, shows that it is without fault and is entitled to exoneration from liability. However, should this Honorable Court adjudge that Plaintiff is at fault, which Plaintiff denies, then Plaintiff further shows that any and all losses, damages, destruction or personal injury were done, occasioned and incurred without its privity or knowledge, and Plaintiff claims the benefit of limitation of liability provided for at 46 U.S.C. §§ 183-89, and all other applicable law and jurisprudence.

7

XXI.

Subject to an appraisal of Plaintiff's former interest in the *JOHN HAYWARD*, should one be ordered, Plaintiff offers and elects to file as security an Ad Interim Stipulation filed by plaintiff, Murphy Exploration & Production Company, and Carolina Casualty Insurance Company, as surety, in the amount of $50,000.00, together with interest of six (6%) percent per annum, plus costs, for the payment of Plaintiff's interest in the *JOHN HAYWARD*. Plaintiff specifically reserves the right to apply to this Court to reduce the amount of the limitation fund in accordance with final evaluations and applicable statutes.

XXII.

This Complaint is filed in the United States District Court for the Eastern District of Louisiana, in admiralty, pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

**WHEREFORE**, Murphy Exploration & Production Company prays that:

1. This Honorable Court enter an Order approving as to quantum, form and surety the *Ad Interim* Stipulation filed by Plaintiff herein in the amount of $50,000.00 with six (6%) percent per annum interest from the date of stipulation, pending any appraisement as may be ordered by the Court of the amount of Plaintiff's interest in said vessel and her pending freight;

510467_1

2.     Upon the filing of the foregoing *Ad Interim* Stipulation, this Court issue an injunction enjoining and restraining the commencement or prosecution of any and all actions, suits or legal proceedings of any kind against Plaintiff and/or any related or affiliated companies, their agents, officers, directors, insurers and underwriters, or against the *JOHN HAYWARD*, or any other property owned by Plaintiff, other than in these proceedings;

3.     The Court cause a notice to be issued to all persons, firms and corporations having or alleging to have claims by reason of the matters and happenings recited in the above Complaint, ordering them to appear and file their claims with the Clerk of this Honorable Court on or before the date to be fixed by the Court as specified in the notice, or be forever barred and permanently enjoined from making and filing any such claims, and also to answer, all and singular, the premises of this Complaint;

4.     The Court adjudge that Plaintiff, its insurers and underwriters, officers and directors, and/or the *JOHN HAYWARD* are not liable for any damages, demands or claims whatsoever in consequence of, or arising out of, or otherwise connected with the matters and happenings recited in the attached petition, and in the above and foregoing Complaint;

5.     In the alternative, if this Court should adjudge that Plaintiff, its agents, officers, directors, insurers or underwriters, and/or the *JOHN HAYWARD* are liable to any

9

extent in the premises, the Court then adjudge that the liability of Plaintiff shall be limited to the amount of its former interest in the *JOHN HAYWARD*, which had no pending freight at all times pertinent herein;

6.  Should the Court adjudge Plaintiff, its agents, parent or subsidiaries companies, officers, directors, insurers and underwriters to be liable, the amount representing the value of Plaintiff's interest in the *JOHN HAYWARD* shall be divided pro-rata among the claimants having made due proof of their respective claim and that a decree thereafter be entered discharging Plaintiff and/or any related or affiliated companies, and their agents, officers, directors, insurers or underwriters and the *JOHN HAYWARD* of and from any further liability, and forever enjoining and restraining the filing and prosecution of any claims or suits against Plaintiff, its agents, officers, directors, insurers and underwriters, and the *JOHN HAYWARD*, whether extant or not, in consequence of or arising out of or connected with the matter and happenings recited in the above and foregoing Complaint; and

7.  Plaintiff may be accorded such other and further relief in the premises as may be just and proper.

10

Respectfully submitted,

**LEMLE & KELLEHER, L.L.P.**

**JAMES H. DAIGLE (Bar #4455)**
**DWIGHT C. PAULSEN III  (Bar #19729)**
**DAVID E. REDMANN, JR.  (Bar #23267)**
**ROBERT S. EMMETT (Bar #23725)**
**TERRANCE A. PROUT (Bar #27043)**
**THOMAS A. PORTEOUS (Bar #27039)**
2100 Pan American Life Center
601 Poydras Street
New Orleans, Louisiana 70130
Telephone:  (504) 586-1241

Attorneys for Plaintiff,
Murphy Exploration & Production Company

11

## AFFIDAVIT AND VERIFICATION OF THE COMPLAINT

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared,

**JAMES H. DAIGLE**

who, after being duly sworn, did depose and state:

That he is a partner in the firm of Lemle & Kelleher, L.L.P., attorneys for Plaintiff;

That he has read the above and foregoing Complaint, and that all allegations of fact contained therein are true and correct to the best of his knowledge, information and belief.

_____
**JAMES H. DAIGLE**

**SWORN TO AND SUBSCRIBED**

**BEFORE ME THIS** __3ʳᵈ__

**DAY OF** __June__ , **2004**

_____
**NOTARY PUBLIC**

STEPHEN C. HANEMANN, 28069
Notary Public in and for
the State of Louisiana.
My Commission is for Life.

511990_1

| DEPARTMENT OF TRANSPORTATION U.S. Coast Guard CG-1340 (Rev. 5-82) | BILL OF SALE | OMB APPROVED 2115-0110 |
|---|---|---|

**1. VESSEL NAME**

JOHN HAYWARD

**2. OFFICIAL NUMBER1/**
269588
CG000020

**3. NAME(S) OF SELLER(S) AND INTEREST OWNED BY EACH**

ODECO INC.  100%

**4. NAME(S) OF BUYER(S) AND INTEREST TRANSFERRED TO EACH**

TW SCRAP STEEL CORP.  100%

**5. CONSIDERATION RECEIVED**

FIFTY THOUSAND and No/100 U.S. DOLLARS ($50,000)

**6. I (we) do hereby sell to the buyer(s) named above, my (our) right, title, and interest in the vessel together with the following necessaries and appurtenances:**

Everything belonging to the vessel on board excluding those parts and equipment as specified in BILL OF SALE dated February 23, 1987, between BUYER and SELLER and attached hereto.

**This sale is made to the buyers in the proportion specified, subject to the following warranties and conditions:**

This sale is on an "as is" basis without warranty and subject to all the terms and conditions of that BILL OF SALE dated February 23, 1987 between BUYER and SELLER and attached hereto

**7. SIGNATURE(S) OF SELLER(S)**

James L. Kilpatrick

**8. DATE**

February 23, 1987

**9. CAPACITY**

President

**10. ACKNOWLEDGEMENT** *(Insert such acknowledgement language as is required by state law.)*

SEE REVERSE SIDE



EXHIBIT

" A "

The acknowledgement may not be taken by an officer or employee of the Coast Guard.

1/If vessel has never been awarded an official number, complete those items of vessel data on reverse of form as are known.

*Previous Editions Obsolete*

SN 7530-00-F01-1020

Reverse of CG-1340 (Rev. 5-82)

*(Complete only if Vessel Does Not Have An Official Number)*

**VESSEL DATA**

a.   Builder

b.   Builder's hull number

c.   Hull identification number

d.   Former names

e.   Former motorboat numbers

f.   Former alien registrations

g.   Person from whom seller obtained vessel

h.   Dimensions

SIGNATURE OF SELLER

_____Coast Guard District

port of_____

Received for record on the _____ Day of _____

_____, at _____o'clock _____ M.,

and recorded in Book No. _____, instrument _____

No._____ .

DOCUMENTATION OFFICER

STATE OF LOUISIANA
PARISH OF ORLEANS

Be it known, That on this **28** day of **MAY** , 1987, personally appeared before me James L. Kilpatrick, who being duly sworn, deposed and said that he is the President of Odeco Inc., the corporation which is described in and executed the within instrument, and that he knows the seal of the said corporation and that it is affixed and was so affixed to the within instrument by order of the board of directors of the said corporation at whose order he signed his name and acknowledged the within instrument to be the free act and deed of the said corporation.

In testimony whereof, I have hereunto set my hand and seal this **28** day of _**MAY**_____ , A.D. 19 **87**.

**JUAN J. LIZARRAGA**

Notary Public, Parish of Orleans, State of Louisiana

My Commission Expires at Death

NOTARY PUBLIC

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 04-4423      SECTION " 7 "      DIVISION M

*FILED 2004 MAR 23 A II: 35 DIST. CIVIL COURT*

JEAN MINAS BAUDOIN AND CLAUDETTE NUGIER BAUDOIN

VERSUS

UNION CARBIDE CORPORATION, ET AL

DATE FILED: _____          _____
                                                  DEPUTY CLERK

### PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, come Plaintiffs who with respect offer the allegations that follow:

1. Plaintiffs are adult resident citizens of the State of Louisiana, who reside at the addresses given in Exhibit "A", annexed hereto.

2. Defendants, identified in Exhibit "B", Exhibit "C", and Exhibit "C-1", annexed hereto, are: (a) individuals who are domiciled in this State, (b) individuals who are not domiciled in this State, (c) domestic corporations, domestic insurers, or domestic limited liability companies, (d) domestic partnerships, (e) foreign corporations or foreign limited liability companies licensed to do and doing business in this State, (f) foreign corporations, foreign partnerships or foreign limited liability companies not licensed to do business in this State and (g) foreign or alien insurers that are solidarily liable unto the Plaintiff for the claims asserted herein. Exhibit "B", Exhibit "C" and Exhibit "C-1", annexed hereto, set forth a complete listing of defendants involved in the above-captioned matter, as well as their respective agents for service of process, domiciles, and where their registered offices and/or principal business establishments and/or primary business offices are located as designated in their application to do business in the State.

3. The following defendant is a domestic corporation or domestic limited liability company that maintains its registered office in this Parish: Taylor-Seidenbach, Inc. Pursuant to Article 42(2) of the Louisiana Code of Civil Procedure, venue is proper as to this defendant in this Parish.

4. Jean Minas Baudoin was exposed to asbestos-containing products and materials that were distributed, fabricated, sold, torn out and used by Taylor-Seidenbach, Inc. at, on

EXHIBIT
" B "

and/or for the jobsites identified in Exhibit "A" and Exhibit "C". Plaintiff specifically alleges that these products and materials, in combination with other asbestos-containing products and materials, caused and/or contributed to his asbestos-related injuries.

5.   The following defendants are foreign corporations and limited liability companies that are licensed to do and doing business in the State of Louisiana and whose primary business offices are located in this Parish, as designated in their application to do business in this state:  Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company.  Pursuant to Article 42(4) of the Louisiana Code of Civil Procedure, venue is proper as to these defendants in this Parish.

6.   Each of the defendants listed in Exhibit "B", Exhibit "C" and Exhibit "C-1" contributed with Taylor-Seidenbach, Inc.; Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company to plaintiff's exposure to asbestos. Each of the defendants listed in Exhibit "B", Exhibit "C" and Exhibit "C-1" is liable *in solido*, with Taylor-Seidenbach, Inc.; Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company to the Plaintiffs.  Thus, venue, proper for Taylor-Seidenbach, Inc.; Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company, is proper in this Parish for all defendants pursuant to Articles 42 and 73 of the Louisiana Code of Civil Procedure.

## BACKGROUND

7.   During various lengthy periods of time Plaintiff suffered occupational exposure to asbestos and asbestos-containing products designed, mined, manufactured, sold, distributed, supplied, applied and/or maintained on various premises by the defendants.     Plaintiff did not keep a record and thus are unable to set forth specifics regarding said products; however, such specifics should be contained in defendants' records.

8.   During Plaintiff's occupational exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to,

Plaintiff's job sites listed on Exhibit "A" and Exhibit "C" where Plaintiff was exposed to asbestos-containing products, construction materials, insulation, and products that contained fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos." Plaintiff did not keep a record and thus, at this early stage of the proceeding, is unable to set forth specifics regarding his jobsites.

9.  When inhaled or otherwise ingested, asbestos causes irreparable and progressive damage that can manifest itself as asbestos-related pleural diseases, such as asbestosis, lung cancer and mesothelioma, pulmonary and bronchogenic carcinomas, gastrointestinal cancers, cardiac diseases, and other diseases and injuries.

10. Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to the Plaintiff, of the health hazards inherent in the asbestos-containing products they were selling.  Instead of warning the Plaintiff and the general public about these dangers, certain defendants ignored or actively concealed such information, or condoned such concealment, in order to sell asbestos or asbestos-containing products and to avoid litigation by those who were injured from asbestos inhalation.  Those defendants who have engaged in intentional misconduct, fraud, or concealment or conspiracy to defraud or conceal the dangers of asbestos-containing products are specifically set forth and their conduct specifically described hereinafter in the section which, in addition to negligence and strict liability, identifies other forms of misconduct as set out herein and similarly identified by name of the particular defendant above the specific counts of misconduct.

11. In connection with his work at, including but not limited to, Plaintiff's job sites listed on Exhibit "A" and Exhibit "C" during the exposure period, the Plaintiff was exposed to and inhaled or otherwise ingested significant quantities of asbestos, having neither knowledge nor reason to believe that these materials were dangerous.

12. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos while working at, including but not limited to, the exposure sites on Exhibit "A" and Exhibit "C," Plaintiff, Jean Minas Baudoin, has received injuries, both physically and mentally, including, but not limited to Mesothelioma.

13. Because of the latency period of the above injuries and other injuries caused by

3

asbestos and because of the active concealment by some defendants of the causes and effects of exposure to asbestos, the Plaintiff has only recently discovered his injuries, and not more than one year preceding this filing of the initial Petition for Damages.

### STRICT LIABILITY OF ASBESTOS
### MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS

14. The defendants identified in Exhibit "B" were all miners, manufacturers, sellers, distributors and/or suppliers of asbestos products or were insurers of miners, manufacturers, sellers, distributors and/or suppliers of asbestos products and were engaged in or materially participated in the business of manufacturing, or facilitating the manufacture of asbestos products, or representing themselves as manufacturers of asbestos products, or were professional vendors of asbestos or asbestos containing products, which were expected to and did reach, including but not limited to, Plaintiff's exposure sites listed on Exhibit "A" and Exhibit "C" where he was exposed to them.

15. The products mined, manufactured, sold, distributed, supplied and/or used by these defendants were defective, unreasonably dangerous, and unreasonably dangerous per se, to the Plaintiff, intended and foreseeable users and bystanders, who were exposed to these products. These defects include, without limitation, the following:

      a.    The mining, manufacture, sale, supply, distribution and use of products that are unreasonably dangerous, or unreasonably dangerous per se;

      b.    The mining, manufacture, sale, supply, distribution and use of products that possess inherent and known properties that make them unreasonably dangerous by presenting high potential for causing serious injury, such as respiratory disease, cancer, and other health problems to those who would be foreseeably exposed to them in their respective trade;

      c.    Lack of warning or of sufficient warning of the hazards these products would present in the course of their normal foreseeable use or intended use;

      d.    Lack of safety instructions or of sufficient safety instructions for eliminating or reducing the health risks associated with the intended use of these products;

      e.    Failure of defendants to inspect these products to assure sufficiency and adequacy of warnings and safety cautions;

4

f.      Failure to test or adequately test these products for defects or hazards that they could present to the intended or foreseeable users;

g.      Failure to truthfully report or adequately report the results of product testing, and medical studies associated with foreseeable hazards of these products by intended or foreseeable users;

h.      Failure to properly design these products where the nature of the product did not require use of asbestos mineral or where alternate, equally suitable substances were readily available;

i.      Defects in the composition and construction of these products;

j.      Failure to recall these products mined, manufactured, sold, distributed and supplied;

k.      Failure to properly package these products so that they could be safely transported, handled, stored or disposed of; and

l.      Over-warranting the safety of these products that were manufactured, sold, supplied or used by Defendants.

16. Pursuant to Louisiana Civil Code article 2317, Defendants are liable to Plaintiff in strict liability for things in their guarde, possession, custody or control, that have caused harm to Plaintiff, and other defects or fault as may be revealed in discovery or at trial.

17. The defective conditions of defendants' products and fault, as noted above, are a proximate cause of Plaintiff's injuries complained of in paragraph 9.

18. Plaintiffs also allege that each and every one of the foregoing defendants were also negligent in engaging in the substandard conduct enumerated above and that this negligence was also a proximate cause of Plaintiff's injuries.

19. During Plaintiff's terms of employment, Plaintiff was exposed to asbestos containing materials previously installed by various contractors.  Additionally, when such contractor did not employ Plaintiff, Plaintiff was exposed to asbestos containing materials supplied and/or installed by such contractor.

5

## STRICT LIABILITY AND NEGLIGENCE ACTION AGAINST FREEPORT-MCMORAN SULPHUR LLC; FREEPORT SULPHUR COMPANY; AND MURPHY EXPLORATION & PRODUCTION COMPANY F/K/A OCEAN DRILLING & EXPLORATION COMPANY
### THE FOLLOWING PARAGRAPHS APPLY TO THE PLAINTIFF LISTED ON EXHIBIT "C" ATTACHED HERETO:

20. The Plaintiffs hereby allege premise liability against the defendants listed therein (hereinafter the "premise defendants"), in failing to provide a safe place in which to work free from the dangers of asbestos.

21. The premises on which Plaintiff was injured were owned by, and were in the custody of the premise defendants and were unreasonably dangerous due to the presence of asbestos-containing products, which resulted in the exposure of Plaintiff to airborne asbestos fibers with no precautions taken to minimize the risk of danger or warn Plaintiff of such danger. The unreasonably dangerous condition of the premises and the negligence of the premise defendants were causes of the Plaintiff's injuries.

22. The premise defendants negligently, recklessly, willfully and/or because of gross and wanton negligence, fault, or strict liability, failed to properly discharge its duties to Plaintiff in the following:

    a.    failed to provide Plaintiff with a safe work place;

    b.    failed to provide Plaintiff with safety equipment;

    c.    failed to provide Plaintiff with correct, adequate, or proper safety equipment;

    d.    recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Plaintiff regarding asbestos hazards in general and with regard to those specific hazards at Plaintiff's work sites;

    e.    recklessly concealed and negligently omitted to reveal critical medical and safety information from Plaintiff regarding the safety and health risks associated with the asbestos and asbestos-containing products at their work sites;

    f.    failed to timely remove asbestos hazards from the work place;

    g.    failed to properly supervise or monitor the work areas for compliance with safety regulations; and

    h.    failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air.

23. The premise defendants are strictly liable for hazardous things in its guarde, care, custody or right of control; and/or any other acts or omissions as may be revealed in discovery or at trial.

24. The above-described negligence, fault, strict liability and willful misconduct of these defendants were proximate causes of the Plaintiff's injuries.

### NEGLIGENCE ACTION
### AGAINST MURPHY EXPLORATION & PRODUCTION COMPANY F/K/A OCEAN DRILLING & EXPLORATION COMPANY; FREEPORT-MCMORAN SULPHUR LLC AND FREEPORT SULPHUR COMPANY

25. Plaintiffs hereby allege negligent, grossly negligent, wanton, willful and intentional misconduct on behalf of their employers listed on Exhibit "C-1", Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company in failing to provide and/or ensure a safe place in which to work free of hazardous concentrations of asbestos and asbestos-containing dust, as well as sending Plaintiff to work in said environments, at the facilities located on Exhibit "A".

26. The employer defendants, Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport- McMoran Sulphur LLC; and Freeport Sulphur Company, employed the Plaintiff at various times, and during such time was continuously exposed to asbestos and asbestos-containing dust without the provision of appropriate safeguards by these employer defendants.

27. The employer defendants and/or their predecessors-in-interest, subsidiaries, or successors-in-interest undertook and assumed the duties and responsibilities owed individually and/or delegated to them for providing Plaintiff with a safe place to work and employer defendants wantonly and/or negligently and/or willfully and/or intentionally failed to provide Plaintiff a safe place to work.

28. The premises on which employer defendants, Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport- McMoran Sulphur LLC; and Freeport Sulphur Company, sent Plaintiff to work were unreasonably dangerous due to the presence of asbestos-containing products, which resulted in the exposure of the Plaintiff to airborne asbestos fibers. Other employees of said employer defendants created airborne asbestos fibers by and through their work around Plaintiff. No or inadequate precautions

were taken to minimize the risk of danger or warn Plaintiff of such danger. These premises and/or the asbestos-containing products contained thereon were defective, and Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport-McMoran Sulphur LLC; and Freeport Sulphur Company knew or should have known of said condition, knew or should have known of the presence of asbestos at said premises, and knew or should have known that the work of their employees around Plaintiff would create airborne asbestos fibers. The unreasonably dangerous condition of the premises, as well as the negligence of all employer defendants, was a cause of the Plaintiff's injuries. Therefore, Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport- McMoran Sulphur LLC; and Freeport Sulphur Company are liable for Plaintiff's damages pursuant to La. C.C. arts. 2315.

29. Plaintiff was exposed to asbestos-containing products during the course and scope of his employment at the jobsites listed on Exhibit "A".   Plaintiff's exposure to asbestos products occurred without fault on his part. Plaintiffs hereby allege that Murphy Exploration & Production Company f/k/a Ocean Drilling & Exploration Company; Freeport- McMoran Sulphur LLC; and Freeport Sulphur Company are liable for their injuries, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust and for sending Plaintiff to work in said environments.

30. Other employees of said employer defendants, among others, created this asbestos-containing dust Plaintiff have inhaled or otherwise ingested and as a result, have suffered the injuries complained of in Paragraph 9.

31. The employer defendants identified in Paragraph 22 above negligently, recklessly, willfully and/or because of gross and wanton negligence, or other fault, or strict liability, failed to properly discharge its duties to Plaintiff in the following:

  a. failed to provide Plaintiff with a safe work place;

  b. failed to provide Plaintiff with safety equipment;

  c. failed to provide Plaintiff with correct, adequate, or proper safety equipment;

  d. failed to protect Plaintiff from any asbestos exposure;

  e. failed to provide Plaintiff with sufficient personal protective equipment

safety devices and work procedures intended to prevent or substantially eliminate the effects of asbestos exposure;

f.     failed to supervise or insure compliance with safety guidelines concerning exposure to asbestos-containing products;

g.     failed to use or misuse equipment and instrumentalities within their control which were intended to minimize Plaintiff's exposure to asbestos dust;

h.     recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to Plaintiff regarding asbestos hazards in general and with regard to those specific hazards at Plaintiff's work sites;

i.     recklessly concealed and negligently omitted to reveal critical medical and safety information from Plaintiff regarding the safety and health risks associated with the asbestos and asbestos-containing products at their work sites;

j.     failed to timely remove asbestos hazards from the work place;

k.     failed to properly supervise or monitor the work areas for compliance with safety regulations;

l.     failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air;

m.     failed to properly perform engineering services, consulting and direction of work involving the installation, removal, maintenance and/or disturbance of asbestos at Plaintiff's work sites;

n.     failed to comply with applicable State and Federal regulations regarding workplace exposure to asbestos; and

o.     failed to properly perform or direct the removal and abatement of asbestos in place at Plaintiff's work sites.

## DAMAGES SUSTAINED BY THE PLAINTIFF'S SPOUSE

32. By reason of the Defendants' fault, as described above, and because of the injuries and ill health effects suffered by the Plaintiff as a result of his occupationally induced asbestos related diseases, Plaintiff's spouse, has suffered loss of consortium and is entitled to damages as are reasonable within the premises.

33. The federal courts lack subject matter jurisdiction over this action, as there is no

federal question or complete diversity of citizenship. Every claim arising under the Constitution, treaties, or laws of the United States is expressly disclaimed and waived, including any claim arising from an act or omission on any federal enclave, or of any officer of the United States, or any agency or person acting under him occurring under color of such office.

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 33, Plaintiff request that defendants be served with this petition and that there be judgment against these defendants in solido in a sum sufficient to compensate Plaintiff for the following:

    a.    all past, present and future medical costs or expenses related thereto;

    b.    all past, present and future lost earnings;

    c.    all past, present and future mental suffering, anguish, and pain;

    d.    all past, present and future physical pain and suffering;

    e.    loss of consortium, love, affection, services and society;

    f.    loss of quality of life; and

    g.    All other forms of relief provided by law or equity together with legal interest from the date of judicial demand until paid, plus costs of these proceedings.

Respectfully submitted,

LEBLANC & WADDELL

J. BURTON LEBLANC, IV, Bar No. 20491
CAMERON R. WADDELL, Bar No. 24245
JODY E. ANDERMAN, BAR No. 18764
BRIAN F. BLACKWELL, Bar No. 18119
W. PAUL WILKINS, Bar No. 19830
SANDRA A. JELKS, Bar No. 22088
JENA S. LEBLANC, Bar No. 26374
CHAD A. DUDLEY, Bar No. 26868
5353 Essen Lane, Ste. 420
Baton Rouge, LA 70809
Telephone: (225) 768-7222

A TRUE COPY

DEPUTY CLERK, CIVIL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LA

10

## EXHIBIT C

**STATE OF LOUISIANA**

**PARISH OF ORLEANS**

### A F F I D A V I T

BEFORE ME, the undersigned notary public, duly qualified and commissioned in and for the Parish of Orleans, State of Louisiana, personally came and appeared,

### JUAN J. LIZARRAGA

who, after being duly sworn, did depose and say that in 1987, he was an attorney employed by Ocean Drilling and Exploration Company, now Murphy Exploration & Production Company; that he has personal knowledge of the *JOHN HAYWARD*, including its engines, tackle, appurtenances, furniture, etc.; that he has personal knowledge and experience concerning the market value of the *JOHN HAYWARD* on the date of its sale of February 23, 1987; that the *JOHN HAYWARD* was sold for FIFTY THOUSAND AND NO/100 ($50,000.00) DOLLARS on February 23, 1987 and that no pending freight, recovered or recoverable, existed as a result of the voyage in question.

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 2ⁿᵈ DAY OF

__June__, 2004.

NOTARY PUBLIC

STEPHEN C. HANEMANN, 28069
Notary Public in and for
511992_1 the State of Louisiana.
My Commission is for Life.

