JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 15 2005

FILED
CLERK'S OFFICE

MDL 875

**PLEADING NO. 4448**

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO. VI) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | |
| JACQUELINE BILLINGSLEY, et al. | |
| Plaintiffs, | |
| v. | No. C 05-0970 MHP (N.D.Cal.) |
| CENTER FOR CLAIMS RESOLUTION,<br>INC., et al. | |
| Defendants. | |

JUDICIAL PANEL
MULTIDISTRICT
LITIGATION

2005 MAR -9 A 11: 1

RECEIVED
CLERK'S OFFICE

**MOTION OF DEFENDANTS CERTAINTEED CORPORATION, DANA
CORPORATION, MAREMONT CORPORATION, PFIZER INC., UNION CARBIDE
CORPORATION, AND BAYER CROPSCIENCE, INC.
TO TRANSFER AND CONSOLIDATE WITH MDL 875**

Pursuant to 28 U.S.C. §1407, defendants CertainTeed Corporation, Dana Corporation,

Maremont Corporation, Pfizer Inc., Union Carbide Corporation, and Bayer CropScience, Inc.

(collectively "Defendants") request that the above captioned case, *Billingsley v. CCR*, be

# OFFICIAL FILE COPY

IMAGED MAR 1 5 2005



transferred from the Northern District of California for coordinated or consolidated pretrial proceedings as part of MDL-875.  The grounds for this motion are as follows:

1.   The plaintiffs in *Billingsley* allege breach of settlement agreements negotiated by the Center for Claims Resolution, Inc. ("CCR") addressing the plaintiffs' asbestos personal injury claims against various companies that were members of the CCR.

2.   The Panel has consistently and repeatedly – through Transfer Orders and tag-along actions – transferred cases alleging breach of CCR settlement agreements to Judge Weiner for inclusion in MDL-875.  See, *e.g.*, Transfer Order filed December 6, 2004 transferring *Todd v. ACandS, Inc.*, No. 1:04-2393 (D. Md.); Transfer Order filed February 19, 2002 transferring *Todd v. Porter-Hayden Co.,* No. 1:01-234 (D. Del) and 5 other actions; Transfer Order filed August 14, 2001 transferring *Doval v. Maremont Corp.*, No. 3:01-540 (N.D. Cal.) and 2 other cases.

WHEREFORE, and for the reasons more fully stated in the accompanying memorandum, Defendants respectfully move the Panel to transfer the above-captioned case to the Eastern District of Pennsylvania as part of MDL-875.

Respectfully submitted,

Richard M. Wyner
Melissa Briggs Hutchens
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC  20001
202-346-4000 (telephone)
202-346-4444 (facsimile)

Counsel for Defendants
CertainTeed Corporation, Dana Corporation,
Maremont Corporation, Union Carbide
Corporation, and Bayer CropScience, Inc.


_M.A. Stodghill / by permission_

Ronald B. Rubin
Michael A. Stodghill
Rubin & Rubin, Chartered
One Church Street, Suite 201
Rockville, MD 20850
(301) 610-9700 (telephone)
(301) 610-9716 (facsimile)

Counsel for Defendant Pfizer Inc.

March 9, 2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 15 2005

FILED
CLERK'S OFFICE

## PROOF OF SERVICE

I hereby certify that copies of the foregoing Motion of Defendant Center For Claims Resolution, Inc. to Transfer and Consolidate with MDL 875 and supporting documents were served on March 9, 2005 by first-class mail on all counsel listed on the attached Panel Service List, as well as upon the following persons:

> Clerk of the Court
> United States District Court
> Northern District of California
> U.S. Courthouse
> 450 Golden Gate Avenue
> P.O. Box 26060
> San Francisco, CA  94102-3489


> Jared J. Babula, Esq.
> Brayton Purcell
> 222 Rush Landing Road
> Novato, CA  94948

> Counsel for Plaintiffs.


_____
Richard M. Wyner

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 MAR -9 A 11: 19

RECEIVED
CLERK'S OFFICE

**PANEL SERVICE LIST (Excerpted from CTO-237)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Gale D. Walker v. Owens Illinois Glass Co., et al.*, D. Maryland. C.A. No. 1:04-3278 (Judge André M. Davis)

David W. Allen
Goodell, DeVries, Leech &
Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Thomas C. Beach, III
Whiteford, Taylor & Preston,
LLP
7 St. Paul Street, Suite 1400
Baltimore, MD 21202-1626

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Pamela T. Broache
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21201

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., NW
Washington, DC 20036

George M. Church
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

John Stewart Cobb
North & Cobb, P.A.
7313 York Road
Towson, MD 21204

David A. Damico
Burns, White & Hickton
Fifth Avenue Place, Suite 2400
120 Fifth Avenue
Pittsburgh, PA 15222

Paul Joseph Day
Piper Rudnick, LLP
6225 Smith Avenue
Baltimore, MD 21209-3600

Michael Albert Desantis
Hartel Kane Desantis MacDonald
& Howie LLP
6301 Ivy Lane, Suite 800
Greenbelt, MD 20770

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballon
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Robert L. Hebb
Semmes, Bowen & Semmes
250 West Pratt Street
Baltimore, MD 21202

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Scott Allen Lewis Hinshaw
Hunton & Williams, LLP
1900 K Street, NW
Suite 1200
Washington, DC 20006

Andrew Janquitto
Mudd, Harrison & Burch
105 West Chesapeake Avenue
Suite 300
Towson, MD 21204

Robert D. Klein
Wharton, Levin, Ehrmantraut,
Klein & Nash
104 West Street
P.O. Box 551
Annapolis, MD 21404-0551

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

F. Ford Loker, Jr.
Miles & Stockbridge
10 Light Street
Baltimore, MD 21202

Stephen S. McCloskey
Simms Showers, LLP
20 S. Charles Street
Suite 702
Baltimore, MD 21202

8

Donald S. Meringer
McCarter & English, LLP
300 E. Lombard Street
Suite 1000
Baltimore, MD 21202

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John J. Nagle, III
Bodie, Nagle, Dolina, Smith &
Hobbs
21 W. Susquehanna Avenue
Towson, MD 21204

Richard T. Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

John J. Repcheck
Marks,  O'Neill,  O'Brien  &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Ronald Eugene Richardson
Law Offices of Peter G. Angelos,
P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Patrick C. Smith
Rubin & Rubin Chartered
502 Washington Avenue
Suite 200
Towson, MD 21204

Robert N. Spinelli
Kelley, Jasons, McGuire &
Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Michael A. Stodghill
Rubin & Rubin Chartered
One Church Street
Suite 301
Rockville, MD 20850

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal
Clinic
Detroit, MI 48226

Gerry H. Tostanoski
Tydings & Rosenberg, LLP
100 East Pratt Street
Baltimore, MD 21202

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 5 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

|  |  |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | |
| JACQUELINE BILLINGSLEY, et al. | |
| Plaintiffs, | |
| v. | No. C 05-0970 MHP (N.D.Cal.) |
| CENTER FOR CLAIMS RESOLUTION, INC., et al. | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANTS CERTAINTEED CORPORATION, DANA CORPORATION,
MAREMONT CORPORATION, PFIZER INC., UNION CARBIDE CORPORATION,
AND BAYER CROPSCIENCE, INC.
TO TRANSFER AND CONSOLIDATE WITH MDL 875**

The plaintiffs in this case allege breach of contract claims for nonpayment under

settlements of their asbestos personal injury claims against various defendants that were

members of the Center for Claims Resolution, Inc. ("CCR"), which negotiated the settlements on

its members' behalf.  The transfer of this case (*Billingsley*) to MDL-875 comports with both the purposes of 28 U.S.C. § 1407 and this Panel's numerous previous Transfer Orders in other cases alleging breach of CCR-negotiated settlement agreements.  See Exhibits 3-5 hereto.

## FACTUAL BACKGROUND

Defendants CertainTeed Corporation, Dana Corporation, Maremont Corporation, Pfizer Inc., Union Carbide Corporation, and Bayer CropScience, Inc. ("Defendants") were member companies of the CCR, an entity created to represent its members in asbestos litigation.  From 1988 to 2001, the CCR negotiated thousands of settlements on behalf of its members named as defendants in asbestos personal injury lawsuits.  It negotiated the settlements at issue here between 1998 and 2000.  See Complaint in *Billingsley v. CCR*, attached as Exhibit 1 hereto. Plaintiffs filed a breach of contract action in California Superior Court, County of San Francisco on December 23, 2004, seeking to hold the CCR and former CCR member companies, including Defendants, liable for alleged nonpayment of certain funds under the settlement agreements.  *Id.* On March 8, 2005, the Defendants timely removed this case to the United States District Court for the Northern District of California on the basis of diversity jurisdiction.

## ARGUMENT

Since its initial Transfer Order creating MDL-875 in 1991, the Panel has, pursuant to 28 U.S.C. § 1407, transferred <u>all</u> cases "involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products" to Judge Weiner in the Eastern District of Pennsylvania in the interest of "just and efficient conduct of the litigation."  Transfer Order filed February 16, 2005, transferring 280 cases including *Boston v. Eastern Refractories*, No. 2:04-122 (D. Me.) at 1 (attached as Exhibit 2 hereto); *see also In re Asbestos Product Liability Litigation* (No.VI), 771 F. Supp. 415, 416 & 424 (J.P.M.L. 1991).

Moreover, as directly applicable here, the Panel has consistently and repeatedly – through Transfer Orders and tag-along actions – transferred cases alleging breach of CCR-negotiated settlement agreements to Judge Weiner.  See, *e.g.*, Transfer Order filed December 6, 2004 transferring *Todd v. ACandS, Inc.*, No. 1:04-2393 (D. Md.) (attached as Exhibit 3 hereto); Transfer Order filed February 19, 2002 transferring *Todd v. Porter-Hayden Co.*, No. 1:01-234 (D. Del) and 5 other actions (attached as Exhibit 4 hereto); Transfer Order filed August 14, 2001 transferring *Doval v. Maremont Corp.*, No. 3:01-540 (N.D. Cal.) and 2 other cases (attached as Exhibit 5 hereto).  In these Transfer Orders, the Panel rejected plaintiffs' arguments that claims for breach of CCR settlement agreements do "not specifically involve claims of asbestos related injuries but rather simply involves efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims."  December 6, 2004 Transfer Order at 2; *see also* February 19, 2002 Transfer Order at 2; August 14, 2001 Transfer Order at 2.  Accordingly, the Panel ruled that "[r]egardless of how plaintiffs seek to characterize the nature of their complaints, the action shares a key issue with other actions previously centralized in the transferee district" and, therefore, transferred the cases to Judge Weiner.  December 6, 2004 Transfer Order at 2; *see also* February 19, 2002 Transfer Order at 2; August 14, 2001 Transfer Order at 2.

As these prior Panel rulings show, the issues raised in *Billingsley* should be addressed within MDL-875 because the case involves facts and circumstances that are known to Judge Weiner and that have been addressed repeatedly in MDL-875.  Those include the nature of the CCR, the practice and custom of asbestos personal injury settlement agreements, the apportionment of liability among the member companies, and the knowledge of the asbestos

personal injury lawyers who negotiated these agreements.  Moreover, Judge Weiner is in the best

position to address the appropriate handling of these claims within the overall asbestos litigation.

The Panel also has consistently held that parties who believe that "the uniqueness of their

particular situation renders . . . inclusion of their action in MDL-875 unnecessary or inadvisable"

must present those arguments to Judge Weiner.  See, *e.g.*, Transfer Order filed February 16,

2005, transferring 280 cases including *Boston v. Eastern Refractories*, No. 2:04-122 (D. Me.) at

2 (Exhibit 2 hereto).  If Judge Weiner determines that the *Billingsley* case will not benefit from

consolidated treatment, he can suggest that the Panel remand the case.

In sum, this Panel's precedent shows that *Billingsley* should be transferred to Judge

Weiner for consolidated or coordinated pre-trial proceedings as part of MDL 875.

## CONCLUSION

The motion to transfer should be granted.

Respectfully submitted,

Richard M. Wyner
Melissa Briggs Hutchens
Goodwin Procter LLP
901 New York Avenue NW
Washington, DC 20001
(202) 346-4000 (telephone)
(202) 346-4444 (facsimile)

Counsel for Defendants

4

CertainTeed Corporation, Dana Corporation, Maremont Corporation, Union Carbide Corporation, and Bayer CropScience, Inc.

*MA Stodghill / by permission*

Ronald B. Rubin
Michael A. Stodghill
Rubin & Rubin, Chartered
One Church Street, Suite 201
Rockville, MD 20850
(301) 610-9700 (telephone)
(301) 610-9716 (facsimile)

Counsel for Defendant Pfizer Inc.

March 9, 2005

5

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 1 5 2005

FILED
CLERK'S OFFICE

# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE | OR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):    TELEPHONE (415) 898-1555

Jared J. Babula Esq. (Bar #.203814)
Brayton<>Purcell                         (415) 898-1247
222 Rush Landing Road
Novato, California 94948

ATTORNEY FOR (NAME): Plaintiffs

OR COURT USE ONLY
SUPERIOR COURT
COUNTY OF SAN FRANCISCO
DEC 23 2004
GORDON PARK-LI CLERK
BY ~~PARAM NATT~~
DEPUTY CLERK

Insert name of court, judicial district or branch court, if any, and post office and street address:

Superior Court of California, County of San Francisco,
400 McAllister Street
San Francisco, CA 94102-4514

PLAINTIFF:
JACQUELINE BILLINGSLEY; ROBERT L. BRAMMEIER; ROSETTA HARPER As Successor-in-Interest to WOODZELL HARPER, Deceased; GLORIA RICHARDSON; SHAWN ROLLINS; and PAULA VALENZUELA

DEFENDANT:
CENTER FOR CLAIMS RESOLUTION; THE AMCHEM PRODUCTS, INC.; CERTAINTEED CORPORATION; DANA CORPORATION; MAREMONT CORPORATION; PFIZER, INC.; UNION CARBIDE CORPORATION; BAYER CROPSCIENCE INC., as Successor-in-Interest to AMCHEM PRODUCTS, INC.; AND

[X] DOES 1 TO ___10___

CONTRACT UNLIMITED JURISDICTION

[X] COMPLAINT     [ ] CROSS-COMPLAINT

CASE NUMBER:
CGC-04-437355

1. This pleading, including attachments and exhibits, consists of the following number of pages: ___9___

CASE MANAGEMENT CONFERENCE SET

PLAN I     MAY 2 7 2005 9:00 AM

DEPARTMENT 212

2. a. Each plaintiff named above is a competent adult
    [ ] **Except** plaintiff (name):

        [ ] a corporation qualified to do business in California
        [ ] an unincorporated entity (describe):
        [ ] other (specify):

  b. [ ] Plaintiff (name):
        [ ] has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):
        [ ] has complied with all licensing requirements as a licensed (specify):

  c. [ ] Information about additional plaintiffs who are not competent adults is shown in Complaint—Attachment 2c.

3. a. Each defendant named above is a natural person

    [X] **Except** defendant (name): CENTER FOR CLAIMS RESOLUTION
        [ ] a business organization, form unknown
        [X] a corporation
        [ ] an unincorporated entity (describe):

        [ ] a public entity (describe):

        [ ] other (specify):

    [X] **Except** defendant (name): THE AMCHEM PRODUCTS, INC.
        [ ] a business organization, form unknown
        [X] a corporation
        [ ] an unincorporated entity (describe):

        [ ] a public entity (describe):

        [ ] other (specify):

  b. The true names and capacities of defendants sued as Does are unknown to plaintiff.
  c. [X] Information about additional defendants who are not natural persons is contained in Complaint—Attachment 3c.
  d. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

(Continued)

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(20)
Judicial Council Forms for HotDocs
Optional Form

**COMPLAINT—Contract**

CCP 425.12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| BILLINGSLEY, et al. v. CENTER FOR CLAIMS RESOLUTION, et al. | |

**COMPLAINT—Contract**

Page two

4. ☐ Plaintiff is required to comply with a claims statute, **and**
    a. ☐ plaintiff has complied with applicable claims statutes, **or**
    b. ☐ plaintiff is excused from complying because *(specify):*

5. ☐ This action is subject to ☐ Civil Code section 1812.10 ☐ Civil Code section 2984.4.

6. This action is filed in this ☒ county ☐ judicial district because
    a. ☐ a defendant entered into the contract here.
    b. ☐ a defendant lived here when the contract was entered into.
    c. ☐ a defendant lives here now.
    d. ☒ the contract was to be performed here.
    e. ☐ a defendant is a corporation or unincorporated association and its principal place of business is here.
    f. ☐ real property that is the subject of this action is located here.
    g. ☐ other *(specify):*

7. ☐ The following paragraphs of this pleading are alleged on information and belief *(specify paragraph numbers):*

8. ☐ Other:

9. The following causes of action are attached and the statements above apply to each: *(Each complaint must have one or more causes of action attached.)*
    ☒ Breach of Contract     ☐ Common Counts
    ☐ Other *(specify):*

10. PLAINTIFF PRAYS
    For judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    ☒ damages of $ 254,179.98
    ☐ interest on the damages ☐ according to proof ☐ at the rate of _____ percent per year from *(date):*
    ☒ attorney fees ☐ of $ _____ ☒ according to proof.
    ☒ other *(specify):* Plaintiffs are entitled to prejudgment interest.

_2/20/04_
DATE

_____
Jared J. Babula
(Type or print name)

_____
(Signature of plaintiff or attorney)

(If you wish to verify this pleading, affix a verification.)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| BILLINGSLEY, et al. v. CENTER FOR CLAIMS RESOLUTION, et al. | |

**COMPLAINT—Attachment 3c**                                    Page ___3___

Each defendant named above is a natural person

[X] **Except** defendant *(name):*
Dana Corporation
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[x] **Except** defendant *(name):*
Union Carbide Chemical Corporation
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[x] **Except** defendant *(name):*
Maremont Corporation
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[x] **Except** defendant *(name):*
BAYER CROPSCIENCE INC.
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[x] **Except** defendant *(name):*
Certainteed Corporation
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[ ] **Except** defendant *(name):*

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[x] **Except** defendant *(name):*
Pfizer, Inc.
[ ] a business organization, form unknown
[x] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

[ ] **Except** defendant *(name):*

[ ] a business organization, form unknown
[ ] a corporation
[ ] an unincorporated entity *(describe):*

[ ] a public entity *(describe):*

[ ] other *(specify):*

If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

**COMPLAINT—Attachment 3c**

CCP 425 12

SHORT TITLE: Billingsley, et al. v. Center for Claims Resolution, et al. | CASE NUMBER:

|   1   |
| (number) |

**CAUSE OF ACTION**–Breach of Contract

Page __4__

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

(*Use a separate cause of action form for each cause of action.*)

BC-1.   Plaintiff *(name)*: Jacqueline Billingsley

alleges that on or about *(date)*: December 15, 1999

a ☒ written   ☐ oral   ☐ other *(specify)*:

agreement was made between Plaintiff Jacqueline Billingsley and defendant(s) Center for Claims Resolution; The Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union Carbide Corporation; and DOES 1 to 10.

☐   A copy of the agreement is attached as Exhibit A, or

☒   The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*: Defendant(s) agreed to pay Plaintiff, through her attorneys, Brayton❖Purcell, the sum of $25,000.00. In exchange, Plaintiff agreed to dismiss her asbestos-related lawsuit against said Defendant(s), with prejudice, and to execute a Compromise and Release of all claims against Defendant(s). Said action was case number BC175637 and filed in the Superior Court of California, County of Los Angeles.

BC-2   On or about *(dates)*: July 22, 2001

defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts: Defendant(s) failed and refused and continues to fail and refuse, to pay the $25,000.00, although Plaintiff dismissed her action as to Defendant(s) and provided Defendant(s)with a Compromise and Release on June 22, 2001.

BC-3.   Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement
☐ as stated in Attachment BC-4 ☒ as follows *(specify)*
In the amount of $25,000.00.

BC-5.   ☒ Plaintiff is entitled to attorney fees by an agreement or a statute
☐ of $
☒ according to proof.

BC-6.   ☒ Other:  Plaintiff is entitled to prejudgment interest and costs.

**CAUSE OF ACTION**–Breach of Contract

CCP 425.12

SHORT TITLE   Billingsley, et al. v. Center for Claims Resolution, et al.   | CASE NUMBER

2
(number)

**CAUSE OF ACTION**–Breach of Contract

Page __5__

ATTACHMENT TO  ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.   Plaintiff *(name)*:  Robert L. Brammeier

alleges that on or about *(date)*:  November 9, 2000

a ☒ written   ☐ oral   ☐ other *(specify)*:

agreement was made between Plaintiff Robert L. Brammeier and defendant(s) Center for Claims Resolution; The Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union Carbide Corporation; and DOES 1 to 10.

☐   A copy of the agreement is attached as Exhibit A, or

☒   The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*: Defendant(s) agreed to pay Plaintiff, through his attorneys, Brayton❖Purcell, the sum of $15,000.00.  In exchange, Plaintiff agreed to dismiss his asbestos-related lawsuit against said Defendant(s), with prejudice, and to execute a Compromise and Release of all claims against Defendant(s).  Said action was case number 968362 and filed in the Superior Court of California, County of San Francisco.

BC-2.   On or about *(dates)*:  August 1, 2002

defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts: Defendant(s) failed and refused and continues to fail and refuse, to pay the $15,000.00, although Plaintiff dismissed his action as to Defendant(s) and provided Defendant(s) with a Compromise and Release on July 2, 2002.

BC-3.   Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement

☐ as stated in Attachment BC-4 ☒ as follows *(specify)*
In the amount of $15,000.00.

BC-5.   ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☒ according to proof.

BC-6.   ☒ Other:  Plaintiff is entitled to prejudgment interest and costs.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)

**CAUSE OF ACTION**–Breach of Contract

CCP 425.12

| SHORT TITLE: Billingsley, et al. v. Center for Claims Resolution, et al. | CASE NUMBER: |
| --- | --- |

___3___
(number)

**CAUSE OF ACTION–Breach of Contract**

Page ___6___

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

(*Use a separate cause of action form for each cause of action.*)

BC-1.   Plaintiff *(name)*:  Rosetta Harper as Successor-in-Interest to Woodzell Harper, Deceased

alleges that on or about *(date)*:  July 6, 2000

a ☒ written   ☐ oral   ☐ other *(specify)*:

agreement was made between Plaintiff Rosetta Harper as Successor-in-Interest to Woodzell Harper, now deceased, and defendant(s) Center for Claims Resolution; The Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union Carbide Corporation; and DOES 1 to 10.

☐     A copy of the agreement is attached as Exhibit A, or

☒     The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*: Defendant(s) agreed to pay Woodzell Harper, now deceased, through his attorneys, Brayton✤Purcell, the sum of $12,000.00.  In exchange, Woodzell Harper agreed to dismiss his asbestos-related lawsuit against said Defendant(s), with prejudice, and to execute a Compromise and Release of all claims against Defendant(s).  Said action was case number 958854 and filed in the Superior Court of California, County of San Francisco.

BC-2   On or about *(dates)*:  September 1, 2002

defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts: Defendant(s) failed and refused and continues to fail and refuse, to pay the $12,000.00, although Woodzell Harper dismissed his action as to Defendant(s) and provided Defendant(s)with a Compromise and Release on August 2, 2002.

BC-3.   Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement

☐ as stated in Attachment BC-4 ☒ as follows *(specify)*
In the amount of $12,000.00.

BC-5.   ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☒ according to proof.

BC-6.   ☒ Other:  Plaintiff is entitled to prejudgment interest and costs.

---

**CAUSE OF ACTION–Breach of Contract**

CCP 425 12

| SHORT TITLE: Billingsley, et al. v. Center for Claims Resolution, et al. | CASE NUMBER: |
|---|---|

| | | |
|---|---|---|
| 4 | **CAUSE OF ACTION**–Breach of Contract | Page 7 |
| (number) | | |

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.  Plaintiff *(name)*: Gloria Richardson

alleges that on or about *(date)*: April 17, 1998

a ☒ written  ☐ oral  ☐ other *(specify)*:

agreement was made between Plaintiff Gloria Richardson and defendant(s) Center for Claims Resolution; The Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union Carbide Corporation; and DOES 1 to 10.

☐ A copy of the agreement is attached as Exhibit A, or

☒ The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*: Defendant(s) agreed to pay Plaintiff, through her attorneys, Brayton❖Purcell, the sum of $50,000.00. In exchange, Plaintiff agreed to dismiss her asbestos-related lawsuit against said Defendant(s), with prejudice, and to execute a Compromise and Release of all claims against Defendant(s). Said action was case number 957953 and filed in the Superior Court of California, County of San Francisco.

BC-2  On or about *(dates)*: June 30, 2004

defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts: Defendant(s) failed and refused and continues to fail and refuse, to pay the $50,000.00, although Plaintiff dismissed her action as to Defendant(s) and provided Defendant(s)with a Compromise and Release on June 12, 1998. Plaintiff's asbestos case had an active Longshore and Harbor Workers Claims Action that was not closed until May of 2004.

BC-3.  Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4.  Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement

☐ as stated in Attachment BC-4 ☒ as follows *(specify)*

In the amount of $50,000.00.

BC-5.  ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☒ according to proof.

BC-6.  ☒ Other: Plaintiff is entitled to prejudgment interest and costs.

---

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)

**CAUSE OF ACTION**–Breach of Contract

CCP 425.12

| | |
|---|---|
| SHORT TITLE: Billingsley, et al. v. Center for Claims Resolution, et al. | CASE NUMBER: |

_5_
(number)                    **CAUSE OF ACTION–Breach of Contract**                    Page __8__

ATTACHMENT TO ☒ Complaint      ☐ Cross-Complaint

(*Use a separate cause of action form for each cause of action.*)

BC-1.   Plaintiff *(name):* Shawn Rollins

alleges that on or about *(date):* August 9, 2000

a ☒ written    ☐ oral    ☐ other *(specify)*:

agreement was made between Plaintiff Shawn Rollins and defendant(s) Center for Claims Resolution; The Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union Carbide Corporation; and DOES 1 to 10.

☐      A copy of the agreement is attached as Exhibit A, or

☒      The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*: Defendant(s) agreed to pay Plaintiff, through his attorneys, Brayton❖Purcell, the sum of $150,000.00. In exchange, Plaintiff agreed to dismiss his asbestos-related lawsuit against said Defendant(s), with prejudice, and to execute a Compromise and Release of all claims against Defendant(s). Said action was case number 998726 and filed in the Superior Court of California, County of San Francisco.

BC-2    On or about *(dates):* September 8, 2002

defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts: Defendant(s) failed and refused and continues to fail and refuse, to pay the $150,000.00, although Plaintiff dismissed his action as to Defendant(s) and provided Defendant(s) with a Compromise and Release on August 9, 2002.

BC-3.   Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement

☐ as stated in Attachment BC-4 ☒ as follows *(specify)*
In the amount of $150,000.00.

BC-5.   ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

☐ of $

☒ according to proof.

BC-6.   ☒ Other:  Plaintiff is entitled to prejudgment interest and costs.

**CAUSE OF ACTION–Breach of Contract**

| SHORT TITLE: Billingsley, et al. v. Center for Claims Resolution, et al. | CASE NUMBER: |
|---|---|

_____6_____      **CAUSE OF ACTION**–Breach of Contract      Page ___9___
*(number)*

ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1.   Plaintiff *(name)*: Paula Valenzuela

     alleges that on or about *(date)*: July 7, 1999

     a ☒ written   ☐ oral   ☐ other *(specify)*:

     agreement was made between Plaintiff Paula Valenzuela and defendant(s) Center for Claims Resolution; The
     Amchem Products, Inc.; Certainteed Corporation; Dana Corporation; Maremont Corporation; Pfizer, Inc.; Union
     Carbide Corporation; and DOES 1 to 10.

     ☐      A copy of the agreement is attached as Exhibit A, or

     ☒      The essential terms of the agreement ☐ are stated in Attachment BC-1 ☒ are as follows *(specify)*:
         Defendant(s) agreed to pay Plaintiff, through her attorneys, Brayton❖Purcell, the sum of $20,000.00. In
         exchange, Plaintiff agreed to dismiss her asbestos-related lawsuit against said Defendant(s), with
         prejudice, and to execute a Compromise and Release of all claims against Defendant(s).  Said action was
         case number 993903 and filed in the Superior Court of California, County of San Francisco.

BC-2   On or about *(dates)*: July 16, 2000

     defendant(s) breached the agreement by ☐ the acts specified in Attachment BC-2 ☒ the following acts:
     Defendant(s) failed and refused and continues to fail and refuse, to pay the    utstanding balance of $2,179.98,
     although Plaintiff dismissed her action as to Defendant(s) and provided Defendant(s) with a Compromise and
     Release on June 16, 2000.

BC-3.   Plaintiff has performed all obligations to defendant(s) except those obligations Plaintiff was prevented or excused
     from performing.

BC-4.   Plaintiff suffered damages legally (proximately) caused by defendant(s)'s breach of the agreement

     ☐ as stated in Attachment BC-4 ☒ as follows *(specify)*
         In the amount of $2,179.98.

BC-5.   ☒ Plaintiff is entitled to attorney fees by an agreement or a statute

     ☐ of $

     ☒ according to proof.

BC-6.   ☒ Other:  Plaintiff is entitled to prejudgment interest and costs.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(21)      **CAUSE OF ACTION**–Breach of Contract      CCP 425.12

# EXHIBIT 2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 6 2005

FILED
CLERK'S OFFICE

*DOCKET NO. 875*

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in the 280 District of Maine, District of Maryland, Southern District of Mississippi, Western District of North Carolina, and Eastern District of Virginia actions listed on the attached Schedule A. Movants ask the Panel to vacate its order conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI), 771 F.Supp. 415 (J.P.M.L. 1991).* In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims

---

*Judge Motz took no part in the disposition of this matter. Additionally, Judge Keenan took no part in the disposition of this matter with respect to the Southern District of Mississippi *Fisher* action listed on the attached Schedule A.

[1]Some plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand their actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 2 -

not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

We note that under Judge Weiner's stewardship, as of February 1, 2005, i) over 74,000 actions have been closed in the transferee district, and ii) over 1,300 actions or claims therein have been returned to their originating transferor districts.  To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay.  *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these 280 actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 6 2004

FILED
CLERK'S OFFICE

### DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*John B. Todd, et al. v. ACandS, Inc., et al.*, D. Maryland, C.A. No. 1:04-2393

# BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by Quigley Co., Inc. (Quigley) and its parent, Pfizer Inc., the defendants in one consolidated District of Maryland action (*Todd*). Movants seek transfer of the action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. Plaintiffs in *Todd* oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that *Todd* involves common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the action to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of *Todd* is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

In opposing transfer, plaintiffs have observed that i) the bankruptcy filing of one of the two *Todd* defendants, Quigley, has resulted, pursuant to the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 302), in a stay of their claims against Quigley; and ii) an ongoing question remains regarding whether prosecution of the claims against Pfizer Inc. (the only other *Todd* defendant) should be enjoined by the bankruptcy court because of the two defendants' shared interest in certain insurance policies. Accordingly, they suggest that Section 1407 transfer is not warranted because, in essence, there is nothing to transfer. Claims that have been stayed in the transferor court will, of course, remain stayed in the transferee court, and it may well be that *Todd* will be resolved entirely within the context of the Quigley bankruptcy proceedings. Section 1407 transfer of *Todd* at this point, however, will have the salutary effect of placing the action in the transferee district for inclusion in the MDL-875 pretrial proceedings without any further delay in the event that such resolution does not occur.

---

[*]Judge Motz took no part in the disposition of this matter.

- 2 -

Plaintiffs also seek to exclude *Todd* from transfer on the ground that the action does not specifically involve claims of asbestos related injuries but rather simply involves efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the action shares a key issue with other actions previously centralized in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing. To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001). We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, this action is transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# EXHIBIT 4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 19 2002

FILED
CLERK'S OFFICE

# DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

*John Todd v. Porter-Hayden Co., et al.*, D. Delaware, C.A. No. 1:01-234
*Clyde Bowman, et al. v. Armstrong World Industries, Inc., et al.*, D. Delaware, C.A. No. 1:01-318
*James C. Turner, et al. v. Anchor Packing Co., et al.*, E.D. Louisiana, C.A. No. 2:01-2767
*Rodney W. Schamerhorn, etc. v. United States Dept. of Army*, W.D. Louisiana, C.A. No. 2:01-914
*Lowell Abbott, Jr., et al. v. Metropolitan Life Insurance Co., et al.*, E.D. Missouri, C.A. No. 4:01-1299
*Cam L. Atkins, et al. v. A.P. Green Services., Inc., et al.*, S.D. West Virginia, C.A. No. 2:01-781

### TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in six District of Delaware, Eastern District of Louisiana, Western District of Louisiana, Eastern District of Missouri and Southern District of West Virginia actions. Movants seek to vacate the Panel's orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the

---

*Judges Selya and Jensen took no part in the decision of this matter with respect to the Eastern District of Louisiana and Eastern District of Missouri actions. Judge Motz also took no part in the decision of this matter with respect to the Eastern District of Louisiana action.

- 2 -

transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Nor are we persuaded by the arguments of the plaintiffs in the District of Delaware and Southern District of West Virginia actions. These parties seek to exclude their three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district: whether asbestos personal injury settlement agreements negotiated by the Center for Claims Resolution (CCR) create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing.

Finally, we note that under Judge Weiner's stewardship, as of February 1, 2002, i) over 71,000 actions have been closed in the transferee district, and ii) over 1100 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. See Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable

---

[1] Plaintiffs in certain actions have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.

- 3 -

Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman

EXHIBIT 5

## DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Rolando Doval, et al. v. Maremont Corp.*, N.D. California, C.A. No. 3:01-540
*Joseph Perez, et al. v. Center for Claims Resolution, Inc.*, N.D. California, C.A. No. 3:01-1627
*Thomas F. Lowry, III, et al. v. Center for Claims Resolution, Inc., et al.*, C.D. Illinois, C.A. No. 1:00-1454

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ, JUDGES OF THE PANEL

### TRANSFER ORDER

Now before the Panel are three Northern District of California and Central District of Illinois actions in which defendants (Maremont Corp., Inc., Center for Claims Resolution, Inc. (CCR), Amchem Products, Inc., C.E. Thurston & Sons, Inc., CertainTeed Corp., Dana Corp., Pfizer, Inc., Quigley Co., Inc., Shook & Fletcher Insulation Co., T&N plc, and/or Union Carbide Corp.) seek transfer of the actions, pursuant to 28 U.S.C. §1407, to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner. Plaintiffs in the three actions all oppose transfer.

On the basis of the papers filed and hearing session held, the Panel finds that these three actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). Plaintiffs seek to exclude the three actions from transfer on the ground that the actions do not specifically involve claims of asbestos related injuries but rather simply involve efforts to enforce contractual rights acquired in state court settlements of asbestos personal injury claims. Regardless of how plaintiffs seek to characterize the nature of their complaints, the actions all present the same key issue which is now also present in actions in the transferee district:

---

*Judge Selya took no part in the decision of this matter.

Case MDL No. 875  Document 4448  Filed 03/15/05  Page 34 of 36

- 2 -

whether asbestos personal injury settlement agreements negotiated by CCR create joint or separate liability for defendant companies that are CCR members. Transfer is necessary in order to prevent duplication of pretrial efforts, inconsistent rulings, and waste of the transferee court's experience and expertise. Transfer will also enhance Judge Weiner's continuing efforts to manage the MDL-875 docket regarding such matters as the effect of codefendant defaults on settlement efforts, settlement funding, and proper claim sequencing. To any parties that believe the uniqueness of their particular situation renders inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, these three actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | ) ) ) ) | MDL 875 (Hon. Charles Weiner) |
| This Document Relates to: | ) ) | |
| JACQUELINE BILLINGSLEY, et al. | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. C 05-0970 MHP (N.D. Cal.) |
| CENTER FOR CLAIMS RESOLUTION, INC., et al. | ) ) ) | |
| Defendants. | ) ) | |

**RULE 7.2(a)(ii) SCHEDULE ACCOMPANYING
MOTION OF DEFENDANTS CERTAINTEED CORPORATION, DANA
CORPORATION, MAREMONT CORPORATION, PFIZER INC., UNION CARBIDE
CORPORATION, AND BAYER CROPSCIENCE, INC.,
TO TRANSFER AND CONSOLIDATE WITH MDL 875**

The motion requests the transfer of one action, as follows:

| Complete Name of Action | Court in Which Action is Pending | Civil Action No. | Judge Assigned to Action |
|---|---|---|---|
| Jacqueline Billingsley; Robert L. Brammeier; Rosetta Harper as Successor-in-Interest to Woodzell Harper, Deceased; Gloria Richardson; Shawn Rollins; and Paula Valenzuela v. Center for Claims Resolution, Inc.; The Amchem Products, Inc.; CertainTeed Corporation; Dana Corporation; Maremont Corporation; Pfizer Inc.; Union Carbide Corporation; Bayer CropScience, Inc. as Successor-in-Interest to Amchem Products, Inc. and Does 1-10. | Northern District of California | C 05-0970 | Marilyn Hall Patel |