JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL  875**

APR - 7 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | § | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (No. VI) | § | MDL DOCKET NO. 875 |
| | § | |
| | § | |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | § | |
|---|---|---|
| ANN HAUCK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 6:04-CV-1835 |
| | § | |
| BORG WARNER CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |



PLEADING NO. 4465

MOTION TO VACATE THE
CONDITIONAL TRANSFER ORDER

Plaintiff, pursuant to Rule 12 (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, moves the Panel to vacate is Order of March 15, 2005, conditionally transferring the above-captioned case from the United States District Court for the Middle District of Florida, Orlando Division. This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 12 (c), Plaintiff requests the Clerk to set this motion for hearing at the

**OFFICIAL FILE COPY**
IMAGED APR 8 2005

RECEIVED
CLERK'S OFFICE
2005 APR -7 A 10: 13
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Case MDL No. 875 Document 4465 Filed 04/07/05 Page 2 of 20

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2005

FILED
CLERK'S OFFICE

next session of the Panel.

Respectfully submitted,

*[signature]*

David M. Lipman
Fla. Bar No. 280054

Rebecca S. Shull
Fla. Bar No.: 0529915

DAVID M. LIPMAN, PA
5901 S.W. 74TH Street, Suite 304
Miami, Florida 33143
(305) 662-2600
(305) 667-3361 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order has been served by U.S. Mail on all counsel of record on attached service list and Panel service list, pursuant to (MDL – CTO 243).

*[signature]*

Rebecca S. Shull

RECEIVED CLERK'S OFFICE
2005 APR -7 A 10:13
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

HAUCK CERTIFICATE OF SERVICE

Virginia Easley Johnson, Esq.
Foley & Mansfield, P.L.L.P.
4770 Biscayne Blvd., Suite 1030
Miami, FL 33130
For: BURNS INTERNATIONAL SERVICES CORP., f/k/a BORG WARNER CORPORATION

Thomas M. Burke, Esq.
Chris N. Kolos, Esq.
Holland & Knight, LLP
200 South Orange Ave., Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
For: MACK TRUCKS, INC., and NAVISTAR INTERNATIONAL TRANSPORTATION CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park I
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER CHRYSLER CORPORATION

Evelyn M. Fletcher, Esq.
Hawkins and Parnell, LLP
303 Peachtree St. N.E., 40th Floor
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
For: DANA CORPORATION and MAREMONT CORP.

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION

Rodd Buell, Esq.
11883 Maidstone Drive
Wellington, Florida 33414
For Honeywell International

Michael Evert, Esq.
Francis Spinelli, Esq.

Evert & Weathersby
Suite 225
3405 Piedmont Road
Atlanta, Georgia 30305
For: Goodyear Tire and Rubber Company

Ben Girtman, Esq.
1020 East Lafayette Street, Suite 207
Tallahassee, FL 32301
Telephone: (850) 656-3232
Facsimile: (850) 656-3233
For: PNEUMO ABEX

Gail Silver, Esq.
500 Australian Ave. South Suite 800
West Palm Beach, FL 33401
Telephone: (561) 659-0551
Facsimile: (561) 835-6866
For: STEEL GRIP, INC.

**PANEL SERVICE LIST (Excerpted from CTO-243)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Ann Hauck v. Borg Warner Corp., et al.*, M.D. Florida, C.A. No. 6:04-1835  (Judge John Antoon, II)

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen, LLP
7000 West Palmetto Park Road
Suite 305
Boca Raton, FL 33433

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
12773 West Forest Hill Boulevard
Suite 205
Wellington, FL 33414

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Timothy J. Ferguson
Bell & Melamed
1451 West Cypress Creek Road
Suite 300
Ft. Lauderdale, FL 33309

Evelyn M. Fletcher
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Peter J. Frommer
Ruden, McClosky, Smith, et al.
701 Brickell Avenue
Suite 1900
Miami, FL 33131

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michelle M. Gervais
Duane Morris, LLP
200 S. Biscayne Blvd.
Suite 3400
Miami, FL 33131

Ben E. Girtman
1020 East Lafayette Street
Suite 207
Tallahassee, FL 32301

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Virginia E. Johnson
Foley & Mansfield
4770 Biscayne Blvd., #1030
Miami, FL 33137-3258

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Richard M. Lauth
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David M. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 32143

Gail Cotton Silver
Davis, Silver & Levy
500 Austrailian Avenue, South
Suite 800
West Palm Beach, FL 33401-5016

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
Baumgarten, et al.
NationsBank Tower, Suite 4300
100 Southeast 2nd Street
Miami, FL 33131-2144

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Hugh J. Turner, Jr.
Akerman, Senterfitt & Eidson
Las Olas Centre, Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301-0006

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §<br>§<br>§<br>§<br>§ | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| ANN HAUCK,<br><br>       Plaintiff,<br><br>v.<br><br>BORG WARNER CORPORATION, et al.,<br><br>       Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. 6:04-CV-1835 |

BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

I. PRELIMINARY STATEMENT

Plaintiff, ANN HAUCK, respectfully files this brief in support of her Motion to Vacate the Conditional Transfer Order (CTO – 243) entered by the Judicial Panel on Multidistrict Litigation on March 15, 2005. Pursuant to the Panel Rules 5.12 (a), 5.13 and 7.4 (d), this Brief to Vacate the Conditional Transfer Order is being filed in support of Plaintiff's Motion to Vacate, and her Notice of Opposition, filed on March 24, 2005, in accordance with Panel Rule 7.4 (b)(See Notice of Opposition attached as Exhibit A). This submission is being filed within 15 days of filing of the Notice of Opposition. For the reasons stated below, the Conditional Transfer Order should be vacated so that Plaintiff can proceed in the timely resolution of her claim in state

court.

Plaintiff, Ann Hauck, is 69 years old and dying from the rare, incurable asbestos cancer known as mesothelioma. Ms. Hauck contracted mesothelioma, an asbestos induced cancer of the lining of the pleura, as a result of being exposed to and inhaling asbestos-containing dust as a child and a young woman. On December 16, 2004, Defendants improperly removed this matter to Federal Court claiming diversity of citizenship based on a the alleged fraudulent joinder of a diverse but non-consenting defendant. Plaintiff has filed a Motion for Remand which discusses procedural and substantive defects of Defendants' removal in this case.

As set forth in Plaintiff's Motion for Remand, removal of this case was improper and remand is required for at least four independently dispositive reasons. First, because complete diversity of citizenship existed at the time of filing and the amount in controversy exceeded the jurisdictional amount, removal was required within 30 days of service upon the first served defendant under 20 U.S.C. § 1446.

Second, the "fraudulent joinder" rule only applies to the joinder of non-diverse defendants. The rule does not apply to diverse defendants who do not consent to removal. Third, even if this Court applies the "fraudulent joinder" rule to a diverse, but non-consenting defendant, the Defendants cannot meet the "heavy burden" required to show fraudulent joinder. Fourth, assuming this "new exception" to the consent rule applies and assuming the Defendants could meet the "heavy burden" of demonstrating fraudulent joinder, removal remains untimely.

Accompanying this Motion for Remand, Plaintiff requested a hearing to address this improper removal of this case. Several Defendants filed Oppositions to Plaintiff's Remand Submission. On February 17, 2005, the parties conducted lengthy oral argument regarding their remand positions to United States District Court Judge John Antoon II. Prior to argument, Judge

Antoon had reviewed the parties submissions. Oral argument included argument from counsel for the Plaintiff, counsel for the removing defendant, counsel for two other consenting defendants and counsel for the allegedly fraudulently joined defendant. Of note, counsel for the allegedly fraudulently joined defendant flatly denied the alleged collusion between the plaintiff and her client.

The purpose of the MDL is to preserve scarce judicial resources by consolidating pretrial administration of asbestos cases. Here, the purposes of the MDL would be frustrated if the CTO is not vacated. Judge Antoon has already spent valuable time considering the lengthy written submissions of the parties and hearing extensive oral argument regarding the motion to remand. If the CTO is not vacated, the Panel will have to duplicate all of the hard work already spent on this issue by Judge Antoon. Moreover, the resulting delay will gravely prejudice Ms. Hauck and may well result in her death before she can have her day in court. Vacating the CTO so that Judge Antoon can rule on the Motion to Remand is similarly consistent with settled law. Despite the fact that the Panel entered its Conditional Transfer Order before the District Court Judge was able to rule on the Motion for Remand, that Judge has not lost jurisdiction over the case and, therefore, can make a determination as to Plaintiff's Remand Motion. <u>Faulk v. Owens-Corning Fiberglas Corp., et al.</u>, 48 F. Supp. 2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* <u>Bartley v. Borden, Inc. et al.</u>, 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the fifteen day period.)

Plaintiff filed her Notice of Opposition to CTO- 243 within the prescribed fifteen-day period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further

action by the Panel. Finally, since the case has not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, it is still technically pending in the original district court to which it was removed. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motion for Remand before him, but he may promptly do so and preserve the Plaintiff's right to a timely resolution of her claim[1].

As stated in her Notice of Opposition, preservation of scarce judicial resources and Plaintiff's right to pursue her cause of action based on state common-law products liability claims during her lifetime mandate that the district court to which the case was removed should resolve Plaintiff's Motion for Remand. If this Motion to Vacate the CTO is denied, the MDL Court will be forced to consider Plaintiff's Motion for Remand, already briefed and argued to the original district court to which it was removed, applying unfamiliar substantive law of a foreign state. This need to preserve scare judicial resources was recognized by the district court in Shields v. Bridgestone/Firestone, et al., 232 F. Supp. at 718, fn.1. As in this case, the defendants in Shields removed claiming diversity jurisdiction based on fraudulent joinder and then immediately filed a motion to stay pending transfer to MDL. The district court denied the motion to stay and determined that since the grounds raised in the plaintiffs' motion to remand

---

[1] In fact, the Chairman of the Judicial Panel on Multidistrict Litigation, the Honorable William Terrel Hodges in correspondence to District Courts, specifically addressed the continuing ability of transferor courts to rule on motions similar to Plaintiff's Motion for Remand currently before the United States District Court for the Middle District of Florida:

> Thus your jurisdiction continues until any transfer becomes becomes effective. If you have a motion pending before you in the action – ***particularly a motion to remand to state court*** (if the action was removed to your court) – you are ***encouraged*** to rule on the motion...

Shields v. Bridgestone/Firestone, et al., 232 F. Supp. 715, 718, fn. 1 (E.D. Texas 2002) (emphasis in the original).

were specifically related to the facts of that case and to forum state law,

> There is no risk of needlessly expending the court's resources in ruling on the merits of the motion to remand. ***Rather, this court's adjudication on the merits will prevent another court, already burdened due to the litigation arising out of the same facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding.***

Id. at 718 (emphasis added).

It is well-settled federal jurisdiction law that the parties seeking removal must overcome the *heavy* burden of establishing jurisdiction. Marathon Oil Company v. Ruhrgas, 115 F. 3d 315, 318-19 (5th Cir. 1997)(emphasis added); B., Inc. v. Miller Brewing Company, 663 F. 2d 545, 549 (5th Cir. 1980). An action cannot be transferred to MDL pursuant to 28 USC § 1407 unless the district court in which it is pending has subject matter jurisdiction over the case. BancOhio Corp. v. Fox, 516 F. 2d 29, 323 (6th Cir. 1975); In re: Methyl Tertiary Butyl ("MTBE") Products Liability Litigation, 175 F. Supp. 2d 593, 603, fn. 9 (S.D. New York 2002), *see also* Wright & Miller, 15 Fed. Prac. & Proc. Juris. 2d §3863. The identical logic from the BancOhio case is relied upon in Farkas v. Bridgestone/Firestone, Inc., 113 F. Supp. 2d. 1107 (W.D. Kentucky 2000). In Farkas, the District Court found that the issue of whether the transferor court has subject matter jurisdiction is paramount and must be resolved **before** deciding whether to stay or transfer the case to the panel on MDL. The court found:

> ...While other courts may have focused on the fairness and efficiency of the MDL solution, ***this Court believes that the issue of the subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness. As a court of limited jurisdiction, this Court does not have the power to decide the issues beyond the authority granted by Congress.*** (emphasis added).

Farkas v. Bridgestone/Firestone, Inc., 113 F. Supp. 2d 1107, 1115 (W.D. Kentucky 2000).

In this case, Plaintiff seeks remand because the removal is both procedurally and substantively defective and is untimely and improper. Because there is no basis for federal jurisdiction, Plaintiff ANN HAUCK respectfully requests that her Motion to Vacate the CTO be granted, so that the court to which the case was removed may resolve Plaintiff's Motion for Remand.

Respectfully submitted,

David M. Lipman
Fla. Bar No. 280054

Rebecca S. Shull
Fla. Bar No.: 0529915

DAVID M. LIPMAN, PA
5901 S.W. 74TH Street, Suite 304
Miami, Florida 33143
(305) 662-2600
(305) 667-3361 Facsimile

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order has been served by U.S. Mail on all counsel of record (Schedule CTO - 243 /Docket No. 875), in additional to the counsel listed below on this 6th day of April, 2005.

REBECCA S. SHULL

HAUCK CERTIFICATE OF SERVICE

Virginia Easley Johnson, Esq.
Foley & Mansfield, P.L.L.P.
4770 Biscayne Blvd., Suite 1030
Miami, FL 33130
For: BURNS INTERNATIONAL SERVICES CORP., f/k/a BORG WARNER CORPORATION

Thomas M. Burke, Esq.
Chris N. Kolos, Esq.
Holland & Knight, LLP
200 South Orange Ave., Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
For: MACK TRUCKS, INC., and NAVISTAR INTERNATIONAL TRANSPORTATION CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park I
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER CHRYSLER CORPORATION

Evelyn M. Fletcher, Esq.
Hawkins and Parnell, LLP
303 Peachtree St. N.E., 40th Floor
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
For: DANA CORPORATION and MAREMONT CORP.

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION

Rodd Buell, Esq.
11883 Maidstone Drive
Wellington, Florida 33414
For Honeywell International

Michael Evert, Esq.
Francis Spinelli, Esq.

Evert & Weathersby
Suite 225
3405 Piedmont Road
Atlanta, Georgia 30305
For: Goodyear Tire and Rubber Company

Ben Girtman, Esq.
1020 East Lafayette Street, Suite 207
Tallahassee, FL 32301
Telephone: (850) 656-3232
Facsimile: (850) 656-3233
For: PNEUMO ABEX

Gail Silver, Esq.
500 Australian Ave. South Suite 800
West Palm Beach, FL 33401
Telephone: (561) 659-0551
Facsimile: (561) 835-6866
For: STEEL GRIP, INC.

# PANEL SERVICE LIST (Excerpted from CTO-243)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ann Hauck v. Borg Warner Corp., et al.*, M.D. Florida, C.A. No. 6:04-1835  (Judge John Antoon, II)

Jeffrey M. Bell
Ritter, Chusid, Bivona & Cohen, LLP
7000 West Palmetto Park Road
Suite 305
Boca Raton, FL 33433

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Rodd R. Buell
Law Office of Rodd R. Buell, P.A.
12773 West Forest Hill Boulevard
Suite 205
Wellington, FL 33414

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Timothy J. Ferguson
Bell & Melamed
1451 West Cypress Creek Road
Suite 300
Ft. Lauderdale, FL 33309

Evelyn M. Fletcher
Hawkins & Parnell
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Peter J. Frommer
Ruden, McClosky, Smith, et al.
701 Brickell Avenue
Suite 1900
Miami, FL 33131

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Michelle M. Gervais
Duane Morris, LLP
200 S. Biscayne Blvd.
Suite 3400
Miami, FL 33131

Ben E. Girtman
1020 East Lafayette Street
Suite 207
Tallahassee, FL 32301

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Virginia E. Johnson
Foley & Mansfield
4770 Biscayne Blvd., #1030
Miami, FL 33137-3258

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Richard M. Lauth
Evert & Weathersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA 30305

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David M. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 32143

Gail Cotton Silver
Davis, Silver & Levy
500 Austrailian Avenue, South
Suite 800
West Palm Beach, FL 33401-5016

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael T. Tomlin
Anania, Bandklayder, Blackwell,
Baumgarten, et al.
NationsBank Tower, Suite 4300
100 Southeast 2nd Street
Miami, FL 33131-2144

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Hugh J. Turner, Jr.
Akerman, Senterfitt & Eidson
Las Olas Centre, Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301-0006

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR - 7 2005

FILED
CLERK'S OFFICE

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS LIABILITY   CIVIL ACTION MDL 875
LITIGATION (NO. VI)

This Document Relates To:

United States District Court
Middle District of Florida

Ann S. Hauck C.A. No.:04-1835

## NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-243)

Plaintiff, ANN HAUCK, by undersigned counsel, hereby files this Opposition to Conditional Transfer Order (CTO-243), pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and states as follows:

This case is an asbestos products liability claim. Ms. Hauck is 69 years old and dying from the rare, incurable asbestos cancer known as mesothelioma. Ms. Hauck contracted mesothelioma, an asbestos induced cancer of the lining of the pleura, as a result of being exposed to and inhaling asbestos-containing dust as a child and young woman. There is no cure. Indeed, the median time from diagnosis to death ranges from 4 to 18 months. Exhibit 1, Roggli, et. al., Pathology of Asbestos-Associated Diseases, p. 149 (2nd ed. 2003). Ms. Hauck was diagnosed in October 2003 – 14 months ago.

On July 21, 2004 Ms. Hauck filed suit in the Circuit Court for Dade County, Florida against 21 manufacturers and distributors of asbestos-containing products asserting state common-law products liability claims. Complete diversity of citizenship existed at the time this action was filed. However, one of the diverse Defendants did not consent to removal of the case. As such, Defendants could not achieve unanimity required to remove this case based on diversity

jurisdiction. Notwithstanding the failure to achieve unanimity that deemed this case unremovable, on December 16, 2005, the Defendants improperly removed this case to the United States District Court for the Middle District of Florida based on alleged fraudulent joinder of the non-consenting diverse Defendant.

Plaintiff, ANN HAUCK, filed a substantial Remand Brief in the United States Court for the Middle District of Florida detailing the four independently dispositive reasons that removal of this case is improper. Thereafter, two Defendants submitted oppositions to Plaintiff's remand submission. On February 17, 2005, a hearing was held before the Honorable John Antoon, United States District Court Judge. At this hearing, all parties had the opportunity to present to the Court their arguments and positions related to Plaintiff's Motion for Remand. There has been no ruling on these issues.

Plaintiff, ANN HAUCK, respectfully files this Opposition to the Conditional Transfer Order (CTO-243) based on the fact that the parties' have briefed the issues and argued their positions in the United States District Court for the Middle District of Florida. This case should not be transferred as a matter of judicial economy. If this case is transferred to the MDL before the United States District Court rules, the parties would have to resubmit remand briefs and oppositions and argue the same positions to another Court. This would require yet another Court to devote its scarce judicial resources to entertain issues that have already been briefed and argued to another Federal Court. In addition, Plaintiff ANN HAUCK's precious right to trial during her lifetime is sacrosanct. Should this case be transferred to the MDL before the United States District Court for the Middle District of Florida renders an opinion on the remand issue, the need to argue the remand related issues to another Court will cause additional unnecessary

delay to Ms. Hauck's day in court

WHEREFORE, Plaintiff ANN HAUCK respectfully files this Notice of Opposition to the Conditional Transfer. Furthermore, Ms. Hauck requests that this Court deny the transfer of this Case to the Multidistrict Litigation to enable the District Court for the Middle District of Florida to render its decision on the remand matters presently before that court.

Respectfully Submitted,

DAVID M. LIPMAN
Fla. Bar No.: 280054

REBECCA S. SHULL
Fla. Bar No.: 0529915

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
Fla. Bar No.: 280054

FRANCIS A. ANANIA
Fla. Bar No: 160256

ANANIA, BANDKLAYDER,
BLACKWELL, BAUMGARTEN,
TORRICELLA & STEIN
Bank of America Tower, Suite 4300
100 S.E. Second Street
Miami, Florida 33131-2144
(305) 373-4900 -- phone

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail and U.S. Mail this 24th day of March, 2005 to all Counsel of Record on Attached Service List.

REBECCA S. SHULL

## HAUCK CERTIFICATE OF SERVICE

Virginia Easley Johnson, Esq.
Foley & Mansfield, P.L.L.P.
4770 Biscayne Blvd., Suite 1030
Miami, FL 33130
For: BURNS INTERNATIONAL SERVICES CORP.,
f/k/a BORG WARNER CORPORATION

Thomas M. Burke, Esq.
Chris N. Kolos, Esq.
Holland & Knight, LLP
200 South Orange Ave., Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, FL 32801
Telephone: (407) 425-8500
Facsimile: (407) 244-5288
For: MACK TRUCKS, INC., and NAVISTAR
INTERNATIONAL TRANSPORTATION CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park 1
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER
CHRYSLER CORPORATION

Evelyn M. Fletcher, Esq.
Hawkins and Parnell, LLP
303 Peachtree St. N.E., 40th Floor
Atlanta, GA 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500
For: DANA CORPORATION and MAREMONT
CORP.

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: FORD MOTOR COMPANY and
GENERAL MOTORS CORPORATION

Rodd Buell, Esq.
11883 Maidstone Drive
Wellington, Florida 33414
For Honeywell International

Michael Evert, Esq.
Evert & Weathersby
Suite 225
3405 Piedmont Road
Atlanta, Georgia 30305

For: Goodyear Tire and Rubber Company

Ben Girtman, Esq.
1020 East Lafayette Street, Suite 207
Tallahassee, FL 32301
Telephone: (850) 656-3232
Facsimile: (850) 656-3233
For: PNEUMO ABEX

Gail Silver, Esq.
500 Australian Ave. South Suite 800
West Palm Beach, FL 33401
Telephone: (561) 659-0551
Facsimile: (561) 835-6866
For: STEEL GRIP, INC.