**MDL 875**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 12 2005

FILED
CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LINDA VAUGHN, as Personal
Representative of the Estate of
Thomas Ferguson,

    Plaintiff,

v.                                      Case No.: 8:05-cv-252-T-24 MAP

HONEYWELL INTERNATIONAL,
INC., ET AL.,

    Defendants.
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion for Remand. (Doc. No. 37). Defendants oppose this motion. (Doc. No. 53, 54, 55, 61, 62, 65, 69).

### I. Background

Initially, Thomas Ferguson and his wife, Rosemarie Ferguson, filed suit against several defendants in state court on May 25, 2004 due to Thomas Ferguson's exposure to asbestos-containing products. (Doc. No. 66). Thomas Ferguson died on September 27, 2004 due to asbestos-induced mesothelioma. As a result, Plaintiff[1], as Personal Representative of the Estate of Thomas Ferguson, filed an amended complaint on September 29, 2004. (Doc. No. 3). Plaintiff contends that Thomas Ferguson was exposed to asbestos-containing products at various times, including while working at his company, Vaughn & Ferguson, wherein he performed maintenance on the company's vehicles and equipment. The amended complaint contains four counts: (1) negligence, (2) strict liability, (3) survival action - negligence, (4) survival action

---

[1] Plaintiff is Thomas Ferguson's daughter.

MDL-875
RECOMMENDED ACTION

Vacate CTO-244
Approved/Date: MJB 4/12/05

PLEADING NO. 4467

OFFICIAL FILE COPY
IMAGED APR 12 2005

strict liability.

On February 8, 2005, Defendant Honeywell International Inc. ("Honeywell") filed a Notice of Removal. (Doc. No. 1). Honeywell alleges that removal is proper because this Court has diversity jurisdiction. Honeywell concedes that both Plaintiff and Defendant Freightliner of Tampa, LLC ("Freightliner") are citizens of Florida; however, Honeywell contends that Freightliner has been fraudulently joined, and as such, Freightliner's citizenship may be disregarded. In response, Plaintiff filed the instant motion to remand.

## II. Standard of Review

"'In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" Pacheco de Perez v. AT&T Company, 139 F.3d 1368, 1380 (11th Cir. 1998) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). "The burden of establishing fraudulent joinder is a heavy one. Where a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." Id. (citations omitted).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Id. (citation omitted). The Court must review the factual allegations in the light most favorable to the plaintiff, and it must resolve uncertainties about the applicable law in favor of the plaintiff. See id. (citation omitted).

The fact that the plaintiff may not ultimately prevail against the resident defendant

2

because an insufficient causal connection exists between the resident defendant's actions and the plaintiff's injuries does not mean that the resident defendant has been fraudulently joined. See id. The role of the Court is not to weigh the merits of the plaintiff's claim beyond determining whether the claim is colorable under state law. See id. at 1380-81 (citation omitted). Thus, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)

### III. Motion for Remand

In her motion, Plaintiff argues that this case should be remanded to state court because Defendants cannot meet the heavy burden required to show fraudulent joinder. As explained below, the Court agrees with Plaintiff and finds that this case must be remanded.

On June 14-17, 2004, Thomas Ferguson was deposed, and during his deposition, he did not state that Vaughn & Ferguson owned a Freightliner brand truck, nor did he state that he or anyone else from Vaughn & Ferguson purchased motor vehicle parts from Freightliner. Despite the fact that Thomas Ferguson identified himself in the exposure sheet as the only product identification witness related to his claim against Freightliner[2], Defendants deposed Stephen Ferguson (Thomas Ferguson's son), Robert Vaughn (Thomas Ferguson's son-in-law and co-owner of Vaughn & Ferguson), Kirk Pierce (someone who often retained Vaughn & Ferguson as a subcontractor), Donald Vaughn (Robert Vaughn's brother; he also worked for Vaughn & Ferguson), and Plaintiff Linda Vaughn in an attempt to determine whether Vaughn & Ferguson owned a Freightliner brand truck, whether Thomas Ferguson worked on a Freightliner truck, or

---

[2]Doc. No. 37, Ex. 4.

3

whether Vaughn & Ferguson or Thomas Ferguson purchased motor vehicle parts from Freightliner. None of these deponents stated that Vaughn & Ferguson owned a Freightliner brand truck, that Thomas Ferguson worked on a Freightliner truck, or that Vaughn & Ferguson or Thomas Ferguson purchased motor vehicle parts from Freightliner. On January 13, 2005, in her response to a motion to compel, Plaintiff stated that there were no other product identification witnesses. Based on Plaintiff's January 13, 2005 response, Defendants removed this case based on fraudulent joinder, in which they argue that there is no possibility that Plaintiff can establish a cause of action against Freightliner.

Plaintiff responds that discovery is still open and that discovery from Freightliner may reveal that Thomas Ferguson was exposed to asbestos from Freightliner's products. In support of this contention, Plaintiff's counsel submitted an affidavit in which she states that she met with Thomas Ferguson before he died and that he informed her that he worked on Freightliner trucks while performing mechanic work in Tampa. (Doc. No. 37, Ex. 9). Additionally, Plaintiff states that Freightliner may have records that Thomas Ferguson purchased parts from it, or Freightliner may have former employees who remember selling Freightliner parts to Thomas Ferguson. As such, Plaintiff argues that Defendants have not met their heavy burden of showing that there is no possibility that Plaintiff can establish a cause of action against Freightliner. The Court agrees.[3] See Fitts v. Griffin, 304 F. Supp.2d 1337, 1345 (M.D. Ala. 2004)(finding no fraudulent

---

[3]The Court notes that Thomas Ferguson was listed as the only product identification witness with regards to the claim against Freightliner. However, when Thomas Ferguson did not identify Freightliner in his deposition, Defendants did not seek to immediately remove the case, because they knew that they faced a heavy burden in attempting to establish fraudulent joinder. As a result, they decided that it was necessary to depose the other deponents described above before attempting to remove this case. It logically follows, therefore, that it would also be necessary to obtain discovery from Freightliner before the Court could determine whether

4

joinder because there was a possibility that after additional discovery was conducted the plaintiff would be able to establish a claim against the resident defendant); Pritchard v. Hancock Fabrics, Inc., 198 F. Supp.2d 1288, 1290-91 (N.D. Ala. 2002)(stating that while it might appear that the plaintiff's claim against the resident defendant was "quite weak," it was at least possible that, given an opportunity for full discovery, the plaintiff might uncover evidence in support of her claim).

Furthermore, the Court notes that Freightliner has not submitted any affidavits or other evidence showing that it did not sell any asbestos-containing products to Thomas Ferguson or Vaughn & Ferguson. See Travis v. Irby, 326 F.3d 644, 650 (5th Cir. 2003)(stating that in order to establish that the resident defendant was fraudulently joined, the defendants were required to put forward evidence that would negate a possibility of liability on the part of the resident defendant); Vasura v. Acands, 84 F. Supp.2d 531, 539-40 (S.D.N.Y. 2000)(noting that the defendants submitted no evidence in the form of an affidavit or otherwise to show that the plaintiff could not establish a claim against the resident defendant).[4] As a result, this Court cannot conclude that there is no possibility that Plaintiff can establish a cause of action against Freightliner.

### IV. Conclusion

Freightliner was fraudulently joined.

---

[4] Additionally, the Court notes that Defendants did not directly question Thomas Ferguson about Freightliner during his deposition; instead, Defendants asked Thomas Ferguson to identify the vehicles that he worked on and the places he bought parts from, and Thomas Ferguson failed to identify Freightliner. Furthermore, Plaintiff contends that Thomas Ferguson's failure to identify Freightliner during his deposition was due to his poor health.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Remand (Doc. No. 37) is **GRANTED**. The Clerk is directed to remand this case back to state court and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of April, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record