

MDL 875

## BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | § § | JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |
| Asbestos Product Liability Litigation (No. VI) | § § § | MDL 875   APR 14 2005   FILED CLERK'S OFFICE |

=================================================

*This Document Relates to:*

| | | |
|---|---|---|
| *Harriet I. Ruiz, et al* | § | *from the* |
| *Plaintiffs,* | § § | UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO |
| vs. | § § § | |
| Zia Company, et al | § § | Civil Action Number: *NM 6 05-25* |
| *Defendants.* | § | |

PLEADING NO. 4472

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND BRIEF IN SUPPORT

Plaintiffs, Harriet I. Ruiz, et al, pursuant to Rule 12©) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, moves the Panel to vacate its order, CTO-243, March 15, 2005, conditionally transferring the above captioned case to the United States District for the Eastern District of Pennsylvania.

### I. PARTIES

On May 9, 2004, Mr. Raymond Ruiz died of mesothelioma linked to asbestos exposure. At the time of his exposure, as well as his death, Mr. Ruiz was a resident of the State of New Mexico. Harriet Ruiz, the widow and personal representative of the estate of Raymond Ruiz, filed a wrongful death action on behalf of Mr. Ruiz' estate and beneficiaries ("Plaintiffs).

Page 1 of 7

OFFICIAL FILE COPY

IMAGED APR 1 5 2005

Defendants were sued as the manufacturers of asbestos-containing products to which Mr. Ruiz was exposed. Additionally, the Regents of the University of California was sued as the operator of at least one premises where Mr. Ruiz was exposed to asbestos, the Los Alamos Nuclear Laboratory in New Mexico.

## II. PROCEDURAL HISTORY

The above-referenced case was originally filed in the First Judicial District Court for the County of Santa Fe, New Mexico, on December 8, 2004. The case was subsequently removed to federal court based on federal question jurisdiction and diversity.

Plaintiff served a Stipulation of Dismissal on all Defendants on February 17, 2005. No defendant stipulated to dismissal of plaintiffs claims without prejudice. Plaintiff agreed to dismiss the claims of two defendants *with prejudice* but can not agree to dismiss any further defendants on the same terms.

The only Defendant with a colorable claim to federal question jurisdiction is the Regents of the University of California ("Regents"). As a contractor of the Department of Energy which operated the Los Alamos Nuclear Laboratory at the time the plaintiff worked there and was exposed to asbestos, Regents was granted immunity from suit under the Energy Employees Occupational Illness Compensation Protection Act ("EEOICPA"). The dismissal of Regents eliminates the only defendant who would bring this claim under the jurisdiction of this court on the grounds of a federal question.

All remaining Defendants object to dismissal of plaintiffs' claims without prejudice. Having conferred with counsel for all remaining defendants and having been unable to reach

an agreement as to the dismissal without prejudice of Plaintiffs' claims, Plaintiff has filed, contemporaneously with this motion, its Motion to Dismiss Without Prejudice. A favorable ruling on Plaintiff's motion would make transfer to the United States District Court for the Eastern District of Pennsylvania unnecessary.

### III. PLAINTIFFS' MOTION TO DISMISS SHOULD BE HEARD PRIOR TO ANY TRANSFER

Transfer of the plaintiffs' case would violate the purpose of the Panel for Multi-District Litigation. Pursuant to 28 U.S.C.A. § 1407(a), the transfer of this case to the MDL at the Eastern District of Pennsylvania must be (1) "for the convenience of the parties and witnesses" and to (2) "promote the just and efficient conduct of the cases." Prior to a transfer the Panel must make an affirmative finding that the conditions for the transfer will be met. As plaintiff has agreed to dismiss its claims any transfer could not be for the convenience of the parties nor would keeping a case in litigation promote efficiency. Neither of the requisite findings can be made at this time and thus respectfully ask that the Panel vacate the conditional transfer order of March 15, 2005.

### IV. CONCLUSION

The conditions for transfer cannot be met in this case. Thus, there is no jurisdiction under § 1446. For the foregoing reasons, the Plaintiff submits that neither of the requisite findings pursuant to 28 U.S.C.A. §1407(a)(1)&(2) can be made at this time and thus respectfully ask that the Panel vacate the conditional transfer order of March 15, 2005 at least until such time as the court has heard Plaintiffs' Motion to Dismiss.

Respectfully submitted,

**HEARD, ROBINS, CLOUD, LUBEL & GREENWOOD, L.L.P.**

By: _____
Troy D. Chandler
Texas Bar No. 24006982
300 Paseo De Peralta, Suite 200
Santa Fe, New Mexico 87501
(505) 986-0600
(505) 986-0632
Attorneys for Plaintiffs

BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

In re: § §
§   MDL 875
Asbestos Product Liability Litigation § §
(No. VI) §

=================================================

This Document Relates to:

Harriet I. Ruiz, et al § § *from the*
§
Plaintiffs, § §   UNITED STATES DISTRICT COURT
§   DISTRICT OF NEW MEXICO
vs. § §
§
§
Zia Company, et al § §   Civil Action Number: *NM 6 05-25*
§
Defendants. § §

---

### ORDER ON PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER

---

On this day came on to be heard Plaintiffs' Motion to Vacate Conditional Transfer Order and Brief in Support, and the Court, after carefully considering the Motion and the arguments of counsel, is of the opinion that the Motion should be GRANTED.

SIGNED this _____ day of _____ , 2005.

_____
JUDGE PRESIDING

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 14 2005

FILED
CLERK'S OFFICE

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly forwarded to all counsel of record, the Clerk of the Court for the U. S. District Court for the District of New Mexico, as well as the MDL Panel Service List on this 13th day of April, 2005 via U.S. mail.

Troy D. Chandler

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2005 APR 14 A 10: 33
RECEIVED
CLERK'S OFFICE

Arthur O. Beach
Keleher & McLeod
P.O. Drawer AA
Albuquerque, NM 87103

Mary P. Birk
Baker & Hostetler, LLP
303 E. 17th Avenue, Suite 1100
Denver, CO 80203

Troy D. Chandler
Heard Robins Cloud Lubel & Greenwood, LLP
300 Paseo De Peralta, Suite 200
Santa Fe, NM 87501

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Secodn Avenue, South
Minneapolis, MN 55402

Bruce L. Her
Los Alamos National Laboratory
Office of Laboratory Counsel, Stop A-187
P.O. Box 1663
Los Alamos, NM 87545

Richard C. Binzley
Thompson Hine, LLP
127 Public Square, 3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 70th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

Tim Fields
Modrall, Sperling, Roehl, Harris & Sisk
P.O. Box 2168
Albuquerque, NM 87103

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Dana S. Hardy
Simons & Slattery
P.O. Box 5333
Santa Fe, NM 87502-5333

Reginald S. Kramer
Oldham & Dowling
195 South Main St., Suite 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

L. Michael Messina
20 First Plaza, N.W., #306
Albuquerque, NM 87102

Albert B. Norris
Reed Smith, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, 6th Floor
Los Angeles, CA 90025

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1580 Penobscot Building
The Maritiem Asbestosis Legal Clinic
Detroit, MI 48226

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rich, LLC
28 Bridgside Blvd.
Mt. Pleasant, SC 29464

Feliz A. Rael
Atkinson & Thal
201 Third Street, N.W., #1850
Albuquerque, NM 87102

Bill Robins, III
Robins, Cloud, Greenwood & Lubel, LLP
300 Paseo De Peralta, Suite 200
Santa Fe, NM 87501

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, LLP
Centre Square West, 15th Floor
Philadelphia, PA 19102

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Rocky N. Unruh
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Tim Vidal
Canepa & Vidal
P.O. Box 8980
Santa Fe, NM 87504-8980

James K. Weston, II
Tom Riley Law Firm 4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

United States of America Judicial Panel on MDL
Michael J. Beck, Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-255, North Lobby
Washington, D.C.  20002