MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 15 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTI DISTRICT LITIGATION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Asbestos Product Liability Litigation | ) | MDL 875 |
| (No. VI) | ) | |
| | ) | |
| | ) | |
| This Document Relates to: | ) | |
| | ) | |
| Harriet I. Ruiz, et al., | ) | from the |
| | ) | |
| Plaintiffs, | ) | UNITED STATES DISTRICT COURT |
| | ) | DISTRICT OF NEW MEXICO |
| | ) | |
| vs. | ) | |
| | ) | |
| Zia Company, et al., | ) | Civil Action No.: NM 5 06-25 JH/WDS |
| | ) | |
| Defendants. | ) | |

### DEFENDANT REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER 243 AND BRIEF IN SUPPORT

### INTRODUCTION

Defendant the Regents of the University of California ("the University") moves pursuant to Rule 12 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation for the Panel to vacate its Order, CTO-243, dated March 15, 2005, that conditionally transferred the above-captioned case to the United States District Court for the Eastern District of Pennsylvania.

In the underlying case, the University has filed a motion to dismiss the claims against it with prejudice, and Plaintiff has agreed to dismiss with prejudice the claims against the University. *See* Plaintiffs' Motion to Vacate Conditional Transfer and Brief in Support (filed March 28, 2005) at pp. 2 & 3. Plaintiffs have also agreed to dismiss all other claims in the New Mexico federal court

PLEADING NO. 4477

OFFICIAL FILE COPY

IMAGED APR 1 8 2005

action *without prejudice*. Id. In light of the Plaintiffs' agreement to dismiss the University with prejudice and all other parties without prejudice in the action pending in New Mexico federal court, transferring this case to the Eastern District of Pennsylvania would not serve the purpose set out in 28 U.S.C. § 1407(a) of promoting the "just and efficient conduct" of this action.

## ARGUMENT

### TRANSFERRING THIS ACTION WOULD NOT PROMOTE "JUST AND EFFICIENT CONDUCT" OF THIS ACTION BECAUSE THERE IS A PENDING MOTION THAT COULD HAVE A DISPOSITIVE EFFECT ON THIS ACTION.

Transferring this case to the Eastern District of Pennsylvania would not promote the just and efficient conduct of the case, as required by 28 U.S.C. § 1407(a), because there is a pending motion to dismiss that would be dispositive of Plaintiffs' claims against the University as well as all other claims currently pending in New Mexico federal court.

This action is one of two identical cases presently pending in the United States District Court for the District of New Mexico. The related action bears the same caption but is numbered CIV-05-0027 JP/ACT. In this action, the University has moved to dismiss the claims against it, on the grounds that Plaintiffs' claims are barred by the Energy Employees Occupational Illness Compensation Act ("EEOICPA" or "the Act"), 42 U.S.C. § 7385 *et seq*. The EEOICPA provides that an individual who alleges that he has an illness covered by the Act must pursue the claim in an administrative proceeding before the Department of Labor or through a worker's compensation proceeding. **See 42 U.S.C. § 7385s *et seq*.** Under the EEOICPA, an injured individual may not pursue common law claims based on theories of negligence, willful misconduct, and strict liability, **see 42 U.S.C. § 7385c,** such as Plaintiffs have done in this case against the University.

Plaintiffs did not file any responsive brief opposing the University's Motion to Dismiss, and,

indeed, Plaintiffs have agreed that dismissal of the claims against the University with prejudice is appropriate and have also sought dismissal of all other claims without prejudice. *See* Plaintiffs' Motion to Vacate Conditional Transfer and Brief in Support (filed with the Judicial Panel on Multidistrict Litigation on March 28, 2005) at pp. 2 & 3. Because Plaintiffs wish to voluntary dismiss the actions pending in New Mexico federal court, transferring this case from the District of New Mexico would not promote the just and efficient conduct of this case.

An analogous situation arose in ***In re U.S. Navy Variable Reenlistment Bonus Litigation***, 407 F. Supp. 1405 (J.P.M.L. 1976). In that case, 25 actions were pending in nine federal district courts in the Ninth Circuit, the Fourth Circuit and the Fifth Circuit. *See id.* There were appeals pending before the Courts of Appeal for the Ninth Circuit and Fourth Circuit. The judicial panel on multidistrict litigation concluded that "since the disposition of those appeals could have a substantial if not dispositive effect on all the actions pending in districts within those circuits . . . we believe that the most prudent course to follow is to deny transfer." *See id.,* 407 F. Supp. at 1407.

Similarly, in this case, the motions pending in New Mexico federal district court will have a dispositive effect and it would not promote judicial efficiency to transfer this case with dispositive motions pending. Accordingly, the Judicial panel on Multidistrict Litigation should vacate the conditional transfer order of March 15, 2005.

## CONCLUSION

Transfer of this case to the Eastern District of Pennsylvania will not promote the just and efficient conduct of this case and the Conditional Transfer Order 243 should be vacated.

Respectfully submitted,

SIMONS & SLATTERY, L.L.P.

_____
William P. Slattery
P. O. Box 5333
Santa Fe, NM 87502-5333
(505) 988-5600

Attorneys for the Regents of the University
 of California

and

Bruce Herr
Cindy Lovato-Farmer
Los Alamos National Laboratory
P.O. Box 1663
Los Alamos, NM 87545
(505) 667-3766

Attorneys for Defendant
 Regents of the University of California

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Vacate Conditional Transfer order 243 was mailed, first-class mail, postage prepaid, on this 14th day of April 2005, to counsel of record on the attached service list.

_____
William P. Slattery

PANEL SERVICE LIST (Excerpted from CTO-243)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Arthur O. Beach
Keleher & McLeod
P.O. Drawer AA
Albuquerque, NM 87103

Richard C. Binzley
Thompson Hine, LLP
127 Public Square, 3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Troy D. Chandler
300 Paseo De Peralta, Suite 200
Santa Fe, NM 87501

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Tim L. Fields
Modrall, Sperling, Roehl, Harris & Sisk
P.O. Box 2168
Albuquerque, NM 87103

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Dana S. Hardy
Simons & Slattery
P.O. Box 5333
Santa Fe, NM 87502-5333

Bruce L. Her
Los Alamos Natioal Labratory
Office of Laboratory Counsel, Stop A-187
P.O.Box 1663
Los Alamos, NM 87545

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

L. Michael Messina
20 First Plaza, N.W., #306
Albuquerque, NM 87102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Albert B. Norris
Reed Smith, LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

Feliz A. Rael
Atkinson & Thal
201 Third Street, N.W., #1850
Albuquerque, NM 87102

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Bill Robins, III
Robins, Cloud, Greenwood & Lubel, L.L.P.
910 Travis, Suite 2020
Houston, TX 77002

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Rocky N. Unruh
Morgenstein & Jubelirer
Spear Street Tower
32nd Floor
One Market Plaza
San Francisco, CA 94105

Tim Vidal
Canepa & Vidal
P.O. Box 8980
Santa Fe, NM 87504-8980

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406