MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

APR 20 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | | |
|---|---|---|
| LEROY JACKSON | * | |
| Plaintiff | * | SCHEDULE CTO-244<br>DOCKET NO. 875 |
| vs. | * | Civil Action No.: MD 1 05-649 (Judge William D. Quarles, Jr.) |
| JOHN CRANE - HOUDAILLE, INC., et al. | * | |
| | * | |
| Defendants | | |

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND MEMORANDUM IN SUPPORT OF MOTION TO VACATE

Plaintiff, by his undersigned attorneys, pursuant to Rule 7.4 of the *Rules of Procedure of the Judicial Panel on Multidistrict Litigation*, 199 F.R.D. 425, 435-36 (2001), hereby Moves to Vacate the conditional transfer order entered in the above-referenced case and in support thereof states as follows:

1. **Procedural History**

On March 4, 2005, Defendant Hampshire Industries, Inc. improperly filed a Notice of Removal of Civil Action removing Plaintiff's asbestos action from the Circuit Court of Baltimore City to the United States District Court for the District of Maryland. The Defendant's basis for removing the action is that Plaintiff's exposure to asbestos occurred in the course of his employment at the Bureau of Engraving and Printing. Defendant seeks removal pursuant to 28 U.S.C. §1441 claiming that the Bureau of Engraving is a federal enclave and therefore the District Court has original jurisdiction pursuant to 28 U.S.C. §1331, specifically through Art.I., §8, cl. 17. In the Notice, Defendant asserted that "all Defendants consent to this Notice of

PLEADING NO. 4482

OFFICIAL FILE COPY IMAGED APR 20 2005



Removal."

On March 24, 2005, Plaintiff filed a Motion to Remand seeking remand to the Circuit Court of Baltimore City on procedural grounds (specifically the failure of the Defendant to obtain consent of all parties) and substantive grounds, set forth below. Defendant has not yet filed a response to Plaintiff's Motion, nor has a hearing been scheduled.

On April 5, 2005, this Court entered the Conditional Transfer Order, thus depriving Plaintiff the opportunity to obtain a ruling by the U.S. District Court for the District of Maryland on the issue of remand to Circuit Court.

2.  **Argument**

When a party attempts to remove a case from State Court pursuant to 28 U.S.C. §1441, they incur the burden of proper jurisdiction within the Federal System. *See Mulcahey v. Columbia Organic Chems Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). As stated by the 4th Circuit, "the burden of establishing Federal jurisdiction is placed upon the party seeking removal." *Id.* (citing *Wilson v. Republic Iron & Steel Company*, 257 U.S. 92 (1921)). And "because removal raises significant Federal concerns, a Court must strictly construe removal jurisdiction." *Id.* (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). Finally, "if Federal jurisdiction is doubtful, a remand is necessary." *Id.* (citing *In re Business Men's Assur. Co. of America*, 992 F. 2d 181, 183 (8th Cir. 1993)).

The Defendants' basis for the filing of a Notice of Removal of Civil Action in this case is that Plaintiff's exposure to asbestos occurred in the course of his employment at the Bureau of Engraving and Printing. Defendant seeks removal pursuant to 28 U.S.C. §1441 claiming that the Bureau of Engraving is a federal enclave and therefore the District Court has

original jurisdiction pursuant to 28 U.S.C. §1331, specifically through Art I., §8, cl. 17.

### A. Defendant Hampshire Failed to Meet the Procedural Requirements of 28 U.S.C. §1446

The Defendant, however, failed to meet the procedural requirements of 28 U.S.C. §1446, in that not *all* properly served Defendants joined or consented to the Petition for Removal within the time allowed for the removal petition. Therefore, the Petition is procedurally defective and the action must be remanded. "Under 28 U.S.C. §1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1993 n.1 (9th Cir. 1988)(citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir.1986); *Tri-Cities Newspapers, Inc. v. Tri-Cities P.P. & A Local 349*, 427 F.2d 325, 326-27 (5th Cir.1970)). Furthermore, all served defendants must consent to the removal within the thirty day period required by 28 U.S.C. §1446(b). *See Hines v. AC & S, Inc.*, 128 F.Supp 2d 1003, 1009 (N.D. Tex, 1001) (filing of four consents after the deadline rendered removal untimely).

In the case at bar, the Plaintiff identified the Bureau of Engraving work-site in his Answers to Interrogatories filed on February 2, 2005. Defendant Hampshire filed the Petition for Removal thirty days later, on March 4, 2005. Attached to the Petition as Exhibit 2 were consents from counsel for a number of defendants in the case. Absent from the Exhibit, however, is a consent from Defendant Durabla Manufacturing Company. Defendant Durabla was served with a Summons and Complaint on December 20, 2004, as acknowledged by Defendant Hampshire in *Defendants' Joint Statement Pursuant to Standing Order Concerning Removal*, and the attached exhibit, filed in the U.S. District Court on March 18, 2005. A copy of the Writ of Summons and

Certified Mail Receipt signed by a representative of Defendant Durabla is attached as Exhibit 1. Accordingly, the consent of Defendant Durabla was required by March 4, 2005 in order for the Petition to be timely. The failure by Defendant Hampshire to obtain consent of Defendant Durabla Manufacturing Co. by the expiration of the thirty day period renders the filing of the Petition for Removal untimely, and the case must be remanded.

### B. Defendant Hampshire has failed to establish that the Bureau of Engraving is a Federal Enclave.

Defendant Hampshire asserts baldly that since the Bureau of Engraving is in the District of Columbia, it falls within a Federal Enclave. Under this rationale, any tort, contract or criminal matter that arises within the boundaries of the District of Columbia, no matter how minor, would fall within the jurisdiction of the Federal Courts. Clearly this is an overly broad interpretation of the Constitution and can not be supported by the applicable case law. Even if the Court determines that the building is a Federal Enclave, this action should be tried in the State court. This action, being transitory in nature, can be brought in any jurisdiction where *in personam* jurisdiction can be effectuated against the Defendant.

> . . . To provide in personam relief, the Court need only have personal jurisdiction over the Defendant, and thus a transitory action may be brought in any jurisdiction in which the Defendant can be found.

*Raphael J. Musicus, Inc. v. Safeway Stores, Inc.*, 743 F.2d 503 (7th Cir. 1984)

This rule is the same even when the personal injury transitory action occurs on a Federal Enclave, since the Plaintiff can maintain that action in whatever court personal jurisdiction

exists.[1] In the case of *Ohio River Contract Co. v. Gordon*, 244 U.S. 68, 37 S.Ct. 599 (1917), the Supreme Court held that a State Court may maintain a personal injury cause of action when the injury occurred on an exclusive jurisdiction Federal Enclave. As in this case, it was argued that Art. I, §8, Cl. 17, of the Constitution divested the State Court of jurisdiction to hear the case. The Supreme Court held:

> And finally, an action for personal injuries being in its nature transitory and susceptible of being brought in any jurisdiction in which the Defendant may be impleaded, there is no foundation for the contention that the Court had no jurisdiction over the subject matter . . .

*Id.* at 72, 37 S. Ct. 599, 601, 61 L Ed. 997, 1000 (1917). There is proper jurisdiction for the trial of this matter in State Court, and that jurisdiction should not be disturbed simply because the negligent acts occurred in a building within the District of Columbia. Under the circumstances of this case, there is no reason for the Federal Court to assume jurisdiction.

The purpose of Federal Enclave jurisdiction is to assure that the Federal Government shall have unrestricted use of the land for the governmental purposes for which the land was acquired,[2] but does not extend to areas outside of those Federal responsibilities. This case does not present any issue which would cause a conflict with federal interest. The plaintiff is a civilian who has sued various domestic corporations for personal injuries sustained. The fact that the plaintiff worked in a governmental building within the District of Columbia does not suggest or involve any conflict with a federal interest.

---

[1] *See*, Generally, Capt. Richard T. Altieri, *Federal Enclaves: The Impact of Exclusive Legislative Jurisdiction Upon Civil Litigation*, 72 Mil. L. Rev. 55, 79-80 (1976).

[2] *See*, Generally, Capt. Richard T. Altieri, *Federal Enclaves: The Impact of Exclusive Legislative Jurisdiction Upon Civil Litigation*, 72 Mil. L. Rev. 55, 57-61 (1976).

3.  **Conclusion**

Defendant Hampshire Industries, Inc.'s Notice of Removal suffers both procedural and substantive deficiencies. Accordingly, Plaintiff's case must be remanded to Circuit Court for Baltimore City. The entry of the Conditional Transfer Order prior to a ruling on Plaintiff's Motion to Remand has deprived Plaintiff the opportunity to seek redress for the improper removal. Entry of this Order will effectively allow the Defendant to whitewash the procedurally defective Removal, and sweep this case, which was scheduled for trial on June 13, 2006, into the Multidistrict Litigation, inevitably delaying disposition of the case.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court vacate the Conditional Transfer Order and permit the local District Court to rule on the issue of whether the Removal was proper.

Respectfully submitted,

*/s/ William G. Minkin*

William G. Minkin
Federal Bar #024685
Law Offices of Peter Angelos
One Charles Center, 22nd Floor
100 N. Charles Street
Baltimore, MD 21201-3812

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 20 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | | |
|---|---|---|
| LEROY JACKSON | * | |
| Plaintiff | * | SCHEDULE CTO-244<br>DOCKET NO. 875 |
| vs. | * | Civil Action No.: MD 1 05-649 |
| JOHN CRANE - HOUDAILLE, INC.,<br>et al. | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of April, 2005, an original and eleven copies of the foregoing Plaintiff's Motion to Vacate Conditional Transfer Order and Memorandum in Support of Motion to Vacate, as well as a computer readable disk of the pleading were sent via first class mail to Michael J. Beck, Clerk of the Panel, in accordance with the Federal Rules of Civil Procedure and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. In addition, copies were sent by first class mail, postage prepaid, to all attorneys on the attached Panel Service List.

_____
William G. Minkin
Federal Bar #024685
Law Offices of Peter Angelos, P.C.
One Charles Center, 22nd Floor
100 N. Charles Street
Baltimore, MD 21201-3812

2005 APR 18 P 4: 34
RECEIVED CLERK'S OFFICE
PANEL ON MULTIDISTRICT LITIGATION

**PANEL SERVICE LIST (Excerpted from CTO-244)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Leroy Jackson v. John Crane-Houdaille, Inc., et al.*, D. Maryland, C.A. No. 1:05-649 (Judge William D. Quarles, Jr.)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Richard Lloyd Flax
Zauner & Flax
100 North Charles Street, Suite 1700
Baltimore, MD 21201

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Thomas M. Goss
Goodell, DeVries, Leech & Dann, LLP
Commerce Place
One South Street, 20th Floor
Baltimore, MD 21202

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

William G. Minkin
Law Office of Peter G. Angelos
One Charles Center, 22nd Floor
100 North Charles Street
Baltimore, MD 21201-3812

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Theodore F. Roberts
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
Towson, MD 21285-5517

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street
Suite 1400
Baltimore, MD 21201-1019

Andrew Joseph Sloniewsky
Steptoe & Johnson, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 20 2005

FILED
CLERK'S OFFICE

# EXHIBIT 1

FRANK M. CONAWAY, CLERK
111 NORTH CALVERT STREET - ROOM 462
BALTIMORE, MARYLAND 21202

WRIT OF SUMMONS                     CASE NUMBER: __24X04001110__

STATE OF MARYLAND, CITY OF BALTIMORE, TO WIT:

TO:     DURABLA MANUFACTURING CO.
        SERVE ON: WILLIAM F. MUELLER, ESQ., CLEMENTE, MUELLER & TOBIA, P.A.
        218 Ridgedale Avenue
        P.O. Box 1296
        Morristown, NJ 07962-1296

You are hereby summoned to file a <u>written</u> response by pleading or motion in this Court to

the attached Complaint filed by___ LEROY JACKSON 980 ANNAPOLIS ROAD GAMBRILLS, MD

21054___

within ___60___ days after service of this summons upon you.

WITNESS the Honorable Chief Judge of the Eighth Judicial Circuit of Maryland.

Date Issued: DEC 1 4 2004

FRANK M. CONAWAY, CLERK  Clerk

TO THE PERSON SUMMONED:

1. PERSONAL ATTENDANCE IN COURT ON THE DAY NAMED IS NOT REQUIRED.
2. FAILURE TO FILE A RESPONSE WITHIN THE TIME ALLOWED MAY RESULT IN A JUDGMENT BY DEFAULT OR THE GRANTING OF THE RELIEF SOUGHT AGAINST YOU.

### SHERIFF'S RETURN

Person Served _____ Time _____ Date _____

Person Served _____ Time _____ Date _____

Non Est (Reason) _____

Fee $ _____   Sheriff _____

NOTE:
1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reason.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, Process server shall file a separate affidavit as required by Rule 2-126(a).

**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total P | |

Postmark Here

DEC 1 4 2004

Sent To: DURABLA MANUFACTURING CO.
SERVE ON: WILLIAM F. MUELLER, ESQ.,
CLEMENTE, MUELLER & TOBIA, P.A.
Street, 218 Ridgedale Avenue
or PO B P.O. Box 1296
City, St Morristown, NJ 07962-1296

7004 2510 0002 9720 1822

PS Form 3800, June 2002

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits. Jackson

1. Article Addressed to:

DEC 1 4 2004

DURABLA MANUFACTURING CO.
SERVE ON: WILLIAM F. MUELLER, ESQ.,
CLEMENTE, MUELLER & TOBIA, P.A.
218 Ridgedale Avenue
P.O. Box 1296
Morristown, NJ 07962-1296

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name): Sharon Benson
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

ENTERED

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☑ Yes

2. Article Number (Transfer from service label)

7004 2510 0002 9720 1822

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

TOTAL P.03