JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL** **875**

MAY − 5 2005

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**
**MDL DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

FILED
CLERK'S OFFICE

SINFOROSA APODACA, et al.,

Plaintiffs,

vs.

IN THE UNITED STATES
DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO
No. CIV 05-00182 MV/DJS

THE ZIA COMPANY, et al.,

Defendants.

### MOTION TO VACATE CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, move the Panel to vacate its Order of April 5, 2005 conditionally transferring the above-captioned case to the United States District Court for the Eastern District of Pennsylvania.  This Motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may be presented to the Panel at the time of the hearing on the Motion.

Pursuant to Rule 12(c), movants request the Clerk to set this Motion for hearing at the next session of the Panel.

IMAGED MAY 9 2005     OFFICIAL FILE COPY

1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

05/04/05                              Respectfully submitted:      MAY - 5 2005

                                      ATTORNEYS FOR PLAINTIFFS
                                                              FILED
                                                        CLERK'S OFFICE

                                      TRINE & METCALF, P.C.

                                      _____
                                      J. Conard Metcalf #2489, Colorado
                                      Judy B. Snyder #34514, Colorado
                                      Texas Bar No. 02837100
                                      1435 Arapahoe Avenue
                                      Boulder, CO 80302
                                      303/442-0173
                                      303/443-7677 – facsimile


                                      *And*
                                      CARPENTER & STOUT, LTD.

                                      *David J. Stout, w/ permission JBS*
                                      David J. Stout
                                      William H. Carpenter
                                      1600 University NE, Suite A
                                      Albuquerque, NM 87102-1724
                                      505/243-1336
                                      505/243-1339 – facsimile

## CERTIFICATE OF SERVICE

    I hereby certify that on May 4, 2005, a true and correct copy of the foregoing
Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of
the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multi-
District Litigation.

                                      _____
                                      Judy Bradshaw Snyder

**PANEL SERVICE LIST (Excerpted from CTO-244)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Sinforosa Apodaca, et al. v. Zia Co., et al.*, D. New Mexico, C.A. No. 6:05-182  (Judge Martha Vazquez)

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Jennifer G. Anderson
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James P. Bieg
Rodey, Dickason, Sloan, Akin & Robb
P.O. Box 1357
Santa Fe, NM 87504-1357

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Martha G. Brown
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Donald G. Bruckner, Jr.
Guebert, Bruckner & Bootes, PC
P.O. Box 93880
Albuquerque, NM 87199-3880

William H. Carpenter
Carpenter & Stout
1600 University Boulevard, N.E.
Suite A
Albuquerque, NM 87102

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Tim L. Fields
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Laura Rehm Giokas
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ronald L. Hellbusch
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alice T. Lorenz
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Thomas R. Mack
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Feliz A. Rael
Atkinson & Thal
201 Third Street, N.W.
#1850
Albuquerque, NM 87102

Melissa J. Reeves
Sandenaw & Piazza, PC
2951 A Roadrunner Parkway
Las Cruces, NM 88011

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael C. Ross
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

**PANEL SERVICE LIST (Excerpted from CTO-244)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Sinforosa Apodaca, et al. v. Zia Co., et al.*, D. New Mexico, C.A. No. 6:05-182  (Judge Martha Vazquez)

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Jennifer G. Anderson
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James P. Bieg
Rodey, Dickason, Sloan, Akin & Robb
P.O. Box 1357
Santa Fe, NM 87504-1357

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Martha G. Brown
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Donald G. Bruckner, Jr.
Guebert, Bruckner & Bootes, PC
P.O. Box 93880
Albuquerque, NM 87199-3880

William H. Carpenter
Carpenter & Stout
1600 University Boulevard, N.E.
Suite A
Albuquerque, NM 87102

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Tim L. Fields
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Laura Rehm Giokas
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ronald L. Hellbusch
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alice T. Lorenz
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Thomas R. Mack
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Feliz A. Rael
Atkinson & Thal
201 Third Street, N.W.
#1850
Albuquerque, NM 87102

Melissa J. Reeves
Sandenaw & Piazza, PC
2951 A Roadrunner Parkway
Las Cruces, NM 88011

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael C. Ross
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Patrick M. Shay
Rodey, Dickason, Sloan, Akin & Robb
P.O. Box 1888
Albuquerque, NM 87103

Judy Bradshaw Snyder
William & Trine PC
1435 Arapahoe Avenue
Boulder, CO 80302-6390

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Bruce H. Strotz
Fairfield, Garrow & Strotz
P.O. Box 35400
Albuquerque, NM 87176

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION
MDL DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

SINFOROSA APODACA, et al.,

Plaintiffs,

vs.

                 IN THE UNITED STATES
                 DISTRICT COURT FOR THE
                 DISTRICT OF NEW MEXICO
                 No. CIV 05-00182 MV/DJS

THE ZIA COMPANY, et al.,

Defendants.

## BRIEF IN SUPPORT OF MOTION TO VACATE
## CONDITIONAL TRANSFER ORDER

Plaintiffs respectfully file this Brief in Support of their Motion to Vacate the

Conditional Transfer Order (CTO-244) entered by the Judicial Panel on Multidistrict

Litigation on April 5, 2005.  Pursuant to Panel Rule 7.4(d), this Motion and Brief to

Vacate the Conditional Transfer Order are being filed in support of Plaintiffs' Notice of

Opposition which was filed on April 19, 2005.[1]

## II.  STATEMENT OF FACTS

Two Plaintiffs, Sinforosa and Anthony Apodaca ("Plaintiffs"), brought claims

individually and on behalf of the Estate of Plaintiffs' Decedent – Johnnie G. Apodaca

("Decedent") – against various manufacturers and distributors of asbestos products for

asbestos-related injuries and death incurred by Decedent from his exposure to these

products.  Despite the fact that this case was filed in state court against *multiple*

defendants, *one* defendant, The Zia Company ("ZIA") filed a Notice of Removal on or

---

[1] *See* Notice attached as Exhibit A.

1

about February 18, 2005, alleging diversity jurisdiction, federal question jurisdiction and

supplemental jurisdiction pursuant to 28 U.S.C. § 1441 (a), (b), and (c).  Since that time,

the Panel has issued a Conditional Transfer Order (CTO-244), delaying, and possibly

fatally jeopardizing, Plaintiffs' opportunity – and right – to have their day in court.

Pursuant to Panel Rule 7.4(b), Plaintiffs filed their Notice of Opposition to the

Conditional Transfer Order on April 19, 2005.  Now, pursuant to Panel Rules 5.12(a),

5.13 and 7.4(d), Plaintiffs file this Motion and Brief to Vacate the Conditional Transfer

Order.  This submission is being filed on or before May 5, 2005 as required by the Panel.

For the reasons stated below, the Conditional Transfer Order should be vacated so that

these Plaintiffs – originally removed to federal court by defendant, ZIA – can proceed in

the timely resolution of their claims in *state* court.

### III.  ARGUMENT

A.    Because Federal Court Jurisdiction Is Lacking, This Court Should
      Refrain From Transferring This Case to MDL-875.

Plaintiffs filed their asbestos wrongful death case on or about January 4, 2005.

Their Complaint stated claims arising under New Mexico law exclusively.  Plaintiffs'

motion to remand this case to state court where it belongs is currently pending in the

United States District Court for the District of New Mexico.  The Notice of Completion

for all of the pleadings that relate to Plaintiffs' Motion was filed on April 21, 2005.

Plaintiffs expect to prevail on their Motion for Remand for numerous reasons.

First, removing defendant, ZIA argues that the Energy Employees Occupational

Illness Compensation Program Act (EEOICPA) applies in this case such that Federal

Question Jurisdiction under 28 U.S.C. § 1331 exists.  This argument is without merit.

ZIA has failed in its briefing to provide evidence to show that Plaintiffs' case meets the

standards necessary for the EEOICPA to apply.  The EEOICPA was established to provide efficient, uniform and adequate compensation for **beryllium** and **radiation** related health conditions (cancers) – not asbestos-related diseases – suffered by individuals who had worked at a DOE facility.[2]

In addition to having a beryllium or radiation based disease, to obtain compensation under the EEOICPA a claimant must have sustained the injury (the covered cancer) in the performance of his or her duties at the DOE facility.  This is further explained in § 7384n(b): "An individual with cancer specified in sub clause (I), (II), and (III) of § 3621 (9)(B)(ii)[3] shall be determined to have sustained the cancer in the performance of duty for purposes of the compensation program **if, and only if, the cancer specified in that sub clause was at least as likely as not related to employment at the facility** specified in the sub clause, as determined in accordance with the guidelines established under subsection (c)."[4]  Zia has failed in its removal pleadings to provide evidence that would allow a court or fact-finder to conclude that Decedent's asbestos-related mesothelioma "was at least as likely as not" related to his employment at the Sandia Labs.  Mr. Apodaca worked at various places – including, but not limited to, this DOE facility.

Finally, ZIA's argument in its Notice of Removal and related pleadings that Federal Question Jurisdiction under 28 U.S.C. § 1331 exists does not make sense given that defendant is arguing that the EEOICPA is the *exclusive remedy* for those individuals covered by the Act.  If the exclusive remedy is an administrative one – as ZIA seems to

---

[2] 42 U.S.C. § 7384(a)(8).
[3] 42 U.S.C. § 7384l(9)(B)(ii).
[4] These guidelines deal exclusively with radiation.

3

be arguing – an action could not be brought in Federal Court under § 1331. Defendant, ZIA cannot have it both ways.

ZIA's claim that it was added as a defendant merely to defeat diversity is equally without merit. Plaintiffs included ZIA as a defendant in their case upon a determination that ZIA is and was a necessary party. Plaintiffs have a good faith reason to believe that ZIA may have distributed asbestos-containing products to one or more of the job-sites where Decedent worked in New Mexico. The Zia Company was never formally dissolved in New Mexico, so it would seem to Plaintiffs that defendant could and should anticipate being brought into court in a jurisdiction where it had formerly, actively done business. Because of the long latency of asbestos-related diseases it is totally foreseeable to ZIA that it would be required to defend cases in New Mexico, where it admittedly performed contracting services up and through 1986. ZIA has not provided any evidence that it did not supply products to one of the job-sites where Decedent worked, nor did it provide any evidence or proof that it does not have a principal place of business in New Mexico. In its submissions, defendant merely quoted language from Plaintiffs' Complaint and a letter from Plaintiffs' counsel and this is insufficient to establish where ZIA's principal place of business was or is located.[5]

An additional argument made by ZIA in its Response to Plaintiffs' Motion for Remand was that Plaintiffs' request to amend and join NAPA of Santa Fe would be tantamount to fraudulent joinder. The burden of establishing that a plaintiff fraudulently

---

[5] See *Leiblinger v. Saks Fifth Ave.* (1985)(Nd Ohio), 612 F. Supp. 872 (Defendant corporation's removal petition is properly denied where assertion that corporation's principal place of business is state other than forum, and consequently that diversity jurisdiction exists, is premised upon mere unsupported conclusion of corporation's counsel).

4

joined (or, is seeking to join as is the case here) is heavy.[6]  Plaintiffs contend that ZIA has

not met its burden for several reasons:  (1) Plaintiffs have at least a colorable claim as

against NAPA Auto Parts of Santa Fe based upon their current Complaint (and Plaintiffs

have requested permission to amend); and (2) NAPA, the non-resident corporation

initially sued by Plaintiffs, is responsible and liable for any negligence on the part of the

locally-owned NAPA of Santa Fe under the Restatement Second of Torts.

Finally, ZIA failed to obtain the written consent of all defendants; indeed, one

defendant – John Crane, Inc. – has filed its Notice of Opposition to the removal.  Because

the right of removal is jointly held by all defendants, the failure of even one defendant to

join in the notice precludes removal.[7]  This procedural defect is fatal, and mandates

remand.  No basis for the exercise of federal jurisdiction appears on the face of Plaintiffs'

pleading and this Panel should decline to finally transfer this case until the remand

motion is decided by the U.S. District Court for the District of New Mexico.

> B.   This Panel Should Vacate Its Conditional Transfer Order Because
> This Case No More Belongs In Federal Court Than It Does In
> MDL.  The Manner In Which MDL-875 Is Administered
> Effectively Denies These New Mexico Plaintiffs Their
> Constitutional Rights.

Rule 1 of the Federal Rules of Civil Procedure calls for the "just, speedy, and

inexpensive determination of every action."[8]  In essence, every plaintiff is entitled to a

speedy and efficient determination of his claim – that is, every plaintiff is entitled to his

day in court.  However, the transferee court's power does not allow it to actually *try*

asbestos cases which have been transferred to MDL-875, but rather, it merely presides

---

[6] See *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983), cert denied 464 U.S. 1039, 79
L.Ed.2d 166, 104 S.Ct. 701 (1984).
[7] See *Cohen v. Hoard*, 696 F.Supp. 564; and 28 U.S.C. §§ 1441 and 1446.
[8] Fed. R. Civ. P. 1.

over pre-trial matters. Therefore, should the cases be transferred, these Plaintiffs here would be denied, as dictated by the Federal Rules of Civil Procedure, their opportunity – and their *right* – to have a timely jury trial. Sinforosa and Anthony Apodaca will lose their chance to vindicate their deceased husband/father's rights in a timely fashion.

In addition to Fed. R. Civ. P. 1, the Seventh Amendment to the U.S. Constitution guarantees these Plaintiffs the right to trial by jury.[9] The U.S. Supreme Court has clearly held that there can be no justification in denying a litigant his or her constitutional right to a jury trial in a civil action.[10]

There is no realistic possibility that the Plaintiffs will ever be permitted to try their case if it is transferred to MDL-875. There have been more than 82,000 cases transferred to MDL-875 as of August, 2001. Only four (4) cases were remanded between October 1, 1997 and September 30, 1998; only six (6) were remanded between October 1, 1998 and September 30, 1999.[11] Judge Weiner has a stated preference for remanding cases involving plaintiffs who are near death;[12] Johnnie Apodaca has already died, so his family has no realistic expectation that their case would be among the lucky handful of cases remanded on an annual basis. There are cases that have been pending in MDL-875 for years, awaiting remand back to the transferor court for trial. Such an extreme delay in trial date constitutes a denial of the claimants' right to a jury trial.[13]

---

[9] U.S. Const. Amend. VII.

[10] See *Raytheon Mfg. Co. v. Radio Corp. of America*, C.C.A1 (Mass.) 76 F.2d 943 (1st Cir. 1935), certiorari granted 56 S.Ct. 99, 296 U.S. 557,  80 L.Ed. 393, affirmed 56 S.Ct. 297, 296 U.S. 459, 80 L.Ed. 327 (1935) (Neither Congress nor courts may deprive litigant of right to jury trial guaranteed by this amendment).

[11] These statistics were provided to Kay Gunderson Reeves and then to Judy Bradshaw Snyder, counsel for Plaintiffs, by staff at the Judicial Panel on Multidistrict Litigation on August 9, 2001.

[12] MDL-875 Administrative Order No. 3; *In re Patenaude*, 210 F.3d 135, 140, note 3 (3rd Cir. 2000)(MDL-875 has adopted Adminstrative Order No. 3, which prioritizes the claims of the seriously ill and dying).

[13] See *Arnster v. U.S. District Court for the Cent. Dist. of California*, 792 F.2d 1423 (9th Cir. C.A.9, 1986)(holding that a 3.5 month suspension of jury trials caused by budget constraints was an impermissible denial of the right to a jury trial); *Hobson v. Brennan*, 637 F.Supp. 173, 174+ (D.D.C. Jun 24,

While there is at least a *theoretical* possibility that Plaintiffs' compensatory damages claims could be remanded from MDL-875, albeit after years of delay, there appears to be no such possibility with respect to any punitive damages claims they might have.  Judge Weiner has adopted a policy of retaining jurisdiction over these cases, cases which his court cannot try.[14]

> C.   This Court Should Not Transfer This Case Because Common Issues Do Not Predominate, And Virtually All Discovery Is Local.

As the MDL Panel is well aware, 28 U.S.C. § 1407 (a) states that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."[15]  The statute authorizes the transfers of such cases to the judicial panel on multidistrict litigation upon a determination that transfers would be "for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions."[16]  Although the Panel may, sua sponte, consider and order transfer, the absence of any of the elements outlined in § 1407 would make the Panel's application of the statute inappropriate.

Both Plaintiffs in this case – Sinforosa and Anthony Apodaca – reside in New Mexico.  Other family members who may be called to testify, as well as many of the anticipated witnesses in this case also reside in New Mexico.  Most of the job-sites where Decedent worked throughout his lifetime were/are in New Mexico.  This Panel should

---

1986)(following *Armster*); *Folsom v. Wynn*, 631 So.2d 890, 898+ (Ala. Dec 22, 1993)(follows *Armster*); *Odden v. O'Keefe*, 450 N.W.2d 707, 708+, 58 USLW 2435, 2435+ (N.D. Jan 17, 1990)(18 month delay in civil trial an impermissible denial of the right to a jury trial; follows *Armster*).

[14] 28 U.S.C. § 1407 (transfer under this section is for pre-trial proceedings only); *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998); *In re Patenaude*, 210 F.3d at 140, note 3 (noting that Judge Weiner has adopted a policy of retaining jurisdiction over punitive damages claims).

[15] 28 U.S.C. § 1407(a).

[16] *Id.*

exercise its discretion by declining to transfer the instant case to MDL-875 because a § 1407 transfer would not serve the convenience of the parties or witnesses, nor would it further the just and efficient conduct of the litigation. Indeed, transfer would significantly prejudice Plaintiffs to the sole benefit of Defendants.

This case involves defendants whose conduct was centered in Bernalillo County and contiguous counties. These are not defendants about which coordinated discovery has occurred, nor would such discovery benefit many of the other parties with cases currently pending in MDL-875. Weighing against the transfer are the delays inherent in the MDL process, the unnecessary expense to be incurred by having to litigate any contested matter in a distant jurisdiction, and the extreme prejudice Plaintiffs would suffer not only from the lengthy delays, but the virtual elimination of claims which might result in a punitive damages award.

While § 1407 does not mandate that common issues of law or fact "predominate" in order for this Panel to transfer the case, this Panel has declined to transfer asbestos cases in the past where common issues did not predominate and there were significant disadvantages to transfer. In *In re Asbestos School Products Liability Litigation*, for example, this Panel refused a request for a § 1407 transfer, declining to transfer because common questions of fact would not predominate over the individual questions *and* because the common questions that did exist had been extensively litigated over the previous decade.[17] This case involves a similar situation. Local issues predominate in

---

[17] 606 F.Supp. 713 (Jud. Pan. Mult. Lit 1985). See also *In re Eli Lilly & Co. "Oraflex" Products Liability Litigation*, 578 F.Supp. 422 (Jud. Pan. Mult. Lit. 1984)(transfer denied; common issues would not predominate so transfer would not serve the convenience of the parties or witnesses nor further the just and efficient conduct of the litigation); *In re Rely Tampon Products Liability Litigation*, 533 F.Supp. 1346 (Jud. Pan. Mult. Lit. 1982)(same); *In re Repetitive Stress Injury Products Liability Litigation*, 1992 W.L. 403023 (Jud. Pan. Mult. Lit. 1992)(common questions did not rise to the level that would permit a transfer to serve the convenience of the parties or promote the just and efficient conduct of the litigation); *In re Luminex*

8

this case involving asbestos exposure the Decedent received at various job-sites, mainly in and around Bernalillo County, Albuquerque, New Mexico. Further, the common issues that *do* exist – issues having to do with Johnnie Apodaca's disease, its diagnosis and consequences, and what was known or knowable about that disease (mesothelioma) – are matters that have now been litigated for almost thirty (30) years. Because so much is known about these issues, centralization of discovery is not necessary, and will not increase the efficiency with which this case can be resolved. Indeed, were this case to stay in New Mexico, it is certain to be resolved far sooner that it would be if the case is transferred to MDL-875.

Local issues predominate in this case, not common ones. Transfer of this case will not serve the convenience of any party – indeed, defendant, John Crane, Inc. has expressed its clear preference to litigate this case in state court in New Mexico by not consenting to ZIA's removal. Just as it would be expensive and inconvenient for these Plaintiffs to have to litigate this case in Pennsylvania, it would be inconvenient for the local defendants to do so. Further, transfer will not promote the just and efficient resolution of this case, it will impair those interests. That this causes extreme prejudice to Plaintiffs to the sole benefit of defendants cannot be denied. This case does not meet the standard for transfer set by § 1407, and this Panel should decline to transfer it.

---

*Intern., Inc. Products Liability Litigation*, 434 F.Supp. 668 (Jud. Pan. Mult. Lit. 1977)(common fact questions not complex enough to justify transfer under Section 1407); *In re A.H. Robins Co., Inc.*, 505 F.Supp. 221 (Jud. Pan. Mult. Lit. 1981)(transfer denied; would not serve the convenience of the parties or promote the just and efficient conduct of the litigation).

D.     Despite The Conditional Transfer Order, The District Judge Still Can Remand This Removed Case To State Court.

On or about March 14, 2005, Plaintiffs filed their Motion for Remand in this case. Despite the fact that they Judicial Panel on Multidistrict Litigation entered its Conditional Transfer Order *before* the District Judge was able to rule on the motion, that Judge has not lost jurisdiction over this case and, therefore, *can* make a determination as to Plaintiffs' Motion for Remand.[18]

In fact, the facts of the *Faulk* case strongly resemble Plaintiffs case.  In that case, the defendants removed two separate asbestos cases from the 172nd Judicial District for Jefferson County, Texas.[19]  Plaintiffs filed motions to remand in both cases, but, as was the case here, the Panel conditionally transferred these cases to the United States District Court for the Eastern District of Pennsylvania.[20]  In a footnote, the court cited the Panel Rules in pointing out that, despite the Conditional Transfer Order, the U.S. District Judge retained jurisdiction since the order did not become effective until filed in the office of the Clerk of the United States District Court for the Eastern District of Pennsylvania.[21] Further, "transmittal of this conditional order to said Clerk shall be stayed fifteen days from the entry thereof and if any party files notice of opposition with the Clerk of the Panel within this fifteen day period, a stay will be continued until further order of the Panel."[22]

---

[18] See *Faulk, et al. v. Owens-Corning Fiberglas Corp., et al.*, 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); See Panel Rule 1.5, 181 F.R.D. 1, 3 (1998); See also *Bartley, et al. v. Borden, Inc., et al.*, 1996 W.L. 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed fifteen day period.)
[19] *Faulk* at 656.
[20] *Id.* at 657.
[21] *Id.*
[22] *Id.*

In this case, Plaintiffs filed their Notice of Opposition on April 19, 2005, within the prescribed fifteen day period. Therefore, transmittal of CTO-244 was stayed and continues to be stayed until further action by this Panel. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motion for Remand before her, she may promptly do so and preserve Plaintiffs' right to a timely resolution of their claims.

## IV. CONCLUSION

This Panel should refrain from finally transferring this case to MDL-875 until Plaintiffs' Motion for Remand has been ruled upon by the U.S. District Court for the District of New Mexico. Notice of Completion has been filed and the parties await notice of hearing from or a ruling by the Court. The federal court simply has no jurisdiction over this case, so transfer at this juncture would be improper.[23] In the event the Motion for Remand is denied, this Court should still refrain from transferring the case to MDL-875 because transfer of this case contravenes the clear mandates of Fed. R. Civ. P. 1 and the Seventh Amendment to the U.S. Constitution. It does so by imposing such draconian delays on all actions such that the Plaintiffs' inviolate right to a jury trial is denied. Finally this Panel should refrain from transferring the case because it is not substantially

---

[23]  Rule of Procedure 1.5, Judicial Panel on Multidistrict Litigation; *BancOhio Corp. v. Fox*, 516 F.2d 29 (6th Cir. 1975)(a transfer under 28 U.S.C. 1407 cannot be made unless the district court properly has jurisdiction of the subject matter of the case); *In re Showa Denko K.K. L-Tryptophan Products Liability Litig.-II,* 953 F.2d 162, 165 (4th Cir.1992) ("The authority for consolidating cases on the order of the judicial panel of multi-district litigation, however, is merely procedural and does not expand the jurisdiction of the district court to which the cases are transferred.... [N]owhere does it expand the jurisdiction of either the transferor or the transferee court."); *United States v. Brandt Constr. Co.,* 826 F.2d 643, 647 (7th Cir.1987)(28 U.S.C. 1407 "requires that both actions be 'pending before the court' and an improperly removed action does not meet this criterion"); *Dorsey v. Manufacturers Life Ins. Co.*, 1997 W.L. 703354 (E.D.La.,1997)(same, following *Brandt*); *Farkas v. Bridgestone/Firestone, Inc.,* 113 F.Supp.2d 1107, 1115 n. 8 (W.D.Ky.2000) (holding that "the jurisdictional issue *must* be resolved before deciding whether to stay or transfer the case to the MDL panel"); *Meyers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D.Wis.2001)(a court should attend to a motion to remand prior to transferring a case under 28 U.S.C. 1407); *In re L. E. Lay & Co. Antitrust Litigation*, 391 F.Supp. 1054 (Jud.Pan.Mult.Lit.1975)(principles of comity dictate that the Panel will be reluctant to transfer a case while an important motion is pending before the transferee court).

similar to those currently pending in MDL-875, so transfer does not work to enhance the convenience of either the parties or the witnesses.  Instead, transfer significantly prejudices Plaintiffs and significantly benefits Defendants, who can rest assured that any day of reckoning lies in the distant future, if it exists at all.  Under such circumstances, § 1407 transfer is inappropriate.

WHEREFORE, premises considered, Plaintiffs respectfully request that this Panel deny the request for a §1407 transfer and vacate the Conditional Transfer Order (CTO-244) entered on April 5, 2005, so that this case can proceed to trial in a timely fashion and in state court where it belongs.

05/04/05

Respectfully submitted:

**ATTORNEYS FOR PLAINTIFFS**

**TRINE & METCALF, P.C.**

J. Conard Metcalf #2489
Judy B. Snyder #34514
Texas Bar No. 02837100
1435 Arapahoe Avenue
Boulder, CO 80302
303/442-0173
303/443-7677 – facsimile

*And*
**CARPENTER & STOUT, LTD.**

David J. Stout
William H. Carpenter
1600 University NE, Suite A
Albuquerque, NM 87102-1724
505/243-1336
505/243-1339 – facsimile

12

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2005, a true and correct copy of the foregoing Brief in Support of Plaintiffs' Motion to Vacate the Conditional Transfer Order was mailed, postage pre-paid to each of the attorneys listed on the attached Attorney Service List of the Judicial Panel on Multi-District Litigation.

Judy Bradshaw Snyder

RECEIVED
CLERK'S OFFICE
2005 MAY -5  A 10: 56

**PANEL SERVICE LIST (Excerpted from CTO-244)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Sinforosa Apodaca, et al. v. Zia Co., et al.*, D. New Mexico, C.A. No. 6:05-182  (Judge Martha Vazquez)

Lawrence E. Abbott
Abbott, Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130

Jennifer G. Anderson
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

James P. Bieg
Rodey, Dickason, Sloan, Akin & Robb
P.O. Box 1357
Santa Fe, NM 87504-1357

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Mary P. Birk
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

Martha G. Brown
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Donald G. Bruckner, Jr.
Guebert, Bruckner & Bootes, PC
P.O. Box 93880
Albuquerque, NM 87199-3880

William H. Carpenter
Carpenter & Stout
1600 University Boulevard, N.E.
Suite A
Albuquerque, NM 87102

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Tim L. Fields
Modrall, Sperling, Roehl, Harris &
Sisk
P.O. Box 2168
Albuquerque, NM 87103

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Laura Rehm Giokas
Bryan Cave, L.L.P.
One Metropolitan Square
Suite 3600
211 N. Broadway
St. Louis, MO 63102

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Ronald L. Hellbusch
Baker & Hostetler, LLP
303 East 17th Avenue
Suite 1100
Denver, CO 80203

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alice T. Lorenz
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Thomas R. Mack
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Feliz A. Rael
Atkinson & Thal
201 Third Street, N.W.
#1850
Albuquerque, NM 87102

Melissa J. Reeves
Sandenaw & Piazza, PC
2951 A Roadrunner Parkway
Las Cruces, NM 88011

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Michael C. Ross
Miller Stratvert, P.A.
P.O. Box 25687
Albuquerque, NM 87125

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the document **MOTION AND BRIEF TO VACATE CONDITIONAL TRANSFER ORDER** was placed in the U.S. Mail, postage pre-paid, on this, 4th day of May, 2005 addressed to the following known counsel of record:

James S. Bratten, Esq.
Pehlivanian & Braaten, LLC.
Paynter's Ridge Office Park
PO Box 648
Manasquaan, NJ  08736
*National Counsel Attorneys for Ingersoll-Rand Company*

Alfred L. Green, Jr., Esq.
Patrick J. Greibel, Esq.
Butt, Thornton & Baehr, PC
4101 Indian School Road, N.E.
Suite 300 South
Albuquerque, NM  87110
*Attorneys for Auto Zone*
(505) 884-0777
FAX: (505) 889-8870

Cas Tabor, Esq.
McCormick, Caraway, Tabor & Riley, LLP
Bujac Bldg., 112 N. Canyon
P.O. Box 1718
Carlsbad, NM  88221-1718
*Attorneys for John Crane, Inc.*
(505) 885-4171
FAX: (505) 885-1963

David J. Stout, Esq.
Carpenter & Stout, Ltd.
1600 University, N.E., Suite A
Albuquerque, NM  87102-1724
*Attorneys for Plaintiff*
(505) 243-1336
FAX: (505) 243-1339

Jack Brant, Esq.
Rodey, Dickason, Sloan & Robb, PA
201 Third Street, N.W., #2200
Albuquerque, NM  87102
*Attorneys for Ford Motor Company, General Motors Corporation*
(505) 765-5900
FAX: (505) 768-7395

John A. Bannerman, Esq.
Charlotte Lamont, Esq.
Bannerman & Williams, PA
6400 Uptown Blvd., N.E., #200 West
Albuquerque, NM  87110
*Attorneys for General Electric Company*
(505) 837-1900
FAX: (505) 837-1800

T.A. Sandenaw, Jr. Esq.
Melissa J. Reeves, Esq.
Sandenaw, Piazza & Anderson, P.C.
2951 Roadrunner Pkwy.
Las Cruces, NM  88011
*Attorneys for Ingersoll-Rand*

John S. Thal, Esq.
Feliz A. Rael, Esq.
Atkinson & Thal, PC
201 Third Street, N.W., #1850
Albuquerque, NM  87102
*Attorneys for Zia Company & Conwed Corp.*
(505) 764-8111

1

Don Bruckner, Esq.
Marcus Garcia, Esq.
Geubert, Bruckner, & Bootes, P.C.
PO Box 93880
Albuquerque, NM  87199-3880
*Attorneys for Dow Chemical Co.*


Briggs Cheney
Sheehan, Sheehan, & Stelzner, P.A.
PO Box 271
Albuquerque, NM  87103
*Attorneys for DaimlerChrysler Corp.*


Martha Brown, Esq.
Mondrall, Sperling, Roehl, Harris & Sisk, PA
P.O. Box 2168
Albuquerque, NM  87103-2168
*Attorney for McDonnell Douglas Corp.*


Juan Flores, Esq.
Bob Warburton
Sheehan, Sheehan, & Stelzner, P.A.
PO Box 271
Albuquerque, NM  87103
*Attorneys for AW Chesterton*


Lawrence Abbott, Esq.
Sarah Liams, Esq.
Matthew Ehrlicher, Esq.
Albert, Simses, & Kuchler, APLC
400 Lafayette St. Ste 200
New Orleans, LA  70130
(504) 568-9393
FAX: (504) 524-1933
*Attorneys for Dow Chemical Co.*


Anthony S. Thomas, Esq.
Bowman and Brooke, LLP
879 W. 190th St. Ste 700
Gardena, CA  90248
*Attorney for Ford Motor Co. & General Motors*


Tim L. Fields, Esq.,
Michelle Hernandez, Esq.,
Mondrall, Sperling, Roehl, Harris & Sisk, PA
P.O. Box 2168
Albuquerque, NM  87103-2168
*Attorneys for Maremont Corp., American Standard Co., Viacom, Inc., Uniroyal Holdingl, Pneumo Abex, Certainteed Corp., Union Carbide Corp.*


Dated:  May 4, 2005

By: _____
Judy B. Snyder, # 34514
Trine & Metcalf, P.C.

3

Alice Tomlinson Lorenz, Esq.
Thomas R. Mack, Esq.
Michael C. Ross, Esq.
Thomas M. Domme, Esq.
Miller Stratvert, PA
P.O. Box 25687
Albuquerque, NM  87125
*Attorneys for Honeywell , Garlock Sealing*
*Kelly-Moore Paint Co, Genuine Parts Co,*
*National Automotive Parts Assoc.*
 (505) 842-1950

Mary Price Birk, Esq.
Ronald Hellbusch, Esq.
Chad Trulli, Esq.
Stephanie Loughner, Esq.
Baker & Hostetler, LLP
303 E. 17th Avenue, #1100
Denver, CO  80203
*Attorneys for Maremont Corp., Uniroyal*
*Holding, Pneumo Abex LLC,  Certainteed,*
*Union Carbide, Dana Corp*
 (303) 861-0600
FAX: (303) 861-7805

Laurie Anger, Esq.
Morgenstein & Jubilirer
One Market Plaza
Spear Street Tower, 32nd floor
San Francisco, CA  94105
*Attorneys for Georgia Pacific*
(415) 901-8700
FAX: (415) 901-8701

Rebecca Jackson, Esq.
Laura Rehm Giokas, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Ste 3600
St. Louis, MO  63102
*Attorneys for McDonnell Douglas*

Erin Lagenwalter, Esq.,.
Douglas Schneebeck, Esq.,
Jennifer Anderson, Esq.
Mondrall, Sperling, Roehl, Harris & Sisk, PA
P.O. Box 2168
Albuquerque, NM  87103-2168
*Attorneys for 3M, RPM,*
(505) 848-1800

W. Spencer Reid, Esq.
S. Charles Archuleta, Esq.
Keleher & McLeiod, PA
P.O. Box AA
Albuquerque, NM  87103
*Attorneys for Advance Auto Parts, Discount*
*Auto Parts, Parts America, Western Auto*
*Supply*
(505) 346-4646
FAX: (505) 346-1370

Bruce H. Strotz, Esq.
Fairfield, Farrow, Flowers, Pierson & Strotz
2400 Louisiana Blvd., N.E.
Bldg. AFC 3, Suite 100
Albuquerque, NM  87110
*Attorneys for Georgia Pacific*
(505) 881-8300
FAX: (505) 889-0553

Terrance Yenson, Esq.
Yenson, Lynn, Allen, & Wosick, P.C.
4908 Alameda Blvd.  NE
Albuquerque, NM  87113-1736
(505) 266-3995
FAX: (505) 268-6694
*Attorneys for Borg-Warner Corp.*

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

*LAW OFFICES*
**TRINE & METCALF, P.C.**
*1435 Arapahoe Avenue*
*Boulder, Colorado 80302-6390*

MAY – 5 2005

FILED
CLERK'S OFFICE

William A. Trine
J. Conard Metcalf
Deborah L. Taussig
Judy Bradshaw Snyder *
* Also admitted in Texas

(303) 442-0173
Facsimile: (303) 443-7677
F.I.N. 84-0603964

April 19, 2005

**<u>VIA FACSIMILE</u> – 202.502.2888**

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on MDL
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, DC 20002

      Re:   **MDL-875; Cause No. 6-05-182; New Mexico;** *Notice of Opposition to Transfer*.

Dear Mr. Beck:

      I received your Conditional Transfer Order – CTO-244 – listing one of my cases – 6-05-182 (Apodaca Claimant) – as having been transferred to the MDL on or about April 5, 2005. *This letter is to serve as notice that Plaintiffs oppose the Panel's Conditional Transfer Order of the above-mentioned case to MDL Docket No. 875.*

      Please advise me of the Panel's briefing schedule at your first opportunity and don't hesitate to call if you have comments or questions.

Sincerely,

Judy Bradshaw Snyder

JBS/hs

PLAINTIFF'S
EXHIBIT
A

PENGAD-Bayonne,N.J.