

MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY -5 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KATHY D. SARTALAMACCHIA, ROBERT E. DEMOUEY, JR., and ERIC DEMOUEY, Individually and as Personal Representatives and Heirs of Decedent, ROBERT E. DEMOUEY, SR. | § § § § § § | CIVIL ACTION NO. W05CA090 |
| VS. | § § | |
| ALCOA, INC. | § § | |

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | X : X | CIVIL ACTION NO. MDL 875 |

PLEADING NO. 4509

**MOTION TO VACATE ORDER TO TRANSFER
TO FEDERAL MULTIDISTRICT ASBESTOS LITIGATION (MDL 875)**

COME NOW Plaintiffs in the <u>Kathy D. Sartalamacchia, et al v. Alcoa, Inc., et al</u>, No. W05CA090 (W.D. Tex.) and oppose the conditional transfer of their case to the United States District Court for the Eastern District of Pennsylvania, and move the Panel to vacate the order transferring their case. Plaintiffs urge the Panel to vacate the order for the following reasons:

1.

This case involves claims made by the heirs of Robert E. Demouey, Sr. who suffered a painful and excruciating death on March 3, 2003 from the asbestos-related cancer mesothelioma, against Alcoa, an owner and occupier of a premises where asbestos-containing materials were in use. In the course of his employment with a third-party contractor, Anco Insulators, Mr. Demouey

IMAGED MAY  9 2005        **OFFICIAL FILE COPY**

was exposed to these asbestos products. Mr. Demouey was diagnosed with this terminal disease on February 27, 2003 by his treating pathologist and confirmed by an Armed Forces pathologist on March 19, 2003.

2. This case, having been assigned to the case tracking system of the Civil Justice Expense and Delay Reduction Plan of the Western District of Texas pursuant to the Civil Justice Reform Act of 1990. The case is on a rather short timeline for trial, and it would be improper to transfer it to the Panel pursuant to 28 U.S.C. § 1407.

Plaintiffs further rely upon the brief filed in support of this motion.

For the foregoing reasons, Plaintiffs respectfully urge the Panel to vacate the order conditionally transferring this case to the transferee court.

Respectfully submitted,

WELLBORN, HOUSTON, ADKISON,
MANN, SADLER & HILL
P. O. BOX 1109
HENDERSON, TEXAS 75653-1109
(903) 657-8544
(903) 657-6108 FAX

BY _____
RUSSELL C. BROWN
State Bar No. 03167510

ATTORNEYS FOR THE PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been served upon the following persons, who are listed below on this 4th day of May, 2005.

Transferee Judge
Hon. Charles R. Weiner
U.S. District Judge
6613 United States Courthouse
Philadelphia, Pa 19106

Transferor Judge
Hon. Walter S. Smith, Jr.
U. S. District Judge
901 Washington Avenue
Waco, Texas 76701

Opposing Counsel

Diana Panian Larson
Gardere Wynne, Sewell, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

## Panel Service List

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Ave, NW
Washington, DC 20001

David A. Damico
Burns, White & Hickton LLC
4 Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Richard O. Faulk
Gardere Wynne & Sewell, LLP
1000 Louisiana, Suite 3400
Houston, TX 77002

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106

Andrew J. Trevelise
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Ste. 300
Akron, OH 44308

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

John J. Repcheck
Marks, O'Neill, et al
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 E. Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm
1570 Penobscot Building
Maritime Asbestosis Legal Clinic
Detroit, MI 48226

*Russell C. Brown* (signature)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| KATHY D. SARTALAMACCHIA, ROBERT E. DEMOUEY, JR., and ERIC DEMOUEY, Individually and as Personal Representatives and Heirs of Decedent, ROBERT E. DEMOUEY, SR. | § | CIVIL ACTION NO. W05CA090 |
| VS. | § | |
| ALCOA, INC. | § | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | X : X | CIVIL ACTION NO. MDL 875 |

**BRIEF IN SUPPORT OF MOTION TO VACATE TRANSFER ORDER**

This brief is filed by Plaintiffs, Kathy D. Sartalamacchia, Robert E. Demouey, Jr. And Eric Demouey, Individually and as Personal Representatives and Heirs for the Estate of Robert E. Demouey, Sr., Decedent, in Kathy D. Sartalamacchia, et al v. Alcoa, Inc., et al, No. W05CA090 (W.D. Tex.) in support of their Motion to Vacate the Transfer Order transferring their case to the United States District Court for the Eastern District of Pennsylvania under Rule 12, J.P.M.L.R. and 28 U.S.C. § 1407.

**INTRODUCTION**

This asbestos-related personal injury action was commenced on February 7, 2005 in the 20th Judicial District Court of Milam County, Texas, transferred to the United States District Court for the Western District of Texas, Waco Division in accordance with the tracking system in compliance with Article One of the Civil Justice Expense and Delay

Reduction Plan for the Western District of Texas, adopted pursuant to the Civil Justice Reform Act of 1990, 28 U.S.C. §471 et seq.

Mr. Demouey was diagnosed with terminal asbestos-related cancer, mesothelioma, on February 27, 2003 and died on March 10, 2003.

## ARGUMENT

In this instance, transfer to the Eastern District of Pennsylvania will accomplish nothing in the way of consolidated pre-trial proceedings because Plaintiffs' case is already fast tracked by the Waco Division. Accordingly, remand of the case to the transferor Court, the Waco Division of the Western District of Texas, from the Eastern District of Pennsylvania is warranted. (See 28 U.S.C. § 1407(a) which provides that actions transferred under the multidistrict litigation statute "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred") (emphasis added). There is simply no reason to transfer this case to a different forum for "management of pretrial proceedings" when a plan is in effect by the Waco Court for just that purpose. Additionally, the MDL rules contemplate an immediate remand.

The Panel routinely vacates conditional transfer orders when transfer "would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation." See, e.g., In re A.H. Robins Co., 505 F. Supp. 221, 222 (J.P.M.L. 1981). The Panel will do so even though the proposed tag-along actions share questions of fact or law with the actions previously transferred. Id.; see also In re Petroleum Prod. Antitrust Litig., 476 F. Supp. 455, 457 (J.P.M.L. 1979). Because transfer would neither serve the convenience of the parties nor promote the just and efficient conduct of the litigation, Plaintiffs urge the Panel to decline to transfer their case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully pray that the Panel vacate the transfer order transferring Plaintiffs' case to the Eastern District of Pennsylvania.

Respectfully submitted,

WELLBORN, HOUSTON, ADKISON,
MANN, SADLER & HILL
P. O. BOX 1109
HENDERSON, TEXAS   75653-1109
(903) 657-8544
(903) 657-6108 FAX

BY: _____
RUSSELL C. BROWN
State Bar No. 03167510

ATTORNEYS FOR THE PLAINTIFFS

BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KATHY D. SARTALAMACCHIA, ROBERT E. DEMOUEY, JR., and ERIC DEMOUEY, Individually and as Personal Representatives and Heirs of Decedent, ROBERT E. DEMOUEY, SR. | § § § § § | CIVIL ACTION NO. W05CA090 |
| VS. | § § § | |
| ALCOA, INC. | § | |

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | X : X | CIVIL ACTION NO. MDL 875 |

## ORDER

THIS MATTER being reviewed this _____ day of _____, 2005, upon Plaintiff's Motion to Vacate Order to Transfer To Federal Multidistrict Asbestos Litigation (MDL 875);

IT IS HEREBY ORDERED that the Order to Transfer is hereby vacated and the above-entitled action be REMANDED to the United States District Court, Western District of Texas, Waco Division, for further proceedings.

Order DATED this _____,

_____
UNITED STATES DISTRICT JUDGE