

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBETOS PRODUCTS LIABILITY LITIGATION (NO. VI)

MDL DOCKET NO. 875

CONDITIONAL TRANSFER ORDER (CTO-244)

THIS PLEADING REFERS TO THE CASE ORIGINATING FROM:

THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM D. HAMMONS | NO. 04-855-C-M2 |
| VERSUS | JUDGE RALPH E. TYSON |
| AMEC CONSTRUCTION MANAGEMENT, INC.; et al | MAGISTRATE JUDGE NOLAND |

**MOTION AND INCORPORATED BRIEF IN SUPPORT OF MOTION
TO VACATE THE CONDITIONAL TRANSFER ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, William D. Hammons, who moves this Honorable Court to vacate the conditional transfer order entered on April 5, 2005, for the following reasons.

Defendant, Bud Enterprises, Inc. ("Bud"), filed a Motion to Dismiss for lack of subject matter jurisdiction, arguing that there was no federal jurisdiction and that the state court should be the proper place for litigation. On April 20, 2005, Judge Ralph Tyson, United States District

PLEADING NO. 4510

OFFICIAL FILE COPY

IMAGED MAY 9 2005

RECEIVED CLERK'S OFFICE 2005 MAY 5

Court for the Middle District of Louisiana, granted Bud's Motion to Dismiss. (*See attached* Ruling, dated April 20, 2005.) While the plaintiff has filed a Motion for New Trial or, Alternatively, for Relief from Judgment or Order, at this time Judge Tyson's ruling has not been overturned or reconsidered. If he declines to change his ruling, the federal court will have no jurisdiction, which includes the Multidistrict Litigation Panel. At least until this issue is resolved by the Middle District of Louisiana, this transfer order cannot be upheld.

Furthermore, transfer of this case would be in direct contradiction to 28 U.S.C. § 1407, which states that "[s]uch transfers shall be made by the judicial panel ... upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." § 1407(a). In this case, all of the facts, witnesses, and premises are in and around the Baton Rouge area. Many of the defendants are local businesses whose headquarters, files, and witnesses are in Louisiana. The plaintiff is 74 years old and quite ill, and will not be able to participate in his own case if it is transferred to another state. A transfer of this nature will be in direct contradiction to the intent of § 1407.

**WHEREFORE**, this plaintiff, William D. Hammons, moves for vacation of the conditional transfer order.

Respectfully Submitted;

*/s/ Rebecca E. May-Ricks*
J. ARTHUR SMITH, III (La. Bar No. 07730)
**REBECCA E. MAY-RICKS** (La. Bar No. 28675)
**R. DAVID BROWN** (La. Bar No. 29544)
LAW OFFICE OF J. ARTHUR SMITH, III
830 North Street
Baton Rouge, LA 70802
Telephone (225) 383-7716
Facsimile (225) 383-7773

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY - 5 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**IN RE ASBETOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

**MDL DOCKET NO. 875**

**CONDITIONAL TRANSFER ORDER (CTO-244)**

**THIS PLEADING REFERS TO THE CASE ORIGINATING FROM:**

**THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| WILLIAM D. HAMMONS | |
| VERSUS | NO. 04-855-C-M2 |
| AMEC CONSTRUCTION MANAGEMENT, INC.; et al | JUDGE RALPH E. TYSON |
| | MAGISTRATE JUDGE NOLAND |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Motion and Incorporated Brief in Support of the Motion to Vacate the Conditional Transfer Order has been served via U.S. Mail, proper postage pre-paid, to those parties listed on Attachment "A" (the Panel Service List). Additionally, the following parties have been served via U.S. Mail, proper postage pre-paid:

**AMEC CONSTRUCTION MANAGEMENT INC.**
Through its attorney, Ryan Hatler
Hailey, McNamara, Hall, Larmann & Papale, L.L.P
P. O. Box 8288
Metairie, LA 70011-8288

**CELANESE CORPORATION**
Through its agent for service of process:
The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE  19801

**HOMER KNOST CONSTRUCTION COMPANY, INC.**
Through its agent for service of process:
Homer Knost
1048 Florida Street
Baton Rouge, LA 70802

**MARCHAND CONSTRUCTION, INC.**
Through its agent for service of process:
Ray C. Marchand
1718 Lobdell Hwy.
Port Allen, LA  70767

**RILEY POWER INC.**
Through its agent for service of process:
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809

**UNIROYAL CHEMICAL COMPANY, INC.**
Through its agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA  70802-6129

**WASHINGTON GROUP INTERNATIONAL, INC.**
Through its agent for service of process:
Corporation Service Company
320 Somerulos Street
Baton Rouge, LA  70802-6129

Baton Rouge, Louisiana, this 4th day of May, 2005.

_____
REBECCA E. MAY-RICKS (La. Bar No. 28675)
LAW OFFICE OF J. ARTHUR SMITH, III
830 North Street
Baton Rouge, LA  70802
Telephone (225) 383-7716
Facsimile (225) 383-7773

PANEL SERVICE LIST (Excerpted from CTO-244)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*William D. Hammons v. AMEC Construction Management, Inc., et al.*, M.D. Louisiana,
C.A. No. 3:04-855 (Judge Ralph E. Tyson)

Barbara Lee Arras
Phelps Dunbar, LLP
Canal Place
365 Canal Street, Suite 2000
New Orleans, LA 70130-6534

Thomas M. Bergstedt
Bergstedt & Mount
P.O. Drawer 3004
Lake Charles, LA 70602

Gary A. Bezet
Kean, Miller, Hawthorne, et al.
One American Place, 22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821-3513

David M. Bienvenu, Jr.
P.O. Box 2471
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Marc John Bitner
4110 Fontain Bleau Drive
New Orleans, LA 70125

Gordon Dallon Bush, II
Percy, Pujol & Wall
712 North Burnside Avenue
P.O. Box 1096
Gonzales, LA 70707

Kenneth P. Carter
Entergy Services, Inc.
639 Loyola Avenue, 26th Floor
New Orleans, LA 70113-3125

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

John B. David, II
Adams & Reese, LP
450 Laurel Street
Suite 1900
Baton Rouge, LA 70801

Kathleen F. Drew
Adams & Reese, LP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

David R. Frohn
Frohn & Thibodeaux, LLC
P.O. Box 2090
Bank One Building - Suite 1200
Lake Charles, LA 70602-2090

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Charles C. Garrison
Caffery, Oubre, et al.
209 West Main Street
Suite 200
P.O. Drawer 12410
New Iberia, LA 70562

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Arthur H. Leith
McGlinchey Stafford, PLLC
643 Magazine St.
New Orleans, LA 70130-3477

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Rebecca E. May-Ricks
Law Office of J. Arthur Smith
830 North Street
Baton Rouge, LA 70802

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Thomas M. Nosewicz
Jones, Walker, Waechter, et al.
201 St. Charles Avenue
49th Floor
New Orleans, LA 70170

Dwight C. Paulsen, III
Lemle & Kelleher, LLP
601 Poydras Street, 21st Floor
New Orleans, LA 70130-6097

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Charles A. Schutte, Jr.
Gugliemo, Marks, Schutte, Terhoeve & Love
320 Somerulos Street
Baton Rouge, LA 70802

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Kenneth R. Spears
Swift, Spears & Harper
P.O. Box 1810
Lake Charles, LA 70602

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Gregg Lindsey Spyridon
Spyridon, Koch, Palermo & Dornan
3838 North Causeway Blvd., Suite 3010
Metairie, LA 70002

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Virginia Yoder Trainor
Phelps Dunbar, LLP
City Plaza, 445 North Boulevard
Suite 701
P.O. Box 4412
Baton Rouge, LA 70821-4412

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Stephen R. Whalen
Breazeale, Sachse & Wilson
P.O. Box 3197
One American Place
23rd Floor
Baton Rouge, LA 70821

Forrest R. Wilkes
Forman, Perry, Watkins, Krutz & Tardy, LLC
1515 Poydras St.
Suite 1300
New Orleans, LA 70112

Robert E. Williams, IV
Sulzer & Williams, LLC
201 Holiday Blvd., Suite 335
Covington, LA 70433

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM D. HAMMONS

VERSUS

AMEC CONSTRUCTION
MANAGEMENT, INC., ET AL

CIVIL ACTION

NO. 04-855-C

## RULING

Local rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. The rule provides as follows:

> LR7.5M   Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The motion in the present case was filed March 17, 2005 and the certificate of service verifies that a copy of the pleading was mailed to all parties on March 17, 2005. Even allowing for slow mail travel, more than twenty days have elapsed since the service of this motion, and no memorandum in opposition to the Motion to Dismiss pursuant to 12(b)(1) filed on behalf of defendant Bud Enterprises, Inc. has been submitted.

Accordingly, this motion is deemed to be unopposed, and further, after reviewing the record, the court finds that the motion has merit,

**IT IS ORDERED** that the Motion to dismiss filed on behalf of defendant Bud Enterprises, Inc. is GRANTED.

Any response to this ruling, based on the appropriate Federal Rule of Civil Procedure, must be accompanied by an opposition memorandum to the original motion. On review of the pleadings filed along with the opposition, the court, at it's discretion, may assess costs, including attorney's fees, against the moving party, if the court deems that such a motion was unnecessary had a timely opposition memorandum been filed. See Fed. R. Civ. P. 16, 83. A statement of costs conforming to L.R. 54.3 shall be submitted by all parties desiring to be awarded costs and attorney's fees no later than eight (8) days prior to the hearing on the newly filed motion.

Baton Rouge, Louisiana, April 20, 2005.

RALPH E. TYSON
UNITED STATES DISTRICT JUDGE