JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 18 2005

FILED
CLERK'S OFFICE

MDL 875

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL Docket No. 875 |
| CHARLES SIMIKIAN, an individual,<br><br>Plaintiff<br><br>vs.<br><br>PNEUMO ABEX LLC, successor-in-interest to Abex Corporation, ALLIED SIGNAL, INC., in its own right and as successor-in-interest to Allied Corporation, successor-in-interest to Bendix Corporation, BORG-WARNER CORPORATION, CARLISLE COMPANIES, INC., OKONITE COMPANY, GENERAL MOTORS CORPORATION, KELSEY-HAYES COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, a/k/a Metropolitan Insurance Company, DAIMLER CHRYSLER CORPORATION, f/k/a CHRYSLER CORPORATION, FORD MOTOR COMPANY, VOLKSWAGEN OF AMERICA, INC., NAPA AUTOMOTIVE PARTS GROUP, ROHRICH CADILLAC, INC.,<br><br>Defendants | Civil Action No. 05-0229 |

### RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

AND NOW, comes the defendant, Honeywell International Inc., formerly known as AlliedSignal Inc., as successor in interest to The Bendix Corporation, and files the within Response to Plaintiff's Motion to Vacate Conditional Transfer Order, stating as follows:

1. Admitted.

2. Denied. Defendant is without sufficient information or knowledge to form a belief as to the truth of said averment that Plaintiff developed malignant mesothelioma.

OFFICIAL FILE COPY   IMAGED MAY 2 3 2005

PLEADING NO. 4516

3. Admitted. Defendant removed this action pursuant to 28 U.S.C. §§ 1441, 1446, and 1332 on the basis of Federal diversity jurisdiction.

4. Admitted in part, denied in part. It is admitted that Plaintiff filed a Motion to Voluntarily Dismiss the action pursuant to Fed.R.Civ.P. 41(a)(2), or in the alternative, to remand the action. It is denied that Federal diversity jurisdiction does not exist.

5. Denied. It is denied that the within action involves unique factual determinations only to this action and has nothing in common with other cases pending Transferee Court. The within action involves one or more common questions of fact in common with other cases pending in the Transferee Court.

6. Denied. It is denied that transfer of this action would inconvenience the parties and witnesses and would not promote the just or efficient conduct of this action. Rather, transfer of the action will result in convenience for the Parties and witnesses and will promote the just and efficient conduct of this action.

WHEREFORE, Defendant asks this Panel to deny Plaintiff's Motion to Vacate its Conditional Transfer Order.

Respectfully submitted,

DAVIES, McFARLAND & CARROLL, P.C.

BY _____
Eric K. Falk, Esquire /L RH
PA #42079
Attorneys for Defendant, Honeywell International Inc., f/k/a AlliedSignal Inc., as successor in interest to The Bendix Corporation

One Gateway Center, Tenth Floor
Pittsburgh, PA 15222
(412) 281-0737

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 18 2005

FILED
CLERK'S OFFICE

UNITED STATES OF AMERICA
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI) | MDL Docket No. 875 |
| CHARLES SIMIKIAN, an individual, | Civil Action No. 05-0229 |
| Plaintiff | |
| vs. | |
| PNEUMO ABEX LLC, successor-in-interest to Abex Corporation, ALLIED SIGNAL, INC., in its own right and as successor-in-interest to Allied Corporation, successor-in-interest to Bendix Corporation, BORG-WARNER CORPORATION, CARLISLE COMPANIES, INC., OKONITE COMPANY, GENERAL MOTORS CORPORATION, KELSEY-HAYES COMPANY, METROPOLITAN LIFE INSURANCE COMPANY, a/k/a Metropolitan Insurance Company, DAIMLER CHRYSLER CORPORATION, f/k/a CHRYSLER CORPORATION, FORD MOTOR COMPANY, VOLKSWAGEN OF AMERICA, INC., NAPA AUTOMOTIVE PARTS GROUP, ROHRICH CADILLAC, INC., | |
| Defendants | |

### BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER

AND NOW, comes the defendant, Honeywell International Inc., formerly known as AlliedSignal Inc., as successor in interest to The Bendix Corporation, and files the within Brief in Support of Response to Plaintiff's Motion to Vacate Conditional Transfer Order, stating as follows:

### ARGUMENT

### A SECTION 1407 TRANSFER IS APPROPRIATE

28 U.S.C. § 1407 contemplates transfers which "will be for convenience of Parties and witnesses and will promote just and efficient conduct" of actions. These goals will be served by a transfer in this instance.

Plaintiff Motion and Brief opposing the § 1407 transfer requested by Defendant Honeywell International Inc. avers that Defendant's removal and Plaintiff's Motion for Voluntary Dismissal involve issues unique to this case, and therefore a transfer would not be beneficial. Defendant Honeywell International Inc. contends that transfer to the Eastern District of Pennsylvania is appropriate and this action involves issues of fact identical to other actions in the asbestos litigation pending before the Multi-District Litigation Panel.

On July 29, 1991, the Judicial Panel on Multi-District Litigation entered an order transferring all asbestos cases pending in Federal court to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407. *In Re* Asbestos Products Liability Litigation, (No. VI), MDL No. 875, 771 F.Supp. 415 (J.P.M.L. 1991). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's order to show cause. *Id.*

The Judicial Panel on Multi-District Litigation ruled that all asbestos litigation actions "involve common questions of fact relating to injuries or wrongful death allegedly caused by exposure to asbestos or asbestos containing products, and that *centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.*" *Id.* at 417. (Emphasis supplied).

The Panel recognized that asbestos "litigation has reached a magnitude. . . that threatens the administration of justice and that requires a new, streamlined approach." *Id.* at 418. The Panel concluded that centralization of all federal asbestos actions was necessary under § 1407.

{D0200392:1}  2

*Id.* at 420. The Panel acknowledged that it "must weigh the interests of all the plaintiffs, and all the defendants, and must consider multiple litigation as a whole in light of the purposes of law." *Id.* at 420.

Plaintiff's Complaint in this action clearly falls under the common questions of injuries caused by exposure to asbestos or asbestos containing products. A transfer to the Eastern District of Pennsylvania will not inconvenience the Parties and witnesses.

### PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL IS IMMATERIAL TO A TRANSFER UNDER § 1407

Plaintiff's argument to Vacate the Conditional Transfer Order is that his Motion to Voluntarily Dismiss Pursuant to Federal Rules of Civil Procedure 41(a)(2) is pending, and since the matter will eventually come back to State Court for trial, transfer would result in an unnecessary layer of procedural complexity without any benefit. However, Plaintiff's Motion to Voluntarily Dismiss in immaterial to the issue of transfer under § 1407.

The Panel has repeatedly held that the pendency of a Motion to Remand to State Court, similar to the Plaintiff's, has no effect on whether transfer should be granted. The pending Motion to Remand or Dismiss can be presented to and decided by the Transferee Judge. To Defendant's knowledge, there is currently no judge assigned to this case in the Western District of Pennsylvania. The Honorable Thomas M. Hardiman was originally assigned, but in an order dated April 21, 2005, Judge Hardiman recused himself from the case and sent it back to the Clerk of the Western District for reassignment. To the Defendant's knowledge, a new judge has not yet been assigned.

The only question properly before the Panel is whether the transfer is appropriate under Section 1407. Plaintiff's Motion to Voluntarily Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2), is not before the panel. As the Panel has repeatedly stated, the pendency of a remand motion has no bearing on whether transfer should be ordered. Simply put, a remand

{D0200392:1}                                    3

motion can be decided as easily by the Transferee Judge as by the Transferor Judge. Thus, the panel consistently has rejected attempts, like the Plaintiff's, to defeat or delay transfers on the basis of a pending remand motion.

In *In Re* Antibiotics Drugs, 299 F. Supp. 1403 (J.P.M.L. 1969), the Panel explained that the pendency of a motion to remand to State court "has no bearing on a motion to transfer." "The real question," the panel held, "is whether the action lacks the commonality of factual questions which permeate other cases." *Id.* at 1405-06. Since there existed factual commonality in that case, like this one, the panel transferred it notwithstanding the pending remand motion.

Transfer of this tag-along action will eliminate duplicative discovery, avoid inconsistent pre-trial rulings, promote efficiency and conserve judicial resources.

## CONCLUSION

For the foregoing reasons, the panel should deny Plaintiff's Motion to Vacate its Conditional Transfer Order with respect to this case, and should deny Plaintiff's request to defer ruling on the Transfer Order until Plaintiff's Motion for Voluntary Dismissal or in the Alternative, for Remand is decided by the Transferor Court.

Respectfully submitted,

DAVIES, McFARLAND & CARROLL, P.C.

BY _____
Eric K. Falk, Esquire /LRA
PA #42079
Attorneys for Defendant, Honeywell
International Inc., f/k/a AlliedSignal Inc., as
successor in interest to The Bendix Corporation

One Gateway Center, Tenth Floor
Pittsburgh, PA 15222
(412) 281-0737

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 18 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing RESPONSE TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND BRIEF IN SUPPORT THEREOF is being served upon counsel listed on the attached service list via US Mail, First Class, this 12th day of May, 2005. Same is also being served upon Clerk of Courts for the United States District Court for the Western District of Pennsylvania and Clerk of Courts for the United States District Court for the Eastern District of Pennsylvania.

_____
Eric K. Falk, Esquire /LRN
Attorney for Defendant, Honeywell
International, Inc., f/k/a AlliedSignal, Inc.
as successor in interest to the Bendix
Corporation

{D0200392:1}

**PANEL SERVICE LIST (excerpted from CTO-244); DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTRS LIABILITY LITIGATION (NO. VI)**

*Charles Simikian v Pneumo Abex, LLC, et al*, WD Pennsylvania, CA No. 2:05-229 (Judge Thomas M. Hardiman)

| | | |
|---|---|---|
| L. John Argento<br>Swartz & Campbell<br>600 Grant Street<br>4750 US Steel Building<br>Pittsburgh, PA 15219 | Alice S. Johnston<br>Buchanan Ingersoll PC<br>301 Grant Street<br>One Oxford Centre, 20th Flr.<br>Pittsburgh, PA 15219 | Jason T. Shipp<br>Goldberg Persky & White PC<br>Ketchum Center, Third Flr.<br>1030 Fifth Avenue<br>Pittsburgh, PA 15219 |
| Richard C. Binzley<br>Thompson Hine LLP<br>127 Public Square<br>3900 Key Center<br>Cleveland, OH 44114 | Reginald S. Kramer<br>Oldham & Dowling<br>195 South Main Street<br>Suite 300<br>Akron, OH 44308-1314 | Robert N. Spinelli<br>Kelley Jasons McGuire & Spinelli<br>Center Square West, 15th Flr.<br>Philadelphia, PA 19102 |
| Edward J. Cass<br>Gallagher Sharp Fulton & Norman<br>Bulkley Building, 7th Flr.<br>1501 Euclid Avenue<br>Cleveland, OH 44115 | David C. Landon<br>Hunton & Williams<br>Riverfront Plaza, East Tower<br>951 East Byrd Street<br>Richmond, VA 23219 | Robert E. Swickle<br>Jaques Admiralty LawFirm PC<br>1570 Penobscot Building<br>Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 |
| Adam M. Chud<br>Goodwin Procter LLP<br>901 New York Avenue, NW<br>Washington, DC 20001 | Gene Locks<br>Greitzer & Locks<br>1500 Walnut Street<br>Philadelphia, PA 19102 | Andrew J. Trevelise<br>Reed Smith LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 |
| David A. Damico<br>Burns White & Hickton LLC<br>Four Northshore Center<br>106 Isabella Street<br>Pittsburgh, PA 15212 | Ronald L. Motley<br>Motley Rice LLC<br>28 Bridgeside Blvd.<br>Mt. Pleasant, SC 29464 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, NE<br>PO Box 998<br>Cedar Rapids IA 52406 |
| Eric K. Falk, Esq.<br>Davies McFarland & Carroll PC<br>One Gateway Center, 10th Flr.<br>Pittsburgh, PA 15222 | John J. Repcheck<br>Marks O'Neill O'Brien & Courtney<br>3200 Gulf Tower<br>707 Grant Street<br>Pittsburgh, PA 15219 | |
| Raymond P. Forceno<br>Forceno & Hannon<br>111 S. Independence Mall East<br>The Bourse, Suite 1000<br>Philadelphia, PA 19106-2574 | John D. Roven<br>Roven Kaplan & Wells<br>2190 North Loop West<br>Suite 410<br>Houston, TX 77018 | |
| Ellen B. Furman<br>Goldfein & Hosmer<br>1600 Market Street, 3rd Floor<br>Philadelphia, PA 15103 | Richard D. Schuster<br>Vorys Sater Seymour & Pease<br>52 East Gay Street<br>PO Box 1008<br>Columbus, OH 43216 | |
| Susan M. Hansen<br>Brownson & Ballou<br>4800 US Bank Place<br>601 Second Avenue South<br>Minneapolis, MN 55401 | Neil Selman<br>Selman Breitman & Burgess<br>11766 Wilshire Blvd.<br>Sixth Floor<br>Los Angeles, CA 90025 | |

{D0200392:1}