

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 20 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT
LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | § | |
| LIABILITY LITIGATION (NO. VI) | § | MDL Docket No. 875 |

*transferred from*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KATHY D. SARTALAMACCHIA, | § | |
| ROBERT E. DEMOUEY, JR. and | § | |
| ERIC DEMOUEY, Individually and as | § | |
| Personal Representatives and Heirs of | § | |
| Decedent, ROBERT E. DEMOUEY, SR. | § | |
| | § | CIVIL ACTION NO. W05CA090 |
| Plaintiffs, | § | |
| vs. | § | |
| | § | |
| ALCOA INC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT ALCOA INC.'S RESPONSE TO PLAINTIFFS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER (CTO-245) AS TO KATHY D.
SARTALAMACCHIA, ET AL. V. ALCOA, INC.**

COMES NOW, Alcoa Inc. ("Alcoa") and files this its Response to Plaintiffs' Motion to

Vacate the Conditional Transfer Order (CTO-245) as to the case of *Kathy D. Sartalamacchia, et

al. v. Alcoa, Inc.*, transferred from the United States District Court for the Western District of

Texas, Waco Division to MDL Docket No. 875, *In re: Asbestos Products Liability Litigation

(VI)*, and respectfully shows the following:

**I.    BACKGROUND**

On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order

transferring all asbestos cases that were not on trial and that were pending outside the Eastern

HOUSTON 819597v1

OFFICIAL FILE COPY

IMAGED MAY 2 4 2005

PLEADING NO. 4518

District of Pennsylvania to the Eastern District of Pennsylvania and assigning those suits to the Honorable Charles R. Weiner for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, MDL 875, *In Re Asbestos Product Liability Litigation*.

On January 20, 2005, Plaintiffs filed suit against Alcoa in state court in Milam County, Texas. Alcoa removed the case, based on complete diversity of the parties, to federal court on March 10, 2005. On March 15, 2005, Alcoa filed its motion to transfer this case to the Federal Multidistrict Asbestos Litigation (MDL 875) in the United States District Court for the Eastern District of Pennsylvania. The United States District Court for the Western District of Texas, Waco Division ordered this case to be transferred to the *In Re Asbestos Product Liability Litigation:* MDL Docket No. 875 on March 29, 2002. This Court signed the Conditional Transfer Order (CTO-245) transferring this case to the MDL on April 14, 2005. On March 26, 2005, Plaintiffs notified The Panel of their objections to the transfer of this case.

## II.    ARGUMENTS & AUTHORITIES

The present case is perfectly suited to be transferred to the MDL for coordinated administration with the other similarly situated cases before the Court. Plaintiffs, residents of Louisiana and Mississippi, have brought suit against one defendant, Alcoa Inc., whose principal place of business is Pittsburgh, Pennsylvania. Plaintiffs are alleging that Plaintiff, Robert Demouey, developed mesothelioma as a result of exposure to asbestos. As this is a case with complete diversity and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal to federal court was appropriate under Title 28, United States Code, Section 1332. In addition, this is an asbestos case that has just recently been filed and discovery has not yet been conducted and is not complete. Therefore, Alcoa respectfully requests that this case be properly transferred to MDL 875 and that Plaintiffs' Motion to Vacate be denied.

The Judicial Panel on Multidistrict Litigation was "created in response to the difficulty among the courts in coordinating almost 2,000 related cases that were then pending in 36 districts around the country which alleged a nationwide antitrust conspiracy among electrical equipment manufacturers. A consensus evolved among lawmakers and the judiciary that the Judicial Panel on Multidistrict Litigation was needed to coordinate complex cases filed in multiple districts."[1]  On July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order to transfer all asbestos cases that were not on trial and that were pending outside the Eastern District of Pennsylvania for coordinated pretrial proceedings. Following this order, numerous asbestos cases have been and continue to be transferred to the MDL.

To grant Plaintiffs' motion to vacate would thwart the purpose of the MDL and the efficient administration of nation-wide asbestos litigation. The intent behind the creation of the federal MDL was to allow the just and efficient coordination of litigation such as the current asbestos litigation. The objective of transfer to an MDL is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts.[2]  As is stated in 28 U.S.C. 1407:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

The present case is prime for transfer to the MDL so that the just and efficient administration of asbestos cases can be conducted. As stated above, the present case was recently filed and

---

[1] *The Third Branch*, December 1995.

[2] *See In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968).

discovery has not been conducted and is not completed. The case should be transferred to the MDL 875 so that the intent and purpose of the federal nation-wide MDL may be achieved.

Plaintiffs assert that this transfer should be vacated because "a plan is in effect by the Waco Court" for the "management of pretrial proceedings."[3] However, most cases transferred to this MDL undoubtedly benefit from a pre-trial docket control order or pre-trial management plan instituted by the local district judge or magistrate. This case is no different. Simply stated, this case is not yet ready for trial, pre-trial matters have not yet begun and discovery has not been conducted or completed. Therefore, this case is perfectly situated to be managed by the MDL.

While it is true that the Panel has the power to vacate conditional transfer orders when the transfer neither serves convenience nor promotes the just and efficient conduct of the litigation, Plaintiffs' reliance on *In re A.H. Robins Co.*, 505 F. Supp. 221 (J.P.M.L. 1981) to support its motion to vacate is misplaced. *In re A.H. Robins Co* was a case where the Court vacated a conditional transfer order in the following circumstances:

> The parties to the consolidated litigation conducted extensive pretrial discovery which was made available nationally to all counsel. During the time pretrial discovery was conducted, the litigation before Judge Theis involved approximately one thousand actions. After almost four years of consolidated discovery, Judge Theis reported to the Panel that all pretrial proceedings of a general nature had been concluded and that the objectives of centralized pretrial proceedings under Section 1407 had been accomplished. Accordingly, Judge Theis entered his pretrial order on November 28, 1977 and recommended that the Panel begin remanding actions to their respective transferor courts. Despite the fact that all common discovery was completed in the transferee district, the transfer of the tag-along actions continued for the sole purpose of obtaining the benefits and restrictions deriving from the pretrial orders entered by the transferee judge. Recognizing the obvious procedural complications caused by this practice, the Panel began vacating its conditional transfer orders.

---

[3] *See Plaintiffs' Brief in Support* at pg. 2.

*In re Northern Dist. of California Dalkon Shield IUD Products Liability Litigation*, 526 F.Supp. 887, 912 -913 (N.D.Cal., 1981) (citing *In Re A.H. Robins* as one of the cases vacated by the Panel).

The case at hand is clearly distinguishable from *In Re A.H. Robins*. Unlike the *Dalkon Shield IUD Litigation,* the federal asbestos litigation has not been concluded and to this Defendant's knowledge, Judge Weiner has neither reported to the Panel that his pretrial proceedings have been concluded nor that the objectives of centralized proceedings under Section 1407 have been accomplished. Accordingly, vacating this transfer order is premature, and the appropriate remedy is to deny Plaintiff's motion.

Likewise, Plaintiffs rely on *In re Petroleum Prod. Antitrust Litig.*, 476 F.Supp. 455, 457 (J.P.M.L. 1979) to argue that vacation of the order is appropriate despite the fact that this action shares questions of fact or law with the actions in the MDL 875. However, in *In re Petroleum*, the Panel vacated the transfer order under the following reasoning:

> Plaintiffs in Caldo have candidly acknowledged, in their papers before the Panel, that transfer of Caldo would have a significant impact upon the pretrial program designed by Judge Gray: As much as transfer and coordination may benefit the Caldo case plaintiffs, the scope of discovery permitted thus far in the state actions and the possible requirement of a third track of discovery are causes for concern. …To accommodate the timeframe and areas necessary for just and efficient prosecution of the Caldo case, either the existing discovery areas must be expanded or a third track of discovery and pretrial will have to be managed by Judge Gray. Under these circumstances, we are convinced that inclusion of Caldo in MDL-150 at the present time would disrupt and substantially delay the orderly progress of pretrial proceedings in the transferee district, while bestowing upon the parties in Caldo concomitant benefits that could more easily be garnered by suitable alternatives to Section 1407 transfer.

*Id.* at 458. Plaintiffs in this case have no similarity to the *Caldo* Plaintiffs. Unlike the *Caldo* Plaintiffs, Plaintiffs here have neither alleged a need for broadened discovery that would currently be impermissible under Judge Weiner's rules, nor have they implied that transfer of

5

this case would disrupt or delay the MDL 875 proceedings. As such, Plaintiffs' reliance on *In re Petroleum* is misplaced, and the motion to vacate should be denied.

### III. CONCLUSION

WHEREFORE, the present case should be transferred to the MDL 875 so that the intent and purpose of the federal nation-wide MDL may be achieved. The just and efficient administration of asbestos cases necessitates transfer of this case since it squarely falls within the jurisdiction and purposes of the MDL 875. Accordingly, Defendant Alcoa, Inc. respectfully requests that this Court deny Plaintiffs' Motion to Vacate and for such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

By: _____
Richard O. Faulk
TBA No. 0654300
Federal Bar # 2497
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5500
(713) 276-5555 (Telefax)

ATTORNEY IN CHARGE FOR
DEFENDANT ALCOA INC.

Of counsel:
Diana L. Panian
TBA No. 24007799
Southern District of Texas # 24957
GARDERE WYNNE SEWELL LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
(713) 276-5500
(713) 276-5555 (Telefax)

Case MDL No. 875   Document 4518   Filed 05/20/05   Page 7 of 8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 20 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served upon the following persons, who are listed below, on this 20th day of May, 2005.

Transferee Judge
**Hon. Charles R. Weiner**
U.S. District Judge
6613 United States Courthouse
Philadelphia, Pa 19106

Transferor Judge
**Hon. Walter S. Smith, Jr.**
U.S. District Judge
901 Washington Avenue
Waco, Texas 76701

Opposing Counsel
**Russell C. Brown**
Wellborn, Houston, Adkison
P.O. Box 1109
Henderson, TX 75653-1109

## PANEL SERVICE LIST

**Richard C. Binzley**
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

**Edward J. Cass**
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

**Adam M. Chud**
Goodwin Procter LLP
901 New York Ave., NY
Washington, DC 20001

**David A. Damico**
Burns, White & Hickton LLC
4 Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

**Raymond P. Forceno**
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106

**Andrew J. Trevelise**
Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

**Ellen B. Furman**
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

**Susan M. Hansen**
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402

**Reginald S. Kramer**
Oldham & Dowling
195 South Main Street,
Suite 300
Akron, OH 44308

**David C. Landin**
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd Street
Richmond, VA 23219

**Gene Locks**
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

**Ronald L. Motley**
Motley Rice LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

**James K. Weston, II**
Tom Riley Law Firm
4040 First Avenue, NE
P. O. Box 998
Cedar Rapids, IA 52406

**John J. Repcheck**
Marks, O'Neill, et al.
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

**John D. Roven**
Roven Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

**Richard D. Schuster**
Vorys, Sater, Seymour & Pease
52 E. Gay Street
P. O. Box 1008
Columbus, OH 43216

**Neil Selman**
Selman Breitman & Burgess
11766 Wilshire Blvd. 6th Floor
Los Angeles, CA 90025

**Robert N. Spinelli**
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

HOUSTON 819597v1

**Robert E. Swickle**
Jacques Admiralty Law Firm
1570 Penobscot Building
Maritime Asbestos Legal
Clinic
Detroit, MI  48226

_____
Diana Panian Larson