MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 25 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| | |
|---|---|
| SINFOROSA APODACA, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) No. 05-00182 MV/DJS (D.N.M.) |
| THE ZIA COMPANY, ET AL., | ) |
| Defendants. | ) |

## OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CTO-244

Defendants CertainTeed Corporation, Dana Corporation, Maremont Corporation, Pneumo Abex LLC, and Union Carbide Corporation respectfully submit this Opposition to plaintiffs' Motion To Vacate Conditional Transfer Order ("CTO") 244, which was filed on May 5, 2005, and docketed as Pleading No. 4507. Plaintiffs ask the Panel to vacate CTO-244 as it pertains to the action transferred from the United States District Court for the District of New Mexico that is listed above.

Defendants oppose plaintiffs' motion. As we discuss below, plaintiffs' motion contradicts well-settled Panel precedent and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiffs' motion.

Plaintiffs acknowledge that this case falls within the category of cases that should be transferred to MDL-875. See Pl. Br. at 1 (claims are "against various manufacturers and distributors of asbestos products for asbestos-related injuries"). Plaintiffs nonetheless argue (at

PLEADING NO. 4523

OFFICIAL FILE COPY

IMAGED MAY 2 7 2005

5) that the case should not be transferred until the transferor court addresses plaintiffs' pending motion to remand.

The Panel has consistently rejected plaintiffs' arguments against transfer. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 1-2, citing *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[1] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, *e.g.*, *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 2 n.1 ("Some plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of motions to remand their actions to state court. There is no need to delay transfer in order to accommodate such an interest.").[2]

Plaintiffs' motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiffs should avail themselves of Panel Rule 7.6 (remand by the transferee court) rather than seeking relief here.

---

[1] *E.g.*, *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Feb. 16, 2005) (Transfer Order), at 1-2; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Dec. 6, 2004) (Transfer Order), at 1-2.

[2] The transferor court has sufficient time to rule on a motion to remand prior to final transfer, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 2 n.1. Plaintiffs acknowledge (at 10-11) that the transferor Court may resolve their pending motion to remand prior to transfer, if it so chooses.

Plaintiffs also challenge the manner in which Judge Weiner administers MDL-875. Their assertions, which are based on data that they allegedly gathered from the MDL clerk's office in 2001 (see Pl. Br. at 6 & n.11), are contrary to the facts. The most recent available data concerning MDL-875 shows that "as of April 1, 2005, i) over 74,000 actions have been closed in the transferee district, and ii) over 1,300 actions or claims therein have been returned to their originating transferor districts." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 2.[3] As a result, the Panel recently expressed its "confiden[ce] that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed." *Id.* After the Panel transfers this action to MDL-875, if Judge Weiner "deems remand ... appropriate, procedures are available whereby this may be accomplished with a minimum of delay." *Id.*

Finally, plaintiffs argue (at 7-9) that this case would not benefit from the coordinated and consolidated pretrial proceedings that are ongoing in MDL-875. In so arguing, plaintiffs take a far too narrow view of the purpose of MDL-875, in which one judge oversees all federal court asbestos litigation, determines "the types of pretrial matters that need to be addressed ... in order to avoid duplication of effort," ensures that available resources "fairly compensate all deserving claimants," and determines whether "there are economies to be achieved with respect to remaining national discovery, pretrial rulings or efforts at settlement." 771 F. Supp. at 421-22. For these reasons, the Panel has historically refused to make any exception to the requirement

---

[3] Plaintiffs' reliance on figures concerning actions "remanded" by Judge Weiner presents only part of the picture. Many of the actions transferred to MDL-875 are resolved by Judge Weiner prior to remand, thereby eliminating any burden on the transferee district. That function satisfies the very purpose of MDL-875, which was to "centraliz[e]"

that "*all* pending federal court actions not then in trial involving allegations of personal injury or wrongful death causes by asbestos" be transferred to MDL-875. *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 1 (emphasis added). These plaintiffs have provided no reason for the Panel to depart from those long-settled principles here.

For these reasons, the Panel should deny plaintiffs' Motion.

Dated: May 24, 2005

Respectfully submitted,

_____  
John D. Aldock  
Elizabeth Runyan Geise  
Adam M. Chud  
Goodwin Procter LLP  
901 New York Avenue, N.W.  
Washington, D.C. 20001  
Tel.: (202) 346-4000  
Fax: (202) 346-4444  

Attorneys for defendants  
CertainTeed Corp. and Dana Corp.

_____  
Mary Price Birk  
Ronald Hellbusch  
Baker & Hostetler LLP  
303 East 17th Avenue  
Suite 1100  
Denver, Colorado 80203  
Tel.: (303) 861-0600  
Fax: (303) 861-7805  

Attorneys for defendants CertainTeed Corp., Dana Corp., Maremont Corp., Pneumo Abex LLC, and Union Carbide Corp.

---

and provide "a new, streamlined approach" to resolving asbestos litigation pending in federal court. 771 F. Supp. at 418.

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of May, 2005, I caused an original, four copies, and one computer readable disk copy of the foregoing Opposition of Defendants CertainTeed Corporation, Dana Corporation, Maremont Corporation, Pneumo Abex LLC, and Union Carbide Corporation to Plaintiffs' Motion To Vacate CTO-244 to be served by hand on the Clerk of the Panel:

> Michael J. Beck
> Clerk of the Panel
> Judicial Panel on Multidistrict Litigation
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Room G-225, North Lobby
> Washington, D.C.  20002-8004

I further certify that, on this 24th day of May, 2005, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 24th day of May, 2005, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

> Michael E. Kunz
> Clerk of the Court
> United States District Court for the
> Eastern District of Pennsylvania
> 601 Market Street
> Philadelphia, PA  19106-1797

_____
Adam M. Chud



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAY 25 2005

FILED
CLERK'S OFFICE

## SERVICE LIST

Lawrence E. Abbott
Sarah Liams
Matthew Ehrlicher
Abbott Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Laurie K. Anger
Morgenstein & Jubelirer
Spear Street Tower, 32nd Floor
One Market Plaza
San Francisco, CA 94105

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Donald G. Bruckner, Jr.
Marcus Garcia
Guebert Bruckner & Bootes, PC
P.O. Box 93880
Albuquerque, NM 87199-3880

Edward J. Cass
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Raymond P. Forceno
Forceno & Hannon
111 South Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Erin Lagenwalter; Douglas Schneebeck
Jennifer G. Anderson; Martha G. Brown
Tim L. Fields; and Michelle Hernandez
Modrall Sperling Roehl Harris & Sisk
P.O. Box 2168
Albuquerque, NM 87103-2168

James P. Bieg
Rodey Dickason Sloan Akin & Robb
P.O. Box 1357
Santa Fe, NM 87504-1357

Mary Price Birk
Ronald L. Hellbusch
Chad Trulli
Stephanie Loughner
Baker & Hostetler, LLP
303 East 17th Avenue, Suite 1100
Denver, CO 80203

William H. Carpenter
David J. Stout
Carpenter & Stout
1600 University Boulevard, NE, Suite A
Albuquerque, NM 87102-1724

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

RECEIVED CLERK'S OFFICE 2005 MAY 25 P 4:03 PANEL ON MULTIDISTRICT LITIGATION

Rebecca Jackson
Laura Rehm Giokas
Bryan Cave, LLP
One Metropolitan Square, Suite 3600
211 North Broadway
St. Louis, MO 63102

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfron Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Alice Tomlinson Lorenz
Thomas R. Mack
Michael C. Ross
Thomas M. Domme
Miller Stratvert, PA
P.O. Box 25687
Albuquerque, NM 87125

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

John S. Thal
Feliz A. Rael
Atkinson & Thal, PC
201 Third Street, NW, Suite 1850
Albuquerque, NM 87102

T.A. Sandenaw, Jr.
Melissa J. Reeves
Sandenaw Piazza & Anderson, PC
2951 Roadrunner Parkway
Las Cruces, NM 88011

John J. Repcheck
Marks O'Neill O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburg, PA 15219

John D. Roven
Roven Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys Sater Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

| | |
|---|---|
| Neil Selman<br>Selman Breitman & Burgess<br>11766 Wilshire Boulevard, Sixth Floor<br>Los Angelse, CA 90025 | Patrick M. Shay<br>Rodey Dickason Sloan Akin & Robb<br>P.O. Box 1888<br>Albuquerque, NM 87103 |
| J. Conard Metcalf<br>Judy Bradshaw Snyder<br>Trine & Metcalf, PC<br>1435 Arapahoe Avenue<br>Boulder, CO 80302-6390 | Rober N. Spinelli<br>Kelley Jasons McGuire & Spinelli<br>Centre Square West, 15th Floor<br>Philadelphia, PA 19102 |
| Bruce H. Strotz<br>Fairfield Farrow Flowers Pierson & Strotz<br>2400 Louisiana Boulevard, NE<br>Building AFC 3, Suite 100<br>Albuquerque, NM 87110 | Robert E. Swickle<br>Jaques Admiralty Law Firm, PC<br>1570 Penobscot Building<br>The Maritime Asbestosis Legal Clinic<br>Detroit, MI 48226 |
| Andrew J. Trevelise<br>Reed Smith, LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA 19103 | James K. Weston, II<br>Tom Riley Law Firm<br>4040 First Avenue, NE<br>P.O. Box 998<br>Cedar Rapids, IA 52406 |
| James S. Bratten<br>Pehlivanian & Braaten, LLC<br>Paynter's Ridge Office Park<br>P.O. Box 648<br>Manasquaan, NJ 08736 | Alfred L. Green, Jr.<br>Patrick J. Greibel<br>Butt Thornton & Baehr, PC<br>4101 Indian School Road, NE, Suite 300 South<br>Albuquerque, NM 87110 |
| Cas Tabor<br>McCormick Caraway Tabor & Riley, LLP<br>Bujac Building, 112 North Canyon<br>P.O. Box 1718<br>Carlsbad, NM 88221-1718 | Jack Brant<br>Rodey Dickason Sloan & Robb, PA<br>201 Third Street, NW, Suite 2200<br>Albuquerque, NM 87102 |

John A. Bannerman
Charlotte Lamont
Bannerman & Williams, PA
6400 Uptown Boulevard, NE, Suite 200 West
Albuquerque, NM 87110

W. Spencer Reid
S. Charles Archuleta
Keleher & McLeiod, PA
P.O. Box AA
Albuquerque, NM 87103

Terrance Yenson
Yenson Lynn Allen & Wosick, PC
4908 Alameda Boulevard, NE
Albuquerque, NM 87113-1736

Briggs Cheney
Juan Flores
Bob Warburton
Sheehan Sheehan & Stelzner, PA
P.O. Box 271
Albuquerque, NM 87103

Anthony S. Thomas
Bowman & Brooke, LLP
879 West 190th Street, Suite 700
Gardena, CA 90248

_____
Adam M. Chud