

MDL 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUN - 3 2005

FILED
CLERK'S OFFICE

MDL NO: VI

This document relates to:
Gerald Judson v. Kerr-McGee Corp., et al
S.D.MS. Case No. 1:05CV155WJG

## PLAINTIFF'S NOTICE OF OPPOSITION TO TRANSFER OF A POTENTIAL TAG-ALONG ACTION

Now comes Plaintiff, Gerald Judson, in the above referenced case, through undersigned counsel of record, and files this, his Notice of Opposition to Transfer pursuant to Rule 7.4(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. Plaintiff opposes the transfer of this action for the following reasons:

1. Common factual issues with the actions currently pending in the MDL have not been established. Plaintiff has sued various defendants for exposure to asbestos products and caustic chemicals associated with oil-field production. Plaintiff alleges that his injuries were caused not solely by exposure to asbestos or chemicals, but to a combination of both dangerous substances.

2. Plaintiff is terminally ill with lung cancer. Although the MDL was established in 1991 to streamline the trial process, an unfortunate by-product of the mass transfer of all asbestos litigation to the Eastern District of Pennsylvania has been a delay of final adjudication. Because of this back-log, it is reasonable to expect that Plaintiff will not live to see his day in court should his case be transferred to the MDL.

PLEADING NO. 4531

**OFFICIAL FILE COPY**

IMAGED JUN 3 2005

3. Transfer of this action will not further the efficient management of this action. 28 U.S.C. §1407 establishes multidistrict litigation to deal with pretrial proceedings. However, in the above-referenced case, master discovery has already been propounded and answered and both discovery and trial depositions of Plaintiff have taken place. As the pretrial proceedings referenced in §1407 are already well under way, it would serve no legitimate purpose other than to delay litigation to transfer the above-referenced case to the MDL.

Wherefore, for the reasons listed above, the Conditional Transfer Order need be rescinded as to the Judson case.

Respectfully submitted,

F. GERALD MAPLES, P.A.

*[signature: Meredith Mayberry]*
F. Gerald Maples, (MS Bar #1860)
Meredith A. Mayberry (MS Bar #101796)
902 Julia Street
New Orleans, Louisiana 70113
Telephone: (504) 569-8732
Facsimile: (504) 525-6932

ATTORNEY FOR PLAINTIFFS

2

Case MDL No. 875   Document 4531   Filed 06/03/05   Page 3 of 3

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN - 3 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, Meredith A. Mayberry, one of the attorneys for the Plaintiffs, do hereby certify that a true and correct copy of this instrument was served via fax and/or U.S. Mail, postage prepaid and properly addressed, to all known counsel of record on the attached service list.

This, the 2nd day of June, 2005.

MEREDITH A. MAYBERRY

Campbell E. Wallace
Chaffe, McCall, Phillips, Toler & Sarpy
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300

Richard T. Lawrence
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

David Baker
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Stephen Wiles
Smith & Fawer, L.L.C.
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170

2005 JUN -2 P 4:07
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

3