

MDL  875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUN 1 7 2005

FILED
CLERK'S OFFICE

IN RE: MDL Docket No. 875 - In re: Asbestos Products Liability Litigation (No. VI)

TO:      VIA FACSIMILE: (202) 502-2888
          MICHAEL J. BECK, CLERK OF THE PANEL
          ONE COLUMBUS CIRCLE, N.E.
          THURGOOD MARSHALL FEDERAL JUDICIARY BUILDING
          ROOM G-255 NORTH LOBBY
          WASHINGTON, D.C. 20002-8004

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA

---

ANN ELIZABETH BUCHINGER, as
Personal Representative of the Estate of
LARRY BUCHINGER, Deceased,

      Plaintiffs,

vs.                               Case No. 3:05 CV 118RV/MD

GARLOCK, INC., et al.,

      Defendants.

_____/

PLEADING NO. 4545

### PLAINTIFFS' MOTION TO VACATE
### CONDITIONAL TRANSFER ORDER AND MEMORANDUM OF LAW

      Plaintiff, by and through her undersigned counsel, pursuant to the Rules of Procedure of

the Judicial Panel on Multidistrict Litigation moves the Panel to vacate its Conditional Transfer

Order No. 247 dated May 18, 2005, conditionally transferring Plaintiff's cases to MDL 875,

currently pending in the Eastern District of Pennsylvania.

### PROCEDURAL HISTORY

      This case was originally filed on May 23, 2003, in the Circuit Court for Escambia

County, Florida.  On November 3, 2004, Plaintiff filed an amended complaint which properly

**OFFICIAL FILE COPY**

IMAGED JUN 2 0 2005

alleged various state law claims against all defendants. On April 1, 2005, Defendant General Electric removed the current action to the District Court for the Northern District of Florida, alleging that that Court had jurisdiction pursuant to 28 U.S.C. § 1442(a). On April 26, 2005, Plaintiff filed her Motion to Remand before the Honorable Roger Vinson, before whom it is currently pending. (Attachment 1.) On May 18, 2005, the Panel issued CTO 247.

The basis of Defendant General Electric's removal was federal officer jurisdiction. No consent of any other defendant was needed in order for Defendant General Electric to remove pursuant to this jurisdictional basis. Since the filing of the removal, Plaintiff has resolved all claims against Defendant General Electric. (Attachment 2.) General Electric has resolved the matter and consents to the remand of the current action to state court, because federal officer was the only basis for federal jurisdiction, and it appears to General Electric that no other defendant qualifies under § 1442(a) for removal.

Because General Electric is no longer a party, there is no basis for the District Court for the Northern District of Florida to exercise jurisdiction over the action pursuant to §1442(a) and the case is due to be remanded to the First Judicial Circuit for Escambia County, Florida. No other defendant in the current action has sought removal of this case, or joined in General Electric's removal alleging federal officer jurisdiction. No remaining defendant has alleged federal officer jurisdiction, and absent federal officer jurisdiction, the District Court for the Northern District of Florida has no subject matter jurisdiction. As such, this case should be not be transferred to MDL 875.

## MEMORANDUM OF LAW

The Judicial Panel transfers cases for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. Section 1407, when the actions involve common questions of fact, and the

2

transfers will serve the convenience of the parties and witnesses and promote the just and efficient conduct of litigation. In re Sta-Power Industries, Inc., 404 F.Supp. 476 (J.P.M.L. 1975). The purpose of the transfer is to eliminate the possibility of duplication of discovery, prevent inconsistent pretrial rulings, and to economize judicial efforts. On the other hand, the Panel denies motions to transfer cases for coordinated or consolidated proceedings when the inherent disadvantages of the transfer outweigh the benefits. In re G.D. Searle & Co. Copper 7 IUD Products Liability Litigation, 483 F.Supp. 1343 (J.P.M.L. 1980). Furthermore, the Panel denies motions for transfer when the transfer will neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. In re A.H. Robins Co. ADalkon Shield, 570 F.Supp. 1480 (J.P.M.L. 1983).

The transfer of Plaintiff's cases to MDL 875 will not serve the convenience of the parties, witnesses, or the Court. It is anticipated that the remand of this conditionally transferred case is imminent. It would be burdensome and inefficient to transfer this case and require the MDL judge to rule on the issue of remand, particularly when the issue has been fully briefed before the transferor court and a decision on remand is imminent. A transfer to MDL 875 would be incongruent with the letter and spirit of the MDL Rules, which require that the transfer to the MDL Court promote the just and efficient conduct of these cases. Accordingly, it would be inappropriate, inefficient, and manifestly unfair to Plaintiff to have her case delayed any further by transfer to Philadelphia when jurisdiction for their case properly lies in state court.

WHEREFORE, Plaintiff requests that the Conditional Transfer Order No. 247 dated dated May 18, 2005 be vacated as to Plaintiff's case and that her case be permitted to remain in the Northern District of Florida until such time as that Court issues an Order remanding it.

RESPECTFULLY SUBMITTED, this __16th__ day of June, 2005.

LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER, & PROCTOR, P.A.

PETER L. KAUFMAN, ESQUIRE
Florida Bar No. 0548421
316 South Baylen Street, Suite 400
P.O. Box 12308 (32591)
Pensacola, FL 32502-5996
Phone:  (850) 435-7107
Facsimile: (850) 435-7020

ATTORNEYS FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiffs' Motion to

Vacate Conditional Transfer Order and Memorandum of Law has been furnished via U.S. mail

to R. Bruce Wallace, Esq., Horan & Wallace, LLP, 608 Whitehead Street, Key West, Florida

33040, and all counsel of record on the attached service list, on this ___16th___ day of June,

2005.

PETER L. KAUFMAN

**LARRY R. BUCHINGER** et ux, v. **GARLOCK, INC.**, et al.

## SERVICE LIST

**Plaintiff's Counsel:**

**PETER L. KAUFMAN, ESQUIRE**
Levin Papantonio, et al.
P.O. Box 12308
316 S. Baylen Street, Suite 600
Pensacola, FL  32591

**FREDERICK J. JEKEL, ESQUIRE**
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC  29465

**Defense Counsel:**

**VIRGINIA EASLEY JOHNSON, ESQUIRE**      GEORGIA PACIFIC
Foley & Mansfield, P.L.L.P.
4770 Biscayne Boulevard, Suite 1030
Miami, FL· 33137

**HUGH J. TURNER, ESQUIRE**      PFIZER, INC.
Redgrave & Turner, LLP
120 East Palmetto Park Road, Suite 450
Boca Raton, FL  33432

**FLOYD J. MATTHEWS, JR., ESQUIRE**      GARLOCK, INC.
Spohrer, Wilner, Maxwell & Matthews, P.A.      A.W. CHESTERTON CO.
701 West Adams Street, Suite 2
Jacksonville, FL  32204

**DAVID W. TRENCH, ESQUIRE**      RAPID AMERICAN CORP.
Bilzin, Sumberg, Dunn & Axelrod, LLP
2500 First Union Financial Center
200 S. Biscayne Boulevard
Miami, FL  33131

**C. MICHAEL EVERT, JR., ESQUIRE**
Evert & Wethersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA  30305

VIACOM


**LEE MARCUS, ESQUIRE**
Unger Acree, et al.
701 Peachtree Road
Orlando, FL  32804

MET LIFE INSURANCE CO.


**JOHN B. LIEBMAN, ESQUIRE**
O'Neill, Liebman & Cooper, P.A.
P.O. Box 608557
Orlando, FL  32789

BIGHAM INSULATION AND
SUPPLY COMPANY, INC.


**KIMBERLY RYAN, ESQUIRE**
Delaware Attorney Services
2000 Pennsylvania Avenue
Wilmington, DE  19806

AMCHEM PRODUCTS, INC.


**HAIL OZERDEN, ESQUIRE**
Dukes Dukes Keating & Faneca, P.A.
2909 13th Street, Sixth Floor
Gulfport, MS  39501

SEALING EQUIPMENT
PRODUCTS COMPANY, INC.,
 (SEPCO, INC.)


**RICHARD M. CRUMP, ESQUIRE**
Forman Perry Watkins Krutz & Tandy, LLP
188 East Capitol Street, Suite 200
Jackson, MS  39225-2608

INGERSOLL-RAND CO.

**PANEL SERVICE LIST (Excerpted from CTO-247)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Ann Elizabeth Buchinger, etc. v. Garlock, Inc., et al.*, N.D. Florida, C.A. No. 3:05-118  (Judge C. Roger Vinson)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

Richard M. Crump
Forman, Perry, Watkins, Krutz, et al.
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Millard Lane Fretland
Conroy, Simberg, Ganon, et al.
125 W. Romana Street, Suite 150
Pensacola, FL 32502

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Virginia E. Johnson
Foley & Mansfield
4770 Biscayne Blvd., Suite 1030
Miami, FL 33137-3258

Peter L. Kaufman
Levin Papantonio Thomas, et al.
316 South Baylen Street, Suite 400
P.O. Box 12308
Pensacola, FL 32501-5996

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Richard M. Lauth
Evert & Weathersby, LLC
3405 Piedmont Road, N.E., Suite 225
Atlanta, GA 30305-1764

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Lee Warren Marcus
Marcus, McMahon & Myers
255 S. Orange Avenue, Suite 1250
The Citrus Center
Orlando, FL 32801

Floyd L. Matthews, Jr.
Spohrer, Wilner, Maxwell & Matthews
701 West Adams Street, Suite 2
Jacksonville, FL 32204

Harold E. Morlan, II
Akerman, Senterfitt & Eidson, P.A.
Citrus Center, 17th Floor
255 South Orange Avenue
P.O. Box 231
Orlando, FL 32802-0231

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Halil Suleyman Ozerden
Dukes, Dukes, Keating & Faneca, PA
2909 13th Street, 6th Floor
P.O. Box W
Gulfport, MS 39502

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Hugh J. Turner, Jr.
Akerman, Senterfitt & Eidson
Las Olas Centre, Suite 1600
350 E. Las Olas Boulevard
Ft. Lauderdale, FL 33301-0006

Martin B. Unger
The Unger Law Group
701 Peachtree Road
P.O. Box 4909
Orlando, FL 32802-4909

Robert B. Wallace
Horan & Wallace, LLP
608 Whitehead Street
Key West, FL 33040

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

ANN ELIZABETH BUCHINGER, as      )      Civil Action No.:
Personal Representative of the Estate of   )      3:05 CV 118RV/MD
LARRY BUCHINGER, Deceased,       )
                                 )
              Plaintiff,          )
                                 )
       vs.                        )
                                 )
GARLOCK, INC., et al.            )
                                 )
              Defendants.         )

**PLAINTIFF'S MOTION AND MEMORANDUM IN SUPPORT OF REMAND**

COMES NOW the Plaintiff and hereby moves this Court pursuant to 28 USC §

1447 and requests this Court to remand this action to Florida First Judicial Circuit

Court, Escambia County.  Plaintiff is entitled to an Order remanding the case to state

court, because the basis for this Court's subject matter jurisdiction no longer exists.

**A.     Introduction**

On April 1, 2005, Defendant General Electric removed the current action to the

District Court in the Northern District of Florida, alleging that this Court had

jurisdiction pursuant to 28 U.S.C. § 1442(a).  No consent of any other defendant was

needed in order for Defendant General Electric to remove pursuant to this

jurisdictional basis.  Since the filing of the removal, Plaintiff has resolved all claims

against Defendant General Electric.  (Attachment 1.)  General Electric has resolved

the matter and consents to the remand of the current action to state court, because

Attachment "1"

federal officer was the only basis for federal jurisdiction, and it appears to General Electric that no other defendant qualifies under § 1442(a) for removal.

As General Electric is no longer a party, this Court does not have jurisdiction over the action pursuant to §1442(a) and the case should be remanded. No other defendant in the current action has sought removal of this case, or joined in General Electric's removal alleging federal officer jurisdiction. No remaining defendant has alleged federal officer jurisdiction, and absent federal officer jurisdiction, this Court has no subject matter jurisdiction.

A defendant who seeks to remove a case to federal court bears a "heavy burden" to show that federal jurisdiction exists. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The right to removal is statutory and before a party can avail himself of the removal statute, he must prove that the case comes within the provisions of the statute. *CAP of MB, Inc. v. Champion Rock Prods., Inc.*, 111 F. Supp. 2d 728, 731 (D.S.C. 2000). Furthermore, federal Courts construe removal statutes strictly and all doubts about the propriety of removal is resolved in favor of retaining state Court jurisdiction. *Woodward v. NewCourt Comm. Fin. Corp.*, 60 F.Supp.2d 530 (D.S.C. 1999).

**B.    No other Defendant is a Federal Officer or Agency Entitled to  Removal Under 28 U.S.C. §1442(a)(1)**

28 U.S.C. § 1442 does not apply to the current action because there is no evidence of a company being a federal officer or agency and utilizing asbestos pursuant to the direction of a federal officer or agency.

Section 1442(a)(1) of Title 28 of the United States Code provides that "[a]ny officer of the United States ... or person acting under him, for any act under color of such office" may remove a pending state action to a district Court of the United States. The defendant seeking "federal officer" removal must satisfy a two-part test. First, the defendant must raise a colorable federal defense to plaintiffs' claims. Second, the defendant must establish that it acted under the direction of a federal officer by demonstrating "a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Fung v. Abex Corp.*, 816 F.Supp. 569, 571-72 (N.D. Cal.1992).

No remaining defendant was acting under the direction of a federal agency or officer when it manufactured, distributed or utilized asbestos containing products that released asbestos fibers into the decedent's workplace. The "acting under" language in the statute requires a defendant to show a causal nexus between the plaintiffs' claims and the conduct taken ***pursuant to direction from a federal officer***. *See Willingham v. Morgan*, 395 U.S. 402, 408-09, 89 S.Ct. 1813, 1816-17, 23 L.Ed.2d 396 (1969)(emphasis added). To be entitled to removal based on Section 1441(a)(1), it would have to show a federal officer or agency directed them to use asbestos fibers and cause the fiber release into decedent's workplace.

The case of *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998), is illustrative of the remaining defendants' inability to remove based on Section 1441(a)(1). In *Arness*, the plaintiffs sued a government contractor over the release of TCE into the environment causing personal injury and property damage. Defendant Boeing attempted to remove the case based on Section 1441(a)(1) arguing

that it was "acting under" the very specific direction of the federal government when it used TCE in cleaning the military engine parts. The Court held that while it was true Boeing was required to use TCE to clean the parts, and had specific federal regulations governing how to do so, the federal government *did not* instruct Boeing to release the TCE into the environment which was the negligent conduct the plaintiffs were suing over.

As stated in *Arness*, "the 'critical' question under the federal officer removal statute is 'to what extent defendants acted under federal direction *at the time they engaged in the conduct now being sued upon*.'" *Arness*, 997 F.Supp. at 1275 (emphasis added). The conduct being sued is the release of asbestos fibers for asbestos containing products into the workplace, similar to the TCE in the *Arness* case. As in *Arness*, this release was not undertaken at the direction of any federal officer or agency.

## C.   Statement Pursuant to N.D. Fla. Loc. R. 7.1(B)

Counsel for Plaintiff has conferred with counsel for party urging removal in a good-faith effort to resolve by agreement the issues raised as required by N.D. Fla. Loc. R. 7.1(B), but resolution was not achieved.

## D.   Conclusion

Plaintiff has illustrated that this Court no longer has subject matter jurisdiction over the controversy, and as such the matter should be remanded to the Florida District Courts, Escambia County.

Respectfully Submitted,


LEVIN PAPANTONIO, et al.
P.O. Box 12308
316 S. Baylen Street, Suite 400
Pensacola, FL  32591


By:    _____
       Peter L. Kaufman
       Florida Bar No. 0548421

MOTLEY RICE, LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC  29456
(843) 216-9000
(843) 216-9450 (Facsimile)


Attorneys for Plaintiff Ann Elizabeth
Buchinger, Personal Representative of
the Estate of Larry Buchinger, Deceased

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Plaintiff's

Motion to Remand has been furnished via U.S. mail to R. Bruce Wallace, Esq., **Horan**

**& Wallace, LLP**, 608 Whitehead Street, Key West, Florida 33040, and all counsel of

record on the attached service list, on this _____ day of May, 2005.

_____

PETER L. KAUFMAN

**LARRY R. BUCHINGER** et ux, v. **GARLOCK, INC.,** et al.

## SERVICE LIST

**Plaintiff's Counsel:**

**PETER L. KAUFMAN, ESQUIRE**
Levin Papantonio, et al.
P.O. Box 12308
316 S. Baylen Street, Suite 600
Pensacola, FL  32591

**FREDERICK J. JEKEL, ESQUIRE**
Motley Rice, LLC
P.O. Box 1792
Mt. Pleasant, SC  29465

**Defense Counsel:**

**VIRGINIA EASLEY JOHNSON, ESQUIRE**      GEORGIA PACIFIC
Foley & Mansfield, P.L.L.P.
4770 Biscayne Boulevard, Suite 1030
Miami, FL  33137


**HUGH J. TURNER, ESQUIRE**          PFIZER, INC.
Redgrave & Turner, LLP
120 East Palmetto Park Road, Suite 450
Boca Raton, FL  33432


**FLOYD J. MATTHEWS, JR., ESQUIRE**      GARLOCK, INC.
Spohrer, Wilner, Maxwell & Matthews, P.A.      A.W. CHESTERTON CO.
701 West Adams Street, Suite 2
Jacksonville, FL  32204


**DAVID W. TRENCH, ESQUIRE**          RAPID AMERICAN CORP.
Bilzin, Sumberg, Dunn & Axelrod, LLP
2500 First Union Financial Center
200 S. Biscayne Boulevard
Miami, FL  33131

**C. MICHAEL EVERT, JR., ESQUIRE**  VIACOM
Evert & Wethersby, LLC
3405 Piedmont Road, Suite 225
Atlanta, GA  30305


**LEE MARCUS, ESQUIRE**  MET LIFE INSURANCE CO.
Unger Acree, et al.
701 Peachtree Road
Orlando, FL  32804


**JOHN B. LIEBMAN, ESQUIRE**  BIGHAM INSULATION AND
O'Neill, Liebman & Cooper, P.A.  SUPPLY COMPANY, INC.
P.O. Box 608557
Orlando, FL  32789


**KIMBERLY RYAN, ESQUIRE**  AMCHEM PRODUCTS, INC.
Delaware Attorney Services
2000 Pennsylvania Avenue
Wilmington, DE  19806


**HAIL OZERDEN, ESQUIRE**  SEALING EQUIPMENT
Dukes Dukes Keating & Faneca, P.A.  PRODUCTS COMPANY, INC.,
2909 13th Street, Sixth Floor  (SEPCO, INC.)
Gulfport, MS  39501


**RICHARD M. CRUMP, ESQUIRE**  INGERSOLL-RAND CO.
Forman Perry Watkins Krutz & Tandy, LLP
188 East Capitol Street, Suite 200
Jackson, MS  39225-2608



**Horan & Wallace** LLP

608 WHITEHEAD STREET
KEY WEST, FLORIDA 33040

APR 19 2005

*DAVID PAUL HORAN, P.A.
R. BRUCE WALLACE, P.A.
**PATRICIA A. EABLES
***CARA A. HIGGINS

(305) 294-4585
(305) 294-3488
FAX (305) 294-7822
FAX (305) 294-4593
*ALSO MEMBER COLORADO BAR
**ALSO MEMBER ARKANSAS BAR
***ALSO MEMBER NEW JERSEY BAR

April 18, 2005

*VIA FACSIMILE*

Scott M. Galante, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29465

J. Michael Fitzgerald
Fitzgerald & Associates, P.A.
1484 Greenbrier Place
Charlottesville, VA 22901

RE:     Agreement regarding General Electric settlement of Estate of Larry Buchinger case and
        Fitzgerald cases on April trial calendars in Palm Beach and Hillsborough Counties

Dear Messrs. Galante and Fitzgerald:

I am writing this letter to confirm our agreement regarding the settlement of certain cases against
General Electric Company ("GE"). The cases settled are:

> (a)     Ann Elizabeth Buchinger as Personal Representative of the Estate of Larry R.
> Buchinger, deceased v. General Electric Company, et al., now pending in the United
> States District Court for the Northern District of Florida, Case No.: 3: 05-cv-00-118-
> RV/MD.

> (b)     The Fitzgerald cases on the attached schedule "A", which include the cases
> against General Electric on the April 11, April 18 and April 25, 2005 trial dockets in
> Palm Beach county and the April 25, 2005 trial docket in Hillsborough County.

These cases will be settled on the following terms:

> (1)     The case must have been "properly filed" against General Electric, meaning that
> the case is not subject  to a meritorious motion to dismiss or transfer on venue, jurisdiction or
> statute of limitation grounds.

> (2)     The cases will be settled for the following sums:  (i) The sum of $12,000 for
> mesothelioma claims; (ii) the sum of $5,000 for lung cancer claims; and (iii) the sum of $1,200
> for other malignancy and nonmalignancy asbestos disease claims.

*Attachment "2"*

April 18, 2005 – Page 2

---

(3)      We will stipulate to a motion to remand on Buchinger or to any other reasonable motion, notice or order to facilitate the plaintiff's effort to remand the action consistent with the Federal Rules and Statutes, including Rule 11.

(4)      In order to process these settlements for payment, you will submit the following:

(i)      An affidavit evidencing the claimant's asbestos exposure history for at least one year prior to 1975 to asbestos on a GE turbine at a land jobsite which GE acknowledges to be the site of one or more asbestos-insulated GE land steam turbines or a shipyard at which GE marine steam turbines with asbestos insulation were installed or maintained. The claimant must have had actual exposure to asbestos from the GE turbine while working on or near the turbine. For example, if a GE turbine at a papermill is located only in a power generating building separate from the paper processing plant, only those claimants who were present in the power generating building working on or near the turbine would qualify for payment. In the case of an Estate, the affidavit may be executed by the personal representative or family member.

(ii)     An individual claimant information form supplying all of the information on attached Exhibit B. (It need not be in precise "Exhibit B" format but should provide all of the information specified on Exhibit B.)

(iii)    Dated and signed medical documentation evidencing the claimant's asbestos-related disease diagnosis. For non-malignancies, you will submit a report from a NIOSH certified B-reader showing an ILO reading of 1/0 or higher or bilateral pleural plaques or bilateral pleural thickening. For malignancies, you will submit as full medical documentation as is available, which should include a confirming pathology report of mesothelioma or lung cancer. Documentation from Larry Mitchell, M.D., Glen E. Pitts, Jewel D. Pitts, Leon Hammonds, Pulmonary Advisory Services, Inc., Pulmonary Advisory Services of Florida, Inc., Pulmonary Testing Services, Inc., and Pulmonary Function Laboratories, Inc. is not sufficient.

(iv)     A full and final release using the form applicable to the subject claim from those attached as Exhibits C(1) – C(2).

(v)      A copy of the notice dismissing any case filed against GE. To the extent that court approvals may be required to effectuate a settlement as to claims involving deceased workers or minor children, plaintiffs shall submit whatever documentation and take whatever litigation steps are necessary to obtain such court approval.

April 18, 2005 – Page 3

We understand that you intend to submit the settlement documentation on these claimants in one or more groups.   To facilitate processing, we ask that you include with each such group submission a computer disk containing a copy of all of the client information (on Exhibit B) in a format readable by Microsoft Word® software.   In addition, we ask that you include an alphabetical list of the claimants for whom you are submitting documentation, that you fasten together by stapling or by placing in an individually labeled file folder all documentation relating to a particular claimant (including signed release, claimant information form, and medical documentation), and that you arrange the individual claimant packets or folders alphabetically.

You are to submit your claim documentation directly to:

> Henry J. King, Jr.
> Joshua J. Miller
> Electric Insurance Company
> 75 Sam Fonzo Drive
> Beverly, Massachusetts 01915

Assuming the claim is fully documented and accepted for settlement, Mr. Miller will notify you of GE's acceptance and remit payment within 45 days.

> Payment shall be made as follows:

(i)     Payment in the amount of $12,000.00 in the Buchinger case shall be payable to Motley Rice in trust for Ann Elizabeth Buchinger as Personal Representative of the Estate of Larry R. Buchinger, deceased, mailed to Motley Rice.

(ii)    Payment for the Fitzgerald cases shall be remitted in the form of group lump sum check(s), payable to the order of Fitzgerald and Associates, P.A.., in trust for the asbestos settlement claimants identified in Schedule "A".

(iii)   Payments shall be mailed to:

> J. Michael Fitzgerald, Esq.
> FITZGERALD & ASSOCIATES, P.A.
> 1484 Greenbrier Place
> Charlottesville, VA 22901

(iv)    A photocopy of the payment check and any explanatory cover letter shall be mailed to:

> Scott M. Galante, Esq.
> Motley Rice, LLC
> P.O. Box 1792
> Mt. Pleasant, SC 29465

April 18, 2005 – Page 4

---

If the claim is for any reason not accepted for settlement, Mr. Miller will notify you of GE's rejection within 45 days. If the reason for rejection is a rectifiable deficiency in the submitted documentation, you will be welcome to resubmit it thereafter.

If you would prefer not to obtain your client's signed release until we have reviewed and approved the claim, you may wait to submit the release until after we have reviewed and communicated acceptance of the claim to you, in which event the administrator will then remit payment upon receipt of the release. In the event that we should reject a claim for settlement on which the release was already submitted with the original claim documentation, we will, of course, void and return the release to you.

We have agreed that this settlement is to be strictly confidential and that no dollar amounts are to be disclosed by any of the parties or their attorneys except as required by the Internal Revenue Service or to otherwise comply with the requirements of law.

If the above does not comport with your understanding of our agreement in any way, please advise me accordingly. If this letter does accurately reflect our agreement, I ask that you each counter-sign and return a counter-signed copy to me.

Very truly yours,

R. Bruce Wallace

RBW:cel

Agreed:_____

J. Michael Fitzgerald
FITZGERALD & ASSOCIATES

Agreed:_____

Scott M. Galante
MOTLEY RICE, LLP