

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

Alan R. Brayton (#73685 Admitted *Pro Hac Vice*)
S. Brook Millard (#7415)
BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
Attorneys for Plaintiffs

---

## MDL DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

IN RE:          ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

| | |
|---|---|
| AUDREY FRATTO Individually and as ) | |
| Personal Representative on behalf of the ) | |
| Legal Heirs of JOHN FRATTO, Deceased, ) | |
| ) | District of Utah |
| Plaintiff, ) | |
| ) | Case No. 2:05-CV-336-DAK |
| vs. ) | |
| ) | |
| ASARCO INC.., et al., ) | |
| Defendants. ) | |
| ) | |

---

OFFICIAL FILE COPY

IMAGED JUN 2 0 2005

## <u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S NOTICE OF OPPOSITION OF JUNE 2, 2005</u>

Plaintiffs filed a Notice of Opposition to the Conditional Transfer Order (CTO-237). This Memorandum is submitted in Support of this Notice of Opposition.

### <u>FACTS</u>

1.      On or about April 12, 2005, Defendants filed a Notice to remove this case from the Third Judicial District Court to the United States District Court for the District of Utah. (Attached as Exhibit 1).

2.      On or about May 10 2005, Plaintiff filed a Motion to Remand the case back to State Court. (Attached as Exhibit 2).

3.      On or about May 18, 2005, Plaintiffs received the Conditional Transfer Order and letter from the Judicial Panel of the Multidistrict Litigation regarding the Conditional Transfer Order, (CTO-247) and need time to oppose the same.

4.      On June 2, 2005, Plaintiffs filed their Notice of Opposition of Conditional Transfer Order.

5.      Thermal West filed their Opposition to Plaintiff's Motion for Remand on June 10, 2005. (Attached as Exhibit 3).

7.      Plaintiff's Reply in Support of its Motion to Remand is due on June 18, 2005, and will be filed prior to that date.

8.      A hearing regarding the Motion to Remand has not been scheduled.

### <u>ARGUMENT</u>

Defendant Thermal West removed this Utah State Court action to the United States District Court for the District of Utah on or about April 12, 2005. Due to the fact that Thermal West failed

to secure consent from all served defendants, and because Thermal West failed to plead an adequate basis for federal enclave jurisdiction,   Plaintiff moved the District Court for the State of Utah to remand the case to State Court.  That motion was filed May 10, 2005, and has not yet been decided. Should the motion be decided in the Plaintiff's favor, the Conditional Transfer Order will be moot since the case will then be within the jurisdiction of the Utah State Courts.

Based on the foregoing, Plaintiffs respectfully requests the Judicial Panel of the Multidistrict Litigation to abstain from making the Conditional Transfer Order final and permitting the Utah District Court to resolve this matter.

RESPECTFULLY SUBMITTED this 15th day of June, 2005.


BRAYTON❖PURCELL


S. Brook Millard
Attorney for Audrey Fratto
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 7 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, S. Brook Millard, of the law firm of Brayton❖Purcell, do hereby certify that I have this day

caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiff's Notice

of Opposition to all counsel of record at their usual and regular mailing addresses.

| | |
|---|---|
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry  smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111<br>Fax: (801) 359-9004 |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com<br>50 South Main Street, 7th Floor<br>Salt Lake City, UT 84144 |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111 |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com<br>E. Scott Savage<br>Casey K. McGarvey<br>50 South Main, Suite 1250<br>Salt Lake City, UT 84144 |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| RIO GRANDE CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich  jmiletich@msfhc.com<br>2401 - 15th Street, Suite 300<br>Denver, CO  80202<br>Phone:  (303) 458-9545 |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 |

| FRED MEYER STORES, INC. | BULLIVANT, HOUSER & BAILY |
|---|---|
| | darlene.wasielewski@bullivant.com |
| | Darlene Wasielewski |
| | 11335 Gold Express Drive, Suite 105 |
| | Gold River, CA 95670-6310 |

DATED this _____ day of June, 2005.

PANEL SERVICE LIST (Excerpted from CTO-247)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Audrey Fratto, etc. v. Asarco, Inc., et al.,* D. Utah, C.A. No. 2:05-336  (Judge Dale A. Kimball)
*Gary Alverson, et al. v. Atlas Turner, Inc., et al.,* D. Utah, C.A. No. 2:05-337  (Judge Tena Campbell)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Christopher R. Christensen
Brayton Purcell
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy Fowler
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Allan L. Larson
Snow, Christensen & Martineau
10 Exchange Place, #1100
P.O. Box 45000
Salt Lake City, UT 84145

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Shawn McGarry
Kipp & Christian
10 Exchange Place
4th Floor
Salt Lake City, UT 84111-2314

S. Brook Millard
Brayton Purcell
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Gregory J. Sanders
Kipp & Christian
10 Exchange Place
4th Floor
Salt Lake City, UT 84111

E. Scott Savage
Berman & Savage
50 South State Street
Suite 1250
Salt Lake City, UT 84144

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 7 2005

FILED
CLERK'S OFFICE

# EXHIBIT 1

FILED
'S DISTRICT COURT

2005 APR 12 12 4: 34



ALLAN L. LARSON - 1896
RYAN B. BELL - 9956
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| AUDREY FRATTO, Individually, and as<br><br>Personal Representative on behalf of the<br>Legal Heirs of JOHN FRATTO, Deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>ASARCO INCORPORATED,<br>ATLAS TURNER, INC.,<br>BECHTEL CORPORATION (DE);<br>BULLOUGH ABATEMENT, INC.;<br>GARLOCK SEALING TECHNOLOGIES, LLC;<br>KLEE NATURALS; LAKE ASBESTOS<br>OF QUEBEC, LTD.; OWENS-ILLINOIS, INC.;<br>RAPID-AMERICAN CORPORATION;<br>SEQUOIA VENTURES, INC.;<br>THERMAL WEST INDUSTRIAL, INC.;<br>THORPE INSULATION COMPANY;<br>UNIROYAL HOLDING. INC.;<br>VIACOM, INC.; WESTERN ASBESTOS<br>COMPANY; ZURN INDUSTRIAL, INC.,<br><br>    Defendants. | **NOTICE OF REMOVAL OF A**<br>**CIVIL ACTION FROM STATE**<br>**COURT TO FEDERAL COURT**<br><br>`Judge Dale A. Kimball`<br>`DECK TYPE: Civil`<br>`DATE STAMP: 04/12/2005 @ 16:42:14`<br>`CASE NUMBER: 2:05CV00336 DAK`<br><br>Case No. 50901688<br>Master Case No. 010900863<br><br>Honorable Glenn K. Iwasaki |

Under 28 U.S.C. §§ 1331 and 1441(a), defendant Thermal West Industrial, Inc. (Thermal West), through its attorneys, hereby gives NOTICE OF REMOVAL of the civil action pending against it in the Third District Court of the County of Salt Lake, State of Utah, to this Court. Thermal West alleges as grounds for removal the following:

On March 30, 2005, Thermal West was served with a Summons and Complaint in the civil action entitled *Audrey Fratto v. Asarco Inc., et. al.*, Civil No. 50901688, which names Thermal West as a defendant. The case was filed in the Third Judicial District Court, and transferred to the Court of the Honorable Glenn Iwasaki under the Second Amended Case Management Order No. 1, which governs some asbestos cases in Utah.

1.      Plaintiff's complaint alleges that some of the injuries incurred by her late husband took place at Hill Air Force Base, a federal property that qualifies as a "federal enclave" for purposes of federal enclave jurisdiction. *See* Complaint, attached as Exhibit A; *and Celli v. Shoell*, 995 F.Supp. 1337 (D. Utah 1998).

2.      Under the U.S. Constitution, art. I, § 8, cl. 17, the Federal Government has sole jurisdiction over the above area.

3.      Given Plaintiff's reliance on events that occurred on a federal enclave, this case arises under federal law. *See Akin v. Ashland Chemical Co.*, 156 F. 3d 1030 (10th Cir. 1998).

4.      This court has original subject-matter jurisdiction over matters arising under federal law, pursuant to 28 U.S.C. § 1331, and hence, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a). Copies of the Summons and Complaint are attached hereto.

-2-

WHEREFORE, defendant Thermal West hereby submits notice that the above-entitled

matter is removed from the Third Judicial District Court in and for the County of Salt Lake, State

of Utah, to this Court, in accordance with the provisions of 28 U.S.C. § 1446.  All other

defendants join in the removal, and will submit consent forms in support thereof.

DATED this _12th_ day of April, 2005.

SNOW, CHRISTENSEN & MARTINEAU

By _____

Ryan B. Bell

Attorneys for Defendant

Asbestos.267\SN\68942.wpd

-3-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of April, 2005, I caused a true and correct

copy of the foregoing **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE**

**COURT TO FEDERAL COURT** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suitter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph<br>J. Joyce |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |
| Plaintiffs | Alan R. Brayton<br>S. Brook<br>Millard<br>C. Ryan Christensen<br>Brayton Pursell<br>Eisenburg & Gilchrist<br>utasbestos@braytonlaw.com |

Legal Assistant

Asbestos.267:SN:68906.wpd

-3-

Server __C Card__
Title __Process Server__
Date __3-1-05__ Time __3 30PM__
P/S _____

Alan R. Brayton (73685 Admitted Pro Hac Vice)
S. Brook Millard (7415)
C. Ryan Christensen (9546)
**BRAYTON ❖ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

### IN THE THIRD JUDICIAL DISTRICT COURT

### IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| AUDREY FRATTO, Individually, and as Personal Representative on behalf of the Legal Heirs of JOHN FRATTO, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> ASARCO INCORPORATED <br> ATLAS TURNER, INC. <br> BECHTEL CORPORATION (DE) <br> BULLOUGH ABATEMENT, INC. <br> GARLOCK SEALING TECHNOLOGIES, LLC <br> KLEE NATURALS <br> LAKE ASBESTOS OF QUEBEC, LTD. <br> OWENS-ILLINOIS, INC. <br> RAPID-AMERICAN CORPORATION <br> SEQUOIA VENTURES, INC. <br> THERMAL WEST INDUSTRIAL, INC. <br> THORPE INSULATION COMPANY <br> UNIROYAL HOLDING, INC. <br> VIACOM, INC. | **SUMMONS** <br><br> Case No. 50901688 <br><br> Master Case No. 010900863 AS <br><br> Honorable Glenn K. Iwasaki |


Exhibit A

| WESTERN ASBESTOS COMPANY ZURN INDUSTRIES, INC. | |
|---|---|

THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT,

You are hereby summoned and required to file an answer in writing to the attached Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah 84101, and to serve upon or mail to S. Brook Millard, Brayton ❖ Purcell, plaintiff's attorney, 215 South State Street, Suite 900, Salt Lake City, Utah 81111, a copy of said answer, pursuant to §1 Paragraph 4 of *In Re: Asbestos Litigation Case Management Order No. 1* within forty five (45) days after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby annexed and herewith served upon you.

DATED this 24th day of March 2005.

BRAYTON ❖ PURCELL

S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiff

Defendant (or Registered Agent) Address:

NEIL R SABIN
53RD PARK PLAZA SUITE 400
5217 SOUTH STATE ST
SALT LAKE CITY UT 84107

FILED
05 JAN 27 PM 4: 27
SALT LAKE DEPARTMENT
BY_____
DEPUTY CLERK

Alan R. Brayton, Esq. (Admitted *Pro Hac Vice*)
Robert G. Gilchrist, Esq. (#3715)
S. Brook Millard, Esq. (#7415)
C. Ryan Christensen, Esq. (#9546)
**BRAYTON❖PURCELL LLP**
**EISENBERG & GILCHRIST**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiffs

### IN THE THIRD JUDICIAL DISTRICT COURT

### IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| AUDREY FRATTO, Individually, and as Personal Representative on behalf of the Legal Heirs of JOHN FRATTO, Deceased, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| ASBESTOS DEFENDANTS As Reflected on Exhibits B, C, and H; and DOES 1-800. | ) ) ) ) |

COMPLAINT FOR SURVIVAL, LOSS OF CONSORTIUM, WRONGFUL DEATH - ASBESTOS

Case No. 050901688

Master Case No. 0109000863

Judge Glenn K. Iwasaki

1.    JOHN FRATTO (hereinafter and in the Complaint referred to as "decedent") died on January 28, 2004.

2.    AUDREY FRATTO, is the duly appointed, qualified, and acting personal representative of the Estate of decedent.

3.    The heirs-at-law of decedent and their relationships to the decedent are:

| NAME | AGE | RELATIONSHIP TO DECEDENT |
|---|---|---|
| AUDREY FRATTO | 75 Years | Spouse |
| WAYNE FRATTO | Over 18 | Son |
| TIM FRATTO | Over 18 | Son/Adopted |
| JIM FRATTO | Over 18 | Son/Adopted |

4.      Plaintiffs bring this action as specified in 78-11-7, UTAH CODE ANN., as decedent's legal heirs.

5.      At all times prior to his death, decedent was a faithful and dutiful spouse to plaintiff AUDREY FRATTO and parent to plaintiff children.

6.      Decedent's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibits A and I.

7.      The Brayton✤Purcell Master Complaint for [Survival] [Loss of Consortium] Wrongful Death - Asbestos was filed under Civil No. No. 010900863 AS, on January 3, 2002, in the Third Judicial District Court of Salt Lake County, State of Utah. The Master Order governing asbestos litigation was modified by Amended Case Management Order No. 1 dated on or about June 18, 2003, and may be obtained upon request from counsel filing this Summary Pleading, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by the Master Order, as amended. Plaintiffs' claims are as set forth in said Master Complaint against the defendants identified in exhibits B through H hereto for the causes of action marked as follows:

2

| Cause of Action | B | B-1 | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| Defendants* on Exhibit: | | | | | | | | |
| First (Negligence-Survival) | ☒ | ☐ | | | | | ☐ | |
| Second (Strict Liability-Survival) | ☒ | ☐ | | | | | ☐ | |
| Third (Warnings/ Representations-Survival) | ☒ | ☐ | | | | | ☐ | |
| Fourth (Negligence-Wrongful Death) | ☒ | ☐ | | | | | ☐ | |
| Fifth (Strict Liability-Wrongful Death) | ☒ | ☐ | | | | | ☐ | |
| Sixth (Premises Owner/ Contractor Liability) | | ☐ | ☒ | | | | | |
| Seventh, Eighth, Ninth (Unseaworthiness, Negligence [Jones Act], Maintenance and Cure) | | | | ☐ | | | | |
| Sixteenth (Fraud and Deceit/Concealment) | | | | | | | | ☐ |
| Seventeenth (Fraud and Deceit/Negligent Misrepresentation) | | | | | | | | ☒ |
| Eighteenth (Fraud and Deceit/Concealment) | | | | | | | | ☒ |
| Nineteenth (Loss of Consortium) | ☒ | ☐ | ☒ | | | | ☐ | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

    8.    Date of Marriage: August 11, 1979.

    9.    Plaintiff's claims against defendant VIACOM, INC. (successor by merger to CBS CORPORATION which is successor-in-interest to WESTINGHOUSE ELECTRIC CORPORATION) exclude military and federal government jobsites.

    10.    In the prefatory paragraphs to the Fourteenth, Fifteenth and Sixteenth Causes of Action, following "GATKE CORPORATION", insert as named defendants "GARLOCK SEALING TECHNOLOGIES, LLC ", and "OWENS-ILLINOIS, INC."

3

## JURY DEMAND

The Plaintiffs demand a jury trial of all issues triable of right by a jury.

DATED this 27th day of January 2005.

BRAYTON❖PURCELL LLP
EISENBERG & GILCHRIST

By: _____
Robert G. Gilchrist
S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiffs

4

## EXHIBIT A

Decedent's exposure to asbestos and asbestos-containing products occurred at various locations both inside and outside the State of Utah, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Bullough Asbestos | International Engineering Laboratory, Idaho Falls, ID; FMC, Pocatello, ID; Monsanto, Pocatello, ID; FMC, Soda Springs, ID; Monsanto, Soda Springs, ID; Hercules, Inc., Powerhouse Magna, UT; Utah Power & Light, (Gadsby Powerhouse), Salt Lake City, UT; Utah Power & Light, (Huntington Powerhouse), Huntington, UT US Air Force, Hill AFB, Ogden, UT Allied Chemical Green River, WY Stauffer Chemical Green River, WY | Insulator | 1946-1977 |
| Sterns & Rogers | Chevron Refinery Table Rock, WY | Insulator | 1979-1981 |
| Mountain States Insulation | Utah Power & Light, (Huntington Powerhouse), Huntington, UT | Estimator | 1979 |

5

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown | Jim Bridger Powerhouse, Point of Rocks, WY | Insulator | 1980-82 |
| Unknown | Mountain States Insulation, Table Rock, WY | Insulator | 1982-84 |
| Unknnown | Utah Power & Light, (Huntington Powerhouse), Huntington, UT | Insulator | 1984-1985 |
| Unknown | Utah Power & Light (Naughton Power House) Kemmerer, WY | Insulator | 1985-1987 |

## EXHIBIT B

DEFENDANTS

ASARCO INCORPORATED
ATLAS TURNER, INC.
BECHTEL CORPORATION (DE)
SEQUOIA VENTURES, INC.
FOSTER WHEELER L.L.C.
GARLOCK SEALING TECHNOLOGIES, LLC
LAKE ASBESTOS OF QUEBEC, LTD.
KLEE NATURALS
OWENS-ILLINOIS, INC.
MOUNTAIN STATES INSULATION & SUPPLY CO.,
INC.

RAPID-AMERICAN CORPORATION
UNIROYAL HOLDING, INC.
VIACOM, INC.
ZURN INDUSTRIES, INC.
WESTERN ASBESTOS COMPANY
BULLOUGH ABATEMENT INC.
THERMAL WEST INDUSTRIAL, INC.

ALTERNATE ENTITY

ASARCO INCORPORATED

AMERICAN SMELTING AND REFINING COMPANY
 PIPE COMPANY, INC.
CAPCO PIPE COMPANY, INC.
CAPCO PIPE & SUPPLY
CEMENT ASBESTOS PRODUCTS COMPANY
LAKE ASBESTOS OF QUEBEC, LTD.

SEQUOIA VENTURES, INC.

BECHTEL CORPORATION (DE)

FOSTER WHEELER LLC

FOSTER WHEELER CORPORATION

GARLOCK SEALING
 TECHNOLOGIES, LLC

GARLOCK, INC.
COLTEC INDUSTRIES, INC.
FAIRBANKS-MORSE
FAIRBANKS MORSE ENGINES
BELMONT PACKING & RUBBER CO.
GARLOCK PACKING CO.
U.S. GASKET CO.
GOODRICH CORPORATION
ENPRO INDUSTRIES, INC.

LAKE ASBESTOS OF QUEBEC, LTD.

LAC D'AMIANTE DU QUEBEC LTEE
ASARCO INCORPORATED

KLEE NATURALS

PINNACLE ENVIRONMENTAL, INC.
IRWIN NATURALS, INC.
MOUNTAIN STATES INSULATION & SUPPLY CO., INC.
MOUNTAIN STATES INSULATION & SUPPLY COMPANY

OWENS-ILLINOIS, INC.

OWENS-ILLINOIS GLASS COMPANY

7

BULLOUGH ABATEMENT,INC.

BULLOUGH ASBESTOS SUPPLY COMPANY
BULLOUGH INSULATION AND SUPPLY, INC.
THERMAL WEST INDUSTRIAL, INC.

THERMAL WEST INDUSTRIAL, INC.

BULLOUGH ABATEMENT,INC
BULLOUGH ASBESTOS SUPPLY COMPANY
BULLOUGH INSULATION AND SUPPLY, INC.

ALTERNATE ENTITY

BECHTEL CORPORATION (DE)

BECHTEL POWER CORPORATION
BECHTEL CONSTRUCTORS CORP.
BECHTEL CIVIL & MINERALS, INC. (NV)
SEQUOIA VENTURES INC. (NV)
W. A. BECHTEL CO. (CA)
W. A. BECHTEL COMPANY (CA)
W. A. BECHTEL CO., INC. (DE)
W. A. BECHTEL CO. (DE)
W. A. BECHTEL CO. (NV)
THE W.A.BECHTEL COMPANY (MD)
BECHTEL-McCONE (INCORPORATED) (DE)
BECHTEL-McCONE CORPORATION (NV)
BECHTEL-McCONE-PARSONS
  CORPORATION (NV)
BECHTEL BROTHERS McCONE
  COMPANY (DE)
BECHTEL BROTHERS-McCONE
INTERNATIONAL CORPORATION (DE)
BECHTEL INTERNATIONAL
  CORPORATION (DE)
INTERNATIONAL BECHTEL, INC.
THE BECHTEL GROUP, INC.
BECHTEL CIVIL, INC. (NV)
BECHTEL CORPORATION (NV)
BECHTEL PETROLEUM INC.
BECHTEL, INC.
MARINSHIP/CALIFORNIA SHIPBUILDING
PEPPERWOOD CORPORATION
JOSHUA HENDY CORPORATION
MacDONALD & KAHN
J.H. POMEROY & COMPANY, INC.
MORRISON KNUDSEN CORPORATION
SANTA FE BRAUN, INC.

THORPE INSULATION COMPANY

J. T. THORPE & SON
THE THORPE COMPANY
ASBESTOS PRODUCTS CORPORATION
ASBESTOS PRODUCTS COMPANY OF SAN DIEGO
PLANT INSULATION CO.
PLANT MANUFACTURING CO.

8

THORPE PRODUCTS CO.

UNIROYAL HOLDING, INC.                    UNIROYAL, INC.

VIACOM, INC.                              CBS CORPORATION
                                          WESTINGHOUSE ELECTRIC CORPORATION
                                          WESTINGHOUSE ELECTRIC AND
                                          MANUFACTURING COMPANY
                                          B.F. STURTEVANT
                                          KPIX TELEVISION STATION
                                          PARAMOUNT COMMUNICATIONS, INC.

ZURN INDUSTRIES, INC.                     ZURN INDUSTRIES, INC., ENERGY DIVISION
                                          ERIE CITY ENERGY DIVISION
                                          ERIE CITY IRON WORKS
                                          ERIE CITY BOILERS
                                          WILKINS-ZURN INDUSTRIES

## EXHIBIT C

DEFENDANTS

BECHTEL CORPORATION (DE)
SEQUOIA VENTURES, INC.

| CONTRACTOR DEFENDANTS | LOCATION | TIME PERIOD |
|---|---|---|
| BECHTEL CORPORATION (DE)/SEQUOIA VENTURES, INC. | INEL, Idaho Falls, ID<br>FMC, Pocatello, ID<br>UP&L JIM BRIDGER POWERHOUSE, Point of Rock, WY<br>UP&L GATSBY POWER PLANT, Salt Lake City, UT<br>UP&L NAUGHTON POWER PLANT, Kemmerer, WY | Various |

## EXHIBIT H

DEFENDANTS

OWENS-ILLINOIS, INC.
GARLOCK SEALING TECHNOLOGIES, LLC

## EXHIBIT I

Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the decedent, including, but not limited to breathing difficulties, asbestosis, lung and/or other lung damage.  Decedent was diagnosed with chronic obstructive pulmonary disease on or about February 2002, and passed away as a result of the complications related to respiratory failure and chronic obstructive pulmonary disease on January 28, 2004.

# EXHIBIT 2

RECEIVED CLERK
FILED
2005 MAY 10   P 6: 20

U.S. DISTRICT COURT
DISTRICT OF UTAH

S. Brook Millard, Esq. 7415
C. Ryan Christensen 9546
**BRAYTON ◆ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AUDREY FRATTO Individually and as Personal Representative on behalf of the Legal Heirs of JOHN FRATTO, Deceased, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ASARCO INCORPORATED, et al., )<br><br>Defendants. ) | No. 2:05-CV-336-DAK<br><br>NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) |

TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

Plaintiff hereby moves the Court for an Order remanding this case to the Third Judicial District Court of Salt Lake City, State of Utah, and awarding costs and fees incurred in the making of this motion. This motion is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of C. Ryan Christensen, Esq., the allegations in plaintiff's Complaint, the Notice of Removal, the court record, and such matters that may be introduced at the hearing of this motion.

Plaintiff seeks remand, along with costs and fees, on the following grounds:

Page 1

(1)  The removal was defective because it was not properly joined or consented to by all defendants that were served before the Notice of Removal was filed.

(2)  The Notice of Removal does not allege a sufficient basis for federal enclave/federal question jurisdiction.  Federal enclave jurisdiction is a species of federal question jurisdiction that arises only when it is demonstrated that the United States has not only obtained *ownership* of lands within a state, but also *civil jurisdiction* pursuant to a formal cession of jurisdiction by the state involved, either in the deed of conveyance or by statute.  Moreover, the United States must formally *accept* civil jurisdiction before the area can be proclaimed a "federal enclave" for the proposes of civil litigation.  Simply because a facility is owned and operated by the United States does not make it a "federal enclave," and the removing defendant's allegation to that effect is erroneous and insufficient to confer federal jurisdiction.

(3)  Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and fees incurred in the making of this motion because the lack of proper consent to removal was clear under well-established law.

DATED this ___ day of May, 2005.

BRAYTON ❖ PURCELL

By: _____
S. Brook Millard
C. Ryan Christensen
**Attorneys for Plaintiff**

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION AND STATEMENT OF ISSUES .......................... 1

II.   STATEMENT OF FACTS ............................................ 2

III.  ARGUMENT ..................................................... 3

    A.    REMOVAL WAS IMPROPER BECAUSE THERMAL WEST FAILED TO
      SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS ...... 3

    B.    THERMAL WEST HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL
      ENCLAVE JURISDICTION. ......................................... 5

    C.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES. ........ 9

IV.   CONCLUSION ................................................... 10

# TABLE OF AUTHORITIES

STATUTES & CONSTITUTIONAL PROVISIONS

Article I, section 8, clause 17 of the United States Constitution ...................... 1, 3, 5

28 U.S.C. § 1331 ........................................................... 2, 5

28 U.S.C. § 1441 ........................................................... 2, 5

28 U.S.C. § 1447(c) ........................................................ 1, 9

CASE LAW

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) ............................... 3

*Celli v. Shoell*, 40 F.3d 324 (10th Cir. 1994) ........................................ 5

*Celli v. Shoell*, 995 F.Supp.1337 (D. Utah 1998) .................................... 7

*City of Alameda v. Todd Shipyards Corp.*, 635 F.Supp. 1447 (N.D. Cal. 1986) .............. 6

*Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 58 S.Ct. 1009 (1938) ............... 7

*Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997) ............ 9

*Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) ...................... 4

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*James v. Dravo Contracting Co.*, 302 U.S. 134, 58 S.Ct. 208 (1937) . . . . . . . . . . . . . . . . . . . . . 7

*Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253 (D. Utah 1995) . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Karnes v. Boeing Company*, 335 F.3d 1189 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Laughlin v. Kmart Corporation*, 50 F.3d 871 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Martin v. Franklin Capital Corporation*, 251 F.3d 1284 (10th Cir. 2001) . . . . . . . . . . . . . . . . . 3

*Martin v. Franklin Capital Corporation*, 393 F.3d 1143 (10th Cir. 2004) . . . . . . . . . . . . . . . . . 9

*Meredith v. Beech Aircraft Corporation*, 18 F.3d 890 (10th Cir.1994) . . . . . . . . . . . . . . . . . . 7, 8

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) . . . . . . . . . . . . . . . . 10

*Pratt v. Kelly*, 585 F.2d 692 (4th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Shamrock Oil & Gas v. Sheets, 313 U.S. 100 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 58 S.Ct. 233 (1937) . . . . . . 7

*Starbuck v. City and County of San Francisco*, 556 F.2d 450 n. 13 (9th Cir. 1977) . . . . . . . . . . 8

*Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Surplus Trading Co. v. Cook*, 281 U.S. 647 (1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sylvane v. Whelan*, 506 F.Supp. 1355 (E.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Johnson*, 994 F.2d 980 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

*United States v. San Francisco Bridge Co.*, 88 F. 891 (N.D. Cal. 1898) . . . . . . . . . . . . . . . . . . 6

*United Computer Systems v. AT & T Corp.*, 298 F.3d 756 (9th Cir. 2002) . . . . . . . . . . . . . . . . . 4

*Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987) . . 4

Willis v. Craig, 555 F.2d 724 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Willner v. Budig*, 848 F.2d 1032 (10th cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . 10

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND STATEMENT OF ISSUES

A defendant that removes an action from state court bears the burden of demonstrating that all the requirements for removal have been satisfied, including procedural requirements. Defendant Thermal West Industrial, Inc. has not met that burden for the following two independent reasons:

(1) Removing defendant in this asbestos-related personal injury action failed to obtain the unanimous consent of its co-defendants who were served prior to removal. The fact that the removing defendant obtained *some* consents and lists all but one of the served defendants in its Notice of Removal indicates that it is aware of these defendants, but simply chose not to obtain consents from all of them.

(2) The Notice of Removal grossly oversimplifies the law regarding "federal enclave" removal. A federal facility is not a federal enclave *per se.* Federal enclave jurisdiction exists only if the claim between two private parties accrued on a federal facility that was *both* obtained for one of the purposes enumerated in Article I, section 8, clause 17 of the United States Constitution, *and* was the subject of a specific cession of civil jurisdiction offered by the state and accepted by the federal government. The mere fact that the federal government owns and uses land as a proprietor does not establish that it has obtained civil jurisdiction from the sovereign state in which the land sits. Unless the removing defendant can establish, as a matter of law and fact, that all the elements of federal enclave jurisdiction are present with respect to one of the asbestos exposure allegations at the time of the alleged exposure, federal question jurisdiction is unsupported.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and attorneys' fees incurred in responding to this improper removal. Under Tenth Circuit law, an award of costs under this section does not require a finding of bad faith; it simply requires a finding that the removal was improvident.

Therefore, because there is no basis for the exercise of federal jurisdiction and because the removal is patently defective for failing to join all defendants who were served at the time of removal, plaintiff respectfully requests that this court order the immediate remand of this action to the state court. In conjunction with that order of remand, plaintiff further requests that the court assess costs and fees in favor of plaintiff for the expense of opposing this improvident removal.

## II.

## STATEMENT OF FACTS

On January 27, 2005, plaintiff AUDREY FRATTO filed suit in the Third District Court of Salt Lake County, State of Utah, seeking damages for wrongful death and loss of consortium based on the death of her husband, JOHN FRATTO, from complications related to respiratory failure and chronic obstructive pulmonary disease as a result of his exposure to asbestos. (Exhibit A to Defendant's Notice of Removal). On April 1, 2005, a registered Utah process server personally served the Summons and Complaint on defendant Thermal West Industrial, Inc. (Declaration of C. Ryan Christensen, ¶ 2 and Exhibit A thereto.)

The following other defendants were also served on the dates noted:

| Defendant | Date Served |
| --- | --- |
| Asarco Incorporated | April 5, 2005 |
| Bullough Abatement, Inc. | March 31, 2005 |
| Foster Wheeler | April 4, 2005 |
| Klee Naturals | April 11, 2005 |
| Lake Asbestos of Quebec | April 5, 2005 |
| Thorpe Insulation Company | April 4, 2005 |
| Uniroyal Holdings, Inc. | April 4, 2005 |
| Viacom, Inc. | April 4, 2005 |

(Declaration of C. Ryan Christensen, ¶¶ 3 and 4 and Exhibits B and C thereto.)

On April 12, 2005, defendant Thermal West Industrial, Inc. filed a Notice of Removal in this Court[1] asserting original federal jurisdiction under 28 U.S.C. §§ 1331 and 1441 and Article I,

---

[1] Although Thermal West's Notice of Filing of Notice of Removal in Federal Court indicates that the Notice of Removal was filed on April 11, 2005, both the Notice of Removal itself and this Court's Civil Docket indicate that the Notice of Removal was filed on April 12, 2005.

section 8, clause 17 of the United States Constitution. (Notice of Removal.) The basis for this

assertion is the defendant's claim that decedent JOHN FRATTO was injured at Hill Air Force

Base, which removing defendant claims is a federal enclave. (Notice of Removal, p. 2, ¶ 1.)

Subsequent to filing its Notice of Removal, Thermal West filed a joinder from Bullough

Abatement, Inc. (Declaration of C. Ryan Christensen ¶ 5 and Exhibit D thereto.)[2]  No joinders or

consents to removal were filed by the other defendants who had been served as of the date of the

Notice of Removal.

On April 21, 2005, plaintiff's counsel contacted defendant Thermal West's counsel and

informed him of the reasons why the removal in this case was improper and requested that

defendant stipulate to a remand. (Declaration of C. Ryan Christensen, ¶ 6.)  Defendant's counsel

refused. (Declaration of C. Ryan Christensen, ¶ 6.)

**III.**

**ARGUMENT**

A.   **REMOVAL WAS IMPROPER BECAUSE THERMAL WEST FAILED TO
     SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS.**

Because removal of an action to state court implicates federalism concerns and deprives

the plaintiff of his chosen forum, the removal statutes must be strictly construed against

jurisdiction. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941); *Jarvis v. FHP of Utah,
Inc.*, 874 F.Supp. 1253, 1255 (D. Utah 1995).

In addition, a "'[d]efendant's right to remove and a plaintiff's right to choose his forum

are not on equal footing; . . . where a plaintiff and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand.'" *Martin v. Franklin Capital Corporation*, 251

F.3d 1284, 1289-1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095

(11th Cir. 1994)).  If there is any doubt about the propriety of removal, the case should be

remanded to state court. *Martin v. Franklin Capital, supra* at 1289-1290.  There is a strong

---

[2]  Defendant Thermal West also filed a joinder from Rio Grande Corporation, apparently
on behalf of Rapid-American Corporation, but Rapid-American Corporation had not been served
at the time of removal. (Declaration of C. Ryan Christensen, ¶ 5 and Exhibit D thereto.)

presumption against removal jurisdiction. *Laughlin v. Kmart Corporation*, 50 F.3d 871, 873 (10th Cir. 1995) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A defendant that removes a case from state court bears the burden of proving the removal was proper. *Karnes v. Boeing Company*, 335 F.3d 1189, 1194 (10th Cir. 2003); *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

The removing party must prove not only that the court has jurisdiction, but also that the party has complied with the procedural requirements for removal. "On a motion for remand, the burden is on the party seeking to preserve the removal, not on the moving party, to show that the requirements for removal have been met." *Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) (*citing Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987)).

Removal of a case from state court in a multi-defendant case requires the unanimous consent of all served defendants. *Jarvis v. FHP of Utah, Inc., supra*, 874 F.Supp. at 1254. Moreover, "each party must independently and unambiguously file notice of their consent and intent to join in the removal. . . . " *Id.*

Several of the defendants who were served prior to April 12, 2005, have not been heard from at all. Thermal West filed an Amended Notice of Removal in which it stated that it believed that none of the other defendants had been served. (Amended Notice of Removal, p.3.) However, Thermal West's "belief" is not the relevant inquiry. The cases cited above are clear that all defendants served at the time the Notice of Removal was filed must join in the removal. Asarco Incorporated, Foster Wheeler, Klee Naturals, Lake Asbestos of Quebec, Thorpe Insulation, Uniroyal Holdings, Inc. and Viacom, Inc. had been served but did not join in the removal. (Declaration of C. Ryan Christensen, ¶ 4 and Exhibit C thereto.) The failure to join these defendants is fatal to Thermal West's removal, and remand is required.

**B.   THERMAL WEST HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL ENCLAVE JURISDICTION.**

Thermal West summarily alleges that the case is removable because some of John Fratto's injuries occurred at Hill Air Force Base, which Thermal West claims is "a federal property that qualifies as a 'federal enclave.'" (Notice of Removal, ¶ 1.)  A claim that arises on a federal facility *might* be a basis for federal question jurisdiction and removal under 28 U.S.C. §1331 and 1441, depending upon the nature of the particular federal facility.  *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994) (citing *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977)).

Article I, section 8, clause 17 of the United States Constitution gives the United States Congress the power:

> To exercise *exclusive Legislation* in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by *Cession* of particular States, and the *Acceptance* of Congress, become the Seat of the Government of the United States, *and to exercise like Authority over all Places Purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings*.

(emphasis added).

Under this constitutional provision, courts have held that lands purchased by the United States with the consent *and jurisdictional cession* of the state legislatures are "federal enclaves." *See, e.g., Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977). The evaluation of removability is straightforward albeit esoteric: the claim must have arisen on property that was obtained by the federal government with the consent of the state legislature by means of a law ceding *civil* jurisdiction to the United States (some cessions are limited to criminal jurisdiction).  Reference to the deed by which the forum state conveyed the lands in question to the United States also might contain specific reservations of jurisdiction, and thus the deed itself is a necessary piece of evidence that must be consulted to determine the jurisdictional status of the land. *See Pratt v. Kelly*, 585 F.2d 692, 695-97 (4th Cir. 1978).  In sum, the question of state consent (i.e., cession of jurisdiction) is answered by reference to the particular state's statutes and codes, and to the deed of conveyance if between the state and the United States.

Page 5

> It is not unusual for the United States to own within a state lands which are set
> apart and used for public purposes. *Such ownership and use without more do not
> withdraw the lands from the jurisdiction of the state.* On the contrary, the lands
> remain part of her territory and within the operation of her laws, save that the
> latter cannot affect the title of the United States or embarrass it in using the lands
> or interfere with its right of disposal.

*Surplus Trading Co. v. Cook*, 281 U.S. 647, 650 (1930) (emphasis added). *See also City of*

*Alameda v. Todd Shipyards Corp.*, 635 F.Supp. 1447, 1449 (N.D. Cal. 1986) (The "United States

takes jurisdiction of such lands subject to restrictions in the deed or granting statute."); *Sylvane*

*v. Whelan*, 506 F.Supp. 1355, 1358, 1360-61 (E.D.N.Y. 1981) (since State of New York only

ceded to federal government "law enforcement" jurisdiction over lands comprising National

Seashore, and retained all other jurisdiction for itself, an action for public nuisance arising from

conduct on that Seashore did not arise under federal law, and the court lacked subject matter

jurisdiction).

In a case arising out of the construction of a new U.S. post office, a judge sitting in

California explained more than 100 years ago:

> It is not alleged in the information, nor does the fact otherwise appear, that the
> land upon which the new San Francisco post office is being constructed was
> purchased by the United States with the consent of the state, or that political
> jurisdiction over the same has been otherwise ceded to the United States by the
> state.   Upon this state of facts, it must be held that the state of California retains
> complete and exclusive political jurisdiction over such land, and, this being so,
> there can be no question that persons there committing murder, or any other
> offense denounced by its laws, would be subject to trial and punishment by the
> courts of the state.

*United States v. San Francisco Bridge Co.*, 88 F. 891, 893-94 (N.D. Cal. 1898).

Thus, the fact that the United States has purchased a particular parcel of land does not

mean that it has legal (in this case, civil) jurisdiction over it. The state must cede jurisdiction, *and*

*the United States must accept it. United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993).

If jurisdiction is not ceded and accepted, the United States is simply a proprietor of the property,

and civil disputes arise under state law no differently than elsewhere within the state. *Id* at 984.

The *Johnson* court cited several U.S. Supreme Court cases in which "the Supreme Court noted

that the United States could not be forced to accept unwanted legislative jurisdiction, and held

Page 6

that the general ceding statutes were insufficient in themselves to transfer legislative authority." *Id.* (citing *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937)).

Applying these principles to the facts of this case, it is clear that Thermal West has not alleged facts demonstrating removability on federal enclave grounds. It must identify the legal and legislative details upon which a court could conclude that Utah ceded its jurisdiction over the facility, and the United States accepted that cession of jurisdiction. The one thing that is clear is that this facility is located within Utah and thus is presumed to be governed by Utah state laws; Thermal West bears the burden of alleging and proving otherwise.

Thermal West relies on the case of *Celli v. Shoell*, a Utah district court case in which a magistrate judge took judicial notice that Hill Air Force Base was a federal enclave. *Celli v. Shoell*, 995 F.Supp.1337, 1341 (D. Utah 1998). However, *Celli* is not controlling here for several reasons. First, in *Celli*, the defendant did not challenge the plaintiff's characterization of Hill AFB as a federal enclave; therefore, the issue of whether it met the requirements for a federal enclave, i.e., that the state had ceded jurisdiction to the federal government *and the federal government had accepted jurisdiction* was not fully litigated in the *Celli* case. *Id.* at 1341. Second, the question of whether Hill Air Force Base is a federal enclave is a factual question. The defendant here must prove that Hill Air Force Base was a federal enclave *at the time of the alleged injuries*.

As the 10th Circuit pointed out in *Meredith v. Beech Aircraft Corporation*, "*Stare decisis* is the policy of courts to adhere to precedent and not to disturb a settled point of law." *Meredith v. Beech Aircraft Corporation*, 18 F.3d 890, 895 (10th Cir.1994). The appellate court in *Meredith* rejected the district court's use of a prior case involving the same defendant but different facts as *stare decisis*. Similarly here, the question of whether Hill Air Force Base was a federal enclave at the time of the injury is specific to this case. As a result, *Celli* is not controlling here.

Page 7

Moreover, "'[t]he doctrine of *stare decisis* does not compel one district court judge to follow the decision of another.'" *Willner v. Budig*, 848 F.2d 1032, 1035 (10th cir. 1998) (quoting *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n. 13 (9th Cir. 1977)).

*Celli* is further not controlling here because the magistrate judge in *Celli* improperly took judicial notice of the status of Hill Air Force Base as a federal enclave. According to the Federal Rules of Evidence, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Ev. 201(b). The court in *Meredith* also addressed the requirements for judicial notice. "Judicial notice is when a judge recognizes the truth of certain facts, which from their nature are not properly the subject of testimony, or which are universally regarded as established by common knowledge. The recognition of certain facts by the judge is proper without proof because such facts are not subject to reasonable dispute." *Meredith v. Beech Aircraft Corporation, supra*, 18 F.3d at 895.

Here, the question of whether Hill Air Force Base is a federal enclave and whether it was a federal enclave at the time of Mr. Fratto's injuries are very much "subject to reasonable dispute." The court in *Celli* assumed that the Utah legislation which ceded jurisdiction to federal military bases in 1943 was the end of the federal enclave inquiry. But, as noted above, that is only half of the requirement for land to be considered a federal enclave. The federal government must also accept such jurisdiction. *United States v. Johnson, supra*, 994 F.2d at 984-986. There is no indication that the court in *Celli* even considered that requirement. Moreover, Mr. Fratto worked on Hill Air Force Base some time between 1946 and 1977. (Notice of Removal, Exhibit A, p. 5.) If the federal government had not accepted jurisdiction at the time of Mr. Fratto's potential exposure on Hill Air Force Base, then the site was not a federal enclave for purposes of this case. The resolution of these questions is fact-specific and thus not a proper subject for judicial notice.

Without evidence that the United States exercised exclusive jurisdiction over this particular piece of property at the time Mr. Fratto worked at Hill Air Force Base, the site cannot be considered a federal enclave, and federal court jurisdiction does not exist. Therefore, this court is without subject matter jurisdiction, and the case must be remanded to the Utah State Court from which it was removed.

## C.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES.

Plaintiff requests fees and costs incurred in moving for remand pursuant to 28 U.S.C. § 1447(c) against Thermal West. "'In deciding whether to award costs under §1447(c), the key factor is the propriety of defendant's removal.'" *Martin v. Franklin Capital Corporation*, 393 F.3d 1143, 1146 (10th Cir. 2004) (quoting *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997)). Moreover, a defendant's position must be "fairly supported by the law" and "objectively reasonable at the time they sought removal." *Martin, supra*, 393 F.3d at 1147-1148. An award of fees and costs under Section 1447(c) does not require a finding of bad faith. *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997).

Here, the law cannot be any more clear: every served defendant must consent to the filing of a removal. Several defendants, each of whom was served prior to removal, failed to consent to removal. The removal papers should never have been filed. For that reason alone, an award of costs and attorneys' fees is appropriate.

Finally, prior to filing this motion, plaintiff's counsel spoke with removing defendant's counsel outlining the reasons why removal was improper and offering to stipulate to a remand before this motion was filed. (Declaration of C. Ryan Christensen, ¶¶ 6.) Defendant declined the offer, and this further suggests that an award of costs and fees is appropriate. *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).

The court may order remand immediately while retaining limited jurisdiction to determine and award fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 444-45 (9th Cir. 1992). *See also Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

## IV.

## CONCLUSION

The removal of this action was improper because it was not joined by all of the other served defendants, and the Notice of Removal does not contain sufficient allegations of federal enclave jurisdiction. Remand to state court is necessary, and an award of costs and fees is appropriate.

DATED this 10th day of May, 2005.

BRAYTON ❖ PURCELL

By: _____
S. Brook Millard
C. Ryan Christensen
Attorney for Plaintiff

Page 10

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2005, a true and correct copy of the foregoing NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR COSTS AND FEES was sent via U.S. mail, as applicable, to the following:

| THERMAL WEST INDUSTRIAL, INC. | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 |
| --- | --- |

Shelly Taylor

Page 11

# EXHIBIT 3



FILED
U.S. DISTRICT COURT

2005 JUN 10  P 4: 57

ALLAN L. LARSON - 1896
RYAN B. BELL - 9956
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

AUDREY FRATTO, Individually, and as
Personal Representative on behalf of the
Legal Heirs of JOHN FRATTO, Deceased,

      Plaintiffs,

vs.

ASARCO INCORPORATED,
ATLAS TURNER, INC.,
BECHTEL CORPORATION (DE);
BULLOUGH ABATEMENT, INC.;
GARLOCK SEALING TECHNOLOGIES,
LLC; KLEE NATURALS; LAKE
ASBESTOS OF QUEBEC, LTD.;
OWENS-ILLINOIS, INC.;
RAPID-AMERICAN CORPORATION;
SEQUOIA VENTURES, INC.;
THERMAL WEST INDUSTRIAL, INC.;
THORPE INSULATION COMPANY;
UNIROYAL HOLDING, INC.;
VIACOM, INC.; WESTERN ASBESTOS
COMPANY; ZURN INDUSTRIAL, INC.,

      Defendants.

**THERMAL WEST'S OPPOSITION TO
PLAINTIFF'S MOTION FOR REMAND
AND REQUEST FOR COSTS AND
FEES**

Case No. 2:05-CV-00336

Judge Dale A. Kimball

---

## INTRODUCTION

Plaintiff's Motion for Remand and Request for Costs and Fees should be denied, because both of the theories she advances as grounds for remand rest on false premises. The first argument, which states that seven served defendants failed to join in the removal, obscures Plaintiff's failure to properly prove that defendants were served. Without proof that these defendants were served, it cannot be presumed that Thermal West's removal was defective. Plaintiff's second argument for remand asserts that Thermal West bears the burden of proving that the sites where Plaintiff's decedent was exposed to asbestos were federal enclaves. With this memorandum, Thermal West submits documents showing that Hill Air Force Base, where decedent John Fratto is claimed to have received some of his injuries, is a federal enclave for purposes of this litigation.

For these reasons, Plaintiffs' Motion for Remand should be denied, along with her Request for Costs and Fees.

## PROCEDURAL BACKGROUND

1.      On January 27, 2005, Plaintiff Audrey Fratto filed her Complaint in the Third District Court for the state of Utah.  The case was automatically reassigned to Judge Iwasaki, who is responsible for all asbestos cases filed in this district.

2.      On April12, 2005, Thermal West filed its Notice of Removal with this Court.

3.      On April 28, 2005, Thermal West amended its Notice of Removal, and filed with the Court joinders in the removal from defendants Bullough Abatement, and Rio Grande/Rapid American. The Amended Notice of Removal also stated that Defendants had no knowledge of any other defendants having been served.

-2-

4.      On May 10, 2005, Plaintiffs filed their Motion for Remand and request for Costs and Fees.

## ARGUMENT

I.      **THERMAL WEST WAS NOT REQUIRED TO OBTAIN JOINDERS OF THE NON-JOINING DEFENDANTS BECAUSE THERE IS NO EVIDENCE THAT THEY WERE SERVED.**

Plaintiff argues that Thermal West's removal is defective because it was not joined by seven defendants, namely Asarco Inc., Foster Wheeler, Klee Naturals, Lake Asbestos of Quebec, Thorpe Insulation, Uniroyal Holdings, inc. And Viacom, Inc.  However, Plaintiffs have not offered proof that any of the above defendants have been served in this case.  Rather than submit actual summonses reflecting the service to the individual defendants, Plaintiffs attach "certificates of mailing" to their Motion for Remand.  *See* Declaration of C. Ryan Christensen, Exhibit C.  These certificates of mailing prove nothing, except that something was mailed to the person named, at the address noted.  There is no evidence that actual summonses were sent, or that they were sent to the proper agents for service on the intended parties.  In short, these mailing documents do not show that proper service was made, or accepted, as to these defendants.  Without such proof, there is no basis for concluding that Thermal West's removal was defective.

II.     **HILL AIR FORCE BASE HAS ALREADY BEEN DETERMINED BY THIS COURT TO BE A FEDERAL ENCLAVE FOR PURPOSES OF REMOVAL.**

Plaintiff's second basis for seeking remand of this case is her claim that Thermal West bears the burden of showing that Hill Air Force Base is a federal enclave.  As Plaintiff correctly notes in her Motion for Remand, this requires showing that the state of Utah ceded jurisdiction of

Hill Air Force Base to the Federal Government, and that the Federal Government accepted that

cession. *See United States v. Johnson* 994 F.2d 980, 984-86 (2d. Cir. 1993). The first part of that

question is easily resolved by reference to the case of *Celli v. Schoell,* 995 F.Supp. 1337 (D. Utah

1998). In *Celli,* Magistrate Judge Boyce of this Court took up the question of whether Hill Air

Force Base was a federal enclave, answering in the affirmative. He reached this conclusion by

consulting records pertaining to the history of the base, as well as the Utah statute that originally

ceded the property to the federal government. *See* Utah Code Ann. § 27-0-1 (1943). Specifically,

Judge Boyce noted that Utah explicitly granted jurisdiction of the ceded territory to the United

States. *See Celli,* at 1341. After reviewing all of the relevant information, Judge Boyce

concluded that "Hill Air Force Base is a federal enclave subject to the exclusive jurisdiction of

the United States." *Id.* at 1341.

Judge Boyce submitted his conclusions to Chief Judge Sam in his "Report and

Recommendation" on the case. Judge Sam reviewed the case *de novo*, and determined that Judge

Boyce's conclusions regarding Hill Air Force Base were correct. *Id.* at 1339.

On the second prong of the question– whether the Federal Government accepted exclusive

jurisdiction over Hill Air Force base– Thermal West submits documents sent to Thermal West's

counsel by the legal office of Hill Air Force Base- the Office of the Staff Judge Advocate. *See*

Documents from Hill Air Force Base, attached as Exhibit 1. These papers include 1) a letter to

Thermal West's counsel reflecting the opinion of James B. Tadje of the Air Force legal

department that the United States has exclusive jurisdiction over the base; and 2) a letter written

by the Secretary of War, Henry L. Stimson, to Utah Governor Herbert B. Maw in 1942, stating

that "the United States accepted exclusive jurisdiction over the Ogden Ordnance Depot, now known as Ogden Arsenal . . ." and requesting that a deed reflecting the acceptance be issued.

Thermal West has at present been unable to obtain a copy of the deed itself, but has made inquiries with various state and federal offices and expects to obtain that last piece of proof. Notwithstanding the absence of the actual deed, the attached letters leave little doubt that the federal government has accepted exclusive jurisdiction over Hill Air Force Base, as stated by the secretary of war himself to the sitting governor of Utah.

Given the above authorities, the matter of Hill Air Force Base's status as a federal enclave cannot reasonably be disputed. There is no dispute that the state of Utah has ceded exclusive jurisdiction over the area to the federal government, and Thermal West has produced compelling evidence that the cession of jurisdiction was accepted by the federal government. For these reasons, the removal to this Court was proper.

### III. PLAINTIFF'S REQUEST FOR COSTS AND FEES SHOULD BE DENIED

It is within the Court's discretion whether to award costs and fees in granting a Motion for Remand. *See Martin v. Franklin Capitol Corp.*, 393 F.3d 1143 (10th Cir. 2004). However, "there remains the broadly accepted position that if a defendant's removal could be fairly supported by the law at the time, even if later deemed incorrect, a district court's discretionary decision not to award fees is appropriate." *Id.* at 1147. Conversely, an award of fees is only proper if Plaintiff can show that Thermal West's removal was "improper *ab initio.*" *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245 (10th Cir. 2005). In general, fees should be denied where the defendant had a "fair basis for removing the case." *Martin*, 393 F.3d 1143.

In the instant case, Thermal West's Notice of Removal is objectively reasonable in every respect. It has been joined by all surviving, properly served defendants, and is based on persuasive precedent from this district. Plaintiff cites the fact that her counsel attempted to convince counsel for Thermal West to withdraw the Notice of Removal, suggesting that Thermal West's refusal to concede constitutes some sort of unseemly recalcitrance. Thermal West was simply unwilling to surrender its attempt at removal because Thermal West and its counsel are convinced that the removal is legally meritorious and worthy of approval by this Court. Whether or not the Court ultimately considers the removal to be legally correct, the record clearly shows that this was a justifiable move by Thermal West and its co-defendants to protect their legitimate interests in this case. The request for fees and costs should be denied.

## CONCLUSION

Based on the arguments detailed above, Thermal West requests that the Court deny Plaintiff's Motion to Remand.

DATED this _10th_ day of June, 2005.

SNOW, CHRISTENSEN & MARTINEAU

By _____

Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal
West Industrial, Inc.

# EXHIBIT 1



# DEPARTMENT OF THE AIR FORCE
## HEADQUARTERS 75TH AIR BASE WING (AFMC)
### HILL AIR FORCE BASE UTAH

**JUN 0 9 2005**

Mr. James B. Tadje
Office of the Staff Judge Advocate
6026 Cedar Lane
Hill AFB, UT 84056

Mr. Ryan Bell

Dear Mr. Bell

     You asked me to fax to you copies of the documents in our files that show Hill AFB is a federal military installation where the United States has exclusive jurisdiction. I told you I had copies of some pertinent documents, but our office is not the custodian. When we have needed these types of documents in the past, we have obtained them at the Utah Lieutenant Governor's office. I've enclosed a copy of a certificate that they issue to authenticate documents. I suggest you pursue your inquiry further with them.

     You will find attached two letters from the War Department to the Governor of Utah referring to the United States having accepted exclusive jurisdiction over the Ogden Arsenal and Hill Field. These two installations are today knows as Hill Air Force Base. Hopefully, they will serve your purposes.

Sincerely

JAMES B. TADJE
Chief, Civil Law Division

# WAR DEPARTMENT

## WASHINGTON

DEC 28 1942

Honorable Herbert B. Maw,
    Governor of Utah,
        Salt Lake City, Utah.

Dear Governor Maw:

    On February 18, 1942, this Department notified your office that the United States accepted exclusive jurisdiction over the Ogden Ordnance Depot, now known as Ogden Arsenal, pursuant to the provisions of sections 27-0-1 and 27-0-2, Revised Statutes of Utah, Annotated (1933).

    While section 27-0-1 expressly cedes jurisdiction to the United States, section 27-0-2 authorizes the governor to execute a deed of cession upon request of the United States or the proper officers thereof, and it is realized that unless such cession is evidenced by a deed some doubt might arise as to whether a transfer of jurisdiction has been effected.  It has therefore been determined that in order to prevent any uncertainty in the matter, it is desirable to obtain a deed of cession.  Accordingly, there is inclosed a draft of a deed prepared substantially in the same form as the deed executed by the Governor of Utah on February 24, 1904, and designed to cede jurisdiction to the United States over the Fort Douglas Military Reservation.  If the proposed deed meets with your approval, it is requested that it be executed in the statutory manner, made a matter of record in the office of the Secretary of State of the State of Utah, and the original returned to the War Department.

                    Sincerely yours,

                    Henry L. Stimson

                    Secretary of War.

1  Incl.
   Deed of Cession.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served via e-mail to the following:

Alan R. Brayton
Robert G. Gilchrist
S. Brook Millard
C. Ryan Christensen
**BRAYTON PURCELL**
**EISENBERG & GILCHRIST**
UTasbestos@braytonlaw.com

**SUITTER AXLAND**
Michael W. Homer
Bret S. Hayman
Kevin D. Swenson
Mhomer@suitter.com
Bhayman@suitter.com
Kswenson@suitter.com

**KIPP & CHRISTIAN**
Shawn McGarry
David Bernstein
smcgarry@kippandchristian.com
dmbernstein@kippandchristian.com

**SNELL & WILMER**
Tracy Fowler
Kamie F. Brown
Scott DuBois
swasbestos@swlaw.com

McCONNELL, SIDERIUS, FLEISCHNER HOUGHTALING & CRAIGMILE, LLC
James M. Miletich
**JMILETICH@MSFHC.COM**

Todd S. Winegar
Todd.Winegar@azbar.org

**RICHARDS BRANDT MILLER & NELSON**
Melinda A. Morgan
mam@rbmn.com

**STRONG & HANNI**
Joseph J. Joyce
James Franckowiak
asbestos@strongandhanni.com

and the original was filed with the Court, all on this 10th day of June, 2005.

_Lacy E. Thomas_