JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL   875

JUN 1 7 2005

FILED
CLERK'S OFFICE

Alan R. Brayton (#73685 Admitted *Pro Hac Vice*)
S. Brook Millard (#7415)
BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
Attorneys for Plaintiffs

---

## MDL DOCKET NO. 875

## BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

<u>IN RE:</u>     **ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)**

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | ) ) ) ) |
| Plaintiffs, | District of Utah |
| vs. | Case No. 2:05-CV-337-TC |
| ATLAS TURNER, INC., et al., Defendants. | |

---

**OFFICIAL FILE COPY**

IMAGED JUN 2 0 2005

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S NOTICE OF OPPOSITION OF JUNE 2, 2005

Plaintiffs filed a Notice of Opposition to the Conditional Transfer Order (CTO-247). This Memorandum is submitted in Support of this Notice of Opposition.

## FACTS

1.     On or about April 12, 2005, Defendants filed a Notice to remove this case from the Third Judicial District Court to the U.S. District Court for the District of Utah. (Attached as Exhibit 1).

2.     On or about May 10, 2005, Plaintiffs filed a Motion to Remand the case back to State Court. (Attached as Exhibit 2).

3.     On or about May 18, 2005, Plaintiffs received the Conditional Transfer Order and letter from the Judicial Panel of the Multidistrict Litigation regarding the Conditional Transfer Order (CTO-247).

4.     On June 2, 2005, Plaintiffs filed their Notice of Opposition of Conditional Transfer Order.

5.     Defendant Thermal West has stipulated to Plaintiffs' Motion for Remand. (Attached as Exhibit 3).

7.     Thermal West, nor any other defendants, have opposed Plaintiffs' Motion to Remand, and their time for doing so has now expired.

## ARGUMENT

Defendant Thermal West removed this Utah State Court action to the United States District Court for the District of Utah on or about April 12, 2005. Due to the fact that Thermal West failed

to secure consent from all served defendants, and because Thermal West failed to plead an adequate basis for federal enclave jurisdiction, Plaintiffs moved the District Court for the State of Utah to remand the case to State Court.   Defendant Thermal West has stipulated to that motion. Additionally, no other defendants have opposed Plaintiffs' Motion to Remand, and their time for doing so has now expired.   Thus, because the case will be remanded to Utah State Court, the Conditional Transfer Order is moot.

Based on the foregoing, Plaintiffs respectfully requests the Judicial Panel of the Multidistrict Litigation to abstain from making the Conditional Transfer Order final and permitting the Utah District Court to resolve this matter.

RESPECTFULLY SUBMITTED this 15th day of June, 2005.

BRAYTON❖PURCELL

S/Brook Millard
Attorney for Gary Alverson and Lois Alverson
215 South State Street, Suite 900
Salt Lake City, Utah 84111
(801) 366-9100

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 17 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I, S. Brook Millard, of the law firm of Brayton❖Purcell, do hereby certify that I have this day

caused to be served, via U.S. Mail, postage fully prepaid, a true and correct copy of Plaintiff's Notice

of Opposition to all counsel of record at their usual and regular mailing addresses.

| | |
|---|---|
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry  smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111<br>Fax: (801) 359-9004 |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com<br>50 South Main Street, 7th Floor<br>Salt Lake City, UT 84144 |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111 |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com<br>E. Scott Savage<br>Casey K. McGarvey<br>50 South Main, Suite 1250<br>Salt Lake City, UT 84144 |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| RIO GRANDE CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich  jmiletich@msfhc.com<br>2401 - 15th Street, Suite 300<br>Denver, CO  80202<br>Phone: (303) 458-9545 |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 |

| FRED MEYER STORES, INC. | BULLIVANT, HOUSER & BAILY |
|---|---|
| | darlene.wasielewski@bullivant.com |
| | Darlene Wasielewski |
| | 11335 Gold Express Drive, Suite 105 |
| | Gold River, CA 95670-6310 |

DATED this 15th day of June, 2005.

**PANEL SERVICE LIST (Excerpted from CTO-247)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Audrey Fratto, etc. v. Asarco, Inc., et al.*, D. Utah, C.A. No. 2:05-336  (Judge Dale A. Kimball)
*Gary Alverson, et al. v. Atlas Turner, Inc., et al.*, D. Utah, C.A. No. 2:05-337  (Judge Tena Campbell)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Christopher R. Christensen
Brayton Purcell
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Tracy Fowler
Snell & Wilmer
15 West South Temple
Suite 1200
Gateway Tower West
Salt Lake City, UT 84101

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Allan L. Larson
Snow, Christensen & Martineau
10 Exchange Place, #1100
P.O. Box 45000
Salt Lake City, UT 84145

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Shawn McGarry
Kipp & Christian
10 Exchange Place
4th Floor
Salt Lake City, UT 84111-2314

S. Brook Millard
Brayton Purcell
The Parkside Office Tower
215 South State Street
Suite 900
Salt Lake, UT 84111

Melinda A. Morgan
Richards, Brandt, Miller & Nelson
50 S. Main Street, Suite 700
P.O. Box 2465
Salt Lake City, UT 84110

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Gregory J. Sanders
Kipp & Christian
10 Exchange Place
4th Floor
Salt Lake City, UT 84111

E. Scott Savage
Berman & Savage
50 South State Street
Suite 1250
Salt Lake City, UT 84144

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 7 2005

FILED
CLERK'S OFFICE

# EXHIBIT 1

FILED
U.S. DISTRICT COURT

2005 APR 12  P  5: 14

ALLAN L. LARSON (1896)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, <br><br>     Plaintiffs , <br><br>     vs. <br><br> BULLOUGH ABATEMENT INC. <br> FLOWSERVE US INC. <br> INGERSOLL-RAND COMPANY <br> KAISER GYPSUM COMPANY, INC. <br> KLEE NATURALS <br> MOUNTAIN STATES INSULATION & <br> SUPPLY CO., INC. <br> RAPID-AMERICAN CORPORATION <br> THERMAL WEST INDUSTRIAL, INC. <br> UNIROYAL HOLDING, INC. <br><br>     Defendants. | **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** <br><br><br> Judge Tena Campbell <br> DECK TYPE: Civil <br> DATE STAMP: 04/12/2005 @ 16:42:38 <br> CASE NUMBER:  2:05CV00337  TC |

Under 28 U.S.C. §§ 1331 and 1441(a), defendant Thermal West Industrial, Inc. (Thermal West), through its attorneys, hereby gives NOTICE OF REMOVAL of the civil action pending against it in the Third District Court of the County of Salt Lake, State of Utah, to this Court. Thermal West alleges as grounds for removal the following:

On March 4, 2005, Thermal West was served with a Summons and Complaint in the civil action entitled *Gary Alverson and Lois Alverson v. Bullough Abatement, Inc., et. al.*, Civil No. 050904993 AS, which names Thermal West as a defendant. The case was filed in the Third Judicial District Court, and transferred to the Court of the Honorable Glenn Iwasaki under the Second Amended Case Management Order No. 1, which governs some asbestos cases in Utah.

1.    Plaintiffs' complaint alleges that some of Mr. Alverson's injuries occurred at Dugway Proving Grounds, a federal property that qualifies as a "federal enclave," for purposes of federal enclave jurisdiction. *See* Complaint, attached as Exhibit A.

2.    Under the U.S. Constitution, art. I, § 8, cl. 17, the Federal Government has sole jurisdiction over the above area.

3.    Given Plaintiff's reliance on events that occurred on a federal enclave, this case arises under federal law. *See Akin v. Ashland Chemical Co.*, 156 F. 3d 1030 (10th Cir. 1998).

4.    This court has original subject-matter jurisdiction of matters that arise under federal law, pursuant to 28 U.S.C. § 1331, and hence, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a). Copies of the Summons and Complaint are attached hereto.

-2-

WHEREFORE, defendant Thermal West hereby submits notice that the above-entitled

matter is removed from the Third Judicial District Court in and for the County of Salt Lake, State

of Utah, to this Court, in accordance with the provisions of 28 U.S.C. § 1446.  All other

defendants join in the removal, as manifest by consent forms to be filed shortly hereafter.

DATED this ___24th___ day of April, 2005.

SNOW, CHRISTENSEN & MARTINEAU

By _____
Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal West
Industrial, Inc.

Asbestos.264\SN\68953.wpd

-3-

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of April, 2005, I caused a true and correct copy of the foregoing **NOTICE OF REMOVAL OF A CIVIL ACTION FROM STATE COURT TO FEDERAL COURT** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suitter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE<br>James M. Miletich jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |

Plaintiffs

Alan R. Brayton
S. Brook
Millard
C. Ryan Christensen
Brayton Pursell
Eisenburg & Gilchrist
utasbestos@braytonlaw.com

Legal Assistant

Asbestos 264 SN 68917.wpd

Server _____
Title   Process Server
Date 5/24/05   ime 12:30 pm
P/S

Alan R. Brayton (73685 Admitted Pro Hac Vice)
S. Brook Millard (7415)
C. Ryan Christensen (9546)
**BRAYTON ❖ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

GARY ALVERSON and LOIS ALVERSON,

Plaintiffs,

vs.

BULLOUGH ABATEMENT INC.
FLOWSERVE US INC.
INGERSOLL-RAND COMPANY
KAISER GYPSUM COMPANY, INC.
KLEE NATURALS
MOUNTAIN STATES INSULATION &
SUPPLY CO., INC.
RAPID-AMERICAN CORPORATION
THERMAL WEST INDUSTRIAL, INC
UNIROYAL HOLDING, INC

## SUMMONS

Case No. 050904993 AS

Master Case No. 010900863 AS

Honorable Glenn K. Iwasaki

THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT,

You are hereby summoned and required to file an answer in writing to the attached

A

Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah

84101, and to serve upon or mail to S. Brook Millard, Brayton ❖ Purcell, plaintiff's attorney, 215

South State Street, Suite 900, Salt Lake City, Utah 81111, a copy of said answer, pursuant to §1

Paragraph 4 of *In Re: Asbestos Litigation Case Management Order No. 1* within forty five (45) days

after service of this summons upon you.

      If you fail to do so, judgment by default will be taken against you for the relief demanded in

said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby

annexed and herewith served upon you.

      DATED this 21ST day of March 2005.

               BRAYTON ❖ PURCELL

               S/ Brook Millard
               C. Ryan Christensen
               Attorneys for Plaintiff

Defendant (or Registered Agent) Address:

THERMAL WEST INDUSTRIAL INC
NEIL R SABIN
53RD PARK PLAZA SUITE 400
SALT LAKE CITY UT 84107

Alan R. Brayton, Esq. (Admitted *Pro Hac Vice*)
S. Brook Millard, Esq. (#7415)
C. Ryan Christensen (#9546)
**BRAYTON ❖ PURCELL LLP**
**EISENBERG & GILCHRIST**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiffs

FILED
THIRD DISTRICT COURT

05 MAR 16 PM 2: 57

SALT LAKE DEPARTMENT

BY _____
      DEPUTY CLERK

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY ALVERSON and<br>LOIS ALVERSON,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>ASBESTOS DEFENDANTS<br>As Reflected on Exhibits B and H;<br>and DOES 1-800. | COMPLAINT FOR PERSONAL INJURY<br>AND LOSS OF CONSORTIUM -<br>ASBESTOS<br><br>Case No. 050904993 AS<br><br>Master Case No. 0109000863<br><br>Judge Glenn K. Iwasaki |

　　　　1.　　Plaintiff GARY ALVERSON was born May 1, 1946.

　　　　2.　　Plaintiff's asbestos-related injury, date of diagnosis, employment status, and history of exposure to asbestos are as stated on Exhibits A and I.

　　　　3.　　The Brayton❖Purcell Master Complaint for Personal Injury [and Loss of Consortium] was filed May 7, 2001, and the First Amended Master Complaint was filed August 23, 2001, in the Third Judicial District Court of Salt Lake County, State of Utah. The Master Order governing asbestos litigation was modified by Amended Case Management Order No. 1 dated on or about June 18, 2003, and may be obtained upon request from counsel filing this Summary Pleading, and designated portions of the Master Complaint are incorporated by reference herein pursuant to the authority conferred by the Master Order, as amended. Plaintiffs' claims are as set forth in said Master Complaint against the defendants identified in Exhibits B through H hereto for the causes of action marked as follows:

|  | Defendants* on Exhibit: | | | | | | | |
| Cause of Action | B | B-1 | C | D | E | F | G | H |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| First (Negligence) | ☒ | ☐ |  |  |  |  | ☐ |  |
| Second (Strict Liability) | ☒ | ☐ |  |  |  |  | ☐ |  |
| Third (Representations/Warnings) | ☒ | ☐ |  |  |  |  | ☐ |  |
| Fourth (Premises Owner/Contractor Liability) |  | ☐ | ☒ |  |  |  |  |  |
| Fifth, Sixth, Seventh (Unseaworthiness, Negligence [Jones Act],Maintenance and Cure) |  |  |  | ☐ |  |  |  |  |
| Eighth (Negligence [33 U.S.C. § 905(b)]) |  |  |  |  | ☐ |  |  |  |
| Ninth (F.E.L.A.-Negligence) |  |  |  |  |  | ☐ |  |  |
| Tenth (Violation of the Boiler Inspection Act) |  |  |  |  |  | ☐ |  |  |
| Eleventh (Respiratory Safety Devices-Negligence) |  |  |  |  |  |  | ☐ |  |
| Twelfth (Respiratory Safety Devices-Strict Liability) |  |  |  |  |  |  | ☐ |  |
| Thirteenth (Brake Shoe Grinding Machine–Negligence) |  |  |  |  |  |  | ☐ |  |
| Fourteenth (Fraud and Deceit/Concealment) |  |  |  |  |  |  |  | ☐ |
| Fifteenth (Fraud and Deceit/Negligent Misrepresentation) |  |  |  |  |  |  |  | ☒ |
| Sixteenth (Conspiracy/Concert of Action) |  |  |  |  |  |  |  | ☒ |
| Eighteenth (Loss of Consortium) | ☒ | ☐ | ☒ |  |  |  | ☐ | ☒ |

*and their alternate entities as set forth in the Master Complaint or on any Exhibit.

    4.     Plaintiffs were married on August 8, 1969.

    5.     In the prefatory paragraphs to the Fourteenth, Fifteenth and Sixteenth Causes of Action, following "GATKE CORPORATION", insert as named defendants "GARLOCK SEALING TECHNOLOGIES, LLC ", and "OWENS-ILLINOIS, INC."

## JURY DEMAND

The Plaintiffs demand a jury trial of all issues triable of right by a jury.

Dated: _March 16, 2005_

BRAYTON ❖PURCELL LLP
EISENBERG & GILCHRIST

By: _S. Brook Millard_
S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiffs

3

## EXHIBIT A

Plaintiff's exposure to asbestos and asbestos-containing products occurred at various

locations both inside and outside the State of Utah, including but not limited to:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Unknown Dugway, Utah | US Army Dugway Proving Grounds, Dugway, Utah | Painter | 1963 (1 month) |
| International Smelting and Refining Company, Tooele, Utah (f/k/a Anaconda Copper Mining Company) | International Smelting and Refining Company, Tooele, Utah | Laborer | 1963-1965, 1967-1969 |
| | International Smelting and Refining Company, Tooele, Utah • Bag House | Laborer | 1963-1965, 1967-1969 |
| | International Smelting and Refining Company, Tooele, Utah • Dross Plant | Laborer | 1963-1965, 1967-1969 |
| Unknown | An unknown lime plant West of Grantsville, Utah | Laborer | 1967 |
| Tooele School District Tooele, Utah | Tooele Junior High School, Tooele, Utah | Teacher | 1970-1975 |
| Weber School District Ogden, Utah | Weber High School Pleasant View, Utah | Teacher | 1975-1977 |
| Weber School District Ogden, Utah | Bonneville High School Ogden, Utah | Teacher | 1977-1995 |
| Granite School District Salt Lake City, Utah | Cottonwood High School, Salt Lake City, Utah | Teacher | 1995-2001 |
| Tooele School District Tooele, Utah | Tooele High School Tooele, Utah | Teacher | 2001-2005 |

## NON-OCCUPATIONAL EXPOSURE:

Plaintiff recalls that his childhood home located on Silver Street in Stockton, Utah, had popcorn-type ceiling texture blown on while he was residing there. Plaintiff recalls that his grandmother's home located in Tooele and which was originally a post office, was remodeled during one

EXHIBIT A

4

### EXHIBIT A (cont'd.)

summer when he was residing with her as a teenager. Plaintiff recalls constructing a room at his house located at 42 Alberta, Tooele, Utah between 1970 and 1975. Plaintiff and his wife, Lois, installed sheetrock and used perfatape and joint compound to finish the walls. Plaintiff sanded and painted the walls. Plaintiff cleaned up the debris left from sanding the walls. Plaintiff recalls installing a swamp cooler on the roof of this house which required him to cut into the shingles and roofing felt. Plaintiff recalls purchasing the sheetrock, perfatape, and joint compound from FARM & HOME, Tooele, Utah. Plaintiff recalls having his roof replaced at 5842 Willowwood, South Ogden, Utah during the 1970s. Plaintiff recalls that the roofing contractors were Jerry and Linda Poulter. Plaintiff recalls repairing and replacing wind damaged shingles on this roof. Plaintiff currently contends that he was exposed to asbestos during these home improvements.

EXHIBIT A

5

**EXHIBIT B**

**DEFENDANTS**

ATLAS TURNER, INC.
DII INDUSTRIES, LLC
FLOWSERVE US INC.
GARLOCK SEALING TECHNOLOGIES, LLC
GEORGIA-PACIFIC CORPORATION
KAISER GYPSUM COMPANY, INC.
OWENS-ILLINOIS, INC.
RAPID-AMERICAN CORPORATION
UNIROYAL HOLDING, INC.

BULLOUGH ABATEMENT INC.
KLEE NATURALS
GENERAL ELECTRIC COMPANY
INGERSOLL-RAND COMPANY
NORBERG BLOWERS
FARM & HOME BUILDING SUPPLY
MOUNTAIN STATES INSULATION & SUPPLY CO., INC.
THERMAL WEST INDUSTRIAL, INC.

**ALTERNATE ENTITY**

DII INDUSTRIES, LLC

DRESSER INDUSTRIES, INC.
HARBISON WALKER REFRACTORIES COMPANY
HALLIBURTON COMPANY
HALLIBURTON ENERGY SERVICES, INC.
DRESSER WAUKESHA
DRESSER WAYNE
DRESSER-RAND COMPANY
BENTONITE
DAY & NIGHT MANUFACTURER COMPANY
ELECTRIC MACHINERY MANUFACTURING COMPANY
ELECTRIC MACHINERY MFG. COMPANY
IDECO
INTERNATIONAL DERRICK & EQUIPMENT
    COMPANY OF CA
KELLOGG BROWN & ROOT, INC.
MANNING MAXWELL & MOORE
SHAFFER
THERMAL REFRACTORIES COMPANY
M.W. KELLOGG, INC.
ALASKA CONSTRUCTORS, INC.
KCI CONSTRUCTORS, INC.
PACIFIC FABRICATORS
PRESTRESSED CONCRETE PRODUCTS CORPORATION
TIDELANDS MARINE SERVICES, INC.
AMERICAN LOCOMOTIVE COMPANY (ALCO)
ALCO PRODUCTS, INC.
ALCO LOCOMOTIVE, INC.
BAROID, INC.
BAROID, INC. NKA TREMONT CORPORATION
BAROID DRILLING FLUIDS, INC.
BAROID INTERNATIONAL, INC.
SUBSEA INTERNATIONAL, INC.
KBR TECHNICAL SERVICES, INC.
BROWN & ROOT, INC.
BROWN & ROOT TECHNICAL SERVICES, INC.
BROWN & ROOT U.S.A., INC.
BROWN & ROOT HOLDINGS, INC.
BROWN & ROOT BRAUN
BROWN & ROOT COMPANY

EXHIBIT B

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| DII INDUSTRIES, LLC (cont'd.) | C.F. BRAUN, INC.<br>C.F. BRAUN/BROWN & ROOT TECHNOLOGIES<br>SANTA FE BRAUN INTERNATIONAL, INC.<br>GROVE VALVE & REGULATOR COMPANY<br>INTERNATIONAL MINERALS AND CHEMICALS<br>   CORPORATION<br>IMCO<br>MID-VALLEY, INC.<br>M-I DRILLING FLUIDS COMPANY (as Successor-In-Interest to<br>   Magcobar Division)<br>M-I DRILLING FLUIDS, LLC (as Successor-In-Interest to<br>   Magcobar Division)<br>M-I LLC (as Successor-In-Interest to<br>   Magcobar Division)<br>SMITH INTERNATIONAL (as Successor-In-Interest to<br>   Magcobar Division)<br>WORTHINGTON PUMP, INC. (NEW JERSEY)<br>WORTHINGTON PUMP, INC. (DELAWARE)<br>WORTHINGTON PUMP CORP.<br>WORTHINGTON INTERNATIONAL, INC.<br>WORTHINGTON PUMP & MACHINERY CO.<br>WAUKESHA MOTOR COMPANY<br>WAUKESHA ENGINE DIVISION,<br>   DRESSER INDUSTRIES, INC<br>PACIFIC PUMPS DIV, DRESSER INDUSTRIES<br>PACIFIC PUMPING COMPANY<br>PULLMAN, INC.<br>TURBODYNE CORPORATION<br>MASONELLAN DIVISION<br>MASON-NELLAN REGULATOR COMPANY |
| FLOWSERVE US INC. | DURIRON COMPANY, INC.<br>DURCO INTERNATIONAL, INC. |
| GARLOCK SEALING<br>   TECHNOLOGIES, LLC | GARLOCK, INC.<br>COLTEC INDUSTRIES, INC.<br>FAIRBANKS-MORSE<br>FAIRBANKS MORSE ENGINES<br>BELMONT PACKING & RUBBER CO.<br>GARLOCK PACKING CO.<br>U.S. GASKET CO.<br>GOODRICH CORPORATION<br>ENPRO INDUSTRIES, INC. |
| GEORGIA-PACIFIC CORPORATION | BESTWALL GYPSUM COMPANY |
| OWENS-ILLINOIS, INC. | OWENS-ILLINOIS GLASS COMPANY |
| UNIROYAL HOLDING, INC. | UNIROYAL, INC. |

EXHIBIT B

7

EXHIBIT B (cont'd.)

ALTERNATE ENTITY

| | |
|---|---|
| KLEE NATURALS | PINNACLE ENVIRONMENTAL, INC. |
| | IRWIN NATURALS, INC. |
| | MOUNTAIN STATES INSULATION & SUPPLY CO., INC. |
| | MOUNTAIN STATES INSULATION & SUPPLY COMPANY |
| | |
| INGERSOLL-RAND COMPANY | INGERSOLL-DRESSER PUMP |
| | DRESSER-RAND CO. |
| | PACIFIC PUMP WORKS |
| | FLOWSERVE CORPORATION |
| | INGERSOLL ROCK DRILL COMPANY |
| | TERRY STEAM TURBINE CO. |
| | RAND DRILL COMPANY |
| | RAND & WARING DRILL AND COMPRESSOR COMPANY |
| | INGERSOLL-SERGEANT |
| | SCHLAGE LOCK COMPANY |
| | VON DUPRIN |
| | THE TORRINGTON COMPANY |
| | BLAW-KNOX COMPANY |
| | |
| BULLOUGH ABATEMENT INC. | BULLOUGH ASBESTOS SUPPLY COMPANY |
| | BULLOUGH INSULATION & SUPPLY, INC. |
| | THERMAL WEST INDUSTRIAL, INC. |
| | |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | MOUNTAIN STATES INSULATION & SUPPLY COMPANY |
| | |
| THERMAL WEST INDUSTRIAL, INC. | BULLOUGH ABATEMENT INC. |
| | BULLOUGH ASBESTOS SUPPLY COMPANY |
| | BULLOUGH INSULATION & SUPPLY, INC. |

EXHIBIT C

DEFENDANTS

DOES 301–500

EXHIBIT H

DEFENDANTS

OWENS-ILLINOIS, INC.
GARLOCK SEALING TECHNOLOGIES, LLC

EXHIBITS B, C, H

8

<u>EXHIBIT I</u>

Plaintiff's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothelioma, and/or other lung damage.  Plaintiff was diagnosed with mesothelioma on or about December 14, 2004.

EXHIBIT I

Alan R. Brayton (#73685 Admitted *Pro Hac Vice*)
S. Brook Millard (#7415)
C. Ryan Christensen (#9546)
BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **GARY ALVERSON and LOIS ALVERSON,** | **PLAINTIFF'S MOTION FOR EXIGENT TRIAL SETTING** |
| Plaintiffs, | |
| vs. | Case No. 050904993 AS |
| **ATLAS TURNER, INC. , et al.,** | Master Case No. 010900863 AS |
| Defendants. | Honorable Glenn K. Iwasaki |

Plaintiff, by and through counsel of record, and pursuant to paragraph V-3(a)(i) of Second Amended Case Management Order No. 1 in Case No. 010900863 (the "Master Order"), page 17, hereby moves the Court to declare this matter as an exigent case. As the basis for this motion, counsel for plaintiff asserts that plaintiff, Gary Alverson, has been diagnosed with malignant mesothelioma, and therefore his case shall be presumed exigent.

A short memorandum of points and authorities with the required medical reports is submitted to accompany this motion.

DATED this 21st day of March, 2005.

Respectfully submitted,

S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiffs

ᑲ

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2005, a true and correct copy of the above and foregoing was mailed, postage prepaid, or sent via email and/or facsimile to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer Mhomer@suitter.com<br>Bret S. Hayman Bhayman@suitter.com<br>Kevin D. Swenson kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com<br>E. Scott Savage<br>Casey K. McGarvey |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP Mtstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS, BRANDT, MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE<br>James M. Miletich jmiletich@msfhc.com<br><br>Todd S. Winegar Todd.Winegar@azbar.org |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson |



Alan R. Brayton (#73685 Admitted *Pro Hac Vice*)
S. Brook Millard (#7415)
C. Ryan Christensen (#9546)
BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| **GARY ALVERSON and LOIS ALVERSON,** <br><br> Plaintiffs, <br><br> vs. <br><br> **ATLAS TURNER, INC. , et al.,** <br><br> Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR EXIGENT TRIAL SETTING** <br><br> Case No. 050904993 AS <br><br> Master Case No. 010900863 AS <br> Honorable Glenn K. Iwasaki |

Plaintiff, by and through counsel of record, hereby submits the following memorandum in support of his motion for exigent setting.

### FACTS

1.      Gary Alverson was diagnosed with malignant mesothelioma on approximately December 20, 2004, by pathologist, Todd Randolph, M.D. This diagnosis was confirmed by Robert Flinner, M.D. (See attached pathology report attached as Exhibit "A.")

2.      Confirmatory diagnosis of mesothelioma was made by board-certified pulmonologist, Mark Zenger, M.D., of the Cottonwood Speciality Clinic.  Furthermore, Plaintiff is currently undergoing chemotherapy treatment with oncologist, William Nibley, M.D., at the Utah Cancer Specialists for treatment of his mesothelioma.  (See medical reports attached as Exhibit "B.")

## ARGUMENT

Paragraph V-3(a)(i) of Second Amended Case Management Order No. 1 in Case No. 010900863 (the "Master Order"), page 17, provides that the plaintiff may file a motion seeking that a case be declared exigent and that a specially calendered, separate six-month pre-trial scheduling order be entered. The Master Order states that any living plaintiff who has been diagnosed in writing by a Board Certified Pulmonologist with Malignant Mesothelioma shall be deemed exigent.

Plaintiff, Gary Alverson, was diagnosed with malignant mesothelioma by Dr. Todd Randolph on approximately December 20, 2004. A confirmatory diagnosis of malignant mesothelioma was made by Dr. Mark Zenger, board-certified pulmonologist. The attached medical records are documentation of this diagnosis. As such, Mr. Alverson's case should be deemed an exigent case, and should be set on a shortened pre-trial track.

DATED this 21st day of March, 2005.

Respectfully submitted,

S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2005, a true and correct copy of the above and foregoing was mailed, postage prepaid, or sent via email and/or facsimile to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer Mhomer@suitter.com<br>Bret S. Hayman Bhayman@suitter.com<br>Kevin D. Swenson kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com<br>E. Scott Savage<br>Casey K. McGarvey |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP Mtstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS, BRANDT, MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich jmiletich@msfhc.com<br><br>Todd S. Winegar Todd.Winegar@azbar.org |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson |



Alan R. Brayton (#73685 Admitted *Pro Hac Vice*)
S. Brook Millard (#7415)
C. Ryan Christensen (#9546)
BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
Attorneys for Plaintiffs

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | **NOTICE OF VIDEOTAPED TESTIMONY PRESERVATION DEPOSITION OF GARY ALVERSON** |
| Plaintiffs, | |
| vs. | Case No. 050904993 AS |
| ASBESTOS DEFENDANTS, As Reflected on Exhibits B and H; and DOES 1-800. | Master Case No. 010900863 AS Honorable Glenn K. Iwasaki |

TO THE ABOVE-NAMED PARTIES AND THEIR COUNSEL:

You and each of you will take notice that counsel for plaintiff will take the videotaped trial

preservation testimony of Plaintiff Gary Alverson beginning April 12, 2005 at the hour of 4:00 p.m.,

Mountain Daylight Time, at the location of 6645 South 1460 West, Taylorsville, Utah and will

continue until completed. This deposition will be taken pursuant to Rules 26, 30 and 45 of the Utah

Rules of Civil Procedure.

The undersigned, pursuant to Rule 30(a)(2)C, hereby certifies that Plaintiff was diagnosed

with malignant mesothelioma, a terminal disease, in December 2004, by pathologist Todd

Randolph, M..D. Confirmatory diagnosis and treatment of mesothelioma was made by board

𝒟

certified pulmonologist Mark Zenger M.D.  The physicians who are treating Mr. Alverson have stated to him and his family that his health may rapidly decline.  The undersigned further certifies that Mr. Alverson may not physically be able to testify if he is not deposed in the immediate future and his testimony may be forever lost.  Accordingly, counsel for Mr. Alverson believes it is critical to preserve his testimony.

DATED this _21st_ day of March, 2005.

BRAYTON ❖ PURCELL
EISENBERG & GILCHRIST

S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiff

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st of March 2005, a true and correct copy of the foregoing was

mailed, postage prepaid, and/or sent via electronic transmission, as applicable, to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer Mhomer@suitter.com<br>Bret S. Hayman Bhayman@suitter.com<br>Kevin D. Swenson kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka<br>Worthington Pumps | PARR, WADDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com<br>Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com<br>E. Scott Savage<br>Casey K. McGarvey |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy |
| MOUNTAIN STATES INSULATION & SUPPLY<br>CO., INC. | JOHN M. SHARP Mtstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS, BRANDT, MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich jmiletich@msfhc.com<br><br>Todd S. Winegar Todd.Winegar@azbar.org |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson |



# EXHIBIT 2



S. Brook Millard, Esq. 7415
C. Ryan Christensen 9546
**BRAYTON ◆ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON,<br><br>        Plaintiffs,<br><br>vs.<br><br>ATLAS TURNER, INC., et al.,<br><br>        Defendants. | No. 2:05-CV-337-TC<br><br>NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT; REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) |

TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

      Plaintiffs hereby move the Court for an Order remanding this case to the Third Judicial

District Court of Salt Lake City, State of Utah, and awarding costs and fees incurred in the

making of this motion.  This motion is based on this Notice, the attached Memorandum of Points

and Authorities, the Declaration of C. Ryan Christensen, Esq., *the allegations in plaintiffs'*

Complaint, the Notice of Removal, the court record, and such matters that may be introduced at

the hearing of this motion.

      Plaintiffs seek remand, along with costs and fees, on the following grounds:

Page 1

(1) The removal was defective because it was not properly joined or consented to by all defendants that were served before the Notice of Removal was filed.

(2) The Notice of Removal does not allege a sufficient basis for federal enclave/federal question jurisdiction. Federal enclave jurisdiction is a species of federal question jurisdiction that arises only when it is demonstrated that the United States has not only obtained *ownership* of lands within a state, but also *civil jurisdiction* pursuant to a formal cession of jurisdiction by the state involved, either in the deed of conveyance or by statute. Moreover, the United States must formally *accept* civil jurisdiction before the area can be proclaimed a "federal enclave" for the proposes of civil litigation. Simply because a facility is owned and operated by the United States does not make it a "federal enclave," and the removing defendant's allegation to that effect is erroneous and insufficient to confer federal jurisdiction.

(3) Pursuant to 28 U.S.C. § 1447(c), plaintiffs request payment of the costs and fees incurred in the making of this motion because the lack of proper consent to removal was clear under well-established law.

DATED this _10th_ day of May, 2005.

BRAYTON ❖ PURCELL

By: _____
S. Brook Millard
C. Ryan Christensen
Attorneys for Plaintiff

Page 2

## TABLE OF CONTENTS

                                                                    **PAGE**

I.     INTRODUCTION AND STATEMENT OF ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       A.   REMOVAL WAS IMPROPER BECAUSE THERMAL WEST FAILED TO
            SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS. . . . . . 3

       B.   THERMAL WEST HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL
            ENCLAVE JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       C.   PLAINTIFFS ARE ENTITLED TO COSTS AND ATTORNEYS' FEES. . . . . 8

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

STATUTES & CONSTITUTIONAL PROVISIONS

Article I, section 8, clause 17 of the United States Constitution  . . . . . . . . . . . . . . . . . . . . . 1, 3, 5

28 U.S.C. § 1447(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

CASE LAW

*Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Celli v. Shoell*, 40 F.3d 324 (10th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Alameda v. Todd Shipyards Corp.*, 635 F.Supp. 1447 (N.D. Cal. 1986)  . . . . . . . . . . . . 6

*Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318 (10th Cir. 1997)  . . . . . . . . . . . 8

*Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991)  . . . . . . . . . . . . . . . . . . . . 4

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253 (D. Utah 1995) . . . . . . . . . . . . . . . . . . . . . . . . 4

*Karnes v. Boeing Company*, 335 F.3d 1189 (10th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Laughlin v. Kmart Corporation*, 50 F.3d 871 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Martin v. Franklin Capital Corporation*, 393 F.3d 1143 (10th Cir. 2004) . . . . . . . . . . . . . . . 4, 8

*Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) . . . . . . . . . . . . . . . . . 9

*Pratt v. Kelly*, 585 F.2d 692 (4th Cir. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Shamrock Oil & Gas v. Sheets*, 313 U.S. 100 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Suder v. Blue Circle, Inc.*, 116 F.3d 1351 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Surplus Trading Co. v. Cook*, 281 U.S. 647 (1930) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Sylvane v. Whelan*, 506 F.Supp. 1355 (E.D.N.Y. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Johnson*, 994 F.2d 980 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United Computer Systems v. AT & T Corp.*, 298 F.3d 756 (9th Cir. 2002) . . . . . . . . . . . . . . . . 4

*United States v. San Francisco Bridge Co.*, 88 F. 891 (N.D. Cal. 1898) . . . . . . . . . . . . . . . . . . 7

*Williams v. Caterpillar Tractor Co.*, 786 F.2d 928 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987) . . 4

*Willis v. Craig*, 555 F.2d 724 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363 (7th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . 9

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION AND STATEMENT OF ISSUES

A defendant that removes an action from state court bears the burden of demonstrating that all the requirements for removal have been satisfied, including procedural requirements. Defendant Thermal West Industrial, Inc. has not met that burden for the following two independent reasons:

(1) Removing defendant in this asbestos-related personal injury action failed to obtain the unanimous consent of its co-defendants who were served prior to removal. The fact that the removing defendant obtained *some* consents and lists all of the served defendants in its Notice of Removal indicates that it is aware of these defendants, but simply chose not to obtain consents from all of them.

(2) The Notice of Removal grossly oversimplifies the law regarding "federal enclave" removal. A federal facility is not a federal enclave *per se*. Federal enclave jurisdiction exists only if the claim between two private parties accrued on a federal facility that was *both* obtained for one of the purposes enumerated in Article I, section 8, clause 17 of the United States Constitution, *and* was the subject of a specific cession of civil jurisdiction offered by the state and accepted by the federal government. The mere fact that the federal government owns and uses land as a proprietor does not establish that it has obtained civil jurisdiction from the sovereign state in which the land sits. Unless the removing defendant can establish, as a matter of law and fact, that all the elements of federal enclave jurisdiction are present with respect to one of the asbestos exposure allegations at the time of the alleged exposure, federal question jurisdiction is unsupported. The Notice of Removal does not even allege the facts necessary to show that the facility in question was a federal enclave for the purpose of this civil action.

Pursuant to 28 U.S.C. § 1447(c), plaintiffs request payment of the costs and attorneys' fees incurred in responding to this improper removal. Under Tenth Circuit law, an award of

Page 1

costs under this section does not require a finding of bad faith; it simply requires a finding that the removal was improvident.

Therefore, because there is no basis for the exercise of federal jurisdiction and because the removal is patently defective for failing to join all defendants who were served at the time of removal, plaintiffs respectfully request that this court order the immediate remand of this action to the state court. In conjunction with that order of remand, plaintiffs further request that the court assess costs and fees in favor of plaintiffs for the expense of opposing this improvident removal.

**II.**

**STATEMENT OF FACTS**

On March 16, 2005, plaintiffs GARY ALVERSON and LOIS ALVERSON filed suit in the Third District Court of Salt Lake County, State of Utah, seeking damages for asbestos-caused personal injury and loss of consortium due to Mr. Alverson's mesothelioma, an aggressive cancer of the lining of the lungs that is closely associated with asbestos exposure.[1] (Exhibit A to Defendant's Notice of Removal). On March 22, 2005, a registered Utah process server personally served the Summons and Complaint on defendant Thermal West Industrial, Inc. (Declaration of C. Ryan Christensen, ¶ 2 and Exhibit A thereto.)

The following other defendants were also served on the dates noted:

| Defendant | Date Served |
|---|---|
| Bullough Abatement, Inc. | March 22, 2005 |
| Flowserve U.S., Inc. | March 25, 2005 |
| General Electric | Answer filed : March 24, 2005 |
| Ingersoll-Rand | March 25, 2005 |
| Kaiser Gypsum | March 24, 2005 |
| Klee Naturals | March 24, 2005 |
| Mountain States Insulation Supply Co., Inc. | March 25, 2005 |
| Uniroyal Holdings, Inc. | March 28, 2005 |

---

[1] See the National Cancer Institute's information page on this disease at: http://cis.nci.nih.gov/fact/6_36.htm

Page 2

(Declaration of C. Ryan Christensen, ¶¶ 3, 4 and 5 and Exhibits B, C and D thereto.)

On April 12, 2005, defendant Thermal West Industrial, Inc. filed a Notice of Removal in this Court[2] asserting original federal jurisdiction under 28 U.S.C. § 1331 and 1441 and Article I, section 8, clause 17 of the United States Constitution. (Notice of Removal.) The basis for this assertion is the defendant's claim that plaintiff Gary Alverson was injured at Dugway Proving Ground, which removing defendant claims is a federal enclave. (Notice of Removal, p. 2, ¶ 1.) Subsequent to filing its Notice of Removal, Thermal West filed joinders from Bullough Abatement, Inc., Kaiser Gypsum Company, Inc., Flowserve US, Inc. and General Electric Company. (Declaration of C. Ryan Christensen ¶ 6 and Exhibit E thereto.)[3] No joinders or consents to removal were filed by the other defendants who had been served as of the date of the Notice of Removal.

On April 21, 2005, plaintiffs' counsel contacted defendant Thermal West's counsel and informed him of the reasons why the removal in this case was improper and requested that defendant stipulate to a remand. (Declaration of C. Ryan Christensen, ¶¶ 7.) Defendant's counsel refused. (Declaration of C. Ryan Christensen, ¶¶ 7.)

### III.

### ARGUMENT

**A.    REMOVAL WAS IMPROPER BECAUSE THERMAL WEST FAILED TO SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS.**

Because removal of an action to state court implicates federalism concerns and deprives the plaintiff of his chosen forum, the removal statutes must be strictly construed against

---

[2] Although Thermal West's Notice of Filing of Notice of Removal in Federal Court indicates that the Notice of Removal was filed on April 11, 2005, both the Notice of Removal itself and this Court's Civil Docket indicate that the Notice of Removal was filed on April 12, 2005.

[3] Defendant Thermal West also filed a joinder from Rio Grande Corporation, apparently on behalf of Rapid-American Corporation, but Rapid-American Corporation had not been served at the time of removal. (Declaration of C. Ryan Christensen, ¶ 6 and Exhibit E thereto.)

Page 3

jurisdiction. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108 (1941); *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1255 (D. Utah 1995).

In addition, a "'[d]efendant's right to remove and a plaintiff's right to choose his forum are not on equal footing; . . . where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.'" *Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).) If there is any doubt about the propriety of removal, the case should be remanded to state court. *Martin v. Franklin Capital, supra* at 1289-1290. There is a strong presumption against removal jurisdiction. *Laughlin v. Kmart Corporation*, 50 F.3d 871, 873, (10th Cir. 1995) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). A defendant that removes a case from state court bears the burden of proving the removal was proper. *Karnes v. Boeing Company*, 335 F.3d 1189, 1194 (10th Cir. 2003); *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

The removing party must prove not only that the court has jurisdiction, but also that the party has complied with the procedural requirements for removal. "On a motion for remand, the burden is on the party seeking to preserve the removal, not on the moving party, to show that the requirements for removal have been met." *Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) (*citing Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd*, 482 U.S. 386 (1987)).

Removal of a case from state court in a multi-defendant case requires the unanimous consent of all served defendants. *Jarvis v. FHP of Utah, Inc., supra*, 874 F.Supp. at 1254. Moreover, "each party must independently and unambiguously file notice of their consent and intent to join in the removal. . . . " *Id.*

Several of the defendants who were served prior to April 12, 2005, have not been heard from at all. Thermal West filed an Amended Notice of Removal and Supplement to Amended Notice of Removal in which it stated that it believed that all of the defendants not joining in the removal were either not served or could not join because they were bankrupt or had been

Page 4

dissolved. (Amended Notice of Removal, p.3; Supplement to Amended Notice of Removal, p. 2.) However, Thermal West's "belief" is not the relevant inquiry. The cases cited above are clear that all defendants served at the time the Notice of Removal was filed must join in the removal. Ingersoll-Rand, Klee Naturals, Mountain States Insulation[4] and Uniroyal Holdings had been served but did not join in the removal. (Declaration of C. Ryan Chistensen, ¶ 5 and Exhibit D thereto.) The failure to join these defendant's is fatal to Thermal West's removal, and remand is required.

**B.     THERMAL WEST HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL ENCLAVE JURISDICTION.**

Thermal West summarily alleges that the case is removable because "some of Mr. Alverson's injuries occurred at Dugway Proving Ground, a federal property that qualifies as a 'federal enclave.'" (Notice of Removal, ¶ 1.) A claim that arises on a federal facility *might* be a basis for federal question jurisdiction and removal under 28 U.S.C. §1331 and 1441, depending upon the nature of the particular federal facility. *Celli v. Shoell*, 40 F.3d 324, 328 (10th Cir. 1994) (citing *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977)).

Article I, section 8, clause 17 of the United States Constitution gives the United States Congress the power:

> To exercise *exclusive Legislation* in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by *Cession* of particular States, and the *Acceptance* of Congress, become the Seat of the Government of the United States, *and to exercise like Authority over all Places Purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings.*

(emphasis added).

Under this constitutional provision, courts have held that lands purchased by the United States with the consent *and jurisdictional cession* of the state legislatures are "federal enclaves."

---

[4] Although Thermal West claims that Mountain States Insulation Supply is defunct (Amended Notice of Removal, p.3), the burden is on Thermal West to prove this assertion. In any event, three other served defendants did not consent to the removal, so the removal is still defective, regardless of the status of Mountain States Insulation.

Page 5

*See, e.g., Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977). The evaluation of removability is straightforward albeit esoteric: the claim must have arisen on property that was obtained by the federal government with the consent of the state legislature by means of a law ceding *civil* jurisdiction to the United States (some cessions are limited to criminal jurisdiction). Reference to the deed by which the forum state conveyed the lands in question to the United States also might contain specific reservations of jurisdiction, and thus the deed itself is a necessary piece of evidence that must be consulted to determine the jurisdictional status of the land. *See Pratt v. Kelly*, 585 F.2d 692, 695-97 (4th Cir. 1978). In sum, the question of state consent (i.e., cession of jurisdiction) is answered by reference to the particular state's statutes and codes, and to the deed of conveyance if between the state and the United States.

Thus, the fact that the United States has purchased particular land does not mean that it has legal (in this case, civil) jurisdiction over it. The state must cede jurisdiction, and the United States must accept it. *See United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993) (discussing long history regarding United States' acquisition of legal jurisdiction over a particular parcel of the Brooklyn, NY Navy Yard). If jurisdiction is not ceded and accepted, the United States is simply a proprietor of the property, and civil disputes arise under state law no differently than elsewhere within the state. *Id* at 984.

> It is not unusual for the United States to own within a state lands which are set apart and used for public purposes. *Such ownership and use without more do not withdraw the lands from the jurisdiction of the state.* On the contrary, the lands remain part of her territory and within the operation of her laws, save that the latter cannot affect the title of the United States or embarrass it in using the lands or interfere with its right of disposal.

*Surplus Trading Co. v. Cook*, 281 U.S. 647, 650 (1930) (emphasis added). *See also City of Alameda v. Todd Shipyards Corp.*, 635 F.Supp. 1447, 1449 (N.D. Cal. 1986) (The "United States takes jurisdiction of such lands subject to restrictions in the deed or granting statute."); *Sylvane v. Whelan*, 506 F.Supp. 1355, 1358, 1360-61 (E.D.N.Y. 1981) (since State of New York only ceded to federal government "law enforcement" jurisdiction over lands comprising National Seashore, and retained all other jurisdiction for itself, an action for public nuisance arising from

Page 6

conduct on that Seashore did not arise under federal law, and the court lacked subject matter

jurisdiction).

In a case arising out of the construction of a new U.S. post office, a judge sitting in

California explained more than 100 years ago:

> It is not alleged in the information, nor does the fact otherwise appear, that the
> land upon which the new San Francisco post office is being constructed was
> purchased by the United States with the consent of the state, or that political
> jurisdiction over the same has been otherwise ceded to the United States by the
> state.  Upon this state of facts, it must be held that the state of California retains
> complete and exclusive political jurisdiction over such land, and, this being so,
> there can be no question that persons there committing murder, or any other
> offense denounced by its laws, would be subject to trial and punishment by the
> courts of the state.

*United States v. San Francisco Bridge Co.*, 88 F. 891, 893-94 (N.D. Cal. 1898).

Applying these principles to the facts of this case, it is clear that Thermal West has not

even alleged facts demonstrating removability on federal enclave grounds.  Thermal West's

conclusory contentions that the Dugway Proving Ground is a federal enclave, without more, is

inadequate and incorrect.  It must identify the legal and legislative details upon which a court

could conclude that Utah ceded its jurisdiction over the facility, and the United States accepted

those cessions of jurisdiction.  The one thing that is clear is that this facility is located within

Utah and thus is presumed to be governed by Utah state laws; Thermal West bears the burden of

alleging and proving otherwise.

Moreover, according to the Dugway website, the Dugway Proving Ground underwent

many changes over the years, including name changes, land acquisitions and periods of

deactivation. (Declaration of C. Ryan Christensen, ¶ 9, and Exhibit G thereto.)  Mr. Alverson's

only alleged asbestos exposure at the Dugway Proving Ground occurred during a one-month

painting job in 1963. (See Complaint, p. 4, attached as Exhibit A to the Notice of Removal.)  In

order to invoke federal enclave jurisdiction here, removing defendant would have to: 1) identify

the particular building that Gary Alverson painted at the Dugway Proving Ground in 1963; and 2)

prove that the land under such building had been specifically ceded to the federal government by

Page 7

The court may order remand immediately while retaining limited jurisdiction to determine and award fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 444-45 (9th Cir. 1992). *See also Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

## IV.

## CONCLUSION

The removal of this action was improper because it was not joined by all of the other served defendants, and the Notice of Removal does not contain sufficient allegations of federal enclave jurisdiction. Remand to state court is necessary, and an award of costs and fees is appropriate.

DATED this /o⌐ day of May, 2005.

BRAYTON ❖ PURCELL

By: _____
S/ Brook Millard
C. Ryan Christensen
Attorneys for Plaintiff

Page 9

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2005, a true and correct copy of the

foregoing NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;

REQUEST FOR COSTS AND FEES was sent via U.S. mail, as applicable, to the following:

| | |
|---|---|
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry  smcgarry@kippandchristian.com<br>David Bernstein dmbernstein@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111<br>Fax: (801) 359-9004 |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com<br>50 South Main Street, 7th Floor<br>Salt Lake City, UT 84144 |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders Gjsanders@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111 |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| RIO GRANDE CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich  jmiletich@msfhc.com<br>2401 - 15th Street, Suite 300<br>Denver, CO 80202<br>Phone: (303) 458-9545 |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 |

Page 10

S. Brook Millard, Esq. 7415
C. Ryan Christensen 9546
**BRAYTON ❖ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> ATLAS TURNER, INC., et al., <br><br> Defendants. | No. 2:05-CV-337-TC <br><br> DECLARATION OF C. RYAN CHRISTENSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND TO UTAH STATE COURT AND REQUEST FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(C) |

I, C. RYAN CHRISTENSEN, declare:

1.    I am an attorney licensed to practice before all of the Utah State Courts and the United States District Court of Utah.  I am an associate with the law firms of EISENBERG & GILCHRIST and BRAYTON ❖ PURCELL, attorneys for plaintiffs herein.

2.    Attached as Exhibit A is a true and correct copy of the Affidavit of Service of the Summons and Complaint reflecting service of process on defendant Thermal West Industrial, Inc.  The original of this form is maintained in the files of our office.

Page 1

3.     Attached as Exhibit B is a true and correct copy of the Affidavit of Service of the Summons and Complaint reflecting service of process on defendant Bullough Abatement, Inc. The original of this form is maintained in the files of our office.

4.     Attached as Exhibit C is a true and correct copy of the Answer of General Electric Company filed in the UT State Court action.

5.     Attached as Exhibit D is a true and correct copy of the certified mail return receipts reflecting delivery of the Summons and Complaint on defendants Flowserve US, Inc., Ingersoll-Rand Company, Kaiser Gypsum Company, Inc., Klee Naturals, Mountain States Insulation Supply Co., Inc. and Uniroyal Holdings, Inc. by certified mail.  The original receipts are maintained in the files of our office.

6.     Attached as Exhibit E are the various joinders to Thermal West's removal received by my office.

7.     On April 21, 2005, I called counsel for defendant Thermal West Industrial, Inc. and informed him of the reasons why the removal in this case was improper and offered to stipulate to a remand prior to filing a motion to remand.  He declined this offer.

8.     Attached as Exhibit F is a copy of the "Dugway Proving Ground History" obtained on April 21, 2005, from https//www.dugway.army.mil/sites/about/history.asp.

I declare under penalty of perjury under the laws of the State of Utah that the foregoing is true and correct.

Executed this 10th day of May, 2005, in Salt Lake City, Utah.


_____
C. Ryan Christensen


SUBSCRIBED AND SWORN TO before me this 10 day of May 2005.

Notary Public
DAMIAN HUNTSMAN
215 South State Street, Suite 900
Salt Lake City, Utah 84111
My Commission Expires
July 15, 2006
State of Utah

_____
NOTARY PUBLIC

Page 2

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of May 2005, a true and correct copy of the

foregoing NOTICE OF MOTION AND MOTION FOR REMAND TO STATE COURT;

REQUEST FOR COSTS AND FEES was sent via U.S. mail, as applicable, to the following:

| | |
|---|---|
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN<br>Shawn McGarry  smcgarry@kippandchristian.com<br>David Bernstein  dmbernstein@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111<br>Fax: (801) 359-9004 |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan  Melinda-Morgan@rbmn.com<br>50 South Main Street, 7th Floor<br>Salt Lake City, UT 84144 |
| GENERAL ELECTRIC COMPANY | KIPP & CHRISTIAN<br>Gregory J. Sanders  Gjsanders@kippandchristian.com<br>10 Exchange Place, 4th Floor<br>Salt Lake City, UT 84111 |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP  swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy<br>15 West South Temple, Suite 1200<br>Salt Lake City, UT 84101-1004 |
| RIO GRANDE CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletich  jmiletich@msfhc.com<br>2401 - 15th Street, Suite 300<br>Denver, CO  80202<br>Phone:  (303) 458-9545 |
| THERMAL WEST INDUSTRIAL, INC | SNOW, CHRISTENSEN & MARTINEAU<br>asbestos@scmlaw.com<br>Allan L. Larson<br>P.O. Box 45000<br>Salt Lake City, UT 84145-5000 |



# Exhibit A

## AFFIDAVIT OF SERVICE

**State of UTAH**               **County of SALT LAKE**               **Third District Court**

Case Number: 050904993

Plaintiff:
**GARY ALVERSON**

vs.

Defendant:
**THERMAL WEST INDUSTRIAL INC.;BULLOUGH ABATEMENT INC.**

For:
S. Brook Millard
EISENBERG & GILCHRIST
215 So. State St.
Suite 900
Salt Lake City, UT 84111

Received by ANDERSON PROCESS SERVICES, L.C. on the 22nd day of March, 2005 at 12:03 pm to be served on **THERMAL WEST INDUSTRIAL INC., 53RD PARK PLAZA, SUTIE 400, SALT LAKE CITY, UTAH 84107.**

I, C. D. Anderson, being duly sworn, depose and say that on the 24th day of March, 2005 at 12:30 pm, I:

Served the within named **CORPORATION** by delivering a true copy of the **SUMMONS & COMPLAINT, NOTICE OF VEDEOTAPED TESTIMONY PRESERVATION DEPOSITION, MOTION, MEMORANDUM** with the date and hour of service endorsed thereon by me to **NEIL R. SABIN as Registered Agent** of the within named corporation, in compliance with state statutes.

**Additional Information pertaining to this Service:**
3/26/2005  12:04 pm   SERVED 3-24, 12:30P

I am over the age of 18 and have no interest in the above action.

C. D. Anderson
Process Server

Subscribed and Sworn to before me on the 15th day of April, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

ANDERSON PROCESS SERVICES, L.C.
230 West 200 South
Suite 2302
Salt Lake City, UT 84101
(801) 619-1110
Our Job Serial Number: 2005001009

Service Fee: $27.00

Notary Public
DAMIAN HUNTSMAN

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5i

Server _C. and_

Title _Process Server_

Date _3-24-05_  Time _12:30 PM_

P/S

Alan R. Brayton (73685 Admitted Pro Hac Vice)
S. Brook Millard (7415)
C. Ryan Christensen (9546)
**BRAYTON ❖ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BULLOUGH ABATEMENT INC.<br>FLOWSERVE US INC.<br>INGERSOLL-RAND COMPANY<br>KAISER GYPSUM COMPANY, INC.<br>KLEE NATURALS<br>MOUNTAIN STATES INSULATION &<br>SUPPLY CO., INC.<br>RAPID-AMERICAN CORPORATION<br>THERMAL WEST INDUSTRIAL, INC<br>UNIROYAL HOLDING, INC | **SUMMONS**<br><br>Case No. 050904993 AS<br><br>Master Case No. 010900863 AS<br><br>Honorable Glenn K. Iwasaki |

THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT,

You are hereby summoned and required to file an answer in writing to the attached

Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah

84101, and to serve upon or mail to S. Brook Millard, Brayton ❖ Purcell, plaintiff's attorney, 215

South State Street, Suite 900, Salt Lake City, Utah 81111, a copy of said answer, pursuant to §1

Paragraph 4 of *In Re: Asbestos Litigation Case Management Order No. 1* within forty five (45) days

after service of this summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in

said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby

annexed and herewith served upon you.

DATED this 1st day of March 2005.

BRAYTON ❖ PURCELL

S/ Brook Millard
C. Ryan Christensen
Attorneys for Plaintiff

Defendant (or Registered Agent) Address:

THERMAL WEST INDUSTRIAL INC
NEIL R SABIN
53RD PARK PLAZA SUITE 400
SALT LAKE CITY UT 84107

# Exhibit B

## AFFIDAVIT OF SERVICE

**State of UTAH**                **County of SALT LAKE**                **Third District Court**

Case Number: 050904993

Plaintiff:
**GARY ALVERSON**

vs.

Defendant:
**THERMAL WEST INDUSTRIAL INC.;BULLOUGH ABATEMENT INC.**

For:
S. Brook Millard
EISENBERG & GILCHRIST
215 So. State St.
Suite 900
Salt Lake City, UT  84111

Received by ANDERSON PROCESS SERVICES, L.C. on the 22nd day of March, 2005 at 12:03 pm to be
served on BULLOUGH ABATEMENT INC, 160 EAST 300 SOUTH, SALT LAKE CITY, UTAH  84114.

I, C. D. Anderson, being duly sworn, depose and say that on the **24th day of March, 2005 at 3:45 pm, I:**

Served the within named **CORPORATION** by delivering a true copy of the **SUMMONS & COMPLAINT,**
**NOTICE OF VEDEOTAPED TESTIMONY PRESERVATION DEPOSITION, MOTION, MEMORANDUM** with
the date and hour of service endorsed thereon by me to DIV. OF CORP/JACKIE BETT as **Registered Agent** of
the within named corporation, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, defendant is not in the military service of the United States.

**Additional Information pertaining to this Service:**
3/28/2005  12:04 pm   SERVED 3-24, 3:45P

I am over the age of 18 and have no interest in the above action.

**C. D. Anderson**
Process Server

Subscribed and Sworn to before me on the 15th day
of April, 2005 by the affiant who is personally known
to me.

NOTARY PUBLIC

**ANDERSON PROCESS SERVICES, L.C.**
**230 West 200 South**
**Suite 2302**
**Salt Lake City, UT  84101**
**(801) 619-1110**
Our Job Serial Number: 2005001000

Service Fee: $15.00

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5i

**RECEIVED**

**MAR. 2 4 2005**

Utah Div. Of Corp. & Comm. Code

Server _C. And_____

Title _Process Server_

Date _3-24-05_ Time _3:45PM_

P/S _DIV OF CORP/ JACKIE BETT_

03-24-05P03:46 RCVD

Alan R. Brayton (73685 Admitted Pro Hac Vice)
S. Brook Millard (7415)
C. Ryan Christensen (9546)
**BRAYTON ❖ PURCELL**
**EISENBERG & GILCHRIST**
Attorneys at Law
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065

Attorneys for Plaintiff

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>BULLOUGH ABATEMENT INC.<br>FLOWSERVE US INC.<br>INGERSOLL-RAND COMPANY<br>KAISER GYPSUM COMPANY, INC.<br>KLEE NATURALS<br>MOUNTAIN STATES INSULATION &<br>SUPPLY CO., INC.<br>RAPID-AMERICAN CORPORATION<br>THERMAL WEST INDUSTRIAL, INC<br>UNIROYAL HOLDING, INC | **SUMMONS**<br><br>Case No. 050904993 AS<br><br>Master Case No. 010900863 AS<br><br>Honorable Glenn K. Iwasaki |

THE STATE OF UTAH TO THE ABOVE NAMED DEFENDANT,

You are hereby summoned and required to file an answer in writing to the attached

Complaint with the Clerk of the above-entitled Court at 450 South State Street, Salt Lake City, Utah

84101, and to serve upon or mail to S. Brook Millard, Brayton ❖ Purcell, plaintiff's attorney, 215

South State Street, Suite 900, Salt Lake City, Utah 81111, a copy of said answer, pursuant to §1

Paragraph 4 of *In Re: Asbestos Litigation Case Management Order No. 1* within forty five (45) days

after service of this summons upon you.

     If you fail to do so, judgment by default will be taken against you for the relief demanded in

said Complaint, which has been filed with the Clerk of said Court and a copy of which is hereby

annexed and herewith served upon you.

     DATED this 1st day of March 2005.

                        BRAYTON ❖ PURCELL

                        S/Brook Millard
                        C. Ryan Christensen
                        Attorneys for Plaintiff

Defendant (or Registered Agent) Address:

BULLOUGH ABATEMENT INC.
DIVISION OF CORPORATIONS DIRECTOR
160 EAST 300 SOUTH 2ND FLOOR
SALT LAKE CITY UT 84114

Date:      03/24/2005
Receipt Number: 1412675
Amount Paid:   $12.00

# Exhibit C

Gregory J. Sanders, USB No. 2858
Stephen D. Kelson, USB No. 8458
KIPP AND CHRISTIAN, P.C.
Attorney for GENERAL ELECTRIC COMPANY
10 Exchange Place, 4th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 521-3773

## IN THE THIRD JUDICIAL DISTRICT COURT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | :  **ANSWER OF DEFENDANT GENERAL ELECTRIC COMPANY** |
| Plaintiffs, | : |
| vs. | :  Case No.   050904993 AS |
| GENERAL ELECTRIC COMPANY, et al. | :  Master Case No. 010900863 |
| Defendants. | :  Judge Robert K. Hilder : |

Comes now the Defendant, General Electric Company, and answers Plaintiffs'

Complaint for Personal Injury and Loss of Consortium - Asbestos, filed March 16, 2005 as

follows:

### FIRST DEFENSE

1.      Defendant incorporates in its entirety the Master Answer of General Electric

Company.

### SECOND DEFENSE

2.      This Defendant has insufficient information to admit or deny the allegations

specific to this Plaintiffs.  Consequently, all allegations are denied.

**WHEREFORE,** Defendant asks this Court to enter judgment of no cause of action upon Plaintiffs' Complaint and to award to the Defendant such costs and attorney's fees incurred in defense of this action as may be appropriate in law and in fact.

**DATED** this __24th__ day of March, 2005.

KIPP AND CHRISTIAN, P.C.

Gregory J. Sanders
Stephen D. Kelson
Attorneys for Defendant
General Electric Company

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2 4th day of March 2005, I caused a true and correct copy of the foregoing **ANSWER OF DEFENDANT GENERAL ELECTRIC COMPANY** to be mailed by US Mail, postage prepaid, or sent via e-mail to the individuals listed on the Asbestos Attorney List (attached) current as of this date:


_Heather Colledge_

F:\Cheryl\Asbestos\GeneralElectric\Alverson\Answer.032405.wpd/ck

-3-

| | |
|---|---|
| Atlas Turner, Inc. | Suitter Axland<br>Michael Homer Mhomer@suitter.com<br>Bret S. Hayman Bhayman@suitter.com<br>Kevin D. Swenson<br>kswenson@suitter.com |
| Bullough Abatement, Inc. | Kipp and Christian<br>Shawn McGarry<br>smcgarry@kippandchristian.com |
| DII Industries, LLC | Parr Waddoups Brown Gee & Loveless<br>Pat Christensen pwc@pwlaw.com |
| Flowserve US Inc. | Richards Brandt Miller & Nelson<br>Melinda Morgan Melinda-Morgan@rbmn.com |
| Garlock Sealing Technologies, LLC | Strong & Hanni<br>asbestos@strongandhanni.com<br>Joseph J. Joyce |
| General Electric Company | Kipp and Christian<br>Greg Sanders<br>Gjsanders@kippandchristian.com |
| Ingersoll-Rand Company | Berman & Savage<br>asbestos@bermansavage.com<br>E. Scott Savage<br>Casey McGarvey |
| Kaiser Gypsum Company, Inc. | Snell & Wilmer LLP<br>swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaughnessy |
| Mountain States Insulation & Supply | John M. Sharp Mtstatesin@aol.com |
| Owens Illinois, Inc. | Richards Brandt Miller & Nelson<br>Melinda Morgan Melinda-Morgan@rbmn.com |
| Rapid American Corporation | McConnell Siderius Fleischner<br>Houghtaling & Craigmile<br>James Miletich jmiletich@msfhc.com<br>Todd Winegar Todd.Winegar@azbar.org |
| Thermal West Industrial | Snow Christensen & Martineau<br>asbetsos@scmlaw.com<br>Allan L. Larson |

| Plaintiffs | Alan R. Brayton |
| | S. Brook Millard |
| | C. Ryan Christensen |
| | Brayton Purcell |
| | Eisenberg & Gilchrist |
| | Utasbestos@braytonlaw.com |

F:\Heather\Asbestos\General Electric\Alverson\Alverson atty list.wpd/hpc

# Exhibit D

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MDL STATES BRLY
FREDERICK TURNER
14485 LAGUNA CANYON
IRVINE CA 92618 #250

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery

C. Signature
X  M. ORTIZ   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

IRVINE CA   MAR 25 2005   USPS

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0000 5754 3844

104045

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNIROYAL HOLDING
70 GREAT HILL RD
NAUGATUCKCT 06770

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
3/28/05

C. Signature
X   ☐ Agent   ☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0000 5754 3837

104045

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery
3/24/05

C. Signature
X _____  ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

KAISER GYPSUM
ROBERT GILBERT VP & CFO
2680 BISHOP DR STE 225
SAN RAMON CA 94583

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label)
7001 1940 0000 5754 3790

104045

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X _Gail Latimer_  ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

KLEE NATURALS
FREDERICK TURNER
16485 LAGUNA CANYON #280
IRVINE CA 92618

3. Service Type
☐ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Copy from service label)

104045

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

FLOWSERVE US INX
CT CORPORATION SYSTEM
818 W 7TH ST. 2ND FLR
LOS ANGELES, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
3-10-01

C. Signature
X _____   □ Agent   □ Addressee

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
□ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

7001 1940 0000 5754 3820

104045

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0952

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

INGERSOLL-RAND
CT CORP. SYSTEM
818 W 7TH ST. 2ND FLR
LOS ANGELES, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)   B. Date of Delivery
3-10-01

C. Signature
X _____   □ Agent   □ Addressee

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
□ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

7001 1940 0000 5754 3806

104045

PS Form 3811, July 1999      Domestic Return Receipt      102595-00-M-0952

# Exhibit E

ALLAN L. LARSON (1896)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF REMOVAL** |
| Plaintiffs , | |
| vs. | *Civil No:* 2:05-CV-337 |
| BULLOUGH ABATEMENT INC. FLOWSERVE US INC. INGERSOLL-RAND COMPANY KAISER GYPSUM COMPANY, INC. KLEE NATURALS MOUNTAIN STATES INSULATION & SUPPLY CO., INC. RAPID-AMERICAN CORPORATION THERMAL WEST INDUSTRIAL, INC. UNIROYAL HOLDING, INC. | |
| Defendants. | |

I, _James Miletich_, for and in behalf of my client, Defendant

_Rio Grande_____, sign this consent, hereby joining in the notice of removal filed by

Thermal West Industrial in this case.

DATED this _15th_ day of April, 2005.

By _____

Name:   James M. Miletich

Firm:   McConnell Siderius Fleischner
        Houghtaling & Craigmile LLC

Client: Rio Grande Corporation


SNOW, CHRISTENSEN & MARTINEAU

By _____
Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal West
    Industrial, Inc.

Asbestos.264\SN\69080.wpd

–2–

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day April, 2005, I caused a true and correct copy

of the foregoing **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF**

**REMOVAL** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suitter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE<br>James M. Miletech jmiletich@msfhc.com<br><br>Todd S. Winegar Todd.Winegar@azbar.org |
| Plaintiffs | Alan R. Brayton<br>S. Brook<br>Millard<br>C. Ryan Christensen<br>Brayton Pursell<br>Eisenburg & Gilchrist<br>utasbestos@braytonlaw.com |

Legal Assistant

ALLAN L. LARSON (1196)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF REMOVAL |
| Plaintiffs, | |
| vs. | |
| BULLOUGH ABATEMENT INC. FLOWSERVE US INC. INGERSOLL-RAND COMPANY KAISER GYPSUM COMPANY, INC. KLEE NATURALS MOUNTAIN STATES INSULATION & SUPPLY CO., INC. RAPID-AMERICAN CORPORATION THERMAL WEST INDUSTRIAL, INC. UNIROYAL HOLDING, INC. | Civil No. 2:05-cv-337 |
| Defendants. | |

---

Case MDL No. 875   Document 4547   Filed 06/17/05   Page 74 of 95

04/13/2005 09:38 FAX 8013598004          KIPP & CHRISTIAN, P.C.                    @005
Case 2:05-cv-00337-TC    Document 8-1    Filed 05/10/2005    Page 42 of 59

I, David Bernstein, for and in behalf of my client, Defendant Bullough Abatement, Inc.,

sign this consent, hereby joining in the notice of removal filed by Thermal West Industrial in this

case.

DATED this _____ day of April, 2005.

By _____

Shawn McGarry
David M. Bernstein
KIPP AND CHRISTIAN, P.C.
Attorneys for Defendant Bullough Abatement,
Inc.

SNOW, CHRISTENSEN & MARTINEAU

By _____
Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal West
Industrial, Inc.

Attcases.264\SN\Joinder in Thermal West Removal to Fed Ct.wpd

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day April, 2005, I caused a true and correct copy

of the foregoing **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF**

**REMOVAL** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suitter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletech jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |
| Plaintiffs | Alan R. Brayton<br>S. Brook<br>Millard<br>C. Ryan Christensen<br>Brayton Pursell<br>Eisenburg & Gilchrist<br>utasbestos@braytonlaw.com |

Legal Assistant

ALLAN L. LARSON (1896)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF REMOVAL** |
| Plaintiffs, | |
| vs. | *Civil No: 2:05-cV-337* |
| BULLOUGH ABATEMENT INC. FLOWSERVE US INC. INGERSOLL-RAND COMPANY KAISER GYPSUM COMPANY, INC. KLEE NATURALS MOUNTAIN STATES INSULATION & SUPPLY CO., INC. RAPID-AMERICAN CORPORATION THERMAL WEST INDUSTRIAL, INC. UNIROYAL HOLDING, INC. | |
| Defendants. | |

---

I, Stephen Kelson , for and in behalf of my client, Defendant General Electric Company,

sign this consent, hereby joining in the notice of removal filed by Thermal West Industrial in this

case.

DATED this 12th day of April, 2005.

By _____

Gregory J. Sanders
Stephen D. Kelson
KIPP AND CHRISTIAN, P.C.
Attorneys for Defendant General Electric
Company

SNOW, CHRISTENSEN & MARTINEAU

By _____
Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal West
Industrial, Inc.

Asbestos.264\SN\690801.wpd

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day April, 2005, I caused a true and correct copy

of the foregoing **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF**

**REMOVAL** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suittter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE<br>James M. Miletech jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |
| Plaintiffs | Alan R. Brayton<br>S. Brook<br>Millard<br>C. Ryan Christensen<br>Brayton Pursell<br>Eisenburg & Gilchrist<br>utasbestos@braytonlaw.com |

Legal Assistant

ALLAN L. LARSON (1896)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BULLOUGH ABATEMENT INC.<br>FLOWSERVE US INC.<br>INGERSOLL-RAND COMPANY<br>KAISER GYPSUM COMPANY, INC.<br>KLEE NATURALS<br>MOUNTAIN STATES INSULATION &<br>SUPPLY CO., INC.<br>RAPID-AMERICAN CORPORATION<br>THERMAL WEST INDUSTRIAL, INC.<br>UNIROYAL HOLDING, INC.<br><br>    Defendants. | **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF REMOVAL**<br><br><br>*Civil No: 2:05-cv-337* |

345299.1

1

I, Todd M. Shaughnessy, for and in behalf of my client, Defendant Kaiser Gypsum, sign

this consent, hereby joining in the notice of removal filed by Thermal West Industrial in this

case.

DATED this ___11ᵗʰ___ day of April, 2005.

SNELL & WILMER, L.L.P.


By:_____

Tracy H. Fowler
Todd M. Shaughnessy
15 West South Temple, Suite 1200
Salt Lake City, UT 84101
Telephone: 801-257-1900
*Attorneys for Kaiser Gypsum Company, Inc.*



SNOW, CHRISTENSEN & MARTINEAU


By:_____

Allan L. Larson
Ryan B. Bell
*Attorneys for Thermal West Industrial, Inc.*


345299.1                               —2—

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of April, 2005, I caused a true and correct

copy of the foregoing **DEFENDANT'S JOINDER IN THERMAL WEST'S NOTICE OF**

**REMOVAL** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suitter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE<br>James M. Miletech jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |

Plaintiffs

Alan R. Brayton
S. Brook
Millard
C. Ryan Christensen
Brayton Pursell
Eisenburg & Gilchrist
utasbestos@braytonlaw.com

Legal Assistant

Asbestos.264\SN\68917.wpd

-4-

MELINDA A. MORGAN [8392]
RICHARDS, BRANDT, MILLER & NELSON
Attorneys for Defendant Flowserve Corporation
 (f/k/a Durco International, Inc.)
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON,<br><br>Plaintiffs,<br><br>vs.<br><br>ASBESTOS DEFENDANTS,<br><br>Defendants. | **DEFENDANT FLOWSERVE CORPORATION'S JOINDER TO NOTICE OF REMOVAL OF ACTION FROM STATE COURT BY DEFENDANT THERMAL WEST INDUSTRIAL UNDER 28 U.S.C. 1441(b)**<br><br>Case No. 2:05-CV-337 |

### JOINDER IN NOTICE OF REMOVAL

Defendant Flowserve Corporation (f/k/a Durco International, Inc.) hereby joins in

the Notice of Removal to this Court of the action filed in the District Court of the Third Judicial

District In And For Salt Lake County, State of Utah.

DATED this 18th day of April, 2005.

RICHARDS BRANDT MILLER & NELSON

MELINDA A. MORGAN
RICHARDS, BRANDT, MILLER & NELSON
Attorneys for Defendant Flowserve Corporation
(f/k/a Durco International, Inc.)
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, Utah 84110-2465
Telephone: (801) 531-2000
Fax No.: (801) 532-5506

G:\EDS\DOCS\16208\0055\FK0504.WPD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day April, 2005, I caused a true and correct copy

of the foregoing **DEFENDANT FLOWSERVE CORPORATION'S JOINDER TO NOTICE**

**OF REMOVAL OF ACTION FROM STATE COURT BY DEFENDANT THERMAL**

**WET INDUSTRIAL UNDER 28 U.S.C. 1441(b)** to be sent electronically to the following:

| | |
|---|---|
| ATLAS TURNER, INC. | SUITTER AXLAND<br>Michael W. Homer mhomer@suitter.com<br>Bret S. Hayman bhayman@suittter.com<br>Kevin D. Swensen kswenson@suitter.com |
| BULLOUGH ABATEMENT INC. | KIPP AND CHRISTIAN, P.C.<br>Shawn McGarry smcgarry@kippandchristian.com<br>David Bernstein<br>dbernstein@kippandchristian.com |
| DII INDUSTRIES, LLC, aka Worthington Pumps | PARR, WODDOUPS, BROWN, GEE & LOVELESS<br>Patricia W. Christensen pwc@pwlaw.com |
| FLOWSERVE US INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan Melinda-Morgan@rbmn.com |
| GARLOCK SEALING TECHNOLOGIES, LLC | STRONG & HANNI asbestos@strongandhanni.com Joseph<br>J. Joyce |
| GENERAL ELECTRIC COMPANY | KIPP AND CHRISTIAN, P.C.<br>Gregory J. Sanders gjsanders@kippandchristian.com |
| INGERSOLL-RAND COMPANY | BERMAN & SAVAGE asbestos@bermansavage.com |
| KAISER GYPSUM COMPANY, INC. | SNELL & WILMER LLP swasbestos@swlaw.com<br>Tracy Fowler<br>Todd Shaugnessy |
| MOUNTAIN STATES INSULATION & SUPPLY CO., INC. | JOHN M. SHARP mstatesin@aol.com |
| OWENS-ILLINOIS, INC. | RICHARDS BRANDT MILLER & NELSON<br>Melinda A. Morgan melinda-morgan@rbmn.com |
| RAPID-AMERICAN CORPORATION | MCCONNELL SIDERIUS FLEISCHNER<br>HOUGHTALING & CRAIGMILE<br>James M. Miletech jmiletich@msfhc.com |
| | Todd S. Winegar Todd.Winegar@azbar.org |
| Plaintiffs | Alan R. Brayton<br>S. Brook<br>Millard<br>C. Ryan Christensen<br>Brayton Pursell<br>Eisenburg & Gilchrist<br>utasbestos@braytonlaw.com |

Legal Assistant

# Exhibit F

**Dugway Proving Ground History**

The attack on Pearl Harbor in 1941 jarred the United States and its military forces. The nation suddenly realized a need for increased military capability in many areas, which included expanded knowledge in chemical and biological warfare.

On February 6, 1942, President Franklin D. Roosevelt withdrew an initial 126,720 acres of Utah land from the public domain for use by the War Department. Six days later, Dugway Proving Ground was established with official activation on March 1 and testing was under way by summer.

Dugway Proving Ground was authorized to fill the need for testing weapons and defenses against chemical and biological weapons of mass destruction. Important projects during this early period included testing incendiary bombs, chemical weapons, and modified agents as spray disseminated from air craft. Testers also did pioneer work on mortars.

1. Over the years, the proving ground underwent various name changes and periods of deactivation and reactivation. In 1943, the Army established biological warfare and testing facilities at Dugway. The size of the installation was increased in 1945 when part of the Wendover Bombing Range was transferred to the proving ground. After the war, the proving ground combined with the Desert Chemical Depot to form a single command called the Dugway Desert Command, later renamed the Western Chemical Center. The installation was then placed on a standby status. In 1950, the center resumed active status and acquired an additional 279,000 acres of land for exclusive use. Work continued through the 1950s with new responsibilities added as defense weaponry evolved. In 1954, Dugway Proving Ground was confirmed as a permanent installation. The Fort Douglas-based Desert Test Center and Dugway Proving Ground combined in 1968 and became known as the Desert Test Center. This alliance lasted until 1973 when the present Dugway Proving Ground became part of the U.S. Army Test & Evaluation Command, TECOM, headquartered at Aberdeen Proving Ground, Md. In 1999 TECOM became the Developmental Test Command aligned under the Army Test & Evaluation Command in Alexandria, Va.

Dugway Proving Ground now covers 798,855 acres. In addition to chemical and biological defensive testing and environmental characterization and remediation technology testing, Dugway is the Defense Department's leader in testing battlefield smokes and obscurants.

Also, testers determine the reliability and survivability of all types of military equipment in a chemical or biological environment.

---

**Help | Site Map | Privacy and Security | Links | Search | Contact Us | Section 508**
**Last Updated: 11/1/2004 11:31:28 AM**

# EXHIBIT 3

ALLAN L. LARSON (1896)
RYAN B. BELL (9956)
SNOW, CHRISTENSEN & MARTINEAU
Attorneys for Defendant Thermal West Industrial, Inc.
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145
Telephone: (801) 521-9000

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| GARY ALVERSON and LOIS ALVERSON, | **STIPULATION CONSENTING TO REMAND AND WITHDRAWING REQUEST FOR COSTS AND FEES** |
| Plaintiffs, | |
| vs. | |
| BULLOUGH ABATEMENT INC. FLOWSERVE US INC. INGERSOLL-RAND COMPANY KAISER GYPSUM COMPANY, INC. KLEE NATURALS MOUNTAIN STATES INSULATION & SUPPLY CO., INC. RAPID-AMERICAN CORPORATION THERMAL WEST INDUSTRIAL, INC UNIROYAL HOLDING, INC. | Civil No. 2:05-CV-337 Judge Tena Campbell |
| Defendants. | |

---

Defendant Thermal West, through counsel, hereby agrees and consents to the remand of

this case from this Court to state court. The time for Thermal West to oppose the Motion to

Remand has past, and Thermal West is not able to make the showing necessary to support the

removal  The case should therefore be remanded forthwith to state court. Further, by signature

of their counsel below, Plaintiffs withdraw their request for fees and costs.  All parties are

responsible for their own fees and costs in relation to the removal and remand of this action.

DATED this _15th_ day of June, 2005.

BRAYTON PURCELL,
EISENBERG & GILCHRIST

By _____
S/Brook Millard
Attorneys for the Plaintiff

SNOW, CHRISTENSEN & MARTINEAU

By _____
Allan L. Larson
Ryan B. Bell
Attorneys for Defendant Thermal West
Industrial, Inc.

-2-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of June, 2005, I caused a true and correct copy of the foregoing **STIPULATED RULE 6(b) MOTION FOR ENLARGEMENT OF TIME** to be sent electronically to the following:

ATLAS TURNER, INC
SUITTER AXLAND
Michael W Homer mhomer@suitter.com
Bret S Hayman bhayman@suitter.com
Kevin D. Swensen kswensen@suitter.com

BULLOUGH ABATEMENT INC
KIPP AND CHRISTIAN, P C
Shawn McGarry smcgarry@kippandchristian.com
David Bernstein
dbernstein@kippandchristian.com

DII INDUSTRIES, LLC, aka Worthington Pumps
PARR, WODDOUPS, BROWN, GEE & LOVELESS
Patricia W Christensen pwc@pwlaw.com

FLOWSERVE US INC
RICHARDS BRANDT MILLER & NELSON
Melinda A. Morgan Melinda-Morgan@rbmn.com

GARLOCK SEALING TECHNOLOGIES, LLC
STRONG & HANNI asbestos@strongandhanni.com Joseph J. Joyce

GENERAL ELECTRIC COMPANY
KIPP AND CHRISTIAN, P.C.
Gregory J Sanders gjsanders@kippandchristian.com

INGERSOLL-RAND COMPANY
BERMAN & SAVAGE asbestos@bermansavage.com

KAISER GYPSUM COMPANY, INC
SNELL & WILMER LLP awasbestos@swlaw.com
Tracy Fowler
Todd Shaugnessy

MOUNTAIN STATES INSULATION & SUPPLY CO., INC.
JOHN M. SHARP m.sharp@msial.com

OWENS-ILLINOIS, INC
RICHARDS BRANDT MILLER & NELSON
Melinda A. Morgan melinda-morgan@rbmn.com

RAPID-AMERICAN CORPORATION
MCCONNELL SIDERIUS FLEISCHNER HOUGHTALING & CRAIGMILE
James M Miletich jmiletich@msfhc.com

Todd S. Winegar Todd.Winegar@aybar.org

Plaintiffs
Alan R Brayton
S Brook
Millard
C. Ryan Christensen
Brayton Pursell
Eisenburg & Gilchrist
utasbestos@braytonlaw.com

Catherine A. Dittrich
Legal Assistant

-3-