JUL-13-2005 WED 01:55 PM LANDRY & SWARR        FAX NO. 504 299 1215            P. 03/08

Case MDL No. 875   Document 4567   Filed 07/19/05   Page 1 of 6

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 19 2005

FILED
CLERK'S OFFICE

MDL 875

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALVIN SAVOIE | CIVIL ACTION |
| VERSUS | NO. 05-2086 |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC., ET AL. | SECTION "K" (5) |

## ORDER AND REASONS

Before the Court is plaintiff's Motion To Remand and Impose Rule 11 Sanctions (Rec.Doc. 14); Defendant's Motion to Compel Plaintiff to Provide a Verified Response to Remand-Related Interrogatories Pursuant to Rule 33, or Alternatively to Continue the Hearing of Plaintiff's Motion to Remand (Rec.Doc.41); Defendant's Motion to Include Statement Prescribed by 28 U.S.C.A. § 1292 (B) and to Stay Order of Remand (Rec.Doc. 38). Oral argument was held on July 6, 2005 regarding these motions, with exception to Defendant's Motion to Include Statement Prescribed by 28 U.S.C.A. § 1292(B) which the Court has taken on the briefs.

## BACKGROUND

Plaintiff filed his Petition for Damages in Civil District Court for the Parish of Orleans, alleging he was occupationlly exposed to injurious levels of asbestos from working at Avondale

MDL- 875
RECOMMENDED ACTION
Vacate CTO-249 - one action
Approved/Date: MJB 7/19/05

1

IMAGED JUL 2 0 2005      **OFFICIAL FILE COPY**

Shipyards in 1996 and 1967 and American Cyanamid in 1968. Plaintiff names a number of defendants, among them Northrup Grumman Ship Systems, Inc. f/k/a Avondale Industries, Inc and Peter Territo, an Executive Officer of Avondale. Peter Territo removed the case on May 31, 2005, pursuant to 28 U.S.C. § 1331 in that the action arises "under the Constitution, laws or treaties of the United States" and involves persons acting under authority of the officer of the United States within the meaning of 28 U.S.C. § 1442.

## LEGAL STANDARD

The burden of proof for establishing federal jurisdiction is placed upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S. Ct. 35 (1921). "'If the right to remove is doubtful, the case should be remanded.'" *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 939 (E.D.N.Y. 1992) (citations omitted); *see Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The United States Court of Appeals for the Fifth Circuit recognizes that § 1442(a)(1)[1] provides the only exception to the well-pleaded complaint rule found in *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 29 S. Ct. 42 (1908). *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806 (5th Cir.) *cert. denied*, 113 S. Ct. 413 (1992) (citing *Mesa v. California*, 489 U.S. 121, 136-37, 109 S. Ct. 959, 968 (1989)). Thus, by virtue of this federal statute, where "a person" "acting under" federal

---

[1] (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

officers can present a colorable "government contractor defense" or other federal law defense, the case is removable by such a "person." *Ryan v. Dow Chemical Co.*, 781 F. Supp. 934, 939 (E.D.N.Y. 1992) (emphasis added). The power to remove is absolute, provided the proper procedures are followed. *Id.* (citing *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S. Ct. 1813 (1969). *See* Wright & Miller, *Federal Practice and Procedure*, § 3727 at 459 n.35. There is no need to obtain other defendants' consent.

In *Mesa v. California*, 489 U.S. 121, 109 S. Ct. 959 (1989), the Supreme Court set forth the criteria necessary to support removal under this statute and reiterated that in order to invoke the removal power of § 1442(a)(1), a "person" seeking removal must allege a federal law defense. *Crocker v. Borden*, 852 F. Supp. 1322 (E.D.La. 1994) (Livaudais, J.); *Akin v. Big Three Indus., Inc.*, 851 F. Supp. 819 (E.D. Tex. 1994); *Ryan*, 781 F. Supp. at 943. Thus, *Mesa* provides a three pronged inquiry which requires the moving "person" acting "under a federal officer" to:

(1) demonstrate that it acted under the direction of a federal officer;

(2) raise a colorable federal defense to the plaintiffs' claims; and

(3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office. *Crocker*, 852 F. Supp. at 1325. There is no dispute that the removing defendants are "persons" for purposes of the statute. However, all three *Mesa* factors must be met for removal to be proper.

## ANALYSIS

The Court finds that defendant's removal fails on the first prong, as defendant cannot demonstrate that he was acting under the direction of a federal officer specific to the claims alleged in plaintiff's petition, namely, those dealing with the safety procedures and plans of

3

Avondale. Claims against Territo include failure to provide petitioner with a safe work place and safety equipment; failure to disclose, warn, or reveal medical and safety information regarding asbestos hazards and safety and health risks associated with asbestos; failure to properly supervise; failure to remove asbestos hazards from the work place; failure to provide a safe and suitable means of asbestos. *See* Petition, ¶ 31. Without going into an in depth analysis, the Court views this particular case as analogous to the long line of precedent cases addressing the very issues herein which held that removal was improper. *See Gauthe v. Asbestos Corp., Et Al*, 1997 WL 3255 (E.D.La.1997); *Quebedeaux v. Union Pacific Railroad*, No. 6:04-02232 (W.D.La. 2004); *Bourgeois v. A.P. Green Industries, Inc.*, No. 96-3764 (E.D.La.1996); *Guidroz v. The Anchor Packing Co.*, No. 98-3764 (E.D.La.1996); *Overly v. Raybestos-Manhattan*, No. C-96-2853 CI (N.D.Cal.1996); *Westbrook v. Asbestos Defendants*, 2001 WL 902642 (N.D.Cal.2001); *Mouton v. Flexitallic, Inc.*, 1999 WL 2254438 (E.D.La.1999); *Porche v. Flexitallic, Inc.*, 1996 WL 603919 (E.D.La.1996); *Mabile v. Hidalgo*, No.95-2200.9 (W.D.La.1995).

Furthermore, "[p]rior decisions analyzing what constitutes federal direction have required more than 'general auspices' of a federal officer, or participation in a regulated industry.'" *Mouton, supra*, at *2(citing *Ryan v. Dow Chemical Co.*, 781 F.Supp.934, 946 (E.D.N.Y.1992). "Instead the defendant must show 'strong government intervention and the threat that a defendant will be sued in state court' based on actions which follow federal direction." *Mouton, supra,* at *2(citing *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Ca.1992). Territo's sworn testimony shows that the safety department at Avondale was not under the control of federal officers. *See* Plaintiff's Exhibit 11. The cases defendant cites

*Lalonde v. Delta Field Erection*, Civ. Act. 1997 WL 3255 (E.D.La.01/02/97), *Fink v. Todd Shipyards, Et al.*, No.04-430 (E.D.La. 04/20/04)(Porteous, J.), and *Delancey, Et al. v. General Electric, Et. al*, No.04-341 (E.D.La. 03/31/04)(Feldman, J.) are not persuasive. Furthermore, *Fink* and *Delancey* involve the design, construction, and manufacturing of turbines and do not refer to any claims regarding safety programs or equipment and are distinguishable from the matter before this Court. The plaintiff, in the instant matter, does not make any design or manufacturing defect claims against defendants. Plaintiff made clear at oral argument that the claims in this case are based solely upon Territo's and Avondale's failure to use asbestos safely and not based simply upon their use of asbestos. Their claims are based on negligence; any claim brought under La. Civ. Code Art. 2317 "has never been construed to impose a mode of strict liability which, upon the showing of causation, is absolute and unconditional." *Smith v. Reliance Ins. Co.*, 431 So.2d 907 (La.App.2nd Cir.1983).

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that plaintiff's Motion for Remand (Rec.Doc.14) is **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff's Motion for Rule 11 Sanctions (Rec.Doc.14) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Plaintiff to Provide a Verified Response to Remand-Related Interrogatories Pursuant to Rule 33, and Alternatively to Continue the Hearing of Plaintiff's Motion to Remand (Rec.Doc.41) is **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Include Statement Prescribed by 28 U.S.C.A. § 1292 (B) and to Stay Order of Remand (Rec.Doc. 38) is **DENIED**.

New Orleans, Louisiana, this ___13th___ day of July, 2005.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT COURT JUDGE