**MDL 875**

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUL 2 0 2005

FILED
CLERK'S OFFICE

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY     CIVIL ACTION MDL 875
LITIGATION (NO. VI)

---

This Document Relates To:

United States District Court
Middle District of Florida

<u>Linda Vaughn v. Borg-Warner, et al</u>; C.A. No.:05-978

### NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-249)

Plaintiff, LINDA VAUGHN, by undersigned counsel, hereby files this Opposition to Conditional Transfer Order (CTO-249), pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and states as follows:

This case is an asbestos products liability claim. Thomas Ferguson succumbed to the rare, incurable asbestos cancer known as mesothelioma. Mr. Ferguson contracted mesothelioma, an asbestos induced cancer of the lining of the pleura, as a result of being exposed to and inhaling asbestos-containing dust throughout his lifetime working on vehicles.

This action was originally filed by Thomas and Rosemarie Ferguson in Hillsborough County, Florida against various manufacturers and distributors of asbestos-containing products asserting state common-law products liability claims. After Mr. Ferguson's demise, the Hillsborough County Circuit Court entered an Order grating Plaintiff, LINDA VAUGHN'S, Mr. Ferguson's daughter, Motion to Substitute Parties and Amend the Complaint to assert a wrongful

OFFICIAL FILE COPY

IMAGED JUL 2 0 2005

death action. Complete diversity of citizenship has never existed during the course of this action. However, Defendants have improperly removed this case for the second time to the United States District Court for the Middle District of Florida based on alleged fraudulent joinder of Freightliner of Tampa, LLC.

Plaintiff, LINDA VAUGHN, filed a substantial Remand Brief in the United States Court for the Middle District of Florida detailing the dispositive reasons that the second removal of this case is improper. Thereafter, Defendants submitted oppositions to Plaintiff's second remand submission. There has been no ruling on these issues.

Plaintiff, LINDA VAUGHN, respectfully files this Opposition to the Conditional Transfer Order (CTO-249) based on the fact that this case was previously remanded by the United States District Court for the Middle District. As such, the United States District Court for the Middle District has considered the pending issues previously. This case should not be transferred as a matter of judicial economy. If this case is transferred to the MDL before the United States District Court rules, the parties would have to resubmit remand briefs and oppositions to another Court. This would require yet another Court to devote its scarce judicial resources to entertain issues that have already been briefed and submitted to another Federal Court for the second time. In addition, Plaintiff LINDA VAUGHN's right to trial on behalf is sacrosanct. Should this case be transferred to the MDL before the United States District Court for the Middle District of Florida renders an opinion on the second remand issue, the need to argue the second remand related issues to another Court will cause additional unnecessary delay to Ms. Vaughn's case.

WHEREFORE, Plaintiff LINDA VAUGHN respectfully files this Notice of Opposition to the Conditional Transfer. Furthermore, Ms. Vaughn requests that this Court deny the transfer

of this Case to the Multidistrict Litigation to enable the District Court for the Middle District of Florida to render its decision on the remand matters presently before that court.

Respectfully Submitted,

DAVID M. LIPMAN
Fla. Bar No.: 280054

REBECCA S. SHULL
Fla. Bar No.: 0529915

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
Fla. Bar No.: 280054

JONATHAN RUCKDESCHEL
Fla. Bar No. 0012875

THE RUCKDESCHEL LAW FIRM
1635 Webster Street
Baltimore, Maryland 21230
(443) 286-8858

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail and U.S. Mail this 19th day of July, 2005 to all Counsel of Record on Attached Service List.

REBECCA S. SHULL

**FERGUSON - CERTIFICATE OF SERVICE**

M. Stephen Smith, Esq.
Robert Hanreck, Esq.
RUMBERGER, KIRK & CALDWELL
80 S.W. 8th Street, Suite 3000
Miami, Florida 33130
For HENNESSY INDUSTRIES

Jonathan C. Hollingshead Esq.
Fisher, Rushmer, Werrenrath, Dickson, Talley
20 North Orange Avenue, Suite 1500
First Union Building, P.O. Box 712
Orlando, Florida 32802-0712.
For BORG-WARNER CORPORATION

Evelyn M. Fletcher, Esq.
HAWKINS and PARNELL, LLP
303 Peachtree Street, N.E.
40th Floor
Atlanta, GA 30308
For DANA CORPORATION and MAREMONT CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park I
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER CHRYSLER CORPORATION

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: DETROIT DIESEL CORP. and FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION

Rodd R. Buell, Esq.
RODD R. BUELL, P.A.
11883 Maidstone Drive
Wellington, Florida 33414
For HONEYWELL

Susan J. Cole, Esq.
Kathleen M. LaBarge, Esq.
BICE COLE LAW FIRM, PL
2801 Ponce De Leon Blvd.
Suite 550
Coral Gables, Florida 33134
For KELSEY-HAYES

Thomas M. Burke, Esq.

Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
200 South Orange Avenue
Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, Florida 32801
For MACK TRUCKS, INC., and NAVISTAR INTERNATIONAL TRANSPORTATION CORP.

Ben Girtman, Esq.
1020 East Lafayette Street,
Suite 207
Tallahassee, Florida 32301
For PNEUMO ABEX