JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL - 875

JUL 29 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (No. IV)

DOCKET NO. 875

THIS DOCUMENT RELATES TO:            (CTO-249)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| Case | C.A. No. |
|---|---|
| Mary E. Blackburn v. Northrup Grumman Newport News | C.A. No. 4:05-2895 |
| Albert W. Dail v. Northrup Grumman Newport News | C.A. No. 4:05-2896 |
| Frances C. Diggs v. Northrup Grumman Newport News | C.A. No. 4:05-2897 |
| Mildred S. Edwards v. Northrup Grumman Newport News | C.A. No. 4:05-2898 |
| Doris M. Harmon v. Northrup Grumman Newport News | C.A. No. 4:05-2899 |
| Burnell Landrum v. Northrup Grumman Newport News | C.A. No. 4:05-2900 |
| Sandra L. Russell v. Northrup Grumman Newport News | C.A. No. 4:05-2901 |
| Robert Schaffer, Jr. v. Northrup Grumman Newport News | C.A. No. 4:05-2902 |
| Gladys I. Spikes v. Northrup Grumman Newport News | C.A. No. 4:05-2903 |
| Peggy O. Sheets v. Northrup Grumman Newport News | C.A. No. 4:05-2904 |
| Nonie C. White v. Northrup Grumman Newport News | C.A. No. 4:05-2905 |
| Betty Jean Lancaster v. Northrup Grumman Newport News | C.A. No. 4:05-2906 |
| Betty J. Williams v. Northrup Grumman Newport News | C.A. No. 4:05-2907 |
| Crystal W. Moore v. Northrup Grumman Newport News | C.A. No. 4:05-2908 |
| James T. Turner v. Northrup Grumman Newport News | C.A. No. 4:05-2909 |

## MOTION TO VACATE
## THE CONDITIONAL TRANSFER ORDER

Plaintiffs, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, move the Panel to vacate its Order, CTO-249, of July 7, 2003, conditionally transferring the above-captioned cases to the United States District Court for the Eastern District of Pennsylvania. This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other material as may be presented to the Panel at the time of the hearing on the motion.

IMAGED AUG - 1 2005        **OFFICIAL FILE COPY**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

Respectfully submitted,

_____
Jonathan A. Smith-George
Virginia Bar No. 25481
Law Offices of Jonathan A. Smith-George
10231 Warwick Blvd.
Newport News, VA 23601
(757) 223-1275
(757) 223-1276 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order and the Brief in Support of Motion to Vacate Conditional Transfer Order has been served via first class mail to all counsel contained on the attached Panel Service List (Excerpted from CTO-249) on this 28th day of July, 2005

_____
Jonathan A. Smith-George

RECEIVED
CLERK'S OFFICE
2005 JUL 29 A 10: 17
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

FILED
CLERK'S OFFICE

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (No. IV) | DOCKET NO. 875 |

THIS DOCUMENT RELATES TO:            (CTO-249)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Mary E. Blackburn v. Northrup Grumman Newport News | C.A. No. 4:05-2895 |
| Albert W. Dail v. Northrup Grumman Newport News | C.A. No. 4:05-2896 |
| Frances C. Diggs v. Northrup Grumman Newport News | C.A. No. 4:05-2897 |
| Mildred S. Edwards v. Northrup Grumman Newport News | C.A. No. 4:05-2898 |
| Doris M. Harmon v. Northrup Grumman Newport News | C.A. No. 4:05-2899 |
| Burnell Landrum v. Northrup Grumman Newport News | C.A. No. 4:05-2900 |
| Sandra L. Russell v. Northrup Grumman Newport News | C.A. No. 4:05-2901 |
| Robert Schaffer, Jr. v. Northrup Grumman Newport News | C.A. No. 4:05-2902 |
| Gladys I. Spikes v. Northrup Grumman Newport News | C.A. No. 4:05-2903 |
| Peggy O. Sheets v. Northrup Grumman Newport News | C.A. No. 4:05-2904 |
| Nonie C. White v. Northrup Grumman Newport News | C.A. No. 4:05-2905 |
| Betty Jean Lancaster v. Northrup Grumman Newport News | C.A. No. 4:05-2906 |
| Betty J. Williams v. Northrup Grumman Newport News | C.A. No. 4:05-2907 |
| Crystal W. Moore v. Northrup Grumman Newport News | C.A. No. 4:05-2908 |
| James T. Turner v. Northrup Grumman Newport News | C.A. No. 4:05-2909 |

**BRIEF IN SUPPORT OF MOTION TO VACATE
THE CONDITIONAL TRANSFER ORDER**

Plaintiffs respectfully file this brief in support of their Motion to Vacate the Conditional Transfer Order (CTO-249) entered by the Judicial Panel on Multidistrict Litigation on July 7, 2005 to the extent that it conditionally transfers the above-styled actions to the United States District Court for the Eastern District of Virginia. Pursuant to Panel Rules 5.12(a), 5.13 and 7.4(d), this Brief in Support of the Motion to Vacate the Conditional Transfer Order is being filed in support to the Plaintiffs' Notice of Opposition which was filed on July 13, 2005.

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs seek compensation for injuries caused by exposure to asbestos. Each Plaintiff or, in the wrongful death cases, the Plaintiff's Decedent was exposed to asbestos on multiple occasions in their households while handling and laundering the clothing of family members who were employed at Northrup Grumman Newport News ("the Shipyard').

In July of 2004, the Plaintiffs each filed a Motion for Judgment in the Circuit Court of for the City of Hampton, alleging that the Shipyard was negligent under Virginia law for failing to maintain a safe workplace and failing to warn workers of the latent dangers associated with wearing asbestos-contaminated clothing home. The motions for judgment were served on the Shipyard on April 19, 2005 and, less than a month later, the Shipyard filed a notice of removal to the United States District Court for the Eastern District of Virginia asserting the existence of exclusive federal jurisdiction under 28 U.S.C. §1442(a)(1), the "federal officer" statute. The Shipyard then filed a motion requesting the transfer of each action to the Asbestos MDL proceeding in the Eastern District of Pennsylvania.

In response, the Plaintiffs each filed a Motion to Remand with the United States District Court for the Eastern District of Virginia asserting the lack of subject matter jurisdiction. The remand motion is currently pending before Judge Jerome Friedman and has been fully briefed by both sides and should be decided shortly by the Court. Plaintiffs also filed a Motion to Stay Transfer to the Asbestos MDL Panel pending the outcome of the Motion to Remand.

Despite the fact that the Panel entered its Conditional Transfer Order *before* the District Court Judge was able to rule on the motion, that judge has not lost jurisdiction over these cases and, therefore, *can* make a determination as to the Plaintiffs' Motions for Remand. Faulk v. Owens-Corning Fiberglas Corp., 48 F.Supp.2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 FRD 1, 3 (1998); *see also* Bartley v. Borden, Inc., 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court" within the prescribed 15 day period).

In the cases at bar, Plaintiffs filed their Notice of Opposition within the prescribed fifteen-day period. Therefore, transmittal of the CTO was stayed and until further action by the Panel. Finally, since the cases have not been finally transferred, but only "provisionally" transferred, pending a final decision on transfer, they are still technically pending in the original district court to which they were removed. Thus, not only does the United States District judge retain jurisdiction to rule on the Motions for Remand before him, but he may properly do so and preserve the Plaintiffs' right to a timely resolution of their claims. Since the issue regarding the remand of these cases has been fully briefed and submitted to Judge Friedman, judicial economy would dictate that he be allowed to rule on the motion before these matters are transferred to a different district court where the whole briefing process would have to begin anew.

Plaintiffs oppose the conditional transfer because they firmly believe that there is no federal jurisdiction. First, the Shipyard is a privately-owned facility that regularly builds and repairs commercial vessels and that installed asbestos products in various

buildings throughout the Shipyard — unsupervised by the Navy or any other federal entity. Second, though the Shipyard has constructed and repaired Navy vessels as well, the Shipyard's liability in this case arises solely from its failure to warn its employees and third parties of workplace hazards and its failure to properly maintain a safe workplace. These general common law duties exist irrespective of any government contract and there is no evidence that the Navy ever prevented the Shipyard from warning its employees or their family members of the dangers of asbestos. Consequently, there is no causal nexus between the Shipyard's conduct under federal authority and Plaintiff's claims.

Third, to properly invoke Federal Officer Removal, the Shipyard must show that it has a "colorable" federal defense. The only federal defense asserted by the Shipyard is the government contractor defense, a defense has been found "in thousands of asbestos cases" in the Eastern District of Virginia not to be available "in 'failure to warn' cases." McCormick v. C.E. Thurston & Sons, Inc., 977 F. Supp. 400, 403 (E.D. Va. 1997).

Finally, the claims in these cases all involve a single defendant, the Shipyard, and involve issues unique to Virginia law. There would be no saving of judicial resources to consolidate these cases with the thousands of cases that are now pending in the MDL against a variety of third-party manufacturers and suppliers because there are simply no common issues of law or fact.

## ARGUMENT

The Shipyard removed this case alleging that federal jurisdiction exists pursuant to 28 U.S.C. § 1442(a)(1). That statute provides as follows:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the Unites States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The federal officer removal statute is designed to "ensure a federal forum in any case where a federal official is entitled to raise a defense arising out of his official duties."  Arizona v. Manypenny, 451 U.S. 232, 241-42 (1981); Winters v. Diamond Shamrock Chemical Co., 149 F.3d 387, 397 (5th Cir. 1998).  In a removed case, the removing party bears the burden of establishing a basis for jurisdiction.  Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

Although it is defendant's burden to set out a basis for federal subject matter jurisdiction in a removal notice, the Shipyard in these cases is simply unable to explain how any federal officer would have had anything to do with the Shipyard's alleged failure to warn its employees and their family members of the hazards of asbestos exposure and its failure to maintain a safe workplace.  This case is not a products liability case, much less a design defect case.  This case is simply a premises liability case.

The Shipyard, like any other employer in the Commonwealth of Virginia, has a duty to provide a safe work environment and to warn its employees of the dangers of toxic materials used in that environment.  This basic duty applied whether NNS was primarily engaged in commercial or navy construction.  Under basic common law principles, this duty extends to individuals who may be in the zone of foreseeable injury, such as family members.  Nothing in any of the Navy's specifications directs the Shipyard to disregard its duty to provide a safe work environment and to warn its employees and others of foreseeable dangers in that environment.

To warrant removal, the Shipyard must also establish that it has a colorable federal defense to plaintiffs' allegations. In an attempt to create federal jurisdiction in these cases, the Shipyard may cite to a sub-paragraph of Plaintiff's Motion for Judgment wherein Plaintiff alleges that NNS "[m]andated the use of asbestos products and/or devices which utilized and/or manipulated asbestos products in the construction of ships which Defendants knew or in the exercise of ordinary care had reason to know, were imminently and inherently dangerous, defective, and otherwise highly harmful." Taking this language out of its proper context, the Shipyard may then argue that since the use of asbestos was mandated by government contracts, it has a colorable "federal government contractor defense" as announced by the U.S. Supreme Court in <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500 (1988).

The remainder of that paragraph, however, specifically alleges that the use of asbestos was negligent only because the Shipyard:

> (b) Failed to take reasonable precautions or to exercise reasonable care to adequately or sufficiently warn their workers not to wear their work clothes home because the laundering of such clothing would introduce asbestos dust and fibers into the home environment which could be subsequently inhaled by family members like the Plaintiff and result in serious illness or death;
>
> (c) Failed and omitted to provide the Plaintiff's family members employed at the shipyard with the knowledge of reasonably safe and sufficient safeguards, wearing apparel like coveralls, and other proper safety equipment and appliances needed to prevent the workers from contaminating their work clothes with asbestos fibers that were subsequently introduced into the home environment where they were breathed by Plaintiff;
>
> (d) Failed to provide a locker room, showers and/or laundry service which would permit the workers to change their work clothes, store their contaminated work clothing and remove asbestos fibers from their person thus preventing the foreseeable introduction of asbestos dust and fibers into their home environment;

6

     (e)  Failed to provide any warnings or adequate and sufficient warnings to suitably apprise its workers of the risks and dangers inherent to introducing asbestos dust and fibers into the home environment and the precautions necessary to prevent such exposures;

     (f)  Failed to take reasonable, sufficient, and proper precautions reasonably calculated to reach the Plaintiff's family members to instruct them in the proper and safe use and handling of said asbestos products and/or devices requiring the use of asbestos products to educate them about the dangers of wearing their asbestos-laden work clothing home; and

     (g)  As owners of the premises on which Plaintiff's family members used and worked around asbestos products, the Defendant negligently failed to provide a safe work place and to prevent the Plaintiff and others similarly situated from being exposed to asbestos dust and fibers resulting from work performed on the Defendant's premises;

Accordingly, as clearly pled, the Shipyard's liability is not based merely on the fact that the use of asbestos was required – it is the Shipyard's failures and omissions regarding informing its workers of the proper use of asbestos that forms the basis of its negligence – failures and omissions that do not conflict in any manner with the Shipyard's contractual obligations to the Navy. The federal government never approved, specified, or prohibited warnings regarding asbestos nor imposed any regulations on the Shipyard regarding shower facilities, locker rooms and other means of providing a safe workplace.

Moreover, *Boyle* was a design defect case; this case is a failure to warn case. Courts throughout the United States have repeatedly held that the government contractor defense does not apply to failure to warn cases. For example, in the Eastern District of Virginia, the court stated:

> Despite Defendant's arguments, in thousands of asbestos cases that have preceded, the United States District Court for the Eastern District of Virginia has determined that <u>the government contract defense is not available in</u>

'failure to warn' cases. Judge Miller set forth his ruling that the *Boyle* case did not apply in failure to warn cases back in October of 1988. *See* Order dated October 19, 1988 from *Worley v. Celotex Corp.*, C.A. No. 88-243-N. This position was subsequently adopted by the entire Court and incorporated into the Summary of Prior Rulings and Preservation of Objections Pertaining to Motions for which Oral Argument is Waived. . . .

*See*, McCormick v. C.E. Thurston & Sons, Inc., 977 F. Supp. 400, 403 (E.D. Va. 1997)(emphasis added).

Of course, the Shipyard may point out that the federal defense need only be "colorable" and emphasize the broad pleading requirements discussed in cases such as Peck v. AC&S, 838 F Supp 1099, 1101 (D. Md. 1993). While it is true that the pleading requirements are broad and a defendant need not prove the merits of its defense to warrant removal, the Shipyard still must prove that a defense is at least available. Given the clear precedent in the Eastern District of Virginia on this issue, this defense is not available in a failure to warn context.

Even if the defense were available, there is no conflict between any federal requirement and the state common law duties at issue in this case. The Shipyard, therefore, has not asserted a colorable federal defense that would support the Court's exercise of subject matter jurisdiction over this case.

In short, the Shipyard was not complying with government specifications when it neglected to warn its workforce about the foreseeable hazards associated with the use of asbestos, including bringing dust home on their clothing to expose their family members. The Shipyard was not complying with government specifications when it failed to provide suitable work clothes and mandate that workers leave those clothes at work. It simply was violating its state common law duty to its employees and their family members.

Moreover, *Boyle* does not preempt state law claims where the contractor can comply with both its contractual obligations and the state-prescribed duty of care. There was no conflict between the Shipyard's federal and state responsibilities in this case. The Shipyard could have easily complied with both its federal contractual duties and its state law duty to warn of the foreseeable dangers inherent to the use of asbestos on its premises. And, in the absence of a conflict, the government contractor defense simply does not apply. *See Adams* v. Alliant Techsystems, Inc., 201 F. Supp. 2d 700 (W.D. Va. 2002) (rejecting the government contractor's defense in an employee action against a government contractor employer for hearing loss).

In this case, the Shipyard cannot show *any* conflict between any reasonably specific contractual warning requirement and its common law duty to warn its own employees and their families of occupational hazards in the workplace. The Shipyard could — and does today on a regular basis — warn its employees of various occupational hazards without *any* impact on any federal contractual requirement.

Finally, even if the Shipyard were able to establish the necessary prerequisites for Federal Officer Removal, these claims should not be transferred to the Asbestos MDL and consolidated with the thousands of other actions pending in the United States District Court for the Eastern District of Pennsylvania. A substantial majority of those cases are product liability cases filed against multiple third-party manufacturing and distribution defendants alleging product defects, strict liability, breaches of implied warranties and negligence. The cases at bar, on the other hand, involve a single premise defendant alleging issues unique to Virginia law. In sum, these cases share no common issues of law or fact with the cases pending in the Asbestos MDL that would warrant such a consolidation.

Case MDL No. 875   Document 4585   Filed 07/29/05   Page 12 of 13

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

## CONCLUSION

Subject matter jurisdiction is lacking because of the defendant's inability to meet the requirements of the federal officer statute. This issue has been fully briefed and ripe for resolution by Judge Friedman. Accordingly, at a minimum, the Panel should stay any transfer pending the ruling of the United States District Court for the Eastern District of Virginia. Even if Judge Friedman holds that the Shipyard has met its burden and the removal was proper, however, the Conditional Transfer Order should be vacated because these cases involve a single premises defendant and issues unique to Virginia law and should not be consolidated with the other cases pending in the Asbestos MDL.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the Conditional Transfer Order be vacated.

Respectfully submitted,

Jonathan A. Smith-George
Virginia Bar No. 25481
Law Offices of Jonathan A. Smith-George
10231 Warwick Blvd.
Newport News, VA 23601
(757) 223-1275
(757) 223-1276 Telecopier

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order and the Brief in Support of Motion to Vacate Conditional Transfer Order has been served via first class mail to all counsel contained on the attached Panel Service List (Excerpted from CTO-249) on this 28th day of July, 2005.

Jonathan A. Smith-George

# SCHEDULE OF ACTIONS / PANEL SERVICE LIST (Excerpted from CTO-249)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### Eastern District of Virginia

*Mary E. Blackburn v. Northrup Grumman Newport News*, C.A. No. 4:05-2895  (Judge Jerome B. Friedman)
*Albert W. Dail, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2896  (Judge Jerome B. Friedman)
*Frances C. Diggs v. Northrup Grumman Newport News*, C.A. No. 4:05-2897  (Judge Jerome B. Friedman)
*Mildred S. Edwards v. Northrup Grumman Newport News*, C.A. No. 4:05-2898  (Judge Jerome B. Friedman)
*Doris M. Harmon, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2899  (Judge Jerome B. Friedman)
*Burnell Landrum v. Northrup Grumman Newport News*, C.A. No. 4:05-2900  (Judge Jerome B. Friedman)
*Sandra L. Russell, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2901  (Judge Jerome B. Friedman)
*Robert Schaffer, Jr., etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2902  (Judge Jerome B. Friedman)
*Gladys I. Spikes v. Northrup Grumman Newport News*, C.A. No. 4:05-2903  (Judge Jerome B. Friedman)
*Peggy O. Sheets v. Northrup Grumman Newport* News, C.A. No. 4:05-2904  (Judge Jerome B. Friedman)
*Nonie C. White v. Northrup Grumman Newport News*, C.A. No. 4:05-2905  (Judge Jerome B. Friedman)
*Betty Jean Lancaster v. Northrup Grumman Newport News*, C.A. No. 4:05-2906  (Judge Jerome B. Friedman)
*Betty J. Williams v. Northrup Grumman Newport News*, C.A. No. 4:05-2907  (Judge Jerome B. Friedman)
*Crystal W. Moore, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2908  (Judge Jerome B. Friedman)
*James T. Turner, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2909  (Judge Jerome B. Friedman)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Brian James Schneider
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jonathan A. Smith-George
Law Offices of Jonathan A.
Smith-George
10231 Warwick Blvd.
Newport News, VA 23601

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406