MDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | * * * | M.D.L. NO. 875 |
| RELATED TO | * * | |
| IN RE: MURPHY EXPLORATION & PRODUCTION COMPANY; EASTERN DISTRICT OF LOUISIANA CIVIL ACTION NO. 2:04-1554 | * * * * | |

**FREEPORT-MCMORAN ENERGY LLC'S RESPONSE TO CLAIMANTS'**
**MOTION FOR RECONSIDERATION OF TRANSFER ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Freeport-McMoRan Energy LLC ("Freeport"), who, pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully files this Response to Claimants' Motion for Reconsideration of Transfer Order, responding to the Claimants' averments as follows:

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

PLEADING NO. 4586

OFFICIAL FILE COPY

IMAGED AUG - 1 2005

2005 JUL 29 A 10: 20
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
RECEIVED
CLERK'S OFFICE

5.

Denied in part. The stay was issued against Murphy and "its agents, officers, directors, insurers, underwriters, parent and subsidiary companies, and/or the JOHN HAYWARD in respect of any claim allegedly caused by and/or arising out of the operation of the JOHN HAYWARD from July 30, 1965 through February 25, 1986." Moreover, several co-defendants, including Freeport, have filed claims against Murphy for contribution and indemnity, which have also been stayed.

6.

Denied in part. The federal court in a limitation of liability proceeding may hear and determine all matters related to the original limitation proceeding, including claims among the parties. *See British Transport Commission v. U.S.*, 354 U.S. 129, 136 (1957).

7.

Admitted.

8.

Admitted.

9.

Denied in part. The stay may only be lifted as to the co-defendants who have filed claims for indemnity and contribution and to the Claimants if each party enters into stipulations to allow the case to proceed in state court. *Port Arthur Towing Co.*, 42 F.3d at 316-17; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001). Furthermore, the federal court in a limitation of liability proceeding may hear and determine all matters related to the original limitation proceeding, including claims among the parties. *See British Transport Commission*, 354 U.S. at 136.

10.

Denied in part. Factual issues such as the level of asbestos, if any; source of the asbestos; transportation and storage of the asbestos; installation of the asbestos; causation; and the effects of the asbestos are common with those issues in the MDL. Moreover, the transfer of this action promotes the just and efficient conduct of litigation by streamlining the discovery issues regarding asbestos. The presence of some differing legal theories does not abrogate the existence of the common questions of fact regarding asbestos. *In re Oil Spill*, 471 F. Supp. at 478. Thus, transfer is appropriate under 28 U.S.C.A. § 1407.

**WHEREFORE**, Freeport-McMoRan Energy LLC prays that the Claimants' Motion for Reconsideration of Transfer Order be denied.

Respectfully submitted,

*/s/ Mary S. Johnson*
Jill T. Losch (LA Bar #20664)
Mary S. Johnson (LA Bar #17647)
Scott C. Seiler (LA Bar #19784)
Kelly T. Scalise (LA Bar #27110)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for Freeport-McMoRan Energy LLC

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all parties listed on the attached Panel Attorney Service List by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 29th day of July, 2005.

*Mary J. Johnson*

587003_1

RECEIVED
CLERK'S OFFICE
2005 JUL 29 A 10: 20
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

PANEL SERVICE LIST
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Murphy Exploration & Production Co. v. McCarty Corp., et al.*, E.D. Pennsylvania
(E.D. Louisiana, C.A. No. 2:04-1554)

Michelle Allen-Hart
Abbott, Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert S. Emmett
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130-6097

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Christopher M. Guidroz
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jill T. Losch
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001

Ben L. Mayeaux
Laborde & Neuner
P.O. Drawer 52828
1001 W. Pinhook Road, Suite 200
Lafayette, LA 70505-2828

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
1615 Metairie Road
Metairie, LA 70055-5490

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Glen L.M. Swetman
Aultman, Tyner & Ruffin, Ltd.
The Texaco Center
400 Poydras Street, Suite 1900
New Orleans, LA 70130

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS | * | M.D.L. NO. 875 |
| LIABILITY LITIGATION (NO. VI) | * | |
| | * | |
| RELATED TO | * | |
| | * | |
| IN RE: MURPHY EXPLORATION & | * | |
| PRODUCTION COMPANY; | * | |
| EASTERN DISTRICT OF LOUISIANA | * | |
| CIVIL ACTION NO. 2:04-1554 | * | |

**FREEPORT-MCMORAN ENERGY LLC'S RESPONSE BRIEF IN OPPOSITION TO CLAIMANTS' MOTION FOR RECONSIDERATION OF TRANSFER ORDER**

**NOW INTO COURT**, through undersigned counsel, comes Freeport-McMoRan Energy LLC ("Freeport"), who, pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, respectfully files this Response Brief in Opposition to Claimants' Motion for Reconsideration of Transfer Order.

**I.   PROCEDURAL BACKGROUND**

On March 23, 2004, Jean Minas Baudoin (now deceased) ("Baudoin") and Claudette Nugier Baudoin (collectively "Claimants"), filed suit in Civil District Court for the Parish of Orleans against, *inter alia,* Freeport and Murphy Exploration & Production Company ("Murphy"), successor to the owner and operator of a vessel aboard which Baudoin was allegedly employed. On June 3, 2004, Murphy filed a Complaint for Limitation of Liability in the Eastern District of Louisiana. The Eastern District issued a stay order that, *inter alia,* prohibited the state court action from proceeding until the hearing and determination of the

limitation action. Both the Claimants and the co-defendants from the state suit, including Freeport, filed answers and claims in the limitation proceeding.

On March 2, 2005, Murphy moved to transfer this tag-along action to this Multidistrict Litigation. On March 11, 2005, the Judicial Panel on Multidistrict Litigation issued a Notice of Filing regarding the motion to transfer.[1] This Notice clearly stated that Responses to the motion were due on or before March 31, 2005, pursuant to Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The Claimants filed no Response that opposed the transfer. On June 16, 2005, the Judicial Panel issued a transfer order, transferring this action to the Eastern District of Pennsylvania.[2] On July 11, 2005, nearly a month later, the Claimants filed a Motion for Reconsideration.

## II. ARGUMENT

### A. The Motion for Reconsideration Is Procedurally Barred.

Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation unequivocally states that parties "shall" file a response to a motion "[w]ithin **twenty days** after filing of a motion." (emphasis added). The rule further provides that should a party fail to respond to a motion, that failure to respond shall be treated as acquiescence to the action requested in the motion. Rule 7.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. The Claimants failed to file a response to Murphy's motion to transfer. Under Rule 7.2, their failure to respond must be treated as acquiescence. A Motion for Reconsideration cannot undo that acquiescence.

Moreover, the Claimants' Motion for Reconsideration is procedurally barred because it is untimely. Even if it were treated as a Response under Rule 7.2, it was filed nearly four months

---

[1] Attached as Exhibit 1.
[2] Attached as Exhibit 2.

late. Rule 16.1 states, "No transfer or remand determination regarding any action pending in the district court shall be made by the Panel when any party **timely** opposes such transfer or remand unless a hearing session has been held for the presentation of oral argument." The Rules of Procedure of the MDL Judicial Panel are clear that untimely responses have no effect.[3]

The Motion for Reconsideration is also untimely with respect to the June 16, 2005 Transfer Order. Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation clearly states that any party opposing a transfer "shall file a notice of opposition with the Clerk of the Panel within the 15-day period." The 15-day period ended on July 1, 2005. The Claimants failed to file any notice of opposition, and did not file their Motion for Reconsideration until July 11, 2005, well outside of the 15-day period.

Even if the Motion for Reconsideration were considered a Motion to Remand, the Claimants' Motion would still be procedurally barred. Rule 7.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation requires a motion of a party seeking a remand to include an affidavit regarding the actions of the transferee court, including a suggestion of remand. This affidavit is essential because "the Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." The Claimants have submitted no such affidavit. Therefore, their Motion is procedurally barred.

**B.     The Motion for Reconsideration is Substantively Incorrect.**

Even if the Claimants could overcome the procedural bars to the Motion for Reconsideration, the motion nevertheless fails on its merits.[4] The Claimants argue that the

---

[3]     *See also* Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, stating that failure to file and serve a motion to vacate a conditional transfer order "shall be treated as a withdrawal of the opposition."

[4]     If the Claimants' Motion is considered a Motion to Remand, the Claimants must meet a "strong burden of persuasion." *In re Air Crash Disaster in the Ionian Sea on September 8, 1974*, 438 F. Supp. 932, 933 (J.P.M.L. 1977). The Claimants have not met that burden.

-3-

transfer of this case does not comport with the mandate of the asbestos MDL. That argument, however, has two basic flaws.

First, the Claimants misconstrue the transferred proceeding as only involving Murphy. On the contrary, the Claimants have filed claims in the limitation proceeding, alleging fault and challenging the limitation. Co-defendants have also filed claims, seeking indemnity and contribution. *See Odeco Oil & Gas Company, Drilling Division v. Bonnette*, 74 F.3d 671 (5th Cir. 1996); *In re Port Arthur Towing, Co.*, 42 F.3d 312 (5th Cir. 1995); *In re Lynchburg Shipyard*, No. 01-3187, 2003 WL 21355468 (E.D. La. June 6, 2003); *In re Complaint of Bisso Marine Co., Inc.*, No. 02-3249, 2003 WL 1193689 (E.D. La. March 12, 2003); *In re Nguyen*, Nos. 01-3510, 01-3529, 2002 WL 31207454 (E.D. La. Oct. 1, 2002). The stay may only be lifted as to these co-defendants and to the Claimants if each party enters into stipulations to allow the case to proceed in state court. *Port Arthur Towing Co.*, 42 F.3d at 316-17; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438 (2001) (holding that claimant's stipulations adequately protected right of limitation of liability). No parties have entered into such stipulations.

In conducting a limitation proceeding, the federal court may hear and determine all matters related to the original limitation proceeding, including claims among the parties. *See British Transport Commission v. U.S.*, 354 U.S. 129, 136 (1957) ("It may therefore be said that a limitation proceeding not only provides concourse but serves the function of a cross-libel to determine the rights between petitioner and claimants as well; and equitable rights between the limitation petitioner and a claimant have long been recognized as encompassed in Rule 50."); *see also In re Holly Marine Towing*, 2003 WL 21384639, *1 (N.D. Ill. June 16, 2003). Limitation claimants may even file third-party claims against the other defendants from the state court

proceeding. *See, e.g., In re Skipperliner Indust., Inc.*, No. 00-0730, 2002 WL 32348827 (W.D. Wis. Jan. 31, 2002). Finally, the federal court may exercise its discretionary authority to hear these other claims, thereby extending the stay. *In re J.E. Brenneman Co., Inc.*, 277 F. Supp.2d 518 (E.D. Pa. 2003). Thus, the entirety of the limitation proceeding has been transferred, not merely the Murphy claim. *See In re Oil Spill by the "Amoco Cadiz" Off Coast of France on March 16, 1978*, 471 F. Supp 473 (J.P.M.L. 1979) (transferring entirety of limitation of liability claim to J.P.M.L.). Moreover, the Judicial Panel's Transfer Order did not separate and remand any part of the transferred action, as the Panel is entitled to do under Rule 1.6.

Second, the Claimants argue that the Murphy claim is unrelated to the ongoing asbestos MDL. This argument ignores the basic underpinning of the Murphy claim. The limitation of liability trial involves a bifurcated analysis. *Carr v. PMS Fishing Corp.*, 191 F.3d 1 (1st Cir. 1999). First, the court determines whether the vessel owner has any fault that has given rise to the claims of the claimants. The claimants bear the burden of proof. If fault is found, the burden of proof shifts to the vessel owner to prove that he lacked privity and knowledge of the causative agent. *Id.* The Claimants have alleged that Baudoin was exposed to asbestos while serving as a seaman. Under both prongs of the limitation analysis, it will be necessary to conduct discovery of Baudoin's asbestos claim. Factual issues such as the level of asbestos, if any; source of the asbestos; transportation and storage of the asbestos; installation of the asbestos; causation; and the effects of the asbestos are common with those issues in the MDL. Moreover, the transfer of this action promotes the just and efficient conduct of litigation by streamlining these discovery issues regarding asbestos. The presence of some differing legal theories, including limitation of liability issues, does not abrogate the existence of the common questions of fact regarding

asbestos. *In re Oil Spill*, 471 F. Supp. at 478. Thus, transfer is appropriate under 28 U.S.C. § 1407.

### III. CONCLUSION

The Claimants' Motion for Reconsideration has both procedural and substantive hurdles, which the Claimants have failed to overcome. The Claimants failed to timely respond to the transfer motion, and now are procedurally barred from responding. The Motion for Reconsideration also fails to establish that this transferred proceeding should not be part of the consolidated asbestos MDL, and should be denied.

Respectfully submitted,

*/s/ Mary S. Johnson*

Jill T. Losch (LA Bar #20664)
Mary S. Johnson (LA Bar #17647)
Scott C. Seiler (LA Bar #19784)
Kelly T. Scalise (LA Bar #27110)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

Attorneys for Freeport-McMoRan Energy LLC

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served on all parties listed on the attached Panel Attorney Service List by placing a copy of same in the United States Mail, postage prepaid and properly addressed, this 29th day of July, 2005.

*/s/ Mary S. Johnson*

585883_1

-6-

**PANEL SERVICE LIST**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Murphy Exploration & Production Co. v. McCarty Corp., et al.*, E.D. Pennsylvania
(E.D. Louisiana, C.A. No. 2:04-1554)

Michelle Allen-Hart
Abbott, Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Scott R. Bickford
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert S. Emmett
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130-6097

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Christopher M. Guidroz
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jill T. Losch
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001

Ben L. Mayeaux
Laborde & Neuner
P.O. Drawer 52828
1001 W. Pinhook Road, Suite 200
Lafayette, LA 70505-2828

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
1615 Metairie Road
Metairie, LA 70055-5490

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Glen L.M. Swetman
Aultman, Tyner & Ruffin, Ltd.
The Texaco Center
400 Poydras Street, Suite 1900
New Orleans, LA 70130

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUL 29 2005

FILED
CLERK'S OFFICE

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

March 11, 2005

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

*In re Murphy Exploration & Production Co.*, E.D. Louisiana C.A. No. 2:04-1554

NOTICE OF FILING: Motion of Plaintiff Murphy Exploration & Production Co. for Transfer of Tag-Along Action to the Eastern District of Pennsylvania for Coordinated or Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407

RESPONSES DUE ON OR BEFORE: **March 31, 2005**

Dear Counsel:

As indicated, we have today filed the above-described motion. Papers filed with the Panel and correspondence **MUST** bear the docket number and caption assigned by the Panel.

Panel **Rule 5.2(a)** of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 430-31 (2001), requires that responses to motions be served on **ALL** parties in **ALL** actions and Panel Rule 7.2 states that the time for filing responses begins on the date of filing of the motion with the Panel. An **ORIGINAL and ELEVEN** copies of all pleadings, as well as a **COMPUTER READABLE DISK** of the pleading in WordPerfect for Windows format, are required for filing. The Panel Service List is enclosed for your use; please attach a copy of this list to your certificate of service.

Pursuant to Panel Rules 5.12(a) and 7.2(b) an ORIGINAL and ELEVEN copies of your response must be received in the Panel offices by the due date listed above. Fax transmission of your response will not be accepted. *See* Panel Rule 5.12(d).

Rule 5.3 corporate disclosure statements are due eleven days from the date of this letter.

You will be notified when this matter has been scheduled for a hearing session before the Panel. You must file a response if you wish to participate in oral argument, if it is scheduled by the Panel. Please carefully review Panel Rule 16.1 dealing with hearing sessions.

Very truly,

Michael J. Beck
Clerk of the Panel

By /s/
Deputy Clerk

EXHIBIT 1

Enclosure

# PANEL SERVICE LIST
## DOCKET NO. 875
### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*In re Murphy Exploration & Production Co.*, E.D. Louisiana C.A. No. 2:04-1554

Michelle Allen-Hart
Abbott, Simses & Kuchler
400 Lafayette Street, Suite 200
New Orleans, LA 70130

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, DC 20036

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Robert S. Emmett
Lemle & Kelleher, L.L.P.
601 Poydras Street, Suite 2100
New Orleans, LA 70130-6097

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Christopher M. Guidroz
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Susan M. Hansen
Brownson & Ballou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Sandra A. Jelks
LeBlanc & Waddell, LLC
The Essen Centre
5353 Essen Lane, Suite 420
Baton Rouge, LA 70809

Susan B. Kohn
Simon, Peragine, Smith & Redfearn
Energy Centre, 30th Floor
1100 Poydras Street
New Orleans, LA 70163-3000

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Christopher K. Lightfoot
Hailey, McNamara, Hall, Larmann & Papale
One Galleria Boulevard, Suite 1400
P.O. Box 8288
Metairie, LA 70011-8288

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Jill T. Losch
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001

Ben L. Mayeaux
Laborde & Neuner
P.O. Drawer 52828
1001 W. Pinhook Road
Suite 200
Lafayette, LA 70505-2828

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Eric Shuman
McGlinchey Stafford
643 Magazine Street
New Orleans, LA 70130-3477

Ann M. Sico
Bernard, Cassisa, Elliott & Davis
P.O. Box 55490
1615 Metairie Road
Metairie, LA 70055-5490

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West, 15th Floor
Philadelphia, PA 19102

Glen L.M. Swetman
Aultman, Tyner & Ruffin, Ltd.
The Texaco Center
400 Poydras Street, Suite 1900
New Orleans, LA 70130

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

**CHAIRMAN:**
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

**MEMBERS:**
Judge John F. Keenan
United States District Court
Southern District of New York

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

**DIRECT REPLY TO:**

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:       [202] 502-2888

http://www.jpml.uscourts.gov

June 16, 2005

TO INVOLVED COUNSEL

Re: MDL-875 -- In re Asbestos Products Liability Litigation (No. VI)

    *Jacqueline Billingsley, et al. v. Center for Claims Resolution, Inc., et al.*, N.D. California,
        C.A. No. 3:05-970
    *Murphy Exploration & Production Co. v. McCarty Corp., et al.*, E.D. Louisiana, C.A. No. 2:04-1554

Dear Counsel:

    For your information, I am enclosing a copy of an order filed today by the Panel in the above-captioned matter.

                        Very truly,

                        Michael J. Beck
                        Clerk of the Panel

                        By _[signature]_
                        Deputy Clerk

Enclosure



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 16 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Jacqueline Billingsley, et al. v. Center for Claims Resolution, Inc., et al.*, N.D. California, C.A. No. 3:05-970

*Murphy Exploration & Production Co. v. McCarty Corp., et al.*, E.D. Louisiana, C.A. No. 2:04-1554

### BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL* AND DAVID R. HANSEN, JUDGES OF THE PANEL

### TRANSFER ORDER

Before the Panel are unopposed motions brought, pursuant to 28 U.S.C. § 1407, by i) six defendants in one Northern District of California action (Certainteed Corp., Dana Corp., Maremont Corp., Pfizer, Inc., Union Carbide Corp., and Bayer CropScience, Inc), and ii) the plaintiff in one Eastern District of Louisiana action (Murphy Exploration & Production Co.). Movants ask the Panel to transfer their respective action to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*/s/ Wm. Terrell Hodges*

Wm. Terrell Hodges
Chairman

---

*Judge Vratil took no part in the disposition of this matter.