

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL - 875   RECEIVED
CLERK'S OFFICE    AUG - 1 2005

FILED
2005 AUG - 1  A 11: 16 CLERK'S OFFICE

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

PLEADING NO. 4587

## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | * | |
| LITIGATION (NO. VI) | * | CIVIL ACTION NO. MDL 875 |
| --------------------------------------------------------- | * | |
| This Document Relates to: | * | |
| --------------------------------------------------------- | * | |

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| COMPANY, AS CORPORATE SUCCESSOR | * | |
| TO THE OWNER AND OPERATOR OF THE | * | NO. 04-1554 |
| *JOHN HAYWARD* IN A CAUSE OF ACTION | * | |
| FOR EXONERATION FROM, OR | * | SECTION J |
| LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE 5 |

## MURPHY EXPLORATION & PRODUCTION
## COMPANY'S RESPONSE TO CLAIMANTS' MOTION
## FOR RECONSIDERATION OF TRANSFER ORDER

**NOW COMES** plaintiff-in-limitation, Murphy Exploration & Production Company

("Murphy"), through undersigned counsel, and in opposition to the Motion for Reconsideration

of Transfer Order filed by claimants, Jean Minas Baudoin and Claudette Nugier Baudoin

("claimants"), respectfully responds to claimants' averments as follows:

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION
2005 AUG - 1  A 11: 16
RECEIVED
CLERK'S OFFICE

## OFFICIAL FILE COPY

IMAGED AUG - 2 2005

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

Denied in part.  The state court action cannot proceed against Murphy unless and until:

a.      All limitation claimants, including defendants in the state court action seeking indemnity and contribution from Murphy, sign a stipulation agreeing to proceed in state court and protecting Murphy's rights under the Limitation Act.  Odeco Oil and Gas Company, Drilling Division v. Bonnette, 74 F.3d 671, 675 (5h Cir. 1996); or

b.     After discovery and trial on the merits, Murphy is found not to be entitled to exoneration or limitation of liability.   Petition of Paul F. Wood for Exoneration from or Limitation of Liability, 230 F.2d 197, 199 (2d Cir. 1956).

10.

Denied in part.  Factual issues inherent in the limitation of liability proceeding, including whether asbestos-containing products were packaged, furnished, stored, handled, transported, installed and/or supplied without the "privity or knowledge" of Murphy's corporate predecessor, are exactly the type of issues that MDL 875 was instituted to coordinate and consolidate.  46 U.S.C. § 183; In re Asbestos Products Liability Litigation, 771 F. Supp. 415 (J.P.M.L. 1991).

WHEREFORE, plaintiff-in-limitation, Murphy Exploration & Production Company, respectfully avers that Claimants' Motion for Reconsideration of Transfer Order be denied and that this case remain in the consolidated Eastern District of Pennsylvania Multidistrict Litigation proceeding.

Respectfully submitted,

**LEMLE & KELLEHER, L.L.P.**

**JAMES H. DAIGLE (#4455)**
**ROBERT S. EMMETT (#23725)**
21st Floor, Pan American Life Center
601 Poydras Street
New Orleans, LA 70130-6097
Telephone:  (504) 586-1241
Facsimile:  (504) 584-9142

**ATTORNEYS FOR MURPHY**
**EXPLORATION & PRODUCTION f/k/a**
**ODECO DRILLING & EXPLORATION**
**COMPANY**

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel listed in the attached Panel Service List by mail on this _22_ day of July, 2005.

581092

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | * | |
| LITIGATION (NO. VI) | * | CIVIL ACTION NO. MDL 875 |
| -------------------------------------------------------- | * | |
| This Document Relates to: | * | |
| -------------------------------------------------------- | * | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| COMPANY, AS CORPORATE SUCCESSOR | * | |
| TO THE OWNER AND OPERATOR OF THE | * | NO. 04-1554 |
| *JOHN HAYWARD* IN A CAUSE OF ACTION | * | |
| FOR EXONERATION FROM, OR | * | SECTION J |
| LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE 5 |

**MURPHY EXPLORATION & PRODUCTION COMPANY'S
BRIEF IN OPPOSITION TO CLAIMANTS' MOTION
FOR RECONSIDERATION OF TRANSFER ORDER**

MAY IT PLEASE THE COURT:

Plaintiff-in-limitation, Murphy Exploration & Production Company ("Murphy"), opposes

the Motion for Reconsideration of Transfer Order filed by claimants, Jean Minas Baudoin and

Claudette Nugier Baudoin (collectively "claimants"), for the reasons set forth herein.

## STATEMENT OF FACTS

On March 23, 2004, claimants filed a lawsuit in Civil District Court, New Orleans, Louisiana, alleging occupational exposure to asbestos and asbestos-containing products against several defendants, including Murphy.  On June 3, 2004, Murphy, as corporate successor of the owner and operator of the drilling rig JOHN HAYWARD, a vessel in navigation, filed a complaint for exoneration from or limitation of liability pursuant to 46 U.S.C. § 183 in the United States District Court for the Eastern District of Louisiana.  On that same date, the Court issued an Order which stayed and restrained

> the further prosecution of any pending actions, suits or legal proceedings in any court whatsoever, and the institution and prosecution of any suits, actions or legal proceedings of any nature and description whatsoever in any court wheresoever, except in this proceeding for the limitation of liability, against [Murphy], its agents, officers, directors, insurers, underwriters, parent and subsidiary companies, and/or the JOHN HAYWARD in respect of any claim allegedly caused by and/or arising out of the operation of the JOHN HAYWARD from July 30, 1965 through February 25, 1986

until the hearing and determination of the limitation action.[1]  The Civil District Court action filed by claimants was therefore stayed as to Murphy.  Claimants filed a claim against the JOHN HAYWARD in the limitation proceeding for damages resulting from alleged exposure to asbestos on board the vessel.  Additionally, several of the defendants in the Civil District Court proceeding filed claims in the limitation proceeding seeking indemnity and contribution from Murphy for any liability or damages which may be assessed against them.  (Ex. "B".)

Subsequently, Murphy filed an unopposed motion with the Judicial Panel on Multidistrict Litigation ("Panel") requesting transfer of the limitation proceeding to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in Docket

---

[1] Order issued by Judge Barbier, June 3, 2004, (Ex. "A".)

No. 875 ("MDL 875").  Murphy's motion was granted on June 16, 2005.  Despite not having

opposed Murphy's motion to transfer, on July 13, 2005, claimants filed a motion styled

"Claimants' Motion for Reconsideration of Transfer Order."  In this motion, claimants requested

the Panel to vacate the June 16, 2005 transfer order and "remand this instant Limitation of

Liability Procedure back to the Eastern District of Louisiana."[2]

## STANDARD FOR MOTION TO REMAND

Although claimants have styled their motion as "Claimants' Motion for Reconsideration

of Transfer Order," as noted above, the precise action sought by claimants is "remand of this

instant Limitation of Liability Procedure back to the Eastern District of Louisiana."

Rule 7.6 (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation

provides as follows:

> The Panel shall consider remand of each transferred action . . . at
> or before the conclusion of coordinated or consolidated pretrial
> proceedings on
>
> (i)     motion of any party,
>
> (ii)    suggestion of the transferee district court, or
>
> (iii)   the Panel's own initiative, by entry of an order to show
>         cause, a conditional remand order or other appropriate
>         order.

The Panel has held that "absent a notice of suggestion of remand from the transferee judge to the

Panel, any party advocating remand before the Panel bears a strong burden of persuasion."  In re

Air Crash Disaster in the Ionian Sea on September 8, 1974, 438 F. Supp. 932, 933 (J.P.M.L.

1977).  Here, claimants have provided no evidence of a suggestion of remand by Judge Weiner.

In fact, the limitation proceeding was only transferred in June, 2005.  Claimants thus bear a

---

[2] Claimants' Motion for Reconsideration of Transfer Order, p. 3.

"strong burden of persuasion" that this proceeding should be remanded to the Eastern District of

Louisiana.  As demonstrated below, claimants have not met this burden.

**ARGUMENT**

**I.    CLAIMANTS HAVE NOT ATTACHED THE AFFIDAVIT REQUIRED TO ACCOMPANY MOTIONS TO REMAND PURSUANT TO RULE 7.6 (d) (i).**

Rule 7.6 (d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation

states:

> The Panel is reluctant to order remand absent a suggestion of remand from the transferee district court.  If remand is sought by motion of a party, the motion shall be accompanied by:
>
> (i)     an affidavit reciting
>
> > (A)    whether the movant has requested a suggestion of remand from the transferee district court, how the court responded to any request, and, if no such request was made, why;
> >
> > (B)    whether all common discovery and other pretrial proceedings have been completed in the action sought to be remanded, and if not, what remains to be done; and
> >
> > (C)    whether all orders of the transferee district court have been satisfactorily complied with, and if not, what remains to be done; and
>
> (ii)    a copy of the transferee district court's final pretrial order, where such order has been entered.

No such affidavit as required in Rule 7.6 (d) (i) was attached to claimants' motion detailing why

they did not request a suggestion of remand from the transferee district court.  Thus, their motion

should be denied for failure to follow this procedural requirement.

## II.   THE LIMITATION PROCEEDING WAS PROPERLY TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA FOR CONSOLIDATION WITH MDL 875.

The Panel has determined that all pending federal district court actions not now in trial involving allegations of personal injury or wrongful death caused by asbestos should be centralized in a single forum pursuant to 28 U.S.C. § 1407. In re Asbestos Products Liability Litigation (No. VI), 771 F. Supp. 415, 416 (J.P.M.L. 1991). It was clearly contemplated that maritime asbestos actions would be included in MDL 875. In re Asbestos Products Liability Litigation, 771 F. Supp. at 423. No exception to transfer for maritime limitation of liability proceedings was carved out by the Panel. See In re Asbestos Products Liability Litigation, 771 F. Supp. at 422 ("[W]e are unwilling, on the basis of the record presently before us, to carve out exceptions to transfer.") Thus, the limitation proceeding was properly transferred as a "tag-along action." Rule 1.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

## III.   PRECEDENT EXISTS FOR PANEL CONSOLIDATION OF MARITIME LIMITATION OF LIABILITY PROCEEDINGS WITH TORT SUITS; THE PRESENCE OF DIFFERING LEGAL THEORIES IN THE LIMITATION PROCEEDING DOES NOT NEGATE THE EXISTENCE OF COMMON QUESTIONS OF FACT REGARDING OTHER SUITS CONSOLIDATED IN MDL 875.

Precedent indicates that the Panel has consolidated maritime limitation of liability proceedings with tort suits. Cases consolidated in In re Oil Spill by the "AMOCO CADIZ" Off the Coast of France on March 16, 1978, 471 F. Supp. 473 (J.P.M.L. 1979), involving extensive environmental and economic loss resulting from the grounding of the tanker AMOCO CADIZ, included a limitation of liability proceeding brought in admiralty in the Northern District of Illinois by the owners and operators of the vessel. In that case, the Republic of France, a claimant in the limitation action, had also filed suit in the Southern District of New York against two of the limitation plaintiffs for losses and clean up costs. Another action in the Southern

District of New York was brought by the government of the French Department of Cotes du Nord against the plaintiffs-in-limitation and the company that built the vessel. Three other actions arising from the incident were brought, one in the Southern District of New York and two in the Northern District of Virginia. France opposed consolidation of all cases in the Northern District of Illinois on the grounds that many distinct factual questions exist because of the presence of different legal theories in each action." In re "AMOCO CADIZ", 471 F. Supp. at 477. The vessel builder also opposed consolidation, arguing that

> discovery in the actions to which it is a party will be distinct from that of the other parties and actions because the discovery from [the builder] will deal with the design and construction of the Amoco Cadiz in Spain, and not with events off the coast of France.

In re "AMOCO CADIZ", 471 F. Supp. at 477. The Panel rejected these arguments, stating that the "presence of differing legal theories in some of the actions does not negate the existence of common questions of fact regarding the shipwreck and the attendant circumstances." In re "AMOCO CADIZ", 471 F. Supp. at 478.

Pursuant to 46 U.S.C. § 183, a vessel owner may limit its liability to the amount or value of its interest in the vessel and pending freight for any loss occasioned "without the privity or knowledge of such owner."

> In the trial of a limitation proceeding, the burden of proof is divided between the parties, and there is a two-step analysis. The claimants must prove that the destruction or loss was caused by the negligence or unseaworthiness of the vessel. The burden then shifts to the shipowner to demonstrate that he comes within the statutory limitation conditions: that there was no design, neglect, privity or knowledge on his part.

2 Schoenbaum, Admiralty and Maritime Law § 15-5, at 150 (4th ed. 2004) (footnotes omitted). A vessel owner's complaint in limitation may also "demand exoneration from as well as

limitation of liability."   Rule F (2) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure.

The fact that such legal theories inherent in a limitation of liability proceeding relating to the owner's "privity or knowledge" were somewhat different from purely tort theories made no difference to the Panel in In re "AMOCO CADIZ"; all cases arising from the incident were consolidated.   Furthermore, limitation of liability issues regarding privity or knowledge of the owner or charterer, whether the amounts claimed exceeded the value of the vessel and pending freight and whether or not the vessel owner was entitled to exoneration, clearly involved

> common questions of fact [with the tort claims], including questions of fault concerning the steering breakdown; questions of fault with respect to the activities on ship, shore and tug during the hours from the breakdown until the grounding; questions of the causes and amount of damage by pollution; and questions concerning French national and local governments' responsibility in aggravating or failing to mitigate damages.

In re "AMOCO CADIZ," 471 F. Supp. at 478.   Thus, consolidation of the purely tort actions with the limitation proceeding was proper.

Here, claimants have not met their "heavy burden" of demonstrating that the different legal theories in the instant limitation proceeding negate the existence of common questions of fact relating to claimants' alleged asbestos exposure.   Questions of fact that will be the subject of discovery with respect to Murphy's limitation complaint, which are common to questions of fact at issue in MDL 875, include the following:

1.   Whether the drilling rig JOHN HAYWARD was unseaworthy due to presence of asbestos on the vessel.

2.   Whether claimant was exposed to asbestos on board the drilling rug JOHN HAYWARD.

3.   Whether Murphy should be completely exonerated from liability for claimants' alleged exposure to asbestos.

4.      Whether asbestos-containing products were packaged, furnished, stored, handled, transported, installed and/or supplied without the "privity or knowledge" of Murphy's corporate predecessor.

5.      Whether Murphy is entitled to limit its liability.

6.      If Murphy is entitled to limit, the amount of damages claimants are entitled to and whether or not this amount exceeds the limitation fund.

7.      Whether defendant-claimants are entitled to indemnity and contribution from Murphy.

8.      How the limitation fund should be distributed to claimants.

These issues clearly involve the type of pretrial factual discovery issues that MDL 875 was instituted to coordinate and consolidate.  The fact that the limitation of liability proceeding involves differing legal theories with regard to Murphy's liability "does not negate the existence of common questions of fact" regarding alleged exposure to asbestos and damages.  In re "AMOCO CADIZ", 471 F. Supp. at 478.  See also In re the Upjohn Co. Antibiotics "Cleocin" Products Liability Litigation,  450 F. Supp. 1168, 1170 (J.P.M.L. 1978) (claims based upon theories of medical malpractice, although unique to one action, were properly transferred to products liability MDL proceeding).  Thus claimants are completely incorrect that the Panel

has therefore transferred an issue, which is wholly factually inconsistent with the mandate of the MDL (discovery of asbestos claims with eventual remand to the originating district court for trial on the merits).[3]

Although claimants are correct that the discovery here will be directed towards issues arising out of the limitation of liability claim, this discovery involves exactly the type of pretrial issues that

---

[3] Claimants' Motion for Reconsideration of Transfer Order, p. 3.

MDL 875 was set up to coordinate and consolidate.[4]   All claimants in the limitation, the

Baudoins and the Civil District Court defendants claiming indemnity and contribution, may

participate in this discovery.  Consolidation of the limitation proceeding is thus

> necessary in order to prevent duplication of discovery and
> eliminate the possibility of conflicting pretrial rulings concerning
> the common factual questions.  The transferee judge, of course, has
> the authority to schedule any pretrial proceedings that are unique to
> particular parties, claims or actions to proceed concurrently with
> the common pretrial proceedings, thereby permitting the litigation
> to proceed expeditiously in all areas.  See In re Multi-Piece Rim
> Products Liability Litigation, 464 F. Supp. 969, 974 (Jud. Pan.
> Mult. Lit. 1979).  Moreover, the transferee judge has power to
> provide that no party need participate in pretrial proceedings
> unrelated to that party's interests.  See, e.g., Parts I & II, s 2.31,
> Manual for Complex Litigation (rev. ed. 1977).

In re Continental Grain Co., Inc. Disaster at Westwego, Louisiana, on December 22, 1977, 482

F. Supp. 330, 332 (J.P.M.L. 1979).

## IV.   A REMAND WILL NOT AUTOMATICALLY ALLOW CLAIMANTS TO PROCEED AGAINST MURPHY IN STATE COURT.

Claimants contend that if Murphy cannot limit liability or seek exoneration, it "will be

susceptible to the existing suit in state court."[5]  Claimants are correct; limitation must proceed

first and Murphy's right to limitation or exoneration must be denied before any claims against

Murphy can be litigated in state court.   Petition of Paul F. Wood for Exoneration from or

Limitation of Liability, 230 F.2d 197, 199 (2d Cir. 1956).  But claimants apparently assume

(1) that limitation or exoneration will be decided summarily and (2) that limitation or

exoneration will likely be denied, allowing the state court action to go forward.  Claimants also

seem to believe that if the limitation proceeding is remanded, this will somehow facilitate their

---

[4] Furthermore, if necessary, MDL 875 will provide a "ready forum for the inclusion of any new filed actions" against Murphy or its predecessor for alleged exposure to asbestos.  In re Gas Meter Antitrust Litigation, 464 F. Supp. 391, 393 (J.P.M.L. 1979); 15 Wright, Miller and Cooper, Federal Practice and Procedure § 3863, at 545 (2d ed. 1986).

[5] Claimants' Motion for Reconsideration of Transfer Order, p. 3.

going forward in state court; otherwise claimants would not oppose consolidation in MDL 875. However, if Murphy is found entitled to limitation or exoneration, Murphy is entitled to a permanent injunction against suits thereon (including suits by other asbestos claimants involving alleged exposure to asbestos aboard the drilling vessel, JOHN HAYWARD, during the period from July 30, 1965 through February 25, 1986) in other forums, including Louisiana Civil District Court. Petition of Paul F. Wood, 230 F.2d at 199.

Prior to determination of Murphy's right to limitation or exoneration, Murphy cannot be forced to litigate claims against it in state court in a multiple claimant situation unless all of the claimants in the limitation sign a properly worded stipulation. The following defendants in the Louisiana Civil District Court suit have filed claims for indemnity and contribution against Murphy for any liability or damages which may be assessed against them:

> Freeport-McMoRan Energy, LLC
> Union Carbide Corporation
> Fairbanks Morse Pump Corporation
> Ingersoll-Rand Company
> Taylor-Seidenbach, Inc.
> Reilly-Benton Company, Inc.

(See Ex. B.) All of these companies seeking indemnity and contribution from Murphy are "claimants" within the meaning of the Limitation Act, 46 U.S.C. § 183, et seq. Odeco Oil and Gas Company, Drilling Division v. Bonnette, 74 F.3d 671, 675 (5th Cir. 1996). Unless these claimants sign a stipulation agreeing to proceed in state court and protecting Murphy's rights under the Limitation Act, "the federal forum must remain the sole forum for adjudicating claims" against Murphy. Odeco Oil and Gas, 74 F.3d at 675. It would be an abuse of discretion if the state court action were allowed to proceed in the absence of a stipulation, agreed to by all claimants, protecting Murphy's right to limitation. Odeco Oil and Gas, 74 F.3d at 675.

> This rule is a prudent attempt to balance the inherent conflict between the Limitation Act and saving to suitors clause. Although the claimants' interest in litigating in the forum of their choice is substantial, we will accede to that choice only "if it is accompanied by stipulations fully protecting Odeco's right to limit liability and agreeing to abide by an admiralty court determination of the right to limit." Odeco I, 4 F.3d at 405. The shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice.

Odeco Oil and Gas, 74 F.3d at 675. Here, claimants have made no attempt to draft the appropriate stipulation and obtain signatures of the indemnity and contribution claimants listed above. Therefore, the state Civil District Court proceeding cannot proceed against Murphy at this time. Thus, it makes no sense for the Panel to remand the limitation proceeding based upon a theory that the state court proceeding can immediately go forward against Murphy once the limitation is remanded. Murphy is entitled to remain in the federal forum unless and until all claimants sign a properly worded stipulation. In In the Matter of Tidewater, Inc., 938 F. Supp. 375 (E.D. La. 1996), the federal District Court refused to lift a limitation stay and allow a state court case to proceed where a stipulation did not cover indemnification claims asserted by two claimants. In that case, the personal injury claimant requested that the federal district court "abstain" from hearing the limitation of liability proceeding, while allowing the state court action to go forward. The Court responded:

> [Claimant] cites no authority to support his request and gives no reason why the determination of issues relevant to exoneration from and limitation of liability should not go forward as scheduled. [Claimant] simply notes that by abstaining from the limitation of liability action, this Court will likely be "spared" the necessity of hearing any limitation issues at all. There is no authority for this Court to abstain from hearing the limitation of liability action, which Congress authorized the federal courts to hear. 46 U.S.C. App. § 181, et seq.

In the Matter of Tidewater, 938 F. Supp. at 379.

Similarly, there is no basis to remand the instant limitation proceeding based upon a theory that Murphy will then somehow "be susceptible to the existing suit in state court." Murphy would only be "susceptible" to a state court suit if it were found not to be entitled to limitation or exoneration, after discovery and litigation of <u>all</u> the asbestos exposure and "privity and knowledge" issues common to those in MDL 875. <u>Petition of Paul F. Wood</u>, 230 F.2d at 199. As the Baudoins and many of the other defendants in the Civil District Court action have filed claims in the limitation proceeding, they are entitled to participate in the MDL discovery and pretrial proceedings and will not have to wait for a state court proceeding to participate in discovery.

Thus, it is not clear what claimants hope to accomplish with a remand to the Eastern District of Louisiana. The state court action, at least as to Murphy, must be stayed until the limitation/exoneration proceeding is decided, whether in the MDL or in the Eastern District of Louisiana. As demonstrated above, as a federal maritime claim involving allegations of asbestos exposure, the limitation of liability proceeding was correctly transferred and consolidated in MDL 875. Claimants have not met their strong burden of persuasion that the limitation proceeding should be remanded to the Eastern District of Louisiana. Thus, this case should remain in the consolidated MDL proceedings.

<u>CONCLUSION</u>

For all of these reasons, plaintiff-in-limitation, Murphy Exploration & Production Company, respectfully submits that the Motion for Reconsideration filed by claimants, Jean Mines Baudoin and Claudette Nugier Baudoin, should be denied as claimants have not met their strong burden of persuasion that the limitation case should be remanded.

Respectfully submitted,

**LEMLE & KELLEHER, L.L.P.**


_____

**JAMES H. DAIGLE (#4455)**
**ROBERT S. EMMETT (#23725)**
21st Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130-6097
Telephone:  (504) 586-1241
Facsimile:  (504) 584-9142

**ATTORNEYS FOR MURPHY**
**EXPLORATION & PRODUCTION f/k/a**
**ODECO DRILLING & EXPLORATION**
**COMPANY**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all

counsel listed in the attached Panel Service List by mail on this ﹍﹍ day of July, 2005.


_____

581090

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | * | |
| LITIGATION (NO. VI) | * | CIVIL ACTION NO. MDL 875 |
| ------------------------------------------------------- | * | |
| This Document Relates to: | * | |
| ------------------------------------------------------- | * | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| COMPANY, AS CORPORATE SUCCESSOR | * | |
| TO THE OWNER AND OPERATOR OF THE | * | NO. 04-1554 |
| *JOHN HAYWARD* IN A CAUSE OF ACTION | * | |
| FOR EXONERATION FROM, OR | * | SECTION J |
| LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE 5 |

## CERTIFICATE

Undersigned counsel certifies that the following counsel were served with Murphy

Exploration & Production Company's Brief in Opposition to Claimants Motion for

Reconsideration of Transfer Order, Murphy Exploration & Production Company's Response to

Claimants' Motion for Reconsideration of Transfer Order and Certification, via U. S. mail, on

July 29, 2005:

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio 44114
**Lead Counsel for Defendants (in the
Seamen Cases)**

Edward J. Cass, Esq.
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio 44115
**Counsel for Goodall Defendants**

Adam N. Chud, Esq.
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C. 20036
***JPML Service Counsel for Center for Claims Resolution***

David A. Damico, Esq.
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania 15212

***Counsel for Fela Defendants***
Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania 19106-2574
***Counsel for Fela Plaintiffs***

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, Pennsylvania 19103
***National Counsel***

Susan M. Hansen, Esq.
Brownson & Baltou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, Minnesota 55402
***National Counsel***

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Akron, Ohio 44308-1314
***National Counsel***

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
***Counsel for Peripheral Defendants***

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, Pennsylvania 19102
***Plaintiffs' Liaison Counsel***

Ronald L. Motley, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29264
***Plaintiffs' Liaison Counsel***

John J. Repcheck, Esq.
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania 15219
***Counsel for Peripheral Defendants***

John D. Roven, Esq.
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, Texas 77018
***Counsel for Fela Plaintiffs***

Richard D. Schuster, Esq.
Vory's Sater, Seymour & Pease, LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio 43216
***National Coordinating Counsel for B. F. Goodrich Co.***

2

Neil Selman, Esq.
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California  90025
*National Counsel*

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & spinelli, LLP
Centre Square West
15th Floor
Philadelphia, Pennsylvania  19102
*Defendants Liaison Counsel*

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, Michigan  48226
*National Counsel*

Andrew J. Trevclise, Esq.
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania  19103
*Defendants' Liaison Counsel*

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N.E.
Post Office Box 998
Cedar Rapids, Iowa  52406
*National Counsel for Raymark Industries, Inc.*

Sandra A. Jelks, Esq.
LeBlanc & Waddell, L.L.C.
5353 Essen Ln., Suite 430
Baton Rouge, LA 70809
*Counsel   for   Claimants   Jean   Minas Baudoin and Claudette Nugier Baudoin*

Scott R. Bickford, Esq.
338 Lafayette Street
New Orleans, Louisiana  70130
*Counsel   for   Claimants   Jean   Minas Baudoin and Claudette Nugier Baudoin*

Stephen Elliott, Esq.
Bernard, Cassisa, Elliot & Davis
1615 Metairie Road
Metairie, LA  70055-5490
*Counsel   for   Claimant,   Reilly-Benton Company, Inc.*

Christopher M. Guidroz, Esq.
Mr. James R. Guidry
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA  70163-3000
*Counsel for Claimant, Sulzer Pumps, Inc.*

Glen L. M. Swetman, Esq.
Aultman, Tyner & Ruffin, Ltd.
400 Poydras St., Suite 1900
New Orleans, LA  70130
*Counsel   for   Claimant,   Fairbanks Morse Pump*

Susan B. Kohn, Esq.
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA  70163-3000
*Counsel   for   Claimant,   McCarty Corporation*

Eric Shuman, Esq.
McGlinchey Stafford, P.L.L.C.
643 Magazine St.
New Orleans, LA  70130
*Counsel for Claimant, Caterpillar, Inc.*

Michelle Allen-Hart, Esq.
Abbott Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130
***Counsel for Claimant, Union Carbide Corporation***

Ben L. Mayeaux, Esq.
LaBorde & Neuner
Post Office Drawer 52828
One Petroleum Center, Suite 200
Lafayette, LA 70505-2828
***Counsel for Claimant, Ingersoll-Rand Company***

C. Kelly Lightfoot, Esq.
Hailey, McNamara, Hall,
Larmann & Papale
One Galleria Blvd., Suite 1400
Post Office Box 8288
Metairie, LA 70011-8288
***Counsel for Claimant, Taylor Siedenbach***

Jill Losch, Esq.
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001
***Counsel for Claimant, Freeport-McMoran Energy, L.L.C.***

Respectfully submitted,

**LEMLE & KELLEHER, L.L.P.**

_____

**JAMES H. DAIGLE (#4455)
ROBERT S. EMMETT (#23725)**
21st Floor, Pan-American Life Center
601 Poydras Street
New Orleans, LA 70130-6097
Telephone: (504) 586-1241
Facsimile: (504) 584-9142

**ATTORNEYS FOR MURPHY
EXPLORATION & PRODUCTION f/k/a
ODECO DRILLING & EXPLORATION
COMPANY**

## CERTIFICATE OF SERVICE

The foregoing was served on all parties or their attorneys of record by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this _____ day of _____ 2005.

_____

581340

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
FILE CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 JUN -3  PM 4: 57

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION COMPANY, AS CORPORATE SUCCESSOR TO THE OWNER AND OPERATOR OF THE *JOHN HAYWARD* IN A CAUSE OF ACTION FOR EXONERATION FROM, OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO.  04-1554<br><br>SECTION<br><br>JUDGE  SECT. J MAG. 5<br><br>MAGISTRATE JUDGE |

---

## O R D E R

**WHEREAS**, a Complaint having been filed herein on the 3rd day of June,

2004, by Murphy Exploration & Production Company, as owner and/or owner *pro hac*

*vice* of the *JOHN HAYWARD*, claiming the benefit of limitation of liability provided for

in 46 U.S.C. §§ 181-196 and Supplemental Rule F of the Federal Rules of Civil

Procedure, and also contesting the liability of Jean Minas Baudoin and Claudette Nugier

Baudoin for any and all injuries and/or damages, as described in the Complaint, also

stating the facts and circumstances upon which said exoneration from or limitation of

510511_1

1

DATE OF ENTRY
JUN - 4 2004

___ Fee_____
___ Process_____ Caa
X Dktd_____
___ CtRmDep_____
___ Doc. No. 2

EXHIBIT
"A"

liability is claimed; and on reading the Affidavit of Juan J. Lizarraga having been verified

on the _____ day of _____, 2004, which Affidavit has been duly filed in this

proceeding, and from which it appears that Plaintiff's interest in the *JOHN HAYWARD*

and her pending freight had a value of FIFTY THOUSAND AND NO/100 ($50,000.00)

DOLLARS; and it appearing that claims have been or will be made against Plaintiff for

injuries and/or damages alleged to have occurred in consequence of the events ending on

or about February 25, 1986; and it having been represented that Plaintiff is ready, willing

and able to give, and has offered to give, a stipulation with sufficient surety for the

payment into Court of the amount or value of Plaintiff's interest in the *JOHN HAYWARD*

and her pending freight, if any, with interest thereon, whenever the same shall be ordered

by this Court if an ordered appraisal reveals a value in excess of the vessel's sale value of

FIFTY THOUSAND AND NO/100 ($50,000.00);

     **NOW**, on the motion of Plaintiff, Murphy Exploration & Production Company;

     **IT IS ORDERED** that:

     1.    The execution and filing of this Order shall be without prejudice to the due

appraisal of the Plaintiff's said interest under order of this Court, and that, upon such

appraisal and upon the determination by the Court of any exception thereto, any party

may have leave to apply to have the amount of Plaintiff's claimed interest in the *JOHN*

*HAYWARD* increased or diminished as the Court may direct;

2

510511_1

2.   The further prosecution of any pending actions, suits or legal proceedings in any court wheresoever, and the institution and prosecution of any suits, actions or legal proceedings of any nature and description whatsoever in any court wheresoever, except in this proceeding for the limitation of liability, against the Plaintiff, its agents, officers, directors, insurers, underwriters, parent and subsidiary companies, and/or the *JOHN HAYWARD* in respect of any claim allegedly caused by and/or arising out of the operation of the *JOHN HAYWARD* from July 30, 1965 through February 25, 1986, be and the same are hereby stayed and restrained until the hearing and determination of this action;

3.   A notice issue out of and under the seal of this Court to and against all persons or concerns claiming damages for any and all losses or damages occasioned by the actions aforementioned, admonishing them and each of them to appear and file their respective claims with the Clerk of this Court and to serve on or mail to the attorneys for Plaintiff a copy thereof on or before the _3rd_ day of _December_ , 2004 and to make due proof of their claims, subject to the right of any such person or persons to controvert or question said claims, with liberty also to any such claimants, who have duly filed their claims, to answer the Complaint herein and to file such answer on or before the date heretofore specified;

4.   Public notice of said Notice shall be given by publication in the newspaper known as The Times-Picayune, published in New Orleans, Louisiana, and that such

notice shall be published once a week for four (4) successive weeks prior to the date fixed herein for the filing of claims;

5.      Not later than the date of the second publication of said notice, the Plaintiff shall cause to be mailed a copy of the said notice to every person or concern known to have made any claim that remains outstanding against the *JOHN HAYWARD* or against Plaintiff by reason of the occurrences aforesaid; and,

6.      Service of this order as a restraining order be made within this District, or in any other District by the United States Marshal for such District, by delivering a copy of this order to the person or persons to be restrained, or to his or their attorneys.

New Orleans, Louisiana, this 3rd day of June , 2004.

_____
UNITED STATES DISTRICT JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE
U.S. DISTRICT
EASTERN DISTRICT OF LA

2004 DEC -2 PM 1: 51

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURPHY EXPLORATION & | * CIVIL ACTION NO. 04-1554 |
| PRODUCTION, AS CORPORATE | * |
| SUCCESSOR TO THE OWNER AND | * SECTION "J" |
| OPERATOR OF THE *JOHN HAYWARD* | * |
| IN A CAUSE OF ACTION FOR | * MAGISTRATE NUMBER 5 |
| EXONERATION FROM, OR | * |
| LIMITATION OF LIABILITY | * HONORABLE CARL J. BARBIER |
| | * |
| | * MAGISTRATE JUDGE ALMA |
| | * CHASEZ |

## FREEPORT-MCMORAN ENERGY LLC'S CLAIM AND ANSWER TO COMPLAINT OF MURPHY EXPLORATION & PRODUCTION COMPANY

NOW INTO COURT comes Freeport-McMoRan Energy LLC (f/k/a Freeport-McMoRan Sulphur LLC), as successor to certain liabilities of Freeport-McMoRan Inc. (hereinafter "Freeport"), through undersigned counsel, and answers the Complaint filed by Murphy Exploration & Production Company ("Plaintiff in Limitation"), seeking exoneration from or limitation of liability, as follows:

### ANSWER

### FIRST DEFENSE

Answering separately the numbered allegations of the Complaint, Freeport responds as follows:   Freeport avers that the allegations of Paragraphs I, XVII, and XXII contain legal conclusions for which no answer need be made; however, to the extent an answer is deemed necessary, Freeport denies the allegations of Paragraphs I, XVII, and XXII for lack of knowledge



EXHIBIT
"B"

_____ Fee_____
_____ Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

or information sufficient to justify a belief as to the truth thereof; Freeport denies the allegations

of Paragraphs III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XIX, and XXI for lack of

knowledge or information sufficient to justify a belief as to the truth thereof; Freeport admits the

allegation in Paragraph II that a lawsuit was filed in Civil District Court for the Parish of Orleans

on March 23, 2004, bearing Docket #04-4423, and entitled *Jean Minas Baudoin and Claudette

Nugier Baudoin v. Union Carbide Corporation, et al*, but denies the remaining allegations in

Paragraph II for lack of knowledge or information sufficient to justify a belief as to the truth

thereof; Freeport admits the allegation in Paragraph XVI that Jean Minas Baudoin and Claudette

Nugier Baudoin allege that they have sustained injuries including, but not limited to, exposure to

asbestos, asbestos related diseases and loss of consortium, but specifically denies any liability

and adopts all affirmative defenses and exceptions alleged in its state court Answer; Freeport

denies the allegations in Paragraph XVIII to the extent that they apply to Freeport but denies the

remaining allegations in Paragraph XVIII for lack of knowledge or information sufficient to

justify a belief as to the truth thereof; Freeport denies the allegations in Paragraph XX and the

prayer; and Freeport denies any paragraphs, subparts, or allegations not specifically answered or

admitted.

## SECOND DEFENSE

Freeport further responds that the damages caused by the JOHN HAYWARD, which

form the basis of the petition entitled *Jean Minas Baudoin and Claudette Nugier Baudoin v.

Union Carbide Corporation, et al*, were caused by or the result of the unseaworthiness of the

JOHN HAYWARD and/or the negligence, fault, or neglect of the vessel owners of the JOHN

HAYWARD, all of which were within the actual, constructive and/or implied privity and/or

knowledge of Plaintiff in Limitation.

## THIRD DEFENSE

Freeport further responds that the alleged aggregate amount and value of limitation of Plaintiff in Limitation's interest in the JOHN HAYWARD is improper and insufficient, and Freeport reserves the right to contest the appraisal of the JOHN HAYWARD.

## CLAIM

AND NOW, assuming the position of Claimant, Freeport states the following claim against Plaintiff in Limitation, Murphy Exploration & Production Company:

### I.

At all material times, Freeport was a limited liability company organized by virtue of the laws of the State of Delaware and authorized to do business in Louisiana.

### II.

Jean Minas Baudoin and Claudette Nugier Baudoin have alleged damages caused by Mr. Baudoin's occupational exposure to asbestos and asbestos-containing products while employed by Plaintiff in Limitation at various sites, including on the JOHN HAYWARD, and while employed by Freeport.

### III.

As a result of those alleged exposures, Jean Minas Baudoin and Claudette Nugier Baudoin have filed suit against Plaintiff in Limitation, Freeport, and others in Civil District Court for the Parish of Orleans, which suit is styled "*Jean Minas Baudoin and Claudette Nugier Baudoin v. Union Carbide Corporation, et al,*" bearing Docket #04-4423.

-3-

### IV.

The alleged exposure and all alleged injuries and/or damages resulting therefrom were caused by the negligence and fault of plaintiffs and/or third parties for whom Freeport is not responsible, but in the alternative, if there was any other fault, then any such fault was that of the Plaintiff in Limitation.

### V.

Freeport was free from fault or negligence in connection with plaintiffs' claims.

### VI.

Accordingly, Freeport is entitled to contribution, indemnity, relief by means of a claim against the Plaintiff in Limitation, a credit or setoff equal to any liability attributed to Plaintiff in Limitation, or other similar relief from the Plaintiff in Limitation for any judgment entered against Freeport.

### VII.

All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of this Honorable Court, within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, as Claimant, Freeport-McMoRan Energy LLC prays that Freeport-McMoRan Energy LLC recover judgment for contribution or indemnity against Plaintiff in Limitation, Murphy Exploration & Production Company, or a credit or setoff equal to any liability attributed to Plaintiff in Limitation, for any damages, losses and/or expenses adjudged against it as a result of the alleged asbestos exposure and for all general and equitable relief to which it is entitled in the premises.

Respectfully submitted,

_Jill T. Losch_

Mary S. Johnson, T.A. (Bar #17647)
Jill T. Losch (Bar #20664)
Scott S. Seiler (Bar #19784)
Kelly T. Scalise (Bar #27110)
**LISKOW & LEWIS**
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana  70139-5099
Telephone:  (504) 581-7979

Attorneys for Freeport-McMoRan Energy LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been
served on all counsel of record by placing a copy of same in the United States Mail, postage
prepaid and properly addressed, this 2nd day of December, 2004.

_Jill T. Losch_

539096_1

-5-



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC -3  AM II: 14

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MURPHY EXPLORATION &** | **CIVIL ACTION** |
| **PRODUCTION COMPANY, AS** | |
| **CORPORATE SUCCESSOR TO THE** | **NO.   04-1554** |
| **OWNER AND OPERATOR OF THE** | |
| ***JOHN HAYWARD* IN A CAUSE OF** | **SECTION   "J"** |
| **ACTION FOR EXONERATION FROM,** | |
| **OR LIMITATION OF LIALBILITY** | **JUDGE BARBIER** |
| | |
| | **MAGISTRATE JUDGE CHASEZ** |

---

## ANSWER AND CLAIM

NOW COMES, Union Carbide Corporation, through undersigned counsel, who, in answer to the Complaint of plaintiff-in-limitation, Murphy Exploration & Production Company ("Murphy Exploration"), as corporate successor to the owner and operator of the *JOHN HAYWARD*, in a cause of action for exoneration from or limitation of liability, respectfully responds as follows:

### FIRST DEFENSE

The Complaint fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

Now, in answering the specific allegations of the Complaint, Union Carbide Corporation respectfully responds as follows:

{W:\docs\clmatter\588\46852\pleading\00021490.DOC}

1

Fee_____
Process_____
__X__ Dktd_____
_____ CtRmDep_____
_____ Doc. No._____

## I.

The allegations contained in paragraph I of the Complaint do not require a response inasmuch as they state conclusions of law. However, to the extent that they are deemed to require a response, they are denied.

## II.

The allegations contained in paragraph II of the Complaint do not require a response. However, to the extent that they are deemed to require a response, they are denied for a lack of insufficient information justify a belief therein.

## III.

The allegations contained in paragraph III of the Complaint are denied for lack of sufficient information to justify a belief therein.

## IV.

The allegations contained in paragraph IV of the Complaint are denied for lack of sufficient information to justify a belief therein.

## V.

The allegations contained in paragraph V of the Complaint are denied for lack of sufficient information to justify a belief therein.

## VI.

The allegations contained in paragraph VI of the Complaint are denied for lack of sufficient information to justify a belief therein.

## VII.

The allegations contained in paragraph VII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## VIII.

The allegations contained in paragraph VIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## IX.

The allegations contained in paragraph IX of the Complaint are denied.

## X.

The allegations contained in paragraph X of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XI.

The allegations contained in paragraph XI of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XII.

The allegations contained in paragraph XII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XIII.

The allegations contained in paragraph XIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XIV.

The allegations contained in paragraph XIV of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XV.

The allegations contained in paragraph XV of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XVI.

Union Carbide Corporation admits that Jean Minas Baudoin and Claudette Nugier Baudoin allege injury resulting from exposure of asbestos. These allegations are denied for lack of sufficient information to justify a belief therein.

## XVII.

The allegations contained in paragraph XVII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XVIII.

The allegations contained in paragraph XVIII of the Complaint are denied for lack of sufficient information to justify a belief therein.

## XX.

The allegations contained in paragraph XX of the Complaint are denied.

## XXI.

The allegations contained in paragraph XXI of the Complaint do not require a response. However, to the extent they are deemed to require a response, they are denied for lack of sufficient information to justify a belief therein. Further answering, Union Carbide Corporation specifically

{W:\docs\clmatter\588\46852\pleading\00021490 DOC}

4

reserves the right to contest the adequacy, sufficiency, and/or accuracy of the security provided and referenced in paragraph XXI of the complaint. Alternatively, said security is deficient in light of the claims and/or liabilities alleged by Jean Minas Baudoin and/or Claudette Nugier Baudoin.

## XXII.

The allegations contained in paragraph XXII of the Complaint are denied accept to admit that the allegations of the Complaint are asserted pursuant to the admiralty Maritime jurisdiction of this honorable court.

## XXIV.

Any allegation not specifically admitted is denied.

## XXV.

Claimant denies any and all allegations of fact contained in mis-numbered or unnumbered paragraphs, as well as in the prayer for relief.

## THIRD DEFENSE

The alleged incident, which forms the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration presently seeks exoneration from or limitation of liability, was caused by acts of negligence and/or the fault of plaintiff-in-limitation and/or its predecessor(s) in interest and/or by the unseaworthiness of the drilling rig *JOHN HAYWARD*. Additionally, the acts and/or omissions of Murphy Exploration occurred with the privity and/or knowledge of plaintiff-in-limitation. Accordingly, plaintiff-in-limitation is not entitled to exoneration from or limitation of liability.

## FOURTH DEFENSE

The damages arising out of the alleged incident which forms the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration, presently seeks exoneration from and/or limitation of

liability, occurred as a result of Jean Minas Baudoin and/or Claudette Nugier Baudoin's fault, negligence, error, or omission, the fact of which acts as a bar to and/or in diminution of any recovery on their behalf.

## FIFTH DEFENSE

The damages arising out of the alleged acts, negligence, incidents, accidents, occurrences and/or exposures which form the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration, presently seeks exoneration from and/or limitation of liability, occurred as a result of the fault, negligence, error, or omission of third parties for whom Union Carbide Corporation is not responsible, which acts as a bar to and/or in diminution of any recovery against Union Carbide Corporation.

## SIXTH DEFENSE

The injuries, disabilities, losses of consortium and/or damages complained of by Jean Minas Baudoin and/or Claudette Nugier Baudoin were caused by pre-existing conditions over which Union Carbide Corporation had no control and for which Union Carbide Corporation was not responsible and may not be held liable.

## CLAIM

AND NOW, in the alternative, should this Court find that Murphy Exploration & Production Company ("Murphy Exploration"), as corporate successor to the owner and operator of the *JOHN HAYWARD* is entitled to exoneration from and/or limitation of liability, contentions which are specifically denied, Union Carbide Corporation in its claim against Murphy Exploration, respectfully avers as follows:

{W:\docs\clmatter\588\46852\pleading\00021490.DOC}

**1.**

This is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the claim by virtue of 28 U.S.C. § 1333.

**2.**

Union Carbide Corporation is a foreign corporation authorized to do and doing business in the State of Louisiana.

**3.**

Made defendant herein is Murphy Exploration, upon information and belief, a foreign corporation authorized to do and doing business in the State of Louisiana.

**4.**

As alleged in Murphy Exploration's Complaint for Exoneration from and/or Limitation of Liability, the acts, negligence, incidents, accidents, occurrences and/or exposures complained of by Jean Minas Baudoin occurred aboard the drilling rig *JOHN HAYWARD*. Upon information and belief, the drilling rig *JOHN HAYWARD* was located within the Eastern District of Louisiana and/or was, at all times pertinent, amenable to or within the jurisdiction of this Honorable Court.

**5.**

Upon information and belief, the drilling rig *JOHN HAYWARD* was in the care, custody, and control of Murphy Exploration and/or its predecessors in interest.

**6.**

Upon information and belief, the captain and/or crew of the drilling rig *JOHN HAYWARD* failed in their obligation to ensure that the vessel was seaworthy.

**7.**

As a result of the acts, negligence, incidents, accidents, occurrences and/or exposures alleged to have occurred between July 30, 1965 and February 13, 1987 aboard the drilling rig *JOHN HAYWARD*, Jean Minas Baudoin and Claudette Nugier Baudoin have filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, naming several defendants, including Union Carbide Corporation and Murphy Exploration.

**8.**

The acts, negligence, incidents, accidents, occurrences, losses of consortium, and/or exposures alleged by Jean Minas Baudoin and Claudette Nugier Baudoin were not caused or contributed to in any way by any fault and/or negligence of Union Carbide Corporation.

**9.**

To the extent that Union Carbide Corporation may be held responsible for the fault, liability, and/or negligence of Murphy Exploration, Union Carbide Corporation is entitled to complete indemnity from plaintiff-in-limitation, Murphy Exploration. Alternatively, Union Carbide Corporation is entitled to contribution from plaintiff-in-limitation, Murphy Exploration, for its proportionate or virile share of any liability or damages which may be assessed against Union Carbide Corporation.

{W:\docs\clmatter\588\46852\pleading\00021490.DOC}

**10.**

Union Carbide Corporation reserves the right to supplement or amend this complaint as additional information becomes available or as the dictates of justice so demand. Union Carbide Corporation further reserves its right to bring any and all incidental demands warranted under the premises, including but not limited to, counterclaims, cross-claims, third-party demands, reconventional demands, and the like.

WHEREFORE, Union Carbide Corporation prays that its Answer and Claim to this limitation proceeding be deemed good and sufficient and that after all legal delays and due proceedings are had, that the Complaint be dismissed, with prejudice, at Complainant's costs. Alternatively, Union Carbide Corporation prays that there be judgment rendered herein in its favor and against Murphy's Exploration, granting it indemnity for all sums it may be required to pay to Jean Minas Baudoin and/or Claudette Nugier Baudoin, or alternatively granting it contribution for Murphy Exploration's proportionate or virile share of any sums that it is or may be required to pay to Jean Minas Baudoin and/or Claudette Nugier Baudoin. Union Carbide Corporation further prays for all legal, general, and equitable relief this Court may deem fit, proper and competent to grant.

Respectfully submitted:

SARAH E. IIAMS, (LA Bar No. 22418)
MICHELE D. ALLEN-HART, T.A. (LA Bar No. 25332)
ROBERT B. EVANICK, (LA Bar No. 24789)
ERNEST G. FOUNDAS, (LA Bar No. 24419)
DEMARCUS J. GORDON, (LA Bar No. 28848)
JENNIFER D. EDIE, (LA Bar No. 28564)
Abbott, Simses & Kuchler
400 Lafayette St., Suite 200
New Orleans, Louisiana 70130
Telephone: (504) 568-9393
Facsimile: (504) 524-1933

and

BRIAN J. ENGERON, (LA Bar No. 27451)
Abbott, Simses & Kuchler
5100 Village Walk, Suite 200
Covington, Louisiana 70433
Telephone: (985) 893-2991
Facsimile: (985) 898-0383
**Counsel for Union Carbide Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by placing same in the United States Mail, postage prepaid, this 3rd day of December, 2004.

*FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2004 DEC -9  PM 1: 50

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT OF | * | |
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| COMPANY. AS CORPROATE SUCCESSOR | * | NO. 04-1554 |
| TO THE OWNER AND OPERATOR OF | * | |
| THE *JOHN HAYWARD* IN THE CAUSE OF | * | SECTION "J" |
| ACTION FOR EXONERATION FROM, | * | |
| OR LIMITED OF LIABILITY | * | |
| | * | MAG. 5 |

**FAIRBANKS MORSE PUMP CORPORATION'S ANSWER TO THE COMPLAINT
FOR EXONERATION FROM OR LIMITATION OF LIABILITY AND CLAIM UNDER
SUPPLEMENTAL RULE F (5) OF THE FEDERAL RULES OF CIVL PROCEDURE**

NOW INTO COURT, by and through undersigned counsel, comes Fairbanks Morse

Pump Corporation ("Fairbanks Morse Pump"), a foreign corporation licensed to do and doing

business in the State of Louisiana, makes the following answer and claim against the plaintiff-in-

limitation, Murphy Exploration Production Company ("Murphy Exploration"), as corporate

___ Fee_____
_X_ Process____
___ Dktd_____
___ CtRmDep____
___ Doc. No.____ B

successor to the owner and operator of the John Hayward, in a cause of action for exoneration from or limitation of liability respectfully responds as follows:

## FIRST DEFENSE

The Complaint of Murphy Oil & Production Company fails to state a claim against defendant upon which relief can be granted.

## SECOND DEFENSE

The accident and/or exposure of Jean Minas Baudoin and Claudette Nugier Baudoin from July 30, 1965 through February 25, 1986 was the fault and negligence of Murphy Oil & Production Company, which had privity and knowledge of the unsafe, negligent and unseaworthy conditions of *John Hayward* which caused the Jean Baudoin's exposure to asbestos; said privity and knowledge will act to bar limitation of liability herein.

## THIRD DEFENSE

Murphy Oil & Production Company has failed to comply with the requirements of the Limitation of Liability Act, 46 U.S.C.A. § 181, et seq., including without limitation, the failure to deposit adequate and proper security, which will act in bar of limitation herein.  Further answering, Fairbanks Morse Pump specifically reserves the right to contest the adequacy, sufficiency, and/or accuracy of the security provided and referenced in paragraph XXI of the complaint.  Alternatively, said security is deficient in light of the claims and/or liabilities alleged by Jean Minas Baudoin and/or Claudette Nugier Baudoin.

## FOURTH DEFENSE

Defendant asserts that it is not liable *in solido* for the damages of Jean Baudoin.

## FIFTH DEFENSE

The cause of action was brought about due to the fault of the plaintiff and/or other entities for which Fairbanks Morse Pump is not responsible.

## SIXTH DEFENSE

The Limitation of Liability Act, 46 U.S.C.A. § 181, et seq. is discriminatory in Respondents of property rights without due process of law, in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## SEVENTH DEFENSE

Further, in the alternative, Fairbanks Morse Pump avers that if Jean Baudoin suffered any injuries, as alleged, which is denied, said injuries were caused by the act, carelessness, inattentions to duty, omissions, and/or conduct of Murphy Oil & Exploration Company, plaintiff-in-limitation, as corporate successor of the John Hayward for whose fault Fairbanks Morse Pumps is not responsible.

## EIGHTH DEFENSE

This court lacks jurisdiction over this claim pursuant to Rule 7.4 of the Rules of the Judicial Panel on Multi-district Litigation, 199 F.R.D. 425, 435-436 (2001), as these actions are transferable under 28 U.S.C. § 1407 to the Eastern District Court of Pennsylvania for the reasons

stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and with the consent of that court, assigned to the Honorable Charles R. Weiner.

## NINTH DEFENSE

Defendant specifically reserves the right to amend this pleading once discovery is complete.

## TENTH DEFENSE

And now, in answering to the specific allegations of plaintiff-in-limitation's complaint, Fairbanks Morse Pump avers as follows:

I.

The allegations contained in paragraph 1 of the complaint do not require a response inasmuch as they state conclusions of law. However, to the extent that they are deemed to require a response, they are denied.

II.

The allegations contained in paragraph 2 of the Petition for Damages are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

III.

The allegations contained in paragraph 3 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

IV.

The allegations contained in paragraph 4 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

4

V.

The allegations contained in paragraph 5 of the Petition for Damages are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

VI.

The allegations contained in paragraph 6 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

VII.

The allegations contained in paragraph 7 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

VIII.

The allegations contained in paragraph 8 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

IX.

The allegations contained in paragraph 9 of the Complaint are denied.

X.

The allegations contained in paragraph 10 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XI.

The allegations contained in paragraph 11 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XII.

The allegations contained in paragraph 12 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

5

XIII.

The allegations contained in paragraph 13 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XIV.

The allegations contained in paragraph 14 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XV.

The allegations contained in paragraph 15 of the Complaint are denied for lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XVI.

The allegations contained in paragraph 16 of the Complaint are admitted.

XVII.

The allegations contained in paragraph 17 of the Complaint are admitted as far as Jean Minas Baudoin and/or Claudette Nugier Baudoin allege injury resulting from exposure of asbestos.  These allegations are denied fro lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XVIII.

The allegations contained in paragraph 18 of the Complaint are denied fro lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XIX.

The allegations contained in paragraph 19 of the Complaint are denied fro lack of sufficient information or knowledge to form a belief as to the truth of an averment.

XX.

The allegations contained in paragraph 20 of the Complaint are denied.

XXI.

The allegations contained in paragraph 21 of the Complaint do not require a response. However, to the extent they are deemed to require a response, they are denied for lack of sufficient information to justify a belief therein.  Further answering, Fairbanks Morse Pump specifically reserves the right to contest the adequacy, sufficiency, and/or accuracy of the security provided and referenced in paragraph 21 of the complaint.  Alternatively, said security is deficient in light of the claims and/or liabilities alleged by Jean Minas Baudoin and/or Claudette Nugier Baudoin.

XXII.

The allegations contained in paragraph 22 of the Petition for Damages are denied except to admit that the allegations of the complaint are asserted pursuant to the Admiralty Maritime jurisdiction of the honorable court.

XXIII.

Any allegation not specifically admitted is denied.

XXIV.

Claimant denies any and all allegations of fact contained in mis-numbered or unnumbered paragraphs, as well as in the prayer for relief.

## ELEVENTH DEFENSE

The alleged incident, which forms the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration presently seeks exoneration from or limitation of liability, was caused by acts of negligence and/or the fault of plaintiff-in-limitation and/or its predecessor(s) in interest and/or by the unseaworthiness of the drilling rig *John Hayward.*  Additionally, the acts and/or omissions of Murphy Exploration occurred with the privity and/or knowledge of plaintiff-in-limitation.  Accordingly, plaintiff-in-limitation is not entitled to exoneration from or limitation of liability.

## TWELFTH DEFENSE

The damages arising out of the alleged incident which forms the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration, presently seeks exoneration from and/or limitation of liability, occurred as a result of Jean Minas Baudoin and/or Claudette Nugier Baudoin's fault, negligence, error, or omission, the fact of which acts as a bar to and/or in diminution of any recovery on their behalf.

## THIRTEENTH DEFENSE

The damages arising out of the alleged acts, negligence, incidents, accidents, occurrences and/or exposures which form the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration, presently seeks exoneration from and/or limitation of liability, occurred as a result of the fault, negligence, error, or omission of third parties for whom Fairbanks Morse Pump is not responsible, which acts as a bar to and/or in diminution of any recovery against Fairbanks Morse Pump.

## FOURTEENTH DEFENSE

The injuries, disabilities, losses of consortium and/or damages complained of by Jean Minas Baudoin and/or Claudette Nugier Baudoin were caused by pre-existing conditions over which Fairbanks Morse Pump had no control and for which Fairbanks Morse Pump was not responsible and may not be held liable.

## CLAIM

AND NOW, in the alternative, should this Court find that Murphy Exploration & Production Company ("Murphy Exploration"), as corporate successor to the owner and operator of the *JOHN HAYWARD* is entitled to exoneration from and/or limitation of liability, contentions which are specifically denied, Fairbanks Morse Pump in its claim against Murphy Exploration, respectfully avers as follows:

1.

This is admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the claim by virtue of 28 U.S.C. § 1333.

2.

Fairbanks Morse Pump is a foreign corporation authorized to do and doing business in the State of Louisiana.

3.

Made defendant here in Murphy Exploration, upon information and belief, a foreign corporation authorized to do and doing business in the State of Louisiana.

9

4.

As alleged in Murphy Exploration's Complaint for Exoneration from and/or Limitation of Liability, the acts, negligence, incidents, accidents, occurrences and/or exposures complained of by Jean Minas Baudoin occurred aboard the drilling rig *JOHN HAYWARD*.  Upon information and belief, the drilling rig *JOHN HAYWARD* was located within the Eastern District of Louisiana and/or was, at all times pertinent, amenable to or within the jurisdiction of this Honorable Court.

5.

Upon information and belief, the drilling rig JOHN HAYWARD was in the care, custody, and control of Murphy Exploration and/or its predecessors in interest.

6.

Upon information and belief, the captain and/or crew of the drilling rig *JOHN HAYWARD* failed in their obligation to ensure that the vessel was seaworthy.

7.

As a result of the acts, negligence, incidents, accidents, occurrences and/or exposures alleged to have occurred between July 30, 1965 and February 13, 1987 aboard the drilling rig *JOHN HAYWARD*, Jean Minas Baudoin and Claudette Nugier Baudoin have filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, naming several defendants, including Fairbanks Morse Pump and Murphy Exploration.

8.

The acts, negligence, incidents, accidents, occurrences, losses of consortium, and/or exposures alleged by Jean Minas Baudoin and Claudette Nugier Baudoin were not caused or contributed to in any way by any fault and/or negligence of Fairbanks Morse Pump.

10

9.

To the extent that Fairbanks Morse Pump may be held responsible for the fault, liability, and/or negligence of Murphy Exploration, Fairbanks Morse Pump is entitled to complete indemnity from plaintiff-in-limitation, Murphy Exploration.  Alternatively, Fairbanks Morse Pump is entitled to contribution from plaintiff-in-limitation, Murphy Exploration, for its proportionate or virile share of any liability or damages which may be assessed against Fairbanks Morse Pump.

10.

Fairbanks Morse Pump reserves the right to supplement or amend this complaint as additional information becomes available or as the dictates of justice so demand.  Fairbanks Morse Pump further reserves its right to bring any and all incidental demands warranted under the premises, including but not limited to, counterclaims, cross-claims, third-party demands, reconventional demands, and the like.

WHEREFORE, Fairbanks Morse Pump prays that it's Answer and Claim to this limitation proceeding be deemed good and sufficient and that after all legal delays and due proceedings are had, that the Complaint be dismissed, with prejudice, at Complainant's costs. Alternatively, Fairbanks Morse Pump prays that there be judgment rendered herein in its favor and against Murphy's Exploration, granting it indemnity for all sums it may be required to pay to Jean Minas Baudoin and/or Claudette Nugier Baudoin, or alternatively granting it contribution for Murphy Exploration's proportionate or virile share of any sums that it is or may be required to pay to Jean Minas Baudoin and/or Claudette Nugier Baudoin.  Fairbanks Morse Pump further

prays for all legal, general, and equitable relief this Court may deem fit, proper and competent to

grant.

Respectfully submitted,

Aultman, Tyner, & Ruffin, Ltd.

THOMAS W. TYNER
MS Bar Association No. 8170
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS  39403-0750
Telephone No.: (601) 583-2671

GLENN L. M. SWETMAN (LSBA No. 21904)
TROY N. BELL (LSBA No. 20099)
JEANETTE S. RIGGINS (LSBA No. 27056)
MARIA C. PARDO (LSBA No. 27852)
JOHN E. UNSWORTH, III (LSBA No. 26738)
MILELE N. ST. JULIEN (LSBA No. 28446)
COURTNEY D. KENT (LSBA No. 29291)
400 Poydras Street, Suite 1900
New Orleans, LA  70130
Telephone Number:  (504) 528-9616
Facsimile:            (504) 528-9640

**ATTORNEYS FOR FAIRBANKS
MORSE PUMP CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Answer and Complaint under Rule F

(5) has been served upon all interested counsel by depositing a copy of the same in the United States

mail, postage pre-paid on this ___8th___ day of December 2004.

JOHN E. UNSWORTH, III

12

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JAN -b I P 12: 39

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| CO., AS CORPORATE SUCCESSOR TO THE | * | |
| OWNER AND OPERATOR OF THE JOHN | * | NO.: 04-1554 |
| HAYWARD IN A CAUSE OF ACTION FOR | * | |
| EXONERATION FROM OR LIMITATION | * | SECTION J, MAG. 5 |
| OF LIABILITY | * | |

*********************************************************************************

### ANSWER AND CLAIM OF TAYLOR-SEIDENBACH, INC.

**COMES NOW,** through undersigned counsel, Taylor-Seidenbach, Inc., and in response

to the Complaint of Murphy Exploration and Production Company with respect avers:

1.

The allegations contained in paragraph I of the Complaint are admitted.

2.

The allegations contained in paragraph II of the Complaint are denied for lack of

sufficient information to justify a belief therein, except to admit that a civil action was filed in the

Civil District Court for the Parish of Orleans.

Fee_____
Process_____
**X** Dktd_____
CtRmDep_____
Doc. No._____

3.

The allegations of paragraphs III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, XVIII, XIX, XX, XXI and XXII of the Complaint are denied for lack of sufficient information to justify a belief therein.

AND NOW FURTHER ANSWERING, Taylor-Seidenbach, Inc. avers:

## FIRST DEFENSE

The Complaint of Murphy Oil and Production Company fails to state a claim against defendant upon which relief can be granted.

## SECOND DEFENSE

The accident and/or exposure of Jean Minas Baudoin and Claudette Nugier Baudoin was the file and/or negligence of Murphy Oil and Production Company, which had privity and knowledge of the unsafe, negligent and unseaworthy conditions of the *John Hayward* which caused Jean Baudoin's exposure to asbestos in said privity and knowledge will act to bar limitation of liability herein.

## THIRD DEFENSE

Defendant asserts that it is not liability in solido for the damages of Jean Baudoin.

### FOURTH DEFENSE

The cause of action was brought about due to the fault of the plaintiffs and/or other entities for which Taylor-Seidenbach, Inc. is not responsible.

### FIFTH DEFENSE

In the alternative, Taylor-Seidenbach, Inc. avers that if Jean Baudoin suffered any injuries, as alleged, which is denied, said injuries were caused by the acts, carelessness, inattentions to duty, omissions, and/or conduct of Murphy Oil and Exploration Company, plaintiff-in-limitation, as corporate successor of the John Hayward for whose fault Taylor-Seidenbach, Inc. is not responsible.

### SIXTH DEFENSE

The damages arising out of the alleged incident which forms the basis of the suit, for which plaintiff-in-limitation, Murphy Exploration, presently seeks exonerations from and/or limitation of liability, occurred as a result of Jean Minas Baudoin and/or Claudette Nugier Baudoin's fault, negligence, errors, or omissions, the fact of which acts as a bar to and/or indeminution of any recovery on their behalf.

### SEVENTH DEFENSE

The damages arising out of the alleged acts, negligence, incidents, accidents, occurrences, and/or exposures which forms the basis of the suit, for which plaintiff-in-limitation, Murphy

Exploration, presently seeks exoneration from and/or limitation of liability, occurred as a result

of the fault, negligence, errors or omissions of third parties for whom Taylor-Seidenbach, Inc. is

not responsible, which act as a bar to and/or indemnution of any recovery against

Taylor-Seidenbach, Inc.

## CLAIM

AND NOW, for claim against Complainant-in-limitation, and against the limitation

fund, Taylor-Seidenbach, Inc. alleges and avers:

4.

Taylor-Seidenbach, Inc.  realleges and reavers all of the above and foregoing allegations,

with the same force and effect as if restated in verbatim.  Taylor-Seidenbach, Inc.  is a Louisiana

Corporation authorized to do and doing business in the State of Louisiana.  Jean Minas Baudoin

and Claudette Nugier Baudoin have alleged damages caused by Mr. Baudoin's occupational

exposure to asbestos and asbestos-containing products while employed by Murphy at various

sites, including the *John Hayward*.  Jean Minas Baudoin and Claudette Nugier Baudoin filed suit

against claimant-in-limitation, Taylor-Seidenbach, Inc., and others in Civil District Court for the

Parish of Orleans, which suit is styled "Jean Minas Baudoin and Claudette Nugier Baudoin v.

Union Carbide Corporation, et al," bearing docket number 04-4423.  On information and belief,

at all relevant times, the drilling rig *John Hayward* was in the care, custody, and control of

Murphy and/or its predecessors and interest.  On information and belief, the captain and/or

crew of the drilling rig *John Hayward* failed in their obligation and duty to ensure that the vessel

was seaworthy.  The acts, negligence, incidents, accidents, occurrences, losses of consortium,

and/or exposures alleged by Jean Minas Baudoin and Claudette Nugier Baudoin were not

caused or contributed to in any way by any fault and/or negligence of Taylor-Seidenbach, Inc.

To the extent that Taylor-Seidenbach, Inc. may be held responsible for the fault, liability,

and/or negligence of Murphy Exploration, Taylor-Seidenbach, Inc. is entitled to complete

indemnity from complaintant-in-limitation Murphy.  Alternatively, Taylor-Seidenbach, Inc. is

entitled to contribution from complaintant-in-limitation for its proportionate or virile share of

any liability or damages which may be assessed against Taylor-Seidenbach, Inc.

This is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil

Procedure.  This Court has jurisdiction over the claim by virtue of 28 U.S.C. Section 1333.

WHEREFORE, claimant, Taylor-Seidenbach, Inc., prays that Taylor-Seidenbach, Inc.

recover judgment for contribution or indemnity against complaintant-in-limitation, Murphy

Exploration and Production Company, or a credit or setoff equal to any liability attributed to

result of the alleged asbestos exposure and for all other general and equitable relief to which

Taylor-Seidenbach, Inc. may be deemed entitled by this court.

Respectfully Submitted,

HAILEY, McNAMARA, HALL, LARMANN,
& PAPALE, L.L.P.

BY: _____

**C. KELLY LIGHTFOOT, Bar #17027**
**CLAUDE A. GRECO, Bar #18920**
**ANNE E. MEDO, #24556**
**MICHAEL E. HILL, Bar #25708**
**SPIRO G. LATSIS, Bar #24517**
Suite 1400, One Galleria Boulevard
P. O. Box 8288
Metairie, Louisiana 70001-8288
Telephone: (504) 836-6500
Counsel for Taylor-Seidenbach, Inc.
Our File 1070-60311-CKL/lbs

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___5___ day of ___JANUARY___, 2005,

served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing

the same by United States mail, properly addressed and first class postage prepaid.

_____

UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

EASTERN DISTRICT OF LOUISIANA

2005 JAN -3 PM 1: 23

|  |  |  |
|---|---|---|
| MURPHY EXPLORATION & | * | CIVIL ACTION |
| PRODUCTION COMPANY, AS | * | |
| CORPORATE SUCCESSOR TO THE | * | NO.  04-1554 |
| OWNER AND OPERATOR OF THE | * | |
| *JOHN HAYWARD* IN A CAUSE OF | * | SECTION J, MAG. 5 |
| ACTION FOR EXONERATION FROM, | * | |
| OR LIMITATION OF LIABILITY | * | |

LORETTA G. WHYTE
CLERK

---

## ANSWER AND CLAIM OF INGERSOLL-RAND COMPANY

NOW INTO COURT, though undersigned counsel, comes Ingersoll-Rand Company, for

answer to the complaint for limitation of liability by Murphy Exploration & Production Company

("Murphy"), and for claim against Murphy, alleges and avers as follows:

### First Defense

1.

Paragraphs I and XXII, as written, contain statements of law and/or mixed statements of

law and fact, and therefore do not require an answer.

2.

With respect to the allegations of fact contained in paragraph II, Ingersoll-Rand admits

the filing of the lawsuit.  Ingersoll-Rand denies the remaining allegations for lack of sufficient

information to justify a belief as to the truth of the matters contained therein.

3.

On information and belief, the allegations of paragraph III are admitted.

Fee_____
Process_____
X  Dktd_____
CtRmDep_____
Doc. No._____

4.

The allegations contained in paragraphs IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, and XIX are denied for lack of sufficient information to justify a belief in the truth of the matters contained therein.

5.

The allegations contained in paragraphs XV, XVIII, and XX are denied.

6.

The allegations contained in paragraphs XVI and XVII do not require a response from Ingersoll-Rand. To the extent the Court requires a response, Ingersoll-Rand admits that Jean Minas Baudoin and Claudette Nugier Baudoin have alleged claims for asbestos related injury related to his work aboard the *JOHN HAYWARD*.

7.

The allegations contained in paragraph XXI do not require a response.  However, Ingersoll-Rand reserves its right to seek an increase in the amount of security posted by Complainant.

8.

Complainant is not entitled to the relief sought in its prayer.

### Second Defense

The limitation fund is inadequate, and the complaint should be dismissed, or in the alternative, Complainant-in-limitation should be required to post additional security.  Ingersoll-Rand specifically reserves the right to contest the adequacy, sufficiency, and/or accuracy of the security provided.

### Third Defense

Ingersoll-Rand further responds that the damages caused by the *JOHN HAYWARD*, which form the basis of the petition entitled *Jean Minas Baudoin and Claudette Nugier Baudoin v. Union Carbide Corporation, et al.*, were caused by or the result of the unseaworthiness of the *JOHN HAYWARD* and/or the negligence, fault, or neglect of the vessel owners of the *JOHN HAYWARD*, all of which were within the actual, constructive and/or implied privity and/or knowledge of the Complainant-in-limitation.

### Fourth Defense

Murphy is not entitled to exoneration.

### II. CLAIM

AND NOW, for claim against the Complainant-in-limitation, and against the limitation fund, Ingersoll-Rand alleges and avers:

9.

Ingersoll-Rand realleges and reavers all of the above and foregoing allegations, with the same force and effect as if repeated in full and at length.

10.

Ingersoll-Rand Company is a New Jersey corporation authorized to do and doing business in the State of Louisiana.

11.

Jean Minas Baudoin and Claudette Nugier Baudoin have alleged damages caused by Mr. Baudoin's occupational exposure to asbestos and asbestos-containing products while employed by Murphy at various sites, including the *JOHN HAYWARD*.

12.

Jean Minas Baudoin and Claudette Nugier Baudoin filed suit against Claimant-in-limitation, Ingersoll-Rand, and others in Civil District Court for the Parish of Orleans, which suit is styled "*Jean Minas Baudoin and Claudette Nugier Baudoin v. Union Carbide Corporation, et al.*," bearing docket number 04-4423.

13.

On information and belief, at all relevant times, the drilling rig *JOHN HAYWARD* was in the care, custody, and control of Murphy and/or its predecessors in interest.

14.

On information and belief, the captain and/or crew of the drilling rig *JOHN HAYWARD* failed in their obligation and duty to ensure that the vessel was seaworthy.

15.

The acts, negligence, incidents, accidents, occurrences, losses of consortium, and/or exposures alleged by Jean Minas Baudoin and Claudette Nugier Baudoin were not caused or contributed to in any way by any fault and/or negligence of Ingersoll-Rand.

16.

To the extent that Ingersoll-Rand may be held responsible for the fault, liability, and/or negligence of Murphy Exploration, Ingersoll-Rand is entitled to complete indemnity from Complainant-in-limitation, Murphy.  Alternatively, Ingersoll-Rand is entitled to contribution from Complainant-in-limitation for its proportionate or virile share of any liability or damages which may be assessed against Ingersoll-Rand.

17.

This is an admiralty claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction over the claim by virtue of 28 USC § 1333.

WHEREFORE, claimant, Ingersoll-Rand Company, prays that Ingersoll-Rand recover judgment for contribution or indemnity against Complainant in limitation, Murphy Exploration & Production Company, or a credit or setoff equal to any liability attributed to Complainant in limitation, for any damages, losses and/or expenses adjudged against it as a result of the alleged asbestos exposure and for all general and equitable relief to which it is entitled.

Respectfully submitted,

LABORDE & NEUNER

BEN L. MAYEAUX #19042
MELISSA L. THERIOT #22628
JENNIE P. PELLEGRIN #25207
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, Louisiana 70503
Telephone: 337/237-7000   Fax: 337/233-9450
Attorneys for INGERSOLL-RAND COMPANY

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been forwarded to all known counsel of record via United States Mail, properly addressed, and postage prepaid, on this 29 day of December, 2004.

MELISSA L. THERIOT