JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL . 875

AUG - 1 2005

FILED
CLERK'S OFFICE

PLEADING NO. 4588

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY | * | |
| LITIGATION (NO. VI) | * | CIVIL ACTION NO. MDL 875 |
| ----------------------------------------------------- | * | |
| This Document Relates to: | * | |
| ----------------------------------------------------- | * | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MURPHY EXPLORATION & PRODUCTION | * | CIVIL ACTION |
| COMPANY, AS CORPORATE SUCCESSOR | * | |
| TO THE OWNER AND OPERATOR OF THE | * | NO. 04-1554 |
| *JOHN HAYWARD* IN A CAUSE OF ACTION | * | |
| FOR EXONERATION FROM, OR | * | SECTION J |
| LIMITATION OF LIABILITY | * | |
| | * | MAGISTRATE 5 |

## FAIRBANKS MORSE PUMP CORPORATION'S RESPONSE TO CLAIMANTS' MOTION FOR RECONSIDERATION OF TRANSFER ORDER

**NOW COMES** defendant-in-limitation, Fairbanks Morse Pump Corporation ("Fairbanks"), through undersigned counsel, and in opposition to the Motion for Reconsideration of Transfer Order filed by claimants, Jean Minas Baudoin and Claudette Nugier Baudoin ("claimants"), respectfully responds to claimants' averments as follows:

RECEIVED CLERK'S OFFICE
2005 AUG -1 PM 11:17
PANEL ON MULTIDISTRICT LITIGATION

IMAGED AUG - 2 2005

OFFICIAL FILE COPY

1.

Admitted.

2.

Admitted.

3.

Admitted.

4.

Admitted.

5.

Denied.

6.

Denied.

7.

Admitted.

8.

Admitted.

9.

Denied in part.  The state court action cannot proceed against Fairbanks unless and until

that all potential claims, including Fairbanks Morse Pump's claim for indemnity and/or

contribution, must be considered in determining liability within the limitation action.  *See generally*

*Belswenger Enterprises Corp. v. Carletta,* 86 F.3d 1032, 1996 AMC 2734 (5th Cir. 1996); *In re*

*Matter of Tidewater Marine, Inc.,* 249 F.3d 342 (5th Cir. 2001).

10.

Denied in part. Factual issues inherent in the limitation of liability proceeding, including whether asbestos-containing products were packaged, furnished, stored, handled, transported, installed and/or supplied aboard the *M/V Hayward* and whether Murphy Oil provided Jean Baudoin with a safe place to work are exactly the type of issues that MDL 875 was instituted to coordinate and consolidate. 46 U.S.C. § 183; In re Asbestos Products Liability Litigation, 771 F. Supp. 415 (J.P.M.L. 1991). Further, under maritime law, a plaintiff may recover his full damages from any one of two or more joint tortfeasors, leaving the tortfeasor to seek contribution or indemnity from his co-tortfeasors. *Transorient Navigators Co., S.A. v. M/S Southwind,* 788 F.2d 288 (5th Cir. 1986). Under this rule, the risk of non-collection is borne by the defendants and the plaintiff can collect the entire judgment from a single defendant, leaving to the defendants' allocations of fault amongst themselves. *Coats v. Penrod Drilling Corp.,* 61 F.3d 1113 (5th Cir. 1995). As an alleged joint and solidary obligor it is incumbent on Fairbanks Morse Pump to prove the fault and/or negligence of Murphy in this limitation action.

WHEREFORE, defendant-in-limitation, Fairbanks Morse Pump Corporation, respectfully avers that Claimants' Motion for Reconsideration of Transfer Order be denied and that this case remain in the consolidated Eastern District of Pennsylvania Multidistrict Litigation proceeding.

3

Respectfully submitted,

AULTMAN, TYNER & RUFFIN, LTD.

_____

GLENN L. M. SWETMAN (LSBA No. 21904)
TROY N. BELL (LSBA No. 20099)
JEANETTE S. RIGGINS (LSBA No. 27056)
MARIA C. PARDO (LSBA No. 27852)
JOHN E. UNSWORTH, III (LSBA No. 26738)
MILELE N. ST. JULIEN (LSBA No. 28446)
COURTNEY D. KENT (LSBA No. 29291)
400 Poydras Street, Suite 1900
New Orleans, LA  70130
(504) 528-9616

## ATTORNEYS FOR FAIRBANKS MORSE PUMP CORPORATION

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel listed in the attached Panel Service List by mail on this 29th day of July, 2005.

_____

JOHN E. UNSWORTH, III

RECEIVED
CLERK'S OFFICE

2005 AUG -1  A 11: 17

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

4

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | * |
| | * CIVIL ACTION NO. MDL 875 |
| -------------------------------------------------------- | * |
| This Document Relates to: | * |
| -------------------------------------------------------- | * |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MURPHY EXPLORATION & PRODUCTION | *     CIVIL ACTION |
| COMPANY, AS CORPORATE SUCCESSOR | * |
| TO THE OWNER AND OPERATOR OF THE | *     NO. 04-1554 |
| *JOHN HAYWARD* IN A CAUSE OF ACTION | * |
| FOR EXONERATION FROM, OR | *     SECTION J |
| LIMITATION OF LIABILITY | * |
| | *     MAGISTRATE 5 |

**FAIRBANKS MORSE PUMP CORPORATION'S OPPOSITION TO
CLAIMANTS' MOTION FOR RECONSIDERATION OF TRANSFER ORDER**

NOW INTO COURT, by and through undersigned counsel, comes defendant-in-

limitation, Fairbanks Morse Pump Corporation ("Fairbanks Morse Pump"), which files

its opposition to claimants' Motion for Reconsideration of Transfer Order as follows:

## I.   FAIRBANKS MORSE PUMP IS ENTITLED TO PROCEED WITH A CLAIM FOR INDEMNITY AND CONTRIBUITON AGAINST MUPRHY EXPLORATION & PRODUCTION COMPANY IN THE MDL

Fairbanks Morse Pump adopts, by reference, the statement of facts, standard for motion to remand, and all arguments presented by plaintiff-in-limitation, Murphy Exploration & Production Company ("Murphy") as if copied herein *in extenso.*

Fairbanks Morse Pump further addresses issues presented by claimants as to why this case is proper as to all parties, including defendants-in-limitation and why this matter is properly before this Honorable Court pursuant to 46 U.S.C. § 183 *et seq.* Fairbanks Morse Pump seeks indemnity and contribution from Murphy, and therefore Fairbanks Morse Pump is a "claimant" within the meaning of the Limitation Act, 46 U.S.C. § 183, *et seq. Odeco Oil and Gas Company, Drilling Division v. Bonnette*, 74 F.3d 671, 675 (5th Cir. 1996).

The Limitation of Liability Act, 46 U.S.C. § 183 *et seq.*, permits a vessel owner to limit the amount of liability in the event of maritime accidents or disaster. Unless the loss was caused by the vessel owner's own personal neglect or default, the Limitation of Liability Act enables the owner of the vessel to be sheltered from unlimited liability for potential damages sought. See, *e.g., Complaint of Three Buoys Houseboat Vacations U.S.A., Ltd.,* 878 F.2d 1096 (8 th Cir.1989). The Fifth Circuit has generally held that all potential claims, including the ones for indemnity or contribution, must be considered in determining liability within the limitation action. *See generally Belswenger Enterprises Corp. v. Carletta,* 86 F.3d 1032, 1996 AMC 2734 (5th Cir. 1996); *In re Matter of Tidewater*

*Marine, Inc.,* 249 F.3d 342 (5th Cir. 2001).

In the present matter, Murphy seeks to limit its liability not only to the claimant, but also as to all defendants-in-limitation, including Fairbanks Morse Pump.   As such, Fairbanks Morse Pump has a vested interest in seeking indemnity and/or contribution from Murphy for Jean Baudoin's asbestos-related claims that cannot be severed from the current litigation before this Honorable Court.

Generally, under maritime law, an employer has a duty to provide the employee-seaman with a safe place to work. *Levine v. Zapata Protein (USA) Inc.,* 961 F.Supp. 942 (E.D.La. 1996) citing *Vickers v. Tumey Corp.,* 290 F.2d 426 (5 th Cir. 1961).  This includes the employer's and/ or vessel owner's non-delegable absolute duty to provide a seaworthy vessel. *Ceja v. Mike Hooks, Inc.,* 690 F.2d 1191 (5th Cir. 1982); *Brister v. A.W.I., Inc.* 946 F.2d 350  (5th Cir. 1991).  Further, under maritime law, a plaintiff may recover his full damages from any one of two or more joint tortfeasors, leaving the tortfeasor to seek contribution or indemnity from his co-tortfeasors. *Transorient Navigators Co., S.A. v. M/S Southwind,* 788 F.2d 288 (5th Cir. 1986).  Under this rule, the risk of non-collection is borne by the defendants and the plaintiff can collect the entire judgment from a single defendant, leaving to the defendants' allocations of fault amongst themselves. *Coats v. Penrod Drilling Corp.,* 61 F.3d 1113 (5th Cir. 1995).  As an alleged joint and solidary obligor it is incumbent on Fairbanks Morse Pump to prove the fault and/or negligence of Murphy in this limitation action.  Therefore, Fairbanks Morse Pump's presence is necessary to support its claims for indemnity and/ or contribution against Murphy through the discovery, evidence, and other pre-trial proceedings that will occur in the MDL.

## II. FAIRBANKS MORSE PUMP'S PRESENCE IN THE CURRENT LITIGATION IS SUPPORTED BY CLAIMANT'S DEPOSITION TESTIMONY

On or about April 16, 2004, Jean Baudoin, claimant, was deposed in connection with his claims against Murphy and other defendants for his alleged asbestos exposure. Mr. Baudoin testified about his work experience and answered questions regarding the name brand, manufacturer, and his believed exposure to asbestos-containing products. Mr. Baudoin testified that he worked on ballast pumps on board the *M/V Hayward*, owned and operated by Murphy, and that those pumps may have been manufactured by Fairbanks Morse Pump. (Exhibit "A"- April 16, 2004 deposition of transcript of Jean Baudoin at pp 55, line 24- through p. 56.)

Relying on the aforementioned facts, Mr. Baudoin's believed exposure to asbestos-containing products potentially manufactured by Fairbanks Morse Pump requires further discovery to determine liability, if any.[1] By extension, Fairbanks Morse Pump has a right to participate in the limitation action so that it can prove its claim for indemnity-in-tort against Murphy for the unseaworthiness of *M/V Hayward* and Murphy's negligence for its failure to provide Mr. Baudoin with a safe place to work.

## III. FAIRBANKS MORSE PUMP IS ENTITLED TO PROCEED AS A DEFENDANT-IN-LIMITATION IN THIS ACTION

In the present matter, Fairbanks Morse Pump has standing as a defendant-in-

---

[1] Fairbanks Morse Pump does not stipulate that the pumps identified by Mr. Baudoin in his April 16, 2004 deposition were in fact manufactured by Fairbanks Morse Pump nor that the pumps contained asbestos products.

limitation to maintain its action against Murphy until liability of Murphy is determined in connection with the *M/V Hayward.* Fairbanks Morse Pump is an alleged joint tortfeasor which has a claim for contribution and indemnity for those actions of Murphy that made the *M/V Hayward* unseaworthy, including negligence for failure to properly maintain all equipment on board, namely the alleged ballast pumps that allegedly created an unreasonable risk or harm to Mr. Baudoin.  As such, Fairbanks Morse Pump opposes severing Mr. Baudoin's claims for asbestos exposure, and urges this court to maintain jurisdiction over the limitation-in-liability and allow Fairbanks Morse Pump to proceed as a defendant-in-limitation pursuant to 46 U.S.C. §183 *et seq.*

Fairbanks Morse Pump is entitled to remain in the federal forum until after discovery and litigation of *all* the alleged asbestos exposure theories, as they are all issues common to those found in MDL 875. *Petition of Paul F. Wood for Exoneration from or Limitation of Liability, 230 F.2d 197, 199 (2d Cir. 1956).*   Fairbanks Morse Pump filed its claims in the limitation proceeding and therefore it is entitled to participate in the MDL discovery and pretrial proceedings.

Respectfully submitted,

Aultman, Tyner, & Ruffin, Ltd.


GLENN L. M. SWETMAN (LSBA No. 21904)
TROY N. BELL (LSBA No. 20099)
JEANETTE S. RIGGINS (LSBA No. 27056)
MARIA C. PARDO (LSBA No. 27852)
JOHN E. UNSWORTH, III (LSBA No. 26738)
MILELE N. ST. JULIEN (LSBA No. 28446)
COURTNEY D. KENT (LSBA No. 29291)
400 Poydras Street, Suite 1900
New Orleans, LA  70130
Telephone Number:  (504) 528-9616
Facsimile:                (504) 528-9640

**ATTORNEYS FOR FAIRBANKS
MORSE PUMP CORPORATION**


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Opposition to Claimant's

Motion for Reconsideration of Transfer Order has been served upon all interested counsel

listed in the Panel's service list by depositing a copy of the same in the United States mail,

postage pre-paid on this 29th day of July 2005.


**JOHN E. UNSWORTH, III**

RECEIVED
CLERK'S OFFICE
2005 AUG -1  A 11:17
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE

CIVIL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JEAN MINAS BAUDOIN AND            \*

CLAUDETTE NUGIER BAUDOIN          \*

                                  \* NO. 2004-00423

VERSUS                            \*

                                  \* DIVISION "M"

UNION CARBIDE CORPORATION,        \*

ET AL.                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The deposition of JEAN MINAS BAUDOIN taken in his home
at 1221 North Shireview Circle, Abbeville, Louisiana,
70510, on Friday, the 16th day of April, 2004,
commencing at 10:54 a.m.

REPORTED BY:  Ellen Jolly Tanner, CCR #82014
              Registered Professional Reporter

CERTIFIED COPY

JEAN BAUDOIN

---

**Page 2**

APPEARANCES:

Attorney for the Plaintiff:
SANDRA JELKS, ESQUIRE
LeBlanc & Waddell
5353 Essen Lane, Suite 420
Baton Rouge, Louisiana 70809

Attorney for Union Carbide Corporation:

A. WENDEL STOUT, III, ESQUIRE
Deutsch, Kerrigan & Stiles
755 Magazine Street
New Orleans, Louisiana 70130-3672

Attorney for Murphy Exploration:
ROBERT S. EMMETT, ESQUIRE
Lemle & Kelleher, L.L.P.
Pan-American Life Center, 21st Floor
601 Poydras Street
New Orleans, Louisiana 70130

Attorney for Sulzer Pumps, Inc.:
CHRISTOPHER M. GUIDROZ, ESQUIRE
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000

Attorney for Taylor-Seindenbach:
SPIRO LATSIS, ESQUIRE
Hailey, McNamara, Hall, Larmann & Papale, L.L.P.
One Galleria Boulevard
Suite 1400
Metairie, Louisiana 70001

Attorney for McCarty Corporation:
JAMES R. GUIDRY, ESQUIRE
Simon, Peragine, Smith & Redfearn, L.L.P.
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000

---

**Page 3**

APPEARANCES (continued):

Attorney for Fairbanks Morse Pump:

GLENN L. M. SWETMAN, ESQUIRE
Aultman, Tyner & Ruffin, Ltd.
400 Poydras Street
Suite 1900
New Orleans, Louisiana 70130

Attorney for Freeport-McMoRan Energy, L.L.C.:

SCOTT C. SEILER, ESQUIRE
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, Louisiana 70139-5001

Attorney for Ingersoll-Rand Company:
MELISSA THERIOT, ESQUIRE
Laborde & Neuner
1001 West Pinhook Road, Suite 200
Lafayette, Louisiana 70505

Attorney for Caterpillar, Inc.:

ERIC SHUMAN, ESQUIRE
McGlinchey Stafford, P.L.L.C.
643 Magazine Street
New Orleans, Louisiana 70130

ALSO PRESENT: Debra Grover, Videographer

---

**Page 4**

INDEX

PAGE

EXAMINATION

By Mr. Stout. . . . . . . . . . . . . . . . . 7

By Mr. Swetman. . . . . . . . . . . . . . . 86

By Mr. Shuman . . . . . . . . . . . . . . . 101

By Mr. Guidry . . . . . . . . . . . . . . . 110

By Mr. Latsis . . . . . . . . . . . . . . . 110

By Mr. Guidroz. . . . . . . . . . . . . . . 111

By Mr. Seiler . . . . . . . . . . . . . . . 117

By Mr. Shuman . . . . . . . . . . . . . . . 132

By Ms. Theriot. . . . . . . . . . . . . . . 133

By Mr. Seiler . . . . . . . . . . . . . . . 139

By Mr. Emmett . . . . . . . . . . . . . . . 140

By Mr. Seiler . . . . . . . . . . . . . . . 170

By Mr. Stout. . . . . . . . . . . . . . . . 170

By Ms. Theriot. . . . . . . . . . . . . . . 202

REPORTER'S CERTIFICATE. . . . . . . . . . . . . . 204

WITNESS' CERTIFICATE. . . . . . . . . . . . . . . 205

---

**Page 5**

EXHIBIT INDEX

PAGE

"EXHIBIT #1". . . . . . . . . . . . . . . . . . 93
Photograph
"EXHIBIT #2". . . . . . . . . . . . . . . . . . 94
Photograph

"EXHIBIT #3". . . . . . . . . . . . . . . . . . 94
Photograph
"EXHIBIT #4". . . . . . . . . . . . . . . . . . 117
Diagram of a Pump

---

JEAN BAUDOIN

Page 6

STIPULATION

It is agreed and stipulated by and among counsel for the parties in the case above numbered and entitled that the testimony of the aforementioned witness is hereby taken for all purposes as authorized under the Louisiana Code of Civil Procedure;

That the witness shall be sworn by Ellen Jolly Tanner, RPR, Certified Court Reporter in and for the Parish of East Baton Rouge, State of Louisiana;

That all objections, save those as to the form of the question and the responsiveness of the answer are reserved until such time as this deposition, or any part thereof, may be used or sought to be used in evidence;

That the reading and signing of the deposition are not waived by the parties and by the witness;

That the original of the deposition is retained in the possession of A. Wendel Stout, Esquire.

Page 7

MS. GROVER:

In the Civil District Court for the Parish of Orleans, State of Louisiana, in the case of Jean Minas Baudoin and Claudette Nugier Baudoin versus Union Carbide Corporation, et al., we are taking the videotape deposition of Mr. Jean Baudoin.

Today's date is April 16th, 2004. The court reporter is Ellen Tanner. My name is Debra Grover. I'm the videographer.

We will swear in the witness, let counsel make their appearance, and we will begin.

* * * * * *

JEAN MINAS BAUDOIN, 1212 North Shireview Circle, Abbeville, Louisiana, 70510, after having been duly sworn, testified on his oath as follows:

BY MR. STOUT:

Q.  Mr. Baudoin, my name is Wendel Stout, and I represent Union Carbide Corporation, one of the defendants in the case. Before we finish introducing ourselves and making -- and beginning the deposition, I just have been asked by some of the defense to put on the record that it is our understanding that we are

Page 8

doing this deposition at this time because of the circumstances of the case, and that by attending and participating as we are, none of the defendants are waiving any exceptions or defenses that they might have. Is that -- I think that is agreeable?

MS. JELKS:

That is acceptable, yes.

MR. STOUT:

I will just go ahead and let everybody -- if everybody wants to introduce themselves.

MR. GUIDROZ:

My name is Chris Guidroz. I represent Sulzer Company.

MR. EMMETT:

Robert Emmett on behalf of Murphy Exploration.

MR. LATSIS:

Spiro Latsis. I am here on behalf of Taylor-Seidenbach.

MR. GUIDRY:

James Guidry on behalf of the McCarty Corporation.

MR. SHUMAN:

Eric Shuman for Caterpillar, Inc.

Page 9

MR. SWETMAN:

Max Swetman with Aultman, Tyner. I represent Fairbanks Morse Pump.

MR. SEILER:

Scott Seiler representing Freeport-McMoRan Energy, L.L.C.

MS. THERIOT:

Missy Theriot representing Ingersoll-Rand.

MS. JELKS:

Sandra Jelks for Mr. Baudoin.

BY MR. STOUT:

Q.  Okay. Mr. Baudoin, we are going to kind of jump right into the deposition. I guess, first, we need to have you identify yourself by your full name and your address. Could you do that for us?

A.  Jean Minas Baudoin, 1221 North Shireview, Abbeville, Louisiana.

Q.  Ms. Baudoin, when you were working either in the Navy or offshore, what did your co-workers or your friends call you?

A.  Minas.

Q.  Minas? Okay. We are going to -- We are here, as I am sure you are aware, because it has been alleged that you have contracted an asbestos-related disease at

JEAN BAUDOIN

**Page 54**

1  A.  Right.
2  Q.  What other kind of pumps would there or purposes
3  would pumps serve out there?
4  A.  We had like the salt water pump, the fresh water
5  pump, your drilling water pumps.  You had ballast
6  pumps.
7  Q.  As a -- As a motorman, would you be in charge of
8  maintaining all of the pumps no matter where they were
9  or just some of them?
10  A.  In the -- In the engine room, we did the
11  repacking of all of the pumps that would leak.
12  Whenever they started leaking, you had to repack them.
13  Q.  Okay.  And that -- Would that include all of the
14  pumps you have just mentioned?
15  A.  Right.
16  Q.  Okay.  Do you remember the brand -- I'm going to
17  go through it by type of -- by type of pump.  So just
18  talking about the drilling mud pumps, do you remember
19  what brand or make of drilling mud pumps were on the
20  JOHN HAYWARD?
21  A.  We had what they call the Mission pumps.
22  Q.  Is that a type or a brand?
23  A.  That was a -- I don't know.  They called them
24  Mission pumps.  That's what they had on the side of it,
25  so I imagine it was the brand number or whoever made

**Page 55**

1  it.
2  Q.  Okay.  And any other -- do you remember any other
3  brand or make of pump for the drilling muds other than
4  the Mission pumps?
5  A.  Mostly Mission pumps.
6  Q.  Okay.  How about the drilling water pumps?
7  A.  The drilling water pump was Mission pumps, too.
8  Q.  Okay.
9  A.  The salt water pumps.
10  Q.  Okay.  Salt water pumps were --
11  A.  Right.
12  Q.  They were Mission, too?
13  A.  Yes.  And your -- the drill water pump was
14  Bingham.
15  Q.  What water pump?
16  A.  Your drilling water pumps was Bingham.
17  Q.  Bingham?
18  A.  B-I-N-G -- whatever it was.
19  Q.  H-A-M?
20  A.  Yes.  Something like that.  Bingham.
21  Q.  Bingham?  How about fresh water pumps?
22  A.  That was -- I don't remember the name of them.
23  Q.  Okay.  How about the ballast, the ballast pump?
24  A.  The ballast pump was Fairbanks Morse pumps.
25  Q.  Okay.  Other than Mission, Bingham and Fairbanks

**Page 56**

1  Morse, do you remember any other brand names of pumps
2  on the JOHN HAYWARD rig?
3  A.  No.
4  Q.  Okay.  Now, with regard to the pump, is there
5  anything -- You mentioned the packing on the pump.  Is
6  there anything other than pump packing that you believe
7  may have caused you to become exposed to asbestos when
8  we are talking about pumps?
9  A.  Well, on the gaskets.
10  Q.  Okay.  Other than gaskets, is there anything
11  other than packing?
12  A.  No.  Packing and gaskets.
13  Q.  Can you -- Do you remember what particular brand
14  names or makes of pump packing that was used on the
15  JOHN HAYWARD?
16  A.  No.
17  Q.  Okay.  Let's talk about the drilling mud pumps.
18  Can you tell me about how often one might have to --
19  that you might have had to change the packing or add
20  packing?
21  A.  Probably every two or three months we had to
22  repack them.
23  Q.  Okay.  Is there any reason to believe that this
24  drilling mud pump -- pump packing contained asbestos?
25  A.  Well, I don't know what they had in it, you know.

**Page 57**

1  Q.  Okay.  Okay.  Is this -- I just want to make sure
2  I understand.  Is this like the chemical -- the
3  drilling mud chemicals and the cement in that if it
4  contained asbestos, you believe you were exposed to it?
5  A.  Right.
6  Q.  But you don't have any factual information --
7  A.  No.
8  Q.  -- as to whether it contained asbestos or not?
9  A.  No, I don't.
10  Q.  We will just have to find out from the pump --
11  A.  Right.
12  Q.  -- the packing manufacturer?  Do you -- Do you
13  know what supply house or distributor the pump packing
14  was purchased from when it -- by ODECO?
15  A.  I think when we first started, it was Standard or
16  something like that.
17  Q.  Standard Supply?
18  A.  Supply, yes.
19  Q.  Okay.  I think that is a distributor that I've
20  heard of.
21  A.  Yes.  And they had different distributors.  I
22  think they had Wilson, also, and they would get it, you
23  know, from different -- different supply houses.
24  Q.  Okay.  Well, I'm sure they in part maybe shop for
25  price and things of that nature?

JEAN BAUDOIN

Page 202

1      Sandy, I also want to get a HIPAA.  I
2   think they require originals.
3      MS. JELKS:
4         Oh, do they?
5      MR. STOUT:
6         Yes.
7      MS. JELKS:
8         Sharon typed Lemle's name.
9      (DISCUSSION OFF THE RECORD).
10     MR. STOUT:
11        You tired me out, sir.  Thank you very
12     much.  I am going to tender the witness.
13     MS. GROVER:
14        We are back on the record.
15  BY MS. THERIOT:
16  Q.  Were you ever treated at Lafayette General or had
17  any tests run?
18  A.  Yes.  That's where they did the -- when I had
19  that -- that fluid around the lung, that's where they
20  did the -- they went in there and scoped me, and took
21  biopsies of the lung.
22  Q   And was that Dr. Rosson you said?
23  A.  Dr. Malek.
24  Q.  Oh, okay.
25     MS. THERIOT:

Page 203

1         That's all of my questions.
2      THE WITNESS:
3         Thank you.
4      MR. STOUT:
5         Are we done?
6      MS. JELKS:
7         We're done.
8      MR. STOUT:
9         Okay.  Great.  Thank you very much.
10     THE WITNESS:
11        Thank you.
12     (WITNESS EXCUSED AT 2:19 P.M.).

Page 204

1   STATE OF LOUISIANA:
2   PARISH OF EAST BATON ROUGE:
3      This verification is valid only for a transcript
4   accompanied by my original signature and original blue
5   stamp seal on this page.
6      I, Ellen Jolly Tanner, Certified Court Reporter in
7   and for the State of Louisiana, as the officer before
8   whom this testimony was taken, do hereby certify that
9   the witness to whom oath was administered, after having
10  been duly sworn by me upon authority of R.S. 37:2554,
11  did testify as hereinbefore set forth in the foregoing
12  pages.
13     That this testimony was reported by me in the
14  stenotype reporting method, was prepared and
15  transcribed by me or under my personal direction and
16  supervision, and is a true and correct transcript to
17  the best of my ability and understanding.
18     That I am not related to counsel or to the
19  parties herein, nor am I otherwise interested in the
20  outcome of this matter.
21     Baton Rouge, Louisiana, on this date, _____.
22
23
       _____
       ELLEN JOLLY TANNER, RPR, CCR
24     Certificate No. 82014
25

Page 205

1   PARISH OF VERMILION:
2   STATE OF LOUISIANA:
3
4      I, JEAN MINAS BAUDOIN, the Plaintiff in the
5   above-captioned cause, do hereby certify that I have
6   read the above and foregoing and that it is a true and
7   correct transcription of the testimony given by me in
8   the matter of Jean Minas Baudoin and Claudette Nugier
9   Baudoin Versus Union Carbide Corporatoin, et al.,
10  Number 2004-00423, on the 16th day of April, 2004, in
11  the home of Mr. Baudoin, 1221 North Shireview Circle,
12  Abbeville, Louisiana, 70510, commencing at 10:54 a.m.
13
14     _____, Louisiana, this ____ day
15  of _____, 2004.
16
17
18     _____
       JEAN MINAS BAUDOIN
19
20  ORIGINAL TRANSCRIPT DELIVERED TO THE FOLLOWING
21  A. WENDEL STOUT, III, ESQUIRE
       Deutsch, Kerrigan & Stiles
22  755 Magazine Street
       New Orleans, Louisiana  70130-3672
23
24
25

STATE OF LOUISIANA:

PARISH OF EAST BATON ROUGE:

This verification is valid only for a transcript accompanied by my original signature and original blue stamp seal on this page.

I, Ellen Jolly Tanner, Certified Court Reporter in and for the State of Louisiana, as the officer before whom this testimony was taken, do hereby certify that the witness, to whom oath was administered, after having been duly sworn by me upon authority of R.S. 37:2554, did testify as hereinbefore set forth in the foregoing pages;

That this testimony was reported by me in the stenographic reporting method, was prepared and transcribed by me or under my personal direction and supervision, and is a true and correct transcript to the best of my ability and understanding;

That I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

Baton Rouge, Louisiana, on this date, _APR 3 0 2004_.

OFFICIAL SEAL
ELLEN J. TANNER
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 82014
Certificate expires 12-31-04

ELLEN JOLLY TANNER, RPR, CCR
Certificate No. 82014

JANET L. PARKER & ASSOCIATES, L.L.C.
P.O. BOX 3321, BATON ROUGE, LA 70821, 225-344-4559

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 1 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY      *
LITIGATION (NO. VI)                     *      CIVIL ACTION NO. MDL 875
--------------------------------------------------------      *
This Document Relates to:               *
--------------------------------------------------------      *

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MURPHY EXPLORATION & PRODUCTION      *      CIVIL ACTION
COMPANY, AS CORPORATE SUCCESSOR      *
TO THE OWNER AND OPERATOR OF THE     *      NO. 04-1554
*JOHN HAYWARD* IN A CAUSE OF ACTION  *
FOR EXONERATION FROM, OR             *      SECTION J
LIMITATION OF LIABILITY              *
                                     *      MAGISTRATE 5

## CERTIFICATE

Undersigned counsel certifies that the following counsel were served with Fairbanks

Morse Pump Corporation's Brief in Opposition to Claimants Motion for Reconsideration of

Transfer Order, Fairbanks Morse Pump Corporation's Response to Claimants' Motion for

Reconsideration of Transfer Order and Certification, via U. S. mail, on July 29, 2005.

Richard C. Binzley, Esq.
Thompson Hine, LLP
127 Public Square, 3900 Key Center
Cleveland, Ohio  44114
***Lead Counsel for Defendants (in the
Seamen Cases)***

Edward J. Cass, Esq.
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, Ohio  44115
***Counsel for Goodall Defendants***

Adam N. Chud, Esq.
Shea & Gardner
1800 Massachusetts Avenue, N.W.
Washington, D.C.  20036
***JPML Service Counsel for Center for Claims Resolution***

David A. Damico, Esq.
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, Pennsylvania  15212

***Counsel for Fela Defendants***
Raymond P. Forceno, Esq.
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, Pennsylvania  19106-2574
***Counsel for Fela Plaintiffs***

Ellen B. Furman, Esq.
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, Pennsylvania  19103
***National Counsel***

Susan M. Hansen, Esq.
Brownson & Baltou
4800 U.S. Bank Place
601 Second Avenue, South
Minneapolis, Minnesota  55402
***National Counsel***

Reginald S. Kramer, Esq.
Oldham & Dowling
195 South Main Street
Suite 300
Akron, Ohio  44308-1314
***National Counsel***

David C. Landin, Esq.
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia  23219
***Counsel for Peripheral Defendants***

Gene Locks, Esq.
Greitzer & Locks
1500 Walnut Street
Philadelphia, Pennsylvania  19102
***Plaintiffs' Liaison Counsel***

Ronald L. Motley, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina  29264
***Plaintiffs' Liaison Counsel***

John J. Repcheck, Esq.
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, Pennsylvania  15219
***Counsel for Peripheral Defendants***

John D. Roven, Esq.
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, Texas  77018
***Counsel for Fela Plaintiffs***

Richard D. Schuster, Esq.
Vory's Sater, Seymour & Pease, LLP
52 East Gay Street
Post Office Box 1008
Columbus, Ohio  43216
***National Coordinating Counsel for B. F. Goodrich Co.***

Neil Selman, Esq.
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, California  90025
**National Counsel**

Robert N. Spinelli, Esq.
Kelley, Jasons, McGuire & spinelli, LLP
Centre Square West
15th Floor
Philadelphia, Pennsylvania  19102
**Defendants Liaison Counsel**

Robert E. Swickle, Esq.
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, Michigan  48226
**National Counsel**

Andrew J. Trevclise, Esq.
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, Pennsylvania  19103
**Defendants' Liaison Counsel**

James K. Weston, II, Esq.
Tom Riley Law Firm
4040 First Avenue, N.E.
Post Office Box 998
Cedar Rapids, Iowa  52406
**National Counsel for Raymark Industries, Inc.**

Sandra A. Jelks, Esq.
LeBlanc & Waddell, L.L.C.
5353 Essen Ln., Suite 430
Baton Rouge, LA  70809
**Counsel for Claimants Jean Minas Baudoin and Claudette Nugier Baudoin**

Scott R. Bickford, Esq.
338 Lafayette Street
New Orleans, Louisiana  70130
**Counsel for Claimants Jean Minas Baudoin and Claudette Nugier Baudoin**

Stephen Elliott, Esq.
Bernard, Cassisa, Elliot & Davis
1615 Metairie Road
Metairie, LA  70055-5490
**Counsel for Claimant, Reilly-Benton Company, Inc.**

Christopher M. Guidroz, Esq.
Mr. James R. Guidry
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA  70163-3000
**Counsel for Claimant, Sulzer Pumps, Inc.**

JAMES H. DAIGLE, Esq.
ROBERT S. EMMETT, Esq.
Lemle & Kelleher, L.L.P.
21st Floor
601 Poydras Street
New Orleans, LA 70130
**Counsel for Plaintiff-in-Limitation, Murphy Exploration & Production f/k/.a ODECO Drilling & Exploration Company**

Susan B. Kohn, Esq.
Simon, Peragine, Smith & Redfearn, L.L.P.
1100 Poydras St., Suite 3000
New Orleans, LA  70163-3000
**Counsel for Claimant, McCarty Corporation**

Eric Shuman, Esq.
McGlinchey Stafford, P.L.L.C.
643 Magazine St.
New Orleans, LA  70130
**Counsel for Claimant, Caterpillar, Inc.**

Michelle Allen-Hart, Esq.
Abbott Simses & Kuchler
400 Lafayette Street
Suite 200
New Orleans, LA 70130
**Counsel for Claimant, Union Carbide Corporation**

Ben L. Mayeaux, Esq.
LaBorde & Neuner
Post Office Drawer 52828
One Petroleum Center, Suite 200
Lafayette, LA 70505-2828
**Counsel for Claimant, Ingersoll-Rand Company**

C. Kelly Lightfoot, Esq.
Hailey, McNamara, Hall,
Larmann & Papale
One Galleria Blvd., Suite 1400
Post Office Box 8288
Metairie, LA 70011-8288
**Counsel for Claimant, Taylor Siedenbach**

Jill Losch, Esq.
Liskow & Lewis
One Shell Square, 50th Floor
New Orleans, LA 70139-5001
**Counsel for Claimant, Freeport-McMoran Energy, L.L.C.**

Respectfully submitted,

Aultman, Tyner, & Ruffin, Ltd.


GLENN L. M. SWETMAN (LSBA No. 21904)
TROY N. BELL (LSBA No. 20099)
JEANETTE S. RIGGINS (LSBA No. 27056)
MARIA C. PARDO (LSBA No. 27852)
JOHN E. UNSWORTH, III (LSBA No. 26738)
MILELE N. ST. JULIEN (LSBA No. 28446)
COURTNEY D. KENT (LSBA No. 29291)
400 Poydras Street, Suite 1900
New Orleans, LA 70130
Telephone Number:   (504) 528-9616
Facsimile:            (504) 528-9640

**ATTORNEYS FOR FAIRBANKS
MORSE PUMP CORPORATION**

5

## CERTIFICATE OF SERVICE

The foregoing was served on all parties or their attorneys of record by delivering by U.S. mail a copy to them, postage prepaid and properly addressed, this _29th_ day of _July_ 2005.

_J E Unsworth_