

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MDL. 875

AUG - 4 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | | |
|---|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §§<br>§§<br>§§<br>§§<br>§§ | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| LINDA VAUGHN,<br><br>    Plaintiff,<br><br>v.<br><br>BORG WARNER CORPORATION, et al.,<br><br>    Defendants. | §§<br>§§<br>§§<br>§§<br>§§<br>§§<br>§§<br>§§<br>§§<br>§§<br>§§ | CIVIL CASE NO. 8:05-CV-978 |

## MOTION TO VACATE THE
## CONDITIONAL TRANSFER ORDER

Plaintiff, pursuant to Rule 12(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, moves the Panel to vacate its Order of July 7, 2005, conditionally transferring the above-captioned case from the United States District Court for the Middle District of Florida, Tampa Division. This motion is based on the attached Brief in Support of Motion to Vacate Conditional Transfer Order and such other materials as may be presented to the Panel at the time of the hearing on the motion.

Pursuant to Rule 12(c), Plaintiff requests the Clerk to set this motion for hearing at the next session of the Panel.

**OFFICIAL FILE COPY**   IMAGED AUG - 5 2005

Respectfully Submitted,

_____
David M. Lipman
Fla. Bar No.: 280054

Rebecca S. Shull
Fla. Bar No.: 0529915

David M. Lipman, PA
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
(305) 667-3361 Facsimile

JONATHAN RUCKDESCHEL
Fla. Bar No.: 0012875
The Ruckdeschel Law Firm, LLC
1635 Webster Street
Baltimore, Maryland 21230
(443) 286-8858

ATTORNEYS FOR PLAINTIFFS

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 4 2005

FILED
CLERK'S OFFICE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order has been served by U.S. Mail on all counsel of record on the attached service list and Panel service list, pursuant to (MDL - CTO 249).

Rebecca S. Shull

2005 AUG -4 A 10: 16
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

VAUGHN - CERTIFICATE OF SERVICE

M. Stephen Smith, Esq.
Robert Hanreck, Esq.
RUMBERGER, KIRK & CALDWELL
80 S.W. 8th Street, Suite 3000
Miami, Florida 33130
For HENNESSY INDUSTRIES

Jonathan C. Hollingshead Esq.
Fisher, Rushmer, Werrenrath, Dickson, Talley
20 North Orange Avenue, Suite 1500
First Union Building, P.O. Box 712
Orlando, Florida 32802-0712.
For BORG-WARNER CORPORATION

Evelyn M. Fletcher, Esq.
HAWKINS and PARNELL, LLP
303 Peachtree Street, N.E.
40th Floor
Atlanta, GA 30308
For DANA CORPORATION and MAREMONT CORP.

Jeffrey M. Bell, Esq.
Douglas B. Melamed, Esq.
BELL & MELAMED, L.L.C.
Spectrum Park I
4901 N.W. 17th Way, Suite 302
Fort Lauderdale, Florida 33309
Telephone: 954/489-2331
Facsimile: 954/489-2332For: DAIMLER CHRYSLER CORPORATION

Henry P. Bell, Esq.
Salas Ede Peterson & Lage
6333 Sunset Drive
South Miami, Florida 33143
For Defendant: DETROIT DIESEL CORP. and FORD MOTOR COMPANY and GENERAL MOTORS CORPORATION

Rodd R. Buell, Esq.
RODD R. BUELL, P.A.
11883 Maidstone Drive
Wellington, Florida 33414
For HONEYWELL

Susan J. Cole, Esq.
Kathleen M. LaBarge, Esq.
BICE COLE LAW FIRM, PL
2801 Ponce De Leon Blvd.
Suite 550
Coral Gables, Florida 33134
For KELSEY-HAYES

Thomas M. Burke, Esq.
Chris N. Kolos, Esq.
HOLLAND & KNIGHT, LLP
200 South Orange Avenue
Suite 2600
P.O. Box 1526 (32802-1526)
Orlando, Florida 32801
For MACK TRUCKS, INC., and NAVISTAR INTERNATIONAL TRANSPORTATION CORP.

Ben Girtman, Esq.
1020 East Lafayette Street,
Suite 207
Tallahassee, Florida 32301
For PNEUMO ABEX

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 4 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | §§<br>§§<br>§§    MDL DOCKET NO. 875<br>§§<br>§§ |

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| LINDA VAUGHN,<br><br>    Plaintiff,<br><br>v.<br><br>BORG WARNER CORPORATION, et al.,<br><br>    Defendants. | §§<br>§§<br>§§<br>§§<br>§§<br>§§    CIVIL CASE NO. 8:05-CV-978<br>§§<br>§§<br>§§<br>§§ |

### BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER

#### I. PRELIMINARY STATEMENT

Plaintiff, LINDA VAUGHN, respectfully files this brief in support of her Motion to Vacate the Conditional Transfer Order (CTO 249) entered by the Judicial Panel on Multidistrict Litigation on July 07, 2005. Pursuant to the Panel Rules 5.12 (a), 5.13 and 7.4 (d), this Brief to Vacate the Conditional Transfer Order is being filed in support of Plaintiff's Motion to Vacate, and her Notice of Opposition, filed on July 20, 2005, in accordance with Panel Rule 7.4 (b)(See Notice of Opposition attached as Exhibit A). This submission is being filed within 15 days of filing of the Notice of Opposition. For the reasons stated below, the Conditional Transfer Order

should be vacated so that Plaintiff can proceed in the timely resolution of her claim in state court.

Decedent Thomas Ferguson succumbed to the rare, incurable asbestos cancer known as mesothelioma. Mr. Ferguson contracted mesothelioma, an asbestos induced cancer of the lining of the pleura, as a result of being exposed to and inhaling asbestos-containing while working as a mechanic. On May 24, 2004, Defendants improperly removed this matter for the second time to Federal Court claiming diversity of citizenship based on a the alleged fraudulent joinder of Defendant Freightliner of Tampa, LLC. Plaintiff has filed a Motion for Remand which discusses procedural and substantive defects of Defendants'' removal in this case. Accompanying this Motion for Remand, Plaintiff requested a hearing to address the second improper removal of this case. This case is pending before United States District Court Judge Susan Bucklew who remanded this case after its first removal in April 1005.

The purpose of the MDL is to preserve scarce judicial resources by consolidating pretrial administration of asbestos cases. Here, the purposes of the MDL would be frustrated if the CTO is not vacated. Judge Bucklew has already spent valuable time considering the lengthy written submissions of the parties related to Plaintiff''s first remand before granting Plaintiff''s first remand. In addition, Judge Bucklew is considering the second remand related submissions of the parties. If the CTO is not vacated, the Panel will have to duplicate all of the hard work already spent on this issue by Judge Bucklew. Moreover, the resulting delay will gravely prejudice Ms. Vaughn, as it will cause additional delay to the resolution of this action on behalf of her father, Thomas Ferguson. Vacating the CTO so that Judge Bucklew can rule on the Motion to Remand is similarly consistent with settled law. Despite the fact that the Panel entered its Conditional Transfer Order before the District Court Judge was able to rule on the Motion for

Remand, that Judge has not lost jurisdiction over the case and, therefore, can make a determination as to Plaintiff's Remand Motion. <u>Faulk v. Owens-Corning Fiberglas Corp., et al.</u>, 48 F. Supp. 2d 653, 657 (E.D. Tex. 1999); *See* Panel Rule 1.5, 181 F.R.D. 1,3 (1998); *See also* <u>Bartley v. Borden, Inc. et al.</u>, 1996 WL 68482 (E.D. La. 1996)(citing Panel Rule 18 which states that the pendency of a conditional transfer order ""does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court"" within the fifteen day period.)

Plaintiff filed her Notice of Opposition to CTO-249 within the prescribed fifteen-day period. Therefore, transmittal of the CTO was stayed and continues to be stayed until further action by the Panel. Finally, since the case has not been finally transferred, but only ""provisionally"" transferred, pending a final decision on transfer, it is still technically pending in the original district court to which it was removed. Thus, not only does the United States District Court judge retain jurisdiction to rule on the Motion for Remand before him, but he may promptly do so and preserve the Plaintiff's right to a timely resolution of her claim[1].

As stated in her Notice of Opposition, preservation of scarce judicial resources and Plaintiff's right to pursue her cause of action based on state common-law products liability

---

[1] In fact, the Chairman of the Judicial Panel on Multidistrict Litigation, the Honorable William Terrel Hodges in correspondence to District Courts, specifically addressed the continuing ability of transferor courts to rule on motions similar to Plaintiff's Motion for Remand currently before the United States District Court for the Middle District of Florida:

> Thus your jurisdiction continues until any transfer becomes becomes effective. If you have a motion pending before you in the action — ***particularly a motion to remand to state court*** (if the action was removed to your court) — you are ***encouraged*** to rule on the motion...

<u>Shields v. Bridgestone/Firestone, et al.</u>, 232 F. Supp. 715, 718, fn. 1 (E.D. Texas 2002) (emphasis in the original).

claims during her lifetime mandate that the district court to which the case was removed should resolve Plaintiff''s Motion for Remand. If this Motion to Vacate the CTO is denied, the MDL Court will be forced to consider Plaintiff''s Motion for Remand, already briefed and argued to the original district court to which it was removed, applying unfamiliar substantive law of a foreign state. This need to preserve scare judicial resources was recognized by the district court in Shields v. Bridgestone/Firestone, et al., 232 F. Supp. at 718, fn.1. As in this case, the defendants in Shields removed claiming diversity jurisdiction based on fraudulent joinder and then immediately filed a motion to stay pending transfer to MDL. The district court denied the motion to stay and determined that since the grounds raised in the plaintiffs'' motion to remand were specifically related to the facts of that case and to forum state law,

> There is no risk of needlessly expending the court''s resources in ruling on the merits of the motion to remand. ***Rather, this court''s adjudication on the merits will prevent another court, already burdened due to the litigation arising out of the same facts, from having to spend its limited resources on a matter this court is perfectly capable of deciding***.

Id. at 718 (emphasis added).

It is well-settled federal jurisdiction law that the parties seeking removal must overcome the *heavy* burden of establishing jurisdiction. Marathon Oil Company v. Ruhrgas, 115 F. 3d 315, 318-19 (5th Cir. 1997)(emphasis added); B., Inc. v. Miller Brewing Company, 663 F. 2d 545, 549 (5th Cir. 1980). An action cannot be transferred to MDL pursuant to 28 USC §§ 1407 unless the district court in which it is pending has subject matter jurisdiction over the case. BancOhio Corp. v. Fox, 516 F. 2d 29, 323 (6th Cir. 1975); In re: Methyl Tertiary Butyl (""MTBE"") Products Liability Litigation, 175 F. Supp. 2d 593, 603, fn. 9 (S.D. New York 2002), *see also* Wright & Miller, 15 Fed. Prac. & Proc. Juris. 2d §§3863. The identical logic from the BancOhio case is relied upon in Farkas v. Bridgestone/Firestone, Inc., 113 F. Supp. 2d. 1107 (W.D. Kentucky

2000). In Farkas, the District Court found that the issue of whether the transferor court has subject matter jurisdiction is paramount and must be resolved **before** deciding whether to stay or transfer the case to the panel on MDL. The court found:

> ...While other courts may have focused on the fairness and efficiency of the MDL solution, *this Court believes that the issue of the subject matter jurisdiction is even more fundamental than considerations of efficiency or fairness. As a court of limited jurisdiction, this Court does not have the power to decide the issues beyond the authority granted by Congress.* (emphasis added).

Farkas v. Bridgestone/Firestone, Inc., 113 F. Supp. 2d 1107, 1115 (W.D. Kentucky 2000).

In this case, Plaintiff seeks remand because the removal is both procedurally and substantively defective and is untimely and improper. Because there is no basis for federal jurisdiction, Plaintiff LINDA VAUGHN respectfully requests that her Motion to Vacate the CTO be granted, so that the court to which the case was removed may resolve Plaintiff's Motion for Remand.

Respectfully submitted,

_____
David M. Lipman
Fla. Bar No. 280054

Rebecca S. Shull
Fla. Bar No.: 0529915

DAVID M. LIPMAN, PA
5901 S.W. 74TH Street, Suite 304
Miami, Florida 33143
(305) 662-2600
(305) 667-3361 Facsimile

JONATHAN RUCKDESCHEL
Fla. Bar No.: 0012875
The Ruckdeschel Law Firm, LLC
1635 Webster Street
Baltimore, Maryland 21230
(443) 286-8858

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CERTIFICATE OF SERVICE

AUG - 4 2005

FILED
CLERK'S OFFICE

I hereby certify that a true and correct copy of this Motion to Vacate the Conditional Transfer Order has been served by facsimile and U.S. Mail on all counsel of record (Schedule CTO - 249 /Docket No. 875), in additional to the counsel listed below on this 3rd day of August, 2005.

REBECCA S. SHULL



# PANEL SERVICE LIST (Excerpted from CTO-249)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Linda Vaughn, etc. v. Borg-Warner Corp., et al.*, M.D. Florida, C.A. No. 8:05-978 (Judge Susan C. Bucklew)

Jeffrey M. Bell
Bell & Melamed
Spectrum Park I
4901 N.W. 17th Way
Suite 302
Ft. Lauderdale, FL 33309

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

Susan J. Cole
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Jonathan C. Hollingshead
Fisher, Rushmer, Werrenrath, Dickson,
Talley & Dun
20 N. Orange Avenue
Suite 1500
P.O. Box 712
Orlando, FL 32802-0712

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
P.O. Box 1526
Orlando, FL 32801

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Rebecca S. Shull
David P. Lipman, P.A.
5901 S.W. 74th Street
Suite 304
Miami, FL 33143

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG -4 2005

FILED
CLERK'S OFFICE

# EXHIBIT "A"

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS LIABILITY            CIVIL ACTION MDL 875
LITIGATION (NO. VI)

_____

This Document Relates To:

United States District Court
Middle District of Florida

Linda Vaughn v. Borg-Warner, et al; C.A. No.:05-978

**NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER (CTO-249)**

    Plaintiff, LINDA VAUGHN, by undersigned counsel, hereby files this Opposition to Conditional Transfer Order (CTO-249), pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and states as follows:

    This case is an asbestos products liability claim. Thomas Ferguson succumbed to the rare, incurable asbestos cancer known as mesothelioma. Mr. Ferguson contracted mesothelioma, an asbestos induced cancer of the lining of the pleura, as a result of being exposed to and inhaling asbestos-containing dust throughout his lifetime working on vehicles.

    This action was originally filed by Thomas and Rosemarie Ferguson in Hillsborough County, Florida against various manufacturers and distributors of asbestos-containing products asserting state common-law products liability claims. After Mr. Ferguson's demise, the Hillsborough County Circuit Court entered an Order grating Plaintiff, LINDA VAUGHN'S, Mr. Ferguson's daughter, Motion to Substitute Parties and Amend the Complaint to assert a wrongful

death action. Complete diversity of citizenship has never existed during the course of this action. However, Defendants have improperly removed this case for the second time to the United States District Court for the Middle District of Florida based on alleged fraudulent joinder of Freightliner of Tampa, LLC.

Plaintiff, LINDA VAUGHN, filed a substantial Remand Brief in the United States Court for the Middle District of Florida detailing the dispositive reasons that the second removal of this case is improper. Thereafter, Defendants submitted oppositions to Plaintiff's second remand submission. There has been no ruling on these issues.

Plaintiff, LINDA VAUGHN, respectfully files this Opposition to the Conditional Transfer Order (CTO-249) based on the fact that this case was previously remanded by the United States District Court for the Middle District. As such, the United States District Court for the Middle District has considered the pending issues previously. This case should not be transferred as a matter of judicial economy. If this case is transferred to the MDL before the United States District Court rules, the parties would have to resubmit remand briefs and oppositions to another Court. This would require yet another Court to devote its scarce judicial resources to entertain issues that have already been briefed and submitted to another Federal Court for the second time. In addition, Plaintiff LINDA VAUGHN's right to trial on behalf is sacrosanct. Should this case be transferred to the MDL before the United States District Court for the Middle District of Florida renders an opinion on the second remand issue, the need to argue the second remand related issues to another Court will cause additional unnecessary delay to Ms. Vaughn's case.

WHEREFORE, Plaintiff LINDA VAUGHN respectfully files this Notice of Opposition to the Conditional Transfer. Furthermore, Ms. Vaughn requests that this Court deny the transfer

of this Case to the Multidistrict Litigation to enable the District Court for the Middle District of Florida to render its decision on the remand matters presently before that court.

Respectfully Submitted,

DAVID M. LIPMAN
Fla. Bar No.: 280054

REBECCA S. SHULL
Fla. Bar No.: 0529915

DAVID M. LIPMAN, P.A
5901 S.W. 74th Street, Suite 304
Miami, Florida 33143
(305) 662-2600
Fla. Bar No.: 280054

JONATHAN RUCKDESCHEL
Fla. Bar No. 0012875

THE RUCKDESCHEL LAW FIRM
1635 Webster Street
Baltimore, Maryland 21230
(443) 286-8858

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Mail and U.S. Mail this 19th day of July, 2005 to all Counsel of Record on Attached Service List.

REBECCA S. SHULL

FERGUSON - CERTIFICATE OF SERVICE