ORIGINAL

MDL  875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 5 2005

FILED
CLERK'S OFFICE

1
2
3
4
5
6
7
8
9   **BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

10

| | | |
|---|---|---|
| 11 | IN RE ASBESTOS PRODUCTS ) LIABILITY LITIGATION (NO. VI) ) | MDL Docket No. 875 |
| 12 | ) | |
| 13 | This document relates to: ) ) | D. Oregon, C.A. No. 3:05-706 (Judge Dennis J. Hubel) |
| 14 | HOWARD WOOD, ) ) | |
| 15 | Plaintiff, ) ) | NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER |
| 16 | vs. ) ) | ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF |
| 17 | ALLIS-CHALMERS CORPORATION ) PRODUCT LIABILITY TRUST, et al., ) | SCOTT NIEBLING IN SUPPORT |
| 18 | Defendants. ) | |

19

20      PLEASE TAKE NOTICE THAT Plaintiff HOWARD WOOD, by his attorneys, hereby

21  moves to vacate or stay Conditional Transfer Order No. 249, to the extent it would transfer his

22  case to the Eastern District of Pennsylvania for consolidation with MDL 875 cases, until such

23  time as the United States District Court for the District of Oregon decides a fully briefed motion

24  to remand, which may be decided at any time.  Plaintiff bases this motion on the ground that

25  removal of this action from state court was  procedurally defective, the removing defendant's

26  arguments in favor of removal are without merit, the District of Oregon is better situated to

27  decide the unique factual issues and questions of Oregon law that are pertinent to the remand

28  ///

**OFFICIAL FILE COPY**

IMAGED AUG - 8 2005

1    motion, and there are no issues raised by the remand motion that would be uniquely raised in

2    asbestos cases.

3    Dated:  August 3ᵈ, 2005                    BRAYTON  PURCELL LLP

4

5                                          By:  _Scott Niebling_

6                                               Scott Niebling
                                               Brayton ❖ Purcell, LLP

7                                               621 SW Morrsion Street, Suite 950
                                               Portland, OR 97205

8                                               (503) 295-4931
                                               Attorneys for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN
SUPPORT OF MOTION;  DECLARATION OF SCOTT NIEBLING IN SUPPORT

**MEMORANDUM IN SUPPORT OF MOTION TO VACATE OR STAY**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 5 2005

FILED
CLERK'S OFFICE

## I.

## STATEMENT OF FACTS

1.      On **April 14, 2005,** Howard Wood filed this action for personal injuries arising out of his exposure to asbestos.  Plaintiff served a copy of the complaint via certified United States mail on **April 20, 2005**, and Defendant DaimlerChrysler acknowledged receipt of the complaint on **April 22, 2005.**  Declaration of Scott Niebling, Exhibit A.

2.      On **April 20, 2005**, plaintiff also served the complaint on nine other defendants via certified United States mail.  Niebling Declaration, ¶ 3 and Exhibit B thereto.

3.      Ignoring the procedural requirements that a removing defendant obtain the unanimous consent of all served defendants within the statutory thirty days for removal, DaimlerChrysler filed a Notice of Removal on **May 18, 2005**, alleging that this case is removable based on its arising on a federal enclave (Fort Ord, California; Camp Roberts, California; and Fort Lewis, Washington).  Niebling Declaration, Exhibit C.

4.      On June 17, 2005, plaintiffs filed a motion to Remand.  Niebling Declaration, ¶ 5 and Exhibit D thereto.

5.      Removing defendant DaimlerChrysler filed papers opposing the Motion to Remand on July 1, 2005.  Niebling Declaration, ¶ 6 and Exhibit E thereto.

6.      Plaintiffs filed their reply on July 12, 2005, and the matter is now fully briefed. Niebling Declaration, ¶ 7 and Exhibit F thereto.

7.      The matter is now awaiting oral argument of the remand motion.  Niebling Declaration, ¶ 8.  Thus, the motion may be heard and decided at any time.

## II.

## ARGUMENT

**A.      DaimlerChrysler's Removal of This Case Was Patently Improper**

8.      This case presents a clear and overt failure to follow the mandatory procedural requirements for the removal of a case from state court.  DaimlerChrysler filed its Notice of

1   Removal acknowledging that it was required to obtain the unanimous consent of all other

2   served defendants, and that it had not done so.  Niebling Declaration, ¶ 4 and Exhibit C thereto.

3       9.      DaimlerChrysler addresses its failure to obtain the consents of its co-defendants

4   by conceding in its Response that all defendants must consent to removal and that such consents

5   must be filed within the same thirty-day time for removal.  Niebling Declaration, Exhibit E, pp.

6   2-3.  It then asserts that it can simply ignore this requirement because it is, "at most, a

7   procedural defect not directly addressed by the rules."  Niebling Declaration, Exhibit E, p. 3.

8       10.     The problem with that argument is that the removal statute requires all

9   defendants to consent, and courts have held that this requirement is mandatory.

10      11.     To demonstrate to the panel the lack of merit of defendant's removal arguments,

11  plaintiff discusses here the merits of the remand motion:

12              **1.      Defendant Cannot Ignore the Procedural Requirements for
                 Removal.**

13

14      12.     DaimlerChrysler claims it can simply ignore the procedural requirements for

15  removal.  But no courts have so held, and the cases defendant cited in its Response do not

16  support this proposition.  Courts have noted that the removing party must prove not only that

17  the court has jurisdiction, but also that the party has complied with the procedural requirements

18  for removal. *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd,* 482

19  U.S. 386 (1987).  A removing defendant must file its petition for removal within thirty days of

20  being served with the summons and complaint (28 U.S.C. § 1446(b)), and all defendants who

21  were served at the time the removal petition was filed must timely join in the removal.

22  *Albonetti v. GAF Corporation Chemical Group*, 520 F.Supp. 825, 827 (S.D. Texas, Galveston

23  Division 1981).

24      13.     Contrary to DaimlerChrysler's assertion, courts have held that, because removal

25  is a right created by statute, the procedural requirements are mandatory.  *McShares v. Barry*,

26  979 F.Supp. 1338, 1342 (D. Kansas 1997).  Moreover, "'[t]he consent of all defendants to

27  removal is not a mere technicality, but an important part of the burden carried by the party

28  seeking removal jurisdiction.'" *Ross v. Thousand Adventures of Iowa, Inc.,* 163 F.Supp.2d

1044, 1050 (S.D. Iowa 2001). "A court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Alabama 2000).

14.     Although removing defendant filed its Notice of Removal within thirty days of service, it failed to obtain the consent of several other served defendants within the statutory thirty-day period for removal. DaimlerChrysler received the complaint on April 22, 2005. Niebling Declaration, ¶ 2. It, therefore, had until May 23, 2005[1], in which to remove *and* obtain the written consent of all served co-defendants. Defendant filed its Notice of Removal on May 18, 2005. Niebling Declaration, Exhibit C. Although several other defendants eventually filed their consents, all of these consents were late, and thus, removal was improper as a matter of law. Niebling Declaration ¶ 6 and Exhibit E thereto. (Exhibits A & B to Affit. of Stephen Bush in Support of Response to Motion to Remand.)

15.     DaimlerChrysler concedes in its Response that all defendants must consent to removal and that such consents must be filed within the same thirty-day time for removal. Niebling Declaration, Exhibit E, pp. 2-3. It then asserts that it can simply ignore this requirement because it is, "at most, a procedural defect not directly addressed by the rules." *Id.* at p. 3.

16.     This statement is incorrect. 28 U.S.C. § 1446(b) unequivocally states that a removal *shall* be filed within thirty days of receipt of the initial pleading. All served defendants must join in the removal, and, as DaimlerChrysler has conceded, such joinders must be filed within the thirty-day period for removal. Niebling Declaration, Exhibit E, p. 3. *See also, Teitelbaum v. Soloski*, 843 F.Supp. 614, 616 (C.D. Cal. 1994) (holding that later-served defendant who filed joinder to removal 34 days after service of complaint on the removing defendant made removal untimely).

17.     It would contradict the express language of section 1446(b) to permit any individual defendant to circumvent the thirty-day requirement by joining in another defendant's

---

[1]May 22, 2005, the actual 30th day, fell on a Sunday.

removal after the prior-served defendant's time to remove had expired. *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989) (holding that defendant lost the opportunity to remove when it failed to file the petition for removal within 30 days of receiving complaint).

18.     The record here is clear and uncontroverted.  DaimlerChrysler received the complaint and related papers on April 22, 2005, and nine co-defendants were served when the case was removed on May 18, 2005.  (Niebling Declaration, ¶¶ 2 and 3 and Exhibits A and B thereto.)

19.     Only three of these co-defendants consented within the thirty-day period for removal, which expired on May 23, 2005.  There is an issue regarding the timeliness of Allis-Chalmers' consent to removal, the resolution to which depends on whether the Oregon District Court applies the first-served defendant rule.  Regardless of whether Allis-Chalmers timely joined, at least five of the co-defendants – Burns International; Ford Motor Corp.; Garlock Sealing Technologies; Gilbert Tilbury Co.; and Uniroyal Holding – failed to timely join. Because none of these defendants acted to remove the case within the thirty-days allowed by law, they lost the opportunity to join in the removal. *Cantrell v. Great Republican Ins. Co., supra*, 873 F.2d at 1256.  Even if the thirty-day time limit is construed to be thirty days from the date each of these additional defendants was served, the joinders were still untimely.

### 2.     DaimlerChrysler Did Not Provide Any Evidence That the Military Bases Where Plaintiff Worked Were Federal Enclaves.

20.     Even if DaimlerChrysler had obtained the unanimous consent of its co-defendants to the removal, the removal was still improper because defendant failed to demonstrate that there is federal enclave jurisdiction here.

21.     Defendant has no evidence proving that any of the three military bases at issue here is a federal enclave, and it has the burden of proving this issue. *United Computer Systems v. AT & T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002).

22.     DaimlerChrysler asserts this court has federal question jurisdiction based on Article I, section 8, clause 17 of the Constitution, known as "federal enclave jurisdiction."

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN SUPPORT OF MOTION;  DECLARATION OF SCOTT NIEBLING IN SUPPORT

*Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977).  Specifically, DaimlerChrysler argues that the military bases on which the Plaintiff worked at various times during his career are federal enclaves.

23.    Instead of applying the proper analysis, as set forth by the United States Supreme Court not once, but three times over 60 years ago,[2] DaimlerChrysler incorrectly claims that all military bases are federal enclaves.  Niebling Declaration, Exhibit C, pp. 2-3 and Exhibit E, p. 6.

24.    These cases hold that a parcel is a federal enclave if the state in which it is located ceded jurisdiction over the facility, and the United States accepted that cession of jurisdiction.  Defendant never alleged or proved that these factors exist here.

25.    Whether the three military bases at issue meet the requirements for a federal enclave is a factual question that involves an inquiry into when the federal government purchased the land on which the bases sit and when the Plaintiff's injuries occurred in order to determine if the bases were federal enclaves *at the time of the alleged injuries.*

**B.    The Panel Should Stay or Deny Transfer Until The Remand Motion is Decided**

26.    As noted earlier, this case presents a clear and overt failure to follow the mandatory procedural requirements for the removal of a case from state court.  Consequently, it is especially appropriate for the Panel to delay transfer of this action until the pending motion can be decided.

27.    At least once, the Panel has vacated a previously-granted final order of transfer in order to permit the transferor judge to rule on a motion to remand. *Vasura v. ACANDS*, 84 F.Supp.2d 531, 532-33 (S.D.N.Y. 2000).

28.    Similarly, as noted in *In re Consolidated Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y. 2003), this Panel has encouraged a transferor judge to decide a remand motion, unless he found that the issues raised by the motion are likely to be common issues raised by

---

[2]  *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937).

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN SUPPORT OF MOTION; DECLARATION OF SCOTT NIEBLING IN SUPPORT

1   several of the consolidated cases. *See also Ivy v. Diamond Shamrock Chemicals Co.*, 901 F.2d

2   7, 9 (2d Cir. 1990).

3       29.   Here, the unanimous consent and federal enclave issues relating to

4   DaimlerChrysler's removal are predominantly fact issues regarding previous procedural steps

5   taken in this particular case and the status of three specific military bases at the time of this

6   plaintiff's injuries.  The legal issues will be decided by Oregon law and/or by federal procedural

7   statutes that are well known by any federal judge.  Thus, if any judge is better equipped to

8   decide the remand motion, it is the judge sitting in the District of Oregon, who sits closer to the

9   relevant evidence and testimony and is better able to make determinations regarding local law,

10  if necessary.  That judge should be encouraged and allowed to decide the motion, by either

11  vacating the Conditional Transfer Order or staying this proceeding until the remand  motion is

12  decided.

13      30.   Indeed, it is likely the remand motion will be heard and decided by the Oregon

14  District Judge before this motion is heard, and if it is not, it should be soon.

15      31.   For all of these reasons, plaintiff Howard Wood respectfully requests that the

16  panel vacate the Conditional Transfer Order and/or stay this proceeding until the motion to

17  remand to state court is decided.

18                                 **III.**

19                            <u>**CONCLUSION**</u>

20      Removal of this case from Oregon state court was improper.  Transfer of this case to the

21  Eastern District of Pennsylvania would be a waste of judicial resources as there is no basis for

22  concluding that the transferee court is better equipped to resolve the issues presented by the

23  pending remand motion than the District Court for the District of Oregon.  The motion to

24  remand now fully briefed before the District of Oregon, and should remain before that court for

25  ///

26  ///

27  ///

28  ///

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN
SUPPORT OF MOTION; DECLARATION OF SCOTT NIEBLING IN SUPPORT

1  decision, if indeed that Court has not already decided the remand motion by the time this Panel

2  addresses this matter.

3  Dated: August 3ᵇ, 2005                    BRAYTON  PURCELL LLP

4

5                                            By:  _Scott Niebling_

6                                            Scott Niebling
                                             Brayton ❖ Purcell, LLP
7                                            621 SW Morrsion Street, Suite 950
                                             Portland, OR 97205
8                                            (503) 295-4931
                                             Attorney for Plaintiff Howard Wood

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN
SUPPORT OF MOTION;  DECLARATION OF SCOTT NIEBLING IN SUPPORT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## DECLARATION OF SCOTT NIEBLING

AUG - 5 2005

FILED
CLERK'S OFFICE

I, Scott Niebling, declare:

1. I am an attorney at law duly licensed to practice before all of the courts of the State of Oregon and the United States District Court for the District of Oregon, and I am an associate in the law firm of BRAYTON  PURCELL LLP, attorneys of record for the Plaintiff herein.

2. Attached hereto as Exhibit A is a true and correct copy of the proof of service upon defendant DaimlerChrysler of the complaint in this action, showing that defendant received the document on April 22, 2005.

3. On April 20, 2005, plaintiff also served the complaint on nine other defendants via certified United States mail.  Attached hereto as Exhibit B are true and correct copies of the Affidavits of Service on these defendants.

4. A true and correct copy of DaimlerChrysler's Notice of Removal and Affidavit of Stephen C. Bush in support thereof is attached hereto as Exhibit C.

5. On June 17, 2005, plaintiffs filed a Motion to Remand, a true and correct copy of which is attached hereto as Exhibit D.

6. Removing defendant DaimlerChrysler filed papers opposing the Motion to Remand on July 1, 2005.  A true and correct copy of those papers is attached hereto as Exhibit E.

7. Plaintiffs filed their reply on July 12, 2005, a copy of which is attached hereto as Exhibit F.

8. The matter is now awaiting oral argument of the remand motion.

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct.

Executed this 3ᵈ day of August, 2005, in Portland, Oregon.

Scott Niebling

10
NOTICE OF MOTION TO VACATE OR STAY CONDITIONAL TRANSFER ORDER; MEMORANDUM IN
SUPPORT OF MOTION;  DECLARATION OF SCOTT NIEBLING IN SUPPORT

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 5 2005

1  **CERTIFICATE OF SERVICE**
(WOOD)

FILED
CLERK'S OFFICE

2

I hereby certify that I served a true copy of the foregoing **Notice of Motion to Vacate or
Stay Conditional Transfer Order; Memorandum in Support of Motion; Declaration of
Scott Niebling in Support,** upon those parties listed on the attached Panel Service List by
sending by U.S. Mail in Portland, Oregon on August 3 , 2005.

3

4

5  BRAYTON ❖ PURCELL, LLP

6

7

Abigail J.E. Adams, Legal Secretary

8  Revised: 8/3/05

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 1 - CERTIFICATE OF SERVICE
J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

# PANEL SERVICE LIST (Excerpted from CTO-249)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Howard Wood v. Allis-Chalmers Corp. Product Liability Trust, et al.*, D. Oregon,
C.A. No. 3:05-706 (Judge Dennis J. Hubel)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Elaine Brown
Brayton Purcell, LLP
621 S.W. Morrison Street
Suite 950
Portland, OR 97205

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Annalie M. Faddis
Abbott & Prange, PC
U.S. Bancorp Tower
111 S.W. Fifth Avenue
Suite 2650
Portland, OR 97204

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
Perkins & Coie
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Bruce C. Hamlin
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Daniel W. Howard
Lindsay, Hart, Neil & Weigler
1300 S.W. 5th Avenue
Suite 3400
Portland, OR 97201

Nancy E. Hudgins
Law Offices of Nancy E. Hudgins
1388 Sutter Street
Suite 505
San Francisco, CA 94109

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

Stephen P. McCarthy
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Daniel K. Reising
Stoel & Rives L.L.P.
900 S.W. 5th Avenue
Suite 2600
Portland, OR 97204

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

PANEL SERVICE LIST - DOCKET NO. 875

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Joshua P. Stump
Schwabe, Williamson & Wyatt
Pacwest Center
1211 S.W. 5th Avenue
Suites 1600 - 1900
Portland, OR 97204-3795

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG - 5 2005

FILED
CLERK'S OFFICE

1

2

3

4          IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                FOR THE COUNTY OF MULTNOMAH

6   HOWARD WOOD,                    )   No. 0503-03344
                                    )
7              Plaintiff,           )
                                    )   DECLARATION OF PROOF OF
8        v.                         )   ORIGINAL SERVICE
                                    )
9   ALLIS-CHALMERS CORPORATION      )
    PRODUCT LIABILITY, et al.,      )
10                                  )
               Defendants.          )
11  _____)

12  STATE OF OREGON        )
                           )ss
13  County of Multnomah    )

14          I HEREBY CERTIFY, that I sent an original summons, complaint and social security

15  records, through the U.S. mail, return receipt requested, and by first class U.S. mail, unless

16  otherwise noted, to the following defendants described in the exhibits attached hereto:

17          Attached hereto as Exhibit 1 is a true and correct copy of the Domestic Certified Return

18  Receipt for Allis-Chalmers Corporation Product Liability Trust.

19          Attached hereto as Exhibit 2 is a true and correct copy of the Domestic Certified Return

20  Receipt for Burns International Services Corporation.

21          Attached hereto as Exhibit 3 is a true and correct copy of the Domestic Certified Return

22  Receipt for DaimlerChrysler Corporation.

23          Attached hereto as Exhibit 4 is a true and correct copy of the Domestic Certified Return

24  Receipt for Ford Motor Company.

25          Attached hereto as Exhibit 5 is a true and correct copy of the Domestic Certified Return

26  Receipt for Garlock Sealing Technologies, LLC.

Page 1 -      DECLARATION OF PROOF OF ORIGINAL SERVICE
              J:\oregon\103631\Pld\PROOF-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR 97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ___A___ Page ___1___

1       Attached hereto as  Exhibit 6 is a true and correct copy of the Domestic Certified Return

2 Receipt for Gilbert Tilbury Company LLC.

3       Attached hereto as  Exhibit 7 is a true and correct copy of the Domestic Certified Return

4 Receipt for Honeywell International, Inc.

5       Attached hereto as  Exhibit 8 is a true and correct copy of the Domestic Certified Return

6 Receipt for International Truck And Engine Corporation.

7       Attached hereto as  Exhibit 9 is a true and correct copy of the Domestic Certified Return

8 Receipt for Tenneco Automotive Operating Company, Inc.

9       Attached hereto as  Exhibit 10 is a true and correct copy of the Domestic Certified Return

10 Receipt for Uniroyal, Inc.

11       Dated this _____ day of June, 2005.

12                  BRAYTON ❖ PURCELL, LLP

13

14

15                  Abigail J.E. Adams, Legal Secretary
                     aadams@braytonlaw.com

16

17

18

19

20

21

22

23

24

25

26

Page 2 -     DECLARATION OF PROOF OF ORIGINAL SERVICE
           J:\oregon\103631\Pld\PROOF-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ___A___ Page ___2___

**SENDER:** *COMPLETE THIS SECTION*

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DaimlerChrysler Corporation
C/O CT Corporation System, Inc.
520 Pike Street
Seattle, WA 98101

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

Kelley C. Parker

☐ Agent
☐ Addressee

B. Received by (*Printed Name*)        C. Date of Delivery
CT Corporation System
520 Pike St. Ste 2610        4-7.2
Seattle, WA 98101

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)            ☐ Yes

2. Article Number
   (*Transfer from service label*)        7005 0390 0000 4862 2978

PS Form 3811, February 2004        Domestic Return Receipt        Wood        102595-02-M-1540

Exhibit __3__ Page __1__

Exhibit __A__ Page __3__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:    DaimlerChrysler Corporation
       C/O CT Corporation System, Inc.
       520 Pike Street
       Seattle, WA 98101

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.  If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.


_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  3   Page  2

Exhibit  A   Page  4

1

2

3

4         IN THE CIRCUIT COURT OF THE STATE OF OREGON

5            FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| 6 | HOWARD WOOD, | )   No. 0503-03344 |
| 7 |     Plaintiff, | ) |
| | | ) |
| 8 |     v. | )   DECLARATION OF PROOF OF |
| | | )   ORIGINAL SERVICE |
| 9 | ALLIS-CHALMERS CORPORATION | ) |
| | PRODUCT LIABILITY, et al., | ) |
| 10 | | ) |
| |     Defendants. | ) |
| 11 | _____ | ) |

12  STATE OF OREGON     )
                       )ss

13  County of Multnomah   )

14       I HEREBY CERTIFY, that I sent an original summons, complaint and social security

15 records, through the U.S. mail, return receipt requested, and by first class U.S. mail, unless

16 otherwise noted, to the following defendants described in the exhibits attached hereto:

17       Attached hereto as  Exhibit 1 is a true and correct copy of the Domestic Certified Return

18 Receipt for Allis-Chalmers Corporation Product Liability Trust.

19       Attached hereto as  Exhibit 2 is a true and correct copy of the Domestic Certified Return

20 Receipt for Burns International Services Corporation.

21       Attached hereto as  Exhibit 3 is a true and correct copy of the Domestic Certified Return

22 Receipt for DaimlerChrysler Corporation.

23       Attached hereto as  Exhibit 4 is a true and correct copy of the Domestic Certified Return

24 Receipt for Ford Motor Company.

25       Attached hereto as  Exhibit 5 is a true and correct copy of the Domestic Certified Return

26 Receipt for Garlock Sealing Technologies, LLC.

Page 1 -      DECLARATION OF PROOF OF ORIGINAL SERVICE
            J:\oregon\103631\Pld\PROOF-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit  _6_  Page  _1_

1          Attached hereto as  Exhibit 6 is a true and correct copy of the Domestic Certified Return

2   Receipt for Gilbert Tilbury Company LLC.

3          Attached hereto as  Exhibit 7 is a true and correct copy of the Domestic Certified Return

4   Receipt for Honeywell International, Inc.

5          Attached hereto as  Exhibit 8 is a true and correct copy of the Domestic Certified Return

6   Receipt for International Truck And Engine Corporation.

7          Attached hereto as  Exhibit 9 is a true and correct copy of the Domestic Certified Return

8   Receipt for Tenneco Automotive Operating Company, Inc.

9          Attached hereto as  Exhibit 10 is a true and correct copy of the Domestic Certified Return

10   Receipt for Uniroyal, Inc.

11          Dated this 16th day of June, 2005.

12                              BRAYTON ❖ PURCELL, LLP

13

14

15                              Abigail N.E. Adams, Legal Secretary
                                aadams@braytonlaw.com

16

17

18

19

20

21

22

23

24

25

26

Page 2 -          DECLARATION OF PROOF OF ORIGINAL SERVICE
                  J:\oregon\103631\Pld\PROOF-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ___B___ Page ___2___

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allis-Chalmers Corporation Product Liability TrustTrustee Margaret Barr-Bruemmer
1001 W. Glen Oaks Lane, Suite 202
Mequon, WI 53092

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0000 4862 2954

PS Form 3811, February 2004      Domestic Return Receipt      *Word*      102595-02-M-1540

Exhibit __1__ Page __1__

Exhibit __B__ Page __3__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HOWARD WOOD, | No. 0503-03344 |
| Plaintiff, | SUMMONS |
| v. | |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY, a Delaware Corporation, et al., | |
| Defendants. | |

TO:   Allis-Chalmers Corporation Product Liability Trust
        Trustee Margaret Barr-Bruemmer
        1001 W. Glen Oaks Lane, Suite 202
        Mequon, WI 53092

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

     I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  1  Page  2 

J:\oregon\103631\Forms\Summons.wpd

Exhibit  6  Page  4 

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _Ralph W_____   ☐ Agent
                          ☐ Addressee

B. Received by ( *Printed Name*)   C. Date of Delivery

RALPH DEJHOMAS   4-26-05

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Burns International Services Corp.
CT Corporation System
818 West 7th Street, Second Floor
Los Angeles, CA 90017

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)   7005 0390 0000 4862 2961

PS Form 3811, February 2004   Domestic Return Receipt   Wood   102595-02-M-1540

Exhibit 2 Page 1

Exhibit B Page 5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Burns International Services Corp.
      CT Corporation System
      818 West 7th Street, Second Floor
      Los Angeles, CA 90017

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

J:\oregon\103631\Forms\Summons.wpd

Exhibit ___6___ Page ___6___   Exhibit ___2___ Page ___2___

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X  *Kelley C. Parker*  ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  Date of Delivery<br>CT Corporation System,  4-7.2<br>520 Pike St, Ste 2610<br>Seattle, WA 98101 |
| 1. Article Addressed to:<br><br>DaimlerChrysler Corporation<br>C/O CT Corporation System, Inc.<br>520 Pike Street<br>Seattle, WA 98101 | D. Is delivery address different from item 1? ☐ Yes<br>     If YES, enter delivery address below: ☐ No |
|  | 3. Service Type<br>☐ Certified Mail   ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7005 0390 0000 4862 2978 |

PS Form 3811, February 2004          Domestic Return Receipt          *Word*          102595-02-M-1540

Exhibit __3__ Page __1__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   DaimlerChrysler Corporation
      C/O CT Corporation System, Inc.
      520 Pike Street
      Seattle, WA 98101

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  3   Page  2

Exhibit  6   Page  8

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ford Motor Company
CT Corporation System
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                              ☐ Agent
                                               ☑ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
                                  APR 2 2 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)    7005 0390 0000 4862 2985

PS Form 3811, February 2004     Domestic Return Receipt      Wmd      102595-02-M-1540

Exhibit ___4___ Page ___1___

Exhibit ___6___ Page ___9___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Ford Motor Company
      CT Corporation System
      388 State Street, Suite 420
      Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

J:\oregon\103631\Forms\Summons.wpd

Exhibit ___4___ Page ___2___

Exhibit ___6___ Page ___10___

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Garlock Sealing Technologies, LLC
CT Corporation System, Inc.
818 West Seventh Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ralph Q_____  ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
RALPH DeTHomas              4-26-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)             ☐ Yes

2. Article Number
   (Transfer from service label)    7005 0390 0000 4862 2992

PS Form 3811, February 2004        Domestic Return Receipt    Wud        102595-02-M-1540

Exhibit ___5___ Page ___1___

Exhibit ___B___ Page ___11___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,                             )    No. 0503-03344
                                         )
                    Plaintiff,           )    SUMMONS
                                         )
        v.                               )
                                         )
ALLIS-CHALMERS CORPORATION PRODUCT       )
LIABILITY, a Delaware Corporation, et al.,)
                                         )
_____Defendants._____)

TO:   Garlock Sealing Technologies, LLC
      CT Corporation System, Inc.
      818 West Seventh Street
      Los Angeles, CA 90017

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;      )
                      ) ss.
County of Multnomah   )

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

J:\oregon\103631\Forms\Summons.wpd

Exhibit  5  Page  2

Exhibit  6  Page  12

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gilbert Tilbury Company LLC
C. Michael Colvin
1925 NW Hwy 99W
McMinnville, OR  97128

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☑ Agent
☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery
4/21/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
(*Transfer from service label*)   7005 0390 0000 4862 3005

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

Exhibit __6__ Page __1__

Exhibit __B__ Page __13__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Gilbert Tilbury Company LLC
      C. Michael Colvin
      1925 NW Hwy 99W
      McMinnville, OR  97128

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer."  The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.  If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J.  Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;      )
                      ) ss.
County of Multnomah   )

          I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  6   Page  2

J:\oregon\103631\Forms\Summons.wpd

Exhibit  6   Page  14

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honeywell International, Inc.
Corporation Service Company
285 Liberty Street NE
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X    ☐ Agent
     ☐ Addressee

B. Received by ( Printed Name )        C. Date of Delivery

APR 2 2 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)

7005 0390 0000 4862 3012

PS Form 3811, February 2004        Domestic Return Receipt    *Wood*        102595-02-M-1540

Exhibit __7__ Page __1__

Exhibit __B__ Page __15__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Honeywell International, Inc.
       Corporation Service Company
       285 Liberty Street NE
       Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;     )
                     ) ss.
County of Multnomah  )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit ___7___ Page ___2___

Exhibit ___6___ Page ___16___

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

International Truck and Engine Corp.
C/O CT Corporation System, Inc.
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
APR 2 1 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered        ☐ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0000 4862 3029

PS Form 3811, February 2004        Domestic Return Receipt    *Wood*         102595-02-M-1540

Exhibit __8__ Page __1__

Exhibit ____*B*____ Page __17__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:    International Truck and Engine Corp.
       C/O CT Corporation System, Inc.
       388 State Street, Suite 420
       Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.


_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit _8_ Page _2_

Exhibit _6_ Page _18_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tenneco Automotive Operating Company, Inc.
CT Corporation System
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 APR 2 1 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7005 0390 0000 4862 3036

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

Exhibit ___9___ Page ___1___

Exhibit ___6___ Page ___19___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Tenneco Automotive Operating Company, Inc.
      CT Corporation System
      388 State Street, Suite 420
      Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit   9   Page   2

J:\oregon\103631\Forms\Summons.wpd

Exhibit   D   Page   20

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent  ☐ Addressee |
| | B. Received by ( *Printed Name*)  \| C. Date of Delivery |
| 1. Article Addressed to:<br><br>Uniroyal Holdings Inc.<br>70 Great Hill Road<br>Naugatuck, CT 06770 | D. Is delivery address different from Item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |
| | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)  7005 0390 0000 4862 3043 | |

PS Form 3811, February 2004          Domestic Return Receipt  *Wood*          102595-02-M-1540

Exhibit 10  Page 1

Exhibit 6  Page 21

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| Plaintiff, | ) | |
| | ) | SUMMONS |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Uniroyal Holdings Inc.
70 Great Hill Road
Naugatuck, CT 06770

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  10   Page  2

Exhibit  6   Page  22

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Schwabe, Williamson & Wyatt, PC
Pacwest Center, Suites 1600-1800
1211 SW Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
E-mail: jstump@schwabe.com
        sbush@schwabe.com

Of Attorneys for Defendant DaimlerChrysler
Corporation

CA PARA _____ OTHER
ATTY _____ CLASS _____ FILE
RECEIVED

MAY 1 9 2005

BRAYTON ◆ PURCELL
HAND_____ OVERNIGHT_____ MAIL_____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD, | No. |
| Plaintiff, | |
| vs. | **NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1441 and 1446 (Federal Enclave Jurisdiction)** |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al., | |
| Defendants. | |

**TO THE CLERK OF THE COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, 1446,

the Federal Rules of Civil Procedure and the facts below, Defendant DaimlerChrysler

Corporation ("DCC") hereby removes to this Court the case now pending in Multnomah

County Circuit Court as *Howard Wood v. Allis-Chalmers Corporation Product Liability*

*Trust, et al.*, Multnomah County Circuit Court Case No. 0503-03344.

/ / /

/ / /

Page 1 -   **NOTICE OF REMOVAL UNDER 28 USC §§ 1331, 1441 AND 1446**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR. 97204-3795
Telephone (503) 222-9981

PDX/110626/137255/SCB/1305679.1

Exhibit ___C___ Page ___1___

## NOTICE OF REMOVAL IS TIMELY

1.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders which were served on defendant DCC at the time of removal are attached as Exhibit A to this Notice.

2.   On April 14, 2005, Plaintiff Howard Wood ("Plaintiff") filed a complaint in this action now pending in Multnomah County Circuit Court as *Howard Wood v. Allis-Chalmers Corporation Product Liability Trust, et al.*, Multnomah County Circuit Court Case No. 0503-03344. (*see* Ex. A, pp. 4-46)  Defendant DCC was served on April 22, 2005 (*see* Ex. A, p. 47).

3.   This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), which provides that a notice of removal must be filed within 30 days after a defendant receives, by service or otherwise, a pleading or other paper in the action from which it may first be ascertained that the case is removable.

## FEDERAL QUESTION JURISDICTION EXISTS

4.   This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

5.   In Plaintiff's Complaint, he identifies himself as having exposure to asbestos-containing products at Federal Enclaves.  Accordingly, this action falls within the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6.   Specifically, such designation provides that Plaintiff Howard Wood was exposed to asbestos-containing products while serving in the United States Army at Ford Ord, Monterey, California; Camp Roberts, California; and Fort Lewis, Washington between February 3, 1955 and February 1, 1957.  *See* Exhibit "1" to Plaintiff's Complaint (Ex. A hereto, p. 45).

7.   Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims because such claims arise under the "Federal Enclave" Clause of

Page 2 -   **NOTICE OF REMOVAL UNDER 28 USC §§ 1331, 1441 AND 1446**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

Exhibit  *C*  Page  *2*

the U.S. Constitution, Art. I, Sec. 8, cl. 17, thereby giving rise to federal question jurisdiction. *See United States v. Smith*, 387 F.3d 826, 829 (9th Cir 2004) (military bases are considered "federal enclaves"). Accordingly, removal is appropriate pursuant to 28 U.S.C. § 1441(a), (b) and (c). *See Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 n.1 (10th Cir. 1998); *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819, 822 (E.D. Tex. 1994); *In re Welding Rod Products*, 2005 U.S. Dist. LEXIS 1266, at *4 (N.D. Ohio 2005); *Reed v. Fina Oil & Chem Co.*, 995 F.Supp. 705, 713 (E.D. Tex. 1998); and *Hines v. ACandS, Inc.*, 128 F.Supp.2d 1003 (N.D. Tex. 2001).

8.   The remaining claims in this action are so related to the federal claims that they form part of the same transaction or controversy. Indeed, the remaining claims are so related to the federal claims that the Plaintiff joined them in the same action pursuant to Rule 28(a) of the Oregon Rules of Civil Procedure. Accordingly, this Court has supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367(a).

## REMOVAL TO THIS DISTRICT IS PROPER

9.   Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removal of the above-captioned state court action to this Court is appropriate.

10.   Pursuant to 28 U.S.C. § 1441(a), removal is made to this Court as the district and division embracing the place where the state action is pending.

11.   Defendant DaimlerChrysler Corporation is providing to the plaintiff and all co-defendants, through their counsel, written notice of the filing of this Notice of Removal. Furthermore, the defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Multnomah County, Oregon, where the action is currently pending.

/ / /

/ / /

/ / /

Page 3 -   **NOTICE OF REMOVAL UNDER 28 USC §§ 1331, 1441 AND 1446**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/110626/137255/SCB/1305679.1

Exhibit ___C___ Page _5_

WHEREFORE, DaimlerChrysler Corporation asks that the above-entitled action be removed from the Multnomah County Circuit Court to the United States District Court for the District of Oregon for all further proceedings.

Dated this 18th day of May, 2005.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Of Attorneys for Defendant
DaimlerChrysler Corporation

Page 4 -    **NOTICE OF REMOVAL UNDER 28 USC §§ 1331, 1441
             AND 1446**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit __C__ Page __4__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,                              )      No. 0503-03344
                                          )
                    Plaintiff,            )      SUMMONS
                                          )
         v.                               )
                                          )
ALLIS-CHALMERS CORPORATION PRODUCT        )
LIABILITY, a Delaware Corporation, et al.,)
                                          )
                    Defendants.           )

TO:    DaimlerChrysler Corporation
       C/O CT Corporation System, Inc.
       520 Pike Street
       Seattle, WA 98101

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;       )
                       ) ss.
County of Multnomah    )

       I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ✦ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

J:\oregon\103631\Forms\Summons.wpd

**EXHIBIT A**
**Page 1**

Exhibit  C  Page 5

1

2

3

4

5

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

6   HOWARD WOOD,                              )        No. 0503-03344

7              Plaintiff,                     )

8        v.                                   )        NOTICE OF GENERAL ORDERS

9   ALLIS-CHALMERS CORPORATION                )
    PRODUCT LIABILITY, et al.,                )
10                                            )

11              Defendants.                   )

12        TO ALL DEFENDANTS:

13        The above-captioned case is subject to the GENERAL ORDERS IN RE: ALL

14   ASBESTOS EXPOSURE CASES FILED IN MULTNOMAH COUNTY, case number 0003-

15   0000B, dated August 31, 2001, and any subsequent amendments and supplements thereto.

16        The above-captioned case is designated as a "complex case" pursuant to court rules, and

17   is assigned to the Honorable Henry Kantor.

18        Plaintiff's counsel will provide a complete copy of the General Orders, and any

19   subsequent amendments and supplements thereto, to a defendant making a written request to

20   plaintiff's counsel. The General Orders, and other information regarding asbestos litigation in

21   Multnomah County, may also be found at the Court's website: www.ojd.state.or.us/multnomah

22   (click "Civil Court," then click "Asbestos Exposure Litigation").

23        Dated this 14 day of April, 2005.

24                                            BRAYTON ❖ PURCELL, LLP

25

26                                            Elaine J. Brown, OSB No. 93036
                                             Attorneys for Plaintiff

Page 1 -    NOTICE OF GENERAL ORDERS
            J:\oregon\103631\Pld\GONOT.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
(503) 295-4931

EXHIBIT A
Page 2

Exhibit ___C___ Page _6_

GAS 103631

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

**1. From whose record do you need the earnings information?**

Print the Name, Social Security Number (SSN), and date of birth below.

Name _Howard Wood_

Social Security Number _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_

Other Name(s) Used (Include Maiden Name) _____

Date of Birth (Mo/Day/Yr) _03-04-1935_

**2. What kind of information do you need?**

[X] **Detailed Earnings Information** (If you check this block, tell us below why you need this information.)

For the period(s)/year(s): _1950 - 1985_

_Asbestos Litigation_

[ ] **Certified Total Earnings For Each Year.** (Check this box only if you want the information certified. Otherwise, call 1-800-772-1213 to request Form SSA-7004, Request for Earnings and Benefit Estimate Statement)

For the year(s): _____

**3.** If you owe us a fee for this detailed earnings information, enter the amount due using the chart on page 3 . . . . . . . . . . . . . . . . . . . . . . A. $ _73.75_

Do you want us to certify the information?   [ ] Yes   [X] No

If yes, enter $15.00 . . . . . . . . . . . . . . . . . . . . . . . . . . B. $ _0_

ADD the amounts on lines A and B, and enter the TOTAL amount . . . . . . . . . . . . . . . . . . . . . . C. $ _73.75_

- You can pay by CREDIT CARD by completing and returning the form on page 4, or
- Send your CHECK or MONEY ORDER for the amount on line C with the request and make check or money order payble to "Social Security Administration"
- DO NOT SEND CASH.

**4.** I am the individual to whom the record pertains (or a person who is authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

SIGN your name here (Do not print) > _Howard V. Wood_   Date _2-14-05_

Daytime Phone Number _____ (Area Code) (Telephone Number)

**5.** Tell us where you want the information sent. (Please print)

Name _Brayton Purcell, LLP_   Address _1011 SW Morrison st. #950_

City, State & Zip Code _Portland, OR 97205_

**6. Mail Completed Form(s) To:**   Exception: If using private contractor (e.g., FedEx) to mail form(s), use:

| Social Security Administration | Social Security Administration |
|---|---|
| Division of Earnings Record Operations | Division of Earnings Record Operations |
| P.O. Box 33003 | 300 N. Greene St. |
| Baltimore Maryland 21290-3003 | Baltimore Maryland 21290-0300 |

Form SSA-7050-F4 (7-2001) EF (7-2001)   ?

**EXHIBIT A**
**Page 3**

Exhibit ___C___ Page ___7___

1

2

3

4

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

5

IN THE COUNTY OF MULTNOMAH

**0503-03344**

6  HOWARD WOOD,                                    )   Case No.

7          Plaintiff,                             )   COMPLAINT

8      v.                                          )   (Product Liability; Negligence)

9  ALLIS-CHALMERS CORPORATION                     )   DEMAND FOR JURY TRIAL
   PRODUCT LIABILITY TRUST, a Delaware            )
10 corporation, individually and as successor-in- )   CLAIM OVER $50,000.00
   interest to A-C Pump; ASARCO                   )
11 INCORPORATED, a New Jersey corporation,        )   CLAIM NOT SUBJECT TO
   individually and as successor-in-interest to   )   MANDATORY ARBITRATION
12 American Smelting and Refining Company, Pipe   )
   Company, Inc., Capco Pipe & Supply, Cement     )   <u>COMPLEX ASBESTOS LITIGATION</u>
13 Asbestos Products Company, and Lake Asbestos   )   <u>SUBJECT TO GENERAL ORDERS</u>
   of Quebec, Ltd.; ATLAS TURNER, INC., a         )
14 Canadian corporation, formerly known as Atlas  )
   Asbestos; BURNS INTERNATIONAL                  )
15 SERVICES CORPORATION, a Delaware               )
   corporation, formerly known as Borg-Warner     )
16 Automotive, Inc., and Borg-Warner Corporation, )
   individually and as successor-in-interest to Borg-)
17 Warner Corporation-Borg & Beck Division,       )
   Borg-Warner Corporation-Rockford Clutch        )
18 Division, and York Borg Warner;                )
   DAIMLERCHRYSLER CORPORATION, a                 )
19 Delaware corporation formerly known as         )
   Chrysler Motors Corporation and Chrysler       )
20 Corporation, individually and as successor-in- )
   interest to Chrysler Corporation, Chrysler Motors)
21 Corporation, Chrysler-Air Temp, American       )
   Motors Corporation, American Lafrance          )
22 Corporation, Jeep Corporation, Kaiser Jeep     )
   Corporation, Willys Motors Inc., Hudson Motor  )
23 Car Company, Mopar Parts, Mopar Auto Parts,    )
   Plymouth, Dodge, Renault, Nash Motors, Gray    )
24 Motor Company, and Gray Marine; FORD           )
   MOTOR COMPANY, a Delaware corporation,         )
25 individually and as successor-in-interest to    )
   British Leyland Motors, Inc., British Motor     )
26 Corporation, Jaguar Cars, Inc., Triumph, Lincoln)

Page 1 -  COMPLAINT
          J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 4**

Exhibit ___C___ Page ___8___

1   Continental, and Austin Healey; GARLOCK
    SEALING TECHNOLOGIES, LLC, fka
2   GARLOCK, INC., a Delaware corporation,
    individually and as successor-in-interest to
3   Coltec Industries, Inc., Fairbanks-Morse,
    Belmont Packing & Rubber Co., Garlock
4   Packing Co., U.S. Gasket Co.; GATKE
    CORPORATION, an Illinois corporation,
5   individually and as successor-in-interest to
    Asbestos Textile Company, Inc.; GILBERT
6   TILBURY COMPANY, an Oregon corporation,
    dba Chuck Colvin Ford; HONEYWELL
7   INTERNATIONAL, INC., a Delaware
    corporation, formerly known as AlliedSignal Inc.
8   and as Allied-Signal Inc., individually and as
    successor-in-interest to The Bendix Corporation,
9   Bendix Products Automotive Division, Bendix
    Products Division - Bendix Aviation Corp.,
10  Bendix Home Systems, Allied Corporation,
    Allied Chemical Corporation, Honeywell, Inc.,
11  Honeywell Controls, General Chemical
    Corporation, FRAM, Friction Materials of Los
12  Angeles, North American Refractories Company,
    EM Sector Holdings Inc., Universal Oil Products
13  Company Boylston Corporation, Ehrhart &
    Associates Inc., Ehrhart & Arthur Inc., and
14  Garrett Air Research Corp.; INTERNATIONAL
    TRUCK AND ENGINE CORPORATION, a
15  Delaware corporation, individually and as
    successor-in-interest to Navistar International
16  Transportation Corporation, Navistar
    International Corporation, International Harvester
17  Company, International Harvester Corporation,
    and Farm All; LAKE ASBESTOS OF QUEBEC,
18  LTD., a Delaware corporation, also known as
    Lac D'Amiante du Quebec LTEE;
19  MACARTHUR COMPANY, a Minnesota
    corporation, individually and as successor-in-
20  interest to Western Asbestos Co;
    METROPOLITAN LIFE INSURANCE
21  COMPANY, a New York corporation; OWENS-
    ILLINOIS, INC., a Delaware corporation,
22  individually and as successor-in-interest to
    Owens-Illinois Glass Company; PLANT
23  INSULATION COMPANY, a California
    corporation formerly known as Asbestos
24  Company of California and Plant Asbestos
    Company; PNEUMO ABEX LLC, a Delaware
25  corporation, individually and as successor-in-
    interest to Pneumo Abex Corporation, Abex
26  Corporation, Eaton Brake Shoes, Eaton

Page 2 -   COMPLAINT
    J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 5

Exhibit _____C_____ Page ___9___

| | |
|---|---|
| 1   Manufacturing Co., American Brake Shoe and<br>     Foundry Company, American Brakeblok,<br>2   Division of American Brake Shoe and Foundry<br>     Co., American Brake Materials Corporation,<br>3   American Brake Shoe and Foundry (De), and<br>     American Brakeblok Corporation; TENNECO<br>4   AUTOMOTIVE OPERATING, INC., a<br>     Delaware corporation, individually and as<br>5   successor-in-interest to Tenneco Automotive<br>     Inc., Walker Manufacturing Company, Monroe<br>6   Auto Equipment Company, Monroe Muffler,<br>     North American Original Equipment Operations<br>7   Div., and North American Aftermarket<br>     Operations Div.; THORPE INSULATION<br>8   COMPANY, a California corporation,<br>     individually and as successor-in-interest to J.T.<br>9   Thorpe & Son, The Thorpe Company, Asbestos<br>     Products Corporation, Asbestos Products<br>10  Company of San Diego, Plant Insulation Co,<br>     Plant Manufacturing Co., and Thorpe Products<br>11  Co; UNIROYAL HOLDING, INC., a New Jersey<br>     corporation, individually and as successor-in-<br>12  interest to Uniroyal, Inc., and United States<br>     Rubber Company; WESTERN ASBESTOS CO.,<br>13  a California corporation; WESTERN<br>     MACARTHUR COMPANY (formerly Western<br>14  Asbestos), a California corporation, individually<br>     and as successor-in-interest to Western Asbestos<br>15  Co., MacArthur Company, and Bay Cities<br>     Asbestos Company,<br>16<br>               Defendants.<br>17 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

18   Plaintiff Howard Wood alleges:

19   **FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

20                                    1.

21        Plaintiff Howard Wood has contracted permanent asbestos-related injury and/or disease,

22   including sub-clinical biologic response scarring and injury from asbestos exposure, and lung

23   cancer.

24                                    2.

25        Plaintiff has sustained asbestos-related injuries and/or disease as a result of his inhalation

26   or ingestion of asbestos fibers through his exposure to asbestos.

Page 3 -   COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

                                             **BRAYTON◆PURCELL, LLP**<br>
                                               American Bank Building<br>
                                  621 S.W. Morrison Street, Suite 950<br>
                                               Portland OR  97205<br>
                       Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit ____C____ Page __10__

1                                3.

2      Plaintiff's asbestos-related disease was diagnosed no earlier than July 1, 2004.

3                                4.

4      Plaintiff has been exposed to asbestos fibers in his work, home, and/or other

5 environments when he used and/or disturbed asbestos and asbestos-containing products of the

6 defendants and conspirators, and/or when he otherwise contacted asbestos and asbestos-

7 containing products of the defendants and conspirators which had been used and/or disturbed by

8 other individuals. That use and/or disturbance released respirable asbestos fibers that are capable

9 of causing physical damage, injury, or disease and/or cancer if inhaled or ingested by individuals,

10 including plaintiff, and which, upon indiscriminate workplace release, contaminated work sites,

11 clothes, equipment, and other aspects of plaintiff's work, travel, home, and other environments.

12                                5.

13     As a direct and proximate result of defendants' and conspirators' tortious conduct and

14 plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing products

15 manufactured, distributed, sold, installed, and/or applied by defendants and conspirators or

16 containing the defendants' and conspirators' asbestos fiber, plaintiff contracted asbestos-related

17 injury and/or disease as set forth herein, and has incurred and/or will incur doctor, hospital,

18 custodial and medical expenses in an amount, according to proof at trial, of $200,000.00.

19                                6.

20     As a further direct and proximate result of defendants' and conspirators' tortious conduct

21 and plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing

22 products manufactured, distributed, sold, installed, and/or applied by defendants and conspirators

23 and/or containing the defendants' and conspirators' asbestos fiber, plaintiff has incurred and/or

24 will incur loss of past and future wages and/or pension and/or past and future impairment of

25 wage-earning capacity and loss of home services, all to his economic damage, according to law

26 and proof at trial, of $300,000.00.

Page 4 -   COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit _C_ Page _11_

7.

2    As a further direct and proximate result of defendants' and conspirators' tortious conduct

3    and plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing

4    products manufactured, distributed, sold, installed, and/or applied by defendants and conspirators

5    or containing defendants' and conspirators' asbestos fiber, plaintiff has contracted progressive

6    asbestos-related injury and/or disease, from which he has suffered, and continues to suffer, pain,

7    discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured

8    mental and emotional pain and suffering, all of which is permanent, all to his non-economic

9    damage in an amount, according to law and proof at trial, of $750,000.00.

10    **THE PARTIES**

11    8.

12    At all times material herein, plaintiff has been a resident of the state of Oregon.

13    9.

14    At all times material herein, plaintiff was exposed to airborne asbestos fibers in the

15    course and scope of his work or in his home or other environments. Attached hereto as Exhibit 1

16    is plaintiff's work history and exposure, which is incorporated herein by reference.

17    10.

18    a.    At all times material herein, defendant Allis-Chalmers Corporation Product

19    Liability Trust, a Delaware corporation, and its "alternate entities," identified *infra*, was engaged

20    in the distribution, sale, and supply of hazardous asbestos-containing turbines, pumps, plumbing

21    supplies, motors, industrial equipment, machinery, and associated components.

22    b.    At all times material herein, defendant Asarco Incorporated, a New Jersey

23    corporation, and its "alternate entities," identified *infra*, was engaged in the mining, milling,

24    marketing, and sale of raw asbestos fiber used in the manufacture of hazardous asbestos-

25    containing products.

26    c.    At all times material herein, defendant Atlas Turner, Inc., a Canadian corporation,

Page 5 -   COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 8

Exhibit ___C___ Page _12_

1 and its "alternate entities," identified *infra*, was engaged in the manufacture, distribution and sale

2 of hazardous asbestos-containing products, including pipe covering, block insulation, cement,

3 and fireproofing.

4       d.     At all times material herein, defendant Burns International Services Corporation, a

5 Delaware corporation, and its "alternate entities," identified *infra*, was engaged in: the

6 manufacture, distribution and sale of hazardous asbestos-containing friction products, including

7 brake pads, paper rolling machine brakes, brake assemblies, clutch facings, and clutch

8 assemblies; and the sale and supply of raw asbestos fiber used in the manufacture of various

9 hazardous asbestos-containing products.

10       e.     At all times material herein, defendant DaimlerChrysler Corporation, a Delaware

11 corporation, and its "alternate entities," identified *infra*, was engaged in the design, manufacture,

12 distribution, supply and sale of hazardous asbestos-containing friction products, including: brake

13 linings, parts, and assemblies; clutch facings, parts and assemblies; exhaust systems; and gaskets.

14       f.     At all times material herein, defendant Ford Motor Company a Delaware

15 corporation, and its "alternate entities," identified *infra*, was engaged in the design, manufacture,

16 distribution, supply and sale of hazardous asbestos-containing friction products, including: brake

17 linings, parts, and assemblies; clutch facings, parts and assemblies; exhaust systems; and gaskets.

18       g.     At all times material herein, defendant Garlock Sealing Technologies, LLC, fka

19 Garlock, Inc., a Delaware corporation, and its "alternate entities," identified *infra*, was engaged

20 in: the manufacture, distribution and sale of hazardous asbestos-containing products, including

21 gaskets, sheet gasket material, packing, tape, valve rings, rope, and engines, pumps, industrial

22 brake linings; the sale and supply of raw asbestos fiber used in the manufacture of various

23 hazardous asbestos-containing products; and the conspiratorial activities as described within this

24 Complaint.

25       h.     At all times material herein, defendant Gatke Corporation, an Illinois corporation,

26 and its "alternate entities," identified *infra*, was engaged in the conspiratorial activities as

Page 6 -   COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 9**

Exhibit ___C___ Page __13__

1   described within this Complaint.

2       i.      At all times material herein, defendant Gilbert Tilbury Company LLC, an Oregon

3   corporation, dba Chuck Colvin Ford, was engaged in the sale, supply and distribution of

4   hazardous asbestos-containing friction products, including: brake linings, parts, and assemblies;

5   clutch facings, parts and assemblies; exhaust systems; and gaskets.

6       j.      At all times material herein, defendant Honeywell International, Inc., a Delaware

7   corporation, and its "alternate entities," identified *infra*, was engaged in the manufacture,

8   distribution and sale of hazardous asbestos-containing products, including: refractory materials;

9   industrial controls and instrumentation; gaskets; brake linings, parts, and assemblies; clutch

10  facings, parts and assemblies; exhaust systems; and additionally engaged in the sale and supply

11  of raw asbestos fiber used in the manufacture of various hazardous asbestos-containing products.

12      k.      At all times material herein, defendant International Truck And Engine

13  Corporation, a Delaware corporation, and its "alternate entities," identified *infra*, was engaged in

14  the manufacture, distribution and sale of hazardous asbestos-containing friction products,

15  including: brake linings, parts, and assemblies; clutch facings, parts and assemblies; exhaust

16  systems; and gaskets.

17      l.      At all times material herein, defendant Lake Asbestos of Quebec, Ltd., a Delaware

18  corporation, and its "alternate entities," identified *infra*, was engaged in mining, milling,

19  marketing, and sale of raw asbestos fiber used in the manufacture of hazardous asbestos-

20  containing products.

21      m.      At all times material herein, defendant MacArthur Company, a Minnesota

22  corporation, and its "alternate entities," identified *infra*, was engaged in the manufacture, supply

23  and distribution of hazardous asbestos-containing products, including insulation and building

24  materials.

25      n.      At all times material herein, defendant Metropolitan Life Insurance Company, a

26  New York corporation, was engaged in the business of providing a variety of insurance products,

Page 7 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON◆PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 10

Exhibit ___C___ Page  14

1   including life insurance, casualty and liability insurance and workers' compensation insurance, to

2   a variety of customers, including corporations engaged in the manufacture, distribution and sale

3   of asbestos and hazardous asbestos-containing products.

4        o.      At all times material herein, defendant Owens-Illinois, Inc., a Delaware

5   corporation, and its "alternate entities," identified *infra*, was engaged in: the sale and supply of

6   raw asbestos fiber used in the manufacture of various hazardous asbestos-containing products;

7   the manufacture, distribution and sale of hazardous asbestos-containing products, including

8   pipecovering and block; and the conspiratorial activities as described within this Complaint.

9        p.      At all times material herein, defendant Plant Insulation Company, a California

10  corporation, and its "alternate entities," identified *infra*, was engaged in the manufacture and

11  distribution of hazardous asbestos-containing products, including pipe covering, block, cement,

12  cloth, and gaskets.

13       q.      At all times material herein, defendant Pneumo Abex LLC, a Delaware

14  corporation, and its "alternate entities," identified *infra*, was engaged in the conspiratorial

15  activities as described within this Complaint.

16       r.      At all times material herein, defendant Tenneco Automotive Operating, Inc., a

17  Delaware corporation, and its "alternate entities," identified *infra*, was engaged in the

18  manufacture, sale, and distribution of asbestos-containing automotive products, including

19  mufflers and exhaust systems.

20       s.      At all times materials herein, defendant Thorpe Insulation Company, a California

21  corporation, and its "alternate entities," identified *infra*, was engaged in the sale and distribution

22  of hazardous asbestos-containing products, including industrial insulating materials, pipe

23  covering, block, millboard, paper, tapes, cloths, rope, cement, sealers, and adhesives.

24       t.      At all times material herein, defendant Uniroyal Holding, Inc., a New Jersey

25  corporation, and its "alternate entities," identified *infra*, was engaged in the design, manufacture,

26  distribution and sale of hazardous asbestos-containing products, including: yarns, textiles, tapes,

Page 8 -   COMPLAINT
   J:\oregon\103631\Pkh\comp-01.wpd

**EXHIBIT A**
**Page 11**

Exhibit ___C___ Page __15__

1    rocket motor shields, and mechanical rubber products.

2         u.    At all times material herein, defendant Western MacArthur Company (formerly

3    Western Asbestos), a California corporation, and its "alternate entities," identified *infra*, was

4    engaged in the manufacture, supply and distribution of hazardous asbestos-containing products,

5    including pipe cover and block insulation.

6         v.    At all times material herein, defendant Western Asbestos Co., a California

7    corporation, was engaged in the manufacture, supply, distribution and abatement of hazardous

8    asbestos-containing products, including pipe cover and block insulation.

9                                          11.

10        At all times mentioned herein, each of the defendants listed below was the successor,

11   successor in business, successor in product line or a portion thereof, assign, alter ego, agent,

12   predecessor, predecessor in business, predecessor in product line or a portion thereof, parent,

13   affiliate, subsidiary, wholly or partially owned by, or the whole or partial owner of, or member

14   in, an entity researching, studying, manufacturing, fabricating, designing, modifying, labeling,

15   assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting,

16   servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding,

17   manufacturing for others, packaging, advertising, or otherwise involved with a certain product,

18   namely asbestos, and other products containing asbestos. Said entities shall hereinafter

19   collectively be called "alternate entities." Each defendant is liable under the law for the tortious

20   conduct of each successor, successor in business, successor in product line or a portion thereof,

21   assign, predecessor in product line or a portion thereof, parent, affiliate, subsidiary, whole or

22   partial owner, or wholly or partially owned entity, or entity that it was a member of, or funded,

23   that researched, studied, manufactured, fabricated, designed, modified, labeled, assembled,

24   distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, installed,

25   contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others and

26   advertised asbestos, and other products containing asbestos. The following defendants, and each

Page 9 -   COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 12

Exhibit ____C____ Page __16__

1  of them, are liable under the law for the acts of each and every "alternate entity," in that the

2  defendants exercised control over the alternate entities; the defendants expressly or impliedly

3  authorized the alternate entities to act for defendants; the defendants expressly or impliedly

4  agreed to assume the liabilities of the each such "alternate entity;" the transaction between

5  defendants and each such "alternate entity" amounted to a consolidation or merger of the entities;

6  defendants were a mere continuation under the law of each such "alternate entity;" and/or

7  defendants and each such alternate entity entered into the transaction that joined them to escape

8  liability. In addition, or in the alternative, the following defendants, and each of them, are liable

9  under the law for the acts of each and every "alternate entity," in that there has been a virtual

10  destruction of plaintiff's remedy against each such "alternate entity;" defendants have acquired

11  the assets, product line, or a portion thereof, of each such "alternate entity;" such "alternate

12  entity," defendants, and each of them, caused the destruction of plaintiff's remedy against each

13  such "alternate entity;" each such defendant has the ability to assume the risk-spreading role of

14  each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached

15  to each such "alternate entity."

| 16 | DEFENDANT | ALTERNATE ENTITY(IES) (ALTER EGOS) |
|---|---|---|
| 17 | ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST | A-C PUMP |
| 18 | ASARCO INCORPORATED | AMERICAN SMELTING AND REFINING COMPANY |
| 19 | | PIPE COMPANY, INC. CAPCO PIPE COMPANY, INC. |
| 20 | | CAPCO PIPE & SUPPLY CEMENT ASBESTOS PRODUCTS COMPANY |
| 21 | | LAKE ASBESTOS OF QUEBEC, LTD. |
| 22 | ATLAS TURNER, INC. | ATLAS ASBESTOS |
| 23 | BURNS INTERNATIONAL SERVICES CORPORATION | BORG-WARNER AUTOMOTIVE, INC. BORG-WARNER CORPORATION |
| 24 | | BORG-WARNER CORPORATION, BORG & BECK DIVISION BORG-WARNER CORPORATION, ROCKFORD |
| 25 | | CLUTCH DIVISION YORK BORG WARNER |
| 26 | DAIMLERCHRYSLER CORPORATION | CHRYSLER CORPORATION |

Page 10 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 13

Exhibit _____C_____ Page __17__

| | DEFENDANT | ALTERNATE ENTITY(IES) (ALTER EGOS) |
|---|---|---|
| 1 | DAIMLERCHRYSLER CORPORATION | CHRYSLER MOTORS CORPORATION |
| 2 | (cont.) | CHRYSLER-AIR TEMP |
| | | AMERICAN MOTORS CORPORATION |
| 3 | | JEEP CORPORATION |
| | | KAISER JEEP CORPORATION |
| 4 | | WILLYS MOTORS, INC. |
| | | HUDSON MOTOR CAR COMPANY |
| 5 | | MOPAR PARTS |
| | | MOPAR AUTO PARTS |
| 6 | | PLYMOUTH |
| | | DODGE |
| 7 | | RENAULT |
| | | NASH MOTORS |
| 8 | | GRAY MOTOR COMPANY |
| | | GRAY MARINE |
| 9 | | |
| | FORD MOTOR COMPANY | BRITISH LEYLAND MOTORS, INC. |
| 10 | | BRITISH MOTOR CORPORATION |
| | | JAGUAR CARS, INC. |
| 11 | | TRIUMPH |
| | | LINCOLN CONTINENTAL |
| 12 | | AUSTIN HEALEY |
| 13 | GARLOCK SEALING | GARLOCK, INC. |
| | TECHNOLOGIES, LLC | COLTEC INDUSTRIES, INC. |
| 14 | | FAIRBANKS-MORSE |
| | | FAIRBANKS MORSE ENGINES |
| 15 | | BELMONT PACKING & RUBBER CO. |
| | | GARLOCK PACKING CO. |
| 16 | | U.S. GASKET CO. |
| | | GOODRICH CORPORATION |
| 17 | | ENPRO INDUSTRIES, INC. |
| 18 | GATKE CORPORATION | ASBESTOS TEXTILE COMPANY, INC. |
| 19 | GILBERT TILBURY COMPANY LLC | CHUCK COLVIN FORD |
| 20 | HONEYWELL INTERNATIONAL, INC. | HONEYWELL, INC. |
| | | HONEYWELL CONTROLS |
| 21 | | ALLIEDSIGNAL, INC. |
| | | ALLIED-SIGNAL, INC. |
| 22 | | THE BENDIX CORPORATION |
| | | BENDIX PRODUCTS AUTOMOTIVE DIVISION |
| 23 | | BENDIX PRODUCTS DIVISION, BENDIX AVIATION CORP. |
| | | BENDIX HOME SYSTEMS |
| 24 | | ALLIED CORPORATION |
| | | ALLIED CHEMICAL CORPORATION |
| 25 | | GENERAL CHEMICAL CORPORATION |
| | | FRAM |
| 26 | | FRICTION MATERIALS OF LOS ANGELES |

Page 11 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON◆PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 14

Exhibit ___C___ Page __18__

| DEFENDANT | ALTERNATE ENTITY(IES) (ALTER EGOS) |
|---|---|
| HONEYWELL INTERNATIONAL, INC. (cont.) | NORTH AMERICAN REFRACTORIES COMPANY |
| | EM SECTOR HOLDINGS INC. |
| | UNIVERSAL OIL PRODUCTS COMPANY |
| | BOYLSTON CORPORATION |
| | EHRHART & ASSOCIATES, INC. |
| | EHRHART & ARTHUR, INC. |
| | GARRETT AIR RESEARCH CORP. |
| INTERNATIONAL TRUCK AND ENGINE CORPORATION | NAVISTAR INTERNATIONAL TRANSPORTATION CORPORATION |
| | NAVISTAR INTERNATIONAL CORPORATION |
| | INTERNATIONAL HARVESTER COMPANY |
| | INTERNATIONAL HARVESTER CORPORATION |
| | FARM ALL |
| LAKE ASBESTOS OF QUEBEC, LTD. | LAC D'AMIANTE DU QUEBEC LTEE |
| | ASARCO INCORPORATED |
| MACARTHUR COMPANY | WESTERN ASBESTOS CO. COMPANY |
| | WESTERN MAC ARTHUR |
| | BAY CITIES ASBESTOS COMPANY |
| OWENS-ILLINOIS, INC. | OWENS-ILLINOIS GLASS COMPANY |
| PLANT INSULATION COMPANY | ASBESTOS COMPANY OF CALIFORNIA |
| | PLANT ASBESTOS COMPANY |
| PNEUMO ABEX LLC | PNEUMO ABEX CORPORATION |
| | ABEX CORPORATION |
| | AMERICAN BRAKE SHOE COMPANY |
| | EATON BRAKE SHOES |
| | EATON MANUFACTURING CO. |
| | AMERICAN BRAKE SHOE AND FOUNDRY COMPANY |
| | AMERICAN BRAKEBLOK, DIVISION OF AMERICAN BRAKE SHOE AND FOUNDRY CO. |
| | AMERICAN BRAKEBLOK CORPORATION |
| | AMERICAN BRAKE MATERIALS CORPORATION |
| | AMERICAN BRAKE SHOE AND FOUNDRY (DE) |
| TENNECO AUTOMOTIVE OPERATING COMPANY INC. | TENNECO AUTOMOTIVE, INC. |
| | WALKER MANUFACTURING COMPANY |
| | MONROE AUTO EQUIPMENT COMPANY |
| | MONROE MUFFLER |
| | NORTH AMERICAN ORIGINAL EQUIPMENT OPERATIONS, A DIVISION OF TENNECO AUTOMOTIVE, INC. |
| | NORTH AMERICAN AFTERMARKET OPERATIONS, A DIVISION OF TENNECO AUTOMOTIVE, INC. |
| THORPE INSULATION COMPANY | J. T. THORPE & SON |
| | THE THORPE COMPANY |

Page 12 - COMPLAINT

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A
Page 15**

Exhibit _____C_____ Page 19

| | DEFENDANT | ALTERNATE ENTITY(IES) (ALTER EGOS) |
|---|---|---|
| 1 | THORPE INSULATION COMPANY (cont.) | ASBESTOS PRODUCTS CORPORATION |
| 2 | | ASBESTOS PRODUCTS COMPANY OF SAN DIEGO |
| | | PLANT INSULATION CO. |
| 3 | | PLANT MANUFACTURING CO. |
| | | THORPE PRODUCTS CO. |
| 4 | | |
| 5 | UNIROYAL HOLDING, INC. | UNIROYAL, INC. |
| | | UNITED STATES RUBBER COMPANY |
| 6 | WESTERN MAC ARTHUR | WESTERN ASBESTOS CO. |
| | COMPANY | MAC ARTHUR COMPANY |
| 7 | | BAY CITIES ASBESTOS COMPANY |

8                                             12.

9       At all times material herein, each of the defendants, with the exception of Metropolitan

10  Life Insurance Company, has been regularly engaged in the business of manufacturing,

11  designing, processing, marketing, distributing, supplying, applying and/or selling asbestos fiber,

12  or other products containing asbestos fiber, for use in construction, insulation, fireproofing, and

13  other uses in the construction, renovation, repair, and/or maintenance of buildings, yards,

14  industrial plants, facilities, equipment and/or vessels. One or more of the same defendants has

15  engaged in the mining, milling, supply and sale of asbestos fiber. Defendants designed,

16  manufactured, sold, distributed, applied and/or rebranded for sale asbestos-containing products

17  used in the construction, maintenance, and/or repair of vessels, structures, fixtures, and/or

18  equipment at locations where plaintiff was employed or worked as set forth in the attached

19  Exhibit 1 or in other locations according to proof at trial.

20                                             13.

21      At all times material to this action, which includes not only the period of plaintiff's

22  occupational exposure, but also includes a period beginning in approximately 1929 and

23  continuing thereafter, defendant Metropolitan Life Insurance Company, and others, at the request

24  of and as part of its business service to one or more of its insurance customers which engaged in

25  asbestos-related business, conducted, either directly through its own employees or indirectly

26  through commissioned studies, medical research, medical investigations, medical studies, and

Page 13 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit ___C___ Page ___20___

EXHIBIT A
Page 16

1   collection of medical epidemiological data concerning the disease-producing capabilities of

2   asbestos and asbestos-containing materials. Defendant Metropolitan Life Insurance Company

3   provided to asbestos-related industries the results of such investigation and studies and medical

4   knowledge which they had accumulated, either by direct transmittal to companies engaged in

5   asbestos-related business or indirectly by dissemination of the information. This transmittal and

6   dissemination of information went to a variety of industrial companies and individuals, including

7   the defendants and conspirators named herein. Medical investigation, studies, and information

8   developed from the activities of defendant Metropolitan Life Insurance Company, as described

9   herein, included substantial evidence of the injurious and disease-producing capability of

10  asbestos and asbestos-related products. After collection and controlled dissemination of the

11  medical information and data, as described above, which collection and controlled dissemination

12  occurred in the 1930s and 1940s, defendant Metropolitan Life Insurance Company and others

13  thereafter engaged in a continuous and consistent course of conduct suppressing, minimizing,

14  understating, denying, and otherwise purposefully corrupting the evidence of injurious and

15  disease-causing properties of asbestos and asbestos-related materials.

16                                              14.

17        Many defendants have put their profits first and public health last for years. Having long

18  ago learned of the hazards of asbestos in their products, these defendants suppressed what they

19  knew, participated in industry concealment of asbestos dangers, and are responsible for massive,

20  indiscriminate exposure to asbestos of countless innocent workers and consumers throughout

21  North America and around the world. These defendants were driven by their pursuit of higher

22  profit margins and increased market share. These defendants made decisions about the

23  manufacture, distribution, sale, and/or supply of their products based upon financial rather than

24  safety considerations. Rather than attempt to lower the levels of asbestos fibers emitted when

25  their products were used, these defendants sought to have the allowable levels altered, without

26  regard for the injurious effects that this would have on those exposed to their products, as there

Page 14 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

EXHIBIT A
Page 17

Exhibit ___C___ Page _21_

1   could be no doubt that large numbers of workers and consumers would suffer debilitating,

2   incurable, and fatal illnesses because of exposure to these defendants' asbestos products. These

3   defendants' indifference to the health, safety, and welfare of workers and consumers was

4   conscious and spanned decades.

5                                          15.

6        At all times relevant to this action, the defendants conducted regular, sustained and not

7   isolated business activity in the state of Oregon.

8        **FACTUAL ALLEGATIONS SUPPORTING VICARIOUS LIABILITY**

9                **(Concert of Action, Aiding and Assisting, Conspiracy)**

10                                         16.

11       The term "conspirators" as used herein refers to: Metropolitan Life Insurance Company

12   [MET LIFE]; Anthony Lanza, M.D.; Johns-Manville [MANVILLE]; Owens Illinois; Owens

13   Corning Fiberglass; Raybestos-Manhattan [RAYBESTOS], now Raymark Industries, Inc.

14   [RAYMARK]); The Bendix Corporation [BENDIX] (Bendix Products Automotive Division,

15   Bendix Products Division, Bendix Aviation Corp., Bendix Home Systems, Allied Corporation,

16   Allied Chemical Corporation, Honeywell, Inc., Honeywell Controls, General Chemical

17   Corporation, FRAM, Friction Materials of Los Angeles, North American Refractories Company,

18   Em Sector Holdings Inc., Boylston Corporation, Ehrhart & Associates, Inc., Ehrhart & Arthur,

19   Inc., and Universal Oil Products Company), now Honeywell International, Inc., formerly known

20   as AlliedSignal, Inc. and as Allied-Signal; United States Gypsum Company [USG]); American

21   Brakeblock Corporation, now Pneumo Abex LLC [PNEUMO ABEX]); T&N LTD [T&N];

22   Gatke Corporation [GATKE]; Saranac Laboratory; Dr. Arthur Vorwald; as well as all of the

23   former members of the Asbestos Textile Institute [ATI], including: American Asbestos Textile

24   Co. (became Amatex), Keasbey & Mattison Co., Southern Asbestos Co., Union Asbestos and

25   Rubber Co., Asbestos Corporation, Ltd., Asten-Hill Manufacturing Co. (now Asten Group, Inc.),

26   Bell Asbestos Mines, Ltd., Cape Asbestos Company, Ltd., Cassiar Asbestos Corp. (became

Page 15 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON◆PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 18**

Exhibit ___C___ Page __22__

1   Ontario Research Foundation), Garlock Packing Co., H.K. Porter Company, Johnson's

2   Company, Ltd., Lake Asbestos of Quebec, Ltd., Nicolet Industries, Inc., Nippon Asbestos

3   Company, Ltd., Tallman-McCluskey Fabrics Co., United States Rubber Co. (became Uniroyal),

4   A.S.T.M., American Smelting & Refining Co., Asarco, Inc., Asbestos Textil, S.A., Asbestos

5   Textile Company, Inc., Atlas Textile Co., BBA Group, Ltd., British Belting and Asbestos, Ltd.,

6   English Asbestos Company, Ltd., General Electric Co., Manufacturas Miltiples, S.A., National

7   Gypsum Co., North American Asbestos Corp., Small & Parkes, Ltd., Societe Anonyme Francaise

8   Du Ferodo, American Society for Testing and Materials, Amiante de Sherbrooke Ltee, Asahi

9   Asbestos Co., Asberit S.A., Asbestos Corporation Service Limited, Carolina Asbestos Co.,

10  FRL/AN Albany International Co., Hilados Y Tejidos De Asbesto, S.A., J. Franklin Burke &

11  Co., National Asbestos Mines, Ltd., Nicotex Inc., Philadelphia Asbestos Co., Societe Francaise

12  De l'Amiante; all members of the Industrial Hygiene Foundation [IHF], including United States

13  Mineral Products Company; all members of the Gypsum Association, including: American

14  Gypsum Company, Georgia Pacific Corporation, Grand Rapids Gypsum Company, Kaiser

15  Gypsum Co., Inc., National Gypsum Company (and Gold Bond Building Products, a division of

16  National Gypsum), Temple Gypsum Company, Texas Gypsum Company, The Celotex

17  Corporation, The Flintkote Company, and The Ruberoid Co.

18                                            17.

19          Under Oregon law, all conspirators identified above in paragraph 16 are vicariously liable

20  for plaintiff's exposure to products manufactured, distributed, and/or supplied by all other

21  defendants and conspirators. Asten Group, Inc., in particular and for example, is liable under

22  Oregon law for plaintiff's exposure to products other than its dryer felts, including asbestos pipe

23  and boiler insulation manufactured, sold, or supplied by Asten Group, Inc.'s co-conspirators in

24  the ATI, including Johns-Manville and Raybestos-Manhattan, among others.

25                                            18.

26          Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

Page 16 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON◆PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 19

Exhibit ___C___ Page _23_

1   the conspirators were and are individuals or corporations organized and existing under and by

2   virtue of the laws of the State of Oregon, or the laws of some other state or foreign jurisdiction,

3   and that the company defendants were and are authorized to do and/or were and are doing

4   business in the State of Oregon, and that said defendants regularly conducted and/or conducts

5   business in the County of Multnomah, State of Oregon.

6                                                  19.

7           Plaintiff was exposed to asbestos-containing dust created by the use of the asbestos

8   products manufactured, distributed and/or supplied by one or more of the defendants and

9   conspirators, which exposures caused plaintiff's asbestos-related disease and injuries as herein

10   set forth.

11                                                 20.

12          The conspirators, individually and as agents of one another and as co-conspirators aided

13   and assisted each other and/or defendants and agreed and conspired among themselves, with

14   other asbestos manufacturers and distributors, and with Vandiver Brown, Dr. Anthony Lanza,

15   and MET LIFE to suppress material information concerning hazards of breathing asbestos,

16   supply defective products and/or otherwise conduct themselves so as to fail to avoid injury to

17   others or to injure the plaintiff in the following fashion (the following is not an exclusive or

18   comprehensive list of the wrongful acts of the defendants and conspirators but a representative

19   sample list of some examples):

20          a.      Beginning in 1929, MET LIFE entered into agreements with MANVILLE and

21   others to fund studies of the affects of asbestos exposure on Canadian asbestos miners. When the

22   data from these studies proved that Canadian asbestos miners were developing asbestosis, MET

23   LIFE, MANVILLE, and others suppressed its publication; further, Dr. Lanza (then a MET LIFE

24   employee) actively misrepresented the results of the Canadian study for many years thereafter to

25   meetings of health care professionals seeking information regarding asbestos exposure.

26          b.      In approximately 1934, conspirators MANVILLE and MET LIFE, through their

Page 17 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR 97205
Telephone (503) 295-4931; Fax (503) 241-2573

1  agents, attorney Vandiver Brown and attorney J.C. Hobart, and conspirator RAYBESTOS (now

2  RAYMARK), through its agents, Sumner Simpson and J. Rohrbach, suggested to Dr. Lanza,

3  Associate Director, MET LIFE (insurers of MANVILLE and RAYBESTOS), that Lanza publish

4  a study on asbestosis in which Dr. Lanza would affirmatively misrepresent material facts and

5  conclusions about asbestos exposure, including but not limited to descriptions of the seriousness

6  of the disease process. On December 21, 1934, Vandiver Brown sent to Dr. Lanza a draft of

7  MET LIFE's preliminary study entitled "Effects of Inhalation of Asbestos Dust Upon the Lungs

8  of Asbestos Workers," which was accompanied by a letter requesting that Dr. Lanza edit the

9  study before publication such that the aspects of the study that were "undesirable from the

10  industry viewpoint" were intentionally de-emphasized or otherwise misrepresented. As indicated

11  by a letter written on December 24, 1934 by Vandiver Brown to M.F. Judd, of Raybestos-

12  Manhattan, Vandiver Brown also sent a draft of the preliminary study to M.F. Judd. This letter

13  also informed M.F. Judd that Vandiver Brown had edited the study by making "additions,

14  omissions or changes in phraseology that will be beneficial from the Industry viewpoint."

15  Vandiver Brown noted that "The interest of your company in the Report is identical to that of

16  Johns-Manville and it, therefore, follows that whatever we may be able to accomplish will be for

17  the benefit of both." The misrepresentation was accomplished through strategic editing and word

18  smithing, as well as intentional deletion of Dr. Lanza's description of asbestosis as "fatal" and

19  through other selective editing that affirmatively distorted and misrepresented asbestosis as a

20  process less serious than it was known to be by the conspirators. As a result, Dr. Lanza's study

21  was published in the medical literature containing said misleading statements in 1935. The

22  conspirators were motivated, in part, to effectuate this fraudulent misrepresentation and

23  fraudulent nondisclosure by the desire to influence proposed legislation to regulate asbestos

24  exposure, to provide a defense in lawsuits involving, among others, MANVILLE, RAYBESTOS

25  (now RAYMARK), and MET LIFE, as insurer, and to promote the widespread and lucrative use

26  of their asbestos or asbestos containing products for their profit.

Page 18 - COMPLAINT

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 21**

Exhibit _C_ Page _26_

1     c.     On October 1, 1935 Summer Simpson, then president of Raybestos-Manhattan,

2    sent a letter to Vandiver Brown discussing his correspondence with the trade magazine

3    "Asbestos" and his attempts to discourage the magazine from publishing British articles that

4    discussed asbestos dust control and asbestosis.

5     d.     The above-described conspiracy continued in 1936, when additional co-

6    conspirators American Brakeblock Corporation (now PNEUMO ABEX), Asbestos

7    Manufacturing Company, GATKE, MANVILLE, T&N, RAYBESTOS (now RAYMARK),

8    Russell Manufacturing (whose liabilities have been assumed by H.K. Porter Company), Union

9    Asbestos and Rubber Company, and USG, entered into an agreement with a leading medical

10   research facility named Saranac Laboratories. Under the agreement, the conspirators acquired the

11   power to decide what information Saranac Laboratories could publish regarding test results and

12   asbestos disease and could also control in what form such publications were to occur. Their

13   agreement to suppress, misrepresent, or otherwise distort medical and scientific understanding of

14   asbestos pathology provided these conspirators the power and ability to affirmatively

15   misrepresent the results of the work at Saranac, and also gave these conspirators power to meet,

16   respond to, or otherwise rebuff material facts included in any study. On numerous occasions

17   thereafter, the conspirators exercised their power to prevent Saranac scientists from disclosing

18   material scientific data, resulting in widespread dissemination of misinformation regarding the

19   health affects of asbestos exposure, including at scientific, industrial, and governmental

20   meetings.

21    e.     In furtherance of the conspiracy, the conspirators exerted their position, influence,

22   and organized efforts to influence the establishment of "Threshold Limit Values" (TLVs) for

23   asbestos exposure. In 1938 the U.S. Department of Treasury published a Public Health Bulletin

24   by Dr. Dreesen, entitled, "A Study of Asbestosis in the Asbestos Textile Industry," in which Dr.

25   Dreesen, himself a victim of the co-conspirators misrepresentations and false information,

26   concluded, tentatively, that 5mppcf of asbestos particles was a level of exposure at which the

Page 19 - COMPLAINT

BRAYTON◆PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 22**

Exhibit ___C___ Page 26

1  majority of exposed workers would not develop clinical asbestos-related disease in their

2  lifetimes. The conspirators materially and fraudulently manipulated this study, which played a

3  significant role in the process of establishing the asbestos TLV by the American Conference of

4  Government Industrial Hygienists (ACGIH). In subsequent years, the conspirators discouraged

5  reevaluation or scientific scrutiny or testing of the TLV and actively attempted to influence the

6  value of the asbestos guideline by deliberately concealing and suppressing data available to them

7  regarding the full scope of the health effects associated with the inhalation of asbestos fibers and

8  the inadequacies of the TLV for protection of workers. For example, studies performed in the

9  1930's by MET LIFE at the request of MANVILLE indicated that the guideline needed to be well

10  below 5 mppcf, yet the studies were never published.

11      f.      The conspiracy was furthered when, on November 11, 1948, representatives of the

12  following conspirators met at MANVILLE headquarters: MANVILLE, American Brakeblock

13  Division of American Brake and Shoe Foundry (now PNEUMO ABEX), GATKE, T&N,

14  RAYBESTOS (now RAYMARK), Thermoid Company (whose assets and liabilities were later

15  purchased by H.K. Porter Company), Union Asbestos and Rubber Company, USG, and MET

16  LIFE. USG did not send a company employee to the meeting, but instead authorized attorney

17  Vandiver Brown of MANVILLE to represent its interest at the meeting and to take action on its

18  behalf.

19      g.      At the November 11, 1948 meeting, these conspirators and their representatives

20  decided to exert their position, influence, and organized efforts to materially alter, distort, and

21  otherwise corrupt and misrepresent material facts about the substance of research conducted by

22  Dr. Leroy Gardner at the Saranac Laboratories beginning in 1936, which research involved and

23  demonstrated the carcinogenicity of asbestos in mice and also included an evaluation of the

24  health effects of asbestos on humans.

25      h.      At this meeting, these conspirators intentionally and affirmatively decided that Dr.

26  Gardner's work should be edited to delete material facts about the cancer-causing propensity of

Page 20 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 23**

Exhibit _____C_____ Page _27_

1   asbestos, the health effects of asbestos on humans, and the critique of the promulgated dust

2   thresholds. The conspirators then published these deceptive and fraudulent statements in the

3   medical literature as edited by Dr. Vorwald. These conspirators thereby fraudulently

4   misrepresented the genuine risks of asbestos exposure to the public, in general, and the class of

5   persons exposed to asbestos, including the plaintiff, in specific.

6       i.      As a direct result of influence exerted by the conspirators, Dr. Vorwald published

7   Dr. Gardner's edited work in the <u>Journal of Industrial Hygiene, AMA Archives of Industrial</u>

8   <u>Hygiene and Occupational Health</u> in 1951 in a form that stressed those portions of Dr. Gardner's

9   work that the conspirators wished stressed, but which omitted reference to human asbestosis and

10  cancer, thereby materially, fraudulently, and affirmatively distorting and misrepresenting the

11  extent of the risks. The conspirators affirmatively and deliberately disseminated this deceptive

12  and fraudulent Vorwald publication to university libraries, government officials, agencies, and

13  others.

14      j.      Such actions constitute a material, affirmative misrepresentation of the material

15  facts involved in Dr. Gardner's work and resulted in creating and fostering an appearance that

16  inhalation of asbestos was less of health problem, danger, or risk than Dr. Gardner's unedited

17  work indicated.

18      k.      When Dr. Vorwald subsequently tried to publish more complete information

19  regarding Dr. Gardner's animal studies, the conspirators required his discharge from the Saranac

20  Laboratories, denied him permission to publish or complete Dr. Gardner's work, and actively

21  prohibited institutions of higher learning from hiring or retaining Dr. Vorwald in any capacity.

22      l.      The following conspirators were members of the trade association known as

23  Quebec Asbestos Mining Association (Q.A.M.A.): MANVILLE; Carey-Canada, individually and

24  as successor to Quebec Asbestos corporation; the Celotex Corporation, successor to Quebec

25  Asbestos Corporation; National Gypsum Company; and T&N, individually and successor to Bell

26  Asbestos. These conspirators, members of Q.A.M.A., participated in the above-described

Page 21 - COMPLAINT

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR   97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 24**

Exhibit ___C___ Page _28_

1   distortion and misrepresentation of the work of Dr. Gardner published by Dr. Vorwald in the

2   AMA Archives of Industrial Health in 1951, through, among other things, close monitoring of

3   the editing process by Q.A.M.A.'s representative, Ivan Sabourin, acting on behalf of all

4   Q.A.M.A. members.

5         m.       As a furtherance of the conspiracy commenced in 1929, conspirators who were

6   members of the Q.A.M.A. as described above began in or about 1950 to formulate a plan to

7   influence public opinion about the relationship between asbestos and cancer by influencing the

8   medical literature on this subject and then touting and disseminating this literature to the public

9   and to organizations and legislative bodies responsible for regulatory control of asbestos with the

10  specific intent of misrepresenting the existing scientific information and suppressing contrary

11  scientific data in their possession and control.

12        n.       This plan of misrepresentation and influence over the medical literature began on

13  or about 1950 when the aforementioned Q.A.M.A. members selected Saranac Laboratories to do

14  an evaluation of whether cancer was related to asbestos. After a preliminary report authored by

15  Dr. Vorwald in 1952 indicated that a cancer/asbestos relationship might exist in experimental

16  animals, these Q.A.M.A. members refused to further fund the study, terminated the study, and

17  prevented any public discussion or dissemination of the results.

18        o.       As a result of the termination of the Q.A.M.A./Saranac study, the conspirators

19  fraudulently withheld information from the public and affirmatively misrepresented to the public

20  and legislative and regulatory bodies that asbestos did not cause cancer, including affirmative

21  misrepresentations by conspirators and conspirators' agents K.W. Smith, M.D., Paul Cartier,

22  M.D., Dr. Vorwald, Dr. Lanza, Vandiver Brown, and Ivan Sabourin. Said misrepresentations

23  were directed to *inter alia*, U.S. Government officials, Canadian government officials, U.S.

24  National Cancer Institute, medical organizations, health professionals, and the general public,

25  including plaintiff.

26        p.       Subsequently, the Q.A.M.A. conspirators contracted with the IHF and Dr. Daniel

Page 22 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

1      v.    In furtherance of the conspiracy, in 1952, a symposium regarding the health

2  effects of asbestos was held at the Saranac Laboratories. The following conspirators were in

3  attendance: MET LIFE, Dr. Lanza, MANVILLE, T&N, RAYBESTOS (now RAYMARK), and

4  Q.A.M.A. members by way of their agents, including Mr. Cartier, Mr. Sabourin, and

5  Mr. LaChance.

6      w.    At the 1952 Saranac meeting, the occurrence of lung cancer and asbestosis in

7  product users and the carcinogenic properties of all fiber types of asbestos were discussed. In an

8  affirmative attempt to mislead the public about the extent of health risks associated with

9  asbestos, and in an effort to fraudulently conceal those risks from the public, these conspirators

10  conspired to prevent publication of the record of this 1952 Saranac Symposium, and it was not

11  published. In addition, the conspirators induced Dr. Vorwald not to communicate the results of

12  his and Dr. Gardner's animal studies showing excess cancers in animals, which thereby

13  fraudulently misrepresented existing secret data, which could not be publicized owing to the

14  secrecy provisions contained in the 1936 Saranac agreement heretofore described.

15      x.    The following co-conspirators were some of the members of the trade

16  organization known as the ATI: Asten-Hill Manufacturing Co.; RAYBESTOS (now

17  RAYMARK); MANVILLE; H.K. Porter; T&N; Asbestos Textile Corporation, Inc. (GATKE);

18  National Gypsum; and Uniroyal, Inc., individually and through its alter-egos, CDU Holding

19  Company, Uniroyal Holding Company and Uniroyal Goodrich Tire Company.

20      y.    In furtherance of the forgoing conspiracy, in 1947 these conspirators, members of

21  the ATI, received a report, entitled "Report of Preliminary Dust Investigation For Asbestos

22  Textile Institute" and dated June 1947, from industrial hygienist W.C.L. Hemeon (Hemeon)

23  regarding asbestos, which indicated that a re-evaluation of the then-existing threshold values for

24  asbestos exposure was necessary. The report stated that the information then available "does not

25  permit complete assurance that five million is thoroughly safe nor has information been

26  developed permitting a better estimate of safe dustiness." The report also stated that "the

Page 24 – COMPLAINT

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 27**

Exhibit ____ C ____ Page 30

1   elimination of future asbestosis depends upon the degree of [dust] control effected now." These

2   conspirators caused the Hemeon report not to be published and thereby fraudulently concealed

3   material facts about asbestos exposure from the public and affirmatively misrepresented to the

4   public and the class of persons exposed to asbestos that the then-existing published threshold

5   values for asbestos were acceptable. Thereafter, and on a continuing basis, these conspirators

6   withheld this and additional material information on asbestos dust threshold values from the

7   ACGIH, thereby purposefully further influencing evaluations of their TLV for asbestos exposure.

8   Other conspirators also discouraged, on an ongoing basis, reevaluation of the TLV and actively

9   attempted to influence the value of the asbestos guideline by deliberately concealing and

10  suppressing data available to them regarding the full scope of the health effects associated with

11  the inhalation of asbestos fibers and the inadequacies of the TLV for protection of workers.

12          z.      In furtherance of the forgoing conspiracy, members of the ATI formed the Air

13  Hygiene Committee, which began meeting as early as 1952. Following are some members of the

14  ATI Air Hygiene Committee: American Asbestos Textile Corp., Asten-Hill Manufacturing

15  Company, Johns-Manville, Small & Parkes, Southern Asbestos Company, and Union Asbestos

16  & Rubber Company. In approximately 1956, D.R. Holmes, of Asten-Hill Manufacturing, was

17  made chairman of the Air Hygiene Committee, after having previously served in lesser positions

18  on the ATI committee. On October 9, 1952, this committee discussed, *inter alia*, establishing

19  industry-wide applications of dust control, medical practices, and industrial hygiene techniques.

20  The committee also discussed the suspect relation of asbestos to cancer. During its June 10, 1953

21  meeting, the committee took steps toward creating an industry-wide method of dust sampling and

22  medical evaluation. On September 9, 1953, the committee discussed in detail the causes and

23  symptoms of asbestosis and acknowledged that increased exposure to asbestos fiber increased the

24  risk of developing asbestosis. The committee discussed the option of "job transfer as a means of

25  prevention." On October 6, 1954, the committee discussed the relationship between exposure to

26  asbestos and cancer and the data available showing that asbestos causes lung cancer. At the

Page 25 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON♦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 28**

Exhibit ___ C ___ Page 31 ___

1   March 11, 1955 meeting, the committee again discussed the medical aspects of asbestosis. The

2   committee took steps toward developing a program that would provide for the accumulation and

3   exchange of disease experience of the member companies. Members also established that they

4   should assign only those workers without respiratory problems to positions in which they would

5   be exposed to asbestos. In another meeting in 1955, the committee considered a Saranac

6   Laboratory research proposal pertaining to the relationship between pulmonary cancer and

7   asbestosis. The committee noted that there are several articles tying the two together and

8   suggested enlisting the financial help of other sectors of the asbestos industry in order to fund the

9   Saranac research project. The committee recommended that all members of the ATI participate in

10  the study, which would be undertaken in order to assist in determining the ATI members'

11  liability in occupational disease cases. Asten-Hill Manufacturing, through its representatives

12  including D.R. Holmes, participated in the Air Hygiene Committee meetings discussed above

13  and others not discussed.

14          aa.     In furtherance of the forgoing conspiracy, on June 8, 1955, the Board of

15  Governors of the ATI met and discussed the Saranac Laboratory research proposal. The ATI

16  disapproved of the autopsy portion of the proposed Saranac study, because that portion of the

17  study was an investigation of the carcinogenic capabilities of asbestos. Asten-Hill

18  Manufacturing, through its representatives including D.R. Holmes, participated in the ATI

19  meeting discussed above and others not discussed.

20          bb.     In furtherance of the forgoing conspiracy, on September 7, 1955, the ATI Air

21  Hygiene Committee Meeting met with representatives of the Q.A.M.A. Mr. Sabourin, of the

22  Q.A.M.A. discussed the incidence of asbestosis in its medical clinics and noted that the major

23  health problems of the asbestos mining industry pertained to the relationship between exposure

24  to asbestos and heart difficulties and cancer. Asten-Hill Manufacturing, through its

25  representatives including D.R. Holmes, participated in this Air Hygiene Committee meeting.

26          cc.     In furtherance of the forgoing conspiracy, on March 7, 1956, the Board of

Page 26 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 29**

Exhibit  C   Page 32

1    Governors of the ATI met and discussed a report issued by Dr. Hueper, Chief of the

2    Environmental Cancer section of the National Cancer Institute, National Institute of Health,

3    entitled, "Public Health Monograph #36, A Quest Into the Environmental Causes of Cancer of

4    the Lung," which addresses the relationship between asbestosis and lung cancer. The ATI took

5    steps toward initiating a "program of investigation and publicity to counteract the unfavorable

6    publicity presently directed to the asbestos industries as a result of the work of Dr. Hueper." This

7    program was designed to corrupt medical and consumer understanding and awareness of the

8    dangers of asbestos known to members of the ATI. The ATI decided to enlist the assistance of

9    the Industrial Hygiene Foundation in this effort. The ATI Air Hygiene Committee also met on

10   March 7, 1956 to discuss the issue of the relationship between asbestosis and cancer. The

11   Committee discussed the article by Dr. Hueper in detail, including Dr. Hueper's conclusions that

12   Asbestosis-Cancer can be found after exposure to asbestos of as little as six (6) months, that all

13   workers in the asbestos industry are susceptible, and that Asbestosis-Cancer may be found in

14   person living in the area of an asbestos plant. Dr. Kenneth Smith, Medical Director of Johns-

15   Manville, recommended "very strongly" that the ATI begin a study, through the IHF, of the

16   relationship between lung cancer and asbestos, "in order that [the ATI] could procure

17   information which would combat current derogatory literature now being circulated throughout

18   the United States and Canada." Dr. Smith advised the ATI that he had no evidence that there is

19   not a relationship between asbestosis and cancer. On March 8, 1956, the General Meeting of the

20   ATI convened, at which meeting the ATI approved an investigation into "the possibility of more

21   concerted action designed to refute the work of Dr. Hueper." This project was assigned to the Air

22   Hygiene Committee, under the leadership of D.R. Holmes of the Asten-Hill Manufacturing. The

23   Air Hygiene Committee was assigned the task of conducting a preliminary investigation to

24   determine whether a study regarding the relationship between asbestosis and lung cancer should

25   be conducted. On March 7, 1957, the Air Hygiene Committee decided to discontinue

26   investigation into the relationship between exposure to asbestos and lung cancer. The Committee

Page 27 – COMPLAINT

J:\oregon\103631\Pldhcomp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 30

Exhibit ____C____ Page 33

1   rejected the ATI's Proposed Epidemiological Study of Lung Cancer in Asbestos Workers,

2   because, among other reasons, such a study would be costly, and "there [was] a feeling among

3   certain members that such an investigation would stir up a hornet's nest and put the whole

4   industry under suspicion." This decision was presented to and approved by the Board of

5   Governors of the ATI on March 7, 1957. This resulted in fraudulently concealing from the public

6   material facts regarding asbestos exposure and also constituted an affirmative misrepresentation

7   of the then-existing knowledge about asbestos exposure and lung cancer. Asten-Hill

8   Manufacturing, through its representatives including D.R. Holmes, participated in the Air

9   Hygiene Committee and ATI Board of Governors and General meetings discussed above and

10   others not discussed.

11         dd.      In furtherance of the forgoing conspiracy, on June 4, 1956, the Air Hygiene

12   Committee met and discussed a recent legal case in Lancaster Pennsylvania, in which a state

13   referee decided the case in favor of the employee on the basis of finding an asbestosis-cancer

14   relationship.

15         ee.      Asten-Hill Manufacturing, through its representative J.G. Schoepf, participated in

16   the General Meeting of the ATI, Twentieth Anniversary Celebration on October 9, 1964.

17         ff.      In furtherance of the forgoing conspiracy, in 1953, co-conspirator National

18   Gypsum, through its agents, in response to an inquiry from the Indiana Division of Industrial

19   Hygiene regarding health hazards of asbestos spray products, refused to mail a proposed response

20   to that division indicating that respirators should be worn by applicators of the products. National

21   Gypsum's and conspirators' response distorted and fraudulently misrepresented the need for

22   applicators of asbestos spray products to wear respirators and fraudulently concealed from such

23   applicators the need for respirators and thereby misrepresented the risks associated with asbestos

24   exposure.

25         gg.      In furtherance of the forgoing conspiracy, in 1955, conspirator MANVILLE,

26   through its agent Dr. Kenneth Smith, caused to be published in the AMA Archives of Industrial

Page 28 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 31

Exhibit ___C___ Page _34_

1   Health, an article entitled "Pulmonary Disability in Asbestos Workers." This published study

2   materially altered the results of an earlier study in 1949 concerning the same set of workers. This

3   alteration of Dr. Smith's study constituted a fraudulent and material misrepresentation about the

4   extent of the risk associated with asbestos inhalation.

5          hh.     In furtherance of the forgoing conspiracy, in 1955, the National Cancer Institute

6   held a meeting at which conspirator MANVILLE, individually and as an agent for other co-

7   conspirators, and Dr. Vorwald, as agent of co-conspirators, affirmatively misrepresented that

8   there was no existing animal studies concerning the relationship between asbestos exposure and

9   cancer, when, in fact, the conspirators were in secret possession of several suppressed studies and

10  data which demonstrated that positive evidence did exist.

11         ii.     In furtherance of the forgoing conspiracy, in 1964, conspirators who were

12  members of the ATI met to formulate a plan for rebutting in concert the association between lung

13  cancer and asbestos exposure that had been recently published by Dr. Irving J. Selikoff of Mount

14  Sinai Research Center. Thereafter, these members of the ATI embarked upon a campaign to

15  further misrepresent the association between asbestos exposure and lung cancer.

16         jj.     Conspirators the Mellon Institute and the IHF were a research institute whose

17  functions included involvement in research regarding the health effects of inhaling asbestos dust.

18         kk.     Beginning in the early 1940's, the IHF was involved in a study by Hemeon entitled

19  Report of Preliminary Dust Investigation for Asbestos Textile Institute, June 1947. This study

20  was done in connection with members of the ATI. This study determined that workers exposed to

21  less asbestos than the value of then-existing guidelines were nonetheless developing asbestos-

22  related injury and disease. As a part of the conspiracy, the IHF suppressed and never published

23  this study.

24         ll.     Beginning in at least the 1940's, the IHF compiled and published the Industrial

25  Hygiene Digest, which provided literature abstracts and industrial health news. The March, 1947

26  issue of the Industrial Hygiene Digest contained reviews of several articles about asbestos,

Page 29 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

EXHIBIT A
Page 32

Exhibit ___C___ Page 35

1   including *Asbestos Dust*, which called attention to the hazards of exposure to asbestos dust. The

2   January, 1950 issue of the Industrial Hygiene Digest reviewed an article entitled, *Asbestosis: VI*

3   *Analysis of Forty Necropsied Cases*, by K.M Lynch and W.M. Cannon. Among the articles

4   reviewed in the September, 1950 issue of the Industrial Hygiene Digest, was an article discussing

5   the history and causes of asbestosis, entitled, *Asbestosis*, by H. Wyers. The September, 1952

6   issue of the Industrial Hygiene Digest reviews an article by R. Stoll, R. Bass, and A.A. Angrist,

7   entitled *Asbestosis associated with Bronchiogenic Carcinoma*. The June, 1953 issue of the

8   Industrial Hygiene Digest reviewed two articles relating to asbestos, entitled, *The Clinical*

9   *Picture and Pathology of Asbestosis* and *Lung Carcinoma caused by Asbestos Inhalation*. The

10  July, 1955 issue of the Industrial Hygiene Digest reviewed an article relating to asbestos, entitled,

11  *Primary Cortical-Cell Tumor of the Peritoneum in a Case of Asbestosis*, by F. Leicher. An article

12  by R. Doll, entitled *Mortality from Lung Cancer in Asbestos Workers*, was reviewed in the

13  September, 1955 issue of the Industrial Hygiene Digest. This article concluded that lung cancer is

14  a specific hazard of asbestos workers and that the average risk among men employed for 20 years

15  or more has been on the order of ten times that experienced by the general population. The

16  September 1956 issue of the Industrial Hygiene Digest reviewed three asbestos-related articles,

17  entitled, *A Study of Respiration in Pulmonary Asbestosis; Asbestosis: Report of a Case; and New*

18  *Viewpoints on Pulmonary Cancer in Asbestos Workers*. All of the above, as well as other, issues

19  of the Industrial Hygiene Digest were made available to members of the IHF and the ATI.

20         mm.   Beginning in the mid 1950's, the IHF and the Mellon Institute were involved in

21  the publication of works by Drs. Braun and Truan entitled An Epidemiological Study of Lung

22  Cancer in Asbestos Miners. In its original, unedited form in September, 1957, this study had

23  concluded that workers with asbestosis had an increased incidence of lung cancer and that the

24  Canadian government had been under-reporting cases of asbestosis. The final, published version

25  of this study in June, 1958, deleted the conclusion that workers with asbestosis suffered an

26  increased incidence of lung cancer and that the Canadian government had been under-reporting

Page 30 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 33**

Exhibit   C   Page   36

1    asbestosis cases. The IHF and the Mellon Institute conspired with the members of the Q.A.M.A.

2    and their legal counsel, Ivan Sabourin, and other conspirators to delete the above-described

3    information regarding asbestos and cancer.

4         nn.    The above-described actions of the IHF and the Mellon Institute constituted

5    intentional deception and fraud in actively misleading the public about the extent of the hazards

6    connected with breathing asbestos dust.

7         oo.    The above-described conspiratorial and fraudulent actions of the IHF and the

8    Mellon Institute substantially contributed to delay or otherwise retard the development of

9    knowledge about the hazards of asbestos and thereby substantially contributed to injuries

10   suffered by the plaintiff.

11        pp.    All conspirators identified above approved and ratified and furthered the previous

12   conspiratorial acts of all conspirators, including MANVILLE, RAYBESTOS (now RAYMARK),

13   Dr. Lanza, and MET LIFE, and all the alleged co-conspirators, during the dates and in

14   circumstances set forth above, acted as agents and co-conspirators of the other conspirators, each

15   of whom never withdrew from the referenced conspiracy.

16        qq.    In furtherance of the referenced conspiracy and its purposes, and RAYMARK's

17   fraud, concealment, suppression, and conspiratorial misconduct and of the referenced

18   conspirators, and each of them, as herein set forth, RAYMARK's President and/or other senior

19   executives corresponded with other senior executives of RAYMARK's co-conspirators, which

20   series of correspondence and related documents and papers are commonly referenced as "The

21   Sumner Simpson Papers."

22        rr.    In furtherance of the referenced conspiracy and its purposes, and of the fraud,

23   concealment, suppression, and conspiratorial misconduct of the members of the ATI as herein set

24   forth, the ATI and the IHF kept minutes of their regular meetings, discussions, resolutions, and

25   related actions, recorded in "The ATI Minutes."

26   ///

Page 31 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 34**

Exhibit ___C___ Page ___37___

1   21.

2   The defendants and conspirators made representations to the public and/or to plaintiff and

3   others concerning asbestos-containing products, including:

4   a.   the statements and assertions set forth and summarized in the foregoing

5   paragraphs;

6   b.   that asbestos in commercially used insulation products was not hazardous (this

7   statement was known to be false by the defendants and conspirators);

8   c.   that the amount of asbestos in the air sufficient to cause disease was five million

9   particles per cubic foot (this statement was known to be false by the defendants and

10   conspirators);

11   d.   that asbestos does not cause cancer (this statement was known to be false by the

12   defendants and conspirators);

13   e.   that the defendants' and others' asbestos-containing products were safe when used

14   as intended;

15   f.   that the defendants' and others' asbestos-containing products required no special

16   handling, equipment, or personal protection to be safely used; and

17   g.   the defendants and conspirators actively and fraudulently concealed facts from the

18   plaintiff and others including to:

19   1.   that there are no safe levels of exposure to asbestos;

20   2.   that asbestos-related disease is permanent, insidious, and incurable;

21   3.   that asbestos-related clinical disease is entirely preventable;

22   4.   that asbestos causes various forms of cancer, including an invariably fatal

23   cancer called mesothelioma;

24   5.   that individuals should protect themselves from breathing asbestos dust

25   whenever possible;

26   6.   the extent of asbestos-related disease in exposed populations;

Page 32 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 35**

Exhibit _____C_____ Page ___38___

1     7.    information regarding the levels of airborne asbestos which can cause

2            disease;

3     8.    their substantial experience with workers' compensation claims related to

4            asbestos exposure;

5     9.    that asbestos products require special equipment and procedures for proper

6            handling; and

7     10.   that every preventable exposure to asbestos should be prevented.

8                    22.

9        Further, the defendants and conspirators knew that their representations and statements

10  were false and that by their acts and omissions they were actively, overtly, tacitly, and otherwise

11  fraudulently conducting their business and affairs so as to conceal and suppress adverse

12  information regarding the true health affects of asbestos including the facts set forth above. The

13  defendants and conspirators made the false statements and concealed the information with the

14  intent to deceive consumers, the public, customers, tradesmen, and others not involved in the

15  conspiracy. Plaintiff and others reasonably relied both directly and indirectly on the foregoing

16  false statements, acts, or purposeful omissions, and their lack of knowledge resulting from the

17  defendants' and conspirators' fraudulent concealment caused plaintiff's exposure and asbestos-

18  related injuries and damages as more fully set forth herein.

19                   23.

20      The asbestos-containing products that defendants and conspirators manufactured,

21  marketed, distributed, sold and otherwise supplied were defective; plaintiff was exposed to

22  asbestos from the defendants' and conspirators' products which caused plaintiff's asbestos-

23  related injuries as more fully set forth in the foregoing paragraphs.

24                   24.

25      Each of the conspirators aided, commanded, advised, countenanced, or provided

26  substantial assistance to the other conspirators and or to defendants in accomplishing their

Page 33 – COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 36**

Exhibit _____ C _____ Page _39___

1   tortious result and their breach of duties to the public, consumers, and the plaintiff.

2                                  25.

3          The tortious result accomplished by the conspirators was done for each conspirator's and

4   defendant's benefit, and each conspirator and defendant approved of the tortious result after and

5   as it was accomplished.

6                                  26.

7          MET LIFE was an active participant in the foregoing conspiracy and benefitted thereby.

8   MET LIFE aided and participated in the conspiracy and benefitted from their involvement as

9   enumerated in the following non-exclusive list:

10         a.      by providing workers' compensation insurance to the co-conspirators;

11         b.      by providing life insurance for employees of the co-conspirators;

12         c.      providing health insurance or health care for the employees of the co-conspirators;

13         d.      by providing health information and resources;

14         e.      by purchasing substantial stock in asbestos-related companies, including stock of

15  co-conspirators;

16         f.      by developing information by which asbestos-related claims for compensation

17  could be defeated; and

18         g.      by collecting premiums on policies provided, for which they paid no benefits,

19  despite receiving legitimate, valid, and covered claims.

20                                 27.

21         MET LIFE acted in concert with conspirators and/or defendants and pursuant to a

22  common design, as previously described, to cause injury to plaintiff.

23                                 28.

24         MET LIFE knew that the conduct of MANVILLE, RAYBESTOS (now RAYMARK),

25  USG, American Brakeblock Corporation (now PNEUMO ABEX), T&N, and the other

26  conspirators was coercive, fraudulent, and deceitful towards others (including plaintiff) and that

Page 34 - COMPLAINT
      J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR   97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 37**

Exhibit _____ C _____ Page 40

1   conspirators' conduct was a breach of dut(y)(ies) owed plaintiff; and MET LIFE gave

2   substantial assistance and encouragement to MANVILLE and the other conspirators in breaching

3   their duties to plaintiff and others.

4                                              29.

5           The tortious result accomplished by the conspirators was done for MET LIFE's benefit,

6   and MET LIFE approved of the tortious result after and as it was accomplished.

7                                              30.

8           Plaintiff was insured, directly or indirectly, by MET LIFE and as such was owed a

9   fiduciary duty by MET LIFE which duty was breached by its foregoing conduct and conspiracy,

10  which thereby caused plaintiff's asbestos-related injuries.

11                                             31.

12          Additionally and alternatively, as a direct result of MET LIFE's actions and omissions,

13  plaintiff, his agents and/or employers, and/or the general public were unaware of the true and full

14  dangers of asbestos, plaintiff was deprived of the opportunity to protect himself from the risk of

15  being exposed to asbestos, and plaintiff was denied the reasonable opportunity to secure that

16  others take precautions against the dangers of asbestos, which caused plaintiff's damages herein.

17                              **FIRST CLAIM FOR RELIEF**

18                                  **(Product Liability)**

19                                             32.

20          AS AND FOR A SEPARATE AND DISTINCT FIRST CLAIM FOR RELIEF BASED

21  UPON PRODUCT LIABILITY, PLAINTIFF COMPLAINS OF CONSPIRATORS

22  IDENTIFIED IN PARAGRAPH 16 AND THEIR "ALTERNATE ENTITIES," AND

23  DEFENDANTS AND THEIR "ALTERNATE ENTITIES" WHO ARE NAMED IN THIS

24  COMPLAINT, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

25                                             33.

26          Plaintiff realleges paragraphs 1 through 31.

Page 35 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✜PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 38**

Exhibit ___C___ Page 41

1        34.

2        At all material times, defendants' and conspirators' asbestos-containing products to

3 which plaintiff was exposed were unreasonably dangerous and defective under Oregon Consumer

4 Safety laws, including Oregon Revised Statutes §30.920, in one or more of the following

5 particulars:

6        a.        Defendants' and conspirators' asbestos-containing products were capable of

7 causing incurable pulmonary disease, including mesothelioma, pleural plaques, pathologic and

8 clinical asbestosis and/or cancer if inhaled by individuals, including plaintiff, in their workplaces

9 or home environment, including those set forth above.

10        b.        Defendants' and conspirators' asbestos-containing products failed to sufficiently,

11 or at all, warn and/or instruct the public and individual workers, including plaintiff, of the harm

12 caused by exposure to said products.

13        c.        Defendants' and conspirators' asbestos-containing products failed to sufficiently

14 advise or warn the public and individual workers, including plaintiff, to utilize proper respiratory

15 protection or other protective equipment, resulting in their exposure to airborne asbestos fibers

16 within their working environment.

17        d.        Defendants' and conspirators' asbestos-containing products were defectively

18 designed to require the replacement of asbestos-containing components with asbestos-containing

19 replacement parts.

20        35.

21        Defendants, conspirators, and their "alternate entities," and each if them, knew and

22 intended that the above-referenced asbestos and asbestos-containing products would be used by

23 the purchaser or user, including plaintiff, without inspection for defects therein or in any of their

24 component parts, and without the purchaser's or user's knowledge of the hazards involved in

25 such use.

26 ///

Page 36 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 39**

Exhibit ___C___ Page _42_

36.

Said asbestos and asbestos-containing products were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers caused serious disease, including, incurable lung scarring and/or cancers, and/or death. The defect existed in the said products at the time they left defendants' or conspirators' possession. Said products did, in fact, cause personal injuries and lung damage, among other injury and damage, to exposed persons, including plaintiff, while being used in a reasonably foreseeable manner, thereby rendering them defective, unsafe, and dangerous for use.

37.

Exposed persons, including plaintiff, did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons," including plaintiff. Defendants and conspirators further failed to adequately warn plaintiff and others similarly situated of the risks to which they were exposed.

38.

The asbestos and asbestos-containing products manufactured, distributed, and/or supplied by defendants and conspirators were intended to and did reach plaintiff without substantial change.

39.

Through their conduct described in paragraphs 17 through 31, the conspirators conspired and aided in injuring plaintiff as described above in the First Claim for Relief.

**SECOND CLAIM FOR RELIEF**

**(Negligence)**

40.

AS AND FOR A SEPARATE AND DISTINCT SECOND CLAIM FOR RELIEF FOR NEGLIGENCE, PLAINTIFF COMPLAINS OF CONSPIRATORS IDENTIFIED IN PARAGRAPH 16 AND THEIR "ALTERNATE ENTITIES," AND DEFENDANTS AND

Page 37 - COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 40**

Exhibit ___C___ Page __43__

1  THEIR "ALTERNATE ENTITIES" WHO ARE NAMED IN THIS COMPLAINT, AND EACH

2  OF THEM, AND ALLEGES AS FOLLOWS:

3                                        41.

4         Plaintiff realleges paragraphs 1 through 31.

5                                        42.

6         Defendants and conspirators had a duty to use reasonable or ordinary care to avoid

7  harming plaintiff in the manufacture, distribution, supply, and/or otherwise making available of

8  their asbestos and asbestos-containing products.

9                                        43.

10        Defendants and conspirators, and each of them, created a foreseeable risk of harm to

11  plaintiff through, among other things, the following conduct, acts, or omissions:

12        a.      In failing to determine the level of airborne asbestos fibers emitted by the products

13  when the products were being used by the end user;

14        b.      In failing to conduct tests to determine the amount of asbestos to which plaintiff,

15  or similarly situated workers, would be exposed, when engaging in the use of the product(s);

16        c.      In failing to caution or warn individual workers, including plaintiff, regarding

17  hazards associated with the use of the product(s);

18        d.      In failing to provide sufficient or adequate warnings and/or instructions of the

19  harm caused by exposure to defendants' and conspirators' asbestos-containing

20  products when they knew or should have known of that harm;

21        e.      In failing to withdraw or otherwise recall asbestos-containing products from the

22  market prior to plaintiffs' exposure, when they knew or should have known, as set forth herein, of

23  its dangerous propensities;

24        f.      In designing a product requiring asbestos-containing components, and designing a

25  product requiring the replacement of such asbestos-containing components with other asbestos-

26  containing components.

Page 38 - COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 41**

Exhibit ___C___ Page _44_

1     44.

2     Through their conduct as described herein, defendants and conspirators caused plaintiff to

3 be exposed to asbestos and asbestos-containing products, which exposure caused bodily injury,

4 including incurable pulmonary disease, including mesothelioma, pleural plaques, and/or

5 pathologic and clinical asbestosis. Defendants and conspirators knew or should have known, as

6 set forth in paragraph 47, that exposure to their asbestos and asbestos-containing products created

7 a risk of asbestos-related injury and/or disease.

8     45.

9     Because of defendants' and conspirators' knowledge, and/or what they should have

10 known, as set forth in paragraph 47, of the risks posed by exposure to and contact with their

11 products, defendants' and conspirators' conduct as described herein was unreasonable in light of

12 the risks involved.

13     46.

14     Defendants' and conspirators' conduct as described herein caused plaintiff's injuries and

15 damages as set forth herein, in that, among other things, plaintiff was within the class of persons

16 and plaintiff's injury was within the general type of potential incidents and injuries that rendered

17 defendants' and conspirators' conduct negligent.

18     47.

19     Medical and scientific literature describing the dangers and toxicity of asbestos fibers

20 dates back to before the turn of the twentieth century. By 1930, it was conclusively established

21 and made known to the medical and industrial communities that asbestos causes asbestosis. As

22 early as 1934, the members of the asbestos industry became aware that even persons not working

23 directly with asbestos and asbestos-containing products suffered harm due to exposure to

24 asbestos. As early as 1935, sectors of the state and federal government began voicing their

25 concern, through publication of special and health bulletins, about the dangers of asbestos.

26 Inquiry into the link between asbestos and lung cancer became public knowledge by 1935, and in

Page 39 - COMPLAINT

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

1   1949 it was established and made known that asbestos is a cause of lung cancer. By 1960, it was
2   conclusively established and made known to the medical and industrial communities that
3   asbestos causes mesothelioma. Beginning as early as 1930 and continuing for at least four
4   decades, there was a significant amount of study and literature commissioned and written by and
5   for the industrial community and published in industry journals. By 1963, there were over 300
6   articles in English regarding asbestos related illness available.
7          The Oregon Industrial Accident Commission Safety Code for the Prevention and Control
8   of Occupational Disease (adopted December 15, 1945, revised September 1, 1949) lists asbestos
9   as an atmospheric contaminant against exposure to which precautions should be taken.
10         Beginning in approximately the early 1960's warning labels regarding the hazards of
11  asbestos were placed on some asbestos-containing products.
12                                           48.
13         Through their conduct described in paragraphs 17 through 31 the conspirators conspired
14  and aided in injuring plaintiff as described above in the Second Claim for Relief.
15         **NOTICE OF INTENT TO AMEND TO INCLUDE PUNITIVE DAMAGES**
16                                           49.
17  Plaintiff incorporates by reference each and every paragraph of this complaint herein.
18                                           50.
19         Plaintiff gives notice of his intent to seek leave of the court to amend his complaint to
20  seek punitive damages against each defendant and each conspirator named in this complaint,
21  according to proof at or before the time of trial.
22                                           51.
23         WHEREFORE, plaintiff prays for judgment against defendants as follows:
24         1.      For plaintiff's economic damages for past and future doctor, hospital, custodial,
25                 hospice, and medical and other expenses, according to law, in an amount
26                 according to proof at trial of $200,000.00;

Page 40 – COMPLAINT
J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 43**

Exhibit _C_   Page _46_

1    2.    For plaintiff's economic damages for loss of pension and or past and future loss of

2           income or wages and impairment of income or wage-earning capacity and loss of

3           home services, according to law, in an amount according to proof at trial of

4           $300,000.00;

5    3.    For plaintiff's non-economic damages, according to law, in an amount according

6           to proof at trial of $750,000.00;

7    4.    For plaintiff's costs and disbursements herein; and

8    5.    For such further and other relief as the Court may deem just and proper according

9           to proof at trial.

10        **CERTIFICATION TO COURT**

11        The undersigned attorney certifies upon reasonable knowledge, information and belief,

12  formed after making of such inquiry as is reasonable under the circumstances, that this document

13  is not presented for any improper purpose, that the legal positions contained herein are warranted

14  by nonfrivolous application or modification of existing law, and that the undersigned reasonably

15  believe that every and all allegations will be supported by evidence now or after further

16  investigation and discovery.

17        DATED this 31 day of March , 2005.

18           BRAYTON ✣ PURCELL, LLP

19

20           Elaine J. Brown, OSB No. 93036

21           ebrown@braytonlaw.com
              Scott Niebling, OSB No. 04494

22           sniebling@braytonlaw.com
              Trial Attorney: Gilbert L. Purcell, CA SB No. 113603

23           Of Attorneys for Plaintiff

24

25

26

Page 41 - COMPLAINT

BRAYTON✣PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

**EXHIBIT A**
**Page 44**

Exhibit _C_ Page 47

EXHIBIT 1

Howard Wood v. Allis-Chalmers, et al.

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| Plaintiff's Father's Farm, Bridwell Rd., McMinnville, OR | Plaintiff's Father's Farm Bridwell Rd., McMinnville, OR | Mechanic | 1948-1955 |
| US Army | US Army | Infantryman | 2/3/1955-2/1/1957 |
| | Fort Ord, Monterey, CA | Infantryman | 1955 |
| | Camp Roberts, CA | Infantryman | 1955 |
| | Fort Lewis, WA | Infantryman | 1955-1957 |
| Safeway, 4th & Baker St. McMinnville, OR | Safeway, 4th & Baker St. McMinnville, OR | Laborer | Late 1950s |
| Ganiere Brothers, Springfield, OR | White City Plywood, McMinnville, OR | Laborer | 1960s-1970s |

## NON-OCCUPATIONAL EXPOSURE

Plaintiff owned and repaired several automobiles during the 1950s, 1960s and 1970s, including the following:

1938 CHEVY (GENERAL MOTORS CORPORATION ), in approximately 1955.

1937 FORD from 1951 to 1952.

1939 CHEVY (GENERAL MOTORS CORPORATION) from 1953 to 1954.

1941 PLYMOUTH (DAIMLERCHRYSLER CORPORATION) from 1954 to 1957.

1957 RAMBLER (DAIMLERCHRYSLER CORPORATION) from 1964 to 1970.

1947 JEEP WILLY (DAIMLERCHRYSLER CORPORATION) from 1966-1975.

1963 INTERNATIONAL pick up truck from 1975 to 1978.

**EXHIBIT A**
**Page 45**

Exhibit _____C_____ Page _____48_____

1970 PONTIAC (DAIMLERCHRYSLER CORPORATION) from 1976 to 1984.

1971 SUBARU from 1982 to 1985.

1983 SUBARU from 1984 to 1988.

**EXHIBIT A**
**Page 46**

Exhibit ___C___ Page __49__

DC# 1155414

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/22/2005
Log Number 510152493

TO:   Evelyn Barnes
      Clark Hill P.L.C.
      500 Woodward Ave., Ste. 3500
      Detroit, MI, 48226-3435

RE:   **Process Served in Washington**

FOR:  DaimlerChrysler Corporation  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Howard Wood, Pltf. Vs Allis-Chalmers Corporation Product Liablibty et al., Dfts. To: DaimlerChrysler Corporation |
| **DOCUMENT(S) SERVED:** | Summons, Notice of General Orders, Request for Social Security Earnings Information, Complaint, Exhibit 1 |
| **COURT/AGENCY:** | Multnomah County, Circuit Court of Oregon, OR Case # 0503-03344 |
| **NATURE OF ACTION:** | Asbestos Litigation - Asbestos; Personal/Fatal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Seattle, WA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/22/2005 postmarked on 04/20/2005 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 Days |
| **ATTORNEY(S) / SENDER(S):** | Elaine J. Brown Brayton & Purcell 621 SW Morrison Street Suite 950 Portland, OR, 97205 503-295-4931 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day, 790498389849 Email Notification,  Elizabeth Tichvon  sprocess@dcx.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Kelley Parker 520 Pike Street Suite# 2610 Seattle, WA, 98101 |
| **TELEPHONE:** | 206-622-4511 |

RECEIVED

APR 2 5 2005

CLARK HILL

Page 1 of 1 / KP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

**EXHIBIT A
Page 47**

Exhibit   C   Page  50

## CERTIFICATE OF SERVICE

I hereby certify that on the ___18th___ day of May, 2005, I served the foregoing

**NOTICE OF REMOVAL UNDER 28 USC §§ 1331, 1441 and 1446**, on the following

parties at the following addresses:

| | |
|---|---|
| Elaine J. Brown,<br>Brayton Purcell, LLP<br>American Bank Building,<br>Suite 950<br>621 SW Morrison Street<br>Portland, OR 97205<br><br>**Of Attorneys for Plaintiff Howard Wood** | Allis-Chalmers Corporation Product<br>Liability Trust<br>Trustee Margaret Barr-Bruemmer<br>1001 W. Glen Oaks Lane, Suite 202<br>Mequon, WI 53092<br><br>**Agent for Service for Allis-Chalmers<br>Corporation Product Liability Trust** |
| Burns International Services Corp.<br>CT Corporation System<br>818 West 7th Street, Second Floor<br>Los Angeles, CA 90017<br><br>**Agent for Service for Burns<br>International Services Corp** | Ford Motor Company<br>CT Corporation System<br>388 State Street, Suite 420<br>Salem, OR 97301<br><br>**Agent for Service for Ford Motor<br>Company.** |
| Garlock Sealing Technologies, LLC<br>CT Corporation System, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017<br><br>**Agent for Service for Garlock Sealing<br>Technologies, LLC** | Gilbert Tilbury Company LLC<br>C. Michael Colvin<br>1925 NW Hwy. 99W<br>McMinnville, OR 97128<br><br>**Agent for Service for Gilbert Tilbury<br>Company LLC** |
| Honeywell International, Inc.<br>Corporation Service Company<br>285 Liberty Street NE<br>Salem, OR 97301<br><br>**Agent for Service for Honeywell<br>International, Inc.** | International Truck and Engine Corp.<br>c/o CT Corporation System, Inc.<br>388 State Street, Suite 420<br>Salem, OR 97301<br><br>**Agent for Service for International<br>Truck and Engine Corp.** |

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center, Suites 1600-1800<br>1211 S.W. Fifth Avenue<br>Portland, OR  97204-3795<br>Telephone (503) 222-9981

PDX/110626/137255/SCB/1305679.1

Exhibit   C   Page 51

| Tenneco Automotive Operating Company, Inc. <br><br> CT Corporation System <br> 388 State Street, Suite 420 <br> Salem, OR 97301 <br><br> **Agent for Service for Tenneco Automotive Operating Company, Inc.** | Uniroyal Holdings Inc. <br> 70 Great Hill Road <br> Naugatuck, CT 06770 <br><br> **Agent for Service for Uniroyal Holdings, Inc.** |

by mailing to them a true and correct copy thereof, placed in a sealed envelope addressed to him at the address set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Of Attorneys for Defendant
DaimlerChrysler Corporation

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

PDX/110626/137255/SCB/1305679.1

Exhibit _C_ Page _57_

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB # 04136
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503-222-9981
Fax 503-796-2900
Email: jstump@schwabe.com
Email: sbush@schwabe.com

PARA _____ OTHER
ATTY _____ CLASS _____ FILE
R E C E I V E D

**MAY 1 9 2005**

BRAYTON ◆ PURCELL
HAND____ OVERNIGHT____ MAIL____

      Of Attorneys for Defendant, DaimlerChrysler
Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOWARD WOOD,** | No |
|      Plaintiff, | |
| vs. | **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF REMOVAL TO FEDERAL COURT** |
| **ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al.,** | |
|     Defendant. | |

STATE OF OREGON    )
                  ) ss.
County of Multnomah  )

     I, Stephen C. Bush, being first duly sworn, do state that I am one of the attorneys

representing defendant DaimlerChrysler Corporation ("DCC") in the above-captioned

matter.

/ / /

Page 1 -  **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT
         OF REMOVAL TO FEDERAL COURT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center,
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204

PDX/028145/138102/SCB/1306387.1

Exhibit _____C_____ Page _53_____

1.  This affidavit is made in support of DCC's Notice of Removal to this Court of the case entitled *Howard Wood v. Allis-Chalmers Corporation Product Liability Trust, et al.*, Multnomah County Circuit Court Case No. 0503-03344.

2.  I have made best efforts by telephone and by correspondence to contact counsel for all defendants to obtain their consent to remove this matter to the U.S. District Court for the District of Oregon.

3.  To the best of my knowledge, no defendant opposes removal of this matter to the U.S. District Court for the District of Oregon.

Dated this 18th day of May, 2005.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:     _____
Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB # 04136
Of Attorneys for Defendant,
DaimlerChrysler Corporation

STATE OF OREGON    )
                   )  ss.
County of Multnomah )

This instrument was acknowledged before me this __18th__ day of May, 2005, by Stephen C. Bush.

_____
NOTARY PUBLIC FOR OREGON
My Commission Expires: March 28, 2008

OFFICIAL SEAL
SHARON P. LEBEDA
NOTARY PUBLIC-OREGON
COMMISSION NO. 377826
MY COMMISSION EXPIRES MARCH 28, 2008

Page 2 -   **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF REMOVAL TO FEDERAL COURT**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center,
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204

PDX/028145/138102/SCB/1306387.1

Exhibit  C   Page 54

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, I served the foregoing AFFIDAVIT
OF STEPHEN C. BUSH IN SUPPORT OF REMOVAL TO FEDERAL COURT on the
following parties at the following address:

| | |
|---|---|
| Elaine J. Brown,<br>Brayton Purcell, LLP<br>American Bank Building,<br>Suite 950<br>621 SW Morrison Street<br>Portland, OR 97205<br><br>**Of Attorneys for Plaintiff Howard Wood** | Allis-Chalmers Corporation Product<br>Liability Trust<br>Trustee Margaret Barr-Bruemmer<br>1001 W. Glen Oaks Lane, Suite 202<br>Mequon, WI 53092<br><br>**Agent for Service for Allis-Chalmers<br>Corporation Product Liability Trust** |
| Burns International Services Corp.<br>CT Corporation System<br>818 West 7th Street, Second Floor<br>Los Angeles, CA 90017<br><br>**Agent for Service for Burns<br>International Services Corp** | Ford Motor Company<br>CT Corporation System<br>388 State Street, Suite 420<br>Salem, OR 97301<br><br>**Agent for Service for Ford Motor<br>Company.** |
| Garlock Sealing Technologies, LLC<br>CT Corporation System, Inc.<br>818 West Seventh Street<br>Los Angeles, CA 90017<br><br>**Agent for Service for Garlock Sealing<br>Technologies, LLC** | Gilbert Tilbury Company LLC<br>C. Michael Colvin<br>1925 NW Hwy. 99W<br>McMinnville, OR 97128<br><br>**Agent for Service for Gilbert Tilbury<br>Company LLC** |
| Honeywell International, Inc.<br>Corporation Service Company<br>285 Liberty Street NE<br>Salem, OR 97301<br><br>**Agent for Service for Honeywell<br>International, Inc.** | International Truck and Engine Corp.<br>c/o CT Corporation System, Inc.<br>388 State Street, Suite 420<br>Salem, OR 97301<br><br>**Agent for Service for International<br>Truck and Engine Corp.** |

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center<br>1211 SW Fifth Avenue, Suite 1900<br>Portland, Oregon 97204

PDX/028145/138102/SCB/1306387.1

Exhibit _C_ Page _55_

| Tenneco Automotive Operating Company, Inc. | Uniroyal Holdings Inc. |
|---|---|
| CT Corporation System | 70 Great Hill Road |
| 388 State Street, Suite 420 | Naugatuck, CT 06770 |
| Salem, OR 97301 | |
| | **Agent for Service for Uniroyal Holdings, Inc.** |
| **Agent for Service for Tenneco Automotive Operating Company, Inc.** | |

by mailing to them a true and correct copy thereof, certified by me as such, placed in a

sealed envelope addressed to them at the address set forth above, and deposited in the

U.S. Post Office at Portland, Oregon on said day with postage prepaid.

_____
Stephen C. Bush

Page 2-   **CERTIFICATE OF SERVICE**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center,
1211 SW Fifth Avenue, Suite 1900
Portland, Oregon 97204

PDX/028145/138102/SCB/1306387.1

Exhibit   C   Page   56

ELAINE J. BROWN, Esq., OSB No. 93036
Email: EBrown@braytonlaw.com
BRAYTON❖PURCELL, LLP
Attorneys at Law
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland, OR 97205
(503) 295-4931
Facsimile: (503) 241-2573

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD, | No. CV05-0706 HU |
| Plaintiff, | PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS |
| vs. | |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al., | REQUEST FOR ORAL ARGUMENT |
| Defendants. | |

TO ALL DEFENDANTS IN THIS ACTION AND THEIR ATTORNEYS OF RECORD:

Plaintiff hereby moves the Court for an Order remanding this case to the Multomah

County Circuit Court, State of Oregon, and awarding fees and costs incurred in the making of this

motion. This motion is based on this Notice, the attached Memorandum of Points and

Authorities, the Affidavit of Elaine Brown, Esq., the allegations in plaintiff's Complaint, the

defendant's Notice of Removal, the court record, and such matters that may be introduced at the

hearing of this motion. Plaintiff hereby certifies that the parties have made a good faith effort

through telephone conferences to resolve the dispute, and have been unable to do so.

///

///

Exhibit ____ Page ____

Plaintiff seeks remand, along with costs and fees, on the following grounds:

(1)     Defendant DAIMLERCHRYSLER CORPORATION'S removal was defective because it was not properly joined or consented to by all defendants that were served before the Notice of Removal was filed.

(2)     The Notice of Removal does not allege a sufficient basis for federal enclave/federal question jurisdiction.  Federal enclave jurisdiction is a species of federal question jurisdiction that arises only when it is demonstrated that the United States has not only obtained *ownership* of lands within a state, but also *civil jurisdiction* pursuant to a formal cession of jurisdiction by the state involved, either in the deed of conveyance or by statute.  Moreover, the United States must formally *accept* civil jurisdiction before the area can be proclaimed a "federal enclave" for the proposes of civil litigation.  Simply because a facility is owned and operated by the United States does not make it a "federal enclave," and the removing defendant's allegation to that effect is erroneous and insufficient to confer federal jurisdiction.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of costs and fees incurred in the making of this motion because the lack of proper consent to removal was clear under well-established law.

DATED this 17 day of June, 2005.

BRAYTON ❖ PURCELL, LLP


By _____
Elaine Brown
OSB No. 93036
(503) 295-4931
Attorneys for Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS;REQUEST FOR ORAL ARGUMENT; CV05-0706 HU

Exhibit ___D___ Page ___2___

1

## CERTIFICATE OF SERVICE
### (WOOD)

2

3     I hereby certify that I served a true copy of the foregoing **Plaintiff's Notice of Motion and Motion to Remand Case to Multnomah County Circuit Court and for Payment of Fees and Costs,** upon:

4

| | |
|---|---|
| 5  STEVEN V. RIZZO<br>Steven V. Rizzo, P.C.<br>6  Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>7  Portland, OR 97205<br>**Attorneys for Allis-Chalmers Corporation**<br>8  **Product Liability Trust** | CRAIG NICHOLS<br>Nichols & Associates<br>4614 SW Kelly Avenue, Suite 200<br>Portland, OR 97239<br>**Attorneys for Gilbert Tilbury Company LLC**<br>**(Chuck Colvin Auto Center and Colvin Auto**<br>**Group dba Colvin Ford)** |
| 9  ANNALIE M. FADDIS<br>Abbott & Prange, P.C.<br>10  111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97204<br>11  **Attorneys for Burns International Services**<br>**Corp.** | JAMES H. GIDLEY<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>**Attorneys for Honeywell International, Inc.** |
| 12  JOSHUA P. STUMP<br>13  Schwabe Williamson & Wyatt, P.C.<br>1211 SW Fifth Avenue, Suites 1600-1900<br>14  Portland, OR 97204<br>**Attorneys for DaimlerChrysler Corporation** | BRUCE C. HAMLIN<br>STEPHEN P. McCARTHY<br>Lane Powell Spears Lubersky<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204-3158<br>**Attorneys for International Truck and Engine** |
| 15  MARK J. FUCILE<br>16  Stoel Rives LLP<br>Standard Insurance Center<br>17  900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204-1268<br>18  **Attorneys for Ford Motor Company and**<br>**Gilbert Tilbury Company LLC (Chuck Colvin**<br>19  **Auto Center and Colvin Auto Group dba**<br>**Colvin Ford)** | **Corp. and Tenneco Automotive Operating**<br>**Company, Inc.**<br><br>Uniroyal Holdings Inc.<br>70 Great Hill Road<br>Naugatuck, CT 06770<br>**Agent for Service for Uniroyal Holdings, Inc.** |
| 20  WILLIAM M. TOMLINSON<br>21  Lindsay, Hart, Neil & Weigler, LLP<br>1300 SW Fifth Avenue, Suite 3400<br>22  Portland, OR 97201-5696<br>**Attorneys for Garlock Sealing Technologies,**<br>23  **LLC** | NANCY HUDGINS<br>Law Offices of Nancy Hudgins<br>1388 Sutter Street, Suite 505<br>San Francisco, CA 94109<br>**Attorneys for Uniroyal Holdings, Inc.** |

24

25     ///

26     ///

Page 1 - CERTIFICATE OF SERVICE
J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit   D   Page   3

1   by sending by U.S. Mail in Portland, Oregon on June 17, 2005.

2                           BRAYTON ❖ PURCELL, LLP

3

4                           _____
                            Abigail E. Adams, Legal Secretary
5   Revised: 6/6/05

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 - CERTIFICATE OF SERVICE
     J:\oregon\103631\Service\Cert.wpd

BRAYTON ❖ PURCELL, LLP
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit _D_ Page _4_

ELAINE J. BROWN, Esq., OSB No. 93036
Email: EBrown@braytonlaw.com
BRAYTON❖PURCELL, LLP
Attorneys at Law
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland, OR 97205
(503) 295-4931
Facsimile: (503) 241-2573

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD, | No. CV05-0706 HU |
| Plaintiff, | PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS |
| vs. | |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY TRUST, et al., | |
| Defendants. | REQUEST FOR ORAL ARGUMENT |

## I.

## INTRODUCTION

This asbestos-related personal injury case must be remanded to the state court from which it was improvidently removed because defendant, DaimerChrysler, did not obtain the unanimous consent of its co-defendants as required by the removal statute, and one of the joinders it did obtain was untimely. On a more fundamental level, remand is required because the removing defendant, who has the burden to demonstrate the existence of federal

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND
CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS;
REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___D___ Page ___5___

jurisdiction, failed to establish that any of the locations at which plaintiff suffered injury were federal enclaves.

The Notice of Removal oversimplifies the law regarding "federal enclave" removal. A federal facility is not a federal enclave *per se*. Federal enclave jurisdiction exists only if the claim between two private parties accrued on a federal facility that was obtained for one of the purposes enumerated in Article I, section 8, clause 17 of the United States Constitution; the site was the subject of a specific cession of civil jurisdiction offered by the state; and such jurisdiction was accepted by the federal government. The mere fact that the federal government owns and uses land as a proprietor does not establish that it has obtained civil jurisdiction from the sovereign state in which the land sits. Unless the removing defendant can establish, as a matter of law and fact, that all the elements of federal enclave jurisdiction are present with respect to one of the asbestos exposure locations at the time of the exposure, federal question jurisdiction is unsupported.

Pursuant to 28 U.S.C. § 1447(c), plaintiff requests payment of the costs and attorneys' fees incurred in responding to this improper removal. Under Ninth Circuit law, an award of costs under this section does not require a finding of bad faith; it simply requires a finding that the removal was wrong as a matter of law.

Therefore, because there is no basis for the exercise of federal jurisdiction and the removal is patently defective for failing to join all defendants who were served at the time of removal, plaintiff respectfully requests that this court order the immediate remand of this action to the state court. In conjunction with that order of remand, plaintiff further requests that the court assess costs and fees in favor of plaintiff for the expense of opposing this improvident removal.

///

///

///





Exhibit _____ Page _____

## II.

## STATEMENT OF FACTS

On April 14, 2005, plaintiff HOWARD WOOD filed suit in the Circuit Court of Oregon, County of Multnomah, seeking damages for asbestos-related lung cancer and sub-clinical biologic response scarring as a result of Mr. Wood's exposure to asbestos. (Exhibit A to Defendant's Notice of Removal, p. 6). On April 20, 2005, plaintiff initiated service of the summons and complaint on defendant DaimlerChrysler by sending defendant a copy of the summons and complaint via certified United States mail and first class mail. (Affidavit of Elaine Brown, ¶ 3. Defendant received the summons and complaint on April 22, 2005. (Notice of Removal, p. 2, ¶ 2.)

The following other defendants were also served on the dates noted:

| Defendant | Date Served |
|---|---|
| Allis-Chalmers Corp. | April 20, 2005 |
| Burns International Services Corp. | April 20, 2005 |
| Ford Motor Corp. | April 20, 2005 |
| Garlock Sealing Technologies, LLC | April 20, 2005 |
| Gilbert Tilbury Co., LLC | April 20, 2005 |
| Honeywell International, Inc. | April 20, 2005 |
| International Truck & Engine Corp. | April 20, 2005 |
| Tenneco Automotive Operating Co., Inc. | April 20, 2005 |
| Uniroyal Holding, Inc. | April 20, 2005 |

(Brown Affidavit, ¶¶ 3-5 and Exhibit A thereto.)

On May 18, 2005, defendant DaimlerChrysler filed a Notice of Removal in this Court asserting original federal jurisdiction under 28 U.S.C. §§ 1331, 1367, 1441, and 1146. (Notice of Removal.) The basis for this assertion is the defendant's claim that the plaintiff was injured on a federal enclave, including Fort Ord in Monterey, California; Camp Roberts in California; and Fort Lewis in Washington. (Notice of Removal, p. 2, ¶ 6.) On the same day, defendants International Truck and Engine Corp. and Tenneco Automotive Operating Company, Inc. filed Notices of Joinder in Removal. (Brown Affidavit, ¶ 6 and Exhibit B thereto.) On June 19, 2005, defendant Honeywell International filed a Consent to Removal, and on May 24, 2005,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___A___ Page ___7___

defendant Allis-Chalmers submitted a Consent to Removal. (Brown Affidavit, ¶ 6 and Exhibit B thereto.) No joinders were submitted by any of the other defendants who had been served as of the date of removal.

## III.

## ARGUMENT

Because removal of an action to state court implicates federalism concerns and deprives the plaintiff of his chosen forum, the removal statutes must be strictly construed against jurisdiction. *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 767 (9th Cir. 2002); *Emrich v. Touch Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

In addition, a "'[d]efendant's right to remove and a plaintiff's right to choose his forum are not on equal footing; . . . where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.'" *Martin v. Franklin Capital Corporation*, 251 F.3d 1284, 1289-1290 (10th Cir. 2001) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). If there is any doubt about the propriety of removal, the case should be remanded to state court. *Matheson v. Progressive Specialty Insurance Company*, 319 F.3d 1089, 1090 (9th Cir. 2003). There is a "strong presumption against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant that removes a case from state court bears the burden of proving the removal was proper. *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

The removing party must prove not only that the court has jurisdiction, but also that the party has complied with the procedural requirements for removal. "On a motion for remand, the burden is on the party seeking to preserve the removal, not on the moving party, to show that the requirements for removal have been met." *Fillmore v. Bank of America*, 1991 WL 523838 *2 (C.D. Cal. 1991) (*citing Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 940 (9th Cir.1986), *aff'd,* 482 U.S. 386 (1987)).

///

Exhibit ___ Page ___ 8

Applying these principles to the specific issues raised by this case leads to a clear determination that this case should be remanded to state court.

### A.   REMOVAL WAS IMPROPER BECAUSE DAIMLERCHRYSLER FAILED TO SECURE CONSENTS FROM ALL OF THE SERVED DEFENDANTS.

Removal of a case from state court in a multi-defendant case requires the unanimous consent of all served defendants. "This unanimity requirement is based on 28 U.S.C. §1441(a) which provides that 'the defendant or defendants' may remove the case. The courts have read these words to mean that if there is more than one defendant, then the defendants must act collectively to remove the case. See *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986)." *Biggs Corp. v. Wilen*, 97 F.Supp.2d 1040, 1044 (D. Nev. 2000). In this case, DaimlerChrysler has failed to obtain the consent of all of the named and served parties.

Several of the defendants were mail served the summons and complaint on April 20, 2005. (Brown Affidavit ¶¶ 3-5 and Exhibit A thereto.) Only three of those defendants, Tenneco Automotive, International Truck and Engine, and Honeywell International, timely joined in this removal. Although Allis-Chalmers filed a consent to removal, that consent was not filed within the thirty days of service as required by the removal statute. The cases cited above are clear that all defendants served at the time the Notice of Removal was filed must join in the removal.

Counsel for DaimlerChrysler states in his Affidavit of Stephen C. Bush in Support of Removal that he "made best efforts" to contact other defendants to obtain consent and that, "[t]o the best of [his] knowledge, no defendant opposes removal." (Affidavit of Stephen C. Bush, ¶¶ 2 and 3.) While these statements may be true, they are irrelevant. 28 U.S.C. § 1441(a) and the case law interpreting it are clear that all defendants who have been served as of the time of removal must consent to the removal. Defendant's efforts to obtain consents or its belief about whether the other defendants object cannot overcome these requirements. Here, nine other defendants had been named and served prior to DaimlerChrysler's filing of its Notice of

Exhibit  D  Page  9

Removal, and only three properly consented to the removal. (Brown Affidavit ¶¶ 3-5 and Exhibit A thereto.) The failure to join all of these defendants is fatal to DaimlerChrysler's removal, and remand is required.

### B.   DAIMLERCHRYSLER HAS NOT PLED AN ADEQUATE BASIS FOR FEDERAL ENCLAVE JURISDICTION.

DaimlerChrysler alleges that the case is removable because some of Mr. Wood's injuries occurred while he was "serving in the United States Army" at Fort Ord, Camp Roberts and Fort Lewis, which DaimlerChrysler summarily claims are federal enclaves. (Notice of Removal, p. 2, ¶ 6.) A claim that arises on a federal facility *might* be a basis for federal question jurisdiction and removal under 28 U.S.C. §§1331 and 1441, depending upon the nature of the particular federal facility. *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977).

Article I, section 8, clause 17 of the United States Constitution gives the United States Congress the power:

> To exercise *exclusive Legislation* in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by *Cession* of particular States, and the *Acceptance* of Congress, become the Seat of the Government of the United States, *and to exercise like Authority over all Places Purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful buildings.*

(emphasis added).

Under this constitutional provision, courts have held that lands purchased by the United States with the consent *and jurisdictional cession* of the state legislatures are "federal enclaves." *See, e.g., Willis v. Craig, supra*, 555 F.2d at 726. The evaluation of removability is straightforward albeit esoteric: the claim must have arisen on property that was obtained by the federal government with the consent of the state legislature by means of a law ceding *civil* jurisdiction to the United States (some cessions are limited to criminal jurisdiction). Reference to the deed by which the forum state conveyed the lands in question to the United States also might contain specific reservations of jurisdiction, and thus the deed itself is a necessary piece of evidence that must be consulted to determine the jurisdictional status of the land. *See Pratt v.*

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit  D  Page  10

*Kelly*, 585 F.2d 692, 695-97 (4th Cir. 1978). In sum, the question of state consent (i.e., cession of jurisdiction) is answered by reference to the particular state's statutes and codes, and to the deed of conveyance if between the state and the United States.

Thus, the fact that the United States has purchased a particular parcel of land does not mean that it has legal (in this case, civil) jurisdiction over it. The state must cede jurisdiction, *and the United States must accept it. United States v. Johnson*, 994 F.2d 980, 984-86 (2d Cir. 1993). If jurisdiction is not ceded and accepted, the United States is simply a proprietor of the property, and civil disputes arise under state law no differently than elsewhere within the state. *Id* at 984. The *Johnson* court cited several U.S. Supreme Court cases in which "the Supreme Court noted that the United States could not be forced to accept unwanted legislative jurisdiction, and held that the general ceding statutes were insufficient in themselves to transfer legislative authority." *Id.* (citing *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937)).

Applying these principles to the facts of this case, it is clear that DaimlerChrysler has not alleged facts demonstrating removability on federal enclave grounds. DaimlerChrysler must identify the legal and legislative details upon which a court could conclude that the states in which the various military bases are located ceded their jurisdiction over the facilities, *and the United States accepted* that cession of jurisdiction.

Defendant cites to several cases to support its erroneous assertion that all military bases are federal enclaves. Some of those cases are inapposite while others are simply wrongly decided. First, DaimlerChrysler's reliance on *United States v. Smith*, 387 F.3d 826, 829 (9th Cir. 2004) for the proposition that "military bases are considered 'federal enclaves'" is misplaced. (Notice of Removal, pp. 2-3, ¶ 7.) *Smith* does not stand for this proposition. *Smith* is a federal Indian law case in which the court was examining whether it had *criminal* jurisdiction over a

J:\oregon\103631\Pldt\USDC-P&A MmoRemand.wpd

7

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit _____ Page _11_

crime pursuant to the Major Crimes Act (18 U.S.C. § 1153) that occurred in Indian country. The court in *Smith* stated that the Major Crimes Act "extends federal law that applies in federal enclaves (*e.g.*, military bases) to govern certain 'major' crimes when committed by Indians against Indians in Indian country." *Id.* at 829. The court was not called upon, nor did it attempt, to analyze what constitutes a federal enclave.

None of the other cases that DaimlerChrysler cites fair any better. In both *Akin v. Ashland Chemical Co.*, 156 F.3d 1030 (10th Cir. 1998) and *Akin v. Big Three Industries, Inc.*, 851 F.Supp. 819 (E.D. Tex. 1994), none of the parties challenged the characterization of Tinker Air Force Base as a federal enclave. Therefore, the issue of whether it met the requirements for a federal enclave, i.e., that the state had ceded jurisdiction to the federal government and the federal government had accepted jurisdiction, was not fully litigated in the either of these cases. The court in *Akin v. Ashland* stated "[t]here is no dispute" that Tinker Air Force Base is a federal enclave." *Akin v. Ashland, supra*, 156 F.3d at 1034. Similarly, the court in *Akin v. Big Three Industries* summarily concluded, with no analysis whatsoever, that Tinker Air Force Base was a federal enclave. *Akin v. Big Three, supra*, 851 F.Supp. at 822. Moreover, the status of Tinker Air Force Base as a federal enclave is completely irrelevant to the question of whether the military facilities at issue here - Fort Ord, Camp Roberts and Fort Lewis - are federal enclaves.

DaimlerChrysler further errs in relying on *Reed v. Fina Oil & Chemical Co.*, 995 F.Supp. 705 (E.D. Texas 1998) and *In re: Welding Rod Products*, 2005 WL 147081 (N.D. Ohio 2005) because neither of these cases applies the proper test for federal enclave jurisdiction. The court in *Reed*, citing *Akin v. Big Three*, incorrectly concludes that, because "the federal government owned the Plains Butadiene Plant in its entirety . . . , the facility was a federal enclave." *Reed v. Fina Oil, supra* 995 F.Supp. at p. 713. This is not the test for federal enclave jurisdiction as outlined over 70 years ago by the United States Supreme Court. Similarly, in *In re: Welding Rod Products*, the court erroneously stated: "It is generally safe to assume,

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___B___ Page _12_

however, that a United States military base 'is a federal enclave subject to the exclusive jurisdiction of the United States.'" *In re: Welding Rod Products, supra,* 2005 WL 147081 at 6. (Citations omitted.) The *Welding* court is factually incorrect in asserting "it is safe to assume" all military bases are federal enclaves. The inquiry is site-specific and involves a detailed examination of various documents such as deeds to determine the status of the given parcel of land *at the time the injuries occurred.*

Finally, the defendant cites *Hines v. AC and S, Inc.,* 128 F.Supp.2d 1003 (N.D. Texas 2001) for its baseless conclusion that the facilities in question here are federal enclaves. However, the issue in *Hines* was whether the plaintiff had an affirmative duty to tell the defendant that one of the sites of plaintiff's injury *might be* a federal enclave. The court noted, of course, that there was no such duty and mused, "The adversarial system, while sometimes collegial, is never that collegial." *Id.* at 1008. The court specifically did *not* address the question of whether the site at issue was, in fact, a federal enclave because it found defendant's failure to timely file the notice of removal to be dispositive.

Thus, DaimlerChrysler's conclusory assertions that the federal military facilities listed in its Notice of Removal are federal enclaves, without more, are inadequate and incorrect. Defendant does not identify any of the legal and legislative details upon which a court could conclude that any of the states in question ceded their jurisdiction over the facilities, and the United States accepted those cessions of jurisdiction. The one thing that is clear is that the various federal facilities are located within California and Washington and thus are presumed to be governed by those states' laws; DaimlerChrysler bears the burden of alleging and proving otherwise.

Without evidence that the sites identified by Mr. Wood were, in fact, federal enclaves at the time of Mr. Wood's injuries, federal court jurisdiction does not exist. Therefore, this court is without subject matter jurisdiction, and the case must be remanded to the state court from which it was removed.

J:\oregon\103631\Pl\$USDC-P&A MmtoRemand.wpd                     9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___ Page 13

**C.    PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEYS' FEES.**

Plaintiff requests fees and costs incurred in moving for remand pursuant to 28 U.S.C. § 1447(c) against DaimlerChrysler.  An award of attorneys' fees and costs may be made upon a simple finding that the removal was improper as a matter of law. *Simpson v. Union Pacific RR Co.*, 282 F.Supp.2d 1151 (N.D. Cal. 2003) (citing *Kanter v. Warner-Lambert*, 265 F.3d 853, 861 (9th Cir. 2001); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 949 (9th Cir. 2001). "[F]ees are proper when removal is wrong as a matter of law, even though the defendant's position may be 'fairly supportable.'" *Hofler v. Aetna US Healthcare*, 296 F.3d 764, 770 (9th Cir. 2002).  Here, DaimlerChrysler's removal was clearly wrong as a matter of law because DaimlerChrysler removed without securing the necessary consents to removal from its co-defendants, which is required for removal based on federal enclave jurisdiction.

The court may order remand immediately while retaining limited jurisdiction to determine and award fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 444-45 (9th Cir. 1992).  *See also Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365 (7th Cir. 2000).

**IV.**

**CONCLUSION**

The removal of this action was improper because it does not demonstrate the existence of federal question jurisdiction and was filed without the consent of all other served defendants. Remand to state court is necessary, and an award of costs and fees is appropriate.

DATED this  17  day of June, 2005.

BRAYTON ❖ PURCELL, LLP

By
Elaine Brown
OSB No. 93036
(503) 295-4931
Attorneys for Plaintiff

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit   ⟋⟍  Page  14

1

## CERTIFICATE OF SERVICE
### (WOOD)

2

3    I hereby certify that I served a true copy of the foregoing **Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand Case to Multnomah County Circuit Court and for Payment of Fees and Costs,** upon:

4

| | |
|---|---|
| 5  STEVEN V. RIZZO<br>Steven V. Rizzo, P.C.<br>6  Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>7  Portland, OR 97205<br>**Attorneys for Allis-Chalmers Corporation**<br>8  **Product Liability Trust** | CRAIG NICHOLS<br>Nichols & Associates<br>4614 SW Kelly Avenue, Suite 200<br>Portland, OR 97239<br>**Attorneys for Gilbert Tilbury Company LLC**<br>**(Chuck Colvin Auto Center and Colvin Auto**<br>**Group dba Colvin Ford)** |
| 9  ANNALIE M. FADDIS<br>Abbott & Prange, P.C.<br>10  111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97204<br>11  **Attorneys for Burns International Services**<br>**Corp.** | JAMES H. GIDLEY<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>**Attorneys for Honeywell International, Inc.** |
| 12<br>13  JOSHUA P. STUMP<br>Schwabe Williamson & Wyatt, P.C.<br>1211 SW Fifth Avenue, Suites 1600-1900<br>14  Portland, OR 97204<br>**Attorneys for DaimlerChrysler Corporation** | BRUCE C. HAMLIN<br>STEPHEN P. McCARTHY<br>Lane Powell Spears Lubersky<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204-3158<br>**Attorneys for International Truck and Engine** |
| 15<br>16  MARK J. FUCILE<br>Stoel Rives LLP<br>Standard Insurance Center<br>17  900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204-1268<br>18  **Attorneys for Ford Motor Company and**<br>**Gilbert Tilbury Company LLC (Chuck Colvin**<br>19  **Auto Center and Colvin Auto Group dba**<br>**Colvin Ford)** | **Corp. and Tenneco Automotive Operating**<br>**Company, Inc.**<br><br>Uniroyal Holdings Inc.<br>70 Great Hill Road<br>Naugatuck, CT 06770<br>**Agent for Service for Uniroyal Holdings, Inc.**<br><br>NANCY HUDGINS<br>Law Offices of Nancy Hudgins |
| 20<br>21  WILLIAM M. TOMLINSON<br>Lindsay, Hart, Neil & Weigler, LLP<br>1300 SW Fifth Avenue, Suite 3400<br>22  Portland, OR 97201-5696<br>**Attorneys for Garlock Sealing Technologies,**<br>23  **LLC** | 1388 Sutter Street, Suite 505<br>San Francisco, CA 94109<br>**Attorneys for Uniroyal Holdings, Inc.** |

24

25   ///

26   ///

Page 1 - CERTIFICATE OF SERVICE
J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ____ Page __15__

1   by sending by U.S. Mail in Portland, Oregon on June 17, 2005.

2                                 BRAYTON ❖ PURCELL, LLP

3

4

5   Revised: 6/6/05           Abigail E. Adams  Legal Secretary

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 - CERTIFICATE OF SERVICE
    J:\oregon\103631\Service\Cert.wpd

Exhibit ___D___ Page __16__

ELAINE J. BROWN, Esq., OSB No. 93036
Email: EBrown@braytonlaw.com
BRAYTON❖PURCELL, LLP
Attorneys at Law
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland, OR 97205
(503) 295-4931
Facsimile: (503) 241-2573

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

HOWARD WOOD,

          Plaintiff,

vs.

ALLIS-CHALMERS CORPORATION
PRODUCT LIABILITY TRUST, et al.,

          Defendants.

No. CV05-0706 HU

AFFIDAVIT OF ELAINE BROWN IN
SUPPORT OF PLAINTIFF'S MOTION TO
REMAND CASE TO OREGON
MULTOMAH COUNTY CIRCUIT
COURT AND FOR PAYMENT OF FEES
AND COSTS

STATE OF OREGON        ) 
                          )   ss.
County of Multnomah   )

       I, Elaine Brown, being first duly sworn, do state that I am one of the attorneys

representing Plaintiff Howard Wood in the above-captioned matter.

       1.      This affidavit is made in support of Plaintiff's Notice of Motion and Motion to

Remand Case to Multnomah County Circuit Court and For Payment of Fees and Costs.

       2.      I have complied with Local Rule 7.1(a)(1)(A) and certify that the parties have

made a good faith effort through telephone conferences to resolve the dispute, and have been

unable to do so.

///

Exhibit    ⟍    Page   17

3.     I am familiar with the record-keeping practices of this firm.  I reviewed the electronic database for this case maintained by this office.  The database reflects that the Summons and Complaint in this case were served in accordance with ORCP 7 D(3)(b)(ii) and ORCP 7 D(2)(d)(i) by mailing by certified mail, return receipt requested, and by first class mail, to Defendants DaimlerChrysler; Allis-Chalmers Corporation Product Liability Trust; Burns International Services Corporation; Ford Motor Corporation; Garlock Sealing Technologies, LLC; Gilbert Tilbury Co., LLC; Honeywell International, Inc.; International Truck & Engine Corp.; Tenneco Automotive Operating Co., Inc.; and Uniroyal Holding, Inc. on April 20, 2005.

4.     Attached as Exhibit A is a Declaration of Proof of Original Service certifying that an original summons, complaint and social security records packet was mailed to Allis-Chalmers Corporation Product Liability Trust; Burns International Services Corporation; DaimlerChrysler Corporation; Ford Motor Company; Garlock Sealing Technologies, LLC; Gilbert Tilbury Company, LLC; Honeywell International, Inc.; International Truck and Engine Corporation; Tenneco Automotive Operating Company, Inc.; and Uniroyal Holding, Inc.

5.     Attached as Exhibits 1-10 to the Declaration of Proof of Original Service are true and correct copies of the certified mail return receipts reflecting delivery of an original summons, complaint and social security records packet to Allis-Chalmers Corporation Product Liability Trust; Burns International Services Corporation; DaimlerChrysler Corporation; Ford Motor Company; Garlock Sealing Technologies, LLC; Gilbert Tilbury Company, LLC; Honeywell International, Inc.; International Truck and Engine Corporation; Tenneco Automotive Operating Company, Inc.; and Uniroyal Holding, Inc. by certified mail.  The original receipts are maintained in the files of our office.

6.     Attached as Exhibit B is a copy of this Court's Docket Report for this case, printed on June 16, 2005.  The Docket Report indicates that a Notice of Joinder in Removal was filed by Tenneco Automotive Operating Inc. on May 18, 2005; a Notice of Joinder in Removal

///

AFFIDAVIT OF ELAINE BROWN IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO OREGON MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; No. CV05-0706 HU

Exhibit  $\triangle$  Page  18

was filed by International Truck and Engine Corporation on May 18, 2005; a Consent to

Removal was filed by Honeywell International on May 19, 2005; and a Consent to Removal was

filed by Allis-Chalmers Corporation on May 24, 2005.

Dated this 17 day of June, 2005.


BRAYTON ❖ PURCELL, LLP


By _____
Elaine Brown
OSB No. 93036
(503) 295-4931
Attorneys for Plaintiff


STATE OF OREGON          )
                         ) ss.
County of Multnomah      )

    This instrument was acknowledged before me this 17th day of June, 2005, by Elaine
Brown.


OFFICIAL SEAL
ABIGAIL J E ADAMS
NOTARY PUBLIC—OREGON
COMMISSION NO. 375359
MY COMMISSION EXPIRES DEC 8, 2007

NOTARY PUBLIC FOR OREGON
My Commission Expires: 12 / 8 / 07

AFFIDAVIT OF ELAINE BROWN IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND CASE TO
OREGON MULTOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; No.
CV05-0706 HU


Exhibit ____ Page 19

1

2

3

4  IN THE CIRCUIT COURT OF THE STATE OF OREGON

5  FOR THE COUNTY OF MULTNOMAH

6  HOWARD WOOD,                           )   No. 0503-03344
                                          )
7          Plaintiff,                     )
                                          )   DECLARATION OF PROOF OF
8      v.                                 )   ORIGINAL SERVICE
                                          )
9  ALLIS-CHALMERS CORPORATION             )
   PRODUCT LIABILITY, et al.,             )
10                                        )
           Defendants.                    )
11  _____ )

12  STATE OF OREGON          )
                             )ss
13  County of Multnomah      )

14      I HEREBY CERTIFY, that I sent an original summons, complaint and social security

15  records, through the U.S. mail, return receipt requested, and by first class U.S. mail, unless

16  otherwise noted, to the following defendants described in the exhibits attached hereto:

17      Attached hereto as Exhibit 1 is a true and correct copy of the Domestic Certified Return

18  Receipt for Allis-Chalmers Corporation Product Liability Trust.

19      Attached hereto as Exhibit 2 is a true and correct copy of the Domestic Certified Return

20  Receipt for Burns International Services Corporation.

21      Attached hereto as Exhibit 3 is a true and correct copy of the Domestic Certified Return

22  Receipt for DaimlerChrysler Corporation.

23      Attached hereto as Exhibit 4 is a true and correct copy of the Domestic Certified Return

24  Receipt for Ford Motor Company.

25      Attached hereto as Exhibit 5 is a true and correct copy of the Domestic Certified Return

26  Receipt for Garlock Sealing Technologies, LLC.

Page 1 -   DECLARATION OF PROOF OF ORIGINAL SERVICE
           J:\oregon\103631\Pld\PROOF-01.wpd

Exhibit ___A___ Page ___1___

Exhibit ___D___ Page ___70___

1         Attached hereto as Exhibit 6 is a true and correct copy of the Domestic Certified Return

2 Receipt for Gilbert Tilbury Company LLC.

3         Attached hereto as Exhibit 7 is a true and correct copy of the Domestic Certified Return

4 Receipt for Honeywell International, Inc.

5         Attached hereto as Exhibit 8 is a true and correct copy of the Domestic Certified Return

6 Receipt for International Truck And Engine Corporation.

7         Attached hereto as Exhibit 9 is a true and correct copy of the Domestic Certified Return

8 Receipt for Tenneco Automotive Operating Company, Inc.

9         Attached hereto as Exhibit 10 is a true and correct copy of the Domestic Certified Return

10 Receipt for Uniroyal, Inc.

11         Dated this 16th day of June, 2005.

12         BRAYTON ❖ PURCELL, LLP

13

14

15         Abigail J.E. Adams, Legal Secretary
        aadams@braytonlaw.com

16

17

18

19

20

21

22

23

24

25

26

Page 2 -     DECLARATION OF PROOF OF ORIGINAL SERVICE
             J:\oregon\103631\Pld\PROOF-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR 97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit _A_ Page _2_

Exhibit _D_ Page _21_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allis-Chalmers Corporation Product
Liability TrustTrustee Margaret Barr-
Bruemmer
1001 W. Glen Oaks Lane, Suite 202
Mequon, WI 53092

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

7005 0390 0000 4862 2954

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Exhibit __A__ Page __3__

Exhibit __1__ Page __1__

Exhibit __D__ Page __22__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,

        Plaintiff,

    v.

ALLIS-CHALMERS CORPORATION PRODUCT
LIABILITY, a Delaware Corporation, et al.,

        Defendants.

No. 0503-03344

SUMMONS

TO:    Allis-Chalmers Corporation Product Liability Trust
      Trustee Margaret Barr-Bruemmer
      1001 W. Glen Oaks Lane, Suite 202
      Mequon, WI 53092

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;  )
             ) ss.
County of Multnomah  )

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

J:\oregon\103631\Forms\Summons.wpd

Exhibit A Page 4

Exhibit 1 Page 2

Exhibit A Page 23

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Burns International Services Corp.
CT Corporation System
818 West 7th Street, Second Floor
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ralph_ ☐ Agent  ☐ Addressee

B. Received by (Printed Name) ___RALPH DEI MONNES___   C. Date of Delivery ___4-26-05___

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7005 0390 0000 4862 2961

PS Form 3811, February 2004      Domestic Return Receipt      _Wood_      102595-02-M-1540

Exhibit __A__ Page __5__

Exhibit __2__ Page __1__

Exhibit __D__ Page __24__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,

              Plaintiff,

        v.

ALLIS-CHALMERS CORPORATION PRODUCT
LIABILITY, a Delaware Corporation, et al.,

              Defendants.

No. 0503-03344

SUMMONS

TO:    Burns International Services Corp.
       CT Corporation System
       818 West 7th Street, Second Floor
       Los Angeles, CA 90017

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;   )
                ) ss.
County of Multnomah   )

    I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit ___ Page 25

J:\oregon\103631\Forms\Summons.wpd      Exhibit  A  Page 6  Exhibit 2 Page 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DaimlerChrysler Corporation
C/O CT Corporation System, Inc.
520 Pike Street
Seattle, WA 98101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Kelley C. Parker_     ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name ) CT Corporation System,     Date of Delivery
520 Pike St, Ste 2610     4-7.2
Seattle, WA 98101

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)    7005 0390 0000 4862 2978

PS Form 3811, February 2004     Domestic Return Receipt     _Word_     102595-02-M-1540

Exhibit __Δ__ Page __26__

Exhibit __A__ Page __7__

Exhibit __3__ Page __1__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HOWARD WOOD,  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>ALLIS-CHALMERS CORPORATION PRODUCT )<br>LIABILITY, a Delaware Corporation, et al.,  )<br><br>Defendants.  ) | No. 0503-03344<br><br>SUMMONS |

TO:    DaimlerChrysler Corporation
       C/O CT Corporation System, Inc.
       520 Pike Street
       Seattle, WA 98101

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON:  )
                  ) ss.
County of Multnomah  )

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit ___ Page 27

Exhibit A Page 8

Exhibit 3 Page 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ford Motor Company
CT Corporation System
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                                ☑ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    APR 2 2 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
(Transfer from service label)     7005 0390 0000 4862 2985

PS Form 3811, February 2004     Domestic Return Receipt     *Wood*     102595-02-M-1540

Exhibit **D** Page **28**

Exhibit **4** Page **1**

Exhibit **A** Page **9**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Ford Motor Company
      CT Corporation System
      388 State Street, Suite 420
      Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit ___D___ Page ___29___

J:\oregon\103631\Forms\Summons.wpd

Exhibit ___A___ Page ___10___   Exhibit ___4___ Page ___2___

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Garlock Sealing Technologies, LLC
CT Corporation System, Inc.
818 West Seventh Street
Los Angeles, CA 90017

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X *Ralph De* → ☐ Agent
☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery

RALPH DEThomas    4-26-05

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7005 0390 0000 4862 2992

PS Form 3811, February 2004     Domestic Return Receipt   *Wood*   102595-02-M-1540

Exhibit  D  Page  30

Exhibit  5  Page  1

Exhibit  4  Page  11

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HOWARD WOOD, | ) No. 0503-03344 |
| | ) |
| Plaintiff, | ) SUMMONS |
| | ) |
| v. | ) |
| | ) |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) |
| LIABILITY, a Delaware Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

TO:   Garlock Sealing Technologies, LLC
      CT Corporation System, Inc.
      818 West Seventh Street
      Los Angeles, CA 90017

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer". The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

**Exhibit** ⟩ **Page** 31

J:\oregon\103631\Forms\Summons.wpd      **Exhibit** A Page 12

**Exhibit** 5 **Page** 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gilbert Tilbury Company LLC
C. Michael Colvin
1925 NW Hwy 99W
McMinnville, OR  97128

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☑ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
4/21/05

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7005 0390 0000 4862 3005

PS Form 3811, February 2004      Domestic Return Receipt      Void      102595-02-M-1540

Exhibit **D** Page **32**

Exhibit **6** Page **1**

Exhibit **A** Page **13**

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:   Gilbert Tilbury Company LLC
      C. Michael Colvin
      1925 NW Hwy 99W
      McMinnville, OR 97128

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON: | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

**Exhibit** D **Page** 33

**Exhibit** A **Page** 14    **Exhibit** 6 **Page** 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Honeywell International, inc.
Corporation Service Company
285 Liberty Street NE
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)          C. Date of Delivery

APR 2 2 2005

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0000 4862 3012

PS Form 3811, February 2004     Domestic Return Receipt     Wood     102595-02-M-1540

Exhibit ⟍ Page 34

Exhibit 7 Page 1

Exhibit A Page 15

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| HOWARD WOOD, | No. 0503-03344 |
| Plaintiff, | SUMMONS |
| v. | |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY, a Delaware Corporation, et al., | |
| Defendants. | |

TO:   Honeywell International, Inc.
      Corporation Service Company
      285 Liberty Street NE
      Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


| | |
|---|---|
| STATE OF OREGON: | ) |
| | ) ss. |
| County of Multnomah | ) |

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.


_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

**Exhibit** _D_ **Page** _35_

Exhibit _7_ Page _2_

J:\oregon\103631\Forms\Summons.wpd          **Exhibit** _A_ **Page** _16_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

International Truck and Engine Corp.
C/O CT Corporation System, Inc.
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)    APR 2 1 2005   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)    7005 0390 0000 4862 3029

PS Form 3811, February 2004          Domestic Return Receipt    Wood        102595-02-M-1540

Exhibit __8__ Page __1__

Exhibit __A__ Page __17__        Exhibit __D__ Page __36__

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,                          )      No. 0503-03344
                                      )
                    Plaintiff,        )      SUMMONS
                                      )
         v.                           )
                                      )
ALLIS-CHALMERS CORPORATION PRODUCT    )
LIABILITY, a Delaware Corporation, et al.,  )
                                      )
                    Defendants.       )
_____   )

TO:     International Truck and Engine Corp.
        C/O CT Corporation System, Inc.
        388 State Street, Suite 420
        Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


STATE OF OREGON:      )
                      ) ss.
County of Multnoman   )

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.


_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit _D_ Page _37_

J:\oregon\103631\Forms\Summons.wpd

Exhibit _A_ Page _18_

Exhibit _B_ Page _2_

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tenneco Automotive Operating Company, Inc.
CT Corporation System
388 State Street, Suite 420
Salem, OR 97301

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
                                    APR 2 1 2005

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7005 0390 0000 4862 3036

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Exhibit ___9___ Page ___1___

Exhibit ___A___ Page ___19___

Exhibit ___D___ Page ___38___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:    Tenneco Automotive Operating Company, Inc.
        CT Corporation System
        388 State Street, Suite 420
        Salem, OR 97301

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

### NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

| | |
|---|---|
| STATE OF OREGON; | ) |
| | ) ss. |
| County of Multnomah | ) |

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

**Exhibit** D **Page** 39

J:\oregon\103631\Forms\Summons.wpd

**Exhibit** A **Page** 20

**Exhibit** 9 **Page** 2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Uniroyal Holdings Inc.
70 Great Hill Road
Naugatuck, CT 06770

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   7005 0390 0000 4862 3043

PS Form 3811, February 2004      Domestic Return Receipt      Wood      102595-02-M-1540

Exhibit 10 Page 1

Exhibit A Page 21

Exhibit D Page 40

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No. 0503-03344 |
| | ) | |
| Plaintiff, | ) | SUMMONS |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIS-CHALMERS CORPORATION PRODUCT | ) | |
| LIABILITY, a Delaware Corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

TO:     Uniroyal Holdings Inc.
        70 Great Hill Road
        Naugatuck, CT 06770

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF


Elaine J. Brown, OSB #93036
TYPE OR PRINT NAME OF RESIDENT ATTORNEY


STATE OF OREGON;     )
                     ) ss.
County of Multnoman  )

        I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.


_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit  A    Page  22

Exhibit  10    Page  2

Exhibit  D    Page  41

# U.S. District Court
## District of Oregon (Portland)
## CIVIL DOCKET FOR CASE #: 3:05-cv-00706-HU

Wood v. Allis-Chalmers Corporation Product Liability Trust et al

Assigned to: Magistrate Judge Dennis J. Hubel

Case in other court: Multnomah County Circuit Court, 03-03344

Cause: 28:1441 Petition for Removal- Product Liability

Date Filed: 05/18/2005
Jury Demand: Both
Nature of Suit: 368 P.I. : Asbestos
Jurisdiction: Federal Question

### Plaintiff

**Howard Wood**

represented by **Elaine Brown**
Brayton Purcell
621 S.W. Morrison Street
Suite 950
Portland, OR 97205
(503) 295-4931
Email: ebrown@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Allis-Chalmers Corporation Product Liability Trust**
*a Delaware corporation, individually and as successor-in-interest to A-C Pump*

represented by **John Michael Mattingly**
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205
(503) 229-1819
Fax: (503) 229-0630
Email: mmattingly@rizzopc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Asarco Incorporated**
*a New Jersey corporation, individually and as successor-in-interest to American Smelting and Refining Company, Pipe Company, Inc., Capco Pipe & Supply, Cement Asbestos Products Company and Lake Asbestos of Quebec, Ltd*

### Defendant

**Atlas Turner Inc**

Exhibit  $\mathcal{B}$  Page  |

Exhibit  $\triangle$  Page  4 ̶2̶

*a Canadian corporation*
*formerly known as*
Atlas Asbestos

## Defendant

**Burns International Services
Corporation**
*a Delaware corporation, formerly
known as Borg-Warner Automotive,
Inc., and Borg-Warner Corporation,
individually and as successor-in-
interest to Borg-Warner Corporation-
Borg & Beck Division, Borg-Warner
Corporation-Rockford Clutch Division,
and York Borg*

## Defendant

**DaimlerChrysler Corporation**          represented by  **Joshua P. Stump**
*a Delaware corporation fka Chrysler*                    Schwabe Williamson & Wyatt, PC
*Motors Corporation and Chrysler*                        1600-1900 Pacwest Center
*Corporation, individuallya nd as*                       1211 SW Fifth Avenue
*successor-in-interest to Chrysler Corp,*                Portland, OR 97204
*Chrysler Motors Corp, Chrysler-Air*                     (503) 222-9981
*Temp, American Motors Corp,*                            Fax: (503) 796-2900
*American Lafrance Corp, Jeep Corp, et*                  Email: jstump@schwabe.com
*al*                                                     *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Stephen C. Bush**
                                                         Schwabe Williamson & Wyatt, PC
                                                         1600-1900 Pacwest Center
                                                         1211 SW Fifth Avenue
                                                         Portland, OR 97204
                                                         (503) 222-9981
                                                         Fax: (503) 796-2900
                                                         Email: sbush@schwabe.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

## Defendant

**Ford Motor Company**                    represented by  **Daniel K. Reising**
*a Delaware corporation, individually*                   Stoel Rives, LLP
*and as successor-in-interest to British*                900 SW Fifth Avenue
*Leyland Motors, Inc., British Motor*                    Suite 2600
*Corp, Jaguar Cars, Inc., Triumph,*                      Portland, OR 97204
*Lincoln Continental, and Austin Healey*                 (503) 294-9884
                                                         Fax: (503) 220-2480
                                                         Email: dkreising@stoel.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

Exhibit   *B*   Page  *2*

Exhibit   *D*   Page  *43*

**Mark J. Fucile**
Stoel Rives, LLP
900 SW Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9501
Fax: (503) 220-2480
Email: mjfucile@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Garlock Sealing Technologies, LLC**
*a Delaware corporation, individually*
*and as successor-in-interest to Coltec*
*Intustries, Inc., Fairbanks-Morse,*
*Belmont Packing & Rubber Co,*
*Garlock Packing Co, U.S. Gasket Co.*
*formerly known as*
Garlock Inc

**Defendant**

**Gatke Corporation**
*an Illinois corporation, individually and*
*as successor-in-interest to Asbestos*
*Textile Company, Inc.*

**Defendant**

**Gilbert Tilbury Company**
*an Oregon corporation*
*doing business as*
Chuck Colvin Ford, Inc.

**Defendant**

**Honeywell International Inc**          represented by **James H. Gidley**
*a Delaware Corporation, individually*                  Perkins Coie, LLP
*and as successor-in-interest to the*                   1120 NW Couch Street
*Bendix Corp, Bendix Products*                          10th Floor
*Automotive Division, Bendix Products*                  Portland, OR 97209-4128
*Division-Bendix Aviation Corp, Bendix*                 (503) 727-2038
*Home Systems, Allied Corp, Allied*                     Fax: (503) 727-2222
*Chemical Corp, Honeywell Inc., et al*                  Email: jgidley@perkinscoie.com
*formerly known as*                                     *LEAD ATTORNEY*
AlliedSignal Inc                                        *ATTORNEY TO BE NOTICED*
*formerly known as*
Allied-Signal Inc

**Defendant**

**International Truck and Engine**          represented by **Bruce C. Hamlin**

Exhibit __B__  Page __3__

Exhibit __D__  Page __44__

District of Oregon - Docket Report                                    Page 4 of 7

**Corporation**
*a Delaware corporation, individually*
*and as successor-in-interest to Navistar*
*International Corp, International*
*Harvester Co, et al*

Lane Powell, PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2158
Fax: (503) 778-2200
Email: hamlinb@lanepowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Lake Asbestos of Quebec Ltd**
*a Delaware corporation*
*also known as*
Lac D'Amiante du Quebec Ltee

<u>**Defendant**</u>

**MacArthur Company**
*a Minnesota corporation, individually*
*and as successor-in-interest to Western*
*Asbestos Co*

<u>**Defendant**</u>

**Metropolitan Life Insurance**
**Company**
*a New York corporation*

<u>**Defendant**</u>

**Owens-Illinois Inc**
*a Delaware corporation, individually*
*and as successor-in-interest to Owens-*
*Illinois Glass Company*

<u>**Defendant**</u>

**Plant Insulation Company**
*a California corporation*
*formerly known as*
Asbestos Company of California
*formerly known as*
Plant Asbestos Company

<u>**Defendant**</u>

**Pneumo Abex LLC**
*a Delaware corporation, individually*
*and as successor-in-interest to Pneumo*
*Abex Corp, Abex Corp, Eaton Brake*
*Shoes, Eaton Manufacturing Co,*
*American Brake Shoe and Foundry Co,*
*American Brakeblok, Division of*
*American Brake Shoe and Foundry Co,*

Exhibit __B__ Page __4__

Exhibit __A__ Page __45__

District of Oregon - Docket Report

*et al*

**Defendant**

**Tenneco Automotive Operating Inc**
*a Delaware corporation, individually
and as successor-in-interest to Tenneco
Automotive Inc, Walker Manufacturing
Co, Monroe Auto Equipment Co,
Monroe Muffler, North American
Original Equipment Operations Div,
and North American Aftermarket
Operations Div*

represented by **Stephen P. McCarthy**
Lane Powell, PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2187
Fax: (503) 778-2200
Email: mccarthys@lanepowell.com
*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

**Defendant**

**Thorpe Insulation Company**
*a Delaware corporation, individually
and as successor-in-interest to J.T.
Thorpe & Son, The Thorpe Company,
Asbestos Products Corp, Asbestos
Products Company of San Diego, Plant
Insulation Co, Plant Manufacturing Co,
and Thorpe Products Co*

**Defendant**

**Uniroyal Holding Inc**
*a New Jersey corporation, individually
and as successor-in-interest to
Uniroyal, Inc, and United States
Rubber Company*

**Defendant**

**Western Asbestos Company**
*a California corporation*

**Defendant**

**Western MacArthur Company**
*(formerly Western Asbestos) a
California corporation, individually
and as succesor-in-interest to Western
Asbestos Co, MacArthur Company, and
Bay Cities Asbestos Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2005 | 1 | Notice of Removal of Case Number 0503-03344 from Mulnomah County Circuit Court Filing Fee in amount of $250 collected. Receipt No. 3481 issued..Filed by DaimlerChrysler Corporation against Atlas Turner Inc, Burns International Services Corporation, DaimlerChrysler Corporation, |

Exhibit *B* Page *5*

Exhibit *D* Page *46*

District of Oregon - Docket Report                                    Page 6 of 7

| | | |
|---|---|---|
| | | Ford Motor Company, Garlock Sealing Technologies, LLC, Gatke Corporation, Gilbert Tilbury Company, Honeywell International Inc, International Truck and Engine Corporation, Lake Asbestos of Quebec Ltd, MacArthur Company, Metropolitan Life Insurance Company, Owens-Illinois Inc, Plant Insulation Company, Pneumo Abex LLC, Tenneco Automotive Operating Inc, Thorpe Insulation Company, Uniroyal Holding Inc, Western Asbestos Company, Western MacArthur Company, Allis-Chalmers Corporation Product Liability Trust, Asarco Incorporated. (Attachments: # 1 2nd half of removal)(ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 2 | Discovery and Pretrial Scheduling Order and Notice of Case Assignment to the Honorable Dennis J. Hubel. Discovery to be completed by 9/15/2005. Joint Alternate Dispute Resolution Report due by 10/17/2005.Pretrial Order due by 10/17/2005. Ordered by Judge Dennis J. Hubel. (ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 3 | Notice to Plaintiff of Removal of Action. Filed by Stephen C. Bush appearing on behalf of DaimlerChrysler Corporation.(ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 4 | Affidavit of Stephen C. Bush in Support of Removal to Federal Court. Filed by DaimlerChrysler Corporation. (ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 5 | Notice of Joinder in Removal. Filed by Stephen P. McCarthy appearing on behalf of Tenneco Automotive Operating Inc.(ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | 6 | Notice of Joinder in Removal. Filed by Bruce C. Hamlin appearing on behalf of International Truck and Engine Corporation.(ljl, ) (Entered: 05/19/2005) |
| 05/19/2005 | 7 | Defendant Honeywell International's Consent to Removal. Filed by James H. Gidley appearing on behalf of Honeywell International Inc. (ljl, ) (Entered: 05/24/2005) |
| 05/24/2005 | 8 | Consent to Removal. Filed by John Michael Mattingly appearing on behalf of Allis-Chalmers Corporation Product Liability Trust.(ljl, ) (Entered: 05/25/2005) |
| 05/25/2005 | 9 | Answer *of Defendant International Truck and Engine Corporation* (Related Doc. 1). Filed by International Truck and Engine Corporation. (Hamlin, Bruce) (Entered: 05/25/2005) |
| 05/31/2005 | 10 | Answer (Related Doc. 1). Filed by DaimlerChrysler Corporation.(ljl, ) (Entered: 06/01/2005) |
| 06/07/2005 | 11 | Answer, Defenses, Response to Cross-Claims and Demand for Jury Trial. (Related Doc. 1). Filed by Ford Motor Company.(ljl, ) (Entered: 06/07/2005) |

Exhibit   B   Page 6

Exhibit   A   Page 47

Case MDL No. 875   Document 4593   Filed 08/05/05   Page 143 of 192

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/16/2005 09:19:48 | | |
| **PACER Login:** bp0355 | **Client Code:** | Wood |
| **Description:** Docket Report | **Search Criteria:** | 3:05-cv-00706-HU |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

Exhibit __B__ Page __7__

Exhibit __D__ Page __48__

1

## CERTIFICATE OF SERVICE
### (WOOD)

2

3    I hereby certify that I served a true copy of the foregoing **Affidavit of Elaine Brown in Support of Motion to Remand Case to Multnomah County Circuit Court and for Payment of Fees and Costs,** upon:

4

| | |
|---|---|
| 5    STEVEN V. RIZZO<br>Steven V. Rizzo, P.C.<br>Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>Portland, OR 97205<br>**Attorneys for Allis-Chalmers Corporation Product Liability Trust** | CRAIG NICHOLS<br>Nichols & Associates<br>4614 SW Kelly Avenue, Suite 200<br>Portland, OR 97239<br>**Attorneys for Gilbert Tilbury Company LLC (Chuck Colvin Auto Center and Colvin Auto Group dba Colvin Ford)** |
| ANNALIE M. FADDIS<br>Abbott & Prange, P.C.<br>111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97204<br>**Attorneys for Burns International Services Corp.** | JAMES H. GIDLEY<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>**Attorneys for Honeywell International, Inc.** |
| JOSHUA P. STUMP<br>Schwabe Williamson & Wyatt, P.C.<br>1211 SW Fifth Avenue, Suites 1600-1900<br>Portland, OR 97204<br>**Attorneys for DaimlerChrysler Corporation** | BRUCE C. HAMLIN<br>STEPHEN P. McCARTHY<br>Lane Powell Spears Lubersky<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204-3158<br>**Attorneys for International Truck and Engine Corp. and Tenneco Automotive Operating Company, Inc.** |
| MARK J. FUCILE<br>Stoel Rives LLP<br>Standard Insurance Center<br>900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204-1268<br>**Attorneys for Ford Motor Company and Gilbert Tilbury Company LLC (Chuck Colvin Auto Center and Colvin Auto Group dba Colvin Ford)** | Uniroyal Holdings Inc.<br>70 Great Hill Road<br>Naugatuck, CT 06770<br>**Agent for Service for Uniroyal Holdings, Inc.** |
| WILLIAM M. TOMLINSON<br>Lindsay, Hart, Neil & Weigler, LLP<br>1300 SW Fifth Avenue, Suite 3400<br>Portland, OR 97201-5696<br>**Attorneys for Garlock Sealing Technologies, LLC** | NANCY HUDGINS<br>Law Offices of Nancy Hudgins<br>1388 Sutter Street, Suite 505<br>San Francisco, CA 94109<br>**Attorneys for Uniroyal Holdings, Inc.** |

24

25    ///

26    ///

Page 1 - CERTIFICATE OF SERVICE

J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ___D___ Page ___49___

1  by sending by U.S. Mail in Portland, Oregon on June 17 , 2005.

2                     BRAYTON ❖ PURCELL, LLP

3

4

                       Abigail N.E. Adams, Legal Secretary

5  Revised: 6/6/05

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 - CERTIFICATE OF SERVICE
    J:\oregon\103631\Service\Cert.wpd

BRAYTON ❖ PURCELL, LLP
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit  D  Page  50

**Joshua P. Stump, OSB #97407**
**Stephen C. Bush, OSB #04136**
Schwabe, Williamson & Wyatt, PC
Pacwest Center, Suites 1600-1800
1211 SW Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
E-mail: jstump@schwabe.com
         sbush@schwabe.com

Of Attorneys for Defendant DaimlerChrysler
Corporation

```
_____ PARA _____ OTHER
_____ ATTY _____ CLASS _____ FILE
          R E C E I V E D

          JUL 0 5 2005

     BRAYTON ◆ PURCELL
HAND____ OVERNIGHT____ MAIL____
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD,<br><br>       Plaintiff,<br><br>vs.<br><br>ALLIS-CHALMERS CORPORATION<br>PRODUCT LIABILITY TRUST, et al.,<br><br>       Defendants. | No.  CV05-0706 HU<br><br><br>**DEFENDANT**<br>**DAIMLERCHRYSLER CORP.'S**<br>**RESPONSE TO PLAINTIFF'S**<br>**MOTION TO REMAND** |

### INTRODUCTION

On April 14, 2005, plaintiff Howard Wood ("Plaintiff") brought this asbestos-related

personal injury action in Oregon State Court, and over the following weeks, multiple defendants

were served with summons and complaints.  Plaintiff alleges that he sustained injuries as a result

of exposure to asbestos at various locations.  (Bush Aff., ¶ 4 – Ex. C, pp. 3-5).   Plaintiff

specifically lists three United States military bases in Washington and California, namely Fort

Ord, Camp Roberts and Fort Lewis, as places where he allegedly was exposed to asbestos.

(Bush Aff., ¶ 4 – Ex. C, p. 6).

Page 1 -   **DEFENDANT DAIMLERCHRYSLER CORP.'S**
            **RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit __E__  Page __1__

On May 18, 2005, defendant DaimlerChrysler Corporation ("DCC") removed this case to federal court on the basis of federal enclave jurisdiction. On June 17, 2005, Plaintiff moved to remand this case back to Oregon State Court. In that motion, Plaintiff argues that removal was not proper because defendant DCC (1) failed to secure consents to removal from its co-defendants, and (2) did not establish that military bases are federal enclaves. Additionally, Plaintiff seeks costs and attorneys fees.

As of the date of this filing, DCC has secured written consent from all parties served as defendants in this case. Further, military bases are considered "federal enclaves" by applicable federal law. Finally, Plaintiff's request for costs and fees is without merit and should be denied.

## I.   DCC HAS SECURED CONSENTS TO REMOVAL FROM ITS CO-DEFENDANTS

### A.   Notice of Removal:  DCC Timely Filed

The removal statutes *expressly* require a defendant to file a "Notice of Removal" within thirty days after service. 28 U.S.C. 1446(b) (stating "the notice of removal of a civil action … shall be filed within thirty days after [service]"). Defendant DCC fully complied with this requirement by timely filing a "Notice of Removal" with this Court on May 18, 2005 after being served on April 22, 2005.

### B.   Unanimous Consent:  All Served Co-defendants Consent to Removal

In his Motion to Remand, Plaintiff's first argument is that defendant DCC failed to secure consents to removal from its co-defendants. (Pl's. Memo. in Support of Motion to Remand, pp. 5-6). The removal statutes *impliedly* require a defendant to gather consents to removal from all co-defendants. *See* 28 U.S.C. § 1441(a) (providing that civil cases "may be removed by the *defendant or defendants*, to the district court"). Courts have interpreted the "defendant or defendants" language in 28 U.S.C. § 1441(a) to mean that all defendants must consent to removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Courts also hold that those defendants who have not been served need not join in removal. *See Salveson v.*

Page 2 -   **DEFENDANT DAIMLERCHRYSLER CORP.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

Exhibit ___E___  Page ___2___

*Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). In this case, all nine served co-defendants have filed consent to removal forms with this Court. Copies of those consent forms are either attached as Exhibit A or evidenced by reference to the civil docket in Exhibit B filed herewith. (Bush Aff., ¶¶ 2-3 – Ex. A, pp. 1-4; Ex. B, pp. 5-6).

### C.    Time for Consent

As for the time in which all served defendants must consent to removal, the removal statutes are silent. Plaintiff contends, without citing any authority, that consents to removal must be filed within thirty days of service. (Pl's Memo in Support of Motion to Remand, p. 5). While it is true that the 30-day time period is often extended to consents for removal, this is, at most, a procedural defect not directly addressed by the rules. The United States Supreme Court and the Ninth Circuit have held that procedural defects in the removal process may be "cured" so long as judgment has not been entered. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 76-77 (1996); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998).

In *Parrino*, a co-defendant did not join in removal until two months after service. The court, nonetheless, affirmed the district court's refusal to remand, excusing the one co-defendant's failure to file earlier, an agreement joining in the removal. 146 F.3d at 703. Furthermore, in *Parrino*, the Ninth Circuit clearly stated, "a procedural defect existing at the time of removal *but cured prior to entry of judgment* does not warrant reversal and remand of the matter to state court." *Id.* (emphasis added).

### 1.    Any Procedural Defects Have Been Cured by Co-Defendants

Plaintiff argues that co-defendants, Allis-Chalmers Corp.,[1] Burns International Service Corp., Ford Motor Corp., Garlock Sealing Technologies, LLC, Gilbert Tilbury Co., LLC, and

---

[1] In Plaintiff's Motion to Remand, Plaintiff claims that Allis-Chalmers Corp. was served on April 20, 2005. (Pl.'s Memo. In Support of Motion to Remand, p. 3). Plaintiff attached a receipt of service from Allis-Chalmers to its Motion; however, no date appears on that receipt of service. (Bush Aff., ¶ 5 – Ex. D, p. 3). Thus, Plaintiff did not establish when Allis-Chalmers was served.

Page 3 -    **DEFENDANT DAIMLERCHRYSLER CORP.'S**
           **RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

Uniroyal Holding, Inc., did not timely consent to removal. (Pl.'s Memo. in Support of Motion to Remand, pp. 3-6). As of the date of this filing, all of these co-defendants have filed consents to removal with this Court. (Bush Aff., ¶¶ 2-3). Thus, if a procedural defect existed, it since has been cured, and therefore, remand to state court is neither required nor appropriate. *See Caterpillar*, 519 U.S. at 76-77; *Parrino.*, 146 F.3d at 703.

## II.    THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER THIS CASE

In his Motion to Remand, Plaintiff's second argument is that this court does not have jurisdiction because of the novel and unsupported theory that military bases are not federal enclaves. This argument lacks merit. Removal is proper so long as the federal court had original jurisdiction over the dispute. *See* 28 U.S.C. § 1441(a); *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997). Under the "federal question" statute, district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see Chicago*, 522 U.S. at 163.

The United States Constitution grants the federal government exclusive authority "to exercise exclusive legislation ... and to exercise like Authority over all places purchased ... for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings." *See* U.S. Const. art. I, § 8, cl. 17. Courts, thus, hold that if litigation arises on lands obtained pursuant to that constitutional provision (i.e., "federal enclaves"), then such a case is "rightfully pursued in federal court under federal enclave jurisdiction." *Anderson v. Crown Cork & Seal*, 93 F. Supp. 2d 697, 699-700 (D. Va. 2000); *see also McGinty v. Anchor Packing Co.*, 1999 U.S. Dist. LEXIS 14294 (D. Cal. 1999). Moreover, the Fifth Circuit has stated:

> "It would be incongruous to hold that although the United States has exclusive sovereignty in [a federal enclave area], its courts are without power to adjudicate controversies arising there, but must relegate the parties to the courts of another sovereign for relief." *Mater v. Holley*, 200 F.2d 123, 124-25 (5th Cir. 1952).

Plaintiff, however, argues that military bases, namely Fort Ord and Camp Roberts in California and Fort Lewis in Washington, are not federal enclaves. (Pl. Memo. in Support of

Page 4 -    **DEFENDANT DAIMLERCHRYSLER CORP.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit ____E____ Page __4__

Motion to Remand, p. 6).  A considerable amount of authority recognizes military bases as federal enclaves.  *See In re Welding Rod Products*, 2005 WL 147081, at *6 (N.D. Ohio 2005) (stating "it is generally safe to assume, however, that a United States military base 'is a federal enclave subject to the exclusive jurisdiction of the United States.'"); *see also United States v. Smith*, 387 F.3d 826, 829 (9th Cir. 2004); *Lewis v. United States*, 523 U.S. 155, 158 (1998); *Akin v. Big Three Industries*, 851 F. Supp. 819 (D. Tex. 1994), *affd*. 156 F.3d 1030 (10th Cir 1998). In fact, the Ninth Circuit has specifically acknowledged Fort Lewis in Washington as a federal enclave.  *See United States v. Dotson*, 34 F.3d 882, 883 (9th Cir. 1994).

To illustrate further, in *Akin v. Big Three Industries*, a plaintiff sued manufacturers for exposure to toxic chemicals while working on jet engines on an Air Force base.  851 F. Supp. 819.  The defendants removed the case to federal court based on federal enclave jurisdiction. The district court held that the removal was proper, stating "when plaintiff's claims arise out of exposure to chemicals on [an air force] base in furtherance of their employment duties, enclave jurisdiction is properly invoked." *Id.* at 822.  The facts in *Akin* are similar to those in the present case in that both involve plaintiffs suing manufacturers and alleging exposure to harmful substances while working on military bases.

### A.    Plaintiff's Argument Is Flawed and Unsupported

In Plaintiff's Motion to Remand, Plaintiff makes flawed and unsupported arguments. First, Plaintiff's argument is flawed in that it confuses the term "original jurisdiction" with "exclusive jurisdiction." Plaintiff cites to cases that concern whether the federal government has *exclusive* jurisdiction over a dispute. (Pl.'s Memo. in Support of Motion to Remand, pp. 6-7); *see e.g., Pratt v. Kelly*, 585 F.2d 692, 695-97 (4th Cir. 1978) (addressing whether United States had exclusive jurisdiction over a highway in Virginia; *United States v. Johnson*, 994 F.2d 980, 984-86 (2nd Cir. 1993) (addressing whether United States had exclusive jurisdiction in a criminal case).  In that context, courts, at times, will engage in the burdensome, complicated process suggested by Plaintiff, requiring considerable details about the conveyance of land from

Page 5 -    **DEFENDANT DAIMLERCHRYSLER CORP.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

the state to federal government.  *Id.*  For removal purposes in this case, however, DCC only needs to establish that this Court would have had original jurisdiction over this case, if originally filed herein.  *See* 28 U.S.C. § 1441(a); *Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 163 (1997).

Additionally, Plaintiff's argument is unsupported in that Plaintiff fails to cite any authority that military bases are not federal enclaves.  Plaintiff attempts to dismiss cases recognizing military bases as federal enclaves, arguing such cases did not fully litigate the federal enclave issue or arguing the courts made "baseless conclusions."  (Pl.'s Memo. in Support of Motion to Remand, pp. 8-9).  The reality, though, is that a large body of legal authority recognizes military bases as federal enclaves, and Plaintiff has cited no authority to the contrary.  *See In re Welding Rod Products*, 2005 WL 147081, at *6; *Smith*, 387 F.3d at 829; *Lewis*, 523 U.S. at 158; *Akin v. Big Three Industries*, 851 F. Supp. 819.  An Ohio district court even stated, "it is generally safe to assume ... that a United States military base is a federal enclave subject to the exclusive jurisdiction of the United States."  *In re Welding Rod Products*, 2005 WL 147081, at *6.

In sum, military bases, such as Fort Ord, Camp Roberts and Fort Lewis, are clearly federal enclaves, and this Court had original jurisdiction over this case on the basis of federal enclave jurisdiction.  Therefore, removal was proper, and Plaintiff's Motion to Remand should be denied.

## III.   PLAINTIFF'S MOTION FOR COSTS AND FEES IS ENTIRELY WITHOUT MERIT

Plaintiff's Motion to Remand ends with a request for costs and attorney fees.  (Pl.'s Memo. in Support of Motion to Remand, p. 10).  The removal statutes provide a basis for recovery of costs and attorney fees at 28 U.S.C. § 1447(c) only when a defendant(s) notice of removal is "unreasonable or frivolous."  *See Pucci v. Rent A-Ctr., Inc.*, 81 Fed. Appx. 948, 949 (9th Cir. 2003); *see also Uriarte v. R & J Machinery*, 2000 U.S. Dist. Lexis 18084, at *16 (N.D.

Page 6 -   **DEFENDANT DAIMLERCHRYSLER CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page ___6___

Cal. Dec. 4, 2000) (stating that courts will award attorney fees for improper removal only if there

"was not a reasonable basis for removal...."); *Sun v. Equitable Life*, 2001 U.S. Dist. LEXIS 9481

(N.D. Cal. 2001) *citing Draper v. Erb*, 1994 U.S. Dist. LEXIS 12465 (N.D. Cal. 1994) (stating

"if the court finds that there was not a reasonable basis for removal, then the court has the

discretion to award fees."); *Tralmer v. Galaxy Airlines, Inc.*, 611 F. Supp. 633, 635 (D.C. Nev.

1985) (noting "although the ordering of payment of costs is discretionary under § 1447(c), costs

generally are awarded where the nonremovability of the action is obvious."). Moreover, when a

reasonable basis exists for the party's removal or when the petition for removal presented a close

question of law, courts have refused to grant Plaintiffs' requests for awards. *See e.g.*,

*Chesler/Perlmutter Prods. v. Fireworks Entm't, Inc.*, 177 F. Supp. 2d 1050 (C.D. Cal. 2001).

     In the present case, removal is proper. However, even if this Court were to find that

removal is not proper and grant Plaintiff's Motion to Remand, the removal clearly was not

"unreasonable or frivolous." Defendant DCC filed a Notice of Removal in a timely manner.

Despite initial difficulties in gathering consents to removal due to the number of defendants

served and the unique characteristics of asbestos litigation, all served defendants subsequently

filed consent forms with this Court, declaring their intent to join in removal. As for the grounds

for removal, a considerable amount of authority recognizes military bases as federal enclaves,

and Plaintiff's argument is without any legal support. Accordingly, any requests for costs and

attorneys fees should be denied.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

Page 7 -    **DEFENDANT DAIMLERCHRYSLER CORP.'S**
**RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page ___7___

## CONCLUSION

For the aforementioned reasons, this Court should refuse to grant Plaintiff's Motion to Remand, and in turn, deny Plaintiff's request for costs and attorneys fees.

Dated this 1st day of July, 2005.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: _____
Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Of Attorneys for Defendant
DaimlerChrysler Corporation

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page ___8___

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2005, I served the foregoing

**DEFENDANT DAIMLERCHRYSLER CORP.'S RESPONSE TO PLAINTIFF'S**

**MOTION TO REMAND**, on the following parties at the following addresses:

| | |
|---|---|
| Elaine J. Brown, Esq.<br>Brayton Purcell, LLP<br>American Bank Building, Suite 950<br>621 SW Morrison Street<br>Portland, OR 97205<br>   **Of Attorneys for Plaintiff Howard Wood** | Steven v. Rizzo<br>Steve V. Rizzo, P.C.<br>Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>Portland, OR 97205<br>   **Attorney for Allis-Chalmers<br>   Corporation Product Liability Trust** |
| Annalie M. Faddis<br>Abbott & Prange, P.C.<br>111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97205<br>   **Attorneys for Burns International Services<br>   Corp** | Mark J. Fucile<br>Stoel Rives LLP<br>Standard Insurance Center<br>900 SW Fifth Ave., Suites 1600-1900<br>Portland, OR 97204<br>   **Attorneys for Ford Motor Company and<br>   Gilbert Tilbury Company LLC** |
| William M. Tomlinson<br>Lindsay, Hart, Neil & Weigler LLP<br>1300 SW Fifth Avenue, Suite 3400<br>Portland, OR 97201-5696<br>   **Attorneys for Service for Garlock Sealing<br>   Technologies, LLC** | Mark J. Fucile<br>Stoel Rives LLP<br>Standard Insurance Center<br>900 SW Fifth Ave., Suites 1600-1900<br>Portland, OR 97204<br>   **Attorneys for Service for Gilbert Tilbury<br>   Company LLC** |
| James H. Gidley<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>   **Attorneys for Service for Honeywell<br>   International, Inc.** | Bruce C. Hamlin, Esq.<br>Stephen P. McCarthy<br>Lane Powell<br>601 SW 2nd Avenue, Suite 2100<br>Portland OR  97204<br>   **Attorneys for International Truck and<br>   Engine Corp. and Tenneco Automotive<br>   Operating Company, Inc.** |
| Craig Nichols<br>Nichols & Associates<br>4614 SW Kelly Avenue, Suite 200<br>Portland, OR 97239<br>   **Attorneys for Gilbert Tilbury Company<br>   LLC** | Nancy Hudgins<br>Law Offices of Nancy Hudgins<br>1388 Sutter Street, Suite 505<br>San Francisco, CA 94109<br>   **Attorney for UniRoyal Holdings, Inc.** |

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit _E_  Page _9_

by mailing to them a true and correct copy thereof, placed in a sealed envelope addressed to them at the addresses set forth above, and deposited in the U.S. Post Office at Portland, Oregon on said day with postage prepaid.

SCHWABE, WILLIAMSON & WYATT, PC

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Of Attorneys for Defendant
DaimlerChrysler Corporation

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page )0_____

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Schwabe, Williamson & Wyatt, PC
Pacwest Center, Suites 1600-1800
1211 SW Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981
Fax (503) 796-2900
E-mail: jstump@schwabe.com
       sbush@schwabe.com

      Of Attorneys for Defendant DaimlerChrysler
      Corporation

```
_____PARA _____OTHER____
_____ATTY _____CLASS _____FILE
          R E C E I V E D
          JUL 0 5 2005
      BRAYTON ◆ PURCELL
HAND_____ OVERNIGHT_____ MAIL____
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIS-CHALMERS CORPORATION<br>PRODUCT LIABILITY TRUST, et al.,<br><br>        Defendants. | No.  CV05-0706 HU<br><br><br>**AFFIDAVIT OF STEPHEN C. BUSH<br>IN SUPPORT OF DEFENDANT<br>DAIMLERCHRYSLER CORP.'S<br>RESPONSE TO PLAINTIFF'S<br>MOTION TO REMAND** |

STATE OF OREGON    )
                    )   ss.
County of Multnomah  )

    I, Stephen C. Bush, being duly sworn, depose and say:

    1.     I am an attorney for defendant, DaimlerChrysler Corp., in the above-entitled

action.  I make this affidavit on my own personal knowledge.  I am submitting this affidavit in

support of Defendant DaimlerChrysler Corp's Response to Plaintiff's Motion to Remand.

    2.     Attached hereto as Exhibit A to this affidavit is a true and correct copy of the

following three codefendants' "Consent to Removal" forms that were filed conventionally with

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center, Suites 1600-1800<br>1211 S.W. Fifth Avenue<br>Portland, OR 97204-3795<br>Telephone (503) 222-9981

Exhibit _E_ Page _11_

this Court:  Burns International Services Corp., Garlock Sealing Technologies, LLC, and Uniroyal Holding, Inc..

3.      Attached hereto as Exhibit B to this affidavit is a true and correct copy of this Court's civil docket for the above litigation, Case No. CV 05-706-HU, which evidences that the following codefendants filed "Consent to Removal" forms electronically with this Court:  Allis-Chalmers Corp., Ford Motor Corp., Gilbert Tillbury Co. LLC, Honeywell International, Inc., International Truck & Engine Corp., and Tenneco Automotive Operating Co..

4.      Attached hereto as Exhibit C is a true and correct copy of excerpts from plaintiff Howard Wood's complaint and the Exhibit 1 to his complaint, which lists locations of his alleged exposure to asbestos.

5.      Attached hereto as Exhibit D is a true and correct copy of excerpts from plaintiff Howard Wood's Declaration of Proof of Original Service, which was filed as Exhibit A with his Motion to Remand.

_____
Stephen C. Bush

STATE OF OREGON         )
                        )  ss.
County of Multnomah     )

SUBSCRIBED AND SWORN to before me this ___1st___ day of July, 2005.

_____
NOTARY PUBLIC FOR OREGON
My Commission Expires: _MAY 13, 2007_

OFFICIAL SEAL
KERI I OLSON
NOTARY PUBLIC—OREGON
COMMISSION NO. 368605
MY COMMISSION EXPIRES MAY 13, 2007

Page 2 -   **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF DEFENDANT DAIMLERCHRYSLER CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR 97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page _12_

Annalie M. Faddis, OSB No. 99283
afaddis@abbottprange.com
ABBOTT & PRANGE, P.C.
2650 US Bancorp Tower
111 Southwest Fifth Avenue
Portland, Oregon  97204
Telephone:  (503) 241-1254
Facsimile :  (503) 241-1245

Of Attorneys for Defendant Burns International Services Corporation


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HOWARD WOOD, | ) | No.  CV 05-706-HU |
| | ) | |
| Plaintiff, | ) | DEFENDANT BURNS |
| | ) | INTERNATIONAL SERVICES |
| | ) | CORPORATION'S CONSENT TO |
| ALLIS-CHALMERS CORPORATION | ) | REMOVAL |
| PRODUCT LIABILITY TRUST, et al. | ) | |
| | ) | |
| Defendants. | | |

**CONSENT TO REMOVAL**

Defendant Burns International Services Corporation, a co-defendant in this action,

consents to the notice of removal by Defendant DaimlerChrysler Corporation filed in this action.

DATED this 30th day of June, 2005.

By _____
Annalie M. Faddis, OSB No. 99283
Of Attorneys for Defendant Standco Industries, Inc.


Page 1 -  DEFENDANT BURNS INTERNATIONAL SERVICES CORPORATION'S
               CONSENT TO REMOVAL

Exhibit ___E___ Page 13 _____

Exhibit ___4___, Pg ___1___ of ___4___

William M. Tomlinson, OSB #74326
E-Mail: wtomlinson@lindsayhart.com
Daniel W. Howard, OSB #00284
E-Mail: dhoward@lindsayhart.com
LINDSAY, HART, NEIL & WEIGLER, LLP
1300 SW Fifth Avenue, Suite 3400
Portland, Oregon 97201-5640
Phone: 503-226-7677
Fax: 503-226-7697
     Attorneys for Garlock Sealing Technologies, LLC, fka Garlock, Inc.

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

|  |  |
|---|---|
| HOWARD WOOD, | CV-05-706-HU |
| Plaintiff, | |
| v. | **DEFENDANT GARLOCK SEALING TECHNOLOGIES, LLC, fka GARLOCK, INC.,'s CONSENT TO REMOVAL** |
| ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY, et al, | |
| Defendants. | |

### CONSENT TO REMOVAL

Defendants Garlock Sealing Technologies, LLC, fka Garlock, Inc., Garlock Packing Co.,

U.S. Gasket Co., co-defendant in this action, consents to the notice of removal by defendant

DaimlerChrysler corporation filed in this action.

/ / /

Page 1 - **DEFENDANT GARLOCK SEALING TECHNOLOGIES, LLC, fka GARLOCK, INC.,'s CONSENT TO REMOVAL**

LINDSAY, HART, NEIL & WEIGLER, LLP
F:WP51\XXXGARLOCK\XXXXPL.wpd

Exhibit ___E___ Page 14

Exhibit ___A___, Pg _2_ of _4_

DATED this 28th day of June, 2005.

LINDSAY, HART, NEIL & WEIGLER, LLP

By: _____

William M. Tomlinson, OSB #74326
Daniel W. Howard, OSB #00284

Attorneys for Garlock Sealing Technologies,
LLC, fka Garlock, Inc., Garlock Packing Co.,
U.S. Gasket Co.

Page 2 - **DEFENDANT GARLOCK SEALING
TECHNOLOGIES, LLC, fka GARLOCK, INC.,'s
CONSENT TO REMOVAL**

LINDSAY, HART, NEIL & WEIGLER, LLP
F:\WP51\KK\GARLOCK\RG001IPL.wpd

Exhibit ___E___ Page ___15___

Exhibit ___A___, Pg ___3___ of ___4___

FILE No.687 06/27 '03 20:15   ID:WOFFICEHUDGINS          FAX:4159790747           PAGE  2/  2
       SCHWABE WILLIAMS WYATT Fax:503-796-2900      Jun 27 2005  15:27      P.02

**NANCY HUDGINS, CAB #85222**
Law Offices of Nancy Hudgins
1388 Sutter Street, Suite 505
San Francisco, CA 94109
Telephone (415) 979-0100
Fax (415) 979-0747
  Of Attorneys for Uniroyal Holdings, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOWARD WOOD,** | No. CV-05-706-HU |
| Plaintiff, | |
| vs. | **DEFENDANT UNIROYAL HOLDINGS, INC.'S CONSENT TO REMOVAL** |
| **ALLIS-CHALMERS CORPORATION PRODUCT LIABILITY, et al.,** | |
| Defendants. | |

**CONSENT TO REMOVAL**

 Defendant Uniroyal Holdings, Inc., a co-defendant in this action, consents to the

notice of removal by Defendant DaimlerChrysler Corporation filed in this action.

 Dated this 20th day of June, 2005.

     LAW OFFICES OF NANCY HUDGINS

     By: _____
      Nancy E. Hudgins, CAB #85222
      Attorney for Uniroyal Holdings, Inc.

1 - DEFENDANT UNIROYAL HOLDINGS, INC.'S CONSENT TO REMOVAL

# U.S. District Court
## District of Oregon (Portland)
## CIVIL DOCKET FOR CASE #: 3:05-cv-00706-HU

Wood v. Allis-Chalmers Corporation Product Liability Trust et al   Date Filed: 05/18/2005
Assigned to: Magistrate Judge Dennis J. Hubel   Jury Demand: Defendant
Case in other court: Multnomah County Circuit Court, 03-03344   Nature of Suit: 368 P.I. : Asbestos
Cause: 28:1441 Petition for Removal- Product Liability   Jurisdiction: Federal Question

### Plaintiff

**Howard Wood**   represented by   **Elaine J. Brown**
Brayton Purcell, LLP
621 S.W. Morrison Street
Suite 950
Portland, OR 97205
(503) 295-4931
Fax: (503) 241-2573
Email: ebrown@braytonlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Allis-Chalmers Corporation Product
Liability Trust**
*a Delaware corporation, individually and
as successor-in-interest to A-C Pump*

represented by   **John Michael Mattingly**
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205
(503) 229-1819
Fax: (503) 229-0630
Email: mmattingly@rizzopc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Asarco Incorporated**
*a New Jersey corporation, individually
and as successor-in-interest to American
Smelting and Refining Company, Pipe
Company, Inc., Capco Pipe & Supply,
Cement Asbestos Products Company and
Lake Asbestos of Quebec, Ltd*

### Defendant

**Atlas Turner Inc**
*a Canadian corporation
formerly known as*
Atlas Asbestos

### Defendant

**Burns International Services
Corporation**
*a Delaware corporation, formerly known*

Exhibit _E_ Page 17

Exhibit _B_, Pg _1_ of _6_

*as Borg-Warner Automotive, Inc., and Borg-Warner Corporation, individually and as successor-in-interest to Borg-Warner Corporation-Borg & Beck Division, Borg-Warner Corporation-Rockford Clutch Division, and York Borg*

### Defendant

**DaimlerChrysler Corporation**
*a Delaware corporation fka Chrysler Motors Corporation and Chrysler Corporation, individuallya nd as successor-in-interest to Chrysler Corp, Chrysler Motors Corp, Chrysler-Air Temp, American Motors Corp, American Lafrance Corp, Jeep Corp, et al*

represented by **Joshua P. Stump**
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204
(503) 222-9981
Fax: (503) 796-2900
Email: jstump@schwabe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen C. Bush**
Schwabe Williamson & Wyatt, PC
1600-1900 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204
(503) 222-9981
Fax: (503) 796-2900
Email: sbush@schwabe.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Ford Motor Company**
*a Delaware corporation, individually and as successor-in-interest to British Leyland Motors, Inc., British Motor Corp, Jaguar Cars, Inc., Triumph, Lincoln Continental, and Austin Healey*

represented by **Daniel K. Reising**
Stoel Rives, LLP
900 SW Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9884
Fax: (503) 220-2480
Email: dkreising@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark J. Fucile**
Stoel Rives, LLP
900 SW Fifth Avenue
Suite 2600
Portland, OR 97204
(503) 294-9501
Fax: (503) 220-2480
Email: mjfucile@stoel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Garlock Sealing Technologies, LLC**
*a Delaware corporation, individually and*

represented by **Daniel W. Howard**
Lindsay Hart Neil & Weigler, LLP

Exhibit _E_ Page _18_

Exhibit _6_ , Pg _2_ of _6_

*as successor-in-interest to Coltec*
*Intustries, Inc., Fairbanks-Morse, Belmont*
*Packing & Rubber Co, Garlock Packing*
*Co, U.S. Gasket Co.*
*formerly known as*
Garlock Inc

1300 SW Fifth Avenue
Suite 3400
Portland, OR 97201
(503) 226-7677
Fax: (503) 226-7697
Email: dhoward@lindsayhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William M. Tomlinson**
Lindsay Hart Neil & Weigler, LLP
1300 SW Fifth Avenue
Suite 3400
Portland, OR 97201
(503) 226-7677
Fax: (503) 226-7697
Email: wtomlinson@lindsayhart.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gatke Corporation**
*an Illinois corporation, individually and as*
*successor-in-interest to Asbestos Textile*
*Company, Inc.*

**Defendant**

**Gilbert Tilbury Company**          represented by  **Daniel K. Reising**
*an Oregon corporation*                             (See above for address)
*doing business as*                                 *LEAD ATTORNEY*
Chuck Colvin Ford, Inc.                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Honeywell International Inc**       represented by  **James H. Gidley**
*a Delaware Corporation, individually and*          Perkins Coie, LLP
*as successor-in-interest to the Bendix*            1120 NW Couch Street
*Corp, Bendix Products Automotive*                  10th Floor
*Division, Bendix Products Division-Bendix*         Portland, OR 97209-4128
*Aviation Corp, Bendix Home Systems,*               (503) 727-2038
*Allied Corp, Allied Chemical Corp,*                Fax: (503) 727-2222
*Honeywell Inc., et al*                             Email: jgidley@perkinscoie.com
*formerly known as*                                 *LEAD ATTORNEY*
AlliedSignal Inc                                    *ATTORNEY TO BE NOTICED*
*formerly known as*
Allied-Signal Inc

**Defendant**

**International Truck and Engine**    represented by  **Bruce C. Hamlin**
**Corporation**                                     Lane Powell, PC
*a Delaware corporation, individually and*          601 SW Second Avenue
*as successor-in-interest to Navistar*              Suite 2100
*International Corp, International*                  Portland, OR 97204-3158  Exhibit _E_ Page 19
*Harvester Co, et al*                               (503) 778-2158
                                                    Fax: (503) 778-2200
                                                    Email: hamlinb@lanepowell.com
                                                    *LEAD ATTORNEY*
                                                    Exhibit _B_, Pg _3_ of _6_

*ATTORNEY TO BE NOTICED*

**Defendant**

**Lake Asbestos of Quebec Ltd**
*a Delaware corporation*
*also known as*
Lac D'Amiante du Quebec Ltee

**Defendant**

**MacArthur Company**
*a Minnesota corporation, individually and*
*as successor-in-interest to Western*
*Asbestos Co*

**Defendant**

**Metropolitan Life Insurance Company**
*a New York corporation*

**Defendant**

**Owens-Illinois Inc**
*a Delaware corporation, individually and*
*as successor-in-interest to Owens-Illinois*
*Glass Company*

**Defendant**

**Plant Insulation Company**
*a California corporation*
*formerly known as*
Asbestos Company of California
*formerly known as*
Plant Asbestos Company

**Defendant**

**Pneumo Abex LLC**
*a Delaware corporation, individually and*
*as successor-in-interest to Pneumo Abex*
*Corp, Abex Corp, Eaton Brake Shoes,*
*Eaton Manufacturing Co, American Brake*
*Shoe and Foundry Co, American*
*Brakeblok, Division of American Brake*
*Shoe and Foundry Co, et al*

**Defendant**

**Tenneco Automotive Operating Inc**
*a Delaware corporation, individually and*
*as successor-in-interest to Tenneco*
*Automotive Inc, Walker Manufacturing*
*Co, Monroe Auto Equipment Co, Monroe*
*Muffler, North American Original*
*Equipment Operations Div, and North*
*American Aftermarket Operations Div*

represented by **Stephen P. McCarthy**
Lane Powell, PC
601 SW Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2187
Fax: (503) 778-2200
Email: mccarthys@lanepowell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Exhibit _E_ Page _20_

Exhibit _B_ , Pg _4_ of _6_

**Defendant**

**Thorpe Insulation Company**
*a Delaware corporation, individually and*
*as successor-in-interest to J.T. Thorpe &*
*Son, The Thorpe Company, Asbestos*
*Products Corp, Asbestos Products*
*Company of San Diego, Plant Insulation*
*Co, Plant Manufacturing Co, and Thorpe*
*Products Co*

<u>Defendant</u>

**Uniroyal Holding Inc**
*a New Jersey corporation, individually*
*and as successor-in-interest to Uniroyal,*
*Inc, and United States Rubber Company*

<u>Defendant</u>

**Western Asbestos Company**
*a California corporation*

<u>Defendant</u>

**Western MacArthur Company**
*(formerly Western Asbestos) a California*
*corporation, individually and as succesor-*
*in-interest to Western Asbestos Co,*
*MacArthur Company, and Bay Cities*
*Asbestos Company*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/18/2005 | <u>1</u> | Notice of Removal of Case Number 0503-03344 from Mulnomah County Circuit Court Filing Fee in amount of $250 collected. Receipt No. 3481 issued..Filed by DaimlerChrysler Corporation against Atlas Turner Inc, Burns International Services Corporation, DaimlerChrysler Corporation, Ford Motor Company, Garlock Sealing Technologies, LLC, Gatke Corporation, Gilbert Tilbury Company, Honeywell International Inc, International Truck and Engine Corporation, Lake Asbestos of Quebec Ltd, MacArthur Company, Metropolitan Life Insurance Company, Owens-Illinois Inc, Plant Insulation Company, Pneumo Abex LLC, Tenneco Automotive Operating Inc, Thorpe Insulation Company, Uniroyal Holding Inc, Western Asbestos Company, Western MacArthur Company, Allis-Chalmers Corporation Product Liability Trust, Asarco Incorporated. (Attachments: # <u>1</u> 2nd half of removal)(ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | <u>2</u> | Discovery and Pretrial Scheduling Order and Notice of Case Assignment to the Honorable Dennis J. Hubel. Discovery to be completed by 9/15/2005. Joint Alternate Dispute Resolution Report due by 10/17/2005.Pretrial Order due by 10/17/2005. Ordered by Judge Dennis J. Hubel. (ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | <u>3</u> | Notice to Plaintiff of Removal of Action. Filed by Stephen C. Bush appearing on behalf of DaimlerChrysler Corporation.(ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | <u>4</u> | Affidavit of Stephen C. Bush in Support of Removal to Federal Court. Filed by DaimlerChrysler Corporation. (ljl, ) (Entered: 05/19/2005) |
| 05/18/2005 | <u>5</u> | Notice of Joinder in Removal. Filed by Stephen P. McCarthy appearing on behalf of Tenneco Automotive Operating Inc.(ljl, ) (Entered: 05/19/2005) |

| 05/18/2005 | 6 | Notice of Joinder in Removal. Filed by Bruce C. Hamlin appearing on behalf of International Truck and Engine Corporation.(ljl, ) (Entered: 05/19/2005) |
| 05/19/2005 | 7 | Defendant Honeywell International's Consent to Removal. Filed by James H. Gidley appearing on behalf of Honeywell International Inc.(ljl, ) (Entered: 05/24/2005) |
| 05/24/2005 | 8 | Consent to Removal. Filed by John Michael Mattingly appearing on behalf of Allis-Chalmers Corporation Product Liability Trust.(ljl, ) (Entered: 05/25/2005) |
| 05/25/2005 | 9 | Answer *of Defendant International Truck and Engine Corporation* (Related Doc. 1). Filed by International Truck and Engine Corporation.(Hamlin, Bruce) (Entered: 05/25/2005) |
| 05/31/2005 | 10 | Answer (Related Doc. 1). Filed by DaimlerChrysler Corporation.(ljl, ) (Entered: 06/01/2005) |
| 06/07/2005 | 11 | Answer, Defenses, Response to Cross-Claims and Demand for Jury Trial. (Related Doc. 1). Filed by Ford Motor Company.(ljl, ) (Entered: 06/07/2005) |
| 06/17/2005 | 12 | Plaintiff's Notice of Motion and Motion to Remand Case to Multnomah County Circuit Court and for Payment of Fees and Costs. Request for Oral Argument. Filed by Howard Wood. (ljl, ) (Entered: 06/20/2005) |
| 06/17/2005 | 13 | Memorandum in Support. Filed by Howard Wood. (Related document(s): Motion for attorney fees, Motion to Remand12.)(ljl, ) (Entered: 06/20/2005) |
| 06/17/2005 | 14 | Affidavit of Elaine Brown in Support of Motion. Filed by Howard Wood. (Related document(s): Motion for attorney fees, Motion to Remand12.)(ljl, ) (Entered: 06/20/2005) |
| 06/24/2005 | 15 | Consent to Removal. Filed by Mark J. Fucile appearing on behalf of Ford Motor Company.(ljl, ) (Entered: 06/27/2005) |
| 06/29/2005 | 16 | Answer , *Defenses, Response to Cross-Claims and Demand for Jury Trial* (Related Doc. 1). Filed by Gilbert Tilbury Company.(Reising, Daniel) (Entered: 06/29/2005) |
| 06/29/2005 | 17 | Notice *of Defendant Gilbert Tilbury Company's Consent to Removal.* Filed by Daniel K. Reising appearing on behalf of Gilbert Tilbury Company.(Reising, Daniel) (Entered: 06/29/2005) |
| 06/29/2005 | 18 | Consent to Removal. Filed by Daniel W. Howard, William M. Tomlinson appearing on behalf of Garlock Sealing Technologies, LLC.(ecp, ) (Entered: 07/01/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/01/2005 14:21:49 | | |
| **PACER Login:** | sw0053 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:05-cv-00706-HU |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

Exhibit _E_ Page _22_

Exhibit _B_, Pg _6_ of _6_

1

2

3

4

5

IN THE CIRCUIT COURT FOR THE STATE OF OREGON

IN THE COUNTY OF MULTNOMAH

6   HOWARD WOOD,                     )   Case No. **0503—03344**

7           Plaintiff,              )   COMPLAINT

8       v.                          )   (Product Liability; Negligence)

9   ALLIS-CHALMERS CORPORATION      )   DEMAND FOR JURY TRIAL
    PRODUCT LIABILITY TRUST, a Delaware )
10  corporation, individually and as successor-in- )   CLAIM OVER $50,000.00
    interest to A-C Pump; ASARCO    )
11  INCORPORATED, a New Jersey corporation, )   CLAIM NOT SUBJECT TO
    individually and as successor-in-interest to )   MANDATORY ARBITRATION
12  American Smelting and Refining Company, Pipe )
    Company, Inc., Capco Pipe & Supply, Cement )   COMPLEX ASBESTOS LITIGATION
13  Asbestos Products Company, and Lake Asbestos )   SUBJECT TO GENERAL ORDERS
    of Quebec, Ltd.; ATLAS TURNER, INC., a )
14  Canadian corporation, formerly known as Atlas )
    Asbestos; BURNS INTERNATIONAL )
15  SERVICES CORPORATION, a Delaware )
    corporation, formerly known as Borg-Warner )
16  Automotive, Inc., and Borg-Warner Corporation, )
    individually and as successor-in-interest to Borg- )
17  Warner Corporation-Borg & Beck Division, )
    Borg-Warner Corporation-Rockford Clutch )
18  Division, and York Borg Warner; )
    DAIMLERCHRYSLER CORPORATION, a )
19  Delaware corporation formerly known as )
    Chrysler Motors Corporation and Chrysler )
20  Corporation, individually and as successor-in- )
    interest to Chrysler Corporation, Chrysler Motors )
21  Corporation, Chrysler-Air Temp, American )
    Motors Corporation, American Lafrance )
22  Corporation, Jeep Corporation, Kaiser Jeep )
    Corporation, Willys Motors Inc., Hudson Motor )
23  Car Company, Mopar Parts, Mopar Auto Parts, )
    Plymouth, Dodge, Renault, Nash Motors, Gray )
24  Motor Company, and Gray Marine; FORD )
    MOTOR COMPANY, a Delaware corporation, )
25  individually and as successor-in-interest to )
    British Leyland Motors, Inc., British Motor )
26  Corporation, Jaguar Cars, Inc., Triumph, Lincoln )

Page 1 -   COMPLAINT                                  Exhibit ___E___ Page _23_
         J:\oregon\103631\Pld\comp-01.wpd

BRAYTON✤PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit ___C___, Pg _1_ of _7_

1   Continental, and Austin Healey; GARLOCK
     SEALING TECHNOLOGIES, LLC, fka
2   GARLOCK, INC., a Delaware corporation,
     individually and as successor-in-interest to
3   Coltec Industries, Inc., Fairbanks-Morse,
     Belmont Packing & Rubber Co., Garlock
4   Packing Co., U.S. Gasket Co.; GATKE
     CORPORATION, an Illinois corporation,
5   individually and as successor-in-interest to
     Asbestos Textile Company, Inc.; GILBERT
6   TILBURY COMPANY, an Oregon corporation,
     dba Chuck Colvin Ford; HONEYWELL
7   INTERNATIONAL, INC., a Delaware
     corporation, formerly known as AlliedSignal Inc.
8   and as Allied-Signal Inc., individually and as
     successor-in-interest to The Bendix Corporation,
9   Bendix Products Automotive Division, Bendix
     Products Division - Bendix Aviation Corp.,
10  Bendix Home Systems, Allied Corporation,
     Allied Chemical Corporation, Honeywell, Inc.,
11  Honeywell Controls, General Chemical
     Corporation, FRAM, Friction Materials of Los
12  Angeles, North American Refractories Company,
     EM Sector Holdings Inc., Universal Oil Products
13  Company Boylston Corporation, Ehrhart &
     Associates Inc., Ehrhart & Arthur Inc., and
14  Garrett Air Research Corp.; INTERNATIONAL
     TRUCK AND ENGINE CORPORATION, a
15  Delaware corporation, individually and as
     successor-in-interest to Navistar International
16  Transportation Corporation, Navistar
     International Corporation, International Harvester
17  Company, International Harvester Corporation,
     and Farm All; LAKE ASBESTOS OF QUEBEC,
18  LTD., a Delaware corporation, also known as
     Lac D'Amiante du Quebec LTEE;
19  MACARTHUR COMPANY, a Minnesota
     corporation, individually and as successor-in-
20  interest to Western Asbestos Co;
     METROPOLITAN LIFE INSURANCE
21  COMPANY, a New York corporation; OWENS-
     ILLINOIS, INC., a Delaware corporation,
22  individually and as successor-in-interest to
     Owens-Illinois Glass Company; PLANT
23  INSULATION COMPANY, a California
     corporation formerly known as Asbestos
24  Company of California and Plant Asbestos
     Company; PNEUMO ABEX LLC, a Delaware
25  corporation, individually and as successor-in-
     interest to Pneumo Abex Corporation, Abex
26  Corporation, Eaton Brake Shoes, Eaton

Page 2 -   COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

Exhibit _____ E _____ Page ___ 24 ___

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR   97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit _____ C _____ , Pg __ 2 __ of __ 7 __

1   Manufacturing Co., American Brake Shoe and
Foundry Company, American Brakeblok,
2   Division of American Brake Shoe and Foundry
Co., American Brake Materials Corporation,
3   American Brake Shoe and Foundry (De), and
American Brakeblok Corporation; TENNECO
4   AUTOMOTIVE OPERATING, INC., a
Delaware corporation, individually and as
5   successor-in-interest to Tenneco Automotive
Inc., Walker Manufacturing Company, Monroe
6   Auto Equipment Company, Monroe Muffler,
North American Original Equipment Operations
7   Div., and North American Aftermarket
Operations Div.; THORPE INSULATION
8   COMPANY, a California corporation,
individually and as successor-in-interest to J.T.
9   Thorpe & Son, The Thorpe Company, Asbestos
Products Corporation, Asbestos Products
10  Company of San Diego, Plant Insulation Co,
Plant Manufacturing Co., and Thorpe Products
11  Co; UNIROYAL HOLDING, INC., a New Jersey
corporation, individually and as successor-in-
12  interest to Uniroyal, Inc., and United States
Rubber Company; WESTERN ASBESTOS CO.,
13  a California corporation; WESTERN
MACARTHUR COMPANY (formerly Western
14  Asbestos), a California corporation, individually
and as successor-in-interest to Western Asbestos
15  Co., MacArthur Company, and Bay Cities
Asbestos Company,
16
                    Defendants.
17  _____

18  Plaintiff Howard Wood alleges:

19  ## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

20                              1.

21      Plaintiff Howard Wood has contracted permanent asbestos-related injury and/or disease,

22  including sub-clinical biologic response scarring and injury from asbestos exposure, and lung

23  cancer.

24                              2.

25      Plaintiff has sustained asbestos-related injuries and/or disease as a result of his inhalation

26  or ingestion of asbestos fibers through his exposure to asbestos.

Page 3 -   COMPLAINT
J:\oregon\103631\Ptd\comp-01.wpd

Exhibit ___E___ Page _25_

BRAYTON✦PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit ___C___, Pg __3__ of __7__

1          3.

2          Plaintiff's asbestos-related disease was diagnosed no earlier than July 1, 2004.

3          4.

4          Plaintiff has been exposed to asbestos fibers in his work, home, and/or other

5    environments when he used and/or disturbed asbestos and asbestos-containing products of the

6    defendants and conspirators, and/or when he otherwise contacted asbestos and asbestos-

7    containing products of the defendants and conspirators which had been used and/or disturbed by

8    other individuals. That use and/or disturbance released respirable asbestos fibers that are capable

9    of causing physical damage, injury, or disease and/or cancer if inhaled or ingested by individuals,

10   including plaintiff, and which, upon indiscriminate workplace release, contaminated work sites,

11   clothes, equipment, and other aspects of plaintiff's work, travel, home, and other environments.

12         5.

13         As a direct and proximate result of defendants' and conspirators' tortious conduct and

14   plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing products

15   manufactured, distributed, sold, installed, and/or applied by defendants and conspirators or

16   containing the defendants' and conspirators' asbestos fiber, plaintiff contracted asbestos-related

17   injury and/or disease as set forth herein, and has incurred and/or will incur doctor, hospital,

18   custodial and medical expenses in an amount, according to proof at trial, of $200,000.00.

19         6.

20         As a further direct and proximate result of defendants' and conspirators' tortious conduct

21   and plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing

22   products manufactured, distributed, sold, installed, and/or applied by defendants and conspirators

23   and/or containing the defendants' and conspirators' asbestos fiber, plaintiff has incurred and/or

24   will incur loss of past and future wages and/or pension and/or past and future impairment of

25   wage-earning capacity and loss of home services, all to his economic damage, according to law

26   and proof at trial, of $300,000.00.

Page 4 -  COMPLAINT

J:\orepost\103631\Pld\comp-01.wpd

Exhibit ___E___ Page _26_

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit ___C___ , Pg _4_ of _7_

1

7.

2      As a further direct and proximate result of defendants' and conspirators' tortious conduct

3  and plaintiff's exposure to the unreasonably dangerous and defective asbestos-containing

4  products manufactured, distributed, sold, installed, and/or applied by defendants and conspirators

5  or containing defendants' and conspirators' asbestos fiber, plaintiff has contracted progressive

6  asbestos-related injury and/or disease, from which he has suffered, and continues to suffer, pain,

7  discomfort, fear, and interference with his daily activities and enjoyment of life, and has endured

8  mental and emotional pain and suffering, all of which is permanent, all to his non-economic

9  damage in an amount, according to law and proof at trial, of $750,000.00.

10

**THE PARTIES**

11

8.

12      At all times material herein, plaintiff has been a resident of the state of Oregon.

13

9.

14      At all times material herein, plaintiff was exposed to airborne asbestos fibers in the

15  course and scope of his work or in his home or other environments. Attached hereto as Exhibit 1

16  is plaintiff's work history and exposure, which is incorporated herein by reference.

17

10.

18    a.    At all times material herein, defendant Allis-Chalmers Corporation Product

19  Liability Trust, a Delaware corporation, and its "alternate entities," identified *infra*, was engaged

20  in the distribution, sale, and supply of hazardous asbestos-containing turbines, pumps, plumbing

21  supplies, motors, industrial equipment, machinery, and associated components.

22    b.    At all times material herein, defendant Asarco Incorporated, a New Jersey

23  corporation, and its "alternate entities," identified *infra*, was engaged in the mining, milling,

24  marketing, and sale of raw asbestos fiber used in the manufacture of hazardous asbestos-

25  containing products.

26    c.    At all times material herein, defendant Atlas Turner, Inc., a Canadian corporation,

Page 5 -  COMPLAINT

J:\oregon\103631\Pld\comp-01.wpd

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR  97205
Telephone (503) 295-4931; Fax (503) 241-2573

Exhibit _E_ Page _27_

Exhibit ___C___, Pg _5_ of _7_

EXHIBIT 1

<u>Howard Wood v. Allis-Chalmers, et al.</u>

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| Plaintiff's Father's Farm, Bridwell Rd., McMinnville, OR | Plaintiff's Father's Farm Bridwell Rd., McMinnville, OR | Mechanic | 1948-1955 |
| US Army | US Army | Infantryman | 2/3/1955-2/1/1957 |
| | Fort Ord, Monterey, CA | Infantryman | 1955 |
| | Camp Roberts, CA | Infantryman | 1955 |
| | Fort Lewis, WA | Infantryman | 1955-1957 |
| Safeway, 4th & Baker St. McMinnville, OR | Safeway, 4th & Baker St. McMinnville, OR | Laborer | Late 1950s |
| Ganiere Brothers, Springfield, OR | White City Plywood, McMinnville, OR | Laborer | 1960s-1970s |

## NON-OCCUPATIONAL EXPOSURE

Plaintiff owned and repaired several automobiles during the 1950s, 1960s and 1970s, including the following:

1938 CHEVY (GENERAL MOTORS CORPORATION ), in approximately 1955.

1937 FORD from 1951 to 1952.

1939 CHEVY (GENERAL MOTORS CORPORATION) from 1953 to 1954.

1941 PLYMOUTH (DAIMLERCHRYSLER CORPORATION) from 1954 to 1957.

1957 RAMBLER (DAIMLERCHRYSLER CORPORATION) from 1964 to 1970.

1947 JEEP WILLY (DAIMLERCHRYSLER CORPORATION) from 1966-1975.

1963 INTERNATIONAL pick up truck from 1975 to 1978.

Exhibit __E__ Page __28__

Exhibit __C__ , Pg __6__ of __7__

1970 PONTIAC (DAIMLERCHRYSLER CORPORATION) from 1976 to 1984.

1971 SUBARU from 1982 to 1985.

1983 SUBARU from 1984 to 1988.

2

Exhibit ___E___ Page _29_____

Exhibit___C____, Pg _7_ of _7_

1

2

3

4                        IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                              FOR THE COUNTY OF MULTNOMAH

6   HOWARD WOOD,                              )     No. 0503-03344
                                             )
7                    Plaintiff,              )
                                             )
8            v.                              )     DECLARATION OF PROOF OF
                                             )     ORIGINAL SERVICE
9   ALLIS-CHALMERS CORPORATION               )
    PRODUCT LIABILITY, et al.,               )
10                                           )
                     Defendants.             )
11  _____)

12  STATE OF OREGON           )
                              )ss
13  County of Multnomah       )

14          I HEREBY CERTIFY, that I sent an original summons, complaint and social security

15  records, through the U.S. mail, return receipt requested, and by first class U.S. mail, unless

16  otherwise noted, to the following defendants described in the exhibits attached hereto:

17          Attached hereto as  Exhibit 1 is a true and correct copy of the Domestic Certified Return

18  Receipt for Allis-Chalmers Corporation Product Liability Trust.

19          Attached hereto as  Exhibit 2 is a true and correct copy of the Domestic Certified Return

20  Receipt for Burns International Services Corporation.

21          Attached hereto as  Exhibit 3 is a true and correct copy of the Domestic Certified Return

22  Receipt for DaimlerChrysler Corporation.

23          Attached hereto as  Exhibit 4 is a true and correct copy of the Domestic Certified Return

24  Receipt for Ford Motor Company.

25          Attached hereto as  Exhibit 5 is a true and correct copy of the Domestic Certified Return

26  Receipt for Garlock Sealing Technologies, LLC.

Page 1 -     DECLARATION OF PROOF OF ORIGINAL SERVICE
             J:\oregon\t03631\Pld\PROOF-01.wpd

                        Exhibit ___E___ Page __30__   BRAYTON✦PURCELL, LLP
                                                              American Bank Building
                                                        621 S.W. Morrison Street, Suite 950
                        Exhibit __D__, Pg _1_ of _4_          Portland OR  97205
                                                        Tel: (503) 295-4931; Fax: (503) 241-2573

1        Attached hereto as Exhibit 6 is a true and correct copy of the Domestic Certified Return

2  Receipt for Gilbert Tilbury Company LLC.

3        Attached hereto as Exhibit 7 is a true and correct copy of the Domestic Certified Return

4  Receipt for Honeywell International, Inc.

5        Attached hereto as Exhibit 8 is a true and correct copy of the Domestic Certified Return

6  Receipt for International Truck And Engine Corporation.

7        Attached hereto as Exhibit 9 is a true and correct copy of the Domestic Certified Return

8  Receipt for Tenneco Automotive Operating Company, Inc.

9        Attached hereto as Exhibit 10 is a true and correct copy of the Domestic Certified Return

10  Receipt for Uniroyal, Inc.

11        Dated this 16th day of June, 2005.

12                 BRAYTON ❖ PURCELL, LLP

13

14

15                 Abigail J.E. Adams, Legal Secretary

16                 aadams@braytonlaw.com

17

18

19

20

21

22

23

24

25

26

Page 2 -     DECLARATION OF PROOF OF ORIGINAL SERVICE
             J:\oregon\103631\Pld\PROOF-01.wpd

Exhibit _____E_____ Page __31__

BRAYTON❖PURCELL, LLP
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland OR 97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit __D__, Pg __2__ of __4__

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allis-Chalmers Corporation Product
Liability TrustTrustee Margaret Barr-
Bruemmer
1001 W. Glen Oaks Lane, Suite 202
Mequon, WI 53092

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ □ Agent
□ Addressee

B. Received by (Printed Name)     C. Date of Delivery

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? (Extra Fee)           □ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0000 4862 2954

PS Form 3811, February 2004      Domestic Return Receipt      W:rd      102595-02-M-1540

Exhibit ___D___, Pg _3_ of _4_      Exhibit ___E___ Page ___30___

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

HOWARD WOOD,                        )    No. 0503-03344
                                    )
                    Plaintiff,      )    SUMMONS
                                    )
          v.                        )
                                    )
ALLIS-CHALMERS CORPORATION PRODUCT  )
LIABILITY, a Delaware Corporation, et al., )
                                    )
                    Defendants.     )

TO:    Allis-Chalmers Corporation Product Liability Trust
       Trustee Margaret Barr-Bruemmer
       1001 W. Glen Oaks Lane, Suite 202
       Mequon, WI 53092

You are hereby required to appear and defend the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT: READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff. If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

_____
SIGNATURE OF ATTORNEY OR PLAINTIFF

Elaine J. Brown, OSB #93036
_____
TYPE OR PRINT NAME OF RESIDENT ATTORNEY

STATE OF OREGON;      )
                      ) ss.
County of Multnomah   )

          I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

_____
ATTORNEY OF RECORD FOR PLAINTIFF

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach thereto.

_____
ATTORNEY FOR PLAINTIFF

Post office address at which papers in the above-entitled action may be served by mail:

BRAYTON ❖ PURCELL, LLP
American Bank Building, Suite 950
621 SW Morrison Street
Portland, OR 97205
(503) 295-4931

Exhibit _____ E _____ Page 33

Exhibit ___D___, Pg _4_ of _4_

J:\oregon\103631\Forms\Summons.wpd

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of July, 2005, I served the foregoing

**AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF DEFENDANT**

**DAIMLERCHRYSLER CORP.'S RESPONSE TO PLAINTIFF'S MOTION TO**

**REMAND**, on the following parties at the following addresses:

| | |
|---|---|
| Elaine J. Brown, Esq.<br>Brayton Purcell, LLP<br>American Bank Building, Suite 950<br>621 SW Morrison Street<br>Portland, OR 97205<br>    **Of Attorneys for Plaintiff Howard Wood** | Steven v. Rizzo<br>Steve V. Rizzo, P.C.<br>Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>Portland, OR 97205<br>    **Attorney for Allis-Chalmers<br>    Corporation Product Liability Trust** |
| Annalie M. Faddis<br>Abbott & Prange, P.C.<br>111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97205<br>    **Attorneys for Burns International Services<br>    Corp** | Mark J. Fucile<br>Stoel Rives LLP<br>Standard Insurance Center<br>900 SW Fifth Ave., Suites 1600-1900<br>Portland, OR 97204<br>    **Attorneys for Ford Motor Company<br>    and Gilbert Tilbury Company LLC** |
| William M. Tomlinson<br>Lindsay, Hart, Neil & Weigler LLP<br>1300 SW Fifth Avenue, Suite 3400<br>Portland, OR 97201-5696<br>    **Attorneys for Service for Garlock Sealing<br>    Technologies, LLC** | Mark J. Fucile<br>Stoel Rives LLP<br>Standard Insurance Center<br>900 SW Fifth Ave., Suites 1600-1900<br>Portland, OR 97204<br>    **Attorneys for Service for Gilbert<br>    Tilbury Company LLC** |
| James H. Gidley<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>    **Attorneys for Service for Honeywell<br>    International, Inc.** | Bruce C. Hamlin, Esq.<br>Stephen P. McCarthy<br>Lane Powell<br>601 SW 2nd Avenue, Suite 2100<br>Portland OR 97204<br>    **Attorneys for International Truck and<br>    Engine Corp. and Tenneco Automotive<br>    Operating Company, Inc.** |
| | |

Page 1 -    **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF<br>    DEFENDANT DAIMLERCHRYSLER CORP.'S<br>    RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center, Suites 1600-1800<br>1211 S.W. Fifth Avenue<br>Portland, OR 97204-3795<br>Telephone (503) 222-9981

Exhibit _E_    Page 34

| Craig Nichols | Nancy Hudgins |
|---|---|
| Nichols & Associates | Law Offices of Nancy Hudgins |
| 4614 SW Kelly Avenue, Suite 200 | 1388 Sutter Street, Suite 505 |
| Portland, OR 97239 | San Francisco, CA 94109 |
| **Attorneys for Gilbert Tilbury Company LLC** | **Attorney for UniRoyal Holdings, Inc.** |

by mailing to them a true and correct copy thereof, placed in a sealed envelope addressed

to them at the addresses set forth above, and deposited in the U.S. Post Office at Portland,

Oregon on said day with postage prepaid.

SCHWABE, WILLIAMSON & WYATT, PC

Joshua P. Stump, OSB #97407
Stephen C. Bush, OSB #04136
Of Attorneys for Defendant
DaimlerChrysler Corporation

Page 2 -    **AFFIDAVIT OF STEPHEN C. BUSH IN SUPPORT OF
DEFENDANT DAIMLERCHRYSLER CORP.'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center, Suites 1600-1800
1211 S.W. Fifth Avenue
Portland, OR  97204-3795
Telephone (503) 222-9981

Exhibit ___E___ Page _35_

ELAINE J. BROWN, Esq., OSB No. 93036
Email: EBrown@braytonlaw.com
BRAYTON❖PURCELL, LLP
Attorneys at Law
American Bank Building
621 S.W. Morrison Street, Suite 950
Portland, OR 97205
(503) 295-4931
Facsimile: (503) 241-2573

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HOWARD WOOD,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIS-CHALMERS CORPORATION<br>PRODUCT LIABILITY TRUST, et al.,<br><br>        Defendants. | No. CV05-0706 HU<br><br>PLAINTIFF'S REPLY MEMORANDUM<br>IN SUPPORT OF MOTION TO REMAND<br>CASE TO MULTNOMAH COUNTY<br>CIRCUIT COURT AND FOR PAYMENT<br>OF FEES AND COSTS |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Defendant DaimlerChrysler mischaracterizes cases, ignores U.S. Supreme Court precedent and alleges it is exempt from the procedural requirements for removal. But none of these tactics changes the fact that it failed to timely join all co-defendants and has not met the legal requirements for invoking federal enclave jurisdiction. Accordingly, this action must be remanded to the state court from which it was removed.

///

///

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND
COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit __F__ Page __1__

## II.

## ARGUMENT

**A. THIS CASE MUST BE REMANDED BECAUSE DAIMLERCHRYSLER FAILED TO TIMELY SECURE CONSENTS FROM THE SERVED CO-DEFENDANTS.**

A removing defendant must file its petition for removal within thirty days of being served with the summons and complaint (28 U.S.C. § 1446(b)), and all defendants who were served at the time the removal petition was filed must timely join in the removal. *Albonetti v. GAF Corporation Chemical Group*, 520 F.Supp. 825, 827 (S.D. Texas, Galveston Division 1981). Because removal is a right created by statute, the procedural requirements are mandatory. *McShares v. Barry*, 979 F.Supp. 1338, 1342 (D. Kansas 1997). Moreover, "'[t]he consent of all defendants to removal is not a mere technicality, but an important part of the burden carried by the party seeking removal jurisdiction.'" *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F.Supp.2d 1044, 1050 (S.D. Iowa 2001). "A court must strictly construe the requirements of the removal statute, as removal constitutes an infringement on state sovereignty." *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Alabama 2000).

Although the failure to join the other served defendants within 30 days is a non-jurisdictional defect, it "is well settled that the statutory time limitation is mandatory and must be strictly complied with; the time period cannot be extended by stipulation of the parties or by order of the court." *Albonetti v. GAF Corporation Chemical Group, supra*, 520 F.Supp. at 827. The burden of establishing the right to removal extends to both demonstrating a jurisdictional basis for removal and compliance with the requirements of the removal statute. *Id.* "The plaintiff selected his forum as was his right, and he is entitled to require that defendants strictly comply with the removal statute before this right is overborne." *Id.* at 828; *see, also, McShares v. Barry, supra*, 979 F.Supp. at 1343.

Plaintiff here served DaimlerChrysler with the Complaint in this matter via mail, which

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___F___ Page ___2___

Defendant received on April 22, 2005. (Defendant's Response to Motion to Remand, p. 2.) Although removing defendant filed its Notice of Removal within thirty days of service, it failed to obtain the consent of several other served defendants within the statutory thirty-day period for removal. (Exhibits A & B to Affidavit. of Stephen Bush in Support of Response to Motion to Remand.) Thus, the petition was defective, and remand is required.

The thirty day requirement for removal is not jurisdictional and may be waived by the plaintiff, but the time limitation "is mandatory and 'must be strictly construed.'" *Newman v. Spectrum Stores, Inc.*, 109 F.Supp.2d 1342, 1345 (M.D. Alabama 2000) (citations omitted)). DaimlerChrysler was required pursuant to 28 U.S.C. § 1446(b) to remove, *and all served defendants were required to properly join,* within the thirty-day period for removal.

DaimlerChrysler concedes in its Response that all defendants must consent to removal and that such consents must be filed within the same thirty-day time for removal. (Response to Plaintiff's Motion to Remand, pp. 2-3.) It then asserts that it can simply ignore this requirement because it is, "at most, a procedural defect not directly addressed by the rules." (Response, p. 3.)

This statement is incorrect for two reasons. First, 28 U.S.C. § 1446(b) unequivocally states that a removal *shall* be filed within thirty days of receipt of the initial pleading. All served defendants must join in the removal, and, as DaimlerChrysler has conceded, such joinders must be filed within the thirty-day period for removal. (Response to Motion to Remand, p. 3.)[1] Moreover, the majority of courts have adopted the "first-served defendant" rule in construing section 1446(b). "Under the first-served defendant rule, section 1446(b)'s 30-day period begins to run when the first defendant is served. If the first defendant fails to remove the action within 30 days of being served, that defendant is precluded from joining in the removal by later served defendants, who are served after the first defendant's 30-day period. See *Brown*

---

[1]  *See also, Teitelbaum v. Soloski*, 843 F.Supp. 614, 616 (C.D. Cal. 1994) (holding that later-served defendant who filed joinder to removal 34 days after service of complaint on the removing defendant made removal untimely).

Exhibit __F__ Page __3__

*v. Demco, Inc.*, 792 F.2d 478 (5ᵗʰ Cir. 1986); *Branch v. Coca-Cola Bottling Co.*, 83 F.Supp.2d

631, 634 (D.S.C. 2000); *Faulk v. Superior Indus. Int'l Inc.*, 851 F.Supp. 457, 458 (M.D. Fla.

1994). All served defendants must join in the removal, and since the notice of removal must be

filed within thirty days of service on the first defendant, all served defendants must join in the

removal no later than 30 days from the day on which the first defendant is served. *Getty Oil v.*

*Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5ᵗʰ Cir. 1988)." *Biggs Corp. v.*

*Wilen*, 97 F.Supp.2d 1040, 1044 (D. Nev. 2000). Regardless of whether this court adheres to

the first-served defendant rule, the record is clear and DaimlerChrysler concedes, that the

joinders of Burns International, Ford Motor Corp., Garlock Sealing Technologies, Gilbert

Tilbury Co., and Uniroyal Holding were untimely.

Second, the thirty-day requirement for filing the notice of removal and the required

joinders is mandatory. *Newman v. Spectrum Stores, supra*, 109 F.Supp.2d at 1345. This is true

because each defendant can have no more than thirty days from the receipt of the initial

pleadings to file its own removal. And, it would contradict the express language of section

1446(b) to permit any individual defendant to circumvent the thirty-day requirement by joining

in another defendant's removal after the prior-served defendant's time to remove had expired.[2]

Such would be more than a mere procedural defect; it would be an outright defiance of the

statutory requirements.

Defendant cites *Parrino v. FHP, Inc.*[3] and *Caterpillar, Inc. v. Lewis*[4] for the proposition

that it has no obligation to comply with the clear mandates of section 1446(b). But the court in

*Parrino* did not dispense with the procedural requirements. In fact, the court stated the exact

opposite. In addressing the dissent's concern that the majority's holding would permit a district

---

[2] *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9ᵗʰ Circuit 1989) (holding that defendant lost the opportunity to remove when it failed to file the petition for removal within 30 days of receiving complaint).

[3] *Parrino v. FPH, Inc.*, 146 F.3d 699 (9ᵗʰ Cir. 1988).

[4] *Caterpillar v. Lewis*, 519 U.S. 61 (1996).



4

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND
COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit F Page 4

court to refuse remanding a procedurally-defective removal, the majority specifically noted: "We do not, as the dissent suggests, read *Caterpillar* to authorize district courts to ignore the procedural requirements for removal: to the contrary, we agree with *Caterpillar* that '[t]he procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.' [citations omitted]. We understand *Caterpillar* merely to permit *the Court of Appeals* to treat as cured a procedural defect in the removal process corrected before entry of judgment." *Parrino v. FHP, Inc., supra,* 146 F.3d at 703, fn 1 [emphasis in original]. Thus, the court in *Parrino* distinguished between the *appellate court's* ability to treat the requirements as being cured and the district court's mandate to enforce the procedural requirements. And as the dissent in *Parrino* correctly notes, the U.S. Supreme Court in *Caterpillar* was faced with a procedural defect that had been cured, then the case proceeded "through a long pretrial process and into a full blown jury trial." *Parrino v. FHP, Inc., supra,* 146 F.3d at 707. That is certainly not the case here. Thus, neither the holding in *Parrino* nor *Caterpillar* permits the district court to waive the procedural requirements set forth in the statute.

One court, faced with question of whether defendants should be able to obtain consents of co-defendants beyond the thirty days for removal held that such rule would not only "plainly contradict the express language of § 1446(b). . . . [but] would [also] create the situation where a plaintiff would not learn whether the removal was procedurally defective until after the thirty-day period for seeking a remand had expired. Thus, a plaintiff would be placed in the absurd position of having waived a procedural defect because the defect was not discoverable until it was too late." *McShares v. Barry,* 979 F.Supp. 1338, 1343 (D. Kansas 1997).

The record here is clear and uncontroverted that DaimlerChrysler received the complaint and related papers on April 22, 2005, and nine co-defendants were served when the case was removed on May 18, 2005.

J:\oregon\103631\Pld\USDC-Reply Mtn Remand.wpd

5

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___F___ Page ___5___

| **Defendant** | **Return Receipt Signed** |
|---|---|
| Allis-Chalmers Corp. | Signed, but not dated |
| Burns International Services Corp. | April 26, 2005 |
| Ford Motor Corp. | April 22, 2005 |
| Garlock Sealing Technologies, LLC | April 26, 2005 |
| Gilbert Tilbury Co., LLC | April 21, 2005 |
| Honeywell International, Inc. | April 22, 2005 |
| International Truck & Engine Corp. | April 21, 2005 |
| Tenneco Automotive Operating Co., Inc. | April 21, 2005 |
| Uniroyal Holding, Inc. | April 25, 2005 |

(Brown Affidavit filed with Plaintiff's Motion to Remand, ¶¶ 3-5 and Exhibit A thereto.)

Only three of these co-defendants consented within the thirty-day period for removal, which expired on May 23, 2005. Regardless of this court's position on whether Allis-Chalmers timely joined, at least five of the co-defendants – Burns International; Ford Motor Corp.; Garlock Sealing Technologies; Gilbert Tilbury Co.; and Uniroyal Holding – failed to timely join. Because none of these defendants acted to remove the case within the thirty-days allowed by law, they lost the opportunity to join in the removal. *Cantrell v. Great Republican Ins. Co., supra,* 873 F.2d at 1256. Even if the thirty-day time limit is construed to be thirty days from the date each of these additional defendants was served, the joinders were still untimely. Because there is no timely joinder of all the served co-defendants, there is no unanimity and no timely removal, and remand is required.

**B.   DAIMLERCHRYSLER HAS NOT PROVEN ANY BASIS FOR FEDERAL ENCLAVE JURISDICTION.**

Defendant has no evidence proving that any of the three military bases at issue here is a federal enclave. In order to disguise this lack of evidence, Defendant's argument does everything but address the proper test for federal enclave jurisdiction. But it cannot meet its burden of proving this court has federal question jurisdiction by ignoring the legal requirements for invoking such jurisdiction.

First, the Defendant erroneously claims that Plaintiff said military bases are not federal enclaves. (Response, pp. 4 & 5.) Plaintiff neither stated nor implied any such thing. What the

J:\oregon\103631\Pld\USDC-Reply Mtn Remand.wpd
PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT, AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___F___ Page ___6___

Plaintiff did say was that a claim arising on a military base *might* provide the court with federal question jurisdiction. (Plaintiff's P&A's in Support of Motion to Remand, p. 6.)  Plaintiff then noted in its motion that federal courts have jurisdiction over military bases if they meet the test for a federal enclave as set forth in three U.S. Supreme Court cases. (Plaintiff's P&A's, pp. 6-9.)

Second, Defendant claims Plaintiff is "confused" regarding the difference between "exclusive" and "original" jurisdiction. But it is Defendant who is confused. Nowhere in the motion to remand did Plaintiff argue the issue of exclusive verses concurrent jurisdiction between the federal and the state courts. The state court obviously had jurisdiction, and no party to this action has challenged such jurisdiction. Thus, the only issue here is whether this court *also* has jurisdiction based on its "original" jurisdiction as set forth in 28 U.S.C. §1331. The cases Plaintiff cited in the motion to remand set forth the test for federal enclave jurisdiction; they have no bearing on exclusive verses concurrent jurisdiction, and Plaintiff made no attempt to argue any such distinction. Thus, it is Defendant who has "confused" the argument here.

A defendant may remove a case filed in state court to federal court pursuant to 28 U.S.C. 1441(a) if the federal district court would have had original jurisdiction over the case. This "original jurisdiction" may be based on, among other statutory provisions, the existence of a "federal question" under 28 U.S.C. § 1331. A federal question exists pursuant to § 1331 if the action "arises under" the Constitution or federal laws such that the plaintiff could have brought the action in federal court at the outset.

DaimlerChrysler here asserts this court has federal question jurisdiction because the action arises under Article I, section 8, clause 17 of the Constitution. Jurisdiction based on this constitutional provision is known as "federal enclave jurisdiction." *Willis v. Craig*, 555 F.2d 724, 726 (9th Cir. 1977). Specifically, DaimlerChrysler argues that the military bases on which the Plaintiff worked at various times during his career are federal enclaves. But instead of

J:\oregon\103631\Pld\USDC-Reply Mtn Remand.wpd                                      7

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND
COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit  F  Page  7

applying the proper analysis, as set forth by the United States Supreme Court not once, but three times over 60 years ago,[5] DaimlerChrysler incorrectly claims that all military bases are federal enclaves. (Notice of Removal, pp. 2-3; Response to Motion to Remand, p. 6.)

Defendant compounds its legal errors in citing *United States v. Dotson*[6] to support its assertion that the Ninth Circuit has held Fort Lewis is a federal enclave. (Response to Motion to Remand, p. 5.) The defendant in *Dotson* was arrested for driving his moped under the influence of alcohol while on the Fort Lewis Military Reservation. He was convicted under provisions of the Assimilative Crimes Act (18 U.S.C. §3). The entire issue in that case was whether the moped was a "vehicle" under Washington State law. There was no discussion or analysis of whether the base was a "federal enclave" for civil jurisdictional purposes of 28 U.S.C. § 1331. The court made one passing statement that the purpose of the Assimilative Crimes Act was to conform local *criminal* law to federal enclaves. *Dotson, supra,* at p. 883. That hardly qualifies as an analysis of whether the base is a federal enclave for purposes of federal jurisdiction in *civil* cases, and in this case in particular.

None of the other cases Defendant cites applies the test for federal enclave jurisdiction in the civil context. Moreover, only one of these cases is a U.S. Supreme Court case, and that case, like *Dotson*, addressed issues relating to *criminal* jurisdiction and the Assimilative Crimes Act.[7] Consequently, the cases are either irrelevant to the issues here or are lower court cases that cannot be applied incongruently with the U.S. Supreme Court cases setting forth the test for federal enclave jurisdiction in a civil context. These cases hold that a parcel is a federal enclave if the state in which it is located ceded jurisdiction over the facility, and the United States

---

[5] *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937).

[6] *United States v. Dotson*, 34 F.3d 882 (9th Cir. 1994).

[7] *Lewis v. United States*, 523 U.S. 155 (1998).

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit ___F___ Page ___8___

accepted that cession of jurisdiction.[8] Defendant has not even alleged, much less proven, these factors exist here.  Whether the three military bases at issue here meet the requirements for a federal enclave is a factual question that involves an inquiry into when the federal government purchased the land on which the bases sit and when the Plaintiff's injuries occurred in order to determine if the bases were federal enclaves *at the time of the alleged injuries*.  Defendant has not provided any evidence that the bases here were federal enclaves.

Defendant also incorrectly attempts to shift the burden to Plaintiff, claiming that Plaintiff failed to prove that all military bases are not federal enclaves. (Response, p. 6.) This statement is absurd on many levels.  First, Plaintiff could not prove such a proposition because, as noted above, the Supreme Court has never held that all military bases are federal enclaves. Second, all military bases are not at issue here; there are only three.  Third, Defendant's proposition would require Plaintiff to prove a negative.  Fourth, and dispositively, the removing defendant, not the plaintiff, has the burden of establishing the existence of federal court jurisdiction. *United Computer Systems v. AT & T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

Because DaimlerChrysler failed to prove that the sites identified by Plaintiff were, in fact, federal enclaves at the time of Plaintiff's injuries, federal court jurisdiction does not exist. Therefore, this court is without subject matter jurisdiction, and the case must be remanded to the state court from which it was removed.

**IV.**

**CONCLUSION**

The removal of this action was improper because it was untimely and failed to demonstrate that federal enclave jurisdiction is proper.  Remand to the Oregon State court is required.

---

[8]   *Collins v. Yosemite Park & Curry Co.*, 304 U.S. 518, 527-28, 58 S.Ct. 1009, 1013-14 (1938); *James v. Dravo Contracting Co.*, 302 U.S. 134, 147-48, 58 S.Ct. 208, 215 (1937); and *Silas Mason Co. v. Tax Commission of Washington*, 302 U.S. 186, 207, 58 S.Ct. 233, 243-44 (1937).



J:\oregon\103631\Pld\USDC-Reply Mtn Remand.wpd                9
PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT, AND FOR PAYMENT OF FEES AND
COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit __F__ Page __9__

DATED this 12 day of July, 2005.

BRAYTON ❖ PURCELL, LLP

By
Elaine Brown
OSB No. 93036
(503) 295-4931
Attorneys for Plaintiff

PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
REMAND CASE TO MULTNOMAH COUNTY CIRCUIT COURT AND FOR PAYMENT OF FEES AND
COSTS; REQUEST FOR ORAL ARGUMENT; No. CV05-0706 HU

Exhibit F Page 10

1

## CERTIFICATE OF SERVICE
(WOOD)

2

3       I hereby certify that I served a true copy of the foregoing **Plaintiff's Reply Memorandum in Support of Motion to Remand Case to Multnomah County Circuit Court and for Payment of Fees and Costs,** upon:

4

| | |
|---|---|
| 5 STEVEN V. RIZZO<br>Steven V. Rizzo, P.C.<br>6 Lincoln Place, Suite 350<br>1620 SW Taylor Street<br>7 Portland, OR 97205<br>**Attorneys for Allis-Chalmers Corporation**<br>8 **Product Liability Trust** | CRAIG NICHOLS<br>Nichols & Associates<br>4614 SW Kelly Avenue, Suite 200<br>Portland, OR 97239<br>**Attorneys for Gilbert Tilbury Company LLC**<br>**(Chuck Colvin Auto Center and Colvin Auto**<br>**Group dba Colvin Ford)** |
| 9 ANNALIE M. FADDIS<br>Abbott & Prange, P.C.<br>10 111 SW Fifth Avenue, Suite 2650<br>Portland, OR 97204<br>11 **Attorneys for Burns International Services**<br>**Corp.** | JAMES H. GIDLEY<br>Perkins Coie LLP<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128<br>**Attorneys for Honeywell International, Inc.** |
| 12 JOSHUA P. STUMP<br>13 Schwabe Williamson & Wyatt, P.C.<br>1211 SW Fifth Avenue, Suites 1600-1900<br>14 Portland, OR 97204<br>**Attorneys for DaimlerChrysler Corporation** | BRUCE C. HAMLIN<br>STEPHEN P. McCARTHY<br>Lane Powell Spears Lubersky<br>601 SW Second Avenue, Suite 2100<br>Portland, OR 97204-3158<br>**Attorneys for International Truck and Engine**<br>**Corp. and Tenneco Automotive Operating**<br>**Company, Inc.** |
| 15 MARK J. FUCILE<br>16 Stoel Rives LLP<br>Standard Insurance Center<br>17 900 SW Fifth Avenue, Suite 2600<br>Portland, OR 97204-1268 | Uniroyal Holdings Inc.<br>70 Great Hill Road<br>Naugatuck, CT 06770<br>**Agent for Service for Uniroyal Holdings, Inc.** |
| 18 **Attorneys for Ford Motor Company and**<br>**Gilbert Tilbury Company LLC (Chuck Colvin**<br>19 **Auto Center and Colvin Auto Group dba**<br>**Colvin Ford)** | NANCY HUDGINS<br>Law Offices of Nancy Hudgins<br>1388 Sutter Street, Suite 505<br>San Francisco, CA 94109 |
| 20 WILLIAM M. TOMLINSON<br>21 Lindsay, Hart, Neil & Weigler, LLP<br>1300 SW Fifth Avenue, Suite 3400<br>22 Portland, OR 97201-5696<br>**Attorneys for Garlock Sealing Technologies,**<br>23 **LLC** | **Attorneys for Uniroyal Holdings, Inc.** |

24   ///

25   ///

26   ///

Page 1 - CERTIFICATE OF SERVICE
J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR   97205
Tel: (503) 295-4931; Fax: (503) 241-2573

Exhibit ___F___ Page __11__

1    by sending via facsimile and by U.S. Mail in Portland, Oregon on July 12, 2005.

2                                     BRAYTON ❖ PURCELL, LLP

3

4                                     Abigail V.E. Adams, Legal Secretary

5    Revised: 6/6/05

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 2 - CERTIFICATE OF SERVICE
      J:\oregon\103631\Service\Cert.wpd

Exhibit  F  Page  12