

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 11 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 875

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)*

*William D. Hammons v. AMEC Construction Management, Inc., et al.*, M.D. Louisiana, C.A. No. 3:04-855
*Leroy Jackson v. John Crane-Houdaille, Inc., et al.*, D. Maryland, C.A. No. 1:05-649
*Sinforosa Apodaca, et al. v. Zia Co., et al.*, D. New Mexico, C.A. No. 6:05-182
*James Bernhardt, et al. v. General Electric Co.*, S.D. New York, C.A. No. 1:04-10103
*Charles Simikian v. Pneumo Abex, LLC, et al.*, W.D. Pennsylvania, C.A. No. 2:05-229
*Kathy D. Sartalamacchia, et al. v. Alcoa, Inc.*, W.D. Texas, C.A. No. 6:05-90

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### *TRANSFER ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Middle District of Louisiana action, one District of Maryland action, one District of New Mexico action, one Southern District of New York action, one Western District of Pennsylvania action, and one Western District of Texas action. Movants ask the Panel to vacate its orders conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel concludes that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In that decision, the Panel held that distinctions based on such matters

---

[*] Judge Motz took no part in the disposition of this matter. Also, Judge Keenan took no part in the disposition of this matter with respect to the District of New Mexico action and the Western District of Pennsylvania action.

PLEADING NO. 4598

**OFFICIAL FILE COPY** IMAGED AUG 1 1 2005 ✓

as the pendency of motions or other matters before the transferor court,[1] the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under Judge Weiner's stewardship, as of August 1, 2005, i) over 74,100 actions have been closed in the transferee district, and ii) over 1,200 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we observe that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

---

[1] Some plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of potentially dispositive motions for dismissal or for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We observe that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.