JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**MDL·875**

AUG 16 2005

FILED
CLERK'S OFFICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN REGARDING: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | **CIVIL ACTION NO. MDL 875** |



| | | |
|---|---|---|
| **FELIX T. RAMIREZ, ISIDRO DELGADO, CHARLES R. ROANE, LOUIS R. SUAREZ, STERLING A. BROOKS, BILL G. TAYLOR, JOHN SMILEY and BURNETT L. BELL** | § § § § § § | **FELA** **CIVIL ACTION NO.** **G-98-630** |
| **VS.** | § § | |
| **UNION PACIFIC RAILROAD COMPANY** | § § | |

ORAL ARGUMENT REQUESTED

## DEFENDANT'S MOTION TO VACATE CONDITIONAL REMAND

Comes now Defendant, UNION PACIFIC RAILROAD COMPANY, and files its Motion

to Vacate Conditional Remand, and would show that this case is not ready or suitable for remand

until parties exchange discovery and engage in consolidated proceedings' pre-trial motion practice.

I.

1.  Plaintiff Burnett Bell's son Jerome Bell, through a power of attorney, pursued suit against

Union Pacific Railroad Company alleging injury to Burnett Bell due to asbestos exposure.

2.  The parties deeply dispute the disease process(es) involved in Plaintiff's claim.

1

**OFFICIAL FILE COPY**

IMAGED AUG 2 2 2005

3.  The parties, subject to the MDL FELA rules imposing a moratorium on discovery, have not exchanged discovery further than disclosures. Discovery, including that regarding plaintiff's experts not previously named in their disclosures, is warranted to prepare this case for remand and trial.

4.  The parties have focused their efforts on settlement in the MDL and have not engaged in pre-trial motion practice, including, but not limited to, expert challenges of the experts in the disclosures or ones discovered later. As these experts, and challenges to them, are common to the FELA asbestos cases, they are appropriate for consolidated pre-trial proceedings in the MDL.

5.  This case is not ready for remand until the parties exchange discovery and engage in expert challenges and other pre-trial motions appropriate for consolidated pre-trial action.

WHEREFORE, Premises considered, Defendant Union Pacific prays the Court vacate the Conditional Remand, authorize the parties to engage in limited discovery of expert issues and for any further relief to which Defendant may be justly entitled

Respectfully submitted,

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**

By: _____
ROGER H. NEBEL
State Bar No. 90001973
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile: (713) 621-6746

**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

2

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 16 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL DOCKET NO. 875**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN REGARDING: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)** | **CIVIL ACTION NO.** <br> **MDL 875** |

| | | |
|---|---|---|
| **FELIX T. RAMIREZ, ISIDRO** | § | **FELA** |
| **DELGADO, CHARLES R. ROANE,** | § | |
| **LOUIS R. SUAREZ, STERLING A.** | § | **CIVIL ACTION NO.** |
| **BROOKS, BILL G. TAYLOR, JOHN** | § | |
| **SMILEY and BURNETT L. BELL** | § | **G-98-630** |
| | § | |
| **VS.** | § | |
| | § | |
| **UNION PACIFIC RAILROAD** | § | |
| **COMPANY** | § | |

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S BRIEF IN SUPPORT OF**
**ITS MOTION TO VACATE CONDITIONAL REMAND**

Comes now Defendant, UNION PACIFIC RAILROAD COMPANY, and files its Brief in

support of its Motion to Vacate Conditional Remand, and would show that this case is not ready or

suitable for remand.

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 AUG 15   A 11: 34

RECEIVED
CLERK'S OFFICE

1

I.

1.    Plaintiff Burnett Bell's son Jerome Bell, through a power of attorney, filed suit against Union Pacific Railroad Company claiming asbestos-related injuries on behalf of his father, primarily from exposure to asbestos-containing brake shoes during his railroad employment.

2.    Plaintiff produced Dr. Arthur Frank's expert report diagnosing Burnett Bell with "pleural asbestosis" with parenchymal abnormalities that Dr. Frank categorized as 0/1.  Dr. Frank reported that Mr. Bell was unable to perform his pulmonary function tests due to incapacity from other impairments.[1]  However, Plaintiff also produced Dr. Alvin Schonfeld's plaintiff's expert report showing that plaintiff had no parenchymal abnormalities consistent with pneumoconiosis; it only finds some pleural abnormalities.[2]

3.    Plaintiff subsequently produced a more recent CT scan and PFT report from a Dr. Chandrashekar at Memorial Hospital Southeast, which prior to that had not previously been designated or disclosed.[3]  The parties dispute the relevance of the CT scan, which cannot be read for an ILO rating and is equivocal in its findings, and a PFT from a plaintiff who had previously been found unable to perform one and whose attorneys conceded this on the record in a deposition.[4]

4.    Finally, plaintiffs have produced a report from October 2004 of yet another previously undisclosed expert, pulmonologist Louis Hamer, who is the first plaintiff's expert to

---

[1] See Dr. Franks's September 8, 1998 report, attached as Exhibit "A" and incorporated by reference.

[2] See Dr. Schonfeld's report dated May 21, 1998, attached as Exhibit "B" and incorporated by reference.

[3] Letter from Plaintiff's Counsel dated September 23, 2002, attached as Exhibit "C" and incorporated by reference.

[4] *Id.*; *see also* Deposition of Plaintiff Burnett Bell, attached as exhibit "D" and incorporated by reference.

2

definitively opine that Burnett Bell indeed has asbestosis.[5]  However, it's not clear whether Dr. Hamer was provided with the earliest b-reading from plaintiff's expert showing no parenchymal changes.

5.    Jerome Bell has also claimed, with expert evidentiary support, that asbestos exposure is responsible for all of Burnett Bell's numerous health problems.[6]

6.    Due to the moratorium on discovery that precludes depositions besides that of plaintiff,[7] Defense counsel has repeatedly suggested plaintiff's counsel speak with Dr. Frank and Dr. Schonfeld to clear up the issue of their actual diagnoses.[8]

7.    Plaintiff's counsel has instead insisted on court supervised settlement conferences during which the parties attempted to agree on the issues in the case and its value.  During the course of the settlement conferences, Plaintiff's counsel has made settlement demands of variously $1.3 million, $1 million, $2 million, and, currently $300,000.[9]

## II.

8.    It is appropriate at this juncture for the parties to proceed with discovery.  This discovery should be narrowly tailored to identify all experts and evidence supporting their claims to allow the parties to take expert depositions.

---

[5]See Dr. Hamer's's report dated October 26, 2004, attached as Exhibit "E" and incorporated by reference.

[6]See correspondence December 5, 2003, attached as Exhibit "F" and incorporated by reference

[7]Civil Action No. M MDL 875, In Re: Asbestos Products Liability Litigation (NO. VI), Pretrial Order No. 5, Section III A, Filed Dec 20, 1991 and incorporated by reference.

[8]See, e.g., letter to Plaintiff's counsel dated January 2, 2004, attached as Exhibit "G" and incorporated by reference.

[9]Correspondence dated September 23, 2002, attached as Exhibit "C;" correspondence dated November 7, 2002, attached as Exhibit "H;" correspondence dated December 5, 2003, attached as Exhibit "F;" correspondence April 23, 2004, attached as Exhibit "I," all incorporated by reference.

3

9.  These discovery exchanges and depositions will allow the parties to engage in expert challenges to narrow the issues of actual disease classification and causation that they have not been able to agree on in conferences just between counsel.

10. These expert challenges are appropriate for the consolidated pre-trial proceedings because these issues repeatedly arise in FELA asbestos cases and the Court is already well aware the experts, their findings and more basically, of the nature of pneumoconiosis and pleural changes, elements of their causation, signs and symptoms attributable to those diagnoses and literature regarding the same.

III.

11. This case is demonstrably not suitable for remand.  The parties are not in agreement on basic issues such as plaintiff's diagnosis, the method in which it may be determined or the appropriate diagnostic means and reports by which to do so.  Only the experts can clarify these issues at this point.

12. Plaintiff Burnett Bell, now approaching 90 years of age, has numerous medical problems affecting his capacity, but this results from well documented medical problems from strokes, diabetes and cardiac disease.  He has had these problems before the suit and the record is devoid of any evidence that the incapacity is related to asbestos or the findings in Plaintiff's expert reports.  Mr. Bell's interests have been and continue to be represented by his son, Jerome Bell.

13. The Plaintiff has alternatively lowered and raised his demand, ranging into multi-million dollar territory, possibly due to the lack of agreement on Plaintiff's diagnosis and the lack of motions to exclude extraneous theories of causation.  The demands are almost certain to

4

swing back into multi-million dollar demands if the case is remanded without expert

discovery and challenges.

WHEREFORE, Premises considered, Defendant Union Pacific prays the Court vacate the

Conditional Remand, authorize the parties to engage in limited discovery of expert issues and for

any further relief to which Defendant may be justly entitled.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 6 2005

Respectfully submitted,

FILED
CLERK'S OFFICE

**FORMAN PERRY WATKINS
KRUTZ & TARDY LLP**

By: _____

ROGER H. NEBEL
State Bar No. 90001973
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746

**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

## PROOF OF SERVICE/CERTIFICATE OF SERVICE

I hereby certify that on the _14th_ day of August, 2005, a true and correct copy of
Defendant Union Pacific Railroad Company's Brief in Support of its Motion to Vacate Conditional
Remand was served upon plaintiff's counsel of record simultaneously with filing this document:

Aphonsus Ezeoke, Attorney for Plaintiff Burnett Bell
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036

I also hereby certify that on the _14th_ day of August, 2005, a true and correct copy of
Defendant Union Pacific Railroad Company's Brief in Support of its Motion to Vacate Conditional
Remand was filed with each district court that will be affected by the motion pursuant to Section
1407 and MDL Rule 5.2(b), as well as on the other persons on the attached Panel Service List.

_____
Roger H. Nebel

RECEIVED
CLERK'S OFFICE

AUG 15  A 11: 34
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

## COUNSEL LIST

COUNSEL FOR PLAINTIFF BURNETT BELL
Aphonsus Ezeoke
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036
Phone: (713) 952-5291
Facsimile: (713) 952-5294


COUNSEL FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY
ROGER H. NEBEL
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 1 6 2005

FILED
CLERK'S OFFICE

<u>SCHEDULE</u>

A.    FELIX T. RAMIREZ, ISIDRO DELGADO, CHARLES R. ROANE, LOUIS R. SUAREZ, STERLING A. BROOKS, BILL G. TAYLOR, JOHN SMILEY and BURNETT L. BELL VS. UNION PACIFIC RAILROAD COMPANY

B.    IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA IN REGARDING: ASBESTOS PRODUCTS LIABILITY CIVIL ACTION NO. LITIGATION (NO. VI) MDL 875, transferred from THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION

C.    Hon. Charles Weiner, Presiding Judge of the United States District Court for the Eastern District of Pennsylvania, transferred from Hon. Samuel Kent, Presiding Judge of the United States District Court for the Southern District of Texas, Galveston Division

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AUG 16 2005
MDL DOCKET NO. 875

FILED
CLERK'S OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN REGARDING: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |
|---|---|

| | | |
|---|---|---|
| FELIX T. RAMIREZ, ISIDRO DELGADO, CHARLES R. ROANE, LOUIS R. SUAREZ, STERLING A. BROOKS, BILL G. TAYLOR, JOHN SMILEY and BURNETT L. BELL | § § § § § | FELA |
| | § | CIVIL ACTION NO. |
| VS. | § | G-98-630 |
| | § § | |
| UNION PACIFIC RAILROAD COMPANY | § § | |

## ORDER ON DEFENDANT'S MOTION TO VACATE CONDITIONAL REMAND

The Court having considered Union Pacific Railroad Company's Motion to Vacate Conditional Remand, is of the opinion that the Objection to Conditional Remand should be granted. It is hereby

ORDERED that the Conditional Remand is vacated. It is further

ORDERED that the parties shall submit an agreed order outlining each side's deadlines to exchange discovery regarding experts, produce reports, tender experts for deposition and file motions challenging the other side's experts's opinions.

SIGNED this the _____ day of _____, 2005.

_____
PRESIDING JUDGE

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 AUG 19 A 10: 17

RECEIVED
CLERK'S OFFICE



THE UNIVERSITY OF TEXAS

# HEALTH CENTER

AT TYLER

Department of Medical Education

September 8, 1998

Mr. John Roven, Esq.
John Roven & Associates
9575 Katy Freeway, Suite 400
Houston, TX 77024

Re: Burnett L. Bell

Dear Mr. Roven:

It was my pleasure to see Mr. Burnett L. Bell at your request.  I had previously examined an x-ray of his dated May 14, 1998 which had shown bilateral changes including a blunted right costophrenic angle, pleural thickening on the left, and a small degree of irregular opacities at both bases graded as 0/1.

On August 24, 1998 I saw Mr. Bell found to be 81-year old black gentleman who was accompanied by his son.  Mr. Bell had suffered from strokes over the past years, and was assisted with his recollection of medical activities by his son.  Of note, Mr. Bell's mother had worked in the Southern Pacific rail yards in question and had undoubtedly been exposed to materials, such as her son was to be later in his career.

Among the medical problems suffered by Mr. Bell is a long-standing problem with his right leg from an old rivet burn, diabetes of long-standing, a history of a broken right arm, a history of a back injured from lifting, gallbladder surgery, and a series of several strokes beginning some ten or fifteen years ago which has left him partially paralyzed on the right side and requiring the use of a wheelchair.

He finished his schooling in the ninth grade and after working at a pipe storage and delivery area, where his father had been working, he started work with the Southern Pacific Railroad in April 1941.  He retired from that position in the early 1970's.  Mr. Bell began as a laborer with a widespread exposures throughout the years.  He then became a helper in the car department moving on to the level of mechanic.  The activities with which he was engaged included riveting, burning and welding, putting on wheels and couplings, replacing brake shoes, and he worked in the area of the roundhouse.  He reported taking off and replacing brake shoes.  Up until the 1960's he had not used any type of respiratory protection.

P.O. Box 2003 • Highway 271 at Highway 155  Tyler, Texas 75710-2003 • 903/877-7250  Email:afrank@u
Equal Opportunity/Affirmative Action Institution

**EXHIBIT**

A

Re: Burnett L. Bell
Page Two

His history also revealed that he had pneumonia twice as a child, and had no history of chest trauma.  He had never smoked.  He reports some shortness of breath with minimal exercise, such as attempting to walk one-half block which he has been trying to do as a part of rehabilitation efforts.  He regularly produces while phlegm.

In my examination of Mr. Bell, I found that he had rales present in the left base which did not clear with coughing or other respiratory maneuvers.  There was some difficulty in doing his pulmonary function tests which he did sitting, and he was noted by the technician to somewhat under perform.  I would thus not rely heavily on the findings of this pulmonary function which shows some diminution in his pulmonary function.

Based upon my review of his workplace exposure and the findings on x-ray, it is my opinion, held with a reasonable degree of medical certainty, that Mr. Bell has asbestosis.  It is my belief that he has pleural asbestosis, and that this is a permanent condition.  He will be at risk for other asbestos-related disease.

Should you have any questions about this report please feel free to contact me.  I trust that you will forward to Mr. Bell my findings in his case.  Thank you for the opportunity of examining this pleasant gentleman.

Sincerely yours,

Arthur L. Frank

Arthur L. Frank, MD, PhD
Professor of Occupational and Environmental Medicine
Topperman Professor of Medical Education

Spirotech S600 Version 4J.9                    08-24-1998

RESPIRATORY CONSULTANTS OF HOUSTON
Pulmonary Function Laboratory

Name: BELL, BURNETT                                    ID: 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
Date of Birth: 10-20-1916   Height: 69.5 ins  Weight: 235 lbs  Sex: M   Race: B
Technician: CAK                                   Doctor: DELCLOS/FRANK

| PARAMETER | PREDICTED | PRE | %PRE | POST | %POST | %DIFF |
|-----------|-----------|-----|------|------|-------|-------|
| SPIROMETRY: | | 08/24/98 09:37 | | | | |
| Temperature: | | 23.5 C | | | | |
| FVC (l) | 3.15 | 2.17 | 69% | -- | -- | -- |
| FEV1 (l) | 2.43 | 1.75 | 72% | -- | -- | -- |
| FEV3 (l) | 2.86 | 1.99 | 70% | -- | -- | -- |
| PEFR (l/s) | 6.60 | 3.76 | 57% | -- | -- | -- |
| FEF 25-75% (1/s) | 2.35 | 1.89 | 80% | -- | -- | -- |
| FEF 25% (1/s) | 6.02 | 3.00 | 50% | -- | -- | -- |
| FEF 50% (1/s) | 3.03 | 2.22 | 73% | -- | -- | -- |
| FEF 75% (1/s) | 0.96 | 0.92 | 96% | -- | -- | -- |
| FEV1/FVC | 0.78 | 0.81 | 103% | -- | -- | -- |
| VC (l) | -- | -- | -- | -- | -- | -- |
| T (s) | -- | 6.27 | -- | -- | -- | -- |
| V (l/s) | 90.60 | -- | -- | -- | -- | -- |

TECHNICIAN CRITIQUE: *Sitting*
Were 3 acceptable curves obtained?          _____YES   ✓ NO
If NO (check one) -- _____ No vol. plateau   ✓ Not a smooth curve
FVC Reproducibility criteria met?          ✓ YES   _____NO
FEV1 Reproducibility criteria met?          _____YES   _____NO
Patient effort.        _____Maximal  _____Questionable  ✓ Submaximal
Patient cooperation.   ✓ Good       _____Questionable   _____Poor
Additional comments: *Patient unable to perform test properly - Minimizing Values*
*Suspenders removed for test. - CAK*



P.O. BOX 2200
EDWARDS, CO 81632-2200

BURNETT LEON BELL

**WORKER'S Social Security Number**

| | | | | | | |

**TYPE OF READING**

| A | X | F |

**FACILITY IDENTIFICATION**

| | | | |

---

**1A. DATE OF X-RAY**

| MONTH | DAY | YEAR |
| 05 | 04 | 89 |

**1B. FILM QUALITY**   If Not Grade 1, Give Reason

| 1 | X | 3 | 4 |

Scapula

**1C. IS FILM COMPLETELY NEGATIVE?**

YES ☐  Proceed to Section 5   NO ☒  Proceed to Section 2

---

**2A. ANY PARENCHYMAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☐  COMPLETE 2B and 2C   NO ☒  PROCEED TO SECTION 3

**2B. SMALL OPACITIES**

a. SHAPE/SIZE

| PRIMARY | | SECONDARY | |
| p | s | p | s |
| q | t | q | t |
| r | u | r | u |

b. ZONES

| | |
| | |
| | |

R  L

c. PROFUSION

| 0/- | 0/0 | 0/1 |
| 1/0 | 1/1 | 1/2 |
| 2/1 | 2/2 | 2/3 |
| 3/2 | 3/3 | 3/+ |

**2C. LARGE OPACITIES**

SIZE | 0 | A | B | C |

PROCEED TO SECTION 3

---

**3A. ANY PLEURAL ABNORMALITIES CONSISTENT WITH PNEUMOCONIOSIS?**

YES ☒  COMPLETE 3B, 3C and 3D   NO ☐  PROCEED TO SECTION 4

**3B. PLEURAL THICKENING**

a. DIAPHRAGM (plaque)

SITE | X | R | L |

b. COSTOPHRENIC ANGLE

SITE | 0 | R | X |

**3C. PLEURAL THICKENING ... Chest Wall**

a. CIRCUMSCRIBED (plaque)

SITE | X | R |     | X | L |

IN PROFILE

| i. WIDTH | 0 | A | B | C |   | 0 | A | B | C |
| ii. EXTENT | 0 | 1 | 2 | 3 |   | 0 | 1 | 2 | 3 |

FACE ON

| iii. EXTENT | 0 | 1 | 2 | 3 |   | 0 | 1 | 2 | 3 |

b. DIFFUSE

SITE | 0 | X |     | 0 | X |

IN PROFILE

| i. WIDTH | 0 | X | B | C |   | 0 | A | B | C |
| ii. EXTENT | 0 | 1 | X | 3 |   | 0 | 1 | X | 3 |

FACE ON

| iii. EXTENT | X | 1 | 2 | 3 |   | 0 | X | 2 | 3 |

**3D. PLEURAL CALCIFICATION**

SITE | X | R | EXTENT

| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 2 |

SITE | X | L | EXTENT

| a. DIAPHRAGM | 0 | 1 | 2 | 3 |
| b. WALL | 0 | 1 | 2 | 3 |
| c. OTHER SITES | 0 | 1 | 2 | 3 |

PROCEED TO SECTION 4

---

**4A. ANY OTHER ABNORMALITIES?**

YES ☐  COMPLETE 4B and 4C   NO ☒  PROCEED TO SECTION 5

**4B. OTHER SYMBOLS (OBLIGATORY)**

| 0 | ax | bu | ca | cn | co | cp | cv | di | ef | em | es | fr | hi | ho | id | ih | kl | od | px | rp | tb |

Report items which may be of present clinical significance in this section.

(SPECIFY ad.)   | OD |

Date Personal Physician notified?

| MONTH | DAY | YR |

**4C. OTHER COMMENTS**

_____

_____

_____

SHOULD WORKER SEE PERSONAL PHYSICIAN BECAUSE OF COMMENTS IN SECTION 4C?   YES | no |   PROCEED TO SECTION 5

---

**5. FILM READER'S INITIALS**

| A | J | S |

PHYSICIAN'S SOCIAL SECURITY NUMBER

| 2 | 7 | 4 | 4 | 4 | 5 | 5 | 2 | 5 |

NAME (LAST—FIRST—MIDDLE)

DATE OF READING

| MONTH | DAY | YR |
| 05 | 24 | 89 |

EXHIBIT

B

# EZEOKE & EZEOKE ⚖ LAW FIRM

*Attorneys & Counselors at Law*
*7100 Regency Square, Suite 224,  Houston, Texas 77036*
TEL: (713) 952-5291          E-mail: attorneyezeoke@aol.com          FAX: (713) 952-5294

Roger Nebel
Attorney at Law
3040 Post Oak Blvd, Suite 900,
Houston, Texas 77056

**REC'D OCT - 3 2002**

September 23, 2002

**Re:**   *Burnett L. Bell v. Union Pacific Railroad*; Civil Action No. G-98-630 In the United States District Court for the Southern District of Texas, Galveston Division; Civil Action No. MDL 875; *Asbestos Products Liability Litigation (No. VI)* In the United States District Court for the Eastern District of Pennsylvania.

Dear Mr. Nebel:

Pursuant to Pre-Trial Order No. 5, issued by Judge Charles Weiner, MDL 875, I am providing you with a formal settlement demand in the above-referenced case.

As you know, all MDL Disclosures, including medical documentation, diagnostic records and x-rays were provided on July 23, 2000. In the event that you believe that the disclosure was incomplete or if you require additional information before providing us with a response to this demand, please outline your concerns in writing , within 30 days as required by FELA Pre-Trial procedure (Pre-Trial Order No. 5)

As you know, this is a claim for asbestosis in an eighty-six (86) year old individual with unequivocal asbestos exposure at the Union Pacific Railroad, while working as a mechanic, Welder,

Demand Letter
Burnett Bell v. Union Pacific Railroad

1

**EXHIBIT**

tabbies

_C_

and General Laborer, between April 1941 and July 1975. Deposition testimony reveals no exposure to asbestos outside of the railroad industry.

The most recent Pulmonary Function Tests on Mr. Burnett L Bell show diffused pulmonary emphysema with areas of pleural/parenchymal scarring and fibrosis confined mainly to the lung bases and lung periphery, attributable to the asbestos exposure (Medicals enclosed). There are no other significant medical findings of pre-existing illnesses, or other diseases. Our client has no smoking or drinking history according to the deposition testimony.

We have authority to provide you with a settlement demand in the amount of one million, three hundred thousand dollars ($1,300,000.00). Pursuant to MDL procedures, please respond within 30 days in order to avoid a court-mandated settlement conference in Philadelphia. Mr. Bell is in the last phases of his life and does not have that much time to live, so please treat this demand as urgent to avoid a settlement conference.

Enclose also find the settlement offers/agreement, and verdicts for cases such as Mr. Bell's.

I look forward to hearing from you in due course.

Sincerely,

Alphonsus O. Ezeoke
Attorney for Burnett L. Bell

Enclosure:/

Demand Letter
Burnett Bell v. Union Pacific Railroad

2

12/26/2001  09:30    281-929-6469          MHSE CARDIOLOGY                    PAGE  04

# Memorial Hermann South East
11800 Astoria Blvd.
Houston, Tx 77089
281/929-6247

| Name: | BELL, BURNETT L | ID: | 33562862 | BSA: | 2.26 | Date: | 12/13/01 |
|-------|----------------|-----|----------|------|------|-------|----------|
| Doctor: | Krishna Chandrasekhar | Height: | 71.0 in | Age: | 85 | Room: | OP |
| Tech: | BOBBIE, C.PFT, SCOTT | Weight: | 235.0 lbs | Sex: | Male | Race: | Caucasian |

Medication: None

Diagnosis: Asbestosis
SHORTNESS OF BREATH/DYSPNEA

Dyspnea: After any exertion

Cough: Non-productive    Wheeze: Rare

Yrs Quit: 0    Pk Yrs: 0    Pks/Day: 0    Yrs Smk: 0    Tbco Prod:

Post-Test Comments:
PATIENT'S EFFORTS, AND UNDERSTANDING WAS GOOD. HE BECAME TRIED AND SHORT OF BREATH ON POST TESTING.

| | PRE-BRONCH | | | POST-BRONCH | | |
|---|---|---|---|---|---|---|
| | Actual | Pred. | %Pred. | Actual | %Pred | %Chng |
| **SPIROMETRY** | | | | | | |
| FVC (L) | 1.99 | 3.91 | 51 | 1.97 | 50 | -1 |
| FEV1 (L) | 1.59 | 3.00 | 53 | 1.50 | 50 | -5 |
| FEV1/FVC (%) | 80 | 77 | | 76 | | -4 |
| FEF 25% (L/sec) | 3.51 | 7.25 | 48 | 2.19 | 30 | -38 |
| FEF 50% (L/sec) | 1.89 | 3.93 | 48 | 1.84 | 47 | -2 |
| FEF 75% (L/sec) | 0.68 | 0.95 | 71 | 0.34 | 36 | -49 |
| FEF 25-75% (L/sec) | 1.54 | 2.84 | 54 | 1.29 | 45 | -16 |
| FEF Max (L/sec) | 3.51 | 7.80 | 45 | 2.49 | 32 | -29 |
| FIVC (L) | 1.80 | | | 1.62 | | -10 |
| FIF 50% (L/sec) | 1.51 | 4.07 | 37 | 1.42 | 35 | -6 |
| FIF Max (L/sec) | 1.72 | | | 1.50 | | -13 |
| MVV (L/min) | 48 | 112 | 43 | 33 | 30 | -31 |
| **LUNG VOLUMES** | | | | | | |
| SVC (L) | 1.98 | 4.46 | 44 | 1.96 | 44 | -1 |
| IC (L) | 1.41 | 3.29 | 43 | 1.51 | 46 | 7 |
| ERV (L) | 0.57 | 1.17 | 49 | 0.45 | 39 | -21 |
| TGV (L) | 2.57 | 3.99 | 64 | | | |
| RV (Pleth) (L) | 2.00 | 2.81 | 71 | | | |
| TLC (Pleth) (L) | 3.97 | 7.28 | 55 | | | |
| RV/TLC (Pleth) (%) | 50 | 40 | | | | |
| **DIFFUSION** | | | | | | |
| DLCOunc (ml/min/mmHg) | 9.61 | 33.68 | 29 | | | |
| DLCOcor (ml/min/mmHg) | 10.24 | 33.68 | 30 | | | |
| DL/VA (ml/min/mmHg/L) | 3.26 | 4.63 | 70 | | | |
| VA (L) | 3.14 | 7.28 | 43 | | | |
| **BLOOD GASES** | | | | | | |
| Inspired O2 (%) | 21.00 | | | | | |
| pH () | 7.39 | | | | | |
| PaCO2 (mmHg) | 42.2 | | | | | |
| PaO2 (mmHg) | 93.4 | 72.5 | 129 | | | |
| SaO2 Calc (%) | 97.0 | | | | | |
| Base Excess () | 0.5 | | | | | |
| HCO3 (mEq/L) | 25.5 | | | | | |

## Memorial Hermann  South East
11800 Astoria Blvd.
Houston, Tx  77089
281/929-6247

| Name: | BELL, BURNETT L | ID: | 33562862 | BSA: | 2.26 | Date: | 12/13/01 |
|-------|-----------------|-----|----------|------|------|-------|----------|
| Doctor: | Krishna Chandrasekhar | Height: | 71.0 in | Age: | 85 | Room: | OP |
| Tech: | BOBBIE, C.PFT. SCOTT | Weight: ~~235.0 lbs~~ *197-0lbs* | | Sex: | Male | Race: | Caucasian |

Although the FEV1 and FEF25-75% are reduced, the FEV1/FVC ratio is increased.
The expiratory time was less than six seconds, which may underestimate the
degree of obstruction. The MVV is reduced. The lung volumes are reduced.
Following administration of bronchodilators, there is no significant
response. The reduced diffusing capacity indicates a severe loss of
functional alveolar capillary surface.

Conclusions: The reduced lung volumes, increased FEV1/FVC ratio and diffusion
defect suggest an interstitial process such as fibrosis or interstitial
inflammation. moderately severe airway obstruction is present. A clinical trial
of bronchodilators may be beneficial in view of the airway obstruction. In view
of the severity of the diffusion defect, studies with exercise would be helpful
to evaluate the presence of hypoxemia.

Pulmonary Function Diagnosis:
Moderately ~~severe Obstructive Airways Disease~~
Severe Restriction -~~Interstitial~~  *Moderately  Scare*
Severe Diffusion Defect

This preliminary report should not be used clinically unless reviewed and
signed by a physician.

_____   M.D.
DR.K.CHANDRASEKHAR

12/20/2001   05:50   281-525-6465   MHSE CARDIOLOGY                    PAGE   03

## Memorial Hermann  South East

11800 Astoria Blvd.
Houston, Tx  77089
281/929-6247

| Name: | BELL, BURNETT L | ID: | 33562862 | BSA: | 2.26 | Date: | 12/13/01 |
|-------|----------------|-----|----------|------|------|-------|----------|
| Doctor: | Krishna Chandrasekhar | Height: | 71.0 in | Age: | 85 | Room: | OP |
| Tech: | BOBBIE, C.PFT. SCOTT | Weight: | 235.0 lbs | Sex: | Male | Race: | Caucasian |

|  | PRE-BRONCH | | | | POST-BRONCH | | |
|--|------------|------|-------|--|-------------|------|-------|
|  | **Actual** | **Pred.** | **%Pred.** | | **Actual** | **%Pred** | **%Chng** |
| Hgb  (gm/dL) | 12.9 | | | | | | |

### Memorial Hermann  South East
11800 Astoria Blvd.
Houston, Tx  77089
281/929-6247

| Name: | BELL, BURNETT L | ID: | 33562862 | BSA: | 2.26 | Date: | 12/13/01 |
|---|---|---|---|---|---|---|---|
| Doctor: | Krishna Chandrasekhar | Height: | 71.0 in | Age: | 85 | Room: | OP |
| Tech: | BOBBIE, C.PFT. SCOTT | Weight: | 235.0 lbs | Sex: | Male | Race: | Caucasian |



**DOCTOR COPY**

Name:  **BELL, BURNETT L**

MED REC #: (0001)0000-50260884                    ORD PHYS: CHANDRASEKHAR,  KRISHNA

---

**IMAGING SERVICES**

---

**CT CHEST HIGH RESOLU W/CON**  Accession:   01-347-2423      12/13/01  1039
                                              Test Completed:    12/13/01  1040

**REPORT:**
DATE/TIME OF DICTATION:  12/13/01 1730

CT CHEST HIGH RESOLUTION  12/13/01

HISTORY: Asbestosis

TECHNIQUE AND FINDINGS: Multiple contiguous  7.5 mm transaxial CT images were
obtained through the thorax after IV contrast administration.Additionally,
contiguous high resolution 1.3 mm transaxial images were obtained through the
lung at 10 mm intervals. No prior similar examinations are available for
comparison.

The lungs are diffusely hyperinflated with areas of pleural/parenchymal
scarring and fibrosis more confined to the lung bases and the periphery of the
lungs. A tiny indeterminate nodule measuring approximately 2 mm in diameter
seen in the left upper lobe laterally on image 13. Another tiny 3 mm in
diameter left lower lobe nodule is seen on image #23. Tiny punctate nodule is
seen in the right lung base laterally image #23. The heart size is normal. The
thoracic aortic caliber and appearance are normal. No definite enlarged hilar
or mediastinal lymph nodes are present. A tiny subcentimeter anterior
mediastinal lymph node is present on image #12. No  evidence of calcified
pleural plaques is present.

Limited axial images  obtained through the abdomen demonstrate a small
approximately 10 mm in diameter low attenuation lesion within the hepatic dome
on image #30 and 31. Multiple low attenuation lesions are seen within both
kidneys. The largest  is seen in the left superior renal pole measuring
approximately 2.5 cm in diameter and demonstrates fluid attenuation. Two other
similar  appearing lesions are seen in the right superior renal pole measuring
approximately 1.7 and 1.3 cm in diameter respectively. The larger lesion does
not definitely demonstrate fluid attenuation while the smaller lesion does.
Another small approximately 1.5 cm in diameter low attenuation lesion with
fluid density is seen in the left mid renal pole. Another 4 mm in diameter low
attenuation lesion is seen in the left mid renal pole is difficult to  further
characterize. The visualized portions of the remaining upper abdominal organs
are normal.

Diffuse osteoporosis and thoracic spondylosis are present.

**BELL, BURNETT L**
(0001)0000-50260884 : PT: C    LOC:RADC
10/20/1916    85 YRS . MALE
ADM PHYS: CHANDRASEKHAR,  KRISHNA
ACCT# 000033562862

**DOCTOR COPY**

Name:  **BELL, BURNETT L**

MED REC #: (0001)0000-50260884                    ORD PHYS: CHANDRASEKHAR, KRISHNA

---

### IMAGING SERVICES

---

**CT CHEST HIGH RESOLU W/CON**  Accession:  01-347-2423     12/13/01  1039
Test Completed:   12/13/01  1040

**IMPRESSION:**

1. Diffuse pulmonary emphysema with areas of pleural/parenchymal scarring and fibrosis confined mainly to the lung bases and lung periphery.

2. Scattered tiny indeterminate nodules in both lungs are difficult to further  characterize.

3. Probable bilateral renal simple cysts, some of which do not demonstrate definite CT characteristics of simple cysts. Further evaluation may be obtained with an ultrasound examination.

4. Probable hepatic dome cyst may be further evaluated with an ultrasound with evaluation of the renal lesions.


   Timothy J. Painter, M.D.
   (electronic signature)
   13DEC2001

   DXF  13DEC2001


**BELL, BURNETT L**
(0001)0000-50260884    PT: C   LOC:RADC
10/20/1916    85 YRS   MALE
ADM PHYS: CHANDRASEKHAR, KRISHNA
ACCT# 000033562862

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN  DISTRICT OF TEXAS
GALVESTON DIVISION

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS                     CIVIL ACTION
    LIABILITY LITIGATION (NO. VI)            NO.  MDL 875
· · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
FELIX T. RAMIREZ, ISIDRO DELGADO,  :
CHARLES R. ROANE, LOUIS R. SUAREZ, :
STERLING A. BROOKS, BILL G. TAYLOR,:
JOHN SMILEY and BURNETT L. BELL,   :
                                   :
                Plaintiffs,        :
                                   :
VS.                                :
                                   :   CIVIL ACTION
                                   :   NO. G-98-630
UNION PACIFIC RAILROAD COMPANY,    :
a corporation individually and     :
as successor-in-interest to        :
the Southern Pacific               :
Transportation Company,            :
                Defendant.         :
· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

ORAL DEPOSITION OF
BURNETT L. BELL
NOVEMBER 18, 1999

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

# ORIGINAL

## *Mary Dopico Reporting Services*

*Reporting Since 1973*
*Certified Shorthand Reporters   *   Certified Real-time Reporters*
*3801 Kirby Drive, Suite 246*
*Houston, Texas  77098*

**Office**
713-520-0084
713-521-1118 Fax

e-mail mdopico@sprynet.com

*Residence*
*281-859-4338*
*Fax 281-859-5263*

*Preserving  Yesterday  and  Today  for  Tomorrow*



EXHIBIT

D

1    Q.    Okay.  Do you remember seeing Dr. Arthur          15:43

2  Frank?                                                    15:43

3    A.    Yes, I think I --                                 15:43

4    Q.    He's the doctor you saw because of this           15:44

5  lawsuit?  Do you remember that?                           15:44

6    A.    (Shakes head negatively.)                         15:44

7    Q.    He's --  He probably made you do a test           15:44

8  where you had to blow into a tube.                        15:44

9    A.    Oh, yes.  I had --                                15:44

10    Q.    Okay.  Do you remember that?                      15:44

11    A.    Yes.                                              15:44

12    Q.    Did he tell you whether you had anything          15:44

13  wrong with you that you remember?                         15:44

14    A.    He told me I had --  Yeah, he told me that         15:44

15  I had a problem there.                                    15:44

16    Q.    He told you that you had a problem with            15:44

17  what?  Asbestos?                                          15:44

18    A.    No.  That I couldn't blow in that tube,           15:44

19  that --                                                  15:44

20    Q.    Okay.  He said you didn't do well on             15:44

21  that -- on that breathing test.                          15:44

22    A.    Right.                                            15:44

23    Q.    Did he tell you anything about whether that       15:44

24  was related to asbestos?                                 15:44

25    A.    No.  They didn't tell you --  Nobody tells        15:44

1    you nothing at the railroad.                    15:44

2        Q.   No.   I'm talking about Dr. Frank.   He's --   15:45

3    He's your --                                   15:45

4        A.   No.   He didn't tell me nothing about   15:45

5    asbestos.                                       15:45

6        Q.   Okay.   You saw him about a year and a half   15:45

7    ago.   Is that --  Do you remember that?        15:45

8        A.   Yes.                                   15:45

9             MR. WELLS:   Patrick, if you --  On his   15:45

10   pulmonary function test results, the technician made   15:45

11   a note that he wasn't able to do the test.      15:45

12             MR. DROUILHET:   I see it.            15:45

13             MR. WELLS:   It's probably obvious    15:45

14   because of his stroke that he wasn't able to give the   15:45

15   effort to give the test.                        15:45

16             MR. DROUILHET:   Okay.                15:45

17       Q.   (BY MR. DROUILHET)   Did you tell Dr. Levis   15:45

18   about your visit with Dr. Frank?                15:45

19       A.   No.   I don't think so.                15:45

20       Q.   Okay.   Do you know right now whether you   15:45

21   have any physical problems that you think are related   15:46

22   to asbestos?                                    15:46

23       A.   Well, I can't --  I'm --  I can't walk very   15:46

24   far.                                            15:46

25       Q.   Okay.                                  15:46

## *Louis Hamer, M.D.*
### *Board Certified Pulmonary & Critical Care Medicine*
#### *Tel: (713) 944-3500*

## <u>CONSULTATION</u>

**PATIENT NAME:**    Bell, Burnett L.
**DATE OF CONSULTATION:** 10/26/04
**REFERRING PHYSICIAN:**

### REASON FOR THE CONSULTATION
Chronic dyspnea and difficulty breathing.

### HISTORY OF PRESENT ILLNESS

The patient is an 88-year-old man. He came to my office complaining of chronic dyspnea. He can walk a small distance without a wheelchair, but quickly becomes short of breath. He also notes some coughing. He denies any phlegm production. He does not complain of chest pain. He denies any fever.

In 1998, Dr. Frank from the University of Texas Health Center at Tyler evaluated Mr. Burnett L. Bell for pulmonary disease. He diagnosed asbestos-related lung disease based on the abnormal x-ray findings and the long history of asbestos exposure.

Since being evaluated by Dr. Frank, Mr. Bell transferred his care to Dr. Chandreskan in Pasadena, Texas. Dr. Chandreskan ordered a CAT scan of the chest. The CAT scan of the chest revealed pleural scarring consistent with prior asbestos exposure. The CAT scan also showed scarring and fibrosis at the lung bases and periphery. These findings were consistent with asbestos-related lung disease. Dr. Chandreskan also ordered a pulmonary function test, which showed severe restrictive lung disease and a decreased diffusion capacity; there was no response to bronchodilators.

The patient currently takes bronchodilators through a nebulizer with very little relief. He is not using any other inhaled medicines or oxygen at this time.

### PAST MEDICAL HISTORY

1. History of asbestos-related lung disease as noted above. The patient denies any other prior lung disease. He did not have a prior diagnosis of chronic bronchitis, emphysema, or pulmonary emboli. He also denies any history of tuberculosis or pertussis.
2. The initial evaluation by Dr. Frank mentions two pneumonias as a child. The patient and his son, however, claim that this is an inaccurate entry into the medical record. He apparently never had any pneumonia as a child.
3. History of two prior cerebrovascular accidents.
4. History of high cholesterol.
5. History of hypertension.
6. History of an enlarged heart. The patient never suffered a known heart attack.

**4004 Woodlawn Ave.**
**Pasadena, TX 77054**

EXHIBIT

*E*

**Burnett L. Bell**
Page 2 of 3

## SOCIAL HISTORY

The patient worked as a mechanic on the Railroad for 47 years.  During this time, he worked with brake shoes on a daily basis.  He also recalls riveting hot rails.  He remembers being burned once while riveting.

The patient was born in Louisiana, but moved to Houston in his early childhood.  He has spent his entire life in the Houston area.  He never smoked.  He also never drank, as a result of adverse conditioning as a child.  He remembers being a small child and finding some gin in a cooler.  He thought it was ice water and inadvertently took a drink.  After this negative experience, alcohol always disgusted him.

## FAMILY HISTORY
Family history is not contributory.

## REVIEW OF SYSTEMS
The patient does become confused at times.  He has difficulty remembering dates. For example, he claims his friend Mr. Brooks died two to three weeks ago when in fact he died several years ago.  He also has difficulty hearing and comprehending speech.  His walking is also limited secondary to difficulty breathing.  The patient denies any chest pain.  He is not having vomiting, diarrhea, abdominal pain, or leg swelling.

## PHYSICAL EXAMINATION
VITAL SIGNS:  The blood pressure is 90/50 and pulses 80.  The respiratory rate is 18 and the O2 saturation is 96% on room air.
HEENT:  Examination shows no facial swelling or erythema. The nasal mucosa is normal.
LYMPHATIC:  Examination shows no submandibular, cervical, or supraclavicular adenopathy.
NECK:  Examination of the neck does show some scarring on the right side of the neck.
HEART:  Examination reveals a regular rate and rhythm with a normal S1 and S2.  There is a faint systolic murmur.
LUNGS:  Auscultation of the lungs decreased breath sounds at the bases.  There is no wheezing audible.
ABDOMEN:  Examination of the abdomen shows no tenderness.  There is no hepatosplenomegaly.  There are normal bowel sounds.
EXTREMITIES:  Examination of the extremities shows no leg edema or calf tenderness.
NEUROLOGICAL:  Examination shows the patient to be confused at times.  He does stand independently.  His gait is very slow.  His steps are very small and he seems apprehensive while walking.  He has movement of all four extremities.  His grip is strong bilaterally.

## RADIOGRAPHIC DATA
I personally reviewed a CT scan from 2001.  There was fibrosis and interstitial changes at the bases consistent with pulmonary fibrosis. Some scarring of the pleura was also present, and, there may be some central bronchiectasis.

## PULMONARY FUNCTION TESTING
A pulmonary function test done in 2001 at Herman Memorial South East shows severe restrictive lung disease along with a decreased diffusion capacity.  There is no significant response to bronchodilators.

**Burnett L. Bell**
Page 3 of 3

## IMPRESSION

Asbestosis:  The patient's history and radiographic findings are classic for asbestosis.  The patient worked on a daily basis around asbestos as a mechanic for the railroad.  This places him at a very high risk for asbestos-related lung disease.  The pleural scarring on the chest CT and the fibrosis at the lung bases further support the diagnosis of asbestosis, as does the restrictive pattern on pulmonary function testing.

## PLAN

1. The patient will begin Spiriva once daily through an inhaler.  He will try the samples first to see if the medication helps.  If he does not benefit from the Spiriva, he will not purchase additional medication.
2. The patient will continue to use his nebulizer on an as needed basis.
3. I will obtain an overnight pulse oximetry.  Patients with lung disease often desaturate at night and nocturnal oxygen can help prevent secondary pulmonary hypertension.
4. We will consider repeating the CT scan at the next visit to look for any progression of the disease.

**Louis Hamer, M.D.**
LH/SAG

### Jerome C. Bell   For Burnett L. Bell

2515 8 th Street ~ P O Box 823 ~ Galena Park, Texas   77547 ~ Harris County
Fax ( 713 ) 674-4985 * 51 ~ Home Phone 713-674-4985

December 05, 2003

Judge Charles R. Weiner
United States District Court
Eastern District Of Pennsylvania
United States Court House
601 Market Street
Philadelphia, PA  19106-1797

Re:     MDL # 875 / U. S. Dist. Court, Eastern Dist. OF Pennsylvania

Civil Action #  G - 98 - 630 / U. S. Dist. Court, Southern Dist. Of Texas
Galveston  Division

Dear Judge Weiner ,

In light of the upcoming mediation hearing to be held in Philadelphia, December 9th, 2003, I feel it necessary, in addition to the legal representation of my father in the person of the Law Firm of Ezeoke & Ezeoke, that our family's personal and individual wishes are presented to the court in written and documented form.

It has been a very frustrating experience to date regarding settlement negotiations of my father's case against Southern Pacific / Union Pacific Rail Road ( The Rail Road ).      Starting with the original council for my father in the name of John Roven And Associates.     This lawfirrm sued numerous companies that did business with the Rail Road with the promise that the largest settlement, in the neighborhood of a minimum of $100,000.00 could be expected against The Rail Road.     John Roven and Associates negotiated settlements with approximately six companies that did business with The Rail Road during my father's employment for a total settlement amount of approximately $5,000.00.      Based on anyones' knowledge of asbestosis cases you can see that my father was shortchanged and I do not intend for him to be shortchanged in these negotiations with Union Pacific Railroad.

When the settlement negotiations with The Rail Road finally began in earnest, John Roven insisted, after years of supposed settlement negotiations, that my father's case was only worth $5,000.00.     That is when I began my own investigations as to what my father's asbestos case was really worth based on his medical diagnosis.      I discovered that $5,000.00 was only a pittance amount compared to other similar asbestosis settlements and verdicts.     According to the " Texas Blue Sheet ", ie; a verdict and settlement information web site for Texas Lawyers sponsored by westlaw.com ,  verdicts and settlements for simply evidence of asbestos exposure traditionally returns a minimum of $ 500,000.00 in  verdicts and settlements.     My fathers' current asbestosis diagnosis is of the " Full Blown " variety, evidenced by his curent x-rays, medical diagnosis and the many other associated diseases he has developed because of the lack of oxygen  in his system due to the asbestosis in his lungs.      " Full Blown Asbestosis ", acording to the " Texas Blue Sheet " , shows a return of verdicts and setlements in the range of $ 500,000.00  to  $ 2.6 million.

After discovering this information I dismissed John Roven as my father's attorney in this case and retained the services of Mr. Alfonse Ezeoke of, Ezeoke & Ezeoke Lawfirm.     Mr. Ezeoke has attempted to negotiate a reasonable and fair settlement with Union Pacific representatives for over two ( 2 ) years with little to no real  or substantial movement.     This seemingly never-ending protracted process has prompted me to ask my attorney to ask for a jury trial for my father.



EXHIBIT

F

In light of the above stated  " Texas Blue Book "  findings, I am requesting that Mr. Ezeoke ask for $2,000,000.00 as a settlement amount for my father's asbestosis injuries, which is in line with legal precedents in this case.     I am also requesting that my father's attorney fees in this case be paid by the defendant.    I, and my father's lawyer Mr. Ezeoke hope to present documentation to support my father's case at the mediation hearing.

My father and his fathers' fathers have been loyal , hard working Americans for generations in this country.
It is my sincere wish that my father live long enough to see fair and just  financial compensation for this injurious injustice that has befallen him.     I hope that this justice will occur at the mediation hearing December 9th, 2003 in Philadelphia.     If not, Mr. Ezeoke has been instructed to present, without delay, my fathers' case before a judge and jury in order to obtain that justice for my father.

Sincerely,

Jerome C. Bell  { For } Burnett L. Bell

TITLE: BAILEY v. NORFOLK SOUTHERN RAILWAY CO.
DOCKET-NUMBER: 94-0345-C
COURT:
STATE: Travis County, Texas
DATE:
Incident:
Filing:
Trial: October, 2001
RANGE AMOUNT: $500,000 - $999,999
OUTCOME: Plaintiff Verdict
NON VERDICT AWARD: $
TOTAL VERDICT: $500,000
JUDGE REDUCED AWARD TO: $
VENUE CHANGE:
PRIMARY INJURY: Asbestosis
General: Employer Negligence
Specific: Railroad Worker
PLAINTIFF:
Sex: Male
Age: 20
Pain and Suffering: $500,000
Other: $
Total: $500,000Plaintiff: John Joseph Spillane, Dallas, TX
Scott Robert Frieling, Dallas, TX
Wesley K. Young, Dallas, TX
William Tommy Jacks, Austin, TX
Scott Robert Frieling, Dallas, TX
John Joseph Spillane, Dallas, TX
Defendant: Leo Del Figueroa, San Antonio, TX
James Lanier Walker, San Antonio, TX
JUDGE:

TEXT:
A 20-year-old steam engine mechanic suffered asbestosis after approximately 20 years exposure to asbestos fibers used on train locomotives at the defendant railroad company where he was employed. The plaintiff contended that he was employed to remove and recoat asbestos insulation onto the defendant's steam engines, that the defendant failed to provide safety respiration equipment to its employees and that it failed to remedy or warn its employees of the potential hazard of exposure to asbestos. The defendant denied liability and contended that the plaintiff developed lung scar tissue and not asbestosis and that it was unaware of the harmful nature of asbestos during the plaintiff's term or employment.
BAILEY v. NORFOLK SOUTHERN RAILWAY CO.
JVR No. 406905
END OF DOCUMENT

# FORMAN
# PERRY
# WATKINS
# KRUTZ &
# TARDY LLP

1717 St. James Place, Ste. 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile: (713) 621-6746

ATTORNEYS AT LAW

**ROGER H. NEBEL**
ATTORNEY

E-Mail: nebelrh@fpwk.com

January 2, 2004

**VIA FACSIMILE:** 713-952-5294
Aphonsus Ezeoke
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 224
Houston, Texas 77036

Re:    *Felix T. Ramirez, et al. v. Union Pacific Railroad Company*, Civil Action No. G-98-630 in the United
States District Court for the Southern District of Texas, Galveston Division

Dear Mr. Ezeoke:

This letter is to follow up on our attempts to meet on December 17th or talk on December 19th. Although we were not able to meet prior to your vacation, I am glad that you called and also wanted to discuss the case.

I spoke with the attorney who attended the settlement conference and reviewed your client's letter to the Court. As I expressed in our meeting prior to the settlement conference, I believe that the parties conflicting views of this matter results from a misapprehension of Mr. Burnett Bell's diagnosis and medical condition. Jerome Bell believes that his father Burnett has what he describes as "full blown" asbestosis. However, there is no support for this. You and I previously discussed the difference between pleural changes and parenchymal disease. Dr. Franks appears to have diagnosed Burnett Bell with "pleural asbestosis." As I said before, this is a disfavored term and means something different than actual asbestosis. Pleural changes affect the appearance of the exterior of the lungs and have no to minimal impact on lung function; they are distinct from asbestosis, a different process affecting a different part of the lung. Dr. Franks also found that Burnett Bell's pulmonary function tests results were not reliable and did not consider them in his diagnosis. Mr. Bell's former attorneys conceded his inability to perform the tests at his deposition.

Your client's position is that Dr. Franks downgraded the severity of Burnett Bell's condition in his report. To the contrary, Dr. Franks's report actually expands on Burnett Bell's original diagnosis. In his report, Dr. Franks reviewed Dr. Schonfeld's prior x-ray reading. It appears that Dr. Franks thought Dr. Shonfeld's b-reading showed parenchymal changes at a 0/1 profusion rating. However, Dr. Shonfeld's report finds no parenchymal changes at all, just pleural changes. While even a 0/1 rating does not diagnose asbestosis, it undercuts the assertion that Dr. Franks downplayed Mr. Bell's condition.

| | | |
|---|---|---|
| **Dallas** | **Jackson** | **New Orleans** |
| 2001 Bryan Street, Suite 1300 | 1200 One Jackson Place | 1515 Poydras Street, Suite 1420 |
| Dallas, Texas 75201-3008 | 188 East Capitol Street | New Orleans, Louisiana 70112 |
| Telephone: 214-905-2924 | Jackson, Mississippi 39201-2131 | Telephone: 50 |
| Facsimile: 214-905-3976 | Telephone: 601-960-8600 | Facsimile: 50 |
| | Main Facsimile: 601-960-8613 | |
| | Asbestos Facsimile: 601-960-3241 | |



EXHIBIT

tabbies

G

Mr. Bell obtained a second PFT and a CT scan several years after Dr. Franks examined him.   As we discussed in September, there are several problems with using CT scans to attempt to diagnose asbestosis, such as the lack of a uniform grading system.   For these reasons, they are usually not used for that purpose in medical or legal settings.   CT scans are excellent for diagnosing emphysema, which can mimic asbestosis on chest x-rays. Burnett Bell's CT scan report diagnoses emphysema but does not diagnose asbestosis.   The PFT results are equivalent to Dr. Frank's exam; however, there is no evidence that Mr. Bell's other conditions improved in the interval to support his ability to take the breathing test.

I think this is the crux of the differences between the parties from which other misunderstandings flow. Jerome Bell writes in his letter of "many other associated diseases that he [Burnett Bell] developed because of the lack of oxygen in his system due to the asbestosis in his lungs." I know of no medical evidence to support a conclusion that asbestosis could cause any of Burnett Bell's many other well-documented medical conditions, which in turn rests on the above assumption that Burnett Bell has asbestosis.   Likewise, while a million dollar demand (much less two million dollars) is stratospheric, it is even more incompatible with the pleural changes that plaintiff's experts have indicated.   The verdicts that plaintiff refers to in his letter do not contemplate plaintiff's experts' findings in this case.   While I do not agree that these verdicts are relevant to this case, the settlement values and verdicts for pleural changes are much lower than those he cites.

It's my hope that a full exploration of the above issues will help the parties resolve this case.   I think that Jerome Bell's involvement in this exploration is essential to focus on the issues actually in controversy, rather than on the things above or Jerome Bell's request that Union Pacific pay attorneys fees in addition to the settlement amount.   As I stated at our earlier meeting, Dr. Franks is in the best position to explain his report and I think it would be helpful to discuss it with him.   Please let me know your thoughts on this issue.

Sincerely,

Roger H. Nebel

RE'CD NOV 19 2002

# EZEOKE & EZEOKE LAW FIRM

Attorneys & Counselors at Law
7100 Regency Square, Suite 224,  Houston, Texas 77036

TEL: (713) 952-5291          E-mail: attorneyezeoke@aol.com          FAX: (713) 952-5294

**VIA FAX & US MAIL**

November 7, 2002

Roger Nebel
Forman, Perry Watkins Krutz & Tardy, PLLC
1717 St James Place, Suite 600
Houston, Texas 77056

RE:      **Burnett Bell v. Union Pacific Railroad**

Dear Mr. Nebel:

Enclosed please find the medical authorization for Mr. Bell.

I am in receipt of your letter dated October 24, 2002. Unfortunately, I have been in trial.

After careful review of your letter, my client would respectfully and regretfully decline your offer of settlement in the amount of $10,000.

Your offer seems to continue to disregard the most current and more extensive diagnosis done on my client. The result was mailed to you with the demand package. The initial diagnosis of Mr. Bell by Dr. Frank in 1998 was not thorough and was done to downgrade Mr. Bell's parenchymal asbestosis to the level that necessitated the low offer of settlement.

The medical records from Dr. Krishna Chandrasekhar that I provided to you came from Mr. Bell. Upon further inquiry, I discovered that the medical records were not in your possession, prompting me to produce it with the demand. If you are seeing this new medical records for the first time, it was not intentional or knowingly. The time lapse between the transition from attorney Roven and myself may have the genesis of the problem.

Nevertheless, you are currently in possession of the medical records, and those records must be acknowledged unless you are contesting the validity.

Burnett Bell v. Union Pacific Pacific Railroad
Response to counteroffer

1

EXHIBIT

_H_

In your letter, you referenced the deposition testimony of Mr. Bell stating that he worked with brake shoes. If you read the deposition closely, you will discover that Mr. Bell testified that he worked in different departments with the railroad and not just with brake shoes.

If you decide that independent medical examination of Mr. Bell is necessary at this juncture, Mr. Bell may not be in the best physical shape to go through a rigorous medical exam as his condition continues to deteriorate daily. If you must reexamine him, it can be arranged with his son Jerome Bell.

We can really fight on legal syntactic hopscotch, such as what FELA law states, and whether there is a court mandated settlement conference. I refuse to flex my intellectual muscles to try the case during settlement negotiations, until such a time that it becomes necessary. You have stated, and I agree, that this case needs to be settled out of court and in good faith.

If such be the case, there must be a concerted effort on the part of the railroad to make a fair and equitable offer of settlement that would make my client willing to acquiesce and accept.

On that note, my client has asked me to reduce his demand to one million dollars ($1,000,000).

Please review this demand with Union Pacific Railroad, and come back to us with an acceptance of our revised demand, or a new offer which would be closer to our demand than your last offer of $10,000, which has been rejected.

If you need more information, please do not hesitate to contact me at (713) 952-5291

Sincerely,

Alphonsus O. Ezeoke
Attorney at Law

Enclosure/

Burnett Bell v. Union Pacific Pacific Railroad
Response to counteroffer                                    2

# EZEOKE & EZEOKE, ⚖ P.C.

*Attorneys & Counselors at Law*
*7100 Regency Square, Suite 190, Houston, Texas 77036*
TEL: (713) 952-5291        E-mail: attorneyezeoke@aol.com        FAX: (713) 952-5294

**VIA FACSIMILE: 713-621-6746**

April 23, 2004

Roger Nebel
Foreman Perry et al
1717 St James Place, Suite 600
Houston, Texas 77056

**Re:**    *Burnett Bell v. Union Pacific Railroad Company;* Civil Action No. G-98-630; In the Untied
States District Court for the Southern District of Texas, Galveston Division.

Dear Mr. Nebel:

Pursuant to our conference call with Bruce Lassman, I have diligently tried to procure the updated
medical information on my client Mr. Burnett Bell, from Dr. Chandrasekhar.

Unfortunately, Dr. Chandrasekhar has been less than cooperative. He stands by his earlier diagnosis of
Mr. Bell which is that Mr. Bell has interstitial fibrosis that is obstructing his airway. Such are activities
attributed to asbestosis. He states that he would be present at trial upon proper subpoena served on
him; and that he would reiterate his findings to the jury at that time.

Based on the information currently in our possession, we would like to reaffirm our position: we stand
by the counteroffer presented to the Railroad at the Philadelphia settlement conference. That amount is
$300,000. If the Railroad chooses to ignore the likelihood that this case would proceed to trial, we
would then file a motion for remand with the District Court in Philadelphia.

I implore you one more time to convince your client, the Railroad, to reconsider its position and make
an offer of settlement in the proximity of $300,000.

It's your move!

I look forward to hearing from you soon. We wish to clear all hurdles and proceed to trial quickly.

Sincerely,

Alphonsus O. Ezeoke
Attorney at Law

1

**EXHIBIT**

*tabbies*

1

Respectfully submitted,

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 16 2005

FORMAN PERRY WATKINS
KRUTZ & TARDY LLP

FILED
CLERK'S OFFICE

By: _____

ROGER H. NEBEL
State Bar No. 90001973
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746

**ATTORNEYS FOR DEFENDANT
UNION PACIFIC RAILROAD COMPANY**

**PROOF OF SERVICE/CERTIFICATE OF SERVICE**

I hereby certify that on the ___14th___ day of August, 2005, a true and correct copy of Defendant Union Pacific Railroad Company's Motion to Vacate Conditional Remand was served upon plaintiff's counsel of record simultaneously with filing this document:

Aphonsus Ezeoke, Attorney for Plaintiff Burnett Bell
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036

I also hereby certify that on the __14th__ day of August, 2005, a true and correct copy of Defendant Union Pacific Railroad Company's Motion to Vacate Conditional Remand was filed with each district court that will be affected by the motion pursuant to Section 1407 and MDL Rule 5.2(b), as well as on the other persons on the attached Panel Service List.

_____

Roger H. Nebel

# PANEL SERVICE LIST
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Felix T. Ramirez, et al. v. Union Pacific Railroad Co.*, E.D. Pennsylvania, (S.D. Texas, C.A. No. 3:98-630)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David Lee Crawford
Phelps Dunbar, LLP
3040 Post Oak Boulevard
Suite 900
Houston, TX 77056-5705

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Roger Henry Nebel
Forman, Perry, Watkins, Krutz &
Tardy, LLP
1717 St. James Place
Suite 600
Houston, TX 77056

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Arthur Sadin
Sadin Law Firm, P.C.
1104 S. Friendship Drive
Suite A
Friendswood, TX 77546

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

## COUNSEL LIST

COUNSEL FOR PLAINTIFF BURNETT BELL
Aphonsus Ezeoke
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036
Phone: (713) 952-5291
Facsimile: (713) 952-5294

COUNSEL FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY
ROGER H. NEBEL
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746