

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 17 2005

FILED
CLERK'S OFFICE

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the following cases and CTO-249:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Mary E. Blackburn v. Northrop Grumman Newport News | C.A. No. 4:05-2895 |
| Albert W. Dail v. Northrop Grumman Newport News | C.A. No. 4:05-2896 |
| Frances C. Diggs v. Northrop Grumman Newport News | C.A. No. 4:05-2897 |
| Mildred S. Edwards v. Northrop Grumman Newport News | C.A. No. 4:05-2898 |
| Doris M. Harmon v. Northrop Grumman Newport News | C.A. No. 4:05-2899 |
| Burnell Landrum v. Northrop Grumman Newport News | C.A. No. 4:05-2900 |
| Sandra L. Russell v. Northrop Grumman Newport News | C.A. No. 4:05-2901 |
| Robert Schaffer, Jr. v. Northrop Grumman Newport News | C.A. No. 4:05-2902 |
| Gladys I. Spikes v. Northrop Grumman Newport News | C.A. No. 4:05-2903 |
| Peggy O. Sheets v. Northrop Grumman Newport News | C.A. No. 4:05-2904 |
| Nonie C. White v. Northrop Grumman Newport News | C.A. No. 4:05-2905 |
| Betty Jean Lancaster v. Northrop Grumman Newport News | C.A. No. 4:05-2906 |
| Betty J. Williams v. Northrop Grumman Newport News | C.A. No. 4:05-2907 |
| Crystal W. Moore v. Northrop Grumman Newport News | C.A. No. 4:05-2908 |
| James T. Turner v. Northrop Grumman Newport News | C.A. No. 4:05-2909 |



NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY'S
MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER

Newport News Shipbuilding and Dry Dock Company ("NNS"), by counsel, respectfully submits its memorandum in opposition to Plaintiffs' Motion to Vacate the Conditional Transfer Order No. 249, stating as follows:

I.    FACTUAL BACKGROUND

On July 15, 2004, Plaintiffs filed these 15 cases in the Circuit Court for the City of Hampton, Virginia. Plaintiffs allege "household exposure" to asbestos as the result of contact with family members who worked at NNS and allegedly brought asbestos home from work on

IMAGED AUG 1 8 2005

**OFFICIAL FILE COPY**

their clothes and body. NNS removed the cases to Federal court based on the Federal Officer Removal Statute, 28 U.S.C. § 1442, and filed a Notice of Tag-Along Action with the Panel. The MDL Panel accepted conditional transfer of these cases in CTO-249.

Plaintiffs have filed remand motions in the United States District Court for the Eastern District of Virginia. NNS has opposed those motions in Virginia.[1] NNS now opposes Plaintiffs' Motion to Vacate CTO-249. On Plaintiffs' Motion to Vacate, the sole issue is whether Plaintiffs' claims are subject to the jurisdiction of MDL 875. For the reasons stated below, these asbestos-related claims clearly fall within the purview of MDL 875. Thus, Plaintiffs' motion must be denied.

## II.   LEGAL ARGUMENT

Except for the final paragraph of the argument section in their Motion to Vacate, Plaintiffs' entire brief repeats arguments made in their remand motions filed with the district court in Virginia. However, issues related to Plaintiffs' Motions to Remand have no relevance to Plaintiffs' Motion to Vacate the Conditional Transfer Order here. The Panel has before it only the issue of whether the cases were properly transferred to the MDL, not whether the case was properly removed to federal court. These cases are simply asbestos-related actions and their inclusion in MDL 875 would help conserve judicial resources dealing with issues that have previously been resolved by Judge Wiener. Consequently, NNS urges the Panel to deny Plaintiffs' motion to vacate CTO-249 and enter a final order transferring these personal injury asbestos actions to the Eastern District of Pennsylvania.

---

[1] NNS has asked the Virginia district court to stay its proceedings in these cases, thereby deferring to Judge Wiener on the remand issue. However, the district court in Virginia has not yet ruled on the stay request and, in any event, the remand issue would be decided by Judge Wiener, not the Panel.

The Judicial Panel on Multidistrict Litigation has centralized in a single district all pending federal personal injury and wrongful death asbestos actions for consolidated and coordinated pretrial proceedings. *In re Asbestos Products Liability Litig.*, 771 F. Supp. 415, 425 (J.P.M.D.L. 1991). In its opinion, the Panel expressed concern over the duplication of effort, economy, potential for inconsistent decisions and the inconsistent treatment of plaintiffs in and among the districts. *Id.* at 420-22. In response to this crisis, the Panel directed that all pending federal district court actions, including subsequently filed tag-along actions, be centralized in the Eastern District of Pennsylvania before Judge Charles R. Wiener. *Id.* at 422. In establishing the asbestos MDL docket, the Panel stated:

> the actions in this litigation involve common questions of fact relating to injuries or wrongful death caused by exposure to asbestos or asbestos containing products, and ... centralization under § 1407 in the Eastern District of Pennsylvania will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

*Id.* at 417.

There are three requirements for obtaining transfer under the MDL statute: (1) the presentation of one or more common questions of fact; (2) transfer must be for the convenience of parties and witnesses; and (3) transfer must promote the just and efficient conduct of such actions. 28 U.S.C. § 1407(a). These three requirements are to be balanced and are not entitled to equal weight. 17 MOORE'S FEDERAL PRACTICE, *Multidistrict Litigation* § 112.04[1][a] (3d ed. 2005). Against this backdrop, it is readily apparent that transfer is appropriate here.

The first requirement of commonality is satisfied. Plaintiffs' claims in these actions by their very nature share common questions of fact with the cases currently pending in MDL 875 -- personal injury or wrongful death claims involving asbestos exposure. There is no dispute that these claims are anything other than asbestos-related claims.

Similarly, the second requirement of convenience is satisfied. The Panel in assessing convenience does not look to the convenience of individual litigants in individual cases. Rather, the Panel looks to the interests of all of the MDL plaintiffs and defendants, and must consider multiple litigation as a whole and in light of the purposes of § 1407. *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L. 1968). When dealing with large multidistrict litigation from throughout the United States, "central depositories for documents and common depositions can save enormous amounts of time. Having the litigation consolidated in a centrally located, convenient forum … serves the convenience of all the parties involved." MOORE'S § 112.04[1][a]. Thus, transfer to the MDL docket is warranted here.

The third and most important requirement for transfer is the Panel's determination that consolidation and transfer will provide the just and efficient conduct of the litigation. The term "efficiency" in this context "usually refers to saving judicial resources." MOORE'S § 112.04[1][d]. Section 1407 was enacted "as a means of conserving judicial resources in situations where multiple cases involving common questions of fact were filed in different judicial districts." *In re Food Lion, Inc.*, 73 F.3d 528, 532 (4th Cir. 1996). Thus, efficient judicial administration of these 15 cases, along with all other asbestos cases in the MDL, will be achieved by conducting their pretrial proceedings in one forum in front of one judge to avoid repeated, or possibly conflicting, rulings. *See In re Air Crash Disaster Near Chicago*, 476 F. Supp. 445, 447 (J.P.M.L. 1979). Accordingly, transfer is warranted here.

### III.   CONCLUSION

For the foregoing reasons, NNS respectfully requests that the Panel deny Plaintiffs' Motion to Vacate CTO-249, and order the final transfer of the cases to MDL 875 for coordinated pretrial proceedings before Judge Wiener.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 17 2005

FILED
CLERK'S OFFICE

Respectfully submitted this 16th day of August, 2005.

**NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY**

By _____
Counsel

Joseph C. Kearfott (VSB #12639)
John D. Epps (VSB # 19594)
Brian J. Schneider (VSB # 45841)
**HUNTON & WILLIAMS LLP**
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219-4074
(804) 788-8200
(804) 788-8218 (facsimile)

*Counsel for Newport News Shipbuilding
and Dry Dock Company*

### CERTIFICATE OF SERVICE

I hereby certify that on August 16th, 2005, I caused to be sent by overnight delivery a true copy of the foregoing **NEWPORT NEWS SHIPBUILDING AND DRY DOCK COMPANY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO VACATE THE CONDITIONAL TRANSFER ORDER** to Jonathan A. Smith-George, Esq., Law Offices of Jonathan A. Smith-George, 10231 Warwick Boulevard, Newport News, Virginia 23601 and John E. Herrick, Esq., Motley Rice, LLC, P.O. Box 1792, Mt. Pleasant, South Carolina 29465, counsel for Plaintiffs, and by first class mail to all other counsel identified in the accompanying Panel Service List excerpted from CTO-249.

_____

21323.003001 RICHMOND 1485770v2

# SCHEDULE OF ACTIONS / PANEL SERVICE LIST (Excerpted from CTO-249)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### Eastern District of Virginia

*Mary E. Blackburn v. Northrup Grumman Newport News*, C.A. No. 4:05-2895 (Judge Jerome B. Friedman)
*Albert W. Dail, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2896 (Judge Jerome B. Friedman)
*Frances C. Diggs v. Northrup Grumman Newport News*, C.A. No. 4:05-2897 (Judge Jerome B. Friedman)
*Mildred S. Edwards v. Northrup Grumman Newport News*, C.A. No. 4:05-2898 (Judge Jerome B. Friedman)
*Doris M. Harmon, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2899 (Judge Jerome B. Friedman)
*Burnell Landrum v. Northrup Grumman Newport News*, C.A. No. 4:05-2900 (Judge Jerome B. Friedman)
*Sandra L. Russell, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2901 (Judge Jerome B. Friedman)
*Robert Schaffer, Jr., etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2902 (Judge Jerome B. Friedman)
*Gladys I. Spikes v. Northrup Grumman Newport News*, C.A. No. 4:05-2903 (Judge Jerome B. Friedman)
*Peggy O. Sheets v. Northrup Grumman Newport News*, C.A. No. 4:05-2904 (Judge Jerome B. Friedman)
*Nonie C. White v. Northrup Grumman Newport News*, C.A. No. 4:05-2905 (Judge Jerome B. Friedman)
*Betty Jean Lancaster v. Northrup Grumman Newport News*, C.A. No. 4:05-2906 (Judge Jerome B. Friedman)
*Betty J. Williams v. Northrup Grumman Newport News*, C.A. No. 4:05-2907 (Judge Jerome B. Friedman)
*Crystal W. Moore, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2908 (Judge Jerome B. Friedman)
*James T. Turner, etc. v. Northrup Grumman Newport News*, C.A. No. 4:05-2909 (Judge Jerome B. Friedman)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Brian James Schneider
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Jonathan A. Smith-George
Law Offices of Jonathan A.
Smith-George
10231 Warwick Blvd.
Newport News, VA 23601

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406