JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

AUG 18 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ASBESTOS PRODUCT LIABILITY LITIGATION (NO. VI) | § § § § § | MDL DOCKET NO. 875 |

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| LINDA VAUGHN as Personal Representative of the Estate of Thomas Ferguson,<br><br>Plaintiff,<br><br>vs.<br><br>BORG WARNER CORPORATION, et al.,<br><br>Defendants. | § § § § § § § § § § § § § § |  CASE NO.: 8:05-CV-978 |

### DEFENDANT DAIMLERCHRYSLER CORP.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION AND BRIEF TO VACATE THE CONDITIONAL TRANSFER ORDER (CTO-249)

Defendant, DaimlerChrylser Corporation, respectfully submits this Memorandum of Law in Opposition to Plaintiff's Motion and Brief to Vacate the Conditional Transfer Order ("Motion to Vacate") and states:

I.  **INTRODUCTION**

This action is an asbestos personal injury case and therefore falls within the category of cases that should be transferred to MDL No. 875. Plaintiff's Motion to Vacate is wholly without merit and contradicts well-settled Panel and federal case precedent. The Panel has rejected

OFFICIAL FILE COPY

IMAGED AUG 18 2005

Plaintiff's arguments against transfer over and over again and as recently as June 16, 2005, in a case involving these same Defendants and same attorneys. See, Ann Hauck v. Borg Warner Corp., et al., M.D. Florida, Case No.: 6:04-1835. Plaintiff's Motion to Vacate should be denied because: 1) the existence of a motion to remand in the transferor court does not affect a conditional transfer order; 2) plaintiff is not prejudiced by transfer of the case to MDL Docket 875; and 3) transfer of the case serves the goals of judicial economy and consistency. For these reasons, the Panel should deny Plaintiff's Motion to Vacate the Conditional Transfer Order.

## II.   FACTUAL BACKGROUND

After extensive discovery, this action was removed by Honeywell International, Inc. on February 7, 2005 to U.S. District Court, Middle District of Florida (the "Transferor Court") after it was determined that the lone non-diverse defendant, Freightliner of Tampa, LLC, was fraudulently joined. In nearly a year of litigation, Plaintiff had adduced no evidence that the decedent, Thomas Ferguson, had been exposed to any Freightliner products. On April 11, 2005, the U.S. District Court granted Plaintiff's Motion to Remand on the grounds that there was still a possibility Plaintiff could recover against Freightliner of Tampa, LLC because discovery was still open and Freightliner of Tampa, LLC had not submitted an affidavit demonstrating that there could be no possible liability against Freightliner of Tampa, LLC. Thereafter, Plaintiff failed to pursue any discovery as against Freightliner or any other party to attempt to make a case against Freightliner. Instead, Defendant DaimlerChrysler obtained from Freightliner of Tampa, LLC an affidavit conclusively establishing that there were no sales or distribution of Freightliner products to Mr. Ferguson or any of his employers or businesses. This affidavit of Freightliner has gone unrebutted. Further, Plaintiff noticed Freightliner of Tampa, LLC's Motion for Summary Judgment for hearing in State Court without seeking any discovery from Freightliner

of Tampa, LLC or producing any evidence which might possibly defeat Freightliner's Motion for Summary Judgment. Further, Plaintiff actively pursued a trial date representing to the State Court that the case was at issue and <u>ready for trial</u>. These actions further demonstrated that Plaintiff had not, and could not, make a case against Freightliner of Tampa, LLC and had no interest in doing so. It was evident that the sole purpose for Freightliner of Tampa, LLC being named in the case was to prevent diversity of jurisdiction.

Accordingly, on May 23, 2005, this case was removed again. Plaintiff filed a second Motion to Remand on June 22, 2005. DaimlerChrysler filed its Memorandum of Law In Opposition to the Second Motion to Remand on July 13, 2005. To date, the Transferor Court has not ruled on Plaintiff's Second Motion to Remand.

On July 7, 2005, this Panel issued a Conditional Transfer Order ("CTO-249"). See Exhibit "A". Plaintiff filed a Motion to Vacate the CTO and a supporting Brief on August 3, 2005. For all of the reasons set forth below, that Motion should be denied.

### III.   THE HAUCK REMOVAL AND TRANSFER TO THE MDL

A nearly identical situation to this case was recently decided in the case of <u>Ann Hauck v. Borg Warner Corp., et al.</u>, Middle District of Florida, Federal Case No. 6:04-CV-1835, MDL Docket No. 875, where the MDL Panel denied Plaintiff's Motion to Vacate the Conditional Transfer Order.

In <u>Hauck</u>, the Defendants removed the case from the State Court to the United States District Court for the Middle District of Florida on the basis of fraudulent joinder.[1] Plaintiff filed

---

[1]. No less than 15 cases filed by the Plaintiff's attorneys involved in this case have been removed on the basis of fraudulent joinder and transferred to the Eastern District of Pennsylvania in the last few months. Exhibit "B" to this Response is a Conditional Transfer Order ("CTO-247"), which has become a Transfer Order, of twelve (12) cases belonging to these same Plaintiff's attorneys. Two of the cases in CTO-249, Chelsey Adams and Debbie Rhodes, also involve these same Plaintiff's attorneys and have also become Transfer Orders.

a Motion for Remand and Defendants filed several oppositions. Oral argument was held before United States District Court Judge John Antoon, II.

Following argument, the MDL Panel entered its Conditional Transfer Order. Plaintiff filed a Motion to Vacate the Conditional Order, which the Defendants opposed. Plaintiff's Motion to Vacate the Conditional Transfer Order in this case is virtually identical to the Motion to Vacate filed in the Hauck case.

On June 16, 2005, this Court denied Plaintiff's Motion to Vacate the Conditional Transfer Order and entered a Transfer Order (a copy of which is attached hereto as Exhibit "C"). The Transfer Order provides in pertinent part:

> On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Transfer Order at p. 1.

In reaching its ruling, the Judicial Panel, through the Honorable Wm. Terrell Hodges, Chairman, rejected Plaintiff's argument that transfer should be denied in order to permit the resolution of Plaintiff's Motion to Remand. In reasoning that "[t]here is no need to delay transfer in order to accommodate such an interest", the Judicial Panel noted the significant lag time between identification of a case as a potential tag-along action and the Panel hearing session on a Motion to Vacate the Conditional Transfer Order. During this lag time, the transferor court has more than adequate time to rule on pending motions, if it elects to do so. Alternatively, the transferor court may conclude that the issues should be addressed by the transferee judge.

4

Thus, the import of the Hauck ruling is that the pendency of a Remand Motion should not affect transfer to the MDL.

IV.   **PLAINTIFF'S MOTION TO VACATE SHOULD BE DENIED BECAUSE THE EXISTENCE OF A MOTION TO REMAND DOES NOT AFFECT A CONDITIONAL TRANSFER ORDER.**

In its initial opinion creating MDL docket 875, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Oct. 11, 2002)(transfer order), at 2 (citing *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415 (J.P.M.L. 1991)). The Panel has repeatedly reaffirmed this position, and both the Panel and federal courts have explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. *See In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Oct. 11, 2002)(transfer order), at 2 n.1 ("Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of pending motions to remand the actions to state court. There is no need to delay transfer in order to accommodate such an interest."); *see also In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp.2d 1346, 1347 (J.P.M.L. 2001) ("there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending motion for remand"); *In re Ivy v. Diamond Shamrock Chems. Co.*, 901 F.2d 7, 9 (2d Cir. 1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F. Supp. 812, 813 (J.P.M.L. 1973).[2]

None of the cases cited by Plaintiff concern a motion to vacate a conditional transfer

---

[2] *See also In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Aug. 9, 2002)(transfer order), at 1-2; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 17, 2002)(transfer order), at 1-2; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Feb. 19, 2002)(transfer order), at 1.

order of an MDL panel. Rather, Plaintiff's cases concern the irrelevant issue of whether the district court/transferor can and/or should rule on a pending motion to remand after the MDL Panel issues a conditional transfer order. *See e.g. Shields v. Bridgestone/Firestone, Inc.*, 232 F. Supp.2d 715, 718 (E.D. Tex. 2002) ("In deciding whether to rule on the motion to remand, the court should consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court."); The same applies to the *Bancohio*, *Farkas* and *Faulk* cases cited by Plaintiff. Even if Plaintiff's cases were on-point – though they are not -- many district courts refused to follow the holdings in Plaintiff's cited cases. *See e.g., Bd. of Trustees of Teachers' Ret. Sys. Of State of Ill. v. Worldcom, Inc.*, 244 F. Supp.2d 900 (N.D. Ill. 2002); *Meyers v. Bayer AG*, 143 F. Supp.2d 1044 (E.D. Wis. 2001).

As shown above, a pending motion to remand in the transferor court does not prohibit transfer of the case. As such, Plaintiff's Motion to Vacate is without merit and should be denied and this case should be transferred to MDL No. 875.

V.   **PLAINTIFF'S MOTION TO VACATE SHOULD BE DENIED BECAUSE PLAINTIFF WILL NOT BE PREJUDICED BY THE TRANSFER OF THIS CASE.**

   A.   **Plaintiff Will Not Suffer Any Substantial Delay Or Undue Hardship By The Transfer Of This Case to MDL Docket No. 875.**

Plaintiff's argument that she will suffer undue delay if the case is transferred is unavailing, as is any argument of undue hardship. Since a transfer to MDL Docket No. 875 "is primarily for pretrial, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise. Furthermore, the judicious use of liaison counsel, lead counsel and steering committees will eliminate the need for most counsel ever to travel to the transferee district." *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415, 422 (J.P.M.L. 1991).

## B. Plaintiff's Jurisdictional Issues Will Be Resolved.

The transferor court may dispose of Plaintiff's Motion to Remand before this Panel rules on Plaintiff's Motion to Vacate in accordance with its retained authority to do so under MDL Rule 1.5. Additionally, the transferee court is fully capable of resolving any remaining unresolved challenges to federal jurisdiction or other pending motions at the time of transfer. *See e.g., In re Enron Corp. Sec., Derivative & "Erisa" Litig.*, 227 F. Supp.2d. 1389, 1390 (J.P.M.L. 2002) (" ... remand and other motions, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge"); *DeGeorge v. Am. Airlines Inc.*, No.02CIV4765(RWS),1448(RWS), 2002 WL 31356266 at *2 (S.D.N.Y. Oct. 17, 2002); *Medical Soc'y of The State of New York v. Conn. Gen. Corp.*, 187 F. Supp.2d 89, 91-92 (S.D.N.Y. 2001); *In re Ivy*, 901 F.2d at 9 (jurisdictional challenge should not interfere with otherwise unobjectionable transfer because "jurisdictional objections can be heard and resolved by a single [transferee] court and reviewed at the appellate level in due course. Consistency and economy is thus served."); *Farkas*, 113 F. Supp.2d at 1115 ("To be sure, the MDL Panel could resolve some common legal problems including those concerning jurisdiction ....").

## C. Transfer of Plaintiff's Case Will Serve The Public Policy Goals Of Judicial Economy And Consistency.

Allowing the transferee court to resolve jurisdictional challenges is preferable to having the transferor court do so because resolution by the transferee court is most likely to best serve the twin aims of judicial economy and consistency. *See Medical Soc'y*, 187 F. Supp.2d at 91-92; *In re Ivy*, 901 F.2d at 9; *Moore v. Wyeth-Ayerst Labs.*, 236 F. Supp.2d 509, 511-12 (D. Md. 2002). *Shields*, 232 F. Supp.2d at 718 ("Allowing the transferee court to rule on issues common

to multiple cases avoids the risk of inconsistent and conflicting rulings while conserving judicial resources by avoiding duplicative efforts."). The jurisdictional question raised here, namely fraudulent joinder, is raised in many removals of asbestos cases pending around the nation and against DaimlerChrysler and the other diverse defendants in this case. "[T]here are significant economies in having a single court decide a jurisdictional question which has arisen and presumably will continue to arise in cases around the nation." *Medical Soc'y*, 187 F. Supp.2d at 92.

Based on the foregoing, Plaintiff has not, and cannot demonstrate any prejudice that would result from a transfer of this case to MDL Docket No. 875.

## VI.   CONCLUSION

The Plaintiff's Motion to Remand does not furnish a basis to delay transfer of this action to MDL No. 875. Accordingly, Plaintiff's Motion to Vacate Conditional Transfer Order should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail this 17th day of August 2005 to all counsel as shown on the attached Service List.

Jeffrey M. Bell, Fla. Bar No.: 374539
BELL & MELAMED, LLC
Attorneys for DaimlerChrysler Corporation
Spectrum Building I
4901 N.W. 17th Way, Suite 302
Ft. Lauderdale, FL 33309
T: 954/489-2331; F: 954/489-2332
E-mail: jbell@bellmelamedlaw.com

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

AUG 18 2005

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

| | § | |
|---|---|---|
| IN RE: ASBESTOS PRODUCT<br>LIABILITY LITIGATION (NO. VI) | §<br>§<br>§<br>§<br>§ | MDL DOCKET NO. 875 |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | § | |
|---|---|---|
| LINDA VAUGHN as Personal<br>Representative of the Estate of<br>Thomas Ferguson, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| vs. | §<br>§ | CASE NO.: 8:05-CV-978 |
| BORG WARNER CORPORATION,<br>et al., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

### AMENDED CERTIFICATE OF SERVICE TO
### DEFENDANT DAIMLERCHRYSLER CORP.'S MEMORANDUM OF LAW IN
### OPPOSITION TO PLAINTIFF'S MOTION AND BRIEF TO VACATE
### THE CONDITIONAL TRANSFER ORDER (CTO-249)

I HEREBY CERTIFY that a true and copy of the foregoing has been served upon all



counsel via U.S. Mail on the attached service list this 18th day of August, 2005.

_____
Jeffrey M. Bell, Esq., Fla. Bar No.374539
Timothy J. Ferguson, Esq., Fla. Bar No. 166642
BELL & MELAMED, LLC
4901 N.W. 17th Way, Suite 302
Ft. Lauderdale, Florida 33309
T: 954/489-2331; F: 954/489-2332
Email: jbell@bellmelamedlaw.com
Email: tferguson@bellmelamedlaw.com
Counsel for Daimler Chrysler Corporation

**PANEL SERVICE LIST (Excerpted from CTO-249)**
Docket No. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
Linda Vaughn, etc. v. Borg-Warner Corp., et al., M.D., Florida, C.A. No. 8:05-978 (Judge Susan C. Bucklew)

Jeffrey M. Bell
Bell & Melamed, LLC
4901 N.W. 17th Way, Suite 302
Ft. Lauderdale, FL 33309

Francis Anania, Esq.
Anania, Bandklayder, et al.
Bank of America Tower, Suite 4300
100 S.E. 2nd Street
Miami, Florida 33131

Ellen B. Furman
Goldfein & Hosmer
1600 Market St.
33rd Floor
Philadelphia, PA 19103

Adam M. Chud
Shea & Gardner
1800 Massachusetts Ave., N.W.
Washington, DC 20036

Susan M. Hansen
Brownson & Ballou
4800 U. S. Bank Place
601 Second Avenue, South
Minneapolis, MN 55402

Richard Schuster
Vorys, Sater, Seymour, et al
52 East Gay Street
P. O. Box 1008
Columbus, OH 43216

Robert E. Swickle
Jaques Admiralty Law Firm
1570 Penobscot Building
Maritime Asbestosis Legal Clinic
Detroit, MI 48226

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P. O. Box 998
Cedar Rapids, IA 52406

David Lipman, Esq.
David M. Lipman, P.A.
5901 S.W. 74th Street, Suite 304
Miami, FL 33143

**Stuart L. Cohen, Esq.**
Rumberger Kirk & Caldwell
Brickell Bayview Centre
80 SW 8th Street, Ste. 3000
Miami, FL 33130-3047

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Hugh J. Turner, Jr.
Akerman, Senterfitt & Edison
Las Olas Centre, Suite 1600
350 E. Las Olas Blvd.
Ft. Lauderdale, FL 33301-0006

Gene Locks
Greitzer & Locks
1500 Walnut St.
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Susan J. COLE
Bice Cole Law Firm
2801 Ponce De Leon Boulevard
Suite 550
Coral Gables, FL 33134-6920

Chris N. Kolos
Holland & Knight, LLP
200 S. Orange Avenue
Suite 2600
Orlando, FL 32801

Rodd R. Buell, Esq.
11883 Maidstone Drive
Wellington, Florida 33414-7008

HENRY P. BELL, ESQUIRE
Salas, Ede, Peterson & Lage, LLC
6333 Sunset Drive
South Miami, Florida 33143

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 E. Byrd St.
Richmond, VA 2319

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Ave.
Cleveland, OH 44115

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Towere
707 Grant St.
Pittsburgh, PA 15219

David A Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

John D. Roven
Roven, Kaplan & Wells
2190 North Loop West
Suite 410
Houston, TX 77018

**PANEL SERVICE LIST (Excerpted from CTO-249)**
**Docket No. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**
Linda Vaughn, etc. v. Borg-Warner Corp., et al., M.D., Florida, C.A. No. 8:05-978 (Judge Susan C. Bucklew)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Riginald S. Kramer
Oldham & Dowling
195 South Main St., Suite 300
Akron, OH 44308-1314

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUL - 7 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 875

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-249)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 79,841 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

**EXHIBIT A**

# SCHEDULE CTO-249 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| **CALIFORNIA NORTHERN** | |
| CAN 3 05-1515 | Wanueta Vasko, et al. v. Todd Shipyards Corp., et al. |
| **FLORIDA MIDDLE** | |
| FLM 3 05-357 | Milton Holliday v. CSX Transportation |
| FLM 8 05-978 | Linda Vaughn, etc. v. Borg-Warner Corp., et al. |
| **FLORIDA SOUTHERN** | |
| FLS 0 05-60779 | Chelsey W. Adams, et al. v. Borg-Warner Corp., et al. |
| FLS 0 05-60810 | Debbie Rhodes, etc. v. Borg Warner Corp., et al. |
| **ILLINOIS SOUTHERN** | |
| ILS 3 05-128 | Richard Austin v. Cinergy Corp., et al. |
| **INDIANA NORTHERN** | |
| INN 2 05-218 | Erbby Talley v. A W Chesterton Co., et al. |
| **INDIANA SOUTHERN** | |
| INS 1 05-679 | Warren W. Carlson v. Norfolk Southern Railway Co. |
| **LOUISIANA EASTERN** | |
| LAE 2 05-2086 | Alvin Savoie v. Northrup Grumman Ship Systems, Inc., et al. |
| **MINNESOTA** | |
| MN 0 04-4248 | Orien Chester Olson v. Garlock Sealing Technologies, LLC, et al. |
| **MISSISSIPPI SOUTHERN** | |
| MSS 1 05-175 | Emma Herron, et al. v. 3M Co., et al. |
| MSS 1 05-187 | Gracie L. Anderson, et al. v. Rapid-American Corp., et al. |
| MSS 1 05-202 | Freddie Gaines, et al. v. GAF Corp., et al. |
| MSS 1 05-204 | Dwight Northrup, et al. v. Square D Co., et al. |
| MSS 1 05-213 | Annette Carter Pierce, et al. v. GAF Corp., et al. |
| MSS 1 05-214 | J.C. Jones, et al. v. GAF Corp., et al. |
| MSS 1 05-215 | Lloyd Leroy Cazier, et al. v. 3M Co., et al. |
| MSS 1 05-220 | Lee P. Abrams, et al. v. Zurn Industries, Inc. |
| MSS 1 05-223 | Dorothy Anderson, et al. v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-226 | Alphonse Sampson v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-227 | Larry White v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-228 | Inez Franklin v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-229 | Grover Buie v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-230 | Isaac Turner v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-231 | Percy Chambers v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-232 | Dellie Buie v. Minnesota Mining & Manufacturing Co., et al. |
| MSS 1 05-241 | Rose Demaio v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-242 | John Macurak v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-243 | Annette Huff v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-244 | Luvern Pugh v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-245 | Andrew Bacha v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-246 | Carole Budai, etc. v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-248 | Albert Palochko v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-249 | Joe Compton, et al. v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-250 | Angel Otero v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-251 | Larry Perkins v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-252 | Donald Mosley v. A.P Green Industries, Inc., et al. |
| MSS 1 05-253 | Charles Moncrief v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-254 | Thomas Moore v. A.P. Green Industries, Inc., et al. |
| MSS 1 05-271 | Horace Anderson, et al. v. Owens-Illinois, Inc. |

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| MSS 1 05-272 | Eddie J. Carthan, et al. v. Owens-Illinois, Inc. |
| MSS 1 05-273 | Ronald Abmeyer, et al. v. Owens-Illinois, Inc. |
| MSS 1 05-274 | Billy Burrell, et al. v. Owens-Illinois, Inc. |

NORTH CAROLINA EASTERN
NCE 4 04-95          Fred C. Thompson, et al. v. Anchor Packing Co., et al.

NORTH CAROLINA MIDDLE
NCM 1 05-403         Vera I. Ashburn v. Allis-Chalmers Corp., et al.
NCM 1 05-408         Daniel L. Christian, et al. v. Aqua-Chem, Inc., et al.

NORTH CAROLINA WESTERN
NCW 1 05-201         Larry A. Whittington, etc. v. Aqua-Chem, Inc., et al.

NEW MEXICO
NM 1 05-27           Harriet I. Ruiz, etc. v. The Zia Co., et al.

NEW YORK EASTERN
NYE 1 04-5498        Dominick Panzera v. A.W. Chesterton Co., et al.
NYE 1 04-5658        Carol M. Follet, etc. v. A.W. Chesterton Co., et al.
NYE 1 05-157         Maria Mancini, et al. v. A.W. Chesterton Co., et al.
NYE 1 05-534         Patra Holter, etc. v. A.W. Chesterton Co., Inc., et al.
NYE 1 05-2184        Ruth Ruthauser, etc. v. A.W. Chesterton Co., et al.
NYE 1 05-2436        Charles L. Manning, et al. v. A.W. Chesterton Co., et al.

NEW YORK SOUTHERN
NYS 1 04-10017       Douglas M. Allison v. General Electric Co.

OREGON
OR 3 05-706          Howard Wood v. Allis-Chalmers Corp. Product Liability Trust, et al.

RHODE ISLAND
RI 1 05-104          John Schwartz, et al. v. American Standard Inc., et al.

TEXAS WESTERN
TXW 6 05-213         Estate of Quincey C. Nelson, et al. v. Owens-Illinois, Inc.

VIRGINIA EASTERN
VAE 2 05-8625        Pholia C. Liebing, et al. v. A.P. Green Industries, Inc., et al.
VAE 2 05-8626        William H. Madrey, et al. v. A.P. Green Industries, Inc., et al.
VAE 4 05-2895        Mary E. Blackburn v. Northrup Grumman Newport News
VAE 4 05-2896        Albert W. Dail, etc. v. Northrup Grumman Newport News
VAE 4 05-2897        Frances C. Diggs v. Northrup Grumman Newport News
VAE 4 05-2898        Mildred S. Edwards v. Northrup Grumman Newport News
VAE 4 05-2899        Doris M. Harmon, etc. v. Northrup Grumman Newport News
VAE 4 05-2900        Burnell Landrum v. Northrup Grumman Newport News
VAE 4 05-2901        Sandra L. Russell, etc. v. Northrup Grumman Newport News
VAE 4 05-2902        Robert Schaffer, Jr., etc. v. Northrup Grumman Newport News
VAE 4 05-2903        Gladys I. Spikes v. Northrup Grumman Newport News
VAE 4 05-2904        Peggy O. Sheets v. Northrup Grumman Newport News
VAE 4 05-2905        Nonie C. White v. Northrup Grumman Newport News
VAE 4 05-2906        Betty Jean Lancaster v. Northrup Grumman Newport News
VAE 4 05-2907        Betty J. Williams v. Northrup Grumman Newport News
VAE 4 05-2908        Crystal W. Moore, etc. v. Northrup Grumman Newport News
VAE 4 05-2909        James T. Turner, etc. v. Northrup Grumman Newport News
VAE 4 05-2910        Gary V. Barnette, et al. v. A.P. Green Industries, Inc., et al.
VAE 4 05-2911        William Thomas Basnight v. ACandS, Inc., et al.
VAE 4 05-2912        James F. Campbell, et al. v. A.P. Green Industries, Inc., et al.
VAE 4 05-2913        Larry Dale Chappell, Sr. v. ACandS, Inc., et al.
VAE 4 05-2914        Joseph T. Colucci v. ACandS, Inc., et al.
VAE 4 05-2915        Ronald Eugene Cross v. ACandS, Inc., et al.

| DIST. DIV. C.A. # | CASE CAPTION |
|---|---|
| VAE 4  05-2916 | Peter W. Dowson v. ACandS, Inc., et al. |
| VAE 4  05-2917 | Clarence Elliott, Jr. v. ACandS, Inc., et al. |
| VAE 4  05-2918 | William T. Gaffney v. ACandS, Inc., et al. |
| VAE 4  05-2919 | William Terry Gunter v. ACandS, Inc., et al. |
| VAE 4  05-2920 | Bernard N. Harmon v. ACandS, Inc., et al. |
| VAE 4  05-2921 | James Eldon Harris v. ACandS, Inc., et al. |
| VAE 4  05-2922 | Ricky Edward Higgins, Sr. v. ACandS, Inc., et al. |
| VAE 4  05-2923 | Matthew N. Hill v. ACandS, Inc., et al. |
| VAE 4  05-2924 | James Clinton Holloway, Jr. v. ACandS, Inc., et al. |
| VAE 4  05-2925 | Thomas E. Holmes, Sr. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2926 | Thyron Blair Hopkins v. ACandS, Inc., et al. |
| VAE 4  05-2927 | Bernard Carrol Jarvis v. ACandS, Inc., et al. |
| VAE 4  05-2928 | Alton R. Jewell v. Amchem Products, Inc., et al. |
| VAE 4  05-2930 | Robert John Kroll v. ACandS, Inc., et al. |
| VAE 4  05-2931 | William C.A. Kuhlmann, Sr., et al. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2932 | Calvin Lee, Jr. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2933 | Dallas Lynch, Sr., et al. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2934 | Norman C. Mack v. ACandS, Inc., et al. |
| VAE 4  05-2935 | Horace Lee Martin v. ACandS, Inc., et al. |
| VAE 4  05-2936 | Roger Lee Mathena v. ACandS, Inc., et al. |
| VAE 4  05-2937 | Richard K. Mimna, Sr. v. ACandS, Inc., et al. |
| VAE 4  05-2938 | Herbert Glen Prater v. ACandS, Inc., et al. |
| VAE 4  05-2939 | Eugene V. Renninger, Jr. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2940 | Calvin Brock Royals v. Amchem Products, Inc., et al. |
| VAE 4  05-2941 | Paul J. Singleton, Jr. v. ACandS, Inc., et al. |
| VAE 4  05-2942 | Charles Thomas Snyder v. ACandS, Inc., et al. |
| VAE 4  05-2943 | Michael Alton Springer v. ACandS, Inc., et al. |
| VAE 4  05-2944 | Robert L. Stilson v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2945 | Ronald A. Stover v. ACandS, Inc., et al. |
| VAE 4  05-2946 | Gary Lee Tanner v. ACandS, Inc., et al. |
| VAE 4  05-2947 | Richard William Tarpley v. Amchem Products, Inc., et al. |
| VAE 4  05-2948 | Arthur Lee Turner, Sr. v. ACandS, Inc., et al. |
| VAE 4  05-2949 | John Wirt, et al. v. A.P. Green Industries, Inc., et al. |
| VAE 4  05-2950 | Albert H. Yarbrough, et al. v. A.P. Green Industries, Inc., et al. |

WISCONSIN EASTERN
| WIE 2  05-581 | Ellen Gardner v. Garlock, Inc. |

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

0:05-60660

MAY 18 2005

*DOCKET NO. 875*

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

### (SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-247)

On July 29, 1991, the Panel transferred 21,937 civil actions to the United States District Court for the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 79,769 additional actions have been transferred to the Eastern District of Pennsylvania. With the consent of that court, all such actions have been assigned to the Honorable Charles R. Weiner.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Eastern District of Pennsylvania and assigned to Judge Weiner.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Eastern District of Pennsylvania for the reasons stated in the order of July 29, 1991, 771 F.Supp. 415 (J.P.M.L. 1991), and, with the consent of that court, assigned to the Honorable Charles R. Weiner.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JUN - 3 2005

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Michael J. Beck
Clerk of the Panel

EXHIBIT
B

## SCHEDULE CTO-247 - TAG-ALONG ACTIONS
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

**DIST. DIV. C.A. #**          **CASE CAPTION**

CALIFORNIA NORTHERN
  CAN  3  05-533            Pauline Simmons, et al. v. Viacom, Inc., et al.
  CAN  3  05-565            Fred Young v. Viacom, Inc.

FLORIDA MIDDLE
  FLM  3  05-245            Victor G. Petrick v. CSX Transportation, Inc.
  FLM  3  05-246            Bobby Lee Duty v. CSX Transportation, Inc.
  FLM  3  05-247            Frank H. Johnson v. CSX Transportation, Inc.

FLORIDA NORTHERN
  FLN  3  05-115            Joseph Leavins v. Air Products & Chemicals, Inc.
  ~~FLN  3  05-118~~        ~~Ann Elizabeth Buchinger, etc. v. Garlock, Inc., et al.~~  OPPOSED 6/2/05

FLORIDA SOUTHERN
  FLS  0  05-60577          Grady B. Anderson, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60578          Darrell Bastin, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60579          Ronald H. Boyd, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60580          Thomas G. Price, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60581          George Provorse, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60582          John St. John, et al. v. Borg Warner Corp., et al.
  FLS  0  05-60659          Bessie Hall, etc. v. Borg-Warner Corp., et al.
  FLS  0  05-60660          LeHoward J. Earles, et al. v. Borg-Warner Corp., et al.
  FLS  0  05-60661          Lennie Clark, et al. v. Borg-Warner Corp., et al
  FLS  0  05-60662          Bertha Cook, etc. v. Borg-Warner Corp., et al.
  FLS  0  05-60663          Ernest Caldwell v. Borg-Warner Corp., et al.
  FLS  0  05-60664          LeClarence Peoples v. Borg-Warner Corp., et al.

ILLINOIS NORTHERN
  ILN  1  05-2214           James W. Moore, Sr. v. Rapid-American Corp

INDIANA SOUTHERN
  INS  3  05-66             Denny M. Kirk v. CSX Transportation, Inc.
  INS  3  05-67             Delbert Aldridge v. CSX Transportation, Inc.
  INS  3  05-68             Benjamin C. Billings v. CSX Transportation, Inc., et al.

LOUISIANA EASTERN
  ~~LAE  2  05-1509~~       ~~Stanley Christian v. Gulf States Asphalt Co., Inc., et al.~~  VACATED 6/2/05

MARYLAND
  MD  1  04-2849            Clifton Lee Hood v. Anchor Packing Co., et al.

MINNESOTA
  MN  0  05-815             Clarence Allan Johnson v. Garlock Sealing Technologies, LLC, et al.

MISSOURI WESTERN
  MOW  4  05-370            Stuart C. Mallory, Jr. v. Burlington Northern & Santa Fe Railway Co.

MISSISSIPPI SOUTHERN
  MSS  1  05-135            John J. McCary v. AlliedSignal, Inc., et al.
  ~~MSS  1  05-155~~        ~~Gerald Judson v. Kerr-McGee Corp., et al.~~  OPPOSED 6/3/05
  ~~MSS  1  05-168~~        ~~Donna Mae Hershberger, et al. v. ACandS, Inc., et al.~~  VACATED 5/24/05
  MSS  1  05-191            Donna Ray Culver, et al. v. Abex Corp., et al.

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 1 6 2005

FILED
CLERK'S OFFICE

DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

# IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Ann Hauck v. Borg Warner Corp., et al.*, M.D. Florida, C.A. No. 6:04-1835
*Harriet I. Ruiz, etc. v. Zia Co., et al.*, D. New Mexico, C.A. No. 6:05-25

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN,[*] D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL[*] AND DAVID R. HANSEN, JUDGES OF THE PANEL

## TRANSFER ORDER

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by plaintiffs in one Middle District of Florida action and one District of New Mexico action. Movants ask the Panel to vacate its order conditionally transferring their actions to the Eastern District of Pennsylvania for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Charles R. Weiner.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of the actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We find that transfer of the actions is appropriate for reasons expressed by the Panel in its original decision in this docket directing centralization of all pending federal court actions not then in trial involving allegations of personal injury or wrongful death caused by asbestos or asbestos containing products. *See In re Asbestos Products Liability Litigation (No. VI)*, 771 F.Supp. 415 (J.P.M.L. 1991). In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court,[1] the uniqueness

---

[*]Judge Vratil took no part in the disposition of this matter. Also, Judge Keenan took no part in the disposition of this matter with respect to the Middle District of Florida action.

[1]Plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of potentially dispositive motions for dismissal or for remand to state court. There is no need to delay transfer in order to accommodate such an interest. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.J.P.M.L., 199 F.R.D. at 427, expressly provides that the pendency (continued...)

**EXHIBIT C**

of a party's status, the type of defendant, the docket condition of any specific federal district, the stage of pretrial proceedings, the presence of unique claims or additional claims not relating to asbestos injury or death, and/or the unanimity of opposition to transfer by the parties to an action, were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. We are not persuaded to depart from this approach in dealing with the question of transfer of the actions now before the Panel.

Under Judge Weiner's stewardship, as of May 27, 2005, i) over 74,200 actions have been closed in the transferee district, and ii) over 1,300 actions or claims therein have been returned to their originating transferor districts. To any parties that believe the uniqueness of their particular situation renders continued inclusion of their action in MDL-875 unnecessary or inadvisable, we note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident that Judge Weiner will continue to promptly review arguments for returning transferred actions or claims to their transferor courts and will take all appropriate steps to assure their speedy return whenever he is convinced that retention in the MDL-875 proceedings is no longer needed.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Charles R. Weiner for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

_____
Wm. Terrell Hodges
Chairman

---

(...continued)
of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of Section 1407 transfer in MDL-875 can continue without any unnecessary interruption or delay.