MDL 875

**ORIGINAL**

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

SEP - 6 2005

FILED
CLERK'S OFFICE

This document relates to the
following case:

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES BUNNELL | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | NO. : 1:05CV328WJG |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| CO. ET AL. | § | |
| Defendants | § | |

**MOTION TO VACATE**
**CONDITIONAL TRANSFER ORDER NO. 250**

COMES NOW Plaintiff in the above styled case and respectfully move the Panel to Vacate

Conditional Transfer Order No. 226, which would transfer this case to the United States District Court for

the Eastern District of Pennsylvania.  This case should not be transferred because the case was improperly

removed from state court.

For these reasons, addressed more fully in the attached brief, Plaintiff urges the Panel to Vacate

Conditional Transfer Order No. 250 to the extent that it transfers this case to the Eastern District of

Pennsylvania.

**MOTION TO VACATE CTO-250 -- PAGE 1**
J:\Tiffany Newlin\Mississippi\Jones Cty\bunnell motion to vacate.wpd

**OFFICIAL FILE COPY**
IMAGED SEP - 6 2005

Respectfully submitted,

BARON & BUDD
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas  75219
(214) 521-3605
FAX: (214) 520-1181


By: _____
    TIFFANY N. DICKENSON
    Mississippi Bar No. 100617

    Attorneys for Plaintiffs

**MOTION TO VACATE CTO-250 -- PAGE 2**
J:\Tiffany Newlin\Mississippi\Jones Cty\bunnell motion to vacate.wpd

**ORIGINAL**

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the
following case:

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2005

FILED
CLERK'S OFFICE

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES BUNNELL | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | NO. : 1:05CV328WJG |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| CO. ET AL. | § | |
| Defendants | § | |

**FIRST AMENDED BRIEF IN SUPPORT OF MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 250**

**I.**

Plaintiff filed this lawsuit in Mississippi state court, seeking compensation for asbestos-related

injuries under state law. Defendant CertainTeed Corporation ("CertainTeed") removed this case on July

1, 2005, more than six years after this case was commenced. Based on CertainTeed's violation of the

removal statute, Plaintiff filed a timely Motion to Remand, which is still pending. After this Panel issued a

Conditional Transfer Order, Plaintiff filed a timely Notice of Opposition. Transfer of this case would not

**BRIEF IN SUPPORT OF
MOTION TO VACATE CTO-250 -- PAGE 1**
A:\bunnell - brief in support of motion to vacate.wpd

be appropriate because the removal was improper on its face.

## II.

No action may be removed based on diversity jurisdiction more than one year after commencement. 28 U.S.C. 1446(b); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996). The Eleventh Circuit has characterized this one-year time limit as one of several "bright line limitations" that "are an inevitable feature of a court system of limited jurisdiction that strictly construes the right to remove." *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Although the time limits for removal are not jurisdictional, they are "mandatory and must be strictly applied." *Webster v. Dow United Technologies Composite Products, Inc.*, 925 F. Supp. 727, 729 (M.D. Ala. 1996). The rule of strict construction is particularly important in the context of the one-year time limitation, which was enacted as part of the Judicial Improvements and Access to Justice Act of 1988 for the specific purpose of "reduc[ing] the number of cases in federal court by restricting diversity jurisdiction." *Ferguson v. Security Life of Denver Ins. Co.*, 996 F.Supp. 597, 601 (N.D. Tex. 1998); *see also Santiago v. Barre National, Inc.*, 795 F.Supp. 508, 510 (D. Mass. 1992) ("[T]he Act's legislative history reinforces the interpretation that the one-year bar is absolute").

## III.

CertainTeed concedes that its removal is untimely but has asked the district court to waive the one-year requirement for "equitable" reasons. CertainTeed has failed to plead, much less prove, any colorable basis for an equitable exception to the requirements of 28 U.S.C. 1446(b). In the absence of any legitimate basis for federal jurisdiction, transferring this case to the Eastern District of Pennsylvania will not further the

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-250 -- PAGE 2**
J:\Tiffany Newlin\Mississippi\Jones Cty\bunnell - brief in support of motion to vacate.wpd

purposes of the MDL statute.

## IV.

Plaintiff respectfully requests that this Panel to vacate Conditional Transfer Order No. 250 to the extent that it transfers this case to the Eastern District of Pennsylvania.

Respectfully submitted,

BARON & BUDD
The Centrum, Suite 1100
3102 Oak Lawn Avenue
Dallas, Texas 75219
(214) 521-3605
FAX: (214) 520-1181

By:_____
KEVIN MCHARGUE
Bar No. 00792309
*Attorneys for Plaintiffs*

**BRIEF IN SUPPORT OF**
**MOTION TO VACATE CTO-250 -- PAGE 3**
A:\bunnell - brief in support of motion to vacate.wpd

DOCKET NO. 875
BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)

This document relates to the
following case:

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP - 6 2005

FILED
CLERK'S OFFICE

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES BUNNELL | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION |
| | § | NO. : 1:05CV328WJG |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| CO. ET AL. | § | |
| Defendants | § | |

---

### PROOF OF SERVICE

---

TO:   ALL ATTORNEYS OF RECORD (See attached Panel Service List)

**NOTICE IS HEREBY GIVEN,** pursuant to the Federal Rules of Civil Procedure, I, KEVIN

MCHARGUE, attorney for Plaintiff Charles Bunnell, do hereby certify that a true and correct copy of

the above and foregoing was served upon all counsel of record via facsimile, CMRRR and U. S. Mail.

1.   **Motion to Vacate Conditional Transfer Order No. 250**

2.   **First Amended Brief In Support of Motion to Vacate Conditional Transfer Order**

     **No. 250**

A:\bunnell - MDL proof of service.wpd

The undersigned retains the originals of the above documents as custodian thereof.

**THIS** the **1st** day of September, 2005.

> BARON & BUDD, P.C.
> 3102 Oak Lawn Ave., Suite 1100
> Dallas, Texas 75219
> (214) 521-3605 Telephone
> (214) 520-1181 Facsimile
>
> By:_____
> KEVIN MCHARGUE
> Bar No. 00792309
> *Attorneys for Plaintiffs*
>
>
> LAW OFFICE OF JON A. SWARTZFAGER
> P. O. Box 131
> Laurel, Mississippi  39441-0131
> (601) 649-3240 (telephone)
> (601) 428-7691 (facsimile)

A:\bunnell - MDL proof of service.wpd

**PANEL SERVICE LIST (Excerpted from CTO-250)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Charles Bunnell v. Metropolitan Life Insurance Co., et al.,* S.D. Mississippi, C.A. No. 1:05-328
(Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Tiffany Newlin Dickenson
Baron & Budd, P.C.
3102 Oak Lawn Avenue
Suite 1100
Dallas, TX 75129

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Robert V. Greenlee
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien
& Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire
& Spinelli, LLP
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
P.O. Box 131
Laurel, MS 39441-0131

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406