

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

SEP 12 2005

FILED CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

MDL DOCKET NO. 875

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

CHARLES BUNNELL,

Plaintiff,

v.

METROPOLITAN LIFE INSURANCE CO., ET AL.,

Defendants.

No. 1:05CV328WJG (S.D. Miss.)

PLEADING NO. 4618

**OPPOSITION TO PLAINTIFF'S MOTION TO VACATE CTO-250**

Defendant CertainTeed Corporation respectfully submits this Opposition to plaintiff's Motion To Vacate Conditional Transfer Order ("CTO") 250, which was filed on September 6, 2005, and docketed as Pleading No. 4614.[1] Plaintiff asks the Panel to vacate CTO-250 as it pertains to the action transferred from the United States District Court for the Southern District of Mississippi that is listed above.

Defendant opposes plaintiff's motion. As we discuss below, plaintiff's motion contradicts well-settled Panel precedent and is premised on a fundamental misunderstanding of the co-equal competence of federal courts. For these reasons, the Panel should deny plaintiff's motion.

Plaintiff acknowledges that this case falls within the category of cases that should be transferred to MDL-875. See Pl. Br. at 1 (claims concern "asbestos-related injuries"). Plaintiff

[1] In several places, plaintiff erroneously states that his Motion seeks to vacate CTO-226. In fact, plaintiff's Motion concerns only CTO-250.

IMAGED SEP 13 2005



nonetheless argues (at 1-2) that the case should not be transferred because plaintiff has moved the transferor court to remand this action to state court.

The Panel has consistently rejected plaintiff's arguments against transfer. In its initial opinion creating this MDL docket, the Panel made clear that "distinctions based on such matters as the pendency of motions or other matters before the transferor court" do not present a basis "for carving out exceptions to transfer in this extraordinary docket." *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Aug. 11, 2005) (Transfer Order), at 1-2, citing *In re Asbestos Prods. Liab. Litig. (VI)*, 771 F. Supp. 415 (J.P.M.L. 1991). The Panel has repeatedly reaffirmed this position,[2] and has explicitly held that the pendency of a motion for remand to state court is not a proper basis for denial of transfer. See, *e.g.*, *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Aug. 11, 2005) (Transfer Order), at 2 n.1 ("Some plaintiffs have argued that transfer should be denied or deferred in order to permit the resolution of [motions] for remand to state court. There is no need to delay transfer in order to accommodate such an interest.").[3]

Plaintiff's motion also ignores the legal and functional equivalence of two co-equal federal courts. The transferee court, the United States District Court for the Eastern District of Pennsylvania, is just as competent as the transferor court to decide expeditiously whether removal from the state court was proper. In keeping with Panel precedent, plaintiff should avail himself of Panel Rule 7.6 (remand by the transferee court) rather than seeking relief here.

---

[2] *E.g.*, *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Apr. 18, 2005) (Transfer Order), at 1-2; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Feb. 16, 2005) (Transfer Order), at 1-2; *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Dec. 6, 2004) (Transfer Order), at 1-2.

[3] The transferor court has sufficient time to rule on a motion to remand prior to final transfer, because "as a practical matter, there is a lag time of at least three to four months from the filing of an action" to final transfer. *In re Asbestos Prods. Liab. Litig. (VI)*, MDL No. 875 (J.P.M.L. Aug. 11, 2005) (Transfer Order), at 2 n.1.

For these reasons, the Panel should deny plaintiff's Motion.

Dated: September 12, 2005

                    Respectfully submitted,

                    John D. Aldock
                    Elizabeth Runyan Geise
                    Adam M. Chud
                    Goodwin Procter LLP
                    901 New York Avenue, N.W.
                    Washington, D.C.  20001
                    Tel.: (202) 346-4000
                    Fax: (202) 346-4444

                    Attorneys for defendant CertainTeed Corporation

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 12 2005

FILED
CLERK'S OFFICE

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 12th day of September, 2005, I caused an original, four copies, and one computer readable disk copy of the foregoing Opposition of Defendant CertainTeed Corporation to Plaintiffs' Motion To Vacate CTO-250 to be served by hand on the Clerk of the Panel:

Michael J. Beck
Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E.
Room G-225, North Lobby
Washington, D.C. 20002-8004

I further certify that, on this 12th day of September, 2005, I caused copies of the foregoing Opposition to be served by first-class mail, postage prepaid, on the counsel on the attached service list.

I finally certify that, on this 12th day of September, 2005, I caused a copy of the foregoing Opposition to be served by first-class mail, postage prepaid, on the Clerk of the transferee court:

Michael E. Kunz
Clerk of the Court
United States District Court for the
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

RECEIVED
CLERK'S OFFICE
2005 SEP 12 A 11: 52
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Adam M. Chud

**SERVICE LIST**

Kevin McHargue
Tiffany Newlin Dickenson
Baron & Budd, PC
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75129

Marcy Croft
Robert V. Greenlee
Forman Perry Watkins Krutz & Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
P.O. Box 131
Laurel, MS 39441-0131

David A. Damico
Burns White & Hickton, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA 15212

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street, 33rd Floor
Philadelphia, PA 19103

Edward J. Cass
Gallagher Sharp Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street, Suite 4800
Minneapolis, MN 55402

Raymond P. Forceno
Forceno & Hannon
111 South Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Reginald S. Kramer
Oldham & Dowling
195 South Main Street, Suite 300
Akron, OH 44308-1314

John J. Repcheck
Marks O'Neill O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburg, PA 15219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Richard D. Schuster
Vorys Sater Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Boulevard
Mt. Pleasant, SC 29464

Robert N. Spinelli
Kelley Jasons McGuire & Spinelli
Centre Square West, 15th Floor
Philadelphia, PA 19102

John D. Roven
Roven Kaplan & Wells
2190 North Loop West, Suite 410
Houston, TX 77018

Robert E. Swickle
Jaques Admiralty Law Firm, PC
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Neil Selman
Selman Breitman & Burgess
11766 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90025

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, NE
P.O. Box 998
Cedar Rapids, IA 52406

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103