8 7 5 4

# FORMAN
# PERRY
# WATKINS
# KRUTZ &
# TARDY LLP

ATTORNEYS AT LAW

HUNT COLE
coleh@fpwk.com
Direct Dial: (601) 969-4288

200 South Lamar Street
City Centre Building, Suite 100S
Jackson, Mississippi 39201-2131

Post Office Box 22608
Jackson, Mississippi 39225-2608

Telephone: 601-960-8600
Main Facsimile: 601-960-8613

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 1 3 2005

FILED
CLERK'S OFFICE

September 12, 2005

Michael J. Beck, Clerk of the Panel                                    **VIA FACSIMILE**
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, N.E., Room G-255, North Lobby
Washington, D.C. 20002-8004

RE:     Notice of Opposition to CTO-251; MDL-875

Dear Mr. Beck:

In accordance with your correspondence of August 15, 2005, regarding CTO-251, the following
asbestos case filed in the United States District Court for the Southern District of Mississippi are under a
Motion to Remand and therefore CTO-251 should be vacated as to this case:

1.     Jerry A. Harrell, et al. v. Minnesota Mining & Manufacturing Co., et al.; Civil Action No:
       1:05CV341

We apologize for the lateness of this notice of opposition, but due to Hurricane Katrina and the phone
and power lines being down through out Mississippi, we were unable to send this notice earlier.

If you or your staff should have any questions regarding this matter, please do not hesitate to contact
me at (601) 969-4288. Thank you for your attention to this matter.

Sincerely,
FORMAN PERRY WATKINS KRUTZ & TARDY LLP

T. Hunt Cole

THC:almw

cc:     All Counsel of Record (w/encl.)

*See attached motion
for remand for parties*

Dallas • Houston • New Orleans
www.fpwkt.com

# OFFICIAL FILE COPY

IMAGED SEP 1 3 2005

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRY A. HARRELL                                                    PLAINTIFF

VS.                                            CIVIL ACTION NO.  1:05CV341WJG

MINNESOTA MINING &
MANUFACTURING, ET AL.                                         DEFENDANTS

---

## MOTION TO REMAND

---

Certain defendants, Certainteed Corporation and General Electric Company [hereinafter "Certain Defendants"], by and through the undersigned counsel, object to remand and file this Motion to Remand this action to the Circuit Court of Holmes County, Mississippi, and in support thereof would state:

1. Defendant John Crane, Inc. ["Crane"] filed a Notice of Removal in the instant action on July 15, 2005, alleging only a purported "federal enclave" jurisdictional basis for removal. Specifically, Crane asserts in conclusory fashion that "actions involving the construction and operation of Ingalls shipyard fall within the jurisdiction of the federal court."

2. The Notice of Removal is jurisdictionally deficient and defective. The Notice of Removal does not on its face set forth sufficient verified and specific facts to demonstrate original federal jurisdiction over this action pursuant to "federal enclave" jurisdiction within the purview of 28 U.S.C.A. § 1331 and § 1441(b). Among other things, the Notice of Removal fails to specifically demonstrate with particularity that Ingalls shipyard is a place which is owned by, or has been ceded to, the federal

government and over which the federal government exercises exclusive sovereignty, as required by *Mater v. Holley*, 200 F.2d 123 (5th Cir. 1952); Art. I, sec. 8, clause 17 of the United States Constitution.  The burden is on the removing party to set forth sufficient and detailed facts supporting removal jurisdiction, and the Notice of Removal here fails to do so and appears to be contrary to law.  Accordingly, a remand for lack of jurisdiction is proper.

3.  Further, Certain Defendants, Certainteed Corporation and General Electric Company, do not consent to the removal of this action and object to same.  In addition, other defendants named in this action have not filed timely written consents to, or joinders in, the removal of this action.  All served defendants must join in or consent to a removal, and unless timely consents to or joinders by all served defendants in the Notice of Removal are filed, the action must be remanded to state court.  *Getty Oil Corp., a Div. of Texaco, Inc., v. Ins. Co. of North America*, 841 F.2d 1254 (5th Cir. 1988)(All defendants who are properly joined and served must join in removal petition, and failure to do so renders petition defective.)

4.  Crane's Notice of Removal is untimely.  The relevant statute, 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
> If the case stated by its initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

2

The instant action was originally filed in 2002.  Crane's Notice of Removal does not allege, and indeed movants are not aware of, any event whatsoever for the 30 days prior to the Notice of Removal that would have triggered a second 30-day period for removal based upon "other paper" regarding the alleged status of Ingalls shipyard.  Since the Notice fails to allege compliance with either 30-day period set forth in §1446, and such compliance is not apparent, the Notice of Removal was untimely and remand is required.  *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759 (5th Cir. 2000).

5.  The Notice of Removal in this case is not based on a good faith or colorable effort to comply with the well-known requirements for removal of a state court action to federal court.  On the contrary, it appears that Crane's Notice of Removal is based upon an effort or agreement to accommodate or tactically benefit plaintiffs' counsel in their search for ways to avoid the pleading and informational obligations set forth by the Mississippi Supreme Court in *Harold's Auto Parts, Inc. v. Mangialardi*, 889 So.2d 493 (Miss. 2004), and/or court-ordered deadlines pursuant thereto.  The plaintiff in this case is subject to a *Mangialardi* Order filed with the Circuit Court of Holmes County, Mississippi on March 9, 2005.

6.  Because the grounds and authority for this motion to remand are well known to this Court, and authorities are cited herein, defendants request that the requirement of a separate brief in support of this motion be waived by the Court.

WHEREFORE, premises considered, Certain Defendants request that this Court

3

grant their motion for remand and remand the instant case to the Circuit Court of Holmes

County, Mississippi.

Respectfully submitted,

FOR MOVING DEFENDANTS:

BY:      ____/s/ T. Hunt Cole_____
         Thomas W. Tardy, III (MBN 7431)
         Marcy B. Croft (MBN 10864)
         T. Hunt Cole (MBN 6349)

Of Counsel:
FORMAN PERRY WATKINS
KRUTZ & TARDY, LLP
200 South Lamar Street
City Centre Ste. 100
Jackson, MS 39201
Telephone: (601) 960-8600
Facsimile: (601) 960-8613

4

CERTIFICATE OF SERVICE

I, T. HUNT COLE, of the law firm of Forman Perry Watkins Krutz & Tardy LLP, attorney for Certain Defendants, do hereby certify that I have this day electronically filed the foregoing Notice of Hearing using the ECF System and that all counsel per attached service list have been notified either through the electronic notification to those ECF participants or by United States mail, postage prepaid, for those non-ECF participants of the above and foregoing MOTION TO REMAND.

This the 4th day of AUGUST 2005.

_____/s/ T. Hunt Cole_____
T. HUNT COLE