MDL 875

# Brayton **Purcell**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 14 2005

FILED
CLERK'S OFFICE

### TRIAL LAWYERS

ALAN R. BRAYTON•

GILBERT L. PURCELL•

DAVID R. DONADIO•
CHRISTOPHER E. ANDREAS•

OF COUNSEL
JEFFERY D. EISENBERG•

• ADMITTED ONLY IN STATES
  OTHER THAN OREGON

The American Bank Building
621 S.W. Morrison Street, Suite 950
Portland, Oregon 97205
Telephone: (503) 295-4931
Facsimile: (503) 241-2573

Los Angeles: (415) 898-1555
San Francisco: (415) 898-1555
Salt Lake City: (801) 366-9100

Email: portland@braytonlaw.com
www.braytonlaw.com

NICHOLAS ALOIA•
MARIE N. APPEL•
JARED J. BABULA•
LEAH F. BACETICH•
DAVID M. BACKENSTOE•
LOUIS C. BRABY, II•
NANCE P. BECKOR•
BRYAN S. BURTON•
GARY L. BRAYTON•
ELAINE J. BROWN
ANDREW CHEW•
C. RYAN CHRISTENSEN•
KIMBERLY L. CHU•
HUGH C. COOK•
HONIA ANN P. CUHRTMAN•
MICHEAL L. DeROUEN•
DOUGLAS V. DUKELOW•
PETER B. FRIEDMAN•
JOHN E. GOLDSTEIN•
LAUREL HALLANY•
ZACHARY B. HERSCHENSOHN•
CRYSTAL G. HOWARD•
EMEM IBANGA•
SARAH F. ISAACS•
SARAH H. IVORY•
GARY V. KIDD•

CLAYTON W. KENT•
BRADLEY A. KRAMER•
KERRY LAW•
LLOYD F. LeROY•
REBECCA D. MARTINO•
LORENA MATEI•
THOMAS R. MATES•
MAUREEN C. McGOWAN•
S. BROOK MILLARD•
TONEY MIRZAYAN•
JAMES P. NEVIN•
SCOTT A. NIEBLING•
MARK E. NOAH•
DAVID PAI•
ROWAN L. PARK•
ALEX REMICK•
KEITH C. SHAW•
CHRISTINA G. SELDUC•
ERIC G. SOLOMON•
NANCY E. THORINGTON•
PAULA A. VAILLANCOURT•
GRANT E. WALTERS•
JEROME J. WATTELLIER•
NANCY T. WILLIAMS•
DEBORAH C. YANG•
STEVEN W. YUEN•

September 13, 2005

## VIA FACSIMILE ONLY

Michael J. Beck
Clerk of the Judicial Panel on Multidistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Building
Room G-225, North Lobby
Washington, D.C. 20002

      Re:  OR CV 05-706 *Howard Wood v. Allis-Chalmers Corp Product Liability Trust, et al.*
          MDL Docket No. 875

Dear Mr. Beck:

      Please find enclosed a copy of the Findings and Recommendation signed by United States Magistrate Judge Dennis Hubel on August 24, 2005. As a result of this decision, we respectfully request that the above-referenced case be dismissed.

      Should you have any questions, please do not hesitate to call.

          Very truly yours,

Elaine J. Brown

2005 SEP 13   P 3: 33
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

RECEIVED
CLERK'S OFFICE

EJB:aja
Enclosure
cc:    All Counsel (via facsimile only)

J:\oregon\103631\l.r\MDL-Clerk-02.wpd

# OFFICIAL FILE COPY
### IMAGED SEP 14 2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 14 2005

FILED
CLERK'S OFFICE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HOWARD WOOD,                          )
                                      )    No. 05-706-HU
              Plaintiff,              )
                                      )
      v.                              )
                                      )    FINDINGS AND RECOMMENDATION
                                      )
                                      )
ALLIS-CHALMERS CORPORATION            )
PRODUCT LIABILITY TRUST, et           )
al.,                                  )
                                      )
              Defendants.             )
_____)

Elaine J. Brown
Brayton Purcell
621 S.W. Morrison Street, Suite 950
Portland, Oregon 97205
      Attorney for plaintiff

Joshua Stump
Stephen C. Bush
Schwabe, Williamson & Wyatt
12112 S.W. Fifth Avenue, Suite 1600-1800
Portland, Oregon 97204
      Attorneys for defendant DaimlerChrysler Corporation

HUBEL, Magistrate Judge:

      Plaintiff Howard Wood originally brought this action on April

14, 2005, in the Circuit Court of Oregon, County of Multnomah,

FINDINGS AND RECOMMENDATION Page 1

1  seeking damages for personal injury based on exposure to asbestos.
2  Defendants    DaimlerChrysler,    International    Truck    &    Engine
3  Corporation (International), Tenneco Automotive Operating Company,
4  Inc. (Tenneco), Honeywell International, Inc. (Honeywell), Allis-
5  Chalmers Corporation (Allis-Chalmers), Burns International Services
6  Corporation (Burns), Ford Motor Corporation (Ford), Garlock Sealing
7  Technologies (Garlock), Gilbert Tilbury Company (Gilbert Tilbury),
8  and Uniroyal Holding, Inc. (Uniroyal), were all served with the
9  summons and complaint on April 20, 2005.
10      On May 18, 2005, DaimlerChrysler filed a Notice of Removal in
11  this court, asserting original federal jurisdiction under 28 U.S.C.
12  §§ 1331, 1367, 1441 and 1146, based on the contention that
13  plaintiff was injured on a federal enclave (doc. # 1). On the same
14  day, Tenneco and International filed Notices of Joinder in Removal
15  (doc. # 5, 6). On May 19, 2005, Honeywell filed a Consent to
16  Removal (doc. # 7). On May 24, 2005, Allis-Chalmers filed a Consent
17  to Removal (doc. # 8).
18      On June 17, 2005, plaintiff filed a motion to remand (doc. #
19  12). On June 24, 2005, Ford filed a Consent to Removal (doc. # 15).
20  On June 29, 2005, Gilbert Tilbury and Garlock filed Consents to
21  Removal (doc. # 17, 18). On June 30, 2005, Burns filed a Consent to
22  Removal (doc. # 21). On July 1, 2005, Uniroyal filed a Consent to
23  Removal (doc. # 22).
24      On July 7, 2005, the Judicial Panel on Multidistrict
25  Litigation entered conditional transfer order (CTO), number 249,
26  transferring this case to the Eastern District of Pennsylvania, for
27
28  FINDINGS AND RECOMMENDATION Page 2

1  coordinated pretrial proceedings.

2      On July 20, 2005, plaintiff filed a timely notice of
3  opposition to the Conditional Transfer Order. If the Panel receives
4  a notice of opposition, the CTO is not transmitted to the
5  transferee district court until further order of the Panel. Panel
6  Rule 7.4©). Neither party has requested that the court stay its
7  determination of the motion to remand pending further proceedings
8  by the Panel.

9                              **Standards**

10     A defendant may remove an action to federal court only if it
11 could have been brought there originally. Caterpillar, Inc. v.
12 Williams, 482 U.S. 386, 392 (1987). The burden of establishing
13 federal jurisdiction is on the party seeking removal, and the
14 removal statute is strictly construed against removal jurisdiction.
15 Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th
16 Cir. 1999).

17     Defendant must file a notice of removal within 30 days after
18 receipt, through service or otherwise, of a copy of the first
19 pleading in the state action that sets forth a removable claim. 28
20 U.S.C. § 1446(b). In most cases, this equates with formal service
21 of summons and complaint on the defendant. See Murphy Bros., Inc.
22 v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354 (1999).

23     All defendants who may properly join in the removal notice
24 must join; if any of the defendants refuses, the action cannot be
25 removed. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir.
26 1986); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998)("All
27

28 FINDINGS AND RECOMMENDATION Page 3

1  defendants must join a notice of removal."). When fewer than all
2  defendants have joined the notice of removal, the burden is on the
3  removing defendants affirmatively to explain the absence of the
4  other defendants; absent such an explanation, the defect must be
5  cured within 30 days to avoid remand. Prize Frize, 167 F.3d at
6  1266; see also Cantrell v. Great Republic Ins. Co., 873 F.2d 1249,
7  1256 (9th Cir. 1989).

8        The time limits of the removal statute are mandatory. Chart
9  Development Corp. v. West Slope Water Dist., 22 F. Supp.2d 1169,
10  1170 (D. Or. 1998).

11       An order remanding a case may require payment of just costs
12  and any actual expenses, including attorney fees, incurred as a
13  result of the removal. 28 U.S.C. § 1447©). The award of fees and
14  costs is discretionary. Kanter v. Warner-Lambert Co., 265 F.3d 853,
15  861 (9th Cir. 2001).

16       There is no automatic entitlement to an award of attorney
17  fees, but a finding of bad faith is not required. Moore v.
18  Permanente Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992).
19  The award of fees is not a punitive award against defendants; it is
20  simply reimbursement to plaintiffs of wholly unnecessary litigation
21  costs the defendant inflicted. Id. at 447.

22                              **Discussion**

23       Plaintiff's motion to remand is based on two contentions:
24  first, that the removal was procedurally defective because all
25  defendants did not timely join in the removal; and second, that
26  defendants have failed to establish original jurisdiction in this
27
28  FINDINGS AND RECOMMENDATION Page 4

1  court.

2      There is no dispute that defendants Ford, Gilbert Tilbury,

3  Garlock, Burns, and Uniroyal failed to consent to removal within

4  the 30-day statutory time period. However, DaimlerChrysler argues

5  that this procedural defect has now been cured, and that such cures

6  are permitted so long as judgment has not been entered, citing

7  Caterpillar, 519 U.S. at 76-77 and Parrino, 146 F.3d at 703.

8      Defendants have misunderstood Caterpillar and Parrino.

9      Caterpillar was a personal injury action commenced in a state

10  court but removed to a federal court at a time when, the court of

11  Appeals concluded, complete diversity of citizenship did not exist.

12  519 U.S. at 64. After removal, plaintiff moved to remand the case

13  to state court, but the district court denied the motion. Id.

14  Before trial of the case, however, all claims involving the non-

15  diverse defendant were settled, and that defendant was dismissed,

16  so that complete diversity thereafter existed. Id. The case

17  proceeded to trial, jury verdict, and judgment for the removing

18  defendant. Id.

19      The issue presented in Caterpillar was whether the absence of

20  complete diversity at the time of removal was fatal to federal

21  court adjudication. Id. The court held that a district court's

22  error in failing to remand a case improperly removed was not fatal

23  to the ensuing adjudication if federal jurisdictional requirements

24  were met at the time the judgment was entered. Id.

25      The Court held that "[t]o wipe out the adjudication post-

26  judgment, and return to state court a case now satisfying all

27

28  FINDINGS AND RECOMMENDATION Page 5

1   federal jurisdictional requirements, would impose an exorbitant

2   cost on our dual court system, a cost incompatible with the fair

3   and unprotracted administration of justice." 519 U.S. at 77.

4        In Parrino, the procedural requirements for removal were not

5   satisfied because one of the defendants did not join the removal

6   notice until nearly two months after service of the complaint.

7   Nevertheless, the district court denied plaintiff's motion to

8   remand, and eventually dismissed each of plaintiff's claims under

9   Rule 12(b)(6) of the Federal Rules of Civil Procedure.

10        The Court of Appeals concluded that the defendant's untimely

11  joinder had been cured, so that a remand to state court on

12  procedural grounds would "be an empty formality." 146 F.3d at 703.

13  However, the Court of Appeals was careful to explain:

14            We do not ... read Caterpillar to authorize district
            courts to ignore the procedural requirements for removal:
15            to the contrary, we agree with Caterpillar that "[t]he
            procedural requirements for removal remain enforceable by
16            the federal trial court judges to whom those requirements
            are directly addressed." [519 U.S. at 77]. We understand
17            Caterpillar merely to permit the Court of Appeals to
            treat as cured a procedural defect in the removal process
18            corrected before entry of judgment.

19  Id. at n. 1 (emphasis in original).

20        Neither Caterpillar nor Parrino stands for the proposition

21  that procedural defects in removal notices may be overlooked by the

22  district court so long as the defects are cured sometime before a

23  motion to remand is decided or judgment is entered. I note there

24  are two defects here, consent to removal was incomplete as of the

25  deadline, and now it is late. While the incomplete consent defect

26  has been cured now, it is still, and always will be, late. The

27

28  FINDINGS AND RECOMMENDATION Page 6

1  rule requiring the court to construe the removal statute strictly

2  against removal directly contradicts that proposition, as does the

3  rule that the statutory time periods are mandatory.  I do not view

4  the removal statutes as giving me, as trial judge, discretion to

5  ignore their requirements and allow this case to proceed to a

6  judgment in federal court so that _Parrino_ and _Caterpillar_ can

7  permit an appellate court to ignore the requirements for removal

8  jurisdiction.  That's no way to run a railroad or a court system,

9  or interpret Congress' statutes.  I decline the invitation to

10  commit error that no one can correct.

11   The removal notice was facially defective because fewer than

12  all defendants joined in the notice. The deficiencies were uncured

13  within the 30-day statutory period. Therefore, I conclude that

14  removal was improper.

15   Having concluded that removal was procedurally deficient, it

16  is unnecessary for me to reach the question of whether plaintiff

17  was injured in one or more federal enclaves, so that this court has

18  original federal jurisdiction.

19   I recommend that plaintiff's motion to remand (doc. # 12) be

20  GRANTED. I further recommend that consideration of plaintiff's

21  request for attorney's fees and costs be deferred pending adoption

22  or rejection of these Findings and Recommendation.

23        **Scheduling Order**

24   The above Findings and Recommendation will be referred to a

25  United States District Judge for review. Objections, if any, are

26  due September 8, 2005. If no objections are filed, review of the

27

28  FINDINGS AND RECOMMENDATION Page 7

1   Findings and Recommendation will go under advisement on that date.

2       If objections are filed, a response to the objections is due

3   September  22,  2005,  and  the  review  of  the  Findings  and

4   Recommendation will go under advisement on that date.

5

6                   Dated this 24th  day of  August       , 2005.

7

8                                /s/ Dennis James Hubel

9                                    Dennis James Hubel
                                 United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   FINDINGS AND RECOMMENDATION Page 8

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

1

## CERTIFICATE OF SERVICE
### (WOOD)

SEP 1 4 2005

FILED
CLERK'S OFFICE

2      I hereby certify that I served a true copy of the foregoing **Findings and Recommendation**, upon:

3      *See Attached Panel Service List*

4  by sending via U.S. Mail in Portland, Oregon on September 14, 2005.

5                          BRAYTON ❖ PURCELL, LLP

6

7

8                          Abigail J.E. Adams, Legal Secretary

   Revised: 8/23/05

9

10

11

12

13

14

15

16

17

18

19                                        RECEIVED
                                          CLERK'S OFFICE

20                                        2005 SEP 14  P 1: 49

21                                        JUDICIAL PANEL ON
                                          MULTIDISTRICT
                                          LITIGATION

22

23

24

25

26

Page 1 - CERTIFICATE OF SERVICE
   J:\oregon\103631\Service\Cert.wpd

**BRAYTON ❖ PURCELL, LLP**
950 American Bank Building
621 S.W. Morrison St.
Portland OR  97205
Tel: (503) 295-4931; Fax: (503) 241-2573

# PANEL SERVICE LIST (Excerpted from CTO-249)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Howard Wood v. Allis-Chalmers Corp. Product Liability Trust, et al.*, D. Oregon,
C.A. No. 3:05-706  (Judge Dennis J. Hubel)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Elaine Brown
Brayton Purcell, LLP
621 S.W. Morrison Street
Suite 950
Portland, OR 97205

Edward J. Cass
Gallagher, Sharp, Fulton &
Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Annalie M. Faddis
Abbott & Prange, PC
U.S. Bancorp Tower
111 S.W. Fifth Avenue
Suite 2650
Portland, OR 97204

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

James H. Gidley
Perkins & Coie
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128

Bruce C. Hamlin
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Daniel W. Howard
Lindsay, Hart, Neil & Weigler
1300 S.W. 5th Avenue
Suite 3400
Portland, OR 97201

Nancy E. Hudgins
Law Offices of Nancy E. Hudgins
1388 Sutter Street
Suite 505
San Francisco, CA 94109

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

John Michael Mattingly
Steven Rizzo, PC
Lincoln Place, Suite 350
1620 S.W. Taylor Street
Portland, OR 97205

Stephen P. McCarthy
Lane Powell, PC
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Daniel K. Reising
Stoel & Rives L.L.P.
900 S.W. 5th Avenue
Suite 2600
Portland, OR 97204

John J. Repcheck
Marks, O'Neill, O'Brien &
Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

PANEL SERVICE LIST - DOCKET NO. 875　　　　　　　　　　　Page 2 of 2

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Joshua P. Stump
Schwabe, Williamson & Wyatt
Pacwest Center
1211 S.W. 5th Avenue
Suites 1600 - 1900
Portland, OR 97204-3795

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406