**8755**

## BEFORE THE JUDICIAL PANEL OF MULTIDISTRICT LITIGATION

IN RE:  ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI  )
—————————————————
THIS DOCUMENT RELATES TO: )

)

)
)

MDL DOCKET NO. 875 B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
SOUTHERN DIVISION

ESTATE OF CLYDE LANG                                            PLAINTIFF

VS.                                                CIVIL ACTION NO. 1:05-344

A-BEX CORPORATION, ET AL.                                    DEFENDANTS

### MOTION TO VACATE

COMES NOW, the Plaintiffs as indicated on the attached Schedule "A", Estate of Clyde Lang, Eddie Gilmore, Hunter C. Martin a/k/a Martin C. Hunter, and Walter Lee Stokes, by and through counsel, and files this their Motion to Vacate Conditional Transfer Order (CTO-251), and in support hereof would should unto the Court the following facts, to-wit:

1.   A Notice of Removal was filed by the Defendants in the cases listed on Schedule "A", on or about July 18, 2005, a copy of which is attached as Exhibit "A".

2.   A Motion to Remand and Plaintiffs' Memorandum of Law in Support of its Motion to Remand to State Court Pursuant to Rule 7.2 (G) and 7.2 (H) of the Uniform District Court Rules of Mississippi was filed by the Plaintiff in the cases listed on Schedule "A" , on July 28, 2005, a copy of which is attached hereto as Exhibit "B".

3.   Said Motion to Remand fully set forth Plaintiffs' arguments that no federal jurisdiction exists and Defendant's removal of said case is improper.

**OFFICIAL FILE COPY** IMAGED SEP 2 3 2005

WHEREFORE, plaintiff moves the Court to Vacate the Conditional Transfer Order (CTO-251).

RESPECTFULLY SUBMITTED:

_____
STACEY LEA SIMS, ESQ
ATTORNEY FOR PLAINTIFFS


STACEY LEA SIMS, ESQ.
MORRIS, SAKALARIOS & BLACKWELL, PLLC
1817 Hardy Street
Hattiesburg, MS 39401
Telephone:  (601) 544-3343
Facsimile:  (601) 544-9814

TIMOTHY W. PORTER, ESQ.  MSB NO. 9687
PATRICK MALOUF, ESQ.  MBN NO. 9702
PORTER & MALOUF, P.A.
825 RIDGEWOOD ROAD
RIDGELAND, MS 39157
TELEPHONE (601)957-1173

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2005

## CERTIFICATE OF SERVICE

FILED
CLERK'S OFFICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios, & Blackwell, PLLC, do hereby

certify that I have on this date electronically filed the foregoing with the Clerk of the Court and

to all counsel of record as indicated on the attached service list, by United States Mail, postage

fully prepaid, a true and correct copy of the above and foregoing Plaintiffs' Motion to Vacate.

This the 21st day of September, 2005.

STACEY LEA SIMS, ESQ
ATTORNEY FOR PLAINTIFFS

**PANEL SERVICE LIST (Excerpted from CTO-251)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

*Estate of Clyde Lang v. Abex Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-344 (Judge Walter J. Gex III)
*Eddie Gilmore v. Abex Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-345 (Judge Walter J. Gex III)
*Hunter C. Martin v. Abex Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-346 (Judge Walter J. Gex III)
*Walter Lee Stokes v. Abex Corp., et al.*, S.D. Mississippi, C.A. No. 1:05-347 (Judge Walter J. Gex III)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Patrick R. Buchanan
Brown, Buchanan & Sessoms
P.O. Box 1377
Biloxi, MS 39531-1377

Cecelia D. Cameron
Watkins & Eager
The Emporium Building, Suite 300
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Ashley E. Cannady
Watkins & Eager
The Emporium Building
400 East Capitol Street   Suite 300
P.O. Box 650
Jackson, MS 39205-0650

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

Lawrence M. Coco III
Carroll Bufkin Fulcher & Coco
1700 Lelia Drive
Jackson, MS 39216

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Dawn E. Fulce
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Frances K. Hardage
Copeland Cook Taylor & Bush
P.O. Box 6020
Ridgeland, MS 39158-6020

James Gordon House, III
Forman, Perry, Watkins, Krutz &
Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Kristi D. Kennedy
Currie, Johnson, Griffin,
Gaines & Myers
P.O. Box 750
Jackson, MS 39205-0750

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Keith D. Obert
Obert Law Group, PA
P.O. Box 2081
Madison, MS 39130-2081

Timothy W. Porter
Porter & Malouf, P.A.
4670 McWillie Drive
P.O. Box 12768
Jackson, MS 39236

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
201 Hardy Street
P.O. Box 1858
Hattiesburg, MS 39403-1858

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli, L.L.P.
Centre Square West
15th Floor
Philadelphia, PA 19102

Joseph J. Stroble
Watkins & Eager
The Emporium Building
400 East Capitol Street, Suite 300
P.O. Box 650
Jackson, MS 39205-0650

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mary W. Van Slyke
Page, Mannino, Peresich & McDermott
P.O. Drawer 289
Biloxi, MS 39533-0289

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Sarah B. Windham
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2005

FILED
CLERK'S OFFICE

SCHEDULE "A"

1.  Estate of Clyde Lang v. Abex Corp., et al.,
    S.D. Mississippi, C.A.
    No.  1:05-344 (Judge Walter J. Gex III)

2.  Eddie Gilmore v. Abex Corp., et al.,
    S.D. Mississippi, C.A.
    No.  1:05-345 (Walter J. Gex III)

3.  Hunter C. Martin a/k/a Martin C. Hunter v. Abex Corp., et al
    S.D. Missisisppi, C.A.
    No.  1:05-346 (Judge Walter J. Gex III)

4.  Walter Lee Stokes v. Abex Corp., et al
    S.D. Mississippi, C.A.
    No.  1:05-347 (Judge Walter J. Gex III)

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

SEP 2 3 2005

FILED
CLERK'S OFFICE

EDDIE GILMORE                                                                    PLAINTIFF

V.                                                                    CIVIL ACTION NO. 1:05cv345

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK, INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.,
f/k/a Allied-Signal, Inc.,
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY
HAYS-LEMMERZ INTERNATIONAL, INC.
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                        DEFENDANTS

PLAINTIFF'S EMERGENCY MOTION TO REMAND TO
STATE COURT PURSUANT TO RULE 7.2(G) AND 7.2(H)
OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

COMES NOW Eddie Gilmore, plaintiff herein, by and through counsel, and files this his

Motion to Remand to state court and in support thereof would show unto this Court the

following:

-1-

1.      This plaintiff was originally a plaintiff in a case styled *Walter L. Stokes, et al. v. Abex Corporation, et al.*, in the Circuit Court of Copiah County, Mississippi, Civ. Action No. 2001-0520.  At the time of this plaintiff's filing of this Complaint, there were approximately forty-five (45) defendants, of which seven were Mississippi corporations or businesses.  Under Mississippi procedural and substantive law as it then existed, the *Walter Stokes* case was properly filed and the plaintiffs' claims were properly joined against the various defendants who manufactured, sold, and/or distributed asbestos products to which the various respective plaintiffs were exposed.  This original complaint was filed on or about *August 22, 2001*, and thus clearly and obviously this case has been on file for longer than one year, making removal pursuant to 28 U.S.C.§ § 1446(b),b ased upon diversity jurisdiction of the parties,i nappropriate and contrary to federal law.

2.      The removing defendant, Eaton Corporation ("Eaton"), has claimed that the "plaintiffs" (presumably meaning *this* plaintiff Eddie Gilmore) has "deliberately attempted to manipulate the statutory rules for removal in this situation."  Such a contention is remarkable and without any basis whatsoever in law or fact, for the following reasons:

First of all, the *Walter Stokes* case, in which this plaintiff's claims were originally brought, has *already been removed to federal court, and remanded,*the  District Court having found no federal subject matter jurisdiction existed.  Whatever contributions the removal and/or remand of the original *Walter Stokes* case has made to the passage of one year are completely beyond the control of this plaintiff.

Second, as Eaton has noted in its Notice of Removal, this plaintiff's individual Amended Complaint, filed in June of 2005, was due to a March 7, 2005 order entered by the Circuit Court

of Copiah County, Mississippi, which in effect severed the claims of the individual plaintiffs in the *Walter Stokes* case and began the process for having the severed plaintiffs' claims transferred to new counties of venue— in the case of this particular plaintiff, Warren County, Mississippi. What Eaton conveniently omitted to point out was that the March 7, 2005, order which severed the claims the original *Walter Stokes* plaintiffs was due to subsequent changes in the interpretation of Mississippi procedural law for the joinder of plaintiffs' claims by the Mississippi Supreme Court.  Exactly how this plaintiff— or any other plaintiff in the original *Walter Stokes* case--"manipulated" the Mississippi Supreme Court into changing its interpretation of procedural law for the joinder of plaintiffs' claims *four years later* is never explained by Eaton in its Notice of Removal.  Again, whatever contribution to the passage of time that subsequent changes in the law made were not as the result of the "manipulation" of this plaintiff.

Finally, Eaton claims that the original *Walter Stokes* case removal was based upon federal enclave and "related to" bankruptcy federal jurisdiction, and that Eaton's joinder in the original removal also included its current reason for this removal, i.e., fraudulent joinder of resident defendants to defeat federal jurisdiction.  Eaton further contends that after its local counsel withdrew as counsel for Eaton in February 2003, Eaton did not receive any other pleadings or notices from the U.S. District Court, and was thus unaware of the order remanding the original *Walter Stokes* case to state court.  Despite the remand order's statement that there was ***no*** federal subject matter jurisdiction in the *Walter Stokes* case, Eaton claims that its "fraudulent joinder of resident defendants" arguments were not specifically addressed.  Again, and assuming for the sake of argument that Eaton's counsel did not receive notices from the District Court regarding

the original *Walter Stokes* case and/or its remand, such circumstances are and were completely beyond the ability of this plaintiff to control.  Once again, any passage in time caused by Eaton's counsel's withdrawal and the *alleged* failure of the District Court to notify Eaton of the remand of the original *Walter Stokes* case was not, and could not have been, due to any sinister "manipulation" of this plaintiff.  Moreover, it was this very defendant, Eaton, who filed an amended/supplemental joinder in the original *Walter Stokes* removal to assert federal enclave jurisdiction, and a deposition of one *Walter Stokes* plaintiff, Clyde Lang, was taken with regard to this very issue.  If Eaton was so certain that it had *at that time* a viable "fraudulent joinder of Mississippi defendants" basis for removal[1], then it was Eaton's-- not this or any other *Walter Stokes* plaintiffs'--responsibility and prerogative to pursue discovery on that issue and to make arguments before the District Court regarding the "fraudulent joinder of resident defendants" issue.  Certainly it was through no "manipulation" or other misconduct of this plaintiff that Eaton chose at that time to pursue more vigorously its assertions regarding federal enclave jurisdiction.

     3.     The focus in the question of manipulation of federal rules to defeat diversity is, and should properly be, on the conduct of the party who, as Eaton contends, is seeking to "profit from his actions."  As shown herein above, virtually none of the activity on the *Walter Stokes* original filing which caused the passage of one year were as the direct or even indirect result of the actions of this plaintiff, or any other plaintiff in the *Walter Stokes* case.  Inasmuch as the passage of time from the date of original filing bestows upon this plaintiff the right to assert the one-year time limitation imposed by 28 U.S.C.  §1446(b),t his plaintiff hereby asserts that

---

[1]Apparently Eaton *did* believe it had a "fraudulent joinder of resident defendants" basis for removal in the original *Walter Stokes* removal, inasmuch as it raised the issue in its joinder in the first removal.

this removal is not timely, and for that reason would state that this cause should be remanded to the Circuit Court of Warren County, Mississippi.

    4.    For the foregoing reasons this plaintiff respectfully requests that this cause of action be remanded to the Circuit Court of Warren County, Mississippi.  This plaintiff further asks for his costs and attorneys fees in responding to this Notice of Removal and for any other relief which this Court may deem proper.

    Respectfully submitted on this the 28th day of July, 2005.


          <u>S/s/STACEY LEA SIMS, ESQ.</u>
          STACEY LEA SIMS, ESQ.
          ATTORNEY FOR PLAINTIFF


STACEY LEA SIMS, ESQ.
MS. BAR NO. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE

TIMOTHY W. PORTER, ESQ.  MSB NO. 9687
PATRICK MALOUF, ESQ.  MBN NO. 9702
PORTER & MALOUF, P.A.
825 RIDGEWOOD ROAD
RIDGELAND, MS 39157
TELEPHONE (601)957-1173

## <u>CERTIFICATE OF SERVICE</u>

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios, & Blackwell, PLLC, do hereby certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record, and I certify that I have served the non-Cm/ECF participants by United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing Plaintiff's Emergency Motion to Remand to State Court Pursuant to Rule 7.2(G) AND 7.2(H) of the Uniform District Court Rules of Mississippi.

This the 28th day of July, 2005.


<u>  S/s/ STACEY LEA SIMS, ESQ.</u>
STACEY LEA SIMS, ESQ
ATTORNEY FOR PLAINTIFF



SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 1 8 2005

BY_____ J.T. NOBLIN, CLERK
                                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~WESTERN~~ DIVISION
Southern

EDDIE GILMORE                                      PLAINTIFF

V.                              CIVIL ACTION NO. 105CV345 WG

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.
f/k/a Allied-Signal, Inc.
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY,
HAYS LEMMERZ INTERNATIONAL, INC.,
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                           DEFENDANTS

## NOTICE OF REMOVAL

Defendant Eaton Corporation ("Eaton"), pursuant to 28 U.S.C. §§ 1441, *et*

*seq.*, as amended, files this Notice of Removal, as follows:

1.      The Amended Complaint as styled above was filed in the Circuit

Court of Warren County, Mississippi on June 20, 2005 and is now pending in that court. It seeks actual, compensatory and punitive damages against multiple Defendants as a result of Plaintiff's alleged exposure to asbestos containing products. A copy of the Amended Complaint served on Eaton via mail to Eaton's counsel is attached hereto as Exhibit "A" and incorporated herein by reference.

3.     This action stems from an original action in the Circuit Court of Copiah County, Mississippi, in which an Order was entered on March 7, 2005, severing the claims of the Plaintiffs and transferring their claims to new counties of venue, in this case, Warren County, Mississippi.

4.     Plaintiff is an adult resident citizen of the State of Mississippi.

5.     Defendants named in the Amended Complaint are:

    a.    Allied Signal, Inc., a foreign corporation;
    b.    American Standard, Inc., a foreign corporation;
    c.    The Bendix Corporation, a Delaware corporation;
    d.    Borg-Warner Corporation, a foreign corporation;
    e.    Bridgestone/Firestone, Inc., a foreign corporation;
    f.    Carlisle Companies Incorporated, a Delaware corporation;
    g.    Daimler Chrysler Corporation, a foreign corporation;
    h.    Dana Corporation, a Virginia corporation;
    i.    Danaher Corporation, a foreign corporation;
    j.    Eaton Corporation, a foreign corporation;
    k.    The Firestone Tire & Rubber Company, a foreign corporation;
    l.    Ford Motor Company, a foreign corporation;
    m.    Garlock Inc., a Ohio corporation;
    n.    General Motors Corporation, a foreign corporation;
    o.    General Electric Company, a New York corporation;

p.  Honeywell International Inc. f/k/a Allied-signal, Inc.
    f/k/a Bendix Foundation Brake Corporation, a foreign
    corporation;

q.  Kelsey-Hayes Company, a Delaware corporation;

r.  Hays Lemmerz International, Inc., a Delaware corporation;

s.  Lear Corporation f/k/a Lear Seigler, Inc., a foreign corporation;
    and,

t.  Sears, Roebuck & Co., a foreign corporation.

6.    This Court has original jurisdiction of this matter by reason of the

diversity of citizenship of the parties.   The original action from which this case

was severed was styled  *Walter L. Stokes, et al. v. Abex Corporation, et al.* , In the

Circuit Court of Copiah County, Mississippi, Civil Action No. 2001-0520.

When the original Complaint was filed on August 22, 2001, there were forty-five

(45) named Defendants, seven (7) of whom were Mississippi corporations or

businesses.  However, upon the filing of the Amended Complaint, the Mississippi

resident Defendants were no longer named parties.  Upon information and belief,

Plaintiffs have deliberately attempted to manipulate the statutory rules for removal

in this situation.  Eaton submits that equity requires that the one-year limit for

removal of 28 U.S.C. §§ 1446(b) be extended under the facts of this case.  This

case became removable upon the filing of the Amended Complaint on June 20,

2005 and thus, this removal is timely.

7.    Eaton would further show that the *Stokes* case, which contained the

3

claims of *Gilmore*, was removed to the United States District Court for the

Southern District of Mississippi, Southern Division and given cause No. 1:01-cv-

00499WJG on December 5, 2001. Eaton filed its Joinder in Removal on

December 27, 2001, asserting that the Mississippi defendants were fraudulently

joined to prevent removal and asserting diversity jurisdiction, and filed its First

Supplemental and Amended Joinder in Removal, after the deposition of Plaintiff

Clyde Lang, to assert Federal question jurisdiction under the Federal enclave

theory. Copies of both pleadings are attached and incorporated herein by

reference as Exhibits "B" and "C", respectively.

     8.    On April 26, 2002, an Order was entered placing the *Stokes* case on

the inactive docket, pending a final decision of the United States Court of Appeals

for the Third Circuit in a related bankruptcy matter. On February 20, 2003, an

Order was entered allowing William M. Quin, II to withdraw as counsel for Eaton

in the *Stokes* case. It is significant that after that time, The Allred Law Firm

received no more notices from the District Court, and was therefore, unaware that

an Order and Memorandum Opinion were entered on April 14, 2003, remanding

the *Stokes* case, which at that time contained the *Gilmore* claim, to the Circuit

Court of Copiah County. The remand Order did not address the issue of

fraudulent joinder and diversity. The case was remanded because "the Court

4

concludes that there is no federal subject matter jurisdiction in this case . . ."

9.     It is patently obvious that this Plaintiff in fact had no claim or cause of action against those seven (7) Mississippi Defendants named in the original Complaint.  Otherwise, he would have named them as Defendants in his Amended Complaint.  Plaintiff has attempted to bend the rules and statutes which grant the right of removal to non-resident defendants and should not now be allowed to profit from his actions.  The United States Court of Appeals for the Fifth Circuit has held in *Tedford v Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), that where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended.  This Court, too, has held that where there is bad faith manipulation of the forum by a party, that party is equitably estopped from asserting the one-year limit in § 1446(b).  *Morrison v. National Benefit Life,* 889 F. Supp. 945 (S.D. Miss 1995). Equity requires that the one-year time limit for removal be extended under the facts of this case.

10.     The amount in controversy in the action, exclusive of interest and costs, exceeds the jurisdictional minimum.

11     By filing this Notice of Removal, Eaton does not waive its right to

5

object to service, service of process, the sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

12.    A copy of this Notice of Removal will be sent to all counsel of record and will be filed with the Circuit Clerk of Warren County, Mississippi.

WHEREFORE, Eaton Corporation requests that the above entitled action be removed from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division.

Respectfully submitted on this the _____ day of July, 2005.

EATON CORPORATION

By: _____
KAY HARDAGE (MSB #3061)

OF COUNSEL:

Michael S. Allred, Esq. (MSB #1538)
Kay Hardage, Esq. (MSB #3061)
THE ALLRED LAW FIRM
1911 Dunbarton Drive (39216)
Post Office Box 3828
Jackson, Mississippi 39207
Telephone: (601) 713-1414
Facsimile: (601) 713-325

6

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day caused to be served, via U. S. Mail,

postage fully prepaid, a true and correct copy of the foregoing to all known

counsel of record listed on the attached service list at their usual and regular

mailing address.

This the  15  day of July, 2005.

KAY HARDAGE

7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ESTATE OF CLYDE LANG                                           PLAINTIFF

V.                                              CIVIL ACTION NO. 1:05cv344

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK, INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.,
f/k/a Allied-Signal, Inc.,
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY
HAYS-LEMMERZ INTERNATIONAL, INC.
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                     DEFENDANTS

PLAINTIFF'S EMERGENCY MOTION TO REMAND TO
STATE COURT PURSUANT TO RULE 7.2(G) AND 7.2(H)
OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

COMES NOW the heirs at law of Clyde Lang, deceased, by and through counsel, and

files this his Motion to Remand to state court and in support thereof would show unto this Court

the following:

-1-

1.     The decedent Clyde Lang was originally a plaintiff in a case styled *Walter L. Stokes, et al. v. Abex Corporation, et al.*, in the Circuit Court of Copiah County, Mississippi, Civ. Action No. 2001-0520.  At the time of this plaintiff's filing of this Complaint, there were approximately forty-five (45) defendants, of which seven were Mississippi corporations or businesses.  Under Mississippi procedural and substantive law as it then existed, the *Walter Stokes* case was properly filed and the plaintiffs' claims were properly joined against the various defendants who manufactured, sold, and/or distributed asbestos products to which the various respective plaintiffs were exposed.  This original complaint was filed on or about ***August 22, 2001***, and thus clearly and obviously this case has been on file for longer than one year, making removal pursuant to 28 U.S.C.§ § 1446(b),b ased upon diversity jurisdiction of the parties, inappropriate and contrary to federal law.

2.     The removing defendant, Eaton Corporation ("Eaton"), has claimed that the "plaintiffs" (presumably meaning *this* decedent Clyde Lang) has "deliberately attempted to manipulate the statutory rules for removal in this situation."  Such a contention is remarkable and without any basis whatsoever in law or fact, for the following reasons:

First of all, the *Walter Stokes* case, in which this decedent's claims were originally brought, has *already been removed to federal court, **and** remanded,*the  District Court having found no federal subject matter jurisdiction existed.  Whatever contributions the removal and/or remand of the original *Walter Stokes* case has made to the passage of one year are completely beyond the control of this decedent.

Second, as Eaton has noted in its Notice of Removal, this plaintiff's individual Amended Complaint, filed in June of 2005, was due to a March 7, 2005 order entered by the Circuit Court

of Copiah County, Mississippi, which in effect severed the claims of the individual plaintiffs in the *Walter Stokes* case and began the process for having the severed plaintiffs' claims transferred to new counties of venue— in the case of this particular decedent, Warren County, Mississippi. What Eaton conveniently omitted to point out was that the March 7, 2005, order which severed the claims the original *Walter Stokes* plaintiffs was due to subsequent changes in the interpretation of Mississippi procedural law for the joinder of plaintiffs' claims by the Mississippi Supreme Court. Exactly how this decedent— or any other plaintiff in the original *Walter Stokes* case--"manipulated" the Mississippi Supreme Court into changing its interpretation of procedural law for the joinder of plaintiffs' claims *four years later* is never explained by Eaton in its Notice of Removal. Again, whatever contribution to the passage of time that subsequent changes in the law made were not as the result of the "manipulation" of this decedent.

Finally, Eaton claims that the original *Walter Stokes* case removal was based upon federal enclave and "related to" bankruptcy federal jurisdiction, and that Eaton's joinder in the original removal also included its current reason for this removal, i.e., fraudulent joinder of resident defendants to defeat federal jurisdiction. Eaton further contends that after its local counsel withdrew as counsel for Eaton in February 2003, Eaton did not receive any other pleadings or notices from the U.S. District Court, and was thus unaware of the order remanding the original *Walter Stokes* case to state court. Despite the remand order's statement that there was *no* federal subject matter jurisdiction in the *Walter Stokes* case, Eaton claims that its "fraudulent joinder of resident defendants" arguments were not specifically addressed. Again, and assuming for the sake of argument that Eaton's counsel did not receive notices from the District Court regarding

the original *Walter Stokes* case and/or its remand, such circumstances are and were completely beyond the ability of this decedent to have controlled.  Once again, any passage in time caused by Eaton's counsel's withdrawal and the *alleged* failure of the District Court to notify Eaton of the remand of the original *Walter Stokes* case was not, and could not have been, due to any sinister "manipulation" of this decedent.  Moreover, it was this very defendant, Eaton, who filed an amended/supplemental joinder in the original *Walter Stokes* removal to assert federal enclave jurisdiction, and a deposition of this decedent, Clyde Lang, was taken with regard to this very issue.  If Eaton was so certain that it had *at that time* a viable "fraudulent joinder of Mississippi defendants" basis for removal[1], then it was Eaton's-- not this decedent's nor any other *Walter Stokes* plaintiffs'--responsibility and prerogative to pursue discovery on that issue and to make arguments before the District Court regarding the "fraudulent joinder of resident defendants" issue.  Certainly it was through no "manipulation" or other misconduct of this decedent that Eaton chose at that time to pursue more vigorously its assertions regarding federal enclave jurisdiction.

     3.      The focus in the question of manipulation of federal rules to defeat diversity is, and should properly be, on the conduct of the party who, as Eaton contends, is seeking to "profit from his actions."  As shown herein above, virtually none of the activity on the *Walter Stokes* original filing which caused the passage of one year were as the direct or even indirect result of the actions of this decedent, or any other plaintiff in the *Walter Stokes* case.  Inasmuch as the passage of time from the date of original filing bestows upon this decedent's estate the

---

[1]Apparently Eaton *did* believe it had a "fraudulent joinder of resident defendants" basis for removal in the original *Walter Stokes* removal, inasmuch as it raised the issue in its joinder in the first removal.

right to assert the one-year time limitation imposed by 28 U.S.C. §1446(b),t he same hereby

asserts that this removal is not timely, and for that reason would state that this cause should be

remanded to the Circuit Court of Warren County, Mississippi.

    4.    For the foregoing reasons this plaintiff respectfully requests that this cause of

action be remanded to the Circuit Court of Warren County, Mississippi. This estate, on behalf of

the deceased plaintiff Clyde Lang, further asks for his costs and attorneys fees in responding to

this Notice of Removal and for any other relief which this Court may deem proper.

    Respectfully submitted on this the 28th day of July, 2005.


                 S/s/STACEY LEA SIMS, ESQ.
               STACEY LEA SIMS, ESQ.
               ATTORNEY FOR PLAINTIFF


STACEY LEA SIMS, ESQ.
MS. BAR NO. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE

TIMOTHY W. PORTER, ESQ. MSB NO. 9687
PATRICK MALOUF, ESQ. MBN NO. 9702
PORTER & MALOUF, P.A.
825 RIDGEWOOD ROAD
RIDGELAND, MS 39157
TELEPHONE (601)957-1173

## **CERTIFICATE OF SERVICE**

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios, & Blackwell, PLLC, do hereby certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record, and I certify that I have served the non-Cm/ECF participants by United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing Plaintiff's Emergency Motion to Remand to State Court Pursuant to Rule 7.2(G) AND 7.2(H) of the Uniform District Court Rules of Mississippi.

This the 28th day of July, 2005.


            <u>  S/s/ STACEY LEA SIMS, ESQ.</u>
            STACEY LEA SIMS, ESQ
            ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~WESTERN~~ DIVISION
Southern

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
JUL 1 8 2005
J.T. NOBLIN, CLERK
BY_____ DEPUTY

ESTATE OF CLYDE LANG                                              PLAINTIFF

V.                              CIVIL ACTION NO. 1:05cv344WJG

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.
f/k/a Allied-Signal, Inc.
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY,
HAYS LEMMERZ INTERNATIONAL, INC.,
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                         DEFENDANTS

## NOTICE OF REMOVAL

Defendant Eaton Corporation ("Eaton"), pursuant to 28 U.S.C. §§ 1441, *et*

*seq.*, as amended, files this Notice of Removal, as follows:

1.     The Amended Complaint as styled above was filed in the Circuit

Court of Warren County, Mississippi on June 20, 2005 and is now pending in that court. It seeks actual, compensatory and punitive damages against multiple Defendants as a result of Plaintiff's alleged exposure to asbestos containing products. A copy of the Amended Complaint served on Eaton via mail to Eaton's counsel is attached hereto as Exhibit "A" and incorporated herein by reference.

3.     This action stems from an original action in the Circuit Court of Copiah County, Mississippi, in which an Order was entered on March 7, 2005, severing the claims of the Plaintiffs and transferring their claims to new counties of venue, in this case, Warren County, Mississippi.

4.     Plaintiff is an adult resident citizen of the State of Mississippi.

5.     Defendants named in the Amended Complaint are:

    a.    Allied Signal, Inc., a foreign corporation;
    b.    American Standard, Inc., a foreign corporation;
    c.    The Bendix Corporation, a Delaware corporation;
    d.    Borg-Warner Corporation, a foreign corporation;
    e.    Bridgestone/Firestone, Inc., a foreign corporation;
    f.    Carlisle Companies Incorporated, a Delaware corporation;
    g.    Daimler Chrysler Corporation, a foreign corporation;
    h.    Dana Corporation, a Virginia corporation;
    i.    Danaher Corporation, a foreign corporation;
    j.    Eaton Corporation, a foreign corporation;
    k.    The Firestone Tire & Rubber Company, a foreign corporation;
    l.    Ford Motor Company, a foreign corporation;
    m.    Garlock Inc., a Ohio corporation;
    n.    General Motors Corporation, a foreign corporation;
    o.    General Electric Company, a New York corporation;

2

p.    Honeywell International Inc. f/k/a Allied-signal, Inc.
f/k/a Bendix Foundation Brake Corporation, a foreign
corporation;

q.    Kelsey-Hayes Company, a Delaware corporation;

r.    Hays Lemmerz International, Inc., a Delaware corporation;

s.    Lear Corporation f/k/a Lear Seigler, Inc., a foreign corporation; and,

t.    Sears, Roebuck & Co., a foreign corporation.

6.    This Court has original jurisdiction of this matter by reason of the diversity of citizenship of the parties. The original action from which this case was severed was styled *Walter L. Stokes, et al. v. Abex Corporation, et al.* , in the Circuit Court of Copiah County, Mississippi, Civil Action No. 2001-0520. When the original Complaint was filed on August 22, 2001, there were forty-five (45) named Defendants, seven (7) of whom were Mississippi corporations or businesses. However, upon the filing of the Amended Complaint, the Mississippi resident Defendants were no longer named parties. Upon information and belief, Plaintiffs have deliberately attempted to manipulate the statutory rules for removal in this situation. Eaton submits that equity requires that the one-year limit for removal of 28 U.S.C. §§ 1446(b) be extended under the facts of this case. This case became removable upon the filing of the Amended Complaint on June 20, 2005 and thus, this removal is timely.

7.    Eaton would further show that the *Stokes* case, which contained the

3

claims of *Lang*, was removed to the United States District Court for the Southern

District of Mississippi, Southern Division and given cause No. 1:01-cv-

00499WJG on December 5, 2001.  Eaton filed its Joinder in Removal on

December 27, 2001, asserting that the Mississippi defendants were fraudulently

joined to prevent removal and asserting diversity jurisdiction, and filed its First

Supplemental and Amended Joinder in Removal, after the deposition of Plaintiff

Clyde Lang, to assert Federal question jurisdiction under the Federal enclave

theory.  Copies of both pleadings are attached and incorporated herein by

reference as Exhibits "B" and "C", respectively.

8.      On April 26, 2002, an Order was entered placing the *Stokes* case on

the inactive docket, pending a final decision of the United States Court of Appeals

for the Third Circuit in a related bankruptcy matter.  On February 20, 2003, an

Order was entered allowing William M. Quin, II to withdraw as counsel for Eaton

in the *Stokes* case.  It is significant that after that time, The Allred Law Firm

received no more notices from the District Court, and was therefore, unaware that

an Order and Memorandum Opinion were entered on April 14, 2003, remanding

the *Stokes* case, which at that time contained the *Lang* claim, to the Circuit Court

of Copiah County.  The remand Order did not address the issue of fraudulent

joinder and diversity.  The case was remanded because "the Court concludes that

4

there is no federal subject matter jurisdiction in this case . . ."

9.    It is patently obvious that this Plaintiff in fact had no claim or cause of action against those seven (7) Mississippi Defendants named in the original Complaint.  Otherwise, he would have named them as Defendants in his Amended Complaint.  Plaintiff has attempted to bend the rules and statutes which grant the right of removal to non-resident defendants and should not now be allowed to profit from his actions.  The United States Court of Appeals for the Fifth Circuit has held in *Tedford v Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), that where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b)  be extended.  This Court, too, has held that where there is bad faith manipulation of the forum by a party, that party is equitably estopped from asserting the one-year limit in § 1446(b).  *Morrison v. National Benefit Life*, 889 F. Supp. 945 (S.D. Miss 1995).  Equity requires that the one-year time limit for removal be extended under the facts of this case.

10.    The amount in controversy in the action, exclusive of interest and costs, exceeds the jurisdictional minimum.

11.    By filing this Notice of Removal, Eaton does not waive its right to

object to service, service of process, the sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

12. A copy of this Notice of Removal will be sent to all counsel of record and will be filed with the Circuit Clerk of Warren County, Mississippi.

WHEREFORE, Eaton Corporation requests that the above entitled action be removed from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division.

Respectfully submitted on this the ___15___ day of July, 2005.

EATON CORPORATION

By: _KAY HARDAGE (MSB #3061)_

KAY HARDAGE (MSB #3061)

OF COUNSEL:

Michael S. Allred, Esq. (MSB #1538)
Kay Hardage, Esq. (MSB #3061)
THE ALLRED LAW FIRM
1911 Dunbarton Drive (39216)
Post Office Box 3828
Jackson, Mississippi 39207
Telephone: (601) 713-1414
Facsimile: (601) 713-325

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day caused to be served, via U. S. Mail,

postage fully prepaid, a true and correct copy of the foregoing to all known

counsel of record listed on the attached service list at their usual and regular

mailing address.

This the __15__ day of July, 2005.

KAY HARDAGE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HUNTER MARTIN                                                      PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:05cv346

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK, INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.,
f/k/a Allied-Signal, Inc.,
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY
HAYS-LEMMERZ INTERNATIONAL, INC.
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                       DEFENDANTS

PLAINTIFF'S EMERGENCY MOTION TO REMAND TO
STATE COURT PURSUANT TO RULE 7.2(G) AND 7.2(H)
OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

COMES NOW Hunter Martin, plaintiff herein, by and through counsel, and files this his

Motion to Remand to state court and in support thereof would show unto this Court the

following:

-1-

1.      This plaintiff was originally a plaintiff in a case styled *Walter L. Stokes, et al. v. Abex Corporation, et al.*, in the Circuit Court of Copiah County, Mississippi, Civ. Action No. 2001-0520.  At the time of this plaintiff's filing of this Complaint, there were approximately forty-five (45) defendants, of which seven were Mississippi corporations or businesses.  Under Mississippi procedural and substantive law as it then existed, the *Walter Stokes* case was properly filed and the plaintiffs' claims were properly joined against the various defendants who manufactured, sold, and/or distributed asbestos products to which the various respective plaintiffs were exposed.  This original complaint was filed on or about ***August 22, 2001***, and thus clearly and obviously this case has been on file for longer than one year, making removal pursuant to 28 U.S.C.§ § 1446(b),b ased upon diversity jurisdiction of the parties,i nappropriate and contrary to federal law.

2.      The removing defendant, Eaton Corporation ("Eaton"), has claimed that the "plaintiffs" (presumably meaning *this* plaintiff Hunter Martin) has "deliberately attempted to manipulate the statutory rules for removal in this situation."  Such a contention is remarkable and without any basis whatsoever in law or fact, for the following reasons:

First of all, the *Walter Stokes* case, in which this plaintiff's claims were originally brought, has *already been removed to federal court, **and** remanded,*the  District Court having found no federal subject matter jurisdiction existed.  Whatever contributions the removal and/or remand of the original *Walter Stokes* case has made to the passage of one year are completely beyond the control of this plaintiff.

Second, as Eaton has noted in its Notice of Removal, this plaintiff's individual Amended Complaint, filed in June of 2005, was due to a March 7, 2005 order entered by the Circuit Court

-2-

of Copiah County, Mississippi, which in effect severed the claims of the individual plaintiffs in the *Walter Stokes* case and began the process for having the severed plaintiffs' claims transferred to new counties of venue— in the case of this particular plaintiff, the First Judicial District of Hinds County, Mississippi.  What Eaton conveniently omitted to point out was that the March 7, 2005, order which severed the claims the original *Walter Stokes* plaintiffs was due to subsequent changes in the interpretation of Mississippi procedural law for the joinder of plaintiffs' claims by the Mississippi Supreme Court.  Exactly how this plaintiff— or any other plaintiff in the original *Walter Stokes* case--"manipulated" the Mississippi Supreme Court into changing its interpretation of procedural law for the joinder of plaintiffs' claims *four years later* is never explained by Eaton in its Notice of Removal.  Again, whatever contribution to the passage of time that subsequent changes in the law made were not as the result of the "manipulation" of this plaintiff.

Finally, Eaton claims that the original *Walter Stokes* case removal was based upon federal enclave and "related to" bankruptcy federal jurisdiction, and that Eaton's joinder in the original removal also included its current reason for this removal, i.e., fraudulent joinder of resident defendants to defeat federal jurisdiction.  Eaton further contends that after its local counsel withdrew as counsel for Eaton in February 2003, Eaton did not receive any other pleadings or notices from the U.S. District Court, and was thus unaware of the order remanding the original *Walter Stokes* case to state court.  Despite the remand order's statement that there was **no** federal subject matter jurisdiction in the *Walter Stokes* case, Eaton claims that its "fraudulent joinder of resident defendants" arguments were not specifically addressed.  Again, and assuming for the sake of argument that Eaton's counsel did not receive notices from the District Court regarding

-3-

the original *Walter Stokes* case and/or its remand, such circumstances are and were completely beyond the ability of this plaintiff to control. Once again, any passage in time caused by Eaton's counsel's withdrawal and the *alleged* failure of the District Court to notify Eaton of the remand of the original *Walter Stokes* case was not, and could not have been, due to any sinister "manipulation" of this plaintiff. Moreover, it was this very defendant, Eaton, who filed an amended/supplemental joinder in the original *Walter Stokes* removal to assert federal enclave jurisdiction, and a deposition of one *Walter Stokes* plaintiff, Clyde Lang, was taken with regard to this very issue. If Eaton was so certain that it had *at that time* a viable "fraudulent joinder of Mississippi defendants" basis for removal[1], then it was Eaton's-- not this or any other *Walter Stokes* plaintiffs'--responsibility and prerogative to pursue discovery on that issue and to make arguments before the District Court regarding the "fraudulent joinder of resident defendants" issue. Certainly it was through no "manipulation" or other misconduct of this plaintiff that Eaton chose at that time to pursue more vigorously its assertions regarding federal enclave jurisdiction.

  3.  The focus in the question of manipulation of federal rules to defeat diversity is, and should properly be, on the conduct of the party who, as Eaton contends, is seeking to "profit from his actions." As shown herein above, virtually none of the activity on the *Walter Stokes* original filing which caused the passage of one year were as the direct or even indirect result of the actions of this plaintiff, or any other plaintiff in the *Walter Stokes* case. Inasmuch as the passage of time from the date of original filing bestows upon this plaintiff the right to assert the one-year time limitation imposed by 28 U.S.C. §1446(b),t his plaintiff hereby asserts that

---

  [1]Apparently Eaton *did* believe it had a "fraudulent joinder of resident defendants" basis for removal in the original *Walter Stokes* removal, inasmuch as it raised the issue in its joinder in the first removal.

this removal is not timely, and for that reason would state that this cause should be remanded to the Circuit Court of Warren County, Mississippi.

4.      For the foregoing reasons this plaintiff respectfully requests that this cause of action be remanded to the Circuit Court, First Judicial District, of Hinds County, Mississippi. This plaintiff further asks for his costs and attorneys fees in responding to this Notice of Removal and for any other relief which this Court may deem proper.

Respectfully submitted on this the 28th day of July, 2005.


                              S/s/STACEY LEA SIMS, ESQ.
                         STACEY LEA SIMS, ESQ.
                         ATTORNEY FOR PLAINTIFF


STACEY LEA SIMS, ESQ.
MS. BAR NO. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE

TIMOTHY W. PORTER, ESQ.  MSB NO. 9687
PATRICK MALOUF, ESQ.  MBN NO. 9702
PORTER & MALOUF, P.A.
825 RIDGEWOOD ROAD
RIDGELAND, MS 39157
TELEPHONE (601)957-1173

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios, & Blackwell, PLLC, do hereby certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record, and I certify that I have served the non-Cm/ECF participants by United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing Plaintiff's Emergency Motion to Remand to State Court Pursuant to Rule 7.2(G) AND 7.2(H) of the Uniform District Court Rules of Mississippi.

This the 28th day of July, 2005.


<u>    S/s/ STACEY LEA SIMS, ESQ.</u>
STACEY LEA SIMS, ESQ
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~JACKSON~~ DIVISION
Southern

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUL 1 8 2005

J.T. NOBLIN, CLERK
BY_____ DEPUTY

HUNTER C. MARTIN a/k/a
MARTIN C. HUNTER                                          PLAINTIFF

V.                                    CIVIL ACTION NO. 105cv 340 WJG

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.
f/k/a Allied-Signal, Inc.
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY,
HAYS LEMMERZ INTERNATIONAL, INC.,
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                 DEFENDANTS

## NOTICE OF REMOVAL

Defendant Eaton Corporation ("Eaton"), pursuant to 28 U.S.C. §§ 1441, *et*

*seq.*, as amended, files this Notice of Removal, as follows:

1.     The Amended Complaint as styled above was filed in the Circuit
Court of Hinds County, Mississippi, First Judicial District, on June 20, 2005 and is
now pending in that court.  It seeks actual, compensatory and punitive damages
against multiple Defendants as a result of Plaintiff's alleged exposure to asbestos
containing products.  A copy of the Amended Complaint served on Eaton via mail
to Eaton's counsel is attached hereto as Exhibit "A" and incorporated herein by
reference.

3.     This action stems from an original action in the Circuit Court of
Copiah County, Mississippi, in which an Order was entered on March 7, 2005,
severing the claims of the Plaintiffs and transferring their claims to new counties
of venue, in this case, Hinds County, Mississippi.

4.     Plaintiff is an adult resident citizen of the State of Mississippi.

5.     Defendants named in the Amended Complaint are:

    a.    Allied Signal, Inc., a foreign corporation;
    b.    American Standard, Inc., a foreign corporation;
    c.    The Bendix Corporation, a Delaware corporation;
    d.    Borg-Warner Corporation, a foreign corporation;
    e.    Bridgestone/Firestone, Inc., a foreign corporation;
    f.    Carlisle Companies Incorporated, a Delaware corporation;
    g.    Daimler Chrysler Corporation, a foreign corporation;
    h.    Dana Corporation, a Virginia corporation;
    i.    Danaher Corporation, a foreign corporation;
    j.    Eaton Corporation, a foreign corporation;
    k.    The Firestone Tire & Rubber Company, a foreign corporation;

l.  Ford Motor Company, a foreign corporation;

m.  Garlock Inc., a Ohio corporation;

n.  General Motors Corporation, a foreign corporation;

o.  General Electric Company, a New York corporation;

p.  Honeywell International Inc. f/k/a Allied-signal, Inc.
    f/k/a Bendix Foundation Brake Corporation, a foreign
    corporation;

q.  Kelsey-Hayes Company, a Delaware corporation;

r.  Hays Lemmerz International, Inc., a Delaware corporation;

s.  Lear Corporation f/k/a Lear Seigler, Inc., a foreign corporation;
    and,

t.  Sears, Roebuck & Co., a foreign corporation.

6.  This Court has original jurisdiction of this matter by reason of the

diversity of citizenship of the parties.  The original action from which this case

was severed was styled *Walter L. Stokes, et al. v. Abex Corporation, et al.* , in the

Circuit Court of Copiah County, Mississippi, Civil Action No. 2001-0520.  When

the original Complaint was filed on August 22, 2001, there were forty-five (45)

named Defendants, seven (7) of whom were Mississippi corporations or

businesses.  However, upon the filing of the Amended Complaint, the Mississippi

resident Defendants were no longer named parties.  Upon information and belief,

Plaintiffs have deliberately attempted to manipulate the statutory rules for removal

in this situation.  Eaton submits that equity requires that the one-year limit for

removal of 28 U.S.C. §§ 1446(b) be extended under the facts of this case.  This

case became removable upon the filing of the Amended Complaint on June 20,

3

2005 and thus, this removal is timely.

7.     Eaton would further show that the *Stokes* case, which contained the claims of *Martin*, was removed to the United States District Court for the Southern District of Mississippi, Southern Division and given cause No. 1:01-cv-00499WJG on December 5, 2001. Eaton filed its Joinder in Removal on December 27, 2001, asserting that the Mississippi defendants were fraudulently joined to prevent removal and asserting diversity jurisdiction, and filed its First Supplemental and Amended Joinder in Removal, after the deposition of Plaintiff Clyde Lang, to assert Federal question jurisdiction under the Federal enclave theory. Copies of both pleadings are attached and incorporated herein by reference as Exhibits "B" and "C", respectively.

8.     On April 26, 2002, an Order was entered placing the *Stokes* case on the inactive docket, pending a final decision of the United States Court of Appeals for the Third Circuit in a related bankruptcy matter. On February 20, 2003, an Order was entered allowing William M. Quin, II to withdraw as counsel for Eaton in the *Stokes* case. It is significant that after that time, The Allred Law Firm received no more notices from the District Court, and was therefore, unaware that an Order and Memorandum Opinion were entered on April 14, 2003, remanding the *Stokes* case, which at that time contained the *Martin* claim, to the Circuit Court

4

of Copiah County. The remand Order did not address the issue of fraudulent

joinder and diversity. The case was remanded because "the Court concludes that

there is no federal subject matter jurisdiction in this case . . ."

9.     It is patently obvious that this Plaintiff in fact had no claim or cause

of action against those seven (7) Mississippi Defendants named in the original

Complaint. Otherwise, he would have named them as Defendants in his Amended

Complaint. Plaintiff has attempted to bend the rules and statutes which grant the

right of removal to non-resident defendants and should not now be allowed to

profit from his actions. The United States Court of Appeals for the Fifth Circuit

has held in *Tedford v Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), that

where a plaintiff has attempted to manipulate the statutory rules for determining

federal removal jurisdiction, thereby preventing the defendant from exercising its

rights, equity may require that the one-year limit in § 1446(b) be extended. This

Court, too, has held that where there is bad faith manipulation of the forum by a

party, that party is equitably estopped from asserting the one-year limit in §

1446(b). *Morrison v. National Benefit Life,* 889 F. Supp. 945 (S.D. Miss 1995).

Equity requires that the one-year time limit for removal be extended under the

facts of this case.

10.     The amount in controversy in the action, exclusive of interest and

5

costs, exceeds the jurisdictional minimum.

11.   By filing this Notice of Removal, Eaton does not waive its right to object to service, service of process, the sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

12.   A copy of this Notice of Removal will be sent to all counsel of record and will be filed with the Circuit Clerk of Hinds County, Mississippi.

WHEREFORE, Eaton Corporation requests that the above entitled action be removed from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division.

Respectfully submitted on this the ___15___ day of July, 2005.

EATON CORPORATION

By: _____
    KAY HARDAGE (MSB #3061)

OF COUNSEL:

Michael S. Allred, Esq. (MSB #1538)
Kay Hardage, Esq. (MSB #3061)
THE ALLRED LAW FIRM
1911 Dunbarton Drive (39216)
Post Office Box 3828
Jackson, Mississippi  39207
Telephone: (601) 713-1414
Facsimile: (601) 713-325

6

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day caused to be served, via U. S. Mail, postage fully prepaid, a true and correct copy of the foregoing to all known counsel of record listed on the attached service list at their usual and regular mailing address.

This the __15__ day of July, 2005.

_KHardage_

KAY HARDAGE

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


WALTER STOKES                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 1:05cv347

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK, INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.,
f/k/a Allied-Signal, Inc.,
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY
HAYS-LEMMERZ INTERNATIONAL, INC.
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
SEARS, ROEBUCK & CO.,
JOHN DOE DEFENDANTS 1-500                                        DEFENDANTS


PLAINTIFF'S EMERGENCY MOTION TO REMAND TO
STATE COURT PURSUANT TO RULE 7.2(G) AND 7.2(H)
OF THE UNIFORM DISTRICT COURT RULES OF MISSISSIPPI

COMES NOW Walter Stokes, plaintiff herein, by and through counsel, and files this his

Motion to Remand to state court and in support thereof would show unto this Court the

following:

-1-

1.      This plaintiff was originally a plaintiff in a case styled *Walter L. Stokes, et al. v. Abex Corporation, et al.*, in the Circuit Court of Copiah County, Mississippi, Civ. Action No. 2001-0520.  At the time of this plaintiff's filing of this Complaint, there were approximately forty-five (45) defendants, of which seven were Mississippi corporations or businesses.  Under Mississippi procedural and substantive law as it then existed, the *Walter Stokes* case was properly filed and the plaintiffs' claims were properly joined against the various defendants who manufactured, sold, and/or distributed asbestos products to which the various respective plaintiffs were exposed.  This original complaint was filed on or about ***August 22, 2001***, and thus clearly and obviously this case has been on file for longer than one year, making removal pursuant to 28 U.S.C.§ § 1446(b),b ased upon diversity jurisdiction of the parties,i nappropriate and contrary to federal law.

2.      The removing defendant, Eaton Corporation ("Eaton"), has claimed that the "plaintiffs" (presumably meaning *this* plaintiff Walter Stokes) has "deliberately attempted to manipulate the statutory rules for removal in this situation."  Such a contention is remarkable and without any basis whatsoever in law or fact, for the following reasons:

First of all, the *Walter Stokes* case, in which this plaintiff's claims were originally brought, has *already been removed to federal court, **and** remanded,*the  District Court having found no federal subject matter jurisdiction existed.  Whatever contributions the removal and/or remand of the original *Walter Stokes* case has made to the passage of one year are completely beyond the control of this plaintiff.

Second, as Eaton has noted in its Notice of Removal, this plaintiff's individual Amended Complaint, filed in June of 2005, was due to a March 7, 2005 order entered by the Circuit Court

of Copiah County, Mississippi, which in effect severed the claims of the individual plaintiffs in the *Walter Stokes* case and began the process for having the severed plaintiffs' claims transferred to new counties of venue— in the case of this particular plaintiff, Yazoo County, Mississippi. What Eaton conveniently omitted to point out was that the March 7, 2005, order which severed the claims the original *Walter Stokes* plaintiffs was due to subsequent changes in the interpretation of Mississippi procedural law for the joinder of plaintiffs' claims by the Mississippi Supreme Court.  Exactly how this plaintiff— or any other plaintiff in the original *Walter Stokes* case--"manipulated" the Mississippi Supreme Court into changing its interpretation of procedural law for the joinder of plaintiffs' claims *four years later* is never explained by Eaton in its Notice of Removal.  Again, whatever contribution to the passage of time that subsequent changes in the law made were not as the result of the "manipulation" of this plaintiff.

Finally, Eaton claims that the original *Walter Stokes* case removal was based upon federal enclave and "related to" bankruptcy federal jurisdiction, and that Eaton's joinder in the original removal also included its current reason for this removal, i.e., fraudulent joinder of resident defendants to defeat federal jurisdiction.  Eaton further contends that after its local counsel withdrew as counsel for Eaton in February 2003, Eaton did not receive any other pleadings or notices from the U.S. District Court, and was thus unaware of the order remanding the original *Walter Stokes* case to state court.  Despite the remand order's statement that there was ***no*** federal subject matter jurisdiction in the *Walter Stokes* case, Eaton claims that its "fraudulent joinder of resident defendants" arguments were not specifically addressed.  Again, and assuming for the sake of argument that Eaton's counsel did not receive notices from the District Court regarding

-3-

the original *Walter Stokes* case and/or its remand, such circumstances are and were completely beyond the ability of this plaintiff to control.  Once again, any passage in time caused by Eaton's counsel's withdrawal and the *alleged* failure of the District Court to notify Eaton of the remand of the original *Walter Stokes* case was not, and could not have been, due to any sinister "manipulation" of this plaintiff.  Moreover, it was this very defendant, Eaton, who filed an amended/supplemental joinder in the original *Walter Stokes* removal to assert federal enclave jurisdiction, and a deposition of one *Walter Stokes* plaintiff, Clyde Lang, was taken with regard to this very issue.  If Eaton was so certain that it had *at that time* a viable "fraudulent joinder of Mississippi defendants" basis for removal[1], then it was Eaton's-- not this or any other *Walter Stokes* plaintiffs'--responsibility and prerogative to pursue discovery on that issue and to make arguments before the District Court regarding the "fraudulent joinder of resident defendants" issue.  Certainly it was through no "manipulation" or other misconduct of this plaintiff that Eaton chose at that time to pursue more vigorously its assertions regarding federal enclave jurisdiction.

     3.      The focus in the question of manipulation of federal rules to defeat diversity is, and should properly be, on the conduct of the party who, as Eaton contends, is seeking to "profit from his actions."  As shown herein above, virtually none of the activity on the *Walter Stokes* original filing which caused the passage of one year were as the direct or even indirect result of the actions of this plaintiff, or any other plaintiff in the *Walter Stokes* case.  Inasmuch as the passage of time from the date of original filing bestows upon this plaintiff the right to assert the one-year time limitation imposed by 28 U.S.C. §1446(b),t his plaintiff hereby asserts that

---

[1]Apparently Eaton *did* believe it had a "fraudulent joinder of resident defendants" basis for removal in the original *Walter Stokes* removal, inasmuch as it raised the issue in its joinder in the first removal.

this removal is not timely, and for that reason would state that this cause should be remanded to

the Circuit Court of Yazoo County, Mississippi.

4.      For the foregoing reasons this plaintiff respectfully requests that this cause of

action be remanded to the Circuit Court of Yazoo County, Mississippi.  This plaintiff further asks

for his costs and attorneys fees in responding to this Notice of Removal and for any other relief

which this Court may deem proper.

Respectfully submitted on this the 28th day of July, 2005.


　　　　　　　　　　　　　　S/s/STACEY LEA SIMS, ESQ.
　　　　　　　　　　　　　STACEY LEA SIMS, ESQ.
　　　　　　　　　　　　　ATTORNEY FOR PLAINTIFF


STACEY LEA SIMS, ESQ.
MS. BAR NO. 10544
MORRIS, SAKALARIOS & BLACKWELL, PLLC
Post Office Drawer 1858
HATTIESBURG, MS 39403-1858
(601)544-3343
(601)544-9814 FACSIMILE

TIMOTHY W. PORTER, ESQ.  MSB NO. 9687
PATRICK MALOUF, ESQ.  MBN NO. 9702
PORTER & MALOUF, P.A.
825 RIDGEWOOD ROAD
RIDGELAND, MS 39157
TELEPHONE (601)957-1173

## CERTIFICATE OF SERVICE

I, Stacey Lea Sims, of the law firm of Morris, Sakalarios, & Blackwell, PLLC, do hereby certify that I have on this date electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of the filing to all counsel of record, and I certify that I have served the non-Cm/ECF participants by United States Mail, postage fully prepaid, a true and correct copy of the above and foregoing Plaintiff's Emergency Motion to Remand to State Court Pursuant to Rule 7.2(G) AND 7.2(H) of the Uniform District Court Rules of Mississippi.

This the 28th day of July, 2005.


               S/s/ STACEY LEA SIMS, ESQ.
               STACEY LEA SIMS, ESQ
               ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
~~WESTERN~~ DIVISION
Southern

WALTER LEE STOKES                                              PLAINTIFF

V.                                          CIVIL ACTION NO. _____

ALLIED SIGNAL, INC.,
AMERICAN STANDARD, INC.,
THE BENDIX CORPORATION,
BORG-WARNER CORPORATION,
BRIDGESTONE/FIRESTONE, INC.,
CARLISLE COMPANIES INCORPORATED,
DAIMLER CHRYSLER CORPORATION,
DANA CORPORATION,
DANAHER CORPORATION,
EATON CORPORATION,
THE FIRESTONE TIRE & RUBBER COMPANY,
FORD MOTOR COMPANY,
GARLOCK INC.,
GENERAL MOTORS CORPORATION,
GENERAL ELECTRIC COMPANY,
HONEYWELL INTERNATIONAL INC.
f/k/a Allied-Signal, Inc.
f/k/a Bendix Foundation Brake Corporation,
KELSEY-HAYES COMPANY,
HAYS LEMMERZ INTERNATIONAL, INC.,
LEAR CORPORATION f/k/a Lear Seigler, Inc.,
NACCO MATERIALS HANDLING GROUP, INC.
d/b/a HYSTER COMPANY,
NACCO MATERIALS HANDLING GROUP, INC.,
d/b/a YALE MATERIALS HANDLING CORPORATION,
SEARS, ROEBUCK & CO.,
AUTO ZONE, INC.,
NAPA AUTO PARTS, INC.
JOHN DOE DEFENDANTS 1-500                                      DEFENDANTS

<u>NOTICE OF REMOVAL</u>

Defendant Eaton Corporation ("Eaton"), pursuant to 28 U.S.C. §§ 1441, *et seq.*, as amended, files this Notice of Removal, as follows:

1.    The Amended Complaint as styled above was filed in the Circuit Court of Yazoo County, Mississippi on June 20, 2005 and is now pending in that court.   It seeks actual, compensatory and punitive damages against multiple Defendants as a result of Plaintiff's alleged exposure to asbestos containing products.  A copy of the Amended Complaint served on Eaton via mail to Eaton's counsel is attached hereto as Exhibit "A" and incorporated herein by reference.

3.    This action stems from an original action in the Circuit Court of Copiah County, Mississippi, in which an Order was entered on March 7, 2005, severing the claims of the Plaintiffs and transferring their claims to new counties of venue, in this case, Yazoo County, Mississippi.

4.    Plaintiff is an adult resident citizen of the State of Mississippi.

5.    Defendants named in the Amended Complaint are:

    a.    Allied Signal, Inc., a foreign corporation;
    b.    American Standard, Inc., a foreign corporation;
    c.    The Bendix Corporation, a Delaware corporation;
    d.    Borg-Warner Corporation, a foreign corporation;
    e.    Bridgestone/Firestone, Inc., a foreign corporation;
    f.    Carlisle Companies Incorporated, a Delaware corporation;
    g.    Daimler Chrysler Corporation, a foreign corporation;
    h.    Dana Corporation, a Virginia corporation;
    i.    Danaher Corporation, a foreign corporation;

j.    Eaton Corporation, a foreign corporation;

k.    The Firestone Tire & Rubber Company, a foreign corporation;

l.    Ford Motor Company, a foreign corporation;

m.    Garlock Inc., a Ohio corporation;

n.    General Motors Corporation, a foreign corporation;

o.    General Electric Company, a New York corporation;

p.    Honeywell International Inc. f/k/a Allied-signal, Inc. f/k/a Bendix Foundation Brake Corporation, a foreign corporation;

q.    Kelsey-Hayes Company, a Delaware corporation;

r.    Hays Lemmerz International, Inc., a Delaware corporation;

s.    Lear Corporation f/k/a Lear Seigler, Inc., a foreign corporation;

t.    Nacco Materials Handling Group, Inc. d/b/a Hyster Company, a foreign corporation;

u.    Nacco Materials Handling Group, Inc. d/b/a Yale Materials Handling Corporation, a foreign corporation;

v.    Sears, Roebuck & Co., a foreign corporation;

w.    Auto Zone, Inc., a foreign corporation; and,

x.    Napa Auto Parts, Inc., a Mississippi corporation.

6.    This Court has original jurisdiction of this matter by reason of the diversity of citizenship of the parties. The original action from which this case was severed was styled *Walter L. Stokes, et al. v. Abex Corporation, et al.*, in the Circuit Court of Copiah County, Mississippi, Civil Action No. 2001-0520. When the original Complaint was filed on August 22, 2001, there were forty-five (45) named Defendants, seven (7) of whom were Mississippi corporations or businesses. However, upon the filing of the Amended Complaint, the Mississippi resident Defendants were no longer named parties, with the exception of Napa Auto Parts, Inc., which is a non-existent Mississippi corporation, having been dissolved in 1982, according to the Mississippi Secretary of State's Office. It

received no more notices from the District Court, and was therefore, unaware that an Order and Memorandum Opinion were entered on April 14, 2003, remanding the *Stokes* case to the Circuit Court of Copiah County. The remand Order did not address the issue of fraudulent joinder and diversity. The case was remanded because "the Court concludes that there is no federal subject matter jurisdiction in this case . . ."

9.      It is patently obvious that this Plaintiff in fact had no claim or cause of action against those seven (7) Mississippi Defendants named in the original Complaint. Otherwise, he would have named them as Defendants in his Amended Complaint. Plaintiff has attempted to bend the rules regarding removal and should not now be allowed to profit from his actions. The United States Court of Appeals for the Fifth Circuit has held in *Tedford v Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003), that where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended. This Court, too, has held that where there is bad faith manipulation of the forum by a party, that party is equitably estopped from asserting the one-year limit in § 1446(b). *Morrison v. National Benefit Life,* 889 F. Supp. 945 (S.D. Miss 1995). Equity requires that the one-year time limit for removal be extended under the facts of this case.

10.    The amount in controversy in the action, exclusive of interest and costs, exceeds the jurisdictional minimum.

11.    By filing this Notice of Removal, Eaton does not waive its right to object to service, service of process, the sufficiency of process, jurisdiction over the subject matter, jurisdiction over the person, or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

12.    A copy of this Notice of Removal will be sent to all counsel of record and will be filed with the Circuit Clerk of Yazoo County, Mississippi.

WHEREFORE, Eaton Corporation requests that the above entitled action be removed from the Circuit Court of Warren County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division.

Respectfully submitted on this the ___15___ day of July, 2005.

EATON CORPORATION

By: _____
KAY HARDAGE (MSB #3061)

OF COUNSEL:

Michael S. Allred, Esq. (MSB #1538)
Kay Hardage, Esq. (MSB #3061)
THE ALLRED LAW FIRM
1911 Dunbarton Drive (39216)
Post Office Box 3828
Jackson, Mississippi 39207
Telephone: (601) 713-1414
Facsimile: (601) 713-325

CERTIFICATE OF SERVICE

I do hereby certify that I have this day caused to be served, via U. S. Mail, postage fully prepaid, a true and correct copy of the foregoing to all known counsel of record listed on the attached service list at their usual and regular mailing address.

This the __15__ day of July, 2005.

KAY HARDAGE

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 3 2005

FILED
CLERK'S OFFICE

**MORRIS, SAKALARIOS & BLACKWELL**

A PROFESSIONAL LIMITED LIABILITY COMPANY

F. MARVIN MORRIS, III

ANTHONY SAKALARIOS

CHARLES G. BLACKWELL

1817 Hardy Street 39401-4914
P. O. Drawer 1858 39403-1858
Hattiesburg, Mississippi
Telephone 601-544-3343
Facsimile 601-544-9814

STACEY LEA SIMS

SHAUN R. CADE

*also admitted in Alabama

September 21, 2005

Attn Theresa:   202-502-2888
Michael J. Beck
Clerk of the Panel
United States of America Judicial Panel
on MultiDistrict Litigation
One Columbus Circle, NE
Thurgood Marshall Federal Judiciary Bldg
Room G-255 - North Lobby
Washington, DC   20002

> Request of pltfs. in Lang, MSS 1:05-344; Gilmore, MSS 1:05-345; Martin, MSS 1:05-346 and Stokes, MSS 1:05-347 for Extension of Time to File Motion/Brief to Vacate CTO – GRANTED
>
> (cdm - 9/23/05)

RE:   MDL NO. 875 B IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)
Conditional Transfer Order (CTO-251)
MSS 1 05-344 - Estate of Clyde Lang v. Abex Corp, et al
MSS 1 05-345 - Eddie Gilmore v. Abex Corp., et al
MSS 1 05-346 - Hunter C. Martin v. Abex Corp., et al
MSS 1 05-347 - Walter Lee Stokes v. Abex Corp. et al

Dear Theresa:

Enclosed herein please find the Motion to Vacate in the above matters.   As this was inadvertently filed with the District Court we ask that you please allow us to file this matter late with the MultiDistrict Litigation Panel.

Please do not hesitate to contact my office with any questions or concerns regarding this matter. With kindest personal regards, I remain

Sincerely Yours,

Stacey Lea Sims

SLS/bjm

Enclosure