

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 2 7 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: ASBESTOS PRODUCTS     )     MDL Docket No. 875
LIABILITY LITIGATION (No. VI)     )
_____)

### DEFENDANT GENERAL ELECTRIC COMPANY'S
### OPPOSITION TO PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER
### ORDER 251

## I. INTRODUCTION

Defendant General Electric Company ("GE") files this Opposition to the Motion to Vacate
Conditional Transfer Order 251 ("CTO-251") filed by plaintiffs in the case of *Peter J. Funk and
Gloria Funk v. General Electric Company, et al.*, Civil Action Number 05-5730 (S.D.N.Y.).  The
Judicial Panel on Multidistrict Litigation's (the "Panel") CTO-251 transferred this case for
coordinated or consolidated pretrial proceedings in the United States District Court for the
Eastern District of Pennsylvania ("MDL-875") pursuant to 28 U.S.C. § 1407.  This case is
similar, if not identical, to cases that have been or will be subject to transfer to MDL-875.  To
ensure the efficient and consistent adjudication of this case, along with the many others
throughout the United States, this Panel should deny plaintiffs' Motion to Vacate CTO-251.

For both efficiency and consistency, the Panel routinely denies objections to transfer that
are premised on jurisdictional issues or pending motions to remand.  In fact, the Panel has denied
these types of motions in this litigation. *See In re Asbestos Products Liability Litigation,*

**OFFICIAL FILE COPY**

**IMAGED** SEP 2 7 2005

1996 WL 143826 (J.P.M.L. February 16, 1996), *In re Asbestos Products Liability Litigation,* 170 F.Supp.2d 1348 (J.P.M.L. October 18, 2001).   Remarkably, in the present case, plaintiffs have not even filed a motion to remand.   Instead, plaintiffs argue that additional time is necessary to complete their factual investigation relevant to the issues raised by GE in its removal petition. Furthermore, plaintiffs state that they are in the process of determining whether a motion to remand this action to state court would likely be granted.   If plaintiffs do file such a motion, they argue that "additional time sufficient for the Court in the Southern District of New York to rule on the motion prior to a transfer to the Eastern District of Pennsylvania is also sought." (Plaintiffs' brief at p. 3).

GE contends that the only factual issues germane to CTO-251 are already known and stated in plaintiffs' motion.    Namely, plaintiff Peter Funk alleges that he contracted mesothelioma as a result of his exposure to asbestos.   (Plaintiffs' brief at p. 2).   This type of asbestos personal injury case should be transferred to MDL-875.   The threat of a jurisdictional objection does not change this fact.   Since any motion filed by plaintiffs could only raise issues already addressed by the Panel in this litigation, the Panel, as it has done previously, should deny plaintiffs' Motion to Vacate.

## II. TRANSFER TO THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS.

Transfer of this tag-along action to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings is appropriate for several reasons.   First, the Panel has the authority to transfer such cases despite pending, or contemplated, jurisdictional objections. Second, assuming a jurisdictional issue is raised, a determination of the issue is well within the transferee court's authority and should be heard by a single court.   Third, transfer and

coordination or consolidation promotes judicial efficiency and consistency.

## A.    The Panel Has Authority To Transfer Despite Pending Jurisdictional Claims.

Courts have consistently held that the Panel's authority to transfer tag-along cases to multidistrict litigation withstands pending jurisdictional objections. Jurisdictional objections alone are not grounds for opposing transfer of a case for coordinated or consolidated pretrial proceedings. *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969). Likewise, the fact that a case is in federal court by removal from state court has no bearing on a motion to transfer the case for MDL proceedings. *In re Antibiotic Drugs,* 299 F. Supp. 1403 (J.P.M.L. 1969). As recognized by the Second Circuit Court of Appeals, the Panel has the authority to transfer a case in which a motion to remand to state court is pending. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990). Numerous courts have cited and relied on *Ivy* for this proposition. *In re California Retail Natural Gas and Elec. Antitrust Litigation.,* 150 F.Supp.2d 1383, 1384 (J.P.M.L. August 15, 2001); *In re Bridgestone/Firestone, Inc.,* 151 F.Supp.2d 1381, 1382 (J.P.M.L. 2001); *Meyers v. Bayer,* 143 F.Supp.2d 1044, 1047 (E.D.Wis. 2001); *Ryan v. Dow Chemical Co.,* 781 F.Supp. 902, 912 (E.D.N.Y. 1991); *Johnson v. AMR Corp.,* 1996 WL 164415, at *3 (N.D. Ill. April 3, 1996).

Consistent with the goal of promoting efficiency and consistency, other courts have also recognized the Panel's authority to transfer cases subject to pending jurisdictional objections. *See, e.g., Good v. Prudential Ins. Co.,* 5 F. Supp. 2d 804 (N.D. Ca. 1998). The "power of the Panel to effectuate transfer under 1407 is not vitiated by the transferor court's lack of personal jurisdiction over a defendant." *In re Gypsum Wallboard,* 302 F. Supp. 794, 794 (J.P.M.L. 1969).

The pendency of a motion to remand does not compromise the Panel's authority to transfer such actions for coordinated or consolidated MDL proceedings. Certainly, a

contemplated motion to remand does not compromise the Panel's decision to transfer this case to the MDL Court.

**B.      Jurisdictional Objections Can Be Heard and Resolved By the Transferee Court.**

Assuming, *arguendo*, that a jurisdictional objection is raised, the United States District Court for the Eastern District of Pennsylvania has full authority to rule on such an objection. 28 U.S.C. § 1407. When cases are transferred pursuant to section 1407, the transferee court is vested with the same broad authority over pretrial proceedings that would have existed in the transferor court absent the transfer. *In re Telectronics Pacing Sys., Inc.*, 953 F. Supp. 909 (S.D. Ohio 1997); *see also In re FMC Corp.*, 422 F. Supp 1163 (J.P.M.L. 1976). Indeed, the transferee court's authority to handle such pretrial proceedings includes dispositive motions, and specifically encompasses motions to remand, whether filed before or after transfer. *In re Ivy, 901 F.2d 7 (2nd Cir. 1990).* "Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level." *Id.* at 9. "The transferee judge '[c]ertainly has the power to determine the question of remand.'" *Boudreaux v. Metro. Life Ins. Co.*, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995); *see also In re Air Crash Disaster*, 368 F. Supp. 812, 843 (J.P.M.L. 1973); *In re California Wholesale Elec. Antitrust Litig.*, 2001 WL 733534, at * 1 (J.P.M.L. June 8, 2001) ("[remand] motions can be presented to and decided by the transferee judge.")

The Panel's enabling statutory language under Section 1407 and subsequent case authority leave little doubt that the resolution of motions to remand is well within the transferee district's authority to handle pretrial proceedings in this litigation. In fact, when discussing the remand of cases in MDL-875, the panel has stated that the "fact remains that whenever the transferee judge has deemed remand of any claims or actions appropriate, procedures have been

utilized to accomplish Section 1407 remand for trial with a minimum of delay." *In re Asbestos Products Liability Litigation*, 170 F.Supp.2d 1348, 1349 (J.P.M.L 2001).

C.   **Transfer Promotes Judicial Efficiency and Consistency.**

Through Section 1407, Congress intended to promote the "just and efficient conduct" of the actions transferred thereunder. *In re Ivy*, 901 F.2d 7 (2d Cir. 1990). In mass tort cases consolidated under Section 1407, similar jurisdictional issues are "easily capable of arising in hundreds or even thousands of cases in district courts throughout the nation." *Id.* at 9. "Consistency and economy are both served by resolution of [motions to remand] by a single court after transfer by the J.P.M.L." *Aikins v. Microsoft Corp.*, 2000 WL 310391, at * 1 (E.D. La. Mar. 24, 2000). "If remand issues are common to many [cases], decisions by the transferee judge would avoid duplicative discovery and conflicting pretrial rulings." *Boudreaux*, 1995 WL 83788, at *2. In fact, in the present litigation this Panel already has stated that:

> [T]ransfer of these actions to the Eastern District of Pennsylvania for inclusion in the coordinated or consolidated pretrial proceedings in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation... In particular, we note that in the Panel's original decision distinctions based on such matters as the pendency of motions or other matters before the transferor court, the uniqueness of a party's status, the type of defendant, the docket condition of any specific federal district...were considered and rejected by the Panel as grounds for carving out exceptions to transfer in this extraordinary docket. *In re Asbestos Products Liability Litigation*, 1996 WL 143826 (J.P.M.L. 1996).

The transferee judge's experience and expertise with cases coordinated or consolidated in multidistrict litigation will assist the determination of jurisdictional issues and "should not be wasted." *Tench v. Jackson Nat'l Life Ins. Co.*, 1999 WL 1044923, at *2 (N.D. 111. Nov. 12, 1999). Any suggestion that the transferor jurisdiction is better equipped to decide jurisdictional

issues will not support opposition to the issuance of a transfer order because "the problem of ascertaining and applying the law of the transferor jurisdiction is frequently faced by transferee judges." *In re Duane,* 354 F. Supp. 278, 279 (J.P.M.L. 1973); *see, e.g., In re Puerto Rico Air Disaster Litig.,* 340 F. Supp. 492 (D.P.R. 1972).  Indeed, remand and other motions can be presented to and decided by the transferee judge. *In re Ivy,* 901 F.2d 7 (2d Cir. 1990); *In re Serzone Products Liability Litigation (J.P.M.L.* June 13, 2003); *In re Air Crash Disaster at Florida Everglades on December 29, 1972,* 368 F.Supp. 812, 813 (J.P.M.L. 1973).

Regardless of Plaintiffs' contentions, the sole issue for consideration here is "the merits of the transfer viewed against the purposes of the multidistrict litigation statutory scheme, whether or not there is a pending jurisdictional objection." *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990).  In view of this aim, allegedly imminent rulings by the transferor district have little bearing on this case. The panel recently addressed this point:

> Furthermore, there is no need to delay transfer in order to accommodate any interest of the transferor court in resolving a pending remand motion. We note that: 1) as a practical matter, there is a lag time of at least three or four months from the filing of an action, its identification as a potential tag-along action, issuance of a conditional transfer order, stay of transfer when a party timely objects to the conditional transfer, briefing on the question of transfer, the Panel hearing session, and the issuance of the Panel's subsequent order; 2) Panel Rule 1.5, R.P.IP.ML., 199 F.R.D. at 427, expressly provides that the pendency of a conditional transfer order does not in any way i) suspend orders and pretrial proceedings in the district court in which the action that is the subject of the conditional transfer order is pending, or ii) limit the pretrial jurisdiction of that court; and 3) accordingly, those courts wishing to address such motions have adequate time in which to do so, those courts concluding that such issues should be addressed by the transferee judge need not rule on them, and the process of 1407 transfer in MDL-1061 can continue without any unnecessary interruption or delay.

*In re Prudential Ins. Co., 2001 WL 980541, at \*1 (J.P.ML. Aug. 15, 2001).*

Against this background, courts consistently find that transfer of an otherwise transferable tag-along action to a single district for pretrial proceedings under Section 1407

should not be delayed due to the pendency of motions in the transferor district. *See, e.g., In re New Mexico Natural Gas Antitrust Litig.*, 482 F. Supp. 333 (J.P.M.L. 1979); *see also In re IBM*, 302 F. Supp. 796 (J.P.M.L. 1969) (refusing to delay transfer where notice of appeal from order denying motion for preliminary injunction was pending in district from which private civil antitrust action was proposed to be transferred where circumstances otherwise warranted transfer.)

Thus, because the Panel has the authority to transfer this action even if plaintiffs decide to file jurisdictional objections, because the transferee district is well positioned to handle such issues in a coordinated or consolidated manner, and because such coordination or consolidation promotes judicial efficiency and consistency in keeping with the congressional aims of Section 1407, this Panel should deny plaintiffs' Motion to Vacate and proceed with the transfer of this matter to MDL-875, *In Re Asbestos Product Liability Litigation (No. VI)*, pending in the United States District Court for the Eastern District of Pennsylvania.

## III. CONCLUSION

Defendant GE respectfully requests that this Panel deny plaintiffs' Motion to Vacate Conditional Transfer Order 251.

SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____

Michael A. Tanenbaum
Three Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 242-0002
Attorneys for Defendant General Electric Company

DATED: September **21**, 2005

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 27 2005

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

IN RE: ASBESTOS PRODUCTS )      MDL Docket No. 875
LIABILITY LITIGATION (No. VI) )
_____ )

## AMENDED CERTIFICATION OF SERVICE

I, Michael A. Tanenbaum, being of full age do hereby certify as follows:

I am an attorney admitted to the practice of law in the Federal and State Courts of the States of New Jersey and New York and I am a member of the firm of Sedgwick, Detert, Moran & Arnold LLP, counsel for defendant General Electric Company, in the above captioned matters. On September 23, 2005, I caused the original and twelve copies of the within Brief in Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 251 and a computer readable disc containing these documents to be served via Federal Express upon:

Michael J. Beck, Clerk
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC  20002-8004

with a copy sent via Federal Express to:

Bryan Belasky, Esq.
WEITZ & LUXENBERG, P.C.
180 Maiden Lane, 17th Floor
New York, New York 10038

RECEIVED CLERK'S OFFICE
2005 SEP 27 A 10: 21
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

and all counsel on the attached case specific service rider at the addresses designated by said attorneys for the purpose of depositing a true copy of same via First Class Mail through the United State Postal Service, Newark, New Jersey, 07102.

I further certify that a true copy was forwarded to all counsel on the attached Panel Service List via First Class Mail through the United State Postal Service, Newark, New Jersey, 07102, on September 27, 2005.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Michael A. Tanenbaum
SEDGWICK, DETERT, MORAN & ARNOLD LLP
Three Gateway Center
12th Floor
Newark, New Jersey 07102
Attorneys for Defendant, General Electric Company

NJ/144835v1

## PETER J. FUNK, ET AL.  MERGE RIDER

| |
|---|
| JULIE EVANS, ESQ.<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER<br>150 EAST 42ND STREET<br>NEW YORK, NY 10017-5639 |
| JUDITH YAVITZ, ESQ.<br>ANDERSON, KILL, OLICK & OSHINSKY<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020-1000 |
| THEODORE EDER, ESQ.<br>SEGAL McCAMBRIDGE SINGER & MAHONEY<br>805 3RD AVENUE<br>NEW YORK, NY 10022 |
| YVETTE HARMON, ESQ.<br>MCGUIRE WOODS<br>1345 AVENUE OF THE AMERICAS, 7TH FLOOR<br>NEW YORK, NY 10105 |
| EDWARD WILBRAHAM, ESQ<br>WILBRAHAM, LAWLER & BUBA<br>1818 MARKET STREET, SUITE 3100<br>PHILADELPHIA, PA 19103 |
| CORI I. LEAVITT, ESQ.<br>DAVID SCHAFFER, ESQ.<br>WILLIAM BRADLEY, ESQ.<br>JOSEPH CARLISLE, ESQ.<br>MARY ELLEN CONNOR, ESQ.<br>MALABY, CARLISLE & BRADLEY LLC<br>150 BROADWAY<br>NEW YORK, NY 10038 |
| CYNTHIA WEISS ANTONUCCI, ESQ.<br>HARRIS BEACH, LLP<br>805 THIRD AVENUE, 20TH FLOOR<br>NEW YORK, NY 10022 |
| WILLIAM MUELLER, ESQ.<br>CLEMENTE, MUELLER & TOBIA, P.A.<br>P.O. BOX 1296<br>MORRISTOWN, NEW JERSEY 07962-1296 |
| STEVE KEVELSON, ESQ.<br>ONE COZINE AVENUE<br>BROOKLYN, NY 11201 |
| JOSEPH KOCZKO, ESQ.<br>THOMPSON HINE LLP<br>ONE CHASE MANHATTAN PLAZA<br>58TH FLOOR<br>NEW YORK, NY 10005 |
| CATHI A. HESSION, ESQ.<br>JASON T. COHEN, ESQ.<br>FLEMMING, ZULACK & WILLIAMSON, LLP<br>ONE LIBERTY PLAZA<br>NEW YORK, NY 10006 |
| JOHN J. FANNING, ESQ.<br>CULLEN & DYKMAN<br>177 MONTAGUE STREET<br>BROOKLYN, NY 11201 |

IRA M. SCHULMAN, ESQ.
MAZUR, CARP & RUBIN, P.C.
2 PARK AVENUE
NEW YORK, NY 10016

JOSEPH COLAO, ESQ.
HELEN CHUNG, ESQ.
LEADER & BERKON LLP
630 3RD AVENUE, 17TH FLOOR
NEW YORK, NY 10017

LISA M. PASCARELLA, ESQ.
STEPHANIE A. DIVITA, ESQ.
PEHLIVANIAN & BRAATEN, LLC
2430 ROUTE 34
MANASQUAN, NJ 08736

PAUL A. SCRUDATO, ESQ.
SCHIFF HARDIN & WAITE
623 FIFTH AVENUE, SUITE 2800
NEW YORK, NY 10022

LAWRENCE MCGIVNEY, ESQ.
MCGIVNEY, KLUGER & GANNON, P.C.
80 BROAD ST., 23RD FLOOR
NEW YORK, NY 10004

LINDA YASSKY, ESQ.
SONNENSCHEIN NATH & ROSENTHAL
1221 AVENUE OF THE AMERICAS
NEW YORK, NY 10020

JOHN RONCA, JR, ESQ.
RONCA, MCDONALD 7 HANLEY
5 SOUGHT REGENT STREET
SUITE 517
LIVINGSTON, NJ 07039

# PANEL SERVICE LIST (Excerpted from CTO-251)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Peter J. Funk, et al. v. General Electric Co., et al.*, S.D. New York, C.A. No. 1:05-5730

Bryan D. Belasky
Weitz & Luxenberg, P.C.
180 Maiden Lane
17th Floor
New York, NY 10038-4925

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406