

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 30 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

-----------------------------------------------------------------X

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)     MDL DOCKET No. 875

-----------------------------------------------------------------X

THIS DOCUMENT RELATES TO:

PETER FUNK,

    -against-

A.W. CHESTERTON COMPANY, ET AL.

-----------------------------------------------------------------X

**DEFENDANT TODD SHIPYARDS CORPORATION'S OPPOSITION TO PLAINTIFF'S
MOTION TO VACATE CONDITIONAL TRANSFER ORDER 251**

Defendant Todd Shipyards Corporation (hereinafter "Todd Shipyards"), by its attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files this Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 251 ("CTO 251") in the case of <u>Peter K. Funk and Gloria Funk vs. A.W. Chesterton Company, et al.</u>, Civil Action Number 05-5730 (S.D.N.Y.)

Defendant Todd Shipyards incorporates by reference all of the arguments and legal authority set forth in co-defendant General Electric Company's Opposition to Plaintiff's Motion to Vacate Conditional Transfer Order 251, dated September 21, 2005.

General Electric Company originally removed this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern

2039840.1

**OFFICIAL FILE COPY**

IMAGED OCT - 3 2005

District of New York, pursuant to 28 U.S.C. 1441(a)(1) and 1446, on the basis that General Electric was acting under an officer or agency of the United States. Subsequently, General Electric Company sought transfer of this action to the MDL.

In opposition to transfer to the MDL, plaintiffs argue that they are currently in the process of determining whether a motion for remand would be granted. For this reason alone, plaintiffs seek to vacate CTO 251. However, as co-defendant General Electric Company aptly and accurately sets forth in its papers, plaintiffs have not even filed a motion to remand and even if a motion for remand is eventually filed by plaintiffs, the MDL has the power to determine the question of remand and a pending motion for remand alone is insufficient to oppose transfer.

Now, it appears that plaintiffs have an additional obstacle against any remand to state court. This action should be maintained in the federal courts (and ultimately transferred to the MDL) on the basis that Todd Shipyards has a potential defense as a government contractor. Indeed, plaintiff testified at his discovery deposition on September 13, 2005 that he was exposed to asbestos at Todd Shipyards, Erie Basin onboard the *USNS Chepachet*, a United States naval vessel.

In view of this testimony, defendant Todd Shipyards contends that it was in the business of constructing, repairing, and maintaining, *inter alia,* naval vessels under the auspices of the United States Navy. With regard to the *USNS Chepachet*, Todd Shipyards was acting under the auspices of the United States Navy and all of the acts done by Todd Shipyards in connection with the *USNS Chepachet* were committed by Todd Shipyards under supervision, direction and approval of the United States Navy.[1]

---

[1] Defendant Todd Shipyards notes that this basis for removal and predicate federal court jurisdiction has not been reviewed by the Court. In the event this case is remanded to state court, defendant Todd Shipyards reserves its right to move to remove to federal court within 30 days of remand, pursuant to 28 U.S.C. 1446, on the basis that Todd Shipyards has to its avail a defense as a government contractor.

2039840.1

As such, it appears that at this time, plaintiffs have an additional obstacle in seeking remand to state court. Thus, delay of transfer of this case to the MDL merely because plaintiffs are in the process of determining whether a hypothetical motion for remand would be granted is inappropriate, especially in light of the fact that there is no pending motion for remand and that the MDL possesses jurisdiction to hear such motion for remand if eventually filed.

## CONCLUSION

Defendant Todd Shipyards Corporation respectfully requests that this Panel deny Plaintiffs' Motion to Vacate Conditional Transfer Order 251.

Dated:   New York, New York
         September 27, 2005

                                        Respectfully submitted,

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    By: _____
                        EDWARD K. LOW
                        Attorneys for Defendant
                        Todd Shipyards Corporation
                        150 East 42nd Street
                        New York, New York 10017-5639
                        (212) 490-3000
                        File No. 04693.00306

2039840.1

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

SEP 3 0 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---------------------------------------------------------------X

IN RE: ASBESTOS PRODUCTS
LIABILITY LITIGATION (NO. VI)   MDL DOCKET No. 875

---------------------------------------------------------------X

THIS DOCUMENT RELATES TO:

PETER FUNK,   AMENDED
CERTIFICATE
OF SERVICE

   -against-

A.W. CHESTERTON COMPANY, ET AL.

---------------------------------------------------------------X

I, EDWARD LOW, being of full age do hereby certify as follows:

I am an attorney admitted to practice law in the Courts of the State of New York, as well as the United States District Courts for the Southern and Eastern Districts of New York. I am an associate with the firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, counsel for defendant Todd Shipyards Corporation, in the above-captioned matter.

On September 29, 2005, I caused the original and twelve (12) copies of the within Opposition to Plaintiffs' Motion to Vacate Conditional Transfer Order 251 and a computer readable disc containing this document to be served via Federal Express upon:

Mr. Michael J. Beck
Docket Clerk of the Panel
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

2044754.1

with a copy sent via Federal Express to:

Weitz & Luxenberg, PC
Attorneys for Plaintiffs
180 Maiden Lane, 17th Floor
New York, New York 10038

and all counsel on the attached **PANEL SERVICE LIST** at the addresses designated by said attorneys for the purpose of depositing a true copy of same via First Class Mail through the United States Postal Service, New York, New York.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: _____
EDWARD K. LOW
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
Attorneys for Defendant
Todd Shipyards Corporation
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
File No. 04693.00306

2044754.1

PANEL SERVICE LIST (Excerpted from CTO-251)
DOCKET NO. 875
IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Peter J. Funk, et al. v. General Electric Co., et al.*, S.D. New York, C.A. No. 1:05-5730

Bryan D. Belasky
Weitz & Luxenberg, P.C.
180 Maiden Lane
17th Floor
New York, NY 10038-4925

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Michael A. Tanenbaum
Sedgwick, Detert, Moran & Arnold
Three Gateway Center
12th Floor
Newark, NJ 07102

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406