

**ORIGINAL**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 19 2005

FILED
CLERK'S OFFICE

~~IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION~~   JPML cdm

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN REGARDING: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI) | CIVIL ACTION NO. MDL 875 |

| | | |
|---|---|---|
| FELIX T. RAMIREZ, ISIDRO DELGADO, CHARLES R. ROANE, LOUIS R. SUAREZ, STERLING A. BROOKS, BILL G. TAYLOR, JOHN SMILEY and BURNETT L. BELL | § § § § § § | FELA<br><br>CIVIL ACTION NO.<br><br>G-98-630 |
| VS. | § § | |
| UNION PACIFIC RAILROAD COMPANY | § § | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO VACATE CONDITIONAL REMAND**

Comes now Defendant, UNION PACIFIC RAILROAD COMPANY, and files its Reply to Plaintiff's Response to Defendant's Motion to Vacate Conditional Remand.

I.

1. Plaintiff states that Defendant has been able to make the discovery requests and file the motions that are the subject of its Motion to Vacate Conditional Remand. However, the

**OFFICIAL FILE COPY**

1

MDL FELA rules specifically prevent the parties from engaging in such discovery,[1] instead focusing on settlement.

2. As regards settlement, Plaintiff further states "Mr. Bell's last demand to settle this claim, has been, and remains, at $300,000." [sic] However, Mr. Jerome Bell wrote the Chairman and CEO of Union Pacific a letter in the last month saying that he is seeking an amount between $500,000 and $1,500,000.[2] Defendant points to this new and increased demand as supporting the arguments in its Motion to Vacate.

3. Defendant requests only the time to conduct pretrial discovery and motion practice in either the MDL or before the trial Court. To that end, Defendant seeks only to engage in the discovery and gatekeeper motion while still in the MDL or that this case be remanded to the trial court with the recommendation that the parties be given sufficient time to conduct pre-trial discovery, rather than set for trial immediately due to the age of the case.

4. The focus in the MDL for the most part is to focus on settlement, rather than the discovery necessary for trial. The parties have exchanged very limited discovery and only taken the deposition of Plaintiff, per the standard MDL rules, which in most cases is sufficient to resolve such cases. It has not been so in this case and Defendant seeks the opportunity to turn now to trial preparation. Defendant is concerned of being deprived of such necessary discovery upon remand. Defendant merely seeks the authority to engage in that discovery to prepare for trial in this matter, either in the MDL prior to remand or in the trial Court following remand.

---

[1] Civil Action No. M MDL 875, In Re: Asbestos Products Liability Litigation (NO. VI), Pretrial Order No. 5, Section III A, Filed Dec 20, 1991 and incorporated by reference.

[2] Letter addressed to Richard K. Davidson, Chairman and CEO of Union Pacific Railroad Corporation from Jerome C. Bell for Burnett L. Bell dated September 5, 2005, attached and incorporated by reference.

2

WHEREFORE, Premises considered, Defendant Union Pacific prays the Court vacate the Conditional Remand, authorize the parties to engage in limited discovery of expert issues, or in the alternative, authorize the parties to conduct expert discovery and motion practice before the trial Court, and for any further relief to which Defendant may be justly entitled

Respectfully submitted,

**FORMAN PERRY WATKINS KRUTZ & TARDY LLP**

By: _____
ROGER H. NEBEL
State Bar No. 90001973
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile: (713) 621-6746

**ATTORNEYS FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY**

**PROOF OF SERVICE/CERTIFICATE OF SERVICE**

I hereby certify that on the ___9th___ day of October, 2005, a true and correct copy of Defendant Union Pacific Railroad Company's Motion to Vacate Conditional Remand was served upon plaintiff's counsel of record simultaneously with filing this document and upon each district court that will be affected by the motion pursuant to Section 1407 and MDL Rule 5.2(b):

Aphonsus Ezeoke, Attorney for Plaintiff Burnett Bell
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036

_____
Roger H. Nebel

## **PANEL SERVICE LIST**

COUNSEL FOR PLAINTIFF BURNETT BELL
Aphonsus Ezeoke
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036
Phone: (713) 952-5291
Facsimile: (713) 952-5294

COUNSEL FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY
ROGER H. NEBEL
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746

Case MDL No. 875   Document 4636   Filed 10/19/05   Page 5 of 11

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 19 2005

FILED
CLERK'S OFFICE

SCHEDULE

A. FELIX T. RAMIREZ, ISIDRO DELGADO, CHARLES R. ROANE, LOUIS R. SUAREZ, STERLING A. BROOKS, BILL G. TAYLOR, JOHN SMILEY and BURNETT L. BELL VS. UNION PACIFIC RAILROAD COMPANY

B. IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA IN REGARDING: ASBESTOS PRODUCTS LIABILITY CIVIL ACTION NO. LITIGATION (NO. VI) MDL 875, transferred from THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, GALVESTON DIVISION

C. Hon. Charles Weiner, Presiding Judge of the United States District Court for the Eastern District of Pennsylvania, transferred from Hon. Samuel Kent, Presiding Judge of the United States District Court for the Southern District of Texas, Galveston Division

**PANEL SERVICE LIST**

See attached list

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNION PACIFIC CORPORATION   OCT 19 2005
CHAIRMAN'S OFFICE
                              FILED
SEP - 9 2005   CLERK'S OFFICE

*[signature]*

September 05, 2005

Jerome C. Bell For Burnett L. Bell
2515 8th Street
Galena Park, Texas 77547
( 713 ) 674 - 4985

Mr. Richard K. Davidson, Chairman And CEO
Union Pacific Railroad Corporation
1400 Douglas Street
Omaha, NE 68179

Re: Civil Action No. G - 98 - 630 ( Galveston ) & Civil Action MDL 875 Eastern Dist.
Of Pennsylvania

Asbestos Product Liability Litigation ( No. VI )
Burnett L. Bell ( Plaintiff )
vs.
Union Pacific Railroad

Dear Mr. Davidson,

My father, Burnett L. Bell, was a dedicated railroad employer, not unlike yourself ( I have read your bio ), for Southern Pacific Railroad for nearly forty ( 40 ) years, primarily as a mechanic.   He contacted **asbestosis** while working for Southern Pacific and a lawsuit was filed in 1998 on his behalf against Southern Pacific for the damages he received as a result of his **asbestosis**.   Since December 16, 1998 and your acquisition of Southern Pacific, my fathers' case has been in the MDL Court in Pennsylvania and is about to be remanded ( finally ) back to Galveston / Houston for trial.   The reason that I am contacting you personally at this time is because the lawyers that Union Pacific has chosen to defend this case has never negotiated in good-faith with regards to a fair and reasonable settlement based on my fathers' diagnosis.   Stallings and denials of confirmed medical diagnosis's are the tactics that have been used throughout and continue to be used to deny my father justice in this case.   I have personally met with one of the counsel for Union Pacific ( Mr. Roger Nebel ) in my fathers' lawyers' office and his comments with respect to minimizing and even denying my fathers' **asbestosis**, are an insult to my father and the various medical doctors that have diagnosed him with **asbestosis**.

EXHIBIT
A

My father, as well as our family, are not seeking to punish Union Pacific with some exorbitant and unreasonable settlement amount, as was recently awarded in the Vioxx case here in Houston, Texas.   I, for my father, am only seeking an amount that is reasonable and fair based on legal precedents similar to my fathers' diagnosis.   That amount is between, $500,000.00 and $1,500,000.00.   If and when my fathers' case goes to court there will be a lot more than the above at stake, not to mention the legal fees and the publicity.   But, it doesn't have to be that way.   My father is currently on oxygen as a result of his asbestosis and I would like not to expose him to the rigors of a trial if we don't have to.

I am taking the liberty of informing you personally of my fathers' case at this time because my fathers' lawyer is out of the country on vacation and my fathers' case is in the process of being remanded for trial.   As someone who is accustomed to delegating authority in various areas of your responsibilities as Chairman and CEO of a large Corporation such as Union Pacific, you may not be familiar with all the details of your various operations.   These are some of the details specific to my fathers case from our familys' perspective submitted for your consideration and possible influence on behalf of my father and Union Pacific.   Thank you for your consideration.


Sincerely Yours,

Jerome C. Bell

## PANEL SERVICE LIST

COUNSEL FOR PLAINTIFF BURNETT BELL
Aphonsus Ezeoke
Ezeoke & Ezeoke Law Firm
7100 Regency Square, Ste. 190
Houston, Texas 77036
Phone: (713) 952-5291
Facsimile: (713) 952-5294

COUNSEL FOR DEFENDANT UNION PACIFIC RAILROAD COMPANY
ROGER H. NEBEL
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
1717 St. James Place, Suite 600
Houston, Texas 77056
Telephone: (713) 402-1717
Facsimile:  (713) 621-6746

## PROOF OF SERVICE/CERTIFICATE OF SERVICE

I also hereby certify that on the 13th day of October, 2005, a true and correct copy of Defendant Union Pacific Railroad Company's Reply to Plaintiff's Response to Defendant's Motion to Vacate Conditional Remand was filed with each district court that will be affected by the motion pursuant to Section 1407 and MDL Rule 5.2(b), as well as on the other persons on the attached Panel Service List.

_____
Roger H. Nebel

*Felix T. Ramirez, et al. v. Union Pacific Railroad Co.*, E.D. Pennsylvania, (S.D. Texas, C.A. No. 3:98-630)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001

David Lee Crawford
Phelps Dunbar, LLP
3040 Post Oak Boulevard
Suite 900
Houston, TX 77056-5705

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Roger Henry Nebel
Forman, Perry, Watkins, Krutz & Tardy, LLP
1717 St. James Place
Suite 600
Houston, TX 77056

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

Arthur Sadin
Sadin Law Firm, P.C.
1104 S. Friendship Drive
Suite A
Friendswood, TX 77546

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406