MDL 875

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED CLERK'S OFFICE

WILLIAM RUTZICK, WSBA #11533
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington 98104
Telephone: (260) 622-8000
Facsimile: (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

McAboy v. IMO Industries, Inc. et al.
United States District Court
Western District of Washington
Cause No. No. CV05-1241RSL

PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER CTO 253, DATED OCTOBER 7, 2005

COMES NOW Plaintiff Steven McAboy, personal representative of the estate of Jean McAboy, by and through his attorney William Rutzick of Schroeter Goldmark & Bender, and move the Judicial Panel of Multidistrict Litigation for an order, pursuant to Rule of Procedure 12(d) and (f), vacating the Conditional Transfer Order (CTO-253), dated October 7, 2005. This Motion is based upon the Memorandum in Support of Plaintiff's Motion to Vacate Conditional Transfer Order (CTO-253), dated November 3, 2005, filed herewith, and the records and documents on file in McAboy v. IMO Industries, Inc. et al., United States District Court, Western District of Washington, Cause No. CV05-1241RSL.

RECEIVED CLERK'S OFFICE
2005 NOV -1 A 10: 24
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION



IMAGED NOV - 9 2005
OFFICIAL FILE COPY
PLEADING NO. 4660

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 2 of 18

DATED this 3rd day of November, 2005.

SCHROETER, GOLDMARK & BENDER

WILLIAM RUTZICK, WSBA #11533
Counsel for Plaintiff

PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER
CTO 253
- 2
N:\ASBESTOS\McAboy 14639a1500\P\Fed\MDL\MxtoVacate-101805.doc

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 3 of 18

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED
CLERK'S OFFICE

WILLIAM RUTZICK, WSBA #11533
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington 98104
Telephone: (260) 622-8000
Facsimile: (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

McAboy v. IMO Industries, Inc. et al.
United States District Court
Western District of Washington
Cause No. No. CV05-1241RSL

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO 253, DATED OCTOBER 7, 2005

Plaintiff filed suit against seven defendants in the King County Superior Court in the State of Washington on June 8, 2005. Plaintiff also filed suit against VIAD Corporation on June 14, 2005. On July 14, 2005, Elliott Company, one of the defendants filed a Notice of Removal requesting removal of this case to Federal Court; no other defendants joined in this Notice of Removal. Plaintiff filed a motion for remand this case on August 15, 2005. The judge denied this motion and Plaintiff filed a motion for reconsideration on October 31, 2005. Attached as Exhibit A is a copy of this motion. Plaintiff expects that the Judge will rule on this matter in the near future. Plaintiff requests that CTO-253 be vacated until the matter is resolved.

RECEIVED
CLERK'S OFFICE
2005 NOV -1 A 10: 24
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO VACATE
CONDITIONAL TRANSFER ORDER CTO 253
- 1
N:\ASBESTOS\McAboy 14639a1500\P\Fed\MDL\MDL Memo Opp-110305.doc

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 4 of 18

DATED this 3rd day of November, 2005.

SCHROETER, GOLDMARK & BENDER

WILLIAM RUTZICK, WSBA #11533
Counsel for Plaintiff

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO 253
- 2
N:\ASBESTOS\McAboy 14639a1500\P\Fed\MDL\MDL Memo Opp-110305.doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED
CLERK'S OFFICE

WILLIAM RUTZICK, WSBA #11533
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington 98104
Telephone: (260) 622-8000
Facsimile: (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

McAboy v. IMO Industries, Inc. et al.
United States District Court
Western District of Washington
Cause No. No. CV05-1241RSL

**REASONS WHY ORAL ARGUMENT SHOULD BE HEARD**

It is Plaintiff's position that the defendants did not comply with Rule 28 U.S.C. § 1446. The District Court ruled against the plaintiff's motion for remand. If the pending motion for reconsideration is denied, Plaintiff is considering appealing the matter and would like the appeal process dealt with before the Conditional Transfer Order is decided by the Panel. Plaintiff requests oral argument to explain the analysis involved in this matter.

DATED this 3rd day of November, 2005.

SCHROETER, GOLDMARK & BENDER

WILLIAM RUTZICK, WSBA #11533
Counsel for Plaintiffs

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED CLERK'S OFFICE

WILLIAM RUTZICK, WSBA #11533
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington 98104
Telephone: (260) 622-8000
Facsimile: (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

McAboy v. IMO Industries, Inc. et al.
United States District Court
Western District of Washington
Cause No. No. CV05-1241RSL

DECLARATION OF SERVICE

Halie Cordoza hereby declares as follows:

On November 4th, 2005, I had copies of the following documents served upon attorneys of record for defendants on the attached list by having said copies faxed, delivered or mailed, postage prepaid:

- NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER;
- PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-253), DATED NOVEMBER 3, 2005;
- MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER CTO 253, DATED NOVEMBER 3, 2005; and
- REASONS WHY ORAL ARGUMENT SHOULD BE HEARD.

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 7 of 18

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED at Seattle, Washington, this 4th day of November, 2005.

HALIE CORDOZA

NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER - 2
N:\ASBESTOS\McAboy 14639a1500\P\Fed\MDL\MDL DecServ-HAC-110305.doc

**PANEL SERVICE LIST (Excerpted from CTO-253)**
**DOCKET NO. 875**
**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (No. VI)**

*Steven McAboy, etc. v. IMO Industries, Inc., et al.*, W.D. Washington, C.A. No. 2:05-1241 (Judge Robert S. Lasnik)

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Christine E. Dinsdale
Soha & Lang, PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Carl E. Forsberg
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

James E. Horne
Kingman, Peabody, Pierson & Fitzharris
505 Madison Street
Suite 300
Seattle, WA 98104-1138

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

William J. Rutzick
Schroeter, Goldmark & Bender
500 Central Building
810 Third Avenue
Seattle, WA 98104

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mark B. Tuvim
Corr Cronin Michelson Baumgardner & Preece
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

**McAboy v. IMO Industries et al., SERVICE LIST**
**14639a-1500**

| | |
|---|---|
| James Horne<br>Kingman Peabody<br>505 Madison Street # 300<br>Seattle, Washington 98104<br>**Counsel for IMO Industries Inc.**<br>Phone: 206-622-1264 Fax: 206-292-2961 | Carl Forsberg<br>Forsberg & Umlauf<br>900 4th Ave., Suite 1700<br>Seattle, Washington 98164<br>Counsel for **Elliott Co.**<br>(206) 689-8500; Fax (206) 689-8501 |
| Christopher Marks<br>Williams, Kastner & Gibbs<br>601 Union Street, Suite 4100<br>Seattle, Washington 98111-3926<br>**Counsel for General Electric**<br>(206) 628-6600; Fax (206) 628-6611<br>(Michelle Cooper -- paralegal)<br>asbestos@wkg.com (all asbestos attorney's have one email box) | Kenneth Petty<br>Williams, Kastner & Gibbs<br>601 Union Street, Suite 4100<br>Seattle, Washington 98111-3926<br>Counsel for **Viacom**<br>(206) 628-6600; Fax (206) 628-6611<br>(Michelle Cooper -- paralegal)<br>asbestos@wkg.com (all asbestos attorney's have one email box) |
| Kevin Baumgardner<br>CORR CRONIN LLP<br>1001 - 4th Avenue Suite 3700<br>Seattle, Washington 98154<br>Counsel for **Ingersoll-Rand Corp.**<br>(206) 625-8600; Fax (206) 625-0900<br>kbaumgardner@corrcronin.com | Christine E. Dinsdale<br>Soha & Lang, P.S.<br>701 Fifth Avenue, Suite 2400<br>Seattle, Washington 98104<br>(206) 624-1800; fax (206) 624-3585<br>email: dinsdale@sohalang.com<br>**Counsel for Goulds Pumps, Inc.** |
| | J. Michael Mattingly<br>Steven V. Rizzo, P.C.<br>Lincoln Place, Suite 350<br>1620 S.W. Taylor Street<br>Portland, Oregon 97205<br>Ph: 503-229-1819 Fax: 503-229-0630<br>mmattingly@rizzopc.com<br>Counsel for **Warren Pumps** |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

NOV - 8 2005

FILED CLERK'S OFFICE

WILLIAM RUTZICK, WSBA #11533
SCHROETER GOLDMARK & BENDER
500 Central Building
810 Third Avenue
Seattle, Washington 98104
Telephone: (260) 622-8000
Facsimile: (206) 682-2305

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**MDL DOCKET NO. 875**

**IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)**

THIS DOCUMENT RELATES TO:

McAboy v. IMO Industries, Inc. et al.
United States District Court
Western District of Washington
Cause No. No. CV05-1241RSL

NOTICE OF OPPOSITION TO CONDITIONAL TRANSFER ORDER

PLEASE TAKE NOTICE that pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 181 F.R.D.1, 10 (1998), plaintiff Steven McAboy, by and through his counsel of record herein, hereby opposes the conditional transfer order (CTO 253).

Plaintiff filed suit against seven defendants in the King County Superior Court in the State of Washington on June 8, 2005. Plaintiff also filed suit against VIAD Corporation on June 14, 2005. On July 14, 2005, Elliott Company, one of the defendants filed a Notice of Removal requesting removal of this case to Federal Court; no other defendants joined in this Notice of Removal. Plaintiff filed a motion for remand this case on August 15, 2005. The judge denied this motion and Plaintiff filed a motion for reconsideration on October 31, 2005. Plaintiff expects that the Judge will

RECEIVED CLERK'S OFFICE
2005 NOV -1 A 10: 24
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 11 of 18

rule on this matter in the near future. Plaintiff requests that CTO-253 be vacated until the matter is resolved.

DATED this 4th day of November, 2005.

SCHROETER, GOLDMARK & BENDER

WILLIAM RUTZICK, WSBA #11533
Counsel for Plaintiff

NOTICE OF OPPOSITION TO
CONDITIONAL TRANSFER ORDER- 2
N:\ASBESTOS\McAboy 14639a1500\P\Fed\MDL\MDL Opp to CTO-110305.doc

# EXHIBIT A

RECEIVED
CLERK'S OFFICE

2005 NOV -7 A 10: 24

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 13 of 18

Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN D. McABOY, for himself and as Personal Representative of the Estate of JEAN McABOY, a single person, Plaintiff, v. IMO INDUSTRIES, INC., individually and as successor-in-interest to and f/k/a DELAVAL TURBINE, INC., IMO DELAVAL INC, and WARREN PUMPS, a Delaware corporation, et. al., Defendants. | No. C05-1241L<br>MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES |

## I. COURTS AUTHORITY TO RECONSIDER AND STANDARD FOR RECONSIDERATION

Under Fed. R. Civ. P. 54, any order adjudicating fewer than all the claims "is subject to revision at any time before the entry of judgment adjudicating all the claims," absent court direction that judgment be entered immediately. E.g., Northwest Airlines Astraea Aviation Servs., 930 F. Supp. 1317, 1328 (D. Minn. 1996); and Murr Plumbing, Inc. v. Scherer Financial, 48 F.3de 1066, 1070 (8th Cir. 1995). As explained in School Dist. No. 1J, Multnomah Cty. v. Acands, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993):

MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES - 1
(Case No. C05-1241L)
N:\ASBESTOS\McAboy 14639a1500\P\MotionReconsideration 103105.doc

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 14 of 18

> Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645, 648 (D. Hawaii 1987), *rev'd on other grounds,* 855 F.2d 860 (9th Cir. 1988). There may also be other, highly unusual, circumstances warranting reconsideration.

As discussed below, reconsideration is appropriate under Subsection (2) quoted above.

Some courts require that the matter be one that could not reasonably been raised prior to reconsideration. See Westbrook v. C.I.R., 68 F.3d 868 (5th Cir. 1995). While the Ninth Circuit does not appear to have adopted that requirement, plaintiff herein meets that additional requirement. Notably, neither plaintiff nor defendants argued the applicability of Section 278 of the Restatement (2d) of Agency to 28 U.S.C. §1446(b). Nor was this issue raised after the briefing since there was no oral argument. The Court raised it in its order, *sua sponte*, and thus this issue first came to plaintiffs' attention when it received this Court's order on October 28, 2005.

## II. THE COURT'S DECISION WAS CLEAR ERROR

This Court's analysis as to why Elliott was allowed to remove this case to federal court 35 days after service of the summons and complaint, was as follows:

> Although service to a designated agent may implicate the principal's knowledge more strongly than service to a statutory agent would, *the same treatise relied on in Taphouse contemplates a reasonable delay between agent knowledge and principal knowledge*:
>
> > The principal is affected by the knowledge which the agent has when acting for him or, if it is the duty of the agent to communicate the information and not otherwise to act, the principal is affected after the lapse of such time as is reasonable for its communication.
>
> RESTATEMENT (SECOND) OF AGENCY §§278 (1957). In this case, the agent, CT Corporation, received service of process on a Thursday, and it was conveyed to the principal, Elliott, on the following Tuesday. Given the locations of the registered agent – Washington – and the headquarters of the company – Pennsylvania – as well as the significant administrative strains of a large

MOTION FOR RECONSIDERATION OF THIS COURT'S
ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
AND ATTORNEYS FEES - 2
(Case No. C05-1241L)
N:\ASBESTOS\McAboy 14639a1500\P\MotionReconsideration 103105.doc

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 15 of 18

> company attempting to make itself available for service nationwide, three business days is a reasonable time.

Court's Order Denying Plaintiff's Motion For Remand And Attorneys Fees ("Court's Order" herein), p. 4.

This Court acknowledged that "Elliott authorized CT Corporation to be its agent for the purpose of service of process". Court's Order, p. 3. By permitting Elliott to file its removal 35 days after service on Elliott's voluntarily designated agent for the purpose of service of process, this Court acted contrary to 28 U.S.C. §1446 as interpreted by the United States Supreme Court in Murphy Bros. v. Michetti Pipe, 526 U.S. 344, 347-348, 143 L.Ed2d 448, 119 S.Ct. 1322 (1999). In Murphy, the court held:

> that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.

(Emphasis added.) The Supreme Court thus held that the time to remove is triggered by service of the summons and complaint, which in this case happened 35 days prior to removal. This Court's decision is squarely in conflict with the holding of the United States Supreme Court, which held that the statutory time limit for removal is triggered by service, not service plus a "reasonable time" thereafter.

This Court's position is also contrary to the following district and court of appeals cases: Barr v. Zurich Ins. Co., 985 F. Supp. 701 (S.D. Tex. 1997); Roe v. O'Donohue, 38 F.3d 298, 304 (7th Cir. 1994);[1] Cooperman v. Board of Educ. Of Hillside Tp, 577 F. Supp. 52 (N.J. 1983); and Luce v. Lloyd's of London, 868 F. Supp. 625 (D. Vt. 1994).

---

[1] While Roe, supra, was overruled by Murphy, supra, on the issue of whether the summons and complaint had to have been served, the Supreme Court did not challenge the concept of service on an agent sufficing as proper service. Indeed, it appeared to accept it.

MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES - 3
(Case No. C05-1241L)
N:\ASBESTOS\McAboy 14639a1500\P\MotionReconsideration 103105.doc

Furthermore, no case that plaintiff has located relies on Section 278 of the Restatement (2d) of Agency to give defendant, for removal purposes, an additional "reasonable" period of time beyond 30 days, when such defendant has voluntarily selected an agent for service and process, as has Elliott. While the court in Taphouse v. Home Ins. Co., 885 F. Supp. 158 (E.D. Mich. 1995), referenced other sections of the Restatement (2d) of Agency, it did not rely on Section 278.

### III. THE COURT'S DECISION WOULD BUILD UNCERTAINTY INTO BOTH 28 U.S.C. §1446(b) AND FED. R. CIV. P. §12(a).

The Court's ruling permits defendants to give themselves an additional reasonable period time to remove beyond the 30 days set forth in the statute simply by appointing an agent for service. This allows a defendant unilaterally to extend the time limits by its own action. That also means that parties will have to litigate what is a reasonable period of time in connection with many removal actions. Furthermore, the logic of this Court's ruling would extend beyond this situation. Take, for example, an individual who was served by leaving the summons and complaint with someone, e.g., a relative, who lives at the defendant's house. That relative is no different, vis-à-vis, to the defendant living in his house than the CT corporation is to Elliott. For example, a niece living in defendant's house has, at most, a duty to communicate the information to the defendant. Under the Court's analysis, the individual defendant would be entitled to a reasonable period of time before that summons and complaint is viewed as having been communicated to the defendant. If the defendant were out of town for 10 days, presumably the reasonable period would be at least 10 days. The

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 17 of 18

served defendant could thus remove the action 40 days after service. The possibilities for litigation on this issue are great.[2]

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration should be granted.

DATED this 31st day of **October, 2005.**

s/William Rutzick
WILLIAM RUTZICK, WSBA #11533
Attorney for Plaintiff(s)
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Fax: (206) 682-2305
rutzick@sgb-law.com

[2] The logic of the Court's position also applies to Fed. R. Civ. P. 12(a)(1)(A), which provides:

> (1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
>
> (A) within 20 days after being served with the summons and complaint,

MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES - 5
(Case No. C05-1241L)
N:\ASBESTOS\McAboy 14639a1500\P\MotionReconsideration 103105.doc

Case MDL No. 875 Document 4660 Filed 11/08/05 Page 18 of 18

**CERTIFICATE OF SERVICE**

I hereby certify that on October 31, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Scott Milzer<br>Kingman Peabody<br>505 Madison Street # 300<br>Seattle, Washington 98104<br>**Counsel for IMO Industries Inc.** | Melissa Habeck<br>Forsberg & Umlauf<br>900 4th Ave., Suite 1700<br>Seattle, Washington 98164<br>**Counsel for Elliott Co.** |
| Christopher Marks<br>Williams, Kastner & Gibbs<br>601 Union Street, Suite 4100<br>Seattle, Washington 98111-3926<br>**Counsel for General Electric** | Kenneth Petty<br>Williams, Kastner & Gibbs<br>601 Union Street, Suite 4100<br>Seattle, Washington 98111-3926<br>**Counsel for Viacom** |
| Kevin Baumgardner<br>CORR CRONIN LLP<br>1001 - 4th Avenue Suite 3700<br>Seattle, Washington 98154<br>**Counsel for Ingersoll-Rand Corp.** | Christine E. Dinsdale<br>Soha & Lang, P.S.<br>701 Fifth Avenue, Suite 2400<br>Seattle, Washington 98104<br>**Counsel for Goulds Pumps, Inc.** |

I also certify that I mailed via the U.S. Postal Service a copy postage prepaid to the following:

| | |
|---|---|
| | J. Michael Mattingly<br>Steven V. Rizzo, P.C.<br>Lincoln Place, Suite 350<br>1620 S.W. Taylor Street<br>Portland, Oregon 97205<br>**Counsel for Warren Pumps** |

s/*William Rutzick*
WILLIAM RUTZICK, WSBA #11533
Attorney for Plaintiff(s)
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Fax: (206) 682-2305
rutzick@sgb-law.com

MOTION FOR RECONSIDERATION OF THIS COURT'S ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND ATTORNEYS FEES - 6
(Case No. C05-1241L)
N:\ASBESTOS\McAboy 14639a1500\P\MotionReconsideration 103105.doc