

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 16 2005

FILED
CLERK'S OFFICE

ANN ELIZABETH BUCHINGER, as
Personal Representative of the Estate of
LARRY BUCHINGER, Deceased,

        Plaintiff,

vs.

        CASE NO. 3:05-cv-118-RV/MD

GARLOCK, Inc., et al.

        Defendants,

## ORDER

Pending is plaintiff's motion to remand. (Doc. 18).

The plaintiffs Larry Buchinger and Ann Elizabeth Buchinger brought this action in the state court of Escambia County, Florida, under the Florida Wrongful Death Act [Fla. Stat. §§768.16-768.27], against sixteen Defendant corporations.[1] Defendant General Electric removed the action to federal court under the authority of Title 28, United States Code, Section 1442(a)(1). Plaintiff now moves to remand the entire action pursuant to Title 28, United States Code, Section 1447(c).

I. **BACKGROUND**

In 2003, the plaintiffs Larry Buchinger and Anne E. Buchinger, husband and wife, filed an action in the Circuit Court in and for Escambia County, Florida, alleging

---

[1] The defendants are as follows: Garlock, Inc.; Flintkote Company; Georgia-Pacific Corporation; Metropolitan Life Insurance Company; Rapid American Corporation; Pfizer, Inc.; Bigham Insulation and Supply Co., Inc.; Worthington Pump, Inc.; Viacom, Inc.; Sealing Equipment Products Company, Inc.; Ingersoll-Rand Company; Amchem Products, Inc.; A.W. Chesterton Company; General Electric Company; and North American Refractors Company; Honeywell, Inc.

Case No.:3:05-cv-118/RV/MD

MDL- 875
RECOMMENDED ACTION
Vacate T.O.
Approved/Date: MJB (for TMK) 11/15/05

**OFFICIAL FILE COPY**

IMAGED NOV 16 2005

NOV-14-2005 15:20    US DISTRICT COURT EDPA    P.11
Case MDL No. 875   Document 4665   Filed 11/16/05   Page 2 of 6
Case 3:05-cv-00118-RV-MD   Document 21   Filed 09/23/2005   Page 2 of 5

Page 2 of 5

Larry Buchinger suffered damages from exposure to asbestos.[2] Larry Bunchinger alleged that he was exposed to various products containing asbestos while working as a machinist mate aboard various ships while stationed in Florida from approximately 1959 to 1984.

Defendant General Electric Company ("GE") was named as one of the sixteen defendant companies sued for negligence and/or civil conspiracy relating to the asbestos exposure. On April 1, 2005, GE removed the action to this court pursuant to Title 28, United States Code, Section 1442(a). This section provides, in relevant part, that in any civil action commenced in a State court against, "(t)he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . .", such party may remove the pending action to a district Court of the United States. 28 U.S.C. §1442(a)(1)

Removal pursuant to Section 1442(a)(1) is appropriate when two prerequisites are met: (1) the removing party can demonstrate that it acted under the direction of a federal officer for the act sued upon, and (2) the federal actor being challenged must raise a colorable defense arising out of its duty to enforce federal law. See State of Florida v. Cohen, 887 F.2d 1451, 1453-54 (11th Cir. 1989)(citing Mesa v. California, 489 U.S. 121, 124-25, 109 S. Ct. 959, 966-67, 103 L. Ed. 2d 99 (1989)).

On March 8, 2005, GE received an affidavit signed earlier by the decedent, Larry Buchinger, in which the decedent stated that he was exposed to asbestos while working on or around GE marine turbines on the USS Antietam, the USS Ticonderoga, and the USS Stribling while he was serving in the United States Navy. Subsequently, GE removed the action to federal court pursuant to Section 1442(a), alleging that any

---

[2] Since the time that the original complaint was filed, plaintiff Larry Buchinger has died, and the case is proceeding with Ann Elizabeth Buchinger as the personal representative of his estate.

NOV-14-2005 15:20     US DISTRICT COURT EDPA                                                    P.12
Case MDL No. 875   Document 4665   Filed 11/16/05   Page 3 of 6
Case 3:05-cv-00118-RV-MD   Document 21   Filed 09/23/2005   Page 3 of 5

Page 3 of 5

marine steam turbines to which Larry Buchinger was exposed were designed and produced by GE pursuant to a contract and detailed specifications executed by the United States Navy. Thus, in the manufacture and sale of turbines for the United States Navy, GE was acting as an officer or agency of the United States within the meaning of Section 1442(a), and plaintiffs' claims arose from acts which GE performed under color of federal office. Further, GE claimed, pursuant to the government contractor defense, GE could not be held liable under state law for any injuries caused by its marine steam turbines. See e.g., Boyle v. United Technologies Corp., 487 U.S. 500, 108 S. Ct. 2510, 101 L. Ed. 2d 442 (1988).

Section 1442(a) does not require GE to notify or obtain the consent of any other defendant in the action in order to remove the entire case to federal court. See 28 U.S.C. 1442(a); Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co., 644 F.2d 1310, 1315 (9th Cir. 1981). Instead, Section 1442(a)(1) creates special ancillary jurisdiction over the state claims, and "district court may take the entire case, even if it would not have jurisdiction over any of the claims against a codefendant." Williams v. City of Atlanta, 794 F.2d 624, 628 (11th Cir. 1986)(citing IFMC Professional Services v. Latin American Home Health, 676 F.2d 152, 158-59 (5th Cir. Unit B 1982)).

Since the case was removed, Plaintiff contends all claims against Defendant GE have been resolved. As GE is no longer a party, plaintiff moves to remand the case to state court, and GE has apparently consented to the remand. Plaintiff argues that this court no longer has subject matter jurisdiction pursuant to Section 1442(a)(1) because there is no evidence that any of the remaining defendant companies acted under the direction of a federal agency or officer when they allegedly manufactured, distributed or utilized asbestos containing products with which the decedent came into contact. Indeed, no other defendant has sought removal of this case or joined in GE's removal alleging federal officer jurisdiction. In fact, none of the remaining defendants

NOV-14-2005 15:21  US DISTRICT COURT EDPA                                    P.13
Case MDL No. 875   Document 4665   Filed 11/16/05   Page 4 of 6
Case 3:05-cv-00118-RV-MD   Document 21   Filed 09/23/2005   Page 4 of 5

Page 4 of 5

have responded to the plaintiff's motion to remand.

A district court's authority to remand a case is governed by Title 28, United States Code, Section 1447(c), which provides in part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). A district court has no discretion to remand a case other than for reasons specifically authorized by statute. Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000). Generally, a district court's jurisdiction inquiry for purposes of §1447(c) is determined as of the time the removal petition is filed. Id. at 1290-91. However, if a case was removed pursuant to Section 1442(a), and the federal defendants are dismissed, the district court may, in its discretion, remand the case. Williams v. City of Atlanta, supra, 794 F.2d at 628.

The former Fifth Circuit considered removal jurisdiction under the authority of Section 1442(a) to be a species of ancillary jurisdiction because it authorizes a court to remove an entire case, including the nonfederal elements of a case, even if only one of its controversies involves a federal officer. IMFC Professional Services v. Latin American Home Health, supra, 676 F.2d 152 (5th Cir. Unit B 1982). Thus, "in other instances of ancillary jurisdiction, elimination of the 'principal' controversy in a case does not deprive the court of power to dispose of the ancillary matters even though the court would not have had jurisdiction over these matters but for ancillarity." Id. at 158-59.

However, the former Fifth Circuit also held that Section 1442(a)(1), "through its creation of ancillary jurisdiction, confers discretion on the district court to decline to exercise continued jurisdiction" once the federal defendant has dropped out of the case. Id. at 160. Following the IMFC Professional Services decision, the Eleventh Circuit agreed that a district court has residual ancillary jurisdiction over the state law claims against the nonfederal defendant, even if the federal defendants are dismissed.

NOV-14-2005 15:21   US DISTRICT COURT EDPA                                          P.14
Case MDL No. 875   Document 4665   Filed 11/16/05   Page 5 of 6
Case 3:05-cv-00118-RV-MD   Document 21   Filed 09/23/2005   Page 5 of 5

Page 5 of 5

Williams v. City of Atlanta, supra, 794 F.2d at 625. However, "the district court may, in its discretion, decline to exercise this jurisdiction. If so, it must remand the case to state court as 'removed improvidently and without jurisdiction under 28 U.S.C. §1447(c).'" Id.[3]

In this case, I decline to exercise ancillary jurisdiction pursuant to Section 1442(a). This case had been pending in state court for almost two years before GE removed the action to this court on April 1, 2005. Since that time, GE and plaintiff have resolved their dispute and have agreed to the dismissal of GE from the case. There is no evidence in the record to establish that the remaining defendants claim to have been acting as a government contractor under the direction of a federal agency or officer. Since the federal defendant has dropped out of this case, removal jurisdiction no longer exists and this case should be remanded.

### III.  CONCLUSION

For the foregoing reasons, the plaintiff's motion to remand (doc. 18) is GRANTED, and this case is remanded to the Circuit Court in and for Escambia County, Florida.

DONE and ORDERED this 23rd day of September, 2005.

/s/ Roger Vinson
ROGER VINSON
Senior United States District Judge

CERTIFIED A TRUE COPY
WILLIAM M. McCOOL, Clerk
By: _____
Deputy Clerk

---

[3] Section 1447(c) was amended in 1988. The pre-amendment version read, in pertinent part, "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . ." However, the Eleventh Circuit has held that the amendments to Section 1447(c) were not intended to change the meaning of this original section. Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1289-90 (11th Cir. 2000). Thus, the 1988 amendments to Section 1447(c) should not affect the Eleventh Circuit's prior precedent addressing remand pursuant to Section 1447(c) and Section 1442(a)(1).

Case No.:3:05-cv-118/RV/MD

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 16 2005

FILED
CLERK'S OFFICE

ANN ELIZABETH BUCHINGER,

   VS

DISTRICT CASE NO. 3:05cv118/RV/MD
MDL PANEL CASE NO. MDL 875

GARLOCK, INC., ET AL

This case is no longer pending in our court. Enclosed is a certified copy of the docket sheet and Order Remanding case back to the Circuit Court.

If I may be of any further assistance, please call me at (850) 435-8440.

WILLIAM M. McCOOL, CLERK OF COURT

November 8, 2005
DATE:

/s/ Teresa Cole
Deputy Clerk: Teresa Cole

2005 NOV 14 P 3: 26
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

RECEIVED
CLERK'S OFFICE