JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 2 2005

FILED
CLERK'S OFFICE

BEFORE THE JUDICAL PANEL
ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| STEVEN D. McABOY, for himself and as Personal Representative of the Estate of JEAN McABOY, | MDL DOCKET NO. 875 (ASBESTOS) |
| Plaintiff, | DEFENDANT ELLIOTT'S REPLY TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER |
| vs. | |
| IMO INDUSTRIES, INC., individually and as successor-in-interest to and f/k/a DELAVAL TURBINE, INC., IMO DELAVAL INC, and WARREN PUMPS, a Delaware corporation; ELLIOTT COMPANY d/b/a ELLIOTT TURBOMACHINERY CO., INC., a Delaware corporation; GENERAL ELECTRIC COMPANY, a New York corporation; GOULDS PUMPS (IPG), INC., a Delaware corporation; INGERSOLL-RAND COMPANY a Delaware corporation; VIACOM, INC.; Successor by Merger to CBS Corporation, f/k/a Westinghouse Electric Corporation, a Delaware corporation; and WARREN PUMPS LLC, a Delaware limited liability company, | U.S.D.C. NO. C05-1241L |
| Defendants. | |

RECEIVED
CLERK'S OFFICE
2005 NOV 22  A 9: 27
JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

**OFFICIAL FILE COPY**

DEFENDANT ELLIOTT'S REPLY TO PLAINTIFF'S MOITON TO VACATE –
PAGE 1

262560 / 850.0049

**ORIGINAL**

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

IMAGED NOV 2 2 2005

Defendant Elliott successfully transferred the <u>McAboy</u> matter to federal court.  <u>See</u> Declaration of Habeck, Exhibit 1.  On October 31, 2005, Plaintiff filed its Memorandum in Support of Plaintiff's Motion to Vacate Conditional Transfer Order CTO 253, dated October 7, 2005.  Plaintiff has not cited any authority in support of its Motion to Vacate the Conditional Transfer.  Rather, Plaintiff's request that the conditional transfer be vacated is based upon the Motion for Reconsideration that he filed.

The Western District federal rules of civil procedure, FRCR 7(h) states:

> (1) *Standard.*  Motions for reconsideration are <u>disfavored.  The court will ordinarily deny such motions</u> in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

*See id.*

Plaintiff has not set forth any (1) new facts or (2) legal authority in its motion to vacate.  As such, the Western District Federal Court denied Plaintiff's Motion for Reconsideration. <u>See</u> Declaration of Habeck, Exhibit 2.

Based upon the above, it is appropriate for this court to **deny** Plaintiff's Motion to Vacate Conditional Order to Transfer Order CTO 253 and to move this matter to the its appropriate venue which is the MDL Docket.

DATED this 15th of November, 2005.

FORSBERG & UMLAUF, P.S.

By: _____
Carl E. Forsberg, WSBA #17025
Melissa K. Habeck, WSBA #30836
Attorneys for Defendant Elliott Company
900 4th Ave., Suite 1700
Seattle, Washington 98164
Telephone: (206) 689-8500, Fax: (206) 689-8501

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 2 2 2005

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8

BEFORE THE JUDICAL PANEL

9

ON

MULTIDISTRICT LITIGATION

10  STEVEN D. McABOY, for himself and as
    Personal Representative of the Estate of JEAN

11  McABOY,                                          MDL DOCKET NO. 875 (ASBESTOS)

12                          Plaintiff,               DECLARATION OF MELISSA K.
                                                     HABECK IN SUPPORT OF DEFENDANT
13          vs.                                      ELLIOTT'S REPLY TO PLAINTIFF'S
                                                     MOTION TO VACATE CONDITIONAL
14  IMO INDUSTRIES, INC., individually and as        TRANSFER ORDER
    successor-in-interest to and f/k/a DELAVAL
15  TURBINE, INC., IMO DELAVAL INC, and              U.S.D.C. NO. C05-1241L
    WARREN PUMPS, a Delaware corporation;
16  ELLIOTT COMPANY d/b/a ELLIOTT
    TURBOMACHINERY CO., INC., a Delaware
17  corporation; GENERAL ELECTRIC
    COMPANY, a New York corporation;
18  GOULDS PUMPS (IPG), INC., a Delaware
    corporation; INGERSOLL-RAND COMPANY
19  a Delaware corporation; VIACOM, INC.;
    Successor by Merger to CBS Corporation, f/k/a
20  Westinghouse Electric Corporation, a Delaware
    corporation; and WARREN PUMPS LLC, a
21  Delaware limited liability company,

22                          Defendants.

23

DECLARATION OF MELISSA K. HABECK – PAGE 1

262567 / 850.0049

ORIGINAL

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

1    I, Melissa Habeck, am over the age of 18 and declare under the penalty of perjury

2    under the laws of the State of Washington that the following is true and correct:

3    1.    I am one of the attorneys representing Elliott Company (hereafter "Elliott") in

4    this lawsuit and am competent to make the following declaration based upon my personal

5    knowledge.

6    2.    Attached hereto as Exhibit 1 is a true and accurate copy of the Order Denying

7    Plaintiff's Motion for Remand and Attorneys Fees dated October 27, 2005.

8    3.    Attached hereto as Exhibit 2 is a true and accurate copy of Order Denying

9    Plaintiff's Motion for Reconsideration.

10    DATED in Seattle, Washington on this 15th day of November, 2005.

12    _____
      Melissa K. Habeck

DECLARATION OF MELISSA K. HABECK – PAGE 2

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

262567 / 850.0049

# EXHIBIT 1

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

STEVEN D. McABOY, for himself and as
Personal Representative of the Estate of
JEAN McABOY, a single person,

Plaintiff,

v.

IMO INDUSTRIES, *et al.*,

Defendants.

Case No.  C05-1241L

ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND AND
ATTORNEYS FEES

16

## I. Introduction

17   This matter comes before the Court on "Plaintiff's Motion for Remand and Attorney

18 Fees" (Dkt. # 9).  Defendant removed this suit to federal court pursuant to the federal officer

19 removal statute.  28 U.S.C. § 1442(a)(1).  In its motion to remand and for attorneys fees,

20 McAboy relies on two arguments.  First, McAboy contends that Elliott failed to comply with the

21 procedural statutory requirements for removal. 28 U.S.C. § 1446(b).  Second, McAboy argues

22 that Elliott failed to satisfy the substantive requirements for a removable action.  28 U.S.C. §

23 1442(a)(1).  These arguments are addressed in turn.

24

## II. Discussion

25   Service of Process, or 28 U.S.C. § 1446(b)

26   On June 8, 2005, Plaintiff Steven McAboy sued Defendant Elliott Company ("Elliott") in

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1   King County Superior Court for Personal Injury and Wrongful Death. <u>Steven D. McAboy, for</u>

2   <u>himself and as Personal Representative of the Estate of Jean McAboy, a single person v. IMO</u>

3   <u>Industries, Inc., et al.</u>, No. 05-2-18854-5SEA. On June 9, 2005, Elliott's statutory process agent,

4   CT Corporation System, received service of process. Decl. of Melissa K. Habeck, Ex. 2. On

5   June 14, 2005, the Legal Department of the Elliott Company received the service of process

6   papers from the CT Corporation. <u>See id</u>. (timestamp). On July 14, 2005, Elliott filed the notice

7   of removal, bringing the action before this Court. Dkt. # 1. Two weeks after its notice of

8   removal, on July 28, 2005, Elliott moved to consolidate its case with another action pending

9   before the federal court, <u>McAboy v. Viad</u>, No. CV05-1250. On August 15, 2005, McAboy filed

10   the instant motion to remand and for attorneys fees. Dkt. # 9.[1]

11         McAboy argues that for the purpose of § 1446(b), the thirty-day time limit for the notice

12   of removal must begin from the date of the receipt by the registered process agent, not the actual

13   receipt by the legal department of the defendant. Motion at 3. Elliott's registered agent for

14   service of process in Washington is the CT Corporation. Decl. of William Rutzick, Ex. F. (print

15   out from Washington Secretary of State, Corporations Division Registration Data Search). CT

16   Corporation received service of process on Thursday, June 9, 2005. Decl. of Melissa K.

17   Habeck, Ex. 2. Elliot filed its notice of removal on Thursday, July 14, 2005. Dkt. # 1. Because

18   notice was filed thirty-five days after Elliott's agent received service of process, McAboy

19   argues, Elliott failed to comply with the statutory requirements of § 1446(b), and therefore

20   removal was improper.

21         Elliott addresses the issue of timeliness briefly and asserts that its "alleged" procedural

22   gaffe is "irrelevant." Opposition at 11, lines 1–9. Its legal argument seems to be that Elliott's

23

24   _____

25       [1] Pursuant to statute, the motion to remand must be filed within thirty days of the notice
    of removal. 28 U.S.C. § 1447(c). That McAboy filed his motion on time is not in dispute, as

26   the thirtieth day fell on Saturday, August 13, and therefore was not included for the purpose of
    computation. Fed. R. Civ. P. 6.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1  proposed consolidation with <u>McAboy v. Viad</u> can bootstrap federal jurisdiction and eviscerate

2  procedural errors. Its explicit equitable argument offered by Elliott is that "it makes judicial and

3  economic sense to keep this action in federal court along with its companion case." <u>Id.</u> Elliott

4  offers no support for its assertion that equitable arguments can overcome a statutory bar.

5       The plain language of § 1446(b) indicates that the thirty-day period for removal must

6  begin "after receipt by the defendant, through service or otherwise." 28 U.S.C. § 1446(b).[2]

7  Elliott authorized CT Corporation to be its agent for the purpose of service of process, and as

8  such, its agent's knowledge is generally considered coextensive with its own, and its legal

9  obligations flow accordingly. <u>See, e.g.</u>, <u>Taphouse v. Home Ins. Co., Inc.</u> 885 F.Supp. 158 (E.D.

10  Mich. 1995) ("Generally, a corporation is considered to be in receipt of a complaint when the

11  complaint has been received 'by an agent authorized to accept service of process.'" ) (quoting

12  <u>Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.</u>, 5 F.3d 963, 968 (6th Cir. 1993)). In

13  <u>Taphouse</u>, the Court exempts defendant from strict compliance with the removal statute, because

14  of a communication failure between it and its statutory agent for service of process. <u>Taphouse</u>, 5

15  F.3d at 160. <u>Taphouse</u> distinguishes situations where the foreign corporation actually designates

16  a service agent, declaring that in those situations "the corporation can be held accountable for

17  that agent's actions and knowledge as if they were its own." <u>Id.</u> (citing RESTATEMENT (SECOND)

18  OF AGENCY §§ 272, 275 (1957)).

19  _____

20       [2] Although it is correct that "[a] majority of courts hold that this 30-day period begins
when a defendant actually receives a copy of the Complaint, rather than when a defendant is
21  properly served," <u>City & County of San Francisco v. Manning</u>, 2000 WL 1346732 at *3 (N.D.
22  Cal. Sep 7, 2000), this quotation refers to the question raised when a plaintiff failed to properly
serve a defendant, but can prove that the defendant nonetheless is in receipt of the complaint
23  prior to the eventual proper service. <u>Id.</u> Thus, this issue arises when plaintiff attempts to show
24  that the thirty-day period for removal began *before* service. The conclusion to be derived from
those cases is that service of process to a registered agent is not *necessary* to start the clock, not
25  that it is not *sufficient*. This misguided criticism of plaintiff's position is addressed only out of
26  an abundance of caution, and not because it is an argument that defendant raised. Indeed, as
stated above, defendant failed to raise any meaningful arguments as to this issue.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1    Although service to a designated agent may implicate the principal's knowledge more

2  strongly than service to a statutory agent would, the same treatise relied on in <u>Taphouse</u>

3  contemplates a reasonable delay between agent knowledge and principal knowledge:

4       The principal is affected by the knowledge which the agent has when acting for him or, if
        it is the duty of the agent to communicate the information and not otherwise to act, the
5       principal is affected after the lapse of such time as is reasonable for its communication.

6  RESTATEMENT (SECOND) OF AGENCY §§ 278 (1957).  In this case, the agent, CT Corporation,

7  received service of process on a Thursday, and it was conveyed to the principal, Elliott, on the

8  following Tuesday.  Given the locations of the registered agent—Washington—and the

9  headquarters of the company—Pennsylvania—as well as the significant administrative strains of

10 a large company attempting to make itself available for service nationwide, three business days

11 is a reasonable time.

12    Contrary to the language in <u>Barr v. Zurich Insurance Co.</u>, 985 F. Supp. 701 (S.D. Tex

13 1997), the procedural defect present here is not one that strips this court of jurisdiction.  <u>See id.</u>

14 at 702 (citing <u>Clinton v. Hueston</u>, 308 F.2d 908, 910 (5th Cir.1962) ("If any presumption exists

15 it is that a case is outside federal jurisdiction.")).  Thus, for example, McAboy could waive his

16 objection to procedural defect in Elliott's attempted removal, whereas no party can waive

17 objections to jurisdiction.  <u>See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead</u>

18 <u>Ins. Co.</u>, 46 F.3d 1190, 1192 (9th Cir. 2003).  McAboy did not waive his objection to the

19 procedural defect, however, and this Court is therefore bound to assess Elliott's compliance with

20 the removal statute.  <u>See Spielman v. Standard Ins. Co.</u>, 932 F.Supp. 246 (N.D. Cal. 1996)

21 (citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941)).

22    Notwithstanding Elliott's meager opposition to this potentially dispositive issue, the

23 Court concludes that Elliott's removal process was in strict compliance with § 1446(b).  Elliott

24 learned of its service from its service agent within a reasonable period of time after the actual

25 service, at which point the thirty-day clock for removal began.  <u>Cf. Barr</u> 985 F.Supp. at 702

26 (service was misplaced and the removal notice filed twenty-eight days late).  It then filed its

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1   removal notice on the thirtieth day of that period.

2   Federal Officer Defense, or 28 U.S.C. 1442(a)(1)

3       Elliott asserts a federal officer defense to McAboy's suit for personal injury and wrongful

4   death.  See Notice of Removal at 3–8; see also 28 U.S.C. § 1442(a)(1).  Elliott claims that the

5   asbestos alleged by plaintiff to have caused the death of Jean McAboy was included in the

6   design of Elliott's dearator feedwater and tanks ("dearators") according to exact specifications

7   provided by the United States Navy.  Notice of Removal at 3 ¶ 8.  Consequently, Elliott is

8   entitled to immunity as a federal contractor under Boyle v. United Technologies Corp., 487 U.S.

9   500 (1988).

10       McAboy acknowledges that in substantially similar cases, the federal officer defense has

11   provided a legitimate basis for removal.  McAboy notes that in those cases, which are relied on

12   by Elliott, defendants had been able to raise the inference that all aspects of the specifications

13   were completely within the control of the Navy, including "that the Navy prohibited warning

14   about asbestos because . . . the Navy exercised *complete* control over *all* warnings placed on

15   equipment or in accompanying technical manuals by its contractors."  Reply at 3 (quoting

16   Nesbeit v. Gen. Elec. Co., No. 04-9321, 2005 WL 697966 (S.D.N.Y. March 28, 2005)).  In

17   contrast, in the instant case, McAboy succeeded in getting Elliott's expert to concede that the

18   Navy might not have explicitly prohibited warnings about asbestos.

19       The parties agree that the starting point for the legal analysis is Mesa v. California. 489

20   U.S. 121 (1989).  In Mesa, petitioners Mesa and Ebrahim appealed the Ninth Circuit's writ of

21   mandamus ordering the district court to remand their case to state court after the two had filed a

22   notice of removal based on the federal officer defense.  Id. at 123–24.  Petitioners argued that

23   the plain language of the statute dictated that so long as they were acting under color of office,

24   removal was proper.  Id. at 125.  The Supreme Court rejected this argument and affirmed the

25   decision, and in so doing re-affirmed "decisions extending back nearly a century and a quarter

26   [that also] require the averment of a federal defense."  Id. at 133–34.  The Court also clarified

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1  that what the petitioners had argued to be an alternative grounds for removal—a causal

2  connection between the actions under the color of office and the harm alleged—was in fact a

3  third requirement to satisfy removal.  Id. at 133 (citing Maryland v. Soper, 270 US 9 (1926)).

4  Thus, a party seeking removal must show (1) that he was acting pursuant to the direction of a

5  federal officer, (2) that he has a colorable federal defense, and (3) that there was a causal

6  connection between the action as directed by the federal officer and the harm alleged.

7        The parties also agree that the test for the second prong of the removal test, for a

8  colorable federal defense, was set out in Boyle, 487 U.S. 500.[3]  In Boyle, the Supreme Court

9  held in favor of a military contractor, stating that:

10        Liability for design defects in military equipment cannot be imposed, pursuant to state
          law, when (1) the United States approved reasonably precise specifications; (2) the
11        equipment conformed to those specifications; and (3) the supplier warned the United
          States about the dangers in the use of the equipment that were known to the supplier but
12        not to the United States.

13  Id. at 512 (citing McKay v. Rockwell Int'l Corp., 704 F. 2d 444, 449 (9th Cir. 1983)).  In so

14  doing, the Court rejected the petitioner's proposed version of the rule, which had been endorsed

15  by the Eleventh Circuit, and which limited the federal contractor defense to cases in which the

16  contractor played only a minor role in the design of the product.  Id.

17        In cases similar to this, Courts have concluded that the crux of the issue is whether the

18  government provided any instruction or specification as to any warnings or labels that the

19  federal contractor could put on its product.  See Butler v. Ingalls Shipbuilding, Inc., 89 F.3d 582

20  (9th Cir. 1996).  The Court in Butler explained that the government contractor's "defense is

21  inapplicable to a failure to warn claim in the absence of evidence that in making its decision

22  whether to provide a warning[, defendant] was acting in compliance with 'reasonably precise

23  specifications' imposed on [it] by the United States."  Id. at 586 (quoting Boyle, 487 U.S. at

24  512) (other quotation marks and citations omitted).  The parties here focus on this distinction.

25

26

_____

[3] McAboy concedes that Elliott satisfies the first prong of this test.  Motion at 5.

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1   Elliott argues that because "[t]he Navy determined the nature of hazards to be subject to any

2   precautionary labeling and the content of any such labeling" that Elliott therefore will have a

3   federal defense to McAboy's claims. Opposition at 5. McAboy contends that because Elliott's

4   expert "agreed that the government military standard did not prohibit warnings relating to

5   asbestos and that a manufacturer providing warnings relating to asbestos with its product was

6   not inconsistent with his experience," that Elliott cannot claim a federal defense under Boyle

7   and Butler. Reply at 3.

8        McAboy asserts too high a standard for removal pursuant to the federal contractor

9   defense. As is clear from the rule that the Court rejected in Boyle, the federal contractor defense

10  was not intended to be granted only when the government exercised absolute control over every

11  aspect of a product's design. Boyle, 487 U.S. at 512. Moreover, removal pursuant to that

12  defense must be construed even more broadly. See Willingham v. Morgan, 395 U.S. 402, 406

13  (1969) (removal under § 1442(a) "is broad enough to cover all cases where federal officers can

14  raise a colorable defense arising out of their duty to enforce federal law"). Importantly, this

15  order is deciding not whether Elliott actually satisfies the requirements for the federal contractor

16  defense, but rather only whether defendant can make a colorable claim that it will. Elliott has

17  done so: it has raised an inference that the government controlled the design and warning labels,

18  that it conformed to the government specifications, and that the government had superior

19  knowledge about the potential health hazards.

20       Finally, as to the third prong of the federal officer removal test, the Court concludes that

21  there exists a causal connection between Elliott's acts under the direction of a federal officer and

22  the harm alleged by plaintiff. By the same reasoning that Elliott has shown that it can make a

23  colorable claim that the Navy required it to create the dearators with asbestos and without the

24  relevant health warnings, Elliott also has shown that there is a causal connection that satisfies

25  the federal officer removal statute.

26

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

1

### III. Conclusion

2    For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion to remand

3    and for attorneys fees is DENIED.

4

5    DATED this 27th day of October, 2005.

6

7

8    *MW S Lasnik*
     _____

9    Robert S. Lasnik
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION
FOR REMAND AND ATTORNEYS FEES

# EXHIBIT 2

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

STEVEN D. McABOY, for himself and as
Personal Representative of the Estate of
JEAN McABOY, a single person,

Case No.  C05-1241L

11

Plaintiff,

ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION

12

v.

13

IMO INDUSTRIES, *et al.*,

14

Defendants.

15

16    This matter comes before the Court on Plaintiff's "Motion for Reconsideration of this

17 Court's Order Denying Plaintiff's Motion for Remand and Attorneys Fees" (Dkt. # 31).

18 Plaintiff argues that this Court's decision is contrary to <u>Murphy Brothers, Inc. v. Michetti Pipe</u>

19 <u>Stringing, Inc.</u>, 526 U.S. 344 (1999).  The facts in <u>Murphy</u> involved a party arguing that the

20 removal time period is triggered *before* service, while this Court's order held that the removal

21 time period could be triggered a short time *after* service of process to an agent.  Although this

22 Court is amenable to reconsidering a decision, the language presented from <u>Murphy</u> is devoid of

23 the relevant context and, when properly contextualized, provides feint support for plaintiff's

24 position.  Moreover, this type of argument was addressed in the previous order.  Order Denying

25 Plaintiff's Motion for Remand and Attorneys Fees at 3 n.2.  Finally, while plaintiff's policy

26 arguments are not without some merit, plaintiff fails to argue why section 278 of the

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION

1  Restatement (Second) of Agency should selectively not apply in this context.

2      For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for

3  reconsideration is DENIED.

4

5      DATED this 14th day of November, 2005.

6

7

8                  Robert S. Lasnik

9                  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**NOV 2 2 2005**

FILED
CLERK'S OFFICE

1

2

3

4

5

6

7

8                    BEFORE THE JUDICAL PANEL
                              ON
9                   MULTIDISTRICT LITIGATION

| | |
|---|---|
| 10   STEVEN D. McABOY, for himself and as Personal Representative of the Estate of JEAN 11   McABOY, | MDL DOCKET NO. 875 (ASBESTOS) |
| 12                              Plaintiff, | CERTIFICATE OF SERVICE |
| 13           vs. | U.S.D.C. NO. C05-1241L |
| 14   IMO INDUSTRIES, INC., individually and as successor-in-interest to and f/k/a DELAVAL 15   TURBINE, INC., IMO DELAVAL INC, and WARREN PUMPS, a Delaware corporation; 16   ELLIOTT COMPANY d/b/a ELLIOTT TURBOMACHINERY CO., INC., a Delaware 17   corporation; GENERAL ELECTRIC COMPANY, a New York corporation; 18   GOULDS PUMPS (IPG), INC., a Delaware corporation; INGERSOLL-RAND COMPANY 19   a Delaware corporation; VIACOM, INC.; Successor by Merger to CBS Corporation, f/k/a 20   Westinghouse Electric Corporation, a Delaware corporation; and WARREN PUMPS LLC, a 21   Delaware limited liability company, | |
| 22                              Defendants. | |

23

JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

2005 NOV 22  A 9: 28

RECEIVED
CLERK'S OFFICE

CERTIFICATE OF SERVICE
– PAGE 1

262757 / 850.0049

**ORIGINAL**

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON 98164-1039
(206) 689-8500 • (206) 689-8501 FAX

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On the date given below I caused to be served the foregoing DEFENDANT ELLIOTT'S REPLY TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER AND DECLARTION OF MELISSA K. HABECK IN SUPPORT OF DEFENDANT ELLIOTT'S REPLY TO PLAINTIFF'S MOTION TO VACATE CONDITIONAL TRANSFER ORDER on the following individuals by facsimile, messenger or US Postal Service:

### (SEE ATTACHED SERVICE LIST)

SIGNED this 15 day of November, 2005, at Seattle, Washington.

Shannon D. Walker

CERTIFICATE OF SERVICE
– PAGE 2

262757 / 850.0049

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
900 FOURTH AVENUE • SUITE 1700
SEATTLE, WASHINGTON  98164-1039
(206) 689-8500 • (206) 689-8501 FAX

## _McAboy v. IMO Industries, Inc., et al. (MDL – 875, CTO- 253)_

# SERVICE LIST

Mr. William G. Rutzick
Atty for: Plaintiff's Attorney
810 Third Ave., Suite 500
Seattle, WA  98104
Phone: 206-622-8000
Fax:    206-682-2305

Mr. Christopher Marks
Atty for: General Electric Co.; Viacom, Inc.
601 Union St., Suite 4100
Seattle, WA  98101-2380
Phone: 206-628-6600
Fax:    206-628-6611

Mark B. Tuvim
Atty for: Ingersoll-Rand Co.
1001 4th Avenue, Suite 3900
Seattle, WA  98154
Phone: 206-625-8600
Fax:    206-625-0900

Ronald C. Gardner
Atty for: Viad Corp
2200 Sixth Avenue, Suite 600
Seattle, WA  98121
Phone: 206-256-6309
Fax:    206-256-6318

James E. Horne
Atty for: IMO Industries, Inc.
505 Madison Street, Suite 300
Seattle, WA  98104
Phone: 206-622-1264
Fax:    206-292-2961

Christine E. Dinsdale
Atty for: Goulds Pumps, Inc.
801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: 206-624-1800
Fax:    206-624-3585

Mr. J. Michael Mattingly
Atty for: Warren Pumps LLC
1620 SW Taylor Street, Suite 350
Portland, OR 97205
Phone: 503-229-1819
Fax:    503-229-0630

Melissa K. Habeck
Atty for: Elliott Company
900 Fourth Avenue, Suite 1700
Seattle, Washington 98164-1039
Phone: 206-689-8500
Fax: 206-689-8501

# INVOLVED COUNSEL LIST (CTO-253)
## DOCKET NO. 875
## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

Robert L. Adams
Dunn, Kacal, Adams, Pappas & Law
One Riverway
Suite 1200
Houston, TX 77056

Gordon Randall Akin
3400 W. Marshall Avenue
Suite 300
Longview, TX 75604

Daniel R. Alexander
Carr, Allison, Pugh, Howard, Oliver
 & Sisson
100 Vestavia Parkway
Suite 200
Birmingham, AL 35216

David W. Allen
Goodell, DeVries, Leech & Dann, LLP
One South Street
20th Floor
Baltimore, MD 21202

Billy D. Anderson
Kent Good, et al.
909 E. Southeast Loop 323
#777
Tyler, TX 75701-9675

John M. Anderson
Bassford Remele, PA
33 South Sixth Street
Suite 3800
Minneapolis, MN 55402-3701

Cynthia W. Antonucci
Harris Beach, LLP
805 3rd Avenue
20th Floor
New York, NY 10022

Darryl E. Atkinson
Brown McCarroll
111 Congress Ave
Suite 1400
Austin, TX 78701-4043

S. A. Baker, Jr.
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

Nicholas S. Baldo
Weller, Green, McGown & Toups
550 Fannin
P.O. Box 350
Beaumont, TX 77704

Barbara J. Barron
Mehaffy Weber, PC
P. O. Box 16
Beaumont, TX 77704

W. Harvey Barton
Law Offices of W. Harvey Barton
3007 Magnolia Street
Pascagoula, MS 39567

Scott W. Bates
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P. O. Box 14167
Jackson, MS 39236-4167

Robert R. Baugh
Sirote & Permutt, P.C.
2222 Arlington Avenue South
P.O. Box 55727
Birmingham, AL 35255

Scott R. Bickford
Martzell & Bickford
P.O. Box 91251
Baton Rouge, LA 70821

Richard C. Binzley
Thompson Hine, LLP
127 Public Square
3900 Key Center
Cleveland, OH 44114

Janet W. Black
Donaldson & Black, P.A.
208 West Wendover Avenue
Greensboro, NC 27401

Brian M. Blythe
Bradley, Arant, Rose & White
1819 Fifth Avenue, North
Birmingham, AL 35203-2119

James H. Bolin
Butler, Snow, O'Mara, Stevens &
Cannada
P.O. Box 22567
Jackson, MS 39225-2567

Susan DeAnn Bomar
Swift, Currie, McGhee & Hiers
1355 Peachtree Street, N.E.
The Peachtree, Suite 300
Atlanta, GA 30309-3231

Nathan A. Bosio
Dogan & Wilkinson, PLLC
P. O. Box 1618
Pascagoula, MS 39568-1618

Timothy W. Bouch
Leath, Bouch & Crawford
P.O. Box 59
Charleston, SC 29402-0059

Ernest W. Boyd, Jr.
Mehaffy & Weber, P.C.
One Allen Center
Suite 1200
500 Dallas
Houston, TX 77002

Edward Kenneth Brooks
Patterson, Dilthey, Clay, Bryson & Anderson
4020 WestChase Boulevard
Suite 550
Raleigh, NC 27607

Stephen K. Brunk
Law Offices of Stephen K. Brunk
6098 La Jolla Mesa
La Jolla, CA 92037

Thomas T. Buchanan
P.O. Box 4326
Laurel, MS 39441-4326

Lisa N. Busch
Weitz & Luxenberg, P.C.
180 Maiden Lane
New York, NY 10038

Edward J. Cass
Gallagher, Sharp, Fulton & Norman
Bulkley Building, 7th Floor
1501 Euclid Avenue
Cleveland, OH 44115

C. Paul Cavender
Burr & Forman, L.L.P.
420 North 20th Street
Suite 3100
Birmingham, AL 35203

Adam M. Chud
Goodwin Procter, LLP
901 New York Avenue, N.W.
Washington, DC 20001

Daniel G. Clodfelter
Moore & Van Allen
100 North Tryon Street
47th Floor
Charlotte, NC 28202-4003

Lawrence M. Coco, III
Carroll Bufkin Fulcher & Coco, PLLC
1700 Lelia Drive
Jackson, MS 39216

Alice W. Coleman
Brent Coon & Associates
188 East Capitol Street
Suite 1375
Jackson, MS 39201

Keith E. Coltrain
Elmore & Wall, PA
P.O. Box 10937
Raleigh, NC 27605

Marcy B. Croft
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Richard M. Crump
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
200 South Lamar Street
Jackson, MS 39225-2608

Blane H. Crutchfield
Hand Arendall, LLC
P.O. Box 123
Mobile, AL 36601

David A. Damico
Burns, White & Hickton, LLC
Four Northshore Center
106 Isabella St.
Pittsburgh, PA 15212

Timothy M. Davis
Adams & Reese/Lange Simpson, LLP
2100 Third Avenue North
Concord Center, Suite 1100
Birmingham, AL 35203-3367

Christine E. Dinsdale
Soha & Lang, PS
701 Fifth Avenue
Suite 2400
Seattle, WA 98104

David R. Donadio
Brayton Purcell, LLP
222 Rush Landing Road
Novato, CA 94948-6169

David P. Donahue
Maynard Cooper & Gale, PC
AmSouth/Harbert Plaza
Suite 2400
1901 6th Avenue North
Birmingham, AL 35203-2618

Katherine S. Duyer
Gavett & Datt, PC
15850 Crabbs Branch Way
Suite 180
Rockville, MD 20855

Rocky W. Eaton
Aultman, Tyner & Ruffin, Ltd.
315 Hemphill Street
P.O. Drawer 750
Hattiesburg, MS 39403-0750

Gary D. Elliston
DeHay & Elliston, L.L.P.
3500 Bank of America Plaza
901 Main Street
Dallas, TX 75202-3736

Stephen B. Evans
Deeba, Sauter, et al.
3415 Hampton Avenue
St. Louis, MO 63139

Mark J. Fellman
Fellman Law Office
213 4th Street, East
Suite 200
St. Paul, MN 55101

Lynn K. Fieldhouse
Tachau, Maddox, Hovious & Dickens
2700 National City Tower
101 South Fifth Street
Louisville, KY 40202-3116

Evelyn M. Fletcher
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Raymond P. Forceno
Forceno & Hannon
111 S. Independence Mall East
The Bourse, Suite 1000
Philadelphia, PA 19106-2574

Barry W. Ford
Baker, Donelson, Bearman, Caldwell
& Berkowitz
P.O. Box 14167
Jackson, MS 39236-4167

Carl E. Forsberg
Forsberg & Umlauf
900 4th Avenue
Suite 1700
Seattle, WA 98164-1039

Laura A. Frase
Forman, Perry, Watkins, Krutz
& Tardy, LLP
2001 Bryan Street
Suite 1300
Dallas, TX 75201-3008

Sydney F. Frazier
Cabaniss, Johnston, Gardner, Dumas
& O'Neal
Amsouth-Sonat Tower
Suite 1700
P.O. Box 830612
Birmingham, AL 35283-0612

Ellen B. Furman
Goldfein & Hosmer
1600 Market Street
33rd Floor
Philadelphia, PA 19103

Christian H. Gannon
Segal, McCambridge, Singer
& Mahoney, Ltd.
805 3rd Avenue
New York, NY 10022

Jared J. Garner
Bryan Cave, LLP
2020 Main Street
Suite 600
Irvine, CA 92614-8226

James M. Gary
Weber & Rose, P.S.C.
2400 Aegon Center
400 West Market Street
Louisville, KY 40202

William P. Gavin
Gavin Law Firm
17 Park Place Professional Centre
Belleville, IL 62226

Dan J. Gendreau
Rider Bennett, LLP
33 South Sixth Street
Suite 4900
Minneapolis, MN 55402

Walter T. Gilmer, Jr.
McDowell, Knight, Roedder
& Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601

Laura DeVaughn Goodson
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Douglas W. Gott
Bell, Orr, Ayers & Moore
P.O. Box 738
1010 College Street
Bowling Green, KY 42102-0738

William M. Graham
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Robert V. Greenlee
Forman, Perry, Watkins, Krutz
& Tardy, LLP
P.O. Box 22608
Jackson, MS 39225-2608

Susan M. Hansen
Brownson & Ballou
225 South Sixth Street
Suite 4800
Minneapolis, MN 55402

Brook Hardie
Watson, Kowls, et al.
807 Brazos
Suite 805
Austin, TX 78701

H. Eugene Harmon
P.O. Box 430
328 E. Tenth Street
Bowling Green, KY 42102-0430

James A. Harris, III
Harris & Harris, LLP
Colonial Bank Building, Suite 450
2501 20th Place, South
Birmingham, AL 35223

Raymond P. Harris, Jr.
Whittenburg & Schachter, PC
Plaza of the Americas, Suite 2300
600 North Pearl Street
LB 133
Dallas, TX 75201

M. King Hill, III
Venable, LLP
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21285-5517

Broox G. Holmes
Armbrecht, Jackson, Demouy,
Crowe, et al.
1300 AmSouth Center
P.O. Box 290
Mobile, AL 36601

Broox G. Holmes, Jr.
Edward B. McDonough, Jr., PC
107 St. Francis Street
Suite 1800
Mobile, AL 36602

James E. Horne
Peery, Hiscock, Pierson, Kingman
& Peabody
505 Madison Street
Suite 300
Seattle, WA 98104

Eric J. Jacobi
Clay, Kenealy, Wagner & Adams
462 South Fourth Avenue
1730 Meidinger Tower
Louisville, KY 40202

Faye M. James
Wilkins Stephens & Tipton
P. O. Box 13429
Jackson, MS 39236-3429

Clifton Wayne Jefferis
Forman, Perry, Watkins, Krutz
& Tardy
200 South Lamar Street
City Centre, Suite 100
P.O. Box 22608
Jackson, MS 39225-2608

A. Timothy Jones
Hawkins & Parnell, LLP
4000 One Peachtree Center
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

John M. Jordan
Gardere, Wynne & Sewell, L.L.P.
1000 Louisiana
Suite 3400
Houston, TX 77002-5007

Jeffrey A. Kadis
Hedrick, Eatman, Gardner
& Kincheloe
P.O. Box 30397
Charlotte, NC 28230

Jeannie P. Kauffman
Bacon Thornton & Palmer, LLP
Capital Office Park
6411 Ivy Lane, Suite 706
Greenbelt, MD 20770-1411

G. Patterson Keahey, Jr.
Law Offices of G. Patterson Keahey, Jr.
One Independence Plaza
Suite 612
Birmingham, AL 35209

Daniel J. Kelly
Haight, Brown & Bonesteel
100 Bush Street
27th Floor
San Francisco, CA 90104-3929

Thomas P. Kelly
Law Offices of Peter G. Angelos, P.C.
One Charles Center
100 North Charles Street
22nd Floor
Baltimore, MD 21201-3804

Kristi D. Kennedy
Currie, Johnson, Griffin, Gaines
& Myers
P.O. Box 750
Jackson, MS 39205-0750

Bo Kim
Perkins Coie, LLP
South Tower
1620 26th Street
6th Floor
Santa Monica, CA 90404

Timothy W. Knight
Kee & Selby, LLP
1900 International Park Drive
Suite 220
Birmingham, AL 35243

Reginald S. Kramer
Oldham & Dowling
195 South Main Street
Suite 300
Akron, OH 44308-1314

Carter T. Lambeth
Johnson & Lambeth
232 Princess Street
P.O. Box 660
Wilmington, NC 28402

Daphne M. Lancaster
Aultman, Tyner & Ruffin, Ltd.
P. O. Drawer 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

David C. Landin
Hunton & Williams
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219

J. Mark Langdon
McGuire Woods, LLP
100 N. Tryon Street
Suite 2900
Charlotte, NC 28202-4022

Frank E. Lankford, Jr.
Huie, Fernambucq & Stewart
2801 Highway 280 South
Three Protective Center, Suite 200
Birmingham, AL 35223-2484

H. Seward Lawlor
Glasser & Glasser, P.L.C.
580 East Main Street
600 Crown Center
Norfolk, VA 23510

Michael Stuart Lee
615 North Upper Broadway
Suite 708
Corpus Christi, TX 78477

Stephanie S. Lee
Brent, Coon & Associates
188 E. Capitol Street, Suite 1375
Jackson, MS 39201

Richard Eric Leff
McGivney, Kluger & Gannon, P.C.
80 Broad Street
23rd Floor
New York, NY 10004

J.K Leonard
Ball & Weed
Trinity Plaza II, Suite 500
745 East Mulberry
San Antonio, TX 78212

Gene Locks
Greitzer & Locks
1500 Walnut Street
Philadelphia, PA 19102

Genevieve MacSteel
McGuire Woods, LLP
1345 Avenue of the Americas
7th Floor
New York, NY 10105

Kimberly P. Mangum
Barfield & Associates
P.O. Drawer 3979
233 East Capitol Street
Jackson, MS 39207-3979

Christopher S. Marks
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111-3926

Travis William Martin
Smith Moore, LLP
Wachovia Tower
300 North Greene Street, Suite 1400
P.O. Box 21927
Greensboro, NC 27420

Edward Bailey McDonough, Jr.
Edward B. McDonough, Jr., P.C.
P.O. Box 1943
Mobile, AL 36633

Jim D. McLeroy
McLeroy, Litzieer, et al.
430 Church Street
P.O. Box 657
Sulphur Strings, TX 75483-0657

William T. Mills, II
Porterfield, Harper & Mills, P.A.
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Willard J. Moody, Jr.
Moody, Strople, Kloeppel, et al.
500 Crawford Street
Commerce Bank Bldg., Suite 300
P.O. Box 1138
Portsmouth, VA 23705

Ronald L. Motley
Motley Rice, LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29465

Amy E. Nettle
Crouch & Ramey
1445 Rose Avenue
Suite 2300
Dallas, TX 75202

Robert F. Northcutt
Capell & Howard
150 South Perry Street
Montgomery, AL 36104

Robert L. Norton
Jones & Granger
10000 Memorial Drive
Suite 888
P.O. Box 4340
Houston, TX 77210-4340

Richard P. O'Leary
McCarter & English, L.L.P.
245 Park Avenue
27th Floor
New York, NY 10022

J. Bentley Owens, III
Starnes & Atchison
100 Brookwood Place, 7th Floor
P.O. Box 598512
Birmingham, AL 35259-8512

Monica F. Patterson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

James L. Pattillo
Norman, Wood, Kendrick & Turner
505 20th Street, North
Financial Center, Suite 1600
Birmingham, AL 35203

Edward R. Paul
Paul, Mardinly, Durham, James, et al.
320 West Front Street
P.O. Box D
Media, PA 19063

Julie McDonnell Payne
Stites & Harbison, PLLC
400 W. Market Street
Suite 1800
Louisville, KY 40202-3352

Timothy Peck
Smith Moore LLP
P.O. Box 21927
Greensboro, NC 27420

Keith J. Pflaum
Porterfield, Harper & Mills, P.A.
22 Inverness Center Parkway
Suite 500
P.O. Box 530790
Birmingham, AL 35253-0790

Michael S. Polk
Sieben, Polk, LaVerdiere, Jones &
Hawn
999 Westview Drive
Hastings, MN 55033-2495

Timothy W. Porter
Porter & Malouf, P.A.
4670 McWillie Drive
P.O. Box 12768
Jackson, MS 39236

James H. Powers
Powers & Frost, L.L.P.
2400 One Houston Center
1221 McKinney Street
Houston, TX 77010

R. Thomas Radcliffe, Jr.
Dehay & Elliston, LLP
36 S. Charles Street
13th Floor
Baltimore, MD 21201

Mary Margaret Ratliff
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Mark D. Rayburn
Strong, Pipkin, Nelson & Bissell
1400 San Jacinto Building
595 Orleans
Beaumont, TX 77701

Pam Rea
Beirne Maynard & Parsons
1300 Post Oak Blvd
Suite 2500
Houston, TX 77056

F. Grey Redditt, Jr.
Vickers, Riis, Murray & Curran
P.O. Drawer 2568
Mobile, AL 36652-2568

William C. Reeves
Smith, Reeves & Yarborough, PLLC
6360 I-55 North
Suite 201
Jackson, MS 39211

Giovanni Regina
Waters, McPherson, McNeill, P.C.
300 Lighting Way
Secaucus, NJ 07096

John J. Repcheck
Marks, O'Neill, O'Brien & Courtney
3200 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

Kenneth D. Rhodes
Dunn, Kacal, Adams, Pappas & Law
America Tower
One Riverway
Suite 1200
Houston, TX 77056

J. Michael Riley
Martin & Jones
410 Glenwood Avenue
Suite 200
Raleigh, NC 27603

Matthew Robinett
Norman, Wood, Kendrick & Turner
Financial Center, Suite 1600
505 20th Street North
Birmingham, AL 35233

Robert M. Rolfe
Hunton & Williams
Riverfront Plaza
951 East Byrd Street
Richmond, VA 23219

William G. Rossick
Watson & Tramonte
807 Brazos
Suite 805
Austin, TX 78701-2911

John D. Roven
Roven-Kaplan, LLP
2190 North Loop West
Suite 410
Houston, TX 77018

William J. Rutzick
Schroeter, Goldmark & Bender
Central Building
Suite 500
810 Third Avenue
Seattle, WA 98104

Ridley M. Sandidge, Jr.
Reed, Weitkamp, Shell & Vice, PLLC
500 West Jefferson Street
Suite 2400
Louisville, KY 40202

Rebecca F. Schupbach
Stites & Harbison
400 W. Market Street
Suite 1800
Louisville, KY 40202-3352

Richard D. Schuster
Vorys, Sater, Seymour & Pease, LLP
52 East Gay Street
P.O. Box 1008
Columbus, OH 43216

Neil Selman
Selman, Breitman & Burgess
11766 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90025

Robert T. Shaffer, III
Murphy & Shaffer
36 South Charles Street
Suite 1400
Baltimore, MD 21202-1019

Stacey L. Sims
Morris, Sakalarios & Blackwell, PLLC
1817 Hardy Street
Hattiesburg, MS 39401

W. Russell Sipes
Laudig, George, Rutherford & Sipes
Inland Building
156 East Market Street
Suite 600
Indianapolis, IN 46204-3227

Robert N. Spinelli
Kelley, Jasons, McGuire & Spinelli
Centre Square West
15th Floor
Philadelphia, PA 19102

Matthew R. Straus
L'Abbate, Balkan, Colavita & Contini
1050 Franklin Avenue
Garden City, NY 11530

Amanda D. Summerlin
Forman, Perry, Watkins, Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Robert E. Swickle
Jaques Admiralty Law Firm, P.C.
1570 Penobscot Building
The Maritime Asbestosis Legal Clinic
Detroit, MI 48226

Jennifer M. Techman
Evert & Weathersby, LLC
3405 Piedmont Road, N.E.
Suite 225
Atlanta, GA 30305

Robert E. Thackston
Hawkins, Parnell & Thackston, LLP
4514 Cole Avenue
Suite 550
Dallas, TX 75205

Mark S. Thomas
Maupin, Taylor, PA
P.O. Drawer 19764
Raleigh, NC 27619-9764

Nathan Michael Thompson
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, GA 30308-3243

Tracy E. Tomlin
Nelson, Mullins, Riley & Scarborough
100 North Tryon Street
Suite 2400
Charlotte, NC 28202-4000

Andrew J. Trevelise
Reed Smith, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Mark B. Tuvim
Corr Cronin Michelson Baumgardner
& Preece
1001 4th Avenue
Ste. 3900
Seattle, WA 98154-1051

Thomas W. Tyner
Aultman, Tyner & Ruffin, Ltd.
P.O. Box 750
315 Hemphill Street
Hattiesburg, MS 39403-0750

Michael W. Ulmer
Watkins & Eager
300 Emporium Building
400 East Capitol Street
P.O. Box 650
Jackson, MS 39205-0650

Charles E. Valles
Waters & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Jillan Van Rensburg
Dehay & Elliston
901 Main St
Suite 3500
Dallas, TX 75202-3736

Carey R. Varnado
Montague, Pittman & Varnado
P.O. Drawer 1975
Hattiesburg, MS 39403-1975

Mona L. Wallace
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

Consuelo W. Walley
Law Offices of Jon A. Swartzfager
442 N. 6th Avenue
P.O. Box 131
Laurel, MS 39441-0131

James L. Ware
Sheehy, Serpe & Ware, P.C.
2500 Two Houston Centre
909 Fannin
Houston, TX 77010-1003

Jacob H. Wellman
Teague, Campbell, Dennis & Gorham
1621 Midtown Place
Raleigh, NC 27609-7553

James K. Weston, II
Tom Riley Law Firm
4040 First Avenue, N.E.
P.O. Box 998
Cedar Rapids, IA 52406

Allan R. Wheeler
Burr & Forman, L.L.P.
Suite 3100
South Trust Tower
420 North 20th Street
Birmingham, AL 35203

Robert W. Wilkinson
Dogan & Wilkinson, PLLC
734 Del Mas Avenue
P.O. Box 1618
Pascagoula, MS 39568-1618

Stephen B. Williamson
Van Winkle, Buck, Wall, Starnes
& Davis, P.A.
11 N. Market Street
P.O. Box 7376
Ashville, NC 28802-7376

Natasha L. Wilson
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

Laura P. Yee
Knott & Glazier
201 Spear Street
Suite 1520
San Francisco, CA 94105