WDL 875

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

DEC - 7 2005

FILED
CLERK'S OFFICE

## DOCKET NO. 875

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ASBESTOS PRODUCTS LIABILITY LITIGATION (NO. VI)

*Felix T. Ramirez, et al. v. Union Pacific Railroad Co.*, E.D. Pennsylvania (S.D. Texas, C.A. No. 3:98-630)

## BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL

### SEPARATION OF CLAIMS AND REMAND ORDER



Before the Panel is a motion, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), brought by defendant Union Pacific Railroad Co. (Union Pacific), the defendant in one action (*Ramirez*) previously transferred by the Panel for inclusion in the MDL-875 proceedings occurring in the Eastern District of Pennsylvania. Union Pacific asks the Panel to vacate its order, entered at the suggestion of the transferee court, conditionally remanding to the Southern District of Texas certain of the claims of Burnett L. Bell, who is one of the *Ramirez* plaintiffs. The Panel's order conditionally remanded all claims of Mr. Bell except for claims for punitive or exemplary damages that have previously been severed in the action by the transferee court.

On the basis of the papers filed and hearing session held, the Panel finds that remand of plaintiff Bell's non-punitive/exemplary damage claims is appropriate at this time.

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F. Supp. 254, 256 (J.P.M.L. 1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L. 1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

In the action now before us, the transferee court has entered an order reflecting its determination that remand of plaintiff Bell's non-punitive/exemplary damage claims is now appropriate. The number

OFFICIAL FILE COPY   IMAGED DEC 7 2005

- 2 -

of Section 1407 remands in this docket is proportionately small, because under the transferee court's stewardship the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings (as of November 17, 2005, over 74,400 such actions have been closed in the transferee district).  This success rate makes us particularly reluctant to overrule the transferee court's advice when it has determined, with respect to plaintiff Bell's compensatory damage claims, that i) the parties have been engaged in discovery, and motions may be filed shortly; ii) settlement efforts, while undertaken in good faith, are not likely to be further availing; and iii) because Mr. Bell's disease process is in dispute and the plaintiff is elderly, remand of the claims should commence at this time.  We therefore will adopt the transferee court's recommendation and order remand of the suggested claims in *Ramirez*.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, all claims by plaintiff Burnett L. Bell in this action except the severed claims for punitive or exemplary damages are separated and remanded to the Southern District of Texas.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman